B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT ___Eastern___ DISTRICT OF ___Virginia___ | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Circuit City Stores, Inc. | Case Number: 08-35653 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Chase Bank USA, N.A. | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>Chase Bank USA, N.A., c/o Stephen J. Newman, Stroock & Stroock & Lavan LLP, 2029 Century Park East, 16th Floor Los Angeles, CA 90067<br>Telephone number:<br>310/556-5800 | Court Claim Number: _____<br>(if known)<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| 1. Amount of Claim as of Date Case Filed: $ Unliquidated<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim. |
| 2. Basis for Claim: See Attached<br>(See instruction #2 on reverse side.)<br>3. Last four digits of any number by which creditor identifies debtor: _____<br>  3a. Debtor may have scheduled account as: _____<br>    (See instruction #3a on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).<br><br>☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| 4. Secured Claim (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other<br>Describe:<br><br>Value of Property:$_____  Annual Interest Rate___%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____  Basis for perfection: _____<br><br>Amount of Secured Claim: $_____  Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| 7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | Amount entitled to priority:<br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| Date: 1/28/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*[signature] Stephen J Newman* | RECEIVED<br><br>JAN 28 2009<br><br>KURTZMANCARSONCONSULTANTS |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

EXHIBIT
A



0835653090

## ATTACHMENT TO PROOF OF CLAIM OF CHASE BANK USA, N.A.

### THE CLAIMS

1.     The debtor, Circuit City Stores, Inc. ("Debtor") is indebted to Chase Bank USA, N.A. ("Chase") for defense and indemnity ("Claims") in regard to the claims and causes of action as set forth in the complaint filed on June 26, 2006 in the Superior Court of the State of California for the County of Los Angeles, Central District, in <u>Davis v. Chase Bank USA, N.A., et al.</u>, Case No. BC354564 ("Underlying Complaint"), and removed on August 1, 2006 to United States District Court for the Central District of California, Case No. CV06-4804 DDP (PJWx) ("California Court"). True and correct copies of the Underlying Complaint and the Notice of Removal are attached hereto as Exhibits 1 and 2 and incorporated in full by reference in this proof of claim ("Proof of Claim").

2.     The Underlying Complaint centers on the Debtor and its advertising to its customers. The specific advertising challenged in the Underlying Complaint was produced by Debtor and <u>not</u> by Chase. (Underlying Complaint, Exhibit A.) Both the Underlying Complaint and the California Court have stated that Debtor's advertising is at the core of this litigation – the issue being whether Debtor's advertising was misleading and deceptive. For this reason, Chase has valid claims for defense and indemnity against Debtor, the value of which depends on the outcome of proceedings in the California Court. Debtor acknowledges Chase's indemnity claim, as reflected on Debtor's Schedule F filed on docket entry number 1130, page 149 of this bankruptcy.

3.     Although Chase currently is precluded from pursuing the Claims due to Debtor's bankruptcy filing and the automatic stay provisions of 11 U.S.C. Section 362(a), Chase reserves all rights including, without limitation, rights pertaining to the Underlying Complaint.

LA 51114267

## RESERVATION OF RIGHTS TO AMEND AND/OR

## TO SUPPLEMENT THIS PROOF OF CLAIM

4.      Chase reserves the right to amend and/or supplement this Proof of Claim and to set forth in additional detail the basis and nature of the Claims, to assert pre- and post-petition claims held by Chase other than those set forth herein.  Chase further reserves the right to assert a claim for payment under 11 U.S.C. Section 503(b).

# Exhibit 1

90232

1  Drew E. Pomerance, Esq. (SBN. 101239)
   Michael G. Kline, Esq. (SBN 212758)
2  Erin M. LaBrache, Esq. (SBN. 195655)
   ROXBOROUGH, POMERANCE & NYE LLP
3  5820 Canoga Avenue, Suite 250
   Woodland Hills, California 91367
4  Telephone:  (818) 992-9999
   Facsimile:  (818) 992-9991
5

**FILED**
LOS ANGELES SUPERIOR COURT

JUN 2 6 2006

JOHN A. CLARKE, CLERK
BY ELIZABETH MARTINEZ, DEPUTY

6  Attorneys for Plaintiff GARY DAVIS,
   individually and on behalf of himself, and
7  as Private Attorney General and on behalf of
   all others similarly situated
8

Case assigned to Judge

D-324  Victoria Chaney

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10           FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11               UNLIMITED JURISDICTION        D-324

12
13  GARY DAVIS, an individual; on behalf of     )  Case No.  BC354564
    himself, and as PRIVATE ATTORNEY           )
14  GENERAL, and on behalf of all others        )  CLASS ACTION COMPLAINT FOR:
    similarly situated,                          )
15                                               )  (1) Violation of the Consumers Legal
                    Plaintiff,                   )      Remedies Act;
16                                               )  (2) Violation of the *California Business and*
    v.                                           )      *Professions Code Section* 17200 et seq.:
17                                               )      Unlawful and Unfair Business Practices;
    CHASE BANK U.S.A., N.A., a Delaware          )  (3) Violation of *Business & Professions Code*
18  corporation; CIRCUIT CITY STORES, INC.,      )      §17500 (False Advertising);
    a Virginia corporation, and DOES 1 through   )  (4) Fraud and Deceit;
19  50, inclusive,                               )  (5) Breach of Contract;
                                                 )  (6) Breach of the Implied Covenant of Good
20                  Defendants.                  )      Faith and Fair Dealing;
                                                 )  (7) Unjust Enrichment.
21

22  Plaintiff Gary Davis, on behalf of himself and other similarly situated, for his complaint against

23  CHASE BANK U.S.A., N.A. ("Chase Bank") and CIRCUIT CITY STORES, INC. ("Circuit City"),

24  complains and alleges as follows:

25  //

26  //

27  //

28  //

                                    1
                              COMPLAINT

## INTRODUCTION

1.      This case arises from Chase Bank 's fraudulent and unfair business practice of charging its California credit card holders finance charges in connection with purchases at Circuit City advertised as "no interest, no payment," "no interest with minimum monthly payment," or "interest and payment free" (collectively "Promotional Purchase").  Plaintiff, on behalf of himself and all individuals similarly situated, seeks damages and equitable relief for violations of the California Consumers Legal Remedies Act, the *California Business and Professions Code* (Unfair Business Practices and False Advertising),for fraud and deceit, and for breach of contract and breach of the covenant of good faith and fair dealing.  Chase Bank's and Circuit City's fraudulent and unfair business practices violate the rights of unsuspecting California consumers throughout the state, for which California consumer protection laws were designed.

## THE PARTIES

2.      Plaintiff, Gary Davis ("Plaintiff") is now, and at all relevant times was, a resident of the County of Los Angeles, State of California.

3.      At all relevant times, the class of Plaintiffs on behalf of which Plaintiff is bringing this suit, were residents of the State of California.  Such persons shall hereinafter be referred to as the "Class" or "Class Members."

4.      Plaintiff is informed and believes, and based thereon alleges that Defendant Chase Bank is a corporation, organized and existing under the laws of the State of Delaware, duly qualified as a foreign corporation to transact business in the State of California, and doing business throughout the State of California. Plaintiff is informed and believes, and based thereon alleges, that Defendant Chase Bank is presently and/or has engaged in business in the County of Los Angeles, State of California.

5.      Plaintiff is informed and believes, and based thereon alleges that Defendant Circuit City is a Virginia corporation that owns and operates numerous retail stores in the State of California, including multiple locations in Los Angeles County.

6.    At all times relevant herein, Defendants Chase Bank and Circuit City offered a credit card through Circuit City ("Circuit City Rewards Card"). The Circuit City Rewards Card conferred certain benefits to consumers who utilized the credit card to make their purchases such as earning reward points redeemable at Circuit City stores. Another benefit of the Circuit City Rewards Card was access to Defendants' advertised promotion of "no interest, no payment" for a specified period of time on certain types of Circuit City purchases. ("Promotional Purchases")

7.    Plaintiff is informed and believes, and based thereon alleges that at all times herein mentioned, Defendant Chase Bank, Defendant Circuit City and DOES 1 through 50, inclusive (hereinafter jointly referred to as "Defendants"), are each responsible in some manner for the transactions, events and occurrences herein alleged and that damages herein alleged were proximately caused thereby. Plaintiff is informed and believes, and based thereon alleges that each of the Doe Defendants was intentionally, negligently, or in some other manner the cause, or contributing cause of, or otherwise responsible for the events and happenings alleged in this complaint and for Plaintiff's injuries and damages and those of the Class. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of each such Doe Defendant, together with such additional allegations as may be appropriate, when their names, capacities, and the nature of their involvement have been ascertained.

8.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants, and each of them, were the agents, joint venturers, trustees, servants, partners, alter-egos, parent corporations, contractors, and/or employees of each of the remaining Defendants, and that the acts and/or omissions herein alleged were done by them acting individually, through such capacity or through the scope of their authority, and that such conduct was thereafter ratified by the remaining Defendants.

9.    At all relevant times, Defendants, and each of them, solicited business from residents and other individuals within the State of California, conducted business with consumers in the State of California, conducted business with Plaintiff and others similarly situated with him herein, and solicited business from Plaintiff and others similarly situated with Plaintiff, said business being the

1  subject matter of this complaint.

2  **CLASS ACTION ALLEGATIONS**

3      10.    Plaintiff brings this class action, on behalf of himself and all others similarly situated

4  in California during all or part of the class period, as more fully explained below.  The questions of

5  law or fact common to the class predominate over questions affecting the individual members and,

6  on balance, a class action is superior to other methods available for adjudicating the controversy.

7      11.    The proposed class Plaintiff seeks to represent is presently defined as follows:

8      All persons who, in the past four years, used their Circuit City Rewards Card to

9      (a) make a Promotional Purchase in California;

10      (b) had made the minimum payment, or greater payment on their prior

11  statement closing balance ("Payment"); and

12      (c) were assessed a finance charge on their prior balance without Chase

13  having applied that Payment to their prior balance because Chase Bank applied the payment to the

14  Promotional Purchase rather than to the prior balance.

15      12.    There is a well-defined community of interest in the litigation and the proposed class

16  is easily ascertainable.

17      13.    Numerosity: The Plaintiff Class is potentially so numerous that the individual joinder

18  of all members is impracticable under the circumstances of the case.  While the exact number of

19  class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon

20  alleges that Defendants' Circuit City Reward Card Promotional Purchase program was a widespread

21  program marketed and promised to numerous individuals within the customer base of Defendants.

22      14.    Common Questions Predominate:  Common questions of law and fact exist as to all

23  class members, and predominate over any questions that affect only individual members of the class.

24  The common questions of law and fact include, but are not limited to:

25      (a)    Whether Defendants have engaged in practices proscribed by the Consumer

26  Legal Remedies Act, *Civil Code* section 1770, subsection (a)(9), by "advertising goods or

27  services with intent not to sell them as advertised";

28      (b)    Whether Defendants have engaged in practices proscribed by the Consumer

1    Legal Remedies Act, *Civil Code* section 1770, subsection (a)(13), by "making false or

2    misleading statements of fact concerning reasons for, existence of, or amounts of price

3    reductions";

4        (c)    Whether Defendants have engaged in practices proscribed by the Consumer

5    Legal Remedies Act, *Civil Code* section 1770, subsection (a)(14), by "representing that a

6    transaction confers or involves rights, remedies or obligations which it does not have or

7    involve, or which are prohibited by law";

8        (d)    Whether Defendants have engaged in practices proscribed by the Consumer

9    Legal Remedies Act, *Civil Code* section 1770, subsection (a)(19), by "inserting an

10    unconscionable provision in the contract";

11        (e)    Whether Defendants have violated the Consumer Legal Remedies Act, *Civil*

12    *Code* section 1750 et seq., by engaging in other and/or additional practices proscribed

13    therein;

14        (f)    Whether Defendants' activities related to its solicitation for consumer

15    purchases of promotional Circuit City products with the Circuit City Rewards Card,

16    constitutes false or misleading advertising in violation of *Business and Professions Code*

17    section 17500;

18        (g)    Whether Defendants' conduct is "unlawful," "unfair" or "fraudulent" within

19    the meaning of California's Unfair Business Practices Act, *Business and Professions Code*

20    section 17200, et seq.

21        (h)    Whether in their uniform, written credit applications and marketing

22    materials, Defendants have failed to disclose material terms of Defendants' Promotional

23    Purchase offer;

24        (i)    Whether Defendants made uniform, material false representations to the effect

25    that consumers would not be charged interest on Promotional Purchases.

26    15.    Typicality: Plaintiff's claims are typical of the claims of the members of the Plaintiff

27    Class. Due to Defendants' common course of conduct, Plaintiff and all members of the Plaintiff

28    Class have been unwittingly forced to pay off the Promotional Purchases prior to the expiration of

the advertised grace period for such payments and have been assessed a finance charge or charges in connection with a Circuit City purchase advertised as "interest and payment free" if made with their Circuit City Rewards Card.

16.    Adequacy:  Plaintiff will fairly and adequately protect the interests of the members of Plaintiff Class.  Plaintiff resides in California and has been charged finance fees in connection with one or more Promotional Purchases.  Plaintiff has retained counsel who have substantial experience in complex civil litigation and class actions.

17.    Superiority:  The class action is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff.  The damages suffered by each individual Class Member may be limited.  Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. Further, it would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them.  Even if the Class Members themselves could afford such individual litigation, the court system could not.  Individualized litigation presents a potential for inconsistent or contradictory judgments.  Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal and factual issues of the case.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Certification is also appropriate given the anticipated need to create a fluid recovery fund.

18.    Plaintiff is unaware of any particular difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

19.    Defendants solicited Plaintiff and others similarly situated to make purchases at Circuit City using Defendants' Circuit City Rewards Card and in exchange for using its services, Plaintiff and others similarly situated were eligible to receive an interest and payment free period in which to pay off the balance on certain purchases described herein as "Promotional Purchases."

20.    From time to time, Defendants advertise Promotional Purchases in the Circuit City Stores, Circuit City Rewards Card applications, mailers, and newspapers, among other advertising

1   means. The Promotional Purchase advertisements offer "no interest, no payments" for a variable

2   period based on the amount of the purchase. For example, a Circuit City Rewards Card promotional

3   item offered to consumers in 2006, states in large writing: "No interest! No payments! For six

4   months when you spend $499 or more. For 90 days when you spend $299 or more." "It is easy to

5   take advantage of this offer! When you make a purchase with your Circuit City credit card, present

6   this certificate to the store associate to scan." (A true and correct copy of this Circuit City Rewards

7   Card promotional material is attached hereto as Exhibit A).

8       21.     Plaintiff is informed and believes and thereon alleges that this promotional material

9   as well as variations of this promotional material, advertising "no interest, no payment" for a

10  specified period of time, was provided or made available, from time to time, to each of the Class

11  Members.

12      22.     On March 3, 2006, Plaintiff purchased a television set from Circuit City, charging

13  $2,000 to his Chase Circuit City Rewards Card. Although Plaintiff did not request that this item be

14  treated as a Promotional Purchase, Defendants nevertheless automatically treated this item as a

15  Promotional Purchase, with the term of no interest with minimal payment until January 2008.

16      23.     Prior to the purchase of the subject television, Defendant Chase Bank billed Plaintiff

17  for purchases made between January 14, 2006, and February 13, 2006 ("February Statement"), on

18  his Circuit City Rewards Card. Payment was due by March 10, 2006, and if Payment was posted by

19  March 10, 2006, no finance charge should be applied because the balance would have been paid in

20  full. Alternatively, if partial Payment was made either of the minimum amount or a greater amount,

21  then a finance charge should be applied only against the remaining balance after subtracting the

22  Payment made. Plaintiff returned two items and made two on-line payments consisting of the total

23  amount owing on March 4, 2006, and March 6, 2006, thereby paying the February Statement

24  balance in full and on time.

25      24.     Based on the language appearing in each of his monthly statements, Plaintiff was

26  informed and believed that he would not be assessed a finance charge if his monthly billings were

27  paid in full, or that any finance charge would be based only on the remaining balance after any

28  partial Payment had been subtracted from the outstanding balance. Each billing statement received

1    by Plaintiff states: "[W]e do not charge periodic finance charges on new purchases billed during the

2    billing cycle if we receive payment of your New Balance by the date and time your payment is due

3    as shown on your billing statement and we received payment of your New Balance on your previous

4    billing statement by the date and time your payment was due as shown on that billing statement."

5    (A true and correct copy of the February Statement is attached hereto as Exhibit B).

6         25.    Sometime after March 13, 2006, Plaintiff received his monthly statement from

7    Defendant Chase Bank for purchases made between February 14, 2006, and March 13, 2006

8    ("March Statement'). Although plaintiff had paid the February Statement balance in full and in a

9    timely manner, Defendant Chase Bank assessed a $77.25 finance charge which appeared on the

10   March Statement. (A true and correct copy of the March Statement is attached hereto as Exhibit C).

11        26.    Plaintiff is informed and believes, and based thereon alleges that he was assessed the

12   $77.25 finance charge because his entire February Statement Payment was applied against the

13   $2,000 Promotional Purchase, payment for which was not due, instead of to the February Statement

14   balance, thereby leaving a balance due against which finance charges were charged.  The $2,000

15   charge for the television was made subsequent to the issuance of the February Statement, and no

16   Payments of any kind were due and owing for the Promotional Purchase until January 2008.

17   Nevertheless, Chase Bank allocated the entire $1,736.91 that Plaintiff paid on his February

18   Statement to the March 3, 2006, Promotional Purchase, even though, as advertised, no amounts were

19   due and owing on that item.

20        27.    Chase Bank assessed similar finance charges against Plaintiff on at least two (2) other

21   prior occasions involving the same type of Promotional Purchase, where payments were not due for

22   a specified period of time, but Chase Bank nevertheless allocated all of Plaintiff's payments to the

23   Promotional Purchase. Plaintiff is informed and believes, and based thereon alleges that thousands

24   of other similarly situated Class Members made similar types of Promotional Purchases at Circuit

25   City using Defendants' Circuit City Rewards Card, which Defendants treated as Promotional

26   Purchases subject to terms of "no interest, no payment" for a specified period of time, but were

27   thereafter charged a finance charge in a manner similar, or identical to that of Plaintiff.

28        28.    The "no interest, no payment" promotional offers fail to disclose that all payments

1    made by the consumer on his or her regular monthly statement are given priority of payment to the

2    promotional item, even if not yet billed and even if not due for many months.

3        29.    The promotional offer conveys that the consumer will receive a benefit of a grace

4    period of anywhere from a few months to two (2) years or more.  Plaintiff is informed and believes,

5    and based thereon alleges, however, that the offer is a scam used to induce consumers into believing

6    that they will have an extended time period in which to pay off their Promotional Purchases, when in

7    fact, the consumer has less time to pay off the Promotional Purchases due to Defendants' practice of

8    allocating consumers' Payments as described herein.

9        30.    Plaintiff is informed and believes, and based thereon alleges that Defendant Chase

10    Bank knows of the terms and conditions of such Promotional Purchases, and that Chase Bank's

11    practice of prioritizing the allocation of credit card payments to purchases not yet due and owing is

12    deceptive, misleading, fraudulent, unfair and in violation of California law.   Plaintiff further is

13    informed and believes, and based thereon alleges that Defendant Chase Bank's practice of

14    prioritizing the allocation of credit card payments to purchases advertised as "interest and payment

15    free" is especially egregious and violative of California law as this practice directly contradicts the

16    concept of "interest and payment free."

17        31.    Plaintiff, on behalf of himself and all others similarly situated, seeks damages and

18    equitable relief, including restitution, for violations of the California Consumers Legal Remedies

19    Act, the *California Business and Professions Code* (Unfair Business Practices and False

20    Advertising), Fraud and Deceit, and breach of contract and of the covenant of good faith and fair

21    dealing.   On behalf of himself and the proposed Class Members, and to the extent appropriate, on

22    behalf of the general public of California, Plaintiff seeks, among other things, declaratory relief,

23    injunctive relief, equitable relief, including restitution and disgorgement, and actual and punitive

24    damages, and attorney's fees.

### FIRST CAUSE OF ACTION

(Violation of the Consumers Legal Remedies Act)

(Against All Defendants)

28        32.    Plaintiff incorporates by reference paragraphs 1 – 31 above as though fully set forth

1  herein.

2      33.    Defendants are "persons" and provide "goods" and "services" within the meaning of

3  the *Civil Code* sections 1761(c) and 1770.

4      34.    Purchasers of Circuit City Promotional Purchases with the Circuit City Rewards

5  Card, including Plaintiff and Class Members, are "consumers" within the meaning of the *Civil Code*

6  section 1761(d) and 1770. Plaintiff's and each Class Member's Promotional Purchase with the

7  Circuit City Rewards Card constitutes a "transaction" within the meaning of *Civil Code* sections

8  1761(e) and 1770.

9      35.    As set forth herein, Defendants' acts, practices, representations, omissions, and

10  course of conduct with respect to advertising and selling items as interest and payment free violates

11  section 1770 (a)(9), (13), (14), and (19) of the Consumers Legal Remedies Act in that: (a)

12  Defendants advertised goods or services with the intent not to sell them as advertised; (b)

13  Defendants made misleading statements of fact concerning reasons for, existence or amounts of

14  price reductions; (c) Defendants represented that the transaction conferred or involved rights,

15  remedies or obligations that it did not have or involve; and (d) Defendants inserted an

16  unconscionable provision in the contract.

17      36.    This action shall constitute notice to Defendants pursuant to *California Civil Code*

18  section 1782 of the unlawful, unfair and fraudulent business practices as complained herein and

19  formal demand that Defendants: (1) cease and desist all advertising, promotional and sales activities

20  and practices described herein; (2) cease the promotion of its "interest and payment free" credit card

21  through the use of deceptive and misleading advertising devices as described herein; (3) cease the

22  practice of prioritizing the application of consumers' credit card payments to Promotional

23  Purchases; and (4) disclose to all consumers' Defendants' deceptive and illegal practices.

24      37.    Should Defendants herein fail to comply with the demands as stated above, Plaintiff

25  shall file a First Amended Complaint seeking an order, pursuant to *California Code of Civil*

26  *Procedure* section 1780 et seq.: (1) directing Defendants to cease and desist all advertising,

27  promotional and sales activities and practices described herein; (2) enjoining Defendants from the

28  promotion of its "interest and payment free" credit card through the use of deceptive and misleading

1  advertising devices as described herein; (3) directing Defendants to disgorge, for the benefit of

2  Class Members, its profits and compensation emanating from its "interest and payment free"

3  scheme, and/or make full restitution to Plaintiff and Class Members; and (4) enjoining Defendant

4  Chase Bank from prioritizing the application of consumers' credit card payments to Promotional

5  Purchases. Plaintiff's Amended Complaint shall also seek compensatory and punitive damages,

6  costs of litigation, attorneys' fees and such other relief as is authorized under applicable provisions

7  of the CLRA.

## SECOND CAUSE OF ACTION

(For Violation of the *California Business and Professions Code*

*Section* 17200 et seq.: Unlawful and Unfair Business Practices)

(Against All Defendants)

12  38.    Plaintiff incorporates by reference paragraphs 1 – 37 above as though fully set forth

13  herein. Plaintiff has suffered injury in fact and has suffered financial loss as a result of Defendants'

14  conduct as alleged in this cause of action.

15  39.    Defendants' acts, conduct and practices as described herein constitute unlawful

16  business acts and practices within the meaning of *California Business and Professions Code*

17  sections 17200 et seq.

18  40.    Defendants' acts, conduct and practices were unlawful, in that Defendants violated

19  the Consumers Legal Remedies Act, as alleged herein.

20  41.    Defendants' acts, conduct and practices, as described herein, constitute unfair,

21  fraudulent, and deceptive business acts and practices within the meaning of *California Business and*

22  *Professions Code* sections 17200 et seq.

23  42.    Defendants' acts, conduct and practices, as alleged herein, were unfair, in that any

24  utility for Defendants' conduct is outweighed by the gravity of the consequences to Plaintiff, Class

25  Members, and the general public, and/or Defendants' conduct is immoral, unethical, oppressive,

26  unscrupulous or substantially injurious to Plaintiff, Class Members and the general public.

27  43.    Defendants' acts, conduct and practices, as alleged herein, were fraudulent, in that

28  they were likely to and did deceive Plaintiff, Class Members and the general public, and Defendants

1   engaged in such acts, conduct, and practices knowingly.

2        44.   Defendants' unfair, fraudulent, and deceptive business acts and practices are

3   described herein and include, but are not limited to, the following:

4            (a)    Advertising promotional items as interest and payment free when purchased

5        with a Circuit City Rewards Card when in fact, interest and finance charges were frequently

6        applied;

7            (b)    Charging a finance fee despite Payment of the monthly balance in part or in

8        full, without deducting the Payment made before assessing any finance charge; and

9            (c)    Applying monthly Payments to Promotional Purchases not yet billed or owing

10       instead of to the balance as billed in the monthly statement due.

11       45.   As a direct and proximate result of Defendants' unfair, unlawful and fraudulent

12   business practices as alleged herein, Defendants were able to: (a) issue more charge cards to Circuit

13   City customers than they otherwise would have; (b) receive more credit card purchases for Circuit

14   City products than they otherwise would have; and/or (c) charge more finance charges than they

15   otherwise would have, and accordingly, Defendants received and are in possession of excessive and

16   unjust revenues and profits.

17       46.   Plaintiff, on behalf of himself and all others similarly situated in California, and

18   where appropriate, on behalf of the general public of California, seeks an order including, but not

19   limited to (1) directing Defendants to cease and desist all advertising, promotional and sales

20   activities and practices described herein; (2) enjoining Defendants from the promotion of their

21   "interest and payment free" credit card through the use of deceptive and misleading advertising

22   devices as described herein; (3)  directing Defendants to disgorge, for the benefit of Class Members,

23   their profits and compensation emanating from their "interest and payment free" scheme, and/or

24   make full restitution to Plaintiff and Class Members; and (4) enjoining Defendant Chase Bank from

25   prioritizing the application of consumers' credit card payments to Promotional Purchases.  Plaintiff

26   also seeks any other relief the Court deems acceptable, in accordance with section 17203 of the

27   Business and Professions Code.  Plaintiff also seeks costs of litigation, attorneys' fees pursuant to

28   *California Code of Civil* Procedure §1021.5, and such other relief as the Court deems proper.

## THIRD CAUSE OF ACTION

(False Advertising, Violation of *Business & Profession Code* §17500)

(Against All Defendants)

47.     Plaintiff incorporates by reference paragraphs 1 – 46 above as though fully set forth herein.

48.     The standardized advertising and written and oral promotional material and all other written and oral promotional efforts undertaken by Defendants constitute advertising services and commercial statements, disseminated by Defendants, which contained statements that are untrue and/or misleading, or which omitted material information, and which are known, or by the exercise of reasonable care should have been known by Defendants to be deceptive, in violation of *California Business and Professions Code* section 17500, et seq. and other similar state false advertising statutes. Plaintiff and Class Members are accordingly entitled to equitable and injunctive relief, on behalf of themselves and all others similarly situated, and request the following equitable and injunctive relief:

(a)     That Defendants be ordered to cease and desist all advertising, promotional and sales activities and practices described herein;

(b)     That Defendants be enjoined from the promotion of its "interest and payment free" credit card through the use of deceptive and misleading advertising devices as described herein;

(c)     That Defendants be ordered to disgorge, for the benefit of Class Members, their profits and compensation emanating from its "interest and payment free" scheme, and/or make full restitution to Plaintiff and Class Members.

(d)     That Defendant Chase Bank be enjoined from prioritizing the application of consumers' credit card payments to Promotional Purchases.

//
//
//
//

### FOURTH CAUSE OF ACTION

(Fraud and Deceit)

(Against All Defendants)

49.     Plaintiff incorporates by reference paragraphs 1 – 48 above as though fully set forth herein.

50.     At various times, as set forth in this Complaint, Defendants made material and intentional misrepresentations and false promises to Plaintiff, and others similarly situated while fraudulently concealing other material facts from Plaintiff. The material, fraudulent misrepresentations, false promises, and fraudulent omissions include, but are not limited to, the following:

(a)     Uniform, written solicitations to consumers, which solicitations uniformly promised that certain promotional purchases made at Circuit City using the Circuit City Rewards Card in excess of $250 would receive an interest and payment free period in which to payoff their purchase;

(b)     Uniform failure to disclose in Defendants' written solicitations to consumers that Defendant Chase Bank would actually charge a finance charge even when customers paid their prior balance in full, or would otherwise charge a finance charge on any remaining balance without first deducting any partial Payment made;

(c)     Failure to clearly and adequately disclose that Chase Bank would allocate Payments to Promotional Purchases, even if no payments were due for many months, thus causing customers who believed they were paying their current balances to actually incur excessive finance charges.

51.     While Defendants were making the enumerated, material fraudulent and deceitful misrepresentations and omissions, they knew the true facts to be the opposite thereof.

52.     Defendants knew that each of these enumerated, material misrepresentations and omissions were deceitful and fraudulent at the time that they were made, or, at the minimum, made the fraudulent misrepresentations and omissions with a reckless disregard for the true facts.

53.     Defendants made its material fraudulent misrepresentation and fraudulently

1    concealed material information for the primary purposes of inducing Plaintiff and others similarly

2    situated to enter into a Circuit City Promotional Purchase using the Circuit City Rewards Card.

3    Specifically, Defendants purposefully and fraudulently concealed that Promotional Purchases were

4    given priority of payment, even if not yet billed and owing, thus making the promise of "interest and

5    payment free" illusory.

6        54.    Plaintiff and other Class Members were unaware of the true facts that were concealed

7    by Defendants' material fraudulent misrepresentations and omissions, consummated the proposed

8    Promotional Purchase, having no reason to suspect that the transactions were predicated upon such

9    material, deceitful and fraudulent misrepresentations and omissions.

10        55.    As a direct and proximate result of the events and material, deceitful and fraudulent

11    misrepresentations described herein, Plaintiff and other Class Members have been damaged as may

12    be shown according to proof at the time of trial.

13        56.    In doing the acts herein alleged, Defendants acted with malice, oppression, and fraud

14    in order to induce Plaintiff and Class Members into making Circuit City purchases with the Circuit

15    City Rewards Card pursuant to which Defendants would profit from the collection of undisclosed

16    fees. Such despicable conduct, in willful and conscious disregard of Plaintiff's rights, justifies an

17    award of exemplary damages against these Defendants in amounts as may be shown in according to

18    proof at the time of trial.

19

20                        **FIFTH CAUSE OF ACTION**

21                            (Breach of Contract)

22                    (Against Defendant Chase Bank and Does 1 - 50)

23        57.    Plaintiff incorporates by reference paragraphs 1 – 56 above as though fully set forth

24    herein.

25        58.    Defendant Chase Bank offered Plaintiff and Class Members a no interest, no payment

26    grace period on Promotional Purchases made using their Circuit City Rewards Card.

27        59.    Plaintiff and Class Members made Promotional Purchases as offered by Defendant

28    Chase Bank.

                                15

60.    Defendant Chase Bank breached these contracts by prioritizing the allocation of credit card Payments to purchases offered and accepted as interest and payment free ahead of non-promotional items appearing on the monthly statement.  Defendant Chase Bank further breached these contracts by charging an interest fee on balances that remained due to this allocation of Payments.

61.    By reason of Defendants' breach of Plaintiff's and other Class Members' respective contracts, Plaintiffs and other Class Members have been damaged in the manner set forth herein, in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

(Breach of the Implied Covenant of Good Faith and Fair Dealing)

(Against Defendant Chase Bank and Does 1 – 50)

62.    Plaintiff incorporates by reference paragraphs 1 – 61 above as though fully set forth herein.

63.    Every contract imposes upon each party a duty of good faith and fair dealing in its performance.  The Promotional Purchases made by Plaintiff and Class Members with their Circuit City Rewards Card contained an implied covenant of good faith and fair dealing.  The covenant requires that neither party to the Promotional Purchase agreement do anything to infringe upon the other party's rights to the benefits of the agreement.

64.    Defendant Chase Bank's conduct, as set forth herein, has breached each of the implied covenants of good faith and fair dealing.

65.    For example, Defendant Chase Bank has materially breached the implied covenant of good faith and fair dealing by:

(a)    Promising purchasers of Circuit City Promotional Purchases they would receive a payment free period in which to payoff their purchase, when, in fact, Defendant Chase Bank prioritized the allocation of Payments to Promotional Purchases;

(b)    Promising purchasers of Circuit City Promotional Purchases they would receive an interest free period in which to payoff their purchase, when, in fact, Defendant

16

1    Chase Bank charged interest fees in connection with Promotional Purchases.

2    66.    As a direct result of material breaches of the implied covenant of good faith and fair

3    dealing by Defendants, as set forth herein, Plaintiffs have been damaged as may be shown according

4    to proof at the time of trial.

5

6                            **SEVENTH CAUSE OF ACTION**

7                              (For Unjust Enrichment)

8                      (Against Defendant Chase Bank and Does 1- 50)

9    67.    Plaintiff incorporates by reference paragraphs 1 – 66 above as though fully set forth

10   herein.

11   68.    As set forth fully herein, Defendants were not and are not entitled to a finance fee in

12   connection with Promotional Purchases.

13   69.    Thus, Defendants have retained and continue to retain money belonging to Plaintiff

14   and the Class Members.

15   70.    If Defendants are permitted to retain this money, they will be unjustly enriched at the

16   Plaintiffs' expense.

17

18   **WHEREFORE**, Plaintiff, on Plaintiff's own behalf and on behalf of the Class Members,

19   prays for judgment as follows:

20   1.    For an order certifying the Plaintiff Class and appointing Plaintiff and his counsel to

21   represent the Class;

22   2.    For an order awarding compensatory damages in an amount which may be proven at

23   trial, together with interest thereon;

24   3.    For an order awarding restitution and/or disgorgement and other equitable relief as

25   the Court deems proper;

26   4.    For an order awarding exemplary damages in an amount to deter and punish;

27   5.    For an order awarding pre-judgment and post-judgment interest, as well as their

28   reasonable attorneys' and experts' witness fees and other costs;

1  reasonable attorneys' and experts' witness fees and other costs;

2      6.    For an order enjoining Defendants from continuing to engage in unfair business

3  practices and false advertising; and,

4      7.    For an order awarding such other and further relief as this Court may deem just and

5  proper.

6

7  DATED: June 26, 2006                    ROXBOROUGH, POMERANCE & NYE LLP

8

9                                    By: _____

10                                        DREW E. POMERANCE
                                          MICHAEL G. KLINE
11                                        ERIN M. LaBRACHE
                                          Attorneys for Plaintiff GARY DAVIS,
12                                        individually and on behalf of himself, and
                                          as Private Attorney General and on behalf of
13                                        all others similarly situated

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

# Exhibit A



# No Interest! No Payments!

**For 6 Months**
**When You**
**Spend**
**$499**
**or more***

**For 90 Days**
**When You**
**Spend**
**$299**
**or more***

*See reverse side for details.*

---

**Store Associate: Please scan this barcode for the 90 Day/$299 offer**

50YCRI FINANCED3N

## It's easy to take advantage of this offer!

When you make a purchase
with your Circuit City credit card,
present this certificate
to the store associate to scan.

*Offers apply to in-store purchases charged to your Circuit City credit card account and are subject to credit approval. For any item $499 and above, to avoid finance charges, the purchase price must be paid in full within 180 days of the purchase date or on the 181st day from the purchase date, finance charges will be assessed at the Deferred/Accumulated Finance Charge APR from the date of purchase. For any item $299 and above, to avoid finance charges, the purchase price must be paid in full within 90 days of the purchase date or on the 91st day from the purchase date, finance charges will be assessed at the Deferred/Accumulated Finance Charge APR from the date of purchase. Minimum monthly payments are required on your other account balances. As of August 1, 2008 the following rates and terms apply to in-store applicants and are subject to change. For new Circuit City Rewards Card accounts: The purchase APR is 26.24% or 24%, the Deferred/Accumulated Finance Charge APR is 23.74% or 24% and the default and stored account APR is 26.24% or 32.24%, depending on your credit qualification, Late Payment & Returned check fee: $39. Minimum Finance Charge, if any assessed = $1.00. Offer expires 3/30/08. Existing cardholders should see their cardholder agreement for applicable interest rates and charges. The Circuit City Rewards Card is issued by Chase Bank USA, N.A.*

**Store Associate: Please scan this barcode for the 6 Month/$499 offer**

50YCRIFINANCED04

EXH A

  Statement

4104140014934039000011000000275685

CHASE CARDMEMBER SERVICE
PO BOX 100044
KENNESAW, GA 30136-9244

| | |
|---|---|
| ACCOUNT # | 4104 1400 1493 4038 |
| NEW BALANCE | $2,752.68 |
| PAYMENT DUE DATE | 03/10/06 |
| MINIMUM PAYMENT DUE | $110.00 |

CHASE CARDMEMBER SERVICE
PO BOX 94010
PALATINE, IL 60094-4010

◄ MAIL CHECK TO:

MAKE CHECKS PAYABLE TO CHASE

$ [        ]  AMOUNT ENCLOSED

GARY J DAVIS
3126 ROBERTS AVE
CULVER CITY CA 90232-7415

M0117967

PLEASE INDICATE ANY CHANGE TO ADDRESS OR TELEPHONE BELOW OR VISIT WWW.CIRCUITCITYREWARDS.COM

Street Address _____    Home Telephone ( ) _____
City-State-Zip _____    Business Telephone ( ) _____    ✂ Detach Here

**...NCE SUMMARY**

| | |
|---|---|
| ...us Balance | $1,495.89 |
| ...ayments and Credits | $1,781.13 |
| ...ash Advances | $0.00 |
| ...urchases/Adjustments | $2,955.45 |
| FINANCE CHARGES | $82.37 |
| ...ew Balance | $2,752.68 |

**ACCOUNT INFORMATION**

| | |
|---|---|
| Statement Closing Date | 02/13/06 |
| Days in Billing Cycle | 31 |
| New Balance | $2,752.68 |
| Credit Line | $8,000.00 |
| Available Credit | $3,247.32 |
| Available Cash Advance** | $1,800.00 |

ACCOUNT #    4104140014934039
Payment Due Date 03/10/06
MINIMUM PAYMENT DUE $110.00

CALL 1-866-522-7587 TO MAKE YOUR
PAYMENT OVER THE PHONE OR
VISIT US ONLINE AT
WWW.CIRCUITCITYREWARDS.COM

**...SACTION DETAIL**

| ...ng | Transaction Date | Reference Number | Transactions | Charges & Credits ♦ |
|---|---|---|---|---|
| 6 | 01/12 | 60132751731031637 | SOUPLANTATION #17    LOS ANGELES CA | 11.24 |
| 6 | 01/12 | 60133495441651698 | RALPHS #0284    SF4 CULVER CITY CA | 7.80 |
| 6 | 01/14 | 03877180048977000 | CIRCUIT CITY PURCHASE | 933.53 |
| | | | 121 30" AND LARGER TV'S | |
| 6 | 01/14 | 60157301502755528 | ROLL N RYE    CULVER CITY CA | 13.78 |
| 6 | 01/14 | 60150702144590191 | CARY PHOTO LAB    CULVER CITY CA | 23.59 |
| 7 | 01/16 | 7083000000000000 | CIRCUIT CITY PURCHASE | 6.51 |
| | | | 396 COMPUTER MEDIA | |
| | | | 077 DVD SOFTWARE | |
| 7 | 01/15 | 60161180004100172 | EAST WIND 4    CULVER CITY CA | 19.54 |
| 7 | 01/16 | 60145020004333563 | SUBWAY SANDWICHES #    LOS ANGELES CA | 5.39 |
| 8 | 01/16 | 8017207599700305 | BURGER KING # 9218 Q07  LOS ANGELES CA | 2.48 |
| 8 | 01/16 | 60177490054440174 | RITE AID STORE 5444    LOS ANGELES CA | 3.91 |
| 9 | 01/16 | 60181380198011123 | EL POLLO LOCO 3301    LOS ANGELES CA | 7.65 |
| 0 | 01/19 | 60198828562290191 | LA TIMES SUB*1375846018  800-628-4637 CA | 107.03 |
| 0 | 01/18 | 60190180008532878 | BUFFET CITY    LOS ANGELES CA | 14.60 |
| 0 | 01/18 | 60196901926391108 | SMART & FINAL CO.    WEST LOS ANGECA | 17.21 |
| 3 | 01/19 | 60201177240100040 | DOMINO'S PIZZA #08308  LOS ANGELES CA | 27.71 |
| 4 | 01/20 | 60230232266891108 | SAT PROS    626-3992222 CA | 420.00 |
| 5 | 01/24 | 60250024403499443 | 5 DE MAYO TACOS    CULVER CITY CA | 6.77 |
| 6 | 01/25 | 7675300000000000 | CIRCUIT CITY PURCHASE | 1.82 |
| | | | 396 COMPUTER MEDIA | |
| 6 | 01/25 | 2130600000000000 | CIRCUIT CITY PURCHASE | 82.24 |
| | | | 142 DIGITAL VIDEO | |
| 8 | 01/25 | 60250001138610579 | HHP ONECALLELECTRONICS  800-340-4770 WA | 284.02 |
| 7 | 01/25 | 60267100084321154 | DENNY'S INC    CULVER CITY CA | 7.48 |
| 7 | 01/25 | 60263801439991162 | OFFICE DEPOT #931    CULVER CITY CA | 34.64 |
| 7 | 01/25 | 60267010056820484 | HUS SZECHWAN    310-8370252 CA | 30.90 |
| 0 | 01/27 | 60281302631594 64 | NEW PANDA BUFFET    LOS ANGELES CA | 20.53 |

EXPLANATION OF CODES ON REVERSE
...LABLE CASH ADVANCE IS INCLUDED IN AVAILABLE CREDIT LIMIT
REVIATIONS : "p" = Payment, "or" = Credit

MAIL BILLING AND OTHER INQUIRES TO:
CHASE CARDMEMBER SERVICE
PO BOX 100045
KENNESAW, GA 30156-9245
See form on reverse side.

CHASE○

EXH B

  021306 Statement

| Customer Name | Account Number |
|---|---|
| GARY J DAVIS | 4104-1400-1493-4039 |

Page 3 of 3

**Payment Tips**

➢ Call 1-866-322-7597 to make your payment over the phone! (A small fee will apply.)
➢ Mail your payment 7–10 days in advance of your payment due date to allow for mail delivery.
➢ Checks should be made payable to Chase.
➢ Write your account number on your check or money order.
➢ Include the payment coupon with your payment in the envelope provided.
➢ Written correspondence should be sent to:

CHASE CARDMEMBER SERVICE
PO BOX 100044
KENNESAW, GA 30156-9244

As a Valued Cardmember, you can claim high-quality merchandise
from top brands such as Lenox, Harley-Davidson, Cross and many
more!  Just go to www.rewardcenter.com and enter 157511 where
it asks for your certificate number.  These products are not
available to the general public, so act now!

Redeem your rewards points today and use your Rewards Certificates towards
your next purchase at Circuit City. For every 500 points you earn, you'll
receive a $5 Rewards Certificate. Just visit circuitcityrewards.com anytime
to check your point balance and redeem for Rewards Certificates.

**REWARDS POINTS SUMMARY**

Your Circuit City Rewards ID Number is  70021534100

| | |
|---|---|
| The number of Rewards Points you have earned (through 02/13/2006) | 53,171 |
| The total number of Rewards Points that are available for you to redeem | 1,899 |
| The number of Rewards Points that are pending in your account | 472 |

**FINANCE CHARGE SUMMARY**

| | Average Daily Balance | Daily Periodic Rate* | Corresponding Annual Percentage Rate | Periodic FINANCE CHARGE | ANNUAL PERCENTAGE RATE | |
|---|---|---|---|---|---|---|
| Purchases A | $2,312.92 | 0.0652% | 23.79% | $46.74 | 24.28% | SEE REVERSE SIDE FOR IMPORTANT INFORMATION |
| Purchases B | $1,781.92 | 0.0645% | 23.54% | $35.63 | | |
| Cash Advances C | $0.00 | 0.0781% | 27.79% | $0.00 | | |

* PERIODIC RATE MAY VARY FROM MONTH TO MONTH

SEE EXPLANATION OF CODES ON REVERSE
(VARIABLE CASH ADVANCE IS INCLUDED IN AVAILABLE CREDIT LIMIT
ABBREVIATIONS: "py" = Payment, "cr" = Credit
For 24 hour automated information call 1-866-522-7597
Customer Service Advisors are available Monday - Friday 10am - 9pm ET
To report your credit card lost or stolen 24 hours a day call (866) 902-4142
For T.D.D. (Telephone Device for the Hearing Impaired), call (800) 925-1794

MAIL BILLING AND OTHER INQUIRIES TO:
CHASE CARDMEMBER SERVICE
PO BOX 100045
KENNESAW, GA 30156-8245
See form on reverse side.

**CHASE** ⬡

  031306 Statement

4104140034934039000119000004497579

CHASE CARDMEMBER SERVICE
PO BOX 100044
KENNESAW, GA 30156-9244

| | |
|---|---|
| ACCOUNT # | 4104 1400 1493 4039 |
| NEW BALANCE | $4,497.57 |
| PAYMENT DUE DATE | 04/07/06 |
| MINIMUM PAYMENT DUE | $119.00 |

CHASE CARDMEMBER SERVICE
PO BOX 94010
PALATINE, IL 60094-4010

MAIL CHECK TO:

MAKE CHECKS PAYABLE TO CHASE

$ [               ]
AMOUNT ENCLOSED

GARY J DAVIS
3126 ROBERTS AVE
CULVER CITY CA 90232-7415

M0114178

PLEASE INDICATE ANY CHANGE TO ADDRESS OR TELEPHONE BELOW OR VISIT WWW.CIRCUITCITYREWARDS.COM

Street Address _____  Home Telephone (   )
City-State-Zip _____  Business Telephone (   )  ◄ Detach Here

## BALANCE SUMMARY

| | |
|---|---|
| Previous Balance | $2,752.58 |
| Payments and Credits | $2,752.58 |
| Cash Advances | $0.00 |
| Purchases/Adjustments | $4,420.32 |
| FINANCE CHARGES | $77.25 |
| New Balance | $4,497.57 |

## ACCOUNT INFORMATION

| | |
|---|---|
| Statement Closing Date | 03/13/06 |
| Days in Billing Cycle | 28 |
| New Balance | $4,497.57 |
| Credit Line | $6,000.00 |
| Available Credit | $1,502.43 |
| Available Cash Advance** | $1,502.43 |

ACCOUNT #  4104140014934039
MINIMUM PAYMENT DUE $119.00

CALL 1-866-522-7587 TO MAKE YOUR
PAYMENT OVER THE PHONE OR
VISIT US ONLINE AT
WWW.CIRCUITCITYREWARDS.COM

## PROMOTIONAL SUMMARY

| Outstanding Promotions | Average Daily Balance | Deferred Average Daily Balance | Daily Periodic Rate*** | Corresponding Annual Percentage Rate | Periodic FINANCE CHARGE | Accumulated Deferred Finance Charges | Promotional Payoff Balance | Promotional Ending Date |
|---|---|---|---|---|---|---|---|---|
| CCP 22 MOS NNWP | | $218.00 | 0.0657% | 23.99% | | $3.99 | $263.09 | 01/14/2008 |

YOUR ACCOUNT BALANCE MAY CONTAIN PURCHASES THAT REQUIRE A MINIMUM MONTHLY PAYMENT BY THE DUE DATE ON THIS STATEMENT. PLEASE REFER TO THE MINIMUM PAYMENT DUE FOR THAT AMOUNT. ACCUMULATED DEFERRED FINANCE CHARGES WILL BE WAIVED IF YOUR PROMOTIONAL BALANCE(S) IS PAID IN FULL BY THE PROMOTIONAL ENDING DATE SHOWN IN THE PROMOTIONAL SUMMARY SECTION. THE PROMOTIONAL END DATE MAY DIFFER FROM YOUR DUE DATE.

## TRANSACTION DETAIL

| Posting Date | Transaction Date | Reference Number | Transactions | Charges & Credits ◆ |
|---|---|---|---|---|
| | | | Purchases | |
| 2/14 | 02/13 | 6044296110635675 | BEST BUY   00003939  W HOLLYWOOD CA | -1,795.96 |
| 2/14 | 02/12 | 6044890441473768 | SMART & FINAL CO.   WEST LOS ANGECA | 17.21 |
| 2/14 | 02/12 | 5044980003361934 | ASIAN KITCHEN   CULVER CITY CA | 9.71 |
| 2/15 | 02/13 | 6045207549700376 | BURGER KING # 8218 Q07  LOS ANGELES CA | 3.74 |
| 2/16 | 02/14 | 6049960022575153 | GUIZMO'S VENICE & ROBERTSCULVER CITY CA | 7.35 |
| 2/17 | 02/15 | 6047585315218229 | PIZZA HUT   07056015 CULVER CITY CA | 14.60 |
| 2/20 | 02/17 | 6048512022011264 | NORM'S LA CIENEGA #50  LOS ANGELES CA | 13.89 |
| 2/20 | 02/18 | 5050049000259278 | SUPER STAR BUFFET RESTAURCULVER CITY CA | 18.75 |
| 2/20 | 02/18 | 6050381831192827 | RALPHS #0284   SF4  CULVER CITY CA | 12.75 |
| 2/21 | 02/20 | 6051296111972834 | BEST BUY   00003939  W HOLLYWOOD CA | 8.65 |
| 2/22 | 02/21 | 4682500000000000 | CIRCUIT CITY CREDIT PURCHASE | 82.24cr |
| | | | 142 DIGITAL VIDEO | |

EXPLANATION OF CODES ON REVERSE
AVAILABLE CASH ADVANCE IS INCLUDED IN AVAILABLE CREDIT LIMIT
ABBREVIATIONS : "+" = Payment, "cr" = Credit
REFER TO INTEREST FREE SPECIAL PURCHASES ON REVERSE.

MAIL BILLING AND OTHER INQUIRIES TO:
CHASE CARDMEMBER SERVICE
PO BOX 100044
KENNESAW, GA 30156-9245
See form on reverse side.

CHASE O

EXH C

 

031308  Statement

| Customer Name | Account Number |
|---|---|
| GARY J DAVIS | 4104-1400-1493-4039 |

Page 2 of 3

**Payment Tips**
- Call 1-866-522-7387 to make your payment over the phone! (A small fee will apply.)
- Mail your payment 7-10 days in advance of your payment due date to allow for mail delivery.
- Checks should be made payable to Chase.
- Write your account number on your check or money order.
- Include the payment coupon with your payment in the envelope provided.
- Written correspondence should be sent to:

**CHASE CARDMEMBER SERVICE**
PO BOX 100044
KENNESAW, GA 30156-9244

| Posting Date | Transaction Date | Reference Number | Transactions | Charges & Credits ◆ |
|---|---|---|---|---|
| 02/22 | 02/19 | 80521150000100573 | WOK ON FIRE INC       LOS ANGELES  CA | 26.17 |
| 02/22 | 02/20 | 80522581117291564 | COMPUSA/COOO GUYS #740  LOS ANGELES  CA | 161.54 |
| 02/22 | 02/20 | 80522075987000388 | BURGER KING # 9216 Q07  LOS ANGELES CA | 2.48 |
| 02/23 | 02/21 | 80533843231153141 | KFC 2610032  28100329  CULVER CITY  CA | 4.85 |
| 02/23 | 02/21 | 48698939004887000 | CIRCUIT CITY CREDIT PURCHASE | 933.53cr |
|  |  |  | 121 30" AND LARGER TV'S |  |
| 02/24 | 02/23 | 80540005944272855 | TWX*PWR0356*MAGAZINE P&H  877-813-0001 NY | 2.00 |
| 02/24 | 02/23 | 80544700963000020 | TASTE OF INDIA - C       CULVER CITY  CA | 14.27 |
| 02/27 | 02/22 | 80551380114473500 | EZ NEW WEB LAUNDROMAT    CULVER CITY  CA | 5.45 |
| 02/27 | 02/23 | 80556680551481334 | SMART & FINAL CO.       WEST LOS ANGECA | 42.10 |
| 02/27 | 02/24 | 80562862994200195 | PAPA JOHN'S PIZZA #2380  LOS ANGELES CA | 19.73 |
| 02/27 | 02/24 | 80562862998000476 | PAPA JOHN'S PIZZA #2380  LOS ANGELES CA | 2.00 |
| 02/28 | 02/26 | 80561019128924122 | IHOP #782        LOS ANGELES  CA | 12.07 |
| 02/28 | 02/27 | 80581223486012788 | GABY'S MEDITERRANEAN R  LAS ANGELES  CA | 17.70 |
| 03/01 | 02/27 | 80597830001012064 | JIT'S #0293 · 00002931  LOS ANGELES CA | 2.15 |
| 03/01 | 02/27 | 80597010666620476 | HUS SZECHWAN       LOS ANGELES CA | 22.84 |
| 03/01 | 02/27 | 80532007599700437 | BURGER KING # 9216 Q07  LOS ANGELES CA | 2.48 |
| 03/03 | 03/02 | 806 1000257186393 | XM *SATELLITE RADIO    800-XMRADIO OC | 18.94 |
| 03/06 | 03/03 | 021 1022004959000 | CIRCUIT CITY PURCHASE | 2,000.00 |
|  |  |  | 126 PLASMA TV |  |
|  |  |  | 127 MOUNTS |  |
| 3/09 | 03/07 | 60871973100851034 | PANDA EXPRESS 00008189  CULVER CITY  CA | 6.92 |
| 3/09 | 03/07 | 60873987997853853 | RALPHS #0066     SF4  CULVER CITY  CA | 29.43 |
| 3/10 | 03/07 | 60891442545100024 | INDUSTRY CAFE AND       CULVER CITY  CA | 9.75 |
| 3/10 | 03/09 | 60892930154000299 | KRISTINA S ITALIAN     LOS ANGELES  CA | 16.27 |
| 3/13 | 03/09 | 60893983489919784 | AUTOZONE #5433        LOS ANGELES CA | 4.32 |
| 3/13 | 03/10 | 60893863356206564 | RALPHS #0066     SF4  CULVER CITY  CA | 3.86 |
| 3/13 | 03/10 | 60892000079900237 | 20/20 VIDEO #12       LOS ANGELES CA | 12.99 |
| 3/13 | 03/10 | 60702951118932272 | BEST BUY   00001792  CULVER CITY CA | 39.05 |
| 3/13 | 03/10 | 60702951119903322 | BEST BUY   00001792  CULVER CITY CA | 40.56 |
| 3/13 | 03/10 | 60781163400010613 | BAJA FRESH 10142       CULVER CITY  CA | 7.63 |
| 3/13 | 03/11 | 60715031084500066 | BESTBUYCOM  85994009  888-BESTBUY MN | 20.54 |
| 3/13 | 03/12 | 60721207282064791 | NEW PANDA BUFFET       LOS ANGELES CA | 10.80 |
| 3/13 | 03/13 |  | PURCHASE *FINANCE CHARGE* | 77.25 |
|  |  |  | Payments/Credits |  |
| 3/03 | 03/04 | 80653001000000010 | ONLINE PMT RCVD-THANK YOU | 1,006.00py |
| 3/07 | 03/06 | 80656001000000019 | ONLINE PMT RCVD-THANK YOU | 730.91py |

IMPORTANT INFORMATION

ATTENTION***:
YOUR ACCOUNT IS IN DISPUTE FOR $394.45. THIS AMOUNT HAS NOT BEEN INCLUDED IN THE FINANCE CHARGE OR MINIMUM PAYMENT CALCULATIONS.

EXPLANATION OF CODES ON REVERSE
AVAILABLE CASH ADVANCE IS INCLUDED IN AVAILABLE CREDIT LIMIT
ABBREVIATIONS - "py" = Payment, "cr" = Credit
REFER TO INTEREST FREE SPECIAL PURCHASES ON REVERSE.

MAIL BILLING AND OTHER INQUIRIES TO:
CHASE CARDMEMBER SERVICE
PO BOX 100045
KENNESAW, GA 30156-9245
See form on reverse side.


CHASE



031306 Statement

| Customer Name | Account Number |
|---|---|
| GARY J DAVIS | 4104-1400-1493-4038 |

Page 3 of 3

**Payment Tips**
- Call 1-866-522-7587 to make your payment over the phone! (A small fee will apply.)
- Mail your payment 7-10 days in advance of your payment due date to allow for mail delivery.
- Checks should be made payable to Chase.
- Write your account number on your check or money order.
- Include the payment coupon with your payment in the envelope provided.
- Written correspondence should be sent to:

CHASE CARDMEMBER SERVICE
PO BOX 100044
KENNESAW, GA 30156-9244

Use your Circuit City credit card and take advantage of special financing
promotions available at your local Circuit City stores!

As a Valued Cardmember, you can claim high-quality merchandise
from top brands such as Lenox, Harley-Davidson, Cross and many
more! Just go to www.rewardcenter.com and enter 157511 where
it asks for your certificate number. These products are not
available to the general public, so act now!

Redeem your rewards points today and use your Rewards Certificates towards
your next purchase at Circuit City. For every 500 points you earn, you'll
receive a $5 Rewards Certificate. Just visit circuitcityrewards.com anytime
to check your point balance and redeem for Rewards Certificates.

**REWARDS POINTS SUMMARY**

Your Circuit City Rewards ID Number is 70021534100

| | |
|---|---|
| The number of Rewards Points you have earned (through 03/10/2006) | 50,421 |
| The total number of Rewards Points that are available for you to redeem | 1,790 |
| The number of Rewards Points that are pending in your account | -2,389 |

**FINANCE CHARGE SUMMARY**

| # | Average Daily Balance | Daily Periodic Rate*** | Corresponding Annual Percentage Rate | Periodic FINANCE CHARGE | ANNUAL PERCENTAGE RATE | |
|---|---|---|---|---|---|---|
| Purchases A | $4,232.35 | 0.0652% | 23.79% | $77.25 | 22.45% | SEE REVERSE SIDE FOR IMPORTANT INFORMATION |
| Purchases B | $0.00 | 0.0652% | 23.79% | $0.00 | | |
| Cash Advances C | $0.00 | 0.0761% | 27.79% | $0.00 | | |

PERIODIC RATE MAY VARY FROM MONTH TO MONTH

E EXPLANATION OF CODES ON REVERSE
VLABLE CASH ADVANCE IS INCLUDED IN AVAILABLE CREDIT LIMIT
REVIATIONS : 'pr' = Payment, 'cr' = Credit
24 hour automated information call 1-866-522-7587
tomer Service Advisors are available Monday - Friday 10am - 9pm ET
sport your credit card lost or stolen 24 hours a day call (985) 989-4142
T.D.D. (Telephone Device for the Hearing Impaired), call (800) 926-1764
REFER TO INTEREST FREE SPECIAL PURCHASES ON REVERSE.

MAIL BILLING AND OTHER INQUIRIES TO:
CHASE CARDMEMBER SERVICE
PO BOX 100045
KENNESAW, GA 30156-8245
See form on reverse side.

CHASE

# Exhibit 2

FILED COPY

1   STROOCK & STROOCK & LAVAN LLP
    JULIA B. STRICKLAND (State Bar No. 83013)
2   STEPHEN J. NEWMAN (State Bar No. 181570)
    DAVID W. MOON (State Bar No. 197711)
3   NANCY M. LEE (State Bar No. 232708)
    2029 Century Park East, Suite 1800
4   Los Angeles, California 90067-3086
    Telephone: 310-556-5800
5   Facsimile: 310-556-5959
    Email: lacalendar@stroock.com
6
    Attorneys for Defendant
7     CHASE BANK USA, N.A.

8   ATTORNEY AT LAW
    Peter E. Glick, Esq. (State Bar No. 127979)
9   400 Capitol Mall, Suite 1100
    Sacramento, CA 95814
10  Telephone: 916-558-6182
    Facsimile: 916-448-2434
11  Email: pglick@pglick.com

12  Attorney for Defendant
      CIRCUIT CITY STORES, INC.
13
                 UNITED STATES DISTRICT COURT
14
                CENTRAL DISTRICT OF CALIFORNIA
15

2006 AUG -1 PM 3:45

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

EPCV. 06   4 . 0 4

16  GARY DAVIS, an individual, on behalf )   Case No.
    of himself, and as PRIVATE           )
17  ATTORNEY GENERAL, and on behalf      )
    of all others similarly situated     )   NOTICE OF REMOVAL
18                                        )
               Plaintiff,                 )
19                                        )
          v.                              )
20                                        )
    CHASE BANK U.S.A., N.A., a            )
21  Delaware corporation; CIRCUIT CITY    )
    STORES, INC., a Virginia corporation; )
22  and DOES 1 through 50, inclusive,     )
                                          )
23             Defendants.                )

24

25

26

27

28

30330596V5

1    **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

2    **DISTRICT OF CALIFORNIA:**

3          PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1332, 1367,

4    1441, 1446, 1453 and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-

5    2, § 1(a), 119 Stat. 4 (Feb. 18, 2005) (codified as amended in scattered sections of

6    28 U.S.C.), defendants Chase Bank USA, N.A. ("Chase") and Circuit City Stores,

7    Inc. ("Circuit City") (together, "Defendants"), hereby remove the action entitled

8    <u>Gary Davis v. Chase Bank U.S.A., N.A., et al.</u>, Los Angeles County Superior Court

9    Case No. BC354564 (the "Action"), to the United States District Court for the

10    Central District of California, on the following grounds:

11                    **The Removal Is Timely**

12          1.    Plaintiff Gary Davis ("Plaintiff") served the Summons and Complaint in

13    the Action on the Defendants on July 3, 2006. The Complaint was the first pleading

14    received by Defendants, through service or otherwise, setting forth the claim for

15    relief upon which the Action is based. This Notice of Removal has been filed within

16    the thirty-day timeframe and is therefore timely under 28 U.S.C. § 1446(b). A true

17    and correct copy of the Complaint in this Action is attached hereto as Exhibit A.

18          **This Court Has Removal Jurisdiction Under CAFA**

19          2.    This Court has original jurisdiction over this Action pursuant to 28

20    U.S.C. § 1332(d), and hence this Action is properly removable pursuant to 28 U.S.C.

21    § 1453(b), because:

22             a.    <u>Diversity of citizenship exists.</u>  Under CAFA, diversity is

23    satisfied when "any member of a class of plaintiffs is a citizen of a State different

24    from any defendant . . . ." 28 U.S.C. § 1332(d)(2)(A). Chase is a national bank

25    located in Delaware and therefore is a citizen of Delaware. <u>See</u> 28 U.S.C. § 1348

26    (national bank is a citizen of the state in which it is "located"); <u>Wachovia Bank, N.A.</u>

27    <u>v. Schmidt, III</u>, 126 S. Ct. 941, 952, 163 L. Ed. 2d 797 (2006) (holding that a

28    national bank is "located," for diversity jurisdiction purposes, in the state designated

- 1 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

50330596V5

1    in its articles of association as its main office). Circuit City is a Virginia corporation

2    with its principal place of business in Richmond, Virginia, and therefore is a citizen

3    of Virginia.  Plaintiff is a resident of Los Angeles, California, and a citizen of

4    California.  (Compl. ¶ 2.)

5            b.     This Action is a "class action."  A "class action," as defined by

6    CAFA, is "any civil action filed under rule 23 of the Federal Rules of Civil

7    Procedure or similar state statute or rule of judicial procedure authorizing an action

8    to be brought by 1 or more representative persons as a class action." 28 U.S.C.

9    §§ 1332(d)(1)(B), 1453(a).  Plaintiff alleges that the Action is brought on behalf of a

10    putative class consisting of:

11            All persons who, in the past four years, used their Circuit

12            City Rewards Card to

13            (a) make a Promotional Purchase in California;

14            (b) had made the minimum payment, or greater payment on

15            their prior statement closing balance ("Payment"); and

16            (c) were assessed a finance charge on their prior balance

17            without Chase having applied that Payment to their prior

18            balance because Chase Bank applied the payment to the

19            Promotional Purchase rather than to the prior balance.

20    (Compl. ¶ 11.)  Class actions are permitted under California law pursuant to

21    California Code of Civil Procedure section 382 and California Civil Code section

22    1781.

23            c.     The amount in controversy is satisfied.  The amount in

24    controversy under CAFA is satisfied "if the matter in controversy exceeds the sum or

25    value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).  For

26    purposes of determining the amount in controversy in class actions, CAFA expressly

27    requires that "the claims of the individual members shall be aggregated . . ." 28

28    U.S.C. § 1332(d)(6).  Plaintiff claims that Chase improperly applied his payment to a

-2-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1  promotional balance rather than to his regular balance, resulting in $77.25 in

2  additional finance charges in March 2006. (Compl. ¶ 25.) Plaintiff claims to have

3  been improperly billed additional finance charges in unstated amounts "on at least

4  two (2) other occasions." (Id. ¶ 27.) Plaintiff alleges that Defendants improperly

5  billed additional finance charges to other class members "in a manner similar, or

6  identical to that of Plaintiff." (Id.) Plaintiff seeks, among other things:

7  (1) compensatory damages (in the amount of the alleged improperly billed finance

8  charges); (2) restitution and disgorgement (of these and other amounts); (3) punitive

9  damages; and (4) an injunction prohibiting Chase from prioritizing the application of

10  payments to promotional balances (thus precluding Chase from collecting the finance

11  charges at issue on all future accounts). (Compl. ¶¶ 45-46, 48, 55-56, 61, 66, 68-70.)

12  Aggregating the claims of Plaintiff and the putative class, the amount in controversy

13  exceeds the sum or value of $5,000,000. See 28 U.S.C. § 1332(d)(6); see also Hunt

14  v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347, 97 S. Ct. 2434,

15  53 L. Ed. 2d 383 (1977) ("In actions seeking declaratory or injunctive relief, it is

16  well established that the amount in controversy is measured by the value of the

17  object of the litigation.") (citations omitted); Simmons v. PCR Technology, 209 F.

18  Supp. 2d 1029, 1033 (N.D. Cal. 2002) (holding that the amount in controversy may

19  include punitive damages).

20                        **Removal By Chase and Circuit City Is Proper**

21          3.       CAFA allows for the removal of class actions to federal court in

22  accordance with 28 U.S.C. § 1446, "except that such action may be removed by any

23  defendant without the consent of all defendants." 28 U.S.C. § 1453(b). Accordingly,

24  Chase and Circuit City are permitted to file this Notice of Removal without the

25  joinder or consent of any other defendant. Nevertheless, all known defendants have

26  joined in this removal.

27

28

50330596V5

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1

## Notice Has Been Effected

2      4.      A copy of this Notice of Removal is being concurrently filed with the

3  Superior Court of the State of California for the County of Los Angeles and

4  concurrently served on all counsel of record.

5  Dated:  August 1, 2006                    STROOCK & STROOCK & LAVAN LLP
                                            JULIA B. STRICKLAND
6                                           STEPHEN J. NEWMAN
                                            DAVID W. MOON
7                                           NANCY M. LEE

8

9                                          By: _____
10                                                  David W. Moon

11                                         Attorneys for Defendant
                                             CHASE BANK USA, N.A.
12

13
                                           ATTORNEY AT LAW
14  Dated:  August 1, 2006                  PETER E. GLICK, ESQ.

15

16
                                           By: _____
17                                                  Peter E. Glick

18                                         Attorney for Defendant
                                             CIRCUIT CITY STORES, INC.
19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

-4-

50330596V5