FILED COPY

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 83013)
STEPHEN J. NEWMAN (State Bar No. 181570)
DAVID W. MOON (State Bar No. 197711)
NANCY M. LEE (State Bar No. 232708)
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
Email: *lacalendar@stroock.com*

2006 AUG -1 PM 3:45

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
LOS ANGELES

BY_____

Attorneys for Defendant
  CHASE BANK USA, N.A.

ATTORNEY AT LAW
Peter E. Glick, Esq. (State Bar No. 127979)
400 Capitol Mall, Suite 1100
Sacramento, CA 95814
Telephone: 916-558-6182
Facsimile: 916-448-2434
Email: *pglick@pglick.com*

Attorney for Defendant
  CIRCUIT CITY STORES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DAVIS, an individual, on behalf of himself, and as PRIVATE ATTORNEY GENERAL, and on behalf of all others similarly situated | **Case No.** |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| CHASE BANK U.S.A., N.A., a Delaware corporation; CIRCUIT CITY STORES, INC., a Virginia corporation; and DOES 1 through 50, inclusive, | |
| Defendants. | |

EXHIBIT
C

50330596V5

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, 1453 and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 1(a), 119 Stat. 4 (Feb. 18, 2005) (codified as amended in scattered sections of 28 U.S.C.), defendants Chase Bank USA, N.A. ("Chase") and Circuit City Stores, Inc. ("Circuit City") (together, "Defendants"), hereby remove the action entitled <u>Gary Davis v. Chase Bank U.S.A., N.A., et al.</u>, Los Angeles County Superior Court Case No. BC354564 (the "Action"), to the United States District Court for the Central District of California, on the following grounds:

### The Removal Is Timely

1.      Plaintiff Gary Davis ("Plaintiff") served the Summons and Complaint in the Action on the Defendants on July 3, 2006.  The Complaint was the first pleading received by Defendants, through service or otherwise, setting forth the claim for relief upon which the Action is based.  This Notice of Removal has been filed within the thirty-day timeframe and is therefore timely under 28 U.S.C. § 1446(b).  A true and correct copy of the Complaint in this Action is attached hereto as Exhibit A.

### This Court Has Removal Jurisdiction Under CAFA

2.      This Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d), and hence this Action is properly removable pursuant to 28 U.S.C. § 1453(b), because:

a.      <u>Diversity of citizenship exists</u>.  Under CAFA, diversity is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ."  28 U.S.C. § 1332(d)(2)(A).  Chase is a national bank located in Delaware and therefore is a citizen of Delaware.  <u>See</u> 28 U.S.C. § 1348 (national bank is a citizen of the state in which it is "located"); <u>Wachovia Bank, N.A. v. Schmidt, III</u>, 126 S. Ct. 941, 952, 163 L. Ed. 2d 797 (2006) (holding that a national bank is "located," for diversity jurisdiction purposes, in the state designated

- 1 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

50330596V5

1  in its articles of association as its main office). Circuit City is a Virginia corporation

2  with its principal place of business in Richmond, Virginia, and therefore is a citizen

3  of Virginia. Plaintiff is a resident of Los Angeles, California, and a citizen of

4  California. (Compl. ¶ 2.)

5          b.     This Action is a "class action." A "class action," as defined by

6  CAFA, is "any civil action filed under rule 23 of the Federal Rules of Civil

7  Procedure or similar state statute or rule of judicial procedure authorizing an action

8  to be brought by 1 or more representative persons as a class action." 28 U.S.C.

9  §§ 1332(d)(1)(B), 1453(a). Plaintiff alleges that the Action is brought on behalf of a

10  putative class consisting of:

11                All persons who, in the past four years, used their Circuit

12                City Rewards Card to

13                (a) make a Promotional Purchase in California;

14                (b) had made the minimum payment, or greater payment on

15                their prior statement closing balance ("Payment"); and

16                (c) were assessed a finance charge on their prior balance

17                without Chase having applied that Payment to their prior

18                balance because Chase Bank applied the payment to the

19                Promotional Purchase rather than to the prior balance.

20  (Compl. ¶ 11.) Class actions are permitted under California law pursuant to

21  California Code of Civil Procedure section 382 and California Civil Code section

22  1781.

23          c.     The amount in controversy is satisfied. The amount in

24  controversy under CAFA is satisfied "if the matter in controversy exceeds the sum or

25  value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For

26  purposes of determining the amount in controversy in class actions, CAFA expressly

27  requires that "the claims of the individual members shall be aggregated . . ." 28

28  U.S.C. § 1332(d)(6). Plaintiff claims that Chase improperly applied his payment to a

- 2 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1  promotional balance rather than to his regular balance, resulting in $77.25 in

2  additional finance charges in March 2006. (Compl. ¶ 25.) Plaintiff claims to have

3  been improperly billed additional finance charges in unstated amounts "on at least

4  two (2) other occasions." (Id. ¶ 27.) Plaintiff alleges that Defendants improperly

5  billed additional finance charges to other class members "in a manner similar, or

6  identical to that of Plaintiff." (Id.) Plaintiff seeks, among other things:

7  (1) compensatory damages (in the amount of the alleged improperly billed finance

8  charges); (2) restitution and disgorgement (of these and other amounts); (3) punitive

9  damages; and (4) an injunction prohibiting Chase from prioritizing the application of

10  payments to promotional balances (thus precluding Chase from collecting the finance

11  charges at issue on all future accounts). (Compl. ¶¶ 45-46, 48, 55-56, 61, 66, 68-70.)

12  Aggregating the claims of Plaintiff and the putative class, the amount in controversy

13  exceeds the sum or value of $5,000,000. See 28 U.S.C. § 1332(d)(6); see also Hunt

14  v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347, 97 S. Ct. 2434,

15  53 L. Ed. 2d 383 (1977) ("In actions seeking declaratory or injunctive relief, it is

16  well established that the amount in controversy is measured by the value of the

17  object of the litigation.") (citations omitted); Simmons v. PCR Technology, 209 F.

18  Supp. 2d 1029, 1033 (N.D. Cal. 2002) (holding that the amount in controversy may

19  include punitive damages).

20  **Removal By Chase and Circuit City Is Proper**

21  3.    CAFA allows for the removal of class actions to federal court in

22  accordance with 28 U.S.C. § 1446, "except that such action may be removed by any

23  defendant without the consent of all defendants." 28 U.S.C. § 1453(b). Accordingly,

24  Chase and Circuit City are permitted to file this Notice of Removal without the

25  joinder or consent of any other defendant. Nevertheless, all known defendants have

26  joined in this removal.

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

50330596V5

1

## Notice Has Been Effected

2   4.    A copy of this Notice of Removal is being concurrently filed with the

3   Superior Court of the State of California for the County of Los Angeles and

4   concurrently served on all counsel of record.

5   Dated:  August 1, 2006          STROOCK & STROOCK & LAVAN LLP
                                    JULIA B. STRICKLAND
6                                   STEPHEN J. NEWMAN
                                    DAVID W. MOON
7                                   NANCY M. LEE

8

9                                   By: _____
                                            David W. Moon
10

11                                  Attorneys for Defendant
                                    CHASE BANK USA, N.A.
12

13   Dated:  August 1, 2006          ATTORNEY AT LAW
                                     PETER E. GLICK, ESQ.
14

15

16                                  By: _____ by permission
                                            Peter E. Glick
17

18                                  Attorney for Defendant
                                    CIRCUIT CITY STORES, INC.
19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

- 4 -

50330596V5

# EXHIBIT A

# EXHIBIT A



90232

1  Drew E. Pomerance, Esq. (SBN. 101239)
   Michael G. Kline, Esq. (SBN 212758)
2  Erin M. LaBrache, Esq. (SBN. 195655)
   ROXBOROUGH, POMERANCE & NYE LLP
3  5820 Canoga Avenue, Suite 250
   Woodland Hills, California 91367
4  Telephone: (818) 992-9999
   Facsimile:  (818) 992-9991

6  Attorneys for Plaintiff GARY DAVIS,
   individually and on behalf of himself, and
7  as Private Attorney General and on behalf of
   all others similarly situated

**FILED**
LOS ANGELES SUPERIOR COURT

JUN 2 6 2006

JOHN A. CLARKE, CLERK
BY ELLODE MARTINEZ, DEPUTY

*Case assigned to Judge*

D-324 Victoria Chaney

9       SUPERIOR COURT OF THE STATE OF CALIFORNIA

10        FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11              UNLIMITED JURISDICTION        D-324

| | |
|---|---|
| 12  GARY DAVIS, an individual; on behalf of<br>13  himself, and as PRIVATE ATTORNEY<br>14  GENERAL, and on behalf of all others<br>     similarly situated,<br><br>15              Plaintiff,<br><br>16  v.<br><br>17  CHASE BANK U.S.A., N.A., a Delaware<br>18  corporation; CIRCUIT CITY STORES, INC.,<br>     a Virginia corporation, and DOES 1 through<br>19  50, inclusive,<br><br>              Defendants. | Case No.  BC 354564<br><br>CLASS ACTION COMPLAINT FOR:<br><br>(1) Violation of the Consumers Legal<br>    Remedies Act;<br>(2) Violation of the *California Business and<br>    Professions Code Section* 17200 et seq.:<br>    Unlawful and Unfair Business Practices;<br>(3) Violation of *Business & Professions Code*<br>    §17500 (False Advertising);<br>(4) Fraud and Deceit;<br>(5) Breach of Contract;<br>(6) Breach of the Implied Covenant of Good<br>    Faith and Fair Dealing;<br>(7) Unjust Enrichment. |

22  Plaintiff Gary Davis, on behalf of himself and others similarly situated, for his complaint against
23  CHASE BANK U.S.A., N.A. ("Chase Bank") and CIRCUIT CITY STORES, INC. ("Circuit City"),
24  complains and alleges as follows:

25  //
26  //
27  //
28  //

1
COMPLAINT

**EXHIBIT A**

**INTRODUCTION**

1.     This case arises from Chase Bank 's fraudulent and unfair business practice of charging its California credit card holders finance charges in connection with purchases at Circuit City advertised as "no interest, no payment," "no interest with minimum monthly payment," or "interest and payment free" (collectively "Promotional Purchase"). Plaintiff, on behalf of himself and all individuals similarly situated, seeks damages and equitable relief for violations of the California Consumers Legal Remedies Act, the *California Business and Professions Code* (Unfair Business Practices and False Advertising), for fraud and deceit, and for breach of contract and breach of the covenant of good faith and fair dealing. Chase Bank's and Circuit City's fraudulent and unfair business practices violate the rights of unsuspecting California consumers throughout the state, for which California consumer protection laws were designed.

**THE PARTIES**

2.     Plaintiff, Gary Davis ("Plaintiff") is now, and at all relevant times was, a resident of the County of Los Angeles, State of California.

3.     At all relevant times, the class of Plaintiffs on behalf of which Plaintiff is bringing this suit, were residents of the State of California. Such persons shall hereinafter be referred to as the "Class" or "Class Members."

4.     Plaintiff is informed and believes, and based thereon alleges that Defendant Chase Bank is a corporation, organized and existing under the laws of the State of Delaware, duly qualified as a foreign corporation to transact business in the State of California, and doing business throughout the State of California. Plaintiff is informed and believes, and based thereon alleges, that Defendant Chase Bank is presently and/or has engaged in business in the County of Los Angeles, State of California.

5.     Plaintiff is informed and believes, and based thereon alleges that Defendant Circuit City is a Virginia corporation that owns and operates numerous retail stores in the State of California, including multiple locations in Los Angeles County.

2

COMPLAINT

EXHIBIT A

6.      At all times relevant herein, Defendants Chase Bank and Circuit City offered a credit card through Circuit City ("Circuit City Rewards Card"). The Circuit City Rewards Card conferred certain benefits to consumers who utilized the credit card to make their purchases such as earning reward points redeemable at Circuit City stores. Another benefit of the Circuit City Rewards Card was access to Defendants' advertised promotion of "no interest, no payment" for a specified period of time on certain types of Circuit City purchases. ("Promotional Purchases")

7.      Plaintiff is informed and believes, and based thereon alleges that at all times herein mentioned, Defendant Chase Bank, Defendant Circuit City and DOES 1 through 50, inclusive (hereinafter jointly referred to as "Defendants"), are each responsible in some manner for the transactions, events and occurrences herein alleged and that damages herein alleged were proximately caused thereby. Plaintiff is informed and believes, and based thereon alleges that each of the Doe Defendants was intentionally, negligently, or in some other manner the cause, or contributing cause of, or otherwise responsible for the events and happenings alleged in this complaint and for Plaintiff's injuries and damages and those of the Class. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of each such Doe Defendant, together with such additional allegations as may be appropriate, when their names, capacities, and the nature of their involvement have been ascertained.

8.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants, and each of them, were the agents, joint venturers, trustees, servants, partners, alter-egos, parent corporations, contractors, and/or employees of each of the remaining Defendants, and that the acts and/or omissions herein alleged were done by them acting individually, through such capacity or through the scope of their authority, and that such conduct was thereafter ratified by the remaining Defendants.

9.      At all relevant times, Defendants, and each of them, solicited business from residents and other individuals within the State of California, conducted business with consumers in the State of California, conducted business with Plaintiff and others similarly situated with him herein, and solicited business from Plaintiff and others similarly situated with Plaintiff, said business being the

EXHIBIT A

1  subject matter of this complaint.

2  ## CLASS ACTION ALLEGATIONS

3  10.    Plaintiff brings this class action, on behalf of himself and all others similarly situated

4  in California during all or part of the class period, as more fully explained below.  The questions of

5  law or fact common to the class predominate over questions affecting the individual members and,

6  on balance, a class action is superior to other methods available for adjudicating the controversy.

7  11.    The proposed class Plaintiff seeks to represent is presently defined as follows:

8      All persons who, in the past four years, used their Circuit City Rewards Card to

9          (a) make a Promotional Purchase in California;

10          (b) had made the minimum payment, or greater payment on their prior

11  statement closing balance ("Payment"); and

12          (c) were assessed a finance charge on their prior balance without Chase

13  having applied that Payment to their prior balance because Chase Bank applied the payment to the

14  Promotional Purchase rather than to the prior balance.

15  12.    There is a well-defined community of interest in the litigation and the proposed class

16  is easily ascertainable.

17  13.    Numerosity: The Plaintiff Class is potentially so numerous that the individual joinder

18  of all members is impracticable under the circumstances of the case.  While the exact number of

19  class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon

20  alleges that Defendants' Circuit City Reward Card Promotional Purchase program was a widespread

21  program marketed and promised to numerous individuals within the customer base of Defendants.

22  14.    Common Questions Predominate:  Common questions of law and fact exist as to all

23  class members, and predominate over any questions that affect only individual members of the class.

24  The common questions of law and fact include, but are not limited to:

25          (a)    Whether Defendants have engaged in practices proscribed by the Consumer

26  Legal Remedies Act, *Civil Code* section 1770, subsection (a)(9), by "advertising goods or

27  services with intent not to sell them as advertised";

28          (b)    Whether Defendants have engaged in practices proscribed by the Consumer

---

**4**
COMPLAINT

**EXHIBIT A**

1   Legal Remedies Act, *Civil Code* section 1770, subsection (a)(13), by "making false or

2   misleading statements of fact concerning reasons for, existence of, or amounts of price

3   reductions";

4         (c)    Whether Defendants have engaged in practices proscribed by the Consumer

5   Legal Remedies Act, *Civil Code* section 1770, subsection (a)(14), by "representing that a

6   transaction confers or involves rights, remedies or obligations which it does not have or

7   involve, or which are prohibited by law";

8         (d)    Whether Defendants have engaged in practices proscribed by the Consumer

9   Legal Remedies Act, *Civil Code* section 1770, subsection (a)(19), by "inserting an

10  unconscionable provision in the contract";

11        (e)    Whether Defendants have violated the Consumer Legal Remedies Act, *Civil*

12  *Code* section 1750 et seq., by engaging in other and/or additional practices proscribed

13  therein;

14        (f)    Whether Defendants' activities related to its solicitation for consumer

15  purchases of promotional Circuit City products with the Circuit City Rewards Card,

16  constitutes false or misleading advertising in violation of *Business and Professions Code*

17  section 17500;

18        (g)    Whether Defendants' conduct is "unlawful," "unfair" or "fraudulent" within

19  the meaning of California's Unfair Business Practices Act, *Business and Professions Code*

20  section 17200, et seq.

21        (h)    Whether in their uniform, written credit applications and marketing

22  materials, Defendants have failed to disclose material terms of Defendants' Promotional

23  Purchase offer;

24        (i)    Whether Defendants made uniform, material false representations to the effect

25  that consumers would not be charged interest on Promotional Purchases.

26  15.    Typicality: Plaintiff's claims are typical of the claims of the members of the Plaintiff

27  Class. Due to Defendants' common course of conduct, Plaintiff and all members of the Plaintiff

28  Class have been unwittingly forced to pay off the Promotional Purchases prior to the expiration of

EXHIBIT A

1   the advertised grace period for such payments and have been assessed a finance charge or charges in

2   connection with a Circuit City purchase advertised as "interest and payment free" if made with their

3   Circuit City Rewards Card.

4       16.    Adequacy: Plaintiff will fairly and adequately protect the interests of the members of

5   Plaintiff Class. Plaintiff resides in California and has been charged finance fees in connection with

6   one or more Promotional Purchases. Plaintiff has retained counsel who have substantial experience

7   in complex civil litigation and class actions.

8       17.    Superiority: The class action is superior to other available means for the fair and

9   efficient adjudication of the claims of Plaintiff. The damages suffered by each individual Class

10  Member may be limited. Damages of such magnitude are small given the burden and expense of

11  individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct.

12  Further, it would be virtually impossible for the members of the Class individually to redress

13  effectively the wrongs done to them. Even if the Class Members themselves could afford such

14  individual litigation, the court system could not. Individualized litigation presents a potential for

15  inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to

16  all parties and the court system presented by the complex legal and factual issues of the case. By

17  contrast, the class action device presents far fewer management difficulties, and provides the

18  benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

19  Certification is also appropriate given the anticipated need to create a fluid recovery fund.

20      18.    Plaintiff is unaware of any particular difficulties that are likely to be encountered in

21  the management of this action that would preclude its maintenance as a class action.

22              **GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

23      19.    Defendants solicited Plaintiff and others similarly situated to make purchases at

24  Circuit City using Defendants' Circuit City Rewards Card and in exchange for using its services,

25  Plaintiff and others similarly situated were eligible to receive an interest and payment free period in

26  which to pay off the balance on certain purchases described herein as "Promotional Purchases."

27      20.    From time to time, Defendants advertise Promotional Purchases in the Circuit City

28  Stores, Circuit City Rewards Card applications, mailers, and newspapers, among other advertising

6
COMPLAINT

EXHIBIT A

1  means. The Promotional Purchase advertisements offer "no interest, no payments" for a variable

2  period based on the amount of the purchase. For example, a Circuit City Rewards Card promotional

3  item offered to consumers in 2006, states in large writing: "No interest! No payments! For six

4  months when you spend $499 or more. For 90 days when you spend $299 or more." "It is easy to

5  take advantage of this offer! When you make a purchase with your Circuit City credit card, present

6  this certificate to the store associate to scan." (A true and correct copy of this Circuit City Rewards

7  Card promotional material is attached hereto as Exhibit A).

8      21.     Plaintiff is informed and believes and thereon alleges that this promotional material

9  as well as variations of this promotional material, advertising "no interest, no payment" for a

10  specified period of time, was provided or made available, from time to time, to each of the Class

11  Members.

12     22.     On March 3, 2006, Plaintiff purchased a television set from Circuit City, charging

13  $2,000 to his Chase Circuit City Rewards Card. Although Plaintiff did not request that this item be

14  treated as a Promotional Purchase, Defendants nevertheless automatically treated this item as a

15  Promotional Purchase, with the term of no interest with minimal payment until January 2008.

16     23.     Prior to the purchase of the subject television, Defendant Chase Bank billed Plaintiff

17  for purchases made between January 14, 2006, and February 13, 2006 ("February Statement"), on

18  his Circuit City Rewards Card. Payment was due by March 10, 2006, and if Payment was posted by

19  March 10, 2006, no finance charge should be applied because the balance would have been paid in

20  full. Alternatively, if partial Payment was made either of the minimum amount or a greater amount,

21  then a finance charge should be applied only against the remaining balance after subtracting the

22  Payment made. Plaintiff returned two items and made two on-line payments consisting of the total

23  amount owing on March 4, 2006, and March 6, 2006, thereby paying the February Statement

24  balance in full and on time.

25     24.     Based on the language appearing in each of his monthly statements, Plaintiff was

26  informed and believed that he would not be assessed a finance charge if his monthly billings were

27  paid in full, or that any finance charge would be based only on the remaining balance after any

28  partial Payment had been subtracted from the outstanding balance. Each billing statement received

---

7

COMPLAINT

EXHIBIT A

1    by Plaintiff states: "[W]e do not charge periodic finance charges on new purchases billed during the

2    billing cycle if we receive payment of your New Balance by the date and time your payment is due

3    as shown on your billing statement and we received payment of your New Balance on your previous

4    billing statement by the date and time your payment was due as shown on that billing statement."

5    (A true and correct copy of the February Statement is attached hereto as Exhibit B).

6        25.      Sometime after March 13, 2006, Plaintiff received his monthly statement from

7    Defendant Chase Bank for purchases made between February 14, 2006, and March 13, 2006

8    ("March Statement'). Although plaintiff had paid the February Statement balance in full and in a

9    timely manner, Defendant Chase Bank assessed a $77.25 finance charge which appeared on the

10    March Statement. (A true and correct copy of the March Statement is attached hereto as Exhibit C).

11        26.      Plaintiff is informed and believes, and based thereon alleges that he was assessed the

12    $77.25 finance charge because his entire February Statement Payment was applied against the

13    $2,000 Promotional Purchase, payment for which was not due, instead of to the February Statement

14    balance, thereby leaving a balance due against which finance charges were charged. The $2,000

15    charge for the television was made subsequent to the issuance of the February Statement, and no

16    Payments of any kind were due and owing for the Promotional Purchase until January 2008.

17    Nevertheless, Chase Bank allocated the entire $1,736.91 that Plaintiff paid on his February

18    Statement to the March 3, 2006, Promotional Purchase, even though, as advertised, no amounts were

19    due and owing on that item.

20        27.      Chase Bank assessed similar finance charges against Plaintiff on at least two (2) other

21    prior occasions involving the same type of Promotional Purchase, where payments were not due for

22    a specified period of time, but Chase Bank nevertheless allocated all of Plaintiff's payments to the

23    Promotional Purchase. Plaintiff is informed and believes, and based thereon alleges that thousands

24    of other similarly situated Class Members made similar types of Promotional Purchases at Circuit

25    City using Defendants' Circuit City Rewards Card, which Defendants treated as Promotional

26    Purchases subject to terms of "no interest, no payment" for a specified period of time, but were

27    thereafter charged a finance charge in a manner similar, or identical to that of Plaintiff.

28        28.      The "no interest, no payment" promotional offers fail to disclose that all payments

1 made by the consumer on his or her regular monthly statement are given priority of payment to the

2 promotional item, even if not yet billed and even if not due for many months.

3     29.     The promotional offer conveys that the consumer will receive a benefit of a grace

4 period of anywhere from a few months to two (2) years or more. Plaintiff is informed and believes,

5 and based thereon alleges, however, that the offer is a scam used to induce consumers into believing

6 that they will have an extended time period in which to pay off their Promotional Purchases, when in

7 fact, the consumer has less time to pay off the Promotional Purchases due to Defendants' practice of

8 allocating consumers' Payments as described herein.

9     30.     Plaintiff is informed and believes, and based thereon alleges that Defendant Chase

10 Bank knows of the terms and conditions of such Promotional Purchases, and that Chase Bank's

11 practice of prioritizing the allocation of credit card payments to purchases not yet due and owing is

12 deceptive, misleading, fraudulent, unfair and in violation of California law. Plaintiff further is

13 informed and believes, and based thereon alleges that Defendant Chase Bank's practice of

14 prioritizing the allocation of credit card payments to purchases advertised as "interest and payment

15 free" is especially egregious and violative of California law as this practice directly contradicts the

16 concept of "interest and payment free."

17     31.     Plaintiff, on behalf of himself and all others similarly situated, seeks damages and

18 equitable relief, including restitution, for violations of the California Consumers Legal Remedies

19 Act, the *California Business and Professions Code* (Unfair Business Practices and False

20 Advertising), Fraud and Deceit, and breach of contract and of the covenant of good faith and fair

21 dealing. On behalf of himself and the proposed Class Members, and to the extent appropriate, on

22 behalf of the general public of California, Plaintiff seeks, among other things, declaratory relief,

23 injunctive relief, equitable relief, including restitution and disgorgement, and actual and punitive

24 damages, and attorney's fees.

25 <center>**FIRST CAUSE OF ACTION**</center>

26 <center>(Violation of the Consumers Legal Remedies Act)</center>

27 <center>(Against All Defendants)</center>

28     32.     Plaintiff incorporates by reference paragraphs 1 – 31 above as though fully set forth

<center>9</center>
<center>COMPLAINT</center>

<div align="right">**EXHIBIT A**</div>

1  herein.

2      33.    Defendants are "persons" and provide "goods" and "services" within the meaning of

3  the *Civil Code* sections 1761(c) and 1770.

4      34.    Purchasers of Circuit City Promotional Purchases with the Circuit City Rewards

5  Card, including Plaintiff and Class Members, are "consumers" within the meaning of the *Civil Code*

6  section 1761(d) and 1770.  Plaintiff's and each Class Member's Promotional Purchase with the

7  Circuit City Rewards Card constitutes a "transaction" within the meaning of *Civil Code* sections

8  1761(e) and 1770.

9      35.    As set forth herein, Defendants' acts, practices, representations, omissions, and

10  course of conduct with respect to advertising and selling items as interest and payment free violates

11  section 1770 (a)(9), (13), (14), and (19) of the Consumers Legal Remedies Act in that: (a)

12  Defendants advertised goods or services with the intent not to sell them as advertised; (b)

13  Defendants made misleading statements of fact concerning reasons for, existence or amounts of

14  price reductions; (c) Defendants represented  that the transaction conferred or involved rights,

15  remedies or obligations that it did not have or involve; and (d) Defendants inserted an

16  unconscionable provision in the contract.

17      36.    This action shall constitute notice to Defendants pursuant to *California Civil Code*

18  section 1782 of the unlawful, unfair and fraudulent business practices as complained herein and

19  formal demand that Defendants: (1) cease and desist all advertising, promotional and sales activities

20  and practices described herein; (2) cease the promotion of its "interest and payment free" credit card

21  through the use of deceptive and misleading advertising devices as described herein; (3) cease the

22  practice of prioritizing the application of consumers' credit card payments to Promotional

23  Purchases; and (4) disclose to all consumers' Defendants' deceptive and illegal practices.

24      37.    Should Defendants herein fail to comply with the demands as stated above, Plaintiff

25  shall file a First Amended Complaint seeking an order, pursuant to *California Code of Civil*

26  *Procedure* section 1780 et seq.: (1) directing Defendants to cease and desist all advertising,

27  promotional and sales activities and practices described herein; (2) enjoining Defendants from the

28  promotion of its "interest and payment free" credit card through the use of deceptive and misleading

<div align="center">10</div>
<div align="center">COMPLAINT</div>

EXHIBIT A
PAGE 14

1  advertising devices as described herein; (3) directing Defendants to disgorge, for the benefit of

2  Class Members, its profits and compensation emanating from its "interest and payment free"

3  scheme, and/or make full restitution to Plaintiff and Class Members; and (4) enjoining Defendant

4  Chase Bank from prioritizing the application of consumers' credit card payments to Promotional

5  Purchases. Plaintiff's Amended Complaint shall also seek compensatory and punitive damages,

6  costs of litigation, attorneys' fees and such other relief as is authorized under applicable provisions

7  of the CLRA.

8                            **SECOND CAUSE OF ACTION**

9              (For Violation of the *California Business and Professions Code*

10            *Section* 17200 et seq.: Unlawful and Unfair Business Practices)

11                            (Against All Defendants)

12        38.     Plaintiff incorporates by reference paragraphs 1 – 37 above as though fully set forth

13  herein. Plaintiff has suffered injury in fact and has suffered financial loss as a result of Defendants'

14  conduct as alleged in this cause of action.

15        39.     Defendants' acts, conduct and practices as described herein constitute unlawful

16  business acts and practices within the meaning of *California Business and Professions Code*

17  sections 17200 et seq.

18        40.     Defendants' acts, conduct and practices were unlawful, in that Defendants violated

19  the Consumers Legal Remedies Act, as alleged herein.

20        41.     Defendants' acts, conduct and practices, as described herein, constitute unfair,

21  fraudulent, and deceptive business acts and practices within the meaning of *California Business and*

22  *Professions Code* sections 17200 et seq.

23        42.     Defendants' acts, conduct and practices, as alleged herein, were unfair, in that any

24  utility for Defendants' conduct is outweighed by the gravity of the consequences to Plaintiff, Class

25  Members, and the general public, and/or Defendants' conduct is immoral, unethical, oppressive,

26  unscrupulous or substantially injurious to Plaintiff, Class Members and the general public.

27        43.     Defendants' acts, conduct and practices, as alleged herein, were fraudulent, in that

28  they were likely to and did deceive Plaintiff, Class Members and the general public, and Defendants

---

11

COMPLAINT

EXHIBIT A
PAGE 15

1    engaged in such acts, conduct, and practices knowingly.

2        44.    Defendants' unfair, fraudulent, and deceptive business acts and practices are

3    described herein and include, but are not limited to, the following:

4            (a)    Advertising promotional items as interest and payment free when purchased

5        with a Circuit City Rewards Card when in fact, interest and finance charges were frequently

6        applied;

7            (b)    Charging a finance fee despite Payment of the monthly balance in part or in

8        full, without deducting the Payment made before assessing any finance charge; and

9            (c)    Applying monthly Payments to Promotional Purchases not yet billed or owing

10       instead of to the balance as billed in the monthly statement due.

11       45.    As a direct and proximate result of Defendants' unfair, unlawful and fraudulent

12    business practices as alleged herein, Defendants were able to: (a) issue more charge cards to Circuit

13    City customers than they otherwise would have; (b) receive more credit card purchases for Circuit

14    City products than they otherwise would have; and/or (c) charge more finance charges than they

15    otherwise would have, and accordingly, Defendants received and are in possession of excessive and

16    unjust revenues and profits.

17       46.    Plaintiff, on behalf of himself and all others similarly situated in California, and

18    where appropriate, on behalf of the general public of California, seeks an order including, but not

19    limited to (1) directing Defendants to cease and desist all advertising, promotional and sales

20    activities and practices described herein; (2) enjoining Defendants from the promotion of their

21    "interest and payment free" credit card through the use of deceptive and misleading advertising

22    devices as described herein; (3) directing Defendants to disgorge, for the benefit of Class Members,

23    their profits and compensation emanating from their "interest and payment free" scheme, and/or

24    make full restitution to Plaintiff and Class Members; and (4) enjoining Defendant Chase Bank from

25    prioritizing the application of consumers' credit card payments to Promotional Purchases.  Plaintiff

26    also seeks any other relief the Court deems acceptable, in accordance with section 17203 of the

27    Business and Professions Code.  Plaintiff also seeks costs of litigation, attorneys' fees pursuant to

28    *California Code of Civil* Procedure §1021.5, and such other relief as the Court deems proper.

# THIRD CAUSE OF ACTION

### (False Advertising, Violation of *Business & Profession Code* §17500)

### (Against All Defendants)

47.    Plaintiff incorporates by reference paragraphs 1 – 46 above as though fully set forth herein.

48.    The standardized advertising and written and oral promotional material and all other written and oral promotional efforts undertaken by Defendants constitute advertising services and commercial statements, disseminated by Defendants, which contained statements that are untrue and/or misleading, or which omitted material information, and which are known, or by the exercise of reasonable care should have been known by Defendants to be deceptive, in violation of *California Business and Professions Code* section 17500, et seq. and other similar state false advertising statutes.  Plaintiff and Class Members are accordingly entitled to equitable and injunctive relief, on behalf of themselves and all others similarly situated, and request the following equitable and injunctive relief:

(a)    That Defendants be ordered to cease and desist all advertising, promotional and sales activities and practices described herein;

(b)    That Defendants be enjoined from the promotion of its "interest and payment free" credit card through the use of deceptive and misleading advertising devices as described herein;

(c)    That Defendants be ordered to disgorge, for the benefit of Class Members, their profits and compensation emanating from its "interest and payment free" scheme, and/or make full restitution to Plaintiff and Class Members.

(d)    That Defendant Chase Bank be enjoined from prioritizing the application of consumers' credit card payments to Promotional Purchases.

//
//
//
//

13

COMPLAINT

EXHIBIT A
PAGE 17

## FOURTH CAUSE OF ACTION

### (Fraud and Deceit)

### (Against All Defendants)

49.    Plaintiff incorporates by reference paragraphs 1 – 48 above as though fully set forth herein.

50.    At various times, as set forth in this Complaint, Defendants made material and intentional misrepresentations and false promises to Plaintiff, and others similarly situated while fraudulently concealing other material facts from Plaintiff. The material, fraudulent misrepresentations, false promises, and fraudulent omissions include, but are not limited to, the following:

(a)    Uniform, written solicitations to consumers, which solicitations uniformly promised that certain promotional purchases made at Circuit City using the Circuit City Rewards Card in excess of $250 would receive an interest and payment free period in which to payoff their purchase;

(b)    Uniform failure to disclose in Defendants' written solicitations to consumers that Defendant Chase Bank would actually charge a finance charge even when customers paid their prior balance in full, or would otherwise charge a finance charge on any remaining balance without first deducting any partial Payment made;

(c)    Failure to clearly and adequately disclose that Chase Bank would allocate Payments to Promotional Purchases, even if no payments were due for many months, thus causing customers who believed they were paying their current balances to actually incur excessive finance charges.

51.    While Defendants were making the enumerated, material fraudulent and deceitful misrepresentations and omissions, they knew the true facts to be the opposite thereof.

52.    Defendants knew that each of these enumerated, material misrepresentations and omissions were deceitful and fraudulent at the time that they were made, or, at the minimum, made the fraudulent misrepresentations and omissions with a reckless disregard for the true facts.

53.    Defendants made its material fraudulent misrepresentation and fraudulently

14
COMPLAINT

EXHIBIT A
PAGE 18

1   concealed material information for the primary purposes of inducing Plaintiff and others similarly

2   situated to enter into a Circuit City Promotional Purchase using the Circuit City Rewards Card.

3   Specifically, Defendants purposefully and fraudulently concealed that Promotional Purchases were

4   given priority of payment, even if not yet billed and owing, thus making the promise of "interest and

5   payment free" illusory.

6       54.   Plaintiff and other Class Members were unaware of the true facts that were concealed

7   by Defendants' material fraudulent misrepresentations and omissions, consummated the proposed

8   Promotional Purchase, having no reason to suspect that the transactions were predicated upon such

9   material, deceitful and fraudulent misrepresentations and omissions.

10      55.   As a direct and proximate result of the events and material, deceitful and fraudulent

11   misrepresentations described herein, Plaintiff and other Class Members have been damaged as may

12   be shown according to proof at the time of trial.

13      56.   In doing the acts herein alleged, Defendants acted with malice, oppression, and fraud

14   in order to induce Plaintiff and Class Members into making Circuit City purchases with the Circuit

15   City Rewards Card pursuant to which Defendants would profit from the collection of undisclosed

16   fees. Such despicable conduct, in willful and conscious disregard of Plaintiff's rights, justifies an

17   award of exemplary damages against these Defendants in amounts as may be shown in according to

18   proof at the time of trial.

19

20                 **FIFTH CAUSE OF ACTION**

21                   (Breach of Contract)

22         (Against Defendant Chase Bank and Does 1 - 50)

23      57.   Plaintiff incorporates by reference paragraphs 1 – 56 above as though fully set forth

24   herein.

25      58.   Defendant Chase Bank offered Plaintiff and Class Members a no interest, no payment

26   grace period on Promotional Purchases made using their Circuit City Rewards Card.

27      59.   Plaintiff and Class Members made Promotional Purchases as offered by Defendant

28   Chase Bank.

60. Defendant Chase Bank breached these contracts by prioritizing the allocation of credit card Payments to purchases offered and accepted as interest and payment free ahead of non-promotional items appearing on the monthly statement. Defendant Chase Bank further breached these contracts by charging an interest fee on balances that remained due to this allocation of Payments.

61. By reason of Defendants' breach of Plaintiff's and other Class Members' respective contracts, Plaintiffs and other Class Members have been damaged in the manner set forth herein, in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

### (Against Defendant Chase Bank and Does 1 – 50)

62. Plaintiff incorporates by reference paragraphs 1 – 61 above as though fully set forth herein.

63. Every contract imposes upon each party a duty of good faith and fair dealing in its performance. The Promotional Purchases made by Plaintiff and Class Members with their Circuit City Rewards Card contained an implied covenant of good faith and fair dealing. The covenant requires that neither party to the Promotional Purchase agreement do anything to infringe upon the other party's rights to the benefits of the agreement.

64. Defendant Chase Bank's conduct, as set forth herein, has breached each of the implied covenants of good faith and fair dealing.

65. For example, Defendant Chase Bank has materially breached the implied covenant of good faith and fair dealing by:

(a) Promising purchasers of Circuit City Promotional Purchases they would receive a payment free period in which to payoff their purchase, when, in fact, Defendant Chase Bank prioritized the allocation of Payments to Promotional Purchases;

(b) Promising purchasers of Circuit City Promotional Purchases they would receive an interest free period in which to payoff their purchase, when, in fact, Defendant

1   Chase Bank charged interest fees in connection with Promotional Purchases.

2   66.   As a direct result of material breaches of the implied covenant of good faith and fair

3   dealing by Defendants, as set forth herein, Plaintiffs have been damaged as may be shown according

4   to proof at the time of trial.

5

6   ## SEVENTH CAUSE OF ACTION

7   (For Unjust Enrichment)

8   (Against Defendant Chase Bank and Does 1- 50)

9   67.   Plaintiff incorporates by reference paragraphs 1 – 66 above as though fully set forth

10   herein.

11   68.   As set forth fully herein, Defendants were not and are not entitled to a finance fee in

12   connection with Promotional Purchases.

13   69.   Thus, Defendants have retained and continue to retain money belonging to Plaintiff

14   and the Class Members.

15   70.   If Defendants are permitted to retain this money, they will be unjustly enriched at the

16   Plaintiffs' expense.

17

18   **WHEREFORE**, Plaintiff, on Plaintiff's own behalf and on behalf of the Class Members,

19   prays for judgment as follows:

20   1.   For an order certifying the Plaintiff Class and appointing Plaintiff and his counsel to

21   represent the Class;

22   2.   For an order awarding compensatory damages in an amount which may be proven at

23   trial, together with interest thereon;

24   3.   For an order awarding restitution and/or disgorgement and other equitable relief as

25   the Court deems proper;

26   4.   For an order awarding exemplary damages in an amount to deter and punish;

27   5.   For an order awarding pre-judgment and post-judgment interest, as well as their

28   reasonable attorneys' and experts' witness fees and other costs;

1  reasonable attorneys' and experts' witness fees and other costs;

2      6.      For an order enjoining Defendants from continuing to engage in unfair business

3  practices and false advertising; and,

4      7.      For an order awarding such other and further relief as this Court may deem just and

5  proper.

6

7  DATED: June 26, 2006                    ROXBOROUGH, POMERANCE & NYE LLP

8

9                                          By: _____

10                                         DREW E. POMERANCE
                                           MICHAEL G. KLINE
11                                         ERIN M. LaBRACHE
                                           Attorneys for Plaintiff GARY DAVIS,
12                                         individually and on behalf of himself, and
                                           as Private Attorney General and on behalf of
13                                         all others similarly situated

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          18
                                        COMPLAINT

EXHIBIT A





EXH A



4104140014934039000011000000275265

CHASE CARDMEMBER SERVICE
PO BOX 100044
KENNESAW, GA 30156-9244

CHASE CARDMEMBER SERVICE
PO BOX 94010
PALATINE, IL 60094-4010

GARY J DAVIS

| ACCOUNT # | |
| --- | --- |
| NEW BALANCE | $2,752.69 |
| PAYMENT DUE DATE | 03/10/06 |
| MINIMUM PAYMENT DUE | $110.00 |

MAKE CHECKS PAYABLE TO CHASE
AMOUNT ENCLOSED

PLEASE INDICATE ANY CHANGE TO ADDRESS OR TELEPHONE BELOW OR VISIT WWW.CIRCUITCITYREWARDS.COM

**BALANCE SUMMARY**

| | |
| --- | --- |
| Previous Balance | $1,466.86 |
| Payments and Credits | $1,781.13 |
| Cash Advances | $0.00 |
| Purchases/Adjustments | $2,956.45 |
| FINANCE CHARGES | $42.37 |
| New Balance | $2,752.68 |

**ACCOUNT INFORMATION**

| | |
| --- | --- |
| Statement Closing Date | 02/13/06 |
| Days in Billing Cycle | 31 |
| New Balance | $2,752.68 |
| Credit Line | $8,000.00 |
| Available Credit | $5,247.32 |
| Available Cash Advance * | $1,900.00 |

ACCOUNT #

Payment Due Date
MINIMUM PAYMENT DUE $110.00

CALL 1-888-532-7567 TO MAKE YOUR
PAYMENT OVER THE PHONE OR
VISIT US ONLINE AT
WWW.CIRCUITCITYREWARDS.COM

**TRANSACTION DETAIL**

| Posting | Transaction Date | Reference Number | Transactions | Charges & Credits |
| --- | --- | --- | --- | --- |
| | 01/12 | 801127517191157 | SOUPLANTATION #17   LOS ANGELES CA | 11.24 |
| | 01/12 | 801334954161898 | RALPHS 60294   8#4 CULVER CITY CA | 7.80 |
| | 01/14 | 03877180548970000 | CIRCUIT CITY PURCHASE | 933.63 |
| | | | 121 20" AND LARGER TVS | |
| | 01/14 | 801573010027552B | ROLL N RYE   CULVER CITY CA | 13.78 |
| | 01/14 | 601507621448890199 | CARY PHOTO LAB   CULVER CITY CA | 23.59 |
| | 01/17 | 7083000000000000 | CIRCUIT CITY PURCHASE | 6.81 |
| | | | 386 COMPUTER MEDIA | |
| | | | 077 DVD SOFTWARE | |
| | 01/19 | 901911800010172 | EAST WIND 4   CULVER CITY CA | 18.54 |
| | 01/16 | 801602000003863 | SUBWAY SANDWICHES #   LOS ANGELES CA | 5.38 |
| | 01/16 | 801730738700308 | BURGER KING # 6219 O07  LOS ANGELES CA | 2.46 |
| | 01/16 | 801774864440174 | RITE AID STORE 6444   LOS ANGELES CA | 3.91 |
| | 01/16 | 801613891801123 | EL POLLO LOCO 3301   LOS ANGELES CA | 7.66 |
| | 01/19 | 801882269533101 | LA TIMES SUB/ 1379840019  800-528-4637 CA | 107.03 |
| | 01/19 | 801801800053376 | BUFFET CITY   LOS ANGELES CA | 14.80 |
| | 01/18 | 801988019289105 | SMART & FINAL CO.   WEST LOS ANGCA | 17.21 |
| | 01/20 | 602317724010240 | DOMINO'S PIZZA #95306   LOS ANGELES CA | 77.71 |
| | 01/20 | 6020023488110B | BRT PROS   626-5982222 CA | 428.00 |
| | 01/24 | 602800240346443 | 8 DE MAYO TACOS   CULVER CITY CA | 8.77 |
| | 01/25 | 7075300000000000 | CIRCUIT CITY PURCHASE | 1.62 |
| | | | 386 COMPUTER MEDIA | |
| | 01/25 | 213080000000000 | CIRCUIT CITY PURCHASE | 63.24 |
| | | | 142 DIGITAL VIDEO | |
| | 01/25 | 602800013801057B | HNPONECALL ELECTRONICS  800-340-4778 WA | 264.02 |
| | 01/25 | 60287100804032164 | DEANYS INC   CULVER CITY CA | 7.48 |
| | 01/25 | 60263801433881B2 | OFFICE DEPOT #661   CULVER CITY CA | 34.84 |
| | 01/25 | 602870108820484 | HUB SZECHWAN   310-8370362 CA | 30.90 |
| | 01/27 | 602613028318648B | NEW PANDA BUFFET   LOS ANGELES CA | 20.59 |

EXPLANATION OF CODES ON REVERSE
LABLE CASH ADVANCE IS INCLUDED IN AVAILABLE CREDIT LIMIT
ABBREVIATIONS: "P" = Payment   "#" = Credit

MAIL BILLING AND OTHER INQUIRIES TO:
CHASE CARDMEMBER SERVICE
PO BOX 15046
KENNESAW, GA 30156-0046
See form on reverse side.

CHASE ○                    EXH B



Customer Name
GARY J DAVIS

Account Number ...4059

Page 3 of 3

Payment Tips
- Call 1-866-152-7307 to make your payment over the phone! (A small fee will apply.)
- Mail your payment 7-10 days in advance of your payment due date to allow for mail delivery.
- Checks should be made payable to Chase.
- Write your account number on your check or money order.
- Include the payment coupon with your payment in the envelope provided.
- Written correspondence should be sent to:

**CHASE CARDMEMBER SERVICE**
**PO BOX 100044**
**KENNESAW, GA 30156-9244**

As a Valued Cardmember, you can claim high-quality merchandise from top brands such as Lenox, Harley-Davidson, Cross and many more! Just go to www.rewardcenter.com and enter 187511 where it asks for your certificate number. These products are not available to the general public, so act now!

Redeem your rewards points today and use your Rewards Certificates towards your next purchase at Circuit City. For every 500 points you earn, you'll receive a $5 Rewards Certificate. Just visit circuitcityrewards.com anytime to check your point balance and redeem for Rewards Certificates.

**REWARDS POINTS SUMMARY**

Your Circuit City Rewards ID Number is

| | |
|---|---|
| The number of Rewards Points you have earned (through 02/13/2006) | 53,171 |
| The total number of Rewards Points that are available for you to redeem | 1,899 |
| The number of Rewards Points that are pending in your account | 472 |

**FINANCE CHARGE SUMMARY**

| | # | Average Daily Balance | Daily Periodic Rate | Corresponding Annual Percentage Rate | Periodic FINANCE CHARGE | ANNUAL PERCENTAGE RATE | |
|---|---|---|---|---|---|---|---|
| Purchases A | | $2,312.92 | 0.0652% | 23.76% | $48.74 | 24.94% | SEE REVERSE SIDE FOR IMPORTANT INFORMATION |
| Purchases B | | $1,781.82 | 0.0649% | 23.64% | $35.63 | | |
| Cash Advances C | | $0.00 | 0.0761% | 27.79% | $0.00 | | |

* PERIODIC RATE MAY VARY FROM MONTH TO MONTH

SEE EXPLANATION OF CODES ON REVERSE
AVAILABLE CREDIT: BALANCE IS INCLUDED IN AVAILABLE CREDIT LIMIT
ABBREVIATIONS ("p/y" = Payment, "x" = Credit
For 24 hour automated information call 1-800-532-7097
Customer Service Advisors are available Monday - Friday 10am - 6pm ET
to report your credit card lost or stolen 24 hours a day call (800) 955-4142
for T.D.D. (Telephone Device for the Hearing Impaired), call (800) 926-1794

MAIL BILLING AND OTHER INQUIRIES TO:
CHASE CARDMEMBER SERVICE
PO BOX N0040
KENNESAW, GA 30164-0046
See back on reverse side.

**CHASE**

**EXHIBIT A**




4104140014934039000011900000 4497579

CHASE CARDMEMBER SERVICE
PO BOX 100044
KENNESAW, GA 30156-9244

| | |
|---|---|
| ACCOUNT # | |
| NEW BALANCE | $4,497.57 |
| PAYMENT DUE DATE | 04/07/06 |
| MINIMUM PAYMENT DUE | $119.00 |

CHASE CARDMEMBER SERVICE
PO BOX 94010
PALATINE, IL 60094-4010

GARY J DAVIS

MAIL CHECK TO:

MAKE CHECKS PAYABLE TO CHASE

$ _____
AMOUNT ENCLOSED

PLEASE INDICATE ANY CHANGE TO ADDRESS OR TELEPHONE BELOW OR VISIT WWW.CIRCUITCITYREWARDS.COM

Street Address _____   Home Telephone ( )
City-State-Zip _____   Business Telephone ( )   ☑ Detach Here

---

**BALANCE SUMMARY**

| | |
|---|---|
| Previous Balance | $2,792.68 |
| Payments and Credits | $2,792.68 |
| Cash Advances | $0.00 |
| Purchases/Adjustments | $4,420.32 |
| FINANCE CHARGES | $77.25 |
| New Balance | $4,497.57 |

**ACCOUNT INFORMATION**

| | |
|---|---|
| Statement Closing Date | 03/13/06 |
| Days in Billing Cycle | 28 |
| New Balance | $4,497.57 |
| Credit Line | $6,000.00 |
| Available Credit | $1,502.43 |
| Available Cash Advance** | $1,502.43 |

| | |
|---|---|
| ACCOUNT # | |
| Payment Due Date | 04/07/06 |
| MINIMUM PAYMENT DUE | $119.00 |

CALL 1-866-823-7587 TO MAKE YOUR
PAYMENT OVER THE PHONE OR
VISIT US ONLINE AT
WWW.CIRCUITCITYREWARDS.COM

---

**PROMOTIONAL SUMMARY**

| Outstanding Promotions | Average Daily Balance | Deferred Average Daily Balance | Daily Periodic Rate*** | Corresponding Annual Percentage Rate | Periodic FINANCE CHARGE | Accumulated Deferred Finance Charges | Promotional Payoff Balance | Promotional Ending Date |
|---|---|---|---|---|---|---|---|---|
| CCP 22 MOS NMP | $218.00 | 0.0657% | | 23.99% | $3.99 | $363.00 | 01/14/2008 |

YOUR ACCOUNT BALANCE MAY CONTAIN PURCHASES THAT REQUIRE A MINIMUM MONTHLY PAYMENT BY THE DUE DATE ON THIS STATEMENT. PLEASE REFER TO THE MINIMUM PAYMENT DUE FOR THAT AMOUNT. ACCUMULATED DEFERRED FINANCE CHARGES WILL BE WAIVED IF YOUR PROMOTIONAL BALANCE(S) IS PAID IN FULL BY THE PROMOTIONAL END DATE SHOWN IN THE PROMOTIONAL SUMMARY SECTION. THE PROMOTIONAL END DATE MAY DIFFER FROM YOUR DUE DATE.

---

**TRANSACTION DETAIL**

| Posting Date | Transaction Date | Reference Number | Transactions | Charges & Credits ◆ |
|---|---|---|---|---|
| | | | **Purchases** | |
| 14 | 02/13 | 90442290108336975 | BEST BUY   00023839   W HOLLYWOOD CA | 1,795.95 |
| 14 | 02/12 | 90448204414473768 | SMART & FINAL CO.   WEST LOS ANGELES CA | 17.21 |
| 14 | 02/12 | 90448600033612934 | ASIAN KITCHEN   CULVER CITY CA | 9.71 |
| 15 | 02/13 | 90482077895903576 | BURGER KING # 8216 0257   LOS ANGELES CA | 3.76 |
| 16 | 02/14 | 90448600002378183 | QUIZNO'S VENICE & ROBERTSCULVER CITY CA | 7.39 |
| 17 | 02/16 | 90476803116216228 | PIZZA HUT   07009815   CULVER CITY CA | 14.60 |
| 20 | 02/17 | 90448122022011284 | NORM'S LA CIENEGA #69   LOS ANGELES CA | 13.28 |
| 20 | 02/16 | 90506480000385176 | SUPER STAR BUFFET RESTAURCULVER CITY CA | 16.75 |
| 20 | 02/18 | 90583518311823527 | RALPHS #0264   #F4   CULVER CITY CA | 12.76 |
| 21 | 02/20 | 90512884111972834 | BEST BUY   00023839   W HOLLYWOOD CA | 8.65 |
| 22 | 02/21 | 48960000000000000 | CIRCUIT CITY CREDIT PURCHASE | 2.34cr |
| | | | 142 DIGITAL VIDEO | |

EXPLANATION OF CODES ON REVERSE.
◆ABLE CASH ADVANCE IS INCLUDED IN AVAILABLE CREDIT LIMIT
◆VARIATIONS: "p" = Payment, "cr" = Credit
**REFER TO STATEMENT FOR SPECIAL PURCHASES ON REVERSE.

MAIL BILLING AND OTHER INQUIRIES TO:
CHASE CARDMEMBER SERVICE
PO BOX 100044
KENNESAW, GA 30156-9244
See form on reverse side.

CHASE

EXH C

  031308 Statement



**Customer Name**
GARY J DAVIS

Account Number
...4039 ◆

Page 2 of 3

**Payment Tips**
> Call 1-366-522-7367 to make your payment over the phone! (A small fee will apply.)
> Mail your payment 7-10 days in advance of your payment due date to allow for mail delivery.
> Checks should be made payable to Chase.
> Write your account number on your check or money order.
> Include the payment coupon with your payment in the envelope provided.
> Written correspondence should be sent to:

CHASE CARDMEMBER SERVICE
PO BOX 100044
KENNESAW, GA 30156-9244

| Posting Date | Transaction Date | Reference Number | Transactions | Charges & Credits |
|---|---|---|---|---|
| 02/22 | 02/20 | 8052118050150573 | WOK ON FIRE INC        LOS ANGELES CA | 26.17 |
| 02/22 | 02/20 | 6052363117291964 | COMPUSA/GOOD GUYS #746  LOS ANGELES CA | 161.54 |
| 02/22 | 02/20 | 8052207599700366 | BURGER KING #8216 Q07  LOS ANGELES CA | 2.48 |
| 02/23 | 02/21 | 8053264323115341 | KFC 2810082   28100838  CULVER CITY CA | 4.85 |
| 02/23 | 02/21 | A899889004697200 | CIRCUIT CITY CREDIT PURCHASE | 833.53cr |
|  |  |  | 121 30" AND LARGER TV'S |  |
| 02/24 | 02/23 | 8054000094427850 | TWX*PWR808*MAGAZINE P&H  877-812-0001 NY | 2.00 |
| 02/24 | 02/23 | 8055471009800020 | TASTE OF INDIA - C   CULVER CITY CA | 14.27 |
| 02/27 | 02/22 | 8055135011473500 | EZ NEW WEB LAUNDROMAT   CULVER CITY CA | 5.45 |
| 02/27 | 02/23 | 8055690551481834 | SMART & FINAL CO.    WEST LOS ANGECA | 42.10 |
| 02/27 | 02/24 | 8056628028800196 | PAPA JOHN'S PIZZA #2380  LOS ANGELES CA | 19.73 |
| 02/27 | 02/24 | 8056228239000476 | PAPA JOHN'S PIZZA #2380  LOS ANGELES CA | 2.00 |
| 02/28 | 02/26 | 8055191913692422 | IHOP 8792       LOS ANGELES CA | 12.07 |
| 02/28 | 02/27 | 8056123365012788 | GABY'S MEDITERRANEAN R  LAS ANGELES CA | 17.70 |
| 03/01 | 02/27 | 8059783000102064 | JITB #6283   00002831  LOS ANGELES CA | 2.16 |
| 03/01 | 02/27 | 8056767098820476 | HUS SZECHWAN    LOS ANGELES CA | 22.94 |
| 03/01 | 02/27 | 8052207698700437 | BURGER KING 8 #8216 Q07  LOS ANGELES CA | 2.48 |
| 03/02 | 03/02 | 8061000257186383 | XM *SATELLITE RADIO   800-XMRADIO OC | 16.04 |
| 03/08 | 03/08 | 021102200489900 | CIRCUIT CITY PURCHASE | 2,000.00 |
|  |  |  | 126 PLASMA TV |  |
|  |  |  | 127 MOUNTS |  |
| 3/09 | 03/07 | 8067197310661034 | PANDA EXPRESS 0008168  CULVER CITY CA | 6.32 |
| 3/09 | 03/07 | 8067386796763653 | RALPHS #0098    #F4  CULVER CITY CA | 25.43 |
| 3/10 | 03/07 | 8068442546100024 | INDUSTRY CAFE AND    CULVER CITY CA | 9.75 |
| 3/10 | 03/08 | 8069226915400299 | KRISTINA II ITALIAN   LOS ANGELES CA | 15.27 |
| 3/13 | 03/08 | 8069386348919784 | AUTOZONE #6433    LOS ANGELES CA | 4.32 |
| 3/13 | 03/10 | 8069386036929554 | RALPHS #0098    #F4  CULVER CITY CA | 3.46 |
| 3/13 | 03/10 | 8069320079900237 | 70/20 VIDEO #12   LOS ANGELES CA | 12.89 |
| 3/13 | 03/10 | 8070296111693272 | BEST BUY   00001762  CULVER CITY CA | 38.06 |
| 3/13 | 03/10 | 8070296111993322 | BEST BUY   00001762  CULVER CITY CA | 40.86 |
| 3/13 | 03/10 | 8070311834001086 | BAJA FRESH 10142    CULVER CITY CA | 7.63 |
| 3/13 | 03/11 | 8071003108490086 | BESTBUY.COM   888040  888-BESTBUY MN | 20.64 |
| 3/13 | 03/12 | 8072120073620879 | NEW PANDA BUFFET    LOS ANGELES CA | 10.88 |
| 3/13 | 03/13 |  | PURCHASE FINANCE CHARGE* | 77.26 |
|  |  |  | Payments/Credits |  |
| 3/06 | 03/04 | 8055001000000010 | ONLINE PMT RCVD-THANK YOU | 1,006.00py |
| 3/07 | 03/05 | 8055001000000019 | ONLINE PMT RCVD-THANK YOU | 730.91py |

**IMPORTANT INFORMATION:**

***ATTENTION***
R ACCOUNT IS IN DISPUTE FOR $394.43, THIS AMOUNT HAS NOT BEEN INCLUDED IN THE FINANCE CHARGE OR MINIMUM PAYMENT
CULATIONS.

EXPLANATION OF CODES ON REVERSE
ABLE CASH ADVANCE IS INCLUDED IN AVAILABLE CREDIT LIMIT
RIVATIONS : "py" = Payment, "cr" = Credit
REFER TO INTEREST FREE SPECIAL PURCHASES ON REVERSE

MAIL BILLING AND OTHER INQUIRIES TO:
CHASE CARDMEMBER SERVICE
PO BOX 100044
KENNESAW, GA 30156-9244
See back or reverse side.

CHASE ○

 



**Customer Name**
GARY J DAVIS

**Account Number**
XXXXXXXXXXXX4039

Page 3 of 3

**Payment Tips**

> Call 1-866-522-7307 to make your payment over the phone! (A small fee will apply.)
> Mail your payment 7-10 days in advance of your payment due date to allow for mail delivery.
> Checks should be made payable to Chase.
> Write your account number on your check or money order.
> Include the payment coupon with your payment in the envelope provided.
> Written correspondence should be sent to:

CHASE CARDMEMBER SERVICE
PO BOX 100044
KENNESAW, GA 30156-9244

Use your Circuit City credit card and take advantage of special financing
promotions available at your local Circuit City stores!

As a Valued Cardmember, you can claim high-quality merchandise
from top brands such as Lenox, Harley-Davidson, Cross and many
more! Just go to www.rewardcenter.com and enter 157511 where
it asks for your certificate number. These products are not
available to the general public, so act now!

Redeem your rewards points today and use your Rewards Certificates towards
your next purchase at Circuit City. For every 500 points you earn, you'll
receive a $5 Rewards Certificate. Just visit circuitcityrewards.com anytime
to check your point balance and redeem for Rewards Certificates.

**REWARDS POINTS SUMMARY**

Your Circuit City Rewards ID Number is

| | |
|---|---|
| The number of Rewards Points you have earned (through 03/10/2008) | 80,421 |
| The total number of Rewards Points that are available for you to redeem | 1,780 |
| The number of Rewards Points that are pending in your account | -2,389 |

**FINANCE CHARGE SUMMARY**

| # | Average Daily Balance | Daily Periodic Rate*** | Corresponding Annual Percentage Rate | Periodic FINANCE CHARGE | ANNUAL PERCENTAGE RATE | |
|---|---|---|---|---|---|---|
| Purchases A | $4,232.36 | 0.0652% | 23.79% | $77.25 | 23.79% | SEE REVERSE SIDE FOR IMPORTANT INFORMATION |
| Purchases B | $0.00 | 0.0652% | 23.79% | $0.00 | | |
| Cash Advances C | $0.00 | 0.0761% | 27.79% | $0.00 | | |

PERIODIC RATE MAY VARY FROM MONTH TO MONTH

E EXPLANATION OF CODES ON REVERSE
VIABLE CASH ADVANCE IS INCLUDED IN AVAILABLE CREDIT LIMIT
ABBREVIATIONS : "P" = Purchase, "W" = Credit
24 hour telephone information call 1-866-522-7307
senior Service Advisors are available Monday - Friday 10am - 9pm ET
report your credit card lost or stolen 24 hours a day call (866) 564-4142
T.D.D. (Telephone Device for the Hearing Impaired), call (800) 528-1764
REFER TO INTEREST FREE SPECIAL PURCHASES ON REVERSE.

MAIL BILLING AND OTHER INQUIRIES TO:
CHASE CARDMEMBER SERVICE
PO BOX 30045
KENNESAW, GA 30156-9245
See form on reverse side.

CHASE

**EXHIBIT A**
**PAGE 28**

## PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       )    ss.
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California 90067-3086.

On August 1, 2006, I served the foregoing document(s) described as: **NOTICE OF REMOVAL**, on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Drew E. Pomerance, Esq.                    Peter E. Glick, Esq.
Michael G. Kline, Esq.                     Attorney at Law
Erin M. LaBrache, Esq.                     400 Capitol Mall, Suite 1100
ROXBOROUGH, POMERANCE                      Sacramento, CA 95814
& NYE LLP                                  Tel: (916) 558-6182
5820 Canoga Avenue, Suite 250              Fax: (916) 448-2434
Woodland Hills, CA 91367
Tel: (818) 992-9999
Fax: (818) 992-9991

☐    **(VIA PERSONAL SERVICE)** By causing to be delivered the document(s) listed above to the person(s) at the address(es) set forth above.

☐    **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☐    **(VIA FACSIMILE)** By causing such document to be delivered to the office of the addressee via facsimile.

☒    **(VIA OVERNIGHT DELIVERY)** By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 1, 2006, at Los Angeles, California.

Sue Turner                                 _STurner_
[Type or Print Name]                       [Signature]

50330596V5