**KUTAK ROCK LLP**
Michael A. Condyles (Va. Bar No. 27807)
Kimberly A. Pierro (Va. Bar No. 71362)
Bank of America Center
1111 East Main Street, 8th Floor
Richmond, Virginia 23219
Telephone: (804) 343-5227
Facsimile: (804) 783-6192

**STROOCK & STROOCK & LAVAN LLP**
Julia B. Strickland (*pro hac vice* to be filed)
Stephen J. Newman (*pro hac vice* to be filed)
David W. Moon (*pro hac vice* to be filed)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959

Attorneys for Chase Bank USA, N.A.

Hearing Date: October 7, 2009 at 2:00 p.m.
Objection Deadline: October 5, 2009 at 5:00 p.m.

### IN THE UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>CIRCUIT CITY STORES, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-35653 (KRH)<br><br>Jointly Administered |

### MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL AND NOTICE OF MOTION AND NOTICE OF HEARING

Chase Bank USA, N.A., on its own behalf and as successor by merger to Bank One Delaware, N.A. ("Chase"), by and through its undersigned counsel, respectively submits this motion (the "Motion") for entry of an order pursuant to section 107(b)(1) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure authorizing Chase to file certain documents under seal. In support of this Motion, Chase respectfully represents as follows:

4837-2171-4436.1

## Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4. On November 10, 2008, (the "Petition Date") Circuit City Stores, Inc., as debtor and debtor-in-possession herein (the "Debtor") filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. The Debtor has continued in possession of its property and has continued to operate and manage its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

6. No trustee or examiner has been appointed in these Chapter 11 cases and no committees have yet been appointed or designated.

7. Chase and the Debtors entered into a *Purchase and Sale Agreement By And Among Circuit City Stores, Inc., First North American National Bank, Tyler International Funding, Inc. and Bank One, Delaware, National Association*, dated as of January 16, 2004 ("PSA"). The PSA contains sale terms, including purchase price, purchase price adjustments, and details regarding the rights and remedies of the parties to the agreement.

8. Chase and the Debtors further entered into a *Consumer Credit Card Program Agreement By And Between Circuit City Stores, Inc. And Bank One, Delaware, N.A.* (the "Consumer Credit Card Program Agreement," and together with the PSA, the "Agreements").

4837-2171-4436.1                              2

The Consumer Credit Card Program Agreement contains proprietary information regarding the terms of credit card use and operating procedures thereunder.

9. Chase has filed contemporaneously with this Motion a *Response to Debtors' Thirty-First Omnibus Objection to Claims (Disallowance of Certain Legal Claims), in Regard to Claim No. 7065* (the "Response"). The Response references a declaration that includes that PSA and the Consumer Credit Card Program Agreement. To the extent the Agreements are necessary at any hearing on the Response, Chase seeks to retain the Agreements' confidential nature and protect the proprietary information contained therein and ask this Court to allow the filing of the Agreements under seal.

## Legal Analysis

10. The Court is authorized to issue orders to protect entities from potential harm caused by the disclosure of confidential information under § 107(b) of the Bankruptcy Code, which provides that the court may "protect an entity with respect to a trade secret or confidential research, development or commercial information."

11. Similarly, Rule 9018 of the Federal Rules of Bankruptcy provides that a court may issue an order to protect "any entity in respect of a trade secret or other confidential research, development or commercial information . . ."

12. Under 107(b), "[t]he court determines whether the subject documents falls within the provisions of § 107(b) and the appropriate protective remedy if they do." *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996) *citing In re Phar-Mor, Inc.*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). If the documents fall within one of the exceptions of § 107(b), the bankruptcy court *shall* offer protection. *See In re Food Mgmt.*, 359 B.R. 543, 554 (Bankr. S.D.N.Y. 2007). To that end, the courts have held that if the document qualifies for an

exception, "protection is required rather than simply left to the discretion of the bankruptcy court." *Id.*

13. The courts have defined commercial information as information which would cause "'an unfair advantage to competitors by providing them information as to the commercial operations [of a business].'" *In re Orion Pictures Corp.*, 21 F.3d 24 (2nd Cir. 1994). The courts do not, however, require that the commercial information rise to the level of "trade secrets." *See Id.* at 28.

14. The Agreements contain confidential and proprietary information regarding Chase's business model, business practices, and specifies specific business arrangements made with the Debtors and public disclosure of such information would allow other competitors to obtain an unfair advantage.

15. Due to the commercial nature of the Agreements, Chase respectfully submits that these documents qualify for a § 107(b) exception and as such, the relief requested should be granted. No alternative method would adequately protect the confidential and proprietary business information contained in the Agreements.

16. A copy of the Agreements will be provided to the Debtors' counsel and Chase will deliver a copy of the Agreements to chambers for in camera review by the Court and to the Office of the United States Trustee for the Eastern District of Virginia.

## Waiver of Memorandum of Law

17. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth herein, Chase requests that the requirement that all motions be accompanied by a separate memorandum of law be waived.

**WHEREFORE**, Chase respectfully requests that this Court enter an Order (A) authorizing Chase to file the confidential Agreements under seal; and (B) granting such other information and further relief as this Court deems appropriate.

## NOTICE OF MOTION AND NOTICE OF HEARING

**PLEASE TAKE NOTICE THAT** Chase has filed the above Motion in this case. *Your rights may be affected.* You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one). If you do not want the Court to grant the relief sought in the motion, or if you want the Court to consider your views, then on or before two (2) business days before the hearing referenced below that has been scheduled on the motion, you or your attorney must:

1. File with the Court, at the address shown below, a written response. If you mail your response to the court for filing, you must mail it early enough so that the court will receive it on or before the date stated above.

2. Your mailing should be directed to:

> Clerk of the Court
> United States Bankruptcy Court
> 701 E. Broad Street
> Suite 4000
> Richmond, VA 23219

3. You must also mail a copy to:

> Michael A. Condyles, Esq.
> Kutak Rock, LLP
> 1111 East Main Street, Suite 800
> Richmond, VA 23219
>
> Robert B. Van Arsdale, Trustee
> Office of the U. S. Trustee

4837-2171-4436.1

5

701 East Broad Street, Suite 4304
Richmond, VA 23219

4. You must also attend the hearing to consider the relief sought in addition to filing a written objection. If you fail to file timely a written response and to attend the hearing, the Court may consider any objection you may have waived and enter an Order granting the relief requested. The hearing is scheduled for **October 7, 2009 at 2:00 p.m.** at the United States Bankruptcy Court, 701 E. Broad Street, Courtroom 5000, Richmond, VA 23219.

Dated: Richmond, Virginia
September 15, 2009

Respectfully submitted,

By: /s/ Michael A. Condyles
**KUTAK ROCK LLP**
Michael A. Condyles (Va. Bar No. 27807)
Kimberly A. Pierro (Va. Bar No. 71362)
Bank of America Center
1111 East Main Street, 8th Floor
Richmond, Virginia 23219
Telephone: (804) 343-5227
Facsimile: (804) 783-6192

**STROOCK & STROOCK & LAVAN LLP**
Julia B. Strickland (*pro hac vice* to be filed)
Stephen J. Newman (*pro hac vice* to be filed)
David W. Moon (*pro hac vice* to be filed)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959

Attorneys for Chase Bank USA, N.A.

4837-2171-4436.1

6

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 15, 2009, a true and exact copy of the foregoing was served via ECF notification or by overnight delivery to the following necessary parties defined as the Core Group in the case management order entered November 13, 2008: (i) the Debtors and counsel for the Debtors, (ii) the Office of the United States Trustee for the Eastern District of Virginia, (iii) counsel to the Official Committee of Unsecured Creditors, (iv) counsel to the agents for the Debtors' pre-petition lenders, and (v) counsel to the agents for the Debtors' post-petition lenders.

By: /s/ Michael A. Condyles
**KUTAK ROCK LLP**
Michael A. Condyles (Va. Bar No. 27807)
Kimberly A. Pierro (Va. Bar No. 71362)
Bank of America Center
1111 East Main Street, 8th Floor
Richmond, Virginia 23219
Telephone: (804) 343-5227
Facsimile: (804) 783-6192


**STROOCK & STROOCK & LAVAN LLP**
Julia B. Strickland (*pro hac vice* to be filed)
Stephen J. Newman (*pro hac vice* to be filed)
David W. Moon (*pro hac vice* to be filed)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959

Attorneys for Chase Bank USA, N.A.