UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | | |
|---|---|---|
| In re: | * | |
| **CIRCUIT CITY STORES, INC., <u>et al.</u>,** | * | Case No: 08-35653-KRH |
| | | **Chapter 11** |
| Debtors. | * | **(Jointly Administered)** |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### RESPONSE OF ALLIANCE ENTERTAINMENT LLC, NOW KNOWN AS SOURCE INTERLINK DISTRIBUTION, LLC TO DEBTORS' THIRTY-FOURTH OMNIBUS OBJECTION TO CLAIMS

Alliance Entertainment LLC, now known as Source Interlink Distribution, LLC ("Alliance"), hereby submits this Response to the Debtors' Thirty-Fourth Omnibus Objection to Claims (Modification of Certain Duplicate 503(b)(9) Claims)(the "Response"), and in support thereof, state:

### Background

1. Alliance Entertainment LLC, now known as Source Interlink Distribution, LLC ("Alliance")(Alliance and its affiliate, Source Interlink Media, LLC ("SIM") shall collectively be referred to as "Source") and Circuit City Stores, Inc. ("Circuit City") are parties to a Retail

Bradford F. Englander, VSB# 36221
Brian M. Nestor, VSB# 77133
Whiteford, Taylor & Preston LLP
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-9081 (tel)
(703) 280-3370 (fax)
benglander@wtplaw.com

*Counsel for Alliance Entertainment LLC,*
*now known as Source Interlink Distribution, LLC, and*
*Source Interlink Media, LLC*

Product Services and Supply Agreement, dated June 15, 2007, as amended by Amendment No. 1, dated April 29, 2008, and Amendment No. 2, dated September 15, 2008 (collectively, with exhibits and schedules, the "Alliance Agreement"). Under the Alliance Agreement, Alliance sells or provides supply chain services to Circuit City with respect to compact discs ("CDs"); digital video discs ("DVDs") and video games ("Gaming").

2. SIM and ("Circuit City")are parties to an agreement dated July, 2006 (the "SIM Agreement").[1] Under the SIM Agreement, SIM sells books and magazines (the "Books" and "Magazines" to Circuit City (collectively, the CDs, DVDs, and Gaming products and Books and Magazines are referred to herein as the "Goods").

3. Prior to the Petition Date (defined below), Alliance and SIM delivered Goods and provided services to the Debtors for which no payment was made by the Debtors (the "Source Claims"). These Goods and services were provided with respect to the Debtors' nationwide fleet of stores, depending on inventory levels and demand at a particular location.

4. Debtor Circuit City and its related entities (the "Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code on November 10, 2009 ("Petition Date").

5. On November 12, 2008, this Court entered its Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 (Docket No. 107)(the "503(b)(9) Bar Date Order").

6. Pursuant to the 503(b)(9) Bar Date Order, the Court approved the form and manner of the 503(b)(9) bar date notice, which was attached as Exhibit A to the 503(b)(9) Bar

---

[1] By Consent Order entered January 23, 2009, the Debtors and Source agreed, and the Court ordered, that the Alliance and SIM Agreements, exhibits and contents thereof would be held and maintained in confidence under seal. A copy of the agreements can be provided upon request, subject to the Consent Order referenced herein.

Date Order (the "503(b)(9) Bar Date Notice"). Pursuant to the 503(b)(9) Bar Date Order and the 503(b)(9) Bar Date Notice, the bar date for filing proofs of claim asserting administrative priority claims pursuant to section 503(b)(9) of the Bankruptcy Code was December 19, 2008 (the "503(b)(9) Bar Date").

7. On December 10, 2009, the Court entered its Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

8. Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. §105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date"). This Court also approved the form and manner of the General Bar Date notice ("General Bar Date Notice"), which was attached to the Claims Bar Date Order.

9. On April 1, 2009, this Court entered an Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (Docket No. 2881) (the "Omnibus Objection Procedures Order").

10. Prior to filings its claims against the various Debtor entities, counsel for Source informally requested information from counsel for the Debtors with respect to the various Debtors' stores and corresponding Debtors' bankruptcy cases. The basis for the requests was to ensure that claims were filed in the appropriate bankruptcy cases. Source has not yet received the requested information.

11. Source complied with the Court's 503(b)(9) Bar Date Order and Claims Bar Date Order with respect to timing and filing requirements for asserting its claims against the various Debtors entities. Source filed the following claims against the Debtors:[2]

    a. "Alliance 503(b)(9) Claim" filed on December 17, 2008 as follows: (i)$4,010,658.44 for the value of Goods delivered by Alliance during the 20-day period prior to the Petition Date against Circuit City PR, LLC; (ii)$4,010,658.44 for the value of Goods delivered by Alliance during the 20-day period prior to the Petition Date against Circuit City Stores West Coast, Inc.; and (iii) $4,010,658.44 for the value of Goods delivered by Alliance during the 20-day period prior to the Petition Date against Circuit City Stores, Inc.;

    b. "SIM 503(b)(9) Claim" filed on December 17, 2008 as follows: (i)$360,345.31 for the value of Goods delivered by SIM during the 20-day period prior to the Petition Date against Circuit City Stores West Coast, Inc.; and (ii) $360,345.31 for the value of Goods delivered by SIM during the 20-day period prior to the Petition Date against Circuit City Stores, Inc.;

---

[2] The General Bar Date Notice stated:

    [a] creditor's proof of claim may be filed without the writings and/or documentation upon which the claim is based, as required by Bankruptcy Rule 3001(c) and (d); provided, however, that, upon the request of the Debtors or any other party in interest in these cases, any such creditor will be required to transmit promptly such writings and/or documentation to the Debtors or the other party in interest, but in no event later than ten (10) days from the date of such request.

Source filed the Alliance Unsecured Claim, Alliance Secured Claim and SIM Unsecured Claim without the voluminous spreadsheets and CD-ROM attachments. Upon the request of a representative of the Debtors, the support was delivered in June.

    c. "Alliance Unsecured Claim" filed on January 30, 2009 as follows: (i) $10,996,107 for unpaid goods and services against Circuit City PR, LLC; (ii) $10,996,107 for unpaid goods and services against Circuit City Stores West Coast, Inc.; and (iii) $11,646,519.00 for goods, services and other contractual/indemnity claims against Circuit City Stores, Inc.;

    d. "Alliance Secured Claim" filed on January 30, 2009 as follows: (i) $1,028,153.34 secured claim for unpaid storage and carrier services against Circuit City Stores West Coast, Inc.; and (ii) $1,028,153.34 secured claim for unpaid storage and carrier services against Circuit City Stores, Inc.; and

    e. SIM Unsecured Claim filed on January 30, 2009 as follows: (i) $875,724.31 for unpaid goods and services provided against Circuit City Stores West Coast, Inc.; and (ii) $875,724.31 for unpaid goods and services provided against Circuit City Stores, Inc.

### The Objections

12. On June 4, 2009, the Debtors filed their Tenth Omnibus Objection to Certain Duplicative Claims (the "Tenth Objection"). As set forth in the Tenth Objection, the Debtors seek the disallowance of certain duplicate claims, including alleged duplicative claims relating to the Alliance Unsecured Claim, the Alliance Secured Claim and the SIM Unsecured Claim.[3] Moreover, the Debtors provide that the claims that are the subject to Tenth Objection may be the subject to additional subsequently filed objections.

---

[3] On June 29, 2009, Alliance and SIM filed their Response of (I) Alliance Entertainment, LLC, now known as Source Interlink Distribution, LLC, and (II) Source Interlink Media, LLC to Debtors' Tenth Omnibus Objections to Claims.

13. On June 23, 2009, the Debtors filed their Twentieth Omnibus Objection to Claims (Reclassification to Unsecured Claims of Certain Claims filed as 503(b)(9) Claims for Goods Received by the Debtors not within Twenty Days of the Commencement of the Cases) (the "Twentieth Objection"). As set forth in the Twentieth Objection, the Debtors seek to reclassify a portion of the Alliance 503(b)(9) Claim to an unsecured claim on the basis that some of the goods delivered by Alliance were received by the Debtors outside of the 20 day period prior to the Petition Date, as more fully set forth in the Twentieth Objection. Moreover, the Debtors provide that the claims that are the subject to Twentieth Objection may be the subject to additional subsequently filed objections.

14. On June 23, 2009, the Debtors filed their Twenty-Second Omnibus Objection to Claims (Disallowance of Certain Claims Filed Against the Wrong Debtor)(the "Twenty-Second Objection"). As set forth in the Twenty-Second Objection, the Debtors seek to disallow claims relating to the Alliance 503(b)(9) Claim and the Alliance Secured Claim on the basis that they were asserted against the wrong debtor and were filed in two (2) or more proofs of claim against the same Debtor, in the same amount, asserting the same liability, based upon the same underlying basis and claim, and asserting the same classification, as more fully set forth in the Twenty-Second Objection. Moreover, the Debtors provide that the claims that are the subject to Twenty-Second Objection may be the subject to additional subsequently filed objections.

15. On June 23, 2009, the Debtors filed their Twenty-Third Omnibus Objection to Claims (Modification of Certain Duplicate 503(b)(9) Claims)(the "Twenty-Third Objection"). As set forth in the Twenty-Third Objection, the Debtors seek to disallow claims relating to the SIM 503(b)(9) Claim on the apparent basis that the SIM 503(b)(9) Claim and the SIM Unsecured Claim, include amounts that overlap and therefore any duplication in amounts

asserted should be disallowed, as more fully set forth in the Twenty-Third Objection.[4] Moreover, the Debtors provide that the claims that are the subject to Twenty-Third Objection may be the subject to additional subsequently filed objections.

16. On July 24, 2009, the Debtors filed their Twenty-Eighth Omnibus Objection to Claims (Disallowance of Certain Amended Claims)(the "Twenty-Eighth Objection"). As set forth in the Twenty-Eighth Objection, the Debtors seek to disallow claims relating to the SIM 503(b)(9) Claim on the basis that the SIM 503(b)(9) Claim filed against Circuit City Stores West Coast, Inc. was amended and replaced with the SIM 503(b)(9) Claim filed against Circuit City Stores, Inc.[5]

17. On August 21, 2009, the Debtors filed their Thirty-Fourth Omnibus Objection to Claims (Modification of Certain Duplicate 503(b)(9) Claims)(the "Thirty-Fourth Objection"). As set forth in the Thirty-Fourth Objection, the Debtors seek to disallow claims relating to the Alliance Unsecured Claim filed against Circuit City Stores, Inc. on the basis that the there is "partial duplication" with the Alliance 503(b)(9) Claim filed against Circuit City Stores, Inc., as more fully set forth in Exhibit A to this Response.

18. The Debtors allege that they have reviewed and reconciled the alleged debt obligations as to the proper Debtor entity and asserted amounts. With respect to the Thirty-Fourth Objection, the alleged basis for the objection is that the Alliance Unsecured Claim and the Alliance 503(b)(9) are partially duplicative.

---

[4] On July 16, 2009, Alliance and SIM filed their Response of (I) Alliance Entertainment, LLC, now known as Source Interlink Distribution, LLC, and (II) Source Interlink Media, LLC to Debtors' Twentieth, Twenty-Second and Twenty-Third Omnibus Objections to Claims.

[5] On August 20, 2009, SIM filed its Response of Source Interlink Media, LLC to Debtors' Twenty-Eighth Omnibus Objection to Claims.

**Argument**

19. Alliance does not intend to have multiple recoveries for the same Goods. However, without a complete reconciliation of the 503(b)(9) claims, secured claims and unsecured claims between Alliance and the Debtors and more information with respect to the ownership and operation of each of the Debtors' stores and the corresponding dollar value and timing of Goods and services provided by Alliance to each store, the Debtors' objections are, at best, premature.

20. Alliance has provided sufficient support to meet its burden with respect to the allowance of its claims. The Debtors have merely provided tables that incorporate claim numbers and amounts that appear to be similar but provide no support for the partial duplication basis. However, prior to the Debtors' provision of concrete facts backing up their assertions, and a conclusion of the account reconciliation process, the claims filed by Alliance should be allowed in each of the respective cases and amounts. Moreover, with respect to any claim of duplication or redundancy, Alliance is entitled to recover against any Debtor entity to the extent it received or benefited from the delivery of Goods or provision of services from Alliance, whether such claim results in a reclassification.

21. To establish an objection to a claim, both liability and specific amount must be proven. Alliance bears the initial burden of proof relative to the Debtors' liability to Alliance.

22. Alliance submitted sufficient support to the Debtors. The supporting documentation provided by Alliance provided evidence establishing the timing and the amount of the claims, and attached sufficient declarations or other verifications in support of or authentication of the amounts claimed.

23. While counsel for the Debtor has notified Alliance at various stages of the Debtors' attempted reconciliation of the Source Claims, the process is still on-going. This reconciliation and fact gathering must be completed, prior to any determination with respect to the disallowance of the Source Claims.

24. The claims filed by Alliance and supporting documentation provided with respect to such claims provided evidence authenticating and establishing the timing, amounts and basis of the claims. Thus, without a complete reconciliation of the Source Claims, any objection is premature. The Thirty-Fourth Omnibus Objection should be overruled.

## Request for Hearing

25. Pursuant to Local Bankruptcy Rule 3007-1(B), Alliance requests that the Court grant it a hearing on its Response to the Debtor's Thirty-Fourth Omnibus Objections to Claims on a date and time to be set by this Court consistent with the Court's Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections or as soon thereafter as it may be heard.

Wherefore, Alliance prays that this Court enter an order: (a) overruling the Thirty-Fourth Objection; (b) allowing the Alliance Claims in amounts and against the Debtor entities as filed; and (c) for such other and further relief as the Court deems just and proper.

Dated: September 15, 2009

Respectfully submitted,

/s/ Bradford F. Englander
Bradford F. Englander
Virginia Bar No. 36221
Brian M. Nestor
Virginia Bar No. 77133
Whiteford, Taylor & Preston LLP
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-9081 (tel)
(703) 280-3370 (fax)
benglander@wtplaw.com

Counsel for Alliance Entertainment, LLC, now known as Source Interlink Distribution, LLC, and Source Interlink Media, LLC

**Exhibit A**
**Thirty-Fourth Omnibus Objection**

| CLAIM TO BE DISALLOWED OR MODIFIED: | SURVING CLAIM: |
|---|---|
| Claim No: 9640    Debtor: Circuit City Stores, Inc. (08-35653)<br><br>Filed: 1/30/2008<br>Creditor: Alliance Entertainment, LLC<br><br>Status: Unsecured Claim    Amount: $11,646,519.00 | Claim No: 9640    Debtor: Circuit City Stores, Inc. (08-35653)<br><br>Filed: 1/30/2008<br>Creditor: Alliance Entertainment, LLC<br><br>Status: Unsecured Claim    Amount: $7,925,949.24<br><br>Expunged Amount:  $3,720,569.76 |
| Claim No: 1442    Debtor: Circuit City Stores, Inc. (08-35653)<br><br>Filed: 12/17/2008<br>Creditor: Alliance Entertainment, LLC<br><br>Status: 503(b)(9) Claim    Amount: $4,010,658.44 | Claim No: 1442    Debtor: Circuit City Stores, Inc. (08-35653)<br><br>Filed: 12/17/2008<br>Creditor: Alliance Entertainment, LLC<br><br>Status: 503(b)(9) Claim    Amount: $4,010,658.44 |

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing Response was mailed by overnight delivery and electronic mail, this 15th day of September, 2009, to the following:

| | |
|---|---|
| Greg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>Skadden Arps, Slate, Meagher & Flom, LLP<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, DE 19899-0636<br>Counsel for the Debtors<br>gregg.galardi@skadden.com<br>ian.fredericks@skadden.com | Dion W. Hayes, Esq.<br>Douglas M. Foley, Esq.<br>McGuireWoods LLP<br>One James Center<br>901 East Cary Street<br>Richmond, VA 23219<br>Counsel for the Debtors<br>dfoley@mcguirewoods.com<br>dhayes@mcguirewoods.com |
| Robert J. Feinstein, Esq.<br>Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue<br>36th Floor New York, NY 10017<br>Counsel for the Creditors' Committee Case<br>rfeinstein@pszjlaw.com | Chris L. Dickerson, Esq.<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>333 West Wacker Drive<br>Chicago, IL 60606<br>Counsel for the Debtors<br>chris.dickerson@skadden.com |
| Lynn L. Tavenner, Esq.<br>Tavenner & Beran, PLC<br>20 North Eighth Street Second Floor<br>Richmond, VA 23219<br>Counsel for the Creditors' Committee<br>ltavenner@tb-lawfirm.com | Robert B. Van Arsdale, Esq.<br>Office of the United States Trustee<br>701 East Broad Street, Suite 4304<br>Richmond, VA 23219<br>Robert.B.Van.Arsdale@usdoj.gov |

and that the foregoing Response was also filed electronically via the Court's CM/ECF system on this date such that it would be served electronically on those parties entitled to receive such notice in this case.

                                                            /s/ Bradford F. Englander
                                                            Bradford F. Englander

15816