McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Robert H. Chappell, III, Esquire (VSB #31698)
Jennifer J. West, Esquire (VSB #47522)
Erin E. Kessel, Esquire (VSB #65360)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Phone: (804) 697-2000
Fax: (804) 697-2100

Attorneys for PNY Technologies, Inc.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., et al.[1], | ) | Jointly Administered |
| | ) | Chapter 11 |
| Debtors. | ) | Hon. Kevin R. Huennekens |
| | ) | |

**CLAIMANT PNY TECHNOLOGIES, INC.'S RESPONSE TO DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN LEGAL CLAIMS) [Document No. 4585]**

Claimant PNY Technologies, Inc. ("PNY"), by and through its undersigned counsel, hereby responds to the Thirty-First Omnibus Objection by the above-captioned Debtors (the "Debtors") to Claims (Disallowance of Certain Legal Claims) (the "Objection"). PNY respectfully asserts the following in support of its response:

---

[1] The Debtors are as follows: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp., PRAHS, INC., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

1. PNY commenced an action on October 27, 2008, against the Debtor, in the United States District Court for the District of New Jersey, Case No. 2:08-cv-05281 (the "Litigation"), seeking a judgment against the Debtor in excess of $10,000,000 based upon the Debtor's breach of an agreement concerning Flash Cards (computer memory small "card" devices for insertion into computer devices) that was entered into by the Claimant and the Debtor in or about August 2006. In addition to breach of contract, there are additional counts against the Debtor for breach of the implied covenant of good faith and fair dealing, promissory estoppel, negligent misrepresentation, unjust enrichment, fraud, failure to pay, book account, and account stated (the "Complaint"). A true and correct copy of PNY's Complaint is attached hereto and incorporated herein as Exhibit A.

2. On November 10, 2008, Circuit City Stores, Inc. (the "Debtor") filed a petition under Chapter 11 of the United States Code (the "Petition Date").

3. On December 16, 2008, PNY timely filed a Proof of Claim form seeking payment of a $10,000,000 unsecured claim. PNY attached the Complaint to the Proof of Claim. It is acknowledged that PNY's claim is presently unliquidated. A true and correct copy of PNY's Proof of Claim is attached hereto and incorporated herein as Exhibit B.

4. On August 20, 2008, the Debtors' filed an objection to the unsecured claim of PNY (the "Objection"). The Objection states that PNY's claim has been classified as a "Legal Claim" and that "[a]fter reviewing the Legal Claims and the bases upon which they are asserted and reviewing the Debtors' books and records, the Debtors dispute any liability for the alleged Legal Claims." The Court must overrule the Objection where the Debtors' argument lacks a basis of support in the law and factual record.

## ARGUMENT

5. A proof of claim executed and filed in accordance with Bankruptcy Rule 3001(f) constitutes prima facie evidence of the validity and amount of the claim. See Fed.R.Bankr.P. 3001(f). "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence." In re Hemingway Transport, Inc., 993 F.2d 915, 925 (1st Cir. 1993).

6. Bankruptcy Rule 3001(a) requires that the proof of claim be a written statement setting forth a creditor's claim, in a form substantially conforming to the appropriate Official Form. Bankruptcy Rule 3001(c) additionally requires that a claim based on a writing include a copy of the writing thereto.

7. The Claim substantially conforms to the Official Form, is signed by counsel to PNY, and sets forth the dollar amount owed as of the Petition Date. The supporting documentation upon which the Claim is based are attached thereto.

8. Having satisfied the requirements of Bankruptcy Rule 3001, PNY has established prima facie evidence of the validity and amount of the Claim.

9. The basis for the Objection is the Debtors' position that "[a]fter reviewing the Legal Claims and the bases upon which they are asserted and reviewing the Debtors' books and records, the Debtors dispute any liability for the alleged Legal Claims." However, the Debtors have not provided substantial evidence to support the Objection as it pertains to PNY's Proof of Claim. The Debtors have offered no facts to support their general denial of liability on PNY's Proof of Claim.

10. The burden of proof lies with different parties at different stages of the claim resolution process. The claimant must initially allege facts sufficient to support its claim, and

upon so doing the claim is prima facie valid. The burden of proof then shifts to the objecting party to provide sufficient evidence to rebut the prima facie valid claim. Only if the objecting party provides evidence equal or greater than that provided by the creditor does the burden of proof shift back to the claimant to prove the validity of its claim by a preponderance of the evidence. See In re Allegheny Int'l., Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); Fullmer v. U.S., 962 F.2d 1463, 1466 (10th Cir. 1992).

11. The supporting documents attached hereto establish the basis for PNY's Proof of Claim. The Debtor and PNY were parties to a Flash Card Agreement that was breached by the Debtor, entitling PNY to damages as set forth in greater detail in the Complaint.

12. The Debtors have not provided any cognizable evidence to support their Objection. Consequently, the Debtors' motion should be denied as it pertains to PNY's Proof of Claim.

13. PNY expressly reserves the right to amend, modify, or supplement its Response. Should one or more grounds for objection be dismissed, and should the Debtors assert other grounds for objection to the Claim during the pendency of these chapter 11 cases, PNY reserves its right to file supplemental or additional responses.

**WHEREFORE**, Claimant PNY Technologies, Inc. respectfully requests that the Court overrule the Objection as it relates to the claim of Interthinx and grant such other and further relief as deemed just and proper.

                                              PNY TECHNOLOGIES, INC.

                                              By: /s/ Erin E. Kessel
                                                  Counsel

Robert H. Chappell, III, Esquire (VSB #31698)
Jennifer J. West, Esquire (VSB #47522)
Erin E. Kessel, Esquire (VSB #65360)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia  23219
Phone:  (804) 697-2000
Fax: (804) 697-2100

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Counsel for PNY Technologies, Inc.

# CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing Response was served by U.S. Mail, First Class, postage prepaid or electronic means on this the 15th day of September, 2009 to the following constituting all necessary parties:

Dion W. Hayes
Douglas Foley
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219

Gregg Galardi
Ian S. Fredericks
Skadden Arps Slate Meagher & Flom LLP
One Rodney Square
Box 636
Wilmington, DE 19899

Chris L. Dickerson
Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL 60606

                                                               /s/ Erin E. Kessel