FORM B10 (Official Form 10) (9/97)

| United States Bankruptcy Court    for the Eastern    District of    Virginia | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor<br>**Circuit City Stores, Inc.** | Case Number<br>**08-35653** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**PNY Technologies, Inc.**

Name and address where notices should be sent:
**McCarter & English, LLP**
**Attn:  Clement J. Farley**
**Four Gateway Center**
**100 Mulberry Street**
**Newark, New Jersey 07102-4096**

Telephone number: (973) 622-4444

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars

☐ Check box if you have never receivedany notices from the bankruptcy court in this case

☐ Check box if the address differs from the address on the envelope sent to you by the court.

This Space Is for Court Use Only

**COPY**

Account or other number by which creditor identifies debtor:

Check here ☐ replaces
If this claim ☐ amends    a previously filed claim, dated:

**1.    Basis for Claim:**

☒ Goods Sold

☐ Services performed

☐ Money loaned

☐ Personal injury/wrongful death

Taxes

☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)

☐ Wages, salaries, and compensation (fill out below)

Your SS #: _____  _____  _____

Unpaid compensation for services performed

from _____ to _____
    (date)        (date)

**2.    Date debt was incurred:**
**August 2006**

**3.    If court judgment, date obtained:**

**4.    Total Amount of Claim at Time Case Filed:    at least $10,000,000**

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5.    Secured Claim:**

☐ Check this box if your claim is secured by collateral (including a right of setoff)

Brief Description of Collateral:

☐ Real Estate    ☐ Motor Vehicle
        ☐ Other _____

Value of Collateral:    $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6.    Unsecured Priority Claim:**

☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $ _____

Specify the priority of the claim:

☐    Wages, salaries, commissions (up to $4,000),* earned within 90 days before filing of The bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3).

☐    Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(4).

☐    Up to $1,800* of deposits toward purchase, lease, or rental of property or services for Personal, family, or household use – 11 U.S.C. § 507(a)(6)

☐    Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507(a)(7).

Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8)

☐    Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commended on or after the date of adjustment.

**7.    Credits:** The amount of all payments on this claim has been credited and deducted for the Purpose of making this proof of claim.

**8.    Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9.    Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a Stamped, self-addressed envelope and copy of this proof of claim.

This Space Is for Court Use Only

**RECEIVED**
DEC 16 2008
KURTZMAN CARSON CONSULTANTS

Date:
12/15/08

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
**McCarter & English, LLP**

By: Clement J. Farley,  A Member of the Firm

10 – Proof of Claim – Bankruptcy Court
4/98 P4/98

MEI 7965771v.1

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules

### ═══ DEFINITIONS ═══

*Debtor*
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

*Creditor*
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

*Proof* of Claim
A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

*Secured* Claim
A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also Unsecured Claim.)

*Unsecured* Claim
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

*Unsecured Priority Claim*
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims*.

### ═══ Items to be completed in Proof of Claim form (if not already filled in) ═══

**Court, Name of Debtor, and Case Number**
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form

1. **Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

2. **Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

3. **Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment

4. **Total Amount of Claim at Time Case Filed:**
Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

5. **Secured Claim:**
Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

6. **Unsecured Property Claim:**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

7. **Credits**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

8. **Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for PNY Technologies, Inc.

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | : | Case No. 08-35653 |
|  | : |  |
|  | : | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al.[1], | : |  |
|  | : |  |
| Debtors. | : | **Jointly Administered** |
|  | : |  |

### ATTACHMENT TO PROOF OF CLAIM

1.      The undersigned, having offices at Four Gateway Center, 100 Mulberry Street, Newark, New Jersey 07102, are attorneys for PNY Technologies, Inc. (the "Claimant"), and are authorized to make this Proof of Claim on its behalf against the estate of Circuit City Stores, Inc. (the "Debtor").

2.      The post office address of the Claimant, and the address to which all notices should be mailed, is as follows:

---

[1] The Debtors are as follows:  Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp., PRAHS, INC., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

ME1 7965770v.1

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Attn: Clement J. Farley

3.    The Claimant is unaware of anyone else who has filed a Proof of Claim relating to this claim.

4.    The Claimant is the current holder of the claims set forth herein.

5.    On November 10, 2008, the Debtor filed a petition under Chapter 11 of the United States Code (the "Petition Date").

## Background of Claim

6.    The Claimant commenced an action on October 27, 2008, against the Debtor, in the United States District Court for the District of New Jersey, Case No. 2:08-cv-05281 (the "Litigation") seeking a judgment against the Debtor in excess of $10,000,000 based upon the Debtor's breach of an agreement concerning Flash Cards (computer memory small "card" devices for insertion into computer devices) that was entered into by the Claimant and the Debtor in or about August 2006.  In addition to breach of contract, there are additional counts against the Debtor for breach of the implied covenant of good faith and fair dealing, promissory estoppel, negligent misrepresentation, unjust enrichment, fraud, failure to pay, book account and account stated (the "Complaint").  A true and correct copy of the Claimants's Complaint is attached hereto and incorporated herein as Exhibit A.

## The Amount of the Claim

7.    No sums have been paid to the Claimant on account of the prepetition claims the

Claimant has against the Debtor in at least the amount of $2,299,534.24 for amounts due to the

Claimant on a certain book account, plus other sums that would be awarded for compensatory

damages, punitive damages, attorneys' fees, costs and expenses.  As no judgment has been

entered against the Debtor, the amount due and owing is estimated to be at least as much as

claimed in the Complaint, which is in excess of $10,000,000.

8.    The Claimant hereby reserves its right to amend this Proof of Claim for purposes

of amending amounts due or re-classifying the character of the claim (i.e., over-secured, under-

secured, priority, etc.).

McCARTER & ENGLISH, LLP
Attorneys for PNY Technologies, Inc.

By:_____
CLEMENT J. FARLEY
A Member of the Firm

DATED:  12/15/08

# Exhibit A

William J. Heller
Mark H. Anania
**McCARTER & ENGLISH LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444

*Attorneys for Plaintiff PNY Technologies, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - x

PNY TECHNOLOGIES, INC.            :     Civil Action No.

       **Plaintiff,**                 :

v.                                :     **COMPLAINT AND LOCAL**
                        **RULE 11.2 CERTIFICATION**

CIRCUIT CITY STORES, INC.,        :

       **Defendant.**                 :

- - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff PNY Technologies, Inc. ("PNY" or "Plaintiff") for its complaint against

Defendant Circuit City Stores, Inc. ("Circuit City" or "Defendant") alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.     PNY is a Delaware corporation with its principal place of business at 299 Webro

Road, Parsippany, New Jersey 07054.

2.     Circuit City is a corporation organized and existing under the laws of the

Commonwealth of Virginia with its principal place of business in Virginia.

3.      Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this action based on diversity of citizenship.  The amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

4.      The Court has personal jurisdiction over Defendant Circuit City because Defendant is present and doing business in the State of New Jersey.

5.      Venue is appropriate in this Court pursuant to 28 U.S.C. §1391 because Circuit City is subject to personal jurisdiction in this Judicial District and because a substantial part of the events giving rise to Plaintiff's claims occurred in this Judicial District.

## ALLEGATIONS COMMON TO ALL CLAIMS

6.      PNY is a leading manufacturer and supplier of products used in and with computers.  Among PNY's product lines are Flash Cards, which are computer memory sold as small "card" devices for insertion into computer devices.

7.      Circuit City is a major national retailer of computer and other products, including Flash Cards.

8.      In or about August 2006, PNY and Circuit City entered into an agreement concerning Flash Cards ("the Flash Card Agreement").

9.      The Flash Card Agreement had a term of twenty-four months, with automatic renewals for like periods unless either party gave notice of termination.

10.     Under the Flash Card Agreement, Circuit City agreed to buy from PNY, advertise and resell to its customers PNY Flash Card products, and represented and agreed, among other things, to run a minimum of two advertising placements per month for PNY Flash Card products during the term of the Flash Card Agreement.  Sales volume at retail is determined based on the

2

frequency of print advertisements, among other things; therefore, the promise to provide the print ads was an important inducement for PNY to enter into the Flash Card Agreement.

11.     In consideration of Circuit City's promises, representations, obligations and covenants as reflected in the Flash Card Agreement, and in reliance thereon, PNY agreed to pay to Circuit City an advance called "Marketing Development Funds" of two million dollars, payable in two installments of one million dollars each in November, 2006 and February, 2007. PNY paid those amounts to Circuit City on time and in accordance with the Flash Card Agreement.  Upon information and belief, Circuit City took those payments into reported income for the fiscal year(s) when received.

12.     In further consideration of Circuit City's promises, representations, obligations and covenants as reflected in the Flash Card Agreement, and in reliance thereon, PNY also agreed to provide and did provide to Circuit City additional marketing development funds, price and margin protection, allowances, rebates, price protection, and point-of-sale (POS) allowances, all of which constituted substantial discounts off of the price of PNY Flash Cards and/or cash payments to Circuit for the privilege of selling PNY Flash Card products to Circuit City.

13.     Under the Flash Card Agreement, PNY first sold to Circuit City Flash Cards under the POLAROID® brand, which PNY sold under a private label agreement with Polaroid. When sales of the POLAROID® branded product did not meet Circuit City's expectations, PNY, although it was not obligated to do so, at substantial and unanticipated cost to itself, and in further reliance upon Circuit City's promises, representations, obligations and covenants in the Flash Card Agreement, accepted the return of the POLAROID® branded product in order to further the relationship with Circuit City.   As a result, Circuit City was protected against any losses in connection with the purchase of PNY's POLAROID® branded product.  To mitigate its

3

losses from these POLAROID® branded products, PNY resold the POLAROID® branded

products to other customers at a lower price, as the market price for Flash Card products had

dropped.

14.    PNY thereafter continued to supply Flash Card products under the PNY® brand

in furtherance of the Flash Card Agreement and in further reliance upon the promises,

representations, obligations and covenants of Circuit City in the Flash Card Agreement.

15.    During the term of the Flash Card Agreement, and in breach of its promises,

representations, obligations and covenants in the Flash Card Agreement, Circuit City stopped

running the required minimum ads for PNY brand Flash Card products.

16.    Nothing in the Flash Card Agreement allowed Circuit City to unilaterally reduce

or eliminate the required minimum ads for PNY Flash Card products.

17.    As a direct and proximate result of Circuit City's breach of its promises,

representations, obligations and covenants in the Flash Card Agreement and its unauthorized

cessation of the ads for PNY Flash Card products, PNY had to resort to in-store activity, namely,

POS rebates and allowances, and other costly programs in order to compete with other Flash

Card brands that Circuit City sold and for which it was advertising.

18.    By pulling PNY ads and not running the minimum ads as required by the Flash

Card Agreement, Circuit City not only breached its promises, representations, obligations and

covenants in the Flash Card Agreement but also placed PNY at a significant competitive

disadvantage.  PNY had to pay additional POS benefits to Circuit City that were not

contemplated when it entered into the Flash Card Agreement.  In addition, ads influence buyers

to come into Circuit City stores to buy the advertised products.  By advertising competitors'

products and by refusing or failing to advertise PNY Flash Card products, PNY sold fewer units

4

than it otherwise would have sold if Circuit City had run the PNY ads as required, and further

cost PNY additional and unanticipated damages due to the price protection that PNY provided to

Circuit City.

19.    PNY gave notice of Circuit City's breach to representatives of Circuit City,

namely, Executive Vice President John Kelly and Vice President of Merchandising Elliott

Becker.  At a meeting in or about April 2008, attended by Messrs. Kelly and Becker from Circuit

City and Messrs Gadi Cohen, CEO of PNY, and Tony Gomez, Vice President of Sales and

Marketing of PNY, Mr. Gomez made a presentation confirming the damages that Circuit City

had caused to PNY by its breaches of the Flash Card Agreement.  Upon seeing and hearing the

Gomez presentation, Mr. Becker told Mr. Cohen and Mr. Gomez that PNY had done its

homework, and confirmed, and thus admitted, the accuracy of the information provided to

Circuit City at that meeting.

20.    Also at the same April 2008 meeting, Messrs. Kelly and Becker admitted to PNY

that Circuit City had charged Mr. Becker with the responsibility to maximize gross margin dollar

contributions for Circuit City; that Circuit City was an exclusive location for PNY's competitor,

SanDisk, before PNY entered into the Flash Card Agreement in or about August 2006; that

SanDisk was unhappy with PNY for beginning sales at Circuit City and, as a result, undercut

PNY in pricing to Circuit City (which enabled Mr. Becker to maximize gross margin, as Circuit

City had charged him to do); and – perhaps most important – admitted that Circuit City had

entered into the Flash Card Agreement not for the purpose of fulfilling the Flash Card

Agreement according to its terms, but with the undisclosed intention and ulterior motive of using

PNY to extract greater benefits and higher margin from PNY's competitor, SanDisk in

furtherance of its plan to increase gross margins.  In essence, Circuit City used PNY to break the

exclusivity deal it allegedly had with SanDisk and as leverage to extract lower prices from SanDisk.

21.    By not selling through the PNY Flash Cards that Circuit City did buy from PNY, Circuit City compounded the damages to PNY because PNY had agreed to provide, and did provide, price protection to Circuit City in a falling market.

22.    PNY's costs for fulfilling the Flash Card Agreement, and in providing the benefits to Circuit City under the Flash Card Agreement exceed $10,000,000.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

23.    Plaintiff repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24.    PNY fully performed under the Flash Card Agreement.

25.    Circuit City has breached its promises, representations, obligations and covenants in the Flash Card Agreement.

26.    As a direct and proximate result of Circuit City's breach, PNY has suffered damages.

## SECOND CLAIM FOR RELIEF
### Breach Of The Implied Covenant Of Good Faith And Fair Dealing

27.    PNY repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

28.    The actions of Circuit City, as particularly set forth above, constitute a breach of the implied covenant of good faith and fair dealing.

29.    As a direct and proximate result of Circuit City's breach, PNY has suffered damages.

6

## THIRD CLAIM FOR RELIEF
### Promissory Estoppel

30.    PNY repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

31.    Circuit City promised PNY that if PNY continued to make and supply products and provide the substantial discounts, allowances, marketing development funds and other benefits that Circuit City would purchase PNY Flash Card products and would advertise PNY Flash Card products at least twice monthly.

32.    Circuit City knew or should have known that its promises, representations and agreements would induce action on the part of PNY.

33.    Circuit City knew that PNY would and did make payments to Circuit City over the period from in or about August 2006 and thereafter in reliance on Circuit City's promises, representations, obligations and covenants in the Flash Card Agreement and otherwise.

34.    PNY's reliance on Circuit City's agreements, promises and representations was reasonable under the circumstances.  PNY did so rely, do its detriment.  As a direct and proximate result, PNY has been damaged.

## FOURTH CLAIM FOR RELIEF
### Negligent Misrepresentation

35.    PNY repeats and realleges paragraphs 1 through 22 and 31 – 34 of this Complaint as if fully set forth herein.

36.    The aforesaid representations and promises made by Circuit City were untrue.

37.    Circuit City breached a duty to PNY in making representations and warranties that were untrue.

7

38.     As a result of PNY's reasonable reliance on Circuit City's negligent misrepresentations, PNY has been damaged.

## FIFTH CLAIM FOR RELIEF
### Unjust Enrichment

39.     PNY repeats and realleges paragraphs 1 through 22 and 31 – 34 of this Complaint as if fully set forth herein.

40.     By its conduct, Circuit City acted in bad faith and was unjustly enriched by making promises and agreements with PNY that it never intended to fulfill, and/or for ulterior motives unrelated to the purchase and sale of PNY Flash Cards.

41.     PNY's continued provision of monetary benefits to Circuit City conferred a substantial benefit on Circuit City.

42.     Circuit City will be unjustly enriched if it is permitted to retain the payments and benefits made by PNY, to which is was not entitled.

## SIXTH CLAIM FOR RELIEF
### Fraud

43.     PNY repeats and realleges paragraphs 1 through 22, 31 – 34 and 40 - 42 of this Complaint as if fully set forth herein.

44.     Circuit City represented to PNY that it wanted to add PNY Flash Card products to Circuit City's product line.  Those representations were made in the summer of 2006 by Edward Maitland, a buyer for Circuit City, to Tony Gomez at PNY.

45.     As a result of Circuit City's representations, PNY entered into the Flash Card Agreement and provided Circuit City with substantial benefits.

46.     In or about 2006 Circuit City was encountering financial difficulties which continue to this day.

8

47.    Messrs. Kelly and Becker of Circuit admitted to PNY that Circuit City entered into the Flash Card Agreement for the ulterior and then-undisclosed motive of extracting greater profits from another and preferred supplier, SanDisk, a competitor of PNY.

48.    At the time Circuit City made its representations to PNY in or about 2006, it knew or should have known that they were false, and that Circuit City was using PNY as a foil to extract greater profits from a preferred supplier and to extract cash from PNY (in the form of an advance marketing development and other payments) to buoy its flagging income when it had no intention of fulfilling the Flash Card Agreement in accordance with its terms.

49.    At the time Circuit City made the representations to PNY, Circuit City knew that the representations were material to PNY.

50.    At the time Circuit City made the representations, Circuit City knew that they were false.

51.    In making the representations to PNY, Circuit City intended to induce PNY to enter into and perform an agreement under which PNY would not get the benefits of its bargain, but under which Circuit City would not only get the benefit of its bargain with PNY, but also would increase its profits from dealing with a PNY competitor.

52.    PNY relied upon the false representations of Circuit City in performing the Flash Card Agreement.

53.    PNY has suffered damages as a direct and proximate result of Circuit City's conduct.

9

## SEVENTH CLAIM FOR RELIEF
### Breach of Contract

54.    Plaintiff PNY entered into an agreement with Circuit City for the purchase of PNY products.  Under that agreement, PNY agreed to sell, and Circuit City agreed to buy and pay for those PNY products.

55.    PNY has provided all of the products required under the agreement and otherwise has performed all of its obligations under the agreements for the purchase and sale of PNY products.

56.    Circuit City paid certain of the amounts owed in accordance with the agreement for the purchase and sale of PNY products.

57.    Circuit City has failed to pay all amounts due and owing to PNY.

58.    PNY has demanded that Circuit City make payment, but that demand has not been met.

59.    PNY has given Circuit City notice of its breach and opportunities to cure.

60.    Circuit City has failed to cure its breaches of the Agreement.

61.    Circuit City has breached the agreement for the purchase and sale of PNY products, as a direct and proximate result of which PNY has been damaged.

## EIGHTH CLAIM FOR RELIEF
### Breach of Contract – Goods Sold and Delivered

62.    PNY repeats the allegations of the Seventh Count as if set forth at length herein.

63.    PNY sues Circuit City for products sold and delivered by PNY to Circuit City upon the promise by Circuit City to pay the agreed amounts.  Payment has been demanded and has not been made.

10

MEI 7629562v.5

## NINTH CLAIM FOR RELIEF
### Failure to Pay

64.    PNY repeats the allegations of the Seventh and Eighth Count as if set forth at length herein.

65.    PNY sues Circuit City for the reasonable value of products sold and delivered to Circuit City, upon the promise of Circuit City to pay a reasonable price for same. Payment has been demanded and has not been made.

## TENTH CLAIM FOR RELIEF
### Book Account

66.    PNY repeats the allegations of the Seventh through Ninth Counts as if set forth at length herein.

67.    There is due from Circuit City the sum of $2,299,534.24, plus interest, on a certain book account. Payment has been demanded and has not been made.

## ELEVENTH CLAIM FOR RELIEF
### Account Stated

68.    PNY repeats the allegations of the Seventh through Tenth Counts as if set forth at length herein.

69.    Circuit City, being indebted to PNY in the sum of $2,299,534.24 upon an account stated between them, did promise to pay PNY said sum upon demand. Payment has been demanded and has not been made.

11

Case 08-35653-KRH   Doc 4807-2   Filed 09/15/09   Entered 09/15/09 15:49:19   Desc
Case 2:08-cv-05281-WJM-CCC   Document 1   Filed 10/27/2008   Page 12 of 13
Exhibit(s) Exhibit B - Proof of Claim   Page 18 of 23

## PRAYER FOR RELIEF

WHEREFORE, PNY Technologies, Inc. prays that this Court enter judgment against

Defendant as follows:

A.      Awarding PNY its damages, compensatory and punitive;

B.      Awarding PNY its costs and expenses of this action;

C.      Awarding PNY its attorneys' fees; and

D.      Granting such other and further relief as this Court may deem just and proper.


Respectfully submitted,

Dated:  October 27, 2008

s/ William J. Heller
William J. Heller
Mark H. Anania
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Attorneys for Plaintiff PNY Technologies, Inc.*

12

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any other action or proceeding pending in any court, or of any pending arbitration.

Respectfully submitted,

Dated:  October 27, 2008

s/ William J. Heller
William J. Heller
Mark H. Anania
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Attorneys for Plaintiff PNY Technologies, Inc.*

Case 08-35653-KRH   Doc 4907-2   Filed 09/15/09   Entered 09/15/09 15:49:19   Desc
Exhibit(s) Exhibit B - Proof of Claim   Page 20 of 23
Case 2:08-cv-05281-WJM-CCC   Document 1-2   Filed 10/27/2008   Page 1 of 2

AO 440 (Rev. 04/08)  Civil Summons

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| | | |
|---|---|---|
| PNY TECHNOLOGIES, INC. | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. |
| CIRCUIT CITY STORES, INC. | ) | |
| Defendant | ) | |

**Summons in a Civil Action**

To: *(Defendant's name and address)*

CIRCUIT CITY STORES, INC.
9950 MARYLAND DRIVE
RICHMOND, VIRGINIA  23233

A lawsuit has been filed against you.

Within <u>20</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

WILLIAM J. HELLER, ESQ.
McCARTER & ENGLISH, LLP
FOUR GATEWAY CENTER, 100 MULBERRY STREET
NEWARK, NJ  07102

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Name of clerk of court

Date: _____

Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

Case 08-35653-KRH    Doc 4907-2    Filed 09/15/09    Entered 09/15/09 15:49:19    Desc
Exhibit(s) Exhibit B - Proof of Claim    Page 21 of 23
Case 2:08-cv-05281-WJM-CCC    Document 1-2    Filed 10/27/2008    Page 2 of 2

✎ AO 440 (Rev. 04/08)  Civil Summons (Page 2)

## Proof of Service

I declare under penalty of perjury that I served the summons and complaint in this case on _____,
by:

    (1) personally delivering a copy of each to the individual at this place, _____
_____ ; or

    (2) leaving a copy of each at the individual's dwelling or usual place of abode with _____
       who resides there and is of suitable age and discretion; or

    (3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is
_____ ; or

    (4) returning the summons unexecuted to the court clerk on _____ ; or

    (5) other *(specify)* _____
_____
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _0.00_____ .

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Case 08-35653-KRH   Doc 4907-2   Filed 09/15/09   Entered 09/15/09 15:49:19   Desc
Exhibit(s) Exhibit B - Proof of Claim   Page 22 of 23
Case 2:08-cv-05281-WJM-CCC   Document 1-3   Filed 10/27/2008   Page 1 of 2

**JS 44** (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PNY TECHNOLOGIES, INC.

(b) County of Residence of First Listed Plaintiff   **Morris**

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

William J. Heller, Esq./McCarter & English, LLP
Four Gateway Center, 100 Mulberry Street
Newark, NJ 07102
Phone:  973-622-4444      Email:  wheller@mccarter.com

## DEFENDANTS
CIRCUIT CITY STORES, INC.

County of Residence of First Listed Defendant

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | 26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332

Brief description of cause:
Breach of Contract

## VII. REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S)
(See instructions):

JUDGE

DOCKET NUMBER

Explanation:

DATE
10/27/2008

SIGNATURE OF ATTORNEY OF RECORD
s/William J. Heller

Case 08-35653-KRH   Doc 4907-2   Filed 09/15/09   Entered 09/15/09 15:49:19   Desc
Exhibit(s) Exhibit B - Proof of Claim   Page 23 of 23
Case 2:08-cv-05281-WJM-CCC   Document 1-3   Filed 10/27/2008   Page 2 of 2

JS 44 Reverse (Rev. 12/07, NJ 1/08)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.     Origin. Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

VI.     Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity.     Example:     U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII.     Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.     Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Provide a brief explanation of why the cases are related.

Date and Attorney Signature. Date and sign the civil cover sheet.