**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **CIRCUIT CITY STORES, INC.,** | ) | Case No. 08-35653-KRH |
| et. al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**RESPONSE TO DEBTORS' THIRTY-SIXTH OMNIBUS OBJECTION**
**TO CLAIMS (DISALLOWANCE OF CERTAIN CLAIMS**
**RELATING TO SHORT TERM INCENTIVE PLAN)**

Elizabeth R. Warren, by counsel, hereby files this Response (the "Response") to the Debtors' Thirty-Sixth Omnibus Objection to Claims (Disallowance of Certain Claims Relating to Short Term Incentive Plan) (the "Objection"), and in support thereof respectfully states as follows:

1. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code.

2. On April 1, 2009, the Court entered an Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections.

3. In January 2009, Ms. Warren filed a proof of claim in Debtors' cases in the amount of $17,466.00 for amounts due to her under the Debtors' pre-petition short term incentive plan (the "STIP"). The claim has been designated as Claim Number 4378 in the Debtors' official claims register.

4. On August 20, 2009, the Debtors filed the Objection alleging that Ms. Warren "did not meet the requirements of the STIP to be entitled to payment." See Objection, ¶ 11.

1

Further the Debtors state that "No STIP bonus was made for any employee in 2009 because the goals and objectives of the STIP were not met."  <u>See</u> Objection, ¶ 15.

5.Ms. Warren remained employed with the company through and including at least February 2009, more than 6 weeks past the date on which employees were notified that the company would be forced to liquidate its assets and close all of its locations resulting in a complete termination of employees at all Circuit City locations.  At the time Circuit City laid off Ms. Warren, she was on track to achieve a "5" for the portion of the STIP related to her personal goals.  The assurances of the company of payment under the STIP was a major factor in Ms. Warren maintaining her employment with the Debtors during the period leading up to and after the filing of these cases.

6.Claim Number 4378 consists of a claim for the portion of the STIP owed to Ms. Warren relating to her individual performance goals, not any company related goals or objectives.  The amount is calculated as follows: (annual salary * bonus potential percentage) * 120% (for achieving a "5" rating) * 50% (personal portion of bonus).  Applying Ms. Warren's salary the calculation follows as: ($116,438 * 25%) * 120% * 50% or $29,110 *120% * 50% = $17,466.  Attached hereto as <u>Exhibit A</u>, and expressly incorporated herein is documentation setting forth the basis for the calculation of short term management incentive plans.

7.Under Bankruptcy Rule 3001(f), a properly-filed proof of claim constitutes "prima facie evidence of the validity and amount of the claim" and is deemed allowed unless objected to by a party in interests.  <u>See</u> Fed. R. Bankr. P. 3001(f); 11 U.S.C. § 502(a).

8.The Bankruptcy Code and Bankruptcy Rules establish a "burden-shifting framework for proving the amount and validity of a claim. . . ." *In re Harford Sands Inc.*, 372 F.3d 637, 640 (4th Cir. 2004).  Under this framework, the objecting party must produce evidence

sufficient to overcome the presumptive validity and amount of a properly-filed claim. See *In re Fleming,* No. 08-30200, 2008 WL 4736269, at *1 (Bankr. E.D. Va. Oct. 15, 2008) ("It has long been the rule that the party objecting to the proof of claim must present sufficient evidence to overcome the prima facie validity of a properly and timely filed proof of claim.") (internal citation omitted). Moreover, "the mere filing of an objection does not satisfy this requirement." *Id.*; see also 2 Alan N. Resnick and Henry J. Sommer, eds., *Collier Bankruptcy Manual*, ¶ 502.02[3][f] (3d ed. Rev. 2008) ("Unless the trustee, as objector, introduces evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim.").

9.  The Objection solely alleges that, in general, requirements and thresholds were not met for STIP bonuses and all former or current employees whose claims are included in the Objection are not entitled to STIP bonuses. There is no evidence, information, or even specific allegations as to the claims individually or the amounts asserted therein. The Debtors' general objection does not meet its burden under Section 502 of the Bankruptcy Code to set forth a valid objection to Claim Number 4378.

WHEREFORE, Elizabeth R. Warren prays that the Objection be denied, and Claim Number 4378 be allowed in its entirety.

Dated: September 15, 2009                     DURRETTEBRADSHAW, PLC

 /s/ Elizabeth L. Gunn
Roy M. Terry, Jr., VSB No. 17764
John C. Smith, VSB No. 44556
Elizabeth L. Gunn, VSB No. 71044
DurretteBradshaw PLC
600 East Main Street, 20th Floor
Richmond, VA 23219
Tel: 804-775-6900
Fax: 804-775-6911
Counsel to Elizabeth R. Warren

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of September, 2009, I cause a copy of the foregoing Response to be served on all parties that receive service through the Court's CM/ECF system, and by electronic mail on the following:

Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
Attn: Gregg M. Galardi (gregg.galardi@skadden.com)
Attn: Ian S. Fredericks (ian.fredericks@skadden.com)

Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606
Attn: Chris L Dickerson (chris.dickerson@skadden.com)

McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Attn: Dion W. Hayes (dhayes@mcguirewoods.com)
Attn: Douglas M. Foley (dfoley@mcguirewoods.com)

                                                /s/ Elizabeth L. Gunn