# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| Circuit City Stores, Inc., et al., | § | Case No. 08-35653 (KHR) |
| | § | |
| Debtors. | § | (Jointly Administered) |

### ANTOR MEDIA CORPORATION'S RESPONSE TO DEBTOR'S THIRTY-FIRST OMNIBUS OBJECTIONS TO CLAIMS (DISALLOWANCE OF CERTAIN LEGAL CLAIMS)

In response to Debtor's *Thirty-First Omnibus Objections to Claims (Disallowance of Certain Legal Claims)*, ANTOR MEDIA CORPORATION ("Antor") files this Response, which was timely but inadvertently filed in the Claims Register as Document No. 209.

1. **Name and Address of Responding Party**. This Response is made on behalf of ANTOR MEDIA CORPORATION, 3100 Independence Parkway, Suite 311#301, Plano, TX 75075.

2. **Nature of the Claim or Interest.** Antor brought suit for infringement of U.S. Patent No. 5,734,961 (the "'961 patent") against AEBN, Inc., et al. including Circuit City Stores, Inc. ("Circuit City") in the Eastern District of Texas on November 5, 2007.[1] The litigation against Circuit City was subsequently stayed due to a pending reexamination. Re-examination of the '961 patent is still pending and the litigation against Circuit City is still stayed. Prior to the pending re-examination, Antor successfully licensed the '961 patent to several companies accused of infringement. Subject to the successful re-examination, there is a strong likelihood that Antor will prevail on its claims against Debtor and there is no reason to treat this matter

---

[1] It appears that Debtor's objection to Antor's claim is based on §502(e)(1)(B) of the Bankruptcy Code. Antor's claim is not based on "co-liability" and is not a claim for "reimbursement or contribution" as contemplated by Bankruptcy Code §502(e)(1)(G). In addition, no other section of §502 requires disallowance of Antor's claim.

similar to prospective or other threatened litigation as Debtor has done in its objection to all legal claims. If the re-examination proceeding is not ultimately successful, then the case against Debtor will not proceed. But there is no just reason to dismiss Antor's claim outright simply because it is in pending litigation.

Assuming the '961 patent emerges from the re-examination process, Antor will notify the Court of the status of the claim and the litigation involving Debtor, Circuit City.

Pursuant to the court's order, Antor requests a hearing on this matter at a time convenient to all parties and the court.

WHEREFORE, for the foregoing reasons, Antor requests this Court enter an order overruling Debtor's objection to Antor's claims and granting such other and further relieve as this Court deems just and appropriate.

                Respectfully submitted,

Date: September 16, 2009

                /s/ Nancy R. Schlichting
                ATTORNEY FOR ANTOR MEDIA CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of September, 2009, I electronically filed the foregoing document with the Clerk of the Court for the U.S. Bankruptcy Court, Eastern District of Virginia, Richmond Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                /s/ Nancy R. Schlichting
                ATTORNEY FOR ANTOR MEDIA CORPORATION