Gregg M. Galardi, Esq.               Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.              Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &      MCGUIREWOODS LLP
FLOM, LLP                            One James Center
One Rodney Square                    901 E. Cary Street
PO Box 636                           Richmond, Virginia 23219
Wilmington, Delaware 19899-0636      (804) 775-1000
(302) 651-3000

           - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

           IN THE UNITED STATES BANKRUPTCY COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :    Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :    Case No. 08-35653 (KRH)
et al.,                      :
                             :
          Debtors.           :    Jointly Administered
- - - - - - - - - - - - - - x

           NOTICE OF FILING REVISED PROPOSED ORDER
    APPROVING (I) DISCLOSURE STATEMENT, (II) NOTICE OF THE
DISCLOSURE STATEMENT HEARING, (III) HEARING DATE TO CONSIDER
   CONFIRMATION OF THE PLAN, (IV) PROCEDURES FOR FILING
 OBJECTIONS TO PLAN, (V) VOTING AGENT AND DEADLINES RELATED
   TO SOLICITATION AND CONFIRMATION, (VI) PROCEDURES WITH
 RESPECT TO CERTAIN CLAIMS AND (VII) SOLICITATION PROCEDURES
           FOR CONFIRMATION OF THE PLAN

          **PLEASE TAKE NOTICE THAT** the above-captioned Debtors
(the "Debtors") filed a revised proposed Order Approving (I)
Disclosure Statement, (II) Notice of the Disclosure
Statement Hearing, (III) Hearing Date to Consider
Confirmation of the Plan, (IV) Procedures for Filing

Objections to Plan, (V) Voting Agent and Deadlines Related
to Solicitation and Confirmation, (VI) Procedures with
Respect to Certain Claims and (VII) Solicitation Procedures
for Confirmation of the Plan (the "Proposed Order").

A copy of the Proposed Order and a blackline are
attached hereto as <u>Exhibit 1</u> and <u>Exhibit 2</u>, respectively.


Dated: September 16, 2009        SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia       FLOM, LLP
                                Gregg M. Galardi, Esq.
                                Ian S. Fredericks, Esq.
                                P.O. Box 636
                                Wilmington, Delaware 19899-0636
                                (302) 651-3000

                                        - and -

                                SKADDEN, ARPS, SLATE, MEAGHER &
                                FLOM, LLP
                                Chris L. Dickerson, Esq.
                                155 North Wacker Drive
                                Chicago, Illinois 60606
                                (312) 407-0700

                                        - and -

                                MCGUIREWOODS LLP

                                _/s/ Douglas M. Foley___
                                Dion W. Hayes (VSB No. 34304)
                                Douglas M. Foley (VSB No. 34364)
                                One James Center
                                901 E. Cary Street
                                Richmond, Virginia 23219
                                (804) 775-1000

                                Counsel for Debtors and Debtors
                                in Possession


\9912624

Exhibit 1

[Revised Proposed Order]

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
|  | : |  |
| In re: | : | Chapter 11 |
|  | : |  |
| Circuit City Stores, Inc., et al., | : | Case No. 08-35653 (KRH) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER APPROVING (I) DISCLOSURE STATEMENT, (II) NOTICE OF THE DISCLOSURE STATEMENT HEARING, (III) HEARING DATE TO CONSIDER CONFIRMATION OF THE PLAN, (IV) PROCEDURES FOR FILING OBJECTIONS TO PLAN, (V) VOTING AGENT AND DEADLINES RELATED TO SOLICITATION AND CONFIRMATION, (VI) PROCEDURES WITH RESPECT TO CERTAIN CLAIMS AND (VII) SOLICITATION PROCEDURES FOR CONFIRMATION OF THE PLAN**

Upon the motion (the "Motion")[1] of the Debtors and the statutory committee of unsecured creditors (the "Creditors' Committee" and together with the Debtors, the "Plan Proponents") for entry of an order approving (i) the Disclosure Statement  (the "Disclosure Statement") with respect to the Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"), (ii) notice of the Disclosure Statement Hearing, (iii) a hearing date to consider confirmation of the Plan, (iv) procedures for filing objections to confirmation of the Plan, (v) the voting agent and certain deadlines related to solicitation and confirmation, (vi) procedures with respect to certain claims and (vii) procedures for soliciting and tabulating votes on the Plan; and the Court having reviewed and considered (i) the Disclosure Statement, (ii) the Motion, (iii) the adequacy of notice, and (iv) the evidence

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

proffered or adduced at the Disclosure Statement Hearing; and after due deliberation thereon, and good cause appearing therefor, the Court hereby finds as follows:

A.      The Disclosure Statement complies with the requirements of title 11 of the United States Code (the "Bankruptcy Code"), and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and contains adequate information as that term is defined in Bankruptcy Code section 1125.  Specifically, but without limitation, the Disclosure Statement complies with the requirements of Bankruptcy Rule 3016(c) by sufficiently describing in specific and conspicuous bold language the provisions of the Plan that provide for releases and injunctions against conduct not otherwise enjoined under the Bankruptcy Code and sufficiently identifies the persons and entities that are subject to the releases and injunctions.

B.      Nothing has come to the attention of the Court to suggest that (i) all material information regarding the Debtors, their respective assets, affairs, and financial condition, and the liquidation provided for under the Plan has not been set forth in the Disclosure Statement and the Debtors' public filings with the Securities and Exchange Commission before the date hereof (or the exhibits or appendices thereto), or that all such material information has not been disclosed fully and adequately thereby, or (ii) there is material nonpublic information regarding the Debtors, their respective assets, affairs, or financial conditions, or the liquidation provided for under the Plan that has not been disclosed.

C.      The Plan Proponents' notice to all parties in interest of the Disclosure Statement Hearing and the time fixed for filing objections to the Disclosure Statement was good and sufficient under the particular circumstances and no other or further notice need be given.

D.      The Plan Proponents' proposed solicitation schedule, as set forth below, is fair and reasonable:

| **DATE** | **EVENT** |
|---|---|
| September 18, 2009 | Disclosure Statement Objection Deadline |
| September 22, 2009 | Disclosure Statement Hearing |
| September 22, 2009 | Voting Record Date |
| September 30, 2009 | Solicitation Mailing Date |
| September 30, 2009 | Deadline to Publish Confirmation Hearing Notice |
| October 20, 2009 | Deadline for Debtors to Object to Claims for Voting Purposes |
| November 5, 2009 | Exhibit Filing Deadline |
| November 10, 2009 | Voting Deadline |
| November 10, 2009 | Rule 3018(a) Motion Deadline |
| November 16, 2009 | Confirmation Objection Deadline |
| November 23, 2009 | Confirmation Hearing |

E.    The Plan Proponents' proposed solicitation procedures, as described more fully in the Motion, are fair and reasonable.

F.    The Plan Proponents' proposed procedures with respect to Disputed Claims, Unliquidated Claims and claims (a) that are either (i) not scheduled or (ii) scheduled in the Schedules and Statements at zero, as unknown or as disputed, contingent or unliquidated, and (b) that are not the subject of (i) timely-filed proofs of claim filed by the applicable Court-established bar date or (ii) proofs of claim deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline, as described more fully in the Motion, are fair and reasonable.

G.    The Plan Proponents' proposed procedures for transmitting the Disclosure Statement, the Plan, the Ballots, and the voting instructions are adequate and comply with the requirements of Bankruptcy Rule 3017(d) and (e).

3

H.      Good and sufficient cause exists under Bankruptcy Rule 3017(d)(4) for the establishment of the Record Date as September 22, 2009.

I.      Good and sufficient cause exists under Bankruptcy Rule 3017(c) for the establishment of the Voting Deadline as November 10, 2009.

J.      Upon the record of the Disclosure Statement Hearing and these cases, the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, their interest holders, and other parties in interest.

Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.      The Motion is GRANTED.

2.      Notice of the Disclosure Statement Hearing was properly and timely given and was sufficient.  No further notice is necessary or required with respect to the Court's consideration of the Motion or the Disclosure Statement.

3.      Approval Of Disclosure Statement.  Pursuant to Bankruptcy Rule 3017(b), the Disclosure Statement (Docket No. 4614) is approved as containing adequate information within the meaning of Bankruptcy Code section 1125(a).

4.      The Plan Proponents are authorized to (i) make non-material changes to the Disclosure Statement and related documents (including the exhibits thereto and to the Motion) and (ii) revise the Disclosure Statement and related documents (including the exhibits thereto) to add further disclosure concerning events occurring at or after the Disclosure Statement Hearing, before distributing it to each person and entity in accordance with the terms of this Order; provided, however, that the Plan Proponents shall file copies with the Court of any changed pages blacklined to show such changes.

4

5.    <u>Confirmation Hearing Date</u>.  The hearing to consider confirmation of the

Plan (the "Confirmation Hearing"), as the same may be further modified or amended, shall

commence on November 23, 2009 (the "Confirmation Hearing Date"), at 10:00 a.m. (Eastern),

or as soon thereafter as counsel can be heard, before the undersigned United States Bankruptcy

Judge, in the United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad

Street, Room 5000, Richmond, VA 23219.  The Confirmation Hearing may be adjourned from

time to time by announcing such adjournment in open court or otherwise, all without further

notice to parties in interest.

6.    <u>Confirmation Hearing Notice</u>.  The form of notice of the Confirmation

Hearing and the Confirmation Objection Deadline (the "Confirmation Hearing Notice") annexed

hereto as <u>Exhibit A</u> is approved and shall be included in the Solicitation Packages and mailed to

Unimpaired Creditors, Non-Voting Creditors and creditors holding Disputed Claims.  The

Confirmation Hearing Notice complies with the requirements of Bankruptcy Rules 2002(c)(3)

and 3017(f) by including in conspicuous bold language a statement that the Plan proposes

releases, exculpations and injunctions against conduct not otherwise enjoined under the

Bankruptcy Code, describing briefly the nature of the releases, exculpations and injunctions,

identifying the persons and entities that are subject to the releases, exculpations and injunctions,

and providing those persons and entities that are not receiving Solicitation Packages with contact

information to obtain a copy of the Plan and Disclosure Statement.

7.    To supplement notice of the Confirmation Hearing, the Plan Proponents

shall transmit the Confirmation Hearing Notice to parties to executory contracts and unexpired

leases, which parties are not currently "creditors" as defined in Bankruptcy Code section 101(10).

In addition, the Plan Proponents shall give supplemental publication notice of the Confirmation

Hearing by causing the Confirmation Hearing Notice to be published before, or as soon as

5

practicable after September 30, 2009, but in any event not fewer than 25 days before the

Confirmation Hearing in the <u>Wall Street Journal</u> (Global Edition), the <u>New York Times</u> and the

<u>Richmond Times Dispatch</u>.  As to those persons and entities subject to the injunctions, and not

receiving a copy of <u>Exhibit A</u> as provided herein, notice by publication as set forth above is

sufficient notice as permitted by Bankruptcy Rule 2002(l).

        8.      <u>Confirmation Objection Deadline</u>.  November 16, 2009 at 4:00 p.m.

(Eastern) (the "Confirmation Objection Deadline") is fixed as the last date and time for filing and

serving objections to confirmation of the Plan (the "Confirmation Objections").  Confirmation

Objections, if any, must (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local

Bankruptcy Rules for the Eastern District of Virginia, (iii) set forth the name of the objector and

the nature and amount of any claim or interest asserted by the objector against or in the Debtors,

their estates, or their property, (iv) state with particularity the legal and factual bases for the

objection, (v) be filed with the Bankruptcy Court together with proof of service, (vi) be

submitted in hard-copy form directly to the chambers of the Honorable Kevin Huennekens and

(vii) be served by personal service, overnight delivery, or first-class mail, so as to be <u>RECEIVED</u>

no later than the Confirmation Objection Deadline, by the following (collectively, the "Notice

Parties"):

        <u>The Debtors</u>

        If by first-class mail:

        Circuit City Stores, Inc.
        P.O. Box 5695
        Glen Allen, VA 23058-5695
        (Attn: Michelle Mosier)

        If by overnight delivery or personal service:

        Circuit City Stores, Inc.
        4951 Lake Brook Drive

Suite #500
Glen Allen, VA 23060
(Attn: Michelle Mosier)

Counsel For The Debtors

If by first-class mail:

Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-636
(Attn: Gregg M. Galardi and Ian S. Fredericks)

If by overnight delivery or personal service:

Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
10th and King Streets, 7th Floor
Wilmington, DE 19801
(Attn: Gregg M. Galardi and Ian S. Fredericks)

and

Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive
Chicago, IL 60606
(Attn: Chris L. Dickerson and Jessica S. Kumar)

and

McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
(Attn: Douglas M. Foley and Sarah B. Boehm)

Counsel For The Creditors' Committee

Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067
(Attn: Jeffrey N. Pomerantz and Stanley E. Goldich)

and

Pachulski Stang Ziehl & Jones, LLP

7

780 Third Avenue, 36th Floor
New York, NY 10017
(Attn: Robert J. Feinstein)

and

Tavenner & Beran, PLC
20 N. Eighth Street, Second Floor
Richmond, VA 23219
(Attn: Lynn L. Tavenner and Paula S. Beran)

The United States Trustee

701 East Broad Street, Suite 4304
Richmond, VA 23219
(Attn: Robert B. Van Arsdale)

Confirmation Objections not timely filed and served in the manner set forth above shall not be considered by the Court and shall be deemed overruled.

9.      Voting Agent.  Kurtzman Carson Consultants, LLC (the "Voting Agent") is authorized to be Debtors' solicitation and noticing agent to assist the Plan Proponents in mailing Solicitation Packages and notices, receiving and tabulating Ballots cast on the Plan, and certifying to the Court the results of balloting.

10.      Record Date.  Notwithstanding anything to the contrary in Bankruptcy Rule 3017(d), September 22, 2009 shall be the record date (the "Record Date") for purposes of determining (i) creditors and interest holders entitled to receive Solicitation Packages and other notices and (ii) creditors entitled to vote to accept or reject the Plan that are entitled to receive a Solicitation Package and to vote on the Plan.  Only those holders of claims on the Record Date in Classes 3 and 4 shall be entitled to vote or, with respect to the remaining classes, receive notice.

11.      Solicitation Mailing Date.  The Voting Agent shall mail Solicitation Packages and other notices to the persons identified by the Record Date on, or as soon as reasonably practicable after, September 30, 2009 (the "Solicitation Mailing Date").

8

12.    <u>Voting Deadline</u>.  Pursuant to Bankruptcy Rule 3017(c), November 10, 2009, at 4:00 p.m. (Eastern) (the "Voting Deadline") shall be the last date and time by which Ballots for accepting or rejecting the Plan must be received by the Voting Agent to be counted. Subject to paragraphs 24 and 25 below, to be counted, Ballots must be returned to and received by the Voting Agent on or before the Voting Deadline by (i) mail, (ii) overnight delivery, or (iii) hand delivery.  Any Ballot submitted by electronic or facsimile transmission will <u>not</u> be counted.

13.    <u>Rule 3018(a) Motions</u>.  The deadline for the filing and serving of motions requesting temporary allowance of a movant's claim or interest for purposes of voting pursuant to Bankruptcy Rule 3018(a) ("Rule 3018(a) Motion(s)") shall be 4:00 p.m. (Eastern) on November 10, 2009 (the "Rule 3018(a) Motion Deadline").  Rule 3018(a) Motions shall be filed with the Clerk of the Court and served on the Notice Parties in the manner set forth for objections to the confirmation of the Plan.  Any party timely filing and serving a Rule 3018(a) Motion shall be provided a provisional ballot upon request to the Voting Agent and be permitted to cast a provisional vote to accept or reject the Plan.  If, and to extent that, the Plan Proponents and such party are unable to resolve the issues raised by the Rule 3018(a) Motion, then at the Confirmation Hearing, the Court shall determine whether the provisional ballot should be counted as a vote on the Plan.

14.    <u>Disputed Claims</u>.  Any holder of a claim, as defined in Bankruptcy Code section 101(5), to which the Debtors have filed or file an objection by October 20, 2009 seeking to disallow the claim, and who would otherwise be entitled to vote on the Plan (such claims, the "Disputed Claims"), shall not be entitled to vote on the Plan and not be counted in determining whether the requirements of Bankruptcy Code section 1126(c) have been met with respect to the Plan (except to the extent and in the manner as may be set forth in the objection) (a) unless such holder has filed a Rule 3018(a) Motion as set forth above and had its claim temporarily allowed

9

for voting purposes or (b) except to the extent that, on or before the Voting Deadline, the objection to such claim has been withdrawn or resolved in favor of the creditor asserting the claim.

15.    Any holder of a claim to which the Debtors have filed or file by October 20, 2009 an objection requesting the Court to modify claims either in (a) amount or (b) Plan class shall be allowed to vote in the amount and class set forth in the Debtors' objection.  Solicitation Packages shall be transmitted to the appropriate parties based upon the Debtors' records as of the Record Date.

16.    <u>Unliquidated Claims</u>.  For any person or entity who filed a proof of claim reflecting a claim or portion of a claim that is unliquidated and who would otherwise be entitled to vote on the Plan (such claims, the "Unliquidated Claims"), the Unliquidated Claim shall be allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is not unliquidated, or, if the entire claim is reflected as unliquidated, then the claim will be counted for purposes of determining whether a sufficient number of the allowed claims in the corresponding class has voted to accept the Plan, but the allowed amount of the claim for voting purposes will be $1.00, subject to the right of such holder to file a Rule 3018(a) Motion as set forth above.

17.    <u>Unscheduled Claims or Claims Scheduled as Disputed, Contingent, or Unliquidated</u>.  Pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 3003(c)(2), any holder of a claim (a) that is either (i) not scheduled or (ii) scheduled in the Schedules and Statements at zero, as unknown or as disputed, contingent or unliquidated, and (b) that is not the subject of (i) a timely-filed proof of claim filed by the applicable Court-established bar date or (ii) a proof of claim deemed timely filed by an order of the Bankruptcy Court before the Voting

10

Deadline, shall not be treated as a creditor or equity security holder with respect to such claim or interest for purposes of voting on or objecting to the Plan.

18.    <u>Claims against Multiple Debtors</u>.  To the extent that a creditor filed a claim against more than one Debtor on account of the same underlying obligation, such creditor will only receive one ballot and may only vote one time in the amount of one such claim, as may be modified for voting purpose or otherwise, on account of such obligation, notwithstanding the number of Debtors against which the creditor filed such claims.

19.    <u>Consolidated Ballots</u>.  To the extent that a creditor filed more than one claim against the Debtors on account of different obligations, such creditor will only receive one ballot and may only vote one time; <u>provided</u>, <u>however</u>, that the amount of such creditor's claims will be aggregated on the ballot for voting purposes.

20.    <u>Content And Transmittal Of Solicitation Packages</u>.  On or before September 30, 2009 (the "Solicitation Mailing Deadline"), the Plan Proponents shall cause Kurtzman Carson Consultants LLC (the "Voting Agent" or "KCC") to transmit by first class mail to the holders of claims entitled to vote in Class 3 and Class 4 as of the Record Date, a solicitation package containing a copy or conformed version of:

- the Confirmation Hearing Notice;

- the appropriate Ballot as set forth herein for the specific creditor, with appropriate voting instructions, in substantially the forms attached hereto as <u>Exhibit B</u> (as may be modified for particular classes and with instructions attached thereto), and a pre-addressed postage prepaid return envelope;

- a CD-ROM containing the Solicitation Procedures Order (without exhibits attached), the Disclosure Statement, the Plan, and the publicly filed materials appended thereto; and

- to the extent appropriate, and at the discretion of the Plan Proponents, an Internal Revenue Service form W-9 (Request for Taxpayer Identification Number and Certification) to be returned with a party's Ballot.

The Voting Agents shall transmit the Solicitation Package to: (i) the United States Trustee, (ii) the Securities and Exchange Commission, (iii) the Internal Revenue Service  and (iv) creditors holding claims in a class designated as impaired and entitled to vote on the Plan.

21.    <u>Ballots and Notices</u>.  The Plan Proponents' proposed forms of ballots (the "Ballots", in substantially the forms annexed to this order as <u>Exhibit B</u> (as may be specifically modified for particular classes of claims), are hereby approved for use in connection with the Plan Proponents' solicitation of votes to accept or reject the Plan.

22.    The Unimpaired Creditors in Classes 1 and 2 are conclusively presumed to have accepted the Plan and solicitation of votes from those Creditors is not required.  In lieu of a Ballot, holders of claims in Class 1 and Class 2 shall be sent the Confirmation Hearing Notice and the Unimpaired Creditor Notice, substantially in the form of <u>Exhibit C</u> to this order.

23.    The Non-Voting Creditors in Classes 5, 6, 7 and 8 are conclusively presumed to have rejected the Plan and solicitation of votes from those creditors and interest holders shall not be required.  In lieu of a Ballot, holders of claims and interests in Classes 5, 6, 7 and 8, as well as holders of Disputed Claims, shall be sent the Confirmation Hearing Notice and the Notice of Non-Voting Status, substantially in the form of <u>Exhibit D</u> to this order.

24.    The holders of claims in Classes 3 and 4 to which the Debtors file an objection seeking to disallow the claim after the Solicitation Mailing Date and on or prior to October 20, 2009, shall be sent the Notice of Changed Voting Status, substantially in the form of <u>Exhibit E</u> to this order.

25.    Service of all notices and documents described herein in the time and manner as set forth herein, including the service and publication of the Confirmation Hearing Notice and the Confirmation Hearing Publication Notice, as described in the Motion, shall be adequate and sufficient and no other or further notice will be necessary.

12

26.    <u>When No Notice or Transmittal Necessary</u>.  The Plan Proponents shall not be required to send Solicitation Packages to creditors whose claims already have been paid in full or that are authorized to be paid in full in the ordinary course of business pursuant to orders entered by this Court or the terms of the Plan, but the Plan Proponents are authorized, in their sole discretion, to provide such parties with the Notice of Non-Voting Status attached hereto <u>Exhibit D</u>.  The Plan Proponents shall not be required to give notice or effectuate service of any kind upon any person or entity to which the Plan Proponents mailed a Disclosure Statement Hearing Notice and received any of these notices returned by the U.S. Postal Service marked "undeliverable as addressed," "moved – left no forwarding address," "forwarding order expired," or a similar reason for return of the notice, unless the Debtors have been informed in writing by that person or entity of the person's or entity's new address.

27.    <u>Procedures For Vote Tabulation</u>.  Any Ballot timely received by a claimholder who is entitled to vote and that contains sufficient information to permit the identification of the claimholder and is cast as an acceptance or rejection of the Plan shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.  The foregoing general procedures will be subject to the following clarifications and exceptions:

(i)     If a claim is subject to a potential avoidance action, this action will not, by itself, cause the claim to lose the benefit of deemed allowance with respect to voting on the Plan;

(ii)    If a claim for which a proof of claim has been filed is marked as unliquidated or partially unliquidated, the claim is temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is not unliquidated, or, if the entire claim is reflected as unliquidated, in the amount of $1.00;

(iii)   If a claim is a Disputed Claim for which no Rule 3018(a) Motion has been filed by the Rule 3018(a) Motion Deadline, the claim is temporarily

disallowed for voting purposes only and not for the purposes of allowance or distribution;

(iv)    If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, the claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution; and

(v)    If a creditor has filed a claim against more than one Debtor on account of the same underlying obligation, such creditor will only receive one ballot and may only vote one time on account of such obligation, notwithstanding the number of Debtors against which the creditor filed claims.

28.    The following ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

(i)    Any Ballot received after the Voting Deadline unless the Plan Proponents have granted an extension in writing of the Voting Deadline with respect to that Ballot;

(ii)    Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant or interest holder;

(iii)    Any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

(iv)    Any Ballot submitted by facsimile transmission or other electronic means of transmission;

(v)    Any unsigned Ballot;

(vi)    Any Ballot cast in a manner that neither indicates an acceptance nor rejection of the Plan or that indicates both an acceptance and rejection of the Plan;

(vii)    Any Ballot cast for a claim scheduled as disputed, contingent or unliquidated and for which no proof of claim was (i) filed by the Court-established bar date or (ii) deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline; and

(viii)    Any Ballot cast for a claim that is a Disputed Claim and for which no Rule 3018(a) Motion has been filed by the Rule 3018(a) Motion Deadline.

29.    Notwithstanding Bankruptcy Rule 3018(a), whenever two or more ballots are cast voting the same claim or interest before the Voting Deadline, the latest dated ballot

14

received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior ballots; provided, however, that where an ambiguity exists as to which ballot was the latest transmitted, the Voting Agent is permitted to contact the voting party and calculate the vote according to the party's stated intent.  The foregoing shall be without prejudice to the Plan Proponents' right to object to the validity of the second ballot on any basis permitted by law and, if the objection is sustained, to count the first ballot for all purposes.

30.      Parties who have delivered a valid ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline.  To be valid, a notice of withdrawal must (i) contain the description of the claims to which it relates, including, at a minimum, the claim number from the Voting Agent's claim register and the aggregate principal amount represented by such claim(s), (ii) be signed by the withdrawing party in the same manner as the ballot being withdrawn, and (iii) contain a certification that the withdrawing party owns the claims and possesses the right to withdraw the vote sought to be withdrawn.  The Plan Proponents are permitted to consult with the Voting Agent to determine whether any withdrawals of ballots were received and whether the requisite acceptances of the Plan have been received.  The Plan Proponents shall have a right to contest the validity of any such withdrawals of ballots.  A purported notice of withdrawal of ballots which is not received in a timely manner by the Voting Agent will not be effective to withdraw a previously cast ballot.

31.      Vote splitting shall not be permitted and creditors who vote must vote all their claims either to accept or reject the Plan.

32.      Plan Exhibits And Disclosure Statement Appendices Filing Deadline.  The Plan Proponents shall file all exhibits and schedules to the Plan and appendices to the Disclosure Statement with the Court on or before November 5, 2009 (the "Exhibit Filing Deadline").  After

15

the Exhibit Filing Deadline, copies of exhibits to the Plan and appendices to the Disclosure

Statement shall be available by accessing the Debtors' case information website at

http://www.kccllc.net/circuitcity, and may also be obtained upon reasonable written request from

the Voting Agent, Kurtzman Carson Consultants, LLC, 2335 Alaska Avenue, El Segundo, CA

90245, Attn: Circuit City Stores, Inc., et al., (888) 830-4650.  The Plan Proponents shall not be

required to serve the exhibits and schedules to the Plan and appendices to the Disclosure

Statement upon any of the parties in interest in these cases.


Dated:  Richmond, Virginia
            _____, 2009


                        _____ _
                        UNITED STATES BANKRUPTCY JUDGE



WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

            – and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

            – and –

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP

16

One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession


PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski, Esq.
Jeffrey N. Pomerantz, Esq.
Stanley E. Goldich, Esq.
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100

       – and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, NY 10017-2024

       – and –

TAVENNER & BERAN, PLC

_____
Lynn L. Tavenner, Esq. (VSB No. 30083)
Paula S. Beran, Esq. (VSB No. 34679)
20 North Eighth Street, Second Floor
Richmond, Virginia 23219

Counsel for the Creditors' Committee


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

               /s/ Douglas M. Foley

17

**EXHIBIT A**

**(Confirmation Hearing Notice)**

**EXHIBIT B**

**(Ballots)**

**EXHIBIT C**

**(Unimpaired Creditor Notice)**

**EXHIBIT D**

**(Notice of Non-Voting Status)**

**EXHIBIT E**

**(Notice of Changed Voting Status)**

Exhibit 2

[Blackline]

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| Circuit City Stores, Inc., et al., | : | Case No. 08-35653 (KRH) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER APPROVING (I) DISCLOSURE STATEMENT, (II) NOTICE OF THE DISCLOSURE STATEMENT HEARING, (III) HEARING DATE TO CONSIDER CONFIRMATION OF THE PLAN, (IV) PROCEDURES FOR FILING OBJECTIONS TO PLAN, (V) VOTING AGENT AND DEADLINES RELATED TO SOLICITATION AND CONFIRMATION, (VI) PROCEDURES WITH RESPECT TO CERTAIN CLAIMS AND (VII) SOLICITATION PROCEDURES FOR CONFIRMATION OF THE PLAN**

Upon the motion (the "Motion")[1] of the Debtors and the statutory committee of unsecured creditors (the "Creditors' Committee" and together with the Debtors, the "Plan Proponents") for entry of an order approving (i) the Disclosure Statement (the "Disclosure Statement") with respect to the Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"), (ii) notice of the Disclosure Statement Hearing, (iii) a hearing date to consider confirmation of the Plan, (iv) procedures for filing objections to confirmation of the Plan, (v) the voting agent and certain deadlines related to solicitation and confirmation, (vi) procedures with respect to certain claims and (vii) procedures for soliciting and tabulating votes on the Plan; and the Court having reviewed and considered (i) the Disclosure Statement, (ii) the Motion, (iii) the adequacy of notice, and (iv) the evidence proffered or adduced

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

at the Disclosure Statement Hearing; and after due deliberation thereon, and good cause appearing

therefor, the Court hereby finds as follows:

A.      The Disclosure Statement complies with the requirements of title 11 of the

United States Code (the "Bankruptcy Code"), and the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and contains adequate information as that term is defined in Bankruptcy

Code section 1125.  Specifically, but without limitation, the Disclosure Statement complies with

the requirements of Bankruptcy Rule 3016(c) by sufficiently describing in specific and

conspicuous bold language the provisions of the Plan that provide for releases and injunctions

against conduct not otherwise enjoined under the Bankruptcy Code and sufficiently identifies the

persons and entities that are subject to the releases and injunctions.

B.      Nothing has come to the attention of the Court to suggest that (i) all material

information regarding the Debtors, their respective assets, affairs, and financial condition, and the

liquidation provided for under the Plan has not been set forth in the Disclosure Statement and the

Debtors' public filings with the Securities and Exchange Commission before the date hereof (or

the exhibits or appendices thereto), or that all such material information has not been disclosed

fully and adequately thereby, or (ii) there is material nonpublic information regarding the Debtors,

their respective assets, affairs, or financial conditions, or the liquidation provided for under the

Plan that has not been disclosed.

C.      The Plan Proponents' notice to all parties in interest of the Disclosure

Statement Hearing and the time fixed for filing objections to the Disclosure Statement was good

and sufficient under the particular circumstances and no other or further notice need be given.

D.      The Plan Proponents' proposed solicitation schedule, as set forth below, is

fair and reasonable:

2        DeltaView comparison of pcdocs://chisr02a/768139/2 and pcdocs://chisr02a/768139/3.
Performed on 9/16/2009.

| **DATE** | **EVENT** |
|---|---|
| September 18, 2009 | Disclosure Statement Objection Deadline |
| September 22, 2009 | Disclosure Statement Hearing |
| September 22, 2009 | Voting Record Date |
| September 30, 2009 | Solicitation Mailing Date |
| September 30, 2009 | Deadline to Publish Confirmation Hearing Notice |
| October 20, 2009 | Deadline for Debtors to Object to Claims for Voting Purposes |
| November 5, 2009 | Exhibit Filing Deadline |
| November 10, 2009 | Voting Deadline |
| November 10, 2009 | Rule 3018(a) Motion Deadline |
| November 16, 2009 | Confirmation Objection Deadline |
| November 23, 2009 | Confirmation Hearing |

E.      The Plan Proponents' proposed solicitation procedures, as described more fully in the Motion, are fair and reasonable.

F.      The Plan Proponents' proposed procedures with respect to Disputed Claims, Unliquidated Claims and claims (a) that are either (i) not scheduled or (ii) scheduled in the Schedules and Statements at zero, as unknown or as disputed, contingent or unliquidated, and (b) that are not the subject of (i) timely-filed proofs of claim filed by the applicable Court-established bar date or (ii) proofs of claim deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline, as described more fully in the Motion, are fair and reasonable.

G.      The Plan Proponents' proposed procedures for transmitting the Disclosure Statement, the Plan, the Ballots, and the voting instructions are adequate and comply with the requirements of Bankruptcy Rule 3017(d) and (e).

3       DeltaView comparison of pcdocs://chisr02a/768139/2 and pcdocs://chisr02a/768139/3. Performed on 9/16/2009.

H.    Good and sufficient cause exists under Bankruptcy Rule 3017(d)(4) for the establishment of the Record Date as September 22, 2009.

I.    Good and sufficient cause exists under Bankruptcy Rule 3017(c) for the establishment of the Voting Deadline as November 10, 2009.

J.    Upon the record of the Disclosure Statement Hearing and these cases, the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, their interest holders, and other parties in interest.

Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.    The Motion is GRANTED.

2.    Notice of the Disclosure Statement Hearing was properly and timely given and was sufficient.  No further notice is necessary or required with respect to the Court's consideration of the Motion or the Disclosure Statement.

3.    Approval Of Disclosure Statement.  Pursuant to Bankruptcy Rule 3017(b), the Disclosure Statement (Docket No. 4614) is approved as containing adequate information within the meaning of Bankruptcy Code section 1125(a).

4.    The Plan Proponents are authorized to (i) make non-material changes to the Disclosure Statement and related documents (including the exhibits thereto and to the Motion) and (ii) revise the Disclosure Statement and related documents (including the exhibits thereto) to add further disclosure concerning events occurring at or after the Disclosure Statement Hearing, before distributing it to each person and entity in accordance with the terms of this Order; provided, however, that the Plan Proponents shall file copies with the Court of any changed pages blacklined to show such changes.

4        DeltaView comparison of pcdocs://chisr02a/768139/2 and pcdocs://chisr02a/768139/3. Performed on 9/16/2009.

5.      Confirmation Hearing Date.  The hearing to consider confirmation of the

Plan (the "Confirmation Hearing"), as the same may be further modified or amended, shall

commence on November 23, 2009 (the "Confirmation Hearing Date"), at 10:00 a.m. (Eastern), or

as soon thereafter as counsel can be heard, before the undersigned United States Bankruptcy Judge,

in the United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street,

Room 5000, Richmond, VA 23219.  The Confirmation Hearing may be adjourned from time to

time by announcing such adjournment in open court or otherwise, all without further notice to

parties in interest.

6.      Confirmation Hearing Notice.  The form of notice of the Confirmation

Hearing and the Confirmation Objection Deadline (the "Confirmation Hearing Notice") annexed

hereto as Exhibit A is approved and shall be included in the Solicitation Packages and mailed to

Unimpaired Creditors, Non-Voting Creditors and creditors holding Disputed Claims.  The

Confirmation Hearing Notice complies with the requirements of Bankruptcy Rules 2002(c)(3) and

3017(f) by including in conspicuous bold language a statement that the Plan proposes releases,

exculpations and injunctions against conduct not otherwise enjoined under the Bankruptcy Code,

describing briefly the nature of the releases, exculpations and injunctions, identifying the persons

and entities that are subject to the releases, exculpations and injunctions, and providing those

persons and entities that are not receiving Solicitation Packages with contact information to obtain

a copy of the Plan and Disclosure Statement.

7.      To supplement notice of the Confirmation Hearing, the Plan Proponents

shall transmit the Confirmation Hearing Notice to parties to executory contracts and unexpired

leases, which parties are not currently "creditors" as defined in Bankruptcy Code section 101(10).

In addition, the Plan Proponents shall give supplemental publication notice of the Confirmation

Hearing by causing the Confirmation Hearing Notice to be published before, or as soon as

5      DeltaView comparison of pcdocs://chisr02a/768139/2 and pcdocs://chisr02a/768139/3.
Performed on 9/16/2009.

practicable after September 30, 2009, but in any event not fewer than 25 days before the

Confirmation Hearing in the <u>Wall Street Journal</u> (Global Edition), the <u>New York Times</u> and the

<u>Richmond Times Dispatch</u>.  As to those persons and entities subject to the injunctions, and not

receiving a copy of <u>Exhibit A</u> as provided herein, notice by publication as set forth above is

sufficient notice as permitted by Bankruptcy Rule 2002(l).

        **8.**       ~~1.~~ Confirmation Objection Deadline.  November 16, 2009 at 4:00 p.m.

(Eastern) (the "Confirmation Objection Deadline") is fixed as the last date and time for filing and

serving objections to confirmation of the Plan (the "Confirmation Objections").  Confirmation

Objections, if any, must (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local

Bankruptcy Rules for the Eastern District of Virginia, (iii) set forth the name of the objector and

the nature and amount of any claim or interest asserted by the objector against or in the Debtors,

their estates, or their property, (iv) state with particularity the legal and factual bases for the

objection, (v) be filed with the Bankruptcy Court together with proof of service, (vi) be submitted

in hard-copy form directly to the chambers of the Honorable Kevin Huennekens and (vii) be

served by personal service, overnight delivery, or first-class mail, so as to be <u>RECEIVED</u> no later

than the Confirmation Objection Deadline, by the following (collectively, the "Notice Parties"):

      <u>The Debtors</u>

      If by first-class mail:

      Circuit City Stores, Inc.
      P.O. Box 5695
      Glen Allen, VA 23058-5695
      (Attn: Michelle Mosier)

      If by overnight delivery or personal service:

      Circuit City Stores, Inc.
      4951 Lake Brook Drive
      Suite #500
      Glen Allen, VA 23060

(Attn: Michelle Mosier)

Counsel For The Debtors

If by first-class mail:

Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-636
(Attn: Gregg M. Galardi and Ian S. Fredericks)

If by overnight delivery or personal service:

Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
10th and King Streets, 7th Floor
Wilmington, DE 19801
(Attn: Gregg M. Galardi and Ian S. Fredericks)

and

Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive
Chicago, IL 60606
(Attn: Chris L. Dickerson and Jessica S. Kumar)

and

McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
(Attn: Douglas M. Foley and Sarah B. Boehm)

Counsel For The Creditors' Committee

Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067
(Attn: Jeffrey N. Pomerantz and Stanley E. Goldich)

and

Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 36th Floor
New York, NY 10017

7      DeltaView comparison of pcdocs://chisr02a/768139/2 and pcdocs://chisr02a/768139/3.
Performed on 9/16/2009.

(Attn: Robert J. Feinstein)

and

Tavenner & Beran, PLC
20 N. Eighth Street, Second Floor
Richmond, VA 23219
(Attn: Lynn L. Tavenner and Paula S. Beran)

The United States Trustee

701 East Broad Street, Suite 4304
Richmond, VA 23219
(Attn: Robert B. Van Arsdale)

Confirmation Objections not timely filed and served in the manner set forth above shall not be considered by the Court and shall be deemed overruled.

9. 8. Voting Agent. Kurtzman Carson Consultants, LLC (the "Voting Agent") is authorized to be Debtors' solicitation and noticing agent to assist the Plan Proponents in mailing Solicitation Packages and notices, receiving and tabulating Ballots cast on the Plan, and certifying to the Court the results of balloting.

10. 9. Record Date. Notwithstanding anything to the contrary in Bankruptcy Rule 3017(d), September 22, 2009 shall be the record date (the "Record Date") for purposes of determining (i) creditors and interest holders entitled to receive Solicitation Packages and other notices and (ii) creditors entitled to vote to accept or reject the Plan that are entitled to receive a Solicitation Package and to vote on the Plan. Only those holders of claims on the Record Date in Classes 3 and 4 shall be entitled to vote or, with respect to the remaining classes, receive notice.

11. 10. Solicitation Mailing Date. The Voting Agent shall mail Solicitation Packages and other notices to the persons identified by the Record Date on, or as soon as reasonably practicable after, September 30, 2009 (the "Solicitation Mailing Date").

12.   11. Voting Deadline.  Pursuant to Bankruptcy Rule 3017(c), November 10, 2009, at 4:00 p.m. (Eastern) (the "Voting Deadline") shall be the last date and time by which Ballots for accepting or rejecting the Plan must be received by the Voting Agent to be counted. Subject to paragraphs 24 and 25 below, to be counted, Ballots must be returned to and received by the Voting Agent on or before the Voting Deadline by (i) mail, (ii) overnight delivery, or (iii) hand delivery.  Any Ballot submitted by electronic or facsimile transmission will not be counted.

13.   12. Rule 3018(a) Motions.  The deadline for the filing and serving of motions requesting temporary allowance of a movant's claim or interest for purposes of voting pursuant to Bankruptcy Rule 3018(a) ("Rule 3018(a) Motion(s)") shall be 4:00 p.m. (Eastern) on November 10, 2009 (the "Rule 3018(a) Motion Deadline").  Rule 3018(a) Motions shall be filed with the Clerk of the Court and served on the Notice Parties in the manner set forth for objections to the confirmation of the Plan.  Any party timely filing and serving a Rule 3018(a) Motion shall be provided a provisional ballot upon request to the Voting Agent and be permitted to cast a provisional vote to accept or reject the Plan.  If, and to extent that, the Plan Proponents and such party are unable to resolve the issues raised by the Rule 3018(a) Motion, then at the Confirmation Hearing, the Court shall determine whether the provisional ballot should be counted as a vote on the Plan.

14.   13. Disputed Claims.  Any holder of a claim, as defined in Bankruptcy Code section 101(5), to which the Debtors have filed or file an objection by October 20, 2009 seeking to disallow the claim, and who would otherwise be entitled to vote on the Plan (such claims, the "Disputed Claims"), shall not be entitled to vote on the Plan and not be counted in determining whether the requirements of Bankruptcy Code section 1126(c) have been met with respect to the Plan (except to the extent and in the manner as may be set forth in the objection) (a) unless such holder has filed a Rule 3018(a) Motion as set forth above and had its claim temporarily allowed for

voting purposes or (b) except to the extent that, on or before the Voting Deadline, the objection to such claim has been withdrawn or resolved in favor of the creditor asserting the claim.

15.   14. Any holder of a claim to which the Debtors have filed or file by October 20, 2009 an objection requesting the Court to modify claims either in (a) amount or (b) Plan class shall be allowed to vote in the amount and class set forth in the Debtors' objection.  Solicitation Packages shall be transmitted to the appropriate parties based upon the Debtors' records as of the Record Date.

16.   15. Unliquidated Claims.  For any person or entity who filed a proof of claim reflecting a claim or portion of a claim that is unliquidated and who would otherwise be entitled to vote on the Plan (such claims, the "Unliquidated Claims"), the Unliquidated Claim shall be allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is not unliquidated, or, if the entire claim is reflected as unliquidated, then the claim will be counted for purposes of determining whether a sufficient number of the allowed claims in the corresponding class has voted to accept the Plan, but the allowed amount of the claim for voting purposes will be $1.00, subject to the right of such holder to file a Rule 3018(a) Motion as set forth above.

17.   16. Unscheduled Claims or Claims Scheduled as Disputed, Contingent, or Unliquidated.  Pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 3003(c)(2), any holder of a claim (a) that is either (i) not scheduled or (ii) scheduled in the Schedules and Statements at zero, as unknown or as disputed, contingent or unliquidated, and (b) that is not the subject of (i) a timely-filed proof of claim filed by the applicable Court-established bar date or (ii) a proof of claim deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline, shall not be treated as a creditor or equity security holder with respect to such claim or interest for purposes of voting on or objecting to the Plan.

10     DeltaView comparison of pcdocs://chisr02a/768139/2 and pcdocs://chisr02a/768139/3. Performed on 9/16/2009.

18.     Claims against Multiple Debtors.  To the extent that a creditor filed a claim against more than one Debtor on account of the same underlying obligation, such creditor will only receive one ballot and may only vote one time in the amount of one such claim, as may be modified for voting purpose or otherwise, on account of such obligation, notwithstanding the number of Debtors against which the creditor filed such claims.

19.     Consolidated Ballots.  To the extent that a creditor filed more than one claim against the Debtors on account of different obligations, such creditor will only receive one ballot and may only vote one time; provided, however, that the amount of such creditor's claims will be aggregated on the ballot for voting purposes.

20.     17. Content And Transmittal Of Solicitation Packages.  On or before September 30, 2009 (the "Solicitation Mailing Deadline"), the Plan Proponents shall cause Kurtzman Carson Consultants LLC (the "Voting Agent" or "KCC") to transmit by first class mail to the holders of claims entitled to vote in Class 3 and Class 4 as of the Record Date, a solicitation package containing a copy or conformed version of:

- the Confirmation Hearing Notice;

- the appropriate Ballot as set forth herein for the specific creditor, with appropriate voting instructions, in substantially the forms attached hereto as Exhibit B (as may be modified for particular classes and with instructions attached thereto), and a pre-addressed postage prepaid return envelope;

- a CD-ROM containing the Solicitation Procedures Order (without exhibits attached), the Disclosure Statement, the Plan, and the publicly filed materials appended thereto; and

- to the extent appropriate, and at the discretion of the Plan Proponents, an Internal Revenue Service form W-9 (Request for Taxpayer Identification Number and Certification) to be returned with a party's Ballot.

The Voting Agents shall transmit the Solicitation Package to: (i) the United States Trustee, (ii) the Securities and Exchange Commission, (iii) the Internal Revenue Service  and (iv) creditors holding claims in a class designated as impaired and entitled to vote on the Plan.

21.    18. Ballots and Notices.  The Plan Proponents' proposed forms of ballots (the "Ballots", in substantially the forms annexed to this order as Exhibit B (as may be specifically modified for particular classes of claims), are hereby approved for use in connection with the Plan Proponents' solicitation of votes to accept or reject the Plan.

22.    19. The Unimpaired Creditors in Classes 1 and 2 are conclusively presumed to have accepted the Plan and solicitation of votes from those Creditors is not required.  In lieu of a Ballot, holders of claims in Class 1 and Class 2 shall be sent the Confirmation Hearing Notice and the Unimpaired Creditor Notice, substantially in the form of Exhibit C to this order.

23.    20. The Non-Voting Creditors in Classes 5, 6, 7 and 8 are conclusively presumed to have rejected the Plan and solicitation of votes from those creditors and interest holders shall not be required.  In lieu of a Ballot, holders of claims and interests in Classes 5, 6, 7 and 8, as well as holders of Disputed Claims, shall be sent the Confirmation Hearing Notice and the Notice of Non-Voting Status, substantially in the form of Exhibit D to this order.

24.    21. The holders of claims in Classes 3 and 4 to which the Debtors file an objection seeking to disallow the claim after the Solicitation Mailing Date and on or prior to October 20, 2009, shall be sent the Notice of Changed Voting Status, substantially in the form of Exhibit E to this order.

25.    22. Service of all notices and documents described herein in the time and manner as set forth herein, including the service and publication of the Confirmation Hearing Notice and the Confirmation Hearing Publication Notice, as described in the Motion, shall be adequate and sufficient and no other or further notice will be necessary.

26.    23. When No Notice or Transmittal Necessary.  The Plan Proponents shall not be required to send Solicitation Packages to creditors whose claims already have been paid in full or that are authorized to be paid in full in the ordinary course of business pursuant to orders entered by this Court or the terms of the Plan, but the Plan Proponents are authorized, in their sole discretion, to provide such parties with the Notice of Non-Voting Status attached hereto Exhibit D. The Plan Proponents shall not be required to give notice or effectuate service of any kind upon any person or entity to which the Plan Proponents mailed a Disclosure Statement Hearing Notice and received any of these notices returned by the U.S. Postal Service marked "undeliverable as addressed," "moved – left no forwarding address," "forwarding order expired," or a similar reason for return of the notice, unless the Debtors have been informed in writing by that person or entity of the person's or entity's new address.

27.    24. Procedures For Vote Tabulation.  Any Ballot timely received by a claimholder who is entitled to vote and that contains sufficient information to permit the identification of the claimholder and is cast as an acceptance or rejection of the Plan shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.  The foregoing general procedures will be subject to the following clarifications and exceptions:

(i)    If a claim is subject to a potential avoidance action, this action will not, by itself, cause the claim to lose the benefit of deemed allowance with respect to voting on the Plan;

(ii)    If a claim for which a proof of claim has been filed is marked as unliquidated or partially unliquidated, the claim is temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is not unliquidated, or, if the entire claim is reflected as unliquidated, in the amount of $1.00;

(iii)    If a claim is a Disputed Claim for which no Rule 3018(a) Motion has been filed by the Rule 3018(a) Motion Deadline, the claim is temporarily

disallowed for voting purposes only and not for the purposes of allowance or distribution; and

(iv)     If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, the claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution; and

(v)     If a creditor has filed a claim against more than one Debtor on account of the same underlying obligation, such creditor will only receive one ballot and may only vote one time on account of such obligation, notwithstanding the number of Debtors against which the creditor filed claims.

28.     25. The following ballots shall not be counted or considered for any purpose

in determining whether the Plan has been accepted or rejected:

(i)     Any Ballot received after the Voting Deadline unless the Plan Proponents have granted an extension in writing of the Voting Deadline with respect to that Ballot;

(ii)     Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant or interest holder;

(iii)     Any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

(iv)     Any Ballot submitted by facsimile transmission or other electronic means of transmission;

(v)     Any unsigned Ballot;

(vi)     Any Ballot cast in a manner that neither indicates an acceptance nor rejection of the Plan or that indicates both an acceptance and rejection of the Plan;

(vii)     Any Ballot cast for a claim scheduled as disputed, contingent or unliquidated and for which no proof of claim was (i) filed by the Court-established bar date or (ii) deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline; and

(viii)     Any Ballot cast for a claim that is a Disputed Claim and for which no Rule 3018(a) Motion has been filed by the Rule 3018(a) Motion Deadline.

29.     26. Notwithstanding Bankruptcy Rule 3018(a), whenever two or more

ballots are cast voting the same claim or interest before the Voting Deadline, the latest dated ballot

14     DeltaView comparison of pcdocs://chisr02a/768139/2 and pcdocs://chisr02a/768139/3.
Performed on 9/16/2009.

received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to

supersede any prior ballots; provided, however, that where an ambiguity exists as to which ballot

was the latest transmitted, the Voting Agent is permitted to contact the voting party and calculate

the vote according to the party's stated intent.  The foregoing shall be without prejudice to the Plan

Proponents' right to object to the validity of the second ballot on any basis permitted by law and, if

the objection is sustained, to count the first ballot for all purposes.

30.    27. Parties who have delivered a valid ballot for the acceptance or rejection

of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal

to the Voting Agent at any time prior to the Voting Deadline.  To be valid, a notice of withdrawal

must (i) contain the description of the claims to which it relates, including, at a minimum, the claim

number from the Voting Agent's claim register and the aggregate principal amount represented by

such claim(s), (ii) be signed by the withdrawing party in the same manner as the ballot being

withdrawn, and (iii) contain a certification that the withdrawing party owns the claims and

possesses the right to withdraw the vote sought to be withdrawn.  The Plan Proponents are

permitted to consult with the Voting Agent to determine whether any withdrawals of ballots were

received and whether the requisite acceptances of the Plan have been received.  The Plan

Proponents shall have a right to contest the validity of any such withdrawals of ballots.  A

purported notice of withdrawal of ballots which is not received in a timely manner by the Voting

Agent will not be effective to withdraw a previously cast ballot.

31.    28. Vote splitting shall not be permitted and creditors who vote must vote

all their claims either to accept or reject the Plan.

32.    29. Plan Exhibits And Disclosure Statement Appendices Filing Deadline.

The Plan Proponents shall file all exhibits and schedules to the Plan and appendices to the

Disclosure Statement with the Court on or before November 5, 2009 (the "Exhibit Filing

15    DeltaView comparison of pcdocs://chisr02a/768139/2 and pcdocs://chisr02a/768139/3.
Performed on 9/16/2009.

Deadline").  After the Exhibit Filing Deadline, copies of exhibits to the Plan and appendices to the

Disclosure Statement shall be available by accessing the Debtors' case information website at

http://www.kccllc.net/circuitcity, and may also be obtained upon reasonable written request from

the Voting Agent, Kurtzman Carson Consultants, LLC, 2335 Alaska Avenue, El Segundo, CA

90245, Attn: Circuit City Stores, Inc., et al., (888) 830-4650.  The Plan Proponents shall not be

required to serve the exhibits and schedules to the Plan and appendices to the Disclosure Statement

upon any of the parties in interest in these cases.


Dated:  Richmond, Virginia
        _____, 2009


                            _____
                            UNITED STATES BANKRUPTCY JUDGE



WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

            – and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

            – and –

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP

16      DeltaView comparison of pcdocs://chisr02a/768139/2 and pcdocs://chisr02a/768139/3.
Performed on 9/16/2009.

One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession


PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski, Esq.
Jeffrey N. Pomerantz, Esq.
Stanley E. Goldich, Esq.
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100

          – and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, NY 10017-2024

          – and –

TAVENNER & BERAN, PLC

_____
Lynn L. Tavenner, Esq. (VSB No. 30083)
Paula S. Beran, Esq. (VSB No. 34679)
20 North Eighth Street, Second Floor
Richmond, Virginia 23219

Counsel for the Creditors' Committee


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                    /s/ Douglas M. Foley




17      DeltaView comparison of pcdocs://chisr02a/768139/2 and pcdocs://chisr02a/768139/3.
Performed on 9/16/2009.

**EXHIBIT A**

**(Confirmation Hearing Notice)**

**EXHIBIT B**

**(Ballots)**

**EXHIBIT C**

**(Unimpaired Creditor Notice)**

**EXHIBIT D**

**(Notice of Non-Voting Status)**

**EXHIBIT E**

**(Notice of Changed Voting Status)**

Document comparison done by DeltaView on Wednesday, September 16, 2009 2:08:33 PM

| Input: | |
|---|---|
| Document 1 | pcdocs://chisr02a/768139/2 |
| Document 2 | pcdocs://chisr02a/768139/3 |
| Rendering set | Option 3a strikethrough double score no moves |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| <Moved from> | |
| >Moved to< | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 7 |
| Deletions | 24 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 31 |