**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |
|---|---|
| **In re:**<br><br>**CIRCUIT CITY STORES, INC., et al.,**<br><br>**Debtors.** | )<br>)<br>)   Case No. 08-35653 (KRH)<br>)   (Jointly Administered)<br>)<br>)   Chapter 11<br>)<br>) |

**OBJECTION OF LONGACRE OPPORTUNITY FUND, L.P. TO DISCLOSURE
STATEMENT WITH RESPECT TO JOINT PLAN OF LIQUIDATION OF CIRCUIT
CITY STORES, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN
POSSESSION AND ITS OFFICIAL COMMITTEE OF CREDITORS HOLDING
GENERAL UNSECURED CLAIMS**

K. Stewart Evans, Jr. (VSB #12710)
Matthew D. Foster (VSB # 72130)
**PEPPER HAMILTON LLP**
600 14th Street, N.W.
Suite 600
Washington, DC  20005
evansks@pepperlaw.com
fosterm@pepperlaw.com
Telephone: 202.220.1230
Facsimile:  202.220.1665

*Counsel to Longacre Opportunity Fund, L.P.*

September 17, 2009

Longacre Opportunity Fund, L.P. ("Longacre") respectfully objects (the "Objection") to the Disclosure Statement With Respect To Joint Plan Of Liquidation Of Circuit City Stores, Inc. And Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims (D.I. 4614) (the "Disclosure Statement"), and in support, Longacre respectfully states as follows:

**Preliminary Statement**

1.  The Disclosure Statement cannot be approved because it relates to a Plan that, on its face, cannot be confirmed. Specifically, the Plan does not contemplate payment of allowed administrative claims on the Effective Date of the Plan. Rather, it provides for distributions on a nebulous schedule occurring sometime after the Liquidating Trust is funded, and then, incredibly, only if the Trustee determines that sufficient cash is available to make such distributions or the Trust Oversight Committee approves such distributions. Even if such provisions were acceptable under the confirmation requirements of section 1129 of the Bankruptcy Code (and they are clearly not), the treatment and timing pertaining to administrative claims is so unclear that the Disclosure Statement does not provide "adequate information" as is required by section 1125 of the Bankruptcy Code.

**Background**

2.  On November 10, 2008 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (11 U.S.C. §101 *et seq.* as amended, the "Bankruptcy Code"). The Debtors are presently managing their post-sale properties and operating their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. To date, no trustee or examiner has been appointed.

        3.        Subsequent to the Petition Date, Longacre acquired by assignment the claim, in the principal amount of $4,156,411.56, originally held by assignor Cisco-Linksys, LLC, ("Cisco") which claim was assigned Claim Number 1249 (the "Claim") and asserted as an administrative claim pursuant to section 503(b)(9) of the Bankruptcy Code.  Pursuant to this assignment, Longacre acquired all right, title and interest in the Claim as the successor-in-interest to Cisco.  An Evidence of Transfer of Section 503(b)(9) Administrative Claim to this effect was filed on June 25, 2009 (D.I. 4194).

        4.        On August 24, 2009, the Debtors filed the proposed Disclosure Statement.

## **Objection**

        5.        The Disclosure Statement cannot be approved because it does not contain "adequate information" as is required by section 1125 of the Bankruptcy Code.[1]  Specifically as it relates to administrative claims (including § 503(b)(9) claims), such as Longacre's Claim, the Disclosure Statement is unclear as to when (and indeed, whether) any distributions will be made on account of allowed administrative claims.  The dates for distributions must be fixed as dates certain, so that allowed administrative claimholders are not left unknowing as to when (and if) the Debtors' estates will satisfy their administrative claims obligations.  Furthermore, the Disclosure Statement cannot be approved because it relates to a Plan that, on its face, cannot be confirmed.  The Plan attached to the Disclosure Statement fails to satisfy section 1129(a)(9)(A) because it does not provide for payment of allowed administrative claims upon the effective date.

---

[1] Longacre recognizes that certain of the points raised herein may be viewed by the Court as confirmation objections rather than "adequate information" objections.  Nevertheless, Longacre raises them at the Disclosure Statement stage of these proceedings so that the Debtors do not solicit a Plan that, on its face, cannot be confirmed.  Longacre respectfully preserves all rights, arguments and objections (whether or not set forth herein) for all purposes, including without limitation those objections to be raised in an objection to confirmation of any Plan to be proposed.

-3-

6. In determining the adequacy of information under section 1125(a)(1) of the Bankruptcy Code, the Court reviews the information on a case by case basis. *In re A.H. Robins, Co.*, 880 F.2d 694, 696 (4th Cir. 1989). The purpose of a disclosure statement is to provide enough information to creditors to permit them to determine whether to vote for or against a plan. *In re Phoenix Petroleum Co.*, 278 B.R. 385, 392-93 (Bankr. E.D. Pa. 2001). To meet the 'adequate information' standard under the Bankruptcy Code, a disclosure statement must contain information that is material, important and necessary for creditors and shareholders to properly evaluate the proposed plan and thus enable them to make a reasonably informed decision on the plan. *In re William F. Cable Co.*, 10 B.R. 248, 249 (Bankr. N.D. W. Va. 1981). That is, "[i]n general terms, 'adequate information' means that information which 'clearly and succinctly inform[s] the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution.'" *In re Williams*, Civ. A. No. MJG-91-2585, Garbis, D.J., 1992 WL 521537 at *2 (D. Md. Sept. 1, 1992).

7. When deciding whether to approve a disclosure statement, the Bankruptcy Court should determine whether the plan to which the statement relates can be confirmed. *In re Pecht*, 57 B.R. 137, 139 (Bankr. E.D. Va. 1986) (holding that if Court can determine from a reading of the plan that it does not comply with section 1129, then it is incumbent upon the Court to decline approval of the disclosure statement); *In re Cardinal Congregate I*, 121 B.R. 760, 764 (Bankr. S.D. Ohio 1990) (stating that disapproval of disclosure statement is appropriate where it describes a reorganization plan that is not confirmable); *In re Monroe Well Serv., Inc.*, 80 B.R. 324, 333 (Bankr. E.D. Pa. 1987) (it can be appropriate to disapprove disclosure statement, even if adequate information is provided, where plan cannot be confirmed); *see also In re Atlanta West VI*, 91 B.R. 620, 622 (Bankr. N.D. Ga. 1988); *In re Kehn Ranch, Inc.*, 41 B.R. 832, 832-33

(Bankr. D. S.D. 1984); *In re Curtis Ctr. Ltd. P'ship.*, 195 B.R. 631, 637, 638 (Bankr. E.D. Pa. 1996).

8. The Disclosure Statement is ambiguous as to when (and if) allowed administrative claims will be paid. The Disclosure Statement and Plan do not detail the timing of payment of administrative claims, and, consequently, the Plan is not confirmable. The timing of payment of administrative claims is vague and imprecise. The Disclosure Statement provides that distributions to holders of allowed administrative claims will be made by the Liquidating Trust, which ". . . shall be established and shall become effective on the Effective Date." (*Disclosure Statement*, p. 44). However, rather than providing for payment of allowed administrative claims on the Effective Date, the Disclosure Statement contemplates that distributions will be made on the "Initial Distribution Date." *Id.* at p. 51-52. The "Initial Distribution Date," in turn, is defined by the Plan as the "Business Day, as determined by the Liquidating Trustee, as soon as practicable after the Effective Date, that is at least five (5) Business Days after the funding of the Liquidating Trust . . .". (*Plan*, § 1.73). Thus, even with respect to administrative claims that have already been allowed, holders thereof cannot expect to be paid until the Liquidating Trust is funded, which apparently will require the liquidation of estate assets, the prosecution of causes of action, and other prerequisites to the Plan going effective and the Trust being funded as set forth in Article V.E. of the Plan. *Id.*

9. The Plan attached to the Disclosure Statement fails to satisfy section 1129(a)(9)(A) because it does not provide for payment of allowed administrative claims upon the Effective Date. As the Plan does not comply with section 1129, it is incumbent upon the Court to deny approval of the Disclosure Statement.

10. Moreover, the Plan attempts to force holders of allowed administrative claims to accept payment in a manner other than that to which they are entitled, which is cash equal to the allowed amount of such claim on the Effective Date. 11 U.S.C. § 1129(a)(9)(A). This infringement upon the statutory rights of holders of administrative claims results in the right of such holders being impaired by the Plan. Nonetheless, holders of administrative claims are not entitled to vote under the Plan. Consequently, the Plan is not confirmable as an impaired class of creditors will not have voted to accept the Plan. 11 U.S.C. § 1129(a)(7)(A).

11. Furthermore, the Disclosure Statement contains a caveat even to payment according to the uncertain schedule proposed by the Disclosure Statement. That is, the Disclosure Statement provides "[n]otwithstanding the foregoing, or anything to the contrary in the Plan, no Distributions shall be made to the Holder of any Allowed Administrative Claim unless either (a) the Liquidating Trust has sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Administrative Claims or (b) the Liquidating Trust Oversight committee consents to all or any portion of such Distribution." (*Disclosure Statement*, p. 35). Therefore, it is not at all clear under the Disclosure Statement and Plan whether or when allowed administrative claims will be paid.

12. Indeed, under the Plan and Disclosure Statement, it is clear that those rights will not be determined for quite some time. Although the estates aspire to pay allowed administrative claims in full, and in fact have being paying certain administrative fees during the chapter 11 cases, it appears that the proponents are not certain whether the estates will have sufficient assets to make complete payment. And nothing in the current version of the Plan or Disclosure Statement requires this determination to be made for several months, i.e., until the Liquidating Trustee, in his discretion, determines that the Trust possesses sufficient Available

-6-

Case 08-35653-KRH    Doc 4944    Filed 09/17/09    Entered 09/17/09 13:05:16    Desc Main
                        Document      Page 7 of 11

Cash to pay all administrative claims. Holders of administrative claims, whether allowed or pending, cannot possibly be expected to decide whether to object or acquiesce to the Plan where, as is presently the case under the current version of the Disclosure Statement, their rights and the treatment thereof are so uncertain. As such, the Disclosure Statement does not contain "adequate information" as is required by section 1125(a)(1) of the Bankruptcy Code.

13. Moreover, it is unclear exactly how the Liquidating Trust will operate. "The Liquidating Trust shall be established and shall become effective on the Effective Date." (*Disclosure Statement*, p. 44). The Trustee will be subject to oversight by the Trust Oversight Committee. The Plan does not make clear exactly how the Liquidating Trust will function nor how the Trust Oversight Committee will be governed. This ambiguity is yet another example of vagueness in the Plan as to when, if, and how administrative claims will be paid.

14. The ambiguity surrounding payment of administrative claims also makes the Plan non-confirmable under section 1129 of the Bankruptcy Code. Section 1129(a)(9) requires, in order for a Chapter 11 plan to be confirmed, that ". . . with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim". 11 U.S.C. § 1129(a)(9)(A).

15. It is well-settled that a Chapter 11 plan cannot be confirmed without full payment of administrative claims, regardless of whether there are any estate assets to pay them. *See In re Scott Cable Comm's., Inc.*, 227 B.R. 596. 599-600 (Bankr. D. Conn. 1998). It is equally well-settled that such claims must be paid on the effective date of the Plan, unless the holders of such claims agree to different treatment. *In re Am. Coastal Energy Inc.*, 399 B.R. 805, 808 (Bankr. S.D. Tex. 2009) (holding that in a Chapter 11 case, the debtor must pay

administrative expenses in full on the effective date of the plan); *In re WCI Cable, Inc.*, 274 B.R. 529, 532 n.2 (Bankr. D. Or. 2002); *In re Midway Airlines Corp.*, 406 F.3d 229, 242 (4th Cir. 2005) (administrative expense under § 503(b) must be paid in cash on the effective date of the plan in a chapter 11 proceeding); *In re Circuit City Stores, Inc.*, Case No. 08-35653, Huennekens, Bankr. J., 2009 Bankr. LEXIS 672 at *25 (Bankr. E.D. Va. Feb. 12, 2009) (finding that rent claims were accorded administrative priority expense treatment under §§ 503(b) and 507(a)(2) of the Bankruptcy Code, and shall be payable upon the effective date of any plan of reorganization); *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 773, 784 (Bankr. E.D.N.Y. 2005) (same); *In re Valley Park Group, Inc.*, 96 B.R. 16, 22 (Bankr. N.D.N.Y. 1989) (holding that chapter 11 plan cannot be confirmed under § 1129(a) where plan proposes to pay administrative expense claimants outside plan and in ordinary course of debtors' business on unspecified 'distribution date' in violation of § 1129(a)(9)).

16.     The instant Disclosure Statement and Plan do not provide for payment of administrative claims on the effective date.  Even allowed administrative claims do not get paid until *after* the Liquidating Trust is funded (which may occur well after the Plan going effective), and then only if the Trustee determines the estates possess enough cash to cover all administrative claims.  For administrative claims that have not yet been allowed, the landscape is even less certain.  Under the Plan, the Liquidating Trustee is not required even to file objections to administrative claims until four months after the Effective Date, with the possibility left open that the Trustee can request extensions of this period.  (*Plan*, § 1.3).  The Plan cannot pass confirmation scrutiny under § 1129(a)(9)(A) and as such, the Disclosure Statement cannot be approved.

17. Additionally, the Debtors have not shown that they will quickly and efficiently resolve outstanding administrative claims under the Plan. The Claim held by Longacre is in the principal amount of $4,156,411.56. Despite the significant size of the claim the Debtors have not had any contact with either Cisco or Longacre in the nearly one year since the Debtors filed for bankruptcy relief. This lack of contact demonstrates the deficient efforts on the part of the Debtors to reconcile outstanding administrative claims. If the Plan was to be confirmed, which Longacre submits it should not, there is no indication that the Trustee would be any more diligent than the Debtors have been in reconciling claims. Accordingly, very few, if any, administrative claims would be paid in a timely manner after the Effective Date.

18. The Disclosure Statement does not address critical issues regarding the reconciliation of administrative claims. Longacre submits that, as part of any Disclosure Statement, the Debtors should disclose: (1) the dollar amount of administrative claims reconciled as of the Disclosure Statement approval date, and (2) the discrete and finite amount of time the Liquidating Trust would have to object to administrative expense claims after the Effective Date.

WHEREFORE, Longacre respectfully requests that the Court DENY approval of the Disclosure Statement, and grant such other and further relief in favor of Longacre as the Court deems just and proper.

Longacre Opportunity Fund, L.P.
By counsel,

/s/ K. Stewart Evans, Jr.
K. Stewart Evans, Jr. (VSB #12710)
Matthew D. Foster (VSB # 72130)
Pepper Hamilton LLP
600 14th Street, N.W.
Suite 600
Washington, DC  20005
evansks@pepperlaw.com
fosterm@pepperlaw.com
Telephone: 202.220.1230
Facsimile:  202.220.1665

# CERTIFICATE OF SERVICE

The undersigned certifies that on the 17th day of September, 2009 a true and correct copy of the Objection of Longacre Opportunity Fund, L.P. to Disclosure Statement with Respect to Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors In Possession and Its Official Committee of Creditors Holding General Unsecured Claims was sent via Federal Express overnight to the following:

The Debtors

Circuit City Stores, Inc.
4951 Lake Brook Drive
Suite #500
Glen Allen, VA 23060
Attn: Michelle Mosier

Counsel for the Debtors

Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive
Chicago, IL 60606
Attn: Chris L. Dickerson and Jessica S. Kumar

Counsel for the Creditors' Committee

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067
Attn: Jeffrey N. Pomerantz and Stanley E. Goldich

Counsel for the Creditors' Committee

Tavenner & Beran, PLC
20 N. Eight Street, Second Floor
Richmond, VA 23219
Attn: Lynn L. Tavenner and Paula S. Beran

Counsel for the Debtors

Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
10th and King Streets, 7th Floor
Wilmington, DE 19801
Attn: Gregg M. Galardi and Ian S. Fredericks

Counsel for the Debtors

McGuire Woods LLP
One James Center
901 E. Carey Street
Richmond, VA 23219
Attn: Douglas M. Foley and Sarah B. Boehm

Counsel for the Creditors' Committee

Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, NY 10017
Attn: Robert J. Feinstein

The United States Trustee

701 East Broad Street, Suite 4304
Richmond, VA 23219
Attn: Robert B. Van Arsdale

/s/ K. Stewart Evans, Jr.
K. Stewart Evans, Jr.