ORIGINAL

UNITED STATES BANKRUPTCY COURT RICHMOND DIVISION
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

FILED
SEP 1 5 2009
CLERK
U.S. BANKRUPTCY COURT

In re:                                    )
                                          )
                                          )
**CIRCUIT CITY STORES, INC.**             )        **Chapter 11**
                                          )        **CASE NO. 08-35653-KRH**
                                          )
                                          )
**Debtor.**                               )
_____)

## CREDITOR JOSEPH SKAF'S RESPONSE TO DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS [DISALLOWANCE OF CERTAIN LEGAL CLAIMS]

COMES NOW, Creditor Joseph Skaf, through his undersigned counsel, pursuant to Fed. R. Brankr. P. 3007, Local Bankruptcy Rule 3007-1(D), and this Court's April 1, 2009 Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections [Docket No. 2881], and responds to the Debtors' Thirty-First Objection to Claims [Disallowance of Certain Legal Claims] [Docket No. 4585] and states as follows:

### Argument

1.     The Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code on November 10, 2008 and continue to manage their affairs as debtors-in-possession.

2.     On December 19, 2008, Creditor Joseph Skaf and other names plaintiffs Miguel Perez and Gustavo Garcia filed a lawsuit on behalf of themselves and all other entertainment managers, technology managers, sales managers, service and installation managers, and operations managers employed by Debtors seeking overtime compensation, compensation for missed meal and rest breaks, waiting time penalties and attorneys'

fees under California law. The class action-styled case, which is entitled *Skaf, Perez and Garcia v. Circuit City, Inc.*, is filed in the Los Angeles Superior Court, Case No. BC 404195. Creditor Joseph Skaf seeks to represent all California-based entertainment managers, technology managers and sales managers who were employed by Debtors and who were not paid overtime compensation, or provided meal and rest breaks.

3.  On January 13, 2009, pursuant to this Court's Order regarding creditor claims, Creditor Joseph Skaf - through his counsel - filed a timely creditor claim with the bankruptcy administrator, Kurtzman Carson Consultants.

4.  Debtors are in exclusive possession of the information necessary for Creditor Skaf to value this claim in any more detail. Specifically, Debtors hold the payroll, employment and time records, including the pay rates and number of weeks worked by Creditor Skaf and the putative class 180 days prior to November 10, 2008 (the Petition Date).

5.  Further, since Debtors' filing of its voluntary petition, the trial court proceedings of Creditor Skaf have been stayed under Code of Civil Procedure section 916 and also pursuant to the federal bankruptcy law "automatic stay" rules. Due to the automatic stay, Creditor's counsel is prohibited from conducting discovery on any issues (certification, merits or damages) against Debtors that would be necessary to further evaluate Creditor Skaf's claim with more particularity.

6.  Debtors' counsel has informed Creditor's counsel that this will be a "liquidating" bankruptcy. In addition, Debtors' counsel informed Creditor Skaf that given Debtors' limited financial resources, matters that would otherwise be returned to trial court(s) are being kept in the Bankruptcy Court in order to curb the cost of litigating claims.

7.  Debtors' Objection, which seeks to disallow the claims of Creditor Skaf and the putative class, is improper. Creditor Skaf is prepared to respond in detail to any factual or legal grounds that Debtor believes would tend to support disallowance of this claim, yet without such information he is "shadow boxing" – unable to understand, let alone respond to, contentions and arguments that have to date not been disclosed. With its Objection, Debtors essentially seek to disallow Creditor Skaf's claims for reasons that

2

1    are completely unknown. The only basis for the objection is the unremarkable

2    conclusion that Debtor has decided the claims have no merit. This kind of ipse dixit

3    argument is as unsurprising as it is unhelpful to the Court's ability to make a fair

4    determination of the claim.

5    8. These claims arise under California law. Similar to federal law, wages have always

6    been afforded special status in California. The California Supreme Court has recently

7    explained the strong public policy supporting claims of this nature:

8

9    The public policy in favor of full and prompt payment of an employee's earned

10   wages is fundamental and well established: 'Delay of payment or loss of wages

11   results in deprivation of the necessities of life, suffering inability to meet just

12   obligations to others, and, in many cases may make the wage-earner a charge

13   upon the public.' (*Kerr's Catering Service v. Department of Industrial Relations*

14   (1962) 57 Cal.2d 319, 326) California has long regarded the timely payment of

15   employee wage claims as indispensable to the public welfare: "It has long been

16   recognized that wages are not ordinary debts, that they may be preferred over

17   other claims, and that, because of the economic position of the average worker

18   and, in particular, his dependence on wages for the necessities of life for himself

19   and his family, it is essential to the public welfare that he receive his pay when it

20   is due. [Citations.] An employer who knows that wages are due, has ability to

21   pay them, and still refuses to pay them, acts against good morals and fair

22   dealing, and necessarily intentionally does an act which prejudices the rights of

23   his employee." (*In re Trombley* (1948) 31 Cal.2d 801, 809-810; see *Gould v.*

24   *Maryland Sound Industries, Inc.* (1995) 31 Cal.App.4th 1137 [statute

25   criminalizing prompt payment violations shows "the policy involves a broad

26   public interest, not merely the interest of the employee"].)

27   *Smith v. Superior Court* (2006) 39 Cal.4th 77, 82.

28   In another case, the California Supreme Court explained:

3
CREDITOR JOSEPH SKAF'S RESPONSE TO DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS
[DISALLOWANCE OF CERTAIN LEGAL CLAIMS]

1    Considerations of sound public policy buttress our conclusion. Labor

2    Code section 1194 confirms "a clear public policy ... that is

3    specifically directed at the enforcement of California's minimum wage

4    and overtime laws for the benefit of workers." (citation omitted) As

5    defendant's own authority reminds us, California's overtime laws are

6    remedial and are to be construed so as to promote employee

7    protection. (citation omitted.) And, as we have recognized, "this state

8    has a public policy which encourages the use of the class action

9    device." (citation omitted.) "'By establishing a technique whereby the

10   claims of many individuals can be resolved at the same time, the class

11   suit both eliminates the possibility of repetitious litigation and

12   provides small claimants with a method of obtaining redress for

13   claims which would otherwise be too small to warrant individual

14   litigation."

15
16   *Sav-on Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, 340.

17   9.    This creditor is prepared to respond to any specific factual and/or legal arguments that

18   pertain to a fair determination of this claim.

19
20   Respectfully submitted,

21   Dated: September 2, 2009              **RIGHETTI LAW FIRM, P.C.**

22
23
24
25   Matthew Righetti
26   Attorney for Creditor

27
28

4
CREDITOR JOSEPH SKAF'S RESPONSE TO DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS
[DISALLOWANCE OF CERTAIN LEGAL CLAIMS]

ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

-----------------------------------------------------------x

In re:                                                    :
                                                          :        Chapter 11
CIRCUIT CITY STORES, INC., et al.                         :        Case No. 08-35654
                                                          :
                        Debtors                           :        Jointly Administered with
                                                          :        Case No. 08-35653
-----------------------------------------------------------x

## <u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA

       I am employed in the County of San Francisco, State of California. I am over the age of
18 and not a party to the action. My business address is Righetti Law Firm, P.C., 456
Montgomery Street, Suite 1400, San Francisco, California, 94104.

       On Wednesday, September 02, 2009 I served the foregoing document described as:

- **<u>CREDITOR JOSEPH SKAF'S RESPONSE TO DEBTOR'S THRITY-FIRST
  OMNIBUS OBJECTION TO CLAIMS [DISALLOWANCE OF CERTAIN
  LEGAL CLAIMS]</u>**
- **<u>CREDITOR JONATHAN CARD'S RESPONSE TO DEBTOR'S THRITY-FIRST
  OMNIBUS OBJECTION TO CLAIMS [DISALLOWANCE OF CERTAIN
  LEGAL CLAIMS]</u>**

on the interested parties by administering a true copy either by facsimile or in sealed envelopes
addressed as follows:

Rex Darrell Berry
BERRY & BLOCK, LLP
2150 River Plaza Dr. Ste. 415
Sacramento, CA 95833
Fax: 916-564-2024
RBerry@berryblock.com

///

---

1 | Ellen Lake
2 | LAW OFFICES OF ELLEN LAKE
  | 4230 Lakeshore Ave.
3 | Oakland, CA  94610

4 | Kelly L. Hensley
  | SHEPPARD, MULLIN, RICHTER AND HAMPTON
5 | 333 S. Hope Street, 48th Floor
6 | Los Angeles, CA 90017

7 | David R. Markham
  | R. Craig Clark
8 | James M. Treglio
  | CLARK & MARKHAM, LLP
9 | 600 B Street, Suite 2130
10 | San Diego, CA 92101

11 |
12 | Kristin Major
  | Meredith Edelman
13 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
  | 300 South Grand Avenue
14 | Los Angeles, CA 90071
  | Fax: (213) 687-5600
15 |
16 | Circuit City Stores, Inc., et al.
  | Claims Processing Department
17 | KURTZMAN CARSON CONSULTANTS LLC
  | 2335 Alaska Avenue
18 | El Segundo, CA 90245

19 | ( X )    **VIA U.S. MAIL:**
20 |         I am readily familiar with the firm's practice of collection and processing of
  |         correspondence for mailing. Under that practice such envelopes would be deposited with
21 |         the U.S. postal service on Wednesday, September 02, 2009 with postage thereon fully
  |         prepaid, at San Francisco, California.
22 |
23 | Gregg M. Galardi
  | Ian S. Fredericks
24 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
25 | One Rodney Square
  | PO Box 636
26 | Wilmington, DE 19899

27 |
28 |

1  Chris Dickerson
   SKADDEN, ARPS, SLATE, MEAGHER, & FLOM, LLP
2  333 West Wacker Dr.
   Chicago, IL 60606

3
   Sarah K. Baker
4  SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
   155 North Waker Drive
5  Chicago, IL 60606

6
   Dion W. Hayes
7  Douglas Foley
   MCGUIREWOODS LLP
8  One James Center
   901 E. Cary Street
9  Richmond, VA 23219

10
   (X)    **VIA OVERNIGHT MAIL:**
11         By delivering such documents to an overnight mail service or an authorized courier in an
   envelope or package designated by the express service courier addressed to the persons on whom
12 it is to be served.

13         I declare under penalty of perjury under the laws of the State of California that the above
14 is true and correct and was executed on Wednesday, September 02, 2009, at San Francisco,
   California.

15

16

17                                             Brittany Gery

18

19

20

21

22

23

24

25

26

27

28
---
                                        3
                                 PROOF OF SERVICE