STERN, LAVINTHAL, FRANKENBERG & NORGAARD, LLC
184 Grand Avenue
Englewood, New Jersey 07631
Telephone No. (201) 871-1333
Fax No. (201) 871-3161
Counsel to Claimant
Edward A. Alberque
By:  John O'Boyle, Esq.
     JO - 6337



UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., *et al* | Case no. 08-35653 (KRH) |
| Debtors. | Jointly Administered |

### RESPONSE TO THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS AND REQUEST FOR HEARING
### (CLAIM NO. 2861)

Edward A. Alberque ("Claimant"), through his attorneys, Stern, Lavinthal, Frankenberg & Norgaard, LLC, makes the following response to the Debtor's Thirty-Fifth Omnibus Objection to Claims:

1.  On or about December 15, 2008, Claimant filed a proof of claim for prepetition wages, salary or commission owing by the Debtors, in the amount of $16,879.37. The proof of claim is identified as claim number 1585 on the Court's claims register.

2.  On claim number 1585, claimant asserted that $10,950.00 was entitled to priory under 11 U.S.C. Sec.

507(a)(4) by checking the appropriate box on the court's form. Attached hereto as **Exhibit A** is a true copy of the claim.

    3. On or about January 5, 2009, in response to further notices received in this matter, Claimant filed a second proof of claim, also in the amount of $16,879.37. Claimant did not intend to "amend" his earlier claim, as suggested by the Debtors. Rather, he intended that the second claim to be duplicative of the first; after receiving continued notices from the court, he did not understand whether the first proof would be treated as effective. The second proof of claim is identified as number 2861 on the claims register.

    4. However, on the second proof of claim, claimant erroneously stated that only $4,154.64 was entitled to priority, and that the $12,724.73 balance was a general unsecured claim. It was claimant's intention to assert the maximum $10,950.00 priority allowable to him.

    5. Claimant opposes the Debtor's request for disallowance of claim number 1585, as that proof of claim requests the appropriate priority amount. Claimant respectfully req1uests allowance of such claim, with the amount of $10,950.00 allowed as priority under 11 U.S.C. Sec. 507(a)(4), and with the $5,929.37 balance allowed as a

general unsecured claim.

6. As the later claim number 2861 is duplicative but erroneous, Claimant proposes the allowance of Claim number 1585 and the disallowance of claim number 2861 instead.

I certify that the foregoing statements are true. I am aware that if the foregoing statements are willfully false, I am subject to punishment.

Dated: 9/14/09

_____
John O'Boyle, Esq.
Stern, Lavinthal, Frankenberg
    & Norgaard, LLC
184 Grand Avenue
Englewood, NJ  07631
Phone: (201) 871-1333
Fax: (21) 871-3161
Email: joboyle@sternlaveng.com

J:\09N570\RESP-OBJ-CLM

# EXHIBIT A

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
EDWARD A. ALBERQUE

**Name and address where notices should be sent:**
EDWARD A. ALBERQUE
4100 46TH AVE. SO
ST. PETERSBURG, FL 33711

**Telephone number:**
727-410-3748 or 727-421-8732

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

**Name and address where payment should be sent (if different from above):**

**Telephone number:**

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $16,879.37

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** SALARY & TRAVEL EXPENSES FOR CONSULTING WORK
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 1878

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
**Describe:**

**Value of Property:** $_____   **Annual Interest Rate** ___%

**Amount of arrearage and other charges as of time case filed included in secured claim, if any:** $_____   **Basis for perfection:** _____

**Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☒ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**
$16,879.37

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**Date:** 12/7/08

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

EDWARD A. ALBERQUE
CONSULTANT

FOR COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

+ copies of all invoices

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

1. **Amount of Claim as of Date Case Filed:**
   State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

2. **Basis for Claim:**
   State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

3. **Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
   State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

   **3a. Debtor May Have Scheduled Account As:**
   Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

4. **Secured Claim.**
   Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

5. **Amount of Claim Entitled to Priority Under 11 U.S.C. §§ 507(a).**
   If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

6. **Credits:**
   An authorized signature on this proof of claim serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

7. **Documents:**
   Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim form is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §§ 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

### INFORMATION

**Acknowledgement of Filing a Claim**
To receive acknowledgment of your filing, please enclose a stamped self-addressed envelope and a copy of this proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

---

*Gregg.Galardi*
*@Skadden.com*

Circuit City Claim Processing
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245    888-830-4650

STERN, LAVINTHAL, FRANKENBERG & NORGAARD, LLC
184 Grand Avenue
Englewood, New Jersey 07631
Telephone No. (201) 871-1333
Fax No. (201) 871-3161
Counsel to Claimant
Edward A. Alberque
By: John O'Boyle, Esq.
    JO - 6337

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: : | Chapter 11 |
| CIRCUIT CITY STORES, : INC., et al | Case no. 08-35653 (KRH) |
| : Debtors. | Jointly Administered |
| : | |

**CERTIFICATION OF SERVICE**

John O'Boyle, Esq. Of full age, certifies as follows:

1. I am employed by Stern, Lavinthal, Frankenberg & Norgaard, LLC, counsel to the claimant Edward A. Alberque in the above-referenced matter. On the date set forth below, I deposited in a regularly maintained depository of Federal Express true copies of the Claimant's Response to Thirty-fifth Omnibus Objection to Claims and Request for Hearing, for overnight delivery to the following:

Gregg M. Galardi, Esq.                Dion W. Hayes, Esq.
Ian S. Fredericks, Esq.               Douglas M. Foley, Esq.
Skadden, Arps, Slate, Meagher         McGuirewoods, LLP
  & Flom, LLP                         One James Center
One Rodney Square                     901 E. Cary Street
Wilmington, DE  19899-0636            Richmond, VA  23219

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher
    & Flom, LLP
155 North Wacker Drive
Chicago, IL  60606

I certify that the foregoing statements are true. I am aware that if the foregoing statements are willfully false, I am subject to punishment.

Dated: 9/14/09

_____
John O'Boyle, Esq.
Stern, Lavnithal, Frankenberg
    & Norgaard, LLC
184 Grand Avenue
Englewood, NJ  07631
Phone: (201) 871-1333
Fax: (21) 871-3161
Email: joboyle@sternlaveng.com

J:\09N570\CERT-SRV

## STERN, LAVINTHAL, FRANKENBERG & NORGAARD, LLC
(A LIMITED LIABILITY COMPANY INCLUDING A PROFESSIONAL CORPORATION)

S. ARTHUR STERN (1927-1981)
EDWIN M. LAVINTHAL (1954-2005)

BENNETT M. STERN
JEANETTE F. FRANKENBERG
GARY K. NORGAARD †∞

KNUCKLES & KOMOSINSKI†, P.C.
Of Counsel

JOHN O'BOYLE ∞
∞ Member, Gary K. Norgaard, P.C.

**COUNSELLORS AT LAW**

184 GRAND AVENUE
ENGLEWOOD, NEW JERSEY 07631-3507
(201) 871-1333
Facsimile (201) 871-3161

239 EISENHOWER PARKWAY, SUITE 300
P.O. BOX 1660
LIVINGSTON, NEW JERSEY 07039-1660
(973) 740-0700
Facsimile (973) 535-3951

220 WHITE PLAINS ROAD, 6TH FLOOR
TARRYTOWN, NEW YORK 10591

LAURA SCURKO
MICHAEL S. VARDILLI†
MARK S. WINTER †
FEI F. LAM ○
GEORGE M. PANGIS
KARL J. NORGAARD†
NICOLE M. CLARKE

† NJ & NY Bars
○ NJ, NY & PA Bars
◊ NJ & PA Bars

**PLEASE REPLY TO
ENGLEWOOD OFFICE**

September 14, 2009

**VIA FEDERAL EXPRESS**

Clerk of the Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, VA 23219

Re:   Circuit City Stores, Inc., et al, Debtors
      Chapter 11, Case No. 08-35653 KRH
      Our File No. 09N-30570

Dear sir or madam:

Enclosed for filing please find an original and two copies of a Response to Thirty-Fifth Omnibus Objection to Claims and Request for Hearing (Claim No. 2861).

Also enclosed are an original and two copies of a Certification of Service.

We will appreciate your returning copies stamped "filed" in the enclosed return envelope.

As always, we appreciate the Court's help and cooperation. Thank you.

Respectfully yours,

John O'Boyle, Esq.

cc:   Gregg M. Galardi, Esq.
      Ian S. Fredericks, Esq.
      Dion W. Hayes, Esq.
      Douglas M. Foley, Esq.
      Chris L. Dickerson, Esq.