RICHMOND DIVISION
FILED
SEP 1 5 2009
CLERK
U.S. BANKRUPTCY COURT

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

---------------------------------------------------------X
In re:                                          :
                                                :
CIRCUIT CITY STORES, INC.                       :      Case No. 08-35653-KHR
                                                :
            Debtors                             :
---------------------------------------------------------X

### RESPONSE OF BELL'O INTERNATIONAL CORP. TO DEBTORS' THIRTY THIRD OMNIBUS OBJECTION TO CLAIMS (MODIFICATION AND/OR RECLASSIFICATION OF CERTAIN CLAIMS)

Bell'O International Corp. ("Bell'O") by its attorneys, Finn Dixon & Herling LLP, submits this response in opposition to the Debtors' Thirty Third Omnibus Objection to Claims (Modification and/or Reclassification of Certain Claims) (the "Objection"), as it relates to the proof of claim filed by Bell'O in these cases (Claim No. 7391) (the "Bell'O Claim"). In support of its response, Bell'O states as follows:

1.  The Bell'O Claim asserts a claim against the Debtors' estates in the total amount of $421,981.05, of which at least $188,720.83 is secured by a right of setoff pursuant to 11 U.S.C. §§ 506(a) and 553(a).[1] This claim is based entirely on pre-petition agreements between Bell'O and the Debtors. For each pre-petition transaction between the Debtors and Bell'O, Bell'O was entitled to payment for the merchandise sold (the basis for Bell'O's claim against the Debtors), and the Debtors were entitled to volume rebates and "floor allowance" discounts from Bell'O (the basis for the Debtors' claims against Bell'O, and the basis for the right of setoff). As a result, the amounts owed by Bell'O to the Debtors, and the amounts owed by the Debtors to Bell'O, stem from the exact same

---

[1] In addition to a right of setoff, Bell'O has the right of recoupment, and expressly and specifically reserves and preserves all such rights.

{00821097; 2; 2343-23}

transactions. Each of the agreements relevant to these claims are pre-petition agreements, and each of the transactions relevant to these claims are pre-petition transactions. In addition, as must be the case (because the claims are based on the same transactions and agreements), the parties on each side of each transaction are identical.

2. The Debtors' Objection does not dispute the amount of the Bell'O Claim, but rather seeks to reclassify the Claim such that it is secured by only $101,641.42. The Debtors offer no justification or explanation for such reclassification, and Bell'O objects to the requested reclassification.

3. Although Bell'O originally calculated the amount of its setoff right based on the information then available to it (and is therefore willing to reduce the amount by which its Claim is secured to reflect the eventual agreed amount owed by Bell'O to the Debtors), Bell'O cannot now either confirm or dispute the amount asserted by the Debtors. Notably, not only is the amount asserted by the Debtors in the Objection different from the amount originally estimated by Bell'O, but it is also inconsistent with amounts previously sought by the Debtors. Since the filing of the Bell'O Claim, the Debtors have sent Bell'O invoices asserting that Bell'O owes the Debtors $79,684.38 (which, if accurate, would then be the amount by which the Bell'O claim was secured). Although Bell'O disputes some of the charges set forth in those invoices, the Debtors have not yet responded to Bell'O's efforts to reconcile the claims (other than to re-send the exact same incorrect calculation). True and correct copies of invoices identifying the amount owed by the Debtors to Bell'O are attached as exhibits to the Bell'O Claim. True and correct copies of the Debtors' invoices asserting that Bell'O owes the estates $79,684.38 are attached hereto and are incorporated herein by reference.

4.  Once any claims that the Debtors have against Bell'O are resolved, the amount of the Bell'O Claim that is secured by right of setoff and recoupment will be resolved.

5.  Finally, Bell'O objects to the Debtors' attempt to reserve the right to assert further objections to Bell'O's claim in the future. It is inequitable and inefficient to require claimants to litigate their claims in piecemeal fashion. Moreover, because many of the potential objections are necessarily inter-related, such isolated actions could be highly prejudicial, and could afford the Debtors an inappropriate and unjustifiable strategic advantage in any claim litigation. Bell'O requests that any and all objections to the Bell'O Claim should be adjudicated and resolved at the same time.

WHEREFORE, Bell'O prays that the Objection be overruled and that the Court find that Bell'O holds a total claim against the Debtors' estates in the amount $421,981.05, which such claims is secured by right of setoff.

Dated: September 14, 2009                FINN DIXON & HERLING LLP

By: /s/ Henry P. Baer, Jr.
Henry P. Baer, Jr.
FINN DIXON & HERLING LLP
177 Broad Street
Stamford, CT 06901-2689
Tel.: (203) 325-5000
Fax: (203) 325-5001
Email: hbaer@fdh.com

Attorney for Bell'O International Corp.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was sent by Federal Express to the following on this the 14th day of September, 2009:

Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P. O. Box 636
Wilmington, DE 19899-0636.
Attn:   Gregg M. Galardi, Esq.
Attn:   Ian S. Fredericks, Esq.

Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606
Attn: Chris L. Dickerson, Esq.

McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Attn:   Dion W. Hayes, Esq.
Attn:   Douglas M. Foley, Esq.

/s/ Henry P. Baer, Jr.
Henry P Baer, Jr.

**FINN DIXON & HERLING**
ATTORNEYS AT LAW

Catherine A. Sommer
(203) 325-5030
csommer@fdh.com

September 14, 2009

**By Federal Express**

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street
Room 4000
Richmond, Virginia 23219

Re:     In re: Circuit City Stores, Inc., et al.

Dear Sir/Madam:

Enclosed please find the Response of Bell'O International Corp. to Debtor's Thirty Third Omnibus Objection to Claims.

Please file stamp the enclosed copy and return it to me in the postage paid envelope provided.

Thank you.

Very truly yours,

*Cathy Sommer*

Cathy Sommer
Paralegal

CAS/me

Enclosure

FINN DIXON & HERLING LLP • 177 BROAD STREET, 15TH FLOOR, STAMFORD, CT 06901-2048 • T 203.325.5000 • F 203.325.5001 • WWW.FDH.COM

{00821190; 1; 2343-23}              STAMFORD • NEW HAVEN