ORIGINAL

1  THOMAS J. WEISS, California State Bar No. 63167
   tweiss@weisslawla.com
2  HYRUM K. HUNT, California State Bar No. 222110
   hhunt@weisslawla.com
3  WEISS & HUNT
   1925 Century Park East, Suite 2140
4  Los Angeles, California 90067
   Telephone:   (310) 788-0710
5  Facsimile:    (310) 788-0735

6  Attorneys for Creditor UNICAL
   ENTERPRISES, INC., a California
7  corporation

```
                    DIVISION

                    SEP 1 7 2009

                       CLERK
             U.S. BANKRUPTCY COURT
```

8           UNITED STATES BANKRUPTCY COURT

9            EASTERN DISTRICT OF VIRGINIA

10                RICHMOND DIVISION

11  In re:                              ) Chapter 11
12                                      ) Case No. 09-35653 (KRH)
13  Circuit City Stores, Inc., et al.,  )
                                        ) (Jointly Administered)
14                Debtors.              )
                                        ) RESPONSE OF UNICAL
15  _____) ENTERPRISES, INC., TO DEBTORS'
                                          THIRTY-FIRST OMNIBUS OBJECTION
16                                        TO CLAIMS; DECLARATION OF
                                          THOMAS J. WEISS  (CLAIM NO. 6555)
17
18                                        Hearing Date:      September 22, 2009
                                          Time:                  11:00 a.m.
19                                        Location:             Room 5000

20
21          Unical Enterprises, Inc. a California corporation and former vendor to the debtor

22  Circuit City, is a party to an action pending in the Central District of California and in the

23  Ninth Circuit, Case No CV06-6384 GPS.  That action asserts claims for breach of contract,

24  based upon certain sales and purchase agreements between Unical and the debtor.  Copies of

25  the First Amended Complaint and the related agreements were attached to the proof of

26  claim.  The claim consists of $3,370,181 in principal amount, and accrued interest of

27  $683,269 for interest to December 10, 2008.

28          The action was tried to a hung jury, and the court granted a motion in limine and a

    Rule 50 motion after trial in favor of defendant debtor, which resulted in judgment in favor

                                        1

WEISS & HUNT • SUITE 2140 • LOS ANGELES, CAL
1925 CENTURY PARK EAST • LOS ANGELES, CAL

1   of defendant debtor. That judgment is now on appeal to the Ninth Circuit, but has been

2   stayed as a result of these proceedings.

3        The specific factual and legal basis of the claim are the facts offered in evidence and

4   considered by the court and jury. These are summarized in the proof of claim. The district

5   court granted the motions on grounds of choice of law and the parol evidence rule. Those

6   issues were briefed extensively in the district court. Unical contends that the district court

7   should not have ruled on the motions as a matter of law and intends to so argue in the Ninth

8   Circuit. Copies of Unical's briefs in opposition to the motions in limine and to the Rule 50

9   motion are submitted herewith, as Exhibits A, B and C.

10        Unical intends to seek relief from stay to pursue the appeal, in the absence of other

11   resolution of the claim.

WEISS & HUNT

By _____
   THOMAS J. WEISS

Attorneys for Creditor UNICAL
ENTERPRISES, INC., a California
corporation

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF THOMAS J. WEISS**

I, THOMAS J. WEISS, declare and state:

1.      I am an attorney for claimant UNICAL ENTERPRISES, INC., with respect to Claim No. 6555. If called as a witness in this action I could and would testify to the following facts, which are within my personal, first-hand knowledge.

2.      I was trial counsel for Unical in the proceedings in Action CV06-6384 GPS, in the Central District of California. I have personal knowledge of the facts stated in this response.

3.      Claimant is submitting herewith its response to the Omnibus objection of debtor to certain claims. This objection is being sent by federal express to debtor's counsel September 16, 2009, one day after the date for responses to objections as set forth in the court's order. The reason for the late response is that my office made a calendaring error, based on the deadline for objection to the disclosure statement. Our office received the notice of hearing on the disclosure statement, set for September 22, 2009, with the notice of deadline for objections as 4 p.m. September 18, 2009. Although the body of the Omnibus objection order contains the September 15 deadline, the separate order on objections to the disclosure statement has the deadline of September 18, at 4 p.m., and we calendared that deadline date instead of the September 15 date. Unical does intend to pursue the appeal in the Ninth Circuit and intends to appear at the September 22 hearing on the Omnibus objection order. Unical respectfully requests to be heard on its response to the objection under Bankruptcy Rule 9014(a).

I declare under the penalties of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed September 16, 2009, at Los Angeles, California.

_____

THOMAS J. WEISS

WEISS & HUNT
1925 CENTURY PARK EAST • SUITE 2140 • LOS ANGELES, CALIFORNIA 90067

3

THOMAS J. WEISS, State Bar No. 63167
HYRUM K. HUNT, State Bar No. 222110
**WEISS & HUNT**
1925 Century Park East, Suite 2140
Los Angeles, California  90067
Telephone:  (310) 788-0710
Facsimile:  (310) 788-0735

Attorneys for Plaintiff UNICAL
ENTERPRISES, INC., a California
corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICAL ENTERPRISES, INC., a California corporation, | Case No. CV06-6384 GPS (CTx) |
| Plaintiff, | Hon. George P. Schiavelli |
| vs. | OPPOSITION OF PLAINTIFF UNICAL ENTERPRISES, INC., TO DEFENDANT CIRCUIT CITY STORES, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE CONCERNING PAROL EVIDENCE RULE |
| CIRCUIT CITY STORES, INC., a corporation; DOES 1 through 10, inclusive, | |
| Defendants. | |

Pretrial Conference:    May 12, 3008
Time:                            11:00 a.m.
Courtroom:                            7

Trial Date:                    June 3, 2008

The motion in limine re the parol evidence rule should be denied because:

1.    The alleged integration clause does not purport to cover the entire commercial relationship between plaintiff and the purchaser Circuit City.

2.    The possible application of the parol evidence rule turns on the admission into evidence of preliminary facts which are likely to be disputed, such as the offer of Ms Joan Pinoos to purchase the forecast models, and whether or to what extent Circuit City had discretion to decline to take the forecast models and quantities, and the course of dealing and wage of trade.

///

1

1         3.     The principles of promissory estoppel may apply if plaintiff reasonably

2    relied on Circuit City's forecasts and vendor policies to purchase inventory which

3    became stranded when Circuit City arbitrarily refused to honor the purchase forecasts.

4         At page 7, lines 1-3, of its motion defendant appears to acknowledge a key

5    contention of plaintiff, namely that there were reasonable limits on Circuit City's

6    discretion to ignore its own forecasts and cease forecast purchases: "Specifically,

7    Unical agreed to provide a certain quantity of telephones to Circuit City, at a

8    guaranteed price, depending on Circuit City's needs for the product."  Plaintiff

9    contends that the relationship was essentially a requirements contract for the

10   identified models, and that the forecasts are the rolling estimates of those

11   requirements.  Because Circuit City required plaintiff to be ready to supply quantities

12   of product in accordance with the forecasts, and because Circuit City describes these

13   forecasts as its expected needs, Circuit City cannot claim the right to then treat them

14   as meaningless.  It is one thing for Circuit City to say that it cannot guaranty that its

15   needs will match the forecast, but it is quite another thing to say that even if the

16   forecasts are accurate as to Circuit City's needs, at any time and for any reason

17   Circuit City can purchase those requirements from any source it wishes, regardless of

18   harm to plaintiff.

19        The motion in limine is based on the theory that Circuit City has absolutely no

20   obligation of good faith in making forecasts or disregarding them.  That argument

21   flies in the face of commercial reasonableness and is counter to Circuit City's own

22   published material, fairly interpreted.

23        Even the text of the parol evidence statute relied on by defendant provides a

24   standard of commercial reasonableness as a supplement to the language of forms or

25   other documents. See California Com. C. Section 2202, which provides that

26   confirmatory memoranda "may be explained or supplemented

27        (a) by course of dealing, course of performance, or usage of trade and

28        (b) by evidence of consistent additional terms unless the court finds the writing

WEISS & HUNT
1925 CENTURY PARK EAST • SUITE 2140 • LOS ANGELES, CAL

2

1    to have been intended also as a complete and exclusive statement of the terms of the

2    agreement."

3         Plaintiff submits that this court should be guided by <u>Hegglade-Marguleas-</u>

4    <u>Tenneco, Inc v. Sunshine Biscuit, Inc</u> (1976) 59 Cal.App.3d 948, which interpreted

5    Section 2202 in circumstances analogous to ours.  In that case, the seller sued to

6    enforce sale of a specific quantity of potatoes.  The defendant buyer contended that

7    even though the contracts specified  100,0000 cwt sacks of potatoes, in fact the

8    usages of the trade regard the specified quantities only as estimates of the buyer's

9    actual requirements, and that the parties effectively had a requirements contract.

10   Seller objected that "the quantity terms in the contracts are definite and

11   unambiguous," and therefore that the parol evidence rule barred evidence of any

12   usage or custom to consider the amounts as reasonable estimates rather then actual

13   quantities.  The appellate court disagreed, holding that evidence of the party's

14   reasonable expectations based on the usage and custom in the trade could be received

15   even though the exact quantities to be purchased were specified in the contract.  The

16   court pointed out that "because the marketing contracts are signed eight or nine

17   months in advance of the harvest season, common sense dictates that the quantity

18   would be estimated by both the grower and the processor." 59 Cal.App. 3d 957.

19        Further relevant to our circumstances, the court noted that its conclusions were

20   consistent with a Fourth Circuit case interpreting Virginia law concerning the same

21   language.  <u>Columbia Nitrogen Corporation v. Royster Company</u> (4th Cir., 1971) 451

22   F.2d 3.  In that case, the court held that unless the contract between the parties

23   specifically excludes trade usage to explain or supplement the written terms, such

24   customs or usages are admissible. 59 Cal.App.3d 955.

25        In our case, there will be abundant evidence that the course of dealing between

26   Circuit City and its vendors does not support the assertion that forecasts are

27   meaningless and that Circuit City has absolutely no obligation to its vendors until and

28   unless a specific purchase order is actually received by the vendor for a specific

WEISS & HUNT
1925 CENTURY PARK EAST • SUITE 2140 • LOS ANGELES, CAL

3

1   quantity of goods. Indeed, Circuit City would go beyond even such a commercially

2   unreasonable interpretation, arguing that even if it does purchase the goods it could

3   arbitrarily return them for any reason or no reason.

4        Circuit City does not even mention, let alone distinguish, this clearly relevant

5   case. Hegglade was cited with approval for the same proposition in New West Fruit

6   Corporation v. Coastal Berry Corporation (1991) 1 Cal.App.4th 92, 99. The court

7   there observed, "As in any contract interpretation task. . .we must look to the

8   reasonable expectations of the parties. . . An 'agreement' under the Uniform

9   Commercial Code, 'means the bargain of the parties in fact as found in their language

10   or by implication from other circumstances including course of dealing or usage of

11   trade or course of performance. . .' (Sec. 1201, subd. (3); Sec. 2202; Sec. 2208; see

12   Heggblade-Marguleas-Tenneco, Inc. v. Sunshine Biscuit, Inc. (1976) 59 Cal.App. 3d

13   948, 955.)"

14        Our case is a simple variation of the circumstances of Hegglade, but presents

15   exactly the same principle. The buyer (Circuit City) insists the specified quantity is

16   effectively zero, because protective language used in Circuit City's forms arguably

17   disclaims any obligation to purchase any particular quantity, while the seller (Unical)

18   is contending that the only reasonable interpretation of the contractual relationship,

19   including course of dealing, supplemental promises, and custom of the trade, is that

20   Unical will supply Circuit City's requirements, measured by some good faith

21   standard, evidenced in part by written forecasts.

22        Moreover, Circuit City's integration clause language does not even purport to

23   cover the entire contractual arrangement between plaintiff and defendant. The

24   February 3, 2004 letter agreement recites that its purpose is "to establish the terms

25   upon which Unical Enterprises will sell and Circuit City Stores, Inc. will buy the

26   products set forth on the attached Exhibit 1 ('Products')." Exhibit 1 specifies three

27   models and corresponding quantities of each. The letter, at the last clause under

28   "miscellaneous," says "This Agreement, including any documents incorporated

WEISS & HUNT
1925 CENTURY PARK EAST • SUITE 2140 • LOS ANGELES, CALIFORNIA 90067

4

herein, constitutes the entire agreement between the parties hereto with respect to the subject matter hereof and supersedes any prior agreements between the parties with respect to such subject matter." The "subject matter hereof," is models 35800, 35807, and 35808, in the respective quantities of 42,000, 30,000 and 25,000. Nothing more. Nor does this contract exclude the supplemental provisions of Section 2202 of the Commercial Code, which is the same in both Virginia and California. Nor is there any reference to the forecasts as to any models. Rather, page 1 of the document says simply, "Circuit City shall purchase the Products at the price set forth on Exhibit 1." Yet Circuit City tries to argue that this really means Circuit City doesn't have to purchase anything.

For purposes of its motion, defendant must admit that the parol evidence proffered by Unical will tend to show that Circuit City made an oral commitment on the other three models, at or about the same time it made the commitment on the three models mentioned in the agreement. There is nothing inherently contradictory to the letter agreement for Circuit City to agree, as part consideration, to purchase its requirements of certain other models from Unical. In fact, if Circuit City is contending that any such agreement regarding the forecast quantities was not part of the February 3 agreement, but was separate, then there is no rationale for using the February 3 agreement to bar evidence of those other agreements. Circuit City appears to recognize this problem in its description of plaintiff's claims as "tethered" to the February 3 letter. Of course, the limited integration clause says nothing about other agreements which are "tethered" to the February 3 agreement.

Circuit City also tries to argue that the forecasts were "merely" "a planning tool." But of course Circuit City does not cite any portion of the February 3, 2004, letter, nor any other documents by which Circuit City so belittles its own forecasts. Circuit City argues that since Mr. Cottogio recognized that the forecasts are not an unequivocal commitment to purchase the forecast quantities, somehow he has admitted that the forecasts are meaningless and that the vendor, Unical, should

5

1   therefore just assume they are false. But the truth is that the evidence will show that

2   the parties treated the forecasts seriously. For instance, the evidence will show that

3   one of the documents the direct vendor import guide, in fact describes the order

4   forecast as one of the "Key Steps for Vendor," and the description of the role of the

5   forecast in the supply process definitely does not tell the vendor that he should not

6   take the forecasts seriously. In fact, the contrary is true. The vendor must rely on

7   them to maintain capacity to fill orders.

8       Non-party witness Bruce Penslar testified at his deposition to the effect that he

9   was familiar with Circuit City's forecasts, and that the rolling forecasts could be

10  revised upward or downward within a range of plus or minus 20 percent, but not that

11  they were meaningless or could be disregarded entirely. In fact, the Circuit City

12  personnel insisted that the vendors maintain capacity to deliver per the forecasts

13  otherwise they could be terminated as suppliers. See deposition of Penslar, 37:22-

14  40:2; 44:2-45:7.22:12-24:2; 27:20-29:18.

15      Circuit City had a policy of evaluating and ranking its suppliers as to how well

16  they maintained the delivery schedules based on the forecasts. Circuit City should

17  not now be heard to disclaim the materiality of the very same forecasts to which they

18  required their suppliers to commit.

19      Finally,  the motion fails to address the established California jurisprudence on

20  application of the parol evidence rule to proffered evidence. In sum, it holds that you

21  cannot apply the parol evidence rule in a vacuum, but only in the context of

22  provisional consideration of specific evidence, to determine whether the evidence

23  supports a meaning to which, in the entire context of circumstances, is a reasonable

24  one. Tahoe National Bank v. Phillips (1971) 4 Cal. 3d 11.

25      Circuit City also claims to rely on selected snippets from the "Supply Chain

26  Standards" and "Direct Import Guide" documents, without even attempting an

27  evaluation of them as a whole. Suffice it to say that the more documents and

28  standards which Circuit City attempts to somehow incorporate by reference into the

WEISS & HUNT
1925 CENTURY PARK EAST • SUITE 2140 • LOS ANGELES, CAL

6

1    relationship with its vendors, the more complicated that relationship becomes and the
2    more open to ambiguity and modification.

3        For all of the foregoing reasons, the motion should be denied.

4                                        WEISS & HUNT

5

6

7                                        By:
                                            Thomas J. Weiss

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

## DECLARATION OF THOMAS J. WEISS

I, THOMAS J. WEISS, declare and state:

1.      I am an attorney for plaintiffs in the above-entitled matter.  If called as a witness in this action I could and would testify to the following facts, which are within my personal, first-hand knowledge.

2.      Attached hereto as Exhibit 1 are true and correct copies of the following pages from the deposition of Bruce Penslar, taken March 14, 2008:

Page 22, line 12 to page 24, line 2

Page 27, line 20 to page 29, line 18.

Page 33, line 2 to page 45, line 7

Page 37, line 22 to page 40, line 2;

I declare under the penalties of perjury under the laws of the United States of America  that the foregoing is true and correct and that this declaration was executed on September 16, 2009, at Los Angeles, California.

THOMAS J. WEISS

8

1    THOMAS J. WEISS, State Bar No. 63167
     HYRUM K. HUNT, State Bar No. 222110
2    **WEISS & HUNT**
     1925 Century Park East, Suite 2140
3    Los Angeles, California 90067
     Telephone: (310) 788-0710
4    Facsimile: (310) 788-0735

5    Attorneys for Plaintiff UNICAL
     ENTERPRISES, INC., a California
6    corporation

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   UNICAL ENTERPRISES, INC., a          )   Case No. CV06-6384 GPS (CTx)
     California corporation,               )
12                                         )   Hon. George P. Schiavelli
                                           )
13                    Plaintiff,           )   OPPOSITION OF PLAINTIFF
                                           )   UNICAL ENTERPRISES, INC., TO
14             vs.                         )   DEFENDANT CIRCUIT CITY
                                           )   STORES, INC.'S NOTICE OF
15   CIRCUIT CITY STORES, INC., a          )   MOTION AND MOTION IN LIMINE
     corporation; DOES 1 through 10,       )   REGARDING APPLICATION OF
16   inclusive,                            )   FOREIGN LAW
                                           )
17                    Defendants.          )
     _____)   Pretrial Conference:   May 12, 3008
18                                             Time:                   11:00 a.m.
                                               Courtroom:                       7
19                                             Trial Date:             June 3, 2008

20         Defendant's Motion in Limine Regarding Application of Foreign Law should

21   be denied. It is not a motion in limine at all and does not request that the court

22   exclude any particular evidence. The motion in limine is a 12(b)(6) motion or a

23   motion for summary judgment motion in disguise. Motions in limine address

24   evidentiary questions and are inappropriate devices for resolving substantive issues.

25   See 75 Am.Jur.2d Trial § 99 (2004) (explaining that motions in limine are improper

26   vehicles to raise motions for summary judgment or motions to dismiss because

27   "[m]otions in limine are not to be used as a sweeping means of testing issues of law,"

28   / / /

                                    1

1    Provident Life & Accident Ins. Co. v. Adie, 176 F.R.D. 246, 250 (D.Mich.1997)

2    (motion in limine cannot be used as substitute for motion for summary judgment)).

3        Defendant made no 12(b)(6) motion to dismiss the cause of action for

4    promissory estoppel, and the time do so has long since passed. Likewise, defendant

5    made no motion for summary judgment as to this issue, and again, any such motion is

6    untimely at this juncture.

7        Even if considered on its merits, the motion should be denied. Defendant's

8    recital of its version of the facts at this point is just argument. The allegations of the

9    complaint do not compel a conclusion that Virginia law applies to all aspects of the

10   relationship between the parties. As explained in the response to the motion in limine

11   regarding the parol evidence rule, the February 3, 2004 letter contains only a partial

12   integration clause, that is, it does not purport to express all of the terms of all of the

13   agreements between the two parties, but only "with respect to the subject matter

14   hereof," which is models 35800, 35807, and 35808, in the respective quantities of

15   42,000, 30,000, and 25,000. It does not evem purport to apply a choice of law

16   provision to all related or "tethered" agreements. The evidence will show that there

17   were various deals between the parties over the years, and that there were various

18   purchase transactions which were logged into the Circuit City order inventory system

19   as separate "deal" numbers. (See Tammy Fullam deposition, pages 69-75, attached

20   to the declaration of Thomas J. Weiss as Exhibit 1.)

21       Finally, the motion does not cite any authority by which a California court has

22   decided that Section 90 of the Restatement, 2d of Contracts is not a fundamental

23   policy of the state of California. California cases consistently recognize the theory as

24   necessary to avoid injustice. See Drennan v. Star Paving Co. (1958) 51 Cal. 2d 409;

25   Kajima/Ray Wilson v. LA County MTA (2000) 23 Cal.4th 305, 315-316; Signal Hill

26   Aviation Co. v. Stroppe (1979) 96 Cal.App.3d 627. In Hall v. Superior Court (1983)

27   150 Cal.App.3d 411 the court did find that the benefit of California's corporate

28   Securities Law of 1968 is important enough to override a choice of Nevada law.

2

1    Such a determination appears to require a consideration of the factual circumstances.

2    The court in <u>Discover Bank v. Superior Court</u> (2005) 134 Cal.App.4th 886, 893-894

3    said, "We are not aware of any bright-line rules for determining what is and what is

4    not contrary to a fundamental policy of California.  Comment g to Restatement,

5    section 187itself says that 'no detailed statement can be made of the situations where

6    a 'fundamental policy. . . will be found to exist.'"

7        In <u>A&M Produce v. FMC Corporation</u> (1982) 135 Cal.App.3d 473, 487, n. 12,

8    the court did note that even in a contact between merchants under Article 2 of the

9    UCC, unconscionability is "a doctrine fundamental to the operation of contract law,

10    irrespective of any particular application."  Unconscionability is conceptually close to

11    promissory estoppel.

12        For all the foregoing reasons, the motion in limine regarding the application of

13    Virginia law to promissory estoppel should be denied.

14

15    WEISS & HUNT

16

17

18    By:_____
            Thomas J. Weiss

19

20

21

22

23

24

25

26

27

28

WEISS & HUNT  • SUITE 2140 • LOS ANGELES, CAL
1925 CENTURY PARK EAST

3

## DECLARATION OF THOMAS J. WEISS

I, THOMAS J. WEISS, declare and state:

1.      I am an attorney for plaintiff in the above-entitled matter. If called as a witness in this action I could and would testify to the following facts, which are within my personal, first-hand knowledge.

2.      Attached hereto as Exhibit 1 are pages 69 through 75 of the deposition of Tammy Fullam taken February 22, 2008.

I declare under the penalties of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September 16, 2009, at Los Angeles, California.


THOMAS J. WEISS

4

1  THOMAS J. WEISS, State Bar No. 63167
   HYRUM K. HUNT, State Bar No. 222110
2  **WEISS & HUNT**
   1925 Century Park East, Suite 2140
3  Los Angeles, California 90067
   Telephone: (310) 788-0710
4  Facsimile: (310) 788-0735

5  Attorneys for Plaintiff UNICAL
   ENTERPRISES, INC., a California
6  corporation

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | UNICAL ENTERPRISES, INC., a California corporation, | ) | Case No. CV06-6384 GPS (CTx) |
| 12 | | ) | Hon. George P. Schiavelli |
| 13 | Plaintiff, | ) | PLAINTIFF'S OPPOSITION TO |
| 14 | vs. | ) | DEFENDANT'S MOTION FOR JUDGMENT UNDER RULE 50 |
| 15 | CIRCUIT CITY STORES, INC., a corporation; DOES 1 through 10, inclusive, | ) | |
| 16 | | ) | Trial Date:          June 3, 2008 |
| 17 | Defendants. | ) | |

18  1.  <u>SUMMARY OF ARGUMENT.</u>

19      The Rule 50(a) motion is without merit for several reasons:

20      1.      The textual evidence is strong, if not determinative, that the defendant

21  was obligated to buy the goods.  Defendant says only that plaintiff relies on the

22  language of the contract which says "will buy" and "shall buy," but defendant omits

23  mention of the further clause which says three times that in case of any conflict

24  between the terms incorporated by reference and the provisions of the letter

25  agreement, "this Agreement will control."

26      2.      In order to argue the contrary, defendant has to contend that the language

27  "shall buy" and "will buy" is ambiguous, and has to be interpreted in light of extrinsic

28  evidence.  In fact, it was Circuit City which tried to make that argument, offering

                                    1

1    evidence, for instance, that the Unical personnel thought it was important to have a

2    purchase order before shipping goods.  That testimony actually was perfectly

3    consistent with plaintiff's interpretation of the Agreement since the purchase order is

4    the means of execution of the purchase not the document creating the purchase

5    obligation. But the jury must weigh that evidence, if it is to be considered at all.  Mr.

6    Cotaggio also testified that Circuit city never disclaimed the obligation to purchase.

7    Such evidence cannot be weighed in a Rule 50(a) motion for judgment as a matter of

8    law.

9          3.      Whatever the cancellation and return rights in the contract, the evidence

10    was that the defendant never did resort to the returns or cancellations provisions, and

11    the fact that those options existed actually support the reality of the "will buy" and

12    "shall buy" clauses of the contract.

13          4.      Defendant's argument that the damages limitations clause effectively

14    makes the contract illusory is self-defeating.  At trial, defendant did not so argue and

15    did not provide evidence that the  plaintiff was not damaged.   The remedies

16    provisions of Article 2 are to be liberally interpreted.   In any event, there was ample

17    evidence of actual damages.

18          Defendant admits that the motion under Rule 50 is one made on questions of

19    law only, not on the weighing of evidence or evaluations of credibility.  McSherry v.

20    City of Long Beach (9th Cir., 2005) 423 F.3d 1015, 1020 (standard for motion under

21    Rule 50 is same as motion for summary judgment, but Rule 50 is not intended as an

22    alternative mechanism for obtaining summary judgment).  Here a scrutiny of the

23    explicit terms of the contract support plaintiff's contention that the agreement is for

24    the purchase of goods, not for the unilateral obligation of plaintiff to supply the goods

25    for sale and the unilateral right of defendant to do nothing or anything it wanted.

26    / / /

27    / / /

28    / / /

2

1   **2.     THERE IS NO EXPLICIT LANGUAGE ABSOLVING DEFENDANT**
2         **ALL OBLIGATIONS TO BUY PRODUCTS.**

3         Defendant's Rule 50 motion is based primarily upon the contention that the
4   contract documents on their face do not obligate the defendant to buy any goods, and
5   that a jury could not find otherwise. Defendant, however, does not specifically cite
6   any provisions of the February 3, 2004 Letter Agreement, Exhibit 15, which
7   defendant claims are dispositive of plaintiff's claim. Instead, defendant only argues
8   generally that the supplemental materials cross-referenced in the Letter Agreement
9   negate any obligation of defendant actually to purchase any goods. Defendant argues
10  that Unical agreed to the "terms of the eRFP," and the terms of the "Purchase Order"
11  and "Supply Chain Standards and Terms and Conditions," which defendant contends
12  somehow excuse defendant from any and all purchase obligations.

13        Although defendant also notes that the agreement allowed defendant to
14  terminate the Agreement at any time "upon 30 days' written notice to vendor,"
15  defendant admits that defendant never gave any such written notice. Defendant
16  further notes that the agreement gave the defendant the right to return any inventory
17  for reimbursement at the price paid. The Agreement provides a number of
18  circumstances under which the defendant can return goods, but none of them apply.
19  Moreover, defendant is not relying on any such provision because there is admittedly
20  no evidence that defendant ever returned any of these goods. It just failed and
21  refused to purchase them.

22        Defendant argues essentially that none of these provisions really has any
23  meaning because the true meaning of the agreement is simple: that defendant
24  undertakes no obligation at all by virtue of the contract. That makes no sense, and is
25  not in fact supported by the text.

26        Moreover, the text on page two of the Agreement does not in fact contain a
27  plenary right to return inventory. That provision is part of the termination for cause
28  paragraph on the fourth page of the Agreement, and does not refer to the clause on

3

1   page one which would allow defendant the right to terminate for no reason under the

2   30-day notice provision. But that doesn't matter anyway, because defendant admits

3   there never was a written notice of termination. Contrary to the explicit text of the

4   Agreement, defendant contends that it doesn't matter "when the Agreement

5   terminated, and whether it terminated through expiration of the twelve-month period

6   or by Ms Fullam's written notice provided on July 8, 2005." But that is merely a

7   rhetorical attempt to sweep the dirt under the rug. The July 8 e-mail does not even

8   purport to be a notice of termination, nor give any 30-notice of any kind. Nor is it

9   reasonable to construe the Agreement as allowing a written notice of termination after

10  the 12-month term to wipe out the previous obligation to purchase goods during that

11  term.

12  **3.     THERE IS SUBSTANTIAL EVIDENCE OF DAMAGES.**

13          The seller remedies provisions of the Uniform Commercial Code, both in

14  California and in Virginia, give a wide range of remedies to the aggrieved seller, the

15  general aim being to put the aggrieved seller in the position it would be had the buyer

16  performed.   Sections 2703, 2704, 2705, 2706, 2708, 2709. Defendant argues that as

17  a matter of law there is insufficient evidence of damages. But this argument really

18  only amounts to an attempt to discredit the testimony of Ms Tsui, who testified

19  without objection that Unical incurred at least $111,728 in damages, measured by the

20  lost revenue less the amounts saved by reason of the breach. In arguing that the

21  plaintiff had cancelled 8,484 units on order from the factory, and thus could not have

22  been damaged, defendant simply ignores the testimony of both Frank Liu and Becky

23  Tsui that the purchase order amendments did not change the total quantity but only

24  the allocation of the total quantity purchased in 2004 among purchase orders. In fact,

25  Ms Tsui explained that was why the amendments to the purchase order were made a

26  year later, in June 2005, after the full quantity of 64,516 had already been received.

27  Mr. Liu testified without objection that the factory did not allow Unical to cancel

28  quantities which it had already manufactured, for the obvious reason that the

4

1   manufacturer would have to take the loss of unsold inventory.    Thus, Unical clearly

2   supports its position on this issue clearly with competent evidence, which the jury is

3   entitled to evaluate for itself.

4   Similarly, any argument over evidence of commercial reasonableness is for the

5   trier of fact. Defendant does not cite any authority requiring Unical to prove

6   commercial reasonableness (which is not even defined in the Uniform Commercial

7   Code) of any resale as a prerequisite to recovery of damages by an aggrieved seller.

8   Moreover, the evidence was that defendant was trying to sell the units at $10, so

9   Circuit City can hardly complain that Unical later sold them for $12.  Further, under

10  Section 2706(6) the seller is not accountable for any profit on resale.

11  Ms Tsui testified that Unical had made efforts to sell the goods, but that the

12  price declines had made the remaining inventory less valuable. In fact, the evidence

13  was that at one point Circuit City had advertised the model for sale for $10, which

14  very much upset Mr. Cottogio. The most recent sales of the remaining goods by

15  Unical were at $12 per unit, and defendant did not even attempt to show that was

16  unreasonable. Circuit City's argument that the plaintiff's website displayed a retail

17  price of $49.99 for the model is not an indication of the value of the goods, since, as

18  Ms Tsui explained, there were no sales at that price and the only reason for keeping

19  that published sale was to avoid competing with customers. Indeed, it was Ms Fullam

20  who asserted that she could not sell the goods profitably given the contract price.

21  Similarly, the arguments about whether and when the goods were identified to

22  the contract, and whether Circuit City had notice that Unical intended to sell the

23  goods (the statute does not require notice of the actual sale) or even if not what

24  difference it made, are all questions of fact. The Uniform Commercial Code allows

25  the identification to be by any means agreed on (Section 2501), including the

26  designation of quantities, source and amount via the letter of credit agreement, which

27  is Exhibit16, and also provides that identification can be made after the breach

28  unilaterally by the aggrieved seller (Section 2704).   When the parties specified the

5

1    model quantities, the

2    / / /

3    price and the manufacturer and provided for a letter of credit to cover them, that was

4    identification.

5         In sum, the evidence is ample to support a conclusion that plaintiff was

6    damaged by the breach. In any event, defendant concedes that substantial evidence

7    supports at least $50,332.80, so that there can be no judgment in favor of defendant

8    on the theory that Unical had no damages.

9         Lastly, as a kind of throw-away argument, defendant argues that the limitation

10    of liability clause might bar the damages claimed. However, defendant puts the shoe

11    on the wrong foot, arguing that "Unical offered no proof of explanation of whether

12    the amount it claims for damages includes consequential or incidental damages." If

13    defendant were relying on that clause, proof of its applicability would be defendant's

14    burden. In fact, defendant did not even argue the applicability of this clause to the

15    jury, for reasons which are not hard to discern. Again, what defendant is trying to

16    suggest, without actually saying so, is that the limitation of liability clause would

17    catch all damages, so that the result would be that Circuit city would never be liable

18    for anything regardless of whether or how it performed.

19    **4.    CONCLUSION.**

20         The essence of the agreement is explicit on page 1:

21    1.    Circuit City "will purchase" and "shall purchase" the "Products" defined

22    on "Exhibit 1 hereto" which include "25,000" units of "model 35808."

23    2.    "Unical Enterprises <u>will sell</u> and Circuit City, Inc., <u>will buy</u> the products

24    set forth on the attached Exhibit 1 ('Products')."

25    3.    "Circuit City <u>shall purchase the Products at the price set forth on Exhibit</u>

26    <u>1</u>."

27    4.    In case of any conflict between the terms of the matters incorporated by

28    reference, including the Purchase Orders and the Vendor Supply Chain Standards and

6

1  the eRFP, "this Agreement will control." That phrase is repeated three times, under

2  "Program" with respect to the eRFP, under "Orders" with respect to the provisions of

3  the Purchase Order, and under the "Supply Chain Standards" with respect to the

4  provisions of the Supply Chain Standards.

5  Moreover, the defendant's interpretation beggars common sense and offends

6  the fundamental principle that the provisions of the contract be construed together

7  and that constructions which make many of the provisions meaningless be avoided.

8  That would be the result if Circuit City's interpretation were to prevail. It would

9  mean that all of the descriptions and qualifications on the duties of defendant are

10  meaningless because the true meaning of the contract is that Circuit City simply has

11  no obligations thereunder.

12  Here, a fair scrutiny of the explicit terms of the contract supports plaintiff's

13  contention that the agreement is for the purchase as well as the sale of goods, and not

14  for the unilateral obligation of plaintiff to supply the goods for sale and the unilateral

15  right of defendant to purchase nothing. For this reason, the court should in fact

16  render judgment in favor of Unical Enterprises, Inc., under Rule 50(a) given the

17  explicit text. Nothing in Rule 50 prevents the court from finding adversely to the

18  moving party on the very issue limned by the motion where, as here, the jury does not

19  return a verdict on that issue because of the mistrial. Rule 50(b)(3) allows the court

20  to direct the entry of judgment as a matter of law on that point. Only if the court finds

21  the terms ambiguous could the trier of fact, after weighing evidence, (which cannot

22  be done under Rule 50), find for the defendant. That, if necessary, must be done in a

23  new trial.

WEISS & HUNT

By: _____
         Thomas J. Weiss

Attorneys for Plaintiff UNICAL
ENTERPRISES, INC., a California
corporation

7

## PROOF OF SERVICE OF DOCUMENT
### In re Circuit City Stores, Inc., et al.
### No. 08-35653 (KRH)

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1925 Century Park East, Suite 2140, Los Angeles, California 90067

The foregoing document described as **RESPONSE OF UNICAL ENTERPRISES, INC., TO DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

☐ **1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 16, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information is on the attached page

☒ **2. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On September 16, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. **Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.**

☒ Service information is on the attached page.

☐ **3. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 16, 2009, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. **Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: September 16, 2009   <u>Karen Genova</u>            _Karen Genova_ (signature)
                           Type Name                    Signature

WEISS & HUNT
1925 CENTURY PARK EAST • SUITE 2140 • LOS ANGELES, CALIFORNIA 90067

In re Circuit City Stores, Inc., et al.
Chapter 11 - Case No. 08-35653 (KRH)

Attachment

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
One Rodney Square
P. O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Counsel to the Debtors and Debtors in Possession

**VIA OVERNIGHT DELIVERY**

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and Debtors in Possession

**VIA OVERNIGHT DELIVERY**

Dion W. Hayes (VSB 34304)
Douglas M. Foley (VSB 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**VIA OVERNIGHT DELIVERY**

WEISS & HUNT
1925 CENTURY PARK EAST • SUITE 2140 • LOS ANGELES, CAL

2

# Weiss & Hunt

Thomas J. Weiss
tweiss@weisslawla.com

*Attorneys at Law*

Hyrum K. Hunt
hhunt@weisslawla.com

1925 Century Park East, Suite 2140
Los Angeles, California 90067
310-788-0710
Fax: 310-788-0735

September 16, 2009

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street, Room 4000
Richmond, VA 23219

> Re:   Debtor: Circuit City Stores, Inc., et al.
> Case No. 09-35653 (KRH)

Gentlemen and Ladies:

Enclosed is an original and two copies of Response of Unical Enterprises, Inc., to Debtors' Thirty-First Omnibus Objection to Claims; Declaration of Thomas J. Weiss (Claim No. 6555).

Please file the original and one copy for us and return a conformed copy in the envelope provided. If you do not require an additional copy to file, please discard that copy. If possible, we would appreciate a copy returned via FedEx (envelope enclosed), but if you do not have access to FedEx, please return by mail.

Should you have any questions or comments, please call.

Thank you for your anticipated courtesy and cooperation in this matter.

Very truly yours,

Karen Genova,
Assistant to THOMAS J. WEISS

/kmg
Enclosures