John G. McJunkin, Esquire (VSB No. 31011)
Daniel Carrigan, Esquire (Admitted *Pro Hac Vice*)
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
Phone: 202-496-7500
Facsimile: 202-496-7556

Attorneys for Bethesda Softworks, LLC

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | | |
|---|---|---|
| **In re:** | * | **Chapter 11** |
| | * | |
| **CIRCUIT CITY STORES, INC.,** *et al.*, | * | **Case No. 08-35653 (KRH)** |
| | * | |
| Debtors. | * | **(Jointly Administered)** |

* * * * * * * * * * * *

**RESPONSE AND OBJECTION OF BETHESDA SOFTWORKS LLC TO
DISCLOSURE STATEMENT WITH RESPECT TO JOINT PLAN OF
LIQUIDATION OF CIRCUIT CITY STORES, INC. AND ITS AFFILIATED
DEBTORS AND DEBTORS IN POSSESSION AND ITS OFFICIAL COMMITTEE
OF CREDITORS HOLDING GENERAL UNSECURED CLAIMS**

Bethesda Softworks, LLC ("BSLLC"), pursuant to, *inter alia*, Bankruptcy Code Sections 503(a), (b)(9), 507(a)(2), 1125(a)(1) and 1129(a)(1), (9)(A), respectfully responds and objects (the "Objection") to the Disclosure Statement With Respect to Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims (D.I. 4614) (the "Disclosure Statement")[1], and in support, BSLLC respectfully states as follows:

---

[1] BSLLC recognizes that certain issues raised herein may be viewed as confirmation objections rather than "adequate information" objections.  They are raised at the Disclosure Statement stage of these proceedings so that the Debtors do not solicit a Plan that, on its face, cannot be confirmed.  BSLLC respectfully preserves all rights, arguments and objections (whether or not set forth herein) for all purposes, including without limitation those

*(footnote continued on next page)*

**BSLLC's Section 503(b)(9) Administrative Expense**

1. BSLLC timely filed a request for payment of an administrative expense with priority under Bankruptcy Code Section 507(a)(2) ("Request") pursuant to Bankruptcy Code Section 503(a) and (b)(9) and this Court's "First Day Order" authorizing a deadline for filing requests for payment of certain administrative expenses arising under Bankruptcy Code Section 503(b)(9) (D.I. 107) in the amount of $3,838,606.40. The Request has been designated as #1244 pursuant to a Stipulation and Consent Order approved by the Court (D.I. 2913). In the Request BSLLC seeks payment only for the value of goods received by the Debtors within 20 days before the commencement of the Debtors' Ch. 11 Cases and sold to the Debtors in the ordinary course of the Debtors' business. The Request does not seek payment for charges such as services, freight, shipping or taxes. The Request is fully documented with, among other things, purchase orders, shipment confirmations and invoices.

2. The Debtors' Statement of Financial Affairs, Item 3.b. (D.I. 1131) identifies 5 payments totaling $140,108.04 made by the Debtors to BSLLC during the 90 days prior to the Petition Date. As reflected in the Request, subsequent to the last of such payments (on or before 10/16/08), BSLLC provided in excess of $3.7MM in goods to the Debtors for which BSLLC has not been paid.

3. Pursuant to the Order entered by the Court on November 13, 2009 (D.I. 133), BSLLC timely delivered its Reclamation Notice/Demand with respect to goods (with a value of $3,848,875.72) sold to the Debtors on credit prior to the Petition Date.

---

objections to be raised in an objection to confirmation of any proposed plan. In particular, BSLLC does not agree to treatment of its administrative expense under Bankruptcy Code Section 503(b)(9) other than in accordance with Bankruptcy Code Section 1129(a)(9)(A). Nor does it agree that Bankruptcy Code Section 502(d) is applicable to such administrative expense. *See*, e.g., *In re Plastech Engineered Products, Inc.*, 394 B.R. 147 (Bankr. E.D. Mi. 2008).

4.  BSLLC timely filed its proof of general unsecured claim (Official Form 10) which has been designated as #8476 with respect to any difference between the amount of its Bankruptcy Code Section 503(b)(9) administrative expense (as described in the Request) and the total amount owed to BSLLC by the Debtors then (and now) calculated to be $32,742.84 ($3,871,349.24 - $3,838,606.40).

5.  According to Schedule F of the Debtors Schedules of Assets and Liabilities (D.I. 1130 at p. 793), the Debtors' books and records reflect that the aggregate amount owed to BSLLC as of the Petition Date was $3,870,734.60.

**Basis and Nature of Response/Objection**

6.  BSLLC joins in, adopts and incorporates the Objection of Longacre Opportunity Fund, D.P. to the Disclosure Statement (D.I. 4944), as well as any other objections and responses to the Disclosure Statement that are consistent with this Response and Objection. BSLLC further reserves its rights to amend and supplement this Response and Objection at, or prior to, the hearing on the Disclosure Statement scheduled for September 22, 2009.

7.  In addition, the Disclosure Statement should clearly and succinctly clarify, among other things, the following:

   a.  whether the Plan contemplates that Bankruptcy Code Section 502(d) will be applied to the allowance of both administrative expenses, including Bankruptcy Code Section 503(b)(9) administrative expenses, and general unsecured claims (Disclosure Statement at p. 39);

   b.  whether the Plan Proponents contemplate the allowance and payment of any administrative expenses prior to the Effective Date of the Plan, and if so, the number, estimated amount(s) and identities of the proposed recipients (Disclosure Statement at pp. 29, 34-35, 58-59);

    c. the calendar month and year in which the Effective Date is expected to occur;

    d. whether the time periods and procedures contemplated by the Plan with respect to the allowance and payment of Bankruptcy Code Section 503(b)(9) administrative expenses are necessary because the Estate/the Liquidating Trust are unlikely to have sufficient cash to pay, or otherwise reserve for, the "Face Amounts" of (i) Bankruptcy Code Section 503(b)(9) administrative expenses or (ii) all "Administrative Claims" (Disclosure Statement at pp. 34-35, 64-65);

    e. whether the Plan contemplates that a Bankruptcy Code Section 503(b)(9) administrative expense will be deemed to be disputed, whether or not an objection has been filed (Disclosure Statement at p. 40, Appendix A at p. 2); and

    f. the extent to which, if any, payment in full under the Plan of "Administrative Claims" is dependent upon (i) collection of accounts receivable (compare the most recent Monthly Operating Report as of 7/31/09 (D.I. 4913) reflecting the "Total Accounts Receivable" as approximately $455MM, the "Amount Considered Uncollectible" as approximately $1.1MM, and the "Accounts Receivable (net)" as approximately $454MM, with the Disclosure Statement, Appendix C figures of $59.7MM (Low) and $83MM (High)), and/or (ii) collections on Estate causes of action (Plan Appendix C reflecting $14.7MM (Low) and $16.4MM (High)).

WHEREFORE, BSLLC respectfully requests that the Court deny approval of the Disclosure Statement, and grant such other and further relief in favor of BSLLC as the Court deems just and proper.

                                                Bethesda Softworks LLC
                                              By Counsel,

Dated: September 18, 2009          /s/ John G. McJunkin
                                              John G. McJunkin, (VSB No. 31011)
                                              Daniel J. Carrigan, (Admitted *Pro Hac Vice*)
                                              MCKENNA LONG & ALDRIDGE LLP
                                              1900 K Street, NW
                                              Washington, DC 20006-1108
                                              Telephone: (202) 496-7312
                                              Facsimile: (202) 496-7094

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 18th day of September, 2009 a true and correct copy of the Response and Objection of Bethesda Softworks LLC to Disclosure Statement with Respect to Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims was served by electronic means through the ECF system and/or via email (together "ECF") and/or overnight courier ("OC") upon:

| | |
|---|---|
| ECF/OC | Circuit City Stores, Inc.<br>4951 Lake Brook Drive, Suite #500<br>Glen Allen, VA 23060<br>Attn:  Michelle Mosier |
| ECF | Skadden, Arps, Slate, Meagher & Flom LLP<br>One Rodney Square<br>10th and King Streets, 7th Floor<br>Wilmington, DE 19801<br>Attn:  Gregg M. Galardi<br>Email:  gregg.galardi@skadden.com<br> and<br>Ian S. Fredericks<br>Email:  Ian.fredericks@skadden.com |
| ECF | Skadden, Arps, Slate, Meagher & Flom, LLP<br>155 N. Wacker Drive<br>Chicago, IL 60606<br>Attn:  Chris L. Dickerson<br>Email:  chris.dickerson@skadden.com<br> and<br>Jessica S. Kumar<br>Email:  Jessica.kumar@skadden.com |

| | |
|---|---|
| ECF | McGuire Woods LLP<br>One James Center<br>901 E. Cary Street<br>Richmond, VA 23219<br>Attn:  Douglas M. Foley<br>Email:  dfoley@mcguirewoods.com<br> and<br>Sara B. Boehm<br>Email:  sboehm@mcguirewoods.com |
| ECF | Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Boulevard, 11th Floor<br>Los Angeles, CA 90067<br>Attn:  Jeffrey N. Pomerantz<br>Email:  jpomerantz@pszjlaw.com<br> and<br>Stanley E. Goldich<br>Email:  sgoldich@pszjlaw.com |
| ECF | Tavenner & Beran, PLC<br>20 N. Eighth Street, Second Floor<br>Richmond, VA 23219<br>Attn:  Lynn L. Tavenner<br>Email:  ltavenner@tb-lawfirm.com<br> and<br>Paula S. Beran<br>Email:  pberan@tb-lawfirm.com |
| ECF | The United States Trustee<br>701 East Broad Street, Suite 4304<br>Richmond, VA 23219<br>Attn:  Robert B. Van Arsdale<br>Email: Robert.B.Van.Arsdale@usdoj.gov |

/s/ John G. McJunkin
John G. McJunkin