Peter E. Strniste, Jr., *Admitted Pro Hac Vice*
Patrick Birney, *Admitted Pro Hac Vice*
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8339
Facsimile: (860) 275-8299

Christopher L. Perkins (VSB No. 41783)
LeClairRyan, A Professional Corporation
951 E. Byrd Street
Riverfront Plaza, East Tower
Richmond, VA 23219
Telephone: (804) 783-7550
Facsimile: (804) 783-7686

*Counsel for Schimenti Construction Co., LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE:<br><br>CIRCUIT CITY STORES, INC., et al.<br>DEBTORS. | CHAPTER 11 (Jointly Administered)<br><br>CASE NO. 08-35653 (KRH) |

**OBJECTION OF SCHIMENTI CONSTRUCTION COMPANY, LLC
TO DISCLOSURE STATEMENT WITH RESPECT TO JOINT PLAN OF
LIQUIDATION OF CIRCUIT CITY STORES, INC. AND ITS AFFILIATED
DEBTORS AND DEBTORS IN POSSESSION AND ITS OFFICIAL
COMMITTEE OF GENERAL UNSECURED CREDITORS**

Schimenti Construction Company, LLC ("Schimenti Construction"), by and through its undersigned counsel, hereby respectfully objects (the "Objection") to the Disclosure Statement With Respect to Joint Plan of Liquidation of Circuit City Stores, Inc. And Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims (the "Disclosure Statement"), and in support hereof states:

## SUMMARY OF OBJECTION TO THE DISCLOSURE STATEMENT

1. The Debtors' Disclosure Statement should not be approved because: (1) the Joint Plan of Liquidation of Circuit City Stores, Inc., And Its Affiliated Debtors and Debtors in Possession and Official Committee of Creditors Holding General Unsecured Claims (the "Plan") is patently unconfirmable on its face; and (ii) the Disclosure Statement fails to contain adequate information within the meaning of § 1125 of the Bankruptcy Code.

2. As set forth in more detail below, Schimenti Construction is the legal owner of certain funds that the Debtors are holding in trust (the "Schimenti Trust Funds") pursuant to agreements by and between Schimenti Construction and Circuit City Stores, Inc. and applicable state law. The Schimenti Trust Funds are not property of the Debtors' bankruptcy estates pursuant to the plain language of § 541(d) of the Bankruptcy Code. Nevertheless, the Plan contemplates transferring all of the Debtors' assets—including, based on the Plan's overly broad definition of "Asset", the Schimenti Trust Funds—to a liquidating trust (the "Liquidating Trust") free and clear of Schimenti Construction's property interest in the Schimenti Trust Funds. If the Plan were confirmed, another Plan provision then permanently enjoins Schimenti Construction from pursuing its property interest in the Schimenti Trust Funds based on the overly broad discharge and injunction provisions contained in the Plan.

3. Because these proposed Plan provisions in tandem violate § 541(d) of the Bankruptcy Code, as well as the Takings Clause and the Due Process Clause of the Fifth Amendment of the Constitution, the Plan does not comply with the confirmation requirements contained in § 1129(a)(3) of the Bankruptcy Code and the Disclosure Statement must not be approved.

4. To the extent that the Plan contemplates a mechanism for Schimenti Construction to receive the Schimenti Trust Funds, the Disclosure Statement is so unclear regarding the mechanism that the Disclosure Statement does not provide "adequate information" as is required by § 1125 of the Bankruptcy Code.

## BACKGROUND

5. On November 10, 2009 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are currently managing their post-sale properties and operating their businesses as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

6. Schimenti Construction has a primary place of business at 650 Danbury Road, Ridgefield, Connecticut 06877 and specializes in the construction and remodeling of all types of stores for the retail chain industry.

7. On or about December 19, 2008, Schimenti Construction filed a Section 503(b)(9) Claim in the amount of **$47,682.22** for materials and goods delivered and furnished to Circuit City Stores, Inc. in the ordinary course of its business within twenty (20) days of the Petition Date (the "Schimenti 503(b)(9) Claim").

8. On or about February 5, 2009, Schimenti Construction filed its proof of claim in the amount of **$812,861.70** for materials and goods delivered and furnished to Circuit City Stores, Inc. in the ordinary course of its business prior to the Petition Date (the "Schimenti Prepetition Claim") (the Schimenti 503(b)(9) Claim and the Schimenti Prepetition Claim will collectively be referred to as "Schimenti's Claims").

9. Schimenti's Claims involve two projects. The first project entailed the construction and fit-out of the Circuit City store located at 1200 Highway 22, North Plainfield, New Jersey (the "N. Plainfield Project"), governed by a certain "Stipulated Sum Contract" dated May 5, 2008 and applicable New Jersey law. Pursuant to the terms of the Stipulated Sum Contract, Schimenti Construction agreed to furnish labor, materials and equipment necessary for the N. Plainfield Project in exchange for the contract price of $1,324,900.00. A percentage of earned funds, which comprise a component of the Schimenti Trust Fund, were withheld by Circuit City as retainage from payments made to Schimenti Construction and do not constitute property of Circuit City's bankruptcy estate as Circuit City lacks any equitable interest in said retainage funds.

10. The second project entailed the renovation of the Circuit City store located at 521 Fifth Avenue, New York, New York (the "Fifth Avenue Project"), governed by a "Purchase Order" dated August 22, 2008. Pursuant to the terms of the Purchase Order, Schimenti Construction agreed to furnish labor, materials and equipment necessary for the Fifth Avenue Project in exchange for the contract price of $128,737.00. All funds due and owing to Schimenti Construction with respect to the Fifth Avenue Store are also part of the Schimenti Trust Funds, held for the benefit of Schimenti Construction and its subcontractors and suppliers and do **not** constitute property of Circuit City's bankruptcy estate

11. The Schimenti Trust Funds, which are expressly excluded from property of the Debtors' bankruptcy estate pursuant to § 541(d) of the Bankruptcy Code, are currently being held by the Debtors.

12. On August 24, 2009, the Debtors filed the proposed Disclosure Statement. The Disclosure Statement and Plan propose transferring the Schimenti Trust Fund to the Liquidating

Trust for the benefit of all of the Debtors' creditors and, thereafter, permanently enjoining Schimenti Construction from pursuing its property interest in the Schimenti Trust Funds. The transfer is slated to occur notwithstanding that the Schimenti Trust Funds are not property of the Debtors' bankruptcy estate.

## OBJECTION

13. The Debtors' Disclosure Statement should not be approved because: (1) the Plan is patently unconfirmable on its face; and (ii) the Disclosure Statement fails to contain adequate information within the meaning of § 1125 of the Bankruptcy Code. See, e.g., In re Pecht, 57 B.R. 137, 139 (Bankr. E.D. Va. 1986)(If court can determine plan does not comply with § 1129 of the Bankruptcy Code, it is incumbent upon bankruptcy court to decline approval of disclosure statement; In re 266 Washington Associates, 141 B.R. 275 (Bankr. E.D.N.Y. 1992) aff'd 147 B.R. 827 (E.D.N.Y. 1992)(disclosure statement will not be approved where plan is fatally flawed, and thus, incapable of confirmation); In re Dakota Rail, Inc., 104 B.R. 138, 143 (Bankr. D. Minn 1989)(allowing facially nonconfirmable plan to accompany disclosure statement violates statutory requirements.)

### I.   THE PLAN IS PATENTLY UNCONFIRMABLE BECAUSE IT IS FORBIDDEN BY LAW

14. Sections 1129(a)(2) and (2) of the Bankruptcy Code provide that the plan and plan proponent must comply with the provisions of the Bankruptcy Code. Section 1129(a)(3) of the Bankruptcy Code provides that a plan must be "proposed in good faith and not by any means forbidden by law." Id. In the instant case, the Plan violates bankruptcy and nonbankrutpcy law inasmuch as it purports to transfer assets which are not property of the Debtors' bankruptcy estates; and deprives Schimenti Construction of its rights to the Schimenti Trust Funds without

5

just compensation or adequate due process in violation of the Fifth Amendment of the Constitution.

15. Specifically, pursuant to Article V.E.1, on the Effective Date of the Plan, the Liquidating Trust will hold and administer all of the "Assets" of the Debtors. See Id. The Plan broadly defines "Assets" as "all tangible and intangible assets of every kind and nature of the Debtors and their Estates, and all proceeds thereof, existing as of the Effective Date." Id., Article I.B.1.7 (emphasis added). The transfer of the Debtors' Assets to the Liquidating Trust is "free and clear of all Liens, Claims, encumbrances, and other interests and shall thereafter be administered, liquidated by sale, collection, recovery, or other disposition and distributed by the Liquidating Trust in accordance with the terms of the Liquidating Trust in accordance with the terms of the Liquidating Trust and the Plan." Id., Article V.E.5.J. Accordingly, upon the transfer, the Assets become property of the Liquidating Trust. Id.

16. Likewise, on the Effective Date, all persons who have held, hold or may hold Claims against or Interests in the Debtors are permanently enjoined from taking any of the following actions against the Estate(s), the Liquidating Trust, the Liquidating Trustee, or any of their property on account of any such Claims or Interests…(A) commencing or continuing, in any manner or in any place, any action or other proceeding; …(E) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan…" Id. Article X.D.

17. Thus, based on the plain language of the Plan, the Schimenti Trust Funds, which are not property of the estate, will be transferred to the Liquidating Trust on the Effective Date free and clear of Schimenti Constructions' property ownership interest therein. Thereafter, Schimenti Construction will be forever barred from instituting or continuing legal process to

establish its rights in or otherwise collect the Schimenti Trust Funds from the Liquidating Trust after the Effective Date. Meanwhile, according to the Plan, the Liquidating Trust will be utilizing the Schimenti Trust Funds to make distributions in accordance with the Plan.

18. Congress's bankruptcy powers are subject to the Fifth Amendment's prohibition against taking private property without compensation. See, generally, Louisville Joint Stock Land Bank vs. Radford, 295 U.S. 555, 594-96 (1935)(noting that bankruptcy laws are subject to the Takings Clause). The Takings Clause of the Fifth Amendment prevents Congress from depriving private persons of vested property rights except for a public use and upon payment of just compensation. See Landgray vs. USI Film Products, 511 U.S. 244, 265 (1994)("The Fifth Amendment's Takings Clause prevents the Legislature (and other government actors) from depriving private persons of vested property rights except for a 'public use' and upon payment of 'just compensation.'"). Indeed, "[i]t is undisputed that the takings clause of the fifth amendment protects certain of the rights of secured creditors." Travelers Ins. Co. v. Bullington 878 F.2d 354, 359 (11th Cir.,1989).

19. Here, Schimenti Construction's rights are broader than that of a secured creditor inasmuch it, under state law, has an ownership interest in and is the legal owner of the Schimenti Trust Funds. See Ruckelshaus v. Monsanto Co., 1025 U.S. 986, 1001 (1984) ("[P]roperty interests [for Takings Clause purposes] are not created by the Constitution but are created and defined by an independent source such as state law."); In re Pitchford, ___B.R.___, Adv. No 09-2140, 2009 WL 2632921, *5 (Bankr. W.D. Pa August 27, 2009) (determining that a trust beneficiary possesses an equitable ownership interest in the trust property, which is substantively different than an equitable lien against the property)

20. Moreover, the Schimenti Trust Funds are excluded from the Debtors' bankruptcy estates pursuant to § 541 of the Bankruptcy Code. See 11 U.S.C. 541(d) (noting that property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest is expressly excluded from the bankruptcy estate).

21. Nevertheless, the Plan proposes transferring the Schimenti Trust Funds to the Liquidating Trust and divesting Schimenti Construction of its property interest in the Schimenti Trust Funds without any compensation. Left unchecked, this Plan provision runs afoul of the Bankruptcy Code and is in clear violation of the Takings Clause of the Fifth Amendment.

22. Moreover, on and after the Effective Date, the Plan proposes enjoining Schimenti Construction from pursuing its rights to the Schimenti Trust Funds in this or any other Court, regardless of whether the adversary proceeding has been commenced or not. In other words, the Plan deprives Schimenti Construction of its due process rights to adjudicate the existence of and its entitlement to the Schimenti Trust Funds. This provision is also in clear violation of the Due Process clause of the Fifth Amendment.

23. Based on the aforesaid arguments, the Plan is unconfirmable pursuant to § 1129(a) (3) of the Bankruptcy Code and the Disclosure Statement should not be approved.

## II. THE DISCLOSURE STATEMENT FALES TO CONTAIN ADEQUATE INFORMATION AS REQUIRED BY § 1125 OF THE CODE

24. In addition to the above substantive objections to the confirmability of the Plan, the Disclosure Statement also lacks adequate information as required by § 1125 of the Bankruptcy Code. This provides additional grounds for denying approval of the Disclosure Statement.

25. The primary purpose of the Disclosure Statement is to present fair disclosure regarding the facts and effects of the proposed Plan, so that voters are in a position to discern how it would affect their interest. In re 3DFX Interactive, Inc., 2005 WL 20107086, *11 (Bankr. N.D. Ill 1983). The Debtors' Disclosure Statement violates these basic principles.

26. Specifically, based on communications by and between the Debtors and Schimenti Construction, the Debtors are keenly aware of Schimenti Constructions' property interest in the Schimenti Trust Funds. Nevertheless, the Disclosure Statement and Plan are devoid of any clear mechanism for Schimenti Construction to preserve its rights to payment of the Schimenti Trust Funds, which are not property of the Debtors' bankruptcy estate.

27. Accordingly, the Disclosure Statement should not be approved, absent a description of the mechanism by which Schimenti Construction Company can seek to preserve its right to obtaining the return of the Schimenti Trust Funds.

**WHEREFORE**, as set forth in more detail above, the Plan is patently unconfirmable and the Disclosure Statement fails to contain adequate information as required by § 1125 of the Bankruptcy Code. Accordingly, the Court should decline to approve the Disclosure Statement and should enter an order dismissing the Debtors' case pursuant to § 1112(b) of the Bankruptcy Code.

RESPECTFULLY SUBMITTED,
SCHIMENTI CONSTRUCTION COMPANY,
LLC

By: /s/ Christopher L. Perkins
Christopher Perkins (VA Bar No.41783)
LeClairRyan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
Telephone: (703) 684-8007
Fax: (703) 647-5982
christoper.perkins@leclairryan.com

Peter E. Strniste, Jr., *Admitted Pro Hac Vice*
Patrick Birney, *Admitted Pro Hac Vice*
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8339
Fax: (860) 275-8299
pstrniste@rc.com
pbirney@rc.com

10

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2009 the attached motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

McGuire Woods LLP
9000 World Trade Center, 101
W. Main Street
Norfolk, VA 23510

U. S. Trustee
W. Clarkson McDow, Jr.
Office of the U.S. Trustee
701 E. Broad Street
Suite 4304
Richmond, VA 23219

/s/ Christopher L. Perkins
Christopher Perkins, Esq.