**EXHIBIT B**
Declaration of Raymond Nakano

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **In re:** : | **Chapter 11** |
| : | |
| **Circuit City Stores, Inc., *et al*.** : | **Case No. 08-35653 (KRH)** |
| : | |
| **Debtors.** : | |

**DECLARATION OF RAYMOND NAKANO IN SUPPORT OF MOTION OF OMNIMOUNT SYSTEMS, INC. FOR RECONSIDERATION OF THE COURT'S AUGUST 20, 2009 ORDER ON THE DEBTORS' TWENTIETH OMNIBUS OBJECTION FOR THE PURPOSE OF VACATING ITS RECLASSIFICATION OF OMNIMOUNT SYSTEMS, INC.'S 503(B)(9) CLAIM**

I, Raymond Nakano, hereby declare as follows:

1. I am employed as Executive Vice President and Chief Financial Officer of OmniMount Systems, Inc. ("OmniMount").

2. Prior to the commencement of this case, OmniMount sold goods on credit to the Debtors in the ordinary course of the Debtors' business.

3. Within 20 days prior to the commencement of this case (the "503(b)(9) Period"), the Debtors received goods (the "Goods") valued at $257,696.79 from OmniMount. The Goods were shipped to the Debtors outside the 503(b)(9) Period, but were received by the Debtors within the 503(b)(9) period.

4. OmniMount timely filed the 503(b)(9) Claim[1] for the Goods in the amount of $257,696.79.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion of OmniMount Systems, Inc. for Reconsideration of the Court's August 20, 2009 Order on the Debtors' Twentieth Omnibus Objection for the Purpose of Vacating Its Reclassification of OmniMount Systems, Inc's 503(b)(9) Claim.

5. The Debtors objected to the 503(b)(9) Claim in their *Twentieth Omnibus Objection to Claims (Reclassified to Unsecured Claims of Certain Claims Filed as 503(b)(9) Claims for Goods Received by the Debtors Not Within Twenty Days of the Commencement of the Cases)* [Docket No. 3704] (the "20th Omnibus Objection"). On August 20, 2009, the Court entered an Order approving the Debtors' objection, and reclassifying the 503(b)(9) Claim as a general unsecured claim.

6. OmniMount was listed as the notice party on OmniMount's 503(b)(9) proof of claim. Through inadvertence, I did not realize that OmniMount's 503(b)(9) Claim was included in the 200+ pages of the 20th Omnibus Objection. As a result, OmniMount did not immediately take any action to respond to the 20th Omnibus Objection. Recently, as a result of OmniMount's outside counsel's review of the proposed Disclosure Statement, it came to my attention that OmniMount's 503(b)(9) Claim was included in the 20th Omnibus Objection and had been reclassified. I immediately requested OmniMount's outside counsel to obtain local counsel for OmniMount in this case to prosecute the 503(b)(9) Claim.

7. Upon information and belief, the Debtors relied on the invoice dates for the Goods in their Omnibus Objection. The dates in Exhibit C to the Omnibus Objection, page 91, correspond with the dates the Goods were shipped from OmniMount, and not the dates the Goods were received by the Debtors.

Pursuant to section 1746 of title 28 of the United States Code, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 21, 2009

*Raymond Nakano*
Name: Raymond Nakano
Title: Executive Vice President and Chief Financial Officer