Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' FORTY-THIRD OMNIBUS OBJECTION
TO CLAIMS (DISALLOWANCE OF CERTAIN LATE CLAIMS)**

The debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors")[1], hereby file
their Forty-Third Omnibus Objection to Claims (Disallowance
of Certain Late Claims) (the "Objection"), and hereby move
this Court, pursuant to sections 105 and 502 of title 11 of
the United States Code, 11 U.S.C. §§ 101 <u>et</u> <u>seq</u>. (as
amended, the "Bankruptcy Code"), Rule 3007 of the Federal
Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and
Local Bankruptcy Rule 3007-1, for an order, the proposed
form of which is attached hereto as <u>Exhibit A</u>, granting the
relief sought by this Objection, and in support thereof
states as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this
Motion under 28 U.S.C. §§ 157 and 1334.  This is a core
proceeding under 28 U.S.C. § 157(b).  Venue of these cases
and this Motion in this district is proper under 28 U.S.C.

---

[1]     The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc. (3875),
Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC
(5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia,
Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC
(2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs,
Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC
(9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for
Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard,
Westminster, Colorado 80031.  For all other Debtors, the address was 9950
Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook
Drive, Glen Allen, Virginia 23060.

§§ 1408 and 1409.  The statutory and legal predicates for
the relief requested herein are Bankruptcy Code sections
105, 502, and 503 and Rule 3007 of the Federal Rules of
Bankruptcy Procedure.

<u>**BACKGROUND**</u>

2.    On November 10, 2008 (the "Petition Date"), the
Debtors filed voluntary petitions in this Court for relief
under chapter 11 of the Bankruptcy Code.

3.    The Debtors continue to manage and operate their
businesses as debtors in possession pursuant to Bankruptcy
Code sections 1107 and 1108.

4.    On November 12, 2008, the Office of the United
States Trustee for the Eastern District of Virginia
appointed a statutory committee of unsecured creditors (the
"Creditors' Committee").  To date, no trustee or examiner
has been appointed in these chapter 11 cases.

5.    On November 12, 2008, the Court appointed Kurtzman
Carson Consultants LLC ("KCC") as claims, noticing and
balloting agent for the Debtors in these chapter 11 cases
pursuant to 28 U.S.C. § 156(c).

6.    On December 10, 2008, the Court entered that
certain Order Pursuant to Bankruptcy Code Sections 105 and
502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I)

3

Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

7.   Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date").  The deadline for governmental units to file claims that arose before November 10, 2009 is 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date").  Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

8.   On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314). In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

9.   On November 12, 2008, this Court entered that

4

certain Order Establishing Bar Date for Filing Requests for
Payment of Administrative Expense Claims Under Bankruptcy
Code Sections 105 and 503(b)(9) and Approving Form, Manner
and Sufficiency of Notice of the Bar Date Pursuant to
Bankruptcy Rule 9007 (Docket No. 107)(the "503(b)(9) Bar
Date Order").

10.   Pursuant to the 503(b)(9) Bar Date Order, this
Court approved the form and manner of the 503(b)(9) bar date
notice, which was attached as Exhibit A to the 503(b)(9) Bar
Date Order (the "503(b)(9) Bar Date Notice").  Pursuant to
the 503(b)(9) Bar Date Order and 503(b)(9) Bar Date Notice,
the bar date for filing proofs of claim asserting
administrative priority claims pursuant to section 503(b)(9)
of the Bankruptcy Code was on December 19, 2008 (the
"503(b)(9) Bar Date").

11.   On November 19, 2008, KCC served a copy of the
503(b)(9) Bar Date Notice on the 2002 Service List, all of
the Debtors' scheduled creditors in these cases, the
Debtors' equity holders, and certain other parties (Docket
No. 358).  In addition, the Debtors published the 503(b)(9)
Bar Date Notice in The New York Times (Docket No. 549), The
Wall Street Journal (Docket No. 548),and The Richmond Times-
Dispatch (Docket No. 547).

5

12.   On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

13.   On April 1, 2009, this Court entered an Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (Docket No. 2881)(the "Omnibus Objection Procedures Order").

14.   On May 15, 2009, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (I) Setting Administrative Bar Date and Procedures for Filing and Objecting to Administrative Expense Requests and (II) Approving Form and Manner of Notice Thereof (Docket No. 3354) (the "Administrative Claims Bar Date Order").

15.   Pursuant to the Administrative Claims Bar Date Order, the deadline for filing all "Administrative Expenses"

6

(as defined in the Administrative Claims Bar Date Order)

against the Debtors by any person or entity was 5:00 p.m.

(Pacific) on June 30, 2009 (the "Administrative Claims Bar

Date").  Pursuant to the Claims Bar Date Order, this Court

approved the form and manner of the claims bar date notice,

which was attached as Exhibit A to the Administrative Claims

Bar Date Order (the "Administrative Claims Bar Date

Notice").

16.  On or before May 22, 2009, KCC served a copy of

the Administrative Claims Bar Date Notice on all parties who

filed notices of appearance pursuant to Bankruptcy Rule

2002, all of the Debtors' scheduled creditors in these

cases, the Debtors' equity holders, and certain other

parties (Docket Nos. 3397 and 4609).  In addition, the

Debtors published the Administrative Claims Bar Date Notice

in <u>The Financial Times</u> (Docket No. 3970), and <u>The Richmond</u>

<u>Times-Dispatch</u> (Docket No. 3969) and <u>The Wall Street Journal</u>

(Docket No. 3968).

## <u>OBJECTIONS TO CLAIMS</u>

17.  As more particularly described herein, the Debtors

seek in this Objection the disallowance of certain claims

that were filed after the applicable bar date, all as

further described herein and pursuant to the form of order

attached hereto as <u>Exhibit A</u>.

18.   The claims that are the subject of this Objection may be the subject to additional subsequently filed objections.

19.   The Debtors reserve the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and on any other grounds.  The Debtors reserve the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

20.   For ease of reference, attached as <u>Exhibit B</u> is an alphabetical listing of all Claimants whose Claims are included in this Objection, with a cross-reference by claim number.

<u>**BASIS FOR RELIEF**</u>

21.   <u>Exhibit C</u> contains a list of claims that were filed after the applicable bar date (the "Late Claims").

22.   The Claims Bar Date Order provides in relevant part:

Pursuant to Bankruptcy Rule 3003(c)(3), all "entities" and "persons" (as defined respectively in 11 U.S.C. § 101(15) and (41)), except any governmental unit (as defined in 11 U.S.C. § 101(27)) that are creditors holding or wishing to assert "claims" (as defined in 11 U.S.C. § 101(5)) arising before the Petition Date against any of the Debtors are required to file with the Debtors' Claims Agent (as defined below), on or before 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date") a separate, completed, and executed proof of claim form (conforming substantially to Official Bankruptcy Form No. 10) on account of any such claims in accordance with the procedures set forth below.

. . .

Pursuant to Bankruptcy Rule 3003(c) and Bankruptcy Code section 502(b)(9), any governmental units (as defined in 11 U.S.C. § 101(27)) that are creditors holding or wishing to assert "claims" (as defined in 11 U.S.C. § 101(5)) arising before the Petition Date against any of the Debtors are required to file, on or before 5:00 p.m. (Pacific) on May 11, 2009(the "Governmental Bar Date") a separate, completed, and executed proof of claim form (conforming substantially to Official Bankruptcy Form No. 10) on account of any such claims in accordance with the procedures set forth below.

. . .

9

Any creditor that is required to file
but fails to file a proof of claim for
its claim in accordance with the
procedures set forth in this order on or
before the General Bar Date, the
Governmental Bar Date, or such other
date established hereby (as applicable)
shall be forever barred, estopped, and
enjoined from: (a) asserting any Claim
against the Debtors that (i) is in an
amount that exceeds the amount, if any,
that is set forth in the Schedules as
undisputed, noncontingent, and
unliquidated or (ii) is of a different
nature or in a different classification
(any such claim referred to as an
"Unscheduled Claim") and (b) voting
upon, or receiving distributions under,
any plan or plans of reorganization in
these chapter 11 cases in respect of an
Unscheduled Claim; and the Debtors and
their property shall be forever
discharged from any and all indebtedness
or liability with respect to such
Unscheduled Claim.

Bar Date Order, ¶¶ 2, 3, 12

    23.   The Claims Bar Date Notice provides in relevant

part:

10

CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any creditor that is required to file
but fails to file a proof of claim for
its Claim in accordance with the
procedures set forth herein on or before
the General Bar Date, the Governmental
Bar Date, or such other date established
hereby (as applicable) shall be forever
barred, estopped, and enjoined from: (a)
asserting any Claim against the Debtors
that (i) is in an amount that exceeds
the amount, if any, that is set forth in
the Schedules as undisputed,
noncontingent, and unliquidated or (ii)
is of a different nature or in a
different classification (any such claim
referred to as an "Unscheduled Claim")
and (b) voting upon, or receiving
distributions under, any plan or plans
of reorganization in these chapter 11
cases in respect of an Unscheduled
Claim; and the Debtors and their
property shall be forever discharged
from any and all indebtedness or
liability with respect to such
Unscheduled Claim.  If it is unclear
from the Schedules and Statements
whether your Claim is disputed,
contingent or unliquidated as to amount
or is otherwise properly listed and
classified, you must file a proof of
claim on or before the General Bar Date.
Any Entity that relies on the Schedules
and Statements bears responsibility for
determining that its Claim is accurately
listed therein.

Bar Date Notice, p. 5.

24.  The 503(b)(9) Bar Date Order provides in relevant

part:

Any holder of a Section 503(b)(9) Claim

11

that fails to file a Section 503(b)(9)
Claim Request or a Section 503(b)(9)
Motion by the Section 503(b)(9) Bar Date
in accordance with the procedure set
forth in this Order is forever barred,
estopped, and permanently enjoined from
asserting its Section 503(b)(9) Claim
against the Debtors, their estates, or
the property of any of them, and such
holder shall not be entitled to receive
any distribution in these bankruptcy
cases on account of such Section
503(b)(9) Claim or receive further
notices regarding such Section 503(b)(9)
Claim, absent further order of this
Court.

.  .  .

Any Section 503(b)(9) Claim Request or
Section 503(b)(9) Motion that is not
timely filed and served in accordance
with this Order on or before the Section
503(b)(9) Bar Date, so as to be actually
RECEIVED by the deadline and in the
manner set forth herein, shall be
disallowed, and the holder of such
Section 503(b)(9) Claim shall be forever
barred, estopped, and permanently
enjoined from asserting such Section
503(b)(9) Claim against the Debtors,
their estates, or the property of any of
them, and such holder shall not be
entitled to receive any distribution in
these bankruptcy cases on account of
such Section 503(b)(9) Claim or receive
further notices regarding such Section
503(b)(9) Claim, absent further order of
this Court.

503(b)(9) Bar Date Order, ¶¶ 7, 12.

      25.   The 503(b)(9) Bar Date Notice provides in relevant

part:

**CONSEQUENCES OF FAILURE TO 503(b)(9) CLAIM REQUEST**

> **ANY PERSON OR ENTITY HOLDING A SECTION 503(b)(9) CLAIM THAT FAILS TO FILE A SECTION 503(b)(9) CLAIM REQUEST ON OR BEFORE THE BAR DATE SHALL BE FOREVER BARRED AND ESTOPPED FROM ASSERTING A SECTION 503(b)(9) CLAIM AGAINST THE DEBTORS, THEIR ESTATES, OR THE PROPERTY OF ANY OF THEM, ABSENT FURTHER ORDER OF THE COURT.**

503(b)(9) Bar Date Notice, p. 5.

26.   The Administrative Claims Bar Date Order provides

in relevant part:

> All holders of or those wishing to assert an Administrative Expense, including (without limitation) persons, entities, individuals, partnerships, corporations, estates, trusts, indenture trustees, unions and governmental units, must file an Administrative Expense Request on or before **5:00 p.m. (Pacific) on June 30, 2009** -- the Administrative Bar Date - in accordance with the procedures set forth below.
>
> .  .  .
>
> Any person or entity that is required, but fails, to file an Administrative Expense Request for its Administrative Expense in accordance with the procedures set forth in this order on or before the Administrative Bar Date (a) shall be forever barred, estopped, and enjoined from asserting any Administrative Expense against the Debtors and the Debtors shall be forever discharged from any and all indebtedness or liability with respect to such Administrative Expenses and (b) shall not be permitted to receive payment from the Debtors' estates or participate in any distribution under any

```
                    plan or plans of liquidation in the Debtors'
                    chapter 11 cases on account of such
                    Administrative Expenses.
```

Administrative Claims Bar Date Order, ¶¶ 2, 12.

        27.   The Administrative Claims Bar Date Notice provides

in relevant part:

                    **CONSEQUENCES OF FAILURE TO FILE
                    ADMINISTRATIVE EXPENSE REQUESTS**

                    **Any holder of an Administrative Request
                    that is required to file (but fails to
                    file) an Administrative Expense Request
                    in accordance with the procedures set
                    forth herein on or before the
                    Administrative Bar Date (a) shall be
                    forever barred, estopped, and enjoined
                    from asserting any Administrative
                    Expense against the Debtors and the
                    Debtors (shall [sic] be forever
                    discharged from any and all indebtedness
                    or liability with respect to such
                    Administrative Expense and (b) shall not
                    be permitted to receive payment from the
                    Debtors estates or participate in any
                    distribution under any plan or plans of
                    liquidation in the Debtors' chapter 11
                    cases on account of such Administrative
                    Expense.**

Administrative Claims Bar Date Notice, p. 5.

        28.   The disallowance of the Late Claims is appropriate

under the applicable Bar Date Order, as well as under

applicable law.

        29.   Bar dates for asserting claims in chapter 11

bankruptcy cases serve extremely important purposes.   "The

requirement of a Bar Date in Chapter 11 enables the debtor

. . . to establish the universe of claims with which it must

deal and the amount of those claims." See In re A.H. Robins

Co., Inc., 129 B.R. 457, 459 (Bankr. E.D. Va. 1991).

Premised on the imperative purpose of finality of asserting

claims against a debtor, courts have not allowed claims

filed by creditors after the bar date, absent special

circumstances. See In re Provident Hosp., Inc., 122 B.R.

683, 685 (D. Md. 1990), aff'd, 943 F.2d 49 (4th Cir. 1991)

(unpublished opinion) ("Because Bean did not timely file his

bankruptcy claim after having been given constitutionally

sufficient notice, his claim is barred under well-settled

authority, 11 U.S.C. 1141(d) and Bankruptcy Rule

3003(c)(2).").

    30.  The Late Claims were filed in the present cases

after the applicable bar date.  Accordingly, pursuant to the

applicable Bar Date Order, these Late Claims are "forever

barred, estopped, and permanently enjoined from asserting

such claim against the Debtors . . . ."

    31.  It is essential for the Debtors to establish the

proper liabilities asserted against them.  In order to

achieve the imperative of finality in the claims process,

the Debtors request that this Court disallow, in their

15

entirety and for all purposes in these bankruptcy cases, the Late Claims in this Objection.

32.   The Debtors reserve the right to object to the Late Claims on any other grounds at any time.

<u>**RESERVATION OF RIGHTS**</u>

33.   As noted above, the Debtors reserve their rights to file objections to these Late Claims at a later time on any grounds that bankruptcy or non-bankruptcy law permits. The Debtors likewise reserve the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

<u>**NOTICE AND PROCEDURE**</u>

34.   Notice of this Objection has been provided to all claimants with claims that are the subject to this Objection as identified on <u>Exhibit C</u> (the "Claimants"), respectively, and to parties-in-interest in accordance with the Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (Docket No. 130) (the "Case Management Order"). The Debtors submit that the following methods of service upon the Claimants should be deemed by the Court to constitute due and sufficient service

of this Objection: (a) service in accordance with Federal Rule of Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for a Claimant is not known to the Debtors, by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's behalf in the Debtors' bankruptcy cases.  The Debtors are serving the Claimant with this Objection and the exhibit on which the Claimant's claim is listed.

35.  To the extent any Claimant timely files and properly serves a response to this Objection by **4:00 p.m. on October 27, 2009** as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Debtors request that the Court conduct a status conference with respect to any such responding claimant at **11:00 a.m. on November 3, 2009** and thereafter schedule the matter for a future hearing as to the merits of such claim.  However, to the extent any Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order

17

and applicable law, the Debtors request that the Court enter
an order, substantially in the form attached hereto as
<u>Exhibit A</u>, disallowing such Claimant's claim in its entirety
for all purposes in these bankruptcy cases.

### COMPLIANCE WITH BANKRUPTCY RULE 3007 AND THE OMNIBUS OBJECTION PROCEDURES ORDER

36.   This Objection complies with Bankruptcy Rule
3007(e).   Additionally, the Debtors submit that this
Objection is filed in accordance with the Omnibus Objection
Procedures Order.

### WAIVER OF MEMORANDUM OF LAW

37.   Pursuant to Local Bankruptcy Rule 9013-1(G), and
because there are no novel issues of law presented in the
Motion, the Debtors request that the requirement that all
motions be accompanied by a written memorandum of law be
waived.

### NO PRIOR RELIEF

38.   No previous request for the relief sought herein
has been made to this Court or any other court.

WHEREFORE, the Debtors request the Court to enter an Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

```
Dated: Richmond, Virginia    SKADDEN, ARPS, SLATE, MEAGHER &
       September 21, 2009    FLOM, LLP
                            Gregg M. Galardi, Esq.
                            Ian S. Fredericks, Esq.
                            P.O. Box 636
                            Wilmington, Delaware 19899-0636
                            (302) 651-3000

                                    - and -

                            SKADDEN, ARPS, SLATE, MEAGHER &
                            FLOM, LLP
                            Chris L. Dickerson, Esq.
                            155 North Wacker Drive
                            Chicago, Illinois 60606
                            (312) 407-0700

                                    - and -

                            MCGUIREWOODS LLP

                            _/s/ Douglas M. Foley_____
                            Dion W. Hayes (VSB No. 34304)
                            Douglas M. Foley (VSB No. 34364)
                            One James Center
                            901 E. Cary Street
                            Richmond, Virginia 23219
                            (804) 775-1000

                            Counsel for Debtors and Debtors
                            in Possession
```

## EXHIBIT A

Gregg M. Galardi, Esq.                 Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &        MCGUIREWOODS LLP
FLOM, LLP                              One James Center
One Rodney Square                      901 E. Cary Street
PO Box 636                             Richmond, Virginia 23219
Wilmington, Delaware 19899-0636        (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession


              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x


           ORDER SUSTAINING DEBTORS' FORTY-THIRD OMNIBUS
        OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN LATE CLAIMS)


        THIS MATTER having come before the Court on the

Debtors' Forty-Third Omnibus Objection to Claims

(Disallowance of Certain Late Claims) (the "Objection"),

which requested, among other things, that the claims

specifically identified on Exhibit C attached to the

Objection be disallowed in their entirety and for all
purposes in these bankruptcy cases for those reasons set
forth in the Objection; and it appearing that due and proper
notice and service of the Objection as set forth therein was
good and sufficient and that no other further notice or
service of the Objection need be given; and it further
appearing that no response was timely filed or properly
served by the Claimants being affected by this Order; and it
appearing that the relief requested on the Objection is in
the best interest of the Debtors, their estates and
creditors and other parties-in-interest; and after due
deliberation thereon good and sufficient cause exists for
the granting of the relief as set forth herein,

        IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

        1.   The Objection is GRANTED.

        2.   The Claims identified on Exhibit A – Late Claims
as attached hereto and incorporated herein, are forever
disallowed in their entirety for all purposes in these
bankruptcy cases.

Dated: Richmond, Virginia
        _____, 2009


                        _____
                        HONORABLE KEVIN R. HUENNEKENS
                        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby
certify that the foregoing proposed order has been endorsed
by or served upon all necessary parties.

                        /s/ Douglas M. Foley
                        Douglas M. Foley

Active\9930787.5

3

Debtors' Forty-Third Omnibus Objection to Claims (Late
Claims) - Disallowed

In re: Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

Exhibit B - Claimants and Related Claims Subject To Forty-Third Omnibus Objection to Claims

| Claim Holder | Claim | Exhibit |
|---|---|---|
| ANDY DOMINGUEZ | 14473 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| BJARNSON, BENJAMIN | 13053 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| CITY OF CLARKSVILLE DEPARTMENT OF FINANCE & REVENUE | 14483 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| FRIESEN, PATRICE | 14014 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| HARA KEVIN K | 13205 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| HARRISON, DAVID | 13027 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| HATZLACHH SUPPLY INC | 13219 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| HOUSTON COUNTY REVENUE COMMISSIONER | 14549 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| JONES III LOUIS C | 13632 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| JULIA MAPES | 13707 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| KIRK S CARTER | 14478 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| KYLE GORDON TRACEY | 13213 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| LAFAYETTE CONSOLIDATED GOVERNMENT | 14534 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| MATTHEW KUPFERBERG | 13608 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| MOSCATELL, BRENDA LYNN | 13228 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| OREGON EMPLOYMENT DEPARTMENT | 14488 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| PITTS, WILLIAM | 13021 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| QUARLES JANE B | 14277 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| RAMIREZ, MARC | 13653 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| RAMIREZ, MARCOS ISIDRO | 13652 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| REICHEL, SUSAN | 13151 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| SANTANGELO, RUSTY | 14291 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| TERESA LYNN PASSEN | 13739 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| THOMAS GEORGE ASSOCIATES LTD TGA | 12288 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| TN DEPT OF TREASURY UNCLAIMED PROPERTY | 14567 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| TOMASELLI, STACEY | 14435 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| TOSHIBA AMERICA CONSUMER PRODUCTS LLC | 14506 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| TOSHIBA AMERICA INFORMATION SYSTEMS INC | 14505 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| TRAN, KIEN X | 13157 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| WAYNE BERKLEY LUCK | 14330 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |
| WRIGHT, LESLIE | 13840 | EXHIBIT C - (LATE CLAIMS) - DISALLOWED |

In re: Circuit City Stores, Inc, et al.                                                    Debtors' Forty-Third Omnibus Objection to Claims
Case No. 08-35653-KRH                                                                            (Late Claims) - Disallowed

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| ANDY DOMINGUEZ 2119 BORDEAUX AVE STOCKTON, CA 95210 | 14473 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $1,979.00 $1,979.00 | 06/29/2009 | CIRCUIT CITY STORES WEST COAST, INC. (08-35654) |
| BJARNSON, BENJAMIN 594 E 7500S MIDVALE, UT 84047-0000 | 13053 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $176.69 $176.69 | 05/21/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CITY OF CLARKSVILLE DEPARTMENT OF FINANCE & REVENUE PO BOX 928 CLARKSVILLE, TN 37041-0928 | 14483 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $11,242.65 $11,242.65 | 07/13/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| FRIESEN, PATRICE 1420 SPALDING AVE ATWATER, CA 95301 | 14014 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $15,000.00 $15,000.00 | 06/22/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| HARA KEVIN K 1156 LABRADOR CT NEWMAN, CA 95360 | 13205 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $1,560.06 $1,560.06 | 06/05/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

\*       "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.                                                      Debtors' Forty-Third Omnibus Objection to Claims
Case No. 08-35653-KRH                                                                                         (Late Claims) - Disallowed

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| HARRISON, DAVID 5115 VERMONT DRIVE EASTON, PA 18045 | 13027 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $165.96 $165.96 | 05/07/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| HATZLACHH SUPPLY INC 935 BROADWAY NEW YORK, NY 10010 | 13219 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $255,825.84 $255,825.84 | 06/09/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| HOUSTON COUNTY REVENUE COMMISSIONER PO BOX 6406 DOTHAN, AL 36302 | 14549 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $4,144.80 $4,144.80 | 08/14/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| JONES III LOUIS C 17 SPRING HARBOR ALISO VIEJO, CA 92656 | 13632 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $15,000.00 $15,000.00 | 06/26/2009 | CIRCUIT CITY STORES WEST COAST, INC. (08-35654) |
| JULIA MAPES 649 EDITH ANN DR AZUSA, CA 91702 | 13707 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $272.48 $272.48 | 06/19/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

*     "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Forty-Third Omnibus Objection to Claims
(Late Claims) - Disallowed

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| KIRK S CARTER 5205 W PIUTE AVE GLENDALE, AZ 85308 | 14478 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $1,725.01 $1,725.01 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| KYLE GORDON TRACEY JOYCE E TRACEY 246 CIRCUIT ST NORWELL, MA 02061 | 13213 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | UNL UNL | 06/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| LAFAYETTE CONSOLIDATED GOVERNMENT PO BOX 4024 LAFAYETTE, LA 70502-4024 | 14534 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $6,381.90 $6,381.90 | 07/28/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| MATTHEW KUPFERBERG 69 STONY HILL DR MORGANVILLE, NJ 07751 | 13608 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $98.10 $98.10 | 06/25/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| MOSCATELL, BRENDA LYNN 727 BRASS CASTLE RD BELVIDERE, NJ 07823 | 13228 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $5,500.00 $5,500.00 | 06/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.    Debtors' Forty-Third Omnibus Objection to Claims
Case No. 08-35653-KRH    (Late Claims) - Disallowed

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| OREGON EMPLOYMENT DEPARTMENT EMPLOYMENT DEPARTMENT 875 UNION ST NE RM 107 SALEM, OR 97311 | 14488 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $937.61 $937.61 | 07/22/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| PITTS, WILLIAM 2801 E JOLLY RD 202 LANSING, MI 48910-0000 | 13021 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $97.89 $97.89 | 05/18/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| QUARLES JANE B 9021 WELDON DR RICHMOND, VA 23229 | 14277 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $29,722.37 $29,722.37 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| RAMIREZ, MARC 15919 SE MCLOUGHLIN BLVD 9 MILWUALIE, OR 97267-0000 | 13653 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $625.77 $625.77 | 06/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| RAMIREZ, MARCOS ISIDRO 15919 SE MCLOUGHLIN BLVD 9 MILWUALIE, OR 97267 | 13652 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $625.77 $625.77 | 06/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.                                                                Debtors' Forty-Third Omnibus Objection to Claims
Case No. 08-35653-KRH                                                                                                        (Late Claims) - Disallowed

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| REICHEL, SUSAN<br>1550 SPRINGTOWN BLVD NO 6C<br>LIVERMORE, CA 94551 | 13151 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $1,216.89<br><br><br><br><br>$1,216.89 | 06/09/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| SANTANGELO, RUSTY<br>PO BOX 536423<br>ORLANDO, FL 32853-6423 | 14291 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $481.00<br><br><br><br><br>$481.00 | 06/29/2009 | CIRCUIT CITY STORES PR, LLC (08-35660) |
| TERESA LYNN PASSEN<br>7138 TILGHMAN DR<br>PARSONSBURG, MD 21849 | 13739 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br>$15,000.00<br><br>$15,000.00 | 06/22/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| THOMAS GEORGE ASSOCIATES LTD TGA<br>INSURANCE RECOVERY DIVISION<br>PO BOX 30<br>E NORTHPORT, NY 11731-0030 | 12288 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br>$1,050.00<br><br>$1,050.00 | 04/14/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| TN DEPT OF TREASURY UNCLAIMED PROPERTY<br>C O TN ATTY GENERAL BANKRUPTCY DIV<br>PO BOX 20207<br>NASHVILLE, TN 37202-0207 | 14567 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br>$200,545.81<br><br>$200,545.81 | 08/20/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

*        "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.          Debtors' Forty-Third Omnibus Objection to Claims
Case No. 08-35653-KRH                                      (Late Claims) - Disallowed

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| TOMASELLI, STACEY<br>2141 JILL WAY<br>UPLAND, CA 91784 | 14435 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br><br>Total: | <br><br><br><br>$777.81<br><br>$777.81 | 07/01/2009 | CIRCUIT CITY STORES WEST COAST, INC. (08-35654) |
| TOSHIBA AMERICA CONSUMER PRODUCTS LLC<br>C O LEITESS LEITESS FRIEDBERG & FEDDER PC<br>10451 MILL RUN CIR STE 1000<br>ONE CORPORATE CTR<br>OWINGS MILLS, MD 21117 | 14506 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br><br>Total: | <br><br>$5,293,249.00<br><br>$1,100,432.50<br><br>$6,393,681.50 | 07/16/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| TOSHIBA AMERICA INFORMATION SYSTEMS INC<br>C O LEITESS LEITESS FRIEDBERG & FEDDER PC<br>10451 MILL RUN CIR STE 1000<br>ONE CORPORATE CTR<br>OWINGS MILLS, MD 21117 | 14505 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br><br>Total: | <br><br>$5,043,759.28<br><br>$9,357,099.05<br><br>$14,400,858.33 | 07/16/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| TRAN, KIEN X<br>9568 W FRANK AVE<br>PEORIA, AZ 85382 | 13157 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br><br>Total: | <br><br><br><br>$1,802.17<br><br>$1,802.17 | 06/08/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| WAYNE BERKLEY LUCK<br>WAYNE B LUCK<br>8954 KINGS CHARTER DR<br>MECHANICSVILLE, VA 23116 | 14330 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br><br>Total: | <br>$210,000.00<br><br><br><br><br>$210,000.00 | 07/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.    Debtors' Forty-Third Omnibus Objection to Claims
Case No. 08-35653-KRH    (Late Claims) - Disallowed

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| WRIGHT, LESLIE<br>9223 MONTROSE<br>DETROIT, MI 48228-0000 | 13840 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br><br>Total: | $124.38<br><br><br><br><br>$124.38 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

Total:    31    $21,576,619.79

---

\*    "UNL" denotes an unliquidated claim.

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

          IN THE UNITED STATES BANKRUPTCY COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

       **NOTICE OF DEBTORS' FORTY-THIRD OMNIBUS OBJECTION
        TO CLAIMS (DISALLOWANCE OF CERTAIN LATE CLAIMS)**

     **PLEASE TAKE NOTICE THAT** the above-captioned Debtors
(the "Debtors") filed the Debtors' Forty-Third Omnibus
Objection to Claims (Disallowance of Certain Late Claims)
(the "Objection") with the Bankruptcy Court.  A copy of the
Objection is attached to this notice (this "Notice") as
Exhibit 1.  By the Objection, the Debtors are seeking to
disallow certain claims.

     **PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the
Bankruptcy Court entered the Order Establishing Omnibus
Objection Procedures and Approving the Form and Manner of
the Notice of Omnibus Objections (Docket No. 2881) (the

"Order"), by which the Bankruptcy Court approved procedures
for filing omnibus objections to proofs of claim and
requests for allowance and payment of administrative
expenses and/or cure claims (collectively, the "Claims") in
connection with the above-captioned chapter 11 cases (the
"Omnibus Objection Procedures").

Specifically, the Objection seeks to disallow certain
claims, including your claim(s), listed below, all as set
forth in the Objection.

| TO: | Claim Number | Asserted Claim Amount | Classification as Filed |
|-----|--------------|------------------------|--------------------------|
|     |              |                        |                          |
| [Claimant Name][1] |    |                 |                          |
| [Claimant Address] |    |                 |                          |
|     |              |                        |                          |

YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF
CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF
THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE
SUBJECT TO THE OBJECTION.  YOUR RIGHTS MAY BE AFFECTED BY
THE OBJECTION.  THEREFORE, YOU SHOULD READ THIS NOTICE
(INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY
AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN
ATTORNEY, YOU MAY WISH TO CONSULT ONE.

MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF
THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT
OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A
WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH
THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY
4:00 P.M.(EASTERN) ON OCTOBER 27, 2009, THE COURT MAY DEEM
ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND
ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A
HEARING.

### Critical Information for Claimants
### Choosing to File a Response to the Objection

---

[1]  Personalized claim information is included in the personalized notices
served on the Claimants listed on Exhibit B to the Objection.

<u>Who Needs to File a Response</u>:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Debtors before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>:  The Response Deadline is **<u>4:00 p.m. (Eastern Time) on October 27, 2009 (the "Response Deadline")</u>**.

THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.

Your Response will be deemed timely filed only if the Response is **<u>actually</u> <u>received</u>** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Debtors' attorneys:

SKADDEN, ARPS, SLATE, MEAGHER   MCGUIREWOODS LLP
& FLOM, LLP                     One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, VA 23219
Wilmington, DE 19899-0636       Attn: Dion W. Hayes
Attn: Gregg M. Galardi          Attn: Douglas M. Foley
Attn: Ian S. Fredericks

         - and -

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
Attn:  Chris L. Dickerson


     The status hearing on the Objection will be held at
**11:00 a.m. (Eastern) on November 3, 2009 at:**

              United States Bankruptcy Court
              701 East Broad Street - Courtroom 5100
              Richmond, Virginia 23219

     If you file a timely Response, in accordance with the
Objection Procedures, you do <u>not</u> need to appear at the
status hearing on the Objection.

        <u>**Procedures for Filing a Timely Response and
Information Regarding the Hearing on the Objection**</u>

     <u>**Contents**</u>.  To facilitate a speedy and non-judicial
resolution of a Claim subject to the Objection, any claimant
filing a Response shall use its best efforts to include the
following (at a minimum) in its filed Response, to the
extent such materials are not attached to its proof of
claim:

         a.    a caption setting forth the name of the
               Bankruptcy Court, the name of the Debtors,
               the case number and the title of the
               Objection to which the Response is directed;

4

b.    the claimant's name and an explanation for
      the amount of the Claim;

c.    a concise statement, executed by (or
      identifying by name, address and telephone
      number) a person with personal knowledge of
      the relevant facts that support the Response,
      setting forth the reasons why the Bankruptcy
      Court should overrule the Objection as to the
      claimant's claim, including, without
      limitation (to the extent not set forth in
      its proof of claim), the specific factual and
      legal bases upon which the claimant intends
      to rely in support of its Response and its
      underlying Claim;

d.    a copy of or identification of any other
      documentation or other evidence of the Claim,
      to the extent not already included with the
      Claim that the claimant presently intends to
      introduce into evidence in support of its
      Claim at the hearing; provided, however, that
      for a Response filed in support of a Claim
      arising out of a lease of real property, the
      Response need not attach such lease if the
      claimant indicates its willingness to provide
      such documentation upon request;

e.    a declaration of a person with personal
      knowledge of the relevant facts that support
      the Response; and

f.    the claimant's address, telephone number and
      facsimile number and/or the name, address,
      telephone number and facsimile number of the
      claimant's attorney and/or designated
      representative to whom the attorneys for the
      Debtors should serve a reply to the Response,
      if any (collectively, the "Notice Address").
      If a Response contains Notice Address that is
      different from the name and/or address listed
      on the Claim, the Notice Address will control
      and will become the service address for
      future service of papers with respect to all
      of the claimant's Claims listed in the
      Objection (including all Claims to be

disallowed) and only for those Claims in the
Objection.

g.      To the extent such person differs from the
person identified pursuant to subjection e,
above, the name, address, telephone number,
facsimile number, and electronic mail address
of the representative of the claimant (which
representative may be the claimant's counsel)
party with authority to reconcile, settle or
otherwise resolve the Objection on the
claimant's behalf (collectively, the
"Additional Addresses").  Unless the
Additional Addresses are the same as the
Notice Addresses, the Additional Address will
not become the service address for future
service of papers.

**Additional Information**.  To facilitate a resolution of
the Objection, your Response should also include the name,
address, telephone number and facsimile number of the party
with authority to reconcile, settle or otherwise resolve the
Objection on the claimant's behalf.  Unless the Additional
Addresses are the same as the Notice Addresses, the
Additional Addresses will <u>not</u> become the service address for
future service of papers.

**Failure to File Your Timely Response**.  If you fail to
file and serve your Response on or before the Response
Deadline in compliance with the procedures set forth in this
Notice, the Debtors will present to the Bankruptcy Court an
appropriate order granting the relief requested in the
Objection <u>without further notice</u> to you.

**Each Objection Is a Contested Matter**. Each Claim
subject to the Objection and the Response thereto shall
constitute a separate contested matter as contemplated by
Bankruptcy Rule 9014, and any order entered by the
Bankruptcy Court will be deemed a separate order with
respect to such claim.

## Additional Information

**Requests for Information**.  You may also obtain a copy
of the Objection or related documents on the internet, by

accessing the website of the Debtors at
www.kccllc.net/circuitcity.

**Reservation of Rights**.   Nothing in this Notice or the
Objection constitutes a waiver of the Debtors' right to
assert any claims, counterclaims, rights of offset or
recoupment, preference actions, fraudulent-transfer actions
or any other claims against you by the Debtors.   Unless the
Bankruptcy Court allows your Claims or specifically orders
otherwise, the Debtors have the right to object on any
grounds to the Claims (or to any other Claims or causes of
action you may have filed or that have been scheduled by the
Debtors) at a later date on any grounds or bases.   In such
event, you will receive a separate notice of any such
objections.

Dated: September 21, 2009      SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia      FLOM, LLP
                               Gregg M. Galardi, Esq.
                               Ian S. Fredericks, Esq.
                               P.O. Box 636
                               Wilmington, Delaware 19899-0636
                               (302) 651-3000

                                       - and -

                               SKADDEN, ARPS, SLATE, MEAGHER &
                               FLOM, LLP
                               Chris L. Dickerson, Esq.
                               155 North Wacker Drive
                               Chicago, Illinois 60606
                               (312) 407-0700

                                       - and -

                               MCGUIREWOODS LLP

                               __/s/ Douglas M. Foley _____
                               Dion W. Hayes (VSB No. 34304)
                               Douglas M. Foley (VSB No. 34364)
                               One James Center
                               901 E. Cary Street
                               Richmond, Virginia 23219
                               (804) 775-1000

                               Counsel for Debtors and Debtors
                               in Possession

\9931184.1