Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                          :    Chapter 11
                                :
CIRCUIT CITY STORES, iNC.,      :    Case No. 08-35653 (KRH)
et al.,                         :
                                :
              Debtors.          :    Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' FORTY-SIXTH OMNIBUS OBJECTION TO CLAIMS
(MODIFICATION OF CERTAIN DUPLICATE CLAIMS)**

The debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors"),[1] hereby file their Forty-Sixth Omnibus Objection to Claims (Modification of Certain Duplicate Claims) (the "Objection"), and hereby move this Court, pursuant to section 502 and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for an order, the proposed form of which is attached hereto as <u>Exhibit A</u>, granting the relief sought by this Objection, and in support thereof state as follows:

<u>**JURISDICTION AND VENUE**</u>

1.     This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C.

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, INC. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, Virginia 23060.

§§ 1408 and 1409.  The statutory and legal predicates for
the relief requested herein are Bankruptcy Code sections
105, 502, and 503 and Rule 3007 of the Federal Rules of
Bankruptcy Procedure.

<b><u>BACKGROUND</u></b>

2.    On November 10, 2008 (the "Petition Date"), the
Debtors filed voluntary petitions in this Court for relief
under chapter 11 of the Bankruptcy Code.

3.    The Debtors continue to manage and operate their
businesses as debtors in possession pursuant to Bankruptcy
Code sections 1107 and 1108.

4.    On November 12, 2008, the Office of the United
States Trustee for the Eastern District of Virginia
appointed a statutory committee of unsecured creditors (the
"Creditors' Committee").  To date, no trustee or examiner
has been appointed in these chapter 11 cases.

5.    On November 12, 2008, the Court appointed Kurtzman
Carson Consultants LLC ("KCC") as claims, noticing and
balloting agent for the Debtors in these chapter 11 cases
pursuant to 28 U.S.C. § 156(c).

6.    On November 12, 2008, this Court entered that
certain Order Establishing Bar Date for Filing Requests for
Payment of Administrative Expense Claims Under Bankruptcy

Code Sections 105 and 503(b)(9) and Approving Form, Manner

and Sufficiency of Notice of the Bar Date Pursuant to

Bankruptcy Rule 9007 (Docket No. 107)(the "503(b)(9) Bar

Date Order").

7.    Pursuant to the 503(b)(9) Bar Date Order, this

Court approved the form and manner of the 503(b)(9) bar date

notice, which was attached as Exhibit A to the 503(b)(9) Bar

Date Order (the "503(b)(9) Bar Date Notice").  Pursuant to

the 503(b)(9) Bar Date Order and 503(b)(9) Bar Date Notice,

the bar date for filing proofs of claim asserting

administrative priority claims pursuant to section 503(b)(9)

of the Bankruptcy Code was on December 19, 2008 (the

"503(b)(9) Bar Date").

8.    On November 19, 2008, KCC served a copy of the

503(b)(9) Bar Date Notice on all parties who filed notices

of appearance pursuant to Bankruptcy Rule 2002, all of the

Debtors' scheduled creditors in these cases, the Debtors'

equity holders, and certain other parties (Docket No. 358).

In addition, the Debtors published the 503(b)(9) Bar Date

Notice in The New York Times (Docket No. 549), The Wall

Street Journal (Docket No. 548),and The Richmond Times-

Dispatch (Docket No. 547).

9.    On December 10, 2008, the Court entered that

certain Order Pursuant to Bankruptcy Code Sections 105 and
502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I)
Setting General Bar Date and Procedures for Filing Proofs of
Claim; and (II) Approving Form and Manner of Notice Thereof
(Docket No. 890) (the "Claims Bar Date Order").

10.   Pursuant to the Claims Bar Date Order, the
deadline for filing all "claims" (as defined in 11 U.S.C. §
105(5)) arising before November 10, 2008 against the Debtors
by any non-governmental entity was 5:00 p.m. (Pacific) on
January 30, 2009 (the "General Bar Date").   The deadline for
governmental units to file claims that arose before November
10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the
"Governmental Bar Date").   Pursuant to the Claims Bar Date
Order, this Court approved the form and manner of the claims
bar date notice, which was attached as Exhibit A to the
Claims Bar Date Order (the "Claims Bar Date Notice").

11.   On December 17 and 19, 2008, KCC served a copy of
the Claims Bar Date Notice on all parties who filed notices
of appearance pursuant to Bankruptcy Rule 2002, all of the
Debtors' scheduled creditors in these cases, the Debtors'
equity holders, and certain other parties (Docket No. 1314).
In addition, the Debtors published the Claims Bar Date
Notice in The Wall Street Journal (Docket No. 1395) and The

Richmond Times-Dispatch (Docket No. 1394).

12.   On January 16, 2009, the Court authorized the

Debtors, among other things, to conduct going out of

business sales at the Debtors' remaining 567 stores pursuant

to an agency agreement (the "Agency Agreement") between the

Debtors and a joint venture, as agent (the "Agent").   On

January 17, 2009, the Agent commenced going out of business

sales pursuant to the Agency Agreement at the Debtors'

remaining stores.   As of March 8, 2009, the going out of

business sales at the Debtors' remaining stores had been

completed.

13.   On April 1, 2009, this Court entered an Order

Establishing Omnibus Objection Procedures and Approving the

Form and Manner of Notice of Omnibus Objections (Docket No.

2881) (the "Omnibus Objection Procedures Order").

## OBJECTION TO CLAIMS

14.   As more particularly described herein, and as

further illustrated on Exhibit C attached hereto, the

Debtors seek in this Objection the disallowance of certain

duplicative portions of claims, all as further described

herein and pursuant to the form of order attached hereto as

Exhibit A.

15.   Some of the claims that are the subject of this

Objection were included in previous omnibus objections to claims in which the Debtors sought the disallowance, modification, and/or reclassification of the claim or portion thereof.  By this Objection, the Debtors are seeking to modify the claims as set forth on Exhibit C attached hereto.

16.   The claims that are the subject of this Objection may be the subject to additional subsequently filed objections.  The Debtors reserve the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and on any other grounds.  The Debtors reserve the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

17.   Attached as Exhibit B is an alphabetical listing of all claimants included in this Objection, with a cross-reference by claim number, and the exhibit upon which the claimant's claim is located.  See Bankruptcy Rule 3007(e)(1) and (2).  In addition, this Objection is filed in accordance with this Court's Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (Docket No. 2881) (the "Omnibus Objection Procedures Order").

**DUPLICATIVE CLAIMS**

18.  Exhibit C contains a listing of claims that were filed by certain claimants (collectively, the "Claimants") who filed two (2) or more proofs of claim, or portions thereof, against the same Debtor asserting the same liability (collectively, the "Duplicate Claims").

**A.   Sony Electronics Inc.**

19.  Sony Electronics Inc. ("Sony") filed Claim Number 4139, which alleged a: (i) 503(b)(9) administrative priority claim; (ii) reclamation claim; and (iii) general unsecured claim.

20.  The 503(b)(9) portion of claim number 4139 ($42,510,747.60) was previously disallowed by this Court.

21.  The reclamation portion of claim number 4139 ($69,157,076.10) is duplicative of a portion of claim number 914.  In addition, the remaining reclamation portion of claim number 4139 is duplicative of the unsecured portion of claim number 4139, and should be disallowed in its entirety.

22.  The unsecured portion of claim number 4139 also is duplicative of claim number 914, and should be reduced accordingly.

23.  Based on the foregoing the Debtors are seeking to reduce claim number 4139 as follows: (i) 503(b)(9)

administrative priority claim in the amount of $0.00; (ii)

reclamation claim in the amount of $0.00; and (iii) general

unsecured claim in the amount of $16,059,231.15.

**B.     Toshiba America Consumer Products LLC and Toshiba
        America Information Systems Inc.**

24.   Toshiba America Information Systems Inc.

("Toshiba") filed claim number 1331 alleging a 503(b)(9)

administrative priority claims for $5,735,769.  $442,520 of

claim number 1331 is currently under objection to be

reclassified to a general unsecured claim.

25.   Upon further review of claim number 1331, the

$442,520 general unsecured claim portion of claim number

1331 is duplicative of a portion of claim number 9648.

Accordingly, the $442,520 general unsecured claim portion of

claim number 1331 should be disallowed as being duplicative

of a portion of claim number 9648.

26.   Toshiba further filed claim number 14503 alleging

a 503(b)(9) administrative priority claim for $5,293,249.

Claim number 14503 is duplicative of the surviving 503(b)(9)

administrative priority claim portion of claim number 1331,

and accordingly, claim number 14503 should be disallowed in

its entirety.

27.    Toshiba America Information Systems Inc. further
filed claim number 9391 alleging an administrative priority
claim for $14,400,858.33.

28.    The Debtors are seeking to reduce claim number
9391 to a general unsecured claim in the amount
$9,357,099.03.   The Debtors are hereby seeking to disallow
$5,043,759.30 of claim number 9391 because it is duplicative
of a portion of claim number 1319.

29.    The Debtors object to the Duplicate Claims
because, among other reasons, the amounts and basis of a
portion of the Duplicate Claims also are set forth in
another claim filed by the same Claimant.   Such repetitive
claims should be disallowed.   The Duplicate Claims listed on
Exhibit C should be modified for all purposes in these
bankruptcy cases.

30.    The Debtors reserve the right to object to all of
the claims set forth in this Objection on any other grounds
at any time.

## **RESERVATION OF RIGHTS**

31.    As noted above, the Debtors reserve their rights
to file objections to the Duplicate Claims at a later time
on any grounds that bankruptcy or non-bankruptcy law
permits.   The Debtors likewise reserve the right to modify,

supplement and/or amend this Objection as it pertains to any claim or claimant herein.

## NOTICE AND PROCEDURE

32.   Notice of this Objection has been provided to all claimants with claims that are the subject to this Objection as identified on Exhibit C (the "Claimants"), respectively, and to parties-in-interest in accordance with the Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (Docket No. 130) (the "Case Management Order").  The Debtors submit that the following methods of service upon the Claimants should be deemed by the Court to constitute due and sufficient service of this Objection: (a) service in accordance with Federal Rule of Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for a Claimant is not known to the Debtors, by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's behalf in the

Debtors' bankruptcy cases.  The Debtors are serving the
Claimant with this Objection and the exhibit on which the
Claimant's claim is listed.

33.  To the extent any Claimant timely files and
properly serves a response to this Objection by 4:00 p.m.
(Eastern) on October 27, 2009 as required by the Case
Management Order and under applicable law, and the parties
are unable to otherwise resolve the Objection, the Debtors
request that the Court conduct a status conference with
respect to any such responding claimant at 11:00 a.m. on
November 3, 2009 and thereafter schedule the matter for a
future hearing as to the merits of such claim.[2]  However, to
the extent any Claimant fails to timely file and properly
serve a response to this Objection as required by the Case
Management Order and applicable law, the Debtors request
that the Court enter an order, substantially in the form
attached hereto as <u>Exhibit A</u>, reclassifying the
Misclassified Claims into general unsecured, non-priority
claims as set forth in <u>Exhibit C</u> attached hereto.

### COMPLIANCE WITH BANKRUPTCY RULE 3007 AND <br> THE OMNIBUS OBJECTION PROCEDURES ORDER

34.  This Objection complies with Bankruptcy Rule

---

[2]  In accordance with the Omnibus Objection Procedures Order, claimants who respond to the Objection do not need to appear at the status conference.

3007(e).  Additionally, the Debtors submit that this
Objection is filed in accordance with the Omnibus Objection
Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

35.  Pursuant to Local Bankruptcy Rule 9013-1(G), and
because there are no novel issues of law presented in the
Objection, the Debtors request that the requirement that all
motions be accompanied by a written memorandum of law be
waived.

## NO PRIOR RELIEF

36.  No previous request for the relief sought herein
has been made to this Court or any other court.

WHEREFORE, the Debtors request the Court to enter an Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia
September 21, 2009

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

**EXHIBIT A**

Gregg M. Galardi, Esq.            Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.           Douglas M. Foley (VSB
SKADDEN, ARPS, SLATE,             No. 34364)
MEAGHER & FLOM, LLP               MCGUIREWOODS LLP
One Rodney Square                 One James Center
PO Box 636                        901 E. Cary Street
Wilmington, Delaware 19899-       Richmond, Virginia 23219
0636                              (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                         RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, iNC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
              Debtors.       :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER SUSTAINING DEBTORS' FORTY-SIXTH OMNIBUS OBJECTION TO
CLAIMS (MODIFICATION OF CERTAIN DUPLICATE CLAIMS)**

     THIS MATTER having come before the Court on the

Debtors' Forty-Sixth Omnibus Objection to Claims

(Modification of Certain Duplicate Claims) (the

"Objection"), which requested, among other things, that the claims specifically identified on Exhibit C attached to the Objection be modified and/or disallowed for all purposes in these bankruptcy cases as set forth on Exhibit C for those reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it further appearing that no response was timely filed or properly served by the Claimants[1] being affected by this Order; and it appearing that the relief requested on the Objection is in the best interest of the Debtors, their estates and creditors and other parties-in-interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.    The Objection is GRANTED.

2.    The Claims identified on Exhibit A as attached hereto and incorporated herein, are forever disallowed and/or modified for all purposes in these bankruptcy cases.

---

[1]    Capitalized terms used but not defined herein shall have the meanings assigned to them in the Objection.

Dated: Richmond, Virginia
          _____, 2009


_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -


_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby
certify that the foregoing proposed order has been endorsed
by or served upon all necessary parties.

                        _/s/ Douglas M. Foley_____
                        Douglas M. Foley

\9930650.1

In re: Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

Debtors' Forty-Sixth Omnibus Objection to Claims  (Modification of Certain Duplicate Claims)

Exhibit B - Claimants and Related Claims Subject To Forty-Sixth Omnibus Objection to Claims

| Claim Holder | Claim | Exhibit |
|---|---|---|
| SONY ELECTRONICS INC | 4139 | EXHIBIT C - (MODIFICATION OF CERTAIN DUPLICATE CLAIMS) |
| TOSHIBA AMERICA CONSUMER PRODUCTS LLC | 1331 | EXHIBIT C - (MODIFICATION OF CERTAIN DUPLICATE CLAIMS) |
| TOSHIBA AMERICA CONSUMER PRODUCTS LLC | 14503 | EXHIBIT C - (MODIFICATION OF CERTAIN DUPLICATE CLAIMS) |

In re: Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**DEBTORS' FORTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (MODIFICATION OF CERTAIN DUPLICATE CLAIMS)**

**Exhibit C - Partial Duplication**

| Claim # | Date Filed | Claimant Name | Claimant Address | Claim Holder Address | Debtor as Filed | Classification as Filed | Amount Claimed as Filed | Amount as Ordered by Court [1] | Modified Surviving Amount | Variance |
|---|---|---|---|---|---|---|---|---|---|---|
| 4139 | 1/21/2009 | SONY ELECTRONICS INC | SONY ELECTRONICS INC TIMOTHY GRIEBERT 1 SONY DR PARK RIDGE, NJ 07656 | SONY ELECTRONICS INC TIMOTHY GRIEBERT 1 SONY DR PARK RIDGE, NJ 07656 | CIRCUIT CITY STORES, INC | Priority | $69,157,076.10 | $69,157,076.10 | $0.00 | ($69,157,076.10) |
| 4139 | 1/21/2009 | SONY ELECTRONICS INC | See above | See above | CIRCUIT CITY STORES, INC | Unsecured | $57,755,114.55 | $57,755,114.55 | $ 16,059,231.15 | ($41,695,883.40) |
| 4139 | 1/21/2009 | SONY ELECTRONICS INC | See above | See above | CIRCUIT CITY STORES, INC | 503 (B) (9) Administrative Priority | $42,510,747.60 | $0.00 | $0.00 | $0.00 |
| 914 | 12/19/2008 | SONY ELECTRONICS INC | See above | See above | CIRCUIT CITY STORES, INC | 503 (B) (9) Administrative Priority | $42,510,747.60 | $42,510,747.60 | $42,510,747.60 | $0.00 |

In re: Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**DEBTORS' FORTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (MODIFICATION OF CERTAIN DUPLICATE CLAIMS)**

**Exhibit C - Partial Duplication**

| Claim # | Date Filed | Claimant Name | Claimant Address | Claim Holder Address | Debtor as Filed | Classification as Filed | Amount Claimed as Filed | Amount as Ordered by Court [1] | Modified Surviving Amount | Variance |
|---|---|---|---|---|---|---|---|---|---|---|
| 14503 | 7/16/2009 | TOSHIBA AMERICA CONSUMER PRODUCTS LLC | TOSHIBA AMERICA CONSUMER PRODUCTS LLC C O LEITESS LEITESS FRIEDBERG & FEDDER PC 1 CORPORATE CTR 10451 MILL RUN CIT STE 1000 OWNING MILLS, MD 21117 | TOSHIBA AMERICA CONSUMER PRODUCTS LLC C O LEITESS LEITESS FRIEDBERG & FEDDER PC 1 CORPORATE CTR 10451 MILL RUN CIT STE 1000 OWNING MILLS, MD 21117 | CIRCUIT CITY STORES, INC | 503 (B) (9) Administrative Priority | $5,293,249.00 | $5,293,249.00 | $0.00 | ($5,293,249.00) |
| 9648 [2] | 1/30/2009 | TOSHIBA AMERICA CONSUMER PRODUCTS LLC | See above | See above | CIRCUIT CITY STORES, INC | Unsecured | $0.00 | $0.00 | $1,100,432.50 | $1,100,432.50 |
| 9648 [2] | 1/30/2009 | TOSHIBA AMERICA CONSUMER PRODUCTS LLC | See above | See above | CIRCUIT CITY STORES, INC | Administrative | $6,393,681.50 | $6,393,681.50 | $0.00 | ($6,393,681.50) |
| 1331 [3] | 7/16/2009 | TOSHIBA AMERICA CONSUMER PRODUCTS LLC | See above | See above | CIRCUIT CITY STORES, INC | 503 (B) (9) Administrative Priority | $5,735,769.00 | $5,735,769.00 | $5,293,294.00 | ($442,475.00) |
| 1331 [3] | 7/16/2009 | TOSHIBA AMERICA CONSUMER PRODUCTS LLC | See above | See above | CIRCUIT CITY STORES, INC | Unsecured | $0.00 | $0.00 | $0.00 | $0.00 |
| 1319 [4] | 12/19/2008 | TOSHIBA AMERICA INFORMATION SYSTEMS INC | TOSHIBA AMERICA INFORMATION SYSTEMS INC ATTN STEVEN N LEITESS C O LEITESS LEITESS FRIEDBERG & FEDDER PC 1 CORPORATE CTR 10451 MILL RUN CIT STE 1000 OWNING MILLS, MD 21117 | TOSHIBA AMERICA INFORMATION SYSTEMS INC ATTN STEVEN N LEITESS C O LEITESS LEITESS FRIEDBERG & FEDDER PC 1 CORPORATE CTR 10451 MILL RUN CIT STE 1000 OWNING MILLS, MD 21117 | CIRCUIT CITY STORES, INC | 503 (B) (9) Administrative Priority | $5,043,759.28 | $5,043,759.28 | $4,786,331.56 | ($257,427.72) |
| 1319 [4] | 12/19/2008 | TOSHIBA AMERICA INFORMATION SYSTEMS INC | See above | See above | CIRCUIT CITY STORES, INC | Unsecured | $0.00 | $0.00 | $257,427.72 | $257,427.72 |
| 9391 [5] | 1/30/2009 | TOSHIBA AMERICA INFORMATION SYSTEMS INC | See above | See above | CIRCUIT CITY STORES, INC | Unsecured | $0.00 | $0.00 | $9,357,099.03 | $9,357,099.03 |
| 9391 [5] | 1/30/2009 | TOSHIBA AMERICA INFORMATION SYSTEMS INC | See above | See above | CIRCUIT CITY STORES, INC | Administrative | $14,400,858.33 | $14,400,858.33 | $0.00 | ($14,400,858.33) |
| | | | | | | **Total** | $248,801,002.96 | $206,290,255.36 | $79,364,563.56 | ($126,925,691.80) |

Note:
(1) To the extent that a claim has appeared on a prior Omnibus Objection, the 'Amount Ordered by Court' reflects only those claims that have been ordered by the court. Otherwise, the original claimed amount is shown.
(2) Claim reflects as modified on Omnibus Objections Nineteen and Thirty-Four
(3) Claim reflects as modified on Omnibus Objection Twenty to reclassify $442,520.00 from Administrative Priority to Unsecured; $442,520.00 is duplicated in claim 9648
(4) Claim reflects as modified on Omnibus Objection Thirty-Nine
(5) Claim reflects as modified on Omnibus Objection Nineteen to reclassify the entire claim from Administrative to Unsecured; $5,043,759.30 is duplicated in claim 1319