Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession


              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
             Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x


        **DEBTORS' FORTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS**
     **(DISALLOWANCE OF CERTAIN CLAIMS WITH INSUFFICIENT SUPPORT)**

        The debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors"),[1] hereby file

---

[1]  The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc. (3875),
Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC
(5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia,
Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer Technology, LLC
(2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs,
Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC

their Forty-Seventh Omnibus Objection to Claims

(Disallowance of Certain Claims with Insufficient Support)

(the "Objection"), and hereby move this Court, pursuant to

sections 105 and 502 of title 11 of the United States Code,

11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy

Code"), Rule 3007 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Local Bankruptcy

Rule 3007-1, for an order, the proposed form of which is

attached hereto as Exhibit A, granting the relief sought by

this Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this

Objection under 28 U.S.C. §§ 157 and 1334.  This is a core

proceeding under 28 U.S.C. § 157(b).  Venue of these cases

and this Objection in this district is proper under 28

U.S.C. §§ 1408 and 1409.  The statutory and legal predicates

for the relief requested herein are Bankruptcy Code sections

105 and 502, and Rule 3007 of the Bankruptcy Rules.

---

(9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512). The address for
Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard,
Westminster, Colorado 80031. For all other Debtors, the address was 9950
Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook
Drive, Glen Allen, Virginia 23060.

## BACKGROUND

2.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3.    The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

4.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

5.    On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

6.    On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

7.    Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date").  The deadline for governmental units to file claims that arose before November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date").  Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

8.    On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314). In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

9.    On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the

Debtors and a joint venture, as agent (the "Agent").   On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.   As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

10.   On April 1, 2009, this Court entered an Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (Docket No. 2881) (the "Omnibus Objection Procedures Order").

11.   On May 15, 2009, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (I)Setting Administrative Bar Date and Procedures for Filing and Objecting to Administrative Expense Requests and (II) Approving Form and Manner of Notice Thereof (Docket No. 3354) (the "Administrative Claims Bar Date Order").

12.   Pursuant to the Administrative Claims Bar Date Order, the deadline for filing all "Administrative Expenses" (as defined in the Administrative Claims Bar Date Order) against the Debtors by any person or entity was 5:00 p.m. (Pacific) on June 30, 2009 (the "Administrative Claims Bar Date").   Pursuant to the Claims Bar Date Order, this Court

approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Administrative Claims Bar Date Order (the "Administrative Claims Bar Date Notice").

13.   On or before May 22, 2009, KCC served a copy of the Administrative Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket Nos. 3397 and 4609).  In addition, the Debtors published the Administrative Claims Bar Date Notice in The Financial Times (Docket No. 3970), and The Richmond Times-Dispatch (Docket No. 3969) and The Wall Street Journal (Docket No. 3968).

## OBJECTION TO CLAIMS

14.   By this Objection, the Debtors seek entry of an order, in substantially the form annexed as Exhibit A, pursuant to Bankruptcy Code sections 105(a) and 502 and Bankruptcy Rule 3007, disallowing the claims listed on Exhibit C attached hereto.  The basis for the disallowance of the claims listed on Exhibit C attached hereto is that the claims (the "Claims") do not include any supporting

documents or sufficient information for the Debtors to
reconcile the Claims with the Debtors' books and records.

### BASIS FOR RELIEF

15.   The burden of proof with respect to the Claims
rests "initially, and ultimately, with the claimant who
'must allege <u>facts</u> sufficient to support their claim.'"  <u>In
re Gates</u>, 214 B.R. 467, 472 (Bankr. D. Md. 1997) (quoting <u>In
re Weidel</u>, 208 B.R. 848, 854 (Bankr. M.D.N.C. 1997))
(emphasis added). If a Claim fails to set forth the
necessary supporting facts, it is "not entitled to the
presumption of prima facie validity, [as] the burdens of
going forward and of proving its claim by a preponderance of
the evidence are on [the claimant]." <u>In re Marino</u>, 90 B.R.
25, 28 (Bankr. D. Conn. 1988); <u>see also</u> <u>In re Allegheny
Int'l, Inc.</u>, 954 F.2d 167, 173 (3d Cir. 1992) (claimant is
only entitled to have the claim considered <u>prima</u> <u>facie</u> valid
if the claimant alleges "facts sufficient to support the
claim").

16.   "When a claim . . . is based on a writing, the
original or duplicate shall be filed with the proof of
claim." Fed. R. Bankr. P. 3001(c). Further, "[a] properly
executed and filed proof of claim consists of (1) a
creditor's name and address, (2) basis for claim, (3) date

debt incurred, (4) amount of claim, (5) classification of claim, and (6) supporting documents." In re Hughes, 313 B.R. 205, 209 (Bankr. E.D. Mich. 2004) (emphasis added).

17.  Without providing sufficient information or documentation to allow the Debtors to reconcile the Claims with their books and records, these Claims fail to satisfy the requirements for a proof of claim.  Accordingly, the Debtors request that the Claims identified on Exhibit C be disallowed.

18.  For ease of reference, attached as Exhibit B is an alphabetical listing of all claimants (the "Claimants") whose Claims are included in this Objection, with a cross-reference by claim number.

19.  At this time, the Debtors have not completed their review of the validity of all claims and expenses filed against their estates, including the Claims.  Accordingly, the Claims may be the subject of additional subsequently filed objections.  To that end, the Debtors reserve the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and on any other grounds. Furthermore, the Debtors reserve the right to modify,

supplement and/or amend this Objection as it pertains to any

Claim or Claimant herein.

**RESERVATION OF RIGHTS**

20.   As noted above, the Debtors reserve their rights

to file objections to these Claims at a later time on any

grounds that bankruptcy or non-bankruptcy law permits.   The

Debtors likewise reserve the right to modify, supplement

and/or amend this Objection as it pertains to any Claim or

Claimant herein.

**NOTICE AND PROCEDURE**

21.   Notice of this Objection has been provided to all

Claimants with Claims that are the subject to this Objection

as identified on Exhibit B, and to parties-in-interest in

accordance with the Court's Order Pursuant to Bankruptcy

Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007,

and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing

Certain Notice, Case Management and Administrative

Procedures (Docket No. 130) (the "Case Management Order").

The Debtors submit that the following methods of service

upon the Claimants should be deemed by the Court to

constitute due and sufficient service of this Objection: (a)

service in accordance with Bankruptcy Rule 7004 and the

applicable provisions of Federal Rule of Civil Procedure 4;

9

(b) to the extent counsel for a Claimant is not known to the Debtors, by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's behalf in the Debtors' bankruptcy cases.  The Debtors are serving the Claimant with this Objection and the exhibit on which the Claimant's claim is listed.

    22.  To the extent any Claimant timely files and properly serves a response to this Objection by **4:00 p.m. on October 27, 2009** as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Debtors request that the Court conduct a status conference with respect to any such responding claimant at **11:00 a.m. on November 3, 2009** and thereafter schedule the matter for a future hearing as to the merits of such claim.[2]  However, to the extent any Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order and applicable law, the Debtors request that the Court enter

---

[2]  In accordance with the Omnibus Objection Procedures Order, claimants who respond to the Objection do not need to appear at the status conference.

an order, substantially in the form attached hereto as

Exhibit A, disallowing the Claims set forth on Exhibit C

attached hereto for all purposes in these bankruptcy cases.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND
## THE OMNIBUS OBJECTION PROCEDURES ORDER

23.   This Objection complies with Bankruptcy Rule

3007(e).  Additionally, the Debtors submit that this

Objection is filed in accordance with the Omnibus Objection

Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

24.   Pursuant to Local Bankruptcy Rule 9013-1(G), and

because there are no novel issues of law presented in the

Motion, the Debtors request that the requirement that all

motions be accompanied by a written memorandum of law be

waived.

## NO PRIOR RELIEF

25.   No previous request for the relief sought herein

has been made to this Court or any other court.

WHEREFORE, the Debtors request the Court to enter an
Order sustaining this Objection and granting such other and
further relief as the Court deems appropriate.

Dated: Richmond, Virginia     SKADDEN, ARPS, SLATE, MEAGHER &
       September 21, 2009      FLOM, LLP
                              Gregg M. Galardi, Esq.
                              Ian S. Fredericks, Esq.
                              P.O. Box 636
                              Wilmington, Delaware 19899-0636
                              (302) 651-3000

                                     - and -

                              SKADDEN, ARPS, SLATE, MEAGHER &
                              FLOM, LLP
                              Chris L. Dickerson, Esq.
                              155 North Wacker Drive
                              Chicago, Illinois 60606-7120
                              (312) 407-0700

                                     - and -

                              MCGUIREWOODS LLP

                              /s/ Douglas M. Foley          .
                              Dion W. Hayes (VSB No. 34304)
                              Douglas M. Foley (VSB No. 34364)
                              One James Center
                              901 E. Cary Street
                              Richmond, Virginia 23219
                              (804) 775-1000

                              Counsel for Debtors and Debtors
                              in Possession

## <u>EXHIBIT A</u>

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-7120
(312) 407-0700

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
<u>et</u> <u>al</u>.,                     :
                               :
              Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER SUSTAINING DEBTORS' FORTY-SEVENTH OMNIBUS
OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN CLAIMS
<u>WITH INSUFFICIENT SUPPORT</u>)**

THIS MATTER having come before the Court on the

Debtors' Forty-Seventh Omnibus Objection to Claims

(Disallowance of Certain Claims with Insufficient Support)

(the "Objection"), which requested, among other things, that

the claims specifically identified on <u>Exhibit C</u> attached to
the Objection be disallowed for those reasons set forth in
the Objection; and it appearing that due and proper notice
and service of the Objection as set forth therein was good
and sufficient and that no other further notice or service
of the Objection need be given; and it further appearing
that no response was timely filed or properly served by the
Claimants being affected by this Order; and it appearing
that the relief requested on the Objection is in the best
interest of the Debtors, their estates and creditors and
other parties-in-interest; and after due deliberation
thereon good and sufficient cause exists for the granting of
the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.   The Objection is GRANTED.

2.   The Claims identified on <u>Exhibit A</u> as attached
hereto and incorporated herein, are forever disallowed for
all purposes in these bankruptcy cases.

3.   The Debtors right to file additional objections to
the Claims at a later time on any grounds that bankruptcy or
non-bankruptcy law permits is expressly preserved.

4.    This Court shall retain jurisdiction to hear and
determine all matters arising from or related to the
interpretation or implementation of this Order.

Dated: Richmond, Virginia
          _____, 2009


          _____
          HONORABLE KEVIN R. HUENNEKENS
          UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

        - and -


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby
certify that the foregoing proposed order has been endorsed
by or served upon all necessary parties.

                              /s/ Douglas M. Foley
                              Douglas M. Foley

\9930584


16

In re: Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

Debtors' Forty-Seventh Omnibus Objection to Claims (No Support
Claims) - Disallowed

Exhibit B - Claimants and Related Claims Subject To Forty-Seventh Omnibus Objection to Claims

| Claim Holder | Claim | Exhibit |
|---|---|---|
| ADT SECURITY SERVICES INC | 6314 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| AETNA INC | 5558 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| BROWN, MICHAEL | 9680 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| CENTRAL TELEPHONE COMPANY NORTH CAROLINA | 6946 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| DAVIS, DELROY | 3748 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| DE LA ROSA, MARTIN | 9103 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| DIANA MARIE MOHLER | 4419 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| EMBARQ FLORIDA INC | 6949 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| EPSON AMERICA INC | 7642 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| GADSON, HAZEN | 3471 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| GRIEPP, DARRELL | 5549 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| GUANGORENA, DANIEL LUIS | 14547 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| HAYNES, ERIC | 2116 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| HUDSON GENERAL CONTRACTING | 10101 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| JANIS, ROSE ANN | 2343 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| KRASOWSKI, JEREMIAH | 5535 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| LEWIS, NICOLE | 5406 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| LUCIA PEREZ CARABALLO | 14564 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| MAHMOUD ELAYAN | 13342 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| RAMOS, YESENIA | 5049 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| SCRANTON, SHAUN FRANCIS | 3691 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| SE TRUONG AND LY TRUONG | 14434 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| THE UNITED TELEPHONE COMPANY OF PENNSYLVANIA LLC | 6953 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| UNITED TELEPHONE COMPANY OF OHIO | 6954 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| UNITED TELEPHONE SOUTHEAST LLC | 6956 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |
| WEYANT, WAYNE | 3655 | EXHIBIT C - (NO SUPPORT CLAIMS) - DISALLOWED |

In re: Circuit City Stores, Inc, et al.                Debtors' Forty-Seventh Omnibus Objection to
Case No. 08-35653-KRH                                       Claims (No Support Claims) - Disallowed

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| ADT SECURITY SERVICES INC<br>C O ALVIN S GOLDSTEIN ESQ<br>FURR & COHEN PA<br>2255 GLADES RD STE 337W<br>BOCA RATON, FL 33431 | 6314 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br><br>Total: | $253,404.41<br><br><br><br><br>$253,404.41 | 01/27/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| AETNA INC<br>DAVID B ROWE<br>3537 RTE 100<br>WESTFIELD, VT 05874 | 5558 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br><br>Total: | UNL<br><br><br><br><br>UNL | 01/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| BROWN, MICHAEL<br>10356 STONE GLEN DR<br>ORLANDO, FL 32825 | 9680 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br><br>Total: | $1,531.35<br><br><br><br><br>$1,531.35 | 01/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CENTRAL TELEPHONE COMPANY<br>NORTH CAROLINA<br>PO BOX 7971<br>SHAWNEE MISSION, MS 66207-0971 | 6946 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br><br>Total: | UNL<br><br><br>$134.23<br><br>$134.23 | 01/25/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| DAVIS, DELROY<br>P O BOX 911421<br>LOS ANGELES, CA 90091 | 3748 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br><br>Total: | UNL<br><br><br>$75,418.35<br><br>$75,418.35 | 01/14/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Forty-Seventh Omnibus Objection to
Claims (No Support Claims) - Disallowed

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| DE LA ROSA, MARTIN 216 PASODALE EL PASO, TX 79907 | 9103 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $209.53 $209.53 | 01/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| ELAYAN, MAHMOUD 1911 W CARRIAGE HOUSE DR BATON ROUGE, LA 70815 | 13342 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $1,300.00 $1,300.00 | 06/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| EMBARQ FLORIDA INC PO BOX 7971 SHAWNEE MISSION, KS 66207-0971 | 6949 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | UNL $2,702.82 $2,702.82 | 01/25/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| EPSON AMERICA INC PO BOX 7247 7503 PHILADELPHIA, PA 191707503 | 7642 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $2,053,243.90 $2,053,243.90 | 01/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| GADSON, HAZEN 486 SEASIDE RD ST HELENA, SC 29920 | 3471 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | UNL UNL | 01/13/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.                                     Debtors' Forty-Seventh Omnibus Objection to
                                                                                Claims (No Support Claims) - Disallowed
Case No. 08-35653-KRH

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| GRIEPP, DARRELL<br>13505 MORGAN COURT<br>BURNSVILLE, MN 55337 | 5549 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | UNL<br><br><br><br><br>UNL | 01/16/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| GUANGORENA, DANIEL LUIS<br>7469 JELLICO AVE<br>VAN NUYS, CA 91406 | 14547 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br><br>UNL<br><br>UNL | 08/13/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| HAYNES, ERIC<br>ERICK HAYNES<br>444 17TH ST<br>DUNBAR, WV 25064 | 2116 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br>$500.00<br><br><br><br><br>$500.00 | 12/30/2008 | CIRCUIT CITY PURCHASING COMPANY, LLC (08-35657) |
| HUDSON GENERAL CONTRACTING<br>8116 ARLINGTON BLVD STE 258<br>FALLS CHURCH, VA 22042 | 10101 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $61,000.00<br>$10,950.00<br><br><br><br><br>$71,950.00 | 01/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| JANIS, ROSE ANN<br>5005 AMBERWOOD DR<br>GLEN ALLEN, VA 23059 | 2343 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br>$1,200.00<br><br><br><br><br>$1,200.00 | 01/02/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

*     "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.                                                    Debtors' Forty-Seventh Omnibus Objection to
Case No. 08-35653-KRH                                                                        Claims (No Support Claims) - Disallowed

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| KRASOWSKI, JEREMIAH 257 JENNINGS RD FAIRFIELD, CT 06825 | 5535 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $10,950.00 $239,050.00 $250,000.00 | 01/23/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| LEWIS, NICOLE 4495 CAMPUS AVE SAN DIEGO, CA 92116-0000 | 5406 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $256.36 $256.36 | 01/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| LUCIA PEREZ CARABALLO URB MONT BLANC CALLE E G6 YAUCO, 00698 UNKNOWN | 14564 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $1,305.00 $1,305.00 | 08/24/2009 | CIRCUIT CITY STORES PR, LLC (08-35660) |
| MOHLER, DIANA MARIE 9247 CHADBURN PL MONTGOMERY VILLAGE, MD 20886 | 4419 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $400.50 $400.50 $63.35 $864.35 | 01/20/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| RAMOS, YESENIA 1309 VEECH RD LEESBURG, FL 34748 | 5049 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | UNL UNL | 01/21/2009 | CC DISTRIBUTION COMPANY OF VIRGINIA, INC. (08-35659) |

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.    Debtors' Forty-Seventh Omnibus Objection to
Case No. 08-35653-KRH    Claims (No Support Claims) - Disallowed

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| SCRANTON, SHAUN FRANCIS<br>430 OLD RANCH RD<br>SEAL BEACH, CA 90740 | 3691 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $2,200.00<br><br><br><br><br>$2,200.00 | 01/14/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| SE TRUONG AND LY TRUONG<br>5640 GREENVIEW DR<br>OKLAHOMA CITY, OK 73135 | 14434 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br>$1,345.00<br><br><br><br>$1,345.00 | 07/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| THE UNITED TELEPHONE COMPANY OF PENNSYLVANIA LLC<br>PO BOX 7971<br>SHAWNEE MISSION, KS 66207-0971 | 6953 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br>UNL<br><br><br>$38.94<br><br>$38.94 | 01/25/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| UNITED TELEPHONE COMPANY OF OHIO<br>PO BOX 7971<br>SHAWNEE MISSION, KS 66207-0971 | 6954 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br>UNL<br><br><br>$1,181.03<br><br>$1,181.03 | 01/25/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| UNITED TELEPHONE SOUTHEAST LLC<br>PO BOX 7971<br>SHAWNEE MISSION, KS 66207-0971 | 6956 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br>UNL<br><br><br>$166.64<br><br>$166.64 | 01/25/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.                                    Debtors' Forty-Seventh Omnibus Objection to
Case No. 08-35653-KRH                                                       Claims (No Support Claims) - Disallowed

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| WEYANT, WAYNE<br>34 LONGBOW TER<br>HOCKESSIN, DE 19707 | 3655 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $2,425.00<br><br><br><br><br>$2,425.00 | 01/13/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

Total:        26                          $2,721,376.91

*       "UNL" denotes an unliquidated claim.