PETER M GRESENS

September 18, 2009

Judge Kevin Huennekens
701 E. Broad Street
Richmond, VA 23219

Dear Judge Huennekens:

I am writing to you relative to my filing of objections to the Disclosure Statement with Respect to Joint Plan of Liquidation of Circuit City (Case Number 08-35653 (KRH)). Because of some inaccurate information I received from counsel in town yesterday relative to an extension of the deadline for filing objections, I was not able to complete my second objection to my satisfaction, nor was I able to adjust the formatting of the document to make it court / counsel friendly. The counsel I had spoken with notified me at about 5:30 yesterday that they had gotten the deadline wrong (although they are working not for me but on this case) at which point I scrambled to get the best version possible out to all of the individuals who are out of town. These documents were sent by overnight delivery last evening and should be received today. When I arrived back home I completed the document to my satisfaction and prepared copies which I am distributing in town today.

I have enclosed both versions of the documents for your review and am planning on sending the amended version to Counsel out of town either by Fax or overnight delivery today. I am hoping the fact that I provided a version (very similar to the amended) to out of town counsel regarding our objections is adequate. I apologize to the Court and Counsel for this inconvenience and appreciate your consideration in this matter.

If you would like to discuss this matter with me, I can be reached at (804) 814 – 3710 (Cell Phone).

Thank you for your time and understanding.

Sincerely,

*Peter Gresens*

Peter M. Gresens
14306 Post Mill Drive
Midlothian, VA 23113
(804) 464-2736 (H)

14306 POST MILL DRIVE • MIDLOTHIAN / VA • 23113

*Version Sent out of town Fedex 8:00 p.m.*

September 17, 2009

**TO:**

| | | | |
|---|---|---|---|
| Circuit City Stores, Inc.<br>Attn: Michelle Mosier<br>4951 Lake Brook Drive<br>Suite 500<br>Glen Allen, VA 24060 | Skadden, Arps, Slate, Meagher & Flom, LLP<br>Attn: Greg Gilardi & Ian S. Fredericks<br>One Rodney Square<br>10th & King Streets, 7th Floor<br>Wilmington, DE 19801 | Pachulski, Stang, Ziehl & Jones, LLP<br>Attn: Jeffrey N. Pomerantz & Stanley E. Goldich<br>10100 Santa Monica Boulevard<br>11th Floor<br>Los Angeles, CA 90067 | Tavenner & Beran, PLC<br>Attn: Lynn L. Tavenner & Paula S. Beran<br>20 N. Eighth Street<br>2nd Floor<br>Richmond, VA 23219 |
| McGuire Woods, LLP<br>Attn: Douglass M. Foley and Sarah B. Boehm<br>One James Center<br>901 E. Carey Street<br>Richmond, VA 23219 | Skadden, Arps, Slate, Meagher & Flom, LLP<br>Attn: Chris L. Dickerson & Jessica S. Kumar<br>155 N. Wacker Drive<br>Chicago, IL 60606 | Pachulski, Stang, Ziehl & Jones, LLP<br>Attn: Robert J. Feinstein<br>780 3rd Avenue, 36th Floor<br>New York, NY 10017 | Robert B. Van Arsdale<br>United States Trustee<br>701 E. Broad Street<br>Suite 4303<br>Richmond, VA 23219 |
| Clerk of the Bankruptcy Court<br>701 E. Broad Street<br>Richmond, VA 23219 | | | |

**From:**

Peter M. Gresens
14306 Post Mill Drive
Midlothian, VA 23113

**Subject: Objections to Disclosure Statement with Respect to Joint Plan of Liquidation of Circuit City (Case Number 08-35653 (KRH))**

Dear Counsel and Appointed Administrators of the Circuit City Corporate Liquidation:

     I am writing this letter on behalf of myself and a number of other former employees (see Attachment A at the end of this document for the names, addresses and specific claims being asserted by this group) with whom I have personally spoken, who are similarly situated, and who have asked me to express our objection to the disclosure statement we received and were asked to review.

     Our group has noted the following defects relative to the disclosure statement:
1. The statement lacks specificity relative to the retention awards that were earned by the management team as of January 1, 2009 and as of January 16, 2009 when we assert a change in control of the corporation took place. If counsel intends to sweep away the awards which vested as of January 16th based on an argument that a change in control did not take place, impacted associates should receive notice through this document that this is your intent in order to provide adequate notice and time to prepare a response.
    a. Re: Change in Control: As we have heard that counsel plans to argue that there was no change in control, we wish to provide the court with our perspective on why a change in control did actually take place:

1

      i. On January 16, 2009, the vast majority of the management team and associates including a large portion of the regional and district field associates (all but approximately 200 associates at the store support center) were released by the corporation to seek employment elsewhere. Clearly, a plan for change in operations and key decision makers (control) had been agreed upon. The agreement had been consummated and sanctioned by the court and Skadden as expert in this area was to work in executing the plan having done this for many other organizations (also see Jim Marcum's letter to employees as of January 16 referencing a plan of liquidation– Attachment B).

      ii. The focus of business decisions and operations changed to support the Liquidators who were in control of the stores and the Creditors Committee which was focused on preservation of the bankruptcy estate. A significant change in direction and strategy obviously took place when the decision to liquidate was finalized and these parties took control of the enterprise. Decisions at this point were being made at the direction of the Court, the Creditors Committee and Bankruptcy Counsel, not by the lame duck senior management team and board.

      iii. The language in the Circuit City Long-Term Incentive Plan and referenced in the various retention plan documents was prepared with a change such as this or other forms of major operational changes in mind. The intent of major corporation's (including Circuit City) in drafting these plans is to maintain the loyalty of management associates by protecting their economic welfare in exchange for staying with the company up to the point at which their services are no longer needed. In this case, the loyalty of the management team lasted not only to the point of the change in control but to much later in the Spring for the team that stayed on at the request of Creditors in order to effectively shut down the organization. The retention agreements were put in place with the expectation that when a plan of liquidation was communicated (The court's decision as communicated by Jim Marcum) and began to be executed (Skadden as expert, Liquidators controlling the stores and the Creditors Committee controlling key operational decisions) and members of the management team began to lose their positions and income, these individuals would be protected. The contractual intent of Circuit City in providing these agreements as economic protection for the Circuit City management team should be preserved.

2. The disclosure statement fails to indicate that payment of the retention agreements would be classified as administrative claims for associates such as those noted in this document. The document indicates that payment of compensation for individuals staying on to assist in, "…preserving the Estates and operating the businesses of the Debtors (such as wages, salaries and commissions for services …" (Page 34, Paragraph C 1 (a) of the Disclosure document) is anticipated.

    a. The Retention Awards, in the form of cash and phantom shares paid out in cash, are part of the compensation package typically provided to management in this case for remaining loyal to and effectively closing down the corporation. As such these payments should be considered as part of the administrative claims.

    b. Had counsel for the corporation provided formal notice regarding their intent not to honor these awards, the entire wind down process may have gone very differently. Counsel for Circuit City, knowing this, decided not to at any time provide formal notice to this group, placing preservation of funds for the estate ahead of the good will, loyalty and economic well being of the management team that helped effectively close the corporation. This lack of notice should not be rewarded by the court by significantly negatively impacting these individuals through non-payment of the contractual obligations the company had committed to as part of their general compensation package.

2

These are the objections we would like to file with the Court and Counsel. We would suggest that language be added to indicate that the retention awards vested as of the January 16th commencement of execution of the plan of liquidation, are a contractual compensation obligation of the corporation for the continuing service of the management team in shutting down operations and are being considered part of the administrative claims being paid out by the Estate.

Thank you for your time and consideration of this important matter. If I can answer any questions for you, I can be contacted at (804) 464-2736.

Sincerely,


Peter M. Gresens

Additional parties to this letter: Addresses and specific claims being made detailed in Exhibit A attached.

Mike Nichols
Eric A Jonas, Jr.
Catherine M. Gilmour
Gary R Krueger
Denise Mascola
Steve Saunders
Richard Salon

**RE: Objections to Disclosure Statement with Respect to Joint Plan of Liquidation of Circuit City**
Submitted by Peter M. Gresens on 9/18/09

Appendix A

| Associate | Address | Claim | Value |
|---|---|---|---|
| Peter M. Gresens | 14306 Post Mill Drive Midlothian, VA 23113 | 1/3/08 Special Cash Retention Award Program | $40,000 |
| Peter M. Gresens | 14306 Post Mill Drive Midlothian, VA 23113 | 10/9/08 Long-Term Cash Incentive Award | $40,000 |
| Peter M. Gresens | 14306 Post Mill Drive Midlothian, VA 23113 | 1/3/08 Phantom Stock Award Program | $635 |
| Mike Nichols | 111 Avonbrook Wallingford, PA 19086 | 7/22/08 Chairmans Award | $30,000 |
| Mike Nichols | 111 Avonbrook Wallingford, PA 19086 | 10/9/08 Cash Long-Term Incentive Award | $135,000 |
| Mike Nichols | 111 Avonbrook Wallingford, PA 19086 | 1/3/08 Cash Retention Award | $200,000 |
| Gary Krueger | 835 Norris Shores Drive Sharps Chapel, TN 37866 | 1/3/08 Special Cash Retention Award Program | $40,000 |
| Gary Krueger | 835 Norris Shores Drive Sharps Chapel, TN 37866 | 10/9/08 Long-Term Cash Incentive Award | $40,000 |
| Gary Krueger | 835 Norris Shores Drive Sharps Chapel, TN 37866 | 1/3/08 Phantom Stock Award Program | $635 |
| Catherine M. Gilmour | 10801 Snowmass Court Glen Allen, VA 23060 | 1/3/08 Special Cash Retention Award Program | $40,000 |
| Catherine M. Gilmour | 10801 Snowmass Court Glen Allen, VA 23060 | 10/9/08 Long-Term Cash Incentive Award | $40,000 |
| Catherine M. Gilmour | 10801 Snowmass Court Glen Allen, VA 23060 | 1/3/08 Phantom Stock Award Program | $635 |
| Denise Mascola | 23311 Triple Crown Drive Ruther Glen, VA 22546 | 1/3/08 Special Cash Retention Award Program | $40,000 |
| Denise Mascola | 23311 Triple Crown Drive Ruther Glen, VA 22546 | 10/9/08 Long-Term Cash Incentive Award | $40,000 |
| Denise Mascola | 23311 Triple Crown Drive Ruther Glen, VA 22546 | 1/3/08 Phantom Stock Award Program | $635 |
| Steve Saunders | 2931 Royal Virginia Court Louisa, VA 23093 | 1/3/08 Special Cash Retention Award Program | $40,000 |
| Steve Saunders | 2931 Royal Virginia Court Louisa, VA 23093 | 10/9/08 Long-Term Cash Incentive Award | $40,000 |
| Steve Saunders | 2931 Royal Virginia Court Louisa, VA 23093 | 1/3/08 Phantom Stock Award Program | $635 |
| Eric A. Jonas Jr. | 2 Annett Avenue Edgewater, NJ 07020 | Supplemental 401(k) | $62,018 |
| Eric A. Jonas Jr. | 2 Annett Avenue Edgewater, NJ 07020 | 7/26/2004 Employment Agreement – Change in Control – Benefits Restoration Plan | $152,506 |
| Eric A. Jonas Jr. | 2 Annett Avenue Edgewater, NJ 07020 | 1/3/2008 Special Cash Retention Agreement | $900,000 |
| Eric A. Jonas Jr. | 2 Annett Avenue Edgewater, NJ 07020 | 7/26/2004 Employment Agreement – Change in Control | $1,312,872 |
| Richard Salon | 1350 Autumn Breeze Drive Oilville, VA 23129 | 1/3/08 Special Cash Retention Award Program | $40,000 |
| Richard Salon | 1350 Autumn Breeze Drive Oilville, VA 23129 | 1/3/08 Phantom Stock Award Program | $635 |

4

RE: Objections to Disclosure Statement with Respect to Joint Plan of Liquidation of Circuit City
Submitted by Peter M. Gresens on 9/18/09

Appendix B

SUBJECT: Message from Jim Marcum - January 16, 2009
Dear Circuit City Associates,
I am writing to follow up on today's very unfortunate news. I apologize for not sending this to you sooner, but I wanted to be able to provide you with as much information as possible. I also want you to know that
this written communication is not a replacement for the personal communication you should receive from
your direct manager. It is meant to ensure that all associates have the opportunity to receive the same
information at the same time and directly from me.
Today, Circuit City Stores, Inc. announced that, despite everyone's best efforts, we will have to liquidate
all of Circuit City's assets. This will mean that all of our stores will be conducting going-out-of-business
sales, which should be completed within the next 90 days. Along with that process, our store support
center and other facilities will ultimately close.
As you know, we were in continuous negotiations regarding a going concern transaction. Regrettably,
this is the only possible path for our company as we were unable to reach an agreement with our
creditors and lenders to structure a going-concern transaction in the limited timeframe available to us.
We will continue to communicate the specifics regarding the "wind down" process as we work through
them. In the meantime, here's what we understand to be the probable future of the business -- the
liquidation process will begin as early as tomorrow. Representatives from the inventory liquidators while
begin to immediately contact stores and work with field management.
I know that you have questions about the status of your jobs and your benefits. We will be working hard
to provide you with answers to these questions throughout the day.
I realize how disappointed we all are, but we owe it to each other to keep our heads high, maintain
integrity, and respect our great Circuit City brand to the end. Let's honor our company and one another
by closing Circuit City with dignity. Thank you for your support and commitment, especially through this
most challenging time that we have shared over the past few months. Today's announcement is not an
outcome of your work. You can be proud of your tremendous effort to deliver a different result.
Thank you,
    Jim

5

*A revised version being delivered in town & Fax'd or sent out this afternoon*

September 17, 2009

**TO:**

| | | |
|---|---|---|
| Skadden, Arps, Slate, Meagher & Flom, LLP<br>Attn: Greg Gilardi & Ian S. Fredericks<br>One Rodney Square<br>10th & King Streets, 7th Floor<br>Wilmington, DE 19801 | Pachulski, Stang, Ziehl & Jones, LLP<br>Attn: Jeffrey N. Pomerantz & Stanley E. Goldich<br>10100 Santa Monica Blvd<br>11th Floor<br>Los Angeles, CA 90067 | Tavenner & Beran, PLC<br>Attn: Lynn L. Tavenner & Paula S. Beran<br>20 N. Eighth Street<br>2nd Floor<br>Richmond, VA 23219 |
| Skadden, Arps, Slate, Meagher & Flom, LLP<br>Attn: Chris L. Dickerson & Jessica S. Kumar<br>155 N. Wacker Drive<br>Chicago, IL 60606 | Pachulski, Stang, Ziehl & Jones, LLP<br>Attn: Robert J. Feinstein<br>780 3rd Avenue, 36th Floor<br>New York, NY 10017 | Robert B. Van Arsdale<br>United States Trustee<br>701 E. Broad Street<br>Suite 4303<br>Richmond, VA 23219 |
| Circuit City Stores, Inc.<br>Attn: Michelle Mosier<br>4951 Lake Brook Drive<br>Suite 500<br>Glen Allen, VA 24060 | McGuire Woods, LLP<br>Attn: Douglass M. Foley and Sarah B. Boehm<br>One James Center<br>901 E. Carey Street<br>Richmond, VA 23219 | Clerk of the Bankruptcy Court<br>On behalf of the Honorable Judge Kevin Huennekens<br>701 E. Broad Street<br>Richmond, VA 23219 |

**From:**

Peter M. Gresens
14306 Post Mill Drive
Midlothian, VA 23113

**Subject: Objections to Disclosure Statement with Respect to Joint Plan of Liquidation of Circuit City (Case Number 08-35653 (KRH))**

Dear Counsel and Appointed Administrators of the Circuit City Corporate Liquidation:

I am writing this letter on behalf of myself and a number of other former employees (see Attachment A at the end of this document for the names, addresses and specific claims being asserted by this group) with whom I have personally spoken, who are similarly situated, and who have asked me to express our objection to the disclosure statement we received and were asked to review.

Our group has noted the following defects relative to the disclosure statement:

1. The statement lacks specificity relative to the retention awards that were earned by the management team as of January 1, 2009 and as of January 16, 2009 when we assert a change in control of the corporation took place. If counsel intends to sweep away the awards which vested as of January 16th based on an argument that a change in control did not take place, impacted associates should receive notice through this document that this is your intent in order to provide adequate notice and time to prepare a response.

1

a. Re: Change in Control: As we have heard that counsel plans to argue that there was no change in control, we wish to provide the court with our perspective on why a change in control did actually take place:

   i. On January 16, 2009, the vast majority of the management team and associates including a large portion of the regional and district field associates (all but approximately 200 associates at the store support center) were released by the corporation to seek employment elsewhere. Clearly, a plan for change in operations and key decision makers (control) had been agreed upon. The agreement had been consummated and sanctioned by the court and Skadden as expert in this area was to work in executing the plan having done this for many other organizations (also see Jim Marcum's letter to employees as of January 16 referencing a plan of liquidation– Attachment B).

   ii. The focus of business decisions and operations changed to support the Liquidators who were in control of the stores and the Creditors Committee which was focused on preservation of the bankruptcy estate. A significant change in direction and strategy obviously took place when the decision to liquidate was finalized and these parties took control of the enterprise. Decisions at this point were being made at the direction of the Court, the Creditors Committee and Bankruptcy Counsel, not by the lame duck senior management team and board.

   iii. The language in the Circuit City Long-Term incentive Plan and referenced in the various retention plan documents was prepared with a change such as this or other forms of major operational changes in mind. The intent of major corporation's (including Circuit City) in drafting these plans is to maintain the loyalty of management associates by protecting their economic welfare in exchange for staying with the company up to the point at which their services are no longer needed. In this case, the loyalty of the management team lasted not only to the point of the change in control but to much later in the Spring for the team that stayed on at the request of Creditors in order to effectively shut down the organization. The retention agreements were put in place with the expectation that when a plan of liquidation was communicated (The court's decision as communicated by Jim Marcum) and began to be executed (Skadden as expert, Liquidators controlling the stores and the Creditors Committee controlling key operational decisions) and members of the management team began to lose their positions and income, these individuals would be protected. The contractual intent of Circuit City in providing these agreements as economic protection for the Circuit City management team should be preserved.

2. The disclosure statement fails to indicate that payment of the retention agreements would be classified as administrative claims for associates such as those noted in this document. The disclosure statement clarifies that payment of compensation for individuals staying on to assist in, "...preserving the Estates and operating the businesses of the Debtors (such as wages, salaries and commissions for services ..." (Page 34, Paragraph C 1 (a) of the Disclosure document) is anticipated within the context of administrative claims. The retention awards as part of the compensation package which was provided to the management team should be included within the se administrative claims.

2

    a. The Retention Awards, in the form of cash and phantom shares paid out in cash, are part of the compensation package typically provided to management associates (both within Circuit City and commonly across corporate America) and in this case is part of what the organization anticipated providing to this team to secure their services and provide them with economic protection in a situation such as this. As such these compensation payments should be considered as part of the administrative claims.

    b. Had counsel for the corporation provided formal notice regarding their intent not to honor these awards, the entire wind down process may have gone very differently. Counsel for Circuit City, knowing this, decided not to at any time provide formal notice to this group, placing preservation of funds for the estate ahead of the good will, loyalty and economic well being of the management team that helped effectively close the corporation. The lack of clarity and notice regarding how the retention awards were (back in January) and are (within the disclosure statement) going to be treated (Administrative or not) should not go unnoticed by the court. The Court should not allow counsel to significantly negatively impact these individuals through non-payment of the contractual obligations the company had committed to as part of their general compensation package, and it most certainly should require adequate notice to interested parties (through this disclosure statement) regarding how counsel intends to treat these very significant economic protections that were put in place contractually by the corporation.

These are the objections we would like to file with the Court and Counsel. We would suggest that language be added to indicate that the retention awards vested as of the January 16th commencement of execution of the plan of liquidation, are a contractual compensation obligation of the corporation for the continuing service of the management team in shutting down operations and are being considered part of the administrative claims being paid out by the Estate.

Thank you for your time and consideration of this important matter. If I can answer any questions for you, I can be contacted at (804) 464-2736.

Sincerely,

*[signature]*

Peter M. Gresens

Additional parties to this letter: Addresses and specific claims being made detailed in Exhibit A attached.

Mike Nichols
Eric A Jonas, Jr.
Catherine M. Gilmour
Gary R Krueger
Denise Mascola
Steve Saunders
Richard Salon

3

**RE: Objections to Disclosure Statement with Respect to Joint Plan of Liquidation of Circuit City**
Submitted by Peter M. Gresens on 9/18/09

Appendix A

| Associate | Address | Claim | Value |
|---|---|---|---|
| Peter M. Gresens | 14306 Post Mill Drive, Midlothian, VA 23113 | 1/3/08 Special Cash Retention Award Program | $40,000 |
| Peter M. Gresens | 14306 Post Mill Drive, Midlothian, VA 23113 | 10/9/08 Long-Term Cash Incentive Award | $40,000 |
| Peter M. Gresens | 14306 Post Mill Drive, Midlothian, VA 23113 | 1/3/08 Phantom Stock Award Program | $635 |
| Mike Nichols | 111 Avonbrook, Wallingford, PA 19086 | 7/22/08 Chairmans Award | $30,000 |
| Mike Nichols | 111 Avonbrook, Wallingford, PA 19086 | 10/9/08 Cash Long-Term Incentive Award | $135,000 |
| Mike Nichols | 111 Avonbrook, Wallingford, PA 19086 | 1/3/08 Cash Retention Award | $200,000 |
| Gary Krueger | 835 Norris Shores Drive, Sharps Chapel, TN 37866 | 1/3/08 Special Cash Retention Award Program | $40,000 |
| Gary Krueger | 835 Norris Shores Drive, Sharps Chapel, TN 37866 | 10/9/08 Long-Term Cash Incentive Award | $40,000 |
| Gary Krueger | 835 Norris Shores Drive, Sharps Chapel, TN 37866 | 1/3/08 Phantom Stock Award Program | $635 |
| Catherine M. Gilmour | 10801 Snowmass Court, Glen Allen, VA 23060 | 1/3/08 Special Cash Retention Award Program | $40,000 |
| Catherine M. Gilmour | 10801 Snowmass Court, Glen Allen, VA 23060 | 10/9/08 Long-Term Cash Incentive Award | $40,000 |
| Catherine M. Gilmour | 10801 Snowmass Court, Glen Allen, VA 23060 | 1/3/08 Phantom Stock Award Program | $635 |
| Denise Mascola | 23311 Triple Crown Drive, Ruther Glen, VA 22546 | 1/3/08 Special Cash Retention Award Program | $40,000 |
| Denise Mascola | 23311 Triple Crown Drive, Ruther Glen, VA 22546 | 10/9/08 Long-Term Cash Incentive Award | $40,000 |
| Denise Mascola | 23311 Triple Crown Drive, Ruther Glen, VA 22546 | 1/3/08 Phantom Stock Award Program | $635 |
| Steve Saunders | 2931 Royal Virginia Court, Louisa, VA 23093 | 1/3/08 Special Cash Retention Award Program | $40,000 |
| Steve Saunders | 2931 Royal Virginia Court, Louisa, VA 23093 | 10/9/08 Long-Term Cash Incentive Award | $40,000 |
| Steve Saunders | 2931 Royal Virginia Court, Louisa, VA 23093 | 1/3/08 Phantom Stock Award Program | $635 |
| Eric A. Jonas Jr. | 2 Annett Avenue, Edgewater, NJ 07020 | Supplemental 401(k) | $62,018 |
| Eric A. Jonas Jr. | 2 Annett Avenue, Edgewater, NJ 07020 | 7/26/2004 Employment Agreement – CIC – Ben Rest | $152,506 |
| Eric A. Jonas Jr. | 2 Annett Avenue, Edgewater, NJ 07020 | 1/3/2008 Special Cash Retention Agreement | $600,000 |
| Eric A. Jonas Jr. | 2 Annett Avenue, Edgewater, NJ 07020 | 7/26/2004 Employment Agreement – CIC | $1,312,872 |
| Richard Salon | 1350 Autumn Breeze Drive, Oilville, VA 23129 | 1/3/08 Special Cash Retention Award Program | $40,000 |
| Richard Salon | 1350 Autumn Breeze Drive, Oilville, VA 23129 | 1/3/08 Phantom Stock Award Program | $635 |

4

RE: Objections to Disclosure Statement with Respect to Joint Plan of Liquidation of Circuit City
Submitted by Peter M. Gresens on 9/18/09

Appendix B

SUBJECT: Message from Jim Marcum - January 16, 2009

Dear Circuit City Associates,

I am writing to follow up on today's very unfortunate news. I apologize for not sending this to you sooner, but I wanted to be able to provide you with as much information as possible. I also want you to know that this written communication is not a replacement for the personal communication you should receive from your direct manager. It is meant to ensure that all associates have the opportunity to receive the same information at the same time and directly from me.

Today, Circuit City Stores, Inc. announced that, despite everyone's best efforts, we will have to liquidate all of Circuit City's assets. This will mean that all of our stores will be conducting going-out-of-business sales, which should be completed within the next 90 days. Along with that process, our store support center and other facilities will ultimately close.

As you know, we were in continuous negotiations regarding a going concern transaction. Regrettably, this is the only possible path for our company as we were unable to reach an agreement with our creditors and lenders to structure a going-concern transaction in the limited timeframe available to us.

We will continue to communicate the specifics regarding the "wind down" process as we work through them. In the meantime, here's what we understand to be the probable future of the business – the liquidation process will begin as early as tomorrow. Representatives from the inventory liquidators while begin to immediately contact stores and work with field management.

I know that you have questions about the status of your jobs and your benefits. We will be working hard to provide you with answers to these questions throughout the day.

I realize how disappointed we all are, but we owe it to each other to keep our heads high, maintain integrity, and respect our great Circuit City brand to the end. Let's honor our company and one another by closing Circuit City with dignity. Thank you for your support and commitment, especially through this most challenging time that we have shared over the past few months. Today's announcement is not an outcome of your work. You can be proud of your tremendous effort to deliver a different result.

Thank you,

Jim

5

September 17, 2009

**TO:**

| Skadden, Arps, Slate, Meagher & Flom, LLP<br>Attn: Greg Gilardi & Ian S. Fredericks<br>One Rodney Square<br>10th & King Streets, 7th Floor<br>Wilmington, DE 19801 | Pachulski, Stang, Ziehl & Jones, LLP<br>Attn: Jeffrey N. Pomerantz & Stanley E. Goldich<br>10100 Santa Monica Blvd<br>11th Floor<br>Los Angeles, CA 90067 | Tavenner & Beran, PLC<br>Attn: Lynn L. Tavenner & Paula S. Beran<br>20 N. Eighth Street<br>2nd Floor<br>Richmond, VA 23219 |
|---|---|---|
| Skadden, Arps, Slate, Meagher & Flom, LLP<br>Attn: Chris L. Dickerson & Jessica S. Kumar<br>155 N. Wacker Drive<br>Chicago, IL 60606 | Pachulski, Stang, Ziehl & Jones, LLP<br>Attn: Robert J. Feinstein<br>780 3rd Avenue, 36th Floor<br>New York, NY 10017 | Robert B. Van Arsdale<br>United States Trustee<br>701 E. Broad Street<br>Suite 4303<br>Richmond, VA 23219 |
| Circuit City Stores, Inc.<br>Attn: Michelle Mosier<br>4951 Lake Brook Drive<br>Suite 500<br>Glen Allen, VA 24060 | McGuire Woods, LLP<br>Attn: Douglass M. Foley and Sarah B. Boehm<br>One James Center<br>901 E. Carey Street<br>Richmond, VA 23219 | Clerk of the Bankruptcy Court<br>On behalf of the Honorable Judge Kevin Huennekens<br>701 E. Broad Street<br>Richmond, VA 23219 |

**From:**

Peter M. Gresens
14306 Post Mill Drive
Midlothian, VA 23113

**Subject: Objections to Disclosure Statement with Respect to Joint Plan of Liquidation of Circuit City (Case Number 08-35653 (KRH))**

Dear Counsel and Appointed Administrators of the Circuit City Corporate Liquidation:

I am writing this letter on behalf of myself and a number of other former employees (see Attachment A at the end of this document for the names, addresses and specific claims being asserted by this group) with whom I have personally spoken, who are similarly situated, and who have asked me to express our objection to the disclosure statement we received and were asked to review.

Our group has noted the following defects relative to the disclosure statement:

1. The statement lacks specificity relative to the retention awards that were earned by the management team as of January 1, 2009 and as of January 16, 2009 when we assert a change in control of the corporation took place. If counsel intends to sweep away the awards which vested as of January 16th based on an argument that a change in control did not take place, impacted associates should receive notice through this document that this is your intent in order to provide adequate notice and time to prepare a response.

1

a. Re: Change in Control: As we have heard that counsel plans to argue that there was no change in control, we wish to provide the court with our perspective on why a change in control did actually take place:

   i. On January 16, 2009, the vast majority of the management team and associates including a large portion of the regional and district field associates (all but approximately 200 associates at the store support center) were released by the corporation to seek employment elsewhere. Clearly, a plan for change in operations and key decision makers (control) had been agreed upon. The agreement had been consummated and sanctioned by the court and Skadden as expert in this area was to work in executing the plan having done this for many other organizations (also see Jim Marcum's letter to employees as of January 16 referencing a plan of liquidation – Attachment B).

   ii. The focus of business decisions and operations changed to support the Liquidators who were in control of the stores and the Creditors Committee which was focused on preservation of the bankruptcy estate. A significant change in direction and strategy obviously took place when the decision to liquidate was finalized and these parties took control of the enterprise. Decisions at this point were being made at the direction of the Court, the Creditors Committee and Bankruptcy Counsel, not by the lame duck senior management team and board.

   iii. The language in the Circuit City Long-Term incentive Plan and referenced in the various retention plan documents was prepared with a change such as this or other forms of major operational changes in mind. The intent of major corporation's (including Circuit City) in drafting these plans is to maintain the loyalty of management associates by protecting their economic welfare in exchange for staying with the company up to the point at which their services are no longer needed. In this case, the loyalty of the management team lasted not only to the point of the change in control but to much later in the Spring for the team that stayed on at the request of Creditors in order to effectively shut down the organization. The retention agreements were put in place with the expectation that when a plan of liquidation was communicated (The court's decision as communicated by Jim Marcum) and began to be executed (Skadden as expert, Liquidators controlling the stores and the Creditors Committee controlling key operational decisions) and members of the management team began to lose their positions and income, these individuals would be protected. The contractual intent of Circuit City in providing these agreements as economic protection for the Circuit City management team should be preserved.

2. The disclosure statement fails to indicate that payment of the retention agreements would be classified as administrative claims for associates such as those noted in this document. The disclosure statement clarifies that payment of compensation for individuals staying on to assist in, "...preserving the Estates and operating the businesses of the Debtors (such as wages, salaries and commissions for services ..." (Page 34, Paragraph C 1 (a) of the Disclosure document) is anticipated within the context of administrative claims. The retention awards as part of the compensation package which was provided to the management team should be included within the se administrative claims.

2

    a. The Retention Awards, in the form of cash and phantom shares paid out in cash, are part of the compensation package typically provided to management associates (both within Circuit City and commonly across corporate America) and in this case is part of what the organization anticipated providing to this team to secure their services and provide them with economic protection in a situation such as this. As such these compensation payments should be considered as part of the administrative claims.

    b. Had counsel for the corporation provided formal notice regarding their intent not to honor these awards, the entire wind down process may have gone very differently. Counsel for Circuit City, knowing this, decided not to at any time provide formal notice to this group, placing preservation of funds for the estate ahead of the good will, loyalty and economic well being of the management team that helped effectively close the corporation. The lack of clarity and notice regarding how the retention awards were (back in January) and are (within the disclosure statement) going to be treated (Administrative or not) should not go unnoticed by the court. The Court should not allow counsel to significantly negatively impact these individuals through non-payment of the contractual obligations the company had committed to as part of their general compensation package, and it most certainly should require adequate notice to interested parties (through this disclosure statement) regarding how counsel intends to treat these very significant economic protections that were put in place contractually by the corporation.

These are the objections we would like to file with the Court and Counsel. We would suggest that language be added to indicate that the retention awards vested as of the January 16th commencement of execution of the plan of liquidation, are a contractual compensation obligation of the corporation for the continuing service of the management team in shutting down operations and are being considered part of the administrative claims being paid out by the Estate.

Thank you for your time and consideration of this important matter. If I can answer any questions for you, I can be contacted at (804) 464-2736.

Sincerely,

*[signature]*

Peter M. Gresens

Additional parties to this letter: Addresses and specific claims being made detailed in Exhibit A attached.

Mike Nichols
Eric A Jonas, Jr.
Catherine M. Gilmour
Gary R Krueger
Denise Mascola
Steve Saunders
Richard Salon

3

**RE: Objections to Disclosure Statement with Respect to Joint Plan of Liquidation of Circuit City**
Submitted by Peter M. Gresens on 9/18/09

Appendix A

| Associate | Address | Claim | Value |
|---|---|---|---|
| Peter M. Gresens | 14306 Post Mill Drive Midlothian, VA 23113 | 1/3/08 Special Cash Retention Award Program | $40,000 |
| Peter M. Gresens | 14306 Post Mill Drive Midlothian, VA 23113 | 10/9/08 Long-Term Cash Incentive Award | $40,000 |
| Peter M. Gresens | 14306 Post Mill Drive Midlothian, VA 23113 | 1/3/08 Phantom Stock Award Program | $635 |
| Mike Nichols | 111 Avonbrook Wallingford, PA 19086 | 7/22/08 Chairmans Award | $30,000 |
| Mike Nichols | 111 Avonbrook Wallingford, PA 19086 | 10/9/08 Cash Long-Term Incentive Award | $135,000 |
| Mike Nichols | 111 Avonbrook Wallingford, PA 19086 | 1/3/08 Cash Retention Award | $200,000 |
| Gary Krueger | 835 Norris Shores Drive Sharps Chapel, TN 37866 | 1/3/08 Special Cash Retention Award Program | $40,000 |
| Gary Krueger | 835 Norris Shores Drive Sharps Chapel, TN 37866 | 10/9/08 Long-Term Cash Incentive Award | $40,000 |
| Gary Krueger | 835 Norris Shores Drive Sharps Chapel, TN 37866 | 1/3/08 Phantom Stock Award Program | $635 |
| Catherine M. Gilmour | 10801 Snowmass Court Glen Allen, VA 23060 | 1/3/08 Special Cash Retention Award Program | $40,000 |
| Catherine M. Gilmour | 10801 Snowmass Court Glen Allen, VA 23060 | 10/9/08 Long-Term Cash Incentive Award | $40,000 |
| Catherine M. Gilmour | 10801 Snowmass Court Glen Allen, VA 23060 | 1/3/08 Phantom Stock Award Program | $635 |
| Denise Mascola | 23311 Triple Crown Drive Ruther Glen, VA 22546 | 1/3/08 Special Cash Retention Award Program | $40,000 |
| Denise Mascola | 23311 Triple Crown Drive Ruther Glen, VA 22546 | 10/9/08 Long-Term Cash Incentive Award | $40,000 |
| Denise Mascola | 23311 Triple Crown Drive Ruther Glen, VA 22546 | 1/3/08 Phantom Stock Award Program | $635 |
| Steve Saunders | 2931 Royal Virginia Court Louisa, VA 23093 | 1/3/08 Special Cash Retention Award Program | $40,000 |
| Steve Saunders | 2931 Royal Virginia Court Louisa, VA 23093 | 10/9/08 Long-Term Cash Incentive Award | $40,000 |
| Steve Saunders | 2931 Royal Virginia Court Louisa, VA 23093 | 1/3/08 Phantom Stock Award Program | $635 |
| Eric A. Jonas Jr. | 2 Annett Avenue Edgewater, NJ 07020 | Supplemental 401(k) | $62,018 |
| Eric A. Jonas Jr. | 2 Annett Avenue Edgewater, NJ 07020 | 7/26/2004 Employment Agreement – CIC – Ben Rest | $152,506 |
| Eric A. Jonas Jr. | 2 Annett Avenue Edgewater, NJ 07020 | 1/3/2008 Special Cash Retention Agreement | $600,000 |
| Eric A. Jonas Jr. | 2 Annett Avenue Edgewater, NJ 07020 | 7/26/2004 Employment Agreement – CIC | $1,312,872 |
| Richard Salon | 1350 Autumn Breeze Drive Oilville, VA 23129 | 1/3/08 Special Cash Retention Award Program | $40,000 |
| Richard Salon | 1350 Autumn Breeze Drive Oilville, VA 23129 | 1/3/08 Phantom Stock Award Program | $635 |

4

RE: Objections to Disclosure Statement with Respect to Joint Plan of Liquidation of Circuit City
Submitted by Peter M. Gresens on 9/18/09

Appendix B

SUBJECT: Message from Jim Marcum - January 16, 2009

Dear Circuit City Associates,

I am writing to follow up on today's very unfortunate news. I apologize for not sending this to you sooner, but I wanted to be able to provide you with as much information as possible. I also want you to know that this written communication is not a replacement for the personal communication you should receive from your direct manager. It is meant to ensure that all associates have the opportunity to receive the same information at the same time and directly from me.

Today, Circuit City Stores, Inc. announced that, despite everyone's best efforts, we will have to liquidate all of Circuit City's assets. This will mean that all of our stores will be conducting going-out-of-business sales, which should be completed within the next 90 days. Along with that process, our store support center and other facilities will ultimately close.

As you know, we were in continuous negotiations regarding a going concern transaction. Regrettably, this is the only possible path for our company as we were unable to reach an agreement with our creditors and lenders to structure a going-concern transaction in the limited timeframe available to us.

We will continue to communicate the specifics regarding the "wind down" process as we work through them. In the meantime, here's what we understand to be the probable future of the business – the liquidation process will begin as early as tomorrow. Representatives from the inventory liquidators while begin to immediately contact stores and work with field management.

I know that you have questions about the status of your jobs and your benefits. We will be working hard to provide you with answers to these questions throughout the day.

I realize how disappointed we all are, but we owe it to each other to keep our heads high, maintain integrity, and respect our great Circuit City brand to the end. Let's honor our company and one another by closing Circuit City with dignity. Thank you for your support and commitment, especially through this most challenging time that we have shared over the past few months. Today's announcement is not an outcome of your work. You can be proud of your tremendous effort to deliver a different result.

Thank you,

Jim

5