**Karen Craig**
**4409 Player Road • Corona, CA 92883**
**(951) 738-9622**

September 15, 2009

The United States Trustee
United States Bankruptcy Court
701 East Broad Street Suite 4304
Richmond, Virginia 23219
Attn: Robert B. Vanarsdale



Re: Objection to Claim Status Under Plan of Liquidation

The purpose of this letter is to object to the current status of my claims under the plan of liquidation for claim numbers 6210, 6211, 6214.

It is my position that I am eligible for the special retention cash incentives based on the language in the contracts. Specifically, "If you remain continuously employed in a full-time active position with the Company through and including the date on which a 'Change of Control' of the Company occurs, then any portion of your award that has not yet vested will vest as of such Change of Control date. For this purpose 'Change of Control' has the meaning set forth in the Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference into, and made part of, this award letter. Generally, a Change of Control will be deemed to occur upon any of the following events: (i) the acquisition by any person or entity of 35% or more of either the Company's outstanding shares the combined voting power of the then outstanding securities of the Company entitled to vote generally in the election of directors (but excluding certain acquisitions involving the Company or an affiliate, or by any benefit plan sponsored by the Company); (ii) the incumbent members of the Board of Directors of the Company (including any future directors whose election is approved by a majority of the incumbent members) cease to constitute a majority of the Board of Directors; **(iii) the consummation of a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company (with certain exceptions, as described in the 2003 Stock Incentive Plan); or (iv) the consummation of a plan of complete liquidation, dissolution, or sale of substantially all of the assets of the Company.**"

These were agreements that I relied upon in participating of the wind down operations between November 10, 2009 and March 21, 2009. These contractual awards, I believe vested at the time of announcement of liquidation, by Jim Marcum CEO, on November 16, 2008. (announcement communication enclosed).

These awards were never disavowed after the November 10, 2008 petition date. I believe that I was reasonable in relying on these awards in continuing to provide services to the corporation.

Lastly, I believe that these claims should be classified as Administrative Claims to the Circuit City Estate not General Unsecured Claims.

Thank you for your time and consideration regarding the above.

Respectfully submitted,

*Karen L Craig*

Karen L Craig
Enclosures



SUBJECT: Message from Jim Marcum - January 16, 2009

Dear Circuit City Associates,

I am writing to follow up on today's very unfortunate news. I apologize for not sending this to you sooner, but I wanted to be able to provide you with as much information as possible. I also want you to know that this written communication is not a replacement for the personal communication you should receive from your direct manager. It is meant to ensure that all associates have the opportunity to receive the same information at the same time and directly from me.

Today, Circuit City Stores, Inc. announced that, despite everyone's best efforts, we will have to liquidate all of Circuit City's assets. This will mean that all of our stores will be conducting going-out-of-business sales, which should be completed within the next 90 days. Along with that process, our store support center and other facilities will ultimately close.

As you know, we were in continuous negotiations regarding a going concern transaction. Regrettably, this is the only possible path for our company as we were unable to reach an agreement with our creditors and lenders to structure a going-concern transaction in the limited timeframe available to us.

We will continue to communicate the specifics regarding the "wind down" process as we work through them. In the meantime, here's what we understand to be the probable future of the business -- the liquidation process will begin as early as tomorrow. Representatives from the inventory liquidators while begin to immediately contact stores and work with field management.

I know that you have questions about the status of your jobs and your benefits. We will be working hard to provide you with answers to these questions throughout the day.

I realize how disappointed we all are, but we owe it to each other to keep our heads high, maintain integrity, and respect our great Circuit City brand to the end. Let's honor our company and one another by closing Circuit City with dignity. Thank you for your support and commitment, especially through this most challenging time that we have shared over the past few months. Today's announcement is not an outcome of your work. You can be proud of your tremendous effort to deliver a different result.

Thank you,

Jim

10110118 , Craig , Karen
N/A, 9/29/2008, CASH



October 9, 2008

Karen Craig
4409 Player Rd.
Corona, CA  92883

Dear Karen:

Congratulations!  The Compensation and Personnel Committee of the Board of Directors (the "Committee") has awarded you a long-term cash incentive award (the "Award") subject to the terms of this Award letter.  The purpose of this Award is to reward, motivate and retain associates who are key to our turnaround efforts and long term success of Circuit City Stores, Inc. (the "Company").  To accept this Award, please sign this letter, and fax it as instructed in Section 6 below.

Subject to the requirements and limitations set forth in this Award letter, your Target Cash Incentive Award, Maximum Cash Incentive Award, and Award Date are as follows:

| | |
|---|---|
| Target Cash Incentive Award: | $40,000 |
| Maximum Cash Incentive Award: | $80,000 |
| Award Date: | September 29, 2008 |

This Award is based on performance of the Company over time and the amount that you can earn at each Vest Date under the Award is subject to meeting the Performance Conditions as outlined below. For purposes of the Performance Conditions, the following definitions apply:

<u>Minimum Availability</u>: maintaining excess availability under all of the Company's existing or future credit facilities in effect as of February 28, 2009, as such existing or future credit facilities may be amended, modified, superseded or supplemented, through February 28, 2009; and

<u>Closing Stock Price</u>: closing stock price as reported by the exchange or market on which the Company's common stock generally has the greatest trading volume.

The schedule of Vest Dates, the corresponding target amounts and Performance Conditions for each date are as follows:

| | |
|---|---|
| 1st Vest Date: | July 1, 2009 |
| Targeted Amount Vesting: | $13,333 |
| Performance Condition: | Minimum Availability |

- 1 -

2nd Vest Date: January 1, 2010
Targeted Amount Vesting: $13,333
Performance Condition: Total shareholder return based on the following stock prices:

| Closing Stock Price on Dec. 31, 2009 | % Payout of Targeted Amount Vesting |
|---|---|
| less than $3.00 | 0% |
| $3.00–$3.99 | 75% |
| $4.00–$4.99 | 100% |
| $5.00–$5.99 | 125% |
| $6.00–$6.99 | 175% |
| $7.00–$7.99 | 200% |
| $8.00–$8.99 | 225% |
| $9.00 or greater | 250% |

3rd Vest Date: July 1, 2010
Targeted Amount Vesting: $13,333
Performance Condition: Total shareholder return based on the following stock prices:

| Closing Stock Price on Vest Date | % Payout of Targeted Amount Vesting |
|---|---|
| less than $4.00 | 0% |
| $4.00–$4.99 | 75% |
| $5.00–$5.99 | 100% |
| $6.00–$6.99 | 125% |
| $7.00–$7.99 | 175% |
| $8.00–$8.99 | 200% |
| $9.00–$9.99 | 225% |
| $10.00 or greater | 250% |

If on the specified Vest Date no amount is earned or an amount less than the Targeted Amount is earned, the unearned portion of the Targeted Cash Incentive Amount for that Vest Date will roll-forward to the next Vest Date and may be earned if the minimum Performance Condition for the next Vest Date is achieved. Any amounts that are rolled forward to the next Vest Date are not eligible for more than a Target (100%) payout.

For purposes of the vesting and forfeiture requirements that follow, your employment with the "Company" includes your employment with Circuit City Stores, Inc. or with a parent or subsidiary of Circuit City Stores, Inc. within the meaning of section 424(e) and (f) of the Internal Revenue Code of 1986, as amended.

Your right to receive the portion of your Award corresponding to each of the above Vest Dates is contingent on (i) your agreeing to the terms of this Award by signing and faxing this letter, and (ii) your remaining continuously employed on a full-time active basis with the Company through and including the corresponding Vest Date. If you satisfy these

- 2 -

requirements, the portion of your Award that becomes vested will be paid to you in a single lump sum cash payment within 75 days following the Vest Date. In the event that you are on a leave of absence on the Vest Date, the portion of your Award that would have vested on that date will not vest until you return to active full-time employment with the Company and will then be paid within 75 days after your return.

Forfeiture. If prior to becoming fully vested in your Award, (i) your employment with the Company terminates for any reason other than your death or permanent disability, or (ii) your employment status with the Company changes to part-time, or (iii) you retire from the Company, then the unvested portion of your Award will be forfeited as of the date of your termination, change in status, or retirement, as the case may be

If your employment with the Company terminates on or before a Vest Date because of death or permanent disability, then the portion of your Target Cash Incentive Award that is scheduled to vest on a future Vest Date will vest as of the date of your death or termination for disability (assuming you otherwise meet the requirements under this Award letter), and will be paid out in a lump sum cash payment within 75 days after your death or disability.

The Committee will determine whether a permanent disability exists for purposes of the foregoing, and such determination will be conclusive and binding.

Other terms relevant to this Award letter are set forth below.

1. **Modification**. The Committee may unilaterally modify the terms of this Award letter after the Award Date provided that your consent is obtained with respect to any modification that would be detrimental to your rights hereunder, except that your consent will not be required to the extent any such modification is to comply with applicable law.

2. **Change of Control**. If you remain continuously employed on a full-time active basis with the Company through and including the date on which a Change of Control of the Company occurs, then any unvested portion of your outstanding Target Cash Incentive Award will vest as of such date and will be paid to you in a lump sum cash payment within 75 days thereafter. For this purpose, "Change of Control" has the meaning set forth in the Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference, and made a part of this Award letter.

The following provides a brief summary of the definition of Change of Control under the 2003 Stock Plan. This is intended only as a summary, and any determination of whether a Change of Control has actually occurred will be subject to the full definition set forth in the 2003 Stock Plan. In general, a Change of Control will occur upon any of the following events: (i) a third party acquires 35% of the Company's outstanding stock; (ii) the incumbent members of the Company's Board of Directors cease to be a majority of the Board (for this purpose, "incumbent members" includes directors whose election was approved by a majority of the Board); (iii) a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company; or (iv) the consummation of a plan of complete liquidation or dissolution of the Company.

3. **Withholding Taxes**. On the Vest Date, you will have taxable income equal to the amount of your vested Award, and the Company will withhold the amount of taxes required to be withheld or paid.

4. **Interpretation**. The interpretation and construction of any provision or term of this Award letter by the Committee will be final and conclusive. The terms of this Award letter and all actions taken hereunder will be governed by the laws of the Commonwealth of Virginia, without regard to the conflict of law provisions of any jurisdiction.

5. **Miscellaneous**.

a. This Award letter is the entire agreement between you and the Company concerning the Award granted hereunder.

b. Nothing in this Award letter confers any right to continued employment with the Company, or affects the Company's right to terminate an associate's employment at any time, with or without notice, and with or without cause.

c. The Company has no obligation to contribute any assets to a trust or other entity or otherwise to segregate any assets, or maintain separate accounts, for the purpose of satisfying the Award obligation hereunder.

6. **Acceptance of this Award**. In order for your Award to become effective, you must accept it by signing this letter and faxing the entire letter as soon as possible, but in no event later than November 1, 2008 to **757-299-8412**.

Your signature will also constitute your agreement to the terms and conditions contained in this letter.

Sincerely,

*[signature]*

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED:

*[signature: Karen Craig]*
Associate Signature

Karen Craig
_____
Printed Name

10/20/08
_____
Date

- 4 -



Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233-1464

January 7, 2008

Dear Associate:

This is the most challenging and important time to be a leader at Circuit City. That is why management has asked for, and our board has approved, changes to our compensation programs that will apply to you. These changes, which became effective January 1, 2008, are designed to:

- be consistent with our compensation philosophy to provide you with a total reward potential that is commensurate with your peers in our industry;
- complement the long-term compensation objectives we established in 2005 and ensure the new programs provide incentive to improve financial results going forward; and
- help us deliver improved levels of performance and drive long-term business success that, in turn, enhances shareholder value.

The plans are critical to the short- and long-term business objectives of our company. Shareholders expect us to retain the multiple levels of key leadership required to deliver on our multi-year transformation effort. Therefore, it is very important that each of you understands the purpose and significance of these plans.

As I am sure you will appreciate, these plans are relatively complex and they will continue to generate some healthy discussion both inside and outside of the company. The plans contain both a new long-term incentive plan (LTIP) and a one-time cash retention award, and participation varies according to position. The enclosed materials provide the details for your individual awards.  Please read the materials carefully and follow-up with your HR partners with any questions or concerns.

We are in the midst of a difficult, but very achievable drive to restore Circuit City to a position of reasonable profitability. These plans will help ensure we have a unified, consistent, and motivated group of leaders across all levels of the company to help us execute at the highest ability over the coming months and years to achieve our goals.

The plans generally include director-level-and-above at the Store Support Center and district-manager-level-and-above in the field. Store directors and a few field and distribution positions will participate in the LTIP. I have personally elected not to participate in the cash retention award. My belief is that it is inappropriate for me to accept an incentive award that is not performance based. I will participate in the LTIP because I am committed to helping you, and 43,000 Circuit City associates, achieve a successful transformation.

I firmly believe in the future of this company and the team that we have in place. We need each of you to stay focused on the long-term, while also executing at the highest level every day in the near-term. I look forward to continuing our work together to achieve our goal and return our company to a strong position of profitability.

Thank you,

Philip J. Schoonover
Chairman, President, and CEO

10110118,Craig,Karen
N/A, 1/1/2008, Cash



Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233-1464

January 3, 2008

Karen Craig
4409 Player Rd.
Corona, CA  92883

Dear Karen:

Congratulations!  The Compensation and Personnel Committee of the Board of Directors (the "Committee") has awarded you a special cash retention award (the "Award") subject to the terms of this Award letter.  The purpose of this Award is to reward, motivate and retain management personnel who are key to the Company's turnaround efforts and long term success.  To accept this Award, please sign the enclosed copy of this letter, and return it as indicated in item 6 below.

Subject to the requirements and limitations set forth in this Award letter, your Award, Award Date, and Vesting Dates are as follows:

| | |
|---|---|
| Total Cash Retention Award: | $40,000 |
| Award Date: | January 1, 2008 |
| **Vesting Dates** | **Vesting %** |
| January 1, 2009 | 50% |
| January 1, 2010 | 50% |

For purposes of this Award letter, "Company" means Circuit City Stores, Inc. or a parent or subsidiary of Circuit City Stores, Inc. within the meaning of section 424(e) and (f) of the Internal Revenue Code of 1986, as amended.

Your right to receive the portion of your Award corresponding to the above Vesting Dates is contingent on (i) your agreeing to the terms of this Award by signing and returning the enclosed copy of this letter, and (ii) your remaining continuously employed on a full-time active basis with the Company through and including the corresponding Vesting Date.  If you satisfy these requirements, the portion of your Award that becomes vested will be paid to you in a single lump sum cash payment within 75 days following the Vesting Date.  Your right to this Award is not contingent on corporate or individual performance.

Forfeiture.  If prior to becoming fully vested in your Award, (i) your employment with the Company terminates for any reason other than your death or permanent disability, or (ii) your employment status with the Company changes to part-time, or (iii) you retire from the Company, then the unvested portion of your Award will be forfeited as of the date of your termination, change in status, or retirement, as the case may be.

- 1 -

If your employment with the Company terminates on or before a Vesting Date because you die or become permanently disabled, then the portion of your Award scheduled to vest on such Vesting Date will vest as of the date of your death or termination for disability (assuming you otherwise meet the requirements under this Award letter), and any portion of your Award that would have vested on a subsequent Vesting Date will be forfeited. For example, if your employment terminates under these circumstances on or before January 1, 2009, the portion of your Award scheduled to vest on that date will vest, and any portion that would have vested on a subsequent Vesting Date will be forfeited.

The Committee will determine whether a permanent disability exists for purposes of the foregoing, and such determination will be conclusive and binding.

Other terms relevant to this Award letter are set forth below.

1. **Modification**. The Committee may unilaterally modify the terms of this Award letter after the Award Date provided that your consent is obtained with respect to any modification that would be detrimental to your rights hereunder, except that your consent will not be required to the extent any such modification is to comply with applicable law.

2. **Change of Control**. If you remain continuously employed on a full-time active basis with the Company through and including the date on which a Change of Control of the Company occurs, then notwithstanding any provision herein to the contrary, any restrictions hereunder on your outstanding Award shall lapse as of such date. For this purpose, "Change of Control" has the meaning set forth in the Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference into, and made a part of, this Award letter. Generally, a Change of Control will be deemed to occur upon any of the following events: (i) the acquisition by any person or entity of 35% or more of either the Company's outstanding shares or the combined voting power of the then outstanding securities of the Company entitled to vote generally in the election of directors (but excluding certain acquisitions involving the Company or an affiliate, or by any benefit plan sponsored by the Company); (ii) the incumbent members of the Board of Directors of the Company (including any future directors whose election is approved by a majority of the incumbent members) cease to constitute a majority of the Board of Directors; (iii) the consummation of a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company (with certain exceptions, as described in the 2003 Stock Incentive Plan); or (iv) the consummation of a plan of complete liquidation, dissolution, or sale of substantially all the assets of the Company.

3. **Withholding Taxes**. On the Vesting Date, you will have taxable income equal to the amount of your vested Award, and the Company will withhold the amount of taxes required to be withheld or paid.

4. **Interpretation**. The interpretation and construction of any provision or term of this Award letter by the Committee will be final and conclusive. The terms of this Award letter and all actions taken hereunder will be governed by the laws of the

Commonwealth of Virginia, without regard to the conflict of law provisions of any jurisdiction.

5. **Miscellaneous**.

a. This Award letter is the entire agreement between you and the Company concerning the Award granted hereunder. If you are a party to an Employment Agreement with the Company, you agree that in the case of a conflict between the Employment Agreement and this Award letter, the terms of this Award letter will control.

b. Nothing in this Award letter confers any right to continued employment with the Company, or affects the Company's right to terminate an associate's employment at any time, with or without notice, and with or without cause.

c. The Company has no obligation to contribute any assets to a trust or other entity or otherwise to segregate any assets, or maintain separate accounts for the purpose of satisfying the Award obligation hereunder.

6. **Acceptance of this Award**. In order for your Award to become effective, you must accept it by signing and faxing a copy of this entire letter as soon as possible, but in no event later than February 1, 2008 to **757-299-8412**.

Your signature will also constitute your agreement to the terms and conditions contained in this letter.

Sincerely,

*[signature]*

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED:

*[signature: Karen Craig]*
Associate Signature

KAREN CRAIG
Printed Name

1/21/08
Date

10110118, Craig, Karen
N/A, 1/1/2008, PSU



January 3, 2008

Karen Craig
4409 Player Rd.
Corona, CA  92883

Dear Karen:

Circuit City Stores, Inc. (the "Company") would like to support our director-level associates through a "phantom stock" award program that provides an incentive to work for the Company's long-term success.  A phantom stock award generally consists of units, each with a value equivalent to one share of a company's stock, which is paid out at the end of a specified time period.

I am pleased to inform you that, effective January 1, 2008, you have been awarded the following phantom stock units, each with a value equal to one share of Circuit City Common Stock, which will be payable in cash upon vesting:

                    Number of Units:  9,525

Your award is subject to the conditions set forth in this letter and to your signing and returning the enclosed copy of this letter as instructed further below.

This long-term incentive is a three-year program, with vesting at the end of each of the first, second, and third years.  If you remain continuously employed by the Company in a full-time active position from January 1, 2008 through and including:

- January 1, 2009, you will be 33.3% vested in your award and entitled to an initial cash payment equal to 33.3% of the total units awarded hereunder multiplied by the closing share price of Circuit City Common Stock on December 31, 2008;

- January 1, 2010, you will be 66.6% vested in your award and entitled to a second cash payment equal to 33.3% of the total units awarded hereunder multiplied by the closing share price of Circuit City Common Stock on December 31, 2009;

- January 1, 2011, you will be 100% vested in your award and entitled to a third cash payment equal to 33.4% of the total units awarded hereunder multiplied by the closing share price of Circuit City Common Stock on December 31, 2010.

Units that vest will be paid out in cash following the end of the corresponding vesting period.  The vesting of all or part of a phantom stock award is a taxable event.  Accordingly, upon distribution of each payment, the Company will withhold applicable federal, state, and local taxes from this payment.

If your active employment with the Company is terminated <u>for any reason</u> on or before a vesting date, or if you move to a part-time position on or before the vesting date, then the portion of your award that has not yet vested will be forfeited immediately upon the termination of your employment or upon your change to part-time status.

In the event of a stock split or combination of shares, or other such change in the Company's capital stock, without the receipt of consideration by the Company, the number of phantom stock units awarded hereunder will be adjusted accordingly.

If you remain continuously employed in a full-time active position with the Company through and including the date on which a "Change of Control" of the Company occurs, then any portion of your award that has not yet vested will vest as of such Change of Control date. For this purpose, "Change of Control" has the meaning set forth in the Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference into, and made a part of, this Award letter. Generally, a Change of Control will be deemed to occur upon any of the following events: (i) the acquisition by any person or entity of 35% or more of either the Company's outstanding shares or the combined voting power of the then outstanding securities of the Company entitled to vote generally in the election of directors (but excluding certain acquisitions involving the Company or an affiliate, or by any benefit plan sponsored by the Company); (ii) the incumbent members of the Board of Directors of the Company (including any future directors whose election is approved by a majority of the incumbent members) cease to constitute a majority of the Board of Directors; (iii) the consummation of a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company (with certain exceptions, as described in the 2003 Stock Incentive Plan); or (iv) the consummation of a plan of complete liquidation, dissolution, or sale of substantially all the assets of the Company.

Nothing in this letter confers any right to continued employment with the Company or affects the Company's right to terminate your employment at any time, with or without notice, and with or without cause.

You may not sell, give away or otherwise transfer any of your units. Additionally, phantom stock units are not actual shares of stock and do not confer on you any rights as a shareholder of the Company. Consequently, you will not have the right to vote or receive dividends on the units.

In order for your award to become effective, you must accept it by signing and faxing a copy of this entire letter as soon as possible, but in no event later than February 1, 2008, to **757-299-8412**. Your signature will also constitute your agreement to the terms and conditions contained in this letter.

With this award, we express our confidence in your ability to help shape a Circuit City that will benefit our associates, our customers, and our shareholders for years to come.

Sincerely,

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED:

*Karen Craig*
Associate Signature

KAREN CRAIG
Printed Name

1/21/08
Date