Barbara A. Stephenson, Kitsap County Treasurer
614 Division Street, MS-32
Port Orchard, WA  98366
Attention:  Elly Marts, Program Assistant
(360) 337-4936



UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Circuit City Stores, Inc. et al., | Case No. 08-35653 (KRH)<br>Jointly Administered |
| Debtors. | **Hearing Date/Time: October 7, 2009<br>2:00 p.m. (Eastern Time)** |

**CREDITOR KITSAP COUNTY TREASURER'S RESPONSE TO DEBTORS'
THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (REDUCTION OF
CERTAIN PERSONAL PROPERTY TAX CLAIMS)**

## I. INTRODUCTION

Creditor Kitsap County Treasurer ("Kitsap County") files this response to Debtors' Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Personal Property Tax Claims) (the "Objection"), which was filed on August 24, 2009.  The Debtors' objection to Kitsap County's claim is without merit and the Court should allow the claim as filed.  The amount of the claim is presumed correct and the Debtors' generic and factually unsupported objections are insufficient to overcome that presumption.

## II. BACKGROUND

Kitsap County is a municipal corporation and political subdivision of the State of Washington. Kitsap County imposes ad valorem real and personal property taxes pursuant to Title 84 of the Revised Code of Washington. The personal property used by the Debtor Circuit City Stores, Inc. in its business in the State of Washington in the County of Kitsap was subject to such ad valorem taxation. Such personal property taxes were properly imposed on Circuit City Stores, Inc. pursuant to state law in the pre-petition amount of $1,245.96 and in the post-petition amount of $1,192.34. Kitsap County's Proof of Claim for the pre-petition taxes was properly filed on June 15, 2009 and is designated as Claim No. 13337. Kitsap County's request for payment of post-petition taxes as an administrative expense in the amount of $1,192.34 was dated June 9, 2009 and was acknowledged as being received by the claims agent, Kurtzman Carson Consultants LLC, on June 15, 2009.

The Debtors do not challenge the amount of Kitsap County's pre-petition claim, but do now seek to reduce the amount of Kitsap County's administrative-payment request from $1,192.34 to $460.24. Objection Exhibit C at 21.

## III. ARGUMENT

A proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity *and amount* of the claim. BR 3001(f).[1] In addition, under state law, upon review by any court of a determination of the valuation of property for purposes of taxation, it shall be presumed that the determination of the public official charged with the duty of establishing such value is correct. This presumption may only

---

[1] The Debtors are objecting to Kitsap County's administrative-expense request, but the same presumption applicable to a proof of claim should apply to an administrative-expense request.

CREDITOR KITSAP COUNTY TREASURER'S RESPONSE
TO DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION
TO CLAIMS – 2

be overcome by clear, cogent and convincing evidence. RCW 84.40.0301.

Therefore, for this Court to order that the amount of Kitsap County's claim be reduced, the Debtors must demonstrate that the claim amount is incorrect and that their asserted amount is correct.

Tellingly, the Debtors offer no admissible evidence in support of the Objection by, for example, a declaration from a qualified expert. Instead, the Debtors simply make the conclusory and factually unsupported assertion that "the Claims are overstated in amount given the value of the personal property that is the subject of the personal property taxes." Objection at 6. The Objection contains no store- or property-specific valuation analyses. The Objection apparently applies equally and without distinction to all 120 claims to which the Debtors are objecting, suspiciously resulting in a proposed tax reduction of almost exactly 50 percent (from $4,600,321.53 to $2,355.096.95). Objection at 8.

If the Debtors had a good-faith belief that Kitsap County's administrative-expense request was improper, they could have (a) filed an administrative appeal pursuant to state law, RCW 84.40.038, (b) filed a tax-refund lawsuit pursuant to state law, RCW 84.68.020, or (c) requested a determination of their tax liability by Kitsap County pursuant to 11 U.S.C. § 505(b)(2). They did none of these things.

The Debtors have not overcome the presumption that their tax liability is correct. In fairness to other county taxpayers, the Debtors should not now be allowed to reduce their tax liability by conclusory and factually unsupported allegations.

CREDITOR KITSAP COUNTY TREASURER'S RESPONSE
TO DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION
TO CLAIMS – 3

## IV. CONCLUSION

For the reasons stated above, the Court should overrule the Debtors' objection to Kitsap County's claim and allow the claim as filed.

RESPECTFULLY SUBMITTED this ___16TH___ day of September, 2009.

                                BARBARA A. STEPHENSON
                                Kitsap County Treasurer

                                By _____
                                Elly Marts, Program Assistant

CREDITOR KITSAP COUNTY TREASURER'S RESPONSE
TO DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION
TO CLAIMS – 4