## Plan Proponents' Response to Disclosure Statement Objections

NOTE: Citations to the "Revised Disclosure Statement" are to the Disclosure Statement with Respect to First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims

| AGENDA ITEM NO. | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | PROPOSED DISCLOSURE STATEMENT/PLAN MODIFICATIONS |
|---|---|---|---|---|
| 11. a. | 4799 | Los Angeles County Sheriff's Department | This objection appears to be improperly docketed. The objection constitutes a form request for additional information in response to receiving the Notice of Disclosure Statement. | To the extent the Los Angeles County Sheriff's Department is objecting to the Disclosure Statement as containing inadequate information, the Plan Proponents submit that they have provided "adequate information" within the meaning of Bankruptcy Code section 1125. |
| 11. b. | 4801 | Roto Rooter Plumbing & Drain Service | This objection appears to be improperly docketed. The objection appears to be an invoice for services provided by Roto Rooter to the Debtors. | **The Plan Proponents have contacted Roto Rooter and believe this objection has been resolved.** |
| 11. c. | 4834 | Vincent E. Rhynes | This objection appears to be improperly docketed because Mr. Rhynes asserts that his claim should not be reclassified as an equity interest. | To the extent Mr. Rhynes is objecting to the Disclosure Statement because the proposed Plan cancels all equity interests in the Debtors, Mr. Rhynes' objection is an objection to Confirmation that should not be considered at this time.<br><br>Currently, section VIII.C.4 of the Disclosure Statement provides that all Interests will be cancelled on the Effective Date and Holders of Interests will not receive or retain any property on account of such Interests. Revised Disclosure Statement, p. 40. |
| 11. d. | 4927 | Antor Media Corp. | Antor Media does not appear to be objecting to the Disclosure Statement. Rather, Antor Media indicates that it will inform Debtors when its patent emerges from the re-examination process such that it's claim may be reconciled and liquidated. | **The Plan Proponents have contacted Antor Media and believe the objection has been resolved.** To resolve the objection, the Plan Proponents have inserted the following language in section IX.A of the Disclosure Statement:<br><br>Antor Media Corporation filed a Response and Objection to Debtor's Disclosure Statement (Docket No. 4927; the "Antor Media Objection"). In the Antor Media Objection, Antor Media asserts that it brought a suit for infringement of a patent against certain parties, including Circuit City, which suit is stayed pending reexamination of the patent. Antor Media Corporation further asserts that the claim on account of such litigation is disputed and unliquidated. The Plan Proponents do not have information sufficient to form an opinion as to the truth of Antor Media's assertions and thus dispute such assertions in their entirety.<br><br>Revised Disclosure Statement, p. 65. |

1

| AGENDA ITEM NO. | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | PROPOSED DISCLOSURE STATEMENT/PLAN MODIFICATIONS |
|---|---|---|---|---|
| 11. e. | 4944/ 4995 | Longacre Opportunity Fund, LP | The Disclosure Statement does not contain adequate information concerning the timing of payment of Administrative Claims.  . | Currently, section VIII.C.1. of the Disclosure Statement provides information concerning the timing of payment of Administrative Claims. See Disclosure Statement, p. 35-36. The Plan Proponents have revised the Disclosure Statement to take into account revisions to the Plan set forth below. |
|  |  |  | The Disclosure Statement cannot be approved because the Plan is unconfirmable on the basis that the Plan does not provide for payment of allowed Administrative Claims on the Effective Date of the Plan. | This is an objection to Confirmation that should not be considered at this time. Notwithstanding the foregoing, and without waiving any rights, the Plan Proponents have revised Article III.A.1. of the Plan to provide for the payment of Administrative Claims on the Effective Date by removing the struck-through language below: Except as otherwise provided herein, and subject to the requirements of this Plan, on, or as soon as reasonably practicable after, the earlier of (a) the Distribution Date immediately following the date an Administrative Claim becomes an Allowed Administrative Claim or (b) the date that is ninety (90) days after the date on which such Administrative Claim becomes an Allowed Administrative Claim, a Holder of an Allowed Administrative Claim shall receive, to be paid out of the Liquidating Trust, in full and final satisfaction, settlement and release of and in exchange for such Allowed Administrative Claim, (a) Cash equal to the unpaid portion of such Allowed Administrative Claim or (b) such other treatment as to which such Holder and the Debtors and/or the Liquidating Trustee shall have agreed upon in writing; provided, however, that Allowed Administrative Claims with respect to liabilities incurred by a Debtor in the ordinary course of business during the Chapter 11 Cases may be paid in the ordinary course of business in accordance with the terms and conditions of any agreements relating thereto (i) prior to the Effective Date, by the Debtors and (ii) subsequent to the Effective Date, by the Liquidating Trustee. ~~Notwithstanding the foregoing, or anything to the contrary in the Plan, no Distributions shall be made to the Holder of any Allowed Administrative Claim unless either (a) the Liquidating Trust has sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Administrative Claims or (b) the Liquidating Trust Oversight Committee consents to all or any portion of such Distribution.~~ Administrative Claimholders will be paid in full on account |

| AGENDA ITEM NO. | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | PROPOSED DISCLOSURE STATEMENT/PLAN MODIFICATIONS |
|---|---|---|---|---|
| | | | | of their Claims and are not entitled to vote on the Plan.<br><br>First Amended Plan of Liquidation, p. 13.<br><br>In addition, the Plan Proponents have revised article VIII.A.5 of the Plan to include the following condition to Confirmation<br><br>   The Creditors' Committee shall have determined, in its reasonable judgment, that the Liquidating Trust will have sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Administrative Claims that the Creditors' Committee believes will ultimately become Allowed.<br><br>First Amended Plan of Liquidation, p. 30. |
| | | | The Disclosure Statement cannot be approved because the Plan is unconfirmable on the basis that holders of Administrative Claims are impaired, but not entitled to vote on the Plan. | This is an objection to Confirmation that should not be considered at this time.<br><br>The Plan does provide for payment of Administrative Claims in full. |
| 11. f. | 4948/ 4968 | Michael Cullen | Mr. Cullen objects to the Disclosure Statement because he mistakenly believes he is a debtor and that his identity has been stolen. | The Plan Proponents have attempted to contact Mr. Cullen to explain the Disclosure Statement and to address his concerns. |
| 11. g. | 4977/ 4999 | DIRECTV | The Plan should not impair DIRECTV's rights asserted in its Motion of DIRECTV, Inc. for Relief From the Automatic Stay to Effect Setoff and Memorandum of Points and Authorities in Support Thereof, particularly DIRECTV's alleged setoff right. | **The Plan Proponents have contacted DirecTV and believe the objection has been resolved.** To resolve the objection, the Plan Proponents have inserted the following language in section IX.B of the Disclosure Statement:<br><br>   DIRECTV, Inc. has filed a Limited Objection to Debtors' Plan and Disclosure Statement (Docket No. 4977), objecting to the approval of the Disclosure Statement to the extent that the Plan may be interpreted to affect the rights asserted by DIRECTV in its Motion of DIRECTV, Inc. for Relief From the Automatic Stay to Effect Setoff and Memorandum of Points and Authorities in Support Thereof (Docket No. 2082). The Debtors have objected to DirecTV's Motion (Docket No. 2331), but are currently working to resolve issues raised in DIRECTV's Motion. Notwithstanding anything to the contrary the Disclosure Statement, the Debtors and DIRECTV each reserve any and all of their respective rights with respect to the issues raised in DIRECTV's Motion and the Plan. |

| AGENDA ITEM NO. | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | PROPOSED DISCLOSURE STATEMENT/PLAN MODIFICATIONS |
|---|---|---|---|---|
| | | | | Revised Disclosure Statement, p. 65-66. |
| 11. h. | 4980/ 5004 | Schimenti Construction Company, LLC | The Disclosure Statement cannot be approved because the Plan is unconfirmable on the basis that the Plan purports to transfer funds allegedly held by the Debtors in trust for Schimenti Construction to the Liquidating Trust free and clear of all liens, the Plan prohibits Schimenti Construction from attempting to collect such funds from the Debtors and the Disclosure Statement should provide a description of a mechanism for Schimenti Construction to preserve its alleged right to payment of funds allegedly held by the Debtors in trust. | **The Plan Proponents have contacted Schimenti Construction and believe the objection has been resolved.** To resolve the objection, the Plan Proponents have inserted the following language in section IX.C of the Disclosure Statement:<br><br>Schimenti Construction Company, LLC ("Schimenti") has filed an objection to the Disclosure Statement (Docket. No. 4980) asserting that the Debtors hold certain funds in trust for Schimenti, which funds are not property of the Debtors' estates and cannot be transferred to the Liquidating Trust pursuant to the Plan. The Plan Proponents disagree with Schimenti. Schimenti and the Plan Proponents hereby reserve any and all rights.<br><br>Nothing in the Disclosure Statement shall preclude Schimenti from filing an adversary proceeding against the Debtors and the Liquidating Trust seeking to establish that certain funds in the possession of the Debtors, and after the Effective Date the Liquidating Trust, are not property of the Debtors' bankruptcy estate and are being held in trust pursuant to various agreements by and between the Debtors and Schimenti and applicable law. Schimenti and the Debtors reserve any and all rights with respect to the foregoing, including (without limitation) Schimenti's alleged right to payment of funds allegedly held by the Debtors in trust and the treatment of those rights in the Plan.<br><br>Revised Disclosure Statement, p. 66. |
| 11. i. | 4981/ 5003 | Generation H One LP, et al. | Joins in the Longacre Opportunity Fund, LP objection (Agenda Item No. 4). | The Plan Proponents repeat the responses set forth above as if fully set forth here. |
| | | | The Disclosure Statement does not contain adequate information because disclosure with respect to substantive consolidation is insufficient. In particular, a review of the schedules filed by various Debtors show disparity in the asset-to-liability ratio among the Debtors, with at least one Debtor close to solvency, such that substantive consolidation will be materially detrimental to at least one group of unsecured claims. | To the extent that the objectors object to substantive consolidation, the objection is an objection to Confirmation that should not be considered at this time.<br><br>Notwithstanding the foregoing and without waiving any rights, currently, the section VIII.B. of the Disclosure Statement provides a detailed discussion of substantive consolidation. Revised Disclosure Statement, p. 32-35. |

| AGENDA ITEM NO. | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | PROPOSED DISCLOSURE STATEMENT/PLAN MODIFICATIONS |
|---|---|---|---|---|
| | | | | In addition, the Plan Proponents have revised the substantive consolidation discussion to include the bolded language set forth below: <br><br> While these analyses necessarily relied on the use of significant high-level assumptions, the analyses suggest that recoveries would be similar for the substantially all of the Debtors' Creditors either on a consolidated or non-consolidated basis. However, the process of disentangling the Estates would be both time consuming and extremely costly, **assuming the Estates could be disentangled. The Plan Proponents believe that substantive consolidation is in the best interest of the Debtors' Estates and parties in interest.** <br><br> Revised Disclosure Statement, p. 35. |
| | | | The Disclosure Statement should provide further explanation or summary of the Plan Proponents' analysis supporting substantive consolidation. | The Plan Proponents repeat the responses set forth above as if fully set forth here. <br><br> Notwithstanding the foregoing and without waiving any rights, the Plan Proponents have inserted the following in section IX.D. of the Disclosure Statement: <br><br> Generation H One LP and certain other of the Debtors' landlords (the "Objecting Landlords") objected to approval of the Disclosure Statement (Docket. No. 4981) on the basis that the Disclosure Statement does not provide sufficient analysis supporting substantive consolidation. The Plan Proponents disagree with the Objecting Landlords' objection. Moreover, the Debtors believe that the objection was not properly presented and should be considered at Confirmation. The Objecting Landlords may request discovery with respect to substantive consolidation prior to Confirmation in accordance with applicable law. The Plan Proponents reserve any and all rights. <br><br> Revised Disclosure Statement, p. 66. |
| | | | The Disclosure Statement should contain an analysis of effect of substantive consolidation on holders of guarantees. | The Plan Proponents repeat the responses set forth above as if fully set forth here. <br><br> Currently, section VIII.B. of the Disclosure Statement provides that all Claims |

5

| AGENDA ITEM NO. | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | PROPOSED DISCLOSURE STATEMENT/PLAN MODIFICATIONS |
|---|---|---|---|---|
| | | | | based upon guarantees will be released and of no further force and effect. Revised Disclosure Statement, p. 35. Furthermore, section G of the Introduction to the Disclosure Statement provides an estimate of recoveries to holders of general unsecured claims. Revised Disclosure Statement, p. viii-ix.<br><br>Notwithstanding the foregoing, and without waiting any rights, the Plan Proponents have inserted the following in section VIII.B. of the Disclosure Statement:<br><br>As a result, a Holder of a Claim against one Debtor for an obligation and a Claim against another Debtor on account of a guarantee of such obligations shall be entitled to a Distribution on account of the Claim associated with the underlying obligation, but no Distributions on account of the Claim for the guarantee.<br><br>Revised Disclosure Statement, p. 35. |
| 11. j. | 4983 | Henrico County, VA | The Disclosure Statement should not be approved unless the Plan provides that Henrico's first priority secured tax and utility claims be paid and mandated in sections 503, 506, 507, 511, 1129 and under Virginia law. | This is an objection to Confirmation that should not be considered at this time.<br><br>Notwithstanding the foregoing and without waiving any rights, the Plan Proponents assert that they will demonstrate at the Confirmation Hearing that the Plan will comply with all applicable law with respect to the payment of Claims and Distributions made pursuant to the Plan. |
| 11. k. | 4979/ 5002 | Bethesda Softworks LLC | Joins in the Longacre Opportunity Fund, LP objection (Agenda Item No. 4). | The Plan Proponents repeat the responses set forth above as if fully set forth here. |
| | | | The Disclosure Statement should state whether the Debtors intend to assert that Bankruptcy Code section 502(d) applies to the allowance of administrative claims, including claims asserted under Bankruptcy Code section 503(b)(9), as well as general unsecured claims. | The Plan Proponents should not be required to disclose legal strategies in the context of the Disclosure Statement as such strategies are protected by the attorney-client privilege, work-product privilege, and other applicable privileges.<br><br>Notwithstanding the foregoing, and without waiving any rights, the Plan Proponents note that Article III.F. of the Plan sets out the scope of the Liquidating Trustee's use of section 502(d). First Amended Plan of Liquidation, p. 16. |
| | | | The Disclosure Statement should state whether the Debtors intend to allow or pay any administrative expenses prior to the Effective Date and, if so, to whom | Without waiving any of their rights, the Plan Proponents have inserted the following in section VII.F.3. of the Disclosure Statement |

| AGENDA ITEM NO. | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | PROPOSED DISCLOSURE STATEMENT/PLAN MODIFICATIONS |
|---|---|---|---|---|
| | | | and in what amounts. | The Debtors will continue to pay ordinary course administrative expenses to those Creditors that provide ongoing services to the Debtors in the ordinary course of their business, including (without limitation), the Debtors' lessors of real and personal property, service providers, officers and employees, professionals, retained under section 327, 328 or 1003, and Kurtzman Carson Consultants, LLC, as claims, noticing and balloting agent; provided, however, that all parties reserve the right to object to payment of such ordinary course administrative expenses. General information concerning the amount owed to such parties as of the date hereof is available in publicly filed court documents, which are made available at www.kccllc.net/circuitcity.<br><br>Additionally, the Debtors will comply with all Bankruptcy Court orders concerning allowance or payment of administrative expenses.<br><br>The Debtors reserve their rights to seek court approval of consensual orders or stipulations concerning the allowance or payment of administrative expenses on a case-by-case basis.<br><br>Revised Disclosure Statement, p. 31. |
| | | | The Disclosure Statement should state the month and year in which the Effective Date is anticipated to occur. | Without waiving any of their rights, the Plan Proponents have inserted the following in section VIII.J.2. of the Disclosure Statement<br><br>The Confirmation Hearing is currently scheduled for [_____], 2009. The Effective Date cannot occur before such date. In order for the Effective Date to occur, the conditions set forth in article VIII.B. of the Plan must occur. The Plan Proponents do not have sufficient information at this time to estimate when such conditions will be satisfied.<br><br>Revised Disclosure Statement, p. 59. |
| | | | The Disclosure Statement should state whether the time periods and procedures associated with allowance and payment of Bankruptcy Code section 503(b)(9) claims are necessary. | Currently, section G of the Introduction to the Disclosure Statement provides a description of treatment of Administrative Claims. Revised Disclosure Statement, p. v. |

| AGENDA ITEM NO. | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | PROPOSED DISCLOSURE STATEMENT/PLAN MODIFICATIONS |
|---|---|---|---|---|
| | | | | Without waiving any of their rights, the Plan Proponents have inserted the following in section G of the Introduction of the Disclosure Statement<br><br>Article III of the Plan provides for time periods and procedures with respect to the objections to and allowance of Claims, including (without limitation) Administrative Claims. The time periods and procedures are necessary to permit the Liquidating Trustee an adequate opportunity to review, reconcile and resolve all Administrative Claims filed against the Debtors' Estates.<br><br>Revised Disclosure Statement, p. v. |
| | | | The Disclosure Statement should state whether the Plan deems a Bankruptcy Code section 503(b)(9) claim is disputed, even if an objection has not been filed. | Currently, section G of the Introduction of the Disclosure Statement provides a description of the treatment of Administrative Claims, including 503(b)(9) Claims, under the Plan. Revised Disclosure Statement, p. v.<br><br>In addition, section VIII.C.7. of the Disclosure Statement currently provides that the Liquidating Trustee will only make Distributions to Holders of Allowed Claims; provided, that that if the only dispute regarding a Disputed Claim is to the amount of the Disputed Claim, the Holder of a Disputed Claim shall be entitled to a Distribution on account of that portion of the Disputed Claim which the Liquidating Trustee does not dispute. Revised Disclosure Statement, p. 40-41.<br><br>Without waiving any of their rights, the Plan Proponents have inserted the following in section G of the Introduction of the Disclosure Statement:<br><br>A Claim, including a 503(b)(9) Claim, is a Disputed Claim unless it has been Allowed pursuant to the Plan.<br><br>Revised Disclosure Statement, p. v. |
| | | | The Disclosure Statement should state whether payment in full of Administrative Claims is dependent upon collection of accounts receivable or the collection of proceeds from causes of action. | This is an objection to Confirmation that should not be considered at this time.<br><br>Notwithstanding the foregoing, the Plan Proponents assert that at Confirmation they will demonstrate that the Plan complies with all requirements of the Bankruptcy Code and the Bankruptcy Rules with respect to payments and distributions. |

8

| AGENDA ITEM NO. | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | PROPOSED DISCLOSURE STATEMENT/PLAN MODIFICATIONS |
|---|---|---|---|---|
| 11. l. | N/A | Treasurer of Douglas County, CO | The Plan should not allow the Liquidating Trustee to pay Class 1 Miscellaneous Secured Claims without regard to differences in priority among such Claims, incorrectly asserts that holders of Class 1 Claims are unimpaired, should provide that Class 1 Claims will be paid in order of their lien priorities, and should provide that interest will be paid at the statutory interest rate under state law as required by Bankruptcy Code section 506(b) and 511. | This is an objection to Confirmation that should not be considered at this time.<br><br>Notwithstanding the foregoing and without waiving any rights, the Plan Proponents assert that they will demonstrate at the Confirmation Hearing that the Plan will comply with all applicable law with respect to the payment of Claims and Distributions made pursuant to the Plan. |
| 11. m. | N/A | Peter Gresens, et al. | The Disclosure Statement should provide more information with respect to whether the Debtors intend to object to employees' Claims under the Debtors' retention plans and whether such Claims are Administrative Claims. | This is an objection with respect to Claims reconciliation should not be considered at this time. |

9