UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>Circuit City Stores, Inc. et al.,<br><br>　　　　　Debtors. | ) Chapter 11<br>)<br>) Case No. 08-35653 (KRH)<br>) Jointly Administered<br>)<br>) **Hearing Date/Time: October 7, 2009**<br>) **2:00p.m. (Eastern Time)** |

**CREDITOR CITY OF CHESAPEAKE TREASURER'S OFFICE RESPONSE TO DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (REDUCTION OF CERTAIN PERSONAL PROPERTY CLAIMS)**

## I. INTRODUCTION

Creditor City of Chesapeake Treasurer's Office (City of Chesapeake) files this response to Debtors' Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Personal Property Tax Claims) (the "Objection"), which was filed on August 24, 2009. The Debtors' objection to City of Chesapeake's claim is without merit, and the Court should allow the claim as filed. The amount of the claim is presumed correct; and the Debtors' generic and factually unsupported objections are insufficient to overcome that presumption.

## II. BACKGROUND

The City of Chesapeake is an independent municipal corporation and political subdivision of the Commonwealth of Virginia. As part of its governmental function and in accordance with Title 58.1 of the Code of Virginia, 1950, the City of Chesapeake assesses and collects ad valorem personal property taxes.

Wendy M. Roenker, Esquire
Counsel to the Treasurer
City of Chesapeake
P.O. Box 16495
Chesapeake, VA 23328-6495
(757) 382-6468/ FAX (757) 382-8145
Attorney for City of Chesapeake, Virginia

The Debtors operated two stores within Chesapeake City limits located at 4107 Portsmouth Boulevard and 1589 Crossways Boulevard. In accordance with Virginia law ad valorem property taxes were assessed in the amount of $16,622.33 against the Debtors' personal property located in those stores. These taxes are reflected in City of Chesapeake's Proof of Claim No. 118742 filed with this court on March 20, 2009.

The Debtors ask this Court to determine the assessed value of their personal property under 11 U.S.C. §505, seeking to reduce the amount of the City of Chesapeake's claim to $5,255.04.

### III. ARGUMENT

A proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes *prima facie* evidence of the validity and the amount of the claim. BR 3001(f). In addition, under state law for judicial review of assessments, the burden is on the taxpayer to prove the erroneousness of the assessment. VA. CODE ANN. §58.1-3984 (1950). The taxpayer must also pass the court's test as to whether the error was caused by the taxpayer's willful failure or refusal to furnish the necessary information to the assessing authority, as required by law. VA. CODE ANN. 58.1-3987 (1950).

Therefore, for this Court to order that the amount the City of Chesapeake's claim be reduced the Debtors must demonstrate that the claim amount is incorrect, that their asserted amount is correct and that they did not willfully fail or refuse to provide this correct assessment to the proper authorities.

The Debtors offer no admissible evidence in support of their asserted "correct" claim amount or the Objection in its entirety (i.e. declaration of expert or property valuation reports). The Debtor simply asserts that the "Claims are overstated in amount given the value of the

personal property that is the subject of the personal property taxes." Objection at 6.  The Objection apparently applies equally and to all claims to which the Debtor objects failing to account for the particular taxing and valuation methodologies of each of the taxing authorities.

If the Debtors had a good faith belief that the personal property taxes assessed by the City of Chesapeake were based on an erroneous assessment, they could have filed an administrative appeal with the City of Chesapeake Commissioner of Revenue and further with the Virginia Tax Commissioner if necessary. VA. CODE ANN. 58.1-3983.1 (1950). The Debtors have not provided an documentation to any taxing authority or this Court to prove an erroneous assessment.

The Debtors have not met the burden of proving that their tax liability accounting is correct or overcome the *prima facie* validity the City of Chesapeake's tax claim. In fairness to other city tax payers, the Debtors should not be allowed to reduce their tax liability by asserting conclusory statements without factual support.

### IV. **CONCLUSION**

For the reasons stated above, the Court should overrule the Debtors' objection to the City of Chesapeake's claim and allow the claim as filed.

CITY OF CHESAPEAKE TREASURER'S OFFICE

By /s/ Wendy M. Roenker  
Wendy M. Roenker, Esquire (VSB 47345)  
Counsel to the Treasurer  
City of Chesapeake  
P.O. Box 16495  
Chesapeake, VA 23328-6495  
(757) 382-6468  
wroenker@cityofchesapeake.net