IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 08-35653 |
| | ) | (JOINTLY ADMINISTERED) |
| CIRCUIT CITY STORES, INC. | ) | |
| | ) | |
| | ) | |
| DEBTORS | ) | CHAPTER 11 |

TRAVIS COUNTY'S RESPONSE TO
DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS
(REDUCTION OF CERTAIN PERSONAL PROPERTY TAX CLAIMS)

COMES NOW, Nelda Wells Spears, Travis County Tax Assessor Collector, on behalf of the following taxing authorities: Travis County, City of Austin, Austin Independent School District, Austin Community College, and Travis County Hospital District (hereinafter referred to as "Travis County") by counsel, and files this response to Debtors' Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Personal Property Tax Claims) and in support thereof would respectfully show the Court the following:

1.    On June 9, 2009, Travis County filed its Administrative Expense Proof of Claim, claim number 14423, in the amount of $121,008.34 for the 2009 ad valorem taxes.

Jeremy W. Martin (VSB #73183)
McCANDLISH HOLTON, P.C.
1111 East Main Street, Suite 1500
P.O. Box 796
Richmond, Virginia 23218
(804) 775-3683 (telephone)
(804) 775-7201 (facsimile)

2. In Debtors' Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Personal Property Tax Claims), the Debtors' assert that Travis County's Administrative Expense Proof of Claim is overstated as the claimant over estimated the value of the personal property subject to taxation. Particularly, the Debtor's objection seeks to reduce the amount of Travis County's Administrative Expense Proof of Claim from $121,008.34 to $59,603.60. As such, the Debtors are asserting that the personal property subject to taxation was overvalued by more than 50%.

3. Travis County hereby objects to such valuation and the Debtors proposed reduction of its claim on the grounds that the Debtor previously admitted that the assets had a higher value and on the grounds that the applicable period during which the Debtor could object to and/or otherwise challenge the valuation of the assets under state law has expired.

4. Pursuant to Section 22.01 of the Texas Property Tax Code, all property owners are obligated to provide a rendition statement setting forth all tangible personal property used for the production of income that is owned on January 1. The rendition statement contains: property owner's name, property owner's address, property description, estimate of the quantity of inventory, physical location of the property, and the property owner's good faith estimate of the property's market value.

5. In compliance with the applicable statutory provisions, the Debtors provided a rendition statement to the Travis Central Appraisal District in or around February 2009. In contrast to the allegations contained in the Debtors' objection, the total appraised value for the Debtors' personal property as set forth in the rendition statement was within 15% of the valuation used for the filing of Travis County's claim.

6. As such, the Debtors, by its filings with the Travis Central Appraisal District, previously admitted that that subject assets had a higher value they now assert in relation to the subject objection.

7. Moreover, under Chapter 41 of the Texas Property Tax Code, property owners are required to timely file a written notice of protest with the appropriate appraisal review board, if they wish to protest the appraised value of their property. Texas law further provides that the Property Tax Code's provisions for protesting valuations are exclusive. Adams v. Kendall County Appraisal District, 724 S.W.2d 871 (Tex. App.—San Antonio 1986, no writ).

8. Debtors filed a protest to the appraised value of its personal property with the appraisal review board (ARB). The ARB, a group of citizens authorized to resolve disputes between taxpayers and the appraisal district, acted as the independent judge. On or about July 21, 2009, the ARB ruled on the Debtors' protest and determined that the Travis Central Appraisal District had correctly valued the Debtor's personal property.

9. Under state law, the Debtors had a right to appeal the determination of the ARB to the district court. The time to appeal the decision of the ARB has now elapsed. The Debtors, however, failed to file an appeal. Pursuant to state law, the valuation approved by the ARB and utilized by Travis County to file its claim, is now final and non-appealable. As such, the Debtors cannot now attempt to reduce Travis County's claim for ad valorem taxes on the grounds that the Travis County overestimated the value of the underlying assets. See 11 USC § 505(a)(2)(C).

10. Therefore, Travis County is entitled to treatment as a priority claim pursuant to 11 U.S.C. §507(a)(7) based on the value determined by the Travis Central Appraisal District.

**WHEREFORE,** Travis County prays that the court deny Debtors' Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Personal Property Tax Claims), allow Travis County's Administrative Expense Proof of Claim, as filed, and award Travis County such other and further relief to which it may show itself justly entitled.

**Respectfully submitted,**

**Nelda Wells Spears, Travis County
Tax Assessor Collector**

By:   /s/ Jeremy W. Martin
Jeremy W. Martin (VSB #73183)
McCANDLISH HOLTON, P.C.
1111 East Main Street, Suite 1500
P.O. Box 796
Richmond, Virginia 23218
(804) 775-3683 (telephone)
(804) 775-7201 (facsimile)

Karon Y. Wright (admission pro hac vice pending)
Texas Bar No. 22044700
Travis County Attorney's Office
Collections Division
314 West 11th Street, Suite 420
Austin TX 78701
512/854-9568  Telephone
karon.wright@co.travis.tx.us

## CERTIFICATE OF SERVICE

I, Jeremy W. Martin, hereby certify that on September 23, 2009 a true and correct copy of the foregoing **Travis County's Response to Debtors' Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Personal Property Tax Claims)** was served by electronic transmission via EM/ECF or by regular, First-Class United States Mail, postage pre-paid on all parties required to receive notice, including the following:

**DEBTORS' ATTORNEY**

Skadden, Arps, Slate & Meagher & Flom, LLP
Gregg M. Galardi
Ian S. Fredericks
One Rodney Square, 7th Floor
P.O. Box 636
Wilmington, Delaware 19899-0636

Skadden, Arps, Slate & Meagher & Flom, LLP
Chris L. Dickerson
155 North Wacker Drive
Chicago, Illinois 60606

McGuirewoods, LLP
Dion W. Hayes
Douglas M. Foley
One James Center
901 E. Cary Street
Richmond, Virginia 23219

**TRUSTEE**

Robert B. Van Arsdale
Office of the United States Trustee
Richmond, Virginia Office
701 East Broad Street, Suite 4304
Richmond, VA 23219-1888

By: ___/s/ Jeremy W. Martin___
Jeremy W. Martin

Jeremy W. Martin (VSB #73183)
McCANDLISH HOLTON, P.C.
1111 East Main Street, Suite 1500
P.O. Box 796
Richmond, Virginia 23218
(804) 775-3683 (telephone)
(804) 775-7201 (facsimile)