Andrea Sheehan, Esq.
LAW OFFICES OF ROBERT E. LUNA, P.C.
4411 N. Central Expressway
Dallas, Texas 75205
(214) 521-8000
(214) 521-1738 FAX
sheehan@txschoollaw.com

A. Carter Magee, Jr., Esq.
W. Joel Charboneau, Esq.
Magee, Foster, Goldstein & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003
(540) 343-9800
(540) 343-9898 FAX
cmagee@mfgs.com
jcharboneau@mfgs.com

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| **In Re:** | § | **Chapter 11** |
| | § | |
| **CIRCUIT CITY STORES, INC., et al.** | § | **CASE NO. 08-35653-KRH-11** |
| | § | |
| | § | **Jointly Administered** |
| **Debtors.** | § | |
| | § | |

RESPONSE OF LEWISVILLE INDEPENDENT SCHOOL DISTRICT IN OPPOSITION TO
DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (REDUCTION OF
CERTAIN PERSONAL PROPERTY TAX CLAIMS) AND REQUEST FOR HEARING

TO THE HONORABLE BANKRUPTCY JUDGE:

NOW COMES Lewisville Independent School District (hereinafter referred to as "LISD"), and files their Response in Opposition to Debtors' Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Personal Property Tax Claims) and Request for Hearing and, in support thereof, would show the Court the following:

### BACKGROUND

1.    On or about June 19, 2009, LISD filed its administrative expense claim for business personal property taxes for the 2009 tax year in the estimated amount of $24,851.29 ("Claim") for property located at 715 Hebron Pky., Lewisville, Texas ("the Property").  A copy of the Claim is attached hereto as Exhibit A.  The claim asserted administrative priority under 11

U.S.C.A. §503(b)(1)(B). Furthermore, the claim is secured by a first priority, in solido statutory tax lien in accordance with Texas Tax Code § 32.01 and § 32.05.

      2.      LISD would note that its claim was filed in June 2009 in order to comply with the administrative claims bar date. Final 2009 taxes had yet to be determined or assessed and the claim was filed as an estimated claim. Under Texas law, tax appraisals and the determination of the taxable value of property is determined by local appraisal districts, not the taxing units themselves.[1] The Denton Central Appraisal District is the appraisal district encompassing LISD's taxing jurisdiction. The claim was based upon the preliminary values listed at that time by the Denton Central Appraisal District ($1,800,818.00) and the 2008 LISD tax rate ($1.38 per $100 value). However, it is LISD's understanding that the Debtors pursued a protest of the valuation at the state level that resulted in a subsequent change to the preliminary appraised value of the property. *See*, Exhibit B. Furthermore, LISD's 2009 tax rate was adopted subsequent to the filing of both LISD's estimated claim and the Debtors' Objection to that claim on August 26, 2009,[2] and the final 2009 tax bill has yet to be generated at this time.[3] Therefore, LISD reserves any and all rights to modify the amount of its claim based upon (1) the final tax bill for the 2009 tax year and (2) any changes to said tax amount brought about by any changes made or yet to be made by the Denton Central Appraisal District, including any supplemental changes.

---

[1] Under Section 25.01, by May 15 or as soon thereafter as practicable, the chief appraiser is required to prepare appraisal records listing all property that is taxable within its district and stating the appraised value of each. TEX. TAX CODE § 25.01(a). By July 25, the chief appraiser is required to prepare and provide a certified appraisal roll to each taxing unit participating in that district. *See,* TEX. TAX CODE § 26.01. The chief appraiser is also required to prepare and certify to the tax assessors a listing of properties which are under protest and therefore not included on the certified appraisal roll. *Id.*

[2] Following the preparation of the certified appraisal roll, the tax rate is set by the individual taxing units. The tax rate must be adopted before the later of September 30 or the 60th day after the date the certified appraisal roll is received from the appraisal district. *See,* TEX. TAX CODE § 26.05.

[3] Generally, in Texas, tax bills are not prepared until October 1 or as soon as practicable thereafter. *See,* TEX. TAX CODE § 31.01.

3.    On August 24, 2009, Debtors filed "Debtors' Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Personal Property Tax Claims)" (hereinafter "the Objection"). By the Objection, Debtors seek to reduce LISD's administrative claim from $24,851.29 to $14,475.22. Debtors assert the claims included in the Objection are "overstated in amount given the value of the personal property that is the subject of the personal property taxes." (Objection, p. 6.)

## ARGUMENT

1.    For the reasons set forth below, LISD opposes the relief sought in the Objection as it pertains to LISD's Claim, asserts that the relief should be denied, and requests that the matter be set for a hearing to the extent the parties are unable to consenually resolve the matter.

2.    Pursuant to Texas law, Debtors' liability for the 2009 taxes arose on January 1, 2009. *See*, TEX. TAX CODE § 32.07. Furthermore, a lien attached to Debtors' property to secure payment of all taxes, penalties, and interest ultimately imposed for the 2009 tax year on the Property. *See*, TEX. TAX CODE § 32.01. As a tax incurred by the estate on January 1, 2009, the tax is an administrative expense of Debtors' estate. *See*, 11 U.S.C. §503(b)(1)(B). The claim was properly and timely filed in accordance with the Notice of Deadline for Filing Administrative Expense Requests.

3.    While the Objection asserts that the Property on which the claim was based is overvalued, the Debtors have provided no evidence of excessive valuation. The Debtors state that they "have reviewed the Claims and submit that the Claims are overstated in amount given the value of the personal property that is the subject of the personal property taxes." Objection p. 6. However, the Debtors have failed to include any information regarding what they assert to be the proper value for any given property, including the LISD Property, or how they calculated the

proposed reduced tax amount listed in the Objection. Given that LISD had not even adopted a
tax rate at the time of the Objection, Debtors' asserted tax amounts must also be based on
estimates. Therefore, LISD would assert that the Objection was both premature and failed to
include sufficient information to support Debtors' proposed revised claim amount.

4.      LISD respectfully requests that the Court exercise its discretion under Bankruptcy
Code § 505 to abstain from redetermining the tax values as proposed by Debtors. A bankruptcy
court may abstain from hearing a request to redetermine taxes under § 505. It is within a court's
discretion under 28 U.S.C. § 1334(c)(1) and Bankruptcy Code § 505. *See, Metromedia Fiber
Network, Inc. v. Various State and Local Taxing Authorities*, 299 B.R. 251, 280 (Bankr.
S.D.N.Y. 2003).

5.      A court has such discretion to abstain from redetermining a debtor's tax liability
in particular where uniformity of assessment is of significant importance. *See, Id.* at 281-282
citing *New Haven Projects Ltd. Liability Co. v. City of New Haven, et al.*, 225 F.3d 283, 288 (2nd
Cir. 2000). The Debtors seek to have the Court redetermine tax values for numerous properties
taxed by dozens of taxing authorities across multiple states. Such determinations would need to
be made in accordance with each individual's state law. *See, e.g. Id.* at 282-283 (rejecting
"streamlined" unified approach to determining fair market value in multiple taxing jurisdictions).
As stated by the court in *Metromedia*:

> Local property taxation is inherently and quintessentially local in the sense that a
> fair allocation of the cost of government amongst the universe of local taxpayers
> is and must be a product of local political, legislative, executive and
> administrative decision making. The fundamental objective of taxation at the
> state and local level must be to apportion the tax burden equitably in accordance
> with the local political decision-making process.

> *Id.* at 282.

4

Debtors assert that the standards used to determine values were in accordance with each state's valuation standard. Objection p. 6. However, as noted above, Debtors have provided no information regarding its determination for any individual claim or property included in the Objection. Debtors provide general statements as to how they determined the asserted property values, but they have provided no specific information as to the LISD Property, including the asserted value itself. As such, Debtors have not provided any information supporting their assertion that their proposed value was determined in accordance with Texas law nor that their proposed value was determined in the same manner as valuations were determined by the local appraisal district for other taxpayers to ensure that there is uniformity of taxation for all taxpayers in LISD.

6.      In addition to concerns regarding uniformity of taxation, the Court should consider using its discretion to abstain from redetermining the taxes under § 505 as it is unclear if this Objection, as it pertains to LISD, even if succesful, would result in anything more than a de minimis benefit to the estate. Debtors already filed a valuation protest regarding the Property at the state level which resulted in a reduction of the 2009 value. *See*, Exhibit B. LISD assumes that certain administrative expenses were incurred in pursuing the protest at the state level and additional administrative expenses are being incurred in pursuing the Objection. However, even if successful, the Objection will likely result in a reduction of less than $10,000 in Debtors' tax liability to LISD.[4] Given the size of Debtors' bankruptcy estate, this would seem a de minimis amount. On the other hand, LISD will be required to incur expenses in the form of local counsel fees and expend further resources to litigate values determined at the local level by the appraisal

---

[4] This figure assumes a reduction in LISD's original estimated claim based upon the reduction in appraised value made following the Debtor's protest at the state level as reflected in the Order Determining Protest in the attached Exhibit B.

district, not LISD.  Therefore, LISD would assert that the prejudice to LISD would be great, while the benefit to the estate, if any, minimal.

7.      Overall, LISD asserts that the Debtors have failed to provide evidence in support of the Objection, and LISD requests that the Court exercise its discretion to abstain from redetermining the taxes under § 505 for the reasons discussed herein.  Should the parties be unable to resolve the matter consensually, LISD requests a hearing on the matter.

8.      Because there are no novel issues of law presented in the Objection or this Response, LISD requests that any requirement that this response be accompanied by a written memorandum of law be waived.

9.      As noted above, 2009 taxes are still in the process of being finally determined, 2009 tax bills have yet to be generated, and actions have continued at the state level within the last month between Debtors and the local appraisal district that could affect the ultimate 2009 tax amount.  However, best efforts have been used to compile information available at this time. LISD may supplement its response and/or provide additional information to Debtors as needed and as it becomes available to facilite any non-judicial resolution of its Claim.  Documentation and other evidence of the Claim has been attached hereto as Exhibits A and B.  Furthermore, LISD identifies the Debtors' Business Personal Property Rendition for 2009 and any other documentation provided by Debtors (or Debtors' agents) to the Denton Central Appraisal District regarding the 2009 tax year as documentation that may be used to support LISD's Response. LISD reserves any and all rights to supplement the attached information or designate additional information in support of this Response.    Steve Mossman, Denton County Tax Assessor / Collector, 1505 E. McKinney St., Denton, Texas 76209-4525, (940) 349-3500 is the tax collector for the Lewisville Independent School District and is the person responsible for the preparation

and mailing of 2009 tax bills for LISD.  The Denton Central Appraisal District, 3911 Morse Street, Denton, Texas 76028, (940) 349-3800 is the appraisal district responsible for appraising property for ad valorem tax purposes of each taxing unit that imposes ad valorem taxes in its district, including LISD.[5]

10.    Debtors should serve a reply to the Response, if any, to Andrea Sheehan, attorney for LISD, at 4411 North Central Expressway, Dallas, Texas 75205; Telephone (214) 521-8000; Facsimile (214) 521-1738; E-mail sheehan@txschoollaw.com.    Said counsel is also the representative of the claimant to be contacted regarding reconciling, settling or otherwise resolving the Objection.

WHEREFORE, PREMISES CONSIDERED, the Lewisville Independent School District respectfully requests that the Court set this matter for hearing, that the Objection be denied as it pertains to LISD, that the Court use its discretion to abstain from determining the 2009 taxes on the Property, and such other relief to which LISD may show itself justly entitled.

Respectfully submitted,
/s/ W. Joel Charboneau

W. Joel Charboneau, Esq. (VSB#68025)
Magee, Foster, Goldstein & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003
Phone: 540-343-9800
Fax: 540-343-9898

/s/ Andrea Sheehan
Andrea Sheehan
Texas State Bar No. 24002935
Law Offices of Robert E. Luna, P.C.
4411 North Central Expressway
Dallas, TX 75205
(214) 521-8000
(214) 521-1738  Facsimile

---

[5] It should be noted that the appraisal district its own political subdivision under state law.  *See*, TEX. TAX CODE § 6.01.

sheehan@txschoollaw.com

ATTORNEY FOR CREDITOR LEWISVILLE
INDEPENDENT SCHOOL DISTRICT

CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the above Response in Opposition to Debtors' Thirty-Seventh Omnibus Objection to Claims to Debtors counsel and any other parties on the electronic matrix via electronic notification, on September 24, 2009.

/s/ W. Joel Charboneau

U:\A CLIENTS\Lewisville Independent School District et al. 7868\02-Circuit City\Objection to Claim Lit\Circuit City Rsp to 505 obj to admin claim.doc

# EXHIBIT A

COPY

| United States Bankruptcy Court District of Delaware | | ADMINISTRATIVE EXPENSE CLAIM & REQUEST FOR ALLOWANCE PURSUANT TO §503(b) |
|---|---|---|
| In re: Circuit City Stores, Inc. | Case No. 08-35653-KRH-11 (Jointly Administered) | |
| Debtor:   CIRCUIT CITY STORES, INC. | Case No. 08-35653-KRH-11 | |

Name of Creditor (The person or other entity to whom the debtor owes money or property):     Lewisville Independent School District

Name and address where notices should be sent:
c/o Andrea Sheehan
Law Offices of Robert E. Luna, P.C.
4411 North Central Expressway
Dallas, Texas 75205                    (214) 521-8000

| Account or other number by which creditor identifies debtor: 915488DEN | Check here If this claim ☐ Replaces           A previously filed claim dated           ☐ Amends |
|---|---|

**1. Basis for Claim**
     Taxes – business personal property --   11 U.S.C.A. §503(b)(1)(B)

| 2. Date debt was incurred: 1/1/2009 | 3. If court judgment, date obtained: |
|---|---|

**4. Total amount of Claim:**  $24,851.29 (estimated)

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.  DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain.  If the documents are voluminous, attach a summary.

| Date:<br><br>6/18/09 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim:<br><br>Andrea Sheehan,<br>Attorney for Lewisville Independent School District |
|---|---|

**RECEIVED**

**JUN 1 9 2009**

**KURTZMAN CARSON CONSULTANTS**

PAGE:

LEWISVILLE I.S.D.                                                          TIME: 12:44

TAX OFFICE
ACCOUNT STATUS REPORT AS OF:  06/18/2009

ACCOUNT NUMBER: 915488DEN          PIDN : 915488DEN
OWNER:     CIRCUIT CITY STORES INC #4502    LEGAL: HEBRON                    000071
           PO BOX 42304-TAX DEPT                   PERSONAL PROPERTY - APPLIANCE
           RICHMOND, VA  23242-2304                STORE LOCATION: 715 HEBRON
                                                   PKY, LEWISVILLE

CLIENT STATUS:  B  -                                        ACRES:     0.000
ATTY STATUS: B      - 08-35653-KRH-11

-----------------------------------------------------------------------------
PENALTY AND INTEREST CALCULATION DATE:  11/10/2008
YEAR  ENTITY   TAXES DUE      PENALTY        INTEREST       ATTORNEY       TOTAL
2008   902      32,090.89        0.00           0.00          0.00       32,090.8

     TOTALS:    32,090.89        0.00           0.00          0.00       32,090.8


**2009 ESTIMATED TAXES:   $24,851.28**

## Property Details for account *915488*

## Tax Information

The Denton Central Appraisal District is not responsible for the
assessment or collection of taxes for this or any other property. If you
have a question regarding your tax bill, or would like to pay your tax
bill online, please contact the Denton County Tax Assessor / Collector.

## ARB Disclaimer

This account's value is still under review by the Appraisal Review Board.

## General Information

| | |
|---|---|
| Property ID | 915488 |
| Geograhic ID | P915488 |
| Legal Description | Personal Property - Appliance Store Location: 715 Hebron Pky, Lewisville |
| Situs Address | 715 Hebron Pkwy Lewisville, |
| Property Type | Personal |
| Agent ID | 718423 |
| Agent Name | Ernst & Young |
| Owner ID | 281849 |
| Owner Name | Circuit City Stores, Inc #4502 |
| Percent Ownership | 100 |
| Mailing Address | Po Box 42304-tax Dept Richmond, VA 23242-2304 |
| Taxing Jurisdictions | C12 (City Of Lewisville) |
| | G01 (Denton County) |
| | S09 (Lewisville Isd) |
| Exemptions | N/A |
| View Map | No maps available. |

## 2009 Values (Preliminary)

| | | |
|---|---|---|
| Improvement Homesite Value | (+) | $0 |
| Improvement Non-Homesite Value | (+) | $0 |
| Land Homesite Value | (+) | $0 |
| Land Non-Homesite Value | (+) | $0 |
| Agricultural Market Value | (+) | $0 |
| Timber Market Value | (+) | $0 |
| Total Market Value | (=) | $1,800,818 |
| Agricultural Use Reduction | (-) | $0 |
| Timber Use Reduction | (-) | $0 |
| Appraised Value | (=) | $1,800,818 |
| Homestead Cap What's this? | (-) | $0 |
| Assessed Value | (=) | $1,800,818 |

## Property History

| Year | Improvement(s) | Land | Appraised | Assessed |
|---|---|---|---|---|
| 2009 | $0 (Preliminary) | $0 (Preliminary) | $1,800,818 (Preliminary) | $1,800,818 (Preliminary) |
| 2008 | $0 | $0 | $2,325,427 | $2,325,427 |

| 2007 | $0 | $0 | $1,876,617 | $1,876,617 |
| 2006 | $0 | $0 | $2,272,065 | $2,272,065 |
| 2005 | $0 | $0 | $2,730,778 | $2,730,778 |
| 2004 | $0 | $0 | $2,384,242 | $2,384,242 |
| 2003 | $0 | $0 | $2,009,400 | $2,009,400 |
| 2002 | $0 | $0 | $1,952,236 | $1,952,236 |
| 2001 | $0 | $0 | $2,009,427 | $2,009,427 |
| 2000 | $0 | $0 | $2,021,215 | $2,021,215 |
| 1999 | $0 | $0 | $1,910,744 | $1,910,744 |
| 1998 | $0 | $0 | $2,223,125 | $2,223,125 |
| 1997 | $0 | $0 | $2,592,072 | $2,592,072 |
| 1996 | $0 | $0 | $2,912,441 | $2,912,441 |
| 1995 | $0 | $0 | $2,032,730 | $2,032,730 |

## Agent History

| Year | Agent ID | Agent Name |
|------|----------|------------|
| 2009 | 718423 | Ernst & Young |

## Senate Bill 541

In 2005, Texas passed Senate Bill 541, which prohibits the Denton Central Appraisal District -- and every other Appraisal District in the State of Texas -- from making photographs and floorplans of property available online. Exempted from the restriction will be aerial photographs of five or more separately owned buildings.

*You can read more about S.B. 541 here.*

[ Back to Search ]

# EXHIBIT B

## PROPERTY TAX - NOTICE OF PROTEST - 2009

| Appraisal district name | (Area code and number) |
|---|---|
| DENTON CENTRAL APPRAISAL DISTRICT | 940-349-3960 Metro 972-434-2602 |
| Address | www.dentoncad.com |
| PO BOX 50764  3911 MORSE STREET DENTON, TX 76206 | |

**INSTRUCTIONS:** If you want the appraisal review board to hear and decide your case, submit the written notice of protest with the appraisal review board (ARB) for the appraisal district that appraised the value you want to protest. If you are leasing the property subject to the protest, you must have a contract requiring you to pay the property taxes on the property.

**FILING DEADLINES:** The usual deadline for filing your notice (having it postmarked if you mail it) is midnight, May 31.

A different deadline will apply to you if:
- your notice of appraised value was postmarked after May 1;
- your protest concerns a change in the use of agricultural, open-space or timber land.
- the ARB made a change to the appraisal records that increases your tax liability and you received notice of the change;
- the appraisal district or the ARB was required by law to send you notice about a property and did not, or
- you had good cause for missing the May 31 protest filing deadline.

Your specific protest filing deadline is printed on the appraisal notice. The ARB will determine if good cause exists for missing a deadline. Good cause means that something beyond your control, such as a medical emergency, prevented you from meeting the deadline.

**WEEKENDS, HOLIDAYS:** If your deadline falls on a Saturday, Sunday or other legal holiday, it is postponed until midnight of the next working day.

**POSTPONEMENT:** You are entitled to one postponement of the hearing without showing a good cause if you have not designated an agent to represent you at the hearing. You are also entitled to postpone your hearing if you or your agent show reasonable cause for the postponement. You must request this postponement in the appraisal review board before the date of the hearing.

RECEIVED
JUN 16 2009
Business
Personal Property

**Step 1:** Owner's or lessee's last name, first name & initial
CIRCUIT CITY STORES, INC #4502
Appraisal district account number (optional)
Property ID  915488

Owner's or lessee's present mailing address (number & street, city, town or post office, state, zip code)

Daytime Phone (area code and number)          Evening Phone (area code and number)

**Step 2:** Give street address and city if different from above, or legal description if no street address.
715 HEBRON PKWY  LEWISVILLE  - PERSONAL PROPERTY - APPLIANCE STORE LOCATION  715
HEBRON PKY, LEWISVILLE

Mobile homes (Give make, model and identification number)

**Step 3: Check reason(s) for your protest**

- [x] Value is over market value.
- [ ] Appraised ratio exceeds median level of appraisal.
- [ ] Property should not be taxed in _____ (name of taxing unit)
- [ ] Failure to send required notice. _____ (type)
- [ ] Other:

- [ ] Exemption was denied, modified or cancelled.
- [ ] Change in use of land appraised as ag-use, open-space, or timber land.
- [ ] Ag-use, open-space or other special appraisal was denied, modified or cancelled.
- [ ] Owner's name is incorrect.
- [ ] Property description is incorrect.
- [ ] Property should not be taxed in this appraisal district or in one or more taxing units.

**Step 4: Give facts that may help resolve your case (continue on additional page if needed)**
Note: If you are protesting the appraised value and property was purchased within two years, attach verification of sales price.
What do you think your property's value is?  (Optional) $

**Step 5: Check to receive ARB hearing procedures.**
I want the ARB to send me a copy of its hearing procedures.
- [ ] Yes   [x] No
If your protest goes to a hearing, you will automatically receive a copy of the ARB's hearing procedures.

**Step 6: Sign the protest**
Signature:  Sonya S. Miles
Date:  6/11/09

If you would like your hearing scheduled between 5:00 PM-7:00 PM, please check here _____ (subject to availability)

**DENTON CENTRAL APPRAISAL DISTRICT**
3901 Morse St., P.O. Box 2816
Denton, Texas 76202-2816
940-349-3800
Fax Number: 940-349-3911

07/30/09

ERNST & YOUNG
ONES JAMES CARTER STE 1000
901 EAST CARY ST
RICHMOND, VA 23219

Account:    **VARIOUS**

Legal:    **ALL PROTESTED BUSINESS PERSONAL PROPERTY ACCOUNTS**

Dear Owner/Agent:

You filed a notice of protest on the above referenced account and you have been scheduled for a hearing. The date, time, and place of your hearing are as follows:

Date:    08/19/2009        Time:    8:40AM
Place:    3901 Morse Street, Denton, Texas

It is important that you be on time for your hearing. Hearings are scheduled at specific times and your protest may be dismissed if you fail to appear. Most hearings are completed in about 15 minutes.

If you do not want to attend the hearing, the law allows you to submit your evidence in the form of a sworn affidavit. The affidavit must state that you swear or affirm that the information it contains is true and correct, and you must execute it before a Notary Public or other public official who is authorized to administer oaths. If you decide to submit an affidavit, please make sure it identifies you as the property owner and your address, that it reflects the account number and property description shown above, and that it shows the date and time of the hearing. For an affidavit to be considered, **WE MUST RECEIVE IT AT THE HEARING LOCATION SHOWN ABOVE PRIOR TO THE TIME OF THE HEARING.** You may also have a representative or agent appear for you. This person must have written authorization to represent you.

Enclosed please find copies of Taxpayers' Rights, Remedies, and Responsibilities, and hearing procedures established by the Appraisal Review Board.

For your hearing, you should bring written evidence and/or documentation of value to support your protest. (Example - Contracts, Fee Appraisals, Damage Reports, Pictures, Deed, Repair Estimates, and Etc.) The appraisal district can furnish you with schedules and data used to appraise your property. If you have further questions, you may call Brittany Miller at 940-349-3952

* **PLEASE NOTE:**    **Failure to appear either in person, or by not sending a sworn affidavit containing evidence to support your protest, or by an authorized representative may jeopardize your right to appeal the appraisal review board's decision to district court.**

Donald Miller, Chairperson
Appraisal Review Board

Listed below are the accounts that are scheduled for 8-19-09

**Property Id – 533647          Owner – Circuit City Stores**
**            915488                      Circuit City Stores Inc #4502**

## INFORMATION FOR PROPERTY OWNERS
## FROM THE CHIEF APPRAISER

Please take notice in accordance with Tex. Tax Code 41.461 that you or your agent may inspect and obtain a copy of the data, schedules, formulas and other information which I or my designee plan to introduce at your hearing to establish any matter at issue.

To obtain such copies you or your agent must appear at the office of Denton Central Appraisal District during regular office hours and request same. Materials will not be mailed. There will be a charge, which must be paid before copies will be provided. The charge for copies provided in connection with a protest of the appraisal of residential property will not exceed $15.00. The maximum charge for each property other than residential property will not exceed $25.00. (Sales are available in hard copy and on the computer in the public access area, if you wish to review before your hearing at no cost.)

This material must be made available to you at least fourteen (14) days before your scheduled hearing. If you wish to have your hearing before then, you must waive the right to receive such information on a timely basis and you must also waive your right to fifteen (15) days notice of the hearing.

You may waive such rights by signing the enclosed copy of this document and returning it with the appropriate boxes checked. **YOU ARE REQUIRED TO WAIVE YOUR RIGHTS ONLY IF YOU DESIRE TO BE HEARD BEFORE THE DATE SCHEDULED IN THE ENCLOSED NOTICE.**

Also enclosed is a copy of the hearing procedures established by the Appraisal Review Board

> Joe Rogers
> **Chief Appraiser**
> **Denton Central Appraisal District**

(Check all boxes desired.)

[✓]  1.  I waive my right to inspect and receive a copy of the data, schedules, formulas and all the other information the Chief Appraiser plans to introduce during my hearing at least fourteen (14) days before my hearing.

[  ]  2.  I waive my right to receive notices of my hearing at least fifteen (15) days in advance. I acknowledge and agree to have my hearing _____, 20____ at _____ o'clock ___ m

*Charles A. Long*
_____
Property Owner / Agent

APPRAISAL REVIEW BOARD
FOR THE

DENTON CENTRAL APPRAISAL DISTRICT
P O BOX 2816
3911 MORSE STREET
DENTON, TX 76208

## 2009 NOTICE OF FINAL ORDER

ERNST & YOUNG
ONES JAMES CARTER STE 1000
901 EAST CARY ST
RICHMOND, VA 23219

CASE NO.: 44512
PROPERTY ID: 915488
PERSONAL PROPERTY - APPLIANCE STORE LOCATION: 715 HEBRON PKY, LEWISVILLE

THE APPRAISAL REVIEW BOARD HAS MADE A FINAL DECISION ON YOUR PROTEST. A COPY OF THE ORDER
DETERMINING THE PROTEST IS DISPLAYED BELOW.

YOU HAVE A RIGHT TO APPEAL THIS ORDER TO DISTRICT COURT OR REQUEST BINDING ARBITRATION (SEE
ENCLOSED INSTRUCTIONS). IF YOU APPEAL TO DISTRICT COURT, YOU SHOULD CONSULT AN ATTORNEY
IMMEDIATELY. YOU MUST FILE A PETITION WITH THE DISTRICT COURT WITHIN 60 DAYS OF THE DATE YOU
RECEIVE THIS NOTICE. REQUEST FOR BINDING ARBITRATION MUST BE FILED WITHIN 45 DAYS OF THE DATE
YOU RECEIVE THIS NOTICE. IF YOU DO APPEAL AND YOUR CASE IS PENDING, YOU MUST PAY THE AMOUNT OF
TAXES NOT IN DISPUTE OR THE AMOUNT OF TAXES DUE ON THE PROPERTY UNDER THE ARB ORDER,
WHICHEVER IS LOWER, TO EACH TAXING UNIT BEFORE TAXES FOR THE YEAR BECOME DELINQUENT.

## ORDER DETERMINING PROTEST

This notice protesting the action of the Denton Central Appraisal District set forth therein, being timely filed, was presented for a
hearing before the Appraisal Review Board on <u>August 19, 2009</u>

The notice was timely filed and the ARB had jurisdiction over the case. The board timely delivered written notice of the hearing date,
time and place to the protesting property owner. The property owner and the Chief Appraiser were given the opportunity to testify,
present evidence and present testimony. After reviewing the Notice of Protest and after hearing the testimony and evidence
presented, the board has determined with quorum present that the appraisal records are incorrect.

It is therefore ORDERED that the Chief Appraiser of the Denton Central Appraisal District correct the appraisal records in the
following manner to conform the records to the requirements of law:

New Market Value : $ 1,673,492

Total Assessed    : $ 1,673,492

Respectfully,

LINDA F. FRANKLIN, SECRETARY
APPRAISAL REVIEW BOARD

APPRAISAL REVIEW BOARD
FOR THE

DENTON CENTRAL APPRAISAL DISTRICT
P O BOX 2816
3911 MORSE STREET
DENTON, TX 76208

# 2009 NOTICE OF FINAL ORDER

CIRCUIT CITY STORES, INC #4502
PO BOX 42304-TAX DEPT
RICHMOND, VA 23242-2304

CASE NO.: 44512
PROPERTY ID: 915488
PERSONAL PROPERTY - APPLIANCE STORE LOCATION: 715 HEBRON PKY, LEWISVILLE

THE APPRAISAL REVIEW BOARD HAS MADE A FINAL DECISION ON YOUR PROTEST. A COPY OF THE ORDER
DETERMINING THE PROTEST IS DISPLAYED BELOW.

YOU HAVE A RIGHT TO APPEAL THIS ORDER TO DISTRICT COURT OR REQUEST BINDING ARBITRATION (SEE
ENCLOSED INSTRUCTIONS). IF YOU APPEAL TO DISTRICT COURT, YOU SHOULD CONSULT AN ATTORNEY
IMMEDIATELY. YOU MUST FILE A PETITION WITH THE DISTRICT COURT WITHIN 60 DAYS OF THE DATE YOU
RECEIVE THIS NOTICE. REQUEST FOR BINDING ARBITRATION MUST BE FILED WITHIN 45 DAYS OF THE DATE
YOU RECEIVE THIS NOTICE. IF YOU DO APPEAL AND YOUR CASE IS PENDING, YOU MUST PAY THE AMOUNT OF
TAXES NOT IN DISPUTE OR THE AMOUNT OF TAXES DUE ON THE PROPERTY UNDER THE ARB ORDER,
WHICHEVER IS LOWER, TO EACH TAXING UNIT BEFORE TAXES FOR THE YEAR BECOME DELINQUENT.

# ORDER DETERMINING PROTEST

This notice protesting the action of the Denton Central Appraisal District set forth therein, being timely filed, was presented for a
hearing before the Appraisal Review Board on  August 19, 2009

The notice was timely filed and the ARB had jurisdiction over the case. The board timely delivered written notice of the hearing date,
time and place to the protesting property owner. The property owner and the Chief Appraiser were given the opportunity to testify,
present evidence and present testimony. After reviewing the Notice of Protest and after hearing the testimony and evidence
presented, the board has determined with quorum present that the appraisal records are incorrect.

It is therefore ORDERED that the Chief Appraiser of the Denton Central Appraisal District correct the appraisal records in the
following manner to conform the records to the requirements of law:

New Market Value : $ 1,673,492

Total Assessed        : $ 1,673,492

Respectfully,

LINDA F. FRANKLIN, SECRETARY
APPRAISAL REVIEW BOARD

## Property Details for account *915488*

### Tax Information

The Denton Central Appraisal District is not responsible for the
assessment or collection of taxes for this or any other property. If you
have a question regarding your tax bill, or would like to pay your tax
bill online, please contact the Denton County Tax Assessor / Collector.

### General Information

| | |
|---|---|
| **Property ID** | 915488 |
| **Geograhic ID** | P915488 |
| **Legal Description** | Personal Property - Appliance Store Location: 715 Hebron Pky, Lewisville |
| **Situs Address** | 715 Hebron Pkwy Lewisville, |
| **Property Type** | Personal |
| **Agent ID** | 718423 |
| **Agent Name** | Ernst & Young |
| **Owner ID** | 281849 |
| **Owner Name** | Circuit City Stores, Inc #4502 |
| **Percent Ownership** | 100 |
| **Mailing Address** | Po Box 42304-tax Dept Richmond, VA 23242-2304 |
| **Taxing Jurisdictions** | C12 (City Of Lewisville) G01 (Denton County) S09 (Lewisville Isd) |
| **Exemptions** | N/A |
| **View Map** | No maps available. |

### 2009 Certified Values

| | | |
|---|---|---|
| **Improvement Homesite Value** | (+) | $0 |
| **Improvement Non-Homesite Value** | (+) | $0 |
| **Land Homesite Value** | (+) | $0 |
| **Land Non-Homesite Value** | (+) | $0 |
| **Agricultural Market Value** | (+) | $0 |
| **Timber Market Value** | (+) | $0 |
| **Total Market Value** | (=) | $1,673,492 |
| **Agricultural Use Reduction** | (-) | $0 |
| **Timber Use Reduction** | (-) | $0 |
| **Appraised Value** | (=) | $1,673,492 |
| **Homestead Cap** What's this? | (-) | $0 |
| **Assessed Value** | (=) | $1,673,492 |

### Property History

| Year | Improvement(s) | Land | Appraised | Assessed |
|---|---|---|---|---|
| 2009 | $0 | $0 | $1,673,492 | $1,673,492 |
| 2009 | $0 | $0 | $1,673,492 | $1,673,492 |
| 2008 | $0 | $0 | $2,325,427 | $2,325,427 |
| 2007 | $0 | $0 | $1,876,617 | $1,876,617 |
| 2006 | $0 | $0 | $2,272,065 | $2,272,065 |
| 2005 | $0 | $0 | $2,730,778 | $2,730,778 |
| 2004 | $0 | $0 | $2,384,242 | $2,384,242 |
| 2003 | $0 | $0 | $2,009,400 | $2,009,400 |
| 2002 | $0 | $0 | $1,952,236 | $1,952,236 |
| 2001 | $0 | $0 | $2,009,427 | $2,009,427 |

| 2000 | $0 | $0 | $2,021,215 | $2,021,215 |
| 1999 | $0 | $0 | $1,910,744 | $1,910,744 |
| 1998 | $0 | $0 | $2,223,125 | $2,223,125 |
| 1997 | $0 | $0 | $2,592,072 | $2,592,072 |
| 1996 | $0 | $0 | $2,912,441 | $2,912,441 |
| 1995 | $0 | $0 | $2,032,730 | $2,032,730 |

## Agent History

| Year | Agent ID | Agent Name |
|------|----------|------------|
| 2010 | 718423 | Ernst & Young |
| 2009 | 718423 | Ernst & Young |

## Senate Bill 541

In 2005, Texas passed Senate Bill 541, which prohibits the Denton Central
Appraisal District -- and every other Appraisal District in the State of
Texas -- from making photographs and floorplans of property available
online. Exempted from the restriction will be aerial photographs of five
or more separately owned buildings.

You can read more about S.B. 541 here.

[ Back to Search ]