Kevin A. Lake, Esquire (VSB# 34286)
VANDEVENTER BLACK LLP
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA 23218-1558
Tel: 804.237.8811
Fax: 804.237.8801
klake@vanblk.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
                                            :     **Chapter 11**
**In re:**                                  :
                                            :     **Case No. 08-35653 (KRH)**
**CIRCUIT CITY STORES, INC., et al.,**      :
                                            :     **(Jointly Administered)**
                    Debtors.                :
                                            :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PIMA COUNTY'S RESPONSE TO DEBTORS' THIRTY-SEVENTH OMNIBUS**
*OBJECTION TO CLAIMS*

COMES NOW secured creditor Pima County, by and through undersigned counsel, and, for the reasons stated below, respectfully requests the Court to deny Debtors' objection to its claim no. 14083 and to allow the claim in full.

1.      The claim at issue is a secured administrative claim for personal property taxes against Debtor Circuit City Stores West Coast for tax year 2009, in the amount of $7000 plus statutory interest.

2.      Debtors ask the Court to reduce the claim to $3,920.37, claiming that the value of the personal property securing the claim is overstated, according to the valuation conducted by Debtors' accountants using, with respect to equipment, "replacement costs…derived using current vendor costs to the Debtors," "personal interviews with used

1

equipment vendors…to determine the amount of accumulated depreciation," and other similar methods that have nothing whatsoever to do with the applicable valuation methodology provided by state law.

3. As legal support for the claim objection, Debtors cite sections 105(a), 502, and 505 of the Bankruptcy Code.

4. "Section 105(a) does not authorize the bankruptcy court to create substantive rights that are otherwise unavailable under applicable law, [nor does it] constitute a roving commission to do equity." *Stokes v. Firestone (In re Stokes)*, 198 B.R. 168, 175 (E.D. Va. 1996) (citing *United States v. Sutton,* 786 F.2d 1305 (5th Cir. 1986)) (internal quotations omitted); *see also Gold v. Eccleston (In re Dornier Aviation (N. Am.), Inc.)*, 320 B.R. 831, 839 (E.D. Va. 2005) (section 105(a) "does not allow a court to create new substantive rights").

5. Nor do Debtors identify any specific provision of section 502 that would authorize the reduction of Pima County's claim. Section 502(b) does provide that if an objection to a claim is made, the court "shall determine the amount of such claim." However, "[i]t is a general rule of statutory construction that a more specific statute covering a particular subject is controlling over a statutory provision covering the same subject in more general terms." *United States v. Sterling Consulting Corp. (In re Indian Motocycle Manuf. Co., Inc.)*, 261 B.R. 800, 810 (B.A.P. 1st Cir. 2001) (holding that administrative tax liability cannot be estimated under section 502(c), but must be determined according to section 505). Since section 505 governs specifically determinations of tax liability, Debtors' request to reduce Pima County's claim must be authorized by that section to be granted.

2

6. Section 505 specifically precludes the determination of "the amount or legality of any amount arising in connection with an ad valorem tax on…property of the estate, if the applicable period for contesting or redetermining that amount…has expired."  11 U.S.C. § 505(a)(2)(C).  Debtors, through Ernst and Young, filed administrative appeals of the valuation of their Pima County property for the 2009 tax year.  *See* Exhibit A attached hereto.  The appeals were denied on August 26, 2009.  Exhibit A.  Thereafter, Debtors had 20 days to appeal to the next level, the State Board of Equalization.  See Exhibit A, Arizona Revised Statutes (A.R.S.) § 42-19052.  Debtors failed to appeal, thus causing their right to challenge the 2009 valuation to expire.  *See United States v. Neary (In re Armstrong)*, 206 F.3d 465, 472 (5th Cir. 2000) (stating that while section 108 allows for a temporary extension of the statutes of limitation, it does not anticipate a permanent suspension of all statutes of limitation).  Accordingly, section 505(a)(2)(C) precludes the redetermination of Pima County's claim.

7. Moreover, the valuation methods used by Debtors to claim lower value contradict the approach prescribed by state law.

> Local property taxation is inherently and quintessentially local in the sense that a fair allocation of the cost of government amongst the universe of local taxpayers is and must be a product of local political, legislative, executive and administrative decision making. The fundamental objective of taxation at the state and local level must be to apportion the tax burden equitably in accordance with the local political decision-making process. Where some form or definition of market value is the touchstone for assessment, fair allocation among the tax base may depend more on the application to all affected taxpayers of uniform standards for assessing value than on an economist's ideal calculation of fair market value.

*In re Metromedia Fiber Network, Inc.*, 299 B.R. 251, 282 (Bankr. S.D.N.Y. 2003) (abstaining from exercising power granted by section 505 to determine local property

3

taxes). "The valuation of property for purposes of determining property taxes must be consistent with state law principles, as the valuation is merely part and parcel of the adjudication of the tax due and owing, a question controlled by state law . . ., the bankruptcy court gives full faith and credit to the law of the state upon which the tax is based." *In re Cable & Wireless USA, Inc.*, 331 B.R. 568, 579 (Bankr. D. De. 2005) (citing *In re A WB Assocs., G.P.*, 144 B.R. 270, 276 (Bankr. E.D. Pa. 1992)) (holding that "[e]ach State's assessment practice set by statute or otherwise is the acceptable method of valuation and assessment, and is presumed correct," and denying a section 505 motion for determination of local property taxes).

8. Debtors nominally attempt to comply with the principles set out in *Cable & Wireless* and *Metromedia* by asserting that the "standard used to determine the value is in accordance with each state's valuation standard." Yet what Debtors are in fact doing is precisely what was disapproved in the above cases—using the terminology utilized by the taxing authorities, e.g. "fair market value," but redefining it to suit their needs. For example, as applicable to Pima County's claims, Arizona law provides that "[t]he taxable value of personal property that is valued by the county assessor is the result of acquisition cost less any appropriate depreciation as prescribed by tables adopted by the department [of revenue]." A.R.S. § 42-13054(A).

9. By relying on "replacement costs…derived using current vendor costs to the Debtors" and "personal interviews with used equipment vendors…to determine the amount of accumulated depreciation," Debtors completely ignored the Arizona standards, and likely the standards of other states, in asking the Court for a revaluation of their property. This violates the basic principle of bankruptcy law that state law governs the

4

substance of claims, *see Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 20 (2000), as well as the holdings and analyses of courts, including the courts in *Cable & Wireless* and *Metromedia*, that have considered this issue before.  Accordingly, Debtors' objection to Pima County's claim must be denied for this reason as well.

WHEREFORE, Pima County respectfully requests that the Court deny Debtors' objection to its claim no. 14083, and allow the claim as secured in the full amount specified in the proof of claim together with any applicable statutory interest.

Dated this 24th day of September, 2009.

**VANDEVENTER BLACK LLP**

/s/ Kevin A. Lake
Kevin A. Lake, Esquire (VSB# 34286)
VANDEVENTER BLACK LLP
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA 23218-1558
Tel: 804.237.8811
Fax: 804.237.8801
klake@vanblk.com

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of September, 2009, I caused to be served a true and correct copy of Pima County's Response to Debtors' Thirty-Seventh Omnibus Objection to Claims to all parties receiving notice via ECF and via ECF and/or email on the following:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
P.O. Box 636
Wilmington, Delaware 19899-0636

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606-7120

Douglas M. Foley
Dion W. Hayes
McGuireWoods, LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
Attorneys for Debtors

/s/ Kevin A. Lake
Kevin A. Lake