Belkys Escobar, Assistant County Attorney
COUNTY OF LOUDOUN
ONE HARRISON STREET, S.E.
MSC #06
Leesburg, VA 20175-3102
Telephone:	(703) 777-0307
Telecopier:	(703) 771-5025

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

IN RE:

**CIRCUIT CITY STORES, Inc.**, *et al.*

*Debtors*

Case No. 08-35653-KRH
Chapter 11
Jointly Administered

### LOUDOUN COUNTY'S RESPONSE TO DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (REDUCTION OF CERTAIN PERSONAL PROPERTY TAX CLAIMS) AND REQUEST FOR ABSTENTION

The COUNTY of LOUDOUN, VIRGINIA, by counsel ("the County") files this Response to Debtors' Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Personal Property Tax Claims) (the Objection) with respect to the County's Administrative Expenses Claim dated May 28, 2009 and filed on June 1, 2009 and this Request for Abstention, and in support hereof states as follows:

### PRELIMINARY STATEMENT

1.  The Debtors filed for bankruptcy protection on November 10, 2008 (the "Petition Date").

2.  The Debtors are debtors in possession authorized to operate business pursuant to 11 U.S.C. §1107 and 11 U.S.C. §1108.

3. The County is a political subdivision of the Commonwealth of Virginia and is empowered to levy taxes on personal property situated therein. VA. CODE ANN. §58.1-3000.

4. Prior to the Petition Date, Debtors conducted business within the County in two locations: at 46301 Potomac Run Plaza, No. 120, Sterling, Virginia (the "Sterling Store") and at 536 Fort Evans Drive, NE, Leesburg, Virginia (the "Leesburg Store").

5. After the Petition Date, Debtors continued doing business within the County at the Sterling Store.

6. In accordance with Virginia law, *ad valorem* personal property taxes were levied on Debtors' personal property located in the Sterling Store for tax years 2008 (pre-petition) and 2009 (post-petition)[1].

7. Debtors paid the 2008 personal property taxes, totaling over $9,000, without protest.

8. On June 1, 2009 the County filed its Administrative Expense Claim and Request for Payment of Taxes dated May 28, 2009 ("The Administrative Expense Claim") requesting payment of (post-petition) 2009 taxes. Included in the County's Administrative Expense Claim is a request for payment of personal property taxes in the amount of $5,662.32[2]. These taxes were incurred by the

---

[1] January 1st of each year is the effective date of taxation for personal property under Virginia law. VA. CODE ANN. §58.1-3515.
[2] The total amount of the Administrative Expenses Claim -$28,853.19- includes $23,190.87 in business license taxes.

Debtors during the ordinary course of Debtors' business or financial affairs after the Petition Date. 11U.S.C. §1108.

9. The Administrative Expense Claim was timely filed on June 1, 2009, even though 11 U.S.C. §503(b)(C) specifically states that "a governmental unit shall not be required to file a request for the payment of an expense described in subparagraph (B)… as a condition of its being an allowed administrative expense."

10. As taxes incurred by the Debtors' estate after the Petition Date, the Administrative Expense Claim must be paid as provided under 11 U.S.C. §503(b)(1)(B), which states in pertinent part –

> "…After notice and a hearing, there shall be allowed administrative expenses…including…(B) any tax (i) incurred by the estate, whether secured or unsecured, including property taxes for which liability is in rem, in personam, or both…"

11. The Objection contests the Administrative Expense Claim with respect to the 2009 business personal property taxes (the "Taxes") and proposes to decrease the allowed amount from $5,662.32 to $1,304.60.

12. The Objection states that -

a. "(T)he Claims are overstated … given the value of the personal property that is the subject of the taxes". *Objection at 11.*

b. "(T)he standard used to determine the value is in accordance with each state's valuation standard…". *Objection at 12.*

4

  c. The value of the personal property should be determined based on "replacement costs … derived using current vendor costs to the Debtors."  *Objection at 13.*

  d. Accumulated depreciation and installation costs, determined by Debtors "(t)hrough personal interviews with used equipment vendors" should be deducted from the replacement costs.  *Objection at 14.*

## ARGUMENT

### I. Request for Abstention

A. <u>The Court should exercise its discretion under 28 U.S.C. §1334(c)(1) and 11 U.S.C. §505(a)(1) and abstain from hearing the Objection:</u>

  13. The U.S. Supreme Court has established the principles for abstention in bankruptcy cases since 1898 when it stated that, under proper circumstances, it is more appropriate to have a state court hear certain matters of state law, and that the bankruptcy court's proper exercise of its control over the bankruptcy estate "may, where the interests of the estate and the parties will best be served, lead the bankruptcy court to consent to submission to state courts." (See <u>Thompson v. *Magnolia Petroleum, Co.*</u>, *309 U.S. 478, 84 L. Ed. 876, 60 S. Ct. 628 (1940),* cited <u>In re Hospitality Ventures La Vista</u>, *314 B.R. 843 at 850).*

  14. In <u>Arkansas Corp. Comm'n v. Thompson</u>, *313 U.S. 132, 61 S. Ct. 888, 85 L. Ed. 1244 (1941)at 145*, the United States Supreme Court, addressing the "right and power of a federal bankruptcy court to revise and redetermine for

state tax purposes the property value of a [debtor] railroad…in reorganization under…the Bankruptcy Act" held:

> "There is nothing in the history of bankruptcy or reorganization legislation to support the theory that Congress intended to set the federal court up as super-assessment tribunals over state taxing agencies… And the policy of revising and determining state tax valuation… would be a complete reversal of our historic national policy of federal non-interference with the taxing power of states".

The principle enunciated by the U.S. Supreme Court that Congress did not intend the federal courts to serve as "super-assessment tribunals over state taxing agencies" is still good law.

15. In favor of abstention the County states that courts have developed a multi-factor test to determine whether to abstain from hearing a tax issue under 11 U.S.C. §505. Among those factors the Second Circuit Court of Appeals has stated that "…a bankruptcy court has the discretion to abstain from redetermining a debtor's tax liability where uniformity of assessment is of significant importance". (*See* In re New Haven Projects Ltd. Liability Co., *225 F3d. at 288*, cited in In re Metromedia Fiber Network, Inc., *299 B.R. 251 at 281 (SDNY, 2003))*. A bankruptcy court may also abstain depending on the (a) "extent to which [non-bankruptcy] law predominate over bankruptcy issues" and (b) "the burden on the bankruptcy court's docket". (*See* In re Portrait Corporation of America, Inc., *406 B.R. 637 at 641* (SDNY, 2009)*; see also* In re ANC Rental Corporation, *316 B.R. 153 at 159 (Del. 2004))*.

B. <u>The Court should abstain from determining local tax assessments in order to preserve the uniformity of tax assessments required by the Virginia Constitution.</u>

6

16. In the present case, where the assessment methodology is established by state law, uniformity of assessment would be at risk should the bankruptcy court apply national standards and not state law to the assessment of Debtors' assets within the County.

17. In their Objection, the Debtors admit that the standard used to determine value is in accordance with (Virginia) valuation standards (Objection at 12), but then ask this Court to use an assessment methodology that is contrary to Virginia law. Objection at 13.

18. Pursuant to Virginia Code Ann. §58.1-3503, the value of Debtors' taxable assets must be based upon actual cost (acquisition cost or original capitalized cost).

19. The Debtors assert in their Objection that the fair market value of the taxable assets should be calculated starting from their current replacement cost and not from their original cost (acquisition cost or original capitalized cost). Objection at 13.

20. If this Court uses the method urged by Debtors, then Debtors' assets within the County will be value differently from the assets of other businesses within the County, thus impairing the uniformity of assessment and taxation among taxpayers within the County, in violation of the Constitution of Virginia (article X, §1).

C. <u>The Court should abstain from determining local tax assessments because Debtors have proper forum within the state of Virginia.</u>

21. The availability of a non bankruptcy forum is a pre-requisite to the permissive abstention under §1334(c)(1). See In re Pan American Corp., 950 F. 2d 839 at 845 (2d. Circ., 1991); see also In re Hospitality Ventures La Vista, 314 B.R. 843 at 864 (GA, 2004).

22. Debtors have proper forum within the state courts of the Commonwealth of Virginia to resolve their differences with the County as to the 2009 valuation of their assets and the subsequent determination of their Taxes. Therefore, if the court abstains from hearing the Objection, such abstention will not preclude in any way the rights of the Debtors to appeal to the County or to Virginia state courts and seek remedy there.

23. VA. CODE §58.1-3983.1 states in pertinent part that "…any person assessed with any local business tax … may appeal such assessment within one year from the last day of the tax for which such assessment is made, or within one year from the date of such assessment, whichever is later, to the commissioner of the revenue…". VA. CODE §58.1-3984 indicates in pertinent part that "any person, assessed with local taxes,… may…(a) within three years from the last day of the tax year for which any such assessment is made… apply for relief to the circuit court of the county or city wherein such assessment was made…" The Taxes were incurred by Debtors in 2009 and therefore the Debtors may file an administrative appeal until the end of 2009, or may seek judicial remedy from the Loudoun County Circuit Court until the end of 2012. As of this date, the Debtors have not used any of these state law remedies.

D. The Court should abstain from determining local tax assessments based on the burden on the Court's docket.

24. In favor of abstention, the County also asserts that the determination of local tax assessment is extremely complex and extensively fact intensive. Each local jurisdiction has its own taxing methodology. As the Delaware court recognized –

> A "trial on this matter could be lengthy. The Court would need to hear evidence not only as to the Debtors' assets, but on the proper method of valuing these assets. Unlike other section 505 cases, the issue to be determined here is not simply whether the tax is due, but whether the proper method for determining what tax is due was used. Trial could require expert testimony by both sides as to the market value of the assets. This factor weighs in favor of abstention." (See *In re ANC Rental Corporation, 316 B.R. 153 at 159 (Del., 2004)*).

The burden to the bankruptcy court's docket is another factor that the court may consider in favor of abstention. *In re Portrait Corporation of America, Inc., 406 B.R. 637, at 642 (SDNY, 2009)*.

E. The Court should abstain from determining local tax assessments based on the significant prejudice to the County.

25. The County asserts in favor of abstention that there would be significant prejudice to the County if the Taxes were determined by this Court. The Administrative Expense Claim refers to post-petition taxes incurred by the Debtors. As administrative expense, the County did not have to file an application in order for the taxes to be paid (11 USC 503(C)). However, as the County filed its Administrative Expense Claim the County is forced to defend in federal court its assessment of value of assets of the Debtors that are (or were

located when assessed) within the County, while the Debtors have not even intent to exhaust the remedies for challenging the assessment offer by Virginia law. In addition to the geographic considerations (the tax assessor and the assets were located within the County when assessed) the determination by this Court could undermine the mandate of uniformity of assessment required upon the County by Article X, §1 of the Virginia Constitution.

F.  The Court should abstain from determining local tax assessments because assessment of property for tax purposes is a state law issue.

26.    The Objection, asserted under the umbrella of 11 U.S.C. §505, is based on state tax law, not federal law. "The valuation of property for purposes of determining property taxes must be consistent with state law principles, as the valuation is merely part and parcel of the adjudication of the tax due and owing, a question controlled by state law…". See Arkansas Corp. Commission v. Thompson, 313 U.S. 132, 142, 85 L. Ed. 1244, 61 S. Cr. 888 (1941).

27.    Debtors have not stated the federal right they are protecting with the Objection. The reduction of the assessment as proposed by the Debtors will benefit only the Debtors and their secured creditors, the DIP post-petition lenders and the secured pre-petition lenders, without significantly affecting the distribution to unsecured creditors.

II.    The Objection is improper, without merit and should be over-ruled

A.    The Objection is improper.

28.	Bankruptcy is different from other federal litigation. Given the high-volume of cases bankruptcy practitioners deal with, the detailed procedural mechanisms with specific notice, timing, and objection provisions for each type of action that the Bankruptcy Rules provide, the compressed schedule for filing and responding, and the severe consequences that the Rules place upon parties that fail to take a required step, bankruptcy practitioners and creditors need to be able to rely on the rules.

29.	The Objection seeks to reduce the amount and extent of the County's tax lien.  F.R.B.P 7001.

30.	Further, F.R.B.P. 3007(b) states that "[a] party in interest shall <u>not</u> include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim."

31.	Thus, in accordance with the Rules, the issues raised by Debtors' Objection should properly be filed as an adversary proceeding.

B.	<u>The Objection is without merit.</u>

32.	Pursuant to Va. Code Ann. §58.1-3983.1(B)(4) and §58.1-3984 the assessment made by the County's Commissioner of the Revenue is presumed correct and the taxpayer challenging an assessment must prove, by a preponderance of the evidence, that there was manifest error in the assessment.

33.	To overcome this presumption of correctness, the Debtors must apply Virginia law.  The "[u]se of nationwide appraisal standards is at variance

11

with each state's methodology, and thus is not an appropriate valuation method…To overcome the presumption of correctness of the County's assessment, the Debtors must apply Virginia state law, not national standards. <u>In re Cable Wireless USA, Inc.</u>, 331 B.R. 568 at 578-579 (Del. 2005).

34. Pursuant to Va. Code Ann. §58.1-3503(A)(17), the County <u>must</u> value Debtors' tangible personal property by means of a "percentage or percentages of <u>original cost</u>" [emphasis added]. The County then applies a percentage depreciation schedule to the original cost to obtain the assessed value from which the tax levy is calculated.

35. The County applies this methodology to all the taxpayers who own "tangible personal property employed in a trade or business" within the County (Va. Code Ann. §58.1-3503()A(17)), as required by the Virginia Constitution. "All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." Va. Const., art. X, §1.

36. The County applied the statutorily-mandated methodology to the assessment of Debtors' tangible personal property.

    a. The County's records show that the list of assets filed by Debtors in 2009 have a <u>total acquisition value of $852,156.</u>

    b. The County's records further show that the Debtors' tangible personal property subject to taxation as of January 1, 2009, had a <u>total 2009 assessed value of $134,817</u> – clearly demonstrating that the

depreciation schedule to arrive to a "percentage of original cost" was applied to the total asset value reported.

## CONCLUSION

For the reasons stated above, the Court should either abstain from hearing Debtors' Objection or overrule the Objection. In either case, the Court should allow the County of Loudoun's Administrative Expense Claim as filed.

                              The COUNTY of LOUDOUN, VIRGINIA
                              By counsel

JOHN R. ROBERTS
COUNTY ATTORNEY


By __/s/ *Belkys Escobar*_____
    Belkys Escobar (VSB #74866)
    Assistant County Attorney
    One Harrison Street, S.E.
    MSC #06
    Leesburg, Virginia  20175-3102
    Telephone:  (703) 777-0307
    Telecopier:  (703) 771-5025
    E-mail:  Belkys.Escobar@loudoun.gov

---

**NOTICE and CONTACT INFORMATION REQUESTED by DEBTORS:**

The address, telephone number, fax number, and electronic mailing address of the Assistant County Attorney to whom the attorneys for the Debtors should serve a reply to this Response (who is also the party to reconcile, settle or otherwise resolve the Objection on the County's behalf), is as follows:
    Belkys Escobar (VSB #74866)
    Assistant County Attorney
    One Harrison Street, S.E.
    MSC #06
    Leesburg, Virginia  20175-3102
    Telephone:  (703) 777-0307
    Telecopier:  (703) 771-5025
    E-mail:  Belkys.Escobar@loudoun.gov

Case 08-35653-KRH    Doc 5102    Filed 09/24/09    Entered 09/24/09 19:31:11    Desc Main
Document      Page 13 of 13
13

## CERTIFICATE OF MAILING

I hereby certify that a copy of the foregoing Notice was served on September 24, 2009 by ELECTRONIC MAIL through the Court's electronic filing system to the parties for whom electronic mail addresses are indicated below and by FIRST CLASS MAIL to the parties for whom postal mail addresses are indicated below:

**Daniel F. Blanks**
dblanks@mcguirewoods.com
*Counsel for Debtors*

**Robert B. Van Arsdale**
Robert.B.Van.Arsdale@usdoj.gov
*U.S. Trustee*

**McGuire Woods, L.L.P.**
One James Center
901 E. Cary Street
Richmond, VA 23219
Attn.: Dion W. Hayes
dhayes@mcguirewoods.com
Attn.: Douglas M. Foley
dfoley@mcguirewoods.com

**Skadden, Arps, Slate, Meagher & Flom, L.L.P.**
One Rodney Square
PO Box 636
Wilmington, DE 19899-0636
Attn: Gregg M. Galardi
Attn: Ian S. Fredericks

**Skadden, Arps, Slate, Meagher & Flom, L.L.P.**
155 North Wacker Drive
Chicago, Illinois 60606
Attn: Chris L. Dickerson

/s/ *Belkys Escobar*