**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re:                                        :        Chapter 11
                                              :
Circuit City Stores, Inc., <u>et al.</u>,     :        Case No. 08-35653 (KRH)
                                              :
                              Debtors.   :        (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**FIRST AMENDED JOINT PLAN OF LIQUIDATION OF CIRCUIT CITY STORES, INC.**
**AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION AND ITS OFFICIAL**
**COMMITTEE OF CREDITORS HOLDING GENERAL UNSECURED CLAIMS**

Gregg M. Galardi, Esq.                    Dion W. Hayes, Esq.
Ian S. Fredericks, Esq.                   Douglas M. Foley, Esq.
SKADDEN, ARPS, SLATE,                     MCGUIREWOODS LLP
MEAGHER & FLOM LLP                        One James Center
One Rodney Square                         901 E. Cary Street
P.O. Box 636                              Richmond, Virginia 23219
Wilmington, Delaware 19899-0636

– and –

Chris L. Dickerson, Esq.
Jessica S. Kumar, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606

*Counsel for the Debtors in Possession*


Richard M. Pachulski, Esq.
Jeffrey N. Pomerantz, Esq.               Lynn L. Tavenner, Esq.
Stanley E. Goldich, Esq.                 Paula S. Beran, Esq.
PACHULSKI STANG ZIEHL & JONES LLP        TAVENNER & BERAN, PLC
10100 Santa Monica Boulevard, 11th Floor 20 North Eighth Street, Second Floor
Los Angeles, California 90067-4100       Richmond, Virginia 23219

– and –

Robert J. Feinstein, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, NY 10017-2024

*Counsel for the Creditors' Committee*

Dated:  Richmond, Virginia
            September 24, 2009

# TABLE OF CONTENTS

Page

ARTICLE I DEFINED TERMS AND RULES OF INTERPRETATION ................................................................ 1
    A.    Rules of Construction ................................................................................................ 1
    B.    Definitions ................................................................................................................ 2
        1.1    503(b)(9) Claim ......................................................................................... 2
        1.2    Administrative Claim ................................................................................ 2
        1.3    Administrative Claims Objection Deadline ................................................ 2
        1.4    Affected Claimants ................................................................................... 2
        1.5    Allowed Claim .......................................................................................... 2
        1.6    "Allowed ... Claim" .................................................................................. 2
        1.7    Assets ....................................................................................................... 2
        1.8    Available Cash .......................................................................................... 3
        1.9    Avoidance Actions .................................................................................... 3
        1.10    Ballot ....................................................................................................... 3
        1.11    Bankruptcy Code ...................................................................................... 3
        1.12    Bankruptcy Court ..................................................................................... 3
        1.13    Bankruptcy Rules ..................................................................................... 3
        1.14    Business Day ............................................................................................ 3
        1.15    Case Interest Rate ..................................................................................... 3
        1.16    Cash ......................................................................................................... 3
        1.17    Causes of Action ...................................................................................... 3
        1.18    Chapter 11 Case(s) ................................................................................... 3
        1.19    Circuit City .............................................................................................. 3
        1.20    Claim ....................................................................................................... 3
        1.21    Claimholder ............................................................................................. 3
        1.22    Claims Agent ........................................................................................... 3
        1.23    Claims Objection Deadline ....................................................................... 3
        1.24    Class ........................................................................................................ 4
        1.25    Collateral ................................................................................................. 4
        1.26    Confirmation ............................................................................................ 4
        1.27    Confirmation Date .................................................................................... 4
        1.28    Confirmation Hearing ............................................................................... 4
        1.29    Confirmation Order .................................................................................. 4
        1.30    Consummation or Consummate ................................................................ 4
        1.31    Contingent ............................................................................................... 4
        1.32    Convenience Claim ................................................................................... 4
        1.33    Creditor ................................................................................................... 4
        1.34    Creditors' Committee ............................................................................... 4
        1.35    Debtor ...................................................................................................... 4
        1.36    Debtors .................................................................................................... 4
        1.37    DIP Agreements ....................................................................................... 4
        1.38    DIP Credit Agreement .............................................................................. 4
        1.39    DIP Facility ............................................................................................. 5
        1.40    DIP Lenders ............................................................................................. 5
        1.41    Disallowed ............................................................................................... 5
        1.42    Disclosure Statement ................................................................................ 5
        1.43    Disputed Claim ........................................................................................ 5
        1.44    Disputed ... Claim .................................................................................... 5
        1.45    Disputed Claim Amount ........................................................................... 5
        1.46    Distribution .............................................................................................. 6
        1.47    Distribution Date ...................................................................................... 6
        1.48    Distribution Record Date .......................................................................... 6
        1.49    Effective Date .......................................................................................... 6

1.50    Estate(s) ...................................................................................................6
1.51    Estate Claim ............................................................................................6
1.52    Exhibit ....................................................................................................6
1.53    Exhibit Filing Date .................................................................................6
1.54    Face Amount ...........................................................................................6
1.55    Final Administrative Claims Bar Date .....................................................6
1.56    Final Decree ............................................................................................6
1.57    Final DIP Order ......................................................................................6
1.58    Final Fee Applications ............................................................................6
1.59    Final Order ..............................................................................................6
1.60    Final Trust Distribution Date ..................................................................7
1.61    General Bar Date .....................................................................................7
1.62    General Unsecured Claim ........................................................................7
1.63    Global Plan Settlement ...........................................................................7
1.64    Global Plan Settlement Approval Order ..................................................7
1.65    Governmental Bar Date ..........................................................................7
1.66    Governmental Unit ..................................................................................7
1.67    Holdback Amount ...................................................................................7
1.68    Holder .....................................................................................................7
1.69    Impaired ..................................................................................................7
1.70    Indemnification Obligation .....................................................................7
1.71    Initial Administrative Claims Bar Date ...................................................7
1.72    Initial Class 4 Distribution Amount ........................................................7
1.73    Initial Distribution Date ..........................................................................7
1.74    Initial Store Closings ..............................................................................7
1.75    Insured Claim ..........................................................................................8
1.76    Intercompany Claim ................................................................................8
1.77    Interests ..................................................................................................8
1.78    IRS ..........................................................................................................8
1.79    Lien .........................................................................................................8
1.80    Liquidating Trust ....................................................................................8
1.81    Liquidating Trust Agreement ..................................................................8
1.82    Liquidating Trust Assets .........................................................................8
1.83    Liquidating Trust Oversight Committee ..................................................8
1.84    Liquidating Trustee .................................................................................8
1.85    Liquidating Trustee Professionals ...........................................................8
1.86    Local Rules .............................................................................................8
1.87    Miscellaneous Secured Claim .................................................................8
1.88    Net Proceeds ...........................................................................................8
1.89    Non-Tax Priority Claim ..........................................................................8
1.90    Old Circuit City Common Stock Interests ...............................................9
1.91    Periodic Class 4 Distribution Amount .....................................................9
1.92    Periodic Distribution Date .......................................................................9
1.93    Person .....................................................................................................9
1.94    Petition Date ...........................................................................................9
1.95    Plan .........................................................................................................9
1.96    Plan Document.........................................................................................9
1.97    Plan Proponents ......................................................................................9
1.98    Plan Supplement ......................................................................................9
1.99    Priority Claims ........................................................................................9
1.100   Priority Tax Claim ..................................................................................9
1.101   Professional ............................................................................................9
1.102   Professional Fee Claim ...........................................................................9
1.103   Proof of Claim ........................................................................................9
1.104   Pro Rata ................................................................................................10
1.105   Reclamation Claim ................................................................................10

|        | 1.106 | Released Claims | 10 |
|        | 1.107 | Released Parties | 10 |
|        | 1.108 | Scheduled | 10 |
|        | 1.109 | Schedules | 10 |
|        | 1.110 | Securities Act | 10 |
|        | 1.111 | Security | 10 |
|        | 1.112 | Solicitation | 10 |
|        | 1.113 | Solicitation Procedures Order | 10 |
|        | 1.114 | Subordinated 510(b) Claim | 10 |
|        | 1.115 | Subordinated 510(c) Claim | 10 |
|        | 1.116 | Subsidiary Debtor(s) | 10 |
|        | 1.117 | Subsidiary Interests | 10 |
|        | 1.118 | Substantial Contribution Claim | 10 |
|        | 1.119 | Tax Claim | 11 |
|        | 1.120 | Tax Items | 11 |
|        | 1.121 | Taxes | 11 |
|        | 1.122 | Unclassified Claims | 11 |
|        | 1.123 | Unimpaired | 11 |
|        | 1.124 | U.S. Trustee | 11 |
|        | 1.125 | Voting Deadline | 11 |
| C. | | Rules of Interpretation | 11 |
| D. | | Computation of Time | 11 |
| E. | | Governing Law | 11 |
| F. | | Exhibits | 11 |
| ARTICLE II CLASSIFICATION OF CLAIMS AND INTERESTS | | | 12 |
| A. | | Introduction | 12 |
| B. | | Unsolicited and Unclassified Claims | 12 |
| C. | | Unimpaired Classes of Claims | 12 |
| D. | | Impaired Classes of Claims | 12 |
| E. | | Impaired Classes of Interests | 13 |
| ARTICLE III TREATMENT OF CLAIMS AND INTERESTS | | | 13 |
| A. | | Unclassified Claims | 13 |
| B. | | Unimpaired Claims | 14 |
| C. | | Impaired Claims | 14 |
| D. | | Impaired Interests | 15 |
| E. | | Special Provision Regarding Unimpaired Claims | 16 |
| F. | | Special Provision Regarding Use of Section 502(d) to Deny Distributions to Holders of Claims | 16 |
| G. | | Allowed Claims | 16 |
| H. | | Special Provisions Regarding Insured Claims | 16 |
| ARTICLE IV ACCEPTANCE OR REJECTION OF THE PLAN | | | 17 |
| A. | | Impaired Classes of Claims Entitled to Vote | 17 |
| B. | | Acceptance by an Impaired Class | 17 |
| C. | | Presumed Acceptances by Unimpaired Classes | 17 |
| D. | | Classes Deemed to Reject Plan | 17 |
| E. | | Summary of Classes Voting on the Plan | 17 |
| F. | | Confirmation Pursuant to Bankruptcy Code Section 1129(b) | 17 |
| ARTICLE V MEANS FOR IMPLEMENTATION OF THE PLAN | | | 17 |
| A. | | Global Plan Settlement and Substantive Consolidation | 17 |
| B. | | Corporate Action | 18 |
| C. | | Sources for Plan Distribution | 19 |
| D. | | Intentionally Omitted | 19 |
| E. | | Liquidating Trust | 19 |
| F. | | No Revesting of Assets | 23 |
| G. | | Accounts | 23 |
| H. | | Release of Liens | 23 |

iii

    I.      Exemption from Certain Transfer Taxes......................................................................23
    J.      Preservation of Causes of Action; Settlement of Causes of Action ............................24
    K.     Effectuating Documents; Further Transactions............................................................24
ARTICLE VI PROVISIONS GOVERNING DISTRIBUTIONS.................................................25
    A.     Distributions for Claims Allowed as of the Effective Date.........................................25
    B.     Liquidating Trustee as Disbursing Agent....................................................................25
    C.     Delivery of Distributions and Undeliverable or Unclaimed Distributions...................25
    D.     Prepayment .................................................................................................................26
    E.     Means of Cash Payment..............................................................................................26
    F.     Interest on Claims .......................................................................................................26
    G.     Withholding and Reporting Requirements...................................................................26
    H.     Setoffs ........................................................................................................................27
    I.      Procedure for Treating and Resolving Disputed, Contingent and/or Unliquidated Claims ...........27
    J.      Fractional Dollars.......................................................................................................28
    K.     Allocation of Plan Distributions Between Principal and Interest.................................28
    L.     Distribution Record Date ............................................................................................28
ARTICLE VII TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES ...........29
    A.     Rejected Contracts and Leases....................................................................................29
    B.     Bar to Rejection Damages...........................................................................................29
    C.     Assumed and Assigned Contracts and Leases .............................................................29
ARTICLE VIII CONFIRMATION AND CONSUMMATION OF THE PLAN ...........................29
    A.     Conditions to Confirmation ........................................................................................29
    B.     Conditions to Effective Date.......................................................................................30
    C.     Waiver of Conditions ..................................................................................................30
    D.     Consequences of Non-Occurrence of Effective Date...................................................30
    E.     Substantial Consummation .........................................................................................30
ARTICLE IX ALLOWANCE AND PAYMENT OF CERTAIN ADMINISTRATIVE CLAIMS .........31
    A.     Professional Fee Claims..............................................................................................31
    B.     Substantial Contribution Compensation and Expenses Bar Date.................................31
    C.     Other Administrative Claims .......................................................................................31
ARTICLE X EFFECT OF PLAN CONFIRMATION .............................................................31
    A.     Binding Effect.............................................................................................................31
    B.     Discharge of the Debtors.............................................................................................31
    C.     Releases by the Debtors ..............................................................................................32
    D.     Injunction ...................................................................................................................32
    E.     Term of Bankruptcy Injunction or Stays.....................................................................32
    F.     Satisfaction of Subordination Rights...........................................................................32
    G.     Exculpation and Limitation of Liability ......................................................................33
    H.     Indemnification Obligations........................................................................................33
    I.      Dissolution of the Creditors' Committee.....................................................................33
ARTICLE XI RETENTION OF JURISDICTION..................................................................33
ARTICLE XII MISCELLANEOUS PROVISIONS ................................................................35
    A.     Modifications and Amendments ..................................................................................35
    B.     Severability of Plan Provisions ...................................................................................35
    C.     Successors and Assigns................................................................................................36
    D.     Payment of Statutory Fees...........................................................................................36
    E.     Revocation, Withdrawal or Non-Consummation .........................................................36
    F.     Service of Documents ..................................................................................................36
    G.     Plan Supplement(s) .....................................................................................................37
    H.     Plan Exhibits ...............................................................................................................38
    I.      Effect on Final DIP Order............................................................................................38
    J.      Tax Reporting And Compliance ..................................................................................38
    K.     Filing Of Additional Documents.................................................................................38

<u>EXHIBITS</u>

| | |
|---|---|
| EXHIBIT A | LISTING OF AFFILIATE DEBTORS |
| EXHIBIT B | LIQUIDATING TRUST AGREEMENT |
| EXHIBIT C | NON-EXCLUSIVE LIST OF INSURANCE AGREEMENTS |
| EXHIBIT D | NON-EXCLUSIVE LIST OF RETAINED CAUSES OF ACTION |

**<u>Note</u>:    To the extent that the foregoing Exhibits are not annexed to this Plan, such Exhibits will be filed with the Bankruptcy Court in Plan Supplement(s) filed on or before the date(s) set for the filing of such documents and forms of documents.**

## INTRODUCTION

Circuit City, the Subsidiary Debtors and the Creditors' Committee propose the following chapter 11 plan of liquidation.  The Debtors and the Creditors' Committee are the proponents of the Plan (the "Plan Proponents") within the meaning of Bankruptcy Code section 1129.  This Plan contemplates the distribution of the proceeds of the liquidation of the Debtors' Assets and the resolution of the outstanding Claims against and Interests in the Debtors.  Reference is made to the Disclosure Statement, distributed contemporaneously herewith, for a discussion of (i) the Debtors' history, business and operations, (ii) a summary and analysis of this Plan, and (iii) certain related matters, including risk factors relating to the consummation of this Plan.  All Holders of Claims who are eligible to vote on the Plan are encouraged to read the Plan and the accompanying Disclosure Statement (including all exhibits thereto) in their entirety before voting to accept or reject the Plan.  Subject to certain restrictions and requirements set forth in Bankruptcy Code section 1127 and Bankruptcy Rule 3019, the Plan Proponents reserve the right to alter, amend, modify, revoke, or withdraw this Plan prior to its substantial consummation.

The Plan is a liquidating plan.  Pursuant to prior orders of the Bankruptcy Court, the Debtors have sold or will sell substantially all of their Assets.  The Plan provides for the distribution of certain proceeds from such sales and the creation of a Liquidating Trust that will administer and liquidate all remaining property of the Debtors, including Causes of Action, not sold, transferred or otherwise waived or released before the Effective Date of the Plan.  The Plan also provides for Distributions to certain Holders of Administrative Claims and Priority Claims and to other Claimholders and the funding of the Liquidating Trust.  The Plan further provides for the termination of all Interests in the Debtors, the substantive consolidation of the Debtors, the dissolution and wind-up of the affairs of the Debtors, and the transfer of any remaining Estate Assets to the Liquidating Trust.

No solicitation materials, other than the Disclosure Statement and related materials transmitted therewith have been approved for use in soliciting acceptances and rejections of the Plan.  Nothing in the Plan should be construed as constituting a solicitation of acceptances of the Plan unless and until the Disclosure Statement has been approved and distributed to all Holders of Claims and Interests to the extent required by Bankruptcy Code section 1125.

**ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN ARE ENCOURAGED TO READ CAREFULLY THE DISCLOSURE STATEMENT (INCLUDING ALL EXHIBITS THERETO) AND THE PLAN, EACH IN ITS ENTIRETY, BEFORE VOTING TO ACCEPT OR REJECT THE PLAN.**

## ARTICLE I

## DEFINED TERMS AND RULES OF INTERPRETATION

**A.**      *Rules of Construction*

For purposes of this Plan, except as expressly provided herein or unless the context otherwise requires, all capitalized terms not otherwise defined, including those capitalized terms used in the preceding Introduction, shall have the meanings ascribed to them in Article I of this Plan or any Exhibit hereto.  Any term used in this Plan that is not defined herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules, as applicable.  To the extent that there is an inconsistency between a definition in this Plan and a definition set forth in the Bankruptcy Code, the definition set forth herein shall control.  Whenever the context requires, such terms shall include the plural as well as the singular number, the masculine gender shall include the feminine, and the feminine gender shall include the masculine.

**B.**        *Definitions*

        **1.1**        ***503(b)(9) Claim*** means a Claim to the extent asserted against one or more of the Debtors pursuant to Bankruptcy Code section 503(b)(9).

        **1.2**        ***Administrative Claim*** means a Claim for costs and expenses of administration of the Chapter 11 Cases under Bankruptcy Code sections 503(b), 507(b), or 1114(e)(2), and entitled to priority under Bankruptcy Code section 507(a)(2), including: (a) any actual and necessary costs and expenses, incurred after the Petition Date, of preserving the Estates and operating the businesses of the Debtors (such as wages, salaries and commissions for services and payments for inventory, leased equipment and premises) and Claims of governmental units for taxes (including tax audit Claims related to tax years commencing after the Petition Date, but excluding Claims relating to tax periods, or portions thereof, ending on or before the Petition Date); and (b) all other claims entitled to administrative claim status pursuant to a Final Order of the Bankruptcy Court, including Professional Fee Claims and 503(b)(9) Claims.

        **1.3**        ***Administrative Claims Objection Deadline*** means the last day for filing an objection to any request for the payment of an Administrative Claim, which shall be the later of (a) one hundred twenty (120) days after the Effective Date or (b) such other date specified in this Plan or ordered by the Bankruptcy Court.  The filing of a motion to extend the Administrative Claims Objection Deadline shall automatically extend the Administrative Claims Objection Deadline until a Final Order is entered on such motion; provided that any hearing on said motion is held on or before the date that is no more than thirty (30) days after the Administrative Claims Objection Deadline.  In the event that such motion to extend the Administrative Claims Objection Deadline is denied by the Bankruptcy Court, the Administrative Claims Objection Deadline shall be the later of the current Administrative Claims Objection Deadline (as previously extended, if applicable) or thirty (30) days after the Bankruptcy Court's entry of an order denying the motion to extend the Administrative Claims Objection Deadline.

        **1.4**        ***Affected Claimants*** means entities whose Claims have been amended by one or more of the Debtors in the Schedules.

        **1.5**        ***Allowed Claim*** means a Claim or any portion thereof (a) that has been allowed by a Final Order of the Bankruptcy Court (or such court as the Liquidating Trustee and the Holders of any such Claim agree may adjudicate such Claim and any objections thereto), (b) that either (x) has been Scheduled as a liquidated, non-contingent, and undisputed Claim in an amount greater than zero on the Schedules, or (y) is the subject of a timely filed Proof of Claim as to which either (i) no objection to its allowance has been filed (either by way of objection or amendment to the Schedules) within the periods of limitation fixed by the Bankruptcy Code or by any order of the Bankruptcy Court or (ii) any objection to its allowance has been settled, waived through payment, or withdrawn, or has been denied by a Final Order, or (c) that is expressly allowed in a liquidated amount in the Plan; provided, however, that with respect to an Administrative Claim, "Allowed Claim" means an Administrative Claim as to which a timely written request for payment has been made in accordance with applicable bar dates for such requests set by the Bankruptcy Court (if such written request is required) in each case as to which the Debtors, or any other party in interest (x) has not interposed a timely objection or (y) has interposed a timely objection and such objection has been settled, waived through payment, or withdrawn, or has been denied by a Final Order; provided, further, however, that for purposes of determining the status (i.e., Allowed or Disputed) of a particular Claim prior to the expiration of the period fixed for filing objections to the allowance or disallowance of Claims, any such Claim which has not been previously allowed or disallowed by a Final Order of the Bankruptcy Court or the Plan shall be deemed a Disputed Claim unless such Claim is specifically identified by the Plan Proponents and/or the Liquidating Trustee as being an Allowed Claim.

        **1.6**        ***"Allowed ... Claim"*** means an Allowed Claim of the particular type or Class described.

        **1.7**        ***Assets*** means all tangible and intangible assets of every kind and nature of the Debtors and their Estates, and all proceeds thereof, existing as of the Effective Date.

**1.8**    ***Available Cash*** means all Cash held by the Liquidating Trustee as of the date ten (10) Business Days prior to a Distribution Date.

**1.9**    ***Avoidance Actions*** means Causes of Action arising under Bankruptcy Code sections 510, 541, 542, 544, 545, 547 through 551 and/or 553, or under related state or federal statutes and common law, including, without limitation, fraudulent transfer laws, whether or not litigation is commenced to prosecute such Causes of Action.

**1.10**    ***Ballot*** means each of the ballot forms distributed to each Holder of a Claim or Interest entitled to vote to accept or reject this Plan.

**1.11**    ***Bankruptcy Code*** means title 11 of the United States Code, as now in effect or hereafter amended and as applicable to the Chapter 11 Cases.

**1.12**    ***Bankruptcy Court*** means the United States Bankruptcy Court for the Eastern District of Virginia, or any other court with jurisdiction over the Chapter 11 Cases.

**1.13**    ***Bankruptcy Rules*** means, collectively, the Federal Rules of Bankruptcy Procedure and the Official Bankruptcy Forms, as amended, the Federal Rules of Civil Procedure, as amended and as applicable to the Chapter 11 Cases on proceedings therein, as the case may be, and the Local Rules, as now in effect or hereafter amended.

**1.14**    ***Business Day*** means any day, other than a Saturday, Sunday or Legal Holiday (as defined in Bankruptcy Rule 9006(a)).

**1.15**    ***Case Interest Rate*** means the federal judgment rate provided in 28 U.S.C. § 1961 in effect on the Petition Date, which is 1.12%.

**1.16**    ***Cash*** means legal tender of the United States of America and equivalents thereof, which may be conveyed by check or wire transfer.

**1.17**    ***Causes of Action*** means any and all claims, actions, proceedings, causes of action, Avoidance Actions, suits, accounts, controversies, agreements, promises, rights of action, rights to legal remedies, rights to equitable remedies, rights to payment and Claims (as defined in Bankruptcy Code section 101(5)), whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured and whether asserted or assertable directly or derivatively, in law, equity or otherwise, that any Debtor and/or Estate may hold against any Person but excluding those released, exculpated or waived pursuant to this Plan or the Final DIP Order.

**1.18**    ***Chapter 11 Case(s)*** means, (a) when used with reference to a particular Debtor, the case under chapter 11 of the Bankruptcy Code commenced by such Debtor in the Bankruptcy Court and (b) when used with reference to all Debtors, the cases under chapter 11 of the Bankruptcy Code commenced by the Debtors in the Bankruptcy Court.

**1.19**    ***Circuit City*** means Circuit City Stores, Inc.

**1.20**    ***Claim*** has the meaning set forth in Bankruptcy Code section 101(5).

**1.21**    ***Claimholder*** means the Holder of a Claim.

**1.22**    ***Claims Agent*** means Kurtzman Carson Consultants, LLC.

**1.23**    ***Claims Objection Deadline*** means the last day for filing objections to Claims, including but not limited to Reclamation Claims and other than Administrative Claims and Professional Fee Claims, which day shall be the later of (a) one hundred eighty (180) days after the Effective Date or (b) such other date as the

Bankruptcy Court may order.  The filing of a motion to extend the Claims Objection Deadline shall automatically extend the Claims Objection Deadline until a Final Order is entered on such motion; provided that any hearing on said motion is held on or before the date that is no more than thirty (30) days after the Claims Objection Deadline. In the event that such motion to extend the Claims Objection Deadline is denied, the Claims Objection Deadline shall be the later of the current Claims Objection Deadline (as previously extended, if applicable) or thirty (30) days after the Bankruptcy Court's entry of an order denying the motion to extend the Claims Objection Deadline.

> **1.24**    ***Class*** means a category of Holders of Claims or Interests, as described in Article II hereof.

> **1.25**    ***Collateral*** means any property or interest in property of a Debtor's Estate subject to a Lien to secure the payment or performance of a Claim, which Lien is not subject to avoidance under the Bankruptcy Code or otherwise invalid under the Bankruptcy Code or applicable state law.

> **1.26**    ***Confirmation*** means entry by the Bankruptcy Court of the Confirmation Order.

> **1.27**    ***Confirmation Date*** means the date on which the Clerk of the Bankruptcy Court enters the Confirmation Order on the Bankruptcy Court docket in the jointly administered Chapter 11 Cases.

> **1.28**    ***Confirmation Hearing*** means the hearing held by the Bankruptcy Court to consider confirmation of the Plan, as such hearing may be adjourned or continued from time to time.

> **1.29**    ***Confirmation Order*** means the order entered by the Bankruptcy Court confirming the Plan under Bankruptcy Code section 1129.

> **1.30**    ***Consummation or Consummate*** means the occurrence of or to achieve the Effective Date.

> **1.31**    ***Contingent***  means, with reference to a Claim, a Claim that has not accrued or is not otherwise payable and the accrual of which, or the obligation to make payment on which, is dependent upon a future event that may or may not occur.

> **1.32**    ***Convenience Claim*** means a General Unsecured Claim (a) Allowed in an amount greater than or equal to $1,000 for which the Holder of such Claim elects on its Ballot to have its Claim reduced to $1,000 and treated as a Convenience Claim or (b) Allowed in an amount greater than or equal to $500 and less than $1,000 which Claim will be reduced to $500.

> **1.33**    ***Creditor*** means any Person who holds a Claim against one or more of the Debtors.

> **1.34**    ***Creditors' Committee*** means the Official Committee of Unsecured Creditors of Circuit City Stores, Inc., et al., appointed by the United States Trustee in the Chapter 11 Cases pursuant to Bankruptcy Code section 1102.

> **1.35**    ***Debtor*** means any of Circuit City or the Subsidiary Debtors in their individual capacity.

> **1.36**    ***Debtors*** means, collectively, Circuit City and all of the Subsidiary Debtors.

> **1.37**    ***DIP Agreements*** means the debtor-in-possession financing agreements consisting of the DIP Credit Agreement and all other agreements, documents, notices, certificates and instruments executed and/or delivered with, to or in favor of the DIP Lenders, including, without limitation, security agreements, pledge agreements, notes, guaranties, mortgages, and Uniform Commercial Code financing statements and all other related agreements, documents, notes, certificates and instruments executed and/or delivered in connection therewith or related thereto.

> **1.38**    ***DIP Credit Agreement***  means that certain Senior Secured Super-Priority Debtor-In-Possession Credit Agreement, as amended, modified or supplemented, including, without limitation, pursuant to that

certain letter agreement dated as of December 4, 2008, the Second Amendment to Senior Secured Super-Priority Debtor-In-Possession Credit Agreement dated as of December 19, 2008 and the Third Amendment to Senior Secured Super-Priority Debtor-In-Possession Credit Agreement dated as of January 17, 2009 and authorized by the Final DIP Order.

    ***1.39***  ***DIP Facility*** means the debtor-in-possession financing provided pursuant to the DIP Credit Agreement by those DIP Lenders party to the DIP Credit Agreement and authorized by the Final DIP Order.

    ***1.40***  ***DIP Lenders*** means, collectively, the "Lenders" as defined in the DIP Credit Agreement.

    ***1.41***  ***Disallowed*** means, with respect to a Claim, or any portion thereof, that such Claim (a) has been disallowed by a Final Order, (b) is Scheduled at zero or as contingent, disputed or unliquidated and as to which no Proof of Claim has been filed by the applicable Bar Date or deemed timely filed pursuant to either the Bankruptcy Code or any Final Order or under applicable law, or (c) is not Scheduled, and as to which (i) no Proof of Claim has been filed by the applicable Bar Date or deemed timely filed pursuant to either the Bankruptcy Code or any Final Order or under applicable law, or (ii) no request for payment of an Administrative Claim has been filed by the Initial or Final Administrative Claims Bar Date, as appropriate, or deemed timely filed pursuant to either the Bankruptcy Code or any Final Order or under applicable law.

    ***1.42***  ***Disclosure Statement*** means the disclosure statement (including all exhibits and schedules thereto) dated September 24, 2009, relating to this Plan, distributed contemporaneously herewith in accordance with Bankruptcy Code sections 1125 and 1126(b) and Bankruptcy Rule 3018.

    ***1.43***  ***Disputed Claim*** means a Claim, or any portion thereof,  that has not been Allowed pursuant to the Plan or a Final Order, and:

    (a)  if no Claim has been filed, or deemed to have been filed, by the applicable Bar Date, which has been or hereafter is listed on the Schedules as unliquidated, contingent or disputed, and which has not been resolved by written agreement of the parties or an order of the Bankruptcy Court;

    (b)  if a Claim has been filed, or deemed to have been filed, by the applicable Bar Date (i) a Claim for which a corresponding Claim has been listed on the Schedules as unliquidated, contingent or disputed; (ii) a Claim for which a corresponding Claim has been listed on the Schedules as other than unliquidated, contingent or disputed, but the amount of such Claim as asserted in the Claim varies from the amount of such Claim as listed in the Schedules; or (iii) a Claim as to which any party in interest has timely filed an objection or request for estimation in accordance with the Plan, the Bankruptcy Code, the Bankruptcy Rules and any orders of the Bankruptcy Court, or which is otherwise disputed by a Debtor and/or the Liquidating Trustee in accordance with applicable law, which objection, request for estimation or dispute has not been withdrawn, or determined by a Final Order;

    (c)  if a request for payment of an Administrative Claim has been filed or deemed to have been filed by the Initial or Final Administrative Claims Bar Date, as appropriate, an Administrative Claim as to which any party in interest has timely filed an objection or request for estimation in accordance with the Plan, the Bankruptcy Code, the Bankruptcy Rules, and any orders of the Bankruptcy Court, or which is otherwise disputed by a Debtor or the Liquidating Trustee in accordance with applicable law, which objection, request for estimation or dispute has not been withdrawn or determined by a Final Order;

    (d)  for which a Claim was required to be filed by order of the Bankruptcy Court, but as to which a Claim was not timely or properly filed; or

    (e)  that is disputed in accordance with the provisions of this Plan.

    ***1.44***  ***Disputed ... Claim*** means a Disputed Claim of the type described.

    ***1.45***  ***Disputed Claim Amount*** means (a) if a liquidated amount is set forth in the Proof of Claim relating to a Disputed Claim, (i) the liquidated amount set forth in the Proof of Claim relating to the Disputed

Claim; (ii) an amount agreed to by a Debtor or the Liquidating Trustee and the Holder of such Disputed Claim; or (iii) if a request for estimation is filed by any party, the amount at which such Claim is estimated by the Bankruptcy Court; (b) if no liquidated amount is set forth in the Proof of Claim relating to a Disputed Claim, (i) an amount agreed to by a Debtor or the Liquidating Trustee and the Holder of such Disputed Claim or (ii) the amount estimated by the Bankruptcy Court with respect to such Disputed Claim; or (c) if the Claim was listed on the Schedules as unliquidated, contingent or disputed and no Proof of Claim was filed, or deemed to have been filed, by the applicable Bar Date and the Claim has not been resolved by written agreement of the parties or an order of the Bankruptcy Court, zero.

1.46    ***Distribution*** means any distribution pursuant to the Plan to the Holders of Allowed Claims.

1.47    ***Distribution Date*** means either the Initial Distribution Date or a Periodic Distribution Date.

1.48    ***Distribution Record Date*** means the record date for purposes of making Distributions under the Plan on account of Allowed Claims, which date shall be the Confirmation Date or such other date designated in the Confirmation Order.

1.49    ***Effective Date*** means the Business Day this Plan becomes effective as provided in Article VIII hereof.

1.50    ***Estate(s)*** means, individually, the estate of Circuit City or any of the Subsidiary Debtors and, collectively, the estates of all of the Debtors created under Bankruptcy Code section 541.

1.51    ***Estate Claim*** has the meaning ascribed to such term in Article VI.H.2 hereof.

1.52    ***Exhibit*** means an exhibit annexed to either this Plan or as an appendix to the Disclosure Statement.

1.53    ***Exhibit Filing Date*** means the date on which Exhibits to the Plan or the Disclosure Statements shall be filed with the Bankruptcy Court, which date shall be at least five (5) days prior to the Voting Deadline or such later date as may be approved by the Bankruptcy Court without further notice to parties in interest.

1.54    ***Face Amount*** means (a) when used in reference to a Disputed Claim, the Disputed Claim Amount and (b) when used in reference to an Allowed Claim, the allowed amount of such Claim.

1.55    ***Final Administrative Claims Bar Date*** means the last date by which a request for payment of an Administrative Claim that arises after April 30, 2009 up to and through the Effective Date, may be filed, which date is sixty (60) days after the Effective Date.

1.56    ***Final Decree*** means the decree contemplated under Bankruptcy Rule 3022.

1.57    ***Final DIP Order*** means the order (Docket No. 1262) entered by the Bankruptcy Court on or about December 23, 2008, authorizing and approving the DIP Agreements on a final basis, as amended by the order (Docket No. 2214) entered by the Bankruptcy Court on or about February 17, 2009 authorizing and approving the Third Amendment to the DIP Credit Agreement.

1.58    ***Final Fee Applications*** means the final requests for payment of Professional Fee Claims.

1.59    ***Final Order*** means an order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, as entered on the docket in any Chapter 11 Case, the operation or effect of which has not been stayed, reversed, or amended and as to which order or judgment (or any revision, modification, or amendment thereof) the time to appeal or seek review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending.

**1.60**   ***Final Trust Distribution Date*** means the date of the last Distribution from the Liquidating Trust under the Plan for and on account of an Allowed Claim.

**1.61**   ***General Bar Date*** means the bar date for filing Proofs of Claim for Claims arising prior to the Petition Date against any and/or all of the Debtors in the Chapter 11 Cases, other than those Claims expressly excluded from the General Bar Date pursuant to a Final Order of the Bankruptcy Court, which date was January 30, 2009.

**1.62**   ***General Unsecured Claim*** means a Claim that is not an Administrative Claim, Priority Tax Claim, Non-Tax Priority Claim, Miscellaneous Secured Claim, Convenience Claim, Intercompany Claim, Subordinated 510(b) Claim or Subordinated 510(c) Claim.

**1.63**   ***Global Plan Settlement*** means the agreement, set forth in Article V.A.1. hereof, among the Plan Proponents which, among other things, provides for the substantive consolidation of the Debtors' Estates.

**1.64**   ***Global Plan Settlement Approval Order*** means the order of the Bankruptcy Court, which may be the Confirmation Order, approving the Global Plan Settlement and authorizing substantive consolidation of the Estates, pursuant to Article V.A. hereof.

**1.65**   ***Governmental Bar Date*** means the bar date for Governmental Units to file Proofs of Claim for Claims arising prior to the Petition Date against any and/or all of the Debtors, which date was May 11, 2009.

**1.66**   ***Governmental Unit*** has the meaning set forth in Bankruptcy Code section 101(27).

**1.67**   ***Holdback Amount*** means the amount equal to fifteen percent (15%) of fees billed to the Debtors for a given month that were retained by the Debtors as a holdback on payment of Professional Fee Claims.

**1.68**   ***Holder*** means an entity holding a Claim or Interest.

**1.69**   ***Impaired*** means, when used in reference to a Claim, Interest or Class, a Claim, Interest or Class that is impaired within the meaning of Bankruptcy Code section 1124.

**1.70**   ***Indemnification Obligation*** means any obligation of any of the Debtors to indemnify, reimburse, or provide contribution to any present or former officer, director, or employee, or any present or former Professionals, advisors, or representatives of the Debtors, pursuant to by-laws, articles of incorporation, contract, or otherwise as may be in existence immediately prior to the Petition Date.

**1.71**   ***Initial Administrative Claims Bar Date*** means the date for filing requests for payment of Administrative Claims, other than those Administrative Claims excluded from the Initial Administrative Claims Bar Date pursuant to a Final Order of the Bankruptcy Court, arising from and after the Petition Date through and including April 30, 2009, which date was June 30, 2009.

**1.72**   ***Initial Class 4 Distribution Amount*** means the amount of Available Cash and/or other consideration, including proceeds from the Causes of Action, to which Holders of Allowed General Unsecured Claims are entitled as of the Effective Date, if any.

**1.73**   ***Initial Distribution Date*** means a Business Day, as determined by the Liquidating Trustee, as soon as practicable after the Effective Date, that is at least five (5) Business Days after the funding of the Liquidating Trust pursuant to Article V.E. hereof.

**1.74**   ***Initial Store Closings*** means the closing of approximately 155 of the Debtors' retail electronics stores pursuant to an agency agreement, dated October 31, 2008, as amended or restated, with a joint venture comprised of Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, which store closings commenced on November 5, 2008 and concluded on or prior to December 31, 2008.

**1.75**     ***Insured Claim*** means any Claim or portion of a Claim that is insured under the Debtors' insurance policies, but only to the extent of such coverage.

**1.76**     ***Intercompany Claim*** means any Claim held by a Debtor against another Debtor, including, without limitation: (a) any account reflecting intercompany book entries by a Debtor with respect to another Debtor, (b) any Claim not reflected in such book entries that is held by a Debtor against another Debtor, and (c) any derivative Claim asserted by or on behalf of one Debtor against another Debtor.

**1.77**     ***Interests*** means the legal, equitable, contractual, and other rights of any Person with respect to any capital stock or other ownership interest in any Debtor, whether or not transferable, and all options, warrants, call rights, puts, awards, or rights or agreements to purchase, sell, or subscribe for an ownership interest or other equity security in any Debtor, including the Old Circuit City Common Stock Interests and the Subsidiary Interests.

**1.78**     ***IRS*** means the Internal Revenue Service.

**1.79**     ***Lien*** shall mean any lien, security interest, pledge, title retention agreement, encumbrance, charge, mortgage, or hypothecation to secure payment of a debt or performance of an obligation, other than, in the case of securities and any other equity ownership interests, any restrictions imposed by applicable United States or foreign securities laws.

**1.80**     ***Liquidating Trust*** means the trust established on the Effective Date pursuant to Article V.E. hereof.

**1.81**     ***Liquidating Trust Agreement*** means the agreement to be executed as of the Effective Date establishing the Liquidating Trust pursuant to the Plan in substantially the form attached as <u>Exhibit B</u> hereto.

**1.82**     ***Liquidating Trust Assets*** shall have the meaning ascribed in Article V.E.1 hereof.

**1.83**     ***Liquidating Trust Oversight Committee*** means the committee comprised of the following seven (7) persons: Hewlett Packard Company, Samsung Electronics America, Simon Property Group, Inc., Weidler Settlement Class; Paramount Home Entertainment, Developers Diversified Realty Corp. and a party to be identified in the Plan Supplement.

**1.84**     ***Liquidating Trustee*** means the Person appointed by the Liquidating Trust Oversight Committee pursuant to Article V.E.5(a). hereof to act as trustee of and administer the Liquidating Trust, which Person shall be Al Siegel.

**1.85**     ***Liquidating Trustee Professionals*** means the agents, financial advisors, attorneys, consultants, independent contractors, representatives, and other professionals of the Liquidation Trustee (in their capacities as such).

**1.86**     ***Local Rules*** means the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Virginia.

**1.87**     ***Miscellaneous Secured Claim*** means a Claim that is (a) secured by a valid and perfected Lien on property in which a Debtor's Estate has an interest or (b) subject to setoff under Bankruptcy Code section 553 and such right of setoff has been asserted by the holder of such right as required by Article VI.H.2. hereof, to the extent of the value of the Claimholder's interest in the applicable Estate's interest in such property or to the extent of the amount subject to setoff, as applicable, as determined pursuant to Bankruptcy Code section 506(a) or, in the case of setoff, pursuant to Bankruptcy Code section 553.

**1.88**     ***Net Proceeds*** means such amounts collected from the sale or liquidation of Assets after payment of all costs and expenses of such sale or liquidation, including, without limitation, attorney fees.

**1.89**    ***Non-Tax Priority Claim*** means a Claim, other than an Administrative Claim or Priority Tax Claim, which is entitled to priority in payment pursuant to Bankruptcy Code section 507(a).

**1.90**    ***Old Circuit City Common Stock Interests*** means, the shares of common stock of Circuit City issued and outstanding as of the Petition Date or otherwise held as of the applicable Distribution Record Date, including common stock acquired by holders of stock options and other rights to acquire stock who exercise their rights by the applicable Distribution Record Date.

**1.91**    ***Periodic Class 4 Distribution Amount*** means, with respect to each Periodic Distribution Date, the amount of Available Cash and/or other consideration, including proceeds from the Causes of Action, to which Holders of Allowed General Unsecured Claims are entitled, if any.

**1.92**    ***Periodic Distribution Date*** means a Distribution Date after the Initial Distribution Date which shall occur (i) after the first Business Day occurring ninety (90) days after the immediately preceding Distribution Date or (ii) on such other Business Day selected by the Liquidating Trustee, in its sole and absolute discretion; provided, however, that Distributions shall take place no more frequently than quarterly.

**1.93**    ***Person*** has the meaning set forth in Bankruptcy Code section 101(41).

**1.94**    ***Petition Date*** means the date on which the Debtors filed their petitions for relief commencing the Chapter 11 Cases, which date was November 10, 2008.

**1.95**    ***Plan*** means this chapter 11 plan, including the Exhibits and all supplements, appendices, and schedules hereto, either in its current form or as the same may be altered, amended, or modified from time to time in accordance with the Bankruptcy Code and the Bankruptcy Rules.

**1.96**    ***Plan Document*** means the Plan, together with any contract, instrument, release, or other agreement or document entered in connection with Plan.

**1.97**    ***Plan Proponents*** means the Debtors and the Creditors' Committee.

**1.98**    ***Plan Supplement*** means the compilation(s) of documents and forms of documents, specified in the Plan, that the Debtors will file with the Bankruptcy Court on or before the date that is (a) ten (10) days prior to the Voting Deadline or (b) set by the Bankruptcy Court for the filing of such documents and forms of documents.

**1.99**    ***Priority Claims*** means, collectively, all Priority Tax Claims and Non-Tax Priority Claims.

**1.100**    ***Priority Tax Claim*** means a Claim of a Governmental Unit of the kind specified in Bankruptcy Code sections 502(i) or 507(a)(8).

**1.101**    ***Professional*** means (a) any professional employed in these Chapter 11 Cases pursuant to Bankruptcy Code sections 327, 328, or 1103 or otherwise, and (b) any professional or other entity seeking compensation or reimbursement of expenses in connection with the Chapter 11 Cases pursuant to Bankruptcy Code section 503(b)(4).

**1.102**    ***Professional Fee Claim*** means a Claim of a Professional for compensation for services rendered or reimbursement of costs, expenses, or other charges incurred after the Petition Date and prior to and including the Effective Date.

**1.103**    ***Proof of Claim*** means a proof of claim filed on or before the General Bar Date or the Governmental Bar Date, as applicable, or such other date as ordered by the Bankruptcy Court.

      *1.104*    ***Pro Rata*** means, at any time, the proportion that the Face Amount of an Allowed Claim in a particular Class bears to the aggregate Face Amount of all Allowed Claims in such Class, unless the Plan provides otherwise.

      *1.105*    ***Reclamation Claim*** means each Claim to the extent asserted against one or more of the Debtors pursuant to Bankruptcy Code section 546(c).

      *1.106*    ***Released Claims*** means the claims or causes of actions described in Article X.C. hereof.

      *1.107*    ***Released Parties*** means (i) the directors and officers of the Debtors as of the Petition Date and up to and through the Effective Date, (ii) any member of the Creditors' Committee, solely in its capacity as a member of the Creditors' Committee and not in any other capacity, and (iii) any of the representatives, agents, officers, directors, employees, professionals, advisors or attorneys of the foregoing or of the Debtors.

      *1.108*    ***Scheduled*** means, with respect to any Claim, the status, priority and amount, if any, of such Claim as set forth in the Schedules.

      *1.109*    ***Schedules*** means the schedules of assets and liabilities, the list of Holders of Interests, and the statements of financial affairs filed by the Debtors pursuant to Bankruptcy Code section 521 and the Bankruptcy Rules, as such schedules have been or may be further modified, amended or supplemented in accordance with Bankruptcy Rule 1009 or orders of the Bankruptcy Court.

      *1.110*    ***Securities Act*** means the Securities Act of 1933, 15 U.S.C. §§ 77a-77aa, as now in effect or hereafter amended.

      *1.111*    ***Security*** shall have the meaning ascribed to it in Bankruptcy Code section 101(49).

      *1.112*    ***Solicitation*** means the solicitation by the Plan Proponents of acceptances of the Plan.

      *1.113*    ***Solicitation Procedures Order*** means the order entered by the Bankruptcy Court establishing procedures for Solicitation of votes for or against the Plan under Bankruptcy Code sections 105, 1125, 1126 and 1128 and Bankruptcy Rules 2002, 3017, 2018 and 3020.

      *1.114*    ***Subordinated 510(b) Claim*** means any Claim subordinated pursuant to Bankruptcy Code section 510(b), which shall include any Claim arising from the rescission of a purchase or sale of any Old Circuit City Common Stock Interests, any Claim for damages arising from the purchase or sale of any Old Circuit City Common Stock Interests, or any Claim for reimbursement, contribution or indemnification on account of any such Claim.

      *1.115*    ***Subordinated 510(c) Claim*** means any Claim (i) subordinated pursuant to Bankruptcy Code section 510(c); or (ii) for punitive or exemplary damages or for a fine or penalty, to the extent permitted by applicable law.

      *1.116*    ***Subsidiary Debtor(s)*** means, individually or collectively, the debtors and debtors in possession identified on <u>Exhibit A</u> annexed hereto.

      *1.117*    ***Subsidiary Interests*** means, collectively, the equity interests in the respective Subsidiary Debtors, including stock, membership, or partnership interests, as applicable.

      *1.118*    ***Substantial Contribution Claim*** means a Claim under Bankruptcy Code subsections 503(b)(3), (b)(4), or (b)(5) for compensation or reimbursement of expenses incurred in making a substantial contribution in the Chapter 11 Cases.

> **1.119    Tax Claim** means all or that portion of a Claim held by a Governmental Unit for a tax assessed or assessable against the Debtors, including income and employment taxes and any related penalties or interest.

> **1.120    Tax Items** has the meaning ascribed to such term in Article V.E.6(a). hereof.

> **1.121    Taxes** means any and all taxes, levies, imposts, assessments, or other charges of whatever nature imposed at any time by a Governmental Unit or by any political subdivision or taxing authority thereof or therein and all interest, penalties, or similar liabilities with respect thereto.

> **1.122    Unclassified Claims** means Administrative Claims and Priority Tax Claims.

> **1.123    Unimpaired** means, when used in reference to a Claim, Interest or Class, a Claim, Interest or Class that is not impaired within the meaning of Bankruptcy Code section 1124.

> **1.124    U.S. Trustee** means the Office of the United States Trustee for the Eastern District of Virginia.

> **1.125    Voting Deadline** means the date and time, as fixed by an order of the Bankruptcy Court and set forth in the Disclosure Statement, by which all Ballots to accept or reject the Plan must be received in order to be counted.

**C.    Rules of Interpretation**

> For purposes of the Plan (a) any reference in the Plan to a contract, instrument, release, indenture, or other agreement or document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions, (b) any reference in the Plan to an existing document or exhibit filed or to be filed means such document or exhibit as it may have been or may be amended, modified, or supplemented, (c) unless otherwise specified, all references in the Plan to sections, articles, Schedules and Exhibits are references to sections, articles, Schedules and Exhibits of or to the Plan, (d) the words "herein" and "hereto" refer to the Plan in its entirety rather than to a particular portion of the Plan, (e) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan, and (f) to the extent not modified herein, the rules of construction set forth in Bankruptcy Code section 102 and in the Bankruptcy Rules shall apply.

**D.    Computation of Time**

> In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

**E.    Governing Law**

> Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) and except as otherwise provided herein or therein, the laws of (i) the State of Virginia shall govern the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan and (ii) the laws of the state of incorporation of each Debtor shall govern corporate governance matters with respect to such Debtor, in either case without giving effect to the principles of conflicts of law thereof.

**F.    Exhibits**

> All Exhibits are incorporated into and are a part of this Plan as if set forth in full herein, and, to the extent not annexed hereto, such Exhibits shall be filed with the Bankruptcy Court on or before the Exhibit Filing Date.  After the Exhibit Filing Date, copies of Exhibits can be obtained upon written request to the Claims Agent to the Debtors, at Circuit City Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, or by downloading such Exhibits from the Bankruptcy Court's website at http://www.vaeb.uscourts.gov (registration required) or the Claims Agent's website at www.kccllc.net/circuitcity.

To the extent any Exhibit is inconsistent with the terms of the Plan, unless otherwise ordered by the Bankruptcy Court, the non-Exhibit portion of the Plan shall control.

**ARTICLE II**

**CLASSIFICATION OF CLAIMS AND INTERESTS**

**A.      *Introduction***

All Claims and Interests, except Administrative Claims and Priority Tax Claims are placed in the Classes set forth below.  In accordance with Bankruptcy Code section 1123(a)(1), Administrative Claims and Priority Tax Claims have not been classified.

A Claim or Interest is placed in a particular Class only to the extent that the Claim or Interest falls within the description of that Class, and is classified in other Classes to the extent that any portion of the Claim or Interest falls within the description of such other Classes.  A Claim is also placed in a particular Class for the purpose of receiving Distributions pursuant to the Plan only to the extent that such Claim is an Allowed Claim in that Class and such Claim has not been paid, released or otherwise settled prior to the Effective Date.

The Plan provides for substantive consolidation of the Debtors' assets and liabilities for voting and distribution purposes, pursuant to the Global Plan Settlement, as described in Article V.A of this Plan.  However, the Plan Proponents specifically reserve the right to seek confirmation of the Plan with respect to each Debtor separately.

The Debtors have set forth the Classes below.

**B.      *Unsolicited and Unclassified Claims***  **(Unclassified Classes of Claims are not entitled to vote on the Plan.)**

1.      Administrative Claims

2.      Priority Tax Claims

**C.      *Unimpaired Classes of Claims*** **(Classes 1 and 2 are deemed to have accepted the Plan and, therefore, are not entitled to vote on the Plan.)**

1.      Class 1:  Miscellaneous Secured Claims

Class 1 consists of all Miscellaneous Secured Claims.

2.      Class 2:  Non-Tax Priority Claims

Class 2 consists of all Non-Tax Priority Claims.

**D.      *Impaired Classes of Claims***  **(Class 3 and 4 are entitled to vote on the Plan.  Classes 5, 6 and 7 deemed to have rejected the Plan and, therefore, are not entitled to vote on the Plan.)**

1.      Class 3:  Convenience Claims

Class 3 consists of all Convenience Claims.

2.      Class 4:  General Unsecured Claims

Class 4 consists of all General Unsecured Claims.

3.        Class 5:  Intercompany Claims

Class 5 consists of all Intercompany Claims.

4.        Class 6:  Subordinated 510(c) Claims

Class 6 consists of all Subordinated 510(c) Claims.

5.        Class 7:  Subordinated 510(b) Claims

Class 7 consists of all Subordinated 510(b) Claims.

**E.        *Impaired Classes of Interests* (Class 8 is deemed to have rejected the Plan and, therefore, is not entitled to vote on the Plan.)**

1.        Class 8:  Interests

Class 8 consists of all Interests.

### ARTICLE III

### TREATMENT OF CLAIMS AND INTERESTS

**A.        *Unclassified Claims***

In accordance with Bankruptcy Code section 1123(a)(1) of the Bankruptcy Code, certain Claims have not been classified, and the respective treatment of such Unclassified Claims is set forth immediately below.

1.        Administrative Claims

Except as otherwise provided herein, and subject to the requirements of this Plan, on, or as soon as reasonably practicable after, the earlier of (a) the Distribution Date immediately following the date an Administrative Claim becomes an Allowed Administrative Claim or (b) the date that is ninety (90) days after the date on which such Administrative Claim becomes an Allowed Administrative Claim, a Holder of an Allowed Administrative Claim shall receive, to be paid out of the Liquidating Trust, in full and final satisfaction, settlement and release of and in exchange for such Allowed Administrative Claim, (a) Cash equal to the unpaid portion of such Allowed Administrative Claim or (b) such other treatment as to which such Holder and the Debtors and/or the Liquidating Trustee shall have agreed upon in writing; provided, however, that Allowed Administrative Claims with respect to liabilities incurred by a Debtor in the ordinary course of business during the Chapter 11 Cases may be paid in the ordinary course of business in accordance with the terms and conditions of any agreements relating thereto (i) prior to the Effective Date, by the Debtors and (ii) subsequent to the Effective Date, by the Liquidating Trustee.  Administrative Claimholders will be paid in full on account of their Claims and are not entitled to vote on the Plan.

2.        Priority Tax Claims

Except to the extent that an Allowed Priority Tax Claim has been paid prior to the Distribution Date, a Holder of an Allowed Priority Tax Claim shall be entitled to receive, to be paid out of the Liquidating Trust, in full and final satisfaction, settlement and release of and in exchange for such Allowed Priority Tax Claim, (i) regular installment Cash payments, occurring not less frequently than quarterly over a period not exceeding five (5) years after the Petition Date, in an aggregate principal amount equal to the unpaid portion of such Allowed Priority Tax Claim, plus interest on the unpaid portion thereof at the Case Interest Rate from the Effective Date through the date of payment thereof or (ii) such other treatment as to which such Holder and the Debtors and/or the Liquidating Trustee shall have agreed upon in writing; provided, however, that the Liquidating Trustee shall have the right to pay any Allowed Priority Tax Claim, or any remaining balance of any Allowed Priority Tax Claim, in full at any

time on or after the Effective Date without premium or penalty.  Notwithstanding the foregoing, or anything to the contrary in the Plan, no Distributions shall be made to the Holder of any Allowed Priority Tax Claims unless (a) the Liquidating Trust has sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Administrative Claims; and (b) either (i) the Liquidating Trust has sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Priority Tax Claims or (ii) the Liquidating Trust Oversight Committee consents to all or any portion of such Distribution.  Priority Tax Claimholders will be paid in full on account of their Claims and are not entitled to vote on the Plan.

**B.    *Unimpaired Claims***

1.      Class 1:  Miscellaneous Secured Claims

On, or as soon as reasonably practicable after, the earlier of (a) the Distribution Date immediately following the date a Miscellaneous Secured Claim becomes an Allowed Miscellaneous Secured Claim or (b) the date that is ninety (90) days after the date on which such Miscellaneous Secured Claim becomes an Allowed Miscellaneous Secured Claim, a Holder of an Allowed Miscellaneous Secured Claim shall receive, in full and final satisfaction, settlement and release of and in exchange for, such Allowed Miscellaneous Secured Claim, (i) Cash equal to the unpaid portion of such Allowed Miscellaneous Secured Claim, to be paid out of the Liquidating Trust, (ii) a return of the Holder's Collateral securing the Miscellaneous Secured Claim or (iii) such other treatment as to which such Holder and the Debtors and/or the Liquidating Trustee shall have agreed upon in writing.  Any Holder of a Miscellaneous Secured Claim shall retain its Lien in the Collateral or the proceeds of the Collateral (to the extent that such Collateral is sold by the Debtors or the Liquidating Trustee free and clear of such Lien) to the same extent and with the same priority as such Lien held as of the Petition Date until such time as (a) the Holder of such Miscellaneous Secured Claim (i) has been paid Cash equal to the value of its Allowed Miscellaneous Secured Claim, (ii) has received a return of the Collateral securing the Miscellaneous Secured Claim or (iii) has been afforded such other treatment as to which such Holder and the Debtors and/or the Liquidating Trustee shall have agreed upon in writing; or (b) such purported Lien has been determined by an order of the Bankruptcy Court to be invalid or otherwise avoidable.  Notwithstanding the foregoing, or anything to the contrary in the Plan, no Distributions shall be made to the Holder of any Allowed Miscellaneous Secured Claim unless either (a) the Liquidating Trust has sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Miscellaneous Secured Claims or (b) the Liquidating Trust Oversight Committee consents to all or any portion of such Distribution.  Class 1 is conclusively presumed to have accepted the Plan and, therefore, Holders of Class 1 Claims are not entitled to vote to accept or reject the Plan.

2.      Class 2:  Non-Tax Priority Claims

On, or as soon as reasonably practicable after, the earlier of (a) the Distribution Date immediately following the date a Non-Tax Priority Claim becomes an Allowed Non-Tax Priority Claim or (b) the date that is ninety (90) days after the date on which such Non-Tax Priority Claim becomes an Allowed Non-Tax Priority Claim, a Holder of an Allowed Non-Tax Priority Claim shall receive, to be paid out of the Liquidating Trust, in full and final satisfaction, settlement and release of and in exchange for such Allowed Non-Tax Priority Claim, (i) Cash equal to the unpaid portion of such Allowed Non-Tax Priority Claim or (ii) such other treatment as to which such Holder and the Debtors and/or the Liquidating Trustee shall have agreed upon in writing.  Notwithstanding the foregoing, or anything to the contrary in the Plan, no Distributions shall be made to the Holder of any Allowed Non-Tax Priority Claims unless (a) the Liquidating Trust has sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Administrative Claims; and (b) either (i) the Liquidating Trust has sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Non-Tax Priority Tax Claims or (ii) the Liquidating Trust Oversight Committee consents to all or any portion of such Distribution.  Class 2 is conclusively presumed to have accepted the Plan and, therefore, Holders of Class 2 Claims are not entitled to vote to accept or reject the Plan.

**C.    *Impaired Claims***

1.      Class 3:  Convenience Claims

Provided that the Face Amount of all Administrative Claims, Priority Claims and Miscellaneous Secured Claims have been paid in full or, to the extent not paid in full, funds sufficient to satisfy the Face Amount of

all such Claims have been placed in a segregated reserve, and subject to the occurrence of the Effective Date, on, or as soon as reasonably practicable after, the Initial Distribution Date, (i) each Holder of an Allowed Convenience Claim in the amount of $1,000 shall receive from the Liquidating Trustee, in full and final satisfaction, settlement and release of and in exchange for such Convenience Claim, Cash in the amount of $100 and (ii) each Holder of an Allowed Convenience Claim in the amount of $500 shall receive from the Liquidating Trustee, in full and final satisfaction, settlement and release of and in exchange for such Convenience Claim, Cash in the amount of $50. Class 3 is Impaired and is entitled to vote on the Plan.

      2.      Class 4:  General Unsecured Claims

      Provided that the Face Amount of all Administrative Claims, Priority Claims and Miscellaneous Secured Claims have been paid in full or, to the extent not paid in full, funds sufficient to satisfy the Face Amount of all such Claims have been  placed in a segregated reserve, and subject to the occurrence of the Effective Date, on, or as soon as reasonably practicable after, the earlier of (a) the Distribution Date immediately following the date a General Unsecured Claim becomes an Allowed General Unsecured Claim or (b) the date that is ninety (90) days after the date on which such General Unsecured Claim becomes an Allowed General Unsecured Claim, each Holder of an Allowed General Unsecured Claim shall receive from the Liquidating Trustee, in full and final satisfaction, settlement and release of and in exchange for such Allowed General Unsecured Claim, its Pro Rata share of the Initial Class 4 Distribution Amount, if any, and, on each Periodic Distribution Date, each Holder of an Allowed General Unsecured Claim shall receive its Pro Rata share of the Periodic Class 4 Distribution Amount, if any.  Class 4 is Impaired and is entitled to vote on the Plan.

      3.      Class 5:  Intercompany Claims

      In connection with, to the extent of and as a result of, the substantive consolidation of the Debtors' Estates and the Chapter 11 Cases, on the Confirmation Date or such other date as may be set by an order of the Bankruptcy Court, but subject to the occurrence of the Effective Date, all Intercompany Claims shall be deemed eliminated, cancelled and/or extinguished and the Holders of Class 5 Claims shall not be entitled to, and shall not receive or retain any property or interest in property on account of such Claims.  Class 5 is deemed to have rejected the Plan and, therefore, Holders of Class 5 Claims are not entitled to vote to accept or reject the Plan.

      4.      Class 6:  Subordinated 510(c) Claims

      On the Effective Date, all Subordinated 510(c) Claims shall be deemed eliminated, cancelled and/or extinguished and each Holder thereof shall not be entitled to, and shall not receive or retain any property under the Plan on account of such Subordinated 510(c) Claims.  Class 6 is deemed to have rejected the Plan and, therefore, Holders of Class 6 Claims are not entitled to vote to accept or reject the Plan.

      5.      Class 7:  Subordinated 510(b) Claims

      On the Effective Date, all Subordinated 510(b) Claims shall be deemed eliminated, cancelled, and/or extinguished and each Holder thereof shall not be entitled to, and shall not receive or retain any property under the Plan on account of such Subordinated 510(b) Claims.  Class 7 is deemed to have rejected the Plan and, therefore, Holders of Class 7 Claims are not entitled to vote to accept or reject the Plan.

**D.**      ***Impaired Interests***

      1.      Class 8:  Interests

      On the Effective Date, all Interests shall be cancelled and each Holder thereof shall not be entitled to, and shall not receive or retain any property or interest in property on account of, such Interests.  Class 8 is deemed to have rejected the Plan and, therefore, Holders of Interests are not entitled to vote to accept or reject the Plan.

**E.**        ***Special Provision Regarding Unimpaired Claims***

Except as otherwise provided in the Plan, the Confirmation Order, any other order of the Court, or any document or agreement enforceable pursuant to the terms of the Plan, nothing shall affect the rights and defenses, both legal and equitable, of the Debtors and the Liquidating Trustee with respect to any Unimpaired Claims, including, but not limited to, all rights with respect to legal and equitable defenses to setoffs or recoupments against Unimpaired Claims.

**F.**        ***Special Provision Regarding Use of Section 502(d) to Deny Distributions to Holders of Claims***

Notwithstanding anything to the contrary in the Plan, the Liquidating Trustee may only use Bankruptcy Code section 502(d) as a basis for refusing to make a Distribution to a Holder of a Claim that is subject to a pending section 502(d) objection until the earlier of (i) ninety (90) days after the Effective Date or (ii) entry of an order establishing some other deadline.

**G.**        ***Allowed Claims***

Except as set forth in Article III.F. above and in this Article III.G., the Liquidating Trustee shall only make Distributions to Holders of Allowed Claims.  No Holder of a Disputed Claim will receive any Distribution on account thereof until (and then only to the extent that) its Disputed Claim becomes an Allowed Claim; provided, however, that if the only dispute regarding a Disputed Claim is to the amount of the Disputed Claim, the Holder of a Disputed Claim shall be entitled to a Distribution on account of that portion of the Disputed Claim which the Liquidating Trustee does not dispute, which Distribution shall be made by the Liquidating Trustee at the time and in the manner that the Liquidating Trustee makes Distributions to Holders of Allowed Claims pursuant to the provisions of the Plan.  The Liquidating Trustee may, in its discretion, withhold Distributions otherwise due hereunder to any Claimholder until the Claims Objection Deadline, to enable a timely objection thereto to be filed.  Any Holder of a Claim that becomes an Allowed Claim after the Effective Date will receive its Distribution in accordance with the terms and provisions of this Plan and the Liquidating Trust Agreement.

**H.**        ***Special Provisions Regarding Insured Claims***

Distributions under the Plan to each Holder of an Insured Claim shall be in accordance with the treatment provided under the Plan for the Class in which such Insured Claim is classified; provided, however, that the maximum amount of any Distribution under the Plan on account of an Allowed Insured Claim shall be limited to an amount equal to: (a) the applicable deductible or self-insured retention under the relevant insurance policy minus (b) any reimbursement obligations of the Debtors to the insurance carrier for sums expended by the insurance carrier on account of such Claim (including defense costs); provided further, however, that, to the extent that a Claimholder has an Allowed Insured Claim, the amount of which exceeds the total coverage available from the relevant insurance policies of the Debtors, such Claimholder shall have an Allowed General Unsecured Claim in the amount by which such Allowed Insured Claim exceeds the coverage available from the relevant Debtors' insurance policies.  Nothing in this section shall constitute a waiver of any Cause of Action the Debtors may hold against any Person, including the Debtors' insurance carriers, or is intended to, shall, or shall be deemed to preclude any Holder of an Allowed Insured Claim from seeking and/or obtaining a Distribution or other recovery from any insurer of the Debtors in addition to any Distribution such Holder may receive under the Plan; provided further, however, that the Debtors do not waive, and expressly reserve their rights to assert that any insurance coverage is property of the Estates to which they are entitled.

The Plan shall not expand the scope of, or alter in any other way, the obligations of the Debtors' insurers under their policies, and the Debtors' insurers shall retain any and all defenses to coverage that such insurers may have.  The Plan shall not operate as a waiver of any other Claims the Debtors' insurers have asserted or may assert in any Proof of Claim or the Debtors' rights and defenses with respect to such Proofs of Claim.

# ARTICLE IV

## ACCEPTANCE OR REJECTION OF THE PLAN

**A.**    ***Impaired Classes of Claims Entitled to Vote***

Subject to Article III of the Plan, the votes of Holders of Claims and Interests in Impaired Classes who receive or retain property on account of their Claims or Interests and who are entitled to vote under the Solicitation Procedures Order will be solicited for acceptance or rejection of the Plan.

**B.**    ***Acceptance by an Impaired Class***

In accordance with Bankruptcy Code section 1126(c) and except as provided in Bankruptcy Code section 1126(e), an Impaired Class of Claims shall have accepted the Plan if the Plan is accepted by the Holders of at least two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of the Claims of such Class that are entitled to vote and have timely and properly voted to accept or reject the Plan.

**C.**    ***Presumed Acceptances by Unimpaired Classes***

Classes 1 and 2 are Unimpaired by the Plan.  Under Bankruptcy Code section 1126(f), such Claimholders are conclusively presumed to accept the Plan, and the votes of such Claimholders will not be solicited.

**D.**    ***Classes Deemed to Reject Plan***

Claimholders in Classes 5, 6 and 7 and Interest Holders in Class 8 are not entitled to receive or retain any property under the Plan.  Under Bankruptcy Code section 1126(g), Holders of Claims in Classes 5, 6 and 7 and Holders of Interests in Class 8 are deemed to reject the Plan, and the votes of such Claimholders or Interest Holders will not be solicited.

**E.**    ***Summary of Classes Voting on the Plan***

As a result of the provisions of Articles II and III of this Plan, the votes of Holders of Claims in Class 3 and Class 4 that are not subject to an objection or who have filed a motion under Bankruptcy Rule 3018(a) for temporary allowance of their Claims for voting purposes, all as further set out in the Solicitation Procedures Order, will be solicited with respect to the Plan.

**F.**    ***Confirmation Pursuant to Bankruptcy Code Section 1129(b)***

Because Classes 5, 6, 7 and 8 are deemed to reject the Plan, the Plan Proponents will seek confirmation of the Plan from the Court by employing the "cramdown" procedures set forth in section 1129(b) of the Bankruptcy Code.  The Plan Proponents reserve the right to alter, amend, modify, revoke, or withdraw the Plan or any Plan Exhibit or schedule, including to amend or modify the Plan or such Exhibits or schedules to satisfy the requirements of Bankruptcy Code section 1129(b), if necessary.

# ARTICLE V

## MEANS FOR IMPLEMENTATION OF THE PLAN

**A.**    ***Global Plan Settlement and Substantive Consolidation***

1.    Global Plan Settlement and Substantive Consolidation

The Plan contemplates and is predicated upon entry of an order substantially consolidating the Debtors' Estates and the Chapter 11 Cases pursuant to the Global Plan Settlement set forth below, approval of which is being sought under Bankruptcy Rule 9019.

On the Effective Date, the Global Plan Settlement provides that (i) all Intercompany Claims by, between and among the Debtors shall be eliminated, (ii) all assets and liabilities of the Subsidiary Debtors shall be

merged or treated as if they were merged with the assets and liabilities of Circuit City, (iii) any obligation of a Debtor and all guarantees thereof by one or more of the other Debtors shall be deemed to be one obligation of Circuit City, (iv) the Interests shall be cancelled, and (v) each Claim filed or to be filed against any Debtor shall be deemed filed only against Circuit City and shall be deemed a single Claim against and a single obligation of Circuit City. On the Effective Date, in accordance with the terms of the Plan, including the Global Plan Settlement, and the consolidation of the assets and liabilities of the Debtors, all Claims based upon guarantees of collection, payment, or performance made by the Debtors as to the obligations of another Debtor shall be released and of no further force and effect. The foregoing (x) shall not affect the rights of any Holder of a Miscellaneous Secured Claim with respect to the Collateral securing its Claim, or the terms and implementation of any settlement, and the rights and obligations of the parties thereto, entered into in connection with the confirmation of the Plan and (y) shall not, and shall not be deemed to, prejudice the Causes of Action and the Avoidance Actions (subject to the releases set forth in Article X of the Plan), which shall survive entry of the Global Plan Settlement Approval Order for the benefit of the Debtors and their Estates, as if there had been no substantive consolidation.

2.    The Global Settlement Approval Order

The Plan and Disclosure Statement, jointly, shall serve as, and shall be deemed to be, a motion for entry of an order under Bankruptcy Rule 9019 approving the Global Plan Settlement and the associated substantive consolidation of the Debtors' Chapter 11 Cases. If no objection to the Global Plan Settlement is timely filed and served by any Holder of an Impaired Claim affected by the Plan as provided herein on or before the Voting Deadline or such other date as may be established by the Bankruptcy Court, the Global Plan Settlement Approval Order (which may be the Confirmation Order) may be approved by the Bankruptcy Court. If any such objections are timely filed and served, a hearing with respect to the Global Plan Settlement and the objections thereto shall be scheduled by the Bankruptcy Court, which hearing may, but is not required to, coincide with the Confirmation Hearing.

**B.    *Corporate Action***

1.    Transfer of Estate Assets

Upon the Effective Date, (a) the members of the board of directors or managers, as the case may be, of each of the Subsidiary Debtors and Circuit City shall be deemed to have resigned; (b) each of the Debtors shall cause all its Assets and the Assets of its Estate to be transferred to the Liquidating Trust in accordance with this Plan.

Upon transfer of the Assets, the Debtors shall have no further duties or responsibilities in connection with the implementation of the Plan.

2.    Dissolution of the Debtors

On the Effective Date, each of the Debtors shall be deemed dissolved for all purposes without the necessity for any other or further actions to be taken by or on behalf of the Debtors or payments to be made in connection therewith.

As soon as practicable after the transfer of Assets to the Liquidating Trust, the Liquidating Trustee shall provide for the retention and storage of the books, records and files that shall have been delivered to the Liquidating Trust until such time as all such books, records and files are no longer required to be retained under applicable law, and file a certificate informing the Bankruptcy Court of the location at which such books, records, and files are being stored

The Professionals employed by the Debtors shall be entitled to reasonable compensation and reimbursement of actual, necessary expenses for post-Effective Date activities, including the preparation, filing, and prosecution of Final Fee Applications, upon the submission of invoices to the Liquidating Trust. Any time or expenses incurred in the preparation, filing, and prosecution of Final Fee Applications shall be disclosed by each Professional in its Final Fee Application and shall be subject to approval of the Bankruptcy Court.

3.      Legal Representation of the Debtors and the Creditors' Committee After the Effective Date

Upon the Effective Date, the attorney-client relationship between the Debtors and their current counsel, Skadden, Arps, Slate, Meagher & Flom LLP and McGuireWoods, LLP, and between the Creditors' Committee and its current counsel, Pachulski, Stang, Ziehl & Jones LLP and Tavenner & Beran, PLC, shall be deemed terminated.

4.      Cancellation of Existing Securities and Agreements

Except as otherwise provided in the Plan, and in any contract, instrument or other agreement or document created in connection with the Plan, on the Effective Date, the Interests and any other promissory notes, share certificates, whether for preferred or common stock (including treasury stock), other instruments evidencing any Claims or Interests, and all options, warrants, calls, rights, puts, awards and commitments shall be deemed cancelled and of no further force and effect, without any further act or action under any applicable agreement, law, regulation, order, or rule, and the obligations of the Debtors under the notes, share certificates, and other agreements and instruments governing such Claims and Interests shall be released; provided, however, that certain instruments, documents, and credit agreements related to Claims shall continue in effect solely for the purposes of allowing the agents to make distributions to the beneficial holders and lenders thereunder.  The holders of or parties to such canceled notes, share certificates and other agreements and instruments shall have no rights arising from or relating to such notes, share certificates and other agreements and instruments or the cancellation thereof, except the rights provided pursuant to the Plan.

5.      No Further Action

Each of the matters provided for under the Plan involving the corporate or limited liability company structure of the Debtors or corporate or limited liability company action to be taken by or required of the Debtors shall, as of the Effective Date, be deemed to have occurred and be effective as provided herein, and shall be authorized and approved in all respects without any requirement of further action by any Person, including but not limited to, the Liquidating Trust, the Liquidating Trustee, Holders of Claims or Interests against or in the Debtors, or directors or officers of the Debtors.

**C.      Sources for Plan Distribution**

All Cash necessary for the Liquidating Trustee to make payments of Cash pursuant to the Plan shall be obtained from the following sources: (a) the Debtors' Cash on hand, which shall be transferred to the Liquidating Trustee on the Effective Date, (b) Cash received in liquidation of the assets of the Liquidating Trust and (c) proceeds of the Causes of Action.

**D.      Intentionally Omitted**

**E.      Liquidating Trust**

1.      Establishment of the Liquidating Trust

The Liquidating Trust shall be established and shall become effective on the Effective Date.  All Distributions to the Holders of Allowed Claims shall be from the Liquidating Trust.  The Liquidating Trust shall hold and administer the following assets and the Net Proceeds thereof (collectively, the "Liquidating Trust Assets"):

(a)      the Assets of the Debtors, including but not limited to the Causes of Action for liquidation and distribution in accordance with the Plan; and

(b)      all other property of the Debtors and the Estates, and each of them, which shall be transferred by the Debtors to the Liquidating Trust on the Effective Date for liquidation and distribution in accordance with the Plan.

2.        Trust Distributions

The Liquidating Trustee shall liquidate all Assets of the Debtors and the Estates (including, without limitation, all Causes of Action) and distribute the Net Proceeds of such liquidation from the Liquidating Trust in accordance with this Plan and the Liquidating Trust Agreement.

3.        Duration of Trust

The Liquidating Trust shall have an initial term of five (5) years; provided, however, that, if warranted by the facts and circumstances, and subject to the approval of the Bankruptcy Court with jurisdiction over the case, upon a finding that an extension of the term of the Liquidating Trust is necessary to accomplish the liquidating purpose of the Liquidating Trust, the Liquidating Trust's term may be extended for a finite term based on facts and circumstances.  Each extension of the term of the Liquidating Trust must be approved by the Court within six (6) months of the beginning of the extended term.  The Liquidating Trust may be terminated earlier than its scheduled termination if (a) the Bankruptcy Court has entered a Final Order closing the Chapter 11 Cases pursuant to Bankruptcy Code section 350(a) and (b) the Liquidating Trustee has administered all assets of the Liquidating Trust and performed all other duties required by the Plan and the Liquidating Trust Agreement.  As soon as practicable after the Final Trust Distribution Date, the Liquidating Trustee shall seek entry of a Final Order closing the Chapter 11 Cases pursuant to Bankruptcy Code section 350.

4.        Liquidation of Causes of Action

Notwithstanding any other term or provision of the Plan, the Debtors shall have, prior to the Effective Date, and the Liquidating Trustee shall have, on and after the Effective Date, sole authority and responsibility for investigating, analyzing, commencing, prosecuting, litigating, compromising, collecting, and otherwise administering the Causes of Action.

5.        Liquidating Trustee

(a)      Appointment

The appointment of the Liquidating Trustee shall be effective as of the Effective Date.  Successor Liquidating Trustee(s) shall be appointed as set forth in the Liquidating Trust Agreement.

(b)      Term

Unless the Liquidating Trustee resigns or dies earlier, the Liquidating Trustee's term shall expire upon termination of the Liquidating Trust pursuant to the Plan and/or the Liquidating Trust Agreement.

(c)      Powers and Duties

The Liquidating Trustee shall have the rights and powers set forth in the Liquidating Trust Agreement including, but not limited to, the powers of a debtor-in-possession under Bankruptcy Code sections 1107 and 1108.  The Liquidating Trustee shall be governed in all things by the terms of the Liquidating Trust Agreement and the Plan.  The Liquidating Trustee shall administer the Liquidating Trust, and its assets, and make Distributions from the proceeds of the Liquidating Trust in accordance with the Plan.  In addition, the Liquidating Trustee shall, in accordance with the terms of the Plan, take all actions necessary to wind down the affairs of the Debtors consistent with the Plan and applicable non-bankruptcy law.  Without limitation, the Liquidating Trustee shall file final federal, state, foreign and, to the extent applicable, local, tax returns.  Subject to the terms of the Liquidating Trust Agreement, which includes, among other things, limitations on the Liquidating Trustee's discretion to take certain action without approval of the Liquidating Trust Oversight Committee or, in some circumstances, the Bankruptcy Court, the Liquidating Trustee shall be authorized, empowered and directed to take all actions necessary to comply with the Plan and exercise and fulfill the duties and obligations arising thereunder, including, without limitation, to:

(i)     employ, retain, and replace one or more attorneys, accountants, auctioneers, brokers, managers, consultants, other professionals, agents, investigators, expert witnesses, consultants, and advisors as necessary to discharge the duties of the Liquidating Trustee under the Plan and the Liquidating Trust Agreement;

(ii)    object to the allowance of Claims pursuant to the terms of the Plan;

(iii)   open, maintain and administer bank accounts as necessary to discharge the duties of the Liquidating Trustee under the Plan and the Liquidating Trust Agreement;

(iv)    pay reasonable and necessary professional fees, costs, and expenses as set forth in the Plan;

(v)     investigate, analyze, commence, prosecute, litigate, compromise, and otherwise administer the Causes of Action and all related Liens for the benefit of the Liquidating Trust and its beneficiaries, as set forth in the Plan, and take all other necessary and appropriate steps to collect, recover, settle, liquidate, or otherwise reduce to Cash the Causes of Action, including all receivables, and to negotiate and effect settlements and lien releases with respect to all related Claims and all related Liens;

(vi)    administer, sell, liquidate, or otherwise dispose of all Collateral and all other Assets of the Estates in accordance with the terms of the Plan;

(vii)   represent the Estates before the Bankruptcy Court and other courts of competent jurisdiction with respect to matters concerning the Liquidating Trust;

(viii)  seek the examination of any entity under and subject to the provisions of Bankruptcy Rule 2004;

(ix)    comply with applicable orders of the Bankruptcy Court and any other court of competent jurisdiction over the matters set forth herein;

(x)     comply with all applicable laws and regulations concerning the matters set forth herein;

(xi)    exercise such other powers as may be vested in the Liquidating Trust pursuant to the Liquidating Trust Agreement, the Plan, or other Final Orders of the Bankruptcy Court;

(xii)   execute any documents, instruments, contracts, and agreements necessary and appropriate to carry out the powers and duties of the Liquidating Trust; and

(xiii)  stand in the shoes of the Debtors for all purposes.

(d)     Fees and Expenses

Except as otherwise provided in the Plan, compensation of the Liquidating Trustee and the costs and expenses of the Liquidating Trustee and the Liquidating Trust (including, without limitation, professional fees and expenses) shall be paid from the Liquidating Trust.  The Liquidating Trustee shall pay, without further order,

notice, or application to the Bankruptcy Court, the reasonable fees and expenses of the Liquidating Trustee Professionals, as necessary to discharge the Liquidating Trustee's duties under the Plan and the Liquidating Trust Agreement.  Payments to the Liquidating Trustee, or to the Liquidating Trustee Professionals, shall not require notice to any party, or an order of the Bankruptcy Court approving such payments; provided, however, that the Liquidating Trustee shall be entitled to payment of reasonable fees and expense incurred prior to the Effective Date in an amount to be agreed to by the Plan Proponents and approved by the Bankruptcy Court in the Confirmation Order.

(e)        Retention of Professionals and Compensation Procedure

On and after the Effective Date, subject to the terms of the Liquidating Trust Agreement, the Liquidating Trustee may engage such professionals and experts as may be deemed necessary and appropriate by the Liquidating Trustee to assist the Liquidating Trustee in carrying out the provisions of the Plan and the Liquidating Trust Agreement, including, but not limited to, Professionals retained prior to the Effective Date by either the Debtors or the Creditors' Committee.  Subject to the terms of the Liquidating Trust Agreement, for services performed from and after the Effective Date, Liquidating Trustee Professionals shall receive compensation and reimbursement of expenses in a manner to be determined by the Liquidating Trustee.

(f)        Liquidating Trustee as Successor

Pursuant to Bankruptcy Code section 1123(b), the Liquidating Trustee shall be the successor to the Debtors for all purposes.

(g)        Compromising Claims

Pursuant to Bankruptcy Rule 9019(b), the Plan and the Liquidating Trust Agreement, as of the Effective Date, the Liquidating Trustee is authorized to approve compromises of the Causes of Action and all Claims, Disputed Claims, and Liens and to execute necessary documents, including Lien releases and stipulations of settlement or release, without notice to any party and without further order of the Bankruptcy Court, except as otherwise provided in the Liquidating Trust Agreement.

(h)        Investment Powers

The powers of the Liquidating Trustee to invest any Cash that is held by the Liquidating Trust, other than those powers reasonably necessary to maintain the value of the assets and to further the Liquidating Trust's liquidating purposes, shall be limited to powers to invest in demand and time deposits, such as short-term certificates of deposit, in banks or other savings institutions, or other temporary liquid investments, such as treasury bills.  The Liquidating Trustee is prohibited from continuing or engaging in the conduct of a trade or business, except to the extent reasonably necessary to and consistent with the liquidating purpose of the Liquidating Trust.

(i)        Distributions

Except as otherwise provided in the Plan, the Liquidating Trustee is required to distribute at least annually to beneficiary Claimholders qualifying for Distributions from the Liquidating Trust under the Plan the Liquidating Trust's net income and all net proceeds from the sale of assets by the Liquidating Trust, except that the Liquidating Trust may retain an amount of net proceeds or net income reasonably necessary to maintain the value of its assets or to meet Claims and contingent liabilities (including Disputed Claims).  The Liquidating Trustee shall make continuing efforts to dispose of the Liquidating Trust's assets, make timely Distributions, and not unduly prolong the duration of the Liquidating Trust.

(j)        Vesting of Assets

On the Effective Date, all property treated by the Plan, any minutes, and general corporate records of Debtors, and any books and records relating to the foregoing not otherwise treated by the Plan, shall vest in the Liquidating Trust free and clear of all Liens, Claims, encumbrances, and other interests and shall thereafter be

administered, liquidated by sale, collection, recovery, or other disposition and distributed by the Liquidating Trust in accordance with the terms of the Liquidating Trust Agreement and the Plan.

      6.     Federal Income Taxation of Liquidating Trust

      (a)     Treatment of Liquidating Trust and Asset Transfers

For federal income tax purposes, the Debtors, the Liquidating Trust, the Liquidating Trustee and the beneficiary Claimholders shall treat the Liquidating Trust as a liquidating trust within the meaning of Treasury Income Tax Regulation Section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 124. For federal income tax purposes, the transfer of assets to the Liquidating Trust under the Plan is treated as a deemed transfer to the beneficiary Claimholders in satisfaction of their Claims followed by a deemed transfer of the assets by the beneficiary Claimholders to the Liquidating Trust. For federal income tax purposes, the beneficiary Claimholders will be deemed to be the grantors and owners of the Liquidating Trust and its assets. For federal income tax purposes, the Liquidating Trust will be taxed as a grantor trust within the meaning of IRC Sections 671-677 (a non-taxable pass-through tax entity) owned by the beneficiary Claimholders. The Liquidating Trust will file federal income tax returns as a grantor trust under IRC Section 671 and Treasury Income Tax Regulation Section 1.671-4 and report, but not pay tax on, the Liquidating Trust's tax items of income, gain, loss deductions and credits ("Tax Items"). The beneficiary Claimholders will report such Tax Items on their federal income tax returns and pay any resulting federal income tax liability. The Debtors, the Liquidating Trust and the beneficiary Claimholders will use consistent valuations of the assets transferred to the Liquidating Trust for all federal income tax purposes, such valuations to be determined jointly by the Debtors and the Liquidating Trustee.

      (b)     Reserves that may be Established by the Liquidating Trustee

The Plan permits the Liquidating Trustee to create separate reserves for Disputed Claims. The Liquidating Trustee may, at the Liquidating Trust's sole discretion, file a tax election to treat any such reserve as a Disputed Ownership Fund ("DOF") within the meaning of Treasury Income Tax Regulation Section 1.468B-9 for federal income tax purposes rather than to tax such reserve as a part of the Liquidating Trust. If such an election were made, the Liquidating Trust would comply with all federal and state tax reporting and tax compliance requirements of the DOF, including but not limited to the filing of a separate federal income tax return for the DOF and the payment of federal and/or state income tax due.

**F.**     ***No Revesting of Assets***

The property of the Debtors' Estates shall not be vested in the Debtors on or following the Effective Date, but shall be vested in the Liquidating Trust and continue to be subject to the jurisdiction of the Bankruptcy Court following confirmation of the Plan until such property is distributed to Holders of Allowed Claims in accordance with the provisions of the Plan, the Liquidating Trust Agreement, and the Confirmation Order.

**G.**     ***Accounts***

The Liquidating Trustee shall (a) establish one or more general accounts into which shall be deposited all funds not required to be deposited into any other account or reserve and (b) create, fund, and withdraw funds from, as appropriate, any reserves or other accounts maintained or established by the Liquidating Trustee.

**H.**     ***Release of Liens***

Except as otherwise provided in the Plan, the Confirmation Order, or in any document, instrument, or other agreement created in connection with the Plan, on the Effective Date, all mortgages, deeds of trust, liens, or other security interests against the property of the Estates shall be released.

**I.**     ***Exemption from Certain Transfer Taxes***

Pursuant to Bankruptcy Code section 1146(c), any transfers from any of the Debtors to the Liquidating Trust or to any other Person pursuant to the Plan in the United States shall not be subject to any stamp tax or similar tax, and the Confirmation Order shall direct the appropriate state or local governmental officials or

agents to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

### J.    Preservation of Causes of Action; Settlement of Causes of Action

1.    Preservation of Causes of Action

In accordance with section 1123(b)(3) of the Bankruptcy Code or any corresponding provision of similar federal or state laws, and except as otherwise provided in the Final DIP Order, the Plan or the Confirmation Order, on and after the Effective Date, (a) the Liquidating Trustee shall be deemed to be a representative of the Debtors as the party in interest in the Chapter 11 Cases and any adversary proceeding in the Chapter 11 Cases, under the Plan or in any judicial proceeding or appeal as to which any of the Debtors is a party and (b) the Liquidating Trustee shall retain all of the Causes of Action of the Debtors and their Estates, a nonexclusive list of which is set forth on Exhibit D, annexed hereto, and other similar claims arising under applicable state laws, including, without limitation, fraudulent transfer claims, if any, and all other causes of action of a trustee and debtor in possession under the Bankruptcy Code.  The Liquidating Trustee and/or the Liquidating Trust may, in accordance with the Liquidating Trust Agreement, enforce, sue on, settle or compromise (or decline to do any of the foregoing) any or all of the Causes of Action.

The Plan Proponents have not concluded their investigation into the Causes of Action. Accordingly, in considering the Plan, each party in interest should understand that any and all Causes of Action that may exist against such Person or entity may be pursued by the Liquidating Trust and/or the Liquidating Trustee, regardless of whether, or the manner in which, such Causes of Action are listed on Exhibit D to this Plan or described herein.  The failure of the Plan Proponents to list a claim, right, cause of action, suit or proceeding on Exhibit D shall not constitute a waiver or release by the Debtors or their Estates of such claim, right of action, suit or proceeding.  The substantive consolidation of the Debtors and their Estates pursuant to the Global Plan Settlement Approval Order as set forth in Article V.A. of this Plan shall not, and shall not be deemed to, prejudice any of the Causes of Action, which shall survive entry of the Global Plan Settlement Approval Order for the benefit of the Debtors and their Estates, and, upon the Effective Date, for the benefit of the Liquidating Trust.

2.    Settlement of Causes of Action

Subject to the terms of the Liquidating Trust Agreement, at any time after the Confirmation Date but before the Effective Date, notwithstanding anything in this Plan to the contrary, the Debtors may settle some or all of the Causes of Action with the approval of the Court pursuant to Bankruptcy Rule 9019.  After the Effective Date, the Liquidating Trustee, in accordance with the terms of this Plan and the Liquidating Trust Agreement, will determine whether to bring, settle, release, compromise, enforce or abandon such rights (or decline to do any of the foregoing) in accordance with Article V.E.5(g) hereof.

### K.    Effectuating Documents; Further Transactions

Subject to the terms and conditions of the Plan, prior to the Effective Date, any appropriate officer of the applicable Debtor shall be authorized to execute, deliver, file or record such contracts, instruments, releases, indentures and other agreements or documents, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.  Subject to the terms and conditions of the Plan and the Liquidating Trust Agreement, after the Effective Date, the Liquidating Trust shall be authorized to execute, deliver, file or record such contracts, instruments, releases, indentures and other agreements or documents, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

## ARTICLE VI

## PROVISIONS GOVERNING DISTRIBUTIONS

### A.    *Distributions for Claims Allowed as of the Effective Date*

Except as otherwise provided herein or as ordered by the Bankruptcy Court, all Distributions to be made on account of Claims that are Allowed Claims as of the Effective Date shall be made on the Distribution Date by the Liquidating Trustee.  Distributions on account of Claims that first become Allowed Claims after the Effective Date shall be made pursuant to the terms and conditions of this Plan.  Notwithstanding any other provision of the Plan to the contrary, no Distribution shall be made on account of any Allowed Claim or portion thereof that (i) has been satisfied after the Petition Date pursuant to an order of the Bankruptcy Court; (ii) is listed in the Schedules as contingent, unliquidated, disputed or in a zero amount, and for which a Proof of Claim has not been timely filed; or (iii) is evidenced by a Proof of Claim that has been amended by a subsequently filed Proof of Claim that purports to amend the prior Proof of Claim.

### B.    *Liquidating Trustee as Disbursing Agent*

The Liquidating Trustee shall make all Distributions required under this Plan, subject to the terms and provisions of this Plan and the Liquidating Trust Agreement.  The Liquidating Trustee shall be required to post a bond or surety or other security for the performance of its duties as provided in the Confirmation Order.  The Liquidating Trustee shall be authorized and directed to rely upon the Debtors' books and records and its representatives and professionals in determining Allowed Claims not entitled to Distribution under the Plan in accordance with the terms of the Plan.

### C.    *Delivery of Distributions and Undeliverable or Unclaimed Distributions*

1.    Delivery of Distributions in General

Distributions to Holders of Allowed Claims shall be made by the Liquidating Trustee (a) at the addresses set forth on the Proofs of Claim filed by such Holders, (b) at the addresses set forth in any written notices of address changes delivered to the Liquidating Trustee after the date of any related Proof of Claim, (c) at the addresses reflected in the Schedules if no Proof of Claim has been filed and the Liquidating Trustee has not received a written notice of a change of address, (d) at the addresses set forth in the other records of the Debtors or the Liquidating Trustee at the time of the Distribution or (e) in the case of the Holder of a Claim that is governed by an agreement and is administered by an agent or servicer, at the addresses contained in the official records of such agent or servicer.

Distributions shall be made from the Liquidating Trust in accordance with the terms of this Plan and the Liquidating Trust Agreement.

In making Distributions under the Plan, the Liquidating Trustee may rely upon the accuracy of the claims register maintained by the Claims Agent in the Chapter 11 Cases, as modified by any Final Order of the Bankruptcy Court disallowing Claims in whole or in part.

2.    Undeliverable and Unclaimed Distributions

If the Distribution to any Holder of an Allowed Claim is returned to the Liquidating Trustee as undeliverable or is otherwise unclaimed, no further Distributions shall be made to such Holder unless and until the Liquidating Trustee is notified in writing of such Holder's then-current address, at which time all missed Distributions shall be made to such Holder without interest.  Amounts in respect of undeliverable Distributions made by the Liquidating Trustee shall be returned to the Liquidating Trustee until such Distributions are claimed.  The Liquidating Trustee shall, with respect to Cash, maintain in the Liquidating Trust Cash on account of undeliverable and unclaimed Distributions until such time as a Distribution becomes deliverable, is claimed or is forfeited.

<u>Any Holder of an Allowed Claim that does not assert a Claim pursuant to this Plan for an undeliverable or unclaimed Distribution within six (6) months after the last Periodic Distribution Date shall be</u>

deemed to have forfeited its Claim for such undeliverable or unclaimed Distribution and shall be forever barred and enjoined from asserting any such Claim for an undeliverable or unclaimed Distribution against the Debtors and their Estates, the Liquidating Trustee, the Liquidating Trust, and their respective agents, attorneys, representatives, employees or independent contractors, and/or any of its and their property.  In such cases, any Cash otherwise reserved for undeliverable or unclaimed Distributions shall become the property of the Liquidating Trust free of any restrictions thereon and notwithstanding any federal or state escheat laws to the contrary and shall be distributed in accordance with the terms of this Plan and the Liquidating Trust Agreement.  Nothing contained in this Plan or the Liquidating Trust Agreement shall require the Debtors, or the Liquidating Trustee to attempt to locate any Holder of an Allowed Claim; provided, however, that in his sole discretion, the Liquidating Trustee may periodically publish notice of unclaimed Distributions.

### D.     Prepayment

Except as otherwise provided in this Plan or the Confirmation Order, the Debtors or the Liquidating Trustee, as the case may be, shall have the right to prepay, without penalty, all or any portion of an Allowed Administrative Claim, Allowed Priority Tax Claim, Allowed Miscellaneous Secured Claim or Allowed Non-Tax Priority Claim, at any time.

### E.     Means of Cash Payment

Cash payments made pursuant to this Plan shall be in U.S. dollars and shall be made, on and after the Effective Date, at the option and in the sole discretion of the Liquidating Trustee by (i) checks drawn on or (ii) wire transfers from a domestic bank selected by the Liquidating Trustee.  In the case of foreign creditors, Cash payments may be made, at the option of the Liquidating Trustee, in such funds and by such means as are necessary or customary in a particular jurisdiction.

### F.     Interest on Claims

Unless otherwise specifically provided for in this Plan or the Confirmation Order, or required by applicable bankruptcy law, postpetition interest shall not accrue or be paid on any Claims, and no Claimholder shall be entitled to interest accruing on or after the Petition Date on any Claim.  Interest shall not accrue or be paid upon any Disputed Claim in respect of the period from the Petition Date to the date a final Distribution is made thereon if and after such Disputed Claim becomes an Allowed Claim.

### G.     Withholding and Reporting Requirements

In connection with this Plan and all Distributions under this Plan, the Liquidating Trustee shall, to the extent applicable, comply with all tax withholding, payment, and reporting requirements imposed by any federal, state, provincial, local, or foreign taxing authority, and all Distributions under this Plan shall be subject to any such withholding, payment, and reporting requirements.  The Liquidating Trustee shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding, payment, and reporting requirements.  All amounts properly withheld from Distributions to a Holder as required by applicable law and paid over to the applicable taxing authority for the account of such Holder shall be treated as part of the Distributions to such Holder.  All persons holding Claims shall be required to provide any information necessary to effect information reporting and withholding of such taxes.  For example, with respect to any employee-related withholding, if the Debtors are obligated by law to withhold amounts from Distributions to a present or former employee to satisfy such present or former employee's tax and other payroll obligations, the Liquidating Trustee may withhold a portion of the Distributions allocated to the Holder of an Allowed Claim that is a present or former employee, whether or not such Distributions are in the form of Cash, in such amount as is determined necessary to satisfy such Holder's tax and other payroll obligations with respect to the Distributions.

Notwithstanding any other provision of this Plan, (a) each Holder of an Allowed Claim that is to receive a Distribution pursuant to this Plan shall have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit, including income, withholding, and other tax obligations, on account of such Distribution, and (b) no Distribution shall be made to or on behalf of such Holder pursuant to this Plan unless and until such Holder has made arrangements satisfactory to the Liquidating Trustee for the payment and satisfaction of such withholding tax obligations or such tax obligation that would be imposed upon the Liquidating Trustee in connection with such Distribution.  Any property to be distributed pursuant to this Plan

shall, pending the implementation of such arrangements, be treated as an undeliverable Distribution pursuant to Article VI.C.2 of this Plan.

**H.    Setoffs**

      1.    By a Debtor

      Except as otherwise provided in the Plan, the Debtors, prior to the Effective Date, and the Liquidating Trustee, on and after the Effective Date, may, pursuant to Bankruptcy Code section 553 or applicable nonbankruptcy laws, but shall not be required to, set off against any Claim, and the payments or other Distributions to be made pursuant to the Plan in respect of such Claim, Claims of any nature whatsoever that the Debtors may have against the Holder of such Claim; provided, however, that neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtors, the Liquidating Trust or the Liquidating Trustee of any such Claim that the Debtors may have against such Holder.

      2.    By Non-Debtors

      Unless otherwise stipulated in writing by the Debtors (before the Effective Date) or by the Liquidating Trust (after the Effective Date), any party against whom a claim or counterclaim is asserted by the Estates (an "Estate Claim") must assert any setoff rights, right of subrogation, or recoupment of any kind against such Estate Claim at the time it answers such Estate Claim, or such right of setoff, subrogation or recoupment  will be deemed waived and forever barred; provided, however that nothing herein shall limit the assertion of such right of setoff, subrogation or recoupment  via an amended or supplemental pleading to the extent permitted by Rule 15 of the Federal Rules of Civil Procedure and/or Rule 7015 of the Federal Rules of Bankruptcy Procedure.

**I.    Procedure for Treating and Resolving Disputed, Contingent and/or Unliquidated Claims**

      1.    Objection Deadline; Prosecution of Objections

      Except as set forth in the Plan with respect to Administrative Claims, all objections to Claims must be filed and served on the Holders of such Claims by the Claims Objection Deadline, as the same may be extended by the Bankruptcy Court.  If an objection has not been filed to a Proof of Claim or the Schedules have not been amended with respect to a Claim that (i) was Scheduled by the Debtors but (ii) was not Scheduled as contingent, unliquidated, and/or disputed, by the Claims Objection Deadline, as the same may be extended by order of the Bankruptcy Court, the Claim to which the Proof of Claim or Scheduled Claim relates will be treated as an Allowed Claim if such Claim has not been allowed earlier.  Notice of any motion for an order extending the Claims Objection Deadline shall be required to be given only to those persons or entities that have requested notice in the Chapter 11 Cases, or to such persons as the Bankruptcy Court shall order.

      From the Confirmation Date through the Claims Objection Deadline, any party in interest, including the Liquidating Trustee, may file objections, settle, compromise, withdraw, or litigate to judgment objections to Claims.  Subject to the terms of the Liquidating Trust Agreement, from and after the Effective Date, the Liquidating Trustee may settle or compromise any Disputed Claim without approval of the Bankruptcy Court. Nothing contained herein, however, shall limit the right of the Liquidating Trustee to object to Claims, if any, filed or amended after the Effective Date.

      2.    No Distributions on Disputed Claims

      Notwithstanding any other provision of the Plan or the Liquidating Trust Agreement, no payments or Distributions shall be made with respect to all or any portion of a Disputed Claim unless and until all objections to such Disputed Claim (except for objections based upon Bankruptcy Code section 502(d), which shall be governed by Article III.F. of this Plan) have been settled or withdrawn or have been determined by Final Order, and the Disputed Claim, or some portion thereof, has become an Allowed Claim; provided, however, that if the only dispute regarding a Disputed Claim is to the amount of the Disputed Claim, the Holder of a Disputed Claim shall be entitled to a Distribution on account of that portion of the Disputed Claim which the Debtors or the Liquidating Trustee do

not dispute at the time and in the manner that the Liquidating Trustee makes Distributions to Holders of Allowed Claims pursuant to the provisions of the Plan.

> 3.        Distributions on Allowed Claims

Payments and Distributions from the Liquidating Trust to each respective Claimholder on account of a Disputed Claim, to the extent that it ultimately becomes an Allowed Claim, shall be made in accordance with provisions of the Plan that govern Distributions to such Claimholders.  Except as otherwise provided in the Plan, on the earlier of (a) the Distribution Date following the date when a Disputed Claim becomes an Allowed Claim or (b) ninety (90) days after such Disputed Claim becomes an Allowed Claim, the Liquidating Trustee will distribute to the Claimholder any Cash from the Liquidating Trust that would have been distributed on the dates Distributions were previously made to Claimholders had such Allowed Claim been an Allowed Claim on such dates.

All Distributions made under this Article of the Plan on account of an Allowed Claim will be made together with any dividends, payments, or other Distributions made on account of, as well as any obligations arising from, the distributed property as if such Allowed Claim had been an Allowed Claim on the dates Distributions were previously made to Holders of Allowed Claims included in the applicable Class.

> 4.        De Minimis Distributions

Except as otherwise provided in the Plan, the Liquidating Trustee shall not have any obligation to make a Distribution on account of an Allowed Claim if the amount to be distributed to the specific Holder of the Allowed Claim on the particular Periodic Distribution Date does not constitute a final Distribution to such Holder and such Distribution has a value less than $10.00.  The Liquidating Trustee shall have no obligation to make any Distribution on Claims Allowed in an amount less than $500.00.

## J.        Fractional Dollars

Any other provision of this Plan notwithstanding, the Liquidating Trustee shall not be required to make Distributions or payments of fractions of dollars.  Whenever any payment of a fraction of a dollar under this Plan would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole dollar (up or down), with half dollars being rounded down.

## K.        Allocation of Plan Distributions Between Principal and Interest

To the extent that any Allowed Claim entitled to a Distribution under this Plan is composed of indebtedness and accrued but unpaid interest thereon, such Distribution shall, for all income tax purposes, be allocated to the principal amount of the Claim first and then, to the extent the consideration exceeds the principal amount of the Claim, to the portion of such Claim representing accrued but unpaid interest.

## L.        Distribution Record Date

The Liquidating Trustee will have no obligation to recognize the transfer of or sale of any participation in any Allowed Claim that occurs after the close of business on the Distribution Record Date, and will be entitled for all purposes herein to recognize, deal with and distribute only to those Holders of Allowed Claims who are record Holders of such Claims, or participants therein, as of the close of business on the Distribution Record Date, as stated on the official claims register.

**ARTICLE VII**

**TREATMENT OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES**

**A.      *Rejected Contracts and Leases***

Except as otherwise provided in the Confirmation Order, the Plan, or any other Plan Document, the Confirmation Order shall constitute an order under Bankruptcy Code section 365 rejecting all prepetition executory contracts and unexpired leases to which any Debtor is a party, to the extent such contracts or leases are executory contracts or unexpired leases, on and subject to the occurrence of the Effective Date, unless such contract or lease (a) previously shall have been assumed, assumed and assigned, or rejected by the Debtors, (b) previously shall have expired or terminated pursuant to its own terms before the Effective Date, (c) is the subject of a pending motion to assume or reject on the Confirmation Date, or (d) is identified in <u>Exhibit C</u> to this Plan as an insurance agreement of the Debtors; <u>provided</u>, <u>however</u>, that the Plan Proponents may amend such Exhibit C at any time prior to the Confirmation Date; <u>provided</u> <u>further</u> <u>however</u>, that listing an insurance agreement on such Exhibit shall not constitute an admission by a Debtor that such agreement is an executory contract or that any Debtor has any liability thereunder.

**B.      *Bar to Rejection Damages***

If the rejection of an executory contract or unexpired lease pursuant to Article VII.A. above gives rise to a Claim by the other party or parties to such contract or lease, such Claim shall be forever barred and shall not be enforceable against the applicable Debtor or its Estate, the Liquidating Trust, or their respective successors or properties unless a Proof of Claim is filed and served on the Liquidating Trust and counsel for the Liquidating Trustee within thirty (30) days after service of a notice of the Effective Date or such other date as is prescribed by the Bankruptcy Court.

**C.      *Assumed and Assigned Contracts and Leases***

Except as otherwise provided in the Confirmation Order, the Plan, or any other Plan Document entered into after the Petition Date or in connection with the Plan, the Confirmation Order shall constitute an order under Bankruptcy Code section 365 assuming, as of the Effective Date, those insurance agreements listed on <u>Exhibit C</u> to this Plan; <u>provided</u>, <u>however</u>, that the Plan Proponents may amend such Exhibit at any time prior to the Confirmation Date; <u>provided</u> <u>further</u>, <u>however</u>, that listing an insurance agreement on such Exhibit shall not constitute an admission by a Debtor that such agreement is an executory contract or that any Debtor has any liability thereunder.

**ARTICLE VIII**

**CONFIRMATION AND CONSUMMATION OF THE PLAN**

**A.      *Conditions to Confirmation***

The following are conditions precedent to the occurrence of the Confirmation Date:

1.      A Final Order finding that the Disclosure Statement contains adequate information pursuant to Bankruptcy Code section 1125 shall have been entered by the Bankruptcy Court;

2.      The Global Plan Settlement Approval Order, which may be the Confirmation Order, in form and substance reasonably acceptable to the Plan Proponents, shall have been entered by the Bankruptcy Court prior to or contemporaneously with the Confirmation Order;

3.      A proposed Confirmation Order in form and substance, reasonably acceptable to the Plan Proponents;

4.      Approval of all provisions, terms and conditions hereof in the Confirmation Order; and

5.      The Creditors' Committee shall have determined, in its reasonable judgment, that the Liquidating Trust will have sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Administrative Claims that the Creditors' Committee believes will ultimately become Allowed.

**B.      Conditions to Effective Date**

The following are conditions precedent to the occurrence of the Effective Date, each of which must be satisfied or waived in writing in accordance with Article VIII.C.:

1.      The Confirmation Order shall have been entered and become a Final Order and shall provide that the Debtors, the Liquidating Trust, and the Liquidating Trustee are authorized and directed to take all actions necessary or appropriate to enter into, implement and consummate the contracts, instruments, releases, leases, indentures, and other agreements or documents created in connection with the Plan or effectuate, advance, or further the purposes thereof;

2.      All Plan Exhibits shall be, in form and substance, reasonably acceptable to the Plan Proponents, and shall have been executed and delivered by all parties' signatory thereto;

3.      The Debtors shall be authorized and directed to take all actions necessary or appropriate to enter into, implement and consummate the contracts, instruments, releases, leases, indentures, and the agreements or documents created in connection with, and expressly provided for under, the Plan; and

4.      All other actions, documents, and agreements necessary to implement the Plan shall have been effected or executed.

**C.      Waiver of Conditions**

Each of the conditions set forth in Articles VIII.A and VIII.B of the Plan may be waived in whole or in part by the Plan Proponents.  The failure to satisfy or waive any condition to the Effective Date may be asserted by the Plan Proponents regardless of the circumstances giving rise to the failure of such condition to be satisfied.  The failure of a party to exercise any of the foregoing rights shall not be deemed a waiver of any other rights, and each such right shall be deemed an ongoing right that may be asserted at any time.

**D.      Consequences of Non-Occurrence of Effective Date**

In the event that the Effective Date does not timely occur, the Plan Proponents reserve all rights to seek an order from the Bankruptcy Court directing that the Confirmation Order be vacated, that the Plan be null and void in all respects, and/or that any settlement of Claims provided for in the Plan be null and void.  In the event that the Bankruptcy Court shall enter an order vacating the Confirmation Order, the time within which the Debtors may assume and assign or reject all executory contracts and unexpired leases not previously assumed, assumed and assigned, or rejected, shall be extended for a period of thirty (30) days after the date the Confirmation Order is vacated, without prejudice to further extensions.

**E.      Substantial Consummation**

Substantial consummation of the Plan, as defined in Bankruptcy Code section 1101(2), shall not be deemed to have occurred unless and until the Face Amount of all Administrative Claims, Priority Claims and Miscellaneous Secured Claims have been paid in full or, to the extent not paid in full, funds sufficient to satisfy the Face Amount all such Claims have been  placed in a segregated reserve.

## ARTICLE IX

## ALLOWANCE AND PAYMENT OF CERTAIN ADMINISTRATIVE CLAIMS

**A.    *Professional Fee Claims***

      1.    Final Fee Applications

      The Final Fee Applications must be filed no later than forty-five (45) days after the Effective Date. Objections, if any, to Final Fee Applications of such Professionals must be filed and served on the Liquidating Trustee and its respective counsel, the requesting Professional and the Office of the U.S. Trustee no later than forty-five (45) days from the date on which each such Final Fee Application is served and filed.  After notice and a hearing in accordance with the procedures established by the Bankruptcy Code and prior orders of the Bankruptcy Court, the allowed amounts of such Professional Fee Claims shall be determined by the Court.

      2.    Employment of Professionals after the Effective Date

      Except as otherwise provided for in the Liquidating Trust Agreement, from and after the Effective Date, any requirement that Professionals comply with Bankruptcy Code sections 327 through 331 or any order previously entered by the Bankruptcy Court in seeking retention or compensation for services rendered or expenses incurred after such date shall terminate.

**B.    *Substantial Contribution Compensation and Expenses Bar Date***

      Any Person who wishes to make a Substantial Contribution Claim based on facts or circumstances arising after the Petition Date, must file an application with the clerk of the Court, on or before the Final Administrative Claims Bar Date, and serve such application on counsel for the Plan Proponents and as otherwise required by the Court and the Bankruptcy Code on or before the Final Administrative Claims Bar Date, or be forever barred from seeking such compensation or expense reimbursement.  Objections, if any, to the Substantial Contribution Claim must be filed no later than the Administrative Claims Objection Deadline, unless otherwise extended by Order of the Court.

**C.    *Other Administrative Claims***

      All other requests for payment of an Administrative Claim arising after April 30, 2009 up to and through the Effective Date, other than Professional Fee Claims, must be filed with the Court and served on counsel for the Plan Proponents no later than the Final Administrative Claims Bar Date.  Unless the Liquidating Trustee or any other party in interest objects to an Administrative Claim by the Administrative Claims Objection Deadline, such Administrative Claim shall be deemed allowed in the amount requested.  In the event that the Liquidating Trustee or any other party in interest objects to an Administrative Claim, the Bankruptcy Court shall determine the allowed amount of such Administrative Claim.

## ARTICLE X

## EFFECT OF PLAN CONFIRMATION

**A.    *Binding Effect***

      This Plan shall be binding upon and inure to the benefit of the Debtors, all present and former Holders of Claims and Interests, and their respective successors and assigns, including, but not limited to, the Liquidating Trust and the Liquidating Trustee.

**B.    *Discharge of the Debtors***

      Pursuant to Bankruptcy Code section 1141(d)(3), Confirmation will not discharge Claims against the Debtors; provided, however, that no Claimholder or Interest Holder may, on account of such Claim or Interest, seek or receive any payment or other distribution from, or seek recourse against, any of the Debtors' Estates, the

Liquidating Trust, the Liquidating Trustee, and/or their respective successors, assigns and/or property, except as expressly provided in this Plan.

## C.    Releases by the Debtors

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors (in their individual capacities and as debtors and debtors in possession) will be deemed to release forever, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities (other than the rights of the Debtors to enforce this Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered hereunder, and liabilities arising after the Effective Date in the ordinary course of business) whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise that are based in whole or part on any act omission, transaction, event, or other occurrences (i) taking place on or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of the Debtors, the Chapter 11 Cases, the negotiation and filing of the Plan, the Disclosure Statement or any prior plans of reorganization, the filing of the Chapter 11 Cases, the pursuit of confirmation of the Plan or any prior plans of reorganization, the consummation of the Plan, the administration of the Plan, or the property to be liquidated and/or distributed under the Plan or (ii) in connection with, relating to, or arising out of the Initial Store Closings and/or the negotiation of the DIP Agreements or the DIP Facility, and that could have been asserted by or on behalf of the Debtors or their Estates, including pursuant to principles of substantive consolidation, piercing the corporate veil, alter ego, domination, constructive trust and similar principles of state or federal creditors' rights laws, in any such case, against the Released Parties.

Notwithstanding the foregoing, nothing in this Plan or in the Confirmation Order is intended to or shall be deemed in any way to affect any releases, waivers, or discharges provided by the Final DIP Order.

## D.    Injunction

Except as otherwise provided in the Plan, including, but not limited to, as set forth in Article VI.H.2, the Confirmation Order shall provide, among other things, that from and after the Effective Date all Persons who have held, hold or may hold Claims against or Interests in the Debtors are permanently enjoined from taking any of the following actions against the Estate(s), the Liquidating Trust, the Liquidating Trustee, or any of their property on account of any such Claims or Interests:  (A) commencing or continuing, in any manner or in any place, any action or other proceeding; (B) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order; (C) creating, perfecting, or enforcing any lien or encumbrance; (D) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors, except as set forth in Article VI.H.2. of the Plan; and (E) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; provided, however, that nothing contained herein shall preclude such Persons from exercising their rights pursuant to and consistent with the terms of this Plan or the Confirmation Order.

## E.    Term of Bankruptcy Injunction or Stays

All injunctions or stays provided for in the Chapter 11 Cases under Bankruptcy Code section 105 or 362, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.  Upon the Effective Date, the injunction provided in Article X.D. shall apply.

## F.    Satisfaction of Subordination Rights

All Claims against the Debtors and all rights and claims between or among Claimholders relating in any manner whatsoever to Distributions on account of Claims against or Interests in the Debtors, based upon any subordination rights, whether asserted or unasserted, legal or equitable, shall be deemed satisfied by the Distributions under the Plan to Claimholders or Interest Holders having such subordination rights, and such subordination rights shall be deemed waived, released, and terminated as of the Effective Date.  Distributions to the various Classes of Claims hereunder shall not be subject to levy, garnishment, attachment or like legal process by any Claimholder or Interest Holder by reason of any subordination rights or otherwise, so that, each Claimholder shall have and receive the benefit of the Distributions in the manner set forth in the Plan.

**G.    Exculpation and Limitation of Liability**

          Except as otherwise specifically provided in this Plan, the Debtors, the Liquidating Trustee, the Liquidating Trust, the Creditors' Committee, the members of the Creditors' Committee, solely in their capacity as such, and any of the foregoing parties' respective present or former members, officers, directors, employees, advisors, attorneys, representatives, financial advisors, investment bankers, or agents and any of such parties' successors and assigns, shall not have or incur any claim, action, proceeding, cause of action, Avoidance Action, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, right to payment, or Claim (as defined in Bankruptcy Code section 101(5)), whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured and whether asserted or assertable directly or derivatively, in law, equity, or otherwise to one another or to any Claimholder or Interest Holder, or any other party in interest, or any of their respective agents, employees, representatives, advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission originating or occurring (i) on or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of the Debtors, the Chapter 11 Cases, the negotiation and filing of the Plan, the Disclosure Statement or any prior plans of reorganization, the filing of the Chapter 11 Cases, the pursuit of confirmation of the Plan or any prior plans of reorganization, the consummation of the Plan, the administration of the Plan, or the property to be liquidated and/or distributed under the Plan or (ii) in connection with, relating to, or arising out of the Initial Store Closings and/or the negotiation of the DIP Agreements or the DIP Facility, except for their willful misconduct or gross negligence as determined by a Final Order of a court of competent jurisdiction, and in all respects shall be entitled to rely reasonably upon the advice of counsel with respect to their duties and responsibilities under the Plan.

**H.    Indemnification Obligations**

          Except as otherwise provided in this Plan or any contract, instrument, release, or other agreement or document entered into in connection with this Plan, any and all indemnification obligations that the Debtors have pursuant to a contract, instrument, agreement, certificate of incorporation, by-law, comparable organizational document or any other document, or applicable law shall be rejected as of the Effective Date, to the extent executory.

**I.    Dissolution of the Creditors' Committee**

          Effective on the Effective Date, the Creditors' Committee shall have no further powers or duties and shall be dissolved for all purposes; provided, however, that the Creditors' Committee and the Professionals employed by the Creditors' Committee shall be entitled to reasonable compensation and reimbursement of actual, necessary expenses for post-Effective Date activities, including the preparation, filing, and prosecution of Final Fee Applications, upon the submission of invoices to the Liquidating Trust. Any time or expenses incurred in the preparation, filing, and prosecution of Final Fee Applications shall be disclosed by each Professional in its Final Fee Application and shall be subject to approval of the Bankruptcy Court.

## ARTICLE XI

## RETENTION OF JURISDICTION

          Under Bankruptcy Code sections 105(a) and 1142, and notwithstanding entry of the Confirmation Order, substantial consummation of the Plan and occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including, among other things, jurisdiction to:

      A.      Allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim or Interest, including the resolution of any request for payment of any Administrative Claim, the resolution of any objections to the allowance or priority of Claims or Interests and the determination of requests for the payment of claims entitled to priority under Bankruptcy Code section 507(a)(1), including compensation of any reimbursement of expenses of parties entitled thereto;

B.       Hear and determine all applications for compensation and reimbursement of expenses of Professionals under the Plan or under Bankruptcy Code sections 330, 331, 503(b), 1103, and 1129(a)(4); <u>provided</u>, <u>however</u>, that from and after the Effective Date, the payment of the fees and expenses of the retained Professionals of the Liquidating Trust and/or the Liquidating Trustee shall be made in the ordinary course of business and shall not be subject to the approval of the Bankruptcy Court;

C.       Hear and determine all matters with respect to the assumption or rejection of any executory contract or unexpired lease to which a Debtor is a party or with respect to which a Debtor may be liable, and to hear, determine and, if necessary, liquidate any Claims arising therefrom;

D.       Effectuate performance of and payments under the provisions of the Plan;

E.       Hear and determine any and all adversary proceedings, motions, applications and contested or litigated matters arising out of, under or related to the Chapter 11 Cases, the Plan or the Liquidating Trust Agreement;

F.       Enter such orders as may be necessary or appropriate to execute, implement or consummate the provisions of the Plan and all contracts, instruments, releases and other agreements or documents created in connection with the Plan, the Disclosure Statement or the Confirmation Order;

G.       Hear and determine disputes arising in connection with the interpretation, implementation, consummation or enforcement of the Plan, including disputes arising under agreements, documents or instruments executed in connection with the Plan;

H.       Consider any modifications of the Plan, cure any defect or omission or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

I.        Issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any entity with implementation, consummation, or enforcement of the Plan or the Confirmation Order;

J.        Enter and implement such orders as may be necessary or appropriate if the Confirmation Order is for any reason reversed, stayed, revoked, modified or vacated;

K.       Hear and determine any matters arising in connection with or relating to the Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument, release or other agreement or document created in connection with the Plan, the Disclosure Statement or the Confirmation Order;

L.       Enforce all orders, judgments, injunctions, releases, exculpations, indemnifications and rulings entered in connection with the Chapter 11 Cases;

M.       Except as otherwise limited herein, recover all Assets of the Debtors and property of the Estates, wherever located;

N.       Hear and determine matters concerning state, local and federal taxes in accordance with Bankruptcy Code sections 346, 505 and 1146;

O.       Hear and determine all matters related to the property of the Estates from and after the Confirmation Date;

P.      Hear and determine the Causes of Action;

Q.      Hear and determine all disputes involving the existence, nature or scope of the injunctions, indemnification, exculpation and releases granted pursuant to this Plan;

R.      Hear and determine all matters related to (i) the property of the Estates from and after the Confirmation Date, (ii) the winding up of the Debtors' affairs, and (iii) the activities of the Liquidating Trust and/or the Liquidating Trustee, including (A) challenges to or approvals of the Liquidating Trustee's activities, (B) resignation, incapacity or removal of the Liquidating Trustee and successor Liquidating Trustees, (C) reporting by, termination of and accounting by the Liquidating Trustee, and (D) release of the Liquidating Trustee from its duties;

S.      Hear and determine disputes with respect to compensation of the Liquidating Trustee and the Liquidating Trustee Professionals;

T.      Hear and determine all disputes involving the existence, nature and/or scope of the injunctions and releases provided herein, including any dispute relating to any liability arising out of any termination of employment or the termination of any employee or retiree benefit provision, regardless of whether such termination occurred prior to or after the Effective Date;

U.      Hear and determine such other matters as may be provided in the Confirmation Order or as may be authorized under, or not inconsistent with, provisions of the Bankruptcy Code;

V.      Enforce all orders previously entered by the Bankruptcy Court;

W.      Dismiss any and/or all of the Chapter 11 Cases; and

X.      Enter a final decree closing the Chapter 11 Cases.

## ARTICLE XII

## MISCELLANEOUS PROVISIONS

*A.      Modifications and Amendments*

The Plan Proponents may alter, amend or modify the Plan or any Exhibits thereto under Bankruptcy Code section 1127(a) at any time prior to the Confirmation Date.  After the Confirmation Date and prior to substantial consummation of the Plan as defined in Bankruptcy Code section 1101(2), the Plan Proponents may, under Bankruptcy Code section 1127(b), institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement or the Confirmation Order, and such matters as may be necessary to carry out the purpose and effect of the Plan so long as such proceedings do not adversely affect the treatment of Holders of Claims under the Plan; provided, however, that prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or order of the Bankruptcy Court.

*B.      Severability of Plan Provisions*

If, prior to Confirmation, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, then the Bankruptcy Court, at the request of the Plan Proponents, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted.  Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding, alteration or interpretation.  The Confirmation Order

shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

### C.    *Successors and Assigns*

The rights, benefits and obligations of any Person named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of that Person.

### D.    *Payment of Statutory Fees*

All fees then due and payable pursuant to 28 U.S.C. § 1930, as determined by the Court at the Confirmation Hearing, shall be paid on or before the Effective Date by the Debtors.  All such fees that become due and payable thereafter by a Debtor shall be paid by the Liquidating Trustee.  The Liquidating Trustee shall pay quarterly fees to the U.S. Trustee until the Chapter 11 Cases are closed or converted and/or the entry of final decrees. The Debtors, through the Liquidating Trust, shall file post-confirmation quarterly reports or any pre-confirmation monthly operating reports not filed as of the Confirmation Hearing in conformance with the U.S. Trustee Guidelines. The U.S. Trustee shall not be required to file a request for payment of its quarterly fees, which shall be paid by the Debtors and/or the Liquidating Trustee.

### E.    *Revocation, Withdrawal or Non-Consummation*

The Plan Proponents reserve the right to revoke or withdraw the Plan as to any or all of the Debtors prior to the Confirmation Date and to file subsequent plans.  If the Plan Proponents revoke or withdraw the Plan as to any or all of the Debtors, or if Confirmation or consummation of the Plan as to any or all of the Debtors does not occur, then, with respect to such Debtors, (a) the Plan shall be null and void in all respects, (b) any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount certain any Claim or Class of Claims), assumption or rejection of executory contracts or leases effected by the Plan, and any document or agreement executed pursuant to the Plan, shall be deemed null and void, and (c) nothing contained in the Plan, and no acts taken in preparation for consummation of the Plan, shall (i) constitute or be deemed to constitute a waiver or release of any Claims by or against, or any Interests in, such Debtors or any other Person, (ii) prejudice in any manner the rights of such Debtors or any other Person, or (iii) constitute an admission of any sort by such Debtors or any other Person.

### F.    *Service of Documents*

Any notice, request or demand required or permitted to be made or provided to or upon a Debtor, the Creditors' Committee, and/or the Liquidating Trustee under the Plan shall be (a) in writing, (b) served by (i) certified mail, return receipt requested, (ii) hand delivery, (iii) overnight delivery service, (iv) first class mail, or (v) facsimile transmission, (c) deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed, and (d) addressed as follows:

***The Debtors:***

If by overnight or hand delivery:

Michelle Mosier
Circuit City Stores, Inc.
4951 Lake Brook Drive
Glen Allen, VA 23060
Tel:   (804) 543-5285

with a copy to:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square

10th and King Streets, 7th Floor
Wilmington, DE  19801
Tel:   (302) 651-3000
Fax:  (302) 651-3001

If by regular mail:

Michelle Mosier
Circuit City Stores, Inc.
P.O. Box  5695
Glen Allen, VA 23060-5695
Tel:   (804) 543-5285

with a copy to:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899-0636
Tel:   (302) 651-3000
Fax:  (302) 651-3001

**The Creditors' Committee:**

Robert J. Feinstein, Esq.
Pachulski Stang Ziehl & Jones LLP
780 Third Street
36th Floor
New York, NY 10017
Tel:   (212) 561-7700
Fax:  (212) 561-7777

Jeffrey N. Pomerantz, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard
11th Floor
Los Angeles, CA 90067
Tel:   (310) 277-6910
Fax:  (310) 201-0760

**The Liquidating Trust/The Liquidating Trustee:**

Alfred Siegel, CPA, CFF
Crowe Horwath LLP
15233 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-2250
Tel:   (818) 501-5200

**G.       Plan Supplement(s)**

Exhibits to the Plan not attached hereto shall be filed in one or more Plan Supplements by the
Exhibit Filing Date.  Any Plan Supplement (and amendments thereto) filed by the Plan Proponents shall be deemed
an integral part of the Plan and shall be incorporated by reference as if fully set forth herein. Substantially
contemporaneously with their filing, the Plan Supplements may be viewed at the office of the clerk of the

Bankruptcy Court or its designee during normal business hours, by visiting the Court's website at
www.vaeb.uscourts.gov (PACER account required) or by visiting www.kccllc.net/circuitcity.  Holders of Claims
and/or Interests may obtain a copy of any Plan Supplements upon reasonable written request to the Claims Agent.
The documents contained in any Plan Supplements shall be approved by the Bankruptcy Court pursuant to the
Confirmation Order.

### H.      Plan Exhibits

          Any and all Plan Exhibits, or other lists or schedules not filed with the Plan shall be filed with the
Clerk of the Bankruptcy Court at least five (5) Business Days prior to date of the commencement of the
Confirmation Hearing.  Upon such filing, such documents may be inspected in the office of the Clerk of the
Bankruptcy Court during normal court hours.  Holders of Claims or Interests may obtain a copy of any such
document upon written request to the Debtors in accordance with Article XII.F. of the Plan.

### I.      Effect on Final DIP Order

          Nothing contained in the Plan or any Confirmation Order shall be deemed to conflict with, or
derogate from, the terms of the Final DIP Order, such that, to the extent that there are any inconsistencies between
the terms of the Final DIP Order, on the one hand, and the Plan and the Confirmation Order, on the other hand, the
terms of the Final DIP Order shall govern.

### J.      Tax Reporting And Compliance

          The Liquidating Trustee is hereby authorized, on behalf of each of the Debtors, to request an
expedited determination under Bankruptcy Code section 505(b) of the tax liability of the Debtors for all taxable
periods ending after the Petition Date through and including the Effective Date.

### K.      Filing Of Additional Documents

          On or before substantial consummation of this Plan, the Debtors shall file such agreements and
other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of
this Plan.

Dated:    September 24, 2009

CIRCUIT CITY STORES, INC., et al.
(for itself and on behalf of the Subsidiary Debtors)


By:        /s/ James A. Marcum
          Name:       James A. Marcum
          Title:        Chief Executive Officer

Dated:    September 24, 2009

OFFICIAL COMMITTEE OF CREDITORS HOLDING
GENERAL UNSECURED CLAIMS


By:    ___/s/ Ramona S. Neal_____
       Name:     Hewlett Packard Company
       Title:    Chair of the Official Committee of Creditors
                 Holding Unsecured Claims

# Exhibit A

**Schedule of Subsidiary Debtors**

### SCHEDULE OF SUBSIDIARY DEBTORS

1.      Circuit City Stores West Coast, Inc.
2.      InterTAN, Inc.
3.      Ventoux International, Inc.
4.      Circuit City Purchasing Company, LLC
5.      CC Aviation, LLC
6.      CC Distribution Company of Virginia, Inc.
7.      Circuit City Stores PR, LLC
8.      Circuit City Properties LLC
9.      Orbyx Electronics, LLC
10.     Kinzer Technology, LLC
11.     Courchevel, LLC
12.     Abbott Advertising Agency, Inc.
13.     Mayland MN, LLC
14.     Papsco Designs, Inc.
15.     Sky Venture Corp.
16.     XSStuff, LLC
17.     PRAHS, Inc.

# Exhibit B

**Liquidating Trust Agreement**

**(To Be Filed On Or Before The Exhibit Filing Date)**

# Exhibit C

**List of Insurance Agreements to Be Assumed**

**(To Be Filed On Or Before The Exhibit Filing Date)**

# Exhibit D

**Non-Exclusive List of Causes of Action**

**(To Be Filed On Or Before The Exhibit Filing Date)**