Kevin A. Lake, Esquire (VSB# 34286)
VANDEVENTER BLACK LLP
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA 23218-1558
Tel: 804.237.8811
Fax: 804.237.8801
klake@vanblk.com

McCREARY, VESELKA, BRAGG & ALLEN, P.C.
Michael Reed, Esquire
P. O. Box 1269
Round Rock, Texas 78680
(512) 323-3200

Attorneys for Tax Claimants

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN THE MATTER OF:                           CASE NO. 08-35653

CIRCUIT CITY STORES, INC.

   DEBTOR                                   CHAPTER 11

**RESPONSE TO 37th OMNIBUS OBJECTION TO CLAIMS
(REDUCTION OF CERTAIN PERSONAL PROPERTY TAX CLAIMS)
(Claims Number 13398, 4553, 4551, 4554, 4558, 13198, 4557, 4550, 13199)**

TO THE HONORABLE BANKRUPTCY JUDGE:

   NOW COME Tax Appraisal District of Bell County (Cl# 13398)("Bell County"), County of Brazos, City of College Station, College Station Independent School District (Cl# 4553)("Brazos County"), County of Comal, City of New Braunfels, Comal Independent School District (Cl# 4551)("Comal County"), County of Denton (Cl# 4554), City of Waco, Waco Independent School District (Cl# 4558)("Waco City and ISD"), Longview Independent School District (Cl#

13198), City of Midland, Midland County Hospital District, Midland Independent School District (Cl# 4557)(Midland CAD"), County of Taylor, City of Abilene, Abilene Independent School District (Cl# 4550)("Taylor CAD"), County of Williamson (Cl# 13199)("Williamson County"), hereinafter referred to collectively as "Tax Claimants", and file their Response to the Debtor's 37th Omnibus Objection to Claims, as follows:

I.

These claims arise from property taxes for the tax year 2009 on the debtor's property described as real and business personal property. The above referenced tax claims remain unpaid as tax debts of this debtor and should be allowed as claims within this bankruptcy.

II.

Collectively these Tax Claimants would respond as follows:

### A.  The Debtor's Objections Are Premature

Under Texas Law, a lien attaches to taxable property in the state of Texas, and personal liability arises as to the property owner on January 1 of each tax year. *Texas Property Tax Code § 32.01, et seq.* During the Spring and Summer of the tax year, Appraisal Districts determine the value of property for tax purposes, finally certifying the Appraisal Roll to the tax jurisdictions by late Summer. At that time, the governing bodies of the taxing jurisdictions determine the tax rate necessary to fund their budget based on the value of the taxable property in their jurisdiction. This process usually takes place in late September or early October. At that time the taxation officials calculate the taxes due for their jurisdictions, and compile a Certified Tax Roll by late October, when tax bills are normally sent out.

Since the assessment process was not, and still has not been completed, it was necessary that the claims were all filed as estimated taxes for the 2009 tax year.

The Debtor, however, has asserted that specific tax amounts are correctly appropriate for the 2009 tax year, when the tax rates for this year are still being determined, and the assessment process is still being completed.

Thus, barring proof of clairvoyance on the part of Debtor's accountants, these Tax Claimants assert that until the taxes are set by the appropriate local authorities, it is premature to consider the Debtor's assertions of the proper amount of taxes that should be allowed.

### B. The Debtor's Assertion of a State Standard for Valuation is Misplaced

The Debtors have asserted that they have utilized appropriate standards of valuation for the property being taxed, but only in vague and general terms, providing only their conclusion as to the amount of taxes that should be paid. Specifically, these Tax Claimants object to the assertion that Debtors have utilized a state standard for valuation in Texas. Under Texas law, each county Appraisal District determines the appropriate depreciation rate to be used in that county for a particular category of property. Unless the Debtor demonstrates that they have used that depreciation rate for the property in each county, their valuation methodology is inappropriate in that it violates the uniformity of taxation requirement, and to such these Tax Claimants object.

### C  The Debtors Are Subject to the Time Limitations of 11 USC § 505(a)(2)(C)

These Tax Claimants further collectively assert that the Debtors are subject to the time limitations in 11 USC § 505(a)(2)(C). Under that provision,

> "(2) The Court may not so determine- (C) the amount or legality of any amount arising in connection with an ad valorem tax on real or personal property of the estate, if the applicable period for contesting or redetermining that amount under any law (other than a bankruptcy law) has expired."
>
> - 11 USC § 505(a)(2)(C)

Thus, depending on the procedural facts in each jurisdiction, some of which are still uncertain,

1. To the extent no protest of the assessed value of the property was filed within the time fixed to do so, subsequent challenge of the value at this point is barred by Texas law.

2. To the extent a protest was timely filed and was subsequently resolved by agreement, subsequent challenge is barred by res judicata.

3. To the extent a protest was timely filed, and the Appraisal Review Board issued a ruling from which no appeal was timely filed thereafter, any subsequent challenge of the value at this point is barred by Texas law.

III.

Furthermore, in addition to the responses collectively asserted above, these Tax Claimants would further individually respond as follows:

1. Denton County filed its claim for two parcels of business personal property, but the Debtor's have proposed to allow one lump sum amount for the two accounts, with no distinction between the two, nor any explanation or substantiation of the amount proposed to be paid.

2. The Midland CAD claim was filed for both real and business personal property taxes. In its objection the debtor provides for one lump sum amount proposed in satisfaction of the two accounts, with no distinction between the two, nor any information as to whether the debtor owned the real property in question, owes part

of the taxes pursuant to a sale agreement, or as an ongoing obligation under a now rejected triple net lease.

3. The Waco City and ISD claim was filed for both real and business personal property taxes. In its objection the debtor provides for one lump sum amount proposed in satisfaction of the two accounts, with no distinction between the two, nor any information as to whether the debtor owned the real property in question, owes part of the taxes pursuant to a sale agreement, or as an ongoing obligation under a now rejected triple net lease.

IV.

As of this time, these Tax Claimants have not been able to complete their research into all of the details involved in the process of determining these assessments. Therefore, these objections may be subject to additional responses, and these Tax Claimants reserve the right to further respond to these objections on any grounds, and to modify, supplement and/or amend this Response as it pertains to any objection referenced herein, or to any subsequent objection raised.

V.

WHEREFORE, these Tax Claimants request that the Objections of Debtor, which seek to reduce these property taxes be Overruled, and further request other and such relief as is just and proper.

Dated this 25th day of September, 2009.     Respectfully Submitted,

**VANDEVENTER BLACK LLP**

/s/ Kevin A. Lake
Kevin A. Lake, Esquire (VSB# 34286)
VANDEVENTER BLACK LLP
707 E. Main Street, Suite 1700
P.O. Box 1558

Richmond, VA 23218-1558
Tel: 804.237.8811
Fax: 804.237.8801
klake@vanblk.com

McCREARY, VESELKA, BRAGG & ALLEN, P.C.
Michael Reed, Esquire
Attorneys for Claimants, Tax Appraisal District of Bell County, Brazos County, Comal County, Denton County, City of Waco and Waco Independent School District, Longview Independent School District, Midland CAD, Taylor County, Williamson County
P. O. Box 1269
Round Rock, Texas 78680
(512) 323-3200

CERTIFICATE OF SERVICE

    I hereby certify that on the 25th day of September, 2009, I caused to be served a true and correct copy of the foregoing Response to the Debtors' Thirty-seventh Omnibus Objection to Claims to all parties receiving notice via ECF and via ECF and/or email on the following:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden Arps Slate Meagher and Flom LLP
P.O. Box 636
Wilmington, DE 19899

Chris Dickerson, Esq.
Skadden Arps Slate Meagher and Flom LLP
155 N. Wacker Drive
Chicago, IL 60606

Douglas M. Foley
Dion W. Hayes
McGuire Woods LLP
901 Cary Street
Richmond, VA 23219