Elizabeth Banda
Yolanda Humphrey
Post Office Box 13430
Arlington, Texas 76094-0430
(817) 461-3344
(817) 860-6509 FAX
ebanda@pbfcm.com
yhumphrey@pbfcm.com

A. Carter Magee, Jr., Esq. (VSB #20284)
W. Joel Charboneau, Esq. (VSB #68025)
Magee, Foster, Goldstein & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003-0404
(540) 343-9800
(540) 343-9898 FAX
cmagee@mfgs.com
jcharboneau@mfgs.com

ATTORNEY FOR ARLINGTON ISD, *ET AL.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al. | § | Case No. 08-35653-KRH |
| | § | |
| Debtors. | § | Jointly Administered |

**RESPONSE TO DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS
(REDUCTION OF CERTAIN PERSONAL PROPERTY TAX CLAIMS)**

To the Honorable Kevin R. Huennekens
United States Bankruptcy Judge:

Arlington ISD (Claim No. 6535), Alief ISD (Claim No. 13666), Brazoria County MUD #6 (Claim No. 13683), Brazoria County Tax Office (Claim No. 13679), Carroll ISD (Claim No. 6536), City of Hurst (Claim No. 6534), City of Lake Worth (Claim No. 6530), Clear Creek ISD (Claim No. 13671), Fort Bend ISD (Claim No. 13680), Fort Bend LID # 2 (Claim No. 13670), Fort Worth ISD (Claim No. 6532), Galena Park ISD (Claim No. 13681), Hidalgo County (Claim No. 7259), Humble ISD (Claim No. 13682), Lubbock CAD (Claim No. 4647), Midland County Tax Office (Claim No. 4167), Potter County Tax Office (Claim No. 4218), Woodlands Metro Center MUD (Claim No. 13677), Woodlands RUD # 1 (Claim No. 13678), Tyler ISD (Claim No. 5328), and Wichita County (Claim No. 10833) ("AISD, et

1

al."), secured creditors, file this Response to the Debtors' Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Property Tax Claims) (the "Objection"), and respectfully show as follows:

## BACKGROUND

1. Arlington ISD, et al. are political subdivisions of the State of Texas and, as such, are required by the constitution of the State of Texas to levy and assess ad valorem taxes on all real and business personal property located within their respective taxing jurisdictions as of January 1 of each tax year. Pursuant to Texas law, a lien automatically attached to Debtors' business personal property located within Arlington ISD, et. al.'s taxing jurisdictions on January 1, 2009 to secure payment of all taxes, penalties, and interest ultimately imposed on the Debtors' property. *In re Winn's Stores, Inc.*, 177 B.R. 253 (Bankr. W.D. Tex. 1995); *Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W.2d 841 (Tex. App.-Eastland 1995). Texas Tax Code Section 32.01 provides in relevant part:

> (a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property . . .

Section 32.01(d) of the Texas Property Tax Code, further, states that the tax liens were perfected on attachment and required no further action on the part of the taxing authorities.

2. Arlington ISD, et al. hold claims for the 2009 ad valorem taxes against business personal property of the Debtors. These claims are secured by prior perfected continuing enforceable tax liens upon the property of the Debtor, as provided by Sections 32.01 and 32.05(b) of the Texas Property Tax Code. Since these taxes were incurred "post-petition" on January 1, 2009, they are administrative expenses of the Estate pursuant to 11 U.S.C. Section 503(b)(1)(B).

3. Arlington ISD, et al. timely filed administrative claims for their respective 2009 ad valorem taxes. These claims were filed before the Administrative Claim Bar Deadline in estimated amounts for taxes incurred on January 1, 2009 using the value information available at that time in conjunction with the tax rates available to each taxing authority at that time, i.e. the 2008 tax rates, in

2

order to come up with estimated amounts for the 2009 taxes. Each administrative claim, as filed, is incorporated herein for reference.

4. Arlington ISD, et al. assert that the Objection is premature in that most Texas taxing authorities have yet to finalize their 2009 ad valorem tax amounts as they are currently or will soon be in the process of finalizing their certified tax rates for the 2009 tax year. As such, Arlington ISD, et al. have exercised their best efforts to utilize the information that is currently available to them in order to file an adequate formal response to the Objection and these Texas tax claimants hereby reserve their right to amend and/or supplement this formal response to include any further relevant information that may become available to them.

## REQUEST FOR ABSTENTION

5. The Arlington ISD, et al. ask this Court to exercise its discretion under 28 U.S.C. Section 1334(c)(1) and 11 U.S.C. Sectoin 505(a)(1) to abstain from hearing the Debtors' request for relief as to their tax claims. Both of these sections grant the authority to abstain from hearing a Section 505 proceeding.

6. Arlington ISD, et al. respectfully request this Court to exercise its discretion to abstain from granting the relief sought in the Objection for the compelling reason that uniformity of assessment is of significant importance. *In re New Havens Projects Ltd. Liability Co.*, 225 F.3d 287, at 288, *cert denied*, 531 U.S. 1150, 121 S.Ct. 1093, 148 L.Ed.2d 966 (2001). In the instant case, the Debtors have lodged objections to over one hundred property tax claims of local taxing authorities from numerous states across the United States.

7. In *Arkansas Corp. Comm'n v. Thompson*, 313 U.S. 132, 61 S.Ct. 888, 85 L.Ed. 1244 (1941) the Supreme Court held:

> [T]here is nothing in the history of bankruptcy or reorganization legislation to support the theory that Congress intended to set the federal courts up as super-assessment tribunals over state taxing agencies....And the policy of revising and redetermining state tax valuations...would be a complete reversal of our historic national policy of federal non-interference with the taxing power of states. *Id.* at 145.

3

8. In the chapter 11 case of *In re Metromedia Fiber Network, Inc.*, 299 B.R. 251 (S.D.N.Y. 2003)[1], the Court, in deciding to exercise discretionary abstention, reasoned that:

> Local property taxation is inherently and quintessentially local in the sense that a fair allocation of the cost of government amongst the universe of local taxpayers is and must be a product of local political, legislative, executive and administrative decision making. The fundamental objective of taxation at the state and local level must be to apportion the tax burden equitably in accordance with the local political decision-making process. Where some form or definition of market value is the touchstone for assessment, fair allocation among the tax base may depend more on the application to all affected Taxpayers of uniform standards for assessing value than on an economist's ideal calculation of fair market value. An ideal calculation of fair market value (assuming such were possible) of taxable property comprising a multi-state communications system by a panel of experts (or a federal judge) may result in a valuation for assessment purposes which is highly discriminatory in favor of (or, conceivably, against) the multi-state taxpayer simply because the methodology to which all other similarly situated taxpayers are subjected in the various tax jurisdictions. Stated differently, in fairly apportioning the cost of government through property taxation, depending on the system adopted by the taxing state or local jurisdiction, it may not matter whether property is assessed at 80%, or 100%, or 120% of the current fair market value, so long as the same methodology is used to assess all similar property within the taxing jurisdiction. *Id.* at 282.

9. The Metromedia Court went on to eschew a "'streamlined' unified approach" on the grounds that "using a single methodology or combination of methodologies…may produce results which are highly anomalous and discriminatory vis-à-vis other similarly situated taxpayers in the various taxing jurisdictions." *Id.* at 283.

10. Upon information and belief, pursuant to the information available to the Claimants at this time, the Debtors have previously filed, and in some instances settled, valuation protests regarding their 2009 values within many of Arlington ISD, et al.'s jurisdictions with the appropriate appraisal districts pursuant to administrative remedies available to taxpayers per Texas state law. As such, many of these administrative claims for 2009 taxes have been previously adjudicated and, in some cases, the time to appeal the outcome of their valuation protests has expired pursuant to Texas state law.

---

[1] Adversary proceeding under 11 U.S.C. § 505 in *Metromedia Fiber Network, Inc. v. Various State and Local Taxing Authorities*, 299 B.R. 251 (S.D.N.Y. 2003).

4

## RESPONSE TO OBJECTION TO CLAIM

11. The Objection asserts that the claims of Arlington ISD, et al. are "overstated". However, the Objection offers no evidence to back-up such an assertion. In fact, in at least the case of Lubbock CAD's claim, the Lubbock Central Appraisal District used the Debtors' own opinion of value (Rendition) in appraising their property for 2009.

12. As stated above, Arlington ISD, et al. assert that the Objection is premature in that, at this time, most Texas tax claimants are currently in the process of finalizing their respective tax rates to apply to the values assessed by the respective appraisal districts (valuations reached either through rendition, settlement, or after notice and hearing).

13. Persons with personal knowledge of the relevant facts regarding the taxes claimed are:

| Tax Assessor | Address | City | Zip | Phone |
|---|---|---|---|---|
| Scott Porter | 2 Mills Street Suite B | Cleburne, TX | 76033 | 817-558-0122 |
| Betsy Price | 100 E. Weatherford | Ft. Worth, TX | 76196 | 817.884.1850 |
| Kathy Reeves | P.O. Box 712 | Midland, TX | 79702 | 432-688-4810 |
| Ro'vin Garret | 111 E. Locust | Angleton, TX | 77515 | 979-864-1320 |
| Tommy Lee | P.O. Box 1368 | Friendswood, TX | 77549 | (281) 498-0216 |
| Patsy Schultz | 301 Jackson St. | Richmond, TX | 77469 | 281.341.3710 |
| Bob Leared | 11111 Katy Fwy, Ste 725 | Houston, TX | 77075 | 713-932-9011 |
| Jeannie Manning | P. O. Box 7580 | Woodlands, TX | 77387 | 281-367-1281 |
| JR Moore, Jr. | 400 N. San Jacinto | Conroe, TX | 77301 | 936-539-7897 |
| Melanie Pidcoke | 2425 E. Main St. | League City, TX | 77573 | (281) 284-0218 |
| Tommy Lee | P.O. Box 1368 | Friendswood, TX | 77549 | (281) 498-0216 |
| Daniel Bazan | P.O. BOX 113 | GALENA PARK | 77547 | (832) 386-1290 |
| Janice Himpele | P.O. BOX 4020 | Houston, TX | 77210 | 281-641-8190 |
| Pat Praesel | P O Box 368 | Alief, Tx | 77411 | 281-498-3660 |
| Gary Barber | P. O. Box 2011 | Tyler, TX | 75710 | 903-590-2920 |
| Lou Murdock | P.O. Box 1471 | Wichita Falls, TX | 76307 | 940.766.8298 |
| Armanda Barrerra | P. O. Box 178 | Edinburg, Tx | 78540 | 956.318.2160 |
| David Kimbrough | 1715 26th Street | Lubbock, Texas | 79411 | (806)749-1236 |
| Robert Miller | P.O. Box 2289 | Amarillo, TX | 79105 | 806-342-2600 |

14. Arlington ISD, et al. have utilized their best efforts to identify any documentation or other evidence that they intend to introduce as evidence in support of their claims. As such, Arlington ISD, et al. intend to introduce into evidence any documentation (including, but not limited to, Renditions,

Notices of Protest, Orders Determining Protest, etc.) provided by the Debtors, or their agents, to Arlington ISD, et al.'s respective appraisal districts and their respective appraisal review boards.

15. Any replies to this response should be served on Elizabeth Banda, Attorney for Arlington ISD, et al., at 4025 Woodland Park Blvd., Suite 300, Arlington, Texas 76013; Telephone No. (817) 461-3344; Fax No. (817-860-6509); email: ebanda@pbfcm.com. The undersigned attorney for Arlington ISD, et al. has authority to reconcile, settle or otherwise resolve the Objection on Arlington ISD, et al.'s behalf.

WHEREFORE, PREMISES CONSIDERED, the Arlington ISD, et al. respectfully request that this Court set this matter for hearing, exercise discretionary abstention and decline to consider the Objection, deny the Debtors' objections to their claims, allow their claims in their entirety together with applicable interest, and for such other and further relief, at law or in equity, as is just.

Respectfully submitted,

**ARLINGTON ISD** *et al.*

By: /s/ W. Joel Charboneau
W. Joel Charboneau
Magee, Foster, Goldstein & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003
(540) 343-9800
(540) 343-9898
jcharboneau@mfgs.com
Local counsel for Arlington ISD *et al.*

/s/Elizabeth Banda
Elizabeth Banda
Perdue, Brandon, Fielder, Collins & Mott, L.L.P.
SBN: 24012238
4025 Woodland Park Blvd.
Suite 300
Arlington, Texas 76013
Phone: (817) 461-3344
Fax: (817) 860-6509
Email: ebanda@pbfcm.com

Attorneys for Arlington ISD, et al.

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2009, I electronically filed the above Response to the Debtors' Thirty-Seventh Omnibus Objection to Claims with the United States Bankruptcy Court for the Eastern District of Virginia which caused electronic notifications of service to be delivered to Debtors' counsel and any other parties on the electronic matrix via electronic notification. On this same date, I served copies of the foregoing by electronic mail on the entities comprising the Primary Service List (as defined in Exhibit A to the Order dated November 12, 2008, governing notice procedures). On this same date, I mailed copies to the persons set forth below.

Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
PO Box 636
Wilmington, DE 19899-0636
Attn: Gregg M. Galardi
Attn: Ian S. Fredericks

McGuireWoods, LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Attn: Dion W. Hayes
Attn: Douglas M. Foley

Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606
Attn: Chris L. Dickerson

U:\A CLIENTS\Arlington ISD, et al. 9298\Arlington ISD et al\Objection to Claim\Circuit CityResponse to 37th omni.doc

7