**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Richmond Division***

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CIRCUIT CITY STORES, INC., et al. | ) | CHAPTER 11 |
| | ) | |
| Debtors. | ) | Case No.: 08-35653 |
| | ) | |

**HENRICO COUNTY, VIRGINIA'S RESPONSE IN OPPOSITION TO DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (REDUCTION OF CERTAIN PERSONAL PROPERTY TAX CLAIMS) AND REQUEST FOR ABSTENTION**

**COMES NOW,** the County of Henrico, Virginia ("Henrico"), by counsel, and files its Response in Opposition to the Debtors' Thirty-Seventh Omnibus Objection to Claims ("37th Omni") based on the following:

1. The Debtors request that five of Henrico's claims (Claim Nos. 13729, 13730, 14035, 14037 and 14040) representing post-petition 2009 ad valorem first priority secured personal property taxes be reduced 77% on the basis that:

    a. The claims were filed by local taxing authorities asserting claims for 2009 personal property taxes on personal property at the Debtors' store locations in the taxing authorities' jurisdictions. *37th Omni* at ¶11.

---

Rhysa Griffith South, VSB 25944
P. O. Box 90775
Henrico, VA 23273-0775
Phone: (804) 501-5091
*Counsel for Henrico County, Virginia*

    b.    The Debtors have reviewed the 120 Claims of over 100 jurisdictions nationwide and submit that all the claims are overstated in amount given the value of the personal property that is the subject of the personal property taxes. *37th Omni* at 11, 16, and Exhibit B.

    c.    The Debtors, with the assistance of Ernst & Young LLP (E & Y), determined the appropriate personal property tax value of personal property assets at each of the Debtors' store locations as of the appropriate assessing jurisdiction's 2009 assessment date. *37th Omni* at ¶12.

## DEBTORS' OBJECTION TO HENRICO'S CLAIM NO. 13730 SHOULD BE DISMISSED AS THAT CLAIM DOES NOT INCLUDE PROPERTY AT A STORE LOCATION

2.    Debtors assert that all 120 claims in its Objection were filed for taxes on personal property at Debtors' store locations in the taxing jurisdictions and that E & Y determined the appropriate personal property tax value of personal property assets at each of the Debtors' store locations as of the appropriate assessing jurisdiction's 2009 assessment date. *37th Omni* at ¶¶ 11, 12 and 16.

3.    The tax assessments forming the basis of Henrico's claim no. 13730 are based on Debtors' furniture, fixtures, and personal computers located at the Debtors' administrative headquarters located at 9950 Mayland Drive in Henrico County, Virginia and not on property at a store location. *See* attached as

Exhibit A the 2009 Henrico personal property tax return filed and verified by Circuit City showing the location of the property at the company headquarters.

4. Therefore, as a factual matter, Henrico's claim no. 13730 should not be included in this objection.

## DEBTORS' OBJECTION TO HENRICO'S CLAIMS FAILS AS A MATTER OF LAW

5. Debtors do not dispute that Henrico's claims were timely filed and properly classified, but rather they only dispute the taxing authorities' valuation of the Debtors' taxed property.

6. Henrico's claims constitute prima facie evidence of the validity and amount of the claim. BR 3001 (f).

7. The validity of a Debtors' claim challenging Henrico's tax in the bankruptcy court is determined by rules of state law. *Raleigh v. Illinois Dep't of Revenue,* 530 U.S. 15, 120 S. Ct. 1951 (2000).

8. In Virginia, "[I]t is well settled that there is a presumption in favor of the correctness of a tax assessment and that the burden is upon the property owner who questions it to show that the value fixed by the assessing authority is excessive. The effect of this presumption is that even if the assessor is unable to come forward with evidence to prove the correctness of the assessment this does not impeach it since the taxpayer has the burden of proving the assessment erroneous." (citations omitted). *Norfolk & W. R. Co. v. Commonwealth*, 211 Va. 692, 695, 179 S.E.2d 623, 626 (1971).

9. The taxpayer must show manifest error in the making of the assessment, and the court should not impose its own methodology in place of an

assessment by a duly constituted taxing authority. *Richmond v. Gordon*, 224 Va. 103, 294 S.E.2d 846 (1982).

10. The Debtors propose to support their E & Y values for all 120 opposed tax claims relying upon "representative models of the subject property's site configuration … to determine the replacement costs of the taxable assets, as inventoried by the Debtors, to determine the replacement costs of the taxable assets." *37th Omni ¶13.* The inaccuracy of this wholesale approach is exemplified by Debtors' inclusion of its Henrico headquarters property in this omnibus objection applicable only to store locations. In addition, this approach is inconsistent with Virginia law which requires uniformity of local assessments as well as assessment at fair market value. Va. Const. Art. X, §§ 1, 2.

11. Under Virginia law, the method of assessing the personal property at issue to determine its fair market value and to assure uniformity is spelled out in Virginia Code § 58.1-3503 A (16),(17). This property is assessed by percentage of original cost. Henrico annually has an expert appraisal consultant review its depreciation schedules to assure their use yields fair market value. The consultant reviews the actual assets owned by Henrico businesses, the definitions under Virginia law of fair market value (Virginia has not accepted liquidation value as fair market value for assessment purposes) and original cost (in Virginia this term includes both freight and installation costs) and current market data. Based on that information, the consultant suggests appropriate depreciation schedules for both computers and business tangible personal property – the classes of property subject to Circuit City's objection.

12. In overruling the trustee's local tax challenges, the court in *In re Cable & Wireless USA, Inc., 331 B.R. 568* (Bankr. D. Del. 2005), found that "the use of nationwide appraisal standards, including bankruptcy liquidation sales, as advocated by trustee, was contrary to the uniformity of tax assessments procedures by local authorities." The same is true here.

13. In order to be lawful, a local Virginia tax assessment must be uniformly applied to the same class of property within the territorial limits of the taxing jurisdiction. Va. Const. Article X § 1. The assessment must be at fair market value as that term is defined in Virginia law. Va. Const. Art. X § 2,

14. As a matter of Virginia law, Debtors allegations do not overcome the presumption of correctness afforded to Virginia tax assessments. As a matter of Bankruptcy law, Debtors objection fails to overcome the presumption of correctness afforded Henrico's claims.

## DEBTORS' CLAIMS OBJECTION IS NOT THE APPROPRIATE PROCESS TO CHALLENGE AD VALOREM TAX VALUATION

15. In 2005, 11 U.S.C. § 503(b) was amended to provide that an ad valorem tax, whether secured or unsecured, incurred by the estate is an administrative expense. (*E2-a Collier on Bankruptcy Sec. 712*). Section 503(b) was also amended to provide that a governmental unit is not required to file a request for payment of an administrative expense for a tax or a tax penalty as a condition to allowance of an administrative expense. (*E2-a Collier on Bankruptcy Sec. 712*). Therefore, Henrico was not required to file a claim for its 2009 secured ad valorem taxes to constitute an administrative expense.

16. Because the Debtors are required to pay Henrico post's petition taxes without the necessity of a filed claim it would be contrary to the Bankruptcy Act to allow Debtors to challenge the tax valuation by way of a claim objection.

17. The Debtors' substitution of the required 11 U.S.C. § 505 valuation challenge with an omnibus claim objection is also contrary to the 2007 amendments to Rule 3007 (b) and (d) which prohibit a party from including in a claim objection a request for relief that requires an adversary proceeding .

18. The Debtors' objection to Henrico's Claim Nos. 13729, 13730, 14035, 14037 and 14040, is more properly brought through an adversary proceeding within the context of Rule 7009 where the parties can conduct discovery and be afforded due process.

**THE COURT SHOULD ABSTAIN FROM HEARING THIS ACTION AS NO ISSUE OF BANKRUPTCY LAW IS IMPLICATED AND DEBTORS' LIABILITY TO HENRICO DEPENDS ENTIRELY ON VIRGINIA LAW**

19. In *Metromedia Fiber Network, Inc. v. Various State & Local Taxing Auth.* (*In re Metromedia Fiber Network, Inc.*), 299 B.R. 251, 2003 Bankr. Lexis 1210 (Bankr. S.D.N.Y. 2003), the court granted the local defendants' motions to abstain under 28 U.S.C. § 1334(c)(1), reasoning that ad valorem property taxation is governed by local law, that there is compelling local interest in "uniformity of assessment" in fairly allocating the local tax burden and that imposition by the bankruptcy court of a standardized valuation methodology would entail a high risk of conflict with many, if not all, of the differing local tax laws, as applied by the numerous local tax authorities involved. Lacking any

allegation of unlawful discrimination or other official misconduct in violation of local law, the court refused to exercise the power granted under 11 U.S.C. § 505. See also *In re Elantic Telecom Inc.,* 2005 Bankr. Lexis 2822 (Bankr. E.D. Va. Dec. 2, 2005) (Citing *Metromedia*, Judge Tice agreed with Henrico and other localities that the Debtor's valuation challenge to local telecommunication taxes was a local issue better resolved by state procedures).

20. The same compelling reasons for abstention apply here. Debtors are aware of the procedures for challenging Henrico's taxes, having taken advantage of those procedures for prior tax years. Debtors can file an appeal with the Director of Finance; the Director's decision can be appealed to the State Tax Commissioner. Va. Code §58.1-3980, *et seq.* In addition, Debtors can file an action in the Henrico Circuit Court challenging the valuation of its assets. Va. Code § 58.1-3984.

21. Because the over 100 jurisdictions involved in this 120 omnibus claims objection would require trials applying each state's particular valuation and uniformity standards, this Court should abstain to permit these proceedings to advance in the state court forums which are best equipped to conduct these trials.

### **CONCLUSION**

Wherefore, Henrico prays that this court overrule Debtor's objection to its claims and require, pursuant to the 28 U.S.C. § 960 mandates, that the Debtors promptly pay all of Henrico's 2009 tax claims together with statutory interest pursuant to 11 U.S.C. §§ 506 and 511 from the funds reserved for this purpose

by the parties stipulation as approved by this court on March 10, 2009. *Docket 2491.*

Dated: September 25, 2009

          Respectfully Submitted,

          **County of Henrico, Virginia**
          By:/s/ Rhysa Griffith South
          Rhysa Griffith South (VSB #25944)
          Assistant Henrico County Attorney
          Office of County Attorney
          County of Henrico
          P.O. Box 90775
          Henrico, Virginia 23273-0775
          Telephone: (804) 501-5091
          Facsimile:  (804) 501-4140

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing *Henrico County, Virginia's Response in Opposition to Debtors' Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Personal Property Tax Claims) and Request for Abstention* filed by Henrico County, Virginia was sent electronically to the court via the CM/ECF system on the 25th day of September, 2009.

          /s/ Rhysa Griffith South
          Rhysa Griffith South (VSB #25944)