Kevin A. Lake, Esquire (VSB#34286)
VANDEVENTER BLACK LLP
Eighth & Main Building
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA  23218-1558
Tel: 804.237.8811
Fax: 804.237.8801
klake@vanblk.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Circuit City Stores, Inc. et al., | Case No. 08-35653 (KRH) |
| | Jointly Administered |
| Debtors. | **Hearing Date/Time:  October 7, 2009** |
| | **2:00 p.m. (Eastern Time)** |

**CREDITOR PIERCE COUNTY'S RESPONSE TO DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (REDUCTION OF CERTAIN PERSONAL PROPERTY TAX CLAIMS)**

**I. INTRODUCTION**

Creditor Pierce County files this response to Debtors' Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Personal Property Tax Claims) (the "Objection"), which was filed on August 24, 2009.  The Debtors' objection to Pierce County's claim is without merit and the Court should allow the claim as filed.  The amount of the claim is presumed correct and the Debtors' generic and factually unsupported objections are insufficient to overcome that presumption.

CREDITOR PIERCE COUNTY TREASURER'S RESPONSE
TO DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION
TO CLAIMS – 1

## II. BACKGROUND

Pierce County is a municipal corporation and political subdivision of the State of Washington. Pierce County imposes ad valorem real and personal property taxes pursuant to Title 84 of the Revised Code of Washington (RCW). The personal property used by the Debtor Circuit City Stores, Inc. in its business in the State of Washington in the County of Pierce was subject to such ad valorem taxation.

Washington employs a two year tax cycle. All real property is assessed with reference to that property's value on January 1 of the assessment year. RCW 84.40.020. The tax lien also attaches on that same January 1. RCW 84.60.020. Taxes are levied at the end of the assessment year, usually after listing and valuation / lien formation. RCW 84.52.030. The amount of taxes determined after assessment and levy "relates back" to January 1 of the assessment year. *Air Base Housing, Inc. v. Spokane County*, 56 Wn.2d 642, 646-47, 354 P.2d 903 (1960). The taxes fixed as liens in the assessment year, first become due and payable in the following year. RCW 84.56.020.

Pursuant to RCW 84.60.020, Pierce County obtained a lien for 2010 taxes on tax parcels 1200055784 (Bankruptcy Administrative Expense Request 14033 in the amount of $4475.66) and tax parcel 2097003410 (Bankruptcy Administrative Expense Request 14034 in the amount of $1060.69) on June 17, 2009 when those tax parcels were listed and valued. Pierce County has made request for administrative expenses for each of those claims.

## III. ARGUMENT

**1)    If this objection is not a motion for tax redetermination pursuant to 11 U.S.C. § 505, then it must be denied.**

11 U.S.C. § 505 establishes the procedures for tax redetermination.  No other procedure is authorized.  The Debtors cannot redetermine taxes without a proper § 505 hearing.

## 2)   This Court should decide not to redetermine the 2009 assessments (for tax year 2010) because an adequate Washington forum is available.[1]

This case concerns the application of Washington law to taxed property situated in Washington and taxed by a Washington authority.  The Washington courts remain available to the Debtor, but it has chosen to present its tax dispute far away, in Virginia—where the local rules require that Pierce County must retain a local attorney at considerable expense.  This Court should decline to adjudicate that $4,148.63 challenge.[2]

This case appears to be a straightforward appraisal contest involving appraisal methodology issues.  Nevertheless, Pierce County cannot afford to to try this case in Virginia.  Any Virginia trial victory by Pierce County would be Pyrrhic because the taxes defended would be offset by cross-country litigation expenses.  Pierce County would plainly be prejudiced if compelled to litigate the Debtor's Washington taxes in Virginia.

"The plain language of 11 U.S.C. § 501(a)(1) grants the bankruptcy court purely discretionary authority to redetermine a Debtor's tax liability.  An overwhelming number of courts have observed that § 505(a)(1) vests the bankruptcy with general discretionary authority to redetermine a debtor's tax liability." *Metromedia Fiber Network, Inc. v. Various State and Local Taxing Authorities*, 299 B.R. 251, 280 (Bankr. S.D.N.Y. 2003) fn24. (citations and

---

[1] The notices of valuation have not been mailed as of September 24, 2009, so the deadline for filing an appeal has not commenced yet.  See RCW 84.40.038.  The Debtors also are entitled to pay the taxes under protest and then appeal.

[2] This is the difference between the base tax claim asserted by Pierce County and the proposed bankruptcy-adjusted claim asserted by the Debtor.

CREDITOR PIERCE COUNTY TREASURER'S RESPONSE
TO DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION
TO CLAIMS – 3

internal quotation marks omitted).  The Ninth Circuit has articulated the broad discretion vested in the bankruptcy courts:

> The bankruptcy court maintains the power under § 505(a)(1) to redetermine the [debtor's] tax liability, but the exercise of such power is discretionary.  Any number of courts have observed that § 505(a)(1) is a permissive empowerment-- as established by the operative verb 'may.' It is not a mandatory directive. The assumption of the power is discretionary with the Bankruptcy Court.  If no purpose would be served by allowing the debtor to relitigate his tax liability, the bankruptcy court is under no obligation to allow him or her to do so. In this case, the bankruptcy court may, in the exercise of its discretion, decline to redetermine the [debtor's] tax liability--indeed, it may do so based on some or all of the reasons underlying the res judicata doctrine--but it is not barred by res judicata from considering the [debtor's] tax liability.

*Mantz v. California State Board of Equalization*, 343 F.3d 1207, 1215 (9th Cir. 2003); *New Haven Projects L.L.C.  v. City of New Haven*, 225 F.3d 283, 288 (2d Cir. 2000); *Internal Revenue Service v. Luongo*, 259 F.3d 323 (5th Cir. 2001)( " . . . bankruptcy courts have universally recognized their jurisdiction to consider tax issues brought by the debtor, limited only by their discretion to abstain.").

The exercise of discretion to determine a tax pursuant to § 505 must be informed by the purpose underlying the statute.  *New Haven Projects, L.L.C. v. City of New Haven*, 225 F.3d 283, 288 (2d Cir. 2000).

> Specifically, in determining whether to abstain from redetermining tax liability in a given case, a court must assure itself that the legislative purpose for drafting this provision, namely to protect the interests of both debtors and creditors, is met. Creditors are entitled to protection from the 'dissipation of an estate's assets' in the event that the debtor failed to contest the legality and amount of taxes assessed against it. Having the bankruptcy court adjudicate the matter may also afford an alternative forum for proceedings that might otherwise delay the orderly administration of the case and distribution to the debtor's creditors.

*Id.* (citing *In re Onondaga Plaza Maintenance Co.*, 206 B.R. 653, 656 (Bankr. N.D.N.Y. 1997) (internal quotation omitted). The court must also weigh the goals of promoting bankruptcy relief against the state's interest in applying and enforcing its own law. *Id.* at 289 (fn2).

The Debtors would not be prejudiced by trying this case in Washington. Instead of transporting their valuation expert to Virginia, they could send him to Washington. Furthermore, their witnesses with actual knowledge of the taxed equipment would probably be located in Washington—where the equipment is located. Furthermore, there is no suggestion that a Washington court would be less competent or prompt than this Court. The bottom line is that any advantage obtained by the Debtors from this objection would only derive from costly inconvenience imposed upon the taxing authority. If Virginia were the only place where the tax issue could be resolved, then Pierce County would probably have to grin and bear it. In this case, however, the Debtor has a satisfactory Washington forum available, with <u>already developed</u> expertise in <u>Washington</u> tax litigation. The most fair and efficient course for all would be for this Court to abstain from redetermining the Debtor's Pierce County, Washington tax assessments and permit the Debtors to make their Washington tax challenge in Washington.

**3)    The Debtors in Possession have not provided this Court with a factual basis sufficient to warrant a tax challenge.**

Under Washingon state law, "[u]pon review by any court, or appellate body, of a determination of the valuation of property for purposes of taxation, it shall be presumed that the determination of the public official charged with the duty of establishing such value is correct but this presumption shall not be a defense against any correction indicated by clear, gogent and convincing evidence." RCW 84.40.0301. "Clear, cogent and convincing"

evidence is the equivalent of saying "highly probable." *Douglas Northwest, Inc. v. Bill O'Brien & Sons Const., Inc.*, 64 Wash.App. 661, 678, 828 P.2d 565 (1992). This presumption translates directly into federal bankruptcy law. *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 20-21 (2000).

Before this Court engages in a tax redetermination proceeding, the Debtors must demonstrate that they have evidence that it is "highly probable" (a) that the Pierce County tax assessments are incorrect; and (b) that their tax assessments are correct.

The Debtors offer no admissible evidence in support of the Objection by, for example, a declaration from a qualified expert. Instead, the Debtors simply make the conclusory and factually unsupported assertion that "the Claims are overstated in amount given the value of the personal property that is the subject of the personal property taxes." Objection at 6. The Objection contains no store- or property-specific valuation analyses. The Objection apparently applies equally and without distinction to all 120 claims to which the Debtors are objecting, suspiciously resulting in a proposed tax reduction of almost exactly 50 percent (from $4,600,321.53 to $2,355.096.95). Objection at 8.

The Debtors motion to redetermine taxes should be denied because the Debtors have come nowhere near close to demonstrating any likelihood of success.

## IV.  CONCLUSION

For the reasons stated above, the Court should overrule the Debtors' objection to Pierce County's claim and allow the claim as filed.

Respectfully Submitted,

Dated:  September 25, 2009

**VANDEVENTER BLACK LLP**

/s/ Kevin A. Lake
Kevin A. Lake
Eighth & Main Building
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA  23218-1558
Tel: 804.237.8811
Fax: 804.3l47.8801
klake@vanblk.com

Patrick Kenney
Pierce County Budget and Finance Director
Patrick Kenny, Pierce County Budget and Finance
Suite 100 – Merit Building
615 S. 9th St.
Tacoma, WA  98405-4673
Attention:  Allen Richardson, Agent
(253) 798-7495

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of September, 2009, I caused to be served a true and correct copy of Pierce County Treasurer's Response to Debtors' Thirty-Seventh Omnibus Objection to Claims to all parties receiving notice via ECF and via ECF and/or email on the following:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
P.O. Box 636
Wilmington, Delaware 19899-0636

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606-7120

Douglas M. Foley
Dion W. Hayes
McGuireWoods, LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
Attorneys for Debtors

/s/ Kevin A. Lake
Kevin A. Lake

CREDITOR PIERCE COUNTY TREASURER'S RESPONSE
TO DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION
TO CLAIMS – 8