Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR ENTRY OF ORDER PURSUANT TO
BANKRUPTCY CODE SECTIONS 105(a), 362(d)(1), AND 365(a),
AND BANKRUPTCY RULES 4001 AND 6006, AND LOCAL BANKRUPTCY
RULE 4001 (I) AUTHORIZING REJECTION OF SURETY BONDS, (II)
MODIFYING THE AUTOMATIC STAY FOR THE LIMITED PURPOSE OF
ALLOWING SAFECO INSURANCE COMPANY OF AMERICA TO COMMENCE
CANCELLATION OF SURETY BONDS, (III) ESTABLISHING SURETY
BOND CLAIM DEADLINE, AND (IV) GRANTING RELATED RELIEF**

        The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby move (the "Motion"), pursuant to

sections 105(a), 362(d)(1), and 365(a) of title 11 of the

United States Code (the "Bankruptcy Code"), Bankruptcy

Rules 4001 and 6006 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Rule 4001 of the

Local Bankruptcy Rules for the United States Bankruptcy

Court for the Eastern District of Virginia (the "Local

Rule"), for entry of an order (the "Order"), (I)

authorizing rejection of the Debtors' surety bonds, (II)

modifying the automatic stay for the limited purpose of

allowing Safeco Insurance Company of America to commence

cancellation of surety bonds, (III) establishing a

surety bond claim deadline, and (IV) granting related

---

[1]   The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
for Circuit City Stores West Coast, Inc. is 9250 Sheridan
Boulevard, Westminster, Colorado 80031.  For all other Debtors,
the address was 9950 Mayland Drive, Richmond, Virginia 23233 and
currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

relief.  In support of the Motion, the Debtors

respectfully state as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider

this Motion under 28 U.S.C. §§ 157 and 1334.  This is a

core proceeding under 28 U.S.C. § 157(b).  Venue of

these cases and this Motion in this district is proper

under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief

requested herein are Bankruptcy Code sections 105, 362,

and 365 and Bankruptcy Rules 4001 and 6006, and Local

Rule 4001.

### BACKGROUND

3.    On November 10, 2008 (the "Petition

Date"), the Debtors filed voluntary petitions in this

Court for relief under chapter 11 of the Bankruptcy Code.

4.    On November 12, 2008, the Office of the

United States Trustee for the Eastern District of

Virginia appointed a statutory committee of unsecured

creditors (the "Creditors' Committee").  To date, no

trustee or examiner has been appointed in these chapter

11 cases.

5.    On January 16, 2009, the Court authorized
the Debtors, among other things, to conduct going out of
business sales at the Debtors' remaining 567 stores
pursuant to an agency agreement (the "Agency Agreement")
between the Debtors and a joint venture, as agent (the
"Agent").  On January 17, 2009, the Agent commenced
going out of business sales pursuant to the Agency
Agreement at the Debtors' remaining stores.  On or about
March 8, 2009, the going out of business sales concluded.

**RELIEF REQUESTED**

6.    By this Motion, the Debtors seek entry of
an order, substantially in the form attached hereto (the
"Order"), authorizing the Debtors to reject the Surety
Bonds (as defined herein).  Additionally, the Debtors
seek modification of the automatic stay under Bankruptcy
Code sections 105(a) and 362(d)(1), Bankruptcy Rule 4001
and Local Rule 4001 for the limited purpose of allowing
Safeco Insurance Company of America ("Safeco") to
commence cancellation of the Debtors' outstanding Surety
Bonds.  In connection therewith, the Debtors further
request under Bankruptcy Code section 105(a), that the
Court establish a deadline by which any obligee

("Obligee")[2] to a Surety Bond that is cancelled pursuant
to the Order must file a Surety Bond Claim with Safeco
(the "Surety Bond Claim Deadline").  The Debtors request
that the Court establish a Surety Bond Claim Deadline
that is sixty (60) days after the occurrence of the
Surety Bond Cancellation Effective Date (as defined
herein).  Lastly, the Debtors request that the Court
direct Safeco to return unused funds drawn from the
Safeco LC (as defined herein) as the Surety Bond
Deadline (as defined herein) expires in accordance with
the procedures described in this Motion.

**BASIS FOR RELIEF**

**A.    The Relationship Between The Debtors And Safeco.**

7.    Circuit City Stores, Inc. executed that
certain agreement dated July 9, 1992 (the "General
Indemnity Agreement"), pursuant to which Circuit City
Stores, Inc., as principal, agreed to indemnify Safeco,[3]

---

[2]    For the purposes of this Motion, an Obligee is the party named in
a Surety Bond to whom the Debtors as Surety Bond principals and
Safeco as the surety guarantee that they will fulfill their
obligations.

[3]    The General Indemnity Agreement provides that any one or
combination of the following may act as surety under any bond:
SAFECO Insurance Company of America; General Insurance Company of
America; First National Insurance Company of America; and, SAFECO
*(cont'd)*

as surety, from all losses and expenses in connection with any surety bonds (the "Surety Bonds") for which Safeco agreed to become surety.  Safeco issued numerous Surety Bonds on behalf of the Debtors after Circuit City executed the General Indemnity Agreement.

8.   To secure their obligations under the General Indemnity Agreement, the Debtors arranged for a letter of credit in favor of Safeco (the "Safeco LC") through Bank of America, N.A.  The Safeco LC was scheduled to expire on July 11, 2009, and Bank of America was unwilling to extend the Safeco LC.  As a result, on or about June 16, 2009, Safeco drew down the remaining amount of the Safeco LC in the amount of $4,700,000, which Safeco is currently holding or has used to pay Surety Bond Claims.

9.   At present, the Debtors are principals, and Safeco is surety, to in excess of one hundred (100) Surety Bonds.  A list of the Debtors' outstanding Surety

_____

*(cont'd from previous page)*

   National Insurance Company.  For the purposes of this Motion, all potential sureties under the General Indemnity Agreement shall be referred to herein as "Safeco".

Bonds is attached hereto as Exhibit B.[4]  The Surety Bonds were issued for myriad purposes, including but not limited to, securing the payment of utility services, taxes, importer duties, various state licenses and fees, and pursuant to various statutes.

10.  Under the Surety Bonds, the Debtors and Safeco have potential joint and/or several liability in excess of $5 million.  Additionally, pursuant to the General Indemnity Agreement, the Debtors may also be liable to Safeco for other amounts.

11.  Since the filing of these chapter 11 cases, Safeco has received in excess of forty pre-petition claims and several post-petition claims against the Debtors' outstanding Surety Bonds.  The aggregate amount of the Surety Bond claims is, presently, in excess of $1,000,000.00.

---

[4]    Notwithstanding the list of Surety Bonds attached hereto as Exhibit B, Safeco and the Debtors have and/or may have executed other Surety Bonds which are not set forth on Exhibit B.  Safeco and the Debtors agree that any such Surety Bonds shall be deemed to be included on the list of Surety Bonds attached as Exhibit B.

**B.     Rejection And Cancellation Of The Surety Bonds.**

12.  Because the Debtors are in the process of
liquidating their assets for the benefit of their
creditors, and the Debtors have closed and vacated the
premises of all of their retail stores, the Surety Bonds
are no longer necessary for the Debtors to carry on
their businesses and they are burdensome to the Debtors'
bankruptcy estates.  Accordingly, the Debtors are
seeking to reject the Surety Bonds pursuant to 11 U.S.C.
§ 365(a).

13.  Furthermore, the Debtors wish to exercise
their rights and abilities to cancel many, if not all,
of the Surety Bonds.  Many of the Surety Bonds authorize
Safeco, either pursuant to the terms of the Surety Bonds
and/or by relevant statute and/or regulation, to provide
a notice of the cancellation of the Surety Bonds to the
respective Surety Bonds' Obligees effective as of a
certain date (the "Cancellation Effective Date").

14.  The Debtors and Safeco have agreed to
cooperate in the process of canceling the Surety Bonds,
whether it is by the Debtors' actions or Safeco's
actions.  Although the Debtors believe that the Debtors

are permitted to cancel the Surety Bonds without
violating the automatic stay, out of an abundance of
caution and to ensure that Safeco does not run afoul of
the automatic stay, the Debtors and Safeco have
determined that modifying the automatic stay would be
prudent before any cancellations are commenced.  Once
the stay is modified, either the Debtors or Safeco, or
both, will take all necessary and appropriate actions to
cancel the Surety Bonds.

**C.   Cancellation Procedures And The Surety Bond Claim
       Deadline.**

        15.  As Surety Bonds are cancelled, the
Debtors and Safeco anticipate that certain Obligees may
make claims against such Surety Bonds.  To streamline
the claims' process, the parties request that the court
approve the following procedures and establish a Surety
Bond Claim Deadline.

        16.  In order to commence cancellation of any
Surety Bond, Safeco shall provide written notice to the
Debtors, through the Debtors' counsel, of Safeco's
intent to take the necessary and appropriate actions to
cancel one or more specifically named Surety Bonds, and

Safeco shall attach a copy of each specifically named
Surety Bond to its notice.

17.   Within ten business days after the date
of receipt of the notice, the Debtors may provide Safeco
with their written consent with respect to any Surety
Bond(s) that Safeco seeks to terminate.   The Debtors'
failure to respond within ten (10) business days of
receipt of Safeco's written notice shall be deemed to be
the Debtors' written objection, in which case Safeco
shall not be permitted to take any further action
without either the Debtors' subsequent written consent
or pursuant to a subsequent court order.

18.   In the event the Debtors consent to
Safeco's cancellation of any such Surety Bond(s), the
Debtors shall file a notice with this Court of Safeco's
intent to cancel certain Surety Bonds (each a
"Cancellation Notice"), in the form attached hereto as
Exhibit C, and serve a copy of such Cancellation Notice
on each of the Obligees as provided in each of the
Surety Bonds or as required by statute or regulation and
counsel to Safeco.   The date set forth in the
Cancellation Notice as the date the Surety Bond(s) will

be deemed cancelled shall be known as the Cancellation
Effective Date.  The Cancellation Effective Date will
occur sixty (60) days after the Cancellation Notice is
filed with the Court.  In the event a Surety Bond, by
its terms, requires more than sixty (60) days notice
before the cancellation will be effective, the last day
of the term prescribed by the Surety Bond will be that
Surety Bond's Cancellation Effective Date.  As of the
date the Cancellation Notice is filed, Safeco shall be
authorized to take the immediate, necessary and
appropriate actions to cancel any Surety Bond(s) subject
to the Cancellation Notice.

19.  The Debtors further request that the
Court establish a Surety Bond Claim Deadline.  Pursuant
to the Surety Bond Claim Deadline, each Surety Bond
Obligee must file a Surety Bond Claim with Safeco on
account of any and all claims arising from or related to
its cancelled Surety Bond no later than sixty (60) days
after the applicable Cancellation Effective Date as
provided for in the Cancellation Notice filed by the
Debtors.  The failure of a Surety Bond Obligee to file
such a Surety Bond Claim shall release and discharge the

Debtors and Safeco from any such Surety Bond Claim that could have been made by the Surety Bond Obligee, and any such Surety Bond Claim shall be barred against the Debtors and Safeco forever by court order.

20.   Establishing a Surety Bond Claim Deadline allows the Debtors to efficiently administer their estates and will not prejudice the Surety Bond Obligees. After the occurrence of the Surety Bond Cancellation Effective Date, the Obligees will be granted an additional sixty (60) days to file Surety Bond Claims with Safeco on account of the cancelled Surety Bonds. At the same time, the Surety Bond Claim Deadline will ensure that the Debtors and Safeco receive any such Surety Bond Claims by a date certain so that the Debtors and Safeco can quickly and efficiently respond to such Surety Bond Claims and the Debtors can move forward with the administration of their bankruptcy cases.

**D.   Return of the Safeco LC funds to the Debtors' Estates.**

21.   As previously stated, on June 16, 2009, Safeco drew down the remaining amount of the Safeco LC in the amount of $4,700,000, which Safeco is currently

holding or has used to pay valid Surety Bond Claims.
After the expiration of the Surety Bond Claim Deadline,
Safeco will know with some certainty whether a Surety
Bond Claim has been made against a cancelled Surety Bond,
and if so, in what amount.

22.   In the event any Surety Bond Claim is
less than the total penal sum of the applicable
cancelled Surety Bond, the Debtors request that any
Order entered hereunder direct Safeco to return a
portion of the Safeco LC, which portion will be equal to
the total penal sum of the cancelled Surety Bond(s) less
any Surety Bond Claim(s) made against the Surety Bond.

**APPLICABLE AUTHORITY**

**I.    REJECTION OF THE SURETY BONDS IS APPROPRIATE UNDER
       BANKRUPTCY CODE SECTION 365(A).**

23.   Bankruptcy Code section 365(a) provides
that a debtor, "subject to the court's approval, may
assume or reject any executory contract or unexpired
lease."  11 U.S.C. § 365(a).  Courts have held that
surety bonds are executory contracts.  <u>See</u>, <u>e.g.</u>, <u>In the</u>
<u>Matter of Edwards Mobile Home Sales, Inc.</u>, 119 B.R. 857
(Bankr. M.D. Fla. 1990) (holding that surety bonds are

executory contracts); <u>In re Wegner Farms Company</u>, 49 B.R. 440 (Bankr. N.D. Iowa 1985) (same).

24.   Like other executory contracts, rejection of surety bonds is governed by the "business judgment" standard.  <u>See</u> <u>Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc.</u>, 756 F.2d 1043, 1046-47 (4th Cir. 1985), <u>cert.</u> <u>denied</u> <u>sub</u> <u>nom.</u>, <u>Lubrizol Enters., Inc. v. Canfield</u>, 475 U.S. 1057 (1986); <u>In re Extraction Technologies of VA, L.L.C.</u>, 296 B.R. 393, 399 (Bankr. E.D. Va. 2001); <u>see</u> <u>also</u> <u>In re HQ Global Holdings, Inc.</u>, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the product of bad faith, whim, or caprice).

25.   Once a debtor articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" <u>Official Comm. Of Subordinated Bondholders v. Integrated</u>

<u>Res., Inc.</u>, 147 B.R. 650, 656 (S.D.N.Y. 1992) (<u>quoting</u>

<u>Smith v. Van Gorkom</u>, 488 A.2d 858, 872 (Del. 1985)).

26.   The business judgment rule has vitality

in chapter 11 cases and shields a debtor's management

from judicial second-guessing.  <u>See</u> <u>Comm. Of Asbestos-</u>

<u>Related Litigants and/or Creditors v. Johns-Manville</u>

<u>Corp.</u>, 60 B.R. 612, 615 16 (Bankr. S.D.N.Y. 1986)

("[T]he Code favors the continued operation of a

business by a debtor and a presumption of reasonableness

attaches to a debtor's management decisions.").

27.   As set forth above, the Debtors have

satisfied the "business judgment" standard for rejecting

the Surety Bonds.  The Surety Bonds are financially

burdensome and unnecessary to the Debtors' estates.

Moreover, the Surety Bonds do not provide any economic

benefit to the Debtors, nor are they a source of

potential value for the Debtors' bankruptcy estates.

Indeed, the proposed rejection of the Surety Bonds is

tailored to minimize administrative expenses and

maximize distributions to creditors in these chapter 11

cases.

28.   Accordingly, rejection of the Surety

Bonds reflects the sound exercise of the Debtors'

business judgment.

**II.  THE AUTOMATIC STAY SHOULD BE MODIFIED UNDER SECTION
362(D)(1) TO PERMIT THE DEBTORS AND SAFECO TO
COMMENCE CANCELLATION OF THE SURETY BONDS.**

**A.   The Automatic Stay Should Be Modified Before
The Surety Bonds May Be Cancelled.**

29.   Rejection of an executory contract under

11 U.S.C. § 365(a) does not automatically result in the

cancellation of the contract.  See Cromwell Field

Associates, LLP v. May Department Stores Company, 5 Fed.

Appx. 186, 188 (4th Cir. 2001) (unpublished) ("As a rule,

the rejection of a lease gives rise to a pre-petition

breach . . . but does not terminate the lease."); In re

Lucash, 370 B.R. 664, 670 n.5 (Bankr. E.D. Va. 2007); In

re Park, 275 B.R. 253, 256 (Bankr. E.D. Va. 2002); In re

El Paso Refinery, L.P., 220 B.R. 37, 47 (Bankr. W.D. Tex.

1998).  Because rejection of the Surety Bonds will not

result in their automatic cancellation, the Debtors and

Safeco should take some affirmative action in order to

effectuate cancellation of the Surety Bonds.

16

30.  In order for Safeco to commence
cancellation of the Surety Bonds, it must provide the
Debtors and the Oligees with advance notice of its
intention to cancel the Surety Bonds.  This process has
been construed as a "proceeding against the debtor"
under section 362(a)(1).  See In re Wegner Farms Company,
49 B.R. at 442 ("Merchants could not legally cancel the
bond without giving 60 days' notice to . . . the Debtor.
Although this procedure was informal and not judicial in
nature, it nonetheless was a proceeding by Merchants to
forfeit Debtor out of a valid extant contract."); see
also In the Matter of Edwards Mobile Home Sales, Inc.,
119 B.R. at 860; In re R.O.A.M., Inc., 15 B.R. 616
(Bankr. D. Nev. 1981).  To the extent Safeco were to
take any action to cancel the Surety Bonds (even if
taken with the Debtors' consent), without seeking relief
from the automatic stay, Safeco could violate the stay.
See In re Wegner Farms Company, 49 B.R. at 442.

31.  Accordingly, the Debtors and Safeco have
determined that seeking relief from the automatic stay
before Safeco may cancel the Surety Bonds is warranted.

**B.    "Cause" Exists To Modify The Automatic Stay In Order To Cancel The Surety Bonds.**

32.   Section 362(d)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating annulling, modifying, or conditioning such stay – (1) for cause . . . ." Additionally, Bankruptcy Code section 105 provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

33.   While section 362(d)(1) does not explicitly define "cause" sufficient to modify the stay, generally courts must consider the particular circumstances of each case and determine whether relief is just to the claimants, the debtors, and the estate. See In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992) ("The court must balance potential prejudice to the bankruptcy debtor's estate against the hardships that

will be incurred by the person seeking relief from the

automatic stay if relief is denied.").

34.   In determining whether cause exists to

modify the automatic stay, courts in this district

consider various factors, including:

> (1) whether the issues in the pending
> litigation involve only state law, so the
> expertise of the bankruptcy court is
> unnecessary; (2) whether modifying the
> stay will promote judicial economy and
> whether there would be greater
> interference with the bankruptcy case if
> the stay were not lifted because matters
> would have to be litigated in bankruptcy
> court; and (3) whether the estate can be
> protected properly by a requirement that
> creditors seek enforcement of any
> judgment through the bankruptcy court.

Id., at 345.

35.   The relevant factors weigh in favor of

modifying the automatic stay to permit the Debtors and

Safeco to commence cancellation of the Debtors'

outstanding Surety Bonds.  As previously discussed, the

Debtors are in the process of liquidating their assets

for the benefit of their creditors.  Because the Debtors

are in the process of winding down all of their ongoing

business operations and will not emerge from Chapter 11

as going concerns, the Surety Bonds are no longer

necessary to protect the interests of the Surety Bond
Obligees going forward.  As a result, the Surety Bonds
provide inconsequential value and no benefit to the
Debtors and their estates at this crucial juncture in
the Debtors' bankruptcy proceedings.

36.  In addition, modifying the automatic stay
will not interfere with these Chapter 11 cases nor
prejudice the rights of the Surety Bond Obligees.  The
Surety Bonds must be cancelled in order to fully
liquidate the Debtors' assets and their businesses.
Modifying the automatic stay is necessarily one step in
that process.

37.  Moreover, the Debtors' liability under
the Surety Bonds does not cease merely because the
Surety Bonds are cancelled.  No claim against any Surety
Bond accruing and filed with Safeco prior to the Surety
Bond's Cancellation Effective Date will be denied by or
defended by the Debtors or Safeco solely on the basis
that the Surety Bond has been cancelled.  Indeed,
pursuant to the Surety Bond Claim Deadline, the Surety
Bond Obligees will have an additional sixty (60) after
the Cancellation Effective Date to file a Surety Bond

20

Claim with Safeco.  Therefore, the Surety Bond Obligees
are adequately protected and their rights and remedies
relative to the Surety Bonds are not prejudiced.

38.  Accordingly, granting the relief
requested herein is justified under Bankruptcy Code
sections 105(a) and 362(d)(1).

## III. ESTABLISHING A SURETY BOND CLAIM DEADLINE IS FAIR AND REASONABLE UNDER THE CIRCUMSTANCES.

39.  Bankruptcy Code section 105 provides in
pertinent part that "[t]he court may issue any order,
process, or judgment that is necessary or appropriate to
carry out the provisions of this title."  11 U.S.C. §
105(a).  Establishing a Surety Bond Claim Deadline will
allow the Debtors to quickly and efficiently identify
liabilities of their respective bankruptcy estates.
Prolonging the identification and evaluation of claims
against the Debtors' estates will result in delay that
potentially harms creditors and other parties in
interest.

40.  Moreover, the Debtors seek to avoid the
possibility of dual recovery in these proceedings.
Until all valid Surety Bond Claims are filed with and

paid by Safeco, it will be difficult for the Debtors to identify which Surety Bond Obligees have received payment on account of a valid Surety Bond Claim through Safeco, and which Obligees, if any, have the right to payment on account of an allowed claim under the applicable provisions of the Bankruptcy Code.

41.   Additionally, in its capacity as surety, Safeco receives a release and assignment of the Surety Bond Obligees' Surety Bond Claims that Safeco pays, and Safeco has certain indemnity rights under the General Indemnity Agreement.  Establishing a Surety Bond Claim Deadline will enable the Debtors and Safeco to resolve Safeco's rights and claims against the Debtors' estates under the General Indemnity Agreement and the various Surety Bonds, if any, in a timely and efficient manner.

42.   Furthermore, establishing a Surety Bond Claim Deadline will not prejudice the Surety Bond Obligees.  In accordance with the cancellation procedures described herein, any Obligee under a Surety Bond that is subject to cancellation by Safeco will receive a written Cancellation Notice from the Debtors along with Safeco's cancellation notice.  The

Cancellation Notice will include the Surety Bond's
Cancellation Effective Date.  The Cancellation Effective
Date applicable to each cancelled Surety Bond will occur
sixty (60) days after the filing of the Cancellation
Notice.  In the event a Surety Bond, by its terms,
requires more than sixty (60) days notice before the
cancellation will be effective, the last day of the term
prescribed by the Surety Bond will be that Surety Bond's
Cancellation Effective Date.  Once the Cancellation
Effective Date is final, the Surety Bond Obligees will
have an additional sixty (60) days in which to file a
Surety Bond Claim with Safeco.

43.  Because the Debtors are winding down
their businesses, and have ceased operations,
establishing a Surety Bond Claim Deadline that expires
sixty (60) days after the Cancellation Effective Date
has passed is more than sufficient time for any Surety
Bond Obligee to file a Surety Bond Claim with Safeco.
Therefore, it is fair and reasonable under the
circumstances to require the Surety Bond Obligees to
file Surety Bond Claims by the Surety Bond Claim
Deadline, and that the failure of a Surety Bond Obligee

to file such a Surety Bond Claim shall release and
discharge the Debtors and Safeco from any such Surety
Bond Claim that could have been made by the Surety Bond
Obligee, and any such Surety Bond Claim shall be barred
against the Debtors and Safeco forever by court order.

44.   Accordingly, it is in the best interests
of the Debtors and their estates, and it is fair and
reasonable under the circumstances, for the Court to
establish a Surety Bond Claim Deadline.

**IV.  SAFECO SHOULD BE DIRECTED TO RETURN THE SAFECO LC
FUNDS AS EACH SURETY BOND IS CANCELLED.**

45.   Bankruptcy Code section 105 provides in
pertinent part that "[t]he court may issue any order,
process, or judgment that is necessary or appropriate to
carry out the provisions of this title."  11 U.S.C. §
105(a).  The Debtors request that the Court direct
Safeco to return funds drawn from the Safeco LC as the
Surety Bond Claim Deadline expires in the total penal
sum of the Surety Bond cancelled, less any valid Surety
Bond Claims made under the bond.  Returning the unused
portion of the Safeco LC funds to the Debtors upon the
expiration of the Surety Bond Claim Deadline is in the

best interest of the Debtors and their estates, and will
ultimately maximize distributions to creditors of the
Debtors' bankruptcy estates.

46.   Accordingly, the relief requested under
section 105 is warranted in this instance.

**NOTICE**

47.   Notice of this Motion has been provided
to (i) those parties entitled to notice under this
Court's Order Pursuant to Bankruptcy Code Sections 102
and 105, Bankruptcy Rules 2002 and 9007, and Local
Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain
Notice, Case Management, and Administrative Procedures
(Docket No. 130), (ii) counsel to Safeco, and (iii) the
Surety Bond Obligees.  The Debtors submit that, under
the circumstances, no other or further notice need be
given.

## WAIVER OF MEMORANDUM OF LAW

48.   Pursuant to Local Bankruptcy Rule 9013-
1(G), and because there are no novel issues of law
presented in the Motion and all applicable authority is
set forth in the Motion, the Debtors request that the
requirement that all motions be accompanied by a
separate memorandum of law be waived.

## NO PRIOR REQUEST

49.   No previous request for the relief sought
herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: September 25, 2009
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636 (302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley          .
Dion W. Hayes (VSB No. 34304)
Douglas Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and
Debtors in Possession

## EXHIBIT A

**(General Indemnity Agreement)**



**SAFECO®**

**GENERAL AGREEMENT
OF INDEMNITY**

SAFECO INSURANCE COMPANY OF AMERICA
GENERAL INSURANCE COMPANY OF AMERICA
FIRST NATIONAL INSURANCE COMPANY OF AMERICA
SAFECO NATIONAL INSURANCE COMPANY
HOME OFFICE: SAFECO PLAZA
SEATTLE, WASHINGTON 98185

THIS AGREEMENT is made by the Undersigned Corporation in favor of the Surety (as hereafter defined) for the purpose of indemnifying it from all loss and expense in connection with any Bonds for which it now is or hereafter becomes surety for the Undersigned Corporation, any company subsidiary to or controlled by the Undersigned Corporation (whether now owned or hereafter created or acquired) or any person, corporation, partnership or combination thereof for whom bonds are requested by an officer, broker or agent of record or designated employee of the Undersigned Corporation

**DEFINITIONS:** Where they appear in this agreement, the following terms shall be considered as defined below

**Bond:** Any and all bonds, undertakings or instruments of guarantee and any renewals or extensions thereof executed by Surety.

**Surety:** Any one or combination of the following: SAFECO Insurance Company of America; General Insurance Company of America; First National Insurance Company of America; SAFECO National Insurance Company; any person or company joining with any of the aforesaid companies in executing any Bond, executing any Bond at their request or providing reinsurance to them with respect to any Bond.

**INDEMNITY TO SURETY:** The Undersigned Corporation agrees to pay to Surety upon demand all loss and expense, including reasonable attorney fees, incurred by Surety by reason of having executed any Bond. An itemized statement of loss and expense incurred by Surety, sworn to by an officer of Surety, shall be prima facie evidence of the fact and extent of the liability of the Undersigned Corporation to Surety in any claim or suit by Surety against the Undersigned Corporation. Separate suits may be brought under this agreement as causes of action accrue, and the pendency or termination of any such suit shall not bar subsequent action by Surety

**GENERAL PROVISIONS:**

1. Surety shall have the right to decline to execute any Bond
2. Assent by Surety to changes in any Bond or refusal so to assent shall not release or affect the obligations of the Undersigned Corporation to Surety.
3. Surety shall have every right, defense or remedy which a personal surety without compensation would have, including the right to exoneration.
4. The Undersigned Corporation will on request of Surety procure the discharge of Surety from any Bond and all liability by reason thereof. If such discharge is unattainable, the Undersigned Corporation will, if requested by Surety, either deposit collateral with surety, acceptable to Surety, sufficient to cover all exposure under such bond or bonds, or make provisions acceptable to Surety for the funding of the bonded obligation(s).
5. The Undersigned Corporation will on request of Surety pay any premium due for any Bond, computed according to the rates currently charged by Surety, including renewal premiums until proof satisfactory to Surety is furnished of its discharge from liability under any Bond.
6. The Undersigned Corporation warrants that it is specifically and beneficially interested in the obtaining of each Bond.
7. Invalidity of any provision of this agreement by reason of the laws of any state, or for any other reason, shall not render the other provisions hereof invalid.
8. The Undersigned Corporation may cause a cessation of its indemnity so as not to cover any new Bonds for any of the entities for which it has indemnified under this agreement  To do so, the Undersigned Corporation must send written notice to Surety by registered or certified mail to SAFECO Insurance Company of America, Surety Department, SAFECO Plaza, Seattle, Washington 98185, stating in such notice the effective date (not less than 30 days after receipt of notice by Surety) of termination for future Bonds. Such notice shall not act to modify or discharge the liability of the Undersigned Corporation for any Bonds which are then in force or were previously approved

Executed this _____9th_____ day of _____July_____ , 1992

CIRCUIT CITY STORES, INC.                                        (Corporate seal)
(Corporate name)

By: *Philip Dunn*                        Attest *Grady L Dixon*
(Signature)                                          (Signature)
Philip J. Dunn, Treasurer                   Grady L. Dixon, Risk Manager
(Name and title)                                  (Name and title)

**CORPORATE ACKNOWLEDGMENT**

STATE OF _Virginia_

County Of _Henrico_           } ss.:

On this _9th_ day of _July_ , 1992 , before me personally appeared _Philip Dunn_ and _Grady L. Dixon_ , known by me to be the _Treasurer_ and _Risk Manager_ , of the corporation executing the above instrument, and acknowledged said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned and on oath stated that the seal affixed is the seal of said corporation and that it was affixed and that they executed said instrument by authority of the Board of Directors of said corporation.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written

(SEAL)                           *Jane C McKee*
Notary Public, residing at _Chesterfield Co. Va._
(Commission expires ___2-28-95___ )

S-3/EP  8/90

® Registered trademark of SAFECO Corporation
PRINTED IN U.S.A.

## EXHIBIT B

**(List of Surety Bonds)**

**Exhibit B: List of Debtors' Surety Bonds**

| Obligee | Description | Bond No. | Bond Amount | Effective Date |
|---|---|---|---|---|
| Jacksonville Electric Authority | Utility Bond | 5732806-0000 | $40,600.00 | 6/6/2008 |
| New Orleans Public Service | Utility Bond | 5786559-0000 | $15,000.00 | 3/22/2009 |
| Insurance Commissioner, State of Georgia | Extended Service Contract-Home Warranty Bond | 5786563-0000 | $100,000.00 | 4/15/2008 |
| Brownsville Public Utility Department | Utility Bond | 5786564-0000 | $6,000.00 | 4/14/2008 |
| North Little Rock Utilities Accounting Department | Utility Bond | 5807614-0000 | $6,000.00 | 7/20/2008 |
| Insurance Commissioner and Treasurer, State of Florida | Florida Home Warranty Bond | 5807629-0000 | $100,000.00 | 8/27/2008 |
| City of Lafayette Utility Systems | Utility Bond | 5807637-0000 | $5,910.00 | 9/9/2008 |
| City of Tallahassee, Credit/Collections Division | Utility Bond | 5807638-0000 | $12,200.00 | 9/9/2008 |
| State of Nevada | Nevada Retailer and/or User Bond | 5807643-0000 | $1,442,987.00 | 9/19/2008 |
| Massachusetts Turnpike Authority | Bond securing payment for use of MA Turnpike | 5829483-0000 | $5,000.00 | 5/12/2008 |
| Florida Power Corporation | Utility Bond | 5860593-0000 | $99,775.00 | 12/18/2008 |
| Orlando Utilities Commission | Utility Bond | 5860601-0000 | $13,500.00 | 1/3/2009 |
| Knoxville Utilities Board | Utility Bond | 5869811-0000 | $8,000.00 | 4/12/2008 |
| Kentucky Utilities Company | Utility Bond | 5869813-0000 | $5,500.00 | 4/14/2008 |
| Tampa Electric Company | Utility Bond | 5876344-0000 | $86,000.00 | 7/8/2008 |
| Huntsville Utilities | Utility Bond | 5876418-0000 | $16,000.00 | 12/27/2008 |
| United Cities Gas Companies | Utility Bond | 5895705-0000 | $3,350.00 | 3/4/2008 |
| City of Rocky Mount Collections | Utility Bond | 5895708-0000 | $2,900.00 | 3/17/2008 |
| Central Louisiana Electric Company | Utility Bond | 5895710-0000 | $5,500.00 | 3/25/2008 |
| Maine Turnpike Authority | Bond securing payment for use of ME Turnpike | 5895711-0000 | $5,000.00 | 4/4/2009 |
| Pennsylvania Turnpike Commission | Bond securing payment for use of PA Turnpike | 5895712-0000 | $3,000.00 | 4/4/2008 |
| Southwestern Power Company | Utility Bond | 5910793-0000 | $4,600.00 | 9/27/2008 |
| State of Nevada, State Contractors Board | License to do business as a Contractor in NV | 5930784-0000 | $2,000.00 | 4/9/2008 |
| TECO People's Gas | Utility Bond | 5930806-0000 | $1,000.00 | 12/14/2008 |
| Western Resources, Inc. | Utility Bond | 5930808-0000 | $1,000.00 | 1/28/2009 |
| New York State Thruway Authority | Extension of credit for use of New York Thruway | 5930893-0000 | $1,000.00 | 10/8/2008 |

**Exhibit B: List of Debtors' Surety Bonds**

| Obligee | Description | Bond No. | Bond Amount | Effective Date |
|---|---|---|---|---|
| Government of Nashville & Davidson City, Department of Water & Sewer | License and permit to maintain sprinkler system | 5930905-0000 | $1,000.00 | 8/1/2008 |
| Maine Turnpike Authority | Bond securing payment for use of ME Turnpike | 5930908-0000 | $5,000.00 | 12/14/2008 |
| South Carolina Public Service Authority (Santee Cooper) | Utility Bond | 6088504-0000 | $14,000.00 | 11/1/2008 |
| City of Vero Beach Utilities | Utility Bond | 6088516-0000 | $14,000.00 | 12/19/2008 |
| Electric Power Board of Chattanooga | Utility Bond | 6088523-0000 | $8,600.00 | 1/10/2009 |
| City of Lakeland, Department of Electricity & Water | Utility Bond | 6088524-0000 | $14,000.00 | 1/10/2009 |
| AEP/Public Service Company of Oklahoma | Utility Bond | 6088526-0000 | $9,474.00 | 1/10/2009 |
| Kansas City Power & Light Company | Utility Bond | 6088527-0000 | $3,500.00 | 1/25/2009 |
| Con Edison Company of New York | Utility Bond | 6156367-0000 | $83,140.00 | 7/16/2008 |
| City of Orlando and/or Orlando Utility Commission | Utility Bond | 6189274-0000 | $5,000.00 | 6/17/2008 |
| State of Indiana, Secretary of State, Notary Department | Notary Public Bond | 6200155-0000 | $5,000.00 | 1/14/2003 |
| Kentucky Utilities Company | Utility Bond | 6216827-0000 | $5,000.00 | 10/2/2008 |
| State of Nevada, Department of Taxation | Guaranty payment of taxes | 6216840-0000 | $30,000.00 | 10/21/2008 |
| Withlacoochee River Electric Cooperative, Inc. | Utility Bond | 6275855-0000 | $12,000.00 | 8/4/2008 |
| New York Department of Transportation | Permit for Installation and Operation of Traffic Signal | 6305633-0000 | $10,000.00 | 10/21/2008 |
| U.S. Customs Service, Department of Homeland Security | Importer Broker Bond | 6327553-0000 | $1,000,000.00 | 6/24/2008 |
| Progress Energy Carolinas | Utility Bond | 6335771-0000 | $88,982.00 | 4/28/2008 |
| Salt River Project Agricultural Improvement & Power District | Utility Bond | 6335792-0000 | $150,804.00 | 5/10/2008 |
| City of Miami Beach | License to do business as a mail order business | 6355422-0000 | $5,000.00 | 8/11/2008 |
| City of East Point, Finance Director | Utility Bond | 6355484-0000 | $15,000.00 | 1/24/2009 |
| Arizona Registrar of Contractors | License to do business as a residential contractor | 6403858-0000 | $2,000.00 | 3/20/2008 |

**Exhibit B: List of Debtors' Surety Bonds**

| Obligee | Description | Bond No. | Bond Amount | Effective Date |
|---|---|---|---|---|
| Arizona Registrar of Contractors | License to do business as a residential and commercial contractor | 6403859-0000 | $52,500.00 | 8/16/2008 |
| Hillsborough County, Construction License Team | License to do business as a contractor | 6403862-0000 | $5,000.00 | 4/12/2008 |
| State of Arizona, Department of Revenue | Taxpayer Bond | 6403865-0000 | $2,000.00 | 4/19/2008 |
| Frederick County, Maryland | License to do business as an electrical contractor | 6403866-0000 | $10,000.00 | 4/19/2008 |
| Washington Department of Labor and Industries, Department of Electric Licensing & Certification | Electrical/Telecommunications Contractors Bond | 6403880-0000 | $4,000.00 | 6/20/2008 |
| Arizona Registrar of Contractors | License for a Residential C-37R Built-In Central Vacuum System | 6403889-0000 | $7,500.00 | 8/8/2008 |
| Maryland Home Improvement Commission | License to do business as a home improvement contractor | 6403890-0000 | $20,000.00 | 8/8/2008 |
| New Mexico Regulation and License Department | License to do business as a contractor | 6403901-0000 | $5,000.00 | 9/14/2008 |
| Iowa Division of Labor | License to do business as an out of state contractor | 6403902-0000 | $50,000.00 | 9/14/2008 |
| State of Delaware, Division of State Police | License to business in security systems and protective services | 6403907-0000 | $10,000.00 | 10/6/2006 |
| Arizona Department of Insurance | License to sell service contracts | 6403908-0000 | $100,000.00 | 10/17/2008 |
| California Registrar, Contractors State License Board | Contractors Licensing Bond | 6403909-0000 | $12,500.00 | 3/12/2007 |
| Oregon Construction Contractors Board | License to do business as a contractor | 6403922-0000 | $15,000.00 | 6/15/2008 |
| Minnesota Department of Labor and Industry | Technology System Contractor Bond | 6457116-0000 | $25,000.00 | 8/1/2008 |
| Nevada State Contractors Board | Contractors Licensing Bond | 6457119-0000 | $30,000.00 | 2/15/2009 |
| Arizona Department of Revenue | Contractor Taxpayer Bond | 6457128-0000 | $2,000.00 | 9/6/2008 |
| California Registrar, Contractors State License Board | Bond of Qualifying Individual | 6457129-0000 | $12,500.00 | 3/16/2007 |
| California Registrar, Contractors State License Board | Bond of Qualifying Individual | 6457130-0000 | $12,500.00 | 3/16/2007 |
| California Registrar, Contractors State License Board | Bond of Qualifying Individual | 6457131-0000 | $12,500.00 | 3/16/2007 |
| California Registrar, Contractors State License Board | Bond of Qualifying Individual | 6457132-0000 | $12,500.00 | 3/16/2007 |

**Exhibit B: List of Debtors' Surety Bonds**

| Obligee | Description | Bond No. | Bond Amount | Effective Date |
|---|---|---|---|---|
| California Registrar, Contractors State License Board | Bond of Qualifying Individual | 6457133-0000 | $12,500.00 | 3/16/2007 |
| Oklahoma Tax Commission | Sales Tax Surety Bond | 6457154-0000 | $500.00 | 12/7/2008 |
| Missouri Gas Energy | Utility Bond | 6457176-0000 | $1,350.00 | 7/17/2008 |
| GreyStone Power Corporation | Utility Bond | 6457178-0000 | $2,500.00 | 8/6/2008 |
| City of Dover, Delaware | Utility Bond | 6489799-0000 | $9,000.00 | 8/23/2008 |
| Kissimmee Utility Authority | Utility Bond | 6489803-0000 | $35,000.00 | 9/11/2008 |
| Knoxville Utilities Board | Utility Bond | 6489808-0000 | $2,000.00 | 10/11/2008 |
| Progress Energy Corporation | Utility Bond | 6489809-0000 | $52,115.00 | 10/17/2008 |
| Puerto Rico Electric Power Authority | Utility Bond | 6489815-0000 | $41,760.00 | 11/16/2008 |
| Illinois Worker's Compensation Commission | Bond - Certiorari-Worker's Compensation Commission | 6489816-0000 | $74,200.00 | 12/14/2008 |
| Lee County Electric Cooperative | Utility Bond | 6489819-0000 | $12,100.00 | 1/4/2009 |
| Dixie Electric Cooperative | Utility Bond | 6489824-0000 | $12,210.00 | 1/23/2009 |
| Duke Power | Utility Bond | 6489825-0000 | $133,700.00 | 1/18/2009 |
| Puerto Rico Electric Power Authority | Utility Bond | 6489827-0000 | $36,000.00 | 1/31/2009 |
| City of Alcoa | Utility Bond | 6489833-0000 | $12,000.00 | 3/4/2008 |
| Dominion Virginia Power | Utility Bond | 6489834-0000 | $482,565.00 | 3/5/2009 |
| Knoxville Utilities Board | Utility Bond | 6489835-0000 | $15,500.00 | 3/6/2009 |
| Clarksville Department of Electricity | Utility Bond | 6489844-0000 | $13,400.00 | 4/15/2008 |
| Georgia Department of Driver Services | License to Operate an Ignition Interlock Provider Center | 6489845-0000 | $120,000.00 | 4/17/2008 |
| New York Department of State | Games of Chance Surety Bond | 6489848-0000 | $5,550.00 | 4/30/2008 |
| Arizona Public Service | Utility Bond | 6489851-0000 | $177,000.00 | 5/22/2008 |
| Puerto Rico Electric Power Authority | Utility Bond | 6489872-0000 | $23,850.00 | 9/24/2008 |
| New York Department of State | Games of Chance Surety Bond | 6489874-0000 | $11,500.00 | 10/8/2008 |
| New York Department of State | Games of Chance Surety Bond | 6489875-0000 | $24,500.00 | 10/8/2008 |
| Utility Board of City of Foley d/b/a Riveria Utilities | Utility Bond | 6489878-0000 | $10,000.00 | 10/15/2008 |
| Gulf Power Company | Utility Bond | 6489885-0000 | $34,540.00 | 11/5/2008 |
| New York Department of State | Games of Chance Surety Bond | 6489886-0000 | $7,140.00 | 11/5/2008 |
| New York State Electric & Gas | Utility Bond | 6489887-0000 | $56,405.00 | 11/5/2008 |
| Entergy Arkansas, Inc. | Utility Bond | 6489888-0000 | $16,850.00 | 11/5/2008 |

**Exhibit B: List of Debtors' Surety Bonds**

| Obligee | Description | Bond No. | Bond Amount | Effective Date |
|---|---|---|---|---|
| Entergy Gulf States Louisiana, LLC | Utility Bond | 6489889-0000 | $55,550.00 | 11/5/2008 |
| Entergy Mississippi, Inc. | Utility Bond | 6489890-0000 | $50,000.00 | 11/5/2008 |
| Entergy Louisiana, LLC | Utility Bond | 6489891-0000 | $81,390.00 | 11/5/2008 |
| New York Department of State | Games of Chance Surety Bond | 6581613-0000 | $5,400.00 | 9/16/2008 |
| Allegheny Power | Utility Bond | 6581614-0000 | $83,243.00 | 9/16/2008 |

## **Exhibit C**

**(Cancellation Notice)**

Gregg M. Galardi, Esq.                    Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                   Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,     MCGUIREWOODS LLP
LLP                                       One James Center
One Rodney Square                         901 E. Cary Street
PO Box 636                                Richmond, Virginia 23219
Wilmington, Delaware 19899-0636           (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors in
Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                          :    Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :    Case No. 08-35653 (KRH)
et al.,                         :
                                :    Jointly Administered
            Debtors.            :
- - - - - - - - - - - - - - - x

**NOTICE OF SURETY BOND CANCELLATION**

**TO POTENTIAL HOLDERS OF SURETY BOND CLAIMS:**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**THE FACT THAT YOU RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A SURETY BOND CLAIM OR MUST FILE A SURETY BOND CLAIM – PLEASE READ THE FOLLOWING CAREFULLY**

PLEASE TAKE NOTICE that, on [month day], 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered the Order Pursuant to Bankruptcy Code Sections 105, 362(d)(1), and 365(a), Federal Bankruptcy Rules 4001 and 6006, and Local Bankruptcy Rule 4001 (I) Authorizing Rejection of Surety Bonds, (II) Modifying the Automatic Stay for the Limited Purpose of Allowing Safeco Insurance Company of America to Commence Cancellation of Surety Bonds, and (III) Establishing Surety Bond Claim Deadline. (D.I.

[], the "Order").[1]  A copy of the Order is attached hereto as
Exhibit 1.

        PLEASE TAKE FURTHER NOTICE that the Order authorized
the debtors and debtors in possession (the "Debtors")[2] to cancel
certain Surety Bonds upon notice to the Surety Bond Obligees,
without further Court approval.  The Debtors hereby provide
notice of the Debtors' intent to cause Safeco Insurance Company
of America ("Safeco") to cancel the Surety Bond(s) identified on
Exhibit 2, as of [**Month day, 2009**], the **Cancellation Effective
Date**.

        PLEASE TAKE FURTHER NOTICE that, Exhibit 2 is deemed
to be Safeco's required written notice to the Surety Bond
Obligee of Safeco's intent to cancel the Surety Bond in
accordance with the terms of the Surety Bond.

        PLEASE TAKE FURTHER NOTICE that, the Order requires
all persons or entities holding a claim on account of or related
to their Surety Bond to file a Surety Bond Claim with Safeco so
that such Surety Bond Claim is received by **5:00 p.m., Pacific
Time, on [Month Day], 2009** -- the **Surety Bond Claim Deadline** --
at the following address if delivered by mail, hand delivery or
overnight courier:

        **Safeco Insurance Company of America
        1001 4th Ave.
        Seattle, WA 98154**

        **Katie Bradshaw
        Circuit City Stores, Inc.**

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings
     ascribed to such terms in the Order.

[2]  The Debtors and the last four digits of their respective taxpayer
     identification numbers are as follows: Circuit City Stores, Inc. (3875),
     Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
     Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC
     (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc.
     (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157),
     Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky
     Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN,
     LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and
     Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores
     West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.
     For all other Debtors, the address was 9950 Mayland Drive, Richmond,
     Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA
     23060.

4951 Lake Brook Drive
Glen Allen, VA 23060

**DO NOT FILE YOUR SURETY BOND CLAIM WITH THE BANKRUPTCY COURT.**

**INFORMATION THAT <u>MUST</u> BE INCLUDED WITH
YOUR SURETY BOND CLAIM**

To be considered, each Surety Bond Claim must (a) be in writing, (b) be denominated in lawful United States Currency, (c) set forth with specificity the factual basis for the Surety Bond Claim, and (c) have attached to it supporting documentation upon which the claimant will rely to support the Surety Bond Claim.

**CONSEQUENCES OF FAILURE TO FILE
SURETY BOND CLAIM**

**Any holder of a Surety Bond Claim that is eligible to file (but fails to file) a Surety Bond Claim in accordance with the procedures set forth herein on or before the Surety Bond Claim Deadline (a) shall be forever barred, estopped, and enjoined from asserting any Surety Bond Claim against the Debtors and Safeco, and (b) shall not be permitted to receive payment from the Debtors or Safeco on account of the Surety Bond Claim or otherwise under the applicable Surety Bond.**

**TIME AND PLACE FOR FILING SURETY BOND CLAIMS**

A signed original of Surety Bond Claim, together with accompanying documentation, must be **delivered so as to be received** no later than 5:00 p.m., Pacific Time on **[Month Day], 2009**, at the following address by mail, hand delivery or overnight courier:

**Safeco Insurance Company of America
1001 4th Ave.
Seattle, WA 98154**

**Katie Bradshaw
Circuit City Stores, Inc.
4951 Lake Brook Drive
Glen Allen, VA 23060**

**Any Surety Bond Claim submitted by facsimile or other electronic means will not be accepted and will not be deemed filed until such Surety Bond Claim is submitted by the method**

**described in the foregoing sentence.  Surety Bond Claims will be deemed filed only when actually received at the address listed above.**

```
Dated: [Month Day], 2009      SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia     FLOM, LLP
                              Gregg M. Galardi, Esq.
                              Ian S. Fredericks, Esq.
                              P.O. Box 636
                              Wilmington, Delaware 19899-0636
                              (302) 651-3000

                                     - and -

                              SKADDEN, ARPS, SLATE, MEAGHER &
                              FLOM, LLP
                              Chris L. Dickerson, Esq.
                              155 North Wacker Drive
                              Chicago, Illinois 60606
                              (312) 407-0700

                                     - and -

                              MCGUIREWOODS LLP


                              _____
                              Dion W. Hayes (VSB No. 34304)
                              Douglas Foley (VSB No. 34364)
                              One James Center
                              901 E. Cary Street
                              Richmond, Virginia 23219
                              (804) 775-1000

                              Counsel for Debtors and Debtors
                              in Possession
```

**EXHIBIT 1**

**(Order)**

**EXHIBIT 2**

**(Safeco's Notice of Cancelled Surety Bonds)**