```
Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - -x
                                :
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :
            Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - - -x
```

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 362(d)(1), AND 365(a), FEDERAL BANKRUPTCY RULES 4001 and 6006, AND LOCAL BANKRUPTCY RULE 4001 (I) AUTHORIZING REJECTION OF SURETY BONDS, (II) MODIFYING THE AUTOMATIC STAY FOR THE LIMITED PURPOSE OF ALLOWING SAFECO INSURANCE COMPANY OF AMERICA TO COMMENCE CANCELLATION OF SURETY BONDS, (III) ESTABLISHING SURETY BOND CLAIM DEADLINE AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order, pursuant to sections 105, 362(d)(1), and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 4001 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rule") for entry of an order (I) authorizing rejection of the Debtors' Surety Bonds, (II) modifying the automatic stay for the limited purpose of allowing Safeco to commence cancellation of Surety Bonds, (III) establishing a Surety Bond Claim Deadline and (IV) granting related relief; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due

---

[1] Each capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Motion.

2

deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.  The Motion is GRANTED.

2.  The Surety Bonds are hereby rejected pursuant to 11 U.S.C. §§ 105(a) and 365(a) of the Bankruptcy Code.

3.  The automatic stay imposed pursuant to section 362 of the Bankruptcy Code is modified to the extent necessary to permit the Debtors and Safeco, jointly or in their individual capacities, to commence cancellation of the Debtors' outstanding Surety Bonds.

4.  The Debtors are hereby authorized to take all actions reasonably necessary to cancel the Surety Bonds without further Court order.

5.  In the event Safeco determines that it will take the necessary or appropriate actions to cancel any Surety Bond(s):

>  (a) Safeco shall provide written notice to the Debtors, through the Debtors' counsel, of Safeco's intent to take the necessary and appropriate actions to cancel one or more specifically named Surety Bonds, and shall attach a copy of each specifically named Surety Bond to its notice;

3

(b) Within ten (10) business days after the date of receipt of the notice, the Debtors may provide Safeco with their written consent with respect to any Surety Bond(s) that Safeco seeks to cancel. The Debtors' failure to respond within ten (10) business days of receipt of Safeco's written notice shall be deemed to be the Debtors' written objection, in which case Safeco shall not be permitted to take any further action without either the Debtors' subsequent written consent or pursuant to a subsequent court order; and,

(c) In the event the Debtors consent to Safeco's cancellation of any such Surety Bond(s), the Debtors shall file a Cancellation Notice, in substantially the form attached hereto as <u>Exhibit 1</u>, with this Court of Safeco's intent to cancel certain Surety Bonds and serve a copy of such Cancellation Notice on each of the Obligees as provided in each of the Surety Bonds or as required by statute or regulation and counsel to Safeco. The date set forth in the Cancellation Notice as the date the Surety Bond(s) will be deemed cancelled shall be known as the Cancellation Effective Date. The Cancellation Effective Date will occur sixty (60) days after the Cancellation Notice is filed with the Court. In the event a Surety Bond, by its terms, requires more than sixty (60) days notice before the cancellation will be effective, the last day of the term prescribed by the Surety Bond will be that Surety Bond's Cancellation Effective Date. As of the date the Cancellation Notice is filed, Safeco shall be authorized to take the immediate, necessary and appropriate actions to cancel any Surety Bond(s) subject to the Cancellation Notice.

6. The Cancellation Notice shall specifically set forth the Cancellation Effective Date and the Surety Bond Claim Deadline applicable to each

4

specifically named Surety Bond the Debtors seek to cancel.

7. Each Cancellation Notice will include as an exhibit thereto, a written notice from Safeco to the Surety Bond Obligee of Safeco's intent to cancel the Obligee's Surety Bond, which notice is deemed to be Safeco's written notice of Surety Bond cancellation as required under the terms of each Surety Bond.

8. Each Surety Bond Obligee must file a Surety Bond Claim with Safeco on account of any and all claims arising from or related to its cancelled Surety Bond no later than sixty (60) days after the applicable Cancellation Effective Date as provided for in the Cancellation Notice filed by the Debtors (each such date, a "Surety Bond Claim Deadline").

9. To be considered, each Surety Bond Claim must (a) be in writing, (b) be denominated in lawful United States Currency, (c) set forth with specificity the factual basis for the Surety Bond Claim, (d) have attached to it supporting documentation upon which the Obligee will rely to support the Surety Bond Claim, and (e) be received on or before the Sure Bond Claim

5

Deadline by Safeco Insurance Company of America, 1001 4th Ave., Seattle, WA 98154 and, Circuit City Stores, Inc., Attn: Katie Bradshaw, 4951 Lake Brook Drive, Glen Allen, VA 23060; <u>provided</u>, <u>further</u>, that neither facsimile or email transmissions shall be valid or timely.

**10. Any holder of a Surety Bond Claim that is eligible to file (but fails to file) a Surety Bond Claim in accordance with the procedures set forth herein on or before the applicable Surety Bond Claim Deadline (a) shall be forever barred, estopped, and enjoined from asserting any Surety Bond Claim against the Debtors and Safeco, and the Debtors and/or Safeco shall be forever discharged from any and all indebtedness or liability with respect to such Surety Bond Claim, and (b) shall not be permitted to receive payment from the Debtors or Safeco on account of the Surety Bond Claim or otherwise under the applicable Surety Bond.**

11. Surety Bond Claims accruing <u>prior</u> to the Surety Bond's Cancellation Effective Date and filed with Safeco on or before the applicable Surety Bond Claim Deadline shall not be denied by or defended by the

6

Debtors or Safeco solely on the basis that the Surety Bond has been cancelled; provided, however, that any and all other defenses and rights the Debtors and Safeco may have with respect to such claims are expressly preserved.

12. Surety Bond Claims accruing after the Cancellation Effective Date shall be denied by or defended by the Debtors and Safeco based upon the cancellation of the Surety Bonds as of the Cancellation Effective Date; provided, however, that any and all other defenses and rights the Debtors and Safeco may have with respect to such claims are expressly preserved.

13. By no later than thirty (30) days after the expiration of each Surety Bond Claim Deadline, Safeco shall return to the Debtors (or their successor(s)) funds from the Safeco LC in an amount equal to the total penal sum of the Surety Bonds cancelled, less any Surety Bond Claims to be paid under the Surety Bonds.

14. The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a

7

memorandum of law in connection with the Motion is hereby waived.

      15.  This Court retains jurisdiction to hear and determine all matters arising from or related to implementation or interpretation of this Order.

Dated:  Richmond, Virginia
       October \_\_, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                              /s/ Douglas M. Foley
                                                Douglas M. Foley

**EXHIBIT 1**

**(Bond Cancellation Notice)**

10