Kevin A. Lake, Esquire (VSB# 34286)
VANDEVENTER BLACK LLP
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA  23218-1558
Tel: 804.237.8811
Fax: 804.237.8801
klake@vanblk.com

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
Elizabeth Weller
Tex. Bar No. 00785514
2323 Bryan St. #1600
Dallas, TX 75201
(469)221-5075 phone
(469)221-5002 fax
BethW@publicans.com email

Attorneys for Claimants

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN THE MATTER OF:                                         CASE NO. 08-35653

CIRCUIT CITY STORES, INC.

DEBTOR.                              CHAPTER 11


**LOCAL TEXAS TAX AUTHORITIES' RESPONSE TO DEBTORS'
THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS
(REDUCTION OF CERTAIN PERSONAL PROPERTY TAX CLAIMS)
AND REQUEST FOR ABSTENTION**


TO THE HONORABLE COURT:

NOW COME Bexar County, Cameron County, City of Cedar Hill, Dallas County, El Paso,

Frisco, Gregg County, Harlingen, Harlingen CISD, Irving ISD, Jefferson County, Longview

ISD, McAllen, McAllen ISD, McLennan County, Nueces County, Rockwall CAD, Rockwall

County, Round Rock ISD, Smith County, South Texas College, South Texas ISD, Tarrant

County,  Harris County, Cypress-Fairbanks ISD, Fort Bend County, and Montgomery County (hereinafter the "Local Texas Tax Authorities") and City of Memphis (together the  "Local Tax Authorities" or "Tax Authorities") and respond to the Debtors' Thirty-Seventh Omnibus Objection to Claims (herinafter "the Objection"), and in support thereof the Local Tax Authorities would show the Court as follows:

1. The Local Texas Tax Authorities are political subdivisions of the State of Texas. The City of Memphis is a political subdivison of the State of Tennessee. The Local Tax Authorities have unpaid administrative expenses for 2009 ad valorem taxes on business personal property owned by the Debtors.

2. As of January 1, 2009 these taxes accrued and were secured by first priority liens that are unavoidable.  With respect to the Texas taxes, see the Texas Constitution, Article VIII, Section 15, and the Texas Property Tax Code, §§ 32.01, 32.05(b), and 32.07.    See also Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987); Universal Seismic Associates, Inc., 288 F.3d 205 (5th Cir. 2002); In Re Winn's Stores, Inc. 177 B.R. 253 (Bktcy W.D. Tex 1995).  With respect to the Memphis taxes, see Tenn. Code Ann. § 67-5-2101.

### Objection is Vague and Premature

3.   The Debtors object to the 2009 tax amounts on the basis that the taxes "are overstated in amount given the value of the personal property that is the subject of the personal property taxes."

4.    The Debtors fail to state in their objection the taxable value they believe the taxes should be assessed upon.  Instead, they list only the total amount of taxes they believe should be owed.  With respect to the Local Texas Tax Authorities, the tax rates for the 2009 tax year have not yet been set; the tax claims objected to are merely estimates based upon prior years' taxes. Without the Debtors' proposed values, it is impossible to determine  the exact relief (ie value

reduction) sought.  Relief should not be granted unless and until the Debtors provide the value they allege is correct with respect to each tax account.  Further, granting any relief is premature until the Texas Tax Authorities have set their tax rates – the value of the property is only one factor in determing the taxes owed; the other is the tax rates which will be set by the Texas Tax Authorities within a few weeks.

### Court Should Abstain from Hearing this Matter or Granting Relief Requested

5.    The issues presented by this case go far beyond mere determination of tax liability. While their objection is somewhat vague as to its basis, the Debtors are essentially asking the Court to impose a single national standard for valuing property for local tax purposes with respect to their property.  Rather than use the valuation methodology applied by each of the taxing jurisdictions in the many states, the Debtors propose one standard based upon "representative models"  and alleged replacement costs. The properties in question were valued in a similar manner as all other property of the same or similar nature in each of the jurisdictions. By seeking to impose a national standard on only certain local jurisdictions in contravention of their established practices, the Debtors are  putting at issue the uniformity of assessment of taxes within each of the jurisdictions.  Several courts have held that in instances where the uniformity of local assessment is at issue, it is proper for bankruptcy courts to abstain from hearing the matter.  So long as all owners of similar property within each jurisdiction was assessed using a similar method,  the Local Tax Authorities ask the Court to abstain from redetermining these taxes in the interest of preserving uniformity of assessment.

6.    Abstention is warranted where the uniformity of assessment is placed in question.  In reading the Objection, not only is the valuation of the property put in question but also the

underlying methodology applied and evidence considered by each of the taxing jurisdictions. Each jurisdiction's entire property taxation scheme is called into question and, in such cases, abstention is appropriate. "In the context of section 505, abstention is often used where the uniformity of assessment is an issue." *ANC Rental Corp. v. Dallas County (In re ANC Rental Corp.),* 316 B.R. 153, 159 (Bankr. D. Del. 2004); *In re Metromedia Fiber Network*, 299 B.R. 251, 281 - 283 (Bankr. S.D. N.Y. 2003).   If this property is valued using a different method than other similarly situated property, it could create havoc and set precedent for valuing such property into the future.   When a Bankruptcy Court redetermines taxes pursuant to 11 U.S.C. § 505, it must apply substantive applicable non-bankruptcy law. *In re Fairchild Aircraft Corp.*,124 B.R. 488, 492-93 (Bankr. W.D. Tex. 1991);  *Metromedia Fiber Network*, 299 B.R. at 270.   This encompasses not only the law concerning the method of valuation but also the type of evidence which may be considered.   "Each tax authority must enjoy and apply a uniformity of assessment within its tax jurisdiction."   *In re Cable & Wireless U.S.A., Inc.,* 331 B.R. 568, 578 (Bankr. D. Del. 2005).

7.   It is clear that where uniformity of assessment is at issue, Bankruptcy Courts may exercise their right to abstain within their discretion.  *In re New Haven Projects Ltd. Liability Co.,* 225 F.3d 283, 287-288 (2nd Cir. 2000); *In re Metromedia Fiber Network, Inc.,* 299 B.R. 251 (Bankr. S.D. N.Y. 2003); *In re Paolo*, 2009 U.S.Dist. Lexis 69158, Case no. 08-482ML (D. RI July 23, 2009) (abstention appropriate where no bankruptcy purpose served which would outweigh uniformity of assessment).   However, courts have found that abstention is appropriate in other circumstances as well. *In re Mantz,* 343 F.3d 1207, 1215 (9th Cir. 2003) (even where not barred by res judicata, bankruptcy court can consider some or all of the reasons underlying the res judicata doctrine when determining whether to abstain); *New Haven Projects,* 225 F.3d at

288 (abstention appropriate where general creditors will not benefit from tax redetermination). *See also In re Elantic Telecom, Inc.*, 2005 Bankr. Lexis 2822, Case No. 04-36897-DOT ( Bankr. E.D. Va. Dec. 2, 2005)(bankruptcy court abstained in part because tax issue was a local issue better resolved by the state); *In re Gilliam*, 2008 Bankr. Lexis 4135, Case no. 96-76468-JW (Bankr. D. S.C. October 22, 2008) (weighing multiple factors, where purposes of § 505 will not be furthered, abstention is proper); *In re Williams*, 190 B.R. 225 (Bankr. W.D. Pa. 1995)(bankruptcy court abstained where general creditors would not benefit from tax determination and debtor had engaged in forum shopping); and *In re Swan*, 152 B.R. 28 (Bankr. W.D. N.Y. 1992) (where debtor had hired professional tax accountants to assist her but they failed to file documents correctly and redetermination would not benefit creditors, bankruptcy court found abstention appropriate).

8.   There are six factors usually considered when determining whether to abstain in a proceeding seeking relief under 11 U.S.C. § 505(a). Those factors are (1) the complexity of the issues to be decided; (2) the need to administer the bankruptcy case in an orderly and efficient manner; (3) the burden on the court's docket; (4) the length of time which would be required for trial and decision; (5) the asset and liability structure of the debtor; and (6) any prejudice to the debtor and potential prejudice to the taxing authorities. *New Haven Projects.,* 225 F.3d  at 289; *In re Williams,* 190 B.R. at  228 (citations omitted). Each of these factors weighs in favor of the Tax Authorities. The issues to be decided are fact intensive and involve solely issues of State law. Each property in each jurisdiction must be looked at separately and different law applied to each. With respect to most of the Local Tax Authorities, they are not the party with which returns were filed or which maintain valuation records, nor are they parties to the valuation appeals, etc so evidence on these matter must be sought from the various county appraisal

districts in Texas and the Shelby County Assessor in Tennessee. The determination of these taxes in another forum will not hinder or delay the administration of this case but indeed would for the case to proceed more quickly as the Court's docket would not be burdened with these matters. The amounts in issue need not be determined in order for the bankruptcy case to proceed. There is no prejudice to the Debtors from following applicable non-bankruptcy law. There exists a state law procedure and forum for protesting the 2009 taxes, and indeed in many instances the Debtors have already availed themselves of these forums. However each of the tax authorities is unduly burdened by being dragged across the country to litigate these local matters. They are forced to hire local counsel and assume costs which are not within their budgets. Given that the Debtors have been pursuing relief through the applicable nonbankruptcy tax protest proceedings, it is not a burden to ask them to continue to do so, and no bankruptcy purpose would be served by the Court hearing this Motion. *In re Luongo,* 259 F.3d 323 (5th Cir. 2001) (abstention is appropriate when no bankruptcy issue at hand and objectives of bankruptcy code are not impaired).

9. Other factors courts have considered when granting requests for abstention include the likelihood the commencement of the proceeding in the bankruptcy court involved forum-shopping and the presence in the proceeding of non-debtor parties. *In re Coho Energy, Inc.*, 309 B.R. 217, 221-222 (Bankr. N.D. Tex. 2004); *In re Williams*, 190 B.R. at 225 (court abstained where creditors would not benefit from tax determination and debtor had engaged in forum shopping); and *In re Swan*, 152 B.R. 28 (Bankr. W.D. N.Y. 1992) (abstention appropriate where debtor hired professional tax accountants and creditors would not benefit.) The Tax Authorities will show that the Debtors filed numerous valuation appeals and filed this Objection only after losing at the administrative level on the majority of these proceedings. The Debtors' decision to

file this Objection rather than continue their appeals through the available state court process demonstrates that forum shopping is certainly present in this case. The non-Debtor parties which will be involved in these matters include not only the taxing jurisdictions named, but the various appraising entities which, for the most part, are not creditors of the estate but independent government agencies.

10.   Should the Court decline to abstain, the Tax Authorities object to the introduction of any evidence which could not have been considered pursuant to applicable non-bankruptcy law. *In re Cable & Wireless U.S.A., Inc.*, 331 B.R. 568, 579-80 (Bankr. D. Del. 2005); *In re Quality Beverage Co., Ind.*, 170 B.R. 310 (Bankr. S.D. Tex. 1994).

## Relief is Barred Pursuant to 11 U.S.C. §505(a)(2)(C)

11. The Local Tax Authorities would show the Court that with respect to the majority of their taxes, the period for contesting the taxes on the basis presented by the Debtors has expired under applicable nonbankruptcy law has expired, thus precluding granting the relief requested in the Objection.   11 U.S.C. § 505(a)(2)(C);   The filing of a bankruptcy does not toll the limitations period for protesting taxes.   *In re Armstrong*, 206 F.3d 465, 472 (5th Cir. 2000).   A bankruptcy court lacks jurisdiction over a debtor's previously adjudicated tax claims.   See   *In re Cody, Inc.,* 338 F.3d 89 (2nd Cir. 2003).   An administrative order may constitute an adjudication for purposes of application of 11 U.S.C. § 505.   *In re Teal,* 16 F.3d 619 (5th Cir. 1994).   See also *In re El Tropicano*, 128 Bankr. 153, 158-160 (Bankr. W.D. Tex. 1991) (negotiated settlements with tax jurisdictions from which taxpayer did not appeal precluded redetermination of the tax in bakruptcy court.).

The Local Tax Authorities would show the Court that the period for filing appeals or protests with respect to the tax values has expired. In Texas, Tex. Prop. Tax Code § 41.44 provides that June 1 of each tax year or 30th day after notice is given is the deadline to file appeal. The deadline to appeal the valuation of the property in Memphis with the Shelby County Board of Equalization was July 31, 2009. The Tax Authorities will show the Court that with respect to many of the Local Texas Tax Authorities' jurisdictions, the Debtors filed a timely appeal or protest to the local appraisal district, and an administrative hearing was held.  The deadline to appeal the outcome of many of these administrative proceedings has expired and further recourse is barred under applicable Texas law.  Texas Property Tax Code § 42.01 et seq.; Tex. Prop. Tax Code § 42.21(a).  Further, they would show the Court that, upon information and belief, no appeal or protest with respect to the valuation of the Memphis property was timely filed, and such appeal is now time-barred.

### Debtor Should Proceed Under Applicable Non-Bankruptcy Law

12. The Debtors should be required to proceed under the processes available within each jurisdiction pursuant to applicable non-bankruptcy law to contest their taxes. Filing bankuptcy is often characterized as giving debtors a "fresh start," but these Debtors are seeking a not only "head start" but a whole different playing field from all other taxpayers in each of the jurisdictions.

13. Congress indicated its intent that the filing of a bankruptcy should not interfere with the ordinary assessment of taxes when it excepted such matters from the effects of the automatic stay pursuant to 11 U.S.C. §§ 362(b)(9) and (b)(18).  Further evidence of Congressional intent that Debtors comply with applicable nonbankruptcy procedures with respect to post-petition

taxes was the inclusion of 11 U.S.C. §503(b)(1)(D) (postpetition taxes allowed as administrative expenses without requirement to file request for payment) and § 1112(b)(4)(I) (failure to timely pay postpetition taxes grounds for dismissal or conversion of case).

14.    More specifically, 28 U.S.C. §§ 959 and 960 require that Debtors in possession operate subject to all applicable State laws. Section 960 "specifically mandates compliance with state tax laws." *In re Megafoods Stores*, 163 F.3d 1063, 1069 (9th Cir. 1998).  Through the Tax Injuction Act, all federal courts are prohibited from "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under state law" if the state otherwise provides a speedy and efficient procedure for resolution of tax disputes. 28 U.S.C. § 1341.  Not only does such remedy exist in Texas and Tennessee, if no such remedy exists such that a state court would have jurisdiction, then this Court also does not have jurisdiction to grant such relief.  11 U.S.C. § 505(a)(2)(C).  The relief requested by the Debtors is in violation of the Tax Injuction Act in that the Tax Authorities would be prohibited from issuing tax bills and proceeding with collection of the taxes owed in their normal and customary manner.  The Texas Tax Authorties anticipate issuing tax bills in October 2009, and the taxes will become delinquent if not paid on or before January 31, 2010.  Given the enormity of the scope of the litigation which will be involved in hearing these matters, it is highly likely these proceedings will still be pending before the Court when the taxes would ordinarily go delinquent.  The taxes owed the City of Memphis are already delinquent and subject to the imposition of penalties and interest and other collection action.

15.    The Tax Injuction Act is consistent with the purpose behind 11 USC § 505.  A bankruptcy court's ability to redetermine taxes was authorized to protect non-tax creditors of debtors which might be prejudiced due to a financially ailing debtor's inability or failure to contest its tax assessments.  *In re Mantz,* 343 F.3d 1207, 1211 (9th Cir. 2003); *In re New Haven*

*Projects LTd., Liability Co.*, 225 F.3d 283, 289 (2nd Cir. 2000); *City Vending of Muskogee, Inc. v. Oklahoma Tax Comm'n*, 898 F.2d 122, 125 (10th Cir. 1990).  Section 505 was not intended to provide a second chance to debtors who contested their taxes outside of bankruptcy and were dissatisfied with the result.  The legislative history of § 505 emphasizes that its purpose was to permit a bankruptcy court to determine the tax liability of a debtor "that has not been contested before or adjudicated by a judicial or administrative tribunal of competent jurisdiction before the bankruptcy case" and to deny jurisdiction to the bankruptcy court when the claim had been contested.  *In re Quattrone*, 895 F.2d 921, 925 (3rd Cir. 1989), citing S. Rep. No. 989, 95th Cong., 2d Sess. 67, reprinted in 1978 U.S. Code Cong. & Admin News, 5787, 5853.

16.  Both 11 USC § 505 and  28 USC § 1341 balance the estate's need for relief for  a less-than-diligent debtor and the need of the federal system for deference to the needs of state and local governments for orderly and consistent treatment of tax disputes.  In the current case, the Debtors have employed professional tax representatives to prepare and file their tax renditions or returns upon which their personal property was valued, and timely protests was filed with respect to the value of many of the property tax accounts.  These are not the actions of a financially constrained debtor whose other creditors need the relief offered under § 505 in order to receive their fair share of the value of the company.  There has been no assertion by the Debtors that the administrative review procedures available under applicable nonbankruptcy law and the local courts cannot provide the relief requested.  Under the facts herein presented, the Court should require the Debtors to pursue their relief in the local forum, and deny the relief requested in the Objection.

## Summary of the Facts

17. Bexar County, Cameron County, City of Cedar Hill, Dallas County, El Paso, Frisco, Gregg County, Harlingen, Harlingen CISD, Irving ISD, Jefferson County, Longview ISD, McAllen, McAllen ISD, McLennan County, Nueces County,  Rockwall County, Round Rock ISD, Smith County, South Texas College, South Texas ISD, Tarrant County, Harris County, Cypress-Fairbanks ISD, Fort Bend County, Montgomery County and the City of Memphis deny that they valued the Debtors' property for tax purposes.  The property in each jurisdiction was valued by a separate Central Appraisal District ("CAD")[1].  Each   CAD is a separate governmental agency charged under the laws of the State of Texas with establishing and certifying the tax roll, which consists of a list of property owners and the taxable value of their property. Upon information and belief, the Debtors filed property tax returns (more properly called  "renditions" in Texas) for its 2009 taxes with each of the CADs.  Upon information and belief, these renditions were accepted, and the property was valued by each CAD in the same manner as  similar property located in the same jurisdiction.  With respect to many of the tax accounts, the Tax Authorities will show that Debtors appealed or protested the CAD's initial valuation determination.  After an administrative hearing or proceeding, the protests were decided by the CADs and, upon information and belief, the Debtors have not timely pursued their appeals to the next level, the state courts.

18. The Order Establishing Omnibus Objection Procedures puts numerous requirements on the Tax Authorities in the Requirements for all Responses to Objections.  Unfortunately, because the appraisal process put at issue by the Debtors does not directly involve the Local Tax

---

[1] The property in the City of Memphis is valued for tax purposes by either the Shelby County Assessor's Office or the State of Tennessee.  As these are also separate appraising entities from the City, for ease of reference, these Tennessee appraising entities shall also be included in the reference to "CADs".

Authorities (other than Rockwall CAD),[2] they have not been able to complete their research into

all of the details and facts concerning the valuation of the Debtors' property.  Therefore, the Tax

Authorities anticipate filing supplemental responses to the Objection, and hereby reserve their

right to do so,  as they obtain additional information through informal discovery.  Specifically,

the Tax Authorities do not have the identifying information for individuals at the CADs who

might be expected to testify in support of the valuations of each property tax account.  They must

obtain this information through discovery, just as the Debtors.  The supporting documentation

for most of the valuations will include the property tax returns or renditions filed by the Debtors

and the records of the CADs and their adminsitrative review boards regarding the valuatin and

appeal process.  These documents are already in the possession of the Debtors – the Debtors filed

the returns and were parties to the appeals and served with all notices, orders, and other

documents regarding the outcome of the protests and appeals.  The Tax Authorities are having to

seek this information through discovery at each of the CADs and do not have all of it available at

this time.  Due to the voluminous nature of the documents the Tax Authorities do have

(approximately 2-10 pages with respect to each return filed by the Debtors), such documents will

not be attached here but will be made available to any interested party (the Debtors already

having copies).

    Within the limitations of the availability of evidence as set forth above, below is a brief

description of the facts with respect to each of the Tax Authorities to the best of their knowledge

based upon information obtained through informal discovery of the CADs.

    20.  **Bexar County**, **Claim no. 5119:**  Bexar County's claim no. 5119 is based upon the

2008 taxes.  For 2009, one of the accounts included in 2008 is no longer on the roll, and a new

---

[2] Rockwall CAD and Tom Green CAD not only conduct the appraisal process for their respective counties, they also
contract with certain tax jurisidictions within the counties to provide collection services.  However, these entities do
not set the tax rate with respect to any of these entities.

account, 000001126818, has been added based upon information provided by the Debtors to the

CAD. Based upon the 2009 values for the three accounts, Bexar County agrees to amend its

claim for 2009 base taxes to $148,599.44, subject to further amendment when the final tax

assessment rates are determined by each of the taxing entities for which it collects taxes and

which are included in its claims.

Upon information and belief the Debtors filed timely renditions with Bexar CAD with

respect to all three active accounts.  They further filed timely appeals or protests of the 2009

values.  Hearings were held by the Appraisal Review Board ("ARB"), at which the Debtors

appeared and presented evidence by affidavit.  Orders Determining Protest were entered on or

about July 9, 2009.  These Orders denied the relief requested by the Debtors.  Further appeals of

the Orders were required to be filed within 45 days of receipt of the Orders.  Upon information

and belief, Debtors have not appealed any of the ARB determinations in a timely manner.

21. **Cameron County, Claim no. 10987:**  Cameron County's claim for 2009 taxes is for

two accounts.  Upon information and belief, with respect to each account, renditions were filed

and a timely protest of the original value was filed with Cameron Appraisal District. On July 1,

2009,  hearings before the Appraisal Review Board of Cameron County were conducted at which

the Debtors appeared and presented evidence.  As a result of the hearing, the values were

lowered.  The Orders Determining Protest were signed on July 10, 2009, and Debtors had 45

days from receipt of those Orders to appeal to the state district court.  Upon information and

belief, the Debtors have not appealed these Orders.

Cameron County agrees to amend its claims for 2009 taxes to reflect the reduced values

determined by the Cameron ARB.  The final amount of base taxes cannot be determine until the

tax jurisdictions set the final tax rate for 2009, which should be available in a few weeks.

22**. City of Cedar Hill, Claim no. 6533:**  The property located in Cedar Hilll is appraised for tax purposes by the Dallas Central Appraisal District ("DCAD").  Upon information and belief, the Debtors filed a timely rendition with respect to this account.  The Debtors filed protests for most of their accounts appraised by DCAD, but Cedar Hill has no specific information as to whether a protest was filed for its specific account.  Upon information and belief, all appeals and protests were denied and the time for further appeal has expired.

23.  **El Paso, Claim no. 5118:** The Debtors' property located in El Paso was valued for tax purposes by the El Paso Central Appraisal District.  Upon information and belief, the Debtors filed timely tax renditions and did not protest the tax values noticed by the CAD.  The time for protesting those values has expired.

24.  **City of Frisco, Claim no. 7420:**  Collin County Appraisal District values the property taxed by the City of Frisco.  Upon information and belief, the Debtors filed timly renditions with the CAD, and subsequently filed timely protests of the noticed values.  On or about July 16, 2009, the Collin Appraisal Review Board conducted a hearing on the protest.  On or about July 23, 2009 an Order Determing Protest was entered which denied the relief sought.  Pursuant to the Order, an appeal was required to be filed within 60 days of the receipt of the Order.  Frisco has no knowledge as to whether the Debtors have filed an appeal with the state district court.

25.  **City of Harlingen, Claim no. 10986:** The property assessed by the City of Harlingen is appraised for tax purposed by the Cameron Appraisal District.  Pursuant to the rendition filed by the Debtors, a new account was established for the 2009 tax year for the Debtors.  Upon information and belief,  a timely protest of the original value was filed with Cameron Appraisal District. On July 1, 2009,  hearings before the Appraisal Review Board of Cameron County were conducted at which the Debtors appeared and presented evidence.  As a result of the hearing, the value was lowered.  The Order Determining Protest was signed on July 10, 2009, and Debtors had 45 days from receipt of the Order to appeal to the state district court.  Upon information and belief, the Debtors have not appealed the Order.

City of Harlingen agrees to amend its claim for 2009 taxes to reflect the reduced value determined by the Cameron ARB.  The final amount of base taxes cannot be determine until the the final tax rate for 2009 is set, which should be in a few weeks.

26.  **City of McAllen, Claim no. 5279:**  The property assessed by the City of McAllen is appraised for tax purposes by Hidalgo County Appraisal District.  Upon information and belief, the Debtors filed a timely rendition and subsequently timely appealed or protested the initial determination of value by the CAD.  On or about July 14, 2009, the Hidalgo Appraisal Review Board heard the protest, the Debtors presented evidence via affidavit,  and the ARB issued an Order Determining Protests denying the relief requested.  Upon information and belief, no further appeal has been taken.

27.  **City of Memphis, Claim no. 7425:** Originally the City of Memphis filed its claim for 2009 taxes based upon the 2008 taxes owed on two accounts.  Current records show that only one account was assessed for 2009.   Upon information and belief, the period for appealing the 2009 value of these taxes expired on July 31, 2009.  To the knowledge of the City, no protest or appeal was timely filed.   Memphis agrees to amend its claim to the base tax amount of $1,872.317.  However, the current amount owed is more due to these taxes having become delinquent on or about September 1, 2009.  The current amount owed is $1,900.45, and such amount is accruing penalties and interest as permitted under the laws of the State of Tennessee and 11 U.S.C. § 503(b).  The Debtors failure to timely pay these taxes constitues grounds for dismissal or conversion of this case.  11 U.S.C. §1112(b)(4)(I).

28.  **Cypress-Fairbanks ISD, Claim no. 7143**: Upon information and belief, a timely rendition was filed for this tax account with Harris County Appraisal District.  The ISD has no specific knowledge as to whether an appeal or protest has been filed, but believes that if a protest has been filed, an ARB hearing has not yet been conducted.  Additional information is being sought from HCAD.

29.  **Dallas County, Claim no. 10279:** Upon information and belief, the Debtors filed timely renditions with respect to multiple accounts in Dallas County, which are appraised for tax

purposes by Dallas Central Appraisal District.  Upon information and belief, protests were timely

filed on some or all of the accounts, but relief was denied by the ARB and no appeals have been

taken from the orders denying relief.  Dallas County is seeking additional information from

DCAD.

30. **Fort Bend County, Claim no. 7144:** Upon information and belief, a timely rendition

was filed with Fort Bend Central Appraisal District by the Debtors, the value was noticed, and no

appeal or protest of the noticed value was filed with the CAD.

31. **Gregg County, Claim no. 12031:**  Upon information and belief, a timely rendition was

filed with Gregg County Appraisal District by the Debtors, the value was noticed, and Gregg

County has no information showing that an appeal or protest of the noticed value was filed with

the CAD.  Gregg County is seeking additional information with respect to whether a protest was

filed.

32. **Harlingen CISD, Claim no. 10985**: The property assessed by Harlingen CISD is

appraised for tax purposed by the Cameron Appraisal District.  Pursuant to the rendition filed by

the Debtors, a new account was established for the 2009 tax year for the Debtors.  Upon

information and belief,  a timely protest of the original value was filed with Cameron Appraisal

District. On July 1, 2009,  hearings before the Appraisal Review Board of Cameron County were

conducted at which the Debtors appeared and presented evidence.  As a result of the hearing, the

value was lowered.  The Order Determining Protest was signed on July 10, 2009, and Debtors

had 45 days from receipt of the Order to appeal to the state district court.  Upon information and

belief, the Debtors have not appealed the Order.

Harlingen CISD agrees to amend its claim for 2009 taxes to reflect the reduced value

determined by the Cameron ARB.  The final amount of base taxes cannot be determine until the

the final tax rate for 2009 is set, which should be in a few weeks.

33. **Harris County, claim no. 14428**: Upon information and belief,  timely renditions were

filed for these tax accounts with Harris County Appraisal District.  The County has no specific

knowledge as to whether appeals or protests were filed, but believes there may be pending

appeals on which ARB hearings have not yet been held.  Additional information is being sought
from HCAD.

34.  **Irving ISD, Claim no. 7414**: Upon information and belief, the Debtors filed a timely
rendition with respect to this account in Dallas County, which is appraised for tax purposes by
Dallas Central Appraisal District.  Upon information and belief, protests were timely filed on
some or all of the accounts in Dallas County, but relief was denied by the ARB and no appeals
have been taken from the orders denying relief.  Irving ISD is seeking additional information
from DCAD.

35.  **Jefferson County, Claim no. 11694:** The accounts in Jefferson County are appraised
for tax purposes by Jefferson County Appraisal District.  Upon information and belief, timely
renditions were filed by the Debtors with respect to each of the accounts in the claim, notice of
value was sent out by the CAD, and the Debtors filed timely protests of these values.  On or
about August 3, 2009, Orders Determining 2009 Protest were issued by the Appraisal Review
Board of Jefferson County.  These Orders denied the relief sought.  The Debtors have 60 days
from the receipt of these Orders to file further appeals pursuant to Texas law, and upon
information and belief, no such further appeals have been filed.

36.  **Longview ISD, Claim no. 13198:** Upon information and belief, a timely rendition was
filed with Gregg County Appraisal District by the Debtors, the value was noticed, and Longview
ISD has no information showing that an appeal or protest of the noticed value was filed with the
CAD.  Longview ISD is seeking additional information with respect to whether a protest was
filed.

37.  **McAllen ISD, Claim no. 5263**:  The property assessed by McAllen ISD is appraised
for tax purposes by Hidalgo County Appraisal District.  Upon information and belief, the
Debtors filed a timely rendition and subsequently timely appealed or protested the initial
determination of value by the CAD.  On or about July 14, 2009, the Hidalgo Appraisal Review
Board heard the protest, the Debtors presented evidence via affidavit,  and the ARB issued an

Order Determining Protests denying the relief requested.  Upon information and belief, no further appeal has been taken.

38.  **McLennan County, Claim no. 4167**: Upon information and belief, the Debtors filed timely renditions with the McLennan County Appraisal District, the CAD noticed the proposed value and the Debtors filed a timely protest of that value.  On or about August 31, 2009, the ARB of McLennan County heard the protest by Ernst & Young LLP on behalf of the Debtors.  On the same date it issued an Order Determining Protest which denied the relief sought.  Upon information and belief, no further appeal has been taken.

39.  **Montgomery County, Claim no. 7145:** Upon information and belief, the Debtors filed timely renditions with Montgomery CAD, the CAD noticed the proposed value and the Debtors appealed.  At the hearing before the ARB, the CAD recommended lowering the inventory value.  As a result of the protest and hearing, the value was lowered.  Upon information and belief, no further appeal has been filed.

40.  **Nueces County, Claim no. 4845**: Upon information and belief the Debtors filed timely renditions with Nuecse County Appraisal District.  Timely protests were filed and a hearing before the ARB is scheduled for September 29, 2009.

41.  **Rockwall CAD, Claim no. 6940**:  The records of the CAD show the Debtors filed timely renditions.  They subsequently filed timely protests of the proposed values, and as a result,  the values were lowered from $1,578,830 to $1,387,040.

42.  **Rockwall County, Claim no. 7416**:  Upon information and belief, the Debtors filed timely renditions with Rockwall CAD.  They subsequently filed timely protests of the proposed values, and the values were lowered from $1,578,830 to $1,387,040.  Upon information and belief, no further appeals have been taken.

43.  **Round Rock ISD, Claim no. 4850:** Property taxed by Round Rock ISD is appraised for tax purpsoses by Williamson Central Appraisal District.  Upon information and belief, the Debtors filed timely renditions with the CAD and subsequently filed timely protests to the proposed values.  The Appraisal Review Board of Williamson CAD held a hearing on July 7,

2009,  and on July 9, 2009, issued its Order Determining Protest wherein the ARB orded the CAD to reduce the tax value of the property for the 2009 tax year.  The Debtors had 45 days from receipt of that Order to file further appeal to the district court, but upon information and belief no such other or further appeal ahs been filed.

44. **Smith County, Claim no. 6941**: Upon information and belief the Debtors filed timely renditions with Smith CAD, and subsequently filed timely appeals of the proposed values.  After filing their protest, representatives of the Debtor met with representatives of the CAD and ,on July 21, 2009,  agreed to a 2009 value of $938,685 (reduced from $1,388,6125).  It is Smith County's position that this agreement as to value with the CAD precludes further relief being granted by this Court.  Smith County agrees to amend its claim to reflect the actual base taxes owed on the newly agreed to value once its tax rate has been set, which should occur within a few weeks.

45. **South Texas College, Claim no. 5202:** The property assessed by South Texas College is appraised for tax purposes by Hidalgo County Appraisal District.  Upon information and belief, the Debtors filed a timely rendition and subsequently timely appealed or protested the initial determination of value by the CAD.  On or about July 14, 2009, the Hidalgo Appraisal Review Board heard the protest, the Debtors presented evidence via affidavit,  and the ARB issued an Order Determining Protests denying the relief requested.  Upon information and belief, no further appeal has been taken.

46. **South Texas ISD, Claim no. 4861**: The property assessed by South Texas ISD is appraised for tax purposes by Hidalgo County Appraisal District.  Upon information and belief, the Debtors filed a timely rendition and subsequently timely appealed or protested the initial determination of value by the CAD.  On or about July 14, 2009, the Hidalgo Appraisal Review Board heard the protest, the Debtors presented evidence via affidavit,  and the ARB issued an Order Determining Protests denying the relief requested.  Upon information and belief, no further appeal has been taken.

47. **Tarrant County, Claim no. 10278**: Upon information and belief, the Debtors filed timely renditions with Tarrant Appraisal District on six accounts.  The County has no information regarding whether any appeals or protests of the proposed values set by TAD were timely filed.  The County is seeking additional information from TAD.

WHEREFORE, the Local Texas Tax Authorities and City of Memphis request this Court to enter an Order overruling the Debtors' Objection and granting such other and further relief to which the Court finds they are entitled.

Dated:  September 25, 2009                    Respectfully submitted,

**VANDEVENTER BLACK LLP**

/s/ Kevin A. Lake
Kevin A. Lake, Esquire (VSB# 34286)
VANDEVENTER BLACK LLP
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA  23218-1558
Tel: 804.237.8811
Fax: 804.237.8801
klake@vanblk.com

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
Elizabeth Weller
Tex. Bar No. 00785514
2323 Bryan St. #1600
Dallas, TX 75201
(469)221-5075 phone
(469)221-5002 fax
BethW@publicans.com email

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2009, I caused to be served a true and correct copy of the Foregoing Response to Debtors' Thirty-Seventh Omnibus Objection to Claims to all parties receiving notice via ECF and via ECF and/or email on the following:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
P.O. Box 636
Wilmington, Delaware 19899-0636

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606-7120

Douglas M. Foley
Dion W. Hayes
McGuireWoods, LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
Attorneys for Debtors


/s/ Kevin A. Lake
Kevin A. Lake