## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
In re:                              :          Chapter 11
                                    :
Circuit City Stores, Inc., et al.,  :          Case No. 08-35653 (KRH)
                                    :
                        Debtors.    :          (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER APPROVING (I) DISCLOSURE STATEMENT, (II) NOTICE OF THE DISCLOSURE STATEMENT HEARING, (III) HEARING DATE TO CONSIDER CONFIRMATION OF THE PLAN, (IV) PROCEDURES FOR FILING OBJECTIONS TO PLAN, (V) VOTING AGENT AND DEADLINES RELATED TO SOLICITATION AND CONFIRMATION, (VI) PROCEDURES WITH RESPECT TO CERTAIN CLAIMS AND (VII) SOLICITATION PROCEDURES FOR CONFIRMATION OF THE PLAN

Upon the motion (the "Motion")[1] of the Debtors and the statutory committee of

unsecured creditors (the "Creditors' Committee" and together with the Debtors, the "Plan

Proponents") for entry of an order approving (i) the Disclosure Statement  (the "Disclosure

Statement") with respect to the Joint Plan of Liquidation of Circuit City Stores, Inc. and its

Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding

General Unsecured Claims (the "Plan"), (ii) notice of the Disclosure Statement Hearing, (iii) a

hearing date to consider confirmation of the Plan, (iv) procedures for filing objections to

confirmation of the Plan, (v) the voting agent and certain deadlines related to solicitation and

confirmation, (vi) procedures with respect to certain claims and (vii) procedures for soliciting

and tabulating votes on the Plan; and the Court having reviewed and considered (i) the

Disclosure Statement, (ii) the Motion, (iii) the adequacy of notice, and (iv) the evidence

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

proffered or adduced at the Disclosure Statement Hearing; and after due deliberation thereon, and good cause appearing therefor, the Court hereby finds as follows:

A.      The Disclosure Statement complies with the requirements of title 11 of the United States Code (the "Bankruptcy Code"), and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and contains adequate information as that term is defined in Bankruptcy Code section 1125.  Specifically, but without limitation, the Disclosure Statement complies with the requirements of Bankruptcy Rule 3016(c) by sufficiently describing in specific and conspicuous bold language the provisions of the Plan that provide for releases and injunctions against conduct not otherwise enjoined under the Bankruptcy Code and sufficiently identifies the persons and entities that are subject to the releases and injunctions.

B.      The Plan Proponents' notice to all parties in interest of the Disclosure Statement Hearing and the time fixed for filing objections to the Disclosure Statement was good and sufficient under the particular circumstances and no other or further notice need be given.

C.      The Plan Proponents' proposed solicitation schedule, as set forth below, is fair and reasonable:

| **DATE** | **EVENT** |
|---|---|
| September 18, 2009 | Disclosure Statement Objection Deadline |
| September 22, 2009 | Disclosure Statement Hearing |
| September 22, 2009 | Voting Record Date |
| September 30, 2009 | Solicitation Mailing Date |
| September 30, 2009 | Deadline to Publish Confirmation Hearing Notice |
| October 20, 2009 | Deadline for Debtors to Object to Claims for Voting Purposes |

| November 5, 2009 | Exhibit Filing Deadline |
|---|---|
| November 10, 2009 | Voting Deadline |
| November 10, 2009 | Rule 3018(a) Motion Deadline |
| November 16, 2009 | Confirmation Objection Deadline |
| November 23, 2009 | Confirmation Hearing |

D.    The Plan Proponents' proposed solicitation procedures, as described more fully in the Motion, are fair and reasonable.

E.    The Plan Proponents' proposed procedures with respect to Disputed Claims, Unliquidated Claims and claims (a) that are either (i) not scheduled or (ii) scheduled in the Schedules and Statements at zero, as unknown or as disputed, contingent or unliquidated, and (b) that are not the subject of (i) timely-filed proofs of claim filed by the applicable Court-established bar date or (ii) proofs of claim deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline, as described more fully in the Motion, are fair and reasonable.

F.    The Plan Proponents' proposed procedures for transmitting the Disclosure Statement, the Plan, the Ballots, and the voting instructions are adequate and comply with the requirements of Bankruptcy Rule 3017(d) and (e).

G.    Good and sufficient cause exists under Bankruptcy Rule 3017(d)(4) for the establishment of the Record Date as September 22, 2009.

H.    Good and sufficient cause exists under Bankruptcy Rule 3017(c) for the establishment of the Voting Deadline as November 10, 2009.

I.    Upon the record of the Disclosure Statement Hearing and these cases, the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, their interest holders, and other parties in interest.

Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.    The Motion is GRANTED.

2.    Notice of the Disclosure Statement Hearing was properly and timely given and was sufficient.  No further notice is necessary or required with respect to the Court's consideration of the Motion or the Disclosure Statement.

3.    <u>Approval Of Disclosure Statement</u>.  Pursuant to Bankruptcy Rule 3017(b), the Disclosure Statement (Docket No. 4614) is approved as containing adequate information within the meaning of Bankruptcy Code section 1125(a).

4.    The Plan Proponents are authorized to (i) make non-material changes to the Disclosure Statement and related documents (including the exhibits thereto and to the Motion) and (ii) revise the Disclosure Statement and related documents (including the exhibits thereto) to add further disclosure concerning events occurring at or after the Disclosure Statement Hearing, before distributing it to each person and entity in accordance with the terms of this Order; <u>provided</u>, <u>however</u>, that the Plan Proponents shall file copies with the Court of any changed pages blacklined to show such changes.

5.    <u>Confirmation Hearing Date</u>.  The hearing to consider confirmation of the Plan (the "Confirmation Hearing"), as the same may be further modified or amended, shall commence on November 23, 2009 (the "Confirmation Hearing Date"), at 10:00 a.m. (Eastern), or as soon thereafter as counsel can be heard, before the undersigned United States Bankruptcy Judge, in the United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219.  The Confirmation Hearing may be adjourned from time to time by announcing such adjournment in open court or otherwise, all without further notice to parties in interest.

4

6.      <u>Confirmation Hearing Notice</u>.  The form of notice of the Confirmation

Hearing and the Confirmation Objection Deadline (the "Confirmation Hearing Notice") annexed

hereto as <u>Exhibit A</u> is approved and shall be included in the Solicitation Packages and mailed to

Unimpaired Creditors, Non-Voting Creditors and creditors holding Disputed Claims.  The

Confirmation Hearing Notice complies with the requirements of Bankruptcy Rules 2002(c)(3)

and 3017(f) by including in conspicuous bold language a statement that the Plan proposes

releases, exculpations and injunctions against conduct not otherwise enjoined under the

Bankruptcy Code, describing briefly the nature of the releases, exculpations and injunctions,

identifying the persons and entities that are subject to the releases, exculpations and injunctions,

and providing those persons and entities that are not receiving Solicitation Packages with contact

information to obtain a copy of the Plan and Disclosure Statement.

7.      To supplement notice of the Confirmation Hearing, the Plan Proponents

shall transmit the Confirmation Hearing Notice to parties to executory contracts and unexpired

leases, which parties are not currently "creditors" as defined in Bankruptcy Code section 101(10).

In addition, the Plan Proponents shall give supplemental publication notice of the Confirmation

Hearing by causing the Confirmation Hearing Notice to be published before, or as soon as

practicable after September 30, 2009, but in any event not fewer than 25 days before the

Confirmation Hearing in the <u>Wall Street Journal</u> (Global Edition), the <u>New York Times</u> and the

<u>Richmond Times Dispatch</u>.  As to those persons and entities subject to the injunctions, and not

receiving a copy of <u>Exhibit A</u> as provided herein, notice by publication as set forth above is

sufficient notice as permitted by Bankruptcy Rule 2002(l).

8.      <u>Confirmation Objection Deadline</u>.  November 16, 2009 at 4:00 p.m.

(Eastern) (the "Confirmation Objection Deadline") is fixed as the last date and time for filing and

serving objections to confirmation of the Plan (the "Confirmation Objections").  Confirmation

Objections, if any, must (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local

Bankruptcy Rules for the Eastern District of Virginia, (iii) set forth the name of the objector and

the nature and amount of any claim or interest asserted by the objector against or in the Debtors,

their estates, or their property, (iv) state with particularity the legal and factual bases for the

objection, (v) be filed with the Bankruptcy Court together with proof of service, (vi) be

submitted in hard-copy form directly to the chambers of the Honorable Kevin Huennekens and

(vii) be served by personal service, overnight delivery, or first-class mail, so as to be <u>RECEIVED</u>

no later than the Confirmation Objection Deadline, by the following (collectively, the "Notice

Parties"):

> <u>The Debtors</u>
>
> If by first-class mail:
>
> Circuit City Stores, Inc.
> P.O. Box 5695
> Glen Allen, VA 23058-5695
> (Attn: Michelle Mosier)
>
> If by overnight delivery or personal service:
>
> Circuit City Stores, Inc.
> 4951 Lake Brook Drive
> Suite #500
> Glen Allen, VA 23060
> (Attn: Michelle Mosier)
>
> <u>Counsel For The Debtors</u>
>
> If by first-class mail:
>
> Skadden, Arps, Slate, Meagher & Flom LLP
> One Rodney Square
> P.O. Box 636
> Wilmington, DE 19899-636
> (Attn: Gregg M. Galardi and Ian S. Fredericks)
>
> If by overnight delivery or personal service:

6

Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
10th and King Streets, 7th Floor
Wilmington, DE 19801
(Attn: Gregg M. Galardi and Ian S. Fredericks)

and

Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive
Chicago, IL 60606
(Attn: Chris L. Dickerson and Jessica S. Kumar)

and

McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
(Attn: Douglas M. Foley and Sarah B. Boehm)

Counsel For The Creditors' Committee

Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067
(Attn: Jeffrey N. Pomerantz and Stanley E. Goldich)

and

Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 36th Floor
New York, NY 10017
(Attn: Robert J. Feinstein)

and

Tavenner & Beran, PLC
20 N. Eighth Street, Second Floor
Richmond, VA 23219
(Attn: Lynn L. Tavenner and Paula S. Beran)

The United States Trustee

701 East Broad Street, Suite 4304
Richmond, VA 23219
(Attn: Robert B. Van Arsdale)

7

Confirmation Objections not timely filed and served in the manner set forth above shall not be

considered by the Court and shall be deemed overruled.

9.    <u>Voting Agent</u>.  Kurtzman Carson Consultants, LLC (the "Voting Agent")

is authorized to be Debtors' solicitation and noticing agent to assist the Plan Proponents in

mailing Solicitation Packages and notices, receiving and tabulating Ballots cast on the Plan, and

certifying to the Court the results of balloting.

10.    <u>Record Date</u>.  Notwithstanding anything to the contrary in Bankruptcy

Rule 3017(d), September 22, 2009 shall be the record date (the "Record Date") for purposes of

determining (i) creditors and interest holders entitled to receive Solicitation Packages and other

notices and (ii) creditors entitled to vote to accept or reject the Plan that are entitled to receive a

Solicitation Package and to vote on the Plan.  Only those holders of claims on the Record Date in

Classes 3 and 4 shall be entitled to vote or, with respect to the remaining classes, receive notice.

11.    <u>Solicitation Mailing Date</u>.  The Voting Agent shall mail Solicitation

Packages and other notices to the persons identified by the Record Date on, or as soon as

reasonably practicable after, September 30, 2009 (the "Solicitation Mailing Date").

12.    <u>Voting Deadline</u>.  Pursuant to Bankruptcy Rule 3017(c), November 10,

2009, at 4:00 p.m. (Eastern) (the "Voting Deadline") shall be the last date and time by which

Ballots for accepting or rejecting the Plan must be received by the Voting Agent to be counted.

Subject to paragraphs 24 and 25 below, to be counted, Ballots must be returned to and received

by the Voting Agent on or before the Voting Deadline by (i) mail, (ii) overnight delivery, or (iii)

hand delivery.  Any Ballot submitted by electronic or facsimile transmission will <u>not</u> be counted.

13.    <u>Rule 3018(a) Motions</u>.  The deadline for the filing and serving of motions

requesting temporary allowance of a movant's claim or interest for purposes of voting pursuant

8

to Bankruptcy Rule 3018(a) ("Rule 3018(a) Motion(s)") shall be 4:00 p.m. (Eastern) on

November 10, 2009 (the "Rule 3018(a) Motion Deadline").  Rule 3018(a) Motions shall be filed

with the Clerk of the Court and served on the Notice Parties in the manner set forth for

objections to the confirmation of the Plan.  Any party timely filing and serving a Rule 3018(a)

Motion shall be provided a provisional ballot upon request to the Voting Agent and be permitted

to cast a provisional vote to accept or reject the Plan.  If, and to extent that, the Plan Proponents

and such party are unable to resolve the issues raised by the Rule 3018(a) Motion, then at the

Confirmation Hearing, the Court shall determine whether the provisional ballot should be

counted as a vote on the Plan.

14.     <u>Disputed Claims</u>.  Any holder of a claim, as defined in Bankruptcy Code

section 101(5), to which the Debtors have filed or file an objection by October 20, 2009 seeking

to disallow the claim, and who would otherwise be entitled to vote on the Plan (such claims, the

"Disputed Claims"), shall not be entitled to vote on the Plan and not be counted in determining

whether the requirements of Bankruptcy Code section 1126(c) have been met with respect to the

Plan (except to the extent and in the manner as may be set forth in the objection) (a) unless such

holder has filed a Rule 3018(a) Motion as set forth above and had its claim temporarily allowed

for voting purposes or (b) except to the extent that, on or before the Voting Deadline, the

objection to such claim has been withdrawn or resolved in favor of the creditor asserting the

claim.

15.     Any holder of a claim to which the Debtors have filed or file by October

20, 2009 an objection requesting the Court to modify claims either in (a) amount or (b) Plan class

shall be allowed to vote in the amount and class set forth in the Debtors' objection.  Solicitation

Packages shall be transmitted to the appropriate parties based upon the Debtors' records as of the

Record Date.

16. <u>Unliquidated Claims</u>. For any person or entity who filed a proof of claim reflecting a claim or portion of a claim that is unliquidated and who would otherwise be entitled to vote on the Plan (such claims, the "Unliquidated Claims"), the Unliquidated Claim shall be allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is not unliquidated, or, if the entire claim is reflected as unliquidated, then the claim will be counted for purposes of determining whether a sufficient number of the allowed claims in the corresponding class has voted to accept the Plan, but the allowed amount of the claim for voting purposes will be $1.00, subject to the right of such holder to file a Rule 3018(a) Motion as set forth above.

17. <u>Unscheduled Claims or Claims Scheduled as Disputed, Contingent, or Unliquidated</u>. Pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 3003(c)(2), any holder of a claim (a) that is either (i) not scheduled or (ii) scheduled in the Schedules and Statements at zero, as unknown or as disputed, contingent or unliquidated, and (b) that is not the subject of (i) a timely-filed proof of claim filed by the applicable Court-established bar date or (ii) a proof of claim deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline, shall not be treated as a creditor or equity security holder with respect to such claim or interest for purposes of voting on or objecting to the Plan.

18. <u>Claims against Multiple Debtors</u>. To the extent that a creditor filed a claim against more than one Debtor on account of the same underlying obligation, such creditor will only receive one ballot and may only vote one time in the amount of one such claim, as may be modified for voting purpose or otherwise, on account of such obligation, notwithstanding the number of Debtors against which the creditor filed such claims.

19. <u>Consolidated Ballots</u>. To the extent that a creditor filed more than one claim against the Debtors on account of different obligations, such creditor will only receive one

10

ballot and may only vote one time; provided, however, that the amount of such creditor's claims

will be aggregated on the ballot for voting purposes.

20.     Content And Transmittal Of Solicitation Packages.  On or before

September 30, 2009 (the "Solicitation Mailing Deadline"), the Plan Proponents shall cause

Kurtzman Carson Consultants LLC (the "Voting Agent" or "KCC") to transmit by first class

mail to the holders of claims entitled to vote in Class 3 and Class 4 as of the Record Date, a

solicitation package containing a copy or conformed version of:

- the Confirmation Hearing Notice;

- the appropriate Ballot as set forth herein for the specific creditor, with appropriate voting instructions, in substantially the forms attached hereto as Exhibit B (as may be modified for particular classes and with instructions attached thereto), and a pre-addressed postage prepaid return envelope;

- a CD-ROM containing the Solicitation Procedures Order (without exhibits attached), the Disclosure Statement, the Plan, and the publicly filed materials appended thereto; and

- to the extent appropriate, and at the discretion of the Plan Proponents, an Internal Revenue Service form W-9 (Request for Taxpayer Identification Number and Certification) to be returned with a party's Ballot.

The Voting Agents shall transmit the Solicitation Package to: (i) the United States Trustee, (ii)

the Securities and Exchange Commission, (iii) the Internal Revenue Service  and (iv) creditors

holding claims in a class designated as impaired and entitled to vote on the Plan.

21.     Ballots and Notices.  The Plan Proponents' proposed forms of ballots (the

"Ballots", in substantially the forms annexed to this order as Exhibit B (as may be specifically

modified for particular classes of claims), are hereby approved for use in connection with the

Plan Proponents' solicitation of votes to accept or reject the Plan.

22.     The Unimpaired Creditors in Classes 1 and 2 are conclusively presumed to

have accepted the Plan and solicitation of votes from those Creditors is not required.  In lieu of a

11

Ballot, holders of claims in Class 1 and Class 2 shall be sent the Confirmation Hearing Notice and the Unimpaired Creditor Notice, substantially in the form of <u>Exhibit C</u> to this order.

23.    The Non-Voting Creditors in Classes 5, 6, 7 and 8 are conclusively presumed to have rejected the Plan and solicitation of votes from those creditors and interest holders shall not be required.  In lieu of a Ballot, holders of claims and interests in Classes 5, 6, 7 and 8, as well as holders of Disputed Claims, shall be sent the Confirmation Hearing Notice and the Notice of Non-Voting Status, substantially in the form of <u>Exhibit D</u> to this order.

24.    The holders of claims in Classes 3 and 4 to which the Debtors file an objection seeking to disallow the claim after the Solicitation Mailing Date and on or prior to October 20, 2009, shall be sent the Notice of Changed Voting Status, substantially in the form of <u>Exhibit E</u> to this order.

25.    Service of all notices and documents described herein in the time and manner as set forth herein, including the service and publication of the Confirmation Hearing Notice and the Confirmation Hearing Publication Notice, as described in the Motion, shall be adequate and sufficient and no other or further notice will be necessary.

26.    <u>When No Notice or Transmittal Necessary</u>.  The Plan Proponents shall not be required to send Solicitation Packages to creditors whose claims already have been paid in full or that are authorized to be paid in full in the ordinary course of business pursuant to orders entered by this Court or the terms of the Plan, but the Plan Proponents are authorized, in their sole discretion, to provide such parties with the Notice of Non-Voting Status attached hereto <u>Exhibit D</u>.  The Plan Proponents shall not be required to give notice or effectuate service of any kind upon any person or entity to which the Plan Proponents mailed a Disclosure Statement Hearing Notice and received any of these notices returned by the U.S. Postal Service marked "undeliverable as addressed," "moved – left no forwarding address," "forwarding order expired,"

12

or a similar reason for return of the notice, unless the Debtors have been informed in writing by

that person or entity of the person's or entity's new address.

       27.    <u>Procedures For Vote Tabulation</u>.  Any Ballot timely received by a

claimholder who is entitled to vote and that contains sufficient information to permit the

identification of the claimholder and is cast as an acceptance or rejection of the Plan shall be

counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the

Plan.  The foregoing general procedures will be subject to the following clarifications and

exceptions:

    (i)    If a claim is subject to a potential avoidance action, this action will not, by itself, cause the claim to lose the benefit of deemed allowance with respect to voting on the Plan;

    (ii)    If a claim for which a proof of claim has been filed is marked as unliquidated or partially unliquidated, the claim is temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is not unliquidated, or, if the entire claim is reflected as unliquidated, in the amount of $1.00;

    (iii)    If a claim is a Disputed Claim for which no Rule 3018(a) Motion has been filed by the Rule 3018(a) Motion Deadline, the claim is temporarily disallowed for voting purposes only and not for the purposes of allowance or distribution;

    (iv)    If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, the claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution; and

    (v)    If a creditor has filed a claim against more than one Debtor on account of the same underlying obligation, such creditor will only receive one ballot and may only vote one time on account of such obligation, notwithstanding the number of Debtors against which the creditor filed claims.

13

28.    The following ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

(i)    Any Ballot received after the Voting Deadline unless the Plan Proponents have granted an extension in writing of the Voting Deadline with respect to that Ballot;

(ii)    Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant or interest holder;

(iii)    Any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

(iv)    Any Ballot submitted by facsimile transmission or other electronic means of transmission;

(v)    Any unsigned Ballot;

(vi)    Any Ballot cast in a manner that neither indicates an acceptance nor rejection of the Plan or that indicates both an acceptance and rejection of the Plan;

(vii)    Any Ballot cast for a claim scheduled as disputed, contingent or unliquidated and for which no proof of claim was (i) filed by the Court-established bar date or (ii) deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline; and

(viii)    Any Ballot cast for a claim that is a Disputed Claim and for which no Rule 3018(a) Motion has been filed by the Rule 3018(a) Motion Deadline.

29.    Notwithstanding Bankruptcy Rule 3018(a), whenever two or more ballots are cast voting the same claim or interest before the Voting Deadline, the latest dated ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior ballots; provided, however, that where an ambiguity exists as to which ballot was the latest transmitted, the Voting Agent is permitted to contact the voting party and calculate the vote according to the party's stated intent.  The foregoing shall be without prejudice to the Plan Proponents' right to object to the validity of the second ballot on any basis permitted by law and, if the objection is sustained, to count the first ballot for all purposes.

14

30.     Parties who have delivered a valid ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline.  To be valid, a notice of withdrawal must (i) contain the description of the claims to which it relates, including, at a minimum, the claim number from the Voting Agent's claim register and the aggregate principal amount represented by such claim(s), (ii) be signed by the withdrawing party in the same manner as the ballot being withdrawn, and (iii) contain a certification that the withdrawing party owns the claims and possesses the right to withdraw the vote sought to be withdrawn.  The Plan Proponents are permitted to consult with the Voting Agent to determine whether any withdrawals of ballots were received and whether the requisite acceptances of the Plan have been received.  The Plan Proponents shall have a right to contest the validity of any such withdrawals of ballots.  A purported notice of withdrawal of ballots which is not received in a timely manner by the Voting Agent will not be effective to withdraw a previously cast ballot.

31.     Vote splitting shall not be permitted and creditors who vote must vote all their claims either to accept or reject the Plan.

32.     Plan Exhibits And Disclosure Statement Appendices Filing Deadline.  The Plan Proponents shall file all exhibits and schedules to the Plan and appendices to the Disclosure Statement with the Court on or before November 5, 2009 (the "Exhibit Filing Deadline").  After the Exhibit Filing Deadline, copies of exhibits to the Plan and appendices to the Disclosure Statement shall be available by accessing the Debtors' case information website at http://www.kccllc.net/circuitcity, and may also be obtained upon reasonable written request from the Voting Agent, Kurtzman Carson Consultants, LLC, 2335 Alaska Avenue, El Segundo, CA 90245, Attn: Circuit City Stores, Inc., et al., (888) 830-4650.  The Plan Proponents shall not be

required to serve the exhibits and schedules to the Plan and appendices to the Disclosure

Statement upon any of the parties in interest in these cases.


Dated:  Richmond, Virginia
      Sep 24 2009    , 2009

/s/ Kevin Huennekens

UNITED STATES BANKRUPTCY JUDGE


   Entered on docket:  9/24/09

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      – and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      – and –

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski, Esq.
Jeffrey N. Pomerantz, Esq.
Stanley E. Goldich, Esq.
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100

– and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, NY 10017-2024

– and –

TAVENNER & BERAN, PLC

/s/ Paula S. Beran
Lynn L. Tavenner, Esq. (VSB No. 30083)
Paula S. Beran, Esq. (VSB No. 34679)
20 North Eighth Street, Second Floor
Richmond, Virginia 23219

Counsel for the Creditors' Committee


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing
proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley

**EXHIBIT A**

**(Confirmation Hearing Notice)**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
In re:                                          :        Chapter 11
                                                :
Circuit City Stores, Inc., <u>et al</u>.,      :        Case No. 08-35653 (KRH)
                                                :
                         Debtors.               :        (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF**

**(1) APPROVAL OF DISCLOSURE STATEMENT;**
**(2) HEARING ON CONFIRMATION OF PLAN;**
**(3) DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN;**
**(4) TREATMENT OF CERTAIN UNLIQUIDATED OR DISPUTED CLAIMS FOR NOTICE, VOTING, AND DISTRIBUTION PURPOSES;**
**(5) DEADLINE AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CERTAIN CLAIMS FOR VOTING PURPOSES;**
**(6) RECORD DATE;**
**(7) VOTING DEADLINE FOR RECEIPT OF BALLOTS; AND**
**(8) PROPOSED RELEASE, INJUNCTION AND EXCULPATION IN THE PLAN**

**TO ALL CREDITORS AND INTEREST HOLDERS OF CIRCUIT CITY STORES, INC. AND ITS AFFILIATE DEBTORS:**

PLEASE TAKE NOTICE that the debtors and debtors in possession in the above-captioned cases (the "Debtors") and the statutory committee of unsecured creditors (the "Creditors' Committee" and together with the Debtors, the "Plan Proponents") are soliciting votes on the Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (as may be further amended or modified, the "Plan") from holders of impaired claims who are (or may be) entitled to receive distributions under the Plan.

PLEASE TAKE FURTHER NOTICE that if the Plan is confirmed by the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") the terms of the Plan will be binding on all holders of claims against, and all current and former holders of equity securities and other interests in, the Debtors.

PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court has entered an order on [●], 2009 (the "Solicitation Procedures Order") (Docket No. [●]) approving the disclosure statement (the "Disclosure Statement") with respect to the Plan and providing, among other things, that:

1. <u>Confirmation Hearing Date</u>.  The hearing to consider confirmation of the Plan (the "Confirmation Hearing"), will commence on **November 23, 2009 at 10:00 a.m. (Eastern)** or as soon thereafter as counsel can be heard, before the Honorable Kevin Huennekens, United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219.  The Confirmation Hearing may be adjourned from time to time by announcing the adjournment in open court.  The Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Confirmation Hearing, without further notice to parties in interest.

2.  Objections To Confirmation.  **November 16, 2009 at 4:00 p.m. (Eastern)** is fixed as the last date and time for filing and serving objections to confirmation of the Plan (the "Objection Deadline").  To be considered, objections, if any, to confirmation of the Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Eastern District of Virginia, (c) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, their estates, or their property, (d) state with particularity the legal and factual bases for the objection, (e) be filed with the Bankruptcy Court together with proof of service, (f) be submitted in hard-copy form directly to the chambers of the Honorable Kevin Huennekens, United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219, and (g) be served by personal service, overnight delivery, or first-class mail, so as to be UNDERLINED no later than Objection Deadline, upon:

(i) the Debtors: if by first-class mail, Circuit City Stores, Inc., P.O. Box 5695, Glen Allen, VA 23058-5695 (Attn: Michelle Mosier) or, if by overnight delivery or personal service, Circuit City Stores, Inc., 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060 (Attn: Michelle Mosier);

(ii) counsel for the Debtors: (x) if by first-class mail, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, P.O. Box 636, Wilmington, DE 19899-636 (Attn: Gregg M. Galardi and Ian S. Fredericks) or, if by overnight delivery or personal service, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, 10th and King Streets, 7th Floor, Wilmington, DE 19801 (Attn: Gregg M. Galardi and Ian S. Fredericks), (y) Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Chicago, IL 60606 (Attn: Chris L. Dickerson and Jessica S. Kumar) and (z) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA 23219 (Attn: Douglas M. Foley and Sarah B. Boehm);

(iii) counsel for the Creditors' Committee: (x) Pachulski Stang Ziehl & Jones, LLP, 10100 Santa Monica Boulevard, 11th Floor, Los Angeles, CA 90067 (Attn: Jeffrey N. Pomerantz and Stanley E. Goldich), (y) Pachulski Stang Ziehl & Jones, LLP, 780 Third Avenue, 36th Floor, New York, NY 10017 (Attn: Robert J. Feinstein) and (z) Tavenner & Beran, PLC, 20 N. Eighth Street, Second Floor, Richmond, VA 23219 (Attn: Lynn L. Tavenner and Paula S. Beran); and

(iv) the Office of the United States Trustee for the Eastern District of Virginia, 701 East Broad Street, Suite 4304, Richmond, VA 23219 (Attn: Robert B. Van Arsdale)

**Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.**

3.  Record Date.  **September 22, 2009** is the record date (the "Record Date") for determining (i) creditors and interest holders entitled to receive Solicitation Packages and other notices and (ii) creditors entitled to vote to accept or reject the Plan.  The proper holder of a docketed proof of claim or scheduled claim will be determined by reference to the claims register of the Voting Agent (as defined herein), as may be modified by Notices of Transfer filed and reflected on the Court's official docket (ECF), at 11:59 p.m. (Eastern) on September 22, 2009, and only those registered holders of claims as reflected on the docket together with the Voting Agent's database on the Record Date will be entitled to vote.  Therefore, (i) the holders of any claims filed and (ii) the transferees of any claims for which Notices of Transfer have been filed after the Record Date will not be entitled to vote.

4.  Voting Deadline.  If you hold a claim against the Debtors as of the Record Date, and are entitled to vote to accept or reject the Plan, you have received this Notice with a ballot form and voting instructions appropriate for your claim.  For your vote to be counted, ballots must be completed, executed, and UNDERLINED by **November 10, 2009 at 4:00 p.m. (Eastern)** (the "Voting Deadline") by Kurtzman Carson Consultants, LLC (the "Voting Agent") at:

**Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245
Attn: Circuit City Stores, Inc., et al.**

Ballots may **NOT** be cast by facsimile transmission or other electronic means.  **Ballots that are not received by the Voting Deadline will not be counted.**

2

5.  Treatment Of Certain Claims. Any holder of a claim that is unimpaired under the Plan is deemed to have accepted the Plan and is not entitled to vote on the Plan.  Holders of claims in Class 1 and Class 2 are unimpaired and their votes will not be solicited.

Any holder of a claim or interest that is impaired and who will not receive or retain any property on account of such claim or interest under the Plan is deemed to have rejected the Plan and is not entitled to vote on the Plan.  Holders of Claims and interests in Classes 5, 6, 7 and 8 are impaired and will no receive or retain any property under the Plan and their votes will not be solicited.

Any holder of a claim (a) that is either (i) not scheduled or (ii) scheduled in the Debtors' schedules of assets and liabilities, or any amendment thereof (the "Schedules") at zero, as unknown or as disputed, contingent or unliquidated, and (b) that is not the subject of (i) a timely-filed proof of claim filed by the applicable Court-established bar date or (ii) a proof of claim deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline, will not be treated as a creditor with respect to the claim for purposes of (i) receiving notices regarding, or distributions under, the Plan or (ii) voting on the Plan.

Any holder of a claim who is otherwise entitled to vote on the Plan and (a) which is the subject of a timely filed proof of claim or a proof of claim deemed timely filed by an order of the Bankruptcy Court and (b) to which the Debtors have filed an objection to disallow the claim by October 20, 2009, which objection has not been resolved, will have its claim temporarily disallowed for purposes of voting on the Plan, subject to the right of the holder to file a Rule 3018(a) Motion (as defined herein), as set forth below.  The Debtors are required to file an objection to a claim on or prior to October 20, 2009 for such objection to have the effect of disallowing such claim for voting purposes.

Any holder of a claim who is otherwise entitled to vote on the Plan and (a) which is the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court and (b) to which the Debtors have filed an objection to modify the claim in amount or classification by October 20, 2009, which objection has not been resolved, will have such claim allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, in the amount or with the class set forth in the objection.

Any holder of a claim who is otherwise entitled to vote on the Plan and who filed against the Debtors a proof of claim reflecting a claim or portion of a claim that is unliquidated, will have such claim allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is liquidated and no amount shall be allocated for voting purposes on account of the unliquidated portion. Fully unliquidated claims shall be counted for purposes of determining whether a sufficient number of the allowed claims in the applicable class has voted to accept the Plan, but the allowed amount of the fully unliquidated claim shall be $1.00 for voting purposes, subject to the right of the holder to file a Rule 3018(a) Motion, as set forth below.

6.  Temporary Allowance Of Claims.  If you disagree with the Debtors' classification of, or objection to, your claim and believe that you should be entitled to vote on the Plan, **the Plan Proponents encourage you to contact the Debtors' counsel promptly concerning your request**.

In the event you are not able to reach a consensual resolution with the Plan Proponents, then you must: (i) contact the Voting Agent to obtain a ballot and file the ballot by the Voting Deadline and (ii) timely file and serve a motion for order under Fed. R. Bankr. P. 3018(a) (a "Rule 3018(a) Motion") seeking temporary allowance of your claim for the purpose of accepting or rejecting the Plan.

The Rule 3018(a) Motion must be filed with the Clerk of the Court on or before **November 10, 2009 at 4:00 p.m. (Eastern)** (the "Rule 3018(a) Motion Deadline") and served so as to be received by the Notice Parties (as defined in the Solicitation Procedures Order) by the Rule 3018(a) Motion Deadline, in accordance with the procedures set forth in the Solicitation Procedures Order.

**Rule 3018(a) Motions that are not timely filed and served in the manner set forth above will not be considered, and the claims referred to therein will not be counted in determining whether the Plan has been accepted or rejected**.

3

Any party who timely files and serves a Rule 3018(a) Motion in accordance with the paragraph above shall be permitted to cast a provisional vote to accept or reject the Plan.  If, and to the extent that, the Plan Proponents and such party are unable to resolve the issues raised by the Rule 3018(a) Motion before the Voting Deadline, then, at the Confirmation Hearing, the Court will determine whether the provisional ballot is to be counted as a vote on the Plan and, if so, in what amount.

7.   Release Injunction and Exculpation in the Plan.  The Plan provides for certain releases, injunctions and exculpations of certain parties.  The text of the release, injunction and exculpation provisions of the Plan are set forth below.

(i) Release.  Article X.C. of the Plan states that, "As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors (in their individual capacities and as debtors and debtors in possession) will be deemed to release forever, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities (other than the rights of the Debtors to enforce this Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered hereunder, and liabilities arising after the Effective Date in the ordinary course of business) whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise that are based in whole or part on any act omission, transaction, event, or other occurrences (i) taking place on or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of the Debtors, the Chapter 11 Cases, the negotiation and filing of the Plan, the Disclosure Statement or any prior plans of reorganization, the filing of the Chapter 11 Cases, the pursuit of confirmation of the Plan or any prior plans of reorganization, the consummation of the Plan, the administration of the Plan, or the property to be liquidated and/or distributed under the Plan or (ii) in connection with, relating to, or arising out of the Initial Store Closings and/or the negotiation of the DIP Agreements or the DIP Facility, and that could have been asserted by or on behalf of the Debtors or their Estates, including pursuant to principles of substantive consolidation, piercing the corporate veil, alter ego, domination, constructive trust and similar principles of state or federal creditors' rights laws, in any such case, against the Released Parties."  The Released Parties include (i) the directors and officers of the Debtors as of the Petition Date and up to and through the Effective Date, (ii) any member of the Creditors' Committee, solely in its capacity as a member of the Creditors' Committee and not in any other capacity, and (iii) any of the representatives, agents, officers, directors, employees, professionals, advisors or attorneys of the foregoing or of the Debtors.

(ii) Injunction.  Article X.D. of the Plan further states that "Except as otherwise provided in the Plan, including, but not limited to, as set forth in Article VI.H.2, the Confirmation Order shall provide, among other things, that from and after the Effective Date all Persons who have held, hold or may hold Claims against or Interests in the Debtors are permanently enjoined from taking any of the following actions against the Estate(s), the Liquidating Trust, the Liquidating Trustee, or any of their property on account of any such Claims or Interests:  (A) commencing or continuing, in any manner or in any place, any action or other proceeding; (B) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order; (C) creating, perfecting, or enforcing any lien or encumbrance; (D) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors, except as set forth in Article VI.H.2. of the Plan; and (E) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; provided, however, that nothing contained herein shall preclude such Persons from exercising their rights pursuant to and consistent with the terms of this Plan or the Confirmation Order."

(iii) Exculpation.  Article X.G. of the Plan provides that "the Debtors, the Liquidating Trustee, the Liquidating Trust, the Creditors' Committee, the members of the Creditors' Committee, solely in their capacity as such, and any of the foregoing parties' respective present or former members, officers, directors, employees, advisors, attorneys, representatives, financial advisors, investment bankers, or agents and any of such parties' successors and assigns, shall not have or incur any claim, action, proceeding, cause of action, Avoidance Action, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, right to payment, or Claim (as defined in Bankruptcy Code Section 101(5)), whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent,

4

matured, unmatured, disputed, undisputed, secured, or unsecured and whether asserted or assertable directly or derivatively, in law, equity, or otherwise to one another or to any Claimholder or Interest Holder, or any other party in interest, or any of their respective agents, employees, representatives, advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission originating or occurring (i) on or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of the Debtors, the Chapter 11 Cases, the negotiation and filing of the Plan, the Disclosure Statement or any prior plans of reorganization, the filing of the Chapter 11 Cases, the pursuit of confirmation of the Plan or any prior plans of reorganization, the consummation of the Plan, the administration of the Plan, or the property to be liquidated and/or distributed under the Plan or (ii) in connection with, relating to, or arising out of the Initial Store Closings and/or the negotiation of the DIP Agreements or the DIP Facility, except for their willful misconduct or gross negligence as determined by a Final Order of a court of competent jurisdiction, and in all respects shall be entitled to rely reasonably upon the advice of counsel with respect to their duties and responsibilities under the Plan."

---

**You Are Advised To Carefully Review And Consider The Plan As Your Rights Might Be Affected.**

---

8.  <u>Information And Documents</u>.  Copies of the Disclosure Statement, the Plan, and any exhibits thereto are publicly available along with the docket and other case information by accessing the Voting Agent's website at http://www.kccllc.net/circuitcity and may also be obtained, upon reasonable written request, from the Voting Agent at the address set forth above.

Dated:    _____, 2009
          Richmond, Virginia

| | |
|---|---|
| PACHULSKI STANG ZIEHL & JONES LLP<br>Richard M. Pachulski, Esq.<br>Jeffrey N. Pomerantz, Esq.<br>Stanley E. Goldich, Esq.<br>10100 Santa Monica Boulevard, 11th Floor<br>Los Angeles, California 90067-4100 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>P.O. Box 636<br>Wilmington, Delaware 19899-0636<br>(302) 651-3000 |
| – and – | – and – |
| PACHULSKI STANG ZIEHL & JONES LLP<br>Robert J. Feinstein, Esq.<br>780 Third Avenue, 36th Floor<br>New York, NY 10017-2024 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Chris L. Dickerson, Esq.<br>155 North Wacker Drive<br>Chicago, Illinois 60606<br>(312) 407-0700 |
| – and – | – and – |
| TAVENNER & BERAN, PLC | MCGUIREWOODS LLP |
| _____<br>Lynn L. Tavenner, Esq. (VSB No. 30083)<br>Paula S. Beran, Esq. (VSB No. 34679)<br>20 North Eighth Street<br>Second Floor<br>Richmond, Virginia 23219 | _____<br>Dion W. Hayes (VSB No. 34304)<br>Douglas Foley (VSB No. 34364)<br>One James Center<br>901 E. Cary Street<br>Richmond, Virginia 23219<br>(804) 775-1000 |
| Counsel for the Creditors' Committee | Counsel for Debtors and Debtors in Possession |

5

**EXHIBIT B**

**(Ballots)**

No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:                                                    :              Chapter 11
:
Circuit City Stores, Inc., et al.,                        :              Case No. 08-35653 (KRH)
:
                                    Debtors.              :              (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**BALLOT FOR ACCEPTING OR REJECTING THE JOINT PLAN OF LIQUIDATION OF CIRCUIT CITY
STORES, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION AND ITS OFFICIAL
COMMITTEE OF CREDITORS HOLDING GENERAL UNSECURED CLAIMS**

**(Class 3 Convenience Claims)**

On August 24, 2009, Circuit City Stores, Inc. ("Circuit City") and its affiliated debtors and debtors in possession (collectively, the "Debtors") and the statutory committee of general unsecured creditors (the "Creditors' Committee" and together with the Debtors, the "Plan Proponents") filed the Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan") and the disclosure statement (the "Disclosure Statement") with respect thereto.

On [●], 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") (i) approved the Disclosure Statement and (ii) authorized the Plan Proponents to solicit votes on the Plan.  Court approval of the disclosure statement does not indicate approval of the Plan by the Court.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan. If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).

This ballot (the "Ballot") is being sent to all holders of Class 3 Convenience Claims who are entitled to vote for their use in voting to accept or reject the Plan.  The Plan is described in the Disclosure Statement which accompanies this Ballot.  Before you transmit your votes, please review the Disclosure Statement carefully, particularly the voting procedures described in Section II and Section XIII.

To have your vote count, you must complete and return this Ballot in the manner specified such that it is RECEIVED by the Voting Agent (as defined herein) on or before the Voting Deadline (as defined herein).

**Please read and follow the attached instructions carefully.**
**Please return your Ballot in the envelope provided.**

**The Voting Deadline is November 10, 2009 at 4:00 P.M. (Eastern Time)**

---

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

Your claim has been placed in Class 3 under the Plan.  If you hold claims in another class, you will receive a Ballot for each class in which you are entitled to vote.

Please read carefully and follow the instructions attached to this Ballot on completing and returning your Ballot. The Voting Deadline by which your Ballot must be *received* by the Voting Agent is *4:00 p.m. (Eastern time) on November 10, 2009*.  If your Ballot is not received by the Voting Deadline, it will *not* be counted.  The Voting Agent will not accept Ballots by electronic or facsimile transmission.

If you have any questions, contact Kurtzman Carson Consultants, LLC (the "Voting Agent") at (888) 830-4650.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

---

**CLASS 3 CONVENIENCE CLAIMS**

You may receive multiple mailings containing Ballots.  You should vote each Ballot that you receive for all of the claims that you hold.

**Item 1.   Vote On Plan. (Please check one.)**  The undersigned, the holder of an unpaid Class 3 Convenience Claim against the Debtors in the amount of                      .

ACCEPTS (votes FOR) the Plan.

REJECTS (votes AGAINST) the Plan.

**Item 2.  Certification.**  By signing this Ballot, the undersigned hereby certifies that: (a) on September 22, 2009 it was the holder of the Class 3 Convenience Claim to which this Ballot pertains (or an authorized signatory for such holder), (b) it has full power and authority to vote to accept or reject the Plan, and (c) it has received a copy of the Disclosure Statement (including the appendices thereto) and other materials (collectively, the "Solicitation Package") and understands that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement and Plan.

Name Of Voter:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____

Signature:_____

Name Of Signatory:_____
(If Other Than Voter)

Title:_____

Address: _____

_____

_____

Date Signed:_____

If your address or contact information has changed, please note the new information here:

**CLASS 3 CONVENIENCE CLAIMS**

**INSTRUCTIONS FOR COMPLETING THE BALLOT**

The Plan Proponents are soliciting the votes of certain of the Debtors' creditors on their proposed Plan, described in and annexed as Appendix A to the Disclosure Statement accompanying this Ballot.  Please review the Disclosure Statement and Plan carefully before you return this Ballot.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**To complete the Ballot properly, take the following steps:**

(a)  Insert the amount of your claim in Item 1, unless an amount already appears on your Ballot.

(b)  Cast your vote either to accept or to reject the Plan by checking the proper box in Item 1.  Ballots that are signed and returned, but not expressly voted to accept or reject the Plan, will not be counted.  A Ballot accepting or rejecting the Plan may not be revoked after the Voting Deadline.

(c)  Review Item 2 carefully and provide the requested information.

(d)  Sign and date your Ballot.  Your signature is required in order for your vote to be counted.  You are also requested to provide your social security number or Tax I.D. number prior to receiving any distribution.  If the Class 3 Convenience Claim voted with this Ballot is held by a partnership, the Ballot should be executed in the name of the partnership by a general partner.  If the Class 3 Convenience Claim is held by a corporation, the Ballot must be executed by an authorized officer of such corporation.

(e)  If you believe that you have received the wrong Ballot, please immediately contact the Voting Agent, Kurtzman Carson Consultants, LLC, at (888) 830-4650.

(f)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with that person or entity and the capacity in which you are signing.

(g)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(h)  Return your Ballot using the enclosed return envelope.

**Please mail your ballot promptly to:**

**Circuit City Stores, Inc., et al.**
**c/o Kurtzman Carson Consultants LLC**
**2335 Alaska Avenue**
**El Segundo, CA 90245**

**If you have any questions regarding this Ballot or the voting procedures, please call the Voting Agent,**
**Kurtzman Carson Consultants, LLC, promptly at (888) 830-4650.**

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.**

If your claim against the Debtors has been paid, do not return this Ballot or vote on the paid claim.

You may not split your vote.  You must vote the entire claim that you hold to accept or to reject the Plan.  You will be deemed to have voted the full amount of your claim in your vote.  You must vote all your claims within a single class to either accept or reject the Plan.  **A Ballot that partially rejects and partially accepts the Plan will not be counted.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address printed on the enclosed pre-addressed postage-paid envelope and set forth above.  **Unsigned Ballots will not be counted.**

Ballots must be received by the Voting Agent at the address set forth above, by 4:00 p.m. (Eastern time) on November 10, 2009 (the "Voting Deadline").  **If a Ballot is received after the Voting Deadline, it will not be counted.**

Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors or financial or legal advisor of the Debtors.  **Ballots not received by the Voting Agent will be null and void and will not be counted.**

**CLASS 3 CONVENIENCE CLAIMS**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
In re:                                                      :      Chapter 11
                                                            :
Circuit City Stores, Inc., et al.,                          :      Case No. 08-35653 (KRH)
                                                            :
                                    Debtors.                :      (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**BALLOT FOR ACCEPTING OR REJECTING THE JOINT PLAN OF LIQUIDATION OF CIRCUIT CITY
STORES, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION AND ITS OFFICIAL
COMMITTEE OF CREDITORS HOLDING GENERAL UNSECURED CLAIMS**

**(Class 4 General Unsecured Claims)**

On August 24, 2009, Circuit City Stores, Inc. ("Circuit City") and its affiliated debtors and debtors in possession (collectively, the "Debtors") and the statutory committee of general unsecured creditors (the "Creditors' Committee" and together with the Debtors, the "Plan Proponents") filed the Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan") and the disclosure statement (the "Disclosure Statement") with respect thereto.

On [●], 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") (i) approved the Disclosure Statement and (ii) authorized the Plan Proponents to solicit votes on the Plan.  Court approval of the disclosure statement does not indicate approval of the Plan by the Court.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan. If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).

This ballot (the "Ballot") is being sent to all holders of Class 4 General Unsecured Claims who are entitled to vote for their use in voting to accept or reject the Plan.  The Plan is described in the Disclosure Statement which accompanies this Ballot.  Before you transmit your votes, please review the Disclosure Statement carefully, particularly the voting procedures described in Section II and Section XIII.

To have your vote count, you must complete and return this Ballot in the manner specified such that it is <u>RECEIVED</u> by the Voting Agent (as defined herein) on or before the Voting Deadline (as defined herein).

**Please read and follow the attached instructions carefully.
Please return your Ballot in the envelope provided.**

**The Voting Deadline is November 10, 2009 at 4:00 P.M. (Eastern Time)**

---

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

Your claim has been placed in Class 4 under the Plan.  If you hold claims in another class, you will receive a Ballot for each class in which you are entitled to vote.

Please read carefully and follow the instructions attached to this Ballot on completing and returning your Ballot.  The Voting Deadline by which your Ballot must be *received* by the Voting Agent is *4:00 p.m. (Eastern time) on November 10, 2009*.  If your Ballot is not received by the Voting Deadline, it will *not* be counted.  The Voting Agent will not accept Ballots by electronic or facsimile transmission.

If you have any questions, contact Kurtzman Carson Consultants, LLC (the "Voting Agent") at (888) 830-4650.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

---

**CLASS 4 GENERAL UNSECURED CLAIMS**

You may receive multiple mailings containing Ballots.  You should vote each Ballot that you receive for all of the claims that you hold.

**Item 1.  Vote On Plan. (Please check one.)**  The undersigned, the holder of an unpaid Class 4 General Unsecured Claim against the Debtors, in the amount of                                    .

ACCEPTS (votes FOR) the Plan.

REJECTS (votes AGAINST) the Plan.

If you choose to REJECT the Plan, please skip to Item 3.

**Item 2.  Election to Change Classification to Convenience Class.  (Optional)**  If the undersigned chose to accept the Plan, then by checking the box below, the undersigned may elect to (i) reduce its Class 4 General Unsecured Claim to $1,000, (ii) have such Class 4 General Unsecured Claim treated as a Class 3 Convenience Claim for all purposes (including voting and distribution) and (iii) receive Cash in an amount equal to $100, as set forth in the Plan.  **This election, once made, is irrevocable.**

The undersigned, the holder of a Class 4 General Unsecured Claim in the unpaid amount indicated above,

ELECTS to  (i) reduce its Class 4 General Unsecured Claim to $1,000, (ii) have such Class 4 General Unsecured Claim treated as a Class 3 Convenience Claim for all purposes (including voting and distribution) and (iii) receive Cash in an amount equal to $100, as set forth in the Plan.

**Item 3.  Certification.**  By signing this Ballot, the undersigned hereby certifies that: (a) on September 22, 2009 it was the holder of the Class 4 General Unsecured Claim to which this Ballot pertains (or an authorized signatory for such holder), (b) it has full power and authority to vote to accept or reject the Plan, and (c) it has received a copy of the Disclosure Statement (including the appendices thereto) and other materials (collectively, the "Solicitation Package") and understands that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement and Plan.

Name Of Voter:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____

Signature:_____

Name Of Signatory:_____
(If Other Than Voter)

Title:_____

Address: _____

_____

_____

Date Signed:_____

If your address or contact information has changed, please note the new information here:

**CLASS 4 GENERAL UNSECURED CLAIMS**

## INSTRUCTIONS FOR COMPLETING THE BALLOT

The Plan Proponents are soliciting the votes of certain of the Debtors' creditors on their proposed Plan, described in and annexed as Appendix A to the Disclosure Statement accompanying this Ballot. Please review the Disclosure Statement and Plan carefully before you return this Ballot. Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**To complete the Ballot properly, take the following steps:**

(a) Insert the amount of your claim in Item 1, unless an amount already appears on your Ballot.

(b) Cast your vote either to accept or to reject the Plan by checking the proper box in Item 1. Ballots that are signed and returned, but not expressly voted to accept or reject the Plan, will not be counted. A Ballot accepting or rejecting the Plan may not be revoked after the Voting Deadline.

(c) If you choose to accept the Plan, choose whether you elect to reduce the amount of your unpaid Class 4 General Unsecured Claim as described in Item 2 and to have such reduced claim reclassified as a Class 3 Convenience Claim for all purposes (including voting and distribution) by checking the box in Item 2. This election, once made, is irrevocable.

(d) Review Item 3 carefully and provide the requested information.

(e) Sign and date your Ballot. Your signature is required in order for your vote to be counted. You are also requested to provide your social security number or Tax I.D. number prior to receiving any distribution. If the Class 4 General Unsecured Claim voted with this Ballot is held by a partnership, the Ballot should be executed in the name of the partnership by a general partner. If the Class 4 General Unsecured Claim is held by a corporation, the Ballot must be executed by an authorized officer of such corporation.

(f) If you believe that you have received the wrong Ballot, please immediately contact the Voting Agent, Kurtzman Carson Consultants, LLC, at (888) 830-4650.

(g) If you are completing this Ballot on behalf of another person or entity, indicate your relationship with that person or entity and the capacity in which you are signing.

(h) Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(i) Return your Ballot using the enclosed return envelope.

**Please mail your ballot promptly to:**

**Circuit City Stores, Inc., et al.**
**c/o Kurtzman Carson Consultants LLC**
**2335 Alaska Avenue**
**El Segundo, CA 90245**

**If you have any questions regarding this Ballot or the voting or election procedures, please call the Voting Agent, Kurtzman Carson Consultants, LLC, promptly at (888) 830-4650.**

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim. This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.**

If your claim against the Debtors has been paid, do not return this Ballot or vote on the paid claim.

You may not split your vote. You must vote the entire claim that you hold to accept or to reject the Plan. You will be deemed to have voted the full amount of your claim in your vote. You must vote all your claims within a single class to either accept or reject the Plan. **A Ballot that partially rejects and partially accepts the Plan will not be counted.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address printed on the enclosed pre-addressed postage-paid envelope and set forth above. **Unsigned Ballots will not be counted.**

Ballots must be received by the Voting Agent at the address set forth above, by 4:00 p.m. (Eastern time) on November 10, 2009 (the "Voting Deadline"). **If a Ballot is received after the Voting Deadline, it will not be counted.**

Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Voting Agent. In all cases, sufficient time should be allowed to assure timely delivery. **Delivery of a Ballot to the Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.** No Ballot should be sent to the Debtors

**CLASS 4 GENERAL UNSECURED CLAIMS**

or financial or legal advisor of the Debtors.  **Ballots not received by the Voting Agent will be null and void and will not be counted.**

**CLASS 4 GENERAL UNSECURED CLAIMS**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
In re:                                                    :         Chapter 11
                                                          :
Circuit City Stores, Inc., et al.,                        :         Case No. 08-35653 (KRH)
                                                          :
                                      Debtors.            :         (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**BALLOT FOR ACCEPTING OR REJECTING THE JOINT PLAN OF LIQUIDATION OF CIRCUIT CITY
STORES, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION AND ITS OFFICIAL
COMMITTEE OF CREDITORS HOLDING GENERAL UNSECURED CLAIMS**

**(Class 4 General Unsecured Claims)**

On August 24, 2009, Circuit City Stores, Inc. ("Circuit City") and its affiliated debtors and debtors in possession (collectively, the "Debtors") and the statutory committee of general unsecured creditors (the "Creditors' Committee" and together with the Debtors, the "Plan Proponents") filed the Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan") and the disclosure statement (the "Disclosure Statement") with respect thereto.

On [●], 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") (i) approved the Disclosure Statement and (ii) authorized the Plan Proponents to solicit votes on the Plan.  Court approval of the disclosure statement does not indicate approval of the Plan by the Court.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan. If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).

This ballot (the "Ballot") is being sent to all holders of Class 4 General Unsecured Claims with Claims of under $500 who are entitled to vote for their use in voting to accept or reject the Plan.  The Plan is described in the Disclosure Statement which accompanies this Ballot.  Before you transmit your votes, please review the Disclosure Statement carefully, particularly the voting procedures described in Section II and Section XIII.

To have your vote count, you must complete and return this Ballot in the manner specified such that it is RECEIVED by the Voting Agent (as defined herein) on or before the Voting Deadline (as defined herein).

**Please read and follow the attached instructions carefully.
Please return your Ballot in the envelope provided.**

**The Voting Deadline is November 10, 2009 at 4:00 P.M. (Eastern Time)**

---

**IMPORTANT**

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.**

**Your claim has been placed in Class 4 under the Plan.  If you hold claims in another class, you will receive a Ballot for each class in which you are entitled to vote.**

**Please read carefully and follow the instructions attached to this Ballot on completing and returning your Ballot. The Voting Deadline by which your Ballot must be _received_ by the Voting Agent is _4:00 p.m. (Eastern time) on November 10, 2009_.  If your Ballot is not received by the Voting Deadline, it will _not_ be counted.  The Voting Agent will not accept Ballots by electronic or facsimile transmission.**

**If you have any questions, contact Kurtzman Carson Consultants, LLC (the "Voting Agent") at (888) 830-4650.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

---

**CLASS 4 GENERAL UNSECURED CLAIMS**

You may receive multiple mailings containing Ballots.  You should vote each Ballot that you receive for all of the claims that you hold.

**Item 1.  Vote On Plan. (Please check one.)**  The undersigned, the holder of an unpaid Class 4 General Unsecured Claim against the Debtors in the amount of                    .

ACCEPTS (votes FOR) the Plan.

REJECTS (votes AGAINST) the Plan.

**Item 2.  Certification.**  By signing this Ballot, the undersigned hereby certifies that: (a) on September 22, 2009 it was the holder of the Class 4 General Unsecured Claim to which this Ballot pertains (or an authorized signatory for such holder), (b) it has full power and authority to vote to accept or reject the Plan, and (c) it has received a copy of the Disclosure Statement (including the appendices thereto) and other materials (collectively, the "Solicitation Package") and understands that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement and Plan.

Name Of Voter:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____

Signature:_____

Name Of Signatory:_____
(If Other Than Voter)

Title:_____

Address: _____

_____

_____

Date Signed:_____

If your address or contact information has changed, please note the new information here:

**CLASS 4 GENERAL UNSECURED CLAIMS**

### INSTRUCTIONS FOR COMPLETING THE BALLOT

The Plan Proponents are soliciting the votes of certain of the Debtors' creditors on their proposed Plan, described in and annexed as Appendix A to the Disclosure Statement accompanying this Ballot. Please review the Disclosure Statement and Plan carefully before you return this Ballot. Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**To complete the Ballot properly, take the following steps:**

(a)   Insert the amount of your claim in Item 1, unless an amount already appears on your Ballot.

(b)   Cast your vote either to accept or to reject the Plan by checking the proper box in Item 1. Ballots that are signed and returned, but not expressly voted to accept or reject the Plan, will not be counted. A Ballot accepting or rejecting the Plan may not be revoked after the Voting Deadline.

(c)   Review Item 2 carefully and provide the requested information.

(d)   Sign and date your Ballot. Your signature is required in order for your vote to be counted. You are also requested to provide your social security number or Tax I.D. number prior to receiving any distribution. If the Class 4 General Unsecured Claim voted with this Ballot is held by a partnership, the Ballot should be executed in the name of the partnership by a general partner. If the Class 4 General Unsecured Claim is held by a corporation, the Ballot must be executed by an authorized officer of such corporation.

(e)   If you believe that you have received the wrong Ballot, please immediately contact the Voting Agent, Kurtzman Carson Consultants, LLC, at (888) 830-4650.

(f)   If you are completing this Ballot on behalf of another person or entity, indicate your relationship with that person or entity and the capacity in which you are signing.

(g)   Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(h)   Return your Ballot using the enclosed return envelope.

**Please mail your ballot promptly to:**

**Circuit City Stores, Inc., et al.**
**c/o Kurtzman Carson Consultants LLC**
**2335 Alaska Avenue**
**El Segundo, CA 90245**

**If you have any questions regarding this Ballot or the voting or election procedures, please call the Voting Agent, Kurtzman Carson Consultants, LLC, promptly at (888) 830-4650.**

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim. This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.**

If your claim against the Debtors has been paid, do not return this Ballot or vote on the paid claim.

You may not split your vote. You must vote the entire claim that you hold to accept or to reject the Plan. You will be deemed to have voted the full amount of your claim in your vote. You must vote all your claims within a single class to either accept or reject the Plan. **A Ballot that partially rejects and partially accepts the Plan will not be counted.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address printed on the enclosed pre-addressed postage-paid envelope and set forth above. **Unsigned Ballots will not be counted.**

Ballots must be received by the Voting Agent at the address set forth above, by 4:00 p.m. (Eastern time) on November 10, 2009 (the "Voting Deadline"). **If a Ballot is received after the Voting Deadline, it will not be counted.**

Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Voting Agent. In all cases, sufficient time should be allowed to assure timely delivery. **Delivery of a Ballot to the Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.** No Ballot should be sent to the Debtors or financial or legal advisor of the Debtors. **Ballots not received by the Voting Agent will be null and void and will not be counted.**

**CLASS 4 GENERAL UNSECURED CLAIMS**

**EXHIBIT C**

**(Unimpaired Creditor Notice)**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                        :

In re:                            :          Chapter 11
                        :

Circuit City Stores, Inc., et al.,     :          Case No. 08-35653 (KRH)
                        :

                Debtors.    :          (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE TO UNIMPAIRED CREDITORS OF (I) FILING OF JOINT PLAN OF LIQUIDATION OF CIRCUIT CITY STORES, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION AND ITS OFFICIAL COMMITTEE OF CREDITORS HOLDING GENERAL UNSECURED CLAIMS, (II) TREATMENT OF UNIMPAIRED CLAIMS UNDER PLAN, (III) HEARING ON CONFIRMATION OF PLAN, (IV) DEADLINE AND PROCEDURES FOR FILING OBJECTIONS THERETO AND (V) MEANS OF OBTAINING COPIES OF PLAN AND DISCLOSURE STATEMENT**

PLEASE TAKE NOTICE that the Bankruptcy Court has entered an order on [●], 2009 (the "Solicitation Procedures Order") (Docket No. [●]) approving the disclosure statement (the "Disclosure Statement") with respect to the Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"),[1] filed by the debtors and debtors in possession in the above-captioned cases (the "Debtors") and the statutory committee of unsecured creditors (the "Creditors' Committee" and together with the Debtors, the "Plan Proponents") and (ii) authorizing the Plan Proponents to solicit votes on the Plan.

PLEASE TAKE FURTHER NOTICE that holders of certain claims under the Plan are unimpaired as defined in section 1124 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Specifically, holders of claims in Class 1 (Miscellaneous Secured Claims) and Class 2 (Non-Tax Priority Claims) are unimpaired under the Plan (the "Unimpaired Claims"). Under the Solicitation Procedures Order, the Bankruptcy Code and the Plan, holders of Unimpaired Claims in Classes 1 and 2 are presumed to have accepted the Plan and are not entitled to vote on the Plan.

PLEASE TAKE FURTHER NOTICE that the Plan provides with respect to the Unimpaired Claims that:

Article III.B.1 – Class 1 Miscellaneous Secured Claims. On, or as soon as reasonably practicable after, the earlier of (a) the Distribution Date immediately following the date a Miscellaneous Secured Claim becomes an Allowed Miscellaneous Secured Claim or (b) the date that is ninety (90) days after the date on which such Miscellaneous Secured Claim becomes an Allowed Miscellaneous Secured Claim, a Holder of an Allowed Miscellaneous Secured Claim shall receive, in full and final satisfaction, settlement and release of and in exchange for, such Allowed Miscellaneous Secured Claim, (i) Cash equal to the unpaid portion of such Allowed Miscellaneous Secured Claim, to be paid out of the Liquidating Trust, (ii) a return of the Holder's Collateral securing the Miscellaneous Secured Claim or (iii) such other treatment as to which

---

[1]    Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Plan.

such Holder and the Debtors and/or the Liquidating Trustee shall have agreed upon in writing. Any Holder of a Miscellaneous Secured Claim shall retain its Lien in the Collateral or the proceeds of the Collateral (to the extent that such Collateral is sold by the Debtors or the Liquidating Trustee free and clear of such Lien) to the same extent and with the same priority as such Lien held as of the Petition Date until such time as (a) the Holder of such Miscellaneous Secured Claim (i) has been paid Cash equal to the value of its Allowed Miscellaneous Secured Claim, (ii) has received a return of the Collateral securing the Miscellaneous Secured Claim or (iii) has been afforded such other treatment as to which such Holder and the Debtors and/or the Liquidating Trustee shall have agreed upon in writing; or (b) such purported Lien has been determined by an order of the Bankruptcy Court to be invalid or otherwise avoidable. Notwithstanding the foregoing, or anything to the contrary in the Plan, no Distributions shall be made to the Holder of any Allowed Miscellaneous Secured Claim unless either (a) the Liquidating Trust has sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Miscellaneous Secured Claims or (b) the Liquidating Trust Oversight Committee consents to all or any portion of such Distribution. Class 1 is conclusively presumed to have accepted the Plan and, therefore, Holders of Class 1 Claims are not entitled to vote to accept or reject the Plan.

Article III.B.2 – Class 2 Non-Tax Priority Claims. On, or as soon as reasonably practicable after, the earlier of (a) the Distribution Date immediately following the date a Non-Tax Priority Claim becomes an Allowed Non-Tax Priority Claim or (b) the date that is ninety (90) days after the date on which such Non-Tax Priority Claim becomes an Allowed Non-Tax Priority Claim, a Holder of an Allowed Non-Tax Priority Claim shall receive, to be paid out of the Liquidating Trust, in full and final satisfaction, settlement and release of and in exchange for such Allowed Non-Tax Priority Claim, (i) Cash equal to the unpaid portion of such Allowed Non-Tax Priority Claim or (ii) such other treatment as to which such Holder and the Debtors and/or the Liquidating Trustee shall have agreed upon in writing. Notwithstanding the foregoing, or anything to the contrary in the Plan, no Distributions shall be made to the Holder of any Allowed Non-Tax Priority Claims unless (a) the Liquidating Trust has sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Administrative Claims; and (b) either (i) the Liquidating Trust has sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Non-Tax Priority Tax Claims or (ii) the Liquidating Trust Oversight Committee consents to all or any portion of such Distribution. Class 2 is conclusively presumed to have accepted the Plan and, therefore, Holders of Class 2 Claims are not entitled to vote to accept or reject the Plan.

**PLEASE TAKE FURTHER NOTICE that you have been identified as the holder of an Unimpaired Claim under the Plan. In accordance with Bankruptcy Code section 1126(f), with respect to your Unimpaired Claim, you will (a) be deemed to have accepted the Plan and (b) not be entitled to vote on the Plan. The Plan Proponents therefore will not solicit your vote, and you will not receive a ballot with respect to your Unimpaired Claim.**

Accordingly, this may be the final notice you receive with respect to the Plan and with respect to your Unimpaired Claim. Although you will not be entitled to vote on the Plan with respect to your Unimpaired Claim, you are a party in interest in the Debtors' Chapter 11 Cases. Accordingly, you are entitled to participate in the Chapter 11 Cases, including by filing objections to confirmation of the Plan, as set forth below.

## CONFIRMATION HEARING AND CONFIRMATION OBJECTIONS

PLEASE TAKE FURTHER NOTICE THAT the hearing to consider confirmation of the Plan (the "Confirmation Hearing"), will commence on **November 23, 2009 at 10:00 a.m. (Eastern)** or as soon thereafter as counsel can be heard, before the Honorable Kevin Huennekens, United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219. The Confirmation Hearing may be adjourned from time to time by announcing the adjournment in open court. The Plan may be further modified, if necessary, under Bankruptcy Code section 1127 before, during, or as a result of the Confirmation Hearing, without further notice to parties in interest.

PLEASE TAKE FURTHER NOTICE THAT **November 16, 2009 at 4:00 p.m. (Eastern)** is fixed as the last date and time for filing and serving objections to confirmation of the Plan (the "Objection Deadline"). To be considered, objections, if any, to confirmation of the Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Eastern District of Virginia, (c) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, their estates, or their property, (d) state with particularity the legal and factual bases for the objection, (e) be filed with the Bankruptcy Court together with proof of service, (d) be submitted in hard-copy form directly to the chambers of the Honorable Kevin Huennekens, United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219, and (e) be served by personal service, overnight delivery, or first-class mail, so as to be RECEIVED no later than Objection Deadline, upon:

(i) the Debtors: if by first-class mail, Circuit City Stores, Inc., P.O. Box 5695, Glen Allen, VA 23058-5695 (Attn: Michelle Mosier) or, if by overnight delivery or personal service, Circuit City Stores, Inc., 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060 (Attn: Michelle Mosier);

(ii) counsel for the Debtors: (x) if by first-class mail, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, P.O. Box 636, Wilmington, DE 19899-636 (Attn: Gregg M. Galardi and Ian S. Fredericks) or, if by overnight delivery or personal service, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, 10th and King Streets, 7th Floor, Wilmington, DE 19801 (Attn: Gregg M. Galardi and Ian S. Fredericks), (y) Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Chicago, IL 60606 (Attn: Chris L. Dickerson and Jessica S. Kumar) and (z) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA 23219 (Attn: Douglas M. Foley and Sarah B. Boehm);

(iii) counsel for the Creditors' Committee: (x) Pachulski Stang Ziehl & Jones, LLP, 10100 Santa Monica Boulevard, 11th Floor, Los Angeles, CA 90067 (Attn: Jeffrey N. Pomerantz and Stanley E. Goldich), (y) Pachulski Stang Ziehl & Jones, LLP, 780 Third Avenue, 36th Floor, New York, NY 10017 (Attn: Robert Feinstein) and (z) Tavenner & Beran, PLC, 20 N. Eighth Street, Second Floor, Richmond, VA 23219 (Attn: Lynn L. Tavenner and Paula S. Beran); and

(iv) the Office of the United States Trustee for the Eastern District of Virginia, 701 East Broad Street, Suite 4304, Richmond, VA 23219 (Attn: Robert B. Van Arsdale)

**Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled**.

3

**ADDITIONAL DOCUMENTS**

**PLEASE TAKE FURTHER NOTICE** that copies of the Disclosure Statement, the Plan, the Solicitation Procedures Order and any exhibits thereto are publicly available along with the docket and other case information by accessing the Debtors' case information website at www.kccllc.net/circuitcity  and may also be obtained, upon reasonable written request, from the Kurtzman Carson Consultants LLC (the "Voting Agent") at:

**Kurtzman Carson Consultants LLC**
**2335 Alaska Avenue**
**El Segundo, CA 90245**
**Attn: Circuit City Stores, Inc., et al.**

Dated:   ____, 2009
        Richmond, Virginia

| | |
|---|---|
| PACHULSKI STANG ZIEHL & JONES LLP<br>Richard M. Pachulski, Esq.<br>Jeffrey N. Pomerantz, Esq.<br>Stanley E. Goldich, Esq.<br>10100 Santa Monica Boulevard, 11th Floor<br>Los Angeles, California 90067-4100 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>P.O. Box 636<br>Wilmington, Delaware 19899-0636<br>(302) 651-3000 |
| – and – | – and – |
| PACHULSKI STANG ZIEHL & JONES LLP<br>Robert J. Feinstein, Esq.<br>780 Third Avenue, 36th Floor<br>New York, NY 10017-2024 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Chris L. Dickerson, Esq.<br>155 North Wacker Drive<br>Chicago, Illinois 60606<br>(312) 407-0700 |
| – and – | – and – |
| TAVENNER & BERAN, PLC | MCGUIREWOODS LLP |
| _____<br>Lynn L. Tavenner, Esq. (VSB No. 30083)<br>Paula S. Beran, Esq. (VSB No. 34679)<br>20 North Eighth Street<br>Second Floor<br>Richmond, Virginia 23219 | _____<br>Dion W. Hayes (VSB No. 34304)<br>Douglas Foley (VSB No. 34364)<br>One James Center<br>901 E. Cary Street<br>Richmond, Virginia 23219<br>(804) 775-1000 |
| Counsel for the Creditors' Committee | Counsel for Debtors and Debtors in Possession |

4

**EXHIBIT D**

**(Notice of Non-Voting Status)**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
In re:                                          :        Chapter 11
                                                :
Circuit City Stores, Inc., et al.,              :        Case No. 08-35653 (KRH)
                                                :
                        Debtors.     :        (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF NON-VOTING STATUS WITH RESPECT TO CERTAIN CLAIMS AND INTERESTS

PLEASE TAKE NOTICE that the Bankruptcy Court has entered an order on [●], 2009 (the "Solicitation Procedures Order") (Docket No. [●]) approving the disclosure statement (the "Disclosure Statement") with respect to the Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan")[1] filed by the debtors and debtors in possession in the above-captioned cases (the "Debtors") and the statutory committee of unsecured creditors (the "Creditors' Committee" and together with the Debtors, the "Plan Proponents") and (ii) authorizing the Plan Proponents to solicit votes on the Plan.

PLEASE TAKE FURTHER NOTICE that, under the Solicitation Procedures Order, the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and the Plan, holders of claims or interests that are impaired as defined in Bankruptcy Code section 1124 and will not receive or retain any property under the Plan are deemed to reject the Plan and are not entitled to vote.

PLEASE TAKE FURTHER NOTICE that holders of claims and interests in Class 5 (Intercompany Claims), Class 6 (Subordinated 510(c) Claims), Class 7 (Subordinated 510(b) Claims) and Class 8 (Interests) are impaired and will not receive or retain any property under the Plan on account of such claims or interests. Accordingly, holders of claims and interests in Classes 5, 6, 7 and 8 are not entitled to vote on the Plan. Articles III.C.3, III.C.4, III.C.5 and III.D.1. of the Plan govern treatment of Classes 5, 6, 7 and 8. respectively.

PLEASE TAKE FURTHER NOTICE that certain claims in Class 3 (Convenience Claims) and Class 4 (General Unsecured Claims) are subject to objections to disallow such claims, which objections are still pending as of the Voting Deadline (as defined herein) (the "Disputed Claims"). Pursuant to the Solicitation Procedures Order, holders of Disputed Claims are not entitled to vote to accept or reject the Plan.

**PLEASE TAKE FURTHER NOTICE that you have been identified as the holder of either (i) a claim in Classes 5, 6 or 7 or an interest in Class 8 under the Plan or (ii) a Disputed Claim. Accordingly, you are not entitled to vote on the Plan  The Plan Proponents therefore will not solicit your vote, and you will not receive a ballot with respect to your impaired claim or interest.**

Accordingly, this may be the final notice you receive with respect to the Plan and with respect to your impaired claim or interest. Although you will not be entitled to vote on the Plan with respect to your impaired claim or interest, you are a party in interest in the Debtors' Chapter 11 Cases. Accordingly, you are entitled to participate in the Chapter 11 Cases, including by filing objections to confirmation of the Plan, as set forth below.

---

[1]    Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Plan.

**CONFIRMATION HEARING AND CONFIRMATION OBJECTIONS**

PLEASE TAKE FURTHER NOTICE THAT the hearing to consider confirmation of the Plan (the "Confirmation Hearing"), will commence on **November 23, 2009 at 10:00 a.m. (Eastern)** or as soon thereafter as counsel can be heard, before the Honorable Kevin Huennekens, United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219. The Confirmation Hearing may be adjourned from time to time by announcing the adjournment in open court. The Plan may be further modified, if necessary, under Bankruptcy Code section 1127 before, during, or as a result of the Confirmation Hearing, without further notice to parties in interest.

PLEASE TAKE FURTHER NOTICE THAT **November 16, 2009 at 4:00 p.m. (Eastern)** is fixed as the last date and time for filing and serving objections to confirmation of the Plan (the "Objection Deadline"). To be considered, objections, if any, to confirmation of the Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Eastern District of Virginia, (c) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, their estates, or their property, (d) state with particularity the legal and factual bases for the objection, (e) be filed with the Bankruptcy Court together with proof of service, (d) be submitted in hard-copy form directly to the chambers of the Honorable Kevin Huennekens, United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219, and (e) be served by personal service, overnight delivery, or first-class mail, so as to be RECEIVED no later than Objection Deadline, upon:

(i) the Debtors: if by first-class mail, Circuit City Stores, Inc., P.O. Box 5695, Glen Allen, VA 23058-5695 (Attn: Michelle Mosier) or, if by overnight delivery or personal service, Circuit City Stores, Inc., 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060 (Attn: Michelle Mosier);

(ii) counsel for the Debtors: (x) if by first-class mail, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, P.O. Box 636, Wilmington, DE 19899-636 (Attn: Gregg M. Galardi and Ian S. Fredericks) or, if by overnight delivery or personal service, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, 10th and King Streets, 7th Floor, Wilmington, DE 19801 (Attn: Gregg M. Galardi and Ian S. Fredericks), (y) Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Chicago, IL 60606 (Attn: Chris L. Dickerson and Jessica S. Kumar) and (z) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA 23219 (Attn: Douglas M. Foley and Sarah B. Boehm);

(iii) counsel for the Creditors' Committee: (x) Pachulski Stang Ziehl & Jones, LLP, 10100 Santa Monica Boulevard, 11th Floor, Los Angeles, CA 90067 (Attn: Jeffrey N. Pomerantz and Stanley E. Goldich), (y) Pachulski Stang Ziehl & Jones, LLP, 780 Third Avenue, 36th Floor, New York, NY 10017 (Attn: Robert Feinstein) and (z) Tavenner & Beran, PLC, 20 N. Eighth Street, Second Floor, Richmond, VA 23219 (Attn: Lynn L. Tavenner and Paula S. Beran); and

(iv) the Office of the United States Trustee for the Eastern District of Virginia, 701 East Broad Street, Suite 4304, Richmond, VA 23219 (Attn: Robert B. Van Arsdale)

**Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled**.

2

**TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES**

PLEASE TAKE FURTHER NOTICE that, if you disagree with the Debtors' classification of, or objection to, your claim and believe that you should be entitled to vote on the Plan, **the Plan Proponents encourage you to contact the Debtors' counsel promptly concerning your request**.

In the event you are not able to reach a consensual resolution with the Plan Proponents, then you must: (i) contact the Voting Agent (as defined herein) to obtain a ballot and file the ballot by November 10, 2009 at 4:00 p.m. (Eastern) (the "Voting Deadline") and (ii) timely file and serve a motion for order under Fed. R. Bankr. P. 3018(a) (a "Rule 3018(a) Motion") seeking temporary allowance of your claim for the purpose of accepting or rejecting the Plan.

The Rule 3018(a) Motion must be filed with the Clerk of the Court on or before **November 10, 2009 at 4:00 p.m. (Eastern)** (the "Rule 3018(a) Motion Deadline") and served so as to be received by the Notice Parties (as defined in the Solicitation Procedures Order) by the Rule 3018(a) Motion Deadline, in accordance with the procedures set forth in the Solicitation Procedures Order.

**Rule 3018(a) Motions that are not timely filed and served in the manner set forth above will not be considered, and the claims referred to therein will not be counted in determining whether the Plan has been accepted or rejected**.

Any party who timely files and serves a Rule 3018(a) Motion in accordance with the paragraph above shall be permitted to cast a provisional vote to accept or reject the Plan. If, and to the extent that, the Plan Proponents and such party are unable to resolve the issues raised by the Rule 3018(a) Motion before the Voting Deadline, then, at the Confirmation Hearing, the Court will determine whether the provisional ballot is to be counted as a vote on the Plan and, if so, in what amount.

**ADDITIONAL DOCUMENTS**

**PLEASE TAKE FURTHER NOTICE that copies of the Disclosure Statement, the Plan, the Solicitation Procedures Order and any exhibits thereto are publicly available along with the docket and other case information by accessing the Debtors' case information website at www.kccllc.net/circuitcity and may also be obtained, upon reasonable written request, from the Kurtzman Carson Consultants LLC (the "Voting Agent") at:**

**Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245
Attn: Circuit City Stores, Inc., et al.**

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S), YOU SHOULD CONTACT THE VOTING AGENT AT THE ADDRESS ABOVE OR BY TELEPHONE AT (888) 830-4650.**

3

Dated:  _____, 2009
      Richmond, Virginia


| | |
|---|---|
| PACHULSKI STANG ZIEHL & JONES LLP<br>Richard M. Pachulski, Esq.<br>Jeffrey N. Pomerantz, Esq.<br>Stanley E. Goldich, Esq.<br>10100 Santa Monica Boulevard, 11th Floor<br>Los Angeles, California 90067-4100 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>P.O. Box 636<br>Wilmington, Delaware 19899-0636<br>(302) 651-3000 |
| – and – | – and – |
| PACHULSKI STANG ZIEHL & JONES LLP<br>Robert J. Feinstein, Esq.<br>780 Third Avenue, 36th Floor<br>New York, NY 10017-2024 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Chris L. Dickerson, Esq.<br>155 North Wacker Drive<br>Chicago, Illinois 60606<br>(312) 407-0700 |
| – and – | – and – |
| TAVENNER & BERAN, PLC | MCGUIREWOODS LLP |
| _____<br>Lynn L. Tavenner, Esq. (VSB No. 30083)<br>Paula S. Beran, Esq. (VSB No. 34679)<br>20 North Eighth Street<br>Second Floor<br>Richmond, Virginia 23219 | _____<br>Dion W. Hayes (VSB No. 34304)<br>Douglas Foley (VSB No. 34364)<br>One James Center<br>901 E. Cary Street<br>Richmond, Virginia 23219<br>(804) 775-1000 |
| Counsel for the Creditors' Committee | Counsel for Debtors and Debtors in Possession |

**EXHIBIT E**

**(Notice of Changed Voting Status)**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:                                                          :            Chapter 11
:
Circuit City Stores, Inc., <u>et al.</u>,                       :            Case No. 08-35653 (KRH)
:
                                          Debtors.    :            (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE TO PARTIES SUBJECT TO A POST-SOLICITATION MAILING DATE OBJECTION TO DISALLOW CLAIM

PLEASE TAKE NOTICE that the Bankruptcy Court has entered an order on [●], 2009 (the "Solicitation Procedures Order") (Docket No. [●]) approving the disclosure statement (the "Disclosure Statement") with respect to the Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan")[1] filed by the debtors and debtors in possession in the above-captioned cases (the "Debtors") and the statutory committee of unsecured creditors (the "Creditors' Committee" and together with the Debtors, the "Plan Proponents") and (ii) authorizing the Plan Proponents to solicit votes on the Plan.

PLEASE TAKE FURTHER NOTICE that, under the Solicitation Procedures Order, the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and the Plan, holders of claims in Class 3 (Convenience Claims) and Class 4 (General Unsecured Claims) that are subject to objections to <u>disallow</u> such claims, which objections are filed on or before **October 20, 2009** and are still pending as of the Voting Deadline (as defined herein), are not entitled to vote to accept or reject the Plan (such claims, the "Disputed Claims").

PLEASE TAKE FURTHER NOTICE that, although you may have received a ballot and other solicitation materials, the Debtors have filed an objection seeking to disallow your claim since the mailing of the solicitation materials and prior to October 20, 2009.

**ACCORDINGLY, PLEASE TAKE FURTHER NOTICE THAT YOU HAVE BEEN IDENTIFIED AS THE HOLDER OF A DISPUTED CLAIM AND YOUR VOTING STATUS HAS CHANGED.  AS A RESULT YOU ARE NOT ENTITLED TO VOTE ON THE PLAN AND YOUR BALLOT, IF SUBMITTED, WILL NOT BE COUNTED.**

Accordingly, this may be the final notice you receive with respect to the Plan and with respect to your Disputed Claim.  Although you will not be entitled to vote on the Plan with respect to your impaired claim or interest, you are a party in interest in the Debtors' Chapter 11 Cases.  Accordingly, you are entitled to participate in the Chapter 11 Cases, including by filing objections to confirmation of the Plan.

---

[1]    Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Plan.

**TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES**

PLEASE TAKE FURTHER NOTICE that, if you disagree with the Debtors' classification of, or objection to, your claim and believe that you should be entitled to vote on the Plan, **the Plan Proponents encourage you to contact the Debtors' counsel promptly concerning your request**.

In the event you are not able to reach a consensual resolution with the Plan Proponents, then you must: (i) contact the Voting Agent (as defined herein) to obtain a ballot and file the ballot by November 10, 2009 at 4:00 p.m. (Eastern) (the "Voting Deadline") and (ii) timely file and serve a motion for order under Fed. R. Bankr. P. 3018(a) (a "Rule 3018(a) Motion") seeking temporary allowance of your claim for the purpose of accepting or rejecting the Plan.

The Rule 3018(a) Motion must be filed with the Clerk of the Court on or before **November 10, 2009 at 4:00 p.m. (Eastern)** (the "Rule 3018(a) Motion Deadline") and served so as to be received by the Notice Parties (as defined in the Solicitation Procedures Order) by the Rule 3018(a) Motion Deadline, in accordance with the procedures set forth in the Solicitation Procedures Order.

**Rule 3018(a) Motions that are not timely filed and served in the manner set forth above will not be considered, and the claims referred to therein will not be counted in determining whether the Plan has been accepted or rejected**.

Any party who timely files and serves a Rule 3018(a) Motion in accordance with the paragraph above shall be permitted to cast a provisional vote to accept or reject the Plan.  If, and to the extent that, the Plan Proponents and such party are unable to resolve the issues raised by the Rule 3018(a) Motion before the Voting Deadline, then, at the Confirmation Hearing, the Court will determine whether the provisional ballot is to be counted as a vote on the Plan and, if so, in what amount.


**ADDITIONAL DOCUMENTS**

**PLEASE TAKE FURTHER NOTICE that copies of the Disclosure Statement, the Plan, the Solicitation Procedures Order and any exhibits thereto are publicly available along with the docket and other case information by accessing the Debtors' case information website at www.kccllc.net/circuitcity  and may also be obtained, upon reasonable written request, from the Kurtzman Carson Consultants LLC (the "Voting Agent") at:**

**Kurtzman Carson Consultants LLC**
**2335 Alaska Avenue**
**El Segundo, CA 90245**
**Attn: Circuit City Stores, Inc., et al.**

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S), YOU SHOULD CONTACT THE VOTING AGENT AT THE ADDRESS ABOVE OR BY TELEPHONE AT (888) 830-4650.**

Dated:   _____, 2009
       Richmond, Virginia


PACHULSKI STANG ZIEHL & JONES
LLP
Richard M. Pachulski, Esq.
Jeffrey N. Pomerantz, Esq.
Stanley E. Goldich, Esq.
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100

     – and –

PACHULSKI STANG ZIEHL & JONES
LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, NY 10017-2024

     – and –

TAVENNER & BERAN, PLC

_____
Lynn L. Tavenner, Esq. (VSB No. 30083)
Paula S. Beran, Esq. (VSB No. 34679)
20 North Eighth Street
Second Floor
Richmond, Virginia 23219


Counsel for the Creditors' Committee


SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     – and –

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     – and –

MCGUIREWOODS LLP

_____
Dion W. Hayes (VSB No. 34304)
Douglas Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000


Counsel for Debtors and Debtors in Possession

3

# CERTIFICATE OF NOTICE

```
District/off: 0422-7          User: jafarbayj          Page 1 of 1          Date Rcvd: Sep 24, 2009
Case: 08-35653               Form ID: pdforder        Total Noticed: 1

The following entities were noticed by first class mail on Sep 26, 2009.
aty         +Gregg M. Galardi,   Skadden Arps Slate Meagher,   & Flom LLP, One Rodney Sq.,   PO Box 636,
             Wilmington, DE 19899-0636

The following entities were noticed by electronic transmission.
NONE.                                                                      TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Sep 26, 2009**　　　　　　　**Signature:**　　_Joseph Speetjens_