**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
:
Circuit City Stores, Inc., et al., : Case No. 08-35653 (KRH)
:
Debtors. : (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF**

**(1) APPROVAL OF DISCLOSURE STATEMENT;**
**(2) HEARING ON CONFIRMATION OF PLAN;**
**(3) DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN;**
**(4) TREATMENT OF CERTAIN UNLIQUIDATED OR DISPUTED CLAIMS FOR NOTICE, VOTING, AND DISTRIBUTION PURPOSES;**
**(5) DEADLINE AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CERTAIN CLAIMS FOR VOTING PURPOSES;**
**(6) RECORD DATE;**
**(7) VOTING DEADLINE FOR RECEIPT OF BALLOTS; AND**
**(8) PROPOSED RELEASE, INJUNCTION AND EXCULPATION IN THE PLAN**

**TO ALL CREDITORS AND INTEREST HOLDERS OF CIRCUIT CITY STORES, INC. AND ITS AFFILIATE DEBTORS:**

PLEASE TAKE NOTICE that the debtors and debtors in possession in the above-captioned cases (the "Debtors") and the statutory committee of unsecured creditors (the "Creditors' Committee" and together with the Debtors, the "Plan Proponents") are soliciting votes on the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (as may be further amended or modified, the "Plan") from holders of impaired claims who are (or may be) entitled to receive distributions under the Plan.

PLEASE TAKE FURTHER NOTICE that if the Plan is confirmed by the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") the terms of the Plan will be binding on all holders of claims against, and all current and former holders of equity securities and other interests in, the Debtors.

PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court has entered an order on September 24, 2009 (the "Solicitation Procedures Order") (Docket No. 5090) approving the disclosure statement (the "Disclosure Statement") with respect to the Plan and providing, among other things, that:

1. Confirmation Hearing Date. The hearing to consider confirmation of the Plan (the "Confirmation Hearing"), will commence on **November 23, 2009 at 10:00 a.m. (Eastern)** or as soon thereafter as counsel can be heard, before the Honorable Kevin Huennekens, United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219. The Confirmation Hearing may be adjourned from time to time by announcing the adjournment in open court. The Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Confirmation Hearing, without further notice to parties in interest.

      2. <u>Objections To Confirmation</u>. **November 16, 2009 at 4:00 p.m. (Eastern)** is fixed as the last date and time for filing and serving objections to confirmation of the Plan (the "Objection Deadline"). To be considered, objections, if any, to confirmation of the Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Eastern District of Virginia, (c) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, their estates, or their property, (d) state with particularity the legal and factual bases for the objection, (e) be filed with the Bankruptcy Court together with proof of service, (f) be submitted in hard-copy form directly to the chambers of the Honorable Kevin Huennekens, United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219, and (g) be served by personal service, overnight delivery, or first-class mail, so as to be <u>RECEIVED</u> no later than Objection Deadline, upon:

      (i) the Debtors: if by first-class mail, Circuit City Stores, Inc., P.O. Box 5695, Glen Allen, VA 23058-5695 (Attn: Michelle Mosier) or, if by overnight delivery or personal service, Circuit City Stores, Inc., 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060 (Attn: Michelle Mosier);

      (ii) counsel for the Debtors: (x) if by first-class mail, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, P.O. Box 636, Wilmington, DE 19899-636 (Attn: Gregg M. Galardi and Ian S. Fredericks) or, if by overnight delivery or personal service, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, 10th and King Streets, 7th Floor, Wilmington, DE 19801 (Attn: Gregg M. Galardi and Ian S. Fredericks), (y) Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Chicago, IL 60606 (Attn: Chris L. Dickerson and Jessica S. Kumar) and (z) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA 23219 (Attn: Douglas M. Foley and Sarah B. Boehm);

      (iii) counsel for the Creditors' Committee: (x) Pachulski Stang Ziehl & Jones, LLP, 10100 Santa Monica Boulevard, 11th Floor, Los Angeles, CA 90067 (Attn: Jeffrey N. Pomerantz and Stanley E. Goldich), (y) Pachulski Stang Ziehl & Jones, LLP, 780 Third Avenue, 36th Floor, New York, NY 10017 (Attn: Robert J. Feinstein) and (z) Tavenner & Beran, PLC, 20 N. Eighth Street, Second Floor, Richmond, VA 23219 (Attn: Lynn L. Tavenner and Paula S. Beran); and

      (iv) the Office of the United States Trustee for the Eastern District of Virginia, 701 East Broad Street, Suite 4304, Richmond, VA 23219 (Attn: Robert B. Van Arsdale)

      **Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled**.

      3. <u>Record Date</u>. **September 22, 2009** is the record date (the "Record Date") for determining (i) creditors and interest holders entitled to receive Solicitation Packages and other notices and (ii) creditors entitled to vote to accept or reject the Plan. The proper holder of a docketed proof of claim or scheduled claim will be determined by reference to the claims register of the Voting Agent (as defined herein), as may be modified by Notices of Transfer filed and reflected on the Court's official docket (ECF), at 11:59 p.m. (Eastern) on September 22, 2009, and only those registered holders of claims as reflected on the docket together with the Voting Agent's database on the Record Date will be entitled to vote. Therefore, (i) the holders of any claims filed and (ii) the transferees of any claims for which Notices of Transfer have been filed after the Record Date will not be entitled to vote.

      4. <u>Voting Deadline</u>. If you hold a claim against the Debtors as of the Record Date, and are entitled to vote to accept or reject the Plan, you have received this Notice with a ballot form and voting instructions appropriate for your claim. For your vote to be counted, ballots must be completed, executed, and <u>RECEIVED</u> by **November 10, 2009 at 4:00 p.m. (Eastern)** (the "Voting Deadline") by Kurtzman Carson Consultants, LLC (the "Voting Agent") at:

      **Kurtzman Carson Consultants LLC**
      **2335 Alaska Avenue**
      **El Segundo, CA 90245**
      **Attn: Circuit City Stores, Inc., et al.**

      Ballots may **NOT** be cast by facsimile transmission or other electronic means. **Ballots that are not received by the Voting Deadline will not be counted.**

5. <u>Treatment Of Certain Claims</u>. Any holder of a claim that is unimpaired under the Plan is deemed to have accepted the Plan and is not entitled to vote on the Plan. Holders of claims in Class 1 and Class 2 are unimpaired and their votes will not be solicited.

Any holder of a claim or interest that is impaired and who will not receive or retain any property on account of such claim or interest under the Plan is deemed to have rejected the Plan and is not entitled to vote on the Plan. Holders of Claims and interests in Classes 5, 6, 7 and 8 are impaired and will no receive or retain any property under the Plan and their votes will not be solicited.

Any holder of a claim (a) that is either (i) not scheduled or (ii) scheduled in the Debtors' schedules of assets and liabilities, or any amendment thereof (the "Schedules") at zero, as unknown or as disputed, contingent or unliquidated, and (b) that is not the subject of (i) a timely-filed proof of claim filed by the applicable Court-established bar date or (ii) a proof of claim deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline, will not be treated as a creditor with respect to the claim for purposes of (i) receiving notices regarding, or distributions under, the Plan or (ii) voting on the Plan.

Any holder of a claim who is otherwise entitled to vote on the Plan and (a) which is the subject of a timely filed proof of claim or a proof of claim deemed timely filed by an order of the Bankruptcy Court and (b) to which the Debtors have filed an objection to disallow the claim by October 20, 2009, which objection has not been resolved, will have its claim temporarily disallowed for purposes of voting on the Plan, subject to the right of the holder to file a Rule 3018(a) Motion (as defined herein), as set forth below. The Debtors are required to file an objection to a claim on or prior to October 20, 2009 for such objection to have the effect of disallowing such claim for voting purposes.

Any holder of a claim who is otherwise entitled to vote on the Plan and (a) which is the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court and (b) to which the Debtors have filed an objection to modify the claim in amount or classification by October 20, 2009, which objection has not been resolved, will have such claim allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, in the amount or with the class set forth in the objection.

Any holder of a claim who is otherwise entitled to vote on the Plan and who filed against the Debtors a proof of claim reflecting a claim or portion of a claim that is unliquidated, will have such claim allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is liquidated and no amount shall be allocated for voting purposes on account of the unliquidated portion. Fully unliquidated claims shall be counted for purposes of determining whether a sufficient number of the allowed claims in the applicable class has voted to accept the Plan, but the allowed amount of the fully unliquidated claim shall be $1.00 for voting purposes, subject to the right of the holder to file a Rule 3018(a) Motion, as set forth below.

6. <u>Temporary Allowance Of Claims</u>. If you disagree with the Debtors' classification of, or objection to, your claim and believe that you should be entitled to vote on the Plan, **the Plan Proponents encourage you to contact the Debtors' counsel promptly concerning your request**.

In the event you are not able to reach a consensual resolution with the Plan Proponents, then you must: (i) contact the Voting Agent to obtain a ballot and file the ballot by the Voting Deadline and (ii) timely file and serve a motion for order under Fed. R. Bankr. P. 3018(a) (a "Rule 3018(a) Motion") seeking temporary allowance of your claim for the purpose of accepting or rejecting the Plan.

The Rule 3018(a) Motion must be filed with the Clerk of the Court on or before **November 10, 2009 at 4:00 p.m. (Eastern)** (the "Rule 3018(a) Motion Deadline") and served so as to be received by the Notice Parties (as defined in the Solicitation Procedures Order) by the Rule 3018(a) Motion Deadline, in accordance with the procedures set forth in the Solicitation Procedures Order.

**Rule 3018(a) Motions that are not timely filed and served in the manner set forth above will not be considered, and the claims referred to therein will not be counted in determining whether the Plan has been accepted or rejected**.

Any party who timely files and serves a Rule 3018(a) Motion in accordance with the paragraph above shall be permitted to cast a provisional vote to accept or reject the Plan.  If, and to the extent that, the Plan Proponents and such party are unable to resolve the issues raised by the Rule 3018(a) Motion before the Voting Deadline, then, at the Confirmation Hearing, the Court will determine whether the provisional ballot is to be counted as a vote on the Plan and, if so, in what amount.

7. <u>Release Injunction and Exculpation in the Plan</u>.  The Plan provides for certain releases, injunctions and exculpations of certain parties.  The text of the release, injunction and exculpation provisions of the Plan are set forth below.

(i) <u>Release</u>.  Article X.C. of the Plan states that, "<u>As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors (in their individual capacities and as debtors and debtors in possession) will be deemed to release forever, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities (other than the rights of the Debtors to enforce this Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered hereunder, and liabilities arising after the Effective Date in the ordinary course of business) whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise that are based in whole or part on any act omission, transaction, event, or other occurrences (i) taking place on or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of the Debtors, the Chapter 11 Cases, the negotiation and filing of the Plan, the Disclosure Statement or any prior plans of reorganization, the filing of the Chapter 11 Cases, the pursuit of confirmation of the Plan or any prior plans of reorganization, the consummation of the Plan, the administration of the Plan, or the property to be liquidated and/or distributed under the Plan or (ii) in connection with, relating to, or arising out of the Initial Store Closings and/or the negotiation of the DIP Agreements or the DIP Facility, and that could have been asserted by or on behalf of the Debtors or their Estates, including pursuant to principles of substantive consolidation, piercing the corporate veil, alter ego, domination, constructive trust and similar principles of state or federal creditors' rights laws, in any such case, against the Released Parties.</u>"  The Released Parties include (i) the directors and officers of the Debtors as of the Petition Date and up to and through the Effective Date, (ii) any member of the Creditors' Committee, solely in its capacity as a member of the Creditors' Committee and not in any other capacity, and (iii) any of the representatives, agents, officers, directors, employees, professionals, advisors or attorneys of the foregoing or of the Debtors.

(ii) <u>Injunction</u>.  Article X.D. of the Plan further states that "<u>Except as otherwise provided in the Plan, including, but not limited to, as set forth in Article VI.H.2, the Confirmation Order shall provide, among other things, that from and after the Effective Date all Persons who have held, hold or may hold Claims against or Interests in the Debtors are permanently enjoined from taking any of the following actions against the Estate(s), the Liquidating Trust, the Liquidating Trustee, or any of their property on account of any such Claims or Interests:  (A) commencing or continuing, in any manner or in any place, any action or other proceeding; (B) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order; (C) creating, perfecting, or enforcing any lien or encumbrance; (D) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors, except as set forth in Article VI.H.2. of the Plan; and (E) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; provided, however, that nothing contained herein shall preclude such Persons from exercising their rights pursuant to and consistent with the terms of this Plan or the Confirmation Order.</u>"

(iii) <u>Exculpation</u>.  Article X.G. of the Plan provides that "<u>the Debtors, the Liquidating Trustee, the Liquidating Trust, the Creditors' Committee, the members of the Creditors' Committee, solely in their capacity as such, and any of the foregoing parties' respective present or former members, officers, directors, employees, advisors, attorneys, representatives, financial advisors, investment bankers, or agents and any of such parties' successors and assigns, shall not have or incur any claim, action, proceeding, cause of action, Avoidance Action, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, right to payment, or Claim (as defined in Bankruptcy Code Section 101(5)), whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent,</u>

4

<u>matured, unmatured, disputed, undisputed, secured, or unsecured and whether asserted or assertable directly or derivatively, in law, equity, or otherwise to one another or to any Claimholder or Interest Holder, or any other party in interest, or any of their respective agents, employees, representatives, advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission originating or occurring (i) on or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of the Debtors, the Chapter 11 Cases, the negotiation and filing of the Plan, the Disclosure Statement or any prior plans of reorganization, the filing of the Chapter 11 Cases, the pursuit of confirmation of the Plan or any prior plans of reorganization, the consummation of the Plan, the administration of the Plan, or the property to be liquidated and/or distributed under the Plan or (ii) in connection with, relating to, or arising out of the Initial Store Closings and/or the negotiation of the DIP Agreements or the DIP Facility, except for their willful misconduct or gross negligence as determined by a Final Order of a court of competent jurisdiction, and in all respects shall be entitled to rely reasonably upon the advice of counsel with respect to their duties and responsibilities under the Plan.</u>"

> **You Are Advised To Carefully Review And Consider The Plan As Your Rights Might Be Affected.**

8. <u>Information And Documents</u>.  Copies of the Disclosure Statement, the Plan, and any exhibits thereto are publicly available along with the docket and other case information by accessing the Voting Agent's website at http://www.kccllc.net/circuitcity and may also be obtained, upon reasonable written request, from the Voting Agent at the address set forth above.

Dated:  September 24, 2009
Richmond, Virginia

| | |
|---|---|
| PACHULSKI STANG ZIEHL & JONES LLP<br>Richard M. Pachulski, Esq.<br>Jeffrey N. Pomerantz, Esq.<br>Stanley E. Goldich, Esq.<br>10100 Santa Monica Boulevard, 11th Floor<br>Los Angeles, California 90067-4100 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>P.O. Box 636<br>Wilmington, Delaware 19899-0636<br>(302) 651-3000 |
| – and – | – and – |
| PACHULSKI STANG ZIEHL & JONES LLP<br>Robert J. Feinstein, Esq.<br>780 Third Avenue, 36th Floor<br>New York, NY 10017-2024 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Chris L. Dickerson, Esq.<br>155 North Wacker Drive<br>Chicago, Illinois 60606<br>(312) 407-0700 |
| – and – | – and – |
| TAVENNER & BERAN, PLC | MCGUIREWOODS LLP |
| /s/ Lynn L. Tavenner<br>Lynn L. Tavenner, Esq. (VSB No. 30083)<br>Paula S. Beran, Esq. (VSB No. 34679)<br>20 North Eighth Street<br>Second Floor<br>Richmond, Virginia 23219 | /s/ Douglas M. Foley<br>Dion W. Hayes (VSB No. 34304)<br>Douglas Foley (VSB No. 34364)<br>One James Center<br>901 E. Cary Street<br>Richmond, Virginia 23219<br>(804) 775-1000 |
| Counsel for the Creditors' Committee | Counsel for Debtors and Debtors in Possession |

5