Philip C. Baxa (VSB No. 22977)
MERCERTRIGIANI LLP
16 South Second Street
Richmond, Virginia 23219
Tel: 804-782-8691
Fax: 804-644-0209
Phil.baxa@mercertrigiani.com

        -and-

KING & SPALDING LLP
James A. Pardo, Jr.
Georgia Bar No. 561206
jpardo@kslaw.com
Thaddeus D. Wilson
Georgia Bar No. 596008
thadwilson@kslaw.com
1180 Peachtree Street
Atlanta, Georgia  30309-3521
Telephone:      (404) 572-4600
Facsimile:      (404) 572-5129

*Counsel for Mitsubishi Digital Electronics America, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

-----------------------------------------------X
|                                          |   |                        |
|------------------------------------------|---|------------------------|
| In re:                                   | : | Chapter 11             |
|                                          | : |                        |
| CIRCUIT CITY STORES, INC., et al.,       | : | Case No. 08-35653      |
|                                          | : |                        |
| Debtors.                                 | : | Jointly Administered   |
|                                          | : |                        |
-----------------------------------------------X

## MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.'S SUPPLEMENTAL RESPONSE TO DEBTORS' FOURTH, TWENTIETH AND TWENTY-THIRD OMNIBUS OBJECTIONS AND RESPONSE TO DEBTORS' FORTY-SECOND OMNIBUS OBJECTION

NOW COMES Mitsubishi Digital Electronics America, Inc. ("Mitsubishi"), by its

undersigned counsel, and files this Supplemental Response to Debtors' Fourth Omnibus

Objection to Certain Duplicative Claims (the "Fourth Omnibus Objection") [Docket No. 3096],

Debtors' Twentieth Omnibus Objection to Claims (the "Twentieth Omnibus Objection") [Docket

No. 3704] and Debtors' Twenty-Third Omnibus Objection to Claims (the "Twenty-Third

Omnibus Objection") [Docket No. 3711], and this Response to Debtors' Forty-Second Omnibus

Objection to Claims (the "Forty-Second Omnibus Objection) [Docket No. 5015], and hereby

shows this Court as follows:

## BACKGROUND

1.      On November 10, 2008 (the "Petition Date"), Circuit City Stores, Inc. and its

affiliated debtors (the "Debtors") filed voluntary petitions in this Court for relief under chapter

11 of the Bankruptcy Code.

2.      The Debtors continue to manage and operate their businesses as debtors in

possession pursuant to Bankruptcy Code sections 1107 and 1108.

3.      On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC

("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases.

4.      On November 12, 2008, this Court entered that certain Order Establishing Bar

Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy

Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the

Bar Date Pursuant to Bankruptcy Rule 9007 [Docket No. 107].

5.      On November 18, 2008, Mitsubishi timely filed its Proof of 503(b)(9) Claim (the

"Mitsubishi 503(b)(9) Claim") with KCC.  The Mitsubishi 503(b)(9) Claim asserted an

administrative priority claim against Circuit City Stores, Inc. and its estate (collectively, "Circuit

City") in the amount of $4,965,976.18.  KCC docketed the Mitsubishi 503(b)(9) Claim as Claim

No. 132.

6.      On December 10, 2008, the Court entered that certain Order Pursuant to

Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I)

Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof [Docket No. 890].

7.    On January 28, 2009, Mitsubishi timely filed a proof of claim against the Debtors (the "Original Mitsubishi Proof of Claim") with KCC.  The Mitsubishi Proof of Claim asserted a total claim against Circuit City of $15,258.077.65, which was comprised of a secured claim in the amount of $2,641,909.24, a pre-Petition Date priority claim in the amount of $4,965,976.18, and a pre-Petition Date non-priority general unsecured claim in the amount of $7,650,191.58. KCC docketed the Original Mitsubishi Proof of Claim as Claim No. 7194.

8.    On April 17, 2009, Mitsubishi filed an amended proof of claim with KCC (the "Amended Mitsubishi Proof of Claim"), whereby Mitsubishi amended the Original Mitsubishi Proof of Claim to assert a total claim against Circuit City of $15,258,077.65, which was comprised of a secured claim in the amount of $ 3,110,267.24, a pre-Petition Date priority claim in the amount of $4,965,976.18, and a pre-Petition Date non-priority general unsecured claim in the amount of $7,181,834.23.  KCC docketed the Amended Mitsubishi Proof of Claim as Claim No. 12300.

9.    On April 17, 2009, the Debtors filed their Fourth Omnibus Objection in which, among other things, the Debtors objected to Mitsubishi's inclusion of its $4,965,976.18 administrative priority claim as part of the Original Mitsubishi Proof of Claim, arguing that it is duplicative of the Mitsubishi 503(b)(9) Claim.

10.    Mitsubishi, on May 20, 2009, filed a response to the Fourth Omnibus Objection [Docket No. 3384].  It subsequently filed a supplemental response to the Fourth Omnibus Objection on July 6, 2009 [Docket No. 3946].

11.     A status hearing on the Fourth Omnibus Objection and Mitsubishi's response and supplemental response thereto was held on July 23, 2009, and that hearing has been continued on several occasions. The continued status hearing currently is set for October 15, 2009 [Docket No. 4685].

12.     On June 23, 2009, the Debtors filed their Twentieth Omnibus Objection in which, among other things, the Debtors objected to the inclusion of an invoice for $76,260.00 as part of the Mitsubishi 503(b)(9) Claim and sought to have such amount reclassified as a general unsecured claim, arguing that the Debtors did not receive the goods listed on the invoice within the twenty days prior to commencement of the above-referenced bankruptcy cases.

13.     Mitsubishi, on July 6, 2009, filed a response to the Twentieth Omnibus Objection [Docket No. 3946].

14.     A status hearing on the Twentieth Omnibus Objection and Mitsubishi's response thereto was held on July 23, 2009, and that hearing has been continued on several occasions. The continued status hearing currently is set for October 15, 2009 [Docket No. 4698].

15.     On June 23, 2009, the Debtors filed their Twenty-Third Omnibus Objection in which, among other things, the Debtors object to Mitsubishi's inclusion of its $4,965,976.18 administrative priority claim as part of the Amended Mitsubishi Proof of Claim, arguing that it is duplicative of the Mitsubishi 503(b)(9) Claim.

16.     Mitsubishi, on July 6, 2009, filed a response to the Twenty-Third Omnibus Objection [Docket No. 3946].

17.     A hearing on the Twenty-Third Omnibus Objection and Mitsubishi's response thereto was held on July 23, 2009, and that hearing has been continued on several occasions. The latest status hearing currently is set for October 15, 2009 [Docket No. 4701].

18.     On September 21, 2009, the Debtors filed the Debtors' Forty-Second Omnibus Objection to Claims (the "Forty-Second Omnibus Objection") [Docket No. 5015], in which, among other things, the Debtors object to the Original Mitsubishi Proof of Claim, arguing that the Original Mitsubishi Proof of Claim has been rendered moot and superseded by Mitsubishi's filing of the Amended Mitsubishi Proof of Claim.

19.     An initial hearing on the Forty-Second Omnibus Objection currently is set for November 3, 2009.

20.     Mitsubishi has attached as <u>Exhibit A</u> a proposed Stipulation and Order that would resolve the Fourth Omnibus Objection, the Twentieth Omnibus Objection, the Twenty-Third Omnibus Objection, and the Forty-Second Omnibus Objection insofar as those objections relate to the Mitsubishi 503(b)(9) Claim, the Original Mitsubishi Proof of Claim, and the Amended Mitsubishi Proof of Claim.  For the reasons set forth herein, Mitsubishi submits that entry of the proposed Stipulation and Order is appropriate and proper in this case.

## FOURTH AND TWENTY-THIRD OMNIBUS OBJECTIONS

21.     Mitsubishi does not dispute that it has only a single 503(b)(9) administrative expense priority claim against Circuit City in these bankruptcy cases.

22.     However, the Fourth Omnibus Objection and Twenty-Third Omnibus Objection fail to recognize that the Amended Mitsubishi Proof of Claim is now Mitsubishi's pending and effective claim against Circuit City (having been expressly filed to amend the Original Mitsubishi Proof of Claim) and contains secured and non-priority general unsecured claims against Circuit City that are in addition to the duplicative 503(b)(9) administrative expense priority claim that is the subject of the objections.

23.    The proposed Stipulation and Order would recognize Mitsubishi's single 503(b)(9) claim against Circuit City in the amount of $4,965,976.18 (as evidenced by the Mitsubishi 503(b)(9) Claim), would recognize the secured and non-priority unsecured claims against Circuit City that are evidenced by and contained in the Amended Mitsubishi Proof of Claim, and would withdraw as duplicative all other claims contained in the Mitsubishi 503(b)(9) Claim, the Original Mitsubishi Proof of Claim, and the Amended Mitsubishi Proof of Claim.

## TWENTIETH OMNIBUS OBJECTION

24.    Pursuant to the Twentieth Omnibus Objection, the Debtors seek to reduce the Mitsubishi 503(b)(9) Claim by $76,260.00 and reclassify such amount as a non-priority general unsecured claim.

25.    The factual issue is whether the goods referenced on Invoice No. 92514240 (the "Goods") were received by the Debtors inside or outside the twenty (20) day statutory period preceding the commencement of these bankruptcy cases as required by 11 U.S.C. § 503(b)(9).

26.    The factual issue is easily resolved by review of the related Bill of Lading No. 82001053 (the "Bill of Lading"), attached hereto as Exhibit B, and the related Proof of Delivery (the "Proof of Delivery"), attached hereto as Exhibit C.

27.    The Proof of Delivery, which was (a) signed and dated by the Debtors' agent, Gerdania Gaither, and (b) stamped "Circuit City" and "08, Oct 23 10:14" by the Debtors or their agent, clearly shows that the Debtors received the Goods on October 23, 2008, which is within the twenty (20) day statutory period.

28.    To date, Circuit City has failed to produce any evidence that refutes or contradicts the evidence offered by Mitsubishi in its response to the Twentieth Omnibus Objection.

29.    Mitsubishi submits and renews its objection to the Twentieth Omnibus Objection, as more fully set forth in its response to the Twentieth Omnibus Objection filed on July 6, 2009 [Docket No. 3946], that the Twentieth Omnibus Objection must be overruled and that the Mitsubishi 503(b)(9) Claim must not be reduced by the $76,260.00 in question.

30.    The attached proposed Stipulation and Order would provide for such a resolution of the Twentieth Omnibus Objection insofar as it relates to Mitsubishi's 503(b)(9) Claim against Circuit City.

## FORTY-SECOND OMNIBUS OBJECTION

31.    Mitsubishi does not dispute that the Amended Mitsubishi Proof of Claim (having been expressly filed to amend the Original Mitsubishi Proof of Claim) should be, and in fact is, Mitsubishi's pending and effective claim against Circuit City  in these bankruptcy cases.

32.    The proposed Stipulation and Order would recognize the secured and non-priority unsecured claims against Circuit City that are evidenced by and contained in the Amended Mitsubishi Proof of Claim, and would withdraw as duplicative all other claims contained in the Mitsubishi 503(b)(9) Claim, the Original Mitsubishi Proof of Claim, and the Amended Mitsubishi Proof of Claim.

## ATTACHED DECLARATION

33.    Attached hereto as Exhibit D is the Declaration of Brian Atteberry, Senior Manager, Credit, A/V Division of Mitsubishi, who has personal knowledge of the facts that support this Response.

WHEREFORE, Mitsubishi respectfully requests that any order sustaining the Fourth Omnibus Objection, the Twenty-Third Omnibus Objection, and the Forty-Second Omnibus Objection properly account for the existence and effectiveness of the Amended Mitsubishi Proof

of Claim (as contemplated and provided for in the attached proposed form of Stipulation and

Order), that the Court overrule the Twentieth Omnibus Objection as it relates to the Mitsubishi

503(b)(9) Claim against Circuit City (also as contemplated and provided for in the attached

proposed form of Stipulation and Order), and that the Court grant Mitsubishi such other and

further relief as may be appropriate.

Submitted September 29, 2009

**MITSUBISHI DIGITAL ELECTRONICS
AMERICA, INC.**

/s/Philip C. Baxa
Philip C. Baxa (VSB No. 22977)
MercerTrigiani LLP
16 South Second Street
Richmond, Virginia 23219
Tel: 804-782-8691
Fax: 804-644-0209
Phil.baxa@mercertrigiani.com

- and -

KING & SPALDING LLP
James A. Pardo, Jr.
Georgia Bar No. 561206
jpardo@kslaw.com
Thaddeus D. Wilson
Georgia Bar No. 596008
thadwilson@kslaw.com
1180 Peachtree Street
Atlanta, Georgia  30309-3521
Telephone:    (404) 572-4600
Facsimile:    (404) 572-5129

COUNSEL FOR MITSUBISHI DIGITAL
ELECTRONICS AMERICA, INC.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 29th day of September, 2009, a copy of the Mitsubishi Digital Electronics America Inc.'s Supplemental Response to Debtors' Fourth, Twentieth and Twenty-Third Omnibus Objections and Response to Debtors' Forty-Second Omnibus Objection was filed via the Electronic Case Filing (ECF) system and was sent by First Class Mail (postage prepaid) to the following:

Gregg M. Galardi
Ian S. Fredericks
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, DE 19899-0636

Chris L. Dickerson
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, IL 60606

Dion W. Hayes
Douglas M. Foley
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Attn: Dion W. Hayes
Attn: Douglas M. Foley

/s/ Philip C. Baxa

R0009171

**Exhibit A**

Philip C. Baxa (VSB No. 22977)
MERCERTRIGIANI LLP
16 South Second Street
Richmond, Virginia 23219
Tel: 804-782-8691
Fax: 804-644-0209
Phil.baxa@mercertrigiani.com

        -and-

KING & SPALDING LLP
James A. Pardo, Jr.
Georgia Bar No. 561206
jpardo@kslaw.com
Thaddeus D. Wilson
Georgia Bar No. 596008
thadwilson@kslaw.com
1180 Peachtree Street
Atlanta, Georgia  30309-3521
Telephone: (404) 572-4600
Facsimile:  (404) 572-5129

*Counsel for Mitsubishi Digital Electronics America, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
-------------------------------------------------X
In re:                                           :     Chapter 11
                                                 :
CIRCUIT CITY STORES, INC., et al.,               :     Case No. 08-35653
                                                 :
Debtors.                                         :     Jointly Administered
                                                 :
-------------------------------------------------X
```

### STIPULATION AND ORDER RESOLVING DEBTORS' OBJECTIONS TO THE CLAIMS OF MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.

This matter is now before the Court with the consent and on the stipulation of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") and Mitsubishi Digital Electronics America, Inc. ("Mitsubishi"), as evidenced by the signature of their respective counsel hereinbelow.

### BACKGROUND

The Debtors and Mitsubishi hereby stipulate and agree as follows:

1.     On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2.     The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3.     On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases.

4.     On November 12, 2008, this Court entered that certain Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 [Docket No. 107].

5.     On November 18, 2008, Mitsubishi timely filed its Proof of 503(b)(9) Claim (the "Mitsubishi 503(b)(9) Claim") with KCC.  The Mitsubishi 503(b)(9) Claim asserted an administrative priority claim against Circuit City Stores, Inc. and its estate (collectively, "Circuit City") in the amount of $4,965,976.18.  KCC docketed the Mitsubishi 503(b)(9) Claim as Claim No. 132.

6.     On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof [Docket No. 890].

7.     On January 28, 2009, Mitsubishi timely filed a proof of claim against the Debtors (the "Original Mitsubishi Proof of Claim") with KCC.  The Original Mitsubishi Proof of Claim asserted a total claim against Circuit City of $15,258.077.65, which was comprised of a secured claim in the amount of $2,641,909.24, a pre-Petition Date priority claim in the amount of

$4,965,976.18, and a pre-Petition Date non-priority general unsecured claim in the amount of $7,650,191.58. KCC docketed the Original Mitsubishi Proof of Claim as Claim No. 7194.

8.      On April 17, 2009, Mitsubishi filed an amended proof of claim with KCC (the "Amended Mitsubishi Proof of Claim"), whereby Mitsubishi amended the Original Mitsubishi Proof of Claim to assert a total claim against Circuit City of $15,258,077.65, which was comprised of a secured claim in the amount of $ 3,110,267.24, a pre-Petition Date priority claim in the amount of $4,965,976.18, and a pre-Petition Date non-priority general unsecured claim in the amount of $7,181,834.23. KCC docketed the Amended Mitsubishi Proof of Claim as Claim No. 12300.

9.      On April 17, 2009, the Debtors filed the Debtors' Fourth Omnibus Objection to Certain Duplicative Claims (the "Fourth Omnibus Objection") [Docket No. 3096], in which, among other things, the Debtors objected to Mitsubishi's inclusion of its $4,965,976.18 administrative priority claim as part of the Original Mitsubishi Proof of Claim, arguing that it is duplicative of the Mitsubishi 503(b)(9) Claim..

10.      Mitsubishi, on May 20, 2009, filed a response to the Fourth Omnibus Objection [Docket No. 3384], and on July 6, 2009, filed a supplemental response to the Fourth Omnibus Objection [Docket No. 3946]. A hearing on the Fourth Omnibus Objection and Mitsubishi's response and supplemental response thereto was held on July 23, 2009. That hearing has been continued on several occasions. The latest continued status hearing currently is set for October 15, 2009 [Docket No. 4685].

11.      On June 23, 2009, the Debtors filed the Debtors' Twentieth Omnibus Objection to Claims (the "Twentieth Omnibus Objection") [Docket No. 3704], in which, among other things, the Debtors objected to the inclusion of an invoice for $76,260.00 as part of the Mitsubishi

503(b)(9) Claim and sought to have such amount reclassified as a general unsecured claim,

arguing that the Debtors did not receive the goods listed on the invoice within the twenty days

prior to commencement of the above-referenced bankruptcy cases..

12.     On July 6, 2009, Mitsubishi filed a response to the Twentieth Omnibus Objection

[Docket No. 3946].  A status hearing on the Twentieth Omnibus Objection and Mitsubishi's

response thereto was held on July 23, 2009.  That hearing has been continued on several

occasions.  The latest continued status hearing currently is set for October 15, 2009 [Docket No.

4698].

13.     On June 23, 2009, the Debtors filed the Debtors' Twenty-Third Omnibus

Objection to Claims (the "Twenty-Third Omnibus Objection") [Docket No. 3711], in which,

among other things, the Debtors objected to Mitsubishi's inclusion of its $4,965,976.18

administrative priority claim as part of the Amended Mitsubishi Proof of Claim, arguing that it is

duplicative of the Mitsubishi 503(b)(9) Claim.

14.     On July 6, 2009, Mitsubishi filed a response to the Twenty-Third Omnibus

Objection [Docket No. 3946].  A hearing on the Twenty-Third Omnibus Objection and

Mitsubishi's response thereto was held on July 23, 2009.  That hearing has been continued on

several occasions.  The latest continued status hearing currently is set for October 15, 2009

[Docket No. 4701].

15.     On September 21, 2009, the Debtors filed the Debtors' Forty-Second Omnibus

Objection to Claims (the "Forty-Second Omnibus Objection") [Docket No. 5015], in which,

among other things, the Debtors objected to the Original Mitsubishi Proof of Claim, arguing that

the Original Mitsubishi Proof of Claim has been rendered moot and superseded by Mitsubishi's

filing of the Amended Mitsubishi Proof of Claim.

16.     On September 28, 2009, Mitsubishi filed a response to the Forty-Second Omnibus

Objection [Docket No. __].  A status hearing on the Forty-Second Omnibus Objection and

Mitsubishi's response thereto is set for November 3, 2009.

17.     The Debtors and Mitsubishi have reached an agreement regarding the resolution

of the Fourth Omnibus Objection, the Twentieth Omnibus Objection, the Twenty-Third Omnibus

Objection, and the Forty-Second Omnibus Objection insofar as those objections relate to the

Mitsubishi 503(b)(9) Claim, the Original Mitsubishi Proof of Claim, and the Amended

Mitsubishi Proof of Claim.

### STIPULATION AND ORDER

ACCORDINGLY, the Debtors and Mitsubishi hereby stipulate and agree, and it is

HEREBY ORDERED, that:

1.     The Debtors' Twentieth Omnibus Objection shall be deemed WITHDRAWN as it

relates to the Mitsubishi 503(b)(9) Claim.

2.     Subject to the terms of this Stipulated Order, the Debtors' Fourth Omnibus

Objection, the Debtors' Twenty-Third Omnibus Objection, and the Debtors' Forty-Second

Omnibus Objection shall be deemed GRANTED.

3.     Mitsubishi shall be deemed to have timely asserted against Circuit City a secured

claim in the amount of $ 3,110,267.24 (as evidenced by the Amended Mitsubishi Proof of

Claim); a 503(b)(9) claim in the amount of $4,965,976.18 (as evidenced by the Mitsubishi

503(b)(9) Claim); and a non-priority general unsecured claim in the amount of $7,181,834.23 (as

evidenced by the Amended Mitsubishi Proof of Claim).

4.      All other claims asserted or filed by Mitsubishi for amounts due to it on and as of the Petition Date, other than those identified in the immediately preceding paragraph of this Stipulation and Order, shall be deemed WITHDRAWN by Mitsubishi as duplicate claims.

5.      Nothing contained in this Stipulation and Order shall effect, impair, or prejudice the right of the Debtors to file additional objections to the Mitsubishi 503(b)(9) Claim or the Amended Mitsubishi Proof of Claim, the defenses of Mitsubishi to any such further objections, or Mitsubishi's right to amend or supplement its claims against the Debtors.

This ___ day of October, 2009.


_____
United States Bankruptcy Judge

Stipulated and agreed to:

MERCERTRIGIANI LLP

MCGUIRE WOODS LLP

---

Philip C. Baxa (VSB No. 22977)
16 South Second Street
Richmond, Virginia 23219
Tel: 804-782-8691
Fax: 804-644-0209
Phil.baxa@mercertrigiani.com

     - and -

KING & SPALDING LLP
James A. Pardo, Jr.
Georgia Bar No. 561206
jpardo@kslaw.com
Thaddeus D. Wilson
Georgia Bar No. 596008
thadwilson@kslaw.com
1180 Peachtree Street
Atlanta, Georgia  30309-3521
Telephone:     (404) 572-4600
Facsimile:     (404) 572-5129

COUNSEL FOR MITSUBISHI

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

-and-

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

-and-

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION

**Exhibit B**

# MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.

DUNS: 02-178-9045

**Notice: These products/technologies are subject to US regulations and or COCOM strategic restrictions: Diversion contrary thereto is prohibited.**

## INVOICE

CUSTOMER ACCOUNT NUMBER: 305777
Page:  1 of 1

**INVOICE NO:** 92514240
**INVOICE DATE:** 10/14/2008

**Bill To:** Circuit City Stores, Inc
DR3, 6th Flr; Attn: Merchandise Pay
9954 Mayland Dr
Richmond, VA   23233
USA

**Ship To:** Circuit City Stores, Inc 567 564

1901 Cooper Dr
Ardmore, OK   73401
USA

PO NUMBER: 2168955
ORDER NUMBER: 1408909
PAYMENT TERMS: Net 45 Days
TAX AMOUNT:                 0.00
DIVISION: FINISHED GOODS
PLANT: 1450

BILL OF LADING NUMBER: 82001053
SHIP VIA: HCLA-HUB GROUP INC
DATE SHIPPED: 10/14/2008
INCOTERMS: Prepaid
SALESPERSON:  Ric Halstead
TRACKING/PRO.: EMHU 239529

| | QUANTITY | | | | | | |
|---|---|---|---|---|---|---|---|
| Ordered | Shipped | B.O. | MATERIAL NO. | DESCRIPTION | UNIT PRICE | EXT. PRICE | TOTAL |
| 82 | 82 | 0 | WD-60735 | 60" 1080p DLP HDTV | 1,030.93 | 84536.26 | |
| | | | | Cash Discount | 20.00- | 1,640.00- | |
| | | | | Customer Discount | 30.93- | 2,536.26- | |
| | | | | Volume Rebate | 50.00- | 4,100.00- | |
| | | | | **Net** | **930.00** | **76,260.00** | 76,260.00 |
| | | | (WD60735) | | | | |

WE APPRECIATE YOUR BUSINESS

| | |
|---|---|
| INVOICE SUBTOTAL | 76,260.00 |
| SHIPPING | 0.00 |
| HANDLING/MISC | 0.00 |
| SALES TAX | 0.00 |
| TOTAL DUE | 76,260.00 |

---

INVOICE NO: 92514240
INVOICE DATE: 10/14/2008

## INVOICE

**PLEASE RETURN THIS PORTION OF THE INVOICE WITH YOUR REMITTANCE TO INSURE PROPER CREDIT.**

Send Payment To:
MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.
P.O. BOX 101945
ATLANTA, GA 30392-1945
****Please Note Remittance Address****

CUSTOMER ACCOUNT NUMBER: 305777

**Bill To:** Circuit City Stores, Inc
9954 Mayland Dr

Richmond,VA 23233
USA

| | |
|---|---|
| INVOICE SUBTOTAL | 76,260.00 |
| SHIPPING | 0.00 |
| HANDLING/MISC | 0.00 |
| SALES TAX | 0.00 |
| TOTAL | 76,260.00 |

**Exhibit C**

10/31/2008 11:12 FAX  714 672 2181                                              026/043

UPHA 149739                                                          329272

▲ MITSUBISHI DIGITAL
ELECTRONICS AMERICA, INC.
MITSUBISHI DIGITAL ELECTRONICS
1199 CALLE ELECTRA
21369 MEXICALI

B/L # 82001053          ==> Re-Print

CONSIGN TO:
Circuit City Stores, Inc 567 564
1901 Cooper Dr
Ardmore OK 73401

DATE:      10/14/2008      TIME:      13:02:43

**STRAIGHT BILL OF LADING-SHORT FORM-ORIGINAL - Not Negotiable**

RECEIVED, subject to the classification and tariffs in effect on the date of the issue of Bill of Lading.

The property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated below, which said carrier (the word carrier being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to its usual place of delivery at said destination, if on its route, otherwise to deliver to another carrier on the route to said destination. It is mutually agreed, as to each carrier of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any said property, that every service to be performed hereunder shall be subject to all terms and conditions of the Uniform Domestic Straight Bill of Lading set forth (1) in Uniform Freight Classification in effect on the date hereof, if this is a rail or a rail-water shipment, or (2) in the applicable motor carrier classification or tariff if this is a motor carrier shipment.

Shipper hereby certifies that he is familiar with all the terms and conditions of the said bill of lading, including those on the back thereof, set forth in the classification or tariff which governs the transportation of this shipment, and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.

NOTICE: These products/technologies are subject to U.S. regulations and a COCOM strategic restrictions. Diversion contrary thereto is prohibited.

| | HCLA-HUB GROUP INC | Prepaid | 1 |
|---|---|---|---|

| 82 | WD-60735 | 1408909 / 01 80 EA  40" 1080p DLP HDTV |
|---|---|---|
| | ITEM/SKU/WD60735 | Must Deliver On (EOD): 10/23/2008 |
| | PIMS Seq#: AE55386 |  |
| | | CIRCUIT CITY DC |
| | | ARDMORE, OK USA |
| | | 08 OCT 22 10:14 |

SPECIAL INSTRUCTIONS:
CARRIER: MUST obtain a delivery appointment # for Thursday, the "Must Deliver On" date, and place the appt. # on the BL, OR use the appt # already provided. Carrier MUST deliver per appt! Customer may refuse deliveries more than 30 minutes late*!! Phone 580-226-3200  TC: Shipping labels are required for LTL & parcel.  PRO # required prior to PGT*!! Do NOT change carrier or BL! P/L required

|  |  | 76,240.00 | 82.00 | 6,765.00 |
|---|---|---|---|---|

C.O.D. FEE
☐ PREPAID
☐ COLLECT $

TO INSURE PROMPT PAYMENT ON PREPAID SHIPMENTS PLEASE SHOW OUR B/L NUMBER ON FREIGHT BILL. ATTACH FREIGHT BILL

COPY TO YOUR INVOICE AND MAIL TO:
MITSUBISHI DIGITAL
ELECTRONICS AMERICA, INC.
9351 JERONIMO ROAD, IRVINE, CA. 92618-1904
ATTN: TRAFFIC DEPARTMENT

Date
† Shipper, Per
Agent, Per

**1**

Gerdania Gaither      10-23-08      ORIGINAL BILL OF LADING          F-MTA023-1 Rev. C

Rec 82ct

EMHU 239529
92514240

**Exhibit D**

Philip C. Baxa (VSB No. 22977)
MercerTrigiani LLP
16 South Second Street
Richmond, Virginia 23219
Tel: 804-782-8691
Fax: 804-644-0209
Phil.baxa@mercertrigiani.com

        -and-

KING & SPALDING LLP
James A. Pardo, Jr.
Georgia Bar No. 561206
jpardo@kslaw.com
Thaddeus D. Wilson
Georgia Bar No. 596008
thadwilson@kslaw.com
1180 Peachtree Street
Atlanta, Georgia  30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5129

*Counsel for Mitsubishi Digital Electronics America, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
-------------------------------------------------X
In re:                                   :    Chapter 11
                                         :
CIRCUIT CITY STORES, INC., et al.,       :    Case No. 08-35653
                                         :
Debtors.                                 :    Jointly Administered
                                         :
-------------------------------------------------X
```

## DECLARATION OF BRIAN ATTEBERRY, SENIOR MANAGER, CREDIT, A/V DIVISION OF MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.

I, Brian Atteberry, Senior Manager, Credit, A/V Division of Mitsubishi Digital Electronics America, Inc., hereby declare as follows:

1.      I have reviewed Mitsubishi Digital Electronics America Inc.'s Supplemental Response to Debtors' Fourth, Twentieth and Twenty-Third Omnibus Objections and Response to Debtors' Forty-Second Omnibus Objection (the "Response").

2.      I am personally aware of the information set forth in the Response.

3.      The Response is true and correct to the best of my information and belief.

Date:  September 28, 2009.

Brian Atteberry, Senior Manager, Credit, A/V Division of
Mitsubishi Digital Electronics America, Inc.