IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| In re: | : | Chapter 11 |
| --- | --- | --- |
| | : | case no. 08-35653 (KRH) |
| CIRCUIT CITY STORES, INC., | : | jointly administered |
| Et al., | : | |
| Debtors. | : | |

**CREDITOR, GASTON COUNTY, RESPONSE TO DEBTOR'S THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (REDUCTION OF CERTAIN PERSONAL PROEPRTY TAX CLAIMS)**

NOW COMES, Gaston County, represented by the undersigned counsel, hereby filing an objection to Debtor's Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Personal Property Tax Claims), and states as follows:

Responses (shown by corresponding paragraph in Debtor's objection)

1. Admitted, upon information and belief.
2. Admitted, upon information and belief.
3. Admitted, upon information and belief.
4. Admitted, upon information and belief.
5. Admitted, upon information and belief.
6. Admitted, upon information and belief.
7. Admitted, upon information and belief.
8. Admitted, upon information and belief.
9. Admitted, upon information and belief.
10. Admitted, upon information and belief.
11. Denied.
12. Denied. The North Carolina system of property taxation may be generally described as follows: The appraised value and ownership of all Background property is determined as of January 1 of each year. The lien for taxes attaches to the taxpayers' real estate on that date. Personal property is self-listed by the taxpayer during January of each year, pursuant to N.C.G.S. 105-304 et. seq. Once listed, business personal property is appraised based on information furnished by the taxpayer and cost and depreciation schedules furnished by the State of North Carolina. Once appraised, the Taxpayer is notified of the value.

The appraised value may then be appealed to a Board of Equalization and Review. If not timely appealed, the value is deemed correct. The tax rate is set as of July 1, and applied to the property at its appraised value as of the previous January 1. Gaston County's assessments and appraisals of Debtor's property were just and correct under the law.

13. No response required.
14. No response required.
15. No response required; such actions are immaterial. See paragraph twelve.
16. Denied.
17. No response required.
18. No response required.
19. No response required.
20. No response required.
21. No response required.
22. No response required.
23. No response required.
24. No response required.

## AFFIRAMTIVE DEFENSES

As a further defense, Gaston County alleges the following:

### FIRST AFFIRMATIVE DEFENSE

25. By self-listing personal property and accepting the states' schedules, which are uniformly applied, the Debtors are estopped and have waived their right to contest the value of the property.

### SECOND AFFIRMATIVE DEFENSE

26. The Debtors failed to exercise its administrative remedies to challenge the value of the personal property, and are estopped to now contest the value of its property.

THIRD AFFIRMATIVE DEFENSE

27. Ad valorem tax assessments are presumed by be correct. [See In re: Interstate Income Fund I, 126 N.C. 162, 484 S.E.2d. 450 (1997)] North Carolina courts have previously rejected the argument that the owner's financial difficulty or bankruptcy is a proper reason to lower the value of property. [See In re: Phoenix Ltd. Partnership, 134 N.C. App. 474, 517 S.E. 2d. 903 (1999)]

FOURTH AFFIRMATIVE DEFENSE

28. To the extent Debtors rely on national or regional enterprise value, such consideration is inapplicable. That calculation is irrelevant to the property tax value of Debtor property located in Gaston County.

FIFTH AFFIRMATIVE DEFENSE

29. By delaying to the present time to contest the values and failing to avail themselves of their administrative remedies, while Gaston County sets its budget and provide services based upon established values of the tax listings, including those of Debtor, the Debtors are unable to challenge the value of the property now based on the theory of laches.

SIXTH AFFIRMATIVE DEFENSE

30. The Debtors are seeking an improper refund of taxes paid without compliance of section 505(a) and state law, which bars Debtor's request.

SEVENTH AFFIRMATIVE DEFENSE

31. The tax collector of Gaston County lacks the authority to revise such assessments, and so the motion presented by the Debtor seeks relief which cannot be granted.

Wherefore, Gaston County prays that the Debtors' motion be denied, that their proofs of claims be allows as filed, and that they have such other and further relief as to the Court may seem just and proper.

This the 21 day of September, 2009.

Samuel J. Shames, N.C. Bar # 31779
Attorney for Gaston County
Box 1578, Gastonia NC 28053
Tel: 704 866 3194

## CERTIFICATE OF SERVICE

The undersigned states that the foregoing CREDITOR, GASTON COUNTY, RESPONSE TO DEBTOR'S THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (REDUCTION OF CERTAIN PERSONAL PROEPRTY TAX CLAIMS) was filed with the Clerk of Court of the United States Bankruptcy Court, Eastern District of Virginia, Richmond, Virginia, at the address of **1100 E Main Street, Richmond, VA 23219, both in the form of a hard-copy objection and a copy of the same on a CD-ROM in both MS-WORD and PDF format** and sent to the following individuals by way of First Class Mail, Postage Prepaid, to the following individuals and entities, exclusively in hard-copy format:

Greg M. Galardi and Ian S. Fredericks
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
Wilmington, Delaware, 19899

Dion W. Hayes and Douglas M. Foley
McGuire Woods, LLP
One James Center
901 E. Cary St.
Richmond, VA 23219

Chris Dickerson
Skadden, Arps, Slate, Meagher & Flom, LLP
155 N. Wacker Drive
Chicago, Illinois, 60606

This the 2 day of September, 2009

Samuel J. Shames
Attorney for Gaston County
Box 1578, Gastonia NC 28053
Tel: 704 866 3194

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| | case no. 08-35653 (KRH) |
| CIRCUIT CITY STORES, INC., | jointly administered |
| Et al., | |
| Debtors. | |

**CREDITOR, GASTON COUNTY, RESPONSE TO DEBTOR'S THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (REDUCTION OF CERTAIN PERSONAL PROEPRTY TAX CLAIMS)**

NOW COMES, Gaston County, represented by the undersigned counsel, hereby filing an objection to Debtor's Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Personal Property Tax Claims), and states as follows:

Responses (shown by corresponding paragraph in Debtor's objection)

1. Admitted, upon information and belief.
2. Admitted, upon information and belief.
3. Admitted, upon information and belief.
4. Admitted, upon information and belief.
5. Admitted, upon information and belief.
6. Admitted, upon information and belief.
7. Admitted, upon information and belief.
8. Admitted, upon information and belief.
9. Admitted, upon information and belief.
10. Admitted, upon information and belief.
11. Denied.
12. Denied. The North Carolina system of property taxation may be generally described as follows: The appraised value and ownership of all Background property is determined as of January 1 of each year. The lien for taxes attaches to the taxpayers' real estate on that date. Personal property is self-listed by the taxpayer during January of each year, pursuant to N.C.G.S. 105-304 et. seq. Once listed, business personal property is appraised based on information furnished by the taxpayer and cost and depreciation schedules furnished by the State of North Carolina. Once appraised, the Taxpayer is notified of the value.

The appraised value may then be appealed to a Board of Equalization and Review. If not timely appealed, the value is deemed correct. The tax rate is set as of July 1, and applied to the property at its appraised value as of the previous January 1. Gaston County's assessments and appraisals of Debtor's property were just and correct under the law.

13. No response required.
14. No response required.
15. No response required; such actions are immaterial. See paragraph twelve.
16. Denied.
17. No response required.
18. No response required.
19. No response required.
20. No response required.
21. No response required.
22. No response required.
23. No response required.
24. No response required.

## AFFIRAMTIVE DEFENSES

As a further defense, Gaston County alleges the following:

### FIRST AFFIRMATIVE DEFENSE

25. By self-listing personal property and accepting the states' schedules, which are uniformly applied, the Debtors are estopped and have waived their right to contest the value of the property.

### SECOND AFFIRMATIVE DEFENSE

26. The Debtors failed to exercise its administrative remedies to challenge the value of the personal property, and are estopped to now contest the value of its property.

THIRD AFFIRMATIVE DEFENSE

27. Ad valorem tax assessments are presumed by be correct. [See In re: Interstate Income Fund I, 126 N.C. 162, 484 S.E.2d. 450 (1997)] North Carolina courts have previously rejected the argument that the owner's financial difficulty or bankruptcy is a proper reason to lower the value of property. [See In re: Phoenix Ltd. Partnership, 134 N.C. App. 474, 517 S.E. 2d. 903 (1999)]

FOURTH AFFIRMATIVE DEFENSE

28. To the extent Debtors rely on national or regional enterprise value, such consideration is inapplicable. That calculation is irrelevant to the property tax value of Debtor property located in Gaston County.

FIFTH AFFIRMATIVE DEFENSE

29. By delaying to the present time to contest the values and failing to avail themselves of their administrative remedies, while Gaston County sets its budget and provide services based upon established values of the tax listings, including those of Debtor, the Debtors are unable to challenge the value of the property now based on the theory of laches.

SIXTH AFFIRMATIVE DEFENSE

30. The Debtors are seeking an improper refund of taxes paid without compliance of section 505(a) and state law, which bars Debtor's request.

SEVENTH AFFIRMATIVE DEFENSE

31. The tax collector of Gaston County lacks the authority to revise such assessments, and so the motion presented by the Debtor seeks relief which cannot be granted.

Wherefore, Gaston County prays that the Debtors' motion be denied, that their proofs of claims be allows as filed, and that they have such other and further relief as to the Court may seem just and proper.

This the ___ day of September, 2009.

Samuel J. Shames, N.C. Bar # 31779
Attorney for Gaston County
Box 1578, Gastonia NC 28053
Tel: 704 866 3194

## CERTIFICATE OF SERVICE

The undersigned states that the foregoing CREDITOR, GASTON COUNTY, RESPONSE TO DEBTOR'S THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (REDUCTION OF CERTAIN PERSONAL PROEPRTY TAX CLAIMS) was filed with the Clerk of Court of the United States Bankruptcy Court, Eastern District of Virginia, Richmond, Virginia, at the address of **1100 E Main Street, Richmond, VA 23219, both in the form of a hard-copy objection and a copy of the same on a CD-ROM in both MS-WORD and PDF format** and sent to the following individuals by way of First Class Mail, Postage Prepaid, to the following individuals and entities, exclusively in hard-copy format:

Greg M. Galardi and Ian S. Fredericks
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
Wilmington, Delaware, 19899

Dion W. Hayes and Douglas M. Foley
McGuire Woods, LLP
One James Center
901 E. Cary St.
Richmond, VA 23219

Chris Dickerson
Skadden, Arps, Slate, Meagher & Flom, LLP
155 N. Wacker Drive
Chicago, Illinois, 60606

This the 4 day of September, 2009

Samuel J. Shames
Attorney for Gaston County
Box 1578, Gastonia NC 28053
Tel: 704 866 3194