UNITED STATES BANRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In Re:                                )
                                      )
CIRCUIT CITY STORES, INC., et al.     )
                                      )    Case No. 08-35653 (KRH)
                                      )    Chapter 11
                                      )
         Debtors                      )    (Jointly Administered)
                                      )

**TREASURER OF DOUGLAS COUNTY, COLORADO'S OBJECTIONS TO CONFIRMATION OF THE AUGUST 24, 2009 JOINT PLAN OF LIQUIDATION**

Sharon K. Jones, Treasurer of Douglas County, Colorado ("Douglas County"), objects to confirmation of the August 24, 2009 Chapter 11 Joint Plan of Liquidation (the "Plan") because:

1. the Plan ignores the priority of Douglas County's statutory property tax lien, which is senior to all other liens; and

2. the Plan fails to pay interest on Douglas County's statutory tax Claim, as required by 11 U.S.C. §§ 506(b), 511(a).

A. **The Plan Ignores the Priority of Douglas County's Statutory Property Tax Lien, Which Is Senior to All Other Liens**

Douglas County holds a valid, perfected statutory superpriority secured claim for 2008 commercial personal property taxes in the amount of $7,844.91, secured by a statutory lien on the Debtors' tangible personal property and the proceeds thereof. See, Douglas County's Proof of Claim, Exhibit A hereto.

1

1. **Douglas County's Claim is a Prepetition Claim**

Douglas County's entire claim is a prepetition claim, because the claim for the 2008 property taxes relates back to the prepetition statutory January 1, 2008 assessment date. "All taxable property, real and personal, within the State at twelve noon on the first day of January of each year, designated as the official assessment date, shall be listed, appraised, and valued for assessment in the county wherein it is located on the assessment date." C.R.S. § 39-1-105. "Under the Colorado tax code, taxes on real and personal property create a first and perpetual lien. C.R.S. § 39-1-107 (2). This lien attaches to the property as of noon on January 1 of the tax year. C.R.S. § 39-1-105." In re Western Pacific Airlines, Inc., 273 F. 3d 1288,1291 (10th Cir. 2001). See, Morehead v. John Deere Industrial Equipment Co., 572 P. 2d 1207, 1208-10 (Colo. 1978) (en banc); Wolf v. Antonoff, 423 P. 2d 840, 842 (Colo.1967) (en banc); City and County of Denver v. Tax Research Bureau, 71 P. 2d 809, 812 (Colo. 1937).

Douglas County's computation of the Debtors' property tax liability for 2008 taxes renders choate Douglas County's property tax lien for 2008 taxes; 11 U.S.C. §§ 362 (b) and 546 (b) allow Douglas County to make these computations postpetition. The resulting property tax lien for 2008 property taxes relates back to the January 1, 2008 assessment date. "Colorado Case Law holds that 'such lien does not become effective nor it its value knows until the property is assessed and the taxes levied, at which time the therefore inchoate lien relates back and attaches as of the date authorized for assessment.' In re Western States Distributors, Inc., 179 B.R. 666, 668 (Bankr.D.Colo.1995) (citations omitted) (quoting Marin, et al. v. Board of Assessment Appeals, et al., 707 P. 2d 348, 354 (Colo.1985)). See, Maryland National Bank v. Mayor and City Council of Baltimore,

2

723 F. 2d 1138, 1143-44 (4th Cir. 1983); In re Thurman, 163 B.R. 95, 98 (Bankr. W.D. Texas. 1994); In re Summit Ventures, Inc., 135 B.R. 483, 492 (Bankr.D.Vt.1991).

Douglas County's entire claim is a prepetition claim, because the claim for the 2008 property taxes relates back to the prepetition statutory January 1, 2008 assessment date. "All taxable property, real and personal, within the State at twelve noon on the first day of January of each year, designated as the official assessment date, shall be listed, appraised, and valued for assessment in the county wherein it is located on the assessment date." C.R.S. § 39-1-105. "Under the Colorado tax code, taxes on real and personal property create a first and perpetual lien. C.R.S. § 39-1-107 (2). This lien attaches to the property as of noon on January 1 of the tax year. C.R.S. § 39-1-105." In re Western Pacific Airlines, Inc., 273 F. 3d 1288,1291 (10th Cir. 2001). See, Morehead v. John Deere Industrial Equipment Co., 572 P. 2d 1207, 1208-10 (Colo.1978) (en banc); Wolf v. Antonoff, 423 P. 2d 840, 842 (Colo.1967) (en banc); City and County of Denver v. Tax Research Bureau, 71 P. 2d 809, 812 (Colo.1937).

Douglas County's computation of the Debtors' property tax liability for 2008 taxes renders choate Douglas County's property tax lien for 2008 taxes; 11 U.S.C. §§ 362 (b) and 546 (b) allow Douglas County to make these computations postpetition. The resulting property tax lien for 2008 property taxes relates back to the January 1, 2008 assessment date. "Colorado Case Law holds that 'such lien does not become effective nor is its value knows until the property is assessed and the taxes levied, at which time the therefore inchoate lien relates back and attaches as of the date authorized for assessment.'" In re Western States Distributors, Inc., 179 B.R. 666, 668 (Bankr.D. Colo.1995) (citations omitted) (quoting Marin, et al. v. Board of Assessment Appeals, et

3

al., 707 P. 2d 348, 354 (Colo.1985)). See, Maryland National Bank v. Mayor and City Council of Baltimore, 723 F. 2d 1138, 1143-44 (4th Cir.1983); In re Thurman, 163 B.R. 95, 98 (Bankr.W.D.Texas1994); In re Summit Ventures, Inc., 135 B.R. 483, 492 (Bankr.D.Vt.1991).

### 2. Douglas County's Statutory Lien Is Senior to All Other Liens, But the Plan Allows Claims Secured by Junior Liens to be Paid Ahead of Douglas County's Claim

Douglas County's lien is senior to all other liens on the Debtors' tangible personal property and the proceeds thereof. "Taxes levied on real and personal property ... shall be a perpetual lien thereon, and such lien shall have priority over all other liens .... " C.R.S. (Colorado Revised Statutes) § 39-1-107(2) (emphasis added). See, In re Western Pacific Airlines, Inc., 273 F.3d 1288, 1291 (10th Cir. 2001) ("Under the Colorado tax code, taxes on real and personal property create a first and perpetual lien."); United States v. Elliott, 209 F.Supp. 374, 375 (D.Colo.1972).

However, the Plan allows the Liquidating Trustee to pay Class 1 Miscellaneous Secured Claims[1] out of the Liquidating Trust without regard to the priorities among the Miscellaneous Secured Claims. "[N]o Distributions shall be made to the Holder of any Allowed Miscellaneous Secured Claim unless either (a) the Liquidating Trust has sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Miscellaneous Secured Claims or (b) the Liquidating Trust Oversight Committee consents to all or a any portion of such Distribution." Plan, ¶ III.B.1.

---

[1] Douglas County's Claim is a Class 1 Miscellaneous Secured Claim. See, Plan, ¶ 1.87. It is not a Priority Tax Claim under Plan, ¶ 1.100, because the statutory lien securing Douglas County's Claim prevents it from being an 11 U.S.C. § 507(a)(8) claim. "Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for ... " 11 U.S.C. § 507(a)(8) (priority tax claims) (emphasis added).

4

The Plan, ¶ III.B.1, states that all Miscellaneous Secured Claims are unimpaired. However, this is not true if the Liquidating Trustee pays other Miscellaneous Secured Claims ahead of Douglas County's statutory superpriority property tax claim, such that Douglas County fails to receive the full amount of its Claim, including interest.

Because the statutory lien securing Douglas County's Claim has "priority over all other liens," C.R.S. § 39-1-107(2), the allowed amount of its Claim should be the full amount stated in its Proof of Claim, and the entire amount of its Claim should be deemed secured under 11 U.S.C. § 506(a)(1). The Plan violates 11 U.S.C. §§ 1129(b)(2)(A)(i)(II), which provides:

> "[T]he condition that a plan be fair and equitable ... includes ... with respect to a class of secured claims the plan provides that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property."

The Plan should provide that in the event there is insufficient Available Cash to pay all Allowed Miscellaneous Secured Claims in full, Allowed Miscellaneous Secured Claims shall be paid in the order of their lien priorities.

### B. The Plan Fails to Pay Interest on Douglas County's Statutory Tax Claim

Paragraph III.B.1 of the Plan also fails to provide that interest will be paid on statutory tax claims at the statutory interest rate under state law, as required by 11 U.S.C. §§ 506(b), 511(a).

Douglas County is oversecured because its lien is senior to all consensual liens. Douglas County is entitled to postpetition interest under U.S.C. § 506(b) on its secured claim. See, In re Summit Ventures, Inc., 135 B.R. 483, 492 (Bankr.D.Vt.1991). C.R.S. § 39-10-104.5 provides that interest on delinquent property taxes accrues at

5

12% APR. Because state law sets the interest rate, Douglas County is entitled to interest at 12% on its oversecured claim. "To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, any reasonable fees, costs or charges provided for under the agreement or State statute under which such claim arose." 11 U.S.C. § 506(b).

Furthermore, "If any provision of this title requires that payment of interest on a tax claim or on an administrative expense tax, or the payment of interest to enable a creditor to receive the present value of the allowed amount of tax claim, the rate of interest shall be the rate determined under applicable nonbankruptcy law." 11 U.S.C. §511(a).

The Plan should provide that interest will be paid on Douglas County's Claim at 12% APR until Douglas County's Claim is paid in full.

DATED: September 23, 2009

    Respectfully submitted,

    OFFICE OF THE COUNTY ATTORNEY
    DOUGLAS COUNTY, COLORADO

    /s/ Robert D. Clark, Esq.
    ROBERT D. CLARK
    Colorado Atty. Reg. # 8103
    Senior Assistant County Attorney
    100 Third Street
    Castle Rock, Colorado 80104
    (303) 660-7392
    Fax: (303) 668-6596
    E-mail: rclark@douglas.co.us

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within **Treasurer of Douglas County, Colorado's Objections to Confirmation of the August 24, 2009 Joint Plan of Liquidation** electronically or by depositing copies of same in the United States mail, postage prepaid, at Castle Rock, Colorado, this 23rd day of September, 2009, addressed to:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
*by e-mail to:*  gregg.galardi@skadden.com
            ian.fredericks@skadden.com

Chris L. Dickerson, Esq.
Jessica S. Kumar, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, IL  60606
*by e-mail to:*  chris.dickerson@skadden.com
            jessica.kumar@skadden.com

Douglas M. Foley, Esq.
Sarah B. Boehm, Esq.
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, VA  23219
*by e-mail to:*  dfoley@mcguirewoods.com
            sboehm@mcguirewoods.com

Jeffrey N. Pomerantz, Esq.
Stanley E. Goldich, Esq.
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA  90067
*by e-mail to:*  jpomerantz@pszjlaw.com
            sgoldich@pszjlaw.com

7

Robert J. Feinstein, Esq.
Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 36th Floor
New York, NY 10017
*by e-mail to:*   rfeinstein@pszjlaw.com

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219
*by e-mail to:*   ltavenner@tb-lawfirm.com
                  pberan@tb-lawfirm.com

The United States Trustee

Robert B. Van Arsdale, Esq.
701 East Broad Street, Suite 4304
Richmond, VA 23219
*by e-mail to:*   robert.b.van.arsdale@usdoj.gov

                                              /s/ Cindy Hancock

8

| U.S. BANKRUPTCY COURT FOR THE DISTRICT OF VIRGINIA RICHMOND DIVISION | PROOF OF CLAIM | COPY |
|---|---|---|
| DEBTOR: CIRCUIT CITY WEST COAST, INC | Case No. 08-35654 Joint Adm. 08-35653 Chapter 11 | |
| Name of Creditor: DOUGLAS COUNTY | ☐ Check if you are aware that anyone else has filed a proof of claim relating to your proof of claim. | |
| Please mail notices to: DOUGLAS COUNTY TREASURER ATTN: STEPHANIE COOK P.O. BOX 1208 100 THIRD STREET CASTLE ROCK, CO 80104 TEL.: 303.660.7455 FAX: 303.660.9022 | ☐ Check if you have never received any notices from the bankruptcy court in this case. ☐ Check if the address differs from the address on the envelope sent to you by the court | RECEIVED DEC 0 1 2008 KURTZMANCARSONCONSULTANTS THIS SPACE IS FOR COURT USE ONLY |

| Number by which creditor identifies debtor: P0395424 | This claim ☐ replaces ☐ amends a previously filed claim, dated: ☐ supplements |
|---|---|

| 1. BASIS FOR CLAIM: | COMMNERCIAL PERSONAL PROPERTY ASSESSMENT |
|---|---|
| 2. DATE DEBT WAS INCURRED: | January 1, 2008 |

*Colorado Revised Statutes provide that tax liens arise at 12 noon on the assessment date for the current year C.R.S. 39-1-105*

| 3. CLASSIFICATION OF CLAIM: | Secured Claim to extent of collateral value. Unsecured Priority Claim 11 U.S.C. 507(a)(8) to the extent of any shortfall in collateral value and or personal liability. Tax Lien created under 39-1-107 of the Colorado Revised Statutes. |
|---|---|

4. TOTAL AMOUNT OF CLAIM:

| $0.00 | $7,844.91 | $ | $7,844.91 |
|---|---|---|---|
| Unsecrured | (secured) | (Priority) | (Total) |

☐ Check this box if claim includes charges in addition to the principal amount of the claim

Interest accrues at 12% per annum pursuant to Colorado Revised Statute 39-10-104.5    (11USC 506(b) & 11USC 511)

| 5. SECURED CLAIM: Collateral: Commercial Personal Property Actual Taxable Value: $ 284,332 | OTHER: The 2008 Taxes are estimated. This claim will be supplemented with a liquidated amount once tax statements are generated in Januray 2009 in accordance with Colorado Law |
|---|---|

| 6. CREDITS AND SETOFFS: | The amount of the payments on this claim has been credited and deducted for the purpose of making this claim |
|---|---|
| 7. SUPPORTING DOCUMENTS: | Attached |

| Date: 19-Nov-08 Signature: Sharon *[signature]* Douglas County Treasurer | FOR COURT USE ONLY |
|---|---|

Penalty for presenting fraudulent claim: Fine up to $500,000 or imprisonment up to 5 years, or both. 18 U.S.C 152 and 3571

EXHIBIT A