Kevin A. Lake, Esquire (VSB#34286)
VANDEVENTER BLACK LLP
Eighth & Main Building
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA  23218-1558
Tel: 804.237.8811
Fax: 804.237.8801
klake@vanblk.com


WILLIAM H. COLLIER, JR., CASB No. 97491
william.collier@kyl.com
DAVID D. PIPER, CASB No. 179889
david.piper@kyl.com
JAMES A. MARISSEN, CASB No. 257699
james.marissen@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate, P.O. Box 1730
Long Beach, California  90801-1730
Telephone:         (562) 436-2000
Facsimile:         (562) 436-7416

Attorneys for Creditor
MADCOW INTERNATIONAL GROUP LIMITED

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| In re: | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., et al. | Chapter 11 (jointly administered) |
| Debtors. | **RESPONSE OF MADCOW INTERNATIONAL GROUP LIMITED TO DEBTORS' 39TH OMNIBUS OBJECTION TO CLAIMS (RECLASSIFICATION TO UNSECURED CLAIMS OF CERTAIN CLAIMS FILED AS 503(B)(9) CLAIMS FOR GOODS RECEIVED BY THE DEBTORS NOT WITHIN TWENTY DAYS OF THE COMMENCEMENT OF THE CASES).** |
| | **[Filed concurrently with Declaration of David Wu]** |

KYL_LB1255844

MADCOW INTERNATIONAL GROUP LIMITED ("Creditor"), a creditor of Debtor CIRCUIT CITY STORES, INC. *et al.* ("Debtor"), by and through its undersigned counsel appears before the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division and moves the Court to overrule the Debtor's 39th Omnibus Objection which seeks to reclassify as an unsecured claim USD$236,025.84 of Creditor's 503(b)(9) claim allegedly on the basis that the Debtor did not receive the goods within the twenty days prior to November 10, 2008, being the date the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date"). As demonstrated below, the Court should overrule Debtor's 39th Omnibus Objection to Creditor's claim as Debtor did, in fact, only receive these goods on or after 21 October 2008, being within twenty days immediately prior to the Petition Date.

## I.

## CLAIM DETAILS

The Creditor's 503(b)(9) claim, in the amount of USD$452,794.40, was filed on 18 December 2008 and was given claim no.1297 and case no.08-35653 respectively. Creditor files this response to Debtor's 39th Omnibus Objection which seeks to reclassify as an unsecured claim USD$236,025.84 of Creditor's 503(b)(9) claim.

## II.

## RELEVANT GOODS WERE RECEIVED BY DEBTOR WITHIN TWENTY DAYS IMMEDIATELY PROIR TO PETITION DATE

Creditor is a Hong Kong based vendor who regularly sold various types of consumer electronic goods to Debtor. The goods sold by the Creditor to the Debtor needed to be shipped from China to the United States. While the precise basis upon which the Debtor alleges that it "received", for the purposes of 11 U.S.C.§ 503(b)(9), the goods shipped pursuant to Creditor's invoice nos. MAD081010C, MAD081014A, MAD081015A, MAD081016A, MAD081016C, MAD081016D, and MAD081016F ("the Invoices") is uncertain, it would appear that the basis of the Debtor's 39th Omnibus

Objection to the Creditor's claim for these Invoices is that these goods were "received" by the Debtor when they were placed on board the respective vessels that would carry them to the United States. However, the Debtor's position is incorrect for the following reasons:

  (a) The sale contract between the Creditor and the Debtor does not contain a term which determines when title to the goods passes from the Creditor to the Debtor. Accordingly, title to the goods passes when the parties intended it to pass;

  (b) The sale of goods would proceed by the Creditor delivering the goods, as specified in the Invoices, to the vessel that would carry them to United States. Upon delivery, the Creditor would receive from the vessel a receipt entitled "Forwarder Cargo Receipt" or "Cargo Management Systems" (together referred to as "Forwarder Cargo Receipt"). Copies of the "Forwarder Cargo Receipt" are attached as Exhibit 1. The Creditor received such a document with respect to invoice nos. MAD081010C, MAD081014A, MAD081015A, MAD081016A, MAD081016C, MAD081016D, and MAD081016F on 15, 20, 19, 25, 21, 21 and 27 October 2008 respectively;

  (c) On the front page of the "Forwarder Cargo Receipt," written in fine print, is a sentence which states "*We* [meaning Creditor] *received … 1 copies of the following documents which plus 2/3* **_original bills of lading will be dispatched to the parties at port of discharge at the time of shipment_** …" (our emphasis).[1] A bill of lading is a receipt indicating that a vessel has received goods for shipment but it also serves as constructive title to the goods. As it is expressly noted on the "Forwarder Cargo Receipt" that the vessel will "dispatch" the original bills of lading for the goods to the Debtor at the port of discharge and as the original bills of lading represent title to the goods, only when the Debtor physically receives the original bills of lading does title to the goods pass to the Debtor. Accordingly, only once title to the goods has past to the

---

[1] For invoice no. MAD081016A, the receipt received by Creditor had a sentence which stated that "*The original bill of lading of this shipment has been released to the above mentioned consignee* [Debtor]".

Debtor does the Debtor "receive" them for the purposes of 11 U.S.C.§ 503(b)(9); and

(d)     As the vessels would have only "dispatched" the original bills of lading to the Debtor on or about the same date as the "Forwarder Cargo Receipts" were issued in relation to the Invoices, being on 15, 20, 19, 25, 21, 21 and 27 October 2008 respectively, and allowing a reasonable time for the original bills of lading to actually arrive in the Debtor's possession, it is clear that the Debtor's only obtained titled to the goods shipped pursuant to the Invoices, and thus "received" them for the purposes of 11 U.S.C.§ 503(b)(9), on or after 21 October 2008.

Based upon the matters set out above, the goods shipped pursuant to the Invoices were received by the Debtor within twenty days immediately prior to the Petition Date and, as such, Debtor's 39th Omnibus Objection which seeks to reclassify as an unsecured claim USD$236,025.84 of Creditor's 503(b)(9) claim should be overruled.

Further, and in the alternative, in event that the Debtors' basis for determining when the goods shipped pursuant to the Invoices were "received" for the purposes of 11 U.S.C.§ 503(b)(9) is accepted by the Court, being the "on board" on the carrying vessel, Creditor respectfully submits that the goods shipped pursuant to invoice nos. MAD081016A and MAD081016F were still received by the Debtor within twenty days immediately prior to the Petition Date as these goods were placed on board the vessel on 22 and 27 October 2008 respectively. Accordingly, Debtor's 39th Omnibus Objection for invoice nos. MAD081016A and MAD081016F should be overruled and the amounts of USD$23,700.00 and USD$6095.52 be allowed as a 503(b)(9) claim.

Further, Creditor reserves its right to assert claims against Debtor for amounts not contemplated by this response and to amend, modify, and/or supplement this response, as appropriate under the circumstances.

### III.

### **CONCLUSION**

WHEREFORE, Creditor respectfully requests that the Court issue an order overruling Debtor's 39th Omnibus Objection as to Creditor in total as it incorrectly seeks

to reclassify as an unsecured claim USD$236,025.84 of Creditor's 503(b)(9) claim and /or granting such other and further relief as may be just and proper under the circumstances. In the alternative, Debtor's 39th Omnibus Objection for invoice nos. MAD081016A and MAD081016F should be overruled and the amounts of USD$23,700.00 and USD$6095.52 be allowed as a 503(b)(9) claim.

DATED: October 6, 2009         **MADCOW INTERNATIONAL GROUP LIMITED**

/s/ Kevin A. Lake
Kevin A. Lake
VANDEVENTER BLACK LLP
Eighth & Main Building
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA  23218-1558
Tel: 804.237.8811
Fax: 804.237.8801
klake@vanblk.com

WILLIAM H. COLLIER, JR., CASB No. 97491
william.collier@kyl.com
DAVID D. PIPER, CASB No. 179889
david.piper@kyl.com
JAMES A. MARISSEN, CASB No. 257699
james.marissen@kyl.com
Keesal, Young & Logan
A Professional Corporation
400 Oceangate, P.O. Box 1730
Long Beach, California  90801-1730
Telephone:    (562) 436-2000
Facsimile:     (562) 436-7416
 Attorneys for Creditor

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of October, 2009, I caused to be served a true and correct copy of Madcow International Group Limited's Response to Debtors' Thirty-Ninth Omnibus Objection to Claims to all parties receiving notice via ECF and via ECF and/or email on the following:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
P.O. Box 636
Wilmington, Delaware 19899-0636
*gregg.galardi@skadden.com*
*Ian.Fredericks@skadden.com*

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606-7120
*chris.dickerson@skadden.com*

Douglas M. Foley
Dion W. Hayes
McGuireWoods, LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
Attorneys for Debtors
*dfoley@mcguirewoods.com*
*dhayes@mcguirewoods.com*

                                                                 /s/ Kevin A. Lake
                                                                 Kevin A. Lake