Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653-KRH
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

       **ORDER AUTHORIZING DEBTORS TO TERMINATE UNEXPIRED LEASE**
              **OF NON-RESIDENTIAL REAL PROPERTY**

          Upon consideration of motion, dated February

3, 2009 (the "Motion"),[1] of Circuit City Stores, Inc. and

certain of its subsidiaries, debtors and debtors in

possession in the above-captioned cases (collectively,

---

[1]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to them in the Motion.

the "Debtors"), for orders under sections 105(a), 363

and 365 of title 11 of the United States Code (the

"Bankruptcy Code") and Rules 2002, 6004, 6006, and 9014

of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), (i) approving the bidding and

auction procedures for sale of certain nonresidential

real property leases (the "Bidding Procedures"), (ii)

setting dates for sale hearings, and (iii) authorizing

and approving (a) the sale (the "Sale") of certain

unexpired nonresidential real property leases (the

"Leases", comprising the February Leases and the March

Leases, each as defined in the Motion) free and clear of

all interests, including liens, claims, and encumbrances

(collectively, the "Interests"), (b) the assumption and

assignment of the Leases, and (c) lease rejection

procedures for any Leases that are not sold in

connection with the foregoing; and the Court having

entered the Order under Bankruptcy Code Sections 105,

363, and 365 (I) Approving Bidding and Auction

Procedures for Sale of Unexpired Nonresidential Real

Property Leases, (II) Setting Sale Hearing Dates and

(III) Authorizing and Approving (A) Sale of Certain

2

Unexpired Nonresidential Real Property Leases Free and
Clear of All Interests, (B) Assumption and Assignment of
Certain Unexpired Nonresidential Real Property Leases
and (C) Lease Rejection Procedures (the "Bidding and
Rejection Procedures Order"); and the Court having
entered the Supplemental Order under Bankruptcy Code
Sections 105, 363, and 365 Approving Amended Bid
Deadline In Connection With Bidding And Auction
Procedures For Sale Of Unexpired Nonresidential Real
Property Leases (the "Supplemental Order"), which
established a revised bid deadline of March 3, 2009 and
amended the Bidding Procedures; and upon the record of
the auction conducted on March 10, 2009 (the "Auction")
and the hearing held on March 13, 2009 (the "Sale
Hearing"); and after due deliberation thereon, and
sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

A.   The Court has jurisdiction to hear and
determine the Motion and to grant the relief requested

---

[2]   Findings of fact shall be construed as conclusions of law and
conclusions of law shall be construed as findings of fact when
appropriate.  See Fed. R. Bankr. P. 7052.

in the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).

B.   Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

C.   The statutory predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363, and 365 and Bankruptcy Rules 2002, 6004, 6006, and 9014.

D.   The notice of the Motion, the Auction, and the Sale Hearing given by the Debtors constitutes due and sufficient notice thereof.

E.   A reasonable opportunity to object or be heard regarding the relief in this Order has been afforded to all interested persons and entities, including the lessor (the "Lessor") for the lease related to store number 3549 (the "Store") located at 11732 West Broad Street, Glen Allen, VA (together with any and all related lease documents and subleases associated therewith, if any, the "Lease").

F.    The Debtors and their professionals marketed the Lease and conducted a sale process as set forth in and in accordance with the Motion, the Bidding and Rejection Procedures Orders and the Bidding Procedures.  Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Lease.

G.    After an auction held on March 10, 2009, the Debtors determined that the highest and best Qualified Bid was that of the Lessor.

H.    The Lessor wishes to terminate the Lease.

I.    The Debtors have demonstrated good, sufficient, and sound business purpose and justification for the assumption, assignment, and sale of the Lease.

J.    Based on the foregoing findings of fact and conclusions of law,[3] **IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Motion is granted as set forth herein.

---

[3]   Statements made by the Court from the bench at the hearing on the Motion shall constitute additional conclusions of law and findings of fact as appropriate.

2.    The Lease Termination Agreement attached hereto as <u>Exhibit A</u> is approved in its entirety.

3.    The Lease is terminated.

4.    The Debtors and the Lessor are hereby relieved of any further obligations to each other except as expressly stated in the Lease Termination Agreement.

5.    Pursuant to Bankruptcy Code section 554, the Debtors are authorized to abandon any and all improvements, furniture, fixtures, equipment, inventory and/or any other personal property ("Abandoned Property") located at the Store, and such Abandoned Property is deemed abandoned on the Rejection Date to the Lessor free and clear or all liens, claims and other interests.  The Lessor may, in its sole discretion and without further notice, use, transfer or dispose of such Abandoned Property without liability to the Debtors or any third parties claiming an interest in such Abandoned Property.

6.    This Order shall be effective and enforceable immediately upon entry and shall not be stayed pursuant to Rules 6004(h) or 6006(d).

7.    This Court shall retain jurisdiction to
enforce the provisions of this Order and the termination
of the Lease.

Dated:  Richmond, Virginia
        March _____, 2009


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:


Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -


/s/ Douglas M. Foley____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession

### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

       Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                              /s/ Douglas M. Foley____
                              Douglas M. Foley

## EXHIBIT A

**LEASE TERMINATION AGREEMENT**

## LEASE TERMINATION AGREEMENT

LEASE TERMINATION AGREEMENT (the "Agreement"), dated as of March 13, 2009, by and between Circuit City Stores, Inc., a Virginia Corporation, as debtor and debtor in possession ("Tenant") and Short Pump Town Center, LLC, a Virginia limited liability company, and F.C. Short Pump Land Investment, Inc., a Virginia corporation (collectively, "Landlord").

WHEREAS, Landlord. and Tenant are parties to a certain lease dated December 5, 2003 (as the same may have been amended or extended, the "Lease"), pursuant to which Tenant leases from Landlord certain premises located in Short Pump Town Center, Richmond, Virginia (the "Premises"), known as Store No. 3549.

WHEREAS, on November 10, 2008, ("Petition Date"), Tenant filed a chapter 11 petition with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") in Case No. 08-35653-KRH.

WHEREAS, the parties now wish to terminate the Lease on the terms and conditions set forth herein.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.      The Lease is terminated as of the date that Tenant surrenders possession to the Premises to the Landlord and, in any event, no later than March 15, 2009 (the "Termination Date").

2.      Tenant will effectively surrender possession of the Premises in accordance with the Order Authorizing and Approving Lease Rejection Procedures entered by the Bankruptcy Court.

3.      Upon approval of this Agreement by the Bankruptcy Court having jurisdiction over Tenant's chapter 11 case, and in consideration of the termination of the Lease as provided under this Agreement, Landlord shall provide to Tenant consideration in the form of a waiver of all pre-petition and post-petition arrears due under the Lease, as set forth in the proofs of claim attached to this Agreement as Exhibit A (the "Consideration").

4.      On the Termination Date, Landlord releases Tenant from any and all obligations and liabilities under the Lease, including (without limitation) any claims pursuant to Bankruptcy Code sections 365 or 502 or 503(b) or otherwise, and any year-end adjustments for 2009 and all prior years and any obligations or liabilities that would otherwise survive termination of the Lease.

5.      This Agreement is subject to and effective upon the entry of an order by the Bankruptcy Court authorizing Tenant to enter into this Agreement.

6.      Landlord and Tenant expressly acknowledge and agree that no security deposit remains held by Landlord or refundable to Tenant with respect to Tenant's occupancy or vacation of the Premises.

7.      Subject to the provisions of Paragraph 5 above, the parties agree to execute the Declaration of Termination of Agreements attached hereto as Exhibit B. Landlord shall be responsible for all costs for recordation of the same.

1

8.      This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, successors and assigns, including any chapter 11 or 7 trustee appointed in these cases.

9.      Each of the parties signing below on behalf of the Landlord and Tenant hereby represents and warrants to the other party that he or she is duly authorized to execute and deliver this Agreement on behalf of the party for whom such person is acting.

10.     The laws of the State of Virginia shall govern the interpretation and enforcement of this Agreement.  All controversies and disputes arising hereunder shall be resolved in the Bankruptcy Court. Landlord and Tenant consent to personal jurisdiction, waive any objection as to personal jurisdiction or venue, and agree not to assert any defense based on personal jurisdiction or venue in the Bankruptcy Court only as to any disputes arising under or related to this Agreement.

11.     This Agreement may be executed in counterpart originals, with all counterparts constituting one and the same instrument.

IN WITNESS WHEREOF, the undersigned have caused their duly authorized representatives to execute this Lease Termination Agreement under seal, as of this _____ day of March, 2009.

SHORT PUMP TOWN CENTER, LLC,
a Virginia limited liability company

By:  F.C. Short Pump Land Investment, Inc., a Virginia Corporation, its Member

_____
Duane F. Bishop, Jr., Vice President

AND

F.C. SHORT PUMP LAND INVESTMENT, INC.,
a Virginia corporation

By: _____
Duane F. Bishop, Jr., Vice President

CIRCUIT CITY STORES, INC., a Virginia Corporation,
as debtor and debtor in possession in
Case No. 08-35653-KRH

By: _____

Name:
Title:

2

<u>Exhibit A</u>

Proofs of Claim

**FORESTCITY**

REBECCA E. WARD
Corporate Counsel

Legal Department
50 Public Square
Suite 1360
Cleveland, OH 44113-2267

Direct Number (216) 416-3262
rebeccaward@forestcity.net

Phone (216) 621-6060
Fax (216) 263-6206
www.forestcity.net

February 19, 2009

**VIA FEDERAL EXPRESS**

Circuit City Stores, Inc., et al.
Claims Processing Dept.
Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA  90245

> Re:    **Circuit City Stores**
>         **Case No. 08-35653 (KRH)**
>         **Northfield at Stapleton**
>         **The Promenade Bolingbrook**
>         **Short Pump Town Center**
>         **The Shops at White Oak Village**

Dear Sir/Madam:

Enclosed for filing on behalf of Forest City Commercial Management, Inc. as agent for the owner, are Proof of Claim and Administrative Expense Claim Requests for the above captioned bankruptcy case.

Please return a time-stamped copy of each to the undersigned in the self-addressed, stamped envelopes provided for your convenience.

Thank you for your anticipated cooperation.

Very truly yours,

Forest City Commercial Management, Inc.

Rebecca E. Ward

REW/jmf
Enclosures

cc:    Roberta Ayres

| United States Bankruptcy Court | Administrative Expense Claim Request |
|---|---|
| Eastern District of Virginia | |

| Debtor against which claim is asserted : | Case Name and Number |
|---|---|
| Circuit City Stores, Inc. | 08-35653 (KRH) |

NOTE: This form should not be used to make a claim in connection with a request for payment for goods or services provided to the Debtors prior to the commencement of the case. This Administrative Expense Claim Request form is to be used solely in connection with a request for payment of an administrative expense arising after commencement of the case pursuant to 11 U.S.C. § 503.

Name of Creditor
*(The person or other entity to whom the debtor owes money or property)*
Forest City Commercial Management, Inc.

Name and Address Where Notices Should be Sent
Forest City Commercial Management, Inc.
Agent for Short Pump Town Center, LLC
50 Public Square, Suite 1360
Cleveland, OH  44113
Telephone No.          216-621-6060

Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
Check box if you have never received any notices from the bankruptcy court in this case.
Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:
Circuit City

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: _____

1. BASIS FOR CLAIM
  ☐ Goods sold
  ☐ Services performed
  ☐ Money loaned
  ☐ Personal injury/wrongful death
  ☐ Taxes
  ☒ Other (Describe briefly)  Post petition real estate taxes

  ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
  ☐ Wages, salaries, and compensation (Fill out below)
    Your social security number _____
  ☐ Unpaid compensation for services performed
    from _____ (date) to _____ (date)

2. DATE DEBT WAS INCURRED
December 5, 2003

3. IF COURT JUDGMENT, DATE OBTAINED:

4. TOTAL AMOUNT OF ADMINISTRATIVE CLAIM: $  6,433.65
  ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

5. Brief Description of Claim (attach any additional information):

6. CREDITS AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

7. SUPPORTING DOCUMENTS: *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. DO NOT SEND ORGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Any attachment must be 8-1/2" by 11".

8. DATE-STAMPED COPY: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date  2/18/09 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)  *Roberta Ayres*  Roberta Ayres, Agent for Short Pump Town Center, LLC & Forest City Commercial Management, Inc. |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# MEMORANDUM

TO:     Rebecca Ward

FROM:     Shirley Cooney

DATE:     2/11/2009

SUBJECT:     Short Pump Town Center

Circuit City

408311  000172

Filed 11/10/08

Post-petition

| | | | | |
|---|---|---|---|---|
| 12/08 | Real Estate Tax | $6,433.65 | 11/10/08 - 12/31/08 |
| | | $6,433.65 | |

SC /lw

cc:  Roberta Ayres

| Database: | FCE | | | | | | Page: | 1 |
|---|---|---|---|---|---|---|---|---|
| Report ID: | FCE_CMAGEDEL | | Rent Delinquency | | | | Date: | 2/12/2009 |
| BLDG: | 408311 | | FCE | | | | Time: | 07:09 AM |
| | | | SHORT PUMP TOWN CENTER | | | | | |
| | | | Date: 2/12/2009 | | | | | |

| Invoice Date | Number | Category | Source | Amount | Current | 30 | 60 | 90 | 120 |
|---|---|---|---|---|---|---|---|---|---|

**408311-000172   CIRCUIT CITY**   Master Occupant Id: CL000621-1   Day Due:   1   Delq Day:   10
LYNDA CAPEHART   PP1B   Current   Last Payment:   2/4/2009   26,307.67
(804) 486-3714

| Invoice Date | Number | Category | | Source | Amount | Current | 30 | 60 | 90 | 120 |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/10/2008 | 085904 | WAP | WATER PRIOR YEAR 07/02/07--09/29/07 | CH | 5,435.06 | 0.00 | 0.00 | 0.00 | 0.00 | 5,435.06 |
| 10/10/2008 | 085904 | WAP | WATER PRIOR YEAR 09/29/07--12/31/07 | CH | 876.46 | 0.00 | 0.00 | 0.00 | 0.00 | 876.46 |
| 10/13/2008 | 085904 | WAT | WATER 2ND QUARTER ACTUAL | CH | 7,103.84 | 0.00 | 0.00 | 0.00 | 0.00 | 7,103.84 |
| 11/1/2008 | 087267 | RNT | MINIMUM RENT AUTOCHRG @T11/30/2008 | CH | 26,166.67 | 0.00 | 0.00 | 0.00 | 26,166.67 | 0.00 |
| 11/1/2008 | 087267 | WAT | WATER AUTOCHRG @T11/30/2008 | CH | 141.00 | 0.00 | 0.00 | 0.00 | 141.00 | 0.00 |
| 12/12/2008 | 096086 | U | SERVICE CHARGE LATE FEE | CH | 796.79 | 0.00 | 0.00 | 796.79 | 0.00 | 0.00 |
| 12/18/2008 | 100090 | RET | R/E TAX ESC. 2008 ACTUAL-2ND HALF | CH | 22,765.29 | 0.00 | 22,765.29 | 0.00 | 0.00 | 0.00 |
| 12/23/2008 | 100690 | WAT | WATER 7/2/08 - 9/30/08 | CH | 1,560.54 | 0.00 | 1,560.54 | 0.00 | 0.00 | 0.00 |
| 1/14/2009 | 101581 | U | SERVICE CHARGE LATE FEE | CH | 1,296.91 | 1,296.91 | 0.00 | 0.00 | 0.00 | 0.00 |

| | | | | Amount | Current | 30 | 60 | 90 | 120 |
|---|---|---|---|---|---|---|---|---|---|
| RET | R/E TAX ESC. | | | 22,765.29 | 0.00 | 22,765.29 | 0.00 | 0.00 | 0.00 |
| RNT | MINIMUM RENT | | | 26,166.67 | 0.00 | 0.00 | 0.00 | 26,166.67 | 0.00 |
| U | SERVICE CHARGE | | | 2,093.70 | 1,296.91 | 0.00 | 796.79 | 0.00 | 0.00 |
| WAP | WATER PRIOR YEAR | | | 6,311.52 | 0.00 | 0.00 | 0.00 | 0.00 | 6,311.52 |
| WAT | WATER | | | 8,805.38 | 0.00 | 1,560.54 | 0.00 | 141.00 | 7,103.84 |
| **CIRCUIT CITY Total:** | | | | 66,142.56 | 1,296.91 | 24,325.83 | 796.79 | 26,307.67 | 13,415.36 |

| | | | | Amount | Current | 30 | 60 | 90 | 120 |
|---|---|---|---|---|---|---|---|---|---|
| RET | R/E TAX ESC. | | | 22,765.29 | 0.00 | 22,765.29 | 0.00 | 0.00 | 0.00 |
| RNT | MINIMUM RENT | | | 26,166.67 | 0.00 | 0.00 | 0.00 | 26,166.67 | 0.00 |
| U | SERVICE CHARGE | | | 2,093.70 | 1,296.91 | 0.00 | 796.79 | 0.00 | 0.00 |
| WAP | WATER PRIOR YEAR | | | 6,311.52 | 0.00 | 0.00 | 0.00 | 0.00 | 6,311.52 |
| WAT | WATER | | | 8,805.38 | 0.00 | 1,560.54 | 0.00 | 141.00 | 7,103.84 |
| **BLDG 408311 Total:** | | | | 66,142.56 | 1,296.91 | 24,325.83 | 796.79 | 26,307.67 | 13,415.36 |

| FORM B10 (Official Form 10) (04/04) | | PROOF OF CLAIM |
|---|---|---|

UNITED STATES BANKRUPTCY COURT   Eastern   DISTRICT OF   Virginia

| Name of Debtor | Case Number |
|---|---|
| Circuit City Stores, Inc. | 08-35653 (KRH) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**Forest City Commercial Management, Inc.**

Name and address where notices should be sent:

Forest City Commercial Management, Inc.
Agent for Short Pump Town Center, LLC
50 Public Square, Suite 1360
Cleveland, OH 44113
Telephone number:   216-621-6060

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Circuit City

Check here ☐ replaces
if this claim ☒☒ amends   a previously filed claim, dated: 11/18/08

**1. Basis for Claim**

☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☒☒ Other   Pre-petition rent and charges

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS #: _____
Unpaid compensation for services performed
from _____ to _____
   (date)      (date)

**2. Date debt was incurred:**
December 5, 2003

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 57,615.21 _____ _____ $57,615.21
   (unsecured)   (secured)   (priority)   (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $ 57,615.21

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 2/18/09 | Roberta Ayres |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Roberta Ayres, Agent for Short Pump Town Center, LLC &
Forest City Commercial Management, Inc.

# MEMORANDUM

|  |  |
|---|---|
| TO: | Rebecca Ward |
| FROM: | Shirley Cooney |
| DATE: | February 11,2009 |
| SUBJECT: | Short Pump Town Center |
|  | Circuit City |
|  | 408311 - 000172 |
|  | Filed 11/10/08 |

**Pre-petition**

| 10/08 | Water | $6,987.46 | |
| 10/08 | Water Prior Year | $6,427.90 | |
| 11/08 | Rent / Fringes | $26,307.67 | |
| 12/08 | Water | $1,560.54 | 7/02/08 - 9/30/08 |
| 12/08 | Real Estate Tax | $16,331.64 | 7/01/08 - 11/09/08 |
|  |  | $57,615.21 | |

SC /lw
cc: Roberta Ayres

| Database: | FCE | | | | | | | Page: | 1 |
| Report ID: | FCE_CMAGEDEL | | | Delinquencies | | | | Date: | 2/12/2009 |
| BLDG: | 408311 | | | FCE | | | | Time: | 07:09 AM |
| | | | | SHORT PUMP TOWN CENTER | | | | | |
| | | | | Date: 2/12/2009 | | | | | |

| Date | Invoice Number | Category | Source | Amount | Current | 30 | 60 | 90 | 120 |
|------|--------|----------|--------|--------|---------|-----|-----|-----|------|

408311-000172    **CIRCUIT CITY**          Master Occupant Id: CL000621-1          Day Due:    1   Delq Day:    10
                 LYNDA CAPEHART          PP1B    Current                          Last Payment:   2/4/2009   26,307.67
                 (804) 486-3714

| Date | Invoice Number | Category | | Source | Amount | Current | 30 | 60 | 90 | 120 |
|------|--------|----------|--|--------|--------|---------|-----|-----|-----|------|
| 10/10/2008 | 085904 | WAP | WATER PRIOR YEAR 07/02/07--09/29/07 | CH | 5,435.06 | 0.00 | 0.00 | 0.00 | 0.00 | 5,435.06 |
| 10/10/2008 | 085904 | WAP | WATER PRIOR YEAR 09/29/07--12/31/07 | CH | 876.46 | 0.00 | 0.00 | 0.00 | 0.00 | 876.46 |
| 10/13/2008 | 085904 | WAT | WATER 2ND QUARTER ACTUAL | CH | 7,103.84 | 0.00 | 0.00 | 0.00 | 0.00 | 7,103.84 |
| 11/1/2008 | 087267 | RNT | MINIMUM RENT AUTOCHRG @T11/30/2008 | CH | 26,166.67 | 0.00 | 0.00 | 0.00 | 26,166.67 | 0.00 |
| 11/1/2008 | 087267 | WAT | WATER AUTOCHRG @T11/30/2008 | CH | 141.00 | 0.00 | 0.00 | 0.00 | 141.00 | 0.00 |
| 12/12/2008 | 096086 | U | SERVICE CHARGE LATE FEE | CH | 796.79 | 0.00 | 0.00 | 796.79 | 0.00 | 0.00 |
| 12/18/2008 | 100090 | RET | R/E TAX ESC. 2008 ACTUAL-2ND HALF | CH | 22,765.29 | 0.00 | 22,765.29 | 0.00 | 0.00 | 0.00 |
| 12/23/2008 | 100690 | WAT | WATER 7/2/08 - 9/30/08 | CH | 1,560.54 | 0.00 | 1,560.54 | 0.00 | 0.00 | 0.00 |
| 1/14/2009 | 101581 | U | SERVICE CHARGE LATE FEE | CH | 1,296.91 | 1,296.91 | 0.00 | 0.00 | 0.00 | 0.00 |

| | | | Amount | Current | 30 | 60 | 90 | 120 |
|-----|-----|-----|--------|---------|-----|-----|-----|------|
| RET | R/E TAX ESC. | | 22,765.29 | 0.00 | 22,765.29 | 0.00 | 0.00 | 0.00 |
| RNT | MINIMUM RENT | | 26,166.67 | 0.00 | 0.00 | 0.00 | 26,166.67 | 0.00 |
| U | SERVICE CHARGE | | 2,093.70 | 1,296.91 | 0.00 | 796.79 | 0.00 | 0.00 |
| WAP | WATER PRIOR YEAR | | 6,311.52 | 0.00 | 0.00 | 0.00 | 0.00 | 6,311.52 |
| WAT | WATER | | 8,805.38 | 0.00 | 1,560.54 | 0.00 | 141.00 | 7,103.84 |
| **CIRCUIT CITY Total:** | | | 66,142.56 | 1,296.91 | 24,325.83 | 796.79 | 26,307.67 | 13,415.36 |

| | | | Amount | Current | 30 | 60 | 90 | 120 |
|-----|-----|-----|--------|---------|-----|-----|-----|------|
| RET | R/E TAX ESC. | | 22,765.29 | 0.00 | 22,765.29 | 0.00 | 0.00 | 0.00 |
| RNT | MINIMUM RENT | | 26,166.67 | 0.00 | 0.00 | 0.00 | 26,166.67 | 0.00 |
| U | SERVICE CHARGE | | 2,093.70 | 1,296.91 | 0.00 | 796.79 | 0.00 | 0.00 |
| WAP | WATER PRIOR YEAR | | 6,311.52 | 0.00 | 0.00 | 0.00 | 0.00 | 6,311.52 |
| WAT | WATER | | 8,805.38 | 0.00 | 1,560.54 | 0.00 | 141.00 | 7,103.84 |
| **BLDG 408311 Total:** | | | 66,142.56 | 1,296.91 | 24,325.83 | 796.79 | 26,307.67 | 13,415.36 |

<u>Exhibit B</u>

Declaration of Termination of Agreements

When recorded return to:
Rebecca E. Ward, Esq.
Legal Department
Terminal Tower
50 Public Square, Suite 1360
Cleveland, Ohio 44113-2267

## DECLARATION OF TERMINATION OF AGREEMENTS

THIS DECLARATION OF TERMINATION OF AGREEMENTS is made and entered into this _____ day of _____, 2009, by and between Short Pump Town Center, LLC, a Virginia limited liability company, and F.C. Short Pump Land Investment, Inc., a Virginia corporation, both having an address of Suite 1360, 50 Public Square, Cleveland, Ohio 44113 (hereinafter collectively called "Landlord") and Circuit City Stores, Inc., a Virginia corporation, with an address of 9954 Mayland Drive, Richmond, Virginia 23233 (hereinafter called "Tenant").

WHEREAS, Landlord and Tenant entered into a Lease dated December 5, 2003 (the "Lease"), and

WHEREAS, said Lease was for the real property located in the City of Richmond, Henrico County, Virginia, as more particularly described in Exhibit "A" attached hereto and incorporated herein (the "Premises"), and

WHEREAS, the parties entered into a Lease Termination Agreement dated as of March 13, 2009; and

WHEREAS, it is the desire of the parties to said Lease to enter into and execute this Declaration of Termination of Agreements, which is to be recorded in order that third parties may have notice of the expiration and termination of said Lease.

NOW, THEREFORE, Landlord and Tenant do hereby declare the termination of said Lease and, in consideration of the Premises and the mutual covenants and obligations in said Lease, do agree as follows:

1. <u>Declaration of Termination.</u>  Landlord and Tenant do hereby declare that the Lease was terminated on March 13, 2009.  The Lease is more particularly described as follows:

LEASE dated December 5, 2003, between Short Pump Town Center, LLC, a Virginia limited liability company, and F.C. Short Pump Land Investment, Inc., a Virginia corporation, and Circuit City Stores, Inc., a Virginia corporation, the terms of which Lease are set forth in a Memorandum of Lease dated December 5, 2003 and recorded in Deed Book 3688, Page 1954, in the Clerk's Office, Circuit Court, Henrico County, Virginia.

2. <u>Successors and Assigns.</u>  This Declaration of Termination of Agreements shall be binding upon, and inure to the benefit of, all the parties hereto, and their respective successors and assigns.

IN WITNESS WHEREOF, the parties hereto have caused this Declaration of Termination of Agreements to be executed as of the day and year first written above.

Signed in the Presence of:                    LANDLORD:

                                              SHORT PUMP TOWN CENTER, LLC,
                                              a Virginia limited liability company

                                              By:    F.C. Short Pump Land Investment, Inc.,
                                                     a Virginia corporation, its Member

                                              By:_____
                                                     Duane F. Bishop Jr., Vice President


STATE OF OHIO                 )
                              )        SS:
COUNTY OF CUYAHOGA )

        BEFORE ME, the undersigned Notary Public in and for said County and State, personally appeared the above named SHORT PUMP TOWN CENTER, LLC, a Virginia limited liability company, by F.C. Short Pump Land Investment, Inc., a Virginia corporation, its Member, by Duane F. Bishop, Jr., its Vice President, who acknowledged that he did sign the foregoing instrument and that the same is his free act and deed and the free act and deed of said limited liability company.

        IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal this _____ day of _____, 2009.

                                              _____
                                              Notary Public

F.C. SHORT PUMP LAND INVESTMENT, INC.,
a Virginia corporation

By:_____
        Duane F. Bishop, Jr., Vice President


STATE OF OHIO              )
                           )      SS:
COUNTY OF CUYAHOGA  )

        BEFORE ME, the undersigned Notary Public in and for said County and State, personally appeared the above named F.C. SHORT PUMP LAND INVESTMENT, INC., a Virginia corporation, by Duane F. Bishop, Jr., its Vice President, who acknowledged that he did sign the foregoing instrument and that the same is his free act and deed and the free act and deed of said limited liability company.

        IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal this _____ day of _____, 2009.


                        _____
                        Notary Public


TENANT:

CIRCUIT CITY STORES, INC.,
a Virginia corporation
By: _____
Name:_____
Its: _____


STATE OF _____)
                                                     )    SS:
COUNTY OF _____ )

      BEFORE ME, the undersigned Notary Public in and for said County and State, personally appeared the above named CIRCUIT CITY STORES, INC., a Virginia corporation, by _____, its _____, who acknowledged that he/she did sign the foregoing instrument and that the same is his/her free act and deed and the free act and deed of said corporation.

      IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal this _____ day of _____, 2009.


_____
Notary Public


H:\w97\rew\L9022 Dec of Term.doc


**Exhibit "A"**

Legal Description of Premises

EXHIBIT "A-1"

LEGAL DESCRIPTION
PERIPHERAL PARCEL NO. 1B

BEING ALL that certain piece or parcel of land lying and being in Henrico County, Virginia, designated as Peripheral Parcel No. 1B, as shown on plat made by Timmons Group, dated September 9, 2003, entitled "Compiled Plat Showing Outparcels 1A-1D, Peripheral Parcels 1A-1C and Outparcels 3A & 3B at Short Pump Town Center, a copy of which is recorded in the Clerk's Office of the Circuit Court of Henrico County, Virginia, in Plat Book 116, Pages 344-346, and being more particularly described as follows:

COMMENCING at a point marked P.O.B. PP1A at the intersection of the east line of Hagen Drive and the north line of U.S. Route 250, West Broad Street; thence along the said east line of Hagen Drive the following three courses: N 27°37'44" W, 57.15' to a point; thence N 13°35'16" E, 10.47' to a point; thence N 76°24'44" W, 5.41' to a point; thence, leaving the said east line of Hagen Drive, along a curve to the right having a radius of 79.00', a length of 16.56', a chord bearing of N 7°36'56" E and a chord distance of 16.53' to a point; thence N 13°37'17" E, 91.80' to a point; thence along a curve to the left having a radius of 381.00', a length of 39.21', a chord bearing of N 10°40'24" E and a chord distance of 39.19' to a point parked P.O.B. PP1B, said point being the true point of beginning; thence along a curve to the left, having a radius of 381.00', a length of 133.26' a chord bearing of N 02°17'41" W and a chord distance of 132.58' to a point; thence N 79°56'30" E, 30.19' to a point; thence N 13°44'33" E, 89.94' to a point; thence S 76°15'27" E, 30.00 to a point; thence N 13°44'33" E. 85.22' to a point; thence N 24°18'58" W, 69.85' to a point; thence N 13°44'33" E, 35.63' to a point; thence N 66°26'35" W, 34.36' to a point; thence N 45°12'18" W, 38.75' to a point; thence along a curve to the left, having a radius of 731.08', a length of 10.74' a chord bearing of N 43°11'57" E and a chord distance of 10.74' to a point; thence along a curve to the left, having a radius of 542.44", a length of 58.15' a chord bearing of N 39°42'26" E and a chord distance of 58.12' to a point; thence along a curve to the right, having a radius of 49.00', a length of 71.82', a chord bearing N 78°37'40" E and a chord distance of 65.56' to a point; thence S 59°22'50" E, 141.20' to a point; thence along a curve to the left, having a radius of 513.00' a length of 142.29', a chord bearing of S 67°23'00" E, and a chord distance of 141.84' to a point; thence S 75°19'46" E, 8.61' to a point; thence S 13°44'33" W, 400.48' to a point; thence N 76°33'06" W, 100.68' to a point; thence S 13°43'20" W, 52.39' to a point; thence N 77°35'14" W, 184.23' to the point of beginning containing 3.228 acres of land.

BEING a portion of the same property conveyed to Short Pump Town Center, LLC, a Virginia limited liability company, by deed from MJGT Associates, LLC, dated August 28, 2002, recorded in Deed Book 3297, Page 1959, in the Clerk's Office, Circuit Court, Henrico County, Virginia.

AND BEING a portion of the same property leased to F.C. Short Pump Land Investment, Inc., a Virginia corporation, by Ground Lease and Grant of Improvements dated September 1, 2003, and recorded in Deed Book 3555, Page 61, in the Clerk's Office, Circuit Court, Henrico County, Virginia.