Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER         MCGUIREWOODS LLP
& FLOM, LLP                           One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-           (804) 775-1000
0636
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                         : Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     : Case No. 08-35653
et al.,                        :
                               :
            Debtors.           : Jointly Administered
- - - - - - - - - - - - - - - x
```

**DEBTORS' THIRD MOTION FOR AN ORDER UNDER
11 U.S.C. § 105(a) AND FED. R. BANKR. P. 9006(b)
FURTHER EXTENDING THE TIME PERIOD WITHIN WHICH THE
DEBTORS MAY REMOVE ACTIONS PURSUANT TO
28 U.S.C. § 1452 AND FED. R. BANKR. P. 9027**

The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby move (the "Third Motion") for entry of an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules) further extending the time period within which the Debtors may remove pending proceedings pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027.  In support of the Third Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.   The Court has jurisdiction to consider the Third Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

2

these cases and the Third Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested here are Bankruptcy Code section 105(a) and Bankruptcy Rules 9006 and 9027.

**BACKGROUND**

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

5. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced go-

3

ing out of business sales pursuant to the Agency Agreement at the Debtors remaining stores. As of on or about March 8, 2009, the going out of business sales concluded.

6. On August 24, 2009, the Debtors and the Creditors' Committee filed the Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"), as well as the associated disclosure statement (the "Disclosure Statement"). Generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code.

**RELIEF REQUESTED**

7. Pursuant to Bankruptcy Rule 9027(a)(2), the period during which the Debtors may remove actions, if any, pursuant to 28 U.S.C. § 1452 (the "Removal Period") expires on the later of October 6, 2009 or (b) 30 days after entry of an order terminating the automatic stay with respect to any particular action sought to be removed. By this Third Motion, the Debtors request the entry of an order pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 9006(b) further extending the

4

Removal Period with respect to any actions pending on the Petition Date through the later of (a) January 4, 2010 or (b) 30 days after entry of an order terminating the automatic stay with respect to any particular action sought to be removed.

**APPLICABLE AUTHORITY**

8.  28 U.S.C. § 1452 governs the removal of pending civil actions.  Section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).  The current deadline for the Debtors to remove an action is October 6, 2009.

9.  It is well settled that this Court is authorized to expand the removal period as requested herein. See Caperton v. A.T. Massey Coal Co., Inc., 251 B.R. 322, 325 (S.D.W.V. 2000) ("Rule 9006 provides authority to enlarge the thirty-day time period for removing actions"); Wesco Prods. Co. v. Ramirez (In re Wesco Prods. Co.), 19 B.R. 908, 910 (Bankr. N.D. Ill. 1982)

5

(the 30 day time limit for removal "is subject to enlargement in the court's discretion"); In re World Fin. Servs. Ctr., Inc., 81 B.R. 33, 39 (Bankr. S.D. Ca. 1987) ("the Supreme Court intended to give bankruptcy judges the powers to enlarge the filing period of Bankr. R. 9027(a)(2) beyond the thirty day period, pursuant to Bankr. R. 9006(b)(1)"); Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Electric Construction Corp.), 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (implying that timely filing a motion for enlargement of time period for removal is often granted); Stamm v. Rapco Foam, Inc., 21 B.R. 715, 718 (Bankr. W.D. Pa. 1982) (court may enlarge the time limit for the filing of an application for removal in appropriate circumstances)

       10. The Debtors are parties to numerous judicial and administrative proceedings currently pending in various courts and administrative agencies (collectively, the "Actions"). The Actions involve a variety of claims, some of which are complex. Specifically, the Actions include, among others, discrimination, workers' compensation, and product liability claims. Because of the number of Actions involved and the variety of claims,

6

the Debtors require additional time to determine which, if any, of the Actions should be removed and, if appropriate, transferred to this district.

11. In addition, since the Debtors announced their liquidation on January 16, 2009, the Debtors have been focused on, among other matters, executing on a wind-down plan with the dual goal of winding down as expeditiously as possible and maximizing value for the benefit of their estates. These efforts, included (without limitation) closing and vacating approximately 600 retail stores, distribution, service and call centers, and corporate headquarters, marketing and selling or otherwise realizing value from their various assets, reviewing, reconciling and objecting to administrative, priority, and unsecured claims, investigating causes of action against third parties, documenting and seeking collection of obligations owed to the Debtors' estates under existing agreements, and otherwise winding down their remaining affairs. Finally, the Debtors have negotiated a consensual plan of liquidation with the Creditors' Committee and obtained approval of the associated disclosure statement.

12.  In light of the foregoing, the Debtors submit that the requested extension of time is in the best interests of their estates and creditors because it will afford the Debtors a sufficient opportunity to make fully informed decisions concerning whether the Actions may and should be removed, thereby protecting the Debtors' valuable right to adjudicate lawsuits pursuant to 28 U.S.C. § 1452.

13.  The Debtors' adversaries will not be prejudiced by such an extension because such adversaries may not prosecute the Actions absent relief from the automatic stay.  Furthermore, nothing herein will prejudice any party to a proceeding that the Debtors seek to remove from pursuing remand pursuant to 28 U.S.C. § 1452(b).  Accordingly, the proposed extension requested herein will not adversely affect the rights of other parties to the Actions.

**NOTICE**

14.  Notice of this Third Motion has been provided to those parties who have requested notice pursuant to Bankruptcy Rule 2002, the Core Group (as defined in the Order Pursuant to Bankruptcy Code Sections 102

and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 130; the "Case Management Order")), the Debtors' adversaries in the Actions.  The Debtors submit that, under the circumstances, no other or further notice need be given.

**WAIVER OF MEMORANDUM OF LAW**

15.    Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Third Motion and all applicable authority is set forth in the Third Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form annexed hereto, extending the Removal Period through the

later of (a) January 4, 2010 or (b) 30 days after entry of an order terminating the automatic stay with respect to any particular action sought to be removed, and granting such other relief as is just and proper.

Dated: October 8, 2009　　　　　SKADDEN, ARPS, SLATE, MEAGHER &
　　　　Richmond, Virginia　　　FLOM, LLP
　　　　　　　　　　　　　　　　Gregg M. Galardi, Esq.
　　　　　　　　　　　　　　　　Ian S. Fredericks, Esq.
　　　　　　　　　　　　　　　　P.O. Box 636
　　　　　　　　　　　　　　　　Wilmington, Delaware 19899-0636
　　　　　　　　　　　　　　　　(302) 651-3000

　　　　　　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　　　SKADDEN, ARPS, SLATE, MEAGHER &
　　　　　　　　　　　　　　　　FLOM, LLP
　　　　　　　　　　　　　　　　Chris L. Dickerson, Esq.
　　　　　　　　　　　　　　　　155 North Wacker Drive
　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　(312) 407-0700

　　　　　　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　　　MCGUIREWOODS LLP


　　　　　　　　　　　　　　　　/s/ Douglas M. Foley____
　　　　　　　　　　　　　　　　Dion W. Hayes (VSB No. 34304)
　　　　　　　　　　　　　　　　Douglas M. Foley (VSB No. 34364)
　　　　　　　　　　　　　　　　One James Center
　　　　　　　　　　　　　　　　901 E. Cary Street
　　　　　　　　　　　　　　　　Richmond, Virginia 23219
　　　　　　　　　　　　　　　　(804) 775-1000

　　　　　　　　　　　　　　　　Counsel for Debtors and Debtors
　　　　　　　　　　　　　　　　in Possession

| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, | MCGUIREWOODS LLP |
| MEAGHER & FLOM, LLP | One James Center |
| One Rodney Square | 901 E. Cary Street |
| PO Box 636 | Richmond, Virginia 23219 |
| Wilmington, Delaware 19899-0636 | (804) 775-1000 |
| (302) 651-3000 | |

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
           Debtors.           :    Jointly Administered
- - - - - - - - - - - - - - - x

**ORDER GRANTING DEBTORS' THIRD MOTION FOR
AN ORDER UNDER 11 U.S.C. § 105(a) AND FED. R.
BANKR. P. 9006(b) FURTHER EXTENDING THE TIME PERIOD
WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS PURSUANT TO
28 U.S.C. § 1452 AND FED. R. BANKR. P. 9027**

Upon the third motion (the "Third Motion")[1] of the Debtors for entry of an order under Bankruptcy Code section 105(a) and Bankruptcy Rule 9006(b) further extending the time period within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027; and this Court having fully considered the record before it; and it appearing that notice of the Motion was good and sufficient under the circumstances; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.   The Third Motion is GRANTED.

2.   The time period within which the Debtors may remove actions pending as of the Petition Date under 28 U.S.C. § 1452 and Bankruptcy Rule 9027 is hereby further extended through the later of (a) January 4,

---

[1] Each capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Motion.

2

2010, or (b) 30 days after entry of an order terminating the automatic stay with respect to any particular action sought to be removed.

       3.   Entry of this Order is without prejudice to the Debtors' right to seek from this Court further extensions of the time period to remove actions.

       4.   This Court shall retain jurisdiction with respect to any dispute concerning the relief granted hereunder.

Dated:  Richmond, Virginia
       _____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

   - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

   - and -

/s/ Douglas M. Foley
_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                     /s/ Douglas M. Foley
                                       Douglas M. Foley