Kevin A. Lake, Esquire (VSB#34286)
VANDEVENTER BLACK LLP
Eighth & Main Building
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA  23218-1558
Tel: 804.237.8811
Fax: 804.237.8801
klake@vanblk.com

WILLIAM H. COLLIER, JR., CASB No. 97491
william.collier@kyl.com
DAVID D. PIPER, CASB No. 179889
david.piper@kyl.com
JAMES A. MARISSEN, CASB No. 257699
james.marissen@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate, P.O. Box 1730
Long Beach, California  90801-1730
Telephone:        (562) 436-2000
Facsimile:        (562) 436-7416

Attorneys for Creditor
MADCOW INTERNATIONAL GROUP LIMITED

# UNITED STATES BANKRUPTCY COURT

# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| In re: | ) Case No. 08-35653-KRH |
| | ) |
| CIRCUIT CITY STORES, INC., et al. | ) Chapter 11 (jointly administered) |
| | ) |
| Debtors. | ) **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER GRANTING ALLOWANCE AND COMPELLING PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM** |
| | ) |
| | ) **[Filed concurrently with Notice of Motion and Motion for Payment of Administrative Expense and Declaration of David Wu]** |
| | ) |
| | ) Date:  November 3, 2009 |
| | ) Time: 11:00 A.M. |
| | ) Place: United States Bankruptcy Court, Room 5000, 701 East Broad Street, Richmond, Virginia 23219 |

KYL_LB1218677

1

2    MADCOW INTERNATIONAL GROUP LIMITED ("Creditor"), an

3    unsecured creditor of Debtor CIRCUIT CITY STORES, INC. *et al.* ("Debtor"), by and

4    through its undersigned counsel appears before the United States Bankruptcy Court for

5    the Eastern District of Virginia, Richmond Division and moves the Court for allowance

6    and payment of Creditor's Chapter 11 priority administrative expense claim for

7    $710,101.40 as against Debtor.

8                                            **I.**

9                                    **JURISDICTION**

10          The Court has jurisdiction over this administrative expense claim motion

11   (the "Motion") pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding

12   pursuant to 28 U.S.C. § 157(b)(2).  Venue of this motion is proper under 28 U.S.C. §§

13   1408 and 1409.

14                                           **II.**

15                                    **BACKGROUND**

16          On November 10, 2008 (the "Petition Date"), the Debtor filed a voluntary

17   petition for relief under Chapter 11 of the Bankruptcy Code. Since that time, Debtor has

18   remained in possession of Creditor's property and continues to operate its business and

19   manage its affairs as a debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

20          Creditor is a Hong Kong based vendor who regularly sold various types of

21   consumer electronic goods ("goods") to Debtor.  (Declaration of David Wu ¶ 3, hereinafter

22   "Wu Decl.") Creditor sold goods to the Debtor that were shipped or delivered after the

23   petition date.  (Wu Decl. ¶ 4.)  Specifically, creditor shipped $710,101.40 worth of goods

24   to the Debtor from November 10, 2008 through November 22, 2008.  (Wu Decl. ¶ 5; See

25   also Exhibit "A" to Wu Decl.)  The goods were ordered by Debtor through the customary

26   procedure established between Creditor and Debtor over the course of their relationship.

27   (Wu Decl. ¶ 7.)  Pursuant to the invoices, payment was to be telegraphically transferred

28   60 days after vessel departure.  (Wu Decl. ¶ 8.)  Time for payment has now expired.  (Wu

KYL_LB1218677

1   Decl. ¶ 9.)

2          As of the date of this motion, Debtors have not paid Creditors for any

3   portion of the value of the goods shipped or delivered after the petition date. (Wu Decl. ¶

4   10.)  Therefore, Creditor seeks relief from this court in the amount of $710,101.40 as an

5   allowed administrative expense under Bankruptcy Code section 503(b).

6

7                                          III.

8                               **RELIEF REQUESTED**

9          Pursuant to the Court's November 13, 2008 order, and 503(b) and 507(a)(2)

10  of the Bankruptcy Code, Creditor respectfully requests that this Court allow Creditor's

11  priority administrative expense claim in the amount of $710,101.40  for the goods.

12                                         IV.

13                               **BASIS FOR RELIEF**

14         On November 13, 2008, the Court granted administrative expense status to

15  obligations arising from postpetition delivery of goods by Vendors to Debtor.  (See

16  Exhibit "B" to Wu Decl..) Specifically, the court ordered:

17

18         "The Vendors shall have administrative expense claims with priority under
           Bankruptcy Code sections 503(b) and 507(a)(2) for those undisputed
19         obligations arising from outstanding orders relating to shipments of Goods
           delivered, received, and accepted by the Debtors after the Petition Date …
20         The Debtors are authorized, but not obligated, to pay their undisputed
           obligation arising from the postpetition shipment or delivery of Goods by
21         the Vendors under their practice in the ordinary course before the
22         commencement of these chapter 11 cases."

23  Creditor regularly sold Debtor goods in the ordinary course of Debtor's business that

24  were shipped or delivered after the petition date.  (Wu Decl. ¶¶ 3-4,) As evidenced by the

25  invoices and attached as Exhibit "A" to the Declaration of David Wu, it is undisputed

26  that Creditor shipped $710,101.40 worth of goods to the Debtor from November 10, 2008

27  through November 22, 2008.  (See Exhibit "A" to Wu Decl.)  The goods were ordered by

28  Debtor through the customary procedure established between Creditor and Debtor

1  whereby Debtor would order goods and Creditor would ship the goods and issue

2  commercial invoices to Debtor for payment.  (Wu Decl. ¶ 7; Exhibit "A" to Wu Decl.)

3  Pursuant to the invoices, payment was to be telegraphically transferred 60 days after

4  vessel departure.  (Wu Decl. ¶ 8.)  As of the date of this motion, Debtors have not paid

5  Creditors for any portion of the goods shipped or delivered after the petition date and

6  time for payment has now expired.  (Wu Decl. ¶¶ 9-10.) Pursuant to the Court's

7  November 13, 2008 order, because this claim is for undisputed obligations arising from

8  the shipment or delivery of goods after the petition date, this claim must be afforded

9  administrative expense status with priority under Bankruptcy Code sections 503(b) and

10  507(a)(2). Therefore, Creditor is entitled to payment of $710,101.40 as an allowed

11  administrative expense with priority under the Bankruptcy Code.

12        Further, Creditor reserves its right to assert claims against Debtor for

13  amounts not contemplated by this Motion and to amend, modify, and/or supplement this

14  request, as appropriate under the circumstances.

15  **V.**

16  **<u>CONCLUSION</u>**

17        WHEREFORE, Creditor respectfully requests that the Court issue an order

18  (a) for allowance and payment of Creditor's administrative expense claim against the

19  Debtors, Circuit City Stores, Inc., *et al.*, in the amount of $710,101.40 as an

20  administrative expense upon the effective date of confirmation of a plan of

21  reorganization in this case, and (b) granting such other and further relief as may be just

22  and proper under the circumstances.

23

24  DATED:  October 9, 2009        **MADCOW INTERNATIONAL GROUP LIMITED**

25                        <u>/s/ Kevin A. Lake</u>

26                        Kevin A. Lake
                      VANDEVENTER BLACK LLP

27                        Eighth & Main Building
                      707 E. Main Street, Suite 1700

28                        P.O. Box 1558
                      Richmond, VA  23218-1558

1

2

Tel: 804.237.8811
Fax: 804.237.8801
klake@vanblk.com

3

4

WILLIAM H. COLLIER, JR., CASB No. 97491
william.collier@kyl.com
DAVID D. PIPER, CASB No. 179889
david.piper@kyl.com
JAMES A. MARISSEN, CASB No. 257699
james.marissen@kyl.com
Keesal, Young & Logan
A Professional Corporation
400 Oceangate, P.O. Box 1730
Long Beach, California  90801-1730
Telephone:    (562) 436-2000
Facsimile:    (562) 436-7416
Attorneys for Creditor

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KYL_LB1218677

1

2

## CERTIFICATE OF SERVICE

3

4    I hereby certify that on the 9th day of October, 2009, I caused to be served a true and correct copy of
Madcow International Group Limited's MEMORANDUM OF POINTS AND AUTHORITIES IN
5    SUPPORT OF MOTION FOR ENTRY OF AN ORDER GRANTING ALLOWANCE AND
COMPELLING PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM to all parties receiving
6    notice via ECF and via ECF and/or email on the following:

7

8    Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
9    Skadden, Arps, Slate, Meagher & Flom, LLP
P.O. Box 636
10    Wilmington, Delaware 19899-0636
*gregg.galardi@skadden.com*
11    *Ian.Fredericks@skadden.com*

12    Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
13    155 North Wacker Drive
Chicago, Illinois 60606-7120
14    *chris.dickerson@skadden.com*

15

16    Douglas M. Foley
Dion W. Hayes
17    McGuireWoods, LLP
One James Center
18    901 E. Cary Street
Richmond, Virginia 23219
19    Attorneys for Debtors
*dfoley@mcguirewoods.com*
20    *dhayes@mcguirewoods.com*

21

22

23

24
                                        /s/ Kevin A. Lake
25                                      Kevin A. Lake

26

27

28

KYL_LB1218677