IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

| | |
|---|---|
| IN RE:<br><br>CIRCUIT CITY STORES, INC., et al.<br><br>Debtors. | Bankruptcy No. 08-35653-KRH<br>(Chapter 11)<br>Jointly Administered |

## MOTION TO DEEM PROOF OF CLAIM TIMELY FILED AND FOR LEAVE TO AMEND

Creditor John Raleigh ("Mr. Raleigh"), by counsel, for his Motion to Deem Proof of Claim Timely Filed and for Leave to Amend ("Motion for Leave"), states, for his Motion for Leave and Memorandum in Support,[1] as follows:

1. Mr. Raleigh is a former employee of Circuit City claiming recovery of lost wages and additional amounts due to be paid to him by Circuit City pursuant to his employment agreement, a copy of which was provided along with his Proof of Claim and additional supporting documentation. (Claim No. 11391, incorporated herein by reference.)

2. By Order of this Court dated December 10, 2008 (Docket No. 890), the deadline for filing proofs of claim for non-governmental claimants was January 30, 2009, 5p.m. Pacific Time.

---

[1] Pursuant to Local Rule 9013-1(G)(1), Movant will not file a separate memorandum. Movant will rely on this motion and Memorandum, as well as evidence and argument as appropriate at the hearing on this Motion.

Thomas W. Repczynski, Bar No. 39967
Counsel for John Raleigh
Bean, Kinney & Korman, P.C.
2300 Wilson Blvd, 7th Floor
Arlington, Virginia 22201
(703) 525-4000; (703) 525-2207 (Fax)

In re: Circuit City Stores, Inc., et al.            Case No. 08-35653-KRH

3.      Mr. Raleigh properly addressed and mailed his Proof of Claim to Kurtzman Carson Consultants LLC, the Debtors' claims agent ("Claims Agent"), in advance of the Filing Deadline by first class mail, postage prepaid.

4.      On January 30, 2009, out of concern that he had not sent his Proof of Claim sufficiently in advance of the Filing Deadline to be received by the Claims Agent on time, Mr. Raleigh contacted the Claims Agent by phone and spoke with Mr. Steinhafel, approximately three hours in advance of the Filing Deadline.

5.      Mr. Raleigh confirmed with Mr. Steinhafel that he was responsible for processing Circuit City proofs of claim for the Claims Agent.

6.      Confirming that Mr. Raleigh's Proof of Claim had apparently not yet been received, Mr. Raleigh inquired of Mr. Steinhafel what was done with the claims upon receipt and whether Mr. Raleigh could take any additional action to assure timely receipt of his Proof of Claim.

7.      Mr. Steinhafel advised Mr. Raleigh that the proofs of claim were scanned and advised Mr. Raleigh further that Mr. Raleigh could email him a scanned copy in advance of the Filing Deadline to assure timely receipt.

8.      Mr. Raleigh, reasonably relying on Mr. Steinhafel's apparent authority on behalf of the Claims Agent, immediately emailed Mr. Steinhafel a scanned copy of his Proof of Claim in advance of the Filing Deadline. A copy of the email correspondence to Mr. Steinhafel, sent January 30, 2009, at 5:41 p.m. (Eastern), is attached hereto as **Exhibit 1**.

In re: Circuit City Stores, Inc., et al.                                                                Case No. 08-35653-KRH

9. Mr. Raleigh's copy of his Proof of Claim sent via the U.S. Postal Service was apparently received by the Claims Agent over that weekend. It was stamped as received the following Monday, February 2, 2009, the date Circuit City treats Mr. Raleigh's Proof of Claim as having been filed.

10. Debtors objected to Mr. Raleigh's Proof Claim as untimely as part of Debtors' Eighth Omnibus Objection to Certain Late Claims ("Eighth Omnibus Objection"); Mr. Raleigh timely responded (Docket No. 3921); and the hearing on the matter has been continued to October 15, 2009, at 2p.m.

11. As a claim for unpaid wages, Mr. Raleigh's Proof of Claim is entitled to partial priority treatment in the amount of $10,950, the full extent allowable under 11 U.S.C. § 507(a)(4).

12. Unfortunately, Mr. Raleigh did not prepare his Proof of Claim with the assistance of legal counsel and did not complete Section 5 of the claim form.

13. Mr. Raleigh now asks that the emailed copy of his Proof of Claim delivered to the Claims Agent in advance of the Filing Deadline be deemed to have satisfied the Court's order, or, in the alternative, that it be deemed to be a timely filed informal claim (pursuant to Rule 3002) which the mailed copy served to amend.

14. 'The trend of the decisions is in favor of the greatest liberality in the allowance of the filing of amended proofs of claim if there is anything in the record to support it." *Scottsville National Bank of Scottsville, Va. v. Gilmer*, 37 F.2d 227 (4th Cir. 1930).

WHEREFORE, for the reasons stated herein, former Circuit City employee John Raleigh moves this Court for an order deeming Mr. Raleigh's Proof of Claim (Claim #11391) as timely

In re: Circuit City Stores, Inc., et al.                                                    Case No. 08-35653-KRH

filed; further, that the timely filed Proof of Claim be deemed to be amended (or that Mr. Raleigh be allowed to file an amended proof of claim) to include a priority portion in the amount of $10,950, the full extent allowable under 11 U.S.C. § 507(a)(4); and/or, if warranted, awarding such additional or alternative relief as the Court may deem appropriate.

                                                               John Raleigh
                                                                By Counsel

BEAN, KINNEY & KORMAN, P.C.

By:    */s/ Thomas W. Repczynski*
       Thomas W. Repczynski, Bar No. 39967
       Counsel for John Raleigh
       2300 Wilson Boulevard, 7th Floor
       Arlington, Virginia  22201
       (703) 525-4000; 703) 525-2207 (fax)

## CERTIFICATE OF SERVICE

    I hereby certify that on October 10, 2009, a copy of the foregoing pleading is being served electronically via CM/ECF upon all those receiving notice thereby and separately by electronic mail to Debtors' counsel.

                                                              */s/ Thomas W. Repczynski*
                                                              Thomas W. Repczynski