Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION
- - - - - - - - - - - - - - - x
In re:                          :    Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :    Case No. 08-35653 (KRH)
et al.,                         :
                                :    Jointly Administered
                Debtors.        :    **Obj. Deadline: October 23, 2009**
- - - - - - - - - - - - - - - x **at 5:00 p.m. (ET)**

                **NOTICE OF PROPOSED SETTLEMENT**

        PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval
(D.I. 4401, the "Order").[1]  A copy of the Order (without
exhibits) is annexed as Exhibit 1.

        PLEASE TAKE FURTHER NOTICE that, pursuant to the
Order, the above-captioned debtors and debtors in

---

[1]  Capitalized terms not otherwise defined herein shall have the
    meanings ascribed to such terms in the Settlement.

possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement") with the Insurance Carriers, a copy of which is annexed as Exhibit 2.

### SUMMARY OF SETTLEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Order, the material terms of the Settlement are as follows:

(i) The Proposed Settlement is a Tier II Settlement.

(ii) The Settlement is between the Debtors and Liberty Mutual Fire Ins. Co., Underwriter's at Lloyds Insurance Company, Axis Surplus Lines Insurance Co., Max Specialty Insurance Co., and Lexington Insurance Company (collectively, the

---

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]   **This section of the notice constitutes a summary of the material terms of the Settlement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement in its entirety.  In the event there is a conflict between the notice and the Settlement, the Settlement shall control in all respects.**

"Insurance Carriers" and together with the
Debtors, the "Parties" and each of which is a
"Party"),

(iii) Hurricane Ike was a category two (2)
hurricane that made landfall along the north
end of Galveston Island, Texas on September 13,
2008.  Several Circuit City retail stores in
Texas suffered extensive property damage
because of the severe weather brought about by
Hurricane Ike.  Moreover, the Debtors were
forced to close many of their retail stores to
prepare for Hurricane Ike.  During this time,
the Debtors experienced a significant
interruption in business.  The Debtors and the
Insurance Carriers are parties to a number of
insurance contracts (the "Insurance Contracts");
pursuant to which, the Debtors are entitled to
recover certain pecuniary losses when such
losses were caused by severe weather, such as
Hurricane Ike.  The Settlement reflects the
Parties' agreement as to the value of the
reimbursable losses suffered by the Debtors
under the Insurance Contracts and the amount of
the Hurricane Ike Claim Payment to be made by
the Insurance Carriers to the Debtors in
connection with those reimbursable losses.

(iv) Upon application of the appropriate
deductibles prescribed under the Insurance
Contracts, the Insurance Carriers agree to pay
$538,545.05 (the "Hurricane Ike Claim Payment")
to the Debtors in full and final satisfaction
of the Hurricane Ike Claim.

(v) The Settlement will enable the Parties to
beneficially resolve the Debtors' Hurricane Ike
Claim without instituting litigation
proceedings, thereby avoiding the attendant
costs, delays and uncertainty of litigation
over any disputed issues that arise in
conjunction with the Hurricane Ike Claim.  The
costs associated with litigation would likely
exceed the difference between the Hurricane Ike
Claim and the Hurricane Ike Claim Payment; thus,

3

the Settlement is fair and equitable to all
parties in interest.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
SETTLEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE SETTLEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Order, any Notice Party may
object (each an "Objection") to or request additional time
or information (each a "Request") to evaluate the
Settlement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be _in writing_ and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (see information below) by no later
**October 23, 2009 at 5:00 p.m. (ET)** (the "Objection
Deadline").  Each Objection or Request must be served on (i)
the attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue,
36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to
the Settlement and you do not want the Debtors to proceed
with Settlement or you want the Court to consider your
views concerning such Settlement, you or you attorney must
also:

file in writing with the Court, Clerk of Court,
United States Bankruptcy Court, 701 East Broad
Street, Suite 4000, Richmond, Virginia 23219, or
electronically (www.vaeb.uscourts.gov), a written
Objection pursuant to Local Bankruptcy Rule 9013-
1(H). If you mail your Objection to the Court for

filing, you must mail it early enough so the Court will **receive it on or before October 23, 2009 at 5:00 p.m. (ET)**.

**Any Objection to a Settlement must be submitted by the method described in the foregoing sentence.  Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Settlement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested.  Each Notice Party may only make one Request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement without further order of the Court or any other action by the Debtors**.

Dated: October 13, 2009   SKADDEN, ARPS, SLATE, MEAGHER &
Richmond, Virginia         FLOM, LLP
                           Gregg M. Galardi, Esq.
                           Ian S. Fredericks, Esq.
                           P.O. Box 636
                           Wilmington, Delaware 19899-0636
                           (302) 651-3000

                                  – and –

                           SKADDEN, ARPS, SLATE, MEAGHER &
                           FLOM, LLP
                           Chris L. Dickerson, Esq.

155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

**EXHIBIT 1**

**(Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                           :
In re:                     :   Chapter 11
                           :
CIRCUIT CITY STORES, INC., :   1Case No. 08-35653 (KRH)
<u>et al</u>.,                    :
                           :
            Debtors.       :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy
Code") and Rules 2002, 9006 and 9019 of the Federal
Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),
for entry of an order authorizing the establishment of
procedures to settle certain pre-petition and post-
petition claims and causes of action without further
court approval; and the Court having reviewed the
Motion; and upon the record herein; and after due
deliberation thereon; and good and sufficient cause
appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.   Based on the affidavits of service filed,
due, proper and adequate notice of the Motion has been
given in accordance with the Case Management Order and
that no other or further notice is necessary;

2.   The Notice Procedures are fair,
reasonable, and appropriate.

3.   The Settlement Procedures are fair
reasonable, and appropriate.

4.   The Notice and Settlement Procedures were
proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.    Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   Tier I With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   Tier II With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

9

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.   Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.   Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.   All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.   Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear
and determine all matters arising from or related to the
Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB
SKADDEN, ARPS, SLATE,           No. 34364)
MEAGHER & FLOM, LLP             MCGUIREWOODS LLP
One Rodney Square               One James Center
PO Box 636                      901 E. Cary Street
Wilmington, Delaware            Richmond, Virginia 23219
19899-0636                      (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

           IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
         Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS AND THE INSURANCE CARRIERS RESOLVING THE
DEBTORS' HURRICANE IKE INSURANCE CLAIMS**

        This settlement agreement and stipulation

(this "Agreement") is entered into by and among the

above-captioned debtors and debtors in possession (the

"Debtors"), on the one hand, and Liberty Mutual Fire Ins. Co., Underwriter's at Lloyds Insurance Company, Axis Surplus Lines Insurance Co., Max Specialty Insurance Co., and Lexington Insurance Company (collectively, the "Insurance Carriers" and together with the Debtors, the "Parties" and each of which is a "Party"), on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, the Debtors have continued as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases.

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded.

WHEREAS, the Debtors are authorized under the Court's Order under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 authorizing the Establishment of Procedures to Settle Certain Pre-petition and Post-Petition Claims and Causes of Action without Further Court Approval entered August 10, 2009 (D.I. 4401; the "Settlement Procedures Order")[1] to enter

---

[1]   All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Procedures Order.

into this Agreement, subject to the Notice Procedures;
and

## SETTLEMENT BACKGROUND

WHEREAS, Hurricane Ike was a category two (2)
hurricane with sustained 110 mile per hour winds that
made landfall along the north end of Galveston Island,
Texas on September 13, 2008.

WHEREAS, Hurricane Ike caused serious storm
surges, heavy rainfall, flooding, and tornadoes in
certain parts of Texas, Louisiana, and Arkansas.

WHEREAS, several Circuit City retail stores in
Texas suffered extensive property damage because of the
severe weather brought about by Hurricane Ike.  Moreover,
the Debtors were forced to close many of their retail
stores to prepare for Hurricane Ike.  Many of the
Debtors' retail stores remained closed in the days
following Hurricane Ike in order to repair the damage
caused by the hurricane.  During this time, the Debtors
experienced a significant interruption in business.

WHEREAS, The Debtors and the Insurance Carriers
are parties to a number of insurance contracts (the
"Insurance Contracts").  Pursuant to the terms of the

4

Insurance Contracts, the Debtors are entitled to recover certain pecuniary losses when such losses were caused by severe weather, such as Hurricane Ike.  Specifically, and for the purposes of this Settlement Agreement, the Debtors are entitled to recover (1) losses to real and personal property, (the "Property Damage Claim"), and (2) a portion of the business income and other pecuniary losses suffered as a result of the business interruptions caused by Hurricane Ike (the "Business Interruption Claim") (together with the Property Damage Claim, the "Hurricane Ike Claim").

WHEREAS, in connection with the Hurricane Ike Claim, the Debtors retained Navigant Consulting ("Navigant") to perform forensic analysis necessary to compute the value of all the Debtors' losses suffered as a result of Hurricane Ike.

WHEREAS, the Debtors calculated that their total losses were approximately $1,119,008.74.  More specifically, the Debtors valued their Property Damage Claim at $109,434.07 and their Business Interruption Claim at $984,235.00.  An additional claim of $25,339.27

was also submitted on account of Navigant's professional
fees (the "Navigant Claim").

WHEREAS, the Hurricane Ike Claim was subject to
various deductibles, which are calculated differently
depending on the nature of the loss.

WHEREAS, under the terms of the Insurance
Contracts, different deductibles could apply to the
Property Damage Claim depending on the geographic
location where the property damage occurred.
Specifically, a higher deductible is applied to losses
suffered on account of named windstorms in Tier 1
counties because, based upon their geographic location,
Tier 1 counties experience a higher incidence of named
storms and hurricanes.  The applicable deductible for
property damage due to severe weather, such as Hurricane
Ike, in a Tier 1 county is equal to five percent (5%) of
each damaged location's insured value.  In non-Tier 1
counties, the deductible is $100,000.  The Debtors'
properties that sustained physical damage due to
Hurricane Ike were located predominantly in Tier 1
counties.

WHEREAS, the deductibles for business interruption losses are calculated on a store-by-store percentage basis.  As with the Property Damage Claim, the deductibles are equal to five percent (5%) of each location's insured value.  In order to calculate the business interruption loss, the Debtors calculated revenues less continuing expenses, as a percentage, for each affected store ("Step One").  Then lost sales for each store were calculated, taking into account historical performance for those locations, and the number of days the stores were closed due to Hurricane Ike ("Step Two").  The total amount of business interruption loss is the product of Step One and Step Two.

WHEREAS, the Insurance Carriers contended that not all of these losses were reimbursable losses under the Insurance Contracts.

WHEREAS, the parties wish to resolve the Hurricane Ike Claim in its entirety by this Agreement;

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of

7

which is hereby acknowledged, the Parties hereby

STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    The Debtors' Hurricane Ike Claim shall be
valued at $909,839.71.  More particularly, the Parties
agree to value the Debtors' Property Damage Claim at
$81,791.04, the Business Interruption Claim at $803,159,
and the Navigant Claim at $24,889.67.

2.    With respect to the Property Damage Claim,
the Parties agree that the five percent (5%) deductible
applies to the losses suffered as a result of Hurricane
Ike because most of the Debtors' properties that
suffered damage were located in Tier 1 counties;
provided, further, that the parties agree that the
applicable deductible is $69,725.66; provided, further,
that after the specific deductible for each location was
calculated and applied, the Parties agree that the
Debtors shall recover $12,065.38 on account of their
Property Damage Claim.

3.    With respect to the Business Interruption
Claim, the parties agree that the total deductible is
$301,569.00; provided, further, that after the
applicable deductibles were subtracted from the total

amount of business interruption loss for each affected location, the Parties agree that the Debtors shall recover $501,590.00 on account of their Business Interruption Claim.

4.   Upon application of the appropriate deductibles described above, the Insurance Carriers agree to pay $538,545.05 (the "Hurricane Ike Claim Payment") to the Debtors in full and final satisfaction of the Hurricane Ike Claim.  The Hurricane Ike Claim Payment shall be remitted to the Debtors by the Insurance Carriers, in the amounts set forth below, within five business days after the expiration of the ten (10) day Notice Period provided for in the Settlement Procedures Order.

5.   The Hurricane Ike Claim Payment shall be apportioned among the various Insurance Carriers as follows:

(a) Max Specialty Insurance Company shall pay five percent (5%) of the Hurricane Ike Claim Payment, $26,927.25;

(b) Axis Surplus Lines Insurance Company shall pay fifteen percent (15%) of the Hurricane Ike Claim Payment, $80,781.76;

9

(c) Liberty Mutual Fire Insurance Company shall pay ten percent(10%) of the Hurricane Ike Claim Payment, $53,854.51;

(d) Underwriter's at Lloyds Insurance Company shall pay ten percent(10%) of the Hurricane Ike Claim Payment, $53,854.51; and,

(e) Lexington Insurance Company shall pay sixty percent (60%) of the Hurricane Ike Claim Payment, $323,127.03.

6.    Neither this Agreement, nor any statement made or action taken in connection with the negotiation of this Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Settlement Agreement or (b) to seek damages or injunctive relief in connection therewith.

7.    Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

8.    No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the parties hereto and their respective successors.

9.    This Agreement shall be governed by and construed in accordance with the internal laws of the State of Virginia without regard to any choice of law provisions.

10.   This Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

11.   This Agreement constitutes the entire agreement and understanding of the parties regarding the Agreement and the subject matter thereof.

12.   The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret,

administer or enforce the terms and provisions of, this
Agreement.

13.   Each person or entity who executes this
Settlement Agreement on behalf of another person or
entity represents and warrants that he, she, or it is
duly authorized to execute this Agreement on behalf of
such person or entity, has the requisite authority to
bind such person or entity, and such person or entity
has full knowledge of and has consented to this
Agreement.  The representations and warranties set forth
in this paragraph shall survive execution of this
Agreement.

14.   This Agreement is effective upon the
later of (i) execution by all parties and (ii) the
expiration of the applicable Notice Period.

15.   This Agreement shall not be modified,
altered, amended or vacated without the written consent
of all parties hereto or order of the Bankruptcy Court.

IN WITNESS WHEREOF, this Agreement is hereby

executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:        _____

Dated:     _____

Michelle Mosier
Controller & Chief Accounting Officer
Circuit City Stores, Inc.
4951 Lake Brook Drive
Glen Allen, VA 23060

THE INSURANCE CARRIERS

By:            _____

Dated:         _____

Paul Schaetzle
Executive General Adjuster
York Claims Service, Inc.
1 Whitehall St.
New York, NY  10004

IN WITNESS WHEREOF, this Agreement is hereby executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By: *Michelle Mosier*

Dated: *October 8, 2009*

Michelle Mosier
Controller & Chief Accounting Officer
Circuit City Stores, Inc.
4951 Lake Brook Drive
Glen Allen, VA 23060

13

THE INSURANCE CARRIERS

By: _____

Dated: _____

Paul Schaetzle
Executive General Adjuster
York Claims Service, Inc.
1 Whitehall St.
New York, NY  10004

14