Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CERTAIN
ADMINISTRATIVE EXPENSES AND 503(b)(9) CLAIMS AND MOTION FOR
(I) AUTHORITY TO SETOFF AGAINST SUCH EXPENSES AND CLAIMS
AND (II) A WAIVER OF THE REQUIREMENT THAT THE FIRST HEARING
ON ANY RESPONSE PROCEED AS A STATUS CONFERENCE**

Circuit City Stores, Inc. ("Circuit City") and

its subsidiary debtors and debtors in possession in the

above-captioned cases (collectively with Circuit City, the

"Debtors"),[1] hereby object (the "Objection") to certain

Administrative Expenses (as defined herein), and hereby

move this Court, pursuant to sections 105, 503, and 558 of

title 11 of the United States Code, 11 U.S.C. §§ 101, et

seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Local Bankruptcy Rule 3007-1, for entry of an

order, in substantially the form annexed as Exhibit A,

authorizing the Circuit City to setoff the Receivables (as

defined herein) against Administrative Expenses.   In

addition, the Debtors request that this Court waive the

requirement that the initial hearing on any response

proceed as a status conference and instead request that

this Court hear argument on and resolve the legal issues

presented by this Objection and any response hereto.   In

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc.
      (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
      (0875), Ventoux International, Inc. (1838), Circuit City Purchasing
      Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution
      Company of Virginia, Inc. (2821), Circuit City Properties, LLC
      (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency,
      Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311),
      PRAHS, INC.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
      Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit
      City Stores PR, LLC (5512).  The address for Circuit City Stores
      West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado
      80031.  For all other Debtors, the address was 9950 Mayland Drive,
      Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive,
      Glen Allen, VA 23060.

support of this Objection, the Debtors respectfully state
as follows:

### JURISDICTION AND VENUE

1.   This Court has jurisdiction to consider this
Motion under 28 U.S.C. §§ 157 and 1334.  This is a core
proceeding under 28 U.S.C. § 157(b).  Venue of these cases
and this Motion in this district is proper under 28 U.S.C.
§§ 1408 and 1409.

2.   The statutory and legal predicates for the
relief requested herein are Bankruptcy Code sections 105,
503, and 558, Bankruptcy Rule 3007 and Local Bankruptcy Rule
3007-1.

### BACKGROUND

3.   On November 10, 2008 (the "Petition Date"),
the Debtors filed voluntary petitions in this Court for
relief under chapter 11 of the Bankruptcy Code.

4.   The Debtors continue to manage and operate
their businesses as debtors in possession pursuant to
Bankruptcy Code sections 1107 and 1108.

5.   On November 12, 2008, the Office of the
United States Trustee for the Eastern District of Virginia
appointed a statutory committee of unsecured creditors (the
"Creditors' Committee").  To date, no trustee or examiner
has been appointed in these chapter 11 cases.

6.    On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").   On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

7.    On September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"). The associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, and confirmation on the Plan is currently scheduled for November 23, 2009.

8.    Generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code.

**OBJECTION AND RELIEF REQUESTED**

9.    Subject to the reservation of rights set forth herein, by this Objection, the Debtors seek entry of

4

an order (i) authorizing the Debtors to setoff the

Receivables against the Claimants' (as defined herein)

503(b) Administrative Expenses (as defined herein), if any,

and against the Claimants' 503(b)(9) Claims (as defined

herein), if any, and (ii) waive the requirement that the

initial hearing on any response to this Objection proceed

as a status conference.  Instead, the Debtors request that

this Court hear argument on and resolve the legal issues

presented by this Objection (and any response thereto) and

reserve any factual disputes for a subsequent hearing after

appropriate discovery.

     10.  To assist the Claimants with identifying

whether they are subject to this Objection, the Debtors

have included an alphabetical listing of all Claimants

whose Administrative Expenses are subject to this

Objection, with a cross-reference by claim number, as

Exhibit B.

### BASIS FOR RELIEF

     11.  As set forth on Exhibit C, each claimant

identified thereon (collectively, the "Claimants") has

filed a request for payment under Bankruptcy Code sections

503(b)(1) through 503(b)(8) (collectively, the "503(b)

Administrative Expenses") and/or a claim under Bankruptcy

Code section 503(b)(9) (collectively, the "503(9) Claims"

and together with the 503(b) Administrative Expenses, the

"Administrative Expenses") against Circuit City's

bankruptcy estate.   These Administrative Expenses are

identified on Exhibit C in columns labeled "503(b)

Administrative Expense" and "503(b)(9) Claim",

respectively.

        12.   As part of the ordinary course of Circuit

City's business with the Claimants, Circuit City became

entitled to certain amounts, including receivables, charge-

backs, returns, and other amounts (collectively, the

"Receivables"), which are currently due and owing to

Circuit City by the Claimants.   The Receivables are

identified under the heading "Total Receivables" on Exhibit

C.[2]

        13.   Rather than collect the Receivables from the

Claimants and thereafter pay the Claimants on account of

---

[2]    In preparing this Objection, the Debtors conducted a preliminary
analysis of transfers made by the Debtors to the Claimants during
the ninety days prior to the Petition Date.  Based on this
preliminary analysis, it does not appear that any of the Claimants
were the recipients of transfers that are avoidable under Bankruptcy
Code section 547.  Moreover, the Debtors have not completed their
review of amounts that may be avoidable under Bankruptcy Code
section 553(b).  Nothing herein shall be deemed to be or construed
as a waiver of the Debtors' right to seek to avoid any transfers
under 547, 553 or any other section of the Bankruptcy Code or
applicable law.

the allowed amount of their Administrative Expenses,

Circuit City seeks to setoff the Receivables against the

Administrative Expenses.  After setoff, the remaining

amounts of the Administrative Expenses, if any, are

identified on Exhibit C in columns labeled "503(b)

Administrative Expense" and "503(b)(9) Claim",

respectively, under the heading "Modified Amount".

Similarly, any Receivable that remains is identified on

Exhibit C in column "Remaining Receivables".

### APPLICABLE AUTHORITY

14.   Under Bankruptcy Code section 558, all of

the debtor's personal defenses, including setoff, are

preserved.  In that regard, Bankruptcy Code section 558

provides:

> The estate shall have the benefit of any defense
> available to the debtor as against any entity
> other than the estate, including statutes of
> limitation, statutes of frauds, usury, and other
> personal defenses.  A waiver of any such defense
> by the debtor after the commencement of the case
> does not bind the estate.

11 U.S.C. § 558.  A debtor's right to effectuate setoffs is

among the offset rights preserved.  See In re TSLC I, Inc.,

332 B.R. 476, 478 (Bankr. M.D. Fla. 2005) ("Courts have

found that section 558 preserves to the debtor any pre-

petition defenses a debtor may have, including any right to

7

setoff."); In re Westchester Structures, Inc., 181 B.R.
730, 739-40 (Bankr. S.D.N.Y. 1995) ("Section 558 of the
Bankruptcy Code also preserves for the benefit of the
estate any right to setoff the debtor may have.").  Thus,
to the extent applicable law permits setoff, such right is
preserved by Bankruptcy Code section 558.

15.  Virginia law recognizes a right of setoff.
In re Ward, 210 B.R. 531, 536 (Bankr. E.D. Va. 1997)
(citing Nat'l Bank & Trust Co. at  Charlottesville v.
Castle, 85 S.E.2d 228, 233 (Va. 1955)).  Under Virginia
law, the right of setoff permits mutual debts to be applied
against one another.  See Odessky v. Monterey Wine Co., 188
Va. 184, 189 (Va. 1948) ("It is generally held under
statutes similar to Code, section 6144, that that which is
the subject of set-off must be a liquidated demand, a debt
against a debt.").  To establish a right of setoff, the
party seeking setoff must demonstrate that mutual debts are
due and owing between the same parties.  See Adams v.
Central Fidelity Bank, N.A., 1983 WL 210343, *2 (Va. Cir.
Ct. 1983) ("The general rule is that in order to warrant a
setoff the debts have to be mutual -- that is they have to
be owing between the same parties, and this is true in law
and in equity.").

16.   Here, the Receivables and the Administrative
Expenses were the result of transactions between Circuit
City and the Claimants.   Moreover, each Receivable is a
debt owed by each Claimant to Circuit City.   Likewise, each
Administrative Expense is an alleged debt owed by Circuit
City to each Claimant.   Consequently, under Virginia law,
Circuit City has established a valid setoff right.

17.   Because Circuit City may setoff under
Virginia law, the overwhelming weight of authority supports
the conclusion that a debtor in bankruptcy is not limited
to setting off pre-petition claims against pre-petition
receivables or post-petition claims against post-petition
receivables.   See, e.g., ABC-NACO, 294 B.R. at 838 ("almost
all of the reported decisions addressing the issue have
held (1) that, generally, claims asserted by a debtor under
the Bankruptcy Code are not subject to the limitations
applicable to a creditor's right to a bankruptcy setoff or
recoupment, and (2) that, specifically, a debtor's
counterclaim against a creditor does not require mutuality
in the sense of both claims arising prepetition").   Rather,
under the Bankruptcy Code, a debtor may setoff its pre-
and/or post-petition receivables against a creditor's pre-
and/or post-petition claims.   PSA, 277 B.R. at 53 ("Courts

have held that § 558 preserves any right of setoff the
debtors may have under state law, including the right to
setoff debtor's prepetition claims against administrative
expense claims."); Women First Healthcare, 345 B.R. at 134
("Courts have concluded that [under section 558] a debtor
may set off pre-petition claims against post-petition
obligations it owes.").

        18.   In this regard, as one court recently held,
the debtor may offset pre-petition receivables against
503(b)(9) administrative expenses.  See Brown & Cole
Stores, LLC v. Assoc. Grocers, Inc. (In re Brown & Cole
Stores, LLC), 375 B.R. 873, 879 (9th Cir. B.A.P. 2007)
(holding that the right of setoff applies to 503(b)(9)
claims such that a debtor may offset its pre-petition
contract claims against a creditor's administrative expense
claims under section 503(b)(9)).  And, as another court
recently held, a bankruptcy court has the discretion to
restrict setoff solely to priority claims, even if the
creditor also holds an unsecured claim.  See also United
States Internal Revenue Serv. v. Martinez (In re Martinez),
2007 U.S. Dist. LEXIS 6163 (M.D. Pa. Jan. 29, 2007)
(holding that the bankruptcy court had discretion to
restrict setoff solely to priority claims where creditor

also held a general unsecured claim against the debtor).
Such relief is consistent with this Court's equitable
powers; see also 11 U.S.C. § 105 ("The Court may issue any
order, process, or judgment that is necessary or
appropriate to carry out the provisions of [title 11].");
see In re A. H. Robins Co., Inc., 1998 WL 637401, *5 n.7
(4th Cir. 1998) ("Congress expressly recognized -- and
endorsed -- the full use of the courts' equitable powers to
effect the provisions of the Bankruptcy Code.").

19.   For the foregoing reasons, Circuit City
should be authorized to setoff the Receivables against the
Administrative Expenses.

### WAIVER OF STATUS CONFERENCE

20.   Pursuant to the Order Establishing Omnibus
Objection Procedures and Approving the Form and Manner of
Notice of Omnibus Objections entered on April 1, 2009, (the
"Omnibus Objection Procedures Order") (Docket No. 2881), to
the extent any Claimant timely files and properly serves a
response to this Objection by **November 4, 2009 at 4:00 p.m.
(ET)**, this Court would hold a status conference at the
first hearing.  The Debtors respectfully request that this
Court waive this requirement on a limited basis to permit
the first hearing on this Objection -- **the hearing on**

11

**November 12, 2009** -- to proceed with oral argument on the
legal issues presented in this Objection and any response.
After the Court resolves the legal issues presented and to
the extent any facts are in dispute, the Debtors and any
responding Claimant could thereafter engage in discovery
and schedule an evidentiary hearing, if necessary, at the
Court's convenience.

### RESERVATION OF RIGHTS

21.   At this time, the Debtors have not completed
their review of the validity of all claims filed against
their estates, including the Administrative Expenses.
Accordingly, the Administrative Expenses may be the subject
of additional subsequently filed objections.  To that end,
the Debtors reserve the right to further object to any and
all claims, whether or not the subject of this Objection,
for allowance, voting, and/or distribution purposes, and on
any other grounds applicable law permits.  In addition, to
the extent (i) any Receivable remains after setoff, the
Debtors reserve the right to obtain payment of such
Receivable or offset the Receivable against other claims
and (ii) the Debtors later determine that any
Administrative Expense was overstated, the Debtors reserve
the right to obtain payment of the amount of the Receivable

setoff against the overstated amount of the Administrative
Expenses.

22. Finally, the Debtors reserve the right to
modify, supplement and/or amend this Objection as it
pertains to any Claim or Claimant herein.

## NOTICE AND PROCEDURE

23. Notice of this Objection has been provided
to the Claimants and to other parties-in-interest in
accordance with the Court's Order Pursuant to Bankruptcy
Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007,
and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing
Certain Notice, Case Management and Administrative
Procedures (Docket No. 130) (the "Case Management Order").

24. Furthermore, the Debtors submit that the
following methods of service upon the Claimants should be
deemed by the Court to constitute due and sufficient
service of this Objection: (a) service in accordance with
Bankruptcy Rules 3007, 7004, and 9006; (b) to the extent
counsel for a Claimant is not known to the Debtors, by
first class mail, postage prepaid, on the signatory of the
Claimant's proof of claim form or other representative
identified in the proof of claim form or any attachment
thereto at least 30 days before the hearing date; or (c) by

13

first class mail, postage prepaid, on any counsel that has
appeared on the Claimant's behalf in the Debtors'
bankruptcy cases at least 30 days before the hearing date.
The Debtors are serving the Claimant with this Objection
and the Exhibit(s) on which the Claimant's claim is listed.

25.   To the extent any Claimant fails to timely
file and properly serve a response to this Objection on or
before **November 4, 2009 at 4:00 p.m. (ET)** as required by
the Case Management Order and applicable law, the Debtors
request that the Court enter an order, substantially in the
form attached hereto as Exhibit A, setting off the
Receivables against such Claimants' Administrative
Expenses.

### COMPLIANCE WITH BANKRUPTCY RULE 3007 AND
### THE OMNIBUS OBJECTION PROCEDURES ORDER

26.   To the extent a waiver is not requested
herein, this Objection complies with Bankruptcy Rule
3007(e) as modified by, and in accordance with, the Omnibus
Objection Procedures Order.

### WAIVER OF MEMORANDUM OF LAW

27.   Pursuant to Local Bankruptcy Rule 9013-1(G),
the Debtors request that the requirement that all motions
be accompanied by a written memorandum of law be waived.

**NO PRIOR RELIEF**

28.  No previous request for the relief sought

herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors request the Court to enter
the Order sustaining this Objection and granting such other
and further relief as the Court deems appropriate.

Dated: Richmond, Virginia
   October 13, 2009

       MCGUIREWOODS LLP

       _/s/ Douglas M. Foley _____
       Dion W. Hayes (VSB No. 34304)
       Douglas M. Foley (VSB
       No. 34364)
       One James Center
       901 E. Cary Street
       Richmond, Virginia 23219
       (804) 775-1000

       Counsel for Debtors and
       Debtors in Possession

**<u>EXHIBIT A</u>**

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x
```

**ORDER SUSTAINING DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO
CERTAIN ADMINISTRATIVE EXPENSES AND 503(b)(9) CLAIMS AND
MOTION FOR (I) AUTHORITY TO SETOFF AGAINST SUCH EXPENSES
AND CLAIMS AND (II) A WAIVER OF THE REQUIREMENT THAT THE
FIRST HEARING ON ANY RESPONSE PROCEED AS A STATUS
CONFERENCE**

THIS MATTER having come before the Court on the

Debtors' Forty-Ninth Omnibus Objection To Certain

Administrative Expenses And 503(B)(9) Claims And Motion For

(I) Authority To Setoff Against Such Expenses And Claims

And (Ii) A Waiver Of The Requirement That The First Hearing

On Any Response Proceed As A Status Conference (the

"Objection"),[3] which requested, among other things, that the

claims identified on Exhibit C attached to the Objection be

reduced as identified on Exhibit C for those reasons set

forth in the Objection; and it appearing that due and

proper notice and service of the Objection as set forth

therein was good and sufficient and that no other further

notice or service of the Objection need be given; and it

further appearing that no response was timely filed or

properly served by the Claimants being affected by this

Order; and it appearing that the relief requested on the

Objection is in the best interest of the Debtors, their

estates and creditors and other parties-in-interest; and

after due deliberation thereon good and sufficient cause

exists for the granting of the relief as set forth herein,

---

[3] Capitalized terms not otherwise defined herein shall have the meanings
ascribed to such terms in the Objection.

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

   1.   The Objection is GRANTED.

   2.   The Debtors' are authorized to exercise their
setoff rights in order to offset Circuit City's Receivables
against each of the Administrative Expenses identified on
Exhibit C attached hereto in the manner provided therein.

   3.   The 503(b) Administrative Expenses set forth on
Exhibit C are reduced as provided in Exhibit C.

   4.   The 503(b)(9) Claims set forth on Exhibit C are
reduced as provided in Exhibit C.

   5.   The Debtors' rights to amend, modify, or
supplement the Objection, to file additional objections to
the Administrative Expenses listed on Exhibit C or any
other claims that have been or may be asserted against the
Debtors, and to seek reduction of any claim to the extent
such Claim has been paid, are preserved.

   6.   In the event the Debtors determine that any
Administrative Expense set forth on Exhibit C is
overstated, the Debtors' rights to obtain payment of the
amount of the Receivable offset against the overstated
amount of the Claim are preserved.

   7.   The Debtors' rights to seek to avoid any
transfers under 11 U.S.C. §§ 547, 553 or any other section

3

of the Bankruptcy Code or applicable law with respect to the Claimants are preserved.

8.   To the extent any Claimant timely files and properly serves a response to this Objection by November 4, 2009, the requirement that this Court hold a status conference at the first hearing, as set forth in the Omnibus Objection Procedures Order, is hereby waived.

9.   To the extent any Receivable remains after the offsets contemplated by the Objection are effectuated, the Debtors' rights to obtain payment of any remaining Receivable, or offset the Receivable against other claims filed by the Claimants, are preserved.

10.   This Court retains jurisdiction to hear and

determine all matters arising from or related to the

interpretation or implementation of this Order.

Dated: Richmond, Virginia
       November _____, 2009


_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE


WE ASK FOR THIS:


_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

     Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby
certify that the foregoing proposed order has been endorsed
by or served upon all necessary parties.

                    __/s/ Douglas M. Foley_____
                    Douglas M. Foley


5

In re: Circuit City Stores, Inc, et al.                                              Debtors' Forty-Ninth Omnibus Objection to Certain Administrative Expenses and 503(b)(9) Claims
Case No. 08-35653 (KRH)

Exhibit B - Claimants and Related Claims Subject To Forty-Ninth Omnibus Objection to Claims

| Claim Holder | Claim | Exhibit |
|---|---|---|
| HEWLETT PACKARD COMPANY | 1076 | EXHIBIT C - DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES AND 503(B)(9) CLAIMS |
| HEWLETT PACKARD COMPANY | 13822 | EXHIBIT C - DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES AND 503(B)(9) CLAIMS |
| KOREA EXPORT INSURANCE CORPORATION | 14446 | EXHIBIT C - DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES AND 503(B)(9) CLAIMS |
| STILLWATER DESIGNS AND AUDIO INC | 780 | EXHIBIT C - DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES AND 503(B)(9) CLAIMS |
| VONWIN CAPITAL MANAGEMENT LP | 84 | EXHIBIT C - DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES AND 503(B)(9) CLAIMS |
| VONWIN CAPITAL MANAGEMENT LP | 85 | EXHIBIT C - DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES AND 503(B)(9) CLAIMS |
| VONWIN CAPITAL MANAGEMENT LP | 86 | EXHIBIT C - DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES AND 503(B)(9) CLAIMS |
| VONWIN CAPITAL MANAGEMENT LP | 87 | EXHIBIT C - DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES AND 503(B)(9) CLAIMS |
| VONWIN CAPITAL MANAGEMENT LP | 88 | EXHIBIT C - DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES AND 503(B)(9) CLAIMS |
| VONWIN CAPITAL MANAGEMENT, LP | 109 | EXHIBIT C - DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES AND 503(B)(9) CLAIMS |
| VONWIN CAPITAL MANAGEMENT, LP | 110 | EXHIBIT C - DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES AND 503(B)(9) CLAIMS |
| VONWIN CAPITAL MANAGEMENT, LP | 112 | EXHIBIT C - DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES AND 503(B)(9) CLAIMS |
| VONWIN CAPITAL MANAGEMENT, LP | 113 | EXHIBIT C - DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES AND 503(B)(9) CLAIMS |
| VONWIN CAPITAL MANAGEMENT, LP | 115 | EXHIBIT C - DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES AND 503(B)(9) CLAIMS |
| VONWIN CAPITAL MANAGEMENT, LP | 116 | EXHIBIT C - DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES AND 503(B)(9) CLAIMS |

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

**Debtors Forty-Ninth Omnibus Objection to Claims**

**Objection to Certain Administrative Expenses and 503(b)(9) Claims**

EXHIBIT C

| 503(b) ADMINISTRATIVE EXPENSE CREDITOR'S NAME AND ADDRESS | 503(b)ADMINISTRATIVE EXPENSE | 503(b)(9) CREDITOR'S NAME AND ADDRESS | 503(b)(9) CLAIM | REMAINING RECEIVABLES |
|---|---|---|---|---|
| Claim Number: 13822<br>Date Filed: 6/29/2009<br>Docketed Debtor: CIRCUIT CITY STORES, INC. (08-35653)<br><br>HEWLETT PACKARD COMPANY<br>DERRICK HANSEN<br>FRIEDMAN DUMAS & SPRINGWATER LLP<br>150 SPEAR ST STE 1600<br>SAN FRANCISCO, CA 94105 | Docketed Amount*: $154,497.90<br><br>Total Receivables: $58,257,554.88<br><br>Modified Amount: $0.00 | Claim Number: 1076<br>Date Filed: 12/19/2008<br>Docketed Debtor: CIRCUIT CITY STORES, INC. (08-35653)<br><br>HEWLETT PACKARD COMPANY<br>C O FRIEDMAN DUMAS & SPRINGWATER LLP<br>150 SPEAR ST STE 1600<br>SAN FRANCISCO, CA 94105 | Docketed Amount*: $33,065,626.36<br><br>Total Receivables: $58,103,056.98<br><br>Modified Amount: $0.00 | $25,037,430.62 |
| Claim Number: N/A<br>Date Filed: N/A<br>Docketed Debtor: N/A<br><br>KOREA EXPORT INSURANCE CORPORATION<br>ATTN FREDRICK J LEVY ESQ<br>OLSHAN GRUNDMAN FROME ROSENZWEIG & WOLOSKY LLP<br>PARK AVE TOWER<br>65 E 55TH ST<br>NEW YORK, NY 10022 | Docketed Amount*: N/A<br><br>Total Receivables: N/A<br><br>Modified Amount: N/A | Claim Number: 14446<br>Date Filed: 07/08/2009<br>Docketed Debtor: CIRCUIT CITY STORES, INC. (08-35653)<br><br>KOREA EXPORT INSURANCE CORPORATION<br>ATTN FREDRICK J LEVY ESQ<br>OLSHAN GRUNDMAN FROME ROSENZWEIG & WOLOSKY LLP<br>PARK AVE TOWER<br>65 E 55TH ST<br>NEW YORK, NY 10022 | Docketed Amount*: $7,714,224.00<br><br>Total Receivables: $380,345.00<br><br>Modified Amount: $7,333,879.00 | $0.00 |

\* Claims filed, adjourned or ordered on prior omnibus objections are reflected at the modified amount

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors Forty-Ninth Omnibus Objection to Claims

Objection to Certain Administrative Expenses and 503(b)(9) Claims

EXHIBIT C

| 503(b) ADMINISTRATIVE EXPENSE CREDITOR'S NAME AND ADDRESS | | 503(b)ADMINISTRATIVE EXPENSE | | 503(b)(9) CREDITOR'S NAME AND ADDRESS | | 503(b)(9) CLAIM | | REMAINING RECEIVABLES |
|---|---|---|---|---|---|---|---|---|
| Claim Number: | N/A | | | Claim Number: | 780 | | | |
| Date Filed: | N/A | | | Date Filed: | 12/10/2008 | | | |
| Docketed Debtor: | N/A | Docketed Amount*: | N/A | Docketed Debtor: | CIRCUIT CITY STORES, INC. (08-35653) | Docketed Amount*: | $561,829.00 | |
| | | Total Receivables: | N/A | | | Total Receivables: | $248,481.52 | $0.00 |
| STILLWATER DESIGNS AND AUDIO INC C O PAUL S BLILEY JR ATTORNEY PO BOX 1320 RICHMOND, VA 23218 | | Modified Amount: | N/A | STILLWATER DESIGNS AND AUDIO INC C O PAUL S BLILEY JR ATTORNEY PO BOX 1320 RICHMOND, VA 23218 | | Modified Amount: | $313,347.48 | |
| Claim Number: | N/A | | | Claim Number: | 87 | | | |
| Date Filed: | N/A | | | Date Filed: | 11/24/2008 | | | |
| Docketed Debtor: | N/A | Docketed Amount*: | N/A | Docketed Debtor: | CIRCUIT CITY STORES, INC. (08-35653) | Docketed Amount*: | $5,670.00 | |
| | | Total Receivables: | N/A | | | Total Receivables: | $112,687.16 | $107,017.16 |
| VONWIN CAPITAL MANAGEMENT LP ATTN ROGER VON SPIEGEL MANAGING DIRECTOR 261 FIFTH AVE 22ND FL NEW YORK, NY 10016 | | Modified Amount: | N/A | VONWIN CAPITAL MANAGEMENT LP ATTN ROGER VON SPIEGEL MANAGING DIRECTOR 261 FIFTH AVE 22ND FL NEW YORK, NY 10016 | | Modified Amount: | $0.00 | |

* Claims filed, adjourned or ordered on prior omnibus objections are reflected at the modified amount

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors Forty-Ninth Omnibus Objection to Claims

Objection to Certain Administrative Expenses and 503(b)(9) Claims

EXHIBIT C

| 503(b) ADMINISTRATIVE EXPENSE CREDITOR'S NAME AND ADDRESS | | 503(b)ADMINISTRATIVE EXPENSE | | 503(b)(9) CREDITOR'S NAME AND ADDRESS | | 503(b)(9) CLAIM | | REMAINING RECEIVABLES |
|---|---|---|---|---|---|---|---|---|
| Claim Number: | N/A | | | Claim Number: | 88 | | | |
| Date Filed: | N/A | | | Date Filed: | 11/24/2008 | | | |
| Docketed Debtor: | N/A | Docketed Amount*: | N/A | Docketed Debtor: | CIRCUIT CITY STORES, INC. (08-35653) | Docketed Amount*: | $720.00 | |
| | | Total Receivables: | N/A | | | Total Receivables: | $107,017.16 | $106,297.16 |
| VONWIN CAPITAL MANAGEMENT LP ATTN ROGER VON SPIEGEL MANAGING DIRECTOR 261 FIFTH AVE 22ND FL NEW YORK, NY 10016 | | Modified Amount: | N/A | VONWIN CAPITAL MANAGEMENT LP ATTN ROGER VON SPIEGEL MANAGING DIRECTOR 261 FIFTH AVE 22ND FL NEW YORK, NY 10016 | | Modified Amount: | $0.00 | |
| Claim Number: | N/A | | | Claim Number: | 115 | | | |
| Date Filed: | N/A | | | Date Filed: | 11/24/2008 | | | |
| Docketed Debtor: | N/A | Docketed Amount*: | N/A | Docketed Debtor: | CIRCUIT CITY STORES, INC. (08-35653) | Docketed Amount*: | $2,115.00 | |
| | | Total Receivables: | N/A | | | Total Receivables: | $106,297.16 | $104,182.16 |
| VONWIN CAPITAL MANAGEMENT, LP ATTN ROGER VON SPIEGEL MANAGING DIRECTOR 261 FIFTH AVE 22ND FL NEW YORK, NY 10016 | | Modified Amount: | N/A | VONWIN CAPITAL MANAGEMENT, LP ATTN ROGER VON SPIEGEL MANAGING DIRECTOR 261 FIFTH AVE 22ND FL NEW YORK, NY 10016 | | Modified Amount: | $0.00 | |

* Claims filed, adjourned or ordered on prior omnibus objections are reflected at the modified amount

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors Forty-Ninth Omnibus Objection to Claims

Objection to Certain Administrative Expenses and 503(b)(9) Claims

EXHIBIT C

| 503(b) ADMINISTRATIVE EXPENSE CREDITOR'S NAME AND ADDRESS | | 503(b)ADMINISTRATIVE EXPENSE | 503(b)(9) CREDITOR'S NAME AND ADDRESS | | 503(b)(9) CLAIM | | REMAINING RECEIVABLES |
|---|---|---|---|---|---|---|---|
| Claim Number: | N/A | | Claim Number: | 113 | | | |
| Date Filed: | N/A | | Date Filed: | 11/24/2008 | | | |
| Docketed Debtor: | N/A | Docketed Amount*: N/A | Docketed Debtor: | CIRCUIT CITY STORES, INC. (08-35653) | Docketed Amount*: | $16,912.50 | |
| | | Total Receivables: N/A | | | Total Receivables: | $104,182.16 | $87,269.66 |
| VONWIN CAPITAL MANAGEMENT, LP ATTN ROGER VON SPIEGEL MANAGING DIRECTOR 261 FIFTH AVE 22ND FL NEW YORK, NY 10016 | | Modified Amount: N/A | VONWIN CAPITAL MANAGEMENT, LP ATTN ROGER VON SPIEGEL MANAGING DIRECTOR 261 FIFTH AVE 22ND FL NEW YORK, NY 10016 | | Modified Amount: | $0.00 | |
| Claim Number: | N/A | | Claim Number: | 112 | | | |
| Date Filed: | N/A | | Date Filed: | 11/24/2008 | | | |
| Docketed Debtor: | N/A | Docketed Amount*: N/A | Docketed Debtor: | CIRCUIT CITY STORES, INC. (08-35653) | Docketed Amount*: | $9,982.50 | |
| | | Total Receivables: N/A | | | Total Receivables: | $87,269.66 | $77,287.16 |
| VONWIN CAPITAL MANAGEMENT, LP ATTN ROGER VON SPIEGEL MANAGING DIRECTOR 261 FIFTH AVE 22ND FL NEW YORK, NY 10016 | | Modified Amount: N/A | VONWIN CAPITAL MANAGEMENT, LP ATTN ROGER VON SPIEGEL MANAGING DIRECTOR 261 FIFTH AVE 22ND FL NEW YORK, NY 10016 | | Modified Amount: | $0.00 | |

* Claims filed, adjourned or ordered on prior omnibus objections are reflected at the modified amount

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors Forty-Ninth Omnibus Objection to Claims

Objection to Certain Administrative Expenses and 503(b)(9) Claims

EXHIBIT C

| 503(b) ADMINISTRATIVE EXPENSE CREDITOR'S NAME AND ADDRESS | 503(b)ADMINISTRATIVE EXPENSE | 503(b)(9) CREDITOR'S NAME AND ADDRESS | 503(b)(9) CLAIM | REMAINING RECEIVABLES |
|---|---|---|---|---|
| Claim Number: N/A<br>Date Filed: N/A<br>Docketed Debtor: N/A<br><br>VONWIN CAPITAL MANAGEMENT LP<br>ATTN ROGER VON SPIEGEL MANAGING DIRECTOR<br>261 FIFTH AVE 22ND FL<br>NEW YORK, NY 10016 | Docketed Amount*: N/A<br><br>Total Receivables: N/A<br><br>Modified Amount: N/A | Claim Number: 85<br>Date Filed: 11/24/2008<br>Docketed Debtor: CIRCUIT CITY STORES, INC. (08-35653)<br><br>VONWIN CAPITAL MANAGEMENT LP<br>ATTN ROGER VON SPIEGEL MANAGING DIRECTOR<br>261 FIFTH AVE 22ND FL<br>NEW YORK, NY 10016 | Docketed Amount*: $41,085.00<br><br>Total Receivables: $77,287.16<br><br>Modified Amount: $0.00 | $36,202.16 |
| Claim Number: N/A<br>Date Filed: N/A<br>Docketed Debtor: N/A<br><br>VONWIN CAPITAL MANAGEMENT, LP<br>ATTN ROGER VON SPIEGEL MANAGING DIRECTOR<br>261 FIFTH AVE 22ND FL<br>NEW YORK, NY 10016 | Docketed Amount*: N/A<br><br>Total Receivables: N/A<br><br>Modified Amount: N/A | Claim Number: 110<br>Date Filed: 11/24/2008<br>Docketed Debtor: CIRCUIT CITY STORES, INC. (08-35653)<br><br>VONWIN CAPITAL MANAGEMENT, LP<br>ATTN ROGER VON SPIEGEL MANAGING DIRECTOR<br>261 FIFTH AVE 22ND FL<br>NEW YORK, NY 10016 | Docketed Amount*: $11,092.50<br><br>Total Receivables: $36,202.16<br><br>Modified Amount: $0.00 | $25,109.66 |

* Claims filed, adjourned or ordered on prior omnibus objections are reflected at the modified amount

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors Forty-Ninth Omnibus Objection to Claims

Objection to Certain Administrative Expenses and 503(b)(9) Claims

EXHIBIT C

| 503(b) ADMINISTRATIVE EXPENSE CREDITOR'S NAME AND ADDRESS | | 503(b) ADMINISTRATIVE EXPENSE | 503(b)(9) CREDITOR'S NAME AND ADDRESS | | 503(b)(9) CLAIM | REMAINING RECEIVABLES |
|---|---|---|---|---|---|---|
| Claim Number: | N/A | | Claim Number: | 84 | | |
| Date Filed: | N/A | Docketed Amount*: N/A | Date Filed: | 11/24/2008 | Docketed Amount*: $16,820.00 | |
| Docketed Debtor: | N/A | | Docketed Debtor: | CIRCUIT CITY STORES, INC. (08-35653) | | |
| | | Total Receivables: N/A | | | Total Receivables: $25,109.66 | $8,289.66 |
| VONWIN CAPITAL MANAGEMENT LP ATTN ROGER VON SPIEGEL MANAGING DIRECTOR 261 FIFTH AVE 22ND FL NEW YORK, NY 10016 | | Modified Amount: N/A | VONWIN CAPITAL MANAGEMENT LP ATTN ROGER VON SPIEGEL MANAGING DIRECTOR 261 FIFTH AVE 22ND FL NEW YORK, NY 10016 | | Modified Amount: $0.00 | |
| Claim Number: | N/A | | Claim Number: | 86 | | |
| Date Filed: | N/A | Docketed Amount*: N/A | Date Filed: | 11/24/2008 | Docketed Amount*: $1,035.00 | |
| Docketed Debtor: | N/A | | Docketed Debtor: | CIRCUIT CITY STORES, INC. (08-35653) | | |
| | | Total Receivables: N/A | | | Total Receivables: $8,289.66 | $7,254.66 |
| VONWIN CAPITAL MANAGEMENT LP ATTN ROGER VON SPIEGEL MANAGING DIRECTOR 261 FIFTH AVE 22ND FL NEW YORK, NY 10016 | | Modified Amount: N/A | VONWIN CAPITAL MANAGEMENT LP ATTN ROGER VON SPIEGEL MANAGING DIRECTOR 261 FIFTH AVE 22ND FL NEW YORK, NY 10016 | | Modified Amount: $0.00 | |

* Claims filed, adjourned or ordered on prior omnibus objections are reflected at the modified amount

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

**Debtors Forty-Ninth Omnibus Objection to Claims**

**Objection to Certain Administrative Expenses and 503(b)(9) Claims**

EXHIBIT C

| 503(b) ADMINISTRATIVE EXPENSE CREDITOR'S NAME AND ADDRESS | 503(b)ADMINISTRATIVE EXPENSE | 503(b)(9) CREDITOR'S NAME AND ADDRESS | 503(b)(9) CLAIM | REMAINING RECEIVABLES |
|---|---|---|---|---|
| Claim Number: N/A<br>Date Filed: N/A<br>Docketed Debtor: N/A<br><br>VONWIN CAPITAL MANAGEMENT, LP<br>ATTN ROGER VON SPIEGEL MANAGING DIRECTOR<br>261 FIFTH AVE 22ND FL<br>NEW YORK, NY 10016 | Docketed Amount*: N/A<br>Total Receivables: N/A<br>Modified Amount: N/A | Claim Number: 109<br>Date Filed: 11/24/2008<br>Docketed Debtor: CIRCUIT CITY STORES, INC. (08-35653)<br><br>VONWIN CAPITAL MANAGEMENT, LP<br>ATTN ROGER VON SPIEGEL MANAGING DIRECTOR<br>261 FIFTH AVE 22ND FL<br>NEW YORK, NY 10016 | Docketed Amount*: $405.00<br>Total Receivables: $7,254.66<br>Modified Amount: $0.00 | $6,849.66 |
| Claim Number: N/A<br>Date Filed: N/A<br>Docketed Debtor: N/A<br><br>VONWIN CAPITAL MANAGEMENT, LP<br>ATTN ROGER VON SPIEGEL MANAGING DIRECTOR<br>261 FIFTH AVE 22ND FL<br>NEW YORK, NY 10016 | Docketed Amount*: N/A<br>Total Receivables: N/A<br>Modified Amount: N/A | Claim Number: 116<br>Date Filed: 11/24/2008<br>Docketed Debtor: CIRCUIT CITY STORES, INC. (08-35653)<br><br>VONWIN CAPITAL MANAGEMENT, LP<br>ATTN ROGER VON SPIEGEL MANAGING DIRECTOR<br>261 FIFTH AVE 22ND FL<br>NEW YORK, NY 10016 | Docketed Amount*: $6,105.00<br>Total Receivables: $6,849.66<br>Modified Amount: $0.00 | $744.66 |

| | | | |
|---|---|---|---|
| Total Docketed Amount: | $154,497.90 | Total Docketed Amount: | $41,453,621.86 |
| Total Modified Amount: | $0.00 | Total Modified Amount: | $7,647,226.48 |

\* Claims filed, adjourned or ordered on prior omnibus objections are reflected at the modified amount