Gregg M. Galardi, Esq.          Dion W. Hayes (VSB
Ian S. Fredericks, Esq.         No. 34304)
SKADDEN, ARPS, SLATE,           Douglas M. Foley (VSB
MEAGHER & FLOM LLP              No. 34364)
One Rodney Square               MCGUIREWOODS LLP
P.O. Box 636                    One James Center
Wilmington, Delaware            901 E. Cary Street
19899-0636                      Richmond, Virginia 23219
(302) 651-3000                  (804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
              Debtors.       :   Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CERTAIN
ADMINISTRATIVE EXPENSES AND MOTION FOR (I) AUTHORITY TO
SETOFF AGAINST SUCH EXPENSES AND (II) A WAIVER OF THE
REQUIREMENT THAT THE FIRST HEARING ON ANY RESPONSE PROCEED
AS A STATUS CONFERENCE**

        Circuit City Stores, Inc. ("Circuit City") and

its subsidiary debtors and debtors in possession in the

above-captioned cases (collectively with Circuit City, the

"Debtors"),[1] hereby object (the "Objection") to certain

Administrative Expenses (as defined herein), and hereby

move this Court, pursuant to sections 105, 503, and 558 of

title 11 of the United States Code, 11 U.S.C. §§ 101, et

seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Local Bankruptcy Rule 3007-1, for entry of an

order, in substantially the form annexed as Exhibit A,

authorizing the Circuit City to setoff the Receivables (as

defined herein) against Administrative Expenses.  In

addition, the Debtors request that this Court waive the

requirement that the initial hearing on any response

proceed as a status conference and instead request that

this Court hear argument on and resolve the legal issues

presented by this Objection and any response hereto.  In

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc.
      (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
      (0875), Ventoux International, Inc. (1838), Circuit City Purchasing
      Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution
      Company of Virginia, Inc. (2821), Circuit City Properties, LLC
      (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency,
      Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311),
      PRAHS, INC.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
      Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit
      City Stores PR, LLC (5512).  The address for Circuit City Stores
      West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado
      80031.  For all other Debtors, the address was 9950 Mayland Drive,

support of this Objection, the Debtors respectfully state
as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this
Motion under 28 U.S.C. §§ 157 and 1334.  This is a core
proceeding under 28 U.S.C. § 157(b).  Venue of these cases
and this Motion in this district is proper under 28 U.S.C.
§§ 1408 and 1409.

2.    The statutory and legal predicates for the
relief requested herein are Bankruptcy Code sections 105,
503, and 558, Bankruptcy Rule 3007 and Local Bankruptcy
Rule 3007-1.

### BACKGROUND

3.    On November 10, 2008 (the "Petition Date"),
the Debtors filed voluntary petitions in this Court for
relief under chapter 11 of the Bankruptcy Code.

4.    The Debtors continue to manage and operate
their businesses as debtors in possession pursuant to
Bankruptcy Code sections 1107 and 1108.

5.    On November 12, 2008, the Office of the
United States Trustee for the Eastern District of Virginia
appointed a statutory committee of unsecured creditors (the

Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive,
Glen Allen, VA 23060.

"Creditors' Committee").   To date, no trustee or examiner has been appointed in these chapter 11 cases.

6.   On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").   On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.   As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

7.   On September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"). The associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, and confirmation on the Plan is currently scheduled for November 23, 2009.

8.   Generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code.

## OBJECTION AND RELIEF REQUESTED

9.    Subject to the reservation of rights set forth herein, by this Objection, the Debtors seek entry of an order (i) authorizing the Debtors to setoff the Receivables against the Claimants' (as defined herein) Administrative Expenses and (ii) waive the requirement that the initial hearing on any response to this Objection proceed as a status conference.  Instead, the Debtors request that this Court hear argument on and resolve the legal issues presented by this Objection (and any response thereto) and reserve any factual disputes for a subsequent hearing after appropriate discovery.[2]

10.    To assist the Claimants with identifying whether they are subject to this Objection, the Debtors have included an alphabetical listing of all Claimants whose Administrative Expenses are subject to this Objection, with a cross-reference by claim number, as Exhibit B.

## BASIS FOR RELIEF

---

[2]    Each of the Claimants also filed claims under Bankruptcy Code section 503(b)(9).  Such claims are the subject of the Debtors' objection under Bankruptcy Code section 502(d), which was filed contemporaneously herewith.

11.   As set forth on Exhibit C, each claimant

identified thereon (collectively, the "Claimants") has

filed a request for payment under Bankruptcy Code sections

503(b)(1) through 503(b)(8) (collectively, the

"Administrative Expenses") against Circuit City's

bankruptcy estate.

12.   As part of the ordinary course of Circuit

City's business with the Claimants, Circuit City became

entitled to certain amounts, including receivables, charge-

backs, returns, and other amounts (collectively, the

"Receivables"), which are currently due and owing to

Circuit City by the Claimants.

13.   Rather than collect the Receivables from the

Claimants and thereafter pay the Claimants on account of

the allowed amount of their Administrative Expenses,

Circuit City seeks to setoff the Receivables against the

Administrative Expenses.  After setoff, the remaining

amounts of the Administrative Expenses, if any, are

identified on Exhibit C in column labeled "Asserted Claim

Amount" under the heading "Modified Amount".  Similarly,

any Receivable that remains is identified on Exhibit C in

column labeled "Receivables".

## APPLICABLE AUTHORITY

14.   Under Bankruptcy Code section 558, all of

the debtor's personal defenses, including setoff, are

preserved.  In that regard, Bankruptcy Code section 558

provides:

> The estate shall have the benefit of any defense
> available to the debtor as against any entity
> other than the estate, including statutes of
> limitation, statutes of frauds, usury, and other
> personal defenses.  A waiver of any such defense
> by the debtor after the commencement of the case
> does not bind the estate.

11 U.S.C. § 558.  A debtor's right to effectuate setoffs is

among the offset rights preserved.  See In re TSLC I, Inc.,

332 B.R. 476, 478 (Bankr. M.D. Fla. 2005) ("Courts have

found that section 558 preserves to the debtor any pre-

petition defenses a debtor may have, including any right to

setoff."); In re Westchester Structures, Inc., 181 B.R.

730, 739-40 (Bankr. S.D.N.Y. 1995) ("Section 558 of the

Bankruptcy Code also preserves for the benefit of the

estate any right to setoff the debtor may have.").  Thus,

to the extent applicable law permits setoff, such right is

preserved by Bankruptcy Code section 558.

15.   Virginia law recognizes a right of setoff.

In re Ward, 210 B.R. 531, 536 (Bankr. E.D. Va. 1997)

(citing Nat'l Bank & Trust Co. at  Charlottesville v.

<u>Castle</u>, 85 S.E.2d 228, 233 (Va. 1955)).  Under Virginia law, the right of setoff permits mutual debts to be applied against one another.  See <u>Odessky v. Monterey Wine Co.</u>, 188 Va. 184, 189 (Va. 1948) ("It is generally held under statutes similar to Code, section 6144, that that which is the subject of set-off must be a liquidated demand, a debt against a debt.").  To establish a right of setoff, the party seeking setoff must demonstrate that mutual debts are due and owing between the same parties.  See <u>Adams v. Central Fidelity Bank, N.A.</u>, 1983 WL 210343, *2 (Va. Cir. Ct. 1983) ("The general rule is that in order to warrant a setoff the debts have to be mutual -- that is they have to be owing between the same parties, and this is true in law and in equity.").

16.  Here, the Receivables and the Administrative Expenses were the result of transactions between Circuit City and the Claimants.  Moreover, each Receivable is a debt owed by each Claimant to Circuit City.  Likewise, each Administrative Expense is an alleged debt owed by Circuit City to each Claimant.  Consequently, under Virginia law, Circuit City has established a valid setoff right.

17.  Because Circuit City may setoff under Virginia law, the overwhelming weight of authority supports

the conclusion that a debtor in bankruptcy is not limited to setting off pre-petition claims against pre-petition receivables or post-petition claims against post-petition receivables.  See, e.g., ABC-NACO, 294 B.R. at 838 ("almost all of the reported decisions addressing the issue have held (1) that, generally, claims asserted by a debtor under the Bankruptcy Code are not subject to the limitations applicable to a creditor's right to a bankruptcy setoff or recoupment, and (2) that, specifically, a debtor's counterclaim against a creditor does not require mutuality in the sense of both claims arising prepetition").  Rather, under the Bankruptcy Code, a debtor may setoff its pre- and/or post-petition receivables against a creditor's pre- and/or post-petition claims.  PSA, 277 B.R. at 53 ("Courts have held that § 558 preserves any right of setoff the debtors may have under state law, including the right to setoff debtor's prepetition claims against administrative expense claims."); Women First Healthcare, 345 B.R. at 134 ("Courts have concluded that [under section 558] a debtor may set off pre-petition claims against post-petition obligations it owes.").

18.  In this regard, as one court recently held, the debtor may offset pre-petition receivables against

certain administrative expenses.  See Brown & Cole Stores,
LLC v. Assoc. Grocers, Inc. (In re Brown & Cole Stores,
LLC), 375 B.R. 873, 879 (9th Cir. B.A.P. 2007) (holding
that the right of setoff applies to 503(b)(9) claims such
that a debtor may offset its pre-petition contract claims
against a creditor's administrative expense claims under
section 503(b)(9)).  And, as another court recently held, a
bankruptcy court has the discretion to restrict setoff
solely to priority claims, even if the creditor also holds
an unsecured claim.  See also United States Internal
Revenue Serv. v. Martinez (In re Martinez), 2007 U.S. Dist.
LEXIS 6163 (M.D. Pa. Jan. 29, 2007) (holding that the
bankruptcy court had discretion to restrict setoff solely
to priority claims where creditor also held a general
unsecured claim against the debtor).  Such relief is
consistent with this Court's equitable powers; see also 11
U.S.C. § 105 ("The Court may issue any order, process, or
judgment that is necessary or appropriate to carry out the
provisions of [title 11]."); see In re A. H. Robins Co.,
Inc., 1998 WL 637401, *5 n.7 (4th Cir. 1998) ("Congress
expressly recognized -- and endorsed -- the full use of the
courts' equitable powers to effect the provisions of the
Bankruptcy Code.").

19.   For the foregoing reasons, Circuit City should be authorized to setoff the Receivables against the Administrative Expenses.

### WAIVER OF STATUS CONFERENCE

20.   Pursuant to the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections entered on April 1, 2009, (the "Omnibus Objection Procedures Order") (Docket No. 2881), to the extent any Claimant timely files and properly serves a response to this Objection by **November 4, 2009 at 4:00 p.m. (ET)**, this Court would hold a status conference at the first hearing.  The Debtors respectfully request that this Court waive this requirement on a limited basis to permit the first hearing on this Objection -- **the hearing on November 12, 2009** -- to proceed with oral argument on the legal issues presented in this Objection and any response. After the Court resolves the legal issues presented and to the extent any facts are in dispute, the Debtors and any responding Claimant could thereafter engage in discovery and schedule an evidentiary hearing, if necessary, at the Court's convenience.

## RESERVATION OF RIGHTS

21.   At this time, the Debtors have not completed their review of the validity of all claims filed against their estates, including the Administrative Expenses. Accordingly, the Administrative Expenses may be the subject of additional subsequently filed objections.  To that end, the Debtors reserve the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and on any other grounds applicable law permits.  In addition, to the extent (i) any Receivable remains after setoff, the Debtors reserve the right to obtain payment of such Receivable or offset the Receivable against other claims and (ii) the Debtors later determine that any Administrative Expense was overstated, the Debtors reserve the right to obtain payment of the amount of the Receivable setoff against the overstated amount of the Administrative Expenses.

22.   Finally, the Debtors reserve the right to modify, supplement and/or amend this Objection as it pertains to any Claim or Claimant herein.

## NOTICE AND PROCEDURE

23.   Notice of this Objection has been provided to the Claimants and to other parties-in-interest in accordance with the Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (Docket No. 130) (the "Case Management Order").

24.   Furthermore, the Debtors submit that the following methods of service upon the Claimants should be deemed by the Court to constitute due and sufficient service of this Objection: (a) service in accordance with Bankruptcy Rules 3007, 7004, and 9006; (b) to the extent counsel for a Claimant is not known to the Debtors, by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto at least 30 days before the hearing date; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's behalf in the Debtors' bankruptcy cases at least 30 days before the hearing date. The Debtors are serving the Claimant with this Objection and the Exhibit(s) on which the Claimant's claim is listed.

13

25.   To the extent any Claimant fails to timely file and properly serve a response to this Objection on or before **November 4, 2009 at 4:00 p.m. (ET)** as required by the Case Management Order and applicable law, the Debtors request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, setting off the Receivables against such Claimants' Administrative Expenses.

### COMPLIANCE WITH BANKRUPTCY RULE 3007 AND THE OMNIBUS OBJECTION PROCEDURES ORDER

26.   To the extent a waiver is not requested herein, this Objection complies with Bankruptcy Rule 3007(e) as modified by, and in accordance with, the Omnibus Objection Procedures Order.

### WAIVER OF MEMORANDUM OF LAW

27.   Pursuant to Local Bankruptcy Rule 9013-1(G), the Debtors request that the requirement that all motions be accompanied by a written memorandum of law be waived.

### NO PRIOR RELIEF

28.   No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors request the Court to enter

the Order sustaining this Objection and granting such other

and further relief as the Court deems appropriate.

Dated: Richmond, Virginia    SKADDEN, ARPS, SLATE, MEAGHER
       October 13, 2009          & FLOM, LLP
                              Gregg M. Galardi, Esq.
                              Ian S. Fredericks, Esq.
                              P.O. Box 636
                              Wilmington, Delaware 19899-
                              0636 (302) 651-3000

                                  - and -

                              SKADDEN, ARPS, SLATE, MEAGHER
                                 & FLOM, LLP
                              Chris L. Dickerson, Esq.
                              155 North Wacker Drive
                              Chicago, Illinois 60606
                              (312) 407-0700

                                  - and -

                              MCGUIREWOODS LLP

                              _/s/ Douglas M. Foley _____
                              Dion W. Hayes (VSB No. 34304)
                              Douglas M. Foley (VSB
                              No. 34364)
                              One James Center
                              901 E. Cary Street
                              Richmond, Virginia 23219
                              (804) 775-1000

                              Counsel for Debtors and
                              Debtors in Possession

## <u>EXHIBIT A</u>

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB
SKADDEN, ARPS, SLATE,           No. 34364)
MEAGHER & FLOM LLP              MCGUIREWOODS LLP
One Rodney Square               One James Center
P.O. Box 636                    901 E. Cary Street
Wilmington, Delaware 19899-     Richmond, Virginia 23219
0636                            (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

           IN THE UNITED STATES BANKRUPTCY COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
<u>et al</u>.,                      :
                             :
           Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER SUSTAINING DEBTORS' FIFTIETH OMNIBUS OBJECTION TO
CERTAIN ADMINISTRATIVE EXPENSES AND MOTION FOR (I)
AUTHORITY TO SETOFF AGAINST SUCH EXPENSES AND (II) A WAIVER
OF THE REQUIREMENT THAT THE FIRST HEARING ON ANY RESPONSE
PROCEED AS A STATUS CONFERENCE**

THIS MATTER having come before the Court on the
Debtors' Fiftieth Omnibus Objection To Certain
Administrative Expenses And Motion For (I) Authority To
Setoff Against Such Expenses And (Ii) A Waiver Of The
Requirement That The First Hearing On Any Response Proceed
As A Status Conference (the "Objection"),[3] which requested,
among other things, that the claims identified on Exhibit C
attached to the Objection be reduced as identified on
Exhibit C for those reasons set forth in the Objection; and
it appearing that due and proper notice and service of the
Objection as set forth therein was good and sufficient and
that no other further notice or service of the Objection
need be given; and it further appearing that no response
was timely filed or properly served by the Claimants being
affected by this Order; and it appearing that the relief
requested on the Objection is in the best interest of the
Debtors, their estates and creditors and other parties-in-
interest; and after due deliberation thereon good and
sufficient cause exists for the granting of the relief as
set forth herein,

---

[3] Capitalized terms not otherwise defined herein shall have the meanings
ascribed to such terms in the Objection.

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.    The Objection is GRANTED.

2.    The Debtors' are authorized to exercise their setoff rights in order to offset Circuit City's Receivables against each of the Administrative Expenses identified on Exhibit C attached hereto in the manner provided therein.

3.    The Administrative Expenses set forth on Exhibit C are reduced as provided in Exhibit C.

4.    The Debtors' rights to amend, modify, or supplement the Objection, to file additional objections to the Administrative Expenses listed on Exhibit C or any other claims that have been or may be asserted against the Debtors, and to seek reduction of any claim to the extent such Claim has been paid, are preserved.

5.    In the event the Debtors determine that any Administrative Expense set forth on Exhibit C is overstated, the Debtors' rights to obtain payment of the amount of the Receivable offset against the overstated amount of the Administrative Expense are preserved.

6.    The Debtors' rights to seek to avoid any transfers under 11 U.S.C. §§ 547, 553 or any other section of the Bankruptcy Code or applicable law with respect to the Claimants are preserved.

7.    To the extent any Claimant timely files and properly serves a response to this Objection by November 4, 2009, the requirement that this Court hold a status conference at the first hearing, as set forth in the Omnibus Objection Procedures Order, is hereby waived.

8.    To the extent any Receivable remains after the offsets contemplated by the Objection are effectuated, the Debtors' rights to obtain payment of any remaining Receivable, or offset the Receivable against other claims filed by the Claimants, are preserved.

9.    This Court retains jurisdiction to hear and determine all matters arising from or related to the interpretation or implementation of this Order.

Dated: Richmond, Virginia
       _____, 2009


                          _____
                          HONORABLE KEVIN R. HUENNEKENS
                          UNITED STATES BANKRUPTCY JUDGE


WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

__/s/ Douglas M. Foley_____
Douglas M. Foley

In re: Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

Debtors' Fiftieth Omnibus Objection to Certain Administrative Expenses

Exhibit B - Claimants and Related Claims Subject To Fiftieth Omnibus Objection to Claims

| Claim Holder | Claim | Exhibit |
|---|---|---|
| AUDIOVOX CORPORATION | 13497 | EXHIBIT C - DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CLAIMS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES |
| CYBER POWER SYSTEMS INC | 14253 | EXHIBIT C - DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CLAIMS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES |
| CYBER POWER SYSTEMS USA INC | 14354 | EXHIBIT C - DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CLAIMS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES |
| CYBERPOWER SYSTEMS USA INC | 9984 | EXHIBIT C - DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CLAIMS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES |
| FUJITSU TEN CORP OF AMERICA | 13327 | EXHIBIT C - DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CLAIMS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES |
| HAUPPAUGE COMPUTER WORKS INC | 14015 | EXHIBIT C - DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CLAIMS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES |
| NYKO TECHNOLOGIES INC | 14596 | EXHIBIT C - DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CLAIMS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES |
| SIMA PRODUCTS CORPORATION | 13476 | EXHIBIT C - DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CLAIMS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES |
| SOUTHPEAK INTERACTIVE, LLC | 13130 | EXHIBIT C - DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CLAIMS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES |
| TELEDYNAMICS | 13277 | EXHIBIT C - DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CLAIMS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES |
| VONWIN CAPITAL MANAGEMENT, LP | 14251 | EXHIBIT C - DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CLAIMS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES |

In re: Circuit City Stores, Inc, et al.        Debtors' Fiftieth Omnibus Objection To Claims Objection
Case No. 08-35653-KRH                                          To Certain Administrative Expenses

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | ASSERTED CLAIM AMOUNT * | | DOCKETED DEBTOR | RECEIVABLES |
|---|---|---|---|---|
| Claim Number: 13497<br>Date Filed: 06/25/2009<br><br>AUDIOVOX CORPORATION<br>ATTN LORIANN SHELTON<br>150 MARCUS BLVD<br>HAUPPAUGE, NY 11788 | Docketed Amount:* | $225,216.88 | CIRCUIT CITY STORES, INC. (08-35653) | $409,867.16 |
| | Total Receivables: | $635,084.04 | | |
| | Modified Amount: | $0.00 | | |
| Claim Number: 14253<br>Date Filed: 06/30/2009<br><br>CYBER POWER SYSTEMS INC<br>WILLIAM J JOANIS ESQ<br>4241 12TH AVE E STE 400<br>SHAKOPEE, MN 55370 | Docketed Amount:* | $2,767.50 | CIRCUIT CITY STORES, INC. (08-35653) | $5,229.05 |
| | Total Receivables: | $7,996.55 | | |
| | Modified Amount: | $0.00 | | |
| Claim Number: 9984<br>Date Filed: 01/30/2009<br><br>CYBERPOWER SYSTEMS USA INC<br>ATTN GEN COUNSEL<br>4241 12TH AVE E STE 400<br>SHAKOPEE, MN 55379 | Docketed Amount:* | $4,923.10 | CIRCUIT CITY STORES, INC. (08-35653) | $305.95 |
| | Total Receivables: | $5,229.05 | | |
| | Modified Amount: | $0.00 | | |
| Claim Number: 14354<br>Date Filed: 06/30/2009<br><br>CYBER POWER SYSTEMS USA INC<br>4241 12TH AVE E STE 400<br>SHAKOPEE, MN 55370 | Docketed Amount:* | $163,686.34 | CIRCUIT CITY STORES, INC. (08-35653) | $0.00 |
| | Total Receivables: | $305.95 | | |
| | Modified Amount: | $163,380.39 | | |

In re: Circuit City Stores, Inc, et al.            Debtors' Fiftieth Omnibus Objection To Claims Objection
Case No. 08-35653-KRH                                          To Certain Administrative Expenses

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | ASSERTED CLAIM AMOUNT * | | DOCKETED DEBTOR | RECEIVABLES |
|---|---|---|---|---|
| Claim Number: 13327<br>Date Filed: 06/11/2009<br><br>FUJITSU TEN CORP OF AMERICA<br>ATTN EIKO KUBOTA CYWINSKI<br>19600 S VERMONT AVE<br>TORRANCE, CA 90502 | Docketed Amount:*<br>Total Receivables:<br>Modified Amount: | $52,829.50<br>$1,007,252.55<br>$0.00 | CIRCUIT CITY STORES, INC.<br>(08-35653) | $954,423.05 |
| Claim Number: 14015<br>Date Filed: 06/29/2009<br><br>HAUPPAUGE COMPUTER WORKS INC<br>ATTN CONTROLLER<br>91 CABOT CT<br>HAUPPAUGE, NY 11788 | Docketed Amount:*<br>Total Receivables:<br>Modified Amount: | $41,300.00<br>$131,436.80<br>$0.00 | CIRCUIT CITY STORES, INC.<br>(08-35653) | $90,136.80 |
| Claim Number: 14596<br>Date Filed: 09/04/2009<br><br>NYKO TECHNOLOGIES INC<br>ALAN F BROIDY PC<br>LAW OFFICES OF ALAN F BROIDY<br>A PROFESSIONAL CORPORATION<br>1925 CENTURY PARK E 7TH FL<br>LOS ANGELES, CA 90067-2701 | Docketed Amount:*<br>Total Receivables:<br>Modified Amount: | $695,021.60<br>$205,375.78<br>$489,645.82 | CIRCUIT CITY STORES, INC.<br>(08-35653) | $0.00 |
| Claim Number: 13476<br>Date Filed: 06/17/2009<br><br>SIMA PRODUCTS CORPORATION<br>120 PENNSYLVANIA AVE<br>OAKMONT, PA 15139 | Docketed Amount:*<br>Total Receivables:<br>Modified Amount: | $12,387.12<br>$15,138.32<br>$0.00 | CIRCUIT CITY STORES, INC.<br>(08-35653) | $2,751.20 |

* Claims filed, adjourned or ordered on prior omnibus
objections are reflected at the modified amount

In re: Circuit City Stores, Inc, et al.                    Debtors' Fiftieth Omnibus Objection To Claims Objection

Case No. 08-35653-KRH                                      To Certain Administrative Expenses

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | | ASSERTED CLAIM AMOUNT * | DOCKETED DEBTOR | RECEIVABLES |
|---|---|---|---|---|
| Claim Number: 13130<br>Date Filed: 03/25/2009<br><br>SOUTHPEAK INTERACTIVE, LLC<br>C O WILLIAM H SCHWARZSCHILD III<br>WILLIAMS MULLEN<br>TWO JAMES CENTER 17TH FL<br>1021 EAST CARY ST<br>RICHMOND, VA 23218-1320 | Docketed Amount:* | $107,075.52 | CIRCUIT CITY STORES, INC. (08-35653) | $24,682.79 |
| | Total Receivables: | $131,758.31 | | |
| | Modified Amount: | $0.00 | | |
| Claim Number: 13277<br>Date Filed: 06/08/2009<br><br>TELEDYNAMICS<br>WENDY WAGNER CONTROLLER<br>2200 WHELESS LN<br>AUSTIN, TX 78723 | Docketed Amount:* | $56,480.81 | CIRCUIT CITY STORES, INC. (08-35653) | $0.00 |
| | Total Receivables: | $6,168.84 | | |
| | Modified Amount: | $50,311.97 | | |
| Claim Number: 14251<br>Date Filed: 06/30/2009<br><br>VONWIN CAPITAL MANAGEMENT LP<br>ATTN ROGER VON SPIEGEL MANAGING DIRECTOR<br>261 FIFTH AVE 22ND FL<br>NEW YORK, NY 10016 | Docketed Amount:* | $102,059.64 | CIRCUIT CITY STORES, INC. (08-35653) | $0.00 |
| | Total Receivables: | $8,420.58 | | |
| | Modified Amount: | $93,639.06 | | |

**Total Docketed:**        **$1,463,748.01**

**Total Modified:**        **$796,977.24**

* Claims filed, adjourned or ordered on prior omnibus
objections are reflected at the modified amount