IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:                                               Case No. 08-35653-KRH

**CIRCUIT CITY STORES, INC., et al.**                Chapter 11 (Jointly administered)

Debtors,

**SECOND AMENDED MOTION OF SITE A, LLC
FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

Site A, LLC, a Colorado limited liability company, successor in interest to JP Thornton, LLC, a Colorado limited liability company ("Landlord"), by and through its undersigned counsel appears before the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division, pursuant to Bankruptcy Code Section 503(b), and moves the Court for allowance and payment of a Chapter 11 administrative expense claim with respect to claims arising under a non-residential real property lease between Landlord, as lessor, and Circuit City Stores, Inc. (the "Debtor") as lessee ("Administrative Expense Motion"). The Landlord and respectfully represents as follows:

**JURISDICTION**

1.     The Court has jurisdiction over this Administrative Expense Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

---

Ann K. Crenshaw, Esq. (VSB No. 19538)
Paul K. Campsen, Esq. (VSB No. 18133)
Kaufman & Canoles, a professional corporation
2101 Parks Avenue, Suite 700
Virginia Beach, VA 23451
Tele: (757) 491-4000
Fax: (757) 491-4020
*Counsel for Site A, LLC, a colorado limited liability company,
successor in interest to JP Thornton, LLC, a Colorado limited liability company*

David J. Dansky, Esq.
Chambers Dansky & Mulvahill, LLC
1601 Blake Street #500
Denver, Colorado 80202
Tele: (303) 825-2222
Fax: (303) 825-4010

## BACKGROUND

2.      On November 10, 2008 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 11 of the Title 11 of the United States Code (the "Bankruptcy Code").

3.      Since the Petition Date, the Debtor has continued to operate its business as a debtor-in-possession pursuant to Sections §§ 1107 and 1108 of the Bankruptcy Code.

4.      Pursuant to a lease dated May 24, 2004 and the First Amendment to Lease Agreement dated July 20, 2005 between Landlord as lessor, and the Debtor as lessee, as such lease has been amended from time to time (the "Lease"), the Debtor leases retail space at the shopping center known as the Larkridge Shopping Center, located in Thornton, Colorado ("Leased Premises").

5.      Debtor has continued to occupy and use the Leasehold Premises from the Petition Date through the date the Lease was rejected by the Debtor pursuant to 11 U.S.C. §365, but has failed to pay the following post-petition rent and other charges due under the terms of the Lease for the period from November 10, 2008 through November 30, 2008 ("Stub Rent Period"):

| Expenses Category | Amount |
| --- | --- |
| Base Rent (11/10/08 – 11/30/08) | $37,856.88 |
| Common Area Maintenance Escrow (11/10/08 – 11/30/08) | $4,141.59 |
| Post-Petition Rent – Prior to Rejection By Debtor (3/10/09) | $12,211.90 |
| Pre-Petition Taxes (01/01/08 – 11/09/08) | $124,084.20 |
| Post-Petition Taxes (11/10/08 – 12/31/08) | $29,943.80 |
| Post-Petition Taxes (01/01/09 – 3/10/09) | $29,117.73 |
| TOTAL | $237,356.10 |

2

6.     Pursuant to § 365(d)(3) of the Bankruptcy Code, the Debtor became and remains liable for the post-petition rent and related lease obligations arising under the Lease, including those arising during the Stub Rent Period. Specifically, post-petition rent and common area maintenance obligations reserved under the Lease are required to be satisfied timely and in full pursuant to § 365(d)(3) of the Bankruptcy Code, which provides in relevant part as follows:

> (3)    The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title…

7.     As set forth above, the Debtor's estate is liable for the specified obligations arising under the Lease for the Stub Rent Period in the amount of $41,998.47, which is an administrative expense of the Debtor's estate.

8.     In addition to Landlord's entitlement to the foregoing sum as an administrative expense claim under § 365(d)(3) of the Bankruptcy Code, Landlord is also entitled to the allowance of such amount under § 503(b) of the Bankruptcy Code, which provides in relevant part as follows:

> After a notice and a hearing, there shall be allowed, administrative expenses, …including –
>
> (1)(A) the actual, necessary costs and expenses of preserving the estate, including –
>
> (i) wages, salaries and commissions for services rendered after the commencement of the case…

3

9. In order to qualify for administrative expense status under § 503(b), the claimant must demonstrate that the claim was incurred post-petition and that the claim is an actual, necessary expense of the estate. In re O'Brien Environmental Energy, Inc., 181 F.3d 527 (3d Cir. 1999). A lessor seeking administrative expense priority for a post-petition rent claim need not demonstrate that the "debtor's continued possession of its space is a benefit to the estate" in order to prevail on its administrative claim. In re Trak Auto Corp., 277 B.R. 655, 665 (Bankr. E.D.Va. 2002), *rev'd on other grounds*, 367 F.3d 237 (4th Cir. 2004). Notwithstanding the foregoing, Landlord's post-petition claim for obligations arising during the Stub Rent Period is an appropriate administrative expense claim under § 503(b) since, among other things, the Debtor used and occupied the leasehold premises for that period.

10. It is well established that, absent evidence to the contrary, the "amount fixed by the lease is presumed to represent the reasonable value of the use and occupancy of the premises." In re Section 20 Land Group, Ltd., 261 B.R. 711, 717 (Bankr. M.D. Fla. 2000) (citing In re Litho Specialities, Inc., 154 B.R. 733, 740 (D. Minn. 1993)). Accordingly, the rent and related obligations reserved under the Lease are presumptive evidence of the fair and reasonable value of the Debtor's interest in the leasehold during the Stub Rent Period. See, In re Silicon Valley Telecom Exchange, LLC., 284 B.R. 700 (Bankr. N.D. Cal. 2002); In re Sanborn, Inc., 181 B.R. 683 (Bankr. D. Mass. 1995) (the reasonable value for the use of the premises is the lease contract rate absent evidence that the contract rate is unreasonable.

## CONCLUSION

11. For the foregoing reasons, Landlord is entitled to the allowance of an administrative expense claim in the amount of $237,356.10, as reflected in the foregoing calculations, for the Stub Rent Period.

WHEREFORE, Site A, LLC, respectfully requests the entry of an order pursuant to 11 U.S.C. §§ 365(d)(3) and 503(a) and (b) allowing as an administrative expense obligation against the Debtor's estate a claim in the amount of $237,356.10, together with such other and further relief as is just and proper.

Dated: October 15, 2009

                        SITE A, LLC

                    By:  /s/ Ann K. Crenshaw
                           Of Counsel

Ann K. Crenshaw, Esq. (VSB No. 19538)
Paul K Campsen, Esq. (VSB No. 18133)
Kaufman & Canoles, a professional corporation
2101 Parks Avenue, Suite 700
Virginia Beach, VA 23451
Tele: (757) 491-4000
*Counsel for Site A, LLC, a Colorado limited liability company, successor in interest to JP Thornton, LLC, a Colorado limited liability company*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Second Amended Motion of Site A, LLC for Payment of Administrative Expense Claim was sent first-class, postage prepaid U.S. Mail, on this 15th day of October, 2009, to:

Circuit City Stores, Inc.
Attn: Reginald D. Hedgebeth
Attn: Daniel W. Ramsey
9950 Maryland Drive
Richmond, VA 23233

    *Debtors*

Daniel F. Blanks, Esq.
Douglas M. Foley, Esq.
McGuireWoods, LLP
9000 World Trade Center
101 West Main Street
Norfolk, VA 23510

*Counsel for the Debtors*

Gregg Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden Arps, Slate Meagher & Flom, LLP
One Rodney Square
Box 636
Wilmington, DE 19899

*Counsel for the Debtors*

Chris L. Dickerson, Esq.
Skadden Arps, Slate Meagher & Flom, LLP
333 West Wacker Drive
Chicago, IL 60606

*Counsel for the Debtors*

Robert B. Van Arsdale, Esq.
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

*Office of the United States Trustee for
The Eastern District of Virginia, Richmond Division*

Linda K. Myers, Esq.
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL 60601

*Special Counsel for Debtors*

Lynn L. Tavenner, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA 23219

6

Brad R. Godshall, Esq.
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA 90067-4100

> *Counsel for the Official Committee of Unsecured Creditors*

Robert J. Feinstein, Esq.
Jeffrey N. Pomerantz, Esq.
Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 26th Floor
New York, NY 10017

> *Counsel for the Creditors Committee*

and to all creditors and parties-in-interest who are included in the United States Bankruptcy Court's ECF e-mail notification system.

_/s/ Ann K. Crenshaw_

::ODMA\PCDOCS\DOCSVB\8342849\1