Mona M. Murphy, Esquire
Virginia Bar No. 21589
Akerman Senterfitt LLP
8100 Boone Boulevard, Suite 700
Vienna, Virginia  22182-2642
(703) 790-8750
*Counsel to Samsung Electronics America, Inc.*
_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CIRCUIT CITY STORES, INC.** | ) | Case No. 08-35653 (KRH) |
| | ) | (Chapter 11) |
| | ) | |
| **Debtor.** | ) | Jointly Administered |

**SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION FOR A SHORTENED
RESPONSE TIME TO INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS**

Samsung Electronics America, Inc. ("Samsung"), claimant herein, pursuant to Rules 9006 (c), 9014 and 7034(b)(2)(A) of the Federal Rules of Bankruptcy Procedure (the "Rules" and each a "Rule"), requests that the Court order a shortened time period within which the Debtors shall respond to Samsung's Interrogatories and Request for Production of Documents, and as grounds therefore states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this case is pursuant to 28 U.S.C. §§ 1408.  This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(B).

**Procedural Background**

2. The Debtors filed their voluntary petitions under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C § 101 *et seq.* (the "Code") on November 10, 2008.

3. Samsung timely filed three proofs of claim in this case. Samsung's Claim No. 1425, in the amount of $19,262,466.96, is a reclamation claim under Section 503(b)(9) of the Code (the "Reclamation Claim").

4. Samsung's Claim No. 2144 and Claim No. 2425 are identical general unsecured claims in the amount of $122,577,855.01.[1]

5. On October 13, 2009, at 11:31 p.m., the Debtors filed their (I) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference (the "Reclamation Claims Objection") with a Brief in Support thereof, seeking an order "temporarily disallowing each of the claims identified on Exhibit C up to the amount of the Preferential Transfers . . . pending return of the Preferential Transfers."  Recl. Obj. ¶ 9.

6. Samsung's Claim No. 1425 is listed on Debtors' Exhibit C in the docketed amount of $19,262,466.96.  Exhibit C also shows that the Debtor now claims a preference of $51,466,693.00 against Samsung.

7. A hearing is scheduled on the Reclamation Claims Objection on November 12, 2009, and Samsung's response to the Reclamation Claims Objection is due by November 4, 2009, according to the Notice of the Reclamation Claims Objection filed by the Debtor.

8. Samsung seeks discovery from the Debtors in order to be able to respond fully to the Reclamation Claims Objection and has served on the Debtors Interrogatories and Request for Production of Documents this same date.  Ordinarily, the Debtors would have thirty days

---

[1] Claim No. 2144 was disallowed as a duplicate of Claim No. 2425, pursuant to the Order Sustaining Debtors' Tenth Omnibus Objection to Certain Duplicate Claims.  In the Debtors' Twenty-Third Omnibus Objection to Claims (Modification of Certain Duplicate 503[b][9] Claims), the Debtors seek to disallow portions of Samsung's general unsecured claims to the extent the Reclamation Claim is also asserted as a general unsecured claim.  Thus, the Debtors sought to reduce the amount of Claim No. 2425 by $19,262,466.96, which represents the amount of the Reclamation Claim.  Samsung filed a Response to the Debtors' Twenty-Third Omnibus Objection to Claims, reserving its right to maintain the full amount of its claims, whether they be administrative or general unsecured claims.  The hearing on the Twenty-Third Objection is scheduled for December 7, 2009.

from service to respond to Samsung's discovery requests, pursuant to Rules 7033 and 7034 made applicable to this contested matter by Rule 9014.

### Relief Requested

9. Samsung seeks an order from the Court setting a shortened response period to Samsung's discovery requests, reducing the time for response from 30 days to 9 days so that Samsung will have the information necessary to be able to respond fully to the Debtors' Reclamation Claims Objection by the stated due date of November 4, 2009 and at the hearing on the objection scheduled for November 12, 2009.

### Basis for Relief

10. The Court has authority under Rules 7033 (b)(2) and 7034(b)(2)(A) to shorten the time for the Debtors' discovery responses. In addition, Rule 9006(d) more generally permits the Court to reduce a period for taking action where cause is shown for the reduction.

11. According to the Debtors' Notice, Samsung will have only twenty-two days notice before its response is due and only 30 days before the hearing date. Samsung does not have sufficient information to respond fully.

12. In particular, Samsung needs specific information from the Debtors about the transfers to Samsung that the Debtors allege are preferential, including the amounts and dates of the alleged transfers; the documents the Debtors relied upon in determining that Samsung received preferential payments; and the defenses allegedly analyzed and applied or rejected by the Debtors, including their "new value" analysis. *See* Debtors' Br. at 3-4.

13. In light of the looming dates for Samsung's response and the hearing on the Reclamation Claims Objection, Samsung seeks an order shortening the Debtors' response time to nine (9) days, or until October 30, 2009.

{TY087331;1}

14. The Debtors seek to proceed with oral argument on the legal issues presented in the Reclamation Claims Objection and suspend any discovery on disputed facts until after the Court resolves the legal issues. Recl. Obj. ¶ 12. The Debtors' preemptive refusal to allow the Court to consider the amount or even the existence of the alleged preferential transfers obstructs Samsung's ability to respond fully to the Reclamation Claims Objection.

15. In the Reclamation Claims Objection, the Debtors asserted that they possess a $51,466,693.00 preference against Samsung. Considering this precise amount, the Debtors undeniably possess documents readily available to support their assertion and should have no difficultly providing an immediate response to Samsung's discovery.

16. An abbreviated response period should not be too burdensome to the Debtors since they have, presumably, already compiled all the requested material as part of their preparation of the Reclamations Claims Objection.

17. The foregoing demonstrates cause for a shortened discovery response period pursuant to Rule 9006(d).

## Hearing

18. Samsung filed herewith a motion for expedited hearing on this Motion. A hearing on the Motion will be heard **on October 27, 2009 at 11:30 a.m.**(Eastern Standard Time) at

> United States Bankruptcy Court
> 701 East Broad Street - Courtroom 5000
> Richmond, VA 23219

WHEREFORE, Samsung respectfully requests that this Court enter an order shortening the time for the Debtors to respond to Samsung's Interrogatories and Request for Production of Documents to nine days, setting the date for making such response to October 30, 2009, and

{TY087331;1}

granting such other and further relief as this Court deems just and proper.

| | |
|---|---|
| **DATED:**  October 21, 2009 | **AKERMAN SENTERFITT LLP** |
| | |
| | By:  /s/ Mona M. Murphy |
| | Mona M. Murphy, Esquire |
| | Virginia Bar No. 21589 |
| | 8100 Boone Boulevard, Suite 700 |
| | Vienna, VA  22182-2642 |
| | tel.:  (703) 790-8750 |
| | fax:  (703) 448-1767 |
| | mona.murphy@akerman.com |
| | |
| | Michael Goldberg, Esquire |
| | (pro hac vice application pending) |
| | Las Olas Centre II, Suite 1600 |
| | 350 East Las Olas Boulevard |
| | Fort Lauderdale, FL  33301-2229 |
| | Phone:  (954) 463-2700 |
| | Fax:  (954) 463-2224 |
| | Email:  michael.goldberg@akerman.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of October, 2009, a copy of the foregoing Motion was sent to the United States Trustee, counsel for the Debtors, counsel for the unsecured creditors committee, and all creditors and parties-in-interest who are included in the United States Bankruptcy Court's ECF e-mail notification system for this case, by virtue the electronic filing of same.   In addition, telephonic and electronic mail notice was given to Debtor's counsel and the United States Trustee.

/s/ Mona M. Murphy

{TY087331;1}