Mona M. Murphy, Esquire
Virginia Bar No. 21589
Akerman Senterfitt LLP
8100 Boone Boulevard, Suite 700
Vienna, Virginia  22182-2642
(703) 790-8750
*Counsel to Samsung Electronics America, Inc.*
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CIRCUIT CITY STORES, INC.** | ) | **Case No. 08-35653 (KRH)** |
| | ) | **(Chapter 11)** |
| | ) | |
| **Debtor.** | ) | **Jointly Administered** |

### SAMSUNG ELECTRONICS AMERICA, INC.'S  MOTION FOR AN EXPEDITED HEARING ON SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION FOR SHORTENED RESPONSE TIME TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Samsung Electronics America, Inc. ("Samsung"), claimant herein, pursuant to Local Rule 9013-1(N) of the Bankruptcy Court for the Eastern District of Virginia (the "Local Rules" and each a "Local Rule"), requests that the Court set an expedited hearing on Samsung's Motion for a Shortened Response Time to Interrogatories and Request for Production of Documents filed herewith (the "Motion to Shorten"), and as grounds therefore states as follows:

### Jurisdiction and Venue

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this case is pursuant to 28 U.S.C. §§ 1408.    This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(B).

### Procedural Background

2.  The Debtors filed their voluntary petitions under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C § 101 *et seq.* (the "Code") on November 10, 2008.

{TY087400;1}

3. Samsung timely filed three proofs of claim in this case.  Claim No. 1425, in the amount of $19,262,466.96, is a reclamation claim under Section 503(b)(9) of the Code.

4. On October 13, 2009, at 11:31 p.m., the Debtors filed their (I) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference (the "Reclamation Claims Objection") with a Brief in Support thereof, seeking an order "temporarily disallowing each of the claims identified on Exhibit C up to the amount of the Preferential Transfers . . . pending return of the Preferential Transfers"  (Recl. Obj. ¶ 9), including Samsung's Claim No. 1425, which is listed on Debtors' Exhibit C in the docketed amount of $19,262,466.96 and against which Debtors now claim a preference of $51,466,693.00 (Recl. Obj. Exh. C).

5. A hearing is scheduled on the Reclamation Claims Objection on November 12, 2009, and the Debtors state Samsung's response to the Reclamation Claims Objection is due by November 4, 2009.

6. Samsung seeks discovery from the Debtors in order to be able to respond fully to the Reclamation Claims Objection, all as is set forth more fully in the Motion to Shorten which is incorporated herein by reference.

7. Samsung has served on the Debtors its First Set of Interrogatories (the "Interrogatories") and Request for Production of Documents (the "Request for Production") this same date, and seeks an expedited hearing on is Motion to Shorten in order to obtain a ruling in time for any response by the Debtor to be available to Samsung before the November 4 date for its response to the Reclamation Claims Objection.

## Relief Requested

{TY087400;1}

8. Samsung seeks an order from the Court setting an expedited hearing on its Motion to Shorten so that Samsung will have the information necessary to be able to respond fully to the Debtors' Reclamation Claims Objection by the stated due date of November 4, 2009 and at the hearing on the objection scheduled for November 12, 2009.

## **Basis for Relief**

9.  Local Rule 9013-1(N) provides that a movant may request an expedited hearing by certifying to the Court that the movant has: (i) carefully examined the matter and concluded that there is a true need for an emergency hearing; (ii) not created the emergency trough any lack of due diligence; and (iii) has made a bona fide effort to resolve the matter without hearing.  Counsel's certification under Local Rule 9013-1(N) follows.

10. According to the Debtors' Notice, Samsung will have only twenty-two days notice before its response is due and only 30 days before the hearing date.  Samsung does not have sufficient information to respond fully.

11. In particular, Samsung including the amounts and dates of the alleged transfers; the documents the Debtors relied upon in determining that Samsung received preferential payments; and the defenses allegedly analyzed and applied or rejected by the Debtors, including their "new value" analysis. *See* Debtors' Br. at 3-4.

12. In light of the looming dates for Samsung's response and the hearing on the Reclamation Claims Objection, Samsung seeks an order shortening the Debtors' response time to nine (9) days, or until October 30, 2009 in order to obtain the specific information it needs from the Debtors to respond to the Reclamation Claims Objection.

{TY087400;1}

13. An expedited hearing should not be too burdensome on the Debtors since they have, presumably, already compiled all the requested material as part of their preparation of the Reclamations Claims Objection.

14. The foregoing demonstrates that an expedited hearing on the Motion to Shorten, pursuant to Local Rule 9013-1(N), is appropriate.

## **Hearing on Motion to Shorten**

**A hearing has been set on the Motion to Shorten on October 27, 2009 at 11:30 a.m. at**

> **United States Bankruptcy Court**
> **701 East Broad Street - Courtroom 5000**
> **Richmond, VA 23219**

WHEREFORE, Samsung respectfully requests that this Court enter an order expediting hearing on Samsung's Motion to Shorten, setting such hearing for October 27, 2009 at 11:30 a.m., and granting such other and further relief as this Court deems just and proper.

**DATED:** October 21, 2009          **AKERMAN SENTERFITT LLP**

By:  /s/ Mona M. Murphy_
Mona M. Murphy, Esquire
Virginia Bar No. 21589
8100 Boone Boulevard, Suite 700
Vienna, VA  22182-2642
tel.:  (703) 790-8750
fax:  (703) 448-1767
mona.murphy@akerman.com

{TY087400;1}

## <u>Certification Pursuant to Local Rule 9013-1(N)</u>

Undersigned counsel certifies that she has carefully examined the matter and has concluded that there is a true need for an emergency hearing on the Motion to Shorten.  The emergency was not created through any lack of due diligence as Samsung reviewed the Reclamation Claims Objection and served its First Set of Interrogatories and Request for Production less than seven days from receipt of the Reclamation Claims Objection.  Undersigned counsel further certifies that counsel in her firm made a bona fide effort to resolve the matter without a hearing by conferring with counsel for the Debtors by telephone and email.  As of the time of this Motion, the Debtors have not agreed to the relief sought in Samsung's Motion to Shorten; accordingly, Samsung has filed this Motion to request an expedited hearing be set on the Motion to Shorten.

<u>/s/ Mona M. Murphy</u>
Mona M. Murphy

{TY087400;1}

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of October, 2009, a copy of the foregoing

Motion was sent to the United States Trustee, counsel for the Debtors, counsel for the unsecured

creditors committee, and all creditors and parties-in-interest who are included in the United

States Bankruptcy Court's ECF e-mail notification system for this case, by virtue the electronic

filing of same.  In addition, notice was given to Debtor's Counsel and the United States Trustee

by telephone and electronic mail.

/s/ Mona M. Murphy

{TY087400;1}