Mona M. Murphy, Esquire
Virginia Bar No. 21589
Akerman Senterfitt LLP
8100 Boone Boulevard, Suite 700
Vienna, Virginia 22182-2642
(703) 790-8750
*Counsel to Samsung Electronics America, Inc.*
_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CIRCUIT CITY STORES, INC.,** | ) | **Case No. 08-35653 (KRH)** |
| **et al.,** | ) | **(Chapter 11)** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |

**SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO APPROVE REQUEST TO APPEAR TELEPHONICALLY FOR THIS COURT'S OCTOBER 27, 2009 EXPEDITED HEARING ON SAMSUNG'S MOTION FOR SHORTENED RESPONSE TIME TO <u>INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

Samsung Electronics America, Inc. ("Samsung"), claimant herein, through its undersigned counsel, moves this Court to allow Samsung to appear via telephone for this Court's October 27, 2009 hearing (the "Hearing") on Samsung's Motion for Shortened Response Time to Interrogatories and Request for Production of Documents (the "Motion to Shorten"), and as grounds therefore states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case is pursuant to 28 U.S.C. §§ 1408. This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(B).

**Procedural Background**

{TY087415;1}

2. The Debtors filed their voluntary petitions under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C § 101 *et seq.* (the "Code") on November 10, 2008.

3. Samsung timely filed three proofs of claim in this case. Claim No. 1425, in the amount of $19,262,466.96, is a reclamation claim under Section 503(b)(9) of the Code.

4. On October 13, 2009, at 11:31 p.m., the Debtors filed their (I) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference (the "Reclamation Claims Objection") with a Brief in Support thereof, seeking an order "temporarily disallowing each of the claims identified on Exhibit C up to the amount of the Preferential Transfers . . . pending return of the Preferential Transfers" (Recl. Obj. ¶ 9), including Samsung's Claim No. 1425, which is listed on Debtors' Exhibit C in the docketed amount of $19,262,466.96 and against which Debtors now claim a preference of $51,466,693.00 (Recl. Obj. Exh. C).

5. A hearing is scheduled on the Reclamation Claims Objection on November 12, 2009, and the Debtors state Samsung's response to the Reclamation Claims Objection is due by November 4, 2009.

6. Contemporaneously with the filing of the instant Motion, Samsung filed its Motion to Shorten and a Motion for Expedited Hearing ("Motion to Expedite") on same, both motions incorporated herein by reference.

7. A hearing on the Motion to Shorten is set for October 27, 2009 at 11:30 a.m. (the "Hearing").

## **Relief Requested**

8. Samsung requests that the Court exercise its discretion to permit counsel who represent Samsung in this matter to appear at the Hearing via telephone.

{TY087415;1}

**Basis for Relief**

9. Samsung does not anticipate that the Hearing will be lengthy or over-complicated. Samsung's primary counsel, Michael Goldberg, is located in Ft. Lauderdale, Florida; Samsung's local counsel Mona Murphy is located in Vienna, Virginia.

10. Samsung does not anticipate that appearance of its counsel by telephone will be disruptive, and believes that any oral argument required at the Hearing can be achieved just the same as if Samsung's counsel appeared in person.

11. Samsung submits that the expense of Mr. Goldberg and Ms. Murphy traveling to Richmond for the Hearing would be expensive and unduly burdensome on Samsung when balanced against any minimal benefit of appearing in person given the single issue and succinct relief sought in the Motion to Shorten and the expedited setting of the Hearing.

12. Samsung further asserts that its request to allow its counsel to appear by telephone will not prejudice the Debtors or their counsel, and Samsung respectfully submits that there will be no prejudice to the Court.

WHEREFORE, Samsung Electronic America, Inc. requests that this Court grant Samsung leave to allow Samsung's counsel to appear for the October 27, 2009 hearing telephonically.

DATED: October 21, 2009        **AKERMAN SENTERFITT LLP**

By:  Mona M. Murphy____
Mona M. Murphy, Esquire
Virginia Bar No. 21589
8100 Boone Boulevard, Suite 700
Vienna, VA  22182-2642
tel.: (703) 790-8750
fax: (703) 448-1767
mona.murphy@akerman.com

{TY087415;1}

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of October, 2009, a copy of the foregoing Motion was sent to the United States Trustee, counsel for the Debtors, counsel for the unsecured creditors committee, and all creditors and parties-in-interest who are included in the United States Bankruptcy Court's ECF e-mail notification system for this case, by virtue the electronic filing of same. In addition, notice was given to Debtor's Counsel and the United States Trustee by telephone and electronic mail.

/s/ Mona M. Murphy

{TY087415;1}