Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - X
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
              Debtors.      :   Jointly Administered
- - - - - - - - - - - - - - x

             **DEBTORS' FIFTY-FOURTH OMNIBUS OBJECTION
        TO CLAIMS (DISALLOWANCE OF CERTAIN LATE CLAIMS)**

      The debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors")[1], hereby file

---

[1] The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc. (3875),
Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC
(5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia,
Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC
(2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs,
Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC

their Fifty-Fourth Omnibus Objection to Claims (Disallowance of Certain Late Claims) (the "Objection"), and hereby move this Court, pursuant to sections 105, 502, and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for an order, the proposed form of which is attached hereto as Exhibit A, granting the relief sought by this Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105, 502, and 503 and Rule 3007 of the Federal Rules of Bankruptcy Procedure.

---

(9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, Virginia 23060.

## BACKGROUND

2.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3.   The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

4.   On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

5.   On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

6.   On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

7.   Pursuant to the Claims Bar Date Order, the

3

deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date"). The deadline for governmental units to file claims that arose before November 10, 2009 is 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date"). Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

8.     On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314). In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

9.     On November 12, 2008, this Court entered that certain Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to

Bankruptcy Rule 9007 (Docket No. 107)(the "503(b)(9) Bar Date Order").

10.   Pursuant to the 503(b)(9) Bar Date Order, this Court approved the form and manner of the 503(b)(9) bar date notice, which was attached as Exhibit A to the 503(b)(9) Bar Date Order (the "503(b)(9) Bar Date Notice").  Pursuant to the 503(b)(9) Bar Date Order and 503(b)(9) Bar Date Notice, the bar date for filing proofs of claim asserting administrative priority claims pursuant to section 503(b)(9) of the Bankruptcy Code was on December 19, 2008 (the "503(b)(9) Bar Date").

11.   On November 19, 2008, KCC served a copy of the 503(b)(9) Bar Date Notice on the 2002 Service List, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 358).  In addition, the Debtors published the 503(b)(9) Bar Date Notice in The New York Times (Docket No. 549), The Wall Street Journal (Docket No. 548),and The Richmond Times-Dispatch (Docket No. 547).

12.   On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the

Debtors and a joint venture, as agent (the "Agent").   On
January 17, 2009, the Agent commenced going out of business
sales pursuant to the Agency Agreement at the Debtors
remaining stores.   As of March 8, 2009, the going out of
business sales at the Debtors' remaining stores had been
completed.

13.   On April 1, 2009, this Court entered an Order
Establishing Omnibus Objection Procedures and Approving the
Form and Manner of Notice of Omnibus Objections (Docket No.
2881)(the "Omnibus Objection Procedures Order").

14.   On May 15, 2009, the Court entered that certain
Order Pursuant to Bankruptcy Code Sections 105 and 503 and
Bankruptcy Rules 2002 and 9007 (I) Setting Administrative
Bar Date and Procedures for Filing and Objecting to
Administrative Expense Requests and (II) Approving Form and
Manner of Notice Thereof (Docket No. 3354) (the
"Administrative Claims Bar Date Order").

15.   Pursuant to the Administrative Claims Bar Date
Order, the deadline for filing all "Administrative Expenses"
(as defined in the Administrative Claims Bar Date Order)
against the Debtors by any person or entity was 5:00 p.m.
(Pacific) on June 30, 2009 (the "Administrative Claims Bar
Date").   Pursuant to the Claims Bar Date Order, this Court

approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Administrative Claims Bar Date Order (the "Administrative Claims Bar Date Notice").

16.   On or before May 22, 2009, KCC served a copy of the Administrative Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket Nos. 3397 and 4609).   In addition, the Debtors published the Administrative Claims Bar Date Notice in The Financial Times (Docket No. 3970), and The Richmond Times-Dispatch (Docket No. 3969) and The Wall Street Journal (Docket No. 3968).

## OBJECTIONS TO CLAIMS

17.   As more particularly described herein, the Debtors seek in this Objection the disallowance of certain claims that were filed after the applicable bar date, all as further described herein and pursuant to the form of order attached hereto as Exhibit A.

18.   The claims that are the subject of this Objection may be the subject to additional subsequently filed objections.

7

19.  The Debtors reserve the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and on any other grounds.  The Debtors reserve the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

20.  For ease of reference, attached as <u>Exhibit B</u> is an alphabetical listing of all Claimants whose Claims are included in this Objection, with a cross-reference by claim number.

<b><u>BASIS FOR RELIEF</u></b>

21.  <u>Exhibit C</u> contains a list of claims that were filed after the Administrative Claims Bar Date.

22.  The Administrative Claims Bar Date Order provides in relevant part:

> All holders of or those wishing to assert an Administrative Expense, including (without limitation) persons, entities, individuals, partnerships, corporations, estates, trusts, indenture trustees, unions and governmental units, must file an Administrative Expense Request on or before **5:00 p.m. (Pacific) on June 30, 2009** –– the Administrative Bar Date – in accordance with the procedures set forth below.
>
>                    . . .
>
> Any person or entity that is required,

but fails, to file an Administrative
Expense Request for its Administrative
Expense in accordance with the
procedures set forth in this order on or
before the Administrative Bar Date (a)
shall be forever barred, estopped, and
enjoined from asserting any
Administrative Expense against the
Debtors and the Debtors shall be forever
discharged from any and all indebtedness
or liability with respect to such
Administrative Expenses and (b) shall
not be permitted to receive payment from
the Debtors' estates or participate in
any distribution under any plan or plans
of liquidation in the Debtors' chapter
11 cases on account of such
Administrative Expenses.

Administrative Claims Bar Date Order, ¶¶ 2, 12.

23.   The Administrative Claims Bar Date Notice provides

in relevant part:

**CONSEQUENCES OF FAILURE TO FILE
ADMINISTRATIVE EXPENSE REQUESTS**

**Any holder of an Administrative Request
that is required to file (but fails to
file) an Administrative Expense Request
in accordance with the procedures set
forth herein on or before the
Administrative Bar Date (a) shall be
forever barred, estopped, and enjoined
from asserting any Administrative
Expense against the Debtors and the
Debtors (shall [sic] be forever
discharged from any and all indebtedness
or liability with respect to such
Administrative Expense and (b) shall not
be permitted to receive payment from the
Debtors estates or participate in any
distribution under any plan or plans of
liquidation in the Debtors' chapter 11**

9

**cases on account of such Administrative Expense.**

Administrative Claims Bar Date Notice, p. 5.

24.  Exhibit D contains a list of claims that were filed after the General Bar Date and Exhibit E contains a list of claims that were filed after the Governmental Bar Date.

25.  The Claims Bar Date Order provides in relevant part:

> Pursuant to Bankruptcy Rule 3003(c)(3), all "entities" and "persons" (as defined respectively in 11 U.S.C. § 101(15) and (41)), except any governmental unit (as defined in 11 U.S.C. § 101(27)) that are creditors holding or wishing to assert "claims" (as defined in 11 U.S.C. § 101(5)) arising before the Petition Date against any of the Debtors are required to file with the Debtors' Claims Agent (as defined below), on or before 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date") a separate, completed, and executed proof of claim form (conforming substantially to Official Bankruptcy Form No. 10) on account of any such claims in accordance with the procedures set forth below.
>
>                    . . .
>
> Pursuant to Bankruptcy Rule 3003(c) and Bankruptcy Code section 502(b)(9), any governmental units (as defined in 11 U.S.C. § 101(27)) that are creditors holding or wishing to assert "claims" (as defined in 11 U.S.C. § 101(5)) arising before the Petition Date against

any of the Debtors are required to file,
on or before 5:00 p.m. (Pacific) on May
11, 2009(the "Governmental Bar Date") a
separate, completed, and executed proof
of claim form (conforming substantially
to Official Bankruptcy Form No. 10) on
account of any such claims in accordance
with the procedures set forth below.

. . .

Any creditor that is required to file
but fails to file a proof of claim for
its claim in accordance with the
procedures set forth in this order on or
before the General Bar Date, the
Governmental Bar Date, or such other
date established hereby (as applicable)
shall be forever barred, estopped, and
enjoined from: (a) asserting any Claim
against the Debtors that (i) is in an
amount that exceeds the amount, if any,
that is set forth in the Schedules as
undisputed, noncontingent, and
unliquidated or (ii) is of a different
nature or in a different classification
(any such claim referred to as an
"Unscheduled Claim") and (b) voting
upon, or receiving distributions under,
any plan or plans of reorganization in
these chapter 11 cases in respect of an
Unscheduled Claim; and the Debtors and
their property shall be forever
discharged from any and all indebtedness
or liability with respect to such
Unscheduled Claim.

Bar Date Order, ¶¶ 2, 3, 12.

26.   The Claims Bar Date Notice provides in relevant

part:

**CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM**

> **Any creditor that is required to file
> but fails to file a proof of claim for
> its Claim in accordance with the
> procedures set forth herein on or before
> the General Bar Date, the Governmental
> Bar Date, or such other date established
> hereby (as applicable) shall be forever
> barred, estopped, and enjoined from: (a)
> asserting any Claim against the Debtors
> that (i) is in an amount that exceeds
> the amount, if any, that is set forth in
> the Schedules as undisputed,
> noncontingent, and unliquidated or (ii)
> is of a different nature or in a
> different classification (any such claim
> referred to as an "Unscheduled Claim")
> and (b) voting upon, or receiving
> distributions under, any plan or plans
> of reorganization in these chapter 11
> cases in respect of an Unscheduled
> Claim; and the Debtors and their
> property shall be forever discharged
> from any and all indebtedness or
> liability with respect to such
> Unscheduled Claim.  If it is unclear
> from the Schedules and Statements
> whether your Claim is disputed,
> contingent or unliquidated as to amount
> or is otherwise properly listed and
> classified, you must file a proof of
> claim on or before the General Bar Date.
> Any Entity that relies on the Schedules
> and Statements bears responsibility for
> determining that its Claim is accurately
> listed therein.**

Bar Date Notice, p. 5.

27.   Exhibit F contains a list of claims that were

filed after the 503(b)(9) Bar Date (collectively, all of the

claims set forth on Exhibits C, D, E and F, the "Late

Claims").

    28.   The 503(b)(9) Bar Date Order provides in relevant

part:

> Any holder of a Section 503(b)(9) Claim
> that fails to file a Section 503(b)(9)
> Claim Request or a Section 503(b)(9)
> Motion by the Section 503(b)(9) Bar Date
> in accordance with the procedure set
> forth in this Order is forever barred,
> estopped, and permanently enjoined from
> asserting its Section 503(b)(9) Claim
> against the Debtors, their estates, or
> the property of any of them, and such
> holder shall not be entitled to receive
> any distribution in these bankruptcy
> cases on account of such Section
> 503(b)(9) Claim or receive further
> notices regarding such Section 503(b)(9)
> Claim, absent further order of this
> Court.
>
>                     . . .
>
> Any Section 503(b)(9) Claim Request or
> Section 503(b)(9) Motion that is not
> timely filed and served in accordance
> with this Order on or before the Section
> 503(b)(9) Bar Date, so as to be actually
> RECEIVED by the deadline and in the
> manner set forth herein, shall be
> disallowed, and the holder of such
> Section 503(b)(9) Claim shall be forever
> barred, estopped, and permanently
> enjoined from asserting such Section
> 503(b)(9) Claim against the Debtors,
> their estates, or the property of any of
> them, and such holder shall not be
> entitled to receive any distribution in

> these bankruptcy cases on account of
> such Section 503(b)(9) Claim or receive
> further notices regarding such Section
> 503(b)(9) Claim, absent further order of
> this Court.

503(b)(9) Bar Date Order, ¶¶ 7, 12.

29.   The 503(b)(9) Bar Date Notice provides in relevant part:

**CONSEQUENCES OF FAILURE TO 503(b)(9) CLAIM REQUEST**

> **ANY PERSON OR ENTITY HOLDING A SECTION
> 503(b)(9) CLAIM THAT FAILS TO FILE A
> SECTION 503(b)(9) CLAIM REQUEST ON OR
> BEFORE THE BAR DATE SHALL BE FOREVER
> BARRED AND ESTOPPED FROM ASSERTING A
> SECTION 503(b)(9) CLAIM AGAINST THE
> DEBTORS, THEIR ESTATES, OR THE PROPERTY
> OF ANY OF THEM, ABSENT FURTHER ORDER OF
> THE COURT.**

503(b)(9) Bar Date Notice, p. 5.

30.   The disallowance of the Late Claims is appropriate under the applicable Bar Date Order, as well as under applicable law.

31.   Bar dates for asserting claims in chapter 11 bankruptcy cases serve extremely important purposes. "The requirement of a Bar Date in Chapter 11 enables the debtor . . . to establish the universe of claims with which it must deal and the amount of those claims." See In re A.H. Robins Co., Inc., 129 B.R. 457, 459 (Bankr. E.D. Va. 1991). Premised on the imperative purpose of finality of asserting

14

claims against a debtor, courts have not allowed claims filed by creditors after the bar date, absent special circumstances. See In re Provident Hosp., Inc., 122 B.R. 683, 685 (D. Md. 1990), aff'd, 943 F.2d 49 (4th Cir. 1991) (unpublished opinion) ("Because Bean did not timely file his bankruptcy claim after having been given constitutionally sufficient notice, his claim is barred under well-settled authority, 11 U.S.C. 1141(d) and Bankruptcy Rule 3003(c)(2).").

32.   The Late Claims were filed in the present cases after the applicable bar date.  Accordingly, pursuant to the applicable Bar Date Order, these Late Claims are "forever barred, estopped, and permanently enjoined from asserting such claim against the Debtors . . . ."

33.   It is essential for the Debtors to establish the proper liabilities asserted against them.  In order to achieve the imperative of finality in the claims process, the Debtors request that this Court disallow, in their entirety and for all purposes in these bankruptcy cases, the Late Claims in this Objection.

34.   The Debtors reserve the right to object to the Late Claims on any other grounds at any time.

## RESERVATION OF RIGHTS

35.   As noted above, the Debtors reserve their rights
to file objections to these Late Claims at a later time on
any grounds that bankruptcy or non-bankruptcy law permits.
The Debtors likewise reserve the right to modify, supplement
and/or amend this Objection as it pertains to any claim or
claimant herein.

## NOTICE AND PROCEDURE

36.   Notice of this Objection has been provided to all
claimants with claims that are the subject to this Objection
as identified on Exhibits C, D, E and F (the "Claimants"),
respectively, and to parties-in-interest in accordance with
the Court's Order Pursuant to Bankruptcy Code Sections 102
and 105, Bankruptcy Rules 2002 and 9007, and Local
Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain
Notice, Case Management and Administrative Procedures
(Docket No. 130) (the "Case Management Order").  The Debtors
submit that the following methods of service upon the
Claimants should be deemed by the Court to constitute due
and sufficient service of this Objection: (a) service in
accordance with Federal Rule of Bankruptcy Procedure 7004
and the applicable provisions of Federal Rule of Civil
Procedure 4; (b) to the extent counsel for a Claimant is not

16

known to the Debtors, by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's behalf in the Debtors' bankruptcy cases.  The Debtors are serving the Claimant with this Objection and the exhibit on which the Claimant's claim is listed.

37.   To the extent any Claimant timely files and properly serves a response to this Objection by **4:00 p.m. on November 16, 2009** as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Debtors request that the Court conduct a status conference with respect to any such responding claimant at **10:00 a.m. on November 23, 2009** and thereafter schedule the matter for a future hearing as to the merits of such claim.  However, to the extent any Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order and applicable law, the Debtors request that the Court enter an order, substantially in the form attached hereto as Exhibit A, disallowing such Claimant's claim in its entirety for all purposes in these bankruptcy cases.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND
## THE OMNIBUS OBJECTION PROCEDURES ORDER

38.   This Objection complies with Bankruptcy Rule 3007(e).   Additionally, the Debtors submit that this Objection is filed in accordance with the Omnibus Objection Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

39.   Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion, the Debtors request that the requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

40.   No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors request the Court to enter an Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia
      October 21, 2009

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley            .
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

## EXHIBIT A

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
              Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - - X

### ORDER SUSTAINING DEBTORS' FIFTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN LATE CLAIMS)

THIS MATTER having come before the Court on the

Debtors' Fifty-Fourth Omnibus Objection to Claims

(Disallowance of Certain Late Claims) (the "Objection"),

which requested, among other things, that the claims

specifically identified on Exhibits C, D, E and F attached

to the Objection be disallowed in their entirety and for all
purposes in these bankruptcy cases for those reasons set
forth in the Objection; and it appearing that due and proper
notice and service of the Objection as set forth therein was
good and sufficient and that no other further notice or
service of the Objection need be given; and it further
appearing that no response was timely filed or properly
served by the Claimants being affected by this Order; and it
appearing that the relief requested on the Objection is in
the best interest of the Debtors, their estates and
creditors and other parties-in-interest; and after due
deliberation thereon good and sufficient cause exists for
the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.   The Objection is GRANTED.

2.   The Claims identified on <u>Exhibit A</u> as attached
hereto and incorporated herein, are forever disallowed in
their entirety for all purposes in these bankruptcy cases.

3.   The Debtors' rights and abilities to object at a
later time to any claim included in the Objection on any
grounds and on any bases that bankruptcy or non-bankruptcy
law permits are expressly preserved in their entirety.

4.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation or implementation of this Order.

5.    The Debtors shall serve a copy of this Order on the claimants included on the exhibits to this Order on or before five (5) business days from the entry of this Order.

Dated: Richmond, Virginia
         _____, 2009



_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


        **CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

        Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby
certify that the foregoing proposed order has been endorsed
by or served upon all necessary parties.

                                /s/ Douglas M. Foley
                                Douglas M. Foley


\10078657


4

In re: Circuit City Stores, Inc, et al.                    Debtors' Fifty-Fourth Omnibus Objection to Certain Late Claims
Case No. 08-35653 (KRH)

Exhibit B - Claimants and Related Claims Subject To Fifty-Fourth Omnibus Objection to Claims

| Claim Holder | Claim | Exhibit |
|---|---|---|
| AMANDA COMPTON | 14553 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| BELLSOUTH TELECOMMUNICATIONS INC | 13926 | EXHIBIT C - (LATE ADMINISTRATIVE CLAIMS) - DISALLOWED |
| BUTTE COUNTY TAX COLLECTOR | 14269 | EXHIBIT E - (LATE GOVERNMENT CLAIMS) - DISALLOWED |
| CAPITOL OIL ATTN E MICHAEL ZACHARIAS | 14495 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| CHANDLER L DICKERSON | 14568 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| CIRCUIT CITY | 14533 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| CYNDA ANN BERGER | 14293 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| DILIPKUMAR PATEL PRATIBHA PATEL | 13293 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| DOUGLAS AND NANCY CRANDELL | 14586 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| ELEANOR SURKIS | 14524 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| ELEGANT ACQUISITION LLC | 14457 | EXHIBIT C - (LATE ADMINISTRATIVE CLAIMS) - DISALLOWED |
| FARAMARZ AZIZI | 13230 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| FM FACILITY MAINTENANCE FKA IPT LLC | 14325 | EXHIBIT C - (LATE ADMINISTRATIVE CLAIMS) - DISALLOWED |
| FM FACILITY MAINTENANCE FKA IPT LLC | 14525 | EXHIBIT C - (LATE ADMINISTRATIVE CLAIMS) - DISALLOWED |
| GREGG J NAGY | 13305 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| GREGORY J MYERS | 13749 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| HARRY B GROSS SR | 14541 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| HORACE DYCHES | 14555 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| INMAGIC INC | 14304 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| JACK HERNANDEZ AND THE ALLEGED CLASS OF CLAIMAINTS SIMILARLY SITUATED | 14176 | EXHIBIT C - (LATE ADMINISTRATIVE CLAIMS) - DISALLOWED |
| JACK HERNANDEZ AND THE ALLEGED CLASS OF CLAIMANTS SIMILARLY SITUATED | 14264 | EXHIBIT C - (LATE ADMINISTRATIVE CLAIMS) - DISALLOWED |
| JOEL M PORES | 14562 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| JONATHAN CARD AND THE ALLEGED CLASS OF CLAIMANTS SIMILARLY SITUATED | 14263 | EXHIBIT C - (LATE ADMINISTRATIVE CLAIMS) - DISALLOWED |
| JOSEPH SKAF ET AL AND THE ALLEGED CLASS OF CLAIMANTS SIMILARLY SITUATED | 14179 | EXHIBIT C - (LATE ADMINISTRATIVE CLAIMS) - DISALLOWED |
| JOSEPH SKAF ET AL AND THE ALLEGED CLASS OF CLAIMANTS SIMILARLY SITUATED | 14183 | EXHIBIT C - (LATE ADMINISTRATIVE CLAIMS) - DISALLOWED |
| JOSEPH T BROACH | 14642 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| LELAND COHEN | 14480 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| LISA M BOYER | 14644 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| LISA M BOYER BENEF IRA HELEN J KERL DECD | 14643 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| MOHAMMAD AZMAL HOSSEIN | 13483 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| ROBERT E KNIESCHE | 14509 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| ROBERT GENTRY AND THE ALLEGED CLASS OF CLAIMANTS SIMILARLY SITUATED | 14181 | EXHIBIT C - (LATE ADMINISTRATIVE CLAIMS) - DISALLOWED |
| ROBERT GENTRY AND THE ALLEGED CLASS OF CLAIMANTS SIMILARLY SITUATED | 14186 | EXHIBIT C - (LATE ADMINISTRATIVE CLAIMS) - DISALLOWED |
| SCHMIDT, GARY | 13061 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| SHAMEEN MYERS | 14618 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| SONOMA COUNTY TAX COLLECTOR | 14571 | EXHIBIT E - (LATE GOVERNMENT CLAIMS) - DISALLOWED |
| SPADA, GUIDO | 14594 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| STONEHOUSE MARKETING SERVICES | 14544 | EXHIBIT C - (LATE ADMINISTRATIVE CLAIMS) - DISALLOWED |
| TMLP | 14530 | EXHIBIT F - (LATE 503(B)(9) CLAIMS) - DISALLOWED |
| WAYNE BERKLEY LUCK | 14328 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |
| WAYNE BERKLEY LUCK | 14406 | EXHIBIT D - (LATE UNSECURED CLAIMS) - DISALLOWED |

In re: Circuit City Stores, Inc, et al.    Debtors' Fifty-Fourth Omnibus Objection to Claims
Case No. 08-35653-KRH    (Late Administrative Claims) - Disallowed

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| BELLSOUTH TELECOMMUNICATIONS INC VINCENT A DAGOSTINO ESQ C O LOWENSTEIN SANDLER PC 65 LIVINGSTON AVE ROSELAND, NJ 07068 | 13926 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | $146,003.58 $146,003.58 | 07/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| ELEGANT ACQUISITION LLC RICHARD STEBEN CHIEF FINANCIAL OFFICER 5253 W ROOSEVELT RD CICERO, IL 60804-1222 | 14457 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | $4,752.00 $4,752.00 | 07/03/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| FM FACILITY MAINTENANCE FKA IPT LLC 10 COLUMBUS BLVD 4TH FL HARTFORD, CT 06106 | 14525 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | $607,961.73 $607,961.73 | 07/28/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| FM FACILITY MAINTENANCE FKA IPT LLC 10 COLUMBUS BLVD 4TH FL HARTFORD, CT 06106 | 14325 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | $731,293.46 $731,293.46 | 07/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| JACK HERNANDEZ AND THE ALLEGED CLASS OF CLAIMAINTS SIMILARLY SITUATED ATTN MATTHEW RIGHETTI RIGHETTI LAW FIRM PC 456 MONTGOMERY ST STE 1400 SAN FRANCISCO, CA 94104 | 14176 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | UNL UNL | 07/02/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.     Debtors' Fifty-Fourth Omnibus Objection to Claims
Case No. 08-35653-KRH     (Late Administrative Claims) - Disallowed

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| JACK HERNANDEZ AND THE ALLEGED CLASS OF CLAIMANTS SIMILARLY SITUATED ATTN MATTHEW RIGHETTI RIGHETTI LAW FIRM PC 456 MONTGOMERY ST STE 1400 SAN FRANCISCO, CA 94104 | 14264 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | UNL UNL | 07/02/2009 | CIRCUIT CITY STORES WEST COAST, INC. (08-35654) |
| JONATHAN CARD AND THE ALLEGED CLASS OF CLAIMANTS SIMILARLY SITUATED ATTN MATTHEW RIGHETTI RIGHETTI LAW FIRM PC 456 MONTGOMERY ST STE 1400 SAN FRANCISCO, CA 94104 | 14263 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | UNL UNL | 07/02/2009 | CIRCUIT CITY STORES WEST COAST, INC. (08-35654) |
| JOSEPH SKAF ET AL AND THE ALLEGED CLASS OF CLAIMANTS SIMILARLY SITUATED ATTN MATTHEW RIGHETTI RIGHETTI LAW FIRM PC 456 MONTGOMERY ST STE 1400 SAN FRANCISCO, CA 94104 | 14179 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | UNL UNL | 07/02/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| JOSEPH SKAF ET AL AND THE ALLEGED CLASS OF CLAIMANTS SIMILARLY SITUATED ATTN MATTHEW RIGHETTI RIGHETTI LAW FIRM PC 456 MONTGOMERY ST STE 1400 SAN FRANCISCO, CA 94104 | 14183 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | UNL UNL | 07/02/2009 | CIRCUIT CITY STORES WEST COAST, INC. (08-35654) |
| ROBERT GENTRY AND THE ALLEGED CLASS OF CLAIMANTS SIMILARLY SITUATED ATTN MATTHEW RIGHETTI RIGHETTI LAW FIRM PC 456 MONTGOMERY ST STE 1400 SAN FRANCISCO, CA 94104 | 14186 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | UNL UNL | 07/02/2009 | CIRCUIT CITY STORES WEST COAST, INC. (08-35654) |

*     "UNL" denotes an unliquidated claim.

**In re: Circuit City Stores, Inc, et al.**

**Case No. 08-35653-KRH**

Debtors' Fifty-Fourth Omnibus Objection to Claims
(Late Administrative Claims) - Disallowed

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| ROBERT GENTRY AND THE ALLEGED CLASS OF CLAIMANTS SIMILARLY SITUATED ATTN MATTHEW RIGHETTI 456 MONTGOMERY ST STE 1400 SAN FRANCISCO, CA 94104 | 14181 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | UNL<br><br>UNL | 07/02/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| STONEHOUSE MARKETING SERVICES RUSS MCREYNOLDS 2039 INDUSTRIAL BLVD NORMAN, OK 73069 | 14544 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | $68,700.71<br><br>$68,700.71 | 08/07/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

|  | Total: | 12 | $1,558,711.48 |
|---|---|---|---|

* "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.    Debtors' Fifty-Fourth Omnibus Objection to Claims

Case No. 08-35653-KRH    (Late Unsecured Claims) - Disallowed

EXHIBIT D

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| AMANDA COMPTON<br>2649 CORONADO RDG<br>LEXINGTON, KY 40511 | 14553 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | $750.00<br><br><br><br>$750.00 | 08/11/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CAPITOL OIL ATTN E MICHAEL ZACHARIAS<br>PO BOX 26664<br>RICHMOND, VA 23261-6664 | 14495 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | <br><br><br><br>$1,167.43<br>$1,167.43 | 07/21/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CHANDLER L DICKERSON<br>12 ROUNDTREE CT<br>GREENSBORO, NC 27410 | 14568 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | <br><br><br><br>$94.66<br>$94.66 | 08/13/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CIRCUIT CITY<br>NAOMI GANT<br>57 EASTWYCK RD<br>DECATUR, GA 30032 | 14533 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | <br>$323.99<br><br><br><br>$323.99 | 07/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CYNDA ANN BERGER<br>1525 CRAWFORD WOOD DR<br>MIDLOTHIAN, VA 23114 | 14293 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | <br><br><br><br>UNL<br>UNL | 07/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Fifty-Fourth Omnibus Objection to Claims
(Late Unsecured Claims) - Disallowed

EXHIBIT D

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| DILIPKUMAR PATEL PRATIBHA PATEL<br>PO BOX 339<br>STATESVILLE, NC 28687 | 13293 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | $51,785.10<br>$51,785.10 | 06/08/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| DOUGLAS AND NANCY CRANDELL<br>3 OXFORD DR<br>EAST HANOVER, NJ 07936 | 14586 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | $817.00<br>$817.00 | 08/24/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| ELEANOR SURKIS<br>116 PINEHURST AVE<br>NEW YORK, NY 10033 | 14524 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | UNL<br>UNL | 07/27/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| FARAMARZ AZIZI<br>135 N WILLAMAN DR<br>BEVERLY HILLS, CA 90211 | 13230 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | $25,000.00<br>$25,000.00 | 06/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| GREGG J NAGY<br>DANIEL W SHEPPARD ESQ<br>MORGAN & MORGAN PA<br>PO BOX 9504<br>FORT MYERS, FL 33906 | 13305 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | $15,000.00<br>$15,000.00 | 06/09/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.
Case No. 08-35653-KRH

Debtors' Fifty-Fourth Omnibus Objection to Claims
(Late Unsecured Claims) - Disallowed

**EXHIBIT D**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| GREGORY J MYERS<br>2122 PRESCOTT DR<br>BARTLETT, IL 60103 | 13749 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | UNL<br><br><br>UNL | 06/22/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| HARRY B GROSS SR<br>206 N PACIFIC<br>HUTCHINS, TX 75141 | 14541 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | $199.99<br><br><br>$199.99 | 08/06/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| HORACE L & NORMA DYCHES<br>HORACE L AND NORMA D DYCHES<br>5533 HILL RD<br>POWDER SPRINGS, GA 30127 | 14555 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | $3,531.67<br><br><br>$3,531.67 | 08/17/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| HOSSEIN, MOHAMMAD AZMAL<br>8550 SPRING VALLEY RD APT NO 265<br>DALLAS, TX 75240 | 13483 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | <br><br><br>$20,356.00<br>$20,356.00 | 06/23/2009 | CIRCUIT CITY STORES WEST COAST, INC. (08-35654) |
| INMAGIC INC<br>ATTN JEANNINE FLYNN<br>200 UNICORN PARK DR 4TH FL<br>WOBURN, MA 01801 | 14304 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | <br><br><br>$24,000.00<br>$24,000.00 | 07/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Fifty-Fourth Omnibus Objection to Claims
(Late Unsecured Claims) - Disallowed

**EXHIBIT D**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| JOEL M PORES<br>24031 EL TORO RD NO 301<br>LAGUNA HILLS, CA 92653 | 14562 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | $100.00<br><br><br><br>$100.00 | 08/24/2009 | CIRCUIT CITY STORES WEST COAST, INC. (08-35654) |
| JOSEPH T BROACH<br>3688 JEFFERSON LANDING RD<br>POWHATAN, VA 23139 | 14642 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | <br><br><br><br>$1,912.00<br>$1,912.00 | 09/21/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| LELAND COHEN<br>ALLEN COHEN ESQ<br>100 GREENWOOD AVE<br>WYNCOTE, PA 19095 | 14480 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | $40.00<br><br><br><br>$40.00 | 07/13/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| LISA M BOYER<br>6317 PARK RIDGE RD<br>LOVES PARK, IL 61111 | 14644 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | <br><br><br><br>$390.78<br>$390.78 | 09/21/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| LISA M BOYER BENEF IRA HELEN J KERL DECD<br>FCC AS CUST<br>6317 PARK RIDGE RD<br>LOVES PARK, IL 61111 | 14643 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | <br><br><br><br>$684.22<br>$684.22 | 09/21/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Fifty-Fourth Omnibus Objection to Claims
(Late Unsecured Claims) - Disallowed

**EXHIBIT D**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| ROBERT E KNIESCHE<br>179 SHELBY DR<br>NEWPORT NEWS, VA 23608 | 14509 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | <br><br><br><br>$621.00<br>$621.00 | 07/20/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| SCHMIDT, GARY<br>830 CARNELLIAN LANE<br>PEACHTREE CITY, GA 30269 | 13061 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | <br>$40,000.00<br><br><br><br>$40,000.00 | 05/28/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| SHAMEEN MYERS<br>101 STAGG WALK 3C<br>BROOKLYN, NY 11206-1801 | 14618 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | $650.23<br><br><br><br><br>$650.23 | 09/09/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| SPADA, GUIDO<br>P O BOX 396<br>NINE MILE FALLS, WA 99026 | 14594 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | <br><br><br><br>$6,351.00<br>$6,351.00 | 09/04/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| WAYNE BERKLEY LUCK<br>8954 KINGS CHARTER DR<br>MECHANICSVILLE, VA 23116 | 14406 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | <br>$400,000.00<br><br><br><br>$400,000.00 | 07/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

\*      "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Fifty-Fourth Omnibus Objection to Claims
(Late Unsecured Claims) - Disallowed

**EXHIBIT D**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| WAYNE BERKLEY LUCK<br>WAYNE B LUCK<br>8954 KINGS CHARTER DR<br>MECHANICSVILLE, VA 23116 | 14328 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | $212,300.00<br>$212,300.00 | 07/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

Total:    26                    $806,075.07

* "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.    Debtors' Fifty-Fourth Omnibus Objection to
Case No. 08-35653-KRH    Claims (Late Government Claims) - Disallowed

**EXHIBIT E**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| BUTTE COUNTY TAX COLLECTOR 25 COUNTY CENTER DR STE 125 OROVILLE, CA 95965 | 14269 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | 5,114.00 $5,114.00 | 07/02/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| SONOMA COUNTY TAX COLLECTOR PO BOX 3879 SANTA ROSA, CA 95402-3879 | 14571 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | 7,254.55 $7,254.55 | 08/25/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

Total:     2          $12,368.55

*    "UNL" denotes an unliquidated claim.

Page 1 of 1

**In re: Circuit City Stores, Inc, et al.**
**Case No. 08-35653-KRH**

Debtors' Fifty-Fourth Omnibus Objection to Claims
(Late 503(B)(9) Claims) - Disallowed

**EXHIBIT F**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| TMLP<br>PO BOX 870<br>TAUNTON, MA 02780-0870 | 14530 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | <br><br><br>$20,958.77<br><br>$20,958.77 | 07/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

**Total:**      **1**                              **$20,958.77**

\*      "UNL" denotes an unliquidated claim.