Gregg M. Galardi, Esq.　　　　　　　Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.　　　　　　Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &　　MCGUIREWOODS LLP
FLOM, LLP　　　　　　　　　　　　　　One James Center
One Rodney Square　　　　　　　　　　901 E. Cary Street
PO Box 636　　　　　　　　　　　　　 Richmond, Virginia 23219
Wilmington, Delaware 19899-0636　　(804) 775-1000
(302) 651-3000

　　　　　– and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
                IN THE UNITED STATES BANKRUPTCY COURT
                  FOR THE EASTERN DISTRICT OF VIRGINIA
                           RICHMOND DIVISION

    - - - - - - - - - - - - - - -x
    In re:                        :   Chapter 11
                                  :
    CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
    et al.,                       :
                                  :
                        Debtors.  :   Jointly Administered
    - - - - - - - - - - - - - - -x
```

### NOTICE OF DEBTORS' FIFTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN LATE CLAIMS)

**PLEASE TAKE NOTICE THAT** the above-captioned Debtors (the "Debtors") filed the Debtors' Fifty-Fourth Omnibus Objection to Claims (Disallowance of Certain Late Claims) (the "Objection") with the Bankruptcy Court. A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1. By the Objection, the Debtors are seeking to disallow certain claims.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the

"Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to disallow certain claims, including your claim(s), listed below, all as set forth in the Objection.

| TO: | Amount of Asserted Claim | Claim Number To Be Disallowed |
|---|---|---|
|  |  |  |
| [Claimant Name][1] |  |  |
| [Claimant Address] |  |  |

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION. <u>YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION</u>. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY <u>4:00 P.M.(EASTERN) ON NOVEMBER 16, 2009</u>, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

### Critical Information for Claimants
### Choosing to File a Response to the Objection

<u>Who Needs to File a Response</u>: If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Debtors before the deadline to respond, then you must file and serve a written response

---

[1] Personalized claim information is included in the personalized notices served on the Claimants listed on <u>Exhibit B</u> to the Objection.

2

(the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

Response Deadline:  The Response Deadline is **4:00 p.m. (Eastern Time) on November 16, 2009 (the "Response Deadline")**.

THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED AND RECEIVED BY THE RESPONSE DEADLINE.

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Debtors' attorneys:

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>One Rodney Square<br>PO Box 636<br>Wilmington, DE 19899-0636<br>Attn: Gregg M. Galardi<br>Attn: Ian S. Fredericks | MCGUIREWOODS LLP<br>One James Center<br>901 E. Cary Street<br>Richmond, VA 23219<br>Attn: Dion W. Hayes<br>Attn: Douglas M. Foley |

– and –

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
Attn:  Chris L. Dickerson

3

The status hearing on the Objection will be held at **10:00 a.m. (Eastern) on November 23, 2009 at:**

>United States Bankruptcy Court
>701 East Broad Street – Courtroom 5100
>Richmond, Virginia 23219

If you file a timely Response, in accordance with the Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Objection.

**Procedures for Filing a Timely Response and
Information Regarding the Hearing on the Objection**

**Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

   a. a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

   b. the claimant's name and an explanation for the amount of the Claim;

   c. a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

   d. a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to

        introduce into evidence in support of its Claim at the hearing; <u>provided</u>, <u>however</u>, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.    a declaration of a person with personal knowledge of the relevant facts that support the Response; and

f.    the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address"). If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be disallowed) and only for those Claims in the Objection.

g.    To the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses"). Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

    **<u>Additional Information</u>**. To facilitate a resolution of the Objection, your Response should also include the name,

5

address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf.  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to File Your Timely Response**.  If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Debtors will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection without further notice to you.

**Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

### Additional Information

**Requests for Information**.  You may also obtain a copy of the Objection or related documents on the internet, by accessing the website of the Debtors at www.kccllc.net/circuitcity.

6

**Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Debtors.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Debtors have the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.

Dated: October 21, 2009　　SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia　　FLOM, LLP
　　　　　　　　　　　　　　　Gregg M. Galardi, Esq.
　　　　　　　　　　　　　　　Ian S. Fredericks, Esq.
　　　　　　　　　　　　　　　P.O. Box 636
　　　　　　　　　　　　　　　Wilmington, Delaware 19899-0636
　　　　　　　　　　　　　　　(302) 651-3000

　　　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　　SKADDEN, ARPS, SLATE, MEAGHER &
　　　　　　　　　　　　　　　FLOM, LLP
　　　　　　　　　　　　　　　Chris L. Dickerson, Esq.
　　　　　　　　　　　　　　　155 North Wacker Drive
　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　(312) 407-0700

　　　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　　MCGUIREWOODS LLP

　　　　　　　　　　　　　　　/s/ Douglas M. Foley
　　　　　　　　　　　　　　　Dion W. Hayes (VSB No. 34304)
　　　　　　　　　　　　　　　Douglas M. Foley (VSB No. 34364)
　　　　　　　　　　　　　　　One James Center
　　　　　　　　　　　　　　　901 E. Cary Street
　　　　　　　　　　　　　　　Richmond, Virginia 23219
　　　　　　　　　　　　　　　(804) 775-1000

　　　　　　　　　　　　　　　Counsel for Debtors and Debtors
　　　　　　　　　　　　　　　in Possession

\10078827