Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
          Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x

      **DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CLAIMS
(DISALLOWANCE OF CERTAIN ALLEGED ADMINISTRATIVE EXPENSES ON
              ACCOUNT OF EMPLOYEE OBLIGATIONS)**

      The debtors and debtors in possession in the

above-captioned jointly-administered cases (collectively,

the "Debtors"),[1] hereby object and move this Court, pursuant

to sections 105, 502 and 503 of title 11 of the United

States Code (the "Bankruptcy Code"), Rule 3007 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rule 3007-1 of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Eastern District

of Virginia (the "Local Rules"), for an order, substantially

in the form attached hereto as Exhibit A, disallowing the

Claims (as defined herein) as set forth herein.  In support

of the Objection, the Debtors respectfully represent as

follows:

### SUMMARY OF OBJECTION

1.   The Debtors object to each Claim (as defined

herein) because each Claim arose prior to the Petition Date.

As a result, the Claims are not entitled to administrative

priority.  Thus, the Claims should be reclassified as

general unsecured claims.

---

[1]   The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
(0875), Ventoux International, Inc. (1838), Circuit City Purchasing
Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company
of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer
Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659),
Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS,
Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel,
LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR,
LLC (5512). The address for the Debtors is 4951 Lake Brook Drive,
Suite #500, Glen Allen, VA 23060.

2

2.    In addition, each Claimant (as defined
herein) filed another proof of claim -- the Existing Claims
(as defined herein) -- asserted (or should have been
asserted) against the same Debtor, asserting the same
liability, and based upon the same underlying basis and
claim.[2]  Thus, if the Claims were reclassified, such Claims
should subsequently be disallowed as late-filed and
duplicative of the Existing Claims, which would involve
unnecessary time, delay and expense.  To avoid these
results, more effectively administer the claims resolution
process, and eliminate unnecessary subsequent objections,
the Debtors request that the Court disallow the Claims.

### JURISDICTION AND VENUE

3.    This Court has jurisdiction to consider this
Objection under 28 U.S.C. §§ 157 and 1334.  This is a core
proceeding under 28 U.S.C. § 157(b).  Venue of these cases
and this Objection in this district is proper under 28
U.S.C. §§ 1408 and 1409.

4.    The statutory and legal predicates for the
relief requested herein are Bankruptcy Code sections 105,
502 and 503, Bankruptcy Rule 3007 and Local Rule 3007-1.

---

[2]  The Existing Claim is not always in the same amount as the Claim.  In
each case, however, the Claim and the Existing Claim were asserted on
account of the same underlying obligation.

3

## BACKGROUND

**A.   The Bankruptcy Cases.**

5.   On November 10, 2008 (the "Petition Date"),
the Debtors filed voluntary petitions in this Court for
relief under chapter 11 of the Bankruptcy Code.

6.   Pursuant to Bankruptcy Code sections 1107 and
1108, the Debtors are continuing as debtors in possession.

7.   On November 12, 2008, the Office of the
United States Trustee for the Eastern District of Virginia
appointed a statutory committee of unsecured creditors (the
"Creditors' Committee").  To date, no trustee or examiner
has been appointed in these chapter 11 cases.

8.   On January 16, 2009, the Court authorized the
Debtors, among other things, to commence liquidation and
conduct going out of business sales at the Debtors'
remaining 567 stores pursuant to an agency agreement (the
"Agency Agreement") between the Debtors and a joint venture,
as agent (the "Agent").  On January 17, 2009, the Agent
commenced going out of business sales pursuant to the Agency
Agreement at the Debtors' remaining stores.  The going out
of business sales concluded on or about March 8, 2009.

9.   On September 29, 2009, the Debtors and the
Creditors Committee filed the First Amended Joint Plan of

4

Liquidation of Circuit City Stores, Inc. and its Affiliated
Debtors and Debtors In Possession and its Official Committee
of Creditors Holding General Unsecured Claims (the "Plan").
The associated disclosure statement (the "Disclosure
Statement") was approved on September 24, 2009, and
confirmation on the Plan is currently scheduled for November
23, 2009.

10.   Generally, the Plan provides for the
liquidation of the Debtors under chapter 11 of the
Bankruptcy Code.

**B.   General Bar Date.**

11.   On November 12, 2008, the Court appointed
Kurtzman Carson Consultants LLC ("KCC") as claims, noticing
and balloting agent for the Debtors in these chapter 11
cases, pursuant to 28 U.S.C. § 156(c).

12.   On December 10, 2008, the Court entered that
certain Order Pursuant to Bankruptcy Code Sections 105 and
502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I)
Setting General Bar Date and Procedures for Filing Proofs of
Claim; and (II) Approving Form and Manner of Notice Thereof
(Docket No. 890) (the "Claims Bar Date Order").

13.   Pursuant to the Claims Bar Date Order, the
deadline for filing all "claims" (as defined in 11 U.S.C. §

105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date").  Pursuant to the Claims Bar Date Order, this Court further approved the form of the claims bar date notice, attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice"), and the manner of service thereof.

14.  On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties, including all of the Debtors' current employees and former employees for the three years prior to the Petition Date (Docket No. 1314).  In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

**C.   Administrative Bar Date.**

15.  On May 15, 2009, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (I) Setting Administrative Bar Date and Procedures for Filing and Objecting to Administrative Expense Request and (II)

Approving Form and Manner of Notice Thereof (Docket No. 3354) (the "Administrative Expense Bar Date Order").

16.   Pursuant to the Administrative Expense Bar Date Order, the deadline for filing all administrative expense requests arising before April 30, 2009 against the Debtors was 5:00 p.m. (Pacific) on June 30, 2009 (the "Administrative Bar Date").  Pursuant to the Administrative Expense Bar Date Order, this Court further approved the form of the administrative expense bar date notice, attached as Exhibit A to the Administrative Expense Bar Date Order (the "Administrative Expense Bar Date Notice"), and the manner of service thereof.

17.   On or before May 22, 2009, KCC served a copy of the Administrative Expense Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, and certain other parties, including all of the Debtors' current employees and former employees for the three years prior to the Petition Date (Docket No. 4609). In addition, on May 21, 2009, the Debtors published the Administrative Expense Bar Date Notice in The Wall Street Journal (Docket No. 3968), The Financial Times (Docket No. 3970) and The Richmond Times-Dispatch (Docket No. 3969).

18.   On April 1, 2009, this Court entered an Order
Establishing Omnibus Objection Procedures and Approving the
Form and Manner of Notice of Omnibus Objections (Docket No.
2881) (the "Omnibus Objection Procedures Order").

**D.   The Award Programs.**

   **1.   The Long-Term Incentive Program.**

19.   Prior to the Petition Date, on or about
October 9, 2008, Circuit City Stores, Inc. ("Circuit City")
implemented a long-term performance-based incentive program
(the "Long-Term Incentive Program") pursuant to which
certain employees (the "Long-Term Incentive Program
Participants") were eligible to earn cash incentive awards
(the "Long-Term Cash Awards") based on certain company
performance criteria.  A sample letter setting out the terms
of the Long-Term Incentive Program (the "Long-Term Incentive
Program Sample Letter"), is attached hereto as Exhibit D.

20.   Under the Long-Term Incentive Program, the
Long-Term Cash Awards were dated September 29, 2008.  See
Long-Term Incentive Program Sample Letter at p. 1.

21.   In connection with the General Bar Date,
certain Long-Term Incentive Program Participants (as defined
herein) filed proofs of claims on account of amounts
allegedly due under the Long-Term Incentive Program. In

connection with the Administrative Bar Date, such Long-Term
Incentive Program Participants also filed administrative
expense requests on account of amounts allegedly due under
the Long-Term Incentive Program.

**2.   The Cash Retention And Long-Term Cash Award
Programs.**

22.   Prior to the Petition Date, on or about
January 3, 2008, the Debtors implemented a special cash
retention award program (the "Cash Retention Program")
pursuant to which certain employees (the "Cash Retention
Program Participants") were eligible to earn cash retention
awards (the "Cash Retention Awards").

23.   Similarly, on or about January 4, 2008, the
Debtors implemented a long-term cash award program (the
"Long Term Cash Award Program" and together with the Cash
Retention Program, the "Cash Award Programs") pursuant to
which certain non-management employees (the "Long Term Cash
Award Program Participants" and together with the Cash
Retention Program Participants, the "Cash Award Programs
Participants") were eligible to earn cash awards staggered
over the following three years, beginning in 2009 (the "Long
Term Cash Awards" and together with the Cash Retention
Awards, the "Cash Awards").

24.  Sample letters, setting out the terms of the Cash Award Programs (the "Cash Award Programs Sample Letters"), are attached hereto as <u>Exhibit E</u>.

25.  Under the Cash Award Programs, the Cash Awards were dated January 1, 2008.  <u>See</u> Cash Award Programs Sample Letters at p. 1.

26.  In connection with the General Bar Date, certain of the Cash Award Programs Participants filed claims on account of amounts allegedly due under the Cash Award Programs. In connection with the Administrative Bar Date, such Cash Award Programs Participants also filed administrative expense requests on account of amounts allegedly due under the Cash Award Programs.

**3.  The Short-Term Incentive Program.**

27.  Prior to the Petition Date, Circuit City Stores, Inc. ("Circuit City") had an annual short-term performance-based incentive program, which most recently began on March 1, 2008 (the "Short-Term Incentive Program"), pursuant to which certain employees (the "Short-Term Incentive Program Participants") were eligible to earn cash incentive awards (the "Short-Term Cash Awards") based on company performance criteria and, except with respect to senior vice presidents and above, individual performance.

The presentation that was provided to all participants is attached hereto as Exhibit F.

28. Prior to the Petition Date, eligible employees were automatically enrolled in the Short-Term Incentive Program at the beginning of each fiscal year, which commenced on March 1 of the preceding calendar year. Accordingly, for fiscal year 2009, the Short-Term Incentive Program commenced on March 1, 2008. The performance period with respect to individual performance likewise commenced on March 1, 2008. The company performance criteria were revised in September of 2008, and the performance period with respect to such goals commenced on October 1, 2008. See Short-Term Incentive Program Sample Letter at p. 1, 5.

29. In connection with the General Bar Date, certain of the Short-Term Incentive Program Participants filed proofs of claims on account of amounts allegedly due under the Short-Term Incentive Program. In connection with the Administrative Bar Date, such Short-Term Incentive Program Participants also filed administrative expense requests on account of amounts allegedly due under the Short-Term Incentive Program.

**4.    The Chairman's Award Program.**

30.    Each year, the Debtors recognized certain employee achievements through an additional compensation program (the "Chairman's Award Program").  On or about July 22, 2008, the Debtors implemented the Chairman's Award Program pursuant to which certain employees (the "Chairman's Award Recipients") were eligible to earn cash awards (the "Chairman's Awards").  A sample letter, setting out the terms of the Chairman's Award Program (the "Chairman's Award Program Sample Letter"), is attached hereto as Exhibit G.

31.    Under the Chairman's Award Program, the Chairman's Awards were dated July 1, 2008.  See Chairman's Award Program Sample Letter at p. 1.

32.    In connection with the General Bar Date, certain of the Chairman's Award Recipients filed claims on account of amounts allegedly due under the Chairman's Award Program.  In connection with the Administrative Bar Date, such Chairman's Award Recipients also filed administrative expense requests on account of amounts allegedly due under the Chairman's Award Program.

**5.    The Phantom Stock Program.**

33.    On or about January 3, 2008, Circuit City implemented a phantom stock award program (the "Phantom

12

Stock Program") pursuant to which certain employees (the "Phantom Stock Program Participants") were eligible to earn incentive awards in the form of phantom stock units (the "Phantom Stock Awards").  A sample letter, setting out the terms of the Phantom Stock Program (the "Phantom Stock Program Sample Letter"), is attached hereto as <u>Exhibit H</u>.

34.  Under the Phantom Stock Program, the Phantom Stock Awards were dated January 1, 2008.  <u>See</u> Phantom Stock Program Sample Letter at p. 1.

35.  In connection with the General Bar Date, certain of the Phantom Stock Program Participants filed claims on account of amounts allegedly due under the Phantom Stock Program.  In connection with the Administrative Bar Date, such Phantom Stock Program Participants also filed administrative expense requests on account of amounts allegedly due under the Phantom Stock Program.

**6.  The Restricted Stock Program.**

36.  On various dates prior to the Petition Date, Circuit City implemented a restricted stock award program (the "Restricted Stock Program" and together with the Long-Term Incentive Program, the Cash Retention Program, the Short-Term Incentive Program, the Chairman's Award Program and the Phantom Stock Program, the "Award Programs")

pursuant to which certain employees (the "Restricted Stock
Program Participants" and together with the Long-Term
Incentive Program Participants, the Cash Retention Program
Participants, the Short-Term Incentive Program Participants,
the Chairman's Award Participants and the Phantom Stock
Program Participants, the "Award Program Participants") were
eligible to earn awards in the form of restricted stock
shares (the "Restricted Stock Awards" and together with the
Long-Term Cash Awards, the Cash Retention Awards, the Short-
Term Cash Awards, the Chairman's Awards and the Phantom
Stock Awards, the "Awards").  A sample letter, setting out
the terms of the Restricted Stock Program (the "Restricted
Stock Program Sample Letter"), is attached hereto as Exhibit
I.

        37.   Under the Restricted Stock Program, the
Restricted Stock Awards were dated on various dates prior to
the Petition Date.  See Restricted Stock Program Sample
Letter at p. 1.

        38.   In connection with the General Bar Date,
certain of the Restricted Stock Program Participants filed
claims on account of amounts allegedly due under the
Restricted Stock Program.  In connection with the
Administrative Bar Date, such Restricted Stock Program

14

Participants also filed administrative expense requests on account of amounts allegedly due under the Restricted Stock Program.

**7.    Employment Agreements.**

39.    At various dates prior to the Petition Date, the Debtors entered into employment agreements (the "Employment Agreements") with certain of the Claimants pursuant to which such Claimants were eligible to earn certain severance or other payments in the event of the Claimant's termination without cause or other separation.[3]

40.    In connection with the General Bar Date, certain of the Claimants filed claims on account of amounts allegedly due under the Employment Agreements.[4]    In connection with the Administrative Bar Date, such Claimants also filed administrative expense requests on account of amounts allegedly due under the Employment Agreements.

**OBJECTION TO CLAIMS AND RELIEF REQUESTED**

41.    By this Objection, the Debtors seek entry of an order, in substantially the form annexed as Exhibit A (i)

---

[3]    Due to confidentiality provisions in the employment agreements, a sample was not attached.  However, various Claimants attached their agreements to the Claims.  In addition, the Debtors will provide copies of all of the Employment Agreements to the Court under seal if the Court determines that a review of such agreements is necessary.

[4]    Additionally, one Claimant, Mr. John Kelly, attached his supplemental 401k statement.

disallowing the claims listed on Exhibit C attached hereto
(collectively, the "Claims"). For ease of reference,
Exhibit B is organized as an alphabetical listing by
claimant (the "Claimants"), with a cross-reference by claim
number.

## BASIS FOR OBJECTION

42. Each Claim was asserted as an administrative
expense for amounts allegedly owed under one of the Award
Programs or the Employment Agreements. As set forth below,
however, each of the Claims arose pre-petition. Indeed, in
each case, the Claimant has also filed a proof of claim for
a general unsecured or unsecured priority claim on account
of the same obligation (the "Existing Claims").[5] Because the
Claims all arose pre-petition and the Claimant admitted as
much by filing the Existing Claims, the Claims are not
entitled to administrative priority and should be
reclassified to general unsecured claims. Moreover, each of
the Claims were filed after the General Bar Date.
Accordingly, rather than reclassify and thereafter disallow
as duplicative or late, the Claims should be disallowed in
their entirety. Each of the Claimants, however, will have

---

[5]  The Existing Claim is not always in the same amount as the Claim. In
each case, however, the Claim and the Existing Claim were asserted on
account of the same underlying obligation.

16

his or her Existing Claim, subject to the rights of the
Debtors to object to such Existing Claims on any grounds
applicable law permits.

**I.     THE CLAIMS ARE NOT ALLOWABLE AS ADMINISTRATIVE EXPENSE
CLAIMS BECAUSE THEY AROSE PRIOR TO THE PETITION DATE.**

43.   Section 101(5) of the Bankruptcy Code defines
"claim" to include, among other things,

> (A) a right to payment, whether or not such right
> to payment is reduced to judgment, liquidated,
> unliquidated, fixed, contingent, matured,
> unmatured, disputed, undisputed, legal, equitable,
> secured or unsecured . . . .

11 U.S.C. § 101(5)(A)(emphasis added).  As the Supreme Court
has held and the highlighted words make clear, the
definition of "claim" is to be broadly construed and
applied.  See Pennsylvania Dep't of Pub. Welfare v.
Davenport, 495 U.S. 552, 558 (1990) ("Congress chose
expansive language" in defining "claim").

44.   Importantly, under section 101(5)(A),
although a cause of action might not be ripe to bring suit,
the holder of a potential cause of action may nonetheless
still have a "claim" under section 101(5)(A).  In re
National Gypsum Co., 139 B.R. 397, 405 (N.D. Tex. 1992)
(citing In re Remington Rand Corp., 836 F.2d 825 (3d Cir.
N.J. 1988)).  Specifically, as emphasized above, the

17

definition of claim includes "contingent" claims, <u>i.e.</u>,

contingent rights of payment.  <u>See</u> <u>id.</u>; 11 U.S.C. §

101(5)(A).  Although the Bankruptcy Code does not define the

word "contingent", the Fourth Circuit Court of Appeals has

adopted a very broad definition of "contingent" for purposes

of Bankruptcy Code section 101(5)(A).  <u>See</u> <u>A.H. Robins</u>, 839

F.2d at 202 (adopting the definition found in BLACKS LAW

DICTIONARY 5th Ed., 1979).  In particular, in <u>A.H. Robins</u>,

the Fourth Circuit Court of Appeals defined "contingent" as:

> Possible, but not assured; doubtful or uncertain;
> <u>conditioned upon the occurrence of some future</u>
> <u>event which is itself uncertain, or questionable</u>.
> Synonymous with provisional. This term, when
> applied to a use, remainder, devise, bequest, or
> other legal right or interest, implies that no
> present interest exists, and <u>that whether such</u>
> <u>interest or right ever will exist depends upon a</u>
> <u>future uncertain event</u>.

<u>A.H. Robins Co.</u>, 839 F.2d at 202 (emphasis added).

45.  The Fourth Circuit has relied on the

inclusion of contingent claims in the definition of claim in

determining when a claim arises under the Bankruptcy Code.

In particular, the Fourth Circuit Court of Appeals applies

the "conduct test" to determine when a claim arises.  <u>See</u>

<u>Grady v. A.H. Robins Co.</u>, 839 F.2d 198, 201-02 (4th Cir.

1988).  Under the conduct test, a claim arises when the

event or conduct giving rise to the claim first occurs.

See, e.g., id. at 202-03; In re Camellia Food Stores, Inc.,
287 B.R. 52, 57 (Bankr. E.D. Va. 2002)(noting that Fourth
Circuit, in A.H. Robins, applied a conduct test whereby the
events giving rise to a pre-petition claim must occur pre-
petition for the claim to arise pre-petition); see also In
re U.S. Airways, 2007 WL 3231573, *3 (Bankr. E.D. Va. 2007)
("A debt 'arises,' for bankruptcy purposes, not when the
effects are felt but when the act giving rise to the
liability occurs.").

46.  It is well-established in this Circuit that,
under the conduct test, claims arising under a pre-petition
contract arise pre-petition.  See, e.g., Stewart Foods, Inc.
v. Broecker (In re Stewart Foods, Inc.), 64 F.3d 141, 145
(4th Cir. 1995) ("[R]egardless of the nature of the
contract, if at the time of the bankruptcy filing the debtor
has an obligation under the contract to pay money to the
non-debtor party, that obligation is handled as a pre-
petition claim in the bankruptcy proceedings."); In re
Dornier Aviation (North America), Inc., 2002 WL 31999222, *7
(Bankr. E.D. Va. 2002) ("The claim of a creditor arising
under a prepetition contract is simply a general unsecured
claim in the bankruptcy case. . . ." (citation omitted)).

19

47.   Indeed, applying the Fourth Circuit's conduct test, this Court has explicitly held that claims under an employee benefit program entered into prior to the petition date arise pre-petition.  _Thompson v. Board of Directors of Fairfax Cty. Police Officers Retirement Sys._, 182 B.R. 140, 153 (Bankr. E.D. Va. 1995), _aff'd_, 92 F.3d 1182 (4th Cir. 1996).  Specifically, in _Thompson_, the employee-claimant became a participant in a retirement program when he commenced his employment, prior to the petition date.  _Id._ at 144.  The employee was not eligible to receive his retirement benefits unless or until he completed 25 years of service with his employer.  _Id._ at 145.  Although the employee did not reach the 25-year mark until after the petition date, this Court found that the employee's claim for retirement benefits arose prior to the petition date, at the time the employee became a participant in the retirement plan.  _Thompson_, 182 B.R. at 153.

48.   As the _Thompson_ Court explained:

Following [_A.H. Robins_], we believe that Thompson's right to payment for retirement benefits arose when he joined the police department in 1969, and thus became a participant in the plan. To be sure, at the time Thompson filed his petition, his right to receive retirement benefits depended on his obtaining 25 years of creditable service. Yet this 25-year requirement was merely a contingency Thompson had

to meet in order to have an immediate right to
payment.

Id.

49.  Similarly, here each of the Award Programs
stated that the Award was effective prior to the Petition
Date.  Under the terms of the Award Programs, payment of the
Awards was contingent upon satisfaction of the conditions
for vesting for each Award -- generally, continued
employment on the vesting date and, for the Long-Term and
Short-Term Incentive Programs, satisfaction of performance
conditions.  In other words, the claim was contingent upon
satisfaction of the vesting requirements set forth by each
program.  Accordingly, as of the Petition Date, each of the
Claimants had a claim for the amount of the Award under the
applicable program.

50.  Moreover, the fact that some or all of such
claims ultimately may have vested after the Petition Date
does not render the claim post-petition.  See Thompson, 182
B.R. at 153 ("A debt can be absolutely owing prepetition
even though that debt would never have come into existence
except for postpetition events." (quoting United States v.
Gerth, 991 F.2d 1428, 1434 (8th Cir. 1993))); id. ("The
character of a claim is not transformed from prepetition to

21

postpetition simply because it is contingent, unliquidated, or unmatured when the debtor's petition is filed." (quoting Braniff Airways, Inc. v. Exxon Co., 814 F.2d 1030, 1036 (5th Cir. 1987))).

51.   This Court has reached the same result with respect to pre-petition employment agreements.   In Dornier Aviation, the court found that a claim for severance for an employee who was terminated 86 days after the petition date was a pre-petition claim where the employment contract under which the claim arose was entered into prior to the bankruptcy filing.   Dornier Aircraft, 2002 WL 31999222 at *6-7.   In reaching this conclusion, the court stated that:

> Here, [the employee's] right to severance pay is solely a creature of a contract that was entered into prepetition. Upon entry into the agreement, he acquired a contractual right to receive severance pay if he were later to be involuntarily terminated. Since the triggering event had not yet occurred on the date the bankruptcy petition was filed, any claim to severance pay was contingent on that date. The Bankruptcy Code's definition of 'claim,' however, is not limited to rights to payment that are matured on the filing date.

Id. at *6.

52.   Likewise, each of the Employment Agreements provided that such agreement was effective prior to the Petition Date.   Moreover, each of the Claims for severance payments is "solely a creature of" such pre-petition

22

Employment Agreement.  The fact that the severance payments were triggered, and thus became non-contingent, after the Petition Date does not alter the pre-petition nature of the Claims.

53.  Accordingly, the Debtors respectfully request that the Court sustain the Objection and disallow the Claims.

## II.   THE CLAIMS ARE NOT ALLOWABLE AS ADMINISTRATIVE EXPENSE CLAIMS BECAUSE THEY DO NOT ARISE OUT OF A TRANSACTION WITH THE DEBTOR IN POSSESSION.

54.  In order to determine whether a claim qualifies as an administrative expense, the Fourth Circuit has established a two-part test: "(1) the claim must arise out of a post-petition transaction between the creditor and the debtor-in-possession (or trustee) and (2) the consideration supporting the claimant's right to payment must be supplied to and beneficial to the debtor-in-possession in the operation of the business." Devan v. Simon DeBartolo Group, L.P. (In re Merry-Go-Round Enters., Inc.), 180 F.3d 149, 157 (4th Cir. 1999) (quoting Stewart Foods, 64 F.3d at 145 n.2); see also In re Baseline Sports, Inc., 393 B.R. 105, 130 (Bankr. E.D. Va. 2008).

55.  Here, the first requirement is plainly not met.  In particular, the Long-Term Incentive Program, the

23

Cash Retention Program, the Chairman's Award Program, the
Phantom Stock Program and the Restricted Stock Program
provided that employees became Award Program Participants by
executing and returning a copy of the letter setting forth
the terms of the applicable Award Program by the deadline
set forth in such letter.  <u>See</u> Long-Term Incentive Program
Sample Letter at p. 4 (establishing November 1, 2008
acceptance deadline); Cash Retention Program Sample Letter
at p. 3 (establishing February 1, 2008 acceptance deadline);
Chairman's Award Program Sample Letter at p. 3
(establishing August 1, 2008 acceptance deadline); Phantom
Stock Program Sample Letter at p. 2 (establishing February
1, 2008 acceptance deadline); Restricted Stock Program
Sample Letter at p. 3 (establishing July 31, 2006 acceptance
deadline).  In each case, this deadline occurred prior to
the Petition Date.  <u>See id.</u>  As set forth above, Claimants
were automatically enrolled in the Short-Term Incentive
Program on March 1, 2008.  Similarly, each of the Employment
Agreements were executed prior to the Petition Date.  Thus,
each of the Award Program and Employment Agreements was
executed (where execution was necessary) and became
effective prior to the Petition Date.  Therefore, the

24

transactions giving rise to the Claims occurred pre-

petition.

56.   Moreover, this Court has noted that the

Fourth Circuit has expressed a policy "not to saddle debtors

with special post-petition obligations lightly or give

preferential treatment to certain select creditors."

Dornier Aviation (North America), Inc., 2002 WL 31999222 at

*6 (citing Ford Motor Credit Co. v. Dobbins, 35 F.3d 860,

866 (4th Cir. 1994)).   Consistent with that policy, as noted

above, the Dornier Court held that "[t]he claim of a

creditor arising under a prepetition contract is simply a

general unsecured claim in the bankruptcy case even if the

time for performance - and hence, the breach -- occurs post-

petition."  Dornier Aviation (North America), Inc., 2002 WL

31999222 at *7 (citing Stewart Foods, 64 F.3d at 146)).

This is true regardless of whether the contract is executory

on the petition date, so long as the contract has not been

assumed by the debtor in possession.   Id. ("Only if the

prepetition contract is assumed, or the party enters into a

new contract with the trustee or debtor in possession, are

the claims for its breach entitled to administrative expense

status.")  Here, none of the agreements with respect to the

Award Programs and none of the Employment Agreements have

been assumed.[6]  Consequently, such Claims are not entitled to

administrative expense priority.

57. Accordingly, the Debtors respectfully request

that the Court sustain the Objection and disallow the

Claims.

**III. AS PRE-PETITION CLAIMS, THE CLAIMS SHOULD BE DISALLOWED BECAUSE THEY WERE FILED AFTER THE GENERAL BAR DATE AND ARE DUPLICATIVE OF THE EXISTING CLAIMS.**

58. As set forth above, although the Claims were

filed as administrative expenses, each of the Claims arose

---

[6]      Indeed, on the Petition Date, the Debtors filed a motion
seeking, among other things, authorization to continue
certain employee programs and practices post-petition in the
ordinary course (D.I. 6; the "Employee Practices Motion").
Under the Employee Practices Motion, however, the Debtors did
not seek to continue the Award Programs or make severance
payments.  As stated in the Employee Practice Motion:

> [T]he Debtors have in place a number of other
> policies and programs, including, severance
> policies, certain additional short-term and
> long-term incentive plans and a board of
> directors deferred compensation plan. At this
> time, the Debtors are not requesting
> authorization to make payments on account of
> prepetition amounts owed in connection with
> such policies and plans. The Debtors are also
> not seeking authorization at this time to
> continue such programs in the ordinary course.
> The Debtors are currently evaluating their need
> and ability to continue such programs and will
> seek relief with respect to such programs in
> later motions, as needed.

Employee Practices Motion at 38.  Thus, the Debtors did not
seek, or obtain, authorization to continue the Award Programs
or to honor severance payments under the Employment Agreements
after the Petition Date.

pre-petition and, accordingly, cannot be allowed as an
administrative expense.  If the Claims were reclassified as
general unsecured claims, such Claims would be subject to
disallowance both because they were filed after the General
Bar Date and because they are duplicative of the Existing
Claims.

      59.  Accordingly, by this Objection, the Debtors
seek to disallow the Claims to avoid the time, expense and
delay of the Debtors' and the Court's resources that would
be associated with first reclassifying the Claims and then
separately objecting to the reclassified Claims as late-
filed or duplicative.

      **A.   If Reclassified, the Claims Should be Disallowed as
           Late-Filed.**

      60.  Pursuant to the Claims Bar Date Order, all
creditors were required to file proofs of claim for claims
arising prior to the Petition Date.  In that regard, the
Claims Bar Date Order provides in relevant part:

> Pursuant to Bankruptcy Rule 3003(c)(3),
> all "entities" and "persons" (as defined
> respectively in 11 U.S.C. § 101(15) and
> (41)), except any governmental unit (as
> defined in 11 U.S.C. § 101(27)) that are
> creditors holding or wishing to assert
> "claims" (as defined in 11 U.S.C. §
> 101(5)) arising before the Petition Date
> against any of the Debtors are required to
> file with the Debtors' Claims Agent (as

defined below), on or before 5:00 p.m.
(Pacific) on January 30, 2009 (the
"General Bar Date") a separate, completed,
and executed proof of claim form
(conforming substantially to Official
Bankruptcy Form No. 10) on account of any
such claims in accordance with the
procedures set forth below.
. . .
Pursuant to Bankruptcy Rule 3003(c) and
Bankruptcy Code section 502(b)(9), any
governmental units (as defined in 11
U.S.C. § 101(27)) that are creditors
holding or wishing to assert "claims" (as
defined in 11 U.S.C. § 101(5)) arising
before the Petition Date against any of
the Debtors are required to file, on or
before 5:00 p.m. (Pacific) on May 11,
2009(the "Governmental Bar Date") a
separate, completed, and executed proof of
claim form (conforming substantially to
Official Bankruptcy Form No. 10) on
account of any such claims in accordance
with the procedures set forth below.
. . .
Any creditor that is required to file but
fails to file a proof of claim for its
claim in accordance with the procedures
set forth in this order on or before the
General Bar Date, the Governmental Bar
Date, or such other date established
hereby (as applicable) shall be forever
barred, estopped, and enjoined from: (a)
asserting any Claim against the Debtors
that (i) is in an amount that exceeds the
amount, if any, that is set forth in the
Schedules as undisputed, noncontingent,
and unliquidated or (ii) is of a different
nature or in a different classification
(any such claim referred to as an
"Unscheduled Claim") and (b) voting upon,
or receiving distributions under, any plan
or plans of reorganization in these
chapter 11 cases in respect of an
Unscheduled Claim; and the Debtors and

their property shall be forever discharged
from any and all indebtedness or liability
with respect to such Unscheduled Claim.

Bar Date Order, ¶¶ 2, 3, 12

61. Furthermore, the Claims Bar Date Notice

provides in relevant part:

**CONSEQUENCES OF FAILURE TO FILE PROOF OF
CLAIM Any creditor that is required to file
but fails to file a proof of claim for its
Claim in accordance with the procedures set
forth herein on or before the General Bar
Date, the Governmental Bar Date, or such
other date established hereby (as
applicable) shall be forever barred,
estopped, and enjoined from: (a) asserting
any Claim against the Debtors that (i) is
in an amount that exceeds the amount, if
any, that is set forth in the Schedules as
undisputed, noncontingent, and unliquidated
or (ii) is of a different nature or in a
different classification (any such claim
referred to as an "Unscheduled Claim") and
(b) voting upon, or receiving distributions
under, any plan or plans of reorganization
in these chapter 11 cases in respect of an
Unscheduled Claim; and the Debtors and
their property shall be forever discharged
from any and all indebtedness or liability
with respect to such Unscheduled Claim. If
it is unclear from the Schedules and
Statements whether your Claim is disputed,
contingent or unliquidated as to amount or
is otherwise properly listed and
classified, you must file a proof of claim
on or before the General Bar Date. Any
Entity that relies on the Schedules and
Statements bears responsibility for
determining that its Claim is accurately
listed therein.**

Claims Bar Date Notice, p. 5 (emphasis in original).

62.   Thus, pursuant to the Claims Bar Date Order
and Claims Bar Date Notice, should the Claims be
reclassified as general unsecured claims, such Claims should
be disallowed as late-filed.  This conclusion is supported
by applicable law.

63.   Bar dates for asserting claims in chapter 11
bankruptcy cases serve extremely important purposes. "The
requirement of a Bar Date in Chapter 11 enables the debtor .
. . to establish the universe of claims with which it must
deal and the amount of those claims." In re A.H. Robins Co.,
Inc., 129 B.R. 457, 459 (Bankr. E.D. Va. 1991).  Premised on
the imperative purpose of finality of asserting claims
against a debtor, courts have not allowed claims filed by
creditors after the bar date, absent special circumstances.
See In re Provident Hosp., Inc., 122 B.R. 683, 685 (D. Md.
1990), aff'd, 943 F.2d 49 (4th Cir. 1991) (unpublished
opinion) ("Because Bean did not timely file his bankruptcy
claim after having been given constitutionally sufficient
notice, his claim is barred under well-settled authority, 11
U.S.C. 1141(d) and Bankruptcy Rule 3003(c)(2).").

64.   While the Claims may have been filed prior to
the Administrative Bar Date, they were filed in the present

30

cases after the General Bar Date.  Accordingly, if the
Claims are reclassified as general unsecured claims, such
reclassified Claims would be subsequently disallowed
pursuant to the Claims Bar Date Order.

65.  This Court has previously granted similar
relief in these chapter 11 cases.  See, e.g., In re Circuit
City Stores, Inc., Case No. 08-35653(KRH) (Bankr. E.D. Va.
Jul. 20, 2009)(Docket Nos. 4169, 4170).

**B.    If Reclassified, the Claims Should be Disallowed as
Duplicative of the Existing Claims.**

66.  Prior to filing the Claims for administrative
expense priority, the Claimants also filed the Existing
Claims asserting general unsecured claims for amounts
allegedly owed under the Award Programs.  For each Claimant,
the later-filed Claim reasserts the same underlying
liability previously set forth in the Existing Claim.

67.  Accordingly, if the Claims were reclassified
as general unsecured claims, such Claims would state a claim
against the same Debtor, asserting the same liability, based
upon the same underlying basis and claim, and asserting the

same classification as the Existing Claims.[7]  Such repetitive claims should be disallowed.

68.  This Court has previously granted similar relief in these chapter 11 cases.  See, e.g., In re Circuit City Stores, Inc., Case No. 08-35653(KRH) (Bankr. E.D. Va. Jul. 20, 2009)(Docket No. 4172).

69.  For the foregoing reasons, the Debtors respectfully request that the Court sustain the Objection.

## RESERVATION OF RIGHTS

70.  At this time, the Debtors have not completed their review of the validity of all claims/expenses filed against their estates, including the Claims and the Existing Claims.  Accordingly, the Claims and the Existing Claims may be the subject of additional subsequently filed objections. To that end, the Debtors reserve the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and on any grounds that bankruptcy or non-bankruptcy law permits.  Furthermore, the Debtors reserve the right to modify, supplement and/or amend this Objection as it pertains to any Claim or Claimant herein.

---

[7]  The Existing Claim is not always in the same amount as the Claim.  In each case, however, the Claim and the Existing Claim were asserted on account of the same underlying obligation.

## NOTICE AND PROCEDURE

71.  Notice of this Objection has been provided to all Claimants that are the subject to this Objection, as identified on Exhibit B, and to parties in interest in accordance with the Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (Docket No. 130) (the "Case Management Order"), Bankruptcy Rule 7004 and the applicable provisions of Federal Rule of Civil Procedure 4.  In particular, the Debtors have served the Objection as follows: (a) to the extent counsel for a Claimant is not known to the Debtors, by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (b) to the extent counsel for a Claimant has appeared on the Claimant's behalf in the Debtors' bankruptcy cases, by first class mail, postage prepaid, on such counsel.  The Debtors submit that service as set forth herein constitutes due and sufficient service of this Objection.

72.   To the extent any Claimant files and properly serves a response to this Objection by **4:00 p.m. ET on November 16, 2009** (the "Objection Deadline") as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Debtors request that the Court conduct a status conference with respect to any such responding Claimant at **10:00 a.m. ET on November 23, 2009** and thereafter schedule the matter for a future hearing as to the merits of such Claim.[8]

73.   However, to the extent any Claimant fails to timely file and properly serve a response to this Objection by the Objection Deadline, as required by the Case Management Order and applicable law, the Debtors request that the Court enter an order, substantially in the form attached hereto as Exhibit A, disallowing for all purposes in these bankruptcy cases, modifying and/or reclassifying the Claims as set forth herein.

### COMPLIANCE WITH BANKRUPTCY RULE 3007 AND THE OMNIBUS OBJECTION PROCEDURES ORDER

74.   This Objection complies with Bankruptcy Rule 3007(e).  Additionally, the Debtors submit that this

---

[8]   In accordance with the Omnibus Objection Procedures Order, Claimants who respond to the Objection do not need to appear at the status conference.

Objection is filed in accordance with the Omnibus Objection

Procedures Order.

### WAIVER OF MEMORANDUM OF LAW

75.   Pursuant to Local Bankruptcy Rule 9013-1(G),

and because there are no novel issues of law presented in

the Objection, the Debtors request that the requirement that

all motions be accompanied by a written memorandum of law be

waived.

### NO PRIOR RELIEF

76.   No previous request for the relief sought

herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors request the Court to enter an

Order sustaining this Objection and granting such other and

further relief as the Court deems appropriate.

```
Dated: Richmond, Virginia     SKADDEN, ARPS, SLATE, MEAGHER &
       October 21, 2009          FLOM, LLP
                              Gregg M. Galardi, Esq.
                              Ian S. Fredericks, Esq.
                              P.O. Box 636
                              Wilmington, Delaware 19899-0636
                              (302) 651-3000

                                     - and -

                              SKADDEN, ARPS, SLATE, MEAGHER &
                                 FLOM, LLP
                              Chris L. Dickerson, Esq.
                              155 North Wacker Drive
                              Chicago, Illinois 60606-7120
                              (312) 407-0700

                                     - and -

                              MCGUIREWOODS LLP

                              /s/ Douglas M. Foley_____
                              Dion W. Hayes (VSB No. 34304)
                              Douglas M. Foley (VSB No. 34364)
                              One James Center
                              901 E. Cary Street
                              Richmond, Virginia 23219
                              (804) 775-1000

                              Counsel for Debtors and Debtors
                              in Possession
```

## EXHIBIT A

**(Order)**

Gregg M. Galardi, Esq.            Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.           Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                         One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-7120
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                     :   Chapter 11
                           :
CIRCUIT CITY STORES, INC., :   Case No. 08-35653 (KRH)
et al.,                    :
                           :
            Debtors.       :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER SUSTAINING DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO
CLAIMS (DISALLOWANCE OF CERTAIN ALLEGED ADMINISTRATIVE EXPENSES
ON ACCOUNT OF EMPLOYEE OBLIGATIONS)**

Upon the objection (the "Objection")[1] of the Debtors

for entry of an order, pursuant to Bankruptcy Code sections 105,

502 and 503, Bankruptcy Rule 3007, and Local Rule 3007-1,

seeking, among other things, that the Claims specifically

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings
      ascribed to such terms in the Objection.

identified on Exhibit C attached to the Objection be disallowed;

and it appearing that notice and service of the Objection as set

forth therein was good and sufficient and that no other further

notice or service of the Objection need be given; and it further

appearing that no response was timely filed or properly served

by the Claimants being affected by this Order; and it appearing

that the relief requested in the Objection is in the best

interest of the Debtors, their estates and creditors and other

parties in interest; and after due deliberation thereon; and

good and sufficient cause appearing therefore, it is hereby

**ORDERED ADJUDGED AND DECREED that:**

1.    The Objection is SUSTAINED.

2.    The Claims identified on Exhibit A as attached

hereto and incorporated herein, are forever disallowed in their

entirety for all purposes in these bankruptcy cases.

3.    The Debtors' rights and abilities to object to

any claim, including any Existing Claim, on any grounds and on

any bases are hereby preserved in their entirety.

4.    The Debtors shall serve a copy of this Order on

the claimants included on the exhibit to this Order on or before

five (5) business days from the entry of this Order.

5.    This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: Richmond, Virginia
            _____, 2009


            _____
            HONORABLE KEVIN R. HUENNEKENS
            UNITED STATES BANKRUPTCY JUDGE


WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

      - and -


_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

\_\_/s/ Douglas M. Foley\_\_\_\_
Douglas M. Foley

In re: Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

Debtors' Fifty-Sixth Omnibus Objection to Claims
Objection to Certain HR Administrative Claims - Disallow

Exhibit B - Claimants and Related Claims Subject To Fifty-Sixth Omnibus Objection to Claims

| Claim Holder | Claim | Exhibit |
|---|---|---|
| BESANKO BRUCE H | 14337 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| BESANKO BRUCE H | 14336 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| BRADLEY, THOMAS C | 14240 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| BRADLEY, THOMAS C | 14236 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| BRADLEY, THOMAS C | 14238 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| BRADSHAW, CATHERINE W | 14188 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| BREITENBECHER, KELLY | 13936 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| BRIAN S BRADLEY | 14086 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| BRIAN S BRADLEY | 14044 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| BRIAN S BRADLEY | 14085 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| BRIAN S BRADLEY | 14084 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| CALABREE, LEONARD | 13825 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| CZERWONKA, DAVID JOHN | 14377 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| CZERWONKA, DAVID JOHN | 13859 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| CZERWONKA, DAVID JOHN | 14376 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| DAVID R STRAUSS | 13756 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| DEAN KITTEL | 13806 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| DEAN KITTEL | 13799 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| DEASON STEPHEN N | 14340 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| DOMSTER, DAVID J | 14400 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| ELIZABETH R WARREN | 13528 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| ELLEN DISISTO MITCHELL | 14413 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| ENGIN, OGUZHAN | 13850 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| ENGIN, OGUZHAN | 13725 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| EUGENE O MITCHELL | 14298 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| EVAN MELSHEIMER | 13489 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| FATH, ANNE B | 13873 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| FATH, ANNE B | 13810 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| FAY LAWRENCE | 14365 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| FRANCIS E TELEGADAS | 13622 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| FRANK URSO | 13852 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| GARD, SCOTT A | 14300 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| GARY KRUEGER | 13656 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| GARY KRUEGER | 13657 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| GARY KRUEGER | 13655 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| GEITH, JON C | 13885 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| GEITH, JON C | 14173 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| GEITH, JON C | 14025 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| JAMES LUBARY | 14246 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| JAMES LUBARY | 14320 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| JEFF MCDONALD | 13879 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| JESSE LEHMAN | 14654 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| JESSE LEHMAN | 14628 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| JESSE LEHMAN | 14653 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| JOHN KELLY | 13659 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| JOHN T HARLOW | 13776 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| JOHN T HARLOW | 14050 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| JOLY, RUSSELL | 13818 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| JOLY, RUSSELL | 13890 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| JOLY, RUSSELL | 13857 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| JONAS JR, ERIC A | 13780 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| JONAS JR, ERIC A | 13788 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| KALAFATIS, CHRIS | 14112 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| KALAFATIS, CHRIS | 14113 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| LAMBERT GAFFNEY, LAURIE | 14011 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| LAURA MCDONALD | 14318 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| LAURA MCDONALD | 14301 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| LAURA MCDONALD | 14422 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| LAWRENCE W FAY | 13863 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| LAWRENCE W FAY | 13864 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| LAWRENCE W FAY | 13862 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| LEOPOLD, JEFFREY R | 14384 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| LINDA H CASTLE | 13803 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| MARK E OLIVER | 14535 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| MARK E OLIVER | 14536 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| MASCOLA, DENISE | 14156 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| MASCOLA, DENISE | 14157 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| MASCOLA, DENISE | 14153 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| MAUREEN A LALONDE | 13832 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| MICHAEL BEAM | 13408 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| MICHAEL BEAM | 13409 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| MICHAEL D GOODE | 14107 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| MIKE NICHOLS | 13493 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| MIKE NICHOLS | 13490 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| MIKE NICHOLS | 13494 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| OGUZHAN ENGIN | 14172 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| OMAR TAWIL | 14324 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| PAUL J SEIVERD | 13860 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| PETER GRESENS | 13510 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| PETER M GRESENS | 13511 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| PIETRANTONI, ANN | 14189 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| RAMSEY, DANIEL W | 13967 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| ROLAND L FINCH | 14395 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| SALON RICHARD E | 13321 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| SCOTT D MAINWARING | 13833 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| SHANE M KITTEL | 13805 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| SHANE M KITTEL | 13798 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| SUBETTO, ROBERT GLEN | 14385 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| TODD ZIMMERMAN | 13433 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| TOLLIVER, DAVID W | 14159 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| TONY, DAVIS | 14115 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| TROXELL, LESLIE J | 14145 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| TROXELL, LESLIE J | 14147 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| TROXELL, LESLIE J | 14146 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| VEASEY, WILLIAM | 14191 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| VONBECHMANN, DAWN W | 13948 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| WAYNE BERKLEY LUCK | 14334 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| WIMMER JR, JAMES H | 13959 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| YOST, DOUG A | 14184 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| YOST, DOUG A | 14190 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| YOUNG KEN J | 13625 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| YOUNG KEN J | 13626 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |
| YOUNG KEN J | 13624 | EXHIBIT C - DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN HR ADMINISTRATIVE CLAIMS - DISALLOW |

In re: Circuit City Stores, Inc, et al.           Debtors' Fifty-Sixth Omnibus Objection to Claims
Case No. 08-35653-KRH                        Objection to Certain HR Administrative Claims - Disallow

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR | UNSECURED CLAIM NUMBER |
|---|---|---|---|---|---|---|
| BESANKO BRUCE H<br>191 FARMINGTON RD<br>LONGMEADOW, MA 01106 | 14336 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 1,000,000.00<br><br>$1,000,000.00 | 06/23/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 3827 |
| BESANKO BRUCE H<br>191 FARMINGTON RD<br>LONGMEADOW, MA 01106 | 14337 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 2,203,668.90<br><br>$2,203,668.90 | 06/23/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 3820 |
| BRADLEY, THOMAS C<br>2801 SAVAGE VIEW DR<br>MIDLOTHIAN, VA 23112 | 14240 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 40,000.00<br><br>$40,000.00 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 4897 |
| BRADLEY, THOMAS C<br>2801 SAVAGE VIEW DR<br>MIDLOTHIAN, VA 23112 | 14236 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 40,000.00<br><br>$40,000.00 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 4902 |
| BRADLEY, THOMAS C<br>2801 SAVAGE VIEW DR<br>MIDLOTHIAN, VA 23112 | 14238 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 40,000.00<br><br>$40,000.00 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 4901 |
| BRADSHAW, CATHERINE W<br>3617 BUCHANAN CT<br>RICHMOND, VA 23233 | 14188 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | UNL<br><br>UNL | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 7400 |

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.        Debtors' Fifty-Sixth Omnibus Objection to Claims
Case No. 08-35653-KRH                          Objection to Certain HR Administrative Claims - Disallow

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR | UNSECURED CLAIM NUMBER |
|---|---|---|---|---|---|
| BREITENBECHER, KELLY WILLIAM A GRAY & PETER M PEARL & C THOMAS EBEL ESQS SANDS ANDERSON MARKS & MILLER PC 801 E MAIN ST STE 1800 PO BOX 1998 RICHMOND, VA 23218-1998 | 13936 | Secured: Priority: Administrative  1,502,166.00 503(b)(9): Unsecured: Total:  $1,502,166.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 7786 |
| BRIAN S BRADLEY 2400 ODENDRON COURT RICHMOND, VA 23233 | 14086 | Secured: Priority: Administrative  2,670,000.00 503(b)(9): Unsecured: Total:  $2,670,000.00 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 8131 |
| BRIAN S BRADLEY 2400 ODENDRON COURT RICHMOND, VA 23233 | 14084 | Secured: Priority: Administrative  162,500.00 503(b)(9): Unsecured: Total:  $162,500.00 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 8135 |
| BRIAN S BRADLEY 2400 ODENDRON COURT RICHMOND, VA 23233 | 14085 | Secured: Priority: Administrative  UNL 503(b)(9): Unsecured: Total:  UNL | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 8141 |
| BRIAN S BRADLEY 2400 ODENDRON COURT RICHMOND, VA 23233 | 14044 | Secured: Priority: Administrative  UNL 503(b)(9): Unsecured: Total:  UNL | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 8133 |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.    Debtors' Fifty-Sixth Omnibus Objection to Claims
Case No. 08-35653-KRH    Objection to Certain HR Administrative Claims - Disallow

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR | UNSECURED CLAIM NUMBER |
|---|---|---|---|---|---|
| CALABREE, LEONARD<br>176 WILLIAM FEATHER DR<br>VOORHEES, NJ 08043 | 13825 | Secured:<br>Priority:<br>Administrative 20,000.00<br>503(b)(9):<br>Unsecured:<br>Total: $20,000.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 7140 |
| CZERWONKA, DAVID JOHN<br>12108 COUNTRY HILLS WY<br>GLEN ALLEN, VA 23059 | 14377 | Secured:<br>Priority:<br>Administrative 135,000.00<br>503(b)(9):<br>Unsecured:<br>Total: $135,000.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 9487 |
| CZERWONKA, DAVID JOHN<br>12108 COUNTRY HILLS WY<br>GLEN ALLEN, VA 23059 | 14376 | Secured:<br>Priority:<br>Administrative 175,000.00<br>503(b)(9):<br>Unsecured:<br>Total: $175,000.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 9487 |
| CZERWONKA, DAVID JOHN<br>12108 COUNTRY HILLS WY<br>GLEN ALLEN, VA 23059 | 13859 | Secured:<br>Priority:<br>Administrative 375,800.00<br>503(b)(9):<br>Unsecured:<br>Total: $375,800.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 9487 |
| DAVID R STRAUSS<br>5204 DAVENPORT PL<br>ROSWELL, GA 30075 | 13756 | Secured:<br>Priority:<br>Administrative UNL<br>503(b)(9):<br>Unsecured:<br>Total: UNL | 06/25/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 4784 |
| DEAN KITTEL<br>220 WRIGHT ST NO 206<br>LAKEWOOD, CO 80228 | 13799 | Secured:<br>Priority:<br>Administrative 15,000.00<br>503(b)(9):<br>Unsecured:<br>Total: $15,000.00 | 06/26/2009 | CIRCUIT CITY STORES WEST COAST, INC. (08-35654) | 7518 |

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.    Debtors' Fifty-Sixth Omnibus Objection to  Claims
Case No. 08-35653-KRH    Objection to Certain HR Administrative Claims - Disallow

EXHIBIT C

| CREDITOR'S  NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR | UNSECURED CLAIM NUMBER |
|---|---|---|---|---|---|---|
| DEAN KITTEL<br>220 WRIGHT ST NO 206<br>LAKEWOOD, CO 80228 | 13806 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 15,000.00<br><br>$15,000.00 | 06/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 7518 |
| DEASON STEPHEN N<br>2701 E BRIGSTOCK RD<br>MIDLOTHIAN, VA 23113-3900 | 14340 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 125,000.00<br><br>$125,000.00 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 5172 |
| DOMSTER, DAVID J<br>7300 LOOKOUT DR<br>RICHMOND, VA 23225 | 14400 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 218,542.66<br><br>$218,542.66 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 7169 |
| ELIZABETH R WARREN<br>1824 HANOVER AVE<br>RICHMOND, VA 23220 | 13528 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 40,000.00<br><br>$40,000.00 | 06/19/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 4377 |
| ELLEN DISISTO MITCHELL<br>11101 PARK RIDGE RD<br>FREDERICKSBURG, VA 22408 | 14413 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 62,500.00<br><br>$62,500.00 | 07/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 6610 |
| ENGIN, OGUZHAN<br>3608 KIMBERLY LN<br>DOVER, PA 17315 | 13725 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 135,000.00<br><br>$135,000.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 8217 |

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.    Debtors' Fifty-Sixth Omnibus Objection to Claims
Case No. 08-35653-KRH    Objection to Certain HR Administrative Claims - Disallow

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR | UNSECURED CLAIM NUMBER |
|---|---|---|---|---|---|
| ENGIN, OGUZHAN<br>3608 KIMBERLY LN<br>DOVER, PA 17315 | 13850 | Secured:<br>Priority:<br>Administrative          30,000.00<br>503(b)(9):<br>Unsecured:<br>Total:          $30,000.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 8212 |
| EUGENE O MITCHELL<br>808 LAKECREST AVE APT 103<br>HIGH POINT, NC 27265-2173 | 14298 | Secured:<br>Priority:<br>Administrative          15,000.00<br>503(b)(9):<br>Unsecured:<br>Total:          $15,000.00 | 07/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 2523 |
| EVAN MELSHEIMER<br>3056 SALMON ST<br>PHILADELPHIA, PA 19134 | 13489 | Secured:<br>Priority:<br>Administrative          15,000.00<br>503(b)(9):<br>Unsecured:<br>Total:          $15,000.00 | 06/24/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 8623 |
| FATH, ANNE B<br>9608 GASLIGHT PL<br>RICHMOND, VA 23229 | 13810 | Secured:<br>Priority:<br>Administrative          40,000.00<br>503(b)(9):<br>Unsecured:<br>Total:          $40,000.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 8657 |
| FATH, ANNE B<br>9608 GASLIGHT PL<br>RICHMOND, VA 23229 | 13873 | Secured:<br>Priority:<br>Administrative          37,147.50<br>503(b)(9):<br>Unsecured:<br>Total:          $37,147.50 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 8658 |
| FAY LAWRENCE<br>2500 MAPLE HALL CT<br>MIDLOTHIAN, VA 23113 | 14365 | Secured:<br>Priority:<br>Administrative          20,000.00<br>503(b)(9):<br>Unsecured:<br>Total:          $20,000.00 | 06/23/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 7103 |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.                                     Debtors' Fifty-Sixth Omnibus Objection to Claims
Case No. 08-35653-KRH                                    Objection to Certain HR Administrative Claims - Disallow

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR | UNSECURED CLAIM NUMBER |
|---|---|---|---|---|---|
| FRANCIS E TELEGADAS<br>8204 YOLANDA RD<br>RICHMOND, VA 23229 | 13622 | Secured:<br>Priority:<br>Administrative            UNL<br>503(b)(9):<br>Unsecured:<br>Total:            UNL | 06/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 5673 |
| FRANK URSO<br>3070 FOULK RD<br>GARNET VALLEY, PA 19061 | 13852 | Secured:<br>Priority:<br>Administrative        40,000.00<br>503(b)(9):<br>Unsecured:<br>Total:        $40,000.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 5233 |
| GARD, SCOTT A<br>3013 HAWK SPRING HILL<br>HUNTINGTON, IN 46750 | 14300 | Secured:<br>Priority:<br>Administrative        15,000.00<br>503(b)(9):<br>Unsecured:<br>Total:        $15,000.00 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 8752 |
| GARY KRUEGER<br>835 NORRIS SHORES DR<br>SHARPS CHAPEL, TN 37866 | 13657 | Secured:<br>Priority:<br>Administrative        40,000.00<br>503(b)(9):<br>Unsecured:<br>Total:        $40,000.00 | 06/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 5901 |
| GARY KRUEGER<br>835 NORRIS SHORES DR<br>SHARPS CHAPEL, TN 37866 | 13656 | Secured:<br>Priority:<br>Administrative            634.70<br>503(b)(9):<br>Unsecured:<br>Total:            $634.70 | 06/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 5241 |
| GARY KRUEGER<br>835 NORRIS SHORES DR<br>SHARPS CHAPEL, TN 37866 | 13655 | Secured:<br>Priority:<br>Administrative        40,000.00<br>503(b)(9):<br>Unsecured:<br>Total:        $40,000.00 | 06/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 6203 |

*     "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.    Debtors' Fifty-Sixth Omnibus Objection to Claims
Case No. 08-35653-KRH    Objection to Certain HR Administrative Claims - Disallow

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR | UNSECURED CLAIM NUMBER |
|---|---|---|---|---|---|
| GEITH, JON C<br>C O ROBERT A CANFIELD<br>CANFIELD BAER LLP<br>2201 LIBBIE AVE STE 200<br>RICHMOND, VA 23230 | 14025 | Secured:<br>Priority:<br>Administrative        93,120.00<br>503(b)(9):<br>Unsecured:<br>Total:        $93,120.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 4811 |
| GEITH, JON C<br>C O ROBERT A CANFIELD<br>CANFIELD BAER LLP<br>2201 LIBBIE AVE STE 200<br>RICHMOND, VA 23230 | 13885 | Secured:<br>Priority:<br>Administrative        270,000.00<br>503(b)(9):<br>Unsecured:<br>Total:        $270,000.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 5434 |
| GEITH, JON C<br>C O ROBERT A CANFIELD<br>CANFIELD BAER LLP<br>2201 LIBBIE AVE STE 200<br>RICHMOND, VA 23230 | 14173 | Secured:<br>Priority:<br>Administrative        125,000.00<br>503(b)(9):<br>Unsecured:<br>Total:        $125,000.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 4804 |
| JAMES LUBARY<br>3161 DRUID LN<br>LOS ALAMITOS, CA 90720 | 14246 | Secured:<br>Priority:<br>Administrative        633,160.00<br>503(b)(9):<br>Unsecured:<br>Total:        $633,160.00 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 9067, 9070, 8754 |
| JAMES LUBARY<br>3161 DRUID LN<br>LOS ALAMITOS, CA 90720 | 14320 | Secured:<br>Priority:<br>Administrative        633,160.00<br>503(b)(9):<br>Unsecured:<br>Total:        $633,160.00 | 06/30/2009 | CIRCUIT CITY STORES WEST COAST, INC. (08-35654) | 9067,9070, 8754 |
| JEFF MCDONALD<br>5540 QUAIL RIDGE TER<br>CHESTERFIELD, VA 23832 | 13879 | Secured:<br>Priority:<br>Administrative        657,814.00<br>503(b)(9):<br>Unsecured:<br>Total:        $657,814.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 7583 |

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.    Debtors' Fifty-Sixth Omnibus Objection to Claims

Case No. 08-35653-KRH    Objection to Certain HR Administrative Claims - Disallow

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR | UNSECURED CLAIM NUMBER |
|---|---|---|---|---|---|---|
| JESSE LEHMAN<br>12 CONNELLY AVE<br>BUDD LAKE, NJ 07828 | 14628 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 264,000.00<br><br>$264,000.00 | 09/14/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 7426, 7427, 7424 |
| JESSE LEHMAN<br>12 CONNELLY AVE<br>BUDD LAKE, NJ 07828 | 14653 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 40,000.00<br><br>$40,000.00 | 09/14/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 7427 |
| JESSE LEHMAN<br>12 CONNELLY AVE<br>BUDD LAKE, NJ 07828 | 14654 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 40,000.00<br><br>$40,000.00 | 09/14/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 7426 |
| JOHN KELLY<br>428 GROUNDHOG COLLEGE RD<br>WEST CHESTER, PA 19382 | 13659 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 2,180,869.44<br><br>$2,180,869.44 | 06/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 5120, 5116, 6439 |
| JOHN T HARLOW<br>9 TIDE MILL RD<br>SAINT JAMES, NY 11780 | 14050 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 240,000.00<br><br>$240,000.00 | 06/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 7054 |
| JOHN T HARLOW<br>9 TIDE MILL RD<br>SAINT JAMES, NY 11780 | 13776 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 2,160,000.00<br><br>$2,160,000.00 | 06/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 10269 |

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.    Debtors' Fifty-Sixth Omnibus Objection to Claims
Case No. 08-35653-KRH    Objection to Certain HR Administrative Claims - Disallow

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR | UNSECURED CLAIM NUMBER |
|---|---|---|---|---|---|---|
| JOLY, RUSSELL<br>5318 WOODSTONE CT<br>LOUISA, VA 23093 | 13818 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 135,000.00<br>$135,000.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 6461 |
| JOLY, RUSSELL<br>5318 WOODSTONE CT<br>LOUISA, VA 23093 | 13890 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 390,300.00<br>$390,300.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 6465 |
| JOLY, RUSSELL<br>5318 WOODSTONE CT<br>LOUISA, VA 23093 | 13857 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 155,000.00<br>$155,000.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 6467 |
| JONAS JR, ERIC A<br>2 ANNETTE AVE<br>EDGEWATER, NJ 07020 | 13780 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 600,000.00<br>$600,000.00 | 06/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 6527 |
| JONAS JR, ERIC A<br>2 ANNETTE AVE<br>EDGEWATER, NJ 07020 | 13788 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 1,312,872.00<br>$1,312,872.00 | 06/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 6526 |
| KALAFATIS, CHRIS<br>8326 HAWK NEST DR<br>RICHMOND, VA 23227 | 14112 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 40,000.00<br>$40,000.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 5892 |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.    Debtors' Fifty-Sixth Omnibus Objection to Claims
Case No. 08-35653-KRH    Objection to Certain HR Administrative Claims - Disallow

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR | UNSECURED CLAIM NUMBER |
|---|---|---|---|---|---|
| KALAFATIS, CHRIS<br>8326 HAWK NEST DR<br>RICHMOND, VA 23227 | 14113 | Secured:<br>Priority:<br>Administrative    40,000.00<br>503(b)(9):<br>Unsecured:<br>Total:    $40,000.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 5892 |
| LAMBERT GAFFNEY, LAURIE<br>C O ROBERT A CANFIELD<br>2201 LIBBIE AVE STE 200<br>RICHMOND, VA 23230 | 14011 | Secured:<br>Priority:<br>Administrative    125,000.00<br>503(b)(9):<br>Unsecured:<br>Total:    $125,000.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 7853 |
| LAURA MCDONALD<br>1017 THE PRESERVE DR<br>MAIDENS, VA 23102 | 14318 | Secured:<br>Priority:<br>Administrative    40,000.00<br>503(b)(9):<br>Unsecured:<br>Total:    $40,000.00 | 07/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 8101 |
| LAURA MCDONALD<br>1017 THE PRESERVE DR<br>MAIDENS, VA 23102 | 14422 | Secured:<br>Priority:<br>Administrative    40,000.00<br>503(b)(9):<br>Unsecured:<br>Total:    $40,000.00 | 07/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 8105 |
| LAURA MCDONALD<br>1017 THE PRESERVE DR<br>MAIDENS, VA 23102 | 14301 | Secured:<br>Priority:<br>Administrative    19,050.00<br>503(b)(9):<br>Unsecured:<br>Total:    $19,050.00 | 07/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 8111 |
| LAWRENCE W FAY<br>472 DURANGO AVE<br>BROOMFIELD, CO 80020 | 13863 | Secured:<br>Priority:<br>Administrative    UNL<br>503(b)(9):<br>Unsecured:<br>Total:    UNL | 06/23/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 7104 |

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.                    Debtors' Fifty-Sixth Omnibus Objection to Claims
Case No. 08-35653-KRH                                      Objection to Certain HR Administrative Claims - Disallow

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR | UNSECURED CLAIM NUMBER |
|---|---|---|---|---|---|
| LAWRENCE W FAY<br>472 DURANGO AVE<br>BROOMFIELD, CO 80020 | 13864 | Secured:<br>Priority:<br>Administrative          UNL<br>503(b)(9):<br>Unsecured:<br>Total:          UNL | 06/23/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 7099 |
| LAWRENCE W FAY<br>472 DURANGO AVE<br>BROOMFIELD, CO 80020 | 13862 | Secured:<br>Priority:<br>Administrative          UNL<br>503(b)(9):<br>Unsecured:<br>Total:          UNL | 06/23/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 10842 |
| LEOPOLD, JEFFREY R<br>MICHAEL D MUELLER &<br>AUGUSTUS C EPPS JR &<br>JENNIFER M MCLEMORE<br>CHRISTIAN & BARTON LLP<br>909 E MAIN ST STE 1200<br>RICHMOND, VA 23219 | 14384 | Secured:<br>Priority:<br>Administrative          10,815.20<br>503(b)(9):<br>Unsecured:<br>Total:          $10,815.20 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 6088 |
| LINDA H CASTLE<br>5601 HUNTERS GLEN DR<br>GLEN ALLEN, VA 23059 | 13803 | Secured:<br>Priority:<br>Administrative          40,000.00<br>503(b)(9):<br>Unsecured:<br>Total:          $40,000.00 | 06/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 5480 |
| MARK E OLIVER<br>523 HAROLDS DR<br>MANAKIN  SABOT, VA 23103 | 14535 | Secured:<br>Priority:<br>Administrative          270,000.00<br>503(b)(9):<br>Unsecured:<br>Total:          $270,000.00 | 08/03/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 6237,6233 |
| MARK E OLIVER<br>523 HAROLDS DR<br>MANAKIN, VA 23103 | 14536 | Secured:<br>Priority:<br>Administrative          125,000.00<br>503(b)(9):<br>Unsecured:<br>Total:          $125,000.00 | 08/03/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 6237 |

\*     "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.   Debtors' Fifty-Sixth Omnibus Objection to Claims
Case No. 08-35653-KRH   Objection to Certain HR Administrative Claims - Disallow

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR | UNSECURED CLAIM NUMBER |
|---|---|---|---|---|---|
| MASCOLA, DENISE<br>23311 TRIPLE CROWN DR<br>RUTHER GLEN, VA 22546 | 14157 | Secured:<br>Priority:<br>Administrative      19,050.00<br>503(b)(9):<br>Unsecured:<br>Total:      $19,050.00 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 9447 |
| MASCOLA, DENISE<br>23311 TRIPLE CROWN DR<br>RUTHER GLEN, VA 22546 | 14156 | Secured:<br>Priority:<br>Administrative      40,000.00<br>503(b)(9):<br>Unsecured:<br>Total:      $40,000.00 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 9442 |
| MASCOLA, DENISE<br>23311 TRIPLE CROWN DR<br>RUTHER GLEN, VA 22546 | 14153 | Secured:<br>Priority:<br>Administrative      40,000.00<br>503(b)(9):<br>Unsecured:<br>Total:      $40,000.00 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 9446 |
| MAUREEN A LALONDE<br>9508 SPRING MOSS TERR<br>GLEN ALLEN, VA | 13832 | Secured:<br>Priority:<br>Administrative      26,350.00<br>503(b)(9):<br>Unsecured:<br>Total:      $26,350.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 4391, 4387 |
| MICHAEL BEAM<br>5227 SCOTSGLEN DR<br>GLEN ALLEN, VA 23059 | 13409 | Secured:<br>Priority:<br>Administrative      2,381.25<br>503(b)(9):<br>Unsecured:<br>Total:      $2,381.25 | 06/17/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 6023 |
| MICHAEL BEAM<br>5227 SCOTSGLEN DR<br>GLEN ALLEN, VA 23059 | 13408 | Secured:<br>Priority:<br>Administrative      40,000.00<br>503(b)(9):<br>Unsecured:<br>Total:      $40,000.00 | 06/17/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 6024 |

*     "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.    Debtors' Fifty-Sixth Omnibus Objection to Claims

Case No. 08-35653-KRH    Objection to Certain HR Administrative Claims - Disallow

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR | UNSECURED CLAIM NUMBER |
|---|---|---|---|---|---|---|
| MICHAEL D GOODE<br>4537 MOCKINGBIRD LN<br>MAIDEN, NC 28650 | 14107 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 15,000.00<br><br>$15,000.00 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 8206 |
| MIKE NICHOLS<br>111 AVONBROOK<br>WALLINGFORD, PA 19086 | 13493 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 135,000.00<br><br>$135,000.00 | 06/24/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 4210 |
| MIKE NICHOLS<br>111 AVONBROOK<br>WALLINGFORD, PA 19086 | 13494 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 200,000.00<br><br>$200,000.00 | 06/24/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 4212 |
| MIKE NICHOLS<br>111 AVONBROOK<br>WALLINGFORD, PA 19086 | 13490 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 30,000.00<br><br>$30,000.00 | 06/24/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 5628 |
| OGUZHAN ENGIN<br>3608 KIMBERLY LN<br>DOVER, PA 17315 | 14172 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 40,000.00<br><br>$40,000.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 8215 |
| OMAR TAWIL<br>7 MERRILL HILL<br>LADERA RANCH, CA 92883 | 14324 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 309,647.50<br><br>$309,647.50 | 07/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 6652,6649, 6651 |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.    Debtors' Fifty-Sixth Omnibus Objection to Claims
Case No. 08-35653-KRH    Objection to Certain HR Administrative Claims - Disallow

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR | UNSECURED CLAIM NUMBER |
|---|---|---|---|---|---|
| PAUL J SEIVERD<br>82 WOODALL RD<br>PERRYVILLE, MD 21903 | 13860 | Secured:<br>Priority:<br>Administrative     15,000.00<br>503(b)(9):<br>Unsecured:<br>Total:     $15,000.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 7085 |
| PETER GRESENS<br>14306 POST MILL DR<br>MIDLOTHIAN, VA 23113 | 13510 | Secured:<br>Priority:<br>Administrative     635.00<br>503(b)(9):<br>Unsecured:<br>Total:     $635.00 | 06/25/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 8783 |
| PETER M GRESENS<br>14306 POST MILL DR<br>MIDLOTHIAN, VA 23113 | 13511 | Secured:<br>Priority:<br>Administrative     40,000.00<br>503(b)(9):<br>Unsecured:<br>Total:     $40,000.00 | 06/25/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 8781 |
| PIETRANTONI, ANN<br>3209 SHERWOOD BLUFF TER<br>POWHATAN, VA 23139 | 14189 | Secured:<br>Priority:<br>Administrative     UNL<br>503(b)(9):<br>Unsecured:<br>Total:     UNL | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 7432 |
| RAMSEY, DANIEL W<br>7405 THREE CHOPT RD<br>RICHMOND, VA 23226 | 13967 | Secured:<br>Priority:<br>Administrative     40,000.00<br>503(b)(9):<br>Unsecured:<br>Total:     $40,000.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 7034 |
| ROLAND L FINCH<br>4137 STONY LN<br>DOYLESTOWN, PA 18902 | 14395 | Secured:<br>Priority:<br>Administrative     40,000.00<br>503(b)(9):<br>Unsecured:<br>Total:     $40,000.00 | 06/23/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 2532 |

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.                    Debtors' Fifty-Sixth Omnibus Objection to Claims

Case No. 08-35653-KRH                                      Objection to Certain HR Administrative Claims - Disallow

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR | UNSECURED CLAIM NUMBER |
|---|---|---|---|---|---|
| SALON RICHARD E<br>1350 AUTUMN BREEZE DR<br>OILVILLE, VA 23129 | 13321 | Secured:<br>Priority:<br>Administrative       20,000.00<br>503(b)(9):<br>Unsecured:<br>Total:       $20,000.00 | 06/11/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 5190 |
| SCOTT D MAINWARING<br>5608 BELSTEAD LN<br>GLEN ALLEN, VA 23059 | 13833 | Secured:<br>Priority:<br>Administrative       40,000.00<br>503(b)(9):<br>Unsecured:<br>Total:       $40,000.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 8907 |
| SHANE M KITTEL<br>220 WRIGHT ST NO 206<br>LAKEWOOD, CO 80228 | 13798 | Secured:<br>Priority:<br>Administrative       15,000.00<br>503(b)(9):<br>Unsecured:<br>Total:       $15,000.00 | 06/26/2009 | CIRCUIT CITY STORES WEST COAST, INC. (08-35654) | 7514 |
| SHANE M KITTEL<br>220 WRIGHT ST NO 206<br>LAKEWOOD, CO 80228 | 13805 | Secured:<br>Priority:<br>Administrative       15,000.00<br>503(b)(9):<br>Unsecured:<br>Total:       $15,000.00 | 06/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 7514 |
| SUBETTO, ROBERT GLEN<br>621 PRIMROSE LN<br>ALLENTOWN, PA 18104 | 14385 | Secured:<br>Priority:<br>Administrative       UNL<br>503(b)(9):<br>Unsecured:<br>Total:       UNL | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 6503 |
| TODD ZIMMERMAN<br>4172 ANTELOPE CT NO 112<br>MECHANICSBURG, PA 17050 | 13433 | Secured:<br>Priority:<br>Administrative       15,000.00<br>503(b)(9):<br>Unsecured:<br>Total:       $15,000.00 | 06/15/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 7821 |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.    Debtors' Fifty-Sixth Omnibus Objection to Claims
Case No. 08-35653-KRH    Objection to Certain HR Administrative Claims - Disallow

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR | UNSECURED CLAIM NUMBER |
|---|---|---|---|---|---|
| TOLLIVER, DAVID W<br>3100 H WESTBURY LAKE DR<br>CHARLOTTE, NC 28269 | 14159 | Secured:<br>Priority:<br>Administrative 15,000.00<br>503(b)(9):<br>Unsecured:<br>Total: $15,000.00 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 7601 |
| TONY, DAVIS<br>11220 BUCKHEAD CT<br>MIDLOTHIAN, VA 23113 | 14115 | Secured:<br>Priority:<br>Administrative 493,200.00<br>503(b)(9):<br>Unsecured:<br>Total: $493,200.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 9195,9122,<br>9092,9095 |
| TROXELL, LESLIE J<br>5004 PARK MEADOWS WY<br>GLEN ALLEN, VA 23059 | 14145 | Secured:<br>Priority:<br>Administrative 78,800.00<br>503(b)(9):<br>Unsecured:<br>Total: $78,800.00 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 8003 |
| TROXELL, LESLIE J<br>5004 PARK MEADOWS WY<br>GLEN ALLEN, VA 23059 | 14147 | Secured:<br>Priority:<br>Administrative 125,000.00<br>503(b)(9):<br>Unsecured:<br>Total: $125,000.00 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 8010 |
| TROXELL, LESLIE J<br>5004 PARK MEADOWS WY<br>GLEN ALLEN, VA 23059 | 14146 | Secured:<br>Priority:<br>Administrative 135,000.00<br>503(b)(9):<br>Unsecured:<br>Total: $135,000.00 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 8001 |
| VEASEY, WILLIAM<br>12541 VALLEY PINE DR<br>LOUISVILLE, KY 40299 | 14191 | Secured:<br>Priority:<br>Administrative 15,000.00<br>503(b)(9):<br>Unsecured:<br>Total: $15,000.00 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 4957 |

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.    Debtors' Fifty-Sixth Omnibus Objection to Claims
Case No. 08-35653-KRH    Objection to Certain HR Administrative Claims - Disallow

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR | UNSECURED CLAIM NUMBER |
|---|---|---|---|---|---|
| VONBECHMANN, DAWN W<br>C O NEIL E MCCULLAGH<br>CANTOR ARKEMA PC<br>1111 E MAIN ST 16TH FL<br>PO BOX 561<br>RICHMOND, VA 23218-0561 | 13948 | Secured:<br>Priority:<br>Administrative    62,500.00<br>503(b)(9):<br>Unsecured:<br>Total:    $62,500.00 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 8648 |
| WAYNE BERKLEY LUCK<br>WAYNE B LUCK<br>8954 KINGS CHARTER DR<br>MECHANICSVILLE, VA 23116 | 14334 | Secured:<br>Priority:<br>Administrative    447,396.00<br>503(b)(9):<br>Unsecured:<br>Total:    $447,396.00 | 07/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 6982 |
| WIMMER JR, JAMES H<br>MICHAEL D MUELLER ESQ<br>AND AUGUSTUS C EPPS JR<br>ESQ AND JENNIFER M<br>MCLEMORE ESQ<br>CHRISTIAN & BARTON LLP<br>909 E MAIN ST STE 1200<br>RICHMOND, VA 23219 | 13959 | Secured:<br>Priority:<br>Administrative    260,000.00<br>503(b)(9):<br>Unsecured:<br>Total:    $260,000.00 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 9584 |
| YOST, DOUG A<br>42 VAN ALLEN RD<br>GLEN ROCK, NJ 07452 | 14190 | Secured:<br>Priority:<br>Administrative    62,500.00<br>503(b)(9):<br>Unsecured:<br>Total:    $62,500.00 | 06/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 3135 |
| YOST, DOUG A<br>42 VAN ALLEN RD<br>GLEN ROCK, NJ 07452 | 14184 | Secured:<br>Priority:<br>Administrative    120,000.00<br>503(b)(9):<br>Unsecured:<br>Total:    $120,000.00 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 3376 |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.    Debtors' Fifty-Sixth Omnibus Objection to Claims

Case No. 08-35653-KRH    Objection to Certain HR Administrative Claims - Disallow

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR | UNSECURED CLAIM NUMBER |
|---|---|---|---|---|---|---|
| YOUNG KEN J<br>KEN J YOUNG<br>2836 BAYHILL WOODS COVE<br>COLLIERVILLE, TN 38017 | 13624 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 155,000.00<br><br>$155,000.00 | 06/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 7603 |
| YOUNG KEN J<br>KEN J YOUNG<br>2836 BAYHILL WOODS COVE<br>COLLIERVILLE, TN 38017 | 13626 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 428,492.00<br><br>$428,492.00 | 06/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 5162 |
| YOUNG KEN J<br>KEN J YOUNG<br>2836 BAYHILL WOODS COVE<br>COLLIERVILLE, TN 38017 | 13625 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 270,000.00<br><br>$270,000.00 | 06/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) | 5131 |

Total:    103    $23,754,072.15

\*    "UNL" denotes an unliquidated claim.

<u>**EXHIBIT D**</u>

**(The Long-Term Incentive Program Sample Letter)**





October 9, 2008



Dear 

Congratulations!  The Compensation and Personnel Committee of the Board of Directors (the "Committee") has awarded you a long-term cash incentive award (the "Award") subject to the terms of this Award letter.  The purpose of this Award is to reward, motivate and retain associates who are key to our turnaround efforts and long term success of Circuit City Stores, Inc. (the "Company").  To accept this Award, please sign this letter, and fax it as instructed in Section 6 below.

Subject to the requirements and limitations set forth in this Award letter, your Target Cash Incentive Award, Maximum Cash Incentive Award, and Award Date are as follows:

Target Cash Incentive Award:

Maximum Cash Incentive Award:

Award Date:                      September 29, 2008

This Award is based on performance of the Company over time and the amount that you can earn at each Vest Date under the Award is subject to meeting the Performance Conditions as outlined below. For purposes of the Performance Conditions, the following definitions apply:

Minimum Availability:  maintaining excess availability under all of the Company's existing or future credit facilities in effect as of February 28, 2009, as such existing or future credit facilities may be amended, modified, superseded or supplemented, through February 28, 2009; and

Closing Stock Price:  closing stock price as reported by the exchange or market on which the Company's common stock generally has the greatest trading volume.

The schedule of Vest Dates, the corresponding target amounts and Performance Conditions for each date are as follows:

1st Vest Date:                   July 1, 2009
Targeted Amount Vesting:
Performance Condition:        Minimum Availability

- 1 -

2nd Vest Date:                          January 1, 2010
Targeted Amount Vesting:          ████████
Performance Condition:               Total shareholder return based on the following
                                                       stock prices:

| Closing Stock Price on Dec. 31, 2009 | % Payout of Targeted Amount Vesting |
|---|---|
| less than $3.00 | 0% |
| $3.00–$3.99 | 75% |
| $4.00–$4.99 | 100% |
| $5.00–$5.99 | 125% |
| $6.00–$6.99 | 175% |
| $7.00–$7.99 | 200% |
| $8.00–$8.99 | 225% |
| $9.00 or greater | 250% |

3rd Vest Date:                          July 1, 2010
Targeted Amount Vesting:          ████████
Performance Condition:               Total shareholder return based on the following
                                                       stock prices:

| Closing Stock Price on Vest Date | % Payout of Targeted Amount Vesting |
|---|---|
| less than $4.00 | 0% |
| $4.00–$4.99 | 75% |
| $5.00–$5.99 | 100% |
| $6.00–$6.99 | 125% |
| $7.00–$7.99 | 175% |
| $8.00–$8.99 | 200% |
| $9.00–$9.99 | 225% |
| $10.00 or greater | 250% |

        If on the specified Vest Date no amount is earned or an amount less than the Targeted Amount is earned, the unearned portion of the Targeted Cash Incentive Amount for that Vest Date will roll-forward to the next Vest Date and may be earned if the minimum Performance Condition for the next Vest Date is achieved. Any amounts that are rolled forward to the next Vest Date are not eligible for more than a Target (100%) payout.

        For purposes of the vesting and forfeiture requirements that follow, your employment with the "Company" includes your employment with Circuit City Stores, Inc. or with a parent or subsidiary of Circuit City Stores, Inc. within the meaning of section 424(e) and (f) of the Internal Revenue Code of 1986, as amended.

        Your right to receive the portion of your Award corresponding to each of the above Vest Dates is contingent on (i) your agreeing to the terms of this Award by signing and faxing this letter, and (ii) your remaining continuously employed on a full-time active basis with the Company through and including the corresponding Vest Date. If you satisfy these

- 2 -

requirements, the portion of your Award that becomes vested will be paid to you in a single lump sum cash payment within 75 days following the Vest Date. In the event that you are on a leave of absence on the Vest Date, the portion of your Award that would have vested on that date will not vest until you return to active full-time employment with the Company and will then be paid within 75 days after your return.

Forfeiture. If prior to becoming fully vested in your Award, (i) your employment with the Company terminates for any reason other than your death or permanent disability, or (ii) your employment status with the Company changes to part-time, or (iii) you retire from the Company, then the unvested portion of your Award will be forfeited as of the date of your termination, change in status, or retirement, as the case may be

If your employment with the Company terminates on or before a Vest Date because of death or permanent disability, then the portion of your Target Cash Incentive Award that is scheduled to vest on a future Vest Date will vest as of the date of your death or termination for disability (assuming you otherwise meet the requirements under this Award letter), and will be paid out in a lump sum cash payment within 75 days after your death or disability.

The Committee will determine whether a permanent disability exists for purposes of the foregoing, and such determination will be conclusive and binding.

Other terms relevant to this Award letter are set forth below.

1. **Modification**. The Committee may unilaterally modify the terms of this Award letter after the Award Date provided that your consent is obtained with respect to any modification that would be detrimental to your rights hereunder, except that your consent will not be required to the extent any such modification is to comply with applicable law.

2. **Change of Control**. If you remain continuously employed on a full-time active basis with the Company through and including the date on which a Change of Control of the Company occurs, then any unvested portion of your outstanding Target Cash Incentive Award will vest as of such date and will be paid to you in a lump sum cash payment within 75 days thereafter. For this purpose, "Change of Control" has the meaning set forth in the Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference, and made a part of this Award letter.

The following provides a brief summary of the definition of Change of Control under the 2003 Stock Plan. This is intended only as a summary, and any determination of whether a Change of Control has actually occurred will be subject to the full definition set forth in the 2003 Stock Plan. In general, a Change of Control will occur upon any of the following events: (i) a third party acquires 35% of the Company's outstanding stock; (ii) the incumbent members of the Company's Board of Directors cease to be a majority of the Board (for this purpose, "incumbent members" includes directors whose election was approved by a majority of the Board); (iii) a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company; or (iv) the consummation of a plan of complete liquidation or dissolution of the Company.

- 3 -

3. **Withholding Taxes**.  On the Vest Date, you will have taxable income equal to the amount of your vested Award, and the Company will withhold the amount of taxes required to be withheld or paid.

4. **Interpretation**.  The interpretation and construction of any provision or term of this Award letter by the Committee will be final and conclusive. The terms of this Award letter and all actions taken hereunder will be governed by the laws of the Commonwealth of Virginia, without regard to the conflict of law provisions of any jurisdiction.

5. **Miscellaneous**.

a.  This Award letter is the entire agreement between you and the Company concerning the Award granted hereunder.

b.  Nothing in this Award letter confers any right to continued employment with the Company, or affects the Company's right to terminate an associate's employment at any time, with or without notice, and with or without cause.

c.  The Company has no obligation to contribute any assets to a trust or other entity or otherwise to segregate any assets, or maintain separate accounts, for the purpose of satisfying the Award obligation hereunder.

6. **Acceptance of this Award**.  In order for your Award to become effective, you must accept it by signing this letter and faxing the entire letter as soon as possible, but in no event later than November 1, 2008 to **757-299-8412**.

Your signature will also constitute your agreement to the terms and conditions contained in this letter.

Sincerely,

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED:

Associate Signature

Printed Name

11/6/08
Date

- 4 -

## EXHIBIT E

**(The Cash Retention And
Long-Term Cash Award Programs Letters.)**





January 4, 2008



Dear 

Circuit City Stores, Inc. (the "Company") would like to support key associates through a cash award program that provides an incentive to work for the Company's long-term success. Accordingly, I am pleased to inform you that, effective January 1, 2008, you have been awarded the following long-term cash award, which will be payable upon vesting:

Long-Term Cash Award: 

Your award is subject to the conditions set forth in this letter and to your signing and faxing this letter as instructed further below.

This long-term incentive is a three-year program, with vesting at the end of each of the first, second, and third years. If you remain continuously employed by the Company in a full-time active position from January 1, 2008 through and including:

- January 1, 2009, you will be 33.3% vested in your award and entitled to an initial cash payment equal to 33.3% of your total long-term cash award;

- January 1, 2010, you will be 66.6% vested in your award and entitled to a second cash payment equal to 33.3% of your total long-term cash award;

- January 1, 2011, you will be 100% vested in your award and entitled to a third cash payment equal to 33.4% of your total long-term cash award.

The portion of your award that vests will be paid out following the end of the corresponding vesting period  The vesting of all or part of your award is a taxable event. Accordingly, upon distribution of each payment, the Company will withhold applicable federal, state, and local taxes from this payment.

If your active employment with the Company is terminated for any reason on or before a vesting date, or if you move to a part-time position on or before the vesting date, then the portion of your award that has not yet vested will be forfeited immediately upon the termination of your employment or upon your change to part-time status.

If you remain continuously employed in a full-time active position with the Company through and including the date on which a "Change of Control" of the Company occurs, then any portion of your award that has not yet vested will vest as of such Change of Control date. For this purpose, "Change of Control" has the meaning set forth in the

Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference into, and made a part of, this letter. Generally, a Change of Control will be deemed to occur upon any of the following events: (i) the acquisition by any person or entity of 35% or more of either the Company's outstanding shares or the combined voting power of the then outstanding securities of the Company entitled to vote generally in the election of directors (but excluding certain acquisitions involving the Company or an affiliate, or by any benefit plan sponsored by the Company); (ii) the incumbent members of the Board of Directors of the Company (including any future directors whose election is approved by a majority of the incumbent members) cease to constitute a majority of the Board of Directors; (iii) the consummation of a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company (with certain exceptions, as described in the 2003 Stock Incentive Plan); or (iv) the consummation of a plan of complete liquidation, dissolution, or sale of substantially all the assets of the Company.

Nothing in this letter confers any right to continued employment with the Company or affects the Company's right to terminate your employment at any time, with or without notice, and with or without cause.

You may not sell, give away or otherwise transfer your right to the award granted hereunder.

In order for your award to become effective, you must accept it by signing this letter and by faxing the entire letter as soon as possible, but in no event later than February 1, 2008, to 757-299-8412. Your signature will also constitute your agreement to the terms and conditions contained in this letter.

With this award, we express our confidence in your ability to help shape a Circuit City that will benefit our associates, our customers, and our shareholders for years to come.

Sincerely,

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED:

_____
Associate Signature

_____
Printed Name

/ 4 / 0 8
_____
Date





January 3, 2008

Dear

    Congratulations! The Compensation and Personnel Committee of the Board of Directors (the "Committee") has awarded you a special cash retention award (the "Award") subject to the terms of this Award letter. The purpose of this Award is to reward, motivate and retain management personnel who are key to the Company's turnaround efforts and long term success. To accept this Award, please sign the enclosed copy of this letter, and return it as indicated in item 6 below.

    Subject to the requirements and limitations set forth in this Award letter, your Award, Award Date, and Vesting Dates are as follows:

Total Cash Retention Award:     

Award Date:      January 1, 2008

| Vesting Dates | Vesting % |
| --- | --- |
| January 1, 2009 | 50% |
| January 1, 2010 | 50% |

    For purposes of this Award letter, "Company" means Circuit City Stores, Inc or a parent or subsidiary of Circuit City Stores, Inc. within the meaning of section 424(e) and (f) of the Internal Revenue Code of 1986, as amended.

    Your right to receive the portion of your Award corresponding to the above Vesting Dates is contingent on (i) your agreeing to the terms of this Award by signing and returning the enclosed copy of this letter, and (ii) your remaining continuously employed on a full-time active basis with the Company through and including the corresponding Vesting Date. If you satisfy these requirements, the portion of your Award that becomes vested will be paid to you in a single lump sum cash payment within 75 days following the Vesting Date. Your right to this Award is not contingent on corporate or individual performance.

    Forfeiture. If prior to becoming fully vested in your Award, (i) your employment with the Company terminates for any reason other than your death or permanent disability, or (ii) your employment status with the Company changes to part-time, or (iii) you retire from the Company, then the unvested portion of your Award will be forfeited as of the date of your termination, change in status, or retirement, as the case may be.

if your employment with the Company terminates on or before a Vesting Date because you die or become permanently disabled, then the portion of your Award scheduled to vest on such Vesting Date will vest as of the date of your death or termination for disability (assuming you otherwise meet the requirements under this Award letter), and any portion of your Award that would have vested on a subsequent Vesting Date will be forfeited. For example, if your employment terminates under these circumstances on or before January 1, 2009, the portion of your Award scheduled to vest on that date will vest, and any portion that would have vested on a subsequent Vesting Date will be forfeited.

The Committee will determine whether a permanent disability exists for purposes of the foregoing, and such determination will be conclusive and binding.

Other terms relevant to this Award letter are set forth below.

1. **Modification.** The Committee may unilaterally modify the terms of this Award letter after the Award Date provided that your consent is obtained with respect to any modification that would be detrimental to your rights hereunder, except that your consent will not be required to the extent any such modification is to comply with applicable law.

2. **Change of Control.** If you remain continuously employed on a full-time active basis with the Company through and including the date on which a Change of Control of the Company occurs, then notwithstanding any provision herein to the contrary, any restrictions hereunder on your outstanding Award shall lapse as of such date. For this purpose, "Change of Control" has the meaning set forth in the Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference into, and made a part of, this Award letter. Generally, a Change of Control will be deemed to occur upon any of the following events: (i) the acquisition by any person or entity of 35% or more of either the Company's outstanding shares or the combined voting power of the then outstanding securities of the Company entitled to vote generally in the election of directors (but excluding certain acquisitions involving the Company or an affiliate, or by any benefit plan sponsored by the Company); (ii) the incumbent members of the Board of Directors of the Company (including any future directors whose election is approved by a majority of the incumbent members) cease to constitute a majority of the Board of Directors; (iii) the consummation of a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company (with certain exceptions, as described in the 2003 Stock Incentive Plan); or (iv) the consummation of a plan of complete liquidation, dissolution, or sale of substantially all the assets of the Company.

3. **Withholding Taxes.** On the Vesting Date, you will have taxable income equal to the amount of your vested Award, and the Company will withhold the amount of taxes required to be withheld or paid.

4. **Interpretation.** The interpretation and construction of any provision or term of this Award letter by the Committee will be final and conclusive. The terms of this Award letter and all actions taken hereunder will be governed by the laws of the

- 2 -

Commonwealth of Virginia, without regard to the conflict of law provisions of any jurisdiction.

   5. **Miscellaneous**.

   a. This Award letter is the entire agreement between you and the Company concerning the Award granted hereunder. If you are a party to an Employment Agreement with the Company, you agree that in the case of a conflict between the Employment Agreement and this Award letter, the terms of this Award letter will control.

   b. Nothing in this Award letter confers any right to continued employment with the Company, or affects the Company's right to terminate an associate's employment at any time, with or without notice, and with or without cause.

   c. The Company has no obligation to contribute any assets to a trust or other entity or otherwise to segregate any assets, or maintain separate accounts for the purpose of satisfying the Award obligation hereunder.

   6. **Acceptance of this Award**. In order for your Award to become effective, you must accept it by signing and faxing a copy of this entire letter as soon as possible, but in no event later than February 1, 2008 to **757-299-8412**.

   Your signature will also constitute your agreement to the terms and conditions contained in this letter.

Sincerely,

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED:

Associate Signature

Printed Name

Date

- 3 -