Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                     :   Chapter 11
                           :
CIRCUIT CITY STORES, INC., :   Case No. 08-35653 (KRH)
et al.,                    :
                           :
           Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' FIFTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS
(DISALLOWANCE OF CERTAIN ALLEGED ADMINISTRATIVE EXPENSES)**

The debtors and debtors in possession in the

above-captioned jointly-administered cases (collectively,

the "Debtors"),[1] hereby object and move this Court, pursuant

to sections 105, 502 and 503 of title 11 of the United

States Code (the "Bankruptcy Code"), Rule 3007 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rule 3007-1 of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Eastern District

of Virginia (the "Local Rules"), for an order, substantially

in the form attached hereto as Exhibit A, disallowing the

Claims (as defined herein) as set forth herein.  In support

of the Objection, the Debtors respectfully represent as

follows:

### JURISDICTION AND VENUE

1.   This Court has jurisdiction to consider this

Objection under 28 U.S.C. §§ 157 and 1334.  This is a core

proceeding under 28 U.S.C. § 157(b).  Venue of these cases

and this Objection in this district is proper under 28

U.S.C. §§ 1408 and 1409.

---

[1]   The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
(0875), Ventoux International, Inc. (1838), Circuit City Purchasing
Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company
of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer
Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659),
Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS,
Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel,
LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR,
LLC (5512). The address for the Debtors is 4951 Lake Brook Drive,
Suite #500, Glen Allen, VA 23060.

2.    The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105, 502 and 503, Bankruptcy Rule 3007 and Local Rule 3007-1.

**BACKGROUND**

**A.    The Bankruptcy Cases.**

3.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4.    Pursuant to Bankruptcy Code sections 1107 and 1108, the Debtors are continuing as debtors in possession.

5.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

6.    On January 16, 2009, the Court authorized the Debtors, among other things, to commence liquidation and conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency

Agreement at the Debtors' remaining stores.  The going out
of business sales concluded on or about March 8, 2009.

7.    On September 29, 2009, the Debtors and the
Creditors Committee filed the First Amended Joint Plan of
Liquidation of Circuit City Stores, Inc. and its Affiliated
Debtors and Debtors In Possession and its Official Committee
of Creditors Holding General Unsecured Claims (the "Plan").
The associated disclosure statement (the "Disclosure
Statement") was approved on September 24, 2009, and
confirmation on the Plan is currently scheduled for November
23, 2009.

8.    Generally, the Plan provides for the
liquidation of the Debtors under chapter 11 of the
Bankruptcy Code.

**B.    General Bar Date.**

9.    On November 12, 2008, the Court appointed
Kurtzman Carson Consultants LLC ("KCC") as claims, noticing
and balloting agent for the Debtors in these chapter 11
cases, pursuant to 28 U.S.C. § 156(c).

10.    On December 10, 2008, the Court entered that
certain Order Pursuant to Bankruptcy Code Sections 105 and
502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I)
Setting General Bar Date and Procedures for Filing Proofs of

Claim; and (II) Approving Form and Manner of Notice Thereof
(Docket No. 890) (the "Claims Bar Date Order").

11.  Pursuant to the Claims Bar Date Order, the
deadline for filing all "claims" (as defined in 11 U.S.C. §
105(5)) arising before November 10, 2008 against the Debtors
by any non-governmental entity was 5:00 p.m. (Pacific) on
January 30, 2009 (the "General Bar Date").  Pursuant to the
Claims Bar Date Order, this Court further approved the form
of the claims bar date notice, attached as Exhibit A to the
Claims Bar Date Order (the "Claims Bar Date Notice"), and
the manner of service thereof.

12.  On December 17 and 19, 2008, KCC served a
copy of the Claims Bar Date Notice on all parties who filed
notices of appearance pursuant to Bankruptcy Rule 2002, all
of the Debtors' scheduled creditors in these cases, the
Debtors' equity holders, and certain other parties,
including all of the Debtors' current employees and former
employees for the three years prior to the Petition Date
(Docket No. 1314).  In addition, the Debtors published the
Claims Bar Date Notice in The Wall Street Journal (Docket
No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

**C.    Administrative Bar Date.**

13.   On May 15, 2009, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (I) Setting Administrative Bar Date and Procedures for Filing and Objecting to Administrative Expense Request and (II) Approving Form and Manner of Notice Thereof (Docket No. 3354) (the "Administrative Expense Bar Date Order").

14.   Pursuant to the Administrative Expense Bar Date Order, the deadline for filing all administrative expense requests arising before April 30, 2009 against the Debtors was 5:00 p.m. (Pacific) on June 30, 2009 (the "Administrative Bar Date").   Pursuant to the Administrative Expense Bar Date Order, this Court further approved the form of the administrative expense bar date notice, attached as Exhibit A to the Administrative Expense Bar Date Order (the "Administrative Expense Bar Date Notice"), and the manner of service thereof.

15.   On or before May 22, 2009, KCC served a copy of the Administrative Expense Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, and certain other parties, including all of the

Debtors' current employees and former employees for the

three years prior to the Petition Date (Docket No. 4609).

In addition, on May 21, 2009, the Debtors published the

Administrative Expense Bar Date Notice in The Wall Street

Journal (Docket No. 3968), The Financial Times (Docket No.

3970) and The Richmond Times-Dispatch (Docket No. 3969).

16.   On April 1, 2009, this Court entered an Order

Establishing Omnibus Objection Procedures and Approving the

Form and Manner of Notice of Omnibus Objections (Docket No.

2881) (the "Omnibus Objection Procedures Order").

### OBJECTION TO CLAIMS AND RELIEF REQUESTED

17.   By this Objection, the Debtors seek entry of

an order, in substantially the form annexed as Exhibit A (i)

disallowing the claims listed on Exhibits C and D attached

hereto (collectively, the "Claims").   For ease of reference,

Exhibit B is organized as an alphabetical listing by

claimant (the "Claimants"), with a cross-reference by claim

number.

### BASIS FOR OBJECTION AND RELIEF REQUESTED

18.   Currently, the Debtors are engaged in a

thorough review of all claims filed against their estates,

including administrative expense claims, to determine the

validity of such claims.   As part of this process, the

Debtors are diligently reviewing claims filed pursuant to Bankruptcy Code section 503(b).

19.    After reviewing numerous alleged administrative expenses, their supporting documentation and the Debtors' books and records, the Debtors have determined that the Claims identified on <u>Exhibits C and D</u> do not satisfy the requirements of Bankruptcy Code section 503(b). Specifically, each Claim arose pre-petition, was not an actual and necessary expense, did not arise from post-petition transactions with the Debtors or provide any benefit to the Debtors' estates.  Accordingly, the Claims are not entitled to administrative priority and should be reclassified to general unsecured claims.

20.    Moreover, each Claim was filed after the General Bar Date.  Rather than reclassify and thereafter disallow as late, the Claims should be disallowed in their entirety.

**APPLICABLE AUTHORITY**

**I.    THE CLAIMANTS HAVE FAILED TO MEET THEIR BURDEN OF ESTABLISHING THAT THE CLAIMS ARE ADMINISTRATIVE EXPENSES UNDER BANKRUPTCY CODE SECTION 503.**

21.    Administrative expense claims under Bankruptcy Code section 503(b)(1)(A) are limited to "the actual, necessary costs and expenses of preserving the

estate." 11 U.S.C. § 503(b)(1)(A). To grant an expense administrative priority under Bankruptcy Code section 503(b), the Court must find that the expense was an actual expense of the estate and that payment of the expense is necessary to preserve the Debtors' estate.  See Ford Motor Credit Co. v. Dobbins, 35 F.3d 860, 866 (4th Cir. 1994) ("The modifiers 'actual' and 'necessary' must be observed with scrupulous care[.]" (citation omitted)).

22.  The party filing an administrative expense claim bears the burden of proving, by a preponderance of the evidence, that its claim is entitled to administrative priority under Bankruptcy Code section 503.  See In re Boling Group, L.L.C., 2002 WL 31812671, at *4. (Bankr. M.D.N.C. 2002) (citing In re Merry-Go-Round Enterprises, Inc., 180 F.3d 149, 157 (4th Cir. 1999))("The burden of proof is on the claimant to establish by a preponderance of the evidence its entitlement to an administrative expense award under 11 U.S.C. § 503(b)."); see also Ford Motor Credit, 35 F.3d at 866 (finding that the creditor had the burden of showing that it incurred a cost post-petition that was actual and necessary to preserving the debtor's estate).

23.  In order to determine whether a claim qualifies as an administrative expense, the Fourth Circuit

has established a two-part test: "(1) the claim must arise
out of a post-petition transaction between the creditor and
the debtor-in-possession (or trustee) and (2) the
consideration supporting the claimant's right to payment
must be supplied to and beneficial to the debtor-in-
possession in the operation of the business."  Devan v.
Simon DeBartolo Group, L.P. (Merry-Go-Round, 180 F.3d at 157
(quoting Stewart Foods v. Broecker (In re Stewart Foods), 64
F.3d 141, 145 n.2 (4th Cir. 1995)); see also In re Baseline
Sports, Inc., 393 B.R. 105, 130 (Bankr. E.D. Va. 2008).  The
Claimants have failed to prove both elements of this test.

**A.**   **The Claimants Have Failed To Prove The Existence Of
A Post-Petition Transaction With The Debtors.**

24.  To determine whether a claim relates to pre-
petition or post-petition transactions with the debtor, the
Fourth Circuit Court of Appeals applies the "conduct test".
See Grady v. A.H. Robins Co., 839 F.2d 198, 201-02 (4th Cir.
1988) (applying the "conduct test" to determine when a claim
arises).  Under the conduct test, a claim arises, i.e., a
transaction occurs, when the event or conduct giving rise to
the claim first occurs.  See, e.g., id. at 202-03; In re
Camellia Food Stores, Inc., 287 B.R. 52, 57 (Bankr. E.D. Va.
2002)(noting that the Fourth Circuit, in A.H. Robins,

applied a conduct test whereby the events giving rise to a
pre-petition claim must occur pre-petition for the claim to
arise pre-petition); see also In re U.S. Airways, 2007 WL
3231573, *3 (Bankr. E.D. Va. 2007) ("A debt 'arises,' for
bankruptcy purposes, not when the effects are felt but when
the act giving rise to the liability occurs.").

25.   All of the Claimants seek administrative
expense claims for transactions or events that occurred
before the petition date and occurred with an entity other
than the Debtors, as debtors in possession.  Under the
"conduct test," these claims arose pre-petition, and,
therefore, do not qualify for administrative expense
priority.  Accordingly, the Claimants have failed to meet
their burden on this element of the Fourth Circuit Court of
Appeal's test.

26.   Moreover, the Fourth Circuit Court of Appeals
has expressed a policy "not to saddle debtors with special
post-petition obligations lightly or give preferential
treatment to certain select creditors." Dornier Aviation
(North America), Inc., 2002 WL 31999222 at *6 (citing Ford
Motor Credit, 35 F.3d at 866).  Reclassifying the Claims to
general unsecured, non-priority claims is consistent with
this policy.

**B.   The Claimants Have Failed To Establish That The Debtors And Their Estates Received A Post-Petition Benefit.**

27.     In addition to the foregoing, before an administrative claim will be allowed, the Claimants must establish that the Debtors and their estates received a benefit.  <u>Merry-Go-Round</u>, 180 F.3d at 156; <u>Stewart Foods</u>, 64 F.3d at 145 n.2.  As noted above, the Claims are not based on any post-petition transactions with the Debtors or their estates.  As such, no post-petition benefit could have been conferred upon the Debtors, as debtors-in-possession.

28.  Assuming, <u>arguendo</u>, that the Debtors received some benefit from the Claims, this fact alone is insufficient to give rise to an administrative expense claim under Bankruptcy Code section 503(b)(1).  <u>Ford Motor Credit</u>, 35 F.3d at 866 (holding that the debtor must receive a "concrete" benefit).  Here, Claimants have not met their burden of proving that the pre-petition transactions with the Debtors led to a "concrete" benefit to their estates.

29.  Accordingly, Claimants have failed to prove the second element required to receive an administrative expense claim.  Consequently, this Court should reclassify the Claims.

## II.   AS PRE-PETITION CLAIMS, THE CLAIMS SHOULD BE DISALLOWED BECAUSE THEY WERE FILED AFTER THE GENERAL BAR DATE.

30.   As set forth above, although the Claims were filed as administrative expenses, each of the Claims arose pre-petition and, accordingly, cannot be allowed as an administrative expense.   If the Claims were reclassified as general unsecured claims, such Claims would be subject to disallowance because they were filed after the General Bar Date.

31.   Pursuant to the Claims Bar Date Order, all creditors were required to file proofs of claim for claims arising prior to the Petition Date.   In that regard, the Claims Bar Date Order provides in relevant part:

> Pursuant to Bankruptcy Rule 3003(c)(3), all "entities" and "persons" (as defined respectively in 11 U.S.C. § 101(15) and (41)), except any governmental unit (as defined in 11 U.S.C. § 101(27)) that are creditors holding or wishing to assert "claims" (as defined in 11 U.S.C. § 101(5)) arising before the Petition Date against any of the Debtors are required to file with the Debtors' Claims Agent (as defined below), on or before 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date") a separate, completed, and executed proof of claim form (conforming substantially to Official Bankruptcy Form No. 10) on account of any such claims in accordance with the procedures set forth below.
> . . .

Pursuant to Bankruptcy Rule 3003(c) and Bankruptcy Code section 502(b)(9), any governmental units (as defined in 11 U.S.C. § 101(27)) that are creditors holding or wishing to assert "claims" (as defined in 11 U.S.C. § 101(5)) arising before the Petition Date against any of the Debtors are required to file, on or before 5:00 p.m. (Pacific) on May 11, 2009(the "Governmental Bar Date") a separate, completed, and executed proof of claim form (conforming substantially to Official Bankruptcy Form No. 10) on account of any such claims in accordance with the procedures set forth below.

. . .

Any creditor that is required to file but fails to file a proof of claim for its claim in accordance with the procedures set forth in this order on or before the General Bar Date, the Governmental Bar Date, or such other date established hereby (as applicable) shall be forever barred, estopped, and enjoined from: (a) asserting any Claim against the Debtors that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules as undisputed, noncontingent, and unliquidated or (ii) is of a different nature or in a different classification (any such claim referred to as an "Unscheduled Claim") and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim; and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim.

Bar Date Order, ¶¶ 2, 3, 12

32. Furthermore, the Claims Bar Date Notice provided in relevant part:

**CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM** Any creditor that is required to file but fails to file a proof of claim for its Claim in accordance with the procedures set forth herein on or before the General Bar Date, the Governmental Bar Date, or such other date established hereby (as applicable) shall be forever barred, estopped, and enjoined from: (a) asserting any Claim against the Debtors that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules as undisputed, noncontingent, and unliquidated or (ii) is of a different nature or in a different classification (any such claim referred to as an "Unscheduled Claim") and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim; and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim. If it is unclear from the Schedules and Statements whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the General Bar Date. Any Entity that relies on the Schedules and Statements bears responsibility for determining that its Claim is accurately listed therein.

Claims Bar Date Notice, p. 5 (emphasis in original).

33.   Thus, pursuant to the Claims Bar Date Order and Claims Bar Date Notice, should the Claims be reclassified as general unsecured claims, such Claims should be disallowed as late-filed.  This conclusion is supported by applicable law.

34.   Bar dates for asserting claims in chapter 11
bankruptcy cases serve extremely important purposes. "The
requirement of a Bar Date in Chapter 11 enables the debtor .
. . to establish the universe of claims with which it must
deal and the amount of those claims." In re A.H. Robins Co.,
Inc., 129 B.R. 457, 459 (Bankr. E.D. Va. 1991).  Premised on
the imperative purpose of finality of asserting claims
against a debtor, courts have not allowed claims filed by
creditors after the bar date, absent special circumstances.
See In re Provident Hosp., Inc., 122 B.R. 683, 685 (D. Md.
1990), aff'd, 943 F.2d 49 (4th Cir. 1991) (unpublished
opinion) ("Because Bean did not timely file his bankruptcy
claim after having been given constitutionally sufficient
notice, his claim is barred under well-settled authority, 11
U.S.C. 1141(d) and Bankruptcy Rule 3003(c)(2).").

35.   While the Claims may have been filed prior to
the Administrative Bar Date, they were filed after the
General Bar Date.  Accordingly, if the Claims are
reclassified as general unsecured claims, such reclassified
Claims would be subsequently disallowed pursuant to the
Claims Bar Date Order.

36.   This Court has previously granted similar
relief in these chapter 11 cases.  See, e.g., In re Circuit

City Stores, Inc., Case No. 08-35653(KRH) (Bankr. E.D. Va.
Jul. 20, 2009)(Docket Nos. 4169, 4170).

37.   Accordingly, by this Objection, the Debtors
seek to disallow the Claims to avoid the time, expense and
delay, as well as the Court's resources, that would be
associated with first reclassifying the Claims and then
separately objecting to the reclassified Claims as late-
filed.

38.   For the foregoing reasons, the Debtors
respectfully request that the Court sustain the Objection.

**RESERVATION OF RIGHTS**

39.   At this time, the Debtors have not completed
their review of the validity of all claims/expenses filed
against their estates, including the Claims.   Accordingly,
the Claims may be the subject of additional subsequently
filed objections.   To that end, the Debtors reserve the
right to further object to any and all claims, whether or
not the subject of this Objection, for allowance, voting,
and/or distribution purposes, and on any grounds that
bankruptcy or non-bankruptcy law permits.   Furthermore, the
Debtors reserve the right to modify, supplement and/or amend
this Objection as it pertains to any Claim or Claimant
herein.

17

**NOTICE AND PROCEDURE**

40.   Notice of this Objection has been provided to all Claimants that are the subject to this Objection, as identified on Exhibit B, and to parties in interest in accordance with the Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (Docket No. 130) (the "Case Management Order"), Bankruptcy Rule 7004 and the applicable provisions of Federal Rule of Civil Procedure 4.   In particular, the Debtors have served the Objection as follows: (a) to the extent counsel for a Claimant is not known to the Debtors, by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (b) to the extent counsel for a Claimant has appeared on the Claimant's behalf in the Debtors' bankruptcy cases, by first class mail, postage prepaid, on such counsel.   The Debtors submit that service as set forth herein constitutes due and sufficient service of this Objection.

41.   To the extent any Claimant files and properly serves a response to this Objection by **4:00 p.m. on November 16, 2009** (the "Objection Deadline") as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Debtors request that the Court conduct a status conference with respect to any such responding Claimant at **10:00 a.m. on November 23, 2009** and thereafter schedule the matter for a future hearing as to the merits of such Claim.[2]

42.   However, to the extent any Claimant fails to timely file and properly serve a response to this Objection by the Objection Deadline, as required by the Case Management Order and applicable law, the Debtors request that the Court enter an order, substantially in the form attached hereto as Exhibit A, disallowing for all purposes in these bankruptcy cases, modifying and/or reclassifying the Claims as set forth herein.

**COMPLIANCE WITH BANKRUPTCY RULE 3007 AND
THE OMNIBUS OBJECTION PROCEDURES ORDER**

43.   This Objection complies with Bankruptcy Rule 3007(e).  Additionally, the Debtors submit that this

---

[2]   In accordance with the Omnibus Objection Procedures Order, Claimants who respond to the Objection do not need to appear at the status conference.

Objection is filed in accordance with the Omnibus Objection
Procedures Order.

### WAIVER OF MEMORANDUM OF LAW

44.   Pursuant to Local Bankruptcy Rule 9013-1(G),
and because there are no novel issues of law presented in
the Objection, the Debtors request that the requirement that
all motions be accompanied by a written memorandum of law be
waived.

### NO PRIOR RELIEF

45.   No previous request for the relief sought
herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors request the Court to enter an

Order sustaining this Objection and granting such other and

further relief as the Court deems appropriate.


Dated: Richmond, Virginia    SKADDEN, ARPS, SLATE, MEAGHER &
       October 21, 2009      FLOM, LLP
                             Gregg M. Galardi, Esq.
                             Ian S. Fredericks, Esq.
                             P.O. Box 636
                             Wilmington, Delaware 19899-0636
                             (302) 651-3000

                                    - and -

                             SKADDEN, ARPS, SLATE, MEAGHER &
                             FLOM, LLP
                             Chris L. Dickerson, Esq.
                             155 North Wacker Drive
                             Chicago, Illinois 60606-7120
                             (312) 407-0700

                                    - and -

                             MCGUIREWOODS LLP

                             /s/ Douglas M. Foley_____
                             Dion W. Hayes (VSB No. 34304)
                             Douglas M. Foley (VSB No. 34364)
                             One James Center
                             901 E. Cary Street
                             Richmond, Virginia 23219
                             (804) 775-1000

                             Counsel for Debtors and Debtors
                             in Possession

## EXHIBIT A

**(Order)**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-7120
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER SUSTAINING DEBTORS' FIFTY-SEVENTH OMNIBUS OBJECTION TO
CLAIMS (DISALLOWANCE OF CERTAIN ALLEGED ADMINISTRATIVE EXPENSES)**

Upon the objection (the "Objection")[1] of the Debtors

for entry of an order, under Bankruptcy Code sections 105, 502

and 503, Bankruptcy Rule 3007, and Local Rule 3007-1, seeking,

among other things, that the Claims specifically identified on

Exhibit B attached to the Objection be disallowed; and it

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings
      ascribed to such terms in the Objection.

appearing that notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it further appearing that no response was timely filed or properly served by the Claimants being affected by this Order; and it appearing that the relief requested in the Objection is in the best interest of the Debtors, their estates and creditors and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED ADJUDGED AND DECREED that:**

1.    The Objection is SUSTAINED.

2.    The Claims identified on <u>Exhibit A</u> as attached hereto and incorporated herein, are forever disallowed in their entirety for all purposes in these bankruptcy cases.

3.    The Debtors' rights and abilities to object to any claim on any grounds and on any bases are hereby preserved in their entirety.

4.    The Debtors shall serve a copy of this Order on the claimants included on the exhibit to this Order on or before five (5) business days from the entry of this Order.

5.    This Court shall retain jurisdiction to hear and

determine all matters arising from or relating to this Order.

Dated: Richmond, Virginia
        _____, 2009


        _____
        HONORABLE KEVIN R. HUENNEKENS
        UNITED STATES BANKRUPTCY JUDGE


WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

        - and -


_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

__/s/ Douglas M. Foley____
Douglas M. Foley

In re: Circuit City Stores, Inc, et al.                                    Debtors' Fifty-Seventh Omnibus Objection to Certain Non-Hr Administrative Claims
Case No. 08-35653 (KRH)

Exhibit B - Claimants and Related Claims Subject To Fifty-Seventh Omnibus Objection to Claims

| Claim Holder | Claim | Exhibit |
|---|---|---|
| BARTHOLOMEW COUNTY TREASURER | 14578 | EXHIBIT D - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| CALCASIEU PARISH SHERIFFS OFFICE | 13252 | EXHIBIT D - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| CHARLES STRICKLAND | 13815 | EXHIBIT D - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| CITY OF HYATTSVILLE | 13498 | EXHIBIT D - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| EVA CZAJKOWSKI PHD | 14431 | EXHIBIT C - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| GALAN, GUILLERMO | 13872 | EXHIBIT D - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| GANNETT CENTER FOR CREDIT & COLLECTIONS | 13353 | EXHIBIT D - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| HINDS COUNTY MISSISSIPPI | 14180 | EXHIBIT D - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| JACK HERNANDEZ AND THE ALLEGED CLASS OF CLAIMANTS SIMILARLY SITUATED | 13951 | EXHIBIT C - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| JACK HERNANDEZ AND THE ALLEGED CLASS OF CLAIMANTS SIMILARLY SITUATED | 13952 | EXHIBIT C - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| JERRY L KNIGHTEN | 13660 | EXHIBIT D - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| JONATHAN CARD AND THE ALLEGED CLASS OF CLAIMANTS SIMILARLY SITUATED | 14178 | EXHIBIT C - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| KATHRYN L STONE | 13272 | EXHIBIT D - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| LEONE, MARK | 3888 | EXHIBIT D - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| LINDA L CONWAY | 13278 | EXHIBIT D - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| PUNCH INTEGRATED COMMUNICATIONS INC | 13491 | EXHIBIT D - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| PYRAMID CONTROL SYSTEMS INC | 13298 | EXHIBIT D - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| ROBERT GENTRY AND THE ALLEGED CLASS OF CLAIMANTS SIMILARLY SITUATED | 13742 | EXHIBIT C - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| ROBERT GENTRY AND THEALLEGED CLASS OF CLAIMANTS SIMILARLY SITUATED | 13741 | EXHIBIT C - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| ROBERT ROBINSON | 13388 | EXHIBIT D - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| SNELL ACOUSTICS | 9227 | EXHIBIT D - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| SUNPREET SINGH | 14043 | EXHIBIT D - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| TAMMY DYCUS | 13332 | EXHIBIT C - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| TERRACON CONSULTANTS INC | 1492 | EXHIBIT C - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| VERONICA SIMMONS | 14098 | EXHIBIT D - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |
| VILLAGE OF MT PLEASANT | 13596 | EXHIBIT D - OBJECTION TO CERTAIN NON - HR ADMINISTRATIVE CLAIMS - DISALLOW |

In re: Circuit City Stores, Inc, et al.    Fifty-Seventh Omnibus Objection to Claims Objection
Case No. 08-35653-KRH    To Certain Non - Hr Administrative Claims - Disallow

**EXHIBIT C**

| CREDITOR'S  NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| EVA CZAJKOWSKI PHD<br>PO BOX 1400<br>NEW BRITAIN, CT 06050-1400 | 14431 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 324.35<br><br>$324.35 | 07/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| GANNETT CENTER FOR CREDIT & COLLECTIONS<br>TAMMY DYCUS<br>CCC COLLECTIONS SUPERVISOR<br>7950 JONES BRANCH DR<br>MCLEAN, VA 22107 | 13353 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 6,249.52<br><br>$6,249.52 | 06/12/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| JACK HERNANDEZ AND THE ALLEGED CLASS OF CLAIMANTS SIMILARLY SITUATED<br>ATTN MATTHEW RIGHETTI<br>RIGHETTI LAW FIRM PC<br>456 MONTGOMERY ST STE 1400<br>SAN FRANCISCO, CA 94104 | 13952 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | UNL<br><br>UNL | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| JACK HERNANDEZ AND THE ALLEGED CLASS OF CLAIMANTS SIMILARLY SITUATED<br>ATTN MATTHEW RIGHETTI<br>RIGHETTI LAW FIRM PC<br>456 MONTGOMERY ST STE 1400<br>SAN FRANCISCO, CA 94104 | 13951 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | UNL<br><br>UNL | 06/29/2009 | CIRCUIT CITY STORES WEST COAST, INC. (08-35654) |
| JONATHAN CARD AND THE ALLEGED CLASS OF CLAIMANTS SIMILARLY SITUATED<br>ATTN MATTHEW RIGHETTI<br>RIGHETTI LAW FIRM PC<br>456 MONTGOMERY ST STE 1400<br>SAN FRANCISCO, CA 94104 | 14178 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | UNL<br><br>UNL | 07/02/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| LANSING STATE JOURNAL<br>TAMMY DYCUS<br>CCC COLLECTIONS SUPERVISOR<br>7950 JONES BRANCH DR<br>MCLEAN, VA 22107 | 13332 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 2,318.46<br><br>$2,318.46 | 06/12/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.    Fifty-Seventh Omnibus Objection to Claims Objection
Case No. 08-35653-KRH    To Certain Non - Hr Administrative Claims - Disallow

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| LEONE, MARK<br>1821 ENGLISH OAK DR<br>OFALLON, MO 63367 | 3888 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 525.00<br><br>240.00<br>$765.00 | 01/13/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| PUNCH INTEGRATED COMMUNICATIONS INC<br>605 BOXWOOD DR<br>CAMBRIDGE, ON N3E 1A5<br>CANADA | 13491 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | UNL<br><br>UNL | 06/24/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| ROBERT GENTRY AND THE ALLEGED CLASS OF CLAIMANTS SIMILARLY SITUATED<br>ATTN MATTHEW RIGHETTI<br>RIGHETTI LAW FIRM PC<br>456 MONTGOMERY ST STE 1400<br>SAN FRANCISCO, CA 94104 | 13742 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | UNL<br><br>UNL | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| ROBERT GENTRY AND THEALLEGED CLASS OF CLAIMANTS SIMILARLY SITUATED<br>ATTN MATT RIGHETTI<br>456 MONTGOMERY ST STE 1400<br>SAN FRANCISCO, CA 94104 | 13741 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | UNL<br><br>UNL | 06/29/2009 | CIRCUIT CITY STORES WEST COAST, INC. (08-35654) |
| TERRACON CONSULTANTS INC<br>18001 W 106TH ST STE 300<br>OLATHE, KS 66061 | 1492 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Total: | 675.00<br><br>$675.00 | 12/16/2008 | CIRCUIT CITY STORES, INC. (08-35653) |

Total:    11    $10,332.33

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.  Debtors' Fifty-Seventh Omnibus Objection to Claims Objection
Case No. 08-35653-KRH  To Certain Non - Hr Administrative Claims - Disallow

**EXHIBIT D**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| BARTHOLOMEW COUNTY TREASURER PO BOX 1986 COLUMBUS, IN 47202-1986 | 14578 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | 9,588.89 $9,588.89 | 07/13/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CALCASIEU PARISH SHERIFFS OFFICE TONY MANCUSO SHERIFF TAX COLLECTOR DIVISION PO BOX 1787 1011 LAKESHORE DR STE 100 LAKE CHARLES, LA 70602 | 13252 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | 35,981.57 $35,981.57 | 06/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CHARLES STRICKLAND 654 AIRPORT RD CANON, GA 30520 | 13815 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | 709.99 $709.99 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CITY OF HYATTSVILLE RICHARD T COLARESI ESQ KARPINSKI COLARESI & KARP PA ATTORNEYS AT LAW 120 E BALTIMORE ST STE 1850 BALTIMORE, MD 21202-1605 | 13498 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | UNL UNL | 06/25/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| GALAN, GUILLERMO 200 S VALENCIA APT 4 LA HABRA, CA 90631-5573 | 13872 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | UNL UNL | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.       Fifty-Seventh Omnibus Objection to Claims Objection
Case No. 08-35653-KRH                          To Certain Non - Hr Administrative Claims - Disallow

**EXHIBIT D**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| HINDS COUNTY MISSISSIPPI ATTN CRYSTAL WISE MARTIN BOARD ATTY HINDS COUNTY BOARD OF SUPERVISORS 316 S PRESIDENT ST PO BOX 686 JACKSON, MI 39205-0686 | 14180 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | 52,693.87 $52,693.87 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| JERRY L KNIGHTEN 226 BARRINGTON DR APT 226 BOSSIER CITY, LA 71112 | 13660 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | 121.90 $121.90 | 06/16/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| KATHRYN L STONE 1620 E CENTRAL ST SPRINGFIELD, MO 65802 | 13272 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | UNL UNL | 06/04/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| LINDA L CONWAY 3556 SMITH RD FURLONG, PA 18925 | 13278 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | 149.76 $149.76 | 06/08/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| PYRAMID CONTROL SYSTEMS INC 8075 READING RD STE 201 CINCINNATI, OH 45237 | 13298 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | 1,970.00 $1,970.00 | 06/09/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.                              Fifty-Seventh Omnibus Objection to Claims Objection
Case No. 08-35653-KRH                                               To Certain Non - Hr Administrative Claims - Disallow

**EXHIBIT D**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| ROBERT MATTHEW ROBINSON 5780 TIMBERLANE TER SANDY SPRINGS, GA 30328 | 13388 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | 428.00 $428.00 | 06/15/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| SNELL ACOUSTICS 300 JUBILEE DR PEABODY, MA 01960 | 9227 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | 2,166.39 6,067.17 $8,233.56 | 01/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| SUNPREET SINGH 5385 BRAE BURN PL BUENA PARK, CA 90621 | 14043 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | 107.74 $107.74 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| VERONICA SIMMONS 2101 SAN DIEGO DR CORONA, CA 92882 | 14098 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | 3,809.39 $3,809.39 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| VILLAGE OF MT PLEASANT TREASURER 6126 DURAND AVE RANCINE, WI 53406 | 13596 | Secured: Priority: Administrative 503(b)(9): Unsecured: Total: | 5,553.90 $5,553.90 | 06/22/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

Total:      15                          $119,348.57

* "UNL" denotes an unliquidated claim.