Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 N. Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :    Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :    Case No. 08-35653 (KRH)
et al.,                     :
                            :
          Debtors.          :    Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' FIFTY-NINTH OMNIBUS OBJECTION TO
CERTAIN MISCLASSIFIED NON-GOODS 503(B)(9) CLAIMS**

The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors")[1],

---

[1]  The Debtors and the last four digits of their respective taxpayer
     identification numbers are as follows: Circuit City Stores, Inc.
     (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
     Inc. (0875), Ventoux International, Inc. (1838), Circuit City
     Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
                                                          *(cont'd)*

hereby file the Debtors' Fifty-Ninth Omnibus Objection

to 503(b)(9) claims (the "Objection"), and hereby move

this Court, pursuant to sections 105 and 503(b)(9) of

title 11 of the United States Code, 11 U.S.C. §§ 101 et

seq. (as amended, the "Bankruptcy Code"), Rule 3007 of

the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1,

for an order, the proposed form of which is attached

hereto as Exhibit A, granting the relief sought by this

Objection.  In support of the Objection, the Debtors

respectfully state as follows:

## JURISDICTION AND VENUE

1.   This Court has jurisdiction to consider

this Motion under 28 U.S.C. §§ 157 and 1334.  This is a

core proceeding under 28 U.S.C. § 157(b).  Venue of

these cases and this Motion in this district is proper

_____
*(cont'd from previous page)*
   Distribution Company of Virginia, Inc. (2821), Circuit City
   Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
   Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
   Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263),
   Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
   LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
   for Circuit City Stores West Coast, Inc. is 9250 Sheridan
   Boulevard, Westminster, Colorado 80031.  For all other Debtors,
   the address was 9950 Mayland Drive, Richmond, Virginia 23233 and
   currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

under 28 U.S.C. §§ 1408 and 1409.  The statutory and

legal predicates for the relief requested herein are

Bankruptcy Code sections 105 and 503(b)(9), Bankruptcy

Rule 3007, and Local Bankruptcy Rule 3007-1.

**BACKGROUND**

2.   On November 10, 2008 (the "Petition

Date"), the Debtors filed voluntary petitions in this

Court for relief under chapter 11 of the Bankruptcy

Code.

3.   On November 12, 2008, the Office of the

United States Trustee for the Eastern District of

Virginia appointed a statutory committee of unsecured

creditors (the "Creditors' Committee").  To date, no

trustee or examiner has been appointed in these chapter

11 cases.

4.   On January 16, 2009, the Court authorized

the Debtors, among other things, to conduct going out of

business sales at the Debtors' remaining 567 stores

pursuant to an agency agreement (the "Agency Agreement")

between the Debtors and a joint venture, as agent (the

"Agent").  On January 17, 2009, the Agent commenced

going out of business sales pursuant to the Agency

3

Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales had concluded.

5.   On September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan").  The associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, and confirmation on the Plan is currently scheduled for November 23, 2009.

6.   Generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code.

**RELIEF REQUESTED**

7.   Subject to the reservation of rights set forth herein, by this Objection, the Debtors seek entry of an order, in substantially the form annexed as Exhibit A, reclassifying each of the claims identified on Exhibit C, which were asserted as administrative expenses under Bankruptcy Code section 503(b)(9) (the

"Utility Service Claims" or the "Claims"), to general
unsecured, non-priority claims.

8.    For ease of reference, attached as
<u>Exhibit B</u> is an alphabetical listing of all claimants
whose Utility Service Claims are included in this
Objection (the "Claimants"), with a cross-reference by
claim number.

## BASIS FOR RELIEF

9.    Currently, the Debtors are engaged in a
thorough review of all claims filed against their
estates, including administrative expense claims, to
determine the validity of such claims.  As part of this
process, the Debtors are diligently reviewing claims
filed pursuant to Bankruptcy Code section 503(b)(9).

10.    After reviewing numerous 503(b)(9)
claims, their supporting documentation and the Debtors'
books and records, the Debtors have determined that the
Utility Service Claims identified on <u>Exhibit C</u> do not
satisfy the requirements of Bankruptcy Code section
503(b)(9).  Specifically, the Utility Service Claims are
based on utility services, which do not constitute

"goods" provided to the Debtors by the Claimants within or prior to the 20 days before the Petition Date.

11.   Accordingly, the Debtors object to the classification of these Utility Service Claims as administrative priority claims and request that all such claims be reclassified as general unsecured, non-priority claims.

**APPLICABLE AUTHORITY**

**I.   THE UTILITY SERVICE CLAIMS ARE CLAIMS ON ACCOUNT OF SERVICES RENDERED, NOT GOODS RECEIVED.**

**A.   Services Are Distinct From Goods Under the Bankruptcy Code.**

12.   Bankruptcy Code section 503(b)(9) provides in pertinent part as follows:

> (b) After notice and a hearing, there shall be allowed, administrative expenses, . . . including . . .
>
> > (9) the value of any goods received by the debtor within 20 days before the commencement of the case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

11 U.S.C. § 503(b)(9).  To adequately assert an administrative expense under this section, the creditor must prove, by a preponderance of the evidence, that (1)

it provided goods; (2) the debtor received the goods within twenty days of the commencement of the case; and (3) the goods were sold in the ordinary course of the debtor's business. Brown & Cole Stores, LLC v. Associated Grocers, Inc. (In re Brown & Cole Stores, LLC), 375 B.R. 873, 878 n.7 (B.A.P. 9th Cir. 2007); see also In re Boling Group, L.L.C., 2002 WL 31812671, at *4. (Bankr. M.D.N.C. 2002) (citing In re Merry-Go-Round Enterprises, Inc., 180 F.3d 149, 157 (4th Cir. 1999))("The burden of proof is on the claimant to establish by a preponderance of the evidence its entitlement to an administrative expense award under 11 U.S.C. § 503(b)."); see also In re SemCrude L.P., 2009 WL 3241674, at *2 (Bankr. D. Del. October 7, 2009) (citing In re Goody's Clothing Inc., 401 B.R. 131, 133 (Bankr. D. Del. 2009)) (finding that claimants must prove the elements of a 503(b)(9) claim by a preponderance of the evidence)).

13.  Although the Bankruptcy Code does not define the term "goods", this Court has adopted the Uniform Commercial Code's (the "UCC") definition of "goods".  In re Circuit City Stores, Inc., 2009 WL

3032346, at *4 (Bankr. E.D. Va. Sep. 22, 2009)
(Huennekens, J.).  The UCC provides that a "good" is
"all things (including specially manufactured goods)
which are movable at the time of identification to the
contract for sale other than the money in which the
price is to be paid...".  Id. at *3.

14.  In evaluating section 503(b)(9) and the
definition of "goods", "[t]he presumption . . . is that
the debtor's limited resources will be equally
distributed among the creditors. Thus, statutory
priorities must be narrowly construed."  Ford Motor
Credit Co. v. Dobbins, 35 F.3d 860, 865 (4th Cir. 1994)
(quoting In re James B. Downing & Co., 94 B.R. 515, 519
(Bankr. N.D. Ill. 1988)); see also City of White Plains
v. A&S Galleria Real Estate, Inc. (In re Federated Dep't
Stores, Inc.), 270 F.3d 994, 1000 (6th Cir. 2001); In re
Amireh, 2008 WL 52706, at *4 (Bankr. E.D. Va. 2008)
("The court will not expand the reach of the statute
beyond the language chosen by Congress.").

15.  Consistent with the plain language of the
statute, allowed administrative expenses under section
503(b)(9) should only be claims arising from a

claimant's sale and delivery of goods to the Debtors,
not from providing services.  See Brown, 375 B.R. at 878
n. 7 ("By the plain terms of the statute, a vendor's
right to assert an administrative claim is limited [in
that] the vendor must have provided goods (not
services)"); Goody's, 401 B.R. at 135 ("[B]ased upon the
distinction between 'goods' and 'services' throughout
the Bankruptcy Code, a claim for an administrative
expense under section 503(b)(9) cannot be a claim for
services provided."); In re Samaritan Alliance, LLC,
2008 Bankr. LEXIS 1830 at *6-7 (finding section
503(b)(9) inapplicable because claimant provided what
was "more properly characterized as a 'service.'").  As
one court explained:

> [section] 503(b)(9) administrative expense
> priority extends only to the value of goods
> received by the debtor in the ordinary course
> of its business within 20 days before the
> bankruptcy case.  It does not extend to the
> value of the services rendered to a debtor
> during this 20 day time frame.

In re Plastech Engineered Prods., 394 B.R. 197, 151
(Bankr. E.D. Mich. 2008) (emphasis in original).

        16.  This interpretation of section 503(b)(9)
is supported by the fact that the Bankruptcy Code is

replete with references to _either_ the word "good(s)" _or_
the word "service(s)".  _See_, _e.g._, 11 U.S.C. §§
522(d)(3), 524(k)(3)(F), 546(c)(1) ("goods"); 11 U.S.C.
§§ 366, 503((b)(4), (5), 326(a), 327(a), 330(a)(1)(A)
("services").  Equally replete is the use of the phrase
"goods or services" throughout the Bankruptcy Code.
_See_, _e.g._, 11 U.S.C. § 101(4A) ("The term 'bankruptcy
assistance' means any _goods or services_ sold or
otherwise provided . . . ." (emphasis added)).[2]

17.  In light of Congress' use of the words
"goods" and "services", it is clear that Congress
distinguished between "goods" and "services".  _See_
_Goody's_, 401 B.R. at 135 ("Since the term "goods" and
the term "services" are disjunctively connected
throughout the Bankruptcy Code, these terms must be
ascribed separate meanings; "goods" cannot include
services.").  Indeed, as the Supreme Court has
consistently recognized, when Congress referenced one,

---

[2]  Other references include but are not limited to, sections 101(49)
("goods . . . or services"), 507(a)(4)(B) (two references to
"goods or services"), 523(a)(2)(C)(i)(I) ("goods or services"),
523(a)(2)(C)(iI)(II) (two references to "goods or services"),
547(a)(2) ("goods [or] services"), and 1104(c)(2) ("goods [or]
services").

but not the other, the missing term must have been
intentionally omitted.  See, e.g., Gozlon-Peretz v.
U.S., 498 U.S. 395, 404 (1991) ("Where Congress includes
particular language in one section of a statute but
omits it in another section of the same Act, it is
generally presumed that Congress acts intentionally and
purposely in the disparate inclusion or exclusion.").

18.  Thus, "goods" excludes "services" under
the Bankruptcy Code.

**B.  The Utility Service Claims Are For Services
Rendered.**

19.  As this Court is well aware, each
Claimant -- not the debtor -- has the burden of proof on
all elements of its Claim.  See, e.g., Ford Motor Credit
Co. v. Dobbins, 35 F.3d 860, 866 (4th Cir. 1994)
(quoting In re Mid Region Petroleum, Inc., 1 F.3d 1130,
1132 (10th Cir. 1993) ("the party claiming entitlement
to administrative expense priority [under § 503(b)] has
the burden of proof"); see also In re Wetco Rest. Group,
LLC, No. 07-51169, 2008 WL 1848779, at *4 (Bankr. W.D.
La. Apr. 23, 2008) (the claimant has the "burden to
establish that the value of the 20-Day Goods qualifies

11

for administrative expense treatment under section
503(b)(9)").  Each Claimant filed a claim on account of
electricity, water, or gas allegedly provided to the
Debtors within 20 days of the Petition Date.  Because
electricity, water, and gas are each a "service" under
the Bankruptcy Code, the Claimants have failed to meet
their burden under Bankruptcy Code section 503(b)(9).

     20.  In interpreting the Bankruptcy Code,
"[i]t is well established that when the statute's
language is plain, the sole function of the courts -- at
least where the disposition required by the text is not
absurd -- is to enforce it according to its terms."
Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004)
(internal quotations omitted).  In section 366 of the
Bankruptcy Code, Congress described the nature of the
relationship between a utility and a debtor as a
"service."  See 11 U.S.C. § 366 (a utility may not,
among other things, discontinue service on account of
"[a] debt owed . . . to such utility for service
rendered." (emphasis added)); H.R. Rep. No. 95-595, 95th
Cong., 1st Sess. 350 (1977); S. Rep. No. 95-989, 95th

Cong., 2d Sess. 60 (1978) (noting that utilities include

electricity companies and gas suppliers).

21.   Specifically, section 366 provides, in

pertinent part, as follows:

> (a) Except as provided in subsections (b)
> and (c) of this section, a utility may not
> alter, refuse, or discontinue <u>service</u> to, or
> discriminate against, the trustee or the
> debtor solely on the basis . . . that a debt
> owed by the debtor to such utility <u>for
> service rendered</u> before the order for relief
> was not paid when due.

11 U.S.C. § 366(a) (emphasis added).   In contrast,

Bankruptcy Code section 503(b)(9) provides, in pertinent

part:

> the value of any <u>goods</u> received by the
> debtor within 20 days before the
> commencement of the case under this
> title in which the <u>goods</u> have been sold
> to the debtor in the ordinary course of
> such debtor's business.

<u>See</u> 11 U.S.C. § 503(b)(9) (emphasis added).

22.   From the statutory language, it is

evident that the Bankruptcy Code plainly and

unambiguously refers to "services" in section 366 and

"goods" in section 503(b)(9).   Indeed, the term "goods"

is not referenced in section 366.   <u>See</u> 11 U.S.C. §

366(a)-(c).   Likewise, the term "service" is not

13

mentioned in Bankruptcy Code section 503(b)(9).  <u>See</u> 11
U.S.C. § 503(b)(9).  Moreover, as discussed above,
Congress distinguished between the terms throughout the
Bankruptcy Code and, as such, the terms are mutually
exclusive.  <u>See</u>, <u>supra</u>, at ¶ 16.

23.  Accordingly, when faced with potentially
inconsistent statutory interpretations, the Court's duty
is to reconcile or avoid any conflict when construing
both statutes.  <u>Schmitt v. City of Detroit</u>, 395 F.3d
327, 330 (6th Cir. 2005) ("When faced with statutory
sections that are inherently inconsistent, our first
duty is to reconcile the competing provisions so that
they can both remain in effect."); <u>see</u> <u>also</u> <u>Mowbray v.</u>
<u>Kozlowski</u>, 914 F.2d 593, 598 (4th Cir. 1990) (quoting
<u>Morton v. Mancari</u>, 417 US 535, 551 (1974) ("...when two
statutes are capable of co-existence, it is the duty of
the courts, absent a clearly expressed congressional
intention to the contrary, to regard each as
effective.").  Any reading permitting utilities --
deemed services by the Bankruptcy Code -- to recover
under section 503(b)(9) for "goods" sold would
unnecessarily create such an inconsistency.

24.   Indeed, as recently as September of this year, a court concluded that electricity is not a good and providers of electricity are simply service providers.  See In re Pilgrim's Pride Corporation, 2009 Bankr. LEXIS 2763 at *13-20 (Bankr. N.D. Tex. Sep. 16, 2009) (stating that "[T]his court is persuaded that these courts [finding electricity providers to be simply service providers] are correct or at least a narrower construction of UCC 2-105 is preferable when determining the extent of the priority provided by section 503(b)(9)"); see also Samaritan, 2008 Bankr. LEXIS 1830 at *9 (finding that section 503(b)(9) is not applicable as electricity provided is more properly characterized as a service).  Moreover, one court recognized the potential inconsistency and stated:

> The court would be unsurprised to learn that the drafters of section 503(b)(9) intended to benefit a debtor's prepetition vendors that supplied goods such as inventory, not utilities.  Indeed, the addition to section 366 of subsection (c)(4), permitting a utility to offset a prepetition debt, suggests that Congress intended that provision, not section 503(b)(9), to favor satisfaction of a utility's prepetition obligations.

Pilgrim, 2009 Bankr. LEXIS 2763 at *22 n. 10.

15

25.   Accordingly, the Utility Service Claims are claims for services, not goods.

## II.   UNDER THE PREDOMINANT PURPOSE TEST, THE CLAIMANTS PROVIDED "SERVICES", NOT "GOODS"

26.   When a contract involves a mixture of goods and services, this Court has adopted the "predominant purpose test" to "determine whether a claim involves the selling of goods, and is, therefore, entitled to an administrative priority under § 503(b)(9) of the Bankruptcy Code."  Circuit City, 2009 WL 3032346 at *6.

27.   In determining whether the sale of goods or the provision of services predominates a transaction, the Fourth Circuit has held that:

> The test for inclusion or exclusion is not whether they are mixed, but granting that they are mixed, whether their predominant factor, their thrust, their purpose, reasonably stated, is the rendition of service, with goods incidentally involved (e.g., contract with artist for painting) or is a transaction of sale, with labor incidentally involved (e.g., installation of a water heater in a bathroom.

Princess Cruises, Inc. v. General Electric Co., 143 F.3d 828, 833 (4th Cir. 1998) (quoting Bonebreak v. Cox, 499 F.2d 951, 960 (8th Cir. 1974)); Circuit City, 2009 WL

3032346 at *5.  The following factors are significant in
determining whether the sale of goods or the provision
of services predominates a contract: 1) the language of
the contract; 2) the nature of the supplier's business;
and 3) the intrinsic worth of the materials.  Princess
Cruises, 143 F.3d at 833.

        28.  Here, these factors support the
conclusion that the predominant purpose was the
provision of services.  First, nearly all of the
Claimants characterized the provision of electricity,
gas, or water as a service on the invoices sent to the
Debtors.[3]  Moreover, certain Claimants actually admitted
they provided services on the face of the proof of claim
form that was filed.[4]  Second, nearly all of the
Claimants characterize their business, in public filings
or on their websites, as one for which they provide
services.[5]  Third, and finally, as evidenced by the

---

[3]   The Debtors will provide the Court with copies of all of the
      Utility Service Claims and their supporting documents.

[4]   See Utility Service Claims numbered 453, 511, 667, 704, 1124,
      1195, and 1085.

[5]   See, e.g., Clarksville Gas & Water,
      http://www.clarksvillegw.com/cgw ("Provides three utility
      services, **GAS**, **WATER** and **WASTEWATER**.") (emphasis in original);
                                                        *(cont'd)*

17

invoices attached to the proofs of claim, the Utility
Service Claims are based on transportation, distribution
and other charges, in addition to the underlying charge
for the electricity, natural gas, or water.[6]

**III. THE UTILITY SERVICE CLAIMS SHOULD BE RECLASSIFIED.**

29.    Bankruptcy Code section 105 provides in
pertinent part that "[t]he court may issue any order,
process, or judgment that is necessary or appropriate to
carry out the provisions of this title."  11 U.S.C. §
105(a).

30.    In order for the Debtors to efficiently
and expeditiously wind up their estates, it is essential

---

*(cont'd from previous page)*

PG&E, http://www.pge.com/about/company/profile/ ("The company
provides natural gas and electric service…"); Oklahoma Natural
Gas Co. (10-K),
http://ir.oneok.com/secfiling.cfm?filingID=1039684-09-10 ("We are
the largest natural gas distributor in Oklahoma and Kansas and
the third largest natural gas distributor in Texas, providing
service as a regulated public utility to wholesale and retail
customers. "); Central Hudson Gas & Electric (10-K),
http://phx.corporate-ir.net/phoenix.zhtml?c=76406&p=irol-sec (Go
to "All Forms," select "Annual Filings," and click on the
"Search" link) ("Electric service is available throughout the
territory, and natural gas service is provided in and about the
cities of Poughkeepsie, Beacon…").

[6]    Certain Claimants -- Accent Energy California; Clarksville Gas &
Water Department; Oklahoma Gas & Electric Co.; PG&E; Piedmont
Natural Gas; and Vectren Energy -- also made requests for
additional adequate assurance, and in so doing, admitted they
were utility service providers.

*(cont'd)*

for the Debtors to establish the proper liabilities
asserted against them.  In order to achieve the
imperative of finality required by the claims process,
the Debtors request that the Utility Service Claims be
reclassified at this time to general unsecured non-
priority claims.

31.  As noted above, the Debtors reserve their
rights to file objections to the Utility Service Claims
at a later time on any grounds that bankruptcy or non-
bankruptcy law permits.

### RESERVATION OF RIGHTS

32.  At this time, the Debtors have not
completed their review of the validity of all
claims/expenses filed against their estates, including
the Utility Service Claims.  Accordingly, the Utility
Service Claims may be the subject of additional
subsequently filed objections.  To that end, the Debtors
reserve the right to further object to any and all
claims, whether or not the subject of this Objection,
for allowance, voting, and/or distribution purposes, and

_____
*(cont'd from previous page)*

on any other grounds.  Furthermore, the Debtors reserve
the right to modify, supplement and/or amend this
Objection as it pertains to any claim or claimant
herein.

### NOTICE AND PROCEDURE

33.  Notice of this Objection has been
provided to all claimants with claims that are the
subject to this Objection as identified on Exhibits B
and C, and to other parties-in-interest in accordance
with the Court's Order Pursuant to Bankruptcy Code
Sections 102 and 105, Bankruptcy Rules 2002 and 9007,
and Local Bankruptcy Rules 2002-1 and 9013-1
Establishing Certain Notice, Case Management and
Administrative Procedures (Docket No. 130) (the "Case
Management Order").

34.  Furthermore, the Debtors submit that the
following methods of service upon the Claimants should
be deemed by the Court to constitute due and sufficient
service of this Objection: (a) service in accordance
with Bankruptcy Rules 3007, 7004, and 9006; (b) to the
extent counsel for a Claimant is not known to the
Debtors, by first class mail, postage prepaid, on the

signatory of the Claimant's proof of claim form or other
representative identified in the proof of claim form or
any attachment thereto at least 30 days before the
hearing date; or (c) by first class mail, postage
prepaid, on any counsel that has appeared on the
Claimant's behalf in the Debtors' bankruptcy cases at
least 30 days before the hearing date.  The Debtors are
serving the Claimant with this Objection and the
Exhibit(s) on which the Claimant's claim is listed.

       35.  To the extent any Claimant timely files
and properly serves a response to this Objection by
November 16, 2009 as required by the Case Management
Order and under applicable law, and the parties are
unable to otherwise resolve the Objection, the Debtors
request that the Court conduct a status conference with
respect to any such responding claimant at the November
23, 2009 Omnibus Hearing, and thereafter schedule the
matter for a future hearing as to the merits of this
Objection to such Utility Service Claims.  However, to
the extent any Claimant fails to timely file and
properly serve a response to this Objection as required
by the Case Management Order and applicable law, the

Debtors request that the Court enter an order,

substantially in the form attached hereto as Exhibit A,

reclassifying as a general unsecured non-priority claim

in the same amount as the asserted Utility Service

Claims.

### COMPLIANCE WITH BANKRUPTCY RULE 3007 AND THE OMNIBUS OBJECTION PROCEDURES ORDER

36.   This Objection complies with Bankruptcy

Rule 3007(e) in that this Objection includes 357 claims,

which are all listed on Exhibit C.   See Rule 3007(e)(1)

and (2).   Additionally, the Debtors submit that this

Objection is filed in accordance with this Court's Order

Establishing Omnibus Objection Procedures and Approving

the Form and Manner of Notice of Omnibus Objections

(Docket No. 2881) (the "Omnibus Objection Procedures

Order").

### WAIVER OF MEMORANDUM OF LAW

37.   Pursuant to Local Bankruptcy Rule 9013-

1(G), and because there are no novel issues of law

presented in the Motion, the Debtors request that the

requirement that all motions be accompanied by a written

memorandum of law be waived.

22

## NO PRIOR RELIEF

38.   No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors request the Court to
enter the Order sustaining this Objection and granting
such other and further relief as the Court deems
appropriate.

Dated: Richmond, Virginia   SKADDEN, ARPS, SLATE, MEAGHER
      October 21, 2009    & FLOM, LLP
                                     Gregg M. Galardi, Esq.
                                     Ian S. Fredericks, Esq.
                                     P.O. Box 636
                                     Wilmington, Delaware 19899-
                                     0636 (302) 651-3000

                                           - and -

                                   SKADDEN, ARPS, SLATE, MEAGHER
                                   & FLOM, LLP
                                   Chris L. Dickerson, Esq.
                                   155 N. Wacker Drive
                                   Chicago, Illinois 60606
                                   (312) 407-0700

                                         - and -

                                   MCGUIREWOODS LLP

                                   _/s/ Douglas M. Foley_____
                                   Dion W. Hayes (VSB No. 34304)
                                   Douglas M. Foley (VSB
                                   No. 34364)
                                   One James Center
                                   901 E. Cary Street
                                   Richmond, Virginia 23219
                                   (804) 775-1000

                                   Counsel for Debtors and
                                   Debtors in Possession

**EXHIBIT A**

Gregg M. Galardi, Esq.               Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.              Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &      MCGUIREWOODS LLP
FLOM, LLP                            One James Center
One Rodney Square                    901 E. Cary Street
PO Box 636                           Richmond, Virginia 23219
Wilmington, Delaware 19899-0636      (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 N. Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :    Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :    Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER SUSTAINING DEBTORS' FIFTY-NINTH OMNIBUS OBJECTION
TO CERTAIN MISCLASSIFIED NON-GOODS CLAIMS**

THIS MATTER having come before the Court on the

Debtors' Fifty-Ninth Omnibus Objection to Certain

Misclassified Non-Goods Claims (the "Utility Service

Claims Objection" or the "Objection"), which requested,

1

among other things, that the claims specifically
identified on Exhibit B attached to the Objection be
reclassified as general unsecured non-priority claims
for those reasons set forth in the Objection; and it
appearing that due and proper notice and service of the
Objection as set forth therein was good and sufficient
and that no other further notice or service of the
Objection need be given; and it further appearing that
no response was timely filed or properly served by the
Claimants being affected by this Order; and it appearing
that the relief requested on the Objection is in the
best interest of the Debtors, their estates and
creditors and other parties-in-interest; and after due
deliberation thereon good and sufficient cause exists
for the granting of the relief as set forth herein,

    IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

    1.    The Objection is SUSTAINED.

    2.    The Claims identified on Exhibit A – Utility
Service Claims as attached hereto and incorporated
herein, are reclassified as general unsecured non-
priority claims.

2

3.    The Debtors' rights to amend, modify, or supplement the Fifty-Ninth Omnibus Objection, to file additional objections to any claim, including the Utility Service Claims, (filed or not) that have been or may be asserted against the Debtors, and to seek reduction of any claim to the extent such claim has been paid, are preserved.

4.    The Debtors shall serve a copy of this Order on the claimants included on the exhibit to this Order on or before five (5) business days from the entry of this Order.

5.    This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: Richmond, Virginia
       November _____, 2009


_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 N. Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -


_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                        __/s/ Douglas M. Foley_____
                        Douglas M. Foley

In re: Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

Debtors' Fifty-Ninth Omnibus Objection to Claims
503(b)(9) Non-Goods to Modify

Exhibit B - Claimants and Related Claims Subject To Fifty-Ninth Omnibus Objection to Claims

| Claim Holder | Claim | Exhibit |
|---|---|---|
| ACCENT ENERGY CALIFORNIA LLC | 1314 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| AMERENIP | 704 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| AQUILA, INC | 783 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| CENTRAL HUDSON GAS&ELECTRIC | 667 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| CHESAPEAKE UTILITIES | 683 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| CITY OF PENSACOLA, FL | 453 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| CLARKSVILLE GAS & WATER DEPT | 379 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| FORT MYERS, CITY OF | 1085 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| GAINESVILLE REGIONAL UTILITIES | 988 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| HOLYOKE GAS & ELECT, CITY OF | 817 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| INTERMOUNTAIN GAS CO | 691 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| OKLAHOMA NATURAL GAS CO | 650 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| OKLAHOMA NATURAL GAS CO | 854 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| OKLAHOMA NATURAL GAS CO | 627 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| OKLAHOMA NATURAL GAS/TRANSPORTATION | 628 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| PG&E | 1124 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| PIEDMONT NATURAL GAS NASHVILLE GAS | 875 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| PUBLIC WORKS COMM CITY OF FAYETTEVILLE | 221 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| SOUTHERN INDIANA GAS/ELECTRIC | 1126 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| SOUTHWESTERN VA GAS CO | 511 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| SUBURBAN NATURAL GAS | 1196 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| UGI ENERGY SERVICES INC | 1284 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| UGI PENN NATURAL GAS | 1195 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| VECTREN | 1132 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| VECTREN | 1131 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| VECTREN | 1127 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| VECTREN | 1129 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| VECTREN ENERGY DELIVERY | 1125 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| VECTREN ENERGY DELIVERY/NORTH 6248 | 1123 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| VECTREN ENERGY DELIVERY/OHIO 6262 | 1128 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| VECTREN ENERGY DELIVERY/SOUTH 6250 | 1130 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| VERMONT GAS SYSTEMS, INC | 827 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| WASHINGTON GAS | 1257 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| WATER GAS & LIGHT COMMISSION | 1234 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |
| WISCONSIN PUBLIC SERVICE CORP | 218 | EXHIBIT C - DEBTORS' FIFTH-NINTH OMNIBUS OBJECTION 503(b)(9) CLAIMS - MODIFY |

In re Circuit City Stores, Inc, et al.

Case No. 08-35653 (KRH)

EXHIBIT C

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED* | | | CLAIM AS MODIFIED | | |
|---|---|---|---|---|---|---|
| Claim: 1314<br>Date Filed: 12/19/2008<br>Docketed Total: $957.76<br>Filing Creditor Name and Address:<br>ACCENT ENERGY CALIFORNIA LLC<br>6065 MEMORIAL DR<br>DUBLIN, OH 43017 | Claim Holder Name and Address<br><br>ACCENT ENERGY CALIFORNIA LLC<br>6065 MEMORIAL DR<br>DUBLIN, OH 43017 | Docketed Total: | $957.76 | | Modified Total: | $957.76 |
| | Case Number<br>08-35653 | 503(b)(9)<br>$957.76 | Unsecured | Case Number<br>08-35653 | 503(b)(9) | Unsecured<br>$957.76 |
| Claim: 704<br>Date Filed: 12/09/2008<br>Docketed Total: $7,012.00<br>Filing Creditor Name and Address:<br>AMERENIP<br>PO BOX 66884<br>ST LOUIS, MO 63166-6884 | Claim Holder Name and Address<br><br>AMERENIP<br>PO BOX 66884<br>ST LOUIS, MO 63166-6884 | Docketed Total: | $7,012.00 | | Modified Total: | $7,012.00 |
| | Case Number<br>08-35653 | 503(b)(9)<br>$7,012.00 | Unsecured | Case Number<br>08-35653 | 503(b)(9) | Unsecured<br>$7,012.00 |
| Claim: 783<br>Date Filed: 12/08/2008<br>Docketed Total: $109.30<br>Filing Creditor Name and Address:<br>AQUILA, INC<br>PO BOX 4660<br>CAROL STREAM, IL 60197-4660 | Claim Holder Name and Address<br><br>AQUILA, INC<br>PO BOX 4660<br>CAROL STREAM, IL 60197-4660 | Docketed Total: | $109.30 | | Modified Total: | $109.30 |
| | Case Number<br>08-35653 | 503(b)(9)<br>$109.30 | Unsecured | Case Number<br>08-35653 | 503(b)(9) | Unsecured<br>$109.30 |
| Claim: 667<br>Date Filed: 12/08/2008<br>Docketed Total: $2,601.55<br>Filing Creditor Name and Address:<br>CENTRAL HUDSON GAS&ELECTRIC<br>284 SOUTH AVENUE DEPT 100<br>POUGHKEEPSIE, NY 126014839 | Claim Holder Name and Address<br><br>CENTRAL HUDSON GAS&ELECTRIC<br>284 SOUTH AVENUE DEPT 100<br>POUGHKEEPSIE, NY 126014839 | Docketed Total: | $2,601.55 | | Modified Total: | $2,601.55 |
| | Case Number<br>08-35653 | 503(b)(9)<br>$2,601.55 | Unsecured | Case Number<br>08-35653 | 503(b)(9) | Unsecured<br>$2,601.55 |

\*    "UNL" denotes an unliquidated claim.

In re Circuit City Stores, Inc, et al.

Case No. 08-35653 (KRH)

EXHIBIT C

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED* | CLAIM AS MODIFIED |
|---|---|---|
| Claim: 683<br>Date Filed:   12/09/2008<br>Docketed Total:   $63.08<br>Filing Creditor Name and Address:<br>CHESAPEAKE UTILITIES<br>P O BOX 1678<br>SALISBURY, MD 21802-1678 | Claim Holder Name and Address<br><br>CHESAPEAKE UTILITIES          Docketed Total:          $63.08<br>P O BOX 1678<br>SALISBURY, MD 21802-1678<br><br>Case Number          503(b)(9)          Unsecured<br>08-35653          $63.08 | Modified Total:          $63.08<br><br><br>Case Number          503(b)(9)          Unsecured<br>08-35653          $63.08 |
| Claim: 453<br>Date Filed:   12/01/2008<br>Docketed Total:   $163.39<br>Filing Creditor Name and Address:<br>CITY OF PENSACOLA, FL<br>PO BOX 12910<br>PENSACOLA, FL 32521-0044 | Claim Holder Name and Address<br><br>CITY OF PENSACOLA, FL          Docketed Total:          $163.39<br>PO BOX 12910<br>PENSACOLA, FL 32521-0044<br><br>Case Number          503(b)(9)          Unsecured<br>08-35653          $163.39 | Modified Total:          $163.39<br><br><br>Case Number          503(b)(9)          Unsecured<br>08-35653          $163.39 |
| Claim: 379<br>Date Filed:   12/01/2008<br>Docketed Total:   $304.61<br>Filing Creditor Name and Address:<br>CLARKSVILLE GAS & WATER<br>DEPT<br>PO BOX 31329<br>CLARKSVILLE, TN 37040-0023 | Claim Holder Name and Address<br><br>CLARKSVILLE GAS & WATER DEPT          Docketed Total:          $304.61<br>PO BOX 31329<br>CLARKSVILLE, TN 37040-0023<br><br>Case Number          503(b)(9)          Unsecured<br>08-35653          $304.61 | Modified Total:          $304.61<br><br><br>Case Number          503(b)(9)          Unsecured<br>08-35653          $304.61 |
| Claim: 1085<br>Date Filed:   12/19/2008<br>Docketed Total:   $1,896.16<br>Filing Creditor Name and Address:<br>FORT MYERS, CITY OF<br>2200 2ND ST<br>FORT MYERS, FL 33901 | Claim Holder Name and Address<br><br>FORT MYERS, CITY OF          Docketed Total:          $1,896.16<br>2200 2ND ST<br>FORT MYERS, FL 33901<br><br>Case Number          503(b)(9)          Unsecured<br>08-35653          $1,896.16 | Modified Total:          $1,896.16<br><br><br>Case Number          503(b)(9)          Unsecured<br>08-35653          $1,896.16 |

*    "UNL" denotes an unliquidated claim.

In re Circuit City Stores, Inc, et al.

Case No. 08-35653 (KRH)

Debtors' Fifty-Ninth Omnibus Objection to Claims
503(B)(9) Non-Goods To Modify

EXHIBIT C

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED* | | | CLAIM AS MODIFIED | | |
|---|---|---|---|---|---|---|
| Claim: 988<br>Date Filed:   12/16/2008<br>Docketed Total:    $7,118.93<br>Filing Creditor Name and Address:<br>  GAINESVILLE REGIONAL<br>  UTILITIES<br>  PO BOX 147051<br>  GAINESVILLE, FL 326147051 | Claim Holder Name and Address<br><br>  GAINESVILLE REGIONAL UTILITIES<br>  PO BOX 147051<br>  GAINESVILLE, FL 326147051 | Docketed Total: | **$7,118.93** | | Modified Total: | **$7,118.93** |
| | Case Number<br>08-35653 | 503(b)(9)<br>$7,118.93 | Unsecured | Case Number<br>08-35653 | 503(b)(9) | Unsecured<br>$7,118.93 |
| Claim: 817<br>Date Filed:   12/12/2008<br>Docketed Total:    $17,733.39<br>Filing Creditor Name and Address:<br>  HOLYOKE GAS & ELECT, CITY OF<br>  99 SUFFOLK ST<br>  HOLYOKE, MA 01040 | Claim Holder Name and Address<br><br>  HOLYOKE GAS & ELECT, CITY OF<br>  99 SUFFOLK ST<br>  HOLYOKE, MA 01040 | Docketed Total: | **$17,733.39** | | Modified Total: | **$17,733.39** |
| | Case Number<br>08-35653 | 503(b)(9)<br>$17,733.39 | Unsecured | Case Number<br>08-35653 | 503(b)(9) | Unsecured<br>$17,733.39 |
| Claim: 691<br>Date Filed:   12/09/2008<br>Docketed Total:    $974.22<br>Filing Creditor Name and Address:<br>  INTERMOUNTAIN GAS CO<br>  PO BOX 64<br>  BOISE, ID 83732 | Claim Holder Name and Address<br><br>  INTERMOUNTAIN GAS CO<br>  PO BOX 64<br>  BOISE, ID 83732 | Docketed Total: | **$974.22** | | Modified Total: | **$974.22** |
| | Case Number<br>08-35653 | 503(b)(9)<br>$974.22 | Unsecured | Case Number<br>08-35653 | 503(b)(9) | Unsecured<br>$974.22 |
| Claim: 650<br>Date Filed:   12/08/2008<br>Docketed Total:    $297.69<br>Filing Creditor Name and Address:<br>  OKLAHOMA NATURAL GAS CO<br>  PO BOX 268826<br>  OKLAHOMA CITY, OK 73126-8826 | Claim Holder Name and Address<br><br>  OKLAHOMA NATURAL GAS CO<br>  PO BOX 268826<br>  OKLAHOMA CITY, OK 73126-8826 | Docketed Total: | **$297.69** | | Modified Total: | **$297.69** |
| | Case Number<br>08-35653 | 503(b)(9)<br>$297.69 | Unsecured | Case Number<br>08-35653 | 503(b)(9) | Unsecured<br>$297.69 |

\*     "UNL" denotes an unliquidated claim.

In re Circuit City Stores, Inc, et al.

Case No. 08-35653 (KRH)

EXHIBIT C

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED* | | | CLAIM AS MODIFIED | | |
|---|---|---|---|---|---|---|
| Claim: 627<br>Date Filed:    12/08/2008<br>Docketed Total:    $194.01<br>Filing Creditor Name and Address:<br>  OKLAHOMA NATURAL GAS CO<br>  PO BOX 268826<br>  OKLAHOMA CITY, OK 731268826 | Claim Holder Name and Address<br><br>  OKLAHOMA NATURAL GAS CO<br>  PO BOX 268826<br>  OKLAHOMA CITY, OK 731268826 | Docketed Total: | $194.01 | | Modified Total: | $194.01 |
| | Case Number<br>08-35653 | 503(b)(9)<br>$194.01 | Unsecured | Case Number<br>08-35653 | 503(b)(9) | Unsecured<br>$194.01 |
| Claim: 854<br>Date Filed:    12/08/2008<br>Docketed Total:    $98.62<br>Filing Creditor Name and Address:<br>  OKLAHOMA NATURAL GAS CO<br>  PO BOX 871<br>  ATTN NORTHPOINTE OFFICE<br>  TULSA, OK 74102-0871 | Claim Holder Name and Address<br><br>  OKLAHOMA NATURAL GAS CO<br>  PO BOX 871<br>  ATTN NORTHPOINTE OFFICE<br>  TULSA, OK 74102-0871 | Docketed Total: | $98.62 | | Modified Total: | $98.62 |
| | Case Number<br>08-35653 | 503(b)(9)<br>$98.62 | Unsecured | Case Number<br>08-35653 | 503(b)(9) | Unsecured<br>$98.62 |
| Claim: 628<br>Date Filed:    12/08/2008<br>Docketed Total:    $256.38<br>Filing Creditor Name and Address:<br>  OKLAHOMA NATURAL<br>  GAS/TRANSPORTATION<br>  PO BOX 268826<br>  OKLAHOMA CITY, OK 73126-8826 | Claim Holder Name and Address<br><br>  OKLAHOMA NATURAL<br>  GAS/TRANSPORTATION<br>  PO BOX 268826<br>  OKLAHOMA CITY, OK 73126-8826 | Docketed Total: | $256.38 | | Modified Total: | $256.38 |
| | Case Number<br>08-35653 | 503(b)(9)<br>$256.38 | Unsecured | Case Number<br>08-35653 | 503(b)(9) | Unsecured<br>$256.38 |
| Claim: 1124<br>Date Filed:    12/15/2008<br>Docketed Total:    $92,313.03<br>Filing Creditor Name and Address:<br>  PG&E<br>  77 BEALE ST<br>  SAN FRANCISCO, CA 94105 | Claim Holder Name and Address<br><br>  PG&E<br>  77 BEALE ST<br>  SAN FRANCISCO, CA 94105 | Docketed Total: | $92,313.03 | | Modified Total: | $92,313.03 |
| | Case Number<br>08-35653 | 503(b)(9)<br>$92,313.03 | Unsecured | Case Number<br>08-35653 | 503(b)(9) | Unsecured<br>$92,313.03 |

*        "UNL" denotes an unliquidated claim.

In re Circuit City Stores, Inc, et al.

Case No. 08-35653 (KRH)

EXHIBIT C

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED* | | | CLAIM AS MODIFIED | | |
|---|---|---|---|---|---|---|
| Claim: 875<br>Date Filed:   12/08/2008<br>Docketed Total:   $327.36<br>Filing Creditor Name and Address:<br>PIEDMONT NATURAL GAS<br>NASHVILLE GAS<br>PO BOX 533500<br>ATLANTA, GA 30353-3500 | Claim Holder Name and Address<br><br>PIEDMONT NATURAL GAS<br>NASHVILLE GAS<br>PO BOX 533500<br>ATLANTA, GA 30353-3500 | Docketed Total: | $327.36 | | Modified Total: | $327.36 |
| | Case Number<br>08-35653 | 503(b)(9)<br>$327.36 | Unsecured | Case Number<br>08-35653 | 503(b)(9) | Unsecured<br>$327.36 |
| Claim: 221<br>Date Filed:   11/28/2008<br>Docketed Total:   $6,241.17<br>Filing Creditor Name and Address:<br>PUBLIC WORKS COMM CITY OF<br>FAYETTEVILLE<br>P O BOX 7000<br>FAYETTEVILLE, NC 28302-7000 | Claim Holder Name and Address<br><br>PUBLIC WORKS COMM CITY OF<br>FAYETTEVILLE<br>P O BOX 7000<br>FAYETTEVILLE, NC 28302-7000 | Docketed Total: | $6,241.17 | | Modified Total: | $6,241.17 |
| | Case Number<br>08-35653 | 503(b)(9)<br>$6,241.17 | Unsecured | Case Number<br>08-35653 | 503(b)(9) | Unsecured<br>$6,241.17 |
| Claim: 1126<br>Date Filed:   12/15/2008<br>Docketed Total:   $119.56<br>Filing Creditor Name and Address:<br>SOUTHERN INDIANA<br>GAS/ELECTRIC<br>P O BOX 569<br>EVANSVILLE, IN 477410001 | Claim Holder Name and Address<br><br>SOUTHERN INDIANA<br>GAS/ELECTRIC<br>P O BOX 569<br>EVANSVILLE, IN 477410001 | Docketed Total: | $119.56 | | Modified Total: | $119.56 |
| | Case Number<br>08-35653 | 503(b)(9)<br>$119.56 | Unsecured | Case Number<br>08-35653 | 503(b)(9) | Unsecured<br>$119.56 |
| Claim: 511<br>Date Filed:   12/01/2008<br>Docketed Total:   $12.16<br>Filing Creditor Name and Address:<br>SOUTHWESTERN VA GAS CO<br>208 LESTER ST<br>MARTINSVILLE, VA 24112-2821 | Claim Holder Name and Address<br><br>SOUTHWESTERN VA GAS CO<br>208 LESTER ST<br>MARTINSVILLE, VA 24112-2821 | Docketed Total: | $12.16 | | Modified Total: | $12.16 |
| | Case Number<br>08-35653 | 503(b)(9)<br>$12.16 | Unsecured | Case Number<br>08-35653 | 503(b)(9) | Unsecured<br>$12.16 |

*    "UNL" denotes an unliquidated claim.

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

EXHIBIT C

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED* | | | CLAIM AS MODIFIED | | |
|---|---|---|---|---|---|---|
| **Claim:** 1196<br>Date Filed:   12/16/2008<br>Docketed Total:   $111.08<br>Filing Creditor Name and Address:<br>  SUBURBAN NATURAL GAS<br>  PO BOX 130<br>  CYGNET, OH 43413 | Claim Holder Name and Address<br><br>  SUBURBAN NATURAL GAS<br>  PO BOX 130<br>  CYGNET, OH 43413 | Docketed Total: | $111.08 | | Modified Total: | $111.08 |
| | <u>Case Number</u><br>08-35653 | <u>503(b)(9)</u><br>$111.08 | <u>Unsecured</u> | <u>Case Number</u><br>08-35653 | <u>503(b)(9)</u> | <u>Unsecured</u><br>$111.08 |
| **Claim:** 1284<br>Date Filed:   12/18/2008<br>Docketed Total:   $3,826.94<br>Filing Creditor Name and Address:<br>  UGI ENERGY SERVICES INC<br>  PO BOX 827032<br>  PHILADELPHIA, PA 19182-7032 | Claim Holder Name and Address<br><br>  UGI ENERGY SERVICES INC<br>  PO BOX 827032<br>  PHILADELPHIA, PA 19182-7032 | Docketed Total: | $3,826.94 | | Modified Total: | $3,826.94 |
| | <u>Case Number</u><br>08-35653 | <u>503(b)(9)</u><br>$3,826.94 | <u>Unsecured</u> | <u>Case Number</u><br>08-35653 | <u>503(b)(9)</u> | <u>Unsecured</u><br>$3,826.94 |
| **Claim:** 1195<br>Date Filed:   12/16/2008<br>Docketed Total:   $738.36<br>Filing Creditor Name and Address:<br>  UGI PENN NATURAL GAS<br>  ONE UGI CTR<br>  WILKES BARRE, PA 18711 | Claim Holder Name and Address<br><br>  UGI PENN NATURAL GAS<br>  ONE UGI CTR<br>  WILKES BARRE, PA 18711 | Docketed Total: | $738.36 | | Modified Total: | $738.36 |
| | <u>Case Number</u><br>08-35653 | <u>503(b)(9)</u><br>$738.36 | <u>Unsecured</u> | <u>Case Number</u><br>08-35653 | <u>503(b)(9)</u> | <u>Unsecured</u><br>$738.36 |
| **Claim:** 1129<br>Date Filed:   12/15/2008<br>Docketed Total:   $73.88<br>Filing Creditor Name and Address:<br>  VECTREN<br>  PO BOX 6248<br>  INDIANAPOLIS, IN 46206-6248 | Claim Holder Name and Address<br><br>  VECTREN<br>  PO BOX 6248<br>  INDIANAPOLIS, IN 46206-6248 | Docketed Total: | $73.88 | | Modified Total: | $73.88 |
| | <u>Case Number</u><br>08-35653 | <u>503(b)(9)</u><br>$73.88 | <u>Unsecured</u> | <u>Case Number</u><br>08-35653 | <u>503(b)(9)</u> | <u>Unsecured</u><br>$73.88 |

\*     "UNL" denotes an unliquidated claim.

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

Debtors' Fifty-Ninth Omnibus Objection to Claims
503(B)(9) Non-Goods To Modify

EXHIBIT C

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED* | | | CLAIM AS MODIFIED | | |
|---|---|---|---|---|---|---|
| Claim: 1131<br>Date Filed:   12/15/2008<br>Docketed Total:    $565.25<br>Filing Creditor Name and Address:<br>   VECTREN<br>   PO BOX 6250<br>   INDIANAPOLIS, IN 46206-6250 | Claim Holder Name and Address<br><br>VECTREN<br>PO BOX 6250<br>INDIANAPOLIS, IN 46206-6250 | Docketed Total: | **$565.25** | | Modified Total: | **$565.25** |
| | Case Number | 503(b)(9) | Unsecured | Case Number | 503(b)(9) | Unsecured |
| | 08-35653 | $565.25 | | 08-35653 | | $565.25 |
| Claim: 1127<br>Date Filed:   12/15/2008<br>Docketed Total:    $330.46<br>Filing Creditor Name and Address:<br>   VECTREN<br>   PO BOX 6262<br>   INDIANAPOLIS, IN 46206-6262 | Claim Holder Name and Address<br><br>VECTREN<br>PO BOX 6262<br>INDIANAPOLIS, IN 46206-6262 | Docketed Total: | **$330.46** | | Modified Total: | **$330.46** |
| | Case Number | 503(b)(9) | Unsecured | Case Number | 503(b)(9) | Unsecured |
| | 08-35653 | $330.46 | | 08-35653 | | $330.46 |
| Claim: 1132<br>Date Filed:   12/15/2008<br>Docketed Total:    $232.36<br>Filing Creditor Name and Address:<br>   VECTREN<br>   PO BOX 7249<br>   INDIANAPOLIS, IN 46207-7249 | Claim Holder Name and Address<br><br>VECTREN<br>PO BOX 7249<br>INDIANAPOLIS, IN 46207-7249 | Docketed Total: | **$232.36** | | Modified Total: | **$232.36** |
| | Case Number | 503(b)(9) | Unsecured | Case Number | 503(b)(9) | Unsecured |
| | 08-35653 | $232.36 | | 08-35653 | | $232.36 |
| Claim: 1125<br>Date Filed:   12/15/2008<br>Docketed Total:    $415.23<br>Filing Creditor Name and Address:<br>   VECTREN ENERGY DELIVERY<br>   PO BOX 209<br>   EVANSVILLE, IN 47702 | Claim Holder Name and Address<br><br>VECTREN ENERGY DELIVERY<br>PO BOX 209<br>EVANSVILLE, IN 47702 | Docketed Total: | **$415.23** | | Modified Total: | **$415.23** |
| | Case Number | 503(b)(9) | Unsecured | Case Number | 503(b)(9) | Unsecured |
| | 08-35653 | $415.23 | | 08-35653 | | $415.23 |

*    "UNL" denotes an unliquidated claim.

In re Circuit City Stores, Inc, et al.

Case No. 08-35653 (KRH)

EXHIBIT C

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED* | | | CLAIM AS MODIFIED | | |
|---|---|---|---|---|---|---|
| Claim: 1123<br>Date Filed: 12/15/2008<br>Docketed Total: $134.32<br>Filing Creditor Name and Address:<br>  VECTREN ENERGY<br>  DELIVERY/NORTH 6248<br>  P O BOX 6248<br>  INDIANAPOLIS, IN 46206-6248 | Claim Holder Name and Address<br><br>VECTREN ENERGY<br>DELIVERY/NORTH 6248<br>P O BOX 6248<br>INDIANAPOLIS, IN 46206-6248 | Docketed Total: | $134.32 | | Modified Total: | $134.32 |
| | Case Number<br>08-35653 | 503(b)(9)<br>$134.32 | Unsecured | Case Number<br>08-35653 | 503(b)(9) | Unsecured<br>$134.32 |
| Claim: 1128<br>Date Filed: 12/15/2008<br>Docketed Total: $238.12<br>Filing Creditor Name and Address:<br>  VECTREN ENERGY<br>  DELIVERY/OHIO 6262<br>  P O BOX 6262<br>  INDIANAPOLIS, IN 46206-6262 | Claim Holder Name and Address<br><br>VECTREN ENERGY DELIVERY/OHIO<br>6262<br>P O BOX 6262<br>INDIANAPOLIS, IN 46206-6262 | Docketed Total: | $238.12 | | Modified Total: | $238.12 |
| | Case Number<br>08-35653 | 503(b)(9)<br>$238.12 | Unsecured | Case Number<br>08-35653 | 503(b)(9) | Unsecured<br>$238.12 |
| Claim: 1130<br>Date Filed: 12/15/2008<br>Docketed Total: $9,657.35<br>Filing Creditor Name and Address:<br>  VECTREN ENERGY<br>  DELIVERY/SOUTH 6250<br>  P O BOX 6250<br>  INDIANAPOLIS, IN 46206-6250 | Claim Holder Name and Address<br><br>VECTREN ENERGY<br>DELIVERY/SOUTH 6250<br>P O BOX 6250<br>INDIANAPOLIS, IN 46206-6250 | Docketed Total: | $9,657.35 | | Modified Total: | $9,657.35 |
| | Case Number<br>08-35653 | 503(b)(9)<br>$9,657.35 | Unsecured | Case Number<br>08-35653 | 503(b)(9) | Unsecured<br>$9,657.35 |
| Claim: 827<br>Date Filed: 12/12/2008<br>Docketed Total: $629.22<br>Filing Creditor Name and Address:<br>  VERMONT GAS SYSTEMS, INC<br>  P O BOX 1722<br>  BRATTLEBORO, VT 05302 | Claim Holder Name and Address<br><br>VERMONT GAS SYSTEMS, INC<br>P O BOX 1722<br>BRATTLEBORO, VT 05302 | Docketed Total: | $629.22 | | Modified Total: | $629.22 |
| | Case Number<br>08-35653 | 503(b)(9)<br>$629.22 | Unsecured | Case Number<br>08-35653 | 503(b)(9) | Unsecured<br>$629.22 |

\*    "UNL" denotes an unliquidated claim.

In re Circuit City Stores, Inc, et al.

Case No. 08-35653 (KRH)

Debtors' Fifty-Ninth Omnibus Objection to Claims
503(B)(9) Non-Goods To Modify

EXHIBIT C

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED* | | | CLAIM AS MODIFIED | | |
|---|---|---|---|---|---|---|
| Claim: 1257<br>Date Filed:  12/18/2008<br>Docketed Total:   $7,210.89<br>Filing Creditor Name and Address:<br>WASHINGTON GAS<br>PO BOX 9001036<br>LOUISVILLE, KY 40290-1036 | Claim Holder Name and Address<br><br>WASHINGTON GAS<br>PO BOX 9001036<br>LOUISVILLE, KY 40290-1036 | Docketed Total: | **$7,210.89** | | Modified Total: | **$7,210.89** |
| | Case Number<br>08-35653 | 503(b)(9)<br>$7,210.89 | Unsecured | Case Number<br>08-35653 | 503(b)(9) | Unsecured<br>$7,210.89 |
| Claim: 1234<br>Date Filed:  12/18/2008<br>Docketed Total:   $8,470.70<br>Filing Creditor Name and Address:<br>WATER GAS &<br>LIGHT COMMISSION<br>P O BOX 1788<br>ALBANY, GA 31702-1788 | Claim Holder Name and Address<br><br>WATER GAS & LIGHT COMMISSION<br>P O BOX 1788<br>ALBANY, GA 31702-1788 | Docketed Total: | **$8,470.70** | | Modified Total: | **$8,470.70** |
| | Case Number<br>08-35653 | 503(b)(9)<br>$8,470.70 | Unsecured | Case Number<br>08-35653 | 503(b)(9) | Unsecured<br>$8,470.70 |
| Claim: 218<br>Date Filed:  12/01/2008<br>Docketed Total:   $7,777.82<br>Filing Creditor Name and Address:<br>WISCONSIN PUBLIC SERVICE<br>CORP<br>PO BOX 19004<br>GREEN BAY, WI 543079004 | Claim Holder Name and Address<br><br>WISCONSIN PUBLIC SERVICE CORP<br>PO BOX 19004<br>GREEN BAY, WI 543079004 | Docketed Total: | **$7,777.82** | | Modified Total: | **$7,777.82** |
| | Case Number<br>08-35653 | 503(b)(9)<br>$7,777.82 | Unsecured | Case Number<br>08-35653 | 503(b)(9) | Unsecured<br>$7,777.82 |
| | | | | **Total Claims To Be Modified: 35**<br><br>**Total Amount As Docketed:**    $179,206.35<br><br>**Total Amount As Modified:**    $179,206.35 | | |

\*    "UNL" denotes an unliquidated claim.