# EXHIBIT A

## ASSIGNMENT OF PROOFS OF CLAIM

Effect as of this 5 day of June, 2009, and FOR VALUE RECEIVED, the receipt and sufficiency of which are acknowledged, the undersigned absolutely sells, delivers, sets over, grants, conveys, assigns, and transfers, without recourse, representation or warranty, except as otherwise expressly set forth in that certain Note Sale and Assignment Agreement dated as of June 5, 2009 by and between the undersigned GA Salem LLC, a Delaware limited liability company (the "Seller") and 412 SOUTH BROADWAY REALTY LLC, a New Hampshire limited liability company (the "Purchaser"), the Proofs of Claim more particularly described on Exhibit A attached hereto (the "Assignment").

To have and to hold this Assignment unto the Purchaser, its successors and assigns forever.

IN WITNESS WHREOF, the Seller has caused these presents to be duly executed as of the day and year first written above.

GA SALEM LLC, a Delaware limited liability company

By: Principal Real Estate Investors, LLC, a
    Delaware limited liability company,
    its authorized signatory

By: _[signature]_
Its: STEVEN P. TRAYNOR, Counsel

By: _[signature]_
Its: Dan L. Bennigsdorf
    Assistant Managing Director
    Special Servicing

## EXHIBIT A

1. A Proof of Claim for pre-petition amounts dated January 26, 2009 by Principal Life Insurance Company ("Principal") received by Kurtzman Carson Consultants on January 29, 2009, which was assigned by Principal by Assignment of Proof of Claim effective March 26, 2009, for Circuit City Stores, Inc. for Case No. 08-35653 in the amount of $81,829.00; and

2. A Proof of Claim for lease rejections amounts [undated] by GA Salem LLC received by Kurtzman Carson Consultants on April 28, 2009 for Circuit City Stores Inc. for Case No. 08-35653 in the amount of $569,140.20.

| B 10 (Official Form 10) (12/07) | | PROOF OF CLAIM |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | | |

**Debtor against which claim is asserted :** (Check only **one** box below:)

- ☒ Circuit City Stores, Inc. (Case No. 08-35653)
- ☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654)
- ☐ InterTAN, Inc. (Case No. 08-35655)
- ☐ Ventoux International, Inc. (Case No. 08-35656)
- ☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)
- ☐ CC Aviation, LLC (Case No. 08-35658)
- ☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)
- ☐ Circuit City Stores PR, LLC (Case No. 08-35660)
- ☐ Circuit City Properties, LLC (Case No. 08-35661)
- ☐ Orbyx Electronics, LLC (Case No. 08-35662)
- ☐ Kinzer Technology, LLC (Case No. 08-35663)
- ☐ Courchevel, LLC (Case No. 08-35664)
- ☐ Abbott Advertising, Inc. (Case No. 08-35665)
- ☐ Mayland MN, LLC (Case No. 08-35666)
- ☐ Patapsco Designs, Inc. (Case No. 08-35667)
- ☐ Sky Venture Corporation (Case No. 08-35668)
- ☐ XSStuff, LLC (Case No. 08-35669)
- ☐ PRAHS, INC. (Case No. 08-35670)

NOTE: *This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
GA Salem, LLC

☐ Check this box to indicate that this claim amends a previously filed claim.

**Name and address where notices should be sent:**
Lauren Lonergan Taylor, Esquire        Dennis Ballard, Esquire
Matthew E. Hoffman, Esquire            Darin Bennigsdorf
Duane Morris LLP                       GA Salem, LLC
30 South 17th Street                   c/o Principal Life Insurance Company
Philadelphia, PA 19103-4196            801 Grand Avenue
Telephone: 215-979-1503/1524           Des Moines, IA 50392-0301
Facsimile: 215-689-4434/4922           Telephone: 515-247-7445
                                       Facsimile: 866-496-6527

COPY

Court Claim Number: _____
(If known)

Filed on: _____

**Name and address where payment should be sent** (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $569,140.20

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** _____See attached_____
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

   **3a.** Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☒ Other
Describe:

Value of Property: $_____   Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtors business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date:

Signature: the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*   Darin L. Bennigsdorf
    Assistant Managing Director
    Special Servicing

    Steven J. Evans
    Portfolio Manager

FOR COURT **RECEIVED**
APR 28 2009
**KURTZMANCARSONCONSULTANTS**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

\* SEE ATTACHED SIGNATURE PAGE

DM3\909083.1

GA SALEM, LLC, a Delaware limited liability company

By:  PRINCIPAL COMMERCIAL ACCEPTANCE, LLC, a Delaware limited liability company, its sole member

    By:  PRINCIPAL REAL ESTATE INVESTORS, LLC, a Delaware limited liability company, its authorized signatory

        By _____  Darin L. Bennigsdorf
                                                          Assistant Managing Director
                                                          Special Servicing

        By _____  Steven J. Evans
                                                          Portfolio Manager

## ADDENDUM TO PROOF OF CLAIM OF GA SALEM, LLC

1. This is an addendum to and part of the attached Proof of Claim (the "Claim" or the "Proof of Claim") of GA Salem, LLC ("GAS" or the "Claimant") for a certain property located on South Broadway[1] in Salem, New Hampshire 03079 (the "Property") filed against Circuit City Stores, Inc. ("Circuit City" or the "Debtor;" and collectively, with one or more of its affiliates, the "Debtors") in its chapter 11 bankruptcy case (the "Case") pending in the United States Bankruptcy Court for the Eastern District of Virginia.

2. GAS is a Delaware limited liability company maintaining an address at 801 Grand Avenue, Des Moines, Iowa 50392-0301.

3. Circuit City is a corporation headquartered in the Commonwealth of Virginia, with an address of 9950 Mayland Drive, Richmond, Virginia.

## FACTUAL BACKGROUND

4. On November 10, 2008 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia.

5. Prior to the Petition Date, Circuit NH Corp, as successor in interest to Circuit Investors #5 – Salem Limited Partnership (the "Lessor"), as lessor, and Circuit City entered into a lease dated June 30, 1993 for the Property and known as the Debtors' store number 4120 (the "Lease").

6. Pursuant to that certain Assignment of Leases and Rents dated June 30, 1993 (the "Assignment of Leases"), the Lessor assigned all of its right, title and interest in the Property under the Lease to Principal Life Insurance Company f/k/a Principal Mutual Life Insurance

---

[1] The legal description of the Property is attached to the Lease (as defined herein).

DM3\962248.2

Company ("Principal"). The Assignment of Leases was recorded on July 9, 1993 with the Rockingham County Registry of Deeds in Book 2993, Page 3024.

7. Pursuant to that certain Assignment of Assignment of Leases and Rents dated March 26, 2009 (the "Leases Assignment"), Principal assigned all of its right, title and interest in and to the Assignment of Leases to GAS.

8. Accordingly, as of March 26, 2009, the Lessor's right, title and interest in the Lease was vested in the Claimant.

9. Pursuant to the Lease, Circuit City is required to pay, *inter alia*, (i) basic rent, plus (ii) additional rent including, without limitation, Circuit City's share of common area maintenance expenses, real estate charges, utilities, and insurance.

10. On March 5, 2009, the Debtors filed a Notice of Rejection of Unexpired Leases and Abandonment of Personal Property (the "Notice of Rejection"), whereby the Debtors rejected, inter alia, the Lease as of March 12, 2009. See Docket No. 2434.

## THE CLAIM

11. This claim is filed against Circuit City with respect to the Lease in the total amount of $569,140.20, which amount is calculated in accordance with § 502(b)(6) of the Bankruptcy Code as follows:

    a. **502(b)(6)(A) Rejection Damages Claim Calculation:**[2]

        Greater of one year, or 15 percent,
        not to exceed three years, of the
        remaining term of the Lease

---

2    The rejection damages calculation includes amounts for taxes, insurance and common area maintenance reserved under the Lease.

Calculation of One Year's Rent Reserved:

| Rent | Taxes | Insurance | Common Area Maintenance | Total |
|---|---|---|---|---|
| $427,200 | $71,098 | $3,167 | $3,000 | $504,465 |

Calculation of 15% of Balance of Term:

| Period | Rent | Taxes | Insurance | Common Area Maintenance | Total |
|---|---|---|---|---|---|
| 11/10/08-07/31/09 | $309,720 | $51,230 | $2,282 | $3,000 | $366,232 |
| 08/01/09-07/31/10 | $427,200 | $71,098 | $3,167 | $107,580 | $609,045 |
| 08/01/10-07/31/11 | $427,200 | $73,231 | $3,262 | $2,500 | $506,193 |
| 08/01/11-07/31/12 | $427,200 | $75,428 | $3,360 | $2,500 | $508,488 |
| 08/01/12-07/31/13 | $427,200 | $77,691 | $3,461 | $18,000 | $526,352 |
| 08/01/13-07/31/14 | $427,200 | $80,021 | $3,564 | $3,300 | $514,085 |
| 08/01/14-07/31/15 | $427,200 | $82,422 | $3,671 | $250,580 | $763,873 |
| TOTAL: | | | | | $3,794,268 |
| 15% OF TOTAL: | | | | | $569,140.20 |

Calculation of Three Years' Rent Reserved:

| Period | Rent | Taxes | Insurance | Common Area Maintenance | Total |
|---|---|---|---|---|---|
| 11/10/08-11/09/09 | $427,200 | $71,098 | $3,167 | $3,000 | $504,465 |
| 11/10/09-11/09/10 | $427,200 | $71,684.58 | $3,193.13 | $78,683 | $580,760.71 |
| 11/10/10-11/09/11 | $427,200 | $73,835.18 | $3,288.95 | $2,500 | $506,824.13 |
| TOTAL: | | | | | $1,592,049.84 |

  b.  **Total Amount of Claim**: $569,140.20

DM3\962248.2

12. Accordingly, the Claimant holds a claim against Circuit City in an amount not less than $569,140.20 on account of damages incurred by the Claimant as a result of the rejection of the Lease.

## RESERVATION OF RIGHTS

13. Notwithstanding anything contained in the Proof of Claim, the Claimant expressly reserves and preserves all of the rights and remedies available to it under the Bankruptcy Code, including, without limitation, its rights (a) to amend and/or supplement this proof of claim and/or file additional claims (i) for administrative expenses; (ii) for interest, attorneys' fees and costs to the extent provided under the Lease and permitted by applicable law; (iii) arising from any prepetition claims; and (iv) to file any other claims that the Claimant may have against the Debtors; and (b) to estimate the Claim and assert additional claims if the Claim is estimated and/or liquidated.

14. The Claimant also expressly reserves the right to amend and/or further supplement this Proof of Claim to include additional amounts and/or contingent or unliquidated claims that the Claimant may have against Circuit City relating to or incidental to Circuit City's obligations under and pursuant to the Lease or for any other reason.

15. The filing of this Proof of Claim is not intended to, nor should it be construed as (a) an election of remedies; (b) a waiver of any past, present or future default or event of default; (c) a waiver or limitation of the Claimant's rights or defenses; or (d) a waiver of the Claimant's claims against the Debtors or any of the Debtors' subsidiaries or affiliates.

16. This Claim is filed as a separate Claim from other claims that may be filed by or on behalf of the Claimant or any of its affiliates against the Debtors and does not replace or supersede such other Claims.

DM3\962248.2

17. The filing of this Claim is not deemed to be an admission that the Claim is a general unsecured claim.

## NOTICES

18. All notices to Claimant relating to this Proof of Claim should be sent to Claimant as follows:

> Lauren Lonergan Taylor, Esquire
> Matthew E. Hoffman, Esquire
> Duane Morris LLP
> 30 South 17th Street
> Philadelphia, PA 19103-4196
> Telephone: 215.979.1503/1524
> Facsimile: 215.689.4434/4922

and

> Dennis Ballard, Esquire
> Principal Life Insurance Company
> 801 Grand Avenue
> Des Moines, IA 50392-0301
> Telephone: 515.247.7445
> Facsimile: 866.496.6527

19. As the Lease and other documents which evidence the claim detailed herein are voluminous, they are not attached to this Proof of Claim. Copies of such documents will be provided upon request and upon consent thereto by the Debtors.

DM3\962248.2