UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re: Circuit City Stores, Inc., et al.          Chapter 11

                                                   Case No.: 08-35653 (KRH)

Debtors,

---

UNICAL ENTERPRISES, INC.

Plaintiff,

v.

CIRCUIT CITY STORES, INC., ET AL.

Defendant.

MOTION OF UNICAL ENTERPRISES, INC. FOR
RELIEF FROM AUTOMATIC STAY;
MEMORANDUM OF POINTS AND AUTHORITIES;
<u>DECLARATION OF THOMAS J. WEISS</u>

Unical Enterprises, Inc. ("Unical"), by its counsel, Weiss & Hunt and WallacePledger, PLLC, for its motion for relief from the automatic stay, states:

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 18 U.S.C. § 157(b)(2)(G).

2. Venue in this District is proper under 18 U.S.C. § 1409.

---

Thomas J. Weiss (CA SBN 63167)          Erick F. Seamster (VSB No. 76108)
WEISS & HUNT                              WALLACEPLEDGER, PLLC
1925 Century Park East, Suite 2140        7100 Forest Avenue, Suite 302
Los Angeles, CA 90067                     Richmond, VA 23226
Telephone: (310) 788-0710                 Telephone: (804) 282-8300
Facsimile: (310) 788-0735                 eseamster@wallacepledger.com

Counsel for Unical Enterprises, Inc.

3. The statutory bases for the relief requested herein are 11 U.S.C. §§ 362 and 553 and Federal Rules of Bankruptcy Procedure 4001, 9013 and 9014.

## RELIEF REQUESTED

4. Unical seeks relief from the automatic stay so that its action pending in the Ninth Circuit Court of Appeals may proceed.

## BASIS FOR RELIEF

5. Relief is requested from the automatic stay as to the Debtor and its bankruptcy estate on the grounds that good cause exists for such relief under Section 362(d)(1), because the judgment in the United States District Court for the Central District of California is now on appeal to the Ninth Circuit Court of Appeals, and pursuit of the appeal will allow the matter to be decided most expeditiously and with the benefit of an appropriate record.

## MEMORANDUM OF POINTS AND AUTHORITIES

Unical seeks an order modifying the automatic stay to allow the non-bankruptcy litigation between Unical and the Debtor to be litigated by the presently-pending appeal before the United States Court of Appeal for the Ninth Circuit.

As set forth in the accompanying declaration of Thomas J. Weiss and the accompanying submissions, Unical was a vendor to the Debtor. The litigation between them in the United States District Court for the Central District of California concerned the purchase and sale obligations between the parties with respect to approximately $3 Million worth of inventory remaining with Unical at the time of the petition. The case was tried to a hung jury and

thereafter the district court granted Circuit City Stores, Inc.'s Rule 50 motion, which resulted in the entry of judgment in favor of Debtor. That judgment was entered September 4, 2008, and the appeal notice was filed October 1, 2008.

The pendency of an action before a non-bankruptcy forum may constitute good cause for modifying the stay under Section 362(d)(1) to allow the non-bankruptcy forum to proceed to decide the pending case. In Re Robbins (4th Cir., 1992) 964 F.2d 342, 345; In Re 210 West Liberty Holdings LLC (Bk., N.D. W.Va., 2009) 400 B.R. 510 (held: stay modified to allow state court action to proceed against debtor). The motion is addressed to the sound discretion of the bankruptcy court, considering the goals of expeditious determination of controversy, and the relative prejudice to the parties. In this case, Unical will be prejudiced if it does not have a fair chance to obtain appellate review of the legal determinations of the district court, based on the record of evidence created in the trial court. Unical submits that the Ninth Circuit Court of Appeals is in the best position to determine the issues on appeal in a manner which is least burdensome to this court, and which accords a fair hearing to both Unical and the Debtor on the merits.

The issues presented are issues of law concerning the interpretation of the parties' agreements based on the record of the trial evidence. Allowing the appeal to be decided by the Ninth Circuit Court of Appeals will be more expeditious than the presentation of these same issues to this court.

WHEREFORE, Unical Enterprises, Inc. requests the entry of an order granting relief

from the automatic stay, and allowing it to proceed with its appeal in the United States Court of Appeals for the Ninth Circuit.

Respectfully submitted,

UNICAL ENTERPRISES, INC.

/s/ *Thomas J. Weiss*          (by *Erick F. Seamster* with permission from
Thomas J. Weiss (CA SBN 63167)    Thomas J. Weiss based on email)
WEISS & HUNT
1925 Century Park East, Suite 2140
Los Angeles, California 90067
Telephone: (310) 788-0710
Facsimile:  (310) 788-0735
tweiss@weisslawla.com


/s/ *Erick F. Seamster*
Erick F. Seamster (VSB #76108)
WALLACEPLEDGER, PLLC
7100 Forest Avenue, Suite 302
Richmond, VA 23226
Telephone: (804) 282-8300
Facsimile:  (804) 282-2555
eseamster@wallacepledger.com

## DECLARATION OF THOMAS J. WEISS

1. I am the attorney of record for the moving party Unical Enterprises, Inc., in the non-bankruptcy action between Unical and Circuit City Stores, now pending in the United States Court of Appeals for the Ninth Circuit, designated as appeal number 08-56628 in the files of that court. The district court case is number 2:06 CV 06384. Judgment was entered by the district court September 4, 2008. The notice of appeal was filed October 1, 2008. No briefs have been filed. There are no parties other than Unical and the Debtor.

2. The issues in that case arise totally out of non-bankruptcy law. In the relevant time, plaintiff Unical was a vendor to Circuit City Stores. That action asserts claims for breach of contract based upon certain sales and purchase agreements between Unical and the Debtor. Copies of the First Amended Complaint and the related agreements were attached to the proof of claim. The claim consists of $3,370,181 in principal amount, and accrued interest of $683,269 for interest to December 10, 2008.

3. The action was tried to a hung jury, and the court granted a motion in limine and a Rule 50 motion after trial in favor of defendant Debtor, which resulted in judgment in favor of defendant Debtor. That judgment is now on appeal to the Ninth Circuit, but was stayed by the petition herein.

4. The specific factual and legal basis of the claim are the facts offered in evidence and considered by the court and jury. These are summarized in the proof of claim. The district court granted the motions on grounds of choice of law and

the parol evidence rules. Those issues were briefed extensively in the district court. Unical contends that the district court should not have ruled on the motions as a matter of law and intends to so argue in the Ninth Circuit Court of appeals. Copies of Unical's briefs in opposition to the motions in limine and to the Rule 50 motion were submitted to the court in the response of Unical to the Omnibus Objections to disputed claims, in support of claim number 6555, as Exhibits A, B and C, respectively. Additional copies are submitted herewith.

5. No briefing schedule has been set in the appeal because of this Chapter 11 petition. Unical submits that the most expeditious forum for determining the issues raised by the appeal is in the Ninth Circuit Court of Appeals.

I declare under the penalties of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this declaration was executed on October 23, 2009 at Los Angeles, California.

_____
THOMAS J. WEISS

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2009, I will electronically file the foregoing motion with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all creditors and parties-in-interest who are included in the United States Bankruptcy Court's ECF e-mail notification system for this case. In addition, a true and correct copy of the foregoing motion was sent on October 23, 2009, via U.S. mail, postage prepaid, to the following:

Daniel F. Blanks, Esq.
Dion W. Hayes, Esq.
MCGUIREWOODS LLP
9000 World Trade Center, 101 W. Main St.
Norfolk, VA 23510

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN ARPS SLATE MEAGHER
& FLOM LLP
One Rodney Sq.
PO Box 636
Wilmington, DE 19899

Chris L. Dickerson, Esq.
SKADDEN ARPS SLATE MEAGHER
& FLOM LLP
333 West Wacker Drive
Chicago, IL 60606
*Counsel for Debtor Circuit City Stores, Inc.*

Robert B. Van Arsdale, Esq.
OFFICE OF THE U. S. TRUSTEE
701 East Broad Street, Suite 4304
Richmond, VA 23219
*Counsel for U.S. Trustee*

Brad R. Godshall, Esq.
Jeffrey N. Pomerantz, Esq.
PACHULSKI STANG ZIEHL & JONES, LLP
10100 Santa Monica Blvd, 11th Floor
Los Angeles, CA 90067-4100

Lynn L. Tavenner
Paula S. Beran
TAVENNER & BERAN, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219
*Creditors Committee*

_/s/ *Erick F. Seamster*_
Erick F. Seamster