THOMAS J. WEISS, State Bar No. 63167
HYRUM K. HUNT, State Bar No. 222110
**WEISS & HUNT**
1925 Century Park East, Suite 2140
Los Angeles, California 90067
Telephone: (310) 788-0710
Facsimile: (310) 788-0735

Attorneys for Plaintiff UNICAL
ENTERPRISES, INC., a California
corporation

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICAL ENTERPRISES, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> CIRCUIT CITY STORES, INC., a corporation; DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. CV06-6384 GPS (CTx) <br><br> Hon. George P. Schiavelli <br><br> OPPOSITION OF PLAINTIFF UNICAL ENTERPRISES, INC., TO DEFENDANT CIRCUIT CITY STORES, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE REGARDING APPLICATION OF FOREIGN LAW <br><br> Pretrial Conference: May 12, 3008 <br> Time: 11:00 a.m. <br> Courtroom: 7 <br><br> Trial Date: June 3, 2008 |

Defendant's Motion in Limine Regarding Application of Foreign Law should be denied. It is not a motion in limine at all and does not request that the court exclude any particular evidence. The motion in limine is a 12(b)(6) motion or a motion for summary judgment motion in disguise. Motions in limine address evidentiary questions and are inappropriate devices for resolving substantive issues. See 75 Am.Jur.2d Trial § 99 (2004) (explaining that motions in limine are improper vehicles to raise motions for summary judgment or motions to dismiss because "[m]otions in limine are not to be used as a sweeping means of testing issues of law,"

///

B - 1

EXHIBIT B

1  Provident Life & Accident Ins. Co. v. Adie, 176 F.R.D. 246, 250 (D.Mich.1997)
2  (motion in limine cannot be used as substitute for motion for summary judgment)).
3      Defendant made no 12(b)(6) motion to dismiss the cause of action for
4  promissory estoppel, and the time do so has long since passed. Likewise, defendant
5  made no motion for summary judgment as to this issue, and again, any such motion is
6  untimely at this juncture.
7      Even if considered on its merits, the motion should be denied. Defendant's
8  recital of its version of the facts at this point is just argument. The allegations of the
9  complaint do not compel a conclusion that Virginia law applies to all aspects of the
10  relationship between the parties. As explained in the response to the motion in limine
11  regarding the parol evidence rule, the February 3, 2004 letter contains only a partial
12  integration clause, that is, it does not purport to express all of the terms of all of the
13  agreements between the two parties, but only "with respect to the subject matter
14  hereof," which is models 35800, 35807, and 35808, in the respective quantities of
15  42,000, 30,000, and 25,000. It does not evem purport to apply a choice of law
16  provision to all related or "tethered" agreements. The evidence will show that there
17  were various deals between the parties over the years, and that there were various
18  purchase transactions which were logged into the Circuit City order inventory system
19  as separate "deal" numbers. (See Tammy Fullam deposition, pages 69-75, attached
20  to the declaration of Thomas J. Weiss as Exhibit 1.)
21      Finally, the motion does not cite any authority by which a California court has
22  decided that Section 90 of the Restatement, 2d of Contracts is not a fundamental
23  policy of the state of California. California cases consistently recognize the theory as
24  necessary to avoid injustice. See Drennan v. Star Paving Co. (1958) 51 Cal. 2d 409;
25  Kajima/Ray Wilson v. LA County MTA (2000) 23 Cal.4th 305, 315-316; Signal Hill
26  Aviation Co. v. Stroppe (1979) 96 Cal.App.3d 627. In Hall v. Superior Court (1983)
27  150 Cal.App.3d 411 the court did find that the benefit of California's corporate
28  Securities Law of 1968 is important enough to override a choice of Nevada law.

B-2

Such a determination appears to require a consideration of the factual circumstances. The court in <u>Discover Bank v. Superior Court</u> (2005) 134 Cal.App.4th 886, 893-894 said, "We are not aware of any bright-line rules for determining what is and what is not contrary to a fundamental policy of California. Comment g to Restatement, section 187 itself says that 'no detailed statement can be made of the situations where a 'fundamental policy... will be found to exist.'"

In <u>A&M Produce v. FMC Corporation</u> (1982) 135 Cal.App.3d 473, 487, n. 12, the court did note that even in a contact between merchants under Article 2 of the UCC, unconscionability is "a doctrine fundamental to the operation of contract law, irrespective of any particular application." Unconscionability is conceptually close to promissory estoppel.

For all the foregoing reasons, the motion in limine regarding the application of Virginia law to promissory estoppel should be denied.

WEISS & HUNT

By: _____
    Thomas J. Weiss

B~3

## DECLARATION OF THOMAS J. WEISS

I, THOMAS J. WEISS, declare and state:

1. I am an attorney for plaintiff in the above-entitled matter. If called as a witness in this action I could and would testify to the following facts, which are within my personal, first-hand knowledge.

2. Attached hereto as Exhibit 1 are pages 69 through 75 of the deposition of Tammy Fullam taken February 22, 2008.

I declare under the penalties of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September 16, 2009, at Los Angeles, California.

_____
THOMAS J. WEISS

B — 4