Robert A. Dybing, Esq. (VSB #32712)
THOMPSONMcMULLAN P.C.
100 Shockoe Slip
Richmond, Virginia 23219
Telephone:  (804) 649-7545
Facsimile:  (804) 780-1813
Email:  rdybing@t-mlaw.com

Christopher R. Belmonte, Esq. (CB-2163)
SATTERLEE STEPHENS BURKE
    & BURKE LLP
230 Park Avenue
New York, New York 10169
Telephone:  (212) 818-9200
Facsimile:  (212) 818-9606
Email:  cbelmonte@ssbb.com

Attorneys for International Business
Machines Corporation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

------------------------------------------------------x
| In re: | : | Chapter 11 |
|---|---|---|
| | : | |
| CIRCUIT CITY STORES, INC., et al., | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------x

**RESPONSE OF INTERNATIONAL BUSINESS MACHINES
CORP.  TO DEBTORS' OBJECTION TO CERTAIN
<u>GENERAL UNSECURED CLAIMS FOR VOTING PURPOSES ONLY</u>**

International Business Machines Corporation ("IBM"), as and for its

response  to the Debtor's Objection to Certain General Unsecured Claims for Voting

Purposes Only, dated September 21, 2009 [Docket No. 5022] (the "Voting Objection"),

respectfully states as follows:

783347_3

## INTRODUCTION

1. By the Voting Objection, Circuit City Stores, Inc. ("Circuit City") and its subsidiary debtors and debtors in possession in the above-captioned cases (collectively, with Circuit City, the "Debtors") object to certain general unsecured claims for voting purposes only and move the Court for entry of an order temporarily reducing such claims solely for purposes of voting to accept or reject the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"). More specifically, the Debtors seek to reduce temporarily for voting purposes IBM's Claim No. 14563 in the amount of $44,966,364 to a claim in the amount of $25,666,364.

2. The relief sought by the Voting Objection, however, is premature with respect to IBM's claim, since no request to disallow or reduce that claim is pending under any filed claims objection motion, and, to the contrary, Claim No. 14563 is listed as the surviving or remaining claim in the sole claims objection motion which affects it. Moreover, the amount of the proposed reduction of IBM's claim, $19,300,000, corresponds precisely with IBM's termination fees, charges which are provided expressly by the agreement between the parties.

## BACKGROUND

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for chapter 11 relief with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").

4. Pursuant to sections 1007 and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), the Debtors continue to manage and operate their businesses as debtors in possession.

5. Circuit City and IBM are parties to that certain Information Technology Outsourcing Master Services Agreement, dated March 23, 2007, as amended from time to time, including all associated statements of work and all associated contract change requests and project change requests (collectively, the "Master Services Agreement"), pursuant to which IBM agreed to provide certain equipment, software, and services to Circuit City. A copy of the Master Services Agreement, without exhibits, is annexed as Exhibit A to the Affidavit of Vicky Namken, sworn to October 16, 2009 (the "Namken Affidavit"), which is annexed hereto as Exhibit 1.

6. The Debtors and IBM entered into a Stipulation, Agreement and Order by and among the Debtors and International Business Machines Corporation for Rejection of Certain Executory Contracts and Related Relief (the "Stipulation"), made as of April 30, 2009 [Docket No. 3579]. On or about June 10, 2009, this Bankruptcy Court entered an order approving the Stipulation in its entirety. True copies of the Stipulation, without exhibits, and the corresponding order are annexed to the Namken Affidavit as Exhibit B.

7. The Stipulation provided for the rejection of the Master Services Agreement as of April 30, 2009 (the "Rejection Date"). Stipulation, ¶ 1. The Stipulation further provided that IBM may file one or more proofs of claim resulting from the rejection of the Master Services Agreement on or prior to June 30, 2009. Stipulation, ¶ 8.

783347_3

8. In accordance with the Stipulation, on or about June 19, 2009, IBM filed a general unsecured proof of claim for damages incurred in connection with the rejection of the Master Services Agreement in the amount of $37,860,457 (Claim No. 13551). A true copy of Claim No. 13551 is annexed to the Namken Affidavit as Exhibit C.

9. On or about August 24, 2009, IBM filed an amendment to Claim No. 13551, and pursuant to this amended claim, IBM asserts a general unsecured claim in the amended amount of $44,966,364 in connection with the damages arising from the rejection of the Master Services Agreement (Claim No. 14563). A true copy of Claim No. 14563 is annexed to the Namken Affidavit as Exhibit D.

10. On or about September 21, 2009, the Debtors filed the Debtors' Forty-Second Omnibus Objection to Claims (Disallowance of Certain Amended Claims) [Docket No. 5015] (the "Claims Objection"). By the Claims Objection, the Debtors, among other things, are seeking to disallow Claim No. 13551 and to allow Claim No. 14563 to remain in effect as the "Surviving Claim." The Claims Objection is the only objection presently pending with respect to Claim No. 14563.

## IBM'S RESPONSE AND OBJECTION

11. Despite the fact that Claim No. 14563 is to be a "Surviving Claim" under the Claims Objection, the Debtors filed the Voting Objection seeking to reduce Claim No. 14563 from $44,966,364 to $25,666,364 solely for purposes of IBM's voting to accept or reject the Plan.

12. According to the Voting Objection, the Debtors have determined that each of the identified claims to be reduced "are overstated based on (i) the

information contained in the Debtors' books and records, (ii) applicable provisions of the Bankruptcy Code, or (iii) applicable non-bankruptcy law." Voting Objection, ¶ 12. Notably, with the exception of a general reference to section 502(b) of the Bankruptcy Code, the Debtors do not state what specific Bankruptcy Code provisions or what applicable non-bankruptcy law warrants this reduction. Voting Objection, ¶ 14.

13. Instead, the Debtors contend that "temporarily reducing the Claims in this manner protects the Claimants' interests in voting on the Plan because each such Claimant's vote will be counted for purposes of Bankruptcy Code section 1126(c), albeit in a reduced amount." Voting Objection, ¶ 15. IBM, however, should be entitled to vote in the full amount of its amended claim since the Debtors have not established, via this Voting Objection or otherwise, that the claim is not in the correct amount. Indeed, despite generically asserting that the claims are overstated, the Debtors further assert that they "have been unable to fully-reconcile all of the Claims asserted against their estates" (Voting Objection, ¶15), making the current objection pre-mature at best.

14. Moreover, the amount of the reduction that the Debtors seek with respect to IBM's claim, $19,300,000, corresponds to the precise amount of "termination fees" authorized by the Master Services Agreement (as set forth in the spreadsheet attached to IBM's Claim No. 14563). In this regard, the Master Services Agreement (at section 26.01) provides that Circuit City may terminate the agreement for convenience, and, upon the effective date of the termination, pay to IBM a Convenience Termination Fee. Namken Affidavit, Exhibit A, p. 42. Exhibit 1.01 to the Master Services Agreement (Master List of Defined Terms), annexed to the Namken Affidavit as Exhibit E, defines "Termination for Convenience Fee" as meaning, with respect to any

5

termination of the Master Services Agreement pursuant to section 26.01 therein, the applicable amount specified in Exhibit 18.01 (Pricing and Financial Provisions) to the agreement. Exhibit 18.01 provides (at Section 9- Termination Charges) that, if Circuit City terminates the Master Services Agreement for convenience, it will pay IBM (i) the Termination Charges set forth in Attachment 18.01-1 (Pricing Tables) and (ii) IBM's Wind Down Charges. See Namken Affidavit, Exhibit F, p. 29.

15. Circuit City's termination or rejection of the Master Services Agreement occurred in the first month of the third year of that agreement. According to Exhibit 18.01-1 (Pricing Tables- Termination Fees), annexed to the Namken Affidavit as Exhibit G, IBM is entitled to the payment of $19,300,000 in termination charges for any termination in "Month 1" of "Year 3" of the Master Services Agreement. Namken Affidavit, Exhibit G, p. 3. As such, the $19,300,000 included in IBM's Claim No. 14563, the amount by which the Debtors seek to reduce that claim for voting purposes, is provided for contractually under the Master Services Agreement.

16. The rejection of the Master Services Agreement constitutes a breach of that agreement immediately before the date of the filing of the bankruptcy petition. 11 U.S.C. § 365(g)(1). Since the termination charges arose directly from the rejection or breach of the Master Services Agreement, such charges constitute a pre-petition claim against the Debtors. As such, the $19,300,000 termination charges were included properly in IBM's Claim No. 14563.

17. Circuit City is not entitled to reduce IBM's Claim No. 14563 for any purposes, let alone for purposes of voting on the Plan. IBM is entitled to vote on the Plan in the full amount of its $44,966,364.00 claim.

6

WHEREFORE, IBM respectfully requests that this Bankruptcy Court deny the relief sought in the Debtors' Voting Objection as to IBM in its entirety and grant IBM such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia
October 26, 2009

                    INTERNATIONAL BUSINESS
                    MACHINES CORPORATION

                    By: ___/s/ Robert A. Dybing____

Robert A. Dybing (VSB No. 32712)
Robert R. Musick (VSB No. 48601)
*Thompson*McMullan, P.C.
100 Shockoe Slip
Richmond, Virginia 23219
Telephone: (804) 649-7545
Facsimile: (804) 780-1813
rdybing@t-mlaw.com
bmusick@t-mlaw.com

      and

SATTERLEE STEPHENS BURKE
& BURKE LLP
Christopher R. Belmonte (CB-2163)
Pamela A. Bosswick (PB-5307)
Abigail Snow (AS-2960)
230 Park Avenue
New York, New York 10169
(212) 818-9200
*Counsel for International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of October, 2009, I caused a copy of the foregoing to be filed electronically. Notice of this filing will be sent to all parties on the Court's Electronic Mail Notice List by operation of the Court's CM/ECF system. In

7

783347_3

addition, copies were served via first class mail, postage prepaid, to the persons required to be served pursuant to the Procedures Order in this case.

Reginald D. Hedgebeth
Daniel W. Ramsey
Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233


Gregg M. Galardi, Esquire
Ian S. Fredericks, Esquire
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
*Counsel to Debtors*


Timothy G. Pohl, Esquire
Chris L. Dickerson, Esquire
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive, Suite 2000
Chicago, IL 60606
*Counsel to Debtors*


Dion W. Hayes, Esquire
Douglas M. Foley, Esquire
McGuire Woods, LLP
One James Center
901 East Cary Street
Richmond, VA 23219
*Counsel to Debtors*

783347_3

                              Robert B. Van Arsdale, Esquire
                            Office of the United States Trustee
                            701 East Broad Street, Suite 4304
                            Richmond, VA 23219-1888
                            *Assistant United States Trustee*

                                          INTERNATIONAL BUSINESS
                                          MACHINES CORPORATION

                                          By: ___/s/ Robert A. Dybing_____

Robert A. Dybing (VSB No. 32712)
Robert R. Musick (VSB No. 48601)
*Thompson*McMullan, P.C.
100 Shockoe Slip
Richmond, Virginia 23219
Telephone:  (804) 649-7545
Facsimile:   (804) 780-1813
rdybing@t-mlaw.com
*Counsel for International Business Machines Corporation*

9

783347_3