# Exhibit B to Namken Affidavit

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - x
                          :
In re:                    :   Chapter 11
                          :
CIRCUIT CITY STORES, INC.,:   Case No. 08-35653 (KRH)
et al.,                   :
                          :
          Debtors.        :   Jointly Administered
- - - - - - - - - - - - - x

**STIPULATION, AGREEMENT AND ORDER BY AND AMONG THE DEBTORS AND INTERNATIONAL BUSINESS MACHINES CORPORATION FOR REJECTION OF CERTAIN EXECUTORY CONTRACTS AND RELATED RELIEF**

This stipulation and agreement (the "Stipulation") is made as of this 30th day of April, 2009 by and between the debtors and debtors in possession in the above-captioned cases (collectively, "Circuit City" or

the "Debtors")[1] and International Business Machines Corporation ("IBM"). The Debtors and IBM are collectively referred to herein as the "Parties".

WHEREAS, on November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for chapter 11 relief with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").

WHEREAS, pursuant to sections 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), the Debtors are continuing to manage and operate their businesses as debtors in possession.

WHEREAS, Circuit City and IBM are parties to that certain Information Technology Outsourcing Master Services Agreement, dated March 23, 2007, as amended from time to time, and including all associated state-

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

2

ments of work (each, an "SOW"), and all associated contract change requests and project change requests (collectively, the "Master Services Agreement"), pursuant to which IBM agreed to provide certain equipment, software and services to Circuit City. A copy of the Master Services Agreement is attached hereto as Exhibit 1.

WHEREAS, in connection with performing its services under the Master Services Agreement, IBM utilized certain software listed on Exhibit 2 hereto which software is returnable to Circuit City (the "Circuit City Software").

WHEREAS, pursuant to the Master Services Agreement, Circuit City and IBM entered into that certain Statement of Work for Southbury PeopleSoft Hosting, Service Request #CCS10258 (the "PeopleSoft SOW"), dated April 8, 2009, pursuant to which IBM has agreed to host and support the Circuit City PeopleSoft environment in the IBM Southbury Data Center. The PeopleSoft SOW is attached hereto as Exhibit 3.

WHEREAS, pursuant to the Master Services Agreement, Circuit City and IBM entered into that certain Statement of Work for Maintain CCD Environment, Service Request #CCS10260 (the "CCD Environment SOW" and

together with the PeopleSoft SOW, the "Exempt SOWs"), dated April 28, 2009, pursuant to which IBM has agreed to maintain the Circuit City Direct Environment until May 29, 2009. The CCD Environment SOW is attached hereto as Exhibit 4.

WHEREAS, the Exempt SOWs contemplate and specifically allow for the separate rejection of the Master Services Agreement and provide that, following rejection of the Master Services Agreement, the terms of the Master Services Agreement shall continue solely to the extent necessary for the Exempt SOWs. See PeopleSoft SOW at p. 2; CCD Environment SOW at p. 2.

WHEREAS the Debtors have paid all amounts due and owing under the Exempt SOWs in accordance with the terms thereof and no amounts are outstanding thereunder.

WHEREAS, Circuit City and IBM are parties to that certain IBM Customer Agreement, dated July 16, 2004, as amended from time to time (the "Customer Agreement"), pursuant to which Circuit City agreed to purchase certain equipment from IBM and IBM agreed to license certain programs and provide certain services to Circuit City. A copy of the Customer Agreement is attached hereto as Exhibit 5.

WHEREAS, IBM agrees that, as of the date hereof, there are no amounts outstanding under the Customer Agreement. IBM further agrees that the Debtors will have no independent financial obligations under the Customer Agreement going forward.

WHEREAS, on January 8, 2009, the Debtors and IBM submitted to the Court for approval the Stipulation and Agreement By and Among the Debtors and International Business Machines Corporation Regarding Software Licenses and for Related Relief (the "Software License Stipulation"), pursuant to which Circuit City agreed to pay IBM $6,494,899.75 in exchange for additional licenses to use certain software (the "Disputed Software") licensed to the Debtors pursuant to the International Passport Advantage Agreement (the "IPAA") and the International Passport License Agreement (the "IPLA"), as more fully set forth therein.

WHEREAS, due to the Debtors' liquidation, the Software License Stipulation has not yet become effective and the motion to approve the Software License Stipulation (the "Stipulation Approval Motion") has been adjourned from time to time and is currently scheduled to be heard on May 13, 2009.

WHEREAS, the Debtors and IBM have reached an agreement regarding rejection of the Master Services Agreement and related relief.

NOW, THEREFORE, intending to be legally bound hereby, upon order of the Bankruptcy Court as contemplated hereby (the "Order"), the Parties hereto stipulate as follows:

1.  The Master Services Agreement shall be deemed rejected as of April 30, 2009 (the "Rejection Date").

2.  Notwithstanding the foregoing, nothing herein shall be deemed to reject the Exempt SOWs. The Exempt SOWs shall continue in full force and effect for the remainder of its term and shall expire in accordance with their terms.

3.  IBM shall return, at Circuit City's expense, the Circuit City Software to Circuit City on or before ten (10) days after the Rejection Date. IBM shall not retain any copies of the Circuit City Software. No maintenance will transfer with the return of the Circuit City Software unless a separate agreement is executed by IBM and Circuit City with respect thereto.

4. Notwithstanding that invoices may be rendered after the Rejection Date, Circuit City shall pay any amounts outstanding or that come due under the Master Services Agreement during the period prior to the Rejection Date in accordance with the terms thereof. The Debtors reserve all rights with respect to such invoices, including (without limitation) credits, and IBM reserves the right to file administrative claims with respect to any such invoices not paid in the ordinary course.

5. Nothing herein shall be deemed to assume or reject the Customer Agreement. IBM represents and warrants that, under the Customer Agreement uniquely, no amounts will become due from or after April 30, 2009. Such representation and warranty shall survive execution of this Stipulation.

6. The Debtors and IBM reserve all rights with respect to the Software License Stipulation and the Stipulation Approval Motion. Nothing herein shall be deemed to affect the validity of the Software License Stipulation or the Debtors' ability to proceed in seeking Court approval of the Stipulation Approval Motion, IBM's right to file an administrative claim with respect

to the matter set forth therein or the Debtors' rights with respect thereto.

7. In the event that a hearing on the Stipulation Approval Motion has not occurred by May 31, 2009 or such later date as may be agreed to by the Parties, the Stipulation Approval Motion shall be deemed withdrawn and the IPAA and the IPLA shall be deemed rejected, effective as of May 31, 2009 or such later date as agreed to by the Parties (the "Software Rejection Date").

8. IBM may file one or more proofs of claim resulting from the rejection of the Master Services Agreement on or prior to June 30, 2009 and, if applicable, the IPAA and the IPLA within 30 days after the Software Rejection Date.

9. Upon entry of the Order by the Bankruptcy Court, this Stipulation shall be binding upon and shall inure to the benefit of each of the Parties and each of their respective successors and assigns.

10. The Bankruptcy Court shall retain exclusive jurisdiction to hear and determine all matters relating to or arising from this Stipulation.

11. This Stipulation contains the entire agreement and understanding between the Parties with re-

spect to the subject matter hereof, and supersedes and replaces all prior negotiations or proposed agreements, written or oral.

12. This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, but all of which, together will constitute one and the same agreement. This Stipulation may be executed by facsimile or electronic signature which shall have the same force and effect as an original signature.

IN WITNESS WHEREOF, the Parties have set their hands in agreement as of the date written above.

**CIRCUIT CITY STORES, INC.**

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636 (302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores Inc.

INTERNATIONAL BUSINESS MACHINES CORPORATION
and IBM CREDIT, LLC

By:
SATTERLEE STEPHENS BURKE & BURKE LLP
Christopher R. Belmonte
230 Park Avenue
New York, NY 10169
(212) 404-8725

 -and-

ThompsonMcMullan, P.C.

/s/ Robert Dybing
Robert Dybing (VSB No. 32712)
100 Shockoe Slip
Richmond, Virginia 23219
(804) 698-6248

Counsel to International Business Machines Corporation

**ORDER**

Upon consideration of the foregoing, it is hereby:

ORDERED, that the Stipulation is hereby approved in its entirety; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Stipulation and Order.

Dated: Richmond, Virginia
_____, 2009

Jun 10 2009

/s/ Kevin Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: 6/10/09

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

# Exhibit C to Namken Affidavit

B10 (Official Form 10) (4/98)

| UNITED STATES BANKRUPTCY COURT: EASTERN DISTRICT OF VIRGINIA | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: CIRCUIT CITY STORES INC | Case Number: 08-35653 | THIS SPACE IS FOR COURT USE ONLY |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or entity to whom the debtor owes money or property): IBM CORPORATION | ~ Check box if you are aware that anyone has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | COPY |
|---|---|---|
| Name and Addresses Where Notices Should be Sent c/o IBM CORPORATION ATTN BANKRUPTCY COORDINATOR 13800 DIPLOMAT DR DALLAS, TX 75234 Telephone No. 877-426-6006 OPT 1, OPT 1, EXT 4481 | ~ Check box if you have never received any notices from the bankruptcy court in this case. ~ Check box if the address differs from the address on the envelope sent to you by the court. | |

| Account or other number by which creditor identifies debtor: ENTERPRISE NUMBER# 9485000 | Check here __ replaces if this claim __ amends a previously filed claim, dated: |
|---|---|

**1. Basis for Claim**
- ~ Goods Sold
- ~ Services performed
- ~ Money loaned
- ~ Personal injury/wrongful death
- ~ Taxes
- X Other: REJECTION DAMAGES CLAIM

- ~ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ~ Wages, salaries, and compensation (fill out below)
  Your SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)           (date)

**2. Date debt was incurred:** 04/2009

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $37,860,457.00

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

~ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
~ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
  ~ Real Estate    ~ Motor Vehicle
  ~ Other _____
Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Priority Claim.**
~ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
~ Wages, salaries, or commissions (up to $4,300)*, earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - U.S.C. § 507(a)(3)
~ Contributions to an employee benefit plan - U.S.C. § 507(a)(4)
~ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)
~ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507(a)(7)
~ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(8)
~ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) (__)
*Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

7. **Credits:** The amounts of all payments on this claim has been credited and deducted for making this proof of claim.

8. **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If documents are not available, explain. If the documents are voluminous, attach a summary.

9. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**RECEIVED**
JUN 19 2009
KURTZMAN CARSON CONSULTANTS

| DATE /16/2009 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) /S/ VICKY NAMKEN, BANKRUPTCY COORDINATOR |
|---|---|

*Penalty for presenting fraudulent claims:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

16/2009

IBM CORPORATION
STATEMENT OF ACCOUNT
CIRCUIT CITY STORES INC
CHAPTER 11
CASE# 08-35653
FILED DATE 11/10/08
E DIST VA

EJECTION DAMAGES CLAIM

formation Technology Outsourcing Master Services Agreement, dated March 23, 2007 as
mended from time to time, and including all associated statements of work (each, an "SOW")
nd all associated contract change requests and project change requests (collectively, the
Master Services Agreement")

see docket 3579 dated 6/10/09)

REJECTION DATE 4/30/09         AMT OF REJECT DAMAGES

REMAINING CHARGES; REQUEST
FOR SERVICE AND HARDWARE
SERVICE CHARGES                  $9,461,961.00
TERMINATION AMOUNT              $19,300,000.00
REMAINING TRANSITION CHARGES     $9,098,496.00

TOTAL REJECTION DAMAGES         $37,860,457.00

# Exhibit D to Namken Affidavit

B10 (Official Form 10) (4/98)

**UNITED STATES BANKRUPTCY COURT: EASTERN DISTRICT OF VIRGINIA** — **PROOF OF CLAIM**

| Name of Debtor: CIRCUIT CITY STORES INC | Case Number: 08-35653 | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or entity to whom the debtor owes money or property):
IBM CORPORATION

Name and Addresses Where Notices Should be Sent
c/o IBM CORPORATION
ATTN BANKRUPTCY COORDINATOR
13800 DIPLOMAT DR
DALLAS, TX 75234

Telephone No. 877-426-6006 OPT 1, OPT 1, EXT 4481

~ Check box if you are aware that anyone has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
~ Check box if you have never received any notices from the bankruptcy court in this case.
~ Check box if the address differs from the address on the envelope sent to you by the court.

Account or other number by which creditor identifies debtor:
ENTERPRISE# 9485000

Check here ~ replaces
if this claim  X amends a previously filed claim, dated: 6/19/08 KCCLLC CLAIM# 13551

**1. Basis for Claim**
~ Goods Sold
~ Services performed
~ Money loaned
~ Personal injury/wrongful death
~ Taxes
X Other: REJECTION DAMAGES CLAIM

~ Retiree benefits as defined in 11 U.S.C. § 1114(a)
~ Wages, salaries, and compensation (fill out below)
  Your SS #: _____

Unpaid compensation for services performed
from _____ to _____
(date)                (date)

**2. Date debt was incurred:** 04/2009

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $44,966,364.00

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
~ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
~ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
~ Real Estate   ~ Motor Vehicle
~ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Priority Claim.**
~ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
~ Wages, salaries, or commissions (up to $4,300)*, earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - U.S.C. § 507(a)(3)
~ Contributions to an employee benefit plan - U.S.C. § 507(a)(4)
~ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)
~ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7)
~ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(8)
~ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) (__)
*Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amounts of all payments on this claim has been credited and deducted for making this proof of claim.

**8. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

DATE: /14/09

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)
/S/ VICKY NAMKEN, BANKRUPTCY COORDINATOR

Penalty for presenting fraudulent claims: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

8/14/2009

IBM CORPORATION
STATEMENT OF ACCOUNT
CIRCUIT CITY STORES INC
CHAPTER 11
CASE# 08-35653
FILED DATE 11/10/08
E DIST VA

**REJECTION DAMAGES CLAIM**

Information Technology Outsourcing Master Services Agreement, dated March 23, 2007 as amended from time to time, and including all associated statements of work (each, an "SOW") and all associated contract change requests and project change requests (collectively, the "Master Services Agreement")

(see docket 3579 dated 6/10/09)

**REJECTION DATE 4/30/09**               **AMT OF REJECT DAMAGES**

| | |
|---|---|
| REMAINING CHARGES: REQUEST FOR SERVICE AND HARDWARE SERVICE CHARGES | $9,461,961.00 |
| TERMINATION AMOUNT | $19,300,000.00 |
| REMAINING TRANSITION CHARGES | $9,098,496.00 |
| VENDOR SUMMARY PREPAYS PAST 4/30/09 | $350,261.00 |
| SW SUPPORT PO# 52601236 | $1,625,470.00 |
| SW TIVOLI COMPLIANCE | $970,404.00 |
| INSTALLATION CHARGES | $26,080.00 |
| F5 MAINTENANCE | $12,320.00 |
| BLUE SKY HW | $64,218.00 |
| ITS WIND DOWN | $756,044.00 |
| REMAINING LEASES | $3,301,110.00 |
| **TOTAL REJECTION DAMAGES** | **$44,966,364.00** |

**\*\*SEE DVD THAT WAS INCLUDED IN YOUR CLAIM REGISTER# 13551**