Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                  :
In re:           :  Chapter 11
                  :
CIRCUIT CITY STORES, INC., :  Case No. 08-35653 (KRH)
et al.,          :
                  :
         Debtors.  :  Jointly Administered
- - - - - - - - - - - - - - - x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363 AND BANKRUPTCY RULE 9019, FOR ORDER APPROVING SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE DEBTORS AND THE PENSION BENEFIT GUARANTY CORPORATION**

Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to Bankruptcy Code

---

[1]   Each capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Motion.

sections 105(a) and 363 and Bankruptcy Rule 9019

approving the settlement agreement and stipulation (the

"Settlement Agreement") by and among the Debtors and the

Pension Benefit Guaranty Corporation (the "PBGC" and

together with the Debtors, the "Parties" and each of

which is a "Party"), and the Court having reviewed the

Motion; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

A.   The Court has jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334;

B.   This is a core proceeding pursuant to 28

U.S.C. § 157(b)(2) and venue in this district is proper

under 28 U.S.C. §§ 1408 and 1409;

C.   Proper and adequate notice the Motion has

been given under the circumstances, and no other or

further notice is necessary;

F.   Resolution of the disputes between and

among the Debtors and the PBGC as set forth in the

Settlement Agreement attached hereto as <u>Exhibit A</u> is (i)

fair and reasonable and (ii) a reasonable exercise of the

Debtors' sound business judgment and (iii) is in the best

interests of the Parties and all parties in interest; and

it is therefore

**ORDERED, ADJUDGED, AND DECREED that:**

1.    The Motion is GRANTED.

2.    Pursuant to Bankruptcy Code sections 105 and Bankruptcy Rule 9019, the Settlement Agreement is APPROVED in all respects.

3.    Pursuant to Bankruptcy Code section 363, the Debtors are hereby authorized to remit the Settlement Payment in accordance with the Settlement Agreement.

4.    The Debtors may take such actions and execute any documents necessary or appropriate to consummate the Settlement Agreement and the transactions contemplated thereby.

5.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.    The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

7.    This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Settlement Agreement and this Order.

Dated:  Richmond, Virginia
        October __, 2009


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley

**EXHIBIT A**
**Settlement Agreement**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB
SKADDEN, ARPS, SLATE,           No. 34364)
MEAGHER & FLOM, LLP             MCGUIREWOODS LLP
One Rodney Square               One James Center
PO Box 636                      901 E. Cary Street
Wilmington, Delaware            Richmond, Virginia 23219
19899-0636                      (804) 775-1000
(302) 651-3000

                   - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

        IN THE UNITED STATES BANKRUPTCY COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
        Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS AND THE PENSION BENEFIT GUARANTY CORPORATION**

        This settlement agreement and stipulation

(this "Agreement") is entered into by and among the

above-captioned debtors and debtors in possession (the

"Debtors"), on the one hand, and the Pension Benefit

Guaranty Corporation (the "PBGC" and together with the

Debtors, the "Parties" and each of which is a "Party"),

on the other hand.

**GENERAL BACKGROUND**

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of

the United States Trustee for the Eastern District of

Virginia appointed a statutory committee of unsecured

creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has

been appointed in these chapter 11 cases; and

2

WHEREAS, on January 16, 2009, the Court
authorized the Debtors, among other things, to conduct
going out of business sales at the Debtors' remaining
567 stores pursuant to an agency agreement (the "Agency
Agreement") between the Debtors and a joint venture, as
agent (the "Agent").  On January 17, 2009, the Agent
commenced going out of business sales pursuant to the
Agency Agreement at the Debtors remaining stores.  As of
on or about March 8, 2009, the going out of business
sales concluded; and

### SETTLEMENT BACKGROUND

**A.    The Debtors' Pension Plan.**

WHEREAS, the Debtors previously maintained the
Retirement Plan of Circuit City Stores, Inc. (as amended,
the "Pension Plan") to provide retirement benefits for
certain of its employees.  The Pension Plan was
established effective September 1, 1980, and was amended
and restated as of March 1, 2001; and

WHEREAS, the Pension Plan is an employee
pension benefit plan to which 29 U.S.C. § 1321(a)
applies and is not exempt under 29 U.S.C. § 1321(b).
The Pension Plan is therefore covered by Title IV of the

3

Employee Retirement Income Security Act of 1974, as

amended, 29 U.S.C. §§ 1301-1461 ("ERISA"); and

**B.    Termination Of The Pension Plan.**

WHEREAS, on or about April 20, 2009, the PBGC

provided the Debtors with a Notice of Determination,

stating PBGC's determination that the Pension Plan had

to be terminated in order to protect the interests of

the Pension Plan's participants and stating its

intention to seek termination of the Pension Plan under

29 U.S.C. section 1342, either by agreement with Debtor,

Circuit City Stores, Inc., as plan administrator, or by

court action; and

WHEREAS, on May 21, 2009, the Pension Plan

administrator signed a Termination and Trusteeship

Agreement ("Termination Agreement") with respect to the

Pension Plan.  PBGC signed the Termination agreement on

or about May 26, 2009.  Under the Termination Agreement,

the Pension Plan was terminated and PBGC was appointed

statutory trustee of the Pension Plan pursuant to 29

U.S.C. § 1342, and March 31, 2009 (the "Termination

Date"), was established as the date of plan termination

pursuant to 29 U.S.C. § 1348. As a result of the Pension

Plan termination and PBGC's appointment as statutory trustee, PBGC assumed the assets and liabilities of the Pension Plan and is responsible for paying benefits under the Pension Plan, up to the levels permitted by law; and

WHEREAS, on the Termination Date, the Pension Plan had approximately 22,000 participants.  No due and unpaid contributions were owed to the Pension Plan, but PBGC estimated that the difference between the present value of Pension Plan assets on March 31, 2009, and the value of benefit liabilities under the plan as determined under Title IV of ERISA (the "Unfunded Benefit Liabilities") as of March 31, 2009, was $36,900,000.00.

**C.    The PBGC Claims.**

WHEREAS, on January 30, 2009, PBGC filed three proofs of claim, which claims it later amended, in each of the Debtors' cases (collectively, the "PBGC Claims"). Specifically, the PBGC filed amended proofs of claim numbered (i) 14470 (the "Minimum Funding Claim"), (ii) 14491 (the "Unfunded Benefit Liabilities Claim"), and

(iii) 14471 (the "Premium Claim"), each of which is asserted individually against each of the Debtors; and

WHEREAS, PBGC contends that the Debtors are jointly and severally liable for all of the PBGC Claims; and

WHEREAS, the Minimum Funding Claim was filed on account of minimum contributions allegedly due, but unpaid, under the Pension Plan.  PBGC filed such Claim, in the amount of $0.00, but reserved its right to further amend the proof of claim; and

WHEREAS, the Unfunded Benefit Liabilities Claim asserts liability for the Pension Plan's alleged Unfunded Benefit Liabilities measured as of March 31, 2009 -- the date of the Pension Plan's termination. Based on PBGC's calculation under ERISA and its accompanying regulations (the "Regs"), PBGC alleges that the Pension Plan's Unfunded Benefit Liabilities are $36,900,000.00.  The Debtors disagree with PBGC's contentions; and

WHEREAS, the Premium Claim was bifurcated into two claims -- the Annual Premium Claim and the Termination Premium Claim.  The Annual Premium Claim was

6

filed as an administrative expense and seeks payment of

annual flat-rate and variable-rate premiums allegedly

arising under 29 U.S.C. § 1306(a)(3) after the petition

date.  The flat-rate premium is a flat dollar amount per

participant per year, which is currently $33.00.  29

U.S.C. § 1306(a)(3)(A).  The variable-rate premium is

$9.00 for each $1,000.00 of the plan's unfunded vested

benefits each year.  29 U.S.C. § 1306(a)(3)(E).  PBGC

asserts that the total amount of unpaid flat-rate and

variable-rate premiums for the Pension Plan equals

$159,076.00.  The Debtors assert that the PBGC has not

satisfied its burden of demonstrating that the Annual

Premiums should be afforded administrative expense

priority; and

WHEREAS, the Termination Premium Claim was

filed on account of termination premiums allegedly due

under 29 U.S.C. § 1306(a)(7) (the "Termination

Premiums").  See Statement of the Pension Benefit

Guaranty Corporation in Support of its Amended Claim for

Pension Insurance Premiums, at ¶ 7.  Termination

Premiums total $1,250 for each participant in a pension

plan immediately before the plan termination, and are

7

due for a period of three years.  In the case of the

Pension Plan, there were approximately 22,000

participants prior to its termination.  Based on these

figures, PBGC asserts that the Debtors are liable for

Termination Premiums totaling $82,091,250.00.  The

Debtors disagree and contend that the Termination

Premium Claim should be disallowed in its entirety; and

WHEREAS, rather than proceed with litigation

concerning the PBGC Claims, the parties engaged in good

faith, arms' length negotiations to resolve the PBGC

Claims in their entirety.

NOW THEREFORE, for good and valuable

consideration, the receipt and sufficiency of which are

hereby acknowledged, the Parties hereby STIPULATE AND

AGREE as follows:

1.   PBGC shall have an allowed claim equal to

$33.5 million in case no. 08-35653 (KRH)which shall be

paid in the full amount of $33.5 million (the

"Settlement Payment").

2.   The entire Settlement Payment shall be

paid to PBGC within ten business days after entry of an

order by the Bankruptcy Court approving this Agreement.

3.    Upon payment of the Settlement Payment, the PBGC Claims, together with any other claims obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities against the Debtors (or Digital Video Express, LP or the Debtors' foreign affiliates) held by PBGC, shall be deemed fully and finally satisfied.

4.    The PBGC will neither vote to accept nor reject the Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (as amended from time to time, the "Plan").

5.    The Debtors will add the following language to the Plan:

> notwithstanding anything in the Plan or the
> Confirmation Order , no claims, obligations, suits,
> judgments, damages, demands, debts, rights, causes
> of action or liabilities whatsoever against any
> entity, except the Debtors, Digital Video Express,
> LP, and the Debtors' foreign affiliates, with
> respect to the Pension Plan shall be released,
> exculpated, discharged, enjoined, or otherwise
> effected by the Plan, nor shall the entry of the
> Confirmation Order constitute the approval of any
> release, exculpation, discharge, injunction, or
> other impairment of any claims obligations, suits,
> judgments, damages, demands, debts, rights, cause

of action or liabilities whatsoever against any
entity, except the Debtors, Digital Video Express,
LP, and the Debtors' foreign affiliates, with
respect to the Pension Plan.

6.    Notwithstanding anything to the contrary
in paragraph 5 of this Agreement, the Plan or the
Confirmation Order, PBGC hereby releases, waives, and
discharges the Debtors' directors and officers from and
against all claims, obligations, suits, judgments,
damages, demands, debts, rights, causes of action, and
liabilities with respect to the Pension Plan; provided,
however, that nothing herein shall constitute a release,
waiver, or discharge of any such claims, obligations,
suits, judgments, damages, demands, debts, rights,
causes of action, or liabilities arising under Title I
of ERISA for breaches of fiduciary duty (the "Preserved
Claim") against the Debtors' directors or officers;
provided, however, damages, if any, from the Preserved
Claim shall, at most, be limited to and capped at the
difference between (i) the Settlement Payment and (ii)
the Pension Plan's total unfunded benefit liabilities as
determined in accordance with ERISA.  Nothing in this
paragraph or this Agreement shall be construed as or

constitute an admission of liability for the Preserved
Claim or otherwise by the Debtors' directors or
officers.

7.    Neither this Agreement, nor any statement
made or action taken in connection with the negotiation
of this Agreement, shall be offered or received in
evidence or in any way referred to in any legal action
or administrative proceeding among or between the
parties hereto, other than as may be necessary (a) to
obtain approval of and to enforce this Settlement
Agreement or (b) to seek damages or injunctive relief in
connection therewith.

8.    Each of the Parties hereto shall execute
and deliver any and all additional papers, documents and
other assurances, and shall do any and all acts and
things reasonably necessary or appropriate in
conjunction with the performance of their respective
obligations hereunder.

9.    No provision of this Settlement Agreement
is intended to confer any rights, benefits, remedies,
obligations or liabilities hereunder upon any person

other than the parties hereto and their respective
successors.

10.   Except where preempted by applicable
Federal law, this Agreement shall be governed by and
construed in accordance with the internal laws of the
Commonwealth of Virginia without regard to any choice of
law provisions.

11.   This Agreement may be signed in
counterpart originals and delivered by facsimile or
email, which, when fully executed, shall constitute a
single original.

12.   This Agreement constitutes the entire
agreement and understanding of the parties regarding the
Agreement and the subject matter thereof.

13.   The United States Bankruptcy Court for
the Eastern District of Virginia shall retain exclusive
jurisdiction (and the parties consent to such retention
of jurisdiction) with respect to any disputes arising
from or related to, or other actions to interpret,
administer or enforce the terms and provisions of, this
Agreement.

14.   Each person or entity who executes this
Settlement Agreement on behalf of another person or
entity represents and warrants that he, she, or it is
duly authorized to execute this Agreement on behalf of
such person or entity, has the requisite authority to
bind such person or entity, and such person or entity
has full knowledge of and has consented to this
Agreement.   The representations and warranties set forth
in this paragraph shall survive execution of this
Agreement.

15.   This Agreement shall not be modified,
altered, amended or vacated without the written consent
of all parties hereto or order of the Bankruptcy Court.

IN WITNESS WHEREOF, this Agreement is hereby

executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

*Counsel for Circuit City Stores, Inc.,*
*et al., Debtors and Debtors-in-Possession*

PENSION BENEFIT GUARANTY CORPORATION

By:        /s/ Sara B. Eagle

Dated:     October 5, 2009

ISREAL GOLDOWITZ
Chief Counsel
CHARLES L. FINKE
Deputy Chief Counsel
MICHAEL C. MILLER
Assistant Chief Counsel
SARA B. EAGLE
Attorney
1200 K. Street, N.W.
Washington, D.C.  20005
(202) 326-4020

Attorneys for Pension Benefit Guaranty Corporation