```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF VIRGINIA


IN RE:                          . Case No. 08-35653 (KRH)
                                .
                                .
CIRCUIT CITY STORES             . 701 East Broad Street
INC.,                           . Richmond, VA 23219
                                .
                                .
          Debtor.               . October 7, 2009
. . . . . . . . . . . . . . . . . 2:04 p.m.

                        TRANSCRIPT OF HEARING
                BEFORE HONORABLE KEVIN R. HUENNEKENS
                UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtors:            McGuireWoods LLP
                            By:  DOUGLAS FOLEY, ESQ.
                            9000 World Trade Center
                            101 W. Main St.
                            Norfolk, VA  23510

                            McGuireWoods, LLP
                            By:   SARAH B. BOEHM, ESQ.
                            One James Center
                            901 East Cary St.
                            Richmond, VA  23219

                            Skadden, Arps, Slate, Meagher &
                            Flom, LLP
                            By: JESSICA KUMAR, ESQ.
                            155 N. Wacker Drive
                            Chicago, IL  60606

For the Creditors           Tavenner & Beran PLC
Committee:                  By: PAULA S. BERAN, ESQ.
                            20 North Eighth Street
                            Second Floor
                            Richmond, VA  23219


Proceedings recorded by electronic sound recording, transcript
            produced by transcription service
```
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@optonline.net**

**(609) 586-2311    Fax No. (609) 587-3599**

**APPEARANCES (Cont'd):**

| | |
|---|---|
| For the Creditors Committee: | Pachulski, Stang, Ziehl & Jones LLP<br>By: JEFFREY POMERANTZ, ESQ.<br>10100 Santa Monica Boulevard<br>Suite 1100<br>Los Angeles, CA 90067 |
| For Chase: | Kutak Rock LLP<br>By: KIMBERLY A. PIERRO, ESQ.<br>Suite 800<br>Bank of America Center<br>1111 East Main Street<br>Richmond, VA  23219 |

- - -

**J&J COURT TRANSCRIBERS, INC.**

1          UNIDENTIFIED FEMALE SPEAKER:  All rise.  Court is now
2  in session.  Please be seated and come to order.
3          THE CLERK:  In the matter of Circuit City Stores,
4  Incorporated, hearing on items 1 through 20 as set out on
5  debtors' agenda.
6          MR. FOLEY:  Good afternoon, Your Honor, Doug Foley,
7  of McGuireWoods on behalf of the debtors.  With me today at
8  counsel table is Sarah Boehm from McGuireWoods and Jessica
9  Kumar from the law firm of Skadden Arps.  Also here in the
10 courtroom today is Michelle Moser, who is the Principle
11 Financial Officer of the debtors.
12         THE COURT:  All right.
13         MR. FOLEY:  Your Honor, we have a relatively short
14 agenda today, Your Honor.  We'll just take them in order if
15 that pleases the Court.
16         THE COURT:  That's the Court's preference.
17         MR. FOLEY:  The first matter, Your Honor, is our,
18 again, our lease disposition motion.  There is one outstanding
19 item yet to be resolved and that's the objection of 444
20 Connecticut Avenue to assumption or assignment of the lease and
21 the cure amounts as relates to some attorneys fees that they're
22 claiming with respect to the cure obligation.  They've agreed
23 to adjourn that request until the November 3rd hearing date, at
24 which time we believe that matter will be going forward.
25         THE COURT:  So that will go forward that day?

1         MR. FOLEY:  We believe it will go forward that day,
2  Your Honor.
3         THE COURT:  All right, thank you.
4         MR. FOLEY:  Your Honor, item number 2 is the
5  application of Info Gain Corporation, for allowance and payment
6  of administrative expense priority claim.  We are in
7  negotiations with them regarding a resolution of this matter.
8  We have a resolution in principle as to the dollar amounts.
9  We're evaluating whether or not the estate can give them a
10 release with respect to Chapter 5 claims and we're evaluating
11 potential preference exposure.  Assuming we can get comfortable
12 with that, we will coordinate with the committee to get their
13 approval on a settlement and we hope that we'll be able to
14 present terms of a settlement and take it off the docket on the
15 October 15th hearing date, which is next week, Your Honor.
16        THE COURT:  Okay.
17        MR. FOLEY:  Your Honor, item number 3 is our
18 objection to Panasonic Corporation's 503(b)(9) claim.  Your
19 Honor, this has to do with issues relating to physical delivery
20 of the product.  We are in negotiations with Panasonic with
21 respect to the parameters of the objection and have agreed to
22 give them until October 27th to file a response to the
23 objection and we've agreed to, at their request, to adjourn the
24 matter until the November 3rd hearing date at 11, Your Honor.
25        THE COURT:  Now, is that going to go forward that day

1  or is that expected to be resolved?
2            MR. FOLEY:  It's unclear.  We might be able to
3  resolve that, but we're anticipating that it's probably going
4  to have to go forward, Your Honor.
5            THE COURT:  Okay.
6            MR. FOLEY:  Your Honor, item number 4, this is our
7  complaint against Sirius XM Radio with respect to collection of
8  certain amounts that are owed to the estate.  We recently, just
9  a few days ago, received a significant settlement offer from XM
10 Sirius, well into the seven figures, so we'd like an
11 opportunity to evaluate that and formulate a response.  So, we
12 think it's probably premature at this point to set a scheduling
13 order with respect to this matter because we might be able to
14 resolve it before the November 3rd hearing date.  So, we would
15 ask that the pretrial conference be adjourned until that date,
16 Your Honor.
17           THE COURT:  That will be adjourned.
18           MR. FOLEY:  Your Honor, item number 5, Ms. Pierro is
19 here with respect to that.  There's no opposition from the
20 debtors with respect to that.
21           THE COURT:  All right.
22           MS. PIERRO:  Good afternoon, Your Honor, Kimberly
23 Pierro here on behalf of Chase and we're here on our motion to
24 file certain documents under seal.  This is in connection to
25 the response filed to the debtors' 31st omnibus objection to

1  claims where one of the supporting declarations included
2  certain program and credit card agreements with the debtor and
3  we ask that those two agreements, copies of which have been
4  provided to debtors' counsel, the trustee and the Court, be
5  filed under seal, if used at the hearing, and generally
6  speaking they were not included in the public filing.  So, we
7  would ask the Court to grant our motion to allow those
8  documents to be kept under seal.
9              THE COURT:  And then with regard to the availability
10 of the documents to the debtor and the Office of the Trustee,
11 is there a protective order that has been arranged, or is that
12 just by agreement of counsel?
13             MS. PIERRO:  No protective order has been arranged at
14 this time and I have not received any questions from either the
15 debtor or the Trustee's Office, as to either the documents or
16 entering into any kind of particular order.
17             THE COURT:  And have the documents been shared with
18 the committee?
19             MS. PIERRO:  I don't think that they have.  We can
20 certainly make that available.
21             MR. POMERANTZ:  Yes, Your Honor, this is Jeff
22 Pomerantz.  I was just going to mention that.  I don't believe
23 received a copy of the documents and we would like to receive
24 them as well.
25             THE COURT:  I'm sorry, who is that on the phone?

1           MR. POMERANTZ:  It's Jeff Pomerantz from Pachulski,
2  Stang, counsel to the Creditors' Committee.
3           THE COURT:  I'm sorry, Mr. Pomerantz, I just didn't
4  hear you introduce yourself at the beginning.  All right.  And
5  so the Creditors' Committee would like to receive copies of
6  these documents?
7           MR. POMERANTZ:  Yes, we would.
8           THE COURT:  Okay, very good.
9           MS. PIERRO:  And we would just like that to be under
10 some sort of protective order agreement with the committee if
11 that's --
12          THE COURT:  Well, I'll leave it up to counsel how you
13 want to do that.  I was just curious because I hadn't seen a
14 protective order.  But I will allow you -- grant your motion to
15 file the documents under seal.  I will require that you provide
16 a copy to counsel for the Creditors' Committee, pursuant to
17 either agreement of counsel or appropriate protective order.
18          MS. PIERRO:  Thank you.
19          MR. FOLEY:  Your Honor, item number 6 on the agenda
20 and on the last item, Your Honor, there certainly is an
21 agreement among counsel to keep the documents uncirculated.
22          THE COURT:  All right.  And I assumed as much. I just
23 was curious because I had not seen any formal order to that
24 effect.
25          MR. FOLEY:  Your Honor, item number 6 is our second

1  motion with respect to 502(c) and Rule 3018, to temporarily
2  allow certain personal injury tort wrongful death claims for
3  voting purposes at the amount of zero.  These were five claims
4  that we failed to include in our initial motion that was on for
5  hearing at the last hearing.  We filed this before the last
6  hearing, such that we were able to send out ballots that
7  conformed to the relief that we're seeking in this motion.
8           Your Honor, there's been no response, there was a
9  total of claim five claims.  The total dollar value of the
10 claims, as filed, is 9.75 million and to the extent any parties
11 seek to file a voting motion, Your Honor, we'll obviously
12 coordinate and work with those parties to see if we can't
13 consensually resolve that before the confirmation hearing.  But
14 we would ask the Court to grant the relief, there's been no
15 response.
16          THE COURT:  All right.  Does any party wish to be
17 heard in connection with the debtors' motion?
18                  (No audible response)
19          THE COURT:  All right.  That motion will be granted.
20          MR. FOLEY:  Thank you, Your Honor.  Ms. Boehm from my
21 firm will address items number 7 through 17 on the docket and
22 Ms. Beran will address the balance of the items on the agenda,
23 Your Honor.
24          THE COURT:  All right.  Thank you, Mr. Foley.
25          MS. BOEHM:  Good afternoon, Your Honor.

1            THE COURT:  Afternoon, Ms. Boehm.
2            MS. BOEHM:  Sarah Boehm from McGuireWoods on behalf
3  of the debtors.  Item number 7 on the agenda is the debtors'
4  37th omnibus objection to claims, which was the reduction of
5  certain personal property tax claims.
6            This objection included 120 claims that were docketed
7  in an approximate amount of $4.6 million.  These were claims
8  filed by taxing authorities for 2009 personal property taxes on
9  personal property at the various store locations.  And we
10 received numerous responses to this objection, most of which
11 were attached to Exhibit A.  We have received some additional
12 responses to that and we would ask the Court at this status
13 hearing to order the claims reduced in the amount set forth on
14 the exhibits as they were filed and to the extent that a
15 response has been received, we would ask the Court to adjourn
16 that for further status hearing to December 7th.
17           THE COURT:  And, those are the matters, respondents
18 that are listed on Exhibit A?
19           MS. BOEHM:  Those include Exhibit A and there's also,
20 I believe, two more that we've received since that was
21 published, so we will add those to the adjourned exhibit as
22 well.
23           THE COURT:  All right.  Those will be adjourned.
24           MS. BOEHM:  Thank you.  And, we will submit orders,
25 one order with the two separate exhibits.  One ordering those

1  for non-responders and one adjourning those for who responded.
2          Items 8 through 17, on the agenda related to the fee
3  applications filed by the various debtors' professionals.  The
4  bulk of those are for the third interim applications for
5  Skadden Arps, McGuireWoods, Kirkland & Ellis, FTI, KPMG, Ernst
6  & Young and DJM Realty.
7          I have an exhibit, Your Honor, that summarizes the
8  fees requested by all the debtors' professionals that I could
9  hand up.
10         THE COURT:  You may.
11         MS. BOEHM:  And I left a copy for counsel.  In
12 addition to those third interim fee applications that I just
13 mentioned, we also filed the first interim fee application for
14 Stream Bank, who was an IP consultant that was retained, I
15 believe, in April, and then two interim applications on behalf
16 of the Consumer Privacy ombudsman, that was retained in
17 connection with the -- or who was appointed in connection with
18 the IP sales.  She had set hers up one application per report
19 that she prepared and the work done in conjunction to those, so
20 that they could be separated out for ease of reviewing.
21         We did not receive any formal or informal objections
22 to any of the fee applications that we filed and we would ask
23 the Court to enter those on an interim basis, and we would
24 submit separate orders for each of those professionals.
25         THE COURT:  All right.  Does any party wish to be

1  heard in connection with the applications for compensation of
2  Skadden Arps, McGuireWoods, Kirkland & Ellis, FTI Consulting,
3  KPMG, Ernst & Young, DJM Realty Services, Stream Bank, or the
4  Consumer Privacy ombudsman?
5             (No audible response)
6         THE COURT:  All right.  The Court has reviewed each
7  of these applications and has found them to be entirely in
8  order and there being no objection to any of the requested fees
9  or expenses, the Court will approve the applications and please
10 submit a consent order -- separate consent -- separate order,
11 rather, in connection with each one of those applications.
12        MS. BOEHM:  Thank you, Your Honor.
13        MS. BERAN:  Good afternoon, Your Honor.  For the
14 record, Paula Beran, of the law firm of Tavenner & Beran and as
15 local counsel to the Official Committee of Unsecured Creditors.
16        As indicated by debtors' counsel, the last three
17 remaining items on Your Honor's docket this afternoon are --
18        THE COURT:  These are the contested matters?
19        MS. BERAN:  Yes, Your Honor.  In all sincerity, Your
20 Honor, they are the three applications of professionals for the
21 committee, specifically the law firm of Pachulski, Stang, Ziehl
22 & Jones, my law firm, Tavenner & Beran, and the financial
23 advising firm of Protivity, Inc.
24        In connection with these three applications,
25 Pachulski, Stang seeks compensation in the amount of $356,558

1  and expense reimbursement in the amount of $10,056.26.
2  Tavenner & Beran seeks compensation in the amount of $36,529
3  and expense reimbursement in the amount of $583.10.  And,
4  finally, Your Honor, the firm of Protivity, Inc., seeks
5  compensation in the amount of $452 -- excuse me, $452,355 and
6  expense reimbursement in the amount of $1,192.01.
7           In connection with these three applications, Your
8  Honor, notice was sent to all requisite parties.  To date,
9  there have been no objections received.  To the extent Your
10 Honor has any questions about any of the three applications,
11 Mr. Pomerantz is on the phone to answer any questions as it
12 relates to Pachulski's application; Mr. Smith is here as it
13 relates to Protivity's application and I, myself, Paula Beran,
14 can answer anything as it relate to Tavenner & Beran.
15          THE COURT:  All right, very good.  Does any party
16 wish to be heard in connection with the applications for
17 compensation of Pachulski, Tavenner & Beran or Protivity?
18          (No audible response)
19          THE COURT:  All right.  Ms. Beran, the Court has
20 reviewed these applications as well and has also found these
21 applications also to be entirely in order.  There being no
22 objection to the applications, the Court will approve them and
23 I will ask you to submit a separate order as to each of them.
24          MS. BERAN:  Thank you, Your Honor, we will.
25          THE COURT:  All right.

1      MR. FOLEY:  Your Honor, I believe that concludes the
2  matters on the agenda for today.  I can only hope that next
3  week's hearings will be just as brief, but I doubt it.
4      THE COURT:  Okay.  Very good.  Thank you.
5      MR. FOLEY;  Thank you, Your Honor.
6      THE CLERK:  All rise.  Court is now in recess.
7                * * * * *
8              **C E R T I F I C A T I O N**
9
10    I, ELAINE HOWELL, court approved transcriber, certify that
11  the foregoing is a correct transcript from the official
12  electronic sound recording of the proceedings in the
13  above-entitled matter and to the best of my ability.
14
15
16
17  /s/ Elaine Howell              Date:  October 23, 2009
18  ELAINE HOWELL
19  J&J COURT TRANSCRIBERS, INC.

**J&J COURT TRANSCRIBERS, INC.**