**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. **08-35653** |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**MOTION OF THOMSON WEST FOR ORDER DIRECTING**
**DEBTORS TO PAY ADMINISTRATIVE EXPENSES PURSUANT TO**
**11 U.S.C. §§ 503(b) AND 507(a) AND REQUEST FOR RELATED RELIEF**

Thomson West ("West," f/d/b/a West Group), by its counsel, Troutman Sanders LLP, and Moss & Barnett, A Professional Association, hereby moves for the entry of an order directing Circuit City Stores, Inc. ("Circuit City") and its affiliated Debtors (collectively, the "Debtors") to pay immediately, as administrative expenses pursuant to 11 U.S.C. §§ 503(b) and 507(a), $10,243.98 due on account of post-petition services provided by West to the Debtors.

**PRELIMINARY STATEMENT**

The Debtors have failed to pay West for services provided to the Debtors during the post-petition period pursuant to the Subscriber Agreement between Debtors and West, a provider of information services. In support of this Motion, West submits the declaration of Thomas Caneff, Third Party Finance Coordinator for West's parent company, Thomson Reuters (the "Caneff Declaration").

**Jonathan L. Hauser (VA Bar No. 18688)**
**John C. Lynch (VA Bar No. 39367)**
**Troutman Sanders LLP**
**222 Central Park Avenue, Suite 2000**
**Virginia Beach, VA  23462**
**Telephone:  (757) 687-7765**
**Counsel for ThomsonWest**

## BACKGROUND

The Debtors commenced these jointly-administered bankruptcy cases on November 10, 2008 (the "Petition Date"), by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued to operate and manage their businesses as Debtors-in-Possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

West provided information services to the Debtors, pursuant to a Westlaw Subscriber Agreement entered into by the parties on or about November 20, 2003 (the "Agreement"). (Caneff Decl. ¶ 3.) A true and correct copy of the Agreement, with subsequent executed Amendments is annexed to the Caneff Declaration as Exhibit A. Debtors received invoices monthly. (*Id.*) The types of information services contemplated by the agreement included access to Westlaw's proprietary databases of corporate and legal information.

On and after the Petition Date, the Debtors continued to use West's information services. The Debtors have not remitted payment for the usage periods April 1-April 30, 2009, May 1-May 31, 2009, and June 1-June 30, 2009. The unpaid invoices are summarized as follows:

| Invoice Number | Date | Amount |
|---|---|---|
| 0818272207 | 5/1/09 | $3,121.98 |
| 0818456286 | 6/1/09 | $3,561.00 |
| 0818645392 | 7/1/09 | $3,561.00 |
| 818837877 | 8/1/09 | $3,561.00 |
| | TOTAL: | **$13,804.98** |

A true and correct copy of the Balance Detail Report evidencing the aging of the invoices is attached to the Caneff Declaration as Exhibit F. Through July 31, 2009, Debtors owe West a total of $13,804.98 on account of post-petition services provided to Debtors by West.

## POINTS OF LAW

**I.  LEGAL STANDARD**

Section 503(b) of the Bankruptcy Code provides, in relevant part:

> After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including --
> (1) (A) the actual, necessary costs and expenses of preserving the estate, including --
>
> (i) wages, salaries, and commissions for services rendered after the commencement of the case[.]

Section 507(a) further provides that such administrative expenses are priority claims, second only to claims for certain domestic support obligations and trustee's expenses, if applicable. *See* 11 U.S.C. § 507(a). Section 507(a), along with § 503(b) grants priority to administrative expenses in order to "encourage the provision of goods and services to the estate, and to compensate those who expend new resources attempting to rehabilitate the estate." *In re Carpet Ctr. Leasing Co.*, 991 F.2d 682, 685 (11th Cir. 1993) (internal citation omitted).

The Fourth Circuit has parsed the "actual" and "necessary" requirement and stated a two-prong test; "For a claim to qualify as an actual and necessary administrative expense, '(1) the claim must arise out of a post-petition transaction between the creditor and the debtor-in-possession (or trustee) and (2) the consideration supporting the claimant's right to payment must be supplied to and beneficial to the debtor-in-possession in the operation of the business.'" *In re Merry-Go-Round Enters., Inc.*, 180 F.3d 149, 157 (4th Cir. 1999) (internal citations and quotations omitted).

## II. THE SERVICES PROVIDED BY WEST TO DEBTORS SHOULD BE TREATED AS ADMINISTRATIVE EXPENSES

All of the information charges detailed above were incurred by Debtors post-petition and were beneficial to the operation and preservation of the estate. Under the terms of the Debtors' Subscriber Agreement with West, Debtors represented that they "[would] pay all invoices in full within 30 days of receipt."

The services provided to Debtors by West were also beneficial to the operation of the estate. Insofar as legal and corporate professionals rely on Westlaw for information needed to conduct their day-to-day operations and interactions and agreements with vendors and other parties, West's services were integral to Debtors' efforts to preserve the estate and the Debtors' value as a going concern. West's services were critical to the operation and preservation of the estate and the second prong of the administrative expense test is therefore satisfied.

Finally, West's dealings with the Debtors were on an unsecured basis, despite the bankruptcy filing. (Caneff Decl. ¶ 4.) Under § 364(a) of the Bankruptcy Code, Debtors may obtain unsecured credit and incur unsecured debt in the ordinary course of business, and such expenses are allowable as administrative expenses under § 503(b). This is exactly the case here -- Debtors' unsecured debt to West was incurred in the ordinary course of the Debtors' business -- and West's post-petition claim, for this reason too, is entitled to administrative expense priority.

## RESERVATION OF RIGHTS

West expressly reserves any and all of its rights under the Agreement, all other agreements between the parties, and applicable law. Nothing contained herein shall operate as a waiver of any of West's claims, rights, or remedies.

- 5 -

## NO PRIOR REQUEST

West has not made a previous application for the relief requested herein to this or any other Court.

## WAIVER OF MEMORANDUM OF LAW

West respectfully requests that the Court treat this Motion as a written memorandum of points and authorities and waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as required by Local Bankruptcy Rule 9013-1(G). West reserves the right to file a brief in reply to any objection to this Motion.

**WHEREFORE**, West respectfully requests that this Court enter an order: (1) directing the Debtors to pay immediately the amounts due on account of post-petition services provided to the Debtors pursuant to the Agreement, totaling $13,804.98, as administrative expenses pursuant to 11 U.S.C. §§ 503(b) and 507(a); and (2) granting West such other and further relief as the Court deems just and proper.

                                                  TROUTMAN SANDERS LLP

Dated: October 27, 2009

By   */s/ Jonathan L. Hauser*
Jonathan L. Hauser (VA Bar No. 18688)
John C. Lynch (VA Bar No. 39367)
222 Central Park Avenue
Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7765

MOSS & BARNETT
  A Professional Association
Sarah E. Doerr (MN Bar No. 338679)
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis MN 55402-4129
Telephone: (612) 877-5000

**COUNSEL FOR CLAIMANT THOMSON WEST**

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing was sent either electronically or by first class mail, postage prepaid, this 27th day of October, 2009, to all necessary parties including:

**Debtors:**
Circuit City Stores, Inc.
Attn: Reginald D. Hedgebeth
Attn: Daniel W. Ramsey
9950 Maryland Drive
Richmond, VA 23233

**Counsel for Debtors:**
Daniel F. Blanks, Esq.
Douglas M. Foley, Esq.
McGuire Woods, LLP
9000 World Trade Center
101 W. Main Street
Norfolk, VA 23510

Greg Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden Arps, Slate Meagher & Flom, LLP
One Rodney Square
Box 636
Wilmington, DE  19899

Chris L. Dickerson, Esq.
Skadden Arps, Slate Meagher & Flom, LLP
333 W. Wacker Drive
Chicago, IL  60606

**Special Counsel for Debtors**
Linda K. Myers, Esq.
Kirland & Ellis, LLP
200 E. Randolph Drive
Chicago, IL  60601

**Counsel for the Official Committee of Unsecured Creditors**
Lynn L. Tavenner, Esq.
Tavenner & Beran, PLC
20 N. Eighth Street, 2nd Floor
Richmond, VA  23219

Brad R. Godshall, Esq.
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA  90067-4100

Robert J. Feinstein, Esq.
Jeffrey N. Pomerantz, Esq.
Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 26th Floor
New York, NY  10017

**Office of the U.S. Trustee**
Robert B. Van Arsdale, Esq.
Office of the U.S. Trustee
701 E. Broad Street, Suite 4304
Richmond, VA  23219

*/s/ Jonathan L. Hauser*

391362v1