UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CIRCUIT CITY STORES, INC., et al. | ) Case No. 08-35653-KRH |
|  | ) |
| Debtor, | ) Jointly Administered |

**REQUEST FOR ALLOWANCE OF CHAPTER 11
(1) *AMENDED* ADMINISTRATIVE EXPENSE CLAIM
AND; (2) *AMENDED* GENERAL UNSECURED CLAIM
BY 412 SOUTH BROADWAY REALTY LLC**

412 South Broadway Realty LLC ("412 South"), as successor in interest to Principal

Mutual Life Ins. Co. ("Principal"), GA Salem LLC ("GAS"), and Circuit NH Corp. ("Circuit

NH") submits this Request in the Chapter 11 bankruptcy case of Circuit City Stores, Inc.

("Debtor"). This Request seeks (1) to amend the amount of 412 South's administrative claim to

eliminate amounts claimed for unpaid post-petition rent (Claim No. 13675); (2) to consolidate its

amended administrative claim with duplicative general unsecured claims by Principal, GAS, and

Circuit NH, which were assigned to 412 South; and (3) allowance of 412 South's claims.[1]

---

[1] The claims to be consolidated are:
- Claim No. 8235- $81,829.00 (Principal);
- Claim No. 12568- $569,140.20 (GAS);
- Claim No. 13397- $604,013.32 (Circuit NH); and
- Claim No. 13675- $146,486.24 (412 South).

| | |
|---|---|
| Robert Somma, Esquire | Augustus C. Epps, Jr., VBS No. 13254 |
| Laura A. Otenti, Esquire | Michael D. Mueller, VSB No. 38216 |
| POSTERNAK BLANKSTEIN & LUND LLP | Jennifer M. McLemore, VSB No. 47164 |
| Prudential Tower | Christian & Barton, L.L.P. |
| 800 Boylston Street | 909 East Main Street, Suite 1200 |
| Boston, MA  02199 | Richmond, VA  23219 |
| (617) 973-6100 | (804) 697-4104 |
| | |
| *Counsel for 412 South Broadway Realty LLC* | *Local counsel to 412 South Broadway Realty LLC* |

412 South seeks consolidation and allowance of the following claims into one claim:

Claim No. 8235, Claim No. 12568, Claim No. 13397; and Claim No. 13675.  The result of the

amendment and consolidation will be a general unsecured claim of **$601,869.00**, and an

administrative claim in the amount of **$48,281.97** held by 412 South and which are summarized

below:

| Date Claim Filed | Original Claimant | Original Amount | Type | Original Claim No. | Resulting Claim |
|---|---|---|---|---|---|
| 1/29/2009 | Principal | $81,829.00 | Pre-petition rent | 8235 | Claimant:412 South |
| 4/28/2009 | GAS | $569,140.20 | Rejection damages | 12568 | |
| 6/16/2006 | Circuit NH | $604,013.32 | Pre-petition rent, rejection damages, and post-petition rent. | 13397 | Administrative Claim: $48,281.97 |
| 6/26/2006 | 412 South | $146,486.24 | Post-petition rent | 13675 | General Unsecured Claim: $601,869.00 |

## I.  FACTS

All of the claims at issue arise out of a certain lease of property located in Salem, New

Hampshire ("Property"), identified by the Debtor as No. 4120 ("1993 Lease"), which was made

between the Debtor and Circuit NH, as successor to Circuit Investors #5- Salem Limited

Partnership ("Circuit Investors").

### A.  Procedural Background

1.  On November 10, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for

relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101 *et seq.*

2.  On May 18, 2009, counsel to the Debtor filed a Notice of Deadline for Filing

Administrative Expense Requests, establishing June 30, 2009 as the bar date by which any entity

asserting a Chapter 11 expense of administration claim, for any claim which arose on or after the

2

Petition Date and before April 30, 2009 ("Administrative Period"), must file a request for

allowance of an administrative expense claim.

3.  On March 5, 2009, the Debtor filed a Notice of Rejection of Unexpired Leases and

Abandonment of Personal Property (the "Notice of Rejection"), whereby the Debtors rejected,

*inter alia*, the 1993 Lease as of March 12, 2009.  See Notice of Rejection of Unexpired Leases

and Abandonment of Personal Property [Docket No. 2434].

### B.  Assignments of Claims

4.  Pursuant to an Assignment of Leases and Rents dated June 30, 1993 by and between

Circuit Investors and Principal, Circuit Investors and Circuit NH as successor in interest assigned

all of their right, title and interest in the Property under the 1993 Lease to Principal.

5.  Pursuant to an Assignment of Assignment of Leases and Rents dated March 26, 2009,

Principal assigned all of its right, title, and interest in and to the Property under the 1993 Lease to

GAS.

6.  On June 5, 2009, 412 South acquired all of GAS's right, title, and interest in and to the

Property under the 1993 Lease pursuant to a Note Sale and Assignment Agreement, Assignment

of Assignment of Leases and Rents, Assignment of Proof of Claim from Principal Life Insurance

Co., and Assignment of Proof of Claim of GA Salem LLC.

7.  On August 5, 2009, Circuit NH assigned its Proofs of Claim to 412 South.

8.  Accordingly, as of August 5, 2009, the rights of Circuit Investors, Circuit NH,

Principal, and GAS vested in 412 South.

### C.  Proofs of Claim

10.  On January 29, 2009, Principal filed a general unsecured Proof of Claim (Claim No.

8235) in the amount of $81,829.00 for unpaid prepetition rent arising under the 1993 Lease.

11.  On April 28, 2009, GAS filed a general unsecured Proof of Claim (Claim No. 12568) in the amount of $569,140.20 for damages arising from the Debtor's rejection of the 1993 Lease.

12.  On June 16, 2009, Circuit NH filed a Proof of Claim (Claim No. 13397) in the amount of $604,013.32 for prepetition rent, rejection damages, and an administrative claim for post-petition rent pursuant to the 1993 Lease.

13.  On June 26, 2006, 412 South filed an administrative priority Proof of Claim (Claim No. 13675) in the amount of $146,486.24 for post petition rent under the 1993 Lease.

### III.  THE ADMINISTRATIVE CLAIM

14.  Pursuant to the 1993 Lease, the Debtor is required to pay (i) basic rent, plus (ii) additional rent including, without limitation, maintenance, taxes, and legal requirements.  A true and accurate copy of the 1993 Lease is attached as Exhibit A.[2]

15.  The Debtor used and possessed the Property from the Petition Date until it rejected the 1993 Lease on March 12, 2009.

16.  Pursuant to Section 8 of the 1993 Lease, Debtor is obligated, "before interest or penalties are due thereon, [to] pay and discharge all taxes of every kind and nature…."  During the Administrative Period, the Debtor failed to pay its pro-rata share of taxes that accrued equaling $21,681.97 (115 days x $33,937 ÷ 180 days).  A true and accurate copy of the tax invoices from the Petition Date through the Administrative Period is attached as Exhibit B.[3]

17.  Section 11 of the 1993 Lease obligates the Debtor to maintain the Property in good repair and appearance and to make all repairs and replacements that may be required.  Additionally, Section 8(b) the Debtor agreed to comply with legal requirements.  During the

---

[2]  Because the exhibits are so large, they have been hand delivered to counsel to the Debtors.  They will be provided to other parties upon request.
[3]  Because the exhibits are so large, they have been hand delivered to counsel to the Debtors.  They will be provided to other parties upon request.

Administrative Period, Debtor failed to make repairs or to maintain the Property, including modifications required by law, estimated to equal $26,600.  A true an accurate copy of the estimated costs is attached as <u>Exhibit C</u>.[4]

18.  A true and accurate copy of Principal's ledger showing rent payments is attached as <u>Exhibit D</u>.

## IV.  GENERAL UNSECURED CLAIMS

### A.  Rejection Damages

21.  Pursuant to § 502(b)(6) of the Bankruptcy Code, the Debtor's rejection of the 1993 Lease gives rise to damages equal to the greater of one year of rent, or rent for 15 percent of the remaining term but not to exceed three years rent.  The rejection damages include taxes, insurance, and common area maintenance reserved under the lease.

Calculation of One Year's Rent Reserved:

| Rent | Taxes | Insurance | Common Area Maintenance | Total |
|---|---|---|---|---|
| $427,200 | $71,098 | $3,167 | $3,000 | $504,465 |

Calculation of 15% of Balance of Term:

| Period | Rent | Taxes | Insurance | Common Area Maintenance | Total |
|---|---|---|---|---|---|
| 11/10/08-07/31/09 | $309,720 | $51,230 | $2,282 | $3,000 | $366,232 |
| 08/01/09-07/31/10 | $427,200 | $71,098 | $3,167 | $17,580 | $519.045 |
| 08/01/10-07/31/11 | $427,200 | $73,231 | $3,262 | $2,500 | $506,193 |
| 08/01/11-07/31/12 | $427,200 | $75,428 | $3,360 | $2,500 | $508,488 |

---

[4]  Because the exhibits are so large, they have been hand delivered to counsel to the Debtors.  They will be provided to other parties upon request.

| 08/01/12-07/31/13 | $427,200 | $77,691 | $3,461 | $18,000 | $526,352 |
|---|---|---|---|---|---|
| 08/01/13-07/31/14 | $427,200 | $80,021 | $3,564 | $3,300 | $514,085 |
| 08/01/14-07/31/15 | $427,200 | $82,422 | $3,671 | $250,580 | $763,873 |
| **Total:** | | | | | $3,704,268 |
| **15% of Total** | | | | | $555,640.20 |

Calculation of Three Years' Rent Reserved:

| Period | Rent | Taxes | Insurance | Common Area Maintenance | Total |
|---|---|---|---|---|---|
| 11/10/08-11/09/09 | $427,200 | $71,098 | $3,167 | $3,000 | $504,465 |
| 11/10/09-11/09/10 | $427,200 | $71,684.58 | $3,193.13 | $78,683 | $580,760.71 |
| 11/10/10-11/09/11 | $427,200 | $73,835.18 | $3,288.95 | $2,500 | $506,824.13 |
| **TOTAL:** | | | | | $1,592,049.84 |

22.  Accordingly, 412 South holds a claim against the Debtor in an amount not less than **$555,640.20** on account of damages incurred as a result of the rejection of the 1993 Lease.

### B.  Pre-petition Rent

23.  As of the petition date, the Debtor was indebted on account of its rent obligations under the 1993 Lease for the following amounts:

- November 2008
  ($36,500/month ÷ 30 days/month x 9 days) =   $10,680.00

- Taxes   $35,549.00

        **TOTAL**   **$46,229.00**

### V.  RESERVATION OF RIGHTS

24.  This Request is not intended to be construed as (a) an election of remedies, (b) waiver of any past, present, or future rights or defenses; or (c) waiver of any claims against the Debtor.

6

25.  412 South expressly reserves its right to amend and/or supplement this Request further to include additional amounts and/or claims.


Dated:  October 27, 2009

**412 SOUTH BROADWAY REALTY LLC**


By: /s/ Augustus C. Epps, Jr.
      Augustus C. Epps, Jr., local counsel


Robert Somma, Esquire
Laura A. Otenti, Esquire
Posternak Blankstein & Lund LLP
Prudential Tower
800 Boylston Street
Boston, MA  02199
(617) 973-6100

    and

Augustus C. Epps, Jr., Esquire
Michael D. Mueller, Esquire
Jennifer M. McLemore, Esquire
Christian & Barton, L.L.P.
909 East Main Street, Suite 1200
Richmond, VA  23219-3095
(804) 697-4104

Counsel to 412 South Broadway Realty LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October, 2009, I caused a copy of the foregoing to be served via electronic means to the parties on the Court's CM/ECF system.


/s/ Augustus C. Epps, Jr.
Augustus C. Epps, Jr.


994869v2