**KUTAK ROCK LLP**
Peter J. Barrett (Va. Bar No. 46179)
Kimberly A. Pierro (Va. Bar No. 71362)
1111 East Main Street, Suite 800
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192

**SORLING, NORTHRUP, HANNA, CULLEN & COCHRAN, LTD.**
R. Lee Allen, Esq. (*admitted pro hac vice*)
Emily B. Cour, Esq.
Suite 800 Illinois Building
P.O. Box 5131
Springfield, Illinois 62705
Telephone: 217-544-1144
*Co-counsel for Magna Trust Company, Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

In re:

CIRCUIT CITY STORES, INC., *et al.*,

          Debtors.

Case No. 08-35653-KRH
Chapter 11
Jointly Administered

## RESPONSE AND OPPOSITION TO DEBTORS' FORTY-SECOND OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN AMENDED CLAIMS) SEEKING TO DISALLOW CLAIM 8959 FILED BY MAGNA TRUST COMPANY

Magna Trust Company[1], Trustee ( "Magna Trust"), having filed a proof of claim

identified and included in the above captioned *Debtors' Forty-second Omnibus Objection*

*to Claims (Disallowance of Certain Amended Claims)* (the "Objection"), does hereby

oppose and respond, as set forth below:

---

[1] Magna Trust Company merged into Regions Bank subsequent to the execution of the below mentioned Lease, and, as a result Regions Bank served as trustee of this Illinois title holding land trust up until June 30, 2009, when, by way of Trustee's Deed, Regions Bank conveyed the property commonly known as 3051 West Wabash Ave, Springfield, IL to SWP Wabash Properties, I, LLC, an Illinois Limited Liability Company.

1.      Circuit City Stores, Inc. and certain of its affiliated entities (collectively, "Debtors") filed a petition for relief on or about November 10, 2008 ("Petition Date"). After the Petition Date, Debtors continued to be in possession of and to operate their business.

2.      Pursuant to a Lease Agreement dated March 8, 1995 between Circuit City Stores, Inc. and Magna Trust Company, Trustee, under Trust Agreement dated January 26, 1995 and known as Trust No. 01-90-0182-00 (the "Lease"), Circuit City Stores, Inc. leased from Magna Trust real property located at the Southwest Plaza Shopping Center, Springfield, Illinois, as more fully defined in the Lease.

3.      On or about January 30, 2009, Magna Trust filed a proof of claim, number 8959 (the "Pre-petition Claim"), setting forth a general unsecured claim in the amount of $59,747.88 representing sums due under the Lease prior to the Petition Date.  A copy of the Pre-petition Claim is attached as **Exhibit A**.

4.      On or about June 22, 2009, Magna Trust filed a proof of claim, number 13763 (the "Administrative Claim," and together with the Pre-petition Claim, the "Claims"), pursuant to 11 U.S.C. §§ 365(d)(3), 503(b) and 507(a)(2) and the Order Setting Administrative Bar Date and Procedures for filing and Objecting to Administrative Expense Requests entered by this Court on May 15, 2009 [Docket No. 3354], setting forth an administrative priority claim for post-petition amounts due from the Debtor pursuant to the Lease totaling $70,137.54.   A copy of the Administrative Claim without exhibits is attached as **Exhibit B**.

5.      The Objection seeks to disallow certain claims as "rendered moot and superseded by the claimant filing a subsequent 'amending' claim," calling such claims

"repetitive." *Objection*, pp. 5-6.    However, the Debtors have mischaracterized the

Administrative Claim, thereby confusing it as an amendment rather than a proof of claim

with a separate basis for recovery from the Pre-petition Claim.    As the Claims are

separate in both amounts and bases for relief, the Debtor has provided no basis for the

disallowance of either.

6.    Based on the above, the Objection should be denied, without further

expense, time and effort to the claimant and to the estates of these Debtors.

**WHEREFORE**, Magna Trust respectfully requests that this Court deny the relief

requested in the Objection as it relates to the Claims in its entirety; require Debtors to

amend their erroneous classification of the Claims; and such other and further relief as is

just and proper.

Dated:  Richmond, Virginia
         October 27, 2009

Respectfully submitted,

_____/s/ Kimberly A. Pierro_____
**KUTAK ROCK LLP**
Peter J. Barrett (Va. Bar No. 46179)
Kimberly A. Pierro (Va. Bar No. 71362)
1111 East Main Street, Suite 800
Richmond, Virginia  23219
Telephone:  (804) 644-1700
Facsimile:  (804) 783-6192

**SORLING, NORTHRUP, HANNA,
CULLEN & COCHRAN, LTD.**
R. Lee Allen, Esq. (*admitted pro hac vice*)
Emily B. Cour, Esq.
Suite 800 Illinois Building
P.O. Box 5131
Springfield, Illinois  62705
Telephone: 217-544-1144
*Co-counsel for Magna Trust Company,
Trustee*

4827-6367-7189.1

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October 27, 2009, a true and exact copy of the foregoing was served via ECF notification or by first class mail postage prepaid to the following necessary parties defined as the Core Group in the case management order entered November 13, 2008: (i) the Debtors and counsel for the Debtors, (ii) the Office of the United States Trustee for the Eastern District of Virginia, (iii) counsel to the Official Committee of Unsecured Creditors, (iv) counsel to the agents for the Debtors' pre-petition lenders, and (v) counsel to the agents for the Debtors' post-petition lenders, and per the Notice of Objection, via ECF notification specifically to the following:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
PO Box 636
Wilmington, DE 19899-0636

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, IL 60606

Dion W. Hayes, Esq.
Douglas M. Foley, Esq.
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219

    /s/ Kimberly A. Pierro
        Counsel

4827-6367-7189.1

## DECLARATION

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that to the best of my knowledge the foregoing is true and correct.

Dated: October 27, 2009

SWP WABASH PROPERTIES I, LLC, an Illinois Limited Liability Company

_____
Arthur F. Seppi, Manager

_____
Charles E. Robbins, Manager

{S0660381.1 10/26/2009 EBC EBC}4827-6367-7189.1

The Debtor has listed your claim on Schedule F as a General Unsecured claim in the amount of **$40,622.26**. If you agree with this characterization and amount, you do not need to complete and return this form. If you disagree, please complete and return this form accordingly.

| B 10 (Official Form 10) (12/07) | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | | PROOF OF CLAIM |

**Debtor against which claim is asserted:** (Check only *one* box below:)

| | | |
|---|---|---|
| X Circuit City Stores, Inc. (Case No. 08-35653) | ☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659) | ☐ Abbott Advertising, Inc. (Case No. 08-35665) |
| ☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654) | ☐ Circuit City Stores PR, LLC (Case No. 08-35660) | ☐ Mayland MN, LLC (Case No. 08-35666) |
| ☐ InterTAN, Inc. (Case No. 08-35655) | ☐ Circuit City Properties, LLC (Case No. 08-35661) | ☐ Patapsco Designs, Inc. (Case No. 08-35667) |
| ☐ Ventoux International, Inc. (Case No. 08-35656) | ☐ Orbyx Electronics, LLC (Case No. 08-35662) | ☐ Sky Venture Corporation (Case No. 08-35668) |
| ☐ Circuit City Purchasing Company, LLC (Case No. 08-35657) | ☐ Kinzer Technology, LLC (Case No. 08-35663) | ☐ XSStuff, LLC (Case No. 08-35669) |
| ☐ CC Aviation, LLC (Case No. 08-35658) | ☐ Courchevel, LLC (Case No. 08-35664) | ☐ PRAHS, INC. (Case No. 08-35670) |

**NOTE:** *This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>**MAGNA TRUST COMPANY TRUSTEE** | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:  NameID: 4980969   PackID: 396533<br><br>MAGNA TRUST COMPANY TRUSTEE<br>C/O CIRCUIT CITY PARTNERSHIP<br>2144 S MACARTHUR BLVD<br>SPRINGFIELD IL 62704<br><br>Telephone number: | Court Claim Number: _____<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed:** $59,747.88

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** **unpaid rent (unexpired lease--see attached)**
(See instruction #2 on reverse side.)   CAM charges, Insurance and Expenses

**3. Last four digits of any number by which creditor identifies debtor:** _____

3a. Debtor may have scheduled account as: **see attachment**
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____

Value of Property: $_____ Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____ Basis for perfection: _____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

| | |
|---|---|
| Date: 1/29/09 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Charles E. Roberts* (signature) | FOR COURT USE ONLY |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§

**EXHIBIT**

**A**

MasterCode: 10170361

08356530812180741101731 70

B 10 (Official Form 10) (12/07)- Cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

1. **Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

2. **Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

3. **Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

   **3a. Debtor May Have Scheduled Account As:**
   Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

4. **Secured Claim.**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien

documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

5. **Amount of Claim Entitled to Priority Under 11 U.S.C. §§ 507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

6. **Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the claim.

7. **Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

|  DEFINITIONS  | | INFORMATION |

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim form is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §§ 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgement of Filing a Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

Magna Trust Company Trustee          Attachment 1                    Proof of Claim

2.      **Basis for Claim:**

This claim is filed for rent, CAM charges, insurance and expenses which were unpaid as
of November 10, 2008. Specifically, the unpaid charges are as follows:

| | | | |
|---|---|---|---|
| a) | balance forward on account: | $ | 7,278.57 |
| b) | unpaid rent for November 2008: | | 40,622.26 |
| c) | CAM charges incurred in 2008: | | 6,189.05 |
| d) | insurance for 2008: | | 5,658.00 |
| | TOTAL OUTSTANDING | $ | 59,747.88 |

As of the date this Claim is filed we have yet to receive notice that Debtor has rejected
the lease between Circuit City Stores, Inc. and Magna Trust Company, Trustee, under
Trust Agreement dated January 26, 1995 and known as Trust No. 01-90-0182-00
("Lease") (attached hereto), however, we reserve the right to file at a later date a proof of
claim and/or request for payment of administrative expenses under 11 U.S.C.§ 502 and
11 U.S.C. § 365, and reserve all other remedies available to us as the landlord of an
unexpired lease.

3a.     **Debtor May Have Scheduled Account As:**

We received six (6) separate proof of claim forms, all addressed to Magna Trust
Company, Trustee of an Illinois title holding land trust, with the following NameIDs and
PackIDs:

| NameID | PackID |
|---|---|
| 4980969 | 396533 |
| 4556792 | 230661 |
| 4556789 | 230662 |
| 4980971 | 396534 |
| 5068807 | 451913 |
| 4556795 | 230660 |

While all of the above forms name the same creditor, Magna Trust Company, Trustee,
they contained different "C/O" names. The "C/O" names as listed on the different proof
of claim forms and on Schedule F by the Debtor include the following:

Magna Trust Company, by Trustee
C/O Circuit City Partnership
2144 S. Macarthur Blvd.
Springfield, IL 62704

And

Magna Trust Company, Trustee

{S0613705.1 1/29/2009 EBC EBC}

Magna Trust Company Trustee          Attachment 1                    Proof of Claim

> Attn: Charles E. Rob [sic]
> C/O Charles Robbins Realty
> 2144 SO. Macarthur Boulevard
> Springfield, IL  62704

The correct name and address of the creditor where notices and payment should be sent is:

> Magna Trust Company, Trustee
> C/O Circuit City Partnership
>  Charles E. Robbins Realtor
> 2144 S. Macarthur Blvd.
> Springfield, IL  62704

In light of the above, we are therefore only filing one (1) proof of claim form which will cover all claims of Magna Trust Company, Trustee and all proof of claim forms received with the above NameIDs and PackIDs.

7.   **Documents:**

See the following attached documents that support the claim:

     a)    Circuit City Partnership Customer Balance Detail as of January 29, 2009
     b)    2008 Insurance Statement
     c)    2008 CAM Statement
     d)    Circuit City Partnership Transaction Detail by Account, January – December 2008

Magna Trust Company Trustee        Attachment 1        Proof of Claim

10:48 AM
01/29/09

## Circuit City Partnership
## Customer Balance Detail
### As of January 29, 2009

| Type | Date | Num | Amount | Balance | |
|------|------|-----|--------|---------|---|
| Payment | 8/1/2008 | | -40,622.26 | 7,278.57 | |
| Invoice | 9/1/2008 | 178 | 40,622.26 | 47,900.83 | |
| Payment | 9/5/2008 | | -40,622.26 | 7,278.57 | |
| Invoice | 10/1/2008 | 179 | 40,622.26 | 47,900.83 | |
| Payment | 10/1/2008 | | -40,622.26 | 7,278.57 | |
| Invoice | 11/1/2008 | 180 | 40,622.26 | 47,900.83 | |
| Invoice | 12/1/2008 | 181 | 40,622.26 | 88,523.09 | |
| Payment | 12/8/2008 | 4581188 | -40,622.26 | 47,900.83 | |
| Invoice | 1/1/2009 | 182      *JAN. '09 RENT* | 40,622.26 | 88,523.09 | ← OPEN |
| Payment | 1/5/2009 | 0004590748 | -40,622.26 | 47,900.83 | |
| Invoice | 1/29/2009 | 183     *2008 CAM REC.* | 6,189.05 | 54,089.88 | ← OPEN |
| Invoice | 1/29/2009 | 184      *INSUR.* | 5,658.00 | 59,747.88 | ← OPEN |
| Total Circuit City | | | 46,811.31 | 59,747.88 | |
| TOTAL | | | 46,811.31 | 59,747.88 | |

Magna Trust Company Trustee          Attachment 1                    Proof of Claim

January 29, 2009

Ms. Annette Vinniane
Circuit City Stores, Inc.
9954 Mayland Drive
Richmond, VA  23233

Re:  Circuit City Store Location #3169

| 2008 INSURANCE STATEMENT | | |
|---|---|---|
| T.J. Nicoud & Company | $ | 5,658.00 |

| TOTAL DUE FOR 2008 INSURANCE | $ | 5,658.00 |
|---|---|---|

Please remit payment to:

Charles Robbins Realtor

Commercial Division

2144 S. MacArthur Blvd.

Springfield, IL  62704

Magna Trust Company Trustee          Attachment 1          Proof of Claim

January 29, 2009

Ms. Annette Vinniane
Circuit City Stores, Inc.
9954 Mayland Drive
Richmond, VA  23233

Re:  Circuit City Store Location #3169

| 2008 CAM STATEMENT | | |
|---|---|---|
| Common Area Utilities | $ | 8,229.90 |
| Parking Lot Lighting (Maint./Repair) | $ | 7,773.41 |
| Landscaping | $ | 5,475.99 |
| Parking Lot Sweeping | $ | 2,040.00 |
| Miscellaneous Maint. | $ | 2,116.56 |
| Snow Removal | $ | 6,882.23 |
| Total 2008 CAM Charges | $ | 32,518.09 |
| 5% Administration Fee | $ | 1,625.90 |
| | $ | 34,143.99 |
| Tenant % of Shopping Center | | 73.60% |
| | $ | 25,129.98 |
| Less credit for CAM Cap | $ | 174.61 |
| Less amount paid 1/01/08 - 12/31/08 | $ | 18,766.32 |
| **TOTAL DUE FOR 2008 CAM:** | **$** | **6,189.05** |

Please remit payment to:

Charles Robbins Realtor

Commercial Division

2144 S. MacArthur Blvd.

Springfield, IL  62704

Magna Trust Company Trustee          Attachment 1                    Proof of Claim

10:18 AM
01/29/09
Accrual Basis

## Circuit City Partnership
## Transaction Detail by Account
### January through December 2008

| Date | Num | Name | Memo | Amount |
|---|---|---|---|---|
| **CAM** | | | | |
| **Electric** | | | | |
| 1/7/2009 | 1742 | Ryan Electric, Inc. | replace 1000 w bulbs | 177.36 |
| 1/22/2008 | Elec. read 1/16/08 | CVLP | lighting | 930.98 |
| 2/21/2008 | #026225240 0C0228959 | CVLP | lighting | 904.33 |
| 3/13/2008 | 1758 | Ryan Electric, Inc | replace light bumps | 368.92 |
| 3/24/2008 | 1759 | CVLP | parking lot lights | 799.09 |
| 3/24/2008 | 1760 | Benston Signs and Graphics, Inc. | Lamp/ballast replacement | 4,255.27 |
| 4/27/2008 | 1770 | CVLP | parking lot lights | 438.28 |
| 5/19/2008 | 1775 | Ryan Electric, Inc. | parking lot lamps | 177.36 |
| 5/30/2008 | 1777 | CVLP | parking lot lights | 505.34 |
| 6/23/2008 | 1782 | CVLP | parking lot lights | 651.45 |
| 7/21/2008 | 1789 | CVLP | parking lot lights | 602.35 |
| 9/2/2008 | 1797 | CVLP | parking lot lights | 528.04 |
| 9/2/2008 | 1799 | Imperial Designs | retamp pylon sign | 1,844.50 |
| 9/2/2008 | 1807 | CVLP | parking lot lights | 652.95 |
| 10/24/2008 | 1813 | CVLP | parking lot lights | 576.60 |
| 12/16/2008 | 1822 | CVLP | parking lot lights | 670.77 |
| 12/18/2008 | 1825 | CVLP | parking lot lights | 970.60 |
| 12/18/2006 | 1826 | Imperial Designs | retamp pylon sign | 950.00 |
| **Total Electric** | | | | **16,003.31** |
| | | | | |
| **Landscaping** | | | | |
| 1/8/2009 | 1743 | Charles E. Robbins Property Manage... | clean up landscaping | 34.50 |
| 3/24/2008 | 1761 | Charles E. Robbins Property Manage... | trash pickup detention | 0.84 |
| 4/4/2008 | 1764 | Charles E. Robbins Property Manage... | remove plants at entrance | 98.00 |
| 4/16/2008 | 1769 | Trugreen Chemlawn | spring fertilizer/weed control | 216.00 |
| 5/13/2008 | | Charles E. Robbins Property Manage | detention trash | 3.24 |
| 5/13/2008 | 1773 | Charles E. Robbins Property Manage... | detention mowing | 4.08 |
| 5/9/2008 | 1776 | Anderson Mowing | April Mowing | 345.00 |
| 6/3/2008 | 1779 | Charles E. Robbins Property Manage | mowing detention | 12.03 |
| 6/11/2008 | | Anderson Mowing | May Mowing | 345.00 |
| 6/11/2008 | 1781 | Charles E. Robbins Property Manage | trash bags | 18.67 |
| 6/11/2008 | 1781 | Charles E. Robbins Property Manage | detention chemicals | 7.34 |
| 6/11/2008 | 1781 | Charles E. Robbins Property Manage | detention mowing | 13.41 |
| 6/23/2008 | | Charles E. Robbins Property Manage... | detention chemicals | 10.65 |
| 6/23/2008 | 1783 | Trugreen Chemlawn | summer crab/fertilizer | 216.00 |
| 6/23/2008 | | Charles E. Robbins Property Manage | mowing detention | 31.56 |
| 7/1/2008 | | Anderson Mowing | June Mowing | 155.00 |
| 7/7/2008 | 1786 | Charles E. Robbins Property Manage... | mowing roadways | 430.00 |
| 7/7/2008 | 1787 | Charles E. Robbins Property Manage... | detention chemicals | 8.44 |
| 7/31/2008 | 1788 | Charles E. Robbins Property Manage... | mowing rear ditch | 40.23 |
| 7/31/2008 | 1791 | Charles E. Robbins Property Manage... | parking lot landscaping | 199.50 |
| 8/4/2008 | 1792 | Charles E. Robbins Property Manage... | detention | 32.28 |
| 8/4/2008 | | Anderson Mowing | July mowing | 345.00 |
| 8/12/2008 | 1793 | Trugreen Chemlawn | summer crab/fertilizer | 216.00 |
| 8/12/2008 | 1795 | Charles E. Robbins Property Manage... | mowing/tree trim | 196.00 |
| 8/12/2008 | 1795 | Charles E. Robbins Property Manage... | detention | 30.11 |
| 9/22/2008 | 1798 | Charles E. Robbins Property Manage... | detention mowing | 45.29 |

Magna Trust Company Trustee          Attachment 1                    Proof of Claim
Page 2

10:18 AM
01/29/09
Accrual Basis

# Circuit City Partnership
## Transaction Detail by Account
### January through December 2008

| Date | Num | Name | Memo | Amount |
|---|---|---|---|---|
| **Total Landscaping** | | | | |
| 9/2/2008 | 1796 | Charles E. Robbins Property Manage | trim bushes | 65.79 |
| 9/3/2008 | 1800 | Anderson Mowing | Aug Mowing | 430.00 |
| 9/9/2008 | 1802 | Charles E. Robbins Property Manage | weed killer spray | 45.22 |
| 9/16/2008 | 1803 | Charles E. Robbins Property Manage | detention mowing | 4.08 |
| 9/30/2008 | 1803 | Charles E. Robbins Property Manage | trash bags | 19.97 |
| 9/30/2008 | 1806 | Charles E. Robbins Property Manage | mowing detention | 4.80 |
| 9/30/2008 | 1808 | Charles E. Robbins Property Manage | Pond Chemical | 3.92 |
| 9/30/2008 | 1808 | Charles E. Robbins Property Manage | mowing | 409.00 |
| 9/30/2008 | 1809 | Trugreen Chemlawn | fall fertilizer | 216.00 |
| 10/6/2008 | 1810 | Anderson Mowing | Sept mowing | 345.00 |
| 11/11/2008 | 1814 | Anderson Mowing | Oct mowing | 340.00 |
| 11/11/2008 | 1816 | Charles E. Robbins Property Manage | mowing detention | 37.81 |
| 11/11/2008 | 1816 | Charles E. Rabbins Property Manage | Mowing, trash bags | 27.12 |
| 12/16/2008 | 1820 | Drainoff Landscaping | trim and shape trees | 388.00 |
| 12/16/2008 | 1821 | Charles E. Robbins Property Manage | mowing detention | 1.91 |
| 12/16/2008 | 1823 | Anderson Mowing | Nov Mowing | 85.00 |
| **Total Landscaping** | | | | **5,475.99** |
| | | | | |
| **Maintenance** | | | | |
| 1/8/2008 | 1743 | Charles E. Robbins Property Manage | roof maintenance | 62.50 |
| 4/18/2008 | 1768 | Charles E. Robbins Property Manage | under payment | 2.05 |
| 5/30/2008 | 1778 | Design Roofing Systems, Inc | checked roof | 270.50 |
| 9/16/2008 | 1803 | Charles E. Robbins Property Manage | roof work | 114.00 |
| 9/16/2008 | 1804 | Design Roofing Systems, Inc | checked roof | 850.00 |
| 9/23/2008 | 1806 | Sherwin-Williams, Inc | Calk wall crack | 10.97 |
| 9/30/2008 | 1808 | Charles E. Robbins Property Manage | roof repair | 377.00 |
| 10/22/2008 | 1812 | Charles E. Robbins Property Manage | roof repair | 13.34 |
| **Total Maintenance** | | | | **1,700.36** |
| | | | | |
| **Parking lot** | | | | |
| 1/7/2008 | 1741 | Ron Furman's Commercial Sweeping | Dec. Sweeping | 160.00 |
| 1/17/2008 | Trash Bags | Charles E. Robbins Property Manage | trash bags | 16.97 |
| 1/20/2008 | Maint 1-07 - 2008 | Charles E. Robbins Property Manage | trash pickup in parking lot | 54.34 |
| 1/31/2008 | Inv #7307 | Ron Furman's Commercial Sweeping | January sweeping | 160.00 |
| 2/2/2008 | Jan QB Lowe's porch | Charles E. Robbins Property Manage | pothole filler | 23.56 |
| 2/2/2008 | Maint. 1-21 - 2/3/08 | Charles E. Robbins Property Manage | trash pickup | 13.15 |
| 2/3/2008 | Maint. 1-21 - 2/3/08 | Ron Furman's Commercial Sweeping | fill pot hole in parking lot | 14.73 |
| 3/13/2008 | 1754 | Ron Furman's Commercial Sweeping | Feb sweeping | 160.00 |
| 4/11/2008 | 1765 | Ron Furman's Commercial Sweeping | Mar. Sweeping | 160.00 |
| 4/18/2008 | 1768 | Charles E. Robbins Property Manage | asphalt patch for hole | 13.99 |
| 5/13/2008 | 1772 | Ron Furman's Commercial Sweeping | April sweeping | 200.00 |
| 6/11/2008 | 1780 | Ron Furman's Commercial Sweeping | May sweeping | 160.00 |
| 7/7/2008 | 1785 | Ron Furman's Commercial Sweeping | June sweeping | 160.00 |
| 8/5/2008 | 1794 | Ron Furman's Commercial Sweeping | July Parking | 160.00 |
| 8/12/2008 | 1795 | Charles E. Robbins Property Manage | asphalt patching | 139.86 |
| 9/9/2008 | 1801 | Ron Furman's Commercial Sweeping | August Sweeping | 160.00 |
| 9/30/2008 | 1808 | Charles E. Robbins Property Manage | Ice melt labor | 34.00 |
| 10/6/2008 | 1811 | Ron Furman's Commercial Sweeping | September sweeping | 200.00 |
| 11/11/2008 | 1815 | Ron Furman's Commercial Sweeping | October sweeping | 160.00 |

Magna Trust Company Trustee        Attachment 1        Proof of Claim

10:18 AM
01/29/09
Accrual Basis

## Circuit City Partnership
## Transaction Detail by Account
### January through December 2008

| Date | Num | Name | Memo | Amount |
|---|---|---|---|---|
| 12/16/2008 | 1819 | Ron Furman's Commercial Sweeping | November sweeping | 160.00 |
| 12/16/2008 | 1821 | Charles E. Robbins Property Manage | snow/ice walkways | 105.50 |
| **Total Parking lot** | | | | **2,456.20** |
| **Snow Removal** | | | | |
| 1/2/2008 | 1740 | Charles E. Robbins Property Manage | salt purchase | 34.86 |
| 1/8/2008 | 1743 | Charles E. Robbins Property Manage | salt for snow/ice | 55.00 |
| 1/14/2008 | Ice Melt reimb. | Charles E. Robbins Property Manage | Ice Melt reimbursement | 17.43 |
| 1/16/2008 | Ice Melt reimb | Charles E. Robbins Property Manage | Ice Melt | 15.34 |
| 1/24/2008 | Ice Melt reimb | Charles E. Robbins Property Manage | Reimb. for Ice Melt | 69.17 |
| 1/29/2008 | Ice Melt reimb | Charles E. Robbins Property Manage | Ice Melt reimb | 62.66 |
| 1/31/2008 | Spread Ice Melt | J. Duval Snow Removal Co. | Jan 17, 24,29,30/2008 Spread I... | 670.00 |
| 2/3/2008 | Maint 1/21 - 2/3/08 | Charles E. Robbins Property Manage. | snow on sidewalks | 457.62 |
| 2/6/2008 | SnowRemoval 1/31-2/1 | J. Duval Snow Removal Co | 1/31/08 1.5 hrs.  opening entran | 1,050.00 |
| 2/15/2008 | Ice Melt reimb. | Charles E. Robbins Property Manage. | Ice Melt purchased | 32.05 |
| 3/13/2008 | | J. Duval Snow Removal Co. | 2/22 2/28 3/5 | 1,835.00 |
| 3/13/2008 | 1753 | Charles E. Robbins Property Manage | Ice Melt purchased | 25.21 |
| 3/13/2008 | | J. Duval Snow Removal Co | sidewalk snow 2/22 2/28 | 180.00 |
| 3/13/2008 | | Charles E. Robbins Property Manage | ice melt | 32.32 |
| 3/13/2008 | | Charles E. Robbins Property Manage | ice melt | 47.19 |
| 3/24/2008 | 1761 | Charles E. Robbins Property Manage | salt for snow/ice 3/05/08 | 378.50 |
| 9/29/2008 | 1805 | Charles E. Robbins Property Manage. | Salt for winter | 484.88 |
| 12/29/2008 | 1818 | J. Duval Snow Removal Co. | spread ice melt 12/4/08 | 260.00 |
| 12/18/2008 | 1826 | J. Duval Snow Removal Co | spread Ice melt 12/10-15/16/17 | 1,175.00 |
| **Total Snow Removal** | | | | **6,882.23** |
| **Total CAM** | | | | **32,516.09** |
| **Insurance** | | | | |
| **General Commercial** | | | | |
| 12/16/2008 | 1824 | T. J. Nicoud & Company, LLC | 2009 insurance | 5,658.00 |
| **Total General Commercial** | | | | **5,658.00** |
| **Total Insurance** | | | | **5,658.00** |
| **TOTAL** | | | | **38,176.09** |

Magna Trust Company Trustee                    Attachment F                                    Proof of Claim

10:48 AM
01/29/09

## Circuit City Partnership
## Customer Balance Detail
### As of January 29, 2009

| Type | Date | Num | Amount | Balance |
|------|------|-----|--------|---------|
| Circuit City | | | | 12,936.57 |
| Invoice | 1/1/2006 | 140 | 37,071.50 | 50,008.07 |
| Payment | 1/1/2006 | 4130587 | -37,071.50 | 12,936.57 |
| Invoice | 2/1/2006 | 141 | 40,622.26 | 53,558.83 |
| Payment | 2/1/2006 | 4149370 | -40,622.26 | 12,936.57 |
| Invoice | 3/1/2006 | 143 | 40,622.26 | 53,558.83 |
| Payment | 3/6/2006 | | -40,622.26 | 12,936.57 |
| Invoice | 4/1/2006 | 144 | 40,622.26 | 53,558.83 |
| Payment | 4/1/2006 | | -40,622.26 | 12,936.57 |
| Invoice | 5/1/2006 | 145 | 40,622.26 | 53,558.83 |
| Payment | 5/1/2006 | 4191590 | -40,622.26 | 12,936.57 |
| Invoice | 6/1/2006 | 146 | 40,622.26 | 53,558.83 |
| Payment | 6/1/2006 | 4204442 | -40,622.26 | 12,936.57 |
| Invoice | 7/1/2006 | 147 | 40,622.26 | 53,558.83 |
| Payment | 7/1/2006 | | -40,622.26 | 12,936.57 |
| Invoice | 8/1/2006 | 148 | 40,622.26 | 53,558.83 |
| Payment | 8/1/2006 | 4232470 | -40,622.26 | 12,936.57 |
| Invoice | 9/1/2006 | 149 | 40,622.26 | 53,558.83 |
| Payment | 9/1/2006 | 4248796 | -40,622.26 | 12,936.57 |
| Invoice | 10/1/2006 | 150 | 40,622.26 | 53,558.83 |
| Payment | 10/2/2006 | | -40,622.26 | 12,936.57 |
| Invoice | 11/1/2006 | 151 | 40,622.26 | 53,558.83 |
| Payment | 11/1/2006 | | -40,622.26 | 12,936.57 |
| Invoice | 12/1/2006 | 152 | 40,622.26 | 53,558.83 |
| Payment | 12/1/2006 | | -40,622.26 | 12,936.57 |
| Invoice | 1/1/2007 | 153 | 40,622.26 | 53,558.83 |
| Payment | 1/1/2007 | | -40,622.26 | 12,936.57 |
| Invoice | 2/1/2007 | 154 | 40,622.26 | 53,558.83 |
| Payment | 2/8/2007 | | -40,622.26 | 12,936.57 |
| Invoice | 3/1/2007 | 155 | 40,622.26 | 53,558.83 |
| Payment | 3/5/2007 | 4333688 | -40,622.26 | 12,936.57 |
| Invoice | 4/1/2007 | 156 | 40,622.26 | 53,558.83 |
| Payment | 4/2/2007 | | -11,952.35 | 41,606.48 |
| Payment | 4/2/2007 | | -40,622.26 | 984.22 |
| Invoice | 4/11/2007 | 157 | 11,952.35 | 12,936.57 |
| Payment | 4/30/2007 | | -40,622.26 | -27,685.69 |
| Invoice | 5/1/2007 | 158 | 40,622.26 | 12,936.57 |
| Invoice | 6/1/2007 | 159 | 40,622.26 | 53,558.83 |
| Payment | 6/1/2007 | 4371253 | -40,622.26 | 12,936.57 |
| Invoice | 7/1/2007 | 160 | 40,622.26 | 53,558.83 |
| Payment | 7/1/2007 | 004384006 | -40,622.26 | 12,936.57 |
| Invoice | 8/1/2007 | 162 | 40,622.26 | 53,558.83 |
| Payment | 8/1/2007 | | -40,622.26 | 12,936.57 |
| Invoice | 9/1/2007 | 163 | 40,622.26 | 53,558.83 |
| Payment | 9/4/2007 | | -40,622.26 | 12,936.57 |
| Invoice | 10/1/2007 | 164 | 40,622.26 | 53,558.83 |
| Payment | 10/1/2007 | 4418841 | -40,622.26 | 12,936.57 |
| Invoice | 11/1/2007 | 165 | 40,622.26 | 53,558.83 |
| Payment | 11/1/2007 | 4425049 | -40,622.26 | 12,936.57 |
| Payment | 11/26/2007 | | -40,622.26 | -27,685.69 |
| Invoice | 12/1/2007 | 166 | 40,622.26 | 12,936.57 |
| Invoice | 1/1/2008 | 167 | 40,622.26 | 53,558.83 |
| Payment | 1/1/2008 | | -40,622.26 | 12,936.57 |
| Invoice | 1/8/2008 | 170 | 2,252.78 | 15,189.35 |
| Payment | 1/29/2008 | | -40,622.26 | -25,432.91 |
| Invoice | 2/1/2008 | 168 | 40,622.26 | 15,189.35 |
| Payment | 2/4/2008 | | -7,910.78 | 7,278.57 |
| Invoice | 3/1/2008 | 169 | 40,622.26 | 47,900.83 |
| Payment | 3/6/2008 | | -40,622.26 | 7,278.57 |
| Invoice | 4/1/2008 | 171 | 40,622.26 | 47,900.83 |
| Payment | 4/1/2008 | | -40,622.26 | 7,278.57 |
| Invoice | 5/1/2008 | 173 | 40,622.26 | 47,900.83 |
| Payment | 5/1/2008 | | -40,622.26 | 7,278.57 |
| Invoice | 6/1/2008 | 174 | 40,622.26 | 47,900.83 |
| Payment | 6/1/2008 | | -40,622.26 | 7,278.57 |
| Invoice | 7/1/2008 | 176 | 40,622.26 | 47,900.83 |
| Payment | 7/7/2008 | | -40,622.26 | 7,278.57 |
| Invoice | 8/1/2008 | 177 | 40,622.26 | 47,900.83 |

*(handwritten note near 7,278.57)* old Bal. still owing on acct.

Page 1 of 1

From:    Origin ID: SPIA    (217) 544-1144
Emily Cour
Sorling law Firm
607 East Adams, Suite 800

**Springfield, IL 62701**



OFFICE COPY

Ship Date: 29JAN09
ActWgt: 1.0 LB
CAD: 5677461/INET9011
Account#: S *********

Delivery Address Bar Code

Ref #    12027-57
Invoice #
PO #
Dept #

SHIP TO:    (310) 823-9000    BILL SENDER
**Kurtzman Carson Consultants LLC**
**Circuit City Stores, Inc.**
**2335 Alaska Avenue**

**El Segundo, CA 90245**

TRK#
0201    7962 9801 8436

FRI - 30JAN    A1
**PRIORITY OVERNIGHT**

90245
CA-US
LAX

# NS HHRA



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential. or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

**KUTAK ROCK LLP**
Peter J. Barrett (Va. Bar No. 46179)
Kimberly A. Pierro (Va. Bar No. 71362)
1111 East Main Street, Suite 800
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192

**SORLING, NORTHRUP, HANNA, CULLEN & COCHRAN, LTD.**
R. Lee Allen, Esq. (*admitted pro hac vice*)
Emily B. Cour, Esq.
Suite 800 Illinois Building
P.O. Box 5131
Springfield, Illinois 62705
Telephone: 217-544-1144
*Co-counsel for Magna Trust Company, Trustee*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | |
|---|---|
| In re: | |
| CIRCUIT CITY STORES, INC., *et al.*, | Case No. 08-35653-KRH<br>Chapter 11 |
| Debtors. | Jointly Administered |

### ADMINISTRATIVE CLAIM REQUEST OF MAGNA TRUST COMPANY, TRUSTEE FOR ALLOWANCE AND
### PAYMENT OF ADMINISTRATIVE EXPENSES FROM CIRCUIT CITY STORES, INC.

Magna Trust Company[1], Trustee (the "Magna Trust"), a party in interest herein, by counsel, hereby requests allowance and payment of its administrative claim against the estate of Circuit City Stores, Inc., pursuant to 11 U.S.C. §§ 365(d)(3), 503(b) and 507(a)(2) and the Order Setting Administrative Bar Date and Procedures for filing and Objecting to Administrative Expense Requests entered by this Court on May 15, 2009 [Docket No. 3354] (the "Application"). In support of its Application, Magna Trust states the following:

---

[1] Magna Trust Company merged into Regions Bank subsequent to the execution of the below mentioned Lease, and, as a result Regions Bank is now trustee of this Illinois title holding land trust.

4846-9460-4035.1

**EXHIBIT**
tabbies®
B

1.      This Court has jurisdiction over the subject matter of the Application pursuant to 28 U.S.C. §§ 157(b) and 1334 (b).  This is a core proceeding arising pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).  Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

2.      The statutory bases for the relief requested in the Application are §§ 365(d)(3), 503(b) and 507(a)(2) of the United States Bankruptcy Code (the "Code").

### Background

3.      On November 10, 2008 (the "Petition Date"), Circuit City Stores, Inc. and its affiliated debtors (the "Debtors") filed a voluntary petition under Chapter 11 of the Bankruptcy Code in this Court.  The Debtors continued to operate their business and properties as debtors-in-possession.

4.      Pursuant to a Lease Agreement dated March 8, 1995 between Circuit City Stores, Inc. and Magna Trust Company, Trustee, under Trust Agreement dated January 26, 1995 and known as Trust No. 01-90-0182-00 (the "Lease"), Circuit City Stores, Inc. leased from Magna Trust real property located at the Southwest Plaza Shopping Center, Springfield, Illinois, as more fully defined in the Lease (the "Premises").  A copy of the Lease is attached hereto as **Exhibit A.**

5.      Pursuant to the *Notice of Rejection of Unexpired Leases and Abandonment of Property* (Docket No. 2419) filed on March 4, 2009, the Debtors rejected the Lease effective March 11, 2009 (the "Rejection Date").  At all times from the date of filing of the Debtors' petition, to the Rejection Date, which was 121 days, the Debtors maintained and enjoyed possession of the Premises.  The use and enjoyment of the Premises provided a benefit to the Debtors by providing them with an additional outlet through which to market and sell their assets.

2

6.      Under the terms of the Lease, the Debtors were required to pay to Magna Trust the following: base minimum monthly rent, taxes, common area maintenance charges ("CAM"), insurance and other costs and charges.  *See, e.g.*, Lease ¶ 4, 7, and 9.  In addition, pursuant to paragraph 36(e) of the Lease, Debtors are obligated to pay attorneys' fees and costs incurred by Magna Trust in defending its rights under the Lease.

7.      Since the Petition Date, the Debtors have failed to pay Magna Trust the above-referenced expenses due and owing under the terms of the Lease.  To that end, Magna Trust has incurred damages related to lost rent, CAM, insurance and taxes.  The total amount owed by the Debtors for the 121 days it occupied and enjoyed the Premises post-petition, pre-rejection, is $70,137.54.  The amount due consists of the following:

| | | |
|---|---|---:|
| (1) | Rent: November 11 through November 30, 2008 | $ 27,081.51 |
| (2) | CAM & Insurance: Nov. 11 through Dec. 31, 2008 | 1,683.19 |
| (3) | CAM & Insurance: Jan. 1 through March 11, 2009 | 2,272.04 |
| (4) | Real Estate Taxes: Nov. 11 through December 31, 2008 | 11,986.22 |
| (5) | Real Estate Taxes: January 1 through March 11, 2009 | 16,179.50 |
| (6) | Attorneys fees in defense of rights under the Lease | $ 10,935.08 |

**TOTAL ADMINISTRATIVE CLAIM :**                    **$70,137.54**

8.      Under 11 U.S.C. § 503(b)(1) creditors are allowed, as administrative expenses, the "actual, necessary costs and expenses of preserving the estate . . ."  In order to ease the burden and reduce the costs to landlords, Congress enacted 11 U.S.C. § 365(d)(3).  *In re Circuit City Stores, Inc.* 2009 Bankr. LEXIS 672 (Bankr. E.D. Va. 2009) *citing Santa Ana best Plaza, Ltd. v. Best Prods. Co. (In re Best Prods. Co.)*, 206 B.R. 404, 406.

9.      Pursuant to 11 U.S.C. § 365(d)(3), the Debtors are required to "timely perform all obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of non-residential real property, until such lease is assumed or rejected, not withstanding § 503(b)(1) . . ."  In addition, this Court has held that, when properly asserted, "a lessor is entitled

3

to recover all payments due under the lease (including rent, taxes, interest, late fees, and attorney's fees) as an administrative expense" *In re Circuit City Stores, Inc.*, 2009 Bankr. LEXIS 672, *15-16 (Bankr. E.D. Va. 2009) *citing In re CIT Commc'ns Fin. Corp. v. Midway Airlines Corp. (In re Midway Airlines Corp.)*, 406 F.3d 229, 235 (4th Cir. 2005).

10.     Furthermore, in regards to a landlord's entitlement to administrative expense priority in claims such as this, this Court, applying the accrual method, has noted that "[a]nything accruing after the entry [of] the order for relief is a post-petition charge that may be elevated to administrative priority under 11 U.S.C. § 507(a). *In re Circuit City Stores, Inc.*, 2009 Bankr. LEXIS 672 at *14, *citing In re Trak Auto,* 277 B.R. 655, 664 (Bankr. E.D. Va. 2002). In order to receive administrative priority under § 507, the lessor no longer needs to show that "debtor's continued possession of its space is a benefit to the estate." *In re Circuit City Stores, Inc.*, 2009 Bankr. LEXIS 672 at *15 *citing In re Trak Auto Corp.*, 277 B.R. at 665. In addition, § 507(a)(2) does not require that a landlord show "the debtor's continued possession of its space is a benefit to the estate." *In re Circuit City Stores, Inc.*, 2009 Bankr. LEXIS 672 at *15 *citing In re Trak Auto Corp.*, 277 B.R. at 665.

11.     In this case, the rent, CAM and taxes are all obligations which arose under and pursuant to the terms of the Lease. Therefore, in accordance with § 365(d)(3), Magna Trust is entitled to recover those expenses. In addition, the costs are entitled to administrative expense priority in accordance with §§ 503(b) and 507(a)(2) and this Court's prior ruling.

WHEREFORE, and based on the above, and any hearing hereon, Magna Trust, respectfully requests an administrative expense claim in the amount of $70,137.54 in the estate of Circuit City Stores, Inc., as more fully referenced in the above-captioned case.

4846-9460-4035.1

Dated: Richmond, Virginia
June 19, 2009

Respectfully submitted,

**KUTAK ROCK LLP**
Peter J. Barrett (Va. Bar No. 46179)
Kimberly A. Pierro (Va. Bar No. 71362)
1111 East Main Street, Suite 800
Richmond, Virginia  23219
Telephone:  (804) 644-1700
Facsimile:  (804) 783-6192

**SORLING, NORTHRUP, HANNA, CULLEN &
COCHRAN, LTD.**
R. Lee Allen, Esq. (*admitted pro hac vice*)
Emily B. Cour, Esq.
Suite 800 Illinois Building
P.O. Box 5131
Springfield, Illinois  62705
Telephone: 217-544-1144
*Co-counsel for Magna Trust Company, Trustee*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 19, 2009, an original copy of the foregoing Administrative Claim Request was sent via overnight delivery to:

Circuit City Stores, Inc., et al.
Claims Processing Dept.
Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

Counsel

5

4846-9460-4035.1