**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)**

| | | |
|---|---|---|
| **IN RE:** | * | **CASE NO.:** <u>**08-35653-KRH**</u> |
| **CIRCUIT CITY STORES, INC.,** *et al.*, | * | **(CHAPTER 11)** |
| **DEBTORS.** | * | **(JOINTLY ADMINISTERED)** |

\* \* \* \* \* \* \* \* \* \* \* \*

**RESPONSE OF TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.
TO DEBTORS' FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS
(<u>DISALLOWANCE OF CERTAIN LATE CLAIMS</u>)**

Toshiba America Consumer Products, L.L.C. ("TACP"), by its attorneys, files this response to the *Debtors' Forty-third Omnibus Objection to Claims (Disallowance of Certain Late Claims)* [Docket No. 5016] (the "Objection"), and states:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a contested matter under Federal Rules of Bankruptcy Procedure 6006(b) and 9014, and is a core proceeding under 28 U.S.C. § 157(b).

2. The Debtors commenced this bankruptcy case on November 10, 2008 (the "Petition Date") by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. TACP timely filed a proof of claim with the Debtors' claims processing agent, Kurtzman Carson Consultants LLC ("KCC"), on January 30, 2009, asserting a claim in the

---

Jeremy S. Friedberg, VSB No. 40228
Gordon S. Young, VSB No. 68822
Leitess Leitess Friedberg + Fedder PC
One Corporate Center
10451 Mill Run Circle, Suite 1000
Owings Mills, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)

*Attorneys for Toshiba America Consumer Products, L.L.C.*

99761_1.doc

amount of $6,393,681.50 and entitled to treatment as an administrative priority (the "Original Proof of Claim"). The Original Proof of Claim was assigned claim number 9648.

4. To more properly characterize its claim under § 503(b)(9) of the Bankruptcy Code, TACP filed an amended proof of claim (the "Amended Proof of Claim") on July 16, 2009. The Amended Proof of Claim asserts a claim in the total amount of $6,393,681.50, of which $5,293,249.00 is entitled to treatment as an administrative priority under § 507(a)(2). The balance of the claim listed in the Amended Proof of Claim, $1,100.432.50, is to be treated as a general unsecured, non-priority claim. The Amended Proof of Claim was assigned claim number 14506. A copy of the Amended Proof of Claim, without supporting documentation due to its size, is attached hereto as Exhibit 1 and incorporated herein by reference.

5. In their Objection, the Debtors seek disallowance of the Amended Proof of Claim, asserting that TACP filed the Amended Proof of Claim after the applicable bar date. (Objection, ¶ 17, 30). The Debtors' Objection is without merit.

6. The Amended Proof of Claim neither represents an entirely new and different proof of claim, nor does not increase the amount claimed in the Original Proof of Claim. To the contrary, TACP filed the Amended Proof of Claim to more properly characterize its claim under § 503(b)(9) of the Bankruptcy Code, and the Amended Proof of Claim simply represents an amendment to TACP's timely-filed Original Proof of Claim.

7. Indeed, the Amended Proof of Claim specifically indicates that it amends a previously filed claim numbered 9648 and dated January 30, 2009 – the Original Proof of Claim. Despite this information, either the Debtors, KCC, or both assigned a new claim number to the Amended Proof of Claim instead of retaining the existing claim number. Apparently, because it bears a new claim number, the Debtors believe the Amended Proof of Claim represents a new,

untimely proof of claim.  Had the Debtors more carefully reviewed the filed proofs of claim, they would have realized this is not the case.  Instead, the Debtors have filed a needless Objection which only serves to delay these proceedings.

8. The Debtors are not otherwise prejudiced by TACP's filing of the Amended Proof of Claim.  The Court has not yet confirmed Debtors' *First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims* (the "Amended Plan"), and no distributions to creditors have occurred under the Amended Plan.

9. TACP respectfully requests that the Court treat this Response as a written memorandum of points and authorities or waive any requirement that this Response be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(H).

WHEREFORE, Toshiba America Consumer Products, L.L.C. respectfully requests that this Court:

A. Overrule the Debtors' Objection; and

      B.      Provide such other and further relief as the Court determines to be necessary.

                    /s/ Jeremy S. Friedberg
Jeremy S. Friedberg, VSB No. 40228
Gordon S. Young, VSB No. 68822
Leitess Leitess Friedberg + Fedder PC
One Corporate Center
10451 Mill Run Circle, Suite 1000
Owings Mills, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)

*Attorneys for Toshiba America*
  *Consumer Products, L.L.C.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of October, 2009, a copy of the foregoing, along with attached exhibit, was served *via* first-class mail, postage prepaid, and, if the recipients are properly registered, *via* the Court's CM/ECF system, on:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
PO Box 636
Wilmington, DE 19899

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL 60606

Dion W. Hayes, Esq.
Douglas M. Foley, Esq.
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219

Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219.

                    /s/ Jeremy S. Friedberg
Jeremy S. Friedberg