**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)**

| | | |
|---|---|---|
| IN RE: | *      CASE NO.: | **08-35653-KRH** |
| CIRCUIT CITY STORES, INC., *et al.*, | *      (CHAPTER 11) | |
| DEBTORS. | *      (JOINTLY ADMINISTERED) | |

\* \* \* \* \* \* \* \* \* \* \* \*

**RESPONSE OF TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.
AND TOSHIBA AMERICA INFORMATION SYSTEMS, INC.
TO DEBTORS' FORTY-SIXTH OMNIBUS OBJECTION TO CLAIMS
(MODIFICATION OF CERTAIN DUPLICATE CLAIMS)**

Toshiba America Consumer Products, L.L.C. ("TACP") and Toshiba America Information Systems, Inc. ("TAIS"), by their attorneys, file this response to the *Debtors' Forty-sixth Omnibus Objection to Claims (Modification of Certain Duplicate Claims)* [Docket No. 5019] (the "Objection"), and state:

1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a contested matter under Federal Rules of Bankruptcy Procedure 6006(b) and 9014, and is a core proceeding under 28 U.S.C. § 157(b).

2.      The Debtors commenced this bankruptcy case on November 10, 2008 (the "Petition Date") by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

---

Jeremy S. Friedberg, VSB No. 40228
Gordon S. Young, VSB No. 68822
Leitess Leitess Friedberg + Fedder PC
One Corporate Center
10451 Mill Run Circle, Suite 1000
Owings Mills, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)

*Attorneys for Toshiba America Consumer Products, L.L.C.
and Toshiba America Information Systems, Inc.*

100915.doc

3. In their Objection, the Debtors seek modification of the claims filed by TACP and TAIS, asserting that portions of the claims are duplicative.

**TACP Claim History and Response to Objection**

4. TACP[1] timely filed a Section 503(b)(9) Claim Request Form with the Debtors' claims processing agent, Kurtzman Carson Consultants LLC, on December 19, 2008, asserting a claim for administrative expenses under § 503(b)(9) of the Bankruptcy Code in the amount of $5,735,769.00 (the "TACP Administrative Claim"). The TACP Administrative Claim was assigned claim number 1331.

5. TACP also timely filed a proof of claim with KCC on January 30, 2009, asserting a claim in the amount of $6,393,681.50 and entitled to treatment as an administrative priority (the "TACP Proof of Claim"). The TACP Proof of Claim was assigned claim number 9648.

6. To properly characterize its claim under § 503(b)(9) of the Bankruptcy Code, TACP filed an amended proof of claim (the "TACP Amended Proof of Claim") on July 16, 2009. The TACP Amended Proof of Claim asserts a claim in the total amount of $6,393,681.50, of which $5,293,249.00 is entitled to treatment as an administrative priority under § 507(a)(2). The balance of the claim listed in the TACP Amended Proof of Claim, $1,100.432.50, is to be treated as a general unsecured, non-priority claim. The TACP Amended Proof of Claim was assigned claim number 14506. A copy of the TACP Amended Proof of Claim, without supporting documentation due to its size, is attached hereto as Exhibit 1 and incorporated herein by reference.

7. In light of the filing of its TACP Amended Proof of Claim and for the sake of accuracy, TACP also amended its TACP Administrative Claim by filing an amended claim (the

---

[1] Paragraphs 24-26 of the Objection incorrectly name TAIS as the filing claimant. TACP is the proper claimant in these paragraphs. TACP and TAIS are separate entities.

"TACP Amended Administrative Claim") on July 16, 2009. The TACP Amended Administrative Claim asserts a § 503(b)(9) claim in the amount of $5,293,249.00 and was assigned claim number 14503. A copy of the TACP Amended Administrative Claim, without supporting documentation due to its size, is attached hereto as Exhibit 2 and incorporated herein by reference.

8. In their Objection, the Debtors seek the following relief as to TACP: (1) modification of the TACP Administrative Claim so that $5,293,294.00 is the modified surviving amount; (2) modification of the TACP Proof of Claim so that the modified surviving amount of the administrative component under § 507(a)(2) is zero and the $1,100,432.50 balance is treated as a general unsecured, non-priority claim; and (3) modification of the TACP Amended Administrative Claim so that the modified surviving amount is zero.

9. TACP does not object to the claim modifications the Debtors seek in their Objection, provided that the modified surviving amount of the TACP Administrative Claim is the $5,293,249.00[2] amount supported by the TACP Amended Administrative Claim.

**TAIS Claim History and Response to Objection**

10. TAIS timely filed a Section 503(b)(9) Claim Request Form with KCC on December 19, 2008, asserting a claim for administrative expenses under § 503(b)(9) of the Bankruptcy Code in the amount of $5,043,759.28 (the "TAIS Administrative Claim"). The TAIS Administrative Claim was assigned claim number 1319.

11. TAIS also timely filed a proof of claim with KCC on January 30, 2009, asserting a claim in the amount of $14,400,858.33 and entitled to treatment as an administrative priority (the "TAIS Proof of Claim"). The TAIS Proof of Claim was assigned claim number 9391.

---

[2] Presumably a typo, the Objection incorrectly asserts that the claim amount for modification purposes is $5,293,294.00.

100915.doc                                3

12. To properly characterize its claim under § 503(b)(9) of the Bankruptcy Code, TAIS filed an amended proof of claim (the "TAIS Amended Proof of Claim") on July 16, 2009. The TAIS Amended Proof of Claim asserts a claim in the total amount of $14,400,858.33, of which $5,043,759.28 is entitled to treatment as an administrative priority under § 507(a)(2). The balance of the claim listed in the TAIS Amended Proof of Claim, $9,357,099.05, is to be treated as a general unsecured, non-priority claim. The TAIS Amended Proof of Claim was assigned claim number 14505. A copy of the TAIS Amended Proof of Claim, without supporting documentation due to its size, is attached hereto as Exhibit 3 and incorporated herein by reference.

13. In light of the filing of its TAIS Amended Proof of Claim and for the sake of accuracy, TAIS also amended its TAIS Administrative Claim by filing an amended claim (the "TAIS Amended Administrative Claim") on October 6, 2009. The TAIS Amended Administrative Claim asserts a § 503(b)(9) claim in the amount of $4,786,331.56. The TAIS Amended Administrative Claim has not yet been assigned a claim number. A copy of the TAIS Amended Administrative Claim, without supporting documentation due to its size, is attached hereto as Exhibit 4 and incorporated herein by reference.

14. In their Objection, the Debtors seek the following relief as to TAIS: (1) modification of the TAIS Administrative Claim so that $4,786,331.56 is the modified surviving amount and the $257,427.72 balance is treated as a general unsecured, non-priority claim; and (2) modification of the TAIS Proof of Claim so that the modified surviving amount of the administrative component under § 507(a)(2) is zero and $9,357,099.03 represents a general unsecured, non-priority claim.

15. Although the Debtors apparently have not yet reviewed TAIS's Amended Administrative Claim, TAIS does not object to the claim modifications the Debtors seek in their Objection, provided that $9,357,099.05 represents the general unsecured, non-priority claim component of the TAIS Proof of Claim (instead of the $9,357,099.03 calculated by the Debtors), and TAIS holds a general unsecured, non-priority claim in the total amount of $9,614,526.77 as a result of the Debtors' modifications.

16. TACP and TAIS respectfully request that the Court treat this Response as a written memorandum of points and authorities or waive any requirement that this Response be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(H).

WHEREFORE, Toshiba America Consumer Products, L.L.C. and Toshiba America Information Systems, Inc. respectfully request that this Court:

    A. Sustain the Debtors' Objection, provided that the modified surviving amount of the TACP Administrative Claim is $5,293,249.00 and TAIS holds a general unsecured, non-priority claim in the total amount of $9,614,526.77; and

B. Provide such other and further relief as the Court determines to be necessary.

/s/ Jeremy S. Friedberg
Jeremy S. Friedberg, VSB No. 40228
Gordon S. Young, VSB No. 68822
Leitess Leitess Friedberg + Fedder PC
One Corporate Center
10451 Mill Run Circle, Suite 1000
Owings Mills, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)

*Attorneys for Toshiba America
Consumer Products, L.L.C. and
Toshiba America Information Systems, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of October, 2009, a copy of the foregoing, along with attached exhibits, was served *via* first-class mail, postage prepaid, and, if the recipients are properly registered, *via* the Court's CM/ECF system, on:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
PO Box 636
Wilmington, DE 19899

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL 60606

Dion W. Hayes, Esq.
Douglas M. Foley, Esq.
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219

Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219.

/s/ Jeremy S. Friedberg
Jeremy S. Friedberg