**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: D.I. 5022 |

**RESPONSE OF INLAND SOUTHWEST MANAGEMENT, LLC
TO DEBTORS' OBJECTION TO CERTAIN GENERAL
UNSECURED CLAIMS FOR VOTING PURPOSES ONLY**

Inland Southwest Management, LLC ("Inland"), by and through its undersigned counsel, hereby responds to *Debtors' Objection to Certain General Unsecured Claims for Voting Purposes Only* (D.I. 5022) ("Objection"), and in support thereof, respectfully states as follows:

**BACKGROUND**

1. On November 10, 2008 ("Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Inland is the managing agent for a landlord who is a party to a lease ("Lease") of non-residential real property with Debtor Circuit City Stores West Coast, Inc. ("CCSWC") for premises located in the Gateway Pavilions Shopping Center in Avondale, Arizona ("Premises"). The Lease was scheduled to expire on January 31, 2019 ("Lease Term"). A copy of the Lease is

---

| | |
|---|---|
| Michael D. Mueller, Esquire (VSB 38216) | Karen C. Bifferato, Esquire |
| Augustus C. Epps, Jr., Esquire (VSB 13254) | Kelly M. Conlan, Esquire |
| Jennifer M. McLemore, Esquire (VSB 47164) | CONNOLLY BOVE LODGE & HUTZ LLP |
| CHRISTIAN & BARTON, LLP | The Nemours Building |
| 909 East Main Street, Suite 1200 | 1007 North Orange Street |
| Richmond, Virginia 23219 | P.O. Box 2207 |
| Telephone: (804) 697-4100 | Wilmington, Delaware 19899 |
| | Telephone: (302) 658-9141 |
| Counsel for Inland Southwest Management LLC | Counsel for Inland Southwest Management LLC |

attached hereto as Exhibit A. CCSWC's obligations under the Lease are guaranteed by Debtor Circuit City Stores, Inc. ("CCS") pursuant to a Guaranty Agreement ("Guaranty").

3. The Debtors rejected the Lease effective as of January 2, 2009.

4. On January 30, 2009, Inland timely filed a proof of claim in the amount of $1,046,126.63 ("Proof of Claim") against CCSWC for obligations arising under the Lease. On January 30, 2009, Inland also timely filed a proof of claim against CCS for its obligations under the Guaranty.

5. On September 21, 2009, the Debtors filed the Objection. In the Objection, the Debtors seek to temporarily reduce the amount of the Proof of Claim from $1,046,126.63 to $900,000 solely for the purposes of voting to accept or reject the *Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims* ("Plan"). As the basis for the Objection, the Debtors state that they "have been unable to fully-reconcile all of the Claims asserted against their estates." *Objection*, ¶ 15.

## INLAND'S RESPONSE TO THE OBJECTION

6. Inland objects to the Debtors' request to temporarily reduce the amount of the Proof of Claim from $1,046,126.63 to $900,000. Instead, the Proof of Claim should be allowed in the stated amount of $1,046,126.63 for voting, and all other, purposes.

7. Pursuant to the terms of the Lease, the Debtors are obligated to pay Inland, *inter alia*, annual base rent payable in equal monthly installments ("Base Rent"); estimated payments of the Debtors' pro rata share of common area maintenance ("CAM") charges payable in equal monthly installments; and payments of the Debtors' pro rata share of real estate taxes ("RET") payable annually. *See* Lease, ¶¶ 4, 7, 9.

2

8.  For the first ten (10) years of the Lease, annual Base Rent equaled $427,388.00, but commencing on the first day of the eleventh year of the Lease, and every succeeding fifth year of the Lease, Base Rent increased by a sum equal to the gross leaseable square feet of the Premises multiplied by fifty cents ($.50). *See* Lease, ¶ 4(a)-(c). Under the Lease, both CAM and RET charges vary on a year-to-year basis. *See* Lease, ¶¶ 7(c), 9(b).

9.  As of the Petition Date, Inland was owed $148,854.58 for amounts due and owing under the Lease ("Prepetition Claim Amount"). The Prepetition Claim Amount is comprised of, *inter alia*, (i) a $19,187.36 shortfall for Base Rent, CAM charges and sales tax charges for March 2008; (ii) a $1,123.07 shortfall for CAM charges in April 2008; (iii) a $1,123.07 shortfall for CAM charges and sales tax charges in May 2008; (iv) a $43,114.30 shortfall for Base Rent, CAM charges and sales tax charges for June 2008; (v) a $1,123.07 shortfall for CAM charges in July 2008; (vi) an $827.54 shortfall for CAM charges and sales tax charges for September 2008; (vii) an $827.54 shortfall for CAM charges and sales tax charges for October 2008; (viii) $13,424.90 in Base Rent, CAM charges and sales tax charges for November 1 through November 10, 2008; and (ix) $74,700.60 in RET charges for January 1 through November 10, 2008.[1] Thus, following the application of certain prepetition credits owed to the Debtors under the Lease, Inland is entitled to a prepetition claim in the amount of $148,854.58.[2]

10. Additionally, as the Lease was rejected effective January 2, 2009, under section 502(b)(6) of the Bankruptcy Code, Inland is entitled to an unsecured, non-priority claim against the Debtors in an amount equal to the greater of one year's rent reserved under the Lease or fifteen percent (15%) of the remaining rent due under the Lease, not to exceed three (3) years. 11 U.S.C. § 502(b)(6).

---

[1] An invoice for the 2008 RET charges for the Premises is attached hereto as Exhibit B.
[2] An itemized calculation of the Prepetition Claim Amount is available upon request.

3

11. Accordingly, in this case, Inland is entitled to fifteen percent (15%) of the remaining rent due under the Lease, not to exceed three (3) years. Base Rent due for the remainder of the Lease Term is $4,341,458.13. CAM charges for the remainder of the Lease Term are estimated at $763,750. RET charges for the remainder of the Lease Term are estimated at $876,605.54. Pursuant to section 502(b)(6) of the Bankruptcy Code, Inland is entitled to a rejection damage claim in the amount of fifteen percent (15%) of the remaining rent due under the Lease, or $897,272.05 ("Rejection Damage Claim Amount").[3]

12. Accordingly, Inland's Proof of Claim should be allowed in the stated amount of $1,046,126.63[4] for voting, and all other, purposes. The $1,046,126.63 is comprised of the Prepetition Claim Amount and the Rejection Damage Claim Amount. The Debtors have offered no evidence as to why the Proof of Claim should be reduced to $900,000.

WHEREFORE, Inland respectfully requests that the Court enter an order denying the Objection with respect to Inland's Proof of Claim, and granting Inland such further and additional relief as the Court may deem just and proper.

Dated: October 27, 2009         CHRISTIAN & BARTON, LLP

By:   /s/ Michael D. Mueller
     Michael D. Mueller, Esquire (VSB 38216)
     Augustus C. Epps, Jr., Esquire (VSB 13254)
     Jennifer M. McLemore, Esquire (VSB 47164)
     909 East Main Street, Suite 1200
     Richmond, Virginia 23219
     Telephone: (804) 697-4100
     Facsimile: (804) 697-4112

---

[3] An itemized calculation of the Rejection Damage Claim Amount is available upon request.
[4] As described more fully in the Proof of Claim, the Debtors also are obligated to Inland for attorneys' fees and costs, and for the amounts Inland will incur to clean and repair the Premises in order to return the Premises to the condition required by the Lease.

4

-and-

Karen C. Bifferato, Esquire (DSB No. 3279)
Kelly M. Conlan, Esquire (DSB No. 4786)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: (302) 658-9141

*Attorneys for Inland Southwest Management, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October, 2009, I caused a copy of the foregoing to be served via electronic means to the parties on the Court's CM/ECF system.

/s/ Michael D. Mueller
Michael D. Mueller

995252