**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: D.I. 5015 |

**RESPONSE OF INLAND AMERICAN RETAIL MANAGEMENT, LLC;
INLAND US MANAGEMENT, LLC; INLAND PACIFIC PROPERTY SERVICES, LLC;
INLAND SOUTHWEST MANAGEMENT, LLC; AND INLAND COMMERCIAL
PROPERTY MANAGEMENT, INC. TO
DEBTORS' FORTY-SECOND OMNIBUS OBJECTION TO CLAIMS
<u>(DISALLOWANCE OF CERTAIN AMENDED CLAIMS)</u>**

Inland American Retail Management, LLC; Inland US Management, LLC; Inland Pacific Property Services LLC; Inland Southwest Management, LLC; and Inland Commercial Property Management, Inc. (collectively, "Inland Managing Entities") by and through their undersigned counsel, hereby respond ("Response") to the *Debtors' Forty-Second Omnibus Objection to Claims (Disallowance of Certain Amended Claims)* (D.I. 5015) ("Objection"), and in support thereof, respectfully state as follows:

| | |
|---|---|
| Michael D. Mueller, Esquire (VSB 38216) | Karen C. Bifferato, Esquire |
| Augustus C. Epps, Jr., Esquire (VSB 13254) | Kelly M. Conlan, Esquire |
| Jennifer M. McLemore, Esquire (VSB 47164) | CONNOLLY BOVE LODGE & HUTZ LLP |
| CHRISTIAN & BARTON, LLP | The Nemours Building |
| 909 East Main Street, Suite 1200 | 1007 North Orange Street |
| Richmond, Virginia 23219 | P.O. Box 2207 |
| Telephone: (804) 697-4100 | Wilmington, Delaware 19899 |
| | Telephone: (302) 658-9141 |
| | |
| Counsel for Inland American Retail Management, LLC; Inland US Management, LLC, Inland Pacific Property Services, LLC; Inland Southwest Management, LLC; and Inland Commercial Property Management, Inc. | Counsel for Inland American Retail Management, LLC; Inland US Management, LLC; Inland Pacific Property Services, LLC; Inland Southwest Management, LLC; and Inland Commercial Property Management, Inc. |

## BACKGROUND

1. On November 10, 2008 ("Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. The Inland Managing Entities are the managing agents for numerous landlords who were parties to leases of non-residential real property ("Leases") with the Debtors. Following the Petition Date, the Debtors rejected all of the Leases.

3. The Inland Managing Entities timely filed the proofs of claim identified on Exhibit B to the Objection prior to the January 30, 2009 bar date ("Inland Original Claims").

4. The Inland Managing Entities later amended the Inland Original Claims by timely filing the claims identified as the "Surviving Claim[s]" on Exhibit C to the Objection ("Inland Amended Claims"). The Inland Amended Claims were filed to include claims arising from the rejection of the Leases.

5. On September 21, 2009, the Debtors filed the Objection. In the Objection, the Debtors seek to disallow the Inland Original Claims to the extent they have been rendered moot and superseded by the subsequently filed Inland Amended Claims. *Objection*, ¶ 11.

6. The proposed *Order Sustaining Debtors' Forty-Second Omnibus Objection to Claims (Disallowance of Certain Amended Claims)* ("Proposed Order") attached to the Objection as Exhibit A states, in pertinent part, as follows:

> 5. To the extent the [sic] each Claim was timely filed, the Debtors shall not have the right to object to the corresponding Amended Claim on the basis of timeliness, unless the Claimant who filed the Amended Claim included a "new" claim that would not be [sic] relate back to the original date on which the Claim was filed under applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

2

> 6. The Debtors' right to file additional objections to the Claims at a later time on any grounds that bankruptcy or non-bankruptcy law permits is expressly preserved; provided, however, to the extent the [sic] each Claim was timely filed, the Debtors shall not have the right to object to the corresponding Amended Claim on the basis of timeliness, unless the Claimant who filed the Amended Claim asserted a new claim in the Amended Claim that would not be considered timely under applicable law absent leave of court, in which case the Debtors would only be permitted to object to such new claim(s) as untimely.

Proposed Order, ¶¶ 5 – 6.

### INLAND'S RESPONSE TO THE OBJECTION

7. The Inland Managing Entities do not object to the relief requested in the Objection. However, the Inland Managing Entities are concerned that paragraphs 5 and 6 of the Proposed Order provide the Debtors with the ability to later object to the Inland Amended Claims based on timeliness as the Inland Amended Claims arguably contain "new" claims for rejection damages and it is unclear whether such claims would "relate back" to the Inland Original Claims.

8. Accordingly, well in advance of the deadline for filing responses to the Objection, counsel for the Inland Managing Entities contacted Debtors' counsel and requested the following language be added to the Proposed Order:

> Inland American Retail Management, LLC; Inland US Management, LLC; Inland Pacific Property Services LLC; Inland Southwest Management, LLC; and Inland Commercial Property Management, Inc. ("Inland Managing Entities"), as managing agent for various landlords, filed the claims identified in Exhibit A attached hereto prior to the January 30, 2009 bar date ("Inland Original Claims"). The Inland Managing Entities later amended the Inland Original Claims by filing the claims identified as the "Surviving Claim[s]" in Exhibit B attached hereto ("Inland Amended Claims"). The Inland Original Claims are forever disallowed in their entirety for all purposes in these bankruptcy cases. The Debtors hereby reserve any and all rights to object to the Inland Amended Claims on any grounds other than the timeliness of filing of the Inland Amended Claims, and the Inland Managing Entities hereby reserve any and all rights to respond to any such objection by the Debtors.

3

9. In response, counsel for the Debtors stated that the Debtors were unable to include landlord-specific language in the Proposed Order and alternatively suggested that paragraph 5 of the Proposed Order be revised ("Revised Paragraph 5") to provide as follows:

> 5. Except as set forth in paragraph 4, the Debtors' rights and abilities to object to any claim included in the Objection on any grounds and on any bases are hereby preserved in their entirety; provided, however, to the extent each "Claim To Be Disallowed" was timely filed, the Debtors will not object to the corresponding "Surviving Claim" as untimely, unless, under applicable provisions of the Bankruptcy Code and Bankruptcy Rules, the "Surviving Claim" included a claim that would not be [sic] relate back to the original date on which the "Claim To Be Disallowed" was filed.

10. The Inland Managing Entities do not believe such language alleviates their concerns with respect to the Debtors' ability to later object to the Inland Amended Claims based on timeliness.

11. Sensitive to the Debtors' inability to include landlord-specific language in the Proposed Order, the Inland Managing Entities then simply requested the Debtors add the following language to Revised Paragraph 5: "Any 'Surviving Claim' which includes a rejection damage component shall "relate back" to the 'Claim To Be Disallowed.'" As the Inland Managing Entities have not heard back from the Debtors with respect to their most recent proposal, the Inland Managing Entities hereby file this Response in an abundance of caution.

WHEREFORE, the Inland Managing Entities respectfully request that the Court enter an order consistent with the relief requested herein, and grant the Inland Managing Entities such other and further relief as the Court deems just and proper.

Dated: October 27, 2009 CHRISTIAN & BARTON, LLP

By: /s/ Augustus C. Epps, Jr.
Michael D. Mueller, Esquire (VSB 38216)
Augustus C. Epps, Jr., Esquire (VSB 13254)
Jennifer M. McLemore, Esquire (VSB 47164)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

-and-

Karen C. Bifferato, Esquire (DSB No. 3279)
Kelly M. Conlan, Esquire (DSB No. 4786)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: (302) 658-9141

*Attorneys for Inland American Retail Management, LLC; Inland US Management, LLC; Inland Pacific Property Services LLC; Inland Southwest Management, LLC; and Inland Commercial Property Management, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of October, 2009, I caused a copy of the foregoing to be served via electronic means to the parties on the Court's CM/ECF system.

                                                /s/ Augustus C. Epps, Jr.
                                                Augustus C. Epps, Jr.

995433