William H. Schwarzschild, III (VSB No. 15274)
W. Alexander Burnett (VSB No. 68000)
**WILLIAMS MULLEN**
Two James Center, 17th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia  23218-1320
Tel:  804.783.6481
Fax:  804.783.6507
tschwarz@williamsmullen.com
aburnett@williamsmullen.com

*Counsel for Abilene-Ridgemont, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., | ) | |
| et al., | ) | Case No. 08-35653-KRH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## RESPONSE OF ABILENE-RIDGEMONT, LLC
## TO DEBTORS' FORTY-SECOND OMNIBUS OBJECTION TO CLAIMS
## (DISALLOWANCE OF CERTAIN AMENDED CLAIMS)

Abilene-Ridgemont, LLC ("Abilene"), as pending Transferee of claims from Novogroder Abilene, LLC, by counsel, hereby responds to the Debtors' Forty-Second Omnibus Objection to Claims (Disallowance of Certain Amended Claims) (the "Objection") as follows:

1.        On March 31, 2000, the above-captioned debtor and debtor-in-possession (collectively, "Circuit City") entered into a Lease Agreement (the "Lease") with Lakepointe Texas Investment Properties, LLC ("Lakepoint"), whereby the Landlord agreed to lease the commercial premises located at 4351 Ridgemont Drive, Abilene, Texas 79606 (the "Property") to the Debtor.[1]

2.        On or about September 25, 2002, Lakepoint sold the Property and assigned the Lease to Novogroder/Abilene, LLC (the "Landlord").

---

[1] A copy of the Lease and other documents referenced herein shall be made available to Circuit City and any other interested parties upon request.

3.      On or about September 25, 2002, the Landlord entered into a Loan Agreement (the "Loan Agreement") with Abilene.  As security for Abilene's loan to the Landlord, the Landlord assigned its right, title and interest in the Property and the Lease to Abilene.  A copy of the Deed of Trust, Security Agreement and Assignment of Leases evidencing the assignment is attached as Exhibit A.

4.      On November 10, 2008 (the "Petition Date"), Circuit City filed a petition for reorganization under Chapter 11 of the Bankruptcy Code and continued the management of its business and properties as debtor-in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5.      On December 10, 2008, the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") entered an order establishing a general bar date of January 30, 2009 (the "General Bar Date Order").

6.      On January 27, 2009 in compliance with the General Bar Date Order, the Landlord timely filed a general unsecured claim in the amount of $127,132.75 (the "General Unsecured Claim") for damages from breach of the Lease.  Circuit City designated this claim as "Claim No. 6440."

7.      On or about April 10, 2009, the Landlord filed an amended claim in the amount of $6,792,167.08, of which $54,959.73 is entitled to administrative priority and $6,737,207.35 is unsecured.  Circuit City designated this claim as "Claim No. 12241."

8.      On May 15, 2009, the Court entered an order establishing June 30, 2009 as the administrative expense bar date (the "Administrative Bar Date").  Claim No. 12241 was filed timely and in compliance with the Administrative Bar Date.

9.      Abilene foreclosed on the Property and its rights to the Lease and collection of rents therein on June 2, 2009.  A copy of the Trustee's Deed and Bill of Sale showing that Abilene foreclosed on the Property is attached as Exhibit B.

10.     Abilene filed an amended claim on or about September 9, 2009, which amended Claim No. 6440, but did not amend Claim No. 12241.  Circuit City designated this claim as "Claim No. 14599."

11.     On or about September 21, 2009, the Debtors filed the Objection.

12.     The Objection asserts that Claim No. 6440 was rendered moot and superseded by Claim No. 12241.  The Objection seeks to disallow Claim No. 6440; however, pursuant to the Objection, Claim No. 12241 shall remain in effect and is not affected by the Objection.

13.     Abilene filed a Notice of Transfer of Claim Nos. 6440 and 12241 on October 27, 2009 (the "Notice of Transfer"); however, since it was just filed, the Notice of Transfer has not been sent to the Landlord and the Court has not substituted Abilene for the Landlord.

14.     However, in order to protect its interest in Claim Nos. 6440 and 12241, Abilene responds to the Objection as follows.

15.     Abilene does not object to the disallowance of Claim No. 6440, provided that no part of the Objection or the relief sought therein shall affect Claim Nos. 12241 or Claim No. 14599.  Abilene reserves its rights to amend Claim Nos. 12241 and 14599.

WHEREFORE Abilene-Ridgemont, LLC, as pending Transferee of claims from Novogroder Abilene, LLC, prays that (i) no part of the Objection or the relief sought therein shall affect Claim Nos. 12241 or Claim No. 14599; (ii) the Objection be overruled to the extent that it seeks disallowance of Claim No. 12241 or Claim No. 14599; and (iii) Abilene be granted a hearing and such other relief as may be appropriate and as its interests may appear.

Dated:  Richmond, Virginia
        October 27, 2009

                              Respectfully submitted,

                              ABILENE-RIDGEMONT, LLC

                                    */s/ W. Alexander Burnett*
                              By_____
                                          Counsel

William H. Schwarzschild, III (VSB No. 15274)
W. Alexander Burnett (VSB No. 68000)
WILLIAMS MULLEN
Two James Center, 17th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia  23218-1320
Tel:  804.783.6481
Fax:  804.783.6507
tschwarz@williamsmullen.com
aburnett@williamsmullen.com

6993743_1.DOC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Response of Abilene-Ridgemont, LLC to Debtors' Forty-Second Omnibus Objection to Claims (Disallowance of Certain Amended Claims) was filed and served this 27th day of October, 2009, electronically using the Court's ECF System, was sent by electronic mail to circuitcityservice@mcguirewoods.com and project.circuitcity@skadden.com, and was sent by first class mail, postage prepaid, to the entities at the addresses indicated below:

Douglas M. Foley, Esq.
McGuireWoods LLP
9000 World Trade Center, 101 W. Main St.
Norfolk, VA 23510

Dion W. Hayes, Esq.
McGuireWoods LLP
One James Center, 901 E. Cary St.
Richmond, VA 23219

Gregg Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden Arps, Slate Meagher & Flom LLP
One Rodney Square
Box 636
Wilmington, Delaware 19899

Chris L. Dickerson, Esq.
Skadden Arps, Slate Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL 60606

*Counsel for the Debtors*

Robert B. Van Arsdale, Esq.
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

*Office of the U.S. Trustee for the Eastern District of Virginia, Richmond Division*

Jeffrey N. Pomerantz, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067

Robert J. Feinstein
Pachulski Stang Ziehl & Jones LLP
780 Third Ave., 36th Floor
New York, NY 10017

*Counsel for the Creditor's Committee*

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

*Counsel for the Official Committee of Unsecured Creditors*

David S. Berman, Esq.
Reimer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, MA 02108

*Counsel to Prepetition Lenders/Counsel to Postpetition Lenders*


*/s/ W. Alexander Burnett*

_____

6993743_1.DOC