Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

– and –  

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
155 North Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION  

```
- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
         Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**DEBTORS' OBJECTION TO SAMSUNG ELECTRONICS AMERICA, INC.'S (I) MOTION FOR A SHORTENED RESPONSE TIME TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS; <u>AND (II) MOTION FOR AN EXPEDITED HEARING</u>**

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors")[1] hereby submit this objection (the "Objection")

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875),
*(cont'd)*

to Samsung Electronics America, Inc.'s ("Samsung") (I) Motion for a Shortened Response Time to Interrogatories and Request for Production of Documents (Docket No. 5312) (the "Discovery Motion") and (II) Motion for an Expedited Hearing (Docket No. 5313) (the "Motion for Expedited" and collectively, the "Motions").  In support of the Objection, the Debtors respectfully represent as follows:

## BACKGROUND

1. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors continue as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

2. On October 13, 2009, the Debtors filed their (I) Fifty-Second Omnibus Objections to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that

---

*(cont'd from previous page)*
Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

2

the First Hearing on any Response Proceed as a Status Conference (Docket No. 5216) (the "Fifty-Second Omnibus Objection") and brief in support thereof.

3. In the Fifty-Second Omnibus Objection, the Debtors objected to, among others, proof of claim number 1425 ("Claim No. 1425") filed by Samsung. As set forth in the Debtor's Brief in Support of the Fifty-Second Omnibus Objection (Docket No. 5217) (the "Brief"), the Debtors are seeking temporary disallowance of certain 503(b)(9) Claims because the Claimants holding such claims are the recipients of transfers that are avoidable under Bankruptcy Code section 547.[2]

**OBJECTION TO DISCOVERY**

4. The Debtors object to the Motions and assert that an expedited hearing and shortened notice period for responding to discovery is unnecessary and inappropriate prior to the hearing on November 12, 2009. The Debtors intend to proceed only with legal argument on November 12, 2009 with respect to threshold legal issues presented in the Fifty-Second Omnibus Objection without prejudice to the particular factual circumstances of any Claimant.

---

[2] Unless otherwise defined herein, capitalized terms shall have the same meaning as set forth in the Brief.

3

Therefore, the discovery Samsung is seeking is unnecessary for the hearing on November 12, 2009.

5. Further, in less than forty-eight hours of receiving Samsung's request for information, the Debtors produced to Samsung detailed data the Debtors used to calculate Samsung's preference exposure. The Debtors will continue to work with Samsung, and any other Claimant, with respect to factual issues pertaining to their preference exposure, including any defenses.

6. Expedited and hurried formal discovery, however, simply is not necessary prior to the hearing on November 12th because a claim may be temporarily disallowed under section 502(d) of the Bankruptcy Code simply upon the assertion by a debtor as to the avoidability of a transfer to the holder of the claim. See In re Larsen, 80 B.R. 784, 791 (Bankr. E.D. Va. 1987); see also Enron Corp. v. Int'l Fin. Corp. (In re Enron Corp.), 343 B.R. 75, 83 (Bankr. S.D.N.Y. 2006); In re Eye Contact, Inc., 97 B.R. 990, 992 (Bankr. W.D. Wis. 1989); MidAtlantic Fund Inc., 60 B.R. 604 (Bankr. S.D.N.Y. 1986); 4 Collier on Bankruptcy ¶ 502.05[2][a] (15th ed. rev.)("To assure the effectuation of the purpose of this section, a claim may be disallowed at least temporarily and for certain purposes, subject to

4

reconsideration, simply upon the allegation of an avoidable transfer."). Here, the Debtors have gone beyond merely asserting that Samsung is the recipient of preferential transfers by voluntarily providing Samsung the actual data used by the Debtors to reach that conclusion.

## **RESERVATION OF RIGHTS**

7.  The Debtors reserve any and all rights to revise, amend or supplement this Objection and to assert any and all additional factual and/or legal grounds for objection to the Samsung's Claim No. 1425 that the Debtors may identify through discovery and/or additional analysis.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court sustain the Debtors' Objection and deny the Motions.

Dated: October 30, 2009  
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
P.O. Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
Chris L. Dickerson, Esq.  
155 North Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700

– and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley                  .  
Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000

Counsel for Debtors and Debtors in Possession

\10122320