Mark D. Taylor (VSB No. 42416)
607 14th Street, NW, Suite 900
Washington, DC 20005-2018 USA
Telephone: (202) 508-5867

and

Shane G. Ramsey
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: (404) 745-2429

*Counsel for Lenovo USA*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., *et al.* | ) | Case No. 08-35653-KRH |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**RESPONSE OF LENOVO USA, ON BEHALF OF HAIN CAPITAL HOLDINGS, LLC, TO DEBTORS' FORTY-EIGHTH OMNIBUS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES AND 503(b)(9) CLAIMS AND MOTION FOR (I) AUTHORITY TO SETOFF AGAINST SUCH EXPENSES AND CLAIMS AND (II) A WAIVER OF THE REQUIREMENT THAT THE FIRST HEARING <u>ON ANY RESPONSE PROCEED AS A STATUS CONFERENCE</u>**

Lenovo USA ("Lenovo"), on behalf of Hain Capital Holdings, LLC ("Hain"), Responds to the Debtors' Forty-Eighth Omnibus Objection to Certain Administrative Expenses and 503(b)(9) Claims and Motion for (I) Authority to Setoff Against Such Expenses and Claims and (II) a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference (the "Objection"). In support thereof, Lenovo states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this response under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this response in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

4. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors. To date, no trustee or examiner has been appointed in these chapter 11 cases.

5. On December 18, 2008, Lenovo filed a claim under section 503(b)(9) of the Bankruptcy Code (Claim No. 1382) (the "503(b)(9) Claim"). The 503(b)(9) Claim asserts a claim for $1,261,318.48, which represents the amount due Lenovo from the Debtors for the delivery of goods within 20 days of the Petition Date. Before filing the 503(b)(9) claim, Lenovo offset a total of $2,065,098.90 due and owing to the Debtors.

6. On September 10, 2009, Lenovo transferred and assigned the 503(b)(9) Claim to Hain.

7. On January 30, 2009, Lenovo filed a general unsecured claim in the amount of $8,589,126.82 (Claim No. 9456) (the "General Unsecured Claim").[1] Prior to filing the General

---

[1] The amount of the General Unsecured Claim was inclusive of the amount previously sought in the 503(b)(9) Claim because Lenovo has not received notice of the allowed amount of its 503(b)(9) Claim. Lenovo recognizes that the General Unsecured Claim will be reduced by any amounts paid to it for the 503(b)(9) Claim.

US2008 949000.2

Unsecured Claim, Lenovo setoff an additional $500,000 in marketing incentive payments for December 2008 and January 2009 owed to the Debtors under a reseller agreement between the parties.

8. On October 13, 2009, the Debtors filed the Objection. [Docket No. 5211]. In the Objection, the Debtors contend they became entitled to certain amounts, including receivables, chargebacks, returns, and other amounts (collectively, the "Receivables"), in the ordinary course of business and that the Receivables should be setoff against the 503(b)(9) Claim rather than collected. The Debtors request that Lenovo's 503(b)(9) Claim in the amount of $1,261,318.48 be setoff by the alleged Receivables in the amount of $1,790,353.70, resulting in reduction of the amount of the 503(b)(9) Claim to $0.00 and remaining receivables in the amount of $529,035.22.

## ARGUMENT

9. A properly filed proof of claim is considered *prima facie* evidence of the validity and amount of the claim. Juniper Dev. Grp. v. Kahn (In re Hemingway Transport, Inc.), 993 F.2d 915, 925 (1st Cir. 1993). The "interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by *substantial evidence*." Id. (emphasis in original).

10. As the parties objecting to the 503(b)(9) Claim, the Debtors bear the burden of proof as to the excessiveness or invalidity of the 503(b)(9) Claim. The Debtors have failed to carry this burden.

11. Indeed, Lenovo has already setoff the amounts due and owing to the Debtors from the amount of the 503(b)(9) Claim. For instance, the following amounts were applied as credit against the 503(b)(9) claim: (1) $1,144,388.68 in total product returns and (2) $920,710.22 in

total marketing incentives and credits.  Accordingly, the 503(b)(9) Claim took into consideration a total of $2,065,098.90 in setoffs.

12. Moreover, before Lenovo filed the General Unsecured Claim, it setoff an additional $500,000 in marketing incentive payments for December 2008 and January 2009 owed to the Debtors under a reseller agreement between the parties.

13. Accordingly, the Debtors have already received the benefit of $2,565,098 in setoffs against the 503(b)(9) Claim and the General Unsecured Claim.

14. Lenovo disputes that any of the amounts listed in the Objection are in fact due and owing.

15. Inasmuch as the Debtors have failed to offer substantial evidence to support the Objection to the 503(b)(9) Claim and have therefore failed to sustain their burden in overcoming the *prima facie* evidentiary effect of the validly filed 503(b)(9) Claim, Lenovo requests that the Objection be overruled and that the 503(b)(9) Claim be allowed in the amount of $1,261,318.48.

WHEREFORE, Lenovo respectfully requests that this Court enter an order (a) overruling the Objection, (b) allowing the 503(b)(9) Claim in its entirety, and (c) granting such other and further relief as the Court deems just and proper.

Dated:  November 3, 2009        KILPATRICK STOCKTON LLP

By:   /s/  Mark D. Taylor
Mark D. Taylor, Esq. (VSB No. 42416)
607 14th Street, NW, Suite 900
Washington, DC 20005-2018 USA
(202) 508-5867 (Telephone)
(202) 585-0073 (Facsimile)
mdtaylor@kilpatrickstockton.com

*Counsel for Lenovo USA*

US2008 949000.2

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing Response was served by electronic means on the "2002" and "Core" lists and through ECF system which in turn will generate an electronic notice of filing to all parties registered to receive electronic notice from the Court on November 3, 2009.

By:  /s/ Mark D. Taylor
Mark D. Taylor

US2008 949000.2