1  LATHAM & WATKINS LLP
    Peter M. Gilhuly (CA Bar No. 151516)
2    Ted A. Dillman (CA Bar. No. 258499)
   355 South Grand Avenue, Suite 100
3  Los Angeles, California  90071-1560
   Telephone:  (213) 485-1234
4  Facsimile:  (213) 891-8763
   peter.gilhuly@lw.com
5  ted.dillman@lw.com

6  ZEMANIAN LAW GROUP
    Peter G. Zemanian (VA Bar No. 24922)
7  600 Town Point Center 150 Bush Street
   Norfolk, VA 23510
8  Telephone:  (757) 622-0090
   Facsimile:  (757) 622-0096
9  pete@zemanianlaw.com

10  Attorneys for TiVo Inc.

11                **UNITED STATES BANKRUPTCY COURT**
                **FOR THE EASTERN DISTRICT OF VIRGINIA**
12                        **RICHMOND DIVISION**

13  In re                                    Chapter 11

14  **CIRCUIT CITY STORES, INC.,** *et al.*       Case No. 08-35653 (KRH)

15                        Debtors.            (Jointly Administered)

16

17

18     **CONDITIONAL OBJECTION OF TIVO INC. TO DEBTORS' FORTY EIGHTH**
19  **OMNIBUS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES AND 503(b)(9)**
    **CLAIMS AND MOTION FOR (I) AUTHORITY TO SETOFF AGAINST SUCH**
20  **EXPENSES AND CLAIMS AND (II) A WAIVER OF THE REQUIREMENT THAT THE**
    **FIRST HEARING ON ANY RESPONSE PROCEED AS A STATUS CONFERENCE**
21

22         TiVo Inc. ("**TiVo**"), by and through its undersigned counsel, hereby objects (this

23  "**Objection**") to the omnibus objection and motion (the "**Setoff Motion**") of the debtors in the

24  above captioned case (the "**Debtors**"), entered on October 13, 2009 [Doc 5211].  TiVo is a

25  prepetition and postpetition creditor of the Debtors and the holder of priority claims under

26  sections 503(b) and 503(b)(9) (together, "**Administrative Expenses**") of title 11 of the United

27  States Code (the "**Bankruptcy Code**").  This Objection is supported by the concurrently filed

28  declaration of Lawrence A. Denny.

1    Through the Setoff Motion, the Debtors seek authority to offset Administrative Expenses

2  with receivables owing to the Debtors both pre- and post-petition.  TiVo objects to this setoff to

3  the extent that the Debtors seek to offset Administrative Expenses with prepetition receivables

4  before all postpetition receivables are exhausted through offset.  To do otherwise would be

5  inequitable, robbing creditors of their rights protected by section 553(a) of the Bankruptcy Code.

6  Creditors are entitled to setoff prepetition claims against the Debtors' prepetition receivables.  11

7  U.S.C. § 553(a).  TiVo does not object to the Setoff Motion if the Debtors will first setoff

8  postpetition receivables against Administrative Expenses to the extent available, and only

9  thereafter use prepetition receivables.

10    The Debtor's cite *In re TSLC I, Inc.*, 332 B.R. 476, 478 (Bankr. M.D. Fla. 2005) for the

11  proposition that "a debtor's right to effectuate setoffs is among the offset rights preserved" by

12  section 558 of the Bankruptcy Code.  (Setoff Motion at 8).  However, in *TSLC*, the court did not

13  allow the debtor to offset prepetition receivables against postpetition administrative claims when

14  the holder of the administrative claim also held a prepetition claim which could be used to offset

15  prepetition claims of the debtor against the creditor.  *See TSLC*, 332 B.R. at 478-79

16  (distinguishing *In re PSA, Inc.*, 277 B.R. 51 (Bankr. D. Del. 2002), *In re Papercraft Corp.*, 127

17  B.R. 346 (Bankr. W.D. Pa. 1991), and *In re M.W. Ettinger Transfer Co.*, 1988 Bankr. LEXIS

18  2720 (Bankr. D. Minn. 1988) because the postpetition creditors in those cases did not hold

19  prepetition claims).

20    Section 553 of the Bankruptcy Code entitles a creditor to offset prepetition claims against

21  prepetition receivables, and such receivables cannot be used to offset postpetition Administrative

22  Expenses where doing so would prejudice the creditor.  *See Id.*  This setoff right has "substantial

23  value."  See *In re ABC-NACO*, 294 B.R. 832, 836-37 (Bankr. N.D. Ill. 2003).  If the Debtors are

24  allowed to setoff prepetition receivables against Administrative Expenses without first setting off

25  post-petition receivables, TiVo would be materially harmed.  After such a setoff, the Debtor

26  could sue to recover any remaining pre- and post-petition receivables, and TiVo would have lost

27  its right to offset prepetition receivables.  Effectively, TiVo would be left with a prepetition

28  unsecured claim, likely recovering pennies on the dollar as an unsecured claim holder, while

LATHAM&WATKINS⸺  LA\2032632.3
ATTORNEYS AT LAW
LOS ANGELES

2    CONDITIONAL OBJECTION OF TIVO TO DEBTORS' MOTION TO
SETOFF AGAINST ADMINISTRATIVE EXPENSE AND 503(b)(9)
CLAIMS

1    being forced to pay 100 cent dollars.   Section 553 is specifically designed to prevent this

2    situation.

3         Section 558 does not empower the court to strip a creditor's rights under section 553,

4    which provides, in relevant part, that "this title does not affect any right of a creditor to offset a

5    mutual debt owing by such creditor to the debtor" so long as both debts arose prepetition.  11

6    U.S.C. § 553(a).  The language of section 553(a) precludes impairment of a creditor's setoff

7    rights through the Bankruptcy Code except as permitted under sections 553, 362 and 363.

8    Accordingly, section 558 does not give the Debtors authority to impair TiVo's right to

9    prepetition setoff under section 553 of the Bankruptcy Code.

10        The Debtors claim that a bankruptcy court also may have discretion to restrict setoff

11   solely to priority claims, even if the creditor also holds an unsecured claim, citing *United States*

12   *Internal Revenue Serv. v. Martinez (In re Martinez)*, 2007 U.S. Dist. LEXIS 6163 (M.D. Pa. Jan

13   29, 2007).  That case, however, was limited in its application to tax claims, and specifically,

14   whether the bankruptcy court was empowered to restrict the allocation of the setoff even though

15   allocation authority was given to the IRS by statute (under 26 U.S.C. §6402).  *Martinez*, 2007

16   U.S. Dist. LEXIS 6163 at *2, *8-*10.  Although the district court found that the bankruptcy

17   court did not abuse its discretion in concluding that it had the authority to restrict setoff, the

18   district court concluded that such a determination had to be based on specific findings

19   demonstrating the equity of restricting setoff.  *Id.* at *11-*12.  Here, the Debtors have not even

20   claimed any equitable basis for so restricting setoff, if such is their intent.  Where the bankruptcy

21   court based its equitable determination merely on "the facts of this case," the district court found

22   an abuse of discretion and remanded the case to the bankruptcy court for a more detailed

23   explanation of the reasons for restricting setoff.  *Id.*

24        TiVo holds a prepetition claim for $313,781.32 and a postpetition claim for

25   Administrative Expenses totaling $201,930.00.  On information and belief, TiVo owes the

26   Debtors $562,868.84 prepetition, and based on the Setoff Motion, $218,721.16 postpetition.

27   Under the setoff structure TiVo proposes, the Debtors could at most recover $265,428.68 from

28   TiVo.  However, if the Debtors are allowed to deprive TiVo of its setoff rights protected by

LATHAM&WATKINS LLP   LA\2032632.3
ATTORNEYS AT LAW
LOS ANGELES

3    CONDITIONAL OBJECTION OF TIVO TO DEBTORS' MOTION TO
SETOFF AGAINST ADMINISTRATIVE EXPENSE AND 503(b)(9)
CLAIMS

1  section 553 of the Bankruptcy Code, the Debtors could potentially recover $579,210.00, and

2  leave TiVo with a prepetition claim entitled to little or nothing under the plan of liquidation to be

3  filed.  Such treatment would cost TiVo $313,781.32, and would not reflect the true balance of

4  payables and receivables between the parties.  Such treatment would also be inequitable.

5  Accordingly, to the extent that the Debtors propose to do anything other than offset prepetition

6  receivables against prepetition claims, and postpetition receivables against Administrative

7  Expenses, to the maximum extent available, and only then setoff prepetition receivables against

8  Administrative Expenses, TiVo strongly objects to the Setoff Motion.

9         For the reasons stated herein, TiVo respectfully requests that the Court either (i) deny the

10  Setoff Motion, or alternatively, (ii) grant the Setoff Motion on the condition that TiVo's rights

11  under section 553 of the Bankruptcy Code as described above are fully protected and will not be

12  impaired.

13  Dated: November 3, 2009               Respectfully submitted:

14                                        LATHAM & WATKINS LLP
                                            Peter M. Gilhuly
15                                          Ted A. Dillman

16                                        ZEMANIAN LAW GROUP
17                                          Peter G. Zemanian

18

19                                        _____*/s/ Peter G. Zemanian*_____
                                             Attorney for TiVo Inc.

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP  LA\2032632.3
ATTORNEYS AT LAW
LOS ANGELES

4  CONDITIONAL OBJECTION OF TIVO TO DEBTORS' MOTION TO
SETOFF AGAINST ADMINISTRATIVE EXPENSE AND 503(b)(9)
CLAIMS

1

### CERTIFICATE

2

3    I certify that on this 3ʳᵈ day of November, 2009, I caused the foregoing *Conditional Objection of TiVo Inc. to Debtors' Forty-Eighth Omnibus Objection to Certain Administrative Expenses and 503(b)(9) Claims and Motion for (i) Authority to Setoff Against Such Expenses and Claims and (ii) a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference* to be filed with the e.c.f. system for purposes of electronic service on all parties so designated and also to be sent via Express Mail to:

4

5

6

Skadden, Arps, Slate, Meager & Flom, LLP

7          Attn:  Gregg M. Galardi
          Attn:  Ian S. Fredericks

8    P.O. Box 636
     Wilmington, DE  19899-0636

9

Skadden, Arps, Slate, Meagher & Flom, LLP

10         Attn:  Chris L. Dickerson
     155 North Wacker Drive

11   Chicago, IL  60606

12   McGuire Woods, LLP
          Attn:  Dion W. Hayes

13         Attn:  Douglas M. Foley
     One James Center

14   901 E. Cary Street
     Richmond, VA  23219

15

16                                         By:_____*/s/ Peter G. Zemanian*_____
                                                        Of Counsel

17

18

19

20

21

22

23

24

25

26

27

28

**LATHAM&WATKINS**ᴸᴸᴾ   LA\2032632.3

ATTORNEYS AT LAW
LOS ANGELES

5   CONDITIONAL OBJECTION OF TIVO TO DEBTORS' MOTION TO
SETOFF AGAINST ADMINISTRATIVE EXPENSE AND 503(b)(9)
CLAIMS