IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., | ) Jointly Administered |
| et al., | ) |
| | ) **NOTICE OF TRANSFER OF** |
| | ) **CLAIM OTHER THAN FOR** |
| | ) **SECURITY** |
| Debtors. | ) |
| | ) Bankruptcy Rule 3001(e)(2) |

PLEASE TAKE NOTICE that the claims of **OLP CCST LOUIS LLC**, (the "Transferor") against Debtor Circuit City Stores, Inc., designated as (a) Claim No. 12180 in the amount of $358,657.10, and (b) Claim No. 14420 in the amount of $22,277.64 have been transferred and assigned other than for security to **GECMC 2005-C2 SOUTH LINDBERGH, LLC** (the "Transferee"), pursuant to the Assignment of Claim executed by the Transferor, a true and correct copy of which is attached hereto as **Exhibit A** (the "Assignment").

The undersigned hereby submits this Notice and the Assignment as evidence of the transfer pursuant to Rule 3001(e)(2) of the Federal Rules of Bankruptcy Procedure, of all rights, title and interest in and to the claim originally held by **OLP CCST LOUIS LLC** to **GECMC 2005-C2 SOUTH LINDBERGH, LLC**. The Clerk of the Court and claims agent Kurtzman Carson Consultants LLC are each authorized to change the addresses on Claim Nos. 12180 and 14420 filed by Transferor to that of the Transferee listed below.

**TRANSFEROR:**
**OLP CCST LOUIS LLC**
c/o Michelle McMahon, Esq.
1290 Avenue of the Americas
New York, NY 10104

**TRANSFEREE:**
**GECMC 2005-C2 SOUTH LINDBERGH, LLC**
c/o Mindy A. Mora, Esq.
Bilzin Sumberg Baena Price & Axelrod LLP
200 South Biscayne Blvd., Suite 2500
Miami, Florida 33131

MIAMI 1970993.1 7249631413

I declare under penalty of perjury that the foregoing is true and correct.

**GECMC 2005-C2 SOUTH LINDBERGH, LLC**

By: LNR Partners, Inc., its Manager

By: _____

Name: _____Randolph J. Wolpert_____
Title: _____Vice President_____

MIAMI 1970993 1 7249631413

## ASSIGNMENT OF CLAIM

OLP CC~~FAIRVIEW HEIGHTS~~ ST. LOUIS LLC, an Illinois limited liability company ("Assignor") for good and valuable consideration, hereby absolutely and unconditionally assigns to **GECMC 2005-C2 SOUTH LINDBERGH, LLC**, a Missouri limited liability company ("Assignee") all of its interest in that certain claim filed by or on behalf of Assignor in the bankruptcy of Circuit City Stores, Inc., or any of its affiliates (collectively, "CCS") pending in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court"), Case No. 08-35653, Claim No. _____, filed on April 13, 2009, a copy of which is attached hereto as **Exhibit A**, which evidences a claim in the amount of $358,657.10, together with any and all other claims which Assignor has filed or hereafter files against CCS in any and all respects.

Assignor agrees that, in the event Assignor receives any payments or distributions with respect to any such claims after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of, and for the sole benefit of, Assignee and shall promptly deliver the same to Assignee.

Assignor hereby waives any notice and hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure and further stipulates that any necessary order may be entered by the Clerk of the Bankruptcy Court recognizing Assignee as the valid owner and holder of such Claim.

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment of Claim by its duly authorized representative as of the 30th day of June, 2009.

OLP/ST. LOUIS LLC, a Missouri limited liability company

By:   One Liberty Properties, Inc., a Maryland corporation, its sole member

By: _____
~~Mark H. Lundy~~, ~~Senior~~ Vice President

Richard M Figueroa

B10 (Official Form 10)

| United States Bankruptcy Court<br>Eastern District of Virginia | PROOF OF CLAIM |
|---|---|
| Debtor: Circuit City Stores, Inc. | Case Number: 08-35653-KRH |

Note: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor<br>(The person or other entity to whom the debtor owes money or property):<br>OLP CCSt. Louis, LLC<br>Name and Address Where Notices Should be Sent:<br>Michelle McMahon, Esq.<br>1290 Avenue of the Americas<br>New York, NY 10104<br>Telephone: (212) 541-2000; Facsimile: (212) 541-4630<br>Michelle.mcmahon@bryancave.com | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIED DEBTOR: | ☐ replaces<br>Check box if this claim   previously filed claims, dated: 1/29/2009 and 04/01/2009<br>☒ amends   (claim nos. 8502 and TBD) | |

1. BASIS FOR CLAIM
Goods sold/ Services performed
  Litigation
  Money loaned
  Personal injury/wrongful death
  Taxes
  ☒ Other (Describe briefly)

  Retiree benefits as defined in 11 U.S.C. § 1114(a)
  Wages, salaries, and compensation (Fill out below)
    Your social security number:
    Unpaid compensation for services performed
    from        to
    date        date

2. DATE DEBT WAS INCURRED: See attached Statement of Claim.   3. IF COURT JUDGMENT, DATE OBTAINED:

4. CLASSIFICATION OF CLAIM. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ SECURED CLAIM:
  Attach evidence of perfection of security interest
  Brief Description of Collateral:
  ☐ Real Estate  ☐ Motor Vehicle  X Other (Describe briefly):
  Amount of arrearage and other charges at time case filed included in secured claim above, if any, $____
☒ UNSECURED NONPRIORITY CLAIM: $358,657.10
  A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.
☐ UNSECURED PRIORITY CLAIM $____
  Specify the priority of the claim.

  ☐ Wages, salaries, or commissions (up to $10,000), *earned not more than 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier—11 U.S.C. § 507(a)(4)
  Contributions to an employee benefit plan—11 U.S.C. § 507 (a)(5)
  Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. § 507(a)(7)
  Alimony, maintenance, or support owed to a spouse, former spouse, or child—11 U.S.C. § 507(a)(1)
  Taxes or penalties of governmental units—11 U.S.C. § 507(a)(8)
  Other—Specify applicable paragraph of 11 U.S.C. § 507(a)
  *Amounts are subject to adjustment on 4/1/08 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

5. TOTAL AMOUNT OF
CLAIM AT THE TIME   $  358,657.10    $_____    $_____    $ 358,657.10  *
CASE FILED:         (Unsecured)      (Secured)    (Priority)   (Total)
☐ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.
* plus applicable interest, costs and attorneys' fees

| 6. CREDITS AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.<br>7. SUPPORTING DOCUMENTS: *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contract, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>8. TIME-STAMPED COPY: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY<br><br>**RECEIVED**<br>APR 14 2009<br>KURTZMANCARSONCONSULTANTS |
|---|---|
| Date<br>4/13/2009 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br>by: /s/<br>Richard Figueroa, Vice President of One Liberty Properties, Inc., the sole member of OLP CCSt. Louis, LLC | |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



COPY

BRYAN CAVE, LLP
Michelle McMahon, Esq.
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000
(212) 541-1439 (Fax)

William C. Crenshaw
VSB No. 16803
901 New York Avenue, NW
Washington, D.C. 20001
Telephone: (202) 624-7380
Email: bill.crenshaw@bryancave.com

Counsel for OLP CCSt. Louis, LLC

UNITED STATES BANKRUPTCY COURT
DISTRICT OF EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| In re | Chapter 11 |
|---|---|
| CIRCUIT CITY STORES, INC., et al., | Case No. 08-35653-KRH |
| Debtor. | |

## AMENDED STATEMENT OF CLAIM

Creditor OLP CCSt. Louis, LLC (the "Landlord") hereby files an amendment to its timely filed proof of claim (claim no. TBD)[1] against Circuit City Stores, Inc. (the "Debtor"), one of the debtors in the above-captioned bankruptcy case, to amend the claim for damages resulting from the Debtor's recent rejection of the Lease (defined below) between the Landlord and the Debtor. In support of this amended claim, the Landlord states as follows:

---

[1] This claim, filed April 1, 2009, amended and superseded claim no. 8502 to include a claim for damages resulting from the Debtor's rejection of the Lease.

1.  On November 10, 2008 (the "Petition Date"), the Debtor and certain of its affiliates filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.  The Debtor and the Landlord are parties to a lease agreement dated October 15, 2004 (the "Lease") pursuant to which the Landlord leased to the Debtor certain nonresidential real property located at 6926 Lindbergh Blvd., St. Louis, MO (the "Leased Premises").[2] Under the Lease the Debtor is obligated to pay to Landlord monthly rent of $21,490.50, plus taxes (collectively, the "Rent").

3.  As of the Petition Date, the Debtor owed the Landlord Rent in the amount of $6,447.15 and taxes in the amount of $43,544.83 (collectively, the "Pre-Petition Rent") as set forth on Exhibit A.

4.  The Debtor rejected the Lease pursuant to the Order Under 11 U.S.C. 105, 363 and 365 (I) Approving Bidding and Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases For Closing Stores, (II) Setting Hearing Date, and (III) Authorizing and Approving (A) Sale Of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (B) Assumption and Assignment Of Certain Unexpired Nonresidential Real Property Leases, and (C) Lease Rejection Procedures (Docket No. 2242), and the Notice of Rejection of Unexpired Leases and Abandonment of Personal Property (Docket No. 2408), effective March 10, 2009 (the "Rejection Date").

5.  Rejection of an unexpired lease operates as a material breach of the Lease under Bankruptcy Code §365(g)(1) and entitles the Landlord to recover the Rent due under the Lease

---

[2] A copy of the Lease is available upon request to the Landlord's counsel: Bryan Cave, LLP, Attn: Michelle McMahon, Esq., 1290 Avenue of the Americas, New York, NY 10104, (212) 541-2000, (212) 541-1439 (Fax), michellemcmahon@bryancave.com.

2

C053999/0228578/1528715.1

as damages (the "Rejection Damages Claim"). The Rejection Damages Claim is measured from the Rejection Date through December 31, 2014, the termination date of the Lease as stated therein. The amount of the allowable Rejection Damages Claim is limited to $308,665.12, which is equal to one year of Rent by operation of Bankruptcy Code §502(b)(6). A break down of this calculation is set forth on Exhibit B.

6. The Landlord is entitled to an unsecured non-priority claim in the amount of $358,657.10 for Pre-Petition Rent and the Rejection Damages Claim, plus applicable interests, costs and attorneys' fees, pursuant to §502(a) of the Bankruptcy Code.

7. The Landlord reserves the right to amend or supplement this claim.

3

## EXHIBIT A

Circuit City Delinquent Payments to OLP CCSt. Louis, LLC, Store #530

|  | Charges | Paid | Balance | Pre-Petition through 11/9 | Post-Petition as of 11/10 |
|---|---|---|---|---|---|
| Rent (due 11/08) | $21,490.50 | N/A | $21,490.50 | $6,447.15 | $15,043.35 |
| Taxes (due 12/31/08 | $50,779.12 | N/A | $50,779.12 | $43,544.83 (313 days) | $7,234.29 (52 days) |

C053999/0228578/1528715.1

MIAMI 1872148.1 7249631804

## EXHIBIT B

### Circuit City Rejection Damages Claim

|  | Base Rent | Taxes |  |
|---|---|---|---|
| Rent for One Year | $257,886.00 | $50,779.12 |  |
| Total |  |  | $308,665.12 |

C053999/0228578/1528715.1

MIAMI 1872148.1 7249631804