**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **CIRCUIT CITY STORES, INC., *et al.*,[1]** | : | **Case No. 08-35653 (KRH)** |
| | : | |
| Debtors. | : | **Jointly Administered** |
| | : | |
| | : | |
| | : | |

**RESPONSE OF SANDISK CORPORATION TO DEBTORS' (I) FIFTY-SECOND OMNIBUS OBJECTION TO CERTAIN 503(B)(9) CLAIMS AND (II) MOTION FOR A WAIVER OF THE REQUIREMENT THAT THE FIRST HEARING ON ANY <u>RESPONSE PROCEED AS A STATUS CONFERENCE</u>**

SanDisk Corporation ("SanDisk"), by and through its undersigned counsel, hereby submits this Response of SanDisk Corporation to Debtors' (I) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference (this "Response"), and in support thereof, respectfully represents the following:

---

[1]  The Debtors in these chapter 11 cases are: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuity City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Stores PR, LLC, and Circuit City Properties, LLC.

Local Counsel for SanDisk Corporation
David R. Ruby, Esquire (VSB #22703)
McSweeney, Crump, Childress & Temple, P.C.
Post Office Box 1463 (23218)
11 South 12th Street
Richmond, Virginia 23219
Telephone: (804) 783-6811
Facsimile: (804) 782-2130
Email: druby@mcsweeneycrump.com

Counsel for SanDisk Corporation
Suzzanne S. Uhland, Esquire
Jennifer M. Taylor, Esquire
O'Melveny & Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone: (415) 984-8922
Facsimile: (415) 984-8701
Email: suhland@omm.com
jtaylor@omm.com

## BACKGROUND

1.        On November 10, 2008 (the "Petition Date"), the above-captioned
entities (the "Debtors") each filed a voluntary petition for relief under chapter 11 (these "Chapter
11 Cases") of title 11 of the United States Code (as amended from time to time, the "Bankruptcy
Code").

2.        The Debtors continue to operate their businesses and to manage their
properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.        No trustee or examiner has been requested or appointed in these Chapter
11 Cases.

4.        This Court established December 19, 2008 as the deadline for filing
administrative expense claims under section 503(b)(9) of the Bankruptcy Code.  [Docket No.
107.]  SanDisk filed a timely 503(b)(9) claim in the amount of $6,230.00 (the "Claim").  A filed-
stamped copy of SanDisk's filed 503(b)(9) claim is attached hereto as Exhibit A.

5.        On October 13, 2009, the Debtors filed their (I) Fifty-Second Omnibus
Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the
First Hearing on any Response Proceed as a Status Conference (the "Objection")[2].  Pursuant to
the Objection, the Debtors seek the entry of an order temporarily disallowing certain 503(b)(9)
claims because the Debtors allege that the claimants holding such claims are the recipients of
transfers that are avoidable under Bankruptcy Code section 547.

6.        Exhibit C to Debtors' Objection, which lists the claims to which the
Objection pertains, includes SanDisk's Claim.  Exhibit C to the Objection incorrectly indicates

---

[2]  Capitalized words used but not defined herein have the meanings given in the Objection.

that the Claim was filed in the amount of $0 and is subject to an alleged preference in the amount of $1,610,651.00.

## ARGUMENT

### A.    The Objection States the Incorrect Amount of the Claim as Filed.

7.    As a preliminary matter, the Debtors list the incorrect amount of the Claim.  The Objection indicates that the amount of the Claim, as filed, is $0.00.  A simple reading of the proof of claim filed by SanDisk, which is attached for the Court's reference as Exhibit A hereto, plainly shows that the amount of the Claim, as filed, is no less than $6,230.00.

8.    SanDisk opposes the Objection to the extent that the incorrect amount of the Claim is set forth on Exhibit C thereto.  SanDisk further requests that the Debtors promptly take action to correct their claims register in order to reflect the correct amount of the Claim.

### B.    Because No Adversary Proceeding Has Been Initiated,
### There is No Basis for Temporarily Disallowing the Claim.

9.    The Objection is procedurally improper and is entirely without legal or factual basis.  In order to avoid a pre-petition transfer received by a creditor as a preference, the Federal Rules of Bankruptcy Procedure require that a debtor in possession commence an adversary proceeding and present evidence to establish that the elements of a preference have been met.  The Debtors have not commenced an adversary proceeding and certainly have not obtained any judgment of the Court concluding that SanDisk received a preference.  Nevertheless, the Debtors attempt to contort section 502(d) of the Bankruptcy Code to make an end run around the Federal Rules of Bankruptcy Procedure and the requirements of section 547 of the Bankruptcy Code by objecting to the claim on the basis that SanDisk received a

preference.  It is worth noting that the Objection does not even contain any facts or evidence

supporting the preference allegation.  The Debtors simply issue the conclusory proclamation that

SanDisk received a preference without any shred of support therefor.

          10.      Section 502(d) of the Bankruptcy Code provides that the Court shall

disallow any claim of any entity that is a transferee of a transfer avoidable under section 547,

among others.  11 U.S.C. § 502(d).  The purpose of this section is to assist a debtor when parties

adjudicated to have received an avoidable transfer will not pay; section 502(d) is a shield and not

a sword.  The Debtors spend much time addressing whether a 503(b)(9) administrative expense

is a "claim" for the purpose of section 502(d) but have made no effort to establish that a transfer

avoidance under section 547 was made—a prerequisite under section 502(d).

          11.      "A proceeding to avoid a preference is an adversary proceeding and

must be brought by summons and complaint, not by motion."  *In re Dyson*, 348 B.R. 314, 317

(Bankr. E.D. Va. 2004) (citing Fed. R. Bankr. P. 7001).  An attempt to avoid a preference by

motion is procedurally improper and must be denied by a bankruptcy court when the creditor, for

whom Rule 7001 of the Federal Rules of Bankruptcy Procedure is designed to protect, objects.

*See id.*

          12.      Moreover, as it is succinctly stated in the preeminent bankruptcy

treatise, "[t]he law presumes that payments made by the debtor to creditors are valid."  5

COLLIER ON BANKRUPTCY § 547.13 (15th ed. rev.).  Accordingly, section 547(g) of the

Bankruptcy Code places with the trustee or debtor in possession the burden of establishing each

and every element of a preference by a preponderance of the evidence.  11 U.S.C. § 547(g); *see*

*In re JKJ Chevrolet*, 412 F.3d 545, 548 (4th Cir. 2005); *Chrysler Credit Corp. v. Hall*, 312 B.R.

797, 803 (E.D. Va. 2004).

        13.        There can be no dispute that there is no basis to "temporarily disallow"

SanDisk's Claim.  Moreover, the Debtors, having not made any specific factual allegation and

having not introduced any evidence whatsoever, have not satisfied their burden to establish each

element of a preference under section 547 of the Bankruptcy Code by a preponderance of the

evidence.

        14.        Further, SanDisk has not been afforded any opportunity to establish that

a statutory exception to the avoidance of a preference applies.  While SanDisk strongly believes

that it will be able to successfully establish that one or more exceptions set forth in section

547(c) of the Bankruptcy Code applies here, because no adversary proceeding has been

commenced, SanDisk does not believe that this is the proper proceeding to raise those arguments

(and in fact, has not been given the opportunity to raise those arguments).  SanDisk reserves the

right to assert and support the applicability of such exceptions in the event that the Debtors

eventually comply with the Federal Rules of Bankruptcy Procedure and commence an adversary

proceeding to avoid any alleged preference, and the filing of this Response shall not constitute a

waiver of such right.

### CONCLUSION

        15.        The Debtors have expended no effort to comply with the rules that

govern bankruptcy proceedings.  Undoubtedly, the Debtors hope that their creditors will

overlook one of the nearly sixty omnibus objections to claims that have been filed and

effectively reap the benefit of a preference adversary proceeding without devoting any of the

attendant time or cost.  The Debtors should not be rewarded for this behavior.

        16.      For the foregoing reasons, SanDisk opposes the Debtors' Objection and

respectfully requests that this Court deny the relief sought by the Debtors therein.

Dated:  November 4, 2009              Respectfully submitted,

                         SanDisk Corporation

                         By:    /s/ David R. Ruby
                               Local Counsel

                         and

                         Suzzanne S. Uhland, Esquire
                         Jennifer M. Taylor, Esquire
                         O'Melveny & Myers LLP
                         Two Embarcadero Center, 28th Floor
                         San Francisco, California 94111
                         Telephone: (415) 984-8922
                         Facsimile: (415) 984-8701
                         Email: suhland@omm.com
                                  jtaylor@omm.com

                         Counsel for SanDisk Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of November, 2009, a true and accurate copy of the foregoing Response was served via First Class U.S. Mail (postage prepaid), via e-mail or via the Electronic Case Filing (ECF) system, as appropriate and as indicated, on the following parties:

Robert B. Van Arsdale, Esquire*
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia  23219
[USTPRegion04.NO.ECF@usdoj.gov]

Dion W. Hayes, Esquire*
Joseph S. Sheerin, Esquire*
Sarah Beckett Boehm, Esquire*
McGuireWoods LLP
One James Center,
901 E. Cary St.
Richmond, VA 23219
[Debtors' Counsel]

Daniel F. Blanks, Esquire*
Douglas M. Foley, Esquire*
McGuireWoods LLP
9000 World Trade Center,
101 W. Main St.
Norfolk, VA 23510
[Debtors' Counsel]

Gregg M. Galardi, Esquire*
Ian S. Fredericks, Esquire*
Skadden Arps Slate Meagher & Flom LLP,
PO Box 636
Wilmington, DE 19899
[Debtors' Counsel]

Chris L. Dickerson, Esquire*
Skadden Arps Slate Meagher & Flom LLP,
155 North Wacker Drive
Chicago, IL 60606
[Debtors' Counsel]

Brad R. Godshall, Esquire*
Jeffrey N. Pomerantz, Esquire*
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica blvd, 11th Floor
Los Angeles, CA 90067-4100
[Counsel for Unsecured Creditors Committee]

John D. Fiero, Esquire*
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 9411-4500
[Counsel for Unsecured Creditors Committee]

Robert J. Feinstein, Esquire*
Pachulski Stang Ziehl & Jones LLP
780 Third Ave. 36th Floor
New York, NY 10017
[Counsel for Unsecured Creditors Committee]

Lynn L. Tavenner, Esquire*
Paula S. Beran, Esquire*
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219
[Counsel for Unsecured Creditors Committee]

/s/ David R. Ruby
David R. Ruby

[*Indicates service by ECF or e-mail.  All others served by First Class U.S. Mail, postage prepaid.]