Philip C. Baxa (VSB No. 22977)
MERCERTRIGIANI LLP
16 South Second Street
Richmond, Virginia 23219
Tel: 804-782-8691
Fax: 804-644-0209
phil.baxa@mercertrigiani.com

    -and-

KING & SPALDING LLP
James A. Pardo, Jr.
Georgia Bar No. 561206
jpardo@kslaw.com
Thaddeus D. Wilson
Georgia Bar No. 596008
thadwilson@kslaw.com
1180 Peachtree Street
Atlanta, Georgia  30309-3521
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5128

*Counsel for Mitsubishi Digital Electronics America, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
-----------------------------------------------------X
In re:                                   :      Chapter 11
                                         :
CIRCUIT CITY STORES, INC., et al.,       :      Case No. 08-35653
                                         :
Debtors.                                 :      Jointly Administered
                                         :
-----------------------------------------------------X
```

**MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.'S RESPONSE TO DEBTORS' (I) FIFTY-FIRST OMNIBUS OBJECTION TO CERTAIN 503(B)(9) CLAIMS AND (II) MOTION FOR A WAIVER OF THE REQUIREMENT THAT THE <u>FIRST HEARING ON ANY RESPONSE PROCEED AS A STATUS CONFERENCE</u>**

NOW COMES Mitsubishi Digital Electronics America, Inc. ("Mitsubishi"), by its

undersigned counsel, and files this response to Debtors' Fifty-First Omnibus Objection to Claims

---

Philip C. Baxa, Esquire, VSB No. 22977
MercerTrigiani LLP
16 South Second Street
Richmond, VA 23219
Tel: 804-782-8691
Fax: 804-644-0209
phil.baxa@mercertrigiani.com
  Local Counsel for Mitsubishi Digital
  Electronics America, Inc.

(the "Fifty-First Omnibus Objection") [Docket No. 5214], and hereby shows this Court as follows:

## BACKGROUND

1. On November 10, 2008 (the "Petition Date"), Circuit City Stores, Inc. and its affiliated debtors (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3. On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases.

4. On November 12, 2008, this Court entered that certain Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 [Docket No. 107].

5. On November 18, 2008, Mitsubishi timely filed its Proof of 503(b)(9) Claim (the "Mitsubishi 503(b)(9) Claim") with KCC. The Mitsubishi 503(b)(9) Claim asserted an administrative priority claim against Circuit City Stores, Inc. and its estate (collectively, "Circuit City") in the amount of $4,965,976.18. KCC docketed the Mitsubishi 503(b)(9) Claim as Claim No. 132.

6. On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof [Docket No. 890].

7.     On January 28, 2009, Mitsubishi timely filed a proof of claim against the Debtors (the "Original Mitsubishi Proof of Claim") with KCC. The Mitsubishi Proof of Claim asserted a total claim against Circuit City of $15,258.077.65, which was comprised of a secured claim in the amount of $2,641,909.24, a pre-Petition Date priority claim in the amount of $4,965,976.18, and a pre-Petition Date non-priority general unsecured claim in the amount of $7,650,191.58. KCC docketed the Original Mitsubishi Proof of Claim as Claim No. 7194.

8.     On April 17, 2009, Mitsubishi filed an amended proof of claim with KCC (the "Amended Mitsubishi Proof of Claim"), whereby Mitsubishi amended the Original Mitsubishi Proof of Claim to assert a total claim against Circuit City of $15,258,077.65, which was comprised of a secured claim in the amount of $ 3,110,267.24, a pre-Petition Date priority claim in the amount of $4,965,976.18, and a pre-Petition Date non-priority general unsecured claim in the amount of $7,181,834.23. KCC docketed the Amended Mitsubishi Proof of Claim as Claim No. 12300.

9.     Prior to filing the Fifty-First Omnibus Objection, the Debtors previously objected to Mitsubishi's claims in four separate omnibus objections, including Debtors' Fourth Omnibus Objection to Certain Duplicative Claims [Docket No. 3096], Debtors' Twentieth Omnibus Objection to Claims [Docket No. 3704], and Debtors' Twenty-Third Omnibus Objection to Claims [Docket No. 3711], and Debtors' Forty-Second Omnibus Objection to Claims [Docket No. 5015].

10.    Mitsubishi timely filed responses to all four objections. As part of each response, Mitsubishi attached a proposed stipulation that would easily resolve each objection. The Debtors, however, have chosen to continue the hearings with respect to each objection while Mitsubishi and the Debtors attempt to reconcile Mitsubishi's claims. Such reconciliation began

on or around October 8, 2009. When Mitsubishi agreed to reconcile its claims against the Debtors, the Debtors' counsel assured Mitsubishi that Mitsubishi would not be subject to any further omnibus objections, yet Mitsubishi again finds itself subject to yet another omnibus objection—a spurious one at that with no basis in the law.

11.     Subsequent to the Debtors' filing the Fifty-First Omnibus Objection, Mitsubishi contacted the Debtors' counsel and proposed a fair resolution to the Fifty-First Omnibus Objection as it relates to Mitsubishi, whereby the Debtors would escrow the entire amount of the Mitsubishi 503(b)(9) Claim pending resolution of the Debtors' alleged preferential payment(s) to Mitsubishi. Such a resolution would ensure that, in the event that this Court determines that the Debtors' alleged preferential payment(s) were not preferential, as Mitsubishi believes it eventually will, the Mitsubishi 503(b)(9) Claim would be paid in full. To date, the Debtors have elected not to respond to Mitsubishi's proposal. For the reasons stated below, Mitsubishi requests that this Court overrule the Fifty-First Omnibus Objection.

## ARGUMENT

The lynchpin forming the basis for the extraordinary relief being sought by the Debtors under Section 502(d) is the unsubstantiated assertion that, notwithstanding their status as one of the nine enumerated 503(b) administrative expenses, 503(b)(9) administrative expense claims are merely a "special class" of prepetition claims and, as such, are subject to 502(d) on par with holders of general unsecured claims. The two courts that have directly addressed this very issue clearly disagree with the Debtors' position, holding that 503(b)(9) administrative expense claims are not a "special class" of prepetition claims subject to 502(d), as the Debtors would like this Court to believe. See Southern Polymer, Inc. v. TI Acquisition, LLC (In re TI Acquisition, LLC), 410 B.R. 742, 750 (Bankr. N.D. Ga. 2009) (Diehl, J.) ("*Section 502(d) does not contain*

any language or reference which would make it applicable to administrative expenses of any kind. More specifically, the language of *§ 502(d)* does not imply or create a defense to a *§ 503(b)(9)* claim.");[1] In re Plastech Eng'r Prods. Inc., 394 B.R. 147, 164 (Bankr. E.D. Mich. 2008) ("[Section] 503(b)(9) administrative expenses [are] beyond the reach of § 502(d).").[2] These two courts could not make it any clearer that Section 502(d) does not, and should not, apply to 503(b)(9) administrative expense claims.

First, the plain language of Section 502(d) does not support the Debtors' arguments. Section 502(d) only applies to cases where property "is recoverable" and the adversary defendant "is liable" to the estate, both of which presuppose a finding of preference liability against Mitsubishi. 11 U.S.C. § 502(d). In other words, in order to invoke Section 502(d), there must first be a judicial determination that a claimant received a preference (and has failed to repay it). See Cohen v. Tic Fin. Sys. (In re Ampace Corp.), 279 B.R. 145, 163 (Bankr. D. Del. 2002); Seta Corp. of Boca, Inc. v. Atl. Computer Sys., Inc. (In re Atl. Computer Sys., Inc.), 173 B.R. 858, 862 (S.D.N.Y. 1994); In re Chase & Sanborn Corp., 124 B.R. 368, 370 (Bankr. S.D. Fla. 1991) (citing In the Matter of Colonial Services Company, 480 F.2d 747, 749 (8th Cir. 1973)); Mktg Res. Int'l Corp. v. PTC Corp. (In re Mktg Res. Int'l Corp.), 35 B.R. 353, 356 (Bankr. E.D. Pa. 1984). Here, the Debtors have not even instituted an adversary proceeding against Mitsubishi based on the alleged preferential payments. See In re Modern Metal Prods. Co., 2009 Bankr. LEXIS 1258, *8 (Bankr. N.D. Ill. May 13, 2009) (finding that mere consideration of a debtor's assertion of Section 502(d) disallowance would be premature where the debtor had yet to bring a

---

[1] Note that the Debtors have completely omitted any mention of this case in their Brief in Support of the Fifty-First Omnibus Objection [Docket No. 5215], even though the holding of the case directly rejects the crux of their argument.

[2] Note that Debtors' counsel, Mr. Galardi, was counsel to Plastech Engineered Products in its failure to convince the Bankruptcy Court for the Eastern District of Michigan to apply Section 502(d) to 503(b)(9) administrative expense claims.

preference action against the 503(b)(9) creditor and, thus, not reaching the merits of the debtor's Section 502(d) argument). Rather, the Debtors have prematurely alleged preferential payments through an omnibus objection in the hope of gaining a "temporary disallowance" of claims that otherwise would be paid in full and in cash on the effective date of any confirmed plan. See 11 U.S.C. § 1129(a)(9)(A). Had Congress intended the mere filing of an omnibus objection, let alone an avoidance action, to trigger protection under Section 502(d), it could have included phrases such as "have been alleged to be recoverable" or "might be recoverable" in the statute. Congress did not do so, and thus, a plain reading of the statute supports Mitsubishi's position that Section 502(d) cannot be used to bar the Mitsubishi 503(b)(9) Claim.

Next, the majority of courts addressing the application of Section 502(d) to Section 503(b) has held that Section 502(d) does not apply to the allowance of administrative expenses. See, e.g., TI Acquisition, LLC, 410 B.R. at 750; In re Plastech Eng'r Prods., 394 B.R. at 161-64; In re USA Labs, Inc., Case No. 04-41587-BKC-RAM, 2006 Bankr. LEXIS 2394, at *3 (Bankr. S.D. Fla. April 13, 2006); Phoenix Restaurant Group, Inc. v. Proficient Food Co. (In re Phoenix Restaurant Group, Inc.), Case No. 301-12036, 2004 WL 3113719, at *20 (Bankr. W.D. Tenn. Dec. 16, 2004); Roberds, Inc. v. Broyhill Furniture (In re Roberds, Inc.), 315 B.R. 443, 476 (Bankr. S.D. Ohio 2004); Beasley Forest Products, Inc. v. Durango Ga. Paper Co. (In re Durango Ga. Paper Co.), 297 B.R. 326, 329-31 (Bankr. S.D. Ga. 2003); In re Lids Corp., 260 B.R. 680, 683-84 (Bankr. D. Del. 2001); Camelot Music, Inc. v. MHW Adver. & Public Relations, Inc. (In re CM Holdings, Inc.), 264 B.R. 141, 157-58 (Bankr. D. Del. 2000). "The rationale of these cases is that allowance of administrative expense claims is accomplished exclusively pursuant to *§ 503*, not *§ 502*." TI Acquisition, 410 B.R. at 750. Furthermore, in a *per curiam* opinion released just last month, the Second Circuit—the first United States Circuit Court of Appeals to

address the issue—agreed with the rationale of these bankruptcy courts and held that "*section 502(d) does not apply to administrative expenses under section 503(b)*." See ASM Capital, LP v. Ames Dept. Stores, Inc. (In re Ames Dept. Stores, Inc.), Case No. 07-1362-bk, 2009 U.S. App. LEXIS 20764, at *29, at *18 (2d Cir. Sept. 18, 2009) (Calabresi, J. & Parker, J.) ("*Section 502*, in conjunction with *section 501*, provides a procedure for the allowance of claims that is entirely separate from the procedure for allowance of administrative expenses under *section 503*."). Thus, as each of these cases has held, the statutory language clearly delineates the non-applicability of disallowance under Section 502(d) to administrative expense claims under Section 503(b).

Knowing that the majority of courts hold that Section 502(d) does not apply to Section 503(b) administrative expenses and that the cases directly addressing Section 502(d)'s application to Section 503(b)(9) administrative expense claims factually involved requests for complete disallowance, the Debtors cleverly attempt to sidestep and distinguish those cases by merely seeking temporary disallowance. See Debtors' Br. in Supp. 1 [Docket No. 5215].

The Debtors' motion may be intended as a clever means to subvert the specific confirmation requirements of Section 1129(a)(9)(A) (i.e., pay all administrative expense claims in full and in cash on the effective date of a plan), it may be an attempt by the Debtors to gain settlement leverage with the recipients of alleged preferential payments and transfers, or it might be a means of otherwise obtaining an advantage of some other sort in these cases. The reasons for the Debtors' motion is unimportant; the simple fact is that the principles and analysis behind the holdings in cases such as Plastech Eng'r Prods., TI Acquisition, LLC, and Ames Dep't Stores are equally availing and persuasive here and prevent the result sought by the Debtors. Simply

- 7 -

stated, this Court should not afford the Debtors temporary relief when complete relief is otherwise unavailable.

For the foregoing reasons, Mitsubishi requests that this Court overrule the Fifty-First Omnibus Objection.  Mitsubishi further reserves its rights to supplement and/or amend its response to the Fifty-First Omnibus Objection.

## **ATTACHED DECLARATION**

Attached hereto as Exhibit A is the Declaration of Brian Atteberry, Senior Manager, Credit, A/V Division of Mitsubishi, who has personal knowledge of the facts that support this Response.

WHEREFORE, Mitsubishi respectfully requests that this Court overrule the Fifty-First Omnibus Objection as it relates to the Mitsubishi 503(b)(9) Claim and that the Court grant Mitsubishi such other and further relief as may be appropriate.

Submitted: November 4, 2009

/s/ Philip C. Baxa
Philip C. Baxa, Esquire, VSB No. 22977
MercerTrigiani LLP
16 South Second Street
Richmond, Virginia 23219
Tel: 804-782-8691
Fax: 804-644-0209
phil.baxa@mercertrigiani.com

KING & SPALDING LLP
James A. Pardo, Jr., Esquire
Georgia Bar No. 561206
jpardo@kslaw.com
Thaddeus D. Wilson
Georgia Bar No. 596008
thadwilson@kslaw.com
1180 Peachtree Street
Atlanta, Georgia  30309-3521
Telephone:    (404) 572-4600
Facsimile:     (404) 572-5129
Counsel for Mitsubishi Digital Electronics America, Inc.

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true copy of the foregoing **Mitsubishi Digital Electronics America Inc.'s Response to Debtors' (I) Fifty-First Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on Any Response Proceed as a Status Conference** was served this 4th day of November, 2009, by first class mail, postage prepaid, upon:


SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, DE 19899-0636
Attn: Gregg M. Galardi
Attn: Ian S. Fredericks

Chris L. Dickerson, Esquire
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, IL 60606
Attn: Chris L. Dickerson

MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Attn: Dion W. Hayes
Attn: Douglas M. Foley


              /s/Philip C. Baxa
              Philip C. Baxa (VSB No. 22977)


R0009386