**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

------------------------------------------------------- x
IN RE:                                             :    Chapter 11
                                                   :
CIRCUIT CITY STORES, et al.                        :    Case No. 08-35653 (KRH)
                                                   :
          Debtors.                                 :    Jointly Administered
                                                   :
---------------------------------------------------------x

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF PIONEER ELECTRONICS UNDER FED. R. BANKR. P. 3020(a) FOR ORDER <u>REQUIRING CONFIRMATION DEPOSIT</u>**

Pioneer Electronics, Inc. ("Pioneer"), by counsel, represents to the Court in support of its motion to require a confirmation deposit as follows:

Debtors, Circuit City Stores, et al. ("Debtors") have filed their First Amended Joint Plan of Liquidation (the "Plan"). The Plan is presently scheduled for a confirmation hearing on November 23, 2009.

As required by 11 U.S.C. §1129(a)(9)(A), the Plan ostensibly provides for payment in full of all claims under 11 U.S.C. §507(a)(2) on the Effective Date of the Plan. However, it appears that the Debtors are trying to evade this requirement with respect to claims given 11 U.S.C. §507(a)(2) priority by 11 U.S.C. §503(b)(9) (the "503(b)(9) Claims").

On October 13, 2009, Debtors filed an objection to substantially all of the 503(b)(9) Claims (the "503(b)(9) Objection"), seeking that all such claims be held in abeyance until the Debtors investigate payments within 90 days of the commencement of their Chapter 11 case and

William Daniel Sullivan (VSB #17493)
Butzel Long Tighe Patton, PLLC
1747 Pennsylvania Ave., N.W. Suite 300
Washington, D.C. 20007
Tel: 202-454-2850
Fax: 202-454-2805
dsullivan@butzeltp.com
Counsel for Pioneer Electronics, Inc.

potentially litigate whether such payments constituted avoidable transfers under 11 U.S.C. §547(b).[1]  Debtors have not objected to Pioneer's 503(b)(9) claim on any substantive ground (e.g. that goods were not delivered within 20 days of the Petition Date), or that the amount of the claim is inaccurate for any reason.  Debtors' only objection is that Pioneer *may* have received payments that would be recoverable under 11 U.S.C. §547(b).  Pioneer believes and is informed that Debtors' objection to other 503(b)(9) Claims is similarly not based on any substantive objection to the amount or priority of the claim.

Despite the equal priority given to all administrative claims under 11 U.S.C. §507(a)(2), the Plan provides that the 503(b)(9) Objection may be used by the Liquidating Trustee to delay payment on 503(b)(9) Claims.  Accordingly, the practical effect of Debtors' objection – if granted – is to classify over $35,000,000 in 503(b)(9) Claims as Disputed Claims which need not be paid simultaneously with other 11 U.S.C. §507(a)(2) priority claims.

Among other things, Debtors' strategy would put the entire risk of administrative insolvency in these cases on holders of 503(b)(9) Claims.[2]  Effectively, this would prefer the holder of professional fee claims and other post-petition claims over equal priority 503(b)(9) Claims.[3]

Fed. R. Bankr. P. 3020(a) provides:

> In a chapter 11 case, prior to entry of the order confirming the plan, the court may order the deposit with the trustee or debtor in possession of the consideration required by the plan to be distributed on confirmation.  Any

---

[1] At present, no such claims have been filed, nor have the Debtors expressed any indication that these claims will be filed soon.

[2] Although Pioneer believes that Debtors are intentionally seeking to alter the priority of 503(b)(9) Claims, the 503(b)(9) Objection has this effect regardless of intent.

[3] Debtor's Liquidation Analysis shows that they do not presently have enough cash and cash equivalents to pay all estimated administrative claims.

>money deposited shall be kept in a special account established for the exclusive purpose of making the distribution.

The plain purposes of Fed. R. Bankr. P. 3020 are (i) to prevent the confirmation of plans where Debtors are administratively insolvent and (ii) to protect disfavored administrative claimants against efforts to prefer one type of administrative claimants.  In this case, where over $35,000,000 in administrative claims risk being treated worse than other claims, good cause exists to require a confirmation deposit.

WHEREFORE Pioneer requests that this Honorable Court require that the Debtors establish a special account for the exclusive purpose of making the distribution of all claims required to be paid on the effective date of the Plan, including 503(b)(9) Claims.

>Respectfully submitted,
>
>PIONEER ELECTRONICS, INC.
>
>by:__/s/ William Daniel Sullivan___
>     Counsel

William Daniel Sullivan (VA Bar No. 17394)
Butzel Long Tighe Patton, PLLC
1747 Pennsylvania Ave. N.W., Suite 300
Washington, D.C. 20006
Tel: 202-454-2850
Counsel for Pioneer Electronics, Inc.