**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

---------------------------------------------------------- x
IN RE:                                                    :    Chapter 11
                                                          :
CIRCUIT CITY STORES, et al.                               :    Case No. 08-35653 (KRH)
                                                          :
                    Debtors.                              :    Jointly Administered
                                                          :
----------------------------------------------------------x

**PIONEER ELECTRONICS' RESPONSE TO DEBTORS' OBJECTION TO CLAIM**

Pioneer Electronics, Inc. ("Pioneer") states:

On October 13, 2009, Debtors filed an objection (the "503(b)(9) Objection") to significant claims filed as priority administrative claims under 11 U.S.C. §503(b)(9) (the "503(b)(9) Claims"). The 503(b)(9) Objection asserted that the holders of the 503(b)(9) Claims had received payments during the 90 days prior to the Debtors' bankruptcy, and that those payments might be recoverable as preferences under 11 U.S.C. §547. As a result, the Debtors sought an order providing that all such claims be held in abeyance until the Debtors investigate the 90 day payments and potentially litigate whether such payments constituted avoidable transfers under 11 U.S.C. §547(b).[1] Debtors have not objected to Pioneer's 503(b)(9) claim on any substantive ground (i.e. that goods were not delivered within 20 days of the Petition Date), or that the amount of the claim is inaccurate for any reason. Debtors also have not made any demand to Pioneer asserting that it must return any sum in order to avoid this objection. Pioneer

---

[1] At present, no such claims have been filed, nor have the Debtors expressed any indication that these claims will be filed soon.

William Daniel Sullivan (VSB #17493)
Butzel Long Tighe Patton, PLLC
1747 Pennsylvania Ave., N.W. Suite 300
Washington, D.C. 20007
Tel: 202-454-2850
Fax: 202-454-2805
dsullivan@butzeltp.com
Counsel for Pioneer Electronics, Inc.

believes and is informed that Debtors' objection to other 503(b)(9) Claims is similarly not based on any substantive objection to the amount or priority of the claim.

Pioneer recognizes that numerous other parties have, or will be responding to the Debtors' objections, and generally concurs in other objections. In order to avoid duplication, Pioneer will keep its response brief.

**1. Section 503(b)(9) Claims are Claims Given Priority Under 11 U.S.C. §507(a)(2) and Must Be Paid on the Effective Date of a Plan**

11 U.S.C. §503(b)(9) states:

> (b) After notice and a hearing, there shall be allowed administrative expenses… including
> …
> (9)  the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

In a corporate bankruptcy like this one, administrative expense claims are the highest priority unsecured claims.

11 U.S.C. §507(a)(2) states:

> The following expenses and claims have priority in the following order:
>
> (1) First, [domestic support obligations]
>
> (2) Second, administrative expenses allowed under section 503(b) of this title.
>
> (3) …

The Code makes no distinction between 503(b)(9) Claims and any other administrative claims.

Under 11 U.S.C. §1129(a)(9), a plan may not be confirmed unless it:

2

Provides that –

(A) With respect to a claim of a kind specified in section 507(a)(2)…, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim
…

The Bankruptcy Code provides for no distinction between the priority of 503(b)(9) Claims and the priority of any other administrative claims. However, in this case, the Debtors' objection to the 503(b)(9) Claims would create a priority distinction, and would cause holders of 503(b)(9) Claims to bear all risk of administrative insolvency.[2]

**2. Section 502 of the Code Does Not Apply to Administrative Claims**

Section 502 of the Bankruptcy Code only addresses *allowance* of claims filed under Section 501 of the Code. 11 U.S.C. §502(a). Debtors, however, assert that Section 502(d) of the Code is broader than section 502(a), and would address *disallowance* of all administrative claims, or, in the alternative, all 503(b)(9) Claims.

The Debtors' argument has been rejected in well-reasoned opinions by two bankruptcy. In *In re Plastech Engineered Products*, 394 B.R. 147, 161-164 (Bankr. E.D. Mich. 2008). In *Plastech*, the Court rejected application of 11 U.S.C. §502(d) to 503(b)(9) Claims for the following reasons:

1. Allowance of claims under sections 501 and 502 differs from allowance of administrative claims under section 503.

2. Requests for payment of administrative claims are only governed by Section 503, not sections 501 and 502.

---

[2] Debtor's Liquidation Analysis shows that they do not presently have enough cash and cash equivalents to pay all estimated administrative claims.

3. Section 503(b) provides that proper administrative claims *must* be allowed, overriding the contrary mandate in Section 502(d) providing for mandatory disallowance of claims. The Court reconciled these two contradictory provisions by determining that 502(d) did not apply to 503(b) claims.

4. There is no reason to apply 502(d) only to prepetition administrative claims.

5. 503(b)(9) Claims are administrative claims, not a special class of administrative claims with different rights and priorities.

6. By adding prepetition claims to Section 503(b)(9), Congress demonstrated its intent that such claims be outside of the claims process of Sections 501 and 502.

Similarly, in *In re TI Acquisition*, 410 B.R. 742 (Bankr. N.D. Ga. 2009), the Court relied on the same factors as the *Plastech* court in determining that 502(d) did not apply to 503(b)(9) Claims.

In this case, the Debtors have asserted policy arguments asserting reasons why applying 502(d) to 503(b)(9) Claims would not create incentives for creditors to cut off credit terms prepetition.

Even assuming Debtors' policy arguments were relevant, they are erroneous. In adding 503(b)(9) to the Code, Congress demonstrate an intent to protect creditors who supply goods on credit to failing companies. As the *TI Acquisition* court noted in rejecting policy arguments like those made by the Debtors, "the same rationale [for not applying 502(d) to 503(b) claims] would apply, since suppliers are encourage to supply goods to a failing business by the fact that they will have allowable administrative expenses if a case is filed within twenty (20) days of receipt of a shipment." *In re TI Acquisition*, 410 B.R. 742, 750 nt. 4 (Bankr. N.D. Ga. 2009).

### 3. Pioneer Is Not The Recipient Of A Transfer Avoidable Under 11 U.S.C. §547

Debtors' objection assumes that receipt of payments within 90 days of a bankruptcy automatically triggers 11 U.S.C. §502(d). In fact, that section provides that the Court shall disallow a claim only if the claimant is, in fact, the transferee of a transfer avoidable under (among other sections) 11 U.S.C. §547[3].

While this is not the time to litigate this issue, Pioneer has analyzed its potential preference exposure and denies that it has any such exposure. The Debtors' payments to Pioneer both prior to, and during, the ninety days before bankruptcy were remarkably consistent and follow an ordinary pattern both between the companies, and in the industry, establishing separate defenses under 11 U.S.C. §547(c).

Pioneer here has two statutory mandatory rights – allowance of an administrative priority claim for goods supplied within 20 days of the Debtors' bankruptcy, and payment of that claim on the effective date of the Debtors' plan. By filing this objection, the Debtors seek to strip Pioneer of both of those rights based only on the allegation that it received payments from the Debtors within 90 days of the Bankruptcy. The form of the Debtors' objection, and the relief it seeks, would, if granted, deny Pioneer due process.

### Conclusion:

The structure of the Bankruptcy Code and Section 503(b)(9) and the better reasoned cases demonstrate that 11 U.S.C. §502(d) does not apply to 503(b)(9) Claims. Accordingly, Debtors' objections should be overruled.

---

[3] 502(d) references 11 U.S.C. §547, not merely 11 U.S.C. §547(b). The Debtors' approach – merely asserting that the party received payments within 90 days of the bankruptcy – is entirely inadequate to establish that a party genuinely is the beneficiary of a payment avoidable under 11 U.S.C. §547.

WHEREFORE Pioneer requests that this Honorable Court deny Debtors the relief requested and require that 503(b)(9) Claims be treated identically with other administrative claims under the Debtors' Plan.

Respectfully submitted,

PIONEER ELECTRONICS, INC.

by:__/s/ William Daniel Sullivan____
Counsel

William Daniel Sullivan (VSB #17493)
Butzel Long Tighe Patton, PLLC
1747 Pennsylvania Ave., N.W. Suite 300
Washington, D.C. 20007
Tel: 202-454-2850
Fax: 202-454-2805
Counsel for Pioneer Electronics, Inc.

**Certificate of Service**

I hereby certify that true copies of the foregoing response was mailed, first-class postage prepaid, this 4th day of November 2009 to the Office of the United States Trustee, 600 East Main Street, Suite 301, Richmond, VA 23219, and served on all other parties entitled to notice hereof by electronic copies hereof delivered through the Court's ECF system.

__/s/ William Daniel Sullivan____