IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: D.I. 5214 |
| | ) | |

**RESPONSE OF DIGITAL INNOVATIONS, LLC ON BEHALF OF
VONWIN CAPITAL MANAGEMENT, LP TO DEBTORS' FIFTY-FIRST
OMNIBUS OBJECTION TO (I) CERTAIN 503(b)(9) CLAIMS AND
(II) MOTION FOR A WAIVER OF THE REQUIREMENT THAT THE FIRST
HEARING ON ANY RESPONSE PROCEED AS A STATUS CONFERENCE**

Digital Innovations, LLC on behalf of VonWin Capital Management, LP ("Digital Innovations") by and through its undersigned counsel, hereby responds to the Debtors' Fifty-First Omnibus Objection to Certain 503(b)(9) Claims and Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference (Docket No. 5214) (the "51st Omnibus Objection"), and in support thereof respectfully states as follows:

1. On November 10, 2008 ("Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

---

Michael D. Mueller (VSB 38216)
Augustus C. Epps, Jr. (VSB 13254)
Jennifer M. McLemore (VSB 47164)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

Counsel for Digital Innovations, LLC on Behalf of
VonWin Capital Management, LP

2. On December 17, 2008, Digital Innovations timely filed a claim under Section 503(b)(9) of the United States Bankruptcy Code, §§ 11 U.S.C., *et seq*. (the "Bankruptcy Code") against the Debtors' estate in the amount of $27,740.00 ("Claim No. 1373").

3. On August 27, 2009, the Claim No. 1373 was transferred from Digital Innovations to VonWin Capital Management, LP.

4. On September 15, 2009, a Notice of Transfer of Claim was filed by VonWin Capital Management, LP regarding Claim No. 1373.

5. On October 13, 2009, the Debtors filed the 51st Omnibus Objection.

6. In the 51st Omnibus Objection the Debtors assert that, pursuant to Section 502(d) of the Bankruptcy Code, Claim No. 1373 should be temporarily disallowed on the basis of certain alleged avoidable preferential transfers received by Digital Innovations.

7. Digital Innovations opposes the relief requested by the Debtors in the 51st Omnibus Objection. For reasons both procedural and factual, the relief requested by the Debtors in the 51st Omnibus Objection is premature and unripe. Without discovery and more information from the Debtors, Digital Innovations is unable to respond to the allegations of alleged avoidable preferential transfers as asserted in the Debtors' 51st Omnibus Objection. For this reason, Digital Innovations wishes to preserve its rights and the rights of its assignee VonWin Capital Management, LP to fully address the legal and factual issues briefly set forth in the 51st Omnibus Objection at such time as when the Court deems such issues ripe for review.

8. Furthermore, the provisions of Section 502(d) of the Bankruptcy Code are not applicable to amounts owed in Claim No. 1373, pursuant to Section 503(b)(9) of the Bankruptcy Code. *See ASM Capital, LP v. Ames Department Stores, Inc.*, 2009 U.S. App. LEXIS 20764 (2d

2

Cir., Sept. 18, 2009). Thus the relief the Debtors seek in the 51st Omnibus Objection is inappropriate as a matter of law.

9. Digital Innovations joins in the Objection of Paramount Home Entertainment Inc. to the Debtors' (I) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion For a Waiver of the Requirement that the First Hearing On Any Response Proceeds as a Status Conference and the Debtors' Brief in Support Thereof (Docket No. 5434) and reasserts and realleges the arguments expressed therein and in any similar, consistent pleadings filed in response to the 51st Omnibus Objections or in response to any similar omnibus objection filed by the Debtors.

10. Furthermore, Digital Innovations moves that any order sustaining the Debtors' 51st Omnibus Objection as to defaulting respondents not include conclusions of law as to the relationship between Sections 503(b)(9) and 502(d) of the Bankruptcy Code.

WHEREFORE, Digital Innovations respectfully requests that the Court enter an order that is consistent with the foregoing concerns raised by Digital Innovations, and that grants Digital Innovations such further and additional relief as the Court may deem just and proper.

Dated: November 4, 2009                CHRISTIAN & BARTON, LLP


By:    /s/ Jennifer M. McLemore
       Augustus C. Epps, Jr. (VSB 13254)
       Michael D. Mueller (VSB 38216)
       Jennifer M. McLemore (VSB 47164)
       909 East Main Street, Suite 1200
       Richmond, Virginia 23219
       Telephone: (804) 697-4100
       Facsimile: (804) 697-4112

       *Counsel for Digital Innovations, LLC on Behalf of VonWin Capital Management, LP*

3

## CERTIFICATE

Pursuant to the *Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures* enter on November 13, 2008 [Docket No. 130], I hereby certify that on the 4th day of November, 2009 the foregoing pleading was served upon the following parties via electronic mail or via first class mail, postage prepaid:

Skadden, Arps, Slate, Meagher & Flom, LLP
Attn:  Gregg M. Galardi
Attn:  Ian S. Fredericks
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636

McGuireWoods LLP
Attn:  Dion W. Hayes
Attn:  Douglas M. Foley
One James Center
901 E. Cary Street
Richmond, Virginia 23219

Skadden, Arps, Slate, Meagher & Flom, LLP
Attn:  Chris L. Dickerson
333 West Wacker Drive
Chicago, Illinois 60606

I further certify that the original of the foregoing pleading was filed with the Court via the Clerk's CM/ECF electronic filing system on November 4, 2009.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

997489