Lawrence M. Schwab, Esq. (CA Bar No. 085600)
Kenneth T. Law, Esq. (CA Bar No. 111779)
Thomas M. Gaa, Esq. (CA Bar No. 130720)
BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 857-9500
Facsimile (650) 494-2738

Christopher L. Perkins (VSB No. 41783)
LECLAIRRYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219
Telephone: (804) 783-2003
Facsimile: (804) 783-2994

Attorneys for CISCO-LINKSYS, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DISTRICT

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., | ) | Case No.: 08-35653 (KRH) |
| et al., | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

RESPONSE OF ADMINISTRATIVE EXPENSE CLAIMANT LONGACRE
OPPORTUNITY FUND, L.P. TO DEBTORS' FIFTY-FIRST OMNIBUS
OBJECTION TO CERTAIN 503(b)(9) CLAIMS

I.   Introduction

Pursuant to the November 3, 2009 Special Power of Attorney, Cisco-Linksys LLC ("Cisco-Linksys") as attorney in fact for Longacre Opportunity Fund, L.P. ("Longacre") hereby submits the following response to the Debtors' Fifty-First Omnibus Objection to Certain 503(b)(9) claims ("Objection"). As set forth in detail below, the majority of courts to have considered the question have correctly concluded that

1

Bankruptcy Code section 502(d) does not affect section 503(b) claim requests. As a result, Debtors' request to temporarily disallow Longacre's section 503(b)(9) claim should be denied.

## II. Factual Background

On November 10, 2008, the Debtors commenced their respective cases under Chapter 11 of the Bankruptcy Code in this Court. On November 10, 2008 and again on December 11, 2008, Cisco-Linksys served Reclamation Demands on the Debtors. Neither of these Reclamation Demands have been resolved.

On or about December 17, 2008, Cisco-Linksys filed a Section 503(b)(9) Request asserting a priority claim in the amount of $4,156,411.56 pursuant to §503(b)(9) of the Bankruptcy Code ("Administrative Claim").

On April 20, 2009, Cisco-Linksys and Longacre entered into a Claim Sale Agreement, which incorporated by reference an Assignment of Claim and also authorized filing and Evidence of Transfer of Section 503(b)(9) Administrative Claim. Thereafter, the Parties executed the Assignment of Claim on June 19, 2009, and Longacre filed the Evidence of Transfer on June 25, 2009.

On or about October 13, 2009, the Debtors filed their Objection seeking, *inter alia*, to disallow temporarily approximately $240,000 of the Administrative Claim on the grounds that a $240,000 preferential payment was made to Cisco-Linksys by the Debtors.

2

III. Argument

A. Cisco-Linksys Has Standing To Respond To Debtors' Objection.

Cisco-Linksys has standing to respond to Debtors' objection pursuant to the Special Power of Attorney executed by Longacre and attached hereto as Exhibit A. In the Special Power of Attorney, Longacre:

> "appoints Cisco-Linksys as its attorney in fact and authorizes Cisco-Linksys to file and prosecute all actions relating to the *Debtors' (I) Fifty-First Omnibus Objection To Certain 503(b)(9) Claims And (II) Motion For A Waiver Of Requirement That The First Hearing On Any Response Proceed As A Status Conference* (the "51st Omnibus Objection") including, without limitation, filing pleadings, appearing in court and compromising any claims, defenses or actions subject to the 51st Omnibus Objection."

Because the Power of Attorney gives Cisco-Linksys authority to "file and prosecute all actions relating to the Debtors' Fifty-First Omnibus Objections," Cisco-Linksys has standing to respond to Debtors' Fifty-First Omnibus Objection.

B. Section 502(d) Does Not Apply to Claims Asserted Under Section 503(b)(9).

Debtors fail to establish that section 502(d) is applicable to Cisco-Linksys' section 503(b)(9) claim. As a threshold matter, the majority of courts considering the question have concluded that section 502(d) does not apply to claims asserted under section 503(b)(9). See In re Renew Energy LLC, 2009 WL 3320420, at *4 (Bankr. W.D. Wis. 2009) ("The majority position is that §502(d) does not affect §503(b) claims.") In their Objection, Debtors rely on an older, minority line of authority to suggest otherwise. However, Debtors' authority and their legislative analysis do not support their conclusion.

In this regard, the Second Circuit's recent decision in In re Ames, is instructive. In In re Ames, the Second Circuit held that section 502(d) does not apply to administrative expenses under section 503(b) and rejected the same arguments Debtors advance in their Objection. In In re Ames, an investor in distressed debt acquired an administrative expense claim from one of Ames' creditors, ASM. In re Ames Dept. Stores, Inc, 2009 WL 2972510, at *1 (2d Cir. 2009). The lower courts disallowed ASM's claims under section 502(d). Id. at * 2. Like the Debtors in the present case, ASM argued that the definition of a "claim" in section 101(5) is broad enough to include administrative expenses. In rejecting this argument and reversing the lower courts, the Second Circuit undertook a thorough analysis and held that "claims" and requests for administrative expenses under section 503(b) are distinct. Id. at *5. Specifically, the Court noted that other sections of the Bankruptcy Code distinguish between "claims" and requests for administrative expenses under section 503(b). Id.; see also, cases cited therein. The Court also found "[t]he structure and context of section 502(d) suggests that Congress intended it to differentiate between claims and administrative expenses, and not to apply to the latter." Id. at * 6. Additionally, the Court found that the inclusion of certain postpetition claims within the scope of sections 502(e)(2), (f), (g), (h) and (i) supports the conclusion that section 502(d) "does not apply to postpetition claims remaining outside section 502." Id. at 7(citing, In re Lids Corp., 260 B.R. 680, 683-84 (Bankr. D. Del 2001)). Finally, the Court held that permitting debtors to forestall or avoid payment of administrative expenses would frustrate the public policy of encouraging third parties to provide goods or services to the estate to the benefit of all creditors. Id. at * 8. Accordingly, the Court concluded that section 502(d) "does not

apply to administrative expenses under section 503(b)." Id. In re Ames' reasoning is equally applicable to the present facts and Debtors' Objection should be overruled.

Finally, Debtors' suggestion that Cisco-Linksys' claim is a pre-petition claim (Objection at pp. 28-29) is simply wrong. Cisco-Linksys has filed request(s) for reclamation claims. These requests are routinely granted. After granting such a request, the Court has two options. First, the Court can return the goods to the creditor, which has not happened here. Second, the Court can give the claim administrative priority which will eventually result in the claim being recognized as an administrative expense. Consequently, Debtors' contention that the In re Ames decision is inapplicable is without merit.

## IV.    Conclusion

For the foregoing reasons, Debtors' Fifty-First Omnibus Objection to Cisco-Linksys' 503(b)(9) claim should be overruled.

Dated: November 4, 2009                         CISCO-LINKSYS, LLC
       Richmond, VA

/s/ Christopher L. Perkins
Counsel

Christopher L. Perkins (VSB No. 41783)
LECLAIRRYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219
Telephone: (804) 783-2003
Facsimile: (804) 783-2994
Email: cperkins@leclairryan.com

Lawrence M. Schwab (CA Bar No. 085600)
Kenneth T. Law (CA Bar No.111779)
Thomas M. Gaa (CA Bar No. 130720)
BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 857-9500
Facsimile: (650) 494-2738
Email: klaw@bbslaw.com

Counsel for Cisco-Linksys, LLC

## CERTIFICATE OF SERVICE

Pursuant to the *Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures* entered on November 13, 2008 [Docket No. 130], I hereby certify that on this 4th day of November 2009 the foregoing was served upon the following parties via electronic mail.

Skadden, Arps, Slate, Meagher
& Flom, LLP One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
Attn: Gregg M. Galardi
Attn: Jan S. Fredericks

McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Attn: Douglas M. Foley

Skadden, Arps, Slate, Meagher
& Flom, LLP 333 West Wacker Drive
Chicago, IL 60606
Attn: Chris L. Dickerson

I further certify that the original of the foregoing was filed with the Court via the Clerk's CM/ECF electronic filing system on November 4, 2009.

/s/ Christopher L. Perkins
Counsel

Lawrence M. Schwab, Esq. – Bar No. 085600
Kenneth T. Law, Esq. – Bar No. 111779
Thomas M. Gaa, Esq. – Bar No. 130720
BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 857-9500
Facsimile: (659) 494-2738

Attorneys for CISCO-LINKSYS, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CIRCUIT CITY STORES, INC., | ) Case No.: 08-35653 (KRH) |
| et al., | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) SPECIAL POWER OF ATTORNEY |

Longacre Opportunity Fund, L.P. ("Longacre"), the holder of the *Section 503(b)(9) Claim Request* filed on December 18, 2009 by Cisco-Linksys LLC ("Cisco-Linksys"),[1] hereby appoints Cisco-Linksys as its attorney in fact and authorizes Cisco-Linksys to file and prosecute all actions relating to the *Debtors' (I) Fifty-First Omnibus Objection To Certain 503(b)(9) Claims And (II) Motion For A Waiver Of Requirement That The First Hearing On Any Response Proceed As A Status Conference* (the "51st Omnibus Objection") including, without limitation, filing pleadings, appearing in court and compromising any claims, defenses or actions subject to the 51st Omnibus Objection. Cisco-Linksys shall provide Longacre with reasonable advance opportunity to review and approve such filing. Should Longacre fail to promptly respond to Cisco-Linksys, Cisco-Linksys shall have the authority to proceed with filing the drafted response without Longacre's approval.

This Special Power of Attorney and all powers and rights granted herein may be terminated upon not less than fifteen (15) days written notice to Cisco-Linksys.

Longacre Opportunity Fund, L.P.

By: _____
**Vladimir Jelisavcic**
Manager of General Partner

Acknowledged before me on 11/3/09, by Vladimir Jelisavcic, who says that he [or she] is Manager of the General Partner the corporation named above and is authorized to execute this power of attorney in its behalf.

_____
Notary Public

HOWARD J. ZAUDERER
Notary Public, State of New York
No. 02ZA5022463
Qualified in Nassau County
Commission Expires January 10, 2010

---
[1] See the *Evidence of Transfer Of Section 503(b)(9) Administrative Claim* filed on June 25, 2009.

SPECIAL POWER OF ATTORNEY