Denyse Sabagh, Esquire (Va. I.D. No. 17003)
Rudolph J. Di Massa, Jr., Esquire (PA Bar No. 35492)
Matthew E. Hoffman, Esquire (admitted *pro hac vice*)
Duane Morris LLP
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Telephone: (202) 776-7817/(215) 979-1000
Facsimile:  (202) 379-9867/(215) 979-1020
E-mail: DSabagh@duanemorris.com
        DiMassa@duanemorris.com
        MEhoffman@duanemorris.com

and

Barry J. Shkolnik, Esquire
Ungaretti & Harris
3500 Three First National Plaza
70 West Madison
Chicago, IL 60602
Telephone: (312) 977-4400
Facsimile: (312) 977-4405
E-mail: bjshkolnik@uhlaw.com

*Counsel for Sima Products Corp.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | **Case No. 08-35653(KRH)** |
| **CIRCUIT CITY STORES, INC.,** *et al.* | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**RESPONSE OF SIMA PRODUCTS CORP. TO
DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CERTAIN ADMINISTRATIVE
EXPENSES AND MOTION FOR (I) AUTHORITY TO SETOFF AGAINST SUCH
EXPENSES AND (II) A WAIVER OF THE REQUIREMENT THAT THE FIRST
HEARING ON ANY RESPONSE PROCEED AS A STATUS CONFERENCE**

Sima Products Corp. ("Sima" or the "Claimant"), by and through its undersigned counsel, hereby files this response (the "Response") to the Debtors' Fiftieth Omnibus Objection to

Certain Administrative Expenses and Motion for (I) Authority to Setoff Against Such Expenses and (II) a Waiver of the Requirement That the First Hearing on Any Response Proceed as a Status Conference (the "Objection"), and respectfully represents as follows:

1. Sima currently holds (a) a timely filed administrative expense priority claim pursuant to 11 U.S.C. § 503(b)(9), identified by the Debtors' claims agent as Claim No. 1282, in the amount of $24,663.36; (b) a timely filed general unsecured claim, identified by the Debtors' claims agent as Claim No. 5692, in the amount of $74,900.36; and (c) a timely filed administrative expense priority claim, identified by the Debtors' claims agent as Claim No. 13476, pursuant to 11 U.S.C. § 503(b)(1) against the Debtors in the amount of $12,387.12 (the "Administrative Expense Claim").

2. On October 13, 2009, the Debtors filed the Objection, wherein the Debtors requested entry of an order, *inter alia*, (i) authorizing the Debtors to setoff the Receivables[1] against the Administrative Expense Claim and other administrative expense claims and (ii) waiving the requirement that the initial hearing on any response to the Objection proceed as a status conference, instead requesting that the Court hear argument on and resolve any legal issues presented by the Objection and any response thereto on that date.

3. Despite repeated requests of the Debtors for factual and documentary support for the Objection, counsel for the Debtors did not furnish any such support until the day of the the response deadline to the Objection, November 4, 2009 at 12:55 p.m. (CST).

4. Because Debtors' counsel did not furnish this information until the hours before the deadline to respond to the Objection, the Claimant has not had sufficient time to review this

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

DM3\1198476.1

information and files this Response in order to reserve and preserve all of its rights with regard to the Objection; specifically, the right to refute the Debtors' basis for filing the Objection.

5. In addition, and based on the very cases cited by the Debtors in the Objection, to the extent (a) the Debtors' claims on account of the Receivables are valid and (b) the Debtors are entitled to offset the Receivables against any claim of the Claimant, such setoff of prepetition Receivables by the Debtors pursuant to 11 U.S.C. § 558 must be applied to prepetition claims *before* it may be applied to administrative expense claims. *See In re TSLC I, Inc.*, 332 B.R. 476 (Bankr. M.D. Fla. 2005) (requiring debtor's offset of prepetition claim, pursuant to 11 U.S.C. § 558, to be applied against creditor's prepetition claims before being applied to postpetition administrative expense priority claims).

6. Specifically, *TSLC I* distinguishes *In re PSA, Inc.*, 277 B.R. 51 (Bankr. D. Del. 2002), upon which the Debtors rely both directly and indirectly in the Objection,[2] because the creditor in *PSA* held *only* an administrative expense priority claim and did not hold any prepetition claims against which to offset the debtor's claim: in this case, as in *TSLC*, the Claimant holds prepetition claims as well as the Administrative Expense Claim.

7. Thus, to the extent the Debtors are entitled to offset the Receivables against any claim of the Claimant, such setoff must be applied to prepetition claims before it may be used to offset the Administrative Expense Claim because the Claimant holds both prepetition claims and the postpetition Administrative Expense Claim.

8. Further, the Debtors' reliance on *U.S. v. Martinez (In re Martinez)*, No. 06-CV-1130, 2007 U.S.C Dist. LEXIS 6163 (M.D. Pa. Jan. 29, 2007) is misplaced because (a) in that

---

[2] The Debtors themselves cite to *PSA* and also cite to *In re ABC-NACO, Inc.*, 294 B.R. 832 (Bankr. N.D. Ill. 2003), which relies on *PSA* and several other decisions that the *TSLC* court distinguishes as further described in paragraph 7, above.

3

case, the IRS, as creditor, sought to enforce a setoff pursuant to 11 U.S.C. § 553, as opposed to this case, where the Debtors seek to enforce a setoff pursuant to 11 U.S.C. § 558; (b) that opinion was specifically issued in the context of a chapter 13 bankruptcy; and (c) the district court did *not* hold that the bankruptcy court had discretion to restrict setoff solely to priority claims where the creditor held a general unsecured claim.  Rather, the court vacated and remanded the bankruptcy court's order permitting setoff only against the creditor's unsecured (*i.e.*, prepetition, non-administrative expense) priority claim because the bankruptcy court had not provided sufficient support for its decision.

9.    The Claimant also requests that the Court enforce and *not* waive the requirement that the initial hearing on any response to the Objection proceed as a status conference because (a) the Debtors have not articulated any reason why the Court should deviate from the procedures set forth in the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections entered on April 1, 2009 (Docket No. 2881); and (b) pending further review of the factual basis for the Objection, the Claimant and Debtors may conclude that the Administrative Expense Claim ultimately is not subject to the Objection and that the Claimant need not incur any costs associated with defending the legal bases for the Objection and the Response.

10.    Sima expressly reserves its rights (a) to amend, modify, or supplement the Response in advance of any final hearing on the Objection; and (b) to join in additional responses to the Objection, to the extent these responses are consistent with Sima's position herein.

DM3\1198476.1

WHEREFORE, Sima Corporation asks that the Court overrule the Debtors' Objection to the Administrative Expense Claim and enter such other and further relief as the court deems just and proper.

                                              Respectively submitted,

Dated: November 4, 2009

          /s/ *Denyse Sabagh*
Denyse Sabagh (Va. I.D. No. 17003)
Rudolph J. Di Massa, Jr. (PA I.D. No. 35492)
Matthew E. Hoffman (admitted *pro hac vice*)
Duane Morris LLP
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Telephone: (202) 776-7817/(215) 979-1000
Facsimile: (202) 379-9867/(215) 979-1020
E-mail: DSabagh@duanemorris.com
       DiMassa@duanemorris.com
       MEhoffman@duanemorris.com

and

Barry J. Shkolnik
Ungaretti & Harris
3500 Three First National Plaza
70 West Madison
Chicago, IL 60602
Telephone: (312) 977-4400
Facsimile: (312) 977-4405
E-mail: bjshkolnik@uhlaw.com

*Counsel for Sima Products Corp.*

## CERTIFICATE OF SERVICE

I, Denyse Sabagh, hereby certify that, on November 4, 2009, I caused a true and correct copy of the **RESPONSE OF SIMA PRODUCTS CORP. TO DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES AND MOTION FOR (I) AUTHORITY TO SETOFF AGAINST SUCH EXPENSES AND (II) A WAIVER OF THE REQUIREMENT THAT THE FIRST HEARING ON ANY RESPONSE PROCEED AS A STATUS CONFERENCE** to be served (a) via the Court's ECF system upon all registered parties and (b) via regular mail, postage prepaid, upon:

Greg M. Galardi
Ian S. Fredericks
Skadden, Arps, Slate,
Meagher & Flom LLP
One Rodney Square
PO Box 636
Wilmington, DE 19899-0636

Chris L. Dickerson
Skadden, Arps, Slate,
Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL 60606

Dion W. Hayes
Douglas M. Foley
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219

*/s/ Denyse Sabagh*
Denyse Sabagh

DM3\1198476.1