IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:  )<br> )<br>CIRCUIT CITY STORES, INC., et al.,  )<br> )<br> )<br> )<br>Debtors.  )<br> ) | Chapter 11<br><br>Case No. 08-35653 (KRH)<br><br>Jointly Administered |

**METRA ELECTRONICS CORPORATION'S OPPOSITION TO DEBTOR'S
(I) FIFTY-FIRST OMNIBUS OBJECTION TO CERTAIN 503(b)(9) CLAIMS
AND (II) MOTION FOR A WAIVER OF THE REQUIREMENT THAT THE
FIRST HEARING OF ANY RESPONSE PROCEED AS A STATUS CONFERENCE**

Metra Electronics Corporation. ("Metra"), by and through its undersigned counsel, files this opposition to Debtor's (I) Fifty-First Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on Any Response Proceed As a Status Conference (the "Objection"), and in support thereof, states as follows:

### I.    Preliminary Statement

Metra does not object to Debtor's request for a waiver of the requirement that the first hearing on any response proceed as a status conference. Debtor's request is that the "Court hear argument on and resolve the legal issues presented by the Objection (and any response thereto) and reserve any factual disputes for a subsequent hearing after appropriate discovery." Objection, page 6.  Based thereon, this opposition will only address the legal issues presented in the Objection, or implicated in the Objection.

---

William A. Gray, Esquire-VSB #46911
C. Thomas Ebel, Esquire-VSB #18637
W. Ashley Burgess-VSB#67998
SANDS, ANDERSON, MARKS & MILLER, P.C.
801 East Main Street, Suite 1800
P.O. Box 1998
Richmond, Virginia 23218-1998
   *Counsel for Metra Electronics Corporation*

However, as argued below, Metra asserts Debtor's Objection should be disallowed because the Objection is premised upon a fact that Metra received an avoidable preference. Yet, the Debtor has presented absolutely no admissible evidence regarding this issue. Metra asserts that the payments it received within ninety (90) days of the Debtor's petition are not avoidable based on one or more defenses to preference claims under 11 U.S.C. § 547. Obviously, these are factual matters, and thus Debtor's Objection should be overruled as there is no evidence to support the factual conclusions made by Debtor in the Objection. Although Metra will respond here to the legal issues of Debtor's Objection, Metra reserves its right to present, in a proper context, if and when necessary, all of the facts regarding avoidable transfers and defenses to the same.

## II.     Summary of Argument

First, section 502(d) does not bar the allowance of administrative expense claims under section 503. See, ASM Capital, LP v. Ames Department Stores, Inc., 582 F.3d 422 (2009). As discussed in Ames: (a) the Bankruptcy Code distinguishes between "claims" and "administrative expenses;" (b) the structure and context of section 502(d) suggests that Congress intended to differentiate between "claims" and "administrative expenses."; and, (c) the language of section 502(d) shows that it applies only in the context of section 502.

Second, assuming arguendo 502(d) applies to 503, the underlying premise of the Objection is that Metra received an avoidable preference. However, there is absolutely no evidence before the court that establishes Metra received an avoidable preference. Without establishing an avoidable preference, the Debtors have failed to satisfy the requirements of 502(d).

### III. 503(B)(9) Administrative Expenses Are Not Subject To Mandatory Disallowance Under Section 502(d)

**(A) The Bankruptcy Code distinguishes between "claims" and "administrative expenses."**

Various sections of the Bankruptcy Code, as well as relevant case law, distinguish between "claims" under section 502(d), and requests for "administrative expenses" under section 503(b). See, e.g., In re Plastech Engineered Products, Inc., 394 B.R. 147, 157-158 (Bankr.E.D.Mich.2008). (citing case holding section 502(d) uses "claim" to refer only to prepetition claims and not to 503(b) administrative expenses). Examples of where the Bankruptcy Code distinguishes between "claims" and "administrative expenses" include: (i) section 507(a), which establishes separate priorities for "administrative expenses" and various types of "claims;" (ii) section 101(10), which does not include those who hold requests for administrative expenses as "creditors" as it does holders of pre-petition claims; and (3) section 348(d), which specifically excludes 503(b) requests for administrative expenses from post-petition claims.

In Camelot Music, Inc. v. MHW Adver. & Public Relations, Inc., 264 B.R. 141, 159 (Bankr.D.Del.2000), the court held that the express exclusion of administrative claim from section 348(d) and in the definition of "creditor" in section 101(10) lends "support to the view that administrative expense claims are claims that are entitled to distinct treatment separate and apart from pre-petition, creditor claims." As "claims" are distinct from "administrative expenses," in the Bankruptcy Code, it follows, as argued below, that 503 administrative expenses are not subject to disallowance under 502.

3

(B)   **The structure and context of section 502(d) suggests that Congress intended to differentiate between "claims" and "administrative expenses."**

In <u>Ames</u>, <u>supra</u>, the United States Court of Appeals for the Second Circuit found that the structure and context of section 502(d) suggests that Congress intended to differentiate between claims and administrative expenses. Sections 501 and 502, when read in conjunction, provide a procedure for the allowance of claims, and not that of administrative expenses under section 503. Section 501, titled "Filing of proofs of claims or interests," sets forth claims for which proof of claims or interest may be filed, and who may file such claims. Section 502, titled "Allowance of claims or interests," governs the allowance of claims for which proof of claims are filed under section 501. 11 U.S.C. § 502. Therefore, whereas sections 501 and 502 govern the procedure for filing and allowance of prepetition claims, section 503 sets forth a procedure for filing and allowance of requests for administrative expenses, wholly independently of sections 501 and 502.

Furthermore, the procedures and allowance outlined in sections 501 and 502 differ greatly from the procedure outlined in section 503. See <u>Beasley Forest Products, Inc. v Durango Ga. Paper Co.</u>, 297 B.R.326, 329. For example, while section 503(a) allows any "entity" to file a request for administrative expenses, section 401 only allows "creditors" to file proofs of claims. To conclude that 502 and 503 somehow work together ignores the plain differences and purposes of each section.

Finally, an important policy established by the Bankruptcy Code supports the conclusion that 502(d) and 503 are distinct, and counsels in favor of holding section 502(d) inapplicable to requests for administrative expenses under section 503(b). Specifically, requests for administrative expenses are given priority in the Bankruptcy Code because they encourage third parties to supply goods and services to the estate to the benefit of all of the estate's creditors.

4

Congress' intent in the Bankruptcy Code would be frustrated by allowing a debtor to avoid payment of administrative expenses by alleging that the vendor has been the recipient of a preferential transfer.

### (C) The language of section 502(d) suggests it applies only in the context of section 502.

The plain language of section 502(d) suggests that the subsection's scope is limited, and does not extend to requests allowable under section 503. Section 502(d) states:

> (d) Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 oft his title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

11 U.S.C. §502)d)

Clearly, there is no reference to 503 in 502(d). Furthermore, sections 502(e)(2), (f), (g), (h), and (i) pull certain arguably otherwise non-applicable claims <u>into</u> claims subject to 502. Thus, in section 502, Congress has defined what universe of claims to which that section will be applicable. That universe does <u>not</u> include 503.

### IV. Assuming Arguendo Section 502 is Applicable to Section 503, the Debtors Have Failed to Make a Factual Showing that the Transfer is Avoidable

As stated above, Debtor has presented absolutely no admissible evidence that Metra has received an avoidable preference. Metra asserts that the payments it received within ninety (90) days of the Debtor's petition are <u>not avoidable</u> based on or more defenses to preference claims under 11 U.S.C. § 547. Furthermore, even if section 502 applies to section 503, there must be a factual showing that the transfer is avoidable before the claim can be disallowed. <u>See, In re Atlantic Computer Systems</u>, 173 B.R. 858 (S.D.N.Y.1994); <u>see also In re Lids Corp.</u>, 260 B.R.

5

680 (Bankr.D.Del.2001). Because Debtor has not, in fact, shown an avoidable preference, the Objection should be overruled.

## V. Conclusion

For all of the above reasons Metra Electronics Corporation respectfully requests the Court deny the Debtor's objection, and for such other and further relief as is just and proper.

Dated: November 4, 2009

**Respectfully submitted,**

**METRA ELECTRONICS CORPORATION**

By: _____/s/ William A. Gray_____
William A. Gray, Esquire-VSB #46911
C. Thomas Ebel, Esquire-VSB #18637
W. Ashley Burgess-VSB#67998
SANDS, ANDERSON, MARKS & MILLER, P.C.
801 East Main Street, Suite 1800 (23219)
Post Office Box 1998
Richmond, Virginia 23218-1998
*Counsel for Metra Electronics Corporation*

6

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed and served, via U.S. Mail, first class, postage fully prepaid, and via the Electronic Case Filing System, this 4th day of November, 2009, to:

    Dion W. Hayes, Esquire
    Douglas Foley, Esquire
    McGuire Woods LLP
    One James Center
    901 E. Cary Street
    Richmond, Virginia 23219

    Gregg Galardi, Esquire
    Ian S. Fredericks, Esquire
    Skadden Arps Slate Meagher & Flom LLP
    Box 636
    Wilmington, DE 19899

    Chris L. Dickerson, Esquire
    Skadden Arps Slate Meagher & Flom LLP
    333 West Wacker Drive
    Chicago, IL 60606

                                 */s/ William A. Gray*