Denyse Sabagh, Esquire (Va. I.D. No. 17003)
Rudolph J. Di Massa, Jr., Esquire (PA Bar No. 35492)
Matthew E. Hoffman, Esquire (admitted *pro hac vice*)
Duane Morris LLP
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Telephone: (202) 776-7817/(215) 979-1000
Facsimile: (202) 379-9867/(215) 979-1020
E-mail: DSabagh@duanemorris.com
    DiMassa@duanemorris.com
    MEhoffman@duanemorris.com

and

Barry J. Shkolnik, Esquire
Ungaretti & Harris
3500 Three First National Plaza
70 West Madison
Chicago, IL 60602
Telephone: (312) 977-4400
Facsimile: (312) 977-4405
E-mail: bjshkolnik@uhlaw.com

*Counsel for Sima Products Corp.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **CIRCUIT CITY STORES, INC.,** *et al.*, | ) | Case No. 08-35653 (KRH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**RESPONSE OF SIMA PRODUCTS CORP. TO DEBTORS'
(I) FIFTY-FIRST OMNIBUS OBJECTION TO CERTAIN 503(B)(9) CLAIMS AND
(II) MOTION FOR A WAIVER OF THE REQUIREMENT THAT THE FIRST
HEARING ON ANY RESPONSE PROCEED AS A STATUS CONFERENCE**

Sima Products Corp. ("Sima" or the "Claimant"), by and through its undersigned counsel, hereby files this response (the "Response") to the Debtors' (I) Fifty-First Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing

DM3\1198098.1

on any Response Proceed as a Status Conference ("Objection"), and respectfully represents as follows:

1. On November 10, 2008, Circuit City Stores, Inc. (the "Debtor") filed a petition under Chapter 11 of the United States Code (the "Petition Date").

2. Sima currently holds (a) a timely filed administrative expense priority claim pursuant to 11 U.S.C. § 503(b)(9), identified by the Debtors' claims agent as Claim No. 1282, in the amount of $24,663.36 (the "503(b)(9) Claim"); (b) a timely filed general unsecured claim, identified by the Debtors' claims agent as Claim No. 5692, in the amount of $74,900.36; and (c) a timely filed administrative expense priority claim, identified by the Debtors' claims agent as Claim No. 13476, pursuant to 11 U.S.C. § 503(b)(1) against the Debtors in the amount of $12,387.12.

3. On October 13, 2009, the Debtors filed the Objection, wherein the Debtors seek to reduce the 503(b)(9) Claim by $9,380.00 to $15,823.36 based on allegedly preferential payments to the Claimant.

4. Despite the Claimant's repeated requests of the Debtors for factual and documentary support for the Objection, the Debtors have not yet furnished any such support; accordingly, the Claimant files this Response in order to reserve and preserve all of its rights with regard to the Objection; specifically, the right to refute the Debtors' basis for filing the Objection..

5. In the Objection, the Debtors argue that the Claimant received preferential transfers and that the 503(b)(9) Claim should be temporarily disallowed pending the return of the preferential transfers.

DM3\1198098.1

6. The Debtors assert that pursuant to § 502(d), the 503(b)(9) Claim should be temporarily disallowed so long as the Claimant has possible exposure for preferential transfers. The legal issue is whether administrative expenses pursuant to § 503 may be temporarily disallowed or are even subject to disallowance under § 502(d).

7. Section 502(d) only applies to cases where property "is recoverable" and the adversary defendant "is liable" to the estate. What is required for the invocation of § 502(d) is a judicial determination that the claimant received a preference (and failed to repay it). *See Cohen v. Tic Fin. Sys. (In re Ampace Corp.)*, 279 B.R. 145, 163 (Bankr. D. Del. 2002); *Seta Corp. of Boca, Inc. v. Atl. Computer Sys., Inc. (In re Atl. Computer Sys., Inc.)*, 173 B.R. 858, 862 (S.D.N.Y. 1994); *In re Chase & Sanborn Corp.*, 124 B.R. 368 (Bankr. S.D. Fla. 1991) (citing *In the Matter of Colonial Serv. Co.*, 480 F.2d 747, 749 (8th Cir. 1973)).

8. While section 502(d) may be used to prohibit the payment of an unsecured claim that is subject to a judgment under § 547 or certain other sections of the Bankruptcy Code, *Creditors of Melon Produce Inc. v. Braunstein*, 112 F.3d 1232, 1237 (1st Cir. 1997) (holding that the key phrase in this inquiry is "the amount . . . for which such entity or transferee is liable," and that once a creditor "complies with the payment or turnover order of the bankruptcy court it may file a claim"), the Debtors have only alleged the existence of a preferential transfer, and there has been no order rendering judgment consistent with Debtors' allegations. In point of fact, the Debtors have not even initiated an adversary proceeding! Had Congress intended the mere allegation of a preference to trigger protection under § 502(d), it could have phrased the statute accordingly. However, a plain and common-sense reading of the statute supports Claimant's position that § 502(d) may not be used to bar its 503(b)(9) Claim. Further, under the Bankruptcy

3

Code, a preference action has to be brought by adversary proceeding. Therefore, until a judgment is rendered in a preference action, use of § 502(d) is inappropriate.

9. Even if § 502(d) were properly invoked, this provision does not apply to administrative expenses. *See ASM Capital, LP v. Ames Dept. Stores, Inc. (In re Ames Dept. Stores, Inc.)*, 582 F.3d 422, 429 (2d Cir. 2009) ("The structure and context of section 502(d) suggests that Congress intended it to differentiate between claims and administrative expenses and not to apply to the latter."); *see also In re Plastech Eng'g Prods., Inc.*, 394 B.R. 147, 157-58 (Bankr. E.D. Mich. 2008) (citing cases holding that § 502(d) uses "claim" to refer only to prepetition claims and not to requests for administrative expenses); *In re Bookbinders' Rest.*, 2006 WL 3858020 (Bankr. E.D. Pa. 2006) (503(b)(9) claim was not a prepetition claim); *In re Lids Corp.*, 260 B.R. 680, 683-84 (Bankr. D. Del. 2001) (holding that administrative expenses are afforded special treatment under the Bankruptcy Code and are not subject to § 502(d)); *Camelot Music, Inc. v. MHW Adver. & Pub. Relations, Inc. (In re CM Holdings, Inc.)*, 264 B.R. 141, 159 (Bankr. D. Del. 2000).

10. Courts examining the relationship among §§ 501, 502, and 503 consistently hold that §§ 501 and 502 describe the methods by which prepetition claims are asserted and paid. *See In Durango Ga. Paper Co.*, 297 B.R. 326 (Bankr. S.D. Ga. 2003); *In re Lids Corp.*, 260 B.R. at 680; *In re CM Holdings, Inc.*, 264 B.R. at 141.

11. Section 503 is a separate section that describes the allowance of administrative expenses and the treatment of such expenses. To construe overlap between §§ 501 and 502, and § 503 would create internal inconsistencies not in keeping with the plain language of the Bankruptcy Code. *See In re Durango Ga. Paper Co.*, 297 B.R. at 330. The plain language of § 502(d) demonstrates that it applies only to claims under § 501, and accordingly, does not apply

4

to administrative expenses under § 503(b). *See Ames Dep't Stores*, 582 F.3d at 429 ("Section 502, in conjunction with section 501, provides a procedure for the allowance of claims that is entirely separate from the procedure for allowance of administrative expense claims under section 503."); *see also So. Polymer, Inc. v. TI Acquisition, LLC (In re TI Acquisition, LLC)*, 410 B.R. 742, 750 (Bankr. N.D. Ga. 2009) ("Section 502(d) does not contain any language or reference which would make it applicable to administrative expenses of any kind. More specifically, the language of § 502(d) does not imply or create a defense to a § 503(b)(9) claim.").

12.    Had Congress intended for § 503(b)(9) administrative expenses treated in a manner different from all other § 503 administrative expenses, it would have so stated. If Congress had wanted the 20-day claims for delivery of goods to be treated as an ordinary proof of claim, Congress would certainly not have placed the words of § 503(b)(9) in a section of the Bankruptcy Code entitled, "Allowance of Administrative Expense." *See Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 809 (1989) ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme").

13.    Further, § 1129(a)(9)(A) requires administrative expenses under section 503(b) to be paid in full on the effective date of the plan. Thus, § 1129(a)(9)(A) clearly treats administrative expenses differently from other types of claims. Debtors argue that § 503(b)(9) administrative expenses should temporarily disallowed. However, § 1129(a)(9)(A) requires administrative expenses to be paid in full no later than the effective date of the plan.

14.    Moreover, even if this Court finds that § 502(d) is applicable to section 503(b)(9), § 503(b)(9) claimants are still entitled to receive payment no later than the effective date of the

DM3\1198098.1

plan without first turning over the alleged preferential transfers. As stated in *Lids*, "[t]o disallow a claim under section 502(d) requires a judicial determination that a claimant is liable." *In re Lids Corp.*, 260 B.R. at 684. As noted by the Court, the plain language of § 502(d) requires a showing that the "transferee is liable." *Id.* It is axiomatic that the mere filing of a complaint does not result in a defendant's liability. Therefore, without a determination of liability, § 503(b)(9) claimants are entitled to full payment no later than the effective date of the plan.

15.   The Claimant also requests that the Court enforce and not waive the requirement that the initial hearing on any response to the Objection proceed as a status conference because (a) the Debtors have not articulated any reason why the Court should deviate from the procedures set forth in the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections entered on April 1, 2009 (Docket No. 2881); and (b) pending review of the factual basis for the Objection, the Claimant and Debtors may conclude that the Administrative Expense Claim ultimately is not subject to the Objection and that the Claimant need not incur any costs associated with defending the legal bases for the Objection and the Response.

16.   Sima expressly reserves its rights (a) to amend, modify, or supplement the Response in advance of any final hearing on the Objection; and (b) to join in additional responses to the Objection, to the extent these responses are consistent with Sima's position herein.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]**

**WHEREFORE**, Sima Corporation asks that the Court overrule the Debtors' Objection to the 503(b)(9) Claim and enter such other and further relief as the court deems just and proper.

Dated: November 4, 2009

/s/ Denyse Sabagh
Denyse Sabagh (Va. I.D. No. 17003)
Rudolph J. Di Massa, Jr. (PA I.D. No. 35492)
Matthew E. Hoffman (admitted *pro hac vice*)
Duane Morris LLP
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Telephone: (202) 776-7817/(215) 979-1000
Facsimile: (202) 379-9867/(215) 979-1020
E-mail: DSabagh@duanemorris.com
        DiMassa@duanemorris.com
        MEhoffman@duanemorris.com

and

Barry J. Shkolnik
Ungaretti & Harris
3500 Three First National Plaza
70 West Madison
Chicago, IL 60602
Telephone: (312) 977-4400
Facsimile: (312) 977-4405
E-mail: bjshkolnik@uhlaw.com

*Counsel for Sima Products Corp.*

DM3\1198098.1

## CERTIFICATE OF SERVICE

I, Denyse Sabagh, hereby certify that, on November 4, 2009, I caused a true and correct copy of the **RESPONSE OF SIMA PRODUCTS CORP. TO DEBTORS' (I) FIFTY-FIRST OMNIBUS OBJECTION TO CERTAIN 503(B)(9) CLAIMS AND (II) MOTION FOR A WAIVER OF THE REQUIREMENT THAT THE FIRST HEARING ON ANY RESPONSE PROCEED AS A STATUS CONFERENCE** to be served (a) via the Court's ECF system upon all registered parties and (b) via regular mail, postage prepaid, upon:

| | | |
|---|---|---|
| Greg M. Galardi<br>Ian S. Fredericks<br>Skadden, Arps, Slate,<br>Meagher & Flom LLP<br>One Rodney Square<br>PO Box 636<br>Wilmington, DE 19899-0636 | Chris L. Dickerson<br>Skadden, Arps, Slate,<br>Meagher & Flom LLP<br>333 West Wacker Drive<br>Chicago, IL 60606 | Dion W. Hayes<br>Douglas M. Foley<br>McGuireWoods LLP<br>One James Center<br>901 E. Cary Street<br>Richmond, VA 23219 |

/s/ *Denyse Sabagh*
Denyse Sabagh