Paul S. Bliley, Jr. (VSB No. 13973)
R. Joseph Noble (VSB No. 77138)
WILLIAMS MULLEN
Two James Center, 17th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia  23218-1320
Tel:  804.783.6448
Fax:  804.783.6507
pbliley@williamsmullen.com
jnoble@williamsmullen.com

*Counsel for Stillwater Designs and Audio Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
(Richmond Division)

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., ) | |
| ) | Case No. 08-35653-KRH |
| Debtors. ) | |
| ) | (Jointly Administered) |
| ) | |

**RESPONSE OF STILLWATER DESIGNS AND AUDIO INC.,
TO DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CERTAIN
ADMINISTRATIVE EXPENSES AND 503(b)(9) CLAIMS AND MOTION FOR (I)
AUTHORITY TO SETOFF AGAINST SUCH EXPENSES AND CLAIMS AND (II) A
WAIVER OF THE REQUIREMENT THAT THE FIRST HEARING ON ANY
<u>RESPONSE PROCEED AS A STATUS CONFERENCE</u>**

Stillwater Designs and Audio, Inc. ("Stillwater"), by counsel, hereby responds to the Debtors' Forty-Ninth Omnibus Objection To Certain Administrative Expenses And 503(b)(9) Claims And Motion For (I) Authority To Setoff Against Such Expenses And Claims And (II) A Waiver Of The Requirement That The First Hearing On Any Response Proceed As A Status Conference (the "Objection") as follows:

BACKGROUND

1.     On or about December 10, 2008, Stillwater timely filed a claim (designated Claim No. 780) in the amount of $561,829.00 in accordance with the procedures governing the filing of claims entitled to priority under 11 U.S.C. § 503(b)(9) in this case for goods sold to the Debtors

in the ordinary course of the Debtors' business and received by the Debtors within 20 days before the date of the commencement of this case (the "503(b)(9) Claim").

2. On or about January 2, 2009, Stillwater timely filed a general unsecured claim (designated Claim No. 2158) in the amount of $1,941,875.04 (the "General Unsecured Claim").

3. On or about October 13, 2009, the Debtors filed the Objection.

4. In the Objection, the Debtors allege, among other things, that as a part of the ordinary course of the Debtors' business with Stillwater, the Debtors became entitled to certain amounts, including receivables, chargebacks, returns, and other amounts, totaling $248,481.52, which are currently due and owing to the Debtors by Stillwater (the "Total Receivables").

5. The Objection seeks, among other things, an order from this Court authorizing the Debtors to setoff the Total Receivables against the 503(b)(9) Claim.

RESPONSE

6. Stillwater asserts that the Debtors have incorrectly represented the amount of the Total Receivables listed in Exhibit C of the Objection. Furthermore, the Debtors have provided no supporting documentation to validate the amount of the Total Receivables or to establish that the alleged Total Receivables constitute a valid claim against Stillwater. Without further information to be provided by the Debtors, Stillwater is unable to provide more specific information about the validity and quantity of the alleged Total Receivables, and therefore denies any obligation to the Debtors in respect of the Total Receivables.

7. The Debtors are not entitled to the Total Receivables because Stillwater asserts that in calculating the 503(b)(9) Claim, it credited the Debtors for all proper amounts, including, without limitation, receivables, chargebacks, returns and other amounts.

8. To the extent that the Debtors are entitled to any portion of the Total Receivables,

this Court should authorize the Debtors to set off such amount first against the General Unsecured Claim up to the full amount of the General Unsecured Claim before any portion of the Total Receivables may be set off against the 503(b)(9) Claim.

## DISCUSSION

9. As noted in the Objection, "the setoff decision lies within the equitable discretion of the bankruptcy court." *United States Internal Revenue Serv. v. Martinez (In re Martinez)*, 2007 U.S. Dist. LEXIS 6163 (M.D. Pa. Jan. 29, 2007).

10. The court in *In re Martinez* explained further that setoff should not be denied unless the allowance of such setoff would be inconsistent with the provisions of the Bankruptcy Code as a whole. *Id.* at *8.

11. Administrative expense claims under § 503(b) are the kind of priority granted to those creditors "who either help preserve and administer estate, or who assist with rehabilitation of the debtor so that all creditors will benefit." *In re Armorflite Precision, Inc.*, 43 B.R. 14, 15 (Bankr. D. Me. 1984).

12. When Congress enacted 11 U.S.C. § 503(b)(9) in 2005, it granted administrative priority to the value of goods received by the debtor during the limited 20-day window of time before the commencement of the bankruptcy case. Congress clearly intended to award special treatment to these prepetition claims by granting them the same administrative priority awarded to the certain post-petition claims. *See In re Plastech Engineered Products, Inc.*, 394 B.R. 147, 163 (Bankr. E.D. Mich. 2008) (holding that "[t]he distinction . . . that § 503(b)(9)'s are pre-petition in nature – although factually true, is not a distinction that makes any difference under § 503(b). Nor is there any legislative history to suggest that Congress intended there to be such a distinction."). Congress identified "this 'special class' of pre-petition claims and determined that

3

they are administrative expenses of the bankruptcy case, payable and allowable under § 503(b) along with all of the other statutorily recognized administrative expenses." *Id.* at 164.

13.     Certainly had Congress wanted to have § 503(b)(9) administrative expenses treated in a manner different from all other § 503(b) administrative expenses, it would have so stated.  If Congress had wanted the 20-day claims for delivery of goods to be treated as an ordinary proof of claim, Congress would certainly not have placed the words of § 503(b)(9) in a section of the Bankruptcy Code entitled, "Allowance of Administrative Expense." *Florida Dept. of Revenue v. Piccadilly Cafeterias, Inc.*, 128 S.Ct. 2326 (2008); *Davis v. Michigan Dept. of Treasury*, 489 U.S. 803, 809 (1989) ("It is a fundamental canon of statutory construction that the words of a statute must be read in the context and with a view to their place in the overall statutory scheme").

14.     The priorities given by § 503(b)(9) are expressions of Congressional policy that certain prepetition claims against the Debtors should be given priority in payment above other unsecured claims.  *See In re Braniff Airways, Inc.*, 42 B.R. 443, 452 (Bankr. N.D. Tex. 1984) (concerning 11 U.S.C. § 507).  Accordingly, when a creditor holds both a general unsecured claim and an administrative expense claim against a debtor, priority should also be afforded to the administrative expense claim when applying setoff.  In other words, a setoff should first be applied against the non-priority, prepetition claim.  *See id.* (holding that "it would completely defeat this statutory scheme if a debtor were allowed to setoff its claims against the creditor, *first* against the creditors priority claims and *secondly* against the creditors general non-priority claims.") (emphasis in original); *In re TSLC I, Inc.*, 332 B.R. 476, 479 (Bankr. M.D. Fla. 2005) (holding that when a creditor holds both a pre-petition unsecured claim and an administrative expense priority, the debtor must first setoff any claim against the creditor's unsecured pre-

4

petition claim); *In re Lawson*, 187 B.R. 6, 7 (Bankr. D. Idaho 1995) (holding that in accordance with the priority scheme under section 507 of the Bankruptcy Code, the debtor must first offset against its creditor's general unsecured claims before offsetting against any priority claim held by the creditor).

15.     If this Court grants the Objection and authorizes the Debtors to setoff the Total Receivables against the 503(b)(9) Claim when an alternative source of general unsecured claims is available, such allowance of setoff would be inconsistent with the intent of the provisions of § 503(b) administrative priority.

WHEREFORE Stillwater prays that (i) the Total Receivables listed in Exhibit C of the Objection be reduced to zero dollars ($0.00); (ii) the 503(b)(9) Claim be allowed in an amount no less than $561,829.00 with priority pursuant to 11 U.S.C. § 503(b)(9) of the Bankruptcy Code; (iii) the Objection be overruled to the extent that it seeks authorization to setoff the Total Receivables against the 503(b)(9) Claim; (iv) to the extent that any portion of the Total Receivables is allowed, the Debtors be authorized to setoff the allowed portion of the Total Receivables *first* against the General Unsecured Claim, and *secondly* against the 503(b)(9) Claim, if any of the Total Receivables remain; and (iv) Stillwater be granted a hearing and such other relief as may be appropriate and as its interests may appear.

Dated: Richmond, Virginia
         November 4, 2009

**STILLWATER DESIGNS AND AUDIO INC.**

*/s/ Paul S. Bliley, Jr.*
By: _____
         Counsel

Paul S. Bliley, Jr. – VSB No. 13973
R. Joseph Noble – VSB No. 77138
WILLIAMS MULLEN
Two James Center, 17th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia  23218-1320
Phone:  804.783.6448
Fax:  804.783.6507
pbliley@williamsmullen.com
jnoble@williamsmullen.com

*Counsel for Stillwater Designs and Audio Inc.*

7010080_2.DOC

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true copy of the foregoing Response of Stillwater Designs and Audio Inc., to Debtors' Forty-Ninth Omnibus Objection To Certain Administrative Expenses And 503(b)(9) Claims And Motion For (I) Authority To Setoff Against Such Expenses And Claims And (II) A Waiver Of The Requirement That The First Hearing On Any Response Proceed As A Status Conference was served this 4th day of November, 2009, via email and by first class mail, postage prepaid, upon:

**Dion W. Hayes**
McGuireWoods LLP
One James Center, 901 E. Cary St.
Richmond, VA 23219
dhayes@mcguirewoods.com

**Douglas M. Foley**
McGuireWoods LLP
9000 World Trade Center, 101 W. Main St.
Norfolk, VA 23510
dfoley@mcguirewoods.com

**Ian S. Fredericks**
Skadden Arps Slate Meagher
& Flom LLP
One Rodney Sq.
PO Box 636
Wilmington, DE 19899
ian.fredericks@skadden.com

**Chris L. Dickerson**
Skadden Arps Slate Meagher
& Flom LLP
333 West Wacker Drive
Chicago, IL 60606
chris.dickerson@skadden.com

**Robert J. Feinstein**
Pachulski Stang Ziehl & Jones LLP
780 Third Ave., 36th Floor
New York, NY 10017
rfeinstein@pszjlaw.com

**Brad R. Godshall**
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Blvd, 11th Floor
Los Angeles, CA 90067-4100
bgodshall@pszjlaw.com

**Jeffrey N. Pomerantz**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA 90067
jpomerantz@pszjlaw.com

**John D. Fiero**
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
jfiero@pszjlaw.com

**Lynn L. Tavenner**
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219
ltavenner@tb-lawfirm.com

**Paula S. Beran**
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219
pberan@tb-lawfirm.com

**Robert B. Van Arsdale**
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Robert.B.Van.Arsdale@usdoj.gov

**Adam M. Feinmesser, Esq.**
Esbin & Alter, LLP
497 South Main Street
New City, NY 10956
afeinmesser@esbinalter.com

By:   */s/ Paul S. Bliley, Jr.*
     Paul S. Bliley, Jr.

Paul S. Bliley, Jr. – VSB No. 13973
WILLIAMS MULLEN
Two James Center, 17th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia  23218-1320
Phone:  804.783.6448
Fax:  804.783.6507
pbliley@williamsmullen.com

    *Counsel for Stillwater Designs and Audio Inc.*

7010080_2.DOC