William H. Schwarzschild, III (VSB No. 13274)
W. Alexander Burnett (VSB No. 68000)
WILLIAMS MULLEN
Two James Center, 17th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia 23218-1320
Tel: 804.783.6489
Fax: 804.783.6507
tschwarz@williamsmullen.com
aburnett@williamsmullen.com

*Counsel for Nyko Technologies, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| In re:<br><br>CIRCUIT CITY STORES, INC., et al.,<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 08-35653-KRH<br><br>(Jointly Administered) |

### RESPONSE OF NYKO TECHNOLOGIES, INC. TO DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSES

Nyko Technologies, Inc. ("Nyko"), by counsel, hereby responds to the Debtors' Fiftieth Omnibus Objection to Certain Administrative Expenses (the "Objection") as follows:

### BACKGROUND

1.   Nyko is a retail supplier located in Los Angeles, California which provides, among other things, accessories for video game systems and other retail merchandise to merchants including Circuit City Stores, Inc. ("Circuit City").

2.   Nyko sold retail merchandise to Circuit City within twenty (20) days before the date of commencement of Circuit City's Chapter 11 filing on November 10, 2008 (the "Petition Date"). Specifically, on October 21, 2008, October 22, 2008, and November 5, 2008, Nyko sold retail merchandise to Circuit City for $37,453.40. Nyko sent invoices to Circuit City for the merchandise, but Circuit City has not paid the invoices.

3. Nyko also continued to do business with Circuit City after the Petition Date. Specifically, after the Petition Date, Nyko sold retail merchandise to Circuit City for $657,568.20, as reflected in invoices submitted by Nyko to Circuit City. The entire balance of the invoices submitted by Nyko to Circuit City remains unpaid.

4. The amounts invoiced by Nyko to Circuit City were for goods sold to Circuit City and constitute actual, necessary costs and expenses of preserving Circuit City's bankruptcy estates and are unsecured debts incurred by Circuit City in the ordinary course of business.

5. Circuit City filed the Objection on or about October 13, 2009. Exhibit C to the Objection alleges that Circuit City has a claim for "Receivables" against Nyko in the amount of $205,375.78. To date, however, Circuit City has not sent Nyko any of the backup in support of the alleged Receivables, and Nyko does not know the basis for Circuit City's alleged claim.

## DISCUSSION[1]

6. In its Objection, Circuit City seeks entry of an order authorizing Circuit City to set off certain "Receivables" against certain Claimants' "Administrative Expenses." Circuit City argues that it should be allowed to set off pre-petition receivables against post-petition administrative expenses. The Objection, however, ignores the requirements of setoff under Section 553 of the Bankruptcy Code, as well as important public policy considerations related to administrative claims; therefore, the Court should overrule the Objection.

7. Section 553 of the Bankruptcy Code outlines the requirements for setoff, and these requirements apply to both debtors and creditors. 5 Collier on Bankruptcy ¶ 553.03[7] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. Rev. 2008); see In re Roth, 164 F.2d 575 (2d Cir. 1948). Section 553 requires the debts to be "mutual." 11 U.S.C. § 553(a). To be

---

[1] Nothing herein should be construed as conceding Circuit City's entitlement to any portion of the Receivables described or claimed by Circuit City in the Objection. To the contrary, Nyko denies that the Receivables are owed to Circuit City.

mutual, a debt or credit "must subsist or be owing between the same parties, in the same right or capacity, and must be of the same kind or quality." In re Braniff Airways, Inc., 42 B.R. 443, 446 (Bankr. N.D. Tex. 1984); see In re Roth, 164 F.2d at 578. The concept of mutuality requires that "debts on both sides must predate the bankruptcy." Boston & Maine Corp. v. Chicago Pacific Corp., 785 F.2d 562, 564 (7th Cir. 1986). For example, a debtor cannot set off a pre-petition asset or credit against a creditor's post-petition claim. In re Ames, Docket No. 07-1362-bk, 2009 U.S. App. LEXIS 20764, at *24 (2d Cir. Sept. 18, 2009) ("Administrative expenses arise post-petition, and generally cannot be set off against prepetition claims."); Braniff, 42 B.R. at 449; see 5 Collier on Bankruptcy ¶ 553.03[7][a] ("Similarly, there would seem to be no basis for waiving the mutuality requirement simply because the setoff right at issue is being asserted by the debtor."); see also Boston & Maine Corp., 785 F.2d at 565.

8. In the case In re Braniff Airways, Inc., the debtor filed a motion to allow setoff of certain pre-petition claims against certain priority tax claims owed by the debtor to the United States government. 42 B.R. 443, 446 (Bankr. N.D. Tex. 1984). The court examined the requirement of mutuality and held:

> The requirement of mutuality of parties is of particular significance in the context of bankruptcy. Because the debtor and the debtor-in-possession are separate and distinct entities, the courts have concluded that the requisite element of mutuality of parties is lacking whenever a creditor attempts to offset prepetition debt against a post-petition claim. Although the courts have focused upon this requirement primarily in the context of attempted creditor offsets, there is not justification for applying a different requirement when a debtor seeks to offset.

Id. at 449. The Braniff court concluded that "as a general rule, neither a creditor nor a debtor may offset pre-petition debts and claims against post-petition debts and claims because of the absence of mutuality of the parties." Id. Numerous other courts across the country have

3

followed the Braniff court's holding and have refused to allow debtors to setoff pre-petition debts or credits against the post-petition administrative claims of creditors. Accord In re Mayco Plastics, Inc., 389 B.R. 7 (Bankr. E.D. Mich. 2008); In re Genuity, Inc., 323 B.R. 79 (Bankr. S.D.N.Y. 2005) (holding that debtors were not entitled to use pre-petition deposits to satisfy their post-petition obligations); Cf. In re Virginia Block Company, 16 B.R. 771, 775 (Bankr. W.D. Va. 1982) ("Because Virginia Block's debt to Virginia Mutual is one that arose prior to its bankruptcy petition, and the insurance funds in question here were remitted to the debtor in possession, this claim and debt lack the requisite mutuality.")

9. Moreover, Circuit City's Objection is not supportable on equitable grounds. Post-petition administrative expenses are "priority claims" under Section 507 and are afforded special treatment under the Bankruptcy Code. The priorities given by Section 507 are expressions of Congressional policy that certain claims against a debtor should be given priority in payment to other claims. Braniff, 42 B.R. at 452. It would defeat this statutory scheme if a debtor were allowed to set off its pre-petition claims against the creditor, first against priority indebtedness to the creditor and second against its non-priority, unsecured indebtedness to the creditor. Id.

10. Furthermore, allowing a debtor to set off pre-petition Receivables against post-petition administrative expenses "could have devastating effects on a debtor's ability to reorganize." In re Lids, 260 B.R. 680, 684 (Del. Bankr. 2001). If a vendor felt that setoff of a prepetition claim or receivable would be applied to an administrative claim first and then to an unsecured claim second, vendors would be extremely reluctant to extend post-petition credit to a chapter 11 debtor. Id.

11. Accordingly, a ruling by this Court sustaining the Objection and permitting Circuit City to set off its Receivable claim against the claimants' administrative claims is

4

contrary to recent case authority and a fair reading of the Bankruptcy Code. Furthermore, such a ruling would be contrary to the underlying policy of fostering rehabilitation of faltering businesses. Granting the relief requested in the Objection would have dramatic and drastically negative effects on all chapter 11 cases and could make it very difficult for businesses to reorganize in the future.

12. Finally, Circuit City relies on Section 105 which gives the Court the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. Section 105, however, has limits and should not be used by Circuit City as a catch-all provision to effectuate remedies that are not otherwise authorized by the Bankruptcy Code. In fact, Section 105 does not allow bankruptcy courts to override the mandates of other sections of the Bankruptcy Code. Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 206 (1988) ("The short answer to these arguments is that whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."). Circuit City's reliance on Section 105 is not appropriate in this instance because the relief it seeks is not authorized under the Bankruptcy Code for all of the reasons discussed herein.

13. Nyko reserves the right to rely on the arguments and authorities contained in the Responses of other creditors filed in response to the Objection. Nyko also adopts the cogent and well-articulated arguments and authorities cited by Avertec/Trigem USA, Inc. in its response to the Debtors' Forty-Eighth Objection [Docket # 5415], which we believe are equally applicable to the Debtors' Fiftieth Omnibus Objection to Certain Administrative Expenses.

WHEREFORE Nyko Technologies, Inc. prays that the Objection be overruled; and Nyko be granted a hearing and such other relief as may be appropriate and as its interests may appear.

5

Dated: Richmond, Virginia
November 4, 2009

**NYKO TECHNOLOGIES, INC.**

By: ___*/s/ W. Alexander Burnett*___
        Counsel

William H. Schwarzschild, III - VSB No. 15274
W. Alexander Burnett – VSB No. 68000
WILLIAMS MULLEN
Two James Center, 17th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia 23218-1320
Phone: 804.783.6489
FAX: 804.783.6507
tschwarz@williamsmullen.com
aburnett@williamsmullen.com

*Counsel for Nyko Technologies, Inc.*

7013874_3.DOC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Response of Nyko Technologies, Inc. to the Debtors' Fiftieth Omnibus Objection to Certain Administrative Expenses was filed and served this 4th day of November, 2009, electronically using the Court's ECF System, was sent by electronic mail to circuitcityservice@mcguirewoods.com and project.circuitcity@skadden.com, and was sent by first class mail, postage prepaid, to the entities at the addresses indicated below:

Douglas M. Foley, Esq.
McGuireWoods LLP
9000 World Trade Center, 101 W. Main St.
Norfolk, VA 23510

Dion W. Hayes, Esq.
McGuireWoods LLP
One James Center, 901 E. Cary St.
Richmond, VA 23219

Gregg Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden Arps, Slate Meagher & Flom LLP
One Rodney Square
Box 636
Wilmington, Delaware 19899

Chris L. Dickerson, Esq.
Skadden Arps, Slate Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL 60606

*Counsel for the Debtors*

Robert B. Van Arsdale, Esq.
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

*Office of the U.S. Trustee for the Eastern District of Virginia, Richmond Division*

Jeffrey N. Pomerantz, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067

Robert J. Feinstein
Pachulski Stang Ziehl & Jones LLP
780 Third Ave., 36th Floor
New York, NY 10017

*Counsel for the Creditor's Committee*

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

*Counsel for the Official Committee of Unsecured Creditors*

David S. Berman, Esq.
Reimer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, MA 02108

*Counsel to Prepetition Lenders/Counsel to Postpetition Lenders*

By: /s/ W. Alexander Burnett
W. Alexander Burnett

William H. Schwarzschild, III - VSB No. 15274
W. Alexander Burnett – VSB No. 68000
WILLIAMS MULLEN
Two James Center, 17th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia 23218-1320
Phone: 804.783.6489
Fax: 804.783.6507
tschwarz@williamsmullen.com
aburnett@williamsmullen.com

*Counsel for Nyko Technologies, Inc.*

7013874_3.DOC