**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)**

| | | |
|---|---|---|
| IN RE: | * | CASE NO.: **08-35653-KRH** |
| CIRCUIT CITY STORES, INC., *et al.*, | * | (CHAPTER 11) |
| DEBTORS. | * | (JOINTLY ADMINISTERED) |

\* \* \* \* \* \* \* \* \* \* \* \*

**RESPONSE OF TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.
TO DEBTORS' (I) FIFTY-SECOND OMNIBUS OBJECTION TO CERTAIN 503(b)(9) CLAIMS
AND (II) MOTION FOR A WAIVER OF THE REQUIREMENT THAT THE FIRST HEARING
ON ANY RESPONSE PROCEED AS A STATUS CONFERENCE**

Toshiba America Consumer Products, L.L.C. ("TACP"), by its attorneys, files this response to the *Debtors' (I) Fifty-second Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on Any Response Proceed as a Status Conference* [Docket No. 5216] (the "Objection"), and states:

**BACKGROUND**

**I.     Relevant Procedural History.**

1.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a contested matter under Federal Rules of Bankruptcy Procedure 6006(b) and 9014, and is a core proceeding under 28 U.S.C. § 157(b).

---

Jeremy S. Friedberg, VSB No. 40228
Gordon S. Young, VSB No. 68822
Leitess Leitess Friedberg + Fedder PC
One Corporate Center
10451 Mill Run Circle, Suite 1000
Owings Mills, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)

*Attorneys for Toshiba America Consumer Products, L.L.C.*

101182_2.doc

2. The debtors and debtors in possession in the above captioned cases (collectively, the "Debtors")[1] commenced this bankruptcy case on November 10, 2008 (the "Petition Date") by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. On November 12, 2008, the Court entered the *Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007* [Docket No. 107], setting December 19, 2008 as the deadline to file claims under § 503(b)(9) of the Bankruptcy Code.

4. On September 29, 2009, the Debtors filed their *First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* [Docket No. 5124] (the "Plan"). Among other things, the Plan contemplates the establishment of a Liquidating Trust on the effective date of the Plan, which will be comprised of all of the Debtors' property and assets. See Plan, § V.E. From the Liquidating Trust, the Plan will pay the holders of allowed administrative claims, including claimants such as TACP asserting § 503(b)(9) claims, in cash in full no later than 90 days after such claim is allowed. Id., §§ III.A., V.E.

5. Debtors filed their Objection on October 13, 2009, along with *Debtors' Brief in Support of Debtors' (I) Fifty-second Omnibus Objection to Certain 503(b)(9) Claims and (II)*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

101182_2.doc                                2

*Motion for a Waiver of the Requirement that the First Hearing on Any Response Proceed as a Status Conference* [Docket No. 5217] ("Debtors' Brief").

6. In their Objection, the Debtors seek temporary disallowance of TACP's request for payment of administrative expenses under § 503(b)(9), claiming without supporting facts or evidence that TACP is the recipient of transfers that are avoidable under § 547 of the Bankruptcy Code. More specifically, pursuant to §§ 547(b) and 550, the Debtors contend that TACP received one or more transfers made on account of antecedent debts, within 90 days of the Petition Date, while the Debtors were insolvent, and that allowed TACP to receive more than it would had such transfers not been made and it had received payment under the Bankruptcy Code. Debtors' Brief, at 3. In evaluating these transfers to TACP, the Debtors purportedly applied various defenses which may be applicable, including the "new value" defense. Id. Based upon this evaluation, TACP allegedly still received one or more avoidable transfers purportedly totaling $25,499,114.00 (collectively, the "Preferential Transfers"). Id.

7. The Objection and the Debtors' Brief are bereft of any evidence of Preferential Transfers received by TACP, including such basic information as the date(s) of the alleged Preferential Transfers. Moreover, the Objection improperly assumes that TACP will be unable to establish a defense under § 547(c). Notably, the Debtors have not even commenced an adversary proceeding against TACP to recover the alleged Preferential Transfers, nor has the Court entered any judgment concluding that TACP received the alleged Preferential Transfers.

8. According to the Debtors, § 502(d) of the Bankruptcy Code applies to TACP's request for payment under § 503(b)(9) and mandates its disallowance in its entirety, pending TACP's return of the Preferential Transfers to the Debtors. Id. at 4-5. An analysis of § 502(d)

and the relevant case law reveal that the Debtors' reasoning is incorrect, and therefore the Objection must be overruled.

**II.    TACP's Claim History.**

9.    TACP filed a timely Section 503(b)(9) Claim Request Form with the Debtors' claims processing agent, Kurtzman Carson Consultants LLC ("KCC"), on December 19, 2008, asserting a claim for administrative expenses under § 503(b)(9) of the Bankruptcy Code in the amount of $5,735,769.00 (the "Original Administrative Claim").  The Original Administrative Claim was assigned claim number 1331.

10.   TACP also timely filed a proof of claim with KCC on January 30, 2009, asserting a claim in the amount of $6,393,681.50 and entitled to treatment as an administrative priority (the "Original Proof of Claim").  The TACP Proof of Claim was assigned claim number 9648.

11.   Upon reviewing its records, TACP determined that certain goods, in the total amount of $442,520.00, were received by the Debtors outside of § 503(b)(9)'s statutory period of 20 days that preceded the Petition Date.

12.   Accordingly, TACP filed an amended proof claim (the "Amended Proof of Claim") with KCC on July 16, 2009 to properly characterize its claims under § 503(b)(9) of the Bankruptcy Code.  The Amended Proof of Claim asserts a claim in the total amount of $6,393,681.50, of which $5,293,249.00 is entitled to treatment as an administrative priority under § 507(a)(2).  The balance of the claim listed in the Amended Proof of Claim, $1,100.432.50, is to be treated as a general unsecured, non-priority claim.  The Amended Proof of Claim was assigned claim number 14506.

13.   In light of the filing of its Amended Proof of Claim and for the sake of accuracy, TACP also amended its Original Administrative Claim by filing an amended request (the

"Amended Administrative Claim") with KCC on July 16, 2009. The Amended Administrative Claim asserts a § 503(b)(9) claim in the amount of $5,293,249.00 and was assigned claim number 14503.

14. Copies of the Amended Proof of Claim and Amended Administrative Claim, without supporting documentation due to their size, are attached hereto collectively as Exhibit 1 and incorporated herein by reference. For convenience of reference, the administrative claim component of the Amended Proof of Claim and the Amended Administrative Claim will be referred to as the "Administrative Claim."

**ARGUMENT**

**I.    Introduction.**

15. Section 502 of the Bankruptcy Code, entitled governs the allowance and disallowance of claims asserted against a debtor. Subsection (a) provides for the deemed allowance of a claim unless a party in interest objects. Subsection (b) enumerates nine grounds for the disallowance or limitation of the amount of claims. Subsection (c) deals with estimation of claims. Under 502(d),

> Notwithstanding subsections (a) and (b) of this section, the court *shall* disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

(emphasis added).

16. Section 503(b)(9), which is the basis for TACP's Administrative Claim, was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Section 503 is entitled "Allowance of administrative expenses", and

subsection (a) permits an entity to file a *request* for payment of an administrative expense, as opposed to a *claim* for an administrative expense. Section 503(b) itemizes nine types of expenses which are to be allowed as administrative expenses and therefore are entitled to priority under § 507(a)(2). Among them, § 503(b)(9) encompasses "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of business." Although most of the remaining paragraphs of § 503(b) deal with expenses incurred by a debtor post-petition, "§ 503(b)(9) joins §§ 503(b)(3)(A), 503(b)(3)(E) and 503(b)(4) in describing pre-petition expenses that are to be accorded administrative expense priority." Southern Polymer, Inc. v. TI Acquisition, LLC (In re TI Acquisition, LLC), 410 B.R. 742, 745 (Bankr. N.D. Ga. 2009).

17.  The TI Acquisition Court observed that the treatment of expenses in § 503(b)(9) appears to represent an outgrowth of the policy that first appeared in § 546(c), which preserved the right of reclamation to certain sellers of goods on credit. Id.  BAPCPA included both the addition of § 503(b)(9) and the amendment of § 546(c), and these changes "suggest that Congress intended to recognize a reclamation right for sellers that was no longer exclusively dependent upon state law" and "reflect Congress' intent to better insure that ordinary course of business sellers of goods received by the debtor in the twenty days before the petition date gain priority in payment over most other creditors." Id. at 745-46.

**II.     Section 502(d) Does Not Apply to Disallow TACP's Administrative Claim.**

18.  The Debtors contend that, under § 502(d), TACP's Administrative Claim should be disallowed in its entirety pending the return of the Preferential Transfers to the Debtors. At issue is whether allowance of administrative expenses under § 503 are subject to disallowance under § 502(d).

19.     Courts which have considered the issue, however, have concluded that allowance of administrative expense claims is accomplished exclusively within § 503, not § 502, and have held that § 502(d) does not apply to the allowance of administrative expenses under § 503(b). See, e.g., ASM Capital, LP v. Ames Dep't Stores, Inc. (In re Ames Dep't Stores, Inc.), No. 07-1362-bk, 2009 WL 2972510, at *8 (2d Cir. Sept. 18, 2009); (In re Plastech Engineered Prods., 394 B.R. 147, 161 (Bankr. E.D. Mich. 2008); Roberds Inc. v. Broyhill Furn. (In re Roberds, Inc.), 315 B.R. 443, 476 (Bankr. S.D. Ohio 2004); Beasley Forest Prods., Inc. v. Durango Ga. Paper Co. (In re Durango Ga. Paper Co.), 297 B.R. 326, 330-31 (Bankr. S.D. Ga. 2003); In re Lids Corp., 260 B.R. 680, 683-84 (Bankr. D. Del. 2001).

20.     A plain reading of § 502(d) indicates that it lacks any language or reference to administrative expenses and applies only to claims arising under § 501. See, e.g., Durango Ga. Paper, 297 B.R. at 330 ("Neither the language of § 502(d) nor the language of § 503's allowance is conditioned upon surviving a § 502(d) challenge.  To the contrary, the structure and language of § 502 as a whole and, in particular, the introductory 'notwithstanding' language employed in § 502(d), indicate that the only claims to which subsection (d) applies are those that would otherwise have been allowed under subsections (a) and (b). . . ."). In addition, the procedural distinctions between the allowance of claims under § 501 and the allowance of administrative expenses under § 503 support § 502's limited applicability to § 501 claims, in that § 503 provides the sole method for filing a request for payment of an administrative expense and the sole method for its allowance. TI Acquisition, 410 B.R. at 750 (citing Plastech, 394 B.R. at 161). See also Ames, 2009 WL 2972510, at *6. Indeed, the Ames Court was "not persuaded that the legislative history to section 502(d) indicates a Congressional intent to apply that section

to administrative expenses pursuant to section 503" and concluded that cases deciding whether § 57g of the Bankruptcy Act applied to administrative expenses were insignificant.

21.     Further, by invoking § 502(d), the Debtors seek to have the mandatory disallowance language of § 502(d) trump the mandatory allowance language of § 503(b), although neither section contains a qualifying clause to override the other.  Absent such a qualifying clause, one mandatory statutory provision should not be presumed to trump another. Durango Ga. Paper, 297 B.R. at 331 (citing Marsano v. Laird, 412 F.2d 65, 70 (2d Cir. 1969)).

22.     The Plastech Court considered the specific issue of the applicability of § 502(d) in the context of an administrative expense claim arising from § 503(b)(9) and found disallowance inapplicable. 394 B.R. at 164.  Echoing the arguments above, the Plastech Court observed that if Congress intended to make § 503(b)(9) a "special class" of pre-petition claims and thereby continue to make them subject to the claims allowance provisions of §§ 501 and 502, it could have easily accomplished that by creating a separate priority for such a "special class" under § 507 instead of their wholesale inclusion in § 507(a)(2). Id. at 163.  Doing so also would have avoided the conflict between the mandatory disallowance language of § 502(d) and the mandatory allowance language of § 503(b).  Congress did not do so.  Instead, Congress "took this 'special class' of pre-petition claims and determined that they are administrative expenses of the bankruptcy case, payable and allowable under § 503(b) along with all of the other statutorily recognized administrative expenses.  By doing so, Congress placed § 503(b)(9) administrative expenses beyond the reach of § 502(d)." Id. at 164 (footnote omitted).

23.     The Debtors' intent to disallow TACP's Administrative Claim is further thwarted by § 1129(a)(9)(A) of the Bankruptcy Code.  Section 1129(a)(9)(A) requires that administrative expenses under § 503(b) be paid in full on the effective date of the Plan.  Thus, § 1129(a)(9)(A)

reflects the Bankruptcy Code's different treatment of requests for administrative expenses than other types of claims.

24.     Accordingly, TACP is still entitled to payment of its Administrative Claim no later than the effective date of the Plan, without first having to return the alleged Preferential Transfers to the Debtors.  Several courts, including a district court in this district, have held that the Debtors must have obtained a judgment in a preference action before § 502(d) may apply. See Gold v. Eccleston (In re Dornier Aviation (N. Am.), Inc.), 320 B.R. 831, 836 (E.D. Va. 2005) (holding that § 502(d) applies "only when a fixed amount of adjudicated preference liability remains unpaid – not when an avoidance action has not yet been litigated.") (citations omitted).  See also Cohen v. Tic Fin. Sys. (In re Ampace Corp.), 279 B.R. 145, 163 (Bankr. D. Del. 2002 ("[I]n the instant action, there is not yet a judicial order requiring the turnover of property.  As such 502(d) has not yet become operative."); Lids, 260 B.R. at 684 ("To disallow a claim under section 502(d) requires a judicial determination that a claimant is liable.") (citing Campbell v. United States (In re Davis), 889 F.2d 658, 662 (5th Cir. 1989)); Mountaineer Coal Co. v. Liberty Mut. Ins. Co. (In re Mountaineer Coal Co.), 247 B.R. 633, 641 (W.D. Va. 2000) (§ 502(d) "would not appear applicable unless and until a finding under one of the cited sections had been made and then the claimant had failed to comply with such ruling.") (citations omitted). The Debtors, however, have not commenced an adversary proceeding to recover the alleged Preferential Transfers from TACP, and the Court has not entered an order concluding that TACP received any alleged Preferential Transfers.  The Debtors' commencement of an adversary proceeding and the Court's finding of a preferential transfer under § 547 are prerequisites for the Debtors' invocation of § 502(d).

## CONCLUSION

25.     For the reasons discussed above, the Debtors cannot employ § 502(d) of the Bankruptcy Code to disallow, or even reduce, TACP's timely filed Administrative Claim.  Even if § 502(d) were applicable to requests for payment of administrative expenses under § 503(b)(9), the Debtors have neither commenced a preference action against TACP nor obtained a judicial determination that TACP received preferential transfers under § 547.  Therefore, the Objection should be overruled.

26.     TACP reserves its rights to supplement this Response at any time prior to a final hearing on the Objection.

27.     TACP respectfully requests that the Court treat this Response as a written memorandum of points and authorities or waive any requirement that this Response be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(H).

WHEREFORE, Toshiba America Consumer Products, L.L.C. respectfully requests that this Court:

A.     Overrule the Debtors' Objection; and

  B.  Provide such other and further relief as the Court determines to be necessary.

    /s/ Jeremy S. Friedberg
    Jeremy S. Friedberg, VSB No. 40228
    Gordon S. Young, VSB No. 68822
    Leitess Leitess Friedberg + Fedder PC
    One Corporate Center
    10451 Mill Run Circle, Suite 1000
    Owings Mills, Maryland 21117
    (410) 581-7400
    (410) 581-7410 (facsimile)

    *Attorneys for Toshiba America*
    *Consumer Products, L.L.C.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of November, 2009, a copy of the foregoing, along with attached exhibit, was served *via* first-class mail, postage prepaid, and, if the recipients are properly registered, *via* the Court's CM/ECF system, on:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
PO Box 636
Wilmington, DE 19899

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL 60606

Dion W. Hayes, Esq.
Douglas M. Foley, Esq.
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219

Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219.

    /s/ Jeremy S. Friedberg
    Jeremy S. Friedberg