William H. Schwarzschild, III (VSB No. 15274)
W. Alexander Burnett (VSB No. 68000)
WILLIAMS MULLEN
Two James Center, 17th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia 23218-1320
Tel: 804.783.6489
Fax: 804.783.6507
tschwarz@williamsmullen.com
aburnett@williamsmullen.com

*Counsel for SouthPeak Interactive, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., ) | |
| ) | Case No. 08-35653-KRH |
| Debtors. ) | |
| ) | (Jointly Administered) |
| ) | |

### RESPONSE OF SOUTHPEAK INTERACTIVE, LLC TO DEBTORS' FIFTY-FIRST OMNIBUS OBJECTION TO CERTAIN 503(b)(9) CLAIMS

SouthPeak Interactive, LLC ("SouthPeak"), by counsel, hereby responds to the Debtors' Fifty-First Omnibus Objection to Certain 503(b)(9) Claims (the "Objection") as follows:

### BACKGROUND

1. SouthPeak is a retail supplier located in Midlothian, Virginia which provides, among other things, video games and other retail merchandise to merchants including Circuit City Stores, Inc. ("Circuit City").

2. SouthPeak has provided retail merchandise to Circuit City and its predecessors or successors in interest since April 2008.

3. SouthPeak sold retail merchandise to Circuit City within twenty (20) days before the date of commencement of Circuit City's Chapter 11 filing on November 10, 2008 (the "Petition Date"). Specifically, on October 28, 2008 and November 4, 2008, SouthPeak sold

retail merchandise to Circuit City for $184,757.76. SouthPeak sent invoices to Circuit City for the merchandise, but Circuit City has not paid the invoices.

4. SouthPeak also continued to do business with Circuit City after the Petition Date. Specifically, from the Petition Date through January 8, 2009, SouthPeak sold retail merchandise to Circuit City for $107,075.52, as reflected in invoices submitted by SouthPeak to Circuit City. The entire balance of the invoices submitted by SouthPeak to Circuit City remains unpaid.

5. The amounts owed by Circuit City to SouthPeak were for goods sold to Circuit City and constitute actual, necessary costs and expenses of preserving Circuit City's bankruptcy estates and are unsecured debts incurred by Circuit City in the ordinary course of business.

6. Circuit City filed the Objection on or about October 13, 2009. Exhibit C to the Objection alleges that Circuit City has a preference claim against SouthPeak in the amount of $1,051,324.00.

## DISCUSSION[1]

7. The Court should overrule the Objection because Section 502(d) does not apply to Section 503(b)(9) administrative expenses.

8. Section 502(d) states that

> Notwithstanding subsections (a) and (b) of this section, the court shall disallow any **claim** of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

11 U.S.C. § 502(d) (emphasis added).

---

[1] Nothing herein should be construed as conceding Circuit City's entitlement to any portion of the Preference claim described or claimed by Circuit City in the Objection. To the contrary, SouthPeak denies that the Preference claim is valid and SouthPeak expressly reserves all of its defenses to the merits of Circuit City's Preference claim.

9. The structure and context of section 502(d) suggests that Congress intended it to differentiate between claims and administrative expenses, and not to apply the latter. In re Ames, Docket No. 07-1362-bk, 2009 U.S. App. LEXIS 20764, at *18 (2d Cir. Sept. 18, 2009); accord In re Bookbinders' Rest., 2006 WL 3858020 (Bankr. E.D. Pa. 2006); Roberds, Inc. v. Broyhill Furniture, 315 B.R. 443, 476 (Bankr. S.D. Ohio 2004). As discussed in Ames, Section 502, in conjunction with Section 501, provides a procedure for the allowance of claims that is distinctly different from the procedure for allowance of administrative expenses under Section 503. Id. The claims addressed in Section 501 are only pre-petition claims and certain post-petition claims that are treated as prepetition claims. Section 502 governs the allowance of claims filed under Section 501. Because claims for administrative expenses may not be filed under Section 501, they are not subject to Section 502. Id.

10. "To construe § 502(d)'s disallowance as applicable to expenses allowable under § 503—a section with its own scope, purpose and conditions—is to expand the scope of § 502(d)'s disallowance beyond its plain meaning." In re Durango Ga. Paper Co., 297 B.R. 326, 330 (Bankr. S.D. Ga. 2003).

11. Additionally, administrative expenses generally cannot be set off against pre-petition claims. In re Ames, 2009 U.S. App. LEXIS 20764, at *24 (citing 11 U.S.C. § 553 (allowing offset of mutual prepetition debts)).

12. Furthermore, Section 503(b)(9) claims are afforded special treatment and special protections to creditors under the Bankruptcy Code. The ostensible reason for according administrative priority to such obligations was to prevent debtors from acquiring goods at a time when the debtor knew that bankruptcy was imminent and that the debtor would not be able to pay for such goods. 5 Collier on Bankruptcy ¶ 553.03[7] (Alan N. Resnick & Henry J. Sommer

eds., 15th ed. Rev. 2008). Applying Section 502(d) in the context of a Section 547 avoidable transfer claim to Section 503(b)(9) claims would significantly impair those protections to creditors.

13. Applying Section 502(d) to Section 503(b)(9) would (i) subvert the priority scheme that the Code provides to 503(b)(9) claims and (ii) discourage potential vendors from doing business with debtors at a time when they suspected that bankruptcy may be imminent. Application of Section 502(d) to 503(b)(9) claims would have a devastating effect on a debtor's ability to reorganize. See In re Lids, 260 B.R. 680, 684 (Del. Bankr. 2001).

14. Finally, Section 502(d) is inapplicable with respect to SouthPeak's claims because Circuit City has not established the amount or validity of its alleged preference claims against SouthPeak. To disallow a claim under Section 502(d), a debtor must first have a judicial determination that a claimant received a preference and failed to repay it. In re Lids, 260 B.R. at 684 ("A debtor wishing to avail itself of the benefits of section 502(d) must first obtain a judicial determination on the preference complaint."); In re Chase & Sanborn Corp., 124 B.R. 368 (Bankr. S.D. Fla. 1991). Section 502(d) is designed to be triggered after a creditor has been afforded reasonable time in which to turn over amounts adjudicated to belong to the bankruptcy estate. Campbell v. United States, 889 F.2d 658, 662 (5th Cir. 1989).

15. In the Objection, Circuit City has done nothing more than merely allege that it has a preference claim against SouthPeak. It has not provided SouthPeak with an explanation or analysis of its claim, nor has it filed a complaint against SouthPeak. Because Circuit City has not established the amount or validity of it claim against SouthPeak, section 502(d) is inapplicable.

16. To the extent Circuit City relies on Section 105 of the Bankruptcy Code, which is referenced in paragraph 1 of the Objection, its reliance on Section 105 is misplaced. Section 105 gives the Court the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. Section 105, however, has limits and should not be used by Circuit City as a catch-all provision to effectuate remedies that are not otherwise authorized by the Bankruptcy Code. In fact, Section 105 does not allow bankruptcy courts to override the mandates of other sections of the Bankruptcy Code. Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 206 (1988) ("The short answer to these arguments is that whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."). Circuit City's reliance on Section 105 is not appropriate in this instance because the relief it seeks is not authorized under the Bankruptcy Code for all of the reasons discussed herein.

17. SouthPeak reserves the right to rely on the arguments and authorities contained in the Responses of other creditors filed in response to the Objection.

WHEREFORE SouthPeak Interactive, LLC prays that the Objection be overruled to the extent that; and SouthPeak be granted a hearing and such other relief as may be appropriate and as its interests may appear.

Dated: Richmond, Virginia
November 4, 2009

**SOUTHPEAK INTERACTIVE, LLC**

By: ___/s/ W. Alexander Burnett___
Counsel

William H. Schwarzschild, III - VSB No. 15274
W. Alexander Burnett – VSB No. 68000
WILLIAMS MULLEN
Two James Center, 17th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia 23218-1320
Phone: 804.783.6489
FAX: 804.783.6507
tschwarz@williamsmullen.com
aburnett@williamsmullen.com

*Counsel for SouthPeak Interactive, LLC*

7009804_3.DOC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Response of SouthPeak Interactive, LLC to the Debtors' Fifty-First Omnibus Objection to Certain 503(b)(9) Claims was filed and served this 4th day of November, 2009, electronically using the Court's ECF System, was sent by electronic mail to circuitcityservice@mcguirewoods.com and project.circuitcity@skadden.com, and was sent by first class mail, postage prepaid, to the entities at the addresses indicated below:

Douglas M. Foley, Esq.
McGuireWoods LLP
9000 World Trade Center, 101 W. Main St.
Norfolk, VA 23510

Dion W. Hayes, Esq.
McGuireWoods LLP
One James Center, 901 E. Cary St.
Richmond, VA 23219

Gregg Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden Arps, Slate Meagher & Flom LLP
One Rodney Square
Box 636
Wilmington, Delaware 19899

Chris L. Dickerson, Esq.
Skadden Arps, Slate Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL 60606

*Counsel for the Debtors*

Robert B. Van Arsdale, Esq.
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

*Office of the U.S. Trustee for the Eastern District of Virginia, Richmond Division*

Jeffrey N. Pomerantz, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067

Robert J. Feinstein
Pachulski Stang Ziehl & Jones LLP
780 Third Ave., 36th Floor
New York, NY 10017

*Counsel for the Creditor's Committee*

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

*Counsel for the Official Committee of Unsecured Creditors*

David S. Berman, Esq.
Reimer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, MA 02108

*Counsel to Prepetition Lenders/Counsel to Postpetition Lenders*

               /s/ W. Alexander Burnett
By: _____
        W. Alexander Burnett

William H. Schwarzschild, III - VSB No. 15274
W. Alexander Burnett – VSB No. 68000
WILLIAMS MULLEN
Two James Center, 17th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia 23218-1320
Phone: 804.783.6489
Fax: 804.783.6507
tschwarz@williamsmullen.com
aburnett@williamsmullen.com

*Counsel for SouthPeak Interactive, LLC*

7009804_3.DOC