**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

In re:                                                    *

**CIRCUIT CITY STORES, INC.,** <u>et al.</u>,        *        **Case No:  08-35653-KRH**
                                                                  **Chapter 11**
        **Debtors,**                                   *        **(Jointly Administered)**

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### RESPONSE IN OPPOSITION TO DEBTORS' FIFTY-SECOND
### OMNIBUS OBJECTION TO CLAIMS

Twentieth Century Fox Home Entertainment, LLC ("Fox"), by counsel, hereby responds

to and opposes the  Debtors' (I) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims

and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed

as a Status Conference [Docket No. 5216], and states as follows:

1.        Fox is a creditor of Circuit City Stores, Inc. and its related debtors (the "Debtors")

in a variety of capacities, including as the holder of an administrative claim under 11 U.S.C. Sec.

503(b)(9), the holder of a general unsecured claim, and the holder of a post-petition

administrative expense claim.

2.        On October 13, 2009, the Debtors filed the Debtors' (I) Fifty-Second Omnibus

Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the

First Hearing on any Response Proceed as a Status Conference [Docket No. 5216] (the

"Objection") and the Debtors' Brief in Support of Debtors' (I) Fifty-Second Omnibus Objection

to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First

Hearing on any Response Proceed as a Status Conference [Docket No. 5217] (the "Brief in

Support").

3.      Through the Omnibus Claim Objection, the Debtors seek an order from the Court
that would allow, pursuant to 11 U.S.C. Sec. 502(d), the Debtors to "setoff" alleged preferential
transfers made to Fox against Fox's valid and timely filed administrative claim under 11 U.S.C.
Sec. 503(b)(9).  The Debtors' take this position without providing any evidence supporting the
alleged preferential payment and without seeking any recover for such payment under 11 U.S.C.
Secs. 547 and 550.

4.      The Debtors attempts fail for several reasons.  First, as the majority of courts have
held, 11 U.S.C. Sec. 502(d) does not apply to administrative expense claims allowable under 11
U.S.C. Sec. 503.  See, e.g., In re Ames Dept. Stores, Inc., 2009 U.S. App. LEXIS 20764, *15-17
(2d Cir. Sept. 18, 2009) (summarizing cases); In re Plastech Engineered Prods., 394 B.R. 147,
151 (Bankr. E.D. Mich. 2008).  As the Ames Court makes clear, the "structure and context of
section 502(d) suggests that Congress intended . . . to differentiate between claims and
administrative expenses, and not to apply [section 502(d)] to the latter.  Section 502, in
conjunction with section 501, provides a procedure for the allowance of claims that is entirely
separate from the procedure for allowance of administrative expenses under section 503." 2009
U.S. App. LEXIS 20764, *18.  The Debtors have cited no binding authority to the contrary and
the rationale of the Ames and  Plastech courts is persuasive and should be followed by this
Court.

5.      Second, even assuming that the 11 U.S.C. Sec. 502(d) can be utilized as an offset
to an administrative claim under 11 U.S.C. Sec. 503(b)(9), the Debtors have not obtained a
judgment to avoid any transfers to Fox, a prerequisite to utilizing 11 U.S.C. Sec. 502(d) setoff
rights.  See Gold v. Eccleston (In re Dornier Aviation Dornier Aviation (North America), Inc.),
320 B.R. 831, 836 (E.D. Va. 2005) (stating that section 502(d) applies "only when a fixed

amount of adjudicated preference liability remains unpaid – not when an avoidance action has

not yet been litigated") (citations omitted).  Until the Debtors have obtained such judgment, the

relief sought in the Omnibus Claim Objection is premature and should be denied.

     For the foregoing reasons, Fox hereby opposes the relief sought in the Omnibus Claim

Objection and requests that the Court enter an Order denying the relief sought by the Debtor

therein and granting such other relief as the Court deems appropriate.[1]

Dated:  November 4, 2009          Respectfully submitted,



          /s/ Christopher A. Jones
          WHITEFORD, TAYLOR & PRESTON L.L.P.
          Christopher A. Jones (VSB # 40064)
          3190 Fairview Park Drive, Suite 300
          Falls Church, Virginia 22042
          (703) 280-9263
          (703) 280-9139 (facsimile)
          cajones@wtplaw.com

          *Counsel for Twentieth Century Fox Home
          Entertainment, LLC*



### CERTIFICATE OF SERVICE

     I certify that on this 4th day of November, 2009, a copy of the foregoing was served via

the Court's electronic notification system to all parties receiving such notice.



          /s/ Christopher A. Jones
          Counsel

---

[1] Fox joins and incorporates by reference the arguments raised in the various pleadings in opposition to the Debtors Forty-Eighty, Forty-Ninth, Fiftieth, Fifty-First and Fifty-Second Omnibus Objections, which all support the denial of the relief requested by the Debtors'.

*17536*