Mona M. Murphy, Esquire
Virginia Bar No. 21589
Akerman Senterfitt LLP
8100 Boone Blvd., Suite 700
Vienna, VA 22182
(703) 790-8750
*Local Counsel for Bush Industries, Inc.*

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
Fredrick J. Levy, Esquire
Jayme M. Bethel (Awaiting Admission)
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451.2300
*Counsel for Bush Industries, Inc. (Pro Hac Vice motion pending)*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: <br><br> CIRCUIT CITY STORES INC., et al., <br><br> Debtors. | Chapter 11 <br> Case No. Case No. 08-35653 (MFW) <br><br> Jointly Administered |

**BUSH INDUSTRIES INC.'S RESPONSE AND JOINDER REGARDING DEBTORS' (I) FIFTY-FIRST OMNIBUS OBJECTION TO CERTAIN 503(b)(9) CLAIMS AND (II) MOTION FOR A WAIVER OF THE REQUIREMENT THAT THE FIRST HEARING ON ANY RESPONSE PROCEED AS A STATUS CONFERENCE**

Bush Industries Inc. ("Bush") by and through its undersigned counsel, hereby responds to the Debtors' Fifty-First Omnibus Objection, (the "Objection"), and states as follows:

Introduction

1. For the reasons set forth in In re Plastech, 394 B.R. 147 (Bankr. E.D.Mich. 2008) and In re Ames Department Stores, Inc., 2009 WL 2972510 (2d. Cir. 2009), Bush objects to the temporary disallowance of its administrative claim filed pursuant to Bankruptcy Code § 503(b)(9) (the "503(b)(9) Claim"), to the extent of the amount of the alleged preferential transfers, as requested by Debtors. The 503(b)(9) Claim is not a claim subject to section 502(d), but is an administrative expense, and is therefore not subject to disallowance as requested in the Objection.

{TY089118;1}
836226-2

## Facts

2. Bush is a manufacturer of ready-to-assemble office furniture, and supplied same to the Debtors..

3. Debtors filed a voluntary bankruptcy petition in this Court for relief under chapter 11 of the Bankruptcy Code on November 10, 2008.

4. Bush timely filed the 503(b)(9) Claim in the amount of $34,005.92 (Claim No. 881).

## The Objection

5. Debtor alleges that it has a potential preferential transfer action against Bush in the amount of $298,512.00, and based thereon seeks to temporarily disallow the 503(b)(9) Claim to the extent of the amount of the alleged preferential transfer.

## Argument

6. As recognized in the Debtors' Objection, the court in Plastech held that section 502(d) may not be used to disallow a 503(b)(9) administrative expense. The Plastech court persuasively reasoned that the disallowance of claims under 502 is entirely separate from the allowance of administrative expenses under 503, and 501 governs the filing of 502 claims only (while 503(a) governs the filing of 503 claims). Plastech, 394 B.R. at 161. In addition, the Debtors' position in the Objection would create a collision between the mandatory allowance of an administrative expense under 503(b), and the mandatory disallowance of a claim under 502(d). Id. at 162. Finally, Plastech points out that if Congress intended to make 503(b)(9) claims a special class of prepetition claims subject to 501 and 502, they could have easily done so by creating a separate priority for them under 507. Id. at 163.

7. <u>Plastech</u> is directly applicable to the facts at hand. Despite the Debtors' contentions, 503(b)(9) claims are not subject to 502, and therefore the disallowance provision of 502(d) cannot be applied to the 503(b)(9) Claim.

8. The Objection further states that the language in 503(b) expressly carving out "claims allowed under section 502(f)" from administrative expenses would be rendered "superfluous" if this court were to follow the <u>Plastech</u> holding. (Objection at 14). This is not true. 502(f) deals with unsecured creditors who extend credit in the ordinary course of business during the gap period between the filing of an involuntary petition and the earlier of the appointment of a trustee or order for relief, and provides that such claims shall be treated the same as those of prepetition creditors in certain respects. Because such claims "arise" after the filing of the bankruptcy petition, there is a reasonable expectation that they could be treated as administrative claims; 502(f) clarifies that for purposes of allowance or disallowance, such claims are classified as normal prepetition claims, not entitled to administrative priority. Contrary to Debtors' assertions, the language in 503(b) that states "there shall be allowed, administrative expenses, other than claims allowed under section 502(f)" is not evidence that 502 encompasses 503, rather it is further evidence that 502 and 503 are indeed mutually exclusive, because a claim under 502(f), even though arising postpetition, is not accorded 503(b) administrative priority.

9. Finally, the Second Circuit in <u>Ames</u> offers a well-reasoned and thoughtful opinion, ultimately holding that section 502(d) does not apply to administrative expenses under section 503(b). Debtors attempt to distinguish <u>Ames</u> by pointing out that <u>Ames</u> deals solely with postpetition administrative claims. (Objection at 28-9). Nonetheless, an examination of the language of 503(b) shows no indication that Congress intended to create a special class of

{TY089118;1}3

836226-2

prepetition administrative expenses, or otherwise distinguish 503(b)(9) claims from other claims given administrative priority.  The Second Circuit discusses cases showing how other sections of the Code distinguish between 501 claims and requests for administrative expenses, and echoes the other arguments discussed in Plastech above.  In re Ames, 2009 WL 2972510 at 5-7.

Joinder

10. Bush also joins with the Response of Sandisk Corporation (Docket No. 5449) with regard to the necessity of an adversary proceeding seeking avoidance of the alleged preferential transfer in order to invoke section 502(d).

Conclusion

For all of the above-stated reasons, Bush Industries, Inc. respectfully requests that the Objection be denied to the extent that it seeks to temporarily disallow the 503(b)(9) Claim to the extent of the amount of the Preferential Transfers.

Dated: November 4, 2009                          Akerman Senterfitt LLP
New York, New York

By:    /s/  Mona M. Murphy
Mona M. Murphy, Esquire (VSB No. 21589)
8100 Boone Blvd., Suite 700
Vienna, VA 22182
Tel: (703) 790-8750
Fax: (703) 448-1767

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
Frederick J. Levy (Pro Hac Vice pending)
Jayme M. Bethel (Awaiting Admission)
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(202) 451-2300

*Counsel for Bush Industries, Inc.*

{TY089118;1}4

836226-2

## CERTIFICATE OF SERVICE

      I hereby certify that on the 4th day of November, 2009, a true and correct copy of the foregoing Response was served on all persons receiving electronic notice in this case including the following:

> Robert B. Van Arsdale
> Office of the U.S. Trustee
> 701 East Broad St., Suite 4304
> Richmond, Virginia 23219
> *Assistant United States Trustee*
>
> Douglas M. Foley
> Dion W. Hayes
> McGuire Woods LLP
> One James Center
> 901 East Cary Street
> Richmond, Virginia 23219
> *Counsel for the Debtors*
>
> Greg M. Galardi
> Ian S. Fredericks
> Skadden, Arps, Slate, Meager & Flom
> One Rodney Square
> P.O. Box 636
> Wilmington, DE  19899-0636
> *Counsel for the Debtors*

        /s/ Mona M. Murphy
      Mona M. Murphy

{TY089118;1}5

836226-2