UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 08-35653 (KRH) |
| CIRCUIT CITY STORES, INC., et al | ) | Chapter 11 |
| | ) | |
| **Debtors** | ) | Jointly Administered |
| | ) | |

COKEM INTERNATIONAL, INC.'S RESPONSE TO THE DEBTORS'
(I) FIFTY-FIRST OMNIBUS OBJECTION TO CERTAIN 503(b)(9) CLAIMS AND
(II) MOTION FOR A WAIVER OF THE REQUIREMENT THAT THE FIRST
HEARING ON ANY RESPONSE PROCEED AS A STATUS CONFERENCE

Cokem International, Inc. ("Cokem"), by and through its undersigned attorneys, hereby submits this response in opposition to the Debtors' (I) Fifty-First Omnibus Objection to Certain 503(b)(9) Claims (the "Objection") and (II) Motion for a Waiver of the Requirement that the First Hearing on Any Response Proceed as a Status Conference (collectively, with the "Objection," the "Motion"), and respectfully states as follows:

PRELIMINARY STATEMENT

By the Motion, the Debtors seek, among other things, the entry of an order under Section 502(d) temporarily disallowing each of the Section 503(b)(9) administrative expenses identified in the Motion, which includes the claim of Cokem, to the extent that any of the parties claiming entitlement to an administrative expense received an "alleged" preferential transfer.

Alan M. Noskow (VA Bar No. 51094)
Patton Boggs LLP
8484 Westpark Drive, 9th Floor
McLean, Virginia  22102-3596
Phone:  (703) 744-8000
Fax:  (703) 744-8001
anoskow@pattonboggs.com
*Counsel to Cokem International, Inc.*

## BACKGROUND

1. On November 10, 2008, Circuit City Stores, Inc. and its affiliated debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. During the 20 days before the Debtors filed this case, the Debtors received goods worth $414,129.44 from Cokem.

3. The Debtors did not pay for those goods, nor did they return the goods to Cokem. Accordingly, Cokem timely filed an administrative-expense request in accordance with Section 503(b)(9) of the Bankruptcy Code in the amount of $414,129.44.

4. By the Motion, the Debtors have objected to Cokem's request under Section 502(d) because Cokem may have received preferential transfers. The Debtors have not asked Cokem to return the transfers, they have not sued Cokem to recover the transfers, and no court has determined that the transfers are voidable.

## ISSUE PRESENTED

5. Whether Section 502(d) of the Bankruptcy Code, which disallows claims filed by preferential transferees, also disallows administrative expenses under Section 503(b) of the Bankruptcy Code. The answer is no. The Bankruptcy Code's plain-language, the rules of statutory construction, and the majority approach support this conclusion.

## ARGUMENT

**I. The plain language of Sections 502(d) and 503(b) dictates that Section 502(d) does not apply to administrative expenses under Section 503(b)(9) because administrative expenses are not "claims," and because the Debtors have not litigated the preference issue.**

6. "Statutory interpretation always begins with the plain language of the statute, which [courts] consider in the specific context in which that language is used, and the broader

2

context of the statute as a whole." *In re Ames Dept. Stores, Inc.*, 582 F.3d 422 (2d Cir. 2009) (quotations and citations omitted). Courts will look beyond the plain language of a statute only if it is ambiguous, or if it would lead to an absurd result. *Id.*

7. Here, Section 502(d) states as follows:

> Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

11 U.S.C. § 502(d). The Debtors emphasize the phrase "any claim of any entity" and argue that "because section 503(b)(9) administrative expenses are 'claims' and each Claimant is an 'entity,' section 502(d) requires the 503(b)(9) Claims to be disallowed . . ." (Debtors' Mem. Supp. Obj. 10.) The Debtors' argument should fail because administrative expenses are not "claims," and the Debtors have not litigated the preference issue.

### A.   Administrative expenses are not "claims."

8. As the majority of courts have concluded, the plain language of Section 502(d), viewed in the specific context of Sections 501 through 503, dictates that administrative expenses under Section 503(b) are not "claims." *See, e.g.*, *Ames*, 582 F.3d 422; *In re Plastech Engineered Products, Inc.*, 394 B.R. 147, 152–54 (Bankr. E.D.Mich., 2008); *In re Lids Corp.*, 260 B.R. 680, 683–84 (Bankr. Del., 2001). Following the majority approach, the *Ames* court specifically rejected the notion that the broad definition of "claims" found in Section 101(5) of the Code resolves the meaning of "claims" as it is used in Section 502(d).[1] Instead, the *Ames* court analyzed the sections within the specific structure and context of the Code and concluded that

---

[1] Notably, this is the exact argument that the Debtors assert here. (Debtors' Mem. Supp. Obj. 6–9.)

3

"Congress intended to differentiate between claims and administrative expenses" and that "claims" as used in Section 502(d) does not apply to administrative expenses. *Ames*, 582 F.3d 422. (noting that Section 502(d) governs the allowance of claims under Section 501, does not even reference Section 503(b), and that "sections 502 and 503 are separate and independent").

9. The Second Circuit's plain-language interpretation in *Ames* is particularly instructive:

> The language of section 502(d) suggests that it applies only in the context of section 502, and not to claims addressed by section 503. Section 502(d) provides that, "[n]otwithstanding subsections (a) and (b) of this section," the court shall disallow any claim of an entity from whom property is recoverable under certain avoidance provisions of the Bankruptcy Code, unless the entity has returned the recoverable property. The plain language thus introduces section 502(d) as an exception to the automatic allowance of proofs of claims under sections 502(a) and (b), and suggests that *the subsection's scope is limited to that process and does not extend to claims allowable under section 503*. That suggestion is reinforced by the absence from section 502(d) of any reference to section 503. "To construe § 502(d)'s disallowance as applicable to expenses allowable under § 503—a section with its own scope, purpose, and conditions—is to expand the scope of § 502(d)'s disallowance beyond its plain meaning."

*Id.* (quoting *In re Durango Ga. Paper Co.*, 297 B.R. 326, 330 (Bankr. S.D. Ga. 2003) (emphasis added). The *Ames* court's reasoning is especially persuasive considering that courts "must read the words of a statute in their context and with a view to their place in the overall statutory scheme, and fit, if possible, all parts into a harmonious whole." *Plastech*, 394 B.R. at 162 (citing *Greenbaum v. E.P.A.*, 370 F.3d 527, 535-36 (6th Cir. 2004) (quoting *F.D.A. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 132-33, 120 S. Ct. 1291 (2000)).

**B. Section 502(d) is inapplicable because the Debtors have not litigated the preference issue.**

10. Even if this Court followed the minority approach and concluded that

4

3706230

administrative expenses are "claims" subject to Section 502(d)'s disallowance provision, this Court should still overrule the Debtors' objection because it is, at best, premature. The last clause in Section 502(d) provides that the only claims that are disallowed are those "for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title." 11 U.S.C. § 502(d). Several courts have observed that this last clause requires a debtor to obtain a judicial determination that a claimant is liable *before* the debtor can avail itself of the benefits of Section 502(d). *See, e.g., Lids*, 260 B.R. at 684 (holding that Section 502(d) was not applicable because the debtor had not obtained a judgment that the claimant was liable for a preference). And the Bankruptcy Court in the Western District of Virginia has noted that Section 502(d) "would not appear applicable unless and until a finding under one of the cited sections had been made and then the claimant had failed to comply with such ruling." *In re Mountaineer Coal Co., Inc.*, 247 B.R. 633, 641 (Bankr. W.D. Va. 2000).

11.     Here, the Debtors have not even filed an adversary proceeding against Cokem, let alone obtained a judgment on the preference claim. The Debtors, therefore, cannot object under Section 502(d) because it is inapplicable unless and until the Court determines that Cokem is liable for a preference.

II.     **Under the rules of statutory construction, Section 502(d)'s mandatory disallowance provision is inapplicable to Section 503(b)(9)'s mandatory allowance of administrative expenses because courts must give all provisions their full force and effect.**

12.     The Debtors' objection should be further overruled because the rules of statutory construction state that courts "must construe a statute as a whole and, in so doing, must strive to interpret provisions so that other provisions in the statute are not rendered inconsistent, superfluous, or meaningless." *Plastech*, 394 B.R. at 162–63 (quotations and citations omitted). This rule of construction mirrors Virginia law. *See, e.g., Mejia v. Commonwealth*, 474 S.E.2d

Case 08-35653-KRH    Doc 5515    Filed 11/04/09    Entered 11/04/09 17:40:16    Desc Main
Document      Page 6 of 9

866, 868 (Va. App., 1996) ("If the several provisions of a statute suggest a potential for conflict or inconsistency, we construe those provisions so as to reconcile them and to give full effect to the expressed legislative intent."); *Cox v. Oakwood Min., Inc.*, 434 S.E.2d 904, 907 (Va. App., 1993) ("When confronted with potential conflict in statutes, it is this court's duty to construe those provisions in a manner which would give full force and effect to both provisions and avoid an injustice on the parties.") (internal quotations and citations omitted).

13.   Here, Sections 502(d) and 503(b) both contain mandatory provisions. Specifically, Section 502(d) provides that "the court shall disallow any claim . . . ." 11 U.S.C. § 502(d). And Section 503(b) provides that "there shall be allowed administrative expenses . . . ." 11 U.S.C. § 503(b). If the Court accepted the Debtors' argument, these two mandatory provisions would be placed "on a direct collision course." *See Plastech*, 394 B.R. at 162 (facing and rejecting nearly the identical argument put forward by the Debtors in this case). But this Court can give full force and effect and avoid the conflict between these two provisions by following the reasoning of the majority of courts that have faced this issue.

14.   This Court should follow *Plastech*, where that court faced the same issue presented here and held that, "[t]he mandatory disallowance provision of § 502(d) applies only to those claims governed by the claims allowance process under § 502." *Id.* The *Plastech* Court further stated that, "[t]he mandatory allowance provision of § 503(b) applies only to administrative expenses and nothing else." *Id.* By interpreting the provisions in this manner, the court noted that it "avoid[ed] the conflict between these mandatory provisions that is otherwise unavoidable under the Debtor's position." *Id.* To remain consistent with the majority of courts that have faced this issue, and with Virginia's rules of statutory construction, this Court should follow *Plastech*'s reasoning and overrule the Debtors' objection.

6

3706230

III. **The majority position's reasoning regarding Section 503(b) administrative expenses generally, applies equally to Section 503(b)(9) administrative expenses because there is no reason to treat pre-petition and post-petition administrative expenses differently.**

15. Although the majority of courts have concluded that Section 502(d)'s disallowance provision does not apply to Section 503(b) administrative expenses, the Debtors argue that the reasoning of those cases is inapposite because they dealt with post-petition administrative expenses and Section 503(b)(9) administrative expenses arise pre-petition. (Debtors' Mem. Supp. Obj. 28–29.) The Debtors argue, therefore, that 503(b)(9) administrative expenses should be treated differently. This argument faces several insurmountable problems.

16. First, as the above plain-language analysis demonstrates, Section 502(d) applies only to "claims." And Section 503(b) administrative expenses are not claims. Second, Section 503(b)(9)'s pre-petition administrative expenses are still subject to Section 503(b)'s mandatory allowance provision. If the Debtors' position were accepted, the mandatory provisions of Sections 502(d) and 503(b) would collide and the Court could not give each section its full force an effect—a result at odds with Virginia's rules of statutory construction.

17. Third, and perhaps most significant, "[w]hile § 503(b)(9) grants administrative expense priority to a pre-petition obligation, this is not the first nor the only time that § 503(b) recognizes a pre-petition obligation as an allowable administrative expense of a bankruptcy case." *Plastech*, 394 B.R. at 163. For example, Sections 503(b)(3) and (4) "represent instances where Congress has seen fit to define a certain class of pre-petition obligations . . . and permit the holders of [those] obligations to have their pre-petition claims allowed as administrative expenses" that are outside the scope of Section 502(d)'s disallowance. The Debtors' attempt to place Section 503(b)(9) administrative expenses outside the reasoning and logic of the majority position should fail.

7

3706230

## **CONCLUSION**

Cokem respectfully requests that this Court overrule the Debtors' objection because (1) administrative expenses are not "claims" within the context of Section 502(d)'s disallowance provision; (2) applying Section 502(d)'s disallowance provision to administrative expenses under Section 503(b) is contrary to the Code's plain language; (3) Section 502(d) is inapplicable unless the Debtors get a judgment on the preference claim; (4) accepting the Debtors' interpretation creates a direct conflict between mandatory provisions, which contradicts rules of construction; and (5) there is no reason to treat pre-petition and post-petition administrative expenses differently.

Dated:  November 4, 2009                                Respectfully submitted,

/s/ Alan M. Noskow
Alan M. Noskow (VSB # 51094)
PATTON BOGGS LLP
8484 Westpark Drive, 9th Floor
McLean, Virginia  22102
Phone:  (703) 744-8000
Fax:  (703) 744-8001
E-mail:  anoskow@pattonboggs.com

-and-

Christopher A. Camardello, #284798
Kristopher D. Lee, #0389269
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street
Suite 3500
Minneapolis, Minnesota 55402-4629
Telephone: (612) 604-6649

Attorneys for Cokem International, Inc.

3706230

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true copy of Cokem International, Inc.'s Response to Debtors' (I) Fifty-First Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on Any Response Proceed as a Status Conference was served this 4th day of November, 2009, via e-mail or ECF, as appropriate, and by first class mail, postage prepaid, upon the following:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, DE  19899-0636
Attn:  Gregg M. Galardi
Attn:  Ian S. Fredericks

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, IL  60606
Attn:  Chris L. Dickerson

MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, VA  23219
Attn:  Dion W. Hayes
Attn:  Douglas M. Foley

                                                /s/Alan M. Noskow
                                                Alan M. Noskow

3706230