NOV 4 2009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| CIRCUIT CITY STORES, INC., et., al., | )   Chapter 11 |
| | ) |
| | )   Case Number 08-35653 (KRH) |
| | ) |
| | )   Jointly Administered |
| | ) |
| Debtors. | ) |

RESPONSE OF USDR (CLM #13210) TO DEBTOR'S FIFTY-FIRST OMNIBUS OBJECTION (DOCKET # 5323); DECLARATION OF NATHAN E. JONES; DECLARATION OF SERVICE

**Backgound regarding Claims of Atlantic Inc**

United States Debt Recovery LLC, ("USDR") is a creditor via sale and assignment of the claims of Signature Home Furnishings Co. Inc. ("Signature"). USDR purchased Signature claim numbers 778 and the amended claim number 13210. In this objection, the debtor contends that the underlying creditor, Signature received an unidentified alleged preferential transfer which the debtor should be permitted to offset against the administrative priority claim. USDR objects to the relief sought since (1) the purported alleged preferential transfer may be recoverable against Signature, they are not recoverable against USDR; (2) USDR believes that Signature has various defenses to the

1

recovery of any purported preferential transfers; and (3) the section 503(b)(9) request for administrative expense is not a claim that may be disallowed under bankruptcy Code section 502(d) under most major legal authorities. USDR responds to the debtor's Fifty-First Omnibus objection to claims as follows:

1. On November 10, 2008 (the "Petition Date"), Circuit City Stores and its affiliated debtors (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3. On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases. (Docket #108)

4. On November 12, 2008, this Court entered that certain Order Establishing Bar Date for Filing Administrative Expense requests under Bankruptcy code section 503(b)(9), i.e. good delivered to the debtor in the 20 days before the petition. [Docket No. 107].

5. On November 28, 2008, Signature timely filed its Proof of Claim number 778 with KCC. On June 5, 2009 Signature filed claim number 13210 amending claim number 778 asserting claims under Bankruptcy Code section 503(b)(9) in the amount of $17,548.92 as administrative priority and $19,021.80 as general unsecured.

6. On or about June 4, 2009, Signature sold, transferred and assigned its administrative priority claims to USDR. Pursuant to Bankruptcy Rule 3001(e)(2), notice was provided by the claims agent and following such notice USDR became the holder of the claims. [Docket # 5128].

### Debtor's Fifty-First Omnibus Objection –Setoff against 503(b)(9) Claims

8. The debtor, in its Ffity-First Omnibus Objection sees to setoff certain alleged preferential transfers to underlying creditor Signature against the section 503(b)(9) administrative expense requests even though such claim has been transferred to a third party. The debtor's motion must fail in this instance since (1) it has failed to identify the nature of the purported preferential transfer substantial legal authority holds that as a matter of law Bankruptcy Code section 502(d) may not be used to disallow an administrative expense under section 503(b)(9).

### DISCUSSION

The debtor asserts that it may seek disallowance of section 503(b)(9) administrative expense requests based on a tortured reading of various cases that are not on point. Specifically, the debtor makes the following arguments:

1. 502(d) allows disallowance of claims where the claimant received a preferential transfer.

2. Administrative Expense requests are claims.

3

3. Bankruptcy Act (i.e. pre- 1978 Bankruptcy Code) legislative history shed some light on congressional intent for 503(b)(9) claims.

4. This court should disregard the well reasoned and thoughtful cases that have clearly, concisely and accurately ruled on the issue.

5. If the court looks are reasoning and ignores the language of the statute some amorous reasoning leads to the belief that disallowance of a 503(b)(9) claims makes sense despite the simple language of the statute.

## The Correct Legal Standard

Although the debtors have disclosed the strong legal authority against their position, they have not analyzed such cases in detail. The case of In re Plastech Engineered Prods., 394 B.R. 147 (Bankr. E.D. Mich. 2008) illustrates in a through well reasoned opinion the issues here and does not adopt the debtor's view. The second circuit also rejected the debtor's view in a case decided only a few weeks ago.

Congress no doubt in enacting the BAPCPA amendments in 2005 had multiple goals but among them was (1) an incentive for a vendor to keep supplying goods to a debtor on the precipice of bankruptcy and thus keep the goods flowing and (2) a priority scheme to insure that such claims should be paid at the highest priority in chapter 11 cases. Had congress wished to make administrative expense requests subject to section 502(d) it would have said so. It did not. Instead the status specifically refers to disallowance of claims recovery under bankruptcy code sections 542, 543, 550, 553, 522,

544, 547, 548, 549 and 724. **It does not refer to section 503.** A 38 page brief by the debtor won't change the clear congressional intent expressed in the statute.

The great weight of authority holds that 502(d) is inapplicable to disallow administrative expense requests under section 503 including a recent second circuit court of appeals case decided in the last two months. In re Durango Ga. Paper Co., 297 B.R. 326 (Bankr. S.D. Ga. 2003); In re Lids Corp., 260 B.R. 680 (Bankr. D. Del. 2001); In re CM Holdings, Inc., 264 B.R. 141 (Bankr. D. Del. 2000). In re: Ames Dept. Stores, Inc., ___ F.3rd _____, 2009 WL 2972510 (2nd Cir. Sept 18, 2009) [Holding that 502(d) may not be asserted as an offset against an administrative expense held by assignee ASM Capital under section 503.] The ample case authority support the creditor's position and the debtor's objections should be overruled.

USDR requests that its counsel be permitted to appear telephonically in this case considering clear legal issues and the great distance to travel for the hearing. Counsel for USDR is a licensed attorney in good standing in the State of California, State Bar #99025, a member of the American Bankruptcy Institute and generally familiar with Bankruptcy law and procedures.

Respectfully Submitted,

*/s/ Nathan E. Jones*

Nathan E. Jones, (CA State Bar #99025)

Attorney for United States Debt Recovery LLC
PO Box 5241
Incline Village, Nevada 89450
775 832-5250
775 832-5085 FAX
nate@usdrllc.com

DECLARATION OF NATHAN E. JONES:

1. I am an attorney at law, admitted to practice in the State of California, and most Federal Courts and all State Court in the State of California. I am in good standing and my State Bar number is 99025. I am a member of the American Bankruptcy Institute and generally familiar with Bankruptcy law and procedures.

2. I am the attorney for United States Debt Recovery LLC, a Nevada limited liability company.

3. I have reviewed the documentation regarding the USDR claim purchase of certain claims of Signature Home Furnishings against Circuit City Stores but I am unaware of the facts and circumstances surrounding any alleged preferential transfer owed by Signature to the debtors. I believe the debtor have the full power to directly pursue Signature for any alleged preferential transfers.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on November 1, 2009 at Incline Village, Nevada.

_____
Nathan E. Jones

7

## CERTIFICATE OF SERVICE

I, Nathan E. Jones, hereby certify and declare under penalty of perjury that on the 1st day of November, 2009, a copy of the following documents were served:

<u>RESPONSE OF USDR (CLM #13210) TO DEBTOR'S FIFTY-FIRST OMNIBUS OBJECTION (DOCKET # 5323)</u>; DECLARATION OF NATHAN E. JONES; DECLARATION OF SERVICE

By electronic notification through CM/ECF System for the United States bankruptcy Court for the District of Delaware and via Federal Express for delivery by November 3, 2009 to:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Attn: Gregg M. Galardi
Attn: Ian S. Fredericks
One Rodney Squire
PO Box 636
Wilmington DE 19899-0636

MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond VA 23219
Attn: Dion W. Hayes
Attn: Douglas M. Foley

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
Attn: Chris L. Dickerson

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on November 1, 2009 at Incline Village, Nevada.

/s/Nathan E. Jones
Nathan E. Jones