

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| CIRCUIT CITY STORES, INC., et., al., ) | Chapter 11 |
| ) | |
| ) | Case Number 08-35653 (KRH) |
| ) | |
| ) | Jointly Administered |
| ) | |
| Debtors. ) | |

RESPONSE OF USDR (CLM #13330 & 720) TO DEBTOR'S FORTY-EIGHT OMNIBUS OBJECTION (DOCKET # 5211); DECLARATION OF NATHAN E. JONES; DECLARATION OF SERVICE

**Backgound regarding Claims of Atlantic Inc**

United States Debt Recovery LLC, ("USDR") is a creditor via sale, and assignment of the three separate claims of Atlantic Inc. ("Atlantic") Specifically, USDR purchased claim number 13330 (post petition delivery of goods in the amount of $157,310.43), claim numbers 720 and 2951 (in the amounts of $12,205.01 as administrative priority and $58,285.04 as general unsecured in the above captioned case are the claims wherein Atlantic was the underlying creditor. In this objection, the debtor contends that the underlying creditor, Atlantic, owes unidentified "receivables" against which the debtor should be permitted to offset such sums (in this case $4,781.83) against

1

administrative priority claims of the underlying creditor. USDR objects to the relief sought since the purported "receivable" is not identified and the debts are not mutual. To the extent that the court allows a setoff, such setoff must only be done with mutual debts, i.e. post-petition receivables against post-petition claims and pre-petition receivables against pre-petition claims. USDR responds to the debtor's Forty-Eighth Omnibus objection to claims as follows:

1. On November 10, 2008 (the "Petition Date"), Circuit City Stores and its affiliated debtors (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3. On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases. (Docket #108)

4. On November 12, 2008, this Court entered that certain Order Establishing Bar Date for Filing Administrative Expense requests under Bankruptcy code section 503(b)(9), i.e. good delivered to the debtor in the 20 days before the petition. [Docket No. 107].

5. On May 15, 2009, this Court entered that certain Order Establishing Bar date for Date for filing Administrative Expense requests (including goods delivered

<u>post petition</u> to the debtor) i.e during the period 11-10-2008 through 4-30-2009 and requiring any such claims to be filed by June 30, 2009. [Docket 3354]

6. On December 9, 2008, Atlantic timely filed its Proof of Claim number 720 with KCC asserting claims under Bankruptcy Code section 503(b)(9) in the amount of $12,205.01 as administrative priority and $58,285.04 as general unsecured. On January , 2009 Atlantic filed claim number 2951 as general unsecured in the amount of $58,285.04. The debtor filed its Twenty-Third Omnibus Claim objection to certain duplicate claims including claims 720 and 2951. What remains of claim number 720 and 2951 are an administrative expense priority claim in the amount of $12,205.01 and a general unsecured claim in the amount of $58,285.04. [Docket 4465]

6. On or about April 1, 2009, Atlantic. sold, transferred and assigned its three claims to USDR. Pursuant to Bankruptcy Rule 3001(e)(2) and (e)(1), notice was provided by the claims agent and following such notice USDR became the holder of the claims. Docket # 2883, 2884 and 2885.

7. On June 12, 2009 USDR as assignee of Atlantic filed its Administrative claim for post-petition delivery of goods in the amount of $157,310.43 with KCC, Claim number 13330.

8. Following earlier claim objection, USDR is the holder of the following claims and requests for administrative expenses formerly held by Atlantic:

| Claim/Admin Req. # | Amount and Classification |
|---|---|
| 720 | $12,205.01 Admin Priority |

3

| | |
|---|---|
| 2951 | $58,285.04 General Unsecured |
| 13330 | $157,285.04 Administrative Priority |

### Debtor's Forty-Eighth Omnibus Objection –Setoff against 503(b)(9) Claims

8. The debtor, in its Forty-Eighth Omnibus Objection sees to setoff certain purported "receivables" against section 503(b)(9) administrative expense requests or administrative priority claims. The debtor's motion must fail in this instance since (1) it has failed to identify the nature of the purported "receivable" in the amount of $4,781.83 and (2) if the debtor has a "receivable" for a credit against a specific delivery of goods such receivable must be offset against the same invoice or delivery of goods to which it relates. The claim objection is wholly without merit as to the nature of such offset claims.

### DISCUSSION

The debtor asserts that it may set off "receivables" against administrative priority claims held by creditors. However, the debtor has failed to identify the specific nature of the "Receivable" asserted against Atlantic Inc and the facts surrounding such "receivable." Without specific details regarding the nature of the purported offset, USDR is unable to analyze if and to what extent the debtors have valid offset claims. Further, since Atlantic has sold its claims to USDR, a third party, the debtor may directly pursue its claims against Atlantic regarding any transactions but USDR lacks documents or

4

knowledge regarding any such receivable. Additionally, mutuality may no longer exist since the underlying creditor has sold assigned its receivable to USDR.

It is requested that counsel for USDR be permitted to appear telephonically in this case considering the modest amount of the purported offset and need to address both the purely legal issues and factual issues involved. Counsel for USDR is a licensed attorney in good standing in the State of California, State Bar #99025, a member of the American Bankruptcy Institute and generally familiar with Bankruptcy law and procedures.

Respectfully Submitted,

_____
Nathan E. Jones, (CA State Bar #99025)

Attorney for United States Debt Recovery LLC
PO Box 5241
Incline Village, Nevada 89450
775 832-5250
775 832-5085  FAX
nate@usdrllc.com

DECLARATION OF NATHAN E. JONES:

1. I am an attorney at law, admitted to practice in the State of California, and most Federal Courts and all State Court in the State of California. I am in good standing and my State Bar number is 99025. I am a member of the American Bankruptcy Institute and generally familiar with Bankruptcy law and procedures.

2. I am the attorney for United States Debt Recovery LLC, a Nevada limited liability company.

3. I have reviewed the documentation regarding the USDR claim purchase of certain claims of Atlantic Inc. against Circuit City Stores but I am unaware of the facts and circumstances surrounding any "receivable" owed by Atlantic Inc. to the debtors.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on November 1, 2009 at Incline Village, Nevada.

_____
Nathan E. Jones

6

## CERTIFICATE OF SERVICE

I, Nathan E. Jones, hereby certify and declare under penalty of perjury that on the 1st day of November, 2009, a copy of the following documents were served:

RESPONSE OF USDR (CLM #13330 & 720) TO DEBTOR'S FORTY-EIGHT OMNIBUS OBJECTION (DOCKET # 5211); DECLARATION OF NATHAN E. JONES; DECLARATION OF SERVICE

By electronic notification through CM/ECF System for the United States bankruptcy Court for the District of Delaware and via Federal Express for delivery by November 3, 2009 to:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Attn: Gregg M. Galardi
Attn: Ian S. Fredericks
One Rodney Squire
PO Box 636
Wilmington DE 19899-0636

MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond VA 23219
Attn: Dion W. Hayes
Attn: Douglas M. Foley

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
Attn: Chris L. Dickerson

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on November 1, 2009 at Incline Village, Nevada.

/s/Nathan E. Jones
Nathan E. Jones