

David R. Softness, Esq.
Isicoff, Ragatz & Koenigsberg
1200 Brickell Avenue
Suite 1900
Miami, Florida  33131
Email      dsoftness@softnesslaw.com
Tel:         305-323-3232
Fax:        305-373-3233

Counsel for Midland Radio Corporation

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
*Richmond Division*

In re:

**CIRCUIT CITY STORES, INC.**, et al.,

Debtors.

_____/

**CASE NO.   08-35653 (KRH)**

Jointly Administered

Chapter 11

### MIDLAND RADIO CORPORATION'S RESPONSE AND OBJECTION TO DEBTORS' FIFTY-FIRST OMNIBUS OBJECTION TO ITS 503(b)(9) CLAIM

Administrative Creditor Midland Radio Corporation ("Midland") by undersigned counsel and pursuant to – without limitation - §§ 502(d) and 503(b)(9) of the Bankruptcy Code 11 U.S.C. § 101, et al (the "Code), and Rules 3007, 7001 and 9014 of the Federal Rules of Bankruptcy Procedure (a "Rule" or the "Rules"), responds and objects to the debtors' Circuit City Stores, Inc., et al. (the (:"Debtor") Omnibus Objection to Certain 503(b)(9) Claims, etc. (the "Objection") and respectfully requests that the Objection be denied, and in support thereof, states:

### BACKGROUND

1.  Midland timely filed its 503(b)(9) claim in the amount of $9,246.80 (the "Claim").

2. The Objection seeks to "temporarily" disallow the Claim so that the Debtor may pursue an alleged preference claim or claims (the "Alleged Preference") against Midland.

3. Although not necessarily germane here, Midland denies that it is liable for any Alleged Preferences.

4. The cases cited by the Debtor do not support the relief sought. In <u>In re Renew Energy, LLC</u>, Case No. 09-10491 (Bankr.W.D.Wis. 9/30/2009), the Court stated as follows:

> The parties dispute whether § 502(d) applies to § 503(b) claims. Courts have divided on this issue. <u>The majority position is that § 502(d) does not affect § 503(b) claims.</u> <u>In re Ames Dep't Stores, Inc.</u>, 2009 WL 2972510 at *7 (2d Cir. 2009); <u>In re TI Acquisition. LLC</u>. 2009 WL 2835200 at *7 (Bankr. N.D. Ga. 2009); <u>In re Plastech Engineered Prods., Inc., 394 B.R. 147, 161 (Bankr. E.D. Mich. 2008)</u>; <u>In re Phoenix Rest. Group, Inc., 2004 WL 3113719 at * 20 (Bankr. M.D. Term. 2004)</u>; <u>In re Roberds, Inc., 315 B.R. 443, 476 (Bankr. S.D. Ohio 2004)</u>; <u>In re Lids Corn., 260 B.R. 680, 683-4 (Bankr. D. Del. 2001)</u>; <u>In re CM Holdings, Inc., 264 B.R. 141, 157</u> (Bankr. D. Del, 2000). These courts have been persuaded by many factors, most significantly that § 503(b) allows for payment of "administrative expenses" but § 502(d) only disallows a "claim." Additionally, courts have found that the procedures suggested by the Bankruptcy Code evidence congressional intent to differentiate the allowance of claims from the allowance of administrative expenses. Also, courts have held that § 503(b) and § 502(d) are in irreconcilable conflict, since the former mandates allowance of claims while the latter mandates disallowance.

<u>In re Renew Energy, LLC</u>, Case No. 09-10491 (Bankr.W.D.Wis 2009) (emphasis added)

5. Logic and simple fairness also do not support the relief sought. Particularly where the Claim is less than $10,000, Midland cannot possibly argue the

legal issues, then argue the factual issues, all in order to avoid the "temporary" disallowance sought. The relief sought and the methodology proposed is manifestly unfair.

6. In addition, the Objection seeks to impermissibly avoid the direct direction of Rule 3007(b) which states that:

> (b) Demand for relief requiring an adversary proceeding.
>
> A party in interest shall <u>not</u> include a demand for relief of a kind specified in <u>Rule 7001</u> in an objection to the allowance of a claim, but may include the objection in an adversary proceeding.

Rule 3007(b) (<u>emphasis</u> <u>added</u>)

7. As a practical matter, Midland would be required to establish that it is <u>not</u> liable for the Alleged Preference in the guise of defending the Objection and having its Claim be deemed allowed.

8. Rule 3007(b) is designed to protect parties such as Midland from having to defend a preference claim in the guise of a claim objection, without the procedural protections provided to a litigant via the adversary proceeding process. This is particularly compelling where Midland is not even liable for the Alleged Preference.

9. It is also patently unfair that the Objection seeks to preserve further objections to the Claim. Such piecemeal litigation favors the larger and more financially capable litigant.

10. Fundamental fairness suggests that the Motion be denied and the Claim allowed.

**CASE NO. 08-35653 (KRH)**
Midland's Response to Debtor's Omnibus Objection to 503(b)(9) Claims
Page 4 of 4

**WHEREFORE**, Midland respectfully requests that the Court deny the Objection, allow the Claim as filed, and for such other and further relief as the Court deems to be just and equitable.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date, a true and correct copy of the foregoing was served via Federal Express/Overnight Delivery upon Gregg M. Galardi, Esq. and Ian S. Fredericks, Esq., Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, PO Box 636, Wilmington, DE 19899-0636, Chris L. Dickerson, Esq., Skadden, Arps, Slate, Meagher & Flom, LLP, 155 North Wacker Drive, Chicago, Il 60606, Dion W. Hayes, Esq., Douglas M. Foley, Esq., McGuirewoods LLP, One James Center, 901 East Cary Street, Richmond, VA 23219.

Dated:      November 2, 2009

Respectfully submitted,

By:    /s/ David R. Softness
David R. Softness, Esq.
FBN: 0513229
**ISICOFF, RAGATZ & KOENIGSBERG**
1200 Brickell Avenue
Suite 1900
Miami, Florida 33131
Email dsoftness@softnesslaw.com
Tel:    305-323-3232
Fax:    305-373-3233