John G. McJunkin, Esquire (VSB No. 31011)
Daniel Carrigan, Esquire (Admitted *Pro Hac Vice*)
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
Phone: 202-496-7500
Facsimile: 202-496-7556

Attorneys for Bethesda Softworks, LLC

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | | |
|---|---|---|
| In re: | * | **Chapter 11** |
| | * | |
| **CIRCUIT CITY STORES, INC.,** *et al.*, | * | **Case No. 08-35653 (KRH)** |
| | * | |
| Debtors. | * | (Jointly Administered) |
| * * * * * * * | * * * * * | |

**RESPONSE AND OBJECTION OF BETHESDA SOFTWORKS LLC TO
DEBTORS' (I) FIFTY-FIRST OMNIBUS OBJECTION TO CERTAIN 503(B)(9)
CLAIMS AND (II) MOTION FOR A WAIVER OF THE REQUIREMENT THAT THE
FIRST HEARING ON ANY RESPONSE PROCEED AS A STATUS CONFERENCE
AND THE DEBTORS' BRIEF IN SUPPORT THEREOF**

Bethesda Softworks, LLC ("BSLLC"), pursuant to, *inter alia*, Bankruptcy Code Sections 502(d), 503(a), (b)(9), 507(a)(2), 547(b), 547(c)(4), and 550 respectfully responds and objects (the "Response") to Debtors' (I) Fifty-First Omnibus Objection To Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference and the Debtors' Brief In Support Thereof (D.I. 5214) (the "Objection")[1], and in support, BSLLC respectfully states as follows:

---

[1] By agreement with counsel for the Debtors, the deadline for BSLLC to file its Response was extended by one day from November 4, 2009 to November 5, 2009. BSLLC is grateful for counsel's courtesy and consideration in this regard.

**BSLLC's Section 503(b)(9) Administrative Expense**

1. BSLLC timely filed a request for payment of an administrative expense with priority under Bankruptcy Code Section 507(a)(2) ("Request") pursuant to Bankruptcy Code Section 503(a) and (b)(9) and this Court's "First Day Order" authorizing a deadline for filing requests for payment of certain administrative expenses arising under Bankruptcy Code Section 503(b)(9) (D.I. 107), in the amount of $3,838,606.40.  The Request has been designated as #1244 pursuant to a Stipulation and Consent Order approved by the Court (D.I. 2913).  In the Request BSLLC seeks payment only for the value of goods received by the Debtors within 20 days before the commencement of the Debtors' Ch. 11 Cases and sold to the Debtors in the ordinary course of the Debtors' business.  The Request does not seek payment for charges such as services, freight, shipping or taxes.  The Request is fully documented with, among other things, purchase orders, shipment confirmations and invoices.  A true and correct copy of the Request is attached hereto and incorporated herein as Exhibit 1.

2. The Debtors' Statement of Financial Affairs, Item 3.b. (D.I. 1131) identifies 5 payments totaling $140,108.04 made by the Debtors to BSLLC during the 90 days prior to the Petition Date.  As reflected in the Request, subsequent to the last of such payments (on or before 10/16/08), BSLLC provided in excess of $3.7MM in goods to the Debtors for which BSLLC has not been paid.

3. Pursuant to the Order entered by the Court on November 13, 2009 (D.I. 133), BSLLC timely delivered its Reclamation Notice/Demand with respect to goods (with a value of $3,848,875.72) sold to the Debtors on credit prior to the Petition Date.

4. BSLLC timely filed its proof of general unsecured claim (Official Form 10) which has been designated as #8476 with respect to any difference between the amount of its Bankruptcy Code Section 503(b)(9) administrative expense (as described in the Request) and the

total amount owed to BSLLC by the Debtors, then (and now) calculated to be $32,742.84 ($3,871,349.24 - $3,838,606.40).

5.    According to Schedule F of the Debtors Schedules of Assets and Liabilities (D.I. 1130 at p. 793), the Debtors' books and records reflect that the aggregate amount owed to BSLLC as of the Petition Date was $3,870,734.60.[2]

**Basis and Nature of Response/Objection**

6.    BSLLC joins, adopts, incorporates and applies the Response of Paramount Home Entertainment Inc. to Debtors' (I) Fifty-Second Objection to Certain 503(B)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on Any Response Proceed as a Status Conference and the Debtors' Brief in Support Thereof (D.I. 5434), as well as any other objections and responses that are consistent with this Response.  BSLLC further reserves its rights to amend and supplement this Response at, or prior to, the hearing on the Objection scheduled for November 12, 2009.

7.    In addition, the Debtors appear to argue, at pages 35-36 of the Objection, that the amount of BSLLC's 503(B)(9) "claim" must be reduced by $98,370 because such amount overlaps with its "new value defense" under Bankruptcy Code Section 547(c)(4). Understandably, the Debtors cite no authority for this proposition.  Bankruptcy Code Section 547(c)(4) excludes certain transfers from avoidance as preferences under Bankruptcy Code Section 547(b).  It has no bearing on the amount of a creditor's 503(b)(9), or other, claims. Moreover, when Bankruptcy Code Section 547(c)(4) applies to a transfer, that transfer may not be avoided under Bankruptcy Code Section 547(b) as a "preference"; if the transfer cannot be so

---

[2] In discussions with the Debtors' counsel, the Debtors have identified accounts receivable of $198,829 that they believe are due to the Debtors from BSLLC - ($82,500 Pre-Petition, and $116,329 Post Petition).

avoided, it cannot be recovered under Bankruptcy Code Section 550; and, if the transfer cannot be so recovered, it cannot be "recoverable" under Section 502(d).  Even if Bankruptcy Code Section 502(d) did apply to BSLLC's Request (and it does not), the application of Bankruptcy Code Section 547(c)(4) (in excess of $3.7 MM in goods provided to the Debtors subsequent to 10/16/08)precludes avoidance of any of the transfers comprising the $98,370 in "preferences" alleged by the Debtors.  Accordingly, none of such transfers may be recovered pursuant to Bankruptcy Code Section 550, and none of the $98,370 is "recoverable" within the meaning of Bankruptcy Code Section 502(d).

## Conclusion

To the extent that the Objection seeks to have $98,370 (on any other portion) of the BSLLC Request disallowed, temporarily or otherwise, it should be overruled.  To the extent that the Court determines that $98,370 (or any other portion) of the BSLLC Request should be temporarily disallowed, BSLLC respectfully requests that the Court require the Debtors to post a bond, establish an escrow, or otherwise provide adequate protection of BSLLC's rights.  In addition, BSLLC respectfully requests that the Court allow the BSLLC Request for purposes of distribution on the Initial Distribution Date under the Plan in the amount of at least $3,671,905.60.

                                              Bethesda Softworks LLC
                                              By Counsel,

Dated: November 5, 2009                /s/ John G. McJunkin
                                              John G. McJunkin, (VSB No. 31011)
                                              Daniel J. Carrigan, (Admitted *Pro Hac Vice*)
                                              MCKENNA LONG & ALDRIDGE LLP
                                              1900 K Street, NW
                                              Washington, DC 20006-1108
                                              Telephone:  (202) 496-7312
                                              Facsimile:  (202) 496-7094

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 5th day of November, 2009 a true and correct copy of the Response and Objection of Bethesda Softworks LLC to Debtors' (I) Fifty-First Omnibus Objection To Certain 503(B)(9) Claims And (II) Motion For A Waiver Of The Requirement That The First Hearing On Any Response Proceed As A Status Conference And The Debtors' Brief In Support Thereof was served by electronic means through the ECF system upon:

| | |
|---|---|
| ECF | Skadden, Arps, Slate, Meagher & Flom LLP<br>One Rodney Square<br>10th and King Streets, 7th Floor<br>Wilmington, DE 19801<br>Attn: Gregg M. Galardi<br>Email: gregg.galardi@skadden.com<br>and<br>Ian S. Fredericks<br>Email: Ian.fredericks@skadden.com |
| ECF | Skadden, Arps, Slate, Meagher & Flom, LLP<br>155 N. Wacker Drive<br>Chicago, IL 60606<br>Attn: Chris L. Dickerson<br>Email: chris.dickerson@skadden.com<br>and<br>Jessica S. Kumar<br>Email: Jessica.kumar@skadden.com |

| | |
|---|---|
| ECF | McGuire Woods LLP<br>One James Center<br>901 E. Cary Street<br>Richmond, VA 23219<br>Attn: Douglas M. Foley<br>Email: dfoley@mcguirewoods.com<br> and<br>Dion W. Hayes<br>Email: dhayes@mcguirewoods.com |
| ECF | Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Boulevard, 11th Floor<br>Los Angeles, CA 90067<br>Attn: Jeffrey N. Pomerantz<br>Email: jpomerantz@pszjlaw.com<br> and<br>Stanley E. Goldich<br>Email: sgoldich@pszjlaw.com |
| ECF | Tavenner & Beran, PLC<br>20 N. Eighth Street, Second Floor<br>Richmond, VA 23219<br>Attn: Lynn L. Tavenner<br>Email: ltavenner@tb-lawfirm.com<br> and<br>Paula S. Beran<br>Email: pberan@tb-lawfirm.com |
| ECF | The United States Trustee<br>701 East Broad Street, Suite 4304<br>Richmond, VA 23219<br>Attn: Robert B. Van Arsdale<br>Email: Robert.B.Van.Arsdale@usdoj.gov |

/s/ John G. McJunkin
John G. McJunkin