**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **CIRCUIT CITY STORES, INC.,** *et al.*,[1] | : | **Case No. 08-35653 (KRH)** |
| | : | |
| **Debtors.** | : | **Jointly Administered** |
| | : | |
| | : | |
| | : | |

**RESPONSE OF SANDISK CORPORATION TO DEBTORS' FIFTY-EIGHTH
OMNIBUS OBJECTION TO CLAIMS (RECLASSIFICATION OF CERTAIN
MISCLASSIFIED CLAIMS TO GENERAL UNSECURED, NON-PRIORITY CLAIMS)**

SanDisk Corporation ("SanDisk"), by and through its undersigned counsel, hereby submits this Response of SanDisk Corporation to Debtors' Fifty-Eighth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims) (this "Response"), and in support thereof, respectfully represents the following:

**BACKGROUND**

1. On November 10, 2008 (the "Petition Date"), the above-captioned entities (the "Debtors") each filed a voluntary petition for relief under chapter 11 (these "Chapter

---

[1] The Debtors in these chapter 11 cases are: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuity City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Stores PR, LLC, and Circuit City Properties, LLC.

| Local Counsel for SanDisk Corporation | Counsel for SanDisk Corporation |
|---|---|
| David R. Ruby, Esquire (VSB #22703) | Suzzanne S. Uhland, Esquire |
| McSweeney, Crump, Childress & Temple, P.C. | Jennifer M. Taylor, Esquire |
| Post Office Box 1463 (23218) | O'Melveny & Myers LLP |
| 11 South 12th Street | Two Embarcadero Center, 28th Floor |
| Richmond, Virginia 23219 | San Francisco, California 94111 |
| Telephone: (804) 783-6811 | Telephone: (415) 984-8922 |
| Facsimile: (804) 782-2130 | Facsimile: (415) 984-8701 |
| Email: druby@mcsweeneycrump.com | Email: suhland@omm.com |
| | jtaylor@omm.com |

11 Cases") of title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code").

2. The Debtors continue to operate their businesses and to manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been requested or appointed in these Chapter 11 Cases.

4. This Court established December 19, 2008 as the deadline for filing administrative expense claims under section 503(b)(9) of the Bankruptcy Code. [Docket No. 107.] SanDisk filed a timely 503(b)(9) claim in the amount of $6,230.00 (the "Claim"). A filed-stamped copy of SanDisk's filed 503(b)(9) claim is attached hereto as Exhibit A.

5. On October 21, 2009, the Debtors filed their Fifty-Eighth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims) (the "Objection")[2]. Pursuant to the Objection, the Debtors seek the entry of an order reclassifying certain claims as general unsecured, non-priority claims because the Debtors allege that, after reviewing their books and records, such claims were filed with incorrect classifications.

6. Exhibit C to Debtors' Objection, which lists the claims to which the Objection pertains, includes SanDisk's Claim. Exhibit C to the Objection incorrectly indicates that the Claim was filed in the amount of $0.

---

[2] Capitalized words used but not defined herein have the meanings given in the Objection.

2

## ARGUMENT

### A. The Objection States the Incorrect Amount of the Claim as Filed.

7.  As a preliminary matter, the Debtors list the incorrect amount of the Claim. The Objection indicates that the amount of the Claim, as filed, is $0.00. A simple reading of the proof of claim filed by SanDisk, which is attached for the Court's reference as Exhibit A hereto, plainly shows that the amount of the Claim, as filed, is no less than $6,230.00.

8.  SanDisk opposes the Objection to the extent that the incorrect amount of the Claim is set forth on Exhibit C thereto. SanDisk further requests that the Debtors promptly take action to correct their claims register in order to reflect the correct amount of the Claim.

### B. Because No Adversary Proceeding Has Been Initiated, There is No Basis for Temporarily Disallowing the Claim.

9.  SanDisk has timely filed a proof of claim that establishes a section 503(b)(9) administrative expense; the proof of claim provides details regarding the contractual relationship between SanDisk and the Debtors and the factual grounds for section 503(b)(9) priority and attaches records that detail shipments made by SanDisk to the Debtors and even includes shipment tracking numbers. The Debtors' Objection, on the other hand, is vague and mystifying. In stark contrast to the detailed record provided by SanDisk, without any elaboration, the Debtors simply proclaim that SanDisk's Claim is misclassified according to their books and records and should, therefore, be reclassified as a general unsecured, non-priority claim. The Debtors do not offer any factual discussion or offer any evidence. In light of the presumption that a properly filed claim is *prima facie* valid and the complete absence of any attempt by the Debtors to rebut that presumption, the Debtors' Objection must be denied.

10. A proof of claim filed in accordance with the Federal Rules of Bankruptcy Procedure constitutes *prima facie* evidence of the validity and amount of the claim. FED. R. BANKR. P. 3001(f).  Those rules require only that a proof of claim be in writing, substantially conform to the appropriate Official Form, be executed by the creditor or the creditor's authorized agent, and when the claim is based on a writing, there must be attached either the writing or an explanation of why or how the writing has been lost or destroyed. FED. R. BANKR. P. 3001.

11. The debtor has the burden of going forward and of introducing evidence sufficient to rebut the claim's presumptive validity. *See In re Harford Sands, Inc.*, 372 F.3d 637, 640 (4th Cir. 2004). Such evidence must be sufficient to demonstrate a true dispute and must have probative force equal to the contents of the claim. *See Wright v. Holm* (*In re Holm*), 931 F.2d 620, 623 (9th Cir. 1991); *Fullmer v. United States* (*In re Fullmer*), 962 F.2d 1463, 1466 (10th Cir. 1992); *Allegheny Int'l, Inc. v. Snyder* (*In re Allegheny Int'l, Inc.*), 954 F.2d 167, 173 (3d Cir. 1992). The mere filing of an objection is insufficient to meet the debtor's burden. *See In re Smith*, 2008 WL 5786902, at *4 (Bankr. E.D. Va. Dec. 5, 2008). It has been held that a mere statement that the debtor's books and records are inconsistent with the proof of claim is insufficient to rebut the *prima facie* validity of a filed proof of claim. *See In re Enron Creditors' Recovery Corp.*, 2007 WL 2480531, at *3 (Bankr. S.D.N.Y. Aug. 28, 2007); *In re Michigan-Wisconsin Transp. Co.*, 161 B.R. 628, 635–36 (1993); *see also Garner v. Shier* (*In re Garner*), 246 B.R. 617, 623 (B.A.P. 9th Cir. 2000) (holding that debtor's statement that there are no valid obligations owed to the creditor insufficient to rebut *prima facie* presumption).

12. Section 507(a)(2) of the Bankruptcy Code provides second-ranking priority to "administrative expenses allowed under section 503(b)." 11 U.S.C. § 507(a)(2). Section 503(b)(9), in turn, provides that there shall be allowed as an administrative expense "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. 503(b)(9).

13. The Debtors do not dispute that SanDisk's Claim is entitled to the Rule 3001(f) presumption as to its validity and amount. The proof of claim filed by SanDisk is in writing, substantially conforms to the appropriate Official Form, and is executed by the creditor or the creditor's authorized agent; it also attaches the invoices on which the Claim is based. The Claim further sets forth the legal and factual bases for priority administrative expense status under section 503(b)(9) of the Bankruptcy Code. In support thereof, SanDisk certifies that it sold and delivered goods to the Debtors within 20 days before the Petition Date and such goods were sold in the ordinary course of the Debtors' business. Further, SanDisk's invoices attached to the proof of claim, which include shipment tracking numbers, establish that goods having a value of $6,230.00 were delivered to the Debtors within 20 days before the Petition Date. Under Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, SanDisk holds a *prima facie* valid Claim entitled to priority administrative expense status under section 503(b)(9).

14. Accordingly, the Debtors have the burden of producing evidence with sufficient probative value at least equal to that produced by SanDisk to rebut the presumption of *prima facie* validity. The Debtors have not met that burden. They have in fact produced no evidence. A generic statement in an omnibus pleading—not even a declaration—that the Debtors' books and records vary from a long list of claims cannot be argued to have anywhere

5

near equal probative value to the facts and records offered by SanDisk. In fact, this is exactly the type of bald statement that courts have expressly rejected as being sufficient to rebut a presumption of *prima facie* validity. The Debtors not having produced sufficient evidence to rebut the *prima facie* validity of SanDisk's Claim, the Debtors' Objection seeking reclassification of the Claim must be denied.

## **CONCLUSION**

15. The Debtors have expended no effort to comply with the rules that govern bankruptcy proceedings. Undoubtedly, the Debtors hope that their creditors will overlook one of the nearly sixty omnibus objections to claims that have been filed and effectively reap the benefit of a formal contested matter without devoting any of the attendant time or cost to developing the necessary record. The Debtors should not be rewarded for this behavior.

16. For the foregoing reasons, SanDisk opposes the Debtors' Objection and respectfully requests that this Court deny the relief sought by the Debtors therein.

Dated: November 6, 2009                                Respectfully Submitted,

By:    /s/ David R. Ruby
          Local Counsel

and

Suzzanne S. Uhland, Esquire
Jennifer M. Taylor, Esquire
O'Melveny & Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone: (415) 984-8922
Facsimile: (415) 984-8701
Email: suhland@omm.com
          jtaylor@omm.com

Counsel for SanDisk Corporation

# CERTIFICATE OF SERVICE

      I hereby certify that on the 6th day of November, 2009, a true and accurate copy of the foregoing Response was served via First Class U.S. Mail (postage prepaid), via e-mail or via the Electronic Case Filing (ECF) system, as appropriate and as indicated, on the following parties:

Robert B. Van Arsdale, Esquire*
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
[USTPRegion04.NO.ECF@usdoj.gov]

Dion W. Hayes, Esquire*
Joseph S. Sheerin, Esquire*
Sarah Beckett Boehm, Esquire*
McGuireWoods LLP
One James Center,
901 E. Cary St.
Richmond, VA 23219
[Debtors' Counsel]

Daniel F. Blanks, Esquire*
Douglas M. Foley, Esquire*
McGuireWoods LLP
9000 World Trade Center,
101 W. Main St.
Norfolk, VA 23510
[Debtors' Counsel]

Gregg M. Galardi, Esquire*
Ian S. Fredericks, Esquire*
Skadden Arps Slate Meagher & Flom LLP,
PO Box 636
Wilmington, DE 19899
[Debtors' Counsel]

Chris L. Dickerson, Esquire*
Skadden Arps Slate Meagher & Flom LLP,
155 North Wacker Drive
Chicago, IL 60606
[Debtors' Counsel]

Brad R. Godshall, Esquire*
Jeffrey N. Pomerantz, Esquire*
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica blvd, 11th Floor
Los Angeles, CA 90067-4100
[Counsel for Unsecured Creditors Committee]

John D. Fiero, Esquire*
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 9411-4500
[Counsel for Unsecured Creditors Committee]

Robert J. Feinstein, Esquire*
Pachulski Stang Ziehl & Jones LLP
780 Third Ave. 36th Floor
New York, NY 10017
[Counsel for Unsecured Creditors Committee]

Lynn L. Tavenner, Esquire*
Paula S. Beran, Esquire*
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219
[Counsel for Unsecured Creditors Committee]

      /s/ David R. Ruby
      David R. Ruby

[*Indicates service by ECF or e-mail.  All others served by First Class U.S. Mail, postage prepaid.]