Ellen A. Friedman, Esq., *admitted pro hac vice*
California Bar No. 127684
Friedman Dumas & Springwater LLP
150 Spear Street, Suite 1600
San Francisco, CA 94105
Phone: (415) 834-3800
Fax: (415) 834-1044
Email: efriedman@friedumspring.com

Roy M. Terry, Jr., VSB No. 17764
John C. Smith, VSB No. 44556
Elizabeth L. Gunn, VSB No. 71044
DurretteBradshaw PLC
600 E. Main Street, 20th Floor
Richmond, Virginia 23219
Phone: (804) 775-6900
Fax: (804) 775-6911

Attorneys for Hewlett-Packard Company

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: CIRCUIT CITY STORES, INC., et al. ) | **Chapter 11** |
| ) | **Case No.: 08-35653-KRH** |
| Debtors. ) | |
| _____ ) | **Jointly Administered** |

**MOTION OF HEWLETT-PACKARD COMPANY TO**
**<u>FILE CERTAIN DOCUMENTS UNDER SEAL</u>**

Hewlett-Packard Company ("HP"), by counsel, hereby homes for entry of an order pursuant to sections 107(b)(1) of title 11 of the United States Code (the "Code") and Federal Rule of Bankruptcy Procedure 9018 ("Bankruptcy Rule 9018") authorizing HP to file certain documents under seal. In support of the Motion, HP respectfully states as follows:

1

Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are § 107(b)(1) of the Code and Bankuptcy Rule 9018.

Background

2. HP and Circuit City Stores, Inc. ("Circuit City" or the "Debtor") executed a U.S. Consumer Products Reseller Agreement and amendments thereto with effective dates of January 5, 1999, September 21, 2004, July 1, 2008 and adopted as a part thereof a U.S. Consumer Operations Policy Manual, a U.S. Retailer Addendum, and various other supplements regarding volume resale credit and rebate programs relating to the resale by Circuit City of consumer products it purchased from HP (collectively, the "Reseller Agreement").

3. On October 14, 2009, the Debtor filed its Forty-Ninth Objection to Certain Administrative Expenses and 503(b)(9) Claims and Motion for (I) Authority to Setoff Against Such Expenses and Claims and (II) a Waiver of the Requirement that the First Hearing on Any Response Proceed as a Status Conference (Docket No. 5212) (the "Objection"). The Objection includes certain administrative and 503(b)(9) claims of HP.

4. Concurrently herewith HP is filing its Response of Hewlett-Packard Company to Debtors' Forty-Ninth Omnibus Objection to Certain Administrative Expenses and 503(b)(9) Claims and Motion for (I) Authority to Setoff Against Such Expenses and Claims and (II) a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference and Cross-Motion for Recoupment or Setoff in the Alternative (the "Response").

5. HP requests authority to file the Reseller Agreement under seal.

2

Relief Requested

6.     By this Motion, HP respectfully requests entry of an order pursuant to § 107(b) and Bankruptcy Rule 9018 granting HP leave to file the Reseller Agreement under seal.

Basis for Relief

7.     Section 107(b) of the Code authorizes the Court to issue orders to protect entities from potential harm caused by the disclosure of confidential information.  In particular, § 107(b) provides that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information. . . .

11 U.S.C. § 107(b)(1).

8.     In addition, pursuant to Bankruptcy Rule 9018:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

FED.R.BANKR.P. 9018.

9.     In granting relief under § 107(b), "[t]he court determines whether the subject documents falls within the provisions of § 107(b) and the appropriate remedy if they do."  In re Barney's, Inc., 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996).  If the documents in question fall within the parameters of § 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application."  In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in the original).

10. Due to the proprietary and confidential nature of the Reseller Agreement, HP respectfully submits that good cause exists for the relief requested. Allowing HP to file the Reseller Agreement under seal to the document confidential is essential to preserving the confidential and proprietary nature and terms of the agreement. No alternative method would adequately protect the confidential and proprietary information contained in the Reseller Agreement.

11. Furthermore, no prejudice to any party will result from the sealing of the Reseller Agreement as the Debtor is already in possession of the agreement. There are no other parties to the contested matter.

12. HP will deliver copies of the Reseller Agreement to (a) chambers for an *in camera* review, and (b) the Office of the United States Trustee for the Eastern District of Virginia. HP has previously provided a copy of the Reseller Agreement to counsel for the Debtors.

13. Notice of this Motion will be given to: (a) counsel for the Debtors; (b) counsel for the Official Committee of Unsecured Creditors; (c) the U.S. Trustee; and (d) all parties entitled to receive notice pursuant to the Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9001, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (Docket No. 130).

### **Waiver of Memorandum of Law**

14. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtor requests that the requirement that all motions be accompanied by a separate written memorandum of law be waived.

**No Prior Request**

15. No previous request for the relief sought in these Motions has been made to this Court or any other Court.

WHEREFORE, HP respectfully requests that the Court enter an order authorizing HP to file the Reseller Agreement under seal and such other and further relief as is just and proper.

Respectfully submitted, this 6th day of November, 2009.


 /s/ Roy M. Terry, Jr.
Roy M. Terry, Jr., VSB No. 17764
John C. Smith, VSB No. 44556
Elizabeth L. Gunn, VSB No. 71044
DurretteBradshaw PLC
600 E. Main Street, 20th Floor
Richmond, Virginia 23219
Phone: (804) 775-6900
Fax: (804) 775-6911

and

Ellen A. Friedman, Esq., *admitted pro hac vice*
California Bar No. 127684
Friedman Dumas & Springwater LLP
150 Spear Street, Suite 1600
San Francisco, CA 94105
Phone: (415) 834-3800
Fax: (415) 834-1044
Email: efriedman@friedumspring.com

Counsel for Hewlett-Packard Company

## Certificate of Service

I hereby certify that a true and exact copy of the foregoing was served this 6th day of November, 2009 pursuant to the Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9001, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (Docket No. 130) by CM/ECF notification, email, facsimile, and/or first class mail.

                                                          /s/ Elizabeth L. Gunn