Ellen A. Friedman, Esq., *admitted pro hac vice*
California Bar No. 127684
Friedman Dumas & Springwater LLP
150 Spear Street, Suite 1600
San Francisco, CA 94105
Phone: (415) 834-3800
Fax: (415) 834-1044
Email: efriedman@friedumspring.com

Roy M. Terry, Jr., VSB No. 17764
John C. Smith, VSB No. 44556
Elizabeth L. Gunn, VSB No. 71044
DurretteBradshaw PLC
600 E. Main Street, 20th Floor
Richmond, Virginia 23219
Phone: (804) 775-6900
Fax: (804) 775-6911

Attorneys for Hewlett-Packard Company

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re:  CIRCUIT CITY STORES, INC., et al.<br><br>                                 Debtors. | ) **Chapter 11**<br>)<br>) **Case No.:  08-35653-KRH**<br>)<br>) **Jointly Administered** |

**HEWLETT-PACKARD COMPANY'S MOTION FOR THE ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105 AND LOCAL BANKRUPTCY <u>RULE 9013-1(N) FOR AN ORDER SETTING AN EXPEDITED HEARING</u>**

Hewlett-Packard Company ("HP"), by counsel, hereby moves this Court for an order, pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code) and Local Bankruptcy Rule 9013-(N), setting an expedited hearing on the Motion of Hewlett-Packard Company to file Certain Documents Under Seal (the "Motion"), scheduling an expedited hearing

on the Motion on November 12, 2009 at 10:00 a.m. to be held prior to any hearing on the Response (as defined herein), and deeming the HP's notice of the Motion to be adequate and appropriate notice under the circumstances.  In support thereof, the Debtor respectfully states as follows:

**Jurisdiction and Venue**

1.     This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 175(b).  Venue of this case and this motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Bankruptcy Rule 1007(a) and (c) and Local Bankruptcy Rule 1007-1.

**Background**

1.     HP and Circuit City Stores, Inc. ("Circuit City" or the "Debtor") executed a U.S. Consumer Products Reseller Agreement and amendments thereto with effective dates of January 5, 1999, September 21, 2004, July 1, 2008 and adopted as a part thereof a U.S. Consumer Operations Policy Manual, a U.S. Retailer Addendum, and various other supplements regarding volume resale credit and rebate programs relating to the resale by Circuit City of consumer products it purchased from HP (collectively, the "Reseller Agreement").

2.     On October 14, 2009, the Debtor filed its Forty-Ninth Objection to Certain Administrative Expenses and 503(b)(9) Claims and Motion for (I) Authority to Setoff Against Such Expenses and Claims and (II) a Waiver of the Requirement that the First Hearing on Any Response Proceed as a Status Conference (Docket No. 5212) (the "Objection").  The Objection includes certain administrative and 503(b)(9) claims of HP.

3. Concurrently herewith HP is filing its Response of Hewlett-Packard Company to Debtors' Forty-Ninth Omnibus Objection to Certain Administrative Expenses and 503(b)(9) Claims and Motion for (I) Authority to Setoff Against Such Expenses and Claims and (II) a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference and Cross-Motion for Recoupment or Setoff in the Alternative (the "Response") and the Motion.

### Relief Requested

4. By this Motion to Expedite, HP seeks entry of an order scheduling an expedited hearing on the Motion for November 12, 2009 at 10:00 a.m. to be held prior to any hearing on the Response. In order to hold a hearing on the Motion on November 12, 2009, HP requests that the ten (10) day notice requirement under the Local Rules and this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9001, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (Docket No. 130) (the "Case Management Order") be shortened.

### Basis for Relief

5. Local Bankruptcy Rule 9013-1 allows the setting of a hearing on an expedited basis as requested herein. Attached hereto as Exhibit A is the required Local Rule 9013-1(N) certification. As stated more fully in the Motion, HP is requesting entry of an order granting HP leave to file the Reseller Agreement (as defined in the Motion) under seal due to confidential and proprietary nature of the Reseller Agreement. Maintaining the confidentiality of the confidential and proprietary terms and conditions of the Reseller Agreement is essential to HP's continued business operations.

6. Furthermore, no prejudice to any party will result from the sealing of the Reseller

3

Agreement as the Debtor is already in possession of the agreement.  There are no other parties to the contested matter.

7. The Reseller Agreement is central to HP's Response which is currently set for hearing on November 12, 2009.  As a result, HP submits that the ten (10) day notice of this Motion required under the Case Management Order should be shortened and requests that the Court conduct an expedited hearing on the Motion.

### Notice

8. Notice of this Motion will be given to: (a) counsel for the Debtors; (b) counsel for the Official Committee of Unsecured Creditors; (c) the U.S. Trustee; and (d) all parties entitled to receive notice pursuant to the Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9001, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (Docket No. 130).  HP submits that, under the circumstances, no other or further notice need be given.

### Waiver of Memorandum of Law

9. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtor requests that the requirement that all motions be accompanied by a separate written memorandum of law be waived.

### No Prior Request

10. No previous request for the relief sought in these Motions has been made to this Court or any other Court.

**Conclusion**

WHEREFORE, HP respectfully requests that the Court enter an order scheduling a hearing on the Motion for November 12, 2009 at 10:00 a.m. to be held prior to any hearing on the Response and granting such other and further relief as may be just and proper.

Respectfully submitted, this 6th day of November, 2009.

/s/ Roy M. Terry, Jr.
Roy M. Terry, Jr., VSB No. 17764
John C. Smith, VSB No. 44556
Elizabeth L. Gunn, VSB No. 71044
DurretteBradshaw PLC
600 E. Main Street, 20th Floor
Richmond, Virginia 23219
Phone: (804) 775-6900
Fax: (804) 775-6911

and

Ellen A. Friedman, Esq., *admitted pro hac vice*
California Bar No. 127684
Friedman Dumas & Springwater LLP
150 Spear Street, Suite 1600
San Francisco, CA 94105
Phone: (415) 834-3800
Fax: (415) 834-1044
Email: efriedman@friedumspring.com

Counsel for Hewlett-Packard Company

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

|  |  |  |
|---|---|---|
| In re:  CIRCUIT CITY STORES, INC., et al. | ) ) ) ) ) | Chapter 11 Case No.:  08-35653-KRH |
| Debtors. | | |
| | | Jointly Administered |

### LOCAL RULE 9013-1(N) CERTIFICATION

Pursuant to the Local Rules of this Court, HP, by counsel, certifies that:

1)   the undersigned is a member of the Bar of this Court,

2)   has carefully examined the matter and concluded that there is a true need for an expedited hearing,

3)   has not created an emergency through any lack of due diligence, and

4)   has made a *bona fide* effort to resolve the matters without hearing.

Dated:  November 6, 2009                                    DURRETTEBRADSHAW PLC

                                                                                     /s/ Roy M. Terry, Jr.
                                                                                    Roy M. Terry, Jr. VSB No. 17764
                                                                                    John C. Smith, VSB No. 44556
                                                                                    Elizabeth L. Gunn, VSB No. 71044
                                                                                    DurretteBradshaw PLC
                                                                                    600 East Main Street, 20th Floor
                                                                                    Richmond, Virginia 23219
                                                                                    Telephone: (804) 775-6900
                                                                                    Local Counsel for Hewlett-Packard Company

## Certificate of Service

I hereby certify that a true and exact copy of the foregoing was served this 6th day of November, 2009 pursuant to the Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9001, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (Docket No. 130) by CM/ECF notification, email, facsimile, and/or first class mail.

                                        /s/ Elizabeth L. Gunn