```
Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

        - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession
```

```
        IN THE UNITED STATES BANKRUPTCY COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - - -x
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   1Case No. 08-35653 (KRH)
et al.,                         :
                                :
        Debtors.                :   Jointly Administered
- - - - - - - - - - - - - - - -x
```

**STIPULATION AND AGREED ORDER BY AND AMONG THE DEBTORS AND REBECCA HYLTON DECAMPS, CHRISTOPHER E. BORGLIN, HILTON E. EPPS, JR., PHYLLIS M. PEARSON AND PAUL SCHAAPMAN WITHDRAWING CLAIM NUMBERS 7782, <u>8468, 8466, 7781, AND 8467</u>**
`
This Stipulation and Agreed Order ("Stipulation") is made and entered into this ____ day of November 2009, by and between the above-captioned debtors and debtors

in possession(the "Debtors")[1], and Rebecca Hylton DeCamps, Christopher E. Borglin, Hilton E. Epps, Jr., Phyllis M. Pearson and Paul Schaapman (the "Claimants" and together with the Debtors, the "Parties" and each of which is a "Party"), each acting by and through its respective counsel.

### RECITALS

WHEREAS, on November 12, 2008, December 11, 2008, and May 15, 2009 (the "Bar Date Orders"), this Court set (a) December 19, 2008, at 4:00 p.m. (prevailing Pacific time) as the deadline by which administrative priority claims pursuant to 11 U.S.C. s 503(b)(9) were required to be filed against the Debtors (Docket No. 107) (the "503(b)(9) Bar Date"), (b) January 30, 2009, at 5:00 p.m. (prevailing Pacific time) were required as the deadline by which proofs of claim were required to be

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950.

filed by non-governmental units against the Debtors (Docket No. 890) (the "Non-Governmental Bar Date"), (c) May 11, 2009, at 5:00 p.m. (prevailing Pacific time) as the deadline by which governmental units were required to file proofs of claim against the Debtors (Docket No. 890) (the "Governmental Bar Date"), and (d) June 30, 2009, at 5:00 p.m. (prevailing Pacific time) as the deadline by which administrative expense claims for the period from November 10, 2008 through April 30, 2009 were required to be filed against the Debtors (Docket No. 3354) (the "Administrative Claim Bar Date") (collectively, the "Bar Dates").

    WHEREAS, on January 29, 2009, Rebecca Hylton DeCamps filed proof of claim number 7782 ("Claim No. 7782") relating to her benefits under the Qualified Employee Pension Plan and/or 401(k) plan in the amount of $140,301.50 against the Debtors;

    WHEREAS, on January 29, 2009, Christopher E. Borglin filed proof of claim number 8468 ("Claim No. 8468") relating to his benefits under the Qualified Employee Pension Plan and/or 401(k) plan in the amount of $171,597.07 against the Debtors;

WHEREAS, on January 29, 2009, Hilton E. Epps, Jr. filed proof of claim number 8466 ("Claim No. 8466") relating to his benefits under the Qualified Employee Pension Plan and/or 401(k) plan in the amount of $51,962.11 against the Debtors;

WHEREAS, on January 29, 2009, Phyllis M. Pearson filed proof of claim number 7781 ("Claim No. 7781") relating to her benefits under the Qualified Employee Pension Plan and/or 401(k) plan in the amount of $31,109.62 against the Debtors;

WHEREAS, on January 29, 2009, Paul Schaapman filed proof of claim number 8467 ("Claim No. 8467") relating to his benefits under the Qualified Employee Pension Plan and/or 401(k) plan in the amount of $143,509.24 against the Debtors;

WHEREAS, on June 4, 2009, the Debtors filed their Twelfth Omnibus Objection to Certain Qualified Pension Plan Claims and 401(k) Plan Claims (Docket No. 3526) (the "Twelfth Omnibus Objection"), which objected to, among other claims, Claim Nos. 7782, 8468, 8466, 7781, and 8467;

4

WHEREAS, in the Twelfth Omnibus Objection the Debtor's assert that the qualified pension plan assets and the 401(k) assets are not assets of the Debtor's estates;

WHEREAS, on July 16, 2009, the Claimants filed their response to the Debtors' Twelfth Omnibus Objection to Certain Qualified Pension Plan Claims and 401(k) Plan Claims (Docket No. 4150);

WHEREAS, the Parties desire to resolve all of the claims filed by the Claimants against the Debtors and their estates;

**AGREEMENT**

Subject to the approval by this Court, the Debtors and Claimants agree as set fort below, and the Parties hereby STIPULATE AND AGREE THAT IT IS HEREBY ORDERED that:

1. Claim No. 7782 is hereby withdrawn.
2. Claim No. 8468 is hereby withdrawn.
3. Claim No. 8466 is hereby withdrawn.
4. Claim No. 7781 is hereby withdrawn.
5. Claim No. 8467 is hereby withdrawn.

6.	Any and all other claims against the Debtors and/or their estates, collectively or individually, by or on behalf of the Claimants are hereby irrevocably withdrawn, disallowed, and expunged in their entirety.

7.	Nothing contained herein shall be deemed an admission of liability on the part of the Debtors or the Claimants.

8.	Neither this Agreement, nor any statement made or action taken in connection with the negotiation of this Stipulation, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Settlement Agreement or (b) to seek damages or injunctive relief in connection therewith.

9.	Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in

conjunction with the performance of their respective obligations hereunder.

10. This Agreement shall be governed by and construed in accordance with the law of the Commonwealth of Virginia without regard to any choice of law provisions.

11. This Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

12. This Agreement constitutes the entire agreement and understanding of the parties regarding the Agreement and the subject matter thereof.

13. The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Agreement.

14. Each person or entity who executes this Stipulation on behalf of another person or entity

represents and warrants that he, she, or it is duly authorized to execute this Stipulation on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Stipulation.

15.     Nothing herein shall prejudice or eliminate the Claimant's rights to the qualified pension plan benefits, or to the 401(k) benefits, as against the trust funds holding the pension plan and/or 401(k) assets, or the Pension Benefit Guaranty Corporation, as appropriate.

IN WITNESS WHEREOF, the Parties have set their hands in agreement as of the date written above.

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

   - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

   - and -


 /s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession


 /s/ William A. Gray
William A. Gray, (VSB No. 46911)
SANDS, ANDERSON, MARKS & MILLER, P.C.
801 E. Main Street, Suite 1800
Richmond, VA 23219-2906
(804) 783-7237

Counsel to the Claimants

Upon consideration of the foregoing, it is hereby:

ORDERED, that the Stipulation is hereby approved in its entirety; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Stipulation and Order.

Dated:    Richmond, Virginia
         <u>Nov 5 2009</u>   , 2009


               <u>   /s/ Kevin R. Huennekens   </u>
               HONORABLE KEVIN R. HUENNEKENS
               UNITED STATES BANKRUPTCY JUDGE


   Entered on docket: Nov 6 2009

```
WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

      - and -



  /s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession
```

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

\10092679.1

11

# CERTIFICATE OF NOTICE

```
District/off: 0422-7           User: frenchs              Page 1 of 1                Date Rcvd: Nov 06, 2009
Case: 08-35653                 Form ID: pdforder          Total Noticed: 1

The following entities were noticed by first class mail on Nov 08, 2009.
aty          +Gregg M. Galardi,   Skadden Arps Slate Meagher,   & Flom LLP, One Rodney Sq.,   PO Box 636,
               Wilmington, DE 19899-0636
The following entities were noticed by electronic transmission.
NONE.                                                                                                TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Nov 08, 2009**                    **Signature:** _Joseph Speetjens_