Alan J. Lipkin *(pro hac admission pending)*
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York  10019
(212) 728-8000

   - and -

Bruce H. Matson (VSB No. 22874)
Christopher L. Perkins (VSB No. 41783)
LECLAIRRYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA  23219
(804) 783-2003

Counsel for Take Two Interactive Software, Inc.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------------------------------- x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., | : | Case No. 08-35653 (KRH) |
| *et al.*, | : | |
| | : | JOINTLY ADMINISTERED |
| Debtors. | : | |

---------------------------------------------------------------- x

**RESPONSE OF TAKE TWO INTERACTIVE SOFTWARE, INC. TO DEBTORS' (I) FIFTY-SECOND OMNIBUS OBJECTION TO CERTAIN 503(b)(9) CLAIMS AND (II) MOTION FOR A WAIVER OF THE REQUIREMENT THAT THE FIRST HEARING <u>ON ANY RESPONSE PROCEED AS A STATUS CONFERENCE</u>**

Take-Two Interactive Software, Inc. ("**Take-Two**"), through its undersigned

counsel, respectfully submits this Response to (i) the Fifty-Second Omnibus Objection to Certain

503(b)(9) Claims and (ii) the Motion for a Waiver of the Requirement that the First Hearing on

Any Response Proceed as a Status Conference (collectively, the "**Objection**") of Circuit City

Stores, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**").  In support of this Response, Take-Two respectfully states as follows:

## RESPONSE

1. Pursuant to section 503(b)(9) of title 11 of the United States Code (the "Bankruptcy Code"), Take-Two timely asserted a request for payment from the Debtors of administrative expenses totaling $624,049.62 (the "**Administrative Expenses**") for goods delivered in the ordinary course to the Debtors within twenty (20) days of the filing of the Debtors' chapter 11 petitions.  Pursuant to section 502(d) of the Bankruptcy Code, the Objection seeks (among other things) to temporarily disallow, $132,069.00 of the Administrative Expenses on the theory Take-Two received that amount in allegedly preferential payments from the Debtors.

2. Counsel for the Debtors agreed that Take-Two could:  (a) file this Response after the formal deadline to respond to the Objection; and (b) incorporate by reference the more extensive responses to the Objection and the Debtors' other contemporaneous objections asserted under section 502(d).  Accordingly, Take-Two hereby adopts the legal arguments presented by those other responses so as not to further burden the Court.

3. Take-Two utilizes this filing merely to recite the basic arguments presented that demonstrate the Objection is meritless.  First, the language of, legislative history of, and policies underlying sections 501, 502, and 503 of the Bankruptcy Code (as well as the majority of and better reasoned cases interpreting those sections) all signify section 502(d) does not apply to section 503(b)(9) administrative expenses.  Second, even if section 502(d) otherwise might apply, the Debtors' conclusory allegation that Take-Two received a preference is insufficient under section 502(d).  Instead, some courts require a judgment on the merits of the

avoidance claim and other courts mandate at least the assertion of a valid cause of action.[1]

Third, in the unlikely event any relief is granted to the Debtors, they should be required to escrow or otherwise segregate the amount of Take-Two's section 503(b)(9) distributions temporarily withheld so that those funds (plus interest) will be available to Take-Two once its full claim is allowed.

## CONCLUSION

Take-Two respectfully requests that the Court deny the relief sought by the Debtors in the Objection and grant Take-Two such other and further relief as the Court deems just and proper.

Dated: November 9, 2009
      Richmond, Virginia

                        LECLAIRRYAN, A Professional Corporation

                        /s/ Christopher L. Perkins

Bruce H. Matson (VSB No. 22874)
Christopher L. Perkins (VSB No. 41783)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA  23219
(804) 783-2003
(804) 783-7686 Facsimile

Alan J. Lipkin
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York  10019
(212) 728-8000

Counsel for Take-Two Interactive Software, Inc.

---

[1] Take-Two reserves all rights, arguments, and defenses as to any preference claim the Debtors might assert.

**CERTIFICATE OF SERVICE**

Pursuant to the *Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures* entered on November 13, 2008 [Docket No. 130], I hereby certify that on this 9th day of November 2009 the foregoing was served upon the following parties via electronic mail.

Skadden, Arps, Slate, Meagher &
Flom, LLP One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
Attn: Gregg M. Galardi
Attn: Jan S. Fredericks

McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Attn: Douglas M. Foley

Skadden, Arps, Slate, Meagher &
Flom, LLP 333 West Wacker Drive
Chicago, IL 60606
Attn: Chris L. Dickerson

I further certify that the original of the foregoing was filed with the Court via the Clerk's CM/ECF electronic filing system on November 9, 2009.

/s/ Christopher L. Perkins
Counsel