

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In Re:

CIRCUIT CITY STORES, INC., et al.

Debtors

Case No. 08-35653 (KRH)

Chapter 11

(Jointly Administered)

## PRINCE GEORGE'S COUNTY, MARYLAND'S OBJECTION TO DEBTOR'S FIRST AMENDED JOINT PLAN OF LIQUIDATION

Prince George's County, Maryland (the "County"), by and through undersigned counsel, objects to the Debtor's First Amended Plan of Liquidation (the "Plan") and for reasons states as follows.

1. The County has timely filed herein a secured claim for pre-petition fiscal year 2009 personal property taxes in the amount of $19,565.27. A copy of the County's proof of claim is attached hereto as Exhibit A. These fiscal year 2009 personal property taxes were assessed as of January 1, 2009, and are therefore pre-petition taxes.

2. *The subject taxes are based upon the calendar year 2008 assessment* rendered by the Maryland Department of Assessments and Taxation, which was in turn based directly upon the personal property tax return filed by the Debtor. The subject taxes pertain specifically to a store location in Prince George's County, Maryland that had been open less than one year prior to the petition date. Pursuant to §§14-804 and 14-805 of the Tax Property Article of the Annotated Code of Maryland, these property

Brett Christopher Beehler, VSB No. 40475
Meyers, Rodbell & Rosenbaum, P.A.
6801 Kenilworth Avenue, Suite 400
Riverdale Park, Maryland 20737
Telephone: (301) 699-5800
Attorneys for Prince George's County, Maryland

taxes are secured by a statutory, first priority lien upon all of the Debtor's assessed tangible business personal property in Prince George's County, Maryland as well as any proceeds resulting from the sale thereof. Given this was a new store, Debtor cannot reasonably deny that the County's taxes are fully secured by the collateral. The County believes that its claim is in fact over-secured by the Debtor's Prince George's County business personal property and/or the proceeds resulting from the sale thereof.

3. The Plan appears to classify the County's claim as a *"Class 1 Miscellaneous Secured Claim"* (hereinafter, "Class 1") and asserts that such claims are "unimpaired" and that the holders thereof are not entitled to vote under the Plan. Under the terms of Class 1, the Liquidating Trustee is permitted to pay Class 1 secured claims out of the Liquidating Trust without regard to the actual priorities among the Miscellaneous Secured Claims. The Plan specifically provides,

> "...No Distributions shall be made to the Holder of any Allowed Miscellaneous Secured Claim unless either (a) the Liquidating Trust has sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Miscellaneous Secured Claims or (b) the Liquidating Trust Oversight Committee consents to all or any portion of such Distribution." Plan III. B. 1.

The County's lien for its taxes is superior to all other liens upon the subject assessed business personal property and upon any proceeds resulting from the sale thereof. However, according to its terms, the Plan would allow the Liquidating Trustee to pay other Miscellaneous Secured Claims ahead of the County's claims, even from sale proceeds arising directly from the sale of the County's collateral. This provision effectively ignores the first priority lien of Prince George's County in its collateral and any proceeds resulting from the sale thereof.

2

4. To the extent that the Liquidating Trustee elects to pay other Miscellaneous Secured Claims ahead of the County's secured tax claim such that the County fails to receive the full amount of its claim, including interest, the County will clearly be impaired. The Plan violates 11 U.S.C. §1129(b)(2)(A)(j)(II), which provides in relevant part:

> "The condition that a plan be fair and equitable...includes... with respect to a class of secured claims the plan provides that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property."

The Plan also fails to provide any information as to what happens if there is insufficient cash available to pay all of the Allowed Miscellaneous Secured Claims in full. The Plan should provide that in such an event, Allowed Miscellaneous Secured Claims shall be paid in accordance with their respective lien priorities in the subject collateral and/or from the specific proceeds resulting from the sale thereof, with any demonstrated shortfall being treated as a priority tax under 11 U.S.C. 507(a)(8)(B).

5. The Plan fails to provide that interest will be paid on the County's secured tax claim as is required under    11 USC 506(b). Section 506(b) provides that to the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under agreement or State statute under which such claim arose. Section 511(a) further provides that if any provision of this title requires the payment of interest on any tax claim or on an administrative expense tax, or the payment of interest to enable a creditor to receive the present value of the

allowed amount of a tax claim, the rate of interest shall be the rate determined under applicable non-bankruptcy law. See 11 USC §511(a). Under Maryland law, the applicable interest rate for personal property taxes in Prince George's County, Maryland is eight percent (8%) per annum. See Md. Code Ann. Tax-Property Article §14-603(a). The Bankruptcy Code requires that the County be paid post-petition interest on its secured claim at the rate of eight percent (8%) per annum until fully paid. Absent the payment of interest in accordance with 11 U.S.C. 506(b) and 511(a), the Plan violates 11 U.S.C. § 1129(b)(2)(A)(j)(II) and cannot be confirmed.

WHEREFORE, Prince George's County respectfully prays that this Court:

1.  Deny confirmation of the Debtors' First Amended Joint Plan of Liquidation; and

2.  Grant such other and further relief as this Court deems appropriate.

Respectfully submitted,

Dated: November 5, 2009            **MEYERS, RODBELL & ROSENBAUM, P.A.**

By: /s/ Brett Christopher Beehler
Brett Christopher Beehler, VSB No. 40475
6801 Kenilworth Avenue, Suite 400
Riverdale Park, Maryland  20737
Telephone:    (301) 699-5800
Attorneys for Prince George's County, MD

## CERTIFICATE OF SERVICE

I Brett C. Beehler, hereby certify that a true and correct copy of Prince George's County's Objection To Debtor's First Amended Joint Plan of Liquidation was served by electronic means on the "2002" and "Core" lists and through ECF system which in turn will generate an electronic notice of filing to all parties registered to receive electronic notice from the Courts and was served via U.S. Mail upon the parties listed below on this 5h day of November, 2009.

Hon. Kevin Huennekens
United States Bankruptcy Court
Eastern District of Virginia
701 East Broad Street, Room 5000
Richmond, Virginia 23219

Office of the U.S. Trustee
701 E. Broad St. Suite 4304
Richmond, Virginia 23219-1888
Attn: Robert B. Van Arsdale;

Circuit City Stores, Inc.
P.O. Box 5695
Glen Allen, Virginia 23058-5695
Attn: Michelle Mosier

Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Attn: Gregg M. Galardi and Ian S. Fredericks

Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606
Attn: Chris L. Dickerson and Jessica S. Kumar

McGuireWoods LLP
One James Center
901 E. Cary St.
Richmond, VA 23219
Attn: Douglas M. Foley and Sarah B. Boehm

Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067
Attn: Jeffrey N. Pomerantz and Stanley E. Goldich

Pachulski Stang Ziehl & Jones, LLP
780 Third Ave., 36th Floor
New York, NY 10017
Attn: Robert J. Feinstein

Tavenner & Beran, PLC
20 N. Eighth Street, 2nd Floor
Richmond, VA 23219
Attn: Lynn L. Tavenner and Paula S. Beran

By: /s/ Brett C. Beehler
     Brett C. Beehler

| United States Bankruptcy Court<br>For the Eastern District of Virginia | | PROOF OF CLAIM<br>Chapter 11 |
|---|---|---|
| Name of Debtor: Circuit City Stores, Inc. | Case Number:<br>08-3-5653 KRH | No.<br>2431 |

Note: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Prince George's County, Maryland

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
Prince George's County, Maryland
c/o Meyers, Rodbell & Rosenbaum, P.A.
6801 Kenilworth Avenue, Suite 400
Riverdale, Maryland 20737-1385
Telephone No. 301-699-5800

☐ Check box if you have never received any notices from the bankruptcy court in this case.
☑ Check box if the address differs from the address on the envelope sent to you by the court.

Account or other number by which creditor identifies debtor:
16-3987575-10

Check here if this claim: ☐ replaces ☐ amends a previously filed claim dated _____

**1. Basis of claim:**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☑ Taxes
☐ Other (describe briefly)  Fiscal Year 2009 Personal Property Taxes

COPY

☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
☐ Wages, salaries and commissions (fill out below)
   Last four digits of SS#: ____
   Unpaid compensation for services performed
   from _____ to _____

**2. Date debt was incurred:**
Date of Finality: 1/1/2008
Due Date: 7/1/2008

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**  _____ $19,565.27 _____ $19,565.27
(unsecured)  (secured)  (priority)  (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☑ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☑ Other  Personal Property Taxes
Value of Collateral: Unknown
Amount of arrearage and other charges at time case filed included in secured claim, if any: $19,565.27

**6. Unsecured Nonpriority Claim**
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

RECEIVED
APR 27 2009
KURTZMANCARSONCONSULTANTS

Date: 4/21/2009

Sign and print the name and title, if any, of the creditor or person authorized to file this claim (attach copy of power of attorney, if any)
/s/M. Evan Meyers, Counsel for Prince George's County, Maryland

Penalty for Presenting Fraudulent Claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U.S.C. §§ 152 and 3571.

EXHIBIT "A"

PROOF OF CLAIM BY
PRINCE GEORGE'S COUNTY, MARYLAND
FOR PERSONAL PROPERTY TAXES
IN THE BANKRUPTCY OF
CIRCUIT CITY STORES, INC.
CHAPTER 11    CASE NO. 08-3-5653 KRH

In regard to: Personal Property Tax Account Number 16-3987575-10

| ORDER IN WHICH PAYMENTS ARE TO BE APPLIED: |
| --- |
| 1) Pre-petition interest & penalty<br>2) Total base tax, plus post-petition interest |

## PAYMENT CALCULATION:

| ITEM | AMOUNT | ANNUAL INTEREST RATE |
| --- | --- | --- |
| Pre-petition interest & penalty | $0.00 | 0% |
|  |  |  |
| Total base tax | $19,565.27 | 8.00% |
|  | $19,565.27 |  |

EXHIBIT "A"

PROOF OF CLAIM BY
PRINCE GEORGE'S COUNTY, MARYLAND
FOR PERSONAL PROPERTY TAXES
IN THE BANKRUPTCY OF
CIRCUIT CITY STORES, INC.
CHAPTER 11    CASE NO. 08-3-5653 KRH

In regard to: Personal Property Tax Account Number 16-3987575-10

The fiscal year 2009 Personal Property Tax bill is based on an assessment made as of January 1, 2008, became due on July 1, 2008, and delinquent as of February 1, 2009. As to this account, claimant claims base tax in the amount of $19,565.27 as of the petition date, November 10, 2008. From February 1, 2009, interest accrues at the statutory rate of 8% per annum on the amount of $19,565.27 in the monthly amount of $130.44 per month until the tax is paid in full.

Tax Lien

The above-referenced taxes constitute a first lien on the property owned by the Debtor located in Prince George's County, Maryland pursuant to Sections 14-804 and 14-805 of the Tax Property Article of the Annotated Code of Maryland.

Lgc1.ses

```
04/21/09 14:04:43           CORPORATION DETAIL INQUIRY              IQ003S03 V23
PG  1 OF  1 PID                                              DT/TM 08343 15:08:17
==>         FY 2009    ACCTNO 3987575        BTYPE 7    DS 16    OLDACCTNO    -
                                                 STATE ID F01227743  TWNCD 88
            BNAME CIRCUIT CITY       STORES, INC.
            BUS LOC
STATE            0 COUNTY      676180      TOWN/SN          0 TL/PP    1095960
INV# 001                    CNT      13496.55   CERTNO 000000    TICKNO 000013
TXCL   38   TWNCD/CL 88 00  STA          0.00
TRCD   09                   P&P       4716.36   LEN        0.00  LIENCD
TRDT   12 08 08             SAN        912.84
TRTM   15081                MUN          0.00
LEGIN                       WSTC       439.52   BATCHNO         DLQ DATE 02 09
LEGINF                      TOT TAX  19565.27   DATE PAID
RECV          0.00   RIP         0.00  TOT REC          0.00    MEMO
REFD          0.00   RFPD            CHCKNO            RFB#         DPY  N
                     TOT       19565.27                              STATUS 1
              MON  YR      INT/PEN         AMT DUE
              APR  2009      978.26        20543.53
              MAY  2009     1304.35        20869.62
USR116092 - LAST PAGE; NO MORE DATA
 PF3=FYR PF4=MN PF6=ORS PF7=BWD PF8=FWD PF10=PI PF14=BYR PF12=MM  MEMO=PF19
```