**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: ) | Case No. 08-35653-KRH-11 |
| ) | Jointly Administered |
| Circuit City Stores, Inc.., et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | |
| ) | |

**OBJECTION OF THE STATE OF CONNECTICUT,
DEPARTMENT OF REVENUE SERVICES TO THE DEBTORS'
<u>JOINT FIRST AMENDED PLAN OF REORGANIZATION</u>**

The State of Connecticut, Department of Revenue Services, (hereinafter, the "Department"), a tax creditor holding both administrative and pre-petition claims against the debtors in these proceedings, hereby objects to the First Amended Joint Plan of Reorganization (the "Plan") proposed by the Debtors and the Official Committee of Unsecured Creditors. In support of its objection, the Department states as follows:

1. On April 28, 2009, the Department filed a pre-petition claim in the case of Circuit City Stores, Inc. in the total amount of $907,217.49. That claim was designated as claim no. 12575 on the claims register and consists of a priority claim in the amount of $867,686.42 and a general unsecured claim in the amount of $39,531.07. The priority portion of the claim consists of the following: a corporation tax claim for the fiscal year ending 2/28/09 in the estimated amount of $20,000.00; a corporation tax audit assessment for the fiscal year ending 2/28/06 in the amount of $242,579.12; a sales tax audit assessment for the period 7/1/04 through 11/10/08 in the amount of $315,844.03; and a use tax audit assessment in the amount of $289,263.27.

2. On April 28, 2009, the Department filed a pre-petition priority claim in the case of Circuit City Purchasing Company, LLC. That claim was designated as claim no. 12577 on the claims register and consists of a sales and use tax audit assessment in the amount of $7,693.32.

3. Article III, Section 2A of the Plan provides that holders of allowed priority tax claims shall be entitled to:

> Regular installment Cash payments, occurring not less frequently than quarterly over a period not exceeding five (5) years after the Petition Date, in an aggregate principal amount equal to the unpaid portion of such A;;owed Priority Tax Claim, plus interest on the unpaid portion thereof at the Case Interest Rate from the Effective Date through the date of payment thereof or (ii) such other treatment as to which such Holder and the Debtors and/or the Liquidating Trustee shall have agreed upon in writing….

4. Article I, Section 1.15 of the Plan defines the Case Interest Rate as "the federal judgment rate provided in 28 U.S.C. §1961 in effect on the Petition Date, which is 1.12%."

5. The Department objects to confirmation of the Plan on the ground that the interest rate of 1.12% is inadequate in that it fails to comply with the requirements of §§ 1129(a)(9)(C) and 511(a) of the Bankruptcy Code.

6. Section 1129(a)(9)(C) of the Bankruptcy Code requires, as a condition of confirmation, that holders of priority tax claims receive an amount equal to the total value of their claims as of the effective date of the plan. Section 511(a) of the Bankruptcy Code provides:

> If any provision of this title requires the payment of interest on a tax claim or on an administrative expense tax, or the payment of interest to enable a creditor to receive the present value of the allowed amount of a tax claim, the rate of interest shall be the rate determined under applicable nonbankruptcy law.

7. Under Connecticut law, the applicable rate of interest on unpaid taxes is 12% per year. See Conn. Gen Stat. §§12-229, 12-235, and 12-415.

8. The Department submits, that in order to be confirmable, the Plan must provide for an interest rate of 12% per year on any deferred payments on Connecticut priority tax claims.

9. Additionally, the Plan is not clear as to whether interest will run from the Effective Date on priority tax claims that are disputed and later allowed. The Department submits in order to comply with §1129(a)(9)(C) of the Bankruptcy Code, the Plan must provide interest must run from the Effective Date of the Plan regardless of when the claim becomes allowed.

**WHEREFORE**, the Department respectfully requests: (1) confirmation of the Debtors' First Amended Joint Plan of Reorganization, as submitted, be denied; (2) such other an further relief as the Court deems just and proper..

Dated: Hartford, Connecticut
      November 9, 2009

                              STATE OF CONNECTICUT

                              DEPARTMENT OF REVENUE SERVICES

                              RICHARD BLUMENTHAL
                              ATTORNEY GENERAL

                         By:/s/ Denise Mondell
                           Denise Mondell (CT # 11727)
                           Assistant Attorney General
                           Office of the Attorney General
                           55 Elm Street, 4th Floor
                           P.O. Box 120
                           Hartford, Connecticut 06141-0120
                           Tel:  (860) 808-5150
                           Fax:  (860) 808-5383

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653-KRH-11 |
| | ) | Jointly Administered |
| Circuit City Stores, Inc.., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | |
| | ) | |

**CERTIFICATION OF SERVICE**

I hereby certify that on November 9, 2009, a copy of the foregoing Objection of the State of Connecticut Department of Revenue Services to the Debtors' First Amended Joint Plan of Reorganization was served through the Court's Electronic Case Filing (ECF) System on those parties registered to receive notice by electronic means and sent by first class mail, postage to the following:

**The Debtors**
Circuit City Stores, Inc.
P.O. Box 5695
Glen Allen, VA 23058-5695
Attn: Michelle Mosier

**Counsel for the Debtors**
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square, P.O. Box 636
Wilmington, DE 19899-636
Attn: Gregg M. Galardi, Esq. and
Ian S. Fredericks, Esq.

**Counsel for the Debtors**
Skadden, Arps, Slate, Meagher & Flom, LLP
155 West Wacker Drive
Chicago, IL 60606
Attn: Chris L. Dickerson, Esq. and
Jessica S. Kumar, Esq.

**Counsel for the Debtors**
McGuire Woods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Attn: Douglas M. Foley, Esq. and
 Sarah B. Boehm, Esq.

**Counsel for the Creditors' Committee**
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067
Attn: Jeffrey N. Pomerantz, Esq. and
Stanley E. Goldich, Esq.

**Counsel for the Creditors' Committee**
Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 36th Floor
New York, NY 10017
Attn: Robert J. Feinstein, Esq.

**Counsel for the Creditors' Committee**
Tavenner & Beran, PLC
20 N. Eighth Street, Second Floor
Richmond, VA 23219
Attn: Lynn L. Tevenner, Esq. and
Paula S. Beran, Esq.

**Office of the U.S. Trustee**
Office of the U.S. Trustee for the
Eastern District of Virginia
701 East Broad Street, Suite 4303
Richmond, VA 23219
Attn: Robert B. Van Ardsdale, Esq.

/s/ Denise Mondell
Denise Mondell (CT # 11727)
Assistant Attorney General