W. Joel Charboneau, Esq. (VSB #68025)
Magee Goldstein Lasky & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003-0404
 (540) 343-9800
 (540) 343-9898 FAX
jcharboneau@mfgs.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 11 |
| CIRCUIT CITY STORES, INC. et al., | ) | |
| | ) | CASE No. 08-35653 |
| Debtors. | ) | |
| | ) | |
| NANCY BOOTH and, | ) | |
| CHARLES BOOTH, | ) | |
| | ) | |
| Movants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CIRCUIT CITY STORES, INC. et al. | ) | |
| | ) | |
| Respondents. | ) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Nancy and Charles Booth (the "Movants"), by counsel, respectfully move the Court for relief from the automatic stay pursuant § 362(d) of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), to allow them to liquidate their personal injury claims. In support of this Motion, the Movants state as follows:

1.     The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157, 1334(b) and 11 U.S.C. § 362(d).

2.     This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      On November 10, 2008, the above–referenced Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Movants assert personal injury claims against the above-referenced Debtor.  On January 28, 2009, the Movants filed proof of claim number 7595.  The Movants' proof of claim has not been disallowed and any objection to the Movants' proof of claim has been withdrawn.  Proof of claim number 7595 is incorporated by reference.

5.      At the time the Movants' claim(s) arose, the Debtor was insured Old Republic Insurance Company.  The Movants, by counsel, have requested the Debtors counsel to provide the Movants with information on the nature of the insurance policy in an effort to avoid litigation.  The Movants received no response to their request.

6.      Regardless of whether the Debtor was insured or self-insured, good cause exists to modify and/or terminate the stay to allow the Movants to liquidate their claims(s) and to allow Movants to establish their rights, if any, to the proceeds of any insurance policy providing coverage for the losses suffered by the Movants, if any.  This Court does not have jurisdiction to hear the causes of action arising from the personal injuries suffered by the Movants.  28 U.S.C. § 157(b)(2)(B).  The Movants claims, however, will have to be liquidated.  The Movants seek relief from the stay so that they can liquidate their claims and enforce their claims against any appropriate third parties.  Therefore, the Movants should be granted relief from the stay.

7.      Additionally, and among other reasons, good cause exists because the Debtor is now in a liquidating chapter 11 case and it will not receive a discharge.  Notwithstanding that fact, the plan contains proposed injunctions that are equivalent to a discharge and, if the plan if confirmed, purport to prevent the commencement or continuation of actions against the estates and other parties.

However, the Debtors' first amended plan states that no distributions shall be made on account of unliquidated claims. This Court cannot liquidate the Movants' claims, and the Movants' claims must be liquidated for them to receive their share of any distribution. Therefore, entry of an order authorizing the Movants to liquidate their claims in outside of this Court is appropriate.

8.      The projections attached to the Debtors' proposed plan show that the general unsecured creditors such as the Movants will likely receive a nominal distribution, if any, from the Debtors. Therefore, it will not benefit the estate for the Debtors to oppose this motion as the impact of the liquidation of the Movants' $200,000.00 claim will be insignificant to the Debtors, but is necessary for the Movants to be able to participate in any distribution.

9.      The Movants request that any requirement of a written memorandum of points and authorities be waived as no novel issues of law are raised in this motion.

WHEREFORE, the Movants, by counsel, respectfully request entry of an order substantially in the form of the proposed order attached as Exhibit A granting them relief from the automatic stay provisions of 11 U.S.C. § 362 so they may liquidate their claims and enforce any judgment against any appropriate third parties.

Date: November 9, 2009

Respectfully submitted,

/s/ W. Joel Charboneau

W. Joel Charboneau (VSB#68025)
Magee, Foster, Goldstein & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003
540-343-9800
540-343-9898 (f)
cmagee@mfgs.com
jcharboneau@mfgs.com

## **\*\*NOTICE OF MOTION AND HEARING\*\***

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not wish the Court to grant the relief sought in this motion, or if you want the Court to consider your views on the motion, then within fifteen (15) days from the date of service of this motion, you must file a written response explaining your position with the Court at the following address: **Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, VA 23219,** and serve a copy on the movant's attorney at the address shown above. Unless a written response is filed and served within this fifteen day period, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief.

If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive in on or before the expiration of the fifteen day period.

Attend the preliminary hearing scheduled to be held on: **DECEMBER 7, 2009 at 2:00 p.m.; in Courtroom 5000, United States Bankruptcy Court, 701 East Broad Street, Richmond, Virginia 23219.**

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

## **CERTIFICATE OF SERVICE**

I certify that on November 9, 2009, I served copies of the foregoing by electronic mail on the entities comprising the Primary Service List (as defined in Exhibit A to the Order dated November 12, 2008, governing notice procedures).

By: /s/ W. Joel Charboneau

U:\A CLIENTS\Briskman and Briskman\Mtn for Relief From Stay.doc

# EXHIBIT A

W. Joel Charboneau, Esq. (VSB #68025)
Magee Goldstein Lasky & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003-0404
 (540) 343-9800
 (540) 343-9898 FAX
jcharboneau@mfgs.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 11 |
| CIRCUIT CITY STORES, INC. et al., | ) | |
| | ) | CASE No. 08-35653 |
| Debtors. | ) | |
| | ) | |
| NANCY BOOTH and, | ) | |
| CHARLES BOOTH, | ) | |
| | ) | |
| Movants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CIRCUIT CITY STORES, INC. et al. | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER GRANTING RELIEF FROM STAY

At _____, in this district this _____ day of _____, 200__.

The matter before the Court is a Motion for Relief from Stay ("Motion") filed by the above-referenced Movants.  Having reviewed the Motion and the Debtors' first amended plan, the Court finds that: (1) the Movants' claim must be liquidated in order for it to share in any distribution; (2) the state court is the proper court to hear and determine the Movants' claims against the Debtors; and (3) cause exists to grant the relief requested by the Movants.  It is accordingly

ORDERED

that the Motion shall be and is GRANTED and the automatic stay shall be and is MODIFIED to allow the Movants to liquidate their claims against the Debtors and enforce their claims against any appropriate third parties.

The Clerk is directed to send a copy of this Order to W. Joel Charboneau via electronic notification of filing and he shall serve a copy upon the Debtors.

Date:  _____

_____
United States Bankruptcy Judge

REQUESTED:
Nancy and Charles Booth

By: /s/ W. Joel Charboneau

W. Joel Charboneau (VSB # 68025)
Magee, Foster, Goldstein & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003
540-343-9800 (T)
540-343-9898 (F)

U:\A CLIENTS\Briskman and Briskman\ORDER.doc