Gregg M. Galardi, Esq.                  Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                 Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &         MCGUIREWOODS LLP
FLOM, LLP                               One James Center
One Rodney Square                       901 E. Cary Street
PO Box 636                              Richmond, Virginia 23219
Wilmington, Delaware 19899-0636         (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
                              :    Jointly Administered
        Debtors.              x
- - - - - - - - - - - - - - -
```

**CONSENT MOTION OF THE DEBTORS FOR ENTRY OF STIPULATION, AGREEMENT AND ORDER BY AND AMONG THE DEBTORS AND BANK OF AMERICA, N.A., AS AGENT, REGARDING RESOLUTION OF CERTAIN CLAIMS AND FOR RELATED RELIEF**

With the consent of Bank of America, N.A., on account of the lenders party to the Second Amended and Restated Credit Agreement (the "Pre-Petition Lenders"), and the statutory committee of unsecured creditors (the

"Creditors' Committee"), the debtors and debtors in possession in the above-captioned jointly administered cases (the "Debtors")[1] hereby move (the "Motion"), for entry of the Stipulation, Agreement and Order by and among the Debtors and Bank of America, N.A., as Agent Regarding Resolution of Certain Claims and For Related Relief, attached hereto as <u>Exhibit A</u> (the "Stipulation and Order").  The Stipulation and Order is an agreement between the Debtors and the Pre-Petition Lenders resolving, among other things, certain claims asserted by the Pre-Petition Lenders.  The Debtors respectfully request that the Court enter the Stipulation and Order.

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

| | |
|---|---|
| Dated: November 9, 2009<br>Richmond, Virginia | SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>P.O. Box 636<br>Wilmington, Delaware 19899-0636 (302) 651-3000<br><br>- and -<br><br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Chris L. Dickerson, Esq.<br>155 North Wacker Drive<br>Chicago, Illinois 60606<br>(312) 407-0700<br><br>- and -<br><br>/s/ Douglas M. Foley<br>Dion W. Hayes (VSB No. 34304)<br>Douglas Foley (VSB No. 34364)<br>One James Center<br>901 E. Cary Street<br>Richmond, Virginia 23219<br>(804) 775-1000<br><br>Counsel for Debtors and Debtors in Possession |

**EXHIBIT A**

**(Stipulation and Order)**

Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &        MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

         - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - - -x
                                :
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :
               Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - - -x
```

**STIPULATION, AGREEMENT AND ORDER BY AND AMONG THE DEBTORS AND BANK OF AMERICA, N.A., AS AGENT, REGARDING RESOLUTION OF CERTAIN CLAIMS AND FOR RELATED RELIEF**

This stipulation and agreement (the "Stipulation") is made this 9th day of November, 2009 by and between Circuit City Stores, Inc. and its associated debtors and debtors in possession in the above-captioned

cases (collectively, the "Debtors")[1] and the Pre-Petition Lenders (as defined herein). Circuit City and the Pre-Petition Lenders are collectively referred to herein as the "Parties".

**A.  The Bankruptcy Cases.**

WHEREAS, on November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for chapter 11 relief with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").

WHEREAS, the Debtors are continuing as debtors in possession pursuant to sections 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code").

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

2

trustee or examiner has been appointed in these chapter 11 cases.

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to commence liquidation and conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  The going out of business sales concluded on or about March 8, 2009.

WHEREAS, on September 29, 2009, the Debtors and the Creditors' Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan").  The associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, and confirmation on the Plan is currently scheduled for November 23, 2009.

3

WHEREAS, generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code.

**B.    The DIP Facility.**

WHEREAS, on November 12, 2008, the Court entered an interim order (the "Interim DIP Order," Docket No. 83) authorizing the Debtors to enter into a $1.1 billion post-petition financing facility (as amended, modified or supplemented, the "DIP Facility"), governed by that certain Senior Secured Super-Priority Debtor-In-Possession Credit Agreement (as amended, modified or supplemented, the "DIP Credit Agreement") by and between, among others, Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., Circuit City Stores PR, LLC, and InterTAN Canada Ltd. (the "DIP Borrowers"), Bank of America, N.A., as administrative agent and collateral agent (the "DIP Agent"), and the lenders party thereto (together with the DIP Agent, the "DIP Lenders").

WHEREAS, On December 23, 2008, this Court entered a final order approving entry into the DIP Credit Agreement (the "Final DIP Order," Docket No. 1262). Under the Final DIP Order, the Debtors were authorized to enter into the DIP Facility on a final basis.

WHEREAS, on February 19, 2009, this Court entered the Final Order Approving Third Amendment to Senior Secured Super-Priority Debtor-In-Possession Credit Agreement and Modifying Final Order Entered Pursuant to 11 U.S.C. Sections 105, 361, 362, 363 and 364 and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Incurrence by the Debtors of Post-Petition Secured Indebtedness and With Administrative Superpriority, (II) Granting Liens, (III) Authorizing Use of Cash Collateral by the Debtors Pursuant to 11 U.S.C. Section 363 and Providing for Adequate Protection and (IV) Modifying the Automatic Stay (the "Order Approving the Third Amendment," Docket No. 2252, and together with the Interim DIP Order and the Final DIP Order, the "DIP Orders")[2] approving the third amendment to the DIP Credit Agreement (the "Third Amendment").

WHEREAS, prior to the Petition Date, the Debtors were parties to that certain Second Amended and Restated Credit Agreement (as amended, modified or supplemented, the "Pre-Petition Credit Agreement"), dated January 31, 2008, by and between, among others, certain

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Orders.

5

of the Debtors and InterTAN Canada, Ltd. (collectively, the "Pre-Petition Borrowers"), Bank of America, N.A., as administrative agent and collateral agent (the "Pre-Petition Agent"), and the lenders party thereto (together with the Pre-petition Agent, the "Pre-Petition Lenders").

WHEREAS, pursuant to the Interim DIP Order and the Final DIP Order, the proceeds of the DIP Facility were used, in part, to pay in full the claims of the Pre-Petition Lenders on account of the Pre-Petition Financing Agreements (the "Pre-Petition Debt"), subject to the right of the Creditors' Committee to assert any claims against the Pre-Petition Lenders during the Challenge Period.

WHEREAS, the Challenge Period expired on April 30, 2009 and none of the Debtors, the Creditors' Committee nor any other party in interest asserted any claims against the Pre-Petition Agent, the Pre-Petition Lenders or the Pre-Petition Debt and accordingly, the Pre-Petition Debt is an allowed secured claim.

**C.    The Pre-Petition Secured Claims.**

WHEREAS, the Pre-Petition Agent has filed certain proofs of claim with respect to the Pre-Petition

6

Debt.  In particular, the Pre-Petition Agent has filed claims numbered 10867, 11024, 11025, 11026 and 11084 (collectively, the "Pre-Petition Secured Claims"), on behalf of the Pre-Petition Lenders, as reflected on the Debtors' claims agent's register.

WHEREAS, pursuant to the DIP Orders, the Debtors do not have any outstanding borrowings under the Pre-Petition Credit Agreement and, accordingly, the Pre-Petition Secured Claims have been satisfied.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and intending to be legally bound hereby, upon order of the Bankruptcy Court as contemplated hereby (the "Order"), the Parties hereto stipulate as follows:

1. Each of the Pre-Petition Secured Claims (and any other filed scheduled or filed claims of the Pre-Petition Agent and the Pre-Petition Lenders with respect to the Pre-Petition Debt) has been paid in full and are not subject to disgorgement.

2. Accordingly, each of the Pre-Petition Secured Claims (and any other filed scheduled or filed claims of the Pre-Petition Agent and the Pre-Petition

7

Lenders with respect to the Pre-Petition Debt) shall be deemed satisfied.

3. Nothing herein shall impair, restrict or otherwise limit (or enhance, expand, or otherwise improve) the DIP Lenders' rights or claims under the DIP Facility, the DIP Credit Agreement or the DIP Orders, the Pre-Petition Lenders' rights or claim under the DIP Orders or the Debtors' rights or obligations with respect thereto.

4. The Debtors ratify, confirm and reaffirm the release which they granted to the Pre-Petition Lenders in the DIP Orders; provided, however, that nothing in this paragraph shall expand or be deemed to expand, or construed as expanding, such release and nothing herein shall constitute a release of the DIP Lenders under the DIP Facility, the DIP Credit Agreement or the DIP Orders.

5. Upon entry of the Order by the Bankruptcy Court, this Stipulation shall be binding upon and shall inure to the benefit of each of the Parties and each of their respective successors and assigns.

6. The Creditors' Committee, by the signature of its counsel to this Stipulation, acknowledges

8

and agrees that the Pre-Petition Debt, which has been satisfied in full and is no longer a claim against the Debtors' estates, was an allowed secured claim for all purposes.

7. The Bankruptcy Court shall retain exclusive jurisdiction to hear and determine all matters relating to or arising from this Stipulation.

8. This Stipulation contains the entire agreement and understanding between the Parties with respect to the subject matter hereof, and supersedes and replaces all prior negotiations or proposed agreements, written or oral.

9. This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, but all of which, together will constitute one and the same agreement. This Stipulation may be executed by facsimile or electronic signature which shall have the same force and effect as an original signature.

IN WITNESS WHEREOF, the Parties have set their hands in agreement as of the date written above.

**CIRCUIT CITY STORES, INC., on behalf of the Debtors and Debtors in Possession**

By:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for the Debtors and Debtors in Possession

**BANK OF AMERICA, N.A., on behalf of the Pre-Petition Lenders**

By:

RIEMER & BRAUNSTEIN LLP
David S. Berman
Marjorie S. Crider
Three Center Plaza
Boston, Massachusetts 02108

– and –

LECLAIRRYAN, A PROFESSIONAL CORPORATION

/s/ Bruce H. Matson
Bruce H. Matson (Va. Bar No. 22874)
Katherine M. Mueller (Va. Bar No. 44302)
Christian K. Vogel (Va. Bar No. 75537)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219


Counsel for Bank of America

**OFFICIAL COMMITTEE OF CREDITORS HOLDING**
**GENERAL UNSECURED CLAIMS**

By:

PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski, Esq.
Jeffrey N. Pomerantz, Esq.
Stanley E. Goldich, Esq.
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100

                – and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, NY 10017-2024

                – and –

TAVENNER & BERAN, PLC

/s/ Paula S. Beran
Lynn L. Tavenner, Esq. (VSB No. 30083)
Paula S. Beran, Esq. (VSB No. 34679)
20 North Eighth Street
Second Floor
Richmond, Virginia 23219


Counsel for the Creditors' Committee

**ORDER**

Upon consideration of the foregoing, it is hereby:

ORDERED, that the Stipulation is hereby approved in its entirety; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Stipulation and Order.

Dated:  Richmond, Virginia
        _____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                      /s/ Douglas M. Foley
                                      Douglas M. Foley