**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | | |
|---|---|---|
| **In re:** | * | |
| **CIRCUIT CITY STORES, INC., et al.,** | * | Case No: 08-35653-KRH |
| | | **Chapter 11** |
| **Debtors,** | * | **(Jointly Administered)** |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**RESPONSE IN OPPOSITION TO DEBTORS' FIFTY-FIRST**
**OMNIBUS OBJECTION TO CLAIMS**

TeleDynamics LLP ("TeleDynamics"), by counsel, hereby responds to and opposes the Debtors' (I) Fifty-First Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference [Docket No. 5214], and states as follows:

1.  TeleDynamics is a creditor of Circuit City Stores, Inc. and its related debtors (the "Debtors") in a variety of capacities, including as the holder of an administrative claim under 11 U.S.C. Sec. 503(b)(9).

2.  On October 13, 2009, the Debtors filed the Debtors' (I) Fifty-First Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference [Docket No. 5214] (the "Objection") and the Debtors' Brief in Support of Debtors' (I) Fifty-First Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference [Docket No. 5217].

---

WHITEFORD, TAYLOR & PRESTON L.L.P.
Christopher A. Jones (VSB # 40064)
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-9263
(703) 280-9139 (facsimile)
cajones@wtplaw.com

Counsel for TeleDynamics, LLP

3. Through the Omnibus Claim Objection, the Debtors seek an order from the Court that would allow, pursuant to 11 U.S.C. Sec. 502(d), the Debtors to "setoff" alleged preferential transfers made to TeleDynamics against TeleDynamics' valid and timely filed administrative claim under 11 U.S.C. Sec. 503(b)(9). The Debtors' take this position without providing any evidence supporting the alleged preferential payment and without seeking any recovery for such payment under 11 U.S.C. Secs. 547 and 550.

4. The Debtors attempts fail for several reasons. First, as the majority of courts have held, 11 U.S.C. Sec. 502(d) does not apply to administrative expense claims allowable under 11 U.S.C. Sec. 503. See, e.g., In re Ames Dept. Stores, Inc., 2009 U.S. App. LEXIS 20764, *15-17 (2d Cir. Sept. 18, 2009) (summarizing cases); In re Plastech Engineered Prods., 394 B.R. 147, 151 (Bankr. E.D. Mich. 2008). As the Ames Court makes clear, the "structure and context of section 502(d) suggests that Congress intended . . . to differentiate between claims and administrative expenses, and not to apply [section 502(d)] to the latter. Section 502, in conjunction with section 501, provides a procedure for the allowance of claims that is entirely separate from the procedure for allowance of administrative expenses under section 503." 2009 U.S. App. LEXIS 20764, *18. The Debtors have cited no binding authority to the contrary and the rationale of the Ames and Plastech courts is persuasive and should be followed by this Court.

5. Second, even assuming that the 11 U.S.C. Sec. 502(d) can be utilized as an offset to an administrative claim under 11 U.S.C. Sec. 503(b)(9), the Debtors have not obtained a judgment to avoid any transfers to Teledyanmics, a prerequisite to utilizing 11 U.S.C. Sec. 502(d) setoff rights. See Gold v. Eccleston (In re Dornier Aviation Dornier Aviation (North America), Inc.), 320 B.R. 831, 836 (E.D. Va. 2005) (stating that section 502(d) applies "only

when a fixed amount of adjudicated preference liability remains unpaid – not when an avoidance action has not yet been litigated") (citations omitted).  Until the Debtors have obtained such judgment, the relief sought in the Omnibus Claim Objection is premature and should be denied.

For the foregoing reasons, TeleDynamics hereby opposes the relief sought in the Omnibus Claim Objection and requests that the Court enter an Order denying the relief sought by the Debtor therein and granting such other relief as the Court deems appropriate.[1]

Dated:  November 10, 2009                      Respectfully submitted,


/s/ Christopher A. Jones
WHITEFORD, TAYLOR & PRESTON L.L.P.
Christopher A. Jones (VSB # 40064)
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-9263
(703) 280-9139 (facsimile)
cajones@wtplaw.com

*Counsel for TeleDynamics, LLP*

---

[1] TeleDynamics joins and incorporates by reference the arguments raised in the various pleadings in opposition to the Debtors Forty-Eighty, Forty-Ninth, Fiftieth, Fifty-First and Fifty-Second Omnibus Objections, which all support the denial of the relief requested by the Debtors'.

3

## CERTIFICATE OF SERVICE

I certify that on this 10th day of November, 2009, a copy of the foregoing was served via the Court's electronic notification system to all parties receiving such notice.

/s/ Christopher A. Jones
Counsel

*17711v1*