Mona M. Murphy, Esquire
Virginia Bar No. 21589
Stanley M. Salus, Esquire
Virginia Bar No. 00464
Michael Goldberg, Esquire
Akerman Senterfitt LLP
8100 Boone Boulevard, Suite 700
Vienna, Virginia  22182-2642
(703) 790-8750
*Counsel to Samsung Electronics America, Inc.*
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CIRCUIT CITY STORES, INC.** | ) | **Case No. 08-35653 (KRH)** |
| | ) | **(Chapter 11)** |
| | ) | |
| Debtor. | ) | **Jointly Administered** |

### SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION UNDER FED. R. BANKR. P. 3020(a) FOR ORDER REQUIRING CONFIRMATION DEPOSIT AND JOINDER TO MOTION OF PIONEER ELECTRONICS FOR SAME

Samsung Electronics America, Inc. ("Samsung"), claimant herein, pursuant to Rule 3020(a) of the Federal Rules of Bankruptcy Procedure (the "Rules" and each a "Rule"), moves the Court for an order requiring the Debtors to establish a confirmation deposit account of the funds required to be distributed on confirmation in connection with the Debtors' First Amended Joint Plan of Liquidation or any such plan of liquidation that is ultimately confirmed by the Court.  As grounds therefor, Samsung states as follows:

### Jurisdiction and Venue

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case is pursuant to 28 U.S.C. §§ 1408.  This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(L) and (O).

## **Procedural Background**

2.   The Debtors filed their voluntary petitions under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C § 101 *et seq.* (the "Code") on November 10, 2008.

3.   Samsung timely filed three proofs of claim in this case.  Samsung's Claim No. 1425, in the amount of $19,262,466.96, is a reclamation claim under Section 503(b)(9) of the Code (the "Reclamation Claim").

4.   Samsung's Claim No. 2144 and Claim No. 2425 are identical general unsecured claims in the amount of $122,577,855.01.[1]

5.   The Debtors filed their First Amended Joint Plan of Liquidation (the "Plan") on September 29, 2009 [Dkt. No. 5124].  The Plan is currently scheduled for a confirmation hearing on November 23, 2009.

6.   On October 13, 2009, the Debtors filed their (I) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference [Dkt. No. 5216] (the "Reclamation Claims Objection") with a Brief in Support thereof [Dkt. No. 5217] ("Debtors' Brief"), seeking an order "temporarily disallowing each of the claims identified on Exhibit C up to the amount of the Preferential Transfers . . . pending return of the Preferential Transfers."  Recl. Obj. ¶ 9.

7.   Samsung's Claim No. 1425 is listed on Debtors' Exhibit C to the Reclamation Claims Objection in the docketed amount of $19,262,466.96.  Exhibit C also shows that the Debtor now claims a preference of $51,466,693.00 against Samsung, which it seeks to set off against

---

[1] Claim No. 2144 was disallowed as a duplicate of Claim No. 2425, pursuant to the Order Sustaining Debtors' Tenth Omnibus Objection to Certain Duplicate Claims.  In the Debtors' Twenty-Third Omnibus Objection to Claims (Modification of Certain Duplicate 503[b][9] Claims), the Debtors seek to disallow portions of Samsung's general unsecured claims to the extent the Reclamation Claim is also asserted as a general unsecured claim.  Thus, the Debtors sought to reduce the amount of Claim No. 2425 by $19,262,466.96, which represents the amount of the Reclamation Claim.  Samsung filed a Response to the Debtors' Twenty-Third Omnibus Objection to Claims, reserving its right to maintain the full amount of its claims, whether they be administrative or general unsecured claims.  The hearing on the Twenty-Third Objection is scheduled for December 7, 2009.

Samsung's Claim No. 1425 by "temporarily disallowing" such claim until such time as Samsung returns the allegedly preferential transfer to the estate. *See* Debtors' Br. at 4.

8.   Samsung is informed and believes that the Debtors have filed additional omnibus claims objections to all Section 503(b)(9) claims on essentially the same grounds as those asserted against Samsung and the other creditors listed in the Reclamation Claims Objection, *i.e.*, that such creditors may have received preferential transfers that could be avoidable under Section 547(b).

9.   On November 4, 2009, Pioneer Electronics, another creditor herein, filed its Motion of Pioneer Electronics under Fed. R. Bankr. P 3020(a) for Order Requiring Confirmation Deposit ("Pioneer's 3020(a) Motion") [Dkt. No. 5461], seeking relief under Rule 3020(a) prior to the entry of any confirmation order.  Pioneer's 3020(a) Motion is set for hearing on November 23, 2009 at 10:00 a.m.

## Relief Requested

10. Samsung seeks an order from the Court under Rule 3020(a) requiring the Debtors to put into escrow all of the funds necessary to pay all claims required to be paid on the effective date of the Plan, including the Section 503(b)(9) expense claims.

## Basis for Relief

11. Although the Plan purports to provide for payment of administrative claims under Section 507(a)(2), in fact, the Debtors impermissibly seek to delay payment of the Section 503(b)(9) claims until resolution of the preference claims that are the subject of the Reclamation Claims Objection and other Section 503(b)(9) omnibus objections filed by the Debtors.  Thus, the Plan seeks to avoid the requirement of equal priority for all Section 507(a)(2) administrative

expense claims by delaying payment on the Section 503(b)(9) claims until some future date when the estates may, in fact, be administratively insolvent.

12. The Court has authority under Rule 3020(a) to grant the requested relief. A deposit under Rule 3020(a) is appropriate where, as here, there is a question about the ability of the plan proponent to perform its plan. *See 9 Collier, On Bankruptcy,*¶ 3020.01 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.).

### Joinder

13. As further grounds for the relief requested, Samsung joins with Pioneer's 3020(a) Motion and Pioneer's legal arguments and conclusions regarding the Debtors' strategy in filing the Reclamation Claims Objection and other Section 503(b)(9) omnibus objections, as set forth in its Memorandum of Points and Authorities in Support filed therewith on November 4, 2009.

### Request for Hearing

1. Samsung requests that hearing on this Motion be scheduled for November 23, 2009 at 10:00 a.m., immediately before the current hearing scheduled on Plan confirmation, and following the currently scheduled hearing on Pioneer's 3020(a) Motion, at

> United States Bankruptcy Court
> 701 East Broad Street - Courtroom 5000
> Richmond, VA 23219

Samsung is filing herewith a Motion for Expedited Hearing in order to fix the hearing on this date on a shortened notice period since Rule 3020(a) provides that a deposit order is to precede any confirmation order.

## <u>Waiver of Memorandum</u>

Samsung has set forth the facts and supporting reasons establishing the basis for its

Motion herein and requests that the Court waive the requirement of a separate memorandum

pursuant to Local Bankruptcy Rule 9013-1(G).

WHEREFORE, Samsung respectfully requests that this Court enter an order under Rule

3020(a) requiring the Debtors to put into escrow all of the funds necessary to pay all claims

required to be paid on the effective date of the Plan, including the Section 503(b)(9) expense

claims, and granting such other and further relief as this Court deems just and proper.


Respectfully submitted,

**DATED:** November 10, 2009          **AKERMAN SENTERFITT LLP**


By:      /s/ Mona M. Murphy
Mona M. Murphy, Esquire
Virginia Bar No. 21589
8100 Boone Boulevard, Suite 700
Vienna, VA  22182-2642
tel.:  (703) 790-8750
fax:  (703) 448-1767
mona.murphy@akerman.com

Michael Goldberg, Esquire
(admitted pro hac vice)
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL  33301-2229
Phone:  (954) 463-2700
Fax:  (954) 463-2224
Email:  michael.goldberg@akerman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of November, 2009, a copy of the foregoing Motion was sent to the United States Trustee, counsel for the Debtors, counsel for the unsecured creditors committee, and all creditors and parties-in-interest who are included in the United States Bankruptcy Court's ECF e-mail notification system for this case, by virtue the electronic filing of same.  In addition, electronic mail notice was given to Debtor's counsel and the United States Trustee.

 /s/ Mona M. Murphy
Mona M. Murphy