Mona M. Murphy, Esquire
Virginia Bar No. 21589
Stanley M. Salus, Esquire
Virginia Bar No. 00464
Michael Goldberg, Esquire
Akerman Senterfitt LLP
8100 Boone Boulevard, Suite 700
Vienna, Virginia  22182-2642
(703) 790-8750
*Counsel to Samsung Electronics America, Inc.*
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CIRCUIT CITY STORES, INC.** | ) | Case No. 08-35653 (KRH) |
| | ) | **(Chapter 11)** |
| | ) | |
| **Debtor.** | ) | **Jointly Administered** |

### SAMSUNG ELECTRONICS AMERICA, INC.'S  MOTION FOR AN EXPEDITED HEARING ON SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION UNDER FED. R. BANKR. P. 3020(a) FOR AN ORDER REQUIRING CONFIRMATION DEPOSIT

Samsung Electronics America, Inc. ("Samsung"), claimant herein, pursuant to Local Rule 9013-1(N) of the Bankruptcy Court for the Eastern District of Virginia (the "Local Rules" and each a "Local Rule"), requests that the Court set an expedited hearing on Samsung's Motion Under Fed. R. Bankr. P. 3020(a) for an Order Requiring Confirmation Deposit filed herewith (the "Motion"), and as grounds therefore states as follows:

### Jurisdiction and Venue

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this case is pursuant to 28 U.S.C. §§ 1408.   This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(L) and (O).

**Procedural Background**

2. The Debtors filed their voluntary petitions under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C § 101 *et seq.* (the "Code") on November 10, 2008.

3. Samsung timely filed three proofs of claim in this case. Samsung's Claim No. 1425, in the amount of $19,262,466.96, is a reclamation claim under Section 503(b)(9) of the Code (the "Reclamation Claim").

4. Samsung's Claim No. 2144 and Claim No. 2425 are identical general unsecured claims in the amount of $122,577,855.01.[1]

5. The Debtors filed their First Amended Joint Plan of Liquidation (the "Plan") on September 29, 2009 [Dkt. No. 5124]. The Plan is currently scheduled for a confirmation hearing on November 23, 2009.

6. On October 13, 2009, the Debtors filed their (I) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference [Dkt. No. 5216] (the "Reclamation Claims Objection") with a Brief in Support thereof [Dkt. No. 5217] ("Debtors' Brief"), seeking an order "temporarily disallowing each of the claims identified on Exhibit C up to the amount of the Preferential Transfers . . . pending return of the Preferential Transfers." Recl. Obj. ¶ 9.

7. Samsung's Claim No. 1425 is listed on Debtors' Exhibit C to the Reclamation Claims Objection in the docketed amount of $19,262,466.96. Exhibit C also shows that the Debtor now claims a preference of $51,466,693.00 against Samsung, which it seeks to set off against

---

[1] Claim No. 2144 was disallowed as a duplicate of Claim No. 2425, pursuant to the Order Sustaining Debtors' Tenth Omnibus Objection to Certain Duplicate Claims. In the Debtors' Twenty-Third Omnibus Objection to Claims (Modification of Certain Duplicate 503[b][9] Claims), the Debtors seek to disallow portions of Samsung's general unsecured claims to the extent the Reclamation Claim is also asserted as a general unsecured claim. Thus, the Debtors sought to reduce the amount of Claim No. 2425 by $19,262,466.96, which represents the amount of the Reclamation Claim. Samsung filed a Response to the Debtors' Twenty-Third Omnibus Objection to Claims, reserving its right to maintain the full amount of its claims, whether they be administrative or general unsecured claims. The hearing on the Twenty-Third Objection is scheduled for December 7, 2009.

Samsung's Claim No. 1425 by "temporarily disallowing" such claim until such time as Samsung returns the allegedly preferential transfer to the estate.  *See* Debtors' Br. at 4.

8. Samsung is informed and believes that the Debtors have filed additional omnibus claims objections to all Section 503(b)(9) claims on essentially the same grounds as those asserted against Samsung and the other creditors listed in the Reclamation Claims Objection, *i.e.*, that such creditors may have received preferential transfers that could be avoidable under Section 547(b).

9. On November 4, 2009, Pioneer Electronics, another creditor herein, filed its Motion of Pioneer Electronics under Fed. R. Bankr. P 3020(a) for Order Requiring Confirmation Deposit ("Pioneer's 3020(a) Motion") [Dkt. No. 5461], seeking relief under Rule 3020(a) prior to the entry of any confirmation order.  Pioneer's 3020(a) Motion is set for hearing on November 23, 2009 at 10:00 a.m.

10. Samsung is filing a Motion Under Fed. R. Bankr. P. 3020(a) for an Order Requiring Confirmation Deposit herewith ("Samsung's 3020(a) Motion"), including its joinder with Pioneer's 3020(a) Motion.

## Relief Requested

11. Samsung seeks an order from the Court setting an expedited hearing on Samsung's 3020(a) Motion so that such motion may be heard, along with Pioneer's 3020(a) Motion, prior to entry of any confirmation order, as is required by Rule 3020(a); such order could be entered at the currently scheduled confirmation hearing on November 23, 2009.

## Basis for Relief

12. Local Rule 9013-1(N) provides that a movant may request an expedited hearing by certifying to the Court that the movant has: (i) carefully examined the matter and concluded that

there is a true need for an emergency hearing; (ii) not created the emergency through any lack of due diligence; and (iii) has made a bona fide effort to resolve the matter without hearing. Counsel's certification under Local Rule 9013-1(N) follows.

13. Although the Plan purports to provide for payment of administrative claims under Section 507(a)(2), in fact, the Debtors impermissibly seek to delay payment of the Section 503(b)(9) claims until resolution of the preference claims that are the subject of the Reclamation Claims Objection and other Section 503(b)(9) omnibus objections filed by the Debtors. Thus, the Plan seeks to avoid the requirement of equal priority for all Section 507(a)(2) administrative expense claims by delaying payment on the Section 503(b)(9) claims until some future date when the estates may, in fact, be administratively insolvent.

14. Samsung believes that an order requiring deposit will protect it and like-situated creditors from bearing the burden of any administrative insolvency; and thus it has filed Samsung's 3020(a) Motion, including its joinder with Pioneer's 3020(a) Motion.

15. In view of the fact that Pioneer's 3020(a) Motion is set for hearing on November 23 at 10:00 a.m., Samsung requests that hearing on Samsung's 3020(a) Motion be set at the same time so that the issue may be resolved in a timely way prior to entry of any confirmation order.

16. An expedited hearing should not be too burdensome on the Debtors since they are scheduled to respond to the identical issue raised in Pioneer's 3020(a) Motion at the same date and time sought by Samsung.

17. The foregoing demonstrates that an expedited hearing on Samsung's 3020(a) Motion, pursuant to Local Rule 9013-1(N), is appropriate.

**Hearing on Motion under Fed. R. Bankr. P. 3020(a) for**
**an Order Requiring Confirmation Deposit**

**A hearing has been set on the Motion for November 23, 2009 at 10:00 a.m. at**

    **United States Bankruptcy Court**
    **701 East Broad Street - Courtroom 5000**
    **Richmond, VA 23219**

    WHEREFORE, Samsung respectfully requests that this Court enter an order expediting hearing on Samsung's 3020(a) Motion, setting such hearing for November 23, 2009 at 10:00 a.m., and granting such other and further relief as this Court deems just and proper.

**DATED:**  November 10, 2009    **AKERMAN SENTERFITT LLP**

    By:  /s/ Mona M. Murphy
        Mona M. Murphy, Esquire
        Virginia Bar No. 21589
        8100 Boone Boulevard, Suite 700
        Vienna, VA  22182-2642
        tel.:  (703) 790-8750
        fax:  (703) 448-1767
        mona.murphy@akerman.com

### **Certification Pursuant to Local Rule 9013-1(N)**

Undersigned counsel certifies that she has carefully examined the matter and has concluded that there is a true need for an expedited hearing on Samsung's 3020(a) Motion, and that such expedited hearing will serve the interests of judicial economy. This need was not created through any lack of due diligence by Samsung; Samsung simply seeks to join in the presentation of the identical issue raised by Pioneer Electronics in its Rule 3020(a) motion, filed on November 4, 2009, and currently set for the same date and time requested by Samsung. Undersigned counsel further certifies that counsel in her firm made a bona fide effort to resolve the matter without a hearing by conferring with counsel for the Debtors by telephone and email. As of the time of this Motion, the Debtors have not agreed to the relief sought in Samsung's Motion to Expedite; accordingly, Samsung has filed this Motion to Expedite the hearing on its Rule 3020(a) Motion.

/s/ Mona M. Murphy
Mona M. Murphy

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of November, 2009, a copy of the foregoing Motion was sent to the United States Trustee, counsel for the Debtors, counsel for the unsecured creditors committee, and all creditors and parties-in-interest who are included in the United States Bankruptcy Court's ECF e-mail notification system for this case, by virtue the electronic filing of same. In addition, notice was given to Debtor's Counsel and the United States Trustee by telephone and electronic mail.

/s/ Mona M. Murphy