Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

                    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :   Jointly Administered
            Debtors.        :
- - - - - - - - - - - - - - x

**DEBTORS' OMNIBUS REPLY IN SUPPORT OF (I) FIFTY-FIRST
OMNIBUS OBJECTION TO CERTAIN 503(b)(9) CLAIMS AND
(II) MOTION FOR A WAIVER OF THE REQUIREMENT THAT THE
FIRST HEARING ON ANY RESPONSE PROCEED AS A STATUS
CONFERENCE**

# TABLE OF CONTENTS

Page

TABLE OF CASES AND AUTHORITIES........................II

PRELIMINARY STATEMENT..................................1

THRESHOLD LEGAL ISSUES................................3

ARGUMENT.............................................5

I.   THIS COURT MAY BIFURCATE THE HEARING AND RESOLVE
     COMMON LEGAL ISSUES PRIOR TO MAKING FINDINGS OF
     FACT WITH RESPECT TO EACH RESPONDENT...............5

II.  THE DEBTORS ARE PERMITTED TO PROCEED BY OBJECTION
     AND WERE NOT REQUIRED TO COMMENCE AN ADVERSARY
     PROCEEDING.......................................11

     A.   Section 502(d) Is A Defense That May Be
          Raised In A Claim Objection..................11

     B.   The Debtors Are Not Seeking A Declaratory
          Judgment....................................13

III. SECTION 503(B)(9) ADMINISTRATIVE EXPENSES ARE
     SUBJECT TO MANDATORY DISALLOWANCE UNDER SECTION
     502(D)...........................................14

IV.  TO INVOKE SECTION 502(D), THE DEBTORS ARE ONLY
     REQUIRED TO MAKE A PRIME FACIE SHOWING THAT THE
     RESPONDENTS RECEIVED AN AVOIDABLE TRANSFER. ......20

V.   FACTUAL DISPUTES SHOULD BE RESERVED FOR A HEARING
     AFTER THE COURT RESOLVES THE THRESHOLD LEGAL ISSUES
     AND DISCOVERY CONCLUDES..........................25

CONCLUSION...........................................26

## TABLE OF CASES AND AUTHORITIES

### CASES

A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1014 (4th Cir.
1986) ..............................................6

ASM Capital, LP v. Ames Dep't Stores, Inc. (In re Ames
Dep't Stores, Inc.),
582 F.3d 422 (2d Cir. 2009)................14, 15, 17, 18

Beasley Forest Prod., Inc v. Durango Ga. Paper Co. (In
re Durango Ga. Paper Co.),
297 B.R. 326 (Bankr. S.D. Ga. 2003)....................17

Commodity Credit Corp. v. National Dairy Promotion &
Research Board (In re KF Dairies, Inc.),
143 B.R. 734 (B.A.P. 9th Cir. 1992)....................24

In re Dawson,
346 B.R. 503 (Bankr. N.D. Cal. 2006)...................10

Enron Corp. Avenue Special Situation Fund II, L.P. (In
re Enron Corp.),
340 B.R. 180.........................................24

In re Eye Contact, Inc.,
97 B.R. 990 (Bankr. W.D. Wis. 1989)...................24

Family Golf Centers, Inc. v. Acushnet Co., and Fortune
Brands, Inc. (In re Randall's Island Family Golf Centers,
Inc.),
290 B.R. 55 (Bankr. S.D.N.Y. 2003)....................22

In re Fleming, 2008 WL 4736269 (Bankr. E.D. Va. Oct. 15,
2008) ...............................................9

Ford Motor Credit Co. v. Dobbins,
35 F.3d 860 (4th Cir. 1994)...........................19

Gold v. Eccleston (In re Dornier Aviation (N.Am.), Inc.,
320 B.R. 831 (E.D. Va. 2005)..........................23

In re Hackney,
351 B.R. 179 (Bankr. N.D. Ala. 2006)...................10

In re Handy Andy Home Importation Centers, Inc.,
222 B.R. 571 (Bankr. N.D. Ill. 1998)...................12

Hartford Underwriters Insurance Co. v. Union Planters
Bank, N.A.,
530 U.S. 1 (2000)......................................16

In re Hicks,
300 B.R. 372 (Bankr. D. Idaho 2003)...................10

Katchen v. Landy,
382 U.S. 323 (1966)...................................21

In re Leeds Building Products, Inc.,
141 B.R. 265 (Bankr. N.D. Ga. 1992)...................10

In re Lenartz,
No. 01-40268, 2001 WL. 35814401 (Bankr. D. Idaho May 3,
2001).................................................10

In re Lids Corp.,
260 B.R. 680 (Bankr. D. Del. 2001)...................21

Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S.
270, 273 (1941) .......................................7

In re Merry-Go-Round Enterprises v. Simon Debartolo
Group,
180 F.3d 149 (4th Cir. 1999).........................19

In re Nixon,
2007 WL. 1394033 (Bankr. N.D. W. Va. May 9, 2007).......7

Official Committee of Unsecured Creditors v. Brandywine
Apartments (In re the IT Group),
......................313 B.R. 370 (Bankr. D. Del. 2004)   22

Pac. Gas & Electric Co. v. State Energy Resources
Conservation & Development Commission,

461 U.S. 190 (1983)....................................8

Parratt v. Taylor, 451 U.S. 527, 540 (1981) ...................6

In re Plastech Engineered Products, Inc.,
394 B.R. 147 (Bankr. E.D. Mich. 2008).............passim

In re Red Dot Scenic, Inc.,
313 B.R. 181 (Bankr. S.D.N.Y. 2004)...................24

Satellite Broad. & Communs. Association v. FCC,
275 F.3d 337 (4th Cir. 2001)...........................8

In re Sierra-Cal,
210 B.R. 168 (Bankr. E.D. Cal. 1997)..................21

Southern Polymer, Inc, v. TI Acquisition, LLC (In re TI
Acquisition, LLC),
410 B.R. 742 (Bankr. N.D. Ga 2009)...................14

In re Stegall,
No. 05-09519, 2007 WL. 1125635 (Bankr. S.D. Iowa Apr. 3,
2007).................................................10

Thomas v. Union Carbide Agriculture Products Co.,473 U.S.
568, 105  S. Ct. 3325, 87 L. Ed. 2d 409 (1985)..........7

U.S. Lines, Inc. v. United States (In re McLean
Industrial),184 B.R. 10 (Bankr. S.D.N.Y. 1996)........25

United States v. Ron Pair Enterprises, Inc.,
489 U.S. 235 (1989)..................................16

## STATUTES AND RULES

11 U.S.C. § 502(b)....................................18

11 U.S.C. § 502(d)....................................16

11 U.S.C. § 503(b)................................18, 19

Fed. R. Bankr. P. 3007(a)............................12

Fed. R. Bankr. P. 3007(b)..............................12

Fed. R. Bankr. P. 7001 ...............................12

Fed. R. Bankr. P. 7056 ................................9

Fed. R. Civ. P. 56(a) .................................9

Fed. R. Civ. P. 56(b) .................................9

## PRELIMINARY STATEMENT

By the Objection,[1] the Debtors seek temporary disallowance of the 503(b)(9) Claims because the Claimants holding such Claims received transfers avoidable under Bankruptcy Code section 547.  In an effort to ease the administrative burden on this Court and provide affected creditors with the opportunity to participate in the resolution of common legal issues, the Debtors also request that this Court bifurcate the hearing on the Objection.

Specifically, the Debtors request that this Court resolve any common legal issues at the hearing on November 12 (the "Hearing") and reserve any factual issues for subsequent hearings with respect to each Claimant that responded (each a "Respondent", collectively, the "Respondents", and their responses collectively, the "Responses").  Only after each such subsequent hearing would the Court enter an order sustaining or overruling the Objection.  In the Debtors' view, this process protects the Claimants' rights.  Many Respondents objected to this

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Debtors' Brief In Support Of Debtors' (I) Fifty-First Omnibus Objection To Certain 503(b)(9) Claims and (II) Motion For A Waiver Of The Requirement That The First Hearing On Any Response Proceed As A Status Conference (the "Opening Brief").

1

proposed process, arguing that the process violates their due process rights and that the Debtors were required to commence an adversary proceeding to obtain the relief requested in the Objection.

As demonstrated herein, the proposed process of bifurcating legal and factual issues (i) satisfies constitutional due process, (ii) presents justiciable issues properly considered by the Court and does not constitute a request for an advisory opinion, and (iii) is a cost effective mechanism accepted by other bankruptcy courts facing similar issues. Moreover, because the Debtors are not requesting any affirmative relief, i.e., the recovery of money or property or a declaration, but simply a ruling on threshold legal issues in a form similar to seeking partial summary judgment, they were not required to commence an adversary proceeding. Consequently, the Respondents' procedural objections should be overruled and this Court may proceed to decide the threshold legal issues presented by the Objection, Reponses, and this reply (the "Reply").[2]

---

[2]  By this Reply, the Debtors have attempted to address all issues that are ripe for consideration at the Hearing. To the extent the Debtors have not specifically addressed an argument in this Reply,

*(cont'd)*

**THRESHOLD LEGAL ISSUES**[3]

To assist the Court and the Respondents, the
Debtors have identified the following four threshold legal
issues, which include the procedural objections raised by
the Respondents, that should be resolved at the Hearing:

    I.    <u>Issue</u>:  Whether this Court may bifurcate the
hearing and resolve common legal issues prior to
making findings of fact with respect to the
specific claims of a Respondent?

        <u>Respondents' Position</u>:  Bifurcating the hearing
violates the Respondents' due process rights and
a decision by the Court violates Article 2 of the
Constitution because the Debtors are requesting
an advisory opinion.

        <u>Debtors' Position</u>:  The process proposed by the
Debtors (i) protects the Respondents' due process
rights because their right to a subsequent
individual judicial determination is preserved,
(ii) is not a request for an advisory opinion
because there is a justiciable case and
controversy and, thus, in essence a request for
partial summary judgment proper in the context of
a contested matter under Bankruptcy Rule 9014,
and (iii) has been used by other bankruptcy
courts to address similar disputes.  Accordingly,

---

*(cont'd from previous page)*
   the Debtors reserve the right to address such argument at the
Hearing or in supplemental submissions.  Nothing herein shall
constitute a waiver of such rights.  All rights are expressly
reserved.

[3]  This section is intended as a summary of the legal issues presented
by the Objection, the Responses and this Reply, as well as the
general position of the various Respondents and the Debtors'
position.  The "Respondents' Position" may vary somewhat from
Respondent to Respondent and not all Respondents presented all of
the arguments addressed herein.

the Court may properly bifurcate the hearing on
the Objection and address common legal issues
prior to resolving factual disputes.

II.   Issue:  Whether the Debtors were required to
commence an adversary proceeding?

Respondents' Position:  The Debtors are seeking
to avoid allegedly preferential transfers, i.e.,
to recover money or property, which must proceed
by adversary proceeding.

Debtors' Position:  Section 502(d) is a defense
that may be raised by claim objection, and the
Debtors need not proceed in an adversary
proceeding.  In that regard, the Debtors are not
seeking to affirmatively recover money or
property nor are they seeking a declaration
regarding any such recovery.  Instead, the
Debtors are seeking a ruling on threshold legal
issues similar to seeking partial summary
judgment in the context of a claims objection
under Bankruptcy Rule 3007 and a contested matter
governed by Bankruptcy Rule 9014.  Thus, it was
not necessary for the Debtors to commence an
adversary proceeding under Bankruptcy Rule 7001.

III.  Issue:  Whether the Debtors may invoke section
502(d) to temporarily disallow the 503(b)(9)?

Respondents' Position:  Section 502(d) cannot be
invoked to temporarily disallow 503(b)(9) Claims
because the 503(b)(9) Claims are administrative
expenses to which section 502(d) does not apply.

Debtors' Position:  Section 502(d) applies to any
claim, not just pre-petition claims or claims for
which a proof of claim must be filed, including
the 503(b)(9) Claims.

IV.   Issue:  Whether the Debtors may invoke section
502(d) to temporarily disallow 503(b)(9) Claims
based upon a prima facie showing that the
Respondents received transfers avoidable under
section 547?

4

> Respondents' Position:  The Debtors may not
> invoke Section 502(d) because the Debtors have
> not obtained a judgment in an avoidance action
> that the Respondents are liable for receipt of a
> preferential transfer.

> Debtors' Position:  The Debtors may invoke
> section 502(d) upon making a prima facie showing
> that the Respondents received a transfer
> avoidable under section 547.

**ARGUMENT**

I.  **THIS COURT MAY BIFURCATE THE HEARING AND RESOLVE COMMON LEGAL ISSUES PRIOR TO MAKING FINDINGS OF FACT WITH RESPECT TO EACH RESPONDENT.**

In the Objection, the Debtors requested that this Court bifurcate the hearing on the Objection to address threshold legal issues at the first hearing, leaving factual issues for any subsequent hearings after discovery. Certain Respondents object to this request arguing that it denies them due process and that any decision rendered at the first hearing would constitute an advisory opinion.[4] The Respondents' arguments should be rejected on four grounds.

First, the bifurcated hearing process does not deny the Respondents' due process rights.  The Fourth

---

[4]  See Response of Envision Peripherals, Inc. ("Envision") (D.I. 5475) at p. 4–5; Response of Midland Radio Corp. ("Midland") (D.I. 5537) at pp. 2–3.

Circuit Court of Appeals has recognized that due process is
not a "technical conception of inflexible procedures." A.H.
Robins Co. v. Piccinin, 788 F.2d 994, 1014 (4th Cir. 1986)
(internal quotation omitted).  "[R]ather, [it is] a
delicate process of adjustment and of a balancing of
interests in which it is recognized that what is unfair in
one situation may be fair in another." Id. (internal
quotations omitted).  Moreover, when a dispute involves
property rights only, "mere postponement of the judicial
inquiry is not a denial of due process, if the opportunity
given for ultimate judicial determination . . ." is
preserved.  Id. (citing Parratt v. Taylor, 451 U.S. 527,
540 (1981)).

Here, the Debtors are proposing a two-step
adjudication process whereby, first, the Court addresses
threshold legal issues common to all Respondents, and,
second, the Court may hold subsequent hearings to address
factual issues that may be unique to a Respondent.  Thus,
no "ultimate judicial determination" is made without a
Respondent receiving adequate notice and an opportunity to
be heard on all issues.  Consequently, there is simply no
due process violation.

6

Second, this Court is not being asked to render an advisory opinion by resolving the threshold legal issues presented by the Objection and Responses.  Specifically, the Court would be issuing an advisory opinion if the Court were being asked to render a decision based on hypothetical facts, or to address abstract issues lacking a concrete factual basis.  See In re Nixon, 2007 WL 1394033, *3 (Bankr. N.D. W. Va. May 9, 2007).  A party is not seeking an advisory opinion when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality." Id. (quoting Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)).

Moreover, courts have held that a party is not seeking an advisory opinion merely by requesting that the court address threshold legal issues before making a determination on underlying facts.  See Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 581 (1985) ("The issue presented in this case is purely legal, and will not be clarified by further factual development . . . . 'One does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is

7

certainly impending, that is enough.'") (citation omitted);

Pac. Gas & Elec. Co. v. State Energy Res. Conservation &

Dev. Comm'n, 461 U.S. 190, 201 (1983) (holding that a case

is ripe for decision even though all the factual predicates

ordinarily necessary for review have not been met when the

question presented was predominantly legal and withholding

a decision would work a substantial hardship on the

parties); Satellite Broad. & Communs. Ass'n v. FCC, 275

F.3d 337, 369 (4th Cir. 2001) (holding that a case is ripe

for review when it raises purely legal questions).

Here, the Debtors are requesting that the Court

rule on specific threshold legal issues presented by a

multitude of 503(b)(9) Claims and Responses. These legal

issues are live controversies or disputes between the

Debtors and the Respondents.  Indeed, in the Objection, the

Debtors have set forth sufficient facts to demonstrate that

there is a substantial controversy between the Debtors and

the Respondents, and that the parties have adverse legal

interests of sufficient immediacy and reality such that

there is a justiciable issue to be resolved, not an

advisory opinion requested.

Third, the process the Debtors are seeking to

employ fits easily within the Bankruptcy Rules.  As this

Court well knows, pursuant to Bankruptcy Rule 3007, a
claims objection need not be made in an adversary
proceeding.  Moreover, upon receiving the Responses, the
Objection is a contested matter governed by Bankruptcy Rule
9014. See In re Fleming, 2008 WL 4736269, * 1 (Bankr. E.D.
Va. Oct. 15, 2008) (Huennekens, J.) ("The hearing on the
claim objection is treated as a contested matter, and Fed.
R. Bankr.P. 9014 applies.").  As such, certain rules under
part VII of the Bankruptcy Rules apply, including
Bankruptcy Rule 7056, which incorporates Rule 56 of the
Federal Rules of Civil Procedure (the "Civil Rules").  See
id.; see also Fed. R. Bankr. P. 7056.

Under Civil Rule 56, a party may request partial
summary judgment.  See Fed. R. Civ. P. 56(a), (b)
(providing that any party "may move, with or without
supporting affidavits, for summary judgment on all or part
claim").  Here, the Debtors have, in essence, requested
partial summary judgment on certain legal issues for which
no genuine issue of material fact is in dispute.  Thus, the
Debtors' request to bifurcate the hearings is proper under
the applicable Bankruptcy Rules.

Finally, the same exact process requested by the
Debtors has been followed by other bankruptcy courts in

9

similar situations.  See, e.g., In re Plastech Engineered
Prods., Inc., 394 B.R. 147, 149 (Bankr. E.D. Mich. 2008)
(issuing an opinion addressing whether 502(d) applied to
503(b)(9) claims without making findings as to any
particular claimant); In re Leeds Bldg. Prods., Inc., 141
B.R. 265, 266 (Bankr. N.D. Ga. 1992) (implementing a
bifurcated hearing process whereby threshold legal issues
were resolved prior to making specific findings of fact
concerning each claimant).[5]  In that regard, the decision in
Plastech is particularly instructive.  In Plastech, the
debtor requested that the court resolve the common legal
issue applicable to all 503(b)(9) claimants -- whether
section 502(d) can be raised to temporarily disallow
503(b)(9) claims based on claimants' receipt of an

---

[5]   See also In re Stegall, No. 05-09519, 2007 WL 1125635, at *1 (Bankr.
S.D. Iowa Apr. 3, 2007) (noting that the court would consider the
primary threshold legal issue before receiving factual information
or a presentation of evidence on the merits of the parties' claims);
In re Hackney, 351 B.R. 179, 181 (Bankr. N.D. Ala. 2006) (holding
that the court would consider the threshold legal issue underlying a
claim before it considered the claim's merits); In re Dawson, 346
B.R. 503, 507 (Bankr. N.D. Cal. 2006) (noting that the court issued
a memorandum of decision addressing the underlying legal issues be-
fore resolving remaining factual issues); In re Hicks, 300 B.R. 372,
375 (Bankr. D. Idaho 2003) (holding that because a threshold legal
issue emerged from the parties' arguments, the court would consider
the legal issue first and reserve any evidentiary issues for a sub-
sequent hearing); In re Lenartz, No. 01-40268, 2001 WL 35814401, at
*1 (Bankr. D. Idaho May 3, 2001) (holding that before conducting an
evidentiary hearing on the merits, the court would decide the under-
lying threshold legal issue).

avoidable transfer, before issuing findings of fact

concerning the application of 502(d) to each claimant.

Plastech, 394 B.R. at 150.  This is precisely the relief

the Debtors seek here.

    Therefore, the process proposed by the Debtors is

appropriate and any objections thereto should be overruled.

## II.    THE DEBTORS ARE PERMITTED TO PROCEED BY OBJECTION AND WERE NOT REQUIRED TO COMMENCE AN ADVERSARY PROCEEDING.

### A.    Section 502(d) Is A Defense That May Be Raised In A Claim Objection.

    In the Objection, the Debtors raised section

502(d) as a defense and did not seek to recover

affirmatively any property or other amount owed to Circuit

City by the Respondents.  Nonetheless, certain Respondents

argue that the Debtors must commence an adversary

proceeding to invoke section 502(d) because raising a

section 502(d) defense amounts to an action to avoid the

underlying preferential transfers –– an action to recovery

money or property under Bankruptcy Rule 7001(1).[6]  The

Respondents, however, fail to cite any authority to

substantiate that contention.

---

[6]    See Response of Namsung America, Inc. ("Namsung") (D.I. 5411) at
pp. 4-5, ¶ 12; Response of Midland at p. 3, ¶¶ 6-8; Response of PNY
Technologies, Inc. ("PNY") (D.I. 5416) at p. 3, ¶ 8.

More importantly, that contention is inconsistent
with Bankruptcy Rule 3007 and reads Bankruptcy Rule 7001
far too broadly.  In particular, pursuant to Bankruptcy
Rule 3007, the Debtors are permitted to object to claims.
See Fed. R. Bankr. P. 3007(a) ("An objection to the
allowance of a claim shall be in writing and filed.").
Critically, Bankruptcy Rule 3007, not 7001, governs
objections to claims.  See Fed. Bankr. R. 7001 advisory
committee's note (stating that "objections to claims are
governed by [Bankruptcy] Rule 3007.").  And, critically, by
the Objection, the Debtors are not seeking any affirmative
relief such as the recovery of money or property or an
injunction -- that might otherwise require them to commence
an adversary proceeding.  See Fed. R. Bankr. P. 3007(b).
Instead, the Debtors are only raising an affirmative
defense to the allowance of the section 503(b)(9) Claims.

Specifically, a debtor is authorized (and in
certain instances compelled) to raise defenses to claims in
a claim objection.  See In re Handy Andy Home Imp. Centers,
Inc., 222 B.R. 571, 573-74 (Bankr. N.D. Ill. 1998)
("However, just as 'proofs of claim have been held
analogous to complaints initiating civil actions[,] an
objection to a claim should meet the standards of an

12

answer.' . . .  According to Federal Rule of Civil

Procedure 8(b), an answering party must 'state in short and

plain terms the party's defenses to each claim and shall

admit or deny the averments upon which the adverse party

relies.'"(internal citations omitted)).  It follows, that

section 502(d) may be raised as a defense in a claim

objection.

Accordingly, the Debtors were not required to

commence an adversary proceeding to invoke section 502(d)

to temporarily disallow the 503(b)(9) Claims.

**B.    The Debtors Are Not Seeking A Declaratory
       Judgment.**

Respondents further argue that the Debtors are

seeking a declaratory judgment with regard to the recovery

of money or property.  As such, they contend that

Bankruptcy Rules 7001(1) and (9) govern the Debtors'

request.[7]  These Respondents, however, read Bankruptcy Rule

7001(9) too broadly, as any claim for partial summary

judgment relief would then be considered a declaratory

judgment action.  It is not.

---

[7]   See Response of Namsung at pp. 4-5, ¶ 12; Response of Midland at
     p. 3, ¶¶ 6-8; Response of PNY at p. 3, ¶ 8.

13

In any event, the Debtors are not seeking to recover money or property; they are asserting an affirmative defense and seeking a legal ruling that section 502(d) may be used to disallow 503(b)(9) Claims. Consequently, Bankruptcy Rule 7001(9) is inapplicable. Accordingly, the Respondents' procedural objections should be overruled.

## III. SECTION 503(B)(9) ADMINISTRATIVE EXPENSES ARE SUBJECT TO MANDATORY DISALLOWANCE UNDER SECTION 502(D).

As set forth in the Opening Brief, the Debtors maintain that section 502(d) may be invoked to temporarily disallow the 503(b)(9) Claims. In support, the Debtors rely upon the clear and unambiguous language of section 502(d), its legislative history, and general policy considerations. The Respondents disagree and primarily argue that sections 501 and 502, on the one hand, and section 503, on the other, are mutually exclusive. In support, the Respondents rely on three recent court decisions –– ASM Capital, LP v. Ames Dep't Stores, Inc. (In re Ames Dept' Stores, Inc.), 582 F.3d 422 (2d Cir. 2009), Plastech, and Southern Polymer, Inc, v. TI Acquisition, LLC (In re TI Acquisition, LLC), 410 B.R. 742 (Bankr. N.D. Ga 2009).

These three cases all concluded that section 502(d) does not apply to administrative expenses. The Ames decision, _however_, is distinguishable because the court was not addressing the interaction between section 503(b)(9) and section 502(d). _Ames_, 582 F.3d at 424, n.2 (noting that the court declined to "specifically address [section 503(b)(9)'s] interaction with section 502(d)."). Although the remaining two cases addressed the issue presented to this Court, the Debtors contend that they were wrongly decided. Moreover, in the Debtors' view those cases rested on the faulty premise that Congress intended sections 502 and 503 to be mutually exclusive and, thus, that section 502(d) only apply to claims filed under section 502, not 503. _See_ _TI Acquisition_, 410 B.R. at 750 (discussing the purpose of sections 502 and 503 and concluding that section 502(d) does not apply to section 503 administrative claims); _Plastech_, 394 B.R. at 161 (same). As set forth in the Opening Brief and discussed below, the plain language of the Bankruptcy Code demonstrates otherwise.

Bankruptcy Code section 502(d) provides, in pertinent part, as follows:

> Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable

15

under section . . . 550 of this title . . . or
that is a transferee of a transfer avoidable
under section . . . 547 . . . of this
title . . . .

11 U.S.C. § 502(d).

The Debtors and certain Respondents agree[8] that
when a "statute's language is plain . . . the sole function
of the courts is to enforce it according to its terms."
United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241
(1989); see also Hartford Underwriters Ins. Co. v. Union
Planters Bank, N.A., 530 U.S. 1, 6 (2000) (stating that a
fundamental principle of statutory interpretation is that
"Congress 'says in a statute what it means and means in a
statute what it says there'") (citation omitted).
Similarly, the Debtors and certain Respondents agree that
Bankruptcy Code section 502(d) is clear and unambiguous.
At this point, however, the parties' agreement ends.

Section 502(d) speaks of "any claim of any
entity[.]"  As demonstrated in the Opening Brief, there is
no basis for holding that this phrase only applies to pre-
petition claims or claims for which proofs of claim are
filed, and not to pre-petition administrative expenses.

---

[8]  See, e.g., Response of Envision at p. 20.

<u>See</u> Opening Brief at 6-11 (discussing the meaning of

"claim" and "entity" and distinguishing such terms from

"debt" and "creditor"); <u>see</u> <u>also</u> Official Form 10 ("NOTE:

This form should not be used to make a claim for

administrative expenses <u>arising after the commencement of</u>

<u>the case</u>.") (emphasis added).

    In response, certain Respondents point to the

introductory language in section 502(d), "[n]otwithstanding

subsections (a) and (b) of this section[.]"⁹  Relying on

<u>Ames</u>, <u>Plastech</u>, and <u>Beasley Forest Prod., Inc v. Durango Ga.</u>

<u>Paper Co. (In re Durango Ga. Paper Co.)</u>, 297 B.R. 326

(Bankr. S.D. Ga. 2003), these Respondents contend that this

clause establishes that sections 502 and 503 are mutually

exclusive.¹⁰  <u>See</u> <u>Ames</u>, 582 F.3d at 432; <u>Plastech</u>, 394 B.R.

at 164; <u>Durango</u>, 297 B.R. at 330.  This conclusion, however,

ignores the history and application of section 502(d) and

its statutory predecessor 57(d).  <u>See</u> Opening Brief at 15-

---

⁹   <u>See</u> Response of Envision at pp. 14-15; Response of Olympus Corp.
    ("Olympus") (D.I. 5529) at pp. 7-8, ¶¶ 9-11.

¹⁰  <u>See</u> Response of Envision at pp. 12-16; Response of Cokem Int'l
    ("Cokem") (D.I. 5515) at p. 6, ¶¶ 13-14; Response of Sima Products
    Corp. ("Sima") (D.I. 5491) at p. 4, ¶¶ 10-11; Response of Metra
    Electronics Corp. ("Metra") (D.I. 5487) at pp. 4-5; Response of
    Tamrac, Inc. ("Tamrac") (D.I. 5498) at pp. 4-5; Reponse of PNY at
    pp. 4-5, ¶ 11; Response of Olympus at pp. 7-9, ¶¶ 9-14; Response of
    Mitsubishi Digital Electronics America, Inc. ("Mitsubishi") at
    pp. 6-7.

18.   Moreover, it fails to appreciate why section 503(b) is
likely not referenced in section 502(d).

Under section 502(a), a claim is allowed, unless
it is the subject of an objection.  See 11 U.S.C. § 502(b).
Subsection (b) sets forth a list of objections, which must
be raised by a party in interest to overcome the
presumption that the claim is allowed.  See 11 U.S.C.
§ 502(b).  Thus, under section 502, the burden to overcome
allowance of the claim is on the party objecting.
Consequently, without introductory "notwithstanding"
language, it would be unclear as to whether a claim allowed
under subsection (a) and not subject to disallowance under
subsection (b) could still be temporarily disallowed under
subsection (d).  Ames, 582 F.3d at 430 (stating that
Section 502(d) avoids a [] conflict with sections 502(a)
and (b) by expressly providing that it applies
"[n]otwithstanding subsections (a) and (b) of this
section.").

In contrast, under section 503(b), a claim is not
allowed as an administrative expense until after notice and
a hearing.  See 11 U.S.C. § 503(b).  Moreover, section
503(b) lists those claims that may be allowed as
administrative expenses, see 11 U.S.C. § 503(b)(1)-(9), and

in all instances, the movant, not a party objecting, bears
the burden of proof on all elements of an administrative
expense.  See In re Merry-Go-Round Enterprises v. Simon
Debartolo Group, 180 F.3d 149, 157 (4th Cir. 1999); Ford
Motor Credit Co. v. Dobbins, 35 F.3d 860, 866 (4th Cir.
1994).  Thus, there was simply no reason for Congress to
address section 503(b) claims in section 502(d).

        Moreover, both the Respondents and the cases they
rely on failed to fully consider the statutory text of
sections 502 and 503.  First, as discussed in the Opening
Brief, section 503 expressly references section 502.
Specifically, section 503(b) provides, in pertinent part,
that "[a]fter notice and a hearing, there shall be allowed
administrative expenses, other than claims allowed under
section 502(f) of this title . . . [.]"  11 U.S.C. § 503(b)
(emphasis added).  If sections 502 and 503 were truly
mutually exclusive, the reference to section 502(f) would
be superfluous.  See Opening Brief at 14.  None of the
three decisions cited by the Respondents considered this
text in reaching the conclusion that the two sections are
mutually exclusive.

        Moreover, although at least one Respondent
contends that such language is not superfluous, that

Respondent's argument is easily refuted.[11]  Specifically,
the Respondent contends that the reference to section 502(f)
is meant "to clarify" that section 502(f) claims are not
administrative expenses.[12]  Yet, if sections 502 and 503
were mutually exclusive, there would be no need for any
clarification.  Thus, consistent with accepted principles
of statutory construction, this Court must give effect to
the language and the only way to do so, is to hold that
sections 502 and 503 are not mutually exclusive.

In light of the foregoing, and for the additional
reasons set forth in the Opening Brief, section 502(d)
applies to all claims, including the 503(b)(9) Claims.

## IV.   TO INVOKE SECTION 502(D), THE DEBTORS ARE ONLY REQUIRED TO MAKE A PRIMA FACIE SHOWING THAT THE RESPONDENTS RECEIVED AN AVOIDABLE TRANSFER.

In the Opening Brief, the Debtors allege that
each of the Respondents was the recipient of one or more
transfers that are avoidable under Bankruptcy Code section
547 and, thus, that section 502(d) may be invoked to
temporarily disallow the 503(b)(9) Claims.  In response,
certain Respondents contend that the Debtors have failed to

---

[11]  See Response of Bush Industries, Inc. ("Bush") (D.I. 5505) at p. 3, ¶ 8.

[12]  See id.

meet their burden under Bankruptcy Code section 502(d) because (i) the Debtors have not met their evidentiary burden with respect to alleging that each Respondent was the recipient of an avoidable transfer[13] or (ii) the Debtors are required to obtain a judgment under section 547 and 550 to invoke section 503(d).[14]

The Debtors contend that, notwithstanding these arguments, the 503(b)(9) Claims may be neither allowed nor disallowed.  See In re Sierra-Cal, 210 B.R. 168, 173 (Bankr. E.D. Cal. 1997) ("[W]hile actual adjudication of the avoidance action . . . is ultimately necessary, the mere assertion of a prima facie 502(d) defense is sufficient to place the claim in a status in which it is neither allowed [n]or disallowed."); see also Katchen v. Landy, 382 U.S. 323, 330 (1966) ("Unavoidably and by the very terms of the

---

[13]  See.Response of Envision at p. 4; Response of Cokem at p. 5, ¶ 11; Response of Sima at p. 3, ¶ 8; Response of Midland at p. 5; Response of Tamrac at p. 5; Response of Bissell Homecare, Inc. ("Bissell") (D.I. 5511) at pp. 6–7, ¶ 18; Response of Southpeak Interactive, LLC ("Southpeak") (D.I. 5502) at p. 4, ¶ 15; Response of Nyko Technologies ("Nyko") (D.I. 5499) at p. 4, ¶ 15; Response of PNY at p. 3, ¶ 8; Response of Mitsubishi at pp. 5–6; Reponse of Olympus at p. 16, 19, ¶¶ 19, 30–33.

[14]  See Response of Envision at pp. 6–8; Response of Sima at p. 3, ¶ 8; Response of PNY at p. 3, ¶¶ 7–8; Reponse of Onkyo USA Corp. ("Onkyo") (D.I. 5447) at p. 15, ¶¶ 43–44.  The Respondents' contention has been accepted by a minority of courts.  See, e.g., In re Lids Corp., 260 B.R. 680, 684 (Bankr. D. Del. 2001).

Act, when a bankruptcy trustee presents a [section 57g]
objection to a claim, the claim can neither be allowed nor
disallowed until the preference matter is adjudicated.").

To satisfy their burden, the Debtors submit that
they are only required to allege each of the five elements
set forth in section 547(b) in accordance with the liberal
notice pleading requirement of Civil Rule 8(a) and the
standard for dismissal under Civil Procedure 12.  C.f.,
Official Committee of Unsecured Creditors v. Brandywine
Apartments (In re the IT Group), 313 B.R. 370, 373-374
(Bankr. D. Del. 2004) (holding that debtor need not satisfy
heightened pleading requirement for preference action at
the motion to dismiss stage); Family Golf Centers, Inc. v.
Acushnet Co., and Fortune Brands, Inc. (In re Randall's
Island Family Golf Centers, Inc.), 290 B.R. 55 (Bankr.
S.D.N.Y. 2003) (same).  The Debtors submit that they have
satisfied their burden by alleging that each Respondent was
the recipient of one or more avoidable transfers.  See
Opening Brief at 3-4.

Certain Respondents argue that even if the
Debtors could allege that they received an avoidable
transfer, that is not sufficient.  Instead, they contend
that the Debtors are required to obtain a judgment before

proceeding under section 502(d), citing Gold v. Eccleston
(In re Dornier Aviation (N.Am.), Inc., 320 B.R. 831 (E.D.
Va. 2005) for the proposition that section 502(d) applies
"only when a fixed amount of adjudicated preference
liability remains unpaid -- not when an avoidance action
has not yet been litigated."[15]  Id. at 835.  Although this
language appears in the court's opinion in Dornier, it
appears in the court's summary of one litigant's argument
and is not the holding.  Id.

The issue in Dornier was whether a debtor may
bring a preference action after failing to object to a
claim under 502(d), not whether the debtor needed to obtain
a judgment prior to invoking section 502(d).  Id. at 835.
Thus, the court in Dornier never held that to invoke
section 502(d) a debtor must first obtain a judgment of
liability.[16]

In any event, the Respondents' position is simply
inconsistent with the plain language of section 502(d).
That section "refers to 'a transfer avoidable' rather than

---

[15]  See Response of Envision at pp. 6-7; Response of Bissell at p. 5,
¶ 16.

[16]  To the extent the Court did conclude that a judgment was necessary,
the Debtors respectfully submit that the decision was wrongly de-
cided.

'an avoided transfer' or 'claims that have been avoided'".
See Enron Corp. Avenue Special Situation Fund II, L.P. (In
re Enron Corp.), 340 B.R. 180, 190 (Bankr. S.D.N.Y. 2006);
In re Red Dot Scenic, Inc., 313 B.R. 181, 186 (Bankr.
S.D.N.Y. 2004) ("[S]ection 502(d) does not even necessarily
require entry of a judgment."). Thus, as the Ninth Circuit
has observed, "[there would be] no purpose for section
502(d) if it applied only when the transfer therein
contemplated could form the basis of an independent
avoidance action." Commodity Credit Copr. V. Nat'l Dairy
Promotion & Research Bd. (In re KF Dairies, Inc.), 143 B.R.
734, 737 (B.A.P. 9th Cir. 1992).

Furthermore, the Respondents' contention is at
odds with those courts that have held that a debtor may
invoke section 502(d) even where an avoidance action for
the underlying transfer was time-barred. See id. at 736
(invoking 502(d) even where avoidance action is time-
barred); U.S. Lines, Inc. v. United States (In re McLean
Indus.), 184 B.R. 10, 14 (Bankr. S.D.N.Y. 1996) (same); cf.
In re Eye Contact, Inc., 97 B.R. 990, 992 (Bankr. W.D. Wis.
1989) ("The trustee need not commence an avoidance action
to bring section 502(d) into play."). Indeed, in such
situations, no affirmative judgment as to liability could

24

be entered and, thus, no use of section 502(d) could be

made.  Consequently, the Debtors are not required to obtain

a judgment in order to invoke section 502(d).

Accordingly, the Debtors are only required to

make a prime facie showing that each element of a

preference is satisfied.

**V.    FACTUAL DISPUTES SHOULD BE RESERVED FOR A HEARING
       AFTER THE COURT RESOLVES THE THRESHOLD LEGAL ISSUES
       AND DISCOVERY CONCLUDES.**

The Respondents raised various issues of fact in

their Responses.  The Debtors disagree with such factual

issues, but do not intend to address such issues at the

Hearing.  Instead, as set forth in the Objection and this

Reply, subject to the Court's approval, the Debtors have

requested resolution of legal issues only.  Indeed, the

Debtors will not request entry of an order authorizing

temporary disallowance with respect to any of the

Respondents at the Hearing.  Only after discovery, if any,

and a subsequent hearing on the merits will the Debtors

seek entry of orders resolving the Objection with respect

to the Respondents.

## CONCLUSION

WHEREFORE, the Debtors request the Court to enter the Order sustaining the Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia    SKADDEN, ARPS, SLATE, MEAGHER
       November 10, 2009      & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899–
0636 (302) 651–3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407–0700

– and –

MCGUIREWOODS LLP

_/s/ Douglas M. Foley _____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB
No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775–1000

Counsel for Debtors and
Debtors in Possession