Paul S. Bliley, Jr., VSB No. 13973
Williams Mullen
P.O. Box 1320
Richmond, VA 23218-1320
Phone: (804) 783-6448
Fax:    (804) 783-6507
pbliley@williamsmullen.com

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:    CIRCUIT CITY STORES, INC., et al.,    ) Case No. 08-35653 (KRH)
                                                 ) Chapter 11
                              Debtors.           ) (Jointly Administered)

**THE FLORIDA TAX COLLECTORS FOR THE
COUNTIES OF PALM BEACH, HERNANDO,
HIGHLANDS, LEE, INDIAN RIVER, BAY,
OKALOOSA, BREVARD, POLK, MANATEE,
ORANGE, MARION, PINNELLAS AND OSCEOLA
COUNTIES OBJECTION TO CONFIRMATION OF
FIRST AMENDED JOINT PLAN OF REORGANIZATION**

The state constitution's Tax Collectors in the Florida Counties of Palm Beach, Hernando, Highlands, Lee, Indian River, Bay, Okaloosa, Brevard, Polk, Manatee, Orange, Marion, Pinnellas and Osceola ("Florida Tax Collectors"), appearing by counsel, object on the following grounds to confirmation of the First Amended Joint Plan of Reorganization (the "Plan") proposed by the Debtors and the Official Creditors Committee of Unsecured Creditors.

1.    The Florida Tax Collectors have filed timely Proofs of Secured/Administrative Claim for post-petition ad valorem taxes in the following amounts:

| | |
|---|---|
| Palm Beach | $ 42,176.63 |
| Hernando | 6,996.62 |
| Highlands | 7,939.05 |
| Lee | 22,838.25 |
| Indian River | 6,694.45 |
| Bay | 1,462.39 |
| Okaloosa | 2,571.85 |
| Brevard | 14,429.43 |

| | |
|---|---|
| Polk | 8,416.84 |
| Manatee | 14,782.02 |
| Orange | 38,947.79 |
| Marion | 5,663.50 |
| Pinnellas | 17,205.37 |
| Osceola | 9,905.78 |

2. Under Florida law ad valorem taxes past due are secured by first priority statutory liens and are therefore secured claims. See §4, Article X of The Florida Constitution and Chapter 197, Florida Statutes, including specifically Section 197.122(1). The Florida Tax Collectors believe their claims to be over secured claims. To the extent of any shortfall in collateral value (the Florida Tax Collectors do not believe that there is any such shortfall), the claim is entitled to priority treatment pursuant to 11 U.S.C. §507(a)(8)(C).

3. The Florida Tax Collectors constitutional liens are entitled to superior priority to all other liens on the Debtor's tangible personal property and proceeds thereof. The Florida Tax Collectors claims are Class 1 Miscellaneous Secured Claims under Paragraph 1.87 of the Plan. However, the Plan allows the Liquidating Trustee to pay Class 1 Miscellaneous Secured Claims out of a Liquidating Trust without regard to the priorities among the Miscellaneous Secured Claims. "[N]o Distribution shall be made to the Holder of any Allowed Miscellaneous Secured Claim unless either (a) the Liquidating Trust has sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Miscellaneous Secured Claims or (b) the Liquidating Trust Oversight Committee consents to all or a portion of such Distribution." Plan, Paragraph III. B. 1.

4. The Plan, Paragraph III, B. 1, states that all Miscellaneous Secured Claims are unimpaired. However, this is not true if the Liquidating Trustee pays other Miscellaneous Secured Claims ahead of the Florida Tax Collectors constitutional statutory superpriority property tax claims, such that the Florida Tax Collectors fail to receive the full amount of their

2

claim, including interest. Because these constitutional statutory liens securing the Florida Tax Collectors claims are first priority liens under Florida law, the allowed amount of their Claims should be the full amount stated in their Proofs of Claim and the entire amount of the claim should be deemed secured under 11 U.S.C. §506(a)(1). The Plan violates 11 U.S.C. §§1129(b)(2)(A)(i)II. Accordingly, the Plan should provide that in the event there is insufficient Available Cash to pay all allowed Miscellaneous Secured Claims in full, Allowed Miscellaneous Secured Claims shall be paid in the order of their lien priorities.

5. Paragraph III.B.1 of the Plan also fails to provide that interest will be paid on the constitutional statutory tax claims at the statutory rate under state law, as required by 11 U.S.C. §§506(b), 511(a). The Florida Tax Collectors are over-secured because their liens are superior to all consensual liens. The Florida Tax Collectors are entitled to post-petition interest under §506(b) on their secured claims. Section 197.432 of the Florida Statutes provides that interest on delinquent property taxes accrues at the rate of 18% if an unsold tax certificate or at a publically bidded interest rate, bidded down, starting at a maximum 18% rate, Section 197.182, Florida Statutes. The state law sets the interest rates, the Florida Tax Collectors are entitled to interest at 18% on their over-secured claims. " To the extent that an allowed secured claim is secured by property, the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, any reasonable fees, costs or charges provided for under the agreement or State statute under which such claim arose" 11 U.S.C. §506(b).

6. Furthermore, "If any provision of this title requires payment of interest on a tax claim or on an administrative expense tax, or the payment of interest to enable a creditor to receive the present value of the allowed amount of the tax claim, the rate of interest shall be the

3

rate determined under applicable nonbankruptcy law". 11 U.S.C.§511(a). Accordingly, the Plan should provide interest to be paid on all property tax claims at the rate determined under applicable non-bankruptcy law until such property tax claims are paid in full.

7. As over-secured creditors, the Florida Tax Collectors are entitled to (i) post-petition – pre-Effective Date Interest under 11 U.S.C. §506(b), and (ii) post-Effective Date interest for any period during which the Florida Tax Collectors secured claims remain unpaid. Plan Article III.B1 attempts to deny the Florida Tax Collectors their statutory right to §506(b) interest and at the same time unilaterally declare that the Florida Tax Collectors claims are unimpaired and deny the Florida Tax Collectors the right to vote on the Plan as part of an impaired class. The Plan does not comply with 11 U.S.C. §506(b) and, therefore, under §1129(a)(1), (2) and (3) cannot be confirmed.

8. Since the Plan proponents failed to properly solicit votes from any over secured creditors under the incorrect assumption that their claims were unimpaired, the Plan proponents have not complied with 11 U.S.C. §§1126 and 1129(a)(7) and (8) in the Plan solicitation process. Confirmation must, therefore, be denied under §§1129(a)(2) and (3).

9. The Plan Article VI.H attempts to limit the Florida Tax Collectors setoff rights. Under 11 U.S.C. §553, setoff rights survive bankruptcy and are not affected by other sections of the Bankruptcy Code. Further, a confirmation objection is sufficient to preserve setoff rights if the Plan attempts to abrogate or limit them. The Florida Tax Collectors object to any alteration of their setoff rights.

10. Plan Article X.G. contains broad exculpation provisions that if read literally, would excuse parties' non-compliance with applicable statutes including tax laws. Federal law (28 U.S.C. 959(b) and 960) requires debtors in possession and trustees to comply with applicable

4

laws in operating a business under Chapter 11. Nothing in the Bankruptcy Code authorizes the bankruptcy courts to exculpate multiple parties from complying with applicable laws, including tax laws, post-confirmation. There is no authority for excusing compliance with the law, and statutory violations, including violations of tax laws should be excepted from the Plan's exculpation provisions.

11. To the extent, if any, that the Florida Tax Collectors may hold claims entitled to priority under 11 U.S.C. §507(a)(8), such claims are entitled, under 11 U.S.C. §§1129(a)(9)(c) and 511, to post-Effective Date interest at the rate determined by applicable non-bankruptcy law. Plan Article III(A)(2) attempts to impose a much lower "Case Interest Rate". That violates §1129(a)(9)(C) and 511, and the Plan, therefore, can not be confirmed under §1129(a)(1)and(2), which require that a plan and plan proponents comply with all applicable provisions of Title 11. The Plan proponents, represented by experienced bankruptcy counsel, know full well that a low ball "Case Interest Rate" does not comply with §§1129(a)(9)(C) and 511, and therefore are not proceeding in good faith and are attempting to deprive priority tax creditors of their statutory right to interest in violation of §1129(a)(3).

**WHEREFORE**, the Florida Tax Collectors request that confirmation of the Plan be denied and that they be entitled to such other relief to which they may be entitled.

Respectfully submitted,

**PALM BEACH COUNTY FLORIDA TAX COLLECTOR,
HERNANDO COUNTY FLORIDA TAX COLLECTOR,
HIGHLANDS COUNTY FLORIDA TAX COLLECTOR,
LEE COUNTY FLORIDA TAX COLLECTOR,
INDIAN RIVER FLORIDA TAX COLLECTOR,
BAY COUNTY FLORIDA TAX COLLECTOR,
OKALOOSA COUNTY FLORIDA TAX COLLECTOR,
BREVARD COUNTY FLORIDA TAX COLLECTOR,
POLK COUNTY FLORIDA TAX COLLECTOR,
MANATEE COUNTY FLORIDA TAX COLLECTOR,
ORANGE COUNTY FLORIDA TAX COLLECTOR,
MARION COUNTY FLORIDA TAX COLLECTOR,
PINNELLAS COUNTY FLORIDA TAX COLLECTOR,
OSCEOLA COUNTY FLORIDA TAX COLLECTOR**

By  /s/ Paul S. Bliley, Jr.
         Of Counsel

Paul S. Bliley, Jr., VSB No. 13973
Williams Mullen
P.O. Box 1320
Richmond, VA 23218-1320
Phone: (804) 783-6448
Fax:    (804) 783-6507
pbliley@williamsmullen.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of November, 2009, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

 /s/ Paul S. Bliley, Jr.
Paul S. Bliley, Jr.

6998142_1.DOC