Elizabeth H. Banda (TSB #24012238)
Owen M. Sonik )TSB #18847250)
Perdue, Brandon, Fielder, Collins & Mott, L.L.P.
Post Office Box 13430
Arlington, Texas 76094-0430
(817) 4613344 – Telephone
(817) 860-6509 – Telecopier
ebanda@pbfcm.com
osonik@pbfcm.com

A. Carter Magee, Jr. Esq. (VSB #202084)
W. Joel Charboneau, Esq. (VSB #68025)
Magee, Foster, Goldstein & Sayers, P.C.
Post Office Box 404
Roanoak, Virginia 24003-0404
(540) 343-9800
(540) 343-9898 FAX
cmagee@mfgs.com
jcharboneau@mfgs.com

ATTORNEY FOR ARLINGTON ISD, *ET AL.*

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | | CHAPTER 11 |
| | § | |
| CIRCUIT CITY STORES, INC. | | |
| INC., a Delaware corporation, et al,. | | |
| | | Case No. 08-35653-KRH |
| | § | |
| | § | |
| Debtors | | Jointly Administered |

## OBJECTION OF CERTAIN TEXAS TAXING AUTHORITIES TO CONFIRMATION OF CIRCUIT CITY STORES, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION AND ITS OFFICIAL COMMITTEE OF CREDITORS HOLDING GENERAL UNSECURED CLAIMS' FIRST AMENDED JOINT PLAN OF LIQUIDATION DATED SEPTEMBER 24, 2009

To:    The Honorable Kevin R. Huennekens:
       United States Bankruptcy Judge

Arlington ISD, Alief ISD, Baybrook MUD 1, Brazoria County, Brazoria County MUD #6, Burleson ISD, Carroll ISD, City of Cedar Hill, City of Hurst, City of Lake Worth, City of Wichita Falls, Clear Creek ISD, Fort Bend ISD, Fort Bend LID 2, Fort Worth ISD, Galena Park ISD, Hidalgo County & H.C. Drainage District #1, Humble ISD, Lubbock CAD, McAllen ISD, Midland County Tax Office, Potter County Tax Office, McAllen ISD, Tyler ISD, Wichita County, Wichita Falls ISD, Woodlands Metro MUD, and Woodlands RUD #1 ("Arlington ISD, et al"), secured creditors and parties in interest, by counsel, file the following Objection to the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors

and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured

Claims dated September 24, 2009 (the "Plan"), and respectfully show as follows:

### Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, *et seq.*

This is a core proceeding under 28 U.S.C. § 157(b)(2)(L).  This Objection is designated as a

contested matter under Bankruptcy Rule 9014.

### Background

2.      Arlington ISD, et al timely filed proofs of claim for *ad valorem* taxes assessed on the

business personal property of the Debtor's within their boundaries for the 2008 and 2009 tax

years.  The timely filed proofs of claim are incorporated by reference.[1]  The claims asserted by

Arlington ISD, et al. aggregate to not less than $1,140,380.75.

3.      Arlington ISD, et al.'s claims are secured by paramount prior perfected continuing

enforceable tax liens, as provided by Sections 32.01 and 32.05(b) of the Texas Property Tax

Code, upon the property of the Debtors, or proceeds from the sale of the property of the Debtors,

for all taxes assessed for 2008 and 2009 on property of the estate.  Arlington ISD, et al, assert

that the proper classification of their claims is as first priority secured tax claims entitled to

interest at the rate provided by applicable non-bankruptcy law, and that such claims should be

paid as soon as practicable after they become Allowed.

4.      On January 9, 2009, the Debtors requested authority to liquidate assets constituting

collateral for the tax claims of Arlington ISD, et al, free and clear of liens.  On January 15, 2009

Arlington ISD, et al objected to the proposed sales.

---

[1] Arlington ISD, et al. filed, among others, proof of claim numbers: 124; 6535; 13345; 13672; 122; 6533; 13666; 2049; 13679; 2044; 13683; 120; 6536; 40; 16534; 119; 6530; 2045; 5263; 13671; 2048; 13680; 2042; 123; 6532; 2039; 13681; 1638; 7259; 2047; 13344; 13682; 390; 4647; 1810; 4167; 14600; 14598; 1552; and 10833.

5.      In early 2009 the Debtors, upon hearing and with the Courts' authorization, and certain

taxing entities, primarily in Texas, stipulated (Exhibit "A") that:

> "1.      The Debtors shall reserve proceeds from the Sales of the Claimed Collateral
> as set forth on Exhibit A hereto (the "Reserved Proceeds") pending resolution of the
> amount, extent, validity and priority of the Objectors' liens, if any, against the Claimed
> Collateral, subject to all defenses, claims and/or counterclaims, or setoffs as may exist
> with respect to the Claim (sic) Collateral.  Upon the set aside of such Reserve Proceeds,
> the liens, if any, of the Objectors shall attach to said proceeds to the same extent, with the
> same priority and with the same validity as such Objectors currently hold in the subject
> collateral.
>
> 2.      Until the Claimed Amounts, as set forth on Exhibit A including any interest as
> allowed pursuant to the Bankruptcy Code, are paid, or the parties hereto shall agree
> otherwise, the Debtors shall maintain the Reserved Proceeds in a separate account and the
> Objectors' liens, if any, shall continue against the Reserved Proceeds in accordance with
> the terms of this Stipulation.  These Reserved Proceeds may not be released apart from
> the agreement between the Debtors, the Objectors and the DIP Agent, or upon subsequent
> order of the Court duly noticed to the Objectors.  Notwithstanding the Debtors' entry into
> this Stipulation, the Debtors reserve all rights with respect to the Claimed Amount and
> the Objectors' interests, if any, in the Claimed Collateral."

6.      Arlington ISD, et al, have not agreed to the release of the Reserved Proceeds, and have

not received notice of any motion of the Debtors or the DIP Agent requesting such release.


### Proposed Plan Treatment

7.      The Plan appears to provide for payment of Arlington ISD, et als' claims under one of

two provisions:

        a)      Article III A.2., Unclassified Claims, Priority Tax Claims.  This section provides

for the payment of Allowed Priority Tax Claims in regular installment cash payments, occurring

not less frequently than quarterly over a period not exceeding five (5) years after the Petition

Date plus interest at the Case Interest Rate, or as otherwise agreed in writing by the Holder of the

claim and the Debtors and/or the Liquidating Trustee, provided however that the Liquidating

Trustee shall have the right to pay any Allowed Priority Tax Claim in full at any time on or after

the Effective Date without premium or penalty.  No payment under this Plan provision may be made unless the Liquidating Trust has sufficient Available Cash to pay, or reserve for, all Administrative Claims and Priority Tax Claims, or the Liquidating Trust Oversight Committee consents to all or any portion of such Distribution.

b)      Article III.B.1., Unimpaired Claims.  This section provides for the payment of Allowed Miscellaneous Secured Claims on the earlier of the Distribution Date immediately following the date a Miscellaneous Secured Claim becomes an Allowed Miscellaneous Secured Claims, or on the date that is 90 days after the date on which such Miscellaneous Secured Claim becomes an Allowed Miscellaneous Secured Claims, or a return to the Holder of the claim the Collateral securing the claim, or as otherwise agreed in writing by the Holder of the claim and the Debtors and/or the Liquidating Trustee.  This section provides for lien retention until the claim has been paid, the collateral returned, or the lien determined to be invalid or otherwise avoidable.  No payment under this Plan provision may be made unless the Liquidating Trust has sufficient Available Cash to pay, or reserve for, the Face Amount of all Miscellaneous Secured Claims, or the Liquidating Trust Oversight Committee consents to all or any portion of such Distribution.

### Objections

8.      Arlington ISD, et al, object to confirmation of the Plan to the extent that it fails to provide that they retain their liens until their claims are satisfied.

9.      Arlington ISD, et al, object to confirmation of the Plan to the extent that it fails to provide for the payment of interest on its claims, as required by 11 U.S.C. § 511(a), at the rate determined under applicable nonbankruptcy law.  Section 33.01(c) of the Texas Property Tax Code provides for interest at the rate of 1% per month from delinquency on the original tax levy.

10.    Arlington ISD, et al, object to confirmation of the Plan to the extent that it permits the disparate treatment of claims in the same class.

11.    Arlington ISD, et al, object to confirmation of the Plan to the extent it permits the debtors to elect to pay the taxes over or at the end of an extended period, in the event their claims are determined to be Allowed Priority Tax Claims.  In this instance Arlington ISD, et al assert that they should be paid in full as soon as practicable after their claims are Allowed the since it appears that the Debtors have effectively liquidated all of their property in Texas and are holding sufficient funds in a segregated account to pay their claims, and no good reason exists that requires them to wait further for payment.

12.    Arlington ISD, et al, object to the confirmation of the Plan to the extent that it provides for payment of any claims to creditors, including Administrative Claims, of lower priority prior to the satisfaction in full of their secured tax claims.

13.    Arlington ISD, et al, object to confirmation of the Plan to the extent that it permits or requires the deferral or avoidance of the payment of their claims based on the requirement that sufficient Available Cash to pay or reserve for the Face Amount of all Administrative Claims and the Face Amount of all Priority Tax Claims and/or the Face Amount of all Miscellaneous Secured Claims.  As stated above, the Debtors and Arlington ISD have stipulated that Reserve Proceeds shall be maintained in a separate account, and should be paid to Arlington ISD, et al as soon as practicable after such claims become Allowed.

14.    Arlington ISD, et al, object to confirmation of the Plan to the extent that it characterizes their claims, including taxes that accrue post petition, as anything but first priority secured Claims.

15.    Arlington ISD, et al, object to confirmation of the Plan to the extent that it provides for

the retention of jurisdiction greater than that permitted under federal law.

16.    Arlington ISD, et al, object to confirmation of the Plan to the extent it provides for the

withholding for purposes of federal income taxation, of any part of their tax claim amounts since

they are political subdivisions of the State of Texas and are exempt from federal taxation.

17.    Arlington ISD, et al, object to confirmation of the Plan to the extent that it fails to provide

for interim interest as required by 11 U.S.C. § 506(b).

WHEREFORE, PREMISES CONSIDERED, respectfully request that this Court sustain

their objections to the Confirmation of Debtor's Plan of Reorganization, and that it deny

confirmation of the proposed Plan, and for such other and further relief, at law or in equity, as is

just.

Respectfully submitted,

ARLINGTON ISD, *et al.*

By: /s/ W. Joel Charboneau
Magee Goldstein Lasky & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003
540-343-9800
540-343-9898 (F)


/s/ Owen M. Sonik
Perdue, Brandon, Fielder, Collins & Mott, L.L.P.
Owen M. Sonik
SBN: 18847250
ELIZABETH BANDA
SBN: 24012238
Attorney in Charge for Arlington ISD, et al
1235 North Loop West, Suite 600
Houston, Texas 77008
(713) 862-1860
(713) 862-1429   Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2009, I electronically filed the foregoing Objection of Certain Texas Taxing Authorities to Confirmation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims' First Amended Joint Plan of Liquidation Dated September 24, 2009 with the United States Bankruptcy Court for the Eastern District of Virginia.  On this same date, I served copies on the parties listed below via overnight mail.

U.S. Bankruptcy Court
Chambers of the Honorable Kevin Huennekens
701 East Broad Street
Richmond, VA 23219-1888

Circuit City Stores, Inc.
4951 Lake Brook Drive
Suite #500
Glen Allen, VA 23060
(Attn: Michelle Mosier)

Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
10th and King Streets, 7th Floor
Wilmington, DE 19801
(Attn: Gregg M. Galardi and Ian S. Fredericks)

Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive
Chicago, IL 60606
(Attn: Chris L. Dickerson and Jessica S. Kumar)

McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
(Attn: Douglas M. Foley and Sarah B. Boehm)

Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067
(Attn: Jeffrey N. Pomerantz and Stanley E. Goldich)

Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 36th Floor
New York, NY 10017
(Attn: Robert J. Feinstein)

Tavenner & Beran, PLC
20 N. Eighth Street, Second Floor
Richmond, VA 23219
(Attn: Lynn L. Tavenner and Paula S. Beran)

701 East Broad Street, Suite 4304
Richmond, VA 23219
(Attn: Robert B. Van Arsdale)

On this same date, served copies of the foregoing by electronic mail on the entities comprising the Primary Service List (as defined in Exhibit A to the Order dated November 12, 2008, governing notice procedures).

/s/ W. Joel Charboneau
W. Joel Charboneau

U:\A CLIENTS\Arlington ISD, et al. 9298\Arlington ISD et al\Objection to Plan\Objection.doc

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                                 :    Chapter 11
                                 :
In re:                           :
                                 :    Case No. 08-35653 (KRH)
CIRCUIT CITY STORES, INC.,       :
et al.,                          :
                                 :    Jointly Administered
            Debtors.       x

- - - - - - - - - - - - - - -

STIPULATION BETWEEN THE DEBTORS AND VARIOUS TAXING
AUTHORITIES RESOLVING THE TAXING AUTHORITIES'
OBJECTIONS TO THE ORDER APPROVING SALE OF DEBTORS'
ASSETS FREE AND CLEAR OF ALL INTERESTS AND GRANTING
RELATED RELIEF

WHEREAS, on November 10, 2008, the debtors and

debtors in possession in the above-captioned cases

1


EXHIBIT

A

(collectively, the "Debtors"), filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code");

WHEREAS, on January 9, 2009, the Debtors filed their Motion for Orders Pursuant to Bankruptcy Code Sections 105, 363 and 364 (I)(A) Approving Procedures in Connection With Sale of All or Substantially All of the Business or Additional Post-Petition Financing for the Business, (B) Authorizing Debtors to Enter into Stalking Horse or Financing Agreements in Connection with Going Concern Transactions or Stalking Horse Agreements in Connection with Store Closing and Miscellaneous Asset Sales, (C) Approving the Payment of Termination Fees in Connection Therewith, and (D) Setting Auction and Hearing Dates, (II) Approving Sale of Debtors' Assets Free and Clear of All Interests and (III) Granting Related Relief (Docket No. 1423) (the "Motion").

WHEREAS, on January 15, 2009, certain taxing authorities, including Tax Appraisal District of Arlington ISD, Alief ISD, Baybrook MUD 1, Bell County, Brazoria County MUD #6, Burleson ISD, Caroll ISD, City of

2

Cedar Hill, City of Hurst, City of Lake Worth, City of
Wichita Falls, Clear Creak ISD, County of Brazos, County
of Comal, County of Denton, Fort Bend ISD, Fort Bend LID
2, Fort Worth ISD, Galena Park ISD, Hidalgo County & H.C.
Drainage District #1, Humble ISD, Longview Independent
School District, Lubbock CAD, Midland County Tax Office,
Potter County Tax Office, Tyler ISD, Wichita County,
Wichita Falls ISD, Woodlands Metro MUD, Woodlands RUD #1,
Lewisville Independent School District, City of Waco/Waco
Independent School District, Midland Central Appraisal
District, Central Appraisal District of Taylor County,
County of Williamson, Bexar County, Cameron County,
Cypress-Fairbanks ISD, Dallas County, Ector CAD, El Paso,
Fort Bend County, Frisco, Grayson County, Gregg County,
Harris County, Irving ISD, Jefferson County, McAllen,
McAllen ISD, McLennan County, Montgomery County, Nueces
County, Rockwall CAD, Rockwall County, Round Rock ISD,
San Patricio County, Smith County, South Texas College,
South Texas ISD, Tarrant County and Tom Green CAD (the
"Joint Objectors") filed a Joint Objection to the Motion
(Docket Nos. 1548 and 1581);

WHEREAS, on January 15, 2009, Henrico County, Virginia ("Henrico") filed an objection to the Motion (Docket No. 1572);

WHEREAS, on January 15, 2009, Palm Beach County, Florida ("Palm Beach") filed an objection to the Motion (Docket No. 1577);

WHEREAS, the Joint Objectors, Henrico and Palm Beach (collectively, the "Objectors") have asserted that the Debtors owe property taxes to the Objectors in the amounts (the "Claimed Amounts"), and secured by the collateral (the "Claimed Collateral"), as reflected on Exhibit A attached hereto;

WHEREAS, on January 16, 2009 the Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court") entered an Order with respect to the Motion Approving Agency Agreement, Store Closing Sales And Related Relief (Docket No. 1634) (the "Order") authorizing the Debtors to proceed with a the liquidation of inventory and property at their remaining operating stores (the "Sales");

WHEREAS, at the hearing on the Motion, the Court authorized the Debtors to enter into stipulations

4

with various parties, including the Objectors, resolving their objections to entry of the Order;

WHEREAS, the Debtors and the Objectors desire to resolve certain of their disputes; and

NOW, THEREFORE, in consideration of the foregoing, the Debtors and the Objectors agree and stipulate as follows:

1.   The Debtors shall reserve proceeds from the Sales of the Claimed Collateral as set forth on Exhibit A hereto (the "Reserved Proceeds") pending resolution of the amount, extent, validity and priority of the Objectors' liens, if any, against the Claimed Collateral, subject to all defenses, claims and/or counterclaims, or setoffs as may exist with respect to the Claim Collateral.  Upon the set aside of such Reserve Proceeds, the liens, if any, of the Objectors shall attach to said proceeds to the same extent, with the same priority and with the same validity as such Objectors currently hold in the subject collateral.

2.   Until the Claimed Amounts, as set forth on Exhibit A including any interest as allowed pursuant to the Bankruptcy Code, are paid, or the parties hereto

5

shall agree otherwise, the Debtors shall maintain the
Reserved Proceeds in a separate account and the
Objectors' liens, if any, shall continue against the
Reserved Proceeds in accordance with the terms of this
Stipulation.   These Reserved Proceeds may not be released
apart from agreement between the Debtors, the Objectors
and the DIP Agent, or upon subsequent order of the Court
duly noticed to the Objectors.   Notwithstanding the
Debtors' entry into this Stipulation, the Debtors reserve
all rights with respect to the Claimed Amount and the
Objectors' interests, if any, in the Claimed Collateral.

3.   This Stipulation shall be binding upon and
shall inure to the benefit of the Parties, their
successors and assigns, parents, subsidiaries, and
affiliated corporations and organizations, shareholders,
officers, directors, employees, agents, and all other
entities and individual persons seeking to claim and/or
defend through the rights of the Parties.

4.   This Stipulation constitutes the entire
agreement and understanding between the parties and no
party has made any promises to or agreements with any
other party other than those contained in this

6

Stipulation.  No waiver or modification of any term or condition contained herein shall be valid or binding unless in writing and executed by the parties hereto.

5.    This Stipulation may be executed and delivered in any number of original or facsimile counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

6.    The United States Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to this stipulation.  This Stipulation shall be governed by title 11 of the United States Code and, to the extent not inconsistent, the laws of the Commonwealth of Virginia, without regard to Virginia's choice of law rules.

ACCEPTED AND AGREED TO BY:

By:    __/s/ Douglas M. Foley_____
       Dion W. Hayes (VSB No.34304)
       Douglas M. Foley (VSB No. 34364)
       MCGUIREWOODS LLP
       One James Center
       901 E. Cary Street
       Richmond, Virginia, 23219
       804-775-1000

          - and -

7

By: _____

Gregg M. Galardi (I.D. No. 2991)
Ian S. Fredericks (I.D. No. 4626)
SKADDEN ARPS SLATE MEAGHER & FLOM
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
302-651-3000
302-651-3001

Counsel for the Debtors

Dated: 3/10/09 _____

8

By: _____
Michael Reed
McCREARY, VESELKA, BRAGG & ALLEN, P.C.
P.O. Box 1269
Round Rock, Texas  78680
512-323-3200

Counsel for Tax Appraisal District of Bell County,
County of Brazos, County of Comal, County of Denton,
Longview Independent School District, City of
Waco/Waco Independent School District, Midland
Central Appraisal District, Central Appraisal
District of Taylor County and County of Williamson

Dated: *Feb. 13, 2009*

By: _____
Elizabeth Weller, Esq.
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
2323 Bryan St. #1600
Dallas, TX 75201
(469)221-5075 direct dial
(469)221-5002 fax

Counsel for Bexar County, Cameron County, Cypress-
Fairbanks ISD, Dallas County, Ector CAD, El Paso,
Fort Bend County, Frisco, Grayson County, Gregg
County, Harris County, Irving ISD, Jefferson County,
McAllen, McAllen ISD, McLennan County, Montgomery
County, Nueces County, Rockwall CAD, Rockwall County,
Round Rock ISD, San Patricio County, Smith County,
South Texas College, South Texas ISD, Tarrant County
and Tom Green CAD

Dated:   *2-13-09*

9

By: _____

Elizabeth Banda
PERDUE, BRANDON, FIELDER, COLLINS & MOTT, LLP
P.O. Box 13430
Arlington, Texas 76094
(817) 461-3344
(817) 861-9416


Counsel for Arlington ISD, Alief ISD, Baybrook MUD 1,
Brazoria County, Brazoria County MUD #6, Burleson
ISD, Carroll ISD, City of Cedar Hill, City of Hurst,
City of Lake Worth, City of Wichita Falls, Clear
Creek ISD, Fort Bend ISD, Fort Bend LID 2, Fort
Worth ISD, Galena Park ISD, Hidalgo County & H.C.
Drainage District #1, Humble ISD, Lubbuck CAD,
Midland County Tax Office, Potter County Tax Office,
Tyler ISD, Wichita County, Wichita Falls
ISD,Woodlands Metro MUD, and Woodlands RUD #1


Dated:  __February 18, 2009__



By:  __/s/ Rhysa Griffith South_____

Rhysa Griffith South (VSB No. 259444)
Assistant Henrico County Attorney
Office of County Attorney
County of Henrico
P.O. Box 90775
Henrico, Virginia 23273-0775
(804) 501-5091
(804) 501-4140 fax


Counsel for County of Henrico, Virginia


Dated:  __February 12, 2009__



10

By: _____

Andrea Sheehan
Law Offices of Robert E. Luna, P.C.
4411 N. Central Expressway
Dallas, Texas 75205
(214) 521-8000
(214) 521-1738 fax

Counsel for Lewisville Independent School District

Dated: _2/11/2009_

By: /s/ W. Joel Charboneau_____
A. Carter Magee, Jr.
W. Joel Charboneau
Magee, Foster, Goldstein & Sayers, P.C.
P.O. Box 404
Roanoke, VA 24403
(540) 343-9800
(540) 343-9898 fax

Local Counsel for Palm Beach County, Florida

Dated:   February 26, 2009_

11

## EXHIBIT A

### Claimed Amounts and Collateral

| Claimant | Claimed Amount | Claimed Collateral |
|---|---|---|
| Arlington ISD | $65,116.66 | FFE, Inventory |
| Alief ISD | $35,130.90 | FFE, Inventory, Machinery, Computers, and Supplies |
| Brazoria County | $89,220.16 | FFE, Inventory, Machinery, Computers, and Supplies |
| Brazoria County MUD #6 | $27,260.94 | FFE, Inventory, Machinery, Computers, and Supplies |
| Burleson ISD | $71,301.43 | FFE, Inventory |
| Carroll ISD | $69,001.38 | FFE, Inventory |
| City of Cedar Hill | $25,063.19 | FFE, Inventory |
| City of Hurst | $26,136.35 | FFE, Inventory |
| City of Lake Worth | $13,601.62 | FFE, Inventory |
| City of Wichita Falls | $20,459.63 | FFE, Inventory Electronics & Data Processing, amd Machinery |
| Clear Creek ISD | $71,716.62 | FFE, Inventory, Machinery, Computers, and Supplies |
| Fort Bend ISD | $52,795.66 | FFE, Inventory, Machinery, Computers, and Supplies |
| Fort Bend LID 2 | $6,027.86 | FFE, Inventory, Machinery, Computers, and Supplies |
| Fort Worth ISD | $45,100.05 | FFE, Inventory |
| Galena Park ISD | $103,631.60 | FFE, Inventory, Machinery, Computers, and Supplies |
| Hildalgo Count & HC Drainage District # 1 | $36,598.23 | FFE, Machinery |

1

| Claimant | Claimed Amount | Claimed Collateral |
|---|---|---|
| Humble ISD | $34,615.96 | FFE, Inventory, Machinery, Computers, and Supplies |
| Lubbock CAD | $84,857.49 | FFE, Machinery |
| Midland County Tax Office | $7,761.29 | FFE, Inventory |
| Potter County Tax Office | $91,021.50 | Furniture, Inventory, Equipment |
| Tyler ISD | $35,769.66 | FFE, Inventory |
| Wichita County | $14,915.75 | FFE, Inventory Electronics & Data Processing, amd Machinery |
| Wichita Falls ISD | $41,210.72 | FFE, Inventory Electronics & Data Processing, amd Machinery |
| Woodlands Metro MUD | $7,409.68 | FFE, Inventory, Machinery, Computers, and Supplies |
| Woodlands RUD #1 | $18,477.42 | FFE, Inventory, Machinery, Computers, and Supplies |
| Lewisville Independent School District | $64,181.60 | All Personal Property |
| Bell County | $123,482.55 | FFE, Inventory |
| County of Brazos | $92,144.95 | All Personal Property |
| County of Comal | $81,436.80 | All Personal Property |
| County of Denton | $22,875.78 | All Personal Property |
| Longview Independent School District | $42,162.74 | All Personal Property |
| City of Waco/Waco Independent School District | $139,366.87 | FFE, Inventory, Machinery, and Supplies |
| Midland Central Appraisal District | $70,999.95 | FFE, Inventory, Machinery, and Supplies |

2

| Claimant | Claimed Amount | Claimed Collateral |
|---|---|---|
| Central Appraisal District of Taylor County | $97,020.13 | All Personal Property |
| County of Williamson | $76,148.62 | All Personal Property |
| Bexar County | $336,274.60 | All Personal Property |
| Cameron County | $72,294.16 | All Personal Property |
| Cypress-Fairbanks ISD | $42,904.16 | All Personal Property |
| Dallas County | $325,372.93 | All Personal Property |
| El Paso | $239,603.90 | All Personal Property |
| Fort Bend County | $31,663.92 | All Personal Property |
| Frisco | $17,189.70 | All Personal Property |
| Grayson County | $51,412.40 | All Personal Property |
| Gregg County | $23,731.60 | All Personal Property |
| Harlingen | $14,393.64 | All Personal Property |
| Harligen CISD | $27,445.50 | All Personal Property |
| Harris County | $528,103.98 | All Personal Property |
| Irving ISD | $59,684.74 | All Personal Property |
| Jefferson County | $191,224.40 | All Personal Property |
| McAllen | $22,249.40 | All Personal Property |
| McAllen ISD | $60,468.94 | All Personal Property |
| McLennan County | $23,453.78 | All Personal Property |
| Memphis | $4,048.18 | All Personal Property |
| Montgomery County | $119,693.18 | All Personal Property |
| Nueces County | $93,105.66 | All Personal Property |
| Rockwall CAD | $80,567.20 | All Personal Property |
| Rockwall County | $15,312.30 | All Personal Property |
| Round Rock ISD | $63,268.54 | All Personal Property |
| Smith County | $37,770.84 | All Personal Property |
| South Texas College | $7,991.14 | All Personal Property |

3

| Claimant | Claimed Amount | Claimed Collateral |
|---|---|---|
| South Texas ISD | $2,598.32 | All Personal Property |
| Tarrant County | $362,751.56 | All Personal Property |
| Tom Green CAD | $52,951.88 | All Personal Property |
| Henrico County | $1491.00 | Vehicle |
| Henrico County | $1,307,089.00 | Furniture, Fixture, and Computers |
| Palm Beach County | $84,353.26 | All Personal Property |