Gregg M. Galardi, Esq.             Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.            Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &    MCGUIREWOODS LLP
FLOM, LLP                          One James Center
One Rodney Square                  901 E. Cary Street
PO Box 636                         Richmond, Virginia 23219
Wilmington, Delaware 19899-0636    (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :   Jointly Administered
            Debtors.         :
                             :   **Obj. Deadline: November 23, 2009**
- - - - - - - - - - - - - - x    **at 5:00 p.m. (ET)**

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION BY
AND AMONG THE DEBTORS AND HEWLETT-PACKARD COMPANY**

          PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval
(the "Settlement Procedures Order") (Docket No. 4401).[1]  A
copy of the Settlement Procedures Order (without exhibits)
is annexed as Exhibit 1.

---

[1]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to such terms in the Agreement (defined below) or
     the Settlement Procedures Order.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement Agreement") with Hewlett-Packard Company, a copy of which is annexed as <u>Exhibit 2</u>.

### SUMMARY OF SETTLEMENT AGREEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Settlement Agreement are as follows:

(i)     The Parties agree that (i) Hewlett Packard Administrative Expense Claim shall be valued at $150,000, (ii) the Hewlett

---

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]   This section of the notice constitutes a summary of the material terms of the Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Agreement in its entirety.  In the event there is a conflict between the notice and the Agreement, the Agreement shall control in all respects.

Packard 503(b)(9) Claim shall be valued at $33,000,000, and (iii) the Unsecured Claim shall be valued at $92,000,000.

(ii)   The parties agree that the Debtors' Receivables shall be valued at $54,600,000 (the "Receivables").

(iii)  The Receivables shall be net against the Administrative Expense Claim, the Hewlett Packard 503(b)(9) Claim and Unsecured Claim such that (i) the Administrative Expense Claim shall reduced to $0; (ii) the Hewlett Packard 503(b)(9) Claim shall reduced to $6,000,000 (the "Allowed 503(b)(9) Claim"), (iii) the Unsecured Claim shall reduced to $64,500,000 (the "Allowed Unsecured Claim"), and (iv) the Receivables shall reduced to $0.

(iv)   To the extent required, the automatic stay of 11 U.S.C. § 362 is lifted to permit the netting set forth in Paragraph (iii) above.

(v)    The Allowed 503(b)(9) Claim and the Allowed Unsecured Claim shall be deemed "allowed" claims in case number 08-35653 (KRH) for all purposes, including with respect to any confirmed plan of liquidation, shall be paid on the "effective date" of any plan, and shall not be subject to further offset, reduction, or discount.

(vi)   Hewlett Packard, on behalf of itself and its affiliates, and the Debtors, on behalf of themselves, and each on behalf of their respective estates, successors, and assigns, hereby irrevocably and fully release and discharge one another from and against any and all claims or causes of action (including, but not limited to, causes of action under Bankruptcy Code sections 542, 543, 544, 546, 547, 548, 549, 550, 553 and 558, but excluding the Allowed 503(b)(9) Claim and the Allowed Unsecured Claim)

3

arising from, in connection with or relating to the Reseller Agreement (the "Releases").  For the avoidance of doubt, (i) the Allowed 503(b)(9) Claim and the Allowed Unsecured Claim shall constitute Hewlett Packard's full and final claims in the Debtors' cases and Hewlett Packard shall not file or be entitled to recover on account of any other claims from the Debtors or their estates and (ii) the Debtors shall not be entitled to recover any further credits, rebates, receivables, or discounts from Hewlett Packard.  The Releases are not intended as general releases or waivers and nothing in this Settlement Agreement shall be construed as such.

(vii) Notwithstanding anything to the contrary in this Settlement Agreement, Hewlett Packard and the Debtors specifically acknowledge and agree that the Settlement Agreement is not intended to, and does not, release or otherwise affect in any way any actual claims or causes of action (or potential claims or causes of action similar in nature or type to such actual claims or causes of action) now or hereinafter asserted in or relating to the multi-district litigation captioned In re: TFT-LCD (Flat Panel) Antitrust Litigation, MDL No. 1827 (N.D. Cal.) and the actions consolidated therein (the "MDL Proceeding") that (i) the Debtors, on behalf of themselves, and each on behalf of their respective estates, successors, and assigns, have or may have against the now named or hereinafter named parties in the MDL Proceeding and (ii) Hewlett Packard and its subsidiaries and affiliates and each on behalf of their respective successors, and assigns, have or may have against the now named or hereinafter named parties in the MDL Proceeding.

         (viii)  The Reseller Agreement shall be deemed
terminated and rejected as of the date
hereof.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE SETTLEMENT AGREEMENT**

     PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Settlement Procedures Order,
any Notice Party may object (each an "Objection") to or
request additional time or information (each a "Request")
to evaluate the Settlement Agreement.

     PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be <u>in writing</u> and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (see addresses below) by no later
**November 23, 2009 at 5:00 p.m. (ET)** (the "Objection
Deadline"). Each Objection or Request must be served on (i)
the attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
([gregg.galardi@skadden.com](mailto:gregg.galardi@skadden.com)) and Ian S. Fredericks
([ian.fredericks@skadden.com](mailto:ian.fredericks@skadden.com)) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley ([dfoley@mcguirewoods.com](mailto:dfoley@mcguirewoods.com)) and Daniel F.
Blanks ([dblanks@mcguirewoods.com](mailto:dblanks@mcguirewoods.com)), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz ([jpomerantz@pszjlaw.com](mailto:jpomerantz@pszjlaw.com)) and (b) 780 Third Avenue,
36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein
([rfeinstein@pszjlaw.com](mailto:rfeinstein@pszjlaw.com)).

     PLEASE TAKE FURTHER NOTICE that if you object to
the Settlement Agreement and you do not want the Debtors to
proceed with the Settlement Agreement or you want the Court
to consider your views concerning the Settlement Agreement,
you or you attorney must also:

        file in writing with the Court, Clerk of Court,
United States Bankruptcy Court, 701 East Broad
Street, Suite 4000, Richmond, Virginia 23219, or
electronically ([www.vaeb.uscourts.gov](http://www.vaeb.uscourts.gov)), a written
Objection pursuant to Local Bankruptcy Rule 9013-

1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before November 23, 2009 at 5:00 p.m. (ET)**.

**Any Objection to an Settlement Agreement must be submitted by the method described in the foregoing sentence. Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Settlement Procedures Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: November 12, 2009
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

          - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    1Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]    Each capitalized term not otherwise defined herein shall have the
       meaning ascribed to it in the Motion.



of title 11 of the United States Code (the "Bankruptcy
Code") and Rules 2002, 9006 and 9019 of the Federal
Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),
for entry of an order authorizing the establishment of
procedures to settle certain pre-petition and post-
petition claims and causes of action without further
court approval; and the Court having reviewed the
Motion; and upon the record herein; and after due
deliberation thereon; and good and sufficient cause
appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.   Based on the affidavits of service filed,
due, proper and adequate notice of the Motion has been
given in accordance with the Case Management Order and
that no other or further notice is necessary;

2.   The Notice Procedures are fair,
reasonable, and appropriate.

3.   The Settlement Procedures are fair
reasonable, and appropriate.

4.   The Notice and Settlement Procedures were
proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)   All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)   Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)   Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   Tier I With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   Tier II With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

> seventy-five percent (75%) of the Debtors'
> original reasonable estimate of the Cause of
> Action and Receivable Claim amount.

13.   To memorialize the Settlements, the Debtors are authorized in their sole discretion, but not directed, to enter into Settlement Agreements substantially in the form of <u>Exhibit A</u> attached hereto; <u>provided</u>, <u>further</u>, that the material terms of each Settlement Agreement may vary depending upon the specific facts and circumstances of each Settlement and nothing herein or therein shall be construed as impairing the Debtors' ability to tailor the form of the Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not directed, to resolve all of the Disputed Claims and Cause of Action and Receivable Claims of a single party in a single Settlement Agreement.

15.   The Debtors shall provide written notice to Kurtzman Carson Consultants LLC ("KCC"), the Debtors' authorized claims and noticing agent, with respect to any proof of claim settled pursuant to these Settlement Procedures; <u>provided</u>, <u>further</u>, that, if applicable, KCC

9

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.  Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.  Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear and determine all matters arising from or related to the Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
 Aug 7 2009_____, 2009

/s/ Kevin R. Huennekens

UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

12

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.    Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.    Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE,    MCGUIREWOODS LLP
MEAGHER & FLOM, LLP    One James Center
One Rodney Square    901 E. Cary Street
PO Box 636    Richmond, Virginia 23219
Wilmington, Delaware    (804) 775-1000
19899-0636
(302) 651-3000

      - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x
```

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS AND HEWLETT-PACKARD COMPANY**

This settlement agreement and stipulation

(this "Settlement Agreement") is entered into by and

among the above-captioned debtors and debtors in possession (the "Debtors"),[1] on the one hand, and Hewlett-Packard Company ("Hewlett Packard" and together with the Debtors, the "Parties" and each of which is a "Party"), on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

WHEREAS, the Debtors have continued as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc.

and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

WHEREAS, the associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, and confirmation on the Plan is currently scheduled for November 23, 2009; and

WHEREAS, generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval, dated August 7, 2009 (Docket No. 4401, the "Settlement Procedures Order") to enter into this Settlement Agreement, subject to the Notice Procedures.

**SETTLEMENT BACKGROUND**

**A.    The Hewlett Packard Claims.**

WHEREAS, Circuit City and Hewlett Packard were

parties to that certain U.S. Consumer Products Reseller

Agreement #57AZO, as subsequently amended (the "Reseller

Agreement"), pursuant to which the Debtors were

authorized to purchase and resell certain Hewlett

Packard products, including but not limited to,

electronic computer equipment, peripherals, and software

(collectively, "Product"), in the continental United

States, Hawaii, and Alaska; and

WHEREAS, on December 18, 2008, Hewlett Packard

filed proof of claim number 1076 against the Debtors'

bankruptcy estates pursuant to 11 U.S.C. § 503(b)(9)

(the "503(b)(9) Claim").  Therein, Hewlett Packard

claimed that it shipped in the ordinary course of

business $37,500,000 worth of Product to the Debtors

within the twenty (20) days before the Petition Date in

accordance with the terms of the Reseller Agreement, for

which Hewlett Packard had not received payment; and

WHEREAS, on November 27, 2008, Hewlett Packard

filed claim number 7527, a general unsecured proof of

claim against the Debtors' bankruptcy estates (the

"Unsecured Claim").  Therein, Hewlett Packard claimed

that it shipped in the ordinary course of business

$129,849,874.68 worth of Product to the Debtors before
the Petition Date in accordance with the terms of the
Reseller Agreement, for which Hewlett Packard had not
received payment; and

WHEREAS, on June 29, 2009, Hewlett Packard
filed an administrative expense claim numbered 13822
against the Debtors' bankruptcy estates(the
"Administrative Expense Claim" and, collectively, with
the 503(b)(9) Claim and the Unsecured Claim, the
"Hewlett Packard Claims").  Therein, Hewlett Packard
claimed that it was owed $154,497.90 for goods and
services provided to the Debtors on and after the
Petition Date pursuant to 11 U.S.C. § 503(b)(1) of the
Bankruptcy Code; and

WHEREAS, on August 21, 2009, the Debtors
objected to portions of the Unsecured Claim and the
503(b)(9) Claim (D.I. 4598); and

WHEREAS, by agreement by the Parties, on
October 28, 2009, the Bankruptcy Court entered the Order
on Debtors' Thirty-Fourth Omnibus Objection to Claims
(Modification of Certain Duplicate 503(b)(9) Claims)
(D.I. 5385), which reduced the Unsecured Claim to

$96,784,248.32 and the 503(b)(9) Claim to $33,065,626.36;

and

**B.    The Omnibus Objection.**

WHEREAS, on October 13, 2009, the Debtors

filed the Debtors' Forty-Ninth Omnibus Objection to

Certain Administrative Expenses and 503(b)(9) Claims and

Motion for (I) Authority to Setoff Against Such Expenses

and Claims and (II) A waiver of the Requirement that the

First Hearing on any Response Proceed as a Status

Conference (D.I. 5212) (the "Objection"); and

WHEREAS, as set forth in the Objection,

Circuit City alleged that it became entitled to certain

pre- and post-petition amounts, including receivables,

charge-backs, returns, and other amounts, under the

Reseller Agreement, which are currently due and owing to

Circuit City Stores, Inc. ("Circuit City") by Hewlett

Packard, but for which Circuit City had not received

payment.  Specifically, the Debtors alleged that Hewlett

Packard owed Circuit City pre- and post-petition amounts

totaling $58,257,554.88 (the "Alleged Receivables"); and

WHEREAS, pursuant to the Objection, Circuit

City sought to setoff the Alleged Receivables against

the Hewlett Packard Administrative Claim and 503(b)(9)

Claim such that after setoff of the Alleged Receivables,

the Hewlett Packard Administrative Expense Claim and

503(b)(9) Claim would each be valued at $0, and Circuit

City would have $25,037,430.62 of Alleged Receivables

remaining; and

**C.   Hewlett Packard's Response to the Objection.**

WHEREAS, on November 6, 2009, Hewlett Packard

filed the Response of Hewlett-Packard Company to

Debtors' Forty-Ninth Omnibus Objection to Certain

Administrative Expenses and 503(b)(9) Claims and Motion

for (I) Authority to Setoff Against Such Expenses and

Claims and (II) A waiver of the Requirement that the

First Hearing on any Response Proceed as a Status

Conference, and Cross-Motion for Recoupment or Setoff in

the Alternative (D.I. 5563) (the "Response"); and

WHEREAS, in the Response, Hewlett Packard

(i) disputed the amount of the Alleged Receivables and

contended that the Debtors had overstated the amount of

the Alleged Receivables, and (ii) contended that the

Debtors may not setoff the Alleged Receivables against

its Administrative Claim and 503(b)(9) Claim.

Alternatively, Hewlett Packard argued that the Debtors must first setoff the Alleged Receivables against its Unsecured Claim, and then, to the extent any Alleged Receivables remain, the Debtors may setoff the Alleged Receivables against its Administrative Expense and 503(b)(9) Claims; and

WHEREAS, in the Response, Hewlett Packard also argued that the Debtors proposed setoffs should be denied because any recoupment rights Hewlett Packard possesses, and any setoff rights Hewlett Packard possesses under 11 U.S.C. § 553, are superior to the Debtors' setoff rights pursuant to 11 U.S.C. § 558. Given the alleged superiority of its recoupment rights, Hewlett Packard claims that it should be allowed to recoup the Alleged Receivables against its Unsecured Claim. Moreover, Hewlett Packard claimed that the Reseller Agreement was materially breached by the Debtors, and, therefore, the Debtors were not entitled to the Receivables in any event; and

WHEREAS, rather than proceed with litigation concerning the Hewlett Packard Claims and the Debtors' Alleged Receivables, the parties engaged in good faith,

arms' length negotiations to resolve the Hewlett Packard

Claims, the Debtors' Objection, and Hewlett Packard's

Response thereto in their entirety; and

NOW THEREFORE, subject to and in accordance

with the Settlement Procedures Order, for good and

valuable consideration the receipt and sufficiency of

which is hereby acknowledged, the Parties hereby

STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.   The Parties agree that (i) Hewlett

Packard Administrative Expense Claim shall be valued at

$150,000, (ii) the Hewlett Packard 503(b)(9) Claim shall

be valued at $33,000,000, and (iii) the Unsecured Claim

shall be valued at $92,000,000.

2.   The parties agree that the Debtors'

Receivables shall be valued at $54,600,000 (the

"Receivables").

3.   The Receivables shall be net against the

Administrative Expense Claim, the Hewlett Packard

503(b)(9) Claim and Unsecured Claim such that (i) the

Administrative Expense Claim shall reduced to $0; (ii)

the Hewlett Packard 503(b)(9) Claim shall reduced to

$6,000,000 (the "Allowed 503(b)(9) Claim"), (iii) the

Unsecured Claim shall reduced to $64,500,000 (the

"Allowed Unsecured Claim"), and (iv) the Receivables

shall reduced to $0.

    4.    To the extent required, the automatic

stay of 11 U.S.C. § 362 is lifted to permit the netting

set forth in Paragraph 3 above.

    5.    The Allowed 503(b)(9) Claim and the

Allowed Unsecured Claim shall be deemed "allowed" claims

in case number 08-35653 (KRH) for all purposes,

including with respect to any confirmed plan of

liquidation, shall be paid on the "effective date" of

any plan, and shall not be subject to further offset,

reduction, or discount.

    6.    Hewlett Packard, on behalf of itself and

its affiliates, and the Debtors, on behalf of themselves,

and each on behalf of their respective estates,

successors, and assigns, hereby irrevocably and fully

release and discharge one another from and against any

and all claims or causes of action (including, but not

limited to, causes of action under Bankruptcy Code

sections 542, 543, 544, 546, 547, 548, 549, 550, 553 and

558, but excluding the Allowed 503(b)(9) Claim and the

Allowed Unsecured Claim) arising from, in connection

with or relating to the Reseller Agreement (the

"Releases").  For the avoidance of doubt, (i) the

Allowed 503(b)(9) Claim and the Allowed Unsecured Claim

shall constitute Hewlett Packard's full and final claims

in the Debtors' cases and Hewlett Packard shall not file

or be entitled to recover on account of any other claims

from the Debtors or their estates and (ii) the Debtors

shall not be entitled to recover any further credits,

rebates, receivables, or discounts from Hewlett Packard.

The Releases are not intended as general releases or

waivers and nothing in this Settlement Agreement shall

be construed as such.

7.   Notwithstanding anything to the contrary

in this Settlement Agreement, Hewlett Packard and the

Debtors specifically acknowledge and agree that this

Settlement Agreement is not intended to, and does not,

release or otherwise affect in any way any actual claims

or causes of action (or potential claims or causes of

action similar in nature or type to such actual claims

or causes of action) now or hereinafter asserted in or

relating to the multi-district litigation captioned In

re: TFT-LCD (Flat Panel) Antitrust Litigation, MDL No.

1827 (N.D. Cal.) and the actions consolidated therein

(the "MDL Proceeding") that (i) the Debtors, on behalf

of themselves, and each on behalf of their respective

estates, successors, and assigns, have or may have

against the now named or hereinafter named parties in

the MDL Proceeding and (ii) Hewlett Packard and its

subsidiaries and affiliates and each on behalf of their

respective successors, and assigns, have or may have

against the now named or hereinafter named parties in

the MDL Proceeding.

8.    The Reseller Agreement shall be deemed

terminated and rejected as of the date hereof.

9.    Neither this Settlement Agreement, nor

any statement made or action taken in connection with

the negotiation of this Settlement Agreement, shall be

offered or received in evidence or in any way referred

to in any legal action or administrative proceeding

among or between the parties hereto, other than as may

be necessary (a) to obtain approval of and to enforce

this Settlement Agreement or (b) to seek damages or

injunctive relief in connection with such approval and enforcement.

10.   Each Party hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

11.   No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the parties hereto and their respective successors.

12.   Except where preempted by applicable Federal law, this Settlement Agreement shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia without regard to any choice of law provisions.

13.   This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

14.   This Settlement Agreement constitutes the entire agreement and understanding of the parties regarding the Agreement and the subject matter thereof.

15.   The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

16.   Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement.  The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

17.   This Settlement Agreement shall not be modified, altered, amended or vacated without the

written consent of all parties hereto or order of the
Bankruptcy Court.

18.   This Settlement Agreement and all of its
terms shall be effective upon the later of (i) execution
by both Parties and (ii) the expiration of the
applicable Notice Period.

19.   This Settlement Agreement shall inure to
the benefit of and be binding upon the successors and
assigns of the Parties hereto, including any Chapter 7
trustee or the Liquidating Trustee under the Plan.

IN WITNESS WHEREOF, this Settlement Agreement
is hereby executed as of November 12, 2009.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC., CIRCUIT CITY STORES WEST
COAST, INC., INTERTAN, INC., VENTOUX INTERNATIONAL,
INC., CIRCUIT CITY PURCHASING COMPANY, LLC, CC AVIATION,
LLC, CC DISTRIBUTION COMPANY OF VIRGINIA, INC., CIRCUIT
CITY PROPERTIES, LLC, KINZER TECHNOLOGY, LLC, ABBOTT
ADVERTISING AGENCY, INC., PATAPSCO DESIGNS, INC., SKY
VENTURE CORP., PRAHS, INC., XSSTUFF, LLC, MAYLAND MN,
LLC, COURCHEVEL, LLC, ORBYX ELECTRONICS, LLC, AND
CIRCUIT CITY STORES PR, LLC.

By:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Attorneys for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession


HEWLETT-PACKARD COMPANY

By:

FRIEDMAN DUMAS & SPRINGWATER LLP

/s/ Ellen A. Friedman
Ellen A. Friedman (California Bar No. 127684)
*Admitted pro hac vice*
150 Spear Street, Suite 1600
San Francisco, California  94105
(415) 834-3800


      – and –

/s/ Elizabeth L. Gunn
DURRETTEBRADSHAW PLC
Roy Terry (VSB No. 17764)
Elizabeth L. Gunn (VSB No. 71044)
600 East Main Street, 20th Floor
Richmond, Virginia  23219
(804) 775-6900


Attorneys for Hewlett-Packard Company