## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In Re: | : |
| | : |
| **CIRCUIT CITY STORES, INC.,** <u>et al</u>. | : Case No. 08-35653 (KRH) |
| | : |
| | : Chapter 11 |
| | : |
| **Debtors** | : (Jointly Administered) |
| _____ | : |

## CHARLES COUNTY, MARYLAND'S OBJECTION TO
## DEBTOR'S FIRST AMENDED JOINT PLAN OF LIQUIDATION

Charles County, Maryland (the "County"), by and through undersigned counsel, objects to the Debtor's First Amended Plan of Liquidation (the "Plan") and for reasons states as follows.

1. The County has timely filed herein a secured claim for pre-petition fiscal year 2009 personal property taxes in the amount of $14,363.49. A copy of the County's proof of claim is attached hereto as <u>Exhibit A</u>. These fiscal year 2009 personal property taxes were assessed as of January 1, 2009, and are therefore pre-petition taxes.

2. The subject taxes are based upon the calendar year 2008 assessment rendered by the Maryland Department of Assessments and Taxation, which was in turn based directly upon the personal property tax return filed by the Debtor. Pursuant to §§14-804 and 14-805 of the Tax Property Article of the Annotated Code of Maryland, these property taxes are secured by a statutory, first priority lien upon all of the Debtor's assessed tangible business personal property in Charles County, Maryland as well as

Brett Christopher Beehler, VSB No. 40475
Meyers, Rodbell & Rosenbaum, P.A.
680l Kenilworth Avenue, Suite 400
Riverdale Park, Maryland  20737
Telephone:  (301) 699-5800
Attorneys for Charles County, Maryland

any proceeds resulting from the sale thereof.  The County believes that its claim is over-secured by the Debtor's Charles County business personal property and/or the proceeds resulting from the sale thereof.

3. The Plan appears to classify the County's claim as a "*Class 1 Miscellaneous Secured Claim*" (hereinafter, "Class 1") and asserts that such claims are "unimpaired" and that the holders thereof are not entitled to vote under the Plan.  Under the terms of Class 1, the Liquidating Trustee is permitted to pay Class 1 secured claims out of the Liquidating Trust without regard to the actual priorities among the Miscellaneous Secured Claims.  The Plan specifically provides,

> "…No Distributions shall be made to the Holder of any Allowed Miscellaneous Secured Claim unless either (a) the Liquidating Trust has sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Miscellaneous Secured Claims or (b) the Liquidating Trust Oversight Committee consents to all or any portion of such Distribution." Plan III. B. 1.

The County's lien for its taxes is superior to all other liens upon the subject assessed business personal property and upon any proceeds resulting from the sale thereof.  However, according to its terms, the Plan would allow the Liquidating Trustee to pay other Miscellaneous Secured Claims ahead of the County's claims, even from sale proceeds arising directly from the sale of the County's collateral.  This provision effectively ignores the first priority lien of Charles County in its collateral and any proceeds resulting from the sale thereof.

4. To the extent that the Liquidating Trustee elects to pay other Miscellaneous Secured Claims ahead of the County's secured tax claim such that the County fails to receive the full amount of its claim, including interest, the County will

2

clearly be impaired.  The Plan violates 11 U.S.C. §1129(b)(2)(A)(j)(II), which provides in relevant part:

> "The condition that a plan be fair and equitable…includes… with respect to a class of secured claims the plan provides that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property."

The Plan also fails to provide any information as to what happens if there is insufficient cash available to pay all of the Allowed Miscellaneous Secured Claims in full.  The Plan should provide that in such an event, Allowed Miscellaneous Secured Claims shall be paid in accordance with their respective lien priorities in the subject collateral and/or from the specific proceeds resulting from the sale thereof, with any demonstrated shortfall being treated as a priority tax under 11 U.S.C. 507(a)(8)(B).

    5.    The Plan fails to provide that interest will be paid on the County's secured tax claim as is required under    11 USC 506(b).  Section 506(b) provides that to the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under agreement or State statute under which such claim arose.  Section 511(a) further provides that if any provision of this title requires the payment of interest on any tax claim or on an administrative expense tax, or the payment of interest to enable a creditor to receive the present value of the allowed amount of a tax claim, the rate of interest shall be the rate determined under applicable non-bankruptcy law.  See 11 USC §511(a).  Under Maryland law, the applicable interest rate for personal property taxes in Charles County, Maryland is

3

twelve percent (12%) per annum. See Md. Code Ann. Tax-Property Article §14-603. The Bankruptcy Code requires that the County be paid post-petition interest on its secured claim at the rate of twelve percent (12%) per annum until fully paid. Absent the payment of interest in accordance with 11 U.S.C. 506(b) and 511(a), the Plan violates 11 U.S.C. § 1129(b)(2)(A)(j)(II) and cannot be confirmed.

WHEREFORE, Charles County, Maryland respectfully prays that this Court:

1. Deny confirmation of the Debtors' First Amended Joint Plan of Liquidation; and

2. Grant such other and further relief as this Court deems appropriate.

Respectfully submitted,

Dated: November 5, 2009      **MEYERS, RODBELL & ROSENBAUM, P.A.**

By: /s/ Brett Christopher Beehler
Brett Christopher Beehler, VSB No. 40475
680l Kenilworth Avenue, Suite 400
Riverdale Park, Maryland  20737
Telephone:     (301) 699-5800
Attorneys for Charles County, MD

## CERTIFICATE OF SERVICE

I Brett C. Beehler, hereby certify that a true and correct copy of Charles County's Objection To Debtor's First Amended Joint Plan of Liquidation was served by electronic means on the "2002" and "Core" lists and through ECF system which in turn will generate an electronic notice of filing to all parties registered to receive electronic notice from the Courts and was served via U.S. Mail upon the parties listed below on this 5th day of November, 2009.

Hon. Kevin Huennekens
United States Bankruptcy Court
Eastern District of Virginia
701 East Broad Street, Room 5000
Richmond, Virginia 23219

Office of the U.S. Trustee
701 E. Broad St. Suite 4304
Richmond, Virginia 23219-1888
Attn: Robert B. Van Arsdale;

Circuit City Stores, Inc.
P.O. Box 5695
Glen Allen, Virginia 23058-5695
Attn: Michelle Mosier

Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Attn: Gregg M. Galardi and Ian S. Fredericks

Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606
Attn: Chris L. Dickerson and Jessica S. Kumar

McGuireWoods LLP
One James Center
901 E. Cary St.
Richmond, VA 23219
Attn: Douglas M. Foley and Sarah B. Boehm

5

Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067
Attn: Jeffrey N. Pomerantz and Stanley E. Goldich

Pachulski Stang Ziehl & Jones, LLP
780 Third Ave., 36th Floor
New York, NY 10017
Attn: Robert J. Feinstein

Tavenner & Beran, PLC
20 N. Eighth Street, 2nd Floor
Richmond, VA 23219
Attn: Lynn L. Tavenner and Paula S. Beran

By: /s/ Brett C. Beehler
     Brett C. Beehler