Andrea Sheehan, Esq.  
LAW OFFICES OF ROBERT E. LUNA, P.C.  
4411 N. Central Expressway  
Dallas, Texas 75205  
(214) 521-8000  
(214) 521-1738 FAX  
sheehan@txschoollaw.com  

A. Carter Magee, Jr., Esq.  
W. Joel Charboneau, Esq.  
Magee, Foster, Goldstein & Sayers, P.C.  
Post Office Box 404  
Roanoke, Virginia 24003  
(540) 343-9800  
(540) 343-9898 FAX  
cmagee@mfgs.com  
jcharboneau@mfgs.com

**UNITED STATES BANKRUPTCY COURT**  
**FOR THE EASTERN DISTRICT OF VIRGINIA**  
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| **CIRCUIT CITY STORES, INC., et al.** | § | CASE NO. 08-35653-KRH-11 |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |

**OBJECTION OF LEWISVILLE INDEPENDENT SCHOOL DISTRICT TO CONFIRMATION OF THE FIRST AMENDED JOINT PLAN OF LIQUIDATION OF CIRCUIT CITY STORES, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION AND ITS OFFICIAL COMMITTEE OF CREDITORS HOLDING GENERAL UNSECURED CLAIMS**

TO THE HONORABLE JUDGE OF SAID COURT:

Lewisville Independent School District ("LISD") hereby objects to the confirmation of the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (hereinafter "the Plan") and, in support thereof, would show the Court the following:

1. LISD holds a secured claim for ad valorem taxes assessed for the 2008 tax year in the amount of $32,090.89 on business personal property located within LISD's taxing jurisdiction. Pursuant to Texas Tax Code §§32.01(a) and 32.05, LISD's taxes are secured by statutory, first priority liens. LISD also holds an administrative claim for taxes for the 2009 tax year in the

1

amount of $23,574.48.[1]  LISD's 2009 tax claim is also secured by statutory, first priority liens under Texas Tax Code §§32.01 and 32.05.

2. On or about January 9, 2009, Debtors filed their "Motion for Orders Pursuant to Bankruptcy Code Sections 105, 363 and 364 (I)(A) Approving Procedures in Connection with Sale of All or Substantially All of the Business or Additional Post-Petition Financing for the Business, (B) Authorizing Debtors to Enter into Stalking Horse or Financing Agreements in Connection with Going Concern Transactions or Stalking Horse Agreements in Connection with Store Closing and Miscellaneous Asset Sales, (C) Approving the Payment of Termination Fees in Connection Therewith, and (D) Setting Auction and Hearing Dates, (II) Approving Sale of Debtors' Assets Free and Clear of All Interests and (III) Granting Related Relief" (hereinafter "Sale Motion").  On January 15, 2009, LISD and certain other taxing authorities filed a joint objection to the Sale Motion.  On March 10, 2009, a Stipulation between the Debtors and Various Taxing Authorities Resolving the Taxing Authorities' Objections to the Order Approving Sale of Debtors' Assets Free and Clear of All Interests and Granting Related Relief ("Tax Stipulation") was filed at Docket No. 2491.  LISD was one of the taxing authorities included in the Tax Stipulation.  The Tax Stipulation provided that Debtors would reserve proceeds from the sales in the amount of $64,181.60 for LISD tax claims pending resolution of the claims ("Reserved Proceeds").  LISD's liens attached to said proceeds to the same extent, with the same priority, and with the same validity as LISD held in the subject collateral.  The Tax Stipulation further provided that the Debtors would maintain the Reserved Proceeds in a separate account until the Claimed Amounts, including any interest as allowed pursuant to the Bankruptcy Code, were paid or the parties agreed otherwise.

---

[1] LISD's administrative claim was duly and timely filed in the estimated amount of $24,851.29 pending final assessment of the 2009 taxes.

2

3. Under the Plan, LISD's pre-petition claims would be treated as Class 1 "Miscellaneous Secured Claims".

4. LISD objects to confirmation of the Plan to the extent the Plan fails to sufficiently provide for the retention of LISD's tax liens. LISD's liens must be retained under Section 1129(b)(2)(A)(i)(I). The Plan's treatment for Class 1 Miscellaneous Secured Claims states any holder of a Miscellaneous Secured Claim shall retain its Lien in the Collateral or proceeds of the Collateral to the same extent and with the same priority as such Lien held as of the Petition Date. However, the provision does not specifically retain LISD's 2009 post-petition tax lien. Furthermore, Article V.E.1.(j) appears to vest all property treated by the Plan in the Liquidating trust free and clear of liens and does not appear to be limited by other provisions of the Plan. Therefore, LISD would request clarification that all tax liens, both pre and post petition, are retained.

5. LISD further objects to the Plan to the extent that, through its treatment of Class 1 claims, the Plan alters LISD's rights in the Reserved Proceeds under the Tax Stipulation and to the extent the Plan would permit distribution of any of the Reserved Proceeds attributable to LISD's claims to other creditors or alters LISD's lien rights in such proceeds.

6. LISD further objects to the Plan due to its failure to provide for payment of interest, both pre and post-confirmation, on LISD's claim as required by 11 U.S.C.A. §§506(b), 511 and 1129(b)(2)(A)(i)(II). Pursuant to Section 33.01 of the Texas Tax Code, unpaid taxes incur interest at a rate of 1% per month. LISD asserts that its claims are over-secured and, as over-secured claims, LISD is entitled to pre and post confirmation interest at the state statutory rate until paid.

7. LISD objects to the provision in Article III.B.1 of the Plan regarding treatment of

Miscellaneous Secured Claims that states, "Notwithstanding the foregoing, or anything contrary in the Plan, no Distributions shall be made to the Holder of any Allowed Miscellaneous Secured Claim unless either (a) the Liquidating Trust has sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Miscellaneous Secured Claims or (b) the Liquidating Trust Oversight Committee consents to all or any portion of such Distribution." This provision is not supported by the Bankruptcy Code, fails to properly account for priority of liens, certainly renders Miscellaneous Secured Claims impaired despite the Plan's assertion that they are unimpaired, and appears in direct contradiction to the Tax Stipulation. As stated above, LISD holds first priority statutory liens under Texas law. Funds have been specifically reserved for payment of LISD's tax claims pursuant to a stipulation and based upon LISD's timely objection to the Sale Motion. As such, LISD should retain its liens in such reserved funds, the reserved funds should be continue to be reserved until final payment of LISD's claims, including interest thereon, and LISD's claims should be paid from such funds upon resolution of the claims, regardless of whether there are sufficient funds to pay the face amount of all Miscellaneous Secured Claims, particularly those of lower priority that LISD's tax liens, and regardless of whether the Liquidating Trust Oversight Committee consents to payment.

WHEREFORE, PREMISES CONSIDERED, LISD respectfully requests that confirmation of the Plan be denied until such time as the Debtor provides appropriate treatment for LISD's secured tax claim. LISD further prays for such other relief to which it may show itself justly entitled.

Date: November 12, 2009

                                          Respectfully submitted,

                                          /s/ W. Joel Charboneau

        A. Carter Magee, Jr., Esq. (VSB #20284)
        W. Joel Charboneau, Esq. (VSB#68025)
        Magee, Foster, Goldstein & Sayers, P.C.
        Post Office Box 404
        Roanoke, Virginia 24003
        Phone: 540-343-9800

        /s/ Andrea Sheehan
        Andrea Sheehan
        Texas Bar No. 24002935
        Law Offices of Robert E. Luna, P.C.
        4411 North Central Expressway
        Dallas, TX  75205
        (214) 521-8000
        (214) 521-1738  Facsimile

        ATTORNEY FOR LEWISVILLE INDEPENDENT
        SCHOOL DISTRICT

**CERTIFICATE OF SERVICE**

I hereby certify that I have forwarded a true and correct copy of the attached Objection to Confirmation of the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims to the parties listed below overnight delivery this 12th day of November, 2009.

        /s/ Andrea Sheehan
        ANDREA SHEEHAN

| | |
|---|---|
| Chambers: Honorable Kevin Huennekens<br>United States Bankruptcy Court<br>Eastern District of Virginia<br>Richmond Division<br>701 East Broad Street<br>Richmond, VA 23219 | Skadden, Arps, Slate, Meagher & Flom LLP<br>One Rodney Square<br>10th and King Streets, 7th Floor<br>Wilmington, DE 19801<br>(Attn: Gregg M. Galardi and Ian S. Fredericks) |
| Circuit City Stores, Inc.<br>4951 Lake Brook Drive<br>Suite #500<br>Glen Allen, VA 23060<br>(Attn: Michelle Mosier) | Skadden, Arps, Slate, Meagher & Flom LLP<br>155 N. Wacker Drive<br>Chicago, IL 60606 |

5

(Attn: Chris L. Dickerson and Jessica S. Kumar)

McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
(Attn: Douglas M. Foley and Sarah B. Boehm)

Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067
(Attn: Jeffrey N. Pomerantz and Stanley E. Goldich)

Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 36th Floor
New York, NY 10017
(Attn: Robert J. Feinstein)

Tavenner & Beran, PLC
20 N. Eighth Street, Second Floor
Richmond, VA 23219
(Attn: Lynn L. Tavenner and Paula S. Beran)

United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
(Attn: Robert B. Van Arsdale)