**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., et al. § | (Chapter 11) |
| § | (Jointly Administered) |
| Debtors. § | Hearing Date: November 23, 2009 |
| § | Time:  10:00 a.m. |

**OBJECTION OF RYAN, INC. f/k/a RYAN & COMPANY, INC. TO
CONFIRMATION OF FIRST AMENDED JOINT PLAN OF LIQUIDATION
OF CIRCUIT CITY STORES, INC. AND ITS AFFILIATED DEBTORS
AND DEBTORS IN POSSESSION AND ITS OFFICIAL COMMITTEE OF
<u>CREDITORS HOLDING GENERAL UNSECURED CLAIMS</u>**

RYAN, INC. f/k/a RYAN & COMPANY, INC. ("**Ryan**"), by and through the undersigned counsel, respectfully files this *Objection to Confirmation* ("**Objection**")[1] as to the *First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims*, and states as follows:

---

[1] Contemporaneously filed with this *Objection to Confirmation*, Ryan has filed a *Motion to Compel Debtors to Assume Executory Contract*.

Bruce W. Akerly, Esq.
Texas Bar No. 00953200
BELL NUNNALLY & MARTIN LLP
1400 One McKinney Plaza
3232 McKinney Avenue
Dallas, Texas  75204-2429
Phone: (214) 740-1430
Facsimile: (214) 740-1421
Email: brucea@bellunnually.com

Attorneys for Ryan, Inc. f/k/a Ryan & Company, Inc.

Robert M. Marino, Esq.  VSB #26076
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
703-684-2000
703-684-5109 (fax)
rmmarino@rpb-law.com

Local Attorneys for Ryan, Inc. f/k/a Ryan & Company, Inc.

**Facts**

A.  **Commencement of Debtors' Chapter 11 Case and Filing of Plan**

1. On November 10, 2008 (the "Petition Date"), Circuit City Stores, Inc. ("Circuit City"), along with its various affiliated entities (collectively with Circuit City, the "**Debtors**"), filed their voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101 *et seq*. (the "Bankruptcy Code"). The Debtors' Chapter 11 cases are jointly administered under the above-captioned case (the "**Case**").

2. On August 24, 2009, Debtors filed their *Disclosure Statement With Respect to Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession, and its Official Committee of Creditors Holding General Unsecured Claims* (Docket No. 4614). On September 22, 2009 Debtors filed their *Disclosure Statement with respect to First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession, and its Official Committee of Creditors Holding General Unsecured Claims* (the "Second Disclosure Statement") (Docket No. 5103). On September 24, 2009, the Court entered an Order (Docket No. 5090) which, *inter alia*: (i) approved the *Second Disclosure Statement*, (ii) scheduled a hearing date of November 23, 2009 (the "Confirmation Hearing Date") to consider confirmation of the Debtors' *First Amended Joint Plan of Liquidation* (hereafter, the "Plan"), and (iii) established procedures with respect to the filing of objections and the solicitation of votes with respect to the *Plan*.

3. On September 28, 2009, the Debtors filed and served their *Notice* (Docket Entry No. 5121) with respect to the approval of the *Second Disclosure Statement*, the Confirmation Hearing Date and the procedures associated with the filing of objections and solicitation of votes with respect to the *Plan*.

  4.  On September 29, 2009, the Debtors filed the *Plan* (Docket No. 5124).

**B.**  **Background of Ryan's Claim**

  5.  On June 8, 2005, Ryan and Circuit City entered into a letter agreement (the "**Agreement**") whereby Ryan agreed to perform, for Circuit City's benefit, a review of Circuit City's Hawaii import tax payment records to identify tax refund and/or tax reduction opportunities. A true and correct copy of the *Agreement* is attached hereto as **Exhibit "1"** and incorporated herein by reference as if fully set forth. Ryan was working under the *Agreement* at the time Circuit City commenced the Case.[2]

  6.  Ryan continues to perform valuable tax services to Circuit City post-petition pursuant to the terms of the *Agreement*. These services have culminated in significant cash tax refunds being awarded to Circuit City post-petition. Actual and in-progress tax refunds are likely to total $735,663.01. Pursuant to the terms of the *Agreement*, Circuit City agreed to pay Ryan a fee equal to thirty-three and one-third percent (33 1/3%) of any tax refunds, credits or reductions – including interest and penalties – that Circuit City obtained from applicable taxing authorities or vendors. Ryan's fee to date will equal $245,196.48.

  7.  On June 30, 2009, Ryan filed an administrative expense claim for the amount of its expected fee under the *Agreement*.

---

[2] Ryan recognizes that it was not retained as an ordinary course professional in the Case. However, Debtor recognized that it continued to provide services under the Agreement without objection. To the extent Ryan is required to be approved as an ordinary course professional to be compensated pursuant to the terms of the Agreement, Ryan reserves the right to seek such approval, *nunc pro tunc*, to the time of filing of the Case.

**OBJECTION OF RYAN, INC. f/k/a RYAN & COMPANY, INC. TO CONFIRMATION OF
FIRST AMENDED JOINT PLAN OF LIQUIDATION OF CIRCUIT CITY STORES, INC.
AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION AND ITS OFFICIAL COMMITTEE OF
CREDITORS HOLDING GENERAL UNSECURED CLAIMS – PAGE 3**

**Objection to Confirmation**

8.     Ryan objects to confirmation of the *Plan* because it fails to assume the *Agreement* between Ryan and Circuit City.  As set forth below, the *Agreement* represents a valuable asset to the estate.  Furthermore, the possibility of a refund to Debtors is not discussed or disclosed in the *Plan* or the *Second Disclosure Statement* approved by the Court.[3]

9.     Debtors failed to recognize the *Agreement* as an executory contract on its Schedule G.  Ryan continues to perform services under the *Agreement*; namely, it is presently working with the relevant taxing authorities in Hawaii to assure that Circuit City receives the maximum tax refund possible.  Circuit City is required to assist Ryan by providing any additional information required by the State of Hawaii and must pay Ryan upon receipt of a tax refund pursuant to the *Agreement*.  Because the *Agreement* requires continued performance by both Ryan and Circuit City, failure of which by either party would constitute a material breach, the *Agreement* is an executory contract.  *See Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc.* (*In re Richmond Metal Finishers, Inc.*), 756 F.2d 1043, 1045 (4th Cir. 1985).

10.     Furthermore, the *Agreement* represents a valuable asset to the Debtors' jointly administered estates.  The services rendered thereunder will culminate in significant and substantial cash tax refunds being awarded post-petition to Circuit City.  Actual and in progress tax refunds total $735,663.01.  Besides the obligation to pay Ryan 33 1/3 % of any tax refund received by Circuit City, the *Agreement* does not otherwise impose any burden upon the Circuit City or its debtor affiliates.

---

[3] Nor does the *Second Disclosure Statement* contain any reference to a tax refund pending before the relevant taxing authority of the State of Hawaii.

**OBJECTION OF RYAN, INC. f/k/a RYAN & COMPANY, INC. TO CONFIRMATION OF
FIRST AMENDED JOINT PLAN OF LIQUIDATION OF CIRCUIT CITY STORES, INC.
AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION AND ITS OFFICIAL COMMITTEE OF
CREDITORS HOLDING GENERAL UNSECURED CLAIMS – PAGE 4**

11. The *Plan* currently states that any confirmation order confirming the Plan constitutes an order under Bankruptcy Code section 365, rejecting all executory contracts or unexpired leases not previously assumed or rejected. *See Plan*, Article VII. A. Since the *Plan* does not otherwise address the *Agreement*, the practical effect of confirmation in this case will be to reject a contract that otherwise would provide a valuable asset from which creditors can be paid.

12. In the Fourth Circuit, the decision to accept or reject an executory contract is left to the sound business judgment of the debtor-in-possession. *See Lubrizol*, 759 F.2d at 1046-47. Courts typically should defer to the decision of the debtor-in-possession, unless such decision was made "in bad faith or in gross abuse of the bankrupt's retained business discretion." *Id.* at 1047. Thus, when "the decision of the [debtor-in-possession] that rejection will be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice[,]"the court should not defer to the debtor-in-possession's decision." *Id.*

13. Here, Circuit City's apparent decision to reject the *Agreement* is not based on any sound business judgment. Indeed, there is no sound business judgment in rejecting the *Agreement* because it has great upside and no potential downside.

    a. The *Agreement* provides a benefit (or "upside") in that it represents a valuable asset to Circuit City's estate. Currently, assuming continued performance of the *Agreement*, the estate would receive actual and in-progress tax refunds totaling $735,663.01, less Ryan's contingency fee of $245,196.48.

b. And the *Agreement* does not represent a burden (or "downside") to the bankruptcy estates. Indeed, the estate will only be liable to Ryan following actual payment of a tax refund; if the Hawaiian taxing authorities deny Circuit City's refund, Ryan is owed nothing for its services.

14. For these reasons, the Plan should not be confirmed unless it is modified to provide for the assumption of the *Agreement*.[4] The *Plan* as proposed is not proposed in good faith because it fails to achieve results consistent with the objectives and purposes of the Bankruptcy Code; therefore, the *Plan* should not be confirmed. *See* 11 U.S.C. § 1129(a)(3); *See In re Madison Hotel Associates*, 749 F.2d 410, 424-25 (7th Cir. 1984).

[pleading continues on next page]

---

[4] As noted in footnote 1, Ryan has contemporaneously filed a *Motion to Compel Debtor to Assume Executory Contract*. If the Court grants the *Motion to Compel*, Ryan is satisfied to either have a separate Order assuming the *Agreement* entered before entry of any *Confirmation Order*, or modification of the *Plan* to specifically provide for assumption of the *Agreement* in the *Plan*.

**Conclusion**

WHEREFORE, Ryan requests that the Court (i) deny confirmation of the *Plan*, (ii) condition confirmation upon the assumption of the *Agreement* between Ryan and Circuit City, either in the terms of any order confirming the *Plan* or terms of a separate order providing for such relief, and (iii) provide such other relief and further relief as may be just and proper.

Dated: November 13, 2009

Respectfully submitted,

/s/ Bruce W. Akerly
Bruce W. Akerly, Esq. Texas Bar No. 00953200
BELL NUNNALLY & MARTIN LLP
1400 One McKinney Plaza
3232 McKinney Avenue
Dallas, Texas  75204-2429
Tel:  (214) 740-1430
Fax:  (214) 740-1421
Email: brucea@bellunnually.com
Attorneys for Ryan, Inc. f/k/a
Ryan & Company, Inc.

and

/s/ Robert M. Marino
Robert M. Marino, Esq.  VSB#26076
REDMON, PEYTON & BRASWELL, LLP
510 King Street,  Suite 301
Alexandria, VA 22314
Phone: 703-684-2000
Fax: 703-684-5109
Email: rmmarino@rpb-law.com
Local attorneys for Ryan, Inc. f/k/a
Ryan & Company, Inc.

547636_1.DOC