**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| IN RE: § § § | **CASE NO. 08-35653-KRH** |
| **CIRCUIT CITY STORES, INC., et al.** § § | (Chapter 11) |
| § | (Jointly Administered) |
| Debtors. § § | Hearing Date: December 7, 2009 |
| | Time: 2:00 p.m. |

## MOTION OF RYAN, INC. f/k/a RYAN & COMPANY, INC. TO COMPEL DEBTOR TO ASSUME EXECUTORY CONTRACT

RYAN, INC. f/k/a RYAN & COMPANY, INC. ("**Ryan**"), by and through the undersigned counsel, pursuant to 11 U.S.C. §365(d)(2) and Fed. R. Bankr. P. 6006(b) and 9014, respectfully files this *Motion to Compel Debtor to Assume Executory Contract* (the "**Motion**"), and in support thereof states as follows:

1. This Court has jurisdiction over the *Motion* pursuant to 28 U.S.C. §§ 157 and 1334 and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (G).

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

3. The statutory predicate for the relief sought in this Motion is found in 11 U.S.C. §365(d)(2).

Bruce W. Akerly, Esq.
Texas Bar No. 00953200
BELL NUNNALLY & MARTIN LLP
1400 One McKinney Plaza
3232 McKinney Avenue
Dallas, Texas 75204-2429
Phone: (214) 740-1430
Facsimile: (214) 740-1421
Email: brucea@bellunnually.com

Attorneys for Ryan, Inc. f/k/a Ryan & Company, Inc.

Robert M. Marino, Esq. VSB #26076
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
703-684-2000
703-684-5109 (fax)
rmmarino@rpb-law.com

Local Attorneys for Ryan, Inc. f/k/a Ryan & Company, Inc.

**MOTION OF RYAN, INC. f/k/a RYAN & COMPANY, INC. TO COMPEL DEBTOR**
**CIRCUIT CITY STORES, INC. TO ASSUME EXECUTORY CONTRACT – PAGE 1**

4. On November 10, 2008 (the "Petition Date"), Circuit City Stores, Inc. ("Circuit City"), along with its various affiliated entities (collectively with Circuit City, the "**Debtors**"), filed their voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101 *et seq*. (the "Bankruptcy Code"). The Debtors' Chapter 11 cases are jointly administered under the above-captioned case (the "**Case**").

5. On June 8, 2005, Ryan and Circuit City entered into a letter agreement (the "**Agreement**") whereby Ryan agreed to perform, for Circuit City's benefit, a review of Circuit City's Hawaii import tax payment records to identify tax refund and/or tax reduction opportunities. A true and correct copy of the *Agreement* is attached hereto as **Exhibit "1"** and incorporated herein by reference as if fully set forth. Ryan was working under the *Agreement* at the time Circuit City commenced the Case.[1]

6. Ryan continues to perform valuable tax services to Circuit City post-petition pursuant to the terms of the *Agreement*. These services have culminated in significant cash tax refunds being awarded to Circuit City post-petition. Actual and in-progress tax refunds are likely to total $735,663.01. Pursuant to the terms of the *Agreement*, Circuit City agreed to pay Ryan a fee equal to thirty-three and one-third percent (33 1/3%) of any tax refunds, credits or reductions – including interest and penalties – that Circuit City obtained from applicable taxing authorities or vendors. Ryan's fee to date will equal $245,196.48.

7. Circuit City failed to recognize the *Agreement* as an executory contract on its Schedule G. Ryan continues to work with state taxing authorities in Hawaii to assure that Circuit City receives the maximum tax refund possible. Circuit City is required to assist Ryan by

---

[1] Ryan recognizes that it was not retained as an ordinary course professional in the Case. However, Debtor recognized that it continued to provide services under the Agreement without objection. To the extent Ryan is required to be approved as an ordinary course professional to be compensated pursuant to the terms of the Agreement, Ryan reserves the right to seek such approval, nunc pro tunc, to the time of filing of the Case.

**MOTION OF RYAN, INC. f/k/a RYAN & COMPANY, INC. TO COMPEL DEBTOR
CIRCUIT CITY STORES, INC. TO ASSUME EXECUTORY CONTRACT – PAGE 2**

Case 08-35653-KRH    Doc 5648    Filed 11/13/09    Entered 11/13/09 11:37:45    Desc Main
                              Document      Page 3 of 5

providing any additional information required by the Hawaiian taxing authorities and is required to pay Ryan upon receipt of a tax refund pursuant to the *Agreement*.  Because the Agreement requires continued performance by both Ryan and Circuit City, failure of which by either party would constitute a material breach, the *Agreement* is an executory contract.  *See Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc.* (*In re Richmond Metal Finishers, Inc.*), 756 F.2d 1043, 1045 (4th Cir. 1985).

8. Furthermore, the *Agreement* represents a valuable asset to the Debtors' jointly administered estates.  The services rendered thereunder will culminate in significant and substantial cash tax refunds being awarded post-petition to Circuit City.  Actual and in progress tax refunds total $735,663.01.  Besides the obligation to pay Ryan 33 1/3 % of any tax refund received by Circuit City, the *Agreement* does not otherwise impose any burden upon the Circuit City or its debtor affiliates.

9. The Debtors' *First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (the "**Plan**") (Docket No. 5124) currently states that any confirmation order confirming the *Plan* constitutes an order under Bankruptcy Code section 365, rejecting all executory contracts or unexpired leases not previously assumed or rejected.  *See Plan*, Article VII. A.  Since the *Plan* does not otherwise address the *Agreement*, the practical effect of confirmation in this case will be to reject a contract that otherwise would provide a valuable asset from which creditors can be paid.

10. In the Fourth Circuit, the decision to accept or reject an executory contract is left to the sound business judgment of the debtor-in-possession.  *See Lubrizol*, 759 F.2d at 1046-47. Courts typically should defer to the decision of the debtor-in-possession, unless such decision

was made "in bad faith or in gross abuse of the bankrupt's retained business discretion." *Id.* at 1047. Thus, when "the decision of the [debtor-in-possession] that rejection will be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice[,]"the court should not defer to the debtor-in-possession's decision." *Id.*

11.     Here, Circuit City's apparent decision to reject the *Agreement* is not based on any sound business judgment. Indeed, there is no sound business judgment in rejecting the *Agreement* because it has great upside and no potential downside.

        a.    The *Agreement* provides a benefit (or "upside") in that it represents a valuable asset to Circuit City's estate. Currently, assuming continued performance of the *Agreement*, the estate would receive actual and in-progress tax refunds totaling $735,663.01, less Ryan's contingency fee of $245,196.48.

        b.    And the *Agreement* does not represent a burden (or "downside") to the bankruptcy estates. Indeed, the estate will only be liable to Ryan following actual payment of a tax refund; if the Hawaiian taxing authorities deny Circuit City's refund, Ryan is owed nothing for its services.

12.     Given the substantial benefit and minimal burdens associated with the Agreement, Circuit City should be compelled to assume the *Agreement* prior to any confirmation of the *Plan* in the Case.

13.     This *Motion* does not raise any new or novel issues of law in this case and therefore does not require any accompanying memorandum of points and authorities.

WHEREFORE, Ryan requests that the Court grant the *Motion* and compel Circuit City to assume the *Agreement* prior to confirming the Plan, and grant such other and further relief as may be just and proper under the circumstances.

Dated: November 13, 2009

        Respectfully submitted,

        /s/ Bruce W. Akerly
        Bruce W. Akerly, Esq. Texas Bar No. 00953200
        BELL NUNNALLY & MARTIN LLP
        1400 One McKinney Plaza
        3232 McKinney Avenue
        Dallas, Texas  75204-2429
        Tel:   (214) 740-1430
        Fax:   (214) 740-1421
        Email: brucea@bellunnually.com
        Attorneys for Ryan, Inc. f/k/a
        Ryan & Company, Inc.

        and

        /s/ Robert M. Marino
        Robert M. Marino, Esq.  VSB#26076
        REDMON, PEYTON & BRASWELL, LLP
        510 King Street,  Suite 301
        Alexandria, VA 22314
        Phone: 703-684-2000
        Fax: 703-684-5109
        Email: rmmarino@rpb-law.com
        Local attorneys for Ryan, Inc. f/k/a
        Ryan & Company, Inc.