**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **CIRCUIT CITY STORES, INC.,** *et al.*, | ) | No. 08-35653-KRH |
| | ) | |
| Debtors. | ) | Jointly Administered |

**OBJECTION OF LG ELECTRONICS USA, INC. TO
CONFIRMATION OF CHAPTER 11 PLAN OF LIQUIDATION**

LG ELECTRONICS USA, INC. ("LG"), by counsel, WILEY REIN LLP, H. Jason Gold and Dylan G. Trache files this Objection to Confirmation of the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims ("Plan"); stating to the Court as follows:

**I.      Introduction.**

LG supports the liquidation of Circuit City's remaining assets consistent with the general structure of the Plan.  However, the Plan as currently proposed does not guarantee payment of LG's administrative expense in the amount of $5,397,977 ("Administrative Expense") as required by §1129(a)(9).  Currently pending is the above-captioned debtors' ("Debtors" or "Circuit City") (i) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims ("Administrative Expense Objection").  Through the Administrative Expense Objection, the Debtors seek to "temporarily disallow" LG's Administrative Expense on the basis of Circuit City's allegation that LG received avoidable transfers.  In the event that the Administrative Expense is "temporarily disallowed," or otherwise held in abeyance, it appears that under the Plan and other relevant documents, including the Liquidating Trust Agreement, distributions could be made to other administrative creditors and those of lower priority without any reserve

or other guarantee that LG's Administrative Expense will be paid. Absent any such reserve, the Plan cannot be confirmed under 11 U.S.C. § 1129(a)(9) and (11). LG submits that this defect can be resolved by specifically treating any "temporarily disallowed" administrative expenses as "disputed claims" under the Plan and requiring a segregated reserve for such administrative expenses.

**II.    Background.**

1. On November 10, 2008 ("Petition Date"), Circuit City filed a voluntary petition under chapter 11 of the Bankruptcy Code.

2. LG currently holds a general unsecured claim against Circuit City in the amount of $36,080,034.85 and an allowed administrative expense arising under 11 U.S.C. § 503(b) in the amount of $5,397,977.

3. On October 13, 2009, the Debtors filed the Administrative Expense Objection. The Administrative Expense Objection alleges that LG received preferential transfers and seeks to "temporarily" disallow LG's previously determined Administrative Expense on that basis alone.

4. On November 4, 2009, LG timely filed its Memorandum of Law in Opposition to the Debtors (i) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims and (ii) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference ("Memorandum in Opposition").

5. On November 12, 2009, the Court held an initial hearing on the Administrative Expense Objection. Following the hearing, the Court took the matter under advisement.

**III.    Argument.**

Under § 1129(a)(9) of the Bankruptcy Code, in order to confirm the Plan, the Court must

find that all allowed administrative expenses will be paid in full. In accordance with this section, the Plan provides that "a Holder of an Allowed Administrative Claim shall receive, to be paid out of the Liquidating Trust … Cash equal to the unpaid portion of such Allowed Administrative Claim." Plan at 13. The Plan further provides that the "Liquidating Trustee shall liquidate all Assets of the Debtors and the Estates (including, without limitation, all Causes of Action) and distribute the Net Proceeds of such liquidation from the Liquidating Trust in accordance with this Plan and the Liquidating Trust Agreement." Plan at 20.

The Liquidating Trust Agreement requires that when making distributions to the various classes of claims under the Plan, the Liquidating Trustee is prohibited from making any distributions to classes of lower priority unless "the Trust has sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Administrative Claims." Liquidating Trust Agreement at ¶ 4.2. Thus, the Liquidating Trustee is only required to reserve for the "Face Amount" of administrative expense claims prior to distribution to lower priorities. The term Face Amount is defined under the Plan as: "(a) when used in reference to a Disputed Claim, the Disputed Claim Amount and (b) when used in reference to an Allowed Claim, the allowed amount of such Claim." Plan at 6. The term "Disputed Claim" is defined under the Plan with respect to administrative expenses as follows:

> a Claim, or any portion thereof, that has not been Allowed pursuant to the Plan or a Final Order, and:
>
> . . . . . .
>
> (c) if a request for payment of an Administrative Claim has been filed or deemed to have been filed by the Initial or Final Administrative Claims Bar Date, as appropriate, an Administrative Claim as to which any party in interest has timely filed an objection or request for estimation in accordance with the Plan, the Bankruptcy Code, the Bankruptcy Rules, and any orders of the Bankruptcy Court, or which is otherwise disputed by a Debtor or the Liquidating Trustee in

3

> accordance with applicable law, which objection, request for estimation or dispute has not been withdrawn or determined by a Final Order.

Plan at 5.  In contrast, a claim is "Disallowed" if: "a Claim, or any portion thereof, that such Claim (a) has been disallowed by a Final Order."

Through the Administrative Expense Objection, the Debtors seek to "temporarily disallow" LG's Administrative Expense.  In the event the Court enters an Order which "temporarily disallows" LG's Administrative Expense, the Plan does not specify whether such claims would fall within the ambit of "disputed claims" for which a reserve is required, or "disallowed claims" for which a reserve is not required.  While LG believes that an Order providing for temporary disallowance of its Administrative Expense would not be considered a "Final Order", and that therefore a reserve would be required, LG submits that the Plan and Liquidating Trust Agreement are ambiguous as to this matter.

In the event that "temporarily disallowed" administrative expenses are to be considered "disallowed claims", for which no reserve is contemplated or required, LG objects to the Plan as contrary to § 1129(a)(9) and (11).  As explained in LG's Memorandum in Opposition to the Administrative Expense Objection, LG did not receive any preferential transfers.  The Debtors' only dispute as to LG's Administrative Expense is the allegation that LG did in fact receive preferential transfers.  However, the Plan provides no mechanism for ensuring that in the event LG prevails on the issue of any alleged preferential transfers that sufficient funds will be available to pay LG's Administrative Expense.  Accordingly, the Plan does not comply with § 1129(a)(9).  *See, e.g., In re Scott Cable Communications, Inc.*, 227 B.R. 596, 600 (Bankr. D. Conn. 1998) ("a plan cannot be confirmed without full payment of [administrative expenses] even if there are no estate assets to pay them."); *In re Emons Industries, Inc.*, 76 B.R. 59, 60 (Bankr. S.D.N.Y. 1987) ("Confirmation of a plan of reorganization mandates that provision for

4

payment in full in cash be made for all allowed expenses of administration"). In addition, the plan is not feasible under § 1129(a)(11) because it significantly underestimates the ultimate amount of allowed Administrative Expenses, and therefore the amount of cash needed to comply with § 1129(a)(9). Therefore, LG objects to confirmation of the Plan unless a full reserve is created for any "temporarily disallowed" administrative expenses.

WHEREFORE, based upon the foregoing, LG respectfully requests that the Court deny confirmation of the Plan unless the Plan is modified to specifically require the Debtors and the Trustee to reserve for LG's Administrative Expense in the amount of $5,397,977.

Respectfully submitted,

LG ELECTRONICS USA, INC.

By Counsel


WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia  22102
703.905.2800


By:   /s/ Dylan G. Trache
      H. Jason Gold, Va. Bar No. 19117
      Dylan G. Trache, Va. Bar No. 45939

Counsel to LG Electronics USA, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 13, 2009, the foregoing Objection was sent by overnight delivery to:

>Circuit City Stores, Inc.
>Attn: Michelle Mosier
>4951 Lake Brook Drive, Suite # 500
>Glen Allen, VA 23060
>
>Gregg M. Galardi
>Ian S. Fredericks
>Skadden Arps Slate Meagher & Flom, LLP
>One Rodney Square
>10th and King Streets, 7th Floor
>Wilmington, DE 19801
>
>Chris L. Dickerson
>Jessica S. Kumar
>Skadden Arps Slate Meagher & Flom, LLP
>155 North Wacker Drive
>Chicago, Illinois 60606
>
>Douglas M. Foley
>Sarah B. Boehm
>McGuireWoods LLP
>One James Center
>901 E. Cary Street
>Richmond, VA 23219
>
>Jeffrey N. Pomerantz
>Stanley E. Goldich
>Pachulski Stang Ziehl & Jones LLP
>10100 Santa Monica Boulevard, 11th Floor
>Los Angeles, CA 90067
>
>Robert J. Feinstein
>Pachulski Stang Ziehl & Jones, LLP
>780 Third Avenue, 36th Floor
>New York, NY 10017

Lynn L. Tavenner
Paula S. Beran
Tavenner & Beran, PLC
20 N. Eighth Street, Second Floor
Richmond, VA 23219

Robert B. Van Arsdale
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

Honorable Kevin Huennekens
United States Bankruptcy Court
Eastern District of Virginia
701 East Broad Street, Room 5000
Richmond, VA 23219


  /s/ Dylan G. Trache
Dylan G. Trache

13070514.2