**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **CIRCUIT CITY STORES, INC.,** *et al.,* | Case No. 08-35653-KRH |
| Debtors. | Jointly Administered |

**OBJECTION BY EASTMAN KODAK COMPANY TO CONFRIMATION**
**OF THE FIRST AMENDED JOINT PLAN OF LIQUIDATION OF CIRCUIT CITY**
**STORES, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION**
**AND ITS OFFICIAL COMMITTEE OF**
**CREDITORS HOLDING GENERAL UNSECURED CLAIMS**

Robert S. Westermann, VSB No. 43294
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223
Telephone: (804) 771-9500
Facsimile: (804) 644-0957
Email: rwestermann@hf-law.com

Peter N. Tamposi, Esq.
DONCHESS, NOTINGER &
TAMPOSI, P.C.
547 Amherst Street, Suite 204
Nashua, New Hampshire 03063
Telephone: (603) 886-7266
Facsimile: (603) 886-7922
Email: peter@dntpc.com
To Be Admitted Pro Hac Vice

Counsel for Eastman Kodak Company

Eastman Kodak Company ("Kodak"), by counsel, respectfully objects to the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding Unsecured Claims (Docket No. 5124) (the "Plan") and respectfully states in support hereof as follows:

### Preliminary Statement

1. The Plan cannot be approved because it fails to meet the standards of 11 U.S.C. §1129(a)(9)(A), requiring payment of administrative claims. The Plan proposed by the Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding Unsecured Claims (collectively the "Plan Proponents") indicates that the Trustee may pay administrative claims at some level, sometime in the future, but it fails to identify the amount of anticipated administrative claims, the level of funds available to pay those claims, and an estimation of when those claims will be paid. The Plan is also unconfirmable under 11 U.S.C. §1129(a)(11) because it fails to provide any information to demonstrate that there are sufficient assets to fund the payment of administrative claims.

### Background

2. On or about November 10, 2008 (the "Petition Date") the above captioned Debtors and Debtors in Possession (the "Debtors") each filed for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq.* (the "Code"). The Debtors are currently operating their post-sale businesses as debtors-in-possession and managing their post-sale properties pursuant to sections 1107 and 1108 of the Code. No trustee or examiner has been appointed in these cases.

3. On or about December 15, 2008, Kodak timely filed a claim under 11 U.S.C. 503(b)(9) in the amount of $3,874,428.88. The Debtors have not objected to this claim.

4. On or about September 29, 2009 the Plan Proponents filed the Plan.

**Plan Provisions Regarding Payment of Administrative Claims**

5. The Plan provides that administrative claims will be paid in full out of a liquidating trust to be administered by a liquidating trustee. *See* Plan at ¶ III(A)(1). Such payment is to be made on the earlier of the "Distribution Date" or that date which is ninety (90) days after claim becomes an "Allowed Administrative Claim." *Id.* There is no information contained in the plan about the level of assets held by the liquidating trust or the level of assets necessary to fund the Plan.

6. The Distribution Date is defined as the Initial Distribution Date or the Periodic Distribution Date. *See* Plan at ¶ I(B)1.47.

7. The Initial Distribution Date is defined as a "Business Day, as determined by the Liquidating Trustee, as soon as practicable after the Effective Date, that is at least five (5) Business Days after the funding of the Liquidating Trust . . ." *See* Plan at ¶ I(B)1.73

8. The Effective Date is an undefined date which cannot occur until several conditions have been met. *See* Plan at ¶ VIII(B). These conditions include, but are not limited to, entry of a Confirmation Order, execution of certain plan exhibits and "All other actions, documents, and agreements necessary to implement the Plan shall have been effected or executed." *See* Plan at ¶ VIII(B)(4).

9. A Confirmation Order may also not enter until a number of conditions are met. *See* Plan at ¶ VIII(A). These include, but are not limited to, the condition that "[t]he Creditors' Committee shall have determined, in its reasonable judgment, that the Liquidating Trust will have sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Administrative Claims that the Creditors' Committee believes will ultimately become Allowed."

*Id.*

10.  An Administrative Claim is not an Allowed Administrative Claim until after the Claims Objection Deadline, which is no sooner than the "Effective Date." *See* Plan at ¶ I(B).23. The occurrence of the Effective Date, as noted above, is conditional.

### Plan Provisions Regarding Feasibility

11.  The Plan does not provide any information regarding the feasibility of the Plan provisions.

12.  There is no information contained in the Plan which would indicate that the liquidating trust has sufficient assets, or will have sufficient assets, to satisfy administrative claims.

13.  The Debtors' latest monthly operating report dated September 15, 2009 indicates that the Debtor has approximately $284,000,000 between cash and cash equivalents and cash held by Bank of America.  The Debtor also lists accounts receivable of $454,000,000, but gives no indication as to the likelihood of the collection of same.  This information is not contained in the Plan or the Disclosure Statement.

14.  The Plan does not provide any information regarding the level of administrative claims that need to be satisfied from these funds.  Likewise the claims administrator's web-site does not provide such information and representatives of the claims administrator indicated that they do not have a summary of administrative claims filed.

### Argument

15.  The Plan does not satisfy 11 U.S.C. §1129(a)(9)(A) because of its failure to pay holders of administrative claims, like Kodak, on a discernable date.  The Plan also fails to demonstrate that it is feasible under §1129(a)(11) because it lacks information regarding the

ability of the Plan Proponents to make payments under the Plan.

### A. *The Effective Date is Not Discernable*

16. Section 1129(a)(9)(A) of the Code provides that the holders of administrative claims must receive "on account of such claim cash equal to the allowed amount of such claim" on the effective date. 11 U.S.C. §1129(a)(9)(A). It is beyond peradventure that the Plan Proponents cannot obtain approval of their Plan without either payment of administrative claims on the Effective Date or an agreement by administrative claimants for different treatment. *In re Am. Coastal Energy, Inc.*, 399 B.R. 805 (Bankr. S.D. Tex. 2009); *see also, In re Midway Airlines Corp.*, 406 F.3d 229, 242 (4th Cir. 2005)(Administrative expenses must be paid on the effective date).

17. The Plan Proponents attempt to skirt this hard and fast rule by failing to define the "Effective Date" with any level of certainty. Rather, it is virtually impossible to tell when and if administrative creditors will be paid under the Plan.

18. Under the Plan, the Effective Date cannot occur until the following conditions are met:

   a. "All other actions, documents, and agreements necessary to implement the Plan shall have been effected or executed." *See* Plan at ¶ VIII(B).

   b. The Confirmation Order shall have been entered and become a Final Order. *Id.*

   c. The Confirmation Order cannot issue until the Creditors' Committee shall have determined, in its reasonable judgment, that the Liquidating Trust will have sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Administrative Claims that the Creditors' Committee believes will ultimately become Allowed." *See* Plan at ¶ VIII(A)

19. By inserting these conditions, each of which is controlled by one or more of the Plan Proponents, it is possible that the Effective Date could never occur, or could occur five years after the confirmation hearing. There is nothing in the Plan to suggest that payments could be made on a more timely basis. In essence, these conditions make it impossible for a holder of an Administrative Claim to determine when and if their claims will actually be paid.

20. The timing of the Effective Date need not be a date certain to meet the requirements of 11 U.S.C. §1129. *In re Lisanti Foods, Inc.*, 329 B.R. 491 (D.N.J.2005). However, where a plan's effective date is conditional, imprecise or not well defined, the plan cannot be confirmed. *In re The Christian Faith Assembly*, 402 B.R. 794, 799 (Bankr. N.D. Ohio 2009); *see also, In re Ralph C. Tyler, P.E., P.S., Inc.*, 156 B.R. 995, 997 (Bankr. N.D. Ohio 1993)(declining to confirm plan because effective date was imprecise).

21. In this case, it is virtually impossible to tell when the Effective Date will be. Therefore, holders of administrative claims cannot determine when they will get paid. They cannot even estimate whether it will be in a year or five years. Given the active market for claims trading, such imprecision is an undue burden on holders of administrative claims. Moreover, such a lack of information is a violation of the Code.

### B. *The Plan Lacks Information to Prove Feasibility*

22. The burden is on the plan proponent to prove that all applicable provisions of 11 U.S.C. §1129 have been satisfied. *In re Deep River Warehouse, Inc.*, 2005 Bankr. LEXIS 1793 at *5 (Bankr. M.D.N.C. Sept. 22, 2005). Section 1129(a)(11) of the Code requires as a precondition to confirmation that a court determine that "[c]onfirmation of a plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the debtor or any successor . . ." 11 U.S.C. §1129(a)(11). Thus, a bankruptcy court has an obligation to

carefully review a plan to determine if it is workable. *In re Smith*, 357 B.R. 60, 69 (Bankr. M.D.N.C. 2006), *citing, In re: Pizza of Haw, Inc.*, 761 F.2d 1374, 1382 (9th Cir. 1985). A court must find that the financial projections presented to support a plan of reorganization are derived from realistic and reasonable assumptions which are capable of being met. *In re Ridgewood Apartments of DeKalb County, Ltd.*, 183 B.R. 784 (Bankr. S.D. Ohio 1995). Success need not be guaranteed – the possibility that a plan may fail is not fatal – but a plan must be supported by adequate evidence that some reasonable assurance of success exists. *Id., citing Kane fl Johns-Manville Corp.*, 843 F.2d 636, 649 (2d Cir. 1988).

23. The Plan fails to meet the standards of feasibility. There is virtually no information in the Plan which could lead a creditor to conclude that the Liquidating Trust has the capacity to pay administrative creditors according to the terms of the Plan. Nor does such information appear to be obtainable by any reasonable methods.

24. The Plan Proponents indicate they will fund the Plan with the Debtors' cash on hand and cash received from the liquidation of assets from the Liquidating Trust. *See* Plan at ¶ V(c). Remarkably, there is no suggestion as to the value of either of these assets in the Plan. Likewise, the Plan Proponents fail to describe the level of administrative claims that need to be paid. We do not know if the Plan Proponents need to raise $10,000,000 or $100,000,000 to pay administrative creditors. Considering that the Plan Proponents have accrued in excess of $30,000,000 in accounting and legal fees in these cases to date, it is not unreasonable to ask that the Plan contain such basic financial information as how much is owed and how much is likely to be recovered to pay those obligations. Where a bankruptcy plan fails to adequately demonstrate the sources of revenue to fund the plan and the validity of those income projections, confirmation should not be allowed. *Clarkson v. Cooke Sales and Service Co. (In re Clarkson)*,

767 F.2d 417 (8th Cir. 1985).

25.  There is also no information which would suggest that if payments are made, they will be made in any sort of reasonable amount of time. The only suggestion as to timing is the termination date of the Liquidating Trust, which has an *initial* term of five (5) years.

26.  As the Court is aware, there is extensive claims acquisition occurring in this case. Without knowing when administrative claims are to be paid, administrative creditors cannot protect their financial interests with any certainty. Without a doubt there are complexities in these cases and provisions have to be made for uncertainties. However, that does not mean that the Plan Proponents cannot give some estimation of when claims are going to be paid. A plan is not feasible if it is submitted on a conditional basis. *In re Christian Faith Assembly*, 402 B.R. 794 (Bankr. N.D. Ohio 2009). In this case, the "Effective Date" is conditional, *inter alia*, on the Creditor's Committee deciding there is enough money to pay administrative creditors. *See* Plan at ¶ VIII(B)(4). This may happen sometime in the next five (5) years, but only if the Plan Proponents determine "in its reasonable judgment" that sufficient funds have been collected to warrant payout. No prudent investor would agree to such an uncertain and conditional return, and this Court should not allow the Plan Proponents to impose such uncertainty on creditors in this case.

WHEREFORE, based on the foregoing, Kodak respectfully requests that this Court DENY confirmation of the Plan, and grant such other and further relief in favor of Kodak as the Court deems just and proper.

Dated: November 13, 2009                                   EASTMAN KODAK COMPANY


                                                           By:   /s/ Robert S. Westermann
                                                                       Counsel


Robert S. Westermann, VSB No. 43294           Peter N. Tamposi, Esq.
HIRSCHLER FLEISCHER, P.C.                     DONCHESS, NOTINGER &
The Edgeworth Building                        TAMPOSI, P.C.
2100 East Cary Street                         547 Amherst Street, Suite 204
Richmond, Virginia 23223                      Nashua, New Hampshire 03063
Telephone: (804) 771-9500                     Telephone: (603) 886-7266
Facsimile: (804) 644-0957                     Facsimile: (603) 886-7922
Email: rwestermann@hf-law.com                 Email: peter@dntpc.com
                                              To Be Admitted Pro Hac Vice


## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2009, a true and complete copy of the foregoing Objection was filed and served electronically using the Bankruptcy Court's ECF System and was delivered to the parties at the addresses indicated and in the manner indicated on the attached Service List.


                                                           /s/ Robert S. Westermann
                                                                  Counsel

## SERVICE LIST

**By Hand Delivery:**

The Honorable Kevin R. Huennekens
United States Bankruptcy Court
Eastern District of Virginia
701 East Broad Street, Room 5000
Richmond, Virginia 23219

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 N. Eighth Street, Second Floor
Richmond, Virginia 23219

Douglas M. Foley, Esq.
Sara B. Boehm, Esq.
McGuireWoods, LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219

Robert B. VanArsdale
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

**By Overnight Delivery:**

Circuit City Stores, Inc.
4951 Lake Brook Drive, Suite 500
Glen Allen, Virginia 23060
Attn: Michelle Mosier

Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard
Los Angeles, California 90067
Attn: Jeffrey N. Pomerantz
       Stanley E. Goldich

Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Attn: Robert J. Feinstein

Skadden, Arps, Slate, Meagher & Flom
10th and King Streets, 7th Floor
One Rodney Square
Wilmington, Delaware 19801
Attn: Gregg M. Gilardi
       Ian S. Fredericks

Skadden, Arps, Slate, Meagher & Flom
155 N. Wacker Drive
Chicago, Illinois 60606
Attn: Chris L. Dickerson
       Jessica S. Kumar