UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

------------------------------------------------------------X
                                            :
In re:                                      :    Chapter 11
                                            :
CIRCUIT CITY STORES, INC., et al.,          :    Case No. 08-35653 (KRH)
                                            :    Jointly Administered
                                            :
                                            :
                                            :
Debtors.                                    :
------------------------------------------------------------X

**RESPONSE OF DAWN W. VONBECHMANN
TO DEBTOR'S FIFTY-SIXTH OMNIBUS OBJECTION TO CLAIMS
(DISALLOWANCE OF CERTAIN ALLEGED ADMINISTRATIVE EXPENSES ON
<u>ACCOUNT OF EMPLOYEE OBLIGATIONS</u>)**

Dawn W. vonBechmann ("Mrs. vonBechmann"), by counsel, submits this Response to the "Debtors' Fifty-Sixth Omnibus Objection To Claims (Disallowance Of Certain Alleged Administrative Expenses On Account Of Employee Obligations" (the "Objection"), stating as follows:

1.    On June 20, 2009, Mrs. vonBechmann filed a timely Application For Administrative Expense Claim Against Debtor Circuit City Stores, Inc. (the "Application"). The Application requests an administrative expense claim in the amount of $62,500 based on a special cash retention award that Mrs. vonBechmann received in connection with her employment with Circuit City Stores, Inc. A copy of the Application is attached as **Exhibit A**, albeit without the exhibits thereto.

Neil E. McCullagh, Esquire (VSB #39027)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia  23219
Phone:  (804) 697-2000
Fax: (804) 697-2100

*Counsel to Dawn W. vonBechmann*

2. The Debtors have designated Mrs. vonBechmann's claim pursuant to the Application as Claim Number 13948 (the "Claim").

3. By this reference, Mrs. vonBechmann incorporates herein the facts, argument, and request for relief included in the Application. Mrs. vonBechmann further reserves her right to contest the allegations and arguments set forth in the Objection.

4. Mrs. vonBechmann further notes that the Debtors previously sought, and obtained, authorization to pay $8 to $10 million of WARN Act claims owed to employees who received pre-petition notice of termination of their employment, largely in the interest of "Employee morale." Motion at Docket No. 6, at p. 11. In light of that fact, it is incongruous for the Debtors to argue that the cash retention award they owe to Mrs. vonBechmann, who continued to work for the Debtors through March 31, 2009, is not entitled to administrative priority on the asserted basis that is pre-petition in nature.

5. In addition to the exhibits to the Application, Mrs. vonBechmann may offer into evidence, without limitation, a copy of the last compensation proposal made to her by Circuit City Stores, Inc.

WHEREFORE, Dawn W. vonBechmann respectfully requests that the Court dismiss the Objection with prejudice and grant such other and further relief as the Court deems just and proper.

Dated: November 13, 2009  
      Richmond, Virginia

SPOTTS FAIN PC

By: /s/ Neil E. McCullagh  
Neil E. McCullagh, Esquire (VSB #39027)  
Spotts Fain PC  
411 East Franklin Street, Suite 600  
Richmond, Virginia 23219  
Phone: (804) 697-2000  
Fax: (804) 697-2100  
*Counsel to Dawn W. vonBechmann*

Certificate of Service

I hereby certify that on November 13, 2009, a copy of the foregoing Response was served by Federal Express Priority Next Business Day Delivery on the following, who together constitute all necessary parties.

Skadden, Arps, Slate, Meagher & Flom, LLP
Attn: Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
One Rodney Square
Wilmington, DE 19899-0636

Skadden, Arps, Slate, Meagher & Flom, LLP
Attn: Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606

McGuireWoods LLP
Attn: Dion W. Hayes, Esq.
Douglas M. Foley, Esq.
One James Center
901 E. Cary Street
Richmond, VA 23219

    /s/ Neil E. McCullagh

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:  )  Case No. 08-35653 (KRH)
)  Jointly Administered
CIRCUIT CITY STORES, INC., et al.,  )  Chapter 11
)
Debtors.  )
)

COPY

### APPLICATION OF DAWN W. VONBECHMANN FOR ADMINISTRATIVE EXPENSE CLAIM AGAINST DEBTOR CIRCUIT CITY STORES, INC.

### SUMMARY OF CLAIM

| Claimant: | Dawn W. vonBechmann |
|---|---|
| Responsible Entity: | Circuit City Stores, Inc. |
| Nature of Claim: | Retention Award, defined below |
| Amount of Claim | $62,500.00 (note: alternative relief also requested herein) |

Dawn W. vonBechmann ("Mrs. vonBechmann"), by counsel, submits this Application For Administrative Expense Claim Against Debtor Circuit City Stores, Inc. (the "Debtor"), stating as follows:

RECEIVED

JUN 30 2009

KURTZMAN CARSON CONSULTANTS

Neil E. McCullagh (VSB No. 39027)
Ronald A. Page, Jr. (VSB No. 71343)
Cantor Arkema, P.C.
Bank of America Center
1111 East Main Street, 16th Floor
Post Office Box 561
Richmond, Virginia 23218-0561
Telephone: (804) 644-1400
Telecopier: (804) 225-8706
*Counsel for Dawn W. vonBechmann*



EXHIBIT A

## Background

1. Mrs. vonBechmann was first employed with the Debtor from 1986 through 1996. She resumed employment with the Debtor in 2000. On March 10, 2005, she entered into an Employment Agreement with the Debtor (the "Employment Agreement") for a position as "Vice President, Merchandise Manager, Imaging." The Employment Agreement set Mrs. vonBechmann's compensation, which was periodically adjusted. A copy of the Employment Agreement is attached as **Exhibit A** and its terms are incorporated by this reference.

2. During 2008, the total cash compensation Mrs. vonBechmann was scheduled to receive was adjusted upward to $412,500, including a base salary of $275,000 and a target cash incentive of $137,500. Her compensation also included, without limitation, long-term cash incentive awards and a restricted stock award.

3. On January 3, 2008, Mrs. vonBechmann was also awarded a special cash retention award (the "Retention Award"), which is the subject of this Application. A copy of the Retention Award is attached as **Exhibit B**, and its terms are incorporated by this reference.

4. As stated therein, the Retention Award's purpose was "to reward, motivate and retain management personnel who are key to the Company's turnaround efforts and long term success." The Retention Award is in the amount of $125,000, with 50% of that amount (i.e., $62,500) vesting on January 1, 2009, and to be paid 75 days later (i.e., on March 17, 2009), and the other 50% vesting on January 1, 2010.



RECEIVED
JUN 3 0 2009
KURTZMANCARSONCONSULTANTS

2

5. On November 10, 2008, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Mrs. vonBechmann's employment with the Debtor continued uninterrupted despite the bankruptcy filing.

6. On or about January 16, 2009, the Debtor announced to the public that it had decided to close all of its stores. In connection with that decision, the Debtor told Mrs. vonBechmann that her employment would be terminated. The Debtor, however, asked Mrs. vonBechmann to continue to provide employment services on an as-needed basis to assist with the closure of the stores. Mrs. vonBechmann did continue to provide such services, and the Debtor paid Mrs. vonBechmann's base salary through March 31, 2009.

7. The Debtor has never paid Mrs. vonBechmann the $62,500 portion of the Retention Award that vested January 1, 2009 (the "Vested Amount"), and she files this Application for the same.

## Argument

8. The Vested Amount is entitled to priority as an administrative claim in the Debtor's Chapter 11 case. Under 11 U.S.C. § 503(b)(1)(A), an administrative claim is to be allowed for "the actual, necessary costs and expenses of preserving the estate..."

9. The general two-part test for determining whether a claim qualifies as an administrative claim under § 503(b)(1)(A) is that "(1) the claim must arise out of a post-petition transaction between the creditor and the debtor-in-possession (or trustee) and (2) the consideration supporting the claimant's right to payment must be supplied to and beneficial to the debtor-in-possession in the operation of the business." In re Stewart Foods, Inc., 64 F.3d 141, 145 n. 2 (4th Cir. 1995) (internal citations omitted).


RECEIVED
JUN 30 2009
KURTZMANCARSONCONSULTANTS

10. Mrs. vonBechmann's claim for the Vested Amount satisfies the two-part test noted in Stewart Foods. With respect to the first part of the test – which requires a post-petition transaction between the claimant and the debtor – Mrs. vonBechmann provided post-petition employment services to the Debtor from the Petition Date through March 31, 2009, at the Debtor's request. Therefore, there was a "post-petition transaction" between Mrs. vonBechmann and the Debtor.

11. With respect to the second part of the test – which requires that the consideration supporting the claimant's right to payment be supplied to, and beneficial to, the debtor-in-possession in the operation of its business – Mrs. vonBechmann supplied the consideration supporting the Vested Amount to the Debtor in that she continued to provide employment services to the Debtor through the date the Vested Amount vested, January 1, 2009, and, indeed, through March 31, 2009.

12. The reasonable value of Mrs. vonBechmann's post-petition services to the Debtor included the Vested Amount, as indicated by the terms of the Retention Award and in light of the risk involved and the amount of her base salary and other compensation. See NLRB v. Bildisco & Bildisco, 465 U.S. 513, 531 (1984) (internal citations omitted) ("If the debtor-in-possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume the contract, the debtor-in-possession is obligated to pay for the reasonable value of those services, which, depending on the circumstances of a particular contract, may be what is specified in the contract."). As noted in the Retention Award, Mrs. vonBechmann was "key to the company's turnaround efforts and long term success," and she diligently pursued the Debtor's turnaround through the date the Debtor announced that a turnaround

4



RECEIVED
JUN 3 0 2009
KURTZMANCARSONCONSULTANTS

was no longer possible. Further, the Vested Amount is only a fraction of Mrs. vonBechmann's total scheduled cash compensation for 2008 and is also reasonable in light of the risk involved in remaining with a financially trouble company, as evidenced by the Debtor's ultimate decision to go out of business.

13.    The case of In re Campo Electronics, 247 B.R. 646 (E.D.La. 1998), supports Mrs. vonBechmann's request for an administrative claim equal to the Vested Amount.[1] In Campo, the court affirmed the bankruptcy court's decision to allow the debtor-in-possession's former Vice President of Marketing an administrative claim in the amount of $62,500 for severance pay. The court noted that the debtor had entered into an employment agreement with the claimant, which included the severance-pay provision, before the bankruptcy filing "in order to assure that … [the claimant] would remain with the company during its anticipated bankruptcy proceedings." Id. at 648. The debtor never actually assumed the employment agreement, although it had filed a motion to assume the agreement. Id. at 649. After the bankruptcy filing, the claimant resigned from his position with the debtor because the debtor's restructuring plan did not offer him an equivalent position. Id. The court, after finding that the claimant's resignation was in compliance with the terms of the employment agreement, upheld the bankruptcy court's decision to grant the administrative claim, stating in relevant part as follows:

> There are important policy reasons for permitting severance pay agreements to have administrative expense priority status, especially when such agreements are offered to employees of financially troubled companies as incentive not to leave. Companies faced with financial problems and/or impending bankruptcy must have the authority to enter

---

[1] Mrs. vonBechmann has not found any case law on the issue at hand that is binding on this Court. Judge Mitchell of this Court did write an opinion regarding severance pay in the context of allowance of administrative expense claims, In re Dornier Aviation (North America), Inc., 2002 WL 31999222 (Bankr.E.D.Va. 2002), but that opinion is not reported. A copy of that opinion is attached.

5

RECEIVED
JUN 30 2009
KURTZMANCARSONCONSULTANTS

into enforceable severance agreements with key employees. If severance pay is denied priority status, this incentive will be lessened.

Id. at 651.

14. While Campo involved severance pay, as opposed to the cash retention award at issue in the present case, it is otherwise factually very similar to the present case, right down to the dollar amount at issue, $62,500. And the policy reason underlying the decision in Campo – the need that financially troubled companies have to provide reasonable incentives to maintain key employees, and the way such incentives will lose credibility if a bankruptcy court will not uphold them – also applies here.

15. Accordingly, for the reasons stated above, Mrs. vonBechmann should be allowed an administrative expense claim in the amount of $62,500.

16. Mrs. vonBechmann acknowledges the reported case authority holding that benefits granted pre-petition to entice employees to remain with the Debtor should be pro-rated between the pre-petition and post-petition periods for purposes of administrative claim allowance. See, e.g., In re Hechinger Investment Company of Delaware, 298 F.3d 219, 225 (3rd Cir. 2002) (concerning a "Stay-On Benefits" program, the court wrote that some of the employees' services "were rendered before the bankruptcy case was commenced and some were rendered after," and that therefore "it seems clear to us that some sort of apportionment between the two periods is needed.").

17. Mrs. vonBechmann believes the Hechinger case and other cases that adopt a pro-rating approach with respect to reasonable incentive plans reach the wrong conclusion and should not be followed by this Court. However, in an abundance of caution, Mrs. vonBechmann submits that in the event this Court adopts a pro-rating approach, she should still be allowed an administrative expense claim in the amount of

6

RECEIVED
JUN 3 0 2009
KURTZMANCARSONCONSULTANTS

$19,547.72 for her post-petition services. The figure is reached by dividing the Vested Amount by the total number of days Mrs. vonBechmann was employed by the Debtor between the award date, January 3, 2008, and her last day of employment, March 31, 2009, and multiplying this by the number of days she was employed post-petition. That calculation is as follows: ([$62,500/454 total days employed] x 142 days employed post-petition = $19,547.72).

WHEREFORE, Dawn W. vonBechmann respectfully requests (a) that this Court enter an order granting her an allowed administrative expense priority claim in the total amount of Sixty-Two Thousand Five Hundred Dollars ($62,500) (or, if the Court adopts a pro-rating approach, in the amount of $19,547.72), and (b) such other and further relief as the Court deems appropriate.

DAWN W. VONBECHMANN

By: /s/ Neil E. McCullagh
Counsel

Neil E. McCullagh (VSB No. 39027)
Ronald A. Page, Jr. (VSB No. 71343)
Cantor Arkema, P.C.
1111 East Main Street, 16th Floor
Post Office Box 561
Richmond, Virginia 23218-0561
Telephone: (804) 644-1400
Telecopier: (804) 225-8706
*Counsel for Dawn W. vonBechmann*

RECEIVED
JUN 30 2009
KURTZMAN CARSON CONSULTANTS

7