Kevin A. Lake, Esquire (VSB# 34286)
VANDEVENTER BLACK LLP
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA 23218-1558
Tel: 804.237.8811
Fax: 804.237.8801
klake@vanblk.com

German Yusufov
Deputy County Attorney
Pima County Attorney's Office
32 N. Stone Avenue, Suite 2100
Tucson, Arizona 85701
Phone: (520) 740-5750
Fax:    (520) 620-6556
german.yusufov@pcao.pima.gov

Attorneys for Pima County

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
:                                                **Chapter 11**
**In re:**                            :
:                                                **Case No. 08-35653 (KRH)**
**CIRCUIT CITY STORES, INC., et al.,**     :
:                                                **(Jointly Administered)**
**Debtors.**        :
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PIMA COUNTY'S OBJECTION TO THE FIRST AMENDED PLAN OF LIQUIDATION
OF CIRCUIT CITY STORES, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS
IN POSSESSION AND ITS OFFICIAL COMMITTEE OF CREDITORS HOLDING
<u>GENERAL UNSECURED CLAIMS</u>**

COMES NOW secured creditor Pima County, by and through undersigned counsel, and, for the reasons stated below, respectfully requests the Court to deny Debtors' proposed First Amended Plan of Liquidation.

1. Pima County holds two claims for unpaid personal property taxes on Debtors' property, a secured claim for tax year 2008 in the amount of $6,583.32, and a secured

1

administrative claim for tax year 2009 in the estimated amount $7,000.00, plus statutory interest.

2. Pima County's claims are secured by a first priority statutory lien on the property on which the taxes are owed. *See* Arizona Revised Statutes § 42-17153; *see also Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 20 (2000) ("The 'basic federal rule' in bankruptcy is that state law governs the substance of claims).

3. This lien includes post-petition interest at the statutory rate of sixteen per cent. *See* A.R.S. § 42-18053 and A.R.S. § 42-17153; s*ee also* 11 U.S.C. § 506(b) (providing that the holder of an oversecured claim is entitled to interest and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose); *United States v. Ron Pair Enters.*, 489 U.S. 235 (1989) (holding that 506(b) "entitles a creditor to receive postpetition interest on a nonconsensual oversecured claim allowed in a bankruptcy proceeding"); *Bondholder Comm. v. Williamson County*, 43 F.3d 256, 262 (6th Cir. 1994) (upholding the bankruptcy court's holding that county was entitled to post-petition interest, up to the date of payment, on unpaid local property taxes); 11 U.S.C. § 511(a) (rate of interest on tax claims determined under applicable non-bankruptcy law) .

4. Under state law, the lien may not be removed until all taxes and interest have been paid. A.R.S. § 42-17153(C)(2).

5. Pursuant to section 1129, a proposed plan cannot be confirmed by the Court unless the Court determines that all the requirements of that section have been meet. *In re Ambanc La Mesa Limited Partnership*, 115 F.3d 650, 653 (9th Cir. 1997).

6. The Plan appears to classify Pima County's 2008 tax claim as Class 1 (Miscellaneous Secured Claims), and the 2009 tax claim as an Administrative Claim.

7. The Plan's treatment of Class 1 claims, as applied to Pima County's claim, violates sections 1129(a)(9)(C) and (D), and 1129(a)(1).

8. Sections 1129(a)(9)(C) and (D) require that secured claims that would fall under section 507(a)(8) but for their secured status be treated the same as 507(a)(8) claims and be paid off in full within five years of the date of the order for relief. Pima County's 2008 tax claim would fall under 507(a)(8) but for its secured status, and therefore has to be paid in full within five years of the date of the order for relief. The Plan, however, makes the payment of Class 1 claims contingent on the availability of funds in the Liquidating Trust to pay all Class 1 claims, or on the Oversight Committee's consent, thus creating the possibility that Pima County's claim will not be paid within the five-year period. Therefore, the treatment of Class 1 claims violates 1129(a)(9)(C) and (D).

9. Section 1129(a)(1) requires that the proposed plan comply with the applicable provisions of the Code. Debtors' Plan fails this requirement by providing, in Article VI.F, that interest shall not be paid on disputed claims from the petition date to the distribution date. This language directly contravenes section 506(b) of the Code, which requires payment of post-petition interest on oversecured claims, irrespective of its classification by a debtor as "disputed." *See also Ron Pair Enters.*, 489 U.S. 235.

10. Because the Plan fails to comply with sections 1129(a)(9)(C) and (D), and 1129(a)(1), it is not confirmable.

WHEREFORE, Pima County respectfully requests that the Court deny Debtors' proposed First Amended Plan of Liquidation, unless it is amended to correct the deficiencies specified above.

Dated this 13th day of November, 2009.

**VANDEVENTER BLACK LLP**

/s/ Kevin A. Lake
Kevin A. Lake, Esquire (VSB# 34286)
VANDEVENTER BLACK LLP
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA 23218-1558
Tel: 804.237.8811
Fax: 804.237.8801
klake@vanblk.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of November, 2009, I caused to be served a true and correct copy of Pima County's Objection To The First Amended Plan Of Liquidation Of Circuit City Stores, Inc. And Its Affiliated Debtors And Debtors In Possession And Its Official Committee Of Creditors Holding General Unsecured Claims to all parties receiving notice via ECF and via ECF and/or email on the following:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
P.O. Box 636
Wilmington, Delaware 19899-0636

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606-7120

Douglas M. Foley
Dion W. Hayes
McGuireWoods, LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
Attorneys for Debtors

/s/ Kevin A. Lake
Kevin A. Lake