Sharon Z. Weiss
Mark E. Carrillo
RICHARDSON & PATEL LLP
Murdock Plaza
10900 Wilshire Boulevard, Suite 500
Los Angeles, California 90024
Tel: (310) 208-1182
Fax: (310) 208-1154

*Counsel for Apex Digital, Inc.*

David M. Poitras
Caroline R. Djang
JEFFER, MANGELS, BUTLER &
MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067
Tel: (310) 203-8080
Fax: (310) 203-0567

*Counsel for THQ, Inc.*

- and –

Michael St. Patrick Baxter
Dennis B. Auerbach
Joshua D. McKarcher (VSB No. 77061)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue NW
Washington, DC  20004-2401
Tel: (202) 662-6000
Fax: (202) 662-6291

*Co-Counsel for Apex Digital, Inc. and THQ, Inc.*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| In Re:<br><br>CIRCUIT CITY STORES, INC., et al.,<br><br>　　　　　　　　　　　Debtors. | Case No. 08-35653 (KRH)<br><br>Chapter 11<br><br>Jointly Administered |

**SUPPLEMENTAL RESPONSE OF APEX DIGITAL, INC. AND THQ, INC. TO
DEBTORS' FIFTY-FIRST OMNIBUS OBJECTION TO CERTAIN 503(b)(9) CLAIMS**

　　　　1.　　　Apex Digital, Inc. and THQ, Inc. file this supplemental response to the Debtors'

Fifty-First Omnibus Claim Objection to Certain 503(b)(9) Claims (Docket No. 5214).  The

supplemental response is limited to the Debtors' assertion at the November 12 hearing on the Omnibus Objection that, pursuant to Fed. R. Bankr. P. 3002, a party seeking payment of administrative expenses under 11 U.S.C. § 503(b)(9) must file a proof of claim (which is, in turn, subject to allowance or disallowance under section 502). The Debtors stated this argument for the first time at the November 12 hearing. It was not contained in the Debtors' papers, and respondents thus did not have the opportunity to brief the issue previously.

2. The Fourth Circuit has held that "'claim' in section 502(d) includes only one for which a proof has been filed." *Durham v. SMI Indus. Corp.*, 882 F.2d 881, 883 (4th Cir. 1989). At the hearing, the Debtors attempted to get around this clear statement by the Fourth Circuit by contending that a proof of claim must be filed in order for a section 503(b)(9) administrative expense request to be allowed.

3. That position is wholly unfounded. Amounts due under section 503(b)(9) are administrative expenses, which are allowed or disallowed under section 503 — not section 502. Accordingly, the proof of claim provisions of the Code and Rules do not apply to section 503(b)(9) expense requests. *See* 9 *Collier on Bankruptcy*, ¶ 3002.01[1] at 3002-3 (Alan N. Resnick & Henry J. Sommers eds., 15th ed. rev.) ("The requirement that a proof of claim be filed extends to unsecured creditors claiming priorities **but does not extend to costs of administration.**") (emphasis added).

4. The Norton treatise explains why this is the case:

To begin with, § 503 is captioned "allowance of administrative expenses." This appears to suggest that § 503 is a separate allowance section, apart from § 502, devoted exclusively to administrative expenses. If so, then § 502 would not apply to the allowance of administrative expenses. The rest of the statute is consistent with this reading. Section 507(a)(1) refers to 'administrative expenses allowed under section 503(b).' Note that the reference is to 'expenses' rather than

2

        'claims,' the latter of which is handled under § 502.  Also, of course, § 507(a)(1) specifically states that allowance is under § 503(b), implying that § 502 is out of the picture.

2 *Norton Bankruptcy Law and Practice 2d* ¶ 42.14 at 42-76 to 42-77 (emphasis added).

      5.     Indeed, the Court has previously ruled in this case that a party seeking administrative-expense reimbursement under section 503(b)(9) need only file a motion for allowance of administrative expense — not a Rule 3001 proof of claim — to meet its procedural burden.  *See* Order Establishing Bar Date For Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 (Docket No. 107), ¶ 6 ("All persons or entities holding a Section 503(b)(9) Claim against the Debtors are required to file a Section 503(b)(9) Claim Request or, alternatively, a motion seeking payment of a 503(b)(9) claim . . . no later than the Section 503(b)(9) Bar Date.").  This ruling is fully consistent with section 503(a), which expressly states that only a "request for payment of an administrative expense" is required for a party to seek allowance of an administrative expense.[1]

      6.     The Debtors offer no case support for their position that the proof of claim rules apply to section 503(b)(9) administrative claimants.  That is not surprising because the cases support the contrary *Collier/Norton* view.  *See, e.g.*, *In re Plastech Eng'r Prods.,* 394 B.R. 147, 162 (Bankr. E.D. Mich. 2008) ("[T]he Court does not conclude that a § 503(b)(9) administrative expense cannot be a 'claim.'  Instead, the Court finds that **a § 503(b)(9) administrative expense**

---

[1]     Indeed, if Rule 3002 were read to apply to section 503(b)(9) administrative-expense requests, then the Rule would be in direct conflict with section 503(a): the "must file a proof of claim" language of Rule 3002 would conflict with the section 503(a) provision that an entity "may timely file a request for payment of an administrative expense."  Of course, "[a]ny conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code." *In re Pacific Atlantic Trading Co.*, 33 F.3d 1064, 1066 (9th Cir. 1994).

3

**is simply not a type of claim that is filed under § 501**, **and allowed or disallowed under § 502**.") (emphasis added)); *accord In re TI Acquisition, LLC*, 410 B.R. 742, 750 (Bankr. N.D. Ga. 2009); *see also In re Ames*, 582 F.3d 422, 429 (2d Cir. 2009) ("Both the filing of requests for payment of administrative expenses and the allowance thereof are governed by section 503, which is titled 'Allowance of administrative expenses.' The procedure is independent from the procedure for filing and allowance of prepetition claims under sections 501 and 502, and differs in significant respects."); *In re Atcall, Inc.*, 284 B.R. 791, 797 (Bankr. E.D. Va. 2002) ("Section 503(b) and the introductory clause to § 507(a)(1) make clear that the [section 503 allowance] process is **commenced with the filing of a request for payment** . . . ." (emphasis added)); *In re Fas Mart Convenience Stores, Inc.*, 320 B.R. 587, 593 (Bankr. E.D. Va. 2004) ("Unlike a proof of claim, which according to Rule 3001(a) should 'conform substantially to the appropriate Official Form,' an administrative expense claim need not take any particular form under the Code or Rules.").

7. In sum, the cases and treatises make clear that no proof of claim is required to assert a section 503(b)(9) administrative-expense request, and that such requests are governed by the allowance/disallowance provisions of section 503 — not those of section 502 (including section 502(d)). For this and the other reasons stated in the respondents' papers and at the November 12 hearing, the Debtors' Omnibus Objection should be overruled.

| | |
|---|---|
| Dated: November 13, 2009 | Sharon Z. Weiss |
| | Mark E. Carrillo |
| | RICHARDSON & PATEL LLP |
| | Murdock Plaza |
| | 10900 Wilshire Boulevard, Suite 500 |
| | Los Angeles, California 90024 |
| | Tel: (310) 208-1182 |
| | Fax: (310) 208-1154 |

*Counsel for Apex Digital, Inc.*

David M. Poitras
Caroline R. Djang
JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067
Tel: (310) 203-8080
Fax: (310) 203-0567

*Counsel for THQ, Inc.*

- and -

/s/   Joshua D. McKarcher
Michael St. Patrick Baxter
Dennis B. Auerbach
Joshua D. McKarcher (VSB No. 77061)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004-2401
Tel: (202) 662-6000
Fax: (202) 662-6291

*Co-Counsel for Apex Digital, Inc. and THQ, Inc.*

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and exact copy of the foregoing Supplemental Response of Apex Digital, Inc. and THQ, Inc. to Debtors' Fifty-First Omnibus Objection To Certain 503(B)(9) Claims was served on November 13, 2009 by electronic mail on the below listed parties and e-mail addresses and through the ECF system, which in turn will generate an electronic notice of filing to all parties registered to receive electronic notice from the Court.

       Gregg M. Galardi, Esq.
       Ian S. Fredericks, Esq.
       Skadden, Arps, Slate, Meagher & Flom, LLP
       One Rodney Square
       P.O. Box 636
       Wilmington, DE 19899-0636
       E-mail: gregg.galardi@skadden.com;
       Ian.Fredericks@skadden.com; project.circuitcity@skadden.com

       Dion W. Hayes, Esq.
       Douglas M. Foley, Esq.
       McGuire Woods LLP
       One James Center
       901 E. Cary Street
       Richmond, VA 23219
       E-mail: dhayes@mcguirewoods.com; dfoley@mcguirewoods.com;
       circuitcityservice@mcguirewoods.com

       Chris L. Dickerson, Esq.
       Skadden, Arps, Slate, Meagher & Flom, LLP
       155 North Wacker Drive
       Chicago, IL 60606
       E-mail: chris.dickerson@skadden.com

*Counsel for the Debtors*

Robert B. Van Arsdale, Esq.
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
E-mail: Robert.B.Van.Arsdale@usdoj.gov

*Office of the United States Trustee*


Brad R. Godshall, Esq.
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Blvd, 11th Floor
Los Angeles, CA 90067-4100
E-mail: bgodshall@pszjlaw.com

*Counsel to Official Committee of Unsecured Creditors*


/s/   Joshua D. McKarcher
Joshua D. McKarcher (VSB No. 77061)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004-2401
(202) 662-5223 (phone)
(202) 778-5223 (fax)
jmckarcher@cov.com

Dated: November 13, 2009