DAVID M. STERN (CA State Bar No. 67697),
MICHAEL L. TUCHIN (CA State Bar No. 150375), and
KORIN A. ELLIOTT (CA State Bar No. 260363)
KLEE, TUCHIN, BOGDANOFF & STERN LLP[1]
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Telephone:     (310) 407-4000
Facsimile:     (310) 407-9090

        -and-

WILLIAM A. BROSCIOUS (VA State Bar No. 27436)
KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Richmond, Virginia  23233
Telephone:     (804)741-0400, ext. 202

Counsel for Claimant (Claim Nos. 1009, 9681)
PARAMOUNT HOME ENTERTAINMENT INC.

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | |
|---|---|
| In re | Case No.: 08-35653-KRH |
| | (Jointly Administered) |
| CIRCUIT CITY STORES, INC., *et al.*, | |
| | Chapter 11 |
| Debtors.[2] | |

## JOINDER OF PARAMOUNT HOME ENTERTAINMENT INC.
## TO MOTIONS OF PIONEER ELECTRONICS AND
## SAMSUNG ELECTRONICS AMERICA, INC. FOR ORDER REQUIRING
## CONFIRMATION DEPOSIT UNDER FED. R. BANKR. P. 3020(a)

---

[1]   Orders granting *pro hac vice* admission for Messrs. Stern and Tuchin and Ms. Elliott (f/k/a Korin A. Avelino) were entered by the Court on July 24, 2009.  See Docket Nos. 4279, 4280, and 4281.

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

Paramount Home Entertainment Inc. ("Paramount"), creditor and holder of an administrative expense claim in the cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby joins in the *Motion of Pioneer Electronics Under Fed. R. Bankr. P. 3020(a) for Order Requiring Confirmation Deposit* [Docket No. 5461] and *Samsung Electronics America, Inc.'s Motion Under Fed. R. Bankr. P. 3020(a) for Order Requiring Confirmation Deposit and Joinder to Motion of Pioneer Electronics for Same* [Docket No. 5614] (together, the "Pioneer and Samsung Motions") and respectfully requests that the Court enter an order under Rule 3020(a) of the Federal Rules of Bankruptcy Procedure requiring the Debtors to put into escrow all of the funds necessary to pay all claims required to be paid on the effective date of the Plan.

## I.
## BACKGROUND

On November 10, 2008 (the "Petition Date"), the Debtors, filed voluntary chapter 11 petitions in this Court.

In the ordinary course of business, prior to the Petition Date, Paramount regularly received orders from and shipped goods to the Debtors. As of the Petition Date, the Debtors had received many goods from Paramount for which the Debtors had not yet paid, resulting in a substantial pre-petition debt. Paramount has asserted the following claims and rights to payment against the Debtors:

1. A section 503(b)(9) claim,[3] Claim No. 1009, in the amount of $3,133,634.57.

2. A reclamation claim, which may be denominated as one for conversion of or an *in rem* claim to the proceeds of the goods subject to reclamation[4] for

---

[3] Although there are legally significant statutory differences between claims under sections 501 and 502 and rights to payment under section 503, in the interest of linguistic simplicity, Paramount will refer to a right to payment under section 503(b)(9) and other administrative expenses as claims.

[4] The Debtors sought to reclassify Paramount's claim arising from its right of reclamation as a general unsecured claim. *See* Docket No. 3703. Paramount opposes any such reclassification. That matter has not yet been decided by this Court.

$11,600,840.04.  This amount is inclusive of the amount entitled to priority pursuant to section 503(b)(9), although obviously Paramount does not seek a double recovery.

3.   A general pre-petition claim, Claim No. 9681, for $16,497,463.67 less amounts which are allowed in connection with the reclamation claim and the section 503(b)(9) claim.

On September 29, 2009, the Debtors filed an Amended Joint Plan of Liquidation [Docket No. 5124] (the "Plan").  In the Disclosure Statement describing the Plan [Docket No. 5030] (the "Disclosure Statement"), the Debtors state that, under the Plan, they may not be able to pay all administrative and priority claims in full.  *See* Disclosure Statement, at Section X.C.

On October 13, 2009, the Debtors filed an objection in which they sought an order temporarily disallowing part of Paramount's section 503(b)(9) claim and the claims of many other administrative creditors on the basis that the creditors were recipients of allegedly avoidable preferential transfers.  *See* Docket No. 5216.  The Debtors have filed other such omnibus objections seeking the disallowance of large amounts of administrative expense claims.  *See, e.g.,* Docket No. 5214.[5]  Paramount believes that the Debtors' motivation in bringing such objections may be to drive down the estimated value assigned to administrative expenses in order to satisfy the requirements for confirmation, including *inter alia* Bankruptcy Code section 1129(a)(9)(A).

## II.
## REQUEST FOR RELIEF AND JOINDER

Paramount joins in the Pioneer and Samsung Motions seeking an order from the Court under Rule 3020(a) of the Federal Rules of Bankruptcy Procedure requiring the Debtors to put into escrow all of the funds necessary to pay all claims and expenses

---

[5]   The Debtors also objected and sought to reclassify Paramount's claim arising from its right of reclamation as a general unsecured claim.  *See* Docket No. 3703.  Paramount has opposed any such reclassification.  That matter has not yet been decided by this Court.

Paramount Joinder to Motions to Compel Deposit

entitled to be paid on the effective date, including all section 503(b)(9) administrative expense claims, and incorporates those motions as though fully set forth herein.

Paramount submits that such an order is necessary given the Debtors' strategy to delay payment of a substantial amount of administrative expense claims and the Debtors' own admission that they may be administratively insolvent.

## III.
## CONCLUSION

Paramount requests that the Court enter an order requiring the Debtors to deposit the funds necessary to pay all claims required to be paid on the effective date of the Plan.

Respectfully submitted,

DATED: November 13, 2009              KLEE, TUCHIN, BOGDANOFF & STERN LLP

By: _____
       David M. Stern
       Michael L. Tuchin
       Korin A. Elliott
       1999 Avenue of the Stars, 39th Floor
       Los Angeles, CA 90067
       Tel: (310) 407-4000
       Email: dstern@ktbslaw.com

KEPLEY BROSCIOUS & BIGGS, PLC

By: _____William Broscious / KAE____
       William A. Broscious
       2211 Pump Road
       Richmond, Virginia 23233
       804.741.0400 ext. 202
       Email: wbroscious@kbbplc.com

Counsel for PARAMOUNT HOME
ENTERTAINMENT INC.

# CERTIFICATE OF SERVICE

I, Korin A. Elliott, hereby certify that a true and correct copy of the foregoing *Joinder of Paramount Home Entertainment Inc. to Motions of Pioneer Electronics and Samsung Electronics America, Inc. for Order Requiring Confirmation Deposit Under Fed. R. Bankr. P. 3020(a)* has been served upon the parties listed below via overnight courier on this 13th day of November, 2009.

/s/       *Korin A. Elliott*

Korin A. Elliott (kelliott@ktbslaw.com)

**The Debtors**
Circuit City Stores, Inc.
4951 Lake Brook Dr., Suite #500
Glen Allen, VA  23060
Attn: Michelle Mosier

**Office of the U.S. Trustee**
701 East Broad Street, Suite 4304
Richmond, VA  23219
Attn: Robert B. Van Arsdale

**Debtors' Counsel**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
One Rodney Square
10th and King Streets, 7th Fl.
Wilmington, DE  19801
Attn: Gregg M. Galardi
Attn: Ian S. Fredericks

**Counsel for the Creditors' Committee**
PACHULSKI STANG ZIEHL
& JONES, LLP
10100 Santa Monica Boulevard, 11th Fl.
Los Angeles, CA  90067
Attn: Jeffrey N. Pomerantz
Attn: Stanley E. Goldich

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
155 N. Wacker Drive
Chicago, IL  60606
Attn: Chris L. Dickerson
Attn: Jessica S. Kumar

PACHULSKI STANG ZIEHL
& JONES, LLP
780 Third Avenue, 36th Fl.
New York, NY 10017
Attn: Robert J. Feinstein

MCGUIRE WOODS LLP
One James Center
901 E. Cary Street
Richmond, VA  23219
Attn: Douglas M. Foley
Attn: Sarah M. Boehm

TAVENNER & BERAN, PLC
280 N. Eighth Street, 2nd Fl.
Richmond, VA  23219
Attn : Lynn L. Tavenner
Attn: Paula S. Beran