| | |
|---|---|
| Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>One Rodney Square<br>PO Box 636<br>Wilmington, Delaware 19899-0636<br>(302) 651-3000 | Dion W. Hayes (VSB No. 34304)<br>Douglas M. Foley (VSB No. 34364)<br>MCGUIREWOODS LLP<br>One James Center<br>901 E. Cary Street<br>Richmond, Virginia 23219<br>(804) 775-1000 |

– and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., | ) | Case No. 08-35653 |
| <u>et</u> <u>al</u>., | ) | |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**<u>MOTION TO SEAL EXHIBIT</u>**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] hereby move

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC

(the "Motion") for entry of an order substantially in the form of Exhibit A hereto, pursuant to sections 107(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Clerk of Court to seal a certain exhibit previously filed by the Debtors.  In support of the Motion, the Debtors respectfully represent:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.   The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3.   On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

---

(9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, Virginia 23060.

2

"Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

4. The statutory predicates for the relief requested herein are section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018.

**BACKGROUND**

5. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

6. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

7. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

8. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going-out-of-business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going-out-of-business

3

sales pursuant to the Agency Agreement at the Debtors' remaining stores.  As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

9.  On August 25, 2009, the Debtors filed their Objection to Claim of Panasonic Corporation of North America (Claim No. 1254) (Docket No. 4630) (the "Claim Objection"), which attached a consignment agreement as an exhibit thereto (the "Consignment Agreement").

10.  On November 13, 2009, Panasonic Corporation of North America ("Panasonic") filed its response to the Claim Objection, and asserted that the Consignment Agreement should not have been publicly filed due to a confidentiality agreement between Panasonic and the Debtors.  Simultaneously with the filing of its response, Panasonic contacted the Debtors and requested that the Consignment Agreement be removed from the docket.

## RELIEF REQUESTED

11.  By this Motion, the Debtors respectfully request entry of an order pursuant to section 107(b) and Bankruptcy Rule 9018 authorizing the Clerk of Court to seal the Consignment Agreement, which was Exhibit A to the Claim Objection (Docket No. 4630).

**BASIS FOR RELIEF**

12. Section 107(b) of the Bankruptcy Code authorizes the Court to issue orders to protect entities from potential harm caused by the disclosure of confidential information. In particular, section 107(b) provides that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information.
>     . . . .

11 U.S.C. § 107(b)(1).

13. In addition, pursuant to Rule 9018 of the Federal Rules of Bankruptcy Procedure:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

FED. R. BANKR. P. 9018.

14. In granting relief under section 107(b) of the Bankruptcy Code, "[t]he court determines whether the subject documents falls within the provisions § 107(b) and the appropriate remedy if they do." In re Barney's, Inc., 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). If the documents in

5

question fall within the parameters of section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); see also In re Lomas Fin. Corp., 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991) (noting the broad scope of the term "commercial information").  Public access to the confidential record should be denied if "closure is essential to preserve higher values and is narrowly tailored to serve that interest."  In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986) (quoting Press-Enterprise I, 464 U.S. 501, 510 (1984)); see also In re Nunn, 49 B.R. 963, 965 (Bankr. E.D. Va. 1985) (sealing customer list because allowing "a competitor access to [creditor's] customer list would obviously have an adverse effect on [creditor]").

    15.  Because Panasonic has contended that the Consignment Agreement is confidential and contains confidential and sensitive information,[2] the Debtors respectfully submit that good cause exists for the relief requested.

---

[2] The Debtors do not admit that the Consignment Agreement remains confidential or that such Agreement contains confidential or sensitive information.  Nothing herein shall be deemed to be or construed as an admission that the Consignment Agreement remains confidential or that such Agreement contains confidential or sensitive information.

6

16. The Debtors propose to serve this Motion upon: (i) the Office of the United States Trustee for the Eastern District of Virginia; (ii) counsel to Creditors' Committee; (iii) parties who have requested notice pursuant to Bankruptcy Rule 2002; and (iv) the Core Group (as defined in the Case Management Order entered on November 13, 2008 at Docket No. 130).  The Debtors submit that, under the circumstances, no other or further notice of the Motion is required.

## WAIVER OF MEMORANDUM OF LAW

17. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

## NO PRIOR REQUEST

18. No previous motion for the relief sought herein has been made to this or any other Court.

## **CONCLUSION**

WHEREFORE the Debtors respectfully request that the Court enter an order substantially in the form of Exhibit A hereto and grant the Debtors such other and further relief as is just.

Dated: November 13, 2009
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP


/s Douglas M. Foley              .
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors
and Debtors in Possession

## EXHIBIT A

| | |
|---|---|
| Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>One Rodney Square<br>PO Box 636<br>Wilmington, Delaware 19899-0636<br>(302) 651-3000 | Dion W. Hayes (VSB No. 34304)<br>Douglas M. Foley (VSB No. 34364)<br>MCGUIREWOODS LLP<br>One James Center<br>901 E. Cary Street<br>Richmond, Virginia 23219<br>(804) 775-1000 |

– and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., | ) | Case No. 08-35653 |
| <u>et</u> <u>al</u>., | ) | |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

## ORDER SEALING EXHIBIT

Upon the motion (the "Motion")[1] of the Debtors for an Order, pursuant to section 107(b)(1) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure, wherein the Debtors requested authority to seal a certain

---

[1] Capitalized terms used herein shall have the meanings ascribed to such terms in the Motion.

document; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby,

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED.

2. The Clerk of Court shall immediately seal the Consignment Agreement attached Exhibit A to the Claim Objection (Docket No. 4630), including (without limitation) removing such Exhibit and all of its attachments from the electronic docket maintained on the Court's ECF system.

3

3.   This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: Richmond, Virginia

_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

### **CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                          /s/ Douglas M. Foley