1   MARTHA E. ROMERO, State Bar No. 128144
     ROMERO LAW FIRM
2   BMR Professional Building
     6516 Bright Avenue
3   Whittier, California 90601
     (562) 907-6800
4   (562)907-6820 Facsimile
     Email: Romero@mromerolawfirm.com
5
     Attorney for SECURED CREDITORS
6   MONTEREY, PLACER, RIVERSIDE, SAN BERNARDINO,
     CALIFORNIA, THE CALIFORNIA TAXING AUTHORITIES
7

8           **IN THE UNITED STATES BANKRUPTCY COURT**

9            **FOR THE EASTERN DISTRICT OF VIRGINIA**

10               **RICHMOND DIVISION**

11
     In re:                  )   Case No. 08-35653 KRH
12                       )
     CIRCUIT CITY STORES, INC., et al  )   Chapter 11
13                       )
          Debtor(s).         )
14                       )   **OBJECTION OF MONTEREY**
                      )   **COUNTY, PLACER COUNTY,**
15                       )   **RIVERSIDE COUNTY AND SAN**
                      )   **BERNARDINO COUNTY,**
16                       )   **CALIFORNIA, COLLECTIVELY**
                      )   **THE CALIFORNIA TAXING**
17                       )   **AUTHORITIES TO**
     ————————————————————————————)   **CONFIRMATION OF CIRCUIT**
18                           **CITY STORES AND ITS**
                          **AFFILIATED DEBTORS ET AL**
19                           **IN ITS FIRST AMENDED**
                          **JOINT PLAN OF LIQUIDATION**
20

21
         Collectively the California Taxing Authorities Monterey County,
22
     Placer County, Riverside County and San Bernardino County, California
23
     hereby object to the First Amended Joint Plan of Liquidation.
24
         The California Taxing Authorities filed claims for secured real
25
     property taxes and for personal property taxes.[1]
26
     ————————————————————————————
27         [1]Riverside County Taxing Authority asserts claims on 12530 Day
     Street Moreno Valley and 40480 Winchester Rd. Temecula in the
28      approximate $69,592.70 and $50,561.78; Monterey County Taxing
     Authority asserts a claim for $5861.58 for personal property for 1910

# I. INTRODUCTION.

The subject property is comprised of real property and business locations in the various California Counties.  The real and business property at these locations is subject to the assessment of local property taxes under California State law.

All secured real property and personal property tax claims are secured against the property claimed.  The statutory authority is set forth below.

## II. DEBTOR'S PLAN OF REORGANIZATION FAILS
## TO COMPLY WITH 11 U.S.C. 1123 AND 1129.

In order to have a plan confirmable by the Court, the Debtor must comply with the provisions of 11 U.S.C. 1123 and 1129 in setting forth the reorganization terms.

The plan does not appear to have a specific section for secured real and/or personal property taxes. There are only sections for Unclassified Priority Tax Claims and Unimpaired claims.

The plan does not specifically allow for the following:

1.    Retention of liens

2.    Specific interest under Section 506(b) and 511.[2]

3.    Unequal or disparate treatment of claims;

4.    Permission to pay over time.

Riverside County for example specifically objected to the sale of assets. The stipulation is suppose to reserve

---

N. Davis Rd. Salinas, CA and administrative claim for $21,678.00 for personal property, San Bernardino filed two claims for $660.38 and for $59,868.45. Placer has also filed a claim but is examining its books and records.

[2]California Revenue and Taxation Code Section 4103 specifically provides for interest.

proceeds against the claimed collateral.[3]   A true and correct copy of the stipulation is attached as Exhibit A for the court's convenience.

The California Counties further objection to the plan it that it provides payment of the secured taxes in a lower priority or not in compliance with its first priority status.  Additionally, any secured taxes that were part of any sale should have been paid directly from the proceeds.

Finally, all administrative claims should be paid in full.

### III.  REAL PROPERTY TAX ASSESSMENTS ARE MANDATED
### UNDER CALIFORNIA LAW.

_____Under California State Law, every piece of real property is subject to taxation.[4]  California Revenue and Taxation Code section 401 states: "Every assessor shall assess all property subject to general property taxation at its full value."

Under California State Law, real property is to be assessed at the same percentage of fair market value.[5]

California Revenue and Taxation Code Section 401.3 provides that: "The assessor shall assess all property subject to general property

---

[3]To exacerbate matters, due to a clerical error Riverside Taxing Authority was inadvertently omitted from this stipulation.  It was noticed that it was missed by local counsel Joel Charboneau of MAgee Foster, Goldstein and Sayers and must be corrected.

[4] California Revenue and Taxation Code section 104 states: "Real estate or real property includes: (a) The possession of, claim to, ownership of or right to the possession of land."

[5]In California, property tax assessments consist of two components.  The first component is the assessed value.  The second is the tax rate.  The latter is applied against the former to calculate the amount of taxes due.  This equation is sometimes known as the tax ratio. For taxable real property, the assessed value is determined at the same percentage of fair market value. California Constitution Article XIII section 1.

3

1  taxation on the lien date as provided in Articles XIII and XIIIA of

2  the Constitution. . . ."

3      Real property taxes are assessed as of January 1 ("lien date")

4  of the year in which taxes become due.[6]

5      In California, property taxes are <u>in rem</u> and are payable only

6  through sale proceeds.  California Revenue and Taxation Code Section

7  2187 states: " Every tax on real property is a lien against the

8  property assessed."  See <u>Long Beach v. Aistrap,</u> 164 Cal. App. 2d 41

9  (1958).

10      California Revenue and Taxation Code Section 2192.1 states:

11      Every tax declared in this chapter to be a lien on real property

12      . . . have priority over all other liens on the property,

13      regardless of the time of their creation.  Any tax . . .

14      described in the preceding sentence shall be given priority over

15      matters including but not limited to any recognizance, deed,

16      judgment, debt, obligation, or responsibility with respect to

17      which the subject real property may become charged or liable.

18  California Revenue and Taxation Code Section 2192.2 states:

19

20      **Upon the sale**. . . conducted under judicial process or otherwise

21      by   any   sheriff,   constable,   trustee,   receiver,   or   other

---

[6] California Revenue and Taxation Code, section 117 states: "Lien date is the time when taxes for any fiscal year become a lien on the property." California Revenue and Taxation Code Section 118 defines assessment year as "the period beginning with a lien date and ending immediately prior to the succeeding lien date for taxes levied by the same agency."

Revenue and Taxation Code section 2192 states:" . . . all tax liens attach annually as of 12:01 a.m. on the first day of January preceding the fiscal year for which the taxes are levied..."

4

1    ministerial officer, **of any real property upon which ad valorem**

2    **property taxes . . . are due and unpaid at the time of sale**, the

3    proceeds from that shall, after the payment of

4    necessary and incidental sale expenses, **be first applied to the**

5    **amount of those ad valorem property taxes** . . . and be

6    transmitted by the conducting officer to the office responsible

7    for the collection of those taxes and assessments.    Emphasis

8    added.

9        Since the real property taxes are a first priority and must be

10   paid upon sale, the real property taxes should either be paid as a

11   secured tax, or as in Riverside's case - subject to the stipulation

12   for reservation of proceeds for its claim and/or paid from any other

13   sales occurred in this case.

14                **IV.  PERSONAL PROPERTY TAX ASSESSMENTS ARE**

15                    **MANDATED UNDER CALIFORNIA LAW.**

16       California State Law mandates that personal property must be

17   subject to taxation.  Under California State law the Tax Collector

18   shall collect taxes on all personal property. California Revenue and

19   Taxation Code Section 2903. Under California state law, every piece

20   of personal property is subject to taxation.[7]  California Revenue and

21   Taxation Code section 401 states: "Every assessor shall assess all

22   property subject to general property taxation at its full value."

23       Under California state law, personal property is to be assessed

24   at 100% of fair market value each year.

25       California Revenue and Taxation Code Section 401.3 provides that:

26   "The assessor shall assess all property subject to general property

27

28       [7] California Revenue and Taxation Code section 106 states:
     "'Personal property' includes all property except real estate."

5

1  taxation on the lien date as provided in Articles XIII and XIIIA of

2  the Constitution. . . ."

3      Personal property taxes are assessed as of January 1 ("lien

4  date") of the year in which taxes become due. Additionally, the

5  personal property taxes are also secured by this statutory lien date

6  established by California State Law which is January 1st preceding the

7  fiscal year for which the taxes are levied.  California Revenue and

8  Taxation Code Sections 2901, 117 and 2192.

9      Personal property taxes are due July 31st of each year and last

10 due without interest on August 31st of each year. California Revenue

11 and Taxation Code Section 2922.

12            **V. DEBTOR HAS FAILED TO PROVIDE ADEQUATE MEANS**

13                 **FOR THE PLAN'S IMPLEMENTATION.**

14     Debtor has failed to provide specifically for the secured

15 property taxes, interest or lien retention.  Therefore, this does not

16 provide adequate means for the Plan's implementation.  11 U.S.C. 1123

17 Additionally, debtors have failed to pay the Riverside's claims

18 pursuant to the Stipulation regarding the assets free and clear of

19 liens.

20 Dated: November 13, 2009      ROMERO LAW FIRM

21

22                              By___/s/ Martha E. Romero_____
                                MARTHA E. ROMERO, State Bar No. 128144
23                              California Taxing Authorities
                                ROMERO LAW FIRM
24                              BMR Professional Building
                                6516 Bright Avenue
25                              Whittier, California 90601
                                (562) 907-6800
26                              (562)907-6820 Facsimile
                                Email: Romero@mromerolawfirm.com

27

28

6