EXHIBIT A

Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000

- and -

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700

Counsel to the Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
:  Chapter 11
In re: :
:  Case No. 08-35653 (KRH)
CIRCUIT CITY STORES, INC., :
et al., :
:  Jointly Administered
Debtors. x

- - - - - - - - - - - - - - -

**STIPULATION BETWEEN THE DEBTORS AND VARIOUS TAXING AUTHORITIES RESOLVING THE TAXING AUTHORITIES' OBJECTIONS TO THE ORDER APPROVING SALE OF DEBTORS' ASSETS FREE AND CLEAR OF ALL INTERESTS AND GRANTING RELATED RELIEF**

WHEREAS, on November 10, 2008, the debtors and debtors in possession in the above-captioned cases

1

(collectively, the "Debtors"), filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code");

WHEREAS, on January 9, 2009, the Debtors filed their Motion for Orders Pursuant to Bankruptcy Code Sections 105, 363 and 364 (I)(A) Approving Procedures in Connection With Sale of All or Substantially All of the Business or Additional Post-Petition Financing for the Business, (B) Authorizing Debtors to Enter into Stalking Horse or Financing Agreements in Connection with Going Concern Transactions or Stalking Horse Agreements in Connection with Store Closing and Miscellaneous Asset Sales, (C) Approving the Payment of Termination Fees in Connection Therewith, and (D) Setting Auction and Hearing Dates, (II) Approving Sale of Debtors' Assets Free and Clear of All Interests and (III) Granting Related Relief (Docket No. 1423) (the "Motion").

WHEREAS, on January 15, 2009, certain taxing authorities, including Tax Appraisal District of Arlington ISD, Alief ISD, Baybrook MUD 1, Bell County, Brazoria County MUD #6, Burleson ISD, Caroll ISD, City of

2

Cedar Hill, City of Hurst, City of Lake Worth, City of Wichita Falls, Clear Creek ISD, County of Brazos, County of Comal, County of Denton, Fort Bend ISD, Fort Bend LID 2, Fort Worth ISD, Galena Park ISD, Hidalgo County & H.C. Drainage District #1, Humble ISD, Longview Independent School District, Lubbock CAD, Midland County Tax Office, Potter County Tax Office, Tyler ISD, Wichita County, Wichita Falls ISD, Woodlands Metro MUD, Woodlands RUD #1, Lewisville Independent School District, City of Waco/Waco Independent School District, Midland Central Appraisal District, Central Appraisal District of Taylor County, County of Williamson, Bexar County, Cameron County, Cypress-Fairbanks ISD, Dallas County, Ector CAD, El Paso, Fort Bend County, Frisco, Grayson County, Gregg County, Harris County, Irving ISD, Jefferson County, McAllen, McAllen ISD, McLennan County, Montgomery County, Nueces County, Rockwall CAD, Rockwall County, Round Rock ISD, San Patricio County, Smith County, South Texas College, South Texas ISD, Tarrant County and Tom Green CAD (the "Joint Objectors") filed a Joint Objection to the Motion (Docket Nos. 1548 and 1581);

3

Cedar Hill, City of Hurst, City of Lake Worth, City of Wichita Falls, Clear Creek ISD, County of Brazos, County of Comal, County of Denton, Fort Bend ISD, Fort Bend LID 2, Fort Worth ISD, Galena Park ISD, Hidalgo County & H.C. Drainage District #1, Humble ISD, Longview Independent School District, Lubbock CAD, Midland County Tax Office, Potter County Tax Office, Tyler ISD, Wichita County, Wichita Falls ISD, Woodlands Metro MUD, Woodlands RUD #1, Lewisville Independent School District, City of Waco/Waco Independent School District, Midland Central Appraisal District, Central Appraisal District of Taylor County, County of Williamson, Bexar County, Cameron County, Cypress-Fairbanks ISD, Dallas County, Ector CAD, El Paso, Fort Bend County, Frisco, Grayson County, Gregg County, Harris County, Irving ISD, Jefferson County, McAllen, McAllen ISD, McLennan County, Montgomery County, Nueces County, Rockwall CAD, Rockwall County, Round Rock ISD, San Patricio County, Smith County, South Texas College, South Texas ISD, Tarrant County and Tom Green CAD (the "Joint Objectors") filed a Joint Objection to the Motion (Docket Nos. 1548 and 1581);

WHEREAS, on January 15, 2009, Henrico County, Virginia ("Henrico") filed an objection to the Motion (Docket No. 1572);

WHEREAS, on January 15, 2009, Palm Beach County, Florida ("Palm Beach") filed an objection to the Motion (Docket No. 1577);

WHEREAS, the Joint Objectors, Henrico and Palm Beach (collectively, the "Objectors") have asserted that the Debtors owe property taxes to the Objectors in the amounts (the "Claimed Amounts"), and secured by the collateral (the "Claimed Collateral"), as reflected on Exhibit A attached hereto;

WHEREAS, on January 16, 2009 the Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court") entered an Order with respect to the Motion Approving Agency Agreement, Store Closing Sales And Related Relief (Docket No. 1634) (the "Order") authorizing the Debtors to proceed with a the liquidation of inventory and property at their remaining operating stores (the "Sales");

WHEREAS, at the hearing on the Motion, the Court authorized the Debtors to enter into stipulations

4

with various parties, including the Objectors, resolving their objections to entry of the Order;

WHEREAS, the Debtors and the Objectors desire to resolve certain of their disputes; and

NOW, THEREFORE, in consideration of the foregoing, the Debtors and the Objectors agree and stipulate as follows:

1. The Debtors shall reserve proceeds from the Sales of the Claimed Collateral as set forth on Exhibit A hereto (the "Reserved Proceeds") pending resolution of the amount, extent, validity and priority of the Objectors' liens, if any, against the Claimed Collateral, subject to all defenses, claims and/or counterclaims, or setoffs as may exist with respect to the Claim Collateral. Upon the set aside of such Reserve Proceeds, the liens, if any, of the Objectors shall attach to said proceeds to the same extent, with the same priority and with the same validity as such Objectors currently hold in the subject collateral.

2. Until the Claimed Amounts, as set forth on Exhibit A including any interest as allowed pursuant to the Bankruptcy Code, are paid, or the parties hereto

5

shall agree otherwise, the Debtors shall maintain the Reserved Proceeds in a separate account and the Objectors' liens, if any, shall continue against the Reserved Proceeds in accordance with the terms of this Stipulation. These Reserved Proceeds may not be released apart from agreement between the Debtors, the Objectors and the DIP Agent, or upon subsequent order of the Court duly noticed to the Objectors. Notwithstanding the Debtors' entry into this Stipulation, the Debtors reserve all rights with respect to the Claimed Amount and the Objectors' interests, if any, in the Claimed Collateral.

3. This Stipulation shall be binding upon and shall inure to the benefit of the Parties, their successors and assigns, parents, subsidiaries, and affiliated corporations and organizations, shareholders, officers, directors, employees, agents, and all other entities and individual persons seeking to claim and/or defend through the rights of the Parties.

4. This Stipulation constitutes the entire agreement and understanding between the parties and no party has made any promises to or agreements with any other party other than those contained in this

6

Stipulation. No waiver or modification of any term or condition contained herein shall be valid or binding unless in writing and executed by the parties hereto.

5. This Stipulation may be executed and delivered in any number of original or facsimile counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

6. The United States Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to this stipulation. This Stipulation shall be governed by title 11 of the United States Code and, to the extent not inconsistent, the laws of the Commonwealth of Virginia, without regard to Virginia's choice of law rules.

ACCEPTED AND AGREED TO BY:

By:  /s/ Douglas M. Foley
   Dion W. Hayes (VSB No. 34304)
   Douglas M. Foley (VSB No. 34364)
   MCGUIREWOODS LLP
   One James Center
   901 E. Cary Street
   Richmond, Virginia, 23219
   804-775-1000

- and -

7