David M. Poitras
Caroline R. Djang
JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067
Tel: (310) 203-8080
Fax: (310) 203-0567

*Counsel for THQ, Inc.*

– and –

Michael St. Patrick Baxter
Dennis B. Auerbach
Joshua D. McKarcher (VSB No. 77061)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue NW
Washington, DC 20004-2401
Tel: (202) 662-6000
Fax: (202) 662-6291

*Co-Counsel for THQ, Inc.*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| In re:<br><br>CIRCUIT CITY STORES, INC., *et al.*,<br><br>Debtors. | Case No. 08-35653 (KRH)<br><br>Chapter 11<br><br>Jointly Administered |

**RESPONSE OF THQ, INC. TO FIFTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS
(RECLASSIFICATION OF CERTAIN MISCLASSIFIED
CLAIMS TO GENERAL UNSECURED, NON-PRIORITY CLAIMS)**

THQ, Inc. ("THQ") hereby responds (the "Response") to the Debtors' *Fifty-*

*Eighth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to*

1

*General Unsecured, Non-Priority Claims)* filed on October 21, 2009 (the "Objection").  By the Objection, the Debtors seek to reclassify a substantial portion of the THQ Claim (defined below) from a reclamation claim to a general unsecured claim.

## BACKGROUND

On November 10, 2008 (the "Petition Date"), the debtors in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in this Court.

In the ordinary course of business between the Debtors and THQ, prior to the Petition Date, THQ regularly received orders from and shipped goods to the Debtors.  Because of this regular business practice, on the Petition Date, the Debtors had received many goods from THQ for which they had not yet paid, resulting in a substantial prepetition debt owing from the Debtors to THQ, including amounts owing for goods received by the Debtors within forty-five (45) days of the Petition Date.

By letter dated November 14, 2008, THQ made a timely demand on the Debtors pursuant to Section 546(c) of the Bankruptcy Code and Section 2-702 of the Uniform Commercial Code (the "Reclamation Demand") for the segregation and return of all goods received by the Debtor within 45 days of the Petition Date totaling $2,019,596.68 (the "Reclamation Goods").  Such Reclamation Demand was in compliance with the procedures set forth in the *Order Under Bankruptcy Code Sections 105(a), 362, 503(b), 507(a), 546(c), and 546(h) (I) Granting Administrative Expense Status to Obligations from Postpetition Delivery of Goods; (II) Authorizing Payment of Expenses in the Ordinary Course of Business; (III) Authorizing Debtors to Return Goods; and (IV) Establishing Procedures for Reclamation*

2

*Demands,* which order was entered in these cases on November 13, 2008. A copy of the Reclamation Demand is attached hereto as Exhibit A.[1]

On January 26, 2009, THQ filed a timely proof of claim in the total amount of $2,040,918.98, which was designated as Claim No. 5836 (the "THQ Claim") on the Court's claims register. A copy of the THQ Claim is attached hereto as Exhibit B.[2]

The THQ Claim includes the amounts owed to THQ on account of the Reclamation Goods (the "Reclamation Amount").

The THQ Claim also includes the value of goods delivered to, but not paid for by, the Debtors within the 20-Day period prior to the petition date (the "20-Day Amount").[3]

The THQ Claim also includes the amounts owed to THQ on account of goods sold and delivered to, but not paid for by, the Debtors on credit prior to the forty-five day period prior to the Petition Date in the amount of $21,322.30 (the "General Unsecured Claim").

The Reclamation Amount is the difference between the total amount of the THQ Claim less the 20-Day Amount and the General Unsecured Claim and totals $1,505,437.60.

---

[1] When delivered to the Debtors, the Reclamation Demand included supporting documentation consisting of, among other things, the applicable invoices and proofs of delivery. Because these documents are voluminous, they are not included with this response, but are available upon request.

[2] As filed and served, the THQ Claim included supporting documentation consisting of, among other things, the applicable invoices and proofs of delivery. Because these documents are voluminous, they are not included with this response, but are available upon request.

[3] The Debtors have objected to the request for payment of the 20-Day Amount filed by THQ in the Debtors' Fifty-First Omnibus Objection to Claims. The objection and THQ's response thereto are currently pending before this Court.

By the Objection, the Debtors seek to reclassify $2,019,596.68 of the THQ Claim (the Reclamation Amount and the 20-Day Amount) from a secured/reclamation claim to a general unsecured claim.

In the Objection, the Debtors put forth no argument, legal, factual or otherwise, as to why any portion of the THQ Claim should be re-classified as a general unsecured claim as opposed to a reclamation/secured claim, except an unsupported statement that a review of the Debtors' books and records supports reclassification. In addition, Exhibit C attached to the Objection lists the THQ Claim under the "Secured" category, but does not list the THQ Claim under the "Reclamation" category. Thus, the Objection is unclear whether the Debtors recognize the THQ Claim to be a reclamation claim.

In this Response, THQ opposes the Objection to the extent that it seeks to treat the 20-Day Amount and the Reclamation Amount as a general unsecured claim.

## **ARGUMENT**

A proof of claim filed pursuant to § 501 of the Bankruptcy Code is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). Pursuant to Fed. R. Bankr. P. 3001(f), a claim properly documented, executed and filed shall constitute *prima facie* evidence of the validity and amount of the claim. To defeat the claim, the objector must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

The elements necessary for a valid reclamation claim include: (i) the goods were sold to the debtor in the ordinary course of business, (ii) the debtor was insolvent when the goods

4

were delivered, (iii) a written demand in accordance with the applicable statute was timely delivered, and (iv) the goods were identifiable and in the debtor's possession at the time the reclamation demand was received by the debtor. *In re Mayer Pollack Steel Corp.*, 157 B.R. 952, 959 (Bankr. E.D. Pa. 1993).

As set forth in the underlying invoices, the goods in question were video and computer games. THQ is in the business of, among other things, designing, developing, manufacturing and distributing video and computer games. On the Petition Date, the Debtors operated as a national retainer of consumer electronics and related accessories, and routinely stocked and sold video and computer games as part of its ordinary business operations. THQ submits that there is no *bona fide* dispute that the goods at issue underlying the THQ Claim were sold to the Debtors in the ordinary course of business.

THQ submits that based upon the Debtors' bankruptcy schedules and the financial information underlying the Debtors' chapter 11 plan, the Debtors were insolvent when the goods at issue were delivered from THQ to the Debtors and the Objection does not aver otherwise.

As set forth above, the Reclamation Demand was timely made in accordance with Section 546(c) of the Bankruptcy Code and Section 2-702 of the Uniform Commercial Code.

The goods at issue were easily identifiable as the video and computer games are copyrighted material packaged by THQ and clearly marked as THQ product. As the Debtors failed to account to THQ concerning the amount of goods in the Debtors' possession on the date of the Reclamation Demand, the Debtors should be compelled to produce such information as part of the claim objection process. At a minimum, under the circumstances presented, the

5

burden should be placed upon the Debtors on the issue of what THQ goods subject to the Reclamation Demand the Debtors had on hand on the date of the Reclamation Demand.

In the present case, THQ diligently and properly asserted and preserved its reclamation rights against the Debtors concerning the THQ goods.  Accordingly, the Reclamation Amount of the THQ Claim can and should be allowed as a secured/reclamation claim and not a general unsecured claim and the 20-Day Amount is allowable as an administrative expense and not a general unsecured claim.

The THQ Claim is supported by nearly 300 pages of evidence and the sworn affidavit of a representative of THQ.  The evidence supporting the THQ Claim includes invoices, and proofs of delivery.  On the other hand, the Debtors have put forth no evidence or argument whatsoever to defeat the validity of the THQ Claim or to otherwise reclassify the THQ Claim in any way.

## THE OMNIBUS CLAIMS ORDER

Under the *Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections* [Docket No. 2881] (the "Omnibus Objection Procedures Order"), a response to a omnibus objection is required to contain certain information as follows:

1.  Identification of Persons with Knowledge of Facts Relevant to the Response.  As the Debtors have not identified any factual issues in the Objection, it would appear that no response to this item is necessary.  Notwithstanding, THQ hereby identifies James Kennedy, Mark Schafer and Edward Kaufman as THQ employees who have knowledge of the facts relevant to this response.  THQ expressly reserves the right to designate other individuals

who may have knowledge of the facts relevant to the facts and issues raised in this response as and when the Debtors may supplement the Objection.

2. <u>Copies of Documentation</u>. THQ submits that no documentation other than the Reclamation Demand and the THQ Claim are required at this time.

3. <u>Declaration of Person with Knowledge of Relevant Facts</u>. Upon notice of any factual dispute, THQ will provide a declaration of a person with knowledge of such facts.

4. <u>Claimant's Address for Future Notices</u>. Future notices should be sent to both counsel who have signed this pleading.

## CONCLUSION

Based on the relevant legal standard, the Debtors have not met their burden to overcome the *prima facie* validity of the THQ Claim or its priority. Therefore, the Objection should be overruled, and the THQ Claim should be allowed as filed.

Dated: November 15, 2009

>David M. Poitras
>Caroline R. Djang
>JEFFER, MANGELS, BUTLER & MARMARO LLP
>1900 Avenue of the Stars, Seventh Floor
>Los Angeles, California 90067
>Tel: (310) 203-8080
>Fax: (310) 203-0567
>
>*Counsel for THQ, Inc.*
>
>– and –

/s/   Joshua D. McKarcher
Michael St. Patrick Baxter
Dennis B. Auerbach
Joshua D. McKarcher (VSB No. 77061)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004-2401
Tel: (202) 662-6000
Fax: (202) 662-6291

*Co-Counsel for THQ, Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was served on November 15, 2009 by electronic mail on the below listed parties via the listed e-mail addresses and through the ECF system, which in turn will generate an electronic notice of filing to all parties registered to receive electronic notice from the Court.

> Gregg M. Galardi, Esq.
> Ian S. Fredericks, Esq.
> Skadden, Arps, Slate, Meagher & Flom, LLP
> One Rodney Square
> P.O. Box 636
> Wilmington, DE 19899-0636
> E-mail: gregg.galardi@skadden.com;
> Ian.Fredericks@skadden.com; project.circuitcity@skadden.com
>
> Dion W. Hayes, Esq.
> Douglas M. Foley, Esq.
> McGuire Woods LLP
> One James Center
> 901 E. Cary Street
> Richmond, VA 23219
> E-mail: dhayes@mcguirewoods.com; dfoley@mcguirewoods.com;
> circuitcityservice@mcguirewoods.com
>
> Chris L. Dickerson, Esq.
> Skadden, Arps, Slate, Meagher & Flom, LLP
> 155 North Wacker Drive
> Chicago, IL 60606
> E-mail: chris.dickerson@skadden.com

Dated: November 15, 2009

> /s/   Joshua D. McKarcher
> Joshua D. McKarcher (VSB No. 77061)
> COVINGTON & BURLING LLP
> 1201 Pennsylvania Avenue, N.W.
> Washington, DC  20004-2401
> (202) 662-5223 (phone)
> (202) 778-5223 (fax)
> jmckarcher@cov.com