David M. Poitras
Caroline R. Djang
JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067
Tel: (310) 203-8080
Fax: (310) 203-0567

*Counsel for THQ, Inc.*

– and –

Michael St. Patrick Baxter
Dennis B. Auerbach
Joshua D. McKarcher (VSB No. 77061)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue NW
Washington, DC 20004-2401
Tel: (202) 662-6000
Fax: (202) 662-6291

*Co-Counsel for THQ, Inc.*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| In re:<br><br>CIRCUIT CITY STORES, INC., *et al.,*<br><br>Debtors. | Case No. 08-35653 (KRH)<br><br>Chapter 11<br><br>Jointly Administered |

**LIMITED OBJECTION OF THQ, INC. TO
FIRST AMENDED JOINT PLAN OF LIQUIDATION**

THQ, Inc. ("THQ") hereby files this limited objection ("Limited Objection") to

confirmation of the First Amended Joint Plan of Liquidation (the "Plan") of Circuit City Stores,

Inc. and its Affiliated Debtors and Debtors in Possession in the above-captioned cases

1

(collectively, the "Debtors").  By this Limited Objection, THQ objects to confirmation of the Plan on the basis that it makes no provision for reclamation claims, although THQ is informed and believes that numerous reclamation claims have been filed against the Debtors and as of the current date, such claims have either not been objected to at all or such objections have not been sustained.[1]  Accordingly, the Plan must be amended to provide for such claims or confirmation must be delayed pending the subsequent disposition of such claims.

## BACKGROUND

On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in this Court.

In the ordinary course of business between the Debtors and THQ, prior to the Petition Date, THQ regularly received orders from and shipped goods to the Debtors.  Because of this regular business practice, on the Petition Date, the Debtors had received many goods from THQ for which they had not yet paid, resulting in a substantial prepetition debt owing from the Debtors to THQ, including amounts owing for goods received by the Debtors within forty-five (45) days of the Petition Date.

By letter dated November 14, 2008, THQ made a timely demand on the Debtors pursuant to Section 546(c) of the Bankruptcy Code and Section 2-702 of the Uniform Commercial Code (the "Reclamation Demand") for the segregation and return of all goods

---

[1] THQ also asserts a 503(b)(9) claim against the Debtors, which claim is the present subject of a contested objection between the Debtors and THQ.  In that regard, THQ has separately joined in other objections to the Plan concerning the establishment of a reserve for administrative claims as required by Section 1129(a)(9) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure.

2

received by the Debtor within 45 days of the Petition Date totaling $2,019,596.68 (the "Reclamation Goods").  Such Reclamation Demand was in compliance with the procedures set forth in the *Order Under Bankruptcy Code Sections 105(a), 362, 503(b), 507(a), 546(c), and 546(h) (I) Granting Administrative Expense Status to Obligations from Postpetition Delivery of Goods; (II) Authorizing Payment of Expenses in the Ordinary Course of Business; (III) Authorizing Debtors to Return Goods; and (IV) Establishing Procedures for Reclamation Demands,* which order was entered in these cases on November 13, 2008.

On January 26, 2009, THQ filed a timely proof of claim in the total amount of $2,040,918.98, which was designated as Claim No. 5836 (the "THQ Claim") on the Court's claims register.

The THQ Claim includes the amounts owed to THQ on account of the Reclamation Goods (the "Reclamation Amount").

The THQ Claim also includes the value of goods delivered to, but not paid for by, the Debtors within the 20-Day period prior to the petition date (the "20-Day Amount").[2]

The THQ Claim also includes the amounts owed to THQ on account of goods sold and delivered to, but not paid for by, the Debtors on credit prior to the forty-five day period prior to the Petition Date in the amount of $21,322.30 (the "General Unsecured Claim").

The Reclamation Amount is the difference between the total amount of the THQ Claim less the 20-Day Amount and the General Unsecured Claim and totals $1,505,437.60.

---

[2] The Debtors have objected to the request for payment of the 20-Day Amount filed by THQ in the Debtors' Fifty-First Omnibus Objection to Claims.  The objection and THQ's response thereto are currently pending before this Court.

On or about October 21, 2009, the Debtors filed an objection to the THQ Claim. *See Debtors' Fifty-Eighth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims)* (the "Omnibus Objection"). By the Omnibus Objection, the Debtors seek to reclassify $2,019,596.68 of the THQ Claim (the Reclamation Amount and the 20-Day Amount) from a secured/reclamation claim to a general unsecured claim. In the Omnibus Objection, the Debtors put forth no argument, legal, factual or otherwise, as to why any portion of the THQ Claim should be reclassified as a general unsecured claim as opposed to a reclamation/secured claim, except an unsupported statement that a review of the Debtors' books and records supports reclassification.

THQ's response to the Omnibus Objection is attached hereto as Exhibit 1.

## ARGUMENT

The Plan makes no mention whatsoever of reclamation claims. As of the date of this objection, the Court's claims register reflects various claims asserted as reclamation claims, which claims have not been objected to or otherwise disallowed. The THQ Claim is one of such claims. Such claims/interests may be entitled to priority as secured claims or administrative claims, yet the Plan makes no apparent provision for such claims. Such priority treatment is in accord with longstanding law under the Uniform Commercial Code. "Any excess in value (over that necessary to pay 100% to the secured creditor after accounting for its other collateral) that results from the new assets should go back to the reclaiming seller." White and Summers, UNIFORM COMMERCIAL CODE, Vol. 4 Sec. 32-11 (2006); *see also Pester Ref. Co. v. Ethyl Corp. (In re Pester Ref. Co.)*, 964 F.2d 842, 846 (8th Cir. 1992); *In re Reliable Drug Stores, Inc.,* 70 F.3d 948, 950 (7th Cir. 1995) ("If senior secured lenders can be satisfied from inventory, a

4

reclamation claimant also can be satisfied from the residue."); *United States v. Westside Bank,* 732 F.2d 1258, 1265 (5th Cir. 1984) (Bankruptcy Code treats reclamation claims as "equivalent to a perfected security interest under Article 9" of the Uniform Commercial Code); *In re Leeds Bldg. Prods., Inc.,* 141 B.R. 265 (Bankr. S.D. Ga. 1992) ("The use of the term 'subject to' indicates that right to reclaim is not automatically extinguished merely because there exists a claim with a higher priority.").

The language of § 546(c) after the 2005 Amendments creates a federally mandated right for reclamation claimants, and given its construction, such rights are in the nature of a lien, which, in this case, has attached to the proceeds of sale. Under § 546(c) a reclaiming creditor has an immediate possessory right to any goods delivered within the 45-day window for which a reclamation demand can be made. As with other provisions of the Bankruptcy Code, a denial of such right, whether by the Court or, in this case, by the Debtor failing to honor the Reclamation Demand without relief from the Court, must be based upon the replacement of such right, with something of equal value. The Plan makes no provision for such rights, liens and claims.

Accordingly, the Plan must be amended to provide for such claims or confirmation must be delayed pending the subsequent disposition of such claims.

## **CONCLUSION**

For the reasons set forth above, this Limited Objection should be sustained. Based thereon, THQ prays (i) that the Court deny confirmation of the Plan in its current form, or (ii) that as a condition to the Court confirming the Plan, the Plan be amended to specifically provide proper treatment for reclamation claims, or (iii) that confirmation of the Plan be delayed

5

pending the subsequent disposition of such claims and (iv) for such other and further relief as the Court may deem just and proper.

Dated: November 15, 2009

                David M. Poitras
                Caroline R. Djang
                JEFFER, MANGELS, BUTLER & MARMARO LLP
                1900 Avenue of the Stars, Seventh Floor
                Los Angeles, California 90067
                Tel: (310) 203-8080
                Fax: (310) 203-0567

*Counsel for THQ, Inc.*

– and –

/s/   Joshua D. McKarcher
Michael St. Patrick Baxter
Dennis B. Auerbach
Joshua D. McKarcher (VSB No. 77061)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004-2401
Tel: (202) 662-6000
Fax: (202) 662-6291

*Co-Counsel for THQ, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was served on November 15, 2009 by electronic mail on the below listed parties via the listed e-mail addresses and through the ECF system, which in turn will generate an electronic notice of filing to all parties registered to receive electronic notice from the Court.

Gregg M. Galardi, Esq.
Chris L. Dickerson, Esq.
Ian S. Fredericks, Esq.
Jessica S. Kumar, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
E-mail: gregg.galardi@skadden.com;
chris.dickerson@skadden.com; Ian.Fredericks@skadden.com;
jessica.kumar@skadden.com; project.circuitcity@skadden.com

Douglas M. Foley, Esq.
Sarah B. Boehm, Esq.
McGuire Woods LLP
E-mail: dfoley@mcguirewoods.com;
sboehm@mcguirewoods.com;
circuitcityservice@mcguirewoods.com

Jeffrey N. Pomerantz, Esq.
Stanley E. Goldich, Esq.
Robert J. Feinstein, Esq.
Pachulski Stang Ziehl & Jones, LLP
E-mail: jpomerantz@pszjlaw.com; sgoldich@pszjlaw.com;
rfeinstein@pszjlaw.com

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
Email: ltavenner@tb-lawfirm.com; pberan@tb-lawfirm.com

Robert B. Van Arsdale, Esq.
Office of the U. S. Trustee
E-mail: Robert.B.Van.Arsdale@usdoj.gov

In addition, a true and exact copy of the foregoing will be filed in person with the Court and served in person upon the following parties on November 16, 2009, after which a separate certificate of service will be filed with the Court.

>Michelle Mosier
>Circuit City Stores, Inc.
>4951 Lake Brook Drive
>Suite 500
>Glen Allen, VA 23060

>Douglas M. Foley, Esq.
>Sahara B. Boehm, Esq.
>McGuire Woods LLP
>One James Center
>901 E. Cary Street
>Richmond, VA 23219

>Lenn L. Tavenner, Esq.
>Paula S. Beran, Esq.
>Tavenner & Beran, PLC
>20 N. Eighth Street
>Second Floor
>Richmond, VA 23219

>Robert B. Van Arsdale, Esq.
>United States Trustee for the Eastern District of Virginia
>701 East Broad Street, Suite 4304
>Richmond, VA 23219

Dated: November 15, 2009

>/s/ Joshua D. McKarcher
>Joshua D. McKarcher (VSB No. 77061)
>COVINGTON & BURLING LLP
>1201 Pennsylvania Avenue, N.W.
>Washington, DC 20004-2401
>(202) 662-5223 (phone)
>(202) 778-5223 (fax)
>jmckarcher@cov.com