# Exhibit 1

David M. Poitras
Caroline R. Djang
JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067
Tel: (310) 203-8080
Fax: (310) 203-0567

*Counsel for THQ, Inc.*

– and –

Michael St. Patrick Baxter
Dennis B. Auerbach
Joshua D. McKarcher (VSB No. 77061)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue NW
Washington, DC 20004-2401
Tel: (202) 662-6000
Fax: (202) 662-6291

*Co-Counsel for THQ, Inc.*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| In re:<br><br>CIRCUIT CITY STORES, INC., *et al.*,<br><br>        Debtors. | Case No. 08-35653 (KRH)<br><br>Chapter 11<br><br>Jointly Administered |

**RESPONSE OF THQ, INC. TO FIFTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS
(RECLASSIFICATION OF CERTAIN MISCLASSIFIED
CLAIMS TO GENERAL UNSECURED, NON-PRIORITY CLAIMS)**

THQ, Inc. ("THQ") hereby responds (the "Response") to the Debtors' *Fifty-*

*Eighth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to*

1

*General Unsecured, Non-Priority Claims)* filed on October 21, 2009 (the "Objection").  By the Objection, the Debtors seek to reclassify a substantial portion of the THQ Claim (defined below) from a reclamation claim to a general unsecured claim.

## BACKGROUND

On November 10, 2008 (the "Petition Date"), the debtors in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in this Court.

In the ordinary course of business between the Debtors and THQ, prior to the Petition Date, THQ regularly received orders from and shipped goods to the Debtors.  Because of this regular business practice, on the Petition Date, the Debtors had received many goods from THQ for which they had not yet paid, resulting in a substantial prepetition debt owing from the Debtors to THQ, including amounts owing for goods received by the Debtors within forty-five (45) days of the Petition Date.

By letter dated November 14, 2008, THQ made a timely demand on the Debtors pursuant to Section 546(c) of the Bankruptcy Code and Section 2-702 of the Uniform Commercial Code (the "Reclamation Demand") for the segregation and return of all goods received by the Debtor within 45 days of the Petition Date totaling $2,019,596.68 (the "Reclamation Goods").  Such Reclamation Demand was in compliance with the procedures set forth in the *Order Under Bankruptcy Code Sections 105(a), 362, 503(b), 507(a), 546(c), and 546(h) (I) Granting Administrative Expense Status to Obligations from Postpetition Delivery of Goods; (II) Authorizing Payment of Expenses in the Ordinary Course of Business; (III) Authorizing Debtors to Return Goods; and (IV) Establishing Procedures for Reclamation*

2

*Demands,* which order was entered in these cases on November 13, 2008. A copy of the Reclamation Demand is attached hereto as <u>Exhibit A</u>.[1]

On January 26, 2009, THQ filed a timely proof of claim in the total amount of $2,040,918.98, which was designated as Claim No. 5836 (the "<u>THQ Claim</u>") on the Court's claims register. A copy of the THQ Claim is attached hereto as <u>Exhibit B</u>.[2]

The THQ Claim includes the amounts owed to THQ on account of the Reclamation Goods (the "<u>Reclamation Amount</u>").

The THQ Claim also includes the value of goods delivered to, but not paid for by, the Debtors within the 20-Day period prior to the petition date (the "<u>20-Day Amount</u>").[3]

The THQ Claim also includes the amounts owed to THQ on account of goods sold and delivered to, but not paid for by, the Debtors on credit prior to the forty-five day period prior to the Petition Date in the amount of $21,322.30 (the "<u>General Unsecured Claim</u>").

The Reclamation Amount is the difference between the total amount of the THQ Claim less the 20-Day Amount and the General Unsecured Claim and totals $1,505,437.60.

---

[1] When delivered to the Debtors, the Reclamation Demand included supporting documentation consisting of, among other things, the applicable invoices and proofs of delivery. Because these documents are voluminous, they are not included with this response, but are available upon request.

[2] As filed and served, the THQ Claim included supporting documentation consisting of, among other things, the applicable invoices and proofs of delivery. Because these documents are voluminous, they are not included with this response, but are available upon request.

[3] The Debtors have objected to the request for payment of the 20-Day Amount filed by THQ in the Debtors' Fifty-First Omnibus Objection to Claims. The objection and THQ's response thereto are currently pending before this Court.

By the Objection, the Debtors seek to reclassify $2,019,596.68 of the THQ Claim (the Reclamation Amount and the 20-Day Amount) from a secured/reclamation claim to a general unsecured claim.

In the Objection, the Debtors put forth no argument, legal, factual or otherwise, as to why any portion of the THQ Claim should be re-classified as a general unsecured claim as opposed to a reclamation/secured claim, except an unsupported statement that a review of the Debtors' books and records supports reclassification. In addition, Exhibit C attached to the Objection lists the THQ Claim under the "Secured" category, but does not list the THQ Claim under the "Reclamation" category. Thus, the Objection is unclear whether the Debtors recognize the THQ Claim to be a reclamation claim.

In this Response, THQ opposes the Objection to the extent that it seeks to treat the 20-Day Amount and the Reclamation Amount as a general unsecured claim.

## **ARGUMENT**

A proof of claim filed pursuant to § 501 of the Bankruptcy Code is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). Pursuant to Fed. R. Bankr. P. 3001(f), a claim properly documented, executed and filed shall constitute *prima facie* evidence of the validity and amount of the claim. To defeat the claim, the objector must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

The elements necessary for a valid reclamation claim include: (i) the goods were sold to the debtor in the ordinary course of business, (ii) the debtor was insolvent when the goods

4

were delivered, (iii) a written demand in accordance with the applicable statute was timely delivered, and (iv) the goods were identifiable and in the debtor's possession at the time the reclamation demand was received by the debtor. *In re Mayer Pollack Steel Corp.*, 157 B.R. 952, 959 (Bankr. E.D. Pa. 1993).

As set forth in the underlying invoices, the goods in question were video and computer games. THQ is in the business of, among other things, designing, developing, manufacturing and distributing video and computer games. On the Petition Date, the Debtors operated as a national retainer of consumer electronics and related accessories, and routinely stocked and sold video and computer games as part of its ordinary business operations. THQ submits that there is no *bona fide* dispute that the goods at issue underlying the THQ Claim were sold to the Debtors in the ordinary course of business.

THQ submits that based upon the Debtors' bankruptcy schedules and the financial information underlying the Debtors' chapter 11 plan, the Debtors were insolvent when the goods at issue were delivered from THQ to the Debtors and the Objection does not aver otherwise.

As set forth above, the Reclamation Demand was timely made in accordance with Section 546(c) of the Bankruptcy Code and Section 2-702 of the Uniform Commercial Code.

The goods at issue were easily identifiable as the video and computer games are copyrighted material packaged by THQ and clearly marked as THQ product. As the Debtors failed to account to THQ concerning the amount of goods in the Debtors' possession on the date of the Reclamation Demand, the Debtors should be compelled to produce such information as part of the claim objection process. At a minimum, under the circumstances presented, the

5

burden should be placed upon the Debtors on the issue of what THQ goods subject to the Reclamation Demand the Debtors had on hand on the date of the Reclamation Demand.

In the present case, THQ diligently and properly asserted and preserved its reclamation rights against the Debtors concerning the THQ goods.  Accordingly, the Reclamation Amount of the THQ Claim can and should be allowed as a secured/reclamation claim and not a general unsecured claim and the 20-Day Amount is allowable as an administrative expense and not a general unsecured claim.

The THQ Claim is supported by nearly 300 pages of evidence and the sworn affidavit of a representative of THQ.  The evidence supporting the THQ Claim includes invoices, and proofs of delivery.  On the other hand, the Debtors have put forth no evidence or argument whatsoever to defeat the validity of the THQ Claim or to otherwise reclassify the THQ Claim in any way.

## THE OMNIBUS CLAIMS ORDER

Under the *Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections* [Docket No. 2881] (the "Omnibus Objection Procedures Order"), a response to a omnibus objection is required to contain certain information as follows:

1. <u>Identification of Persons with Knowledge of Facts Relevant to the Response</u>.  As the Debtors have not identified any factual issues in the Objection, it would appear that no response to this item is necessary.  Notwithstanding, THQ hereby identifies James Kennedy, Mark Schafer and Edward Kaufman as THQ employees who have knowledge of the facts relevant to this response.  THQ expressly reserves the right to designate other individuals

who may have knowledge of the facts relevant to the facts and issues raised in this response as and when the Debtors may supplement the Objection.

        2.    <u>Copies of Documentation</u>.  THQ submits that no documentation other than the Reclamation Demand and the THQ Claim are required at this time.

        3.    <u>Declaration of Person with Knowledge of Relevant Facts</u>.  Upon notice of any factual dispute, THQ will provide a declaration of a person with knowledge of such facts.

        4.    <u>Claimant's Address for Future Notices</u>.  Future notices should be sent to both counsel who have signed this pleading.

## CONCLUSION

Based on the relevant legal standard, the Debtors have not met their burden to overcome the *prima facie* validity of the THQ Claim or its priority.  Therefore, the Objection should be overruled, and the THQ Claim should be allowed as filed.

Dated: November 15, 2009

        David M. Poitras
        Caroline R. Djang
        JEFFER, MANGELS, BUTLER & MARMARO LLP
        1900 Avenue of the Stars, Seventh Floor
        Los Angeles, California 90067
        Tel: (310) 203-8080
        Fax: (310) 203-0567

        *Counsel for THQ, Inc.*

        – and –

/s/   Joshua D. McKarcher
Michael St. Patrick Baxter
Dennis B. Auerbach
Joshua D. McKarcher (VSB No. 77061)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004-2401
Tel: (202) 662-6000
Fax: (202) 662-6291

*Co-Counsel for THQ, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and exact copy of the foregoing was served on November 15, 2009 by electronic mail on the below listed parties via the listed e-mail addresses and through the ECF system, which in turn will generate an electronic notice of filing to all parties registered to receive electronic notice from the Court.

      Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
E-mail: gregg.galardi@skadden.com;
Ian.Fredericks@skadden.com; project.circuitcity@skadden.com

Dion W. Hayes, Esq.
Douglas M. Foley, Esq.
McGuire Woods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
E-mail: dhayes@mcguirewoods.com; dfoley@mcguirewoods.com;
circuitcityservice@mcguirewoods.com

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, IL 60606
E-mail: chris.dickerson@skadden.com

Dated: November 15, 2009

      /s/   Joshua D. McKarcher
Joshua D. McKarcher (VSB No. 77061)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004-2401
(202) 662-5223 (phone)
(202) 778-5223 (fax)
jmckarcher@cov.com

# Exhibit A

# JMBM | Jeffer Mangels Butler & Marmaro LLP

David M. Poitras, P.C.
DPoitras@jmbm.com

1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
(310) 203-8080  (310) 203-0567 Fax
JMBM.com

November 14, 2008

**VIA ELECTRONIC MAIL**
**VIA FACSIMILE**
**VIA FEDERAL EXPRESS**

Circuit City Stores, Inc., et al.
Claims Processing
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

      Re:    Reclamation Demand by THQ Inc. ("Seller") to Circuit City Stores, Inc.,
              et al. ("Debtors")

Gentlepersons:

      Demand is hereby made upon Debtors pursuant to § 2-702 of the Uniform Commercial Code and § 546(c)(1) of the United States Bankruptcy Code, for the return of all goods received by Debtors from Seller during the applicable periods referred to in the above-cited statutes. The demand specifically includes but is not limited to goods identified in the documents which are enclosed with this demand.

      Please provide the undersigned with a schedule of all of the goods in Debtors' possession or control as of the date of this demand on or before November 24, 2008 and please contact the undersigned for instructions in connection with the return of all goods in Debtors' possession or control.

      Pending your prompt return of the goods, all goods subject to Seller's right of reclamation must be protected and segregated by Debtors and shall not be used for any purpose whatsoever except those specifically authorized following notice and a hearing by the Bankruptcy Court having jurisdiction over Debtors' chapter 11 cases.

      In accordance with the procedures set forth in Debtors' Motion for Order, *inter alia*, Establishing Procedures for Reclamation Demands, Seller does hereby assert an administrative claim pursuant to Bankruptcy Code Section 503(b)(9) for the value of goods Seller provided to the Debtors within the twenty (20) days immediately prior to the Petition Date ("20-Day Goods"), i.e. from October 21, 2008 through November 9, 2008. The amount owed by

Page 2

the Debtors to Seller on account of the 20-Day Goods is not less than $514,159.08. Delivery of the 20-Day Goods is evidenced by the documents enclosed hereto.

This reclamation demand is made without prejudice to all other rights and remedies available to Seller, at law or in equity, including but not limited to, Seller retaining title to some or all of the goods.

Thank you for your consideration and prompt attention to this matter. We look forward to hearing from you at your earliest opportunity.

Sincerely,

DAVID M. POITRAS, P.C. of
Jeffer, Mangels, Butler & Marmaro LLP

DMP/crd
Enclosures
cc:  Circuit City Stores, Inc.
     9950 Maryland Drive
     Richmond, VA 23233
     Attn: Reginald D. Hedgebeth

     Circuit City Stores, Inc.
     9950 Maryland Drive
     Richmond, CA 23233
     Attn: Daniel W. Ramsey

     Skadden, Arps, Slate, Meagher & Flom LLP
     333 West Wacker Drive
     Chicago, IL 60606
     Attn: Sarah Baker, Esq.

     McGuireWoods LLP
     One James Center
     901 E. Cary Street
     Richmond, VA 23219
     Attn: Sarah B. Boehm, Esq.

# Exhibit B

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

Debtor against which claim is asserted : (Check only **one** box below:)

| x Circuit City Stores, Inc. (Case No. 08-35653) | CC Distribution Company of Virginia, Inc. (Case No. 08-35659) | Abbott Advertising, Inc. (Case No. 08-35665) |
| Circuit City Stores West Coast, Inc. (Case No. 08-35654) | Circuit City Stores PR, LLC (Case No. 08-35660) | Mayland MN, LLC (Case No. 08-35666) |
| InterTAN, Inc. (Case No. 08-35655) | Circuit City Properties, LLC (Case No. 08-35661) | Patapsco Designs, Inc. (Case No. 08-35667) |
| Ventoux International, Inc. (Case No. 08-35656) | Orbyx Electronics, LLC (Case No. 08-35662) | Sky Venture Corporation (Case No. 08-35668) |
| Circuit City Purchasing Company, LLC (Case No. 08-35657) | Kinzer Technology, LLC (Case No. 08-35663) | XSStuff, LLC (Case No. 08-35669) |
| CC Aviation, LLC (Case No. 08-35658) | Courchevel, LLC (Case No. 08-35664) | PRAHS, INC. (Case No. 08-35670) |

**NOTE:** *This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
THQ Inc.

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
THQ Inc. c/o Caroline R. Djang, Esq.
Jeffer, Mangels, Butler & Marmaro LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Telephone number: (310) 203-8080

Court Claim Number:_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 2,040,918.98

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** Goods sold
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** CIR01

   3a. Debtor may have scheduled account as: n/a
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe: Goods sold and delivered
Value of Property: $_____  Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $ 0      Basis for perfection: Reclamation
Amount of Secured Claim: $ 2,019,596.68   Amount Unsecured: $ 0

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

x Other - Specify applicable paragraph of 11 U.S.C. § 503(b) (9)

Amount entitled to priority:

$ 514,159.08

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date:
01/22/09

Signature: the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

James M. Kennedy
*[signature]*
Executive Vice President
Business and Legal Affairs

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

5858034.v1

B 10 (Official Form 10) (12/07)- Cont.

### INSTRUCTIONS FOR PROOF OF CLAIM FORM
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

1. **Amount of Claim as of Date Case Filed:**
   State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

2. **Basis for Claim:**
   State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

3. **Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
   State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

   3a. **Debtor May Have Scheduled Account As:**
   Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

4. **Secured Claim.**
   Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

5. **Amount of Claim Entitled to Priority Under 11 U.S.C. §§ 507(a).**
   If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

6. **Credits:**
   An authorized signature on this proof of claim serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

7. **Documents:**
   Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

_____DEFINITIONS_____ | _____INFORMATION_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim form is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §§ 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgement of Filing a Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or to view your filed proof of claim you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## ADDENDUM TO PROOF OF CLAIM

1. THQ Inc. ("THQ") sold and delivered certain goods to Circuit City Stores, Inc., et al.[1] (the "Debtor") on credit during the twenty-day period prior to the Petition Date.

2. The Debtor received said goods (the "20-Day Goods"); however, THQ did not receive payment for said goods.

3. The amounts owed by the Debtor to THQ on account of the 20-Day Goods is $514,159.08 (the "20-Day Amount").

4. Delivery of the 20-Day Goods is evidenced by the documents annexed hereto as Exhibit A.

5. On December 12, 2008, THQ filed a Section 503(b)(9) Claim Request Form, in addition to this claim, to preserve its claim for the 20-Day Amount.

6. In addition to the 20-Day Goods, THQ sold and delivered certain goods to the Debtor on credit during the forty-five day period prior to the Petition Date.

7. The Debtor received said goods (the "Reclamation Goods"); however, THQ did not receive payment for said goods.

8. The amounts owed by the Debtor to THQ on account of the Reclamation Goods is $2,019,596.68 (the "Reclamation Amount").

9. The Reclamation Amount includes the 20-Day Amount.

10. Shipment of the Reclamation Goods is evidenced by the documents annexed hereto as Exhibit B.

11. By letter dated November 14, 2008, THQ made a timely demand on the Debtor pursuant to Section 546(c) of the Bankruptcy Code and Section 2-702 of the Uniform

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

5864917v1

Commercial Code (the "Reclamation Demand") for the segregation and return of all goods received by the Debtor within 45 days of the Petition Date totaling $2,019,596.68 (the "Reclamation Goods").

12. A copy of the Reclamation Demand is annexed hereto as Exhibit C.

13. The 20-Day Goods and the Reclamation Goods consisted of video games, i.e., goods sold to the Debtor in the ordinary course of the Debtor's business.

14. THQ sold and delivered certain goods to the Debtor on credit prior to the forty-five day period prior to the Petition Date (the "General Unsecured Claim").

15. The total amount owed by the Debtor on account of the General Unsecured Claim is $21,322.30.

16. The invoices supporting the General Unsecured Claim are annexed hereto as Exhibit D.

17. Additional prepetition or postpetition sums may be owing for damages and other amounts due by the Debtor to THQ. THQ reserves the right to amend this claim to include such additional amounts as and when determined.

18. THQ reserves its rights to amend this claim in any respect, and in particular to increase the amount claimed.

19. THQ also expressly reserves all other rights, including, without limitation (i) the right of recoupment, (ii) any other defenses to any cause of action, and (iii) to the extent that this claim is used defensively as a right of setoff, THQ asserts that such claim(s) are secured claims.

20. The filing of this claim is not and shall not be deemed or construed as: (a) a waiver or release of THQ's rights against any person, entity or property; (b) a consent by THQ to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving THQ; (c) a waiver or release of THQ's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation of or not of such matters as "core

5864917v1

proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution; (d) a consent by THQ to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of THQ's right to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by a United States District Court Judge; (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving THQ; (g) a waiver of the right to withdraw this claim and to have the withdrawal treated as if no claim was filed; (h) an admission of any kind; or (i) an election of remedies.

3

5864917v1