**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **Circuit City Stores, Inc., *et al.*,** | : | **Case No. 08-35653 (KRH)** |
| | : | |
| **Debtors.** | : | |

**OBJECTION OF DESOTO COUNTY, MISSISSIPPI TO THE DEBTORS' JOINT FIRST AMENDED PLAN OF LIQUIDATION**

DeSoto County, Mississippi ("DeSoto County"), a tax creditor holding both administrative and pre-petition claims against Circuit City Stores, Inc. (the "Debtors") in these proceedings, by counsel, hereby objects to the First Amended Joint Plan of Liquidation (the "Plan") proposed by the Debtors and the Official Committee of Unsecured Creditors. In support of its objection, Desoto County states as follows:

1. The Debtors owe DeSoto County a total of $49,021.65, plus interest and penalties for 2008 personal property taxes arising from furniture, fixtures and equipment located in DeSoto County. On August 12, 2009, DeSoto County filed its Notice of Tax Lien (the "Motion"). See Docket Entry No. 4452. A copy of the Notice is attached hereto as **Exhibit**

2. Under Mississippi law, *ad valorem* taxes are secured by first priority statutory

William A. Gray, Esquire – VSB #46911
C. Thomas Ebel, Esquire – VSB # 18637
Ashley Burges, Esquire – VSB # 67998
Sands, Anderson, Marks & Miller, P.C.
801 East Main Street, Suite 1800
(Post Office Box 1998)
Richmond, Virginia 23219 (23218-1998)
Phone: (804) 648-1636
Fax: (804) 783-7291

And

John A. Crawford, Jr. (MSB No. 10346)
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
P.O. Box 6010
Ridgeland, MS 39158-6010
Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39157
Phone: (601) 985-4532
Fax: (601) 985-4500
*Counsel for Desoto County, Mississippi*

lien, and are therefore secured claims. Specifically, Miss. Code § 27-35-1 provides that "[t]axes (state, county and municipal) assessed upon lands or personal property, . . . shall bind the same and, except for environmental covenants created pursuant to the Mississippi Environmental Covenants Act, shall be entitled to preference over all judgments, executions, encumbrances or liens whensoever created; and all such taxes assessed shall be a lien upon and bind the property assessed."

3. Desoto County's statutory lien is entitled to superior priority to all other liens on the Debtors' tangible personal property, or proceeds thereof. Desoto County objects to the Plan as it seeks, pursuant to Article V, para. G, to invalidate DeSoto County's lien without filing an adversary proceeding as required by Rule 7001, or otherwise providing for the satisfaction of its lien. See, e.g. SLW Capital, LLC v. Janica Mansaray-Ruffin, 530 F.3d 230, 235 (3rd Cir. 2008) ("The three concepts included in Rule 7001(2) – validity, priority, and extent – all pertain in some way to 'the basis of the lien itself.' Fed. R. Bankr.P. 3012 advisory committee's note. The 'validity' of a lien — which, unlike 'priority' and 'extent,' is at the heart of the case before us —refers to its 'legal force.' American Heritage Dictionary of the English Language (4th ed.2004)").

4. The Third Circuit favorably quoted the Fourth Circuit regarding the survival of liens in bankruptcy:

> [T]he general rule [is] that liens pass through bankruptcy unaffected. A bankruptcy discharge extinguishes only in personam claims against the debtor(s), but generally has no effect on an in rem claim against the debtor's property. For a debtor to extinguish or modify a lien during the bankruptcy process, some affirmative step must be taken toward that end. Unless the debtor takes appropriate affirmative action to avoid a security interest in property of the estate, that property will remain subject to the security interest following confirmation.

Id. (citing Cen-Pen Corp. v. Hanson, 58 F.3d 89, 92 (4th Cir.1995)).

5. Desoto County objects to Debtors' Plan as it fails to properly treat and/or

provide for Desoto County's claim/tax lien in Class 1, and as it seeks, in Article II, para. G, and in Article X, to render Desoto County's tax lien as unenforceable, without any provision for satisfaction of its lien. Notably, secured creditors are not required to file proofs of claim. See Universal Am. Mortgage Co. v. Bateman (In re Bateman), 331 F.3d 821, 827 (11th Cir. 2003) ("An unsecured creditor is required to file a proof of claim for its claim to be allowed, but filing is not mandatory for a secured creditor."); Relihan v. Exchange Bank, 69 B.R. 122 (S.D. Ga. 1985) (secured creditor did not lose its lien as a result of failure to file proof of claim); In re Stewart, 247 B.R. 515 (Bankr. M.D. Fla. 2000) (generally accepted that a secured creditor is not required to file a proof of claim).

6. The Plan is also objectionable in that it allows the Liquidating Trustee to pay Class 1 Miscellaneous Secured Claims out of a Liquidating Trust without regard to the priorities among the Miscellaneous Secured Claims. Specifically, the Plan states: "[N]o Distribution shall be made to the Holder of any Allowed Miscellaneous Secured Claim unless either (a) the Liquidating Trust has sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Miscellaneous Secured Claims or (b) the Liquidating Trust Oversight Committee consents to all or a portion of such Distribution." Plan, ¶ III. B. 1.

7. The Plan, Paragraph III, B. 1, states that all Miscellaneous Secured Claims are unimpaired. However, this is not true if the Liquidating Trustee pays other Miscellaneous Secured Claims ahead of Desoto County's statutory superpriority property tax claim/lien, such that Desoto County fails to receive the full amount of its claim/lien, including interest. Because the statutory lien securing Desoto County's claim is a first priority lien under Mississippi law, the allowed amount of its 2008 taxes should be the full amount stated in its Notice of Tax Lien, and the entire amount of the claim should be deemed secured under 11 U.S.C. §506(a)(1). As such, the Plan violates 11 U.S.C. §1129(b)(2)(A)(i)II. Accordingly, the Plan should provide that

in the event there is insufficient Available Cash to pay all allowed Miscellaneous Secured Claims in full, Allowed Miscellaneous Secured Claims shall be paid in the order of their lien priorities.

8. Paragraph III.B.l of the Plan also fails to provide that interest will be paid on the statutory tax claims at the statutory rate under state law, as required by 11 U.S.C. §506(b),511(a). Desoto County is over-secured because its lien is superior to all consensual liens. Desoto County is entitled to post-petition interest under §506(b) on its secured claim/lien.

9. Section 506(b) states:

> To the extent that an allowed secured claim is secured by property, the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, any reasonable fees, costs or charges provided for under the agreement or State statute under which such claim arose.

11 U.S.C. §506(b)

10. Miss. Code § 27-41-9 of the Mississippi Statutes provides that interest on delinquent property taxes accrues "at the rate of one percent (1%) per month". Thus, Desoto County is entitled to interest at 12% per annum, compounded monthly, on its over-secured claim/lien.

11. Furthermore, "[i]f any provision of this title requires payment of interest on a tax claim or on an administrative expense tax, or the payment of interest to enable a creditor to receive the present value of the allowed amount of the tax claim, the rate of interest shall be the rate determined under applicable nonbankruptcy law". See II U.S.C. § 51l(a). Accordingly, the Plan should provide interest to be paid on all property tax claims at the rate determined under applicable non-bankruptcy law until such property tax claims are paid in full.

12. As an over-secured creditor, Desoto County is entitled to (i) post petition - pre-Effective Date Interest under 11 U.S.C. §506(b), and (ii) post-Effective Date interest for any period during which Desoto County's secured claim remain unpaid. Plan Article III.B1 attempts

to deny Desoto County its statutory right to §506(b) interest, and at the same time unilaterally declare that Desoto County's claims are unimpaired and deny Desoto County the right to vote on the Plan as part of an impaired class. The Plan does not comply with 11 U.S.C. §506(b) and, therefore, under § 1129(a)(l), (2) and (3) cannot be confirmed.

13. Since the Plan proponents failed to properly solicit votes from any over secured creditors under the incorrect assumption that their claims were unimpaired, the Plan proponents have not complied with 11 U.S.C. §§1126 and 1129(a)(7) and (8) in the Plan solicitation process. Confirmation must, therefore, be denied under §§1129(a)(2) and (3).

14. The Plan Article VI.H attempts to limit Desoto County's setoff rights. Under 11 U.S.C. §553, setoff rights survive bankruptcy and are not affected "by other sections of the Bankruptcy Code." Further, a confirmation objection is sufficient to preserve setoff rights if the Plan attempts to abrogate or limit them. Desoto County objects to any alteration of its setoff rights.

15. Plan Article X.G. contains broad exculpation provisions that if read literally, would excuse parties' non-compliance with applicable statutes including tax laws. Federal law (28 U.S.C. 959(b) and 960) requires debtors in possession and trustees to comply with applicable laws in operating a business under Chapter 11. Nothing in the Bankruptcy Code authorizes the bankruptcy courts to exculpate multiple parties from complying with applicable laws, including tax laws, post-confirmation. There is no authority for excusing compliance with the law, and statutory violations, including violations of tax laws should be excepted from the Plan's exculpation provisions.

WHEREFORE, Desoto County, Mississippi requests that the confirmation of the Plan be denied and that it be entitled to such other and further relief as may be just and proper

**Respectfully Submitted,**

**DESOTO COUNTY, MISSISSIPPI**

**By Counsel**

/s/ William A. Gray

William A. Gray, Esquire – VSB #46911
C. Thomas Ebel, Esquire – VSB # 18637
Ashley Burgess, Esquire – VSB # 67998
Sands, Anderson, Marks & Miller, P.C.
801 East Main Street, Suite 1800
(P.O. Box 1998)
Richmond, Virginia 23219 (23218-1998)
Phone: (804) 648-1636
Fax: (804) 783-7291

And

John A. Crawford, Jr. (MSB No. 10346)
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
P.O. Box 6010
Ridgeland, MS 39158-6010
Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39157
*Counsel for DeSoto County, Mississippi*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of November, 2009, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and was mailed, by U.S. Mail, first class, postage prepaid, to all persons on the attached Service List.

**SERVICE LIST**

Daniel F. Blanks, Esquire
Douglas M. Foley, Esquire
McGuire Woods, LLP
9000 World Trade Center
101 W. Main Street
Norfolk, VA 23510
*Counsel for Debtors*

David W. Hayes, Esquire
James S. Sheerin, Esquire
Sarah Beckett Boehm, Esquire
McGuire Woods, LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
*Counsel for Debtors*

Gregg M. Galardi, Esquire
Skadden Arps Slate Meagher & Flom, LLC
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
*Counsel for Debtors*

Chris L. Dickerson, Esquire
Skadden Arps Slate Meagher & Flom, LLC
333 West Wacker Drive
Chicago, IL 60606
*Counsel for Debtors*

Robert Van Arsdale, Esquire
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
*U.S. Trustee's Office*

Linda K. Myers, Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, Illinois 60601
*Special Counsel for Debtors*

David S. Berman, Esquire
Riemer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, Massachusetts 02108
*Counsel for Bank of America, N.A.*

Bruce Matson, Esquire
LeClair Ryan
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
*Counsel for Bank of America, N.A.*

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
*Local Counsel for the Official Committee of Unsecured Creditors*

Jeffrey N. Pomerantz, Esquire
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard, 11th Fl
Los Angeles, CA 90067
*Counsel for the Official Committee of Unsecured Creditors*

Robert J. Feinstein, Esquire
Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 26th Floor
New York, NY 10017
*Counsel for the Official Committee of Unsecured Creditors*

/s/ William A. Gray

**EXHIBIT 1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | |
| **CIRCUIT CITY STORES, INC., *et al.*** | ) | |
| | ) | **Case No. 08-35653 KRH** |
| **Debtors.** | ) | **Chapter 11** |
| | ) | |

**NOTICE OF TAX LIEN BY**
**DESOTO COUNTY, MISSISSIPPI**

COMES NOW DeSoto County, Mississippi, by and through the undersigned counsel, and files its Notice of Tax Lien and states:

1. Circuit City Stores, Inc. ("Debtor") owes Desoto County, Mississippi a total of $49,021.65, plus interest and penalties for 2008 personal property taxes arising from furniture, fixtures and equipment located in the County. *See* Tax Statement, attached hereto as **Exhibit A**.

2. Pursuant to Miss. Code § 27-35-1, "[t]axes (state, county and municipal) assessed upon lands or personal property, . . . , shall bind the same and, except for environmental covenants created pursuant to the Mississippi Environmental Covenants Act, shall be entitled to preference over all judgments, executions, encumbrances or liens whensoever created; and all such taxes assessed shall be a lien upon and bind the property assessed."

3. To the extent Debtor or any of its affiliates attempts to sell or transfer any of its applicable furniture, fixtures or equipment or otherwise, DeSoto County, Mississippi hereby

William A. Gray, Esquire – VSB No. 46911
C. Thomas Ebel, Esquire – VSB No. 18637
W. Ashley Burgess, Esquire – VSB No. 67998
SANDS, ANDERSON, MARKS & MILLER, P.C.
801 East Main Street, Suite 1800 (23219)
P.O. Box 1998
Richmond, Virginia 23218-1998
(804) 648-1636 Telephone
(804) 783-7291 Telefax
*Counsel for Desoto County, Mississippi*

provides notice of its statutory lien in the applicable property and/or, in the alternative, in the proceeds from the sale of any property under 11 U.S.C. § 363 or other applicable code provisions.

**Respectfully Submitted,**

**DESOTO COUNTY, MISSISSIPPI**

**By Counsel**

*/s/ William A. Gray*

William A. Gray, Esquire – VSB No. 46911
C. Thomas Ebel, Esquire – VSB No. 18637
W. Ashley Burgess, Esquire – VSB No. 67998
SANDS, ANDERSON, MARKS & MILLER, P.C.
801 East Main Street, Suite 1800 (23219)
P.O. Box 1998
Richmond, Virginia 23218-1998
(804) 648-1636 Telephone
(804) 783-7291 Telefax
*Counsel for Desoto County, Mississippi*

**CERTIFICATE OF SERVICE**

I, William A. Gray, on this 12th day of August, 2009, do hereby certify that a true and correct copy of the foregoing Notice of Tax Lien by DeSoto County, Mississippi, was filed was electronically filed with the Clerk of the Court for the Eastern District of Virginia, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed Notices of Appearance in this matter, and was mailed, by U.S. Mail, first class, postage prepaid, on the following parties

Gregory M. Galardi, Esquire
Ian S. Fredericks, Esquire
Skadden Arps Slate Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636

Dion W. Hayes, Esquire
Douglas M. Foley, Esquire
McGuire Woods, LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219

Chris L. Dickerson, Esquire
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606

Robert B. Van Arsdale, Esquire
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

*/s/ William A. Gray*

EXHIBIT
A
tabbies

LOC-[redacted]

PERSONAL
* REPRINT *

TAXES DUE PAYABLE TO:
**JOEY TREADWAY,** *Tax Collector*
365 Losher St., Suite 110
Hernando, MS 38632

NO. 837

PERSONAL
* REPRINT

FOR TAXES FOR REAL AND PERSONAL PROPERTY FOR FISCAL YEAR 2008
DESCRIBED AND VALUED AS FOLLOWS:
**IT IS THE DUTY OF THE TAXPAYER TO CHECK HIS RECEIPT(S) TO SEE IF ALL HIS PROPERTY IS LISTED.**

| PROPERTY IDENTIFICATION NUMBER | TOT. ACRES | FOR PROT. AC. | TRUE VALUE | ASS'D. VALUE | TAX RATE | TOTAL AD. VAL. TAX |
|---|---|---|---|---|---|---|
| 2896-000 | | | 2301000 | 345150 | 142.03 | 49021.65 |

SEC: TWP: RGE:

| HOMESTEAD EXEMPTION CREDIT | | |
|---|---|---|
| VALUE | | AMOUNT |
| | | |

| SPECIAL HOMESTEAD CREDIT | | |
|---|---|---|
| VALUE | RATE | AMOUNT |
| | | |

| | |
|---|---|
| NET AD. VAL. TAX | 49021.65 |
| FOREST PROT. TAX | |
| TOTAL TAXES DUE | 49021.65 |

TAXING DISTRICT DESCRIPTION:
2405 -DIST 2/S'HAVEN/TOWNE CENTER
6680 SOUTHCREST PK

TAX PAYER
CIRCUIT CITY STORES INC
TAX DEPT
P O BOX 42304
RICHMOND VA 23242-0000

| | RATE | NET ADV |
|---|---|---|
| COUNTY | 57.28 | 19770.19 |
| CITY | 84.75 | 29251.46 |

LEGAL DESCRIPTION

| | | |
|---|---|---|
| FURN & FIX | 90518 | BANKS |
| MACH & EQ | | DEBTS |
| LEASED EQ | | MISCEL |
| INVENTORY | 254632 | |

DELINQUENT AFTER
FEBRUARY 1, 2009
0/00/00
RECV'D. BY
PAID BY CIRCUIT CITY STORES
☐ CASH ☐ CHECK ☐ MAIL

| | |
|---|---|
| INTEREST | |
| FEES DISTRESS | |
| ENROLLMENT | |
| TOTAL | 49021.65 |
| GRAND TOTAL PAID | |