UNITED STATES BANRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| CIRCUIT CITY STORES, INC., et al. | ) | |
| | ) | Case No. 08-35653 (KRH) |
| | ) | Chapter 11 |
| | ) | |
| Debtors | ) | (Jointly Administered) |
| | ) | |

---

**TREASURER OF DOUGLAS COUNTY, COLORADO'S OBJECTIONS TO CONFIRMATION OF THE SEPTEMBER 24, 2009 JOINT PLAN OF LIQUIDATION**

---

Sharon K. Jones, Treasurer of Douglas County, Colorado ("Douglas County"), objects to confirmation of the September 24, 2009 Chapter 11 Joint Plan of Liquidation (the "Plan") because:

1. the Plan ignores the priority of Douglas County's statutory property tax lien, which is senior to all other liens; and

2. the Plan fails to pay interest on Douglas County's statutory tax Claim, as required by 11 U.S.C. §§ 506(b), 511(a); and

3. the Plan fails to provide that, at the latest, Douglas County's Claim will be paid over a period ending not later than 5 years after the order for relief, as required by 11 U.S.C. §§ 1129(a)(9)(C)(ii) and 1129(a)(9)(D).

1

**A.    The Plan Ignores the Priority of Douglas County's Statutory Property Tax Lien, Which Is Senior to All Other Liens**

Douglas County holds a valid, perfected statutory superpriority secured claim for 2008 commercial personal property taxes in the amount of $7,844.91, secured by a statutory lien on the Debtors' tangible personal property and the proceeds thereof. See, Douglas County's Proof of Claim, Exhibit A hereto.

**1.    Douglas County's Claim is a Prepetition Claim**

Douglas County's entire claim is a prepetition claim, because the claim for the 2008 property taxes relates back to the prepetition statutory January 1, 2008 assessment date. "All taxable property, real and personal, within the State at twelve noon on the first day of January of each year, designated as the official assessment date, shall be listed, appraised, and valued for assessment in the county wherein it is located on the assessment date." C.R.S. (Colorado Revised Statutes) § 39-1-105. "Under the Colorado tax code, taxes on real and personal property create a first and perpetual lien. C.R.S. § 39-1-107 (2). This lien attaches to the property as of noon on January 1 of the tax year. C.R.S. § 39-1-105." In re Western Pacific Airlines, Inc., 273 F. 3d 1288, 1291 (10th Cir. 2001). See, Morehead v. John Deere Industrial Equipment Co., 572 P. 2d 1207, 1208-10 (Colo. 1978) (en banc); Wolf v. Antonoff, 423 P. 2d 840, 842 (Colo.1967) (en banc); City and County of Denver v. Tax Research Bureau, 71 P. 2d 809, 812 (Colo. 1937).

Douglas County's computation of the Debtors' property tax liability for 2008 taxes renders choate Douglas County's property tax lien for 2008 taxes; 11 U.S.C. §§ 362 (b) and 546 (b) allow Douglas County to make these computations postpetition. The resulting property tax lien for 2008 property taxes relates back to the January 1, 2008 assessment date. "Colorado Case Law holds that 'such lien does not become effective nor

2

it its value knows until the property is assessed and the taxes levied, at which time the therefore inchoate lien relates back and attaches as of the date authorized for assessment.' In re Western States Distributors, Inc., 179 B.R. 666, 668 (Bankr.D.Colo.1995) (citations omitted) (quoting Marin, et al. v. Board of Assessment Appeals, et al., 707 P. 2d 348, 354 (Colo.1985)). See, Maryland National Bank v. Mayor and City Council of Baltimore, 723 F. 2d 1138, 1143-44 (4th Cir. 1983); In re Thurman, 163 B.R. 95, 98 (Bankr. W.D. Texas. 1994); In re Summit Ventures, Inc., 135 B.R. 483, 492 (Bankr.D.Vt.1991).

2. **Douglas County's Statutory Lien Is Senior to All Other Liens, But the Plan Allows Claims Secured by Junior Liens to be Paid Ahead of Douglas County's Claim**

Douglas County's lien is senior to all other liens on the Debtors' tangible personal property and the proceeds thereof. "Taxes levied on real and personal property ... shall be a perpetual lien thereon, and such lien shall have priority over all other liens .... " C.R.S. § 39-1-107(2) (emphasis added). See, In re Western Pacific Airlines, Inc., 273 F.3d 1288, 1291 (10th Cir. 2001) ("Under the Colorado tax code, taxes on real and personal property create a first and perpetual lien."); United States v. Elliott, 209 F.Supp. 374, 375 (D.Colo.1972).

However, the Plan allows the Liquidating Trustee to pay Class 1 Miscellaneous Secured Claims[1] out of the Liquidating Trust without regard to the priorities among the Miscellaneous Secured Claims:

---

[1] Douglas County's Claim is a Class 1 Miscellaneous Secured Claim. See, Plan, ¶ 1.87. It is not a Priority Tax Claim under Plan, ¶ 1.100, because the statutory lien securing Douglas County's Claim prevents it from being an 11 U.S.C. § 507(a)(8) claim. "Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for ... " 11 U.S.C. § 507(a)(8) (priority tax claims) (emphasis added).

3

> "[N]o Distributions shall be made to the Holder of any Allowed Miscellaneous Secured Claim unless either (a) the Liquidating Trust has sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Miscellaneous Secured Claims <u>or (b) the Liquidating Trust Oversight Committee consents to all or any portion of such Distribution.</u>"

Plan, ¶ III.B.1 (emphasis added).

In the event that there is not enough money to pay the Face Amount of All Miscellaneous Secured Claims in full, the Plan contains no restriction on how the Liquidating Trust Oversight Committee is to decide which Miscellaneous Secured Claims will be paid and which ones will not be paid. In the event that there is not enough money to pay all Miscellaneous Secured Claims in full, the Liquidating Trust Oversight Committee is not required to pay the Miscellaneous Secured Claims in the order of priority of their liens.

The Plan, ¶ III.B.1, states that all Miscellaneous Secured Claims are unimpaired. However, this is not true if the Liquidating Trustee pays other Miscellaneous Secured Claims ahead of Douglas County's statutory superpriority property tax claim, such that Douglas County fails to receive the full amount of its Claim, including interest.

Because the statutory lien securing Douglas County's Claim has "priority over all other liens," C.R.S. § 39-1-107(2), the allowed amount of its Claim should be the full amount stated in its Proof of Claim, plus accrued postpetition interest, and such entire amount of its Claim should be deemed secured under 11 U.S.C. § 506(a)(1). The Plan violates 11 U.S.C. §§ 1129(b)(2)(A) (i)(II), which provides:

4

> "[T]he condition that a plan be fair and equitable ... includes ... with respect to a class of secured claims the plan provides that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property."

The Plan should provide that in the event there is insufficient Available Cash to pay all Allowed Miscellaneous Secured Claims in full, Allowed Miscellaneous Secured Claims shall be paid in the order of their lien priorities.

**B.     The Plan Fails to Pay Interest on Douglas County's Statutory Tax Claim**

The Face Amount of Douglas County's Claim does not include postpetition interest accrued after the date of the Proof of Claim, and Paragraph III.B.1 of the Plan also fails to provide that postpetition interest will be paid on statutory tax claims at the statutory interest rate under state law, as required by 11 U.S.C. §§ 506(b), 511(a).

Douglas County is oversecured because its lien is senior to all consensual liens. Douglas County is entitled to postpetition interest under U.S.C. § 506(b) on its secured claim. See, In re Summit Ventures, Inc., 135 B.R. 483, 492 (Bankr.D.Vt.1991). C.R.S. § 39-10-104.5 provides that interest on delinquent property taxes accrues at 12% APR. Because state law sets the interest rate, Douglas County is entitled to interest at 12% on its oversecured claim. "To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, any reasonable fees, costs or charges provided for under the agreement or State statute under which such claim arose." 11 U.S.C. § 506(b).

5

Furthermore, "If any provision of this title requires that payment of interest on a tax claim or on an administrative expense tax, or the payment of interest to enable a creditor to receive the present value of the allowed amount of tax claim, the rate of interest shall be the rate determined under applicable nonbankruptcy law." 11 U.S.C. §511(a).

The Plan should provide that interest will be paid on all property tax claims at the rate determined under applicable nonbankruptcy law until such property tax claims are paid in full.

**C.     The Complete Lack of Specificity in ¶ III.B.1 of the Plan as to How "Miscellaneous Secured Claims" Will be Treated Renders it Impossible to Determine Whether the Plan Complies With the Confirmation Standards of 11 U.S.C. § 1129**

The Plan does not disclose how it will treat Class 1 "Miscellaneous Secured Claims":

> "[A] Holder of an Allowed Miscellaneous Secured Claim shall receive ... or (iii) such other treatment as to which such Holder and the Debtors and/or the Liquidating Trustee shall have agreed upon in writing."

Plan, ¶ III.B.1 (emphasis added).

Such unfettered discretion prevents Class 1 creditors like Douglas County from testing at the confirmation hearing whether the Plan complies with 11 U.S.C. § 1129. The time for the Court to determine whether a plan of reorganization comports with § 1129 is at confirmation, not at some distant time after confirmation of the Debtor's choosing. Class 1 creditors have the right to have the Debtors tell them in the Plan how the Debtors propose to deal with their claims, so that they can obtain an adjudication during the confirmation process of whether the Debtors' treatment of their claims is legal under the Bankruptcy Code.

6

A delayed adjudication, such as is permitted under the Plan, allows creditors whose liens are junior to Douglas County's statutory superpriority property tax lien to be paid ahead of Douglas County, with the result that the estate may not be financially able to pay Douglas County by the time of the delayed adjudication.

Paragraph III.B.1 of the Plan contains an even more fundamental flaw.

**D.    The Plan Does Not Address the Very Real Possibility that the Debtors and a Class 2 Creditor Cannot Agree on the Treatment of that Creditor's Claim**

A Chapter 11 plan is a species of contract between the debtor and its creditors, albeit one approved by the bankruptcy court. "Interpretation of a Chapter 11 plan is basically a matter of contractual interpretation." In re Beta International, Inc., 210 B.R. 279, 285 (E.D.Mich.1996). See, In re Stratford of Texas, Inc., 635 F.2d 365, 368 (5th Cir. 1981); UNR Industries, Inc. v. Bloomington Factory Workers, 173 B.R. 149, 157 (N.D.Ill.1994).

Option (iii) of Paragraph III.B.1 of the Plan -- providing for "such other treatment as to which such Holder and the Debtors and/or the Liquidating Trustee shall have agreed upon in writing" -- is an illusory contract. It is an agreement to agree. Agreements to agree do not constitute enforceable contracts. "[W]here an agreement is not sufficiently definite to enable a court to give it exact meaning or where an essential element is reserved for future agreement of both parties, a legal obligation cannot result." Pearson Bros. Co. v. Pearson, 113 B.R. 469, 475 (C.D.Ill.1990). See, United States v. Orr Construction Co., 560 F.2d 765, 769 (7th Cir. 1977) quoting 1 Corbin on Contracts § 95, at 402): :

7

> "In order for such a contract to be enforceable, however, it is necessary that the terms to be agreed upon in the future can be determined 'independent of a party's mere wish, will, and desire, either by virtue of the agreement itself or by commercial practice or other usage or custom.' If the language of the contract is too indefinite to permit this determination the court cannot enforce the contract without engaging in the forbidden practice of itself supplying the terms of the agreement which the parties promised to reach in the future."

See also, Sethness-Greenleaf, Inc. v. Green River Corp., 1993 WL 475498 (N.D.Ill. 1993), *7; The Gates Corporation v. Bando Chemical Industries, Ltd., 4 Fed.Appx. 676, 2001 WL 135686 (10th Cir.), *4; I.M.A., Inc. v. Rocky Mountain Airways, Inc. 713 P.2d 882, 888 (Colo.1986) ("In order to establish the existence of a contract, the evidence must show that the parties agreed upon all essential terms.").

If the Debtors and Douglas County cannot agree on the treatment of Douglas County's Claim, the Plan provides no guidance as to how Douglas County's Claim will be treated: when it will be paid, the priority of its statutory lien, what portion of the Claim is secured, whether it will retain its statutory lien until it is paid in full, whether it will be paid postpetition interest, the rate at which it will be paid postpetition interest.

**E.    The Complete Lack of Specifity in ¶ III.B.1 of the Plan as to How "Miscellaneous Secured Claims" Will be Treated Renders it Impossible to Determine Whether the Plan Complies With the Confirmation Standards of 11 U.S.C. § 1123(a)(4)**

The Bankruptcy Code requires that similar claims be treated the same. "[A] plan shall provide the same treatment for each claim ... of a particular class." 11 U.S.C. § 1123(a)(4).

The unfettered discretion in Plan, ¶ III.B.1 prevents Class 1 creditors from testing at the confirmation hearing whether the Plan in fact complies with § 1123(a)(4). The time for the Court to determine whether a plan of reorganization comports with §

8

1123(a)(4) is at confirmation, not at some distant time after confirmation of the Debtors' choosing.

**F.    The Plan Does Not Require *Ad Valorem* Property Taxes to be Paid, At the Latest, Over a Period Ending Not Later Than 5 Years After the Order for Relief, As Required by 11 U.S.C. §§ 1129(a)(9)(C)(ii) and 1129(a)(D)**

The Plan, ¶ III.B.1 does not set an outside date by which Class 1 Miscellaneous Secured Claims must be paid. Instead, it keys the date of payment to the date when the claim becomes an Allowed Miscellaneous Secured Claim. Class 1 Claims will be paid:

> "on, or as soon as reasonable practicable after, the earlier of (a) the Distribution Date immediately following the date a Miscellaneous Secured Claim becomes an Allowed Miscellaneous Secured Claim or (b) the date that is ninety (90) days after the date on which such Miscellaneous Secured Claim becomes an Allowed Miscellaneous Secured Claim."

Plan, ¶ III.B.1. However, nothing in the Plan obligates the Debtors or the Liquidating Trustee to make their decision on allowing a claim by a date certain.

Such uncertainty may be acceptable for many types of Miscellaneous Secured Claims. However, for *ad valorem* property tax claims that are secured by statutory liens, the Bankruptcy Code requires the claims be paid at the latest "over a period ending not later than 5 years after the date of the order for relief." 11 U.S.C. § 1129(a)(9)(C)(ii). See, 11 U.S.C. § 1129(a)(9)(D) (which extends the reach of. § 1129(a)(9)(C) to secured tax claims). The payments must be "payments in cash of a total value, as of the effective date of the plan, equal to the allowed amount of such claim." 11 U.S.C. § 1129(a)(9)(C)(i). See, 11 U.S.C. § 1129(a)(9)(D). The Plan fails to comply with these statutory requirements.

9

The Plan should be amended to provide that in no case shall payment of allowed *ad valorem* property tax claims that are secured by statutory liens be later or in a lesser amount than required under 11 U.S.C. §§ 1129(a)(9)(C) and 1129(a)(9)(D).

**G.    Conclusion**

Confirmation should be denied unless the Plan is amended to provide that:

(1) Class 1 Miscellaneous Secured Claims shall be paid in the order of their lien priority;  and

(2) Allowed *ad valorem* property tax claims that are secured by statutory property tax liens shall be paid postpetition interest at the rate set by state law;  and

(3) In no case shall Allowed *ad valorem* property tax claims that are secured by statutory property tax liens shall be paid later than over a period of 5 years after the date of the order for relief, as required by 11 U.S.C. §§ 1129(a)(9)(C)(ii) and 1129(a)(9)(D).

DATED:  November 10, 2009

    Respectfully submitted,

    OFFICE OF THE COUNTY ATTORNEY
    DOUGLAS COUNTY, COLORADO

    /s/ Robert D. Clark, Esq.
    ROBERT D. CLARK, Colorado Atty. Reg. # 8103
    Senior Assistant County Attorney
    100 Third Street
    Castle Rock, Colorado 80104
    (303) 660-7392
    Fax:  (303) 668-6596
    E-mail:  rclark@douglas.co.us

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within **Treasurer of Douglas County, Colorado's  Objections to Confirmation of the September 24, 2009 Joint Plan of Liquidation** electronically or by depositing copies of same in the United States mail, postage prepaid, at Castle Rock, Colorado, this 10th day of  November, 2009, addressed to:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O.  Box 636
Wilmington, DE 19899-0636
*by e-mail to:*   gregg.galardi@skadden.com
            ian.fredericks@skadden.com

Chris L. Dickerson, Esq.
Jessica S. Kumar, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, IL  60606
*by e-mail to:*   chris.dickerson@skadden.com
            jessica.kumar@skadden.com

Douglas M. Foley, Esq.
Sarah B. Boehm, Esq.
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, VA  23219
*by e-mail to:*   dfoley@mcguirewoods.com
            sboehm@mcguirewoods.com

Jeffrey N. Pomerantz, Esq.
Stanley E. Goldich, Esq.
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA  90067
*by e-mail to:*   jpomerantz@pszjlaw.com
            sgoldich@pszjlaw.com

Robert J. Feinstein, Esq.
Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 36th Floor
New York, NY  10017
*by e-mail to:*     rfeinstein@pszjlaw.com

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA  23219
*by e-mail to:*     ltavenner@tb-lawfirm.com
              pberan@tb-lawfirm.com

The United States Trustee
for the Eastern District of Virginia
Robert B. Van Arsdale, Esq.
701 East Broad Street, Suite 4304
Richmond, VA  23219
*by e-mail to:*     robert.b.van.arsdale@usdoj.gov



    /s/ Tonya McCann_____