Linda H. Castle
5601 Hunters Glen Drive
Glen Allen, VA 23059
(804) 360-1409

November 5, 2009

TO: Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, VA 23219

RICHMOND DIVISION
FILED NOV 1 2 2009 FILED
CLERK
U.S. BANKRUPTCY COURT

| COPY: Skadden, Arps, Slate, Meagher & Flom, LLP | McGuire Woods LLP |
|---|---|
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, DE 19899-0636 | Richmond, VA 23219 |
| Attn: Gregg M. Galardi | Attn: Dion W. Hayes |
| Attn: Ian S. Fredericks | Attn: Douglas M. Foley |

Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, IL 60606
Attn: Chris L. Dickerson

## RESPONSE TO THE OBJECTION

***Bankruptcy Court:*** United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division

***Debtors:*** Circuit City Stores, Inc., et al.,

***Case Number:*** 08-35653 (KRH)

***Title of the Objection:*** Debtors' Fifty-Sixth Omnibus Objections to Claims (Disallowance of certain alleged administrative expenses on account of employee obligations)

***Claim:***   Claimant: Linda H. Castle, 5601 Hunters Glen Drive, Glen Allen, VA 23059
Amount of Claim: $40,000
Claim number: 13803
Explanation: Cash Retention Award from Circuit City Stores, Inc., awarded to claimant on January 1, 2008

       Type of claim filed:  Secured Claim (1/23/2009); Administrative Claim (6/15/2009)
       Claimant phone number:  804-360-1409 or 804-868-8661

I am writing to oppose the relief requested in the Objection relative to my claim. This claim represents wages that are due to me as an employee of the organization and should not be disallowed.

Details of the agreement can be found in the attached letter from Eric A. Jonas, SVP of Human Resources.  His address is 2 Annette Ave., Edgewater, NJ  07020 and phone number is 201-224-0519.   He has personal knowledge of the relevant facts that support this.

The Bankruptcy Court should overrule the Objection because the award states "your right to receive the portion of your award is contingent upon remaining continuously employed on a full-time basis with the Company through and including corresponding Vesting Date of January 1, 2009.  I satisfied the requirement as I was employed on that date and the Company had not yet at that point liquidated. Another reason for payout of 100% of this claim is stated in the "Change of Control" section in the attached document.

***Attached:***
- Secured Claim submitted
- Administrative Claim submitted
- Proof of Confirmation

Please communicate directly with me regarding any other information needed on this matter.

Thank you for a speedy and non-judicial resolution of this claim.

*[signature]*

Linda H. Castle
5601 Hunters Glen Drive
Glen Allen, VA  23059
804-360-1409

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

**Debtor against which claim is asserted : (Check only one box below:)**

- ☒ Circuit City Stores, Inc. (Case No. 08-35653)
- ☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654)
- ☐ InterTAN, Inc. (Case No. 08-35655)
- ☐ Ventoux International, Inc. (Case No. 08-35656)
- ☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)
- ☐ CC Aviation, LLC (Case No. 08-35658)
- ☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)
- ☐ Circuit City Stores PR, LLC (Case No. 08-35660)
- ☐ Circuit City Properties, LLC (Case No. 08-35661)
- ☐ Orbyx Electronics, LLC (Case No. 08-35662)
- ☐ Kinzer Technology, LLC (Case No. 08-35663)
- ☐ Courchevel, LLC (Case No. 08-35664)
- ☐ Abbott Advertising, Inc. (Case No. 08-35665)
- ☐ Mayland MN, LLC (Case No. 08-35666)
- ☐ Patapsco Designs, Inc. (Case No. 08-35667)
- ☐ Sky Venture Corporation (Case No. 08-35668)
- ☐ XSStuff, LLC (Case No. 08-35669)
- ☐ PRAHS, INC. (Case No. 08-35670)

NOTE: *This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
CASTLE, LINDA H

☐ Check this box to indicate that this claim amends a previously filed claim.

**Name and address where notices should be sent:**

NameID: 4977364    PackID: 353439

CASTLE, LINDA H
5601 HUNTERS GLEN DR
GLEN ALLEN VA 23059

Telephone number: 804-360-1409

Court Claim Number: _____
(If known)

Filed on: _____

**Name and address where payment should be sent (if different from above):**

Same

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 40,000

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Cash Retention Award Dated 1/3/08
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 5663

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  Real Estate   Motor Vehicle   Other
Describe:

Value of Property: $_____    Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____    Basis for perfection: _____

Amount of Secured Claim: $_____    Amount Unsecured: $ 40,000

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
- ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition, or cessation of the debtor's business, whichever is earlier — 11 U.S.C. § 507(a)(4).
- ☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).
- ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$ 40,000

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**Date:** 1-23-09

**Signature:** the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Linda H. Castle*
Linda H. Castle

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

MasterCode: 10165855



0835653081218074135189335

10405063,Castle,Linda H
N/A, 1/1/2008, Cash



January 3, 2008

Linda H Castle
5601 Hunters Glen Drive
Glen Allen, VA 23059

Dear Linda H:

Congratulations! The Compensation and Personnel Committee of the Board of Directors (the "Committee") has awarded you a special cash retention award (the "Award") subject to the terms of this Award letter. The purpose of this Award is to reward, motivate and retain management personnel who are key to the Company's turnaround efforts and long term success. To accept this Award, please sign the enclosed copy of this letter, and return it as indicated in item 6 below.

Subject to the requirements and limitations set forth in this Award letter, your Award, Award Date, and Vesting Dates are as follows:

| | |
|---|---|
| Total Cash Retention Award: | $40,000 |
| Award Date: | January 1, 2008 |

| Vesting Dates | Vesting % |
|---|---|
| January 1, 2009 | 50% |
| January 1, 2010 | 50% |

For purposes of this Award letter, "Company" means Circuit City Stores, Inc. or a parent or subsidiary of Circuit City Stores, Inc. within the meaning of section 424(e) and (f) of the Internal Revenue Code of 1986, as amended.

Your right to receive the portion of your Award corresponding to the above Vesting Dates is contingent on (i) your agreeing to the terms of this Award by signing and returning the enclosed copy of this letter, and (ii) your remaining continuously employed on a full-time active basis with the Company through and including the corresponding Vesting Date. If you satisfy these requirements, the portion of your Award that becomes vested will be paid to you in a single lump sum cash payment within 75 days following the Vesting Date. Your right to this Award is not contingent on corporate or individual performance.

Forfeiture. If prior to becoming fully vested in your Award, (i) your employment with the Company terminates for any reason other than your death or permanent disability, or (ii) your employment status with the Company changes to part-time, or (iii) you retire from the Company, then the unvested portion of your Award will be forfeited as of the date of your termination, change in status, or retirement, as the case may be.

If your employment with the Company terminates on or before a Vesting Date because you die or become permanently disabled, then the portion of your Award scheduled to vest on such Vesting Date will vest as of the date of your death or termination for disability (assuming you otherwise meet the requirements under this Award letter), and any portion of your Award that would have vested on a subsequent Vesting Date will be forfeited. For example, if your employment terminates under these circumstances on or before January 1, 2009, the portion of your Award scheduled to vest on that date will vest, and any portion that would have vested on a subsequent Vesting Date will be forfeited.

The Committee will determine whether a permanent disability exists for purposes of the foregoing, and such determination will be conclusive and binding.

Other terms relevant to this Award letter are set forth below.

1. **Modification**. The Committee may unilaterally modify the terms of this Award letter after the Award Date provided that your consent is obtained with respect to any modification that would be detrimental to your rights hereunder, except that your consent will not be required to the extent any such modification is to comply with applicable law.

2. **Change of Control**. If you remain continuously employed on a full-time active basis with the Company through and including the date on which a Change of Control of the Company occurs, then notwithstanding any provision herein to the contrary, any restrictions hereunder on your outstanding Award shall lapse as of such date. For this purpose, "Change of Control" has the meaning set forth in the Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference into, and made a part of, this Award letter. Generally, a Change of Control will be deemed to occur upon any of the following events: (i) the acquisition by any person or entity of 35% or more of either the Company's outstanding shares or the combined voting power of the then outstanding securities of the Company entitled to vote generally in the election of directors (but excluding certain acquisitions involving the Company or an affiliate, or by any benefit plan sponsored by the Company); (ii) the incumbent members of the Board of Directors of the Company (including any future directors whose election is approved by a majority of the incumbent members) cease to constitute a majority of the Board of Directors; (iii) the consummation of a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company (with certain exceptions, as described in the 2003 Stock Incentive Plan); or (iv) the consummation of a plan of complete liquidation, dissolution, or sale of substantially all the assets of the Company.

3. **Withholding Taxes**. On the Vesting Date, you will have taxable income equal to the amount of your vested Award, and the Company will withhold the amount of taxes required to be withheld or paid.

4. **Interpretation**. The interpretation and construction of any provision or term of this Award letter by the Committee will be final and conclusive. The terms of this Award letter and all actions taken hereunder will be governed by the laws of the

Commonwealth of Virginia, without regard to the conflict of law provisions of any jurisdiction.

5. **Miscellaneous**.

a. This Award letter is the entire agreement between you and the Company concerning the Award granted hereunder. If you are a party to an Employment Agreement with the Company, you agree that in the case of a conflict between the Employment Agreement and this Award letter, the terms of this Award letter will control.

b. Nothing in this Award letter confers any right to continued employment with the Company, or affects the Company's right to terminate an associate's employment at any time, with or without notice, and with or without cause.

c. The Company has no obligation to contribute any assets to a trust or other entity or otherwise to segregate any assets, or maintain separate accounts for the purpose of satisfying the Award obligation hereunder.

6. **Acceptance of this Award**. In order for your Award to become effective, you must accept it by signing and faxing a copy of this entire letter as soon as possible, but in no event later than February 1, 2008 to **757-299-8412**.

Your signature will also constitute your agreement to the terms and conditions contained in this letter.

Sincerely,

*[signature]*

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED:

*[signature: Linda H. Castle]*
Associate Signature

Linda H. Castle
Printed Name

1-7-08
Date

- 3 -

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) KCC    C. Date of Delivery |
| 1. Article Addressed to:<br>Circuit City Stores, Inc. et al<br>Claims Processing Dept.<br>Kurtzman Carson Consultants LLC<br>2335 Alaska Ave.<br>El Segundo, CA 90245 | D. Is delivery address different from item 1? ☐ Yes    ☐ No<br>If YES, enter delivery address below:<br>RECEIVED<br>JAN 26 2009<br>KURTZMAN CARSON CONSULTANTS<br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☒ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7008 1140 0001 9999 0552 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

Circuit City Stores, Inc., et al.
Claims Processing Department
Kurtzman Carson Consultants, LLC
2335 Alaska Avenue
El Segundo, CA  90245

June 15, 2009

I am writing to file an administrative expense request.

The claim is for a Cash Retention Award from Circuit City Stores, Inc., awarded to me on January 1, 2008.

The award states "your right to receive the portion of your award is contingent upon remaining continuosly employed on a full-time active basis with the Company through and including corresponding Vesting Date of January 1, 2009.
I satisfied the requirement as I was employed on that date and the company had not liquidated at that point.

Another reason for payout of 100% of this claim is stated in the "Change of Control" section in the attached document.

Amount of claim requested is $40,000.

Thank you.

Linda H. Castle
5601 Hunters Glen Drive
Glen Allen, VA  23059
804-360-1409

*Linda H. Castle*
6-15-09

10405063,Castle,Linda H
N/A, 1/1/2008, Cash



January 3, 2008

Linda H Castle
5601 Hunters Glen Drive
Glen Allen, VA 23059

Dear Linda H:

Congratulations! The Compensation and Personnel Committee of the Board of Directors (the "Committee") has awarded you a special cash retention award (the "Award") subject to the terms of this Award letter. The purpose of this Award is to reward, motivate and retain management personnel who are key to the Company's turnaround efforts and long term success. To accept this Award, please sign the enclosed copy of this letter, and return it as indicated in item 6 below.

Subject to the requirements and limitations set forth in this Award letter, your Award, Award Date, and Vesting Dates are as follows:

| | |
|---|---|
| Total Cash Retention Award: | $40,000 |
| Award Date: | January 1, 2008 |
| **Vesting Dates** | **Vesting %** |
| January 1, 2009 | 50% |
| January 1, 2010 | 50% |

For purposes of this Award letter, "Company" means Circuit City Stores, Inc. or a parent or subsidiary of Circuit City Stores, Inc. within the meaning of section 424(e) and (f) of the Internal Revenue Code of 1986, as amended.

Your right to receive the portion of your Award corresponding to the above Vesting Dates is contingent on (i) your agreeing to the terms of this Award by signing and returning the enclosed copy of this letter, and (ii) your remaining continuously employed on a full-time active basis with the Company through and including the corresponding Vesting Date. If you satisfy these requirements, the portion of your Award that becomes vested will be paid to you in a single lump sum cash payment within 75 days following the Vesting Date. Your right to this Award is not contingent on corporate or individual performance.

Forfeiture. If prior to becoming fully vested in your Award, (i) your employment with the Company terminates for any reason other than your death or permanent disability, or (ii) your employment status with the Company changes to part-time, or (iii) you retire from the Company, then the unvested portion of your Award will be forfeited as of the date of your termination, change in status, or retirement, as the case may be.

If your employment with the Company terminates on or before a Vesting Date because you die or become permanently disabled, then the portion of your Award scheduled to vest on such Vesting Date will vest as of the date of your death or termination for disability (assuming you otherwise meet the requirements under this Award letter), and any portion of your Award that would have vested on a subsequent Vesting Date will be forfeited. For example, if your employment terminates under these circumstances on or before January 1, 2009, the portion of your Award scheduled to vest on that date will vest, and any portion that would have vested on a subsequent Vesting Date will be forfeited.

The Committee will determine whether a permanent disability exists for purposes of the foregoing, and such determination will be conclusive and binding.

Other terms relevant to this Award letter are set forth below.

1. **Modification**. The Committee may unilaterally modify the terms of this Award letter after the Award Date provided that your consent is obtained with respect to any modification that would be detrimental to your rights hereunder, except that your consent will not be required to the extent any such modification is to comply with applicable law.

2. **Change of Control**. If you remain continuously employed on a full-time active basis with the Company through and including the date on which a Change of Control of the Company occurs, then notwithstanding any provision herein to the contrary, any restrictions hereunder on your outstanding Award shall lapse as of such date. For this purpose, "Change of Control" has the meaning set forth in the Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference into, and made a part of, this Award letter. Generally, a Change of Control will be deemed to occur upon any of the following events: (i) the acquisition by any person or entity of 35% or more of either the Company's outstanding shares or the combined voting power of the then outstanding securities of the Company entitled to vote generally in the election of directors (but excluding certain acquisitions involving the Company or an affiliate, or by any benefit plan sponsored by the Company); (ii) the incumbent members of the Board of Directors of the Company (including any future directors whose election is approved by a majority of the incumbent members) cease to constitute a majority of the Board of Directors; (iii) the consummation of a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company (with certain exceptions, as described in the 2003 Stock Incentive Plan); or (iv) the consummation of a plan of complete liquidation, dissolution, or sale of substantially all the assets of the Company.

3. **Withholding Taxes**. On the Vesting Date, you will have taxable income equal to the amount of your vested Award, and the Company will withhold the amount of taxes required to be withheld or paid.

4. **Interpretation**. The interpretation and construction of any provision or term of this Award letter by the Committee will be final and conclusive. The terms of this Award letter and all actions taken hereunder will be governed by the laws of the

Commonwealth of Virginia, without regard to the conflict of law provisions of any jurisdiction.

### 5. **Miscellaneous**.

a. This Award letter is the entire agreement between you and the Company concerning the Award granted hereunder. If you are a party to an Employment Agreement with the Company, you agree that in the case of a conflict between the Employment Agreement and this Award letter, the terms of this Award letter will control.

b. Nothing in this Award letter confers any right to continued employment with the Company, or affects the Company's right to terminate an associate's employment at any time, with or without notice, and with or without cause.

c. The Company has no obligation to contribute any assets to a trust or other entity or otherwise to segregate any assets, or maintain separate accounts for the purpose of satisfying the Award obligation hereunder.

6. **Acceptance of this Award**. In order for your Award to become effective, you must accept it by signing and faxing a copy of this entire letter as soon as possible, but in no event later than February 1, 2008 to **757-299-8412**.

Your signature will also constitute your agreement to the terms and conditions contained in this letter.

Sincerely,

*[signature]*

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED:

*[signature: Linda H. Castle]*
Associate Signature

Linda H. Castle
Printed Name

1-7-08
Date

- 3 -

Circuit City Stores, Claims Processing
c/o Kurtzman Carson Consultants LLC
2335 Alaska Ave
El Segundo, CA 90245

FIRST CLASS
US POSTAGE PAID
EL SEGUNDO CA
PERMIT NO. 45049

Linda H Castle
5601 Hunters Glen Dr
Glen Allen, VA 23059

PROOF OF CLAIM CONFIRMATION
Your proof of claim filed against Circuit City Stores, Inc.,
case no 08-35653 was received on 6/26/2009
and assigned claim number 13803

For more information, please visit www.kccllc.net/circuitcity or call 1-