# Francis E. Telegadas
8204 Yolanda Road
Richmond, Virginia
(H) (804) 282-7212
(C) (804-387-2316
franktelegadas@verizon.net



FILED

2009 NOV 13 PM 1:53

RICHMOND DIVISION

November 13, 2009

Clerk of the Bankruptcy Court
U.S. Bankruptcy Court,
701 East Broad Street - Room 4000
Richmond, VA 23219

Re: <u>Circuit City Bankruptcy - Claim for Francis E. Telegadas - Case Number 08-35653
(Case Jointly Administered)</u>
**Response to Debtors Fifty-Sixth Omnibus Objection re claims involving Admin
Expenses on Employee Obligations
Francis Telegadas claim number 13622 listed in Objection
Amount Claimed:
    Long Term Incentive Plan/Cash Awards - Min $40,000 - Max-$80,000
    Cash Retention Award - Min $20,000 Max - $40,000
    Short Term Incentive - Bonus Program - Min $30,201.13 - Max - $60,402.26**

Clerk of Bankruptcy Court:

Please accept this response to the Debtor's to objection to my claim involving
Administrative Expenses owed under the above Employee Plans. I have previously filed
these claims and others in January as an unsecured claim and these three claims in June
as administrative claims. The response filed by the debtors to these claims is in error and
should be disallowed.

**First** - the Exhibits and notice have these claims listed as "unknown" or "$0.00". I can
only guess that the claims handler and the counsel failed to read my claims submitted.
<u>My claims and amounts owed in minimum and maximum amounts were clearly
identified.</u>

**Second** - the Debtors argues that the claimants under the various employee plans have
somehow tried to mislead the court by filing claims under the plans as both pre-petition
and administrative claims. Nothing could be further from the truth. The people filing
claims are not trained in bankruptcy and many have been looking for employment. We
cannot afford to hire attorneys like Skadden and McGuire Woods to handle our claims -
so we are trying to protect our interests in a confused and byzantine system to the
uninitiated and, had we missed any deadlines, it is clear that we would be pounced on by
the debtor for missing deadlines. We hope the court can put itself in the position of the

employees and realize that we are being inundated with paper for one reason by the debtor - to try and get us miss deadlines. We are only asking for the opportunity to present our claims and not deny anyone for these "deadline" arguments.

**Third** - The Debtor states that the Employee claims should be disallowed as an administrative expense because they: **1.** Arose Prior to the Petition Date and **2.** They do not arise out of a "transaction" with the Debtor in Possession.

The Debtor is consistent in one thing - taking whatever position will support its goal on the various motions and arguing that motion and then taking other positions to support its goals later. What it is trying to accomplish is to argue these claims all arose before the petition date and then it will also argue that the claims were not vested in the employees since the awards were subject to events beyond the petition date. These arguments create a classic "whipsaw" effect.

In fact, this is exactly what the Debtor argued in regards to the Thirty Sixth Objection involving the Bonus Program when they claimed the awards should be denied as they were subject to events after the bankruptcy. They should not be allowed to argue their claims piecemeal and inconsistently depending on the winds of the particular day.

In each of these cases the plans were created before the Petition (interestingly one of the plans - the Long Term Incentive was created just weeks before the filing of the bankruptcy - an event they obviously knew was on the horizon). The plans were rolled out with charts and graphs to show how all of the various plans fit together and to incent employees to stay - an incentive to stay after the bankruptcy. These plans were not rejected by the Debtor - because the goal in filing for the Bankruptcy was to reorganize and to do that they needed to keep people. The Debtor makes much about the claim that it neither included nor excluded these programs in the first day motions. Sitting on the fence is never a pleasant thing to watch and the Debtor should not be allowed to do that and then jump back and forth over the fence as the situation allows. The simple fact is that the employees worked past the Petition date and met the requirements of these plans for staying and working after the bankruptcy was filed.

In the argument of the Debtor – it claims two conditions had to be met to constitute an administrative claim:
1. The claim must arise out of a post-petition transaction between the creditor and the Debtor in possession.
 - Certainly the work done constitutes a transaction that meets that criteria.
2. The consideration supporting the right to payment must be supplied to and beneficial to the debtor in possession in the operation of the business.
- Again - staying around after the bankruptcy and working to turn the company around certainly meets this criteria. We worked as hard after the bankruptcy as before it to compete in the Black Friday to Christmas Season; to collect debts; and work with the same attorneys in the bankruptcy that are now arguing against us. The Debtor seeks to deny the work to take away the claims of the rank and file that were fighting for the life

of the company for the sole goal of providing a few more dollars to the huge companies that are the largest creditors. This should not be allowed.

<u>At an absolute minimum</u> - any of the plans where employment was continued through a vesting date (Jan 1, 2009 for the Long Term and Cash Plans and Feb 28, 2009 for the Bonus Plan) should allow employees to obtain those parts of the awards as an Administrative Expense. In my case this would come to $20,000 for the Cash Plan and $30,201.13 for the Bonus Plan.

The above claims are based on employment with the company <u>through the entire</u> FY 2009 and into FY2010 which covers employment both pre and post bankruptcy and I am similarly situated with other employees on these claims. My claim and the assertions in this letter are personally known to me. My contact information is at the top of the letter and I have the authority to resolve/settle this claim.

Please consider this letter, and the claim form and exhibits previously filed with my January and June claims to be support for the claims identified in this letter. Since the claim involves both work done before and after the November bankruptcy filing but is only available since I worked through the end of my employment in April 2009 I feel this should be an administrative claim.

If the court decides otherwise - they are at a minimum an unsecured claim and the debtor should not be allowed to argue against the claims not qualifying as they were not ripe.

Please feel free to contact me if you have any questions.

Sincerely,

Francis E. Telegadas

Copies to:

**By Overnight Mail**
Skadden, Arps, Slate Meagher & Flom
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Attn: Greg Galardi
Attn: Ian Frederick

**By Overnight Mail**
Skadden Arps Slate Meagher & Flom
155 North Wacker Drive
Chicago, Illinois  60606
Attn: Chris Dickerson


**By Hand**
McGuire Woods, LLP
One James Center
901 E. Cary St.
Richmond, VA  23219
Attn: Dion Hayes
Attn: Doug Foley

I hereby certify that the above letter was filed in the court by the deadline of November 16, 2009 and sent so it was received by the above entities and persons on or before 4:00PM, November 16, 2009.

_____
Francis E. Telegadas