W. Joel Charboneau, Esq. (VSB #68025)
Magee Goldstein Lasky & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003-0404
(540) 343-9800
(540) 343-9898 FAX
jcharboneau@mfgs.com



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 11 |
| CIRCUIT CITY STORES, INC. et al., ) | |
| ) | CASE No. 08-35653 |
| Debtors. ) | |
| ) | |
| NANCY BOOTH and, ) | |
| CHARLES BOOTH, ) | |
| ) | |
| Movants, ) | |
| ) | |
| v. ) | |
| ) | |
| CIRCUIT CITY STORES, INC. et al. ) | |
| ) | |
| Respondents. ) | |

**OBJECTION OF NANCY AND CHARLES BOOTH CONFIRMATION OF THE FIRST AMENDED JOINT PLAN OF LIQUIDATION OF CIRCUIT CITY STORES, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION AND ITS OFFICIAL COMMITTEE OF CREDITORS HOLDING GENERAL UNSECURED CLAIMS**

TO THE HONORABLE JUDGE OF SAID COURT:

Nancy and Charles Booth (the "Booths"), by counsel, hereby object to the confirmation of the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan") and, in support thereof, respectfully state as follows:

1.     The Booths hold general unsecured claims against Circuit City Stores, Inc. (the

"Debtor") for personal injuries. The Booths timely filed proof of claim number 7595 asserting a $200,000.00 claim against the Debtor (the "Claim"). The Claim has not been liquidated.

2. The Claim has not been disallowed and is not currently subject to any objection.

3. Under the Plan, the Claim would be treated as Class 4 "General Unsecured Claim".

4. Booth objects to confirmation of the Plan because it does not comply with the applicable provisions of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Code"). *See* 11 U.S.C. § 1129(a)(1). Under the Code, the confirmation of the Plan will not discharge the Debtor. 11 U.S.C. § 1141(d)(3). A discharge, among other things, "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2).

Notwithstanding the fact that the Debtor will not receive a discharge, the Plan provides:

> Except as otherwise provided in the Plan, including, but not limited to, as set forth in Article VI.H.2, the Confirmation Order shall provide, among other things, that from and after the Effective Date all Persons who have held, hold or may hold Claims against or Interests in the Debtors are permanently enjoined from taking any of the following actions against the Estate(s), the Liquidating Trust, the Liquidating Trustee, or any of their property on account of any such Claims or Interests: (A) commencing or continuing, in any manner or in any place, any action or other proceeding; (B) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order; (C) creating, perfecting, or enforcing any lien or encumbrance; (D) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors, except as set forth in Article VI.H.2. of the Plan; and (E) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; provided, however, that nothing contained herein shall preclude such Persons from exercising their rights pursuant to and consistent with the terms of this Plan or the Confirmation Order.

(Plan at Art. X(D)). The Plan further states:

> Notwithstanding any other provision of the Plan or the Liquidating Trust Agreement, no payments or Distributions shall be made with respect to all or any portion of a Disputed Claim unless and until all objections to such Disputed Claim (except for objections based upon Bankruptcy Code section 502(d), which shall be governed by Article III.F. of this Plan) have been settled or withdrawn or have been determined by Final Order, and the Disputed Claim, or some portion thereof, has become an Allowed Claim; provided, however, that if the only dispute regarding a Disputed Claim is to the amount of the Disputed Claim, the Holder of a Disputed Claim shall be entitled to a Distribution on account of that portion of the Disputed Claim which the Debtors or the Liquidating Trustee do not dispute at the time and in the manner that the Liquidating Trustee makes Distributions to Holders of Allowed Claims pursuant to the provisions of the Plan.

(Plan at Art. VI(I)(2)). Under the Plan, a "Disputed Claim" includes a claim for which a proof of claim was timely filed, but which is listed in the Debtors' Schedules as unliquidated, contingent, or disputed. (Plan at Art. I(B)(1.43(b))).

The Plan does not comply with the applicable provisions of the Code because it appears to grant the Debtor a discharge event though the Debtor may not receive a discharge and the provisions of the Plan will render the Booths without a forum in which to liquidate the Claim so that they may participate in any distribution. The Claim is a "Disputed Claim" under the Plan because it was scheduled as unliquidated, contingent, and disputed. (Schedule F). The Claim must be liquidated so that the Booths may share in any distribution, and this Court cannot liquidate the Claim. 28 U.S.C. § 157(b)(2)(B). The Plan should be amended so that the Booths and others similarly situated may liquidate their claims in the forums in which the cases were pending prepetition so that they can receive their pro rata distribution.

The Plan does not comply with the provisions of the Code because it renders the Claim a "Disputed Claim" even though no objection regarding the Claim is pending before the Court. The Code provides that "A claim or interest, proof of which is filed under section 501 of this

title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Because the provisions of the Plan do not comply with § 502(a)

The Plan also fails to properly treat the claims of various taxing authorities. The objection of the taxing authority Arlington ISD (Docket Number 5631) is incorporated by reference. Among other things, confirmation should be denied because the Plan does not provide for the retention of liens securing certain claims such as those held by Arlington ISD.

WHEREFORE, the Booths, by counsel, respectfully request that confirmation of the Plan be denied.

Date: November 12, 2009

Respectfully submitted,

/s/ W. Joel Charboneau

W. Joel Charboneau, Esq. (VSB#68025)
Magee Goldstein Lasky & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003
Phone: 540-343-9800

ATTORNEY FOR THE BOOTHS

### CERTIFICATE OF SERVICE

I hereby certify that I have forwarded a true and correct copy of the attached Objection to Confirmation of the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims to the parties listed below overnight delivery this 12th day of November, 2009. On this same date, I emailed copies to the Primary Service List.

/s/ W. Joel Charboneau

U:\A CLIENTS\Briskman and Briskman\Objection to Plan\Circuit City obj to confirm plan (2).DOC

Chambers: Honorable Kevin Huennekens
United States Bankruptcy Court
Eastern District of Virginia
Richmond Division
701 East Broad Street
Richmond, VA 23219

Circuit City Stores, Inc.
4951 Lake Brook Drive
Suite #500
Glen Allen, VA 23060
(Attn: Michelle Mosier)

Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
10th and King Streets, 7th Floor
Wilmington, DE 19801
(Attn: Gregg M. Galardi and Ian S. Fredericks)

Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive
Chicago, IL 60606
(Attn: Chris L. Dickerson and Jessica S. Kumar)

McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
(Attn: Douglas M. Foley and Sarah B. Boehm)

Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067
(Attn: Jeffrey N. Pomerantz and Stanley E. Goldich)

Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 36th Floor
New York, NY 10017
(Attn: Robert J. Feinstein)

Tavenner & Beran, PLC
20 N. Eighth Street, Second Floor
Richmond, VA 23219
(Attn: Lynn L. Tavenner and Paula S. Beran)

United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
(Attn: Robert B. Van Arsdale)

5