IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

In re:

CIRCUIT CITY STORES, INC.,
<u>et al</u>.,

Jointly Administered  ,

Debtors.

_____/

Chapter 11 Proceedings

Case No. 08-35653

Hon. Kevin Huennekens

**RESPONSE OF JON C. GEITH TO DEBTORS'
FIFTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF
CERTAIN ALLEGED ADMINISTRATIVE EXPENSES ON
<u>ACCOUNT OF EMPLOYEE OBLIGATIONS</u>)**

NOW COMES Jon C. Geith ("Mr. Geith"), by counsel, for his Response to the Debtors' Fifty-Sixth Objection to Claims (Disallowance of Certain Alleged Administrative Expenses on Account of Employee Obligations) [Docket No. 5320] states as follows:

1. On or about June 26, 2009 Mr. Geith filed a claim with Debtors' claims agent, Kurtzman Carson Consultants, in the total amount of $270,000.00. On information and belief, the claim has been assigned claim number 13885 and an unsecured claim number 5434 ("Claim 13885"). It was asserted in the Claim that the entire $270,000.00 owed to Mr. Geith was entitled to administrative expense status. A copy of the claim is attached hereto and incorporated by reference as Exhibit "A".

2. On or about June 26, 2009 Mr. Geith filed a claim with Debtors' claims agent, Kurtzman Carson Consultants, in the total amount of $125,000.00. On information and belief, the claim has been assigned claim number 14173 and an unsecured claim number 4804 ("Claim 14173"). It was asserted in the Claim that the

---

CANFIELD | BAER LLP
Robert A. Canfield, Esq. VSB No. 16901
Paul McCourt Curley, Esq. VSB No. 43974
2201 Libbie Avenue, Suite 200
Richmond, Virginia 23230
Telephone: 804-673-6600
Telecopier: 804-673-6604
E-Mail: pcurley@canfieldbaer.com
  *Counsel for Jon C. Geith*

entire $125,000.00 owed to Mr. Geith was entitled to administrative expense status. A copy of the claim is attached hereto and incorporated by reference as Exhibit "B".

    3.    The Debtors' have objected to both Claim 13885 and Claim 14173.

    4.    Mr. Gieth's administrative Claims are based upon cash retention awards promised to him by the Debtor in order to retain his services as one of the key personnel to promote the turnaround of the Debtor (the Retention Awards"). Mr. Gieth, in consideration for the Retention Awards, remained a valued employee of the Debtor until his post-petition termination of employment.

    5.    With regards to Claim 13885, Mr. Geith remained a post-petition employee of the Debtor after the "1st Vest Date" of July 1, 2009. Therefore, Mr. Geith is entitled to $45,000.00. It is conceded that since Mr. Geith's employment with the Debtor did not continue through the future vesting dates, Mr. Gieth is only entitled to $45,000.00 under Claim 13885.

    6.    With regards to Claim 14173, Mr. Geith remained a post-petition employee of the Debtor after the "vesting date" of January 1, 2009. Therefore, Mr. Geith is entitled to $62,500.00. It is conceded that since Mr. Geith's employment with the Debtor did not continue through the future vesting dates, Mr. Gieth is only entitled to $62,500.00 under Claim 14173.

    7.    The entire amounts of Mr. Geith's Retention Awards, which had vested prior to the post-petition termination of his employment with the Debtor, were not earned and had not vested until after the bankruptcy petition was filed by the Debtor. In order for Mr. Geith to be entitled to the Retention Awards it was required that he provide personal services to the Debtor post-petition. Therefore, Mr. Geith's Claims did not arise until after the Debtor's bankruptcy case had been filed.

    8.    Mr. Geith reserves his right to supplement this Response in advance of any final hearing on the Objection.

    WHEREFORE, Jon C. Geith respectfully requests that the Court overrule the Objection and allow Mr. Geith's Claims (Claim 13885 and Claim 14173) in the amounts

of $45,000.00 and $62,500.00, respectively, and grant such other and further relief as is just and proper under the circumstances.

By:      /s/ Paul McCourt Curley
Robert A. Canfield, Esquire
Paul McCourt Curley, Esquire
CANFIELD | BAER LLP
2201 Libbie Avenue, Suite 200
Richmond, Virginia 23230
Tel: (804) 673-6600
Fax: (804) 673-6604

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response was served by first class mail and/or electronic means on this 16th day of November 2009 upon the following constituting all necessary parties:

Skadden, Arps, Slate, Meacher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Attn: Gregg M. Galardi
Attn: Ian S. Fredericks

McGuireWoods, LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
Attn: Dion W. Hayes
Attn: Douglas M. Foley

Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606
Attn: Chris L. Dickerson

Robert Van Arsdale, Esquire
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

Linda K. Myers, Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, Illinois 60601

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219

Jeffrey N. Pomerantz, Esquire
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067

Robert J. Feinstein, Esquire
Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 26th Floor
New York, New York 10017

                                                            /s/ Paul McCourt Curley