| UNITED STATES BANKRUPTCY COURT FOR THE Eastern District of Virginia<br>IN RE: Circuit City Stores, Inc. and Circuit City Stores West Coast, Inc.<br>CHAPTER 11 CASE NO. 08-35653 and 08-35654 | | §503(b) CLAIM<br>REQUEST FOR PAYMENT |
|---|---|---|
| Name of Debtor<br>Circuit City Stores, Inc. & Circuit City Stores West Coast, Inc. | Case Number:<br>08-35653 & 08-35654 | |
| Name and address of Creditor:<br><br>Jon C. Geith<br>c/o Robert A. Canfield<br>2201 Libbie Ave., Suite 200<br>Richmond, VA  23230 | ☐ Check box if you are aware that anyone else has filed an administrative claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☒ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR KCC USE ONLY |
| Account or other number by which creditor identifies debtor:<br><br>3875 | Check here ☐ replaces<br>if this claim ☐ amends a previously filed claim, dated: _____ | |

1. **Basis for Claim**
   ☐ Goods sold
   ☒ Other (SEE ATTACHED)

| 2. Date debt was incurred: | 3. If court judgment, date obtained: |
|---|---|

4. **Total Amount of § 503(b)( Administrative Claim:** $ 270,000.00
   If all or part of your claim is secured or entitled to priority, also compete Item 5 or 6 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Brief Description of Claim** (attach any additional information)

   See attached

6. **Credits and Setoffs:** The amount of all payments on this claim has been credited and deducted for the purpose of making this claim. In filing this claim, claimant has deducted all amounts that claimant owes to the debtor   *This Space is for KCC Use Only*

7. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your administrative claim, enclose a stamped, self-addressed envelope and copy of this administrative claim.

| Date<br>6/26/09 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>Name: Robert A. Canfield<br>Title: Attorney for Jon C. Geith | |

*Penalty for presenting a fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571



10114698 , Geith , Jon
N/A, 9/29/2008, CASH

Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233-1464



October 9, 2008

Jon Geith
14213 Riverdowns South Dr
Midlothian, VA 23113

Dear Jon:

    Congratulations! The Compensation and Personnel Committee of the Board of Directors (the "Committee") has awarded you a long-term cash incentive award (the "Award") subject to the terms of this Award letter. The purpose of this Award is to reward, motivate and retain associates who are key to our turnaround efforts and long term success of Circuit City Stores, Inc. (the "Company"). To accept this Award, please sign this letter, and fax it as instructed in Section 6 below.

    Subject to the requirements and limitations set forth in this Award letter, your Target Cash Incentive Award, Maximum Cash Incentive Award, and Award Date are as follows:

| | |
|---|---|
| Target Cash Incentive Award: | $135,000 |
| Maximum Cash Incentive Award: | $270,000 |
| Award Date: | September 29, 2008 |

    This Award is based on performance of the Company over time and the amount that you can earn at each Vest Date under the Award is subject to meeting the Performance Conditions as outlined below. For purposes of the Performance Conditions, the following definitions apply:

    <u>Minimum Availability</u>: maintaining excess availability under all of the Company's existing or future credit facilities in effect as of February 28, 2009, as such existing or future credit facilities may be amended, modified, superseded or supplemented, through February 28, 2009; and

    <u>Closing Stock Price</u>: closing stock price as reported by the exchange or market on which the Company's common stock generally has the greatest trading volume.

    The schedule of Vest Dates, the corresponding target amounts and Performance Conditions for each date are as follows:

| | |
|---|---|
| 1st Vest Date: | July 1, 2009 |
| Targeted Amount Vesting: | $45,000 |
| Performance Condition: | Minimum Availability |

2nd Vest Date: January 1, 2010
Targeted Amount Vesting: $45,000
Performance Condition: Total shareholder return based on the following stock prices:

| Closing Stock Price on Dec. 31, 2009 | % Payout of Targeted Amount Vesting |
|---|---|
| less than $3.00 | 0% |
| $3.00–$3.99 | 75% |
| $4.00–$4.99 | 100% |
| $5.00–$5.99 | 125% |
| $6.00–$6.99 | 175% |
| $7.00–$7.99 | 200% |
| $8.00–$8.99 | 225% |
| $9.00 or greater | 250% |

3rd Vest Date: July 1, 2010
Targeted Amount Vesting: $45,000
Performance Condition: Total shareholder return based on the following stock prices:

| Closing Stock Price on Vest Date | % Payout of Targeted Amount Vesting |
|---|---|
| less than $4.00 | 0% |
| $4.00–$4.99 | 75% |
| $5.00–$5.99 | 100% |
| $6.00–$6.99 | 125% |
| $7.00–$7.99 | 175% |
| $8.00–$8.99 | 200% |
| $9.00–$9.99 | 225% |
| $10.00 or greater | 250% |

If on the specified Vest Date no amount is earned or an amount less than the Targeted Amount is earned, the unearned portion of the Targeted Cash Incentive Amount for that Vest Date will roll-forward to the next Vest Date and may be earned if the minimum Performance Condition for the next Vest Date is achieved. Any amounts that are rolled forward to the next Vest Date are not eligible for more than a Target (100%) payout.

For purposes of the vesting and forfeiture requirements that follow, your employment with the "Company" includes your employment with Circuit City Stores, Inc. or with a parent or subsidiary of Circuit City Stores, Inc. within the meaning of section 424(e) and (f) of the Internal Revenue Code of 1986, as amended.

Your right to receive the portion of your Award corresponding to each of the above Vest Dates is contingent on (i) your agreeing to the terms of this Award by signing and faxing this letter, and (ii) your remaining continuously employed on a full-time active basis with the Company through and including the corresponding Vest Date. If you satisfy these

requirements, the portion of your Award that becomes vested will be paid to you in a single lump sum cash payment within 75 days following the Vest Date. In the event that you are on a leave of absence on the Vest Date, the portion of your Award that would have vested on that date will not vest until you return to active full-time employment with the Company and will then be paid within 75 days after your return.

Forfeiture. If prior to becoming fully vested in your Award, (i) your employment with the Company terminates for any reason other than your death or permanent disability, or (ii) your employment status with the Company changes to part-time, or (iii) you retire from the Company, then the unvested portion of your Award will be forfeited as of the date of your termination, change in status, or retirement, as the case may be

If your employment with the Company terminates on or before a Vest Date because of death or permanent disability, then the portion of your Target Cash Incentive Award that is scheduled to vest on a future Vest Date will vest as of the date of your death or termination for disability (assuming you otherwise meet the requirements under this Award letter), and will be paid out in a lump sum cash payment within 75 days after your death or disability.

The Committee will determine whether a permanent disability exists for purposes of the foregoing, and such determination will be conclusive and binding.

Other terms relevant to this Award letter are set forth below.

1. **Modification**. The Committee may unilaterally modify the terms of this Award letter after the Award Date provided that your consent is obtained with respect to any modification that would be detrimental to your rights hereunder, except that your consent will not be required to the extent any such modification is to comply with applicable law.

2. **Change of Control**. If you remain continuously employed on a full-time active basis with the Company through and including the date on which a Change of Control of the Company occurs, then any unvested portion of your outstanding Target Cash Incentive Award will vest as of such date and will be paid to you in a lump sum cash payment within 75 days thereafter. For this purpose, "Change of Control" has the meaning set forth in the Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference, and made a part of this Award letter.

The following provides a brief summary of the definition of Change of Control under the 2003 Stock Plan. This is intended only as a summary, and any determination of whether a Change of Control has actually occurred will be subject to the full definition set forth in the 2003 Stock Plan. In general, a Change of Control will occur upon any of the following events: (i) a third party acquires 35% of the Company's outstanding stock; (ii) the incumbent members of the Company's Board of Directors cease to be a majority of the Board (for this purpose, "incumbent members" includes directors whose election was approved by a majority of the Board); (iii) a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company; or (iv) the consummation of a plan of complete liquidation or dissolution of the Company.

3. **Withholding Taxes**. On the Vest Date, you will have taxable income equal to the amount of your vested Award, and the Company will withhold the amount of taxes required to be withheld or paid.

4. **Interpretation**. The interpretation and construction of any provision or term of this Award letter by the Committee will be final and conclusive. The terms of this Award letter and all actions taken hereunder will be governed by the laws of the Commonwealth of Virginia, without regard to the conflict of law provisions of any jurisdiction.

5. **Miscellaneous**.

a. This Award letter is the entire agreement between you and the Company concerning the Award granted hereunder.

b. Nothing in this Award letter confers any right to continued employment with the Company, or affects the Company's right to terminate an associate's employment at any time, with or without notice, and with or without cause.

c. The Company has no obligation to contribute any assets to a trust or other entity or otherwise to segregate any assets, or maintain separate accounts, for the purpose of satisfying the Award obligation hereunder.

6. **Acceptance of this Award**. In order for your Award to become effective, you must accept it by signing this letter and faxing the entire letter as soon as possible, but in no event later than November 1, 2008 to **757-299-8412**.

Your signature will also constitute your agreement to the terms and conditions contained in this letter.

Sincerely,

*[signature]*

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED: *[signature]*
Associate Signature

Jon Geith
Printed Name

10/11/08
Date

- 4 -

# Transmission Log

Circuit City                    Friday, 2008-10-10   11:30                    804-527-4186

| Job # | Date       | Time  | Length | Speed | Station Name/Number | Type | Pgs | Status        |
|-------|------------|-------|--------|-------|---------------------|------|-----|---------------|
| 18149 | 2008-10-10 | 11:26 | 3:53   | 14400 | 1-757-299-8412      | SCAN | 4   | OK -- V.17 AM11 |

---

10114698 . Geith , Jon
N/A. 9/29/2008. CASH



October 9, 2008

Jon Geith
14213 Riverdowns South Dr
Midlothian, VA 23113

Dear Jon:

    Congratulations! The Compensation and Personnel Committee of the Board of Directors (the "Committee") has awarded you a long-term cash incentive award (the "Award") subject to the terms of this Award letter. The purpose of this Award is to reward, motivate and retain associates who are key to our turnaround efforts and long term success of Circuit City Stores, Inc. (the "Company"). To accept this Award, please sign this letter, and fax it as instructed in Section 6 below.

    Subject to the requirements and limitations set forth in this Award letter, your Target Cash Incentive Award, Maximum Cash Incentive Award, and Award Date are as follows:

| | |
|---|---|
| Target Cash Incentive Award: | $135,000 |
| Maximum Cash Incentive Award: | $270,000 |
| Award Date: | September 29, 2008 |

    This Award is based on performance of the Company over time and the amount that you can earn at each Vest Date under the Award is subject to meeting the Performance Conditions as outlined below. For purposes of the Performance Conditions, the following definitions apply:

    <u>Minimum Availability</u>: maintaining excess availability under all of the Company's existing or future credit facilities in effect as of February 28, 2009, as such existing or future credit facilities may be amended, modified, superseded or supplemented, through February 28, 2009; and

    <u>Closing Stock Price</u>: closing stock price as reported by the exchange or market on which the Company's common stock generally has the greatest trading volume.

    The schedule of Vest Dates, the corresponding target amounts and Performance Conditions for each date are as follows:

| | |
|---|---|
| 1st Vest Date: | July 1, 2009 |
| Targeted Amount Vesting: | $45,000 |
| Performance Condition: | Minimum Availability |

- 1 -

Date: 1/19

Signature: the person filing this claim must sign it. Sign and print name and title, if any, or the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

FOR COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

MasterCode: 10065670



0835653081218074201202483



Circuit City Stores, Inc.
9954 Mayland Drive
Richmond, VA 23233

# Circuit City Stores, Inc.
# Employment Agreement for Jon C. Geith

This EMPLOYMENT AGREEMENT ("Agreement") is made, entered into, and is effective as of the 10th day of March, 2005 (the "Effective Date"), by and between CIRCUIT CITY STORES, INC. (the "Company") and JON C. GEITH (the "Executive").

WHEREAS, the Company desires to employ the Executive as Regional Vice President of Circuit City Stores, Inc.;

WHEREAS, the Company recognizes the Executive's intimate knowledge and experience in the business of the Company, and desires to secure the employment of the Executive in the role of Regional Vice President of the Company;

WHEREAS, upon execution of this Agreement, any prior employment agreement by and between Employee and the Company, whether oral or written, will have no force and effect with respect to the terms and conditions of the Employee's employment and will be replaced and superseded by the terms of this Agreement; and

WHEREAS, the Executive will develop and/or come in contact with the Company's proprietary and confidential information which is not readily available to the public, and which is of great importance to the Company and is treated by the Company as secret and confidential information.

NOW, THEREFORE, in consideration of the Executive's continued employment and of the mutual covenants and agreements of the parties set forth in this Agreement, and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound, agree as follows:

Article 1. Term of Employment

The Company hereby agrees to employ the Executive and the Executive hereby accepts employment as Regional Vice President of the Company, in accordance with the terms and conditions set forth herein, for an initial period of one (1) year, commencing as of the Effective Date of this Agreement as indicated above (the "Initial Term"); subject, however, to earlier termination as expressly provided herein.

The Initial Term shall automatically be renewed for additional periods of one (1) year each at the end of the Initial Term, and then again after each successive year thereafter (collectively, the "Renewal Periods," which, together with the Initial Term, constitute the "Term" of this Agreement). However, either party may terminate this Agreement at the end of the Initial Term, or at the end of any Renewal Period, by giving the other party written notice of intent not to renew, delivered at least thirty (30) days prior to the end of the Initial Term or any Renewal Period. For purposes of this Agreement, an "Employment Year" shall mean any twelve (12) month period during the Term of this Agreement beginning on the Effective Date or on any anniversary thereof.

_____ Initials