Kevin A. Lake, Esquire (VSB# 34286)
VANDEVENTER BLACK LLP
P.O. BOX 1558
Richmond, Virginia 23218-1558
(804) 237-8811
klake@vanblk.com
*Local Counsel to Claimant*

Elizabeth Weller, Esquire (Tex. Bar No. 00785514)
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
2323 Bryan St. #1600
Dallas, TX 75201
(469)221-5075 phone
(469)221-5002 fax
BethW@publicans.com email
*Co-Lead Counsel to Claimant*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:                                                                                      CASE NO. 08-35653

CIRCUIT CITY STORES, INC.

   DEBTOR                                                                              CHAPTER 11


**OBJECTION TO CONFIRMATION OF PLAN OF REORGANIZATION**


TO THE HONORABLE BANKRUPTCY JUDGE:


   NOW COME Bexar County, Cameron County, Cedar Hill, Cypress Fairbanks ISD, Dallas County, Deer Park ISD, El Paso, Fort Bend County, Frisco, Galveston County, Grayson County, Gregg County, Harris County, Irving ISD, Jefferson County, Judson ISD, Katy ISD, McAllen, McAllen ISD, McLennan County, Montgomery County, Nueces County, Rockwall CAD, Rockwall County, Round Rock ISD, Smith County, South Texas College, South Texas ISD, Sugarland, Tarrant County, and Tom Green CAD (hereinafter the "Local Texas Tax Authorities") and the City of Memphis ( together with Local Texas Tax Authorities, the "Tax Authorities") and Object to the Confirmation of the Debtor's proposed Plan of Reorganization. In support of their Objection, the Local Texas Tax Authorities would show the Court as follows:

1

I.

The unpaid claims of the Tax Authorities are included in the class of claims described as Administrative Expense Claims.

II.

The secured administrative expense claims of the Tax Authorities are impermissibly impaired under the Plan, and the Tax Authorities have not accepted the plan within the time fixed to do so.

III.

The Plan provisions which deal with the secured administrative expense claims of the Tax Authorities fail to provide proper, fair and equitable treatment for these secured claims as required by 11 U.S.C. §§ 1129(a)(9)(A) and 1129(b)(2)(A)(i) in that;

1. The Plan fails to expressly retain the statutory tax liens of the Tax Authorities for the 2009 tax year;

2. The Plan fails to expressly retain rights granted to these Tax Authorities under prior orders to the Court, including but not limited to that stipulation dated March 10, 2009, between the Debtors and the Local Texas Tax Authorities;

3. The Plan fails to clearly provide that the undisputed portion of the 2009 taxes will be paid timely in accordance with applicable non-bankruptcy law, or if the Effective Date is after the delinquency date, the Tax Authorities shall receive in addition to such claims, all penalties and interest to which they would otherwise be entitled under applicable State law to the extent provided by 11 USC § 503(b)(1)(C). The 2009 taxes for the City of Memphis became delinquent, and began accruing penalties and interest, when not paid on or before August 31, 2009; the 2009 taxes for the Local Texas Tax Authorities will become delinquent if not paid on or before January 31, 2010. Section 1129(a)(9)(A) of the Bankruptcy Code provides that, absent agreement of the Tax Authorities, administrative expense tax claims must be paid in full in cash on or before the Effective Date. Pursuant to 11 U.S.C. § 503(b)(1)(D) post-petition taxes shall be allowed as administrative expenses without the necessity of filing a request for payment. Nevertheless, the Tax Authorities have filed requests for payment with

the amounts owed for the 2009 taxes.[1]   Although most of these taxes are subject to appeal, the filing of an appeal does not affect the delinquency date. Tex. Prop. Tax Code § 42.08.  28 U.S.C. §§ 959 and 960 provide that debtors-in-possession operate subject to all State laws, including tax laws.  As additional support for the requirement that administrative taxes be timely paid,  Congress specified in  11 U.S.C. §1112 (b)(4)(I) that failure to pay post-petition taxes timely constitutes cause for dismissal of the case.  Further, failure to timely make payment of the 2009 taxes may result in the loss of the right to appeal the 2009 tax amounts.  Those taxes are the subject of dispute.  In order to preserve the right to a determination of the challenge to these taxes, the undisputed portion must be paid timely, i.e. on or before January 31, 2010.  Tex. Prop. Tax Code § 42.08.

IV.

These claims arise from property taxes for the tax year 2009 due on the debtor's property described as business personal property located in these tax jurisdictions.  Pursuant to § 32.05(b) of the Texas Property Tax Code and §§ 67-5-2101 and 67-5-2102 of the Tennessee Property Tax Code, the tax liens securing the property taxes have superior claims and liens over any other claim or lien against this property. This state law priority for tax liens is retained in the Bankruptcy Code giving these claims a superior position over all other claims against this property. 11 USC § 506; Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987); Universal Seismic Associates, Inc., 288 F.3d 205 (5th Cir. 2002); In Re Winn's Stores, Inc. 177 B.R. 253 (Bktcy W.D. Tex 1995).  This lien priority was preserved upon the proceeds from the sale of the property of the Debtors, and these proceeds constitute the Tax Authorities' cash collateral.

---

[1] The claims for the Local Texas Tax Authorities were filed with estimated amounts.  The actual amount of taxes assessed for 2009 with respect to Texas taxes has recently been determined under applicable non-bankruptcy law, and those amounts provided to the Debtors.  However due to the pendence of certain claim objections, the estimated cliaims have not been amended.

3

Unless and until their claims are paid in full, the Tax Authorities object to the use of their cash collateral for any purpose other than the payment of their claims.

V.

The inclusion of the following language in the Order Confirming the Plan would be adequate to enable the Local Texas Tax Authorities and City of Memphis to withdraw their Objection to Confirmation:

> The statutory tax liens of the Texas ad valorem tax claimants and City of Memphis for the 2009 tax year shall remain in full force and effect until all taxes, penalties and interest secured by those liens have been paid in full, and prior orders of the Court addressing these claims, including but not limited to that stipulation dated March 10, 2009, between the debtors and these taxing authorities, shall remain in full force and effect until these claims have been satisfied. To the extent that these taxes for the 2009 tax year have not been resolved and paid prior to delinquency on February 1, 2010, they shall receive in addition to such claims, all penalties and interest to which they would otherwise be entitled under state law to the extent provided by 11 USC § 503(b)(1)(C).

VI.

WHEREFORE, these Local Texas Tax Authorities and City of Memphis object to confirmation of the Plan due to noncompliance with the provisions of 11 U.S.C. § 1129, and request such other and further relief to which the Court finds they are entitled.

Dated:  November 16, 2009

Respectfully submitted,

/s/  Kevin A. Lake

Kevin A. Lake, Esquire (VSB# 34286)
VANDEVENTER BLACK LLP
P.O. BOX 1558
Richmond, Virginia 23218-1558
(804) 237-8811
klake@vanblk.com

*Local Counsel to Claimant*

Elizabeth Weller, Esq.
Texas Bar Number 00785512
2323 Bryan St. #1600
Dallas, TX 75201

(469)221-5075 direct dial
(469)221-5002 fax
BethW@publicans.com  email

*Co-Lead Counsel to Claimant*

CERTIFICATE OF SERVICE

I hereby certify that I have placed a copy of the above Objection to Confirmation of the Plan of Reorganization to the following parties by facsimile or overnight delivery and to those parties listed on the Court's Notice of Electronic Filing by means of Electronic Notification on November 16, 2009.

| | |
|---|---|
| Circuit City Stores, Inc.<br>4951 Lake Brook Drive<br>Suite #500<br>Glen Allen, VA 23060<br>(Attn: Michelle Mosier) | Counsel For The Debtors:<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>One Rodney Square<br>10th and King Streets, 7th Floor<br>Wilmington, DE 19801<br>(Attn: Gregg M. Galardi and Ian S. Fredericks)<br>Fax: 302.651.3001 |
| Skadden, Arps, Slate, Meagher & Flom LLP<br>155 N. Wacker Drive<br>Chicago, IL 60606<br>(Attn: Chris L. Dickerson and Jessica S. Kumar)<br>Fax: 312.407.0411 | McGuire Woods LLP<br>One James Center<br>901 E. Cary Street<br>Richmond, VA 23219<br>(Attn: Douglas M. Foley and Sarah B. Boehm)<br>Fax: 804.775.1061 |
| Counsel For The Creditors' Committee:<br>Pachulski Stang Ziehl & Jones, LLP<br>10100 Santa Monica Boulevard, 11th Floor<br>Los Angeles, CA 90067<br>(Attn: Jeffrey N. Pomerantz and Stanley E. Goldich)<br>Fax: 310.201.0760 | Pachulski Stang Ziehl & Jones, LLP<br>780 Third Avenue, 36th Floor<br>New York, NY 10017<br>(Attn: Robert J. Feinstein)<br>Fax: 212.561.7777 |
| Tavenner & Beran, PLC<br>20 N. Eighth Street, Second Floor<br>Richmond, VA 23219<br>(Attn: Lynn L. Tavenner and Paula S. Beran)<br>Fax: 804-783-0178 | The United States Trustee<br>701 East Broad Street, Suite 4304<br>Richmond, VA 23219<br>(Attn: Robert B. Van Arsdale) |

/s/ Elizabeth Weller
Elizabeth Weller