

**SAFECO®**

GENERAL AGREEMENT
OF INDEMNITY

SAFECO INSURANCE COMPANY OF AMERICA
GENERAL INSURANCE COMPANY OF AMERICA
FIRST NATIONAL INSURANCE COMPANY OF AMERICA
SAFECO NATIONAL INSURANCE COMPANY
HOME OFFICE: SAFECO PLAZA
SEATTLE, WASHINGTON 98185

THIS AGREEMENT is made by the Undersigned Corporation in favor of the Surety (as hereafter defined) for the purpose of indemnifying it from all loss and expense in connection with any Bonds for which it now is or hereafter becomes surety for the Undersigned Corporation, any company subsidiary to or controlled by the Undersigned Corporation (whether now owned or hereafter created or acquired) or any person, corporation, partnership or combination thereof for whom bonds are requested by an officer, broker or agent of record or designated employee of the Undersigned Corporation

DEFINITIONS: Where they appear in this agreement, the following terms shall be considered as defined below

Bond: Any and all bonds, undertakings or instruments of guarantee and any renewals or extensions thereof executed by Surety.

Surety: Any one or combination of the following: SAFECO Insurance Company of America; General Insurance Company of America; First National Insurance Company of America; SAFECO National Insurance Company; any person or company joining with any of the aforesaid companies in executing any Bond, executing any Bond at their request or providing reinsurance to them with respect to any Bond.

INDEMNITY TO SURETY: The Undersigned Corporation agrees to pay to Surety upon demand all loss and expense, including reasonable attorney fees, incurred by Surety by reason of having executed any Bond. An itemized statement of loss and expense incurred by Surety, sworn to by an officer of Surety, shall be prima facie evidence of the fact and extent of the liability of the Undersigned Corporation to Surety in any claim or suit by Surety against the Undersigned Corporation. Separate suits may be brought under this agreement as causes of action accrue, and the pendency or termination of any such suit shall not bar subsequent action by Surety

GENERAL PROVISIONS:

1. Surety shall have the right to decline to execute any Bond
2. Assent by Surety to changes in any Bond or refusal so to assent shall not release or affect the obligations of the Undersigned Corporation to Surety.
3. Surety shall have every right, defense or remedy which a personal surety without compensation would have, including the right to exoneration.
4. The Undersigned Corporation will on request of Surety procure the discharge of Surety from any Bond and all liability by reason thereof. If such discharge is unattainable, the Undersigned Corporation will, if requested by Surety, either deposit collateral with surety, acceptable to Surety, sufficient to cover all exposure under such bond or bonds, or make provisions acceptable to Surety for the funding of the bonded obligation(s).
5. The Undersigned Corporation will on request of Surety pay any premium due for any Bond, computed according to the rates currently charged by Surety, including renewal premiums until proof satisfactory to Surety is furnished of its discharge from liability under any Bond.
6. The Undersigned Corporation warrants that it is specifically and beneficially interested in the obtaining of each Bond.
7. Invalidity of any provision of this agreement by reason of the laws of any state, or for any other reason, shall not render the other provisions hereof invalid.
8. The Undersigned Corporation may cause a cessation of its indemnity so as not to cover any new Bonds for any of the entities for which it has indemnified under this agreement To do so, the Undersigned Corporation must send written notice to Surety by registered or certified mail to SAFECO Insurance Company of America, Surety Department, SAFECO Plaza, Seattle, Washington 98185, stating in such notice the effective date (not less than 30 days after receipt of notice by Surety) of termination for future Bonds. Such notice shall not act to modify or discharge the liability of the Undersigned Corporation for any Bonds which are then in force or were previously approved

Executed this ___9th___ day of ___July___, 19_92_

CIRCUIT CITY STORES, INC.
(Corporate name)

By: _Philip Dunn_ (Signature)
Philip J. Dunn, Treasurer
(Name and title)

Attest _Grady L. Dixon_ (Signature)
Grady L. Dixon, Risk Manager
(Name and title)

(Corporate seal)

CORPORATE ACKNOWLEDGMENT

STATE OF _Virginia_
County of _Henrico_ } ss.:

On this _9th_ day of _July_, 19_92_, before me personally appeared _Philip Dunn_ and _Grady L. Dixon_,
known by me to be the _Treasurer_ and _Risk Manager_ of the corporation executing the above instrument, and acknowledged said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned and on oath stated that the seal affixed is the seal of said corporation and that it was affixed and that they executed said instrument by authority of the Board of Directors of said corporation.
IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written

(SEAL)

_Jan C. McKee_
Notary Public, residing at _Chesterfield Co., Va._
(Commission expires _2-28-95_)

® Registered trademark of SAFECO Corporation
PRINTED IN U.S.A.

S-3/EP 6/90