

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DISTRICT

IN RE:

| | | |
|---|---|---|
| CIRCUIT CITY STORES, INC., et. al. | ) ) ) ) ) ) | CASE NO. 08-35653-KRH <br><br> CHAPTER 11 <br><br> JOINTLY ADMINISTERED |
| Debtors. | ) | |

**OBJECTION OF THE UNITED STATES OF AMERICA TO
CONFIRMATION OF FIRST AMENDED JOINT PLAN OF LIQUIDATION OF
CIRCUIT CITY STORES, INC. AND ITS AFFILIATED DEBTORS
AND DEBTORS IN POSSESSION AND ITS OFFICIAL COMMITTEE OF
CREDITORS HOLDING GENERAL UNSECURED CLAIMS.**

The United States of America, on behalf of its Internal Revenue Service, by and through undersigned counsel, hereby objects to confirmation of the First Amended Joint Plan of Liquidation (the "Plan") on the following grounds:

1. On November 10, 2008, the debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. On or about December 19, 2008, the Internal Revenue Service filed a proof of claim in the total amount of $5,176,709.49 which represented the debtor Circuit City Stores, Inc.'s, (Case No. 08-35653-KRH) outstanding tax liabilities.

Richard F. Stein
Special Assistant United States Attorney
D.C. Bar No. 931105
Eastern District of Virginia
600 East Main Street, Suite 1601
Richmond, VA  23219-2430
Tel. No. (804) 916-3945

- 2 -

3. On or about March 10, 2009, the Internal Revenue Service filed an amendment to its proof of claim in the total amount of $5,414,021.35 which represented the debtor Circuit City Stores, Inc.'s, outstanding tax liabilities and was filed to supersede the claim prepared and filed on or about December 19, 2008. Included among the outstanding liabilities listed on the proof of claim are for the debtor's Employer's Quarterly Tax Returns (Forms 941) for the all four quarters of 2004 through 2007, the first 3 quarters of 2008 and the prepetition portion of the last quarter of 2008. All of the liabilities set forth on the proof of claim are secured by reason of the Service's right to setoff the Circuit City Stores, Inc.'s outstanding prepetition tax liabilities against a portion of an overpayment of its prepetition corporate income tax which the Service has held.

4. The debtor's Employer's Quarterly Tax Returns (Forms 941) for 2004 through 2008 and the liabilities listed on the proof of claim were estimated and were the subject of an examination by the Service. Based on information and belief, the Service and the debtor have reached an agreement as to the debtor's Employer's Quarterly Tax Returns (Forms 941) for 2004 through 2008.

- 3 -

5. On or about December 19, 2008, the Internal Revenue Service filed a proof of claim in the total amount of $2,743.37 which represented the debtor Circuit City Stores PR LLC's, (Case No. 08-35660-KRH) outstanding tax liabilities. On or about March 16, 2009, the Internal Revenue Service filed an amended proof of claim in the total amount of $441.54 which represented the debtor Circuit City Stores PR LLC's, outstanding tax liabilities. All of that amount was listed as an unsecured general claim.

6. On or about December 19, 2008, the Internal Revenue Service filed a proof of claim in the total amount of $19,069.17 which represented the debtor Patapsco Designs, Inc.'s (Case No. 08-35667-KRH) outstanding liability for Employer's Quarterly Tax Return (Form 941) for the last quarter of 2004. Of that amount, $9,293.85 was classified as a priority tax liability and $9,775.22 was classified as an unsecured general claim.

7. The Plan's proposed treatment of secured claims fails to provide for the payment of interest. As an oversecured creditor, the Internal Revenue Service is entitled to interest on its claim from the petition date until it is fully paid. The plan fails to provide for the payment of such interest.

8. To the extent that the Plan, or its proponents, contemplates that the appropriate interest rate to be applied to

- 4 -

the Service's secured claim or to the Service's priority claim is the Case Interest Rate, the plan violates the provisions of 11 U.S.C. § 511. The proponents of the Plan have retained experienced bankruptcy counsel, tax counsel and other tax professionals who know or should know that the appropriate interest rate to be paid on tax claims pursuant to nonbankruptcy law is establish by 26 U.S.C. §§ 6621 and 6622 and that that rate is not the federal judgment rate. As a result, the Plan cannot be confirmed pursuant to 11 U.S.C. §§ 1129(a)(1), (2) and (3).

9. The Internal Revenue Service objects to the Plan because Article VI. H. and Article X. D. attempt to limit and fails to protect the setoff and recoupment rights of the Service. The Service has asserted its setoff rights in its secured claim. Under 11 U.S.C. § 553, setoff rights survive bankruptcy and confirmation of a plan cannot extinguish or limit those rights. As a result, the plan cannot be confirmed pursuant to 11 U.S.C. § 1129(a)(1).

10. The Internal Revenue Service objects to the provisions of Articles V through XII of the plan and accompanying exhibits to the extent that the debtors seek any prospective tax relief or tax determination in connection with the creation and maintenance of the Liquidating Trust Agreement.

11.  Article I. B. and Article IX. C. of the Plan attempt to establish a final administrative claims bar date. To the extent that the terms of those provisions are intended to apply to the Internal Revenue Service or any other governmental unit or might be construed to apply to or are, those sections of the Plan violate the provisions of 11 U.S.C. §503(b)(1)(D). The proponents of the plan are well aware of that fact having previously entered into an agreed Stipulation and Consent Order resolving the Service's objection to the establishment of an administrative bar date. The proponents of the Plan are proceeding As a result, the plan cannot be confirmed pursuant to 11 U.S.C. §§1129(a)(1) and (3).

12.  Various provisions in the Plan attempt to hold harmless numerous entities and individuals including but not limited to the debtors, the creditors' committee, the members of the creditor's committee and any of their officers, directors, employees, advisors, investment bankers, or agents for any liability arising or relating to a prepetition claim or the administration of the estate. To the extent that those provisions attempt to prevent the Service from pursuing any other taxpayer for any liabilities that may be related to the liabilities in this case, the Plan violates the anti-injunction

- 6 -

provisions of I.R.C. §7421 and cannot be confirmed pursuant to 11 U.S.C. § 1129(a)(3).

WHEREFORE, the United States respectfully requests that the Court deny confirmation of the Plan.

Respectfully submitted,

NEIL H. MACBRIDE
United States Attorney

By: /s/ Richard F. Stein
Special Assistant United States Attorney
Eastern District of Virginia
600 East Main Street, Suite 1601
Richmond, VA  23219-2430
Tel. No. (804) 916-3945

CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2009, a true and accurate copy of the foregoing OBJECTION OF THE UNITED STATES OF AMERICA TO CONFIRMATION OF FIRST AMENDED JOINT PLAN OF LIQUIDATION OF CIRCUIT CITY STORES, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION AND ITS OFFICIAL COMMITTEE OF CREDITORS HOLDING GENERAL UNSECURED CLAIMS was electronically filed with the Clerk of the Court using the CM/ECF system, which will thereby cause the above to be electronically served on all registered users of the ECF system that have filed notices of appearance in this matter.

Further, I hereby certify that on November 13, 2009, a true and accurate copy of the same was mailed, by U.S. Mail, first class, postage prepaid, to:

>   Honorable Kevin Huennekens
>   United States Bankruptcy Court
>   Eastern District of Virginia
>   701 East Broad Street, Suite 5000
>   Richmond, VA 23219

>   Office of the United States Trustee
>   Eastern District of Virginia
>   Attn: Robert B. Van Arsdale
>   701 East Broad Street, Suite 4304
>   Richmond, VA 23219

>   Circuit City Stores, Inc.
>   Attn: Michelle Moiser
>   P.O. Box 5695
>   Glen Allen, VA 23058-5695

- 2 -

McGuire Woods LLP
Attn: Douglas M. Foley and Sarah B. Boehm
One James Center
901 E. Cary Street
Richmond, VA 23219

Tavenner & Beran, PLC
Attn: Lynn L. Tavenner and Paula S. Beran
20 N. Eighth Street, Second Floor
Richmond, VA 23219

Further, I hereby certify that on November 13, 2009, a true and accurate copy of the same was served by UPS overnight delivery to:

Skadden, Arps, Slate, Meagher & Flom, LLP
Attn: Greg M. Galardi and Ian S. Fredericks
One Rodney Square
10th and King Street, 7th Floor
Wilmington, Delaware 19801

Skadden, Arps, Slate, Meagher & Flom, LLP
Attn: Chris L. Dickerson and Jessica S. Kumar
155 N. Wacker Drive
Chicago, Illinois 60606

Pachulski Stang Ziehl & Jones LLP
Attn: Jeffrey N. Pomerantz
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067

Pachulski Stang Ziehl & Jones LLP
Attn: Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017

/s/ Richard F. Stein
Richard F. Stein
Special Assistant United States Attorney