Peter E. Strniste, Jr., *Admitted Pro Hac Vice*
Patrick Birney, *Admitted Pro Hac Vice*
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8339
Facsimile: (860) 275-8299

Christopher L. Perkins (VSB No. 41783)
LeClairRyan, A Professional Corporation
951 E. Byrd Street
Riverfront Plaza, East Tower
Richmond, VA 23219
Telephone: (804) 783-7550
Facsimile:  (804) 783-7686

*Counsel for Schimenti Construction Co., LLC*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 11 (Jointly Administered) |
| CIRCUIT CITY STORES, INC., et al. | CASE NO. 08-35653 (KRH) |
| DEBTORS. | |

**OBJECTION OF SCHIMENTI CONSTRUCTION COMPANY, LLC
TO FIRST AMENDED JOINT PLAN OF LIQUIDATION OF CIRCUIT
CITY STORES, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS
IN POSSESSION AND ITS OFFICIAL COMMITTEE OF CREDITORS
<u>HOLDING GENERAL UNSECURED CLAIMS</u>**

Schimenti Construction Company, LLC ("Schimenti Construction"), by and through its

undersigned counsel, hereby respectfully objects (the "Objection") to the *First Amended Joint*

*Plan of Liquidation of Circuit City Stores, Inc. And Its Affiliated Debtors and Debtors in*

*Possession and Its Official Committee of Creditors Holding General Unsecured Claims* (the

"Joint Plan"), and in support hereof states:

## SUMMARY OF OBJECTION TO THE JOINT PLAN

1. The Joint Plan should not be confirmed because it is patently unconfirmable on its face.

2. As set forth in more detail below, Schimenti Construction is the legal owner of certain funds that the Debtors are holding in trust (the "Schimenti Trust Funds") pursuant to agreements by and between Schimenti Construction and Circuit City Stores, Inc. and applicable state law. The Schimenti Trust Funds are not property of the Debtors' bankruptcy estates pursuant to the plain language of § 541(d) of the Bankruptcy Code.

3. Nevertheless, the Joint Plan contemplates transferring all of the Debtors' assets—including, based on the Joint Plan's overly broad definition of "Asset", the Schimenti Trust Funds—to a liquidating trust (the "Liquidating Trust") free and clear of Schimenti Construction's property interest in the Schimenti Trust Funds.

4. If the Joint Plan were confirmed, another Joint Plan provision then permanently enjoins Schimenti Construction from pursuing its property interest in the Schimenti Trust Funds based on the overly broad discharge and injunction provisions contained in the Joint Plan.

5. Because these proposed Joint Plan provisions in tandem violate § 541(d) of the Bankruptcy Code, as well as the Due Process Clause and Takings Clauses of the Fifth Amendment of the Constitution, the Plan does not comply with the confirmation requirements contained in § 1129(a)(1), (2), and (3) of the Bankruptcy Code and should not be confirmed.

6. Additionally, the Joint Plan fails to properly classify Schimenti Construction's interest in the Schimenti Trust Fund in violation of classification provisions of § 1122 of the Bankruptcy Code.

## BACKGROUND

A. **The Prepetition Relationship Between the Debtors and Schimenti Construction**

7. On November 10, 2009 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are currently managing their post-sale properties and operating their businesses as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

8. Schimenti Construction has a primary place of business at 650 Danbury Road, Ridgefield, Connecticut 06877 and specializes in the construction and remodeling of all types of stores for the retail chain industry.

9. On or about December 19, 2008, Schimenti Construction filed a Section 503(b)(9) Claim in the amount of **$47,682.22** for materials and goods delivered and furnished to Circuit City Stores, Inc. in the ordinary course of its business within twenty (20) days of the Petition Date (the "Schimenti 503(b)(9) Claim").

10. On or about February 5, 2009, Schimenti Construction filed its proof of claim in the amount of **$812,861.70** for materials and goods delivered and furnished to Circuit City Stores, Inc. in the ordinary course of its business prior to the Petition Date (the "Schimenti Prepetition Claim") (the Schimenti 503(b)(9) Claim and the Schimenti Prepetition Claim will collectively be referred to as "Schimenti's Claims").

11. Schimenti's Claims involve two projects. The first project entailed the construction and fit-out of the Circuit City store located at 1200 Highway 22, North Plainfield, New Jersey (the "N. Plainfield Project"), governed by a certain "Stipulated Sum Contract" dated May 5, 2008 and applicable New Jersey law. Pursuant to the terms of the Stipulated Sum

Contract, Schimenti Construction agreed to furnish labor, materials and equipment necessary for the N. Plainfield Project in exchange for the contract price of $1,324,900.00. A percentage of earned funds, which comprise the Schimenti Trust Fund, were withheld by Circuit City as retainage from payments made to Schimenti Construction and do not constitute property of Circuit City's bankruptcy estate as Circuit City lacks any equitable interest in said retainage funds.

12. The second project entailed the renovation of the Circuit City store located at 521 Fifth Avenue, New York, New York (the "Fifth Avenue Project"), governed by a "Purchase Order" dated August 22, 2008. Pursuant to the terms of the Purchase Order, Schimenti Construction agreed to furnish labor, materials and equipment necessary for the Fifth Avenue Project in exchange for the contract price of $128,737.00.

13. The Schimenti Trust Funds, which are expressly excluded from property of the Debtors' bankruptcy estate pursuant to § 541(d) of the Bankruptcy Code, are currently being held by the Debtors.

**B.    The Disclosure Statement And Joint Plan**

14. On August 24, 2009, the Debtors filed the proposed Disclosure Statement and the Joint Plan. The Disclosure Statement and Joint Plan propose transferring the Schimenti Trust Fund to the Liquidating Trust for the benefit of all of the Debtors' creditors and, thereafter, permanently enjoining Schimenti Construction from pursuing its property interest in the Schimenti Trust Funds. The transfer is slated to occur notwithstanding that the Schimenti Trust Funds are not property of the Debtors' bankruptcy estate.

15. Specifically, pursuant to Article V.E.B., on the Effective Date of the Joint Plan, "each of the Debtors shall cause all of its Assets and the Assets of its Estate to be transferred to

the in accordance with the Joint Plan. See Joint Plan, Art. V.E.B. Upon the transfer of the Assets, "the Debtors shall have no further duties or responsibilities in connection with the implementation of the Plan." Id. The Joint Plan broadly defines "Assets" as "all tangible and intangible assets of every kind and nature of the Debtors and their Estates, and all proceeds thereof, existing as of the Effective Date." Id., Article I.B.1.7 (emphasis added).

16. In turn, on the Effective Date, all property treated by the Joint Plan, including, presumably, the Assets, shall vest in the Liquidating Trust "free and clear of all Liens, Claims, encumbrances, and other interests and shall thereafter be administered, liquidated by sale, collection, recovery, or other disposition and distributed by the Liquidating Trust in accordance with the terms of the Liquidating Trust Agreement and Plan." Id., Article V.E.5.J. Accordingly, upon the transfer, the Assets become property of the Liquidating Trust. Id.

17. Likewise, on the Effective Date, all persons who have held, hold or may hold Claims against or Interests in the Debtors are permanently enjoined from taking any of the following actions against the Estate(s), the Liquidating Trust, the Liquidating Trustee, or any of their property on account of any such Claims or Interests…(A) commencing or continuing, in any manner or in any place, any action or other proceeding; …(E) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan…" Id. Article X.D.

18. Thus, based on the plain language of the Joint Plan, the Schimenti Trust Funds, which are not property of the estate, will be transferred to the Liquidating Trust on the Effective Date free and clear of Schimenti Construction's property ownership interest therein. Thereafter, Schimenti Construction will be forever barred from instituting or continuing legal process to establish its rights in or otherwise collect the Schimenti Trust Funds from the Liquidating Trust

5

after the Effective Date. Meanwhile, according to the Joint Plan, the Liquidating Trust will be utilizing the Schimenti Trust Funds to make distributions in accordance with the Joint Plan.

### C.  Schimenti Construction's Objection to the Disclosure Statement

19.  On September 18, 2009, Schimenti Construction filed its Objection to the Disclosure Statement (the "Disclosure Objection"). In the Disclosure Objection, Schimenti Construction argued, among other things, that the Joint Plan did not comply with confirmation requirements contained in § 1129(a)(3) of the Bankruptcy Code because of the unlawful transfer of the Schimenti Trust Funds to the Liquidating Trust.

20.  In an effort to address the Disclosure Objection, the Debtors inserted the following language in the Disclosure Statement:

> [Schimenti Construction] has filed an objection to the Disclosure Statement (Docket. No. 4980) asserting that the Debtors hold certain funds in trust for Schimenti, which funds are not property of the Debtors' estates and cannot be transferred to the Liquidating Trust pursuant to the Plan. The Plan Proponents disagree with Schimenti . Schimenti and The Plan Proponents hereby reserve any and all rights.
> ….
>
> Nothing in the Disclosure Statement shall preclude Schimenti [Construction] from filing an adversary proceeding against the Debtors and the Liquidating Trust seeking to establish that certain funds in the possession of the Debtors, and after the Effective Date the Liquidating Trust, are not property of the Debtors' bankruptcy estate and are being held in trust pursuant to various agreements by and between the Debtors and Schimenti and applicable law. Schimenti [Construction] and the Debtors reserve any and all rights with respect to the foregoing, including (without limitation) Schimenti [Construction]'s alleged right to payment of funds allegedly held by the Debtors in trust and the treatment of those rights in the Plan.

21.  Schimenti Construction intends to commence prior to confirmation an adversary proceeding against the Debtors seeking a declaratory judgment that the Schimenti Trust Funds are not property of the Debtors' bankruptcy estate and compelling the Debtors' to turn over the Schimenti Trust Funds (the "Adversary Proceeding").

22.     Notwithstanding the insertion of the aforesaid language in the Disclosure Statement, and the commencement prior to the Effective Date of the Adversary Proceeding, the Joint Plan remains patently unconfirmable inasmuch as the Schimenti Trust Funds will be transferred, along with the rest of the Debtor's assets, to the Liquidating Trust free and clear of claims and interests on the Effective Date and, thereafter, Schimenti Construction will be forever barred from prosecuting the Adversary Proceeding to judgment.

## **OBJECTION**

### I. THE JOINT PLAN IS PATENTLY UNCONFIRMABLE BECAUSE IT IS FORBIDDEN BY LAW

23.     Sections 1129(a)(1) and (2) of the Bankruptcy Code provide that the plan and plan proponent must comply with the provisions of the Bankruptcy Code.  Section 1129(a)(3) of the Bankruptcy Code provides that a plan must be "proposed in good faith and not by any means forbidden by law." Id.  "Section 1129(a) includes thirteen conditions, as represented by its subsections (1) through (13), that must be satisfied before a Court may enter an order confirming any proposed plan." In re Remington Forest, No. CIV.A. 95-76069, 1996 WL 33340744, *7 (Bankr.D.S.C., June 18, 1996).  "If any one of these conditions are not satisfied (save for § 1129(a)(8)), a proposed plan may not be confirmed." Id.; see also, Mickey's Enters., Inc. v. Saturday Sales, Inc. (In re Mickey's Enters., Inc.), 165 B.R. 188, 193 (Bankr.W.D.Tex.1994) ("In order to confirm a plan the court must find that the plan and its proponent have complied with the applicable provisions of Title 11…"); H.R.Rep. No. 95-595, at 412 (1977) ( "Paragraph (1) [of § 1129(a) ] requires that the plan comply with the applicable provisions of chapter 11…")

    **A.**    **As Proposed, The Joint Plan Violates the Bankruptcy Code Because It Proposes Transferring Non-Estate Property—The Schimenti Trust Fund—To the Liquidating Trust**

24. As discussed, supra, the Joint Plan proposes transferring *all* of the Debtors' "Assets" to the Liquidating Trust regardless of whether the "Asset" is property of the Debtors or the Debtors' bankruptcy estates. This Joint Plan provision violates § 541 of the Bankruptcy Code.

25. Section 541(a) of the Bankruptcy Code provides a statutory basis enabling this Court to exercise jurisdiction over property of the Debtors or the Debtors' estates. See 11 U.S.C. § 541(a). The reach of § 541(a), however, is not without its boundaries. See United States v. Whiting Pools, Inc., 462 U.S. 198 (1983); In re Graham, 726 F.2d 1268, 1270 (8th Cir.1984); In re Titan Energy, Inc., 837 F.2d 325, 329 (8th Cir.1988). In Whiting Pools, the Supreme Court stated that Congress did not intend to include within this definition property of another in which the debtor holds only a "minor interest such as a lien or bare legal title." Whiting Pools, 462 U.S. at 204 n. 8. Indeed, courts also have held that Congress did not intend Section 541 "to enlarge a debtor's rights against others beyond those existing at the commencement of the case". In re N.S. Garrott & Sons, 772 F.2d 462, 466 (8th Cir.1985).

26. In turn, a debtor may not use Section 541(a) to divest another of property to which they rightfully have title. See, In re Central Medical Center, Inc. 122 B.R. 568, 573 (Bankr.E.D.Mo. 1990); see also, In re Butts, 46 B.R. 292, 297 (Bankr.D.N.D.1985).

27. Central Medical is instructive on this point. In Central Medical the debtor held only a reversionary interest in certain funds at the commencement of its bankruptcy case. See id. 122 B.R. at 573. Nevertheless, the debtor's plan of reorganization—not unlike the Debtors' Joint

8

Plan here—sought to use the funds to satisfy administrative claim expenses and to meet its working capital needs. Notably, had the debtor not filed for bankruptcy relief, it would not have had access to the fund until all of its bond indebtedness had been satisfied. Id. "In short, through the bankruptcy process the [debtor sought] to expand the estate's reversionary interest to a present possessory interest in the entire fund [and] expand the estate's interest in the fund from that which the debtor held at the instant before the filing of this case." Id.

28. The Central Medical court found that the fund was not property of the debtor's bankruptcy under § 541(a) because it merely held a reversionary interest in the fund. Id. Once the court determined that the plan improperly expanded the estate's interest in the fund, it concluded that the plan failed to satisfy § 1129(a) of the Bankruptcy Code. Id.

29. The similarities between the plan in Central Medical and the Debtors' Joint Plan here are striking. Both attempt to exercise dominion and control under § 541 over non-debtor/non-estate property by way of a plan of reorganization; both attempt to divest the true owner of its respective ownership interests in the property by way of a plan of reorganization; and both attempt to utilize that property to fund their reorganization plans. Not unlike the debtor in Central Medical, the Debtors' efforts in the Joint Plan to utilize the Schimenti Trust Fund to fund the Liquidating Trust and satisfy claims against the Debtors violate § 541 of the Bankruptcy Code.

30. In turn, because the Joint Plan violates § 541 of the Bankruptcy Code, it is patently unconfirmable pursuant to § 1129(a)(1) and (2) of the Bankruptcy Code.

B.     **The Joint Plan Violates Schimenti Construction's Due Process Rights**

1.     **The Adversary Proceeding Is Constitutionally Based and May Not be Disregarded**

31.    Here, the Joint Plan proposes that on and after the Effective Date, Schimenti Construction will be forever enjoined from pursuing its rights to the Schimenti Trust Funds in this or any other Court, regardless of whether the Adversary Proceeding has been commenced or not.  In other words, the Joint Plan deprives Schimenti Construction of its due process rights to be heard on, adjudicate the existence of and its entitlement to the Schimenti Trust Funds in the Adversary Proceeding.  This provision is in clear violation of the Due Process clause of the Fifth Amendment.

32.    The Adversary Proceeding Schimenti Construction intends to initiate seeks a declaratory and equitable relief that: (a) the Schimenti Trust Funds are the rightful property of Schimenti Construction, (b) such funds are simply being held by the Debtors in trust for Schimenti Construction's benefit, (c) such funds do not constitute property of the Debtors' bankruptcy estate, and (d) the Debtors should be compelled to turnover such funds held in trust to Schimenti Construction.  Rule 7001(7) and Rule 7001(9) of the Federal Rules of Bankruptcy Procedure expressly require an adversary proceeding to obtain the relief sought in the Adversary Proceeding.

33.    In turn, the requirement that certain relief may be obtained through the institution of an adversary proceeding is recognized to be constitutionally rooted in the Fifth Amendment due process clause. See, generally,  Cen-Pen Corp., 58 F.3d 89, 93 (4th Cir. 1995) (avoidance of

a perfected security interest in a residence may not be achieved simply through confirmation of a Chapter 13 plan, as Bankruptcy Rule 7001(c) requires the filing of an adversary proceeding).

34. Indeed, the rights that Schimenti Construction attempts to adjudicate in the Adversary Proceeding are broader than that of a secured creditor inasmuch as Schimenti Construction has an ownership interest in the Schimenti Trust Funds under applicable law. See, e.g. Ruckelshaus v. Monsanto Co., 1025 U.S. 986, 1001 (1984) ("[P]roperty interests [for Fifth Amendment purposes] are not created by the Constitution but are created and defined by an independent source such as state law."); In re Pitchford, 410 B.R.416, 423-24 (Bankr. W.D. Pa 2009) (determining that a trust beneficiary possesses an equitable ownership interest in the trust property, which is substantively different than an equitable lien against the property)

35. Schimenti Construction's rights to have its ownership interests in the Schimenti Trust Funds adjudicated in the Adversary Proceeding cannot be abrogated by way of non-adversary confirmation procedures related to the Joint Plan. The Joint Plan's efforts at transferring the Schimenti Trust Fund to the Liquidating Trust free and clear Schimenti Construction's interest without affording Schimenti Construction its day in court violates applicable law and therefore violates § 1129(3). As such, the Joint Plan should not be confirmed.

    2. **The Joint Plan Constitutes an Unconstitutional Taking of the Schimenti Trust Funds**

36. The Joint Plan is likewise unconfirmable under § 1129(a)(3) of the Bankruptcy Code because it violates the Fifth Amendment's Takings Clause. Specifically, the Joint Plan improperly seeks to assert jurisdiction over the Schimenti Trust Fund, abrogates Schimenti Construction's Fifth Amendment due process right to have the "property of the estate" question adjudicated in the Adversary Proceeding, permanently enjoins Schimenti Construction from

having its timely day in court in the Adversary Proceeding and seeks to permanently enjoin Schimenti Construction from prosecuting the Adversary Proceeding.

37.     Congress's bankruptcy powers are subject to the Fifth Amendment's prohibition against taking private property without compensation.  See, generally, Louisville Joint Stock Land Bank vs. Radford, 295 U.S. 555, 594-96 (1935)(noting that bankruptcy laws are subject to the Takings Clause).  The Takings Clause of the Fifth Amendment prevents Congress from depriving private persons of vested property rights except for a public use and upon payment of just compensation.  See Landgray vs. USI Film Products, 511 U.S. 244, 265 (1994)("The Fifth Amendment's Takings Clause prevents the Legislature (and other government actors) from depriving private persons of vested property rights except for a 'public use' and upon payment of 'just compensation.'").  Indeed, "[i]t is undisputed that the takings clause of the fifth amendment protects certain of the rights of secured creditors." Travelers Ins. Co. v. Bullington  878 F.2d 354, 359 (11th Cir.,1989).

38.     Because the Joint Plan, if confirmed, attempts to deprive Schimenti Construction from its ownership interest in the Schimenti Trust Fund and forever bars it from instituting or continuing legal process to establish its rights in the Schimenti Trust Funds, the Joint Plan violates Schimenti Construction's Fifth Amendment Rights, violates law and, therefore, is unconfirmable under § 1129(a)(3) of the Bankruptcy Code.

## II.    THE JOINT PLAN FAILS TO PROPERLY CLASSIFY THE SCHIMENTI CONSTRUCTION'S INTEREST IN THE SCHIMENTI TRUST FUND

39.     The Joint Plan fails to property classify Schimenti Construction's interest in the Schimenti Trust Fund, notwithstanding information related thereto was contained in the Disclosure Statement.

12

40. The general rules as to proper classification under § 1122(a) was stated in Greneda Wines, Inc. vs. New England Teamsters and Trucign Indus. Pension Fund, 748 F.2d 42 (1st Cir. 1984)

> The general rules regarding classification is that "all creditors of equal rank with claims against the same property should be placed in the same class." Separate classifications for unsecured creditors are only justified "where the legal character of their claims is such as to accord them a status different from the other unsecured creditors."

Id. 748 F.2d at 41.

41. The Joint Plan must contain a mechanism to memorialize Schimenti Construction's interest in the Schimenti Trust Fund and payment of the Schimenti Trust Fund to Schimenti Construction in the event the Schimenti Trust Funds are not deemed property of the Debtors or the Debtors' estates.

42. The failure to classify Schimenti Construction's interest in the Schimenti Trust Fund constitutes and improper classification under § 1122 of the Bankruptcy Code.

**WHEREFORE**, as set forth in more detail above, the Joint Plan is patently unconfirmable. Accordingly, the Court should decline to approve the Joint Plan unless and until the Joint Plan is modified to provide: (i) that the Schimenti Trust Fund continue to be held in trust by the Debtors or the Liquidating Trust until such time a final, non-appealable judgment is entered in the Adversary Proceeding; (ii) a mechanism enabling Schimenti Construction to prosecute the Adversary Proceeding to a final, non-appealable judgment; and (iii) a mechanism enabling Schimenti Construction to obtain the proceeds constituting the Schimenti Trust Fund upon the entry of a final, non-appealable judgment.

                      RESPECTFULLY SUBMITTED,
                      SCHIMENTI CONSTRUCTION COMPANY, LLC


                      By: /s/Christopher L. Perkins
                               Counsel


Christopher Perkins (VA Bar No.41783)
LeClairRyan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
Telephone: (703) 684-8007
Fax: (703) 647-5982
christoper.perkins@leclairryan.com


Peter E. Strniste, Jr., *Admitted Pro Hac Vice*
Patrick Birney, *Admitted Pro Hac Vice*
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8339
Fax: (860) 275-8299
pstrniste@rc.com
pbirney@rc.com

# CERTIFICATE OF SERVICE

Pursuant to the *Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures* entered on November 13, 2008 [Docket No. 130], I hereby certify that on this 16th day of November 2009 the foregoing was served upon the following parties via electronic mail.

Skadden, Arps, Slate, Meagher &
Flom, LLP One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
Attn: Gregg M. Galardi
Attn: Jan S. Fredericks

McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Attn: Douglas M. Foley

Skadden, Arps, Slate, Meagher &
Flom, LLP 333 West Wacker Drive
Chicago, IL 60606
Attn: Chris L. Dickerson

I further certify that the original of the foregoing was filed with the Court via the Clerk's CM/ECF electronic filing system on November 16, 2009.

/s/ Christopher L. Perkins
Counsel