## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re: : | Chapter 11 |
| : | |
| **Circuit City Stores, Inc.**, *et al.*, : | Case No. 08-35653 (KRH) |
| : | |
| **Debtors.** : | |

### CHATHAM COUNTY, GEORGIA TAX COMMISSIONER'S OBJECTIONS TO CONFIRMATION TO THE DEBTOR'S FIRST JOINT AMENDED PLAN OF REORGANIZATION

Chatham County, Georgia Tax Commissioner ("Chatham County"), by the undersigned counsel, hereby objects to Confirmation of the Debtors First Amended Joint Plan of Liquidation (the "Plan"), and in support thereof states as follows:

### A.
### 2008 PRE-PETITION SECURED TAX CLAM

1. Chatham County holds a secured claim for *ad valorem* personal property taxes assessed for the 2008 tax year in the amount of $24,325.35. Pursuant to OCGA 48-2-56, Chatham County's taxes are secured by a statutory, first priority lien.

2. Chatham County's claim appears to be part of the Plan's "Class 1 Miscellaneous Secured Claims." The Plan specifically provides, regarding Class 1 Miscellaneous Secured Claims, that: "[N]o Distributions shall be made to the Holder of any Allowed Miscellaneous Secured Claim unless either (a) the Liquidating Trust has sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Miscellaneous Secured Claims, or (b) the Liquidating Trust Oversight Committee consents to

---

William A. Gray, Esquire – VSB #46911
C. Thomas Ebel, Esquire – VSB # 18637
Ashley Burges, Esquire – VSB # 67998
Sands, Anderson, Marks & Miller, P.C.
801 East Main Street, Suite 1800
(Post Office Box 1998)
Richmond, Virginia 23219 (23218-1998)
Phone: (804) 648-1636
Fax:    (804) 783-7291
*Counsel for Chatham County, Georgia Tax Commissioner*

all or any portion of such Distribution." Plan, ¶III. B. 1.

3. As Chatham County's lien for taxes is superior to all other liens upon the subject assessed personal property, and/or upon any proceeds resulting from the sale thereof, the Plan's provisions regarding payments to Class 1 Miscellaneous Secured Claims ignores the first priority lien of Chatham County. Specifically, according to its terms, the Plan will allow the Liquidating Trustee to pay other miscellaneous secured claims ahead of Chatham County's claims, despite Chatham County's priority status. To the extent the Liquidating Trustee elects to pay other miscellaneous secured claims ahead of Chatham County's secured claim, such that Chatham County fails to receive the full amount of its claim, including interest, the Plan violates 11 U.S.C. §129(b)(2)(A)(i)(II) which provides in relevant part:

> The condition that a Plan be fair and equitable…includes…with respect to a class of secured claims a Plan provides that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the Plan, of at least the value of such holder's interest in the estate's interest in such property.

4. Additionally, the Plan fails to provide any information as to what happens if there is insufficient cash available to pay all of the Class 1 Miscellaneous Secured Claims in full. The Plan should provide that in such an event, the class claimants will be paid in accordance with the respective lien priorities. Furthermore, the Plan should provide that should there be any shortfall in paying Chatham County's secured claim in full, its claim or any remaining balance due should thus be treated as a priority tax claim under 11 U.S.C. §507(a)(8)(B).

5. Chatham County also objects in that the Plan fails to provide that interest will be paid on the County's secured tax claims as required under 11 U.S.C. §506(b). §506 provides:

2

> (b) to the extent that an allowed claim is secured by property, the value of which, after any recovery under subsection C of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the…State statute under which such claim arose.

6. Furthermore, the interest that must be paid to Chatham County's secured claim is the applicable interest rate for personal property taxes in Chatham County, Georgia. 11 U.S.C. § 511:

> (a) if any provision in this title requires payment of interest on a tax claim or any an administrative expense tax, or the payment of interest to enable a creditor to receive the present value of the allowed amount of the tax claim, the rate of interest shall be the rate determined under applicable non-bankruptcy law.

7. The applicable interest rate for taxes in Chatham County, Georgia is 1% per month. See, O.C.G.A. § 48-2-40. Absent the payment of interest in accordance with 11 U.S.C. § 506(b) and 511(a), the Plan violates 11 U.S.C. § 1129(b)(2)(A)(i)(I) and (II), and cannot be confirmed.

**B.**
**2009 SECURED ADMNISTRATIVE EXPENSE TAX CLAIM**

8. Chatham County holds an administrative claim for *ad valorem* personal property taxes assessed for the 2009 tax year in the amount of $23,376.11. Pursuant to OCGA 48-2-56, Chatham County's taxes are secured by a statutory, first priority lien. This claim was subject to the Debtors' Thirty-Seventh Omnibus Objection to Claims, to which Chatham County did not oppose, and thus the Claim will be reduced to $16,282.00.

9. On information and belief, Chatham County's claim will be paid pursuant to Article III, para. A.1. However, Chatham County objects in that the Plan fails to provide that interest should be paid as required under 11 U.S.C. §506(b), since this claim is also a secured claim. §506 provides:

3

> (b) to the extent that an allowed claim is secured by property, the value of which, after any recovery under subsection C of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the…State statute under which such claim arose.

10. Furthermore, pursuant to 11 U.S.C. § 511, the interest that must be paid to Chatham County's secured claim is the applicable interest rate for personal property taxes in Chatham County, Georgia. 11 U.S.C. § 511 states:

> (a) if any provision in this title requires payment of interest on a tax claim or any an administrative expense tax, or the payment of interest to enable a creditor to receive the present value of the allowed amount of the tax claim, the rate of interest shall be the rate determined under applicable non-bankruptcy law.

11. The applicable interest rate for taxes in Chatham County, Georgia is 1% per month. See, O.C.G.A. § 48-2-40. Absent the payment of interest in accordance with 11 U.S.C. § 506(b) and 511(a), the Plan violates 11 U.S.C. § 1129(b)(2)(A)(i) (I) and (II), and cannot be confirmed.

## C.
## MISCELLANEOUS OBJECTIONS

12. Chatham County further objects to the confirmation of the Plan to the extent that it permits Debtors to opt to pay the taxes over an extended period of time, in the event its claims are determined to be Allowed Priority Tax Claims. Rather, Chatham County asserts that their claim should be paid in full as soon as practicable after their claims are Allowed, as it appears that Debtors have effectively liquidated their property in Chatham County, Georgia.

13. Chatham County further objects to the broad exculpation provisions of Article VIII.G. Such provisions, if read literally, would excuse noncompliance with applicable tax laws.

4

WHEREFORE, Chatham County, Georgia Tax Commissioner requests that confirmation of the Plan be denied, and for such other and further relief as may be just and proper.

**Respectfully Submitted,**

**CHATHAM COUNTY, GEORGIA TAX COMMISSIONER**

**By Counsel**

　/s/ William A. Gray
William A. Gray, Esquire – VSB #46911
C. Thomas Ebel, Esquire – VSB # 18637
Ashley Burgess, Esquire – VSB # 67998
Sands, Anderson, Marks & Miller, P.C.
801 East Main Street, Suite 1800
(P.O. Box 1998)
Richmond, Virginia 23219 (23218-1998)
Phone:  (804) 648-1636
Fax: (804) 783-7291
*Counsel for Chatham County, Georgia Tax Commissioner*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of November, 2009, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and was mailed, by U.S. Mail, first class, postage prepaid, to all persons on the attached Service List:

**SERVICE LIST**

Daniel F. Blanks, Esquire
Douglas M. Foley, Esquire
McGuire Woods, LLP
9000 World Trade Center
101 W. Main Street
Norfolk, VA 23510
*Counsel for Debtors*

David W. Hayes, Esquire
James S. Sheerin, Esquire
Sarah Beckett Boehm, Esquire
McGuire Woods, LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
*Counsel for Debtors*

Gregg M. Galardi, Esquire
Skadden Arps Slate Meagher & Flom, LLC
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
*Counsel for Debtors*

Chris L. Dickerson, Esquire
Skadden Arps Slate Meagher & Flom, LLC
333 West Wacker Drive
Chicago, IL 60606
*Counsel for Debtors*

Robert Van Arsdale, Esquire
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
*U.S. Trustee's Office*

Linda K. Myers, Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, Illinois 60601
*Special Counsel for Debtors*

David S. Berman, Esquire
Riemer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, Massachusetts 02108
*Counsel for Bank of America, N.A.*

Bruce Matson, Esquire
LeClair Ryan
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
*Counsel for Bank of America, N.A.*

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
*Local Counsel for the Official Committee of Unsecured Creditors*

Jeffrey N. Pomerantz, Esquire
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard, 11th Fl
Los Angeles, CA 90067
*Counsel for the Official Committee of Unsecured Creditors*

Robert J. Feinstein, Esquire
Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 26th Floor
New York, NY 10017
*Counsel for the Official Committee of Unsecured Creditors*

          /s/ William A. Gray