

DAVID M. STERN (CA State Bar No. 67697),
MICHAEL L. TUCHIN (CA State Bar No. 150375), and
KORIN A. ELLIOTT (CA State Bar No. 260363)
KLEE, TUCHIN, BOGDANOFF & STERN LLP[1]
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Telephone:    (310) 407-4000
Facsimile:    (310) 407-9090

    -and-

WILLIAM A. BROSCIOUS (VA State Bar No. 27436)
KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Richmond, Virginia 23233
Telephone:    (804)741-0400, ext. 202

Counsel for Claimant (Claim Nos. 1009, 9681)
PARAMOUNT HOME ENTERTAINMENT INC.

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | |
|---|---|
| In re<br><br>CIRCUIT CITY STORES, INC., *et al.*,<br><br>    Debtors.[2] | Case No.: 08-35653-KRH<br>(Jointly Administered)<br><br>Chapter 11 |

### OBJECTION OF PARAMOUNT HOME ENTERTAINMENT INC. TO FIRST AMENDED JOINT PLAN OF LIQUIDATION OF CIRCUIT CITY STORES, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION AND ITS OFFICIAL COMMITTEE OF CREDITORS HOLDING GENERAL UNSECURED CLAIMS

---

[1] Orders granting *pro hac vice* admission for Messrs. Stern and Tuchin and Ms. Elliott (f/k/a Korin A. Avelino) were entered by the Court on July 24, 2009. See Docket Nos. 4279, 4280, and 4281.

[2] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

# I.
# INTRODUCTION

Pursuant to Bankruptcy Code section 1129(a)(9), Paramount Home Entertainment Inc. ("Paramount") respectfully submits this Objection to the *First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims* [Docket No. 5124] (the "Plan"). In particular, the Plan provisions describing the treatment of administrative claims do not provide for those claims to be paid in full. Therefore, the Plan cannot be confirmed.

# II.
# BACKGROUND

On November 10, 2008 (the "Petition Date"), the debtors in the above-captioned cases (collectively, the "Debtors"), filed voluntary chapter 11 petitions in this Court.

In the ordinary course of business, prior to the Petition Date, Paramount regularly received orders from and shipped goods to the Debtors. As of the Petition Date, the Debtors had received many goods from Paramount for which the Debtors had not yet paid, resulting in a substantial pre-petition debt. Paramount has asserted the following claims and rights to payment against the Debtors:

1. A section 503(b)(9) claim,[3] Claim No. 1009, in the amount of $3,133,634.57.
2. A reclamation claim, which may be denominated as one for conversion of or an *in rem* claim to the proceeds of the goods subject to reclamation[4] for $11,600,840.04. This amount is inclusive of the amount entitled to priority pursuant to section 503(b)(9), although obviously Paramount does not seek a double recovery.

---

[3] Although there are legally significant statutory differences between claims under sections 501 and 502 and rights to payment under section 503, in the interest of linguistic simplicity, Paramount will refer to a right to payment under section 503(b)(9) and other administrative expenses as claims.

[4] The Debtors sought to reclassify Paramount's claim arising from its right of reclamation as a general unsecured claim. *See* Docket No. 3703. Paramount opposes any such reclassification. That matter has not yet been decided by this Court.

1                                    *Paramount Objection to Confirmation of Ch. 11 Plan*

3. A general pre-petition claim, Claim No. 9681, for $16,497,463.67 less amounts which are allowed in connection with the reclamation claim and the section 503(b)(9) claim.

## III.
## THE PLAN FAILS TO COMPLY WITH BANKRUPTCY CODE SECTION 1129(a)(9)(A).

A. **Administrative Expenses Must Be Paid in Full on the Effective Date.**

Section 1129(a) of the Bankruptcy Code sets forth the mandatory requirements for confirmation of a plan. *See* 11 U.S.C. § 1129(a). Among those requirements is that administrative expenses be paid in full on the effective date of the plan. *See* 11 U.S.C. § 1129(a)(9)(A). The statute states that, for a plan to be confirmed,

> Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that . . . ***with respect to a claim of a kind specified in section 507(a)(2)*** or 507(a)(3) of this title, on the effective date of the plan, ***the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim*** . . .

*Id.* (emphasis added).

Bankruptcy Code section 507(a)(2) describes administrative expenses allowed under section 503(b), including *inter alia* those arising under section 503(b)(9). Therefore, it is clear that, under section 1129(a), section 503(b)(9) claims, such as the one held by Paramount in these cases, are entitled to cash equal to the amount of the claim on the effective date of the Plan.[5] *See also* CIT Commun. Fin. Corp. v. Midway Airlines

---

[5] As noted above, Paramount also believes that the pre-petition claim it holds arising from its right of reclamation is either an administrative expense claim for the conversion of the proceeds of the goods subject to reclamation or an *in rem* claim to the proceeds themselves. In either event, Paramount, if successful, is certainly entitled to be paid in full no later than the effective date of the Plan or the resolution of Paramount's claim; and, if resolution is delayed beyond the effective date of the plan, there must be sufficient funds readily available to satisfy the reclamation claim (whether it is an administrative claim or an *in rem* claim) assuming it is allowed in full. *See Joinder of Paramount Home Entertainment Inc. to Motions of Pioneer Electronics and Samsung Electronics America, Inc. for Order Requiring Confirmation Deposit Under Fed. R. Bankr. P. 3020(a)*, concurrently filed herewith.

2    Paramount Objection to Confirmation of Ch. 11 Plan

Corp. (In re Midway Airlines Corp.), 406 F.3d 229, 242 (4th Cir. 2005) (stating that under section 1129(a)(9)(A), "administrative expense[s] under § 503(b) must be paid in cash on the effective date of the plan in a chapter 11 proceeding").

### B. The Plan May Not Provide for Payment in Full of All Administrative Expenses.

The Plan provides a convoluted scheme for payment of administrative expenses that makes it very difficult to determine when, if ever, all of those expenses will be paid. *See* Plan, Section III.A. In particular, the Plan states that,

> [O]n, or as soon as reasonably practicable after, the earlier of (a) the Distribution Date immediately following the date an Administrative Claim becomes an Allowed Administrative Claim or (b) the date that is ninety (90) days after the date on which such Administrative Claim becomes an Allowed Administrative Claim a Holder of an Allowed Administrative Claim shall receive, to be paid out of the Liquidating Trust, in full and final satisfaction, settlement and release of and in exchange for such Allowed Administrative Claim, (a) Cash equal to the unpaid portion of such Allowed Administrative Claim or (b) such other treatment as to which such Holder and the Debtors and/or the Liquidating Trustee shall have agreed upon in writing . . .

*See id.* Under this scheme, the soonest that an administrative claimant will receive payment is on the Initial Distribution Date, defined by the Plan to be "at least five (5) Business Days after the funding of the Liquidating Trust." *Id.*, Section I.B. Because, the Liquidating Trust is not established until the effective date of the Plan, *see id.*, Section V.E, even the administrative expenses paid earliest pursuant to the Plan will not be paid on the effective date, but "at least" five business days after. On the other hand, the latest that an administrative claimant may receive payment is ninety (90) days after such claim becomes an Allowed Administrative Claim. *Id.*, Section III.A. However, this outer limit on when administrative expenses may be paid is similarly indeterminate because it is unclear when the claims will be "allowed."

Under the Plan, before the deadline to bring objections to the allowance of claims, any claim that has not been previously allowed or disallowed by Final Order of the Court or the Plan is deemed a Disputed Claim. The Plan provides for the deadline to file objections to administrative claims to be no earlier than one hundred twenty (120) days after the effective date of the Plan and allows for the deadline to be extended even further. *See id.*, Section I.B. Under these provisions, even administrative expenses to which the Debtors have not objected and never intend to object, likely including the majority of the Paramount 503(b)(9) Claim, may not be deemed allowed until at least one hundred twenty days after the effective date.[6] The date on which the Paramount 503(b)(9) Claim, or any administrative expense, will be deemed allowed, let alone paid, is uncertain to say the least. On this basis alone, the Plan fails to comply with the requirements of section 1129(a)(9) and cannot be confirmed.

However, there is more. The *Disclosure Statement with Respect to First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General*

---

[6] In addition, the Debtors have already filed multiple objections to section 503(b)(9) expenses, in which they seek to temporarily disallow millions of dollars of administrative expenses on the basis that they may be subject to avoidance. *See, e.g.,* Docket Nos. 5214, 5216. Although, no avoidance action has been commenced against Paramount, under Exhibit D of the Plan, the Liquidating Trustee retains the right to bring such an action after the effective date of the Plan. *See Notice of Filing Plan Exhibits* [Docket No. 5548], Exh. D. The resolution of any temporary disallowance premised on a potential avoidance action may not occur for some time beyond the effective date of the Plan. Therefore, these (and other potential objections) further delay payment of certain section 503(b)(9) expenses beyond the already uncertain date administrative claims will be paid pursuant to Section III.A of the Plan.

Although the Debtors have not filed any pleadings stating how they intend to handle reclamation claimants, it appears that they oppose the classification of claims arising from the right of reclamation as anything other than general unsecured claims. *See* Docket No. 3703. However, as the Debtors have continually postponed the consideration of this issue throughout the cases, it is unclear when this determination will be made. If the Court ultimately determines that Paramount's claim arising from its right of reclamation and the numerous other similar claims are entitled to payment in full, Paramount does not believe that the Debtors will be capable of satisfying all of those obligations.

*Unsecured Claims* [Docket No. 5030] (the "Disclosure Statement") admits that:

> [A]s the number and amount of Priority Tax Claims and Administrative Claims are presently unknown to the Debtors, it is possible that, if the actual number and amount of Priority Tax Claims and Administrative Claims exceeds the Debtors' estimate, the Debtors may not obtain enough Cash to satisfy all Priority Tax Claims and Administrative Claims in full.

Disclosure Statement, at Section X.C. The Debtors' concession of the possibility that they may not be able to pay all administrative and priority claims in full makes it even more concerning that the Plan postpones the payment of many administrative claims until some as yet undetermined date in the future. The Plan, therefore, violates section 1129(a)(9) because it does not provide for payment of all administrative claims on (or even near) the effective date and it does so with the knowledge that there may not ultimately be sufficient funds to pay all of these similarly situated administrative claimants in full.[7]

### C.    The Plan Fails to Comply with Bankruptcy Code Section 1129(a)(9)(A).

In short, the Plan claims to pay all administrative expenses in full, as required by section 1129(a)(9)(A), but in reality it cannot achieve that result. Under the Plan's staggered scheme for payment of administrative expenses and given the possibility (recognized even by the Debtors) of administrative insolvency, what could easily happen is that some administrative claimants, whose claims are resolved first, will be paid in full while those at the "back of the line" will get little or nothing. This possible result is a clear violation of section 1129(a)(9)(A) and, therefore, confirmation must be denied.

---

[7] Indeed, as the Debtors continue to file numerous objections to almost all section 503(b)(9) claims, *see, e.g.*, note 4 *supra*, it seems that the Debtors may be engaging in a desperate attempt to lower the amount of administrative claims so that the Plan may be confirmable.

# IV.
# CONCLUSION

Under the authority discussed above, Paramount submits that the Plan fails to comply with Bankruptcy Code section 1129(a)(9) and that the Plan, therefore, cannot be confirmed.

Respectfully submitted,

DATED: November 13, 2009

KLEE, TUCHIN, BOGDANOFF & STERN LLP

By: _____
David M. Stern
Michael L. Tuchin
Korin A. Elliott
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel: (310) 407-4000
Email: dstern@ktbslaw.com

KEPLEY BROSCIOUS & BIGGS, PLC

By: _____ /KAE
William A. Broscious
2211 Pump Road
Richmond, Virginia 23233
804.741.0400 ext. 202
Email: wbroscious@kbbplc.com

Counsel for PARAMOUNT HOME
ENTERTAINMENT INC.

## CERTIFICATE OF SERVICE

I, Korin A. Elliott, hereby certify that a true and correct copy of the foregoing *Objection of Paramount Home Entertainment Inc. to First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* has been served upon the parties listed below via overnight courier on this 13th day of November, 2009.

/s/     *Korin A. Elliott*
Korin A. Elliott (kelliott@ktbslaw.com)

**The Debtors**
Circuit City Stores, Inc.
4951 Lake Brook Dr., Suite #500
Glen Allen, VA 23060
Attn: Michelle Mosier

**Office of the U.S. Trustee**
701 East Broad Street, Suite 4304
Richmond, VA 23219
Attn: Robert B. Van Arsdale

**Debtors' Counsel**
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
10th and King Streets, 7th Fl.
Wilmington, DE 19801
Attn: Gregg M. Galardi
Attn: Ian S. Fredericks

**Counsel for the Creditors' Committee**
PACHULSKI STANG ZIEHL & JONES, LLP
10100 Santa Monica Boulevard, 11th Fl.
Los Angeles, CA 90067
Attn: Jeffrey N. Pomerantz
Attn: Stanley E. Goldich

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 N. Wacker Drive
Chicago, IL 60606
Attn: Chris L. Dickerson
Attn: Jessica S. Kumar

PACHULSKI STANG ZIEHL & JONES, LLP
780 Third Avenue, 36th Fl.
New York, NY 10017
Attn: Robert J. Feinstein

MCGUIRE WOODS LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Attn: Douglas M. Foley
Attn: Sarah M. Boehm

TAVENNER & BERAN, PLC
280 N. Eighth Street, 2nd Fl.
Richmond, VA 23219
Attn : Lynn L. Tavenner
Attn: Paula S. Beran