1  MARTHA E. ROMERO, State Bar No. 128144
   ROMERO LAW FIRM
2  BMR Professional Building
   6516 Bright Avenue
3  Whittier, California 90601
   (562) 907-6800
4  (562)907-6820 Facsimile
   Email: Romero@mromerolawfirm.com
5
   Attorney for SECURED CREDITORS
6  MONTEREY, PLACER, RIVERSIDE, SAN BERNARDINO,
   CALIFORNIA, THE CALIFORNIA TAXING AUTHORITIES
7

RICHMOND DIVISION
FILED
NOV 1 6 2009
CLERK
U.S. BANKRUPTCY COURT

8              **IN THE UNITED STATES BANKRUPTCY COURT**

9              **FOR THE EASTERN DISTRICT OF VIRGINIA**

10                      **RICHMOND DIVISION**

11

12  In re:                          )   Case No. 08-35653 KRH
                                     )
13  CIRCUIT CITY STORES, INC., et al )   Chapter 11
                                     )
        Debtor(s).                   )
14                                   )   **OBJECTION OF MONTEREY**
                                     )   **COUNTY, PLACER COUNTY,**
15                                   )   **RIVERSIDE COUNTY AND SAN**
                                     )   **BERNARDINO COUNTY,**
16                                   )   **CALIFORNIA, COLLECTIVELY**
                                     )   **THE CALIFORNIA TAXING**
17                                   )   **AUTHORITIES TO**
   ——————————————————————————————    )   **CONFIRMATION OF CIRCUIT**
18                                       **CITY STORES AND ITS**
                                         **AFFILIATED DEBTORS ET AL**
19                                       **IN ITS FIRST AMENDED**
                                         **JOINT PLAN OF LIQUIDATION**
20

21
          Collectively the California Taxing Authorities Monterey County,
22
   Placer County, Riverside County and San Bernardino County, California
23
   hereby object to the First Amended Joint Plan of Liquidation.
24
          The California Taxing Authorities filed claims for secured real
25
   property taxes and for personal property taxes.[1]
26
   ————————————————————
27        [1]Riverside County Taxing Authority asserts claims on 12530 Day
   Street Moreno Valley and 40480 Winchester Rd. Temecula in the
28 approximate $69,592.70 and $50,561.78; Monterey County Taxing
   Authority asserts a claim for $5861.58 for personal property for 1910

# I. INTRODUCTION.

The subject property is comprised of real property and business locations in the various California Counties.  The real and business property at these locations is subject to the assessment of local property taxes under California State law.

All secured real property and personal property tax claims are secured against the property claimed.  The statutory authority is set forth below.

## II. DEBTOR'S PLAN OF REORGANIZATION FAILS
## TO COMPLY WITH 11 U.S.C. 1123 AND 1129.

In order to have a plan confirmable by the Court, the Debtor must comply with the provisions of 11 U.S.C. 1123 and 1129 in setting forth the reorganization terms.

The plan does not appear to have a specific section for secured real and/or personal property taxes. There are only sections for Unclassified Priority Tax Claims and Unimpaired claims.

The plan does not specifically allow for the following:

1.    Retention of liens

2.    Specific interest under Section 506(b) and 511.[2]

3.    Unequal or disparate treatment of claims;

4.    Permission to pay over time.

Riverside County for example specifically objected to the sale of assets.  The stipulation is suppose to reserve

---

N. Davis Rd. Salinas, CA and administrative claim for $21,678.00 for personal property, San Bernardino filed two claims for $660.38 and for $59,868.45. Placer has also filed a claim but is examining its books and records.

[2]California Revenue and Taxation Code Section 4103 specifically provides for interest.

2

proceeds against the claimed collateral.[3]   A true and
correct copy of the stipulation is attached as Exhibit A
for the court's convenience.

The California Counties further objection to the plan it that it
provides payment of the secured taxes in a lower priority or not in
compliance with its first priority status.  Additionally, any secured
taxes that were part of any sale should have been paid directly from
the proceeds.

Finally, all administrative claims should be paid in full.

### III. REAL PROPERTY TAX ASSESSMENTS ARE MANDATED

### UNDER CALIFORNIA LAW.

Under California State Law, every piece of real property is
subject to taxation.[4]  California Revenue and Taxation Code section
401 states: "Every assessor shall assess all property subject to
general property taxation at its full value."

Under California State Law, real property is to be assessed at
the same percentage of fair market value.[5]

California Revenue and Taxation Code Section 401.3 provides that:
"The assessor shall assess all property subject to general property

---

[3]To exacerbate matters, due to a clerical error Riverside Taxing
Authority was inadvertently omitted from this stipulation.  It was
noticed that it was missed by local counsel Joel Charboneau of MAgee
Foster, Goldstein and Sayers and must be corrected.

[4] California Revenue and Taxation Code section 104 states:
"Real estate or real property includes: (a) The possession of,
claim to, ownership of or right to the possession of land."

[5]In California, property tax assessments consist of two
components.  The first component is the assessed value.  The
second is the tax rate.  The latter is applied against the former
to calculate the amount of taxes due.  This equation is sometimes
known as the tax ratio. For taxable real property, the assessed
value is determined at the same percentage of fair market value.
California Constitution Article XIII section 1.

taxation on the lien date as provided in Articles XIII and XIIIA of the Constitution. . . ."

Real property taxes are assessed as of January 1 ("lien date") of the year in which taxes become due.[6]

In California, property taxes are _in rem_ and are payable only through sale proceeds. California Revenue and Taxation Code Section 2187 states: " Every tax on real property is a lien against the property assessed." See Long Beach v. Aistrap, 164 Cal. App. 2d 41 (1958).

California Revenue and Taxation Code Section 2192.1 states:

Every tax declared in this chapter to be a lien on real property . . . have priority over all other liens on the property, regardless of the time of their creation. Any tax . . . described in the preceding sentence shall be given priority over matters including but not limited to any recognizance, deed, judgment, debt, obligation, or responsibility with respect to which the subject real property may become charged or liable.

California Revenue and Taxation Code Section 2192.2 states:

**Upon the sale**. . . conducted under judicial process or otherwise by any sheriff, constable, trustee, receiver, or other

---

[6] California Revenue and Taxation Code, section 117 states: "Lien date is the time when taxes for any fiscal year become a lien on the property." California Revenue and Taxation Code Section 118 defines assessment year as "the period beginning with a lien date and ending immediately prior to the succeeding lien date for taxes levied by the same agency."

Revenue and Taxation Code section 2192 states:" . . . all tax liens attach annually as of 12:01 a.m. on the first day of January preceding the fiscal year for which the taxes are levied..."

ministerial officer, **of any real property upon which ad valorem property taxes . . . are due and unpaid at the time of sale**, the proceeds from that shall, after the payment of necessary and incidental sale expenses, **be first applied to the amount of those ad valorem property taxes** . . . and be transmitted by the conducting officer to the office responsible for the collection of those taxes and assessments.   Emphasis added.

Since the real property taxes are a first priority and must be paid upon sale, the real property taxes should either be paid as a secured tax, or as in Riverside's case - subject to the stipulation for reservation of proceeds for its claim and/or paid from any other sales occurred in this case.

## IV. PERSONAL PROPERTY TAX ASSESSMENTS ARE
## MANDATED UNDER CALIFORNIA LAW.

California State Law mandates that personal property must be subject to taxation.   Under California State law the Tax Collector shall collect taxes on all personal property. California Revenue and Taxation Code Section 2903. Under California state law, every piece of personal property is subject to taxation.[7]  California Revenue and Taxation Code section 401 states: "Every assessor shall assess all property subject to general property taxation at its full value."

Under California state law, personal property is to be assessed at 100% of fair market value each year.

California Revenue and Taxation Code Section 401.3 provides that: "The assessor shall assess all property subject to general property

_____

[7] California Revenue and Taxation Code section 106 states: "'Personal property' includes all property except real estate."

taxation on the lien date as provided in Articles XIII and XIIIA of the Constitution. . . ."

Personal property taxes are assessed as of January 1 ("lien date") of the year in which taxes become due. Additionally, the personal property taxes are also secured by this statutory lien date established by California State Law which is January 1st preceding the fiscal year for which the taxes are levied. California Revenue and Taxation Code Sections 2901, 117 and 2192.

Personal property taxes are due July 31st of each year and last due without interest on August 31st of each year. California Revenue and Taxation Code Section 2922.

## V. DEBTOR HAS FAILED TO PROVIDE ADEQUATE MEANS

## FOR THE PLAN'S IMPLEMENTATION.

Debtor has failed to provide specifically for the secured property taxes, interest or lien retention. Therefore, this does not provide adequate means for the Plan's implementation. 11 U.S.C. 1123 Additionally, debtors have failed to pay the Riverside's claims pursuant to the Stipulation regarding the assets free and clear of liens.

Dated: November 13, 2009      ROMERO LAW FIRM


By___/s/ Martha E. Romero____
MARTHA E. ROMERO, State Bar No. 128144
California Taxing Authorities
ROMERO LAW FIRM
BMR Professional Building
6516 Bright Avenue
Whittier, California 90601
(562) 907-6800
(562)907-6820 Facsimile
Email: Romero@mromerolawfirm.com

6

**EXHIBIT A**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
:   Chapter 11
In re: :
:   Case No. 08-35653 (KRH)
CIRCUIT CITY STORES, INC., :
et al., :
:   Jointly Administered
Debtors.   x

- - - - - - - - - - - - - -

**STIPULATION BETWEEN THE DEBTORS AND VARIOUS TAXING
AUTHORITIES RESOLVING THE TAXING AUTHORITIES'
OBJECTIONS TO THE ORDER APPROVING SALE OF DEBTORS'
ASSETS FREE AND CLEAR OF ALL INTERESTS AND GRANTING
RELATED RELIEF**

WHEREAS, on November 10, 2008, the debtors and

debtors in possession in the above-captioned cases

1

(collectively, the "Debtors"), filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code");

WHEREAS, on January 9, 2009, the Debtors filed their Motion for Orders Pursuant to Bankruptcy Code Sections 105, 363 and 364 (I)(A) Approving Procedures in Connection With Sale of All or Substantially All of the Business or Additional Post-Petition Financing for the Business, (B) Authorizing Debtors to Enter into Stalking Horse or Financing Agreements in Connection with Going Concern Transactions or Stalking Horse Agreements in Connection with Store Closing and Miscellaneous Asset Sales, (C) Approving the Payment of Termination Fees in Connection Therewith, and (D) Setting Auction and Hearing Dates, (II) Approving Sale of Debtors' Assets Free and Clear of All Interests and (III) Granting Related Relief (Docket No. 1423) (the "Motion").

WHEREAS, on January 15, 2009, certain taxing authorities, including Tax Appraisal District of Arlington ISD, Alief ISD, Baybrook MUD 1, Bell County, Brazoria County MUD #6, Burleson ISD, Caroll ISD, City of

2

Cedar Hill, City of Hurst, City of Lake Worth, City of

Wichita Falls, Clear Creak ISD, County of Brazos, County

of Comal, County of Denton, Fort Bend ISD, Fort Bend LID

2, Fort Worth ISD, Galena Park ISD, Hidalgo County & H.C.

Drainage District #1, Humble ISD, Longview Independent

School District, Lubbock CAD, Midland County Tax Office,

Potter County Tax Office, Tyler ISD, Wichita County,

Wichita Falls ISD, Woodlands Metro MUD, Woodlands RUD #1,

Lewisville Independent School District, City of Waco/Waco

Independent School District, Midland Central Appraisal

District, Central Appraisal District of Taylor County,

County of Williamson, Bexar County, Cameron County,

Cypress-Fairbanks ISD, Dallas County, Ector CAD, El Paso,

Fort Bend County, Frisco, Grayson County, Gregg County,

Harris County, Irving ISD, Jefferson County, McAllen,

McAllen ISD, McLennan County, Montgomery County, Nueces

County, Rockwall CAD, Rockwall County, Round Rock ISD,

San Patricio County, Smith County, South Texas College,

South Texas ISD, Tarrant County and Tom Green CAD (the

"Joint Objectors") filed a Joint Objection to the Motion

(Docket Nos. 1548 and 1581);

3

WHEREAS, on January 15, 2009, Henrico County,
Virginia ("Henrico") filed an objection to the Motion
(Docket No. 1572);

WHEREAS, on January 15, 2009, Palm Beach County,
Florida ("Palm Beach") filed an objection to the Motion
(Docket No. 1577);

WHEREAS, the Joint Objectors, Henrico and Palm
Beach (collectively, the "Objectors") have asserted that
the Debtors owe property taxes to the Objectors in the
amounts (the "Claimed Amounts"), and secured by the
collateral (the "Claimed Collateral"), as reflected on
Exhibit A attached hereto;

WHEREAS, on January 16, 2009 the Bankruptcy
Court for the Eastern District of Virginia, Richmond
Division (the "Court") entered an Order with respect to
the Motion Approving Agency Agreement, Store Closing
Sales And Related Relief (Docket No. 1634) (the "Order")
authorizing the Debtors to proceed with a the liquidation
of inventory and property at their remaining operating
stores (the "Sales");

WHEREAS, at the hearing on the Motion, the
Court authorized the Debtors to enter into stipulations

4

with various parties, including the Objectors, resolving
their objections to entry of the Order;

WHEREAS, the Debtors and the Objectors desire
to resolve certain of their disputes; and

NOW, THEREFORE, in consideration of the
foregoing, the Debtors and the Objectors agree and
stipulate as follows:

1.   The Debtors shall reserve proceeds from
the Sales of the Claimed Collateral as set forth on
Exhibit A hereto (the "Reserved Proceeds") pending
resolution of the amount, extent, validity and priority
of the Objectors' liens, if any, against the Claimed
Collateral, subject to all defenses, claims and/or
counterclaims, or setoffs as may exist with respect to
the Claim Collateral.  Upon the set aside of such Reserve
Proceeds, the liens, if any, of the Objectors shall
attach to said proceeds to the same extent, with the same
priority and with the same validity as such Objectors
currently hold in the subject collateral.

2.   Until the Claimed Amounts, as set forth on
Exhibit A including any interest as allowed pursuant to
the Bankruptcy Code, are paid, or the parties hereto

5

shall agree otherwise, the Debtors shall maintain the
Reserved Proceeds in a separate account and the
Objectors' liens, if any, shall continue against the
Reserved Proceeds in accordance with the terms of this
Stipulation. These Reserved Proceeds may not be released
apart from agreement between the Debtors, the Objectors
and the DIP Agent, or upon subsequent order of the Court
duly noticed to the Objectors. Notwithstanding the
Debtors' entry into this Stipulation, the Debtors reserve
all rights with respect to the Claimed Amount and the
Objectors' interests, if any, in the Claimed Collateral.

3.   This Stipulation shall be binding upon and
shall inure to the benefit of the Parties, their
successors and assigns, parents, subsidiaries, and
affiliated corporations and organizations, shareholders,
officers, directors, employees, agents, and all other
entities and individual persons seeking to claim and/or
defend through the rights of the Parties.

4.   This Stipulation constitutes the entire
agreement and understanding between the parties and no
party has made any promises to or agreements with any
other party other than those contained in this

6

Stipulation.  No waiver or modification of any term or condition contained herein shall be valid or binding unless in writing and executed by the parties hereto.

5.   This Stipulation may be executed and delivered in any number of original or facsimile counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

6.   The United States Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to this stipulation.  This Stipulation shall be governed by title 11 of the United States Code and, to the extent not inconsistent, the laws of the Commonwealth of Virginia, without regard to Virginia's choice of law rules.

ACCEPTED AND AGREED TO BY:

By:   __/s/ Douglas M. Foley_____
      Dion W. Hayes (VSB No.34304)
      Douglas M. Foley (VSB No. 34364)
      MCGUIREWOODS LLP
      One James Center
      901 E. Cary Street
      Richmond, Virginia, 23219
      804-775-1000

            - and -

7

By: _____

Gregg M. Galardi (I.D. No. 2991)
Ian S. Fredericks (I.D. No. 4626)
SKADDEN ARPS SLATE MEAGHER & FLOM
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
302-651-3000
302-651-3001

Counsel for the Debtors

Dated: 3/10/09

8

By: _____

Michael Reed
McCREARY, VESELKA, BRAGG & ALLEN, P.C.
P.O. Box 1269
Round Rock, Texas  78680
512-323-3200

Counsel for Tax Appraisal District of Bell County,
County of Brazos, County of Comal, County of Denton,
Longview Independent School District, City of
Waco/Waco Independent School District, Midland
Central Appraisal District, Central Appraisal
District of Taylor County and County of Williamson

Dated: _Feb. 13, 2009_

By: _____

Elizabeth Weller, Esq.
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
2323 Bryan St. #1600
Dallas, TX 75201
(469)221-5075 direct dial
(469)221-5002 fax

Counsel for Bexar County, Cameron County, Cypress-
Fairbanks ISD, Dallas County, Ector CAD, El Paso,
Fort Bend County, Frisco, Grayson County, Gregg
County, Harris County, Irving ISD, Jefferson County,
McAllen, McAllen ISD, McLennan County, Montgomery
County, Nueces County, Rockwall CAD, Rockwall County,
Round Rock ISD, San Patricio County, Smith County,
South Texas College, South Texas ISD, Tarrant County
and Tom Green CAD

Dated: _2-13-09_

9

By: _____

Elizabeth Banda
PERDUE, BRANDON, FIELDER, COLLINS & MOTT, LLP
P.O. Box 13430
Arlington, Texas 76094
(817) 461-3344
(817) 861-9416

Counsel for Arlington ISD, Alief ISD, Baybrook MUD 1,
Brazoria County, Brazoria County MUD #6, Burleson
ISD, Carroll ISD, City of Cedar Hill, City of Hurst,
City of Lake Worth, City of Wichita Falls, Clear
Creek ISD, Fort Bend ISD, Fort Bend LID 2, Fort
Worth ISD, Galena Park ISD, Hidalgo County & H.C.
Drainage District #1, Humble ISD, Lubbuck CAD,
Midland County Tax Office, Potter County Tax Office,
Tyler ISD, Wichita County, Wichita Falls
ISD,Woodlands Metro MUD, and Woodlands RUD #1

Dated:    February 18, 2009

By:    /s/ Rhysa Griffith South
Rhysa Griffith South (VSB No. 259444)
Assistant Henrico County Attorney
Office of County Attorney
County of Henrico
P.O. Box 90775
Henrico, Virginia 23273-0775
(804) 501-5091
(804) 501-4140 fax

Counsel for County of Henrico, Virginia

Dated:    February 12, 2009

10

By: _____
    Andrea Sheehan
    Law Offices of Robert E. Luna, P.C.
    4411 N. Central Expressway
    Dallas, Texas 75205
    (214) 521-8000
    (214) 521-1738 fax

    Counsel for Lewisville Independent School District

Dated:  2/11/2009

By:  /s/ W. Joel Charboneau_____
     A. Carter Magee, Jr.
     W. Joel Charboneau
     Magee, Foster, Goldstein & Sayers, P.C.
     P.O. Box 404
     Roanoke, VA 24403
     (540) 343-9800
     (540) 343-9898 fax

     Local Counsel for Palm Beach County, Florida

Dated:   February 26, 2009

## EXHIBIT A

### Claimed Amounts and Collateral

| Claimant | Claimed Amount | Claimed Collateral |
|---|---|---|
| Arlington ISD | $65,116.66 | FFE, Inventory |
| Alief ISD | $35,130.90 | FFE, Inventory, Machinery, Computers, and Supplies |
| Brazoria County | $89,220.16 | FFE, Inventory, Machinery, Computers, and Supplies |
| Brazoria County MUD #6 | $27,260.94 | FFE, Inventory, Machinery, Computers, and Supplies |
| Burleson ISD | $71,301.43 | FFE, Inventory |
| Carroll ISD | $69,001.38 | FFE, Inventory |
| City of Cedar Hill | $25,063.19 | FFE, Inventory |
| City of Hurst | $26,136.35 | FFE, Inventory |
| City of Lake Worth | $13,601.62 | FFE, Inventory |
| City of Wichita Falls | $20,459.63 | FFE, Inventory Electronics & Data Processing, amd Machinery |
| Clear Creek ISD | $71,716.62 | FFE, Inventory, Machinery, Computers, and Supplies |
| Fort Bend ISD | $52,795.66 | FFE, Inventory, Machinery, Computers, and Supplies |
| Fort Bend LID 2 | $6,027.86 | FFE, Inventory, Machinery, Computers, and Supplies |
| Fort Worth ISD | $45,100.05 | FFE, Inventory |
| Galena Park ISD | $103,631.60 | FFE, Inventory, Machinery, Computers, and Supplies |
| Hildalgo Count & HC Drainage District # 1 | $36,598.23 | FFE, Machinery |

1

| Claimant | Claimed Amount | Claimed Collateral |
|---|---|---|
| Humble ISD | $34,615.96 | FFE, Inventory, Machinery, Computers, and Supplies |
| Lubbock CAD | $84,857.49 | FFE, Machinery |
| Midland County Tax Office | $7,761.29 | FFE, Inventory |
| Potter County Tax Office | $91,021.50 | Furniture, Inventory, Equipment |
| Tyler ISD | $35,769.66 | FFE, Inventory |
| Wichita County | $14,915.75 | FFE, Inventory Electronics & Data Processing, amd Machinery |
| Wichita Falls ISD | $41,210.72 | FFE, Inventory Electronics & Data Processing, amd Machinery |
| Woodlands Metro MUD | $7,409.68 | FFE, Inventory, Machinery, Computers, and Supplies |
| Woodlands RUD #1 | $18,477.42 | FFE, Inventory, Machinery, Computers, and Supplies |
| Lewisville Independent School District | $64,181.60 | All Personal Property |
| Bell County | $123,482.55 | FFE, Inventory |
| County of Brazos | $92,144.95 | All Personal Property |
| County of Comal | $81,436.80 | All Personal Property |
| County of Denton | $22,875.78 | All Personal Property |
| Longview Independent School District | $42,162.74 | All Personal Property |
| City of Waco/Waco Independent School District | $139,366.87 | FFE, Inventory, Machinery, and Supplies |
| Midland Central Appraisal District | $70,999.95 | FFE, Inventory, Machinery, and Supplies |

2

| Claimant | Claimed Amount | Claimed Collateral |
|---|---|---|
| Central Appraisal District of Taylor County | $97,020.13 | All Personal Property |
| County of Williamson | $76,148.62 | All Personal Property |
| Bexar County | $336,274.60 | All Personal Property |
| Cameron County | $72,294.16 | All Personal Property |
| Cypress-Fairbanks ISD | $42,904.16 | All Personal Property |
| Dallas County | $325,372.93 | All Personal Property |
| El Paso | $239,603.90 | All Personal Property |
| Fort Bend County | $31,663.92 | All Personal Property |
| Frisco | $17,189.70 | All Personal Property |
| Grayson County | $51,412.40 | All Personal Property |
| Gregg County | $23,731.60 | All Personal Property |
| Harlingen | $14,393.64 | All Personal Property |
| Harlingen CISD | $27,445.50 | All Personal Property |
| Harris County | $528,103.98 | All Personal Property |
| Irving ISD | $59,684.74 | All Personal Property |
| Jefferson County | $191,224.40 | All Personal Property |
| McAllen | $22,249.40 | All Personal Property |
| McAllen ISD | $60,468.94 | All Personal Property |
| McLennan County | $23,453.78 | All Personal Property |
| Memphis | $4,048.18 | All Personal Property |
| Montgomery County | $119,693.18 | All Personal Property |
| Nueces County | $93,105.66 | All Personal Property |
| Rockwall CAD | $80,567.20 | All Personal Property |
| Rockwall County | $15,312.30 | All Personal Property |
| Round Rock ISD | $63,268.54 | All Personal Property |
| Smith County | $37,770.84 | All Personal Property |
| South Texas College | $7,991.14 | All Personal Property |

3

| Claimant | Claimed Amount | Claimed Collateral |
|---|---|---|
| South Texas ISD | $2,598.32 | All Personal Property |
| Tarrant County | $362,751.56 | All Personal Property |
| Tom Green CAD | $52,951.88 | All Personal Property |
| Henrico County | $1491.00 | Vehicle |
| Henrico County | $1,307,089.00 | Furniture, Fixture, and Computers |
| Palm Beach County | $84,353.26 | All Personal Property |