IN THE UNITED STATES BANKRUPTCY COURT
FOR EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>**CIRCUIT CITY STORES, INC**, *et al.*,<br><br>**Debtors.** | **Chapter 11**<br>**Case No. 08-35653 (KRH)**<br>**Jointly Administered** |

**JOINDER OF ONKYO USA CORPORATION TO MOTIONS OF
PIONEER ELECTRONICS, INC. AND SAMSUNG ELECTRONICS
AMERICA, INC. FOR AN ORDER REQUIRING A CONFIRMATION
DEPOSIT PURSUANT TO RULE 3020 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE, OR, IN THE ALTERNATIVE, OBJECTION
<u>TO CONFIRMATION OF CHAPTER 11 PLAN OF LIQUIDATION</u>**

Onkyo USA Corporation ("Onkyo"), by and through its undersigned attorneys, hereby joins (the "Joinder") the motions of Pioneer Electronics, Inc. [Docket No. 5461] and Samsung Electronics America, Inc. [Docket No. 5614] for an order requiring a confirmation deposit pursuant to Rule 3020(a) of the Federal Rules of Bankruptcy; or, in the alternative, Onkyo submits this Objection (the "Objection") to Confirmation of the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"). In support of this Joinder and Objection, Onkyo respectfully states as follows:

<u>**BACKGROUND**</u>

1. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue as debtors-in-possession pursuant to Bankruptcy Code Section 1107 and 1108.

---

Philip C. Baxa, Esquire VSB No. 22977
MercerTrigiani LLP
16 South Second Street
Richmond, VA 23219
Tel: 804-782-8691
Fax: 804-644-0209
phil.baxa@MercerTrigiani.com
  Local Counsel for Onkyo USA Corporation

2. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors. To date, no trustee or examiner has been appointed.

3. On September 22, 2009, this Court approved the Disclosure Statement with respect to the Plan (the "Disclosure Statement"). A hearing on confirmation of the Plan was originally scheduled for November 23, 2009, with objections due on or before November 16, 2009.

4. At a hearing on, among other things, Debtors' Fifty-First Omnibus Objection to Certain 503(b)(9) Claims -- which objection is more fully described below -- the Debtors requested that this Court adjourn the hearing on Plan confirmation to at least December 21, 2009, pending further discussion at a status conference on December 7, 2009. This Court approved the adjournment request but, despite objection by at least one creditor, refused to adjourn the objection deadline, which remains November 16, 2009.

5. Onkyo has filed claims against the Debtors in these cases seeking payment of (i) $4,905,048.57 as an administrative expense pursuant to Section 503(b)(9) of the Bankruptcy Code, based upon goods received by the Debtors within twenty (20) days of the Petition Date (the "Administrative Expense") and (ii) $1,722,427.00 as a general unsecured claim with respect to goods delivered to the Debtors outside the twenty (20) day period.

**Debtors' Fifty First Omnibus Objection to Certain 503(b)(9) Claims**:

6. On October 13, 2009, Debtors filed their Fifty-First Omnibus Objection to Certain 503(b)(9) Claims (the "Claims Objection"). Pursuant to the Claims Objection, the Debtors seek to temporarily disallow, among others, Onkyo's Administrative Expense pending the return of alleged preferential transfers. See Claims Objection at p. 5.

7. The crux of the Debtors' argument rests on the interplay between Sections 502(d) and 503(b)(9) of the United States Bankruptcy Code. Specifically, the Debtors assert that Section 503(b)(9) administrative expenses are subject to mandatory disallowance under Section 502(d). See Brief in Support Claims Objection. According to the Debtors, Onkyo received payments within ninety-days of the Petition Date, and Onkyo thus received alleged preferential transfers; therefore, Section 502(d) applies so as to disallow any administrative expense payments to Onkyo unless and until the alleged preferences are returned.

8. On November 4, 2009, Onkyo filed its Response (the "Response") in Opposition to the Claims Objection. At the hearing on the Claims Objection, several creditors noted that this case was on the eve of confirmation and that in order to confirm a plan, the Debtors must pay all administrative claims in full on the effective date. By attempting to temporarily disallow certain administrative expenses, there is no indication of what amount administrative expenses will total, nor whether the Debtors will have the ability to pay them in full as required under the Bankruptcy Code.

9. At the conclusion of the hearing, this Court reserved decision and granted the Debtors an adjournment of the hearing on Plan confirmation. Because this Court has reserved decision as to whether Section 502(d) is applicable to Section 503(b)(9), and has not extended the deadline by which to object to the Plan, Onkyo is left with no choice but to object to the Plan.

**JOINDER TO MOTIONS SEEKING CONFIRMATION DEPOSIT**

10. Onkyo hereby joins the motions of Pioneer Electronics, Inc. [Docket No. 5461] and Samsung Electronics America, Inc. [Docket No. 5614] requiring Debtors to put into escrow all amounts that may be required to be paid on the effective date of the Plan, including all Section 503(b)(9) administrative expense claims. For the reasons and on the authority more fully

3

set forth in the above motions, failing to require Debtors to put the appropriate amounts into an interest bearing escrow account will not only run counter to the provisions on confirmation as set forth in the Bankruptcy Code, it will inappropriately shift the possibility of administrative insolvency from the Debtors, as provided for in the Bankruptcy Code, to Onkyo and other similarly situated Section 503(b)(9) claimants.

## OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN

11.  Should this Court not require Debtors to put the full amount of Onkyo's Section 503(b)(9) claim into escrow, Onkyo submits that the Plan fails to satisfy certain Bankruptcy Code requirements for confirmation.

12.  Section 1129(a) of the Bankruptcy Code establishes the requirements for confirmation of a Chapter 11 plan. If a plan proponent cannot satisfy 1129(a)(8), it may still confirm a plan if it satisfies the requirements of 1129(b). See In re Revco D. S., Inc., 131 B.R. 615, 620 (Bankr. N.D. Ohio 19990) ("The proponent of a plan of reorganization has the burden of producing evidence to the court and the burden of persuasion that each subsection of section 1129(a) has been satisfied.") (citations omitted); see also In re McCommas LFG Processing Partners, LP, 2007 WL 4234139, *11 (Bankr. N.D.Tex. 2007) ("To obtain confirmation of the Plan, the Trustee must demonstrate that the Plan satisfies the provisions of section 1129 of the Bankruptcy Code by a preponderance of the evidence.").

13.  As more fully set forth below, the Plan fails to satisfy section 1129, including section 1129(a)(9). Accordingly, the Debtors' Plan must not be confirmed as presented to this Court.

**The Plan Fails to Satisfy 1129(a)(9) of the Bankruptcy Code**:

14.  Section 1129(a)(9) of the Code states in pertinent part:

4

> Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that-
>
> (A) with respect to a claim of a kind specified in section 507(a)(2)…of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim.

15. Section 507(a)(2) includes, among other administrative expenses, expenses incurred under section 503(b)(9). As such, the Bankruptcy Code requires Onkyo to be paid cash equal to the amount of the claim on the effective date of the Plan. See CIT Commun. Fin. Corp. v. Midway Airlines Corp. (In re Midway Airlines Corp.), 406 F.3d 229, 242 (4th Cir. 2005).

16. Under the Plan pending before this Court, however, it is clear that Onkyo will not be paid cash equal to the amount of its section 503(b)(9) claim on the effective date; moreover, Onkyo may not be paid its administrative expenses at all.

17. Plan Section III.A. states in pertinent part:

> [O]n, or as soon as reasonably practicable after, the earlier of (a) the Distribution Date immediately following the date an Administrative Claim becomes an Allowed Administrative Claim or (b) the date that is ninety (90) days after the date on which such Administrative Claim becomes an Allowed Administrative Claim a Holder of an Allowed Administrative Claim shall receive, to be paid out of the Liquidating Trust, in full and final satisfaction, settlement and release of and in exchange for such Allowed

5

>       Administrative Claim, (a) Cash equal to the unpaid portion of such
>       Allowed Administrative Claim or (b) such other treatment as to
>       which such Holder and the Debtors and/or the Liquidating Trustee
>       shall have agreed upon in writing…

18.     Most bothersome in this instance is the outer-limit which is determined to be the date that is ninety (90) days after the date on which such Administrative Claims becomes an Allowed Administrative Claim.  Because the Debtors seek to neither "allow" nor "disallow" Onkyo's Administrative Expense, such expense falls into the "Disputed Claim" category.  As such, the Debtors have at least 120 days from the effective date of the Plan to object to Onkyo's Administrative Expense.  Accordingly, even putting aside payment, Debtors will not have even determined administrative expenses for at least four months post effective date.  For this reason alone, the Plan must fail.

19.     Equally troubling is the Debtors' apparent acknowledgement that the estates may be administratively insolvent.  See Disclosure Statement at Section X.C.  Thus, not only does the Plan not provide for payment of administrative claims in full as of the effective date, it provides that administrative claims may not be paid at all.

20.     Moreover, the possibility exists that certain administrative claims will be paid in full while others -- such as those that are not yet deemed allowed, including Onkyo's Administrative Expense -- have to wait near the end of the line and hope that there is money to pay its valid Administrative Expense.  Such disparate treatment is a clear violation of section 1129(a)(9)(A) of the Bankruptcy Code.  For this additional reason, the Plan must fail.

6

## RESERVATION OF RIGHTS

21.     Onkyo reserves the right to supplement this Joinder and Objection and to raise additional objections (i) with respect to any modifications proposed by Debtors to the Plan, and (ii) at the hearing on this matter.

**WHEREFORE,** Onkyo respectfully requests that this Court require the Debtors to escrow funds to be placed in an interest bearing account sufficient to pay all administrative claims in full, including Onkyo's section 503(b)(9) Administrative Expense.  In the alternative, if the Court determines not to require Debtors to escrow the amount of all administrative claims, Onkyo hereby requests that the Court deny the approval of the Plan as proposed unless the Plan is modified to show, by a preponderance of the evidence, that the Debtors' have complied with all applicable provisions of the section 1129 of the Bankruptcy Code.

Date Submitted:  November 16, 2009          **ONKYO USA CORPORATION**

/s/ Philip C. Baxa
Philip C. Baxa, Esquire VSB No. 22977
MercerTrigiani LLP
16 South Second Street
Richmond, Virginia 23219
Telephone: (804) 782-8691
Facsimile: (804) 644-0209
phil.baxa@mercertrigiani.com

- and -

Larry D. Henin, Esquire
Paul J. Labov, Esquire
EDWARDS ANGELL PALMER & DODGE LLP
750 Lexington Avenue
New York, New York 10022
Telephone: (212) 308-4411
Facsimile: (212) 308-4844

Counsel for Onkyo USA Corporation

## **CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that on the 16th day of November, 2009, this Joinder of Onkyo USA Corporation to Motions of Pioneer Electronics, Inc. and Samsung Electronics America, Inc. for an Order Requiring a Confirmation Deposit Pursuant to Rule 3020 of the Federal Rules of Bankruptcy Procedure, or, in the Alternative, Objection to Confirmation of Chapter 11 Plan of Liquidation will be filed with the Clerk of the Court using the CM/ECF system, and send a true and correct copy of the Response via regular mail, postage prepaid, on November 16, 2009 to:

Circuit City Stores, Inc.
P.O. Box 5695
Glen Allen, VA  23058-5695
Attn. Michelle Mosier

Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
Attn: Gregg M. Galardi & Ian S. Fredericks

Skadden, Arps, Slate, Meagher & Flom LLP
155 North Wacker Drive
Chicago, Illinois 60606
Attn: Chris L. Dickerson & Jessica S. Kumar

McGuire Woods, LLP
One James Center
901 East Cary Street
Richmond, VA 23219
Attn: Douglas M. Foley & Sarah B. Boehm

Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067
Attn: Jeffrey N. Pomerantz and Stanley E. Goldrich

Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 36th Floor
New York, NY 10017
Attn: Robert J. Feinstein

Tavenner & Beran, PLC
20 N. Eighth Street, 2nd Floor
Richmond, VA 23219
Attn: Lynn L. Tavenner & Paula S. Beran

Office of the United States Trustee, Eastern District of Virginia
701 East Broad Street, Suite 4304
Richmond, VA  23219
Attn: Robert B. Van Arsdale

/s/ Philip C. Baxa

R0009457