David W. Tolliver
55 Brookmont Drive
Clayton, NC 27527
704-996-8147



# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re:                                    )
                                          )
CIRCUIT CITY STORES, INC., et al,         )    Case No. 08-35653-KRH
                                          )    Chapter 11
Debtors.                                  )    Jointly Administered

## RESPONSE OF DAVID W. TOLLIVER TO DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN ALLEGED ADMINISTRATIVE EXPENSES ON ACCOUNT OF EMPLOYEE OBLIGATIONS)

I, David W. Tolliver, submit this Response to the Debtors' Fifty-Sixth Omnibus Objection to Claims ("the Fifty-Sixth Omnibus Objection" or "the Objection"). In Support of my Response, I respectfully state as follows:

### Background

1. I was employed by Circuit City Stores, Inc. ("Debtor" or "Debtor in Possession") from July 3, 1999 until March 23, 2009 which was my final day of the inventory liquidation and subsequent termination.

2. I was in the capacity of AND held the title of Store Director from August 1, 2007 to March 23, 2009.

3. On January 4, 2008 I was awarded a Long Term Cash Award in the amount of $15,000 which was to vest at 33.3% on January 1, 2009; 66.6% on January 1, 2010; and 100% on January 1, 2011. Therefore payment was to be received in $5,000 increments over the course of the three vesting dates.

4. As Stated in the Debtors Objection Sample Award Letter supplied in their objection and as an exhibit of my original administrative claim, the Award was contingent upon me remaining employed with the debtors through each vesting date in order to receive the vesting payment.

5. On November 10, 2008, ("the Petition Date"), Circuit City Stores, Inc. and related companies filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code. In the first day's motions, the court approved (among other things) the debtors request to

David W. Tolliver
55 Brookmont Drive
Clayton, NC 27527
704-996-8147

continue employee benefit programs that were in the ordinary course of business (summarized) and (emphasized) those which would prevent a substantial reduction in employee moral as to help preserve the value of the debtors estate. The debtors (as an excerpt from the motion) requested this as well:

```
72. In addition, the Debtors have in place a
number of other policies and programs, including,
severance policies, certain additional short-term and
long-term incentive plans and a board of directors
deferred compensation plan. At this time, the Debtors
are not requesting authorization to make payments on
account of prepetition amounts owed in connection with
such policies and plans. The Debtors are also not
seeking authorization at this time to continue such
programs in the ordinary course. The Debtors are
currently evaluating their need and ability to
continue such programs and will seek relief with
respect to such programs in later motions, as needed.
As such, this Motion is not intended to prejudice the
Debtors' right to seek such relief, or any additional
relief related to any Employee payments, benefits or
programs, at a later date.
```

6. On January 30, 2009 (Pursuant to the Claims Bar Date order of Claims arising before November 10, 2009) I filed a General Unsecured "contingent" Claim. The Award was not vested and due to be paid as of November 10, 2009.

7. On January 1, 2009 the first year of the Award was vested and due payable.

8. On January 16, 2009 this court approved sale of the company's inventory and subsequently the company commenced it's Going out of Business Sale. Concurrently, as per the Award Letter (by sale of a majority of the companies assets') the rest of the Award vested.

9. On June 30, 2009 I filed (as per the Administrative Bar Date Order) an administrative priority claim for the $15,000 due to me as per the Long Term Incentive Cash Award.

### Response to Debtors Objection

1. The entire premise for the debtors objection to the administrative claims filed by multiple former associates of the debtor was that the claims arose from pre-petition contract.

David W. Tolliver
55 Brookmont Drive
Clayton, NC 27527
704-996-8147

2. By definition, this contract ("Long Term Incentive") is an executory contract. And although, this doesn't change the fact that the Award arose pre-petition and is therefore a pre-petition contract (regardless of the contingency becoming due post-petition), the debtors did receive benefits of continued employment from myself and hundreds of other participants in these Awards. All the while, the debtors were evaluating their need and ability to continue such programs (referenced from first day motions, quotes omitted)

3. Although, unrelated to Incentive Programs, the Supreme Court of the United States has provided Clear guidance as it relates to pre-petition executory contracts as it relates to the implications and results of a debtor in possession realizing a benefit from them while deciding whether to assume or reject the contracts.
    a. As Cited by the US Supreme Court in **NLRB v. Bildisco & Bildisco** at **465 U. S. 531-532**

    > If the debtor-in-possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume the contract, the debtor-in-possession is obligated to pay for the reasonable value of those services, Philadelphia Co. v. Dipple, 312 U. S. 168, 312 U. S. 174 (1941), which, depending on the circumstances of a particular contract, may be what is specified in the contract, see In re Public Ledger, 161 F.2d 762, 770-771 (CA3 1947). See also In re Mammoth Mart, Inc., 536 F.2d 950, 954-955 (CA1 1976).

    > F.2d 994, 996 (CA3 1951), and the expenses and liabilities incurred may be treated as administrative expenses, which are afforded the highest priority on the debtor's estate, 11 U.S.C. § 503(b)(1)(A) (1982 ed.).

4. Through the debtors own admissions and court motions, it is obvious that the Long Term Incentive Award was an Executory Contract by definition. Furthermore, the Debtor neither sought to assume nor reject the contracts, and by its own admission was evaluating the need and ability to continue the programs. Therefore the debtor in possession is obligated to pay for the reasonable value of services received, and those expenses incurred should be treated as administrative priority expenses.

5. It only comes to question before this court as to the value of services (or "Quantum Meruit") that the debtors received. In light of the fact that there was a contract in place and the debtors never sought to reject the contract before the date of my termination (which was after liquidation and full performance of the contract) then the value of services was in full value of the contract. Even in the debtors own objection to the claims, they did not object to the amount of the claim only the nature.

6. Secondly, the debtors and this court have set precedence of treatment with respect to pre-petition employee benefit claims. This is evidenced by the first day motion and order to pay pre-petition severance agreements to former employee's as to preserve the value of the estate through preserving employee morale (at an estimated cost of up to $10 million or $14,285 per employee as derived from the motion). These former employees, as admitted by the debtors, had no avenue nor means to return value to the estate (would likely never be rehired by the debtor in light of the current situation) other than the mere act of payment to them (to

David W. Tolliver
55 Brookmont Drive
Clayton, NC 27527
704-996-8147

increase still employed employees moral). I don't see how it could be just and equal for the debtors to be afforded the ability to treat a pre-petition unsecured obligation to an employee benefit as administrative priority for a group of former employee's who couldn't preserve or return value to the estate, and seek to reject an administrative claim of an employee who indeed returned a value to the estate.

7. I, as an employee and in good faith, worked from the petition date through the final inventory liquidation (last day) to satisfy my duties of the contract and to return a value to the estate. The debtors, at no time, have given any indication or filing of intent to reject the contract.

## SUMMARY

It is clear that the Supreme Court has established the fact that if a debtor in possession realizes a benefit from a non-debtor as a result of postponing a decision on their executory contract, then the debtor is responsible for (as an administrative priority expense) the value of services received up to and through full performance of the contract. That, along with the precedence established by this court for severance payment to employee's as administrative priority although only qualifying per bankruptcy code as a pre-petition unsecured expense, provides this court with the ability to grant my request of allowance of an administrative expense in priority for the amount of $15,000.

**WHEREFORE, I David W. Tolliver, respectfully requests the Debtors' Objection be denied, and that
my claim be deemed allowed and paid.**

Date: November 11, 2009

DAVID W. TOLLIVER

David W. Tolliver
55 Brookmont Drive
Clayton, NC 27527
704-996-8147

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 12th day of November, 2009, this Response will be sent to the Clerk of the Court at:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street - Room 4000
Richmond, Virginia 23219

, and send a true and correct copy of the Response via mail on the same day to:

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, DE 19899-0636
Attn: Gregg M. Galardi
Attn: Ian S. Fredericks

- and -

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
Attn: Chris L. Dickerson

- And -

MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Attn: Dion W. Hayes
Attn: Douglas M. Foley

DAVID W. TOLLIVER