UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X <br> In re: <br><br> **CIRCUIT CITY STORES, INC.,** <br> <u>et</u> <u>al,</u> <br><br><br> **Debtors** <br> ----------------------------------------------------------- <br><br> **MARLON MONDRAGON, on behalf of himself and all others similarly situated,** <br><br> Plaintiffs, <br><br> -against- <br><br> Circuit City Stores, Inc., et al., <br><br> Defendant. <br><br> - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | In Proceedings For Reorganization Under Chapter 11 <br><br> Case No. 08-35653-KRH <br><br> Jointly Administered <br><br> Adv. Proc. No.: 09-03073 KRH |

**MARLON MONDRAGON's OBJECTION TO CONFIRMATION OF**
<u>**FIRST AMENDED JOINT PLAN OF REORGANIZATION**</u>

MARLON MONDRAGON, on behalf of himself and all others similarly situated, ("Plaintiff" and/or the "WARN Act Claimants"), appearing through his counsel, objects, on the following grounds, to confirmation of the First Amended Joint Plan of Reorganization (the "Plan") proposed by the Debtors and Official Committee of Unsecured Creditors.

1.  Mondragon timely filed a proof of claim for post-petition, unpaid compensation and/or damages as required by the Workers Adjustment and Notification Act, 29 U.S.C. 2102 *et seq.* (the "WARN Act"). The WARN Act Claimants believe the claim to be a post-petition claim.

1

2. The WARN Act requires that employers provide employees adequate notice of mass layoffs and store closings or adequate remuneration in lieu thereof. This case is about Defendant Circuit City Stores, Inc.'s ("Circuit City") failure to provide notice or compensation as required by the Workers Adjustment and Notification Act, 29 U.S.C. 2102 *et seq.* (the "WARN Act"), when it implemented mass layoffs and store closings, post-petition.

3. In this action Defendant terminated Plaintiff and the members of the putative class *after* it filed its bankruptcy petition, failing to give either adequate notice of termination or adequate remuneration in lieu thereof. Accordingly, the Plaintiff's WARN Act claim vested upon termination when the employer failed to provided proper notice or pay the required wages in lieu thereof. The Plaintiff seeks to vindicate his rights, and those of the members of the class he seeks to represent, under the WARN Act.

4. Assuming *arguendo* that the Plaintiff's WARN Act claim is a pre-petition claim, the weight of authority supports its resolution through an adversary proceeding, rather than by the claims process. *See In re First NLC Fin. Servs., LLC*, 410 B.R. 726, 730 (Bankr. S.D. Fla. 2008); s*ee also In re Bill Heard Enters.*, 400 B.R. 795, 801 (Bankr. N.D. Ala. 2009) (finding a class action adversary proceeding would be more efficient than the piecemeal claims process in handling WARN Act claims); *In re Protected Vehicles, Inc.*, 392 B.R. 633, 642 (Bankr. D.S.C. 2008) (denying defendant's motion to dismiss adversary proceeding because of "principles of judicial economy and judicial efficiency" and finding that "class action relief is equitable in nature satisfying Fed. R. Bankr. P. 7001(7)"); *Cain v. Inacom Corp.*, 2001 Bankr. LEXIS 1299, at * 6 (Bankr. D. Del. Sept. 26, 2001) (finding that the plaintiffs' WARN Act complaint "seeks equitable relief and may be appropriately pursued pursuant to Rule 7001 as an adversary proceeding.") (Exhibit A, hereto).

5. Unlike in a contested matter, Rule 7023 and Federal Rule of Civil Procedure 23 are always applicable in an adversary proceeding without any action of the court or the filing of a class proof of claim, in order to prosecute his claims and the claims of the class he seeks to represent, provided there is no prejudice.[1]

6. Each component of the WARN Act Claimants' claim is entitled to administrative expense status as defined in 11 U.S.C. § 503(a).

7. Defendant's motion to dismiss Plaintiff's claim is currently *sub judice*.

8. The Plan attempts to deny the claims of the WARN Act Claimants who did not received notice, or compensation in lieu of notice, required by the WARN act.

9. The plan does not comply with 29 U.S.C. 2102 *et seq* and therefore, under § 1129(a)(1), (2) and (3), cannot be confirmed.

10. The Plan does not comply with Section 1129(a)(3) because it does not comply with the Worker Adjustment and Retraining Act, 29 U.S.C. § 2101-2109 (WARN Act).

11. The WARN Act Claimants submit that in order to be confirmable, the Plan must provide that the WARN Act Claimants' claims be post-petition claims.

12. Assuming *arguendo* that the Plaintiff's WARN Act claim is a pre-petition claim, the WARN Act Claimants submit that in order to be confirmable, the Plan must provide that the WARN Act Claimants' claims be resolved through an adversary proceeding, rather than through the claims process.

13. The Plan Article X.G contains a broad exculpation provision that, if read literally, would excuse parties' non-compliance with applicable statutes. This would improperly include

---

[1] Although the Court's recent Order on Debtor' Thirtieth Omnibus Objection to Claims, entered October 8, 2009, denied Plaintiff's claim as a pre-petition *priority* claim, Plaintiff has <u>always</u> asserted his status as a post-petition *administrative* claimant throughout Plaintiff's pleadings and briefs herein.

the WARN Act.  Nothing in the Bankruptcy Code authorizes the Court to exculpate parties from complying with applicable law.  There is no authority for excusing compliance with the law and violations of the WARN Act should be excepted from the Plan's exculpation provisions.

For the forgoing reasons, Defendant's motion to dismiss should be denied in its entirety, and Defendant should answer Plaintiff's Amended Complaint forthwith.

Dated: November 16, 2009                    MASON, L.L.P.


/s/ Gary E. Mason_____
Gary E. Mason
Admitted Pro Hac Vice
1625 Massachusetts Ave., N.W., Ste 605
Washington, DC 20036
Tel: 202-429-2290
Fax: 202-429-2294

BUSMAN & BUSMAN, P.C.
Marc A. Busman
P.O. Box 7514
Fairfax Station, VA 22039
703-503-8088
703-425-8487 (facsimile)

KANTROWITZ, GOLDHAMER
 & GRAIFMAN, P.C.
Randy J. Perlmutter
Gary S. Graifman
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977
Tel: (845) 356-2570
Fax: (845) 356-4335

**Co-Counsel for Objector Marlon Mondragon**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 16, 2009, a true and correct copy of the foregoing was electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and was mailed, by U.S. Mail, first class, postage paid, to all person appearing below:

| | |
|---|---|
| Robert B. Van Arsdale, Esq.<br>Office of the United States Trustee<br>701 East Broad St., Suite 4304<br>Richmond, VA  23219<br>*Assistant United States Trustee* | Lynn L. Tavenner, Esq.<br>Paula S. Beran, Esq.<br>Tavenner & Beran, PLC<br>20 North Eighth St., 2nd Floor<br>Richmond, VA  23219<br>*Counsel for the Official Committee of Unsecured Debtors* |
| Dion W. Hayes, Esq.<br>Joseph S. Sheerin, Esq.<br>Sarah Becket Boehm, Esq.<br>McGuire Woods, LLP<br>One James Center<br>901 East Cary Street<br>Richmond, VA  23219<br>*Counsel for the Debtors* | Greg M. Gilardi, Esq.<br>Ian S. Fredericks, Esq.<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, DE  19899-0636<br>*Counsel for the Debtors* |
| Daniel F. Banks, Esq.<br>Douglas M. Foley,Esq.<br>McGuire Woods LLP<br>9000 World Trade Center<br>101 W. Main Street<br>Norfolk, VA  23510<br>*Counsel for Debtors* | Bruce H. Besanko, Debtor Designee<br>Circuit City Stores, Inc.<br>9950 Maryland Drive<br>Richmond, VA 23233<br>*Debtor Designee* |

                                                    /s/ Gary E. Mason
                                                    Gary E. Mason