# EXHIBIT A



LEXSEE 2001 BANKR. LEXIS 1299

**Michael Cain, et al. v. Inacom Corp.**

**Adv. Proc. No. 00-1724**

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

**2001 Bankr. LEXIS 1299**

**September 26, 2001, Decided**

**DISPOSITION:** [*1] Defendant's motion to dismiss was denied.

**COUNSEL:** For Debtors and Debtors in Possession: Laura Davis Jones, Pachulski, Stang, Ziehl, Young & Jones P.C., Wilmington, DE.

For Debtors and Debtors in Possession: James I. Stang, Ellen M. Bender, Pachulski, Stang, Ziehl, Young & Jones P.C., Los Angeles, CA.

For NLG Maurice and Jane Sugar Law Center for Economic and Social Justice: Steven K. Kortanek, Klehr, Harrison, Harvey, Branzburg & Ellers LLP, Wilmington, DE.

For NLG Maurice and Jane Sugar Law Center for Economic and Social Justice: John C. Lankenau, Stuart J. Miller, Lankenau & Miller, LLP, New York, New York.

Julie Hurwitz, Mark Fancher: NLG Maurice and Jane Sugar Law Center for Economic and Social Justice, Detroit, Michigan.

**JUDGES:** PETER J. WALSH, JUDGE.

**OPINION BY:** PETER J. WALSH

**OPINION**

September 26, 2001

**Re: Michael Cain, et. al. v. Inacom Corp.**

Adv. Proc. No. 00-1724

Dear Counsel:

This is my ruling on the defendant Inacom Corp.'s motion to dismiss pursuant to Rule 12(b)(6)(Doc. # 8). For the reasons briefly discussed below, I will deny the motion.

The motion raises two primary issues: (1) whether Inacom Corp. ("Inacom") was an "employer" as intended by [*2] the WARN Act when it terminated the plaintiff employees (the "Employees") and (2) whether the complaint should be dismissed as a violation of the automatic stay.

Inacom claims that the Employees were terminated as a result of mass layoffs which took place concurrently with the shutdown of Inacom's facilities nationwide in conjunction with the filing of its Chapter 11 petition. At the time the petition was filed Inacom claims that it had ceased doing business except for winding up its affairs and liquidating its assets. Therefore, according to Inacom, under Third Circuit authority, *In re United Healthcare Sys., Inc.*, 200 F.3d 170 (3d Cir. 1999), it was not an "employer" subject to the 60 day notice requirement of the Workers Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et. seq.* (the "WARN Act"). Stated differently, defendant claims that given the juxtaposition between its termination of business and the filing of its Chapter 11 petition, it took on the role of a liquidating fiduciary, not subject to the WARN Act notice requirements.

In response, the Employees argue that Inacom not only planned but actually ordered the mass [*3] layoffs sometime before it filed for bankruptcy and before it liquidated its business. In any event, the Employees argue that there are sufficient disputed facts at this stage of the proceeding which preclude a definitive determination as to whether Inacom was a liquidating fiduciary. Citing *United Healthcare*, the Employees argue that in determining whether an entity is an "employer" the court must consider whether the entity was "engaged in business" during the time prior to the business close down and mass layoff. The Employees assert that Inacom was trying to sell the company rather than trying to obtain financing to continue running the company and that a company in that situation is not relieved of the WARN Act 60 day notice requirement.

I agree with the Employees that at a minimum there is a material question of fact whether Inacom was a liquidating fiduciary at the time of the employee terminations and it is inappropriate to resolve such a fact question in the context of a Rule 12(b)(6) motion.

In addition to the adversary proceeding the Employees have filed a class proof of claim. Inacom's second argument is that the filing of the adversary proceeding is a violation of [*4] the automatic stay order and is an attempt by the Employees to circumvent the claims resolution process established by the Bankruptcy Code. In response, the Employees argue that the complaint sets forth equitable causes of action which are properly brought before the court in an adversary proceeding under Bankruptcy Rule 7001. The issue here is whether the adversary proceeding is a conventional action at law, such as an action for breach of contract, or an effort to obtain equitable relief. The Employees rely on the unreported decision of *Loehrer v. McDonnell Douglas Corp.*, 1992 U.S. Dist. LEXIS 22555, No. 91-1747 C (2) (E.D. Mo. Oct. 5, 1992) which held that a WARN Act cause of action is an equitable cause of action. Inacom relies on *Bentley v. Arlee Home Fashions, Inc.*, 861 F. Supp. 65 (E.D. Ark. 1994) in which the court held the opposite, namely, that WARN Act remedies are legal, not equitable, in nature. Both of those decisions arose in the context of whether the plaintiff was entitled to a jury trial, a right which would pertain only if the WARN Act cause of action was legal in nature. These conflicting opinions present a close question here. However, I am inclined [*5] to follow the *Loehrer* position because it addressed an issue relevant here which the *Bentley* decision did not. Specifically, the *Loehrer* court noted that the monetary remedies specified in the WARN Act are subject to the discretionary authority of the court to reduce the award if the employer acted in good faith and had reasonable grounds for believing that the act or omission was not a violation of the WARN Act. *Loehrer*, 1992 U.S. Dist. LEXIS 22555 at *8. Citing the concurring opinion of Justice Rehnquist in *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 442-43, 95 S. Ct. 2362, 2385, 45 L. Ed. 2d 280 (1975)(where "the court retains substantial discretion as to whether or not to award back pay...the nature of the jurisdiction which the court exercises is equitable."), the court concluded that the WARN Act claims sounded in equity. *1992 U.S. Dist. LEXIS 22555* at *9-10. In addition to its reliance on the *Albemarle Paper* case, the *Loehrer* court also found "that an award of back pay under the WARN Act is equitable relief because such an award is intertwined with the equitable relief of ERISA benefits." *1992 U.S. Dist. LEXIS 22555* at *8. The instant complaint likewise seeks ERISA benefits.

In [*6] agreeing with the position set forth in the *Loehrer* decision I conclude that the instant complaint seeks equitable relief and may be appropriately pursued pursuant to Rule 7001 as an adversary proceeding.

Quite aside from the issue of whether the complaint seeks equitable relief or legal redress, equitable relief may also be available through the claims resolution process and ordinarily a claimant who has filed a proof of claim should not also be allowed to pursue the matter by way of an adversary proceeding. However, there are procedural problems associated with a class proof of claim (see unreported letter ruling of December 30, 1998 (Doc. # 2368) in Lomas Financial Corporation, Case No. 95-1235 (PJW)). Without ruling on the propriety of filing the adversary proceeding vis-a-vis the automatic stay and claims resolution process, I am satisfied that resolving the WARN Act claims in the adversary proceeding framework is appropriate in this bankruptcy case.

Defendant argues that the complaint should be dismissed because the adversary proceeding is duplicative of the claims resolution process and interferes with that process. I am not persuaded by this argument because it strikes [*7] me that resolving the issue of Inacom's liability, if any, for WARN Act violations is more efficiently determined in the context of a class action adversary proceeding rather than handling the

2001 Bankr. LEXIS 1299, *7

matter on a piece meal basis with respect to each of the proofs of claims filed by the terminated employees. As a practical matter both the adversary proceeding and the proofs of claims resolution process involves the same issue. Allowing the matter to proceed by way of the adversary proceeding does not expose Inacom to any additional liability or burden of defense.

For the above stated reasons, defendant's motion to dismiss (Doc. # 8) is DENIED.

Very truly yours,

Peter J. Walsh