Stephan W. Milo (VSB #42156)
Whitney J. Levin (VSB #68365)
Wharton Aldhizer and Weaver, PLC
125 S. Augusta Street
Suite 2000
Staunton, VA 24401
Phone: 540.213.7440
Fax: 540.213.0390
Email: smilo@wawlaw.com

Counsel for Claimant (Claim No. 1293)
BISSELL Homecare, Inc.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | |
|---|---|
| **In re:** | ) |
| | ) |
| **CIRCUIT CITY STORES, INC.,** | ) Case No. 08-35653 (KRH) |
| **et al.,** | ) Chapter 11 |
| | ) Jointly Administered |
| **Debtors.**[1] | ) |
| | ) |

### OBJECTION OF BISSELL HOMECARE, INC. TO FIRST AMENDED JOINT PLAN OF LIQUIDATION OF CIRCUIT CITY STORES, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION AND ITS OFFICIAL COMMITTEE OF CREDITORS HOLDING GENERAL UNSECURED CLAIMS

BISSELL Homecare, Inc. ("BISSELL"), by and through its undersigned counsel, respectively submits this "Objection of BISSELL Homecare, Inc. to First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims" (ECF Doc. No. 5124, the "Plan") and in support thereof states the following;

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CCDistribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Maryland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

## I. **BACKGROUND**

1.      On November 10, 2008 (the "Petition Date"), the debtors in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code") in this Court.

2.      On November 12, 2008, the Court entered its "Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007" (ECF Doc. No. 107) (the "503(b)(9) Bar Date Order") setting December 19, 2008 as the deadline to file claims under §503(b)(9) of the Bankruptcy Code (the "503(b)(9) Bar Date").

3.      Consistent with the 503(b)(9) Bar Date Order, BISSELL timely filed its administrative expense arising under §503(b)(9) of the Bankruptcy Code, which has been designated as No. 1293, on the register maintained by Kurtzman Carson Consultants, in these proceedings, asserting an administration expense in the amount of $48,916.54 (the "BISSELL Administrative Expense").

4.      On September 29, 2009, the Debtors filed the Plan, which among other things, proposes to establish a Liquidating Trust on the effective date of the Plan comprised of all of the Debtors' property and assets. See Plan, at §V(E). A hearing on confirmation of the Plan is presently scheduled for November 26, 2009.

5.      On October 13, 2009, the Debtors filed the "Debtor's (i) Fifty-First Omnibus Objection to Certain 503(b)(9) Claims and (ii) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference" (ECF Doc. No. 5126, the "Objection").

6. In the Objection, the Debtors seek entry of an order "temporarily disallowing" $35,450 of the BISSELL Administrative Expense, thereby temporarily reducing the BISSELL Administrative Expense from $48,916.54 to $13,466.54. See Objection, ¶9 and Exhibit C. The Debtors base their request solely and exclusively on their contention that BISSELL received an alleged, but not identified, preferential transfer(s) of $35,450. See id., at 5. The Debtors have not otherwise challenged the validity of the BISSELL Administrative Expense, which, but for the alleged preference asserted in the Objection, must be paid in full on the effective date of the Plan.

7. In light of the Objection, the Debtors presumably do not intend on paying the BISSELL Administrative Expense in full on the effective date of the Plan.

8. BISSELL, along with numerous other holders of administrative expenses under Bankruptcy Code § 503(b)(9), filed its response (ECF Doc. No. 5511) in opposition to the relief sought in the Objection.

9. The Court held a hearing on the Objection on November 12, 2009, at the conclusion of which it reserved decision and took the matter under advisement.[2]

## II. ARGUMENT

10. Section 1129(a) of the Bankruptcy Code sets forth the mandatory requirements for confirmation of a plan. See 11 U.S.C. § 1129(A). Among those requirements is that administrative expenses be paid in full on the effective date of the plan. See 11 U.S.C. § 1129(a)(9)(A). The statute states that, for a plan to be confirmed,

---

[2] In addition to the Objection, the Court also heard argument on November 12, 2009 with respect to the "Debtor's (I) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference" (ECF Doc. No. 5216, the "Fifty-Second Objection") and numerous responses in opposition thereto. The relief sought in, and the objections to the Fifty-Second Objection appear to be identical to those related to the Objection and the Court reserved decision and took under advisement the Fifty-Second Objection as well.

3

> Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim the plan provides that ... **_with respect to a claim of a kind specified in section 507(a)(2)_** or 507(a)(3) of this title, on the effective date of the plan, **_the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim..._**

*Id.* (emphasis added).

11. Bankruptcy Code § 507(a)(2) described administrative expenses allowed under § 503(b), including *inter alia* those arising under § 503(b)(9). Therefore, it is clear that, under § 1129(a), § 503(b)(9) claims, such as the one held by BISSELL in these cases, are entitled to cash equal to the amount of the claim on the effective date of the Plan. *See* CIT Commun. Fin. Corp. v. Midway Airlines Corp. (In re: Midway Airlines Corp.), 406 F.3d 229, 242 (4th Cir. 2005) (stating that under § 1129(a)(9)(A), "administrative expense[s] under § 503(b) must be paid in cash on the effective date of the plan in a chapter 11 proceeding").[3]

12. In addition to BISSELL, objections to the Plan have been filed by Samsung Electronics America, Inc. (ECF Doc. No. 5681, the "Samsung Objection") Paramount Home Entertainment, Inc. (ECF Doc. No. 5667, the "Paramount Objection") and LG Electronics USA, Inc. (ECF Doc. No. 5652, the "LG Objection" and with the Samsung and Paramount Objections, collectively the "Objections"), which Objections BISSELL respectfully adopts and incorporates herein.

13. In particular, BISSELL adopts and incorporates herein the argument that the Plan violates 11 U.S.C. § 1129(a)(9) and therefore is not confirmable to the extent that it does not unequivocally provide for the payment in full of the BISSELL Administrative Expense on the effective date of the Plan. *See* Samsung Objection at 2,

---

[3] As set forth infra, BISSELL respectfully adopts and incorporates herein the objection to the Plan filed by, among others, Paramount Home Entertainment, Inc. (ECF Doc. No. 5267), from which this authority is reproduced.

4

LG Objection at 2-5, citing inter alia *In re Scott Cable Communications, Inc.*, 227 B.R. 596, 600 (Bankr. D. Conn. 1998) ("a plan cannot be confirmed without full payment of [administrative expenses] even if there are no estate assets to pay them."); *In re Emons Industries, Inc.*, 76 B.R. 59, 60 (Bankr. S.D.N.Y. 1987) ("Confirmation of a plan of reorganization mandates that provision for payment in full in cash be made for all allowed expenses of administration"). BISSELL is entitled to such payment in full on the effective date and does not in any manner consent to payment after that date.

14.    Likewise, BISSELL objects on the grounds that the Plan is not feasible and thus violates § 1129(a)(11) of the Bankruptcy Code, as it significantly underestimates the amount of all allowed administrative expenses and therefore the cash reserved to satisfy §1129(a)(9). See Samsung Objection at 2, 8-10, LG Objection at 4-5; Paramount Objection at 4-5.

15.    Finally, BISSELL also asserts, as has Samsung, that the Plan violates: (a) 11 U.S.C. §1129(a)(3) as it has not been proposed in good faith; (b) 11 U.S.C. § 1129 (a)(3) because it has been proposed by a means forbidden by law and (c) 11 U.S.C. § 1129(a)(1) because the Plan's setoff/recoupment provisions failed to comply with 11 U.S.C. § 553. See Samsung Objection at 2, 10-16.

### III. RESERVATION OF RIGHTS

16.    BISSELL reserves the right to amend, modify or supplement this Objection prior to a determination being made by the Court regarding this matter and further reserves the right to join in additional objection responses to the Plan, to the extent these objections are consistent with BISSELL's position herein.

5

17. Nothing in this Response is intended to waive release, prejudice or compromise in any way, any and all rights of claims, defenses or arguments which BISSELL has or may have in these Chapter 11 proceedings, including those with respect to any attempt by the Debtors to recover any alleged preferential payments (collectively the "Rights"), all of which Rights BISSELL expressly hereby reserves.

## IV. CONCLUSION

WHEREFORE, BISSELL respectfully requests that the Court enter an order: (i) sustaining this Objection; (ii) denying confirmation of the Plan and (iii) granting such other and further relief as this Court deems just and proper.

Dated: Staunton, Virginia
November 16, 2009

WHARTON, ALDHIZER & WEAVER, P.L.C.

/s/ Stephan W. Milo
STEPHAN W. MILO, ESQ. (VSB#42156)
WHITNEY J. LEVIN (VSB#68365)
The American Hotel
125 South Augusta Street, Suite 2000
Staunton, VA 24401
(540) 213-7440 – Telephone
(540) 213-0390 – Facsimile
Counsel for BISSELL Homecare, Inc.

S0903708

## CERTIFICATE OF SERVICE

I, Stephan W. Milo, hereby certify that a true and correct copy of the foregoing "Objection of BISSELL Homecare, Inc. to First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims" has been served upon the parties listed below via first-class mail, postage prepaid on November 16, 2009 and parties-in-interest who are included in the United States Bankruptcy Court's ECF email notification system for this case by virtue of the electronic filing of same.

| **The Debtors**<br>Circuit City Stores, Inc.<br>4951 Lake Brook Dr., Suite #500<br>Glen Allen, VA 23060<br>Attn: Michelle Moiser | **Office of the U.S. Trustee**<br>701 East Broad Street, Suite 4304<br>Richmond, VA 23219<br>Attn: Robert B. Van Arsdale |
|---|---|
| **Debtor's Counsel**<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOAM, LLP<br>One Rodney Square<br>10th and King Streets, 7th Floor<br>Wilmington, DE 19801<br>Attn: Gregg M. Galardi<br>Attn: Ian S. Fredericks<br><br>SKADDEN, ARPS, SLATE, MEATHER & FLOAM, LLP<br>155 N. Wacker Dr<br>Chicago, IL 60606<br>Attn: Chris L. Dickerson<br>Attn: Jessica S. Kumar<br><br>MCGUIRE WOODS LLP<br>One James Center<br>901 E. Cary Street<br>Richmond, VA 23219<br>Attn: Douglas M. Foley<br>Attn: Sarah M. Boehm | **Counsel for the Creditors' Committee**<br>PACHULSKI STANG ZIEHL & JONES, LLP<br>10100 Santa Monica Boulevard, 11th Floor<br>Los Angeles, CA 90067<br>Attn: Jeffrey N. Pomerantz<br>Attn: Stanley E. Goldich<br><br>PACHULSKI STANG ZIEHL & JONES, LLP<br>780 Third Avenue, 36th Floor<br>New York, NY 10017<br>Attn: Robert J. Feinstein<br><br>TAVENNER & BERAN, PLC<br>280 N. Eighth Street, 2nd Floor<br>Richmond, VA 23219<br>Attn: Lynn L. Tavenner<br>Attn: Paula S. Beran |

/s/ Stephan W. Milo
Stephan W. Milo