Michael D. Goode
4537 Mockingbird Lane
Maiden, NC 28650
828-446-3940

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:                                    )
                                          )
CIRCUIT CITY STORES, INC., et al,         )    Case No. 08-35653-KRH
                                          )    Chapter 11
Debtors.                                  )    Jointly Administered

[FILED NOV 16 2009 — RICHMOND DIVISION, CLERK U.S. BANKRUPTCY COURT stamp]

# RESPONSE OF MICHAEL D. GOODE TO DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN ALLEGED ADMINISTRATIVE EXPENSES ON ACCOUNT OF EMPLOYEE OBLIGATIONS)

I, Michael D. Goode, submit this Response to the Debtors' Fifty-Sixth Omnibus Objection to Claims ("the Fifty-Sixth Omnibus Objection" or "the Objection"). In Support of my Response, I respectfully state as follows:

## Background

1. I was employed by Circuit City Stores, Inc. ("Debtor" or "Debtor in Possession") from September 30, 2007 until March 23, 2009 which was my final day of the inventory liquidation and subsequent termination.

2. I was in the capacity of AND held the title of Store Director from September 30, 2007 to March 23, 2009.

3. On January 4, 2008 I was awarded a Long Term Cash Award in the amount of $15,000 which was to vest at 33.3% on January 1, 2009; 66.6% on January 1, 2010; and 100% on January 1, 2011. Therefore payment was to be received in $5,000 increments over the course of the three vesting dates.

4. As Stated in the Debtors Objection Sample Award Letter supplied in their objection and as an exhibit of my original administrative claim, the Award was contingent upon me remaining employed with the debtors through each vesting date in order to receive the vesting payment.

5. On November 10, 2008, ("the Petition Date"), Circuit City Stores, Inc. and related companies filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code. In the first day's motions, the court approved (among other things) the debtors request to

Michael D. Goode
4537 Mockingbird Lane
Maiden, NC 28650
828-446-3940

continue employee benefit programs that were in the ordinary course of business (summarized) and (emphasized) those which would prevent a substantial reduction in employee moral as to help preserve the value of the debtors estate. The debtors (as an excerpt from the motion) requested this as well:

> 72. In addition, the Debtors have in place a number of other policies and programs, including, severance policies, certain additional short-term and long-term incentive plans and a board of directors deferred compensation plan. At this time, the Debtors are not requesting authorization to make payments on account of prepetition amounts owed in connection with such policies and plans. The Debtors are also not seeking authorization at this time to continue such programs in the ordinary course. The Debtors are currently evaluating their need and ability to continue such programs and will seek relief with respect to such programs in later motions, as needed. As such, this Motion is not intended to prejudice the Debtors' right to seek such relief, or any additional relief related to any Employee payments, benefits or programs, at a later date.

6. On January 30, 2009 (Pursuant to the Claims Bar Date order of Claims arising before November 10, 2009) I filed a General Unsecured "contingent" Claim. The Award was not vested and due to be paid as of November 10, 2009.

7. On January 1, 2009 the first year of the Award was vested and due payable.

8. On January 16, 2009 this court approved sale of the company's inventory and subsequently the company commenced it's Going out of Business Sale. Concurrently, as per the Award Letter (by sale of a majority of the companies assets') the rest of the Award vested.

9. On June 30, 2009 I filed (as per the Administrative Bar Date Order) an administrative priority claim for the $15,000 due to me as per the Long Term Incentive Cash Award.

## Response to Debtors Objection

1. The entire premise for the debtors objection to the administrative claims filed by multiple former associates of the debtor was that the claims arose from pre-petition contract.

Michael D. Goode
4537 Mockingbird Lane
Maiden, NC 28650
828-446-3940

2. By definition, this contract ("Long Term Incentive") is an executory contract. And although, this doesn't change the fact that the Award arose pre-petition and is therefore a pre-petition contract (regardless of the contingency becoming due post-petition), the debtors did receive benefits of continued employment from myself and hundreds of other participants in these Awards. All the while, the debtors were evaluating their need and ability to continue such programs (referenced from first day motions, quotes omitted)

3. Although, unrelated to Incentive Programs, the Supreme Court of the United States has provided Clear guidance as it relates to pre-petition executory contracts as it relates to the implications and results of a debtor in possession realizing a benefit from them while deciding whether to assume or reject the contracts.
   a. As Cited by the US Supreme Court in **NLRB v. Bildisco & Bildisco at 465 U. S. 531-532**

   > If the debtor-in-possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume the contract, the debtor-in-possession is obligated to pay for the reasonable value of those services, Philadelphia Co. v. Dipple, 312 U. S. 168, 312 U. S. 174 (1941), which, depending on the circumstances of a particular contract, may be what is specified in the contract, see In re Public Ledger, 161 F.2d 762, 770-771 (CA3 1947). See also In re Mammoth Mart, Inc., 536 F.2d 950, 954-955 (CA1 1976).

   > F.2d 994, 996 (CA3 1951), and the expenses and liabilities incurred may be treated as administrative expenses, which are afforded the highest priority on the debtor's estate, 11 U.S.C. § 503(b)(1)(A) (1982 ed.).

4. Through the debtors own admissions and court motions, it is obvious that the Long Term Incentive Award was an Executory Contract by definition. Furthermore, the Debtor neither sought to assume nor reject the contracts, and by its own admission was evaluating the need and ability to continue the programs. Therefore the debtor in possession is obligated to pay for the reasonable value of services received, and those expenses incurred should be treated as administrative priority expenses.

5. It only comes to question before this court as to the value of services (or "Quantum Meruit") that the debtors received. In light of the fact that there was a contract in place and the debtors never sought to reject the contract before the date of my termination (which was after liquidation and full performance of the contract) then the value of services was in full value of the contract. Even in the debtors own objection to the claims, they did not object to the amount of the claim only the nature.

6. Secondly, the debtors and this court have set precedence of treatment with respect to pre-petition employee benefit claims. This is evidenced by the first day motion and order to pay pre-petition severance agreements to former employee's as to preserve the value of the estate through preserving employee morale (at an estimated cost of up to $10 million or $14,285 per employee as derived from the motion). These former employees, as admitted by the debtors, had no avenue nor means to return value to the estate (would likely never be rehired by the debtor in light of the current situation) other than the mere act of payment to them (to increase still employed employees moral). I don't see how it could be just and equal for the

Michael D. Goode
4537 Mockingbird Lane
Maiden, NC 28650
828-446-3940

    debtors to be afforded the ability to treat a pre-petition unsecured obligation to an employee benefit as administrative priority for a group of former employee's who couldn't preserve or return value to the estate, and seek to reject an administrative claim of an employee who indeed returned a value to the estate.

7. I, as an employee and in good faith, worked from the petition date through the final inventory liquidation (last day) to satisfy my duties of the contract and to return a value to the estate. The debtors, at no time, have given any indication or filing of intent to reject the contract.

## SUMMARY

It is clear that the Supreme Court has established the fact that if a debtor in possession realizes a benefit from a non-debtor as a result of postponing a decision on their executory contract, then the debtor is responsible for (as an administrative priority expense) the value of services received up to and through full performance of the contract. That, along with the precedence established by this court for severance payment to employee's as administrative priority although only qualifying per bankruptcy code as a pre-petition unsecured expense, provides this court with the ability to grant my request of allowance of an administrative expense in priority for the amount of $15,000.

**WHEREFORE, I Michael D. Goode, respectfully requests the Debtors' Objection be denied, and that
my claim be deemed allowed and paid.**

Date: November 11, 2009

Michael D. Goode

*[signature]*

Michael D. Goode
4537 Mockingbird Lane
Maiden, NC 28650
828-446-3940

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 12th day of November, 2009, this Response will be sent to the Clerk of the Court at:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street - Room 4000
Richmond, Virginia 23219

, and send a true and correct copy of the Response via mail on the same day to:

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, DE 19899-0636
Attn: Gregg M. Galardi
Attn: Ian S. Fredericks

- and -

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
Attn: Chris L. Dickerson

- And -

MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Attn: Dion W. Hayes
Attn: Douglas M. Foley

Michael D. Goode

*/s/ Michael D. Goode*