UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | | |
|---|---|---|
| **In re:** | * | |
| **CIRCUIT CITY STORES, INC., et al.,** | * | Case No: 08-35653-KRH |
| | | **Chapter 11** |
| Debtors. | * | (Jointly Administered) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**LIMITED OBJECTION OF ALLIANCE ENTERTAINMENT LLC, NOW KNOW AS
SOURCE INTERLINK DISTRIBUTION, LLC, AND
SOURCE INTERLINK MEDIA, LLC TO CONFIRMATION
OF THE DEBTORS' FIRST AMENDED JOINT PLAN OF LIQUIDATION**

Alliance Entertainment LLC, now known as Source Interlink Distribution, LLC ("Alliance") and Source Interlink Media, LLC ("SIM")(Alliance and SIM are referred to collectively herein as "Source"), hereby submit this limited objection (the "Limited Objection") to Confirmation of the Debtors' First Amended Joint Plan of Liquidation (the "Plan"), and in support thereof, state:

### Introduction

Source generally supports confirmation of the Plan. However, Source believes that clarification is required in two respects. First, the Debtors should confirm that they continue to

Bradford F. Englander, VSB# 36221
Brian M. Nestor, VSB# 77133
Whiteford, Taylor & Preston LLP
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-9081 (tel)
(703) 280-9139 (fax)
benglander@wtplaw.com

*Counsel for Alliance Entertainment LLC,
now known as Source Interlink Distribution, LLC, and
Source Interlink Media, LLC*

maintain the segregated escrow account for Source's Secured Claim (defined below), as previously ordered by this Court, and that such escrow account will remain in place through the Effective Date of the Plan. Second, the Plan should be clarified to assure that appropriate reserve treatment is required for any portion of its administrative expense claims subject to objection or treated as unliquidated for purposes of the Plan.

## Background

1. Prior to the Petition Date, Alliance and SIM delivered goods and provided services to the Debtors for which no payment was made by the Debtors (the "Source Claims").

2. On November 10, 2008, the Debtor Circuit City and its related entities (the "Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code ("Petition Date").

3. The Debtors requested Alliance ship certain goods owned by the Debtors and stored by Alliance to the Debtors' stores in connection with the liquidation sale (the "Sale") approved by this Court pursuant to the Order Approving Agency Agreement, Store Closing Sales and Related Relief, entered on January 16, 2009 (the "Store Closing Order") and the Agency Agreement attached as exhibit thereto (the "Agency Agreement").

4. Alliance asserted a pre-petition claim in the amount of $1,028,153.34 (the "Charges") on account of its possessory and statutory warehousemen's and/or carrier's lien in the Encumbered Goods to secure its unpaid storage, delivery and other services provided to the Debtors (the "Secured Claim").

5. On February 3, 2009, the Court entered its Stipulation and Consent Order Establishing Adequate Protection for Alliance Entertainment, LLC (the "Adequate Protection Order").

6. Pursuant to the Court's Adequate Protection Order, the Debtor granted Alliance "a replacement lien in the Debtors' right to receive any payment, and any proceeds of such right to receive payment, now existing or hereafter acquired, under or in connection with the Sale, the Store Closing Order, and/or the Agency Agreement (the "Replacement Lien")" in order to replace the Secured Lien Alliance had in the Debtor's Products stored by Alliance for the Charges. The Replacement Lien is in the same order of priority as Alliance's lien in the Debtor's Products. The Replacement Lien was immediately perfected and enforceable, without the need for Alliance or any other person to file a financing statement or take any other action.

7. Upon receipt of proceeds of the Sale, the Debtors' were to establish a segregated escrow account (the "Escrow Account") for the benefit and protection of Alliance's Replacement Lien in the deposit amount of $1,028,153.34.

8. In addition to the Secured Claim, Alliance and SIM currently hold general unsecured claims against the Debtors in the estimated amount of $6,607,707.22 and $515,379.00, respectively. Alliance and SIM also hold allowed administrative expenses arising under 11 U.S.C. § 503(b)(9) in the amount of $4,010,658.44 and $360,345.31, respectively (collectively, the "Source 503(b)(9) Claims"). SIM also has a separate and distinct allowed administrative expense claim for good delivered during the post-petition period in the amount of $40,540.38 ("SIM Admin. Claim").

9. The Debtors have filed six different objections to the Source Claims mainly on procedural grounds.[1]

---

[1] The Debtors omnibus objections are as follows: the 10th, 20th, 22nd, 23rd, 28th, and 34th. Source has filed responses to each of these objections.

## Argument

I.  Secured Claim

10. As set forth above, the Debtors have established a separate and distinct Escrow Account for purposes of the Alliance Replacement Lien. Article III, B.1, Class 1: Miscellaneous Secured Claims of the Plan provides:

> …Any Holder of a Miscellaneous Secured Claim shall retain its Lien in the Collateral or the proceeds of the Collateral (to the extent that such Collateral is sold by the Debtors or the Liquidating Trustee free and clear of such Lien) to the same extent and with the same priority as such Lien held as of the Petition Date until such time as (a) the Holder of such Miscellaneous Secured Claim (i) has been paid Cash equal to the value of its Allowed Miscellaneous Secured Claim, (ii) has received a return of the Collateral securing the Miscellaneous Secured Claim or (iii) has been afforded such other treatment as to which such Holder and the Debtors and/or the Liquidating Trustee shall have agreed upon in writing; or (b) such purported Lien has been determined by an order of the Bankruptcy Court to be invalid or otherwise avoidable. Notwithstanding the foregoing, or anything to the contrary in the Plan, no Distributions shall be made to the Holder of any Allowed Miscellaneous Secured Claim unless either (a) the Liquidating Trust has sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Miscellaneous Secured Claims or (b) the Liquidating Trust Oversight Committee consents to all or any portion of such Distribution.

11. While the language in the Plan purports to protect secured claims, and provide a Lien "to the same extent and same priority" as held on the Petition Date, the Court's Adequate Protection Order established an Escrow Account for the Charges. The Plan is unclear with respect to the post-petition Replacement Lien already granted to Alliance by this Court, or the Escrow Account, which holds the collateral securing such Replacement Lien. Alliance hereby objects to the Plan to the extent that it alters or conflicts with the Court's Adequate Protection Order.

12. Nothing in the Plan should alter, amend or restate the rights provided by the Court's Adequate Protection Order. Alliance requests that the language of the Plan in no way

4

impact the Escrow Account and the Alliance Replacement Lien already granted by this Court. The confirmation order should specify that the Escrow Account shall continue to be maintained as a segregated and distinct account securing Alliance's Secured Claim pending further order of this Court Alliance's written agreement.

      II.     <u>Administrative Claims</u>

13. For the reasons set forth in the *Objection of LG Electronics USA, Inc. to Confirmation of Chapter 11 Plan of Liquidation* filed on November 13, 2009 [Dock. No. 5652], Source objects to the extent that the Plan fails to provide for an adequate reserve amount for the Source 503(b)(9) Claims and the SIM Admin. Claim, including as a result of any ruling by this Court with respect to the Debtors' omnibus objections to claims based on an alleged right to setoff.

## Conclusion

WHEREFORE, based upon the foregoing, Source respectfully requests that the Court require that the confirmation order (i) specify that the Escrow Account shall continue to be maintained as a segregated and distinct account securing Alliance's Secured Claim pending further order of this Court Alliance's written agreement; and (ii) require adequate reserve amounts for all administrative claims as set forth above.

Dated: November 16, 2009

Respectfully submitted,

/s/ Bradford F. Englander
Bradford F. Englander, VSB# 36221
Brian M. Nestor, VSB# 77133
Whiteford, Taylor & Preston LLP
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-9081 (tel)
(703) 280-9139 (fax)
benglander@wtplaw.com

Counsel for Alliance Entertainment, LLC, now known as Source Interlink Distribution, LLC, and Source Interlink Media, LLC

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing Limited Objection was mailed by overnight delivery and electronic mail, this 16th day of November, 2009, to the following:

Greg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
Counsel for the Debtors
gregg.galardi@skadden.com
ian.fredericks@skadden.com

Dion W. Hayes, Esq.
Douglas M. Foley, Esq.
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219
Counsel for the Debtors
dfoley@mcguirewoods.com
dhayes@mcguirewoods.com

Robert J. Feinstein, Esq.
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
36th Floor New York, NY 10017
Counsel for the Creditors' Committee Case
rfeinstein@pszjlaw.com

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Chicago, IL 60606
Counsel for the Debtors
chris.dickerson@skadden.com

Lynn L. Tavenner, Esq.
Tavenner & Beran, PLC
20 North Eighth Street Second Floor Richmond, VA 23219
Counsel for the Creditors' Committee
ltavenner@tb-lawfirm.com

Robert B. Van Arsdale, Esq.
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Robert.B.Van.Arsdale@usdoj.gov

and that the foregoing Limited Objection was also filed electronically via the Court's CM/ECF system on this date such that it would be served electronically on those parties entitled to receive such notice in this case.

                                        /s/Bradford F. Englander
                                        Bradford F. Englander

*17191*