ORIGINAL

Barry S. Glaser, State Bar No. 116262
Everett L. Green, State Bar No. 237936
**STECKBAUER WEINHART JAFFE, LLP**
333 S. Hope Street, 36th Floor
Los Angeles, California 90071
(213) 229-2868 - Telephone
(213) 229-2870 - Facsimile
bglaser@swjlaw.com - Email

Counsel for County of Sonoma Tax Collector



RICHMOND DIVISION
FILED
NOV 16 2009
CLERK
U.S. BANKRUPTCY COURT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC. et al., | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered |

**RESPONSE OF SONOMA COUNTY TAX COLLECTOR IN OPPOSITION TO
DEBTORS' FIFTY-FOURTH OMNIBUS OBJECTION TO CLAIMS
(DISALLOWANCE OF CERTAIN LATE CLAIMS)**

The County of Sonoma Tax Collector ("the Tax Collector") hereby submits its Response

in Opposition to the above-captioned Debtors Fifty-Fourth Omnibus Objection to Claims

(Disallowance of Certain Late Claims) (the "Objection"). In support thereof, the Tax Collector

represents as follows:

## I.

## SUMMARY OF ARGUMENT

The Debtor failed to pay personal property taxes due and owing post-petition. Section 503(b)(1)(B)(i) provides that post-petition taxes are entitled to treatment as administrative expenses. 11 U.S.C. § 503(b)(1)(B)(i). The Debtor's Objection and attempted classification of the Tax Collector's claim as an unsecured pre-petition claim is therefore improper and should be denied.

## II.

## STATEMENT OF PERTINENT FACTS

1. Circuit City Stores, Inc. (the "Debtor"), located within the County of Sonoma, utilizes taxable business property in the conduct of its business and is subject to annual personal property tax assessments. These assessments cannot be made until the Debtor's representatives submit annual information to the Tax Collector regarding the value and acquisition costs of business equipment, supplies and fixtures.

2. On November 10, 2008, the Debtors sought relief under chapter 11 of title 11 of the U.S. Bankruptcy Code.

3. This Court established May 11, 2009 as the governmental claims bar date. As of May 11, 2009, the Debtor's personal property tax assessments for 2008-2009 were fully paid. The Tax Collector had not yet made its assessment of the Debtor's personal property for the 2009-2010 tax year. Based on the information the Debtor submitted, the Tax Collector calculated and determined the Debtor's assessments on July 29, 2009. Those assessments became due and owing on September 30, 2009.

5. *On or about July 29, 2009, the Tax Collector provided notice to the Debtor's* representatives of its obligation to pay. The Debtor failed to pay.

6. As a precautionary measure and to preserve its interests, the Tax Collector filed a proof of claim on August 20, 2009 in the amount of $7,254.55 (the "Claim"). Notwithstanding the notation on the proof of claim form, the estate incurred the tax debt post-petition and the Claim is entitled to administrative expense treatment.

## II.

## THE TAX COLLECTOR'S CLAIM AROSE POST-PETITION AND IS ENTITLED TO ADMINISTRATIVE EXPENSE STATUS

Section 503(b)(1)(B) grants administrative expense status for post-petition taxes and penalties related to post-petition taxes:

> Any tax –
>
> Incurred by the estate whether secured or unsecured, including property taxes for which liability is in rem, in personam, or both, except a tax of a kind specified in section 507(a)(8) . . .
>
> (C) any fine, penalty, or reduction in credit relating to a tax of a kind specified in paragraph (B)

11 U.S.C. § 503(b)(1)(B). The Tax Collector conducted its assessment and determined the Debtor's tax liability post-petition. The Debtor's tax was incurred post-petition. Therefore the Tax Collector holds an administrative expense claim and was not obligated to file a proof of claim by the governmental claim bar date. 11 U.S.C. § 503(b)(1)(D) (governmental unit is not required to file a request for payment of an administrative expense as a condition of having its administrative expense claim allowed); Lawrence P. King et al. Collier on Bankruptcy § 503.02[3] at 503-12 (15th ed. Rev. 2008) ("the effect of this section is to put the burden on the trustee to ascertain whether there are any administrative expense taxes and to have the amount of

such taxes determined."). Upon receiving notice of its overdue tax, the Debtor should have made immediate payment. When it did not, the Tax Collector filed a proof of claim only as precautionary measure to preserve its right to repayment.

Because the Tax Collector holds an administrative expense claim, it is entitled to immediate repayment.

## CONCLUSION

For the reasons set forth above, the Tax Collector respectfully requests that the Court enter an Order: (i) denying the Debtor's Objection to the Tax Collector's Claim; (ii) requiring the Debtor to make immediate payment to the Tax Collector; and (iii) granting such other relief as the Court deems necessary and just.

Dated: November 13, 2009             Respectfully submitted,

                                     STECKBAUER WEINHART JAFFE, LLP

                                     By: _____
                                          Barry S. Glaser
                                          Everett L. Green
                                     Counsel for County of Sonoma Tax Collector

## DECLARATION OF PATTI ADAMS

I, Patti Adams, declare as follows:

1.      At all pertinent times, I served as an employee of the County of Sonoma Tax Collector. My official title is an Account Clerk III and I am familiar with the laws and procedures pertaining to the assessment and collection of personal property taxes. If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

2.      Circuit City Stores, Inc. is located within the County of Sonoma and utilizes taxable business property in the conduct of its business and is subject to annual personal property tax assessments. The Tax Collector cannot make assessments of personal property taxes on a business until that business submits annual information to the Tax Collector regarding the value and acquisition costs of business equipment, supplies and fixtures.

3.      The Tax Collector received notice that the governmental claims bar date was May 11, 2009.

4.      As of May 11, 2009, the Debtor's personal property tax assessments for 2008-2009 were fully paid. For the 2009-2010 tax year, the Tax Collector calculated and determined the Debtor's assessments on July 29, 2009. Those assessments became due and owing on September 30, 2009.

5.      On or about July 29, 2009, the Tax Collector provided notice to the Debtor's representatives of its obligation to pay. To date, the Debtor has not paid the personal property taxes due and owing. A true and correct copy of the payment due and the date the estate incurred that is attached hereto as Exhibit A.

6. The Tax Collector filed a proof of claim only as a precautionary measure to preserve its right to repayment. A true and correct copy of that claim is attached hereto as Exhibit B.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed November 13, 2009, at Santa Rosa California.

*Patti Adams*
Patti Adams

EXHIBIT "A"



**EXHIBIT "B"**

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |

Debtor against which claim is asserted: (Check only one box below:)

- ☒ Circuit City Stores, Inc. (Case No. 08-35653)
- ☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)
- ☐ Abbott Advertising, Inc. (Case No. 08-35665)
- ☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654)
- ☐ Circuit City Stores PR, LLC (Case No. 08-35660)
- ☐ Mayland MN, LLC (Case No. 08-35666)
- ☐ InterTAN, Inc. (Case No. 08-35655)
- ☐ Circuit City Properties, LLC (Case No. 08-35661)
- ☐ Patapsco Designs, Inc. (Case No. 08-35667)
- ☐ Ventoux International, Inc. (Case No. 08-35656)
- ☐ Orbyx Electronics, LLC (Case No. 08-35662)
- ☐ Sky Venture Corporation (Case No. 08-35668)
- ☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)
- ☐ Kinzer Technology, LLC (Case No. 08-35663)
- ☐ XSStuff, LLC (Case No. 08-35669)
- ☐ CC Aviation, LLC (Case No. 08-35658)
- ☐ Courchevel, LLC (Case No. 08-35664)
- ☐ PRAHS, INC. (Case No. 08-35670)

NOTE: *This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
Sonoma County Tax Collector
P.O. Box 3879
Santa Rosa, CA 95402

Telephone number: 707-565-3222

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**COPY**

1. Amount of Claim as of Date Case Filed: $7254.55

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: Taxes
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: 800-032-673-000

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $_____   Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtors business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☒ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C § 507(a)(___).

Amount entitled to priority: $7254.55

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date: 8/20/09

Signature: the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Patti Adams, Deputy

FOR COURT USE ONLY
**RECEIVED**
AUG 25 2009
KURTZMANCARSONCONSULTANTS

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



**Case 08-35653-KRH**
**Document Page 11 of 11**

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of November, 2009, I caused to be served a true and correct copy of the Foregoing Response Of Sonoma County Tax Collector In Opposition To Debtors' Fifty-Fourth Omnibus Objection To Claims (Disallowance Of Certain Late Claims) to all parties receiving notice via Federal Express morning delivery on the following:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
10th and King Street
Wilmington, DE 19801
Attn: Gregg M. Galardi
Attn: Ian S. Fredericks

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
Attn: Chris L. Dickerson

MCGUIREWOODS, LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Attn: Dion W. Hayes
Attn: Douglas M. Foley

/s/ Patricia Dillamar
Patricia Dillamar

20007.003/57846.1