**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | | |
|---|---|---|
| **In re:** | * | |
| **CIRCUIT CITY STORES, INC., et al.,** | * | Case No: 08-35653-KRH |
| | | **Chapter 11** |
| Debtors. | * | (Jointly Administered) |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**RESPONSE OF THE WEIDLER SETTLEMENT CLASS TO
DEBTORS' FIFTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS**

The Weidler Settlement Class ("Weidler Class" or "Plaintiffs") hereby submits this Response to the Debtors' Fifty-Eighth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to Unsecured, Non-Priority Claims) (the "Response"), and in support thereof, states:

**Background**

1. The Weidler Class is a group of 206 former employees of Circuit City Stores, Inc. (the "Debtor") who worked at the Debtor's California stores.

2. The Debtor terminated Plaintiffs' employment in early 2007 through its so-called "wage management initiative",[1] which represented the Debtor's decision "with respect to certain positions, to separate from employment hourly associates whose rate of pay is 51 cents or more above the established pay rate" of what these Defendants wished to pay for particular positions.

---

[1] The "wage management initiative" has been cited as the beginning of the Debtor's demise. *See*, *e.g.*, "Circuit City's death traced back to layoffs", *USA Today*, p. 5B (Jan. 19, 2009). A copy of this article is attached as <u>Exhibit 1</u>.

WHITEFORD, TAYLOR & PRESTON, LLP
Christopher A. Jones (VSB # 40064)
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
703.280.9263
703.280.8942 (facsimile)

*Counsel for the Weidler Settlement Class*

3. The Debtor ignored as criteria for determining job loss such key factors as performance, skill and/or quality of work and, instead, relied solely on the pay rate of each employee. Consequently, because pay rate was the sole criteria, the workers who lost their jobs were those with greater seniority and length of service — most likely the older members of the workforce. Thus, the use of wages as the sole criteria to select among employees subject to termination had a disparate impact on workers who were at least 40 years-old and violated California's Fair Employment and Housing Act.

4. On April 4, 2007, the Plaintiffs filed a proposed class action complaint in Los Angeles County Superior Court, Case No. BC369011, styled *Daniel E. Weidler, Michael F. Yezback, and Eloise Garcia v. Circuit City Stores, Inc.* (the "California Litigation"). Plaintiffs filed a First Amended Complaint on September 4, 2008 in the California Litigation. *See Declaration of Christopher A. Jones in Support of the Weidler Settlement Class' Response to Debtors' Fifty-Eighth Omnibus Objection to Claims ("Declaration")*, Par. 3. The *Declaration* is attached hereto as *Exhibit 2*.

5. In September 2008, Plaintiffs and the Debtor reached a settlement of the California Litigation, which was documented in a Joint Stipulation of Settlement Agreement and Release of Class Action Claims (the "Settlement Agreement"). *See Declaration*, Par. 4 and the Settlement Agreement attached as *Exhibit A* thereto.

6. Pursuant to the Settlement Agreement, the Debtor agreed to pay Plaintiffs the "maximum amount of Fifteen Million Dollars", less a) attorneys' fees of $3,750,000; and b) administrative costs of $50,000, for a net maximum payment of $11,200,000 due to Plaintiffs.[2] *See Settlement Agreement*, p. 7 (par. 13) and p. 9 (par. 20(c))

---

[2] The total amount due to Plaintiffs includes certain "enhancement" amounts awarded to the class representatives.

2

7.  Of the amounts due to Plaintiffs under the Settlement Agreement, the Debtor agreed that 25% constitutes "wages". *See Settlement Agreement* at p. 8 (par. 19) and p. 11 (par. 23(a)). Accordingly, the Debtors must pay no less than $2,800,000 (25% of $11,200,000) in wages under the Settlement Agreement.

8.  On or about September 25, 2008, the Los Angeles County Superior Court entered an Order Granting Preliminary Approval of Class Action Settlement and set a hearing for December 12, 2008 to consider final approval of the Settlement Agreement. *See Declaration*, Par. 5.

9.  On November 10, 2008, the Debtor and its related entities (the "Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code on November 10, 2008 ("Petition Date").

10. On December 3, 2008, this Court entered a Stipulation and Order Granting Motion for Relief from Stay permitting the settlement approval process to be completed in the California Litigation [Docket No. 648].

11. On or about December 12, 2008, the Los Angeles County Superior Court held a hearing to consider the final approval of the Settlement Agreement and, on the same date, entered an Order Granting Final Approval of Class Action Settlement and Final Judgment in the California Litigation. *See Declaration*, Par. 6 and the Order attached as *Exhibit B* thereto.

12. On December 10, 2009, the Court entered its Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof [Docket No. 890] (the "Claims Bar Date Order").

13.     Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. §105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date").

14.     On January 28, 2009, the Weidler Settlement Class complied with the Claims Bar Date Order by filing a Proof of Claim (the "Weidler Class Claim") which includes $2,255,700 for "wages, salaries, or commissions" earned within the 180-day period prior to the Petition Date ($10,950 for each of the 206 class claimants) (the "Weidler Class Wage Claim").[3]  The Weidler Class filed an Amended Proof of Claim on February 6, 2009, including the same amounts. *See Declaration*, Par. 7 and the Proofs of Claim attached as *Exhibit C* thereto.

### The Objection

15.     On October 21, 2009, the Debtors filed their Fifty-Eighth Omnibus Objection to Claims (the "Fifty-Eighth Objection") (Reclassification of Certain Misclassified Claims to Unsecured, Non-Priority Claims).  According to the Fifty-Eighth Objection, the Debtors seek to reclassify the Weidler Class Wage Claim because "[a]fter reviewing the Misclassified Claims, the bases upon which they are asserted, and reviewing their books and records, the Debtors submit that the Misclassified Claims are asserted with incorrect classifications and should be reclassified to general unsecured, non-priority claims."  *See* Fifty-Eighth Objection, p. 5.

16.     Because the Debtors' have ignored the explicit language in the Settlement Agreement regarding the characterization of payments due under the Settlement Agreement, the Fifty-Eighth Objection should be overruled as to the Weidler Class Claim.

---

[3] The Weidler Class is seeking priority status for only this portion of the Weidler Class Claim.

**Argument**

I. **The Debtor has Failed to Rebut the Presumed Validity of the Weidler Class Claim.**

17. A proof of claim that is executed and filed in accordance with the Bankruptcy Rules constitutes "prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). The Weidler Class Claim, timely filed, satisfies this requirement.

18. The Debtors "must introduce evidence to rebut the claim's presumptive validity." *Stancill v. Harford Sands Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004) (citations omitted). The Fifty-Eighth Objection, which simply refers to the Debtor's books and records, fails to contain sufficient information to refute the validity of the Weidler Class Claim. On this basis, the Debtors' objection should be overruled.

II. **The Weidler Class Holds a Valid Priority Wage Claim of $10,950**

19. Even assuming that the Debtors have sufficiently rebutted the presumed validity of the Weidler Class Claim, the Settlement Agreement contains explicit language providing that the Weidler Class Wage Claim is a valid priority claim for unpaid wages "earned" when the Debtors executed the Settlement Agreement on September 17, 2008, less than two months prior to the Petition Date. *See* 11 U.S.C. § 507(a)(4) (granting priority status for unpaid wages "earned within 180 days before the date of the filing of the petition").

20. Under the Settlement Agreement, the Debtors' agreed to pay to Plaintiffs no less than $2,800,000 in wages. *See Settlement Agreement*, p. 8 (par. 19) and p. 11 (par. 23(a)). In order to determine whether these wages are entitled to priority under 11 U.S.C. § 507(a)(4), the Court must decide when these wages were "earned". 11 U.S.C. § 507(a)(4) (according priority to wages "earned" within 180 days prior to bankruptcy filing). Thus, the "question for the court is . . . when, as a matter of contract, the employees' right to receive those funds was fixed and could

not be taken from him by the occurrence of some contingent event." *See In re Crouthamel Potato Chip Co.*, 52 B.R. 960, 965 (E.D. Pa. 1985) *rev'd on other grounds*, 786 F.2d 141 (3rd Cir. 1986) (citing *United States v. Munro-Van Helms Co.,* 243 F.2d 10, 13 (5th Cir. 1957) ("On that day their rights became unconditional and absolute and these rights then accrued.")). In this case, the Plaintiffs were entitled to be paid the amounts due under the Settlement Agreement as of the date it was executed.

21.    To the extent that there is any dispute as to when the Debtors' liability to Plaintiffs under the Settlement Agreement became established, those disputes should be resolve in favor of the Plaintiffs. "In construction of Code provisions relating to wage priorities courts have liberally construed the statutes to accord the possible intent of Congress by giving broad meaning to the provisions of the Code as to relate to the facts rather than narrow restrictive meanings." *In re Kitty Hawk, Inc.*, 2002 Bankr. LEXIS 1996, *7 (Bankr. N.D. Tex. 2002) (quoting *In re Seventh Ave. South, Inc.*, 10 B.R. 289, 291 (Bankr. W.D. Va. 1981)). Consequently, the Weidler Class Wage Claim should be treated as a valid, priority wage claim under 11 U.S.C. § 507(a)(4). Furthermore, because the amount of wages due under the Settlement Agreement, $2,800,000, is greater than the total wages due if each class member receives the statutory cap for wage claims, $2,255,700,[4] the Weidler Class Wage Claim is only $2,255,700.

### III. In the Alternative, the Weidler Class Holds a Wage Claim for "Back Pay" that Accrued Within the 180 Days before the Petition Date.

22.    If the Court were to hold that each member of the Weidler Class is not entitled to a priority wage claim in the maximum allowable amount based on the date of the Settlement Agreement, the Court should hold a hearing to determine how much of the unpaid wages or

---

[4] 206 times $10,950 = $2,255,700

"back pay" accrued during the Priority Period. According to one author on the subject, "because the employer's back pay liability continues accruing during the [Priority Period] . . . one must conclude that back pay accruing during the [Priority Period] should likewise be given wage claim priority." Joanne Gelfand, *The Treatment of Employment Discrimination Claims in Bankruptcy: Priority Status, Stay Relief, Dischargeability, and Exemptions*, 56 U. Miami L. Rev. 601, 623-24 (2002). This analysis comports with the rationale adopted by several courts, which have apportioned lost wage claims based on when the wages were incurred. *See*, *e.g.*, *In re Palau Corp.*, 18 F.3d 746, 749-751 (9th Cir. 1994) (holding that a portion of lost wage claim was entitled to priority under 11 U.S.C. § 507(a)(4)); *cf. Columbia Packing Co. v. Pension Benefit Guaranty Corp.*, 81 B.R. 205, 208-209 (D. Mass. 1988) (affirming bankruptcy court's determination that "the fraction of the funding deficit attributable to the 180-day pre-filing priority period" for contributions to an employee benefit plan is entitled to priority status). Here, the Plaintiffs were terminated in 2007 but their claim for lost wages continued to accrue up to and including the date of the Settlement Agreement, when that liability was fixed by contract. Thus, the portion of the wages due under the Settlement Agreement that covers the Priority Period should be accorded priority status under 11 U.S.C. § 507(a)(4) and the Court should conduct a hearing to determine the amount of the priority claim.

## **Conclusion**

23.     The Weidler Class Wage Claim constitutes unpaid wages "earned" within the 180 days before the Petition Date and, thus, is entitled to priority status under 11 U.S.C. § 507(a)(4). The Fifty-Eighth Omnibus Objection should be overruled.

**Request for Hearing**

24.     Pursuant to Local Bankruptcy Rule 3007-1(B), the Weidler Settlement Class requests that the Court grant it a hearing on its Response to the Debtor's Fifty-Eighth Omnibus Objections to Claims on a date and time to be set by this Court consistent with the Court's Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections.

WHEREFORE, the Weidler Settlement Class prays that this Court enter an order: (a) overruling the Fifty-Eighth Objection; (b) allowing the Weidler Class Wage Claim in the amounts filed, or in an amount determined by the Court; and (c) for such other and further relief as the Court deems just and proper.

Dated:  November 16, 2009                     Respectfully submitted,

                                              Whiteford, Taylor & Preston LLP


                                              //s/ Christopher A. Jones
                                              Christopher A. Jones (VSB # 40064)
                                              Whiteford, Taylor & Preston, LLP
                                              3190 Fairview Park Drive, Suite 300
                                              Falls Church, Virginia 22042
                                              703.280.9263
                                              703.280.8942 (facsimile)

                                              *Counsel for the Weidler Settlement Class*

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing Response was mailed by overnight delivery, this 16th day of November, 2009, to the following:

| | |
|---|---|
| Greg M. Galardi, Esq. | Dion W. Hayes, Esq. |
| Ian S. Fredericks, Esq. | Douglas M. Foley, Esq. |
| Skadden Arps, Slate, Meagher & Flom, LLP | McGuireWoods LLP |
| One Rodney Square | One James Center |
| P.O. Box 636 | 901 East Cary Street |
| Wilmington, DE 19899-0636 | Richmond, VA 23219 |
| Counsel for the Debtors | Counsel for the Debtors |

and that the foregoing Response was also filed electronically via the Court's CM/ECF system on this date such that it would be served electronically on those parties entitled to receive such notice in this case.

                                       /s/Christopher A. Jones
                                       Christopher A. Jones

*242213*