IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| **CIRCUIT CITY STORES, INC., et al.,** ) | |
| ) | Case No. 08-35653-KRH |
| Debtors. ) | |
| ) | Jointly Administered |

### RESPONSE OF DANIEL W. RAMSEY TO
### DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CLAIMS

Daniel W. Ramsey ("Mr. Ramsey") hereby responds to the Debtors' Fifty-Sixth Omnibus Objection to Claims (Disallowance of Certain Alleged Administrative Expenses on Account of Employee Obligations) (the "Fifty-Sixth Omnibus Objection") as follows:

### BACKGROUND

1. On November 10, 2008 ("Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. The Debtors continue to operate their businesses and to manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been requested or appointed in this case.

4. The court established January 30, 2009, as the general bar date, and June 30, 2009, as the administrative bar date.

---

Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, VA 23219
Tel: 804-697-4100
Fax: 804-697-4112

Counsel for Daniel W. Ramsey

5. On January 28, 2009, Mr. Ramsey filed a proof of claim in the amount of $40,000. *See* POC # 7032.

6. On June 29, 2009, Mr. Ramsey filed an administrative expense claim in the amount of $40,000 (the "Proof of Claim"). *See* POC # 13967.

7. On October 21, 2009, the Debtors filed the Fifty-Sixth Omnibus Objection Docket No. 5320). In the Fifty-Sixth Objection, the Debtors seek entry of an order reclassifying certain administrative expense priority claims as general unsecured claims and then disallowing the reclassified claims as late-filed and duplicative. *See generally* Fifty-Sixth Objection.

8. The Proof of Claim is included among those claims the Debtor seeks to reclassify and disallow pursuant to the Fifty-Sixth Objection. *See* Fifty-Sixth Objection, Ex. B & Ex. C.

## BASIS FOR MR. FAY'S CLAIM

9. Upon information and belief, Mr. Ramsey received a retention award in the amount of $40,000.

10. Upon information and belief, Mr. Ramsey's employment was terminated by the debtors in August 2009.

13. The retention award forms the basis of the $40,000.00 administrative expense claim set forth in the Proof of Claim.

## ARGUMENT

14. Section 503(b)(1)(A)(i) allows administrative expenses for "the actual, necessary costs and expenses of preserving the estate including wages, salaries, and commissions for services rendered after the commencement of the case." *See* 11 U.S.C. § 503(b)(1)(A)(i).

15. Section 507(a)(2) gives a priority for "administrative expenses allowed under section 503(b) of this title." *See* 11 U.S.C. § 507(a)(2).

16. In *Former Employees of Builders Square Retail Stores v. Hechinger Investment Company of Delaware (In re Hechinger Investment Company of Delaware)*, 298 F.3d 219 (3rd Cir. 2002), the court determined what priority should be afforded claims filed by employees pursuant to pre-petition retention agreements entered into with the debtor. The employees argued that the entire claims should qualify as administrative expenses under section 503(b)(1)(A) because the benefits were not 'earned' (in that the employees could not expect payment until the debtor's store was closed or the employee was terminated, which events occurred after the petition date) until after the petition date. *Id.* at 224. The court found that the employees' reliance on the scheduled payment date was "misplaced." *Id.* at 225. The court stated that section "503(b)(1)(A) refers to services that are 'rendered after the commencement of the case' and that are needed for the purpose 'of preserving the estate.'" *Id.* at 226. Thus, the section "looks to the time when the services were 'rendered' not when they were scheduled for payment." *Id.* at 225. The court then apportioned the benefits between those amounts accumulated pre- and post-petition and only treated that portion accumulated post-petition as an administrative expense claim. *Id.* at 227.

17. The court in *In re Lason, Inc.*, 309 B.R. 441 (Bankr. D. Del. 2003) construed a retention agreement that included a vesting date. The retention agreement at issue was entered into on February 12, 2001, and awarded the employee $75,000 if the employee remained employed by the debtor on December 31, 2001. *Id.* at 442. On December 5, 2001, the debtor filed for bankruptcy. *Id.* The employee continued to work for the debtor until January 31, 2002. *Id.* The court found that "[r]etention bonuses are earned on each day that the employee works and, therefore, are entitled to administrative claim status only for the period that the employee worked post-petition." *See id.* at 443 (citing to *Hechinger Investment*, 298 F.3d at 225).

3

18. In determining what priority to assign a claim for benefits accrued pursuant to a retention agreement, the *Hechinger Investment* court and the *Lason* court looked to when the services under the retention agreements were rendered, not the date the retention agreements were entered into or the date the benefit was scheduled for payment. *Cf. In re Dornier Aviation (North America), Inc.*, 2002 Bankr. Lexis 1653, *13 (Bankr. E.D. Va. 2002) (finding that an administrative expense claim must arise from a transaction with the debtor-in-possession (quoting *In re Mammoth Mart*, 536 F.2d 950 (1st Cir. 1976))).[1]

19. In accordance with the foregoing authorities, in order for an employee to be entitled to an administrative expense claim based on a pre-petition retention agreement that includes a vesting date, the employee must have (a) worked during the post-petition period and (b) remained employed on the vesting date.

20. Because Mr. Ramsey worked during the post-petition period and was employed on the vesting date, Mr. Ramsey is entitled to an administrative expense claim in the amount that represents the portion of the retention award earned during the post-petition period.

21. Section 507(a)(4)(A) awards priority to "allowed secured claims, but only to the extent of $10,950 for each individual . . . earned within 180 days before the date of the filing of the petition . . . for wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual." 11 U.S.C. § 507(a)(4)(A).

22. Because Mr. Fay's Cash Retention Award was earned on each day that Mr. Fay worked, Mr. Fay is further entitled to that portion of the Cash Retention Award he earned within 180 days prior to the Petition Date up to the statutory maximum of $10,950. *See* 11 U.S.C. § 507(a)(4)(A); *Lason*, 309 B.R. at 443. *See also In re Yarn Liquidation, Inc.*, 217 B.R. 544 (E.D. Tenn. 1998) (finding that severance pay created both an administrative expense claim for

---

[1] *Dornier* was concerned not with a retention bonus but with severance pay.

4

the amount that accrued post-petition and a priority unsecured claim for the amount that accrued pre-petition, up to the statutory maximum).

WHEREFORE, Mr. Ramsey respectfully requests that the Court enter an order denying the Fifth-Sixth Objection with respect to the Proof of Claim, granting Mr. Ramsey an administrative expense claim in the amount that represents the portion of the retention award earned during the post-petition period, reclassifying the amount earned pre-petition up to the statutory maximum as a section 507(a)(4) priority claim, and granting such further and additional relief as the Court may deem just and proper.

Dated: November 16, 2009                    CHRISTIAN & BARTON, LLP

/s/ Augustus C. Epps, Jr.
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, VA 23219
Tel: 804-697-4100
Fax: 804-697-4112

Counsel for Daniel W. Ramsey

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of November, 2009, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

/s/ Augustus C. Epps, Jr.
Augustus C. Epps, Jr.

1001285v1