Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

                    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :    Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :    Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :    Jointly Administered
- - - - - - - - - - - - - - x

**STIPULATION, AGREEMENT AND ORDER BY AND AMONG THE DEBTORS
AND BANK OF AMERICA, N.A., AS AGENT, REGARDING RESOLUTION OF
CERTAIN CLAIMS AND FOR RELATED RELIEF**

        This stipulation and agreement (the "Stipula-

tion") is made this 9th day of November, 2009 by and be-

tween Circuit City Stores, Inc. and its associated debt-

ors and debtors in possession in the above-captioned

cases (collectively, the "Debtors")[1] and the Pre-Petition
Lenders (as defined herein). Circuit City and the Pre-
Petition Lenders are collectively referred to herein as
the "Parties".

**A.    The Bankruptcy Cases.**

WHEREAS, on November 10, 2008 (the "Petition
Date"), the Debtors filed voluntary petitions for chap-
ter 11 relief with the United States Bankruptcy Court
for the Eastern District of Virginia (the "Bankruptcy
Court").

WHEREAS, the Debtors are continuing as debtors
in possession pursuant to sections 1107 and 1108 of ti-
tle 11 of the United States Code (the "Bankruptcy Code").

WHEREAS, on November 12, 2008, the Office of
the United States Trustee for the Eastern District of
Virginia appointed a statutory committee of unsecured
creditors (the "Creditors' Committee"). To date, no

---

[1]    The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Dis-
tribution Company of Virginia, Inc. (2821), Circuit City Proper-
ties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertis-
ing Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Ven-
ture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland
MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC
(3360), and Circuit City Stores PR, LLC (5512). The address for
the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA
23060.

trustee or examiner has been appointed in these chap-
ter 11 cases.

WHEREAS, on January 16, 2009, the Court au-
thorized the Debtors, among other things, to commence
liquidation and conduct going out of business sales at
the Debtors' remaining 567 stores pursuant to an agency
agreement (the "Agency Agreement") between the Debtors
and a joint venture, as agent (the "Agent").  On January
17, 2009, the Agent commenced going out of business
sales pursuant to the Agency Agreement at the Debtors'
remaining stores.  The going out of business sales con-
cluded on or about March 8, 2009.

WHEREAS, on September 29, 2009, the Debtors
and the Creditors' Committee filed the First Amended
Joint Plan of Liquidation of Circuit City Stores, Inc.
and its Affiliated Debtors and Debtors In Possession and
its Official Committee of Creditors Holding General Un-
secured Claims (the "Plan").  The associated disclosure
statement (the "Disclosure Statement") was approved on
September 24, 2009, and confirmation on the Plan is cur-
rently scheduled for November 23, 2009.

WHEREAS, generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code.

**B.    The DIP Facility.**

WHEREAS, on November 12, 2008, the Court entered an interim order (the "Interim DIP Order," Docket No. 83) authorizing the Debtors to enter into a $1.1 billion post-petition financing facility (as amended, modified or supplemented, the "DIP Facility"), governed by that certain Senior Secured Super-Priority Debtor-In-Possession Credit Agreement (as amended, modified or supplemented, the "DIP Credit Agreement") by and between, among others, Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., Circuit City Stores PR, LLC, and InterTAN Canada Ltd. (the "DIP Borrowers"), Bank of America, N.A., as administrative agent and collateral agent (the "DIP Agent"), and the lenders party thereto (together with the DIP Agent, the "DIP Lenders").

WHEREAS, On December 23, 2008, this Court entered a final order approving entry into the DIP Credit Agreement (the "Final DIP Order," Docket No. 1262).  Under the Final DIP Order, the Debtors were authorized to enter into the DIP Facility on a final basis.

4

WHEREAS, on February 19, 2009, this Court entered the Final Order Approving Third Amendment to Senior Secured Super-Priority Debtor-In-Possession Credit
Agreement and Modifying Final Order Entered Pursuant to
11 U.S.C. Sections 105, 361, 362, 363 and 364 and Rules
2002, 4001 and 9014 of the Federal Rules of Bankruptcy
Procedure (I) Authorizing Incurrence by the Debtors of
Post-Petition Secured Indebtedness and With Administrative Superpriority, (II) Granting Liens, (III) Authorizing Use of Cash Collateral by the Debtors Pursuant to 11
U.S.C. Section 363 and Providing for Adequate Protection
and (IV) Modifying the Automatic Stay  (the "Order Approving the Third Amendment," Docket No. 2252, and together with the Interim DIP Order and the Final DIP Order, the "DIP Orders")[2] approving the third amendment to
the DIP Credit Agreement (the "Third Amendment").

WHEREAS, prior to the Petition Date, the Debtors were parties to that certain Second Amended and Restated Credit Agreement (as amended, modified or supplemented, the "Pre-Petition Credit Agreement"), dated
January 31, 2008, by and between, among others, certain

---

[2]   Capitalized terms not otherwise defined herein shall have the
      meanings ascribed to such terms in the DIP Orders.

of the Debtors and InterTAN Canada, Ltd. (collectively,
the "Pre-Petition Borrowers"), Bank of America, N.A., as
administrative agent and collateral agent (the "Pre-
Petition Agent"), and the lenders party thereto (to-
gether with the Pre-petition Agent, the "Pre-Petition
Lenders").

WHEREAS, pursuant to the Interim DIP Order and
the Final DIP Order, the proceeds of the DIP Facility
were used, in part, to pay in full the claims of the
Pre-Petition Lenders on account of the Pre-Petition Fi-
nancing Agreements (the "Pre-Petition Debt"), subject to
the right of the Creditors' Committee to assert any
claims against the Pre-Petition Lenders during the Chal-
lenge Period.

WHEREAS, the Challenge Period expired on April
30, 2009 and none of the Debtors, the Creditors' Commit-
tee nor any other party in interest asserted any claims
against the Pre-Petition Agent, the Pre-Petition Lenders
or the Pre-Petition Debt and accordingly, the Pre-
Petition Debt is an allowed secured claim.

**C.    The Pre-Petition Secured Claims.**

WHEREAS, the Pre-Petition Agent has filed cer-
tain proofs of claim with respect to the Pre-Petition

6

Debt.  In particular, the Pre-Petition Agent has filed claims numbered 10867, 11024, 11025, 11026 and 11084 (collectively, the "Pre-Petition Secured Claims"), on behalf of the Pre-Petition Lenders, as reflected on the Debtors' claims agent's register.

WHEREAS, pursuant to the DIP Orders, the Debtors do not have any outstanding borrowings under the Pre-Petition Credit Agreement and, accordingly, the Pre-Petition Secured Claims have been satisfied.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and intending to be legally bound hereby, upon order of the Bankruptcy Court as contemplated hereby (the "Order"), the Parties hereto stipulate as follows:

1.    Each of the Pre-Petition Secured Claims (and any other filed scheduled or filed claims of the Pre-Petition Agent and the Pre-Petition Lenders with respect to the Pre-Petition Debt) has been paid in full and are not subject to disgorgement.

2.    Accordingly, each of the Pre-Petition Secured Claims (and any other filed scheduled or filed claims of the Pre-Petition Agent and the Pre-Petition

7

Lenders with respect to the Pre-Petition Debt) shall be deemed satisfied.

3.    Nothing herein shall impair, restrict or otherwise limit (or enhance, expand, or otherwise im-prove) the DIP Lenders' rights or claims under the DIP Facility, the DIP Credit Agreement or the DIP Orders, the Pre-Petition Lenders' rights or claim under the DIP Orders or the Debtors' rights or obligations with re-spect thereto.

4.    The Debtors ratify, confirm and reaffirm the release which they granted to the Pre-Petition Lend-ers in the DIP Orders; provided, however, that nothing in this paragraph shall expand or be deemed to expand, or construed as expanding, such release and nothing herein shall constitute a release of the DIP Lenders un-der the DIP Facility, the DIP Credit Agreement or the DIP Orders.

5.    Upon entry of the Order by the Bankruptcy Court, this Stipulation shall be binding upon and shall inure to the benefit of each of the Parties and each of their respective successors and assigns.

6.    The Creditors' Committee, by the signa-ture of its counsel to this Stipulation, acknowledges

8

and agrees that the Pre-Petition Debt, which has been
satisfied in full and is no longer a claim against the
Debtors' estates, was an allowed secured claim for all
purposes.

7.    The Bankruptcy Court shall retain exclu-
sive jurisdiction to hear and determine all matters re-
lating to or arising from this Stipulation.

8.    This Stipulation contains the entire
agreement and understanding between the Parties with re-
spect to the subject matter hereof, and supersedes and
replaces all prior negotiations or proposed agreements,
written or oral.

9.    This Stipulation may be executed in coun-
terparts, each of which shall be deemed to be an origi-
nal, but all of which, together will constitute one and
the same agreement.  This Stipulation may be executed by
facsimile or electronic signature which shall have the
same force and effect as an original signature.

IN WITNESS WHEREOF, the Parties have set their

hands in agreement as of the date written above.

**CIRCUIT CITY STORES, INC., on behalf of the
Debtors and Debtors in Possession**

By:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for the Debtors and Debtors in
Possession

**BANK OF AMERICA, N.A., on behalf of the Pre-Petition Lenders**

By:

RIEMER & BRAUNSTEIN LLP
David S. Berman
Marjorie S. Crider
Three Center Plaza
Boston, Massachusetts 02108

        – and –

LECLAIRRYAN, A PROFESSIONAL CORPORATION

/s/ Bruce H. Matson
Bruce H. Matson (Va. Bar No. 22874)
Katherine M. Mueller (Va. Bar No. 44302)
Christian K. Vogel (Va. Bar No. 75537)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219


Counsel for Bank of America

**OFFICIAL COMMITTEE OF CREDITORS HOLDING
GENERAL UNSECURED CLAIMS**

By:

PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski, Esq.
Jeffrey N. Pomerantz, Esq.
Stanley E. Goldich, Esq.
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100

                – and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, NY 10017-2024

                – and –

TAVENNER & BERAN, PLC

/s/ Paula S. Beran
Lynn L. Tavenner, Esq. (VSB No. 30083)
Paula S. Beran, Esq. (VSB No. 34679)
20 North Eighth Street
Second Floor
Richmond, Virginia 23219


Counsel for the Creditors' Committee

**ORDER**

Upon consideration of the foregoing, it is

hereby:

ORDERED, that the Stipulation is hereby ap-

proved in its entirety; and it is further

ORDERED, that this Court shall retain juris-

diction to hear and determine all matters arising from

or related to this Stipulation and Order.

Dated:  Richmond, Virginia
        Nov 16 2009_____, 2009


                    /s/ Kevin Huennekens
                    _____
                    UNITED STATES BANKRUPTCY JUDGE


        Entered on docket: Nov 17 2009

13

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

        Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                        /s/ Douglas M. Foley
                        Douglas M. Foley


14

# CERTIFICATE OF NOTICE

```
District/off: 0422-7          User: frenchs          Page 1 of 1          Date Rcvd: Nov 17, 2009
Case: 08-35653               Form ID: pdforder       Total Noticed: 1

The following entities were noticed by first class mail on Nov 19, 2009.
aty          +Gregg M. Galardi,   Skadden Arps Slate Meagher,   & Flom LLP, One Rodney Sq.,   PO Box 636,
              Wilmington, DE 19899-0636

The following entities were noticed by electronic transmission.
NONE.                                                                             TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Nov 19, 2009**                    **Signature:**    _Joseph Speetjens_