RICHMOND DIVISION

F
I
L
E
D

NOV 1 9 2009

F
I
L
E
D

CLERK
U.S. BANKRUPTCY COURT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Case No. **08-35653** |
| | ) |
| Debtors. | ) Jointly Administered |
| _____ | ) |
| | ) |
| Ashley Isaac, *Pro Se*, ON BEHALF OF HERSELF | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) |
| | ) |
| CIRCUIT CITY STORES, INC., | ) |
| | ) |
| Debtor. | ) |

## MOTION TO ALLOW THE

## PROOF OF CLAIM OF ASHLEY ISAAC AS TIMLEY FILED

**Comes Now** the Movant, **Ashley Isaac** in the above style and respectfully

files this Motion To Allow The Existing Proof Of Claim Of Ashley Isaac.

### JURISDICTION AND VENUE

1.    This Court has original jurisdiction to consider this Motion under 28

U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §157(b).

Venue in these cases and this Motion in this district is proper under 28

U.S.C. §§ 1408 and 1409.

2.    The requests for the relief requested herein are sections 503(b)(9),

503(a), 507(a)(2) and 105(a) of title 11 of the United States Code.

### FACTUAL BACKGROUND

3.    Circuit City Stores, Inc., et al. filed voluntary petitions for relief in

Chapter 11 of the Bankruptcy Code on November 10, 2008.

4.    On or about January 16, 2009 the Debtor began liquidation of its

remaining stores on January 16, 2009.

5.    The deadline for filing a proof of claim (for non-governmental

claimants) was January 30, 2009.

6.    Ashley Isaac was an employee with Circuit City Stores, Inc. until

January or February 2009. Ms. Isaac filed a complaint against a Technology

Supervisor for harassment. When the harassment continued she filed a

complaint with the EEOC. Despite her request for a transfer from the

"Hoover store" (0827) the harassment did not stop until the Movants

employment ended. During her employment with the Debtor Ms. Isaac made

several requests to store Management for the paid time off "P.T.O" she had

accumulated.  All request made by Ms. Isaac for paid time off were ignored

and denied. According to a "pay stub" dated 06/12/2008 Ms. Isaac lost

at least 10.79 paid time off hours attached as Exhibit A. Because of Ms.

Isaac' s lost paid-time-off she is in fact a claimant, and if her motion is not

granted she will suffer a great prejudice (as a claim of unpaid wages).

7.    In March of 2009 Ms. Isaac received a "Right To Sue  Letter" from

the E.E.O.C. and in May of 2009 Ms. Isaac filed a lawsuit, in the United

States District Court For The Northern District Of Alabama Southern *Division, against the "Debtor" and three of their employees. On July 17,* 2009 the Honorable Judge William Acker **dismissed without prejudice** the action against Circuit City Stores, Inc. to be pursued in bankruptcy court.

8.       On or around July 24th, 2009 Ms. Isaac mailed a proof of claim to Kurtzman Carson LLC in the amount of $850,000. In August 2009 Ms. Isaac filed and amended a Motion For Relief from the Automatic Stay. On August 27, 2009 the Honorable Judge Kevin Huennekens **dismissed without prejudice** the Motion For Relief From The Automatic Stay filed by Ms. Isaac because her proof of claim was filed seven moths after the deadline for filing a proof of claim had passed.

## ALLOWANCE OF A LATE PROOF OF CLAIM
## IS WARRANTED IF AN EXCUSABLE NEGLECT EXISTS

9.       In pursuant to Rule 9009(b)(1) that governs time extensions states:
*Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given there under or by order of court, the court for cause shown may at anytime in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous*

*order or (2) on motion made after the expiration of the specified period to permit the act to be done where the failure to act was the result of excusable neglect.* Although she had filed a charge with the Equal Employment Opportunity Commission, Ms. Isaac despite her numerous attempts had never met the investigator of her charge neither communicated with her prior to the deadline for filing proofs of claim. When Ms. Isaac finally did meet the EEOC investigator in March 2009 the bar date deadline had already passed. In the "Objections and Responses" to the Movants Relief of Stay attached as Exhibit B, the Debtor claims "On December 17 and 19, 2008, KCC on the Movant because of her status served a copy of the Claims Bar Date Notice  as an employee, all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314). In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394)." Assuming that the Debtor did  serve a copy of the Claims Bar Date Notice on her employee address they did not serve Ms. Isaac, but they served her parents address. During late 2008 Ms. Isaac's sister had complications with her pregnancy, because her brother- in- law suffers from Epilepsy, Ms. Isaac was left to care for her sister until late

January 2009. Because Ms. Isaac's sister and brother- in- law had their own

residence she was caring for her sister away from her parents residence. Ms.

Isaac has never subscribed to either the Richmond Times- Dispatch or the

Wall Street Journal, therefore she was not served under Rule 9008. The

Movant currently resides on her parents property in Birmingham, Alabama.

Ms. Isaac's late filing was a result of excusable neglect because the events

leading to her untimely filing were beyond her control. Ms. Isaac firmly

assures the Court that if her motion is granted  she will only seek any

available insurance, and will not cause an undue burden to the Debtors

estate.

10.    In a case heard before the United States Court Of Appeals For The

Fifth Circuit In re Eagle BUS MFG, Inc., et al., Debtors. Greyhound Lines

Inc., Appellant, V. Donna Rogers, et al., Appellees,  the Judge presiding

over that Bankruptcy ruled that denying the Movants proof of claim would

deny them *due process*. Because one of the claimants never received the Bar

Date Notice/ Deadline, but instead it was sent to her brothers home address,

she was not properly served and the Debtor violated her right to due

process.

11.    On September 18, 2009 the " Motion To Allow" by Ashley Isaac was

received by the Clerks Office of the United States Bankruptcy Court Eastern

District of Virginia Richmond Division. Ms. Isaac also asked, in her motion, *to be heard on the matter September 22, 2009 at 11:00 ET. Because of an* error in the Clerks Office her motion was not placed on the docket until after the hearing had taken place. Because Ms. Isaac's Motion was not placed on the docket and timely filed, the Honorable Judge Hunnekens adjourned the motion until November 23, 2009. Although the "Motion To Allow" (docket #5008) was adjourned it was never placed on the docket for November 23, 2009. Because the motion was never placed on the docket Ms. Isaac respectfully asks this Court to accept this motion and **dismiss without prejudice** the previously filed Motion To Allow (docket number 5008).

## CONCLUSION

Wherefore, premises considered, the plaintiff respectfully asks that this Court:

(a) grant this Motion, allow the late filing of the proof of claim in question.

(b) grant the Movant lost wages.

(c) dismiss without prejudice the previously filed "Motion To Allow."

Respectfully Submitted,

November 2009

Ashley Isaac

Form B20A (Official Form 20A) (12/03)                                    USBC, EDVA (12/06)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
_Richmond_____ Division

In re:                                  )
                                        )
_Circuit City Stores, Inc., Et, al_     )
                                        )        Case No. _08-35653_
                                        )        Chapter _11_
                    Debtor              )

## NOTICE OF MOTION (OR OBJECTION)

_Ashley Isaac_____ has filed papers with the court to _____
_Motion To Allow The Proof Of Claim Of Ashley Isaac As Timley Filed_.

**Your rights may be affected.** **You should read these papers carefully and discuss
them with your attorney, if you have one in this bankruptcy case. (If you do not have an
attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion (or objection), or if
you want the court to consider your views on the motion (or objection), then on or before _____
_____, you or your attorney must:

☐    File with the court, at the address shown below, a written request for a hearing
     [or a written response pursuant to Local Bankruptcy Rule 9013-1(H)].  If you mail
     your request for hearing (or response) to the court for filing, you must mail it early
     enough so the court will **receive** it on or before the date stated above.

               Clerk of Court
               United States Bankruptcy Court
               _701 East Broad Street_
               _Richmond, VA 23219_

You must also mail a copy to:
_McGuire Woods LLP_
_One James Center_
_901 E. Cary Street_
_Richmond, Virginia 23219_

☐    Attend a hearing to be scheduled at a later date.  You will receive separate notice
     of hearing.  **If no timely response has been filed opposing the relief requested,
     the court may grant the relief without holding a hearing**

☐   Attend the hearing on the motion (or objection) scheduled to be held on _____ _November 23, 2009_ at _11:00_ _a_ m. at United States Bankruptcy Court, _101 East Broad Street, Richmond, VA._ _____ .

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: _November 17, 2009_

Signature, name, address and telephone number of person giving notice:

_Ashley Isaac_
_617 S 76th Street_
_Birmingham, AL. 35206_
_Ashley Isaac_
Virginia State Bar No. _____
Counsel for _____

## Certificate of Service

I hereby certify that I have this _17_ day of _November_ , 20 _09_ , mailed or hand-delivered a true copy of the foregoing Notice of Motion (or Objection) to the parties listed on the attached service list.

_Ashley Isaac_

# EXHIBIT A

CIRCUIT CITY PAYROLL
PO BOX 563986
CHARLOTTE, NC 28256-3986
1-800-288-8353

Deposit Amount: $********389.90

To The
Account(s) Of

ASHLEY ISAAC
617 South 76th Street
Birmingham, AL 35206-0000

**NON NEGOTIABLE**

Date:
06/12/2008

Advice No.
2884742

**DIRECT DEPOSIT DISTRIBUTION**

| Account Type | Account Number | Deposit Amount |
|---|---|---|
| Checking | xxxxxxxxxxxxxxxx8604 | $389.90 |

**NON-NEGOTIABLE**
**TOTAL: THIS IS NOT A CHECK** ***389.90

---

CIRCUIT CITY PAYROLL
PO BOX 563986
CHARLOTTE, NC 28256-3986
1-800-288-8353

ASHLEY ISAAC
617 South 76th Street
Birmingham, AL 35206-0000

Pay Group: MLF
Business Unit: USAAA
Employee ID: 10397618
Department: 082700 Hoover 65
Location: AL Hoover

TAX DATA:                Federal    AL State
Marital Status:          Single     Single St Marr
Allowances:              0          0
Addl. Pct:
Addl. Amt:

**HOURS AND EARNINGS**

| Description | Current Rate | Hours | Earnings | YTD Hours | YTD Earnings |
|---|---|---|---|---|---|
| Regular Hourly | 66.00 | | 485.10 | 976.75 | 5,564.02 |
| Prize Award | 66.00 | | 0.00 | 1.81 | 41.25 |
| PTO Hours Adjustment | | | 0.00 | 1.81 | 12.81 |
| PVF Hours Adjustment | | | 0.00 | 1.81 | 12.81 |
| Average Overtime | | | 0.00 | 4.25 | 14.86 |

Total: | | 66.00 | 485.10 | 781.00 | 5,518.90 |

**BEFORE TAX DEDUCTIONS**

| Description | Current | YTD |
|---|---|---|

Total: | 0.00 | 0.00 |

**AFTER TAX DEDUCTIONS**

| Description | Current | YTD |
|---|---|---|

Total: | 0.00 | 0.00 |

**TAXES**

| Description | Current |
|---|---|
| Fed Withholdng | 42.77 |
| Fed MED/EE | 7.03 |
| Fed OASDI/EE | 30.08 |
| AL Withholdng | 12.89 |
| AL JEFFERSON CO Withholding | 2.43 |

Total: | 95.20 |

IMPUTED INCOME

| | Current | YTD |
|---|---|---|

**TOTAL GROSS** | FED TAXABLE GROSS | **TOTAL TAXES** | **TOTAL DEDUCTIONS** | NET PAY |
|---|---|---|---|---|
Current: 485.10 | 485.10 | 95.20 | 0.00 | 389.90 |
YTD: 5,518.90 | 5,540.15 | 1,070.97 | 0.00 | 4,447.93 |

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER. THE BACK OF THIS DOCUMENT CONTAINS AN ARTIFICIAL WATERMARK. HOLD AT AN ANGLE WHEN CHECKING THE ENDORSEMENT.

MESSAGE: VERIFY YOUR PERSONAL INFO FOR 2007 W2 ACCURACY

▼ FOLD AND TEAR HERE ▼

# EXHIBIT B

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-
0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x   - - - - - - - - - - - - - - - - - - - - - -
                            :
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - X   - - - - - - - - - - - - - - - - - - - - - -
                            x
ASHLEY ISAAC,               :   Contested Matter No. ___
            Movant,         :
                            :
     v.                     :
                            :
CIRCUIT CITY STORES, INC.,  :
                            :
            Respondent.     :
- - - - - - - - - - - - - - X   - - - - - - - - - - - - - - - - - - - - - -

## DEBTORS' RESPONSE AND OBJECTION TO ASHLEY ISAAC'S
## AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors")[1] hereby respond (the "Response") to the Amended Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code and Memorandum of Points in Support of Plaintiff's Motion (the "Motion") filed by Ashley Isaac (the "Movant"). In support of the Response, the Debtors respectfully represent as follows:

### BANKRUPTCY BACKGROUND

1.      On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland3 Drive, Richmond, Virginia 23233.

2.    The Debtors continue to manage and operate
their businesses as debtors in possession pursuant to
Bankruptcy Code sections 1107 and 1108.

3.    On November 12, 2008, the Office of the
United States Trustee for the Eastern District of Virginia
appointed a statutory committee of unsecured creditors (the
"Creditors' Committee").  To date, no trustee or examiner
has been appointed in these chapter 11 cases.

4.    On November 12, 2008, the Court appointed
Kurtzman Carson Consultants LLC ("KCC") as claims, noticing
and balloting agent for the Debtors in these chapter 11
cases pursuant to 28 U.S.C. § 156(c).

5.    On December 10, 2008, the Court entered that
certain Order Pursuant to Bankruptcy Code Sections 105 and
502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I)
Setting General Bar Date and Procedures for Filing Proofs of
Claim; and (II) Approving Form and Manner of Notice Thereof
(Docket No. 890) (the "Claims Bar Date Order").

6.    Pursuant to the Claims Bar Date Order, the
deadline for filing all "claims" (as defined in 11 U.S.C. §
105(5)) arising before November 10, 2008 against the Debtors
by any non-governmental entity was 5:00 p.m. (Pacific) on
January 30, 2009 (the "General Bar Date").  The deadline for

3

governmental units to file claims that arose before November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date"). Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

7.    On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on the Movant because of her status as an employee, all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314). In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

8.    On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going-out-of-business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores. As of March 8, 2009, the going out of

4

business sales at the Debtors' remaining stores had been
completed (the "Liquidation").

9.   On May 13, 2009, and *in violation of the
automatic stay, Movant filed a complaint* (the "Complaint")
against, among others, the Debtors in the United States
District Court for the Northern District of Alabama,
Northern Division (the "District Court Litigation").  A copy
of the Complaint is attached hereto as <u>Exhibit A</u>.  The
Debtor was never served with the Complaint.

10.   On July 20, 2009, the United States District
Court for the Northern District of Alabama *sua sponte*
dismissed the District Court Litigation as against the
Debtors on account of the Debtors' bankruptcy proceedings
(the "District Court Dismissal Order").  A copy of the
District Court Dismissal Order is attached hereto as <u>Exhibit
B</u>.

11.   The Movant mailed the Debtors a Subpoena
*Duces Tecum* dated July 23, 2009, allegedly seeking third
party discovery relating to the District Court Litigation
(the "Discovery").  A copy of the Discovery is attached
hereto as <u>Exhibit C</u>.  On August 12, 2009, the Debtors
objected and responded to the Discovery (the "Debtors'

Objection"). A copy of the Debtors' Objection is attached
hereto as Exhibit D.

12. On July 28, 2009, the Movant filed a **late**
proof of claim asserting a general unsecured claim in the
amount of $850,000.00 against the Debtors ("Claim No.
14526"). A copy of Claim No. 14526 is attached hereto as
Exhibit E.

13. On August 12, 2009, Movant filed this Motion.

14. On August 14, 2009, the District Court
dismissed the District Court Litigation against the
remaining defendant. A copy of the District Court's order
dismissing the District Court Litigation is attached hereto
as Exhibit F.

## PRELIMINARY STATEMENT

15. The Movant has not, and cannot meet her
burdens with respect to the Motion. The Movant has failed
to meet her statutory burdens under section 362 of the
Bankruptcy Code to establish "cause" to lift or modify the
automatic stay. In the Motion for Relief, the Movant seeks
lifting of the automatic stay to allow the Movant to "pursue
a Federal court action pending in the Federal Court of the
State of Alabama, Jefferson County." Motion, p. 1. The
sole argument in support of her Motion is "[i]n order for

Movant's claim to be liquidated, the pending lawsuit must be resolved." Motion, ¶ 12. This argument, even if established, does not entitle the Movant to relief from the automatic stay. Furthermore, the District Court Litigation has now been dismissed. Accordingly, there is no pending litigation to continue.

16. The Movant was served with the Bar Date Notice based on her status as an employee. In lieu of filing a proof of claim, Movant initiated the District Court Litigation – an act that was void *ab initio* because it was filed in violation of the automatic stay. She was provided actual notice of the Bar Date based upon her status as an employee and ignored it. As such, she is **not a creditor** of the Debtors. For that reason alone, as well as the other arguments set forth below, she cannot establish "cause" for liquidating her alleged claim in the District Court Litigation and has failed to establish or address any basis on why she is entitled to any claim against the Debtors' estates.

## OBJECTION TO THE MOTION FOR RELIEF FROM STAY

17. The Debtors respectfully object to the Movant's Motion. The Movant requests that she be permitted relief from the automatic stay to continue the District

Court Litigation against the Debtors.  As set forth above,

however, the District Court Litigation has now been

dismissed against all defendants.

        18.  The automatic stay provided for in section

362 of the Bankruptcy Code operates as a stay against:

> [T]he commencement or continuation,
> including the issuance or employment of
> process, of a judicial, administrative,
> or other action or proceeding against
> the debtor that was or could have been
> commenced before the commencement of the
> case under this title. . . .

11 U.S.C. § 362.  "The automatic stay is the most

fundamental protection afforded a debtor in bankruptcy," In

re Nelco, B.R. 790, 810 (Bankr. E.D. Va. 1999), and Congress

intended the automatic stay protection to have broad

application.  See H.R. Rep. No. 95-595. 95th Cong., a340-

42(1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6296-97; S.

Rep. No. 95-989, at 49-51 (1978), reprinted in 1978

U.S.C.C.A.N. 5787, 5840-41.  "The main purpose of the

automatic stay is to give the debtor a breathing spell from

his creditors, to stop all collection efforts, harassment

and foreclosure actions."  In re Atlas Machine & Iron Works,

239 B.R. 322, 328 (Bankr. E.D. Va. 1998)(citation omitted);

see also In re A.H. Robins Co., 788 F.2d 994, 998 (4th Cir.

1985) (stating that a key purpose of section 362 is "to

provide the debtor and its executives with a reasonable

respite from the protracted litigation, during which they

may have an opportunity to formulate a plan of

reorganization for the debtor"); In re Avis, 178 F.3d 718,

720-721 (4th Cir. 1999).

19.   Pursuant to section 362(d)(1), an unsecured

creditor is entitled to relief from the automatic stay only

if it is able to show that cause exists for such relief.

See In re Tristar Auto Group, Inc., 141 B.R. 41, 44 (Bankr.

S.D.N.Y. 1992)(an unsecured creditor must "establish

extraordinary circumstances" for the court to lift the stay).

The only express statutory definition of "cause" includes

"the lack of adequate protection of an interest in property

of such party in interest."   11 U.S.C. § 362(d)(1).   Other

circumstances constituting "cause" are determined by the

courts on a "case-by-case" basis.   See In re Robbins, 964

F.2d 342, 345 (4th Cir. 1992).   The moving party carries the

burden of making an "initial showing of 'cause' for relief

from the stay."   In re Mazzeo, 167 F.3d 139,142 (2d Cir.

1999)(citations omitted).

20.   To determine whether "cause" exists to lift

or modify the automatic stay, the Fourth Circuit has

established that a bankruptcy court "must balance potential

prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." Robbins, 964 F.2d at 345 (citing In re Peterson, 116B.R. 247, 249 (D.Colo. 1990)); see also In re Robinson, 169 B.R. 356 (E.D. Va. 1994) (the court must attempt to "harmonize the interest of both debtor and creditors while preserving the debtors assets for repayment and reorganization…").[2]

21.  As demonstrated below, applying this balancing test, the Movant cannot establish a prima facie showing that sufficient cause exists to allow relief from the automatic stay as she has not alleged that the stay will impose a serious burden upon her.  However, even if the Court finds that the Movant has leapt the prima facie hurdle, the facts underlying the Motion demonstrate that the Debtors are entitled to continued protection from the automatic stay.

---

[2]  In making this determination, some of the factors the court should consider are: "1) whether the issues in the litigation involve only state law; 2) whether modifying the stay will promote judicial economy; 3) whether the bankruptcy court will be disrupted if the stay is not lifted; and 4) whether the estate can be protected if the estate is lifted." Robinson, 169 B.R. at 359 (citing Robbins, 964 F.2d at 344).

A.    **Permitting the District Court Litigation to Proceed or Recommence Would Cause Prejudice to the Debtors and the Estates**

22.    The "key to determining whether to permit an action to proceed in another tribunal" is whether that case will cause "interference with the pending bankruptcy case." In re Penn-Dixie Indus., 6 B.R. 832, 835 (Bankr. S.D.N.Y. 1980). Even participation in preliminary proceedings can be disruptive, as the Penn-Dixie court explained:

> Interference by creditors in the administration of the estate, no matter how small, through the continuance of a preliminary skirmish in a suit outside the Bankruptcy Court is prohibited. In short, the Debtor should not be required to devote energy to this collateral matter at this juncture. . . . This Court will not allow Plaintiffs to chip away piecemeal at the Debtor's automatic stay protection.

Id. at 836-37 (refusing to lift stay for the limited purpose of requiring the debtor to produce customer list in class certification proceeding); see In re Towner Petro. Co., 48 B.R. 183, 191 (Bankr. W.D. Okla, 1985) (refusing to lift stay because discovery would require the debtor to expend sufficient time and effort away from the debtor's attempts at reorganization so as to prejudice the reorganization efforts); In re Curtis, 40 B.R. 795, 806 (Bankr. D. Utah 1984) ("Even slight interference with the administration may

11

be enough to preclude relief in the absence of a

commensurate benefit."); see also In re Collins, 118 B.R. 35,

38 (Bankr. D. Md. 1990).

23.    The Debtors and their estates would be

prejudiced if the automatic stay were modified to permit the

District Court Litigation to recommence because litigating

the District Court Litigation would expose them to

significant financial commitments and litigation costs in

addition to the potential liability in the District Court

Litigation.

24.    Accordingly, the Debtors will suffer

significant prejudice if the Motion were granted because of

the distraction and interference to the Debtors' efforts

that would flow from allowing the District Court Litigation

to proceed.   See In re United States Brass Corp., 173 B.R.

1000, 1006 (Bankr. E.D. Tex 1994)("When balancing the

hardships in lifting the stay, the most important factor is

the effect of such litigation on the administration of the

estate; even slight interference with the administration may

be enough to preclude relief.")(citing In re Curtis, 40 B.R.

795, 806 (Bankr. D. Utah 1984)).

**B.    The Movant Would Suffer Little, If Any, Hardship If
The Automatic Stay Is Retained**

25.    While the Debtors would suffer significant
prejudice in moving forward with the District Court
Litigation at this time, the Movant has not shown that she
would be prejudiced if the Motion is denied.

26.    Assuming *arguendo* that the Movant's claim
were timely, or she moves to deem it timely filed, a
position the Debtors would oppose, the Movant would only
face the ordinary delay that all creditors face in complex
chapter 11 cases.  Creditor delay is inherent in the
bankruptcy process, and is an unavoidable – and intended –
consequence of the automatic stay.  See In re Comdisco, Inc.,
271 B.R. 273, 279 (Bankr. N.D.III. 2002)("The automatic stay
almost always delays litigants.  That, after all, is its
purpose, and the reason they call it a 'stay.'").

### CONCLUSION

WHEREFORE, for the foregoing reasons the Debtors
respectfully request that the Court deny the Motion and
grant the Debtors such other and further relief as this
Court deems just and proper.

13

Dated: August 20, 2009      SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia   FLOM, LLP
                            Gregg M. Galardi, Esq.
                            Ian S. Fredericks, Esq.
                            P.O. Box 636
                            Wilmington, Delaware 19899-0636
                            (302) 651-3000

                                    - and -

                            SKADDEN, ARPS, SLATE, MEAGHER &
                            FLOM, LLP
                            Chris L. Dickerson, Esq.
                            333 West Wacker Drive
                            Chicago, Illinois 60606
                            (312) 407-0700

                                    - and -

                            MCGUIREWOODS LLP

                            /s/ Douglas M. Foley          .
                            Dion W. Hayes (VSB No. 34304)
                            Douglas M. Foley (VSB No. 34364)
                            One James Center
                            901 E. Cary Street
                            Richmond, Virginia 23219
                            (804) 775-1000

                            Counsel for Debtors and Debtors
                            in Possession

\9786931.1

14