UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., <u>et al</u>., | : | Case No. 08-35653 |
| | : | |
| Debtors. | : | Jointly Administered |

**OBJECTION OF LEXMARK INTERNATIONAL, INC.
TO CONFIRMATION OF DEBTORS'
FIRST AMENDED JOINT PLAN OF LIQUIDATION**

Lexmark International, Inc. ("**Lexmark**"), by and through its undersigned counsel, hereby objects to confirmation of the Debtors' First Amended Joint Plan of Liquidation (the "**Plan**"), and avers as follows:

1. On or about January 28, 2009, Lexmark timely filed a proof of claim against the Debtors in the amount of $2,769,062.06 [Claim No. 7391] (the "Lexmark Claim").

2. In its proof of claim, Lexmark asserts that it holds a secured claim in the amount of up to $1,365,658.00 on account of certain pre-petition rights of setoff that it holds against the Debtors pursuant to 11 U.S.C. §§ 506(a) and 553(a). Lexmark's pre-petition setoff rights arise out of certain pre-petition agreements between Lexmark and Circuit City regarding promotional discounts, growth incentives, shared advertising expense, product placement fees and other promotional arrangements. In its proof of claim, Lexmark advised that the final

---

Augustus C. Epps, Jr., Esquire, VSB # 13254
Michael D. Mueller, Esquire, VSB # 38216
Jennifer McLemore, Esquire, VSB #47164
Christian & Barton, LLP
909 E. Main Street, Suite 1200
Richmond, Virginia  23219
Telephone:  (804) 697-4129
Facsimile:   (804) 697-6129

Local Counsel to Lexmark International, Inc.

amount of its setoff rights had yet to be determined and Lexmark reserved all rights with respect to the ultimate determination of such amounts.

 3. Lexmark also asserts an unsecured claim in the amount of $1,403,404.06.

 4. On August 21, 2009, the Debtors filed an objection to the Lexmark Claim (the "Claim Objection").

 5. In the Claim Objection, the Debtors apparently do not dispute that Lexmark's overall claim is $2,769,062.06, however, the Debtors assert that Lexmark only holds a secured claim in the amount of $333,540.34.

 6. The Claim Objection fails to reveal the basis of the Debtors' contention that Lexmark's secured claim is only $333,540.34, and as of the date of filing of this Objection the Debtors have still not revealed to Lexmark the basis(es) for their objection to the secured portion of the Lexmark Claim despite Lexmark's request that they do so.

 7. In its response to the Claim Objection, Lexmark asserted that its secured claim was finally determined in the amount of $1,336,813.00.

 8. Lexmark joins in that portion of the objection to confirmation of the Plan filed by Samsung America Electronics [Docket No. 5681] that relates to the Plan's proposed treatment of setoff/recoupment rights and the limitation on the exercise of such rights set forth in Article VI. H.2.

 9. Creditors with setoff rights should have the option of moving for relief from the automatic stay (if necessary) to exercise those rights and not be limited to asserting such rights solely as a defense to an "Estate Claim." Furthermore, Creditors should be afforded the same rights that the Plan affords the Debtors with respect to the option whether to assert a right of setoff as part of its answer to an Estate Claim.

10. In addition, Article VI. H.1 of the Plan purports to authorize the Debtors to unilaterally setoff Plan distribution payments to be made on account of a creditor's general unsecured claim or a post-petition administration obligation against pre-petition amounts allegedly owed by a creditor to the Debtors.

11. This provision violates Sections 542 and 553 of the Bankruptcy Code in that a creditor that owes pre-petition amounts to a debtor is entitled to setoff those pre-petition amounts against the pre-petition debt owed by the debtor to the creditor.[1]

12. Furthermore, this provision effectively denies a creditor its statutory right to assert its setoff rights as a defense to a turnover action, which right is expressly preserved and recognized by Section 542(b) of the Bankruptcy Code.

13. Finally, this provision may also deny creditors such as Lexmark due process in the event that, as here, the amount of the setoff is in dispute and the Debtors unilaterally elect to setoff a Plan distribution payment against the disputed amount, and this is particularly true in light of the injunction language set forth in Article X. D. of the Plan.

WHEREFORE, Lexmark requests that this Court enter an Order (i) sustaining these objections; (ii) denying confirmation of the Plan unless the Debtors and Lexmark have resolved the Claim Objection and fixed the allowed secured and unsecured portions of the Lexmark Claim prior to the confirmation hearing; and (ii) granting such other and further relief as the Court deems just and proper.

---

[1] Lexmark recognizes that the Court has already indicated that it would issue an order the effect of which would be to validate the Debtors' position on this issue. Nevertheless Lexmark asserts that the Plan is not confirmable so long as it contains such a provision.

3

Dated:  November 20, 2009                    LEXMARK INTERNATIONAL, INC.


                                              By:    /s/ Jennifer M. McLemore
                                                     Jennifer M. McLemore, local counsel



Steven J. Adams, Esquire
Attorney I.D. No. 56293
111 N. Sixth Street
P.O. Box 679
Reading, PA  19603-0679
(610) 478-2133
sja@stevenslee.com
Counsel to Lexmark International, Inc.



Augustus C. Epps, Jr., Esquire, VSB # 13254
Michael D. Mueller, Esquire, VSB # 38216
Jennifer McLemore, Esquire, VSB #47164
Christian & Barton, LLP
909 E. Main Street, Suite 1200
Richmond, Virginia  23219
Telephone:  (804) 697-4100
Facsimile:   (804) 697-4112
Local Counsel to Lexmark International, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of November, 2009, I caused a copy of the foregoing to be served by electronic means through the ECF system.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

1002263v2