Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 N. Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
              Debtors.      :   Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' SIXTY-FIRST OMNIBUS OBJECTION (RECLASSIFICATION
OF CERTAIN ALLEGED 503(B)(9) CLAIMS TO GENERAL
UNSECURED, NON-PRIORITY CLAIMS)**

        The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors")[1],

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc.
      (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
                                                          *(cont'd)*

hereby file the Debtors' Sixty-First Omnibus Objection

(Reclassification of Certain Alleged 503(b)(9) Claims to

General Unsecured, Non-priority Claims) (the

"Objection"), and hereby move this Court, pursuant to

sections 105 and 503(b)(9) of title 11 of the United

States Code, 11 U.S.C. §§ 101 <u>et</u> <u>seq</u>. (as amended, the

"Bankruptcy Code"), Rule 3007 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Local

Bankruptcy Rule 3007-1, for an order, the proposed form

of which is attached hereto as <u>Exhibit A</u>, granting the

relief sought by this Objection.  In support of the

Objection, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider

this Motion under 28 U.S.C. §§ 157 and 1334.  This is a

_____

*(cont'd from previous page)*
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
for Circuit City Stores West Coast, Inc. is 9250 Sheridan
Boulevard, Westminster, Colorado 80031.  For all other Debtors,
the address was 9950 Mayland Drive, Richmond, Virginia 23233 and
currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

core proceeding under 28 U.S.C. § 157(b).  Venue of
these cases and this Motion in this district is proper
under 28 U.S.C. §§ 1408 and 1409.  The statutory and
legal predicates for the relief requested herein are
Bankruptcy Code sections 105 and 503(b)(9), Bankruptcy
Rule 3007, and Local Bankruptcy Rule 3007-1.

**BACKGROUND**

2.    On November 10, 2008 (the "Petition
Date"), the Debtors filed voluntary petitions in this
Court for relief under chapter 11 of the Bankruptcy
Code.

3.    On November 12, 2008, the Office of the
United States Trustee for the Eastern District of
Virginia appointed a statutory committee of unsecured
creditors (the "Creditors' Committee").  To date, no
trustee or examiner has been appointed in these chapter
11 cases.

4.    On January 16, 2009, the Court authorized
the Debtors, among other things, to conduct going out of
business sales at the Debtors' remaining 567 stores
pursuant to an agency agreement (the "Agency Agreement")
between the Debtors and a joint venture, as agent (the

3

"Agent").  On January 17, 2009, the Agent commenced
going out of business sales pursuant to the Agency
Agreement at the Debtors remaining stores.  As of on or
about March 8, 2009, the going out of business sales had
concluded.

5.    On September 29, 2009, the Debtors and
the Creditors Committee filed the First Amended Joint
Plan of Liquidation of Circuit City Stores, Inc. and its
Affiliated Debtors and Debtors In Possession and its
Official Committee of Creditors Holding General
Unsecured Claims (the "Plan").  The associated
disclosure statement (the "Disclosure Statement") was
approved on September 24, 2009, and confirmation on the
Plan is currently scheduled for December 21, 2009.

6.    Generally, the Plan provides for the
liquidation of the Debtors under chapter 11 of the
Bankruptcy Code.

**RELIEF REQUESTED**

7.    Subject to the reservation of rights set
forth herein, by this Objection, the Debtors seek entry
of an order, in substantially the form annexed as
Exhibit A, reclassifying the claims set forth on Exhibit

4

C, which were asserted as administrative expenses under
Bankruptcy Code section 503(b)(9) (the "Lease Claims"),
to general unsecured, non-priority claims.

8.   For ease of reference, attached as
Exhibit B is an alphabetical listing of all claimants
whose Lease Claims are included in this Objection (the
"Claimants"), with a cross-reference by claim number.

**BASIS FOR RELIEF**

9.   Currently, the Debtors are engaged in a
thorough review of all claims filed against their
estates, including administrative expense claims, to
determine the validity of such claims.  As part of this
process, the Debtors are diligently reviewing claims
filed pursuant to Bankruptcy Code section 503(b)(9).

10.   After reviewing numerous 503(b)(9)
claims, their supporting documentation and the Debtors'
books and records, the Debtors have determined that the
Lease Claims identified on Exhibit B do not satisfy the
requirements of Bankruptcy Code section 503(b)(9).
Specifically, the Lease Claims are based on the leasing
of goods to the Debtors.  Thus, such Claims are not based
on the sale of goods to the Debtors by the Claimants.

11.   Accordingly, the Debtors object to the classification of the Lease Claims as administrative priority claims and request that they be reclassified as general unsecured, non-priority claims.

**APPLICABLE AUTHORITY**

**I.   THE LEASE CLAIMS ARE BASED ON GOODS <u>LEASED</u> TO THE DEBTORS, NOT GOODS <u>SOLD</u>.**

12.   Bankruptcy Code section 503(b)(9) provides in pertinent part as follows:

> (b) After notice and a hearing, there shall be allowed, administrative expenses, . . . including . . .
>
>> (9) the value of any goods received by the debtor within 20 days before the commencement of the case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

11 U.S.C. § 503(b)(9).  To adequately assert an administrative expense under this section, the creditor must prove, by a preponderance of the evidence, that (1) it provided goods; (2) the debtor received the goods within twenty days of the commencement of the case; and (3) the goods were sold in the ordinary course of the debtor's business.  <u>Brown & Cole Stores, LLC v. Associated Grocers, Inc. (In re Brown & Cole Stores,</u>

LLC), 375 B.R. 873, 878 n.7 (B.A.P. 9th Cir. 2007); see
also In re Boling Group, L.L.C., 2002 WL 31812671, at
*4. (Bankr. M.D.N.C. 2002) (citing In re Merry-Go-Round
Enterprises, Inc., 180 F.3d 149, 157 (4th Cir.
1999))("The burden of proof is on the claimant to
establish by a preponderance of the evidence its
entitlement to an administrative expense award under 11
U.S.C. § 503(b)."); see also In re SemCrude L.P., 2009
WL 3241674, at *2 (Bankr. D. Del. October 7, 2009)
(citing In re Goody's Clothing Inc., 401 B.R. 131, 133
(Bankr. D. Del. 2009)) (finding that claimants must
prove the elements of a 503(b)(9) claim by a
preponderance of the evidence)).

13.   In evaluating section 503(b)(9) and the
definition of "sale", "[t]he presumption . . . is that
the debtor's limited resources will be equally
distributed among the creditors. Thus, statutory
priorities must be narrowly construed."  Ford Motor
Credit Co. v. Dobbins, 35 F.3d 860, 865 (4th Cir. 1994)
(quoting In re James B. Downing & Co., 94 B.R. 515, 519
(Bankr. N.D. Ill. 1988)); see also City of White Plains
v. A&S Galleria Real Estate, Inc. (In re Federated Dep't

<u>Stores, Inc.)</u>, 270 F.3d 994, 1000 (6th Cir. 2001); <u>In re</u>
<u>Amireh</u>, 2008 WL 52706, at *4 (Bankr. E.D. Va. 2008)
("The court will not expand the reach of the statute
beyond the language chosen by Congress.").

14.  Consistent with the plain language of the
statute, allowed administrative expenses under section
503(b)(9) should only be claims arising from a
claimant's <u>sale</u> and delivery of goods to the Debtors,
<u>not</u> from leasing goods.

15.  As explained below, the Lease Claims are
based on goods leased to the Debtors, not on goods sold
and, therefore, the Lease Claims should be reclassified
as general unsecured, non-priority claims.

**II.  THE TERM <u>"SALE"</u> IN SECTION 503(B)(9) SHOULD BE
     CONSTRUED NARROWLY AND IN CONFORMITY WITH THE
     DEFINITION OF "SALE" IN THE UCC.**

16.  Although the term "sale" is not defined
in the Bankruptcy Code, it must be construed narrowly
and consistent with Congressional intent.  <u>See Ron Pair</u>
<u>Enter.</u>, Inc. 489 U.S. 235, 242 (1989) (reasoning that
statutes should be interpreted based on their plain
meaning and in accordance with Congressional intent);
<u>see</u> <u>also</u> <u>Ford Motor Credit</u>, 35 F.3d at 865 (holding that

statutory priorities under the Bankruptcy Code must be narrowly construed); In re Federated Dep't Stores, 270 F.3d at 1000 (noting that administrative expense claims under section 503(b) should be strictly construed).

17.   The Debtors contend that the proper meaning of "sale" is that meaning found in section 2-106 of the Uniform Commercial Code (the "UCC").  The UCC defines "sale", in pertinent part, as "the passing of title from the seller to the buyer for a price"  UCC § 2-106(1).[2]

18.   Although the Bankruptcy Code does not define the term "sale", this Court has looked to the UCC for the definition of other terms not defined in the Code.  See In re Circuit City Stores, Inc., 2009 WL 3032346, *6 (Bankr. E.D. Va. Sep. 22, 2009) (Huennekens, J.) (finding that the UCC's definition of "goods" should be used to interpret the scope of section 503(b)(9)). By adopting the UCC's definition of "sale", this Court

---

[2]   Virginia has adopted the UCC's definition of "sale." See Va. Code Ann. §8.2-106 (2009).

would remain consistent with its earlier decision

concerning "goods". See id.[3]

 19. Moreover, adopting the UCC's definition

of "sale" would be consistent with the only published

opinion to address the meaning of "sold" in section

503(b)(9).  In Goody's, the Bankruptcy Court concluded

that, for purposes of section 503(b)(9), the UCC's

definition of "sale" applied for purposes of determining

whether goods were "sold to the debtor".  See Goody's,

401 B.R. at 136 (citing the UCC and finding that, while

the creditor shipped the goods in question to the

debtors, the creditor never had title to the goods, and

thus could not sell them).  Accordingly, the Debtors

submit that it is appropriate for this Court to adopt

---

[3]  Additionally, in other contexts, Courts have interpreted the
meaning of words in the Bankruptcy Code with reference to the
UCC.  See In re Price, __ F.3d __, 2009 WL 975796, *3 (4th Cir.
2009) (relying on North Carolina law, which adopted the UCC, to
define the Bankruptcy Code's use of "purchase money security
interest"); In re Ellingsen MacLean Oil Co., Inc., 834 F.2d 599,
605 (6th Cir. 1987) (relying on UCC to supply the definition for
"good faith" contained in 11 U.S.C. § 364(e)); Haywin Textile
Prods., Inc. v. Bill's Dollar Stores, Inc. (In re Bill's Dollar
Stores, Inc.), 164 B.R. 471, 474 (Bankr. D. Del. 1994)(adopting
UCC's definition of the term "receipt" because the Bankruptcy
Code does not define the term and the right of reclamation is
derived from the UCC).

the UCC's definition of "sale" for purposes of

Bankruptcy Code section 503(b)(9).

20.   Under the definition of sale, this Court

must next determine whether the transactions with the

Claimants resulted in goods "sold to the [Debtors]" for

purposes of Bankruptcy Code section 503(b)(9).  Although

the Debtors have been unable to locate an opinion that

specifically addressed this issue, courts in the non-

bankruptcy context have addressed similar issues and

have consistently concluded that a lease transaction is

not a "sale".  See Reliance Insurance Company v. J.W.

Burress, Inc., 443 S.E.2d 143, 145 (Va. 1994) (finding

that the lease of certain equipment, although it

included an option to purchase, did not qualify as a

"contract for sale" under the Virginia version of the

UCC until the option was exercised); Leake v. Meredith,

221 Va. 14, 16-17 (Va. 1980) (finding that a chattel

lease without an "irrevocable option to buy" was not a

sale under the UCC for purposes of applying the warranty

provisions therein); Spectrum Press, Inc. v. Troy

Garrett T/A Stallion Graphics, 1996 WL 1065609, *2 (Va.

Cir. Ct. 1996) (finding that the warranty provisions of

the UCC did not apply to a contract in which a price was not paid and title was not transferred); <u>Gentry v. Ryder Truck Rental, Inc.</u>, 1987 WL 488610, *1 (citing to <u>Leake</u> and finding that, in a lease similar to this one, the warranty provisions of the UCC did not apply).

21.  Here, because title to the Claimants' goods did not transfer to the Debtors, no "sale" occurred.  Consequently, the Claimants are not entitled to priority under Bankruptcy Code section 503(b)(9).

## III. THE LEASE CLAIMS SHOULD BE RECLASSIFIED.

22.  Bankruptcy Code section 105 provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

23.  In order for the Debtors to efficiently and expeditiously wind up their estates, it is essential for the Debtors to establish the proper liabilities asserted against them.  In order to achieve the imperative of finality required by the claims process, the Debtors request that the Lease Claims be

reclassified at this time to general unsecured, non-priority claims.

24.   As noted above, the Debtors reserve their rights to file objections to the Lease Claims at a later time on any grounds that bankruptcy or non-bankruptcy law permits.

### RESERVATION OF RIGHTS

25.   At this time, the Debtors have not completed their review of the validity of all claims/expenses filed against their estates, including the Lease Claims.  Accordingly, the Lease Claims may be the subject of additional subsequently filed objections. To that end, the Debtors reserve the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and on any other grounds. Furthermore, the Debtors reserve the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

### NOTICE AND PROCEDURE

26.   Notice of this Objection has been provided to the Claimants with a claim that is subject

to this Objection as identified on <u>Exhibits B and C</u>, and
to other parties-in-interest in accordance with the
Court's Order Pursuant to Bankruptcy Code Sections 102
and 105, Bankruptcy Rules 2002 and 9007, and Local
Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain
Notice, Case Management and Administrative Procedures
(Docket No. 130) (the "Case Management Order").

        27.   Furthermore, the Debtors submit that the
following methods of service upon the Claimants should
be deemed by the Court to constitute due and sufficient
service of this Objection: (a) service in accordance
with Bankruptcy Rules 3007, 7004, and 9006; (b) to the
extent counsel for a Claimant is not known to the
Debtors, by first class mail, postage prepaid, on the
signatory of the Claimant's proof of claim form or other
representative identified in the proof of claim form or
any attachment thereto at least 30 days before the
hearing date; or (c) by first class mail, postage
prepaid, on any counsel that has appeared on the
Claimant's behalf in the Debtors' bankruptcy cases at
least 30 days before the hearing date.   The Debtors are

serving the Claimants with this Objection and the Exhibit(s) on which the Claimants' claim is listed.

28.   To the extent any Claimant timely files and properly serves a response to this Objection by December 14, 2009 as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Debtors request that the Court conduct a status conference with respect to any such responding claimant at the December 21, 2009 omnibus hearing, and thereafter schedule the matter for a future hearing as to the merits of this Objection to the Lease Claims.  However, to the extent the Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order and applicable law, the Debtors request that the Court enter an order, substantially in the form attached hereto as Exhibit A, reclassifying as a general unsecured non-priority claim in the same amount as the asserted Lease Claims.

**COMPLIANCE WITH BANKRUPTCY RULE 3007 AND
THE OMNIBUS OBJECTION PROCEDURES ORDER**

29.   This Objection complies with Bankruptcy Rule 3007(e) in that this Objection includes less than 500 claims.  See Rule 3007(e)(1) and (2).  Additionally, the Debtors submit that this Objection is filed in accordance with this Court's Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (Docket No. 2881) (the "Omnibus Objection Procedures Order").

**WAIVER OF MEMORANDUM OF LAW**

30.   Pursuant to Local Bankruptcy Rule 9013-1(G), and because all issues of law are presented in the Objection, the Debtors request that the requirement that all motions be accompanied by a written memorandum of law be waived.

**NO PRIOR RELIEF**

31.   No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors request the Court to enter the Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia
      November 20, 2009

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636 (302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 N. Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and –

MCGUIREWOODS LLP

_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

**EXHIBIT A**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 N. Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :    Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :    Case No. 08-35653 (KRH)
et al.,                      :
                             :
             Debtors.        :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER SUSTAINING DEBTORS' SIXTY-FIRST OMNIBUS OBJECTION
(RECLASSIFICATION OF CERTAIN ALLEGED 503(B)(9) CLAIMS TO
GENERAL UNSECURED, NON-PRIORITY CLAIMS)**

THIS MATTER having come before the Court on the

Debtors' Sixty-First Omnibus Objection (Reclassification

of Certain Alleged 503(b)(9) Claims to General

Unsecured, Non-priority Claims) (the "Objection"), which

1

requested, among other things, that the claims
specifically identified on <u>Exhibit c</u> attached to the
Objection be reclassified as general unsecured, non-
priority claims for those reasons set forth in the
Objection; and it appearing that due and proper notice
and service of the Objection as set forth therein was
good and sufficient and that no other further notice or
service of the Objection need be given; and it further
appearing that no response was timely filed or properly
served by the Claimants being affected by this Order;
and it appearing that the relief requested in the
Objection is in the best interest of the Debtors, their
estates and creditors and other parties-in-interest; and
after due deliberation thereon good and sufficient cause
exists for the granting of the relief as set forth
herein,

     IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

     1.   The Objection is SUSTAINED.

     2.   The Claims identified on <u>Exhibit C</u> (as
attached hereto and incorporated herein) are
reclassified as general unsecured, non-priority claims.

3.    The Debtors' rights to amend, modify, or supplement the Sixty-First Omnibus Objection, to file additional objections to any claim, including the Lease Claims, (filed or not) that have been or may be asserted against the Debtors, and to seek reduction of any claim to the extent such claim has been paid, are preserved.

4.    The Debtors shall serve a copy of this Order on the claimants included on the exhibit to this Order on or before five (5) business days from the entry of this Order.

5.   This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: Richmond, Virginia
       December_____, 2009


_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 N. Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -


_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


## CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

        Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                        __/s/ Douglas M. Foley____
                        Douglas M. Foley

In re: Circuit City Stores, Inc, <u>et al.</u>                    Debtors' Sixty-First Omnibus Objection (Reclassification of Certain Alleged 503(B)(9)
Case No. 08-35653 (KRH)                                      Claims to General Unsecured, Non-Priority Claims)

Exhibit B - Claimants and Related Claims Subject To Sixty-First Omnibus Objection to Claims

| Claim Holder | Claim | Exhibit |
|---|---|---|
| PENSKE | 13374 | EXHIBIT C - (RECLASSIFICATION OF CERTAIN ALLEGED 503(B)(9) CLAIMS TO GENERAL UNSECURED, NON-PRIORITY CLAIMS) - MODIFIED |
| SNO WHITE DUST CONTROL SERVICE | 657 | EXHIBIT C - (RECLASSIFICATION OF CERTAIN ALLEGED 503(B)(9) CLAIMS TO GENERAL UNSECURED, NON-PRIORITY CLAIMS) - MODIFIED |

Case No. 08-35653 (KRH)

EXHIBIT C

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED* | CLAIM AS MODIFIED |
|---|---|---|

**Claim: 13374**

Date Filed:  06/15/2009

Docketed Total:    $181,199.83

Filing Creditor Name and Address:

  PENSKE
  PO BOX 827380
  PHILADELPHIA, PA 19182

| Claim Holder Name and Address | Case Number: | 08-35653 |
|---|---|---|

PENSKE
PO BOX 827380
PHILADELPHIA, PA 19182

Docketed Total:    **$181,199.83**

| 503(b)(9) | Reclamation | Admin | Secured | Priority | Unsecured |
|---|---|---|---|---|---|
| $181,199.83 | | | | | |

Case Number:    08-35653

Modified Total:    **$181,199.83**

| 503(b)(9) | Reclamation | Admin | Secured | Priority | Unsecured |
|---|---|---|---|---|---|
| | | | | | $181,199.83 |

---

**Claim: 657**

Date Filed:   12/08/2008

Docketed Total:    $390.74

Filing Creditor Name and Address:

  SNO WHITE DUST CONTROL
  SERVICE
  PO BOX 1630
  HOLLYWOOD, FL 33022

Claim Holder Name and Address    Case Number:    08-35653

SNO WHITE DUST CONTROL
SERVICE
PO BOX 1630
HOLLYWOOD, FL 33022

Docketed Total:    **$390.74**

| 503(b)(9) | Reclamation | Admin | Secured | Priority | Unsecured |
|---|---|---|---|---|---|
| $390.74 | | | | | |

Case Number:    08-35653

Modified Total:    **$390.74**

| 503(b)(9) | Reclamation | Admin | Secured | Priority | Unsecured |
|---|---|---|---|---|---|
| | | | | | $390.74 |

---

**Total Claims To Be Modified: 2**

**Total Amount As Docketed:**    $181,590.57

**Total Amount As Modified:**    $181,590.57

\*    "UNL" denotes an unliquidated claim.