Douglas M. Foley (VSB No. 34364)
Bryan A. Fratkin (VSB No. 38933)
McGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - X
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
          Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - - X - - - - - - - - - - - -

CIRCUIT CITY STORES, INC.,    X   Adversary Proceeding
                              :   No:_____
          Plaintiff,          :
                              :
v.                            :
                              :
SHARP ELECTRONICS             :
CORPORATION,                  :
                              :
          Defendant.          :
- - - - - - - - - - - - - - - X

**COMPLAINT**

The debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors"),[1] by and

---

[1]     The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc. (3875),
Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),

through their undersigned counsel, for their Complaint

against the above-captioned defendant, Sharp Electronics

Corporation (the "Defendant"), and, in support thereof,

allege as follows:

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over this adversary

proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2.    This action is a core proceeding under 28 U.S.C.

§§ 157(b)(2)(A), (B), (C), (E), and (O).

3.    Venue of these cases and this adversary proceeding

in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.    On November 10, 2008 (the "Petition Date"), the

Debtors filed voluntary petitions in this Court for relief

under chapter 11 of the Bankruptcy Code.

5.    The Debtors continue to manage and operate their

businesses as debtors in possession pursuant to Bankruptcy

Code sections 1107 and 1108.

---

Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC
(5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia,
Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer Technology, LLC
(2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs,
Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC
(9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512). The address for
Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard,
Westminster, Colorado 80031. For all other Debtors, the address was 9950
Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook
Drive, Glen Allen, Virginia 23060.

6.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

7.    On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

8.    On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

9.    Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date").  The deadline for governmental units to file claims that arose before November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date").  Pursuant to the Claims Bar Date

Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

10.  On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314). In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

11.  On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed (the "Liquidation").

12.  On May 15, 2009, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 503 and

Bankruptcy Rules 2002 and 9007 (i) Setting Administrative

Bar Date and Procedures For Filing and Objecting To

Administrative Expense Request and (ii) Approving Form and

Manner of Notice Thereof (Docket No. 3354) (the

"Administrative Claims Bar Date Order").

13.    Pursuant to the Administrative Claims Bar Date

Order, the deadline for filing all Administrative Expense

Requests (as defined in the Administrative Claims Bar Date

Order) was 5:00 p.m. (Pacific) on June 30, 2009.  Pursuant

to the Administrative Claims Bar Date Order, this Court

approved the form and manner of the claims bar date notice,

which was attached as Exhibit A to the Administrative Claims

Bar Date Order (the "Claims Bar Date Notice").

14.    On May 15, 2009 KCC served a copy of the

Administrative Claims Bar Date Notice on all parties who

filed notices of appearance pursuant to Bankruptcy Rule

2002, all of the Debtors' scheduled creditors in these

cases, the Debtors' equity holders, and certain other

parties (Docket No. 3397).  In addition, the Debtors

published the Administrative  Claims Bar Date Notice in the

Financial Times (Docket No. 3970), The Richmond Times-

Dispatch (Docket No. 3969), and The Wall Street Journal

(Docket No. 3968).

15.  On January 29, 2009, the Defendant filed a proof of claim asserting an unsecured claim in the amount of $1,188,743.66 against the Debtor for goods sold and denial invoices ("Claim No. 7578").

## PARTIES

16.  Prior to the Liquidation, the Debtors were a leading specialty retailer of consumer electronics and operated large nationwide electronics stores that sold, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

17.  Defendant is a New York corporation with its principal place of business in Mahwah, New Jersey.

## FACTS

18.  On April 24, 2003, the Debtors and the Defendant entered into that certain letter agreement for the sale of goods produced by the Defendant in the Debtors' stores (collectively, as supplemented and amended, the "Contract"). The Contract is attached hereto as Exhibit A.[2]

---

[2]  The Contract provides for certain confidential and/or proprietary information.  Accordingly, the Debtors will file a motion to file the Contract under seal.

19.  Pursuant to the Contract, the Defendant sold certain of its retail electronic and other related products to the Debtors that the Debtors subsequently marketed and sold to its customers at the Debtors' stores and on its websites.

20.  Pursuant to the Contract, the Defendant was obligated to remit to the Debtors the following, and the Debtors were entitled to payment from the Defendant for the following:

> a.  Receivables for marketing, advertising, and promotion including, but not limited to, market development funds.  See Contract, pp. 1, 2.

> b.  Debits pursuant to the Defendant's price protection policy.  See Contract, p. 2.

> c.  Debits for the return of overstock products and defective products.  See id.

21.  Prepetition and postpetition through the Liquidation, the Debtors performed these services, and demanded payment.  To date, the Defendant is indebted to the Debtors for the following amounts:

| Sharp Electronics | |
|---|---|
| Invoices/Returns | $6,456.60 |
| Service Credits | $42,447.11 |
| Accounts Receivables | $2,739,504.95 |
| Provider/Manufacturer Warranty Receivable | $29,045.00 |

**TOTAL**                                **$2,817,453.66**

(collectively, the "Unpaid Obligations").

22.   On April 16, 2009, the Debtors sent a demand letter to the Defendant for the Unpaid Obligations (the "Demand Letter").  A copy of the Demand Letter is attached hereto as Exhibit B and is incorporated herein by reference.

23.   On July 24, 2009, the Debtors sent a second demand letter to the Defendant for the Unpaid Obligations (the "Second Demand Letter").  A copy of the Second Demand Letter is attached hereto as Exhibit C and is incorporated herein by reference.

24.   Further, on or within ninety (90) days prior to the Petition Date (the "Preference Period"), the Debtors made multiple transfers of interest of the Debtors' property to or for the benefit of the Defendant in an amount not less than $35,391,527.31, as set forth hereto on Exhibit D.

25.   After taking into account certain defenses, the Debtors have excluded certain Transfers to which there appear to have been subsequent new value provided or appear to be substantially contemporaneous exchanges pursuant to 547(c)(1) and (4) of the Bankruptcy Code.  Exhibit E

reflects the Debtors' current knowledge of the recoverable transfers made by the Debtors to the Defendant during the Preference Period.  During the course of this adversary proceeding, the Debtors (through discovery or otherwise) may learn of additional transfers made to Defendant during the Preference Period.  The Debtors intend to avoid and recover all such transfers, whether listed on <u>Exhibit E</u> or not, in an amount not less than $13,848,308.81 (collectively, the "Transfers").

**COUNT I**

**<u>(BREACH OF CONTRACT)</u>**

26.  The Debtors hereby incorporate by reference the allegations set forth in paragraphs 1 through 25 of this Complaint as if fully restated here.

27.  Pursuant to the Contract, Defendant agreed to pay to the Debtors the Unpaid Obligations.

28.  The Contract is a valid and enforceable contract.

29.  Defendant's failure to compensate the Debtors for the Unpaid Obligations in the amount of $2,817,453.66 constitutes a material breach of Defendant's obligations under the Contract.

30.  As a direct and proximate result of Defendant's breaches, the Debtors have incurred damages in an amount not less than $2,817,453.66, plus costs, expenses, and interest.

31.  Accordingly, the Debtors are entitled to a judgment against Defendant in an amount not less than the Unpaid Obligations of $2,817,453.66, plus costs, expenses, and interest at the higher of the legal rate or the rate set forth in the Contract.

### COUNT II

### (TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542)

32.  The Debtors hereby incorporate by reference the allegations set forth in paragraphs 1 through 25 of this Complaint as if fully restated here.

33.  In the alternative to Count I, but without waiving any allegation contained therein, the Debtors make the following allegations in support of Count II.

34.  Defendant is in possession, custody, and control of Unpaid Obligations in an amount not less than $2,817,453.66, plus costs, expenses, and interest.

35.  The Unpaid Obligations constitute valid and existing debts, due and owing by Defendant to the Debtors.

36.  The Unpaid Obligations are property of the Debtors' estate under section 541 of the Bankruptcy Code and

constitute debts that are matured, payable on demand, or
payable on order.

37.   Accordingly, pursuant to section 542 of the
Bankruptcy Code, Defendant should be compelled to
immediately turn over and deliver to the Debtors the Unpaid
Obligations in an amount not less than $2,817,453.66, plus
costs, expenses, and interest at the higher of the legal
rate or the rate set forth in the Contract or in any
agreements governing the Unpaid Obligations.

**COUNT III**

**(UNJUST ENRICHMENT/QUASI CONTRACT)**

38.   The Debtors hereby incorporate by reference the
allegations set forth in paragraphs 1 through 25 of this
Complaint as if fully restated here.

39.   In the alternative to Counts I and II but without
waiving any allegation contained therein, the Debtors make
the following allegations in support of Count III.

40.   The Debtors conferred a benefit upon the Defendant
pursuant to the Contract and described herein in Paragraph
20.

41.   The Debtors reasonably expected to be compensated
by Defendant in an amount not less than $2,817,453.66, plus
costs, expenses, and interest at the higher of the legal

rate or the rate set forth in the Contract or in any agreements governing the Unpaid Obligations.

42.   The Defendant's benefit without just compensation to the Debtors has unjustly enriched the Defendant in an amount not less than $2,817,453.66 plus costs, fees, expenses, including attorneys' fees, and interest at the higher of the legal rate or the rate set forth in the Contract or in any agreements governing the Unpaid Obligations.

43.   The Debtors have no adequate remedy at law to recover the Unpaid Obligations.

44.   Accordingly, as a result of Defendant's unjust enrichment at the Debtors' expense, the Debtors are entitled to restitution from the Defendant in an amount not less than $2,817,453.66, plus costs, expenses, and interest at the higher of the legal rate or the rate set forth in the Contract or in any agreements governing the Unpaid Obligations.

**COUNT IV**

**(DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(d))**

45.   The Debtors hereby incorporate by reference the allegations set forth in paragraphs 1 through 44 of this Complaint as if fully restated here.

46.   Section 502(d) of the Bankruptcy Code requires the
disallowance of "any claim of any entity from which property
is recoverable under section 542 . . . of this title . . .,
unless such entity or transferee has paid the amount, or
turned over any such property, for which such entity or
transferee is liable under section . . . 542 . . . of this
title."

47.   Pursuant to section 502(d) of the Bankruptcy Code,
any claims, including Claim No. 7578, held by Defendant
against the Debtors' bankruptcy estates must be disallowed
unless and until Defendant pays to the Debtors the Unpaid
Obligations in an amount not less than $2,817,453.66, plus
costs, expenses, and interest at the higher of the legal
rate or the rate set forth in the Contract or in any
agreements governing the Unpaid Obligations and the
Transfers in an amount not less than $13,848,308.81, plus
costs, expenses, attorneys' fees, and interest at the legal
rate.

## COUNT V

### (RECOVERY OF PREFERENTIAL TRANSFERS
### PURSUANT TO 11 U.S.C. §§ 547(b) and 550)

48.  The Debtors hereby incorporate by reference the allegations set forth in paragraphs 1 through 47 of this Complaint as if fully restated here.

49.  The Transfers were made to or for the benefit of Defendant, a creditor of one or more of the Debtors.

50.  The Transfers were made for or on account of an antecedent debt or debts owed by one or more of the Debtors before such Transfers were made.

51.  The Transfers were made during the Preference Period.

52.  The Transfers were made while the Debtors were insolvent.

53.  The Transfers enabled the Defendant to receive greater value than the Defendant would have received if (i) Debtors' cases were cases under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment on account of the debt paid by the Transfers to the extent provided by the provisions of the Bankruptcy Code.

Case 08-35653-KRH    Doc 5900    Filed 11/23/09    Entered 11/23/09 10:54:29    Desc Main
Document    Page 15 of 30

54. Each of the Transfers constitutes an avoidable preference pursuant to 11 U.S.C. § 547(b).

55. Defendant is either the initial transferee of the Transfers, the entity for whose benefit the Transfers were made, or an immediate or mediate transferee of the Transfers.

56. Debtors are entitled to recover not less than $13,848,308.81, plus costs, expenses, attorneys' fees, and interest at the legal rate pursuant to 11 U.S.C. § 550(a).

### PRAYER FOR RELIEF

WHEREFORE, the Debtors respectfully pray that the Court:

  i.    On Count I, enter judgment against Defendant for breach of contract and award the Debtors damages in an amount not less than $2,817,453.66, plus costs, expenses, and interest at the higher of the legal rate or the rate set forth in the Contract or other agreements governing the Unpaid Obligations; or, in the alternative,

  ii.   On Count II, order Defendant to turn over and deliver to the Debtors the Unpaid Obligations in an amount in not less than $2,817,453.66, plus costs, expenses, and interest at the higher of the

legal rate or the rate set forth in the Contract or other agreements governing the Unpaid Obligations; or, in the alternative,

iii.  On Count III, enter judgment against the Defendant for unjust enrichment and award the Debtors restitution on account of the Defendant's unjust enrichment in an amount not less than $2,817,453.66, plus costs, expenses, attorneys' fees, and interest at the higher of the legal rate or the rate set forth in the Contract or other agreements governing the Unpaid Obligations; and

iv.  On Count IV, enter an Order pursuant to 11 U.S.C. § 502(d) disallowing any claim of Defendant against the Debtors' bankruptcy estates, including Claim No. 7578, unless and until Defendant pays to the Debtors the amount of any and all judgments granted to the Debtors  against Defendant in this adversary proceeding; and

v.  On Count V, enter an Order pursuant to 11 U.S.C. § 550 for avoidance of a preferential transfers pursuant to 11 U.S.C. § 547(b) in an amount not less than $13,848,308.81, plus costs, expenses,

attorneys' fees, and interest at the legal rate;
and

vi.     Grant the Debtors such other and further relief
        the Court deems just and appropriate.


Dated: Richmond, Virginia   McGUIREWOODS LLP
       November 23, 2009
                            _/s/ Douglas M. Foley_____
                            Douglas M. Foley (VSB No. 34364)
                            Bryan A. Fratkin (VSB No. 38933)
                            One James Center
                            901 E. Cary Street
                            Richmond, Virginia 23219
                            (804) 775-1000

                            Counsel for Debtors and Debtors
                            in Possession


\9738036.7

17

**April 24, 2003 Letter Agreement**

**[TO BE FILED UNDER SEAL]**





Thursday, April 16, 2009

SHARP ELECTRONICS CORP

Re:  Demand for Payment

Dear Sir or Madam:

As you no doubt know by now, on November 10, 2008 Circuit City Stores, Inc. and certain of its subsidiaries (collectively, "Circuit City") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of Virginia, Richmond Division.  As part of liquidation and wind down of Circuit City under its chapter 11 cases, we have completed a review of amounts unpaid by your company to Circuit City, as evidenced by the attached. Based on this information, the total amount due and outstanding from your company to Circuit City is listed below:

Total Due:    <u>$2,817,453.66</u>

By this letter, we hereby make demand for payment of the unpaid balance immediately.  If we do not receive payment within the next two weeks it is our intent to refer the matter to our counsel to pursue payment in the Bankruptcy Court in Richmond, Virginia.

Wire Instructions:

Account Name: Circuit City Stores, Inc.
ABA/Routing #: 051400549
Account #: 2055275431509
Bank: Wachovia Bank
10401 Deerwood Park Blvd, Building 1
Jacksonville, FL  32256

Sincerely,

Brandi Fose
Circuit City Accounting Department

Brandi_Fose@ccswinddown.com

cc:     Daniel W. Ramsey, Esq.

LTRDMD01



**Merchandise Payable Summary**

| Vendor Number | Status | Name | Category | Amount |
|---|---|---|---|---|
| 0000058000 | PRE | SHARP ELECTRONICS CORP | Invoices / Returns | $6,456.60 |
| 0000058000 | PRE | SHARP ELECTRONICS CORP | Service Credits | $41,370.66 |
| 0000071204 | POST | SHARP ELECTRONICS CORP | Service Credits | $1,076.45 |
| | | | **Payables Total:** | $48,903.71 |

**Accounts Receivable Detail**

| Vendor No | Vendor Name | Receivable Type | Type | Tran Code | Key Rec No | Ref No | Description | Receivable | Status |
|---|---|---|---|---|---|---|---|---|---|
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0339982 | 98775 | 98775C-VOID-V#58000 | ($2,600,000.00) | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | ADJ | 0339544 | 82056 | 82056D-VOID-V#58000 | ($392,517.90) | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0340299 | 98904 | 98904CV#58000 | $16,726.00 | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0332982 | 95163 | 95163DV#58000 | $37,895.00 | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0332086 | 94333 | 94333DV#58000 | $50,740.54 | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0333264 | 96278 | 96278DV#58000 | $61,664.36 | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0336921 | 92963 | 92963DV#58000 | $66,375.21 | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0333450 | 96018 | 96018DV#58000 | $73,060.00 | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0331294 | 95757 | 95757DV#58000 | $126,436.40 | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0331295 | 95758 | 95758DV#58000 | $173,563.60 | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0334785 | 96345 | 96345DV#58000 | $176,247.06 | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0340295 | 98900 | 98900CV#58000 | $198,186.09 | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0339891 | 98775 | 98775CV#58000 | $2,600,000.00 | PRE |
| 0000071204 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0339983 | 98776 | 98776C-VOID-V#71204 | ($1,114,431.27) | POST |
| 0000071204 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0333625 | 97238 | 97238DV#71204 | $49,660.00 | POST |
| 0000071204 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0334800 | 97493 | 97493DV#71204 | $75,660.00 | POST |
| 0000071204 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0339898 | 98803 | 98803DV#71204 | $398,450.00 | POST |
| 0000071204 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0334074 | 97472 | 97472DV#71204 | $428,356.59 | POST |
| 0000071204 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0339892 | 98776 | 98776CV#71204 | $1,114,431.27 | POST |
| 0000071204 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0339434 | 98696 | 98696CV#71204 | $1,199,002.00 | POST |

**Total Receivable:** $2,739,504.95

**Provider / Manufacturer Warranty Receiable Balance Summary**

Sharp Electronics

| | | | |
|---|---|---|---|
| post | $19,818.00 | OEM Warranty |
| pre | $9,227.00 | OEM Warranty |
| **Grand Total** | $29,045.00 | |

McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Phone: 804.775.1000
Fax: 804.775.1061
www.mcguirewoods.com

Bryan A. Stark
Direct: 804.775.1086

# McGUIREWOODS

bstark@mcguirewoods.com
Direct Fax: 804.698.2263

July 24, 2009

**VIA OVERNIGHT MAIL**
**AND ELECTRONIC MAIL**

Kevin Fox
Sharp Electronics Corp.
1 Sharp Plaza
Mahwah, NJ 07430

          RE:    *In re Circuit City Stores, Inc., et al. Chapter 11*
                *Case No. 08-35653(KRH) (Bankr. E.D. Va. 2008)*

Dear Mr. Fox:

        Please be advised that this firm serves as general bankruptcy counsel to Circuit City Stores, Inc. ("Circuit City") and certain of its subsidiaries, debtors and debtors in possession (collectively, the "Debtors") in the above-referenced chapter 11 bankruptcy cases pending before the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").

        The Debtors' books and records show that $2,817,453.66 remains due and outstanding from Sharp Electronics Corporation ("Sharp") to the Debtors' bankruptcy estates.

        The Debtors initially demanded payment of these amounts by letter dated April 16, 2009. A copy of the original demand letter is attached hereto as <u>Exhibit A</u>, which original demand letter provides additional details regarding the basis for the amounts due and outstanding. As of this date, the Debtors have not received payment of any portion of the due and outstanding amounts from Sharp.

        Accounts receivable constitute property of the Debtors' bankruptcy estates. <u>See</u> <u>In re Bay Vista of Virginia, Inc.</u>, 394 B.R. 820, 836 (Bankr. E.D. Va. 2008). As Sharp has failed to remit payment to the Debtors with regard to the amounts due and outstanding, Sharp is in unlawful possession of property of the Debtors' bankruptcy estates. Moreover, the Debtors have demanded that Sharp immediately turn over such property to the Debtors, but Sharp has ignored the Debtors' demands. This knowing and willful failure to turn over the Debtors' property may constitute, among other things, a violation of the automatic stay pursuant to section 362(a) of title 11, United States Code (the "Bankruptcy Code"). <u>See</u> <u>In re Mountaineer</u> <u>Coal Co., Inc.</u>, 247 B.R. 633, 642 (Bankr. W.D. Va. 2000).

        **This letter is a final demand for payment. If the Debtors do not receive Sharp's payment of $2,817,453.66 within ten (10) days after the date of this letter, the Debtors may be compelled to commence an adversary proceeding against Sharp in the**



EXHIBIT

tabbies®

C

July 24, 2009
Page 2

**Bankruptcy Court to recover the property, together with damages, including punitive damages, as well as costs, expenses, and attorneys' fees, for violations of the Bankruptcy Code.  Such a proceeding would require Sharp or its lawyer to respond and appear in the Bankruptcy Court.**

I am available to discuss this matter with you or, if you have retained outside counsel, your counsel.

Best regards,

Bryan A. Stark

cc:    James Marcum (by email)
       Brandi Fose (by email)



Thursday, April 16, 2009

SHARP ELECTRONICS CORP

Re:  Demand for Payment

Dear Sir or Madam:

As you no doubt know by now, on November 10, 2008 Circuit City Stores, Inc. and certain of its subsidiaries (collectively, "Circuit City") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of Virginia, Richmond Division.  As part of liquidation and wind down of Circuit City under its chapter 11 cases, we have completed a review of amounts unpaid by your company to Circuit City, as evidenced by the attached. Based on this information, the total amount due and outstanding from your company to Circuit City is listed below:

Total Due:    <u>$2,817,453.66</u>

By this letter, we hereby make demand for payment of the unpaid balance immediately.  If we do not receive payment within the next two weeks it is our intent to refer the matter to our counsel to pursue payment in the Bankruptcy Court in Richmond, Virginia.

Wire Instructions:

Account Name:☐Circuit City Stores, Inc.
ABA/Routing #: ☐051400549
Account #:☐2055275431509
Bank:☐Wachovia Bank
☐10401 Deerwood Park Blvd, Building 1
☐Jacksonville, FL  32256

Sincerely,

Brandi Fose
Circuit City Accounting Department

Brandi_Fose@ccswinddown.com

cc:    ☐☐Daniel W. Ramsey, Esq.



LTRDMD01

**Merchandise Payable Summary**

| Vendor Number | Status | Name | Category | Amount |
|---|---|---|---|---|
| 0000058000 | PRE | SHARP ELECTRONICS CORP | Invoices / Returns | $6,456.60 |
| 0000058000 | PRE | SHARP ELECTRONICS CORP | Service Credits | $41,370.66 |
| 0000071204 | POST | SHARP ELECTRONICS CORP | Service Credits | $1,076.45 |
| | | | **Payables Total:** | $48,903.71 |

Accounts Receivable Detail

| Vendor No | Vendor Name | Receivable Type | Type | Tran Code | Key Rec No | Ref No | Description | Receivable | Status |
|---|---|---|---|---|---|---|---|---|---|
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0339982 | 98775 | 98775C-VOID-V#58000 | ($2,600,000.00) | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | ADJ | 0339544 | 82056 | 82056D-VOID-V#58000 | ($392,517.90) | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0340299 | 98904 | 98904CV#58000 | $16,726.00 | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0332982 | 95163 | 95163DV#58000 | $37,895.00 | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0332086 | 94333 | 94333DV#58000 | $50,740.54 | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0333264 | 96278 | 96278DV#58000 | $61,664.36 | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0336921 | 92963 | 92963DV#58000 | $66,575.21 | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0333450 | 96018 | 96018DV#58000 | $73,060.00 | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0331294 | 95757 | 95757DV#58000 | $126,436.40 | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0331295 | 95758 | 95758DV#58000 | $173,563.60 | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0334785 | 96345 | 96345DV#58000 | $176,247.06 | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0340295 | 98900 | 98900CV#58000 | $198,186.09 | PRE |
| 0000058000 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0339891 | 98775 | 98775CV#58000 | $2,600,000.00 | PRE |
| 0000071204 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0339983 | 98776 | 98776C-VOID-V#71204 | ($1,114,431.27) | POST |
| 0000071204 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0333625 | 97238 | 97238DV#71204 | $49,660.00 | POST |
| 0000071204 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0334800 | 97493 | 97493DV#71204 | $75,660.00 | POST |
| 0000071204 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0339898 | 98803 | 98803DV#71204 | $398,450.00 | POST |
| 0000071204 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0334074 | 97472 | 97472DV#71204 | $428,356.59 | POST |
| 0000071204 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0339892 | 98776 | 98776CV#71204 | $1,114,431.27 | POST |
| 0000071204 | SHARP ELECTRONICS CORP | Chargebacks VF | AA | AA | 0339434 | 98696 | 98696CV#71204 | $1,199,002.00 | POST |

**Total Receivable:**    $2,739,504.95

**Provider / Manufacturer Warranty Receiable Balance Summary**
Sharp Electronics

|  |  |  |  |
|---|---|---|---|
| post | $19,818.00 | OEM Warranty |
| pre | $9,227.00 | OEM Warranty |
| **Grand Total** | $29,045.00 |  |

**Sharp Electronics Preference Analysis - Payment Detail**
**Exhibit D**

| Vendor Name | Check Clear Date | Check Number | Paid Amount |
|---|---|---|---|
| SHARP ELECTRONICS CORP | 8/12/2008 | 1033353 | $ 44,577.10 |
| SHARP ELECTRONICS CORP | 8/13/2008 | 1033426 | $ 109,915.00 |
| SHARP ELECTRONICS CORP | 8/15/2008 | 1033535 | $ 273,027.52 |
| SHARP ELECTRONICS CORP | 8/19/2008 | 1033154 | $ 212,198.88 |
| SHARP ELECTRONICS CORP | 9/2/2008 | 1034272 | $ 1,338,208.73 |
| SHARP ELECTRONICS CORP | 9/8/2008 | 1034310 | $ 77,612.91 |
| SHARP ELECTRONICS CORP | 9/17/2008 | 1034985 | $ 271,130.96 |
| SHARP ELECTRONICS CORP | 9/17/2008 | 1035056 | $ 2,480,660.00 |
| SHARP ELECTRONICS CORP | 9/24/2008 | 1035453 | $ 29,951.65 |
| SHARP ELECTRONICS CORP | 9/26/2008 | 1035564 | $ 749,719.74 |
| SHARP ELECTRONICS CORP | 10/1/2008 | 1035926 | $ 1,747,679.44 |
| SHARP ELECTRONICS CORP | 10/6/2008 | 1036064 | $ 893,616.16 |
| SHARP ELECTRONICS CORP | 10/7/2008 | 1036102 | $ 37,627.20 |
| SHARP ELECTRONICS CORP | 10/7/2008 | 1036159 | $ 178,750.00 |
| SHARP ELECTRONICS CORP | 10/8/2008 | 1036268 | $ 1,203,940.00 |
| SHARP ELECTRONICS CORP | 10/15/2008 | 1036632 | $ 2,728,418.33 |
| SHARP ELECTRONICS CORP | 10/21/2008 | 1036864 | $ 1,002,952.32 |
| SHARP ELECTRONICS CORP | 10/23/2008 | 1036953 | $ 1,064,148.74 |
| SHARP ELECTRONICS CORP | 10/28/2008 | 1037168 | $ 43,518.23 |
| SHARP ELECTRONICS CORP | 10/28/2008 | 1037468 | $ 15,859,500.00 |
| SHARP ELECTRONICS CORP | 10/31/2008 | 1037242 | $ 374.40 |
| SHARP ELECTRONICS CORP | 11/6/2008 | 1037468 | $ 5,044,000.00 |
| | | **Total Check Amount** | $ 35,391,527.31 |

EXHIBIT
D
tabbies*

**Sharp Electronics Preference Analysis - Payment Detail**
**Exhibit E**

| Vendor Name | Check Clear Date | Check Number | Paid Amount |
|---|---|---|---|
| SHARP ELECTRONICS CORP | 9/2/2008 | 1034272 | $ 1,338,208.73 |
| SHARP ELECTRONICS CORP | 9/8/2008 | 1034310 | $ 77,612.91 |
| SHARP ELECTRONICS CORP | 9/17/2008 | 1034985 | $ 271,130.96 |
| SHARP ELECTRONICS CORP | 9/17/2008 | 1035056 | $ 2,480,660.00 |
| SHARP ELECTRONICS CORP | 9/24/2008 | 1035453 | $ 29,951.65 |
| SHARP ELECTRONICS CORP | 9/26/2008 | 1035564 | $ 749,719.74 |
| SHARP ELECTRONICS CORP | 10/1/2008 | 1035926 | $ 1,747,679.44 |
| SHARP ELECTRONICS CORP | 10/6/2008 | 1036064 | $ 893,616.16 |
| SHARP ELECTRONICS CORP | 10/7/2008 | 1036102 | $ 37,627.20 |
| SHARP ELECTRONICS CORP | 10/7/2008 | 1036159 | $ 178,750.00 |
| SHARP ELECTRONICS CORP | 10/8/2008 | 1036268 | $ 1,203,940.00 |
| SHARP ELECTRONICS CORP | 10/15/2008 | 1036632 | $ 2,728,418.33 |
| SHARP ELECTRONICS CORP | 10/21/2008 | 1036864 | $ 1,002,952.32 |
| SHARP ELECTRONICS CORP | 10/23/2008 | 1036953 | $ 1,064,148.74 |
| SHARP ELECTRONICS CORP | 10/28/2008 | 1037168 | $ 43,518.23 |
| SHARP ELECTRONICS CORP | 10/31/2008 | 1037242 | $ 374.40 |

**Total Check Amount** $ 13,848,308.81

