| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & | MCGUIREWOODS LLP |
| FLOM, LLP | One James Center |
| One Rodney Square | 901 E. Cary Street |
| PO Box 636 | Richmond, Virginia 23219 |
| Wilmington, Delaware 19899-0636 | (804) 775-1000 |
| (302) 651-3000 | |

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                             :    Chapter 11
                                   :
CIRCUIT CITY STORES, INC.,         :    Case No. 08-35653 (KRH)
et al.,                            :
                                   :    Jointly Administered
                    Debtors.       :    **Obj. Deadline: December 3, 2009**
- - - - - - - - - - - - - - x          **at 5:00 p.m. (ET)**

**NOTICE OF PROPOSED SETTLEMENT AND STIPULATION BY AND AMONG
THE DEBTORS AND THE TOWN OF ENFIELD, CONNECTICUT RESOLVING
THE DEBTORS' SIXTH OMNIBUS OBJECTION TO CLAIM 1210**

PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval
(the "Settlement Procedures Order") (Docket No. 4401).[1]  A
copy of the Settlement Procedures Order (without exhibits)
is annexed as Exhibit 1.

---

[1]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to such terms in the Agreement (defined below) or
     the Settlement Procedures Order.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Agreement") with the Town of Enfield, Connecticut, a copy of which is annexed as <u>Exhibit 2</u>.

### SUMMARY OF AGREEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Agreement are as follows:

(i)   The Agreement is between the Debtors and the Town of Enfield, Connecticut (the "Claimant"

---

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]   This section of the notice constitutes a summary of the material terms of the Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Agreement in its entirety.  In the event there is a conflict between the notice and the Agreement, the Agreement shall control in all respects.

and together with the Debtors, the "Parties" and each of which is a "Party"),

(ii)   Claimant filed a claim on December 17, 2008 seeking priority under Bankruptcy Code section 503(b)(9) for ad valorem taxes in the amount of $5,692.16 ("Claim 1210"),

(iii)  The Debtors filed an objection to Claim 1210 in the Debtors' Sixth Omnibus Objection to Certain Misclassified Non-Goods 503(b)(9) Claims (Docket No. 3311) (the "Omnibus Objection"),

(iv)   Claimant filed a response to the Omnibus Objection on June 15, 2009 (Docket No. 3637) (the "Response") stating that Claim 1210 should be reclassified as an administrative expense pursuant to Bankruptcy Code section 503(b)(1)(B),

(v)    The Agreement provides that Claim 1210 shall be deemed reclassified as an unsecured priority claim pursuant to Bankruptcy Code section 507(a)(8),

(vi)   Upon the occurrence of the Effective Date, the Omnibus Objection to Claim 1210 shall be deemed resolved, and

(vii)  Upon the occurrence of the Effective Date, the Omnibus Objection to Claim 1210 shall be deemed resolved.

## TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO CONSIDER THE AGREEMENT

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Settlement Procedures Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be in writing and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (see information below) by no later **December 3, 2009 at 5:00 p.m. (ET)** (the "Objection Deadline"). Each Objection or Request must be served on (i) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE 19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA 23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F. Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Agreement and you do not want the Debtors to proceed with the Agreement or you want the Court to consider your views concerning the Agreement, you or you attorney must also:

file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before December 3, 2009 at 5:00 p.m. (ET).**

**Any Objection to an Agreement must be submitted by the method described in the foregoing sentence. Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Settlement Procedures Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to

object to the Agreement or (ii) in the case of a Request
for additional information, three (3) days after receipt by
the Notice Party of the additional information requested.
Each Notice Party may only make one Request for additional
time per Agreement, unless otherwise agreed to by the
Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Agreement without further order of the Court or any other action by the Debtors**.

Dated: November 23, 2009
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.           Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.          Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

          - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

          IN THE UNITED STATES BANKRUPTCY COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    1Case No. 08-35653 (KRH)
et al.,                       :
                              :
               Debtors.       :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

          Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.



of title 11 of the United States Code (the "Bankruptcy
Code") and Rules 2002, 9006 and 9019 of the Federal
Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),
for entry of an order authorizing the establishment of
procedures to settle certain pre-petition and post-
petition claims and causes of action without further
court approval; and the Court having reviewed the
Motion; and upon the record herein; and after due
deliberation thereon; and good and sufficient cause
appearing therefor, it is hereby:

> **FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,
due, proper and adequate notice of the Motion has been
given in accordance with the Case Management Order and
that no other or further notice is necessary;

2.    The Notice Procedures are fair,
reasonable, and appropriate.

3.    The Settlement Procedures are fair
reasonable, and appropriate.

4.    The Notice and Settlement Procedures were
proposed in good faith.

5.     Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.     Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.     The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.     The Motion is GRANTED.

9.     The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.    The Debtors shall provide key parties in interest with notice of each proposed Settlement.    The Notice Procedures are as follows:

(a)    The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)    The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)    The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the Debtors are compromising more than one Disputed Claim and/or Cause of Action and Receivable Claim, the Tier II Notice Period shall apply to such Settlement.  If no objection or written request is filed and served upon counsel for the Debtors and counsel for the Creditors' Committee or counsel to the Debtors does not receive a written request for additional information and/or additional time prior to the expiration of the applicable Notice Period, the Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors.

(d)   If a Notice Party provides a written request to counsel for the Debtors for additional information or time to evaluate the proposed Settlement, only such Notice Party shall have the later of (i) an additional five (5) days to object to the proposed Settlement or (ii) in the case of a request for additional information, three days after receipt by the Notice Party of the additional information requested.  Each Notice Party may only make one request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

(e)   If a Notice Party objects to the proposed Settlement within the defined Notice Period for that particular Tier of Disputed Claim or Cause of Action and Receivable Claim, (or the additional period in the case of a Notice Party that has timely requested additional time or information to evaluate the proposed Settlement) (the "Objection Deadline") and the Debtors and such objecting Notice Party are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as applicable, in an amount greater than $500,000.

12.  Subject to the Notice Procedures, the Debtors are authorized to compromise and settle Cause of Action and Receivable Claims as follows:

(a)  <u>Tier I</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value (i) equal to or greater than seventy-five percent (75%) of the Debtors' original reasonable estimate of the Cause of Action and Receivable Claim amount and (ii) equal to or less than $1,000,000.

(b)  <u>Tier II</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value equal to (i) more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.   Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.   Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for
all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency
between the Motion and this Order, this Order shall
control.

19.   The requirement under Local Rule 9013-
1(G) of the Local Rules for the United States Bankruptcy
Court for the Eastern District of Virginia to file a
memorandum of law in connection with the Motion is
hereby waived.

20.  This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
 Aug 7 2009_____, 2009

                    /s/ Kevin R. Huennekens
                    UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:            Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

12

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

     Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                             /s/ Douglas M. Foley
                             Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE,           MCGUIREWOODS LLP
MEAGHER & FLOM, LLP             One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware            (804) 775-1000
19899-0636
(302) 651-3000

                - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
          Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - x

    **SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
   DEBTORS AND THE TOWN OF ENFIELD, CONNECTICUT RESOLVING
    THE DEBTORS' SIXTH OMNIBUS OBJECTION TO CLAIM 1210**

            This settlement agreement and stipulation (the

"Agreement") is entered into by and among the above-

captioned debtors and debtors in possession (the

"Debtors"), on the one hand, and the Town of Enfield,

Connecticut (the "Claimant" and together with the

Debtors, the "Parties" and each of which is a "Party"),

on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to Bankruptcy Code sections

1107(a) and 1108; and

WHEREAS, on November 12, 2008, the Office of

the United States Trustee for the Eastern District of

Virginia appointed a statutory committee of unsecured

creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has

been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court

authorized the Debtors, among other things, to conduct

2

going out of business sales at the Debtors' remaining
567 stores pursuant to an agency agreement (the "Agency
Agreement") between the Debtors and a joint venture, as
agent (the "Agent").  On January 17, 2009, the Agent
commenced going out of business sales pursuant to the
Agency Agreement at the Debtors remaining stores.  As of
on or about March 8, 2009, the going out of business
sales concluded; and

WHEREAS, the Debtors are authorized under the
Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R.
Bankr. P. 2002, 9006, and 9019 Authorizing the
Establishment of Procedures to Settle Certain Pre-
Petition and Post-Petition Claims and Causes of Action
Without Further Court Approval dated August 7, 2009 and
entered on August 10, 2009(the "Settlement Procedures
Order") (Docket No. 4401)[1] to enter into this Agreement,
subject to the Notice Procedures; and

---

[1]   All capitalized terms not otherwise defined herein shall have the
      meaning ascribed to such terms in the Settlement Procedures Order.

**SETTLEMENT BACKGROUND**

WHEREAS, Claimant filed a claim on December 17, 2008 seeking priority under Bankruptcy Code section 503(b)(9) for ad valorem taxes in the amount of $5,692.16 ("Claim 1210").

WHEREAS, the Debtors filed an objection to Claim 1210 in the Debtors' Sixth Omnibus Objection to Certain Misclassified Non-Goods 503(b)(9) Claims (Docket No. 3311) (the "Omnibus Objection"); and

WHEREAS, the Claimant filed a response to the Omnibus Objection on June 15, 2009 (Docket No. 3637) (the "Response") stating that Claim 1210 should be reclassified as an administrative expense pursuant to section 503(b)(1)(B); and

WHEREAS, the Parties wish to resolve the Omnibus Objection in its entirety as it relates to Claim 1210 by this Agreement;

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

4

1.   Upon the occurrence of the Effective Date
(defined below), the Response shall be deemed withdrawn
and Claim 1210 shall be deemed reclassified as an
unsecured priority claim pursuant to Bankruptcy Code
section 507(a)(8).

2.   Upon the occurrence of the Effective Date,
the Omnibus Objection to Claim 1210 shall be deemed
resolved.

3.   Notwithstanding paragraph 1, nothing
contained herein shall constitute an allowance of Claim
1210 or be deemed an admission of liability on the part
of the Debtors or Claimant with respect to Claim 1210.
The Debtors' rights to object to Claim 1210 at a later
time on any grounds that bankruptcy or non-bankruptcy
law permits, including the classification of Claim 1210
as an unsecured priority claim pursuant to Bankruptcy
Code section 507(a)(8), are expressly preserved.

4.   Neither this Agreement, nor any statement
made or action taken in connection with the negotiation
of this Agreement, shall be offered or received in
evidence or in any way referred to in any legal action
or administrative proceeding among or between the

5

Parties hereto, other than as may be necessary (a) to

obtain approval of and to enforce this Agreement or (b)

to seek damages or injunctive relief in connection

therewith.

5.    Each of the Parties hereto shall execute

and deliver any and all additional papers, documents and

other assurances, and shall do any and all acts and

things reasonably necessary or appropriate in

conjunction with the performance of their respective

obligations hereunder.

6.    No provision of this Agreement is

intended to confer any rights, benefits, remedies,

obligations or liabilities hereunder upon any person

other than the Parties hereto and their respective

successors.

7.    This Agreement shall be governed by and

construed in accordance with the Bankruptcy Code and the

internal laws of the Commonwealth of Virginia without

regard to any choice of law provisions.

8.    This Agreement may be signed in

counterpart originals and delivered by facsimile or

email, which, when fully executed, shall constitute a
single original.

9.    This Agreement constitutes the entire
agreement and understanding of the Parties regarding the
Agreement and the subject matter thereof.

10.    The United States Bankruptcy Court for
the Eastern District of Virginia shall retain exclusive
jurisdiction (and the Parties consent to such retention
of jurisdiction) with respect to any disputes arising
from or related to, or other actions to interpret,
administer or enforce the terms and provisions of, this
Agreement.

11.    Each person or entity who executes this
Agreement on behalf of another person or entity
represents and warrants that he, she, or it is duly
authorized to execute this Agreement on behalf of such
person or entity, has the requisite authority to bind
such person or entity, and such person or entity has
full knowledge of and has consented to this Agreement.
The representations and warranties set forth in this
paragraph shall survive execution of this Agreement.

7

12.   This Agreement is effective upon the later of (i) execution by both Parties and (ii) the expiration of the applicable Notice Period (such date, the "Effective Date").

13.   This Agreement shall not be modified, altered, amended or vacated without the written consent of all the Parties hereto or order of the Bankruptcy Court.

IN WITNESS WHEREOF, this Agreement is hereby
executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO:

By:                                By:
                                   SKADDEN, ARPS, SLATE,
/s/ Mark J. Cerrato                MEAGHER & FLOM, LLP
Mark J. Cerrato, Esq.              Gregg M. Galardi, Esq.
Assistant Attorney for the         Ian S. Fredericks, Esq.
Town of Enfield, Connecticut       P.O. Box 636
820 Enfield Street                 Wilmington, Delaware
Enfield, CT 06082                  19899-0636
(860) 253-6405                     (302) 651-3000


Counsel for the Town of            - and -
Enfield, Connecticut
                                   SKADDEN, ARPS, SLATE,
                                   MEAGHER & FLOM, LLP
                                   Chris L. Dickerson, Esq.
                                   155 North Wacker Drive
                                   Chicago, Illinois 60606
                                   (312) 407-0700

                                   - and -

                                   MCGUIREWOODS LLP

                                   /s/ Douglas M. Foley
                                   Dion W. Hayes
                                   (VSB No. 34304)
                                   Douglas M. Foley
                                   (VSB No. 34364)
                                   One James Center
                                   901 E. Cary Street
                                   Richmond, Virginia 23219
                                   (804) 775-1000

                                   Counsel for Debtors and
                                   Debtors in Possession

Dated: November 23, 2009

9