Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
CHRISTIAN & BARTON LLP
 909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:  (804) 697-4100
Facsimile:  (804) 697-4112

- and -

Thomas J. Leanse (Cal. Bar No. 084638)
Dustin P. Branch (Cal. Bar No. 174909)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4400
Facsimile: (310) 788-4471

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | Case No. 0835653-KRH |
| Debtors. | (Jointly Administered) |

**OBJECTION OF THE MACERICH COMPANY, RREEF MANAGEMENT COMPANY, COUSINS PROPERTIES INCORPORATED, WATT MANAGEMENT COMPANY, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, PORTLAND INVESTMENT COMPANY, FOURSQUARE PROPERTIES INC., AND KNP TO THE PLAN OF LIQUIDATION FOR CIRCUIT CITY STORES, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION AND ITS OFFICIAL COMMITTEE OF <u>CREDITORS HOLDING GENERAL UNSECURED CLAIMS</u>**

The Macerich Company, RREEF Management Company, Cousins Properties Incorporated, Watt Management Company, The Prudential Insurance Company Of America, Portland Investment Company, Foursquare Properties Inc., And KNP (the "Landlords") hereby file their objection (the "<u>Objection</u>") to the Plan Of Liquidation For Circuit City Stores, Inc. And

- 1 -

Its Affiliated Debtors And Debtors In Possession And Its Official Committee Of Creditors Holding General Unsecured Claims (the "Plan"),[1] and respectfully represent as follows:

I.     **BACKGROUND FACTS**

1.     Circuit City Stores, Inc. and its affiliated Debtor entities (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on November 10, 2008.  The Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[2]

2.     Landlords are the owners or managing agents of numerous shopping centers (the "Centers") throughout the United States wherein Debtors continue to operate their retail stores (the "Premises") pursuant to nonresidential real property leases (the "Leases").  The specific Landlord and location for each Lease subject to this Objection is set forth in Exhibit "A", which is incorporated herein by this reference.

3.     The Leases are leases "of real property in a shopping center" as that term is used in Section 365(b)(3).  See In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-1087 (3rd Cir. 1990).

4.     On or about August 24, 2009, the Debtor filed its Disclosure Statement and Plan.

II.    **ARGUMENT**

A.     **The injunction provisions of the Plan are overbroad and vague and ambiguous.**

5.     The injunction provisions referenced in Section X(D) of the Plan are overbroad and should be revised.  Through the injunction provisions, the Debtor improperly seeks to deprive Landlords of their rights to setoff and recoupment.  To the extent any claim objections or preference actions are prosecuted against the Landlords following Plan confirmation, the Landlords should not be deprived of their rights to assert setoffs or exercise recoupment, or limited in there ability to enforce these rights.  The Debtors fail to provide any authority for

---

[1] Terms not otherwise defined herein shall have the meanings ascribed to them in the Plan, Disclosure Statement and accompanying documents.

[2] Unless otherwise specified, all statutory "Section" references are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

depriving the Landlords of such rights, and Landlords submits that Debtor should not be permitted to deprive Landlords of these rights. *See* Carolco Television Inc. v. Nat'l Broadcasting Co. (In re De Laurentiis Entertainment Group Inc.), 963 F.2d 1269 (9th Cir. 1992), *cert denied* 506 U.S. 918 (1992) (setoff rights survive plan confirmation); *see also* In re Luongo, 259 F.3d 323, 333 (5th Cir. 2001); *see also*, Folger Adam Security, Inc. v. DeMatteis/MacGregor, JV, 209 F.3d 252, 257 - 261 (3rd Cir. 2000) (recoupment defense survives free and clear sale of debtor's assets).

6. Debtors also need to adequately address the fact that Landlords' unbilled but accrued claims for year-end reconciliation payments must survive plan confirmation. By way of example, the Debtors occupied space at shopping centers pursuant to triple-net leases, where they typically pay rent and related lease charges in advance for each month. The Debtors may pay fixed minimum rent, along with a pro-rata share of expenses such as real property taxes, insurance, common area maintenance ("CAM") fees, and the like. Certain charges, such as CAM and property taxes, are estimated prospectively, billed to and paid by the tenant during the year, and then reconciled after year-end. The reconciliation compares the amounts estimated and paid against actual charges incurred by the property. To the extent the estimated payments exceed actual charges, the result is a credit to the tenant. To the extent the estimated payments do not cover actual charges incurred by the center, the result is an additional amount (or debit) for which the tenant is liable. Year-end reconciliations and adjustments for the Debtors for 2009 will likely not be completed prior to confirmation of the Plan for many locations. In other instances, certain charges (such as property taxes) may be paid in arrears or only billed annually.

7. The Plan does not protect the Landlords' right to such payment because it seeks to release the Debtors from any claim or cause of action existing as of the Effective Date and enjoin parties from seeking to collect such claims. *See* Plan at Section X(D). Any attempt to limit the liability of the Debtors for any such charges is contrary to the principles underlying Section 365, and cannot be allowed. The Plan should specifically recognize the ongoing obligation to pay such year-end reconciliations and adjustments.

**B.    Landlords join in the objections of other creditors and reservation of rights.**

8.    To the extent not inconsistent with the objections raised herein, Landlords join in any opposition to Plan raised by other creditors.

### III.    CONCLUSION

Landlords request that the Court require that Debtors to amend the Plan as set forth herein, amend the Plan so that it is confirmable, and provide for such other and further relief as the Court deems just and proper.

Dated: November 23, 2009                 CHRISTIAN & BARTON, LLP


/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, VA 23219
Tel: 804-697-4100
Fax: 804-697-4112

- and –

**KATTEN MUCHIN ROSENMAN LLP**

Thomas J. Leanse (TL-8802)
Dustin P. Branch (DB-3553)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, California  90067
Phone: (310) 788-4400
Facsimile: (310) 788-4471
thomas.leanse@kattenlaw.com
brian.huben@kattenlaw.com
dustin.branch@kattenlaw.com

Attorneys for The Macerich Company, RREEF Management Company, Cousins Properties Incorporated, Watt Management Company, The Prudential Insurance Company Of America, Portland Investment Company, Foursquare Properties Inc., And KNP

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of November, 2009, I caused a copy of the foregoing to be served by electronic means through the ECF system.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

## EXHIBIT A

## REAL PROPERTY LEASES

| | |
|---|---|
| THE MACERICH COMPANY | |
| Chandler Gateway | Chandler, AZ |
| Green Tree | Clarksville, IN |
| Lakewood Center | Lakewood, CA |
| San Tan Village | Gilbert, AZ |
| Scottsdale | Scottsdale, AZ |
| Scottsdale 101 | Scottsdale, AZ |
| Tysons Corner | McLean, VA |
| Village Square I | Phoenix, AZ |
| Vintage Faire | Modesto, CA |
| COUSINS PROPERTIES | |
| Avenue at Forsyth | Cumming, GA |
| Los Alto Market Center | Long Beach, CA |
| North Point Market Center | Alpharetta, GA |
| WATT PROPERTIES | |
| Compton Town Center | Compton, CA |
| Norwalk Plaza | Norwalk, CA |
| Riverside Town Center | Riverside, CA |
| RREEF MANAGEMENT COMPANY | |
| Crossroads Center | Falls Church, VA |
| Firecreek Crossing | Reno, NV |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA | |
| Desert Crossing | Desert Springs, CA |
| Pembrooke Crossing | Pembrooke, FL |

| PORTLAND INVESTMENT COMPANY OF AMERICA ||
|---|---|
| Sawmill Plaza | Columbus, OH |
| KNP ||
| Pasadena | Pasadena, CA |
| Foursquare Properties Inc. ||
| Jordan Landing Plaza | West Jordon, UT |

1003122