IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:   CIRCUIT CITY STORES, INC.,   Case No. 08-35653
*et al.*,   Chapter 11
Debtors.   Jointly Administered

## MEMORANDUM OPINION

This is a Chapter 11 case filed by a national retailer. The Debtors have objected to a number of administrative expense claims filed by certain claimants (the "Claimants") and moved for authority to setoff against such claims. Hearing was conducted on November 12, 2009 (the "Hearing") to consider the Debtors' request for ruling on the threshold legal issue of whether Debtors may setoff certain amounts, including receivables, chargebacks, returns, and other amounts (collectively, the "Receivables") against the Claimant's 503(b)[1] administrative expenses, including 503(b)(9) claims (collectively, the "Administrative Expenses"). The Court concludes, as a matter of law, that Debtors have a right to setoff Receivables against 503(b) Administrative Expenses.

### Jurisdiction

The Court has subject-matter jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C), and (O). Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Unless otherwise specified, all code sections referred to in this opinion are sections from Title 11 of the United States Code.

**Factual and Procedural Background**

The Debtors, Circuit City Stores, Inc., *et al.*,[2] filed these bankruptcy cases under Chapter 11 of the Bankruptcy Code on November 10, 2008 (the "Petition Date"). Circuit City was a specialty retailer of consumer electronics. As of the Petition Date, Circuit City employed approximately 39,600 employees and was operating approximately 712 retail stores and 9 outlet stores throughout the United States and Puerto Rico. On January 16, 2009, the Court authorized the Debtors to conduct going out of business sales at the Debtors' remaining 567 stores. The going out of business sales were completed as of March 8, 2009. On September 29, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation. The disclosure statement for the plan was approved by the Court on September 24, 2009. Confirmation of the plan is currently scheduled for December 21, 2009.

On October 13, 2009, the Debtors filed three omnibus objections[3] objecting to certain administrative expense claims under 503(b), including 503(b)(9) claims, and moving for authority to setoff against such expenses and claims, as well as waiver of the requirement that the first hearing on any response proceed as a status conference.[4] Responses to the omnibus

---

[2] The Debtors are Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp., Prahs, Inc.(n/a), XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC. The Court entered an order on November 10, 2008, granting the Debtors' motion for joint administration of these bankruptcy cases.

[3] The Objections were filed as omnibus objections pursuant to Rule 3007(d)(8) of the Federal Rules of Bankruptcy Procedure.

[4] *See* Debtors' Forty-Eighth Omnibus Objection to Certain Administrative Expenses and Motion for (I) Authority to Setoff Against such Expenses and (II) a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference, filed on October 13, 2009 [Docket No. 5211]; Debtors' Forty-Ninth Omnibus Objection to Certain Administrative Expenses and Motion for (I) Authority to Setoff Against such Expenses and (II) a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference, filed on October 13, 2009 [Docket No. 5212]; Debtors' Fiftieth Omnibus Objection to Certain Administrative Expenses and Motion for (I) Authority to Setoff Against such Expenses and (II) a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference, filed on October 13, 2009 [Docket No. 5213].

objections were filed by a number of the Claimants,[5] and on November 11, 2009, the Debtors filed two reply briefs in support of their objections.[6]

At the Hearing, the Debtors requested a ruling on one legal issue: whether Debtors may setoff Receivables against the Claimants' Administrative Expenses. Several Claimants took issue with proceeding in this manner. They objected to bifurcation of the hearing between legal and factual issues on essentially three grounds: (1) bifurcation deprived them of their constitutional due process rights, (2) the Debtors were requesting an advisory opinion, and (3) the Debtors should be required to file an adversary proceeding in order to raise the setoff issue.

Due process requires that parties be given notice and an opportunity to be heard before an ultimate judicial determination is made. As the Fourth Circuit Court has recognized, due process is not a "technical conception of inflexible procedures. . . it is rather a delicate process of

---

[5] Actiontec Electronic, Inc.'s Letter opposing the relief requested in the objection for the total of our claim, filed on October 27, 2009 [Docket No. 5382]; Averatec/Trigem USA's Response, filed on November 3, 2009 [Docket No. 5415]; Response of Lenovo, USA, on behalf of Fain Capital Holdings, LLC to the Debtors' Forty-Eighth Omnibus Objection, filed on November 3, 2009 [Docket No. 5423]; TiVo, Inc.'s Objection, filed November 3, 2009 [Docket No. 5426]; Response of Digital Innovations, LLC on Behalf of VonWin Capital Management, LP to Debtors' Fiftieth omnibus Objection, filed on November 4, 2009 [Docket No. 5474]; Response of Audiovox Corporation to Debtors' Fiftieth Omnibus Objection, filed on November 4, 2009 [Docket No. 5476]; Alliance Entertainment LLC, Now Known as Source Interlink Distribution, LLC and Source Interlink Media, LLC to Debtors' Forty-Eighth, Forty-Ninth and Fiftieth Omnibus Objections to Claims, filed on November 4, 2009 [Docket No. 5481]; Response of Sima Products Corp. to Debtors' Fiftieth Omnibus Objection, filed on November 4, 2009 [Docket No. 5485]; Response of Stillwater Designs and Audio, Inc. to Debtors' Forty-Ninth Omnibus Objections, filed on November 4, 2009 [Docket No. 5493]; Nyko Technologies, Inc.'s Response to Debtors' Fiftieth Omnibus Objection, filed on November 4, 2009 [Docket No. 5494]; SouthPeak Interactive, LLC's Response to Debtors' Fiftieth Omnibus Objection, filed on November 4, 2009 [Docket No. 5501]; VonWin Capital Management, LP's Response, filed on November 4, 2009 [Docket No. 5509]; Response of Korea Export Insurance Company, ON Corp. USA, Inc., and ON Corp. Regarding Debtors' Forty-Ninth Omnibus Objection, filed on November 4, 2009 [Docket No. 5512]; Thomas, Inc's Response to Debtors' Forty-Eighth Objection, filed on November 5, 2009 [Docket No. 5518]; Hauppauge's Response to the objection claim #781, filed on November 4, 2009 [Docket 5530]; Imagination's Letter Opposing the relief requested, filed on November 4, 2009 [Docket No. 5533]; Cohesion Products, Inc.'s Response to Debtors' Forty-Eighth Omnibus Objection, filed on November 4, 2009 [Docket No. 5534]; Salamander Designs' Response to Debtors' Forty Eighth Objection, filed on November 4, 2009 [Docket No. 5558]; Response of Hewlett-Packard Company to Debtors' Forty-Ninth Omnibus Objection, filed on November 6, 2009 [Docket No. 5563]; Cyber Power System's Objection to Debtors' Fiftieth Omnibus Objection, filed on November 17, 2009 [Docket No. 5809].

[6] Omnibus Reply by the Debtors in Support of Forty-Eighth and Fiftieth Omnibus Objections, filed on November 10, 2009 [Docket No. 5619]; Omnibus Reply by the Debtors in Support of Forty-Ninth Omnibus Objection, filed on November 10, 2009 [Docket No. 5620].

3

adjustment and of balancing of interests in which it is recognized that what is unfair in one situation may be fair in another." *A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 1014 (4th Cir. 1986) (internal citations omitted). In this case, parties were given ample notice that the threshold legal issue regarding setoff would be the topic of the first hearing on the three omnibus objections. Based on the quantity and the quality of the briefs submitted to this Court (including amicus briefs) and the thorough oral arguments made at the Hearing, the parties have certainly exercised their opportunity to be heard. Further, the Debtors are not requesting an ultimate judicial determination concerning the allowance of these claims until the facts have been adjudicated. Instead, they are requesting a ruling on a threshold legal issue common to all of the Claimants. The Claimants will still have an opportunity to have a factual determination made, and, therefore, their due process rights are not being infringed.

The Court is not rendering an advisory opinion. Very real disputes exist between the parties concerning the threshold legal issue. The Court is not asked to issue an advisory opinion when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The Court is merely making a partial ruling in an interlocutory fashion on a very real controversy, and reserving the determination of factual issues until a later date.

Finally, the Debtors do not need to file an adversary proceeding in order to have this threshold legal issue resolved. The Debtors are asserting a defense within the claim resolution process. They do not seek affirmative relief. Therefore, Bankruptcy Rule 7001 is not implicated and an adversary proceeding is not necessary at this time.

Pursuant to Bankruptcy Rule 3007 a claims objection need not be made in an adversary proceeding.[7] When a response is filed to an objection, the claim objection becomes a contested matter governed by Bankruptcy Rule 9014. *See In re Fleming,* 2008 WL 4736269, at *1 (Bankr. E.D. Va. Oct. 15, 2008) ("The hearing on the claim objection is treated as a contested matter, and Fed. R. Bankr. P. 9014 applies."). As such, certain rules, under part VII of the Bankruptcy Rules are applicable, including Bankruptcy Rule 7056, which incorporates Rule 56 of the Federal Rules of Civil Procedure (the "Civil Rules"). *See id.*; *see also* Fed. R. Bankr. P. 7056.[8]

Bifurcating the hearings between a common threshold legal issue that pertains to all the claims objections and reserving for later determination the factual issues unique to each of the claims objections creates efficiencies in resolving the claims objections as well as greater opportunity for all interested parties to participate and be heard. When Claimants were questioned during the Hearing as to how they would propose to go forward if the Hearing was not bifurcated, they suggested that the alternative would be to go forward individually on a claim by claim basis. This suggested alternative would take significantly more time and would be potentially detrimental to parties given later hearing dates. Given the efficiencies created by this method and the greater opportunity of all claimants to participate and be heard on the common legal issue, it is not surprising that many other bankruptcy courts have proceeded in a similar fashion—first addressing common threshold legal issues before resolving separate factual disputes. *See, e.g., In re Leeds Bldg. Prods., Inc.*, 141 B.R. 265, 266 (Bankr. N.D. Ga. 1992); *In*

---

[7] Rule 3007(b) of the Federal Rules of Bankruptcy Procedure states that "[a] party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding." Here the Debtors are not seeking relief of the kind specified in Rule 7001. Rather they are asserting an affirmative defense to the claims.

[8] Under Civil Rule 56, a party may request partial summary judgment. *See* Fed. R. Civ. P. 56(a), (b) (providing that any party "may move, with or without supporting affidavits, for summary judgment on all or part claim."). Here, the Debtors have, in essence, requested partial summary judgment on a particular legal issue for which no genuine issue of material facts is in dispute. Thus, the Debtors' request to bifurcate the hearings is proper under the applicable Rules of Bankruptcy Procedure.

*re Plastech Engineered Prods., Inc.,* 394 B.R. 147, 149 (Bankr. E.D. Mich. 2008); *In re Hackney,* 351 B.R. 179, 181 (Bankr. N.D. Ala. 2006); *In re Dawson*, 346 B.R. 503, 507 (Bankr. N.D. Cal. 2006); *In re Hicks*, 300 B.R. 372, 375 (Bankr. D. Idaho 2003). Accordingly, the Court agreed to hear arguments relating to the one legal issue regarding the Debtors' right to setoff, and it adjourned any factual determinations for later hearing.

## Analysis

Section 558 of the Bankruptcy code provides that,

> The estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses. A waiver of any such defense by the debtor after the commencement of the case does not bind the estate.

11 U.S.C. § 558. The Debtors' right to effectuate setoffs, as it exists under state law, is one of the personal defenses preserved by this section of the Bankruptcy Code. *See, e.g., In re TSLC I, Inc.*, 332 B.R. 476, 478 (Bankr. M.D. Fla. 2005) ("Courts have found that section 558 preserves to the debtor any prepetition defenses a debtor may have, including any right to setoff."); *In re Westchester Structures, Inc.*, 181 B.R. 730, 739-40 (Bankr. S.D.N.Y. 1995) ("Section 558 of the Bankruptcy Code also preserves for the benefit of the estate any right to setoff the debtor may have.").

Black's Law Dictionary defines a setoff as a "debtor's right to reduce the amount of a debt by any sum the creditor owes the debtor." BLACK'S LAW DICTIONARY 1404 (West 8th Ed. 2004). Under Virginia law,[9] a setoff is recognized as

---

[9] Setoff is a state law defense. The Court cites Virginia law for illustrative purposes only. Given the large number of claimants involved in this Chapter 11 case, it is anticipated that the laws of several states will be implicated. Setting aside the issue of which state law applies for a subsequent hearing, the setoff standard is nearly identical under the various state laws that could apply. *See, e.g., Heimbrock v. Heimbrock,* No. CV085004975S, 2009 WL 1662469, at *3 (Conn. Super. Ct. 2009) (stating that the law of set-off requires that there be mutual debts between the parties); *Clark v. Cannon Steel Erection Co.,* 835 N.E. 2d 394, 402 (Ill. App. Ct. 2005) (same); *Schwalm v. Zachrais Constr.*, No. 00-06-090, 2002 WL 596808, at *8 (Feb. 7, 2002) (same); *Granberry v. Islay Invs.*, 889 P.2d 970, 972-73 (Cal. 1995) (same); *In re Midland Ins. Co.,* 79 N.Y. 2d 253, 259 (N.Y. 1992) (same); *Billman v. State of*

6

> A counter demand of a liquidated sum growing out of a transaction extrinsic to the plaintiff's demand, for which an action on contract might be maintained by the defendant against the plaintiff and which is now exhibited by the defendant against the plaintiff for the purpose of counterbalancing in whole or in part the plaintiff's demand, and, where it exceeds the plaintiff's demand, of recovering a judgment in his own favor for the excess.

*In re Ward*, 210 B.R. 531, 536 (Bankr. E.D. Va. 1997) (*quoting National Bk. And Trust Co. at Charlottesville v. Castle*, 196 Va. 686, 695, 85 S.E.2d 228, 233 (1995)).  Further, in Virginia, "a setoff must be a debt, or at least in the nature of a debt, and that against which it is to be set off must likewise be a debt.  It must be a debt against a debt."  *Odessky v. Monterey Wine Co.*, 188 Va. 184, 190, 49 S.E.2d 330, 332 (1948).  In order for a debt due to be used as a setoff, the party seeking the setoff must show that the debts are mutual, which means the debts are due and owing between the same parties.  *See, e.g., Stovers v. Dutton*, 161 Va. 658, 662 (1933) ("It is a general rule that debts which are not mutual cannot be set off at law, nor in equity.").

In this case, each Administrative Expense is an alleged debt owed by Circuit City to each Claimant, and each of the Receivables is an alleged debt owed by each Claimant to Circuit City.  Therefore, mutuality of parties exists, and, under the various state laws that could apply, Circuit City can establish a valid setoff right to the extent it has a valid Receivable.  Further, "because § 558 preserves to the Debtor the defenses it would have had prepetition, the court must examine the transaction as though the bankruptcy had not been filed.  Doing so eliminates the prepetition/postpetition distinction and, in essence, obliterates the requirement that the mutual debts must both be prepetition obligations in a § 558 context."  *In re Papercraft*, 127 B.R. 346, 350 (Bankr. W.D. Pa. 1991).  "[A]lmost all of the reported decisions addressing the issue have

---

*Md. Deposit Ins. Fund Corp.,* 593 A.2d 684, 691 (Md. 1991) (same); *Cooper v. Hubbard,* 703 S.W. 2d 494, 496 (Ky. App. 1986) (same); *Fed. Deposit Ins. Corp. v. Pioneer State Bank*, 382 A.2d 958, 962 (N.J. 1977) (same); Sarkeys v. Marlow, 235 P.2d 676, 677 (Okla. 1951) (same); *In re Kenin's Estate*, 29 A.2d 495, 496 (Pa. 1943) (same); *Everglade Cypress Co. v. Tunnicliffe,* 107 Fla. 675, 678 (1933) (same); *Brown v. Perry*, 156 A. 910, 914 (Vt. 1931) (same); *Woods v. Metro. Nat'l Bank,* 234 P. 672, 672 (Wash. 1925) (same).

7

held (1) that, generally, claims asserted by a debtor under the Bankruptcy Code are not subject to the limitations applicable to a creditor's right to a bankruptcy setoff or recoupment, and (2) that, specifically, a debtor's counterclaim against a creditor does not require mutuality in the sense of both claims arising prepetition." *In re ABC-NACO, Inc.*, 294 B.R. 832, 838 (Bankr. N.D. Ill. 2003); *see also In re Women First Healthcare, Inc.*, 345 B.R. 131, 135 (Bankr. D. Del. 2006) ("Although both section 553 and section 558 preserve the right of setoff, there is a significant difference between the two. Section 553 restricts setoff rights by permitting a creditor to set off only debts that both arose pre-petition. There is no such restrictive language in section 558 and, consequently, Courts have concluded that a debtor may set off pre-petition claims against post-petition obligations it owes."); *In re PSA, Inc.*, 277 B.R. 51, 53 (Bankr. D. Del. 2002) ("Courts have held that § 558 preserves any right of setoff the debtors may have under state law, including the right to setoff debtor's prepetition claims against administrative claims.").

A number of claimants argue that even if the Debtors may setoff pre-petition receivables against either post or prepetition administrative expenses, the Debtors should be forced to first setoff the prepetition receivables against any general unsecured claim the Claimants might have before exercising the Debtors' defense of setoff against any Administrative Expenses. There is no language in the Bankruptcy Code that dictates that debtors must exercise their § 558 defenses in any particular order and offset first against general unsecured claims before offsetting against any priority claims. Setoff is an equitable remedy that the Court may choose to limit or bar based upon the equities of the case. *See In re Westchester Structures, Inc.,* 181 B.R. 730, 739-40 (Bankr. S.D.N.Y. 1995). The Court has the power to determine how setoffs should be allocated. *See IRS v. Martinez,* 2007 WL 295406, at *1 (M.D. Pa. Jan. 29, 2007).

Debtors should be authorized to setoff their Receivables against the Claimants' Administrative Expenses in order to maximize the goals and objectives of the Bankruptcy Code. *See, e.g., Official Comm. of Unsecured Creditors v. Mfrs. & Traders Trust Co. (In re The Bennett Funding Group, Inc.)*, 212 B.R. 206, 212 (2d Cir. B.A.P. 1997), *aff'd* 146 F.3d 136 (2d Cir. 1998) ("Once the technical requirements of setoff are satisfied, 'the bankruptcy judge must scrutinize the right of setoff in light of the Bankruptcy Code's goals and objectives. These goals include. . . equitable treatment of all creditors.'"). "In analyzing the doctrine of setoff, courts have scrutinized its application in light of the goals and objectives of bankruptcy. Few will dispute that . . . equitable treatment of creditors is a goal Congress intended to achieve through an orderly bankruptcy process." *In the Matter of Martin,* 130 B.R. 930, 939 (Bankr. N.D. Ill. 1991) (internal citations omitted). The Court, in evaluating setoff, should favor an application that is most likely to result in equal distributions to the Debtors' creditors as a whole. *See In re Colonial Realty Co.*, 229 B.R. 567, 575 (Bankr. D. Conn. 1999) (holding that the right to setoff is not absolute and must be balanced against the debtor's duty to maximize assets of the bankruptcy estate and equitable treatment of other creditors).[10]

Claimants also argue that § 553 should bar the use of § 558, as the Debtors' use of § 558 deprives creditors of the option of offsetting debts under § 553.[11] Section 553 does not create

---

[10] The Debtors' proposed setoff is consistent with the general mandate of the Fourth Circuit Court of Appeals to construe administrative expenses narrowly in order to preserve the Debtors' resources for equal distributions. *See, e.g., Ford Motor Credit Co. v. Dobbins,* 35 F.3d 860, 865 (4th Cir. 1994) (holding that "statutory priorities must be narrowly construed.") ("The presumption in bankruptcy cases is that the debtor's limited resources [should] be equally distributed among the creditors."); *In re Merry-Go-Round Enterpr. v. Simon DeBartolo Group,* 180 F.3d 149, 157 (4th Cir. 1999) ("Since there is a general presumption in bankruptcy cases that all of a debtor's limited resources will be equally distributed among creditors, § 503 must be narrowly construed."). Here, the proposed setoff best preserves the Debtors' limited resources because it enables the Debtors to realize value on the Receivables against the highest priority claims asserted against their estates and retain other assets for other *pari passu* and junior creditors.

[11] Citing *In re TSLC I, Inc*, 332 B.R. 443 (Bankr. M.D. Fla. 2005) (relying on the equity powers of the court) and *In re Braniff Airways, Inc,* 42 B.R. 443 (Bankr. N.D. Tex 1984) (relying on the creditor's secured setoff claim), these Claimants have argued that the Debtors' setoff rights should be limited to require an offset of prepetition obligations

9

any scheme of priority in favor of creditors. Rather, § 553 merely preserves whatever setoff rights exist under state law. *In re Bennett Funding Group, Inc.*, 146 F.3d 136, 138-39 (2d Cir. 1998) ("Section 553(a) . . . does not create a right of setoff, but rather preserves whatever right exists under applicable non-bankruptcy law."). No federal right of setoff is created by the Bankruptcy Code. *See In re Camellia Food Stores, Inc.*, 287 B.R. 52, 59 (Bankr. E.D. Va. 2002) ("[section 553] merely preserves the right of setoff as it is allowed under nonbankruptcy law with certain limitations."). Nothing in the code suggests that a Claimant's right to setoff under § 553 should trump a debtor's right to setoff under § 558. *See In re Calore Exp. Co., Inc.,* 288 F.3d 22, 43 (1st Cir. 2002) ("As a general matter, 11 U.S.C. § 553 does not create a scheme of priority for the setoff rights it preserves, any more than it creates those rights themselves."). Permitting the Debtor to offset prepetition Receivables against the Claimants' post petition Administrative Expenses does not in any way destroy a Claimant's security interest by virtue of § 553 and § 506. Satisfying creditor claims by extinguishing debt that a creditor otherwise owes to the Debtor does not erode the value of the claims alleged by the creditor. The Claimant gets the benefit of the extinguishment of the debt it owes to the Debtors dollar for dollar. Therefore, the Claimants are not harmed by the Debtors' exercise of the Debtors' § 558 setoff rights. Rather, the Claimants are complaining that they are not receiving the windfall that they were perhaps hoping to receive to the detriment of creditors as a whole.

## Conclusion

State law recognizes the right to setoff when debts are due and owing between the same parties, as is the case here with the Receivables allegedly due to the Debtors by the Claimants

---

against prepetition claims and postpetition obligations against administrative expense claims. They argue that this result is dictated by the fact that the Claimants' setoff claims are a property interest under § 553 and § 506. *Braniff* notwithstanding, this argument has no support under the plain meaning of the applicable provisions of the Bankruptcy Code.

10

and the Administrative Expense claims allegedly due to the Claimants by the Debtors. Further, there is no requirement under § 558 that debtors may only setoff prepetition debts against prepetition claims and postpetition debts against postpetition claims. Nothing in the Bankruptcy Code or case law of this jurisdiction suggests that the Debtors are limited in how they may assert their setoff rights under § 558. The application of the setoff right is left to the discretion of the Court. The Court holds that it is entirely appropriate for the Debtors to apply their setoff rights in a manner that will maximize the distribution to all creditors of the estate. Therefore, the Court concludes that the Debtors may setoff the Receivables due against the Claimants' Administrative Expenses.

For the above reasons, the Court holds that, as a matter of law, § 558 of the Bankruptcy Code allows the Debtors to setoff any Receivables due against the Claimants' 503(b) claims for Administrative Expenses

A separate order shall be issued.

ENTERED: _____

       /s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE