UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

IN RE:                    .      Case No. 08-35653(KRH)
                          .
                          .
                          .
CIRCUIT CITY STORES,      .      701 East Broad Street
INC.,                     .      Richmond, VA 23219
                          .
                          .
          Debtor.         .      November 23, 2009
. . . . . . . . . . . ..          10:03 a.m.


TRANSCRIPT OF HEARING
BEFORE HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtor:          McGuire Woods, LLP
                         By:  DOUGLAS FOLEY, ESQ.
                         9000 World Trade Center
                         101 W. Main Street
                         Norfolk, VA 23510

                         McGuire Woods, LLP
                         By:  SARAH BECKETT BOEHM, ESQ.
                         One James Center
                         901 East Cary Street
                         Richmond, VA 23219

                         Skadden Arps Slate Meagher & Flom, LLP
                         By:  IAN S. FREDERICKS, ESQ.
                         One Rodney Square
                         Wilmington, DE 19899

Audio Operator:          Gail Fathergill


Proceedings recorded by electronic sound recording, transcript
produced by transcription service
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@optonline.net**

**(609) 586-2311    Fax No. (609) 587-3599**

1          THE CLERK:  All rise.  The United States Bankruptcy

2 Court for the Eastern District of Virginia is now in session.

3 The Honorable Kevin R. Huennekens presiding.  Please be seated

4 and come to order.

5          UNIDENTIFIED SPEAKER:  In the matter of Circuit City

6 Stores, Inc., hearings on Items 1 through 34 as set out on

7 debtor's agenda.

8          MR. FOLEY:  Good morning, Your Honor, Doug Foley with

9 McGuire Woods on behalf of the debtors.  With me at counsel

10 table is Ian Fredericks from the law firm of Skadden Arps, as

11 well as Sarah Boehm from McGuire Woods.  Also today in the

12 courtroom is Michelle Mosier who's the principal financial

13 officer of Circuit City.

14          THE COURT:  All right.  Thank you.

15          MR. FOLEY:  Your Honor, the agenda -- most of the

16 matters, because today was supposed to be our confirmation

17 hearing date and that has now been moved to December 21st, will

18 be adjourned.  We'll go through the items, but there are a few

19 matters that we'll be going forward on, Your Honor.  With

20 respect to Item Number 1, this is the motion by Infogain for

21 allowance and payment of a post-petition 503 ordinary course

22 administrative claim.  We're pleased to report to the Court

23 that we were able to completely resolve that matter with the

24 stipulation that has been filed and has not been objected to.

25 It has been -- also been reviewed by the Creditors' Committee

1  and they have no objection.

2          In essence, Your Honor, the administrative claim

3  filed by Infogain of $683,013.02 is being reduced and allowed

4  at $402,725.40.  And their general unsecured claim filed in the

5  amount of $1,574,579.58 is being reduced and allowed at

6  $888,476.12.  The debtor's estates are also waiving avoidance

7  actions under Chapter 5 of the Bankruptcy Code and payment of

8  these claims will be treated in accordance with the terms of

9  the plan.

10         THE COURT:  All right.  Very good.

11         MR. FOLEY:  Your Honor, Item Number 2 is our claims

12 trading sell down procedures motion which we have been

13 adjourning for a long time, as Your Honor is aware.  We've been

14 tracking this with confirmation.  There still may be some

15 relevance to this particular motion, so we have asked the Court

16 to adjourn that to the 12/21 hearing date at 10:00.

17         THE COURT:  All right.  We will do that.

18         MR. FOLEY:  Your Honor, Items Number 3 and 4, this is

19 Motorola and General Instruments, and Motorola requests for

20 payment of 503(b)(9) claims.  Both of those creditors have,

21 again, requested that their motions be tracked to file the

22 confirmation hearing date which is now at 12/21.  So we'd ask

23 the Court to move that to that date.

24         THE COURT:  All right.  They'll be adjourned to

25 12/21.  Are we going to hear those on the 21st?

**J&J COURT TRANSCRIBERS, INC.**

1          MR. FOLEY:  Your Honor, I think it will eventually

2    become moot once we get to confirmation, once we -- I think

3    they filed these as -- in an abundance of caution so that they

4    weren't viewed to have waived the right to seek immediate

5    payment.  So far they've been patient and they haven't wanted

6    to push the argument.  If we had to litigate the issue, we

7    would say that there's nothing in 503(b)(9) that requires early

8    payment and that would be paid at confirmation.  So that's

9    basically the issue and they seem to understand that, at least

10   for the point of continuing it to the confirmation hearing

11   date.

12         THE COURT:  All right.  And satisfy the payment on

13   the effective date will be sufficient, whatever the effective

14   date is.

15         MR. FOLEY:  Yes, Your Honor.  Item Number 5, this is

16   the last remnant of our lease disposition procedures motion.

17   The only one left is 444 Connecticut Avenue which is an

18   attorney fee issue.  They have requested and we have agreed

19   that that matter will go forward with legal argument on the

20   January 14th omnibus hearing date at 2 p.m.  Your Honor, Item

21   Number 6, this is DIRECTV's motion for set off and we have

22   continued to negotiate with them.  We hope we're getting close.

23   They've requested and agreed to an adjournment of their motion

24   until the December 7th hearing date, which is, I believe, at

25   2 p.m.

5

1          THE COURT:  All right.

2          MR. FOLEY:  Your Honor, Item Number 7, this is Sony's

3  request for administrative claim similar to Motorola's.  They

4  have requested to carry their motion along with the

5  confirmation hearing date to 12/21.

6          THE COURT:  All right.  It'll be continued to the

7  21st of December.

8          MR. FOLEY:  Your Honor, Item Number 8, this is

9  Sennheiser Electric Corporation's motion for permission to file

10  a late 503(b)(9) claim.  Most of the parties that have filed

11  motions like this have been agreeable to continue their motions

12  to the confirmation hearing date and Sennheiser, in this case,

13  is also willing to do that.  So that one, Your Honor, we would

14  ask be set for the confirmation hearing date of 12/21 at ten.

15          THE COURT:  All right.  And is it likely we'll hear

16  that one on the 21st?

17          MR. FOLEY:  I don't think so, Your Honor.  When I get

18  to one later in the docket, and this is the EDC matter which is

19  Item Number 11, and I'm glad to take that one up now, Your

20  Honor, because that one's one that we are actually preparing to

21  have heard in an evidentiary hearing before the Court.  This is

22  Item Number 11, Your Honor.  We've been in discussions with

23  EDC's counsel.  We should be receiving discovery responses from

24  them on December 3rd, I believe.  And they've requested more

25  time.

6

1          We originally wanted to go forward with that matter

2    as an evidentiary hearing on December the 7th.  However,

3    counsel, due to the holidays this week, requested -- and our

4    need to take a 30(b)(6) deposition of EDC, and their witnesses

5    are in Canada, they requested that we adjourn the proposed

6    evidentiary hearing that we intend to have with respect to

7    their motion to the January 14th date at 2 p.m.  But we'd like

8    to use, and they're agreeable to this, use the 12/7 date to

9    resolve any outstanding discovery disputes.  They have objected

10   to some of the written discovery that we have propounded and we

11   have some issues with that that we're trying to work through

12   with them.

13         We hope we won't have any discovery issues for the

14   Court to resolve on December the 7th, but, for now, the matter

15   Number 11, which is the EDC motion, we would ask to adjourn to

16   the December 7th hearing date to resolve any discovery

17   disputes.  But, ultimately, we will have it scheduled for an

18   evidentiary hearing on the merits on January 14th at two.  And,

19   essentially, Your Honor, this is going to be our test case,

20   lead case, for these late claim motions, essentially.  That's

21   what we're trying to do.  And so I think the others are willing

22   to, at least so far, willing to just take a back seat for now

23   to see how the Court comes out with respect to that matter.

24         THE COURT:  All right.

25         MR. FOLEY:  Going back to Item Number 8, Your Honor,

**J&J COURT TRANSCRIBERS, INC.**

1  that's Sennheiser.  We would ask that that be adjourned for now

2  until 12/21, but in all likelihood, it will be adjourned again.

3  Item Number 9, which is SouthPeak's motion for an

4  administrative claim, they have requested that their motion be

5  carried over to the confirmation hearing date which is 12/21,

6  as well.

7          Similarly, Your Honor, Number 10, this is Mr.

8  Chalifoux's motion for a late claim.  Based upon the

9  explanation I gave the Court with respect to EDC, they're

10  willing to also continue their motion until the December 21st

11  hearing date.

12          THE COURT:  All right.

13          MR. FOLEY:  Same with Item Number 12, which is

14  Vertis' motion for a late claim.  They have agreed to adjourn

15  their motion until 12/21, as well.  As similarly, Number 13,

16  Towne Square, this is their motion to amend and for a late

17  proof of claim.  They have agreed to adjourn their matter until

18  12/21.

19          Item Number 14, Your Honor, this is Slam Brands'

20  motion for an administrative claim.  They have agreed to

21  adjourn their motion until 12/21.  Item Number 15, Your Honor,

22  which is Waste Management's motion for a late administrative

23  claim, they have agreed to adjourn their matter until 12/21.

24  Matter Number 16, Your Honor, which was Columbus Dispatch's

25  motion for an administrative claim, they have agreed to adjourn

1  their matter until 12/21.

2         Item Number 17, Your Honor, this is one that is

3  related to Item Number 23.  And if Your Honor please, I'd like

4  to take that one out of order for a moment.  This is

5  Panasonic's -- our objection to Panasonic's claim which has to

6  do with the issue -- they're a consignment vendor -- has to do

7  with the issue of receipt of goods under 503(b)(9).  We have

8  worked with them on scheduling and that matter will go forward,

9  Number 17, on the merits on January 14th at 2 p.m.

10        A related motion to the Panasonic objection, Your

11 Honor, is Item Number 23 which is our motion, at Panasonic's

12 request, to seal an exhibit that was filed to our claim

13 objection.  This is the actual consignment agreement with

14 Panasonic.  When they filed their response to our objection,

15 they requested and informed us that their view was that this

16 document was confidential.  We didn't necessarily agree with

17 that, but didn't want to argue with them about that, so we

18 filed this motion to seal the exhibit which is Exhibit A to our

19 claim objection which is found at Docket Number 4630.  And, in

20 an abundance of caution, we would ask the Court to, under Rule

21 9018, to seal that document pursuant to Panasonic's request.  I

22 don't believe there's been any objections to that motion.

23        THE COURT:  All right.  Now, is that exhibit now a

24 matter of public record --

25        MR. FOLEY:  It's on -- it is on the ECF document.

**J&J COURT TRANSCRIBERS, INC.**

9

1          THE COURT:  Okay.

2          MR. FOLEY:  Yes.

3          THE COURT:  So that -- all right.  Very good.  The

4    Court will grant that motion.

5          MR. FOLEY:  All right.  Thank you, Your Honor.  Item

6    Number 18, Your Honor.  This is another motion for a late

7    administrative claim filed by Miner Fleet.  They've agreed to

8    adjourn their matter until 12/21.  Your Honor, Item Number 19,

9    I think I recall seeing something filed on Friday by Ashley

10   Isaacs.  This is another late claim motion, but we have been

11   tracking that with the rest of the late claim motions to 12/21

12   and I think there may have been some inadvertent setting of

13   that matter for today.  I don't know if Ms. Isaacs is on the

14   phone, but I think what we have been requesting with her and

15   she's been agreeable in the past is to adjourn that motion,

16   along with the others, to the confirmation hearing date of

17   12/21.

18         THE COURT:  Does any party wish to be heard in

19   connection with the motion of Ashley Isaacs?

20         MR. FOLEY:  Okay.  I'm told that one of the lawyers

21   in our firm did speak to her and she's agreeable to moving it

22   to the 12/21 date.

23         THE COURT:  Okay.  That'll be adjourned to 12/21.

24         MR. FOLEY:  Your Honor, Items Number 21 and 22, these

25   are Marblegate's motions for administrative claims.

**J&J COURT TRANSCRIBERS, INC.**

10

1          THE COURT:  Have we dealt with Number 20?

2          MR. FOLEY:  I apologize, Your Honor.  That's the

3   Safeco -- our motion to cancel surety bonds with Safeco.  We

4   are still working through their issues that they raise in their

5   objection, as well as the Government's objections.  In fact, we

6   are supposed to have a call with the Government attorney today.

7   And we're still deciding how we're going to proceed with that

8   motion.  However, for now, we would ask the Court to adjourn it

9   to the 12/21 hearing date.

10         THE COURT:  All right.

11         MR. FOLEY:  Your Honor, Mr. Fredericks is going to

12  deal with Item Number 24 and 25, but for now -- and Ms. Boehm

13  is going to deal with Items Number 28 through 34, but if I

14  could just address Items Number 26 and 27.  This is motions by

15  Pioneer and Samsung, as well as several joinders under Rule

16  3020(a) for a confirmation deposit.  They have agreed that it's

17  premature to hear that before the confirmation hearing and so

18  they have requested that their motions be adjourned until the

19  confirmation hearing date of 12/21, Your Honor.

20         THE COURT:  All right.

21         MR. FOLEY:  And, Your Honor --

22         THE COURT:  That's --

23         MR. FOLEY:  Your Honor has already dealt with Item

24  Number 23, so that leaves 24, 25 and then 28 through 34.

25         THE COURT:  But we need to address 21 and 22.  You

**J&J COURT TRANSCRIBERS, INC.**

1 were about to address those --

2 　　　　　MR. FOLEY:  Oh, I apologize.

3 　　　　　THE COURT:  -- when I went back to 20.

4 　　　　　MR. FOLEY:  Yes, Marblegate.  Those motions for

5 administrative claims, they have requested and we've agreed to

6 adjourn to their matter to the 12/21 hearing date, Your Honor.

7 　　　　　THE COURT:  Okay.

8 　　　　　MR. FREDERICKS:  Good morning, Your Honor, Ian

9 Fredericks of Skadden Arps on behalf of the debtors.  I just

10 wanted to give Your Honor a little bit of background on 24

11 because it's been off the agenda for some time.  It currently

12 is going to be adjourned to the 21st.  But just by way of

13 background, this was the debtor's incentive plan and also

14 retention plan motion which was filed back, I believe, in

15 February and heard in March.  After the original objection

16 deadline passed and based on discussions with the Creditors'

17 Committee, the motion was adjourned with respect to one person

18 and that adjournment was announced at the hearing with respect

19 to James Marcum.

20 　　　　　In connection with our disclosure statement and plan,

21 in the disclosure statement we advised parties that at the

22 confirmation hearing to be held originally on November 23rd,

23 today, we would be going forward with respect to the relief for

24 Mr. Marcum.  At this time, we are going to adjourn in

25 connection with the confirmation to the 21st.  But it may or

1  may not be adjourned from that date depending on what happens

2  with confirmation.  But, currently, that would be our current

3  intent and then to go forward with it at some point in the

4  future.  So, unless Your Honor has any questions, I'll move

5  onto the confirmation adjournment.

6        THE COURT:  No, I have no questions.  You may move

7  on.

8        MR. FREDERICKS:  Okay.  At this point, we are still

9  working through the issue that arose in early November with

10  respect to confirmation.  We had discussions with committee

11  professionals and the debtor's professionals last week and

12  we're continuing to work through those.  It's unclear whether

13  or not those will able to be resolved prior to the 21st, but

14  we'll certainly keep the Court apprised of those developments

15  and, if possible, give you an update at the December 7th

16  hearing.  As we indicated at the last hearing following the

17  objection deadline, we did file a notice adjourning

18  confirmation formally to the 21st.

19        We have granted certain limited -- certain parties

20  extensions of the objection deadline, so we anticipate there

21  will be some more objections if you could imagine that, given

22  how many that were filed.  I'd say that we have looked at the

23  objections and I think they present kind of two themes.  One is

24  taxing authorities with respect to certain issues.  We think

25  most likely certain changes to the plan will resolve those

1 globally.  And the second one were deposits, similar deposit

2 requests.  There were some others thrown in there, but we're

3 going work hard to try to resolve as many of those as possible

4 prior to whenever the confirmation hearing occurs.

5        To the extent the confirmation is adjourned again, we

6 will file another notice on the docket to advise parties.

7 Unless Your Honor has any questions, that's all that I wanted

8 to say on those two matters.

9        THE COURT:  Between now and the 21st, is the only

10 date that we have the 7th of December?

11        MR. FREDERICKS:  I believe so, yes.

12        THE COURT:  Okay.

13        MR. FREDERICKS:  Okay.  Thank you, Your Honor.

14        THE COURT:  Thank you.

15                        (Pause)

16        THE COURT:  Ms. Boehm?

17        MS. BOEHM:  Good morning, Your Honor.  Sarah Boehm on

18 behalf of the debtors.  Item 28 on the agenda is the debtor's

19 53rd omnibus objection to claims which include disallowance of

20 certain amended claims.  This included 29 claims for

21 approximately $5.4 million.  We received no responses and will

22 submit an order disallowing those claims.

23        THE COURT:  All right.  Very good.

24        MS. BOEHM:  Item 29 on the agenda is the debtor's

25 54th omnibus objection to claims which is disallowance of

 1 certain late claims.  This included administrative, general

 2 unsecured Government and 503(b)(9) claims.  We did receive four

 3 responses that we would ask to continue to status for the

 4 January 14th hearing date at 2:00 and we will submit a proposed

 5 order disallowing the non-responding claimants.

 6            THE COURT:  All right.  That'll be fine.

 7            MS. BOEHM:  Item 30 is the debtor's 55th omnibus

 8 objection to claims which was the disallowance of certain

 9 duplicative claims.  This included 37 claims for approximately

10 $2.2 million.  There was one response filed, but I have worked

11 through that and the counsel has agreed to withdraw that

12 response so that claim can be ordered.  So we will submit an

13 order disallowing all of the claims included in Omni 37 --

14            THE COURT:  All right.

15            MS. BOEHM:  -- I mean, I'm sorry, 55.  Item 31 on the

16 agenda is the debtor's 56th omnibus objection to claims.  This

17 was the disallowance of certain alleged administrative expenses

18 on account of employee obligations.  These included claims

19 filed by employees that had filed general unsecured claims, as

20 well as administrative claims and we're simply seeking the

21 disallowance of the administrative claim.  This included 103

22 claims for approximately $23.7 million.  We did receive some

23 responses that we will continue for status to January 14th at

24 2:00 and will submit an order disallowing the non-responding

25 claimants.

**J&J COURT TRANSCRIBERS, INC.**

1            THE COURT:  All right.

2            MS. BOEHM:  Item 32 is the debtor's 57th omnibus

3    objection to claims.  This is the disallowance of certain

4    alleged administrative expenses.  We did receive two responses

5    that we will continue for status to January 14th and we will

6    submit an order on the remaining 13 claims to disallow those

7    claims.

8            THE COURT:  All right.

9            MS. BOEHM:  Item 33 is the debtor's 58th omnibus

10   objection to claims.  This is the reclassification of certain

11   misclassified claims to unsecured nonpriority claims.  This

12   included administrative, priority and 503(b)(9) claims that

13   we're proposing to reclassify to general unsecured.  It

14   included 22 claims for approximately $19.7 million.  We did

15   receive six responses that we'll continue for status to January

16   14th and submit an order disallowing the non-responding

17   claimants.

18           THE COURT:  All right.  That'll be fine.

19           MS. BOEHM:  Item 34 on the agenda is the debtor's

20   59th omnibus objection to claims.  This was the misclassified

21   non-goods 503(b)(9) claims.  This included 35 claims that,

22   basically, all dealt with utility services.  We did not receive

23   any responses to this objection and we will submit an order

24   reclassifying those claims.

25           THE COURT:  All right.  That'll be fine.

**J&J COURT TRANSCRIBERS, INC.**

16

 1           MS. BOEHM:  And that was the last item on the agenda,

 2  Your Honor.

 3           THE COURT:  All right.  Thank you, Ms. Boehm.  Is

 4  there any other business we need to take up today, Mr. Foley?

 5           MR. FOLEY:  No, Your Honor.

 6           THE COURT:  All right.  I'll see you back on the 7th.

 7  Have a nice Thanksgiving.

 8           UNIDENTIFIED ATTORNEY:  You, too, Your Honor.

 9           UNIDENTIFIED ATTORNEY:  Thank you, Your Honor, you,

10  too.

11           THE CLERK:  All rise.  Court is now adjourned.

12                         *  *  *  *  *

13                **C E R T I F I C A T I O N**

14           I, KELLI R. PHILBURN, court approved transcriber,

15  certify that the foregoing is a correct transcript from the

16  official electronic sound recording of the proceedings in the

17  above-entitled matter, and to the best of my ability.

18

19  /s/ Kelli R. Philburn          DATE:  DECEMBER 4, 2009

20  KELLI R. PHILBURN

21  J&J COURT TRANSCRIBERS, INC.

22

23

24

25

                    **J&J COURT TRANSCRIBERS, INC.**