ORIGINAL

UNITED STATES BANKRUPTCY COURT FOR
EASTERN DISTRICT OF VIRGINIA
Richmond Division

RICHMOND DIVISION
FILED
DEC 0 8 2009
CLERK
U.S. BANKRUPTCY COURT

In re: )
)
)
**CIRCUIT CITY STORES WEST** )
**COAST, INC.** )   **Chapter 11**
) **CASE NO. 08-35654-KRH**
)
)
Debtor. )
_____ )

## CREDITOR JACK HERNANDEZ'S PRELIMINARY RESPONSE TO DEBTORS' SIXTIETH OMNIBUS OBJECTION TO CLAIMS [DISALLOWANCE OF CERTAIN (I) NO LIABILITY (LEGAL CLAIMS); (II) NO LIABILITY (MISCELLANEOUS CLAIMS); AND (III) NO LIABILITY (SUBCONTRACTOR CLAIMS))]

COMES NOW, Creditor Jack Hernandez, through its undersigned counsel, pursuant to Fed. R. Brankr. P. 3007, Local Bankruptcy Rule 3007-1(D), and this Court's April 1, 2009 Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections [Docket No. 2881], and responds to the Debtors' Sixtieth Objection to Claims [Disallowance of certain (I) No Liability (Legal Claims); (II) No Liability (Miscellaneous Claims); and (III) No Liability (Subcontractor Claims))] [Docket No. 5879] and states as follows:

### Argument

1. The Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code on November 10, 2008 and continue to manage their affairs as debtors-in-possession.
2. On April 17, 2008, Creditor Hernandez filed his lawsuit on behalf of himself and all other sales managers employed by Debtors seeking overtime compensation,

compensation for missed meal and rest breaks, waiting time penalties and attorneys' fees under California law. The class action-styled case, which is entitled *Hernandez v. Circuit City, Inc.*, is filed in the San Diego Superior Court, Case No. 37-2008-00082173. Creditor Hernandez filed this case as a class action to represent all California-based salaried sales managers who were employed by Debtors and who were not paid overtime compensation, or provided meal and rest breaks. Considerable state trial court litigation occurred prior to the bankruptcy filing.

3. On January 13, 2009, pursuant to this Court's Order regarding creditor claims, Creditor Hernandez - through its counsel - filed a timely creditor claim on his own behalf and that of the putative class with the bankruptcy administrator, Kurtzman Carson Consultants. Plaintiff has not been able to proceed with any discovery or other litigation on this claim because his counsel has been informed that this is a liquidating bankruptcy case and there are insufficient funds available to allow the litigation to proceed on its merits.

4. On or about November 20, 2009, Debtors filed their Sixtieth Omnibus Objection to Claims [Disallowance of certain (I) No Liability (Legal Claims); (II) No Liability (Miscellaneous Claims); and (III) No Liability (Subcontractor Claims))]. In its Objection, the Debtors' object to the following claim filed by Creditor Hernandez:

Claim No.: 6045    Claim Amount: $23,940,292.00

5. With its Objection, Debtors seek to disallow Creditor Hernandez's claim.

6. Creditor Hernandez objects to Debtors' *ipse dixit* attempt to scuttle these claims. These claims arise out of the lawsuit filed on behalf of plaintiff and the putative class of workers similar situated to him against the Debtors for their failure to pay him and the putative class all wages owed under California Labor law.

7. Debtors are in exclusive possession of the information necessary for Creditor Hernandez to value its claim in any more detail. Specifically, Debtors hold the policy and procedure documents, payroll, employment and time records, including pay rates and number of weeks worked by Creditor Hernandez and the putative class.

8. It is important to note that, since Debtors' filing of its voluntary petition, all court proceedings of Creditor Hernandez have been stayed pursuant to the federal bankruptcy law "automatic stay" rules. Due to the automatic stay, Creditor's counsel is prohibited from conducting discovery on any issues (certification, merits or damages) against Debtors that would be necessary to further evaluate Creditor Hernandez's claim with more particularity.

9. Debtors' counsel has informed Creditor's counsel that this will be a "liquidating" bankruptcy. In addition, Debtors' counsel informed Creditor Hernandez that given Debtors' limited financial resources, matters that would otherwise be returned to trial court(s) are being kept in the Bankruptcy Court in order to curb the cost of litigating claims.

10. Debtors' Objection, which seeks to disallow the claim of Creditor Hernandez and the putative class, is improper. Creditor Hernandez is prepared to respond in detail to any factual or legal grounds that Debtor believes would tend to support disallowance of this claim, yet without such information he is "shadow boxing" – unable to understand, let alone respond to, contentions, arguments and conclusions that have to date not been disclosed. With its Objection, Debtors essentially seek to disallow Creditor Hernandez's claims for reasons that are completely unknown. The only basis for the objection is the unremarkable conclusion that Debtors have concluded that they are not liable for any claims arising from pending, prospective or threatening litigation. This kind of argument is as unsurprising as it is unhelpful to the Court's ability to make a fair determination of the claim. This objection is akin to a motion for summary judgment without allowing plaintiff to conduct any discovery and without Debtors providing even a shred of evidence to support the outlandish dismissal request. In reality, the series of objections – now numbering over SIXTY – seems more designed to be a fishing expedition for "slip ups" where creditors' counsel do not respond rather than a bona fide attempt at attaining due process justice to the rights of the parties.

11. These claims arise under California law. Similar to federal law, wages have always been afforded special status in California. The California Supreme Court has recently explained the strong public policy supporting claims of this nature:

> The public policy in favor of full and prompt payment of an employee's earned wages is fundamental and well established: 'Delay of payment or loss of wages results in deprivation of the necessities of life, suffering inability to meet just obligations to others, and, in many cases may make the wage-earner a charge upon the public.' (*Kerr's Catering Service v. Department of Industrial Relations* (1962) 57 Cal.2d 319, 326) California has long regarded the timely payment of employee wage claims as indispensable to the public welfare: "It has long been recognized that wages are not ordinary debts, that they may be preferred over other claims, and that, because of the economic position of the average worker and, in particular, his dependence on wages for the necessities of life for himself and his family, it is essential to the public welfare that he receive his pay when it is due. [Citations.] An employer who knows that wages are due, has ability to pay them, and still refuses to pay them, acts against good morals and fair dealing, and necessarily intentionally does an act which prejudices the rights of his employee." (*In re Trombley* (1948) 31 Cal.2d 801, 809-810; see *Gould v. Maryland Sound Industries, Inc.* (1995) 31 Cal.App.4th 1137 [statute criminalizing prompt payment violations shows "the policy involves a broad public interest, not merely the interest of the employee"].)

*Smith v. Superior Court* (2006) 39 Cal.4th 77, 82.

In another case, the California Supreme Court explained:

> Considerations of sound public policy buttress our conclusion. Labor Code section 1194 confirms "a clear public policy ... that is specifically directed at the enforcement of California's minimum wage and overtime laws for the benefit of workers." (citation omitted) As defendant's own authority reminds us, California's overtime laws are remedial and are to be construed so as to promote employee protection. (citation omitted.) And, as we have recognized, "this state has a public policy which encourages the use of the class action device." (citation omitted.) "'By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation."

*Sav-on Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, 340.

12. This creditor is prepared to respond to any specific factual and/or legal arguments that pertain to a fair determination of this claim provided he is afforded the opportunity to conduct discovery so he can respond to any evidence submitted by the Debtors.

Respectfully submitted,

Dated: December 3, 2009

RIGHETTI LAW FIRM, P.C.

_____
Matthew Righetti
Attorney for Creditor, Jack Hernandez

CREDITOR JACK HERNANDEZ'S PRELIMINARY RESPONSE TO DEBTORS' SIXTIETH OMNIBUS OBJECTION TO CLAIMS [DISALLOWANCE OF CERTAIN (I) NO LIABILITY (LEGAL CLAIMS); (II) NO LIABILITY (MISCELLANEOUS CLAIMS); AND (III) NO LIABILITY (SUBCONTRACTOR CLAIMS))]