1  WILLIAM H. COLLIER, JR., CASB No. 97491
   william.collier@kyl.com
2  DAVID D. PIPER, CASB No. 179889
   david.piper@kyl.com
3  JAMES A. MARISSEN, CASB No. 257699
   james.marissen@kyl.com
4  KEESAL, YOUNG & LOGAN
   A Professional Corporation
5  400 Oceangate, P.O. Box 1730
   Long Beach, California  90801-1730
6  Telephone:     (562) 436-2000
   Facsimile:     (562) 436-7416
7
   Kevin A. Lake (VSB#34286)
8  klake@vanblk.com
   VANDEVENTER BLACK LLP
9  Eighth & Main Building
   707 E. Main Street, Suite 700
10 P.O. Box 1558
   Richmond, VA 23218-1558
11 Telephone:     (804) 237-8811
   Facsimile:     (804) 237-8801
12

13
   Attorneys for Creditor
14 MADCOW INTERNATIONAL GROUP LIMITED

15

16                    **UNITED STATES BANKRUPTCY COURT**

17                    **FOR THE EASTERN DISTRICT OF VIRGINIA**

18

| 19 | In re: | ) | Case No. 08-35653-KRH |
|---|---|---|---|
| 20 | CIRCUIT CITY STORES, INC., et al. | ) ) ) | Chapter 11 (jointly administered) |
| 21 | Debtors. | ) ) | **MADCOW INTERNATIONAL GROUP LIMITED'S MOTION FOR ALLOWANCE** |
| 22 | | ) ) ) | **AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM** |
| 23 | | ) ) | Date:  January 14, 2010 |
| 24 | | ) ) ) | Time:  2:00 p.m. Place:  United States Bankruptcy Court |
| 25 | | ) ) | 701 East Broad Street, Room 5000 Richmond, Virginia 23219 |
| 26 | | | |
| 27 | | | |
| 28 | | | |

NOW COMES MADCOW INTERNATIONAL GROUP LIMITED ("Creditor"), by its counsel, Keesal, Young & Logan, P.C., and states:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and is a contested matter brought pursuant to §§ 546(c) and 503(b)(9) of the Bankruptcy Code.

2. On November 10, 2008 (the "Petition Date"), Circuit City Stores, Inc. ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. Creditor is a manufacturer of various electrical goods and accessories that are used with the Sony Playstation and Nintendo Wii gaming consoles and is a regular supplier of such goods to the Debtor.

4. Creditor supplied goods and products to the Debtor during the 20 days prior to the bankruptcy, as set forth in Exhibit A, in the amount of $452,794.40. Creditor also supplied goods and products in the amount of $441,262.32 during the period of 21 and 45 days prior to bankruptcy, as set forth in Exhibit B.

5. Pursuant to 11 U.S.C. § 546(c), the Creditor is entitled to reclamation of these goods. Creditor made demand on Debtor on 25 November, 2008, as evidenced by Exhibit C (the "Reclamation Demand"). Creditor made timely demand and has complied with the requirements of 11 U.S.C. § 546(c). Debtor denied the Reclamation Demand, attached as Exhibit D.

6. Debtor had the benefit of use of the products provided by Creditor. Upon information and belief, subsequent to Debtor's receipt of the Reclamation Demand, Debtor sold the electrical goods and accessories supplied by Creditor.

7. There should be no issue that Creditor is entitled to administrative expense priority claims for goods supplied within 20 days before the commencement of this Chapter 11 case pursuant to 11 U.S.C. § 503(b)(9), in the amount of $452,794.40, as evidenced by Exhibit A.

8. Creditor also asserts that it is entitled to administrative expense priority for the balance of the Reclamation Demand in the amount of $441,262.32, as

evidenced by Exhibit B and Declaration of David Wu filed therewith. <u>In re McLouth Steel Products</u>, 213 B.R. 978 (Bankr. E.D. Mich. 1997).

9. Former Bankruptcy Code § 546(c)(2) specifically provided that when a seller's reclamation demand for goods delivered within 10 days of bankruptcy was denied, the Creditor was to be granted either a lien or an administrative priority for the value of those goods. The current version of § 546(c) extends the time period for reclamation, but eliminates the recitation of remedies. Instead, § 546(c)(2) directs the creditor to § 503(b)(9), which provides a right to an administrative expense priority for goods delivered 20 days before bankruptcy. But, claims of sellers who supplied products between 20 and 45 days pre-bankruptcy, and to make a timely demand for reclamation, are not specifically addressed. Sellers should be accorded the same protection for goods provided between 21 and 45 days of bankruptcy as they were for goods delivered within 10 days under the pre-amendment Bankruptcy Code. Therefore, Creditor is also entitled to an administrative expense priority claim for $441,262.32, representing the value of goods delivered between 21 and 45 days of Debtors filing for bankruptcy.

10. The sale of goods proceeded by the Creditor delivering the goods, as specified in the Invoices, to the vessel that would carry them to the United States. Upon delivery, the Creditor would receive from the vessel a receipt entitled "Forwarder Cargo Receipt," "Cargo Management Systems," or "Cargo receipt" (together referred to as "Forwarder Cargo Receipt"). Copies of the "Forwarder Cargo Receipt" are attached as Exhibit E. The Creditor received such a document with respect to invoice nos. MAD080909A, MAD080917A, MAD080916A, MAD09221B1, MAD080925A, MAD080922E, MAD080922C, MAD080922B, MAD081010C, MAD081015A, MAD081016C, MAD081016D, MAD081014A, MAD081016A, MAD081016F, and MAD081023A on 15, 24 and 25 September and 8, 9, 8, 8, 9, 15, 20, 19, 25, 21, 21, 27 and 27 October 2008 respectively.

11. On the front page of the "Forwarder Cargo Receipt," written in fine print, is a sentence which states "*We* [meaning Creditor] *received … 1 copies of the*

*following documents which plus 2/3* **_original bills of lading will be dispatched to the parties at port of discharge at the time of shipment_** *…*" (our emphasis).[1] A bill of lading is a receipt indicating that a vessel has received goods for shipment but it also serves as constructive title to the goods. As it is expressly noted on the "Forwarder Cargo Receipt" that the vessel will "dispatch" the original bills of lading for the goods to the Debtor at the port of discharge and as the original bills of lading represent title to the goods, only when the Debtor physically receives the original bills of lading does title to the goods pass to the Debtor. Accordingly, only once title to the goods has passed to the Debtor does the Debtor "receive" them for the purposes of 11 U.S.C.§ 503(b)(9).

12. As the vessels would have only "dispatched" the original bills of lading to the Debtor on or about the same date as the "Forwarder Cargo Receipts" were issued in relation to the Invoices, being on 15, 24 and 25 September and 8, 9, 8, 8, 9, 15, 20, 19, 25, 21, 21, 27 and 27 October 2008 respectively, and allowing a reasonable time for the original bills of lading to actually arrive in the Debtor's possession, it is clear that the Debtor's only obtained titled to the goods shipped pursuant to the Invoices, and thus "received" them for the purposes of 11 U.S.C.§ 503(b)(9), on or after 26 September 2008.

13. Based upon the matters set out above, the goods shipped pursuant to the Invoices were received by the Debtor within forty-five days immediately prior to the Petition Date and, as such, Creditor's items should be given an administrative claim status.

14. Creditor therefore requests the Court allow an administrative expense priority claim in the amount of $894,056.72 as a priority administrative expense of the estate and compel immediate payment thereof.

WHEREFORE, Creditor request the Court enter an order allowing

---

[1] For invoice no. MAD081016A, MAD081021A, AND MAD081016E the receipt received by Creditor had a sentence which stated that *"The original bill of lading of this shipment has been released to the above mentioned consignee* [Debtor]". For invoice no. MAD080916A the receipt received by Creditor had a sentence which stated that *"This Cargo receipt is not negotiable and does not constitute title to the goods."*

Creditor's administrative expense claim in the amount of $894,056.72 in the proposed format attached as Exhibits A and B, and compel the Debtor to pay the administrative expense claim in the amount of $894,056.72 forthwith and granting such other and further relief as the Court deems appropriate.

DATED:  December 9, 2009          **MADCOW INTERNATIONAL GROUP LIMITED**

/s/ Kevin A. Lake
Kevin A. Lake
VANDEVENTER BLACK LLP
Eighth & Main Building
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA  23218-1558
Tel: 804.237.8811
Fax: 804.237.8801
klake@vanblk.com

WILLIAM H. COLLIER, JR., CASB No. 97491
william.collier@kyl.com
DAVID D. PIPER, CASB No. 179889
david.piper@kyl.com
JAMES A. MARISSEN, CASB No. 257699
james.marissen@kyl.com
Keesal, Young & Logan
A Professional Corporation
400 Oceangate, P.O. Box 1730
Long Beach, California  90801-1730
Telephone:     (562) 436-2000
Facsimile:     (562) 436-7416
 Attorneys for Creditor

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of December, 2009, I caused to be served a true and correct copy of Madcow International Group Limited's Motion for Allowance and Payment of Administrative Expense Claim to all parties receiving notice via ECF and via ECF and/or email on the following:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
P.O. Box 636
Wilmington, Delaware 19899-0636
*gregg.galardi@skadden.com*
*Ian.Fredericks@skadden.com*

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606-7120
*chris.dickerson@skadden.com*

Douglas M. Foley
Dion W. Hayes
McGuireWoods, LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
Attorneys for Debtors
*dfoley@mcguirewoods.com*
*dhayes@mcguirewoods.com*

/s/ Kevin A. Lake
Kevin A. Lake

KYL_LB1253895
KYL_LB\1253895.1