| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & | MCGUIREWOODS LLP |
| FLOM, LLP | One James Center |
| One Rodney Square | 901 E. Cary Street |
| PO Box 636 | Richmond, Virginia 23219 |
| Wilmington, Delaware 19899-0636 | (804) 775-1000 |
| (302) 651-3000 | |

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
          IN THE UNITED STATES BANKRUPTCY COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        :  Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :  Case No. 08-35653 (KRH)
et al.,                       :
                              :
              Debtors.        :  Jointly Administered
- - - - - - - - - - - - - - - x
```

**DEBTORS' SIXTY-SECOND OMNIBUS OBJECTION TO CLAIMS
(DISALLOWANCE OF CERTAIN CLAIMS ASSERTED AGAINST A
<u>DOMESTIC COMPANY FOR WHICH THE DEBTORS SHOW NO LIABILITY</u>)**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby file

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs,

Debtors' Sixty-Second Omnibus Objection to Claims (Disallowance of Certain Claims Asserted Against a Domestic Company for which the Debtors Show No Liability) (the "Objection"), and move this Court, pursuant to sections 105, 502 and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for an order, the proposed form of which is attached as Exhibit A, granting the relief sought by this Objection, and in support thereof states as follows:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105, 502 and 503, and Rule 3007 of the Bankruptcy Rules.

---

Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, Virginia 23060.

2

## BACKGROUND

2. On November 10, 2008, the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

4. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors. To date, no trustee or examiner has been appointed in these chapter 11 cases.

5. On November 12, 2008, this Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

6. On December 10, 2008, this Court entered the Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

7. Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009. The deadline for governmental units to file claims that arose before November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009. Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice (the "Claims Bar Date Notice"), which was attached as an exhibit to the Claims Bar Date Order.

8. On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, the Debtors' scheduled creditors in these cases, the Debtors' equity holders and certain other parties (Docket No. 1314). In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

9. On January 16, 2009, this Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On

January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  On March 8, 2009, the going out of business sales at the Debtors' remaining stores were completed.

10. On April 1, 2009, this Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (Docket No. 2881) (the "Omnibus Objection Procedures Order").

### OBJECTIONS TO CLAIMS

11. By this Objection, the Debtors seek entry of an order, in substantially similar form as Exhibit A, pursuant to Bankruptcy Code sections 105(a) and 502 and Bankruptcy Rule 3007, disallowing the claims listed in Exhibit C (the "Claims") attached hereto.  The Debtors' basis for disallowance of the Claims is that the Debtors have no liability.  After reviewing the Claims and the bases upon which they are asserted, and reviewing the Debtors' books and records, the Debtors dispute any liability for the alleged Claims.

12. The Claims are asserted against the Debtors, specifically Intertan, Inc.  Yet, a review of the Debtors' books and records indicate no liability.  Upon information

and belief, it appears that the Claims relate to a Canadian affiliate of the Debtors, which Canadian affiliate is not a debtor in these bankruptcy cases. Accordingly, the Debtors request that the Claims be disallowed.

13. For ease of reference, attached as <u>Exhibit B</u> is an alphabetical listing of all Claimants whose Claims are included in this Objection, with a cross-reference by claim number.

14. At this time, the Debtors have not completed their review of the validity of all claims and expenses filed against their estates, including the Claims. Thus, the Claims may be the subject of additional subsequently filed objections. To that end, the Debtors reserve the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and on any other grounds. Furthermore, the Debtors reserve the right to modify, supplement and/or amend this Objection as it pertains to any Claim or Claimant herein.

## **RESERVATION OF RIGHTS**

15. As noted above, the Debtors reserve their rights to file objections to these Claims at a later time on any grounds that bankruptcy or non-bankruptcy law permits. The

Debtors likewise reserve the right to modify, supplement and/or amend this Objection as it pertains to any Claim or Claimant herein.

**NOTICE AND PROCEDURE**

16. Notice of this Objection has been provided to all claimants with claims that are the subject to this Objection as identified in Exhibit C, and to parties-in-interest in accordance with this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (Docket No. 130) (the "Case Management Order"). The Debtors submit that the following methods of service upon the Claimants should be deemed by this Court to constitute due and sufficient service of this Objection: (a) service in accordance with Bankruptcy Rule 7004 and the applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for a Claimant is not known to the Debtors, by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's

behalf in the Debtors' bankruptcy cases.  The Debtors are serving the Claimant with this Objection and the exhibit on which the Claimant's claim is listed.

17.  To the extent any Claimant timely files and properly serves a response to this Objection by **4:00 p.m. (EST) on January 7, 2010** as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Debtors request that this Court conduct a status conference with respect to any responding Claimant at **2:00 p.m. (EST) on January 14, 2010** and thereafter schedule the matter for a future hearing as to the merits of their claim.[2]  However, to the extent any Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order and applicable law, the Debtors request that this Court enter an order, substantially in the form of Exhibit A, disallowing the Claims in Exhibit C for all purposes in these bankruptcy cases.

---

[2]  In accordance with the Omnibus Objection Procedures Order, claimants who respond to the Objection do not need to appear at the status conference.

**COMPLIANCE WITH BANKRUPTCY RULE 3007 AND**
**THE OMNIBUS OBJECTION PROCEDURES ORDER**

18. This Objection complies with Bankruptcy Rule 3007(e). Additionally, the Debtors submit that this Objection is filed in accordance with the Omnibus Objection Procedures Order.

**WAIVER OF MEMORANDUM OF LAW**

19. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion, the Debtors request that the requirement that all motions be accompanied by a written memorandum of law be waived.

**NO PRIOR RELIEF**

20. No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors request the Court to enter an Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia
      December 10, 2009

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606-7120
(312) 407-0700

- and –

MCGUIREWOODS LLP

_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

# EXHIBIT A

| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-7120
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
        IN THE UNITED STATES BANKRUPTCY COURT
         FOR THE EASTERN DISTRICT OF VIRGINIA
                  RICHMOND DIVISION

- - - - - - - - - - - - - - - -x
In re:                         :  Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :  Case No. 08-35653 (KRH)
et al.,                        :
                               :
           Debtors.            :  Jointly Administered
- - - - - - - - - - - - - - - -x
```

**ORDER SUSTAINING DEBTORS' SIXTY-SECOND OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN CLAIMS ASSERTED AGAINST A DOMESTIC COMPANY FOR WHICH THE DEBTORS SHOW NO LIABILITY)**

THIS MATTER having come before this Court on the Debtors' Sixty-Second Omnibus Objection to Claims (Disallowance of Certain Claims Asserted Against a Domestic Company for Which the Debtors Show No Liability) (the

"Objection"), which requested, among other things, that the claims specifically identified in Exhibit C attached to the Objection be disallowed for those reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it further appearing that no response was timely filed or properly served by the Claimants being affected by this Order; and it appearing that the relief requested on the Objection is in the best interest of the Debtors, their estates and creditors and other parties-in-interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

    IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

    1.   The Objection is GRANTED.

    2.   The Claims identified in Exhibit A as attached hereto and incorporated herein, are forever disallowed in their entirety for all purposes in these bankruptcy cases.

Dated: Richmond, Virginia
       _____, 2010

                 HONORABLE KEVIN R. HUENNEKENS
                 UNITED STATES BANKRUPTCY JUDGE

```
WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

     - and -


_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession
```

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                             __/s/ Douglas M. Foley____
                                             Douglas M. Foley

In re: Circuit City Stores, Inc, et al.  
Case No. 08-35653 (KRH)

Debtors' Sixty-Second Omnibus Objection to Claims

Exhibit B - Claimants and Related Claims Subject to Sixty-Second Omnibus Objection to Claims

| Claim Holder | Claim | Exhibit |
| --- | --- | --- |
| COMPUTERSHARE TRUST CO OF CANADA | 4512 | EXHIBIT C - DEBTORS' SIXTY-SECOND OMNIBUS OBJECTION (NO LIABILITY DOMESTIC COMPANY) - DISALLOWED |
| HEWLETT PACKARD CANADA CO | 953 | EXHIBIT C - DEBTORS' SIXTY-SECOND OMNIBUS OBJECTION (NO LIABILITY DOMESTIC COMPANY) - DISALLOWED |
| HEWLETT PACKARD CANADA CO | 7965 | EXHIBIT C - DEBTORS' SIXTY-SECOND OMNIBUS OBJECTION (NO LIABILITY DOMESTIC COMPANY) - DISALLOWED |
| INNERWORKINGS INC | 6247 | EXHIBIT C - DEBTORS' SIXTY-SECOND OMNIBUS OBJECTION (NO LIABILITY DOMESTIC COMPANY) - DISALLOWED |
| MONSTER CABLE INTERNATIONAL LIMITED | 7809 | EXHIBIT C - DEBTORS' SIXTY-SECOND OMNIBUS OBJECTION (NO LIABILITY DOMESTIC COMPANY) - DISALLOWED |
| MONSTER TECHNOLOGY INTERNATIONAL LIMITED | 7808 | EXHIBIT C - DEBTORS' SIXTY-SECOND OMNIBUS OBJECTION (NO LIABILITY DOMESTIC COMPANY) - DISALLOWED |

In re: Circuit City Stores, Inc, et al.  
Case No. 08-35653-KRH

Debtors' Sixty-Second Omnibus Objection to Claims (No Liability Domestic Company) - Disallowed

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| COMPUTERSHARE TRUST CO OF CANADA<br>PLAN MANAGERS<br>1500 UNIVERSITY AVE 7TH FL<br>MONTREAL, QC H3A 3S8<br>CANADA | 4512 | Secured:<br>Priority:<br>Administrative 503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br>UNL<br><br>UNL | 01/20/2009 | INTERTAN, INC.<br>(08-35655) |
| HEWLETT PACKARD CANADA CO<br>C O FRIEDMAN DUMAS & SPRINGWATER LLP<br>150 SPEAR ST STE 1600<br>SAN FRANCISCO, CA 94105 | 953 | Secured:<br>Priority:<br>Administrative 503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br>$22,796.29<br><br><br>$22,796.29 | 12/19/2008 | INTERTAN, INC.<br>(08-35655) |
| HEWLETT PACKARD CANADA CO<br>C O FRIEDMAN DUMAS & SPRINGWATER LLP<br>150 SPEAR ST STE 1600<br>SAN FRANCISCO, CA 94105 | 7965 | Secured:<br>Priority:<br>Administrative 503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br>$473,770.40<br><br>$473,770.40 | 01/29/2009 | INTERTAN, INC.<br>(08-35655) |
| INNERWORKINGS INC<br>ATTN JOSEPH BUSKY<br>600 W CHICAGO AVE STE 850<br>CHICAGO, IL 60654 | 6247 | Secured:<br>Priority:<br>Administrative 503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br>$240,937.63<br><br>$240,937.63 | 01/26/2009 | INTERTAN, INC.<br>(08-35655) |
| MONSTER CABLE INTERNATIONAL LIMITED<br>ATTN LEGAL<br>C O MONSTER CABLE PRODUCTS INC<br>455 VALLEY DR<br>BRISBANE, CA 94005 | 7809 | Secured:<br>Priority:<br>Administrative 503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br>$453,573.00<br><br>$453,573.00 | 01/29/2009 | INTERTAN, INC.<br>(08-35655) |

\*   "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.
Case No. 08-35653-KRH

Debtors' Sixty-Second Omnibus Objection to Claims (No Liability Domestic Company) - Disallowed

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| MONSTER TECHNOLOGY INTERNATIONAL LIMITED ATTN LEGAL C O MONSTER CABLE PRODUCTS INC 455 VALLEY DR BRISBANE, CA 94005 | 7808 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $40,333.10 $40,333.10 | 01/29/2009 | INTERTAN, INC. (08-35655) |

|  | **Total:** | **6** | **$1,231,410.42** |
|---|---|---|---|

\*    "UNL" denotes an unliquidated claim.