Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' SIXTY-FOURTH OMNIBUS**
**OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN**
**QUALIFIED PENSION PLAN AND 401(k) CLAIMS)**

The debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors")[1], hereby file

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc.
      (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
      (0875), Ventoux International, Inc. (1838), Circuit City Purchasing
      Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company
      of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer

                                                              *(cont'd)*

the Debtors' Sixty-Fourth Omnibus Objection to Claims

(Disallowance of Certain Qualified Pension Plan and 401(k)

Claims) (the "Objection"), and hereby move this Court,

pursuant to sections 105 and 502 of title 11 of the United

States Code, 11 U.S.C. §§ 101 et seq. (as amended, the

"Bankruptcy Code"), Rule 3007 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Local

Bankruptcy Rule 3007-1, for an order, the proposed form of

which is attached hereto as Exhibit A, granting the relief

sought by this Objection.  In support of the Objection, the

Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction to consider this

Motion under 28 U.S.C. §§ 157 and 1334.  This is a core

proceeding under 28 U.S.C. § 157(b).  Venue of these cases

and this Motion in this district is proper under 28 U.S.C.

§§ 1408 and 1409.  The statutory and legal predicates for

the relief requested herein are Bankruptcy Code sections 105

---

*(cont'd from previous page)*
Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659),
Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS,
Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel,
LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR,
LLC (5512).  The address for Circuit City Stores West Coast, Inc. is
9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other
Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233
and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

and 502, Bankruptcy Rule 3007, and Local Bankruptcy Rule
3007-1.

## PRELIMINARY STATEMENT

2.    By this Objection, the Debtors object to
certain claims asserted by employees and former employees of
the Debtors relating to the Debtors' qualified pension plan
and 401(k) plan.  As further discussed below, the qualified
pension plan assets and the 401(k) plan assets are held by
trust funds which are separate legal entities distinct from
the Debtors' estates.  Thus, the qualified pension plan
assets and the 401(k) plan assets are not assets of the
Debtors' estates.  Moreover, on or about May 26, 2009, the
Pension Benefit Guaranty Corporation ("PBGC") assumed
responsibility for the Debtors' qualified pension plan.

3.    Accordingly, this Objection serves primarily
as an administrative exercise to enable the Debtors to clean
up the claims register in these bankruptcy cases, and the
disallowance of claims asserted by employees or former
employees against the Debtors' estates on account of the
Debtors' qualified pension plan and 401(k) plan will not
prejudice or eliminate the employees' or former employees'
qualified pension plan benefits or 401(k) plan benefits.

## BACKGROUND

**A.    General Case Background.**

4.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

5.    The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

6.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

7.    On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

8.    On December 10, 2009, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

9.    Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date").  The deadline for governmental units to file claims that arose before November 10, 2009 is 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date").  Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

10.    On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

11.    On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the

5

Debtors and a joint venture, as agent (the "Agent").  On
January 17, 2009, the Agent commenced going out of business
sales pursuant to the Agency Agreement at the Debtors
remaining stores.  As of March 8, 2009, the going out of
business sales at the Debtors' remaining stores had been
completed.

12.  On April 1, 2009, this Court entered an Order
Establishing Omnibus Objection Procedures and Approving the
Form and Manner of Notice of Omnibus Objections (Docket No.
2881)(the "Omnibus Objection Procedures Order").

**B.    The Circuit City Qualified Pension Plan.**

13.  The Debtors previously maintained the
Retirement Plan of Circuit City Stores, Inc. (as amended,
the "Qualified Pension Plan") to provide retirement benefits
for certain of its employees.  The Qualified Pension Plan
was established effective September 1, 1980, and was amended
and restated as of March 1, 2001.

14.  The Qualified Pension Plan is an employee
pension benefit plan to which 29 U.S.C. § 1321(a) applies
and is not exempt under 29 U.S.C. § 1321(b).  The Qualified
Pension Plan is therefore covered by Title IV of the
Employee Retirement Income Security Act of 1974, as amended,
29 U.S.C. §§ 1301-1461 ("ERISA").

15.  Accordingly, the Qualified Pension Plan is a separate legal entity distinct from the Debtors' estates. The Qualified Pension Plan's assets are not assets of the Debtors' estates.  <u>See</u> Qualified Pension Plan § 8.2 ("The Employer has entered into a trust agreement with the Trustee under which the Trustee will receive, invest and administer the Trust Fund"); § 10.4 ("Upon termination or partial termination of the Plan, each affected Participant's Accrued Benefit shall become fully vested and nonforfeitable; provided, however, that a Participant shall not have any recourse towards satisfaction of his nonforfeitable benefits from other than the Plan assets or the Pension Benefit Guaranty Corporation.").

16.  The Qualified Pension Plan was frozen, as to most of the Debtors' employees, effective February 28, 2005. As a result, all participants affected by the plan freeze retained any benefits accumulated to the effective date, but were no longer eligible to increase their benefit.

17.  The Qualified Pension Plan was frozen as to the remainder of the Debtors' employees effective February 29, 2008, upon which date all plan participants retained any benefits accumulated to the effective date, but were no longer eligible to increase their benefit.

7

18.   On or about April 20, 2009, the Debtors were provided a Notice of Determination by PBGC explaining that PBGC had determined the Qualified Pension Plan had to be terminated in order to protect the interests of the plan's participants.

19.   The Qualified Pension Plan was thereafter terminated under 29 U.S.C. §§ 1342(c) and 1348, effective March 31, 2009.

20.   On or about May 26, 2009, PBGC assumed responsibility for the Qualified Pension Plan and any of its unfunded liabilities.

**C.    The Circuit City 401(k) Plan.**

21.   The Debtors also maintained the Circuit City Stores, Inc. 401(k) Plan (as amended, the "401(k) Plan") to provide retirement benefits for certain of its employees. The 401(k) Plan was established effective August 1, 1999, and was amended and restated as of November 1, 2006.

22.   The 401(k) Plan is intended to be a qualified plan with a cash or deferred arrangement pursuant to Sections 401(a) and 401(k) of the Internal Revenue Code of 1986 (as amended, the Internal Revenue Code"). The 401(k) Plan is also intended to qualify as a Section 404(c) plan

for purposes of the ERISA.  <u>See</u> 401(k) Plan, at p. 1
("Background").

23.  Accordingly, the 401(k) Plan is a separate
legal entity distinct from the Debtors' estates.  The 401(k)
Plan's assets are not assets of the Debtors' estates.  <u>See</u>
401(k) Plan § 9.02 ("The Company has entered into a trust
agreement with the Trustee under whom the Trustee will
receive, invest, and administer the Trust Fund.").

24.  In accordance with the terms of the 401(k)
Plan, the Debtors' obligations to provide employer-matching
contributions to the 401(k) Plan were terminated effective
January 28, 2009.

25.  The 401(k) Plan itself has not yet been
terminated by the Debtors, but the 401(k) Plan participants
have received notice that they must determine whether to
roll-over or otherwise transfer their assets out of the
401(k) Plan currently held at, and administered by, Wachovia
Financial Services.

## RELIEF REQUESTED

26.  By this Objection, the Debtors seek entry of
an order, in substantially the form annexed as <u>Exhibit A</u>,
pursuant to Bankruptcy Code sections 105(a) and 502 and
Bankruptcy Rule 3007, disallowing in their entirety each of

the claims identified on Exhibit C asserting claims relating to the Qualified Pension Plan (the "Qualified Pension Plan Claims") and/or claims relating to the 401(k) Plan (the "401(k) Plan Claims").

27.  For ease of reference, attached as Exhibit B is an alphabetical listing of all claimants whose Qualified Pension Plan Claims and/or 401(k) Plan Claims are included in this Objection (the "Claimants"), with a cross-reference by claim number.

28.  At this time, the Debtors have not completed their review of the validity of all claims/expenses filed against their estates, including the Qualified Pension Plan Claims and the 401(k) Plan Claims.  Accordingly, the Qualified Pension Plan Claims and the 401(k) Plan Claims may be the subject of additional subsequently filed objections. To that end, the Debtors reserve the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and on any other grounds.  Furthermore, the Debtors reserve the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

### BASIS FOR RELIEF REQUESTED

29.    Currently, the Debtors are engaged in a thorough review of all claims filed against their estates to determine the validity of such claims.  As part of this process, the Debtors are diligently reviewing claims filed relating to the Qualified Pension Plan and the 401(k) Plan.

30.    After reviewing numerous Qualified Pension Plan Claims and 401(k) Plan Claims, their supporting documentation and the Debtors' books and records, the Debtors have determined that the Qualified Pension Plan Claims and the 401(k) Plan Claims identified on Exhibit C are not valid claims.

31.    Accordingly, as further discussed below, the Debtors object to the validity of the Qualified Pension Plan Claims and the 401(k) Plan Claims and request that all such claims be disallowed in their entirety.

### APPLICABLE AUTHORITY

**I.    THE QUALIFIED PENSION PLAN CLAIMS ARE NOT OBLIGATIONS OF THE DEBTORS' ESTATES AND THE PENSION BENEFIT GUARANTY CORPORATION HAS ASSUMED RESPONSIBILITY FOR THE QUALIFIED PENSION PLAN.**

32.    Certain employees or former employees of the Debtors have filed Qualified Pension Plan Claims against the

11

Debtors in connection with the Qualified Pension Plan, which claims are identified on <u>Exhibit C</u> attached hereto.

33.   Pursuant to Section 502(b)(1), the Debtors object to the Qualified Pension Claims on two bases.

34.   First, the Qualified Pension Plan Claims are not enforceable against the Debtors or property of the Debtors' estates for the purposes of Section 502(b)(1) because the Qualified Pension Plan is a separate legal entity distinct from the Debtors' estates and because the Qualified Pension Plan's assets are not assets of the Debtors' estates.

35.   The assets of the Qualified Pension Plan which are used to pay benefits are not, and never were, held by any of the Debtors.  The assets were held in a trust created by the Qualified Pension Plan for the benefit of Qualified Pension Plan participants.  Accordingly, the Qualified Pension Plan Claims cannot properly assert claims against any of the Debtors or the Debtors' estates relating to the Qualified Pension Plan.

36.   Second, the Qualified Pension Plan was terminated effective March 31, 2009, and the PBGC assumed responsibility for the Qualified Pension Plan and any of its unfunded liabilities on or about May 26, 2009.

12

37.   Once a defined benefit plan has been
terminated, only the PBGC, and not the plan participants,
has a claim against the Debtors for the unfunded benefit
liabilities under plan, including liabilities for non-
guaranteed benefits.  29 U.S.C. § 1362(b).

38.   Depending upon the actual amount of the
recovery on its claim, the PBGC is required to allocate a
portion of that recovery to plan participants in order to
provide them with a portion of the benefits that otherwise
are not guaranteed by PBGC.  29 U.S.C. § 1322(c).

39.   Under this statutory scheme, the Qualified
Pension Plan participants have no claim whatsoever against
the Debtors for nonguaranteed benefits, and courts have
routinely disallowed plan participants' claims asserted
directly against the Debtor and its estate's.  See, e.g., In
re Lineal Group, Inc., 226 B.R. 608 (Bankr. M.D. Tenn. 1998)
(retirees' claims against debtor for non-guaranteed benefits
under terminated pension plan are preempted by ERISA); In re
Adams Hard Facing Co., 129 B.R. 662 (W.D. Okla. 1991) (based
on statutory scheme requiring PBGC to pay portion of its
recovery to participants under 29 U.S.C. § 1322(c),
participants have no direct claim against debtor for non-
guaranteed benefits); see also McMahon v. McDowell, 794 F.2d

100, 108 (3d Cir. 1986) (finding that ERISA preempted

employees' ability to directly sue employer for unpaid

pension liabilities when the applicable pension plan was

terminated and the PBGC was in place as successor trustee).

40.    Accordingly, the Qualified Pension Plan

Claims should be disallowed in their entirety.

## II.    THE DEBTORS' BOOKS AND RECORDS INDICATE THAT THE 401(K) PLAN CLAIMS ARE NOT VALID CLAIMS.

41.    Certain employees or former employees of the

Debtors have filed 401(k) Plan Claims against the Debtors in

connection with the 401(k) Plan, which claims are identified

on Exhibit C attached hereto.

42.    Based on the 401(k) Plan Claims that are the

subject of this Objection, there appear to be two types of

401(k) Plan Claims asserted against the Debtors and

identified on Exhibit C.  First, certain employees may or

may not be asserting claims for allegedly deficient

employer-matching contributions due under the 401(k) Plan.

Second, there are a number of claims that assert protective

claims for the full amount of the assets in the employees'

401(k) accounts, which accounts are currently held at and

administered by Wachovia Financial Services.

14

43.   Regarding the 401(k) Plan Claims asserted on account of allegedly deficient employer-matching contributions, the Debtors' books and records reflect that there are no delinquent amounts due and owing to these claimants as contributions to an employee benefit plan arising from services rendered within 180 days before the Petition Date pursuant to section 507(a)(4) of the Bankruptcy Code.

44.   Moreover, as discussed above, the Debtors' employer-matching obligations were terminated effective January 28, 2009, and any carryover pre-petition obligations or post-petition obligations of the Debtors' regarding employer-matching 401(k) Plan contributions were paid in the ordinary course of business and/or in accordance with the Court's Order Pursuant to Bankruptcy Code Sections 105(a), 363, 507(a), 541, 1107(a) and 1108 and Bankruptcy Rule 6003 Authorizing Debtors to Pay Prepetition Wages, Compensation, and Employee Benefits (Dkt No. 80), entered November 10, 2008.

45.   Indeed, the Debtors' books and records reflect that no liabilities whatsoever are owed on account of employer-matching contributions relating to the 401(k) Plan.  Therefore, there is no valid basis for these 401(k)

15

Plan Claims and the claims should be disallowed in their entirety.

46.  Regarding the 401(k) Plan Claims asserting protective claims for the full value of the assets of the claimants' 401(k) accounts, the assets in these accounts do not constitute property of the Debtor or the Debtors' estates.  As discussed above, the 401(k) Plan provides that the 401(k) Plan assets are held in trust for the benefit of the employees or former employees of the Debtors, which assets are currently held and administered by Wachovia Financial Services.  <u>See</u>, <u>e.g.</u>, 401(k) Plan § 9.02 ("The Company has entered into a trust agreement with the Trustee under whom the Trustee will receive, invest, and administer the Trust Fund.").

47.  Accordingly, there is no valid basis for these 401(k) Plan Claims and the claims should be disallowed in their entirety.

<u>**RESERVATION OF RIGHTS**</u>

48.  As noted above, the Debtors reserve their rights to file objections to the Claims at a later time on any grounds that bankruptcy or non-bankruptcy law permits. The Debtors likewise reserve the right to modify, supplement

and/or amend this Objection as it pertains to any claim or claimant herein.

**NOTICE AND PROCEDURE**

49. Notice of this Objection has been provided to all claimants with claims that are the subject to this Objection as identified on Exhibit B, and to other parties-in-interest in accordance with the Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (Docket No. 130) (the "Case Management Order").

50. Furthermore, the Debtors submit that the following methods of service upon the Claimants should be deemed by the Court to constitute due and sufficient service of this Objection: (a) service in accordance with Bankruptcy Rules 3007, 7004, and 9006; (b) to the extent counsel for a Claimant is not known to the Debtors, by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto at least 30 days before the hearing date; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's

behalf in the Debtors' bankruptcy cases at least 30 days
before the hearing date.  The Debtors are serving the
Claimant with this Objection and the Exhibit(s) on which the
Claimant's claim is listed.

51.  To the extent any Claimant timely files and
properly serves a response to this Objection by **4:00 p.m.
January 7, 2010** as required by the Case Management Order and
under applicable law, and the parties are unable to
otherwise resolve the Objection, the Debtors request that
the Court conduct a status conference with respect to any
such responding claimant at **2:00 p.m. on January 14, 2010**
and thereafter schedule the matter for a future hearing as
to the merits of such claim.  However, to the extent any
Claimant fails to timely file and properly serve a response
to this Objection as required by the Case Management Order
and applicable law, the Debtors request that the Court enter
an order, substantially in the form attached hereto as
Exhibit A, disallowing such Claimant's claim in its entirety
for all purposes in these bankruptcy cases.

### COMPLIANCE WITH BANKRUPTCY RULE 3007 AND
### THE OMNIBUS OBJECTION PROCEDURES ORDER

52.   This Objection complies with Bankruptcy Rule
3007(e) as modified by, and in accordance with, the Omnibus
Objection Procedures Order.

### WAIVER OF MEMORANDUM OF LAW

53.   Pursuant to Local Bankruptcy Rule 9013-1(G),
and because there are no novel issues of law presented in
the Motion, the Debtors request that the requirement that
all motions be accompanied by a written memorandum of law be
waived.

### NO PRIOR RELIEF

54.   No previous request for the relief sought
herein has been made to this Court or any other court.

WHEREFORE, the Debtors request the Court to enter the Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia
      December 11, 2009

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

## EXHIBIT A

Gregg M. Galardi, Esq.                    Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                   Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &           MCGUIREWOODS LLP
FLOM, LLP                                 One James Center
One Rodney Square                         901 E. Cary Street
PO Box 636                                Richmond, Virginia 23219
Wilmington, Delaware 19899-0636           (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x
```

**ORDER SUSTAINING DEBTORS' SIXTY-FOURTH OMNIBUS
OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN
QUALIFIED PENSION PLAN AND 401(k) CLAIMS)**

THIS MATTER having come before the Court on the

Debtors' Sixty-Fourth Omnibus Objection to Claims

(Disallowance of Certain Qualified Pension Plan and 401(k)

Claims) (the "Objection"), which requested, among other

things, that the claims specifically identified on Exhibit C
attached to the Objection be disallowed in their entirety
for those reasons set forth in the Objection; and it
appearing that due and proper notice and service of the
Objection as set forth therein was good and sufficient and
that no other further notice or service of the Objection
need be given; and it further appearing that no response was
timely filed or properly served by the Claimants being
affected by this Order; and it appearing that the relief
requested on the Objection is in the best interest of the
Debtors, their estates and creditors and other parties-in-
interest; and after due deliberation thereon good and
sufficient cause exists for the granting of the relief as
set forth herein,

  IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

  1. The Objection is GRANTED.

  2. The Claims identified on <u>Exhibit A</u> as attached
hereto and incorporated herein are forever disallowed in
their entirety for all purposes in these bankruptcy cases.

  3. The Debtors' rights to object to any claim,
including (without limitation) the Qualified Pension Plan
Claims and 401(k) Plan Claims, on any grounds that

applicable law permits are not waived and are expressly reserved.

4.    The Debtors shall serve a copy of this Order on the claimants included on the exhibit to this Order on or before five (5) business days from the entry of this Order.

5.    This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: Richmond, Virginia
            _____, 2010


_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and -

_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

      Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby
certify that the foregoing proposed order has been endorsed
by or served upon all necessary parties.

                              __/s/ Douglas M. Foley____
                              Douglas M. Foley


\10271507


4

In re: Circuit City Stores, Inc, et al.                                                    Debtors' Sixty-Fourth Omnibus Objection to Claims
Case No. 08-35653 (KRH)

Exhibit B - Claimants and Related Claims Subject to Sixty-Fourth Omnibus Objection to Claims

| Claim Holder | Claim | Exhibit |
|---|---|---|
| APODACA, JOANN | 4843 | EXHIBIT C - DEBTORS' SIXTY-FOURTH OMNIBUS OBJECTION (PENSION NO LIABILITY) - DISALLOWED |
| CRITTENDEN, ALAN | 4665 | EXHIBIT C - DEBTORS' SIXTY-FOURTH OMNIBUS OBJECTION (PENSION NO LIABILITY) - DISALLOWED |
| CZUPKOWSKI MARK A | 7859 | EXHIBIT C - DEBTORS' SIXTY-FOURTH OMNIBUS OBJECTION (PENSION NO LIABILITY) - DISALLOWED |
| FREEMAN JAMES M | 6681 | EXHIBIT C - DEBTORS' SIXTY-FOURTH OMNIBUS OBJECTION (PENSION NO LIABILITY) - DISALLOWED |
| MOYERS TOBY P | 4917 | EXHIBIT C - DEBTORS' SIXTY-FOURTH OMNIBUS OBJECTION (PENSION NO LIABILITY) - DISALLOWED |
| RICH ERROL R | 7832 | EXHIBIT C - DEBTORS' SIXTY-FOURTH OMNIBUS OBJECTION (PENSION NO LIABILITY) - DISALLOWED |
| SALERNO, JOHN | 4438 | EXHIBIT C - DEBTORS' SIXTY-FOURTH OMNIBUS OBJECTION (PENSION NO LIABILITY) - DISALLOWED |
| SCHALLE, GREGORY | 4692 | EXHIBIT C - DEBTORS' SIXTY-FOURTH OMNIBUS OBJECTION (PENSION NO LIABILITY) - DISALLOWED |
| SHEPHERD, CAROL | 5160 | EXHIBIT C - DEBTORS' SIXTY-FOURTH OMNIBUS OBJECTION (PENSION NO LIABILITY) - DISALLOWED |
| SLAVIN MARTIN | 5143 | EXHIBIT C - DEBTORS' SIXTY-FOURTH OMNIBUS OBJECTION (PENSION NO LIABILITY) - DISALLOWED |
| SNYDER, EVELYN | 6456 | EXHIBIT C - DEBTORS' SIXTY-FOURTH OMNIBUS OBJECTION (PENSION NO LIABILITY) - DISALLOWED |
| WALTON, NATALIA G | 5054 | EXHIBIT C - DEBTORS' SIXTY-FOURTH OMNIBUS OBJECTION (PENSION NO LIABILITY) - DISALLOWED |

In re: Circuit City Stores, Inc, et al.          Debtors' Sixty-Fourth Omnibus Objection to Claims
Case No. 08-35653-KRH                                    (Pension No Liability) - Disallowed

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| APODACA, JOANN<br>705 DAKOTA SE<br>ALBUQUERQUE, NM 87108 | 4843 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $49,000.00<br><br><br><br><br>$49,000.00 | 01/21/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CRITTENDEN, ALAN<br>286 DESOTO DRIVE<br>AIKEN, SC 29803 | 4665 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $12,796.08<br><br><br><br><br>$12,796.08 | 01/23/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CZUPKOWSKI, MARK A<br>648 FAN HILL RD<br>MONROE, CT 06468 | 7859 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | UNL<br><br><br><br><br>UNL | 01/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| FREEMAN, JAMES M<br>10307 SAGEGLOW<br>HOUSTON, TX 77089 | 6681 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | UNL<br><br><br><br><br>UNL | 01/27/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| MOYERS, TOBY P<br>12102 CHEROY WOOD CT<br>ASHLAND, VA 23005 | 4917 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br><br>UNL<br><br>UNL | 01/21/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

*     "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Sixty-Fourth Omnibus Objection to Claims
(Pension No Liability) - Disallowed

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| RICH, ERROL R<br>4325 WINTERBERRY RIDGE CT<br>WINSTON SALEM, NC 27103 | 7832 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br><br>UNL<br><br>UNL | 01/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| SALERNO, JOHN<br>3342 ASHLEY DRIVE<br>BLASDELL, NY 14219 | 4438 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br>UNL<br><br><br><br><br>UNL | 01/20/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| SCHALLE, GREGORY<br>P O BOX 235<br>CLAREMONT, VA 23899 | 4692 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br><br>UNL<br><br>UNL | 01/23/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| SHEPHERD, CAROL<br>7347 HIDDEN LAKE ESTATE DR<br>MECHANICSVILLE, VA 23111 | 5160 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br>UNL<br><br><br><br><br>UNL | 01/23/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| SLAVIN, MARTIN<br>9219 BELLFALL CT<br>COLUMBIA, MD 21045 | 5143 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br>UNL<br><br><br><br><br>UNL | 01/23/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.    Debtors' Sixty-Fourth Omnibus Objection to Claims

Case No. 08-35653-KRH    (Pension No Liability) - Disallowed

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| SNYDER, EVELYN<br>9 MEADOW VALLEY DRIVE<br>RISING SUN, MD 21911 | 6456 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | UNL<br><br><br><br><br>UNL | 01/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| WALTON, NATALIA G<br>601 OAK HALL TERRACE<br>SANDSTON, VA 23150-3441 | 5054 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $1,577.00<br><br><br><br><br>$1,577.00 | 01/23/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

Total:    12                    $63,373.08

*    "UNL" denotes an unliquidated claim.