**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | **:** Chapter 11 |
| | **:** |
| CIRCUIT CITY STORES, INC., et al.,[1] | **:** Case No. 08-35653-KRH |
| | **:** (Jointly Administered) |
| Debtors. | **:** |
| | **:** |
| | **:** |

**FOURTH INTERIM APPLICATION OF PACHULSKI STANG
ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD FROM AUGUST 1, 2009 THROUGH OCTOBER 31, 2009**

TO:    THE HONORABLE KEVIN R. HUENNEKENS
        UNITED STATES BANKRUPTCY JUDGE

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Pachulski Stang Ziehl & Jones LLP ("PSZJ" or "Applicant") hereby files this Fourth Interim Application of Pachulski Stang Ziehl & Jones LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for the Period from August 1, 2009 through October 31, 2009 (the "Application"). By this Application, PSZJ seeks an interim allowance of compensation in the amount of $315,886.50 and reimbursement of actual and necessary expenses in the amount of $7,597.27, for a total allowed amount of $323,483.77, and payment of the unpaid portion of such fees and expenses for the

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their respective federal tax identifications numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

period September 1, 2009 through October 31, 2009 (the "Interim Period") in the aggregate

amount of $144,716.49.[2]  In support of this Application, PSZJ respectfully represents as follows:

## Background

1.      On November 10, 2008 (the "Petition Date"), the Debtors filed their voluntary

Chapter 11 petitions for relief, thereby commencing the above-captioned cases.  The cases are

being jointly administered but are not substantively consolidated. The Debtors continue to

operate their businesses and manage their properties as debtors-in-possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, neither a trustee nor

an examiner has been appointed in these chapter 11 cases.  On November 12, 2008, the Office of

the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in

these cases pursuant to Sections 1102(a) and 1102(b)(1).   On November 13, 2008, the

Committee was amended by the U.S. Trustee.  On November 18, 2008, the Committee voted to

retain Pachulski Stang Ziehl & Jones LLP as lead counsel in these matters.

2.      On September 29, 2009, the Debtors and Committee filed the *First Amended Joint

Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In

Possession and its Official Committee of Creditors Holding General Unsecured Claims.*

3.      The associated disclosure statement was approved on September 24, 2009, and

confirmation on the Plan is currently scheduled for December 21, 2009.

## Retention of PSZJ

4.      On January 20, 2009, the Court entered its order authorizing the Committee to

retain PSZJ (the "Retention Order") [Docket #1671]. A copy of the Retention Order is attached

hereto as Exhibit A.

---

[2] This amount reflects a credit of -$4,164.20 for airfare expenses incurred in May 2009.

## **Compensation Paid**

5.      On December 9, 2008, the Court entered its Order Under 11 U.S.C. §§ 105(a) and

331 Establishing Procedures for Interim Compensation ("Administrative Order") [Docket #830].

The Administrative Order authorized certain professionals and members of the Unsecured

Creditors' Committee ("Professionals") to serve interim fee applications, pursuant to the

procedures specified therein.  If no objections are made within twenty (20) days after the end of

the month for which compensation is sought, then the Debtors are authorized to pay the

Professional eighty-five percent (85%) of the requested fees and one hundred percent (100%) of

the requested expenses.  Approximately every 120 days, each of the Professionals is to serve and

file with the Court an interim or final fee application.

6.      All Services for which PSZJ requests compensation were performed for or on

behalf of the Committee.

7.      Except as set forth herein, PSZJ has received no payment and no promises for

payment from any source for services rendered or to be rendered in any capacity whatsoever in

connection with the matters covered by this Application.

8.      Pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, there is

no agreement or understanding between PSZJ and any other person other than the partners of

PSZJ for the sharing of compensation to be received for services rendered in this case.  PSZJ did

not receive a retainer in these cases.

## **Jurisdiction and Venue**

9.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and

1334.  This matter is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(A). Venue of these cases

and this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory

predicate for the relief requested herein is 11 U.S.C. §§ 328, 330 and 331.

## **Relief Requested**

10.     By this Application, PSZJ seeks an interim allowance of compensation in the

amount of $315,886.50 (which amount represents 100% of fees incurred) and actual and

necessary expenses in the amount of $7,597.27 (which amount represents 100% of expenses

incurred) for a total allowed amount of $323,483.77, and payment of the unpaid amount of such

fees and expenses for the period August 1, 2009 through October 31, 2009 of $144,716.49.

11.     As of the date of this Application, PSZJ has received the following payment of

fees and expenses for the period from August 1, 2009 through October 31, 2009. More

specifically:

(a)     PSZJ's monthly fee statement for the period from August 1, 2009 through August

31, 2009 sought an allowance of $105,561.50 as compensation for professional

services rendered and $1,927.60 as reimbursement for reasonable costs incurred

on behalf of the Committee.  As of the date of this Application, Applicant has

received $91,654.89 in payment for the August monthly fee statement.

(b)     PSZJ's monthly fee statement for the period from September 1, 2009 through

September 30, 2009 sought an allowance of $96,605.50 as compensation for

professional services rendered and $833.51 as reimbursement for reasonable costs

incurred on behalf of the Committee.  As of the date of this Application,

Applicant has received $82,948.19 in payment for the September monthly fee

statement.

(c)     PSZJ's monthly fee statement for the period from October 1, 2009 through

October 31, 2009 sought an allowance of $113,719.50 as compensation for

professional services rendered and $4,836.16 as reimbursement for reasonable

costs incurred on behalf of the Committee.  As of the date of this Application,

Applicant has not received payment for the October monthly fee statement.

(d)     The documentation reflecting the services performed, the time expended by each

professional and the hourly rate of each professional incurred during the Fourth

Interim Compensation is annexed hereto as Exhibit D.

12.     All of the professional services rendered by PSZJ for which compensation is

requested were rendered solely in connection with this case and on behalf of the Committee.

The services performed were necessary to the administration of these cases and were beneficial

to the Committee at the time such services were rendered.  All services were performed in a

reasonable amount of time commensurate with the complexity, importance, and nature of the

problem, issue, or task addressed.  Annexed hereto as Exhibit B is a chart indicating the name of

each attorney and paralegal who have worked on this case in the Interim Period, the time

expended by each professional, his or her title, hourly rate, and fees charged.  Additionally,

Exhibit C annexed hereto lists each work category and the number of hours expended by

professionals for each such category.

13.     The compensation requested is consistent with the nature and extent of the

services rendered during the Interim Period, the size and complexity of this case, the time, labor

and special expertise brought to bear on the questions presented, and other related factors.  The

compensation charged is reasonable based on rates charged by comparably skilled practitioners

in this and other firms in non-bankruptcy cases.  As such, PSZJ submits that the compensation sought is reasonable within the meaning of Sections 330 and 331 of the Bankruptcy Code.

14.     PSZJ has assigned attorneys to tasks commensurate with their level of experience, and has avoided the unnecessary duplication of services rendered which required independent judgment and decision-making.  PSZJ requests no compensation for services which represent charges normally associated with the Firm's overhead.

15.     As set forth in the attached exhibits, PSZJ rendered 486.80 hours of professional services during the Interim Period.

## Fee Statements

16.     The fee statements for the Interim Period are attached hereto as Exhibit D.  These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period.  To the best of PSZJ's knowledge, this Application complies with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules").

17.     PSZJ's time reports are initially handwritten or typed by the attorney or paralegal performing the described services.  The time reports are organized on a daily basis.  PSZJ is particularly sensitive to issues of "lumping," and unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports.  PSZJ's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code.

## **Actual and Necessary Expenses**

18.     A summary of actual and necessary expenses incurred by PSZJ for the Interim Period is attached hereto as part of <u>Exhibit E</u> and the expense detail is included in the statements attached as <u>Exhibit D</u>.  PSZJ charges $0.10 per page for photocopying expenses related to this case.  PSZJ's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier.  PSZJ summarizes each client's photocopying charges on a daily basis.

19.     PSZJ charges $1.00 per page for out-going facsimile transmissions.  There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile reflects PSZJ's calculation of the actual costs incurred by PSZJ for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services.

20.     Regarding providers of on-line legal research (<u>e.g.</u>, Lexis and Westlaw), PSZJ charges the standard usage rates these providers charge for computerized legal research.  PSZJ bills its clients the actual cash charged by such services, with no premium.  Any volume discount received by PSZJ is passed on to the client.

21.     PSZJ believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZJ believes that such charges are in accordance with the American Bar Association's ("<u>ABA</u>") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges, and the rules of the court as applicable to these cases.

**Summary of Services Rendered**

22.     The names of the partners and associates of PSZJ who have rendered professional services in this case during the Interim Period, and the paralegals who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit B.

23.     PSZJ, by and through the above-named persons, has prepared and assisted in the preparation of various pending motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with this case, and performed all necessary professional services which are described and narrated in detail below.

**Summary of Services by Categories**

24.     The services rendered by PSZJ during the Interim Period can be grouped into the categories set forth below.  PSZJ attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit D.  Exhibit D identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

**A.     Asset Analysis/Recovery**

25.     The time billed to this category included services related to the evaluation of the Debtors' business and assets, contract rights, insurance coverage, potential or pending litigation claims and other assets belonging to the Debtors' estates.

Fees:  $6,735.00            Total hours:   9.30

**B.     Asset Disposition**

26.     Time billed to this category relates to the solicitation and sale of the Debtors' real property and intellectual property assets.

Fees:  $13,515.00            Total hours:   18.60

**C.     Avoidance Actions**

27.     Time billed to this category relates to the evaluation of the Debtors' potential preferences.

Fees:  $4,314.50            Total hours:   6.10

**D.     Case Administration**

28.     Time billed to this category relates to case administration matters.  During the Interim Period, PSZJ, among other things:  (1) reviewed daily filings in these cases; (2) reviewed e-filing notices and distributed documents; and (3) maintained document control in a rapidly moving chapter 11 case.

Fees:  $3,736.00            Total hours:   13.60

**E.     Canada**

29.     Time billed to this category relates to analyzing Canadian claims and distribution process.

Fees:  $1,232.50            Total hours:   1.70

**F.     Claims Administration and Objections**

30.     Time billed to this category relates to claims administration and claims objections. During the Interim Period, PSZJ, among other things, reviewed and analyzed issues related to

creditors' section 502(b) and section 503(b)(9) claims, waterfall analysis, and performed work related to the PBGC and IBM settlements.

Fees: $103,883.00          Total hours:   178.90

**G.      Compensation of Professionals**

31.     Time billed to this category relates to reviewing and preparing monthly and interim fee applications.

Fees: $9,118.50          Total hours:   24.90

**H.      Employee Benefits/Pension**

32.     Time billed in this category relates to motions and other matters pertaining to the Debtors' management incentive plan.

Fees: $906.00          Total hours:   1.20

**I.      Executory Contracts**

33.     Time billed in this category relates to motions and other matters pertaining to the Debtors' lease rejections and surety bond rejections.

Fees: $369.00          Total hours:   0.60

**J.      General Creditors Committee**

34.     Included in this category is the preparation for and attendance at meetings, in person and telephonically, of the Creditors' Committee for the various issues arising out of the chapter 11 cases.  Also included in this category is time spent reviewing various pleadings and weekly memoranda, time spent in preparation for committee calls, and addressing matters related to various motions.

Fees: $13,586.50          Total hours:   23.70

**K.**     **Hearings**

35.     Included in this category are services related to attendance at hearings before the

Bankruptcy Court on various matters.

Fees:   $2,755.00                      Total hours:   3.80

**L.**     **Litigation**

36.     Time billed in this category relates to correspondence regarding price fixing

litigation and the flat screen litigation claims.

Fees:   $4,835.00                      Total hours:   6.60

**M.**     **Meeting of Creditors**

37.     Time billed to this category relates to the preparation for and attendance at

Committee meetings.

Fees:   $990.00                        Total hours:   1.20

**N.**     **Operations**

38.     This category relates the review of FTI's financial status reports.

Fees:   $652.50                        Total hours:   0.90

**O.**     **Plan and Disclosure Statement**

39.     Included in this category are services rendered relating to various plan issues,

including analyzing substantive consolidation, and the drafting of a liquidating trust agreement.

Time billed to this category also relates to PSZJ's analysis of many issues that affect the

Debtors' ability to confirm a consensual plan of liquidation.  During the Interim Period, PSZJ

devoted time to analyzing and negotiating a joint plan of liquidation, and advising the committee

as to the plan confirmation process.

Fees:   $108,115.50                    Total hours:   138.90

**P.**     **Plan Implementation**

40.     Included in this category are services rendered relating to various liquidating trust and plan implementation issues.

Fees:  $12,934.50              Total hours:   17.70

**Q.**     **Retention of Professionals**

41.     Time billed in this category during the Interim Period relates to the retention of Georgetown advisory services and other ordinary course professionals.

Fees:  $1,020.00              Total hours:   1.60

**R.**     **Stay Litigation**

42.     This category relates to services provided in connection with the review of the Unical motion for relief from the automatic stay.

Fees:  $72.50              Total hours:   0.10

**S.**     **Tax Issues**

43.     Time billed in this category during the Interim Period relates to the analysis of various tax issues.

Fees:  $2,392.50              Total hours:   3.30

**T.**     **Travel**

44.     PSZJ incurred non-working time while traveling on case matters. Travel time during which no work is performed is billed at 50% of regular hourly rates.

Fees:  $24,722.50              Total hours:   34.10

45.     The nature of work performed by the PSZJ attorneys and paralegals is fully set forth in **Exhibit B** attached hereto.  The hourly rates being charged are PSZJ's normal hourly

rates for work of this character.  The reasonable value of the services rendered by PSZJ to Debtor

during the Interim Period is $315,886.50.

46.     In accordance with the factors enumerated in Section 330 of the Bankruptcy

Code, it is respectfully submitted that the amount requested by PSZJ is fair and reasonable given

(a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services

rendered, (d) the value of such services, and (e) the costs of comparable services other than in a

case under this title.  Moreover, PSZJ has reviewed the requirements of the Local Rules and

believes that this Application complies with such rules.

### Certification Pursuant to Section 504 of the Bankruptcy Code

47.     The Certification of Jeffrey N. Pomerantz, submitted pursuant to section 504 of

the Bankruptcy Code, is attached hereto as Exhibit F.

WHEREFORE, PSZJ respectfully requests that the Court approve, for the period August

1, 2009 through October 31, 2009, the interim allowance of the sum of $315,886.50 as

compensation for necessary professional services rendered, and the sum of $7,597.27 for

reimbursement of actual necessary costs and expenses, for a total of $323,483.77, that the

Debtors be authorized and directed to pay the unpaid amount of such fees and expenses for a

total additional payment amount of $144,716.49,[3] and for such other and further relief as this

Court may deem just and proper.

---

[3] This amount reflects a credit of -$4,164.20 for airfare expenses incurred in May 2009.

Dated:    December 14, 2009                    PACHULSKI STANG ZIEHL & JONES LLP


By        /s/ Jeffrey N. Pomerantz
          Jeffrey N. Pomerantz (admitted *pro hac vice*)
          10100 Santa Monica Blvd., Suite 1100
          Los Angeles, CA 90067-4100
          Telephone: 310.277.6910
          Facsimile:  310.201.0760

          Counsel for the Official Committee of
          Unsecured Creditors

Filed This 14th Day of December  2009      By:    OFFICIAL COMMITTEE OF
                                                    UNSECURED CREDITORS


                                             By: */s/ Paula S. Beran*_____
                                             Counsel
_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
E-mail:  ltavenner@tb-lawfirm.com
         pberan@tb-lawfirm.com


Local Co-Counsel for the Official Committee of Unsecured
Creditors

-and-

Richard M. Pachulski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF-2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 310-277-6910
Facsimile:  310-201-0760
E-mail  rpachulski@pszjlaw.com:
         rfeinstein@pszjlaw.com
         jpomerantz@pszjlaw.com


Lead Counsel for the Official Committee of Unsecured
Creditors
_____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on or before the 14th day of December, 2009 a true copy of the foregoing Fourth Interim Application of Pachulski Stang Ziehl & Jones LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Creditors for the Period from August 1, 2009  through October 31, 2009 was served via first-class mail, postage-prepaid and/or electronic delivery to:

Robert B. Van Arsdale – Via email: robert.b.van.arsdale@usdoj.gov
June E. Turner – Via email: june.e.turner@usdoj.gov
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

Michelle Mosier – Via email michelle_mosier@ccswinddown.com
Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233

Gregg M. Galardi, Esq. – Via email: gregg.galardi@skadden.com
Skadden, Arps, Slate, Meagher, & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899

Douglas M. Foley, Esq. – Via email: dfoley@mcguirewoods.com
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219


*/s/ Paula S. Beran*
Co-Counsel

EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | **:** | Chapter 11 |
| | **:** | |
| CIRCUIT CITY STORES, INC., <u>et al</u>.,[1] | **:** | Case No. 08-35653-KRH |
| | **:** | (Jointly Administered) |
| Debtors. | **:** | |
| | **:** | |
| | **:** | |

## ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS RETROACTIVE TO NOVEMBER 18, 2008

This matter came before the Court on the *Application for Entry of an Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to November 18, 2008* (the "<u>Application</u>") and the Verified Statement of Robert J. Feinstein filed in support of the Application (the "<u>Feinstein Statement</u>") both filed by the Official Committee of Unsecured Creditors (the "<u>Committee</u>") for approval of Pachulski Stang Ziehl & Jones LLP's employment as lead counsel for the Committee in this case, pursuant to 11 U.S.C. § 1103(a), and Bankruptcy Rule 2014(a), and the Court being fully advised in the premises and having determined that the

---

[1]	The Debtors in these Chapter 11 Cases, along with the last four digits of their respective federal tax identifications numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City West Coast is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

| | |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073) | Lynn L. Tavenner (VA Bar No. 30083) |
| Robert J. Feinstein (NY Bar No. RF – 2836) | Paula S. Beran (VA Bar No. 34679) |
| Jeffrey N. Pomerantz (CA Bar No. 143717) | Tavenner & Beran, PLC |
| Pachulski Stang Ziehl & Jones LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard, 11th Floor | Richmond, VA 23219 |
| Los Angeles, CA 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy: (804) 783-0178 |
| Telecopy: (310) 201-0760 | |
| | |
| Proposed Counsel for the Official | Proposed Co-Counsel for the Official |
| Committee of Unsecured Creditors | Committee of Unsecured Creditors |

legal and factual bases set forth in the Application and the Feinstein Statement establish just

cause for the relief granted herein;

THE COURT HEREBY FINDS THAT:

A.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.

B.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.      Notice of the Application (and service of the proposed order) was sufficient under

the circumstances.

D.      The Application and the Feinstein Statement are in full compliance with all

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this

Court.

E.      Pachulski Stang Ziehl & Jones LLP does not hold or represent any interest

materially adverse to the Committee, the Debtors' estate, or its creditors with respect to the

matters upon which said law firm is to be engaged, and Pachulski Stang Ziehl & Jones LLP is a

"disinterested person," as defined in § 101(14) of the Bankruptcy Code and as required by §

327(a) of the Bankruptcy Code.

F.      The retention and employment of Pachulski Stang Ziehl & Jones LLP in

accordance with the Application and this Order is in the best interest of the Committee and the

Debtors' estates.

IT IS HEREBY ORDERED THAT:

1.      The Application is hereby APPROVED.

2.      Capitalized terms not otherwise defined herein shall have the meanings given to

them in the Application.

3.      The Committee is authorized to retain and employ Pachulski Stang Ziehl & Jones as its lead counsel, pursuant to §§ 327, 328 and 1103 of the Bankruptcy Code, retroactive to November 18, 2008.

4.      Pachulski Stang Ziehl & Jones LLP shall be compensated for such services and reimbursed for any related expenses as provided in the Application, and in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any additional procedures that may be established by this Court.

5.      Upon entry a copy of this Order will be served on all parties receiving ECF notices in these cases.  Thereafter, the Committee shall serve a copy of the Order on all remaining requisite parties as provided in the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures.


Dated:                                        _____

                                               UNITED STATES BANKRUPTCY JUDGE

**WE ASK FOR THIS:**


_/s/ Lynn L. Tavenner_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178

-and-

Richard M. Pachulski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF-2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.  11th Floor
Los Angeles, California  90067-4100
Telephone: 310-227-6910
Facsimile:  310-201-0760
E-mail:        rfeinstein@pszjlaw.com
jpomerantz@pszjlaw.com

Proposed Counsel for Official Committee of Unsecured
Creditors Holding Unsecured Claims


**SEEN AND NO OBJECTION:**


_/s/ Robert B. Van Arsdale (permission by email on 1/14/09)_
Robert B. Van Arsdale (VSB# 17483)
Assistant U.S. Trustee
**Office of the U.S. Trustee**
701 East Broad Street, Suite 4304
Richmond, VA 23219
(804) 771-2310
(804) 771-2330 (Facsimile)

<u>CERTIFICATION</u>

      I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.


                /s/ Lynn L. Tavenner

                Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
                Tavenner & Beran, PLC
                20 North Eighth Street, Second Floor
                Richmond, Virginia  23219
                Telephone:  (804) 783-8300
                Telecopy:  (804) 783-0178