## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al.,[1] | : | Case No. 08-35653-KRH |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| | : | |

### FIRST INTERIM APPLICATION OF GOWLING LAFLEUR
### HENDERSON LLP FOR COMPENSATION FOR SERVICES
### RENDERED AND REIMBURSEMENT OF EXPENSES AS CANADIAN COUNSEL
### TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
### FOR THE PERIOD FROM NOVEMBER 18, 2008 THROUGH OCTOBER 31, 2009

TO:    THE HONORABLE KEVIN R. HUENNEKENS
       UNITED STATES BANKRUPTCY JUDGE

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Gowling Lafleur Henderson LLP ("Gowlings" or "Applicant") hereby files this First Interim Application of Gowling Lafleur Henderson LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for the Period from November 18, 2008 through October 31, 2009 (the "Application"). By this Application, Gowlings seeks an interim allowance of compensation in the amount of $104,456.00 and reimbursement of actual and necessary expenses in the amount of $749.65, for a total allowed amount of $105,205.65, and payment of the unpaid portion of such fees and expenses for the period November 18, 2008 through October 31, 2009 (the "Interim Period") in

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their respective federal tax identifications numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

- 2 -

the aggregate amount of $105,205.65. In support of this Application, Gowlings respectfully represents as follows:

## Background

1.      On November 10, 2008 (the "Petition Date"), the Debtors filed their voluntary Chapter 11 petitions for relief, thereby commencing the above-captioned cases. The cases are being jointly administered but are not substantively consolidated. The Debtors continue to operate their businesses and manage their properties as Debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, neither a trustee nor an examiner has been appointed in these chapter 11 cases. On November 12, 2008, the Office of the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in these cases pursuant to Sections 1102(a) and 1102(b)(1). On November 13, 2008, the Committee was amended by the U.S. Trustee. On December 22, 2008, Gowlings filed its application to be employed as Canadian counsel to the Committee [Docket #1197].

## Retention of Gowlings

2.      On January 20, 2009, the Court entered its order authorizing the Committee to retain Gowlings (the "Retention Order") [Docket # 1667]. A copy of the Retention Order is attached hereto as **Exhibit A**.

## Compensation Paid

3.      On December 9, 2008, the Court entered its Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation ("Administrative Order") [Docket #830]. The Administrative Order authorized certain professionals and members of the Unsecured Creditors' Committee ("Professionals") to serve monthly fee requests ("Monthly Fee Requests"), pursuant to the procedures specified therein. If no objections are made within twenty (20) days after the end of the month for which compensation is sought, then the Debtors are authorized to pay the Professional eighty-five percent (85%) of the requested fees and one hundred percent (100%) of the requested expenses. To date, Gowlings has not filed any Monthly Fee Requests.

4.      All Services for which Gowlings requests compensation were performed for or on behalf of the Committee.

- 3 -

5.      Except as set forth herein, Gowlings has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.

6.      Pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, there is no agreement or understanding between Gowlings and any other person other than the partners of Gowlings for the sharing of compensation to be received for services rendered in this case. Gowlings did not receive a retainer in these cases.

### Jurisdiction and Venue

7.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(A). Venue of these cases and this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. §§ 328, 330 and 331.

### Relief Requested

8.      By this Application, Gowlings seeks an interim allowance of compensation in the amount of $104,456.00 (which amount represents 100% of fees incurred) and actual and necessary expenses in the amount of $749.65 (which amount represents 100% of expenses incurred), for a total allowed amount of $105,205.65, and payment of the unpaid amount of such fees and expenses for the period November 18, 2008 through October 31, 2009 of $105,205.65. All amounts are reflected in Canadian dollars.

9.      As of the date of this Application, Gowlings has been not received any payment of fees or expenses for the period from November 18, 2008 through October 31, 2009. The documentation reflecting the services performed, the time expended by each professional and the hourly rate of each professional incurred during the First Interim Compensation is annexed hereto as **Exhibit D**.

10.      All of the professional services rendered by Gowlings for which compensation is requested were rendered solely in connection with this case and on behalf of the Committee. The services performed were necessary to the administration of these cases and were beneficial to the Committee at the time such services were rendered. All services were performed in a reasonable

- 4 -

amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed. Annexed hereto as **Exhibit B** is a chart indicating the name of each lawyer or paralegal who have worked on this case in the Interim Period, the time expended by each professional, his or her title, hourly rate, and fees charged. Additionally, **Exhibit C** annexed hereto lists each work category and the number of hours expended by professionals for each such category.

11.     The compensation requested is consistent with the nature and extent of the services rendered during the Interim Period, the size and complexity of this case, the time, labor and special expertise brought to bear on the questions presented, and other related factors. The compensation charged is reasonable based on rates charged by comparably skilled practitioners in this and other firms in non-bankruptcy cases. As such, Gowlings submits that the compensation sought is reasonable within the meaning of Sections 330 and 331 of the Bankruptcy Code.

12.     Gowlings has assigned lawyers to tasks commensurate with their level of experience, and has avoided the unnecessary duplication of services rendered which required independent judgment and decision-making. Gowlings requests no compensation for services which represent charges normally associated with the Firm's overhead.

13.     As set forth in the attached exhibits, Gowlings rendered 199.2 hours of professional services during the Interim Period.

**Fee Statements**

14.     **Exhibit D** contains daily time logs describing the time spent by each lawyer and paralegal during the Interim Period. To the best of Gowlings' knowledge, this Application complies with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules").

15.     Gowlings' time reports are initially handwritten or typed by the lawyer or paralegal performing the described services. The time reports are organized on a daily basis. Gowlings is particularly sensitive to issues of "lumping," and unless time was spent in one time

- 5 -

frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. Gowlings charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services.

### Actual and Necessary Expenses

16.     A summary of actual and necessary expenses incurred by Gowlings for the Interim Period is attached hereto as part of **Exhibit E** and the expense detail is included in the statements attached as **Exhibit E**. Gowlings charges $0.10 per page for photocopying expenses and the actual cost of binding materials related to this case. Gowlings' photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier.

17.     Gowlings does not charge for out-going facsimile transmissions. Gowlings does charge for long distance telephone calls on faxes.

18.     Regarding providers of on-line legal research (e.g., Lexis and Westlaw), Gowlings does not charges usage rates.

19.     Gowlings believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.

### Summary of Services Rendered

20.     The names of the partners and associates of Gowlings who have rendered professional services in this case during the Interim Period, and the paralegals who provided services to these lawyers during the Interim Period, are set forth in the attached **Exhibit B**.

21.     Gowlings, by and through the above-named persons, has performed all necessary professional services which are described and narrated in detail below.

### Summary of Services by Categories

22.     The services rendered by Gowlings during the Interim Period can be grouped into the categories set forth below. Gowlings attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more

- 6 -

categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached **Exhibit C**. **Exhibit C** identifies the lawyers and paralegals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

A.    **Case Administration**

23.    Time billed to this category relates to case administration matters. During the Interim Period, Gowlings, among other things: (a) reviewed filings in the Canadian case involving Intertan Canada Ltd.; (b) consulted with and advised US counsel with respect to process and strategy matters involving Canada; and (c) reviewed distributed documents.

**Fees: $59,261.50**         **Total hours: 106**

B.    **Retention of Professionals**

24.    Time billed to this category relates to the retention of Gowlings. The application to retain Gowlings was initially opposed by the Debtors.

**Fees: $6,182.50**          **Total hours: 9.9**

C.    **Hearings**

25.    Included in this category are services related to attendance at hearings before the Ontario Supreme Court of Justice on various matters.

**Fees: $14,374.50**         **Total hours: 23.9**

D.    **Asset Disposition**

26.    This category relates to the sale of the assets of Intertan Canada Ltd.

**Fees: $25.5**           **Total hours: $16,230.00**

E.    **Canadian Claims Process**

27.    Time billed to this category relates to the claims procedures undertaken to determine the claims against Intertan Canada Ltd.

DOCS_LA:212622.2

- 7 -

**Fees: $8,407.5**            **Total hours: 17.9**

28.     The nature of work performed by the Gowlings lawyers and paralegals is fully set forth in **Exhibit C** attached hereto. The hourly rates being charged are Gowlings' normal hourly rates for work of this character. The reasonable value of the services rendered by Gowlings to Debtors during the Interim Period is $116,056.00.

29.     In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Gowlings is fair and reasonable given the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

### Certification Pursuant to Section 504 of the Bankruptcy Code

30.     The Certification of E. Patrick Shea, submitted pursuant to section 504 of the Bankruptcy Code, is attached hereto as **Exhibit F**.

WHEREFORE, Gowlings respectfully requests that the Court approve, for the period November 18, 2008 through October 31, 2009, the interim allowance of the sum of $116,056.00 as compensation for necessary professional services rendered and the sum of $863.50 for reimbursement of actual necessary costs and expenses, for a total of $116,919.50, that the Debtors be authorized and directed to pay the unpaid amount of such fees in the amount of $116,919.50 and for such other and further relief as this Court may deem just and proper.

Dated: December 14, 2009            GOWLINGS LAFLUER HENDERSON LLP


By _____
            E. PATRICK SHEA
            Suite 1600, 1 First Canadian Place
            100 King Street West
            Toronto, Ontario  M5X 1G5
            Telephone: 416.369.7399
            Facsimile:  416.862.7661

            Canadian Counsel for the Official Committee of
            Unsecured Creditors

Filed This 14th Day of December  2009        By:        OFFICIAL COMMITTEE OF
                                                        UNSECURED CREDITORS


                                                    By: */s/ Paula S. Beran*
                                                    Counsel

---

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
E-mail:  ltavenner@tb-lawfirm.com
         pberan@tb-lawfirm.com


Local Co-Counsel for the Official Committee of Unsecured
Creditors

-and-

Richard M. Pachulski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF-2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 310-277-6910
Facsimile:  310-201-0760
E-mail  rpachulski@pszjlaw.com:
        rfeinstein@pszjlaw.com
        jpomerantz@pszjlaw.com


Lead Counsel for the Official Committee of Unsecured
Creditors

---

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on or before the 14th day of December, 2009 a true copy of the foregoing First Interim Application of Gowling Lafleur Henderson LLP for Compensation for Services Rendered and Reimbursement of Expenses as Canadian Counsel to the Official Committee of Creditors for the Period from November 18, 200 through October 31, 2009 was served via first-class mail, postage-prepaid and/or electronic delivery to:

Robert B. Van Arsdale – Via email: robert.b.van.arsdale@usdoj.gov
June E. Turner – Via email: june.e.turner@usdoj.gov
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

Michelle Mosier – Via email michelle_mosier@ccswinddown.com
Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233

Gregg M. Galardi, Esq. – Via email: gregg.galardi@skadden.com
Skadden, Arps, Slate, Meagher, & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899

Douglas M. Foley, Esq. – Via email: dfoley@mcguirewoods.com
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219


*/s/ Paula S. Beran*
Co-Counsel

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al.,[1] | : | Case No. 08-35653-KRH |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| | : | |

**AGREED ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT
OF GOWLING LAFLEUR HENDERSON LLP AS CANADIAN
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS *NUNC PRO TUNC* TO NOVEMBER 18, 2008**

This matter came before the Court on the *Application for Entry of an Order Authorizing
and Approving the Employment of Gowling Lafleur Henderson LLP as Canadian Counsel to the
Official Committee of Unsecured Creditors Nunc Pro Tunc to November 18, 2008* (the
"Application") and the Verified Statement of David F. W. Cohen filed in support of the
Application (the "Cohen Statement") both filed by the Official Committee of Unsecured
Creditors for approval of Gowling Lafleur Henderson LLP's employment as Canadian counsel

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of their respective federal tax
identifications numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc.
(0785), InterTAN, inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC
(5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties,
LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.
(6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for
Circuit City West Coast is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the
address is 9950 Mayland Drive, Richmond, Virginia 23233.

Richard M. Pachulski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF – 2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067-4100
Telephone: (310) 277-6910
Telecopy: (310) 201-0760

Proposed Counsel for the Official
Committee of Unsecured Creditors

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

Proposed Co-Counsel for the Official
Committee of Unsecured Creditors

for the Official Committee of Unsecured Creditors in this case, pursuant to 11 U.S.C. § 1103(a),
and Bankruptcy Rule 2014(a),

      THE COURT HEREBY FINDS THAT:

      A.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and
1334.

      B.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

      C.     Notice of the Application (and service of the proposed order) was sufficient under
the circumstances.

      D.     The Application and the Cohen Statement are in full compliance with all
applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this
Court.

      E.     Gowling Lafleur Henderson LLP does not hold or represent any interest
materially adverse to the Committee, the Debtors' estate, or its creditors with respect to the
matters upon which said law firm is to be engaged, and Gowling Lafleur Henderson LLP is a
"disinterested person," as defined in § 101(14) of the Bankruptcy Code and as required by §
327(a) of the Bankruptcy Code.

      F.     The retention and employment of Gowling Lafleur Henderson LLP in accordance
with the Application and this Order is in the best interest of the Committee and the Debtors'
estates.

      G.     The Debtor's objection to the employment of Gowling Lafleur Henderson LLP
[Docket No. 1450] is deemed resolved by the $150,000 fee and expense cap, described below.

      IT IS HEREBY ORDERED THAT:

      1.     The Application is hereby APPROVED.

2.      Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

3.      The Committee is authorized to retain and employ Gowling Lafleur Henderson LLP as its Canadian counsel, pursuant to §§ 327, 328 and 1103 of the Bankruptcy Code, retroactive to November 18, 2008.

4.      Gowling Lafleur Henderson LLP shall be compensated for such services and reimbursed for any related expenses as provided in the Application, and in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any additional procedures that may be established by this Court, provided however, that there shall be a cap on such compensation and reimbursement at the amount of $150,000 (inclusive of Canadian taxes (the "Cap Amount")). This order is without prejudice to the rights of the Committee to seek additional authorization for expenditures above the Cap Amount in the future.

5.      Upon entry a copy of this Order will be served on all parties receiving ECF notices in these cases. Thereafter, the Committee shall serve a copy of the Order on all remaining requisite parties as provided in the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures.

Dated: Jan 16 2009

/s/ Kevin Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on docket: 1/20/09

**WE ASK FOR THIS:**


/s/ Lynn L. Tavenner
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178

-and-

Richard M. Pachulski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF-2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd. 11th Floor
Los Angeles, California 90067-4100
Telephone: 310-227-6910
Facsimile: 310-201-0760
E-mail:        rfeinstein@pszjlaw.com
jpomerantz@pszjlaw.com

Proposed Counsel for Official Committee of Unsecured
Creditors Holding Unsecured Claims


**SEEN AND AGREED:**


/s/ Douglas M. Foley (permission by email on 1/15/09)
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

-and-

Douglas M. Foley (VA Bar No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for the Debtors and Debtors in Possession

**SEEN AND NO OBJECTION:**

/s/ Robert B. Van Arsdale (permission by email on 1/15/09)
Robert B. Van Arsdale (VSB# 17483)
Assistant U.S. Trustee
**Office of the U.S. Trustee**
701 East Broad Street, Suite 4304
Richmond, VA 23219
(804) 771-2310
(804) 771-2330 (Facsimile)

## CERTIFICATION

I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

/s/ Lynn L. Tavenner

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178

# EXHIBIT B

DOCS_LA:212622.2

## EXHIBIT B

### SUMMARY OF TIME CHARGES AND HOURLY RATES BY PROFESSIONAL FOR PERIOD FROM NOVEMBER 18, 2008 THROUGH OCTOBER 31, 2009

| Professional | Hourly Rate | Hours | Total |
|---|---|---|---|
| Johanne Baril (paralegal) | $160 | 4.5 | $720.00 |
| Hilary Chancy (paralegal) | $205 | 1.0 | $205.00 |
| David F.W. Cohen (partner) | $725 | 48.7 | $35,307.50 |
| Dom Glavota (partner) | $600 | 3.4 | $2,040.00 |
| Alain Lalonde (associate) | $420 | 0.2 | $84.00 |
| Frank Lamie (associate) | $325 | 0.4 | $130.00 |
| Christine Mason (associate) | $325 | 21.2 | $6,890.00 |
| Jean Misurec (paralegal) | $205 | 2.5 | $512.50 |
| Clifton Prophet (partner) | $625/$700 | 4.0 | $3,203.00 |
| E. Patrick Shea (partner) | $550/$575 | 97.3 | $55,364.00 |
| **TOTAL** | | **183.2** | **$104,456.00** |

| | |
|---|---|
| **Total Hours:** | **183.2** |
| **Blended Hourly Rate:**<br>**(Lawyers and Paralegals)** | **$104,456.00** |
| **Blended Hourly Rate:** | **$570.17** |

# EXHIBIT C

## EXHIBIT C

### SUMMARY OF SERVICES BY PROJECT CATEGORY

**Retention of Professionals**

| 10 Dec 2008 | DC | Revising Gowlingss application for employment. | 0.7 | $507.50 |
|---|---|---|---|---|
| 11 Dec 2008 | PS | Engaged re application to employ Gowlingss | 1.2 | $660.00 |
| 12 Dec 2009 | PS | Final review of application to employ Gowlingss. | 0.2 | $110.00 |
| 12 Dec 2008 | DC | Further revising application for employment and clearing all issues and conditions. | 2.8 | $2,030.00 |
| 10 Jan 2009 | PS | Engaged re opposition to retention of Gowlingss. | 3.2 | $1,840.00 |
| 11 Jan 2009 | PS | Engaged re retainer of Gowlingss and objection filed by the Debtors including research re recognition of Creditors Committee in Canadian insolvency proceedings. | 1.8 | $1,035.00 |
| | | | 9.9 | $6,182.50 |

**Case Administration**

| 18 Nov 2008 | CP | Office conference with P. Shea and D. Cohen. | 1.6 | $1,000.00 |
|---|---|---|---|---|
| 18 Nov 2008 | DC | Call to J. Pomerantz to discuss issues being considered by Creditors Committee in respect of Canadian asset sales. | 0.8 | $580.00 |
| 18 Nov 2009 | DC | Review issues regarding potential Canadian sale process and consider strategic response to such. | 5.1 | $3,697.50 |
| 19 Nov 2008 | PS | Meeting with C. Prophet and D. Cohen re Intertan. | 1.6 | $880.00 |
| 19 Nov 2008 | DC | Meeting with P. Shea and C. Prophet regarding Creditor Committee strategy and conference call with J. Pomerantz during such meeting. | 1.6 | $1,160.00 |
| 20 Nov 2008 | PS | Search for available information with respect to filing of Intertan | 0.8 | $440.00 |
| 20 Nov 2008 | DC | Attendance to review of Chapter 11 in respect of Circuit City in respect of CCAA filing by Intertan and DIP loan structure. | 4.5 | $3,262.50 |
| 20 Nov 2008 | DC | Drafting correspondence to Pachulski Stang. | 0.3 | $217.50 |
| 22 Nov 2008 | DC | Drafting correspondence to Pachulski Stang. | 2.7 | $1,957.50 |
| 22 Nov 2008 | DC | Review of Canadian Court materials to respond to questions from Pachulski Stang. | 2.1 | $1,522.50 |
| 23 Nov 2009 | DC | Attendance to correspondence to and from P. Shea and C. Prophet. | 0.7 | $507.50 |
| 23 Nov 2008 | DC | Attendance to telephone call with J. Pomerantz | 0.9 | $652.50 |

- 2 -

| | | | | |
|---|---|---|---|---|
| | | and other members of his firm regarding employment agreement and criteria and status of US proceedings and discussion of Canadian strategy. | | |
| 10 Dec 2008 | PS | E-mail exchange with Pachulski Stang with respect to Canadian proceedings. | 0.4 | $220.00 |
| 11 Dec 2008 | PS | E-mail exchanges with Pachulski Stang re Canadian "docket" and access to documents filed in Canada. | 0.3 | $165.00 |
| 12 Dec 2008 | DC | Call to J. Fiero re Canadian proceedings. | 0.7 | $507.50 |
| 12 Dec 2008 | DC | Attendance to summary of updated Canadian Court docket and correspondence to Pachulski Stang counsel regarding same. | 1.3 | $942.50 |
| 16 Dec 2008 | DC | Office Conference with P. Shea regarding discussions with E. Sellers and J. Latham and strategy for increasing cooperation. | 0.4 | $290.00 |
| 18 Dec 2008 | DC | Office Conference with P. Shea and C. Prophet regarding discussions with E. Sellers – counsel to Intertan - and J. Latham  - counsel to Canadian Monitor - and strategy for increasing cooperation and sales process. | 1.1 | $797.50 |
| 18 Dec 2008 | DC | Call and correspondence to J. Latham - counsel to Canadian Monitor. | 0.9 | $652.50 |
| 19 Dec 2008 | PS | Access website for Canadian proceedings and review materials filed in support of Initial Order and Monitor's reports | 4.8 | $2,640.00 |
| 19 Dec 2008 | DC | Research in respect of and attendance to correspondence to Pachulski Stang re Canadian sale process update. | 4.1 | $2,972.50 |
| 20 Dec 2008 | PS | Update re status of US and Canadian insolvency filings | 1.6 | $880.00 |
| 22 Dec 2008 | DC | Meeting with P. Shea and correspondence to and from P. Shea regarding engaging in dialogue with Canadian Monitor and Canadian DIP regarding the Canadian sale process. | 1.4 | $1,015.00 |
| 22 Dec 2008 | PS | Engaged re consideration of issues raised by DIP amendment in the US and impact in Canada including e-mail exchanges re the issues. | 3.1 | $1,705.00 |
| 22 Dec 2008 | PS | Review of DIP Loan documents. | 2.6 | $1,430.00 |
| 23 Dec 2008 | PS | Review of DIP loan and impact on Canada proceedings and e-mail exchanges with, inter alia, R. Feinstein and J. Pomerantz re the issues raised by the DIP amendment. | 1.3 | $715.00 |
| 23 Dec 2008 | PS | Prepare for and participate in conference call. | 0.4 | $220.00 |
| 26 Dec 2008 | PS | Review updates on website and review amendment to DIP agreement. | 0.6 | $330.00 |

- 3 -

| 29 Dec 2008 | PS | Telephone conversation with M. Wasserman; office conference with D. Cohen. | 0.5 | $275.00 |
| 6 Jan 2009 | PS | E-mail exchanges with respect to access to information from Debtors' Canadian counsel re sales process. | 0.3 | $172.50 |
| 7 Jan 2009 | PS | Consider issues relating to approval of DIP loan in Canada and impact of amendment in US. | 2.9 | $1,667.50 |
| 8 Jan 2009 | PS | Review initial filing materials and DIP loan agreement and amendments. | 3.1 | $1,782.50 |
| 10 Jan 2009 | PS | Receive and review materials from monitor's counsel including Monitor's third report to the Court and correspondence with counsel re same. | 4.7 | $2,702.50 |
| 12 Jan 2009 | PS | Receive and review materials re motion by Intertan. | 2.8 | $1,610.00 |
| 13 Jan 2009 | PS | Receive and review submission by Debtors in response to Monitor's motion. | 1.5 | $862.50 |
| 17 Jan 2009 | PS | Review and consider issues relating to sales process for Canadian assets. | 1.5 | $862.50 |
| 18 Jan 2009 | PS | E-mail from J. Pomerantz re DIP financing and consider impact on issues raised by Monitor re DIP in Canada. | 1.9 | $1,092.50 |
| 27 Jan 2009 | DC | Attendance to telephone call with Pachulski Stang to review bid issues; consideration of Rogers bid spoiler with respect to Bell bid. | 0.9 | $652.50 |
| 2 Feb 2009 | DC | Attendance to call with US DIP counsel and Circuit City counsel. | 1.0 | $725.00 |
| 5 Feb 2009 | DC | Attendance to telephone call to Circuit City with respect to Canadian DIP security review. | 0.1 | $72.50 |
| 8 Feb 2009 | PS | Download and review Intertan affidavit re sales process and other matters. | 1.0 | $575.00 |
| 9 Feb 2009 | DC | Attendance to telephone call with respect to review of DIP security. | 0.4 | $290.00 |
| 9 Feb 2009 | PS | Review motion record filed by Intertan to establish pre-filing claims process. | 1.4 | $805.00 |
| 10 Feb 2009 | PS | Office conference with F. Lamie. | 0.2 | $115.00 |
| 10 Feb 2009 | PS | Receive and review endorsement and order made re pre-filing claims process. | 0.3 | $172.50 |
| 10 Feb 2009 | DC | Attendance to telephone call with H. Kevane; attendance to office conference with C. Mason. | 0.7 | $507.50 |
| 11 Feb 2009 | CM | Reviewing credit agreement and security documents re Intertan Canada Ltd. | 2.2 | $715.00 |
| 12 Feb 2009 | JB | E-mail from H. Chancey, searches re Intertan Canada Ltd. and discussion with A. Lalonde. | 0.5 | $80.00 |
| 12 Feb 2009 | HC | Order *Personal Property Security Act* (Ontario) certificate and Personal Property Security Act searches across Canada and Territories for | 1.0 | $205.00 |

| | | Intertan Canada Ltd. | | |
|---|---|---|---|---|
| 12 Feb 2009 | DC | Attendance to security review issues. | 0.9 | $652.50 |
| 12 Feb 2009 | AL | Discussion with J. Baril re searches re Intertan Canada Ltd. | 0.2 | $84.00 |
| 12 Feb 2009 | AL | Conducting section 427 searches under the *Bank Act* across Canada. | 1.0 | $205.00 |
| 12 Feb 2009 | CM | Discussing credit and security documents with D. Cohen and obtaining PPSA and *Bank Act* searches re Intertan Canada Ltd. | 0.4 | $130.00 |
| 13 Feb 2009 | JB | Register of Personal and Movable Real Rights searches, analysis and report including translation; Scan of documents and e-mail to H. Chancey. | 4.0 | $640.00 |
| 17 Feb 2009 | CM | Reviewing security documents, *Bank Act* and PPSA searches; preparing first draft of security review report; discussing draft report with D. Cohen and incorporating amendments. | 4.2 | $1,365.00 |
| 19 Feb 2009 | PS | Download and review motion record filed by Intertan re amended DIP facility. | 1.9 | $1,092.50 |
| 22 Feb 2009 | CM | Reviewing and considering H. Kevane's comments on draft security review; amending PPSA search summary. | 1.3 | $422.50 |
| 23 Feb 2009 | CM | Email to H. Kevane re review on Intertan Canada Ltd. Canadian security. | 0.1 | $32.50 |
| 23 Feb 2009 | CM | Amending PPSA search summary for InterTAN Canada Ltd. | 0.5 | $162.50 |
| 24 Feb 2009 | DG | Discussion with D. Cohen re opinion; review of draft opinion and discuss same with C. Mason; review of Canadian GSA and Credit Agreement to confirm matters set out in opinion; review of search results with C. Mason; amend opinion and discuss same with C. Mason. | 2.8 | $1,680.00 |
| 25 Feb 2009 | CM | Updating security review letter with search results, discussing letter to H. Kevane with D. Glavota and sending letter to H. Kevane. | 1.2 | $390.00 |
| 24 Feb 2009 | CM | Conference call with H Kevane re review of InterTAN Canada Ltd security; discussing changes with D Glavota and amending letter before forwarding final form to H Kevane. | 2.5 | $812.50 |
| 25 Feb 2009 | AL | Conducting corporate searches; Conducting execution searches in Simcoe; Conducting bankruptcy and insolvency searches; Re: Intertan Canada. | 1.5 | $307.50 |
| 25 Feb 2009 | DG | Further discussions and review of draft opinion with C. Mason. | 0.6 | $360.00 |
| 25 Feb 2009 | PS | Review endorsement and order re amendment to | 0.4 | $230.00 |

- 5 -

| | | the DIP facility. | | |
|---|---|---|---|---|
| 6 Mar 2009 | PS | Download and review Court materials re sale approval motion. | 2.9 | $1,667.50 |
| 10 Mar 2009 | PS | Review orders and endorsements. | 0.5 | $287.50 |
| 27 May 2009 | PS | Receive and review motion materials with respect to motion brought by Intertan re sale approval. | 1.2 | $690.00 |
| 2 Jun 2009 | PS | Receive and review orders made extending stay and amending DIP. | 0.2 | $115.00 |
| 28 Jun 2009 | PS | Review Court material. | 0.9 | $517.50 |
| 29 Jun 2009 | PS | Receive and review order extending stay, etc. | 0.2 | $115.00 |
| | | | 106.0 | $59,261.50 |

**Canadian Claims Process**

| 24 Jun 2009 | PS | Receive materials re claims procedure. | 0.9 | $517.50 |
|---|---|---|---|---|
| 28 Jul 2009 | PS | Review motion record in respect of motion to establish a claims process. | 2.5 | $1,437.50 |
| 30 Jul 2009 | PS | Review order and endorsement re claims process. | 0.3 | $172.50 |
| 15 Oct 2009 | CM | Reviewing documentation re procedure for filing proof of claim; Reviewing Monitor's reports for information re expected dividend. | 5.3 | $1,722.50 |
| 19 Oct 2009 | CM | Drafting memo on claims and the claims process. | 3.5 | $1,137.50 |
| 22 Oct 2009 | DC | Attendance to review Canadian Monitor's realization and claims report and report to J. Pomerantz regarding same. | 2.1 | $1,522.50 |
| 22 Oct 2009 | PS | Engaged re review of report re claims process and realization analysis. | 2.1 | $1,207.50 |
| 23 Oct 2009 | PS | Review Court materials in respect of motion to extend the stay of proceedings. | 1.2 | $690.00 |
| | | | 17.9 | $8,407.50 |

**Hearings**

| 23 Dec 2008 | CP | Prepare for and attend at hearing re amendments to DIP agreement; report to US counsel. | 1.9 | $1,875.50 |
|---|---|---|---|---|
| 23 Dec 2008 | PS | Report from C Prophet on attendance at Court. | 0.5 | $275.00 |
| 24 Dec 2008 | PS | Prepare for an attend 9:30 appointment and report to client. | 2.5 | $1,375.00 |
| 14 Jan 2009 | PS | Attend motion by Monitor. | 6.2 | $3,565.00 |
| 14 Jan 2009 | CP | Brief discussion with P. Shea re motion on US DIP amendment re Court attendance. | 0.2 | $140.00 |

| 15 Jan 2009 | PS | Engaged re hearing of motion with respect to issues with DIP and security over Canadian assets. | 2.1 | $1,207.50 |
|---|---|---|---|---|
| 16 Jan 2009 | PS | Prepare for an attend motion and provide report to client subsequent to attendance. | 6.9 | $3,967.50 |
| 23 Jan 2009 | PS | Receive and review decision from Court. | 1.8 | $1,035.00 |
| 24 Jan 2009 | PS | Prepare analysis of decision of Mr. Justice Morawetz. | 1.4 | $804.00 |
| 10 Feb 2009 | FL | Attendance in Court, and prepare follow-up memo to file and report to P. Shea. | 0.4 | $130.00 |
| | | | 23.9 | $14,374.50 |

**Asset Disposition**

| 18 Dec 2008 | CP | Consulting with D. Cohen and P. Shea and e-mail re same on sale process issues. | 0.3 | $187.50 |
|---|---|---|---|---|
| 18 Dec 2008 | PS | Consultation re sales process. | 0.9 | $495.00 |
| 26 Jan 2009 | PS | Receive and review summary of bids for Intertan. | 3.7 | $2,127.50 |
| 27 Jan 2009 | PS | Receive and review detailed bid package for Intertan. | 4.8 | $2,760.00 |
| 16 Feb 2009 | DC | Attendance to correspondence with respect to Asset Purchase Agreement to J. Pomerantz and initial review of Asset Purchase Agreement. | 1.1 | $797.50 |
| 17 Feb 2009 | DC | Attendance to Asset Purchase Agreement review; telephone call to E. Sellers – counsel to Intertan. | 1.1 | $797.50 |
| 18 Feb 2009 | DC | Review revised Asset Purchase Agreement, telephone call with M. Wasserman – counsel to Intertan -  re Asset Purchase Agreement and prepare comments to report to Pachulski Stang. | 0.8 | $580.00 |
| 19 Feb 2009 | DC | Engaged re Asset Purchase Agreement. | 2.6 | $1,885.00 |
| 20 Feb 2009 | DC | Attendance to further review of Asset Purchase Agreement and telephone conference with counsel to Intertan re Asset Purchase Agreement. | 3.5 | $2,537.50 |
| 23 Feb 2009 | DC | Attendance to confidentiality issues with respect to Asset Purchase Agreement and telephone call with M. Wasserman – counsel to Intertan. | 1.4 | $1,015.00 |
| 16 Feb 2009 | PS | Review purchase agreement and provide comments on same with respect to termination of agreements and franchise situation. | 3.2 | $1,840.00 |
| 17 Feb 2009 | PS | Engaged re consideration of Canadian Asset Purchase Agreement and potential impact on Creditors Committee. | 2.1 | $1,207.50 |
| | | | 25.5 | $16,230.00 |

# EXHIBIT D

DOCS_LA:212622.2

**EXHIBIT D**

**DOCKET DETAILS**

| Johanne Baril | JB |
|---|---|
| Hilary Chancy | HC |
| David F.W. Cohen | DC |
| Dom Glavota | DG |
| Alain Lalonde | AL |
| Frank Lamie | FL |
| Christine Mason | CM |
| Jean Misurec | JM |
| Clifton Prophet | CP |
| E. Patrick Shea | PS |

| Date | Prof | Docket | Rate | Time | Total |
|---|---|---|---|---|---|
| 12 Feb 2009 | JB | E-mail from H. Chancey, searches re Intertan Canada Ltd. and discussion with A. Lalonde. | $160 | 0.5 | $80.00 |
| 13 Feb 2009 | JB | Register of Personal and Movable Real Rights searches, analysis and report including translation. Scan of documents and e-mail to H. Chancey. | $160 | 4.0 | $640.00 |
| | | | | 4.5 | $720.00 |
| 12 Feb 2009 | HC | Order *Personal Property Security Act* (Ontario) certificate and Personal Property Security Act searches across Canada and Territories for Intertan Canada Ltd. | $205 | 1.0 | $205.00 |
| | | | | 1.0 | $205.00 |
| 18 Nov 2008 | DC | Call to J. Pomerantz to discuss issues being considered by Creditors Committee in respect of Canadian asset sales. | | 0.8 | $580.00 |
| 18 Nov 2009 | DC | Review issues regarding potential Canadian sale process and consider strategic response to such.. | | 5.1 | $3,697.50 |
| 19 Nov 2008 | DC | Meeting with P. Shea and C. Prophet regarding Creditor Committee strategy and conference call with J. Pomerantz during such meeting. | | 1.6 | $1,160.00 |
| 20 Nov 2008 | DC | Attendance to review of Chapter 11 in respect of Circuit City in respect of CCAA filing by Intertan and DIP loan structure. | | 4.5 | $3,262.50 |
| 20 Nov 2008 | DC | Drafting correspondence to Pachulski Stang. | | 0.3 | $217.50 |
| 22 Nov 2008 | DC | Drafting correspondence to Pachulski Stang. | | 2.7 | $1,957.50 |

- 2 -

| Date | Prof | Docket | Rate | Time | Total |
|---|---|---|---|---|---|
| 22 Nov 2008 | DC | Review of Canadian Court materials to respond to questions from Pachulski Stang. | | 2.1 | $1,522.50 |
| 23 Nov 2009 | DC | Attendance to correspondence to and from P. Shea and C. Prophet. | | 0.7 | $507.50 |
| 23 Nov 2008 | DC | Attendance to telephone call with J. Pomerantz and other members of his firm regarding employment agreement and criteria and status of US proceedings and discussion of Canadian strategy. | | 0.9 | $652.50 |
| 10 Dec 2008 | DC | Revising Gowlingss application for employment. | | 0.7 | $507.50 |
| 12 Dec 2008 | DC | Call to J. Fiero re Canadian proceedings. | | 0.7 | $507.50 |
| 12 Dec 2008 | DC | Attendance to summary of updated Canadian Court docket and correspondence to Pachulski Stang counsel regarding same. | | 1.3 | $942.50 |
| 12 Dec 2008 | DC | Further revising application for employment and clearing all issues and conditions. | | 2.8 | $2,030.00 |
| 16 Dec 2008 | DC | Office Conference with P. Shea regarding discussions with E. Sellers and J. Latham and strategy for increasing cooperation. | | 0.4 | $290.00 |
| 18 Dec 2008 | DC | Office Conference with P. Shea and C. Prophet regarding discussions with E. Sellers – counsel to Intertan - and J. Latham - counsel to Canadian Monitor - and strategy for increasing cooperation and sales process. | | 1.1 | $797.50 |
| 18 Dec 2008 | DC | Call and correspondence to J. Latham - counsel to Canadian Monitor. | | 0.9 | $652.50 |
| 19 Dec 2008 | DC | Research in respect of and attendance to correspondence to Pachulski Stang re Canadian sale process update. | | 4.1 | $2,972.50 |
| 22 Dec 2008 | DC | Meeting with P. Shea and correspondence to and from P. Shea regarding engaging in dialogue with Canadian Monitor and Canadian DIP regarding the Canadian sale process. | | 1.4 | $1,015.00 |
| 27 Jan 2009 | DC | Attendance to telephone call with Pachulski Stang to review bid issues; consideration of Rogers bid spoiler with respect to Bell bid. | | 0.9 | $652.50 |
| 2 Feb 2009 | DC | Attendance to call with US DIP counsel and Circuit City counsel. | | 1.0 | $725.00 |
| 5 Feb 2009 | DC | Attendance to telephone call to Circuit City with respect to Canadian DIP security review. | | 0.1 | $72.50 |
| 9 Feb 2009 | DC | Attendance to telephone call with respect to review of DIP security. | | 0.4 | $290.00 |

DOCS_LA:212622.2

- 3 -

| Date | Prof | Docket | Rate | Time | Total |
|---|---|---|---|---|---|
| 10 Feb 2009 | DC | Attendance to telephone call with H. Kevane; attendance to office conference with C. Mason. | | 0.7 | $507.50 |
| 12 Feb 2009 | DC | Attendance to security review issues. | | 0.9 | $652.50 |
| 16 Feb 2009 | DC | Attendance to correspondence with respect to Asset Purchase Agreement to J. Pomerantz and initial review of Asset Purchase Agreement. | | 1.1 | $797.50 |
| 17 Feb 2009 | DC | Attendance to Asset Purchase Agreement review; telephone call to E. Sellers – counsel to Intertan. | | 1.1 | $797.50 |
| 18 Feb 2009 | DC | Review revised Asset Purchase Agreement, telephone call with M. Wasserman – counsel to Intertan - re Asset Purchase Agreement and prepare comments to report to Pachulski Stang. | | 0.8 | $580.00 |
| 19 Feb 2009 | DC | Engaged re Asset Purchase Agreement. | | 2.6 | $1,885.00 |
| 20 Feb 2009 | DC | Attendance to further review of Asset Purchase Agreement and telephone conference with counsel to Intertan re Asset Purchase Agreement. | | 3.5 | $2,537.50 |
| 23 Feb 2009 | DC | Attendance to confidentiality issues with respect to Asset Purchase Agreement and telephone call with M. Wasserman – counsel to Intertan. | | 1.4 | $1,015.00 |
| 22 Oct 2009 | DC | Attendance to review Canadian Monitor's realization and claims report and report to J. Pomerantz regarding same. | | 2.1 | $1,522.50 |
| | | | | 48.7 | $35,307.50 |
| 24 Feb 2009 | DG | Discussion with D. Cohen re opinion; review of draft opinion and discuss same with C. Mason; Review of Canadian GSA and Credit Agreement to confirm matters set out in opinion; review of search results with C. Mason; amend opinion and discuss same with C. Mason. | | 2.8 | $1,680.00 |
| 25 Feb 2009 | DG | Further discussions and review of draft opinion with C. Mason; | | 0.6 | $360.00 |
| | | | | 3.4 | $2,040.00 |
| 12 Feb 2009 | AL | Discussion with J. Baril re searches re Intertan Canada Ltd. | $420 | 0.2 | $84.00 |
| | | | | 0.2 | $84.00 |
| 10 Feb 2009 | FL | Attendance in Court and prepare follow-up memo to file and report to P. Shea. | $325 | 0.4 | $130.00 |
| | | | | 0.4 | $130.00 |
| 11 Feb 2009 | CM | Reviewing credit agreement and security documents re Intertan Canada Ltd. | $325 | 2.2 | $715.00 |

- 4 -

| Date | Prof | Docket | Rate | Time | Total |
|---|---|---|---|---|---|
| 12 Feb 2009 | CM | Discussing credit and security documents with D. Cohen; obtaining PPSA and *Bank Act* searches re InterTAN Canada Ltd; | $325 | 0.4 | $130.00 |
| 17 Feb 2009 | CM | Reviewing security documents, Bank Act and PPSA searches and preparing first draft of security review report; Discussing draft report with D. Cohen and incorporating amendments. | $325 | 4.2 | $1,365.00 |
| 22 Feb 2009 | CM | Reviewing and considering H. Kevane's comments on draft security review; amending PPSA search summary. | $325 | 1.3 | $422.50 |
| 23 Feb 2009 | CM | Email to H Kevane re review on Intertan Canada Ltd. Canadian security. | $325 | 0.1 | $32.50 |
| 23 Feb 2009 | CM | Amending PPSA search summary for Intertan Canada Ltd. | $325 | 0.5 | $162.50 |
| 24 Feb 2009 | CM | Conference call with H. Kevane re review of Intertan Canada Ltd security; discussing changes with D. Glavota and amending letter before forwarding final form to H. Kevane. | $325 | 2.5 | $812.50 |
| 25 Feb 2009 | CM | Updating security review letter with search results, discussing letter to H. Kevane with D. Glavota and sending letter to H. Kevane. | $325 | 1.2 | $390.00 |
| 15 Oct 2009 | CM | Reviewing documentation re procedure for filing proof of claim; Reviewing Monitor's reports for information re expected dividend. | $325 | 5.3 | $1,722.50 |
| 19 Oct 2009 | CM | Drafting memo on claims and the claims process. | $325 | 3.5 | $1,137.50 |
| | | | | 21.2 | $6,890.00 |
| 12 Feb 2009 | JM | Conducting section 427 searches under the *Bank Act* across Canada. | $205 | 1.0 | $205.00 |
| 25 Feb 2009 | JM | Conducting corporate searches, execution searches and bankruptcy and insolvency searches. | $205 | 1.5 | $307.50 |
| | | | | 2.5 | $512.50 |
| 18 Nov 2008 | CP | Office conference with P. Shea and D. Cohen. | $625 | 1.6 | $1,000.00 |
| 18 Dec 2008 | CP | Consulting with D. Cohen and P. Shea and e-mail re same on sale process issues. | $625 | 0.3 | $187.50 |
| 23 Dec 2008 | CP | Prepare for and attend at hearing re amendments to DIP agreement; report to US counsel. | $625 | 1.9 | $1,875.50 |
| 14 Jan 2009 | CP | Brief discussion with P. Shea re motion on US DIP amendment. | $700 | 0.2 | $140.00 |
| | | | | 4.0 | $3,203.00 |

- 5 -

| Date | Prof | Docket | Rate | Time | Total |
|------|------|--------|------|------|-------|
| 19 Nov 2008 | PS | Meeting with C. Prophet and D. Cohen re Intertan. | $550 | 1.6 | $880.00 |
| 20 Nov 2008 | PS | Search for available information with respect to filing of Intertan, | $550 | 0.8 | $440.00 |
| 10 Dec 2008 | PS | E-mail exchange with Pachulski Stang with respect to Canadian proceedings. | $550 | 0.4 | $220.00 |
| 11 Dec 2008 | PS | E-mail exchanges with Pachulski Stang re Canadian "docket" and access to documents filed in Canada. | $550 | 0.3 | $165.00 |
| 11 Dec 2008 | PS | Engaged re application to employ Gowlingss. | $550 | 1.2 | $660.00 |
| 12 Dec 2008 | PS | Final review of application to employ Gowlingss. | $550 | 0.2 | $110.00 |
| 18 Dec 2008 | PS | Consultation re sales process. | $550 | 0.9 | $495.00 |
| 19 Dec 2008 | PS | Access website for Canadian proceedings and review materials filed in support of Initial Order and Monitor's reports. | $550 | 4.8 | $2,640.00 |
| 20 Dec 2008 | PS | Update re status of US and Canadian insolvency filings. | $550 | 1.6 | $880.00 |
| 22 Dec 2008 | PS | Engaged re consideration of issues raised by DIP amendment in the US and impact in Canada including e-mail exchanges re the issues. | $550 | 3.1 | $1,705.00 |
| 22 Dec 2008 | PS | Review of DIP Loan documents. | $550 | 2.6 | $1,430.00 |
| 23 Dec 2008 | PS | Review of DIP loan and impact on Canada proceedings and e-mail exchanges with, inter alia, R. Feinstein and J. Pomerantz re the issues raised by the DIP amendment. | $550 | 1.3 | $715.00 |
| 23 Dec 2008 | PS | Prepare for and participate in conference call. | $550 | 0.4 | $220.00 |
| 23 Dec 2008 | PS | Report from C Prophet on attendance at Court. | $550 | 0.5 | $275.00 |
| 24 Dec 2008 | PS | Prepare for and attend 9:30 appointment and report to client. | $550 | 2.5 | $1,375.00 |
| 26 Dec 2008 | PS | Review updates on website and review amendment to DIP agreement. | $550 | 0.6 | $330.00 |
| 29 Dec 2008 | PS | Telephone conversation with M. Wasserman; office conference with D. Cohen. | $550 | 0.5 | $275.00 |
| 6 Jan 2009 | PS | E-mail exchanges with respect to access to information from Debtors' Canadian counsel re sales process. | $575 | 0.3 | $172.50 |
| 7 Jan 2009 | PS | Consider issues relating to approval of DIP loan in Canada and impact of amendment in US. | $575 | 2.9 | $1,667.50 |
| 8 Jan 2009 | PS | Review initial filing materials and DIP loan agreement and amendments. | $575 | 3.1 | $1,782.50 |
| 10 Jan 2009 | PS | Receive and review materials from monitor's counsel including Monitor's third | $575 | 4.7 | $2,702.50 |

- 6 -

| Date | Prof | Docket | Rate | Time | Total |
|------|------|--------|------|------|-------|
| | | report to the Court and correspondence with counsel re same. | | | |
| 10 Jan 2009 | PS | Engaged re retainer of Gowlingss. | $575 | 3.2 | $1,840.00 |
| 11 Jan 2009 | PS | Engaged re retainer of Gowlingss and objection filed by the Debtors including research re recognition of Creditors Committee in Canadian insolvency proceedings. | $575 | 1.8 | $1,035.00 |
| 12 Jan 2009 | PS | Receive and review materials re motion by Intertan. | $575 | 2.8 | $1,610.00 |
| 13 Jan 2009 | PS | Receive and review submission by Debtors in response to Monitor's motion. | $575 | 1.5 | $862.50 |
| 14 Jan 2009 | PS | Attend motion by Monitor. | $575 | 6.2 | $3,565.00 |
| 15 Jan 2009 | PS | Engaged re hearing of motion with respect to issues with DIP and security over Canadian assets. | $575 | 2.1 | $1,207.50 |
| 16 Jan 2009 | PS | Prepare for an attend motion and provide report to client subsequent to attendance. | $575 | 6.9 | $3,967.50 |
| 17 Jan 2009 | PS | Review and consider issues relating to sales process for Canadian assets. | $575 | 1.5 | $862.50 |
| 18 Jan 2009 | PS | E-mail from J. Pomerantz re DIP financing and consider impact on issues raised by Monitor re DIP in Canada. | $575 | 1.9 | $1,092.50 |
| 23 Jan 2009 | PS | Receive and review decision from Court. | $575 | 1.8 | $1,035.00 |
| 24 Jan 2009 | PS | Prepare analysis of decision of Mr. Justice Morawetz. | $575 | 1.4 | $804.00 |
| 26 Jan 2009 | PS | Receive and review summary of bids for Intertan. | $575 | 3.7 | $2,127.50 |
| 27 Jan 2009 | PS | Receive and review detailed bid package for Intertan. | $575 | 4.8 | $2,760.00 |
| 8 Feb 2009 | PS | Download and review Intertan affidavit re sales process and other matters. | $575 | 1.0 | $575.00 |
| 9 Feb 2009 | PS | Review motion record filed by Intertan to establish pre-filing claims process. | $575 | 1.4 | $805.00 |
| 10 Feb 2009 | PS | Receive and review endorsement and order made re pre-filing claims process. | $575 | 0.3 | $172.50 |
| 10 Feb 2009 | PS | Office conference with F. Lamie. | $575 | 0.2 | $115.00 |
| 16 Feb 2009 | PS | Review purchase agreement and provide comments on same with respect to termination of agreements and franchise situation. | $575 | 3.2 | $1,840.00 |
| 17 Feb 2009 | PS | Engaged re consideration of Canadian APA and potential impact on US Unsecured Creditors Committee. | $575 | 2.1 | $1,207.50 |
| 19 Feb 2009 | PS | Download and review motion record filed by Intertan re amended DIP facility. | $575 | 1.9 | $1,092.50 |
| 25 Feb 2009 | PS | Review endorsement and order re amendment to the DIP facility. | $575 | 0.4 | $230.00 |
| 6 Mar 2009 | PS | Download and review motion materials re | $575 | 2.9 | $1,667.50 |

- 7 -

| Date | Prof | Docket | Rate | Time | Total |
|------|------|--------|------|------|-------|
| | | sale approval motion. | | | |
| 10 Mar 2009 | PS | Review orders and endorsements. | $575 | 0.5 | $287.50 |
| 27 May 2009 | PS | Receive and review motion materials with respect to motion brought by Intertan re sale approval. | $575 | 1.2 | $690.00 |
| 2 Jun 2009 | PS | Receive and review orders made extending stay and amending DIP. | $575 | 0.2 | $115.00 |
| 28 Jun 2009 | PS | Review Canadian Court material. | $575 | 0.9 | $517.50 |
| 29 Jun 2009 | PS | Receive and review order extending stay, etc. | $575 | 0.2 | $115.00 |
| 24 Jun 2009 | PS | Receive materials re claims procedure. | $575 | 0.9 | $517.50 |
| 28 Jul 2009 | PS | Review motion record in respect of motion to establish a claims process. | $575 | 2.5 | $1,437.50 |
| 30 Jul 2009 | PS | Review order and endorsement re claims process. | $575 | 0.3 | $172.50 |
| 22 Oct 2009 | PS | Engaged re review of report re claims process and realization analysis. | $575 | 2.1 | $1,207.50 |
| 23 Oct 2009 | PS | Review Canadian Court materials in respect of motion to extend the stay of proceedings. | $575 | 1.2 | $690.00 |
| | | | | 97.3 | $55,364.00 |

# EXHIBIT E

**EXHIBIT E**

**SUMMARY OF DISBURSEMENTS BILLED**

| Expense Category | Total Expenses |
|---|---|
| Searches | $569.65 |
| Postage / Courier | $14.50 |
| Reproduction/Binding Expense | $165.50 |
| **TOTAL DISBURSEMENTS BILLED:** | **$749.65** |

| | | |
|---|---|---|
| Feb 27, 2009 | RDPRM – Search – non taxable disbursement | $24.00 |
| Feb 25, 2009 | Copying | $75.90 |
| Feb 25, 2009 | Copying | $5.00 |
| Feb 25, 2009 | Corporate Searches | $3.00 |
| Feb 25, 2009 | Corporate Searches | $20.00 |
| Feb 25, 2009 | Corporate Searches | $8.00 |
| Feb 25, 2009 | Insolvency/Bankruptcy Search | $8.00 |
| Feb 25, 2009 | TeraView (Ontario) Online Searches & Registration | $14.00 |
| Feb 18, 2009 | Binding | $11.60 |
| Feb 17, 2009 | Copying | $19.25 |
| Feb 13, 2009 | Copying | $53.75 |
| Feb 13, 2009 | Courier | $7.50 |
| Feb 12, 2009 | Service Fee Associated with a Search | $4.00 |
| Feb 12, 2009 | PPSA Online Search | $3.00 |
| Feb 12, 2009 | Corporate Searches | $150.00 |
| Feb 12, 2009 | Corporate Searches – Agency | $38.65 |
| Feb 12, 2009 | Corporate Searches | $101.50 |
| Feb 12, 2009 | Corporate Searches – Agency | $33.50 |
| Feb 12, 2009 | PPSA Online Search | $8.00 |
| Feb 12, 2009 | Bank Act – Section 427 Search | $154.00 |
| Dec 12, 2008 | Courier | $7.00 |

# EXHIBIT F

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., <u>et al.</u>,[1] | : | Case No. 08-35653-KRH |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| | : | |

## CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF FIRST INTERIM APPLICATION OF GOWLING LAFLEUR HENDERSON LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF CREDITORS <u>FOR THE PERIOD FROM NOVEMBER 18, 2008 THROUGH OCTOBER 31, 2009</u>

I, E. Patrick Shea, hereby certify that:

1.    I am a partner with the applicant firm of Gowling Lafleur Henderson LLP ("<u>Gowlings</u>"), Canadian counsel to the Official Committee of Unsecured Creditors appointed in above-captioned matter. I submit this certification with respect to Gowlings compliance with the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "<u>UST Guidelines</u>"), and the Order, Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation for Professionals ("<u>Administrative Order</u>"), and collectively with the Local Guidelines and UST Guidelines, (the "<u>Guidelines</u>").

---

[1] The Debtorss in these Chapter 11 Cases, along with the last four digits of their respective federal tax identifications numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prates, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

- 2 -

2.      This Certification in made in connection with the First Interim Application of Gowling Lafleur Henderson LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Creditors (the "Application") for the Period from November 18, 2008 through October 31, 2009 ("Interim Period"), in accordance with the Guidelines.

3.      In accordance with 18 U.S.C. § 155 and the Rules of this Court, neither I nor any lawyer of my firm has entered into any agreement, written or oral, express or implied, with the Office of the United States Trustee, with the Debtors, any creditor or any other party in interest, or any lawyer of such person, for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the assets of the Debtors.

4.      In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm or any lawyer thereof or any person for the division of such compensation as my firm may receive for services rendered in connection with this case, nor will any division or fees prohibited by Section 504 of the Bankruptcy Code be made by me or any partner, counsel or associate of my firm.

5.      I certify that: (a) I have read the Application; (b) to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines; (c) the fees and disbursements sought are billed at rates in accordance with those customarily charged by Gowlings and generally accepted by Gowlings' clients; and (d) in providing a reimbursable service, Gowlings does not make a profit on that service, whether the service is performed by Gowlings in-house or through a third party.

- 3 -

6.    I certify that the Debtors, counsel for the statutory creditors' committee, and the United States Trustee for the Eastern District of Virginia are each being provided with a copy of the Application.

Dated: December 14 , 2009    GOWLINGS LAFLEUR HENDERSON LLP

By _____

    E. PATRICK SHEA
    1 First Canadian Place
    100 King Street West, Suite 1600
    Toronto, Ontario   M5X 1G5
    Telephone: 416.369.7399
    Facsimile: 416.862.7661

    Canadian Counsel for the Official Committee of
    Unsecured Creditors

TOR_LAW\ 7266210\1