

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:                              )        Chapter 11
                                    )
CIRCUIT CITY STORES, INC., et al.   )        Case No. 08-35653
                                    )
        Debtors                     )        Jointly Administered

## RESPONSE OF
## PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD
## TO DEBTOR'S SIXTIETH OMNIBUS OBJECTION TO CLAIMS
## (DISALLOWANCE OF CERTAIN (I) NO LIABILITY (LEGAL CLAIMS);
## (II) NO LIABILITY (MISCELLANEOUS CLAIMS); AND
## (III) NO LIABILITY (SUBCONTRACTOR CLAIMS))

The Public Company Accounting Oversight Board (the "Board" or "PCAOB"),

on behalf of itself and the Financial Accounting Standards Board ("FASB")[1], hereby files

its objection (the "Response") to the Debtor's Sixtieth Omnibus Objection to Claims

(Disallowances of Certain (i) No Liability (Legal Claims); (ii) No Liability

(Miscellaneous Claims); and (iii) No Liability (Subcontractor Claims) (the "Debtor's

Omnibus Objection"). In support of its Response, the PCAOB respectfully states as

follows:

## BASIS FOR RESPONSE

1.      The PCAOB sent two invoices, dated April 29, 2009, to Circuit City Stores,

        Inc. for $4,700.00 combined representing the company's assessed shares of

---

[1]      The Financial Accounting Foundation ("FAF"), which is responsible for the oversight,
administration, and finance of the FASB, has designated the PCAOB as the collection agent with respect to
FASB's accounting support fee pursuant to a Collection Agent Agreement, dated August 1, 2003, by and
between the PCAOB and the FAF.

the PCAOB and FASB accounting support fees.[2]  Copies of each invoice are

attached as Exhibit 1.

2.      Section 109 of the Sarbanes-Oxley Act of 2002 (the "Act"), 15 U.S.C. § 7219,

provides that funds to cover the Board's annual budget (less registration and

annual fees paid by public accounting firms) and the FASB's annual budget

are to be collected from "issuers," as defined in the Act. The amount due from

such companies is referred to in the Act as the annual "accounting support

fee" for both the Board and the FASB, respectively.

3.      Following the Securities and Exchange Commission's (the "SEC") approval

of the Board's budget and annual accounting support fee and the SEC's

review of the FASB's budget, the Board computed the allocation of the

accounting support fees to issuers pursuant to its funding rules.[3]  For 2009, the

accounting support fee was calculated on March 27, 2009.[4]  Under the

PCAOB's funding rules, all companies that were "issuers," as that term is

defined in the Act and the Board's rules, as of that date were subject to the

accounting support fee if they had average monthly equity market

capitalization, based on all classes of common stock, greater than $25 million

during the prior calendar year.

---

[2]      Of the $4,700.00 invoiced amount, $4,000.00 represents the accounting support fee for
the PCAOB (Invoice # P-103016-092) and $700.00 represents the accounting support fee for the FASB
(Invoice # F-103016-093).

[3]      The Board's funding rules were approved by the SEC on August 1, 2003. See SEC
Release No. 34-48278 (August 1, 2003). As contemplated in Section 109(e) of the Act, the FASB has
designated the allocation formula set forth in PCAOB Rule 7101 as the allocation to be used for the
FASB accounting support fee.

[4]      See Questions 2 and 10 in the PCAOB's Frequently Asked Questions on The Accounting Support
Fee and the Funding Process (April 29, 2009), located at www.pcaobus.org/Support_Fees/SupportFeeFAQ.pdf.

4.    Section 13(b)(2)(C) of the Securities Exchange Act of 1934, as amended by

Section 109(h) of the Act, also requires all issuers to pay their allocable share

of the PCAOB and FASB accounting support fees.

5.    As of March 27, 2009, per the PCAOB's staff research, Circuit City Stores,

Inc. was an "issuer", as that term is defined in the Act and the Board's Rules.

Based on market capitalization information obtained by the Board from a

third-party data provider, Circuit City Stores, Inc. had average monthly equity

market capitalization of greater than $25 million during 2008. A copy of

Circuit City Stores, Inc.'s average monthly equity market capitalization is

attached as Exhibit 2.

6.    The invoices sent to Circuit City Stores, Inc. were proper and pursuant to the

Board's funding rules. Therefore, Circuit City Stores, Inc. is liable for the

PCAOB and FASB accounting support fees reflected in the two invoices.

7.    Accordingly, the Board objects to Debtor's Omnibus Objection, which

disputes the debtor's liability for such claim.

8.    The Board filed a Request for Payment, dated June 29, 2009, for the PCAOB

and FASB accounting support fees incurred by Circuit City Stores, Inc. with

Kurtzman Carson Consultants LLC's Claims Processing Department, pursuant

to the Notice of Deadline for Filing Administrative Expense Request. A copy

of the Board's Request for Payment, dated June 29, 2009, and all associated

attachments to that request, is attached as Exhibit 3.

9.    Replies to this Response should be sent to Nina Mojiri-Azad, Assistant

General Counsel, Public Company Accounting Oversight Board, 1666 K

Street, NW, Washington, DC  20006, Telephone:  202-207-9035, facsimile:

866-422-2389.  Ms. Mojiri-Azad also is identified as the individual with

personal knowledge of the relevant facts that support the Response.

10.    To facilitate a resolution to this Response, Debtor's attorneys may contact J.

Gordon Seymour, General Counsel, Public Company Accounting Oversight

Board, 1666 K Street, NW, Washington, DC  20006, Telephone:  202-207-

9100, facsimile:  202-862-8430, or Nina Mojiri-Azad, Assistant General

Counsel, Public Company Accounting Oversight Board, 1666 K Street, NW,

Washington, DC  20006, Telephone:  202-207-9035, facsimile:  866-422-

2389.

## CONCLUSION

WHEREFORE, the Board respectfully requests that this Court sustain the

PCAOB's objection to Debtor's Omnibus Objection and grant such other and further

relief as is just and proper.


Dated: December 11, 2009                    Respectfully submitted,


John W. Hazard, Jr. (VSB No. 19795)
Webster, Chamberlain & Bean
1747 Pennsylvania Avenue, N.W., #1000
Washington, D.C.  20006-4693
(202) 785-9500

Counsel for Claimant

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2009, a copy of the foregoing RESPONSE OF PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD TO DEBTOR'S SIXTIETH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN (I) NO LIABILITY (LEGAL CLAIMS); (II) NO LIABILITY (MISCELLANEOUS CLAIMS); AND (III) NO LIABILITY (SUBCONTRACTOR CLAIMS)) was sent via FEDEX to the following parties:

*Debtor's attorneys*

Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
PO Box 636
Wilmington, DE  19899-0636
Attn:  Gregg M. Galardi
Attn:  Ian S. Fredericks

McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA  23219
Attn:  Dion W. Hayes
Attn:  Douglas M. Foley

Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606
Attn:  Chris L. Dickerson

John W. Hazard, Jr.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al. | ) | Case No. 08-35653 |
| | ) | |
| Debtors | ) | Jointly Administered |

**PERSONAL DECLARATION TO RESPONSE OF
PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD
TO DEBTOR'S SIXTIETH OMNIBUS OBJECTION TO CLAIMS
(DISALLOWANCE OF CERTAIN (I) NO LIABILITY (LEGAL CLAIMS);
(II) NO LIABILITY (MISCELLANEOUS CLAIMS); AND
(III) NO LIABILITY (SUBCONTRACTOR CLAIMS))**

In connection with the objection of Public Company Accounting Oversight Board (the "Board" or "PCAOB"), filed on behalf of itself and the Financial Accounting Standards Board ("FASB")[1], (the "Response") to the Debtor's Sixtieth Omnibus Objection to Claims (Disallowances of Certain (i) No Liability (Legal Claims); (ii) No Liability (Miscellaneous Claims); and (iii) No Liability (Subcontractor Claims) (the "Debtor's Omnibus Objection"), I declare that I have personal knowledge of the relevant facts that support the Response.

Nina Mojiri-Azad
Assistant General Counsel
Public Company Accounting Oversight Board
1666 K Street, NW
Washington, DC  20006
Telephone: 202-207-9035
facsimile:  866-422-2389

---

[1]    The Financial Accounting Foundation ("FAF"), which is responsible for the oversight, administration, and finance of the FASB, has designated the PCAOB as the collection agent with respect to FASB's accounting support fee pursuant to a Collection Agent Agreement, dated August 1, 2003, by and between the PCAOB and the FAF.

Exhibit 1



**FINANCIAL ACCOUNTING STANDARDS BOARD**

**P.O. Box 630420**
**Baltimore, MD 21263-0420**

# 2009 FASB ACCOUNTING SUPPORT FEE INVOICE

**ISSUER:**

| | |
|---|---|
| **DATE:** | 04/29/2009 |

Bruce H. Besanko, C.F.O
CIRCUIT CITY STORES INC
9950 MAYLAND DR
RICHMOND, VA 23233-1463

| | |
|---|---|
| **ISSUER #:** | 103016 |
| **INVOICE #:** | F-103016-093 |
| **CONFIRMATION CODE:** | Arru27+ZU |

| | |
|---|---|
| Issuer's FASB Accounting Support Fee for Calendar Year 2009 | $700.00 |
| **Total Due** | **$700.00** |

Pursuant to Section 109 of the Sarbanes-Oxley Act of 2002, the Issuer's share of the FASB total Accounting Support Fee has been calculated as follows:

| | |
|---|---|
| ISSUER'S CLASS: | 1 |
| TOTAL FASB ACCOUNTING SUPPORT FEE: | $28,883,200 |
| ISSUER'S MARKET CAPITALIZATION OR NET ASSET VALUE SUBJECT TO FEE: | $443,421,648 |
| TOTAL MARKET CAPITALIZATION AND NET ASSET VALUE OF ALL ISSUERS: | $17,538,206,396,507 |
| ISSUER'S PERCENTAGE OF FASB ACCOUNTING SUPPORT FEE: | 0.00253% |
| ISSUER'S SHARE OF ACCOUNTING SUPPORT FEE: | $700 |

STD    500290

**Payment should be made via ACH debit at https://payments.pcaobus.org**
(BEFORE attempting to process the transactions online, please verify that your banking institution allows ACH debit.)

Information required to process your payment: the above confirmation code, invoice number,
your bank account number, and the associated ABA Number.

For billing questions, please call 1-866-606-3982 (9:00am-5:00pm EST) or email BillingFAQ@pcaobus.org.

PCAOB has been authorized as the collection agent for the FASB.

All fees are in **U.S. Dollars.** Payment is due within 30 days after the notice is sent.
Overdue accounts are subject to interest at 6% per annum.

STD    500290

**Overview.** Since 1973, the Financial Accounting Standards Board ("FASB") has been the designated organization in the private sector for establishing standards of financial accounting and reporting. Pursuant to Section 108 of the Sarbanes-Oxley Act of 2002 (the "Act"), on April 25, 2003 the U.S. Securities and Exchange Commission ("Commission") recognized FASB as the standard-setting body whose accounting principles are "generally accepted" for purposes of the securities laws. In conjunction with this determination, Section 109 of the Act provides that funds to cover FASB's annual budget are to be collected from "issuers," as that term is defined in the Act. The amount due from issuers is referred to in the Act as FASB's "accounting support fee." As contemplated in Section 109(c) of the Act, FASB has designated the Public Company Accounting Oversight Board ("PCAOB") as its collection agent for the purpose of assessing and collecting the FASB accounting support fee and has designated the allocation formula set forth in PCAOB Rule 7101 as the allocation to be used for the FASB accounting support fee. As explained in more detail below, under the PCAOB's funding rules, the portion of the accounting support fee allocated to, and payable by, equity issuers with average monthly market capitalizations of greater than $25 million and registered investment companies with average monthly market capitalization or net asset value of greater than $250 million is determined by a formula based on U.S. market capitalization.

**Issuers Subject to the Fee.** Under Section 109(d) of the Act, the FASB accounting support fee is to be allocated, assessed and collected "among issuers." "Issuer" is defined in Section 2(a)(7) of the Act as "an issuer (as defined in section 3 of the Securities Exchange Act of 1934 (15 U.S.C. 78c)), the securities of which are registered under section 12 of that Act (15 U.S.C. 78l), or that is required to file reports under section 15(d) (15 U.S.C. 78o(d)), or that files or has filed a registration statement that has not yet become effective under the Securities Act of 1933 (15 U.S.C. 77a et seq.), and that it has not withdrawn." Under the PCAOB's funding rules, a company's status as an issuer (or as a class of issuer, as described below) will be determined as of the date on which the allocation of the annual FASB accounting support fee among subject issuers is set. Companies that are not issuers on that date will not be required to pay any fee during that year.

**Allocation.** PCAOB Rule 7101 governs the allocation of the accounting support fee among issuers. Under paragraph (a) of this rule, all issuers are divided into four classes:

(1)   Equity Issuers class. The publicly-traded companies with average monthly equity market capitalization, based on all classes of common stock, greater than $25 million during the prior calendar year. The PCAOB uses market capitalization information from nationally-recognized market data sources.

(2)   Investment Company Issuers class. The registered investment companies and issuers that have elected to be regulated as business development companies with average monthly market capitalization or net asset value greater than $250 million during the prior calendar year. The Board uses market capitalization and net asset value information from nationally recognized market-data sources.

(3)   Issuers Permitted Not to File class. All issuers that have a basis under a Commission rule, or pursuant to other action of the Commission or

its staff, not to file audited financial statements with the Commission or to file modified financial statements.

(4)   All Other Issuers class. Issuers that do not fall in classes (1), (2), or (3).

PCAOB Rule 7101(b) governs the allocation of the accounting support fee among the issuers in the four classes. That paragraph of the rule provides that:

(1)   Each company in the Equity Issuers and Investment Company Issuers classes will be allocated an amount equal to the accounting support fee, multiplied by a fraction. The numerator of the fraction will be the issuer's average monthly U.S. market capitalization during the preceding calendar year (AMMC). The denominator will be the sum of the average monthly U.S. market capitalizations of all Equity and Investment Company Issuers (TAMMC). For purposes of this allocation, however, the market capitalization of an investment company issuer will be ten percent of the investment company's net asset value. This reduction reflects the fact that investment company audits are relatively less complex than audits of publicly-traded companies.

(2)   All issuers in the other two classes – issuers permitted not to file and all other issuers – are allocated a share of zero.

**Assessment.** PCAOB Rule 7102 provides that each year, after the allocation of the accounting support fee is determined, issuers will be assessed for their share of the accounting support fee, rounded to the nearest hundred. If an issuer's share of the accounting support fee is less than $50, that issuer will not be assessed.

**Collection.** PCAOB Rule 7103 governs the collection of the accounting support fee. Unless the PCAOB directs otherwise, payment is due on the 30th day after transmittal, after which interest will accrue at a rate equal to 6 percent per annum. If an issuer has not paid its bill by the 60th day, the PCAOB may send a second notice by certified mail. If the bill still remains unpaid after 90 days, the PCAOB may report the issuer's non-payment to the Commission. In addition, PCAOB Rule 7103(b) provides that no registered public accounting firm may sign an unqualified audit opinion with respect to an issuer's financial statements without ascertaining that the issuer has outstanding no past-due share of the accounting support fee.

**Disputes.** PCAOB Rule 7102(c) provides a procedure for an issuer to contest the class in which it was placed or the calculation by which its share of the accounting support fee was determined. Any issuer who disagrees with the class in which it has been placed, or with the calculation by which its share of the accounting support fee was determined, may petition the PCAOB for a correction of the share of the accounting support fee it was allocated. Any such petition must include an explanation of the nature of the claimed mistake in classification or calculation, in writing, on or before the 30th day after the notice is sent.



# PCAOB
Public Company Accounting Oversight Board

**P.O. Box 631116**
**Baltimore, MD 21263-1116**

# 2009 ACCOUNTING SUPPORT FEE INVOICE

**SUBJECT ISSUER:**

**DATE:** 04/29/2009

ldildulluddldludluulddlduulludldl
Bruce H. Besanko,  C.F.O
CIRCUIT CITY STORES INC
9950 MAYLAND DR
RICHMOND, VA  23233-1463

**ISSUER #:** 103016
**INVOICE #:** P-103016-092
**CONFIRMATION CODE:** U5nPgPqJC

| DESCRIPTION | SUBJECT ISSUER'S SHARE OF TOTAL PCAOB ACCOUNTING SUPPORT FEE |
|---|---|
| PCAOB Accounting Support Fee for Calendar Year 2009 | $4,000.00 |
| Total Due | **$4,000.00** |

Pursuant to Section 109 of the Sarbanes-Oxley Act of 2002 and PCAOB Rule 7101, the subject issuer's share of the total Accounting Support Fee has been calculated as follows:

| | |
|---|---|
| SUBJECT ISSUER'S CLASS: | 1 |
| TOTAL PCAOB ACCOUNTING SUPPORT FEE (TPASF - Based upon SEC approved budget): | $157,364,180 |
| SUBJECT ISSUER'S MARKET CAPITALIZATION OR NET ASSET VALUE SUBJECT TO FEE (AMMC): | $443,421,648 |
| TOTAL MARKET CAPITALIZATION AND NET ASSET VALUE OF ALL SUBJECT ISSUERS (TAMMC): | $17,538,206,396,507 |
| SUBJECT ISSUER'S ACCOUNTING SUPPORT FEE CALCULATION (AMMC/TAMMC): | 0.00253% |
| SUBJECT ISSUER'S SHARE OF ACCOUNTING SUPPORT FEE (AMMC/TAMMC * TPASF): | $4,000 |

STD    500290

**Payment should be made via ACH debit at https://payments.pcaobus.org**
(BEFORE attempting to process the transactions online, please verify that your banking institution allows ACH debit.)

Information required to process your payment: the above confirmation code, invoice number,
your bank account number, and the associated ABA Number.

For billing questions, please call 1-866-606-3982 (9:00am-5:00pm EST) or email BillingFAQ@pcaobus.org.

For more information regarding this invoice, the Sarbanes-Oxley Act of 2002, and the Public Company Accounting
Oversight Board, please go to our website at **www.pcaobus.org.**

All fees are in **U.S. Dollars.** Payment is due within 30 days after the notice is sent.
*Overdue accounts are subject to interest at 6% per annum.*

## NOTICE
**Pursuant to Section 109(h) of the Sarbanes-Oxley Act of 2002 and PCAOB Rule 7103(c), an issuer's failure to pay its share of the accounting support fee is a violation of Section 13(b)(2) of the Securities Exchange Act of 1934 and could, like any other Exchange Act violation, result in administrative, civil, or criminal sanctions (see Sections 21C(a), 21(d), and 32(a) of the Exchange Act, 15 U.S.C. §§ 78u-3(a), 78u(d), and 78ff(a)).**

STD    500290

**Overview.** The Public Company Accounting Oversight Board ("PCAOB" or "Board") is a private-sector, non-profit corporation, created by the Sarbanes-Oxley Act of 2002 (the "Act"), to oversee the auditors of public companies in order to protect the interests of investors and further the public interest in the preparation of informative, fair, and independent audit reports. Pursuant to the Act, the Board has been charged with the authority to register, inspect, discipline and establish auditing and related professional practice standards to be followed by public accounting firms that audit issuers and by persons associated with such firms. Section 109 of the Act provides that funds to cover the Board's annual budget (less registration and annual fees paid by public accounting firms) are to be collected from "issuers," as that term is defined in the Act. The amount due from issuers is referred to in the Act as the Board's "accounting support fee." As explained in more detail below, under the Board's funding rules, the portion of the accounting support fee allocated to, and payable by, the equity issuers with average monthly market capitalizations of greater than $25 million and registered investment companies with average monthly market capitalization or net asset value of greater than $250 million is determined by a formula based on U.S. market capitalization.

**PCAOB Funding Rules.** Section 109(d) of the Act provides that "[t]he rules of the Board ... shall provide for the equitable allocation, assessment, and collection by the Board" of its accounting support fee. Pursuant to this directive, the Board proposed rules governing the allocation, assessment and collection of its accounting support fee on March 13, 2003. See PCAOB Release No. 2003-002 (Mar. 14, 2003), available at www.pcaobus.org. After receiving and considering public comments, the Board adopted PCAOB Rules 7100 through 7104, plus related definitions, on April 16, 2003. See PCAOB Release No. 2003-003 (Apr. 18, 2003), available at www.pcaobus.org. Pursuant to Section 107(b) of the Act, the Board filed these rules with the U.S. Securities and Exchange Commission ("Commission") for approval on April 17, 2003. After soliciting public comment, see 68 Fed. Reg. 38406 (June 27, 2003), the Commission approved these rules on August 1, 2003, see SEC Rel. No. 34-48278, available at www.sec.gov. In addition, the Commission annually approves the Board's budget and the accounting support fee.

**Issuers Subject to the Fee.** Under Section 109(d) of the Act, the accounting support fee is to be allocated, assessed and collected "among issuers." "Issuer" is defined in Section 2(a)(7) of the Act as "an issuer (as defined in section 3 of the Securities Exchange Act of 1934 (15 U.S.C. 78c)), the securities of which are registered under section 12 of that Act (15 U.S.C. 78l), or that is required to file reports under section 15(d) (15 U.S.C. 78o(d)), or that files or has filed a registration statement that has not yet become effective under the Securities Act of 1933 (15 U.S.C. 77a et seq.), and that it has not withdrawn." Under the Board's funding rules, a company's status as an issuer (or as a class of issuer, as described below) will be determined as of the date on which the allocation of the annual accounting support fee among subject issuers is set. Companies that are not issuers on that date will not be required to pay any fee during that year.

**Allocation.** PCAOB Rule 7101 governs the allocation of the accounting support fee among issuers. Under paragraph (a) of this rule, all issuers are divided into four classes:

(1)   Equity Issuers class. The publicly-traded companies with average monthly equity market capitalizations, based on all classes of common stock, greater than $25 million during the prior calendar year. The Board uses market capitalization information from nationally-recognized market data sources.

(2)   Investment Company Issuers class. The registered investment companies and issuers that have elected to be regulated as business development companies with average monthly market capitalization or net asset value greater than $250 million during the prior calendar year. The Board uses market capitalization and net asset value information from nationally recognized market-data sources.

(3)   Issuers Permitted Not to File class. All issuers that have a basis under a Commission rule, or pursuant to other action of the Commission or its staff, not to file audited financial statements with the Commission or to file modified financial statements.

(4)   All Other Issuers class. Issuers that do not fall in classes (1), (2), or (3).

PCAOB Rule 7101(b) governs the allocation of the accounting support fee among the issuers in the four classes. That paragraph of the rule provides that:

(1)   Each company in the Equity Issuers and Investment Company Issuers classes will be allocated an amount equal to the accounting support fee, multiplied by a fraction. The numerator of the fraction will be the issuer's average monthly U.S. market capitalization during the preceding calendar year (AMMC). The denominator will be the sum of the average monthly U.S. market capitalizations of all Equity and Investment Company Issuers (TAMMC). For purposes of this allocation, however, the market capitalization of an investment company issuer will be ten percent of the investment company's net asset value. This reduction reflects the fact that investment company audits are relatively less complex than audits of publicly-traded companies.

(2)   All issuers in the other two classes – issuers permitted not to file and all other issuers – are allocated a share of zero.

**Assessment.** PCAOB Rule 7102 provides that each year, after the allocation of the accounting support fee is determined, issuers will be assessed for their share of the accounting support fee, rounded to the nearest hundred. If an issuer's share of the accounting support fee is less than $50, that issuer will not be assessed.

**Collection.** PCAOB Rule 7103 governs the collection of the accounting support fee. Unless the Board directs otherwise, payment is due on the 30th day after transmittal, after which interest will accrue at a rate equal to 6 percent per annum. If an issuer has not paid its bill by the 60th day, the Board may send a second notice by certified mail. If the bill still remains unpaid after 90 days, the Board may report the issuer's non-payment to the Commission. In addition, PCAOB Rule 7103(b)(1) provides that, subject to the exception in Rule 7103(b)(2), no registered public accounting firm may sign an unqualified audit opinion with respect to an issuer's financial statements without ascertaining that the issuer has outstanding no past-due share of the accounting support fee.

**Disputes.** PCAOB Rule 7102(c) provides a procedure for an issuer to contest the class in which it was placed or the calculation by which its share of the accounting support fee was determined. Any issuer who disagrees with the class in which it has been placed, or with the calculation by which its share of the accounting support fee was determined, may petition the Board for a correction of the share of the accounting support fee it was allocated. Any such petition must include an explanation of the nature of the claimed mistake in classification or calculation, in writing, on or before the 30th day after the notice is sent.

## Accounting Support Fee Instruction Sheet
### (Please read the following)

*Enclosed are the invoice(s) for your company's share(s) of the accounting* support fees related to the funding of the Public Company Accounting Oversight Board ("PCAOB") and the Financial Accounting Standards Board ("FASB"), respectively.

Please pay these invoices electronically at **https://payments.pcaobus.org**

BEFORE attempting to process the transactions online, please verify that your banking institution allows **ACH debit** transactions.

In making the payments, you will be required to provide the confirmation code, the invoice number, the payment amount, your company's name, your bank account number, and the associated routing (ABA) number.

Questions regarding billing and payment should be directed to our help line:

| | |
|---|---|
| **Phone:** | **1 (866) 606-3982 (9:00am-5:00pm EST)** |
| **E-mail:** | **BillingFAQ@pcaobus.org** |

Unless the Board directs otherwise, payment is due on the 30th day after the invoice date. Beginning on the 31st day, payment shall be deemed past due and interest shall accrue at a rate of 6 percent per annum.

For additional information, please see the back page of the enclosed invoice(s) or visit the PCAOB's website at www.pcaobus.org.

* * *

The PCAOB is a private-sector, non-profit corporation, created by the Sarbanes-Oxley Act of 2002, to oversee the auditors of public companies in order to protect the interests of investors and further the public interest in the preparation of informative, fair, and independent audit reports.

Since 1973, the FASB has been the designated organization in the private sector for establishing standards of financial accounting and reporting. Pursuant to the Sarbanes-Oxley Act of 2002, the Securities and Exchange Commission recognized FASB as the standard-setting body whose accounting principles are "generally accepted" for purposes of the securities laws. The Financial Accounting Foundation has designated PCAOB as collection agent for FASB's accounting support fee.

## Frequently Asked Questions (FAQ)

1. What issuers are subject to the accounting support fee?
   **Equity Issuers:** Publicly-traded companies with average monthly equity market
   capitalization, based on all classes of common stock, greater than $25 million during the prior
   calendar year. The Board uses market capitalization information from a nationally-recognized
   market data source.
   **Investment Company Issuers:** Registered investment companies and issuers that have
   elected to be regulated as business development companies with average monthly market
   capitalization or net asset value greater than $250 million during the prior calendar year.

2. How is the accounting support fee calculated?
   Equity issuers and investment company issuers are allocated a share of the accounting
   support fee based on their relative average monthly U.S. market capitalizations. The issuer's
   share is its average monthly U.S. market capitalization during the preceding calendar year,
   divided by the sum of the average monthly U.S. market capitalization of all equity and
   investment company issuers. For the purposes of this allocation, however, the market
   capitalization of an investment company issuer will be 10 percent of the investment
   company's actual market capitalization or net asset value.

3. What period do these invoices cover?
   Accounting support fees are calculated on an annual basis. The enclosed invoices are for the
   2009 accounting support fees.

4. If I pay on-line via ACH debit, is the payment processing system secure?
   The payment processing system utilizes a third party payment provider to process payment
   transactions. The payment provider's system was created to address issues of confidentiality,
   data integrity, non-repudiation, and auditability utilizing industry standard 128-bit encryption,
   data integrity checking and logging.

5. Will a receipt or payment confirmation be provided?
   The payment website provides an Accounting Support Fee Payment Receipt page that
   provides the amount paid, a transaction number, and the date paid. Please note that these
   transactions may take 3-4 business days to clear your bank account. This receipt, assuming
   it is for the full amount invoiced, along with proof of debit from your bank account constitutes
   confirmation of your payment.

6. My company is unable to process payment online by ACH debit. How can we pay?
   Your company can issue separate check payments to the PCAOB and FASB. Check
   payments should be sent to the PO Box number listed in the top right-hand corner of each
   respective invoice, and should reference the invoice number on each check. The PCAOB and
   FASB do not offer ACH credit or credit card as payment options.

7. What are the Federal Tax IDs for the PCAOB and FASB?
   You may find the tax ID number for each organization on their respective W-9 form(s), which
   can be printed from the "Support Fees" section of the PCAOB website (www.pcaobus.org).

Please refer to the back of the enclosed invoice(s) for more detailed information
concerning the PCAOB and FASB accounting support fees.

Exhibit 2


**PCAOB**
Public Company Accounting Oversight Board

1666 K Street, N.W.
Washington, DC  20006
Telephone: (202) 207-9100
Facsimile: (202) 862-8430
www.pcaobus.org

June 29, 2009

Circuit City Stores, Inc., et al.
Claims Processing Dept.
Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA  90245

      Re:    Request for payment of Administrative Expense incurred by Circuit
             City Stores, Inc.

Dear Sir or Madam,

      The purpose of this letter is to submit a request for payment on behalf of
the Public Company Accounting Oversight Board (the "Board" or "PCAOB") and
the Financial Accounting Standards Board ("FASB") of Administrative Expenses
from Circuit City Stores, Inc. pursuant to the Notice of Deadline for Filing
Administrative Expense Request.  The PCAOB sent two invoices, dated April 29,
2009, to Circuit City Stores, Inc. for $4,700.00 combined representing the
company's assessed shares of the PCAOB and FASB accounting support fees.[1]
We believe that the assessed shares of the accounting support fees represent
Administrative Expenses as that term is defined in the Notice of Deadline for
Filing Administrative Expense Request and arose after November 10, 2008,
through and including April 30, 2009.  The following sets forth the legal and
factual basis for the amounts invoiced to Circuit City Stores, Inc. by the Board
and the Board's request for payment of this amount.

      The PCAOB is a private, non-profit corporation established by the
Sarbanes-Oxley Act of 2002 (the "Act"), 15 U.S.C. §§ 7201 *et seq.*, to oversee
the auditors of public companies in order to protect the interests of investors and
further the public interest in the preparation of informative, fair and independent
audit reports.  The FASB, since 1973, has been the designated organization in
the private sector for establishing standards of financial accounting and reporting.
Pursuant to Section 108 of the Act, 15 U.S.C. § 7218, on April 25, 2003, the U.S.

---

[1]      Of the $4,700.00 invoiced amount, $4,000.00 represents the accounting support fee for
the PCAOB (Invoice # P-103016-092) and $700.00 represents the accounting support fee for the FASB
(Invoice # F-103016-093).  The Financial Accounting Foundation ("FAF"), which is responsible for the
oversight, administration, and finance of the FASB, has designated the PCAOB as the collection agent with
respect to FASB's accounting support fee pursuant to a Collection Agent Agreement, dated August 1,
2003, by and between the PCAOB and the FAF.



Circuit City Stores
June 29, 2009
Page 2

Securities and Exchange Commission ("SEC") recognized the FASB as the
standard-setting body whose accounting principles are "generally accepted" for
purposes of the securities laws.

Section 109 of the Act, 15 U.S.C. § 7219, provides that funds to cover the
Board's annual budget (less registration and annual fees paid by public
accounting firms) and the FASB's annual budget are to be collected from
"issuers," as defined in the Act. The amount due from such companies is referred
to in the Act as the annual "accounting support fee" for both the Board and the
FASB, respectively.  Pursuant to Section 109, the PCAOB's budget must be
approved by the SEC, including the annual accounting support fee, and the
FASB's budget is subject to review by the SEC.

Once the Board's budget and annual accounting support fee is approved
by and the FASB's budget is reviewed by the SEC, the Board computes the
allocation of the accounting support fees to issuers pursuant to its funding rules.[2]
Invoices are sent to each issuer assessed a share, respectively, of the Board's
and/or the FASB's accounting support fee reflecting that issuer's share of the
respective accounting support fee based on that issuer's average monthly market
capitalization during the preceding calendar year relative to the total average
monthly market capitalization of all equity and investment company issuers
during the same period.  Accordingly, Circuit City Stores, Inc.'s assessed share
of the PCAOB accounting support fee of $4,000.00 and assessed share of the
FASB accounting support fee of $700.00 were based on its average monthly
market capitalization during the 2008 calendar year relative to the total average
monthly market capitalization of all equity and investment company Issuers
during the same period.  Invoices, dated April 29, 2009, were sent to Circuit City
Stores, Inc. informing it of its assessed share of the Board's accounting support
fee of $4,000.00 and its assessed share of the FASB's accounting support fee of
$700.00.

In furtherance of the Board's request for payment of Circuit City Stores,
Inc.'s assessed shares of the respective accounting support fees, which we
believe represent Administrative Expenses, please find enclosed (i) a copy of the
invoices, dated April 29, 2009, and all related material provided with the invoices;

---

[2]       The Board's funding rules were approved by the SEC on August 1, 2003.  *See* SEC
Release No. 34-48278 (August 1, 2003).  As contemplated in Section 109(e) of the Act, the FASB has
designated the allocation formula set forth in PCAOB Rule 7101 as the allocation to be used for the FASB
accounting support fee.

**Public Company Accounting Oversight Board**
**Bylaws and Rules – Rules – Funding**

### SECTION 7.  FUNDING

**Rule 7000.   [Reserved]**

[Reserved]

**Rule 7100.   Accounting Support Fee.**

The Board shall calculate an accounting support fee each year. The accounting support fee shall equal the budget of the Board, as approved by the Commission, less the sum of all registration fees and annual fees received during the preceding calendar year from public accounting firms, pursuant to Section 102(f) of the Act and the Rules of the Board.

[Effective pursuant to SEC Release No. 34-48278, File No. PCAOB-2003-02 (August 1, 2003)]

**Rule 7101.   Allocation of Accounting Support Fee.**

**(a)      Classes of Issuers**

For purposes of allocating the accounting support fee, those entities that are issuers as of the date the accounting support fee is calculated under Rule 7100 shall be divided into four classes:

**(1)      Equity Issuers**

All issuers whose average, monthly issuer market capitalization during the preceding calendar year is greater than $25 million, other than those described in paragraphs (a)(2) and (a)(3) of this Rule, and whose share price on a monthly, or more frequent, basis is publicly available.

Note:  Average, monthly market capitalization will be based on closing stock prices on the closest trading day on or before the last day of each calendar month measured.

**(2)      Investment Company Issuers**

All issuers (i) who, as of the date the accounting support fee is calculated under Rule 7100, are registered under Section 8 of the Investment Company Act or have elected to be regulated as business development companies pursuant to Section 54 of the Investment Company Act, other than those described in paragraph (a)(3), (ii) whose average, monthly issuer market capitalization during the preceding calendar year is greater than $250 million, and (iii) whose share price (or net asset value) on a monthly, or more frequent, basis is publicly-available.

**Public Company Accounting Oversight Board**
**Bylaws and Rules – Rules – Funding**

Note: Average, monthly market capitalization will be based on closing stock prices on the closest trading day on or before the last day of each calendar month measured.

### (3)   Issuers Permitted Not to File Audited Financial Statements and Bankrupt Issuers that File Modified Reports

All issuers that, as of the date the accounting support fee is calculated under Rule 7100, (i) have a basis, under a Commission rule or pursuant to other action of the Commission or its staff, not to file audited financial statements, (ii) are employee stock purchase, savings and similar plans, interests in which constitute securities registered under the Securities Act, or (iii) are subject to the jurisdiction of a bankruptcy court and satisfy the modified reporting requirements of Commission Staff Legal Bulletin No. 2.

Note: As of April 16, 2003, issuers within paragraph (a)(3)(i) of this Rule include (A) asset-backed issuers, (B) unit investment trusts, as defined in Section 4(2) of the Investment Company Act, that have not filed or updated a registration statement that became effective during the preceding year, and (C) Small Business Investment Companies registered on Form N-5 under the Investment Company Act, that have not filed or updated a registration statement that became effective during the preceding year.

### (4)   All Other Public Company Issuers

All issuers other than those described in paragraphs (a)(1), (a)(2) or (a)(3) of this Rule.

### (b)   Allocation of Accounting Support Fee Among Issuers

The accounting support fee shall be allocated among the classes in paragraph (a) of this Rule as follows:

### (1)   Equity and Investment Company Issuers

Each issuer described in paragraph (a)(1) and (a)(2) of this Rule shall be allocated a share of the accounting support fee in an amount equal to the accounting support fee multiplied by a fraction –

(i)   the numerator of which is the average, monthly market capitalization of the issuer during the preceding calendar year, except that for issuers described in paragraph (a)(2) of this Rule, the numerator is one-tenth of the average, monthly market capitalization of the issuer; and

**Public Company Accounting Oversight Board**
**Bylaws and Rules – Rules – Funding**

(ii)    the denominator of which is the sum of the average, monthly market capitalizations of the issuers described in paragraph (a)(1) of this Rule and one-tenth of the average, monthly market capitalizations of the issuers described in paragraph (a)(2) of this Rule.

### (2)    All Other Classes

Each issuer described in paragraphs (a)(3) and (a)(4) of this Rule shall be allocated a share of the accounting support fee equal to $0.

### (c)    Adjustments

After the accounting support fee is calculated under Rule 7100 and allocated under this Rule, any adjustment to the share allocated to an issuer shall not affect the share allocated to any other issuer.

[Effective pursuant to SEC Release No. 34-48278, File No. PCAOB-2003-02 (August 1, 2003)]

### Rule 7102.    Assessment of Accounting Support Fee.

### (a)    Amount of Assessment

Each issuer is required to pay its share of the accounting support fee, as allocated under Rule 7101, rounded to the nearest hundred.

Note:  If an issuer's share of the accounting support fee is less than $50, that issuer will not be assessed. If the issuer's share of the accounting support fee is exactly $50 more than a multiple of $100, then the share will be rounded up to the nearest $100.

### (b)    Notice of Assessment

The Board will use its best efforts to send a notice to each issuer, either electronically or by first-class mail, at the address shown on such issuer's most recent periodic report filed with the Commission, at the address submitted to the Commission's EDGAR system, or at such other address as the issuer provides to the Board. The Board's failure to send an issuer a notice, or the issuer's failure to receive a notice sent by the Board, shall not constitute a waiver of the Board's right to assess such issuer for its share of the accounting support fee or of the issuer's responsibility to pay its share of the accounting support fee.

### (c)    Petition for Correction

Any issuer who disagrees with the class in which it has been placed, or with the calculation by which its share of the accounting support fee was determined, may

Public Company Accounting Oversight Board
Bylaws and Rules – Rules – Funding

petition the Board for a correction of the share of the accounting support fee it was allocated. Any such petition shall include an explanation of the nature of the claimed mistake in classification or calculation, in writing, on or before the 30th day after the notice is sent. After a review of such a petition, the Board will determine whether the allocation is consistent with Section 109 of the Act and the Board's rules thereunder and provide the issuer a written explanation of its decision. The provisions of Rule 7103 shall be suspended while such a petition is pending before the Board.

[Effective pursuant to SEC Release No. 34-48278, File No. PCAOB-2003-02 (August 1, 2003)]

**Rule 7103.    Collection of Accounting Support Fee.**

**(a)    Accounting Support Fee Payment Due Date**

Unless the Board directs otherwise, payment shall be due on the 30th day after the notice is sent. Beginning on the 31st day, payment shall be deemed past due and interest shall accrue at a rate of 6 percent per annum.

**(b)    Confirmation of Payment of Accounting Support Fee by Registered Accounting Firm**

(1)    Except as provided in paragraph (b)(2) of this Rule, no registered public accounting firm shall sign an unqualified audit opinion with respect to an issuer's financial statements, or issue a consent to include an audit opinion issued previously, unless the registered public accounting firm has ascertained that the issuer has outstanding no past-due share of the accounting support fee or has a petition pursuant to Rule 7102(c) pending.

(2)    A registered public accounting firm may sign an unqualified audit opinion with respect to an issuer's financial statements, or issue a consent to include an audit opinion issued previously, even though the issuer has outstanding a past-due share of the accounting support fee and has not filed a petition under Rule 7102(c), if the issuer needs the report or consent in order to submit a report to, or make a filing with, the Commission or to issue securities. The issuer shall submit to the Board a notice of the signing of the opinion or issuance of the consent not later than the next business day after the filing is made with the Commission. This exception to paragraph (b)(1) of this Rule shall not continue longer than 15 business days after the earlier of the date of the notice's submission or the filing of the report with the Commission, and may not be invoked for more than one such period with respect to any share of the accounting support fee that the issuer is assessed under Rule 7102.

Note 1:  A registered public accounting firm may ascertain that an issuer has no outstanding past-due share of the accounting support fee by obtaining a representation from the issuer or a confirmation from the Board that no past-due share of the accounting support fee is outstanding.

**Public Company Accounting Oversight Board**
**Bylaws and Rules – Rules – Funding**

Note 2:  A notice pursuant to paragraph (b)(2) of this Rule must be submitted electronically by email to rule7103stay@pcaobus.org.

(c)      **Report to the Commission of Non-payment of an Accounting Support Fee**

If an issuer has not paid its share of the accounting support fee by the 60th day after the notice was sent, and the issuer does not have a petition pursuant to Rule 7102(c) pending, the Board may send a second notice to such issuer by certified mail. If the Board has sent such a second notice and has not been paid by the 90th day after the original notice was sent, the Board may report the issuer's nonpayment to the Commission.

Note:  Section 13(b)(2) of the Exchange Act provides, in part, that: "Every issuer which has a class of securities registered pursuant to section 12 of this title and every issuer which is required to file reports pursuant to section 15(d) of this title shall ~ * * * (C) notwithstanding any other provision of law, pay the allocable share of such issuer of a reasonable accounting support fee or fees, determined in accordance with Section 109 of the Sarbanes-Oxley Act of 2002."

(d)      **Excess Fees**

If in any Board fiscal year, the Board receives fees in excess of the budget for that fiscal year, the Board shall hold those excess fees in escrow. Such escrowed excess fees shall be released to the Board at the beginning of the next fiscal year and shall reduce the Board's accounting support fee in that next fiscal year.

[Effective pursuant to SEC Release No. 34-48278, File No. PCAOB-2003-02 (August 1, 2003)]

**Rule 7104.   Service as Designated Collection Agent.**

If the Board is designated to serve as collection agent for an accounting support fee of a standard-setting body designated by the Commission pursuant to Section 19(b) of the Securities Act, the assessment and collection of the accounting support fee shall be governed by Rules 7102 and 7103 as if the accounting support fee of the standard-setting body were the accounting support fee of the Board.

[Effective pursuant to SEC Release No. 34-48278, File No. PCAOB-2003-02 (August 1, 2003)]

H. R. 3763

# One Hundred Seventh Congress
## of the
## United States of America

### AT THE SECOND SESSION

*Begun and held at the City of Washington on Wednesday,*
*the twenty-third day of January, two thousand and two*

# An Act

To protect investors by improving the accuracy and reliability of corporate disclosures
made pursuant to the securities laws, and for other purposes.

*Be it enacted by the Senate and House of Representatives of*
*the United States of America in Congress assembled,*

**SECTION 1. SHORT TITLE; TABLE OF CONTENTS.**

(a) SHORT TITLE.—This Act may be cited as the "Sarbanes-Oxley Act of 2002".

(b) TABLE OF CONTENTS.—The table of contents for this Act is as follows:

Sec. 1. Short title; table of contents.
Sec. 2. Definitions.
Sec. 3. Commission rules and enforcement.

TITLE I—PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD

Sec. 101. Establishment; administrative provisions.
Sec. 102. Registration with the Board.
Sec. 103. Auditing, quality control, and independence standards and rules.
Sec. 104. Inspections of registered public accounting firms.
Sec. 105. Investigations and disciplinary proceedings.
Sec. 106. Foreign public accounting firms.
Sec. 107. Commission oversight of the Board.
Sec. 108. Accounting standards.
Sec. 109. Funding.

TITLE II—AUDITOR INDEPENDENCE

Sec. 201. Services outside the scope of practice of auditors.
Sec. 202. Preapproval requirements.
Sec. 203. Audit partner rotation.
Sec. 204. Auditor reports to audit committees.
Sec. 205. Conforming amendments.
Sec. 206. Conflicts of interest.
Sec. 207. Study of mandatory rotation of registered public accounting firms.
Sec. 208. Commission authority.
Sec. 209. Considerations by appropriate State regulatory authorities.

TITLE III—CORPORATE RESPONSIBILITY

Sec. 301. Public company audit committees.
Sec. 302. Corporate responsibility for financial reports.
Sec. 303. Improper influence on conduct of audits.
Sec. 304. Forfeiture of certain bonuses and profits.
Sec. 305. Officer and director bars and penalties.
Sec. 306. Insider trades during pension fund blackout periods.
Sec. 307. Rules of professional responsibility for attorneys.
Sec. 308. Fair funds for investors.

TITLE IV—ENHANCED FINANCIAL DISCLOSURES

Sec. 401. Disclosures in periodic reports.
Sec. 402. Enhanced conflict of interest provisions.
Sec. 403. Disclosures of transactions involving management and principal stockholders.

H. R. 3763—25

"(2) ANNUAL REPORT.—A standard setting body described in paragraph (1) shall submit an annual report to the Commission and the public, containing audited financial statements of that standard setting body.".

(b) COMMISSION AUTHORITY.—The Commission shall promulgate such rules and regulations to carry out section 19(b) of the Securities Act of 1933, as added by this section, as it deems necessary or appropriate in the public interest or for the protection of investors.

(c) NO EFFECT ON COMMISSION POWERS.—Nothing in this Act, including this section and the amendment made by this section, shall be construed to impair or limit the authority of the Commission to establish accounting principles or standards for purposes of enforcement of the securities laws.

(d) STUDY AND REPORT ON ADOPTING PRINCIPLES-BASED ACCOUNTING.—

(1) STUDY.—

(A) IN GENERAL.—The Commission shall conduct a study on the adoption by the United States financial reporting system of a principles-based accounting system.

(B) STUDY TOPICS.—The study required by subparagraph (A) shall include an examination of—

(i) the extent to which principles-based accounting and financial reporting exists in the United States;

(ii) the length of time required for change from a rules-based to a principles-based financial reporting system;

(iii) the feasibility of and proposed methods by which a principles-based system may be implemented; and

(iv) a thorough economic analysis of the implementation of a principles-based system.

(2) REPORT.—Not later than 1 year after the date of enactment of this Act, the Commission shall submit a report on the results of the study required by paragraph (1) to the Committee on Banking, Housing, and Urban Affairs of the Senate and the Committee on Financial Services of the House of Representatives.

SEC. 109. FUNDING.

(a) IN GENERAL.—The Board, and the standard setting body designated pursuant to section 19(b) of the Securities Act of 1933, as amended by section 108, shall be funded as provided in this section.

(b) ANNUAL BUDGETS.—The Board and the standard setting body referred to in subsection (a) shall each establish a budget for each fiscal year, which shall be reviewed and approved according to their respective internal procedures not less than 1 month prior to the commencement of the fiscal year to which the budget pertains (or at the beginning of the Board's first fiscal year, which may be a short fiscal year). The budget of the Board shall be subject to approval by the Commission. The budget for the first fiscal year of the Board shall be prepared and approved promptly following the appointment of the initial five Board members, to permit action by the Board of the organizational tasks contemplated by section 101(d).

(c) SOURCES AND USES OF FUNDS.—

H. R. 3763—26

(1) RECOVERABLE BUDGET EXPENSES.—The budget of the Board (reduced by any registration or annual fees received under section 102(e) for the year preceding the year for which the budget is being computed), and all of the budget of the standard setting body referred to in subsection (a), for each fiscal year of each of those 2 entities, shall be payable from annual accounting support fees, in accordance with subsections (d) and (e). Accounting support fees and other receipts of the Board and of such standard-setting body shall not be considered public monies of the United States.

(2) FUNDS GENERATED FROM THE COLLECTION OF MONETARY PENALTIES.—Subject to the availability in advance in an appropriations Act, and notwithstanding subsection (i), all funds collected by the Board as a result of the assessment of monetary penalties shall be used to fund a merit scholarship program for undergraduate and graduate students enrolled in accredited accounting degree programs, which program is to be administered by the Board or by an entity or agent identified by the Board.

(d) ANNUAL ACCOUNTING SUPPORT FEE FOR THE BOARD.—

(1) ESTABLISHMENT OF FEE.—The Board shall establish, with the approval of the Commission, a reasonable annual accounting support fee (or a formula for the computation thereof), as may be necessary or appropriate to establish and maintain the Board. Such fee may also cover costs incurred in the Board's first fiscal year (which may be a short fiscal year), or may be levied separately with respect to such short fiscal year.

(2) ASSESSMENTS.—The rules of the Board under paragraph (1) shall provide for the equitable allocation, assessment, and collection by the Board (or an agent appointed by the Board) of the fee established under paragraph (1), among issuers, in accordance with subsection (g), allowing for differentiation among classes of issuers, as appropriate.

(e) ANNUAL ACCOUNTING SUPPORT FEE FOR STANDARD SETTING BODY.—The annual accounting support fee for the standard setting body referred to in subsection (a)—

(1) shall be allocated in accordance with subsection (g), and assessed and collected against each issuer, on behalf of the standard setting body, by 1 or more appropriate designated collection agents, as may be necessary or appropriate to pay for the budget and provide for the expenses of that standard setting body, and to provide for an independent, stable source of funding for such body, subject to review by the Commission; and

(2) may differentiate among different classes of issuers.

(f) LIMITATION ON FEE.—The amount of fees collected under this section for a fiscal year on behalf of the Board or the standards setting body, as the case may be, shall not exceed the recoverable budget expenses of the Board or body, respectively (which may include operating, capital, and accrued items), referred to in subsection (c)(1).

(g) ALLOCATION OF ACCOUNTING SUPPORT FEES AMONG ISSUERS.—Any amount due from issuers (or a particular class of issuers) under this section to fund the budget of the Board or the standard setting body referred to in subsection (a) shall be allocated among and payable by each issuer (or each issuer in

H. R. 3763—27

a particular class, as applicable) in an amount equal to the total of such amount, multiplied by a fraction—

> (1) the numerator of which is the average monthly equity market capitalization of the issuer for the 12-month period immediately preceding the beginning of the fiscal year to which such budget relates; and

> (2) the denominator of which is the average monthly equity market capitalization of all such issuers for such 12-month period.

(h) CONFORMING AMENDMENTS.—Section 13(b)(2) of the Securities Exchange Act of 1934 (15 U.S.C. 78m(b)(2)) is amended—

> (1) in subparagraph (A), by striking "and" at the end; and

> (2) in subparagraph (B), by striking the period at the end and inserting the following: "; and

> "(C) notwithstanding any other provision of law, pay the allocable share of such issuer of a reasonable annual accounting support fee or fees, determined in accordance with section 109 of the Sarbanes-Oxley Act of 2002.".

(i) RULE OF CONSTRUCTION.—Nothing in this section shall be construed to render either the Board, the standard setting body referred to in subsection (a), or both, subject to procedures in Congress to authorize or appropriate public funds, or to prevent such organization from utilizing additional sources of revenue for its activities, such as earnings from publication sales, provided that each additional source of revenue shall not jeopardize, in the judgment of the Commission, the actual and perceived independence of such organization.

(j) START-UP EXPENSES OF THE BOARD.—From the unexpended balances of the appropriations to the Commission for fiscal year 2003, the Secretary of the Treasury is authorized to advance to the Board not to exceed the amount necessary to cover the expenses of the Board during its first fiscal year (which may be a short fiscal year).

# TITLE II—AUDITOR INDEPENDENCE

### SEC. 201. SERVICES OUTSIDE THE SCOPE OF PRACTICE OF AUDITORS.

(a) PROHIBITED ACTIVITIES.—Section 10A of the Securities Exchange Act of 1934 (15 U.S.C. 78j-1) is amended by adding at the end the following:

"(g) PROHIBITED ACTIVITIES.—Except as provided in subsection (h), it shall be unlawful for a registered public accounting firm (and any associated person of that firm, to the extent determined appropriate by the Commission) that performs for any issuer any audit required by this title or the rules of the Commission under this title or, beginning 180 days after the date of commencement of the operations of the Public Company Accounting Oversight Board established under section 101 of the Sarbanes-Oxley Act of 2002 (in this section referred to as the 'Board'), the rules of the Board, to provide to that issuer, contemporaneously with the audit, any non-audit service, including—

> "(1) bookkeeping or other services related to the accounting records or financial statements of the audit client;

> "(2) financial information systems design and implementation;

External Issuer Report CIRCUIT CITY STORES INC 2009

Exhibit 3

## CIRCUIT CITY STORES INC (2009)

| Issuer Details |

| | | | |
|---|---|---|---|
| Issuer ID | 103016 | | |
| Billing Address | ATTN: BRUCE H. BESANKO, C.F.O<br>9950 MAYLAND DR<br>RICHMOND, VA 23233-1463 | SEC Listed Address | 9950 MAYLAND DRIVE<br>RICHMOND , VA 23233 |
| Issuer Class | 1 | Issuer Type | Equity Company |

| | |
|---|---|
| Funding Year | 2009 |
| CIK | 104599 |
| PCAOB Invoice Amount ($) | 4,000 |
| FASB Invoice Amount ($) | 700 |
| Market Cap /NAV ($) | 443,421,648 |

| CCTYQ|CUSIP: 172737108|Exchg: Other-OTC|Descr: COM USD.5 |

| Year | Month | Price ($) | Shares | Mkt Cap / NAV ($) |
|---|---|---|---|---|
| 2008 | JAN | 5.4400 | 168,366,000 | 915,911,040 |
| 2008 | FEB | 4.4200 | 168,366,000 | 744,177,720 |
| 2008 | MAR | 3.9800 | 168,366,000 | 670,096,680 |
| 2008 | APR | 4.7400 | 168,806,000 | 800,140,440 |
| 2008 | MAY | 4.9100 | 168,806,000 | 828,837,460 |
| 2008 | JUN | 2.8900 | 168,806,000 | 487,849,340 |
| 2008 | JUL | 2.0200 | 168,512,000 | 340,394,240 |
| 2008 | AUG | 1.8000 | 168,512,000 | 303,321,600 |
| 2008 | SEP | 0.7600 | 168,125,000 | 127,775,000 |
| 2008 | OCT | 0.2600 | 168,125,000 | 43,712,500 |
| 2008 | NOV | 0.2200 | 168,125,000 | 36,987,500 |
| 2008 | DEC | 0.1300 | 168,125,000 | 21,856,250 |
| Average | | | | 443,421,648 |
| | | | | |
| Average Issuer Market Cap. | | | | 443,421,648 |