Gregg M. Galardi, Esq.  Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.  Douglas M. Foley (VSB No. 34364)
SKADDEN, SLATE, MEAGHER & FLOM,  MCGUIREWOODS LLP
LLP  One James Center
One Rodney Square  901 E. Cary Street
PO Box 636  Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

               - and -

Chris L. Dickerson, Esq.
SKADDEN, SLATE, MEAGHER & FLOM,
LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

          IN THE UNITED STATES BANKRUPTCY COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
          Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x

**FOURTH INTERIM FEE APPLICATION OF SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP FOR COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE
DEBTORS FOR THE PERIOD FROM AUGUST 1, 2009 THROUGH AND
INCLUDING OCTOBER 31, 2009**

Name of Applicant: Skadden, Arps, Slate, Meagher & Flom
LLP

Authorized to provide professional services to: Circuit
City Stores, Inc., et al.

Date of retention: effective November 10, 2008

Period for which compensation and reimbursement are sought: August 1, 2009 through and including October 31, 2009

Amount of compensation sought as actual, reasonable, and necessary: $1,795,574

Amount of expense reimbursement sought as actual, reasonable, and necessary: $74,623

This is a/an: ___ monthly  X  interim ___ final application.

The Application does not request compensation at this time for services rendered in preparing this Application.  The Applicant intends to seek such compensation at a later date.

**COMPENSATION BY PROFESSIONAL PERSON**
**SKADDEN, ARPS SLATE, MEAGHER & FLOM LLP**
**AUGUST 1, 2009 – OCTOBER 31, 2009**

| NAME | YEAR OF ADMISSION | RATE | HOURS | AMOUNT |
|---|---|---|---|---|
| **PARTNER** | | | | |
| Jody J. Brewster | 1983 | $945 | 46.6 | $44,037 |
| Chris L. Dickerson | 1998 | $834 | 101.9 | $84,964 |
| John P. Furfaro | 1980 | $945 | 14 | $13,230 |
| Gregg M. Galardi | 1990 | $945 | 125.8 | $118,887 |
| Fred T. Goldberg, Jr. | 1973 | $995 | 8.1 | $8,060 |
| Andre LeDuc | 1978 | $945 | 35.5 | $33,548 |
| David F. Levy | 1995 | $775 | 26.3 | $20,383 |
| | | | | |
| | **TOTAL PARTNER** | | 315.7 | $282,162 |
| | | | | |
| **COUNSEL** | | | | |
| David A. Schneider | 1986 | $775 | 20.6 | $15,965 |
| | | | | |
| | **TOTAL COUNSEL** | | 20.6 | $15,965 |
| **ASSOCIATE** | | | | |
| Sarah K. Baker | 2006 | $524 | 650.3 | $340,864 |
| Pamela S. Dangelo | 2008 | $460 | 168.2 | $77,372 |
| Folarin S. Dosunmu | 2004 | $614 | 154.1 | $94,598 |
| Ian S. Fredericks | 2003 | $612 | 515.9 | $315,619 |
| Kellan Grant | 2000 | $625 | 10.6 | $6,626 |
| Caroline J. Honorowski | 2008 | $460 | 7.5 | $3,450 |
| Christine W. Kim | 2009 | $433 | 65.6 | $28,434 |
| Candice Korkis | 2009 | $395 | 174.3 | $68,849 |
| Jessica S. Kumar | 2007 | $471 | 302.7 | $142,526 |
| Kelly A. Lazaroff | 2008 | $429 | 227.8 | $97,737 |
| Jason M. Liberi | 2003 | $645 | 345.9 | $223,011 |
| Betrand Pan | 2004 | $540 | 11.4 | $6,156 |
| Sarah E. Ralph | 2003 | $468 | 22.0 | $10,302 |
| Risa M. Salins | 2001 | $680 | 43.1 | $29,308 |
| | | | | |
| | **TOTAL ASSOCIATE** | | 2699.4 | $1,444,852 |

| NAME | YEAR OF ADMISSION | RATE | HOURS | AMOUNT |
|---|---|---|---|---|
| **PARAPROFESSIONALS** | | | | |
| Christopher M. Heaney | | $295 | 133.3 | $39,326 |
| Wendy K. LaManna | | $295 | 40.2 | $11,861 |
| A. Kaitlin Zylich | | $220 | 6.4 | $118 |
| | **TOTAL PARAPROFESSIONALS** | | 179.9 | $52,595 |
| | **TOTAL** | | **3215.6** | **$1,795,574** |
| | | **BLENDED HOURLY RATE** | | **$558** |

ii

**COMPENSATION BY PROJECT CATEGORY**
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
**AUGUST 1, 2009 – OCTOBER 31, 2009**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General Corporate Advice | 9.2 | $7,087 |
| Asset Analysis and Recovery | 40 | $26,162 |
| Assets Dispositions (General) | 113.2 | $63,015 |
| Asset Dispositions (Real Property) | 56.8 | $30,481 |
| Automatic Stay (Relief Action) | 8.1 | $3,146 |
| Case Administration | 184.7 | $79,704 |
| Claims Admin (General) | 1512.3 | $781,773 |
| Claims Admin (Reclamation) | 7.8 | $4,930 |
| Creditor Meetings/Statutory Committees | 1.6 | $1,548 |
| Disclosure Statement / Voting Issues | 216 | $118,794 |
| Employee Matters (General) | 90.6 | $58,588 |
| Executory Contracts (Personalty) | 5 | $2,376 |
| Financing (DIP and Emergence) | 2.2 | $1,375 |
| Insurance | 9.7 | $5,284 |
| Leases (Real Property) | 134.7 | $79,689 |
| Liquidation/Feasibility | 8 | $4,980 |
| Litigation (General) | 202.4 | $126,971 |
| Nonworking Travel Time*<br>*Billed at 50%. | 94.2 | $48,236 |
| Regulatory and SEC Matters | 0.3 | $284 |
| Reorganization Plan / Plan Sponsors | 163.6 | $110,660 |
| Retention / Fee Matters (SASM&F) | 23.6 | $14,124 |
| Secured Claims | 42.2 | $20,868 |
| Tax Matters | 152.6 | $134,231 |
| Utilities | 134.4 | $70,164 |

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Vendors Matters | 2.4 | $1,104 |
| **TOTAL** | **3215.6** | **$1,795,574** |

**EXPENSE SUMMARY**
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
**AUGUST 1, 2009 – OCTOBER 31, 2009**

| Expense Category | Total Expenses |
|---|---|
| Computer Legal Research | $31,483 |
| Telecommunications | $1,403 |
| Reproduction and Document Preparation | $721 |
| Outside Research | $260 |
| Travel | $35,952 |
| Courier, Express Carriers (e.g., Federal Express) and Postage | $780 |
| Electronic Document Management | $444 |
| Court reporting | $3,580 |
| **TOTAL** | **$74,623** |

v

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        : Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    : Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          : Jointly Administered
- - - - - - - - - - - - - - x

**FOURTH INTERIM APPLICATION OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS FOR THE PERIOD FROM AUGUST 1, 2009 THROUGH AND INCLUDING OCTOBER 31, 2009**

Skadden, Arps, Slate, Meagher & Flom LLP and

its affiliated law offices (collectively, "Skadden,

Arps"), counsel for the debtors and debtors in

possession in the above-captioned cases (collectively,

M

the "Debtors"),[1] submit this application seeking

allowance of interim compensation and reimbursement of

expenses under sections 330 and 331 of title 11 of the

United States Code (the "Bankruptcy Code") for the

period from August 1, 2009 through and including October

31, 2009 (the "Application Period"), and represent as

follows:

## JURISDICTION

1.    This Court has jurisdiction to consider

this Motion under 28 U.S.C. §§ 157 and 1334.  This is a

core proceeding under 28 U.S.C. § 157(b).  Venue of

these cases and this Motion in this district is proper

under 28 U.S.C. §§ 1408 and 1409.

---

[1]    The Debtors are the following entities: The Debtors and the last
four digits of their respective taxpayer identification numbers
are as follows: Circuit City Stores, Inc. (3875), Circuit City
Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux
International, Inc. (1838), Circuit City Purchasing Company, LLC
(5170), CC Aviation, LLC (0841), CC Distribution Company of
Virginia, Inc. (2821), Circuit City Properties, LLC (3353),
Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc.
(4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311),
Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit
City Stores PR, LLC (5512).  The address for Circuit City Stores
West Coast, Inc. is 9250 Sheridan Boulevard, Westminster,
Colorado 80031.  For all other Debtors, the address was 9950
Mayland Drive, Richmond, Virginia 23233 and currently is 4951
Lake Brook Drive, Glen Allen, VA 23060.

2.    The statutory predicates for the relief requested herein are Bankruptcy Code sections 330 and 331.

**BACKGROUND**

1.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2.    On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  The going out of business sales concluded on or about March 8, 2009.

3.    On September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General

Unsecured Claims (the "Plan").  The associated

disclosure statement (the "Disclosure Statement") was

approved on September 24, 2009.  Confirmation of the

Plan is currently scheduled for December 21, 2009, but

will be adjourned to a date and time to be determined in

the future.

4.    Generally, the Plan provides for the

liquidation of the Debtors under chapter 11 of the

Bankruptcy Code.

### RETENTION OF SKADDEN, ARPS

3.    On November 20, 2008, the Debtors applied

to the Court for an order authorizing them to retain

Skadden, Arps pursuant to an engagement agreement dated

September 1, 2008 (the "Engagement Agreement") as their

bankruptcy counsel, effective as of the Petition Date,

to provide the following professional services:

(a)  advising the Debtors with respect to
their powers and duties as debtors and debtors
in possession in the continued management and
operation of their businesses and properties;

(b)  attending meetings and negotiating with
representatives of creditors and other parties
in interest and advising and consulting on the
conduct of the cases, including all of the
legal and Interim Compensation requirements of
operating in chapter 11;

4

(c)  taking all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on behalf of the Debtors' estates, the defense of any actions commenced against those estates, negotiations concerning litigation in which the Debtors may be involved and objections to claims filed against the estates;

(d)  preparing, on behalf of the Debtors, motions, applications, answers, orders, reports, and papers necessary to the administration of the estates;

(e)  preparing and negotiating on the Debtors' behalf plan(s) of reorganization, disclosure statement(s), and all related agreements and/or documents and taking any necessary action on behalf of the Debtors to obtain confirmation of such plan(s);

(f)  advising the Debtors in connection with any sale of assets;

(g)  performing other necessary legal services and providing other necessary legal advice to the Debtors in connection with these chapter 11 cases; and

(h)  appearing before this Court, any appellate courts, and the United States Trustee and protecting the interests of the Debtors' estates before such courts and the United States Trustee.[2]

---

[2]  Information concerning the experience and standing at the bar of Skadden, Arps' senior attorneys on this engagement are described in the application and related materials filed by Skadden in support of its retention in these cases (the "Retention Application") (D.I. 287), which is incorporated herein by reference.

4.   On December 8, 2008, the Court entered an order (the "Retention Order") authorizing the Debtors to employ Skadden, Arps as their counsel effective as of the Petition Date pursuant to the terms of the Engagement Agreement.  A copy of the Retention Order is attached hereto as Exhibit A.

INTERIM COMPENSATION

5.   On December 9, 2008, the Court entered an Order Under Bankruptcy Code Sections 105(a) and 331 Establishing Procedures for Interim Compensation (the "Interim Compensation Order").  A copy of the Interim Compensation Order is attached hereto as Exhibit B.

6.   Pursuant to the terms of the Interim Compensation Order, if no objection is filed to a monthly fee application within twenty (20) days of the date of filing of that application, then the respective professionals may be paid eighty-five percent (85%) of the fees and one hundred percent (100%) of the expenses set forth in the applicable monthly fee application.

7.   Every three (3) months beginning with the three-month period ending on January 31, 2009, all professionals, including Skadden, Arps, are required to

file interim fee applications for the prior three-month
period.  Thereafter, this Court schedules a hearing to
consider such interim fee applications, including,
payment of the 15% "holdback".

       8.    Pursuant to the Interim Compensation
Order, Skadden, Arps has served each Monthly Fee Request,
including time and expense detail on (i) Circuit City
Stores, Inc., (ii) McGuireWoods LLP, (iii) the Office of
the United States Trustee, and (iv) Pachulski Stang
Ziehl & Jones LLP for each of the months in the
Application Period (collectively, the "Notice Parties").

       9.    On October 8, 2009, Skadden, Arps served
its Monthly Fee Request in the amount of $611,026,
consisting of $585,033 for professional fees and $25,993
for expenses relating to the period from August 1, 2009
through and including August 31, 2009.  Pursuant to the
Interim Compensation Order, the Notice Parties had
twenty days to object to such Monthly Fee Request.  The
20-day period for objections expired on October 28, 2009
without any objections.  At that time, Skadden, Arps was
entitled to payment of 85% of the requested professional

fees and 100% of requested expenses, in the aggregate
amount of $523,271.

10.   On November 2, 2009, Skadden, Arps served
its Monthly Fee Request in the amount of $630,249,
consisting of $607,322 for professional fees and $22,927
for expenses relating to the period from September 1,
2009 through and including September 31, 2009.  Pursuant
to the Interim Compensation Order, the Notice Parties
had twenty days to object to such Monthly Fee Request.
The 20 day period for objections expired on November 23,
2009 without any objections.  At that time, Skadden,
Arps was paid 85% of the requested professional fees and
100% of requested expenses, in the aggregate amount of
$539,151.

11.   On December 8, 2009, Skadden, Arps served
its Monthly Fee Request in the amount of $634,015,
consisting of $608,312 for professional fees and $25,703
for expenses relating to the period from October 1, 2009
through and including October 31, 2009.  Pursuant to the
Interim Compensation Order, the Notice Parties have
twenty days to object to such Monthly Fee request.  The
20 day period for objections expires on December 28,

2009.  At that time, assuming no objections, Skadden,
Arps will be entitled to payment of 85% of the requested
professional fees and 100% of requested expenses, in the
aggregate amount of $542,748.

12.   Pursuant to the Interim Compensation
Order, Skadden, Arps is filing this interim fee
application (the "Application") for compensation for
professional services rendered and reimbursement of
disbursements made in these cases during the Application
Period.

## RELIEF REQUESTED

13.   By this Application, Skadden, Arps
requests approval and payment of interim compensation
and reimbursement of expenses pursuant to Bankruptcy
Code sections 330 and 331 for the Application Period.
Attached as Exhibit C are copies of Skadden, Arps' fee
statements (the "Statements") reflecting professional
services rendered for which compensation is sought and
actual disbursements for which reimbursement is sought
during the Application Period.

14.   At this time, Skadden, Arps is seeking
allowance of compensation equal to $1,795,574 in fees

for professional services rendered by Skadden, Arps during the Application Period as counsel to the Debtors in these chapter 11 cases.  This amount is derived solely from the applicable hourly billing rates of the firm's personnel who rendered such services to the Debtors.  Of this amount, Skadden, Arps has already been paid $1,013,502 and expects to be paid (assuming no objection) an additional $517,065 -- eighty-five percent (85%) of fees billed from October 1 – October 31, 2009 -- pursuant to the Interim Compensation Order.  In addition to the foregoing amount, through this Application, Skadden, Arps requests payment of $270,100, representing the aggregate fifteen percent (15%) hold-back of fees billed, but withheld, during the Application Period.

15.   Skadden, Arps also requests allowance of reimbursement of one hundred percent (100%) of the actual and necessary out-of-pocket disbursements and charges incurred in the Application Period, equal to $74,623.

16.   The fees and disbursements sought through this Application Period reflect total client

10

accommodations of $140,480.[3]  In the event that any
objections to this Application are filed, Skadden, Arps
reserves the right to seek payment for all or any part
of the client accommodations.

17.  This Application is made without
prejudice to the firm's right to seek further interim
allowances and/or a final allowance of compensation in
the future in accordance with the Retention Order and
the Interim Compensation Order.

18.  Skadden, Arps has received no promise of
payment for professional services rendered or to be
rendered in these cases other than in accordance with
the provisions of the Bankruptcy Code.

**BASIS FOR RELIEF**

19.  It is not practical to describe every
phone call made, meeting attended, document generated,
or other service provided in the Debtors' cases during
the Application Period.  Thus, this Application

---

[3]  Upon preparation of this Application, Skadden, Arps provided the
Debtors with an additional accommodation in the amount of $5,093
on account of professionals billing five (5) hours or fewer
during the Application Period.  This amount will be credited to
the Debtors in connection with Skadden, Arps' December fee
request.

highlights the most significant services performed by

Skadden, Arps for the Debtors during the Application

Period and the attached time records contain the detail

of each task performed.

20.   Skadden, Arps submits that the legal

services and advice that it rendered to the Debtors in

connection with their chapter 11 cases during the

Application Period were necessary and beneficial to the

Debtors, their estates and their creditors.

21.   As discussed in greater detail below,

generally during this Application Period, Skadden, Arps

professionals continued to assist the Debtors

comprehensive review of claims filed against their

estates and, in particular, identified grounds for

objecting to thousands of the claims and presented the

legal bases for the objections for the Court's

consideration.  Skadden, Arps also finalized the Plan

and obtained approval of the Disclosure Statement.

Moreover, Skadden, Arps continued to handle various

existing and potential litigation.  Finally, Skadden,

Arps continued to guide the Debtors as they wound down

relationships with landlords, taxing authorities,

12

utility providers and customers, among others, as a result of their liquidation.

22.   During the Application Period, attorneys and paraprofessionals of Skadden, Arps devoted a total of 3215.6 hours to representation of the Debtors.  Of the aggregate time expended, 315.7 hours were spent by partners, 20.6 hours were spent by counsel, 2699.4 hours were spent by associates, and 179.9 hours were spent by paraprofessionals.  Schedules showing the name and position of each such partner, counsel, associate, and paraprofessional, hours worked during the Application Period, and hourly billing rate are provided at the front of this Application.  Skadden, Arps' attorneys, paraprofessionals, and support staff billed their services in this case to numerous matters corresponding to particular activities in the case.  Exhibit D provides the detail by matter of the time billed for such services.

23.   Set forth on Exhibit E attached hereto are the detailed expense charges incurred during the Application Period by matter number.

13

### DESCRIPTION OF SERVICES RENDERED

24.   The following description of Skadden,

Arps' services is a summary of the matters that occupied

substantial amounts of time during the Application

Period.

## I.   MATTER OVER $500,000 - CLAIMS ADMINISTRATION

25.   During the Application Period, Skadden,

Arps professionals devoted nearly half of their total

time to claim administration issues, with a total time

value of $781,773.  As a result of these efforts,

Skadden, Arps professionals assisted the Debtors by

filing thirty omnibus objections to thousands of claims,

seeking disallowance, reclassification and/or reduction

in amount.  By these objections, Skadden, Arps

professionals assisted the Debtors in reducing the

overall liability against their estates by hundreds of

millions of dollars, which inures directly to the

benefit of creditors holding valid claims against the

Debtors' estates.

26.   The filing of omnibus objections required

Skadden, Arps to engage in a detailed claim reviews with

the Debtors and their other advisors.  During this

14

review process, Skadden, Arps professionals identified
legal grounds for objecting to the thousands of claims
and then prepared pleadings and exhibits to be filed
with the Court.  Once the omnibus objections were filed,
Skadden, Arps fielded inquiries from creditors with
various questions related to their claims and the
objections.  In addition, Skadden, Arps defended the
objections against responses filed by many of these
claimants, often involving additional briefing.

27.  Perhaps most significantly, Skadden, Arps
professionals objected to claims under recently enacted
section 503(b)(9) on a number of grounds, each requiring
significant legal research, analysis and briefing.  In
particular, Skadden, Arps prepared objections to
503(b)(9) claims filed by, among others, utilities and
other service providers on the basis that such claimants
did not provide "goods" to the Debtors.  In addition,
Skadden, Arps prepared objections to various
administrative and 503(b)(9) claims pursuant to which
the Debtors sought to reduce such claims on account of
the Debtors' setoff rights.  And, Skadden, Arps prepared
objections to certain 503(b)(9) claims and sought to

15

temporarily disallow such claims under Bankruptcy Code section 502(d).  Finally, Skadden, Arps prepared objections to other 503(b)(9) claims on the basis that the goods supporting the claims were not "received" within 20 days of the Petition Date or were not "sold" to the Debtors.

28.   In addition to efforts surrounding claims objections, the Debtors worked to settle certain claims rather than engage in costly and uncertain litigation. As part of this process, Skadden, Arps professionals worked closely with the Debtors to review contracts and reconcile accounts to prepare for negotiations with various claimants.  Skadden, Arps professionals also drafted and reviewed settlement agreements and, upon securing an agreement in the Debtors' best interests, drafted stipulations and, if necessary, 9019 motions for court approval of these various claims settlements. Among others, the Debtors settled certain large and complex claims of Pension Benefit Guaranty Corporation, Assurant, General Electric and The Warranty Group, IBM and Verizon.

29.   In all, during the Application Period, Skadden, Arps professionals devoted a total of 1512.3 hours to claims administration matters for which compensation is sought, with a total time value of $781,773.

**II.   MATTERS OVER $100,000**

30.   During the Application Period, Skadden, Arps professionals devoted significant time to other key matters, the time value of which exceeds $100,000 for each.   These matters are as follows:

    **A.   Tax Matters**
        **(Amount Sought: $139,206)**

31.   During the Application Period, the Debtors requested that Skadden, Arps assist with certain tax matters about which other professionals previously advised the Debtors.   These matters related to IRS tax refunds on account of sale/leaseback transactions the Debtors had engaged in for certain real property prior to the Petition Date.

32.   To advise the Debtors in connection with such IRS matters, Skadden, Arps professionals reviewed significant amounts of historical data spanning the past

seven years.  As a result of recent developments with
the IRS, the Debtors found themselves confronted with
immediate and unforeseen deadlines that required Skadden,
Arps to work on an extremely expedited basis.

33.  As such, Skadden, Arps professionals
devoted a total of 152.6 hours to tax matters during the
Application Period for which compensation is sought,
with a total time value of $139,206.

**B.   Litigation
      (Amount Sought: $126,971)**

34.  During the Application Period, Skadden,
Arps both continued to manage litigation initiated
against the Debtors and prepared to initiate proceedings
on behalf of the Debtors against certain parties in
interest.

35.  With respect to litigation initiated
prior to the Application Period, most of which by or on
behalf of the Debtors' former employees, Skadden, Arps
worked with opposing counsel and government entities to
limit the Debtors' exposure to such litigation.  Among
other things, Skadden, Arps professionals prepared
motions to quash subpoenas and other discovery requests,

18

and negotiated to resolve many preliminary matters.
Skadden, Arps professionals also drafted settlement
proposals and reviewed those offered by the adverse
parties in these litigation matters.

36.    In addition, Skadden, Arps professionals
worked with the Debtors and their advisors to identify
parties against whom they might have claims.  This
included, primarily, vendors with outstanding
receivables and vendors who received avoidable transfers.
Skadden, Arps professionals evaluated and otherwise
assessed not only the Debtors' books and records, but
also various defenses these vendors might have were the
Debtors to initiate formal proceedings.  Based on these
evaluations, Skadden, Arps sent demand letters to
certain vendors and reviewed responses thereto.

37.    During the Application Period, Skadden,
Arps professionals devoted a total of 202.4 hours to
matters pertaining to ongoing and potential litigation
initiated against and on behalf of the Debtors, with a
total time value of $126,971.

**C.   Disclosure Statement/Voting Issues**
     **(Amount Sought: $118,794)**

38.   With the assistance of Skadden, Arps,
during the Application Period, the Debtors filed and
obtained approval of their Disclosure Statement and
Solicitation Procedures.  As part of this process, the
Skadden, Arps negotiated with counsel to the Creditors'
Committee and finalized all necessary documents prior to
filing.  Moreover, Skadden, Arps worked with the
Creditors' Committee and objecting parties in attempt to
reach consensual resolutions to their objections.

39.   In addition, Skadden, Arps negotiated and
finalized procedures for solicitation of votes on the
Plan.  In doing so, Skadden, Arps professionals reviewed
claims to determine the accuracy of such claims for
voting purposes.  Then, once the solicitation procedures
were approved, Skadden, Arps worked with the Debtors'
claims and servicing agent to ensure all of the
solicitation packages were prepared and mailed in
accordance with the Solicitation Procedures Order.

40.   In all, Skadden, Arps professionals
devoted 216 hours to preparing, reviewing and revising

the Disclosure Statement and solicitation materials,
with a total time value of $118,794.

### D. Reorganization Plan/Plan Sponsors (Amount Sought: $110,660)

41.   During the Application Period, Skadden,
Arps also prepared, reviewed and revised the Plan.

42.   In particular, Skadden, Arps worked
closely with the Debtors, their advisors and the
Creditors' Committee to arrive at a consensual plan of
liquidation.   Negotiations concerning the Plan included,
among other matters, substantive consolidation.

43.   Professionals at Skadden, Arps devoted
163.6 hours to proposing and negotiating the Plan for
which compensation is sought, with a total time value of
$110,660.

### III. MATTERS OVER $50,000

44.   Skadden, Arps professionals devoted time
to certain other matters, the time value of which
exceeds $50,000 during the Application Period.   These
matters are as follows:

**A.   Case Administration
      (Amount Sought: $79,704)**

45.   During the Application Period, professionals at Skadden, Arps continued to manage the Debtors' bankruptcy cases so that the cases proceeded as efficiently and as advantageously as possible for the Debtors, their estates and their creditors.

46.   In doing so, Skadden, Arps professionals spent considerable time preparing for and attending teleconferences, on-site client meetings and omnibus hearings, each dealing with numerous matters.

47.   Skadden, Arps devoted 184.7 hours during the Application Period to case administration for which compensation is sought, with a total time value of $79,704.

**B.   Leases (Real Property)
      (Amount Sought: $79,689)**

48.   Though the Debtors had rejected or assumed and assigned all of their real property leases, the Debtors required significant assistance from Skadden, Arps professionals during the Application Period to deal with the consequences of such dispositions.

22

49.    Primarily, Skadden, Arps professionals
fielded inquiries and requests from the Debtors'
landlords seeking to reconcile their books and records
with those of the Debtors.  In many cases, Skadden, Arps
provided the landlords with pleadings from the
bankruptcy cases as an official record of a lease's
disposition, or worked with the Debtors and their
landlords to draft documents memorializing these
dispositions.

50.    Also, Skadden, Arps professionals began
to assess the validity of the administrative claims
asserted on account of real property leases.  And,
Skadden, Arps professionals continued to work to resolve
outstanding motions for payment of administrative
expenses.

51.    During the Application Period, Skadden,
Arps professionals devoted a total of 134.7 hours to
real property lease matters for which compensation is
sought, with a total time value of $79,689.

23

C.   **Utilities**
     **(Amount Sought: $70,164)**

52.   Since the Debtors had ceased nearly all operations requiring utility service, Skadden, Arps professionals facilitated the winddown of the Debtors' utility accounts during the Application Period.

53.   Most notably, Skadden, Arps worked to terminate the Utility Blocked Account established at the inception of the Debtors' bankruptcy.  As part of this process, Skadden, Arps professionals sought and obtained approval of procedures to terminate the Utility Blocked Account in an orderly fashion that also preserved the rights of utility providers regarding charges that may have been outstanding.  Then, Skadden, Arps reviewed final demands asserted against the Utility Blocked Account pursuant to these procedures, determining the validity of the changes.

54.   By terminating the Account, the Debtors were able to obtain the return of approximately $3 million for distribution to their creditors.

55.   Skadden, Arps professionals spent a total of 134.4 hours winding down the Debtors' utility

24

accounts and related issues for which compensation is
sought, with a time value of $70,164.

### D.   Asset Dispositions (General) (Amount Sought: $63,015)

56.   During the Application Period, the
Debtors and their professionals continued to market the
remaining assets of their estates.   Among these assets
were certain miscellaneous intellectual property assets,
large quantities of paper, and litigation rights.

57.   The bulk of the efforts of Skadden, Arps
involved the auction and sale of various intellectual
property assets, including domain names, trademarks,
customer data and a trading exchange.   Skadden, Arps
professionals negotiated with over a dozen different
bidders for different combinations of these assets and,
ultimately, packaged and divided the assets between four
purchasers.   Moreover, Skadden, Arps professionals
worked with the bidders, the ultimate purchasers and the
Consumer Privacy Ombudsman to address any concerns about
the sale and use of protected customer data.

58.   During the Application Period, Skadden,
Arps professionals devoted a total of 113.2 hours to

general asset disposition matters for which compensation
is sought, with a total time value of $63,015.

### E.   Employee Matters
###      (Amount Sought: $58,588)

59.   Matters involving the Debtors' current
and former employees began to subside during the
Application Period.  Skadden, Arps, however, focused on
pending employee-related litigation.  In particular,
during the Application Period, the Debtors moved for
dismissal of the amended WARN Act complaint and
addressed other matters, including factual analysis,
related to such litigation.

60.   During the Application Period, 90.6 hours
were spent on such employee matters for which
compensation is sought, with a time value of $58,588.

## IV.  MATTERS OVER $10,000

61.   Certain other matters required the
attention of Skadden, Arps during the Application Period,
the time value of which exceeds $10,000 for each.  These
matters are as follows:

### A.   Nonworking Travel Time
### (Amount Sought: $48,236)

62.   During the Application Period, the
Debtors had five omnibus hearings, four asset auctions
and almost weekly meetings with the Debtors' management
and other advisers.   Accordingly, Skadden, Arps
professionals traveled to lead and otherwise participate
in such hearings, auctions, and meetings.

63.   Non-working travel time constituted 94.2
hours for which compensation is sought, with a time
value of $48,236, representing fifty percent (50%) of
the total time value.

### B.   Asset Dispositions (Real Property)
### (Amount Sought: $30,481)

64.   During the Application Period, the
Debtors sold four parcels of real property.   To
facilitate this process, professionals at Skadden, Arps
negotiated stalking horse purchase agreements, drafted
bidding procedures and conducted auctions, and obtained
court approval of the sales.   Additionally, Skadden,
Arps professionals resolved objections to certain of the
sales.

27

65.   Skadden, Arps professionals devoted 56.8 hours to dispositions of the Debtors' real property for which compensation is sought, with a time value of $40,481.

### C.   Asset Analysis and Recovery (Amount Sought: $26,162)

66.   During the Application Period, Skadden, Arps professionals reviewed the Debtors' contracts and books and records to identify where the Debtors might recover assets for the benefit of their estates. Perhaps most notably, Skadden, Arps professionals undertook a comprehensive review of payments made to by the Debtors in the 90 days preceding the Petition Date, in anticipation of preference litigation and claims objections.  In other instances,  Skadden, Arps professionals evaluated particular contracts of the Debtors in anticipation of litigation or as part of determining the Debtors' settlement prospects.

67.   During the Application Period, Skadden, Arps professionals worked 40 hours on asset analysis and recovery for which compensation is sought, with a time value of $26,162.

28

**D.   Secured Claims**
**(Amount Sought: $20,868)**

68.   During the Application Period, Skadden,
Arps attempted to secure the cancellation of the Debtors
surety bonds associated with utility services, taxes and
other state statutory obligations.  As part of their
efforts, Skadden, Arps professionals worked with the
Debtors and Safeco, the surety for such bonds, to
establish and seek court approval of bond rejection and
cancellation procedures.

69.   During the Application Period, 42.2 hours
were spent working on these and related matters, for
which compensation is sought, with a time value of
$20,868.

**E.   Retention/Fee Matters (Skadden)**
**(Amount Sought: $14,124)**

70.   During the Application Period, Skadden,
Arps professionals prepared the firm's third interim fee
application and three monthly statements.  Additionally,
Skadden, Arps undertook additional connection and
relationship searches and reviews for the purposes of
disclosures in accordance with the Bankruptcy Code.

71.   During the Application Period, 23.6 hours were spent on these issues for which compensation is sought with a time value of $14,124.

## V.   MATTERS UNDER 10,000

72.   Finally, Skadden, Arps devoted time to other matters for the Debtors, the time value of which is less than $10,000 for each matter.  These matters included providing general corporate advice, evaluating and finalizing the liquidation and feasibility analyses, updating and otherwise addressing matters raised by the official committee of unsecured creditors, responding to stay relief requests, addressing miscellaneous matters related to debtor-in-possession financing, and addressing regulatory and SEC, insurance, executory contracts, vendor, and reclamation claims and trust fund matters.  Skadden, Arps devoted a total of 54.3 hours to these matters and seeks compensation in the aggregate amount of $32,114.

### ALLOWANCE OF COMPENSATION

73.   **Compensation Sought.**  Because of the benefits realized by the Debtors, the nature of these cases, the standing at the bar of the attorneys who

rendered services, the amount of work done, the time
consumed, the skill required, and the contingent nature
of the compensation, Skadden, Arps requests that it be
allowed at this time all compensation for the
professional services rendered during the Application
Period.    Additionally, Skadden, Arps seeks payment of
the remaining fifteen percent (15%) of the of the value
of professional services rendered during the Application
Period totaling $270,100.

74.    Skadden, Arps achieved cost efficiencies
by employing a streamlined case management structure.
Instead of assigning various attorneys to the myriad of
tasks that arose during these cases, Skadden, Arps
designated a core group of associates who were assigned
responsibility for specific matters and types of matters.
This (i) allowed some attorneys to work almost
exclusively on discrete matters in the Debtors' cases,
(ii) permitted the case to be staffed with as little
partner involvement as appropriate, and (iii) enabled
Skadden, Arps to avoid performing duplicative or
unnecessary work.

75.   **Reimbursement of Expenses.**  Skadden, Arps has disbursed, and requests allowance reimbursement for $74,623, which represents actual, necessary expenses incurred in the rendition of professional services in these cases.

76.   **Compensation Sharing Disclosure.**  Other than between Skadden, Arps and its affiliated law practices and their members, no agreement or understanding exists between Skadden, Arps and any other person or persons for the sharing of compensation received or to be received for professional services rendered in or in connection with these cases, nor will any be made except as permitted pursuant to Bankruptcy Code section 504(b)(1).

77.   **Reservation of Rights.**  Skadden, Arps reserves the right to return to this Court seeking reimbursement for amounts related to work performed or expenses incurred during the Application Period but not yet reflected in the firm's time records or to amend the amounts listed herein to correct any bookkeeping errors. In the event that a subsequent review reveals that additional professional services have been rendered or

expenses have been incurred on behalf of the Debtors during the Application Period, which were not processed by the firm's accounting system before the time of this Application, Skadden, Arps reserves the right to seek such additional fees and expenses by subsequent application to the Court.[4]

WHEREFORE, Skadden, Arps respectfully requests entry of an order (a) approving interim compensation for professional services rendered as attorneys for the Debtors in the sum of $1,795,574, which is equal to one hundred percent (100%) of fees incurred during the Application Period; (b) authorizing payment of $270,100 as fifteen percent (15%) of fees held back;

---

[4] Skadden, Arps further reserves the right to request additional compensation at a later date for time spent preparing this interim fee application.

(c) approving of reimbursement of actual and necessary

expenses in the sum of $74,623; and (d) granting such

other and further relief as is just and proper.

Dated:  December 15, 2009

SKADDEN, ARPS, SLATE, MEAGHER & FLOM
    LLP

/s/ Gregg M. Galardi
Gregg M. Galardi (I.D. No. 2991)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
    LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700- and -

- and -

MCGUIREWOODS LLP


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in
Possession

## **EXHIBIT A**

**(Retention Order)**

## EXHIBIT B

**(Interim Compensation Order)**

## EXHIBIT C

**(Statements)**

## EXHIBIT D

**(Detail of Time Billed)**

## EXHIBIT E

**(Detail of Expenses)**