```
Gregg M. Galardi, Esq.                    Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                   Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &           MCGUIREWOODS LLP
FLOM, LLP                                 One James Center
One Rodney Square                         901 E. Cary Street
PO Box 636                                Richmond, Virginia 23219
Wilmington, Delaware 19899-0636           (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - -x
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :
              Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - - -x
```

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 329, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 AUTHORIZING EMPLOYMENT AND RETENTION OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES AS BANKRUPTCY COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[1] of the Debtors for an order, pursuant to Bankruptcy Code sections 327(a) and 329, Bankruptcy Rules 2014 and 2016

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.



and Local Rules 2014-1 and 2016-1, authorizing the employment and retention of Skadden, Arps, effective as of the Petition Date, under a general retainer as the Debtors' bankruptcy counsel; and the Court having reviewed the Application and the Galardi Declaration; and the Court being satisfied with the representations made in the Application and the Galardi Declaration that Skadden, Arps does not hold or represent any interest adverse to the Debtors or their estates, that it is a "disinterested person" as that term is defined pursuant to Bankruptcy Code section 101(14); and that its employment is necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is GRANTED.

2. Pursuant to Bankruptcy Code sections 327(a) and 329, the Debtors, as debtors and debtors in possession, are authorized to employ and retain Skadden, Arps as their bankruptcy counsel under a general retainer, effective as of the Petition Date, in accordance with the Application, Engagement Agreement, the Galardi Declaration and this Order, and to perform the services described therein.

3. Skadden, Arps shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Fee Guidelines, and any orders entered in these cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.

4. As promptly as practicable after all fees and charges accrued prior to the Petition Date have been finally posted within the Firm's computerized billing system, Skadden, Arps will issue a final detailed billing statement to the Company for the actual fees, charges, and disbursements incurred for the period prior to the Petition Date (the "Final Prepetition Bill Amount"). Skadden, Arps is authorized to reconcile the Final

Prepetition Bill Amount with the On-Account Cash. To the extent that the Final Prepetition Bill Amount is less than the On-Account Cash, Skadden, Arps may hold the full amount of the difference as a postpetition evergreen retainer to be applied against any amounts approved by the Court in connection with any Skadden, Arps' final fee application in these cases. In the event that the Final Prepetition Bill Amount exceeds the On-Account Cash, Skadden, Arps shall be deemed to have waived any claim against the Debtors for payment with respect to the amount by which the Final Prepetition Bill Amount exceeds the On-Account Cash.

5. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

4

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:    Richmond, Virginia
          December __, 2008

**Dec 8 2008**

/s/ Kevin Huennekens
UNITED STATES BANKRUPTCY JUDGE

**Entered on Docket: 12/8/08**

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

   - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

   - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession

5

CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

I hereby certify that proposed order has been endorsed by all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley