Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Co-Counsel to the Debtors and Debtors in Possession

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., <u>et al.</u>,[1] | ) | Case No. 08-35653 (KRH) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**FOURTH INTERIM AND FINAL FEE APPLICATION OF KIRKLAND & ELLIS LLP**
**FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES**
**RENDERED AS SPECIAL COUNSEL FOR THE DEBTORS AND**
**DEBTORS IN POSSESSION FOR THE PERIOD FROM**
**NOVEMBER 10, 2008 THROUGH NOVEMBER 30, 2009**

Kirkland & Ellis LLP ("K&E"), special counsel for the debtors in the above-captioned

chapter 11 cases (the "Debtors"), hereby applies for the entry of an order, substantially in the form of

**Exhibit A** (the "Order"), approving (a) its final fee application (the "Final Fee Application") for

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, Virginia 23060.

final allowance of compensation for services rendered in the amount of $363,034.50 and

reimbursement of actual and necessary expenses in the amount of $9,880.33 incurred by K&E from

November 10, 2008 through November 30, 2009 (the "Final Fee Period"); and (b) monthly fee

statements for compensation for services rendered in the amount of $10,143.50 and reimbursement

of actual and necessary expenses in the amount of $471.41 that K&E incurred for the period from

August 1, 2009 through November 30, 2009 (the "Fourth Interim Fee Period"), which are included

in the request for compensation during the Final Fee Period and part of the Final Fee Application,

pursuant to sections 330, 331 and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532

(the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of the Bankruptcy Court for the Eastern

District of Virginia (the "Local Bankruptcy Rules"), the Retention Order (as defined below), the

United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement

of Expenses Filed under section 330 of the Bankruptcy Code (the "Trustee Guidelines") and the

*Order Under Bankruptcy Code Sections 105(a) and 331 Establishing Procedures for Interim*

*Compensation* [Docket No. 830] (the "Interim Compensation Order").  In support of the Final Fee

Application, K&E respectfully states as follows:[2]

## Background

1.       On November 10, 2008 (the "Petition Date"), each of the Debtors filed a petition with

the Court under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  On

November 10, 2008, the Court entered an order jointly administering the Debtors' Chapter 11 Cases

pursuant to Bankruptcy Rule 1015(b). On November 12, 2008, the United States Trustee appointed

an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the

---

[2]    The First, Second and Third Interim Fee Applications (as defined below) are incorporated herein by reference.

"Committee").  The Debtors continue to operate their businesses and manage their property as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   No request

for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

2.      As of the Petition Date, Circuit City, based in Richmond, Virginia, was a leading

specialty retailer of consumer electronics and operate large nationwide electronics stores throughout

the United States and Puerto Rico that sold, among other things:  televisions, home theater systems,

computers, camcorders, furniture, software, imaging and telecommunications products and other

audio and video electronics.  Circuit City also maintained two websites that provided for various

services, including: online product sales, product information, customer service and investor

information.  Circuit City also operated a phone-order call center to conduct telephone product sales

and customer services.

3.      Despite high revenues, the Debtors suffered two consecutive years of losses.  While

the Debtors made every effort to improve their financial performance prior to the Petition Date and

implement a global turnaround strategy, they were ultimately unable to consummate a successful

restructuring outside of bankruptcy.  In large part, the Debtors' chapter 11 filings were due to an

erosion of vendor confidence, decreased liquidity and the global economic crisis.

4.      Throughout the Chapter 11 Cases, the Debtors continued to implement restructuring

initiatives commenced before the Petition Date.  Essential to that objective was the obtaining of

adequate postpetition financing.  However, on January 12, 2009, the Court entered an order

authorizing the Debtors, to conduct auctions for a sale or sales of the Debtors' businesses as a going

concern or on a liquidation basis [Docket No. 1460].  At the conclusion of the auction, the Debtors

determined that the highest and otherwise best bid was that of Great American Group WF, LLC,

Hudson Capital Partners, LLC, SB Capital Group, LLC and Tiger Capital Group, LLC (collectively,

the "Agent").  On January 16, 2009, the Court authorized the Debtors, among other things, to

conduct going out of business sales at the Debtors' remaining stores pursuant to an agency

agreement (the "Agency Agreement").  On January 17, 2009, the Agent commenced the going out of

business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  As of or about

March 8, 2009, the going out of business sales concluded.  On August 24, 2009, the Debtors and the

Committee filed the *Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors

and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured

Claims* (the "Plan") [Docket No. 4614].  The Plan provides for the orderly liquidation of the

remaining assets of the Debtors and the distribution of the proceeds of the liquidation of the Debtors'

assets according to the priorities set forth in the Bankruptcy Code.

### Retention and Continuing Disinterestedness of K&E

5.      On December 18, 2008, the Debtors were authorized to retain K&E as special

counsel, effective as of the Petition Date, pursuant to the *Corrected Order Authorizing the

Employment and Retention of Kirkland & Ellis LLP as Special Counsel for the Debtors and Debtors

in Possession Effective as of the Petition Date* [Docket No. 1091] (the "Retention Order").  The

Retention Order authorized the Debtors to compensate K&E at its hourly rates charged for services

of this type and to reimburse K&E for K&E's actual and necessary out-of-pocket expenses incurred,

subject to approval by the Court as set forth therein and in accordance with the Interim

Compensation Order.  The Retention Order is attached hereto as **Exhibit B**.

6.      As disclosed in the *Declaration of Anup Sathy, P.C. in Support of the Application for

Entry of an Order Authorizing the Employment and Retention of Kirkland & Ellis LLP as Special

Counsel for the Debtors and Debtors in Possession Effective as of Petition Date* (the "Declaration"),

filed on November 18, 2008 [Docket No. 192], K&E does not hold or represent any interest adverse

to the Debtors' estates and is a disinterested person as that term is defined in section 101(14) of the

4

Bankruptcy Code.  In the Declaration, K&E disclosed its connections to parties in interest that it had been able to ascertain using its reasonable efforts.

7.      K&E performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other entity.  K&E has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the Chapter 11 Cases.

8.      Pursuant to Bankruptcy Rule 2016(b), K&E has not shared, nor has K&E agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of K&E or (b) any compensation that another person or party has received or may receive.

## Previous Interim Fee Application

9.      On March 17, 2009, K&E filed the *First Interim Fee Application of Kirkland & Ellis LLP for Compensation and Reimbursement of Expenses for Services Rendered As Special Counsel for the Debtors and Debtors in Possession for the Period November 10, 2008 Through  January 31, 2009* [Docket No. 2623] (the "First Interim Fee Application").  In the First Interim Fee Application, K&E sought compensation in the amount of $279,046.00 and reimbursement of actual and necessary expenses in the amount of $7,492.29.   On April 16, 2009, the Court entered an order approving and awarding 100% of the fees and expenses for the First Interim Fee Application [Docket No. 3082].

10.     On June 15, 2009, K&E filed the *Second Interim Fee Application of Kirkland & Ellis LLP for Compensation and Reimbursement of Expenses for Services Rendered As Special Counsel for the Debtors and Debtors in Possession for the Period February 1, 2009 Through April 30, 2009* [Docket No. 3626] (the "Second Interim Fee Application").  In the Second Interim Fee Application, K&E sought compensation in the amount of $60,952.00 and reimbursement of actual and necessary

expenses in the amount of $1,572.39. On July 27, 2009, the Court entered an order approving and

awarding 100% of the fees and expenses for the Second Interim Fee Application [Docket No. 4299].

11.    On September 14, 2009, K&E filed the *Third   Interim Fee Application of*

*Kirkland & Ellis LLP for Compensation and Reimbursement of Expenses for Services Rendered As*

*Special Counsel for the Debtors and Debtors in Possession for the Period May 1, 2009 Through July*

*31, 2009* [Docket No. 4855] (the "Third Interim Fee Application").  In the Third Interim Fee

Application, K&E sought compensation in the amount of $12,893.00 and reimbursement of actual

and necessary expenses in the amount of $344.24. On October 14, 2009, the Court entered an order

approving and awarding 100% of the fees and expenses for the Second Interim Fee Application

[Docket No. 5283].[3]

### Monthly Fee Statements for the Fourth Interim Fee Period

12.    In accordance with the Interim Compensation Order, K&E served or will the

following monthly fee statements (each, a "Monthly Fee Statement") covering the Fourth Interim

Fee Period on the Debtors, co-counsel to the Debtors, the United States Trustee and counsel to the

Committee:

      a.    Monthly Fee Statement for the period from August 1, 2009 through August 31, 2009 (the "August Fee Statement");

      b.    Monthly Fee Statement for the period from September 1, 2009 through September 30, 2009 (the "September Fee Statement"); and

      c.    Monthly Fee Statement for the period from October 1, 2009 through November 30, 2009, incorporated in this Final Fee Application, (the "Final Monthly Statement").

13.    As of the date of this Final Fee Application, K&E has received $5,153.47 from the

Debtors for fees and expenses incurred by K&E during the Fourth Interim Fee Period.  This

---

[3]    The First, Second and Third Interim Fee Applications are incorporated herein by reference.

represents eighty-five percent (85%) of fees and one hundred percent (100%) of expenses included in the August Fee Statement and September Fee Statement.

14.    Subject to the representations made herein, all fees and expenses sought for the Final Monthly Statement are included as part of this Final Fee Application, and the detailed billing records with respect to the fees and expenses included in the Final Monthly Statement are attached hereto as Exhibit D-3 and Exhibit E-3, respectively, and incorporated herein. The fees and expenses sought in this Final Fee Application attributable to the Final Monthly Statement total $4,306.50 and $279.39, respectively.

**Total Payments Received By Kirkland & Ellis LLP**

15.    As of the date hereof, K&E has received $367,453.41 from the Debtors for fees and expenses incurred by K&E during the Final Fee Period.

16.    Subject to the representations made herein, all fees and expenses sought for the Fourth Interim Fee Period are included as part of this Final Fee Application. The fees and expenses sought in this Final Fee Application attributable to the Fourth Interim Fee Period total $10,143.50 and $471.41, respectively.

**Reasonable and Necessary Services Rendered by K&E**

17.    The foregoing professional services rendered by K&E on behalf of the Debtors and their estates during the Final Fee Period were reasonable, necessary and appropriate to the administration of these Chapter 11 Cases and related matters.

18.    The great majority of the services performed by partners and associates of K&E were rendered by K&E's corporate and restructuring groups. K&E has prominent practices in these areas and enjoys a national and international reputation for its expertise in secured lending and financial reorganizations and restructurings of troubled companies. K&E has previously rendered services to the Debtors related to their various financings, and was thus uniquely and appropriately

7

situated to advise the Debtors with respect to financing matters.  K&E has brought a particularly

high level of expertise to these Chapter 11 Cases, which inured to the benefit of the Debtors, their

estates and all parties in interest.

19.    During the Final Fee Period, K&E advised and assisted the Debtors as special counsel

with respect to obtaining, structuring, modifying and amending the Debtors' debtor-in-possession

("DIP") financing facility and other financing matters related thereto.  K&E partners, associates and

paraprofessionals of K&E's corporate and  restructuring groups expended substantial time, energy

and resources in rendering professional services on behalf of the Debtors and their estates.

20.    During the Final Fee Period, K&E's hourly billing rates for attorneys ranged from

$295.00 to $890.00.  Allowance of compensation in the amount requested would result in an average

hourly billing rate for attorneys of approximately $576.66 (based on 558.20 recorded attorney hours

at K&E's regular billing rates in effect at the time of the performance of services).  The hourly rates

and corresponding rate structure utilized by K&E in these Chapter 11 Cases are equivalent to the

hourly rates and corresponding rate structure predominantly used by K&E for restructuring,

workout, bankruptcy, insolvency and comparable matters, and similar complex corporate, securities

and litigation matters whether in court or otherwise, regardless of whether a fee application is

required.  These rates and rate structure reflect that such particular matters are typically national in

scope and typically involve great complexity, high stakes and severe time pressures.  K&E's hourly

rates are set at a level designed to fairly compensate K&E for the work of its attorneys and

paraprofessionals and to cover fixed and routine overhead expenses.  Hourly rates vary with the

experience and seniority of the individuals assigned.  These hourly rates are subject to periodic

adjustments to reflect economic and other conditions and are consistent with the rates charged

elsewhere.

21.     The attached **Exhibit C** provides a summary statement of the number of hours of service rendered by each attorney and paraprofessional and the hourly rate of each individual for services performed during the Fourth Interim Fee Period.

22.     The attached **Exhibit D** includes a summary of legal fees for services rendered and expenses incurred during the Fourth Interim Fee Period.  In addition, **Exhibit D-1** through **Exhibit D-3** set forth the Monthly Fee Statements, which: (a) identify the attorneys and paraprofessionals who rendered services; (b) include a description of each activity or service that each individual performed and (c) state the number of hours (in increments of one-tenth of an hour) spent by each individual providing services during the Fourth Interim Fee Period.[4]

23.     Section 330(a)(3) of the Bankruptcy Code sets forth six factors to be considered by the Court to determine the compensation that may be allowed to K&E on account of services rendered to the Debtors' estates: (a) the time spent on such services; (b) the rates charged for such services; (c) whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, the Chapter 11 Cases; (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed; (e) whether K&E has demonstrated skill and experience in the bankruptcy field and (f) whether K&E's compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.  See 11 U.S.C. § 330(a)(3); In re Robinson, 368 B.R. 492, 498 n.3 (Bankr. E.D. Va. 2007).

24.     In reaching this determination, courts in the Fourth Circuit utilize the "lodestar" method.  Under this method, "various factors are applied to determine the attorney's reasonable rate

---

[4]     **Exhibit D-1** sets forth the August Fee Statement.  **Exhibit D-2** sets forth the September Fee Statement.  **Exhibit D-3** sets forth the Final Monthly Statement.  The Monthly Fee Statements attached hereto as **Exhibit D-1** and **Exhibit D-2** were served pursuant to the Interim Compensation Order without objection as of the date hereof.  The fees for the Final Monthly Statement are included with the Final Fee Application.

and the reasonable number of hours.  After application of these factors, the product of reasonable

hours and a reasonable rate constitutes the lodestar figure." In re Rothchild's Jewelers, Inc., 337

B.R. 561, 568 (Bankr. E.D. Va. 2004).  The Fourth Circuit has endorsed the use of the twelve factors

set forth in the Fifth Circuit's opinion in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714,

717-19 (5th Cir. 1974), when determining the reasonableness of fees under the lodestar method.  See

Daly v. Hill, 790 F. 2d 1071, 1077 (4th Cir. 1986) (holding the Johnson factors should be considered

in determining the lodestar figure, but not used to enhance or decrease fee awards once the lodestar

figure is determined).  These twelve factors are:

> (1) the time and labor expended; (2) the novelty and difficulty of the
> questions raised; (3) the skill required to properly perform the legal
> services rendered; (4) the attorney's opportunity costs in pressing the
> instant cases; (5) the customary fee for like work; (6) the attorney's
> expectations at the outset of the cases; (7) the time limitations
> imposed by the client or circumstances; (8) the amount in controversy
> and the results obtained; (9) the experience, reputation and ability of
> the attorney; (10) the undesirability of the case within the legal
> community in which the suit arose; (11) the nature and length of the
> professional relationship between attorney and client; and (12)
> attorneys' fees awards in similar cases.

See also Boleman Law Firm, P.C. v. United States Tr., 355 B.R. 548, 553 (E.D. Va. 2006) (applying

the twelve factors as listed above); accord In re Vernon-Williams, 377 B.R. 156, 184 (Bankr. E.D.

Va. 2007) (same); In re Tobacco Row Phase 1A Dev., L.P., 338 B.R. 684, 696 n.5 (Bankr. E.D. Va.

2005) (same); Rothchild's Jewelers, 337 B.R. at 568 n.4 (same).

    25.    Additionally, attorneys' fees may be entitled to administrative priority pursuant to

section 503(b) of the Bankruptcy Code where an attorney has provided a benefit to a debtor's estate.

See 11 U.S.C. § 503(b)(1)(A)(i).

**Summary of Reasonable and Necessary Services Rendered by K&E**

    26.    The professional services that K&E rendered during these Chapter 11 Cases include:

(i) determining their financing requirements, (ii) analyzing the Debtors' capital structure and asset

10

base to determine which assets were unencumbered or otherwise appropriate sources of collateral for

the financing; (iii) negotiating and documenting the terms of the DIP agreement; (iv) responding to

objections to the DIP financing; (v) negotiating and preparing all documents and schedules required

for closing of the DIP facility; (vi) coordinating the closing of the facility; (vii) monitoring the cases

for issues related to financing and (viii) modifying and amending the DIP agreement as necessitated

by the liquidation of the Debtors' businesses.

## Actual and Necessary Expenses

27.      Attached hereto as **Exhibit E** is a summary of the expenses incurred during the

Fourth Interim Fee Period and the Final Fee Period for which reimbursement is sought.  In addition,

**Exhibit E-1** through **Exhibit E-3** attached hereto provides summaries of and invoices for expenses

incurred during the Fourth Interim Fee Period for which reimbursement is sought (each a

"Disbursement Summary").[5]  All of these disbursements comprise the requested sum for K&E's

out-of-pocket expenses, totaling $9,880.33.

28.      It is K&E's policy to charge its clients in all areas of practice for amounts incurred by

K&E for identifiable, non-overhead expenses incurred in connection with the representation of the

relevant client that would not have been incurred except for representation of that particular client.

Examples of such expenses are postage, overnight mail, courier delivery, computer-assisted legal

research, photocopying, printing, airfare and lodging.  K&E charges $0.10 per page for duplication.

K&E has negotiated a discounted rate for Westlaw computer-assisted legal research, which is

approximately $125 per hour of online use of standard Westlaw databases.

---

[5]      **Exhibit E-1** sets forth the Disbursement Summary for the August Fee Statement.  **Exhibit E-2** sets forth the Disbursement Summary for the September Fee Statement.  **Exhibit E-3** sets forth the Disbursement Summary for the Final Monthly Statement.  The Disbursement Summaries attached hereto as **Exhibit E-1** and **Exhibit E-2** were served pursuant to the Interim Compensation Order without objection as of the date hereof..  The expenses for the Final Monthly Statement are included with the Final Fee Application.

**Representations**

29.    This is K&E's Final Fee Application.  Although every effort has been made to include all fees and expenses from the Final Fee Period in this Final Fee Application, some fees and expenses might not be included due to delays caused by accounting and processing procedures. K&E seeks approval of any such fees and expenses not included herein.

30.    The total time spent by K&E during the period covered by this Final Fee Application was 757.60 hours, including 558.20 attorney hours and 199.40 paraprofessional hours, which represents fees of $363,034.50.  The average hourly rate for the services rendered is $479.19.  The average hourly rate for time spent by attorneys is $576.66.  K&E has incurred out-of-pocket expenses in the amount of $9,880.33 and requests reimbursement thereof.

31.    In summary, by this Final Fee Application, K&E requests allowance and payment on a final basis of any outstanding amounts of fees and expenses in the total amount of $372,914.83 consisting of: (a) $363,034.50 for the actual, reasonable, and necessary professional services rendered by K&E on behalf of the Debtors (representing one hundred percent (100%) of fees for services rendered during the Final Fee Period, including the fifteen percent (15%) of fees previously held back during the Final Fee Period pursuant to the Interim Compensation Order); and (b) $9,880.33 for actual and necessary costs and expenses.

**Notice**

32.    Notice of this Final Fee Application has been given to Core Group, the Notice Parties and the 2002 List.[6]  In light of the nature of the relief requested, K&E respectfully submits that no further notice is required.

---

[6]    Capitalized terms used in this paragraph 32 but not otherwise defined herein shall have the meanings set forth in the Interim Compensation Order or the Notice, Case Management and Administrative Procedures established by the Order Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 130] entered on November 13, 2008.

## **Waiver of Memorandum of Law**

33.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues

of law presented in this Final Fee Application and all applicable authority is set forth in the Final Fee

Application, K&E requests that the requirement that all motions be accompanied by a separate

memorandum of law be waived.

## **No Prior Request**

34.     No prior request for the relief sought in this Final Fee Application has been made to

this or any other court.

WHEREFORE, for the reasons set forth herein, K&E respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) allowing on an final basis K&E an administrative expense claim for compensation and reimbursement of its fees and expenses incurred during the Final Fee Period, (b) authorizing and directing the Debtors to pay such amounts on a final basis and (c) granting such other and further relief as is just and proper.

Richmond, Virginia                     /s/ *Linda K. Myers*
Dated:  December 15, 2009              Linda K. Myers, P.C.
                                       KIRKLAND & ELLIS LLP
                                       300 North LaSalle Street
                                       Chicago, Illinois  60654
                                       Telephone:    (312) 862-2000
                                       Facsimile:    (312) 862-2200

                                       Special Counsel to the Debtors and Debtors in
                                       Possession

                                       Submitted by:

                                       Gregg M. Galardi, Esq.
                                       Ian S. Fredericks, Esq.
                                       SKADDEN, ARPS, SLATE, MEAGHER &
                                       FLOM, LLP
                                       One Rodney Square
                                       PO Box 636
                                       Wilmington, Delaware 19899-0636
                                       (302) 651-3000

                                                    - and -

                                       Chris L. Dickerson, Esq.
                                       SKADDEN, ARPS, SLATE, MEAGHER &
                                       FLOM, LLP
                                       155 North Wacker Drive
                                       Chicago, Illinois 60606
                                       (312) 407-0700

                                                    - and -

                                       /s/ Douglas M. Foley                         .
                                       Dion W. Hayes (VSB No. 34304)
                                       Douglas M. Foley (VSB No. 34364)
                                       MCGUIREWOODS LLP
                                       One James Center
                                       901 E. Cary Street
                                       Richmond, Virginia 23219
                                       (804) 775-1000

                                       Counsel to the Debtors and Debtors in
                                       Possession

K&E 16063555.

**EXHIBIT A**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Co-Counsel to the Debtors and Debtors in Possession

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al.,[1] | ) | Case No. 08-35653 (KRH) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER APPROVING THE FOURTH INTERIM AND FINAL FEE APPLICATION OF
KIRKLAND & ELLIS LLP FOR COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR SERVICES RENDERED AS SPECIAL COUNSEL FOR THE
DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM
NOVEMBER 10, 2008 THROUGH NOVEMBER 30, 2009**

Upon the fourth interim and final fee application (the "Final Fee Application")[2] of Kirkland

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, Virginia 23060.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Final Fee Application.

& Ellis LLP ("K&E") for compensation and reimbursement of expenses for services rendered as

special counsel for the debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors")

for the period from November 10, 2009 through November 30, 2009 (the "Final Fee Period"); it

appearing that the relief requested in the Final Fee Application is in the best interest of the Debtors'

estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Final

Fee Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334;

consideration of the Final Fee Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408

and 1409; proper notice of the Final Fee Application having been provided to all necessary and

appropriate parties, including pursuant to the *Order Pursuant to Bankruptcy Code Sections 102 and*

*105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing*

*Certain Notice, Case Management, and Administrative Procedures* [Docket No. 130], the *Order*

*Under Bankruptcy Code Sections 105(a) and 331 Establishing Procedures for Interim*

*Compensation* [Docket No. 830] (the "Interim Compensation Order") and no further notice being

necessary; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED:**

1.    The Final Fee Application is granted in its entirety on an final basis.

2.    The Court allows on a final basis an administrative expense claim for K&E in the

amount of $363,034.50 for professional services rendered and $9,880.33 for actual and necessary

expenses incurred during the Final Fee Period.

3.    The Debtors are authorized and directed to pay on an final basis the outstanding

amounts related to the amounts set forth in paragraph 2 hereof representing one hundred percent

2

(100%) of the unpaid fees and one hundred percent (100%) of actual and necessary expenses for the

Final Fee Period, including the fifteen percent (15%) of fees previously held back pursuant to the

Interim Compensation Order.

      4.    The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Final Fee Application.

      5.    The terms and conditions of this Order shall be immediately effective and enforceable

upon its entry.

      6.    The Court retains jurisdiction with respect to all matters arising from or related to the

implementation of this Order.

_____, 2009         _____

                               United States Bankruptcy Judge

3

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

             - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

             - and -

/s/ Douglas M. Foley                .
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in
Possession


## CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                              /s/ Douglas M. Foley
                              Douglas M. Foley