Gregg M. Galardi, Esq.                    Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                   Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &           MCGUIREWOODS LLP
FLOM, LLP                                 One James Center
One Rodney Square                         901 E. Cary Street
PO Box 636                                Richmond, Virginia 23219
Wilmington, Delaware 19899-0636           (804) 775-1000
(302) 651-3000

         - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - x
                                 :
In re:                           :    Chapter 11
                                 :
CIRCUIT CITY STORES, INC.,       :    Case No. 08-35653(KRH)
et al.,                          :
                                 :
              Debtors.           :    Jointly Administered
- - - - - - - - - - - - - - - - x

**SUPPLEMENTAL ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 102 AND 105, BANKRUPTCY RULES 2002 AND 9007, AND LOCAL BANKRUPTCY RULES 2002-1 AND 9013-1 ESTABLISHING CERTAIN AMENDED NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES**

This matter having originally come before the Court upon the motion (the "Motion")[1] of the Debtors for an order, pursuant to Bankruptcy Code sections 102 and 105(a), Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules

---

[1]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

1

2002-1 and 9013-1, establishing certain notice, case management and administrative procedures for the Debtors' chapter 11 cases (Docket No. 5); and the Court having previously entered an order approving the Motion (Docket No. 130); and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and upon the record at a hearing on December 21, 2009; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The notice, case management, and administrative procedures contained in Exhibit A to this Order (the "Amended Case Management Procedures") are hereby approved and shall govern all applicable aspects of the Debtors' chapter 11 cases effective January 1, 2010.

2. The Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules shall apply to the Debtors' chapter 11 cases, except to the extent that they conflict with the Case Management Procedures.

3. Nothing herein shall affect the Debtors' obligation to give notice to all creditors, parties in interest, and, where applicable, equity security holders of

the meeting of creditors, the dismissal or conversion of the Debtors' chapter 11 cases to another chapter, the time fixed to accept or reject a proposed modification of a plan of reorganization, the time fixed for filing proofs of claim as required by Bankruptcy Rule 2002(a), the time fixed for filing objections to and the hearing on the disclosure statement and the plan of reorganization required by Bankruptcy Rule 2002(b), or entry of an order confirming the plan of reorganization.  In addition, the Debtors shall be required to comply with the notice requirements of Bankruptcy Rules 2002(d), 4006, and 4007.

      4.   The time periods set forth in this Order and the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

      5.   The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: Richmond, Virginia
       December ___, 2009

_____
UNITED STATES BANKRUPTCY JUDGE


WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                                          /s/ Douglas M. Foley
                                                          Douglas M. Foley

**EXHIBIT A**

**Amended Case Management Procedures**

```
Gregg M. Galardi, Esq.           Dion W. Hayes (VSB
Ian S. Fredericks, Esq.          No. 34304)
SKADDEN, ARPS, SLATE,            Douglas M. Foley (VSB
MEAGHER & FLOM, LLP              No. 34364)
One Rodney Square                MCGUIREWOODS LLP
PO Box 636                       One James Center
Wilmington, Delaware 19899-      901 E. Cary Street
0636                             Richmond, Virginia 23219
(302) 651-3000                   (804) 775-1000

        - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700


Counsel to the Debtors and
Debtors in Possession
```

```
          IN THE UNITED STATES BANKRUPTCY COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION
- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653(KRH)
et al.,                       :
                              :
              Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**AMENDED NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES**

These amended notice, case management, and administrative procedures (the "Amended Case Management

7

Procedures") have been approved by the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") for the chapter 11 cases of the Debtors. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Debtors' motion for an order establishing certain notice, case management and administrative procedures (the "Motion") (Docket No. 5). The Court approved the Amended Case Management Procedures by order dated December __, 2009, titled Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Amended Notice, Case Management, and Administrative Procedures (the "Order").

The Order and a copy of the Amended Case Management Procedures will be served upon the Core Group and the 2002 List. Furthermore, a copy of the Order and other pleadings filed in the Debtors' chapter 11 cases can be obtained by contacting the Debtors' undersigned counsel and by accessing the Debtors' notice, claims and balloting agent, Kurtzman Carson Consultants LLC ("KCC"), website at www.kccllc.net/circuitcity. The Bankruptcy

8

Code, the Bankruptcy Rules, and the Local Bankruptcy Rules shall govern all matters in the Debtors' chapter 11 cases, except to the extent such rules conflict with or are inconsistent with the procedures set forth herein.  Terms not defined herein or in the Motion shall be as defined in the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

**A.    Omnibus Hearings**

1.    **All matters to be heard.** The following will be considered or heard only at monthly (or periodic) omnibus hearings scheduled in advance by the Court (the "Omnibus Hearings") unless the Court orders otherwise: all motions, pleadings, applications and other requests for relief, all objections and responses and replies thereto, and all other matters.  All motions, pleadings, requests for relief, or other materials that purport to set a hearing on a date or time at which no Omnibus Hearing is set shall automatically, and without court order, be scheduled to be heard at the next Omnibus Hearing that is at least twenty-one (21) calendar days after such motion, pleading, request for relief, or other materials is filed and served in accordance with

9

these Case Management Procedures. The Debtors shall send a copy of these Case Management Procedures within three (3) calendar days of receipt to any party who has filed such motion, pleading, request for relief, or other materials.

2. **Procedures regarding the Omnibus Hearings**. The following procedures will apply unless the Court orders otherwise:

>> (a) Any notice of an Omnibus Hearing shall conspicuously contain above the title of the notice the date and time that the hearing will be held in the event that an objection is filed in accordance with the applicable rules.

>> (b) Any motion or contested matter filed and properly served in accordance with applicable rules, and as to which the applicable response time will elapse at least three (3) calendar days before a fixed Omnibus Hearing date, may be set for hearing on such a fixed date.

>> (c) If the requisite time period set forth in Local Rule 9013-1(H)(3) has passed, the movant may present a certificate of no response before or at the Omnibus Hearing.

>> (d) Debtors' counsel shall file and serve upon all affected parties at least three (3) calendar days before the Omnibus Hearing a list of all matters scheduled to be considered

10

by the Court.  The list shall set forth all motions and responses and whether the matter is resolved, disputed or adjourned.  The Court may post the information on the Court's internet website and will also be accessible through the Debtors' notice, claims and balloting agent, KCC website at www.kccllc.net/circuitcity.

(e)  Debtors' counsel together with any affected party or parties may, without leave of the Court, unless the Court orders otherwise, adjourn any matter to a subsequent fixed Omnibus Hearing date.  If a matter is adjourned, Debtors' counsel shall immediately update the list filed in accordance with subparagraph (d) above.

(f)  Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed one (1) hour.

(g)  Upon request, the Court may allow counsel to listen to a hearing by telephone.  If a matter is contested, counsel must attend in person, unless leave of the court is granted on a case by case basis.

(h)  In the event an objection is made to a motion or application for relief, the hearing on such motion or application shall be an evidentiary hearing at which witnesses may testify, unless the parties otherwise agree that any

such hearing shall not be an evidentiary hearing.

3. **Setting the applicable Omnibus Hearing**. Any entity submitting a matter for consideration at an omnibus hearing shall be required to serve the applicable pleading and all supporting documentation no less than twenty-one (21) days prior to the applicable omnibus hearing date, if possible, and in no event, without order of the Court, less than fourteen (14) days prior to the applicable hearing date. The notice accompanying such pleading shall include the title of the pleading, the time and date of the objection deadline (as determined below), and the omnibus hearing date (or other hearing date, as ordered by the Court) at which the party intends to present the pleading. Unless otherwise ordered by the Court, the objection deadline for all matters shall be (a) no later than seven (7) calendar days before the applicable hearing date if the filings served at least twenty-one (21) calendar days prior to the applicable hearing date, or (b) no later than three (3) calendar days before the applicable hearing date if the filing is served less than twenty-

one (21) but at least fourteen (14) calendar days prior to the applicable hearing date.

    4.    **Expedited hearings**.  Notwithstanding any procedure herein, nothing herein shall restrict an entity from requesting an expedited hearing pursuant to the Local Bankruptcy Rules.

    5.    **Future Omnibus Hearing dates.**  The Debtors shall request that future Omnibus Hearings be scheduled by the Court, and shall file Notices of Additional Omnibus Hearing Dates on a periodic basis.  All Omnibus Hearing dates also are available for viewing at www.kccllc.net/circuitcity.

**B.    Filing And Notice Procedures**

    6.    **Procedures established for notices required under Bankruptcy Rule 2002(a)(2)-(6)**.  Notices required under Bankruptcy Rule 2002(a)(2)-(6) filed in the Debtors' chapter 11 cases, including all such notices, motions, applications, and other requests for relief, all briefs, memoranda, affidavits, declarations and other documents filed in support of such papers seeking relief (collectively, the "Requests for Relief"), and all objections and responses to such Requests for Relief

13

(collectively, the "Objections," and together with the Requests for Relief and all other filed documents, the "Rule 2002 Court Filings") shall be filed with the Court or other applicable court and served in accordance with the notice procedures set forth herein.

7. **Definition of entities entitled to service.** All Rule 2002 Court Filings shall be served on the Core Group, the 2002 List, and Affected Entities (each as defined herein and collectively, the "Primary Service List") according to the notice procedures described herein. A Rule 2002 Court Filing is deemed not to have been properly served until served on all of the parties in the Primary Service List.

    (a) **Core Group.** The following entities shall comprise the core group of entities in the Debtors' chapter 11 cases (collectively, the "Core Group"):

    (i) The United States Trustee, at the following address:

> Office of the U.S. Trustee
> 701 E. Broad St.
> Suite 4304
> Richmond, Virginia 23219-1888
> Attn: Robert B. Van Arsdale;

    (ii) The Debtors and their bankruptcy co-counsel, at the following addresses:

> Circuit City Stores, Inc.
> 4951 Lake Brook Drive, 5th Floor

14

Glen Allen, Virginia 23060
Attn:  Michelle Mosier

Skadden, Arps, Slate, Meagher
& Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Attn: Gregg M. Galardi

Skadden, Arps, Slate, Meagher
& Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606
Attn: Chris L. Dickerson

McGuireWoods LLP
901 E. Cary St.
Richmond, VA 23219
Attn: Douglas M. Foley

(iii)    General and local counsel for the committee, at the following addresses:

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard
11th Floor
Los Angeles, CA  90067-4100
Attn: Jeffrey N. Pomerantz

Tavenner & Beran PLC
20 North 8th Street
Richmond, VA 23219
Attn: Paula S. Beran
      Lynn L. Tavenner

(b)  **2002 List**.  This group shall be comprised of all entities who have filed a request for service of filings pursuant to Bankruptcy Rule 2002.  An updated 2002 List can be obtained by contacting Debtors' undersigned counsel or by accessing the Debtors' notice, claims and balloting agent, KKC website at www.kccllc.net/circuitcity.

15

(i) **Filing requests for documents requires e-mail address**. A request for service of papers pursuant to Bankruptcy Rule 2002 (each, a "2002 Notice Request") filed with the Court shall be deemed proper if and only if it provides an address at which documents filed with the Court by the Debtors may be served via e-mail (subject to Section B.8.b.(ii) below). Service on an e-mail address included on a 2002 Notice Request shall be deemed to constitute proper service for all purposes.

(ii) **Certification opting out of e-mail service**. Any individual or entity filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an e-mail address and thereafter cannot receive service by e-mail must include in the 2002 Notice Request a certification to that effect (the "Certification"). The Certification shall include a statement certifying that the individual or entity (a) does not maintain an e-mail address and (b) cannot practicably obtain an e-mail address at which the individual or entity could receive service by e-mail.

(iii) **2002 Notice List**. The Debtors or the Debtors' notice, claims and balloting agent, KCC, shall be responsible for maintaining an updated list of those who have submitted a proper 2002 Notice Request (the "2002 List"). It is the responsibility of each entity submitting a 2002 Notice Request to file with the Court an updated 2002 Notice Request as necessary to reflect changes of e-mail address, contact person, or otherwise, and serve a copy of such request upon the Debtors.

(c) **Affected Entities**. This group shall be comprised of all entities with a particularized interest in the subject matter of the particular Court Filing (each, an "Affected Entity").

16

8.  Nothing herein shall affect the Debtors' obligation to give notice to all creditors, parties in interest and, where applicable, equity security holders of the meeting of creditors, the dismissal or conversion of the Debtors' chapter 11 cases to another chapter, the time fixed to accept or reject a proposed modification of a plan of reorganization, the time fixed for filing proofs of claim as required by Bankruptcy Rule 2002(a), the time fixed for filing objections to and the hearing on the disclosure statement and the plan of reorganization required by Bankruptcy Rule 2002(b), or entry of an order confirming a plan of reorganization. In addition, the Debtors shall be required to comply with the notice requirements of Bankruptcy Rules 2002(d), 4006, and 4007.

**C.  Service By E-mail**

9.  **Entities entitled to serve by e-mail**.  Only the Debtors (and any of their agents) and the E-mail Serving Parties (as defined below) are authorized to serve documents by e-mail.

10.  **Form of documents served by e-mail**.  All documents served by e-mail shall provide either a copy

of the document or a link to access the entire document, including the proposed form(s) of order and any exhibits, attachments, or other materials in ".pdf" format, readable by Adobe Acrobat or other equivalent document reader program commonly available without cost. E-mail service shall also include a copy of or a link to the current 2002 List.

11. **E-mail serving parties.** An entity who has filed a proper 2002 Notice Request and has not opted out of e-mail service may serve court filings to counsel for the Debtors by e-mail to the following: circuitcityservice@mcguirewoods.com, and project.circuitcity@skadden.com.

12. **Authorization of service by e-mail**. The Debtors and parties authorized to serve by e-mail pursuant to Section C (collectively, the "E-mail Serving Parties") are authorized to serve all court filings, other than the service of a summons and complaint in an adversary proceeding (subject to Section B.7.b.(ii)).

Dated: December __, 2009        SKADDEN, ARPS, SLATE, MEAGHER &
      Richmond, Virginia        FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP


/s/ Douglas M. Foley                .
Dion W. Hayes (VSB No. 34304)
Douglas Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession