Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

          - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   1Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**AGREED PROTECTIVE ORDER BY AND BETWEEN
THE DEBTORS AND EXPORT DEVELOPMENT CANADA**

Upon mutual agreement of the parties, by counsel, for a protective order with regard to any discovery (including answers to interrogatories, document requests, and depositions), this Court hereby ORDERS:

1. (a)  As used in this Protective Order (the "Order"), the term "discovery material" shall encompass the documents submitted by Export Development Canada ("EDC") to

the Court under seal, and the documents set forth in EDC's privilege log, as more fully described and set forth on the record and ruled upon by the Court at the hearing on December 21, 2009.

     (b) "Producing party" may include any person whether or not a party who provides discovery material.

     (c) "Litigation" means the Motion for Allowance of the Late Filed Administrative Expense Claim of Export Development Canada (Docket No. 2960) (the "Motion") and the objection to EDC's claim, both of which are pending in Case No. 08-35653 in the United States Bankruptcy Court for the Eastern District of Virginia.

   2. This Order is binding upon the parties to the Litigation, including their respective corporate parents, subsidiaries and affiliates, and their respective attorneys, agents, representatives, officers and employees and others as set forth in this Order.

   3. Discovery material produced in the Litigation shall be used only for the purpose of this Litigation, and for no other purpose.

   4. Except for discovery material that they reasonably believe is necessary to be filed with the Court in connection with any proceeding in the Litigation, the

parties will not otherwise publicly disclose, or cause to be publicly disclosed, discovery material.

    5.    Within 30 days after the conclusion of this Litigation, including the exhaustion of any appeals, each party agrees to destroy or return to the producing party all discovery material produced by any other party, as well as any copies made of such material.

    6.    Nothing herein shall preclude any party from asserting, if applicable, the attorney-client privilege, a claim of work product protection, or any other applicable privilege or protection as to any discovery material, or to assert any defense or objection to the use of such information at trial.

    7.    Nothing herein shall be construed to affect in any way the admissibility of any evidence at trial or in any pretrial hearing or other proceedings.

    8.    Nothing herein shall prevent any party, or third party, on notice to all parties, from applying to the Court for a modification of this Order.

    9.    This Order shall remain in effect until such time as it is modified, amended or rescinded by the Court and shall survive the termination of the Litigation.  The Court shall have continuing jurisdiction to modify, amend or

rescind this Order notwithstanding the termination of the Litigation.

10. Violation of the terms of this Protective Order will be subject to appropriate sanctions by the Court, upon filing of an appropriate petition for relief.

Dated: Richmond, Virginia

_____

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

    - and -


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

SEEN AND AGREED:


/s/ Ronald A. Clifford
Scott E. Blakeley, Esq. (Cal Bar No. 141418)
Ronald A. Clifford, Esq. (Cal Bar No. 246542)
BLAKELEY & BLAKELEY LLP
4685 MacArthur Court, Suite 421
Newport Beach, California 92660
(949) 260-0613

- and -

Richard I. Hutson, Esq. (VSB No. 71097)
FULLERTON & KNOWLES, P.C.
12642 Chapel Rd.
Clifton, CA 20124
(703) 818-2602

Counsel to Export Development Canada



**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley

\10295207