| | |
|---|---|
| Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM, LLP<br>One Rodney Square<br>PO Box 636<br>Wilmington, Delaware 19899-0636<br>(302) 651-3000 | Dion W. Hayes (VSB No. 34304)<br>Douglas M. Foley (VSB No. 34364)<br>MCGUIREWOODS LLP<br>One James Center<br>901 E. Cary Street<br>Richmond, Virginia 23219<br>(804) 775-1000 |

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CIRCUIT CITY STORES, INC., et al.** | **Case No. 08-35653** |
| **Debtors.** | **(Jointly Administered)** |

**STIPULATION AND ORDER WITHDRAWING NOTICE OF APPEAL**

This Stipulation and Agreed Order (the "Stipulation" or "Order") is made as of December 22, 2009, by and between creditor-appellant Korea Export Insurance Company ("KEIC") and the debtors herein (the "Debtors"), each by and through its respective undersigned counsel, relates to a Notice of Appeal filed by KEIC on December 17, 2009 [Docket No. 6115] in the Debtors' jointly administered chapter 11 cases. In support of this Stipulation, KEIC and the Debtors submit as follows:

## RECITALS

**WHEREAS**, on July 8, 2009, KEIC filed a request for payment of an administrative expenses under section 503(b)(9) of title 11, United States Code, which was docketed by the claims agent as claim number 14446 (the "Claim"); and

**WHEREAS**, on October 14, 2009, the Debtors filed the *Forty-Ninth Omnibus Objection to Certain Administrative Expenses and 503(b)(9) Claims and Motion for (I) Authority to Setoff Against Such Expenses and Claims and (II) a Waiver of the Requirement that the First Hearing on Any Response Proceed as a Status Conference Hearing* [Docket No. 5212] (the "Motion") in which the Debtors objected to the Claim; and

**WHEREAS**, by order entered on December 3, 2009 [Docket Nos. 5963 and 5964], the Court granted, in part, the relief sought in the Motion (the "Setoff Order"); and

**WHEREAS**, by Notice of Appeal filed on December 17, 2009 [Docket No. 6115], KEIC appealed the determinations made in the Setoff Order; and

**WHEREAS**, subsequent to the filing of the Notice of Appeal, KEIC and the Debtors have discussed the Claim, as well as the Notice of Appeal; and

**WHEREAS**, KEIC and the Debtors wish to proceed on a coordinated basis with respect to any open issues relating to the Motion that are not yet resolved, and in connection with the Notice of Appeal, on the terms set forth below.

**NOW, THEREFORE**, in consideration of the recitals set forth herein, it is hereby stipulated and agreed to by KEIC and the Debtors as follows:

1. KEIC will withdraw its Notice of Appeal, without prejudice.

2. The Debtors and KEIC agree to address any open issues relating to the Motion that have not been resolved.

3. In the event that such issues are not resolved on a consensual basis and the Bankruptcy Court enters a final, non-interlocutory order (a "Final Order") concerning KEIC's

Claim, KEIC may appeal such Final Order on any ground, including (without limitation) grounds resolved as part of the Setoff Order; provided, further, that the Debtors expressly agree that any timely appeal from a Final Order filed by KEIC shall be deemed a timely appeal of the Setoff Order, notwithstanding KEIC's withdrawal of the Notice of Appeal

4. This stipulation is binding upon KEIC and the Debtors, as well as their respective successors and/or assigns. Except with respect to KEIC's and the Debtors' successors and/or assigns, no person or entity is or shall be deemed to be an intended or incidental third party beneficiary of this Stipulation.

5. The Bankruptcy Court retains jurisdiction with respect to any issues arising from or relating to this Stipulation.

Dated: Dec 29 2009

**IT IS HEREBY SO ORDERED:**

/s/ Kevin R. Huennekens
United States Bankruptcy Judge

Entered on docket: Dec 30 2009

3

STIPULATED AND AGREED:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

    - and -


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession


STIPULATED AND AGREED:

DUANE MORRIS LLP

/s/ Junghye June Yeum
Junghye June Yeum, Esq.
William C. Heuer, Esq.
1540 Broadway
New York, New York 10036
212-692-1070
*Counsel for Korea Export Insurance Company*

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley

# CERTIFICATE OF NOTICE

```
District/off: 0422-7           User: frenchs              Page 1 of 1               Date Rcvd: Dec 30, 2009
Case: 08-35653                 Form ID: pdforder          Total Noticed: 1

The following entities were noticed by first class mail on Jan 01, 2010.
aty          +Gregg M. Galardi,    Skadden Arps Slate Meagher,    & Flom LLP, One Rodney Sq.,    PO Box 636,
               Wilmington, DE 19899-0636
The following entities were noticed by electronic transmission.
NONE.                                                                                                 TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

**Date: Jan 01, 2010**                                 **Signature:**   *Joseph Speetjens*