Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :   Jointly Administered
            Debtors.         :
                             :   **Obj. Deadline: January 20, 2010**
- - - - - - - - - - - - - - x

      **NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION**

           PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(D.I. 4401, the "Order").[1]  A copy of the Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a settlement agreement and stipulation (the "Stipulation") with TiVo, Inc. ("TiVo"), a copy of which is annexed as <u>Exhibit 2</u>.

### SUMMARY OF SETTLEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Order, the material terms of the Stipulation are as follows:

(i)  The Stipulation is a Tier II Settlement.

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Order.

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

[3]  **This section of the notice constitutes a summary of the material terms of the Stipulation and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Stipulation in its entirety.  In the event there is a conflict between the notice and the Stipulation, the Stipulation shall control in all respects.**

(ii)  The Stipulation is between the Debtors
      and TiVo (the "Parties").

(iii) Circuit City and TiVo engaged in business
      in the ordinary course prior to and
      subsequent to the Petition Date wherein
      the Debtors purchased certain TiVo
      products (the "Product") for sale in
      their retail stores.   TiVo has asserted
      certain claims on account of Product
      provided to the Debtors, including an
      administrative expense claim, a section
      503(b)(9) claim and a general unsecured
      claim.  The Debtors have alleged that
      TiVo owed Circuit City Stores, Inc.
      certain pre- and post-petition amounts,
      including receivables, charge-backs,
      returns, and other amounts.

(iv)  The Stipulation provides that TiVo's
      administrative expense claim will be
      valued at $166,530.00, TiVo's section
      503(b)(9) claim will be valued at
      $35,400.00, TiVo's unsecured claim will
      be valued at $313,781.00 and the Debtors'
      receivables will be valued at $802,742.00.
      The receivables will be set off against
      each of TiVo's claims, reducing such
      claims to $0 and resulting in a net
      payment to the Debtors of $287,031.00
      (the "Settlement Payment").  As part of
      the Settlement, upon receipt by the
      Debtors of the Settlement Payment, the
      Parties agree to release one another from
      and against any and all claims or causes
      of action (including but not limited to,
      causes of action under Bankruptcy Code
      sections 542, 543, 544, 546, 547, 548,
      549, 550, 553 and 558) arising from, in
      connection with, or relating to the
      Product or any agreement by or between
      the Parties.

(iv)  The Stipulation provides for the
      efficient and consensual resolution of

3

claims by and between the Debtors and
TiVo.  As such, the Stipulation will
avoid unnecessary costs and expenses of
negotiating the remaining issues between
the Parties in a duplicative, piecemeal
manner.  Accordingly, the Stipulation is
in the best interests of the Debtors and
their estates and creditors.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
STIPULATION OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE STIPULATION**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Order, any Notice Party may
object (each an "Objection") to or request additional time
or information (each a "Request") to evaluate the
Stipulation.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be in writing and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (the "Creditors' Committee")(see
information below) by no later than **January 20, 2010** (the
"Objection Deadline").  Each Objection or Request must be
served on (i) counsel for the Debtors, (a) Skadden, Arps,
Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii) counsel for the
Creditors' Committee, (a) Pachulski Stang Ziehl & Jones LLP,
10100 Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th
Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to
the Stipulation and you do not want the Debtors to proceed
with Stipulation or you want the Court to consider your
views concerning such Stipulation, you or you attorney must

4

also: file in writing with the Bankruptcy Court, Clerk of
Court, United States Bankruptcy Court, 701 East Broad
Street, Suite 4000, Richmond, Virginia 23219, or
electronically ([www.vaeb.uscourts.gov](http://www.vaeb.uscourts.gov)), a written Objection
pursuant to Local Bankruptcy Rule 9013-1(H). If you mail
your Objection to the Court for filing, you must mail it
early enough so the Court will **receive it on or before
January 20, 2010.**

**Any Objection to the Stipulation must be submitted by the
method described in the foregoing sentence.  Objections
will be deemed filed only when actually received at the
address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(d) of the Order, if a Notice Party submits a
Request, only such Notice Party shall have the later of (i)
an additional five (5) days to object to the Stipulation or
(ii) in the case of a Request for additional information,
three (3) days after receipt by the Notice Party of the
additional information requested.  Each Notice Party may
only make one Request for additional time, unless otherwise
agreed to by the Debtors in their sole discretion.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Creditors' Committee or counsel to the Debtors and counsel for the Creditors' Committee do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any), **the Debtors shall be authorized to enter into and consummate the Stipulation without further order of the Court or any other action by the Debtors**.

Dated: January 6, 2010    SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia  FLOM, LLP
                          Gregg M. Galardi, Esq.
                          Ian S. Fredericks, Esq.
                          P.O. Box 636
                          Wilmington, Delaware 19899-0636
                          (302) 651-3000

                              - and -

                          SKADDEN, ARPS, SLATE, MEAGHER &
                          FLOM, LLP
                          Chris L. Dickerson, Esq.
                          155 North Wacker Drive
                          Chicago, Illinois 60606
                          (312) 407-0700

                              - and -

                          MCGUIREWOODS LLP

                          /s/ Douglas M. Foley
                          Dion W. Hayes (VSB No. 34304)
                          Douglas Foley (VSB No. 34364)
                          One James Center
                          901 E. Cary Street
                          Richmond, Virginia 23219
                          (804) 775-1000

                          Counsel for Debtors and Debtors in Possession

**EXHIBIT 1**

**(Order without Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :    Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :    1Case No. 08-35653 (KRH)
et al.,                     :
                            :
              Debtors.      :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

          Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

_____

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 9006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the establishment of procedures to settle certain pre-petition and post-petition claims and causes of action without further court approval; and the Court having reviewed the Motion; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed, due, proper and adequate notice of the Motion has been given in accordance with the Case Management Order and that no other or further notice is necessary;

2.    The Notice Procedures are fair, reasonable, and appropriate.

3.    The Settlement Procedures are fair reasonable, and appropriate.

4.    The Notice and Settlement Procedures were proposed in good faith.

2

5.     Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.     Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.     The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.     The Motion is GRANTED.

9.     The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.    Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)    Tier I With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)    Tier II With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

8

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

9

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.   Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.   Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

10

shall be deemed to be a final order of this Court for

all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency

between the Motion and this Order, this Order shall

control.

19.   The requirement under Local Rule 9013-

1(G) of the Local Rules for the United States Bankruptcy

Court for the Eastern District of Virginia to file a

memorandum of law in connection with the Motion is

hereby waived.

20.   This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
        _____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Stipulation)**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
<u>et al.</u>,               :
                             :
        Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS AND TIVO, INC.**

        This settlement agreement and stipulation

(this "Agreement") is entered into by and among the

above-captioned debtors and debtors in possession (the

"Debtors")[1], on the one hand, and TiVo, Inc. ("TiVo"), on

the other hand.  The Debtors and Tivo are sometimes

referred to herein collectively as the "Parties" or

individually as a "Party".

**GENERAL BACKGROUND**

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code; and

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc.
      (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
      Inc. (0875), Ventoux International, Inc. (1838), Circuit City
      Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
      Distribution Company of Virginia, Inc. (2821), Circuit City
      Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
      Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
      Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
      Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
      LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
      for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
      VA 23060.

2

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

3

WHEREAS, the associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, and confirmation on the Plan is currently scheduled for November 23, 2009; and

WHEREAS, generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval, dated August 7, 2009 (Docket No. 4401, the "Settlement Procedures Order")[2] to enter into this Agreement, subject to the Notice Procedures.

## SETTLEMENT BACKGROUND

### A.   The TiVo Claims.

WHEREAS, Circuit City and TiVo engaged in business in the ordinary course prior to and subsequent

---

[2]  All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Procedures Order.

4

to the Petition Date wherein the Debtors purchased
certain TiVo products (the "Product") for sale in their
retail stores; and

WHEREAS, on December 18, 2008, TiVo filed
proof of claim number 1222 against the Debtors'
bankruptcy estates pursuant to Bankruptcy Code section
503(b)(9) (the "503(b)(9) Claim").  Therein, TiVo
claimed that it shipped in the ordinary course of
business $35,400.00 worth of Product to the Debtors
within the twenty (20) days before the Petition Date;
and

WHEREAS, on January 29, 2009, TiVo filed claim
number 7801, a general unsecured proof of claim against
the Debtors' bankruptcy estates (the "Unsecured Claim").
Therein, TiVo claimed that it shipped in the ordinary
course of business $349,181.32 worth of Product to the
Debtors before the Petition Date; and

WHEREAS, pursuant to the Court's Order on
Debtors' Twenty-Third Omnibus Objection to Claims
(Modification of Certain Duplicative 503(b)(9)
Claims) (Docket No. 4465), the Unsecured Claim was
reduced to $313,781.32; and

5

WHEREAS, on June 26, 2009, TiVo filed an
administrative expense claim numbered 13676 against the
Debtors' bankruptcy estates pursuant to Bankruptcy Code
section 503(b)(1) (the "Administrative Expense Claim"
and, collectively, with the 503(b)(9) Claim and the
Unsecured Claim, the "TiVo Claims").  Therein, TiVo
claimed that it shipped in the ordinary course of
business $166,530.00 worth of Product to the Debtors on
and after the Petition Date; and

**B.    The Omnibus Objection.**

WHEREAS, on October 13, 2009, the Debtors
filed the Debtors' Forty-Eighth Omnibus Objection to
Certain Administrative Expenses and 503(b)(9) Claims and
Motion for (I) Authority to Setoff Against Such Expenses
and Claims and (II) a Waiver of the Requirement that the
First Hearing on Any Response Proceed as a Status
Conference (Docket No. 5211) (the "Objection") to, among
other claims, the 503(b)(9) Claim and the Administrative
Expense Claim; and

WHEREAS, as set forth in the Objection, the
Debtors alleged that they became entitled to certain
pre- and post-petition amounts, including receivables,

6

charge-backs, returns, and other amounts, which are

currently due and owing to the Debtors by TiVo.

Specifically, the Debtors allege that TiVo owed Circuit

City Stores, Inc. pre- and post-petition amounts

totaling $858,442.00[3] (the "Alleged Receivables"); and

WHEREAS, pursuant to the Objection, Circuit

City was seeking to setoff the Alleged Receivables

against the 503(b)(9) Claim and the Administrative

Expense Claim such that, after setoff of the Alleged

Receivables, the 503(b)(9) Claim and the Administrative

Expense Claim would each be valued at $0, and Circuit

City would have $579,210.00[4] of Alleged Receivables

remaining; and

**C.    TiVo's Conditional Response to the Objection.**

WHEREAS, on November 3, 2009, Tivo filed the

Conditional Objection of TiVo Inc. to Debtors' Forty-

Eighth Omnibus Objection to Certain Administrative

Expenses and 503(b)(9) Claims and Motion for (I)

---

[3]  This figure includes certain Product returns not included in the
calculation used in the Objection.

[4]  The Alleged Receivables were listed in the exhibit to the
Objection at $781,140.  As noted in footnote 3, supra, this
figure did not account for certain Product returns.

7

Authority to Setoff Against Such Expenses and Claims and (II) a Waiver of the Requirement that the First Hearing on Any Response Proceed as a Status Conference (Docket No. 5426) (the "Response"); and

WHEREAS, in the Response, TiVo objected to setoff to the extent that the Debtors sought to offset Administrative Expenses with pre-petition receivables before all post-petition receivables had been exhausted through offset; and

WHEREAS, rather than proceed with litigation concerning the TiVo Claims and the Debtors' Alleged Receivables, the parties engaged in good faith, arms' length negotiations to resolve the TiVo Claims, the Debtors' Objection, and TiVo's Response thereto in their entirety; and

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    The Parties agree that (i) Administrative Expense Claim shall be valued at $166,530.00, (ii) the

8

2.    The Parties further agree that the
Alleged Receivables shall be valued at $802,742.00.

3.    The Alleged Receivables shall be setoff
against the Administrative Expense Claim, the 503(b)(9)
Claim and the Unsecured Claim, such that (i) the
Administrative Expense Claim shall be reduced to $0, (ii)
the 503(b)(9) Claim shall be reduced to $0, (iii) the
Unsecured Claim shall be reduced to $0 and (iv) the
Alleged Receivables shall be reduced to $287,031.00 (the
"Remaining Receivables").

4.    The Parties agree that, on account of the
Remaining Receivables, in full and final satisfaction of
amounts due and owing to Circuit City by Tivo, TiVo
shall pay to the Debtors within five (5) business days
of expiration of the applicable Notice Period the amount
of $287,031.00 (the "Settlement Payment").

5.    Effective upon receipt by the Debtors of
the Settlement Payment, TiVo, on behalf of itself and
its successors and assigns, and Debtors, on behalf of
themselves, and each on behalf of their respective

9

6.    For the avoidance of doubt and
notwithstanding anything to the contrary in this
Agreement, (1) the Releases are not intended as general
releases or waivers and nothing in this Agreement shall
be construed as such, and (2) TiVo and the Debtors
specifically acknowledge and agree that this Agreement
is not intended to, and does not, release or otherwise
affect in any way any actual claims or causes of action
(or potential claims or causes of action similar in
nature or type to such actual claims or causes of action)
now or hereinafter asserted in or relating to the multi-
district litigation captioned In re: TFT-LCD (Flat Panel)
Antitrust Litigation, MDL No. 1827 (N.D. Cal.) and the
actions consolidated therein (the "MDL Proceeding") that

10

7.   Neither this Agreement, nor any statement made or action taken in connection with the negotiation of this Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Agreement or (b) to seek damages or injunctive relief in connection therewith.

8.   Each Party hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in

11

9.   No provision of this Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the parties hereto and their respective successors.

10.   Except where preempted by applicable Federal law, this Agreement shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia without regard to any choice of law provisions.

11.   This Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

12.   This Agreement, including the Release, constitutes the entire agreement and understanding of the parties regarding the Agreement and the subject matter thereof.

13.   The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive

12

14.    Each person or entity who executes this
Agreement on behalf of another person or entity
represents and warrants that he, she, or it is duly
authorized to execute this Agreement on behalf of such
person or entity, has the requisite authority to bind
such person or entity, and such person or entity has
full knowledge of and has consented to this Agreement.
The representations and warranties set forth in this
paragraph shall survive execution of this Agreement.

15.    This Agreement shall not be modified,
altered, amended or vacated without the written consent
of all parties hereto or order of the Bankruptcy Court.

16.    This Agreement and all of its terms shall
be effective upon the later of (i) execution by both
Parties and (ii) the expiration of the applicable Notice
Period.

IN WITNESS WHEREOF, this Agreement is hereby
executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

Dated:  January 6, 2010

14

TIVO, INC.

By:
LATHAM & WATKINS
Peter M. Gilhuly, Esq.
Ted A. Dillman, Esq.
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
(213) 485-1234

          - and -

ZEMANIAN LAW GROUP

/s/ Peter G. Zemanian
Peter G. Zemanian (VSB No. 24922)
600 Town Point Center
150 Bush Street
Norfolk, VA 23510
(757) 622-0090

Counsel for TiVo, Inc.

Dated:  January 6, 2010