IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **Circuit City Stores, Inc.,** *et al.***,** | : Case No. 08-35653 (KRH) |
| | : |
| **Debtors.** | : |

**DENON ELECTRONICS (USA) LLC AND BOSTON ACOUSTIC, INC.'S
OPPOSITION TO DEBTORS' MOTION FOR SUMMARY JUDGMENT WITH
RESPECT TO CERTAIN CLAIMS SUBJECT TO (I) THE DEBTORS' NINETEENTH
OMNIBUS OBJECTION TO CLAIMS (RECLASSIFICATION OF CERTAIN
MISCLASSIFIED CLAIMS TO GENERAL UNSECURED, NON-PRIORITY CLAIMS)
AND (II) THE DEBTORS' THIRTY-THIRD OMNIBUS OBJECTION TO THE
CLAIMS (MODIFICATION AND/OR RECLASSIFICATION OF CERTAIN CLAIMS)**

COMES NOW Denon Electronics (USA), Inc. ("Denon"), and Boston Acoustics, Inc. ("Boston Acoustics") (together with Denon, the "Respondents"), by the undersigned counsel, and for their opposition to *Debtors' Motion For Summary Judgment With Respect To Certain Claims Subject To (I) The Debtors; Nineteenth Omnibus Objection To Claims (Reclassification of Certain Misclassified Claims To General Unsecured, Non-Priority Claims) And (II) The Debtors' Thirty-Third Omnibus Objection To The Claims (Modification And/Or Reclassification of Certain Claims)* (the "Motion"), and in response to Debtors' related memorandum of law ("Debtors' Brief"), and state as follows:

<u>Summary of Argument</u>

1.  First, the Debtors' Motion should be denied because 546(c)[1] does not, *as a matter*

---

[1] Unless otherwise specified, all code sections referenced in this opposition refer to sections from Title 11 of the *United States Code* (the "Bankruptcy Code").

William A. Gray, Esquire – VSB #46911
C. Thomas Ebel, Esquire – VSB # 18637
Ashley Burges, Esquire – VSB # 67998
Sands, Anderson, Marks & Miller, P.C.
801 East Main Street, Suite 1800
(Post Office Box 1998)
Richmond, Virginia 23219 (23218-1998)
Phone: (804) 648-1636
Fax:    (804) 783-7291
  *Counsel for Denon Electronics (USA), Inc. and
  Boston Acoustics, Inc.*

*of law*, limit Respondents' recourse only to *in rem* reclamation of their inventory. Section 546 is not a statute that limits sellers' rights; it is a statute that limits trustee or debtor-in-possession avoidance powers. Also, BAPCPA did not eliminate the right to an administrative claim, and the change in the language of 546 in BAPCPA does not support Debtors' conclusions otherwise. Furthermore, such a rule of law, if adopted by the Court, would prohibit trade vendors from asserting *any* claim that may be entitled to administrative expense based on facts that would otherwise be a reclamation claim, such as a claim pursuant to 503, or even a claim based on a post petition tort for conversion. Such a result would be inequitable.

2. Second, not all "material facts" have been established as undisputed, and thus summary judgment is not appropriate. The existence of a prior lien does not *extinguish* the right of reclamation. Although reclamation rights may be "subject to" a prior lien, Debtors would necessarily have to establish several additional material facts for summary judgment, which they have failed to do. For example, did the Debtors still have Respondents' goods when the pre-petition lender was paid by the post petition DIP facility? Also, what goods or excess proceeds were still in Debtors' possession when the DIP loan was paid in full?

### Summary of Respondents' Claims

3. Respondents agree with the facts, as stated by Debtor, in "The Denon Reclamation Claim" section of Debtors' Brief (page 14), and in "The Boston Acoustics Reclamation Claim" section of Debtors' Brief (page 14-16). Respondents add that each reclamation demand was timely made, and each claim was timely filed in accordance with the *Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007* (Docket No. 107).

2

### Memorandum of Points and Authorities

I.  **546(c), as a matter of law, does <u>not</u> limit Respondents' rights only to *in rem* reclamation of goods.**

4. Debtors' Motion asserts that Bankruptcy Code section 546(c)(1) ***only*** granted to Respondents' an *in rem* right to reclaim their goods. Debtors' Brief, pg. 18. Debtors do not cite any authority directly on point for that proposition; rather, they reach that conclusion by noting that 546 does not specifically state reclamation claimants are granted an administrative claim, nor does it specifically provide that the goods are subject to a lien. *Id.*, page 19.

5. However, 546 is not a creditor remedy statute. The only *limiting* affect of 546 is on the <u>debtor</u> – not creditors. *See, e.g., In re Dana Corporation*, 367 B.R. 409, 416 (Bankr. S.D.N.Y 2007) ("Amended section 546(c) remains a 'Limitation on avoiding powers.'"); *In re First Magnus Financial Corporation*, 2008 WL 5046596 (Bankr. D. Ariz. 2008) ("Section 546(c) is not a creditor remedy statute, but instead describes limitation on a [debtor-in-possession] *avoiding* powers...") (emphasis in original). To conclude, as Debtors assert, that a statute that limits *debtors* powers somehow provides an *exclusive* remedy to a seller of goods, is simply not correct.

6. To be sure, 546 does recognize the right of a seller of goods to reclaim goods. The question is – what type of claim does a creditor have when a debtor ignores a reclamation demand, and sells the inventory despite such a demand? Initially, to relegate the claim to a general unsecured claim, as Debtors would have, is patently unfair. In fact, it *rewards* the Debtors for ignoring the reclamation demand. Such conduct should not be condoned.[2]

---

[2] Debtors' assertion that reclamation claimants should have taken some action to pursue such claims is unavailing. Respondents did what they were required by statute to do – make a reclamation demand. 11 U.S.C. § 546(c)(1). Additionally, reclaiming creditors are not required to file adversary proceedings. *See, In re Griffin Retreading Co.*, 795 F.2d, 676, 679-80 (8th Cir. 1986); (once Debtor received notice of reclamation, it became obligated to hold goods for re-delivery to seller; if it wanted to sell the goods, debtor had burden of requesting such use for the court.). *See, also, In re Flagstaff Foodservice Corp.*, 32 B.R. 820, 823 (Bankr. S.D.N.Y. 1983).

7. But Respondents assert that the right of reclamation under the Uniform Commercial Code ("UCC") is an equitable right. *See, e.g.*, the official comment to *Va. Code Ann.* § 8.2-702 (2009) ("[Reclamation] takes as its base line the proposition that any receipt of goods on credit by an insolvent buyer amounts to a tacit business misrepresentation of solvency and therefore is fraudulent as against the particular seller."). Thus, the underlying right to reclamation is based on one wrong – the taking of goods under a misrepresentation.

8. To make things worse, Debtors now use a *second* wrong – the ignoring and/or rejecting of the reclamation demand – as the basis for relegating the claim to general unsecured status. The old adage – two wrongs do not make a right – seems applicable here. If, by 546, Respondents' *only* remedy is *in rem* reclamation, Respondents would not be able to assert *any* damage claims or rights as a result of Debtors' improper conduct. Equity should not condone this result.

9. More troubling, such a broad rule of law could also be deemed to preclude sellers from asserting any type of claim based on any other applicable law or statute, when the facts of the claim involve what otherwise would be a reclamation claim. For example, the ignoring of a valid reclamation claim, and the selling of the inventory despite a reclamation claim, could be a post petition tort of conversion for which the Debtors should be liable. Post petition torts can be deemed administrative expense claims. *See, e.g., Reading Co. v. Brown*, 391 U.S. 471, 485 (1968). *See, also In re Western Farmers Ass'n, 6 B.R. 432, 435.* Also, sellers may be able to show, under their specific facts, that they have the right to an administrative claim on a basis other than 546. *See, e.g., In re Sunstate Dairy & Food Products Co.*, 145 B.R. 341, 346 (since sellers' goods had been used for the benefit of Debtor in relieving its indebtedness and funding its Chapter 11, an award of an administrative expense was appropriate). At a minimum, the Court should not here adopt a rule of law, as propounded by Debtors, which foreclose

4

Respondents' rights to assert, and prove, a claim based upon established law or statutes.

10. Debtors' argument that BAPCPA changed the language of 546, and that the changes support a rule of law that reclaiming sellers only have *in rem* remedies, is also not persuasive. It is not logical that Congress intended to eliminate the right to an administrative expense – especially when, as here, the Debtors ignored the reclamation demand. Other revisions to the statute greatly *expanded* reclamation rights. Also, included in language deleted by BAPCPA is the language that allows the court to in fact deny the right of reclamation. Since the language allowing a court to deny the right of reclamation has been deleted, arguably the right of reclamation is now absolute.

## II. Debtors have failed to establish all material facts of a "prior lien" defense are undisputed (if such defense is applicable), and thus summary judgment is not proper.

11. It is well established that summary judgment is appropriate if: 1) there is no genuine issue as to any material fact; and, 2) the moving party is entitled to judgment as a matter of law. As argued above, Debtors, as moving party here, are *not* entitled to judgment as a matter of law.

12. But Debtors' Motion also fails the first prong relating to undisputed facts. Respondents agree that the limited facts as asserted by Debtors in Debtors' Brief are, indeed, undisputed. The problem is – Debtors must establish many additional material facts before they can prevail. Because they have not done so, summary judgment should be denied.

13. A "material fact" is a fact that could affect the outcome of a case. *See, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 .Ed.2d 202 (1986); *Puckett v. City of Portsmouth*, 391 F.Supp.2d 423, 430 (E.D. Va 2005). Respondents assert that 546, by itself, does not extinguish reclamation (or other) interests a seller has in the subject goods. Rather, 546 merely makes Respondents interests "subject to" prior liens. *See, e.g., In re Pester*, 964 F.2d

5

842, 846 (8th Cir. 1992).

14.    As such, there are additional material facts that must be established as undisputed before Debtors can prevail on summary judgment. Such additional facts pertain to Respondents' remaining interests in the goods, which necessarily require undisputed facts as to when the goods were sold, and when and how secured lenders were paid.

15.    Here we have pre-petition secured lenders paid in full by the DIP loans (Debtors' memorandum, page 7). Additionally, according to the *Disclosure Statement with Respect to First Amended Joint Plan of Liquidation of Circuit City Store, Inc, and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims*, (Docket No. 5030), at page 16, the DIP Facility was paid in full upon completion of the GOB sales. Although the DIP lender has been paid, the proposed chapter 11 plan does provide for some payment to general unsecured creditors. Thus, it very well could be that some proceeds of the GOB sales remain for distribution. The Debtors have also sold many other assets – leases, IT rights, etc. These other proceeds could have been used to pay the DIP lenders.[3] At a minimum, many material facts here have not been shown to be undisputed, and thus summary judgment is not appropriate.

## Conclusion

**WHEREFORE,** for the reasons and arguments stated above, Denon Electronics (USA), LLC and Boston Acoustics, Inc. respectfully request that the Court deny Debtors' motion for summary judgment, and grant such further relief as is just and proper under the circumstances.

---

[3] Unless or until more facts as ascertained regarding the sale of all assets, etc., we do not reach, at this point and in the context of Debtors' Motion, the issue of marshalling. It may very well end up being relevant, and despite Debtors reliance on *Advanced Marketing*, there is authority that marshalling is appropriate in the context of reclamation. *See., e.g., In re Quality Stores, Inc.*, 289 B.R. 324, 335 n.19 (Bankr. W.D. Mich. 2003).

Respectfully Submitted,

**DENON ELECTRONICS (USA) LLC**

**BOSTON ACOUSTICS, INC.**

**By Counsel**

　/s/ William A. Gray
William A. Gray, Esquire – VSB #46911
C. Thomas Ebel, Esquire – VSB # 18637
Ashley Burgess, Esquire – VSB # 67998
Sands, Anderson, Marks & Miller, P.C.
801 East Main Street, Suite 1800
(P.O. Box 1998)
Richmond, Virginia 23219 (23218-1998)
Phone: (804) 648-1636
Fax: (804) 783-7291
　　*Counsel for Denon Electronics (USA) LLC and*
　　*Boston Acoustic, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of January, 2010, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and was mailed on January 8, 2009, by U.S. Mail, first class, postage prepaid, to all persons on the below Service List:

### SERVICE LIST

| | |
|---|---|
| Daniel F. Blanks, Esquire<br>Douglas M. Foley, Esquire<br>McGuire Woods, LLP<br>9000 World Trade Center<br>101 W. Main Street<br>Norfolk, VA 23510<br>*Counsel for Debtors* | Gregg M. Galardi, Esquire<br>Skadden Arps Slate Meagher & Flom, LLC<br>One Rodney Square<br>PO Box 636<br>Wilmington, Delaware 19899-0636<br>*Counsel for Debtors* |

7

Robert Van Arsdale, Esquire
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
*U. S. Trustee's Office*

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
*Local Counsel for the Official Committee of
Unsecured Creditors*

Jeffrey N. Pomerantz, Esquire
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard, 11th Fl
Los Angeles, CA 90067
*Counsel for the Official Committee of
Unsecured Creditors*

Robert J. Feinstein, Esquire
Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 26th Floor
New York, NY 10017
*Counsel for the Official Committee of
Unsecured Creditors*

/s/ William A. Gray