DAVID M. STERN (CA State Bar No. 67697),
MICHAEL L. TUCHIN (CA State Bar No. 150375), and
KORIN A. ELLIOTT (CA State Bar No. 260363)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Telephone:     (310) 407-4000
Facsimile:     (310) 407-9090

     -and-

WILLIAM A. BROSCIOUS (VA State Bar No. 27436)
KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Richmond, Virginia  23233
Telephone:     (804) 741-0400, ext. 202

Attorneys for Claimant (Claim Nos. 1009, 9681)
PARAMOUNT HOME ENTERTAINMENT INC.

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | |
|---|---|
| In re | Case No.:  08-35653-KRH |
| | (Jointly Administered) |
| CIRCUIT CITY STORES, INC., *et al.*, | |
| | Chapter 11 |
| Debtors. | |

## OPPOSITION OF PARAMOUNT HOME ENTERTAINMENT INC.
## TO DEBTORS' MOTION FOR SUMMARY JUDGMENT
## WITH RESPECT TO CERTAIN CLAIMS SUBJECT TO
## THE DEBTORS' NINETEENTH AND THIRTY-THIRD
## <u>OMNIBUS OBJECTIONS TO CLAIMS</u>[1]

---

[1]   By agreement with the Debtors, Paramount's response date was extended to January 11, 2010.

# TABLE OF CONTENTS

**Page**

I.      OVERVIEW OF OPPOSITION ............................................................................. 1

II.     BACKGROUND: KEY EVENTS AND PLEADINGS .......................................... 4

III.    STANDARD FOR SUMMARY JUDGMENT ....................................................... 9

IV.     BAPCPA DOES NOT PROHIBIT THE COURT FROM PROVIDING A
        DENIED RECLAMATION CLAIMANT WITH PAYMENT AHEAD OF
        GENERAL UNSECURED, NON-PRIORITY CLAIMANTS ............................. 10

V.      PARAMOUNT WAS NOT REQUIRED TO TAKE ANY STEPS
        BEYOND MAKING ITS RECLAMATION DEMAND TO PROTECT
        ITS RIGHT ........................................................................................................ 16

VI.     "SUBJECT TO" DOES NOT IMPLY THAT RECLAMATION RIGHTS
        ARE AUTOMATICALLY EXTINGUISHED AND DOES NOT
        EVIDENCE A CLEAR CONGRESSIONAL INTENT TO ADOPT THE
        PRIOR LIEN DEFENSE....................................................................................... 20

VII.    CONCLUSION ................................................................................................... 25

## TABLE OF AUTHORITIES

Page(s)

### FEDERAL CASES

In re Advanced Marketing Svs., Inc.,
    360 B.R. 421 (Bankr. D. Del. 2007) ........................................................................ 22

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986) ........................................................................................ 9

In re ARLCO, Inc.,
    239 B.R. 261 (Bankr. S.D.N.Y. 1999) ...................................................................... 22

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986) ........................................................................................ 9

In re Center Wholesale, Inc.,
    788 F.2d 541 (9th Cir. 1986) ................................................................................ 25

Dairy Mart Convenience Stores, Inc.,
    302 B.R. 128 (Bankr. S.D.N.Y. 2003) ...................................................................... 22

Dewsnup v. Timm,
    502 U.S. 410 (1992) ........................................................................................ 14

In re Flagstaff Foodservice Corp.,
    32 B.R. 820 (Bankr. S.D.N.Y. 1983) ........................................................................ 17

In re Georgetown Steel Co.,
    318 B.R. 340 (Bankr. D. S.C. 2004) .................................................... 14, 18, 21, 24, 25

In re Griffin Retreading Co.,
    795 F.2d 676 (8th Cir. 1986) ................................................................................ 17

In re Hartz Foods, Inc.,
    264 B.R. 33 (Bankr. D. Minn. 2001) ............................................................ 13, 17, 22

Keene Corp. v. United States,
    508 U.S. 200 (1993) ........................................................................................ 14

Minter v. Wells Fargo Bank,
    593 F. Supp. 2d 788 (D. Md. 2009) ........................................................................ 10

Pester Refining Co. v. Ethyl Corp. (In re Pester Refining Co.),
    964 F.2d 842 (8th Cir. 1992) ........................................................................ 13, 21, 22

In re Phar-Mor, Inc.,
    301 B.R. 482 (Bankr. N.D. Ohio 2003), *aff'd* 534 F.3d 502 (6th Cir. 2008) .............. 21

Phar-Mor v. McKesson Corp.
    (In re Phar-Mor, Inc.*)*, 534 F.3d 502 (6th Cir. 2008), *cert. denied*, 129 S. Ct.
    2053 (Apr. 27, 2009) ....................................................................................... 14, 20, 22

In re Quality Stores, Inc.,
    289 B.R. 324 (Bankr. W.D. Mich. 2003) ...................................................................... 23

In re Semcrude, L.P.,
    416 B.R. 399 (Bankr. D. Del. 2009) ............................................................................ 18

In re Sunstate Dairy & Food Prods. Co.,
    145 B.R. 341 (Bankr. M.D. Fla. 1992) ........................................................................ 13

In re Suwannee Swifty Stores, Inc.,
    2000 Bankr. LEXIS 2005 (Bankr. M.D. Ga. March 22, 2000) ................................... 23

## FEDERAL STATUTES

11 U.S.C. § 503(b)(9) ............................................................................... 5, 7, 8, 11

11 U.S.C. § 546(c) ............................................................................................ *passim*

## RULES

Fed. R. Civ. P. 56(c) ........................................................................................... 1

Fed. R. Civ. P. 56(f) ............................................................................................ 1

# I.
## OVERVIEW OF OPPOSITION

The Debtors have filed a motion to resolve, as a matter of law, the rights of Paramount Home Entertainment Inc. ("Paramount") and other vendors entitled to reclamation under 11 U.S.C. ("Bankruptcy Code") § 546(c).  They have done so via a motion for summary judgment[2] that, by necessity, can be granted only if there presently are, Fed. R. Civ. P. 56(c), and after diligently pursued discovery, can be, Fed. R. Civ. P. 56(f), no disputed issues of material fact.

To meet this standard, the Debtors rely upon three main arguments:

1.      Under section 546(c), as revised by BAPCPA, there is no such thing as a reclamation claim.  Paramount's only right was limited to physical reclamation of its goods, and as those goods have all been sold, it has no further right, save and except to assert a general unsecured claim.  Debtors' Brief, at 18-25; *see also id.* at 34-35 (arguing that any reclamation right does not extend to proceeds).

2.      To the extent Paramount had a claim, it lost it by failing to pursue it diligently, notwithstanding Paramount's full compliance with this Court's first day order establishing reclamation procedures.[3]  Debtors' Brief, at 25-29.

---

[2]    *Debtors' Motion for Summary Judgment with Respect to Certain Claims Subject to (I) The Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims) and (II) the Debtors' Thirty-Third Omnibus Objection to Claims (Modification and/or Reclassification of Certain Claims)* [Docket No. 6135] (the "Motion"), which is supported by a memorandum of law [Docket No. 6136] (the "Debtors' Brief").

[3]    *Order Under Bankruptcy Code Sections 105(a), 362, 503(b), 507(a), 546(c), and 546(h) (I) Granting Administrative Expense Status to Obligations from Postpetition Delivery of Goods; (II) Authorizing Payment of Expenses in the Ordinary Course of Business; (III) Authorizing Debtors to Return Goods; and (IV) Establishing Procedures for Reclamation Demands*, entered November 13, 2008 [Docket No. 133], as made final on December 5, 2008 [Docket No. 897] (the "Reclamation Procedures Order").

3.      There can be no administrative claim in these cases because the prepetition lenders held a floating lien on the Debtors' inventory and the debt owed on the petition date to the lenders exceeded the value of Paramount's inventory on that date.  Debtors' Brief, at 29-34 (the so-called "prior lien defense").  Paramount answers all three of these contentions as follows:

1.      On whether Paramount is entitled to a claim, we answer that BAPCPA did not do away with the right to an administrative claim; indeed, the Reclamation Procedures Order (quoted below) so recognized that.  Further, even assuming that reclamation operates solely *in rem*, if any Paramount goods remained in the Debtors' possession at the time the prior secured lienholders were paid,[4] all proceeds generated thereafter belong to Paramount.   In this latter connection, outstanding discovery seeking to ascertain what the Debtors owed and what Paramount goods they held on a daily basis post-petition is highly germane and has not been answered.[5]

2.      The argument that Paramount did not act swiftly or decisively enough in suing to physically reclaim its goods or to enjoin their sale relies on the ultimate "gotcha."  Nothing in Bankruptcy Code section 546(c) suggests that steps beyond the making of the demand are necessary and significant case law supports

---

[4]   As discussed more fully below, *see* note 19 *infra*, Paramount disagrees with the Debtors' contention that the payoff of the prepetition lenders by the DIP lenders is not consequential for purposes of 546(c) and that the relevant question is the existence and amount of the DIP loan.  However, even if the Debtors are correct, at some point, possibly prior to the sale of some or even any of Paramount's goods (as full discovery will eventually reveal), the DIP loan was paid, rendering the reclamation demand then assertable unless the prior lien defense destroyed Paramount's reclamation right on day one.

[5]   *See Declaration of David M. Stern Pursuant to Fed. R. Civ. P. 56(f)* ("Stern Decl."), ¶ 11 and Exhibits 1 & 2, filed concurrently.

this interpretation.   No one could, or does, dispute that this Court issued its Reclamation Procedures Order on the third day after these cases were filed, and that Paramount fully complied with that order.   Under those procedures, Paramount's Reclamation Demand was conveniently not deemed rejected by the Debtors until two days after they completed their going-out-of business sales and had sold all of their inventory.   Because Paramount complied with the Court's procedures, by the time the reclamation demand was rejected, the goods were sold and it was too late for Paramount to take the steps the Debtors suggest were required.   Now, more than a year after the Reclamation Demand was made, the Debtors contend that was not enough and that Paramount's failure to do more than the Reclamation Procedures Order required disentitles Paramount to any relief. This simply cannot be the case.

3.      Finally, the prior lien defense seeks to distort the language of section 546(c) to extinguish the right of reclamation whenever a prior secured lender is owed more than the value of any individual vendor's inventory held by the debtor on the petition date.   Notably, if this is the test, a debtor with inventory on the petition date of $1 billion equally divided among 1,000 vendors (*i.e.*, $1 million each) which owes its bank $1.5 million on the petition date, secured by the $1 billion in inventory, can defeat the reclamation rights of all 1,000 vendors. That result is neither sensible nor supported by law.

We discuss the key events in these cases and amplify on each of these points below.

3

**II.**
## BACKGROUND: KEY EVENTS AND PLEADINGS

On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code.

Also on the Petition Date, the Debtors sought – and were granted two days later – authority to enter into a post-petition, debtor-in-possession, secured financing facility (the "DIP Facility").

On November 12, 2008, the Debtors used proceeds of the DIP Facility to repay all outstanding obligations under their prepetition credit facility, which was secured by, among other things, all of their inventory. *See* Debtors' Brief, at 7. The DIP Facility was, in turn, also secured by, among other things, the Debtors' inventory and the proceeds thereof. *Id.*

On the following day, November 13, 2008, the Court entered the Reclamation Procedures Order, which was finalized on December 5, 2008. In pertinent part, it provided:

> 1.      Precise instructions for filing a reclamation demand, including where to file and what to include. Reclamation Procedures Order, ¶¶ 5(a) & (b), at 4-5.

> 2.      A 120-day period for the Debtors to examine the Reclamation Demands and to "advise each Reclamation Claimant of the ***allowed amount***, if any, ***of the Reclamation Demand*** (the 'Allowed Reclamation Amount'). Absent receipt of any notice setting forth such an Allowed Reclamation Amount, the Debtors shall be deemed to have rejected the Reclamation Demand." *Id.*, ¶ 5(c), at 5 (emphasis added).

3.    Authorization for the Debtors to pay the Allowed Reclamation

Amount or to return the goods.  *Id.*, ¶ 5(d), at 5-6.

Consistent with the Reclamation Procedures Order, indeed a day prior to its entry,

Paramount served its *Demand for Reclamation of Goods by Paramount Home*

*Entertainment* (the "Reclamation Demand").   In the Reclamation Demand, Paramount

demanded the return of the products delivered to and accepted by the Debtors while

insolvent in the ordinary course of business within the 45-day period preceding the

Petition Date, which products had a total value of $11,600,840.04.[6]

On January 30, 2009, Paramount timely filed Claim No. 9681, asserting a claim in

the amount of $16,497,463.67 (the "General Claim").  Because the Reclamation Demand

had not been responded to by the Debtors – the 120 days had not yet run – and an earlier

claim seeking administrative priority pursuant to 11 U.S.C. § 503(b)(9) had neither been

objected to nor paid,[7] Paramount sought administrative priority in the amount of

$14,801,853.41 in the General Claim, being the sum of the previously asserted

Reclamation Demand and the 503(b)(9) Claim.

From January 17, 2009 through March 8, 2009, the Debtors held Court-approved

going-out-of-business ("GOB") sales.  *See, e.g., Debtors' Twentieth Omnibus Objection*

---

[6]    The Reclamation Demand was attached to the *Response of Paramount Home Entertainment Inc. to Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims)* [Docket No. 4155] ("Paramount's Initial Response") and can again be provided upon request.  Similarly, the 503(b)(9) Claim and the General Claim (both as defined below) are not included herein, but were provided in Paramount's Initial Response and will be provided again upon request.  Paramount's Initial Response, at 6-7, also sets forth certain background facts and basic law which are also not repeated here, but incorporated by this reference.

[7]    On December 19, 2008, Paramount timely filed its claim arising under section 503(b)(9) of the Bankruptcy Code, Claim No. 1009, asserting a priority claim in the amount of $3,201,013.37 (the "503(b)(9) Claim").  Paramount since has agreed with the Debtors that the correct amount of the 503(b)(9) Claim is $3,133,634.57.

to Claims (Reclassification to Unsecured Claims of Certain Claims Filed as 503(b)(9)

Claims for Goods Received by the Debtors Not Within Twenty Days of the

Commencement of the Cases) [Docket No. 3704], ¶ 9.  In the *Disclosure Statement with*

*Respect to First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its*

*Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors*

*Holding General Unsecured Claims* [Docket No. 5030] (the "Disclosure Statement"), the

Debtors represented that by the end of the GOB sales, the DIP Facility had been paid in

full.  Disclosure Statement, at 16.  As the Debtors' first proposed chapter 11 plan also

provides for payment of some unsecured creditors, *see* Docket No. 5124, it is clear that

after the satisfaction of the Debtors' secured lenders, there are proceeds remaining for

distribution.[8]

Because Paramount was never sent a notice setting forth an allowed amount of its

reclamation claim, pursuant to the Reclamation Procedures Order, Paramount's

Reclamation Demand was deemed rejected on March 10, 2009, *i.e.*, two days <u>after</u> the

Debtors concluded their GOB sales.

On June 22, 2009, the Debtors filed the *Debtors' Nineteenth Omnibus Objection to*

*Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-*

*Priority Claims)* [Docket No. 3703] (the "<u>Objection</u>").  In the Objection, the Debtors

sought reclassification of certain claims asserting priority to general unsecured, non-

priority claims, giving as their <u>only</u> explanation for the proposed reclassification that,

according to their books and records, the claims are "asserted with incorrect

---

[8]   More precise information is sought in Paramount's outstanding discovery.   Stern Decl., ¶ 9 &
Exhibits 1 & 2.

classifications." *See* Objection, ¶ 11. Among the claims the Debtors sought to reclassify in the Objection was Paramount's General Claim. Specifically, the Debtors sought to reclassify the amount to which Paramount asserted the right to priority in the General Claim (*i.e.*, $14,801,853.41) as a general unsecured, non-priority claim.

On July 16, 2009, Paramount filed Paramount's Initial Response, in which it opposed the Objection to the extent that it seeks to reclassify the administrative priority claim, resulting from its valid reclamation right, in the amount of $11,600,840.04, to a general unsecured claim. Also in that response, Paramount clarified a miscalculation of the portion of its General Claim entitled to priority. For purposes of clarity, Paramount asserts that its total claim of $16,497,463.67 should be classified as follows:

1.     A section 503(b)(9) claim,  Claim No. 1009, in the amount of $3,133,634.57.

2.     A reclamation claim, which may be denominated as an *in rem* demand for the proceeds of the goods subject to reclamation up to $11,600,840.04. This amount is inclusive of the amount entitled to priority pursuant to section 503(b)(9), although obviously Paramount does not seek a double recovery.

3.     A general prepetition claim, Claim No. 9681, for $16,497,463.67 less amounts which are allowed in connection with the reclamation claim and the section 503(b)(9) claim.[9]

---

[9]  Because the General Claim, Claim No. 9681 is inclusive of the 503(b)(9) Claim, which has not been disallowed by the Court, the proposed order accompanying the Debtors' Motion  cannot be entered as drafted even if the Court grants the Debtors' Motion in full.  In particular, the proposed order states that the entirety of Claim No. 9681 should be reclassified as a general unsecured, non-priority claim. Regardless of the Court's decision on the Motion, this result is not warranted as Paramount is entitled to payment of the 503(b)(9) Claim as an administrative expense.

To ascertain preliminary information relevant to its reclamation rights, Paramount propounded formal discovery on the Debtors by serving *Paramount Home Entertainment Inc.'s First Set of Interrogatories to Circuit City Stores, Inc., et al.*, and *Paramount Home Entertainment Inc.'s First Set of Requests for Production of Documents to Circuit City Stores, Inc., et al.* on November 23, 2009. *Stern Decl.*, ¶ 6; Exhibits 1 & 2. The Debtors and Paramount informally agreed that the Debtors had through December 31, 2009 to respond to interrogatory numbers 7, 8 and 9, as the responses to those interrogatories would be particularly crucial to Paramount's arguments regarding its right of reclamation, and that responses to all other discovery could be postponed until after the January 14, 2010 hearing. *Stern Decl.*, ¶ 9.

On December 28, 2009, the Debtors sent the *Debtors' Objections and Responses to Paramount Home Entertainment Inc.'s First Set of Interrogatories to Circuit City Stores, et al.* (the "Discovery Response). *Stern Decl.*, ¶ 10 & Exhibit 3. From the Discovery Response, Paramount has learned that according to the Debtors' records, they held $14,571,763.62 of Paramount's goods in their inventory at the end of business on November 9, 2008 and that the Debtors' no longer have any of Paramount's goods in their possession. Paramount did not receive any information in response to interrogatory number 8, which asked the Debtors to state the amount of proceeds they received from the sale of Paramount goods from the Petition Date through the present time in the form of a daily tally or broken down by the shortest periods possible. The Debtors objected to the interrogatory but also stated that this data is not available because their recordkeeping

8

systems did not track sales in this manner. *Stern Decl.*, ¶ 10 & Exhibit 3.[10]  Among the

other key information which the Debtors have not yet supplied is a daily accounting of

the amount of debt secured by the inventory.  *Stern Decl.*, ¶ 11 & Exhibit 1

(Interrogatories 11 & 13).

It is against this backdrop that the Motion must be judged.

## III.
## STANDARD FOR SUMMARY JUDGMENT

Paramount agrees with the Debtors that "[s]ummary judgment is appropriate if

there is no genuine issue as to any material fact and the moving party is entitled to

judgment as a matter of law."  Debtors' Brief, at 17.

That view is tempered if "the nonmoving party has not had the opportunity to

discover information that is essential to his opposition."  Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 250 (1986).  In such a case, a respondent should not be "'railroaded'

by a premature motion for summary judgment." Celotex Corp. v. Catrett, 477 U.S. 317,

326 (1986).  As another district court in this Circuit recently held:

> Rule 56(f) provides this Court with the discretionary authority, in
> appropriate cases, to deny a premature motion for summary judgment
> where the nonmoving party demonstrates that he has not had adequate time
> for discovery or needs additional time to complete it.

Minter v. Wells Fargo Bank, 593 F. Supp. 2d 788, 792 (D. Md. 2009).

In these cases, Paramount promptly propounded discovery but the Debtors have

not yet fully answered it.  Paramount's counsel has supplied an affidavit describing what

---

[10]   That the Debtors' recordkeeping systems may not readily produce this data does not mean it cannot
be produced.  There may be a fight as to whose burden it is to produce this information, but given the
stakes, the information clearly can be generated. *Stern Decl.*, ¶ 10.

discovery is needed and why.  As noted therein, and by way of example, that discovery may reveal that the Debtors still held some or even all of the goods subject to Paramount's Reclamation Demand at the time they had raised funds sufficient to satisfy the claim secured by the floating lien on inventory.  That would certainly be true if the only relevant lien is that of the prepetition lenders.  Even if the lien held by the DIP lenders is the pertinent one, it is likely, and certainly an open question at this time, as to when the GOB sales generated adequate proceeds to pay that loan in full and how much Paramount inventory was in the Debtors' possession when that point was reached.  As such, unless this Court agrees with the extreme positions taken by the Debtors (about which more below), the Motion should be denied at this time.

## IV.
## BAPCPA DOES NOT PROHIBIT THE COURT FROM PROVIDING A DENIED RECLAMATION CLAIMANT WITH PAYMENT AHEAD OF GENERAL UNSECURED, NON-PRIORITY CLAIMANTS

The Debtors argue that, as amended in 2005, Bankruptcy Code section 546(c) merely provides a seller of goods with the right to reclaim.  It bases this argument on the deletion of prior section 546(c)(2), which required the court to grant a seller it had denied the right of reclamation either an administrative expense claim or a lien.  From this change, the Debtors deduce that a reclaiming seller has no right to any remedy other than retaking its goods.  *See* Debtors' Brief, at 19-21.  Therefore, the Debtors argue that cases granting reclaiming creditors relief other than return of goods, but which were decided under pre-2005 law, cannot be relied upon and, further, that even if those cases were still good law, in these cases, they are inapplicable because the Court never denied the reclamation demands; rather, the Debtors merely rejected them.  *Id.* at 20-25.

10

None of these arguments is persuasive.  First, it is anything but clear what the congressional intent behind the deletion of the prior section 546(c)(2) was.  It is true that the section was physically replaced by a section referring to the right to an administrative expense priority claim under section 503(b)(9), but it does not logically follow, as the Debtors' argue, that "Congress clearly intended to eliminate any right to an administrative expense (other than under section 503(b)(9)) or a junior lien under section 546(c)."  *Id.* at 22.  In addition to providing the alternative remedies of administrative expense priority or a junior lien, the deleted section 546(c)(2) also contained the only language in the section describing the court's discretion to deny the right of reclamation. By the Debtors' logic, the deletion of that section must be interpreted to make the right of reclamation an absolute right — a right that the court no longer has the ability to deny. On the other hand, the deletion could also mean that the court now has broader authority to deny reclamation and is not limited to doing so only where it provides one of the alternatives that was previously included in the statute.[11]  As neither of these possible interpretations forecloses providing a reclaiming creditor such as Paramount with a remedy, the statute is, at best, unclear as to what treatment should result if a debtor decides to keep and use the goods subject to reclamation.[12]

Further, the revision to the statute, including the deletion of prior section 546(c)(2) should be read in the context of the many other BAPCPA amendments, which largely

---

[11]   As noted earlier, at page 4, the Reclamation Procedures Order appeared to endorse this view in paragraph 5(c) which provided that the Debtors would "advise each Reclamation Claimant of the **allowed amount**, if any, **of the Reclamation Demand**…." (emphasis added).

[12]   The UCC commentary and at least one court would likely label that conduct not retention and use, but fraud and conversion.  *See* Paramount's Initial Response, at 8-9 & n.11.

evidence an intent to broaden the rights of trade creditors.  A. Resnick, *The Future Of Chapter 11: A Symposium Cosponsored by the American College of Bankruptcy: The Future of the Doctrine of Necessity and Critical-Vendor Payments in Chapter 11 Cases*, 47 B.C. L. Rev 183, 208 (2005) ("The 2005 amendments have expanded a seller's right to reclaim goods.").[13]  As noted in Paramount's Initial Response, it would be illogical to conclude that the same Congress that enhanced the protections afforded to reclamation claimants,[14] would render those protections meaningless and unenforceable through the same set of amendments.  Especially in this context, where the Debtors decided to keep and sell the goods, despite the valid reclamation demand, and where, given the procedural posture of the case, it must be assumed that, at the time the prepetition loans were paid and at the time the DIP Facility was satisfied (whichever is the relevant reference point), all of the goods subject to the Paramount Reclamation Demand were still in the Debtors' possession and then subsequently sold, it seems particularly in line with the history and purpose of section 546 that Congress would have intended for Paramount and other similarly-situated creditors to continue to have some remedy available to them.

Given this background and context, a straight-forward reading of the statute as a whole produces a much more sensible result.  Although the Debtors focus on the deletion of prior section 546(c)(2) and on the addition of the "subject to" language (discussed in greater detail in section VI), language that was part of the statute prior to 2005 and

---

[13]    Professor Resnick is one of many commentators who observed (often with consternation), at the time of enactment, that BAPCPA had enormously expanded the rights of trade creditors.  His observations are notable as he is, and has been, for some time the principal editor of Collier on Bankruptcy.

[14]    For example, BAPCA extended the look-back period before bankruptcy during which goods may be subject to reclamation from 10 to 45 days and lengthened the period to request reclamation from 10 to 20 days post-petition, for requesting reclamation.

remained after the 2005 amendments is much more significant.  The statute has long

stated that the "rights and powers of the trustee under section[] 544(a) . . are subject to"

the right of a reclaiming seller.  *See* 11 U.S.C. § 546(c)(1).  Therefore, while Paramount

acknowledges that the statute no longer sets forth a specific right to either an

administrative expense priority claim or junior lien, the statute does set up a very logical

priority scheme in which the trustee's rights are no better vis-à-vis a reclaiming vendor

than those of the prepetition debtor.  *Accord* <u>Pester Refining Co. v. Ethyl Corp. (In re</u>

<u>Pester Refining Co.)</u>, 964 F.2d 842, 845 (8th Cir. 1992) (finding that, although subject to

a senior secured lienholder, reclamation creditors have priority over general unsecured

creditors); <u>In re Hartz Foods, Inc.</u>, 264 B.R. 33, 37 (Bankr. D. Minn. 2001) (same); *see,*

*also,* <u>In re Sunstate Dairy & Food Prods. Co.</u>, 145 B.R. 341, 346 (Bankr. M.D. Fla. 1992)

(granting an administrative priority claim because a reclaiming seller whose goods are

kept and sold or used by the estate has benefitted the estate).

   Not only would it destroy this statutorily-specified scheme to relegate valid

reclamation claimants to the status of general unsecured, non-priority claimants where

there are sufficient funds to pay the reclamation claims after the senior secured lienholder

has been satisfied, it would also violate the oft-stated principle that "[w]hen Congress

amends the bankruptcy laws, it does not write 'on a clean slate.'"  <u>Dewsnup v. Timm</u>,

502 U.S. 410, 419 (1992).  Thus, changes in prior practice are not presumed based on

vague language absent "at least some discussion in the legislative history."  *Id.*  *See also*

<u>Keene Corp. v. United States</u>, 508 U.S. 200, 209 (1993) ("Although Keene urges us to

see significance in the deletion of the 'file or prosecute' language in favor of the current

13

reference to 'jurisdiction' in the comprehensive revision of the Judicial Code completed in 1948, we do not presume that the revision worked a change in the underlying substantive law 'unless an intent to make such [a] change is clearly expressed.'").

The Debtors argue that because the statute has been revised in part, the prior case law, including the above-cited *Pester Refining* case, as well as Phar-Mor v. McKesson Corp. (In re Phar-Mor, Inc.*)*, 534 F.3d 502 (6th Cir. 2008), *cert. denied*, 129 S. Ct. 2053 (Apr. 27, 2009), and In re Georgetown Steel Co., 318 B.R. 340 (Bankr. D. S.C. 2004), can no longer be relied upon. *See* Debtors' Brief, at 20-22. *Phar-Mor* and *Georgetown Steel* are particularly pertinent because both cases interpreted the prior statute and found that reclaiming creditors were entitled to administrative expense priority, but their holdings did not rest solely on prior section 546(c)(2). Therefore, Paramount submits that much of those courts' discussions of reclamation, as well as the Eighth Circuit's holding in *Pester Refining*, are applicable to aid in the interpretation and implementation of the current statute.[15] Indeed, not referencing prior law – absent clear direction from Congress to disregard it – would be contrary to the Supreme Court's rule of construction set out in *Dewsnup.*

Given the harm that these cases do to the Debtors' position, they make a final desperate attempt to argue that these cases do not apply and that the Court can no longer provide alternative remedies by distinguishing their own "rejection" of the demands on March 10, 2009 from a "denial" by the Court. *See* Debtors' Brief, at 24. But this

---

[15] The Debtors, of course, also rely throughout their brief on pre-2005 cases. Paramount believes that it is perfectly reasonable to rely on these cases, except where a particular holding is based on a changed section of the statute.

distinction cannot affect Paramount's right of reclamation.  As an initial matter, the current statute does not reference the ability of the court to "deny" reclamation.  The Debtors' focus on a distinction between the language in the Reclamation Procedures Order regarding "rejection" and statutory language regarding "denial" that no longer even exists should raise a red flag.  In addition, given that the Court granted the Debtors' requested procedures in the Reclamation Procedures Order, the Debtors' "rejection" of the Reclamation Demand, was Court-authorized, minimizing the alleged distinction.   If the Debtors knowingly set up these procedures under which they could "reject" a demand (notably post-conclusion of the GOB sales) with the intent to later argue that this did not constitute the Court's denial of reclamation, then it appears they have used this Court to mislead the numerous reclamation claimants in these cases.  If, as is more likely, the Debtors' recognized the difference between the language in the Reclamation Procedures Order and prior statute after the fact, then it is disingenuous for them to argue that this distinction, which they did not intend, is a clear one that can be enforced against the reclamation claimants.

In short, it is more consistent with the history of the remedy of reclamation, the intent behind the BAPCPA amendments to the Bankruptcy Code, and a straight-forward reading of the statute – which expressly makes the estate's rights subject to a reclaiming vendors' rights, and a reclaiming vendor's rights subject to a consensual lender's rights – to provide Paramount with priority over general unsecured, non-priority creditors once the prepetition lenders (and, arguably, the DIP lenders) have been paid.  Whether the mechanism for doing so is an *in rem* remedy against the excess funds from the GOB sales or an administrative claim is of no moment.

15

**V.**

**PARAMOUNT WAS NOT REQUIRED TO TAKE ANY STEPS BEYOND
MAKING ITS RECLAMATION DEMAND TO PROTECT ITS RIGHT**

The Debtors next claim that regardless of what rights or remedies may have been available to Paramount and the other reclamation claimants under the statute, they have now been lost because the claimants failed to pursue their reclamation demands diligently.  *See* Debtors' Brief, at 26 (citing In re First Magnus Fin. Corp., 2008 WL 5046596, at *2 (Bankr. D. Ariz. Oct. 16, 2008); In re McLouth Steel Prods. Corp., 213 B.R. 978, 987 (Bankr. E.D. Mich. 1997); Tate Cheese Co. v. Crofton & Sons, Inc. (In re Crofton & Sons, Inc.), 139 B.R. 567, 569 (Bankr. M.D. Fla. 1992)).  While Paramount acknowledges that the above-cited authority supports the proposition that there are additional steps, in certain circumstances, that reclaiming creditors must take to preserve their rights, it submits that the Debtors' characterization of the law on this point is incomplete and that the cases cited, even if decided correctly, would not be applicable here.

First, a plain reading of the statute suggests that a reclaiming creditor will establish its right to reclaim by making a demand as described in the statutory text.  The only statutory requirement for one who meets the definition of a seller who may reclaim is that such seller "demands in writing reclamation of such goods— (A) not later than 45 days after the date of receipt of such goods by the debtor; or (B) not later than 20 days after the date of commencement of the case, if the 45-day period expires after the commencement of the case."  *See* 11 U.S.C. § 546(c)(1).  There is simply no mention of a requirement to take steps beyond the making of a demand.

In addition, the Debtors ignore case law contrary to their position, including the only Circuit Court of Appeals to consider the issue.  In <u>In re Griffin Retreading Co.</u>, 795 F.2d. 676, 679-80 (8th Cir. 1986), the Eighth Circuit Court of Appeals held that "[t]o require the reclaiming creditor to follow its demand with an adversarial proceeding would only foster a race to the courthouse."  *See also Hartz Foods,* 264 B.R. at 36 (same); <u>In re Flagstaff Foodservice Corp.</u>, 32 B.R. 820, 823 (Bankr. S.D.N.Y. 1983) ("The filing of an adversary proceeding is not mandatory" and "it would neither be economical nor expeditious to require all of the numerous reclamation creditors to commence adversary proceedings").  Further, in *Griffin Retreading*, the Court found that it was the debtor's burden to resolve the issue of reclamation if it desired to use the goods subject to a demand by making a specific request from the court before such use.  *Griffin Retreading*, 795 F.2d at 679-80; *accord Hartz Foods*, 264 B.R. at 36 (holding it is the "debtor-buyer's obligation, once it had received notice of the seller's intent to reclaim, to hold the goods for re-delivery to the seller or seek court approval to use the goods otherwise") (citing *Griffin Retreading*) (internal quotations omitted).  This is consistent with the rationale for reclamation, which is to remedy the implied fraud that the buyer engaged in by accepting the goods while insolvent.  Paramount Initial Response, at 8.

Even were the Court to agree with those cases generally requiring reclaiming creditors to file an adversary proceeding or to take some other additional steps to preserve the right of reclamation, in cases such as these where the Court has approved specific procedures requested by the Debtors that already go beyond the statutory requirements for establishing the right to reclaim, no more can later be required of a claimant who has

met both the statutory and case-specific procedures.  *See Georgetown Steel*, 318 B.R. at

349 (finding that the debtor could not require reclamation claimants to do more than that

which was required under the plain terms of the reclamation procedures order and that

where through its procedures the debtor had set the timetable for determination of the

reclamation issues, the debtor could not then use the late posture of the case and the fact

that the goods are no longer in its possession against the reclaiming creditors);[16] *cf.* In re

Semcrude, L.P., 416 B.R. 399, 404 (Bankr. D. Del. 2009) (finding that section 503(b)(9)

claimants who had complied with the court's procedures had made a *prima facie* showing

of the validity and amount of their claims and that because "one of the main purposes of

the Procedures Order was to avoid a flood of motions in the Court," it would be

inconsistent to require any sort of motion practice after the creditors complied with the

---

[16]  The Debtors attempt to distinguish *Georgetown Steel* because, in that case, the reclamation procedures order specifically "enjoined" the creditor from seeking to reclaim its goods and the order provided that an allowed reclamation claim would be deemed an administrative expense.  *See* Debtors Brief, at 27 n.17.  They then argue that because the Reclamation Procedures Order contains neither an injunction nor an automatic administrative claim, the Debtors are not estopped from arguing that the reclamation creditors are not entitled to administrative expense status.

Paramount does not suggest that the Debtors are estopped from contesting Paramount's right to administrative expense status.  Rather, Paramount contends that, under *Georgetown Steel*, the Debtors are estopped from arguing that additional steps were required to be taken in order to preserve its right of reclamation when the statutory and case-specific procedures have all been complied with. Although the Debtors repeatedly state that it was clear under the Reclamation Procedures Order that the reclamation claimants could initiate an adversary proceeding, *see, e.g.,* Debtors' Brief, at 27-28, it was not made clear that this was necessary.  In *Georgetown Steel*, in finding the debtor was estopped from requiring additional steps be taken, the court relied on the fact that the debtor "did not suggest the Reclamation Creditors needed to further protect their interests beyond the plain terms of the Reclamation Order".  318 B.R. at 349.  Here, the Debtors' procedures which were approved by the Court included a request "that the Court confirm that a reclamation claimant or any other third party is prohibited from seeking to reclaim Goods that have already been delivered, or from interfering with the delivery of Goods presently in transit to the Debtors" and Debtors' counsel stated that filing of a lawsuit or other actions could be taken if a reclamation claimant was uncomfortable with the procedures.  Not only was it reasonable to infer from the Reclamation Procedures Order plus these statements that no action needed to be taken beyond compliance with the order, it would have been unreasonable to conclude otherwise.

procedures).   As in *Georgetown Steel*, the Debtors should not be able to argue that Paramount's right is lost now that the goods are gone.   It is because of the Debtors' very own procedures and timetable that Paramount was not given any notice of the Debtors' rejection of its Reclamation Demand until after all of its goods were sold.

On the first day of these cases, the Debtors requested that the Court set procedures for making a reclamation demand that would not interfere with the Debtors' operations. The Court approved the procedures immediately.  Because these procedures established a mechanism for dealing with reclamation demands and claims in the case, Paramount rightly inferred that it needed to take no further steps in order to perfect or preserve its right of reclamation.  Paramount complied with the reclamation procedures requested by the Debtors and set by the Court and responded to the Debtors' objections to their claims to ensure they protected their rights to the amounts owed, including the amount under the Reclamation Demand.  In complying with these procedures, Paramount was not made aware that the Debtors' deemed their Reclamation Demand rejected until March 10, 2009, at which time the GOB sales were complete and all of the Debtors' inventory, including the goods subject to reclamation, had been sold.  Although Paramount was prepared to litigate the issues surrounding reclamation much earlier in the case, the Debtors have continually postponed the hearing of the issues until now — over a year after Paramount's reclamation demand was served.  Therefore, the Debtors should be estopped from arguing that Paramount was obligated to take any further steps to protect or preserve its right of reclamation.

**VI.**

**"SUBJECT TO" DOES NOT IMPLY THAT RECLAMATION RIGHTS ARE
AUTOMATICALLY EXTINGUISHED AND DOES NOT EVIDENCE A CLEAR
CONGRESSIONAL INTENT TO ADOPT THE PRIOR LIEN DEFENSE.**

The addition of the phrase "subject to the prior rights of a holder of a security
interest in such goods or the proceeds thereof" in the BAPCPA amendments to section
546(c) is the focus of a large part of the Debtors' Brief.  *See* Debtors' Brief, at 29-36.
However, Paramount does not dispute that the rights of a reclamation claimant are
"subject to" the rights of a prior senior secured lender.[17]  What Paramount does take issue
with is the leap the Debtors make from the insertion of that language to the assumption
that Congress "expressly accepted the prior lien defense", which under the Debtors'
interpretation renders Paramount's reclamation claim valueless.  *Id.* at 31 (citing, *inter
alia, Dana Corp.*).

As an initial matter, if any of the Paramount goods or proceeds therefrom
remained in the Debtors' possession after the senior secured debt was satisfied or
sufficient funds were obtained to satisfy the debt, Paramount would still hold a valid right
to those goods or proceeds.  Despite the Debtors' argument that the adoption of the prior
lien defense by the statute automatically renders the Reclamation Claim valueless, it is
consistent with the old majority of cases under the pre-BAPCPA section 546(c) (cited in
the Debtors Brief, at 29-30, 32) to allow a reclaiming creditor to maintain an interest in
goods or proceeds that were not actually used to satisfy the secured lender.  *See, e.g.,
Pester Refining*, 964 F.2d at 846 ("[A]fter the secured creditors' superior interests have

---

[17]   Paramount does not even dispute that the insertion of this language overrules the dicta in *Phar-Mor*
suggesting that no reason exists why reclamation claimants should not have priority over the secured
lenders.  *See Phar-Mor*, 534 F.3d at 506.

been satisfied or released, the reclaiming seller retains a priority interest in any remaining

goods, and in any surplus proceeds from the secured creditors' foreclosure sale.").[18] This

is particularly significant under these circumstances, where the Debtors have brought a

motion for summary judgment and the Court must view the facts in a light most favorable

to Paramount. Therefore, for purposes of this analysis the Court must assume that when

the DIP Facility[19] was paid in full, all of Paramount's goods still remained in the Debtors'

possession. Under those facts, even courts applying the prior lien defense would not find

that the reclamation creditor's right to his goods or the proceeds therefrom is

extinguished.[20] If a court were to find that the statute's inclusion of the language "subject

---

[18]  The Debtors also claim that because reclamation is an *in rem* right, the right does not extend to the proceeds of the goods. *See* Debtors' Brief, at 35. However, the cases the Debtors cite for this proposition do not support it at all, but rather establish that (1) reclamation is an *in rem* right and (2) it is not an actual secured interest in the goods or proceeds (neither of which is disputed by Paramount). Further the cases cited here, including *Pester Refining*, specifically state that a reclamation claimant has an interest in the proceeds of its goods. *See also Georgetown Steel*, 318 B.R. at 348-49.

[19]  It should be clear from the Debtors' repeated assertion of the "unbroken" nature of the lien chain between the prepetition secured facility and the DIP facility that there is a potential issue for them here as well. *See* Debtors' Brief, at 32-34. Pre-BAPCPA cases did not uniformly hold that a reclamation claimant was subject to both pre- and post-petition lenders with liens in the goods subject to reclamation. *See* In re Phar-Mor, Inc., 301 B.R. 482, 497 (Bankr. N.D. Ohio 2003), *aff'd* 534 F.3d 502 (6th Cir. 2008) (finding that when a prepetition secured creditor has been paid out of the DIP financing of the prepetition liens to the DIP lender, and such liens are released, the DIP financing does not affect the value of the reclamation claims). The inclusion in the statute of the phrase "subject to the **prior** rights of a holder of a security interest in such goods or the proceeds thereof" (emphasis added) does not show any congressional intent to subject reclamation claimants to secured lenders whose liens arise after the reclamation rights. Finally, the Debtors' statement that the goods subject to reclamation were "disposed of" when the prepetition lenders were paid off and the new liens were granted to the DIP Facility lenders is equally unavailing and is simply not true. Many, if not all, of the goods subject to reclamation were still in the Debtors' possession at the time the prepetition liens were paid.

For purposes of these arguments, Paramount shows that, even if its rights were subject to the rights of the DIP Facility lenders, the Debtors should still not be granted summary judgment, while disputing that the Reclamation Demand is subject to the DIP Facility.

[20]  For example, in In re Advanced Marketing Svs., Inc., 360 B.R. 421 (Bankr. D. Del. 2007), also cited by the Debtors in support of their position, the Court found that reclamation claimants had failed to show the likelihood of establishing a valid reclamation right where the senior lender had not yet been paid in full and was being paid down through sale of goods. In these cases, we know that both the

to" could provide for such a result, then the amended statute does not just subordinate reclamation to the rights of a prior secured lienholder, but has done away with reclamation completely in any case where such a lienholder exists.   This is both inconsistent with the case law[21] and is not a logical reading of the statute.   *See also Phar-Mor*, 534 F.3d at 507 (disapproving of the application of the prior lien defense in post-2005 cases, including *Dana Corp.*).   Presumably, if Congress had wished to take away the right to reclamation completely whenever a prior secured lienholder exists, it could have done so with much clearer statutory language.

Further, as the Debtors contend that reclamation rights are subject to the rights of the DIP lender, Paramount and the other reclamation claimants were, under this theory, essentially on hold until the DIP Facility was paid in full.   Until the DIP Facility was paid or at least until it was clear that the GOB sales would generate sufficient proceeds to pay the DIP Facility in full, the reclamation claimants could not be certain that they had a valid right to reclaim.   Therefore, even under the Debtors' interpretation of the statute, the rights of the reclamation claimants, including Paramount, will depend at least in part on what goods and excess proceeds from those goods were still in the Debtors' possession at the time sufficient proceeds were set aside from the sales to pay the DIP Facility in full.   Because the Debtors have been unable to supply this information, Paramount submits that further discovery is necessary and the Debtors cannot be granted

---

prepetition lenders and the DIP lenders have been paid in full and that excess proceeds remain.   *See* page 6, *supra*.

[21]   Courts have routinely held that the right of reclamation is not automatically extinguished by the presence of a senior secured lienholder.   *See, e.g., Pester Refining*, 964 F.2d at 846; Dairy Mart Convenience Stores, Inc., 302 B.R. 128 (Bankr. S.D.N.Y. 2003); *Hartz Foods,* 264 B.R. at 37; In re ARLCO, Inc., 239 B.R. 261, 267 (Bankr. S.D.N.Y. 1999).

summary judgment for that reason alone.

Alternatively, although the Debtors try to dismiss marshaling cavalierly, citing only *Advanced Marketing* for the proposition that marshaling could never be invoked by a reclaiming creditor, *see* Debtors' Brief, at 35, Paramount submits that marshaling may turn out to be very relevant in these cases[22] and has been embraced in some reported decisions in the context of reclamation. *See, e.g.,* In re Quality Stores, Inc., 289 B.R. 324, 335 n.19 (Bankr. W.D. Mich. 2003) (noting that a subordinate reclaiming seller might seek to compel a superior secured creditor to marshal and satisfy its secured claim from assets other than the goods delivered by the subordinate reclaiming seller); In re Suwannee Swifty Stores, Inc., 2000 Bankr. LEXIS 2005, *10 (Bankr. M.D. Ga. March 22, 2000) (recognizing that it is a "close call" as to whether an unsecured creditor could invoke marshaling against a secured creditor but preferring cases allowing the remedy to be used in the context of reclamation). Similarly, in *Georgetown Steel*, the court held that where all of the Debtors' assets were sold, the reclamation creditors should not be prejudiced by the inability to trace because, rather than interfere by attempting to trace and segregate their proceeds throughout the sale process, they cooperated with the Debtors' sale, which included their goods. *Georgetown Steel*, 318 B.R. at 348.

If the facts ultimately reveal that the Debtors were no longer in possession of the

---

[22] A determination of whether or not marshaling or reverse marshaling should be applicable in the context of reclamation is not appropriate at this time. As stated throughout, for purposes of the Debtors' Motion, the Court must assume that all of the goods subject to Paramount's Reclamation Demand were still in the Debtors' possession at the time the prior secured lien was satisfied and were only sold after that time. Under these facts, no marshaling is necessary to preserve Paramount's continued interest in the proceeds of its goods. However, because the Debtors have attempted to dispense with even the possibility of marshaling, Paramount now responds to this argument as further discovery may make the debate relevant.

goods subject to Paramount's Reclamation Demand at the time sufficient funds were raised to satisfy the prior secured lienholder or, as the Debtors' initial discovery responses suggest may be the case, it is not possible (or would be very costly) to determine which claimants' goods were in the Debtors' possession at that crucial time, then, as in *Georgetown Steel*, Paramount should not be prejudiced by the Debtors' inability to trace its proceeds.  An easy and rational response to the Debtors' likely assertion that they cannot trace which proceeds are from the goods subject to any individual reclamation claimant's demand is to assume that because the Debtors and the senior lenders should have respected the Reclamation Demands, or objected to them in a timely fashion (thus giving reclaiming vendors the ability to act), they found a way to satisfy the senior secured debt from sources other than the goods subject to reclamation.

*Georgetown Steel*, 318 B.R. at 348.  Additionally, requiring tracing now has some of the "gotcha" qualities of the earlier argument that compliance with the Reclamation Procedures Order was inadequate.  *Georgetown Steel* addressed this contention, holding:

> The Reclamation Creditors should not be prejudiced by any argument that their rights are somehow diminished because they cooperated with a sale of Debtor's assets which included their goods…
>
> Additionally, it appears that the actions of Debtor discouraged, if not foreclosed, the Reclamation Creditors from seeking a tracing, or segregation, of their goods prior to the sale of Debtor's assets. Debtor requested that the Court delay and even enjoin any determination of the Reclamation Claims until this point in time – a point in time in which the goods have now been sold and the secured creditors paid in full, with substantial proceeds remaining.  Debtor proposed and received the primary relief requested in the Reclamation Order – that is to retain possession of the reclaimed goods to assist in its reorganization.  Through a procedure and timetable it requested, Debtor has led the Court and the parties to the present posture of the case.

318 B.R. at 349.

That very sensible response is equally appropriate here.

Even if the Court does not marshal in favor of the reclaiming vendors, it should not adopt what amounts to reverse marshaling.  That is, there is no basis, factual or legal, to assume that the key parties, the Debtors and their secured lenders, not only ignored the rights of Paramount and others, but deliberately satisfied their claims from goods subject to reclamation demands.  *See* <u>In re Center Wholesale, Inc.</u>, 788 F.2d 541, 542 n.1 (9th Cir. 1986) (rejecting "a valuation formula that would reduce the value of the junior security interest by the value of the senior security interest without considering whether the senior secured party actually obtained satisfaction from some or all of the assets to which the junior interest attached.").

The Court should not accept an interpretation and application of the prior lien defense (such as that suggested in the Debtors' Brief) that penalizes parties that comply with court orders and that assumes (or presumes), without any evidence, that Paramount's Reclamation Demand is valueless because the senior lien was paid out of the proceeds of Paramount's goods.

## VII.
## <u>CONCLUSION</u>

There are three propositions that underlie the Motion legally.  The first is that notwithstanding Paramount's compliance with the Reclamation Procedures Order – indeed, because of such compliance – Paramount lost its right to reclaim once the Debtors sold its goods.  The second is that whenever there is a floating lien on inventory that exceeds the value of any individual vendor's goods, there is no reclamation right.  To prevail, the Debtors must convince this Court that one of the first two legal propositions

is correct plus sustain a third one: that the payment in full of the entire prepetition secured

debt before the sale of a single good is irrelevant notwithstanding that Bankruptcy Code §

546(c) makes a reclaiming creditor's rights subject only to "the ***prior*** rights of a holder of

a security interest in such goods."[23]

    If this Court does not accept such an extreme view of applicable law, then it will

matter greatly what goods were sold and when and how promptly the secured debt was

paid, so that this Court can determine to what extent Paramount (and others) have claims

to the excess cash generated by the GOB sales.

    For all these reasons, Paramount respectfully requests the Motion be denied.

         Respectfully submitted,

DATED:  January 8, 2010         KLEE, TUCHIN, BOGDANOFF & STERN LLP


By: _____
    David M. Stern
    Michael L. Tuchin
    Korin A. Elliott
    1999 Avenue of the Stars, 39th Floor
    Los Angeles, CA 90067
    Tel: (310) 407-4000
    Email: dstern@ktbslaw.com

Of counsel:         Attorneys for PARAMOUNT HOME
         ENTERTAINMENT INC.

KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Richmond, Virginia  23233
Tel: (804) 741-0400
wbroscious@kbbplc.com

---

[23] If the Court rejects this third proposition, it may well be that summary judgment is appropriate – in favor of Paramount.  A similar result would likely occur if this Court adopts the *Georgetown Steel* presumption, akin to marshaling, that the secured debt was satisfied from goods not subject to reclamation.

## CERTIFICATE OF SERVICE

I, Korin A. Elliott, hereby certify that a true and correct copy of the foregoing *Opposition of Paramount Home Entertainment Inc. to Debtors' Motion for Summary Judgment With Respect to Certain Claims Subject to the Debtors' Nineteenth and Thirty-Third Omnibus Objections to Claims* has been served upon the parties listed below on this 8th day of January, 2010.

/s/        *Korin A. Elliott*
Korin A. Elliott (kelliott@ktbslaw.com)

**Via First-Class Mail**

| | |
|---|---|
| **The Debtors**<br>Circuit City Stores, Inc.<br>Attn: Michelle Mosier<br>4951 Lake Brook Dr., Suite #500<br>Glen Allen, VA 23060 | **Office of the U.S. Trustee**<br>Attn: Robert B. Van Arsdale<br>701 East Broad Street, Suite 4304<br>Richmond, VA 23219 |
| **Debtors' Counsel**<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Attn: Greeg M. Galardi and Ian S. Fredericks<br>One Rodney Square<br>10th and King Streets, 7th Fl.<br>Wilmington, DE 19801<br><br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Attn: Chris L. Dickerson<br>155 N. Wacker Drive<br>Chicago, IL 60606<br><br>MCGUIRE WOODS LLP<br>Attn: Douglas M. Foley and Dion W. Hayes<br>901 E. Cary Street<br>Richmond, VA 23219 | **Counsel for the Creditors' Committee**<br>PACHULSKI STANG ZIEHL & JONES, LLP<br>Attn: Jeffrey N. Pomerantz and Stanley E. Goldich<br>10100 Santa Monica Blvd., 11th Fl.<br>Los Angeles, CA 90067<br><br>PACHULSKI STANG ZIEHL & JONES, LLP<br>Attn: Robert J. Feinstein<br>780 Third Avenue, 36th Floor<br>New York, NY 10017<br><br>TAVENNER & BERAN, PLC<br>Attn: Lynn L. Tavenner and Paula S. Beran<br>280 N. Eighth Street, 2nd Fl.<br>Richmond, VA 23219 |
| **Debtors' Special Counsel**<br>KIRKLAND & ELLIS, LLP<br>Attn: Linda K. Myers<br>200 E. Randolph Dr.<br>Chicago, IL 60601 | |

| **Summary Judgment Service List** | |
|---|---|
| EXCEL BEST INDUSTRIES LIMITED<br>Attn: Lin Lim<br>Unit 1603<br>16/F Tower 2 Silvercord No. 30<br>Canton Road<br>Tsimshatsui Kowloon<br>HONG KONG | BOSTON ACOUSTICS INC<br>Attn: John Henderson<br>100 Corporate Drive<br>Mahwah, NJ 07430 |
| CDW DIRECT<br>Attn: Vida Krug<br>200 N. Wilwaukee Ave.<br>Vernon Hills, NJ 60061 | CISCO LINKSYS LLC<br>c/o Bialson Bergen & Schwab<br>Attn: Lawrence Schwab and Thomas Gaa<br>2600 El Camino Real, Ste. 300<br>Palo Alto, CA 94306 |
| COVINGTON & BURLING LLP<br>Attn: Michael S. Patrick, Baxter Dennis,<br>B. Auerbach, Joshua D, McKarcher<br>1201 Pennsylvania Ave. NW<br>Washington, DC 20004-2401 | DENON ELECTRONICS<br>Attn: John Henderson<br>100 Corporate Drive<br>Mahwah, NJ 07430 |
| EXCEL BEST INDUSTRIES LIMITED<br>c/o Lieber & Lieber LLP<br>Attn: Barbie D. Lieber<br>The Lincoln Bldg.<br>60 E. 42nd St., Ste. 210<br>New York, NY 10165 | JEFFER MANGELS BUTLER &<br>MARMARO LLP<br>Attn: David M. Poitras and Caroline R.<br>Djang<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067 |
| KEPLEY BROSCIOUS & BIGGS<br>Attn: William A. Broscious<br>2211 Pump Rd.<br>Richmond, CA 23233 | LECLAIR RYAN PC<br>Attn: Christopher L. Perkins<br>951 E. Byrd Street<br>Riverfront Plaza, E Tower<br>Richmond, VA 23218 |
| MAJESCO ENTERTAINMENT<br>COMPANY<br>c/o Porzio Bromberg & Newman PC<br>P.O. Box 1997<br>Morristown, NJ 07962-1997 | MAJESCO ENTERTAINMENT<br>COMPANY<br>100 Southgate Parkway<br>Morristown, NJ 07960 |
| MAJESCO ENTERTAINMENT<br>COMPANY<br>160 Raritan Center Parkway, Suite 1<br>Edison, NJ 08837 | MCKENNA LONG & ALDRIDGE LLP<br>Attn: John G. McJunkin<br>1900 k St. NW<br>Washington, DC 20006-1108 |
| PARAMOUNT HOME<br>ENTERTAINMENT<br>Attn: Andi Marygold<br>5555 Melrose Ave.<br>Hollywood, CA 90038-3197 | PHOTOCO INC.<br>Attn: Keith Teicher<br>30305 Solon Road<br>Solon, OH 44139 |

| | |
|---|---|
| PLANTRONICS INC.<br>c/o Bialson Bergen & Schwab<br>Attn:  Lawrence Schwab and Thomas Gaa<br>2600 El Camino Real, Ste. 300<br>Palo Alto, CA  94306 | SANDS ANDERSON MARKS &<br>MILLER PC<br>Attn:  William A. Gray, W. Sashley<br>Burgess, and C. Thomas Ebel<br>P.O. Box 1998<br>Richmond, VA  23218-1998 |
| SNELL ACOUSTICS INC.<br>Attn:  John Henderson<br>100 Corporate Drive<br>Mahwah, NJ  07430 | THQ INC<br>c/o Jeffer Mangels Butler & Marmaro LLP<br>Attn:  Caroline R. Djang, Esq.<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA  90067 |
| UNIVERSAL REMOTE CONTROL INC<br>RECLAMATION CENTER<br>c/o Rattet Pasternak & Gordon Oliver LLP<br>550 Mamaroneck Ave., Ste. 510<br>Harrison, NY  10528 | WEILAND GOLDEN SMILEY WANG<br>EKVALL & STROK LLP<br>Attn:  Lei Lei Wang Ekvall<br>650 Town Center Drive, Suite 950<br>Costa Mesa, CA  92626 |

**<u>Via Electronic Mail</u>**

The Core Group (see attached)

The Rule 2002 List (see attached)

| NAME | ATTENTION | Email | Party/Function |
|------|-----------|-------|----------------|
| FTI CONSULTING, INC. | MR. ROBERT J. DUFFY | bob.duffy@fticonsulting.com steve.coulombe@fticonsulting.com | Financial Advisors |
| KIRKLAND & ELLIS LLP | ATTN LINDA K MYERS ESQ | lmyers@kirkland.com | Counsel to Debtors |
| KURTZMAN CARSON CONSULTANTS LLC | EVAN GERSHBEIN | | Claims Agent |
| KUTAK ROCK LLP | PETER J. BARRETT | peter.barrett@kutakrock.com | |
| LECLAIR RYAN | ATTN BRUCE MATSON ESQ | bruce.matson@leclairryan.com | Counsel for DIP Agents |
| MCGUIREWOODS, LLP | ATTN: DION W. HAYES | dhayes@mcguirewoods.com | Debtor's Local Counsel |
| NATIONAL ASSOCIATION OF ATTORNEYS GENERAL | KAREN CORDRY, ESQ. | kcordry@naag.org | Government Agency |
| OFFICE OF THE ATTORNEY GENERAL | BOB MCDONNELL | | Government Agency |
| OFFICE OF THE U.S. TRUSTEE | ROBERT B. VAN ARSDALE | Robert.B.Van.Arsdale@usdoj.gov | US Trustee |
| PACHULSKI STANG ZIEHL & JONES LLP | JEFFREY N POMERANTZ ESQ | jpomerantz@pszjlaw.com | Counsel for The Official Committee of Unsecured Creditors |
| PACHULSKI STANG ZIEHL & JONES LLP | ROBERT J FEINSTEIN ESQ | rfeinstein@pszjlaw.com | Counsel for The Official Committee of Unsecured Creditors |
| RIEMER & BRAUNSTEIN LLP | DAVID S. BERMAN | dberman@riemerlaw.com | Counsel to Prepetition Lenders/Counsel to Postpetition Lenders |
| SECRETARY OF TREASURY | | | Government Agency |
| SECURITIES & EXCHANGE COMMISSION | ATTN: BANKRUPTCY UNIT | | Government Agency |
| SECURITIES & EXCHANGE COMMISSION | NATHAN FUCHS, ESQ. PATRICIA SCHRAGE, ESQ. | | Government Agency |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | GREGG M. GALARDI, ESQ. | gregg.galardi@skadden.com | Debtor's Counsel |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | IAN S. FREDERICKS, ESQ. | Ian.Fredericks@skadden.com | Counsel to Debtors |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | TIMOTHY G. POHL, ESQ. CHRIS L. DICKERSON, ESQ. | tim.pohl@skadden.com | Counsel to Debtors |
| TAVENNER & BERAN PLC | LYNN L TAVENNER ESQ PAULA S BERAN ESQ | ltavenner@tb-lawfirm.com pberan@tb-lawfirm.com | Counsel for The Official Committee of Unsecured Creditors |

**Rule 2002 List**

| Name | Notice Name | Email | Party/Function |
|------|-------------|-------|----------------|
| Acxiom Corporation | C B Blackard III | cbblac@acxiom.com | Counsel for Acxiom Corporation |
| Akerman Senterfitt | William C Crenshaw | bill.crenshaw@akerman.com | Counsel for Prince George's Station Retail, LLC |
| Akerman Senterfitt LLP | Mona M Murphy Esq | mona.murphy@akerman.com | Counsel for On Corp. USA, Inc. and On Corp. |
| Akerman Senterfitt LLP | William C Crenshaw | bill.crenshaw@akerman.com | Counsel for Prince George's Station Retail, LLC; Gould Investors, L.P.; Georgia Pension Associates Realty Corp.; OLP CCAntioch, LLC; OLP CCFairview Heights, LLC; OLP CCFerguson, LLC; OLP CCFlorence, LLC; OLP CCSt.Louis, LLC; and OLP 6609 Grand, LLC |
| Akin Gump Strauss Hauer & Feld LLP | Catherine E Creely | ccreely@akingump.com | Counsel for Golfsmith International, L.P.; CIM/Birch St., Inc. |
| Akin Gump Strauss Hauer & Feld LLP | Charles R Gibbs Sarah Link Schultz | cgibbs@akingump.com sschultz@akingump.com | Counsel for Golfsmith International, L.P. |
| Akin Gump Strauss Hauer & Feld LLP | Peter J Gurfein | pgurfein@akingump.com | Counsel for CIM/Birch St., Inc. |
| Allen & Overy LLP | Ken Coleman | ken.coleman@allenovery.com | Counsel for Alvarez & Marsal Canada ULC |
| Andrew S Conway Esq | | Aconway@taubman.com | Counsel for the Taubman Landlords |
| Arent Fox LLP | Timothy F Brown Esq Mary Joanne Dowd Esq Christopher J Giaimo Esq | brown.timothy@arentfox.com dowd.mary@arentfox.com giaimo.christopher@arentfox.com | Counsel for F.R.O., L.L.C. IX |
| Arnall Golden Gregory LLP | Darryl S Laddin Frank N White | dladdin@agg.com frank.white@agg.com | Counsel for Verizon Communications Inc. |
| Arnold Gallagher Saydack Percell Roberts & Potter PC | Bradley S Copeland | bcopeland@agsprp.com | Counsel for Washington Green TIC |
| Attorney General of Indiana | Gregory F Zoeller LeGrand L Clark | legrand.clark@atg.in.gov gregory.zoeller@atg.in.gov | Counsel for Indiana Department of Revenue |
| Attorney General of New Jersey | Anne Milgram | citizens.services@lps.state.nj.us | Counsel for the State of New Jersey, Division of Taxation and Department of Labor |
| Attorney General of the United States | Robert P McIntosh | | Counsel for the United States of America |
| Attorney General of the US | Richard F Stein Dana J Boente | | Counsel for the United States of America |
| Attorney General of the US | Robert K Coulter | | Counsel for the United States of America |
| Ball Janik LLP | Justin D Leonard | jleonard@balljanik.com | Counsel for Andrews Electronics |
| Ballard Spahr Andrews & Ingersoll LLP | Constantinos G Panagopoulos Esq Charles W Chotvacs Esq | cgp@ballardspahr.com chotvacsc@ballardspahr.com | Counsel for Centro Properties Group and Federal Realty Investment Trust |
| Ballard Spahr Andrews & Ingersoll LLP | David L Pollack Esq Jeffrey Meyers Esq | pollack@ballardspahr.com meyers@ballardspahr.com | Counsel for Centro Properties Group and Federal Realty Investment Trust; Eagleride Associates, LLC and Torrance Town Center Associates, LLC; Centro Properties Group and Federal Realty Investment Trust, GMS Golden Valley Ranch, LLC; Bear Valley Road Partners LLC; Laguna Gateway Phase 2 LP; Manteca Stadium Park LP; OTR Clairemont Sq; Point West Plaza II Investors; Sweetwater Associates; Macerich Company, Cousins Properties Incorporated, Watt Management Company, PREEF Management Company, Fourscore Properties, Inc., KNP Investments; the Prudential Insurance Company of America; Portland Investment Company of America |

Rule 2002 List

| Name | Notice Name | Email | Party/Function |
|---|---|---|---|
| Ballard Spahr LLP | Jenelle M Dennis | dennisj@ballardspahr.com | Counsel for Eagleride Associates, LLC and Torrance Town Center Associates, LLC; Centro Properties Group and Federal Realty Investment Trust, GMS Golden Valley Ranch, LLC; Bear Valley Road Partners LLC; Laguna Gateway Phase 2 LP; Manteca Stadium Park LP; OTR Clairemont Sq; Point West Plaza II Investors; Sweetwater Associates; Macerich Company, Cousins Properties Incorporated, Watt Management Company, PREEF Management Company, Fourscore Properties, Inc., KNP Investments; the Prudential Insurance Company of America; Portland Investment Company of America |
| Barnes & Thornburg LLP | Michael K McCrory Esq | mmccrory@btlaw.com | Counsel for Klipsch LLC |
| Bartlett Hackett Feinberg PC | Frank F McGinn | ffm@bostonbusinesslaw.com | Counsel for Iron Mountain Information Management, Inc. |
| Bean Kinney & Korman PC | Mitchell B Weitzman Esq | Mweitzman@beankinney.com | Counsel for Tysons 3 LLC; The Ziegler Companies LLC; Madison Waldorf LLC; Simon Property Group, Inc. |
| Bean Kinney & Korman PC | Thomas W Repczynski & Martin J Yeager | trepczynski@beankinney.com myeager@beankinney.com | Counsel for Loren Seymour, dba Vanity International |
| Becket & Lee LLP | Gilbert B Weisman | notices@becket-lee.com | Counsel for American Express Travel Related Services Co, Inc Corp Card |
| Beirne Maynard & Parsons L.L.P. | J Seth Moore Sarah Davis | jmoore@bmpllp.com sdavis@bmpllp.com bankruptcyemail@bmpllp.com | Counsel for Brownsville Independent School District |
| Belin Lamson McCormick Zumbach Flynn | Thomas L Flynn | tlflynn@belinlaw.com | Counsel for Grubb & Ellis Mid America PAC |
| Bernstein Law Firm PC | Stacey Suncine Kirk B Burkley | kburkley@bernsteinlaw.com | Counsel for Duquesne Light Company |
| Bewley Lassleben & Miller LLP | Ernie Zachary Park | ernie.park@bewleylaw.com | Counsel for The Irvine Company LLC |
| Binder & Malter LLP | Michael W Malter Esq Julie H Rome Banks Esq | michael@bindermalter.com julie@bindermalter.com | Counsel for Envision Peripherals, Inc.; Daly City Partners I, L.P. |
| Blank Rome LLP | Regina Stango Kelbon Esq John Lucian Esq | Kelbon@blankrome.com Lucian@blankrome.com | Counsel for Cellco Partnership, Affiliated license holders dba Verizon Wireless; VIWY, L.P. |
| Blankingship & Keith PC | William H Casterline Jr Esq Jeremy B Root Esq | wcasterlinejr@bklawva.com jroot@bklawva.com | Counsel for ACCO Brands Corporation |
| Borges & Associates LLC | Wanda Borges Esq | borgeslawfirm@aol.com | Counsel for Sharp Electronics Corporation |
| Bracewell & Giuliani LLP | William A Trey Wood III | Trey.Wood@bgllp.com | Counsel for Panattoni Construction, Inc.; Raymond & Main Retail, LLC; Chino South Retail PG, LLC; and Panattoni Development Company, Inc.; as Agent for VVI Texas Holdings, LLC; TI PI Texas, LLC; Dudley Mitchell Properties TX, LLC; Shelby Properties TX, LLC; Pinstar Investment Properties TX, LLC; Charles L. Kessinger; Jacque L. Kessinger; Northglenn Retail, LLC |
| Brian T Hanlon | | bhanlon@pbcgov.org | Counsel for Palm Beach County (Florida) Tax Collector |
| Bricker & Eckler LLP | Kenneth C Johnson Andria M Beckham | kjohnson@bricker.com abeckham@bricker.com | Counsel for Expesite LLC |
| Broad and Cassel | Roy S Kobert Esq | rkobert@broadandcassel.com | Counsel for Greater Orlando Aviation Authority |
| Bronwen Price | Gail B Price Esq | gail@bronwenprice.com | Counsel for 13630 Victory Boulevard LLC |
| Broward County | Jeffrey J Newton | | Counsel for Broward County |
| Brown Connery LLP | Donald K Ludman | dludman@brownconnery.com | Counsel for SAP Retail, Inc. and Business Objects |
| Buchalter Nemer A Professional Corporation | Craig C Chiang Esq Shawn M Christianson Esq | cchiang@buchalter.com schristianson@buchalter.com | Counsel for Premier Retail Networks, Inc.; Oracle USA, Inc.; Oracle Credit Corporation |
| Buckner Alani & Mirkovich | William D Buckner Catherine J Weinberg | wbuckner@bamlaw.net cweinberg@bamlaw.net | Counsel for Signal Hill Gateway, LLC |
| Canon USA Inc | Ruth Weinstein | rweinstein@cusa.canon.com | Canon U.S.A., Inc. |

Rule 2002 List

| Name | Notice Name | Email | Party/Function |
|---|---|---|---|
| Cantor Arkema PC | David K Spiro Esq | dspiro@cantorarkema.com | Counsel for Dentici Family Limited Partnership |
| Caparra Center Associates SE | Attn Penny R Stark Esq | | Counsel for Caparra Center Associates, S.E. |
| Caparra Center Associates SE | Attn Penny R Stark Esq | | Counsel for Caparra Center Associates, S.E. |
| Carlton Fields PA | John J Lamoureux Esq | jlamoureux@carltonfields.com | Counsel for Amore Construction Company |
| Carmody MacDonald PC | John E Hilton | jeh@carmodymacdonald.com | Counsel for Thirty & 141, L.P. |
| Carroll & Carroll PLLC | Scott P Carroll Esq | lawcarroll@aol.com | Counsel for Alliance-Rocky Mount, LLC |
| Carter Ledyard & Milburn LLP | Aaron R Cahn | cahn@clm.com | Counsel for Reliance Figueroa Associates, L.P. |
| Chatham County Tax Commissioner | Daniel T Powers | | Chatham County Tax Commissioner |
| Chiariello & Chiariello | Dominic L Chiariello | dc@chiariello.com | Counsel for Donovan Dunwell |
| Christian & Barton LLP | Augustus C Epps Jr Esq<br>Michael D Mueller Esq<br>Jennifer M McLemore Esq<br>Noelle M James Esq | aepps@cblaw.com<br>mmueller@cblaw.com<br>jmclemore@cblaw.com<br>njames@cblaw.com | Counsel for Lexmark International, Inc.; Gateway Center Properties III, LLC; SMR Gateway III, LLC; Union Square Retail Trust; Whitestone Development Partners, L.P.; CC-Investors 1995-6; M.I.A Brookhaven, LLC; The West Campus Square Company, LLC; Amargosa Palmdale Investments, LLC; Bella Terra Associates, LLC; RD Bloomfield Associates Limited Partnership; P/A Acadia Pelham Manor, LLC; Acadia Realty Limited Partnership, T& T Enterprises; Manufacturers and Traders Trust Company |
| Ciardi Ciardi & Astin PC | Albert A Ciardi III Esq<br>Thomas D Bielli Esq | aciardi@ciardilaw.com<br>tbielli@ciardilaw.com | Counsel for Little Britain Holding, LLC |
| City & County of Denver | David V Cooke | david.cooke@denvergov.org | Counsel for City and County of Denver |
| City of Fort Worth Sr Assistant City Attorney | Christopher B Mosley | Chris.Mosley@fortworthgov.org | Counsel for City of Fort Worth |
| City of Newport News VA City Attorney | Joseph M Durant | jdurant@nngov.com | Counsel for the City of Newport News, Virginia |
| Clement & Wheatley | Darren W Bentley Esq | bentleyd@clementwheatley.com | Counsel for SEA Properties I, LLC |
| Cole Schotz Meisel Forman & Leonard PA | G David Dean Esq | ddean@coleschotz.com | Counsel for Faber Bros, Inc. |
| Connolly Bove Lodge & Hutz LLP | Karen C Bifferato Esq<br>Christina M Thompson Esq | kbifferato@cblh.com<br>cthompson@cblh.com | Counsel for Inland Southwest Management LLC; Inland American Retail Management LLC; Inland US Management LLC; Inland Pacfic Property Services LLC; Inland Commercial Property Management, Inc.; and Inland Continental Property Management Corp. |
| Connolly Bove Lodge & Hutz LLP | Min Park Esq | mpark@cblh.com | Counsel for Inland Southwest Management LLC; Inland American Retail Management LLC; Inland US Management LLC; Inland Pacfic Property Services LLC; Inland Commercial Property Management, Inc.; and Inland Continental Property Management Corp. |
| Cook Heyward Lee Hopper & Feehan PC | David D Hopper Esq | ddhopper@chlhf.com | Counsel for Rio Associates Limited Partnership |
| Cooley Godward Kronish LLP | Gregg S Kleiner | kleinergs@cooley.com | Counsel for Shopping.com, Inc. |
| Core Properties Inc | James Donaldson | jim@coreproperties.com | Counsel for Alliance-Rocky Mount, LLC |
| County of Henrico Attorneys Office | Rhysa Griffith South Esq | Sou06@co.henrico.va.us | Counsel for County of Henrico |
| Covington & Burling LLP | Michael St Patrick Baxter<br>Dennis B Auerbach<br>Joshua D McKarcher | jmckarcher@cov.com | Counsel for THQ, Inc. |
| Cox Castle & Nicholson LLP | Jess R Bressi Esq | jbressi@coxcastle.com | Counsel for RJ Ventures, LLC and K&G Dearborn LLC |
| Culbert & Schmitt PLLC | Ann E Schmitt | aschmitt@culbert-schmitt.com | Counsel for Plaza Las Palmas LLC |
| Developers Diversified Realty Corporation | Eric C Cotton Esq | ecotton@ddrc.com | Corporate Counsel |
| Developers Diversified Realty Corporation | Eric C Cotton Esq | ecotton@ddrc.com | Counsel for Developers Diversified Realty Corporation |
| Diamond McCarthy LLP | Christopher A Provost<br>Stephen T Loden<br>Jason B Porter | jporter@diamondmccarthy.com | Counsel for Marblegate Asset Management, LLC |

| Name | Notice Name | Email | Party/Function |
|------|-------------|-------|----------------|
| Dilworth Paxson LLP | Peter C Hughes Esq | phughes@dilworthlaw.com | Counsel for 553 Retail LLC |
| DLA Piper LLP | Anne Braucher Esq | anne.braucher@dlapiper.com | Counsel for InnerWorkings, Inc.; Manufacturers and Traders Trust Company; West Marine Products, Inc. |
| DLA Piper LLP | Mark J Friedman | mark.friedman@dlapiper.com | Counsel for West Marine Products, Inc. |
| DLA Piper LLP | Timothy W Brink Esq<br>Forrest Lammiman<br>Ann Marie Bredin Esq | timothy.brink@dlapiper.com<br>forrest.lammiman@dlapiper.com<br>ann.bredin@dlapiper.com | Counsel for InnerWorkings, Inc.; Manufacturers and Traders Trust Company; InnerWorkings, Inc.; West Marine Products, Inc. |
| Donchess Notinger & Tamposi | Peter N Tamposi | Peter@dntpc.com<br>nontrustee@dntpc.com | Counsel for Eastman Kodak Company |
| Douglas A Scott PLC | Douglas Scott | BankruptcyCounsel@gmail.com | Counsel for Treasurer of Pulaski County, Arkansas |
| Draper & Goldberg PLLC | Adam Hiller | | Counsel for Brick-70, LLC, Bond-Circuit IX Delaware Business Trust |
| Draper & Goldberg PLLC | James E Clarke<br>L Darren Goldberg | | Counsel for Brick-70, LLC, Bond-Circuit IX Delaware Business Trust |
| Duane Morris LLP | Denyse Sabagh | dsabagh@duanemorris.com | Counsel for Principal Life Insurance Company |
| Duane Morris LLP | Junghye June Yeum Esq<br>John Dellaportas Esq<br>William C Heuer Esq | wheur@duanemorris.com | Counsel for Korea Export Insurance Corporation |
| Duane Morris LLP | Lauren Lonergan Taylor<br>Matthew E Hoffman | lltaylor@duanemorris.com<br>mehoffman@duanemorris.com | Counsel for Principal Life Insurance Company |
| Duane Morris LLP | Rudolph J Di Massa Jr Esq<br>Matthew E Hoffman Esq<br>Lauren Lonergan Taylor Esq<br>Matthew E Hoffman Esq | DiMassa@duanemorris.com<br>MEHoffman@duanemorris.com<br>LLTaylor@duanemorris.com<br>MEHoffman@duanemorris.com | Counsel for Audiovox Corporation; Principal Life Insurance Company |
| Durrette Bradshaw PLC | Roy M Terry Jr Esq<br>John C Smith Esq<br>Elizabeth L Gunn Esq | rterry@durrettebradshaw.com<br>jsmith@durrettebradshaw.com<br>egunn@durrettebradshaw.com | Counsel for Hewlett Packard Company |
| Eaton Corporation | David J Persichetti | | Counsel for Eaton Corporation |
| Elliott Greenleaf | Rafael X Zahralddin Aravena<br>Neil R Lapinski | rxza@elliottgreenleaf.com<br>nrl@elliottgreenleaf.com | Counsel for Symantec Corporation |
| Empire Blue Cross Blue Shield | Louis Benza Esq | louis.benza@empireblue.com | Empire HealthChoice Assurance, Inc., d/b/a Empire Blue Cross Blue Shield |
| Enterprise Asset Management Inc | Lee Sudakoff | Lee.Sudakoff@eassets.com | Counsel for South Shields #1, Ltd. |
| Envision Peripherals Inc | Gay Richey<br>Sr Credit Manager | gay@epius.com | Envision Peripherals, Inc. |
| Ervin Cohen & Jessup LLP | Michael S Kogan<br>Kenneth Miller Esq | mkogan@ecjlaw.com<br>Kmiller@ecjlaw.com | Counsel for Ditan Distribution LLC; KB Columbus 1-CC, LLC |
| Ewing Anderson PS | David E Eash | deash@ewinganderson.com | Counsel for William Butler |
| Farella Braun & Martel LLP | Gary Kaplan | gkaplan@fbm.com | Counsel for Eel McKee LLC |
| Feldstein Fitzgerald Willoughby & Pascuzzi LLP | Paul J Pascuzzi | ppascuzzi@ffwplaw.com | Counsel for McClatchy Company; Biloxi Sun Heald; Columbus Ledger-Enquirer; Charlotte Observer; Fort Worth Star-Telegram; Island Packet; Macon Telegraph; Raleigh News & Observer; Myrtle Beach Sun News; Columbia State; Belleville News-Democrat; Bellingham Herald; Idaho Statesman; Kansas City Star; Tri-City Herald; Tacoma News Inc; Olympian; Centre Daily Times (State College); Wichita Eagle; Fresno Bee; Lexington Herald-Leader; Modesto Bee; Miami Herald; Merced Sun Star; Sacramento Bee; Bradenton Herald; San Luis Obispo Tribune |
| Finn Dixon & Herling LLP | Henry P Baer Jr Esq | hbaer@fdh.com | Counsel for Bell'O International Corp. |
| Ford Parshall & Baker | Jordan M Humphreys | jhumphreys@fpb-law.com | Counsel for Columbia Plaza Joint Venture |
| Foster Pepper PLLC | Christopher M Alston | alstc@foster.com | Counsel for 507 Northgate, LLC |
| Four Star International Trade | Wendy M Mead PC | wendymeadpc@verizon.net | Counsel for Four Star International Trade |
| Frank Gecker LLP | Joseph D Frank<br>Jeremy C Kleinman | jfrank@fgllp.com | Counsel for PriceGrabber.com Inc. |
| Franklin & Prokopik PC | Andrew L Cole | acole@fandpnet.com | Counsel for Faber Bros., Inc. |
| Freeborn & Peters LLP | Aaron L Hammer Esq | ahammer@freebornpeters.com | Counsel for ServicePlan, Inc. and all Affiliates |
| Friedlander Misler PLLC | Robert E Greenberg Esq<br>Thomas F Murphy Esq | rgreenberg@dclawfirm.com | Counsel for Gateway Woodside, Inc. |

Rule 2002 List

| Name | Notice Name | Email | Party/Function |
|------|-------------|-------|----------------|
| Friedman Dumas & Springwater LLP | Ellen A Friedman Esq | efriedman@friedumspring.com | Counsel for Hewlett-Packard Company |
| Frost Brown Todd LLC | Michael J O Grady Esq | mjogrady@fbtlaw.com | Counsel for Convergys Customer Management Group Inc. |
| Fullerton & Knowles PC | Richard I Hutson Esq | rhutson@fullertonlaw.com | Counsel for US Signs, Inc. |
| Fullerton & Knowles PC | Richard I Hutson Esq | rhutson@fullertonlaw.com | Counsel for Caribbean Display & Construction, Inc. |
| G&W Service Co LP | Georgette Treece | | Counsel for G & W Service Co., L.P. |
| Gary & Regenhardt PLLC | Linda D Regenhardt | lregenhardt@garyreg.com | Counsel for D-Link Systems, Inc. |
| Gay McCall Isaacks Gordon & Roberts PC | David McCall | | Counsel for The Frisco ISD Tax Assessor/Collector; Garland ISD Tax Assessor/Collector; Collin County Tax Assessor/Collector; City of Garland Tax Assessor/Collector |
| Gibbons PC | Mark B Conlan Esq | mconlan@gibbonslaw.com | Counsel for Bond-Circuit IV Delaware Business Trust, Chelmsford Realty Associates |
| Glass & Reynolds | David G Reynolds Esq | dave@glassandreynolds.com | Counsel for Homero Mata |
| Gleason Dunn Walsh & O Shea | Ronald G Dunn Esq | rdunn@gdwo.net | Counsel for Savitri Cohen |
| Goodwin & Goodwin LLP | Suzanne Jett Trowbridge | sjt@goodwingoodwin.com | Counsel for 601 Plaza, LLC; Pat Minnite, Jr.; Judith Rae Minnite; PM Construction, Inc.; The PM Company |
| Goulston & Storrs PC | Christine D Lynch Esq<br>Peter D Bilowz Esq | clynch@goulstonstorrs.com<br>pbilowz@goulstonstorrs.com | Counsel for E&A Northeast Limited Partnership; Route 146 Millbury LLC; Interstate Augusta Properties LLC; SR Weiner & Associates Inc; Ray Mucci's Inc.; NPP Development LLC |
| Greenberg Glusker Fields Claman & Machtinger LLP | Jeffrey A Krieger Esq | jkrieger@ggfirm.com | Counsel for Southwinds Ltd |
| Greenberg Traurig LLP | Daniel J Ansell Esq<br>Heath B Kushnick Esq | AnsellD@GTLaw.com<br>kushnickh@gtlaw.com | Counsel for Gateway Center Properties III, LLC; SMR Gateway III, LLC; Union Square Retail Trust; Whitestone Development Partners, L.P.; RD Bloomfield Associates Limited Partnership; P/A Acadia Pelham Manor, LLC; Acadia Realty Limited Partnership |
| Greenberg Traurig LLP | Howard J Berman Esq | bermanH@gtlaw.com | Counsel for CC-Investors 1995-6 |
| Greer Herz & Adams LLP | Frederick Black<br>Tara B Annweiler | tannweiler@greerherz.com | Counsel for American National Insurance Company |
| Gregory Kaplan PLC | Troy Savenko Esq | tsavenko@gregkaplaw.com | Counsel for PlumChoice, Inc.; Slam Brands, Inc. |
| Gregory Lee McCall | FCI Forrest City Low | | Secured Creditor |
| Griffith McCague & Wallace PC | Judy Gawlowski | | Counsel for Equitable Gas Bankruptcy Department |
| Gust Rosenfeld PLC | Madeleine C Wanslee | mwanslee@gustlaw.com | Counsel for Madeleine C. Wanslee |
| Hamburg Karic Edwards & Martin LLP | J Bennett Friedman Esq | jfriedman@hkemlaw.com | Counsel for The West Campus Square Company, LLC; Amargosa Palmdale Investments, LLC; Bella Terra Associates, LLC |
| Hamilton Beach Brands Inc | Bill Ray | bill.ray@hamiltonbeach.com | Credit Manager for Hamilton Beach Brands, Inc. |
| Hamilton Chase Santa Maria LLC | Stefani Batastini Asst to Chris Larson | | Creditor, represented by Munger Tolles & Olson LLP |
| Hangley Aronchick Segal & Pudlin | Ashely M Chan Esq | achan@hangley.com | Counsel for The City of Philadelphia |
| Hatch Allen & Shepherd PA | Leslie D Maxwell Esq | lmaxwell@hatchlaw.com | Consel for Cottonwood Corners - Phase V, LLC |
| Haynes and Boone LLP | Jason Binford | jason.binford@haynesboone.com | Counsel for Phoenix Property Company; BB Fonds International 1 USA, L.P. |
| Hemar Rousso & Heald LLP | Wayne R Terry | wterry@hemar-rousso.com | Counsel for M & M Berman Enterprises |
| Herrick Feinstein LLP | Paul Rubin | prubin@herrick.com | Counsel for Canon U.S.A., Inc. |
| Hewitt & O Neil LLP | Lawrence J Hilton | lhilton@hewittoneil.com | Counsel for Targus Inc |
| Hinckley Allen & Snyder LLP | Jennifer V Doran Esq | jdoran@haslaw.com | Counsel for DeMatteo Management, Inc. |

| Name | Notice Name | Email | Party/Function |
|------|-------------|-------|----------------|
| Hirschler Fleischer PC | Michael P Falzone Esq<br>Sheila deLa Cruz Esq<br>Robert S Westermann<br>Thomas J Dillon III Esq | mfalzone@hf-law.com<br>sdelacruz@hf-law.com<br>rwestermann@hf-law.com<br>tdillon@hf-law.com | Counsel for Altamonte Springs Real Estate Associates; 502-12 86th Street LLC; Woodlawn Trustees, Incorporated; Basile Limited Liability Company; Spring Hill Development Partners, GP; Cottonwood Corners - Phase V, LLC; RTS Marketing, Inc.; Remount Road Associates Limited Partnership; Cameron Group Associates, LLP; Vertis, Inc.; Howland Commons Partnership; Huntington Mall Company; The Cafaro Northwest Partnership, dba South Hill Mall; Kentucky Oaks Mall Company; M & M Berman Enterprises; National A-1, Inc. |
| Hodgson Russ LLP | Garry M Graber Esq | Ggraber@HodgsonRuss.com | Counsel for Manufacturers & Traders Trust Company |
| Hofheimer Gartlir & Gross LLP | Scott R Kipnis Esq<br>Rachel N Greenberger Esq<br>Nicholas B Malito Esq | skipnis@hgg.com<br>rgreenberger@hgg.com<br>nmalito@hgg.com | Counsel for Dollar Tree Stores, Inc. |
| Holland & Knight LLP | James H Rollins | jim.rollins@hklaw.com | Counsel for Plaza Las Americas, Inc. |
| Holland & Knight LLP | Richard E Lear | richard.lear@hklaw.com | CapTech Ventures, Inc. |
| Hong Kong Export Credit Insurance Corporation | Leung Shing | leung.shing@hkecic.com | Creditor |
| Honigman Miller Schwartz and Cohn LLP | Seth A Drucker Esq<br>Adam K Keith Esq<br>Joseph R Sgroi Esq | sdrucker@honigman.com<br>akeith@honigman.com<br>jsgroi@honigman.com | Counsel for McKinley, Inc.; Ritz Motel Company; The Marketplace of Rochester Hills Parcel B, LLC; DIRECTV, Inc. |
| Hunton & Williams LLP | Benjamin C Ackerly<br>JR Smith<br>Henry Toby P Long III<br>Thomas N Jamerson<br>Jason W Harbour | backerly@hunton.com<br>jrsmith@hunton.com<br>hlong@hunton.com<br>tjamerson@hunton.com<br>jharbour@hunton.com | Counsel for Panasonic Corporation of North America; Taubman Auburn Hills Associates Limited Partnership; Alvarez & Marsal Canada ULC; American Bankers Insurance Company of Florida; Federal Warranty Service Corporation; Sureway, Inc.; United Service Protection, Inc.; Assurant, Inc.; Parker Centra Plaza Ltd; Lowe's HIW, Inc. |
| Hunton & Williams LLP | J Eric Crupi | ecrupi@hunton.com | Counsel for Taubman Auburn Hills Associates Limited Partnership |
| Hunton & Williams LLP | Michael S Held Esq | mheld@hunton.com | Counsel for Harvest HPE LP; Cypress CC Marion I LP |
| Hunton & Williams LLP | Robert S Westermann Esq | rwestermann@hunton.com | Counsel for Harvest HPE LP; Cypress CC Marion I LP; COMSYS Information Technology Services, Inc. and COMSYS Services, LLC; Galleria Plaza, Ltd. |
| Husch Blackwell Sanders LLP | John J Cruciani Esq | john.cruciani@huschblackwell.com | Counsel for Vertis, Inc. |
| IBM Corporation | Vicky Namken | vnamken@us.ibm.com | Counsel for IBM Corporation; InfoPrint Solutions Company |
| Internal Revenue Service | Attn Linda Lorello | Linda.Lorello@irs.gov | Government Agency |
| J Scott Douglass | | jsdlaw@msn.com | Counsel for J Scott Douglass |
| Jackson & Campbell PC | David H Cox Esq<br>John J Matteo Esq | dcox@jackscamp.com<br>jmatteo@jackscamp.com | Counsel for Port Arthur Holdings, III, Ltd. |
| Jackson Kelly PLLC | Mary Elisabeth Naumann | kybankruptcy@jacksonkelly.com | Counsel for Prosite Business Solutions LLC |
| Jaspan Schlesinger LLP | Hale Yazicioglu Esq | hyazicioglu@jaspanllp.com | Counsel for AVR CPC Associates LLC |
| Jay T Blount | | jay.blount@dcsg.com | Counsel for Dick's Sporting Goods, Inc.; Golf Galaxy, Inc. |
| Jeffer Mangels Butler & Marmaro LLP | David M Poitras PC<br>Caroline R Djang | dpoitras@jmbm.com<br>crd@jmbm.com | Counsel for THQ, Inc. |
| John Marshall Collins PC | John Marshall Collins Esq | johnlaw@gmail.com | Counsel for Daly City Partners I, L.P. |
| Jones Day | Jeffrey B Ellman<br>Brett J Berlin | jbellman@jonesday.com<br>bjberlin@jonesday.com | Counsel for Ventura In Manhattan Inc. |
| Jones Day | Sheila L Shadmand Esq | slshadmand@jonesday.com | Counsel for Ventura In Manhattan Inc. |
| Jorden Burt LLP | Raul A Cuervo | rac@wdc.jordenusa.com | Counsel for American Bankers Insurance Company of Florida; Federal Warranty Service Corporation; Sureway, Inc.; United Service Protection, Inc.; Assurant, Inc. |

Rule 2002 List

| Name | Notice Name | Email | Party/Function |
|------|-------------|-------|----------------|
| K&L Gates LLP | Amy Pritchard Williams | amy.williams@klgates.com | Counsel for DIM Vastgoed, N.V.; Cobb Corners II, Limited Partnership; PrattCenter, LLC; UTC I, LLC; Valley Corners Shopping Center, LLC and Encinitas PFA, LLC |
| K&L Gates LLP | Eric C Rusnak | eric.rusnak@klgates.com | Counsel for Microsoft Corporation |
| K&L Gates LLP | Marc Barreca | marc.barreca@klgates.com bankruptcyecf@klgates.com | Counsel for Microsoft Corporation |
| Katsky Korins LLP | Steven H Newman Esq | snewman@katskykorins.com | Counsel for 502-12 LLC; 502-12 86th St LLC |
| Katten Muchin Rosenman LLP | c o Brian D Huben c o Thomas J Leanse c o Dustin P Branch | brian.huben@kattenlaw.com dustin.branch@kattenlaw.com thomas.leanse@kattenlaw.com | Counsel for The Macerich Company; PREEF Property Management; Watt Companies, Cousins Properties; Portland Investment Company of America; and Prudential Insurance Company of America |
| Kaufman & Canoles | Ann K Crenshaw Esq Paul K Campsen Esq | akcrenshaw@kaufcan.com | Counsel for Site A, LLC, successor in interest to JP Thornton LLC; CC Grand Junction Investors 1998, L.L.C; C-470 Limited Liability Company |
| Kaufman & Canoles | Paul K Campsen Esq | pkcampsen@kaufcan.com | Counsel for Ramco West Oaks I, LLC; Ramco JW, LLC; RLV Village Plaza, LP; RLV Vista Plaza, LP; Rebs Muskegon LLC; Pelkar Musegon, LLC; Faram Musegon, LLC; Lea Company, the assignee from Newport News Shopping Center, LLC; Crossways Financial Associates, LLC, f/k/a Cannon Ridge Gardens Associates, L.P., the Assignee from Tidevest Limited Partnership Associates; Google, Inc. |
| Kelley Drye & Warren LLP | James S Carr Esq Robert L LeHane Esq | KDWBankruptcyDepartment@kelleydrye.com | Counsel for Developers Diversified Realty Corporation; Weingarten Realty Investors; Basser-Kaufman; General Growth Properties, Inc.; Jones Lang LaSalle Americas, Inc.; Phillips International; S.J. Collins Enterprises, Goodman Enterprises; DeHart Holdings; Weeks Properties CG Holdings; FW CA-BREA Marketplace LLC; Regency Centers, L.P.; RC CA Santa Barbara, LLC; |
| Kepley Broscious & Biggs PLC | William A Broscious Esq | wbroscious@kbbplc.com | Counsel for Kamin Realty Company, Jurupa Bolingbrook LLC; Paramount Home Entertainment Inc.; Raymond Silverstein, Trustee of the Shaffer, Harrow, Tarte and Roseman Trust |
| Kern County Treasurer and Tax Collector Office | Angelica Leon | bankruptcy@co.kern.ca.us | Counsel for Kern County Treasurer and Tax Collector Office |
| Khang & Khang LLP | Joon M Khang | joon@khanglaw.com | Counsel for Sherwood America, Inc. |
| Kilpatrick Stockton LLP | Mark D Taylor Esq | mdtaylor@kilpatrickstockton.com | Counsel for Triangle Equities Junction LLC |
| Kilpatrick Stockton LLP | Shane G Ramsey | sramsey@kilpatrickstockton.com | Counsel for Lenovo USA |
| King & Spalding LLP | James A Pardo Jr Thaddeus D Wilson | jpardo@kslaw.com thadwilson@kslaw.com | Counsel for Mitsubishi Electric & Electronics USA, Inc. and Mitsubishi Digital Electronics America, Inc. |
| Kitchens Kelly Gaynes PC | Heather D Dawson Esq | hdawson@kkgpc.com | Counsel for Westgate Village LP |
| Klee Tuchin Bogdanoff & Stern LLP | Michael L Tuchin David M Stern Esq | mtuchin@ktbslaw.com dstern@ktbslaw.com | Counsel for Paramount Home Entertainment Inc. |
| Klehr Harrison Harvey Branzburg & Ellers LLP | Jeffrey Kurtzman Esq | jkurtzma@klehr.com | Counsel for The Goldenberg Group |
| Krokidas & Bluestein LLP | Anthony J Cichello Esq | acichello@kb-law.com | Counsel for Loop West LLC, by its Managing Agent The Wilder Companies, Ltd. |
| Kupelian Ormond & Magy PC | Terrance A Hiller Jr Esq David M Blau Esq | tah@kompc.com dmb@kompc.com | Counsel for Ramco West Oaks I, LLC; Ramco JW, LLC; RLV Village Plaza, LP; RLV Vista Plaza, LP; Rebs Musegon, LLC; Faram Musegon, LLC |
| Kutak Rock LLP | Michael A Condyles Esq Loc Pfeiffer Esq Peter J Barrett Esq Kimberly A Pierro | michael.condyles@kutakrock.com loc.pfeiffer@kutakrock.com peter.barrett@kutakrock.com kimberly.pierro@kutakrock.com | Counsel for Sony Electronics Inc.; Schottenstein Property Group, Inc.; Magna Trust Company Trustee |

**Rule 2002 List**

| Name | Notice Name | Email | Party/Function |
|---|---|---|---|
| Landsberg Margulies LLP | Ian S Landsberg Esq | ilandsberg@lm-lawyers.com | Counsel for Eagleridge Associates, LLC; Torrance Towne Center Associates, LLC; NMC Stratford, LLC and FJL-MVP, LLC |
| Latham & Watkins LLP | Josef S Athanas | josef.athanas@lw.com | Counsel for Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC |
| Laurin & Associates | Paul J Laurin Esq Stephen M Astor Esq | CalendarClerk@laurinlawfirm.com. | Counsel for Fox Cable Network Service, LLC; Fox Broadcasting Company |
| Law Office of Kenneth B Roseman & Assoc PC | Kenneth B Roseman | kenroseman@hotmail.com | Counsel for Mark Petrovich |
| Law Office of Robert E Luna PC | Andrea Sheehan | sheehan@txschoollaw.com | Counsel for Lewisville Independent School District |
| Law Offices of Ronald K Brown Jr | Ronald K Brown Jr | rkbqwhw@aol.com | Counsel for Pacific Castle Groves, LLC |
| Law Offices of Taylor, Leong & Chee | Kimo C Leong | kcleong@hawaii.rr.com | Counsel for Hawaiian Electric Company Inc |
| Lazer Aptheker Rosella & Yedid PC | Robin S Abramowitz | abramowitz@larypc.com | Counsel for CC Colonial Trust; CC Joliet Trust; CC Merrilville Trust; Bond Circuit VIII Delaware Trust |
| Leach Travell Britt PC | Stephen E Leach Esq D Marc Sarata Esq | sleach@ltblaw.com msarata@ltblaw.com | Counsel for Children's Discovery Centers of America, Inc. |
| LeClairRyan A Professional Corporation | Bruce H Matson | Bruce.Matson@leclairryan.com | Counsel for Bank of America, N.A., as Agent |
| LeClairyan a Professional Corporation | Michael E Hastings Esq | michael.hastings@leclairryan.com | Counsel for Eastern Security Corp. |
| Lehnardt & Lehnardt LLC | Detlef G Lehnardt Stephen K Lehnardt | skleh@lehnardt-law.com | Counsel for 3725 Airport Blvd LP |
| Leitess Leitess Friedberg & Fedder PC | Jeremy S Friedberg Esq Gordon S Young Esq | jeremy.friedberg@llff.com gordon.young@llff.com | Counsel for Toshiba America Consumer Products, L.L.C. and Toshiba America Information Systems, Inc.; Washington Green TIC |
| Levy Stopol & Camelo LLP | Larry Stopol Esq | lstopol@levystopol.com | Counsel for Audiovox Corporation |
| Lieber & Lieber LLP | Barbie D Lieber | barbie@lieberlegal.com | Counsel for Excel Best Industries |
| Lim Ruger & Kim LLP | Samuel S Oh Esq | sam.oh@limruger.com | Counsel for Averatec/Trigem USA |
| Linda J Brame | | lbrame@winterslaw.com | Counsel for William Gower; King Thompson |
| Lindquist Kleissler & Company LLC | Arthur Lindquist Kleissler | arthurlindquistkleissler@msn.com | Counsel for The Millman 2000 Charitable Trust |
| Linebarger Goggan Blair & Sampson LLP | David G Aelvoet | sanantonio.bankruptcy@publicans.com | Counsel for the City of El Paso |
| Linebarger Goggan Blair & Sampson LLP | Diane W Sanders | austin.bankruptcy@publicans.com | Counsel for City of Round Rock; Mclennan County; South Texas ISD; South Texas College; City of McAllen; McAllen ISD; Cameron County; Nueces County |
| Linebarger Goggan Blair & Sampson LLP | Elizabeth Weller | dallas.bankruptcy@publicans.com | Counsel for Dallas County and Tarrant County |
| Linebarger Goggan Blair & Sampson LLP | John P Dillman | houston_bankruptcy@publicans.com | Counsel for Harris County, et al.; Fort Bend County; Cypress-Fairbanks Independent School District; Montgomery County |
| Lionel J Postic PC | Lionel J Postic Esq | lpostic@mindspring.com aarusso@mindspring.com | Counsel for Sun Belt General Contractors, Inc. |
| Locke Lord Bissell & Liddell LLP | Elizabeth C Freeman | | Counsel for Home Depot USA, Inc. |
| Locke Lord Bissell & Liddell LLP | Thomas G Yoxall Thomas A Connop Melissa S Hayward | | Counsel for Parago, Inc.; Home Depot USA, Inc. |
| Loudoun County Attorney | John R Roberts Belkys Escobar | Belkys.Escobar@loudoun.gov | Counsel for Loudoun County |
| Lowenstein Sandler PC | Vincent A D Agostino Esq | vdagostino@lowenstein.com | Counsel for AT&T |
| Macdermid Reynolds & Glissman PC | Michael S Stiebel | mstiebel@mrglaw.com | Counsel for Basile Limited Liability Company |
| Madison County Alabama Tax Collector | Lynda Hall | taxcol@co.madison.al.us swells@co.madison.al.us | Counsel for Tax Collector of Madison County, Alabama |

| Name | Notice Name | Email | Party/Function |
|------|-------------|-------|----------------|
| Magee Foster Goldstein & Sayers PC | A Carter Magee Jr<br>W Joel Charboneau | cmagee@mfgs.com<br>jcharboneau@mfgs.com | Counsel for Alief ISD; Baybrook MUD 1; Brazoria County, Brazoria County MUD #6; Burleson ISD; Carroll ISD; City of Cedar Hill; City of Hurst; City of Lake Worth; City of Wichita Falls; Clear Creek ISD; Fort Bend ISD; Fort Bend LID 2; Fort Worth ISD; Galena Park ISD; Hidalgo County & H.C. Drainage District #1; Humble ISD; Lubbock CAD; Midland County Tax Office; Potter County Tax Office; Tyler ISD; Wichita County; Wichita Falls ISD; Woodlands Metro MUD; Woodlands RUD #1;  King Thompson; Los Angeles, Monterey, and San Bernadino, California and Placer, California; Lewisville Independent School District; Nancy and Charles Booth |
| Magruder Cook Carmody & Koutsouftikis | Anne M Magruder Esq<br>Leon Koutsouftikis Esq | lkouts@magruderpc.com | Counsel for Washington Real Estate Investment Trust |
| McCarter & English LLP | Clement J Farley<br>Angela Sheffler Abreu | cfarley@mccarter.com<br>aabreu@mccarter.com | Counsel for PNY Technologies, Inc. |
| McCreary Veselka Bragg & Allen PC | Michael Reed | mreed@mvbalaw.com | Attorney for Williamson County, Texas, et al. |
| McDermott Will & Emery LLP | Geoffrey T Raicht Esq | graicht@mwe.com | Counsel for Altamonte Springs Real Estate Associates |
| McDermott Will & Emery LLP | Karla L Palmer Esq | kpalmer@mwe.com | Counsel for Altamonte Springs Real Estate Associates |
| McDonough Holland & Allen PC | Mary E Olden Esq<br>Andre K Campbell Esq<br>Sean Thomas Thompson Esq | molden@mhalaw.com<br>acampbell@mhalaw.com<br>sthompson@mhalaw.com | Counsel for Colorado Structures, Inc., dba CSI Construction Company |
| McDowell Rice Smith & Buchanan PC | Donald G Scott | dscott@mcdowellrice.com | Counsel for Flintlock Northridge LLC |
| McKay Burton & Thurman | Joel T Marker | joel@mbt-law.com | Counsel for Parker Bullseye, LLC; Ammon Properties, LLC |
| McKenna Long & Aldridge LLP | John G McJunkin Esq<br>J David Folds Esq | jmcjunkin@mckennalong.com | Counsel for Bethesda Softwords, LLC; SimpleTech by Hitachi Global Storage Technologies |
| McKenna Long & Alridge LLP | John G McJunkin Esq<br>J David Folds | jmcjunkin@mckennalong.com<br>dfolds@mckennalong.com | Counsel for 120 Orchard LLC; 427 Orchard LLC; FT Orchard LLC; Marc Realty |
| McSweeney Crump Childress & Temple PC | David R Ruby Esq | druby@mcsweeneycrump.com | Counsel for Holyoke Crossing Limited Partnership II; SanDisk Corporation |
| Menter Rudin & Trivelpiece PC | Kevin M Newman Esq | knewman@menterlaw.com | Counsel for Carousel Center Company, L.P.; Sangertown Square, L.L.C.; EcklecCo NewCo, LLC; Landover, LLC; Charlotte UY, LLC; Cameron Bayonne, LLC; and Fingerlakes Crossing, LLC; NBT Bank, N.A. |
| Merced County Tax Collector | Monica Vasquez Tax Collector Clerk II | Mvasquez@co.merced.ca.us | Counsel for The County of Merced, California |
| MercerTrigiani LLP | Philip C Baxa Esq | phil.baxa@mercertrigiani.com | Counsel for JWC/Loftus, LLC |
| Mesch Clark & Rothschild PC | Brenda Moody Whinery Esq | bwhinery@mcrazlaw.com | Counsel for Windsail Properties, LLC |
| Miami Dade County Attorneys Office | Erica S Zaron | cao.bkc@miamidade.gov | Counsel for Miami-Dade County Tax Collector |
| Miami Dade County Paralegal Unity | Alberto Burnstein | alberto@miamidade.gov<br>MDTCBKC@miamidade.gov | Counsel for Miami-Dade County Tax Collector |
| Michael A Cardozo | Gabriela P Cacuci Esq | gcacuci@law.nyc.gov | Counsel for The City of New York |
| Michael J Sawyer | Quincy Ctr Plaza | msawyer@stopandshop.com | Counsel for Giant of Maryland LLC and The Stop & Shop Supermarket Company LLC |
| Michelle Leeson CFCA | | michellel@taxcollector.com | Counsel for Ken Burton Jr., Manatee County Tax Collector |
| Michelle Leeson CFCA | | michellel@taxcollector.com | Counsel for Ken Burton Jr., Manatee County Tax Collector |
| Micro Center Sales Corporation | Nancy Klemstine Real Estate Mgr | nklemstine@microcenter.com | Counsel for Micro Center Sales Corporation |
| Miller & Martin PLLC | Nicholas W Whittenburg | nwhittenburg@millermartin.com | Counsel for Cleveland Towne Center LLC |
| Miller Canfield Paddock and Stone PLC | John L Senica | senica@millercanfield.com | Counsel for Evergreen Plaza Associates Limited Partnership; Evergreen Plaza Associates I, LP; and TPG Management Inc. |

Rule 2002 List

| Name | Notice Name | Email | Party/Function |
|------|-------------|-------|----------------|
| Millman 2000 Charitable Trust | David Bennett | | Counsel for The Millman 2000 Charitable Trust |
| Missouri Attorney General Office | Chris Koster<br>Jeff Klusmeier | Jeff.Klusmeier@ago.mo.us | Counsel for Missouri Attorney General's Office |
| Missouri Department of Revenue | Attn Richard M Maseles | edvaecf@dor.mo.gov | Counsel for Missouri Department of Revenue |
| Mitsubishi Digital Electronics America Inc | Brian Atteberry | batteberry@mdea.com | Counsel for Mitsubishi Electric & Electronics USA, Inc. and Mitsubishi Digital Electronics America, Inc. |
| Moldo Davidson Fraioli Seror & Sestanovich LLP | Byron Z Moldo<br>Kenneth Miller Esq | bmoldo@mdfslaw.com<br>kmiller@mdfslaw.com | Counsel for The City Portfolio TIC, LLC; KJF/Faris TIC, LLC; Descanso TIC, LLC; Centre at 38th St TIC, LLC and RMRG Portfolio TIC, LLC; KB Columbus I-CC, LLC |
| Monarch Alternative Capital LP | Andrew Herenstein | Andrew.Herenstein@monarchlp.com | Monarch Alternative Capital LLP |
| Moore & Van Allen PLLC | David B Wheeler Esq | davidwheeler@mvalaw.com | Counsel for South Carolina Eletctric & Gas Co.; Public Service of North Carolina |
| Morgan Lewis & Bockius LLP | Neil E Herman Esq<br>Menachem O Zelmanovitz Esq | nherman@morganlewis.com<br>mzelmanovitz@morganlewis.com | Counsel for Kimco Realty Corporation; Mall Properties; U.S. 41 & I-285 Company, Anna Schwartz; Zoltan Schwartz; Deborah Landman; Eli Landman |
| Morris Manning & Martin LLP | David W Cranshaw Esq | dhp@mmmlaw.com | Counsel for Industriaplex, Inc. |
| Morrison Cohen LLP | Michael R Dal Lago Esq | bankruptcy@morrisoncohen.com | Counsel for Empire HealthChoice Assurance, Inc., d/b/a Empire Blue Cross Blue Shield |
| Mulinix Ogden Hall Andres & Ludlam PLLC | Richard C Ogden Esq<br>Martin A Brown Esq | rco@lawokc.com<br>martin.brown@kawokc.com | Counsel for Express Services, Inc. d/b/a Express Personnel Services |
| Mullins Riley & Scarborough LLP | Betsy Johnson Burn | betsy.burn@nelsonmullins.com | Counsel for Myrtle Beach Farms Co., Inc. |
| Munger Tolles & Olsen LLP | Seth Goldman | seth.goldman@mto.com | Counsel for Hamilton Chase - Santa Maria LLC |
| Munsch Hardt Kopf & Harr PC | Davor Rukavina Esq | drukavina@munsch.com | Counsel for Texas Instruments Incorporated |
| Naples Daily News | c o Receivable Management Services | | |
| Neal Gerber Eisenberg LLP | Nicholas M Miller | nmiller@ngelaw.com | Counsel for Manufacturers and Traders Trust Company |
| Nelson Mullins Riley & Scarborough LLP | Terri L Gardner<br>Anitra Goodman Royster | terri.gardner@nelsonmullins.com<br>anitra.royster@nelsonmullins.com | Counsel for Connexion Technologies |
| Nicholls & Crampton PA | Kevin L Sink | ksink@nichollscrampton.com | Counsel for Glenmoor Limited Partnership |
| Nixon Peabody LLP | Daniel R Sovocool<br>Louis J Cisz III<br>Gina M Fornario<br>Louis E Dolan | dsovocool@nixonpeabody.com<br>lcisz@nixonpeabody.com<br>gfornario@nixonpeabody.com<br>ldolan@nixonpeabody.com | Counsel for California Self-Insurers' Security Fund |
| Nixon Peabody LLP | Dennis J Drebsky<br>Christopher M Desiderio | cdesiderio@nixonpeabody.com | Counsel for TomTom, Inc. |
| Noland Hamerly Etienne & Hoss PC | Anne Secker Esq<br>Lisa K Omori | asecker@nheh.com | Counsel for T&T Enterprises |
| O Melveny & Myers LLP | Michael J Sage Esq<br>Karyn B Zeldman Esq | msage@omm.com<br>kzeldman@omm.com | Counsel for Pan Am Equities, Inc. |
| Office of Joe G Tedder CFC | Bonnie Holly | bonnieholly@polktaxes.com | Counsel for the Tax Collector for Polk County, Floridia |
| Office of the Attorney General | Denise Mondell | Denise.Mondell@po.state.ct.us | Counsel for State of Connecticut; Department of Revenue Services; and State of Connecticut, Department of Labor |
| Office of Unemployment Compensation Tax Services | Timothy A Bortz | tbortz@state.pa.us | Office of Unemployment Compensation Tax Services |
| Oklahoma County Treasurer | Tammy Jones Pro Se | tammik@oklahomacounty.org | Counsel for the Oklahoma County Treasurer |
| Olshan Grundman Frome Rosenzweig & Wolosky LLP | Michael S Fox Esq<br>Frederick J Levy Esq | mfox@olshanlaw.com<br>flevy@olshanlaw.com | Counsel for Bush Industries, Inc. |
| Oppenheimer Blend Harrison & Tate Inc | Raymond W Battaglia | Rbattaglia@obht.com | Counsel for The Miner Corporation |
| Orange Grove Properties | Linda Taylor | linda@tayloruns.com | Counsel for Orange Grove Apartments LLC dba camelback Center, as successor in interest to Orix Alliant Phoenix Camelback Venture |
| Ornelas Castillo & Ornelas PLLC | Sylvia M Ornelas<br>Mario A Castillo Jr | | Counsel for The United Independent School District |

**Rule 2002 List**

| Name | Notice Name | Email | Party/Function |
|---|---|---|---|
| Orrick Herrington & Sutcliffe LLP | Scott A Stengel Esq<br>Jonathan P Guy Esq | sstengel@orrick.com<br>jguy@orrick.com | Counsel for MiTAC USA Inc. |
| Osler Hoskin & Hardcourt LLP | Jeremy Dacks<br>Marc S Wasserman | jdacks@osler.com<br>mwasserman@osler.com | |
| Pachulski Stang Ziehl & Jones | Stanley E Goldich | sgoldich@pszjlaw.com | |
| Palmer Law Firm Inc | R Chase Palmer | cpalmerplf@gmail.com | Counsel for Dennis Morgan |
| Panattoni Law Firm | Fredric Albert | falbert@czmlaw.com | Counsel for Panattoni Construction, Inc.; Raymond & Main Retail, LLC; Chino South Retail PG, LLC; and Panattoni Development Company, Inc.; as Agent for VVI Texas Holdings, LLC; TI PI Texas, LLC; Dudley Mitchell Properties TX, LLC; Shelby Properties TX, LLC; Pinstar Investment Properties TX, LLC; Charles L. Kessinger; Jacque L. Kessinger; Northglenn Retail, LLC |
| Parsons Kinghorn Harris | George B Hofmann | | Counsel for Akamai Technologies, Inc. |
| Pasadena Independent School District | Dexter D Joyner | | Counsel for the Pasadena Independent School District |
| Patton Boggs LLP | Alan M Noskow | anoskow@pattonboggs.com | Counsel for Cokem International, Inc. |
| Pennsylvania Dept of Revenue | Robert C Edmundson | redmundson@attorneygeneral.gov | Counsel for Pennsylvania Department of Revenue |
| Pension Benefit Guaranty Corporation | Sara B Eagle Esq | eagle.sara@pbgc.gov<br>efile@pbgc.gov | Counsel for Pension Benefit Guaranty Corporation |
| Pentiuk Couvreur & Kobiljak PC | Kurt M Kobiljak | kkobiljak@pck-law.com | Counsel for City of Taylor, Michigan |
| Pepper Hamilton LLP | Evelyn J Meltzer | meltzere@pepperlaw.com | Counsel for SB Lender Trust |
| Pepper Hamilton LLP | K Stewart Evans Jr<br>Matthew D Foster | evansks@pepperlaw.com<br>fosterm@pepperlaw.com | Counsel for Longacre Opportunity Fund, L.P. |
| Perdue Brandon Fielder Collins & Mott LLP | Elizabeth Banda<br>Yolanda Humphrey | arlbank@pbfcm.com<br>ebanda@pbfcm.com<br>yhumphrey@pbfcm.com | Counsel for the City of Cedar Hill; Burleson ISD; Arlington ISD; City of Hurst; Mansfield ISD; Carroll ISD; City of Lake Worth; Alief ISD; Baybrook MUD 1; Brazoria County, Brazoria County MUD #6; Burleson ISD; Carroll ISD; City of Cedar Hill; City of Hurst; City of Lake Worth; City of Wichita Falls; Clear Creek ISD; Fort Bend ISD; Fort Bend LID 2; Fort Worth ISD; Galena Park ISD; Hidalgo County & H.C. Drainage District #1; Humble ISD; Lubbock CAD; Midland County Tax Office; Potter County Tax Office; Tyler ISD; Wichita County; Wichita Falls ISD; Woodlands Metro MUD; Woodlands RUD #1 |
| Phillips Goldman & Spence PA | Stephen W Spence Esq<br>Scott L Adkins Esq | sws@pgslaw.com<br>sla@pgslaw.com | Counsel for Dicker-Warmington Properties |
| Pima County Attorney Civil Division | German Yusufov<br>Terri A Roberts | terri.roberts@pcao.pima.gov<br>german.yusufov@pcao.pima.gov | Counsel for PIMA County |
| Polsinelli Shalton Flanigan Suelthaus PC | James E Bird<br>Amy E Hatch | jbird@polsinelli.com<br>ahatch@polsinelli.com | Counsel for MD-GSI Associates |
| Polsinelli Shalton Flanigan Suelthaus PC | Michael F Ruggio | mruggio@polsinelli.com | Counsel for MD-GSI Associates |
| Posternak Blankstein & Lund LLP | Robert Somma Esq<br>Laura A Otenti Esq | rsomma@pbl.com<br>lotenti@pbl.com | Counsel for Salem Rockingham LLC |
| Poyner Spruill LLP | Shannon E Hoff Esq | | Counsel for Compass Group U.S.A., Inc. |
| PriceGrabber com Inc | Katerina Canyon | katerina@pricegrabber.com | Counsel for PriceGrabber.com Inc. |
| Primeshares | Attn Rayaan Hashmi | rh@primeshares.com | Counsel for Primeshares World Markets, LLC |
| Procopio Cory Hargreaves & Savitch LLP | Gerald P Kennedy | gpk@procopio.com | Counsel for Plaza Las Palmas LLC |
| Quarles & Brady LLP | Brian Sirower Esq<br>Lori L Winkelman Esq<br>Catherine M Guastello Esq | bsirower@quarles.com<br>lwinkelm@quarles.com<br>cguastel@quarles.com | Counsel for DFS Services LLC |
| Quarles & Brady LLP | Catherine M Guastello Esq | cguastel@quarles.com | Counsel for United Parcel Service, Inc.; UPS Ground Freight, Inc.; and Bedford Properties LLC |
| Quarles & Brady LLP | Faye B Feinstein Esq<br>Christopher Combest Esq | fbf@quarles.com<br>ccombest@quarles.com | Counsel for United Parcel Service, Inc.; UPS Ground Freight, Inc.; and Bedford Properties LLC |

**Rule 2002 List**

| Name | Notice Name | Email | Party/Function |
|---|---|---|---|
| Querrey & Harrow Ltd | John M Brom | jbrom@querrey.com | Counsel for LumiSource, Inc. |
| Quintrall & Associates LLP | Albert F Quintrall Esq | a.quintrall@quintrallaw.com | Counsel for Wayne-Dalton Corp. |
| Ravich Meyer Kirkman McGrath Nauman & Tansey PA | Michael F McGrath Esq | mfmcgrath@ravichmeyer.com | Counsel for Tamarack Village Shopping Center LP |
| Receivable Management Services | Phyllis A Hayes | Phyllis.Hayes@rmsna.com | Counsel for Cohesion Products Inc |
| Recovery Management Systems Corp | Ramesh Singh | claims@recoverycorp.com | Counsel for GE Money Bank (Sam's Club BRC) |
| Reed Smith LLP | Kurt F Gwynne Esq Kathleen A Murphy Esq | kgwynne@reedsmith.com kmurphy@reedsmith.com | Counsel for IKON Office Solutions, Inc. |
| Reed Smith LLP | Linda S Broyhill | lbroyhill@reedsmith.com | Counsel for La Frontera Village, L.P.; Heritage Plaza, LLC |
| Reed Smith LLP | Travis A Sabalewski Esq | tsabalewski@reedsmith.com | Counsel for IKON Office Solutions, Inc. |
| Regency Centers | Catherine L Strauss | catherinestrauss@regencycenters.com | Associate Corporate Counsel for Regency Centers |
| Riemer & Braunstein LLP | David S Berman | Dberman@riemerlaw.com | Counsel for Bank of America, N.A., as Agent |
| Righetti Law Firm PC | Matthew Righetti | matt@righettilaw.com erin@righettilaw.com | Counsel for Robert Gentry; Jonathan Card; Jack Hernandez; Joseph Skaf |
| Rivkin Radler LLP | Matthew V Spero Esq Stuart I Gordon Esq | stuart.gordon@rivkin.com | Counsel for CC-Investors 1995-6 |
| Robinson & Cole | Peter E Strniste Patrick M Birney | pstrniste@rc.com pbirney@rc.com | Counsel for Shimenti Construction Company, LLC |
| Robinson Brog Leinwand Greene Genovese & Gluck PC | Fred B Ringel Esq | fbr@robinsonbrog.com | Counsel for F&M Properties, Inc. |
| Robinson Diamant & Wolkowitz | Douglas D Kappler Esq | dkappler@rdwlawcorp.com | Counsel for Watercress Associates LP, LLP, dba Pearlridge Center |
| Romero Law Firm | Martha E Romero | romero@mromerolawfirm.com | Counsel for County of Riverside, CA; Los Angeles, Monterey, and San Bernadino, California and Placer, California |
| Ronald M Tucker Esq | | rtucker@simon.com | Counsel for Simon Property Group Inc |
| Rosenblum & Rosenblum LLC | Alan Rosenblum Esq | alan@rosenblumllc.com | Counsel for Paramount Home Entertainment, Inc. |
| Ross Banks May Cron & Cavin PC | c o James V Lombardi III | jvlombardi@rossbanks.com | Counsel for AmREIT |
| Roussos Lassiter Glanzer & Marcus PLC | Lawrence H Glanzer Esq | glanzer@rlglegal.com | Counsel for Citrus Park CC, L.L.C |
| Saiber LLC | Nancy A Washington Esq | naw@saiber.com | Counsel for FM Facility Maintenance, f/k/a IPT, LLC |
| Sands Anderson Marks & Miller PC | C Thomas Ebel Esq William A Gray Esq Peter M Pearl Esq Lisa Taylor Hudson Esq | ppearl@sandsanderson.com lhudson@sandsanderson.com bgray@sandsanderson.com tebel@sandsanderson.com | Counsel for Counsel for Monument Consulting, LLC; Reverend Dwayne Funches, individually, and as Independent Executor of the Estates of Trafis Funches, Dione Funches, Dwayne Funches, Jr., Emily Funches, Lovera S Funches, Shatira Funches, individually; UTC I, LLC; PrattCenter, LLC; Valley Corners Shopping Center, LLC; CSI Construction Company; Vornado Gun Hill Road, LLC; Amherst VF LLC; East Brunswick VF LLC; North Plainfield VF LLC; Alexander's Rego Park Center, Inc.; Towson VF LLC; Green Acres Mall LLC; Wayne VF LLC; VNO Mundy Street LLC; VNO TRU Dale Mabry LLC; Christopher Borglin; Rebecca Hylton DeCamps; Kelly Breitenbecher; Phyllis M Pearson; DEV Limited Partnership; Hilton Ellis Epps, Sr.; Chatham County, Georgia Tax Commissioner; Paul Schaapman |
| Satterlee Stephens Burke & Burke LLP | Christopher R Belmonte Esq Pamela A Bosswick Esq Abigail Snow Esq | cbelmonte@ssbb.com pbosswick@ssbb.com asnow@ssbb.com | Counsel for International Business Machines Corporation |
| Saul Ewing LLP | Edith K Altice Esq | ealtice@saul.com | Counsel for FR E2 Property Holding, L.P. |