# Exhibit 1

*Paramount Home Entertainment Inc.'s First Set of Interrogatories
to Circuit City Stores, Inc., et al.*

DAVID M. STERN (CA State Bar No. 67697),
MICHAEL L. TUCHIN (CA State Bar No. 150375), and
KORIN A. ELLIOTT (CA State Bar No. 260363)
KLEE, TUCHIN, BOGDANOFF & STERN LLP[1]
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Telephone:     (310) 407-4000
Facsimile:     (310) 407-9090

    -and-

WILLIAM A. BROSCIOUS (VA State Bar No. 27436)
KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Richmond, Virginia  23233
Telephone:     (804)741-0400, ext. 202

Attorneys for Claimant (Claim Nos. 1009, 9681)
PARAMOUNT HOME ENTERTAINMENT INC.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | |
|---|---|
| In re<br><br>CIRCUIT CITY STORES, INC., *et al.*,<br><br>        Debtors.[2] | Case No.:  08-35653-KRH<br>(Jointly Administered)<br><br>Chapter 11 |

**PARAMOUNT HOME ENTERTAINMENT INC.'S**
**FIRST SET OF INTERROGATORIES TO**
**<u>CIRCUIT CITY STORES, INC., ET AL.</u>**

---

[1] Orders granting *pro hac vice* admission for Messrs. Stern and Tuchin and Ms. Elliott (f/k/a Korin A. Avelino) were entered by the Court on July 24, 2009. <u>See</u> Docket Nos. 4279, 4280, and 4281.

[2] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

**TO: CIRCUIT CITY STORES, INC., AND ITS CHAPTER 11 AFFILIATES IN THE ABOVE-CAPTIONED CASES (COLLECTIVELY, THE "DEBTORS")**

Pursuant to Fed. R. Civ. P. 33, applicable to this contested matter pursuant to Fed. R. Bankr. P. 7033 and 9014, Paramount Home Entertainment Inc. ("Paramount") requests that you, the Debtors, answer all of the following interrogatories in writing and under oath, as required by Fed. R. Civ. P. 33.

Under Fed. R. Civ. P. 33(b)(2) and Fed. R. Bankr. P. 9006(f), you are required to respond to these interrogatories within 33 days after service of these requests. Your response must be signed by an officer as required by Fed. R. Civ. P. 26(g). In answering these interrogatories, furnish all information that is available to you. If you cannot answer an interrogatory completely, answer it to the fullest extent possible. If you do not have personal information sufficient to respond fully to an interrogatory, so state, but make a reasonable and good-faith effort to obtain the information by inquiry to other natural persons or organizations, unless the information is equally available to the propounding party.

## I.
## DEFINITIONS

In responding to the interrogatories, please refer to the following definitions:

A.  "Debtors," whether capitalized or not, whether referred to in the possessive or not, refers to Circuit City Stores, Inc., and its chapter 11 affiliates in the above-captioned cases.

B.  "Petition Date," whether capitalized or not, means November 10, 2008.

C.  "Paramount Reclamation Demand" refers to the *Demand for Reclamation of Goods by Paramount Home Entertainment* served on November 12, 2008, in compliance with the Debtors' reclamation procedures, in which Paramount demanded the return of the products delivered to and accepted by the Debtors while insolvent in the

ordinary course of business within the 45-day period preceding the Petition Date, which products had a total value of $11,600,840.04.

## II.
## INTERROGATORIES

1. State whether you agree or disagree (and identify any disagreement) with the accounting of all of Paramount's claims and rights to payment against the Debtors (totaling $16,497,463.67) provided by Korin Elliott to Jason Liberi on September 16, 2009 (the "Accounting") via email.[3]

2. State whether you agree or disagree (and identify any disagreement) that what Paramount sold to the Debtors within the 45 days prior to the Petition Date (whether or not set forth on the Accounting) constitute "goods" for purposes of 11 U.S.C. § 546(c).

3. State whether you agree or disagree (and identify any disagreement) that what Paramount sold to the Debtors within the 20 days prior to the Petition Date (whether or not set forth on the Accounting) constitute "goods" for purposes of 11 U.S.C. § 503(b)(9).

4. State whether you agree or disagree (and identify any disagreement) that the value of the Paramount goods that the Debtors had in their possession on the Petition Date (whether or not set forth on the Accounting) equaled the price charged by Paramount for those goods. If you disagree, set forth what the Debtors contend is the value of the Paramount goods that the Debtors had in their possession on the Petition Date.

5. State whether you agree or disagree (and identify any disagreement) that the goods Paramount sold to the Debtors within the 45 days prior to the Petition Date

---

[3] Not attached in the interests of economy. However, the Accounting will be provided again upon request.

(whether or not set forth on the Accounting) were sold in the "ordinary course of [Paramount's] business" as that phrase is used in 11 U.S.C. § 546(c).

6.   State whether you agree or disagree (and identify any disagreement) that the goods Paramount sold to the Debtors within the 20 days prior to the Petition Date (whether or not set forth on the Accounting) were sold in the "ordinary course of [Debtors'] business" as that phrase is used in 11 U.S.C. § 503(b)(9).

7.   Identify the goods sold by Paramount to the Debtors that were in the Debtors' inventory on the Petition Date, including the date of receipt of such goods and the cost to the Debtors of such goods.

8.   State the amount of proceeds the Debtors received from the sale of Paramount goods from the Petition Date through the present time in the form of a daily tally, if possible.  If it is not possible to provide a daily tally, please provide a tally that breaks the proceeds down by the shortest period (*e.g.*, week, month) feasible.

9.   Identify the Paramount goods currently still remaining, if any, in the Debtors' inventory.

10.   Specify the steps, if any, that the Debtors took in response to the reclamation demands they received, including the Paramount Reclamation Demand.  For example, please state whether the Debtors made any effort to identify what goods subject to reclamation demands were in the Debtors' possession; whether the Debtors made any attempt to keep proceeds from the goods subject to reclamation demands separate; or whether the Debtors returned any goods in response to a reclamation demand.

11.   State the total amount of proceeds received by the Debtors from the sale of all goods (in the form of a daily tally if possible; if not, in such other interval as is feasible) from the Petition Date through the last date the Debtors' sold goods.

Paramount Interrogatories

12. Identify any goods currently still remaining, if any, in the Debtors' inventory.

13. State the amount of secured debt with liens on inventory on a daily basis, if possible, (and, if not, on as continuous a basis as possible) commencing on the Petition Date until the debt was paid off.

14. State whether you agree or disagree (and identify any disagreement) that commencing no later than 45 days prior to the Petition Date and continuously until the Petition Date, the Debtors were insolvent as that term is used in 11 U.S.C. § 101(32)(A). If you disagree, identify the date you contend that the Debtors became insolvent.

15. State whether you agree or disagree (and identify any disagreement) that all of the goods included in the Paramount Reclamation Demand were received by the Debtors in the 45-day period preceding the Petition Date. If you disagree, identify which goods included in the Paramount Reclamation Demand were not received by the Debtors in the 45-day period preceding the Petition Date.

16. State whether you agree or disagree (and identify any disagreement) that Paramount has a right to an administrative claim under 11 U.S.C. § 503(b)(9) in the amount of $3,133,634.57.

DATED: November 23, 2009            KLEE, TUCHIN, BOGDANOFF & STERN LLP

By: _____
David M. Stern
Michael L. Tuchin
Korin A. Elliott
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel: (310) 407-4000
Email: dstern@ktbslaw.com

Attorneys for PARAMOUNT HOME
ENTERTAINMENT INC.

## CERTIFICATE OF SERVICE

I, Korin A. Elliott, hereby certify that a true and correct copy of the foregoing *Paramount Home Entertainment Inc.'s First Set of Interrogatories to Circuit City Stores, Inc., et al.* has been served upon the parties listed below via standard mail on this 23rd day of November, 2009.

*/s/    Korin A. Elliott*
Korin A. Elliott (kelliott@ktbslaw.com)

**Debtors' Counsel**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
One Rodney Square
10th and King Streets, 7th Fl.
Wilmington, DE  19801
Attn: Gregg M. Galardi

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
155 N. Wacker Drive
Chicago, IL  60606
Attn: Chris L. Dickerson
Attn: Jessica S. Kumar

MCGUIRE WOODS LLP
One James Center
901 E. Cary Street
Richmond, VA  23219
Attn: Douglas M. Foley
Attn: Sarah M. Boehm