Gregg M. Galardi, Esq.                 Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &        MCGUIREWOODS LLP
FLOM LLP                               One James Center
One Rodney Square                      901 E. Cary Street
PO Box 636                             Richmond, Virginia 23219
Wilmington, Delaware 19899-0636        (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - -x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC., :      Case No. 08-35653 (KRH)
et al.,                       :
                              :   Jointly Administered
                              :
            Debtors.          :
                              :   **Obj. Deadline: 1/19/10 at 5:00 p.m.**
                              :   **(Eastern)**
- - - - - - - - - - - - - - -x

**NOTICE OF PROPOSED SETTLEMENT WITH MARBLEGATE ASSET
MANAGEMENT, LLC REGARDING CLAIM NO. 1385**

        PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order Pursu-
ant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002,
9006, and 9019 Authorizing the Establishment of Procedures
to Settle Certain Pre-Petition and Post-Petition Claims and
Causes of Action Without Further Court Approval (D.I. 4401,
the "Order").[1]  A copy of the Order (without exhibits) is
annexed as Exhibit 1.

_____

[1]     Capitalized terms not otherwise defined herein shall have the
        meanings ascribed to such terms in the Order.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a settlement agreement and stipulation (the "Settlement") with Marblegate Asset Management, LLC ("Marblegate"), a copy of which is annexed as Exhibit 2.

### SUMMARY OF SETTLEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Order, the material terms of the Settlement are as follows:

(i)   The Proposed Settlement is a Tier I Settlement.

---

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]   This section of the notice constitutes a summary of the material terms of the Settlement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement in its entirety.  In the event there is a conflict between the notice and the Settlement, the Settlement shall control in all respects.

(ii)   The Settlement is between the Debtors and Marblegate Asset Management, LLC.

(iii)   Majesco Entertainment Company ("Majesco") filed proof of claim number 1385 ("Claim No. 1385") asserting a claim under 11 U.S.C. § 503(b)(9) in the amount of $153,600. Claim No. 1385 was subsequently transferred to Marblegate.

(iv)   On November 3, 2009, Marblegate filed its Motion of Marblegate Asset Management, LLC for Allowance and Payment of Administrative Expense Claim (Claim Number 1385) (the "Motion"), seeking allowance and payment of Claim No. 1385.

(v)   The Debtors' books and records reflect that the Debtors are owed accounts receivable amounts of $137,822.76 from Majesco relating to Claim No. 1385.  Upon their preliminary analysis, the Debtors also believe Majesco may have received certain transfers avoidable under chapter 5 of the Bankruptcy Code (the "Alleged Preferential Transfers").

(vi)   Pursuant to the Settlement, and in order to avoid the expense, delay and risk of litigation, the Debtors and Marblegate agree that Marblegate shall be granted an allowed administrative expense claim in the total amount of $15,777.24 in full and final satisfaction, compromise and settlement of Claim No. 1385.  Marblegate's Motion is deemed withdrawn on the effective date of the Settlement.

(vii)   The allowed administrative expense claim shall be paid on the earlier of (i) the Initial Distribution Date as defined in the Plan, (ii) the provisions of any other plan of liquidation confirmed by the Bankruptcy Court, or (iii) by further order of the Bankruptcy Court.

      (viii)   Additionally, the Settlement preserves all of the Debtors' rights to pursue the Alleged Preferential Transfers against Claim No. 1385, Marblegate, Majesco, and any other parties involved in the transfers of Claim No. 1385.

**TIME AND PLACE FOR FILING OBJECTIONS OR REQUESTING ADDITIONAL INFORMATION OR TIME TO CONSIDER THE SETTLEMENT**

      PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Settlement.

      PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be <u>in writing</u> and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (see information below) by no later than **January 19, 2010 at 5:00 p.m. (Eastern)** (the "Objection Deadline").   Each Objection or Request must be served on (i) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F. Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

      PLEASE TAKE FURTHER NOTICE that if you object to the Settlement and you do not want the Debtors to proceed with Settlement or you want the Court to consider your views concerning such Settlement, you or you attorney must also:

      file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or

electronically ([www.vaeb.uscourts.gov](www.vaeb.uscourts.gov)), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before January 19, 2010 at 5:00 p.m. (Eastern)**

Any Objection to a Settlement must be submitted by the method described in the foregoing sentence.  Objections will be deemed filed only when actually received at the address listed above.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Settlement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested.  Each Notice Party may only make one Request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any), the **Debtors shall be authorized to enter into and consummate the Settlement without further order of the Court or any other action by the Debtors**.


Dated: January 8, 2010  
       Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP  
Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
P.O. Box 636  
Wilmington, Delaware 19899-0636 (302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP  
Chris L. Dickerson, Esq.  
155 North Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley  
Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000

Counsel for Debtors and Debtors in Possession

**EXHIBIT 1**

**(Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.            Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.           Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                         One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
                           :
In re:                     :    Chapter 11
                           :
CIRCUIT CITY STORES, INC., :    1Case No. 08-35653 (KRH)
et al.,                    :
                           :
            Debtors.       :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

            Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]    Each capitalized term not otherwise defined herein shall have the
       meaning ascribed to it in the Motion.



of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 9006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the establishment of procedures to settle certain pre-petition and post-petition claims and causes of action without further court approval; and the Court having reviewed the Motion; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed, due, proper and adequate notice of the Motion has been given in accordance with the Case Management Order and that no other or further notice is necessary;

2.    The Notice Procedures are fair, reasonable, and appropriate.

3.    The Settlement Procedures are fair reasonable, and appropriate.

4.    The Notice and Settlement Procedures were proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   <u>Tier II</u> With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of <u>Exhibit A</u> attached hereto;
<u>provided</u>, <u>further</u>, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; <u>provided</u>, <u>further</u>, that, if applicable, KCC

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.  Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.  Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18. In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19. The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear and determine all matters arising from or related to the Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
Aug 7 2009_____, 2009

/s/ Kevin R. Huennekens

UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:                    Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement)**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB
SKADDEN, ARPS, SLATE,           No. 34364)
MEAGHER & FLOM, LLP             MCGUIREWOODS LLP
One Rodney Square               One James Center
PO Box 636                      901 E. Cary Street
Wilmington, Delaware            Richmond, Virginia 23219
19899-0636                      (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
        Debtors.              :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG
THE DEBTORS AND MARBLEGATE ASSET MANAGEMENT, LLC
(REGARDING CLAIM NO. 1385)**

This settlement agreement and stipulation (the

"Settlement Agreement") is entered into this 31st day of

December, 2009 by and between Circuit City Stores, Inc.

and its affiliated debtors and debtors-in-possession

(collectively, the "Debtors"), on the one hand, and

Marblegate Asset Management, LLC ("Marblegate" and

together with the Debtors, the "Parties" and each of

which is a "Party"), on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors filed voluntary petitions in the

United States Bankruptcy Court for the Eastern District

of Virginia (the "Court") under chapter 11 of title 11

of the United States Code (the "Bankruptcy Code").

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code.

WHEREAS, on November 12, 2008, the Office of

the United States Trustee for the Eastern District of

Virginia appointed a statutory committee of unsecured

creditors (the "Creditors' Committee").

WHEREAS, to date, no trustee or examiner has

been appointed in these chapter 11 cases.

WHEREAS, on January 16, 2009, the Court

authorized the Debtors, among other things, to conduct

going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  The going out of business sales concluded on or about March 8, 2009.

WHEREAS, the Debtors are authorized pursuant to the Court's Order under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval, dated August 7, 2009 (D.I. 4401; the "Settlement Procedures Order"),[1] to enter into this Settlement Agreement, subject to the Notice Procedures.

---

[1]   All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Procedures Order.

## SETTLEMENT BACKGROUND

WHEREAS, Majesco Entertainment Company ("Majesco") filed a proof of claim number 1385 ("Claim No. 1385") on December 19, 2008 asserting a Section 503(b)(9) administrative expense priority claim in the amount of $153,600.00.

WHEREAS, Majesco transferred Claim No. 1385 to Longacre Opportunity Fund, L.P. ("Longacre") on August 27, 2009 and filed with the Court its Notice of Transfer of Claim (the "Longacre Notice of Transfer") on September 1, 2009.  The Longacre Notice of Transfer was docketed in case number 08-35653 at docket number 4740.

WHEREAS, Longacre transferred Claim No. 1385 to Marblegate Special Opportunities Master Fund, L.P. on August 27, 2009 and filed with the Court its Notice of Transfer of Claim (the "Marblegate Notice of Transfer" and, together with the Longacre Notice of Transfer, the "Claim No. 1385 Notices of Transfer") on September 21, 2009.  The Marblegate Notice of Transfer was docketed in case number 08-35653 at docket number 5038.

WHEREAS, on November 3, 2009, Marblegate, as the investment manager of Marblegate Special

4

Opportunities Master Fund, L.P., filed with the Court

its Motion for Marblegate Asset Management, LLC for

Allowance and Payment of Administrative Expense Claim

(Claim Number 1385) (the "Motion"), which Motion

asserted a Section 503(b)(9) administrative expense

priority claim in the amount of $153,600.00.  The Motion

was docketed in case number 08-35653 at docket number

5430.

WHEREAS, the Debtors' books and records

reflect $137,822.76 in accounts receivable amounts due

and owing to the Debtors relating to Claim No. 1385 and

initially accrued on account of Majesco.

WHEREAS, the Debtors contend that the

$137,822.76 in accounts receivable allegedly due and

owing should be set off against the amounts asserted in

Claim No. 1385 (the "Potential Offset Claim").

WHEREAS, based on an initial analysis by the

Debtors and their financial advisors, the Debtors

believe that Majesco may have received transfers

avoidable under Chapter 5 of the Bankruptcy Code, in an

amount not less than $7,507.05 (the "Alleged

Preferential Transfers").

5

WHEREAS, the Parties have engaged in discussions with respect to resolution of the Motion and Claim No. 1385 including the Potential Offset Claim and the Alleged Preferential Transfers and, in order to avoid the costs and expenses of litigation, the Parties wish to resolve their differences as to the Motion, Claim No. 1385, the Potential Offset Claim, the Alleged Preferential Transfers and related matters in their entirety as set forth herein.

NOW, THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    The Parties represent that they have engaged in arms' length negotiations to arrive at this Settlement Agreement.  As a result of such negotiations, the Debtors agree to grant, and Marblegate agrees to accept, an allowed administrative expense priority claim under Section 503(b)(9) in the total amount of $15,777.24 (the "Allowed Administrative Expense Claim") in full and final satisfaction, compromise and

6

settlement of Claim No. 1385 and any and all other
claims that have been, may have been, or could have been
asserted by Marblegate or any other party against the
Debtors and/or their estates regarding Claim No. 1385,
in accordance with the terms of this Settlement
Agreement.

2.    Notwithstanding any other term of this
Settlement Agreement, the Debtors, or any successors,
shall make payment of the Allowed Administrative Expense
Claim on the earlier of (i) the Initial Distribution
Date as defined in the First Amended Joint Plan of
Liquidation of Circuit City Stores, Inc. and Its
Affiliated Debtors and Debtors in Possession and Its
Official Committee of Creditors Holding General
Unsecured Claims (as amended or modified, the "Plan"),
(ii) pursuant to the provisions of any other plan of
reorganization or plan of liquidation confirmed by the
Bankruptcy Court, or (iii) in accordance with further
order of the Court.

3.    With respect to Claim No. 1385 and this
Settlement Agreement, the Debtors release and waive any
claims to delay, withhold or otherwise not pay the

Allowed Administrative Expense Claim, including any
temporary disallowance under section 502 of the
Bankruptcy Code, in accordance with the terms of this
Settlement Agreement; provided, however, that this
limited release and waiver is not intended to be, and
shall be not be construed as, a general release.

4.    Except as otherwise expressly provided
herein, the Debtors reserve any and all legal and
equitable rights, claims, causes of action, remedies,
defenses, and arguments relating to and with respect to
(i) Claim No. 1385, (ii) Majesco, (iii) Marblegate and
(iv) any other buyer, seller, assignor, assignee,
intermediary or transacting party identified in the
Claim No. 1385 Notices of Transfer; provided further
that the Debtors reserve any and all rights to pursue
claims and causes of action under Chapter 5 of the
Bankruptcy Code on account of the Alleged Preferential
Transfers as against each of (i) Claim No. 1385, (ii)
Majesco, (iii) Marblegate and (iv) any other buyer,
seller, assignor, assignee, intermediary or transacting
party identified in the Claim No. 1385 Notices of
Transfer.

5.   Notwithstanding anything to the contrary in this Settlement Agreement, Marblegate and the Debtors agree that nothing herein shall be deemed to be or construed as an impairment, waiver, or relinquishment of, or effect, impair, waive, or relinquish, the Debtors' rights to recover the Alleged Preferential Transfers under chapter 5 of the Bankruptcy Code. Marblegate expressly and forever waives any defense that this Settlement Agreement, any of its terms, or any order approving this Settlement Agreement in any way effected, impaired, waived, or relinquished such rights; provided, however, that Marblegate reserves all rights to raise any and all counterclaims and defenses based upon any action brought against Marblegate to recover the Alleged Preferential Transfers.

6.   Notwithstanding anything to the contrary in this Settlement Agreement, Marblegate and the Debtors specifically acknowledge and agree that this Settlement Agreement is not intended to, and does not, release or otherwise affect in any way any actual claims or causes of action (or potential claims or causes of action similar in nature or type to such actual claims or

9

causes of action) now or hereinafter asserted in, based on, or relating to the multi-district litigation captioned *In re: TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 (N.D. Cal.) and the actions consolidated therein (the "MDL Proceeding").

7.    The Motion shall be deemed withdrawn on the Effective Date (as defined below) of this Settlement Agreement.

8.    Nothing contained in this Settlement Agreement shall be deemed an admission of liability on the part of the Debtors or Marblegate with respect to the matters resolved herein.

9.    Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (a) to obtain approval of and/or to enforce any of the terms of this Settlement Agreement or (b) to seek damages or injunctive relief in connection therewith.

10.   Each of the Parties hereto shall execute and deliver, or cause to be executed and delivered, such documents and shall do, or cause to be done, such other acts and things as might reasonably be requested by any Party to this Settlement Agreement to assure that the benefits of this Settlement Agreement are realized by the Parties.

11.   No provision of this Settlement Agreement is intended to confer any rights, benefits, releases, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors.

12.   This Settlement Agreement shall be governed by and construed in accordance with the internal laws of the State of Virginia without regard to any choice of law provisions.

13.   This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

14.   This Settlement Agreement constitutes the entire agreement and understanding of the Parties

11

regarding the Settlement Agreement and the subject matter thereof and supersedes all prior discussions, negotiations and understandings between the Parties regarding such subject matter.

15.   The Court shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

16.   Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement.   The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

17.   This Settlement Agreement is effective (the "Effective Date") upon the later of (i) execution

12

by both Parties and (ii) the expiration of the

applicable Notice Period.

18.   This Settlement Agreement shall not be

modified, altered, amended or vacated without the

written consent of all Parties hereto and an order of

the Court.

[SIGNATURES APPEAR ON FOLLOWING PAGES]

13

IN WITNESS WHEREOF, the Parties have set their
hands in agreement as of the date written above.


**CIRCUIT CITY STORES, INC.**

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

*Counsel for Circuit City Stores, Inc.,*
*et al., Debtors and Debtors-in-Possession*

14

**MARBLEGATE ASSET MANAGEMENT, LLC**

By:
SPOTTS FAIN PC
Neil E. McCullagh, Esq. (VSB No. 39027)
Jennifer J. West, Esq. (VSB No. 47522)
Erin E. Kessel, Esq. (VSB No. 65350)
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Phone: (804)697-2000
Fax: (804)697-2100

        - and -

DIAMOND McCARTHY LLP

/s/ Christopher A. Provost_____        _
Christopher A. Provost
Stephen T. Loden
Jason B. Porter
620 Eighth Avenue, 39th Floor
New York, New York 10018
Phone: (212)430-5400
Fax:  (212)430-5499

*Counsel for Marblegate Asset Management,
LLC*