Lawrence M. Schwab, Esq. (CA Bar No. 085600)
Kenneth T. Law, Esq. (CA Bar No. 111779)
Thomas M. Gaa, Esq. (CA Bar No. 130720)
BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 857-9500
Facsimile (650) 494-2738

Christopher L. Perkins (VSB No. 41783)
LECLAIRRYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219
Telephone: (804) 783-2003
Facsimile: (804) 783-2994

Attorneys for PLANTRONICS, INC.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DISTRICT

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., | ) | Case No.: 08-35653 (KRH) |
| et al., | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| _____ | ) | |

## OPPOSITION OF PLANTRONICS, INC. TO DEBTORS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO CERTAIN CLAIMS SUBJECT TO (I) THE DEBTORS' NINETEENTH OMNIBUS OBJECTION TO CLAIMS (RECLASSIFICATION OF CERTAIN MISCLASSIFED CLAIMS TO GENERAL UNSECURED, NON-PRIORITY CLAIMS) AND (II) THE DEBTORS' THIRTY-THIRD OMNIBUS OBJECTION TO CLAIMS (MODIFICATION AND/OR RECLASSIFICATION OF CERTAIN CLAIMS)

I.      **Introduction**

Plantronics, Inc. ("**Plantronics**") hereby joins Denon Electronics (USA) LLC,

Boston Acoustic, Inc. and Paramount Home Entertainment, Inc.'s (hereinafter,

collectively, "**Respondents**") Opposition to the Debtors' Motion for Summary Judgment

and Memorandum of Law in Support of Motion for Summary Judgment With Respect to

Certain Claims Subject To (I) The Debtors' Nineteenth Omnibus Objection To Claims

(Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority

Claims) and (II) The Debtors' Thirty-Third Omnibus Objection to Claims (Modification

and/or Reclassification of Certain Claims) (hereinafter the "**Debtors' Motion**") and

incorporates herein the arguments made by the Respondents in their respective pleadings.

In addition, Plantronics asserts that the Debtors have failed to show that there are no

genuine issues of material fact as to whether Plantronics has an administrative or

reclamation claim. As a result, Debtors' Motion seeking summary judgment and to

reclassify Plantronics' claim to an unsecured, non-priority claim should be denied.


II.    **Factual Background**

On November 10, 2008, the Debtors commenced their respective cases under

Chapter 11 of the Bankruptcy Code in this Court. On November 10, 2008 and again on

December 11, 2008, Plantronics served Reclamation Demands on the Debtors. Neither

of these Reclamation Demands have been resolved nor have the Debtors provided any

information regarding the whereabouts or location of the goods subject to the

Reclamation Demands.

On December 18, 2009, the Debtors filed the Debtors' Motion, *inter alia*, to

reclassify Plantronics' Reclamation Claim from an administrative claim to an unsecured,

non-priority claim on the grounds that Bankruptcy Code Section 546(c) does not provide

for an administrative claim and that the inventory was secured by prior liens.

III.    **Argument**

Plantronics joins and adopts the arguments contained in Respondents' Opposition Briefs to the Debtors' Motion. The basis for denying summary judgment has been well briefed in the pleadings already before the Court. In addition to the arguments in Respondents' Opposition Briefs, the Debtors' Motion should be denied because they have not met the predicate threshold requirement for granting summary judgment: that is, all "material facts" have been established as undisputed. Even the Debtors' "Statement of Material Facts" (Debtors' Motion at 5-8) does not meet this threshold requirement in that no undisputed facts related to the status or classification of the Respondents' claims are recited as evidence. Thus the Debtors' Motion must fail. *See Fed. R. Civ. P. 56*.

A "material fact" is a fact that could affect the outcome of the case. *See, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202(1986); *Puckett v. City of Portsmouth*, 391 F. Supp.2d 423, 430 (E.D. Va 2005). For example, for the Debtors' to prevail on its prior lien defense, they would have to prove that Plantronics' goods were part of the inventory at the time of the DIP financing referred to in the Debtors' Motion. This fact remains disputed and is the subject of ongoing discovery. In fact, the Debtors have never provided any information as to the location, transfer or sale of Plantronics' goods at anytime in this case despite receiving Plantronics' reclamation demand on the bankruptcy petition date.

Assuming *arguendo* that the Court agrees with the Debtors' assertion that Bankruptcy Code § 546 no longer allows the reclaiming seller an administrative claim for goods received by the Debtors 21-45 days prior to the filing of the bankruptcy petition, Plantronics may still have an administrative claim if it can establish a benefit to the

3

estate. *See* 11 U.S.C. § 503(b)(1). Since no information has ever been given to

Plantronics regarding the whereabouts, location and transfer of its goods (material facts

that are solely in the possession of the Debtors), a disputed fact exists as to whether the

estate received a benefit from the use of such goods. If the facts show that the Debtors

did receive a benefit from the use of the goods, then Plantronics is entitled to an

administrative claim.

### Conclusion

For the foregoing reasons, Debtors' Motion for Summary Judgment should be

denied.

Dated: January 11, 2010                          PLANTRONICS, INC.
       Richmond, VA

                                      /s/ Christopher L. Perkins
                                      Counsel

Christopher L. Perkins (VSB No. 41783)
LECLAIRRYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219
Telephone: (804) 783-2003
Facsimile: (804) 783-2994
Email: cperkins@leclairryan.com

Lawrence M. Schwab (CA Bar No. 085600)
Kenneth T. Law (CA Bar No.111779)
Thomas M. Gaa (CA Bar No. 130720)
BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 857-9500
Facsimile: (650) 494-2738
Email: klaw@bbslaw.com

Counsel for Plantronics, Inc.

## CERTIFICATE OF SERVICE

Pursuant to the *Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures* entered on November 13, 2008 [Docket No. 130], I hereby certify that on this 11th day of January 2010 the foregoing was served upon the following parties via electronic mail.

Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
Attn: Gregg M. Galardi
Attn: Jan S. Fredericks

McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Attn: Douglas M. Foley

Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Chicago, IL 60606
Attn: Chris L. Dickerson

I further certify that the original of the foregoing was filed with the Court via the Clerk's CM/ECF electronic filing system on January 11, 2010.

/s/ Christopher L. Perkins
Counsel