William H. Schwarzschild, III - VSB No. 15274
W. Alexander Burnett – VSB No. 68000
WILLIAMS, MULLEN
Two James Center, 16th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia 23218-1320
Phone: (804) 783-6489
FAX: (804) 783-6507
Email: tschwarz@williamsmullen.com
aburnett@williamsmullen.com

John M. Brom
QUERREY & HARROW, LTD.
175 West Jackson Boulevard
Suite 1600
Chicago, Illinois 60604-2827
Tel: 312.540.7146
Fax 312.540.0578
jbrom@querrey.com

*Counsel for LumiSource, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| CIRCIT CITY STORES, INC., *et al.* | ) | |
| | ) | Case No. 08-35653 - KRH |
| Debtors. | ) | |
| | ) | Jointly Administered |

**JOINDER OF LUMISOURCE, INC. TO: (A) THE OPPOSITION OF PARAMOUNT HOME ENTERTAINMENT INC. TO DEBTORS' MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO CERTAIN CLAIMS SUBJECT TO THE DEBTORS' NINETEENTH AND THIRTY-THIRD OMNIBUS OBJECTIONS TO CLAIMS; AND (B) DENON ELECTRONICS (USA) LLC AND BOSTON ACOUSTIC, INC.'S OPPOSITION TO DEBTORS' MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO CERTAIN CLAIMS SUBJECT TO THE DEBTOR'S NINETEENTH AND THIRTY-THIRD OMNIBUS OBJECTION TO CLAIMS**

LumiSource, Inc. ("LumiSource"), a creditor in this case, by counsel, hereby joins in (A) the Opposition of Paramount Home Entertainment Inc. to Debtors' Motion for Summary Judgment With Respect to Certain Claims Subject to the Debtors' Nineteenth and Thirty-Third Omnibus Objections to Claims ("Paramount's Opposition") [Docket No. 6237] and in (B) Denon Electronics (USA) LLC And Boston Acoustic, Inc.'s Opposition to Debtors' Motion for Summary Judgment With Respect to Certain Claims Subject to (i) the Debtor's Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims) and (ii) the Debtors' Thirty-Third Omnibus Objection to the

Claims (Modification and/or Reclassification of Certain Claims) ("Denon's Opposition") [Docket No. 6236] and states as follows:

1. On or about November 10, 2008, the Debtors filed a motion seeking an order establishing procedures for reclamation demands made in this case. [Docket No. 14].

2. The Debtors received the goods sold by LumiSource within the 45 days prior to the commencement of this case, at a time when, on information and belief, the Debtors were insolvent, and LumiSource issued a reclamation demand in accordance with this Court's order of November 13, 2008 (the "Order")[Docket No. 133].

3. On or about November 28, 2008, LumiSource filed an objection to the Order [Docket No. 504], which was resolved in part by the addition of language in the Final Order Establishing Procedures for Reclamation Demands [Docket No. 897] that preserved the rights of reclamation claimants, including LumiSource, in the proceeds of the goods subject to the reclamation claimant's reclamation demand. See Paragraph 6 of the Final Order Establishing Procedures for Reclamation Demands [Docket No. 897].

4. Since LumiSource can recover against the proceeds of the sale of its goods, this Court should apply the doctrine of marshaling. The doctrine of marshaling rests upon the principle that a creditor having two funds to satisfy his debt, may not by his application of them to his demand, defeat another creditor, who may resort to only one of the funds. Meyer v. United States, 375 U.S. 233, 236 (1963) (quoting Sowell v. Fed. Reserve Bank, 268 U.S. 449, 456-57 (1925)). The Supreme Court in Meyer discussed the extent and fundamental function of the doctrine of marshaling:

> In considering the relevance of the doctrine here it is well to remember that marshaling is not bottomed on the law of contracts or liens. It is founded instead in equity, being designed to promote fair dealing and justice. Its purpose is to prevent the arbitrary action of a senior lienor

> from destroying the rights of a junior lienor or a creditor having less security. It deals with the rights of all who have an interest in the property involved and is applied only when it can be equitably fashioned as to all of the parties.

375 U.S. at 237. Bankruptcy courts have the equitable power to order the marshaling of assets in a bankruptcy case or proceeding. In re Larry's Equip. Serv., Inc., 23 B.R. 132, 133 (Bankr.D.Me.1982).

5. Additionally, LumiSource adopts the grounds and authorities set forth in Paramount’s Opposition and Denon’s Opposition as its response to Debtors’ motion for summary judgment.

6. LumiSource deems the Motion for Summary Judgment premature on the basis of the grounds, authorities and arguments set forth in Paramount’s Opposition and in Denon’s Opposition.

7. Additionally, LumiSource reserves the right to rely on the arguments and authorities contained in the responses of other creditors filed in response to the Debtor’s motion for summary judgment. Nothing herein should be construed as conceding any of Debtors’ arguments that it is entitled to treat LumiSource’s reclamation claim as a general unsecured claim. To the contrary, LumiSource denies that Debtors have a valid basis to object to its reclamation claim and the conversion of same to a general unsecured claim.

LUMISOURCE, INC.

By: */s/ W. Alexander Burnett*
Counsel

William H. Schwarzschild, III - VSB No. 15274
W. Alexander Burnett – VSB No. 68000
WILLIAMS, MULLEN
Two James Center, 16th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia 23218-1320
(804) 783-6489
(804) 783-6507

and

John M. Brom
QUERREY & HARROW, LTD.
175 West Jackson Boulevard
Suite 1600
Chicago, Illinois 60604-2827
Tel: 312.540.7146
Fax 312.540.0578
jbrom@querrey.com

*Counsel for LumiSource, Inc.*

7254972_1.DOC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing Joinder of LumiSource, Inc. was filed and served this 11th day of January, 2010, electronically using the Court's ECF System, was sent by electronic mail to circuitcityservice@mcguirewoods.com and project.circuitcity@skadden.com, and was sent by first class mail, postage prepaid, to the entities at the addresses indicated below:

Douglas M. Foley, Esq.
McGuireWoods LLP
9000 World Trade Center, 101 W. Main St.
Norfolk, VA 23510

Dion W. Hayes, Esq.
McGuireWoods LLP
One James Center, 901 E. Cary St.
Richmond, VA 23219

Gregg Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden Arps, Slate Meagher & Flom LLP
One Rodney Square
Box 636
Wilmington, Delaware 19899

Chris L. Dickerson, Esq.
Skadden Arps, Slate Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL 60606

*Counsel for the Debtors*

Robert B. Van Arsdale, Esq.
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

*Office of the U.S. Trustee for the Eastern District of Virginia, Richmond Division*

Jeffrey N. Pomerantz, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067

Robert J. Feinstein
Pachulski Stang Ziehl & Jones LLP
780 Third Ave., 36th Floor
New York, NY 10017

*Counsel for the Creditor's Committee*

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

*Counsel for the Official Committee of Unsecured Creditors*

David S. Berman, Esq.
Reimer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, MA 02108

*Counsel to Prepetition Lenders/Counsel to Postpetition Lenders*

*/s/ W. Alexander Burnett*
By: ________________________________