Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM LLP                              One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

               IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - -x
In re:                            :    Chapter 11
                                  :
CIRCUIT CITY STORES, INC.,        :    Case No. 08-35653 (KRH)
et al.,                           :
                                  :    Jointly Administered
                     Debtors.     :
                                  :    **Obj. Deadline: 1/19/10 at 5:00 p.m.**
                                  :    **(Eastern)**
- - - - - - - - - - - - - - -x

### NOTICE OF PROPOSED SETTLEMENT WITH THE COLUMBUS DISPATCH

          PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order Pursu-
ant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002,
9006, and 9019 Authorizing the Establishment of Procedures
to Settle Certain Pre-Petition and Post-Petition Claims and
Causes of Action Without Further Court Approval (D.I. 4401,
the "Order").[1]  A copy of the Order (without exhibits) is
annexed as Exhibit 1.

---

[1]      Capitalized terms not otherwise defined herein shall have the
         meanings ascribed to such terms in the Order.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and consent order (the "Settlement") with The Columbus Dispatch ("Columbus"), a copy of which is annexed as <u>Exhibit 2</u>.

### SUMMARY OF SETTLEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Order, the material terms of the Settlement are as follows:

(i)  The Proposed Settlement is a Tier I Settlement.

(ii)  The Settlement is between the Debtors and The Columbus Dispatch.

---

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]  This section of the notice constitutes a summary of the material terms of the Settlement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement in its entirety.  In the event there is a conflict between the notice and the Settlement, the Settlement shall control in all respects.

2

(iii)  On June 30, 2009, Columbus filed the Motion of The Columbus Dispatch For Allowance Of Administrative Expense Claim Pursuant To 11 U.S.C. § 503(b)(1) (the "Motion") (D.I. 3872), seeking allowance of an administrative expense claim in the amount of $37,074.42. On July 1, 2009, Columbus filed the Amended Motion of The Columbus Dispatch For Allowance Of Administrative Expense Claim Pursuant To 11 U.S.C. § 503(b)(1) (the "Amended Motion") (D.I. 3874), seeking allowance of an administrative expense claim in the amount of $37,074.42.  On July 31, 2009, Columbus filed the Amended Motion of The Columbus Dispatch For Allowance Of Administrative Expense Claim Pursuant To 11 U.S.C. § 503(b)(1)(A) (the "Second Amended Motion") (D.I. 4358), seeking allowance of an administrative expense claim in the amount of $82,001.44.

(iv)  By proofs of claim numbers 14161 ("Claim No. 14161"), 14426 ("Claim No. 14426"), 14462 ("Claim No. 14462"), 14542 ("Claim No. 14542"), and 14634 ("Claim No. 14634", and, together with Claim No. 14161, Claim No. 14426, Claim No. 14462 and Claim No. 14542, the "Proofs of Claim"), Columbus asserts the same liabilities in the same amounts as it asserts in the Motion, the Amended Motion, and the Second Amended Motion.

 (v)  Pursuant to the Settlement, and in order to avoid the expense, delay and risk of litigation, the Debtors and Columbus agree that each of the Proofs of Claim is disallowed in its entirety; except that Claim No. 14542 is allowed as an administrative expense priority claim in the Debtors' bankruptcy cases in the total amount of $82,001.44 (the "Allowed Administrative Expense Claim").  Any other amounts asserted by Columbus in the Motion, the Amended Motion, the Second Amended Motion or the Proofs of Claim are denied.

(vi)  Columbus shall have no other pre-
petition or post-petition administrative ex-
pense priority claims in the Debtors' bank-
ruptcy cases.

(vii)  The Debtors shall make payment of the
Allowed Administrative Expense Claim on the
Initial Distribution Date as defined in the
First Amended Joint Plan of Liquidation of
Circuit City Stores, Inc. and Its Affiliated
Debtors and Debtors in Possession and Its Of-
ficial Committee of Creditors Holding General
Unsecured Claims (the "Plan") or, if the Plan
is not confirmed, then in accordance with
further order of the Court.

(viii)  The Settlement preserves all of the
Debtors' rights to pursue any potential
claims and causes of action, including poten-
tial actions under chapter 5 of the bank-
ruptcy Code, that the Debtors may have
against Columbus.

**TIME AND PLACE FOR FILING OBJECTIONS OR REQUESTING ADDI-
TIONAL INFORMATION OR TIME TO CONSIDER THE SETTLEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Order, any Notice Party may ob-
ject (each an "Objection") to or request additional time or
information (each a "Request") to evaluate the Settlement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be in writing and received by counsel to
the Debtors and counsel to the Official Committee of Unse-
cured Creditors (see information below) by no later than
**January 19, 2010 at 5:00 p.m. (Eastern)** (the "Objection
Deadline").  Each Objection or Request must be served on (i)
the attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wil-
mington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and
(b) McGuireWoods LLP, One James Center, 901 E. Cary Street,
Richmond, VA  23219, Attn: Douglas M. Foley
(dfoley@mcguirewoods.com) and Daniel F. Blanks

([dblanks@mcguirewoods.com](mailto:dblanks@mcguirewoods.com)), and (ii)(a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz ([jpomerantz@pszjlaw.com](mailto:jpomerantz@pszjlaw.com)) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein ([rfeinstein@pszjlaw.com](mailto:rfeinstein@pszjlaw.com)).

PLEASE TAKE FURTHER NOTICE that if you object to the Settlement and you do not want the Debtors to proceed with Settlement or you want the Court to consider your views concerning such Settlement, you or you attorney must also:

file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically ([www.vaeb.uscourts.gov](http://www.vaeb.uscourts.gov)), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before January 19, 2010 at 5:00 p.m. (Eastern)**

Any Objection to a Settlement must be submitted by the method described in the foregoing sentence. Objections will be deemed filed only when actually received at the address listed above.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Settlement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any), the **Debtors shall be authorized to enter into and consummate the Settlement without further order of the Court or any other action by the Debtors**.

Dated: January 11, 2010
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636 (302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

**EXHIBIT 1**

**(Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                                :
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   1Case No. 08-35653 (KRH)
et al.,                         :
                                :
            Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

        Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.



of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 9006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the establishment of procedures to settle certain pre-petition and post-petition claims and causes of action without further court approval; and the Court having reviewed the Motion; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1. Based on the affidavits of service filed, due, proper and adequate notice of the Motion has been given in accordance with the Case Management Order and that no other or further notice is necessary;

2. The Notice Procedures are fair, reasonable, and appropriate.

3. The Settlement Procedures are fair reasonable, and appropriate.

4. The Notice and Settlement Procedures were proposed in good faith.

2

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.  Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as applicable, in an amount greater than $500,000.

12.    Subject to the Notice Procedures, the Debtors are authorized to compromise and settle Cause of Action and Receivable Claims as follows:

(a)    <u>Tier I</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court. The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value (i) equal to or greater than seventy-five percent (75%) of the Debtors' original reasonable estimate of the Cause of Action and Receivable Claim amount and (ii) equal to or less than $1,000,000.

(b)    <u>Tier II</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court. The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value equal to (i) more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

9

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.  Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.  Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.  In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.  The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear
and determine all matters arising from or related to the
Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
 Aug 7 2009_____, 2009

                    /s/ Kevin R. Huennekens
                    UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:              Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement)**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
                           :
In re:                     :   Chapter 11
                           :
CIRCUIT CITY STORES, INC., :   Case No. 08-35653 (KRH)
et al.,                    :
                           :
            Debtors.       :   Jointly Administered
- - - - - - - - - - - - - - x

**STIPULATION AND CONSENT ORDER RESOLVING CERTAIN MOTIONS
OF THE COLUMBUS DISPATCH FOR ALLOWANCE OF ADMINISTRATIVE
     EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(B)(1)**

          This Stipulation and Consent Order (the

"Stipulation and Consent Order") is made and entered

into by The Columbus Dispatch ("Columbus") and Circuit

City Stores, Inc. ("Circuit City") and its related

Chapter 11 debtors (collectively with Circuit City, the "Debtors").

WHEREAS, prior to November 10, 2008 (the "Petition Date"), Columbus provided to the Debtors certain advertising services designed to assist the Debtors in conducting their business; and

WHEREAS, on and after the Petition Date, Columbus continued to publish advertisements regarding the Debtors' business; and

WHEREAS, on June 30, 2009, Columbus filed the Motion of The Columbus Dispatch For Allowance Of Administrative Expense Claim Pursuant To 11 U.S.C. § 503(b)(1) (the "Motion") (D.I. 3872), seeking allowance of an administrative expense claim in the amount of $37,074.42; and

WHEREAS, on July 1, 2009, Columbus filed the Amended Motion of The Columbus Dispatch For Allowance Of Administrative Expense Claim Pursuant To 11 U.S.C. § 503(b)(1) (the "Amended Motion") (D.I. 3874), seeking allowance of an administrative expense claim in the amount of $37,074.42; and

WHEREAS, on July 31, 2009, Columbus filed the Amended Motion of The Columbus Dispatch For Allowance Of

2

Administrative Expense Claim Pursuant To 11 U.S.C. §
503(b)(1)(A) (the "Second Amended Motion") (D.I. 4358),
seeking allowance of an administrative expense claim in
the amount of $82,001.44; and

WHEREAS, by proofs of claim numbers 14161
("Claim No. 14161"), 14426 ("Claim No. 14426"), 14462
("Claim No. 14462"), 14542 ("Claim No. 14542"), and
14634 ("Claim No. 14634", and, together with Claim No.
14161, Claim No. 14426, Claim No. 14462 and Claim No.
14542, the "Proofs of Claim"), Columbus asserts the same
liabilities in the same amounts as it asserts in the
Motion, the Amended Motion, and the Second Amended
Motion.

WHEREAS, Columbus and the Debtors have agreed
to resolve the issues raised in the Motion, the Amended
Motion, the Second Amended Motion and the Proofs of
Claim in accordance with the terms of this Stipulation
and Consent Order.

NOW, THEREFORE, Columbus and the Debtors
hereby STIPULATE AND AGREE, and it is hereby ORDERED,
ADJUDGED AND DECREED by the United States Bankruptcy
Court for the Eastern District of Virginia (the
"Bankruptcy Court"), as follows:

1.   The Motion, the Amended Motion, and the
Second Amended Motion are hereby resolved as set forth
in this Stipulation and Consent Order.

2.   Each of the Proofs of Claim is hereby
disallowed in its entirety; _except_ _that_ Claim No. 14542
is hereby allowed as an administrative expense priority
claim in the Debtors' bankruptcy cases in the total
amount of $82,001.44 (the "Allowed Administrative
Expense Claim").  Any other amounts asserted by Columbus
in the Motion, the Amended Motion, the Second Amended
Motion or the Proofs of Claim are hereby denied.

3.   The Debtors shall make payment of the
Allowed Administrative Expense Claim on the Initial
Distribution Date as defined in the First Amended Joint
Plan of Liquidation of Circuit City Stores, Inc. and Its
Affiliated Debtors and Debtors in Possession and Its
Official Committee of Creditors Holding General
Unsecured Claims (the "Plan") or, if the Plan is not
confirmed, then in accordance with further order of the
Court.

4.   Columbus shall have no other pre-petition
or post-petition administrative expense priority claims
in the Debtors' bankruptcy cases; _provided_, _however_,

4

that nothing herein shall preclude Columbus from

asserting general unsecured claims in the Debtors'

bankruptcy cases; provided further, however, that any

and all rights and defenses, including without

limitation setoff and/or recoupment, that the Debtors

may have to object to any claims asserted by Columbus,

other than the Allowed Administrative Expense Claim, are

expressly reserved and preserved.

5.    The Debtors and their estates expressly

reserve any and all rights, claims and causes of action

(known or unknown) they may have against Columbus,

including without limitation any and all claims and

causes of action they may have against Columbus arising

under chapter 5 of the Bankruptcy Code, including but

not limited to sections 542, 544, 545, 547, 548, 549 and

550.

6.    Upon entry by the Bankruptcy Court, this

Stipulation and Consent Order shall be binding upon and

shall inure to the benefit of Columbus and the Debtors

and each of their respective successors and assigns.

7.    This Stipulation and Consent Order

contains the entire agreement and understanding between

Columbus and the Debtors with respect to the subject

matter hereof, and supersedes and replaces all prior negotiations or proposed agreements, written or oral.

        8.    The Bankruptcy Court shall retain exclusive jurisdiction to hear and determine all matters relating to or arising from this Stipulation and Consent Order.

DATED: _____,2010

_____
Honorable Kevin R. Huennekens
United States Bankruptcy Judge

                                        ENTERED ON DOCKET:


WE ASK FOR THIS:

SKADDEN, ARPS, SLATE,                   WOLCOTT RIVERS GATES
MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.                  /s/ Steven L. Brown_____
Ian S. Fredericks, Esq.                 Steven L. Brown
P.O. Box 636                            Convergence Center IV
Wilmington, DE 19898                    301 Bendix Road, Suite 500
(302) 651-3000                          Virginia Beach, VA 23452
                                        Tel: (757) 497-6633
and
                                        *Counsel for The Columbus*
                                        *Dispatch*
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606

        and

MCGUIRE WOODS LLP

/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 East Cary Street
Richmond, Virginia  23219
(804) 775-1000

*Counsel for Debtors and*
*Debtors in Possession*


                    7

## **CERTIFICATION**

THE UNDERSIGNED HEREBY CERTIFIES, pursuant to Local Rule 9022-1(C), that this Consent Order has been endorsed by all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley