



Marketing Research And Consulting

Clerk of the Court                                          January 7, 2010
United States Bankruptcy Court
Eastern District of Virginia
701 East Broad Street – Suite 4000
Richmond, Virginia 23219

United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division
Debtor = Circuit City Stores, Inc., et al
Case # 08-35653 (KRH)
Re: notice of debtors sixth omnibus objection to certain misclassified non-goods 503(b) (9) claims

This is to further clarify our opposition with regards to the debtors' Sixth Omnibus objection that our claim, #330, should be reclassified from a 503 (b) (9) administrative priority to a general unsecured claim, in preparation for the January 14, 2010 hearing.

**Background**

On May 12, 2009, the debtors' filed a Sixth Omnibus objection to our claim, suggesting that our claim is not a good, but rather a service, and therefore should be reclassified as a general unsecured claim.

On June 1, 2009, we responded with a letter to the court, explaining the details of the market research study we conducted for Circuit City, within the 20 day window of the date they filed for bankruptcy. In particular, we incurred $26,686.59 in out-of-pocket expenses to conduct the study. We proposed that the out-of-pocket expenses be considered an administrative priority, and the remaining portion of the total claim (our professional services to conduct the study), be considered a general unsecured claim. In other words, we proposed that our claim be treated as a hybrid claim.

On June 8, 2009, the bankruptcy court replied to our June 1 response, indicating that "after due deliberation, thereon good and sufficient cause exists for the granting of the relief as set forth herein".

2110 Ute Ct. • Estes Park, CO 80517 • Voice: (970) 577 - 9500 • Fax: (970) 577 - 9911 • dan@consumervision.net

**Definition of Goods and Hybrid Claims**

There are two issues in consideration: first, what is the definition of a 'good', and second, whether hybrid claims should be subject to a 'predominant purpose test'.

It is clear that the bankruptcy code does not provide a definition of goods. As a result, the court has adopted the UCC definition, which is 'all things which are movable at the time of identification'. This is still a very vague definition. We provided customer satisfaction data to Circuit City, in the form of a physical, transportable datafile. We also provided this physical good within 20 days of Circuit City filing for bankruptcy. If the spirit of the 503 (b) (9) bankruptcy code is to protect those who do business with distressed firms (such as Circuit City was), then the out-of-pocket expenses we incurred to produce this physical datafile should be part of that protection.

Next, the Bankruptcy Court has determined that hybrid claims should be subject to the 'predominant purpose test' to force them into an administrative priority or a general unsecured claim. We disagree that this 'all or nothing' approach needs to be taken. First, there are only 10 cases that are being heard with regards to the Sixth Omnibus objection, so hearing these individual cases should take up little of the courts time.

Second, there is a legal precedent to allow hybrid transactions. In a recent case involving *Plastech Engineered Products*, the U.S. Bankruptcy Court for the Eastern District of Michigan held that the 'predominant purpose test' does not apply to the analysis under section 503 (b) (9). Specifically, the court reasoned that if a particular transaction provides for a sale of both goods and services, and the value of each can be determined, then the delivery of the of the goods should give rise to an administrative priority claim pursuant to section 503 (b) (9), while the provision of services should be relegated to general unsecured claim status. In fact, the court ruled that hybrid claims be allowed in four different cases.

In our case, the delivery of goods is the physical, transportable data file, and we incurred $26,686.59 in non-retractable out-of-pocket expenses to secure this file. As a result, this portion is the value of the good, while the remaining $44,813.41 of the claim is for our professional services, which would be the general unsecured portion.

In summary, we feel that we have a hybrid claim for both goods and services, and there is no reason to apply the predominant purpose test. The value of the good is the out-of-pocket expenses we incurred to secure the physical, transportable datafile. We are willing to concede that our professional services, which were incidental to the project, would have general unsecured status.

Thank you for your consideration.

Sincerely,

Dan Vandenberg
President
Consumer Vision, LLC
970-577-9500