Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
          Debtors.            :    Jointly Administered
- - - - - - - - - - - - - - x

**REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
WITH RESPECT TO CERTAIN CLAIMS SUBJECT TO (I) THE
DEBTORS' NINETEENTH OMNIBUS OBJECTION TO CLAIMS
(RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS TO
GENERAL UNSECURED, NON-PRIORITY CLAIMS) AND (II) THE
DEBTORS' THIRTY-THIRD OMNIBUS OBJECTION TO CLAIMS
(MODIFICATION AND/OR RECLASSIFICATION OF CERTAIN CLAIMS)**

**TABLE OF CONTENTS**

NATURE AND STAGE OF PROCEEDINGS......................... 1

STATEMENT OF MATERIAL FACTS............................. 2

ARGUMENT............................................... 2

    I.     SUMMARY JUDGMENT IS APPROPRIATE BECAUSE
            THERE ARE NO DISPUTES OF MATERIAL FACT
            RELEVANT TO THE LEGAL ISSUES PRESENTED IN
            THE SUMMARY JUDGMENT MOTION AND NO
            DISCOVERY IS NECESSARY. ....................................................2

    II.    THE RESPONDENTS RECLAMATION CLAIMS ARE
            GENERAL UNSECURED, NON-PRIORITY CLAIMS AS
            A MATTER OF LAW. ...................................................................4

          A.    Respondents' Statutory
                Interpretation Is Contrary To
                Relevant Case Law And Devoid Of Any
                Statutory Or Other Support............. 5

          B.    Respondents' Reliance On Pre-BAPCPA
                Cases Is Misplaced..................... 10

          C.    The Respondents Were Required, But
                Failed, To Take The Necessary Steps
                To Preserve Their Reclamation Rights
                Under State And Federal Law........... 15

    III. THE RECLAMATION CLAIMS ARE NOT ENTITLED TO
            PRIORITY BECAUSE THE PRE-PETITION AND DIP
            LENDERS HAD PRIOR LIENS OVER THE DEBTORS'
            INVENTORY. ...............................................................................20

          A.    The Debtors Are Entitled To Summary
                Judgment Based On The Prior Lien
                Defense............................... 20

          B.    Reclamation Is An In Rem Remedy That
                Does Not Provide Reclamation
                Claimants With A Right To Proceeds..... 21

C.    The Respondents Cannot Invoke The
Doctrine Of Marshaling To Force The
Pre-Petition Lenders Or The DIP
Lenders To Satisfy Their Liens From
the Alleged Goods Or Proceeds
Thereof Last........................... 24

CONCLUSION.......................................... 27

## TABLE OF AUTHORITIES

### CASES

Action Indus., Inc. v. Dixie Enters., Inc.,
    22 B.R. 855 (Bankr. S.D. Ohio 1982)..................23

In re Adventist Living Ctrs., Inc.,
    52 F.3d 159 (7th Cir. 1995).........................17

In re Arlco, 239 B.R. 261 (Bankr. S.D.N.Y. 1999).......25

CSX Transport, Inc. v. Georgia State Board of
    Equalization, 552 U.S. 9 (2007)......................7

In re Dana Corp., 367 B.R. 409
    (Bankr. S.D.N.Y. 2007)...............20, 21, 22, 23, 24

Devan v. Simon DeBartolo Group, L.P. (In re Merry-
    Go-Round Enterprises, Inc.), 180 F.3d 149
    (4th Cir. 1999)......................................4

Dewsnup v. Timm, 502 U.S. 410 (1992)..............6, 7, 8

In re Fas Mart Convenience Stores, Inc., Case No.
    01-60386 (Bankr. E.D. Va. Aug. 14, 2001)............14

In re First Magnus Finance Corp., 2008 WL 5046596
    (Bankr. D. Ariz. 2008)............................5, 16

In re Flagstaff Foodservice Corp., 32 B.R. 820
    (Bankr. S.D.N.Y. 1983)..............................16

In re Georgetown Steel Co., 318 B.R. 340
    (Bankr. D.S.C. 2004)....................10, 11, 14, 21

In re Gibson Group, Inc., 151 B.R. 133
    (Bankr. S.D. Ohio 1993).............................24

Grady v. A.H. Robins Co., 839 F.2d 198
    (4th Cir. 1988).....................................20

<u>In re Griffin Retreading Co.</u>, 795 F.2d 676
  (8th Cir. 1986)...................................16

<u>In re Hartz Foods, Inc.</u>, 264 B.R. 33
  (Bankr. D. Minn. 2001)...................11, 16, 22

<u>In re Heilig-Meyers Company</u>, Case Nos. 00-34533 to
  00-34358(DOT) (Bankr. E.D. Va. Jan. 11, 2001)........14

<u>Keene Corp. v. U.S.</u>, 508 U.S. 200 (1993)..........6, 7, 8

<u>Lamie v. United States Trustee</u>, 540 U.S. 526 (2003).....8

<u>In re McLouth Steel Products Corp.</u>, 213 B.R. 978
  (Bankr. E.D. Mich. 1997)...........................16

<u>In re Mel-O-Gold, Inc.</u>, 88 B.R. 205
  (Bankr. S.D. Iowa 1988)............................25

<u>Pester Refining Co. v. Ethyl Corp. (In re Pester
  Refining Co.)</u>, 964 F.2d 842 (8th Cir. 1992).........11

<u>Phar-Mor v. McKesson Corp. (In re Phar-Mor, Inc.)</u>,
  534 F.3d 502 (6th Cir. 2008)...................10, 21

<u>In re Pluma, Inc.</u>, 2000 WL. 33673751
  (Bankr. M.D.N.C. 2000).............................23

<u>In re Quality Stores, Inc.</u>, 289 B.R. 324
  (Bankr. W.D. Mich. 2003)...........................25

<u>Simon & Schuster, Inc. v. Advanced Marketing
  Services (In re Advanced Marketing Services)</u>,
  360 B.R. 421 (Bankr. D. Del. 2007)..................24

<u>In re Sunstate Dairy & Food Products Co.</u>,
  45 B.R. 341 (Bankr. M.D. Fla. 1992)..........11, 17, 19

<u>In re Suwannee Swifty Stores, Inc.</u>, 2000 Bankr.
  LEXIS 2005 (Bankr. M.D. Ga. March 22, 2000)......25, 26

Tate Cheese Co. v. Crofton & Sons, Inc. (In re
    Crofton & Sons, Inc.), 139 B.R. 567
    (Bankr. M.D. Fla. 1992).........................17, 23

In re US Airways Group, Inc., Case No. 04-13189 (SMS)
    (Bankr. E.D. Va. Sep. 14, 2004).....................14

In re US Airways Group, Inc., Case No. 02-83984 (SMS)
    (Bankr. E.D. Va. Aug. 12, 2002).....................14

In re US Airways, Inc., 2006 WL. 2992495
    (E.D. Va. 2006)......................................3

U.S. Trustee v. Equip. Servs. (In Re Equip. Servs.),
    290 F.3d 739 (4th Cir. Va. 2002)....................8

In re Waccamaw's HomePlace, 298 B.R. 233
    (Bankr. D. Del. 2003)..............................17

**STATUTES**

11 U.S.C. § 546(c)................................passim

28 U.S.C. § 1500.......................................7

UCC § 2-702 ......................................22, 23

**MISCELLANEOUS**

Resnick, The Future Of Chapter 11: A Symposium
Cosponsored by the American College of Bankruptcy:
The Future of the Doctrine of Necessity and
Critical-Vendor Payments in Chapter 11 Cases, 47
B.C. L. Rev. 183 (2005)................................5

## NATURE AND STAGE OF PROCEEDINGS

On December 18, 2009, the Debtors filed the Debtors' Motion for Summary Judgment with Respect to Certain Claims Subject to (I) the Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-priority Claims) and (II) the Debtors' Thirty-Third Omnibus Objection to Claims (Modification and/or Reclassification of Certain Claims) (the "Summary Judgment Motion"; D.I. 6135) and the memorandum of law in support thereof (the "Opening Brief"; D.I. 6136) in which the Debtors argued that the Reclamation Claims (as defined in the Opening Brief) filed by the Reclamation Claimants (as defined in the Opening Brief) should be reclassified as pre-petition general unsecured, non-priority claims.

On January 8 and January 11, 2010, the following Reclamation Claimants (collectively, the "Respondents") filed oppositions to the Summary Judgment Motion: (i) Denon Electronics (USA) LLC and Boston Acoustic, Inc. (the "Denon and Boston Acoustic Opposition"; D.I. 6236); (ii) Paramount Home

Entertainment Inc. (the "Paramount Opposition"; D.I.

6237); (iii) Cisco-Linksys, LLC (the "Cisco Opposition";

D.I. 6243); (iv) Plantronics, Inc. (the "Plantronics

Opposition"; D.I. 6244); (v) Seagate Technology, LLC

(the "Seagate Opposition"; D.I. 6245); and (vi)

Lumisource, Inc. (the "Lumisource Opposition"; D.I. 6246,

and, collectively with the prior Oppositions, the

"Oppositions").

     This is the Debtors' reply brief in support of

the Summary Judgment Motion (the "Reply").

### STATEMENT OF MATERIAL FACTS

     The Debtors rely upon and incorporate by

reference as if fully set forth herein the "Statement of

Material Facts" in the Opening Brief.  Capitalized terms

not otherwise defined herein shall have the meanings

ascribed them in the Opening Brief.

### ARGUMENT

**I.   SUMMARY JUDGMENT IS APPROPRIATE BECAUSE THERE ARE
      NO DISPUTES OF MATERIAL FACT RELEVANT TO THE LEGAL
      ISSUES PRESENTED IN THE SUMMARY JUDGMENT MOTION AND
      NO DISCOVERY IS NECESSARY.**

     In the Opening Brief, the Debtors contend, and

the Respondents do not contest, that summary judgment is

2

appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Opening Brief at 17 (citing In re US Airways, Inc., 2006 WL 2992495, at *4 (E.D. Va. 2006)[1]).[2]  Although the Respondents do not dispute the material facts set forth in the Opening Brief, the Respondents contend that summary judgment is not appropriate because additional facts are necessary to resolving the issues.[3]

However, no additional facts are relevant or necessary to resolve the legal issues presented by the Debtors in the Opening Brief.[4]  Indeed, at least one

---

[1]  A true and correct copy of In re US Airways, Inc., 2006 WL 2992495 (E.D. Va. 2006) is included as Exhibit D in the Appendix attached hereto.

[2]  See Paramount Opposition at 9; Denon and Boston Acoustic Opposition at 5; see also Seagate Opposition; Plantronics Opposition; Cisco Opposition; LumiSource Opposition.

[3]  See Paramount Opposition at 10; Denon and Boston Acoustic Opposition at 5-6; Seagate Opposition at 3-4; Plantronics Opposition at 3-4; Cisco Opposition at 3-4; see also LumiSource Opposition.

[4]  Certain of the Respondents argue that additional facts are necessary to enable them to determine whether they may assert administrative expense claims under Bankruptcy Code section 503(b).  See Cisco Opposition at 3-4; Plantronics Opposition at 3-4; Seagate Technology Opposition at 3-4.  This argument fails because the Respondents cannot satisfy the requirements for asserting an administrative expense under 503(b) as a matter of law.  To determine whether a claim qualifies as an administrative
*(cont'd)*

Respondent concedes as much. <u>See</u> Paramount Opposition
at 10 (stating that "unless this Court agrees with the []
positions taken by the Debtors . . ., the Motion should
be denied at this time.").[5]  Accordingly, summary
judgment is appropriate and proper.

## II.  THE RESPONDENTS RECLAMATION CLAIMS ARE GENERAL UNSECURED, NON-PRIORITY CLAIMS AS A MATTER OF LAW.

In the Opening Brief, the Debtors assert that
under the plain language of Bankruptcy Code section
546(c), as amended by BAPCPA, reclamation claims are
general unsecured, non-priority claims.  In opposition,
the Respondents argue that the Debtors are
misinterpreting section 546(c) and the BAPCPA amendments

---

*(cont'd from previous page)*
expense, the Fourth Circuit has established a two-part test: "(1)
the claim must arise out of a post-petition transaction between
the creditor and the debtor-in-possession (or trustee) and (2)
the consideration supporting the claimant's right to payment must
be supplied to and beneficial to the debtor-in-possession in the
operation of the business." <u>Devan v. Simon DeBartolo Group, L.P.
(In re Merry-Go-Round Enters., Inc.)</u>, 180 F.3d 149, 157 (4th Cir.
1999).  Here, the first requirement plainly cannot be satisfied.
By virtue of seeking reclamation claims under section 546(c),
Respondents assert that the Reclamation Claims are for goods
received by the Debtors during the 45 days prior to the Petition
Date.  <u>See</u> 11 U.S.C. § 546(c)(1) (allowing reclamation of goods
only where "the debtor has received such goods while insolvent,
<u>within 45 days before the date of the commencement of a case</u>
under this title" (emphasis added)).  Accordingly, any
transaction between the Debtors and the Respondents clearly
occurred pre-petition.

[5]   <u>See also</u> Seagate Opposition; Plantronics Opposition; Cisco
Opposition; LumiSource Opposition.

to that section.  The Respondents' arguments fail for the reasons set forth below.

### A.    Respondents' Statutory Interpretation Is Contrary To Relevant Case Law And Devoid Of Any Statutory Or Other Support.

As set forth in the Opening Brief, section 546(c) was amended to no longer expressly provide that a court may grant a claimant an administrative claim or a junior lien in lieu of preventing the claimant from reclaiming its goods.  Opening Brief at 19-23 (citing, among other authority, In re First Magnus Fin. Corp., 2008 WL 5046596 at *2 (Bankr. D. Ariz. 2008)[6] (noting that section "does not give such a [reclamation] seller/creditor an administrative claim . . . .").  This, the respondents cannot deny.  The Respondents contend, however, that because other amendments to the Bankruptcy Code "evidence an intent to broaden the rights of trade creditors," the court still has the power to grant reclamation claimants such relief.[7]  That implied power

---

[6]    A true and correct copy of In re First Magnus Fin. Corp., 2008 WL 5046596 (Bankr. D. Ariz. 2008) is included as Exhibit E in the Appendix attached hereto.

[7]    Paramount Opposition at 12 (citing A. Resnick, The Future Of Chapter 11: A Symposium Cosponsored by the American College of Bankruptcy: The Future of the Doctrine of Necessity and Critical-
                                                          *(cont'd)*

5

of the bankruptcy court and the foundation that
Respondents provide for it simply do not exist.

Specifically, to support their argument, the
Respondents point neither to the statute nor case law
interpreting it, but instead content that the Supreme
Court's holdings in Dewsnup v. Timm, 502 U.S. 410 (1992),
and Keene Corp. v. U.S., 508 U.S. 200 (1993).[8]  Neither
case, however, supports the Respondents' position.

In Dewsnup, the court rejected the debtor's
interpretation of the phrase "allowed secured claim" in
Bankruptcy Code section 506(d) because the phrase was
ambiguous.  See Dewsnup, 502 U.S. at 417.  In so doing,
the Supreme Court reasoned that "given the ambiguity in
the text, we are not convinced that Congress intended to
depart from the pre-Code rule . . . ."  Id.  The BAPCPA
amendments, however, are not ambiguous on their face;
and nowhere do they provide the Court with the authority

---

*(cont'd from previous page)*
   Vendor Payments in Chapter 11 Cases, 47 B.C. L. Rev 183, 208
   (2005)); see also Cisco Opposition; Plantronics Opposition;
   Seagate Technology Opposition; LumiSource Opposition.

[8]  See Paramount Opposition at 13-14; see also Cisco Opposition;
     Plantronics Opposition; Seagate Technology Opposition; LumiSource
     Opposition.

to grant a reclamation claimant either an administrative
or a secured claim.  Therefore, <u>Dewsnup</u> is simply
distinguishable.

More importantly, Congress deleted the entire
section authorizing the bankruptcy court to grant
reclamation claimants an administrative or secured claim
in lieu of permitting them to reclaim their goods.  Thus,
there is no ambiguous phrase to interpret as there was
in <u>Dewsnup</u>, and the Court's inquiry should conclude.
<u>CSX Transp., Inc. v. Georgia State Bd. of Equalization</u>,
552 U.S. 9, 20 (2007) (stating that where "the words of
the statute are unambiguous, the judicial inquiry is
complete." (quotation and citation omitted)).

Similarly, the Respondents reliance on <u>Keene</u>
is misplaced.  In <u>Keene</u>, Congress had amended 28 U.S.C.
§ 1500 to replace the words "file or prosecute" with the
word "jurisdiction".  This change, however, was
described in the legislative history as a "change in
phraseology."  <u>Keene</u>, 508 U.S. at 209.  Thus, against
this backdrop, the Supreme Court again refused to depart
from pre-amendment practice absent a clearly expressed
intent to do so.  <u>Id.</u>

Additionally, the Respondents' reliance on
Dewsnup and Keene is also misplaced because it ignores
the fact that when words are deleted from a statute, the
Court "must presume that Congress intended what it said
when it . . . delete[d]" the words.  U.S. Trustee v.
Equip. Servs. (In Re Equip. Servs.), 290 F.3d 739, 745
(4th Cir. Va. 2002) (holding that when Congress deleted
the phrase "debtor's attorney" from the list of persons
who could be compensated under Bankruptcy Code section
330, Congress must have meant to exclude debtors'
attorneys from receiving compensation under that
section).  Indeed, the Supreme Court reached the same
conclusion in Lamie v. United States Trustee, holding
that by deleting a reference to "debtor's attorney" in
section 330(a), the Bankruptcy Code no longer provided
for compensation to a "debtor's attorney".  Lamie v.
United States Trustee, 540 U.S. 526, 534 (2003)
(reasoning that "[w]e should prefer the plain meaning
since that approach respects the words of Congress.  In
this manner we avoid the pitfalls that plague too quick
a turn to the more controversial realm of legislative
history").

Finally, as certain Respondents concede, the legislative history sheds no light on the issue presented to the Court.  <u>See</u> Paramount Objection at 11.[9] If it did, however, it actually supports the Debtors' interpretation.  In particular, the Debtors' interpret the BAPCPA amendments to have eliminated the Court's ability to <u>deny</u> a reclamation claimant's rights to take back goods.  In so doing, Congress <u>eliminated a bar</u> to trade creditors enforcing their state law reclamation rights.[10]  Consequently, even assuming that the BAPCPA amendments rendered section 546 ambiguous, the Debtors' interpretation reflects a broadening of trade creditors' rights to reclaim goods as permitted by state law.

Thus, there is no basis to depart from the plain meaning of section 546(c), which provides neither an express nor implied basis for granting reclamation claimants an administrative claim or junior lien.

---

[9]    <u>See also</u> Cisco Opposition; Plantronics Opposition; Seagate Technology Opposition; LumiSource Opposition.

[10]    The BAPCPA amendments also broadened trade creditor rights by expanding the reclamation look back perod to 45 days and providing potential reclamation claimants with the alternative remedy of asserting an administrative expense under section 503(b)(9).

Moreover, even if there were, the legislative history
supports the Debtors' interpretation.  Accordingly, the
Respondents' statutory interpretation argument should be
rejected and summary judgment granted.

### B.    Respondents' Reliance On Pre-BAPCPA Cases Is Misplaced.

Unable to cite any post-BAPCPA cases, the
Respondents rely heavily on certain pre-BAPCPA cases --
mainly, Phar-Mor v. McKesson Corp. (In re Phar-Mor,
Inc.), 534 F.3d 502 (6th Cir. 2008) and In re Georgetown
Steel Co., 318 B.R. 340 (Bankr. D.S.C. 2004).  As
discussed in the Opening Brief, these cases are
irrelevant because the courts were interpreting the pre-
BAPCPA version of section 546(c).  Opening Brief at 20-
23.

Indeed, Phar-Mor stands only for the narrow
proposition that, under pre-BAPCPA section 546(c) and
Ohio law, a valid reclamation creditor whose reclamation
request is denied by the Court must be granted an
administrative expense or given a lien.  Phar-Mor, 534
F.3d at 504-505.  Neither pre-BAPCPA section 546(c) nor
Ohio law is relevant here.  Moreover, as set forth in

the Opening Brief and further demonstrated below, this

Court never denied the Respondents' Reclamation Demands.

Georgetown Steel is also irrelevant.   In

Georgetown Steel, the court was concerned with the

interpretation and application of the pre-BAPCPA section

546(c) and South Carolina law.   Georgetown Steel, 318

B.R. 340.   Again, neither is applicable here.

Similarly, each additional case cited by

Respondents concerns pre-BAPCPA section 546(c)(2) and

provides no support for the proposition that the

remedies of an administrative expense or junior lien

exist under the current version of the statute.   See

Pester Refining Co. v. Ethyl Corp. (In re Pester

Refining Co.), 964 F.2d 842, 847 (8th Cir. 1992)

(finding that reclamation creditor was entitled to

administrative expense priority under pre-BAPCPA section

546(c)(2)); In re Hartz Foods, Inc., 264 B.R. 33, 37

(Bankr. D. Minn. 2001) (same); In re Sunstate Dairy &

Food Prods. Co., 145 B.R. 341, 345-46 (Bankr. M.D. Fla.

1992) (same).

As also demonstrated in the Opening Brief,

even assuming that the pre-BAPCPA cases were relevant,

the Respondents are still not entitled to an

administrative claim or a junior lien because this Court

never denied their Reclamation Demands.  Opening Brief

at 23-25.  Nor does the Respondents' contention that the

provisions of Reclamation Procedures Order constituted a

denial of the Reclamation Claims have any basis in

fact.[11]  As such, Paramount's statement that "it appears

[the Debtors] have used this Court to <u>mislead</u> the

numerous reclamation claimants in these cases."

Paramount Opposition at 15 (emphasis added)[12] is entirely

inappropriate given the record in these cases and cited

in the Opening Brief.

        The Reclamation Procedures Order plainly and

unambiguously provides that the Court was not denying

any reclamation demand, stating that:

> Nothing in this Order or the above
> procedures is intended to prohibit,
> hinder, or delay any Reclamation Claimant
> from asserting or prosecuting any of its
> rights to seek to reclaim goods provided
> to the Debtors, or affect, alter,

---

[11]  <u>See</u> Paramount Opposition at 15; <u>see also</u> Cisco Opposition;
Plantronics Opposition; Seagate Technology Opposition; LumiSource
Opposition.

[12]  <u>See also</u> Cisco Opposition; Plantronics Opposition; Seagate
Technology Opposition; LumiSource Opposition.

> diminish, extinguish, or expand the
> rights or interest, if any, to recover
> goods (or proceeds thereof) sought to be
> reclaimed.

Reclamation Procedures Order at ¶ 6.[13]   Moreover, the

Reclamation Procedures Order expressly provides that

"[a]bsent receipt of any notice setting forth such an

Allowed Reclamation Amount, <u>the Debtors [not the Court]</u>

<u>shall be deemed to have rejected</u> the Reclamation

Demand."   Reclamation Procedures Order at ¶ 5(c).

(emphasis added).   These two provisions, read together,

lead to only one conclusion -- whether or not the

Debtors rejected a reclamation demand, the creditor was

free to seek to reclaim goods (before or after such

rejection) and the Court was neither denying nor

"prohibit[ing], hinder[ing], or delay[ing]" any such

reclamation right.   <u>See</u> Reclamation Procedures Order at

¶¶ 5(c), 6.[14]

---

[13]   A true and correct copy of the Reclamation Procedures Order is
included in the Appendix attached hereto at Exhibit A.

[14]   In that regard, the Reclamation Procedures Order stands in stark
contrast to reclamation orders entered prior to the BAPCPA
amendments in which such an injunction or stay was imposed.   <u>See</u>,
<u>e.g.</u>, <u>In re US Airways Group, Inc.</u>, Case No. 04-13189 (SMS)
(Bankr. E.D. Va. Sep. 14, 2004)(prohibiting creditors from
pursuing their reclamation rights, other than under the court
approved procedures); <u>In re US Airways Group, Inc.</u>, Case No. 02-
                                                              *(cont'd)*

Furthermore, to emphasize the changes and make this point crystal clear, at the first and second day hearings in these cases, Debtors' counsel made statements on the record reinforcing the fact that, notwithstanding the entry of the Reclamation Procedures Order, creditors were free to pursue their reclamation rights.  See Transcript of Hearing on November 10, 2008 at 84 (Debtors' counsel stating that if reclamation claimants wanted "to get [a] TRO and injunction in an adversary proceeding, . . . [the proposed Reclamation Procedures Order] doesn't preclude them from doing it")[15]; Transcript of Hearing held December 5, 2008 at p. 62-63 (D.I. 942)(Debtors' counsel stating that if reclamation

_____

*(cont'd from previous page)*
   83984 (SMS) (Bankr. E.D. Va. Aug. 12, 2002)(staying all adversary
   proceedings relating to reclamation claims); In re Fas Mart
   Convenience Stores, Inc., Case No. 01-60386 (Bankr. E.D. Va. Aug.
   14, 2001) (prohibiting reclamation claimants from "taking steps
   to establish the validity and amount of their Reclamation Claims,
   including the commencement and continued prosecution of adversary
   proceedings" and staying any efforts to do so); In re Heilig-
   Meyers Company, Case Nos. 00-34533 to 00-34358(DOT) (Bankr. E.D.
   Va. Jan. 11, 2001) (same); see also Georgetown Steel, 318 B.R. at
   343 (noting that the reclamation procedures order provided that
   "the Reclamation Creditors were enjoined from seeking to reclaim,
   or interfering with the delivery of goods to or by Debtor").  The
   above-referenced orders are included as Exhibits G through J in
   the Appendix attached hereto.

[15]  A true and correct copy of the Transcript of Hearing on November
   10, 2008 is included as Exhibit B in the Appendix attached hereto.

claimants were not "comfortable with these procedures,
then . . . [such claimants were] entitled to file a
lawsuit, a request for a stay, [or] a temporary
injunction").[16]

Thus, not only are the pre-BAPCPA cases cited
by the Respondents not applicable, but also the
Respondents' suggestions that the Debtors acted
inappropriately and the Court denied the Reclamation
Demands are baseless.

**C.    The Respondents Were Required, But Failed, To
Take The Necessary Steps To Preserve Their
Reclamation Rights Under State And Federal Law.**

In the Opening Brief, the Debtors further
established that, even if the Court determined that the
Respondents may be granted an administrative expense or
junior lien, they were not entitled to that remedy
because they had not pursued their Reclamation Claims on
a timely basis and with sufficient diligence.  Opening
Brief at 26.  As expected, the Respondents contend

---

[16]   A true and correct copy of the Transcript of Hearing on December
5, 2008 is included as <u>Exhibit C</u> in the Appendix attached hereto.

otherwise,[17] but rely on outdated authority that has long since been rejected.  <u>See</u> Paramount Opposition at 17 (citing <u>In re Griffin Retreading Co.</u>, 795 F.2d 676, 679-80 (8th Cir. 1986); <u>Hartz Foods</u>, 264 B.R. at 36 (following <u>Griffin</u> as binding precedent in the Eighth Circuit); and <u>In re Flagstaff Foodservice Corp.</u>, 32 B.R. 820, 823 (Bankr. S.D.N.Y. 1983)).

Overwhelmingly, courts have rejected <u>Griffin</u> and similar cases and, instead, concluded that a creditor seeking to reclaim goods must do more than submit a written demand.  <u>See</u> <u>First Magnus</u>, 2008 WL 5046596 at *1-2 (noting that a creditor can lose its reclamation rights by not pursuing its reclamation claim timely and diligently); <u>In re McLouth Steel Prods. Corp.</u>, 213 B.R. 978, 987 (Bankr. E.D. Mich. 1997) (finding that the "burden is on the reclamation claimant to further diligently pursue its claim by, for example, filing a motion or complaint for reclamation in bankruptcy court for the goods, or commencing an adversary proceeding");

---

[17]   <u>See</u> Paramount Opposition at 16; Denon and Boston Acoustic Opposition at 3, n. 2; <u>see also</u> Cisco Opposition; Plantronics Opposition; Seagate Technology Opposition; LumiSource Opposition.

Tate Cheese Co. v. Crofton & Sons, Inc. (In re Crofton &
Sons, Inc.), 139 B.R. 567, 569 (Bankr. M.D. Fla. 1992)
(holding that a creditor's failure to diligently pursue
its reclamation demand through appropriate judicial
channels defeated its right to reclaim goods); Sunstate
Dairy, 145 B.R. at 344 (holding that to demonstrate a
right of reclamation, creditor must show "diligent
assertion of the right of reclamation").[18]

As discussed in the Opening Brief, under these
decisions, the Respondents' actions were legally
inadequate.  Opening Brief at 27-29.

Certain of the Respondents further assert that,
because they complied with the terms of the Reclamation
Procedures Order, which allegedly "go beyond the
statutory requirements for establishing the right to
reclaim," they were not required to take additional

---

[18] See also In re Adventist Living Ctrs., Inc., 52 F.3d 159, 165
(7th Cir. 1995) (denying administrative claim where debtor
disregarded agreement with reclamation claimant to segregate
goods and grant administrative claim for value because the
reclamation claimant should have acted sooner to enforce its
rights); In re Waccamaw's HomePlace, 298 B.R. 233, 238-39 (Bankr.
D. Del. 2003) (denying administrative claim to reclamation
claimant where, "after making its Reclamation Demand [reclamation
claimant] inexplicably took no action to protect or enforce its
rights with respect to the Reclamation Goods," and finding that
it was "incumbent on [reclamation claimant] to exercise self help
or seek judicial intervention").

steps.[19]   This argument fails because the Reclamation

Procedures Order only required the Respondents to comply

with applicable law.[20]

     Under applicable law, a creditor seeking to

reclaim goods must submit a written demand that includes

specific information within the time period specified in

section 546(c).   See 11 U.S.C. § 546(c).   Here, the

Reclamation Procedures Order merely required that the

creditor comply with section 546(c) in that the creditor

must (i) send a written reclamation demand so that it is

received by the debtors "no later than the date that is

twenty (20) days following the Petition Date or such

earlier time as may be required under Bankruptcy Code

section 546(c)[,]" and (ii) such demand must include

---

[19]   See Paramount Opposition at 17-18; see also Cisco Opposition;
Plantronics Opposition; Seagate Technology Opposition; LumiSource
Opposition.

[20]   Paragraph 5(b) of the Reclamation Procedures Order also asked a
reclamation creditor to include a statement whether the creditor
intended to file a claim under section 503(b)(9) and, if
available, in what amount.   This requirement could be completed
by including an additional sentence in a reclamation demand.
Such requirement, however, hardly justifies the Respondents
failure to diligently pursue their rights, as certain Respondents
suggest.   See Paramount Opposition at 17-18; see also Cisco
Opposition; Plantronics Opposition; Seagate Technology Opposition;
LumiSource Opposition.

information required by section 546(c).  Reclamation

Procedures Order at ¶ 5(a),(b).

The mere fact that this Court required the

Respondents to comply with one aspect of applicable law

does not excuse the Respondents' failure to comply with

other aspects of applicable law, i.e., diligently

pursuing their rights.  See, e.g., Sunstate Dairy, 145

B.R. at 344 (listing "diligent assertion of the right of

reclamation" as a necessary component of a valid

reclamation right).

Accordingly, the Respondents were required to

diligently pursue their Reclamation Claims and their

failure to do so warrants denial of their Reclamation

Claims as a matter of law.[21]

---

[21] Certain of the Respondents further argue that Debtors'
interpretation of section 546(c) would foreclose Respondents'
rights to assert and prove other claims arising out of the
Alleged Goods.  Denon and Boston Acoustic Opposition at 4-5.  see
also Cisco Opposition; Plantronics Opposition; Seagate Technology
Opposition; LumiSource Opposition.  It is unclear on what grounds
Respondents believe they would be precluded from asserting any
other claims they may have, whether administrative or general
unsecured.  Moreover, this is clearly not the case because, as
noted above, the Respondents were completely free to pursue their
right to actually reclaim the goods.  Moreover, to the extent
they were unsuccessful, they have pre-petition unsecured claim.
Indeed, as certain Respondents have alleged, "[reclamation] takes
as its base line the proposition that any receipt of goods on
credit by an insolvent buyer amounts to a tacit business
misrepresentation of solvency and therefore is fraudulent as

(cont'd)

**III.  THE RECLAMATION CLAIMS ARE NOT ENTITLED TO PRIORITY
BECAUSE THE PRE-PETITION AND DIP LENDERS HAD PRIOR
LIENS OVER THE DEBTORS' INVENTORY.**

**A.    The Debtors Are Entitled To Summary Judgment
Based On The Prior Lien Defense.**

In the Opening Brief, the Debtors assert that
the inclusion in post-BAPCPA section 546(c) of language
providing that reclamation rights are "subject to the
prior rights of a holder of a security interest in such
goods or the proceeds thereof" renders the Respondents'
Reclamation Claims subject to the prior liens of the
Pre-Petition Lenders and the DIP Lenders, such that the
Reclamation Claims are valueless as anything other than
general unsecured, non-priority claims.  Opening Brief
at 29-36.  In support, the Debtors rely on In re Dana in
which the Court held, on nearly identical facts, that
the prior lien defense included in post-BAPCPA section

---

*(cont'd from previous page)*
against the particular seller."  Denon and Boston Acoustic
Opposition at 4 (quoting official comment to Va. Code Ann. § 8.2-
702 (2009)).  Any such alleged misrepresentation, however,
occurred pre-petition and, thus, the Respondents would have a
pre-petition general unsecured claim that cannot exceed the
amount of the value of the goods that the Respondent was unable
to reclaim.  See Grady v. A.H. Robins Co., 839 F.2d 198, 201-02
(4th Cir. 1988)(adopting the conduct test for determining when
claims arise).

546(c) rendered the reclamation claims valueless.  <u>In re</u>
<u>Dana Corp.</u>, 367 B.R. 409, 421 (Bankr. S.D.N.Y. 2007).

In opposition, certain Respondents dispute
this legal conclusion and assert that discovery is
required to ascertain certain additional facts.[22]  If the
Court follows the bankruptcy court's decision in <u>Dana</u>,
however, no discovery is necessary, and critically, none
of the Respondents have attempted to distinguish (or for
that matter substantively discuss) <u>Dana</u>.  Instead, they
rely on the pre-BAPCPA decisions of <u>Phar-Mor</u> and
<u>Georgetown Steel</u>.  The Debtors submit that <u>Dana</u> is
directly on point, consistent with current post-BAPCPA
law, and well reasoned and, therefore, submit that the
Reclamation Claims are valueless because the prior lien
defense applies.

**B.  Reclamation Is An <u>In Rem</u> Remedy That Does Not
Provide Reclamation Claimants With A Right To
Proceeds.**

In the Opening Brief, the Debtors further
argue that Respondents have no right to the proceeds

---

[22]  <u>See</u> Paramount Opposition at 20-22; Denon and Boston Acoustic
Opposition at 5-6; <u>see also</u> Cisco Opposition; Plantronics
Opposition; Seagate Technology Opposition; LumiSource Opposition.

from the sale of the Alleged Goods.  The Respondents
disagree, arguing that if the Alleged Goods were sold
they are entitled to the proceeds.[23]  The Respondents'
argument ignores the fact that, overwhelmingly, courts
have concluded that reclamation is an <u>in rem</u> remedy.

It is well established that there is no
federal right to reclamation.  <u>Hartz Foods</u>, 264 B.R. at
35-36 ("Section 546(c) does not create any right to
reclamation . . ."); <u>see</u> <u>also</u> <u>Dana</u>, 367 B.R. at 418
(holding that BAPCPA did not create a new federal right
of reclamation).  Instead, reclamation rights are
created by state law and section 546(c) sets out the
scope of any such reclamation rights in bankruptcy.
<u>Hartz Foods</u>, 264 B.R. at 35-36.

Most states' laws represent a codification of
Uniform Commercial Code section 2-702.  <u>Dana</u>, 367 B.R.
at 414.  That section provides that "[w]here the seller
discovers that the buyer has received goods on credit
while insolvent <u>he may reclaim the goods</u> upon demand

---

[23] <u>See</u> Paramount Opposition at 20-24; <u>see</u> <u>also</u> Cisco Opposition;
Plantronics Opposition; Seagate Technology Opposition; LumiSource
Opposition.

made within ten days after the receipt . . ." UCC § 2-702 (emphasis added).  Thus, the only remedy provided under the plain language of the Uniform Commercial Code is a right to reclaim the goods at issue.

As such, the majority of courts have recognized that the right of reclamation, as provided by state law and made applicable in bankruptcy by section 546(c), provides only an in rem right to reclaim goods. See, e.g., Dana, 367 B.R. at 419 (noting that reclamation is an in rem remedy); In re Pluma, Inc., 2000 WL 33673751, at *3 (Bankr. M.D.N.C. 2000)[24] (same); Crofton & Sons, 139 B.R. at 569 (same); Action Indus., Inc. v. Dixie Enters., Inc., 22 B.R. 855, 859 (Bankr. S.D. Ohio 1982) (same).

Consequently, the Respondents are not entitled to the proceeds from the Alleged Goods or any other property of the Debtors.

---

[24] A true and correct copy of In re Pluma, Inc., 2000 WL 33673751 (Bankr. M.D.N.C. 2000) is included as Exhibit F in the Appendix attached hereto.

**C.    The Respondents Cannot Invoke The Doctrine Of
Marshaling To Force The Pre-Petition Lenders
Or The DIP Lenders To Satisfy Their Liens From
the Alleged Goods Or Proceeds Thereof Last.**

Finally, certain of the Respondents argue that
marshaling "may turn out to be very relevant in these
cases," Paramount Opposition at 23, or, more strongly,
that the Court should apply the doctrine of marshaling.
Lumisource Objection at 2.  Despite Respondents'
assertions, the overwhelming majority of courts have
held that marshaling may not be invoked by an unsecured
creditor, such as a reclamation creditor.  <u>See</u>, <u>e.g.</u>,
<u>Simon & Schuster, Inc. v. Advanced Mktg. Servs. (In re
Advanced Mktg. Servs.)</u>, 360 B.R. 421, 427 (Bankr. D. Del.
2007) (holding that reclamation creditors are "unsecured
creditors [who] cannot invoke the equitable doctrine of
marshaling"); <u>Dana</u>, 367 B.R. at 419 (stating that
"[r]eclamation is an <u>in rem</u> remedy, and reclaiming
sellers have no right to compel a lienholder to satisfy
its claim from other collateral"); <u>In re Gibson Group,
Inc.</u>, 151 B.R. 133, 134-35 (Bankr. S.D. Ohio 1993)
(noting that the "majority rule ... denies unsecured
creditors standing to invoke the doctrine of

24

marshaling"); <u>In re Mel-O-Gold, Inc.</u>, 88 B.R. 205, 207

(Bankr. S.D. Iowa 1988) (stating that, "[t]raditionally,

marshaling has been used by secured creditors and has

not been available to unsecured creditors").

Nor are the cases cited by Respondents

contrary to this authority.  For example, in <u>Quality</u>

<u>Stores</u>, although the court stated that "a subordinate

reclaiming seller might seek to compel a superior

secured creditor to marshal and satisfy its secured

claim from assets other than the goods delivered by the

subordinate reclaiming seller," the court was

interpreting pre-BAPCPA section 546(c)(2), which

authorized a junior lien and thereby converted a general

unsecured creditor to a junior secured creditor.  Q <u>In</u>

<u>re Quality Stores, Inc.</u>, 289 B.R. 324, 335-36 (Bankr.

W.D. Mich. 2003).  In such circumstances, marshalling

may very well be appropriate.  <u>See</u> <u>In re Arlco</u>, 239 B.R.

261, 274-75 (Bankr. S.D.N.Y. 1999) (noting that "a

junior secured creditor may seek to compel a senior

secured creditor to marshal assets").[25]

---

[25]  In <u>Suwannee Swifty Stores</u>, another case cited by the Respondents,
the court merely noted the possibility of marshaling in favor of
*(cont'd)*

Similarly, reverse marshaling is at issue here because, once again, marshaling can only be invoked by junior secured creditors.  The case cited by Paramount, In re Center Wholesale, concerns rights as between junior and senior secured creditors and has no application here.  Paramount Opposition at 25 (citing In re Center Wholesale, Inc., 788 F.2d 541 (9th Cir. 1986)).[26]

Accordingly, there is no basis to suggest that the Pre-Petition Lenders or the DIP Lenders could have been forced to satisfy their liens from the Alleged Goods last.

_____

*(cont'd from previous page)*
an unsecured creditor in dicta, but went on to find it irrelevant to the case.  In re Suwannee Swifty Stores, Inc., 2000 Bankr. LEXIS 2005, *10 (Bankr. M.D. Ga. March 22, 2000).

[26]  See also Cisco Opposition; Plantronics Opposition; Seagate Technology Opposition; LumiSource Opposition.

**CONCLUSION**

For the foregoing reasons and the reasons set
forth in the Opening Brief, the Summary Judgment Motion
should be granted.

Dated: January 13, 2010          SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia        FLOM, LLP
                                 Gregg M. Galardi, Esq.
                                 Ian S. Fredericks, Esq.
                                 P.O. Box 636
                                 Wilmington, Delaware 19899-0636
                                 (302) 651-3000

                                        - and -

                                 SKADDEN, ARPS, SLATE, MEAGHER &
                                 FLOM, LLP
                                 Chris L. Dickerson, Esq.
                                 155 North Wacker Drive
                                 Chicago, Illinois 60606
                                 (312) 407-0700

                                        - and -

                                 MCGUIREWOODS LLP

                                 _/s/ Douglas M. Foley_____
                                 Dion W. Hayes (VSB No. 34304)
                                 Douglas M. Foley (VSB No. 34364)
                                 One James Center
                                 901 E. Cary Street
                                 Richmond, Virginia 23219
                                 (804) 775-1000

                                 Counsel for Debtors and Debtors
                                 in Possession