UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: ) <br> ) <br> CIRCUIT CITY STORES, INC., *et al.* ) <br> ) <br> ) <br> Debtors. ) <br> ) <br> ) | Case No. 08-35653-KRH <br> Chapter No. 11 <br> (Jointly Administered) |

### EXHIBIT A TO TRANSFER OF CLAIM OTHER THAN FOR SECURITY

#### INTRODUCTION

1.  This Exhibit A supplements the information stated in the accompanying Transfer Of Claim Other Than For Security and is hereby incorporated as part of the Transfer Of Claim Other Than For Security.

#### BASIS OF THE TRANSFER

2.  On November 10, 2008 (the "**Petition Date**"), Circuit City Stores, Inc. and seventeen (17) of its affiliates (collectively, the "**Debtors**"),[1] which collectively own and operate a chain of electronic stores, online websites and a telephone product call center, filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**").

3.  WEC 99A-2, LLC ("**WEC**") and Circuit City Stores, Inc. (the "**Debtor**") were parties to a lease dated March 5, 1999 (the "**Lease**"), between WEC, as landlord, and Debtor, as tenant, with respect to certain real property located at 744 E. Joyce Boulevard, Fayetteville,

---

[1] The Debtors are Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp., Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courcheval, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

85404635.1

Arkansas 72704 (the "**Leased Premises**").[2] The Leased Premises are part of a "shopping center" within the meaning of section 365 of the Bankruptcy Code. From March 5, 1999, to, at least, December 31, 2008, Debtor occupied and used the Leased Premises. During the Debtor's bankruptcy case, the Debtor rejected the Lease.

4. LaSalle Bank National Association, as Trustee of Corporate Lease-Backed Certificates Series 1999-CLF1 (the "**Noteholder**"), acting by and through Midland Loan Services, Inc. ("**Midland**"), a Delaware corporation, is the master and special servicer, pursuant to that certain Pooling and Servicing Agreement, dated as of August 15, 1999, with respect to that certain Mortgage Note, dated March 12, 1999 (the "**Note**"), in the principal amount of $3,279,035.28, by and between WEC, as Maker, and Capital Lease Funding, L.P. (the "**Original Noteholder**"), as Payee.[3]

5. Repayment of the Note is secured by, *inter alia*, the liens, security interests, terms and provisions contained within a Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing (as amended and/or modified, if applicable the "**Deed of Trust**"), dated March 12, 1999, executed and delivered by WEC, as Mortgagor, unto the Original Noteholder, as Mortgagee.[4] The Note, the Deed of Trust, and all other documents executed in connection therewith or relating in any way thereto, are referred to hereinafter either individually or collectively as the "**Loan Documents**."

6. Pursuant to one or more endorsements, assignments or transfers of the Loan Documents, Noteholder is the current (i) owner and holder of the (x) right to receive payments due under the Note and (y) right to receive the total outstanding indebtedness evidenced by the

---

[2] Attached hereto as **Exhibit B** and incorporated herein for all purposes is a true and correct copy of the Lease.
[3] Attached hereto as **Exhibit C** and incorporated herein for all purposes is a true and correct copy of the Note.
[4] Attached hereto as **Exhibit D** and incorporated herein for all purposes is a true and correct copy of the Deed of Trust.

Note; and (ii) current owner of the (x) liens, (y) security interests, and (z) right to enforce the terms and provisions contained within the Deed of Trust and the other Loan Documents.[5]

7. On January 30, 2009, WEC filed a proof of claim in the amount of $624,146.50 against the Debtor. *See* Claim No. 170-1 or KC 8362.

8. Pursuant to various provisions within the Deed of Trust, Midland is entitled to collect, on behalf of Noteholder, the proceeds of any distribution resulting from WEC's proof of claim. Specifically, the Deed of Trust provides that, as security for the indebtedness, WEC has "mortgaged, given, granted, bargained, sold, aliened, enfeoffed, conveyed, confirmed, pledged, assigned, and hypothecated"

> all right, title and interest of Mortgagor in and to the Lease Agreement, dated as of March 12, 1999 (including, without limitation, all guarantees thereof) (the "Lease") between Mortgagor and Circuit City Stores, Inc., a Virginia corporation, as lessee ("Lessee") and all other leases and subleases (including, without limitation, all guarantees thereof) and other agreements affecting the use, enjoyment or occupancy of the Premises and the Improvements heretofore or hereinafter entered into (the "Other Leases") (including any use or occupancy arrangements created pursuant to Section 365(d) of Title 11 of the United States Code (the "Bankruptcy Code") or otherwise in connection with the commencement or continuance of any bankruptcy, reorganization, arrangement, insolvency, dissolution, receivership or similar proceedings, or any assignment for the benefit of creditors, in respect of any tenant or occupant of any portion of the Premises and the Improvements) and all income, rents, issues, profits and revenues (including all oil and gas or other mineral royalties and bonuses) from the Premises and the Improvements (the "Rents") **(including any payments received pursuant to Section 502(b) of the Bankruptcy Code or otherwise in connection with the commencement or continuance of any bankruptcy, reorganization, arrangement, insolvency, dissolution, receivership or similar proceedings,** or any assignment for the benefit of creditors, in respect of any tenant or occupant of any portion of the Premises and the Improvements and all claims as a creditor in connection with any of the foregoing) and all proceeds from the sale, cancellation, surrender or other disposition of the Lease and the

---

[5] Attached hereto as **Exhibit E** and incorporated herein for all purposes is a true and correct copy of the Assignment of Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing from the Original Noteholder to Noteholder. Attached hereto as **Exhibit F** and incorporated herein for all purposes is a true and correct copy of the Assignment of Assignment of Leases and Rents and Fixture Filing from the Original Noteholder to Noteholder.

85404635.1                                          - 3 -

Other Leases and the right to receive and apply the Rents to the payment of the Debt . . . .

Deed of Trust p. 2 (emphasis added). Moreover, the Deed of Trust provides Noteholder with the authority to take any action to protect its security, Deed of Trust pp. 23-24, and to "collect and receive all earnings, revenues, rents, issues profits and other income of the Mortgaged Property" upon the occurrence of an event of default. Deed of Trust pp. 26-28.[6] Therefore, Noteholder has the requisite authority to effectuate the transfer of the claim filed by WEC to recover all distributions pursuant to the claim.

9. Finally, Midland has the requisite standing to act on behalf of Noteholder. First, that certain Pooling and Servicing Agreement ("**PSA**") dated as of August 15, 1999, by and among Bear Stearns Commercial Mortgage Securities, Inc., as Depositor, Midland, as Master Servicer and Special Servicer, and LaSalle Bank National Association, as Trustee for Noteholder, and a Power of Attorney between the same parties set forth the Special Servicer's authority to act on behalf of Noteholder to administer and service the Loan.[7] Further, the Deed of Trust provides that the

> Mortgagee may from time to time appoint one or more servicers and/or special servicers (collectively, the "Servicer") to administer the Loan or otherwise perform certain functions in connection with the Loan, which Servicer shall have the power and authority to exercise all of the rights and remedies of Mortgagee and to act as agent of Mortgagee hereunder.

Deed of Trust p.43. Therefore, in conclusion, Midland is entitled to collect, on behalf of Noteholder, the proceeds of any distribution resulting from WEC's proof of claim.

---

[6] Because the Note is in payment default, Noteholder is now acting, through Midland, to recover all sums which constitute a part of the debt that it is owed, including proceeds of the proof of claim filed by WEC.

[7] The PSA is voluminous and thus not attached hereto, but will be made available upon proper and timely request. Attached hereto as **Exhibit F** and incorporated herein for all purposes is a true and correct copy of the Power of Attorney.

85404635.1                                -4-

| Dated: January 13, 2010 | | |
|---|---|---|
| | *By:* | **LaSalle Bank National Association, as Trustee of Corporate Lease-Backed Certificates Series 1999-CLF1** |
| | *By:* | Midland Loan Services, Inc., a Delaware Corporation, *in its capacity as special servicer* |
| | | By: /s/ Kevin Donahue |
| | | Name: <u>Kevin Donahue</u> |
| | | Title: <u>Senior Vice President</u> |