After Recording Return to:
Joyce Mayo, Legal Department
Midland Loan Services, Inc.
P. O. Box 25965
Shawnee Mission, KS  66225-5965

BOOK 4141 PG 411

# LIMITED POWER OF ATTORNEY
## TO MIDLAND LOAN SERVICES, INC. FOR
## BEAR STEARNS CORPORATE LEASE-BACKED CERTIFICATES
## SERIES 1999-CLF1

KNOW ALL MEN BY THESE PRESENTS:

WHEREAS, Bear Stearns Commercial Mortgage Securities Inc., as Depositor, Midland Loan Services, Inc., as Master Servicer and Special Servicer (collectively "Servicer"), LaSalle Bank National Association, as Trustee and REMIC Administrator, and ANB AMRO Bank, N.V., as Fiscal Agent, have entered into a Pooling and Servicing Agreement (the "PSA") dated as of August 15, 1999 pertaining to Corporate Lease-Backed Certificates Series 1999-CLF1 which provides in part that Midland Loan Services, Inc. shall administer and service certain "Mortgage Loans" as that term is defined in the PSA, in accordance with the terms of the PSA and the respective Mortgage Loans; and,

WHEREAS, pursuant to the terms of the PSA, Servicer is granted certain powers, responsibilities and authority in connection with its servicing and administration subject to the terms of the PSA; and,

WHEREAS, Trustee has been requested by Servicer pursuant to Section 3.01. (b) of the PSA to grant this Limited Power of Attorney to Servicer to enable Servicer to execute and deliver, on behalf of the Trustee, certain documents and instruments related to the Mortgage Loans thereby empowering  Servicer to take such actions as it deems necessary to comply with its servicing, administrative and management duties under and in accordance with the PSA.

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS:

LaSalle Bank, National Association, a National banking orgainization, whose principal office address is 135 S. LaSalle St. Chicago, IL 60674-4107, solely in its capacity as trustee (in such capacity hereinafter called "Trustee") under the PSA, and not in its corporate capacity, does make, constitute and appoint Midland Loan Services, Inc., a Delaware Corporation, with\OO( corporate offices at 210 West 10th Street, Kansas City, Missouri 64105, Trustee's true and lawful agent and attorney in fact with respect to the Mortgage Loans held by the Trustee in its capacity as Trustee in Trustee's name, place and stead, to prepare, complete, execute and deliver and record and file: (i) any and all financing statements, continuation statements and other documents or instruments necessary to maintain the validity, enforceability, perfection and priority of the lien created by a mortgage or deed of trust or similar instrument on each mortgage property and related collateral (the "Mortgaged Property") securing a Mortgage Loan held by the Trustee and serviced for the Trustee by  Servicer; (ii) subject to the provisions of the PSA, modifications, waivers, consents, assumptions, amendments or subordinations with respect to a Mortgage Loan or documents relating thereto; (iii) any and all assignments, deeds, deeds of release and reconveyance, satisfactions of mortgage, termination statements and any and all other instruments of satisfaction, assignment, conveyance, instruction or cancellation, or of partial or


EXHIBIT
Fayetteville
6

I:\data\legal\bag\poa1999CLF1

BOOK 4141 PAGE 412

full release or discharge and all other comparable instruments with respect to the Mortgage Loans and the Mortgaged Properties, which are customarily and reasonably necessary and appropriate to assign, partially release, or fully release or discharge upon payment in full and discharge in full all sums secured thereby, whether the Trustee is named therein as mortgagee or beneficiary or has become mortgagee or beneficiary by virtue of assignment of such mortgage, deed of trust or deed to secure debt; (iv) any and all instruments necessary or appropriate for the judicial or nonjudicial foreclosure of, the taking of a deed in lieu of foreclosure with respect to, or the conversion of title to any Mortgaged Property securing a Mortgage Loan owned by the Trustee and serviced by the Servicer for the Trustee; and, consistent with the authority granted by the PSA; to take any and all actions on behalf of the Trustee in connection with maintaining and defending the enforceability of such Mortgage Loan obligation and the collection thereof including, without limitation, the execution of any and all instruments necessary or appropriate in defense of and for the collection and enforcement of said Mortgage Loan obligation in accordance with the terms of the PSA.

## ARTICLE I

The enumeration of particular powers hereinabove is not intended in any way to limit the grant to Servicer as the Trustee's attorney in fact of full power and authority with respect to the Mortgage Loans to execute and deliver any such documents, instrument or other writing, as fully, to all intents and purposes, as Trustee might or could do if personally present, hereby ratifying and confirming whatsoever such attorney in fact shall and may do by virtue hereof; and Trustee agrees and represents to those dealing with such attorney in fact that they may rely upon this power of attorney until termination of the power of attorney under the provisions of Article III below. As between and among Trustee, the Certificateholders, the Trust Fund and Servicer, Servicer may not exercise any right, authority or power granted by this instrument in a manner which would violate the terms of the PSA or the servicing standard imposed on Servicer by the PSA, but any and all third parties dealing with Servicer as Trustee's attorney in fact may rely completely, unconditionally and conclusively on Servicer's authority and need not make inquiry about whether Servicer is acting pursuant to the PSA or such standard. Any purchaser, title company or other third party may rely upon a written statement by Servicer that any particular loan or property in question is subject to and included under this power of attorney and the PSA.

## ARTICLE II

An act or thing lawfully done hereunder by Servicer shall be binding on Trustee and Trustee's successor and assigns.

## ARTICLE III

This power of attorney shall continue in full force and effect from the date hereof until the earliest occurrence of any of the following events, unless sooner revoked in writing by the Trustee:

I:\data\legal\dak\poa\99CLFI1

BOOK **4141** PAGE **413**

(i)     the suspension or termination of this Limited Power of Attorney by the Trustee;

(ii)    the transfer of both servicing and special servicing under the PSA from Servicer to another Master Servicer or Special Servicer as applicable;

(iii)   the appointment of a receiver or conservator with respect to the business of Servicer, or;

(iv)    the filing of a voluntary or involuntary petition in bankruptcy by or against Servicer.

Nothing herein shall be deemed to amend or modify the PSA or the respective rights, duties or obligations of the Trustee or Servicer thereunder, and nothing herein shall constitute a waiver of any rights or remedies thereunder.

IN WITNESS WHEREOF, the Trustee has caused this instrument to be executed and its corporate seal to be affixed hereto by its officer duly authorized as of the _____ day of _____, 1999.

(SEAL)

LaSalle Bank National Association, as Trustee of Corporate Lease-Backed Certificates Series 1999-CLF1 (and not in its corporate capacity)

By _____
Russell M. Goldanberg
Group Senior Vice President

ATTEST:

_____
Secretary or Assistant Secretary

Robert K. Castle
Trust Officer

I:\data\legal\dak\poa\99CLFI1

BOOK 4141 PAGE 414

STATE OF ILLINOIS          )
                                      ) ss.
COUNTY OF COOK          )

On this _16th_ day of _DECEMBER_, 1999, before me personally appeared _RUSSELL GOLDENBERG_, to me personally known, who, being by me duly sworn, did acknowledge and say that he is the _GSVP_ of LaSalle Bank National Association, fka LaSalle National Bank, a national bank, as Trustee, and that the seal affixed to the foregoing instrument is the corporate seal of said corporation by authority of its board of directors, and said Russell M. Goldenberg did acknowledge said instrument to be the free act and deed of said corporation.

"OFFICIAL SEAL"
Vicky D. Williams
Notary Public, State of Illinois
My Commission Exp. 4/20/2003

Notary Public
My Commission expires: _4/20/03_

CODED ____  ENTERED ____
VERIFIED ____  VERIFIED ____

State of Kansas, County of Wyandotte, ss.
I, THOMAS W. GRONEMEN, Register of Deeds
in and for the County and State aforesaid,
do hereby certify that the foregoing is a
true and correct copy of an instrument of
writing filed in this office on the _10_ day
of _Dec_, 19 _99_ as the same appears of
record in book _4141_ at page _411_
WITNESS, my hand and seal this _10_ day of _Dec_, 19 _99_

Register of Deeds/Deputy

REC. FEE: 12.00
DEED FEE:
QUIT CLAIM FEE:
PAGES: 4

REGISTER OF DEEDS
THOMAS W. GRONEMAN
12-10-1999 8:43 AM
RECORDED ON
WYANDOTTE COUNTY, KS
REGISTER'S OFFICE
131S324