Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
et al.,                        :
                               :   Jointly Administered
              Debtors.         :   **Obj. Deadline: January 29, 2010**
- - - - - - - - - - - - - - - x   **at 5:00 p.m. (ET)**

**NOTICE OF PROPOSED SETTLEMENT AND STIPULATION BY AND AMONG
THE DEBTORS AND ONKYO USA CORPORATION RESOLVING THE
DEBTORS' FOURTH OMNIBUS OBJECTION TO
CLAIMS 128, 958, AND 2295**

PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(the "Settlement Procedures Order") (Docket No. 4401).[1]  A
copy of the Settlement Procedures Order (without exhibits)
is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the
Settlement Procedures Order, the above-captioned debtors
and debtors in possession (collectively, the "Debtors")[2] are
authorized to negotiate and enter into stipulation and
settlement agreements with third parties, subject to the
procedures set forth in the Settlement Procedures Order and
outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time,
the Debtors have entered into a stipulation and settlement
agreement (the "Agreement") with Onkyo USA Corporation, a
copy of which is annexed as <u>Exhibit 2</u>.

### SUMMARY OF AGREEMENT TERMS[3]

---

[1]  Capitalized terms not otherwise defined herein shall have the
meanings ascribed to such terms in the Agreement (defined below) or
the Solicitation Procedures Order.

[2]  The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
(0875), Ventoux International, Inc. (1838), Circuit City Purchasing
Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution
Company of Virginia, Inc. (2821), Circuit City Properties, LLC
(3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency,
Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311),
PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit
City Stores PR, LLC (5512).  The address for Circuit City Stores
West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado
80031.  For all other Debtors, the address was 9950 Mayland Drive,
Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive,
Glen Allen, VA 23060.

[3]  This section of the notice constitutes a summary of the material
terms of the Agreement and is being provided for convenience only
and should not be relied upon in any way.  All parties are strongly
encouraged to review the Agreement in its entirety.  In the event
there is a conflict between the notice and the Agreement, the
Agreement shall control in all respects.

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Agreement are as follows:

(i)   The Agreement is between the Debtors and Onkyo USA Corporation (the "Claimant" and together with the Debtors, the "Parties" and each of which is a "Party"),

(ii)  Claimant filed the following proofs of claims (each a "Claim" and together, the "Claims"):

| Claim Number | Claim Amount |
|---|---|
| 128 | $4,905,048.57 |
| 958 | $6,627,475.57 |
| 2295 | $6,627,475.57 |

(iii)  The Debtors objected to certain of the Claims in the Debtors' Fourth Omnibus Objection to Certain Duplicate Claims on April 17, 2009 (Docket No. 3096) (the "Omnibus Objection"),

(iv)  Claimant filed a response to the Omnibus Objection on May 20, 2009 (Docket No. 3389) (the "Response") asking that instead of certain of the Claims being disallowed entirely for being duplicates, that each of the Claims be allowed in a reduced amount,

(v)   Therefore, pursuant to the Agreement, upon the occurrence of the Effective Date, the following Claims shall be deemed modified as follows: (the "Surviving Claims"):

| Claim Number | Claim Amount |
|---|---|

128                          $3,927,287.70[4]

958                          $977,716.50[5]

2295                         $1,722,471.37[6]

(vi) Upon the occurrence of the Effective Date,
the Response shall be deemed withdrawn.

(vii) Upon the occurrence of the Effective Date,
the Omnibus Objection to the Claims shall
be deemed resolved.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Settlement Procedures Order,
any Notice Party may object (each an "Objection") to or
request additional time or information (each a "Request")
to evaluate the Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be in writing and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (see information below) by no later
**January 29, 2010 at 5:00 p.m. (ET)** (the "Objection
Deadline").  Each Objection or Request must be served on (i)
the attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks

---

[4]  Supported by the invoices attached to such Claim with the exception
of (i) the invoices set forth on Exhibit 'A" attached hereto and (ii)
the four (4) invoices set forth on Exhibit "B" attached hereto.

[5]  Supported by the invoices set forth on Exhibit "A" attached hereto.

[6]  Supported by the invoices attached to such Claim, with the exception
of the invoices attached to Claim 128 as originally filed, but
including the four (4) invoices set forth on Exhibit B" attached
hereto.

(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue,
36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to
the Agreement and you do not want the Debtors to proceed
with the Agreement or you want the Court to consider your
views concerning the Agreement, you or you attorney must
also:

file in writing with the Court, Clerk of Court,
United States Bankruptcy Court, 701 East Broad
Street, Suite 4000, Richmond, Virginia 23219, or
electronically (www.vaeb.uscourts.gov), a written
Objection pursuant to Local Bankruptcy Rule 9013-
1(H). If you mail your Objection to the Court for
filing, you must mail it early enough so the
Court will **receive it on or before January 29,
2010 at 5:00 p.m. (ET)**.

**Any Objection to the Agreement must be submitted by the
method described in the foregoing sentence.  Objections
will be deemed filed only when actually received at the
address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(d) of the Settlement Procedures Order, if a
Notice Party submits a Request, only such Notice Party
shall have the later of (i) an additional five (5) days to
object to the Agreement or (ii) in the case of a Request
for additional information, three (3) days after receipt by
the Notice Party of the additional information requested.
Each Notice Party may only make one Request for additional
time per Agreement, unless otherwise agreed to by the
Debtors in their sole discretion.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Agreement without further order of the Court or any other action by the Debtors**.

Dated: January 19, 2010    SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia    FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

             IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
                               :
In re:                         :    Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :    1Case No. 08-35653 (KRH)
et al.,                        :
                               :
            Debtors.           :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

         Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 9006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the establishment of procedures to settle certain pre-petition and post-petition claims and causes of action without further court approval; and the Court having reviewed the Motion; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.   Based on the affidavits of service filed, due, proper and adequate notice of the Motion has been given in accordance with the Case Management Order and that no other or further notice is necessary;

2.   The Notice Procedures are fair, reasonable, and appropriate.

3.   The Settlement Procedures are fair reasonable, and appropriate.

4.   The Notice and Settlement Procedures were proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)    The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)    The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)    The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action to consummate the proposed settlement without first obtaining Court approval for that specific Settlement.  The Debtors are authorized to schedule the Settlement for a hearing at the next scheduled omnibus hearing following the Objection Deadline (or any subsequent hearing) without filing a separate motion or other pleading.

(f)   If the Objection Deadline has passed and no objection has been filed with the Court or request for additional time or information has been received by the Debtors, the Debtors are authorized, but not directed, to file a "Certificate of No Objection" with the Court; <u>provided</u>, <u>further</u>, that each such Certificate shall set forth a statement that no objection was filed or received (or if any objection was filed or received, such objection has been resolved) and no request for additional time or information was received or, if such request was received, the additional period of review has expired.

(g)   An objection will be considered properly filed and served only if it is filed with the Court, and actually received by the following parties on or before the Objection Deadline: (i) Clerk of the Bankruptcy Court, United States Bankruptcy Court, 701 East Broad Street – Room 4000, Richmond, VA  23219, (ii) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.    Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    <u>Tier I</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    <u>Tier II</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as applicable, in an amount greater than $500,000.

12.    Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)    <u>Tier I</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value (i) equal to or greater than seventy-five percent (75%) of the Debtors' original reasonable estimate of the Cause of Action and Receivable Claim amount and (ii) equal to or less than $1,000,000.

(b)    <u>Tier II</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value equal to (i) more than $1,000,000 or (ii) less than

> seventy-five percent (75%) of the Debtors'
> original reasonable estimate of the Cause of
> Action and Receivable Claim amount.

13.   To memorialize the Settlements, the Debtors are authorized in their sole discretion, but not directed, to enter into Settlement Agreements substantially in the form of <u>Exhibit A</u> attached hereto; <u>provided</u>, <u>further</u>, that the material terms of each Settlement Agreement may vary depending upon the specific facts and circumstances of each Settlement and nothing herein or therein shall be construed as impairing the Debtors' ability to tailor the form of the Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not directed, to resolve all of the Disputed Claims and Cause of Action and Receivable Claims of a single party in a single Settlement Agreement.

15.   The Debtors shall provide written notice to Kurtzman Carson Consultants LLC ("KCC"), the Debtors' authorized claims and noticing agent, with respect to any proof of claim settled pursuant to these Settlement Procedures; <u>provided</u>, <u>further</u>, that, if applicable, KCC

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.  Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.  Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
Aug 7 2009_____, 2009

/s/ Kevin R. Huennekens

UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

12

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

      Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                        /s/ Douglas M. Foley
                        Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.    Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.    Douglas M. Foley (VSB
SKADDEN, ARPS, SLATE,    No. 34364)
MEAGHER & FLOM, LLP    MCGUIREWOODS LLP
One Rodney Square    One James Center
PO Box 636    901 E. Cary Street
Wilmington, Delaware    Richmond, Virginia 23219
19899-0636    (804) 775-1000
(302) 651-3000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
          Debtors.            :    Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AND STIPULATION BY AND AMONG THE DEBTORS AND
ONKYO USA CORPORATION RESOLVING THE DEBTORS' FOURTH
OMNIBUS OBJECTION TO CLAIMS 128, 958, AND 2295**

This settlement agreement and stipulation (the

"Agreement") is entered into by and among the above-

captioned debtors and debtors in possession (the

"Debtors"), on the one hand, and Onkyo USA Corporation

(the "Claimant" and together with the Debtors, the

"Parties" and each of which is a "Party"), on the other

hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to Bankruptcy Code sections

1107(a) and 1108; and

WHEREAS, on November 12, 2008, the Office of

the United States Trustee for the Eastern District of

Virginia appointed a statutory committee of unsecured

creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has

been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court

authorized the Debtors, among other things, to conduct

going out of business sales at the Debtors' remaining
567 stores pursuant to an agency agreement (the "Agency
Agreement") between the Debtors and a joint venture, as
agent (the "Agent").  On January 17, 2009, the Agent
commenced going out of business sales pursuant to the
Agency Agreement at the Debtors remaining stores.  As of
on or about March 8, 2009, the going out of business
sales concluded; and

WHEREAS, the Debtors are authorized under the
Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R.
Bankr. P. 2002, 9006, and 9019 Authorizing the
Establishment of Procedures to Settle Certain Pre-
Petition and Post-Petition Claims and Causes of Action
Without Further Court Approval dated August 7, 2009 and
entered on August 10, 2009(the "Settlement Procedures
Order") (Docket No. 4401)[1] to enter into this Agreement,
subject to the Notice Procedures; and

---

[1]   All capitalized terms not otherwise defined herein shall have the
      meaning ascribed to such terms in the Settlement Procedures Order.

3

## SETTLEMENT BACKGROUND

WHEREAS, Claimant filed the following proofs
of claim (the "Claims"):

| Claim Number | Claim Amount |
|---|---|
| 128 | $4,905,048.57 |
| 958 | $6,627,475.57 |
| 2295 | $6,627,475.57 |

WHEREAS, the Debtors filed an objection to
certain of the Claims in the Debtors' Fourth Omnibus
Objection to Certain Duplicate Claims on April 17, 2009
(Docket No. 3096) (the "Omnibus Objection"); and

WHEREAS, the Claimant filed a response to the
Omnibus Objection on May 20, 2009 (Docket No. 3389) (the
"Response") asking that instead of certain of the Claims
being disallowed entirely for being duplicates, that
each Claim be allowed in a reduced amount; and

WHEREAS, the parties wish to resolve the
Omnibus Objection in its entirety as it relates to the
Claims by this Agreement;

NOW THEREFORE, subject to and in accordance
with the Settlement Procedures Order, for good and
valuable consideration the receipt and sufficiency of

4

which is hereby acknowledged, the Parties hereby

STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

    1.   Upon the occurrence of the Effective Date

(as defined below), the Claims shall be deemed modified

as follows: (the "Surviving Claims"):

| Claim Number | Claim Amount |
|---|---|
| 128 | $3,927,287.70[2] |
| 958 | $977,716.50[3] |
| 2295 | $1,722,471.37[4] |

    2.   Upon the occurrence of the Effective Date,

the Response shall be deemed withdrawn.

    3.   Upon the occurrence of the Effective Date,

the Omnibus Objection to the Claims shall be deemed

resolved.

    4.   Nothing contained herein shall constitute

an allowance of the Surviving Claims or be deemed an

---

[2] Supported by the invoices attached to such Claim with the exception of (i) the invoices set forth on Exhibit 'A" attached hereto and (ii) the four (4) invoices set forth on Exhibit "B" attached hereto.

[3] Supported by the invoices set forth on Exhibit "A" attached hereto.

[4] Supported by the invoices attached to such Claim, with the exception of the invoices attached to Claim 128 as originally filed, but including the four (4) invoices set forth on Exhibit B" attached hereto.

admission of liability on the part of the Debtors or Claimant with respect to the Surviving Claims. The Debtors' rights to object to the Surviving Claims at a later time on any grounds that applicable law permits are not waived and are expressly reserved.

5.    Neither this Agreement, nor any statement made or action taken in connection with the negotiation of this Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Agreement or (b) to seek damages or injunctive relief in connection therewith.

6.    Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

7.    No provision of this Agreement is intended to confer any rights, benefits, remedies,

6

obligations or liabilities hereunder upon any person other than the parties hereto and their respective successors.

8.   This Agreement shall be governed by and construed in accordance with the Bankruptcy Code and the internal laws of the Commonwealth of Virginia without regard to any choice of law provisions.

9.   This Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

10.   This Agreement constitutes the entire agreement and understanding of the Parties regarding the Agreement and the subject matter thereof.

11.   The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Agreement.

12.   Each person or entity who executes this Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Agreement.

13.   This Agreement is effective upon the later of (i) execution by both Parties and (ii) the expiration of the applicable Notice Period (such date, the "Effective Date").

14.   This Agreement shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or order of the Bankruptcy Court.

IN WITNESS WHEREOF, this Agreement is hereby
executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO:

By:                              By:
                                 SKADDEN, ARPS, SLATE, MEAGHER
/s/ Larry D. Henin               & FLOM, LLP
Larry D. Henin, Esq.             Gregg M. Galardi, Esq.
EDWARDS ANGELL PALMER &          Ian S. Fredericks, Esq.
DODGE LLP                        P.O. Box 636
750 Lexington Avenue             Wilmington, Delaware
New York, New York 10022         19899-0636
(212) 308-4411                   (302) 651-3000

Counsel for Onkyo USA            - and -
Corporation
                                 SKADDEN, ARPS, SLATE, MEAGHER
                                 & FLOM, LLP
                                 Chris L. Dickerson, Esq.
                                 155 North Wacker Drive
                                 Chicago, Illinois 60606
                                 (312) 407-0700

                                 - and -

                                 MCGUIREWOODS LLP

                                 /s/ Douglas M. Foley
                                 Dion W. Hayes
                                 (VSB No. 34304)
                                 Douglas M. Foley
                                 (VSB No. 34364)
                                 One James Center
                                 901 E. Cary Street
                                 Richmond, Virginia 23219
                                 (804) 775-1000

                                 Counsel for Debtors and
                                 Debtors in Possession

Dated: January 19, 2010

9

**EXHIBIT A**

**Schedule A**

| Invoice # | Order # | Invoice Date | Due Date | Original $ | Balance $ |
|---|---|---|---|---|---|
| 1114832 | 2170020 | 10/21/2008 | 11/15/2008 | 16,575.00 | 16,575.00 |
| 1114958 | 2170025 | 10/22/2008 | 11/16/2008 | 123,296.00 | 123,296.00 |
| 1114848 | 2170026 | 10/22/2008 | 11/16/2008 | 95,958.00 | 95,958.00 |
| 1114879 | 2170019 | 10/22/2008 | 11/16/2008 | 73,680.00 | 73,680.00 |
| 1114880 | 2170019 | 10/22/2008 | 11/16/2008 | 73,680.00 | 73,680.00 |
| 1114881 | 2170019 | 10/22/2008 | 11/16/2008 | 73,680.00 | 73,680.00 |
| 1114882 | 2170019 | 10/22/2008 | 11/16/2008 | 73,680.00 | 73,680.00 |
| 1114883 | 2170019 | 10/22/2008 | 11/16/2008 | 73,680.00 | 73,680.00 |
| 1114898 | 2170019 | 10/22/2008 | 11/16/2008 | 73,680.00 | 73,680.00 |
| 1114959 | 2170018 | 10/22/2008 | 11/16/2008 | 45,743.00 | 45,743.00 |
| 1114951 | 2170018 | 10/22/2008 | 11/16/2008 | 31,025.00 | 31,025.00 |
| 1114956 | 2170019 | 10/22/2008 | 11/16/2008 | 27,937.00 | 27,937.00 |
| 1114850 | 2170020 | 10/22/2008 | 11/16/2008 | 25,375.00 | 25,375.00 |
| 1114960 | 2170024 | 10/22/2008 | 11/16/2008 | 23,156.00 | 23,156.00 |
| 1114849 | 2172121 | 10/22/2008 | 11/16/2008 | 15,080.00 | 15,080.00 |
| 1114955 | 2172120 | 10/22/2008 | 11/16/2008 | 13,050.00 | 13,050.00 |
| 1114954 | 2170018 | 10/22/2008 | 11/16/2008 | 5,278.00 | 5,278.00 |
| 1114851 | 2171716 | 10/22/2008 | 11/16/2008 | 4,350.00 | 4,350.00 |
| 1114957 | 2171716 | 10/22/2008 | 11/16/2008 | 3,675.00 | 3,675.00 |
| 1114950 | 2170019 | 10/22/2008 | 11/16/2008 | 2,975.00 | 2,975.00 |
| 1114847 | 2159560 | 10/22/2008 | 11/16/2008 | 1,919.50 | 1,919.50 |
| 1115183 | 2170023 | 10/24/2008 | 11/18/2008 | 82,786.00 | 82,786.00 |
| 1115177 | 2170017 | 10/24/2008 | 11/18/2008 | 17,458.00 | 17,458.00 |
| | | | | | 977,716.50 |

**EXHIBIT B**

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

Debtors' Twentieth Omnibus Objection to Claims to Claims (Reclassification To Unsecured Claims Of Certain Claims
Filed As 503(B)(9) Claims For Goods Received By The Debtors Not Within Twenty Days Of The Commencement
Of The Cases) - Modified

## EXHIBIT A

### CLAIM TO BE MODIFIED

Claim: 128
Date Filed:   11/20/2008
Docketed Total:   $4,905,048.57
Filing Creditor Name and Address:
ONKYO USA CORPORATION
18 PARK WAY
UPPER SADDLE RIVER, NJ 07458

### CLAIM AS DOCKETED*

Claim Holder Name and Address
ONKYO USA CORPORATION
18 PARK WAY
UPPER SADDLE RIVER, NJ 07458

| Case Number: | 08-35653 |
| --- | --- |
| 503(b)(9): | $4,905,048.57 |
| Unsecured: | |
| Docketed Total: | $4,905,048.57 |

### GOODS OUTSIDE STATUTORY 20 DAY PERIOD

Invoice Detail

Filing Creditor Name:   ONKYO USA CORPORATION

Claim:   128
Invoice Total:   $44.37

| INVOICE DATE | RECEIPT DATE | INVOICE NUMBER | INVOICE AMOUNT |
| --- | --- | --- | --- |
| 10/21/2008 | 10/14/2008 | 535414 | $34.97 |
| 10/27/2008 | 07/09/2008 | 535795 | $4.67 |
| 10/31/2008 | 09/24/2008 | 536037 | $4.66 |
| 10/31/2008 | 10/08/2008 | 536040 | $0.07 |

Invoice Total:   $44.37

### CLAIM AS MODIFIED

| Case Number: | 08-35653 |
| --- | --- |
| 503(b)(9): | $4,905,004.20 |
| Unsecured: | $44.37 |
| Modified Total: | $4,905,048.57 |

*"UNL" denotes an unliquidated claim.