UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CIRCUIT CITY STORES, INC., *et al.* ) | Case No. 08-35653-KRH |
| ) | Chapter No. 11 |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |
| ) | |

## EXHIBIT A TO TRANSFER OF CLAIM OTHER THAN FOR SECURITY

### INTRODUCTION

1. This Exhibit A supplements the information stated in the accompanying Transfer Of Claim Other Than For Security and is hereby incorporated as part of the Transfer Of Claim Other Than For Security.

### BASIS OF THE TRANSFER

2. On November 10, 2008 (the "**Petition Date**"), Circuit City Stores, Inc. and seventeen (17) of its affiliates (collectively, the "**Debtors**"),[1] which collectively own and operate a chain of electronic stores, online websites and a telephone product call center, filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**").

3. Drexel Delaware Ltd Partnership ("**Drexel**") and Circuit City Stores, Inc. (the "**Debtor**") were parties to a lease dated November 7, 1995 (the "**Lease**"), between Drexel, as landlord, and Debtor, as tenant, with respect to certain real property located at 910 Hanes Mall

---

[1] The Debtors are Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp., Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courcheval, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

85438168.1

Boulevard, Winston-Salem, North Carolina 27103 (the "**Leased Premises**").[2] The Leased Premises are part of a "shopping center" within the meaning of section 365 of the Bankruptcy Code. From November 7, 1995, to, at least, March 12, 2009, Debtor occupied and used the Leased Premises. On March 5, 2009, Debtor filed a *Notice of Rejection of Unexpired Leases and Abandonment of Personal Property*, *see* Dkt. No. 2434, wherein Debtor provided that its rejection of the Lease pursuant to section 365 of the Bankruptcy Code "shall become effective on March 12, 2009 or such later date as the Debtors surrender the premises." *See id.*

4.   LaSalle Bank National Association f/k/a LaSalle National Bank, as trustee for Corporate Credit-Backed Pass-Through Certificates, Series 1997-CTL-1 (the "**Noteholder**"), acting by and through Midland Loan Services, Inc. ("**Midland**"), a Delaware corporation, is the master and special servicer, pursuant to that certain Pooling and Servicing Agreement, dated as of January 15, 1997, with respect to that certain Deed of Trust Note, dated November 7, 1995 (the "**Note**"), in the principal amount of $5,914,430.00, by and between WEC 95B Winston-Salem Limited Partnership (the "**Original Borrower**"), as Maker, and Capital Lease Funding, L.P. (the "**Original Noteholder**"), as Payee.[3]

5.   Repayment of the Note is secured by, *inter alia*, the liens, security interests, terms and provisions contained within a Deed of Trust, Security Agreement and Assignment of Leases and Rents (as amended and/or modified, if applicable the "**Deed of Trust**"), dated November 7, 1995, executed and delivered by the Original Borrower, as Trustor, unto the Original Noteholder, as Beneficiary.[4] The Note, the Deed of Trust, and all other documents executed in connection

---

[2] Attached hereto as **Exhibit B** and incorporated herein for all purposes is a true and correct copy of the Lease.
[3] Attached hereto as **Exhibit C** and incorporated herein for all purposes is a true and correct copy of the Note.
[4] Attached hereto as **Exhibit D** and incorporated herein for all purposes is a true and correct copy of the Deed of Trust.

85438168.1

- 2 -

therewith or relating in any way thereto, are referred to hereinafter either individually or collectively as the "**Loan Documents.**"

6. Pursuant to one or more endorsements, assignments or transfers of the Loan Documents, Noteholder is the current (i) owner and holder of the (x) right to receive payments due under the Note and (y) right to receive the total outstanding indebtedness evidenced by the Note; and (ii) current owner of the (x) liens, (y) security interests, and (z) right to enforce the terms and provisions contained within the Deed of Trust and the other Loan Documents.[5]

7. On April 8, 2009, Drexel filed a proof of claim for lease rejection damages in the amount of $890,379.81 against the Debtor. *See* KC Claim No. 12258. On June 30, 2009, Drexel filed a claim for administrative expenses in the amount of $63,537.81 against the Debtor. *See* KC Claim No. 14347. The proof of claim for lease rejection damages and the claim for administrative expenses are referred to hereinafter either individually or collectively as the "**Claims.**"

8. Pursuant to various provisions within the Deed of Trust, Midland is entitled to collect, on behalf of Noteholder, the proceeds of any distribution resulting from Drexel's Claims. Specifically, the Deed of Trust provides that, as security for the indebtedness, Drexel "irrevocably grants, bargains, sells and conveys"

> (d) all right, title and interest of Trustor in and to the lease dated as of November 7, 1995 (the "Lease") between Trustor, as lessor, and Circuit City Stores, inc., a Virginia corporation, as lessee ("Lessee") and all other leases and subleases (including, without limitation, all guarantees thereof) and other agreements affecting the use, enjoyment or occupancy of the Premises and the Improvements heretofore or hereafter entered into (the "Other Leases") and **all income, rents, issues, profits and revenues (including all oil and gas or other**

---

[5] Attached hereto as **Exhibit E** and incorporated herein for all purposes is a true and correct copy of the Assumption and Modification Agreement and Consent from the Original Borrower to Drexel. Attached hereto as **Exhibit F** and incorporated herein for all purposes is a true and correct copy of the Assignment of Loan Documents from the Original Noteholder to Noteholder. Attached hereto as **Exhibit G** and incorporated herein for all purposes is a true and correct copy of the Assignment of Assignment of Leases and Rents from the Original Noteholder to Noteholder.

85438168.1

- 3 -

**mineral royalties and bonuses) from the Premises and the Improvements (the "Rents") and all proceeds from the sale or other disposition of the leases and the right to receive and apply the Rents to the payment of the Debt;**

. . .

(h)    **all accounts receivable, contract rights, interests, estate or other claims, both in law and in equity, which Trustor now has or may hereafter acquire in the Trust Property or any part thereof, and all reserve accounts, accounts for the deposit, collection and/or disbursement of Rents and other accounts now or hereafter in existence with respect to the Loan** (hereinafter defined), including, without limitation, that certain account for the payment of Rents to Beneficiary described in paragraph 14(a) of the Assignment of Lease and Rents delivered to Beneficiary by Trustor on the date hereof; and

Deed of Trust p. 2-5 (emphasis added). Moreover, the Deed of Trust provides Noteholder with the authority to take any action to protect its security, Deed of Trust pp. 22-23, and to "collect and receive all earnings, revenues, rents, issues profits and other income of the Trust Property" upon the occurrence of an event of default. Deed of Trust pp. 24-26.[6] Therefore, Noteholder has the requisite authority to effectuate the transfer of the Claims filed by Drexel to recover all distributions pursuant to the Claims.

9.    Finally, Midland has the requisite standing to act on behalf of Noteholder. First, that certain Pooling and Servicing Agreement (the "**PSA**") dated as of January 15, 1997, by and among Capital Lease Funding Securitization, L.P., as Depositor, Midland, as Servicer, and LaSalle National Bank, as Trustee for Noteholder, and a Power of Attorney between the same parties set forth the Servicer's authority to act on behalf of Noteholder to administer and service the Loan.[7] Further, the Deed of Trust provides that the

---

[6] Because the Note is in payment default, Noteholder is now acting, through Midland, to recover all sums which constitute a part of the debt that it is owed, including proceeds of the Claims filed by Drexel.

[7] The PSA is voluminous and thus not attached hereto, but will be made available upon proper and timely request. Attached hereto as **Exhibit H** and incorporated herein for all purposes is a true and correct copy of the Power of Attorney.

85438168.1                                - 4 -

> Beneficiary may from time to time appoint one or more servicers (collectively, the "Servicer") to administer the Loan or otherwise perform certain functions in connection with the Loan, which Servicer shall have the power and authority to exercise all of the rights and remedies of Beneficiary and to act as agent of Beneficiary hereunder.

Deed of Trust p.40-41. Therefore, in conclusion, Midland is entitled to collect, on behalf of Noteholder, the proceeds of any distribution resulting from Drexel's Claims.

| Dated: January 13, 2010 | |
|---|---|
| | *By:* LaSalle Bank National Association f/k/a LaSalle National Bank, as trustee for Corporate Credit-Backed Pass-Through Certificates, Series 1997-CTL-1 |
| | By: Midland Loan Services, Inc., a Delaware Corporation, *in its capacity as special servicer* |
| | By: _[signature]_ |
| | Name: <u>Kevin Donahue</u> |
| | Title: <u>Senior Vice President</u> |

85438168.1                                     - 5 -