manner and to such extent as Beneficiary and/or Servicer may deem necessary to protect the security hereof. Beneficiary and Servicer (and their agents, employees, contractors, engineers, architects, nominees, attorneys or other representatives) are authorized to enter upon Trust Property for such purposes and Beneficiary and/or Servicer are authorized to appear in, defend, or bring any action or proceeding to protect Beneficiary's interest in the Trust Property or to foreclose this Mortgage or collect the Debt, and the cost and expense thereof (including, without limitation, reasonable attorneys' fees and disbursements to the extent permitted by law), with interest as provided in this paragraph 23, shall constitute a portion of the Debt and shall be due and payable to Beneficiary upon demand. All such costs and expenses incurred by Beneficiary and/or Servicer in remedying such Event of Default or in appearing in, defending, or bringing any such action or proceeding shall bear interest at the Default Rate, for the period after notice from Beneficiary and/or Servicer that such cost or expense was incurred to the date of payment to Beneficiary and/or Servicer. All such costs and expenses incurred by Beneficiary or Servicer together with interest thereon calculated at the above rate shall be deemed to be protective advances hereunder and shall constitute a portion of the Debt and be secured by this Mortgage and the Other Security Documents and shall be immediately due and payable upon demand by Beneficiary or Servicer therefor.

(b)    Foreclosure through Trustee will be initiated by Beneficiary's filing of its notice of election and demand for sale with Trustee. Upon the filing of such notice of election and demand for sale, Trustee shall promptly comply with all notice and other requirements of the laws of the state in which the Trust Property is located then in force with respect to such sales. Any sale conducted by Trustee pursuant to this Paragraph shall be held at the front door of the county courthouse for such County, or on the Premises, or at such other place as similar sales are then customarily held in such County, provided that the actual place of sale shall be specified in the notice of sale. At the conclusion of any foreclosure sale, the officer conducting the sale shall execute and deliver to the purchaser at the sale a certificate of purchase which shall describe the property sold to such purchaser and shall state that upon the expiration of the applicable periods for redemption, the holder of such certificate will be entitled to a deed to the property described in the certificate. After the expiration of all applicable periods of redemption, unless the property sold has been redeemed by Trustor, the officer who conducted such sale shall, upon request, execute and deliver an appropriate deed to the holder of the certificate of purchase or the last certificate of redemption, as the case may be, and such deed shall operate to divest Trustor and all persons claiming under Trustor of all rights, title, and interest, whether legal or equitable, in the property described in the deed. Nothing in this Paragraph dealing with foreclosure procedures or specifying particular actions to be taken by Beneficiary or by Trustee or any similar officer shall be deemed to contradict or add to the requirements and procedures now or hereafter specified by the laws of the state in which the Trust Property is located, and any such inconsistency shall be resolved in favor of the laws of the state in which the Trust Property is located applicable at the time of foreclosure.

(c)    In order to facilitate Beneficiary and/or Servicer's rights under subparagraph (a) above, Trustor hereby further grants to Beneficiary and Servicer and any agents, employees, contractors, engineers, architects, nominees, attorneys and other

-21-

representatives of Beneficiary and/or Servicer, an irrevocable non-terminable license on, over, through and under the Trust Property in order to exercise any such rights. Such license is self-effectuating, and shall be binding upon Trustor and all successors and assigns of Trustor. Trustor shall cause the foregoing rights of Beneficiary and license to be agreed to by and binding upon all tenants of the Trust Property and all successors and assigns of such tenants. Trustor shall promptly execute, and cause to be executed, any other documents required by Beneficiary in order to further confirm the foregoing rights of Beneficiary and license. For the foregoing purposes, Trustor constitutes and appoints each of Beneficiary and Servicer its true and lawful attorney-in-fact with full power of substitution to exercise any such rights in the name of Trustor. Trustor empowers each of said attorneys-in-fact to do any and every act which Trustor might do in its own behalf to fulfill the terms of this Mortgage, the other Loan documents and/or the Lease. It is further understood and agreed that the foregoing powers of attorney, which shall be deemed to be powers coupled with an interest, cannot be revoked. Trustor specifically agrees that all powers granted to Beneficiary and Servicer under this Mortgage may be assigned by Beneficiary to its successors or assigns as holder of the Note and by Servicer to its successors or assigns as servicer of the Loan.

24.    Late Payment Charge. If any portion of the Debt is not paid on or before date on which it is due, Trustor shall pay to Beneficiary upon demand an amount equal to the lesser of five percent (5%) of such unpaid portion of the Debt or the maximum amount permitted by applicable law, to defray the expense incurred by Beneficiary in handling and processing such delinquent payment and to compensate Beneficiary for the loss of the use of such delinquent payment, and such amount shall be secured by this Deed of Trust and the Other Security Documents.

25.    Prepayment After Event of Default. If following the occurrence of any Event of Default, Trustor shall tender payment of an amount sufficient to satisfy the Debt at any time prior to a sale of the Trust Property either through foreclosure or the exercise of other remedies available to Beneficiary under this Deed of Trust, such tender by Trustor shall be deemed to be a voluntary prepayment under the Note and this Deed of Trust in the amount tendered. If at the time of such tender prepayment of the principal balance of the Note is not permitted, Trustor shall, in addition to the entire Debt, also pay to Beneficiary a sum equal to interest which would have accrued on the principal balance of the Note at the Applicable Interest Rate from the date of such tender to the earlier of (i) the Maturity Date (as defined in the Note), or (ii) the first day of the period during which prepayment of the principal balance of the Note would have been permitted together with a prepayment consideration equal to the prepayment consideration which would have been payable as of the first day of the period during which prepayment would have been permitted. If at the time such tender prepayment of the principal balance of the Note is permitted, Trustor shall, in addition to the entire Debt, also pay to Beneficiary the applicable prepayment consideration specified in the Note.

26.    Right of Entry. Beneficiary and its agents shall have the right to enter and inspect the Trust Property at all reasonable times.

27. <u>Remedies</u>.   (a)   Upon the occurrence of any Event of Default, Beneficiary may take such action, without notice or demand, as it deems advisable to protect and enforce its rights against Trustor and in and to the Trust Property, including, but not limited to, the following actions, each of which may be pursued concurrently or otherwise, at such time and in such order as Beneficiary may determine, in its sole discretion, without impairing or otherwise affecting the other rights and remedies of Beneficiary:

(i)  declare the entire Debt to be immediately due and payable;

(ii) institute proceedings for the complete foreclosure of this Deed of Trust in which case the Trust Property or any interest therein may be sold for cash or upon credit in one or more parcels or in several interests or portions and in any order or manner;

(iii) with or without entry, to the extent permitted and pursuant to the procedures provided by applicable law, institute proceedings for the partial foreclosure of this Deed of Trust for the portion of the Debt then due and payable, subject to the continuing lien of this Deed of Trust for the balance of the Debt not then due;

(iv) sell for cash or upon credit the Trust Property or any part thereof and all estate, claim, demand, right, title and interest of Trustor therein and rights of redemption thereof, pursuant to power of sale or otherwise, at one or more sales, as an entity or in parcels, at such time and place, upon such terms and after such notice thereof as may be required or permitted by law;

(v)  institute an action, suit or proceeding in equity for the specific performance of any covenant, condition or agreement contained herein or in the Note;

(vi) recover judgment on the Note either before, during or after any proceedings for the enforcement of this Deed of Trust;

(vii) apply for the appointment of a trustee, receiver, liquidator or conservator of the Trust Property, without notice and without regard for the adequacy of the security for the Debt and without regard for the solvency of the Trustor, any Guarantor or of any person, firm or other entity liable for the payment of the Debt;

(viii)  enter into or upon the Trust Property, either personally or by its agents, servicers, nominees or attorneys and dispossess Trustor and its agents and servants therefrom, and thereupon Beneficiary may (A) use, operate, manage, control, insure,

-23-

maintain, repair, restore and otherwise deal with all and every part of the Trust Property and conduct the business thereat; (B) complete any construction on the Trust Property in such manner and form as Beneficiary deems advisable; (C) make alterations, additions, renewals, replacements and improvements to or on the Trust Property; (D) exercise all rights and powers of Trustor with respect to the Trust Property, whether in the name of Trustor or otherwise, including, without limitation, the right to cancel, enforce or modify the Lease and, if the Lease shall no longer be in effect, the right to make, cancel, enforce or modify new leases, obtain and evict tenants, and demand, sue for, collect and receive all earnings, revenues, rents, issues profits and other income of the Trust Property and every part thereof; and (E) apply the receipts from the Trust Property to the payment of the Debt, after deducting therefrom all expenses (including reasonable attorneys' fees) incurred in connection with the aforesaid operations and all amounts necessary to pay the Taxes, assessments, insurance and Other Charges in connection with the Trust Property, as well as just and reasonable compensation for the services of Beneficiary, its counsel, agents and employees; or

(ix)  pursue such other rights and remedies as may be available at law and in equity.

In the event of a sale, by foreclosure or otherwise, of less than all of the Trust Property, this Deed of Trust shall continue as a lien on the remaining portion of the Trust Property.

(b)    The proceeds of any sale made under or by virtue of this paragraph, together with any other sums which then may be held by Beneficiary under this Deed of Trust, whether under the provisions of this paragraph or otherwise, shall be applied by Beneficiary to the payment of the Debt in such priority and proportion as Beneficiary in its discretion shall deem proper, including, without limitation, to the payment of reasonable charges of Trustee in an amount permitted by law or such lesser amount as may be agreed upon between Beneficiary and Trustee.

(c)    To the extent permitted by applicable law, Beneficiary may adjourn from time to time any sale by Trustee to be made under or by virtue of this Deed of Trust by announcement at the time and place appointed for such sale or for such adjourned sale or sales; and, except as otherwise provided by any applicable provision of law, Beneficiary, without further notice or publication, may make such sale at the time and place to which the same shall be so adjourned.

(d)    Upon the completion of any sale or sales made by Beneficiary under or by virtue of this paragraph, Beneficiary, or an officer of any court empowered to do so, shall execute and deliver to the accepted purchaser or purchasers a good and sufficient instrument,

-24-

or good and sufficient instruments, conveying, assigning and transferring all estate, right, title and interest in and to the property and rights sold. Beneficiary is hereby irrevocably appointed the true and lawful attorney of Trustor, in its name and stead, to make all necessary conveyances, assignments, transfers and deliveries of the Trust Property and rights so sold and for that purpose Beneficiary may execute all necessary instruments of conveyance, assignment and transfer, and may substitute one or more persons with like power, Trustor hereby ratifying and confirming all that its said attorney or such substitute or substitutes shall lawfully do by virtue hereof. Any such sale or sales made under or by virtue of this paragraph shall operate to divest all the estate, right, title, interest, claim and demand whatsoever, whether at law or in equity, of Trustor in and to the properties and rights so sold, and shall be a perpetual bar both at law and in equity against Trustor and against any and all persons claiming or who may claim the same, or any part thereof from, through or under Trustor.

(e)    Upon any sale made under or by virtue of this paragraph, Beneficiary may bid for and acquire the Trust Property or any part thereof and in lieu of paying cash therefor may make settlement for the purchase price by crediting upon the Debt the net sales price after deducting therefrom the expenses of the sale and costs of the action and any other sums which Beneficiary is authorized to deduct under this Deed of Trust.

(f)    No recovery of any judgment by Beneficiary and no levy of an execution under any judgment upon the Trust Property or upon any other property of Trustor shall affect in any manner or to any extent the lien of this Deed of Trust upon the Trust Property or any part thereof, or any liens, rights, powers or remedies of Beneficiary hereunder, but such liens, rights, powers and remedies of Beneficiary shall continue unimpaired as before.

28.    Reasonable Use and Occupancy.    In addition to the rights which Beneficiary may have herein, upon the occurrence of any Event of Default, Beneficiary, at its option, may require Trustor to pay monthly in advance to Beneficiary, or any receiver appointed to collect the Rents, the fair and reasonable rental value for the use and occupation of such part of the Trust Property as may be occupied by Trustor or may require Trustor to vacate and surrender possession of the Trust Property to Beneficiary or to such receiver and, in default thereof, Trustor may be evicted by summary proceedings or otherwise.

29.    Security Agreement.    This Deed of Trust is both a real property deed of trust and a "security agreement" within the meaning of the Uniform Commercial Code. The Trust Property includes both real and personal property and all other rights and interests, whether tangible or intangible in nature, of Trustor in the Trust Property.    Trustor by executing and delivering this Deed of Trust has granted and hereby grants to Beneficiary and Trustee, as security for the Debt, a security interest in the Trust Property to the full extent that the Trust Property may be subject to the Uniform Commercial Code (said portion of the Trust Property so subject to the Uniform Commercial Code being called in this paragraph 29 the "Collateral"). If an Event of Default shall occur, Beneficiary and Trustee, in addition to any other rights and remedies which it may have, shall have and may exercise immediately and without demand, any and all rights and remedies granted to a secured party upon default under the Uniform Commercial Code, including, without limiting the generality of the foregoing, the

-25-

right to take possession of the Collateral or any part thereof, and to take such other measures as Beneficiary and/or Trustee may deem necessary for the care, protection and preservation of the Collateral. Upon request or demand of Beneficiary and/or Trustee, Trustor shall at its expense assemble the Collateral and make it available to Beneficiary and/or Trustee at a convenient place acceptable to Beneficiary and/or Trustee. Trustor shall pay to Beneficiary and/or Trustee on demand any and all expenses, including legal expenses and attorneys' fees, incurred or paid by Beneficiary and/or Trustee in protecting the interest in the Collateral and in enforcing the rights hereunder with respect to the Collateral. Any notice of sale, disposition or other intended action by Beneficiary and/or Trustee with respect to the Collateral sent to Trustor in accordance with the provisions hereof at least five (5) days prior to such action, shall constitute commercially reasonable notice to Trustor. The proceeds of any disposition of the Collateral, or any part thereof, may be applied by Beneficiary to the payment of the Debt in such priority and proportions as Beneficiary in its discretion shall deem proper. In the event of any change in name, identity or structure of any Trustor, such Trustor shall notify Beneficiary thereof and promptly after request shall execute, file and record such Uniform Commercial Code forms as are necessary to maintain the priority of Beneficiary's lien upon and security interest in the Collateral, and shall pay all expenses and fees in connection with the filing and recording thereof. If Beneficiary shall require the filing or recording of additional Uniform Commercial Code forms or continuation statements, Trustor shall, promptly after request, execute, file and record such Uniform Commercial Code forms or continuation statements as Beneficiary shall deem necessary, and shall pay all expenses and fees in connection with the filing and recording thereof. Trustor hereby irrevocably appoints Beneficiary as its attorney-in-fact, coupled with an interest, to file with the appropriate public office on its behalf any financing or other statements signed only by Beneficiary, as secured party, in connection with the Collateral.

30.    Actions and Proceedings. After the occurrence of an Event of Default Beneficiary and/or Trustee shall have the right to appear in and defend any action or proceeding brought with respect to the Trust Property and to bring any action or proceeding to protect the interest of Beneficiary in the Trust Property or any part thereof (provided, however, that prior to any Event of Default Beneficiary shall be kept regularly and fully appraised by Trustor of the status of such action or proceeding and Trustor shall deliver to Beneficiary copies of all notices or documentation delivered or received by Trustor in connection with such action or proceeding simultaneously with such delivery or receipt; and if at any time Beneficiary in its reasonable judgment decides that Trustor is not diligently and/or properly conducting such action or proceeding or that the interests of Beneficiary in the Trust Property are not being adequately protected, then Beneficiary shall have the right, in the name and on behalf of Trustor, to appear in and defend such action or proceeding and/or to bring any action or proceeding, which Beneficiary and/or Trustee, in their discretion, decides should be brought to protect their interest in the Trust Property). Beneficiary shall, at its option, be subrogated to the lien of any deed of trust, mortgage or other security instrument discharged in whole or in part by the Debt, and any such subrogation rights shall constitute additional security for the payment of the Debt.

31.    <u>Waiver of Counterclaim</u>.  All amounts due under this Deed of Trust, the Note and the Other Security Documents shall be payable without setoff, counterclaim or any deduction whatsoever.  Trustor hereby waives the right to assert a setoff, counterclaim (other than a mandatory or compulsory counterclaim) or deduction in any action or proceeding brought against it by Beneficiary, and, to the extent permitted by law, waives trial by jury in any action or proceeding brought by either party hereto against the other or in any counterclaim asserted by Beneficiary against Trustor, or in any matters whatsoever arising out of or in any way connected with this Deed of Trust, the Note, any of the Other Security Documents or the Debt.

32.    <u>Recovery of Sums Required to Be Paid</u>.  Beneficiary shall have the right from time to time to take action to recover any sum or sums which constitute a part of the Debt as the same become due, without regard to whether or not the balance of the Debt shall be due, and without prejudice to the right of Beneficiary thereafter to bring an action of foreclosure, or any other action, for a default or defaults by Trustor existing at the time such earlier action was commenced.

33.    <u>Marshalling and Other Matters</u>.  Trustor hereby waives, to the extent permitted by law, the benefit of all appraisement, valuation, stay, extension, reinstatement and redemption laws now or hereafter in force and all rights of marshalling in the event of any sale hereunder of the Trust Property or any part thereof or any interest therein.  Further, Trustor hereby expressly waives any and all rights of redemption from sale under any order or decree of foreclosure of this Deed of Trust on behalf of Trustor, and on behalf of each and every person acquiring any interest in or title to the Trust Property subsequent to the date of this Deed of Trust and on behalf of all persons to the extent permitted by applicable law.

34.    <u>Hazardous Substances</u>.  (a)  Trustor hereby represents and warrants to Beneficiary that, to the best of Trustor's knowledge, after due inquiry and investigation:  (i) the Trust Property is not in direct or indirect violation of any federal, state, or local law, ordinance or regulation or any court judgment or order of any federal, state or local agency or regulatory body applicable to Trustor or to the Trust Property relating to industrial hygiene or to environmental or unsafe conditions including, but not limited to, those relating to the generation, manufacture, storage, handling, transportation, disposal, release, emission or discharge of Hazardous Substances (hereinafter defined) those in connection with the construction, fuel supply, power generation and transmission, waste disposal or any other operations, or processes relating to the Trust Property, and those relating to the atmosphere, soil, surface and ground water, wetlands, stream sediments and vegetation on, under, in or about the Trust Property or, including, without limitation, the Comprehensive Environmental Response, Compensation and Liability Act, the Emergency Planning and Community Right-to-Know Act of 1986, the Hazardous Substances Transportation Act, the Resource Conservation and Recovery Act, the Solid Waste Disposal Act, the Clean Water Act, the Clean Air Act, the Toxic Substance Control Act, the Safe Drinking Water Act and Occupational Safety and Health Act, and all regulations adopted in respect to the foregoing laws (collectively, "<u>Environmental Laws</u>"); (ii) the Trust Property is not subject to any private or governmental lien or judicial or administrative notice or action relating to hazardous and/or toxic, dangerous

-27-

and/or regulated, substances, wastes, materials, pollutants or contaminants, petroleum and petroleum products, tremolite, anthlophyli or actinolite or polychlorinated biphenyls (including, without limitation, any raw materials which include hazardous constituents) and any other substances or materials which are included under or regulated by Environmental Laws (collectively, "Hazardous Substances"); (iii) no Hazardous Substances (other than normal cleaning supplies and other normal inventory and supplies used in the normal course of Lessee's business, in reasonable quantities and used and stored in accordance with manufacturer's recommendations, and in full compliance with Environmental Laws, are or have been, prior to Trustor's acquisition of the Trust Property, discharged, generated, treated, disposed of or stored on, incorporated in, or removed or transported from the Trust Property otherwise than in compliance with all Environmental Laws) (iv) to Trustor's knowledge, no property adjoining the Trust Property is being used or has ever been used at any previous time, for the disposal, storage, treatment, processing or other handling of Hazardous Substances; and (v) no underground storage tanks exist on any of the Trust Property except as those disclosed in writing to Beneficiary and which comply with applicable Environmental Laws.

(b)     So long as Trustor owns or is in possession of the Trust Property, Trustor shall (i) keep or cause the Trust Property to be kept free from Hazardous Substances and in compliance with all Environmental Laws; (ii) promptly notify Beneficiary if Trustor shall become aware of any Hazardous Substances on the Trust Property and/or if Trustor shall become aware that the Trust Property is in direct or indirect violation of any Environmental Laws; and (iii) conduct and complete or cause to be conducted and completed all remedial action necessary to clean up such Hazardous Substances and remove such Hazardous Substances and/or cure such violations, as applicable, as required by law, promptly after Trustor becomes aware of same. Nothing herein shall prevent Trustor from recovering such expenses from any other party that may be liable for such removal or cure.

(c)     Upon Beneficiary's reasonable request, at any time and from time to time while this Deed of Trust is in effect, Trustor shall provide at Trustor's sole expense, an inspection or audit of the Trust Property prepared by a licensed hydrogeologist or licensed environmental engineer approved by Beneficiary indicating the presence or absence of Hazardous Substances on the Trust Property. If Trustor fails to provide such inspection or audit within thirty (30) days after such request Beneficiary may order same, and Trustor hereby grants to Beneficiary and its employees and agents access to the Trust Property and a license to undertake such inspection or audit. The cost of such inspection or audit shall be added to the principal balance of the sums due under the Note and this Deed of Trust and shall bear interest thereafter until paid at the Default Rate. The obligations and liabilities of Trustor under this paragraph 34 shall survive any termination, satisfaction, or assignment of this Deed of Trust and the exercise by Beneficiary of any of its rights or remedies hereunder, including but not limited to, the acquisition of the Trust Property by foreclosure or a conveyance in lieu of foreclosure.

35.     Asbestos.  Trustor represents and warrants that, to the best of Trustor's knowledge, after due inquiry and investigation, (a) no asbestos or any substance containing

asbestos ("Asbestos") is located on the Trust Property except as may have been disclosed in an environmental report delivered to Beneficiary prior to the date of this Deed of Trust. Trustor shall not install in the Trust Property, nor permit to be installed in the Trust Property, Asbestos and shall remove or cause to be removed any Asbestos promptly upon discovery to the satisfaction of Beneficiary, or take all action necessary to ensure that such Asbestos is abated or managed in a manner which complies with all applicable federal, state and local laws, ordinances, rules and regulations with respect to Asbestos. Trustor shall in all instances comply with, and ensure compliance by all occupants of the Trust Property with, all applicable federal, state and local laws, ordinances, rules and regulations with respect to Asbestos, and shall keep the Trust Property free and clear of any liens imposed pursuant to such laws, ordinances, rules or regulations. In the event that Trustor receives any notice or advice from any governmental agency or any source whatsoever with respect to Asbestos on, affecting or installed on the Trust Property, Trustor shall immediately notify Beneficiary. Upon Beneficiary's reasonable request, at any time and from time to time while this Deed of Trust is in effect, Trustor shall provide, at Trustor's sole expense, an inspection or audit of the Trust Property prepared by an engineering or consulting firm approved by Beneficiary, indicating the presence or absence of Asbestos on the Trust Property. If Trustor fails to provide such inspection or audit within (30) days after such request, Beneficiary may order same, and Trustor hereby grants to Beneficiary and its employees and agents access to the Trust Property and a license to undertake such inspection or audit. The cost of such inspection or audit shall be added to the principal balance of the sums due under the Note and this Deed of Trust and shall bear interest thereafter until paid at the Default Rate. The obligations and liabilities of Trustor under this paragraph 35 shall survive any termination, satisfaction, or assignment of this Deed of Trust and the exercise by Beneficiary of any of its rights or remedies hereunder, including but not limited to, the acquisition of the Trust Property by foreclosure or a conveyance in lieu of foreclosure.

36. Environmental Monitoring. In the event that any investigation, site monitoring, containment cleanup, removal, restoration or other work of any kind is reasonably necessary or desirable under an applicable Environmental Law (the "Remedial Work"), Trustor shall commence and thereafter diligently prosecute to completion all such Remedial Work within thirty (30) days after written demand by Beneficiary for performance thereof (or such shorter period of time as may be required under applicable law). All Remedial Work shall be performed by contractors approved in advance by Beneficiary, and under the supervision of a consulting engineer approved by Beneficiary. All costs and expenses of such Remedial Work shall be paid by Trustor including, without limitation, Beneficiary's reasonable attorneys' fees and disbursements incurred in connection with monitoring or review of such Remedial Work. In the event Trustor shall fail to timely commence, or cause to be commenced, or fail to diligently prosecute to completion, such Remedial Work, Beneficiary may, but shall not be required to, cause such Remedial Work to be performed, and all costs and expenses thereof, or incurred in connection therewith, may be added to the Debt and shall bear interest thereafter until paid at the Default Rate.

37. Handicapped Access. (a) Trustor agrees that the Trust Property shall at all times strictly comply, to the extent applicable, with the requirements of the Americans with

-29-

Disabilities Act of 1990, the Fair Housing Amendments Act of 1988, all state and local laws and ordinances related to handicapped access and all rules, regulations, and orders issued pursuant thereto including, without limitation, the Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities (collectively "Access Laws").

(b)     Notwithstanding any provisions set forth herein or in any other document regarding Beneficiary's approval of alterations of the Trust Property, Trustor shall not alter or permit the Trust Property to be altered in any manner which would increase Trustor's responsibilities for compliance with the applicable Access Laws without the prior written approval of Beneficiary. Beneficiary may condition any such approval upon receipt of a certificate of Access Law compliance from an architect, engineer, or other person acceptable to Beneficiary.

(c)     Trustor agrees to give prompt notice to Beneficiary of the receipt by Trustor of any complaints related to violation of any Access Laws and of the commencement of any proceedings or investigations which relate to compliance with applicable Access Laws.

38.     Indemnification.    In addition to any other indemnifications provided herein or in the Other Security Documents, Trustor covenants and agrees at its sole cost and expense to protect, defend, indemnify and save harmless Beneficiary, Trustee and Servicer from and against all liabilities, obligations, claims, demands, damages, penalties, causes of action, losses, fines, costs and expenses (including without limitation reasonable attorneys' fees and expenses), imposed upon or incurred by or asserted against Beneficiary, Trustee or Servicer, by reason of (a) ownership of this Deed of Trust, the Trust Property or any interest therein or receipt of any Rents; (b) any accident, injury to or death of persons or loss of or damage to property occurring in, on or about the Trust Property or any part thereof or on the adjoining sidewalks, curbs, adjacent property or adjacent parking areas, streets or ways; (c) any use, nonuse or condition in, on or about the Trust Property or any part thereof or on adjoining sidewalks, curbs, adjacent property or adjacent parking areas, streets or ways; (d) any failure on the part of Trustor to perform or comply with any of the terms of this Deed of Trust; (e) performance of any labor or services or the furnishing of any materials or other property in respect of the Trust Property or any part thereof; (f) the presence, disposal, escape, seepage, leakage, spillage, discharge, emission, release, or threatened release of any Hazardous Substance or Asbestos on, from, or affecting the Trust Property or any other property; (g) any personal injury (including wrongful death) or property damage (real or personal) arising out of or related to such Hazardous Substance or Asbestos; (h) any lawsuit brought or threatened, settlement reached, or government order relating to such Hazardous Substance or Asbestos; (i) any violation of the Environmental Laws, which are based upon or in any way related to such Hazardous Substance or Asbestos including, without limitation, the costs and expenses of any remedial action, attorney and consultant fees, investigation and laboratory fees, court costs, and litigation expenses; and (j) any failure of the Trust Property to comply with any Access Laws.  Any amounts payable to Beneficiary, Trustee or Servicer by reason of the application of this paragraph 38 shall be secured by this Deed of Trust and shall become immediately due and payable and shall bear interest at the Default Rate from the date loss or damage is sustained by Beneficiary, Trustee or Servicer until paid.    The

-30-

obligations and liabilities of Trustor under this paragraph 38 shall survive any termination, satisfaction or assignment of this Deed of Trust and the exercise by Beneficiary of any of its rights or remedies hereunder including, but not limited to, the acquisition of the Trust Property by foreclosure or a conveyance in lieu of foreclosure, but shall not include any liability arising from any action taken by Beneficiary in respect of the Trust Property after Beneficiary has taken title to the Trust Property by reason of foreclosure or deed-in-lieu thereof.

      39.   Notices.  Any notice, demand, statement, request · or consent made hereunder shall be effective and valid only if in writing, referring to this Deed of Trust, signed by the party giving such notice, and delivered either personally to such other party, or sent by nationally recognized overnight courier delivery service or by certified mail of the United States Postal Service, postage prepaid, return receipt requested, addressed to the other party as follows (or to such other address or person as either party or person entitled to notice may by notice to the other party specify):

        To Beneficiary:

        Capital Lease Funding, L.P.
        85 John Street, 12th Floor
        New York, New York 10038
        Attention: Paul McDowell, Esq.

        with a copy concurrently to:

        Cadwalader Wickersham & Taft
        100 Maiden Lane
        New York, New York 10038
        Attention: W. Christopher White, Esq.

        To Trustor:

        WEC 95B Portland Limited Partnership
        6750 LBJ Freeway
        Suite 1100
        Dallas, Texas 75240
        Attention: Mr. Brett Landes

      Unless otherwise specified, notices shall be deemed given as follows: (i) if delivered personally, when delivered, (ii) if delivered by nationally recognized overnight courier delivery service, on the day following the day such material is sent, or (iii) if sent by certified mail, three (3) days after such notice has been sent by Trustor or Beneficiary.

      40.   Authority; Compliance with ERISA and State Statutes on Governmental Plans.  (a) Trustor (and the undersigned representative of Trustor, if any) has full power, authority and right to execute, deliver and perform its obligations pursuant to this Deed of Trust, and to mortgage, give, grant, bargain, sell, alien, enfeoff, convey, confirm, pledge,

hypothecate and assign the Trust Property pursuant to the terms hereof and to keep and observe all of the terms of this Deed of Trust on Trustor's part to be performed.

(b)     Trustor represents and warrants that Trustor is not a "foreign person" within the meaning of Section 1445(f)(3) of the Internal Revenue Code of 1986, as amended and the related Treasury Department regulations, including temporary regulations.

(c)     Trustor represents and warrants that, as of the date of this Deed of Trust and throughout the term of this Deed of Trust, (i) Trustor is not an "employee benefit plan" as defined in Section 3(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), which is subject to Title I of ERISA, and (ii) the assets of such Trustor do not constitute "plan assets" of one or more such plans within the meaning of 29 C.F.R. Section 2510.3-101.

(d)     Trustor represents and warrants to Beneficiary that, as of the date of this Deed of Trust and throughout the term of this Deed of Trust (i) Trustor is not a "governmental plan" within the meaning of Section 3(32) of ERISA, and (ii) transactions by or with Trustor or any Trustor are not subject to state statues regulating investments of and fiduciary obligations with respect to governmental plans.

(e)     Trustor covenants and agrees to deliver to Beneficiary such certifications or other evidence from time to time throughout the term of this Deed of Trust, as requested by Beneficiary in its sole discretion, that (i) Trustor is not an "employee benefit plan" or a "governmental plan"; (ii) Trustor is not subject to state statutes regulating investments and fiduciary obligations with respect to governmental plans; and (iii) one or more of the following circumstances is true:

      1.    Equity interests in Trustor are publicly offered securities, within the meaning of 29 C.F.R. § 2510.3-101(b)(2);

      2.    *Less than 25 percent of all equity interests in such Trustor are held by "benefit plan investors"* within the meaning of 29 C.F.R. § 2510.3-101(f)(2); or

      3.    Trustor qualifies as an "operating company" or a "real estate operating company" within the meaning of 29 C.F.R. § 2510.3.-101(c) or (e).

(f)     Any of the following shall constitute an Event of Default under this Deed of Trust, entitling Beneficiary to exercise any and all remedies to which it may be entitled under this Deed of Trust, and any Other Security Documents: (i) the failure of any representation or warranty made by any Trustor under this paragraph to be true and correct in all respects, (ii) the failure of any Trustor to provide Beneficiary with the written certifications and evidence referred to in this Paragraph, or (iii) the consummation by Trustor or any one Trustor of a transaction which would cause this Deed of Trust or any exercise of Beneficiary's rights under this Deed of Trust, or the Other Security Documents to constitute a

non-exempt prohibited transaction under ERISA or a violation of a state statute regulating governmental plans, or otherwise subjecting Beneficiary to liability for violation of ERISA or such state statute.

(g)    Trustor shall indemnify Beneficiary and defend and hold Beneficiary harmless from and against all civil penalties, excise taxes, or other loss, cost, damage and expense (including, without limitation, attorneys' fees and disbursements and costs incurred in the investigation, defense and settlement of claims and losses incurred in correcting any prohibited transaction or in the sale of a prohibited loan, and in obtaining any individual prohibited transaction exemption under ERISA that may be required, in Beneficiary's sole discretion) that Beneficiary may incur, directly or indirectly, as a result of a default under this paragraph. This indemnity shall survive any termination, satisfaction or foreclosure of this Deed of Trust.

41.    <u>Waiver of Notice</u>.  Trustor shall not be entitled to any notices of any nature whatsoever from Beneficiary except with respect to matters for which this Deed of Trust specifically and expressly provides for the giving of notice by Beneficiary to Trustor and except with respect to matters for which Beneficiary is required by applicable law to give notice, and Trustor hereby expressly waives the right to receive any notice from Beneficiary with respect to any matter for which this Deed of Trust does not specifically and expressly provide for the giving of notice by Beneficiary to Trustor.

42.    <u>Remedies of Trustor</u>.  In the event that a claim or adjudication is made that Beneficiary has acted unreasonably or unreasonably delayed acting in any case where by law or under the Note, this Deed of Trust or the Other Security Documents, it has an obligation to act reasonably or promptly, Beneficiary shall not be liable for any monetary damages, and Trustor's remedies shall be limited to injunctive relief or declaratory judgment.

43.    <u>Sole Discretion of Beneficiary</u>.  Wherever pursuant to this Deed of Trust, Beneficiary exercises any right given to it to approve or disapprove, or any arrangement or term is to be satisfactory to Beneficiary, the decision of Beneficiary to approve or disapprove or to decide that arrangements or terms are satisfactory or not satisfactory shall be in the sole discretion of Beneficiary and shall be final and conclusive, except as may be otherwise expressly and specifically provided herein.

44.    <u>Non-Waiver</u>.    The failure of Beneficiary to insist upon strict performance of any term hereof shall not be deemed to be a waiver of any term of this Deed of Trust.  Trustor shall not be relieved of Trustor's obligations hereunder by reason of (a) the failure of Beneficiary to comply with any request of Trustor or Guarantors to take any action to foreclose this Deed of Trust or otherwise enforce any of the provisions hereof or of the Note or the Other Security Documents, (b) the release, regardless of consideration, of the whole or any part of the Trust Property, or of any person liable for the Debt or any portion thereof, or (c) any agreement or stipulation by Beneficiary extending the time of payment or otherwise modifying or supplementing the terms of the Note, this Deed of Trust or the Other Security Documents.  Beneficiary may resort for the payment of the Debt to any other security

-33-

held by Beneficiary in such order and manner as Beneficiary, in its discretion, may elect. Beneficiary may take action to recover the Debt, or any portion thereof, or to enforce any covenant hereof without prejudice to the right of Beneficiary thereafter to foreclose this Deed of Trust. The rights and remedies of Beneficiary under this Deed of Trust shall be separate, distinct and cumulative and none shall be given effect to the exclusion of the others. No act of Beneficiary shall be construed as an election to proceed under any one provision herein to the exclusion of any other provision. Beneficiary shall not be limited exclusively to the rights and remedies herein stated but shall be entitled to every right and remedy now or hereafter afforded at law or in equity.

45.    No Oral Change.  This Deed of Trust, and any provisions hereof, may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Trustor or Beneficiary, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

46.    Liability.  If Trustor consists of more than one person, the obligations and liabilities of each such person hereunder shall be joint and several. This Deed of Trust shall be binding upon and inure to the benefit of Trustor and Beneficiary and their respective successors and assigns forever.

47.    Inapplicable Provisions.  If any term, covenant or condition of the Note or this Deed of Trust is held to be invalid, illegal or unenforceable in any respect, the Note and this Deed of Trust shall be construed without such provision.

48.    Headings, etc.  The headings and captions of various paragraphs of this Deed of Trust are for convenience of reference only and are not to be construed as defining or limiting, in any way, the scope or intent of the provisions hereof.

49.    Duplicate Originals.  This Deed of Trust may be executed in any number of duplicate originals and each such duplicate original shall be deemed to be an original.

50.    Definitions.  Unless the context clearly indicates a contrary intent or unless otherwise specifically provided herein, words used in this Deed of Trust may be used interchangeably in singular or plural form and the word "Trustor" shall mean "each Trustor and any subsequent owner or owners of the Trust Property or any part thereof or any interest therein," the word "Beneficiary" shall mean "Beneficiary and any subsequent holder of the Note," the word "Trustee" shall mean "Trustee and any successor or substitute trustee", the word "Note" shall mean "the Note and any other evidence of indebtedness secured by this Deed of Trust," the word "person" shall include an individual, corporation, partnership, trust, unincorporated association, government, governmental authority, and any other entity, and the words "Trust Property" shall include any portion of the Trust Property and any interest therein.  Whenever the context may require, any pronouns used herein shall include the corresponding masculine, feminine or neuter forms, and the singular form of nouns and pronouns shall include the plural and vice versa.

-34-

51.   Homestead.   Trustor hereby waives and renounces all homestead and exemption rights provided by the constitution and the laws of the United States and of any state, in and to the Trust Property as against the collection of the Debt, or any part hereof.

52.   Assignments.   Beneficiary shall have the right to assign or transfer its rights under this Deed of Trust without limitation. Any Assignee or transferee shall be entitled to all the benefits afforded Beneficiary under this Deed of Trust.

53.   Cooperation.   Trustor acknowledges that Beneficiary and its successors and assigns may (a) sell this Deed of Trust, the Note and Other Security Documents to one or more investors as a whole loan, (b) participate the loan (the "Loan") secured by this Deed of Trust to one or more investors, (c) deposit this Deed of Trust, the Note and Other Security Documents with a trust, which trust may sell certificates to investors evidencing an ownership interest in the trust assets or (d) otherwise sell the Loan or interest therein to investors (the transactions referred to in clauses (a) through (d) are hereinafter referred to as "Secondary Market Transactions"). Trustor shall cooperate in good faith with Beneficiary in effecting any such Secondary Market Transaction and shall cooperate in good faith to implement all requirements imposed by the Rating Agency involved in any Secondary Market Transaction including, without limitation, all structural or other changes to the Loan, modifications to any documents evidencing or securing the Loan, delivery of opinions of counsel acceptable to the Rating Agency and addressing such matters as the Rating Agency may require; provided, however, that the Trustor shall not be required to modify any documents evidencing or securing the Loan which would modify (i) the interest rate payable under the Note, (ii) the stated maturity of the Note, (iii) the amortization of principal of the Note, or (iv) any other material economic term of the Loan. Trustor shall provide such information and documents relating to Trustor, Guarantor, if any, the Trust Property, the Lease and the Lessee as Beneficiary or any Rating Agency may reasonably request in connection with a Secondary Market Transaction, including, without limitation, any further environmental requirements. Beneficiary shall have the right to provide to prospective investors any information in its possession, including, without limitation, financial statements relating to Trustor, the Guarantor, if any, the Trust Property and the Lessee. Trustor acknowledges that certain information regarding the Loan and the parties thereto and the Trust Property may be included in a private placement memorandum, prospectus or other disclosure documents.

54.   Recourse Provisions.   Subject to the qualifications below, Beneficiary shall not enforce the liability and obligation of Trustor (or its general partners) to perform and observe the obligations contained in this Deed of Trust, the Note or in any of the Other Security Documents by any action or proceeding wherein a money judgment shall be sought against Trustor (or its general partners), except that Beneficiary may bring a foreclosure action, an action for specific performance or any other appropriate action or proceeding to enable Beneficiary to enforce and realize upon its interests under the Note, this Deed of Trust or the Other Security Documents or in the Trust Property, or any other collateral given to Trustor pursuant to this Deed of Trust and the Other Security Documents; provided, however, that, except as specifically provided herein, any judgment in any such action or proceeding shall be enforceable against Trustor (or its general partners) only to the extent of Trustor's (or

-35-

its general partners') interest in the Trust Property and in any other collateral given to Beneficiary, and Beneficiary, by accepting this Deed of Trust the Note and the Other Security Documents, agrees that it shall not sue for, seek or demand any deficiency judgment against Trustor (or its general partners) in any such action or proceeding under or by reason of or in connection with this Deed of Trust, the Note or the Other Security Documents. The provisions of this paragraph shall not, however, (i) constitute a waiver, release or impairment of any obligation evidenced or secured by this Deed of Trust, the Note or any of the Other Security Documents; (ii) impair the right of Beneficiary to name Trustor (but not its general partners unless such general partners are necessary parties to such action or suit) as a party defendant in any action or suit for foreclosure and sale under this Deed of Trust; (iii) affect the validity or enforceability of any guaranty made in connection with the Debt or any of the rights and remedies of the Beneficiary thereunder; (iv) impair the right of Beneficiary to obtain the appointment of a receiver; (v) impair the enforcement of the Assignment of Lease and Rents executed in connection herewith; or (vi) constitute a waiver of the right of Beneficiary to enforce the liability and obligation of Trustor or the general partner of Trustor in its capacity as general partner, by money judgment or otherwise, to the extent of any loss, damage, cost, expense, liability, claim or other obligation incurred by Beneficiary (including attorneys' fees and costs reasonably incurred) arising out of or in connection with the following:

(a)      fraud or intentional misrepresentation by Trustor or any Guarantor in connection with the Loan;

(b)      the gross negligence or willful misconduct of Trustor;

(c)      physical waste of the Trust Property;

(d)      the breach of any provision of any environmental indemnity given by Trustor to Beneficiary in this Deed of Trust or by separate agreement concerning Environmental Laws, Hazardous Substances and Asbestos and any indemnification of Beneficiary with respect thereto in such document or agreement;

(e)      the removal or disposal by Maker or its general partner of any portion of the Trust Property after an Event of Default;

(f)      the misapplication or conversion by Trustor of (i) any insurance proceeds paid by reason of any loss, damage or destruction to the Trust Property, (ii) any awards or other amounts received in connection with the condemnation of all or a portion of the Trust Property, or (iii) any rents following an Event of Default;

(g)      failure by Maker or the general partner of Maker to pay charges for labor or materials or other charges that can create liens on any portion of the Trust Property; and

(h)    any security deposits collected with respect to the Trust Property which are not delivered to Beneficiary upon a foreclosure of the Trust Property or action in lieu thereof, except to the extent any such security deposits were applied in accordance with the terms and conditions of any Leases prior to the occurrence of the Event of Default that gave rise to such foreclosure or action in lieu thereof.

Notwithstanding anything to the contrary in this Deed of Trust, the Note or any Other Security Documents, (i) Beneficiary shall not be deemed to have waived any right which Beneficiary may have under Section 506(a), 506(b), 1111(b) or any other provisions of the U.S. Bankruptcy Code to file a claim for the full amount of the Debt secured by this Deed of Trust or to require that all collateral shall continue to secure all of the Debt owing to Beneficiary, and (ii) the Debt shall become fully recourse to Trustor in the event that:  (A) Trustor fails to maintain its status as a single purpose entity, as required by, and in accordance with the provisions of, this Deed of Trust; (B) Trustor fails to obtain Beneficiary's prior written consent to any subordinate financing or other voluntary lien encumbering the Trust Property as required by this Deed of Trust; or (C) Trustor fails to obtain Beneficiary's prior written consent to any assignment, transfer, or conveyance of the Trust Property or any interest therein as required by this Deed of Trust.

55.    Governing Law; Submission to Jurisdiction.  THIS DEED OF TRUST SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAW OF THE STATE IN WHICH THE TRUST PROPERTY IS LOCATED WITHOUT REGARD TO CONFLICT OF LAW PROVISIONS THEREOF.  EACH TRUSTOR, AND EACH ENDORSER OR GUARANTOR HEREBY SUBMITS TO PERSONAL JURISDICTION IN SAID STATE AND THE FEDERAL COURTS OF THE UNITED STATES OF AMERICA LOCATED IN SAID STATE (AND ANY APPELLATE COURTS TAKING APPEALS THEREFROM) FOR THE ENFORCEMENT OF SUCH TRUSTOR'S, ENDORSOR'S OR GUARANTOR'S OBLIGATIONS HEREUNDER, UNDER THE NOTE, ANY GUARANTY AND THE OTHER SECURITY DOCUMENTS, AND WAIVES ANY AND ALL PERSONAL RIGHTS UNDER THE LAW OF ANY OTHER STATE TO OBJECT TO JURISDICTION WITHIN SUCH STATE FOR THE PURPOSES OF SUCH ACTION, SUIT, PROCEEDING OR LITIGATION TO ENFORCE SUCH OBLIGATIONS OF SUCH TRUSTOR, ENDORSOR OR GUARANTOR.  EACH TRUSTOR AND EACH ENDORSER AND GUARANTOR HEREBY WAIVES AND AGREES NOT TO ASSERT, AS A DEFENSE IN ANY ACTION, SUIT OR PROCEEDING ARISING OUT OF OR RELATING TO THIS DEED OF TRUST, THE NOTE, ANY GUARANTY OR ANY OF THE OTHER SECURITY DOCUMENTS, (A) THAT IT IS NOT SUBJECT TO SUCH JURISDICTION OR THAT SUCH ACTION, SUIT OR PROCEEDING MAY NOT BE BROUGHT OR IS NOT MAINTAINABLE IN THOSE COURTS OR THAT THIS DEED OF TRUST, THE NOTE, ANY GUARANTY AND/OR ANY OF THE OTHER SECURITY DOCUMENTS MAY NOT BE ENFORCED IN OR BY THOSE COURTS OR THAT IT IS EXEMPT OR IMMUNE FROM EXECUTION, (B) THAT THE ACTION, SUIT OR PROCEEDING IS BROUGHT IN AN INCONVENIENT

-37-

FORUM OR (C) THAT THE VENUE OF THE ACTION, SUIT OR PROCEEDING IS IMPROPER.  IN THE EVENT ANY SUCH ACTION, SUIT, PROCEEDING OR LITIGATION IS COMMENCED, TRUSTOR, OR ENDORSOR AND GUARANTOR AGREE THAT SERVICE OF PROCESS MAY BE MADE, AND PERSONAL JURISDICTION OVER SUCH TRUSTOR, ENDORSOR OR GUARANTOR OBTAINED, BY SERVICE OF A COPY OF THE SUMMONS, COMPLAINT AND OTHER PLEADINGS REQUIRED TO COMMENCE SUCH LITIGATION UPON SUCH TRUSTOR OR ENDORSOR OR GUARANTOR AT 6750 LBJ FREEWAY, SUITE 100, DALLAS, TEXAS 75240, ATTENTION: MR. BRETT LANDES.

56.    Waiver of Jury Trial.  TRUSTOR HEREBY AGREES NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY JURY, AND WAIVES ANY RIGHT TO TRIAL BY JURY FULLY TO THE EXTENT THAT ANY SUCH RIGHT SHALL NOW OR HEREAFTER EXIST WITH REGARD TO THE NOTE, THIS DEED OF TRUST, OR THE OTHER SECURITY DOCUMENTS, OR ANY CLAIM, COUNTERCLAIM OR OTHER ACTION ARISING IN CONNECTION THEREWITH.   THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY TRUSTOR AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE. BENEFICIARY IS HEREBY AUTHORIZED TO FILE A COPY OF THIS PARAGRAPH IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER BY TRUSTOR.

57.    Miscellaneous.

(a)    Any consent or approval by Beneficiary in any single instance shall not be deemed or construed to be Beneficiary's consent or approval in any like matter arising at a subsequent date, and the failure of Beneficiary to promptly exercise any right, power, remedy, consent or approval provided herein or at law or in equity shall not constitute or be construed as a waiver of the same nor shall Beneficiary be estopped from exercising such right, power, remedy, consent or approval at a later date.  Any consent or approval requested of and granted by Beneficiary pursuant hereto shall be narrowly construed to be applicable only to Trustor and the matter identified in such consent or approval and no third party shall claim any benefit by reason thereof, other than the party to whom such consent or approval was given or reasonably intended to benefit, and any such consent or approval shall not be deemed to constitute Beneficiary a venturer or partner with Trustor nor shall privity of contract be presumed to have been established with any such third party.

(b)    Trustor represents and warrants to Beneficiary that, as of the date hereof, there has not been committed by Trustor any act or omission affording the federal government or any state or local government the right of forfeiture as against the Trust Property or any part thereof or any monies paid in performance of Trustor's obligations under the Note, this Deed of Trust or under any of the Other Security Documents.  Trustor hereby covenants and agrees not to commit, permit or suffer to exist any act, omission or

-38-

circumstance affording such right of forfeiture.  In furtherance thereof, Trustor hereby
indemnifies Beneficiary and agrees to defend and hold Beneficiary harmless from and against
any loss, damage or injury by reason of the breach of the covenants and agreements or the
representations and warranties set forth in this paragraph.

(c)    The Trustor represents and warrants to Beneficiary that all utilities
necessary for the operation of Improvements are available at the site.

58.    Servicer.  Beneficiary may from time to time appoint one or more
servicers (collectively, the "Servicer") to administer the Loan or otherwise perform certain
functions in connection with the Loan, which Servicer shall have the power and authority to
exercise all of the rights and remedies of Beneficiary and to act as agent of Beneficiary
hereunder.

59.    Title Acts by Trustee.  At any time upon written request of Beneficiary,
payment of its fees and presentations of this Deed of Trust and the Note for endorsement (in
case of full reconveyance, for cancellation and retention), without affecting the liability of any
person for the payment of the Debt, Trustee shall (a) consent to the making of any map or plat
of the Premises, (b) join in granting any easement or creating any restriction thereon, (c) join
in any subordination or other agreement affecting this Deed of Trust or the lien or charge
thereof, (d) reconvey, without warranty, all or any part of the Trust Property.  The Trustee in
any reconveyance may be described as the "person or persons legally entitled thereto," and the
recitals therein of any matters or facts shall be conclusive proof of the truthfulness thereof.
Trustor agrees to pay a reasonable Trustee's fee for full or partial reconveyance, together with
a recording fee if Trustee, at its option, elects to record said reconveyance.

60.    Successor Trustee.  At the option of Beneficiary, with or without any
reason, a successor or substitute trustee may be appointed by Beneficiary without any
formality other than a designation in writing of a successor or substitute trustee, who shall
thereupon become vested with an succeed to all the powers and duties given to Trustee herein
named, the same as if the successor or substitute trustee had been named original Trustee
herein; and such right to appoint a successor or substitute trustee shall exist as often and
whenever Beneficiary desires.

61.    Authorization Regarding Trustee.  Trustee (and any successor or
substitute trustee) may act hereunder and may sell and convey the Trust Property, or any part
thereof, although the Trustee (or successor or substitute trustee) has been, may now be, or is
hereafter the attorney or agent of Beneficiary with respect to the Loan, or with respect to any
other matter or business whatsoever.

-39-

## Part II

### State Specific Provisions

### OREGON STATE PROVISIONS

62. **Construction of Deed of Trust.** In the event of any conflict between the terms and provisions of Part I and Part II of this Deed of Trust, the terms and provisions of Part II shall govern and control.

63. **Maturity Date.** The following language is added after the words "(said indebtedness and interest due under the Note and all other sums due hereunder and under the Note being hereinafter collectively called the "Debt")" in the first paragraph of the Deed of Trust after "WITNESSETH": "the date of maturity of this Deed of Trust is November 15th, 2017, which is the maturity date of the Debt and other obligations secured hereby".

64. **Indexation.** The Note contains or may contain provisions that the interest rate, payment terms or balance due may be indexed, adjusted, renewed or renegotiated, as set forth in the Note.

65. **Environmental Laws.** The following language is added after "Occupational Safety and Health Act" in Paragraph 32 of the Deed of Trust: "Oregon Hazardous Waste Management Law, ORS Ch. 466, Oregon Hazardous Materials Cleanup Law, ORS Ch. 465, Oregon Air Pollution Control Law, ORS Ch. 468A, and Oregon Water Pollution Control Law, ORS Ch. 468B,".

66. **Placement of Insurance by Lender.** Unless Trustor provides Beneficiary with evidence of the insurance coverage required by this Deed of Trust (including evidence of self-insurance if so elected by lessee and in accordance with the Lease) or any other agreement between Trustor and Beneficiary, Beneficiary may purchase insurance at Trustor's expense to protect Beneficiary's interest. This insurance may, but need not, also protect Trustor's interest. If the Trust Property or any part thereof becomes damaged, the coverage Beneficiary purchases may not pay any claim Trustor makes or any claim made against Trustor. Trustor may later cancel this coverage by providing evidence that Trustor has obtained the property coverage elsewhere.

Trustor is responsible for the cost of any insurance purchased by Beneficiary. The cost of this insurance may be added to the Debt. If the cost is added to the Debt, the interest rate on the Debt will apply to this added amount. The effective date of coverage may be the date Trustor's prior coverage lapsed or the date Trustor failed to provide proof of coverage.

The coverage Beneficiary purchases may be considerably more expensive than the insurance Trustor can obtain on its own and may not satisfy any need for property damage coverage or any mandatory liability insurance requirements imposed by applicable law.

-40-

67. **Use of Trust Property.** Trustor warrants and covenants that this Deed of Trust is not and will not at any time constitute a 'residential trust deed' as that term is defined at ORS 86.705(3).

68. **Attorneys' Fees.** The prevailing party in any arbitration, litigation or other proceeding pertaining to the interpretation or enforcement of this Deed of Trust, including any appeal or petition for review, shall be entitled to attorneys' fees. The prevailing party in a bankruptcy proceeding in a U.S. bankruptcy court shall be entitled to attorneys' fees.

### REQUEST FOR FULL RECONVEYANCE

**To be used only when obligations have been paid**

**TO:** _____, Trustee

        The undersigned is the legal owner and holder of all indebtedness secured by the foregoing Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied. You hereby are directed, on payment to you of any sums owing to you under the terms of said Deed of Trust or pursuant to statute, to cancel all evidences of indebtedness secured by said Deed of Trust (which are delivered to you herewith together with said Deed of Trust) and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust the estate now held by you under the same. Mail reconveyance and documents to

_____.


DATED: _____, ____.


                                               _____

                                                        Beneficiary

IN WITNESS WHEREOF, Trustor has executed this Deed of Trust as of the day and year first above written.

WITNESS:

WEC 95B GATEWAY LIMITED PARTNERSHIP, a Texas limited partnership

By:    Wolverine Gateway, Inc.,
       a Texas corporation, its general partner

By: _____

Name: James C. Leslie
Title:   President

## ACKNOWLEDGMENTS

STATE OF NEW YORK               )

                                )  ss.:

*COUNTY OF NEW YORK*            )

     This instrument was acknowledged before me on November 4, 1995, by James C. Leslie, as President of Wolverine Gateway, Inc., a Texas corporation, said corporation being the general partner of WEC 95B Gateway Limited Partnership, a Texas limited partnership.

*Lorraine Michels*

Notary Public for _New York_

My commission expires: _2-28-96_

COUNTY ASSESSOR'S REAL PROPERTY
TAX ACCOUNT NUMBER(S):

LORRAINE MICHELS
Notary Public, State of New York
No. 52-4830738
Qualified in Suffolk County
Commission Expires

R-40390-0090
R-40390-0160
R-40390-0180
R-94277-0300
R-94227-0870
R-94227-1060
R-94227-1080
R-94227-1690
R-94227-2640
R-94227-2850
R-94227-2920

## EXHIBIT A

**PARCEL I:**

A Parcel of Land in the Southwest one quarter of the Southwest one quarter of Section 27, Township 1 North, Range 2 East, Willamette Meridian, City of Portland, County of Multnomah and State of Oregon, described as follows:

Beginning at the Southwest corner of said Section 27, a Brass Disk located in a monument box at the Intersection of the centerlines of Northeast Halsey Street and Northeast 102nd Avenue; thence North 00° 34' 14" East, along the centerline of Northeast 102nd Avenue and the Section line, 407.92 feet; thence leaving said centerline South 89° 25' 46" East, 40.00 feet to the Easterly Right of Way line of Northeast 102nd Avenue, a brass screw with a brass washer stamped PLS 2045 and the True Point of Beginning of the herein described parcel; thence North 00° 34' 14" East, along said Easterly Right of Way line, 252.51 feet to a Brass Screw with a Brass Washer stamped PLS 2045; thence leaving said Right of Way line South 89° 34' 20" East, along the northerly line of said parcel as established by Circuit Court Decree Number 269-568 E, dated June 1, 1961, 462.36 feet; thence leaving said line South 00° 34' 05" West, 140.15 feet; thence North 89° 37' 00" West, 150.00 feet to the Westerly Right of Way line of Northeast 103rd Place; thence South 00° 34' 05" West, along said Westerly Right of Way line, 240.00 feet to the intersection of the Westerly Right of Way line of Northeast 103rd Place and the Northerly Right of Way line of Northeast Weidler Street; thence North 89° 37' 00" West, along the Northerly Right of Way line of Northeast Weidler Street, 157.43 feet to a 5/8 inch iron rod with a yellow plastic cap marked PLS 2045; thence continuing along said Right of Way line North 00° 38' 00" East, 128.00 feet; thence continuing along said Right of Way line North 89° 37' 00" West, 154.90 feet to the True Point of Beginning. Basis of Bearings Private Survey filed in the Multnomah County Surveyor's Office as Survey Number 53940.

**PARCEL II:**

A parcel of land in the Southwest one quarter of the Southwest one quarter of Section 27, Township 1 North, Range 2 East, Willamette Meridian, in the City of Portland, County of Multnomah and State of Oregon, being the North 30 feet of Lot 3, HOUGHTON ADDITION, City of Portland, Multnomah County, Oregon, and described as follows:

Beginning at the Southwest corner of said Section 27, a brass disk located in a monument box at the intersection of the centerlines of Northeast Halsey Street and Northeast 102nd Avenue; thence North 61° 18' 06" East, 575.90 feet to a 5/8 inch iron rod with a yellow plastic cap marked PLS 2045 set at the Southeasterly corner of said parcel and a point on the Northerly right of way line of Northeast Weidler Street 40.00 feet North of the centerline of said Northeast Weidler Street and the true point of beginning of the herein described parcel; thence North 89° 37' 00" West, 100.00 feet to a 5/8 inch iron rod with a plastic cap marked LS 2045, set at the intersection of the North right of way line of Northeast Weidler Street and the Easterly right of way line of Northeast 103rd Place; thence North 00° 34' 05" East, along the Easterly right of way line of Northeast 103rd Place, 30.00 feet to the Northwest corner of said

Lot 3 of HOUGHTON ADDITION; thence leaving said right of way line, South 89° 37' 00"
East, along the North line of said Lot 3, 100.00 feet to the Northeast corner of said Lot 3;
thence along the East line of said Lot 3, South 00° 34' 05" West, 30.00 feet to the true point
of beginning;

TOGETHER WITH right of access to Northeast Weidler across a 10 foot strip between said
Northeast Weidler and the subject property included in contract recorded November 27, 1962,
in Miscellaneous Book 349, page 660.