Recording Requested By And
When Recorded Return To:

Cadwalader, Wickersham & Taft
100 Maiden Lane
New York, NY 10038
Attn: Michael J. Heneghan, Esq.

---

(SPACE ABOVE THIS LINE FOR RECORDER'S USE)

## ASSUMPTION AND MODIFICATION AGREEMENT AND CONSENT

by and among

**WEC 95B GATEWAY LIMITED PARTNERSHIP,**
a Texas limited partnership;

**MAYFAIR - ORCC BUSINESS TRUST,**
a Delaware business trust;

**CAPITAL LEASE FUNDING, L.P.,**
a Delaware limited partnership; and

**NATIONSBANK, N.A.**

Respecting real property commonly known as

1700 N.E. 102nd Avenue
Portland, Oregon

Dated as of November 6, 1996



EXHIBIT
Portland
E

C:\DOCSOPEN\NYLIB1\MHENEGHA\0099702 04

## ASSUMPTION AND MODIFICATION AGREEMENT
## AND CONSENT

THIS ASSUMPTION AND MODIFICATION AGREEMENT AND CONSENT (this "Agreement") is entered as of this 6th day of November, 1996 by and among (i) WEC 95B GATEWAY LIMITED PARTNERSHIP, a Texas limited partnership having an address at 675 Third Avenue, New York, New York 10017 ("Existing Borrower"), (ii) MAYFAIR - ORCC BUSINESS TRUST, a Delaware business trust having an address at 1220 Market Street, Wilmington, Delaware 19899 ("New Borrower"), (iii) CAPITAL LEASE FUNDING, L.P., a Delaware limited partnership having an address at 85 John Street, New York, New York 10038 ("Lender"), and (iv) NATIONSBANK, N.A., having an office at 100 North Tryon Street, Charlotte, North Carolina 28255 ("Assignee of Lender").

### RECITALS

A.  Lender made a loan to Existing Borrower on November 7, 1995 (the "Loan") evidenced, in part, by that certain Deed of Trust Note dated November 7, 1995 in the original principal amount of Five Million Two Hundred Sixty Nine Thousand Two Hundred Twenty and 00/100 Dollars ($5,269,220.00) (the "Note"), executed by Existing Borrower and made payable to the order of Lender, and further evidenced and secured, in part, by that certain Deed of Trust, Security Agreement and Assignment of Leases and Rents (the "Deed of Trust") dated as of November 7, 1995, executed by Existing Borrower, as Trustor, for the benefit of Lender, as Beneficiary, recorded on November 14, 1995, and by certain other documents executed or delivered in connection therewith, including, without limitation, those documents set forth on Exhibit A attached hereto (the Note, the Deed of Trust and all such other documents, including, without limitation, the documents set forth on Exhibit A, are hereinafter collectively referred to as the "Loan Documents"). The Deed of Trust encumbers that certain real property located in Multnomah County, Oregon, more particularly described in Exhibit B attached hereto (the "Land") and certain other property and rights more particularly described in Granting Clauses (a) through (i), inclusive, of the Deed of Trust (the "Collateral") (the Land and the Collateral are hereinafter referred to collectively as the "Trust Property").

B.  The Deed of Trust provides that an Event of Default (as defined in the Deed of Trust) shall occur upon a transfer of the Trust Property without Lender's consent, in violation of Paragraph 9 of the Deed of Trust.

C.  Existing Borrower desires to sell the Trust Property to New Borrower Lender and Assignee of Lender are willing to consent to the sale of the Trust Property to New Borrower, in consideration of and subject to the agreements and covenants contained herein.

NOW THEREFORE, in consideration of the mutual covenants and promises of the parties hereto and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. **Assumption of Loan Obligations**. New Borrower hereby assumes, and agrees to be bound by and to perform, from and after the date hereof (the "**Closing Date**"), each and all of the obligations, covenants, agreements, representations and warranties of Existing Borrower under the Loan Documents and all of the terms, covenants and provisions of the Loan Documents, including, without limitation, the payment of the outstanding principal balance of the Loan in the amount of $5,175,671.18, with interest thereon from October 15, 1996 at the interest rate specified in the Note, all in accordance with the terms of the Loan Documents (collectively, the "**Loan Document Obligations**").

2. **Consent of Lender and Assignee of Lender**. Lender and Assignee of Lender hereby consent to the sale and transfer of the Trust Property by Existing Borrower to New Borrower on the Closing Date. Lender hereby confirms that the provisions contained in Paragraph 54 of the Deed of Trust are in full force and effect.

3. **Release of Existing Borrower**. The assumption by New Borrower of the Loan Document Obligations pursuant hereto shall operate to release Existing Borrower, as borrower under the Loan Documents, only from liability for the breaches, acts or omissions of New Borrower, as borrower under the Loan Documents, with respect to the Loan Document Obligations accruing on and subsequent to the Closing Date; otherwise Existing Borrower shall not be released from any liability under the Loan Documents. Without limiting any other remedies Lender may have, upon an Event of Default (as defined in the Deed of Trust) arising from the breaches, acts or omissions of Existing Borrower, as borrower under the Loan Documents, with respect to the Loan Document Obligations accruing prior to the Closing Date, Lender shall be entitled to enforce all of its remedies set forth in the Deed of Trust against Existing Borrower, New Borrower and/or the Trust Property.

4. **Ownership of Trust Property**. New Borrower represents to Lender that, pursuant to the Bargain and Sale Deed, Bill of Sale, and Assignment and Assumption of Lease Agreement executed by Existing Borrower in favor of New Borrower, each as of even date herewith, New Borrower has purchased and now owns all of the Trust Property.

5. **No Defaults**. Existing Borrower represents and warrants that, to the best of its knowledge as of the Closing Date, no default has occurred and is continuing beyond any applicable grace or notice period under any of the Loan Documents.

6. **Notices**. Any notice, demand, statement, request or consent made to New Borrower under any of the Loan Documents shall be made in the manner set forth in Paragraph 39 of the Deed of Trust and shall be delivered to the New Borrower as follows:

>Mayfair - ORCC Business Trust
>1220 Market Street
>Wilmington, Delaware 19899
>Attn.: Charles J. Durante, Esq.

with a copy to:

>Pedersen & Houpt
>161 North Clark Street
>Suite 3100
>Chicago, Illinois 60601
>Attn.: Thomas F. Brett II, Esq.

7. **Service of Process**. For purposes of Paragraph 55 of the Deed of Trust and all other similar provisions contained in the other Loan Documents, New Borrower's agent for service of process shall be:

>Charles J. Durante, Esq.
>1220 Market Street
>Wilmington, Delaware 19899

8. **Fees**. Lender acknowledges that the transfer fee pertaining to New Borrower's acquisition of the Trust Property and assumption of the Loan on the Closing Date shall be equal to actual out-of-pocket costs and expenses incurred by Lender in connection with New Borrower's acquisition of the Trust Property and assumption of the Loan (including, but not limited to, attorney's fees and costs). However, Lender and New Borrower hereby agree that upon any subsequent sale, conveyance, alienation, mortgage, encumbrance, pledge or transfer within the meaning of Paragraph 9 of the Deed of Trust, Lender shall be entitled to an assumption fee equal to Fifteen Thousand and 00/100 Dollars ($15,000.00) in addition to the payment of all costs and expenses incurred by Lender in connection with such assumption (including reasonable attorneys' fees and costs).

9. **Modifications**. This Agreement may not be amended, modified or otherwise changed in any manner except by a writing executed by the parties to be charged. From and after the Closing Date, any new agreement pertaining to the Loan and any amendment, modification or extension of the Loan Documents may be made solely by New Borrower and Lender and shall not require the consent or execution of Existing Borrower.

10. **Loan Documents**. This Agreement, and all other documents executed or delivered by New Borrower in connection with its assumption of the Loan, shall be deemed "Loan Documents" for purposes of the Deed of Trust, and, pursuant to Paragraph 21 of the Deed of Trust, any default under this Agreement or any other document executed or delivered by New Borrower in connection with its assumption of the Loan will constitute an Event of Default (as defined in the Deed of Trust), subject to the applicable cure periods set forth in Paragraph 21 of the Deed of Trust.

11. **Modification to Loan Documents**. From and after the Closing Date, the terms "Trustor", "Assignor", "Borrower", "Indemnitor", "Maker," and "WEC 95B Gateway Limited Partnership," as such terms appear in the Loan Documents, shall be deemed to include New Borrower.

12. **Modification to Deed of Trust**. From and after the Closing Date, the Deed of Trust shall be modified and amended as follows:

   a.   The words "except as may have been disclosed in that certain Phase I/II Environmental Site Assessment Report, Circuit City Stores, Inc., 1638/1700 N.E. 102nd Avenue, Portland, Oregon, prepared by Kleinfelder, Inc. and dated October 19, 1995, which was delivered to Beneficiary by Existing Borrower in connection with the Loan," are hereby inserted at the beginning of clauses (iii) and (iv) of subparagraph 34(a) of the Deed of Trust.

   b.   There are no other changes to the Deed of Trust, other than as provided in this Agreement.

13. **Modification of Environmental Agreement**. From and after the Closing Date, the Environmental Agreement shall be modified and amended as follows:

   a.   The words "except as may have been disclosed in that certain Phase I/II Environmental Site Assessment Report, Circuit City Stores, Inc., 1638/1700 N.E. 102nd Avenue, Portland, Oregon, prepared by Kleinfelder, Inc. and dated October 19, 1995, which was delivered to Lender by Existing Borrower in connection with the Loan," are hereby inserted at the beginning of clauses (iii) and (iv) of Section 1.01 of the Environmental Agreement dated November 7, 1995 given to Lender in connection with the Loan.

14. **Modified Terms**. From and after the Closing Date, wherever in any of the Loan Documents reference is made to any Loan Document, the Note or the Deed of Trust, such reference shall be deemed to be a reference to such Loan Document, the Note or the Deed of Trust as assumed and modified by this Agreement.

15. **Indebtedness**. The Note, as assumed and modified by this Agreement, is secured by, and is entitled to the benefits of, among other things, the Deed of Trust and other security instruments executed in connection therewith (the "Security Instruments"), as assumed and modified by this Agreement. The parties hereto certify that this Agreement pertains to and secures the same indebtedness evidenced and secured by the Deed of Trust and the other Security Instruments and pertains to and secures no further or other indebtedness or obligation.

16. **Ratification**. New Borrower and Existing Borrower hereby (i) ratify and confirm the liens, conveyances and grants contained in and created by the Deed of Trust and the Security Instruments, and (ii) agree that nothing contained in this Agreement is intended to or shall impair the liens, conveyances and grants of the Deed of Trust and the Security Instruments.

17. **ERISA**.

a. New Borrower represents and warrants that, as of the date of this Agreement and throughout the term of the Deed of Trust, (i) New Borrower is not an "employee benefit plan" as defined in Section 3(3) of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), which is subject to Title I of ERISA, and (ii) the assets of New Borrower do not constitute "plan assets" of one or more such plans within the meaning of 29 C.F.R. Section 2510.3-101.

b. New Borrower represents and warrants to Lender that, as of the date of this Agreement and throughout the term of the Deed of Trust (i) New Borrower is not a "governmental plan" within the meaning of Section 3(32) of ERISA, and (ii) transactions by or with New Borrower are not subject to state statues regulating investments of and fiduciary obligations with respect to governmental plans.

18. **Approvals**.

a. New Borrower hereby represents and warrants to Lender that New Borrower has obtained any and all third-party approvals and consents required to be obtained in connection with the execution and delivery of this Agreement and the performance of New Borrower's obligations hereunder.

b. Existing Borrower hereby represents and warrants to Lender that Existing Borrower has obtained any and all third-party approvals and consents required to be obtained in connection with the execution and delivery of this Agreement and the performance of Existing Borrower's obligations hereunder.

19. **Successors and Assigns**. This Agreement applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, and permitted successors and assigns.

20. **Governing Law**. This Agreement shall be governed by, and construed in accordance with, the laws of the State of Oregon, without giving effect to the conflict of laws provisions of said State.

21. **Entire Agreement**. This Agreement constitutes all of the agreements among the parties relating to the matters set forth herein and supersedes all other prior or concurrent oral or written letters, agreements or understandings with respect to the matters set forth herein.

22. **Full Force and Effect**. Except as assumed and modified by this Agreement, the Loan Documents shall remain unchanged and in full force and effect.

23. **Counterparts**. This Agreement may be signed in any number of counterparts by the parties hereto, all of which taken together shall constitute one and the same instrument.

24.     <u>Exculpation</u>.  Notwithstanding anything contained herein to the contrary, the Trustee of New Borrower is executing this agreement solely in its capacity as trustee, and said Trustee shall have no personal liability in its individual capacity for the performance or observance of any of the covenants, agreements, representations, warranties or other duties of the New Borrower hereunder or under any of the Loan Documents.

25.     Lender represents and certifies to New Borrower that, to the knowledge of Lender, (i) the Loan Documents are unmodified and in full force and effect, and (ii) no Event of Default, either by Lender or Existing Borrower, exists under the Loan Documents.

IN WITNESS WHEREOF, The parties have executed this Agreement as of the day and year first above written.

**EXISTING BORROWER:** WEC 95B GATEWAY LIMITED PARTNERSHIP, a Texas limited partnership

By: BC PORTLAND PARTNERS, INC., a Delaware corporation, its general partner

WITNESS:

*/s/ [signature]*
Name:
Title:

By: */s/ Arthur Walker*
Name: Arthur Walker
Title: President

**NEW BORROWER:** MAYFAIR - ORCC BUSINESS TRUST, a Delaware business trust

WITNESS:

_____
Name:
Title:

By: _____
Name: Charles J. Durante
Title: Trustee

**LENDER:** CAPITAL LEASE FUNDING, L.P., a Delaware limited partnership

By: CLF Holdings, Inc., a Delaware corporation, its general partner

WITNESS:

_____
Name:
Title:

By: _____
Name: Paul McDowell
Title: Vice President

-7-

IN WITNESS WHEREOF, The parties have executed this Agreement as of the day and year first above written.

**EXISTING BORROWER:**   WEC 95B GATEWAY LIMITED PARTNERSHIP, a Texas limited partnership

By:   BC PORTLAND PARTNERS, INC., a Delaware corporation, its general partner

WITNESS:

By. _____

Name: _____   Name: Arthur Walker
Title:   Title: President

**NEW BORROWER:**   MAYFAIR - ORCC BUSINESS TRUST, a Delaware business trust

WITNESS:

*Jacqueline L. Cole*   By: *[signature]*
Name.   Name: Charles J. Durante
Title: *Notary Public*   Title   Trustee

**LENDER:**   CAPITAL LEASE FUNDING, L.P., a Delaware limited partnership

By:   CLF Holdings, Inc., a Delaware corporation, its general partner

WITNESS:

*[signature]*   By: *[signature]*
Name:   Name:   Paul McDowell
Title:   Title:   Vice President

**ASSIGNEE OF LENDER:**

WITNESS:

_____
Name: Ed Poston
Title: Attorney

NATIONSBANK, N.A., a national banking association

By: _____
Name: Quinten Hanson
Title: Vice President

## ACKNOWLEDGMENTS

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

This instrument was acknowledged before me on October 23, 1996, by Arthur Walker, as President of BC Portland Partners, Inc., a Delaware corporation, said corporation being the general partner of WEC 95B Gateway Limited Partnership, a Texas limited partnership.

Notary Public for _____
My commission expires: _____

COUNTY ASSESSOR'S REAL PROPERTY
TAX ACCOUNT NUMBER(S):

R-40390-0090
R-40390-0160
R-40390-0180
R-94277-0300
R-94227-0870
R-94227-1060
R-94227-1080
R-94227-1690
R-94227-2640
R-94227-2850
R-94227-2920

EMMA K. MAJURI
Notary Public, State of New York
No. 24 5001-404
Qualified in Kings County
Certificate Filed in Kings County
Commission Expires September 8, '99

STATE OF DELAWARE        )
                         ) ss..
COUNTY OF New Castle     )

This instrument was acknowledged before me on October 22, 1996, by Charles J. Durante, as Trustee of Mayfair - ORCC Business Trust, a Delaware business trust.

*Jacqueline E. Kole*
Notary Public for _____
My commission expires. _____

COUNTY ASSESSOR'S REAL PROPERTY
TAX ACCOUNT NUMBER(S).

R-40390-0090
R-40390-0160
R-40390-0180
R-94277-0300
R-94227-0870
R-94227-1060
R-94227-1080
R-94227-1690
R-94227-2640
R-94227-2850
R-94227-2920

STATE OF NEW YORK        )
                         ) ss.
COUNTY OF NEW YORK       )

      This instrument was acknowledged before me on October 30, 1996, by Paul H. McDowell, as Vice President of CLF Holdings, Inc., a Delaware corporation, said corporation being the general partner of Capital Lease Funding, L.P., a Delaware limited partnership.

                                          *Lynn Zuckerman Gray*
                                          Notary Public for _____
                                          My commission expires _____

COUNTY ASSESSOR'S REAL PROPERTY
TAX ACCOUNT NUMBER(S):

LYNN ZUCKERMAN GRAY
NOTARY PUBLIC, STATE OF NEW YORK
NO 31-4996799
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES MAY 26, 1998

R-40390-0090
R-40390-0160
R-40390-0180
R-94277-0300
R-94227-0870
R-94227-1060
R-94227-1080
R-94227-1690
R-94227-2640
R-94227-2850
R-94227-2920

STATE OF ~~DELAWARE~~ NORTH CAROLINA )
                                    ) ss.:
COUNTY OF MECKLENBURG )

This instrument was acknowledged before me on October 22, 1996, by Quinten Hanson, as Vice President of NationsBank, N.A., a national banking association.

Linda M. Hunter
Notary Public for State of North Carolina
My commission expires: 8-21-99

COUNTY ASSESSOR'S REAL PROPERTY
TAX ACCOUNT NUMBER(S):

R-40390-0090
R-40390-0160
R-40390-0180
R-94277-0300
R-94227-0870
R-94227-1060
R-94227-1080
R-94227-1690
R-94227-2640
R-94227-2850
R-94227-2920

-12-

## EXHIBIT A

## LOAN DOCUMENTS

1. Deed of Trust and Security Agreement, dated as of November 7, 1995, recorded November 14, 1995 as Instrument No. 95-141445, Multnomah County.

2. Deed of Trust Note, dated November 7, 1995.

3. Assignment of Lease and Rents, dated November 7, 1995, recorded November 14, 1995 as Instrument No. 95-141446, Multnomah County.

4. Environmental Agreement, dated as of November 7, 1995.

5. UCC-1 Financing Statement, dated as of November 7, 1995, filed with the Oregon Secretary of State on November 17, 1995, as Instrument No. 578311.

6. UCC-1A Financing Statement, dated as of November 7, 1995, recorded with Multnomah County, Oregon, November 14, 1995, as Instrument No. 95-141447

## EXHIBIT B

Legal Description

PARCEL I:

A parcel of land in the Southwest one quarter of the Southwest one quarter of Section 27, Township 1 North, Range 2 East, Willamette Meridian, in the City of Portland, County of Multnomah and State of Oregon, described as follows:

Beginning at the Southwest corner of said Section 27, a brass disk located in a monument box at the intersection of the centerlines of Northeast Halsey Street and Northeast 102nd Avenue; thence North 00° 34' 14" East, along the centerline of Northeast 102nd Avenue and the section line, 407.92 feet; thence leaving said centerline South 89° 25' 46" East, 40.00 feet to the Easterly right of way line of Northeast 102nd Avenue, a brass screw with a brass washer stamped PLS 2045 and the true point of beginning of the herein described parcel; thence North 00° 34' 14" East, along said Easterly right of way line, 252.51 feet to a brass screw with a brass washer stamped PLS 2045; thence leaving said right of way line South 89° 34' 20" East, along the northerly line of said parcel as established by Circuit Court Decree Number 269-568 E, dated June 1, 1961, 462.36 feet; thence leaving said line South 00° 34' 05" West, 140.15 feet; thence North 89° 37' 00" West, 150.00 feet to the Westerly right of way line of Northeast 103rd Place; thence South 00° 34' 05" West, along said Westerly right of way line, 172.00 feet; thence continuing along said right of way line South 89° 37' 00" East, 22.50 feet; thence continuing along said right of way line South 00° 34' 05" West, 78.00 feet to a brass screw with a brass washer stamped PLS 2045 at the intersection of the Westerly right of way line of Northeast 103rd Place and the Northerly right of way line of Northeast Weidler Street; thence north 89° 37' 00" West, along the Northerly right of way of Northeast Weidler Street, 155.00 feet to a 5/8 inch iron rod with a yellow plastic cap marked PLS 2045; thence continuing along said right of way line North 00° 33' 00" East, 10.00 feet to a 5/8 inch iron rod with a yellow plastic cap marked PLS 2045; thence continuing along said right of way line North 89° 37' 00" West, 24.93 feet to a 5/8 inch iron rod with a yellow plastic cap marked PLS 2045; thence continuing along said right of way line North 00° 33' 00" East, 128.00 feet; thence continuing along said right of way line North 89° 37' 00" West, 154.90 feet to the true point of beginning. Basis of Bearings Private Survey filed in the Multnomah County Surveyor's Office as Survey number 53940.

EXCEPTING THOSE portions deeded to the City of Portland for right-of-way purposes by Deed recorded March 15, 1995, Fee No. 95-29954 and Re-recorded August 22, 1995, Fee No. 95-100944.

PARCEL II:

A parcel of land in the Southwest one quarter of the Southwest one quarter of Section 27, Township 1 North, Range 2 East, Willamette Meridian, in the City of Portland, County of

B-1

Multnomah and State of Oregon, being the North 30 feet of Lot 3, HOUGHTON ADDITION, City of Portland, Multnomah County, Oregon, and described as follows:

Beginning at the Southwest corner of said Section 27, a brass disk located in a monument box at the intersection of the centerlines of Northeast Halsey Street and Northeast 102nd Avenue; thence North 61° 18' 06" East, 575.90 feet to a 5/8 inch iron rod with a yellow plastic cap marked PLS 2045 set at the Southeasterly corner of said parcel and a point on the Northerly right of way line of Northeast Weidler Street 40.00 feet North of the centerline of said Northeast Weidler Street and the true point of beginning of the herein described parcel; thence North 89° 37' 00" West, 100.00 feet to a 5/8 inch iron rod with a plastic cap marked PLS 2045, set at the intersection of the North right of way line of Northeast Weidler Street and the Easterly right of way line of Northeast 103rd Place; thence North 00° 34' 05" East, along the Easterly right of way line of Northeast 103rd Place, 30.00 feet to the Northwest corner of said Lot 3 of HOUGHTON ADDITION; thence leaving said right of way line, South 89° 37' 00" East, along the North line of said Lot 3, 100.00 feet to the Northeast corner of said Lot 3; thence along the East line of said Lot 3, South 00° 34' 05" West, 30.00 feet to the true point of beginning;

TOGETHER WITH right of access to Northeast Weidler across a 10 foot strip between said Northeast Weidler and the subject property included in contract recorded 27, 1962, in Miscellaneous Book 349, Page 660.