ordinances, rules or regulations. In the event that Trustor receives any notice or advice from any governmental agency or any source whatsoever with respect to Asbestos on, affecting or installed on the Trust Property, Trustor shall immediately notify Beneficiary. Upon Beneficiary's reasonable request, at any time and from time to time while this Deed of Trust is in effect, Trustor shall provide, at Trustor's sole expense, an inspection or audit of the Trust Property prepared by an engineering or consulting firm approved by Beneficiary, indicating the presence or absence of Asbestos on the Trust Property. If Trustor fails to provide such inspection or audit within (30) days after such request, Beneficiary may order same, and Trustor hereby grants to Beneficiary and its employees and agents access to the Trust Property and a license to undertake such inspection or audit. The cost of such inspection or audit shall be added to the principal balance of the sums due under the Note and this Deed of Trust and shall bear interest thereafter until paid at the Default Rate. The obligations and liabilities of Trustor under this paragraph 35 shall survive any termination, satisfaction, or assignment of this Deed of Trust and the exercise by Beneficiary of any of its rights or remedies hereunder, including but not limited to, the acquisition of the Trust Property by foreclosure or a conveyance in lieu of foreclosure.

36. <u>Environmental Monitoring</u>. In the event that any investigation, site monitoring, containment cleanup, removal, restoration or other work of any kind is reasonably necessary or desirable under an applicable Environmental Law (the "<u>Remedial Work</u>"), Trustor shall commence and thereafter diligently prosecute to completion all such Remedial Work within thirty (30) days after written demand by Beneficiary for performance thereof (or such shorter period of time as may be required under applicable law). All Remedial Work shall be performed by contractors approved in advance by Beneficiary, and under the supervision of a consulting engineer approved by Beneficiary. All costs and expenses of such Remedial Work shall be paid by Trustor including, without limitation, Beneficiary's reasonable attorneys' fees and disbursements incurred in connection with monitoring or review of such Remedial Work. In the event Trustor shall fail to timely commence, or cause to be commenced, or fail to diligently prosecute to completion, such Remedial Work, Beneficiary may, but shall not be required to, cause such Remedial Work to be performed, and all costs and expenses thereof, or incurred in connection therewith, may be added to the Debt and shall bear interest thereafter until paid at the Default Rate.

37. <u>Handicapped Access</u>. (a) Trustor agrees that the Trust Property shall at all times strictly comply, to the extent applicable, with the requirements of the Americans with Disabilities Act of 1990, the Fair Housing Amendments Act of 1988, all state and local laws and ordinances related to handicapped access and all rules, regulations, and orders issued pursuant thereto including, without limitation, the Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities (collectively "<u>Access Laws</u>").

(b) Notwithstanding any provisions set forth herein or in any other document regarding Beneficiary's approval of alterations of the Trust Property, Trustor shall not alter or permit the Trust Property to be altered in any manner which would increase Trustor's responsibilities for compliance with the applicable Access Laws without the prior written approval of Beneficiary. Beneficiary may condition any such approval upon receipt of

a certificate of Access Law compliance from an architect, engineer, or other person acceptable to Beneficiary.

(c) Trustor agrees to give prompt notice to Beneficiary of the receipt by Trustor of any complaints related to violation of any Access Laws and of the commencement of any proceedings or investigations which relate to compliance with applicable Access Laws.

38. **Indemnification**. In addition to any other indemnifications provided herein or in the Other Security Documents, Trustor covenants and agrees at its sole cost and expense to protect, defend, indemnify and save harmless Beneficiary, Trustee and Servicer from and against all liabilities, obligations, claims, demands, damages, penalties, causes of action, losses, fines, costs and expenses (including without limitation reasonable attorneys' fees and expenses), imposed upon or incurred by or asserted against Beneficiary, Trustee or Servicer, by reason of (a) ownership of this Deed of Trust, the Trust Property or any interest therein or receipt of any Rents; (b) any accident, injury to or death of persons or loss of or damage to property occurring in, on or about the Trust Property or any part thereof or on the adjoining sidewalks, curbs, adjacent property or adjacent parking areas, streets or ways; (c) any use, nonuse or condition in, on or about the Trust Property or any part thereof or on adjoining sidewalks, curbs, adjacent property or adjacent parking areas, streets or ways; (d) any failure on the part of Trustor to perform or comply with any of the terms of this Deed of Trust; (e) performance of any labor or services or the furnishing of any materials or other property in respect of the Trust Property or any part thereof; (f) the presence, disposal, escape, seepage, leakage, spillage, discharge, emission, release, or threatened release of any Hazardous Substance or Asbestos on, from, or affecting the Trust Property or any other property; (g) any personal injury (including wrongful death) or property damage (real or personal) arising out of or related to such Hazardous Substance or Asbestos; (h) any lawsuit brought or threatened, settlement reached, or government order relating to such Hazardous Substance or Asbestos; (i) any violation of the Environmental Laws, which are based upon or in any way related to such Hazardous Substance or Asbestos including, without limitation, the costs and expenses of any remedial action, attorney and consultant fees, investigation and laboratory fees, court costs, and litigation expenses; and (j) any failure of the Trust Property to comply with any Access Laws. Any amounts payable to Beneficiary, Trustee or Servicer by reason of the application of this paragraph 38 shall be secured by this Deed of Trust and shall become immediately due and payable and shall bear interest at the Default Rate from the date loss or damage is sustained by Beneficiary, Trustee or Servicer until paid. The obligations and liabilities of Trustor under this paragraph 38 shall survive any termination, satisfaction or assignment of this Deed of Trust and the exercise by Beneficiary of any of its rights or remedies hereunder including, but not limited to, the acquisition of the Trust Property by foreclosure or a conveyance in lieu of foreclosure, but shall not include any liability arising from any action taken by Beneficiary in respect of the Trust Property after Beneficiary has taken title to the Trust Property by reason of foreclosure or deed-in-lieu thereof.

39. **Notices**. Any notice, demand, statement, request or consent made hereunder shall be effective and valid only if in writing, referring to this Deed of Trust, signed

by the party giving such notice, and delivered either personally to such other party, or sent by nationally recognized overnight courier delivery service or by certified mail of the United States Postal Service, postage prepaid, return receipt requested, addressed to the other party as follows (or to such other address or person as either party or person entitled to notice may by notice to the other party specify):

To Beneficiary:

Capital Lease Funding, L.P.
85 John Street, 12th Floor
New York, New York 10038
Attention: Paul McDowell, Esq.

with a copy concurrently to:

Cadwalader Wickersham & Taft
100 Maiden Lane
New York, New York 10038
Attention: W. Christopher White, Esq.

To Trustor:

WEC 95B Winston-Salem Limited Partnership
6750 LBJ Freeway
Suite 1100
Dallas, Texas 75240
Attention: Mr. Brett Landes

Unless otherwise specified, notices shall be deemed given as follows: (i) if delivered personally, when delivered, (ii) if delivered by nationally recognized overnight courier delivery service, on the day following the day such material is sent, or (iii) if sent by certified mail, three (3) days after such notice has been sent by Trustor or Beneficiary.

40. **Authority; Compliance with ERISA and State Statutes on Governmental Plans.** (a) Trustor (and the undersigned representative of Trustor, if any) has full power, authority and right to execute, deliver and perform its obligations pursuant to this Deed of Trust, and to mortgage, give, grant, bargain, sell, alien, enfeoff, convey, confirm, pledge, hypothecate and assign the Trust Property pursuant to the terms hereof and to keep and observe all of the terms of this Deed of Trust on Trustor's part to be performed.

(b) Trustor represents and warrants that Trustor is not a "foreign person" within the meaning of Section 1445(f)(3) of the Internal Revenue Code of 1986, as amended and the related Treasury Department regulations, including temporary regulations.

(c) Trustor represents and warrants that, as of the date of this Deed of Trust and throughout the term of this Deed of Trust, (i) Trustor is not an "employee benefit plan" as defined in Section 3(3) of the Employee Retirement Income Security Act of 1974, as amended

-33-

("ERISA"), which is subject to Title I of ERISA, and (ii) the assets of such Trustor do not constitute "plan assets" of one or more such plans within the meaning of 29 C.F.R. Section 2510.3-101.

(d) Trustor represents and warrants to Beneficiary that, as of the date of this Deed of Trust and throughout the term of this Deed of Trust (i) Trustor is not a "governmental plan" within the meaning of Section 3(32) of ERISA, and (ii) transactions by or with Trustor or any Trustor are not subject to state statues regulating investments of and fiduciary obligations with respect to governmental plans.

(e) Trustor covenants and agrees to deliver to Beneficiary such certifications or other evidence from time to time throughout the term of this Deed of Trust, as requested by Beneficiary in its sole discretion, that (i) Trustor is not an "employee benefit plan" or a "governmental plan"; (ii) Trustor is not subject to state statutes regulating investments and fiduciary obligations with respect to governmental plans; and (iii) one or more of the following circumstances is true:

1. Equity interests in Trustor are publicly offered securities, within the meaning of 29 C.F.R. § 2510.3-101(b)(2);

2. Less than 25 percent of all equity interests in such Trustor are held by "benefit plan investors" within the meaning of 29 C.F.R. § 2510.3-101(f)(2); or

3. Trustor qualifies as an "operating company" or a "real estate operating company" within the meaning of 29 C.F.R. § 2510.3.-101(c) or (e).

(f) Any of the following shall constitute an Event of Default under this Deed of Trust, entitling Beneficiary to exercise any and all remedies to which it may be entitled under this Deed of Trust, and any Other Security Documents: (i) the failure of any representation or warranty made by any Trustor under this paragraph to be true and correct in all respects, (ii) the failure of any Trustor to provide Beneficiary with the written certifications and evidence referred to in this Paragraph, or (iii) the consummation by Trustor or any one Trustor of a transaction which would cause this Deed of Trust or any exercise of Beneficiary's rights under this Deed of Trust, or the Other Security Documents to constitute a non-exempt prohibited transaction under ERISA or a violation of a state statute regulating governmental plans, or otherwise subjecting Beneficiary to liability for violation of ERISA or such state statute.

(g) Trustor shall indemnify Beneficiary and defend and hold Beneficiary harmless from and against all civil penalties, excise taxes, or other loss, cost, damage and expense (including, without limitation, attorneys' fees and disbursements and costs incurred in the investigation, defense and settlement of claims and losses incurred in correcting any prohibited transaction or in the sale of a prohibited loan, and in obtaining any individual prohibited transaction exemption under ERISA that may be required, in Beneficiary's sole

-34-

discretion) that Beneficiary may incur, directly or indirectly, as a result of a default under this paragraph. This indemnity shall survive any termination, satisfaction or foreclosure of this Deed of Trust.

41.    **Waiver of Notice**. Trustor shall not be entitled to any notices of any nature whatsoever from Beneficiary except with respect to matters for which this Deed of Trust specifically and expressly provides for the giving of notice by Beneficiary to Trustor and except with respect to matters for which Beneficiary is required by applicable law to give notice, and Trustor hereby expressly waives the right to receive any notice from Beneficiary with respect to any matter for which this Deed of Trust does not specifically and expressly provide for the giving of notice by Beneficiary to Trustor.

42.    **Remedies of Trustor**. In the event that a claim or adjudication is made that Beneficiary has acted unreasonably or unreasonably delayed acting in any case where by law or under the Note, this Deed of Trust or the Other Security Documents, it has an obligation to act reasonably or promptly, Beneficiary shall not be liable for any monetary damages, and Trustor's remedies shall be limited to injunctive relief or declaratory judgment.

43.    **Sole Discretion of Beneficiary**. Wherever pursuant to this Deed of Trust, Beneficiary exercises any right given to it to approve or disapprove, or any arrangement or term is to be satisfactory to Beneficiary, the decision of Beneficiary to approve or disapprove or to decide that arrangements or terms are satisfactory or not satisfactory shall be in the sole discretion of Beneficiary and shall be final and conclusive, except as may be otherwise expressly and specifically provided herein.

44.    **Non-Waiver**. The failure of Beneficiary to insist upon strict performance of any term hereof shall not be deemed to be a waiver of any term of this Deed of Trust. Trustor shall not be relieved of Trustor's obligations hereunder by reason of (a) the failure of Beneficiary to comply with any request of Trustor or Guarantors to take any action to foreclose this Deed of Trust or otherwise enforce any of the provisions hereof or of the Note or the Other Security Documents, (b) the release, regardless of consideration, of the whole or any part of the Trust Property, or of any person liable for the Debt or any portion thereof, or (c) any agreement or stipulation by Beneficiary extending the time of payment or otherwise modifying or supplementing the terms of the Note, this Deed of Trust or the Other Security Documents. Beneficiary may resort for the payment of the Debt to any other security held by Beneficiary in such order and manner as Beneficiary, in its discretion, may elect. Beneficiary may take action to recover the Debt, or any portion thereof, or to enforce any covenant hereof without prejudice to the right of Beneficiary thereafter to foreclose this Deed of Trust. The rights and remedies of Beneficiary under this Deed of Trust shall be separate, distinct and cumulative and none shall be given effect to the exclusion of the others. No act of Beneficiary shall be construed as an election to proceed under any one provision herein to the exclusion of any other provision. Beneficiary shall not be limited exclusively to the rights and remedies herein stated but shall be entitled to every right and remedy now or hereafter afforded at law or in equity.

45. **No Oral Change.** This Deed of Trust, and any provisions hereof, may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Trustor or Beneficiary, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

46. **Liability.** If Trustor consists of more than one person, the obligations and liabilities of each such person hereunder shall be joint and several. This Deed of Trust shall be binding upon and inure to the benefit of Trustor and Beneficiary and their respective successors and assigns forever.

47. **Inapplicable Provisions.** If any term, covenant or condition of the Note or this Deed of Trust is held to be invalid, illegal or unenforceable in any respect, the Note and this Deed of Trust shall be construed without such provision.

48. **Headings, etc.** The headings and captions of various paragraphs of this Deed of Trust are for convenience of reference only and are not to be construed as defining or limiting, in any way, the scope or intent of the provisions hereof.

49. **Duplicate Originals.** This Deed of Trust may be executed in any number of duplicate originals and each such duplicate original shall be deemed to be an original.

50. **Definitions.** Unless the context clearly indicates a contrary intent or unless otherwise specifically provided herein, words used in this Deed of Trust may be used interchangeably in singular or plural form and the word "Trustor" shall mean "each Trustor and any subsequent owner or owners of the Trust Property or any part thereof or any interest therein," the word "Beneficiary" shall mean "Beneficiary and any subsequent holder of the Note," the word "Trustee" shall mean "Trustee and any successor or substitute trustee", the word "Note" shall mean "the Note and any other evidence of indebtedness secured by this Deed of Trust," the word "person" shall include an individual, corporation, partnership, trust, unincorporated association, government, governmental authority, and any other entity, and the words "Trust Property" shall include any portion of the Trust Property and any interest therein. Whenever the context may require, any pronouns used herein shall include the corresponding masculine, feminine or neuter forms, and the singular form of nouns and pronouns shall include the plural and vice versa.

51. **Homestead.** Trustor hereby waives and renounces all homestead and exemption rights provided by the constitution and the laws of the United States and of any state, in and to the Trust Property as against the collection of the Debt, or any part hereof.

52. **Assignments.** Beneficiary shall have the right to assign or transfer its rights under this Deed of Trust without limitation. Any Assignee or transferee shall be entitled to all the benefits afforded Beneficiary under this Deed of Trust.

53. **Cooperation.** Trustor acknowledges that Beneficiary and its successors and assigns may (a) sell this Deed of Trust, the Note and Other Security Documents to one or

more investors as a whole loan, (b) participate the loan (the "Loan") secured by this Deed of Trust to one or more investors, (c) deposit this Deed of Trust, the Note and Other Security Documents with a trust, which trust may sell certificates to investors evidencing an ownership interest in the trust assets or (d) otherwise sell the Loan or interest therein to investors (the transactions referred to in clauses (a) through (d) are hereinafter referred to as "Secondary Market Transactions"). Trustor shall cooperate in good faith with Beneficiary in effecting any such Secondary Market Transaction and shall cooperate in good faith to implement all requirements imposed by the Rating Agency involved in any Secondary Market Transaction including, without limitation, all structural or other changes to the Loan, modifications to any documents evidencing or securing the Loan, delivery of opinions of counsel acceptable to the Rating Agency and addressing such matters as the Rating Agency may require; provided, however, that the Trustor shall not be required to modify any documents evidencing or securing the Loan which would modify (i) the interest rate payable under the Note, (ii) the stated maturity of the Note, (iii) the amortization of principal of the Note, or (iv) any other material economic term of the Loan. Trustor shall provide such information and documents relating to Trustor, Guarantor, if any, the Trust Property, the Lease and the Lessee as Beneficiary or any Rating Agency may reasonably request in connection with a Secondary Market Transaction, including, without limitation, any further environmental requirements. Beneficiary shall have the right to provide to prospective investors any information in its possession, including, without limitation, financial statements relating to Trustor, the Guarantor, if any, the Trust Property and the Lessee. Trustor acknowledges that certain information regarding the Loan and the parties thereto and the Trust Property may be included in a private placement memorandum, prospectus or other disclosure documents.

54. Recourse Provisions. Subject to the qualifications below, Beneficiary shall not enforce the liability and obligation of Trustor (or its general partners) to perform and observe the obligations contained in this Deed of Trust, the Note or in any of the Other Security Documents by any action or proceeding wherein a money judgment shall be sought against Trustor (or its general partners), except that Beneficiary may bring a foreclosure action, an action for specific performance or any other appropriate action or proceeding to enable Beneficiary to enforce and realize upon its interests under the Note, this Deed of Trust or the Other Security Documents or in the Trust Property, or any other collateral given to Trustor pursuant to this Deed of Trust and the Other Security Documents; provided, however, that, except as specifically provided herein, any judgment in any such action or proceeding shall be enforceable against Trustor (or its general partners) only to the extent of Trustor's (or its general partners') interest in the Trust Property and in any other collateral given to Beneficiary, and Beneficiary, by accepting this Deed of Trust the Note and the Other Security Documents, agrees that it shall not sue for, seek or demand any deficiency judgment against Trustor (or its general partners) in any such action or proceeding under or by reason of or in connection with this Deed of Trust, the Note or the Other Security Documents. The provisions of this paragraph shall not, however, (i) constitute a waiver, release or impairment of any obligation evidenced or secured by this Deed of Trust, the Note or any of the Other Security Documents; (ii) impair the right of Beneficiary to name Trustor (but not its general partners unless such general partners are necessary parties to such action or suit) as a party defendant in any action or suit for foreclosure and sale under this Deed of Trust; (iii) affect the

-37-

validity or enforceability of any guaranty made in connection with the Debt or any of the rights and remedies of the Beneficiary thereunder; (iv) impair the right of Beneficiary to obtain the appointment of a receiver; (v) impair the enforcement of the Assignment of Lease and Rents executed in connection herewith; or (vi) constitute a waiver of the right of Beneficiary to enforce the liability and obligation of Trustor or the general partner of Trustor in its capacity as general partner, by money judgment or otherwise, to the extent of any loss, damage, cost, expense, liability, claim or other obligation incurred by Beneficiary (including attorneys' fees and costs reasonably incurred) arising out of or in connection with the following:

(a)  fraud or intentional misrepresentation by Trustor or any Guarantor in connection with the Loan;

(b)  the gross negligence or willful misconduct of Trustor;

(c)  physical waste of the Trust Property;

(d)  the breach of any provision of any environmental indemnity given by Trustor to Beneficiary in this Deed of Trust or by separate agreement concerning Environmental Laws, Hazardous Substances and Asbestos and any indemnification of Beneficiary with respect thereto in such document or agreement;

(e)  the removal or disposal by Maker or its general partner of any portion of the Trust Property after an Event of Default;

(f)  the misapplication or conversion by Trustor of (i) any insurance proceeds paid by reason of any loss, damage or destruction to the Trust Property, (ii) any awards or other amounts received in connection with the condemnation of all or a portion of the Trust Property, or (iii) any rents following an Event of Default;

(g)  failure by Maker or the general partner of Maker to pay charges for labor or materials or other charges that can create liens on any portion of the Trust Property; and

(h)  any security deposits collected with respect to the Trust Property which are not delivered to Beneficiary upon a foreclosure of the Trust Property or action in lieu thereof, except to the extent any such security deposits were applied in accordance with the terms and conditions of any Leases prior to the occurrence of the Event of Default that gave rise to such foreclosure or action in lieu thereof.

Notwithstanding anything to the contrary in this Deed of Trust, the Note or any Other Security Documents, (i) Beneficiary shall not be deemed to have waived any right which Beneficiary may have under Section 506(a), 506(b), 1111(b) or any other provisions of the U.S. Bankruptcy Code to file a claim for the full amount of the Debt secured by this Deed of

Trust or to require that all collateral shall continue to secure all of the Debt owing to Beneficiary, and (ii) the Debt shall become fully recourse to Trustor in the event that: (A) Trustor fails to maintain its status as a single purpose entity, as required by, and in accordance with the provisions of, this Deed of Trust; (B) Trustor fails to obtain Beneficiary's prior written consent to any subordinate financing or other voluntary lien encumbering the Trust Property as required by this Deed of Trust; or (C) Trustor fails to obtain Beneficiary's prior written consent to any assignment, transfer, or conveyance of the Trust Property or any interest therein as required by this Deed of Trust.

55. <u>Governing Law; Submission to Jurisdiction</u>.  THIS DEED OF TRUST SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAW OF THE STATE IN WHICH THE TRUST PROPERTY IS LOCATED WITHOUT REGARD TO CONFLICT OF LAW PROVISIONS THEREOF.  EACH TRUSTOR, AND EACH ENDORSER OR GUARANTOR HEREBY SUBMITS TO PERSONAL JURISDICTION IN SAID STATE AND THE FEDERAL COURTS OF THE UNITED STATES OF AMERICA LOCATED IN SAID STATE (AND ANY APPELLATE COURTS TAKING APPEALS THEREFROM) FOR THE ENFORCEMENT OF SUCH TRUSTOR'S, ENDORSOR'S OR GUARANTOR'S OBLIGATIONS HEREUNDER, UNDER THE NOTE, ANY GUARANTY AND THE OTHER SECURITY DOCUMENTS, AND WAIVES ANY AND ALL PERSONAL RIGHTS UNDER THE LAW OF ANY OTHER STATE TO OBJECT TO JURISDICTION WITHIN SUCH STATE FOR THE PURPOSES OF SUCH ACTION, SUIT, PROCEEDING OR LITIGATION TO ENFORCE SUCH OBLIGATIONS OF SUCH TRUSTOR, ENDORSOR OR GUARANTOR.  EACH TRUSTOR AND EACH ENDORSOR AND GUARANTOR HEREBY WAIVES AND AGREES NOT TO ASSERT, AS A DEFENSE IN ANY ACTION, SUIT OR PROCEEDING ARISING OUT OF OR RELATING TO THIS DEED OF TRUST, THE NOTE, ANY GUARANTY OR ANY OF THE OTHER SECURITY DOCUMENTS, (A) THAT IT IS NOT SUBJECT TO SUCH JURISDICTION OR THAT SUCH ACTION, SUIT OR PROCEEDING MAY NOT BE BROUGHT OR IS NOT MAINTAINABLE IN THOSE COURTS OR THAT THIS DEED OF TRUST, THE NOTE, ANY GUARANTY AND/OR ANY OF THE OTHER SECURITY DOCUMENTS MAY NOT BE ENFORCED IN OR BY THOSE COURTS OR THAT IT IS EXEMPT OR IMMUNE FROM EXECUTION, (B) THAT THE ACTION, SUIT OR PROCEEDING IS BROUGHT IN AN INCONVENIENT FORUM OR (C) THAT THE VENUE OF THE ACTION, SUIT OR PROCEEDING IS IMPROPER.  IN THE EVENT ANY SUCH ACTION, SUIT, PROCEEDING OR LITIGATION IS COMMENCED, TRUSTOR, OR ENDORSOR AND GUARANTOR AGREE THAT SERVICE OF PROCESS MAY BE MADE, AND PERSONAL JURISDICTION OVER SUCH TRUSTOR, ENDORSOR OR GUARANTOR OBTAINED, BY SERVICE OF A COPY OF THE SUMMONS, COMPLAINT AND OTHER PLEADINGS REQUIRED TO COMMENCE SUCH LITIGATION UPON SUCH TRUSTOR OR ENDORSOR OR GUARANTOR AT 6750 LBJ FREEWAY, SUITE 100, DALLAS, TEXAS 75240, ATTENTION: MR. BRETT LANDES.

56. <u>Waiver of Jury Trial</u>. TRUSTOR HEREBY AGREES NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY JURY, AND WAIVES ANY RIGHT TO TRIAL BY JURY FULLY TO THE EXTENT THAT ANY SUCH RIGHT SHALL NOW OR HEREAFTER EXIST WITH REGARD TO THE NOTE, THIS DEED OF TRUST, OR THE OTHER SECURITY DOCUMENTS, OR ANY CLAIM, COUNTERCLAIM OR OTHER ACTION ARISING IN CONNECTION THEREWITH. THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY TRUSTOR AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE. BENEFICIARY IS HEREBY AUTHORIZED TO FILE A COPY OF THIS PARAGRAPH IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER BY TRUSTOR.

57. <u>Miscellaneous</u>.

(a) Any consent or approval by Beneficiary in any single instance shall not be deemed or construed to be Beneficiary's consent or approval in any like matter arising at a subsequent date, and the failure of Beneficiary to promptly exercise any right, power, remedy, consent or approval provided herein or at law or in equity shall not constitute or be construed as a waiver of the same nor shall Beneficiary be estopped from exercising such right, power, remedy, consent or approval at a later date. Any consent or approval requested of and granted by Beneficiary pursuant hereto shall be narrowly construed to be applicable only to Trustor and the matter identified in such consent or approval and no third party shall claim any benefit by reason thereof, other than the party to whom such consent or approval was given or reasonably intended to benefit, and any such consent or approval shall not be deemed to constitute Beneficiary a venturer or partner with Trustor nor shall privity of contract be presumed to have been established with any such third party.

(b) Trustor represents and warrants to Beneficiary that, as of the date hereof, there has not been committed by Trustor any act or omission affording the federal government or any state or local government the right of forfeiture as against the Trust Property or any part thereof or any monies paid in performance of Trustor's obligations under the Note, this Deed of Trust or under any of the Other Security Documents. Trustor hereby covenants and agrees not to commit, permit or suffer to exist any act, omission or circumstance affording such right of forfeiture. In furtherance thereof, Trustor hereby indemnifies Beneficiary and agrees to defend and hold Beneficiary harmless from and against any loss, damage or injury by reason of the breach of the covenants and agreements or the representations and warranties set forth in this paragraph.

(c) The Trustor represents and warrants to Beneficiary that all utilities necessary for the operation of Improvements are available at the site.

58. <u>Servicer</u>. Beneficiary may from time to time appoint one or more servicers (collectively, the "<u>Servicer</u>") to administer the Loan or otherwise perform certain

functions in connection with the Loan, which Servicer shall have the power and authority to exercise all of the rights and remedies of Beneficiary and to act as agent of Beneficiary hereunder.

59. Title Acts by Trustee. At any time upon written request of Beneficiary, payment of its fees and presentations of this Deed of Trust and the Note for endorsement (in case of full reconveyance, for cancellation and retention), without affecting the liability of any person for the payment of the Debt, Trustee shall (a) consent to the making of any map or plat of the Premises, (b) join in granting any easement or creating any restriction thereon, (c) join in any subordination or other agreement affecting this Deed of Trust or the lien or charge thereof, (d) reconvey, without warranty, all or any part of the Trust Property. The Trustee in any reconveyance may be described as the "person or persons legally entitled thereto," and the recitals therein of any matters or facts shall be conclusive proof of the truthfulness thereof. Trustor agrees to pay a reasonable Trustee's fee for full or partial reconveyance, together with a recording fee if Trustee, at its option, elects to record said reconveyance.

60. Successor Trustee. At the option of Beneficiary, with or without any reason, a successor or substitute trustee may be appointed by Beneficiary without any formality other than a designation in writing of a successor or substitute trustee, who shall thereupon become vested with an succeed to all the powers and duties given to Trustee herein named, the same as if the successor or substitute trustee had been named original Trustee herein; and such right to appoint a successor or substitute trustee shall exist as often and whenever Beneficiary desires.

61. Authorization Regarding Trustee. Trustee (and any successor or substitute trustee) may act hereunder and may sell and convey the Trust Property, or any part thereof, although the Trustee (or successor or substitute trustee) has been, may now be, or is hereafter the attorney or agent of Beneficiary with respect to the Loan, or with respect to any other matter or business whatsoever.

61A. The Ground Lease and Sub-Ground Lease. (a) With respect to the Sub-Ground Lease, Trustor hereby warrants and represents as follows: (i) Trustor is the owner of a valid and subsisting interest as tenant under the Sub-Ground Lease, (ii) the Sub-Ground Lease is in full force and effect, unmodified by any writing or otherwise; (iii) all rent, additional rent and other charges reserved therein have been paid to the extent they are payable to the date hereof; (iv) Trustor enjoys the quiet and peaceful possession of the property demised thereby; (v) Trustor is not in default under any of the terms thereof and there are no circumstances which, with the passage of time or the giving of notice or both, would constitute an event of default thereunder; (vi) Trustor has not received notice from the lessor under the Sub-Ground Lease of a default thereunder, which default has not been timely cured; and (vii) to the best of Trustor's knowledge, the lessor under the Sub-Ground Lease is not in default under any of the terms or provisions thereof on the part of the lessor to be observed or performed. Trustor represents and warrants that (i) Parcel 2 is the subject of a ground lease (the "Ground Lease") dated December 29, 1994 made by and between Harley P. Graves, Jr. and Nellie W. Graves, his wife, as lessors (the "Ground Lessor") and WS/Stratford, LLC, as ground lessee (the "Ground Lessee"), (ii) to the

best knowledge of Trustor, except for that certain agreement dated as of November __, 1995 by and among the Ground Lessor, Trustor and Circuit City Stores, Inc., the Ground Lease is in full force and effect and has not been further amended, modified or supplemented, (iii) Trustor has succeeded to all of the right, title and interest of Circuit City Stores, Inc. in and to that certain Subordination, Nondisturbance and Attornment Agreement dated December 29, 1994 (the "Attornment Agreement") and that the Attornment Agreement is in full force and effect and has not been amended, modified or supplemented, (iv) Trustor has not received notice for the Ground Lessor of a default thereunder, which default has not been timely cured, and (v) to the best of Trustor's knowledge, the Ground Lessee is not in default under any of the terms or provisions of the Ground Lease on the part of the Ground Lessee to be observed or performed.

(b)    Further, with respect to the Sub-Ground Lease, and, to the extent applicable, the Ground Lease and the Attornment Agreement, Trustor covenants and agrees as follows: (i) to promptly and faithfully observe, perform and comply with all the terms, covenants and provisions thereof on its part to be observed, performed and complied with, at the times set forth therein and to do all things necessary to preserve unimpaired its rights thereunder; (ii) not to do, permit, suffer or refrain from doing anything, as a result of which, there could be a default under or breach of any of the terms thereof; (iii) not to cancel, surrender, modify, amend or in any way alter or permit the alteration of any of the terms thereof and not to release the lessor under the Sub-Ground Lease from any obligations imposed upon it thereby; (iv) to give Beneficiary immediate written notice of any default by anyone thereunder and to immediately deliver to Beneficiary copies of each notice of default and all other notices, communications, plans, specifications and other similar instruments received or delivered by Trustor in connection therewith; (v) to furnish to Beneficiary such information and evidence as Beneficiary may reasonably require concerning Trustor's due observance, performance and compliance with the terms, covenants and provisions thereof; and (vi) that if the lessor under the Sub-Ground Lease shall give to Trustor and/or Beneficiary a written notice of default under the Sub-Ground Lease and the default specified in such notice shall not have been remedied within the time limited in the Sub-Ground Lease for the remedying of such default, the such default shall constitute an Event of Default under this Deed of Trust.

(c)    In the event of any default by Trustor in the performance of any of its obligations under the Sub-Ground Lease, including, without limitation, any default in the payment of rent, additional rent and other charges and impositions made payable by the tenant under the Sub-Ground Lease, then, in each and every case, Beneficiary may, at its option and without notice, cause the default or defaults to be remedied and otherwise exercise any and all of the rights of Trustor thereunder in the name of and on behalf of the Trustor but no such action by Beneficiary shall release Trustor from any default under this Deed of Trust. Trustor shall, on demand, reimburse Beneficiary for all advances made and expenses incurred by Beneficiary in curing any such default (including, without limitation, attorneys' fees and disbursements), together with interest thereon at the Default Rate, or the maximum rate permitted by the laws of the State of North Carolina, whichever is lower, from the date that an advance is made or expense is incurred, to and including the date the same is paid and such monies so expended by Beneficiary with interest thereon shall be secured by this Deed of Trust.

(d)   It is hereby agreed that the fee title and the leasehold estates in the property demised by the Ground Lease and Sub-Ground Lease shall not merge but shall always be kept separate and distinct, notwithstanding the union of said estates in either the landlord thereunder, Trustor or a third party, whether by purchase or otherwise and Beneficiary shall continue to have and enjoy all of the rights and privileges of the Beneficiary as to the separate estates. If Trustor acquires the fee title, the interest of the Ground Lessee or any other estate, title or interest in the property demised by the Sub-Ground Lease, or any part thereof, the lien of this Deed of Trust shall attach to, cover and be a lien upon such acquired estate, title or interest and same shall thereupon be and become a part of the Trust Property with the same force and effect as if specifically encumbered herein. Trustor agrees to execute all instruments and documents which Beneficiary may reasonably require to ratify, confirm and further evidence Beneficiary's lien on the acquired estate, title or interest. Furthermore, Trustor hereby appoints Beneficiary its true and lawful attorney-in-fact to execute and deliver all such instruments and documents in the name and on behalf of Trustor. This power, being coupled with an interest, shall be irrevocable as long as the Debt remains unpaid. Trustor shall not purchase the premises demised by the Sub-Ground Lease or acquire the interest of the Ground Lessee in such premises or sell its interest in the leasehold estate created by the Sub-Ground Lease without Beneficiary's prior written consent.

(e)   If the Sub-Ground Lease is cancelled or terminated, and if Beneficiary or its nominee shall acquire an interest in any new lease of the property demised thereby, Trustor shall have no right, title or interest in or to the new lease or the leasehold estate created by such new lease.

(f)   Trustor shall use its best efforts to obtain and deliver to Beneficiary from time to time within ten (10) days after written demand by Beneficiary, an estoppel certificate from the landlord under the Sub-Ground Lease, as requested by Beneficiary, setting forth (i) the name of the tenant under the Sub-Ground Lease, (ii) that the Sub-Ground Lease has not been modified or, if it has been modified, the date of each modification (together with copies of each such modification), (iii) the basic rent and additional rent payable under the Sub-Ground Lease, (iv) the date to which all rental charges have been paid by the tenant under the Sub-Ground Lease, and (v) whether there are any alleged defaults of the tenant under the Sub-Ground Lease or if there are any events which have occurred which with notice, such passage of time or both, would constitute a default under the Sub-Ground Lease, and, if there are, setting forth the nature thereof in reasonable detail and from the landlord under the Ground Lease containing information similar thereto.

(g)   Beneficiary shall have no liability or obligation under the Sub-Ground Lease or Ground Lease by reason of its acceptance of this Deed of Trust. Beneficiary shall be liable for the obligations of the tenant arising under the Sub-Ground Lease for only that period of time which Beneficiary is in possession of the Trust Property or has acquired, by foreclosure or otherwise, and is holding all of the Trustor's right, title and interest therein

(h)    No release or forbearance of any of Trustor's obligations under the Sub-Ground Lease, pursuant to the Sub-Ground Lease or otherwise, shall release Trustor from any of its obligations under this Deed of Trust or the Other Security Documents.

(i)    Trustor shall enforce the obligations of the lessors under the Sub-Ground Lease (and, to the extent applicable, the Ground Lessor under the Ground Lease) to the end that Trustor may enjoy all of the rights granted to it under the Sub-Ground Lease and Attornment Agreement, and will immediately notify Beneficiary of any default by either of the lessors, or by Trustor as lessee, in the performance or observance of any of the terms, covenants and conditions on the part of such lessor or Trustor, as the case may be, to be performed or observed under the Sub-Ground Lease and Trustor will immediately advise Beneficiary of the occurrence of any of the events of default enumerated in the Sub-Ground Lease and of the giving of any notice by the lessor under the Sub-Ground Lease to Trustor of any default by Trustor, as such lessee, in the performance or observance of any of the terms, covenants or conditions of the Sub-Ground Lease on the part of Trustor to be performed or observed and will immediately deliver to Beneficiary a true copy of each such notice. If, pursuant to the Sub-Ground Lease, the lessor shall deliver to Beneficiary a copy of any notice of default given to Trustor, as lessee under the Sub-Ground Lease, such notice shall constitute full authority and protection to Beneficiary for any action taken or omitted to be taken by Beneficiary, in good faith and in reliance thereon Trustor shall promptly deliver to Beneficiary copies of all notices and other communications to Ground Lessor under the Ground Lease.

(j)    Trustor shall give Beneficiary immediate notice of the commencement of any arbitration or appraisal proceeding concerning the provisions of the Sub-Ground Lease. Beneficiary shall have the right to intervene and participate in any such proceeding and Trustor shall confer with Beneficiary and its attorneys and experts and cooperate with them to the extent which Beneficiary deems reasonably necessary for the protection of Beneficiary. Upon the request of Beneficiary, Trustor will exercise all rights of arbitration conferred upon it by the Sub-Ground Lease. If at any time such proceeding shall be commenced, Trustor shall be in default in the performance or observance of any covenant, condition or other requirement of the Sub-Ground Lease, or of this Deed of Trust, on the part of Trustor to be performed or observed, Beneficiary shall have, and is hereby granted, the sole and exclusive right to designate and appoint on behalf of Trustor, the arbitrator or arbitrators, or appraiser, in such proceeding.

(k)    Trustor will, promptly after the execution and delivery of this Deed of Trust or of any instrument or agreement supplemental thereto, notify the lessors under the Sub-Ground Lease in writing of the execution and delivery thereof and deliver to such lessors a copy of each such instrument or agreement.

(l)    If the Sub-Ground Lease is rejected in any case, proceeding or other action commenced by or against the lessor under the Sub-Ground Lease (or any person or party constituting or having an interest in the Sub-Ground Lease) under the Bankruptcy Code of 1978 or any comparable federal or state statute or law, (i) Trustor, immediately after obtaining notice thereof, shall give notice thereof to Beneficiary, (ii) Trustor, without the prior written consent of Beneficiary, shall not elect to treat the Sub-Ground Lease as terminated pursuant to Section

365(h)(i) of said Bankruptcy Code or any comparable federal or state statute or law, and any election by Trustor made without such consent shall be void and (iii) this Deed of Trust and all the liens, terms, covenants and conditions of this Deed of Trust shall extend to and cover Trustor's possessory rights under Bankruptcy Code Section 365(h) and to any claim for damages due to lessor's rejection of the Sub-Ground Lease. In addition, Trustor hereby assigns to Beneficiary Trustor's rights to accept disaffirmance of the Sub-Ground Lease and to offset rents under the Sub-Ground Lease in the event any case, proceeding or other action is commenced by or against the lessor under the Sub-Ground Lease under the Bankruptcy Code of 1978 or any comparable statute or law.

(m)    Trustor hereby assigns to Beneficiary Trustor's right to seek an extension of the 60-day period within which Trustor must accept or reject the Sub-Ground Lease under Section 365 of the Bankruptcy Code of 1978 or any comparable federal or state statute or law with respect to any case, proceeding or other action commenced by or against Trustor under such Code or comparable federal or state statute or law. Furthermore, at Beneficiary's request, Trustor shall assign its interest in the Sub-Ground Lease to Beneficiary in lieu of rejecting the Sub-Ground Lease as described above, upon receipt by Trustor of written notice from Beneficiary of such request together with Trustor's agreement to cure any existing defaults of Trustor under the Sub-Ground Lease.

## Part II

### North Carolina State Provisions

62.    **Construction of Deed of Trust.** In the event of any conflict between the terms and provisions of Part I and Part II of this Deed of Trust, the terms and provisions of Part II shall govern and control.

63.    The phrase "his or its heirs, successor and assigns" is hereby added to the first recital paragraph on page one after the words "grants unto Trustee".

64.    The word "Trust" is hereby inserted in place of the word "Real", wherever it appears and the phrase "a security interest in" is hereby inserted in the second line following the word "conveys" in the paragraph appearing on page three of this Deed of Trust, following subparagraph (i), and beginning with the words "WITH RESPECT".

65.    The phrase "Trustee, his or its" is hereby inserted in lieu of the words "use and benefit of Beneficiary, and the", in the second line of the paragraph appearing on page three of this Deed of Trust beginning with the words "TO HAVE AND TO HOLD", and the word "Beneficiary" is hereby deleted from the second line.

66.    The phrase "due and payable" is hereby deleted from the seventh line of subparagraph (a) of paragraph 4 of this Deed of Trust, and is replaced by the word "delinquent".

67. The phrase "four percent (4%)" is hereby inserted in the third line of paragraph 24 of this Deed of Trust in lieu of the phrase "five percent (5%)".

68. The phrases "and Trustee" and "and/or Trustee", wherever they appear, are hereby deleted from paragraph 29 of this Deed of Trust.

69. The following phrase shall be added to the end of paragraph 60 of this Deed of Trust: "Such designations of a successor or substitute trustee shall be duly recorded in the Office of the Register of Deeds in the County where the Real Property is located".

IN WITNESS WHEREOF, Trustor has executed this Deed of Trust under seal as of the day and year first above written.

WEC 95B WINSTON-SALEM LIMITED PARTNERSHIP, a Texas limited partnership        [SEAL]

By: Wolverine Winston-Salem, Inc., a Texas corporation

By: _____
Name: James C. Leslie
Title: President

ATTEST: _____
Brett L. Landes, Secretary

[CORPORATE SEAL]

STATE OF NEW YORK

COUNTY OF NEW YORK

This 4 day of November, 1995 personally came before me James C. Leslie who, being by me duly sworn, says that he is the President of Wolverine Winston-Salem, Inc., a Texas corporation, the general partner of WEC 95B Winston-Salem Limited Partnership, a Texas limited partnership, and that the foregoing instrument was signed and sealed on behalf of said corporation, by authority duly given. And the said President acknowledges said instrument to be the act and deed of said corporation in the capacity aforesaid.

WITNESS my hand and official seal, this 4 day of November, 1995.

_____
Notary Public

My Commission Expires:

2-28-96
[Notarial Seal]

LORRAINE MICHELS
Notary Public, State of New York
No. 52-4830738
Qualified in Suffolk County
Commission Expires

-47-

## EXHIBIT A

PARCEL I:

Lying and being in Winston Township and

Beginning at an iron pin located in the northwesterly right of way line of South Stratford Road at the point where said right of way line intersects with Ramp "C" leading to Interstate 40; running thence with the right of way line of South Stratford Road two bearings and distances as follows: (1) South 32 deg. 39 min. 51 sec. West, 20.91 feet to an iron pin; (2) on a curve to the left having a radius of 1,965.86 feet and a chord bearing and distance of South 39 deg. 48 min. 05 sec. West, 263.73 feet to an iron pin; thence North 52 deg. 31 min. 08 sec. West, 272.16 feet to an iron pin; thence South 37 deg. 18 min. 34 sec. West, 170.00 feet to an iron pin in the northern margin of Hanes Mall Boulevard; thence along the said margin of Hanes Mall Boulevard North 52 deg. 32 min. 16 sec. West, 50.00 feet to an iron pin; thence two calls along the line of Wal-Mart Properties, Inc. as described in Deed Book 1633, Page 4204, Forsyth County Registry, North 37 deg. 18 min. 34 sec. East, 165.00 feet to an iron pin; thence continuing along the line of said Wal-Mart, North 52 deg. 45 min. 32 sec. West, 111.12 feet to an iron pin; thence continuing along the line of Wal-Mart Properties, Inc. as described in Book 1633 at Page 4204, North 41 deg. 51 min. 22 sec. East 433.06 feet to an iron pin in the margin of Ramp "C" leading to Interstate 40; thence with said right of way line of Ramp "C", South 25 deg. 58 min. 37 sec. East, 117.89 feet to a concrete monument; thence continuing with said ramp, South 44 deg. 01 min. 07 sec. East 169.44 feet to an iron pin; thence South 50 deg. 27 min. 29 sec. East, 99.26 feet to a concrete monument; thence South 06 deg. 10 min. 20 sec. West, 71.00 feet to the point and place of beginning, containing 3.744 acres, more or less, according to survey by Borum, Wade & Associates, dated October 4, 1995.

PARCEL 2:

Beginning at an iron pin in the northwesterly margin of South Stratford Road, said iron pin being at the southeastern corner of Parcel 1 described above; thence along the line of South Stratford Road along a curve to the left having a radius of 1,965.86 feet and a chord bearing and distance of South 34 deg. 43 min. 23 sec. West, 84.55 feet to an iron pin; thence continuing with said right of way line as it turns into Hanes Mall Boulevard, South 77 deg. 26 min. 07 sec. West, 111.51 feet to an iron pin; thence continuing with the margin of Hanes Mall Boulevard, North 52 deg. 32 min. 16 sec. West, 204.11 feet to an iron pin; thence along the line of Parcel 1 above, North 37 deg. 18 min. 34 sec. East, 170.00 feet to an iron pin; thence continuing with Parcel 1 above, South 52 deg. 31 min. 08 sec. East, 272.16 feet to the point and place of beginning, containing 1.001 acres more or less, according to survey referred to in Parcel 1 above.