MAY-08-2008  02:34PM  FROM-CASTO EXEC OFC                814 469 8376        T-672  P.002  F-908

Recording Requested By And
When Recorded Return To:

MLS LOAN NUMBER
0202/0563

_____

(SPACE ABOVE THIS LINE FOR RECORDER'S USE)

## ASSUMPTION AND MODIFICATION AGREEMENT
## AND CONSENT

by and among

### WEC 95B WINSTON-SALEM LIMITED PARTNERSHIP,
a Texas limited partnership;

### DREXEL DELAWARE TRUST,
an Ohio business trust;

### CAPITAL LEASE FUNDING, L.P.,
a Delaware limited partnership; and

### CS FIRST BOSTON MORTGAGE CAPITAL CORP.

Respecting real property commonly known as

1612 South Stratford Road
Winston-Salem, North Carolina

Dated as of July 2, 1996

C:\DOCS\PEN\YTL\SH\WHEN\EOHA\00732OIL.06



EXHIBIT
Winston
Salem
E

MAY-09-2008  02:34PM    FROM-CASTO EXEC OFC                    614 460 9378          T-672  P.003/015  F-509

## ASSUMPTION AND MODIFICATION AGREEMENT
## AND CONSENT

THIS ASSUMPTION AND MODIFICATION AGREEMENT AND CONSENT (this "Agreement") is entered as of this 2nd day of July, 1996 by and among (i) WEC 95B WINSTON-SALEM LIMITED PARTNERSHIP, a Texas limited partnership having an address at 675 Third Avenue, New York, New York 10017 ("Existing Borrower"), (ii) DREXEL DELAWARE TRUST, an Ohio business trust having an address at 209 East State Street, Columbus, Ohio 43215, attn: John J. Carr, Trustee and Paul G. Lukeman ("New Borrower"), (iii) CAPITAL LEASE FUNDING, L.P., a Delaware limited partnership having an address at 85 John Street, New York, New York 10038 ("Lender"), and (iv) CS FIRST BOSTON MORTGAGE CAPITAL CORP. having an office at 55 East 52nd Street, New York, New York 10055 ("Assignee of Lender").

### RECITALS

A.    Lender made a loan to Existing Borrower on November 7, 1995 (the "Loan") evidenced, in part, by that certain Deed of Trust Note dated November 7, 1995 in the original principal amount of Five Million Nine Hundred Fourteen Thousand Four Hundred Thirty Dollars ($5,914,430.00) (the "Note"), executed by Existing Borrower and made payable to the order of Lender, and further evidenced and secured, in part, by that certain Deed of Trust, Security Agreement and Assignment of Leases and Rents (the "Deed of Trust") dated as of November 7, 1995, executed by Existing Borrower, as Trustor, for the benefit of Lender, as Beneficiary, recorded on November 10, 1995, in Book 1877, Page 4016 of the Forsyth County Registry, and by certain other documents executed or delivered in connection therewith, including, without limitation, those documents set forth on Exhibit A attached hereto (the Note, the Deed of Trust and all such other documents, including, without limitation, the documents set forth on Exhibit A, are hereinafter collectively referred to as the "Loan Documents"). The Deed of Trust encumbers that certain real property located in the Town of Winston, North Carolina, more particularly described in Exhibit B attached hereto (the "Land") and certain other property and rights more particularly described in Granting Clauses (a) through (i), inclusive, of the Deed of Trust (the "Collateral") (the Land and the Collateral are hereinafter referred to collectively as the "Trust Property").

B.    The Deed of Trust provides that an Event of Default (as defined in the Deed of Trust) shall occur upon a transfer of the Trust Property without Lender's consent, in violation of Paragraph 9 of the Deed of Trust.

C.    Existing Borrower desires to sell the Trust Property to New Borrower. Lender and Assignee of Lender are willing to consent to the sale of the Trust Property to New Borrower, in consideration of and subject to the agreements and covenants contained herein.

MAY-08-2008  02:24PM    FROM-CASTO EXEC OFC                    514 468 8376        T-672  P.004/015  F-608

NOW THEREFORE, in consideration of the mutual covenants and promises of the parties hereto and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1.    Assumption of Loan Obligations. New Borrower hereby assumes, and agrees to be bound by and to perform, from and after the date hereof (the "Closing Date"), each and all of the obligations, covenants, agreements, representations and warranties of Existing Borrower under the Loan Documents and all of the terms, covenants and provisions of the Loan Documents, including, without limitation, the payment of the outstanding principal balance of the Loan in the amount of $5,848,406.70, with interest thereon from June 16, 1996 at the interest rate specified in the Note, all in accordance with the terms of the Loan Documents (collectively, the "Loan Document Obligations").

2.    Consent of Lender. Lender hereby consents to the sale and transfer of the Trust Property by Existing Borrower to New Borrower on the Closing Date.

3.    Release of Existing Borrower. The assumption by New Borrower of the Loan Document Obligations pursuant hereto shall operate to release Existing Borrower, as borrower under the Loan Documents, only from liability for the breaches, acts or omissions of New Borrower, as borrower under the Loan Documents, with respect to the Loan Document Obligations made subsequent to consummation of such assumption; otherwise Existing Borrower shall not be released from any liability under the Loan Documents. Without limiting any other remedies Lender may have, upon an Event of Default (as defined in the Deed of Trust) arising from the breaches, acts or omissions of Existing Borrower, as borrower under the Loan Documents, with respect to the Loan Document Obligations accruing prior to the Closing Date, Lender shall be entitled to enforce all of its remedies set forth in the Deed of Trust against Existing Borrower, New Borrower and/or the Trust Property.

4.    Ownership of Trust Property. New Borrower represents to Lender that, pursuant to the Bargain and Sale Deed, Bill of Sale, and Assignment and Assumption of Lease Agreement and Assignment and Assumption of Sublease Agreement executed by Existing Borrower in favor of New Borrower, each as of even date herewith, New Borrower has purchased and now owns all of the Trust Property.

5.    No Defaults. Existing Borrower represents and warrants that, to the best of its knowledge as of the Closing Date, no default has occurred and is continuing beyond any applicable grace or notice period under any of the Loan Documents.

6.    Notices. Any notice, demand, statement, request or consent made to New Borrower under any of the Loan Documents shall be made in the manner set forth in Paragraph 39 of the Deed of Trust and shall be delivered to the New Borrower as follows:

-2-

Drexel Delaware Trust
209 East State Street
Columbus, OH 43215
Attention: Mr. John J. Carr, Trustee
          and Mr. Paul G. Lukeman

with a copy to:

~~Dan Kerscher~~

and all other future provisions contained [For purpose of Paragraph 55 of the Deed of Trust] the New Borrower's
agent for service of process shall be:

Dan Kerscher
209 East State Street
Columbus, OH 43215

8.    Fees.   Lender acknowledges that the transfer fee pertaining to New
Borrower's acquisition of the Trust Property and assumption of the Loan on the Closing Date
shall be equal to actual out-of-pocket costs and expenses incurred by Lender in connection
with New Borrower's acquisition of the Trust Property and assumption of the Loan (including,
but not limited to, attorney's fees and costs).   However, Lender and New Borrower hereby
agree that upon any subsequent sale, conveyance, alienation, mortgage, encumbrance, pledge
or transfer within the meaning of Paragraph 9 of the Deed of Trust, Lender shall be entitled to
an assumption fee equal to one percent (1%) of the then unpaid principal balance of the Note
in addition to the payment of all costs and expenses incurred by Lender in connection with
such assumption (including reasonable attorneys' fees and costs).

9.    Modifications.   This Agreement may not be amended, modified or
otherwise changed in any manner except by a writing executed by the parties to be charged.
From and after the Closing Date, any new agreement pertaining to the Loan and any
amendment, modification or extension of the Loan Documents may be made solely by New
Borrower and Lender and shall not require the consent or execution of Existing Borrower.

10.   Loan Documents.   This Agreement, and all other documents executed or
delivered by New Borrower in connection with its assumption of the Loan, shall be deemed
"Loan Documents" for purposes of the Deed of Trust, and, pursuant to Paragraph 21 of the
Deed of Trust, any default under this Agreement or any other document executed or delivered
by New Borrower in connection with its assumption of the Loan will constitute an Event of
Default (as defined in the Deed of Trust), subject to the applicable cure periods set forth in
Paragraph 21 of the Deed of Trust.

-3-

11.    Modification to Loan Documents.  From and after the Closing Date, the terms "Trustor", "Assignor", "Borrower", "Indemnitor", "Maker," and "WEC 95B Winston-Salem Limited Partnership," as such terms appear in the Loan Documents, shall be deemed to include New Borrower.

12.    Modification to Deed of Trust.  From and after the Closing Date, the Deed of Trust shall be modified and amended as follows:

a.    None.

13.    Modified Terms.  From and after the Closing Date, wherever in any of the Loan Documents reference is made to any Loan Document, the Note or the Deed of Trust, such reference shall be deemed to be a reference to such Loan Document, the Note or the Deed of Trust as assumed and modified by this Agreement.

14.    Indebtedness.  The Note, as assumed and modified by this Agreement, is secured by, and is entitled to the benefits of, among other things, the Deed of Trust and other security instruments executed in connection therewith (the "Security Instruments"), as assumed and modified by this Agreement.  The parties hereto certify that this Agreement pertains to and secures the same indebtedness evidenced and secured by the Deed of Trust and the other Security Instruments and pertains to and secures no further or other indebtedness or obligation.

15.    Ratification.  New Borrower and Existing Borrower hereby (i) ratify and confirm the liens, conveyances and grants contained in and created by the Deed of Trust and the Security Instruments, and (ii) agree that nothing contained in this Agreement is intended to or shall impair the liens, conveyances and grants of the Deed of Trust and the Security Instruments.

16.    ERISA.  New Borrower hereby represents and warrants to Lender that the transfer of the Trust Property to New Borrower and the assumption of the Loan by New Borrower pursuant to and in accordance with the terms of this Agreement will not (i) violate or cause a violation of any provision of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), or any similar law, which adversely affects or could adversely affect the validity, legality or enforceability of the Loan and/or the Loan Documents, as the same have been assumed and modified by this Agreement, or the liens or priority thereof, or (ii) to the best of New Borrower's knowledge, cause any liability on Lender's part under ERISA or any similar law.

17.    Approvals.

a.    New Borrower hereby represents and warrants to Lender that New Borrower has obtained any and all third-party approvals and consents required to be obtained in connection with the execution and delivery of this Agreement and the performance of New Borrower's obligations hereunder.

-4-

b.     Existing Borrower hereby represents and warrants to Lender that Existing Borrower has obtained any and all third-party approvals and consents required to be obtained in connection with the execution and delivery of this Agreement and the performance of Existing Borrower's obligations hereunder.

18.     Successors and Assigns.  This Agreement applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, and permitted successors and assigns.

19.     Governing Law.  This Agreement shall be governed by, and construed in accordance with, the laws of the State of North Carolina, without giving effect to the conflict of laws provisions of said State.

20.     Entire Agreement.  This Agreement constitutes all of the agreements among the parties relating to the matters set forth herein and supersedes all other prior or concurrent oral or written letters, agreements or understandings with respect to the matters set forth herein.

21.     Full Force and Effect.  Except as assumed and modified by this Agreement, the Loan Documents shall remain unchanged and in full force and effect.

22.     Counterparts.  This Agreement may be signed in any number of counterparts by the parties hereto, all of which taken together shall constitute one and the same instrument.

MAY-09-2000  02:37PM  FROM-CASTO EXEC OFC                    614 469 8375        T-572  P.008/015  F-509

IN WITNESS WHEREOF, The parties have executed this Agreement as of the day and year first above written.

EXISTING
BORROWER:                                      WEC 95B WINSTON-SALEM LIMITED
                                               PARTNERSHIP, a Texas limited
                       ATTEST:                 partnership [SEAL]

                       _____
                       Assistant Secretary     By:  BC WINSTON-SALEM
                       (Corporate Seal)         PARTNERS, INC., a Delaware
          ATTEST:                               corporation, its general partner

                       _____       By: _____
                       Secretary                Name: Arthur Walker
          (Sealed)                              Title:  President


NEW
BORROWER:                                      DREXEL DELAWARE TRUST,
                                               an Ohio business trust


                                               By: _____
                                                Name: John J. Carr
                                                Title:  Trustee


LENDER:                                        CAPITAL LEASE FUNDING, L.P.,
                                               a Delaware limited partnership


                                               By:  CLF Holdings, Inc., a Delaware
                                               corporation, its general partner

                                                    By: _____
                                                     Name:  Paul H. McDowell
                                                     Title:    Vice President


-6-

MAY-08-2008  02:37PM   FROM-CASTO EXEC OFC                614 469 8976        T-672  P.009/015  F-809

**IN WITNESS WHEREOF,** The parties have executed this Agreement as of the day and year first above written.

EXISTING
BORROWER:

WEC 95B WINSTON-SALEM LIMITED
PARTNERSHIP, a Texas limited
partnership

By:   BC WINSTON-SALEM
PARTNERS, INC., a Delaware
corporation, its general partner

By: _____
   Name: Arthur Walker
   Title:  President

NEW
BORROWER:

*DREXEL DELAWARE TRUST,*
an Ohio business trust [SEAL]

By: _____ [SEAL]
   Name: John J. Carr
   Title:  Trustee

LENDER:

CAPITAL LEASE FUNDING, L.P.,
a Delaware limited partnership

By:   CLF Holdings, Inc., a Delaware
corporation, its general partner

By: _____
   Name:  Paul H. McDowell
   Title:   Vice President

-6-

**IN WITNESS WHEREOF**, The parties have executed this Agreement as of the day and year first above written.

|  |  |
|---|---|
| **EXISTING BORROWER:** | **WEC 95B WINSTON-SALEM LIMITED PARTNERSHIP**, a Texas limited partnership        [SEAL] |
|  | By:   **BC WINSTON-SALEM PARTNERS, INC.**, a Delaware corporation, its general partner |
| **ATTEST:** | By: _____ |
| Name: _____ | Name: Arthur Walker |
| Title: | Title:   President |

|  |  |
|---|---|
| **NEW BORROWER:** | **DREXEL DELAWARE TRUST**, an Ohio business trust        [SEAL] |
|  | By: _____ [SEAL] |
|  | Name: John J. Carr |
|  | Title:   Trustee |

|  |  |
|---|---|
| **LENDER:** | **CAPITAL LEASE FUNDING, L.P.**, a Delaware limited partnership  [SEAL] |
|  | By:   CLF Holdings, Inc., a Delaware corporation, its general partner |
| ATTEST: | By: _____ |
| Name: Paul McDowell | Name: William P. Short |
| Title: Secretary | Title: President |

-6-

MAY-08-2008  02:37PM  FROM-CASTO EXEC OFC                614 459 9376        T-672  P.011/015  F-608

**ASSIGNEE OF LENDER:**

ATTEST:

_____
Assistant          Secretary

(Sealed)

**CS FIRST BOSTON MORTGAGE
CAPITAL CORP., a Delaware
corporation**

By: _____
Name: Robert K Vohredian
Title: Vice President

-7-

MAY~09-2008  02:30PM    FROM-CASTO EXEC OFC                    614 460 0378        T-672  P.012/015  F-809

## EXHIBIT A

## LOAN DOCUMENTS

1.  Deed of Trust and Security Agreement, dated as of November 7, 1995, recorded November 10, 1995 as Book 1877, Page 4016, Forsyth County Registry.

2.  Deed of Trust Note, dated November 7, 1995.

3.  Assignment of Lease and Rents, dated November 7, 1995, recorded November 10, 1995 as Book 1877, Page 4065, Forsyth County Registry.

4.  Environmental Indemnity Agreement, dated as of November 7, 1995.

5.  UCC-1 Financing Statement, dated as of November 7, 1995, filed with the North Carolina Secretary of State on November __, 1995, as Instrument No. _____.

6.  UCC-1 Financing Statement, dated as of November 7, 1995, recorded with the Forsyth County Registry, North Carolina, November 10, 1995, as Book 1877, Page 4120.

A-1

MAY-09-2000 02:39PM   FROM-CASTO EXEC OFC          614 469 8376      T-672  P.013/015  F-606

614 469 8376

FOR USE IN NORTH CAROLINA                                                    UCC-3

This STATEMENT is presented to a filing officer for filing pursuant to | No. of Additional
the Uniform Commercial Code:                                             | Sheets Presented:

| 1. Debtor(s) (Last Name First and Address(es): | 2. Secured Party(ies) Name(s) And Address(es): |
|---|---|
| WEC 95B Winston-Salem | CS First Boston Mortgage |
| Limited Partnership | Capital Corp. |
| 6750 LBJ Freeway, Suite 1100 | 55 East 52nd Street |
| Dallas, Texas  75240 | New York, New York  10055 |

3. (a)  This statement refers to Original Financing Statement bearing File No.  215051
       Filed with  FORSYTH COUNTY REGISTER OF DEEDS  Date Filed  19
   (b)  If the original financing statement has previously been continued list the Filing No. of the last
       continuation filing.
   (c)  If the original filing was a fixture filing or covered timber or accounts subject to G.S. 25-9-103, (5)
       check this block.

For Filing Officer

4. ☐ Continuation.   The original financing statement between the foregoing debtor and secured party, bearing the number shown above is still effective.
5. ☐ Assignment.     The secured party's rights under the financing statement bearing the number shown above is the property described in item 9 have been assigned to the assignee whose name and address appear in item 9.
6. ☒ Amendment.      Financing statement bearing the number shown above is amended as set forth in item 9. Signatures are required of both debtor and secured party per G.S. 25-9-4.
7. ☐ Release.        Secured party releases the collateral described in item 9 from the financing statement bearing the number shown above.
8. ☐ Termination.    Secured Party no longer claims a security interest under the financing statement bearing the number shown above. (A termination statement signed by a person other than the secured party of record must include or be accompanied by the assignment or a statement by the secured party of record that he has assigned interest in the original of the termination statement.)

9.    WEC 95B Winston-Salem Limited Partnership is hereby released as Debtor, and the
      following party is hereby substituted as Debtor:   Drexel Delaware Trust
                                                         209 East State Street
                                                         Columbus, Ohio  43215
                                                         Attn: John J. Carr, Trustee

10. Signatures:
    See Schedule A                               See Schedule B

By_____          By_____
      Debtor(s) (necessary only if item 6 is applicable)                    Secured Party(ies)

(1) Filing Officer Copy—Numerical        FINANCING STATEMENT CHANGE        Standard Form Approved by

BADATA\CLJU334\UUNC\ALSUNOTICE.2

2

MAY-06-2008  02:39PM    FROM-CASTO EXEC OFC                    614 469 9376         T-672  P.014/015  F-608

## SCHEDULE A

DREXEL DELAWARE TRUST,
an Ohio business trust

By: _John J. Carr_____
    John J. Carr
    Trustee

## SCHEDULE B

ATTEST:                          CS First Boston Mortgage Capital Corp.

                                 By:  _Robt K Vahl_
_____            Name:  Robert K Uchronlan
        Secretary                Title:  Vice President
(Sealed)



2006030130 00170
FORSYTH CO., NC
PRESENTED & RECORDED:      FEE $35.00
05-17-2006  01:42 PM
DICKIE C WOOD
REGISTER OF DEEDS
By:SHANNON BOSTIC-GRIFFITH DPTY
BK:RE 2662
PG:1352-1359

ENVELOPE
PREPARED BY AND
WHEN RECORDED MAIL TO:

RECORD AND RETURN TO: 35
UCC Direct Services
187 WOLF RD. SUITE 101
ALBANY, NY 12205
MH    84ə87)
678-558-1132

*DRAWN OUTSIDE
OF STATE*

---

### ASSIGNMENT OF LOAN DOCUMENTS

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING
INFORMATION.  (ADDITIONAL RECORDING FEE APPLIES)

Loan # CTL97001: 286-2
Forsyth County, North Carolina



EXHIBIT
Winston
Salem
F

## ASSIGNMENT OF LOAN DOCUMENTS

THIS ASSIGNMENT OF LOAN DOCUMENTS (this "Assignment"), made as of the 16th day of January, 1997, by **Capital Lease funding, L.P., a Delaware limited partnership,** having an address at 85 John Street, 12th Floor, New York, NY 10038 ("Assignor") to **LaSalle Bank National Association f/k/a LaSalle National Bank, as trustee for Corporate Credit-Backed Pass-Through Certificates, Series 1997-CTL-1,** having an address of 135 South LaSalle Street, Chicago, IL, 60603 ("Assignee").

KNOW ALL MEN BY THESE PRESENTS, that in consideration of the sum of TEN DOLLARS ($10.00) lawful money of the United States and other good and valuable consideration, to it in hand paid at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, Assignor has granted, bargained, sold, assigned, transferred and set over, and by these presents does grant, bargain, sell, assign, transfer and set over unto Assignee:

All right, title and interest of Assignor to the Mortgage described on the Schedule of Mortgages attached hereto as **Exhibit B**;

TOGETHER WITH the note or notes described or referred to in said Mortgage, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Mortgage and all other instruments, documents, certificates and letters executed in connection therewith;

TO HAVE AND TO HOLD the same unto Assignee, its successors and assigns forever.

Said Mortgage encumbers, among other things, all of those certain lots, pieces or parcels of land described in **Exhibit A** annexed hereto and made a part hereof, together with the buildings and improvements erected thereon.

This Assignment is executed without recourse to Assignor and without representation, covenant or warranty of any kind whatsoever.

2

IN WITNESS WHEREOF, the Assignor has caused these presents to be duly executed as of the day and year first above written.

Capital Lease Funding, L.P., a Delaware
Limited Partnership.
*By: CLF Holdings, Inc.,*
*its general partner*

By: _____
Name:  Robert Blanz
Title:  Senior Vice President

Witness  *Samantha M. Ross*

Witness  *Derek von Dijkum*

[CORPORATE SEAL]

STATE OF *New York*      )
                                          ) SS:
COUNTY OF *New York*   )

On the *5* day of *May* in the year 2006, before me, the undersigned, personally appeared *Robert C. Blanz* and is the *Senior Vice President* of Assignor, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies) and that by his/her/their signatures(s) on the instrument, the individual(s), or the person on behalf of which the individual acted, executed the instrument.

Witness my hand and official seal.

Notary Public: *Julianne Gaiser*

My Commission Expires: *June 20, 2009*

JULIANNE GAISER
Notary Public, State of New York
No. 01GA6128819
Qualified in New York County
Commission Expires June 20, 2009

[Notary Seal]

3

## EXHIBIT A

PARCEL 1:

Lying and being in Winston Township and

Beginning at an iron pin located in the northwesterly right of way line of South Stratford Road at the point where said right of way line intersects with Ramp "C" leading to Interstate 40; running thence with the right of way line of South Stratford Road two bearings and distances as follows: (1) South 32 deg. 39 min. 51 sec. West, 20.91 feet to an iron pin; (2) on a curve to the left having a radius of 1,965.86 feet and a chord bearing and distance of South 39 deg. 48 min. 05 sec. West, 263.73 feet to an iron pin; thence North 52 deg. 31 min. 08 sec. West, 272.16 feet to an iron pin; thence South 37 deg. 18 min. 34 sec. West, 170.00 feet to an iron pin in the northern margin of Hanes Mall Boulevard; thence along the said margin of Hanes Mall Boulevard North 52 deg. 32 min. 16 sec. West, 50.00 feet to an iron pin; thence two calls along the line of Wal-Mart Properties, Inc. as described in Deed Book 1633, Page 4204, Forsyth County Registry, North 37 deg. 18 min. 34 sec. East, 165.00 feet to an iron pin; thence continuing along the line of said Wal-Mart, North 52 deg. 45 min. 32 sec. West, lll.12 feet to an iron pin; thence continuing along the line of Wal-Mart Properties, Inc. as described in Book 1633 at Page 4204, North 41 deg. 51 min. 22 sec. East 433.06 feet to an iron pin in the margin of Ramp "C" leading to Interstate 40; thence with said right of way line of Ramp "C", South 25 deg. 58 min. 37 sec. East, 117.89 feet to a concrete monument; thence continuing with said ramp, South 44 deg. 01 min. 07 sec. East 169.44 feet to an iron pin; thence South 50 deg. 27 min. 29 sec. East, 99.26 feet to a concrete monument; thence South 06 deg. 10 min. 20 sec. West, 71.00 feet to the point and place of beginning, containing 3.744 acres, more or less, according to survey by Borum, Wade & Associates, dated October 4, 1995.

PARCEL 2:

Beginning at an iron pin in the northwesterly margin of South Stratford Road, said iron pin being at the southeastern corner of Parcel 1 described above; thence along the line of South Stratford Road along a curve to the left having a radius of 1,965.86 feet and a chord bearing and distance of South 34 deg. 43 min. 23 sec. West, 84.55 feet to an iron pin; thence continuing with said right of way line as it turns into Hanes Mall Boulevard, South 77 deg. 26 min. 07 sec. West, 111.51 feet to an iron pin; thence continuing with the margin of Hanes Mall Boulevard, North 52 deg. 32 min. 16 sec. West, 204.11 feet to an iron pin; thence along the line of Parcel 1 above, North 37 deg. 18 min. 34 sec. East, 170.00 feet to an iron pin; thence continuing with Parcel 1 above, South 52 deg. 31 min. 08 sec. East, 272.16 feet to the point and place of beginning, containing 1.001 acres more or less, according to survey referred to in Parcel 1 above.

## EXHIBIT B

### [SCHEDULE OF MORTGAGE(S)]

**(Name of Instrument):**    Deed of Trust, Security Agreement and Assignment of Leases and Rents

**Trustor:**  WEC 95B Winston-Salem Limited Partnership, a Texas limited partnership

**Beneficiary:**  Capital Lease Funding, L.P., a Delaware limited partnership

**Document Dated:**  November 07, 1995

**Recording Date:**    November 10, 1995

**Book:**  1877          **Page:**  4016

**County:**    Forsyth

---

**(Name of Instrument):**    Assignment of Beneficial Interest under Deed of Trust, Assignment of Leases and Rents, and Security Agreement

**Assignor:**    Capital Lease Funding, L.P., a Delaware limited partnership

**Assignee:**    CS First Boston Mortgage Capital Corp., a Delaware corporation

**Document Dated:**  November 07, 1995

**Recording Date:**    November 10, 1995

**Book:**  1877          **Page:**    4077

**County:**    Forsyth

5

**(Name of Instrument):**   Assumption and Modification Agreement and Consent

**Existing Borrower:**   WEC 95B Winston-Salem Limited Partnership, a Texas limited
partnership

**New Borrower:**   Drexel Delaware Trust, an Ohio business trust

**Lender:**   Capital Lease Funding, L.P., a Delaware limited partnership

**Assignee of Lender:**   CS First Boston Mortgage Capital Corp., a Delaware
corporation

**Document Dated:**   July 02, 1996

**Recording Date:**   July 03, 1996

**Book:**   1909            **Page:**   1390

**County:**   Forsyth

---

**(Name of Instrument):**    Assignment of Beneficial Interest under Deed of Trust,
Assignment of Leases and Rents, and Security Agreement

**Assignor:**   CS First Boston Mortgage Capital Corp., a Delaware corporation

**Assignee:**   Capital Lease Funding, L.P., a Delaware limited partnership

**Document Dated:**   July 19, 1996

**Recording Date:**   April 08, 1997

**Book:**   1941            **Page:**   3041

**County:**   Forsyth

6

**(Name of Instrument):**   Assignment of Lease and Rents

**Assignor:**   WEC 95B Winston-Salem Limited Partnership, a Texas limited partnership

**Assignee:**   Capital Lease Funding, L.P., a Delaware limited partnership

**Assignee of Lender:**   CS First Boston Mortgage Capital Corp., a Delaware
    corporation

**Document Dated:**   November 07, 1995

**Recording Date:**   November 10, 1995

**Book:**   1877          **Page:**   4065

**County:**   Forsyth

---

**(Name of Instrument):**   Assignment of Assignment of Leases and Rents

**Assignor:**   Capital Lease Funding, L.P., a Delaware limited partnership

**Assignee:**   CS First Boston Mortgage Capital Corp., a Delaware corporation

**Document Dated:**   November 07, 1995

**Recording Date:**   November 10, 1995

**Book:**   1877          **Page:**   4081

**County:**   Forsyth

7

**(Name of Instrument):** Assignment of Assignment of Leases and Rents

**Assignor:** CS First Boston Mortgage Capital Corp., a Delaware corporation

**Assignee:** Capital Lease Funding, L.P., a Delaware limited partnership

**Document Dated:** July 19, 1996

**Recording Date:** April 08, 1997

**Book:** 1941        **Page:** 3045

**County:** Forsyth

---

8