mail address
and pg

BK1877 ²4081
PRESENTED FOR
REGISTRATION
AND RECORDED

39

'95 NOV 10 P1:56

John Holleman
Register of Deeds
Forsyth Co. N.C.

## ASSIGNMENT OF ASSIGNMENT OF LEASES AND RENTS

CAPITAL LEASE FUNDING, L.P., a limited partnership organized and existing in good standing under the laws of the State of Delaware, with its mailing address at 85 John Street, New York, New York 10038 (the "Assignor"), does, as of the 7th day of November 1995, by these presents, and in consideration for the sum of Ten Dollars ($10.00) paid by Assignee (hereinafter defined) to Assignor, sell, assign, transfer and deliver, without recourse or warranty in any respect, unto CS FIRST BOSTON MORTGAGE CAPITAL CORP., a Delaware corporation, with its mailing address at 55 East 52nd Street, New York, New York 10055-0186 (the "Assignee"), a certain Assignment of Leases and Rents (the "Assignment"), dated November 7, 1995 by WEC95B Winston Salem Limited Partnership (the "Obligor"), a Texas limited partnership, to Capital Lease Funding, L.P., a Delaware limited partnership, which is to be recorded immediately prior to the recording of this instrument in the Official Records of Forsyth County, and affecting, among other things the property described on Exhibit A attached hereto and made a part hereof.

To have and to hold the Assignment unto the Assignee, its successors and assigns forever.

WINSTON-AALRI CSFBMC/0041031.01


EXHIBIT
Winston
Salem
G

BK1877  P4082

IN WITNESS WHEREOF, the Assignor has caused these presents to be duly executed as of the day and year first written above.

        CAPITAL LEASE FUNDING, L.P., a
        Delaware limited partnership.

        By: CLF Holdings, Inc., a Delaware corporation

        By: _____
        Name: Paul H. McDowell
        Title: Vice President

ATTEST: _____
_____, Secretary

[CORPORATE SEAL]

Upon recordation please return to:

WHEN RECORDED MAIL TO:
CHICAGO TITLE
1129 20th STREET, N.W.
SUITE 505
WASHINGTON, D.C. 20036
CASE NO.:

BK1877  P4083

STATE OF NEW YORK)
                  ) SS.
COUNTY OF NEW YORK)

       On this 6th day of November, 1995, in the County and State aforesaid, before me, the subscriber, a Notary Public authorized to take acknowledgements and proofs in said County and State, personally appeared Paul H. McDowell, the Vice President of CLF Holdings, Inc., the general partner of Capital Lease Funding, L.P., a Delaware limited partnership, who, I am satisfied, is the person who, as such authorized representative, signed and delivered the within instrument on behalf of said corporation, as the general partner of the party named in the within instrument, and he did acknowledge that he is duly authorized to sign and deliver the within instrument on behalf of said corporation as such general partner and that he signed, and delivered the same as the act and deed of said corporation as such general partner for the uses and purposes set forth herein.

                                            _____
                                            Notary Public

                                    REGAN HEISERMAN
                           Notary Public, State of New York
                                No. 24-4001077
                            Qualified in Kings County
                     Commission Expires February 23, 1996

-3-

BK1877 P.4084

## EXHIBIT A

PARCEL 1:

Lying and being in Winston Township and

Beginning at an iron pin located in the northwesterly right of way line of South Stratford Road at the point where said right of way line intersects with Ramp "C" leading to Interstate 40; running thence with the right of way line of South Stratford Road two bearings and distances as follows: (1) South 32 deg. 39 min. 51 sec. West, 20.91 feet to an iron pin; (2) on a curve to the left having a radius of 1,965.86 feet and a chord bearing and distance of South 39 deg. 48 min. 05 sec. West, 263.73 feet to an iron pin; thence North 52 deg. 31 min. 08 sec. West, 272.16 feet to an iron pin; thence South 37 deg. 18 min. 34 sec. West, 170.00 feet to an iron pin in the northern margin of Hanes Mall Boulevard; thence along the said margin of Hanes Mall Boulevard North 52 deg. 32 min. 16 sec. West, 50.00 feet to an iron pin; thence two calls along the line of Wal-Mart Properties, Inc. as described in Deed Book 1633, Page 4204, Forsyth County Registry, North 37 deg. 18 min. 34 sec. East, 165.00 feet to an iron pin; thence continuing along the line of said Wal-Mart, North 52 deg. 45 min. 32 sec. West, 111.12 feet to an iron pin; thence continuing along the line of Wal-Mart Properties, Inc. as described in Book 1633 at Page 4204, North 41 deg. 51 min. 22 sec. East 433.06 feet to an iron pin in the margin of Ramp "C" leading to Interstate 40; thence with said right of way line of Ramp "C", South 25 deg. 58 min. 37 sec. East, 117.89 feet to a concrete monument; thence continuing with said ramp, South 44 deg. 01 min. 07 sec. East 169.44 feet to an iron pin; thence South 50 deg. 27 min. 29 sec. East, 99.26 feet to a concrete monument; thence South 06 deg. 10 min. 20 sec. West, 71.00 feet to the point and place of beginning, containing 3.744 acres, more or less, according to survey by Borum, Wade & Associates, dated October 4, 1995.

PARCEL 2:

Beginning at an iron pin in the northwesterly margin of South Stratford Road, said iron pin being at the southeastern corner of Parcel 1 described above; thence along the line of South Stratford Road along a curve to the left having a radius of 1,965.86 feet and a chord bearing and distance of South 34 deg. 43 min. 23 sec. West, 84.55 feet to an iron pin; thence continuing with said right of way line as it turns into Hanes Mall Boulevard, South 77 deg. 26 min. 07 sec. West, 111.51 feet to an iron pin; thence continuing with the margin of Hanes Mall Boulevard, North 52 deg. 32 min. 16 sec. West, 204.11 feet to an iron pin; thence along the line of Parcel 1 above, North 37 deg. 18 min. 34 sec. East, 170.00 feet to an iron pin; thence continuing with Parcel 1 above, South 52 deg. 31 min. 08 sec. East, 272.16 feet to the point and place of beginning, containing 1.001 acres more or less, according to survey referred to in Parcel 1 above.

After Recording Return to:
Joyce Mayo, Legal Department
Midland Loan Services, Inc.
P. O. Box 25965
Shawnee Mission, KS 66225-5965

LIBER 855 PAGE 219

1278738

3008-158725 B1
FAT LC

BOOK 4013 PAGE 689

LIMITED POWER OF ATTORNEY
TO MIDLAND LOAN SERVICES, INC. FOR
CAPITAL LEASE FUNDING SECURITIZATION, L.P.
SERIES 1997-CTL1

ASC 3058954

KNOW ALL MEN BY THESE PRESENTS:

WHEREAS, Capital Lease Funding Securitization, L.P., as Depositor, Midland Loan Services, L.P., as Servicer, LaSalle National Bank, as Trustee, and ANB AMRO Bank, N.V., as Fiscal Agent, have entered into a Pooling and Servicing Agreement (the "PSA") dated as of January 15, 1997, pertaining to Corporate Credit-Backed Pass-Through Certificates Series 1997-CTL which provides in part that Midland Loan Services, L.P. shall administer and service certain "Mortgage Loans" as that term is defined in the PSA, in accordance with the terms of the PSA and the respective Mortgage Loans; and,

WHEREAS, in connection with the acquisition of substantially all the assets of Midland Loan Services, L.P. and by virtue of an assignment and assumption agreement, Midland Loan Services, Inc. ("Servicer") succeeded to the rights and obligations under the PSA of Midland Loan Services, L.P.; and,

WHEREAS, pursuant to the terms of the PSA, Servicer is granted certain powers, responsibilities and authority in connection with its servicing and administration subject to the terms of the PSA; and,

WHEREAS, Trustee has been requested by Servicer pursuant to Section 3.1.(a) of the PSA to grant this Limited Power of Attorney to Servicer to enable Servicer to execute and deliver, on behalf of the Trustee, certain documents and instruments related to the Mortgage Loans thereby empowering Servicer to take such actions as it deems necessary to comply with its servicing, administrative and management duties under and in accordance with the PSA.

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS:

LaSalle National Bank, a national bank, whose principal office address is 135 South LaSalle Street, Suite 200, Chicago, IL 60603, solely in its capacity as trustee (in such capacity hereinafter called "Trustee") under the PSA, and not in its corporate capacity, does make, constitute and appoint Midland Loan Services, Inc., a Delaware Corporation, 210 West 10th Street, Kansas City, Missouri 64105, Trustee's true and lawful agent and attorney in fact with respect to the Mortgage Loans held by the Trustee in its capacity as Trustee in Trustee's name, place and stead, to prepare, execute and deliver: (i) any and all financing statements, continuation statements and other documents or instruments necessary to maintain the validity, enforceability, perfection and priority of the lien created by a mortgage or deed of trust or similar instrument on each mortgage property and related collateral (the "Mortgaged Property") securing a Mortgage Loan held by the Trustee and serviced for the Trustee by Servicer; (ii) subject to the provisions of the PSA, modifications, waivers, consents, assumptions, amendments or subordinations with

I:\data\legal\smc\poa\97C5.doc


EXHIBIT
Winston
Salem
H

LIBER 855 PAGE 220        BOOK 4013 PAGE 690

respect to a Mortgage Loan or documents relating thereto; (iii) any and all assignments, deeds, deeds of release and reconveyance, satisfactions of mortgage, termination statements and any and all other instruments of satisfaction, assignment, conveyance, instruction or cancellation, or of partial or full release or discharge and all other comparable instruments with respect to the Mortgage Loans and the Mortgaged Properties, which are customarily and reasonably necessary and appropriate to assign, partially release, or fully release or discharge upon payment in full and discharge in full all sums secured thereby, whether the Trustee is named therein as mortgagee or beneficiary or has become mortgagee or beneficiary by virtue of assignment of such mortgage, deed of trust or deed to secure debt; (iv) any and all instruments necessary or appropriate for the judicial or nonjudicial foreclosure of, the taking of a deed in lieu of foreclosure with respect to, or the conversion of title to any Mortgaged Property securing a Mortgage Loan owned by the Trustee and serviced by the Servicer for the Trustee; and, consistent with the authority granted by the PSA; to take any and all actions on behalf of the Trustee in connection with maintaining and defending the enforceability of such Mortgage Loan obligation including but not limited to the execution of any and all instruments necessary or appropriate in defense of and for the collection and enforcement of said Mortgage Loan obligation in accordance with the terms of the PSA.

## ARTICLE I

The enumeration of particular powers hereinabove is not intended in any way to limit the grant to Servicer as the Trustee's attorney in fact of full power and authority with respect to the Mortgage Loans to execute and deliver any such documents, instrument or other writing, as fully, to all intents and purposes, as Trustee might or could do if personally present, hereby ratifying and confirming whatsoever such attorney in fact shall and may do by virtue hereof; and Trustee agrees and represents to those dealing with such attorney in fact that they may rely upon this power of attorney until termination of the power of attorney under the provisions of Article III below. As between and among Trustee, the Certificateholders, the Trust Fund and Servicer, Servicer may not exercise any right, authority or power granted by this instrument in a manner which would violate the terms of the PSA or the servicing standard imposed on Servicer by the PSA, but any and all third parties dealing with Servicer as Trustee's attorney in fact may rely completely, unconditionally and conclusively on Servicer's authority and need not make inquiry about whether Servicer is acting pursuant to the PSA or such standard. Any purchaser, title company or other third party may rely upon a written statement by Servicer that any particular loan or property in question is subject to and included under this power of attorney and the PSA.

## ARTICLE II

An act or thing lawfully done hereunder by Servicer shall be binding on Trustee and Trustee's successor and assigns.

## ARTICLE III

This power of attorney shall continue in full force and effect from the date hereof until the earliest occurrence of any of the following events, unless sooner revoked in writing by the Trustee:

- 2 -

I:\data\legal\sms\poa\97C5.doc

LIBER 855 PAGE 221

BOOK 4013 PAGE 691

(i) the suspension or termination of this Limited Power of Attorney by the Trustee;

(ii) the transfer of both servicing and special servicing under the PSA from Servicer to another Servicer;

(iii) the appointment of a receiver or conservator with respect to the business of Servicer, or

(iv) the filing of a voluntary or involuntary petition in bankruptcy by or against Servicer.

Nothing herein shall be deemed to amend or modify the PSA or the respective rights, duties or obligations of the Trustee or Servicer thereunder, and nothing herein shall constitute a waiver of any rights or remedies thereunder.

IN WITNESS WHEREOF, the Trustee has caused this instrument to be executed and its corporate seal to be affixed hereto by its officer duly authorized as of the ___8___ day of ___APRIL___, 1998.

(SEAL)

LaSalle National Bank, as Trustee of
Corporate Credit-backed pass-Through Certificates
Series 1997 CTL)
(and not in its corporate capacity)

By _____
Russell M. Goldenberg
Senior Vice President

ATTEST:

_____
Secretary or Assistant Secretary
CYNTHIA REIS
Vice President

- 3 -

I:\data\legal\smc\post97C5.doc

R &R
MIDLAND LOAN SERVICES INC
ATTN COLLATERAL SERVICES /PLJ
10851 MASTIN SUITE 300
BUILDING 82 CORPORATE WOODS
OVERLAND PARK, KS 66210

LIBER **855** PAGE **222**

BOOK **4013** PAGE **692**

STATE OF ILLINOIS ) 
                  ) ss.
COUNTY OF COOK    )

On this __8__ day of __APRIL__, 1998, before me personally appeared Russell M. Goldenberg, to me personally known, who, being by me duly sworn, did acknowledge and say that he is the Vice President of LaSalle National Bank, a national bank, as Trustee, and that the seal affixed to the foregoing instrument is the corporate seal of said corporation by authority of its board of directors, and said Russell M. Goldenberg did acknowledge said instrument to be the free act and deed of said corporation.

Notary Public
My Commission expires: __05-09-99__

State of Kansas, County of Wyandotte, ss.
I, THOMAS W. GRONEMEN, Register of Deeds in and for the County and State aforesaid, do hereby certify that the foregoing is a true and correct copy of an instrument of writing filed in this office on the __20__ day of __AUG__, 19 __98__ as the same appears of record in book __4013__ at page __689__
WITNESS, my hand and seal, this __20__ day of __AUG__, 19 __98__

_____ Deeds/Deputy

"OFFICIAL SEAL"
BETTYE McDOWELL
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 05/09/1999

1278738
STATE OF KS.
WYANDOTTE COUNTY
RECEIVED FOR RECORD
98 AUG 20 P 12:35 ⊠
THOMAS W. GRONEMAN
REGISTER OF DEEDS
BY _____ DEP.

-4-

I:\data\legal\smc\pos\97C5.doc

# FULBRIGHT & JAWORSKI L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
801 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20004-2623
WWW.FULBRIGHT.COM

RWHITTEN@FULBRIGHT.COM                                        TELEPHONE:    (202) 662-0200
DIRECT DIAL: (202) 662-4531                                   FACSIMILE:    (202) 662-4643

January 14, 2010

**VIA FEDERAL EXPRESS**
U.S. Bankruptcy Court
Clerk of the Court
701 E. Broad Street, Suite 4000
Richmond, VA 23219

Re:  *In re Circuit City Stores, Inc., et al.*
     **Chapter 11, Jointly Administered**
     **Case No. 08-35653 (KRH)**

Dear Clerk of the Court:

Enclosed with this letter please find one original and two copies of the *Notice of Transfer of Claim Pursuant to Federal Rule of Bankruptcy Procedure 3001(e)(2)* to be filed in the above-referenced bankruptcy case related to the following claim:

- KC 14347 (administrative priority claim of Drexel Delaware Ltd Partnership).

Please return the two copies marked "COPY" to me in the self-addressed stamped envelope provided for that purpose. In accordance with Rule 3001(e), Midland Loan Services, Inc. ("**Midland**") requests that the Clerk of the Bankruptcy Court immediately notify Drexel Delaware Ltd Partnership ("**Drexel**") of this Notice of Transfer and that, absent the filing of an objection within twenty (21) days of the mailing of said notice, Midland be deemed to be the transferee of the claim of Drexel as described above, and that Midland be substituted for Drexel for purposes of all further proceedings relating to said claims and distributions thereon.

If you have any questions, please contact me.

Regards,

Reid Whitten

RSW/lss
Enclosures