**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **CIRCUIT CITY STORES, INC.,** *et al.*, | ) | No. 08-35653-KRH |
| | ) | |
| Debtors. | ) | Jointly Administered |

**MOTION FOR LEAVE TO APPEAL**

Pursuant to 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8003, LG ELECTRONICS USA, INC. ("LG"), by counsel, WILEY REIN LLP, H. Jason Gold, Valerie P. Morrison and Dylan G. Trache, files this Motion for Leave to Appeal from the Order on Debtors' Fifty-First and Fifty-Second Omnibus Objections of the Honorable Kevin R. Huennekens, Judge for the United States Bankruptcy Court of the Eastern District of Virginia, entered in the above-captioned case on the 6th day of January, 2010, docket entry number 6228; stating to the Court as follows:

**I.      Statement of Facts.**

1.      On November 10, 2008 ("Petition Date"), Circuit City ("Debtors" or "Circuit City") filed a voluntary petition under chapter 11 of the Bankruptcy Code.

2.      LG currently holds a general unsecured claim against Circuit City in the amount of $36,080,034.85 and an allowed administrative expense arising under 11 U.S.C. § 503(b) in the amount of $5,397,977.

3.      On October 13, 2009, Debtors filed (i) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims ("Administrative Expense Objection") and (ii) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference ("Motion to Waive Status Conference"). The Administrative Expense Objection alleged that LG received preferential transfers and sought to "temporarily" disallow LG's previously determined Administrative Expense on that basis alone.

4.      On November 4, 2009, LG timely filed its Memorandum of Law in Opposition to the Debtors (i) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims and (ii) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference ("Memorandum in Opposition").

5.      On November 12, 2009, the Court held an initial hearing on the Administrative Expense Objection.

6.      On January 6, 2010, the Court entered an Order on Debtors' Fifty-First and Fifty-Second Omnibus Objections ("Order"), accompanied by a Memorandum Opinion ("Memorandum Opinion" or "Opinion"). The Order and Memorandum Opinion are attached hereto as Exhibit 1. The Order partially sustained the Administrative Expense Objection, ordering that "Debtors may apply 11 U.S.C. § 502(d) to temporarily disallow the claims filed by Respondents under 11 U.S.C. § 503(b)(9) … up to the amount potentially recoverable on account of preferential transfers allegedly avoidable under 11 U.S.C. § 547" and "Respondents' § 503(b)(9) claims identified in the Objections are temporarily disallowed." Order ¶¶ 1-3.

## II.     Questions to be Presented by the Appeal.

1.      Whether the Bankruptcy Court erred in finding that 11 U.S.C. § 502(d) may be applied to temporarily disallow payment of administrative expenses allowable under 11 U.S.C. § 503(b)(9).

2.      Whether the Bankruptcy Court erred in applying § 502(d) to temporarily disallow payment of administrative expenses allowable under 11 U.S.C. § 503(b)(9) up to the amount potentially recoverable on account of preferential transfers allegedly avoidable under 11 U.S.C. § 547 <u>before</u> adjudication of preference liability.

**III.    Relief Sought.**

LG seeks reversal of the Bankruptcy Court Order wherein the Bankruptcy Court determined that 11 U.S.C. § 502(d) applies to temporarily disallow administrative expenses allowable under 11 U.S.C. § 503(b)(9) up to the amount potentially recoverable on account of preferential transfers allegedly avoidable under 11 U.S.C. § 547 and ordered that LG's § 503(b)(9) claims be temporarily disallowed before adjudication of preference liability.

**IV.    Argument.**

The Bankruptcy Court's Order clearly satisfies the criteria for granting leave to appeal. When considering whether to hear an interlocutory appeal from an order of a bankruptcy court, "most district courts . . . follow the standard prescribed in 28 U.S.C. § 1292(b), which governs appeals of interlocutory orders from the district courts to the courts of appeals." *Prunty v. Terry (In re Paschall),* 408 B.R. 79, 84 (E.D. Va. 2009). Thus, the Court may consider whether the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  As discussed more fully below, the Bankruptcy Court Order rested on controlling questions of pure law, requiring no factual inquiry for resolution. Both questions raised on appeal are subject to substantial difference in opinion as courts have split on whether  11 U.S.C. § 502(d) may be applied to administrative expenses and before adjudication on the merits; further, the application of § 502(d) to administrative expenses is an issue of first impression in this District and Circuit. Finally, resolution of these questions on immediate appeal will materially advance the termination of this contested matter because the only substantive relief sought by the Administrative Expense Objection was to temporarily disallow certain creditors' administrative expenses under § 502(d).

A.    Controlling Questions of Law.

The Bankruptcy Court's Order involves two controlling questions of law, each of which is a narrow question of pure law and resolution of which will dispose of the contested matter. When addressing the requirement of a "controlling question of law," the Fourth Circuit observed "[c]ertainly the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin v. CSX Transp. Inc.,* 873 F.2d 1438, 1989 WL 42583, *5 (4th Cir.1989) (unpublished); *accord KPMG Peat Marwick v. Estate of Nelco, Ltd., Inc.*, 250 B.R. 74, 78 (Bankr. E.D.Va., 2000). Nevertheless, according to one commentator: "The cases interpreting section 1292(b) have generally held that a question need not be dispositive of the case to qualify as controlling. The courts have tended to make the 'controlling question' requirement the same as the requirement that its determination 'may materially advance the ultimate termination of the litigation.'" 10 *Collier on Bankruptcy* ¶ 8003.04 (15th ed. rev. 2005) (citations omitted).

The Bankruptcy Court's Order involves two controlling questions of law: first, whether 11 U.S.C. § 502(d) may be applied to disallow administrative expenses allowable under 11 U.S.C. § 503(b)(9); and second, whether such disallowance on account of allegedly avoidable preferential transfers may be ordered <u>before</u> adjudication of preference liability. Each of these questions is a pure question of law regarding the proper construction of 11 U.S.C. §§ 502(d) and/or 503, which requires no factual findings. The Bankruptcy Court observed that "whether § 502(d) *can be applied as a matter of law* to temporarily disallow §503(b)(9) claims in the

amount potentially recoverable as a preferential transfer under § 547" is a "threshold legal issue." Memorandum Opinion at p. 4 (emphasis supplied).

Further, since the only substantive relief sought by the Administrative Expense Objection was temporary disallowance under § 502(d) of administrative expenses before adjudication of preference liability, resolution of the legal questions regarding whether such disallowance was proper as a matter of statutory construction would completely dispose of the Administrative Expense Objection and the contested matter. Therefore, the Order satisfies the requirement that it involve controlling questions of law.

   B. <u>Substantial Ground for Difference of Opinion.</u>

Second, there is substantial ground for difference of opinion on the controlling questions of law. The first question is an issue of first impression for this District and Circuit, and other courts have split regarding whether 11 U.S.C. § 502(d) may be applied to disallow administrative expenses allowable under 11 U.S.C. § 503(b) with the weight of authority contrary to the bankruptcy court decision below. There also exists a substantial amount of conflicting authority with regard to the second issue raised on appeal, whether § 502(d) is applicable before liability on a preferential transfer has been adjudicated. Accordingly, there are substantial grounds for difference of opinion on these issues.

As one district court found, "the 'substantial ground for a difference of opinion' must arise out of a genuine doubt as to whether the Bankruptcy Court applied the correct legal standard. The requirement that such a substantial ground exists may be met when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the …Circuit." *Enron Corp. v. Springfield Associates, LLC*, 2006 WL 2548592 (S.D.N.Y. 2006) (footnotes omitted).

> 1. *Substantial grounds for a difference of opinion exists as to whether § 502(d) may be applied to disallow administrative expenses otherwise allowable under § 503(b).*

The Bankruptcy Court recognized the split in authority on the first question "[c]ourts are split on the issue of whether or not § 502(d) can be read to apply to claims for administrative expense. The majority of courts have held that § 502(d) is generally not applicable to § 503(b) claims . . . A minority of courts have adopted the contrary position and read the definition of "claim" in § 101(5) as broad enough to cover administrative expenses. " Memorandum Opinion at 9. Further, the Bankruptcy Court recognized that "[t]he majority approach is more consistent with established Fourth Circuit precedent."[1] Memorandum Opinion at 10. Nevertheless, the Bankruptcy Court found, contrary to the majority of the courts and relevant Fourth Circuit precedent, that "§ 502(d) may be used to temporarily disallow § 503(b)(9) claims." Memorandum Opinion at p. 13; *see also* Order.

The minority position is set forth in *MicroAge* and the Bankruptcy Court generally agreed with *MicroAge*'s analysis, which found that the broad definition of "claim" in Bankruptcy Code supported construing subsection 502(d) broadly to apply to administrative expense claims. *See MicroAge, Inc. v. Viewsonic Corp. (In re MicroAge, Inc.)*, 291 B.R. 503, (B.A.P. 9th Cir. 2002) ("*MicroAge*"). The Bankruptcy Court stated "the definition of 'claim' should be broadly construed and applied" and "administrative expenses appear to be a subset of 'claims.'" Memorandum Opinion at p. 8. Further, the Bankruptcy Court indicated, "[f]rom a plain reading of the text of § 502(d), it appears that § 502(d) can be invoked to disallow a claim for an administrative expense under § 503(b)." Memorandum Opinion at p. 9. Nevertheless, the

---

[1] As indicated above the Fourth Circuit has not ruled on the precise legal issue on appeal of whether § 502(d) may be applied to disallow administrative expenses allowable under § 503(b). However, the Fourth Circuit has ruled that 502(d) only applies to claims for which proof has been filed pursuant to 501. *Durham v. SMI Industries*, 882 F.2d. 881 (4th Cir. 1989) ("Since a court can only disallow a claim after one has been filed under 11 U.S.C.A. 501(a), 'claim' in section 502(d) includes only one for which a proof has been filed.").

Bankruptcy Court reluctantly conceded that it could not hold fully in accord with *MicroAge* because it was bound by relevant Fourth Circuit precedent:

> Therefore, despite the expansive language used in § 101(5)(A) that defines the term "claim" and despite the apparent plain meaning of § 502(d) that applies that defined term, the law in this Circuit is that § 502(d) can only be used to bar "claims" where the "claims" are filed under § 501(a).

Memorandum Opinion at p. 10. The Bankruptcy Court concluded that a creditor seeking administrative priority under § 503(b)(9) must "first, file a proof of claim under § 501, second, have the claim allowed under § 502, and then, third, request administrative expense priority under § 503(a)." Memorandum Opinion at p. 11.

However, as indicated in the Bankruptcy Court's Opinion, the majority of courts have held to the contrary. Memorandum Opinion at p. 9. In fact, other than the Bankruptcy Court below, every single reported decision outside of the Ninth Circuit[2] to consider the issue since the *MicroAge* decision has concluded that § 502(d) does not apply to administrative expenses under § 503(b). *See e.g., In re Ames Department Stores, Inc.*, 582 F.3d. 411, 430-32 (2d Cir. 2009); *In re TI Acquisition, LLC*, 410 B.R. 742 (Bankr. N.D. Ga. 2009); *In re Plastech Engineered Prods., Inc.*, 394 B.R. 147, 161 (Bank. E.D. Mich. 2008); *Phoenix Restaurant Group, Inc. v. Proficient Food Co. (In re Phoenix Restaurant Group, Inc.)*, 2004 WL 3113719 at *20 (Bankr. M.D. Tenn. 2004); *In re Roberds, Inc.*, 315 B.R. 443, 476 (Bankr. S.D. Ohio 2004); *Beasley Forest Prod., Inc v. Durango Ga. Paper Co. (In re Durango Ga. Paper Co.)*, 297 B.R. 326 (Bankr. S.D. Ga. 2003). Most of these courts considered the analysis in *MicroAge* and declined to follow it. The court in *Durango Georgia Paper*, addressed the statutory provisions cited by the *MicroAge* court that include administrative expenses within the "claims label," finding to the contrary that such

---

[2] Courts in the Ninth Circuit are bound by the decision in *MicroAge, Inc. v. Viewsonic Corp. (In re MicroAge, Inc.)*, 291 B.R. 502 (B.A.P. 9th Cir. 2002).

provisions merely "reflect that the Bankruptcy Code's definition of 'claim' broadly includes any right to payment . . . . They do not, however, override the more meaningful and specific utilization of two distinct terms – 'expense' and 'claim' – within the subchapter in which both sections 502 and 503 are located." *Durango Georgia Paper*, 297 B.R. at 330 (footnote omitted). Also examining the statutory language, the Second Circuit noted:

> The structure and context of section 502(d) suggests that Congress intended it to differentiate between claims and administrative expenses, and not to apply to the latter. Section 502, in conjunction with section 501, provides a procedure for the allowance of claims that is entirely separate from the procedure for allowance of administrative expenses under section 503.

*Ames,* 582 F.3d. at 429. Moreover, the courts in *TI Acquisition* and *Plastech* specifically concluded that § 502(d) did not apply to § 503(b)(9) administrative expenses. *TI Acquisition*, 410 B.R. at 751; *Plastech,* 394 B.R. at 164. The thoughtful conflicting opinions of the majority courts and the *MicroAge* court fully explain the substantial grounds for a difference of opinion on the first question.

> 2. *Substantial grounds for a difference of opinion exists as to whether § 502(d) may be applied to disallow expenses before adjudication of liability on the merits.*

With regard to the second question raised on appeal, whether § 502(d) may be applied to disallow claims before adjudication on the merits, there is also a substantial amount of conflicting authority. Although the Bankruptcy Court did not directly address the conflicting authority on this question, which was raised by LG in its Memorandum in Opposition filed below, the Bankruptcy Court's Order conforms with the minority view that "Debtors may apply 11 U.S.C. § 502(d) to temporarily disallow the claims filed by Respondents under 11 U.S.C. § 503(b)(9) … up to the amount *potentially recoverable* on account of preferential transfers *allegedly avoidable* under 11 U.S.C. § 547." Order ¶ 2 (emphasis supplied).

Nevertheless, most courts including the only two Circuit Courts to opine on the issue, have held to the contrary, finding § 502(d) may only be invoked where a court has actually adjudicated preference liability. *See e.g., Holloway v. IRS (In re Odom Antennas, Inc.)*, 340 F.3d 705, 708 (8th Cir. 2003) (ruling that § 502(d) could only be used "to disallow a claim after the entity is first adjudged liable.") (citations omitted); *In re Davis*, 889 F.2d 658, 662 (5th Cir. 1989) (holding that § 502(d) "is designed to be triggered after a creditor has been afforded a reasonable time in which to turn over amounts adjudicated to belong to the bankruptcy estate."). The majority view is consistent with both the language and purpose of § 502(d), which only authorizes disallowance of claims where a transferee has failed to pay the amount or turn over property for which it "is liable under . . . section 550", which requires an adjudication on the merits. 11 U.S.C. § 502(d).

Therefore, given that there exists substantial amount of conflicting authority on both questions raised on appeal, the Bankruptcy Court's Order is in accord with the minority on both questions, both questions are difficult issues of law, and the first question is one of first impression for this District and Circuit, the requirement of "substantial ground for difference of opinion" is clearly met.

  C. <u>Immediate Appeal may Materially Advance the Ultimate Termination of the Litigation.</u>

Finally, a decision by this Court on appeal regarding the applicability of § 502(d) to administrative expenses and before adjudication of preference liability on the merits will materially advance and ultimately terminate the specific litigation involving the Administrative Expense Objection to LG's administrative expenses. Further, a decision on appeal will properly facilitate the entirety of the bankruptcy proceedings below and promote judicial economy.

The sole objection to allowance of LG's administrative expense raised by the Debtors is 11 U.S.C. § 502(d); the Debtors have not filed a preference action against LG. Therefore, resolution whether § 502(d) applies to administrative expenses and before adjudication will effectively terminate the contested matter on the Administrative Expense Objection.

Further, the "temporary" disallowance has placed LG in an untenable position with regard to Plan confirmation. The Plan as currently proposed does not guarantee payment of LG's administrative expense in the amount of $5,397,977 as required by §1129(a)(9). The Plan does not specify whether such "temporary disallowed" claims would fall within the ambit of "disputed claims" for which a reserve is required, or "disallowed claims" for which a reserve is not required. The "temporary disallowance" of LG's administrative expense means that under the Plan and other relevant documents, including the Liquidating Trust Agreement, distributions could be made to other administrative creditors and those of lower priority without any reserve or other guarantee that LG's administrative expense will be paid. For this reason alone, LG has objected to confirmation of the Plan. A resolution by this Court regarding whether § 502(d) may be applied, as a matter of law, to "temporary disallow" LG's administrative expense in such manner would also assist in facilitation of the proposed Plan and promote judicial economy.

Accordingly, all three factors set forth in 28 U.S.C. § 1292(b) support grant of leave to appeal the Bankruptcy Court Order.

## V.    Conclusion.

WHEREFORE, LG respectfully requests that the Court grant its Motion for Leave to Appeal, for the foregoing reasons, and grants such other and further relief as is just and proper.

Dated: January 19, 2010

Respectfully submitted,

LG ELECTRONICS USA, Inc.

By Counsel

WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia  22102
703.905.2800


By:    /s/ Dylan G. Trache
       H. Jason Gold, Va. Bar No. 19117
       Valerie P. Morrison, Va. Bar No.
       Dylan G. Trache, Va. Bar No. 45939

Counsel to LG Electronics USA, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2010 the foregoing Motion for Leave to Appeal was served via first class mail, postage prepaid, upon:

**Circuit City Stores, Inc. (Appellee)**

Circuit City Stores, Inc.
Attn: Michelle Mosier
4951 Lake Brook Drive, Suite # 500
Glen Allen, VA 23060

Represented by:

Gregg M. Galardi
Ian S. Fredericks
Skadden Arps Slate Meagher & Flom, LLP
One Rodney Square
10th and King Streets, 7th Floor
Wilmington, DE 19801

Chris L. Dickerson
Jessica S. Kumar
Skadden Arps Slate Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606

Douglas M. Foley
Sarah B. Boehm
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219

**Official Committee of Unsecured Creditors**

Represented by:

Jeffrey N. Pomerantz
Stanley E. Goldich
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067

Robert J. Feinstein
Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 36th Floor
New York, NY 10017

Lynn L. Tavenner
Paula S. Beran
Tavenner & Beran, PLC
20 N. Eighth Street, Second Floor
Richmond, VA 23219

**Office of the United States Trustee**

Represented by:

Robert B. Van Arsdale
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219


  /s/ Dylan G. Trache
Dylan G. Trache

13091951.4