DAVID M. STERN (CA State Bar No. 67697),
MICHAEL L. TUCHIN (CA State Bar No. 150375), and
KORIN A. ELLIOTT (CA State Bar No. 260363)
KLEE, TUCHIN, BOGDANOFF & STERN LLP[1]
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Telephone:   (310) 407-4000
Facsimile:    (310) 407-9090

　　　　-and-

WILLIAM A. BROSCIOUS (VA State Bar No. 27436)
KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Richmond, Virginia  23233
Telephone:   (804)741-0400, ext. 202

Attorneys for Claimant (Claim Nos. 1009, 9681)
PARAMOUNT HOME ENTERTAINMENT INC.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | |
|---|---|
| In re<br><br>CIRCUIT CITY STORES, INC., *et al.*,<br><br>　　　　Debtors.[2] | Case No.: 08-35653-KRH<br>(Jointly Administered)<br><br>Chapter 11 |

**JOINDER OF PARAMOUNT HOME ENTERTAINMENT INC.
TO MOTION OF APEX DIGITAL, INC. AND THQ, INC.
FOR RECONSIDERATION OF COURT'S ORDER ON DEBTORS'
FIFTY-FIRST AND FIFTY-SECOND OMNIBUS OBJECTIONS**

---

[1]   Orders granting *pro hac vice* admission for Messrs. Stern and Tuchin and Ms. Elliott (f/k/a Korin A. Avelino) were entered by the Court on July 24, 2009. See Docket Nos. 4279, 4280, and 4281.

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

Paramount Home Entertainment Inc. ("Paramount"), creditor and holder of an administrative expense claim, including a section 503(b)(9) claim, in the cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby joins in the *Motion Of Apex Digital, Inc. and THQ, Inc. for Reconsideration of Court's Order on Debtors' Fifty-First and Fifty-Second Omnibus Objections* [Docket No. 6258] (the "Apex Digital and THQ Motion") requesting that the Court reconsider its *Order on Debtors' Fifty-First and Fifty-Second Omnibus Objections* and related Memorandum Opinion, both entered on January 6, 2010 [Docket Numbers 6228 and 6228-1] (together, the "502(d) Order").

1. On November 10, 2008 (the "Petition Date"), the Debtors, filed voluntary chapter 11 petitions in this Court.

2. In the ordinary course of business, prior to the Petition Date, Paramount regularly received orders from and shipped goods to the Debtors. As of the Petition Date, the Debtors had received many goods from Paramount for which the Debtors had not yet paid, resulting in a substantial pre-petition debt. Paramount has asserted the following claims and rights to payment against the Debtors:

   a. A section 503(b)(9) claim,3 Claim No. 1009, in the amount of $3,133,634.57.

   b. A reclamation claim, which may be denominated as one for conversion of or an *in rem* claim to the proceeds of the goods subject

---

[3] Although there are legally significant statutory differences between claims under sections 501 and 502 and rights to payment under section 503, in the interest of linguistic simplicity, Paramount will refer to a right to payment under section 503(b)(9) and other administrative expenses as claims.

      to reclamation[4] for $11,600,840.04. This amount is inclusive of the amount entitled to priority pursuant to section 503(b)(9), although obviously Paramount does not seek a double recovery.

  c. A general pre-petition claim, Claim No. 9681, for $16,497,463.67 less amounts which are allowed in connection with the reclamation claim and the section 503(b)(9) claim.

  3. On October 13, 2009, the Debtors filed the *Debtors' (I) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference* [Docket No. 5216] (the "Objection") and the *Debtors' Brief in Support of Debtors' (I) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference* [Docket No. 5217].

  4. In the Objection, the Debtors sought entry of an order temporarily disallowing $335,904.00 of the Paramount 503(b)(9) Claim, thereby temporarily reducing the Paramount 503(b)(9) Claim from $3,133,634.57 to $2,797,730.57. *See* Objection, ¶ 9 and Exh. C. Although formally reserving their rights to otherwise object to the Paramount 503(b)(9) Claim, Objection, ¶¶ 13-14, the Debtors based their request solely and exclusively on their contention that Paramount received a preferential transfer of $335,904.00. *See id.*, at 5.

  5. Paramount timely filed the *Response of Paramount Home*

---

[4] The Debtors sought to reclassify Paramount's claim arising from its right of reclamation as a general unsecured claim. *See* Docket No. 3703. Paramount opposes any such reclassification. That matter has not yet been decided by this Court.

2    Paramount Joinder to Motion for Reconsideration

*Entertainment Inc. to Debtors' (i) Fifty-Second Omnibus Objection to Certain 503(B)(9) Claims and (ii) Motion For a Waiver of the Requirement That The First Hearing On Any Response Proceed As A Status Conference and the Debtors' Brief in Support Thereof* [Docket No. 5434] on November 3, 2009. In the Response, Paramount opposed the Objection to the extent that it sought to temporarily disallow any part of the Paramount 503(b)(9) Claim and requested the Objection be overruled.

6.   At the November 12, 2009 hearing, the Court heard oral argument on the Objection and the responses to the Objection, including arguments raised for the first time by the Debtors.

7.   On January 6, 2010, the Court entered the 502(d) Order and sustained the Debtors' objection, allowing them to temporarily disallow the 503(b)(9) claims to the extent of the alleged preferential transfers.

8.   The time to appeal or seek reconsideration has not yet expired.

WHEREFORE, Paramount joins in the Apex Digital and THQ Motion seeking reconsideration of the 502(d) Order and requests relief as set forth therein.

Respectfully submitted,

DATED: January 19, 2010   KLEE, TUCHIN, BOGDANOFF & STERN LLP

By: _____
David M. Stern
Michael L. Tuchin
Korin A. Elliott
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel: (310) 407-4000
Email: dstern@ktbslaw.com

Of counsel:

KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Richmond, Virginia  23233
Tel: (804) 741-0400
wbroscious@kbbplc.com

Attorneys for PARAMOUNT HOME ENTERTAINMENT INC.

# CERTIFICATE OF SERVICE

      I, Korin A. Elliott, hereby certify that a true and correct copy of the foregoing *Joinder of Paramount Home Entertainment Inc. to Motion Of Apex Digital, Inc. and THQ, Inc. for Reconsideration of Court's Order on Debtors' Fifty-First and Fifty-Second Omnibus Objections* has been served upon the parties listed below via first class mail on this 19th day of January, 2010.

                                            */s/       Korin A. Elliott*
                                            Korin A. Elliott (kelliott@ktbslaw.com)

**Debtors' Counsel**
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
10th and King Streets, 7th Fl.
Wilmington, DE 19801
Attn: Gregg M. Galardi
Attn: Ian S. Fredericks

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 N. Wacker Drive
Chicago, IL 60606
Attn: Chris L. Dickerson

MCGUIRE WOODS LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Attn: Douglas M. Foley
Attn: Dion W. Hayes

**Office of the U.S. Trustee**
701 East Broad Street, Suite 4304
Richmond, VA 23219
Attn: Robert B. Van Arsdale

**Counsel for the Creditors' Committee**
PACHULSKI STANG ZIEHL & JONES, LLP
10100 Santa Monica Boulevard, 11th Fl.
Los Angeles, CA 90067
Attn: Jeffrey N. Pomerantz
Attn: Stanley E. Goldich

PACHULSKI STANG ZIEHL & JONES, LLP
780 Third Avenue, 36th Fl.
New York, NY 10017
Attn: Robert J. Feinstein

TAVENNER & BERAN, PLC
280 N. Eighth Street, 2nd Fl.
Richmond, VA 23219
Attn : Lynn L. Tavenner
Attn: Paula S. Beran