## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

```
----------------------------------------------------------------X
                                                    :
In re:                                              :    Chapter 11
                                                    :
CIRCUIT CITY STORES, INC., et al.,                  :    Case No. 08-35653 (KRH)
                                                    :    Jointly Administered
                                                    :
                                                    :
Debtors.                                            :
----------------------------------------------------------------X
```

## MOTION FOR LEAVE TO APPEAL FROM INTERLOCUTORY "ORDER ON DEBTORS' FIFTY-FIRST AND FIFTY-SECOND OMNIBUS OBJECTIONS" AND RELATED "MEMORANDUM OPINION" ENTERED JANUARY 6, 2010, AS DOCKET NUMBER 6228, AND MEMORANDUM IN SUPPORT THEREOF

PNY Technologies, Inc. ("PNY") files this Motion requesting leave to appeal from the

"Order On Debtor's Fifty-First And Fifty-Second Omnibus Objections" and the related

"Memorandum Opinion" which together were entered by the United States Bankruptcy Court for

the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court"), on January 6,

2010, as Docket Number 6228 (together, the "Order and Opinion"), stating as follows:

1.    Copies of the Order and Opinion are attached as **Exhibit A**.

2.    PNY requests leave to appeal to the extent that the Court believes that leave is

required.

3.    PNY intends to file in the near future a request for the certifications required for

a direct appeal to the Court of Appeals under 28 U.S.C. § 158(d)(2)(A).

Neil E. McCullagh, Esquire (VSB #39027)          Angela Sheffler Abreu (PA #90855)
Spotts Fain PC                                   McCarter & English, LLP
411 East Franklin Street, Suite 600              Four Gateway Center
Richmond, Virginia 23219                         100 Mulberry Street
Phone: (804) 697-2000                            Newark, NJ 07102
Fax: (804) 697-2100]                             Phone: (973) 848-5378
                                                 Fax: (973) 206-6599

Counsel to PNY Technologies, Inc.
ME1 9517301v.1

## Facts Necessary To An Understanding
## Of The Questions To Be Presented On Appeal

4.       On November 10, 2008 (the "Petition Date"), Circuit City Stores, Inc. and its
affiliated debtors (together, the "Debtors") filed voluntary petitions in the Bankruptcy Court for
relief under Chapter 11 of the bankruptcy court, thereby initiating the above-styled jointly-
administered cases.

5.       On November 12, 2008, the Bankruptcy Court entered its Order Establishing Bar
Date For Filing Administrative Expense requests under Bankruptcy Code § 503(b)(9) – i.e.,
claims for goods delivered to the Debtors in the 20 days preceding the filing of the Debtors'
bankruptcy petitions.

6.       On December 1, 2008, PNY timely filed a Section 503(b)(9) Claim Request Form
seeking payment of a $1,723,312.08 administrative claim (the "Claim").  PNY attached its
invoices to the Claim.

7.       On September 15, 2009, the Debtors filed an objection to the Claim of PNY (the
"Thirty-Ninth Omnibus Objection").  See Document No. 4881.  The Objection stated that PNY's
Claim was overstated, and sought to bifurcate the claim into an unsecured portion of
$875,313.70 and an administrative portion of $847,998.38.  From a review of its records, PNY
determined that the entire claim was not an administrative claim pursuant to 11 U.S.C. §
503(b)(9).  PNY did not object to this reclassification, and the Claim was bifurcated, with
$847,998.38 remaining as a 503(b)(9) claim (the "503(b)(9) Claim").

8.       On October 13, 2009, the Debtors filed an objection to the 503(b)(9) Claim (the
"Fifty-First Omnibus Objection").  See Document Nos. 5214 and 5215.  The Fifty-First Omnibus

2

Objection sought to reduce the 503(b)(9) Claim to zero based on alleged preference payments to PNY.

9.  On November 3, 2009, PNY timely filed its *Response to Debtor's Fifty-First Omnibus Objection to Certain 503(B)(9) Claims* ("PNY's Opposition").

10.  On November 12, 2009, the Court held an initial hearing on the Fifty-First Omnibus Objection.

11.  On January 6, 2010, the Court entered an Order on Debtors' Fifty-First and Fifty-Second Omnibus Objections ("Order"), accompanied by a Memorandum Opinion ("Memorandum Opinion" or "Opinion"). See Document No. 6228. The Order partially sustained the Fifty-First Omnibus Objection, ordering that "Debtors may apply 11 U.S.C. § 502(d) to temporarily disallow the claims filed by Respondents under 11 U.S.C. § 503(b)(9) ... up to the amount potentially recoverable on account of preferential transfers allegedly avoidable under 11 U.S.C. § 547" and "Respondents' § 503(b)(9) claims identified in the Objections are temporarily disallowed." Order 1-3.

## The Questions To Be Presented On Appeal And The Relief Sought

12.  Whether the Bankruptcy Court's ruling that the Debtors may apply 11 U.S.C. § 502(d) to temporarily disallow the claims filed under 11 U.S.C. § 503(b)(9) was error?

13.  Whether the Bankruptcy Court's conclusion that the Debtors may apply 11 U.S.C. § 502(d) to temporarily disallow the claims filed under 11 U.S.C. § 503(b)(9) even before any alleged preference liability has been adjudicated was error?

14.  PNY seeks reversal of the Bankruptcy Court's ruling in the Opinion and Order that the Debtors may apply 11 U.S.C. § 502(d) to temporarily disallow the claims filed by Respondents under 11 U.S.C. § 503(b)(9) as set forth in the 51st Omnibus Objection up to the

3

amount potentially recoverable on account of alleged preferential transfers and its conclusion
that such temporary disallowance may occur even before any alleged preference liability has
been adjudicated.

## Reasons Why An Appeal Should Be Granted And The Relief Sought

15. The Opinion and Order satisfy the grounds for granting a motion for leave to
appeal an interlocutory order. Under 28 U.S.C. § 158(a)(3), "leave of court" is necessary for the
district court to have jurisdiction of an interlocutory appeal. To determine whether leave should
be granted to appeal a bankruptcy court's interlocutory order, courts have employed the same
test used in considering whether leave should be granted to appeal a district court's interlocutory
order to a circuit court of appeals – namely, that leave should be granted only when (1) the order
involves a controlling question of law, (2) as to which there is a substantial ground for a
difference of opinion, and (3) immediate appeal would materially advance the termination of the
litigation. See, e.g., Atlantic Textile Group v. Neal, 191 B.R. 652, 653 (E.D.Va. 1996).

16. The Opinion and Order involves a controlling question of law as to which there is
a substantial ground for difference of opinion, and an immediate appeal would materially
advance the termination of the contested matter initiated by the Debtors' filing of the Claim
Objection.

17. First, a "controlling question of law" means "a narrow, dispositive question of
pure law." KPMG Peat Marwick v. Estate of Nelco, Ltd., Inc., 250 B.R. 74, 79 (E.D.Va. 2000)
(stating that a "narrow, dispositive question of pure law" was the interpretation of "controlling
question of law" made in Fannin v. CSX Transport, Inc., 873 F.2d 1438, 1989 WL 42583 (4th
Cir. 1989) (unpublished)). And the two questions posed by the Opinion and Order – (a) whether
the Debtors may apply 11 U.S.C. § 502(d) to temporarily disallow the claims filed under 11

4

U.S.C. § 503(b)(9) up to the amount potentially recoverable on account of alleged preferential transfers, and (b) whether such temporary disallowance may occur even before any alleged preference liability has been adjudicated – clearly meet this definition. Those two questions are narrow and purely legal in nature, and the answers given to them, whether affirmative or negative, completely resolve the contested matter initiated by the Claim Objection. Accordingly, the Opinion and Order involves controlling questions of law.

18.    Second, there is substantial ground for difference of opinion on the questions posed by the Opinion and Order. A substantial ground for difference of opinion exists where "a difference of opinion exists *between courts* on a given controlling question of law." Id. at 82 (emphasis in original). In its Memorandum Opinion, the Bankruptcy Court noted that the majority of courts that have considered the question have ruled that Bankruptcy Code § 502(d) "is generally not applicable to § 503(b) claims," but that "[a] minority of courts have adopted a contrary position." Memorandum Opinion, at 9-10. Hence, there is clearly substantial ground for difference of opinion on the question of whether the Debtors may apply 11 U.S.C. § 502(d) to temporarily disallow the claims filed under 11 U.S.C. § 503(b)(9) up to the amount potentially recoverable on account of alleged preferential transfers. And there is also substantial ground for difference of opinion on the question of whether temporary disallowance of § 503(b)(9) claims may occur even before any alleged preference liability has been adjudicated. See, e.g., In re Chase & Sanborn Corp., 124 B.R. 368 (Bankr. S.D. Fla. 1991) ("What is necessary for the invocation of § 502(d) is a judicial determination that the creditor received a preference (and has failed to repay it)."); see also In re Davis, 889 F.2d 658 (5th Cir. 1989). Accordingly, the "substantial ground for difference of opinion" criterion is satisfied with respect to the Opinion and Order.

19. Third and finally, an immediate appeal of the Opinion and Order would materially advance the termination of the contested matter initiated by the filing of the Claim Objection. As noted above, whether the questions presented are answered affirmatively or negatively, the result is that the contested matter initiated by the filing of the Claim Objection is resolved.

20. Accordingly, each of the three factors to be considered in deciding whether to grant leave to appeal is satisfied.

WHEREFORE, PNY Technologies, Inc. requests (a) that the Court enter an Order granting this Motion and providing leave to appeal the Opinion and Order, and (b) such other and further relief as the Court deems appropriate.

PNY TECHNOLOGIES, INC.

By: /s/ Neil E. McCullagh
Counsel

Robert H. Chappell, III, Esquire (VSB #31698)
Neil E. McCullagh, Esquire (VSB #39027)
Jennifer J. West, Esquire (VSB #47522)
Erin E. Kessel, Esquire (VSB #65360)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Phone: (804) 697-2000
Fax: (804) 697-2100

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Counsel for PNY Technologies, Inc.

6

## Certificate of Service

I hereby certify that on January 20, 2010, I caused a copy of the foregoing Motion for Leave to be served on the Core Group (as defined in the Court's Supplemental Procedures Order of December 30, 2009) by first class mail, postage prepaid, and by electronic service through email (where an email address is shown below):

Circuit City Stores, Inc.
Attn: Michelle Mosier
4951 Lake Brook Drive, 5th Floor
Glen Allen, VA 23060

Gregg M. Galardi, Esquire
Ian S. Fredericks, Esquire
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Gregg.galardi@skadden.com
Ian.fredericks@skadden.com

Timothy G. Pohl, Esquire
Chris L. Dickerson, Esquire
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
Tim.pohl@skadden.com
Chris.dickerson@skadden.com

Dion W. Hayes, Esquire
Douglas M. Foley, Esquire
MCGUIRE WOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
dhayes@mcguirewoods.com
dfoley@mcguirewoods.com

Richard M. Pachulski, Esquire
Robert J. Feinstein, Esquire
Jeffrey N. Pomerantz, Esquire
PACHULSKI STANG ZIEHL &
JONES LLP
10100 Santa Monica Boulevard, 11th Floor

7

MEI 9517301v.1

Los Angeles, California 90067-4100
rpachulski@pszjlaw.com
rfeinstein@pszjlaw.com
jpomerantz@pszjlaw.com

Lynn L. Tavenner, Esquire
Paula S. Beran, Esquire
TAVENNER & BERAN, PLC
20 North 8th Street, 2nd Floor
Richmond, Virginia 23219
ltavenner@tb-lawfirm.com
pberan@tb-lawfirm.com

Robert B. Van Arsdale, Esquire
Office of the United States Trustee
Richmond, Virginia Office
701 East Broad Street Suite 4304
Richmond, Virginia 23219-1888
Robert.b.van.arsdale@usdoj.gov

/s/ Neil E. McCullagh

ME1 9517301v.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:      CIRCUIT CITY STORES, INC.,              Case No. 08-35653
            *et al.*,                               Chapter 11
                    Debtors.                        Jointly Administered

## ORDER ON DEBTORS' FIFTY-FIRST,
## AND FIFTY-SECOND OMNIBUS OBJECTIONS

Upon consideration of Debtors'(I) Fifty-First Omnibus Objection to Certain 503(b)(9)

Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response

Proceed as a Status Conference, filed on October 13, 2009 (Docket No. 5214; the "51st Omnibus

Objection), and Debtors' (I) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims and

(II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a

Status Conference, filed on October 13, 2009 (Docket No. 5216; the "52nd Omnibus Objection";

collectively, with the 51st Omnibus Objection, the "Objections"), the responses thereto (Docket

Numbers 5411, 5416, 5447, 5454, 5470, 5472, 5475, 5479, 5529, 5530, 5535, 5537, 5539, 5610,

5487, 5491, 5497, 5498, 5499, 5502, 5505, 5506, 5509, 5511, 5515, 5434, 5449, 5464, 5489,

5495, 5496, 5500, 5504, 5583; collectively, the "Responses") of the respondents (the

"Respondents") and the omnibus replies thereto (Docket Numbers 5621 & 5622; together, the

"Replies"); and the Court having reviewed the Objections, the Responses and the Replies; and

the Court having considered the arguments advanced by the Debtors and the Respondents at the

hearing held on November 12, 2009; and upon the record herein, and after due deliberation



EXHIBIT

A

thereon; and good and sufficient cause appearing therefore as set out in the Court's Memorandum Opinion[1] entered on this date, it is hereby,

## ORDERED, ADJUDGED AND DECREED THAT:

1.      The Objections are partially SUSTAINED to the extent set forth herein.

2.      The Debtors may apply 11 U.S.C. § 502(d) to temporarily disallow the claims filed by Respondents under 11 U.S.C. § 503(b)(9) as set forth in the 51st Omnibus Objection and the 52nd Omnibus Objection up to the amount potentially recoverable on account of preferential transfers allegedly avoidable under 11 U.S.C. § 547.

3.      The Respondents' § 503(b)(9) claims identified in the Objections are temporarily disallowed (the "Disallowed Claims").

4.      The Debtors' right to object to any claim on any grounds that governing law permits is not waived and expressly preserved.

5.      The requirement that the initial hearings on the Objections proceed as status conferences is hereby waived.

6.      This Court retains jurisdiction to hear and determine all matters arising from or related to the Objections, the Disallowed Claims and this Order.

ENTERED: Jan 6 2010

/s/Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on docket: Jan 6 2010

---

[1] The Memorandum Opinion sets forth the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:      CIRCUIT CITY STORES, INC.,                    Case No. 08-35653
            *et al.*,                                      Chapter 11
                   Debtors.                                Jointly Administered

## MEMORANDUM OPINION

The issue now before the Court in this Chapter 11 case is whether the Debtors may use § 502(d) of the Bankruptcy Code to temporarily disallow certain § 503(b)(9)[1] claims filed by a number of their creditors (the "Claimants"). The Debtors seek to have the claims filed by the Claimants temporarily disallowed up to the amount potentially recoverable on account of preferential transfers allegedly avoidable under § 547 (the "Preferential Transfers). Hearing was conducted on November 12, 2009 (the "Hearing") to consider Debtors' request for ruling on the threshold issue of whether § 502(d) can be used to temporarily disallow § 503(b)(9) claims.

### Jurisdiction

The Court has subject-matter jurisdiction of this contested matter pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C), and (O). Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Unless otherwise specified, all code sections to which this opinion refers are sections from Title 11 of the United States Code (the "Bankruptcy Code").

## Factual and Procedural Background

The Debtors, Circuit City Stores, Inc., *et al.*,[2] filed these bankruptcy cases under Chapter 11 of the Bankruptcy Code on November 10, 2008 (the "Petition Date"). Circuit City was a specialty retailer of consumer electronics. As of the Petition Date, Circuit City employed approximately 39,600 employees and was operating approximately 712 retail stores and 9 outlet stores throughout the United States and Puerto Rico. After filing its bankruptcy petition, the Debtors filed a motion seeking entry of an order establishing a bar date for filing requests for payment of Administrative expense claims under §§ 105 and 503(b)(9) of the Bankruptcy Code. On November 12, 2008, this Court entered an Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 (Docket No. 107) (the "Bar Date Order"). Pursuant to the Bar Date Order, the bar date for filing proofs of claim asserting a § 503(b)(9) administrative priority was 5:00 p.m. (PT) on December 19, 2008. On January 16, 2009, the Court authorized the Debtors to conduct going out of business sales at the Debtors' remaining 567 stores. As of March, 8, 2009, the going out of business sales had been completed. On September 29, 2009, the Debtors and the Creditors Committee filed their First Amended Joint Plan of Liquidation (the "Plan"). The disclosure statement was approved by order entered September 24, 2009. The confirmation hearing is currently scheduled for January 28, 2010.

---

[2] The Debtors are Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp., Prahs, Inc.(n/a), XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC. The Court entered an order on November 10, 2008, granting the Debtors' motion for joint administration of these bankruptcy cases.

2

On October 13, 2009, the Debtors filed two omnibus objections (the "Objections")[3] to

certain of the Claimants' claims that asserted a § 503(b)(9) administrative priority (the "Claims")

on the grounds that those Claims should be temporarily disallowed under § 502(d) up to the

amount potentially recoverable in an avoidance action under § 547 until the return of any

Preferential Transfers.[4] A large number of Claimants filed responses[5] (the "Responses"), and on

November 10, 2009, the Debtors filed two reply briefs.[6]

---

[3]     The Objections were filed as omnibus objections pursuant to Rule 3007(d)(8) of the Federal Rules of
Bankruptcy Procedure on the grounds that they asserted a priority in an amount that exceeds the maximum amount
under § 507 of the Bankruptcy Code.

[4]     See Debtors' (I) Fifty-First Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver
of the Requirement that the First Hearing on any Response Proceed as a Status Conference, filed on October 13,
2009 [Docket No. 5214]; Debtors' (I) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion
for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference, filed on
October 13, 2009 [Docket No. 5216].

[5]     See Response of Namsung America Inc. to Debtors' Fifty-First Omnibus Objection to Claims [Docket
No. 5411]; PNY Technologies, Inc.'s Response to Debtors Fifty-First Omnibus Objection to Claims [Docket No.
5416]; Response of Onkyo USA Corporation in Opposition to Debtors' Fifty-First Omnibus Objection to Claims
[Docket No. 5447]; Mitsubishi Digital Electronics America, Inc.'s Response to Debtor's Fifty-First Omnibus
Objection to Claims [Docket No. 5454]; Response of Digital Innovations, LLC on Behalf of VonWin Capital
Management, LP to Debtors' Fifty-First Omnibus Objection to Claims [Docket No.5470]; Response of Longacre
Opportunity Fund, L.P. to Debtors' Fifty-First Omnibus Objection to Claims [Docket No. 5472]; Envision
Peripherals, Inc.'s Memorandum of Law in Opposition to Debtors' Fifty-First Omnibus Objection to Claims [Docket
No. 5475]; Response and Joinder of JVC Americas Corp. and JVC Company of America to Debtors' Fifty-First
Omnibus Objection to Claims [Docket No. 5479]; Response of Olympus Corporation and Olympus Imaging
America, Inc. to Debtors' (I) Fifty-First Omnibus Objection to Claims [Docket No. 5529]; Response of Hauppage
Computer Works, Inc. to Debtors' Fifty-First Omnibus Objection to Claims [Docket No. 5530]; Response of United
States Debt Recovery, LLC to Debtor's Fifty-First Omnibus Objection to Claims [Docket No. 5535]; Response and
Objection of Midland Radio Corporation to Debtors' Fifty-First Omnibus Objection to Claims [Docket No. 5537];
Response and Objection of Bethesda Softworks LLCto Debtors' Fifty-First Omnibus Objection to Claims [Docket
No. 5539]; Response of TeleDynamics LLP in Opposition to Debtors' Fifty-First Omnibus Objection to Claims
[Docket No. 5610]; Metra Electronics Corporation's Opposition to Debtor's Fifty-First Omnibus Objection to Claims
[Docket No. 5487]; Response of Sima Products Corp. to Debtors' Fifty-First Omnibus Objection to Claims [Docket
No. 5491]; Joint Response of THQ, Inc. and Apex Digital, Inc. to Debtors' Fifty-First Omnibus Objection to Claims
[Docket No. 5497]; Tamrac, Inc.'s Opposition to Debtor's Fifty-First Omnibus Objection [Docket No. 5498];
Response of Nyko Technologies, Inc. to Debtors' Fifty-First Omnibus Objection to Claims [Docket No. 5499];
Response of SouthPeak Interactive, LLC to Debtors' Fifty-First Omnibus Objection to Claims [Docket No. 5502];
Bush Industries Inc.'s Response and Joinder Regarding Debtors' Fifty-First Omnibus Objection to Claims [Docket
No. 5505]; Joinder of Vonage Marketing LLC to the Responses Filed by SouthPeak Interactive, LLC and Nyko
Technologies, Inc to Debtors' Fifty-First Omnibus Objection to Claims [Docket No. 5506]; Omnibus Response of
Vonwin Capital Management, L.P. to Debtors' Forty-Eighth, Forty-Ninth, Fiftieth and Fifty-First Omnibus
Objections [Docket No. 5509]; Response in Opposition of BISSELL Homecare, Inc. to Debtors' Fifty-First Omnibus
Objection to Claims [Docket No. 5511]; Cokem International, Inc.'s Response to the Debtor's Fifty-First Omnibus
Objection [Docket No. 5515]; Response of Paramount Home Entertainment Inc. to Debtors' Fifty-Second Omnibus
Objection to Claims [Docket No. 5434]; Response of SanDisk Corporation to Debtors' (I) Fifty-Second Omnibus

3

In their Objections and at the Hearing, the Debtors requested a determination of the threshold legal issue of whether § 502(d) can be applied as a matter of law to temporarily disallow § 503(b)(9) claims in the amount potentially recoverable as a preferential transfer under § 547. Several of Claimants' Responses took issue with proceeding in this manner. They objected to the Hearing, arguing that it was improper to consider the threshold legal issue of whether § 502(d) could be applied to disallow a § 503(b)(9) claim in a contested matter as part of the claims resolution process separate from any underlying adversary proceeding to determine whether a Preferential Transfer was recoverable in the first instance. The Claimants based their objection to the bifurcation of these issues an on essentially three grounds: (1) bifurcation deprived them of their constitutional due process rights, (2) the Debtors were requesting an advisory opinion, and (3) the Debtors should be required to file an adversary proceeding in order to raise the legal issue of whether § 502(d) could be applied to disallow a § 503(b)(9) claim.

Due process requires that parties be given notice and an opportunity to be heard before an ultimate judicial determination is made. As the Fourth Circuit Court has recognized, due process is not a "technical conception of inflexible procedures. . . it is rather a delicate process of adjustment and of balancing of interests in which it is recognized that what is unfair in one situation may be fair in another." *A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 1014 (4th Cir.

---

Objection to Claims [Docket No. 5449]; Pioneer Electronics' Response to Debtors' Fifty-Second Omnibus Objection to Claims [Docket No. 5464]; LG Electronics USA, Inc.'s Memorandum of Law in Opposition to Debtors' Fifty-Second Omnibus Objection to Claims [Docket No. 5489]; Response of Toshiba America Consumer Products,L.L.C. to Debtors' Fifty-Second Omnibus Objection to Claims [Docket No. 5495]; Response of Samsung Electronics America, Inc. to Debtors' Fifty-Second Omnibus Objection to Claims [Docket No. 5496]; Samsung Electronics America, Inc.'s Memorandum of Law in Opposition to Debtors' Fifty-Second Omnibus Objection to Claims [Docket No. 5500]; Twentieth Century Fox Home Entertainment LLC's Response in Opposition to Debtors' Fifty-Second Omnibus Objection to Claims [Docket No. 5504]; Response of Take Two Interactive Software, Inc. to Debtors' Fifty-Second Omnibus Objection to Claims [Docket No. 5583].

6       *See* Debtors' Omnibus Reply in Support of (I) Fifty-First Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference, filed on November 10, 2009 [Docket No. 5621]; Debtors' Omnibus Reply in Support of (I) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference, filed on November 10, 2009 [Docket No. 5622].

1986) (internal citations omitted). In this case, parties were given ample notice that the threshold legal issue regarding whether § 502(d) could be applied to temporarily disallow a § 503(b)(9) claim would be the topic of the first hearing on the two omnibus Objections. Based on the quantity and the quality of the briefs submitted to this Court (including amicus briefs) and the thorough oral arguments made at the Hearing, the parties have certainly exercised their opportunity to be heard.    Further, the Debtors are not requesting an ultimate judicial determination concerning the allowance of these Claims. Rather, they are seeking to postpone payment of the Claims by disallowing them temporarily until the underlying issues can be fully adjudicated in separate adversary proceedings.[7]  To this end, Debtors are requesting a ruling on a threshold legal issue common to all of the Claimants. Each of the Claimants will have an opportunity to have an adjudication made in the context of a full blown adversary proceeding regarding any liability they might have for the alleged Preferential Transfers. Therefore, the Claimants' due process rights are not being infringed.   Rather, the due process rights of the bankruptcy estates are being preserved.

The Court is not rendering an advisory opinion. Very real disputes exist between the parties concerning the threshold legal issue. The Court is not asked to issue an advisory opinion when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The Court is merely making a partial ruling in an interlocutory fashion on a very real controversy, and it is reserving the

---

[7]  If the Claims are not temporarily disallowed, the Debtors will be required to pay to Claimants cash equal to the amount of their Claims on the effective date of the Plan once it is confirmed, *See* 11 U.S.C. §1129(a)(9); and, thereby, the bankruptcy estates may forfeit any right they may have to contest the underlying dispute.

adjudication regarding the underlying liability for any alleged Preferential Transfers for a later determination to be made in the context of an adversary proceeding.

Finally, the Debtors do not need to file an adversary proceeding in order to have this threshold legal issue resolved. The Debtors are asserting a defense within the claim resolution process. They do not seek affirmative relief. Therefore, Bankruptcy Rule 7001 is not implicated and an adversary proceeding is not necessary at this time.

Pursuant to Bankruptcy Rule 3007 a claim objection need not be made in an adversary proceeding.[8] When a response is filed to an objection, the claim objection becomes a contested matter governed by Bankruptcy Rule 9014. *See In re Fleming*, 2008 WL 4736269, at *1 (Bankr. E.D. Va. Oct. 15, 2008) ("The hearing on the claim objection is treated as a contested matter, and Fed. R. Bankr. P. 9014 applies."). As such, certain rules, under part VII of the Federal Rules of Bankruptcy Procedure are applicable, including Bankruptcy Rule 7056, which incorporates Rule 56 of the Federal Rules of Civil Procedure (the "Civil Rules"). *See id.*; *see also* Fed. R. Bankr. P. 7056.[9]

Bifurcating the Hearing between a common threshold legal issue that pertains to all the Claims Objections and reserving for later determination the underlying issues unique to each of the adversary proceedings will create efficiencies in resolving the Claims Objections as well as greater opportunity for all interested parties to participate and be heard. When Claimants were questioned during the Hearing as to how they would propose to go forward if the Hearing was

---

[8] Rule 3007(b) of the Federal Rules of Bankruptcy Procedure states that "[a] party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding." The Debtors are not seeking relief of the kind specified in Rule 7001. Rather, they are asserting an affirmative defense to the claims.

[9] Under Civil Rule 56, a party may request partial summary judgment. *See* Fed. R. Civ. P. 56(a), (b) (providing that any party "may move, with or without supporting affidavits, for summary judgment on all or part claim."). Here, the Debtors have, in essence, requested partial summary judgment on a particular legal issue for which no genuine issue of material fact is in dispute. Thus, the Debtors' request to bifurcate the hearings is proper under the applicable Rules of Bankruptcy Procedure.

not bifurcated, they suggested that the alternative would be to go forward individually on a claim by claim basis in connection with the separate adversary proceedings. This suggested alternative would take significantly more time and would be potentially detrimental to parties given later trial dates. Given the efficiencies created by this method and the greater opportunity of all Claimants to participate and be heard on the common legal issue, it is not surprising that many other bankruptcy courts have proceeded in a similar fashion—first addressing common threshold legal issues before resolving separate underlying liability issues. *See, e.g., In re Leeds Bldg. Prods., Inc.*, 141 B.R. 265, 266 (Bankr. N.D. Ga. 1992); *In re Plastech Engineered Prods., Inc.*, 394 B.R. 147, 149 (Bankr. E.D. Mich. 2008); *In re Hackney*, 351 B.R. 179, 181 (Bankr. N.D. Ala. 2006); *In re Dawson*, 346 B.R. 503, 507 (Bankr. N.D. Cal. 2006); *In re Hicks*, 300 B.R. 372, 375 (Bankr. D. Idaho 2003). Accordingly, the Court agreed to hear arguments relating to the one legal issue regarding the application of § 502(d) to temporarily disallow the Claims filed by the Claimants pending an adjudication of any underlying liability for the alleged Preferential Transfers in the context of separate adversary proceedings.

## Analysis

The question before the Court is whether § 502(d) may be used to bar § 503(b)(9) administrative expense claims.    Section 503(b)(9) provides for the allowance of an administrative claim for "the value of any goods received by the debtor within 20 days before the date of commencement of a case under [Title 11] in which the goods have been sold to the debtor in the ordinary course of such debtor's business."   11 U.S.C. § 503(b)(9).   Section 502(d) provides that "[n]otwithstanding subsections (a) and (b) of [section 502], the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553, of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545,

7

547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title." 11 U.S.C. § 502(d). Debtors contend that the Claimants are transferees of Preferential Transfers avoidable under § 547. From a plain reading of § 502(d), it would appear that if a Claimant's request for payment of an administrative expense arising under § 503(b)(9) is a "claim" under the Bankruptcy Code, then § 502(d) may be used to disallow it.

The word "claim" is defined in § 101(5)(A) as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured." 11 U.S.C. § 101(5)(A). It is generally accepted that "Congress chose expansive language," in defining the term "claim," and therefore the definition of "claim" should be broadly construed and applied. *Pennsylvania Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 558 (1990). Administrative expenses appear to be a subset of "claims." Throughout the Bankruptcy Code, the term "claim" is used to refer to administrative expenses. For example, under § 1123(a), "a plan shall (1) designate, subject to section 1122 of this title, classes of claims, other than claims of a kind specified in section 507(a)(2)." 11 U.S.C. § 1123(a)(1). Section 507(a)(2) specifically refers to "administrative expenses allowed under section 503(b) of this title. . . ." 11 U.S.C. § 507(a)(2). So, the kind of "claims" specified in § 507(a)(2) to which § 1123(a) refers are administrative expenses.[10] Further, § 503(b) itself uses the terms "claims" and "expenses" interchangeably: "[a]fter notice and hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title. . . ." 11 U.S.C. § 503(b). If Congress had intended that these terms be mutually exclusive, there would be no need to carve out "claims" allowed under § 502(f). *See, e.g., F.C.C. v. NextWave Personal Communications, Inc.*, 537 U.S. 293, 302 (2003) (holding that

---

[10] Similarly § 1129(a)(9)(A) refers to *claims* of a kind specified in section 507(a)(2).

8

a reading that renders parts of the Bankruptcy Code "superfluous . . . means, of course, that such
a reading must be rejected.").

When a "statute's language is plain . . . the sole function of the courts is to enforce it
according to its terms." *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241 (1989). From
a plain reading of the text of § 502(d), it appears that § 502(d) can be invoked to disallow a claim
for an administrative expense under § 503(b). Nonetheless, the Claimants argue in their
Responses that §§ 502(d) and 503(b) should be read separate and apart from one another, where
§ 502(d) may only be used to disallow claims filed under § 501 and not claims filed under
§ 503(b). The Respondents rely heavily on the logic of *In re Ames Dep't Stores, Inc.,* 582 F.3d
411, 430 (2d Cir. 2009) ("Both the filing of requests for payment of administrative expenses and
the allowance thereof are governed by section 503, which is titled 'Allowance of administrative
expenses.' The procedure is independent from the procedure for filing and allowance of
prepetition claims under sections 501 and 502, and differs in significant respects. . . . Thus, with
respect to the allowance of claims, sections 502 and 503 are separate and independent.").

Courts are split on the issue of whether or not § 502(d) can be read to apply to claims for
administrative expense. The majority of courts have held that § 502(d) is generally not
applicable to § 503(b) claims. *See, e.g., In re Ames,* 582 F.3d at 430-32 (holding that § 502(d)
does not apply to administrative expenses under § 503(b)); *In re TI Acquisition, LLC,* 410 B.R.
742 (Bankr. N.D. Ga. 2009); *In re Plastech Engineered Prods., Inc.,* 394 B.R. 147, 161 (Bank.
E.D. Mich. 2008) (holding that § 502(d) may not be used to bar claims under § 503(b)(9)); *In re
Roberds, Inc.,* 315 B.R. 443, 476 (Bankr. S.D. Ohio 2004); *In re Lids Corp.,* 260 B.R. 680, 683-4
(Bankr. D. Del. 2001); *In re CM Holdings, Inc.,* 264 B.R. 141, 158 (Bankr. D. Del. 2000)
(holding that § 502(d) was not applicable to a postpetition administrative expense claim). A

9

minority of courts have adopted the contrary position and read the definition of "claim" in § 101(5) as broad enough to cover administrative expenses. *See. e.g., In re MicroAge, Inc.,* 291 B.R. 503, 513-4 (B.A.P. 9th Cir. 2002); *In re Georgia Steel, Inc.,* 38 B.R. 829, 839-40 (Bankr. M.D. Ga. 1984).

The majority approach is more consistent with established Fourth Circuit precedent. In *Durham v. SMI Industries,[11]* the Fourth Circuit Court of Appeals stated that "Section 502(d) provides, in pertinent part, that 'the court shall disallow any claim of any entity from which property is recoverable under section . . . 550, unless such entity . . . has paid the amount . . . for which such entity or transferee is liable.' Since a court can only disallow a claim after one has been filed under 11 U.S.C.A. 501(a), 'claim' in section 502(d) includes only one for which a proof has been filed." *Durham v. SMI Industries,* 882 F.2d. 881, 882-83 (4th Cir. 1989). Therefore, despite the expansive language used in § 101(5)(A) that defines the term "claim" and despite the apparent plain meaning of § 502(d) that applies that defined term, the law in this Circuit is that § 502(d) can only be used to bar "claims" where the "claims" are filed under § 501(a). This application of the law is entirely in keeping with the recent holding of the Second Circuit in *In re Ames.*[12]

The Debtors argue that the instant case can be distinguished from *In re Ames* and *Durham v. SMI Industries* because this case involves § 503(b)(9) claims, which arise prepetition, rather than general § 503(b) administrative expenses, most of which arise postpetition. Notably, the Debtors argue that even if the courts in *Ames* and *Durham* are correct that § 502(d) can only

---

[11] *Durham v. SMI Industries,* 882 F.2d. 881 (4th Cir. 1989).

[12] It is also worth noting that the Ames court specifically did not address the application of 502(d) to 503(b)(9) claims. *See Ames,* 582 F.3d at 424, n. 2 ("Neither party has suggested that section 503(b)(9) has any *relevance* to this appeal, and we do not specifically address its interaction with section 502(d)."). Further, the *Ames* court paid special attention to the postpetition nature of administrative expenses in holding 502(d) inapplicable. *Id.* at 431.

10

be used to disallow claims filed under 501(a) of the Bankruptcy Code, § 503(b)(9) claims, unlike other § 503(b) administrative expenses, *must* be filed under § 501(a) of the Bankruptcy Code.

Bankruptcy Rule 3002(a) mandates that "[a]n unsecured creditor . . . *must* file a proof of claim . . . for the claim . . . to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005." Fed. R. Bankr. P. 3002(a) (emphasis added).[13]  Bankruptcy Rule 3003(c) addresses filing a proof of claim in a Chapter 11 case: "(2) Who must file. Any creditor . . . whose claim . . . is not scheduled or scheduled as disputed, contingent, or unliquidated *shall* file a proof of claim. . . ." Fed. R. Bankr. P. 3003(c)(2) (emphasis added).[14]

The definition of "creditor" is an "entity that has a claim against the debtor that arose at the time of or before the [Petition Date]. . . ." 11 U.S.C. §101(10)(A). The Claimants are entities whose claims arose against the Debtors prepetition because they delivered goods to the Debtors within the 20 days prior to the Petition Date for which they were not paid. Accordingly, the Claimants are "creditors" within the meaning of the Bankruptcy Code. Rules 3002 and 3003 of the Federal Rules of Bankruptcy Procedure mandate that "creditors" must file a proof of claim to receive a distribution.     Therefore, Claimants, as prepetition "creditors", must file their § 503(b)(9) claim under § 501(a). Neither the Federal Rules of Bankruptcy Procedure nor the Bankruptcy Code provide § 503(b)(9) Claimants an exception to this rule. In fact, each Claimant in this case did file a proof of claim under § 501(a). If a "creditor" wishes to be granted an administrative priority under § 503(b)(9), then the creditor must, first, file a proof of claim under § 501, second, have the claim allowed under § 502, and then, third, request administrative expense priority under § 503(a).

---

[13]  None of the exceptions provided in Rules 1019(3), 3003, 3004, and 3005 of the Federal Rules of Bankruptcy Procedure are applicable to the Claimants.

[14]  The Claimants' Claims in this case were either not scheduled or were scheduled as disputed, contingent or unliquidated.

11

The Bankruptcy Court of the Eastern District of Michigan is one of the few courts that has specifically addressed the application of § 502(d) to §503(b)(9) claims. *See In re Plastech Engineered Products Inc.*, 394 B.R. 147 (Bankr. E.D. Mich. 2008). The *Plastech* court held that § 502(d) could not apply to § 503(b)(9) claims because there was nothing in the Bankruptcy Code that made § 503(b)(9) claims a "special class," that would distinguish them from other § 503(b) claims. *Id.* at 163-64. The *Plastech* court, though, ignored the fact that nothing in the Bankruptcy Code makes §§ 501, 502 and 503 mutually exclusive. A creditor may be required to seek allowance of its claim under both §§ 502 and 503. This is, in fact, what the Federal Rules of Bankruptcy Procedure require in cases of § 503(b)(9) claims.

Both *Durham* and *Ames* make clear that § 502(d) may only be used to disallow claims filed by creditors under § 501(a). Although Claimants may be entitled to administrative expense status under § 503(b)(9), they are also creditors within the meaning of § 101(10)(A) and, as such, were required to file a proof of claim under § 501(a) in accordance with Rules 3002 and 3003 of the Federal Rules of Bankruptcy Procedure. Therefore, consistent with *Durham* and *Ames*, § 502(d) may be applied to disallow the Claimants' Claims until the Claimants have paid into the estate any Preferential Transfers for which they may be held liable.

The goals of equitable distribution and efficiency support the conclusion that § 502(d) may be employed to temporarily disallow the Claimants' Claims. Section 547(c)(4) provides a creditor with a "new value" defense to a claim that the creditor received an avoidable Preferential Transfer. 11 U.S.C. § 547(c)(4). This defense allows a creditor "to offset preference payments through the extension of new value to the debtor so long as the debtor does not make an *otherwise unavoidable transfer* on account of the new value." *In re JKJ Chevrolet, Inc.*, 412 F.3d 545, 552 (4th Cir. 2005). The definition of "new value" includes "money or money's worth

in goods. . . ." 11 U.S.C. § 547(a)(2). It is very likely, therefore, that in many instances, a
Claimant will be both seeking an administrative expense payment for goods delivered in the 20
days prior to the Petition Date under § 503(b)(9) and using the delivery of those same goods as a
basis for the new value defense. If the Claimant succeeds in both instances, then the Claimant
will receive full payment on the § 503(b)(9) claim and the estate will be unable to get back the
value of any Preferential Transfer that was made. This would allow the Claimant to receive a
more favorable distribution to the detriment of other claimants in the case. Temporarily
disallowing the Claims and holding them in abeyance until the preference litigation takes place
would allow this Court to adjudicate these issues together and ensure that Claimants do not
receive windfalls to the detriment of other creditors.

## Conclusion

For the above reasons, the Court concludes that § 502(d) may be used to temporarily
disallow § 503(b)(9) claims. As the Fourth Circuit held in *Durham*, § 502(d) may be used to bar
claims filed under § 501. Rules 3002 and 3003 of the Federal Rules of Bankruptcy Procedure
mandate that all creditors must file proofs of claim pursuant to § 501(a). By definition,
§ 503(b)(9) claims arise within the 20 days prior to the Petition Date. This means that
Claimants, as holders of § 503(b)(9) claims, are creditors as defined in § 101(10)(A). As
creditors, Claimants must file a proof of claim under § 501(a). Therefore, § 502(d) may be used
to temporarily disallow the Claims filed under § 501(a) up to the amount of the alleged
Preferential Transfers.

A separate order shall be issued.

ENTERED: Jan 6 2010

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on docket: Jan 6 2010

13