Hearing Date: February 11, 2010 at 11:00 a.m.
Objection Deadline: February 9, 2010

VANDEVENTER BLACK LLP
Kevin A. Lake, Esq., Esquire
Eighth & Main Building
707 East Main Street, Suite 1700
P. O. Box 1558
Richmond, VA 23218-1558
Telephone: (804) 237-8800
Facsimile: (804) 237-8801

and

GREEN & SEIFTER, ATTORNEYS, PLLC
Robert K. Weiler, Esq., of counsel
One Lincoln Center
110 West Fayette Street, Suite 900
Syracuse, NY 13202
Telephone: (315) 422-1391
Facsimile:  (315) 423-2870

Counsel for United Radio, Inc.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---

| | |
|---|---|
| In re | Chapter 11 |
| CIRCUIT CITY STORES, INC. et al., | Case No.:  08-35653 |
| | Jointly Administered |
| Debtors. | |

---

**MOTION OF UNITED RADIO, INC. TO MODIFY
THE AUTOMATIC STAY OR FOR ABANDONMENT
AND
NOTICE OF MOTION AND NOTICE OF HEARING**

UNITED RADIO, INC. ("United Radio") by and through its attorneys Vandeventer

Black LLP respectfully represents:

  1.    United Radio submits this motion for an order seeking abandonment of

approximately 200 television sets held by United Radio or granting the alternative relief

described in this Motion.

2. United Radio is a New York corporation with offices at 5703 Enterprise Parkway, East Syracuse, New York 13057. Part of the business of United Radio is to perform warranty repairs on electrical devices including, without limitation, radios and television sets.

3. Circuit City Stores, Inc., et al. ("Circuit City") filed its bankruptcy case on November 10, 2008 (the "Petition Date").

4. Between the Petition Date and January 2009, the Circuit City's Bethlehem, Pennsylvania repair facility, which is referenced as ("Circuit City 045"), sent approximately 200 defective television sets (the "Television Sets") to United Radio for repair.

5. Circuit City closed Circuit City 045 in or about March of 2009. At that time, United Radio had repaired approximately 111 of the 200 Television Sets.

6. United Radio has attempted to return the Television Sets to Circuit City or otherwise obtain agreement as to the disposition of the Television Sets, but was unable to find any employee of Circuit City willing to address the issue.

7. United Radio retained New York counsel to contact counsel for Circuit City to arrange for the return or disposal of the Television Sets. New York counsel for United Radio has been informally advised by counsel for Circuit City that Circuit City claims no interest in any of these Television Sets and that they are not property of the estate.

8. United Radio has incurred over $27,000 in storage and administrative expenses with respect to the Television Sets and expects to incur additional expenses in disposing of these Television Sets.

9. United Radio wishes to sell or otherwise dispose of the Television Sets in accordance with New York law.

10. Although United Radio has received informal statements from counsel that the Circuit City estate has no interest in these television sets, United Radio is requesting an

order of this Court either abandoning the Television Sets, declaring that Circuit City has no interest in the Television Sets, or, in the alternative, modifying the automatic stay to permit United Radio to sell or otherwise dispose of the Television Sets and apply the proceeds of disposition to the expenses incurred by United Radio.

11. Upon information and belief, the Circuit City estate has no interest in the Television Sets and the Television Sets are not necessary for an effective reorganization.

WHEREFORE, United Radio requests an order:

(a) abandoning the Television Sets; or

(b) in the alternative:

(i) declaring that Circuit City has no interest in the Television Sets; or

(ii) modifying the automatic stay to permit United Radio to sell or otherwise dispose of the Television Sets and allowing United Radio to apply the proceeds of disposition toward United Radio's expenses; or

(iii) making the Television Sets available to Circuit City upon payment by Circuit City of the actual amount of storage costs incurred by United Radio.

## NOTICE OF MOTION AND NOTICE OF HEARING

**PLEASE TAKE NOTICE THAT** United Radio, Inc. has filed the above Motion in this case. *Your rights may be affected.* You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one). If you do not want the Court to grant the relief sought in the motion, or if you want the Court to consider your views, then on or before two (2) business days before the hearing referenced below that has been scheduled on the motion, you or your attorney must:

1. File with the Court, at the address shown below, a written response. If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above.

2. Your mailing should be directed to:

> William Redden, Clerk of the Court
> United States Bankruptcy Court
> 701 East Broad Street
> Suite 4000
> Richmond, VA 23219

3. You must also mail a copy to:

> Kevin A. Lake, Esquire
> Vandeventer Black LLP
> Eighth and Main Building
> 707 East Main Street, Suite 1700
> P.O. Box 1558
> Richmond, VA  23218-1158
>
> and
>
> Robert B. Van Arsdale, Trustee
> Office of the United States Trustee
> 701 East Broad Street, Suite 4304
> Richmond, VA 23219

4. You must also attend the hearing to consider the relief sought in addition to filing a written objection. If you fail to file timely a written response or to attend the hearing, the Court may consider any objection you may have waived and enter an Order granting the relief requested. This hearing is scheduled for February 11, 2010 at 11:00 a.m. at the United States Bankruptcy Court, 701 East Broad Street, Courtroom 5000, Richmond, VA 23219.

**PLEASE TAKE FURTHER NOTICE THAT** in accordance with the terms of the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 901301 Establishing Certain Notice, Case Management, and Administrative Procedures entered November 13, 2008, the notice and objection periods

stated therein will control and the notice provisions of Local Bankruptcy Rule 4001(a)-1 are

hereby waived.

VANDEVENTER BLACK LLP

By: /s/ Kevin A. Lake
    Kevin A. Lake, Esquire
Vandeventer Black LLP
Eighth & Main Building
7070 East Main Street
P. O. Box 1558
Richmond, VA 23218-1558
Telephone: (804) 237-8800
Facsimile: (804) 237-8801

and

GREEN & SEIFTER, ATTORNEYS, PLLC
Robert K. Weiler, Esq., of counsel
One Lincoln Center
110 West Fayette Street, Suite 900
Syracuse, NY 13202
Telephone: (315) 422-1391
Facsimile:  (315) 423-2870

Counsel for United Radio, Inc.

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 21, 2010, I caused to be served a copy
of the foregoing to all parties receiving notice via ECF and via ECF and/or email on
the following:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
P.O. Box 636
Wilmington, Delaware 19899-0636
*gregg.galardi@skadden.com*
*Ian.Fredericks@skadden.com*


Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606-7120
*chris.dickerson@skadden.com*

- 6 -

Douglas M. Foley
Dion W. Hayes
McGuireWoods, LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
Attorneys for Debtors
*dfoley@mcguirewoods.com*
*dhayes@mcguirewoods.com*

                                                              /s/ Kevin A. Lake
                                                              Kevin A. Lake

1320430_.DOC