UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

|  |  |  |
|---|---|---|
| | . | Case No. 08-35653(KRH) |
| IN RE: | . | |
| | . | U.S. Courthouse, Suite 4000 |
| | . | 701 East Broad Street |
| CIRCUIT CITY STORES, INC., | . | Richmond, VA  23219-1888 |
| | . | |
| Debtor. | . | December 21, 2009 |
| . . . . . . . . . . . . . . . | . | 10:07 a.m. |

TRANSCRIPT OF HEARING
BEFORE HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtors:            McGuireWoods, LLP
                            By:  DOUGLAS M. FOLEY, ESQ.
                                 SARAH B. BOEHM, ESQ.
                            World Trade Center
                            101 West Main Street, Suite 9000
                            Norfolk, VA  23510-1655

                            Skadden, Arps, Slate, Meagher and
                              Flom, LLP
                            By:  IAN S. FREDERICKS, ESQ.
                            One Rodney Square, P.O. Box 636
                            Wilmington, DE  19899

For OmniMount, Denon        Sands Anderson, Marks & Miller PC
Electric, Snell             By:  WILLIAM GRAY, ESQ.
Electric and Boston         801 East Main Street, Suite 1800
Acoustics:                  Richmond, VA  23218

Proceedings recorded by electronic sound recording, transcript
             produced by transcription service

_____

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail:  jjcourt@optonline.net

(609) 586-2311    Fax No. (609) 587-3599

APPEARANCES (CONT'D):

For LumiSource:              Williams Mullen
                             By:  ALEX BURNETT, ESQ.
                             James Center Two
                             1021 East Cary Street
                             Richmond, VA  23219

For Export Development       Fullerton and Knowles, PC
Canada:                      By:  RICHARD HUTSON, ESQ.
                             12642 Chapel Road
                             Clifton, VA  20124

For Jack Hernandez and       Righetti Law Firm
Robert Gentry:               By:  JOHN GULGOSKI, ESQ.
                             456 Montgomery Street, Suite 1400
                             San Francisco, CA  94104

                             Ashley Isaac, pro se


                             - - -


                    **J&J COURT TRANSCRIBERS, INC.**

1          THE COURT DEPUTY:  All rise.  The United States

2    Bankruptcy Court for the Eastern District of Virginia is now in

3    session.  The Honorable Kevin R. Huennekens presiding.  Please

4    be seated and come to order.

5          THE CLERK:  In the matter of Circuit City Stores,

6    Incorporated, hearing on Items 1 through 30 as set out on

7    debtor's proposed agenda.

8          MR. FOLEY:  Good morning, Your Honor, Doug Foley with

9    McGuireWoods on behalf of the debtors.  With me --

10          THE COURT:  Good morning.

11          MR. FOLEY:  Good morning.  With me today at counsel

12    table is Sarah Boehm from my firm, and from the company today

13    is Michelle Mosier, who is the principal financial officer.

14    Your Honor, we have 30 items on the agenda today plus one

15    matter we'd like to bring up at the end of the agenda which

16    we'd like the Court to consider.  As Your Honor can tell, most

17    of the matters are being adjourned.  But, just to go through

18    them briefly, there's a couple matters we do need the Court to

19    address.

20          With respect to matter Number 1, this is Waste

21    Management's motion for allowance of late claim.  We have

22    resolved the matter.  In fact, the Court has actually entered

23    an order resolving the matter.  We incorrectly noted that it

24    has been withdrawn.  It actually will be withdrawn once the

25    appeal period expires with respect to the order.  So, that one

1  will eventually come off of the Court's docket.  With respect

2  to Item Number 2, Your Honor, this is our longstanding motion

3  to deal with equity and claims trading.  We've been carrying

4  that along with the confirmation hearing.  And as Your Honor

5  will see when we get to Item Number 24, at the current point in

6  time, the parties, the committee and the debtors, have agreed

7  to adjourn the hearing on confirmation until January the 28th.

8  So, with respect to Item Number 2, we would like to carry that

9  along with the confirmation hearing date and have that motion

10  heard to the extent confirmation goes forward on the 28th -- on

11  January 28th at 11.

12        THE COURT:  All right, it will be adjourned.

13        MR. FOLEY:  Your Honor, similarly Items Number 3 and

14  4, these are the motions by Motorola and General Instruction

15  with respect to the 503(b) claims.  They have requested and we

16  have agreed to adjourn their motions until January 28th at 11.

17        THE COURT:  All right, they'll be adjourned.

18        MR. FOLEY:  Your Honor, similarly Item Number 3, this

19  is Sony's motion.  We are actually still trying to reconcile

20  with them and we believe we will ultimately reach a resolution.

21  But, at this point, they are prepared to continue their motion

22  until the January 28th hearing date at 11.

23        THE COURT:  All right, that will be adjourned as

24  well.

25        MR. FOLEY:  Your Honor, Items Number 6, which is the

1  Chalifoux motion, seven, which is the Sennheiser motion, Matter

2  Number 9, which is the Vertis motion, Matter Number 10, which

3  is the Towne Square motion, Matter Number 13, which is the

4  Miner Fleet motion, Matter Number 14, which is the Ashley

5  Isaac's motion, all of those motions, Your Honor, we've been

6  carrying along with the confirmation hearing date as they

7  involve requests for allowance of a late filed claim of some

8  priority or another.  I believe Ms. Isaac's maybe on the phone,

9  but all of the other parties have agreed to adjourn their

10 motions until the January 28th hearing date at 11.

11           THE COURT:  All right.  Which is the one that

12 concerns Ms. Isaac?

13           MR. FOLEY:  Hers is Item Number 14.  And we spoke to

14 her last week and told her what we were doing with respect to

15 the late claim motions, and she had agreed at that time to

16 adjourn it.  But, at the time we filed the agenda, it was noted

17 as being adjourned until January 28th, but then she called back

18 saying that she wanted to call in and be heard.  I don't know

19 if she's on the phone or not.

20           THE COURT:  All right.  Is Ms. Isaac on the phone?

21           MS. ISAAC:  Yes, Your Honor, I am.

22           THE COURT:  Do you wish to be heard with regard to

23 her motion?  The proposal that has been made in the courtroom

24 is to adjourn this matter to the 28th of January.

25           MS. ISAAC:  Yes, Your Honor, I've decided to go ahead

6

1  and adjourn it as well.

2         THE COURT:  Okay.  So, you'd like to continue it to

3  the 28th of January?

4         MS. ISAAC:  Yes, Your Honor.

5         THE COURT:  Okay, that's what will happen then.

6  Thank you, Ms. Isaac.

7         MS. ISAAC:  Thank you, Your Honor.

8         THE COURT:  All right, Mr. Foley, you may proceed.

9         MR. FOLEY:  Thank you, Your Honor.  Item Number 8,

10  Your Honor, which is the SouthPeak motion, we're very close to

11  a settlement with them.  They have requested and we've agreed

12  to adjourn their motion until the January 28th hearing date at

13  11.

14         THE COURT:  All right.

15         MR. FOLEY:  Your Honor, Items Number 11, 12, these

16  are motions by Slam Brands and Columbus Dispatch for

17  administrative claims.  They have both requested and agreed.

18  We're working with them to try to resolve their claims until

19  the January 28th hearing date at 11.

20         THE COURT:  All right, those will be carried over to

21  the 28th as well.

22         MR. FOLEY:  Your Honor, Item Number 15, this is the

23  OmniMount motion which has two parts to it.  One is to get

24  relief from an order that's already been entered as well as an

25  allowance of a 503(b)(9) claim.  Mr. Gray is here in court

**J&J COURT TRANSCRIBERS, INC.**

1  today.  They've agreed to carry their motion over to the

2  January 28th hearing date at 11.  We are in settlement

3  discussions with them and we hope that we will be able to reach

4  a resolution prior to that date.

5           THE COURT:  All right.  Mr. Gray?

6           MR. GRAY:  Good morning, Your Honor, William Gray for

7  OmniMount.  That's correct, we will agree to put it over and

8  continue our settlement negotiations.

9           THE COURT:  All right, very good.

10          MR. GRAY:  Thank you.

11          THE COURT:  That will be continued to the 28th.

12          MR. FOLEY:  Your Honor, Item Number 16 is our motion

13  with respect to Safeco and Bonds.  We are working with Safeco

14  as well as the customs and border protection objection, trying

15  to resolve those and see if we can't come to some kind of an

16  agreement.  At this time, we're not prepared to go forward with

17  that motion.  We'd ask the Court to adjourn it until the

18  January 28th hearing date at 11.

19          THE COURT:  All right, it will be adjourned to the

20  28th.

21          MR. FOLEY:  Your Honor, Item Number 17 and 18 are the

22  Marblegate motions.  We are very close to a resolution with

23  them.  At this time, they are only prepared to adjourn their

24  motions until the January 14th date at 2:00 p.m.  So, we would

25  ask the Court to carry them over until that date.

1            THE COURT:  All right, those two matters will be

2    carried over to the 14th of January.

3            MR. FOLEY:  Your Honor, Item Number 19, this is the

4    motion by Booth for relief from the automatic stay.  This

5    involves an alleged personal injury tort claim.  And we have

6    been in discussions with Booth regarding a resolution actually

7    of the underlying claim.  They have agreed to adjourn the

8    preliminary hearing on their motion for relief from stay until

9    the January 28th hearing date at 11.

10           THE COURT:  All right, the preliminary hearing will

11   be rescheduled for the 28th of January.

12           MR. FOLEY:  Your Honor, Item Number 20 is the Ryan

13   motion to compel assumption of an agreement.  We are

14   discussions with them about trying to get them to withdraw that

15   motion and have the matter dealt with as part of plan

16   confirmation and the plan exhibits.  There are two relating to

17   assumption or rejection of executory contracts.  And they are

18   considering withdrawing this motion, but they're not prepared

19   to do that as of today.  But, they have agreed to adjourn their

20   motion until the January 28th hearing date at 11.

21           THE COURT:  All right, it will be adjourned to the

22   28th.

23           MR. FOLEY:  Your Honor, Item Number 21, Your Honor,

24   is our procedural motion to further extend the time period in

25   which the debtors may remove actions under 28 U.S.C. Section

1   1452 and Federal Rule of Bankruptcy Procedure 9027.  Your

2   Honor, the new dates that we're asking for in the order are the

3   later of April 5th, 2010 or 30 days after entry of an order

4   terminating the automatic stay with respect to any particular

5   action sought to be removed.  There has been no responses or

6   objections to the motion and we would ask the Court to enter an

7   order approving it.

8           THE COURT:  Does any party wish to be heard in

9   connection with the debtor's motion?

10                      (No verbal response)

11          THE COURT:  All right.  Mr. Foley, there being no

12  objection, the Court will grant the motion.

13          MR. FOLEY:  Thank you, Your Honor.  If we could skip

14  over Item Number 22 for just a moment, Your Honor, this is the

15  status of the EEC matter and the discovery issues and go

16  through the other items for now?

17          THE COURT:  You may.

18          MR. FOLEY:  Item Number 23, Your Honor, is the Wind

19  Down Incentive Program.  The only party left with respect to

20  that motion, which Your Honor recall from earlier this year, is

21  Jim Marcum, the CEO.  Your Honor, we are in discussions and

22  negotiations with the committee and we hope that approval of

23  his compensation in this regard will be consensual.  But, in

24  either event, it will be heard on January 14th at two, so we

25  would ask the Court to carry the matter over until that date

1 and time.

2          THE COURT:  All right, the matter will be adjourned

3 to the 14th of January.  And you say you will be going forward

4 with that then?

5          MR. FOLEY:  Yes, Your Honor.

6          THE COURT:  Whether it's consensual or whether it's

7 not?

8          MR. FOLEY:  Correct, Your Honor.

9          THE COURT:  All right.

10          MR. FOLEY:  Item Number 24, Your Honor, this is again

11 the plan confirmation which we've already filed a notice and

12 served adjourning the confirmation hearing date on the joint

13 plan between the committee and the debtors until January 28th

14 at 11.

15          THE COURT:  All right, and that will be adjourned to

16 the 28th.

17          MR. FOLEY:  Similarly, Your Honor, Items Number 25

18 and 26, these are the motions by Pioneer and Samsung under Rule

19 3020 for a deposit relating to confirmation of the plan.  They

20 have agreed and we will list it on the agenda prior to the

21 confirmation hearing obviously.  As long as it was so listed,

22 they have agreed to carry both of those motions over until the

23 hearing on confirmation, which is currently scheduled for

24 January 28th at 11.

25          THE COURT:  They will be continued to the 28th.

**J&J COURT TRANSCRIBERS, INC.**

1          MR. FOLEY:  Your Honor, if we could skip Items Number

2  28 and 29?  This is the status hearing on the 19th omnibus

3  objection and the 33rd omnibus objection.

4          THE COURT:  What did we do with Item Number 27?

5          MR. FOLEY:  Twenty-seven, Your Honor, Ms. Boehm is

6  going to address that shortly.

7          THE COURT:  Okay, so we're skipping that over.

8          MR. FOLEY:  If we could, Your Honor?

9          THE COURT:  Okay.

10         MR. FOLEY:  Item Number 28 and 29, again these are

11 the 19th and 33rd omnibus objections to reclassify certain

12 claims.  On Friday evening, Your Honor, we filed a motion for

13 partial summary judgment with respect to several claimants

14 included in those omnibus objections that are asserting

15 administrative priority status relating to reclamation claims

16 for goods that they allegedly delivered between Days 21 and 45

17 prior to the petition date.  The threshold legal issue that

18 we're going to ask the Court to rule on on January 14th at 2:00

19 p.m. is the issue of whether or not there is an ability to

20 grant administrative claim status for reclamation claim or

21 goods that were delivered between Days 21 and 45 prior to the

22 petition date based upon changes to the statute in BAPCPA in

23 2005 and the elimination of certain language in the code and

24 the replacement with 503(b)(9).

25         We have been in discussions with all of the claimants

J&J COURT TRANSCRIBERS, INC.

1  that have made the assertion.  They're still entitled to

2  administrative (indiscernible) for that period and we're

3  working on consensual briefing schedules.  The parties -- some

4  of the parties have agreed to file their responsive pleadings

5  to the summary judgment motion we filed on Friday by January

6  11th.  We'll file our reply by January 13th and we'll go

7  forward with legal argument only on January 14th only as to

8  those claimants who have asserted this administrative status

9  for goods delivered in this time period.  And I believe Mr.

10 Gray is here.  He represents several of them, and so does other

11 counsel.

12          THE COURT:  All right.  Mr. Gray?

13          MR. GRAY:  Yes.  Good morning, again, Your Honor.

14 William Gray for Denin Electric, Snell Electric and Boston

15 Acoustics.  Denon and Snell on the 19th, Boston is in the 33rd.

16 I talked to Mr. Foley and I have no problem with what he said,

17 the procedures being set up here.

18          THE COURT:  All right, very good.  So, you'll be

19 prepared to argue this on the 14th?

20          MR. GRAY:  Or settle it, yes, Your Honor.

21          THE COURT:  All right.  Yes, sir?

22          MR. BURNETT:  Good morning, Your Honor, Alex Burnett

23 on behalf of LumiSource.  We're in the 19th objection.  We've

24 just received the motion for summary judgment when it was filed

25 last week and we're taking a look at it.  I don't think we have

13

1 any problem with the schedule that counsel has proposed.

2             THE COURT:  All right, very good.

3             MR. BURNETT:   Thank you.

4             THE COURT:   Does any other party wish to be heard in

5 connection with either Item Number 28 or 29 on the Court's

6 docket?

7             MR. FOLEY:  Your Honor, we've been in contact with

8 Paramount, which is the largest claimant in this category, and

9 they're represented by Klee, Tuchin and Bill Broscious locally,

10 and they're familiar and agreeable to the schedule as well.

11            THE COURT:  All right, very good.

12            MR. FOLEY:  And we're also dealing with some

13 discovery issues with them as well.

14            THE COURT:  All right.  So, these two matters we

15 carried over to the 14th.

16            MR. FOLEY:  Yes, Your Honor.

17            THE COURT:  All right.

18            MR. FOLEY:  Your Honor, with respect to Items -- I

19 guess that leaves the EDC matter, which is Item Number 22.

20 Your Honor is aware that one is scheduled to go forward on

21 their motion for allowance of a late filed 503(b)(9) claim, and

22 we have some discovery outstanding.  At the last hearing, Your

23 Honor ordered the production of two documents to chambers to

24 review in camera for a decision as to whether or not those

25 documents can or should be produced to the debtors under a

1  protective order to protect any confidential information that

2  may exist in there.  I believe those two documents were the

3  actual insurance contract itself as well as the application for

4  payment submitted by Techcraft to EDC calling on payment under

5  the insurance contract.  And I don't know if the Court has many

6  any decision with respect to review of those documents.

7          THE COURT:  The Court has reviewed the documents.  Is

8  counsel for Export Development Canada here?

9          MR. HUTSON:  Yes, Your Honor.  Good morning, Your

10 Honor, Richard Hutson on behalf of Export Development Canada.

11 Mr. Clifford is not able to join us on the phone today.  So,

12 I'll be arguing on that.

13         THE COURT:  All right.  Now, the Court -- I think the

14 documents have been submitted to the Court under seal.  If

15 we're going to talk specifically about the documents, it would

16 be appropriate to close the courtroom and discuss specifically

17 the documents themselves.  And, Mr. Foley, you've not seen the

18 documents, but if we're going to discuss them I think that the

19 record should be sealed with regard to them.  So, do you want

20 to take up this matter last or do you want to take it up now?

21         MR. FOLEY:  Under the circumstances, Your Honor, I

22 think it makes sense to take it up last.

23         THE COURT:  Okay.  So, we'll take this up last.

24         MR. HUTSON:  Thank you.

25         THE COURT:  All right.


**J&J COURT TRANSCRIBERS, INC.**

1          MR. FOLEY:  Your Honor, other than that matter, that

2   leaves Items Number 29, which is our 61st omnibus objection,

3   Items Number 60 -- I'm sorry, 30, which is our 60th omnibus

4   objection.  And then one matter that Ms. Boehm will be

5   addressing for the Court is a proposed amendment to the case

6   management order that we would like the Court to consider and

7   enter to take effect on January 1st taking into account the new

8   rules on timing of days.

9          THE COURT:  All right, very good.

10          MS. BOEHM:  Good morning, Your Honor, Sarah Boehm on

11   behalf of the debtors.  Item 27 on the agenda is the debtor's

12   16st omnibus objection, which sought the reclassification of

13   certain alleged 503(b)(9) claims to general unsecured

14   nonpriority claims.  This objection included two claims for

15   approximately $180,000 and there were no responses filed.  So,

16   we will be submitting an order seeking the reclassification of

17   those claims as set forth in the objection.

18          THE COURT:  All right, that motion will be granted.

19          MS. BOEHM:  Item 30 on the agenda is the debtor's

20   60th omnibus objection to claims.  This sought the disallowance

21   of certain no liability legal claims, no liability

22   miscellaneous claims and no liability subcontractor claims.  It

23   included 48 claims for approximately $40 million.  We did

24   receive ten responses which we will seek to adjourn the status

25   hearing to February 24th at two o'clock.  And for any

1  unresponding claimants, we will propose to submit an order

2  disallowing those claims as set forth in the objection.

3        THE COURT:  All right.  And then the hearing on the

4  24th of February will be a status conference?

5        MS. BOEHM:  Status conference, yes.

6        THE COURT:  All right, very good.  That motion --

7        MR. GLUGOSKI:  Your Honor, if I maybe heard?  I just

8  want to make sure -- this is John Glugoski from Righetti Law

9  Firm on behalf of creditor Jack Hernandez and Robert Gentry as

10 to the 60th objection.  We had filed an objection and I just

11 wanted to make sure that that was noted on the record.

12       THE COURT:  So, you're one of the ten that's being

13 carried over?

14       MR. GLUGOSKI:  I believe -- we should be.

15       THE COURT:  Okay, let me -- Ms. Boehm, is that

16 correct?

17       MS. BOEHM:  That's correct, Your Honor.  They are

18 reflected on Exhibit A to the agenda as being adjourned to

19 February 24th.

20       MR. GLUGOSKI:  And that's what time again?

21       MS. BOEHM:  Two o'clock.

22       MR. GLUGOSKI:  Okay.

23       THE COURT:  Does any other party wish to be heard in

24 connection with Item Number 30 on the Court's agenda, the

25 debtor's 60th omnibus objection?

**J&J COURT TRANSCRIBERS, INC.**

1                    (No verbal response)

2              THE COURT:  All right, Ms. Boehm, that motion will be

3   granted.

4              MS. BOEHM:  Thank you, Your Honor.  The last item I'd

5   like to address that Mr. Foley referenced is a supplemental

6   order regarding our case management and administrative

7   procedures.  There was an order entered on the first day of the

8   case that governed when motions are to be filed, setting them

9   on omnibus hearing, when a response is to be filed.  Due to the

10  amended rules that went into effect on December 1st, our order

11  has slightly different dates in it.  And in order to avoid

12  confusion with the clerk's office and with other parties, we

13  have proposed amended procedures that comports with the new

14  rules.  Basically, instead of submitting things on ten and 20

15  days prior to omni hearing, it will now be 14 and 21 days with

16  the corresponding calendar day response period as opposed to

17  the business days.

18             THE COURT:  All right.  And what kind of notice are

19  you going to be giving to parties in interest in this case of

20  that change?

21             MS. BOEHM:  What we'll do is once the order is

22  entered, I think our procedures say that we will serve the new

23  procedures on the core service list, the 2002 list, file --

24  obviously the order will be filed with the new procedure and it

25  will be posted on KCC with the new procedures.  And to the

1  extent anybody files anything that's not in compliance with

2  that, we'll do what we've always done which is just call them

3  and ask them to either re-notice it or correct it and send them

4  the procedures.

5        THE COURT:  All right, very good.  That satisfies the

6  Court's concerns along those lines and the Court will look

7  forward to seeing your order.

8        MS. BOEHM:  Thank you, Your Honor.

9        THE COURT:  All right.  Mr. Foley?

10        MR. FOLEY:  Your Honor, one matter that we can take

11  up with EDC on the record before we close the record is one

12  item that they provided to us was a privilege log relating to

13  certain email communication.  Ad I have a copy of it -- counsel

14  has a copy of it as well -- that I would like to hand up to the

15  Court to consider.  The privilege log lists 14 items, 14

16  documents, and it identifies certain authors and it identifies

17  certain recipients.  But, it's unclear to us -- other than

18  obviously Ms. Joanne Keech-Barker who is the affiant to their

19  motion -- whether any of these -- which of these if any of

20  these employees are employees of EDC or whether some of them

21  maybe employees of Techcraft, the insured, or whether they

22  might be employees of the law firm, Blakeley and Blakeley.

23        The privileged claimed is mostly the Canadian Export

24  Development Act.  There is one claiming the attorney-client

25  privilege.  Our concern, Your Honor, is only to get at this

1  point any email communications between Techcraft, the insured,

2  and EDC, the insurer, relating to Circuit City from the time

3  period of the petition date, December 10th, until the 503(b)(9)

4  bar date, which was December 19th.  And to the extent that

5  there any such responsive email communications in this list,

6  which we can't tell, we would ask that the Court overrule the

7  privilege claim and require that those email communications be

8  produced.

9          THE COURT:  So, the concern that you have -- because

10  you've got the date of the document in here, so you know the

11  dates of the various emails.  The concern is whether or not

12  these emails were from Techcraft to the insurer?

13          MR. FOLEY:  Yes.

14          THE COURT:  And whether or not they concern Circuit

15  City?

16          MR. FOLEY:  Right, and the bar --

17          THE COURT:  Those are the two issues.

18          MR. FOLEY:  And the bar date, right, exactly.

19          THE COURT:  Okay.

20          MR. HUTSON:  Good morning again, Your Honor.  Your

21  Honor, we --

22          THE COURT:  If you would just identify yourself once

23  again.  We just need it for the record so --

24          MR. HUTSON:  Richard Hutson on behalf of Export

25  Development Canada.

**J&J COURT TRANSCRIBERS, INC.**

1        THE COURT:  Thank you.

2        MR. HUTSON:  Sorry, Your Honor.  Your Honor, we do

3  believe that these emails are protected by the Export

4  Development Act.  However, if Your Honor believes that they

5  still should be produced, we ask that we narrow the scope to

6  exactly as Mr. Foley identifies specifically between the bar

7  date and the petition date, as well as specifically to

8  correspondence referring to the Circuit City case as well.  And

9  in addition to that, we'd ask that if we are requested to

10 produce these documents that they be produced under a

11 protective order as well to protect any correspondence that

12 maybe referenced with regard to any other of Export's clients.

13       THE COURT:  All right, so, you don't have any problem

14 as long as there's a protective order in place that would --

15 producing any of the email that would be from Techcraft to the

16 insurer that concerned Circuit City within the specific time

17 frame?

18       MR. HUTSON:  That's correct, Your Honor.

19       THE COURT:  All right.

20       MR. HUTSON:  And the protective order would protect

21 if there's any references at all to any other of Export's

22 clients in those correspondence at all that somehow are mixed

23 in there.

24       THE COURT:  And the protective order would just say

25 that that remains privileged --

1          MR. HUTSON:  Remains privileged.

2          THE COURT:  -- and that nobody can use it without the

3   Court's --

4          MR. HUTSON:  Exactly right, in case there's any

5   references.

6          THE COURT:  Okay.  Mr. Foley, is that acceptable to

7   the debtor?

8          MR. FOLEY:  Absolutely.  That's fine, Your Honor.

9   And obviously the protective order, to the extent whatever Your

10  Honor rules with respect to the other two documents that we're

11  going to go in camera on, the same protection would apply to

12  whatever documents they produce here.

13         THE COURT:  All right.  So, that's what the Court

14  will order then, that it be produced subject to the protective

15  order as counsel has stated on the record.

16         MR. HUTSON:  And just to clarify, Your Honor, and now

17  the -- to a narrowed scope between the petition date and the

18  bar date.

19         THE COURT:  Yes, that's what I'm saying.  That's what

20  both of you said and that's what I'm order.  Okay?

21         MR. HUTSON:  Thank you, Your Honor.

22         THE COURT:  So, that takes us up to the very last

23  item, which then is going to be the sealed document?

24         MR. FOLEY:  Yes, Your Honor.

25         THE COURT:  All right.  So, then I would ask all

1 parties then other than the debtor and Export Development

2 Canada to please the courtroom and ask the court security

3 officer to seal the courtroom so that we can take this matter

4 up.

5         MR. FREDERICKS:  Your Honor, this is Ian Fredericks

6 of Skadden Arps.  I just -- Your Honor may want to drop the

7 line as well, which I'm certainly fine having done.

8         THE COURT:  Yes, we're going to do that next, but

9 thank you very much.  Is there anybody that's on the line

10 specifically with Export Development Canada?

11                   (No verbal response)

12         THE COURT:  Okay, very good.  So, I'm going to close

13 the telephone line at this point.  All right.  So, the call has

14 been dropped?

15         THE CLERK:  Yes.

16         THE COURT:  All right.

17                   (In camera hearing begins)

18                   * * * * *

19

20

21

22

23

24

25

# C E R T I F I C A T I O N

I, CARLA M. OAKLEY, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.


/s/ Carla M. Oakley

CARLA M. OAKLEY

J&J COURT TRANSCRIBERS, INC.            DATE:  January 24, 2010

**J&J COURT TRANSCRIBERS, INC.**