Gregg M. Galardi, Esq.                  Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                 Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &         MCGUIREWOODS LLP
FLOM, LLP                               One James Center
One Rodney Square                       901 E. Cary Street
PO Box 636                              Richmond, Virginia 23219
Wilmington, Delaware 19899-0636         (804) 775-1000
(302) 651-3000

                    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
              Debtors.        :    Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' OBJECTION TO MOTION OF APEX DIGITAL, INC. AND
THQ, INC. FOR RECONSIDERATION OF COURT'S ORDER ON
DEBTORS' FIFTY-FIRST AND FIFTY-SECOND OMNIBUS OBJECTIONS**

          The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors")[1]

---

[1]       The Debtors and the last four digits of their respective
          taxpayer identification numbers are as follows: Circuit City
                                                  *(cont'd)*

hereby submit this objection (the "Objection") to the

Motion of Apex Digital, Inc. and THQ, Inc. for

Reconsideration of Court's Order on Debtors' Fifty-First

and Fifty-Second Omnibus Objections (the

"Reconsideration Motion").  In support of the Objection,

the Debtors respectfully represent as follows:

**BACKGROUND**

**A.    The Omnibus Objections, The Related Pleadings, And
       The Hearing.**

1.    On October 13, 2009, the Debtors filed

their fifty-first and fifty-second omnibus objections to

claims (D.I.s 5214 & 5216; the "Omnibus Objections").

On that same date, the Debtors also filed briefs in

support of the Omnibus Objections (D.I.s 5215 & 5217;

the "Briefs").  By the Omnibus Objections and related

_____

*(cont'd from previous page)*

> Stores, Inc. (3875), Circuit City Stores West Coast, Inc.
> (0785), InterTAN, Inc. (0875), Ventoux International, Inc.
> (1838), Circuit City Purchasing Company, LLC (5170), CC
> Aviation, LLC (0841), CC Distribution Company of Virginia, Inc.
> (2821), Circuit City Properties, LLC (3353), Kinzer Technology,
> LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco
> Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS,
> Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
> Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and
> Circuit City Stores PR, LLC (5512).  The address for Circuit
> City Stores West Coast, Inc. is 9250 Sheridan Boulevard,
> Westminster, Colorado 80031.  For all other Debtors, the
> address was 9950 Mayland Drive, Richmond, Virginia 23233 and
> currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

Briefs, the Debtors sought to temporarily disallow certain 503(b)(9) claims using section 502(d) of title 11, United States Code (the "Bankruptcy Code").

2. Thereafter, various creditors, including Apex Digital, Inc. and THQ, Inc. (the "Movants"), filed responses to the Omnibus Objections (collectively, the "Responses") asserting that the Omnibus Objections should be overruled on various procedural and substantive grounds.[2]

---

[2] See Response of Samsung America Inc. to Debtors' Fifty-First Omnibus Objection to Claims (D.I. 5411); PNY Technologies, Inc.'s Response to Debtors Fifty-First Omnibus Objection to Claims (D.I. 5416); Response of Onkyo USA Corporation in Opposition to Debtors' Fifty-First Omnibus Objection to Claims (D.I. 5447); Mitsubishi Digital Electronics America, Inc.'s Response to Debtor's Fifty-First Omnibus Objection to Claims (D.I. 5454); Response of Digital Innovations, LLC on Behalf of VonWin Capital Management, LP to Debtors' Fifty-First Omnibus Objection to Claims (D.I. 5470); Response of Longacre Opportunity Fund, L.P. to Debtors' Fifty-First Omnibus Objection to Claims (D.I. 5472); Envision Peripherals, Inc.'s Memorandum of Law in Opposition to Debtors' Fifty-First Omnibus Objection to Claims (D.I. 5475); Response and Joinder of JVC Americas Corp. and JVC Company of America to Debtors' Fifty-First Omnibus Objection to Claims (D.I. 5479); Response of Olympus Corporation and Olympus Imaging America, Inc. to Debtors' (I) Fifty-First Omnibus Objection to Claims (D.I. 5529); Response of Hauppage Computer Works, Inc. to Debtors' Fifty-First Omnibus Objection to Claims (D.I. 5530); Response of United States Debt Recovery, LLC to Debtor's Fifty-First Omnibus Objection to Claims (D.I. 5535); Response and Objection of Midland Radio Corporation to Debtors' Fifty-First Omnibus Objection to Claims (D.I. 5537); Response and Objection of Bethesda Softworks LLCto Debtors' Fifty-First Omnibus Objection to Claims (D.I. 5539); Response of TeleDynamics LLP in Opposition to Debtors' Fifty-First Omnibus Objection to Claims (D.I. 5610); Metra Electronics Corporation's Opposition to Debtor's Fifty-First Omnibus Objection to Claims (D.I. 5487);

*(cont'd)*

3.   On November 10, 2009, the Debtors' filed
their omnibus reply briefs to the Responses (D.I. 5621
and 5622; together, the "Omnibus Replies").

4.   Thereafter, on November 12, 2009, this
Court held a hearing (the "Hearing") to consider, in

_____
*(cont'd from previous page)*

Response of Sima Products Corp. to Debtors' Fifty-First Omnibus
Objection to Claims (D.I. 5491); Joint Response of THQ, Inc. and
Apex Digital, Inc. to Debtors' Fifty-First Omnibus Objection to
Claims (D.I. 5497); Tamrac, Inc.'s Opposition to Debtor's Fifty-
First Omnibus Objection (D.I. 5498); Response of Nyko
Technologies, Inc. to Debtors' Fifty-First Omnibus Objection to
Claims (D.I. 5499); Response of SouthPeak Interactive, LLC to
Debtors' Fifty-First Omnibus Objection to Claims (D.I. 5502);
Bush Industries Inc.'s Response and Joinder Regarding Debtors'
Fifty-First Omnibus Objection to Claims (D.I. 5505); Joinder of
Vonage Marketing LLC to the Responses Filed by SouthPeak
Interactive, LLC and Nyko Technologies, Inc to Debtors' Fifty-
First Omnibus Objection to Claims (D.I. 5506); Omnibus Response
of Vonwin Capital Management, L.P. to Debtors' Forty-Eighth,
Forty-Ninth, Fiftieth and Fifty-First Omnibus Objections (D.I.
5509); Response in Opposition of BISSELL Homecare, Inc. to
Debtors' Fifty-First Omnibus Objection to Claims (D.I. 5511);
Cokem International, Inc.'s Response to the Debtor's Fifty-First
Omnibus Objection (D.I. 5515); Response of Paramount Home
Entertainment Inc. to Debtors' Fifty-Second Omnibus Objection to
Claims (D.I. 5434); Response of SanDisk Corporation to Debtors'
(I) Fifty-Second Omnibus Objection to Claims (D.I. 5449); Pioneer
Electronics' Response to Debtors' Fifty-Second Omnibus Objection
to Claims (D.I. 5464); LG Electronics USA, Inc.'s Memorandum of
Law in Opposition to Debtors' Fifty-Second Omnibus Objection to
Claims (D.I. 5489); Response of Toshiba America Consumer
Products,L.L.C. to Debtors' Fifty-Second Omnibus Objection to
Claims (D.I. 5495); Response of Samsung Electronics America, Inc.
to Debtors' Fifty-Second Omnibus Objection to Claims (D.I. 5496);
Samsung Electronics America, Inc.'s Memorandum of Law in
Opposition to Debtors' Fifty-Second Omnibus Objection to Claims
(D.I. 5500); Twentieth Century Fox Home Entertainment LLC's
Response in Opposition to Debtors' Fifty-Second Omnibus Objection
to Claims (D.I. 5504); Response of Take Two Interactive Software,
Inc. to Debtors' Fifty-Second Omnibus Objection to Claims (D.I.
5583).

part, the relief requested by the Debtors in the Omnibus

Objections and heard oral argument from counsel to

various creditors, including counsel to the Movants.  At

the conclusion of the Hearing, this Court took the

Omnibus Objections under advisement.

**B.    The Supplemental Response.**

5.    Following the Hearing, on November 13,

2009, the Movants filed, without leave of court, the

Supplemental Response of Apex Digital, Inc. and THQ, Inc.

to Debtors' Fifty-First Omnibus Objection to Certain

503(b)(9) Claims (D.I. 5666; the "Supplemental

Response").

6.    In the Supplemental Response, the Movants

asserted that the Debtors presented a new argument for

the first time at the Hearing, which argument the

respondents had not had an opportunity to brief.  See

Supplemental Response, at ¶ 1.  Thus, the balance of the

Supplemental Response addressed the Debtors' "wholly

unfounded" contention that the that holders of section

503(b)(9) administrative claims were creditors required

to file proofs of claim.  Id. at ¶ 3.

**C.     The Memorandum Opinion and Order.**

7.     On January 6, 2010, the Court issued its Memorandum Opinion and Order on the Omnibus Objections (D.I. 6228 & 6228-1; the "Opinion").  In the Opinion, the Court held that Bankruptcy Code section 502(d) may be invoked to temporarily disallow an administrative claim asserted under section 503(b)(9).  In reaching this holding, the Court concluded that a claimant asserting a section 503(b)(9) must file a proof of claim under section 501 in order to have such claim allowed as an administrative expense under section 503(b)(9).  See Opinion, at 12 ("Although Claimants may be entitled to administrative expense status under § 503(b)(9), they are also creditors within the meaning of § 101(10)(A) and, as such, were required to file a proof of claim under § 501(a) in accordance with Rules 3002 and 3003 of the Federal Rules of Bankruptcy Procedure.").

**D.     The Reconsideration Motion.**

8.     On January 13, 2010, the Movants filed the Reconsideration Motion.[3]  As the basis for the relief

---

[3]   Various other Respondents have joined in the Reconsideration Motion.  See Joinder of Paramount Home Entertainment Inc. to
*(cont'd)*

requested, the Movants contend that the Court did not

consider their Supplemental Response in rendering its

judgment.  Reconsideration Motion at ¶ 1 (citing

footnote 5 of the Opinion, and stating that because the

Supplemental Response was not listed, it was "not among

the pleadings considered by the Court").  Thus, the

Movants apparently contend that this Court was required

to review the Supplemental Response and if it does so,

it will reconsider the Opinion and Order and rule that

section 502(d) cannot be used to temporarily disallow

claims asserted under section 503(b)(9).  Id. at ¶¶ 2-6.

_____

*(cont'd from previous page)*

    Motion of Apex Digital, Inc. and THQ, Inc. for Reconsideration of
Court's Order on Debtors' Fifty-First and Fifty-Second Omnibus
Objections (D.I. 6323); PNY Technologies, Inc.'s Joinder to
Motion of Apex Digital, Inc. and THQ, Inc. for Reconsideration of
Court's Order on Debtors' Fifty-First and Fifty-Second Omnibus
Objections (D.I. 6322); Olympus Corporation and Olympus Imaging
America Inc.'s Joinder to Motion of Apex Digital, Inc. and THQ,
Inc. for Reconsideration of Court's Order on Debtors' Fifty-First
and Fifty-Second Omnibus Objections (D.I. 6349); Onkyo USA
Corporation's Joinder to Motion of Apex Digital, Inc. and THQ,
Inc. for Reconsideration of Court's Order on Debtors' Fifty-First
and Fifty-Second Omnibus Objection (D.I. 6351); Joinder of
Toshiba America Consumer Products, L.L.C. to Motion of Apex
Digital, Inc. and THQ, Inc. for Reconsideration of Court's Order
on Debtors' Fifty-First and Fifty-Second Omnibus Objections (D.I.
6370).

**OBJECTION**

9.    As demonstrated below, the Court should
deny the Reconsideration Motion.  The Movants have
failed to establish that the standard applicable to
granting the Reconsideration Motion has been satisfied.
Indeed, the Movants do not even cite the applicable
standard in the Reconsideration Motion, and none of
their arguments constitute grounds for this Court to
reconsider its Opinion or Order.  Moreover, the
Reconsideration Motion seeks nothing more than to have
this Court consider arguments already made and rejected.

**I.    THE STANDARD APPLICABLE TO A MOTION FOR
RECONSIDERATION.**

10.    A motion for reconsideration is treated
as a motion for new trial or to alter or amend a
judgment, and consequently, this Court should review the
Reconsideration Motion as a motion made pursuant to
Civil Rule 59(e).  Calabi v. Heckler, 820 F.2d 1219
(Table) (4th Cir. 1987) (noting that motion for
reconsideration filed within ten days of entry of order
is treated as a motion to alter or amend the judgment
under Fed. R. Civ. P. 59); In re E.M. Williams & Sons,

Inc., 2009 WL 2211727, *1 (Bankr. E.D. Va. July 17, 2009)

(Huennekens, J.) (same).   Pursuant to that Rule, the

motion must be made "no later than 14 days after entry

of judgment," Fed. R. Bankr. P. 9023, and may be

granted in one of the following three circumstances: "(i)

to accommodate an intervening change in controlling law;

(ii) to account for new evidence not available at the

hearing; or (iii) to correct a clear error of law or

prevent manifest injustice." Ingle v. Yelton, 439 F.3d

191, 197 (4th Cir. 2006) (citations omitted).

    11.   Critically, in evaluating a motion under

Rule 59(e), a court must be mindful of the fact that the

relief is "extraordinary" and only should be granted

sparingly.  See Pacific Insurance Co. v American

National Fire Insurance Co., 148 F.3d 396, 403 (4th Cir.

1998) ("In general 'reconsideration of a judgment after

its entry is an extraordinary remedy which should be

used sparingly.'" (citations omitted)); see also In re

E.M. Williams & Sons, Inc., 2009 WL 2211727, *1 (noting

that reconsideration may be appropriate where the court

has misunderstood a party, or its decision is outside of

the adversarial issue presented by the parties, or the

court has made an error not of reasoning but of apprehension, but that such circumstances are rare).

Moreover, such motions may not be used to raise new arguments or novel legal theories that could have been raised in the first instance.   See Pacific Insurance, 148 F.3d at 403; see also 11 Wright et al., Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

**II.   THE MOVANTS HAVE FAILED TO SATISFY THE STANDARD FOR RELIEF UNDER CIVIL RULE 59(E).**

    **A.   The Alleged Failure To Review The Supplemental Response Does Not Warrant Reconsideration.**

12.   As set forth above, the Movants contend that reconsideration is appropriate because the Court allegedly failed to review the Movants' Supplemental Response.   Although the Debtors believe the Court reviewed the Supplemental Response and all other pleadings submitted, but merely failed to list the Supplemental Response in footnote 5 to the Opinion, the purported failure to review the Movants' Supplemental

Response is not a grounds for granting the

Reconsideration Motion.

13.  Specifically, even assuming that the

Court did not review the Supplemental Response, the

failure to do so does not constitute grounds for

reconsideration.  The failure to review the Supplemental

Response is neither (i) an intervening change in

controlling law nor (ii) new evidence not available at

the hearing.  Moreover, the failure to review the

Supplement Response does not constitute a clear error of

law, nor is it necessary to prevent manifest injustice.

See Motorists Mut. Ins. Co. v. Teel's Restaurant Inc.,

2009 WL 5065223, *1 (N.D. Ind. Dec. 23, 2009) (holding

that the court's failure to consider a reply brief in

support of a motion for summary judgment before issuing

its ruling was not manifest error of law such that

motion for reconsideration should be granted); Ogbevoen

v. Aramark Campus, Inc., 2006 WL 1788430, *1 (S.D. Tex.

June 20, 2006) (holding that the court did not err in

failing to consider reply in support of motion for

summary judgment when reply was filed after deadline

established by the court); Cotracom Commodity Trading Co.

v. Seaboard Corp., 193 F.R.D. 696, 699 (D. Kan. 2000)
("That the Court failed to consider the reply brief thus
provides no basis to reconsider the ruling concerning
the duty to confer.").

14.   In fact, the Court simply had no
obligation to review the Supplemental Response.
Colodney v. Sebelius, 2009 WL 4884501, *1 n.1 (D. Md.
Dec. 9, 2009) (noting that the court has discretion to
disregard untimely filed reply to motion for summary
judgment); see also In re Frazer, 2008 WL 877786, *3
(Bankr. D. Mont. Mar. 27, 2008) (reasoning that the
court has discretion to disregard late-filed post-
hearing supplemental brief); Hayes v. Konteh, 2008 WL
596097, *2 (N.D. Ohio Mar. 4, 2008) ("[T]he Court need
not consider this untimely objection . . . ."); accord
U.S. v. Ramirez, 148 F. App'x 721, 727-28 (10th Cir.
2005) ("We need not consider this or Mr. Ramirez's other
claims . . . which were subsequently contained in a
supplemental pleading that the district court determined
was untimely filed. With respect to the latter, the
district court clearly did not abuse its discretion in

finding the supplemental memorandum of law was untimely filed."), cert. denied, 547 U.S. 1009, (2006).[4]

15.  The Court did not grant leave for the Movants to file the Supplemental Response and all of the briefing on the Omnibus Objections and whether section 502(d) could be applied to temporarily disallow section 503(b) administrative claims had already been concluded. See Porter v. Adams, 2008 WL 880544, *1 (E.D. Cal. Mar. 31, 2008) (denying motion for reconsideration on grounds that the court failed to consider petitioner's supplemental brief when the court did not request petitioner to file supplemental brief and petitioner already had opportunity to fully brief issues). Therefore, even assuming that the Court did not review

---

[4]  See also Rojas v. City of New Brunswick, 2007 WL 1101439, *3 (D.N.J. Apr. 9, 2007) ("[T]he Court notes that it need not consider Plaintiff's motion because it is untimely."); Lozaya v. Garrou Const., Inc., 2006 WL 1028869, *1 n.1 (D. Colo. Apr. 17, 2006) ("The Court directed Plaintiff's response to be filed no later than April 3, 2006. Plaintiff filed his Response on April 6, 2006. The Court need not consider this untimely filing ...."); Galaxy Ventures, LLC v. Rosenblum, 2005 WL 5988690, *1 (D.N.M. July 21, 2005) ("the Court is not obligated to consider Plaintiff's late response" to motion to strike an expert report); Marshall v. Gates, 812 F.Supp. 1050, 1057 n.25 (C.D. Cal. 1993) ("[A] court, in its discretion, can disregard untimely filed opposition materials."), rev'd on other grounds, 44 F.3d 722 (9th Cir. 1995).

the Supplemental Response, that fact would not warrant

granting the Reconsideration Motion.

**B.   The Supplemental Response Does Not Provide Any Grounds To Grant The Reconsideration Motion.**

16.   Even assuming the Court were to consider

the Supplemental Response, it does not provide any

grounds for granting the Reconsideration Motion.

17.   First, the Supplemental Response does not

advise the Court of an intervening change in controlling

law.  Indeed, no such change has occurred.

18.   Second, in the Supplemental Response, the

Movants have not alleged, nor could they, that some new

"evidence" exists that was not available at the Hearing.

Indeed, as this Court knows, the Debtors' Omnibus

Objections were sustained on the Debtors' legal argument

alone.  Thus, the Movants also cannot avail themselves

of the second grounds on which a motion for

reconsideration may be granted.

19.   Third, the Supplemental Response does not

allege, much less prove, that the Reconsideration Motion

should be granted "to . . . prevent manifest injustice."

Indeed, at least one other Court has held that section

502(d) can be used to disallow claims asserted under

section 503(b).  See Microage, Inc. v. Viewsonic Corp.

(In re Microage, Inc.), 291 B.R. 503 (B.A.P. 9th Cir.

2002).  And, in this instance, the Court only held that

the section 503(b)(9) claims were "temporarily"

disallowed.  Thus, there is no sense in which this

Court's Opinion and Order may be characterized as having

visited a "manifest injustice" upon the Movants or other

section 503(b)(9) claimants.

      20.  Consequently, at best, the Movants'

position is that the Reconsideration Motion should be

granted to correct a clear error of law, which error of

law is allegedly demonstrated in the Supplemental

Response.  Even assuming, however, that the legal

position set forth in the Supplemental Response was

correct, which it is not, the Supplemental Response does

not demonstrate that this Court made a clear error of

law.  In fact, as demonstrated below, regardless of

whether or not the Court reviewed the Supplemental

Response, that Response merely sets forth arguments that

the Court considered and rejected.  Thus, it provided no

basis to grant the Reconsideration Motion, only

challenges for an appeal.  Pacific Insurance, 148 F.3d at 403 (noting that "[t]he [Civil] Rule 59(e) motion may not be used to re-litigate an old matter . . ." (citation omitted)); see also Federal Practice at 127-28 (2d ed. 1995) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.")

21.  Specifically, from the outset, the Debtors have taken the position that section 503(b)(9) claimants were creditors holding pre-petition claims. See Briefs, at 8 ("Thus, by definition, section 503(b)(9) administrative expenses are pre-petition claims.").  In response to that position, a number of Respondents argued that because section 503(b)(9) granted any such "claims" administrative expense status, they were not required to file proofs of claim under Bankruptcy Code section 501.  In that regard, they relied in part on In re Plastech Eng'r Prods., 394 B.R. 147, 162 (Bankr. E.D. Mich. 2008), and its holding that sections 501 and 503 are exclusive.  In addition, the Respondents asserted that, under the Fourth Circuit's decision in Durham v.

SMI Indus. Corp., because they were not required to file
a proof of claim under section 503(b), section 502(d)
could not be used to disallow their section 503(b)(9)
claim.  See, e.g., Samsung Electronics America, Inc.'s
Memorandum of Law in Opposition to Debtors' Fifty-Second
Omnibus Objection to Claims (D.I. 5500), at 11 (arguing
that there are procedural differences between the filing
and allowance of claims under sections 501 and 502 and
administrative expenses under section 503); Response of
Paramount Home Entertainment Inc. to Debtors' Fifty-
Second Omnibus Objection to Certain 503(b)(9) Claims
(D.I. 5434), at 7 (arguing that 502(d) does not apply to
503(b)(9) claims because Code provisions differ for
allowance of claims as opposed to administrative
expenses, which is consistent with the holding of Durham
in the Fourth Circuit).

          22.   Critically, in the Debtors' written
Briefs, the Debtors expressly addressed this argument
stating that:

               [A]ssuming, arguendo, that the Claimants
               are obligated to file a proof of claim,
               see Durham v. SMI Industries Corp., 882
               F.2d at 883, section 502(d) still applies
               to the 503(b)(9) Claims at issue because

> Official Form 10 also applies to
> administrative expense claims that arise
> pre-petition.  <u>See</u> Official Form 10 ("NOTE:
> This form should not be used to make a
> claim for administrative expenses <u>arising
> after</u> the commencement of the case.")
> (emphasis added).

<u>See</u> Briefs, at 13.

23.  Moreover, in response to this argument,
certain Respondents specifically addressed whether a
claimant asserting a 503(b)(9) administrative claim is
required to file proofs of claim under section 501(a).
<u>See</u>, <u>e.g.</u>, Samsung Electronics America, Inc.'s
Memorandum of Law in Opposition to Debtors' Fifty-Second
Omnibus Objection to Claims (D.I. 5500), at 11
("Furthermore, requests for administrative expenses are
filed under Section 503(a) and not by proof of claim
under 501(a) . . . Indeed, the proof of claim form
recognizes this distinction providing that the form
should not be used for administrative expenses which may
be requested under Section 503.").

24.  Furthermore, the legal authority cited by
the Movants in the Supplemental Response for the
proposition that a 503(b)(9) claimant need not file a
proof of claim is neither new nor controlling in this

18

jurisdiction.  Indeed, many of the cases cited by the
Movants were cited by the Debtors in the Omnibus
Objections and Omnibus Replies, as well as by various
Respondents in the Responses, and discussed at length
during the Hearing.  See Supplemental Response at 3-4
(citing In re Plastech Eng'r Prods., 394 B.R. 147, 162
(Bankr. E.D. Mich. 2008); In re TI Acquisition, LLC, 410
B.R. 742, 750 (Bankr. N.D. Ga. 2009); and, In re Ames,
582 F.3d 422, 429 (2d Cir. 2009), each of which had been
previously cited).  These same cases were also cited by
the Court in its Opinion.  Thus, there can be little if
any dispute that the Court was aware of the legal
arguments proffered by the Movants, and fully considered
them in depth before rendering the Opinion and Order,
notwithstanding the fact that the Supplemental Response
was not expressly referred to in footnote 5 to the
Opinion.

25.  Additionally, the very issue and
arguments raised in the Supplemental Response were
addressed at length during the Hearing on the Omnibus
Objections.  In particular, the Court initiated a
colloquy with respect to the issue when it inquired

19

whether the Durham decision was controlling in this
instance.  See Transcript, at 97:10-18 ("[I]t's the
Durham v. SMI Industries case where it said that since a
Court can only disallow a claim after one has been filed
under Section 501(a) and Section 502(d) includes only
one for which a proof of claim has been filed and there
they wouldn't let the trustee use 502 to defeat an admin
claim.  Why -- is this Court bound by the Fourth
Circuit's decision there?").

      26.  More importantly, perhaps, counsel for
the Movants and other Respondents were in attendance at
the Hearing and participated in the colloquy.  See
Transcript, at 129-31:1-4 (counsel for the Movants
stating "So the plain language of Section 502(d) itself
and then the structure of Sections 502 and 503 working
together I think make it very clear that Section
503(b)(9) administrative expenses are not subject to
disallowance under Section 502(d).").  Moreover, a
number of other Respondents also addressed the issue.
See Transcript at p. 107 (counsel for Paramount Home
Entertainment stating that "Claims were indeed filed by
proofs of claim because this Court ordered claims to be

filed by proofs of claim if they were 503(b)(9) claims.
503(a) doesn't require it to be that way.  It can be a
request for payment as opposed to a proof of
claim . . . ."); Id., at 112 (counsel for Samsung
stating that "I think its dealt with as an admin claim
under 503 and you file it as 503 . . . I don't think
there's anything in the code [*sic*] that says you have to
file that under 501.").

27.  Thus, the Movants' assertion that their
Supplemental Response was the first opportunity to brief
the issue is a red herring.  The specific issue was
addressed at length before and at the Hearing, and the
Supplemental Response is nothing more than an attempt to
re-litigate an issue that has already been presented to
and addressed by the Court.  That is not a valid basis
for granting relief under Rule 59(e).  See  Puller v.
Unisource Worldwide, Inc., 2009 WL 903303, *1 (E.D. Va.
March 31, 2009)(stating that a motion for
reconsideration is not an opportunity for a litigant
"'to ask the Court to rethink what the Court had already
thought through.[,]'" and quoting Above the Belt, Inc. v.
Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va.

1983)); see also Zdanok v. Glidden Co., 327 F.2d 944,
953 (2d Cir. 1964) ("[W]here litigants have once battled
for the Court's decision, they should neither be
required, nor without good reason permitted, to battle
for it again."). Accordingly, the Reconsideration
Motion should be denied.

**III.  CLAIMANTS ASSERTING A SECTION 503(B)(9)
     ADMINISTRATIVE CLAIM WERE REQUIRED TO FILE A PROOF
     OF CLAIM AND A REQUEST FOR PAYMENT OF AN
     ADMINISTRATIVE EXPENSE.**

          28.  Even assuming that this Court were to
consider the arguments made by the Movants in the
Supplemental Response, the Reconsideration Motion should
still be denied because the Court correctly concluded
that a claimant asserting a section 503(b)(9)
administrative claim must file a proof of claim and a
request for payment of an administrative expense.  See
Opinion, at 11 ("Therefore, Claimants as prepetition
"creditors", must file their § 503(b)(9) claim under §
501(a) . . . If a "creditor" wishes to be granted an
administrative priority under § 503(b)(9), then the
creditor must, first, file a proof of claim under § 501,
second, have the claim allowed under § 502, and then,

third, request administrative expense priority under §

503(a).").[5]

        29.   In the Reconsideration Motion, the

Movants contend that this Court committed legal error,

relying for support on certain bankruptcy treatises.  In

particular, the Movants cite 9 Collier on Bankruptcy, ¶

3002.01[1] at 3002-3 (Alan N. Resnick & Henry J. Sommers

eds., 15th ed. rev.), for the proposition that "[t]he

requirement that a proof of claim be filed extends to

unsecured creditors claiming priorities but does not

extend to costs of administration."  Moreover, to

---

[5]    The Movants contend that "the Court has previously ruled in this
case that a party seeking administrative expense reimbursement
under section 503(b)(9) need only file a motion for allowance of
administrative expense – not a proof of claim – to meet its
procedural burden.  See Reconsideration Motion at ¶ 3 (citing
Order Establishing Bar Date for Filing Requests for Payment of
Administrative Expense Claims Under Bankruptcy Code Sections 105
and 503(b)(9) and Approving Form, Manner and Sufficiency of
Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 (Docket
No. 107)(the "Section 503(b)(9) Bar Date Order").  The Section
503(b)(9) Bar Date Order did not constitute a substantive ruling
on the issue of whether a section 503(b)(9) claimant was or was
not, as a matter of bankruptcy law, required to file a proof of
claim.  Instead, that Order was procedural in nature and made
clear that in this case it was sufficient for an entity to file a
Section 503(b)(9) Claim Request or, alternatively a motion
seeking payment of a 503(b)(9) claim no later than the Section
503(b)(9) Bar Date to perfect its right to an administrative
claim under section 503(b)(9).  Thus, to the extent that the
Debtors could have insisted on a claimant filing both a proof of
claim and a request for payment, the Section 503(b)(9) Bar Date
Order dispensed with that requirement.  Instead, under that Order
either was sufficient to preserve the claimant's right to seek an
administrative expense.

explain that position, the Movants cite 2 <u>Norton</u>

<u>Bankruptcy Law and Practice 2d</u>, ¶ 42.14 at 42-76 to 42-

77, which states that:

> To begin with, § 503 is captioned "allowance
> of administrative expenses."  This <u>appears to</u>
> <u>suggest</u> that § 503 is a separate allowance
> section, apart from § 502, <u>devoted exclusively</u>
> <u>to administrative expenses</u>.  <u>If so</u>, then § 502
> would not apply to the allowance of
> administrative expenses.  The rest of the
> statute is <u>consistent</u> with this reading.
> Section 507(a)(1) refers to 'administrative
> expenses allowed under section 503(b).'  Note
> that the reference is to 'expenses' rather
> than 'claims,' the latter of which is handled
> under § 502.  Also, of course, § 507(a)(1)
> specifically states that allowance is under §
> 503(b), implying that § 502 is out of the
> picture.

30.  First, although the statements in

<u>Colliers</u> and <u>Norton</u> support the Movants' position, the

authors themselves indicate some doubt in their position

as the highlighted language demonstrates.  The argument

is simply that the caption of the section "appears to

suggest" that section 503(b) is exclusive, and that such

a reading "is consistent with" the rest of the statute.

As the Court determined, nothing in the statute, however,

requires that section 501 and 503 be exclusive, and the

Court's reading is equally consistent with the rest of the statute.

31.  More importantly, perhaps, there is nothing in Colliers or Norton that suggests that the authors considered whether section 501 applied to pre-petition administrative claims such as section 503(b)(9) administrative claims.  Nor is the argument new, as the interpretation advanced by both Colliers and Norton regarding sections 501 and 503 being mutually exclusive is the interpretation adopted by the Plastech court. But, just as this Court was free to reject the Plastech court's holding, so too is it free to reject the position taken in Colliers and Norton.

32.  Finally, and most importantly, the Court's reading is not only consistent sections 501 and 503, it is consistent with the definitions of "creditor" and "claim," the use of those words in Bankruptcy Rules 3002 and 3003, and the express directions in Official Form 10.  Specifically, as explained in the Briefs and argued extensively at the Hearing, it cannot be disputed that an entity asserting a claim under section 503(b)(9) is a "creditor" holding a "claim".  Briefs, at 18

(explaining why the 503(b)(9) Claimants are "creditors").

Moreover, there is nothing in the Bankruptcy Code nor

the Bankruptcy Rules that excepts claimants asserting

claims under section 503(b)(9) from filing a proof of

claim.[6]  In fact, Bankruptcy Rule 3002(a) provides that

"an unsecured <u>creditor</u> or an equity security holder must

file a proof of claim or interest for the claim or

interest to be allowed, except as provided in Rules

1019(3), 3003, 3004, and 3005."  Fed. R. Bankr. P.

3002(a)(emphasis added).  As the Court pointed out in

its Opinion, none of the exceptions provided for in

Bankruptcy Rule 3002 applies with respect to the

503(b)(9) Claimants.  <u>See</u> Opinion, at p. 11 n.13.  Thus,

as "creditors," section 503(b)(9) Claimants were

obligated to file proofs of claim in order to receive

distributions from the Debtors' estates.

33.  Furthermore, as the Court also noted,

this conclusion is buttressed by Official Form 10, the

---

[6]   In some instances, an unsecured pre-petition creditor, including
a section 503(b)(9) claimant, need not file a proof of claim.
Specifically, when the creditor's claim is scheduled, but not
scheduled as contingent, disputed or unliquidated.  <u>See</u>
Bankruptcy Rule 3002.  In such circumstances, although no proof
of claim has been filed, the pre-petition creditor's scheduled
claim is still subject to an objection pursuant to section 502(d).

official Proof of Claim form.  Specifically, that form

contains the following note: "NOTE: This form should not

be used to make a claim for administrative expenses

arising after the commencement of the case."  See

Official Form 10 (emphasis added).  Consequently, the

official Proof of Claim form contemplates a distinction

between pre-filing and post-filing administrative claims

and only provides that Official Form 10 should not be

used for post-filing claims for administrative expense.

34.  Therefore, this Court did not commit a

clear error of law by holding that entities seeking to

assert administrative claims under section 503(b)(9)

must file proofs of claim.  Thus, the Court's decision

is not at odds with the Fourth Circuit's decision in

Durham and no grounds exist for altering or amending the

judgment that section 502(d) may be used to temporarily

disallowing claims asserted under section 503(b)(9).

Accordingly, for the reasons stated herein, the

Reconsideration Motion should be denied.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (i) sustain this Objection, (ii) deny the Motion and (iii) grant the Debtors such other and further relief as is just and proper.

Dated: January 27, 2010
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley _____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession