Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        : Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    : Case No. 08-35653
et al.,                       :
                              : Tax ID No. (54-0493875)
              Debtors.        :
                              : Jointly Administered
- - - - - - - - - - - - - - - x

**MOTION OF DEBTORS FOR ORDER PURSUANT TO BANKRUPTCY CODE
SECTIONS 105 AND 503, AND BANKRUPTCY RULES 2002 AND 9007
(I) SETTING SECOND ADMINISTRATIVE BAR DATE AND
PROCEDURES FOR FILING AND OBJECTING TO ADMINISTRATIVE
EXPENSE REQUESTS AND (II) APPROVING FORM AND MANNER OF
NOTICE THEREOF**

          The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors")[1]

hereby move (the "Motion") this Court for entry of an

order (the "Order") pursuant to sections 105 and 503 of

title 11 of the United States Code (the "Bankruptcy

Code"), and Rules 2002 and 9007 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules")

(i) setting a second administrative bar date and

procedures for filing and objecting to administrative

expense requests, and (ii) approving the form and manner

of notice thereof.  In support of the Motion, the

Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1.   This Court has jurisdiction to consider

this Motion under 28 U.S.C. §§ 157 and 1334.  This is a

core proceeding under 28 U.S.C. § 157(b).  Venue of

---

[1]   The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
VA 23060.

these cases and this Motion in this District is proper
under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief
requested herein are Bankruptcy Code sections 105 and
503.   Such relief is warranted pursuant to Bankruptcy
Rules 2002 and 9007.

## BACKGROUND

3.    On November 10, 2008 (the "Petition
Date"), the Debtors filed voluntary petitions in this
Court for relief under chapter 11 of the Bankruptcy Code.

4.    The Debtors continue as debtors in
possession pursuant to Bankruptcy Code sections 1107 and
1108.

5.    On November 12, 2008, the Office of the
United States Trustee for the Eastern District of
Virginia appointed a statutory committee of unsecured
creditors (the "Creditors' Committee").   To date, no
trustee or examiner has been appointed in these chapter
11 cases.

6.    On January 16, 2009, the Court authorized
the Debtors, among other things, to conduct going out of
business sales at the Debtors' remaining 567 stores

pursuant to an agency agreement (the "Agency Agreement")
between the Debtors and a joint venture, as agent (the
"Agent").  On January 17, 2009, the Agent commenced
going-out-of-business sales pursuant to the Agency
Agreement at the Debtors' remaining stores.  The going-
out-of-business sales were concluded on or about March 8,
2009.

     7.    On September 29, 2009, the Debtors and
the Creditors Committee filed the First Amended Joint
Plan of Liquidation of Circuit City Stores, Inc. and its
Affiliated Debtors and Debtors In Possession and its
Official Committee of Creditors Holding General
Unsecured Claims (the "Plan").  The associated
disclosure statement (the "Disclosure Statement") was
approved on September 24, 2009.  Confirmation of the
Plan is currently scheduled for February 11, 2010.

     8.    Generally, the Plan provides for the
liquidation of the Debtors under chapter 11 of the
Bankruptcy Code.

**RELIEF REQUESTED**

     9.    By this Motion, the Debtors seek entry of
an order (i) fixing March 31, 2010 at 5:00 p.m. (Pacific

time) as the second administrative bar date (the "Second

Administrative Bar Date") within which certain

Administrative Expense Requests (as defined herein)

against the Debtors must be filed; and (ii) establishing

the Second Administrative Bar Date procedures.  In

addition, this Motion seeks approval of the Debtors'

proposed notice of the Second Administrative Bar Date

(the "Second Administrative Bar Date Notice"),

substantially in the form attached to Order as Exhibit A.

## BASIS FOR RELIEF

10.  On May 15, 2009, this Court entered the

Order Pursuant to Bankruptcy Code Sections 105 and 503

and Bankruptcy Rules 2002 and 9007 (I) Setting

Administrative Bar Date and Procedures for Filing and

Objecting to Administrative Expense Requests and

(II) Approving Form and Manner of Notice Thereof

(D.I. 3354; the "First Administrative Bar Date Order").

The First Administrative Bar Date Order set June 30,

2009 as the bar date (the "First Administrative Bar

Date") for filing claims for administrative expenses

that arose from the Petition Date through and including

April 30, 2009 (the "First Administrative Period").

11.   At this stage of the Debtors' cases, the
Debtors believe that establishing an Second
Administrative Bar Date is appropriate and will help
facilitate an orderly liquidation of their estates.

12.   **Definition of Administrative Expense**.
For purposes of the Second Administrative Bar Date, the
Debtors propose that the term "Administrative Expense"
mean, as to or against any of the Debtors (a) any right
to payment, whether or not such right is reduced to
judgment, liquidated, unliquidated, fixed, contingent,
matured, unmatured, disputed, undisputed, legal,
equitable, secured or unsecured, or (b) any right to an
equitable remedy for breach of performance if such
breach gives rise to a right to payment, whether or not
such right to an equitable remedy is reduced to judgment,
fixed, contingent, matured, unmatured, disputed,
undisputed, secured or unsecured, that (1) satisfies
sections 365(d)(3), 365(d)(5), or 503(b), including
503(b)(1) through (b)(8) of the Bankruptcy Code, but
excluding section 503(b)(9), and (2) first arose (or,
only in the case of unexpired leases of real and
personal property, accrued) from and after **May 1, 2009**

through and including **December 31, 2009** (such period

beginning on May 1, 2009 and ending on December 31, 2009,

the "Second Administrative Period").

13.   The Debtors propose that a request for

payment of an Administrative Expense (each an

"Administrative Expense Request") be filed by on or

before March 31, 2010 -- the Second Administrative Bar

Date -- by all holders, including (without limitation)

persons, entities, individuals, partnerships,

corporations, estates, trusts, indenture trustees,

unions and governmental units, of an Administrative

Expense.

14.   **Excluded Administrative Expense Holders.**

Nevertheless, the Debtors request that the following

holders need not file an Administrative Expense Request:

  (i)      Parties that have already properly
           filed an Administrative Expense
           Request with the Court or Kurtzman
           Carson Consultants LLC (the "Claims
           Agent") that clearly sets forth that
           such party is asserting an
           Administrative Expense;

  (ii)     Parties whose Administrative Expense
           has been previously allowed by order
           of the Court;

(iii)     A Debtor or Debtors holding an
          Administrative Expense against one
          or more other Debtors; and

(iv)      Professional advisors (*i.e.*,
          attorneys, financial advisors,
          accountants, claims agents, or other
          professionals) retained by the
          Debtors or the Creditors' Committee
          under Bankruptcy Code sections 327,
          328 or 1103 and whose Administrative
          Expense is for services rendered and
          reimbursement of expenses in these
          Chapter 11 cases.

         15.   The Debtors also request that any holder

of a 503(b)(9) administrative claim (each a "503(b)(9)

Holder"), which claim/expense was required to be filed

by December 19, 2008 (the "503(b)(9) Bar Date"),

pursuant to order of this Court (D.I. 145; the "503(b)(9)

Bar Date Order) and any holder whose claim/expense was

required to be filed by the June 30, 2009 pursuant to

the First Administrative Bar Date Order, **not** now be

permitted to file an Administrative Expense Request.  As

set forth in the 503(b)(9) Bar Date Order, any person or

entity holding a claim/expense pursuant to Bankruptcy

Code section 503(b)(9) that failed to file a

claim/expense request on or before December 19, 2008, is

forever barred and estopped from asserting a

claim/expense pursuant to Bankruptcy Code section 503(b)(9) against the Debtors, their estates, or the property of any of them, absent further order of the Court.  Similarly, as set forth in the First Administrative Bar Date Order, any person or entity holding a claim/expense that first arose (or, only in the case of unexpired leases of real and personal property, accrued) in the First Administrative Period, that failed to file a claim/expense on or before the June 30, 2009, is forever barred and estopped from asserting a claim/expense pursuant to Bankruptcy Code sections 365(d)(3), 365(d)(5), or 503(b), first arising (or, only in the case of unexpired leases of real and personal property, accruing) during the First Administrative Period, against the Debtors, their estates, or the property of any of them, absent further order of the Court. **This Motion is not a request by the Debtors for an extension of either such deadline**.

16.   The Debtors propose, through the Second Administrative Bar Date Notice, to advise holders of potential Administrative Expenses that if they fail to file a request for payment of their Administrative

Expense by the Second Administrative Bar Date, such holders (a) will be forever barred and estopped from asserting their Administrative Expense(s) against the Debtors and/or their estates and (b) will not be permitted to receive payment from the Debtors' estates or participate in any distribution under any plan or plans of liquidation in the Debtors' chapter 11 cases on account of such Administrative Expenses.

17. **Notice of the Second Administrative Bar Date.** To provide ample time for (i) mailing the Second Administrative Bar Date Notice and (ii) allowing holders of Administrative Expenses a reasonable opportunity to prepare and file Administrative Expense Requests, the Debtors are requesting that this Court fix **March 31, 2010 at 5:00 p.m. (Pacific time)** as the Second Administrative Bar Date, with notices to be mailed no later than **seven (7) days from entry of the Order**. A **March 31, 2010** Second Administrative Bar Date and a mailing date no later than **seven (7) days from entry of the Order** will allow a period of approximately forty (40) days for holders of Administrative Expenses to file

Administrative Expense Requests, which is more than
adequate notice of the Second Administrative Bar Date.

18.   The Debtors intend (i) to mail the Second
Administrative Bar Date Notice to all known and
reasonably ascertainable creditors by **seven (7) days
after the entry of the Orde**r and (ii) to publish a
notice in a form substantially similar to the Second
Administrative Bar Date Notice in the national edition
of the Wall Street Journal, the international edition of
the Financial Times, and the Richmond Times Dispatch no
later than **seven (7) days after the entry of the Order**.

19.   **Form of Administrative Expense Request**.
The Debtors request that, to be considered, each
Administrative Expense Request must (a) be in writing,
(b) be denominated in lawful United States currency,
(c) specify the Debtor against which the claimant
asserts the Administrative Expense, (d) set forth with
specificity the legal and factual basis for the
Administrative Expense and (e) have attached to it
supporting documentation upon which the claimant will
rely to support the Request.

20.   In addition, the Debtors request that
holders of Administrative Expenses be required to
specifically set forth, in their Administrative Expense
Request, the full name of the Debtor against whom the
Administrative Expense is filed and that such holders
not be permitted to aggregate Administrative Expenses
against multiple Debtors in a single Request.

21.  **Procedure for Filing Requests**.  The
Debtors request that, for any Administrative Expense
Request to be validly and properly filed, a signed
original of the completed Administrative Expense Request,
together with accompanying documentation, be required to
be delivered to the Claims Agent, at the address set
forth on the Second Administrative Bar Date Notice so as
to be received no later than 5:00 p.m., Pacific Time, on
March 31, 2010.  The Debtors propose that holders of
Administrative Expenses be permitted to submit
Administrative Expense Requests in person, by courier,
hand delivery or by mail, but not by facsimile or other
electronic means.  Administrative Expense Requests shall
be deemed filed when actually received by the Claims
Agent.  If a holder of an Administrative Expense wishes

to receive acknowledgment of the Debtors receipt of such
creditor's Administrative Expense Request, such holder
of an Administrative Expense must submit a copy of the
applicable Administrative Expense Request and a self-
addressed, stamped envelope.

22. **Procedures for Hearing and Objecting to
Requests**.  Lastly, the Debtors further request that
holders of Administrative Expense Requests file their
Administrative Expense Requests with the Claims' Agent,
rather than with the Court.  This will enable the
Debtors to orderly review and reconcile any filed
Administrative Expense Requests.

23. Following the Second Administrative
Expense Bar Date, the Debtors will begin the process of
reconciling Administrative Expense Requests.  To the
extent any improper Administrative Expense Requests are
filed, the Debtors will object to such Administrative
Expense Requests at least thirty (30) days prior to a
scheduled hearing (unless such period is shortened by
order of the Court), to which the holder of such
Administrative Expense Request will have an opportunity
to respond.

24.    The Debtors also submit that the
procedures (the "Omnibus Objection Procedures") approved
by this Court in the Order Establishing Omnibus
Objection Procedures And Approving The Form And Manner
Of Notice Of Omnibus Objections (D.I. 2881) apply to
Administrative Expense Requests and should apply to
objections to Administrative Expense Requests only to
the extent such Omnibus Objection Procedures are not
inconsistent with this Motion, the Order, or the Second
Administrative Bar Date Notice.  To the extent there is
a conflict between the Omnibus Objection Procedures and
this Motion, the Order, or the Second Administrative Bar
Date Notice, the Motion, the Order, or Second
Administrative Bar Date Notice, as applicable, shall
control.

25.    Notwithstanding the foregoing procedures,
the Debtors submit that it would be inappropriate to
shift any burdens of proof with respect to the
Administrative Expenses.  Thus, the Debtors request that
this Court order that nothing in this Motion, the Order,
or the Second Administrative Bar Date Notice should be

deemed to shift the burdens of proof pertaining to

Administrative Expenses.

## APPLICABLE AUTHORITY

26.   The Debtors now seek to establish a

Second Administrative Bar Date to determine what, if any,

Administrative Expenses are (or remain) asserted against

the Debtors.

27.   Bankruptcy Code section 503(a) provides

that "an entity may _timely_ file a request for payment of

an administrative expense" 11 U.S.C. § 503(a) (emphasis

added).  Pursuant to Bankruptcy Code section 105, this

Court may issue any order "necessary or appropriate" to

carry out, among other things, the mandate of Bankruptcy

Code 503(a).  Read together, these two provisions

authorize approval of a deadline to file Administrative

Expense Requests.

28.   Bankruptcy Code sections 105 and 503,

together with and Bankruptcy Rule 9007, permit the Court

to approve the proposed administrative expense filing

procedures and to approve the form, manner and

sufficiency of notice of the Second Administrative Bar

Date.  _See_ Fed. R. Bankr. P. 9007 (authorizing the Court

to order the form and manner of notice and the time
within which it must given).

29.   Moreover, this Court has already approved
identical administrative expense filing procedures and
approved the form, manner and sufficiency of thereof in
the First Administrative Bar Date Order.

30.   The Debtors submit that approval of the
proposed procedures for the form of, filing, and
objections to Administrative Expense Requests and the
form, manner and sufficiency of notice of such
procedures and the Second Administrative Bar Date
satisfy the foregoing standard.

31.   Additionally, establishing a second
administrative bar date is a critical element for the
Debtors to proceed with the orderly and efficient
administration of these cases for the benefit of their
estates, creditors and other parties-in-interest.  The
Debtors are, among other things, liquidating their
remaining assets, reconciling and objecting to claims
filed with the Court and reconciling and objecting to
Bankruptcy Code section 503(b)(9) administrative
claims/expenses and administrative claims/expenses from

the First Administrative Period.  As these and other
activities continue, the Debtors are reviewing and
revising their liquidation analysis in order to
determine what payments will be made upon confirmation
and pursuant to the Plan.  To do so, the Debtors must
know the full nature, extent and scope of the
Administrative Expenses asserted against the Debtors and
their estates so that they can estimate distributions
and the amounts required to be reserved by the terms of
a plan.  Accordingly, it is in the best interests of the
Debtors and their estates for the Court to grant the
relief requested herein.

        32.  Also, in this instance, the Debtors have
provided adequate notice of this Motion and will provide
sufficient notice of the Second Administrative Bar Date
to all potential holders of Administrative Expenses and
parties-in-interest.  The Debtors will also publish
notice of the Second Administrative Bar Date in the
national edition of the Wall Street Journal, the
international edition of the Financial Times, and the
Richmond Times Dispatch.  Holders of Administrative
Expenses against the Debtors will have in excess of the

twenty-day period prescribed by Bankruptcy Rule
2002(a)(7), which specifically applies to filing proofs
of claims, for notice of the Second Administrative Bar
Date.  Additionally, given the size and notoriety of
these cases, holders of Administrative Expenses will
have additional notice of the Second Administrative Bar
Date.

### NOTICE

33.  Notice of this Motion has been provided
to those parties who have requested notice pursuant to
Bankruptcy Rule 2002 and the Core Group (as defined in
the Order Pursuant to Bankruptcy Code Sections 102 and
105, Bankruptcy Rules 2002 and 9007, and Local
Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain
Notice, Case Management, and Administrative Procedures
(Docket No. 130; the "Case Management Order")).  The
Debtors submit that, under the circumstances, no other
or further notice need be given.

### WAIVER OF MEMORANDUM OF LAW

34.  Pursuant to Local Bankruptcy Rule 9013-
1(G), and because there are no novel issues of law
presented in the Motion and all applicable authority is

set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

### NO PRIOR REQUEST

35.  No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: January 28, 2010
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley _____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

Gregg M. Galardi, Esq.                 Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &        MCGUIREWOODS LLP
FLOM, LLP                              One James Center
One Rodney Square                      901 E. Cary Street
PO Box 636                             Richmond, Virginia 23219
Wilmington, Delaware 19899-0636        (804) 775-1000
(302) 651-3000

                  - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - -  x
In re:                         : Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     : Case No. 08-35653
et al.,                        :
                               : Jointly Administered
            Debtors.           :
- - - - - - - - - - - - - - -  x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 503
AND BANKRUPTCY RULES 2002 AND 9007 (I) SETTING SECOND
ADMINISTRATIVE BAR DATE AND PROCEDURES FOR FILING AND
OBJECTING TO ADMINISTRATIVE EXPENSE REQUESTS AND
(II) APPROVING FORM AND MANNER OF NOTICE THEREOF**

        Upon the motion (the "Motion"),[1] of the Debtors

for an order pursuant to Bankruptcy Code 105 and 503 and

---

[1]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to them in the Motion.

Bankruptcy Rules 2002 and 9007 (i) setting an second

administrative bar date and procedures for filing and

objecting to administrative expense requests, and

(ii) approving the form and manner of notice thereof;

and the Court having determined that the relief

requested, their estates, their creditors, and other

parties in interest; and it appearing that proper and

adequate notice of the Motion has been given and that no

other or further notice is necessary; and upon the

record herein; and after due deliberation thereon; and

good and sufficient cause appearing therefor, it is

hereby

                  **ORDERED, ADJUDGED AND DECREED THAT:**

        1.    The Motion is GRANTED.

        2.    For purposes of the Motion and this Order,

the term "Administrative Expense" means, as to or

against any of the Debtors (a) any right to payment,

whether or not such right is reduced to judgment,

liquidated, unliquidated, fixed, contingent, matured,

unmatured, disputed, undisputed, legal, equitable,

secured or unsecured, or (b) any right to an equitable

remedy for breach of performance if such breach gives

rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, that (1) satisfies sections 365(d)(3), 365(d)(5), or 503(b), including 503(b)(1) through (b)(8) of the Bankruptcy Code, but excluding section 503(b)(9), and (2) first arose (or, only in the case of unexpired leases of real and personal property, accrued) from and after **May 1, 2009** through and including **December 31, 2009** (such period beginning on May 1, 2009 and ending on December 31, 2009, the "Second Administrative Period")**.**

3.    All holders of or those wishing to assert an Administrative Expense, including (without limitation) persons, entities, individuals, partnerships, corporations, estates, trusts, indenture trustees, unions and governmental units, must file an Administrative Expense Request on or before **5:00 p.m. (Pacific) on March 31, 2010** -- the Second Administrative Bar Date -- in accordance with the procedures set forth below.

4.   Notwithstanding the preceding paragraphs, the following holders need not file an Administrative Expense Request:

(i)    Parties that have already properly filed an Administrative Expense Request with the Court or the Claim Agent that clearly sets forth that such party is asserting an Administrative Expense;

(ii)   Parties whose Administrative Expense has been previously allowed by order of the Court;

(iii)  A Debtor or Debtors holding an Administrative Expense against one or more other Debtors; and

(iv)   Professional advisors (i.e., attorneys, financial advisors, accountants, Expenses agents) retained by the Debtors or the Creditors' Committee under Bankruptcy Code sections 327, 328 or 1103 and whose Administrative Expense is for services rendered and reimbursement of expenses in these Chapter 11 cases.

5.   Any holder of a 503(b)(9) administrative claim (each, a "503(b)(9) Holder"), who was required to file his claim/expense by December 19, 2008 (the "503(b)(9) Bar Date") pursuant to the 503(b)(9) Bar Date Order is not now permitted to file an Administrative Expense Request.  As set forth in the 503(b)(9) Bar Date

Order, any person or entity holding a claim/expense

pursuant to Bankruptcy Code section 503(b)(9) that

failed to file a claim/expense request on or before

December 19, 2008, is forever barred and estopped from

asserting a claim/expense pursuant to section 503(b)(9)

against the Debtors, their estates, or property of any

of them, absent further order of the Court.

    6.   Any holder of a claim/expense which was

required to be filed by the First Administrative Bar

Date pursuant to the First Administrative Bar Date Order,

is not now be permitted to file an Administrative

Expense Request for such period.  As set forth in the

First Administrative Bar Date Order, any person or

entity holding a claim/expense that first arose (or,

only in the case of unexpired leases of real and

personal property, accrued) in the First Administrative

Period, that failed to file a claim/expense on or before

the First Administrative Bar Date, is forever barred an

estopped from asserting a claim/expense pursuant to

Bankruptcy Code satisfies sections 365(d)(3), 365(d)(5),

or 503(b), first arising (or, only in the case of

unexpired leases of real and personal property, accruing)

during the First Administrative Period, against the

Debtors, their estates, or the property of any of them,

absent further order of the Court.

      7.   To be considered, each Administrative

Expense Request must (a) be in writing, (b) be

denominated in lawful United States Currency,

(c) specify the Debtor against which the claimant

asserts the Administrative Expense, (d) set for the with

specificity the legal and factual basis for the

Administrative Expense, and (e) have attached to it

supporting documentation upon which the claimant will

rely to support the Request.

      8.   In addition, each Administrative Expense

Request must specifically set forth the full name of the

Debtor against whom the Administrative Expense is filed.

Administrative Expenses against multiple Debtors may <u>not</u>

be aggregated in a single Request.

      9.   The Debtors shall serve the

Administrative Bar Date Notice substantially in the form

of the notice attached hereto as <u>Exhibit A</u> by first

class mail on or within seven (7) days from the date of

entry of this Order to all known and reasonably

ascertainable creditors or holders of Administrative

Expenses.

10.   The Debtors shall publish a notice in a

form substantially similar to the Second Administrative

Bar Date Notice in the national edition of the Wall

Street Journal, the international edition of the

Financial Times, and the Richmond Times Dispatch no

later than seven (7) days from the date of entry of this

Order.

11.   All Administrative Expense Requests filed

by mail, hand, or overnight courier shall be addressed

to:

          Circuit City Stores, Inc., et al.
          Claims Processing Dept.
          Kurtzman Carson Consultants LLC
          2335 Alaska Avenue
          El Segundo, CA  90245

12.   An Administrative Expense Request is

deemed filed only when the Administrative Expense

Request is **received** by the Claims Agent at the above

address.   Administrative Expense Requests submitted by

facsimile or other electronic means shall be rejected by

the Claims Agent and will not be deemed filed.

13.   Any person or entity holding or wishing
to assert Administrative Expenses against more than one
Debtor must file a separate Administrative Expense
Request in the case of each Debtor against which the
creditor believes it holds an Administrative Expense and
must identify on their Administrative Expense Request
the particular Debtor against which their Administrative
Expense is asserted and the case number of that Debtor's
bankruptcy case.   An Administrative Expense Request
listing no reference to a particular Debtor or an
Administrative Expense Request listing all of the
Debtors will be deemed filed against Circuit City Stores,
Inc., Case No. 08-35653.

14.   Any person or entity that is required,
but fails, to file an Administrative Expense Request for
its Administrative Expense in accordance with the
procedures set forth in this Order on or before the
Second Administrative Bar Date (a) shall be forever
barred, estopped, and enjoined from asserting any
Administrative Expense against the Debtors and the
Debtors shall be forever discharged from any and all
indebtedness or liability with respect to such

Administrative Expenses and (b) shall not be permitted

to receive payment from the Debtors' estates or

participate in any distribution under any plan or plans

of liquidation in the Debtors' chapter 11 cases on

account of such Administrative Expenses.

15.   Nothing in this Order shall, or shall be

deemed to, prejudice the Debtors' right to object to

(i) any claim/expense, whether filed or scheduled (e.g.,

as contingent, unliquidated or disputed), and (ii) any

Administrative Expense on any ground, or to dispute, or

to assert offsets against or defenses to, any

claim/expense (administrative or otherwise), as to

amount, liability, classification, or otherwise, and to

subsequently designate any claim/expense as disputed,

contingent or unliquidated.

16.   To the extent not inconsistent with the

Motion, this Order, or the Second Administrative Bar

Date Notice, the procedures (the "Omnibus Objection

Procedures") approved by this Court (and attached as

Exhibit B hereto) by the Order Establishing Omnibus

Objection Procedures And Approving The Form And Manner

Of Notice Of Omnibus Objections (D.I. 2881) shall apply

to omnibus objections to Administrative Expense Requests.
To the extent there is a conflict between the Omnibus
Objection Procedures and the Motion, this Order, or the
Second Administrative Bar Date Notice, the Motion, the
Order, or Second Administrative Bar Date Notice, as the
case may be, shall control.

17.   To the extent the Debtors object to an
Administrative Expense Request, such objection must be
filed at least thirty (30) days prior to the proposed
hearing on such objection (unless such period is
shortened by the Court), to which the holder(s) of such
Administrative Expense Request will have an opportunity
to respond no later than seven (7) days prior to the
hearing on such objection.

18.   Nothing in the Motion, this Order, or the
Second Administrative Bar Date Notice shall be construed
as shifting or deemed to shift the burdens of proof
pertaining to Administrative Expenses.

19.   Nothing contained herein shall limit,
abridge, or otherwise affect the Debtors' right to
request that the Court fix a date by which the holder of
an Administrative Expense that is specifically excluded

from the requirements to file an Administrative Expense

Request by this Order must file an Administrative

Expense Request.

20.   The Debtors are authorized to take such

steps and do such things as they deem to be reasonably

necessary to fulfill the notice requirements established

by this Order, including the expenditure of all sums

reasonably necessary to implement the provisions of this

Order.

21.   The requirement under Local Bankruptcy

Rule 9013-1(G) to file a memorandum of law in connection

with the Motion is hereby waived.

22.   This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of and/or interpretation of this Order.

Dated:      Richmond, Virginia
            _____, 2010


            _____
            UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and -

/s/ Douglas M. Foley____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley____
Douglas M. Foley

## **EXHIBIT A**

**(Form of Notice)**

Gregg M. Galardi, Esq.                    Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                   Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,     MCGUIREWOODS LLP
LLP                                       One James Center
One Rodney Square                         901 E. Cary Street
PO Box 636                                Richmond, Virginia 23219
Wilmington, Delaware 19899-0636           (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors in
Possession


              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION
- - - - - - - - - - - - - - -   x
In re:                          : Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      : Case No. 08-35653
et al.,                         :
                                : Jointly Administered
              Debtors.          :
- - - - - - - - - - - - - - -   x


                 NOTICE OF SECOND DEADLINE
          FOR FILING ADMINISTRATIVE EXPENSE REQUESTS


TO POTENTIAL HOLDERS OF ADMINISTRATIVE EXPENSES:


PLEASE TAKE NOTICE OF THE FOLLOWING:


     THE FACT THAT YOU RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU
HAVE AN ADMINISTRATIVE EXPENSE OR MUST FILE AN ADMINISTRATIVE
     EXPENSE REQUEST – PLEASE READ THE FOLLOWING CAREFULLY


          On February [ ], 2010, the United States Bankruptcy
Court for the Eastern District of Virginia (the "Bankruptcy
Court") entered an order (the "Second Administrative Bar Date
Order") in the above captioned chapter 11 cases establishing
**March 31, 2010 at 5:00 p.m. (Pacific Time)** as the second

administrative expense bar date (the "Second Administrative Bar
Date") in the chapter 11 cases of the above-captioned debtors
and debtors in possession (collectively, the "Debtors").[1]  Except
as described below, the Second Administrative Bar Date Order
requires all persons or entities holding an Administrative
Expense (as defined below) first arising (or, only in the case
of unexpired leases of real and personal property, accruing)
from and after **May 1, 2009**, through and including **December 31,
2009** (such period beginning on May 1, 2009 and ending on
December 31, 2009, the "Second Administrative Period") against
any of the Debtors listed on page 4 below, to file a request for
payment of such Administrative Expense (an "Administrative
Expense Request") so that such Administrative Expense Request is
received on or before **5:00 p.m. Pacific Time, on March 31, 2010**
-- the Second Administrative Bar Date -- at the following
address if delivered by mail, hand delivery or overnight
courier:

> **Circuit City Stores, Inc., <u>et al</u>.**
> **Claims Processing Dept.**
> **Kurtzman Carson Consultants LLC**
> **2335 Alaska Avenue**
> **El Segundo, CA  90245**

**<u>DO NOT FILE YOUR ADMINISTRATIVE EXPENSE REQUEST WITH THE
BANKRUPTCY COURT.</u>**

### DEFINITION OF ADMINISTRATIVE EXPENSE

For purposes of this Notice, "Administrative Expense"
shall mean, as to or against any of the Debtors (a) any right to
payment, whether or not such right is reduced to judgment,
liquidated, unliquidated, fixed, contingent, matured, unmatured,
disputed, undisputed, legal, equitable, secured or unsecured; or
(b) any right to an equitable remedy for breach of performance
if such breach gives rise to a right to payment, whether or not
such right to an equitable remedy is reduced to judgment, fixed,
contingent, matured, unmatured, disputed, undisputed, secured or
unsecured, that (1) satisfies sections 365(d)(3), 365(d)(5), or
503(b), including 503(b)(1) through (b)(8) of the Bankruptcy
Code, but excluding section 503(b)(9), and (2) first arose (or,

---

[1]   **The Debtors and the last four digits of their respective taxpayer
identification numbers are set forth at the end of this Notice.  The
address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
VA 23060.**

only in the case of unexpired leases of real and personal
property, accrued) from and after May 1, 2009, through and
including December 31, 2009, *i.e.*, the Second Administrative
Period.

### EXCLUSION OF 503(B)(9) ADMINISTRATIVE CLAIMANTS AND PRIOR ADMINISTRATIVE CLAIMANTS FROM SECOND ADMINISTRATIVE BAR DATE

Any holder of a 503(b)(9) administrative claim/expense
(each a "503(b)(9) Holder"), which claim/expense was required to
be filed by December 19, 2009 (the "503(b)(9) Bar Date"),
pursuant to order of this Court, is **not** now permitted to file an
Administrative Expense Request.  As set forth in the order
establishing the 503(b)(9) Bar Date, any person or entity holding
a claim/expense pursuant to Bankruptcy Code section 503(b)(9)
that failed to file a claim/expense request on or before December
19, 2008, is forever barred and estopped from asserting a
claim/expense pursuant to Bankruptcy Code section 503(b)(9)
against the Debtors, their estates, or the property of any of
them, absent further order of the Court.

Similarly, any holder of a claim/expense which was
required to be filed by the June 30, 2009 (the "First
Administrative Bar Date") pursuant to order of this Court, is **not**
now be permitted to file an Administrative Expense Request for
the First Administrative Period (as defined below).  As set forth
in the order establishing the First Administrative Bar Date, any
person or entity holding a claim/expense that first arose (or,
only in the case of unexpired leases of real and personal
property, accrued) from or after the Petition Date through and
including April 30, 2009 (the "First Administrative Period"),
that failed to file a claim/expense on or before June 30, 2009,
is forever barred an estopped from asserting a claim/expense
pursuant to Bankruptcy Code satisfies sections 365(d)(3),
365(d)(5), or 503(b), including 503(b)(1) through (b)(8), first
arising (or, only in the case of unexpired leases of real and
personal property, accruing) during the First Administrative
Period, against the Debtors, their estates, or the property of
any of them, absent further order of the Court.

### PERSONS OR ENTITIES WHO MUST FILE ADMINISTRATIVE EXPENSE REQUESTS

Pursuant to the Second Administrative Bar Date Order,
all persons and entities (each as defined in the Bankruptcy

3

Code) holding one or more Administrative Expenses against the
Debtors, including, without limitation, any Administrative
Expenses held by the officers and directors of the Debtors no
longer employed or serving as of December 31, 2009, former
employees of the Debtors no longer employed as of December 31,
2009, indemnitees, individuals, partnerships, corporations,
estates, trusts, indenture trustees, unions, governmental units,
and non-Debtor parties to any unexpired leases or executory
contracts (collectively the "Agreements") (individually, an
"Entity" and collectively, "Entities") with any of the Debtors
who allege that any amounts arising or accruing under any of the
Agreements from and after May 1, 2009 are due, owing and unpaid
as of December 31, 2009, are required to file an Administrative
Expense Request on or before the Second Administrative Expense
Bar Date.

### PERSONS OR ENTITIES WHO <u>NEED NOT</u> FILE ADMINISTRATIVE EXPENSE REQUEST

The following Entities are <u>not</u> at this time required
to file an Administrative Expense Request:

1.     Entities that have already properly filed an
Administrative Expense Request with the Court or KCC that
clearly sets forth that such party is asserting an
Administrative Expense.

2.     Entities whose Administrative Expense has been
previously allowed by order of the Court.

3.     Debtors holding an Administrative Expense against
another Debtor.

4.     Professional persons (<u>i.e.</u>, attorneys, financial
advisors, accountants, investment bankers, real estate advisors,
"ordinary course professionals", or other professionals)
retained by the Debtors or the Creditors' Committee under
Bankruptcy Code sections 327, 328 or 1103 and whose
Administrative Expense is for services rendered and
reimbursement of expenses in these Chapter 11 cases; <u>provided</u>,
<u>further</u>, that any professional retained by court order under
Bankruptcy Code section 327, 328 or 1103 need not submit a
request for reimbursement of any expense under section 503(b)
for any period subsequent to the Petition Date until such
professional is so required under the Bankruptcy Code,
Bankruptcy Rules and orders of the Court.

## INFORMATION THAT <u>MUST</u> BE INCLUDED WITH
## YOUR ADMINISTRATIVE EXPENSE REQUEST

To be considered, each Administrative Expense Request must (a) be in writing, (b) be denominated in lawful United States Currency, (c) specify the Debtor against which the Entity asserts the Administrative Expense (see additional requirements below), (d) set for the with specificity the legal and factual basis for the Administrative Expense, and (e) have attached to it supporting documentation upon which the claimant will rely to support the Administrative Expense Request.

## FILING ADMINISTRATIVE EXPENSE REQUESTS
## AGAINST MULTIPLE DEBTORS

Any Entity asserting Administrative Expenses against more than one Debtor must file a separate Administrative Expense with respect to each such Debtor. All Entities must identify in their Administrative Expense Request the particular Debtor against which their Administrative Expense is asserted and the case number of that Debtor's bankruptcy case. An Administrative Expense Request listing no reference to a particular Debtor or an Administrative Expense Request listing all of the Debtors will be deemed filed against Circuit City Stores, Inc., Case No. 08-35653.

## CONSEQUENCES OF FAILURE TO FILE
## ADMINISTRATIVE EXPENSE REQUESTS

**Any holder of an Administrative Expense that is required to file (but fails to file) an Administrative Expense Request in accordance with the procedures set forth herein on or before the Second Administrative Expense Bar Date (a) shall be forever barred, estopped, and enjoined from asserting any Administrative Expense against the Debtors and the Debtors shall be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense and (b) shall not be permitted to receive payment from the Debtors' estates or participate in any distribution under any plan or plans of liquidation in the Debtors' chapter 11 cases on account of such Administrative Expense.**

5

### TIME AND PLACE FOR FILING ADMINISTRATIVE EXPENSE REQUESTS

A signed original of Administrative Expense Request, together with accompanying documentation, must be **delivered so as to be received** no later than 5:00 p.m. Pacific Time on or before March 31, 2010, at the following address by mail, hand delivery or overnight courier:

**Circuit City Stores, Inc., et al.**
**Claims Processing Dept.**
**Kurtzman Carson Consultants LLC**
**2335 Alaska Avenue**
**El Segundo, CA  90245**

**Any Administrative Expense Request submitted by facsimile or other electronic means will not be accepted and will not be deemed filed until such Administrative Expense Request is submitted by the method described in the foregoing sentence. Administrative Expense Requests will be deemed filed only when actually received at the address listed above.** If you wish to receive acknowledgment of the Debtors' receipt of your Administrative Expense Request, you must also submit a copy of your Administrative Expense Request and a self-addressed, stamped envelope.

### ADDITIONAL INFORMATION

If you require additional information regarding the filing of an Administrative Expense Request, you may contact the Debtors in writing, through their counsel, at the address listed above.  You may also contact Kurtzman Carson Consultants LLC, at (888)830-4650 between 9:00 a.m. and 5:00 p.m. Pacific Time.

### RESERVATION OF RIGHTS

The Debtors reserve the right to: object to (i) any claim, whether filed or scheduled (e.g., as contingent, unliquidated or disputed), and (ii) any Administrative Expense on any ground, or to dispute, or to assert offsets against or defenses to, any claim or Administrative Expense, as to amount, liability, classification, or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated.

PLEASE REFER TO THE SECOND ADMINISTRATIVE BAR DATE ORDER FOR OBJECTION PROCEDURES APPROVED BY THE BANKRUPTCY COURT APPLICABLE TO ADMINISTRATIVE EXPENSE REQUEST

**DEBTORS AND DEBTORS IN POSSESSION AND THE LAST FOUR DIGITS OF
THEIR RESPECTIVE TAXPAYER IDENTIFICATION NUMBERS**

Circuit City Stores, Inc. (3875)
Abbott Advertising Agency, Inc. (4659)
Circuit City Stores West Coast, Inc. (0785)
CC Distribution Company of Virginia, Inc. (2821)
Circuit City Properties, LLC (3353)
Patapsco Designs, Inc. (6796)
Ventoux International, Inc. (1838)
Sky Venture Corporation (0311)
PRAHS, INC. (n/a)
XSStuff, LLC (9263)
Kinzer Technology, LLC (2157)
Circuit City Purchasing Company, LLC (5170)
Orbyx Electronics, LLC (3360)
InterTAN, Inc. (0875)
CC Aviation, LLC (0841)
Courchevel, LLC (n/a)
Circuit City Stores PR, LLC (5512)
Mayland MN, LLC (6116)

BY ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN
DISTRICT OF VIRGINIA DATED February [   ], 2010.

## **EXHIBIT B**

**(Omnibus Objection Procedures Previously Approved By
Order Of The Bankruptcy Court)**

Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

        IN THE UNITED STATES BANKRUPTCY COURT
        FOR THE EASTERN DISTRICT OF VIRGINIA
                RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :    Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :    Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :    Jointly Administered
- - - - - - - - - - - - - - x


    **PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS**

        Pursuant to the Order Establishing Omnibus Objection
Procedures and Approving the Form and Manner of the Notice
of Omnibus Objections (Docket No. ___) (the "Order")[1] entered
by the Bankruptcy Court on March [__], 2009, the Bankruptcy
Court approved these procedures for filing omnibus
objections to proofs of claims and requests for allowance
and payment of administrative expenses and/or cure claims
(collectively, the "Claims") in connection with the above-

_____

[1] Capitalized terms used but not otherwise defined herein shall have the
meanings set forth in the Order.

captioned chapter 11 cases (the "Omnibus Objection Procedures").

**Omnibus Objection Procedures**

1.  **Form of Omnibus Objection**.  Omnibus Objections will be numbered consecutively, regardless of basis.

2.  **Number of Proofs of Claim per Omnibus Objection**. The Debtors may object to no more than 500 Claims per Omnibus Objection.

3.  **Grounds for Omnibus Objection**.  The Debtors may object to the Claims on any grounds.

4.  **Supporting Documentation**. To the extent appropriate, Omnibus Objections may be accompanied by an affidavit or declaration that states that the affiant or the declarant has reviewed the Claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the Claim on the Debtors' books and records and believes such documentation does not provide prima facie evidence of the validity and amount of such Claims.

5.  **Claims Exhibits**.  An exhibit listing the Claims that are subject to the Omnibus Objection will be attached to each Omnibus Objection. Each exhibit will only contain those Claims to which there is a common basis for the Omnibus Objection.  Claims for which there is more than one basis for an Omnibus Objection will be referenced on each applicable exhibit. Each exhibit will include, among other things, the following information: (a) an alphabetized list of the claimants whose Claims are the subject of the Omnibus Objection; (b) the claim numbers of the Claims that are the subject of the Omnibus Objection; (c) the grounds for the objections that are the subject of the Omnibus Objection; and (d) a reference to the exhibit of the Omnibus Objection in which the ground(s) for the objection is discussed. Where applicable, additional information may be included in the exhibits, including: for Claims that the Debtors seek to reclassify, the proposed classification of such claims; for Omnibus Objections in which the Debtors seek to reduce the amount of Claims, the proposed reduced claim amount; and for Claims that the Debtors propose to be surviving claims where related claims will be disallowed the surviving claim.

6.    **Omnibus Objection Notice**.  Each Omnibus Objection
will be accompanied by a notice of such Omnibus Objection
(each, a "Notice") in substantially the form attached to the
Order as <u>Exhibit 2</u>.  The Notice will, among other things:
(a) describe the basic nature of the Omnibus Objection; (b)
inform claimants that their rights may be affected by the
Omnibus Objection and encourage them to read the Omnibus
Objection carefully; (c) identify a response date and
describe the procedures for filing a written response (each,
a "Response") to the Omnibus Objection; (d) identify a
hearing date, if applicable, and related procedures; and (e)
describe how Claims, the Omnibus Objection and other
pleadings in the chapter 11 cases may be obtained. Although
the Notice generally will be in the form attached hereto, it
may be tailored specifically to address particular claimants
or types of Omnibus Objections.

7.    **Status Hearings**.  Status hearings for all Claims
for which timely responses are filed will be held on
scheduled omnibus hearing dates.  Unless otherwise notified,
no claimants will need to appear at the status hearings on
the Omnibus Objections.  If an evidentiary hearing is
necessary, claimants will be provided a separate notice of
hearing.

8.    **Order if No Response**.  The Debtors may submit an
order to the Bankruptcy Court sustaining each Omnibus
Objection to Claims for which the Debtors did not receive a
timely Response without further notice to such claimants.
The Debtors may submit an order for Claims in an Omnibus
Objection to which no response is filed, even if there are
Responses to certain Claims objected to in such Omnibus
Objection.

9.    **Each Objection Is a Contested Matter**.  Each Claim
subject to an Omnibus Objection and the Response thereto
shall constitute a separate contested matter as contemplated
by Bankruptcy Rule 9014, and any order entered by the
Bankruptcy Court will be deemed a separate order with
respect to such claim.

### <u>Requirements For All Responses To Objections</u>

Parties who disagree with the request sought in an
Omnibus Objection are required to file a Response in
accordance with the procedures set forth herein.  If a

claimant whose Claim is subject to an Omnibus Objection does
not file and serve a Response in compliance with the
procedures below, the Bankruptcy Court may sustain the
Omnibus Objection with respect to such Claims without
further notice to the claimant.

1.    **Contents**.  To facilitate a speedy and non-judicial
resolution of a Claim subject to an Omnibus Objection, any
claimant filing a Response shall use its best efforts to
include the following (at a minimum) in its filed Response,
to the extent such materials are not attached to its proof
of claim:

a.    a caption setting forth the name of the
Bankruptcy Court, the name of the Debtors,
the case number and the title of the Omnibus
Objection to which the Response is directed;

b.    the claimant's name and an explanation for
the amount of the Claim;

c.    a concise statement, executed by (or
identifying by name, address and telephone
number) a person with personal knowledge of
the relevant facts that support the Response,
setting forth the reasons why the Bankruptcy
Court should overrule the Omnibus Objection
as to the claimant's claim, including,
without limitation (to the extent not set
forth in its proof of claim), the specific
factual and legal bases upon which the
claimant intends to rely in support of its
Response and its underlying Claim;

d.    a copy of or identification of any other
documentation or other evidence of the Claim,
to the extent not already included with the
Claim that the claimant presently intends to
introduce into evidence in support of its
Claim at the hearing; provided, however, that
for a Response filed in support of a Claim
arising out of a lease of real property, the
Response need not attach such lease if the
claimant indicates its willingness to provide
such documentation upon request;

     e.    a declaration of a person with personal
            knowledge of the relevant facts that support
            the Response; and

     f.    the claimant's address, telephone number and
            facsimile number and/or the name, address,
            telephone number and facsimile number of the
            claimant's attorney and/or designated
            representative to whom the attorneys for the
            Debtors should serve a reply to the Response,
            if any (collectively, the "Notice Address").
            If a Response contains Notice Address that is
            different from the name and/or address listed
            on the Claim, the Notice Address will control
            and will become the service address for
            future service of papers with respect to all
            of the claimant's Claims listed in the
            Omnibus Objection (including all Claims to be
            disallowed and the surviving Claims) and only
            for those Claims in the Omnibus Objection.

     g.    To the extent such person differs from the
            person identified pursuant to subjection e,
            above, the name, address, telephone number,
            facsimile number, and electronic mail address
            of the representative of the claimant (which
            representative may be the claimant's counsel)
            party with authority to reconcile, settle or
            otherwise resolve the Omnibus Objection on
            the claimant's behalf (the "Additional
            Addresses").  Unless the Additional Addresses
            are the same as the Notice Addresses, the
            Additional Address will not become the
            service address for future service of papers.

    2.    **Failure to File a Timely Response**.  If the
claimant fails to file and serve a Response on or before the
Response Deadline in substantial compliance with the
procedures set forth herein, the Debtors may present to the
Bankruptcy Court an appropriate order granting the relief
requested in the Omnibus Objection without further notice to
the claimant.

    3.    **Service of the Response**.  A written Response to an
Omnibus Objection, consistent with the requirements
described herein and in the Notice, will be deemed timely

filed only if the Response is actually received by the
Bankruptcy Court on or before the Response Deadline.  A
written Response to an Omnibus Objection, consistent with
the requirements described herein and in the Notice, will be
deemed timely served only if filed in the office of the
clerk of the Bankruptcy Court on or before the Response
Deadline (which deadline will be clearly set forth in the
Notice).  If a Response is filed electronically through the
Bankruptcy Court's CM/ECF system, no other service on the
Debtors shall be necessary.  If the Response it not filed
electronically, the Response must be actually received on or
before the Response Deadline by the following parties:

SKADDEN, ARPS, SLATE, MEAGHER    MCGUIREWOODS LLP
& FLOM, LLP                      One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, VA 23219
Wilmington, DE 19899-0636        Attn: Dion W. Hayes
Attn: Gregg M. Galardi           Attn: Douglas M. Foley
Attn: Ian S. Fredericks

              - and -

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
333 West Wacker Drive
Chicago, IL 60606
Attn:  Chris L. Dickerson


     4.    **Reservation of Rights**.  Nothing in the Notice or
the Omnibus Objection will constitute a waiver of the right
to assert any claims, counterclaims, rights of offset or
recoupment, preference actions, fraudulent-transfer actions
or any other claims against the claimant of the Debtors.
Unless the Bankruptcy Court allows a Claim or specifically
orders otherwise, the Debtors have the right to object on
any grounds to the Claims (or to any other Claims or causes
of action filed by a claimant or that have been scheduled by
the Debtors) at a later date.  In such event, the respective
claimant will receive a separate notice of any such
objections.