Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :   Jointly Administered
            Debtors.        :   **Obj. Deadline: February 5, 2010**
- - - - - - - - - - - - - - x   **at 5:00 p.m. (ET)**

**NOTICE OF PROPOSED STIPULATION AND CONSENT ORDER
RESOLVING MOTION OF PREMIER RESOURCES INTERNATIONAL, LLC
FOR ALLOWANCE OF ADMINISTRATIVE CLAIM**

        PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(the "Settlement Procedures Order") (Docket No. 4401).[1]   A copy of the Settlement Procedures Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Agreement") with Premier Resources International, LLC., a copy of which is annexed as <u>Exhibit 2</u>.

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Agreement (defined below) or the Settlement Procedures Order.

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

## SUMMARY OF AGREEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Agreement are as follows:

(i)   The Proposed Settlement is a Tier I Settlement;

(ii)  The Agreement is between the Debtors and Premier Resources International, LLC (the "Claimant" and together with the Debtors, the "Parties" and each of which is a "Party");

(iii)   Claimant filed an administrative expense claim on June 19, 2009 in the amount of $28,179.97 ("Claim 13580");

(iv)  Claimant filed the Motion of Premiere [sic] Resources International, LLC for Allowance of Administrative Claim on August 12, 2009 (Docket No. 4453) (the "Motion");

(v)   The Debtors assert that they may have certain Avoidance Action Claims against Claimant.  Claimant denies this assertion.

(vi)  Upon the Effective Date, Claim 13580 shall be deemed an "allowed" administrative expense claim in case number 08-35653 (KRH), including with respect to any confirmed plan of liquidation, and shall be paid on the "effective date" of any such plan.

---

[3]  This section of the notice constitutes a summary of the material terms of the Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Agreement in its entirety.  In the event there is a conflict between the notice and the Agreement, the Agreement shall control in all respects.

(vii) Upon the occurrence of the Effective Date, the Motion shall be deemed resolved.

(viii)  Nothing in the Agreement shall be deemed or be construed as an impairment, waiver, or relinquishment of, or effect, impair, waive, or relinquish the Debtors' rights to recover the Avoidance Action Claims.

(ix) Nothing in the Agreement shall be deemed to effect or resolve any issues relating to Premier's pre-petition general unsecured claims, or the Debtors' rights with respect thereto.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO CONSIDER THE AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Settlement Procedures Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be in writing and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (see information below) by no later than **February 5, 2010 at 5:00 p.m. (ET)** (the "Objection Deadline").  Each Objection or Request must be served on (i) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F. Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Agreement and you do not want the Debtors to proceed with the Agreement or you want the Court to consider your views concerning the Agreement, you or you attorney must also:

file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically ([www.vaeb.uscourts.gov](http://www.vaeb.uscourts.gov)), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before February 5, 2010 at 5:00 p.m. (ET)**.

**Any Objection to an Agreement must be submitted by the method described in the foregoing sentence.  Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Settlement Procedures Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time per Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Agreement without further order of the Court or any other action by the Debtors**.

Dated: January 29, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Dion W. Hayes
(VSB No. 34304)
Douglas M. Foley
(VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   1Case No. 08-35653 (KRH)
<u>et al</u>.,              :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

            Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.



of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 9006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the establishment of procedures to settle certain pre-petition and post-petition claims and causes of action without further court approval; and the Court having reviewed the Motion; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.  Based on the affidavits of service filed, due, proper and adequate notice of the Motion has been given in accordance with the Case Management Order and that no other or further notice is necessary;

2.  The Notice Procedures are fair, reasonable, and appropriate.

3.  The Settlement Procedures are fair reasonable, and appropriate.

4.  The Notice and Settlement Procedures were proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
([dblanks@mcguirewoods.com](mailto:dblanks@mcguirewoods.com)), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
([jpomerantz@pszjlaw.com](mailto:jpomerantz@pszjlaw.com)) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
([rfeinstein@pszjlaw.com](mailto:rfeinstein@pszjlaw.com)).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    <u>Tier I</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    <u>Tier II</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   _Tier I_ With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   _Tier II_ With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

8

> seventy-five percent (75%) of the Debtors'
> original reasonable estimate of the Cause of
> Action and Receivable Claim amount.

13.    To memorialize the Settlements, the

Debtors are authorized in their sole discretion, but not

directed, to enter into Settlement Agreements

substantially in the form of Exhibit A attached hereto;

provided, further, that the material terms of each

Settlement Agreement may vary depending upon the

specific facts and circumstances of each Settlement and

nothing herein or therein shall be construed as

impairing the Debtors' ability to tailor the form of the

Settlement Agreement to each specific Settlement.

14.    The Debtors are authorized, but not

directed, to resolve all of the Disputed Claims and

Cause of Action and Receivable Claims of a single party

in a single Settlement Agreement.

15.    The Debtors shall provide written notice

to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'

authorized claims and noticing agent, with respect to

any proof of claim settled pursuant to these Settlement

Procedures; provided, further, that, if applicable, KCC

9

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.   Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.   Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.  This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
 Aug 7 2009_____, 2009

                         /s/ Kevin R. Huennekens
                         _____
                         UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:            Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER    MCGUIREWOODS LLP
& FLOM, LLP                      One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-      (804) 775-1000
0636
(302) 651-3000


            - and –


Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700


Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
          Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - x

**STIPULATION AND CONSENT ORDER RESOLVING MOTION OF PREMIER
RESOURCES INTERNATIONAL, LLC FOR ALLOWANCE OF ADMINISTRATIVE
CLAIM**

        This Stipulation and Consent Order Resolving Motion of

Premier Resources International, LLC for Allowance of

Administrative Claim (this "Stipulation and Order") is made as

of January 28, 2010 by and among the above-captioned debtors and

1

debtors in possession (the "Debtors") and Premier Resources

International, LLC ("Premier"), by and through their undersigned

counsel.  Circuit City and Premier are sometimes referred to

herein collectively as the "Parties" or individually as a

"Party."

**A.    The Bankruptcy Cases.**

WHEREAS, on November 10, 2008 (the "Petition Date"),

the Debtors filed voluntary petitions in this Court for relief

under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"); and

WHEREAS, the Debtors continue as debtors in possession

pursuant to Bankruptcy Code sections 1107 and 1108; and

WHEREAS, on November 12, 2008, the Office of the

United States Trustee for the Eastern District of Virginia

appointed a statutory committee of unsecured creditors (the

"Creditors' Committee").  To date, no trustee or examiner has

been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the

Debtors, among other things, to commence liquidation and conduct

going out of business sales at the Debtors' remaining 567 stores

pursuant to an agency agreement (the "Agency Agreement") between

the Debtors and a joint venture, as agent (the "Agent").  On

January 17, 2009, the Agent commenced going out of business

sales pursuant to the Agency Agreement at the Debtors' remaining

2

stores.   The going out of business sales concluded on or about
March 8, 2009; and

WHEREAS, on September 29, 2009, the Debtors and the
Creditors' Committee filed the First Amended Joint Plan of
Liquidation of Circuit City Stores, Inc. and its Affiliated
Debtors and Debtors In Possession and its Official Committee of
Creditors Holding General Unsecured Claims (the "Plan").   The
associated disclosure statement (the "Disclosure Statement") was
approved on September 24, 2009, and confirmation on the Plan is
currently scheduled for January 28, 2010; and

WHEREAS, generally, the Plan provides for the
liquidation of the Debtors under chapter 11 of the Bankruptcy
Code; and

WHEREAS, the Debtors are authorized under the Court's
Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002,
9006, and 9019 Authorizing the Establishment of Procedures to
Settle Certain Pre-Petition and Post-Petition Claims and Causes
of Actions Without Further Court Approval dated August 10, 2009
(D.I. 4401; the "Settlement Procedures Order")  to enter into
this Stipulation and Order, subject to the Notice Procedures;
and

**B.    The Premier Administrative Expense Claim and Motion.**

WHEREAS, Circuit City Stores, Inc. ("Circuit City")
and Premier were parties to that certain sourcing agreement

3

dated May 1, 2008 (the "Agreement").   Pursuant to the Agreement,

Premier provided the Debtors with comprehensive sourcing

services for the purpose of identifying qualified foreign

manufacturers and monitoring performance of any such

manufacturers with whom Circuit City entered into a direct

purchase contract; and

WHEREAS, on June 19, 2009, Premier filed an

administrative expense claim numbered 13580 against the Debtors'

bankruptcy estates (the "Administrative Claim").   Therein,

Premier claimed that it was owed $28,179.47 for services

provided to the Debtors under the Agreement on and after the

Petition Date pursuant to 11 U.S.C. § 503(b)(1) of the

Bankruptcy Code; and

WHEREAS, on August 12, 2009, Premier filed the Motion

of Premiere [*sic*] Resources International, LLC for Allowance of

Administrative Claim (the "Motion") (D.I. 4453).   By way of the

Motion, Premier sought immediate allowance of its Administrative

Claim.   Premier did not seek immediate payment of its

Administrative Claim; and

**C.    The Avoidance Action Claims.**

WHEREAS, the Debtors assert that they may have certain

claims against Premier under chapter 5 of the Bankruptcy Code

(the "Avoidance Action Claims").   Premier denies that it

4

received transfers that are avoidable under the Bankruptcy Code;
and

WHEREAS, the Parties wish to resolve the issues raised
in the Motion, but not settle the Avoidance Action Claims; and

NOW THEREFORE, subject to and in accordance with the
Settlement Procedures Order, the Parties hereby STIPULATE AND
AGREE AND IT IS HEREBY ORDERED that:

1.   The Motion is fully resolved on the terms set
forth in this Stipulation and Order.

2.   The Premier Administrative Claim shall be deemed
an "allowed" administrative expense claim in case number 08-
35653 (KRH), including with respect to any confirmed plan of
liquidation, and shall be paid on the "effective date" of any
such plan.

3.   Notwithstanding anything to the contrary in this
Stipulation and Order, the Parties agree that nothing herein
shall be deemed to be or construed as an impairment, waiver, or
relinquishment of, or effect, impair, waive, or relinquish, the
Debtors' rights to recover the Avoidance Action Claims under
chapter 5 of the Bankruptcy Code, including (without limitation)
sections 502, 542, 543, 544, 546, 547, 548, 549, 550, 553 and
558) or Premier's defenses to the Avoidance Action Claims.  The
Parties expressly and forever waive any defense that this
Stipulation and Order, any of its terms, or any order approving

5

this Stipulation and Order in any way affected, impaired, waived, or relinquished such rights or defenses.

4.   Nothing herein shall be deemed to effect or resolve any issues relating to Premier's pre-petition general unsecured claims, or the Debtors' rights with respect thereto.

5.   Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

6.   This Stipulation and Order shall be binding upon and inure to the benefit of the Parties hereto and their successors and assigns, including any trustee or liquidating trust appointed in Debtors' chapter 11 cases or any subsequent chapter 7 case.  This Stipulation and Order shall survive confirmation of a plan of reorganization or plan of liquidation in Debtors' chapter 11 cases.

7.   No provision of this Stipulation and Order is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors.

8.   This Stipulation and Order may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

6

9.    This Stipulation and Order constitutes the entire agreement and understanding of the Parties regarding the Stipulation and Order and the subject matter thereof.

10.    The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Stipulation and Order.

11.    Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement.  The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

12.   This Stipulation and Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or order of the Bankruptcy Court.

Dated: Richmond, Virginia
       _____, 2010


_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

**ACCEPTED AND AGREED TO BY:**


PREMIER RESOURCES                    DEBTORS AND DEBTORS IN POSSESSION
INTERNATIONAL, LLC

By: /s/ Peter A. Greenburg__        By:
     Peter A. Greenburg            SKADDEN,  ARPS,  SLATE,  MEAGHER  &
GREENBURG, SPENCE & TAYLOR, LLC      FLOM, LLP
51 Monroe Place                     Gregg M. Galardi, Esq.
Suite 707                           Ian S. Fredericks, Esq.
Rockville, MD  20850                 P.O. Box 636
Tel: (301) 610-0010                 Wilmington, Delaware
Fax: (301) 610-0021                 19899-0636
                                    (302) 651-3000
*Counsel for PREMIER RESOURCES*
*INTERNATIONAL, LLC*                 - and -

                                    SKADDEN,  ARPS,  SLATE,  MEAGHER  &
                                    FLOM, LLP
                                    Chris L. Dickerson, Esq.
                                    155 North Wacker Drive
                                    Chicago, Illinois 60606
                                    (312) 407-0700

                                    - and -

                                    MCGUIREWOODS LLP

                                    /s/ Douglas M. Foley_____
                                    Dion W. Hayes
                                    (VSB No. 34304)
                                    Douglas M. Foley
                                    (VSB No. 34364)
                                    One James Center
                                    901 E. Cary Street
                                    Richmond, Virginia 23219
                                    (804) 775-1000

                                    Counsel for Debtors and Debtors in
                                    Possession