Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**MOTION TO SEAL EXHIBIT TO DEBTORS' MOTION FOR
ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363(b)
AND 503(c)(3) APPROVING A LIQUIDATION RETENTION PLAN
AND AUTHORIZING PAYMENT OF LIQUIDATION RETENTION PAY**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] hereby move

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia,

(the "Motion") for entry of an order substantially in the form of Exhibit A hereto, pursuant to sections 107(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors in the above-captioned bankruptcy cases to file a certain document under seal.  In support of the Motion, the Debtors respectfully represent:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018.

**BACKGROUND**

---

Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, Virginia 23060.

2

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

6. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores. On or about March 8, 2009, the going out of business sales concluded.

7. On September 24, 2009 the Court entered an Order Approving (I) Disclosure Statement (the "Disclosure Statement"), (II) Notice of the Disclosure Statement

Hearing, (III) Hearing Date to Consider Confirmation of the Plan, (IV) Procedures for Filing Objections to Plan, (V) Voting Agent and Deadlines Related to Solicitation and Confirmation, (VI) Procedures with Respect to Certain Claims and (VII) Solicitation Procedures for Confirmation of the Plan (Docket No. 5090).

8. The hearing on confirmation of the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims (the "Plan") is scheduled to commence on February 11, 2010 at 11:00 a.m. (Eastern).

9. Concurrently herewith, the Debtors filed the Debtors' Motion for Order Under Bankruptcy Code Sections 105, 363(b) and 503(c)(3) Approving a Liquidation Retention Plan and Authorizing Payment of Liquidation Retention Pay (the "Liquidation Retention Plan Motion"). The Liquidation Retention Plan Motion seeks an order approving a liquidation retention plan and authorizing, but not directing, the payment of wind down retention pay to the Debtors' employees identified on its Exhibit A (the "List").

**RELIEF REQUESTED**

4

10. By this Motion, the Debtors respectfully request entry of an order pursuant to section 107(b) and Bankruptcy Rule 9018 granting the Debtors leave to file the List under seal.

**BASIS FOR RELIEF**

11. Section 107(b) of the Bankruptcy Code authorizes the Court to issue orders to protect entities from potential harm caused by the disclosure of confidential information. In particular, section 107(b) provides that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information.
> . . . .

11 U.S.C. § 107(b)(1).

12. In addition, pursuant to Rule 9018 of the Federal Rules of Bankruptcy Procedure:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

FED. R. BANKR. P. 9018.

13. In granting relief under section 107(b) of the Bankruptcy Code, "[t]he court determines whether the subject documents fall within the provisions of § 107(b) and the appropriate remedies if they do." In re Barney's, Inc., 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). If the documents in question fall within the parameters of section 107(b), "the court is *required* to protect a requesting party and has no discretion to deny the application." In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); see also In re Lomas Fin. Corp., 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991) (noting the broad scope of the term "commercial information"). Public access to the confidential record should be denied if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986) (quoting Press-Enterprise I, 464 U.S. 501, 510 (1984)); see also In re Nunn, 49 B.R. 963, 965 (Bankr. E.D. Va. 1985) (sealing customer list because allowing "a competitor access to [creditor's] customer list would obviously have an adverse effect on [creditor]").

14. The List contains confidential and sensitive information concerning each Plan Participant's annual compensation and bonus structure. If the List were made

6

public, the Debtors believe that it could be detrimental to employee morale.  To avoid detrimentally affecting employee morale at this critical stage of the Debtors' cases, the Debtors respectfully submit that the List should be sealed and that good cause exists for such relief.

15.  The Debtors will deliver copies of the List to chambers for in camera review by the Court and to the Office of the United States Trustee for the Eastern District of Virginia and counsel to the Creditors' Committee.

16.  The Debtors propose to serve this Motion upon: (i) the Office of the United States Trustee for the Eastern District of Virginia, (ii) counsel to Creditors' Committee; (iii) parties who have requested notice pursuant to Bankruptcy Rule 2002; and (iv) the Core Group (as defined in the Case Management Order entered on November 13, 2008 at Docket No. 130).  The Debtors submit that, under the circumstances, no other or further notice of the Motion is required.

**WAIVER OF MEMORANDUM OF LAW**

17.  Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all

7

motions be accompanied by a separate memorandum of law be waived.

**NO PRIOR REQUEST**

18. No previous motion for the relief sought herein has been made to this or any other Court.

**CONCLUSION**

WHEREFORE the Debtors respectfully request that the Court enter an order substantially in the form of Exhibit A attached hereto and grant the Debtors such other and further relief as is just.

Dated: January 29, 2010
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley          .
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219

8

```
                              (804) 775-1000

                              Counsel for Debtors and Debtors
                              in Possession
```

**EXHIBIT A**

| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

– and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                         :  Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :  Case No. 08-35653 (KRH)
et al.,                        :
                               :
         Debtors.              :  Jointly Administered
- - - - - - - - - - - - - - - x
```

**ORDER AUTHORIZING DEBTORS TO FILE EXHIBIT UNDER SEAL**

Upon the motion (the "Motion")[1] of the Debtors for an Order, pursuant to section 107(b)(1) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure, wherein the Debtors requested authority to file a certain

---

[1] Capitalized terms used herein shall have the meanings ascribed to such terms in the Motion.

document under seal; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby,

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED.

2. The Debtors are authorized to file the List under seal and provide copies of the same to Chambers for <u>in camera</u> review, to the Office of the United States Trustee for the Eastern District of Virginia, and to counsel for the Creditors' Committee.

3. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:    Richmond, Virginia
          _____, 2010

          _____
          UNITED STATES BANKRUPTCY JUDGE

2

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                      /s/ Douglas M. Foley

\10543310.2