## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

```
------------------------------------------------------------x
In re:                                    :     Chapter 11
                                          :
CIRCUIT CITY STORES, INC., et al.,        :     Case No. 08-35653-KRH
                                          :
                                          :     Jointly Administered
                         Debtors.         :
------------------------------------------------------------x
```

### MOTION TO AMEND PROOF OF CLAIM

COMES NOW James H. Wimmer, Jr. ("Mr. Wimmer"), by counsel, pursuant to Federal Rule of Civil Procedure 15, Rules 7015 and 9014 of the Federal Rule of Bankruptcy Procedure, or alternatively, pursuant to section 105 of the United States Bankruptcy Code, and moves this Court to allow Mr. Wimmer to amend his proof of claim docketed January 30, 2009, and, in support thereof, states the following:

### Parties

1.      On November 10, 2008, Circuit City Stores, Inc.; Circuit City Stores West Coast, Inc.; InterTAN, Inc.; Ventoux International, Inc.; Circuit City Purchasing Company, LLC; CC Aviation, LLC; CC Distribution Company of Virginia, Inc.; Circuit City Stores PR, LLC; Circuit City Properties, LLC; Orbyx Electronics, LLC; Kinzer Technology, LLC; Courchevel, LLC; Abbott Advertising Agency, Inc.; Mayland MN, LLC; Patapsco Designs, Inc.; Sky Venture Corp.; XSStuff, LLC;  and PRAHS, INC. (collectively, the "Debtors") filed voluntary petitions

---

Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
CHRISTIAN & BARTON, LLP
909 E. Main Street, Suite 1200
Richmond, Virginia 23219
(804) 697-4100
(804) 697-4112 (facsimile)

Counsel to James H. Wimmer

for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of Virginia, Richmond, Virginia (the "Court").

2.     Mr. Wimmer is <u>the</u> longest tenured employee of the Debtors having commenced employment with the Debtors, then known as Wards Company, Inc., as a sales associate in May 1969.

**<u>Background</u>**

3.     On December 11, 2008, the Court entered an order setting a general claims bar date of January 30, 2009 at 5:00 p.m. (Pacific) (the "General Bar Date") (Docket # 890).

4.     On or about January 27, 2009, Mr. Wimmer filed a proof of claim in the case in the amount of $1,749,707.14 (the "Claim"). *See* Proof of Claim No. 9584.

5.     "[T]he Debtors previously maintained the Retirement Plan of Circuit City Stores, Inc. (as amended, the 'Pension Plan') to provide retirement benefits for certain of its employees." Debtor's Motion, Pursuant to Bankruptcy Code Sections 105 and 363 and Bankruptcy Rule 9019, for Order Approving Settlement Agreement and Stipulation By and Among the Debtors and the Pension Benefit Guaranty Corporation (the "Debtor's Motion for Settlement with PBGC") at ¶ 10, docketed October 5, 2009 (Docket # 5154).

6.     Mr. Wimmer is a participant in the Pension Plan.

7.     On May 21, 2009, the Pension Plan was terminated and the Pension Benefit Guaranty Corporation (the "PBGC") was appointed as the statutory trustee.  As more fully explained:

> . . . On or about April 20, 2009, the PBGC provided the Debtors with a Notice of Determination, stating PBGC's determination that the Pension Plan had to be terminated in order to protect the interests of the Pension Plan's participants and stating its intention to seek termination of the Pension Plan under 29 U.S.C. section 1342, either by agreement with Debtor, Circuit City Stores, Inc., as plan administrator, or by court action.

2

. . . On May 21, 2009, the Pension Plan administrator signed a Termination and Trusteeship Agreement ("Termination Agreement") with respect to the Pension Plan.  PBGC signed the Termination Agreement on or about May 26, 2009.  Under the Termination Agreement, the Pension Plan was terminated and PBGC was appointed statutory trustee of the Pension Plan pursuant to 29 U.S.C. § 1342, and March 31, 2009 . . . was established as the date of plan termination pursuant to 29 U.S.C. § 1348. As a result of the Pension Plan termination and PBGC's appointment as statutory trustee, PBGC assumed the assets and liabilities of the Pension Plan and is responsible for paying benefits under the Pension Plan, up to the levels permitted by law.

Debtor's Motion for Settlement with PBGC at ¶¶ 13, 14.

8.      By letter dated September 23, 2009, the PBGC notified Mr. Wimmer that as of November 1, 2009, his pension benefit would be reduced from $6,072.48, a month to $4,601.20, a month.  The letter stated that "[i]n plans that were not sufficiently funded by the plan sponsor, [the PBGC] cannot pay amounts above the maximum dollar limit that Congress has established." Mr. Wimmer was further notified that the PBGC would "likely need to further reduce [his] benefit to account for the approximately $10,298.96 that [he] already received to date that is over and above the limits set by Congress."  The letter is attached hereto as Exhibit A.

9.      Upon information and belief, this reduction in pension benefit will cause Mr. Wimmer a loss of income in the estimated amount of $406,073.28, based on a life expectancy of 23.5 years as calculated based the Internal Revenue Service's life expectancy table.

## Argument

10.     The amendment sought herein by Mr. Wimmer is one that is within the bankruptcy court's discretion to grant.  *See Jackson v. IRS (In re Jackson)*, 220 B.R. 273, 275 (Bankr. W. D. Va. 1998) (quoting *U.S. Roberson*, 188 B.R. 364, 365 (D. Md. 1995)).  The *Jackson* opinion explains that

[t]here are two bases for granting leave to amend a proof of claim: (1) equitable and (2) statutory. An equitable amendment under 11 U.S.C. § 105(a), may be allowed when the debtor had knowledge of the potential claim or liability. Alternatively, an amendment under Fed.R.Civ.P. 15(c) focuses on the nexus between the original claim and the amendment.

*Jackson*, 220 B.R. at 275 (quoting *In re Unroe*, 137 F.2d 346, 350 (7th Cir. 1991)).

11.     Federal Rule of Civil Procedure 15, made applicable to these proceedings pursuant to Rules 7015 and 9014 of the Federal Rules of Bankruptcy Procedure provides the following:

**(a)     Amendments Before Trial . . .**

(2)     ***Other Amendments*** . . . a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires . . . .

**(c)     Relation Back of Amendments.**

(1)     *When an Amendment Relates Back.* An amendment to a pleading related back to the date of the original pleading when:

(A)     the law that provided the applicable statute of limitations allows relation back;

(B)     the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading;

**(d)     Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. . . .

Fed.R.Civ.P. 15.

12.     Section 105 of the United States Bankruptcy Code provides the following:

**Power of the court**

> (a)    The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

13.    While

> there is no absolute right to amend a proof of claim after the claims bar date[,] . . . courts have generally allowed amendment, after the bar date has passed, of a timely-filed proof of claim to cure a defect in the claim as filed or to describe the claim with greater particularity, so long as the amendment will not cause undue prejudice to the debtor or to other creditors.

*See In re Ayers-Haley*, 2008 Bankr. LEXIS 132, *7 (Bankr. E.D. Va., Jan. 16, 2008) (citing In *re*

*Marohn*, 1997 WL 866612 at *4 (Bankr. E.D. Va., September 26, 1997)) (other citations

omitted).

14.    The Claim is timely-filed.

15.    After the General Bar Date, the Pension Claim was terminated and Mr. Wimmer's

pension benefit was reduced based on the Debtor's failure, as the plan sponsor, to sufficiently

fund the Pension Plan.  Thus, this amendment is caused by events not occurring until after the

General Bar Date.

16.    Allowing this amendment will not cause undue prejudice to the Debtors or to

other creditors.

WHEREFORE, Mr. Wimmer prays that this court permit him to amend his Claim in

order to increase the Claim amount by $406,073.28.  Mr. Wimmer prays that this court rules

upon this motion without an oral hearing, as permitted by Local Rule 9013-1(L).

Dated:  February 2, 2009                 Respectfully submitted,


                                         /s/ Michael Mueller
                                         Augustus C. Epps, Jr., Esquire (VSB 13254)
                                         Michael D. Mueller, Esquire (VSB 38216)
                                         Jennifer M. McLemore, Esquire (VSB 47164)
                                         CHRISTIAN & BARTON, LLP
                                         909 East Main Street, Suite 1200
                                         Richmond, Virginia 23219
                                         Telephone: (804) 697-4100
                                         Facsimile: (804) 697-4112

                                         Counsel to James H. Wimmer


## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February, 2010, a copy of this Motion to Amend Claims and Memorandum in Support Thereof was served via electronic delivery to the parties on the Court's CM/ECF system.


                                         /s/ Michael D. Mueller
                                         Michael D. Mueller

993851