Sharon Z. Weiss  
RICHARDSON & PATEL LLP  
Murdock Plaza  
10900 Wilshire Boulevard, Suite 500  
Los Angeles, California 90024  
Tel: (310) 208-1182  
Fax: (310) 208-1154  

*Counsel for Apex Digital, Inc.*

David M. Poitras  
JEFFER, MANGELS, BUTLER &  
MARMARO LLP  
1900 Avenue of the Stars, Seventh Floor  
Los Angeles, California 90067  
Tel: (310) 203-8080  
Fax: (310) 203-0567  

*Counsel for THQ, Inc.*

– and –

Michael St. Patrick Baxter  
Dennis B. Auerbach  
Joshua D. McKarcher (VSB No. 77061)  
COVINGTON & BURLING LLP  
1201 Pennsylvania Avenue NW  
Washington, DC  20004-2401  
Tel: (202) 662-6000  
Fax: (202) 662-6291  

*Co-Counsel for Apex Digital, Inc. and THQ, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In Re<br><br>CIRCUIT CITY STORES, INC., *et al.*,<br><br>　　　　　　　　　　Debtors. | Case No. 08-35653 (KRH)<br><br>Chapter 11<br><br>Jointly Administered |

**REPLY OF APEX DIGITAL, INC. AND THQ, INC. TO DEBTORS' OBJECTION TO MOTION FOR RECONSIDERATION OF COURT'S ORDER ON DEBTORS' FIFTY-FIRST AND FIFTY-SECOND OMNIBUS OBJECTIONS**

Pursuant to Local Rule 9013-1(H)(3)(a), Apex Digital, Inc. and THQ, Inc. ("Movants") submit this Reply to the Debtors' Objection to Movants' Motion for

Reconsideration of the Court's January 6, 2010 Memorandum Opinion and Order on Debtors' Fifty-First and Fifty-Second Omnibus Objections. As shown below, there is no basis for the Debtors' assertion that Movants have not met the Rule 59 reconsideration standard, or for their substantive contention that section 503(b)(9) claimants must file proofs of claim.

1. Movants' Motion for Reconsideration (Docket No. 6258) and Supplemental Response (Docket No. 5666) address one narrowly-defined, dispositive issue: the applicability of Federal Rules of Bankruptcy Procedure 3002 and 3003(c) to administrative expense claims asserted under 11 U.S.C. § 503(b)(9). The Debtors do not — because they cannot — contend that any of their <u>four</u> pre-hearing briefs anywhere reference Bankruptcy Rules 3002 or 3003(c). *See* Docket Nos. 5215, 5217, 5621, 5622. The Debtors do not dispute that they relied on those Rules <u>for the first time</u> at the November 12, 2009 hearing on their Omnibus Objections. Nor do the Debtors assert that any section 503(b)(9) claimant briefed this issue prior to the Movants' Supplemental Response. *See* Objection, at 16–21.

2. The argument raised by the Debtors for the first time on November 12 was a necessary premise of the Court's decision sustaining the Omnibus Objections. The Court should grant reconsideration to ensure that it considers the only section 503(b)(9) claimant's brief that addressed this narrow, dispositive issue prior to its ruling.

3. Moreover, as demonstrated in the Motion for Reconsideration and the Supplemental Response, the Court's determination that section 503(b)(9) claimants must file proofs of claim constitutes clear legal error. The requirements of Bankruptcy Rule 9023 and Federal Rule of Civil Procedure 59 are thereby satisfied and the Court may properly reconsider its January 6 Order. *See, e.g.*, *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)

2

(reconsideration appropriate to correct clear legal error); *In re E.M. Williams & Sons, Inc.*, No. 08-30054, 2009 WL 2211727, *1-2 (Bankr. E.D. Va. July 17, 2009) (same).

4.  Turning to the merits, the Court was able to square its ruling with the Fourth Circuit's decision in *Durham*[1] only by holding that section 503(b)(9) claimants must file proofs of claim. That conclusion, however, is at odds both with section 503 itself and with the Court's own prior order governing the assertion of section 503(b)(9) administrative expense claims (Docket No. 107, ¶ 6).

5.  Section 503 requires that, upon the filing of "a request for payment of an administrative expense," and "[a]fter notice and a hearing, there shall be allowed" valid subsection (b)(9) claims. *See* § 503(a)–(b). The language of section 503(a)–(b) unambiguously provides a mechanism by which administrative expenses "shall" be allowed. Nothing in the Code suggests that a distinct or additional procedure applies to section 503(b)(9) administrative expense claims.

6.  Contrary to the Debtors' assertion, no Bankruptcy Rule or Official Form can modify the straightforward statutory command of § 503. *See* 28 U.S.C. § 2075 (Bankruptcy Rules "shall not abridge, enlarge, or modify any substantive right"). The Court's conclusion that Rules 3002 and 3003 require section 503(b)(9) claimants to "first, file a proof of claim under § 501, second, have the claim allowed under § 502, and then, third, request administrative expense priority under § 503(a)" (Memorandum Opinion, at 11) is clear error because it reads the Bankruptcy Rules to substantively modify section 503, in derogation of 28 U.S.C. § 2075. The <u>Rules</u> cannot properly be construed to require three steps when the

---

[1] *Durham v. SMI Indus. Corp.*, 882 F.2d 881, 883 (4th Cir. 1989).

Code permits one. *See Cooper v. IRS*, 167 F.3d 857, 860 (4th Cir. 1999) (Bankruptcy Rule not controlling when it "impermissibly conflicts with the Code") (citation and internal quotation marks omitted); *In re Pac. Atl. Trading Co.*, 33 F.3d 1064, 1066 (9th Cir. 1994) ("[A]ny conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code."); *see also* Motion for Reconsideration, at 3.[2]

       7.     The Memorandum Opinion also states that neither the Rules nor the Code "provide § 503(b)(9) Claimants an exception" to Rule 3002. Memorandum Opinion, at 11. The Debtors likewise assert that "none of the exceptions provided for in Bankruptcy Rule 3002 applies with respect to the 503(b)(9) Claimants." Objection, at 26. We respectfully submit that this analysis has it backwards. In *Cooper*, the Fourth Circuit held that a priority claim could not be barred as untimely under Rule 3002 because section 726(a) of the Code provides for the allowance of certain untimely claims. *Cooper*, 167 F.3d at 860. Rule 3002 similarly cannot be read here to require a section 503(b)(9) claimant to file a proof of claim because a "request for payment" is sufficient under section 503 and a valid administrative claim filed in accordance with that Code provision "shall be allowed." No "exception" to Rule 3002 need be found because, under *Cooper*, the Rule cannot be construed to override section 503 in the first place.

---

[2] Moreover, Bankruptcy Rule 1001 commands that the "rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." This Rule provides an additional basis for rejecting the Debtors' contention that section 503(b)(9) claimants must navigate a three-step gauntlet not required of any other administrative expense claimants.

4

8.      Because a section 503(b)(9) claimant need only file a request (or motion) for payment and not a proof of claim pursuant to the plain language of the Code (as well as this Court's prior Order), section 502(d) is not a valid basis for disallowance under binding Fourth Circuit precedent.  *See Durham*, 882 F.2d at 883.

## Conclusion

For the foregoing reasons, Movants' Motion for Reconsideration should be granted and the Debtors' Omnibus Objections should be overruled.

Dated: February 3, 2010                    Sharon Z. Weiss
                                           RICHARDSON & PATEL LLP
                                           Murdock Plaza
                                           10900 Wilshire Boulevard, Suite 500
                                           Los Angeles, California 90024
                                           Tel: (310) 208-1182
                                           Fax: (310) 208-1154

                                           *Counsel for Apex Digital, Inc.*

                                           David M. Poitras
                                           JEFFER, MANGELS, BUTLER & MARMARO LLP
                                           1900 Avenue of the Stars, Seventh Floor
                                           Los Angeles, California 90067
                                           Tel: (310) 203-8080
                                           Fax: (310) 203-0567

                                           *Counsel for THQ, Inc.*

– and –

/s/   Joshua D. McKarcher
Michael St. Patrick Baxter
Dennis B. Auerbach
Joshua D. McKarcher (VSB No. 77061)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004-2401
Tel: (202) 662-6000
Fax: (202) 662-6291

*Co-Counsel for Apex Digital, Inc. and THQ, Inc.*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on February 3, 2010, I caused true and exact copies of the foregoing *Reply of Apex Digital, Inc. and THQ, Inc. to Debtors' Objection to Motion for Reconsideration of Court's Order on Debtors' Fifty-First and Fifty-Second Omnibus Objections* to be served via electronic mail on the below-listed parties and through the ECF system, which in turn will generate an electronic notice of filing to all parties registered to receive electronic notice from the Court.

       Gregg M. Galardi, Esq.
       Chris L. Dickerson, Esq.
       Ian S. Fredericks, Esq.
       Skadden, Arps, Slate, Meagher & Flom, LLP
       E-mail: gregg.galardi@skadden.com;
       chris.dickerson@skadden.com; Ian.Fredericks@skadden.com;
       project.circuitcity@skadden.com

       Dion W. Hayes, Esq.
       Douglas M. Foley, Esq.
       McGuire Woods LLP
       E-mail: dhayes@mcguirewoods.com; dfoley@mcguirewoods.com;
       circuitcityservice@mcguirewoods.com

       *Counsel for the Debtors*


       Robert B. Van Arsdale, Esq.
       Office of the U. S. Trustee
       E-mail: Robert.B.Van.Arsdale@usdoj.gov

       *Office of the United States Trustee*


       Brad R. Godshall, Esq.
       Pachulski Stang Ziehl & Jones, LLP
       E-mail: bgodshall@pszjlaw.com

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran PLC
E-mail: ltavenner@tb-lawfirm.com; pberan@tb-lawfirm.com

*Counsel to Official Committee of Unsecured Creditors*

Dated: February 3, 2010 /s/ Joshua D. McKarcher
Joshua D. McKarcher (VSB No. 77061)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004-2401
Tel: (202) 662-5223
Fax: (202) 778-5223
jmckarcher@cov.com

2