**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DISTRICT**

IN RE:

| | | |
|---|---|---|
| CIRCUIT CITY STORES, INC., | ) | CASE NO. 08-35653-KRH |
| et. al. | ) | |
| | ) | CHAPTER 11 |
| | ) | |
| | ) | JOINTLY ADMINISTERED |
| Debtors. | ) | |

**OJECTION OF THE UNITED STATES OF AMERICA TO DEBTORS MOTION FOR ORDER PURSUANT TO SECTIONS 105 AND 503, AND BANKRUPTCY RULES 2002 AND 9007 SETTING SECOND ADMINISTRATIVE BAR DATE**

The United States of America, by and through undersigned counsel, hereby objects to the debtors Motion for Order Pursuant to Sections 105 and 503, and Bankruptcy Rules 2002 and 9007 Setting Second Administrative Bar Date on the following grounds:

1.  The debtors motion and proposed Order violate 11 U.S.C. §503(b)(1)(D).  Section 503(b)(1)(D) states as follows:

> [N]otwithstanding the requirements of subsection (a) [which requires a timely filed request for payment], a governmental unit shall not be required to file a request for the payment of an expense described in subparagraph (B) or (C), as a condition of its being an allowed administrative expense.

*See also* In re Dawes, 382 B.R. 509 (Bankr. D. Kan. 2008).

2.  The debtors' Motion and the Order ignore the plain language of the Bankruptcy Code which exempts governmental units

Richard F. Stein
Special Assistant United States Attorney
D.C. Bar No. 931105
Eastern District of Virginia
600 East Main Street, Suite 1601
Richmond, VA  23219-2430
Tel. No. (804) 916-3945

from the onerous requirements of administrative claims bar deadlines.

3.    The administrative bar date provisions of the proposed Order, insofar as it applies to the Internal Revenue Service, conflict with the provisions of 11 U.S.C. §505.  Under §505 a trustee (debtor in possession) may file a tax return for taxes incurred in the administration of the estate accompanied by a request for a determination by the taxing authority and obtain a discharge from liability for the tax by paying the reported tax unless the taxing authority selects the return for audit within a certain time period.  In re Shin, 306 B.R. 397, 408 (Bankr. D.C. 2004).  The proposed Order "thrusts" on the taxing authority the obligation to file a request for payment within a set time period whether or not a return has been filed, or the tax has been paid.  Clearly, the administrative bar date provisions of the Order, insofar as it applies to the Service, conflict with the scheme that Congress set forth for determining and discharging administrative tax liabilities.

4.    The debtors are, or should be, well aware of the fact that the relief they request insofar as it applies to the United States of America or other governmental units is clearly contrary to the provisions of 11 U.S.C. § 503(b)(1)(D) in view of the fact that they have previously entered into an agreed Stipulation and Consent Order resolving the Service's objection

3

to the establishment of an initial administrative bar date.

Further, the debtors are, or should be, aware of this fact

because it was also raised in the United States of America's

objection to confirmation of the debtors First Amended Joint

Plan of liquidation.

5.   At pages seven and eight of the motion and at page 4

of the proposed order, the debtors specifically carve out from

the March 31, 2010 administrative bar date four classes of

creditors, including professional advisors retained by the

debtors or the creditors committee.  It would have been a simple

matter for the debtors to acknowledge the provisions of section

503(b)(1)(D) and add governmental units as a fifth class of

creditors which are exempt from the provisions of their proposed

order.

4

WHEREFORE, the United States objects to the debtors' motion

and proposed order.

Respectfully submitted,

NEIL H. MACBRIDE
United States Attorney


By:  /s/ Richard F. Stein
Special Assistant United States Attorney
Eastern District of Virginia
600 East Main Street, Suite 1601
Richmond, VA  23219-2430
Tel. No. (804) 916-3945

5

CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2010, a true and accurate copy of the foregoing OBJECTION OF THE UNITED STATES OF AMERICA TO DEBTORS MOTION FOR ORDER PURSUANT TO SECTIONS 105 AND 503, AND BANKRUPTCY RULES 2002 AND 9007 SETTING SECOND ADMINISTRATIVE BAR DATE was electronically filed with the Clerk of the Court using the CM/ECF system, which will thereby cause the above to be electronically served on all registered users of the ECF system that have filed notices of appearance in this matter.

Further, I hereby certify that on February 5, 2010, a true and accurate copy of the same was mailed, by U.S. Mail, first class, postage prepaid, to:

Douglas M. Foley, Esq.
McGuire Woods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, Virginia 23510

Dion W. Hayes, Esq.
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia  23219

Greg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899-0636

6

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Chicago, Illinois  60606

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219

Jeffrey N. Pomerantz, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA  90067-4100

Robert J. Feinstein, Esq.
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, New York  10017-2024

Robert B. Van Arsdale, Esq.
Office of the U. S. Trustee
701 E. Broad St., Suite 4304
Richmond, Virginia  23219


/s/ Richard F. Stein
Richard F. Stein
Special Assistant United States Attorney