Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :   Jointly Administered
            Debtors.        :
                            :   **Obj. Deadline: February 19, 2010**
- - - - - - - - - - - - - - x

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND SETTLEMENT
AGREEMENT**

        PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(D.I. 4401, the "Order").[1]  A copy of the Order (without exhibits) is annexed as Exhibit 1.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into Settlement Agreement and settlement agreements with third parties, subject to the procedures set forth in the Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a settlement agreement and Settlement Agreement (the "Settlement Agreement") with DIRECTV, Inc. ("DIRECTV"), a copy of which is annexed as Exhibit 2.

### SUMMARY OF SETTLEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Order, the material terms of the Settlement Agreement are as follows:

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Order.

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

[3]  **This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.**

(i)     The Settlement Agreement is a Tier II
        Settlement.

(ii)    The Settlement Agreement is between the
        Debtors and DIRECTV (the "Parties").

(iii)   Circuit City and DIRECTV engaged in
        business in the ordinary course prior to
        and subsequent to the Petition Date
        pursuant to certain agreements (the
        "Agreements") whereby Circuit City
        marketed and promoted DIRECTV receivers,
        service, and programming packages in its
        stores in exchange for certain marketing
        and advertising contribution
        reimbursements and/or commissions and
        acted as an independent retailer for
        DIRECTV broadcast satellite service.

(iv)    DIRECTV has asserted certain claims on
        account of product provided to the
        Debtors, including a section 503(b)(9)
        claim, a non-section 503(b)(9) pre-
        petition claim.  DIRECTV has further
        asserted that certain of its claims are
        secured by a right of setoff.  The
        Debtors have alleged that DIRECTV owes
        Circuit City Stores, Inc. certain pre-
        and post-petition amounts, including
        receivables, commissions and other
        amounts.  Following the Petition Date,
        the Debtors returned certain of
        DIRECTV's products to DIRECTV in
        exchange for an offset of the value of
        such inventory against DIRECTV's pre-
        petition claim.

(v)     The Settlement Agreement provides that
        DIRECTV's section 503(b)(9) claim will
        be valued at $148,375.00 and DIRECTV's
        pre-petition claim, net of the 503(b)(9)
        claim, shall be valued at $317,862.00.
        The Settlement Agreement further
        provides that the returned inventory
        shall be valued at $438,155 and the

3

Debtors' receivables will be valued at $1,059,887.36.

(vi)     The Settlement Agreement provides that the returned inventory amount and the receivables will be set off against each of DIRECTV's claims, reducing such claims to $0 and resulting in a net payment to the Debtors of $1,031,804.36 (the "Settlement Payment").  As part of the Settlement, upon receipt by the Debtors of the Settlement Payment, the Parties agree to release one another from and against any and all claims or causes of action arising from, in connection with, or relating to the Agreements or otherwise, other than with respect to claims for transfers which may be avoidable under the Bankruptcy Code (the "Avoidance Action Claims").

(vii)    The Settlement Agreement provides that that nothing in the Settlement Agreement shall be deemed to be or construed as an impairment, waiver, or relinquishment of, or effect, impair, waive, or relinquish, the Debtors' rights to recover the Avoidance Action Claims under chapter 5 of the Bankruptcy Code or DIRECTV's defenses to the Avoidance Action Claims.

(viii)   The Settlement Agreement provides for the efficient and consensual resolution of claims by and between the Debtors and DIRECTV.  As such, the Settlement Agreement will avoid unnecessary costs and expenses of negotiating the remaining issues between the Parties in a duplicative, piecemeal manner. Accordingly, the Settlement Agreement is in the best interests of the Debtors and their estates and creditors.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
SETTLEMENT AGREEMENT OR REQUESTING ADDITIONAL INFORMATION
OR TIME TO CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be in writing and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (the "Creditors' Committee")(see information below) by no later than **February 19, 2010** (the "Objection Deadline").  Each Objection or Request must be served on (i) counsel for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F. Blanks (dblanks@mcguirewoods.com), and (ii) counsel for the Creditors' Committee, (a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Settlement Agreement and you do not want the Debtors to proceed with Settlement Agreement or you want the Court to consider your views concerning such Settlement Agreement, you or you attorney must also: file in writing with the Bankruptcy Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before February 19, 2010.**

**Any Objection to the Settlement Agreement must be submitted by the method described in the foregoing sentence. Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Settlement Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested.  Each Notice Party may only make one Request for additional time, unless otherwise agreed to by the Debtors in their sole discretion.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Creditors' Committee or counsel to the Debtors and counsel for the Creditors' Committee do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any), **the Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: February 5, 2010          SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia        FLOM, LLP
                                 Gregg M. Galardi, Esq.
                                 Ian S. Fredericks, Esq.
                                 P.O. Box 636
                                 Wilmington, Delaware 19899-0636
                                 (302) 651-3000

                                          – and –

                                 SKADDEN, ARPS, SLATE, MEAGHER &
                                 FLOM, LLP
                                 Chris L. Dickerson, Esq.
                                 155 North Wacker Drive
                                 Chicago, Illinois 60606
                                 (312) 407-0700

                                          – and –

                                 MCGUIREWOODS LLP

                                 /s/ Douglas M. Foley
                                 Dion W. Hayes (VSB No. 34304)
                                 Douglas M. Foley (VSB No. 34364)
                                 One James Center
                                 901 E. Cary Street
                                 Richmond, Virginia 23219
                                 (804) 775-1000

                                 Counsel for Debtors and Debtors
                                 in Possession

**EXHIBIT 1**

**(Order without Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   1Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

            Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy
Code") and Rules 2002, 9006 and 9019 of the Federal
Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),
for entry of an order authorizing the establishment of
procedures to settle certain pre-petition and post-
petition claims and causes of action without further
court approval; and the Court having reviewed the
Motion; and upon the record herein; and after due
deliberation thereon; and good and sufficient cause
appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,
due, proper and adequate notice of the Motion has been
given in accordance with the Case Management Order and
that no other or further notice is necessary;

2.    The Notice Procedures are fair,
reasonable, and appropriate.

3.    The Settlement Procedures are fair
reasonable, and appropriate.

4.    The Notice and Settlement Procedures were
proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in
interest with notice of each proposed Settlement.   The
Notice Procedures are as follows:

(a)   The Debtors shall give written
notice, by email or facsimile, if available,
or overnight courier if email or facsimile
are not available, of each proposed
Settlement (the "Settlement Notice") to (i)
the United States Trustee, (ii) counsel for
the Committee of Unsecured Creditors, (iii)
any party to the Settlement, and (iv) the
Core Group and 2002 List (collectively, the
"Notice Parties").

(b)   The Settlement Notice (or the
Settlement Agreement) shall specify (i) the
identity of the other party to the
Settlement, (ii) a summary of the dispute
with such other party, including a statement
of the Debtors' reasonable estimate of the
Settlement Claim amount and the basis for
the controversy, (iii) an explanation of why
the Settlement of such Settlement Claim is
favorable to the Debtors, their estates, and
their creditors, and (iv) a copy of the
proposed settlement agreement ("Settlement
Agreement").

(c)   The Notice Parties may object to or
request additional time to evaluate the
proposed Settlement in writing by no later
than 5:00 p.m. (ET) (i) five (5) days for
both Tier I Disputed Claims and Tier I Cause
of Action and Receivable Claims or (ii) ten
(10) days for both Tier II Disputed Claims
and Tier II Cause of Action and Receivable
Claims (each an individual "Notice Period")
and serve such objection or request on
counsel to the Debtors and counsel for the
Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)   If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)   If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi ([gregg.galardi@skadden.com](mailto:gregg.galardi@skadden.com)) and
Ian S. Fredericks
([ian.fredericks@skadden.com](mailto:ian.fredericks@skadden.com)) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley ([dfoley@mcguirewoods.com](mailto:dfoley@mcguirewoods.com))

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)   Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)   Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

7

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.  Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   Tier I With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   Tier II With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

8

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.   Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.   Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.  In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.  The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear
and determine all matters arising from or related to the
Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
       _____, 2009

       _____
       UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**


**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
         Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS AND DIRECTV, INC COMPANY RESOLVING DEBTORS'
FOURTH OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS
AND OTHER MATTERS**

        This settlement agreement and stipulation

(this "Settlement Agreement") is entered into by and

among the above-captioned debtors and debtors in

possession (the "Debtors")[1], on the one hand, and DIRECTV,

Inc. ("DIRECTV"), on the other hand.  The Debtors and

DIRECTV are sometimes referred to herein collectively as

the "Parties" or individually as a "Party".

GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code; and

---

[1]  The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
VA 23060.

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

3

WHEREAS, the associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, and the hearing on confirmation of the Plan is currently scheduled for March 8, 2010; and

WHEREAS, generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval, dated August 7, 2009 (Docket No. 4401, the "Settlement Procedures Order") to enter into this Settlement Agreement, subject to the Notice Procedures.

**SETTLEMENT BACKGROUND**

**A.    The DIRECTV Claims.**

WHEREAS, Circuit City Stores, Inc. ("Circuit City" or the "Debtor") and DIRECTV entered into a referral and commission arrangement in 2007 pursuant to

4

two Authorized Retailer Agreements dated June 1, 2007
and October 23, 2007 (collectively, the "Retailer
Agreements").  Pursuant to the Retailer Agreements,
Circuit City marketed and promoted DIRECTV receivers,
service, and programming packages in its stores in
exchange for certain marketing and advertising
contribution reimbursements and/or commissions; and

WHEREAS Circuit City and DIRECTV are also
parties to a Master Dealer Agreement (the "Dealer
Agreement," and, collectively with the Retailer
Agreements, the "Agreements") dated April, 2005.  The
Dealer Agreement provides that Circuit City has agreed
to act as an independent retailer for DIRECTV broadcast
satellite service; and

WHEREAS, on December 18, 2008, DIRECTV filed
proof of claim number 1237 against the Debtors'
bankruptcy estates pursuant to Bankruptcy Code section
503(b)(9) (the "503(b)(9) Claim").  Therein, DIRECTV
alleged that it shipped in the ordinary course of
business $148,375.00 worth of DIRECTV products to the
Debtors within the twenty (20) days before the Petition
Date; and

5

WHEREAS, on January 29, 2009, DIRECTV filed claim number 7963, a general unsecured proof of claim against the Debtors' bankruptcy estates (the "Pre-Petition Claim" and together with the 503(b)(9) Claim, the "DIRECTV Claims").  Therein, DIRECTV claimed that it provided in the ordinary course of business $488,075.00 worth of products and services to the Debtors before the Petition Date for which it had not been paid; and

WHEREAS, DIRECTV asserted that $405,000.00 of the DIRECTV Claims was secured by a right of setoff (the "Secured Claim") and $83,075.00 of the DIRECTV Claims was a general unsecured claim (the "General Unsecured Claim"); and

WHEREAS, pursuant to the Debtors' Thirty-Fourth Omnibus Objection to Claims (Modification of Certain Duplicate 503(b)(9) Claims) (Docket No. 4598) (the "Thirty-fourth Omnibus Objection"), the Debtors alleged that the Pre-Petition Claim included and was duplicative of the 503(b)(9) Claim, such that the Secured Claim portion of the Pre-Petition Claim should be reduced to $256,625.00; and

WHEREAS, the hearing on the Thirty-fourth Omnibus Objection with respect to the Pre-Petition Claim has been adjourned; and

WHEREAS, DIRECTV asserts that it holds claims against the Debtors in the total amount of $488,075.00; and

WHEREAS, the Debtors assert that DIRECTV holds claims against the Debtors in the total amount of $444,400.00; and

WHEREAS, the Debtors asserts that they are entitled to certain receivables, commissions and other amounts (the "Receivables"), in the total amount of $1,077,919.81; and

WHEREAS, DIRECTV assert that the Debtors are entitled to Receivables in the total amount of $1,041,854.90; and

WHEREAS, the Debtors assert that DIRECTV received transfers totaling not less than approximately $1,900,000.00 that may be avoidable (the "Avoidance Action Claims"); and

WHEREAS, DIRECTV denies that it received transfers that are avoidable under the Bankruptcy Code; and

**B.    DIRECTV's Setoff Motion and Debtors' Objection.**

WHEREAS, on February 11, 2009, DIRECTV filed its Motion For Relief From The Automatic Stay To Effect Setoff And Memorandum Of Points And Authorities In Support Thereof (the "Setoff Motion") seeking to recoup the Receivables from the DIRECTV Claims or, in the alternative, for relief from the automatic stay established by 11 U.S.C. § 362 to allow DIRECTV to setoff the Receivables against the DIRECTV Claims;[2] and

WHEREAS, on February 26, 2009, Debtors filed an objection to the Setoff Motion (the "Objection") requesting that the Court deny the relief requested in the Motion; and

**C.    The Return of Goods to DIRECTV.**

WHEREAS, in an attempt to resolve the Setoff Motion, beginning on or about February 20, 2009, the

---

[2]    Pursuant to the Setoff Motion, DIRECTV asserted that it believed the Debtors held $405,000 in Receivables.  As set forth above, the Debtors assert that they hold Receivables in the amount of $1,077,919.81.

8

Parties engaged in discussions regarding Debtors' return
and/or sale of certain inventory shipped by DIRECTV to
the Debtors pre-petition, which had been specifically
excluded from the going-out-of-business sales pursuant
to the Agency Agreement (the "DIRECTV Inventory"); and

WHEREAS, commencing on or about February 28,
2009, pursuant to the Order Under Bankruptcy Code
Sections 105(a), 362, 503(b), 507(a), 546(c), and 546(h)
(I) Granting Administrative Expense Status to
Obligations from Postpetition Delivery of Goods; (II)
Authorizing Payment of Expenses in the Ordinary Course
of Business; (III) Authorizing Debtors to Return Goods;
and (IV) Establishing Procedures for Reclamation Demands,
Debtors returned to DIRECTV certain DIRECTV Inventory in
exchange for an offset of the value of such DIRECTV
Inventory against the Pre-Petition Claim; and

WHEREAS, on or about March 31, 2009, DIRECTV
completed its reconciliation of the DIRECTV Inventory
returned to it by Debtors and communicated same to
Debtors.  The total value of DIRECTV Inventory returned
to DIRECTV was $438,155 (the "Inventory Return Amount");
and

WHEREAS, rather than proceed with further litigation concerning the DIRECTV Claims, the Receivables, the Setoff Motion, the Objection or the returned DIRECTV Inventory, the parties engaged in good faith, arms' length negotiations to resolve such claims in their entirety; and

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.   The Parties agree that (i) the 503(b)(9) Claim shall be valued at $148,375.00 and (ii) the Pre-Petition Claim, net of the 503(b)(9) Claim, shall be valued at $317,862.00.

2.   The Parties further agree that the Inventory Return Amount shall be setoff against the 503(b)(9) Claim and the Pre-Petition Claim, such that (i) the 503(b)(9) Claim shall be reduced to $0, (ii) the Pre-Petition Claim shall be reduced to $28,082.50 and (iii) the Inventory Return Amount will be reduced to $0.

3.    The Parties further agree that the Receivables shall be valued at $1,059,887.36.

4.    The Receivables shall be setoff against the Pre-Petition Claim, such that (i) the Pre-Petition Claim will be reduced to $0 and (ii) the Receivables shall be reduced to $1,031,804.36 (the "Remaining Receivables").

5.    To the extent required, the automatic stay of 11 U.S.C. § 362 is lifted to permit the netting set forth in Paragraph 5 above.

6.    The Parties agree that, on account of the Remaining Receivables, in full and final satisfaction of amounts due and owing as between Circuit City and DIRECTV under the Agreements or otherwise, other than with respect to the Avoidance Action Claims, within five (5) business days of the earlier of (i) the expiration of the applicable Notice Period without objection, (ii) the resolution of any filed objection after the expiration of the applicable Notice Period, or (iii) Court approval of this Settlement Agreement, DIRECTV shall pay to the Debtors the amount of $1,031,804.36 (the "Settlement Payment").

7.    Notwithstanding anything to the contrary in this Settlement Agreement, the Parties agree that nothing herein shall be deemed to be or construed as an impairment, waiver, or relinquishment of, or effect, impair, waive, or relinquish, the Debtors' rights to recover the Avoidance Action Claims under chapter 5 of the Bankruptcy Code or DIRECTV's defenses to the Avoidance Action Claims.  The Parties expressly and forever waive any defense that this Settlement Agreement, any of its terms, or any order approving this Settlement Agreement in any way affected, impaired, waived, or relinquished such rights or defenses.

8.    Notwithstanding anything to the contrary in this Settlement Agreement, DIRECTV and the Debtors specifically acknowledge and agree that this Settlement Agreement is not intended to, and does not, release or otherwise affect in any way any actual claims or causes of action (or potential claims or causes of action similar in nature or type to such actual claims or causes of action) now or hereinafter asserted in, based on, or relating to the multi-district litigation captioned In re: TFT-LCD (Flat Panel) Antitrust

12

Litigation, MDL No. 1827 (N.D. Cal.) and the actions
consolidated therein (the "MDL Proceeding").

9.    DIRECTV shall not file or be entitled to
recover on account of any other claims from the Debtors
or their estates and the Debtors shall not be entitled
to recover any further credits, rebates, receivables, or
discounts from DIRECTV.

10.    Any and all contracts and/or agreements
between the Debtors and DIRECTV (including the
Agreements) shall be deemed rejected as of the date of
entry of this Settlement Agreement.

11.    Nothing contained herein shall be deemed
an admission of liability on the part of the Debtors or
DIRECTV with respect to the any claim, including the
DIRECTV Claims, the Receivables, the Settlement Payment
or the Avoidance Action Claims.

12.    Each Party hereto shall execute and
deliver any and all additional papers, documents and
other assurances, and shall do any and all acts and
things reasonably necessary or appropriate in
conjunction with the performance of their respective
obligations hereunder.

13

13.  No provision of this Settlement Agreement
is intended to confer any rights, benefits, remedies,
obligations or liabilities hereunder upon any person
other than the parties hereto and their respective
successors.

14.  Except where preempted by applicable
Federal law, this Settlement Agreement shall be governed
by and construed in accordance with the internal laws of
the Commonwealth of Virginia without regard to any
choice of law provisions.

15.  This Settlement Agreement may be signed
in counterpart originals and delivered by facsimile or
email, which, when fully executed, shall constitute a
single original.

16.  This Settlement Agreement constitutes the
entire agreement and understanding of the parties
regarding the Settlement Agreement and the subject
matter thereof.

17.  The United States Bankruptcy Court for
the Eastern District of Virginia shall retain exclusive
jurisdiction (and the parties consent to such retention
of jurisdiction) with respect to any disputes arising

from or related to, or other actions to interpret,
administer or enforce the terms and provisions of, this
Settlement Agreement.

18.   Each person or entity who executes this
Settlement Agreement on behalf of another person or
entity represents and warrants that he, she, or it is
duly authorized to execute this Settlement Agreement on
behalf of such person or entity, has the requisite
authority to bind such person or entity, and such person
or entity has full knowledge of and has consented to
this Settlement Agreement.  The representations and
warranties set forth in this paragraph shall survive
execution of this Settlement Agreement.

19.   This Settlement Agreement shall not be
modified, altered, amended or vacated without the
written consent of all parties hereto or order of the
Bankruptcy Court.

20.   This Settlement Agreement and all of its
terms shall be effective upon the later of (i) execution
by both Parties and (ii) the expiration of the
applicable Notice Period.

          IN WITNESS WHEREOF, this Settlement Agreement

is hereby executed as of the later of the dates set

forth below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley        ___
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

Dated: February 5, 2010

16

DIRECTV, Inc.

By:
HONIGMAN MILLER SCHWARTZ AND COHN LLP
Judy B. Calton
Joseph R. Sgroi
2290 First National Building
Detroit, MI 48226
(313) 465-7344

        - and -

WILLIAMS MULLEN

/s/ William H. Schwarzschild, III    ___
William H. Schwarzschild, III (VSB No. 15274)
James Center Two
1021 East Cary Street
Richmond, VA  23219
(804) 783-6489

Counsel for DIRECTV, Inc.

Dated:  February 5, 2010