Gregg M. Galardi, Esq.       Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.      Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM LLP              One James Center
One Rodney Square        901 E. Cary Street
PO Box 636            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

       - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - -x
In re:            :  Chapter 11
                :
CIRCUIT CITY STORES, INC., :  Case No. 08-35653 (KRH)
et al.,          :
                :  Jointly Administered
        Debtors.  :
                :  **Obj. Deadline: 2/19/10 at 5:00 p.m.**
                **(Eastern)**
- - - - - - - - - - - - - -x

**NOTICE OF PROPOSED SETTLEMENT WITH ELECTRONIC ARTS, INC.**

      PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order Pursu-
ant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002,
9006, and 9019 Authorizing the Establishment of Procedures
to Settle Certain Pre-Petition and Post-Petition Claims and
Causes of Action Without Further Court Approval (D.I. 4401,
the "Order").[1]  A copy of the Order (without exhibits) is
annexed as Exhibit 1.

---

[1]    Capitalized terms not otherwise defined herein shall have the
meanings ascribed to such terms in the Order.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a settlement agreement and stipulation (the "Settlement") with Electronic Arts, Inc. ("Electronic Arts"), a copy of which is annexed as <u>Exhibit 2</u>.

### SUMMARY OF SETTLEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Order, the material terms of the Settlement are as follows:

(i)   The Proposed Settlement is a Tier II Settlement.

(ii)   The Settlement is between the Debtors and Electronic Arts, Inc.

---

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]   This section of the notice constitutes a summary of the material terms of the Settlement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement in its entirety.  In the event there is a conflict between the notice and the Settlement, the Settlement shall control in all respects.

(iii)  Electronic Arts and certain of the
Debtors were parties to various agreements
under which the Debtors would purchase prod-
ucts and services from Electronic Arts for
resale in their stores and on their websites
(the "Business").  Electronic Arts and the
Debtors engaged in such Business both prior
to and after the Petition Date.

(iv)  A dispute arose among the Debtors and
Electronic Arts with regard to the proper
amount of pre- and post-petition monies due
and owing from Electronic Arts to the Debtors,
and from the Debtors to Electronic Arts, on
account of the Business (the "Dispute").  The
Debtors allege that the proper amount due and
owing from Electronic Arts to the Debtors on
account of the Business is approximately
$5,960,000.  Electronic Arts disagrees with
the Debtors' analysis and alleges that the
proper amount due and owing from Electronic
Arts to the Debtors on account of the Busi-
ness is significantly less and, in addition,
may be subject to offset on account of
amounts allegedly due by the Debtors.

 (v)  Based on a preliminary analysis, the
Debtors believe that Electronic Arts may have
received transfers from the Debtors which may
be avoidable under chapter 5 of the Bank-
ruptcy Code (the "Alleged Avoidance Actions").
Electronic Arts contends that any such trans-
fers were not preferences or are subject to
defenses and are not avoidable under any
other avoiding power of the Debtors.

(vi)  Pursuant to the Settlement, and in or-
der to avoid the expense, delay and risk of
litigation, the Debtors agree to accept, and
Electronic Arts agrees to pay, the sum of
$5,200,000 (the "Settlement Payment") in full
and final compromise and settlement of the
Dispute and the Alleged Avoidance Actions
pursuant to the terms of the Settlement.

3

(vii)  Upon the Debtors' receipt of the Set-
tlement Payment, Electronic Arts, on behalf
of itself and its successors and assigns, and
the Debtors, on behalf of themselves, and
each on behalf of their respective estates,
successors, and assigns (including but not
limited to any trustee appointed in any of
these chapter 11 cases or any successor chap-
ter 7 case), irrevocably and fully release
one another from and against any and all
claims or causes of action (including but not
limited to, causes of action under Bankruptcy
Code sections 542, 543, 544, 546, 547, 548,
549, 550, 553 and 558) arising from, in con-
nection with, or relating to the Dispute, the
Alleged Avoidance Actions, and any agreement
by or between the parties.

**TIME AND PLACE FOR FILING OBJECTIONS OR REQUESTING ADDI-
TIONAL INFORMATION OR TIME TO CONSIDER THE SETTLEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Order, any Notice Party may ob-
ject (each an "Objection") to or request additional time or
information (each a "Request") to evaluate the Settlement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be in writing and received by counsel to
the Debtors and counsel to the Official Committee of Unse-
cured Creditors (see information below) by no later than
**February 19, 2010 at 5:00 p.m. (Eastern)** (the "Objection
Deadline").  Each Objection or Request must be served on (i)
the attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wil-
mington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and
(b) McGuireWoods LLP, One James Center, 901 E. Cary Street,
Richmond, VA  23219, Attn: Douglas M. Foley
(dfoley@mcguirewoods.com) and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (ii)(a) Pachulski Stang
Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor,
Los Angeles, California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th

Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Settlement and you do not want the Debtors to proceed with Settlement or you want the Court to consider your views concerning such Settlement, you or you attorney must also:

file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before February 19, 2010 at 5:00 p.m. (Eastern).**

Any Objection to a Settlement must be submitted by the method described in the foregoing sentence. Objections will be deemed filed only when actually received at the address listed above.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Settlement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any), the **Debtors shall be authorized to enter into and consummate the Settlement without further order of the Court or any other action by the Debtors**.

Dated: February 5, 2010
       Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636 (302) 651-3000

                    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

                    - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

**EXHIBIT 1**

**(Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    1Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

        Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---
[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.



of title 11 of the United States Code (the "Bankruptcy
Code") and Rules 2002, 9006 and 9019 of the Federal
Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),
for entry of an order authorizing the establishment of
procedures to settle certain pre-petition and post-
petition claims and causes of action without further
court approval; and the Court having reviewed the
Motion; and upon the record herein; and after due
deliberation thereon; and good and sufficient cause
appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.     Based on the affidavits of service filed,
due, proper and adequate notice of the Motion has been
given in accordance with the Case Management Order and
that no other or further notice is necessary;

2.     The Notice Procedures are fair,
reasonable, and appropriate.

3.     The Settlement Procedures are fair
reasonable, and appropriate.

4.     The Notice and Settlement Procedures were
proposed in good faith.

2

5.   Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.   Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.   The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.   The Motion is GRANTED.

9.   The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10. The Debtors shall provide key parties in interest with notice of each proposed Settlement. The Notice Procedures are as follows:

(a)    The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)    The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)    The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; <u>provided</u>,
<u>further</u>, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (<u>gregg.galardi@skadden.com</u>) and
Ian S. Fredericks
(<u>ian.fredericks@skadden.com</u>) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (<u>dfoley@mcguirewoods.com</u>)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.  Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)   Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)   Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   Tier I With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   Tier II With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

9

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.   Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.   Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
Aug 7 2009_____, 2009

/s/ Kevin R. Huennekens

UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement)**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB
SKADDEN, ARPS, SLATE,           No. 34364)
MEAGHER & FLOM, LLP             MCGUIREWOODS LLP
One Rodney Square               One James Center
PO Box 636                      901 E. Cary Street
Wilmington, Delaware            Richmond, Virginia 23219
19899-0636                      (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
          Debtors.            :    Jointly Administered
- - - - - - - - - - - - - - x

        **SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG
              THE DEBTORS AND ELECTRONIC ARTS INC.**

        This settlement agreement and stipulation (the

"Settlement Agreement") is entered into this 5th day of

February, 2010 by and between Circuit City Stores, Inc.

and its affiliated debtors and debtors-in-possession

(collectively, the "Debtors"), on the one hand, and

Electronic Arts Inc. ("Electronic Arts" and together

with the Debtors, the "Parties" and each of which is a

"Party"), on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors filed voluntary petitions in the

United States Bankruptcy Court for the Eastern District

of Virginia (the "Court") under chapter 11 of title 11

of the United States Code (the "Bankruptcy Code").

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code.

WHEREAS, on November 12, 2008, the Office of

the United States Trustee for the Eastern District of

Virginia appointed a statutory committee of unsecured

creditors (the "Creditors' Committee").

WHEREAS, to date, no trustee or examiner has

been appointed in these chapter 11 cases.

WHEREAS, on January 16, 2009, the Court

authorized the Debtors, among other things, to conduct

going out of business sales at the Debtors' remaining

567 stores pursuant to an agency agreement (the "Agency

Agreement") between the Debtors and a joint venture, as

agent (the "Agent").  On January 17, 2009, the Agent

commenced going out of business sales pursuant to the

Agency Agreement at the Debtors remaining stores.  The

going out of business sales concluded on or about March

8, 2009.

WHEREAS, the Debtors are authorized under the

Court's Order under 11 U.S.C. §§ 105 and 363, and Fed.

R. Bankr. P. 2002, 9006, and 9019 Authorizing the

Establishment of Procedures to Settle Certain Pre-

Petition and Post-Petition Claims and Causes of Action

Without Further Court Approval, dated August 7, 2009

(D.I. 4401; the "Settlement Procedures Order"),[1] to enter

into this Settlement Agreement, subject to the Notice

Procedures.

---

[1]   All capitalized terms not otherwise defined herein shall have the
      meaning ascribed to such terms in the Settlement Procedures
      Order.

**SETTLEMENT BACKGROUND**

WHEREAS, Electronic Arts and certain of the
Debtors were parties to various agreements
(collectively, the "Electronic Arts Agreements") under
which the Debtors would purchase products and services
from Electronic Arts for resale in their stores and on
their websites (the "Business").

WHEREAS, the Business involved a complex
relationship among the Parties wherein either Electronic
Arts or the Debtors could be liable to the other Party
based on, among other things, invoices, invoice
deduction repayments, billbacks, chargebacks, returns,
service credits, pricing deductions, shortage
deductions, vendor performance charges, pre-payments,
overpayments and goods shipped not invoiced.

WHEREAS, Electronic Arts and the Debtors
engaged in such Business both prior to and after the
Petition Date.

WHEREAS, as further described herein, a
dispute arose among the Debtors and Electronic Arts with
regard to the proper amount of pre- and post-petition
monies due and owing from Electronic Arts to the

4

Debtors, and from the Debtors to Electronic Arts, on account of the Business (the "Dispute").

WHEREAS, the Debtors allege that the proper amount due and owing from Electronic Arts to the Debtors on account of the Business is approximately $5,960,000.

WHEREAS, Electronic Arts disagrees with the Debtors' analysis and alleges that the proper amount due and owing from Electronic Arts to the Debtors on account of the Business is less and, in addition, may be subject to offset on account of amounts allegedly due by the Debtors.

WHEREAS, based on a preliminary analysis, the Debtors believe that Electronic Arts may have received transfers from the Debtors which may be avoidable under chapter 5 of the Bankruptcy Code (the "Alleged Avoidance Actions").

WHEREAS, Electronic Arts contends that any such transfers relating to the Alleged Avoidance Actions were not preferences or are subject to defenses and are not avoidable under any other avoiding power of the Debtors.

WHEREAS, the Parties have engaged in discussions with respect to resolution of the Dispute, the Alleged Avoidance Actions and related matters.

WHEREAS, the parties wish to resolve the Dispute, the Alleged Avoidance Actions and related matters in their entirety by this Settlement Agreement.

NOW, THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    The Debtors agree to accept, and Electronic Arts agrees to pay, the sum of $5,200,000 (the "Settlement Payment") in full and final compromise and settlement of the Dispute and the Alleged Avoidance Actions pursuant to the terms of this Settlement Agreement.

2.    Electronic Arts shall make the Settlement Payment by wire transfer within five (5) business days after receipt by Electronic Arts of written assurance by counsel for the Debtors, in form and substance reasonably satisfactory to Electronic Arts, that this

6

Settlement Agreement has become a final order in
accordance with the Settlement Procedures Order.

3.   Upon the Debtors' receipt of the
Settlement Payment, Electronic Arts, on behalf of itself
and its successors and assigns, and the Debtors, on
behalf of themselves, and each on behalf of their
respective estates, successors, and assigns (including
but not limited to any trustee appointed in any of these
chapter 11 cases or any successor chapter 7 case),
hereby irrevocably and fully release one another from
and against any and all claims or causes of action
(including but not limited to, causes of action under
Bankruptcy Code sections 542, 543, 544, 546, 547, 548,
549, 550, 553 and 558) arising from, in connection with,
or relating to the Dispute, the Alleged Avoidance
Actions, and any agreement by or between the Parties
(this paragraph, the "Releases").

4.   For the avoidance of doubt and
notwithstanding anything to the contrary in this
Settlement Agreement, (1) the Releases are not intended
as general releases or waivers and nothing in this
Settlement Agreement shall be construed as such, and (2)

7

Electronic Arts and the Debtors specifically acknowledge
and agree that this Settlement Agreement is not intended
to, and does not, release or otherwise affect in any way
any actual claims or causes of action (or potential
claims or causes of action similar in nature or type to
such actual claims or causes of action) now or
hereinafter asserted in, based on, or relating to the
multi-district litigation captioned In re: TFT-LCD (Flat
Panel) Antitrust Litigation, MDL No. 1827 (N.D. Cal.)
and the actions consolidated therein (the "MDL
Proceeding").

    5.   Nothing contained herein shall be deemed
an admission of liability on the part of the Debtors or
Electronic Arts with respect to the Dispute or the
matters resolved herein.

    6.   Neither this Settlement Agreement, nor
any statement made or action taken in connection with
the negotiation of this Settlement Agreement, shall be
offered or received in evidence or in any way referred
to in any legal action or administrative proceeding
among or between the Parties hereto, other than as may
be necessary (a) to obtain approval of and/or to enforce

8

any of the terms of this Settlement Agreement or (b) to seek damages or injunctive relief in connection therewith.

7.    Each of the Parties hereto shall execute and deliver, or cause to be executed and delivered, such documents and shall do, or cause to be done, such other acts and things as might reasonably be requested by any Party to this Settlement Agreement to assure that the benefits of this Settlement Agreement are realized by the Parties.

8.    No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors.

9.    This Settlement Agreement shall be governed by and construed in accordance with the internal laws of the State of Virginia without regard to any choice of law provisions.

10.    This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or

email, which, when fully executed, shall constitute a single original.

11.    This Settlement Agreement constitutes the entire agreement and understanding of the Parties regarding the Settlement Agreement and the Dispute and supersedes all prior discussions, negotiations and understandings between the Parties regarding such subject matter.

12.    The Court shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

13.    Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement.  The representations and

warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

14.   This Settlement Agreement is effective upon the later of (i) execution by both Parties and (ii) the expiration of the applicable Notice Period.

15.   This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all Parties hereto.

[SIGNATURES APPEAR ON FOLLOWING PAGES]

IN WITNESS WHEREOF, the Parties have set their

hands in agreement as of the date written above.


**CIRCUIT CITY STORES, INC.**

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley            ____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

*Counsel for Circuit City Stores, Inc.,*
*et al., Debtors and Debtors-in-Possession*

**ELECTRONIC ARTS INC.**

By:

/s/ Sharon Zezima_____ _____ \_
Sharon Zezima, Esq.
VP, Legal Affairs
Electronic Arts
209 Redwood Shores Parkway
Redwood City, CA 94065
(650) 628-5501

*Counsel for Electronic Arts Inc.*