IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., ) | |
| ) | Case No. 08-35653-KRH |
| Debtors. ) | |
| ) | Jointly Administered |

**RESPONSE OF LAWRENCE W. FAY TO DEBTORS' EIGHTH
OMNIBUS MOTION FOR REJECTION OF EXECUTORY CONTRACTS**

Lawrence W. Fay ("Mr. Fay") hereby responds to the Debtors' Eighth Omnibus Motion for Order Pursuant to Bankruptcy Code Sections 105(a) and 365(a) and Bankruptcy Rule 6006 Authorizing Rejection of Certain Executory Contracts (the "Eighth Omnibus Rejection Motion") as follows:

**BACKGROUND**

1. On November 10, 2008 ("Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. The Debtors continue to operate their businesses and to manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been requested or appointed in this case.

---

Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, VA 23219
Tel: 804-697-4100
Fax: 804-697-4112

Counsel for Lawrence W. Fay

4. Mr. Fay entered into an employment agreement (the "Employment Agreement") with the Debtors, effective as of March 3, 2006. A true and correct copy of the Employment Agreement is attached as <u>Exhibit A</u>.

5. Mr. Fay's employment was terminated by the Debtors post-petition on March 29, 2009.

6. On January 28, 2010, the Debtors filed the Eighth Omnibus Rejection Motion (Docket No. 6416), seeking to reject purported executory contracts, including Mr. Fay's previously terminated Employment Agreement.

## ARGUMENT

7. Section 365(a) of the Bankruptcy Code provides in pertinent part that "the Trustee [debtor-in-possession], subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "A contract is executory if performance is due to some extent on both sides." *Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc.* (*In re Richmond Metal Finishers, Inc.*), 556 F.2d 1043, 1045 (4th Cir. 1985) (citing *NLRB* v. *Bildisco and Bildisco*, 465 U.S. 513 (1984)). In addition, the Fourth Circuit has adopted Professor Countryman's "more specific test" for determining whether a contract is "executory". Under the Countryman test, a contract is executory if the "obligations of both the bankrupt and the other party to the contract are so underperformed that the failure of either to complete the performance would constitute a material breach excusing the performance of the other." *Id.*, quoting *Gloria Manufacturing Corp. v. International Ladies' Garment Workers' Union,* 734 F.2d 1020, 1022 (4th Cir. 1984). The determination of whether a contract is executory is to be made not at the time of filing, but at the time the issue is before the Court. *See In re Wang Lab., Inc.*, 154 BR 389, 391 (Bankr. E.D. Mass.).

2

8. Under the Countrymen approach, Mr. Fay's Employment Agreement is no longer executory as Mr. Fay's employment was terminated by the Debtors post-petition on March 29, 2009. *See Gloria Mfg. Corp.*, 734 F.2d at 1022 (stating "once a contract has expired by its own terms, there is nothing left for the trustee to reject or assume."); *In re Spectrum Information Technologies, Inc.*, 193 BR 400, 404 (Bankr. E.D.N.Y. 1996) (holding that an employment agreement was no longer executory where the motion to reject was filed five months after the petition date and three months after the employee was terminated).

9. Prior to Mr. Fay's termination, he faithfully and fully performed under his Employment Agreement with the Debtors, and he no longer has any material unperformed obligations under the Employment Agreement. The Debtors, however have substantial remaining obligations to perform with respect to Mr. Fay, including payment of his separation pay. *See In re Spectrum Information Technologies, Inc.*, 193 at 403-404 (holding that employment contract is not executory where the only remaining obligations are the debtor's obligation to make severance payments (citations omitted)). The Debtors cannot accept the benefits of Mr. Fay's faithful and complete performance under his Employment Agreement, and reject the burdens of that Employment Agreement, namely payment of his separation pay. Mr. Fay has fully performed under the Employment Agreement and the Debtors must do the same.

WHEREFORE, Mr. Fay respectfully requests that the Court enter an order (i) denying the Eighth Omnibus Rejection Motion with respect to Mr. Fay's Employment Agreement, or in the alternative, enter an order that provides such rejection of Mr. Fay's Employment Agreement is effective as of the date of such order; (ii) providing that any such order is without prejudice to Mr. Fay's claims asserted in the Bankruptcy case, any objections by the Debtor's to same, and

any responses by Mr. Fay to same; and (iii) granting such other and further relief as this Court deems just and proper.

Dated:  February 8, 2010                         CHRISTIAN & BARTON, LLP

/s/ Michael D. Mueller
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, VA 23219
Tel: 804-697-4100
Fax: 804-697-4112

Counsel for Lawrence W. Fay

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of February, 2010, I caused a copy of the foregoing to be served by electronic means through the ECF system.

/s/  Michael D. Mueller
Michael D. Mueller

1020350