

Form 210A (10/06)

# United States Bankruptcy Court

_____Eastern_____ District Of _____Virginia_____

In re Circuit City Stores, Inc., et al _____,     Case No. _08-35653_ - Chapter 11

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| William E. Butler, as General Receiver<br>Name of Transferee | Larry J. Rietz, MP, LLC<br>Name of Transferor |
| Name and Address where notices to transferee should be sent:<br>David E Eash, Esq<br>221 N Wall, #500<br>Spokane, WA 99201 | Court Claim # (if known): _08-35653_<br>Amount of Claim: _$521,145.54_<br>Date Claim Filed: _11/11/08_ |
| Phone: 509-838-4261<br>Last Four Digits of Acct #: | Phone: 312-609-7563<br>Last Four Digits of Acct. #: |

Name and Address where transferee payments
should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/_____          Date: 9-15-09
Transferee/Transferee's Agent
DAVID E. EASH, Esq

_Penalty for making a false statement:_ Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

```
10/02/2009 02:20:32 PM                               5839050
Recording Fee $80.00  Page 1 of 19
Order      DAVID EASH
Spokane County Washington
```

**RETURN ADDRESS**

David E. Eash

221 N. Wall St., Suite 500

Spokane, WA 99201

**Please Type or Print Neatly & Clearly All Information**

**Document Title(s)**
Order Appointing General Receiver

**Reference Number(s) of Related Documents**

_____

**Judgment Debtor** (Last Name, First & Middle Initial)

Larry J. Rietz, MP, LLC

_____

**Judgment Creditor** (Last Name, First & Middle Initial)

Butler, William (Receiver)

_____

**Legal Description** (Abbreviated form is acceptable) i.e. Section/Township/Range/1/4 Section

All properties of Judgment Debtor in Spokane County Washington

_____

**Assessor's Tax Parcel ID Number:** *_____

The County Auditor will rely on the information provided on this form. The Staff will not read the document to verify the Accuracy or completeness of the indexing information provided herein.

**Sign below only if your document is Non-Standard.**

I am requesting an emergency non-standard recording for an additional fee as provided in RCW 36.18.01 O. I understand that the recording processing requirements may cover up or otherwise obscure some parts of the text of the original document. Fee for non-standard processing is $50.

_____
Signature of Requesting Party

FILED

OCT 02 2009

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR SPOKANE COUNTY

| | |
|---|---|
| BANK OF AMERICA, N.A., as successor by merger to LASALLE BANK NATIONAL ASSOCIATION, , as Trustee for the Registered Holders of Nomura Asset Securities Corporation Commercial Mortgage Pass-Through Certificates, Series 1998-D6,<br><br>Plaintiff,<br><br>v.<br><br>LARRY J. RIETZ MP, LLC, a Minnesota limited liability company,<br><br>Defendant. | No. 09202980-1<br><br>ORDER APPOINTING GENERAL RECEIVER |

1.  **Hearing.**    This matter came before the Court upon the motion of Plaintiff BANK OF AMERICA, N.A. as successor by merger to LASALLE BANK NATIONAL ASSOCIATION, as Trustee for the Registered Holders of Nomura Asset Securities Corporation Commercial Mortgage Pass-Through Certificates, Series 1998-D6 ("Plaintiff" or the "Trust") for appointment of a general receiver with respect to the assets of Defendant

ORDER APPOINTING GENERAL RECEIVER – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

60642-0078/LEGAL15909125.1

**ORIGINAL**

Larry J. RIETZ MP, LLC ("Defendant"). The Court has considered the files and records in this case, including the Complaint, the motion, and the supporting declarations, and is fully advised.

2. **Findings**. The Court, being fully informed, makes the following findings:

2.1 Appointment of a general receiver is appropriate pursuant to the deeds of trust attached as exhibits to the Complaint and RCW 7.60.025(1)(a), (i), (cc) and (nn); and that the Court otherwise should exercise its inherent equity power to order the appointment of such a receiver.

2.2 William E. Butler, RPA, CCIM, President of WEB Properties, Inc. (the "Receiver") is not an interested party in the above-captioned action or with respect to the Defendant's property and is competent and qualified to act as the receiver of the assets of the Defendant.

2.3 Notice of Plaintiff's motion has been adequate and proper for the circumstances of this case.

3. **Order**. Based upon the foregoing it is hereby ORDERED as follows:

3.1. William E. Butler is appointed general receiver to take charge over all of Defendant's property, wherever located (the "Assets"), including, but not limited to, the real property with the legal description on Exhibit A hereto, with the commonly known address of 7701 N. Division Street, Spokane, Washington (the "Property"). During the receivership, and until further order of the Court, Defendant's property shall remain under this Court's exclusive jurisdiction in accordance with RCW 7.60.055. The Receiver shall not be subject to the control of any of the parties to this matter, but shall be subject only to the Court's direction in the fulfillment of the Receiver's duties. Entry of this Order, countersigned by

ORDER APPOINTING GENERAL RECEIVER – 2

60642-0078/LEGAL15909125.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

the Receiver, evidences the Receiver's acceptance of its rights and duties hereunder and constitutes administration of any required oath of office.

3.2. **Bond.** The Receiver shall post a $10,000 bond with the Clerk of the Court to secure performance of the Receivers duties hereunder pursuant to RCW 7.60.045. The Receiver is authorized to pay the initial bond premium, and for any extension thereof, from funds in his possession in the receivership estate.

3.3. **Receiver's Powers and Duties.** Unless and until otherwise ordered by the Court, the Receiver shall be a general receiver, with exclusive possession and control over all Assets, with the power, rights and authority vested in it by RCW 7.60.060, including but not limited to authority and control over all of Defendant's accounts (including without limitation, bank accounts). In addition:

a. The Receiver shall have authority to liquidate the Assets and/or wind-up the Defendants' affairs, pursuant to RCW 7.60.260. The Receiver's sale of estate property shall be effected free and clear of liens and of all rights of redemption, whether or not the sale will generate proceeds sufficient to fully satisfy all claims secured by the property. Upon any sale free and clear of liens in accordance with this order, all security interests and other liens encumbering the property conveyed transfer and attach to the proceeds of the sale, net of reasonable expenses incurred in the disposition of the property and receivership expenses allocated to the disposition of the property, in the same order, priority, and validity as the liens had with respect to the property immediately before the conveyance. The Receiver may file a motion to sell the Property and any of the Assets (a "Sale Motion") upon 15 days' written notice to Plaintiff, Defendant, and any other party with an interest in the Property as noted in the official real estate records of Spokane County, Washington as of the date of the filing of the Sale Motion.

ORDER APPOINTING GENERAL RECEIVER – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

60642-0078/LEGAL15909125.1

b.  Subject to the cap set forth in Paragraph 3.3.e below, the Receiver is authorized to contract with or hire, pay, direct and discharge all persons deemed necessary by the Receiver, in its sole discretion, for the operation and maintenance of the Assets.

c.  The Receiver may bring and prosecute actions for the recovery of any Assets that may be in the possession of any third party.

d.  The Receiver shall have the power to do all things which the owner of the business or property might do in the ordinary course of the operation of the business as a going concern or use of the property including, but not limited to, the purchase and sale of goods or services in the ordinary course of such business, and the incurring and payment of expenses of the business or property in the ordinary course.

e.  Notwithstanding any of the foregoing, and except as set forth in Paragraph 3.15 below, the Receiver shall not make an expenditure or incur an obligation to a third party, other than approved professionals, in excess of $2,500 without first obtaining either the consent of the Plaintiff or a court order.

f.  The Receiver shall establish a segregated account ("Bank Account") at a federally insured bank with branches in the State of Washington. The Receiver shall have the power to present for payment any checks, money orders, and other forms of payment made payable to the Defendants, or such similar names, which constitute or are derived from the rents and profits of the Assets, endorse same and collect the proceeds thereof, such proceeds to be used and maintained as elsewhere provided herein. The Receiver shall have the sole and exclusive authority to disburse funds from the Bank Account. The Receiver shall have authority to take possession of bank and other deposit accounts of the Defendant related to the Assets, and to open, transfer and change all bank

ORDER APPOINTING GENERAL RECEIVER – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

60642-0078/LEGAL15909125.1

and trade accounts relating to the Assets, so that all such accounts are in the name of the Receiver.

        g.      The Receiver shall also disburse funds from the Bank Account to pay all amounts necessary to maintain adequate all risk hazard property damage and all risk comprehensive liability insurance on the Assets. Payment of payroll, payroll taxes, employee benefits, property management company fees, as applicable, utilities, insurance, taxes, landscaping, janitorial services, and maintenance shall not require prior approval of the Court.

    3.4.    **Collections**. The Receiver is authorized to bring and prosecute actions for (i) the recovery of any Assets held by third parties; and (ii) collection of any sums owing to Defendant which constitute Assets. The Receiver may undertake his collection duties in Defendant's and/or the Receiver's name in assisting him with the collection of Defendant's uncollected accounts receivable. The Receiver may alter the place of payment, and otherwise take all actions necessary to collect all outstanding accounts receivable of Defendant, and to liquidate all other Assets, including without limitation notifying account debtors to pay the Receiver directly the proceeds of all outstanding accounts receivable and a copy of this Order may be remitted to account debtors and may be relied upon by account debtors as authority to pay the Receiver solely and directly. Any account debtor who makes payment to the Receiver shall have full credit in the amount of such payment with respect to its obligations owing to Defendant.

    3.5.    **Reports**. The Receiver shall file with the Court monthly reports of the Receiver's operations and financial affairs in accordance with RCW 7.60.100, which reports shall be due by the last day of the subsequent month. Copies of such reports shall be furnished to the Defendant, Plaintiff, and any party requesting notice in this proceeding. As

ORDER APPOINTING GENERAL RECEIVER – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

60642-0078/LEGAL15909125.1

long as the Receiver furnishes such reports, the Receiver is excused from filing the Schedules described in RCW 7.60.090 absent a further order of this Court.

3.6. **Services/Tax Returns**. The Receiver is authorized to perform and/or direct performance of legal, accounting, consulting and tax services with respect to the Assets, as necessitated by this proceeding or by law in connection with the performance of the Receiver's duties. The Receiver shall be under no obligation to complete or file tax returns or other regulatory or governmental reports on behalf of Defendant, such responsibility to remain with Defendant; but the Receiver shall furnish Defendant with such access to books and records within the Receiver's custody or control as reasonably may be requested by them and necessary in order for them to complete and file such returns, or other regulatory or governmental filings or reports.

3.7. **Executory Contracts/Leases**. The Receiver is authorized to assume or reject executory contracts and unexpired leases of Defendant, as the Receiver deems to be in the best interests of the creditors generally, provided such assumption or rejection shall require a further order of this Court upon appropriate notice to the parties in accordance with RCW 7.60.130.

3.8. **Abandonment**. In accordance with RCW 7.60.150, the Receiver, upon order of the Court following notice and a hearing, and upon the conditions or terms the court considers just and proper, may abandon any estate property that is burdensome to the Receiver or is of inconsequential value or benefit. Property that is abandoned no longer constitutes estate property.

3.9. **No Liability**. No obligation incurred by the Receiver in the good faith performance by it of the Receiver's duties in accordance with the order of this Court, except to the extent such obligation is found to have resulted from willful misconduct or fraudulent

ORDER APPOINTING GENERAL RECEIVER – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

60642-0078/LEGAL15909125.1

behavior, whether pursuant to any contract, by reason of any tort, or otherwise, shall be the Receiver's personal obligation; rather, the recourse of any person or entity to whom the Receiver becomes obligated in connection with the performance of its responsibilities, shall be solely against the Assets. The Receiver shall not be deemed a declarant, special declarant, or a dealer within the meaning of the applicable Washington statutes and regulations relating to the Units and shall incur no personal liability thereunder. Notwithstanding any provisions of this Order which may be construed otherwise, the Receiver shall not be required to expend any personal funds to comply with any of the provisions of this order.

3.10. **Preservation of Assets**. The Receiver is authorized to do all things determined by the Receiver to be necessary to protect and preserve the Assets and the proceeds thereof and to maintain or enhance their value or income producing potential and to exercise all of the powers, duties and other authorities as may be provided by law or which may be necessary in the fulfillment of his duties, and all powers which the owner of the Assets itself might exercise with respect thereto or with respect to the business associated with them.

3.11. **Licenses**. The Receiver is authorized to acquire or renew all governmental licenses, permits or other authorizations, either in the Receiver's name or in the name of Defendant, pertaining to the Assets or any business associated therewith.

3.12. **Duty of Cooperation**. The parties to this proceeding, their attorneys, and all of the existing and former officers, directors, managers, agents, consultants and employees of Defendant, and all persons with actual or constructive knowledge of this Order and their agents and employees, shall cooperate with the Receiver in connection with his management

ORDER APPOINTING GENERAL RECEIVER – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

60642-0078/LEGAL15909125.1

and operation of the Assets. Each of them shall relinquish and deliver possession of the Assets to the Receiver upon his demand, and shall turn over to the Receiver:

    a.    The possession of the Property, including all keys to all locks on the Property, and the records, books of account, ledgers and all business records for the Assets (including, without limitation, the plans, specifications and drawings relating to or pertaining to any part or all of the Property), wherever located and in whatever mode maintained (including, without limitation, information contained on computers and any and all software relating thereto as well as all banking records, statements and cancelled checks);

    b.    All documents that constitute or pertain to licenses, permits or governmental approvals relating to the Assets;

    c.    All documents that constitute or pertain to insurance policies, whether currently in effect or lapsed, that relate to the Assets;

    d.    All leases and subleases, royalty agreements, licenses, assignments or other agreements of any kind, whether currently in effect or lapsed, that relate to the Assets;

    e.    All documents pertaining to past, present or future construction of any type with respect to all or part of the Property;

    f.    All documents pertaining to toxic chemicals or hazardous materials, if any, ever brought, used and/or remaining upon the Property, including, without limitation, all reports, surveys, inspections, checklists, proposals, orders, citations, fines, warnings and notices; and

    g.    All rents, profits and/or other proceeds derived from the Assets, including, without limitation, any security deposits, advances, prepaid rents, storage fees and parking fees, wherever and in whatever mode maintained. Any security or other deposits which tenants have paid to Defendants or their agents and which are not paid to the

ORDER APPOINTING GENERAL RECEIVER – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

60642-0078/LEGAL15909125.1

Receiver, and over which the Receiver has no control, shall be obligations of the Defendants and may not be refunded by the Receiver without an order of this Court. Any other security or other deposits that tenants have paid or may pay to the Receiver, if otherwise refundable under the terms of their leases or agreements with the Receiver, shall be refundable by the Receiver in accordance with the leases or agreements.

  h. Upon request of the Receiver, the Defendant shall instruct all property managers, agents, tenants, or others now or hereafter in possession of the Property or any portion of the Assets to make all such rent or other payments to the Receiver or the Receiver's designee until further Order of this Court.

  i. All financial institutions, credit card processors, insurance agents or underwriters, utility providers, vendors, suppliers, tradesmen, materialmen, service providers, franchisors, taxing agencies, and all government agencies and departments are hereby ordered to take direction from the Receiver as it relates to the accounts of the Defendant and to surrender any and all funds held on deposit or apply said funds as directed by the Receiver.

  3.13. **Receiver's Fee**. The Receiver's fee shall be $1,000 per month. The Receiver's fee may exceed the cap set forth herein only upon the written consent of Plaintiff or a further order of this Court. Payment of the Receiver shall be subject to paragraph 3.15 below.

  3.14. **Professionals/Attorneys**. The law firm of Ewing Anderson PS is hereby authorized and appointed to act as attorneys for the receivership and, subject to the provisions of paragraph 3.15 below, shall be paid for all such services at the regular hourly rates of any attorneys and paralegals of the firm. Attorney David Eash, whose hourly rate for this matter is $250.00, shall be the responsible attorney for this matter. Upon notice to

ORDER APPOINTING GENERAL RECEIVER – 9

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

60642-0078/LEGAL15909125.1

the parties and any other parties requesting notice, the Receiver may appoint other attorneys, accountants and other professional services to assist it in carrying out his obligations as Receiver.

3.15. **Payment of Receiver's and Professionals' Fees and Costs**. The Receiver is authorized to make payment for its fees and costs and for the fees and costs of its professionals on a periodic basis, but in any event not more than monthly, as follows:

a. Prior to any such payment, the Receiver shall cause to be filed a *notice of compensation of professionals* and serve such notice, together with a reasonably detailed description of the time periods, services and amount requested on: Plaintiff, Defendant, and those parties who have requested notice. If no party in interest objects to such payments or portions of such payments within ten (10) calendar days following the date of notice, the fees and costs shall be deemed approved as being fully and finally earned without further order or leave of the Court. If any party wishes to object to such payments or portions thereof, such party shall notify in writing the Receiver and the above-referenced parties of the nature of the objection within the 10-day objection period set forth above. If there is an objection and the Receiver or affected professionals cannot consensually resolve the dispute or if the dispute is not resolved within thirty (30) days of the date of such objection, the objecting party may file a motion with the Court to resolve the objection.

b. The approved fees and costs of the Receiver and its professionals shall be paid from the gross receipts derived from the Assets and shall be a first priority lien on the Assets, with priority over all other liens, including, without limitation, statutory liens.

c. On at least two (2) days notice to the Defendant, the Receiver is authorized to borrow from either or both of the Plaintiff such amounts as may be necessary to satisfy the actual and projected costs and expenses of the receivership, to the extent that

ORDER APPOINTING GENERAL RECEIVER – 10

60642-0078/LEGAL15909125.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

the net Rents and Profits derived from the Assets are insufficient to satisfy such costs and expenses, on such terms as Plaintiff and the Receiver shall agree, and to execute such documentation satisfactory to the Receiver and the Plaintiff evidencing the obligation of the receivership estate (and not the Receiver individually or in its corporate capacity), including, without limitation, one or more Receivership Certificates, to repay such sums, provided however, any loans from either Plaintiff shall be made in Plaintiff's sole discretion. Any such loans shall receive a first priority lien on the receivership estate in favor of Plaintiff (subject only to any lien on the receivership estate in favor of the Receiver pursuant to subsection (b) above), and shall constitute advances under the respective deed of trust of such Plaintiff.

d.    In the event (1) either (i) Defendant is without sufficient liquid cash funds to defray on a current basis the reasonable fees and costs of the Receiver and its professionals and the expenses of this receivership or any of the projected future fees, costs and expenses of receivership, or (ii) the net value of the remaining assets are insufficient to meet the current or projected expenses of the receivership, and (2) Plaintiff refuses to fund such amounts pursuant to subsection 3.15(c) above, good cause for termination of this receivership shall be deemed to exist and, upon application by the Receiver and its professionals establishing such lack of funding for the receivership, their appointment shall be terminated and the Assets shall be distributed to such persons as the Court may then direct.

3.16    **No Appraisal or Inventory Required**. The Receiver is excused from seeking an independent professional appraisal of the Assets or filing an inventory, absent a further order of this Court.

ORDER APPOINTING GENERAL RECEIVER – 11

*Perkins Coie* LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

60642-0078/LEGAL15909125.1

3.17  **Utilities.** Any utility company providing services to the Property, including gas, electricity, water, sewer, trash collection, telephone, communications or similar services, shall be prohibited from discontinuing service to the Property based upon unpaid bills incurred by Defendant. Further, such utilities shall transfer any deposits held by the utility to the exclusive control of such Receiver and be prohibited from demanding that the Receiver deposit additional funds in advance to maintain or secure such services.

3.18.  **Mail.** Receiver may issue demand that upon the U. S. Postal service grant exclusive possession and control of mail including postal boxes as may have been used by Defendant and may direct that certain mail related to the Property and its business be re-directed to Receiver.

3.19  **Insurance.** The Receiver shall determine upon taking possession of the Property whether in the Receiver's judgment, there is sufficient insurance coverage. With respect to any insurance coverage in existence or obtained, the Receiver, Plaintiff, and the property management company, if any one exists, shall be named as an additional insured on the policies for the period of the receivership. If sufficient insurance coverage does not exist, the Receiver shall immediately notify the parties to this lawsuit and shall have thirty (30) calendar days to procure sufficient all-risk and liability insurance on the Property (excluding earthquake and flood insurance) provided, however, that if the Receiver does not have sufficient funds to do so, the Receiver shall seek instructions from the Court with regard to adequately insuring the property. The Receiver shall not be responsible for claims arising from the lack of procurement or inability to obtain insurance.

3.20  **Exception to Automatic Stay.** The automatic stay of RCW 7.60.110 shall not apply to Plaintiff's trustee sale of the Property and any action taken by Plaintiff in furtherance thereof.

ORDER APPOINTING GENERAL RECEIVER – 12

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

60642-0078/LEGAL15909125.1

3.21 **Use of Funds**. The Receiver shall pay only those bills that are reasonable and necessary for the operation of the protection of the receivership property and shall allocate funds in the following order of priority: (1) the costs and expense of the receivership estate including, but, not limited to, utilities, insurance premiums, general and special taxes or assessments levied on the real property and improvements thereon; (2) the creation and retention by the Receiver of a reasonable working capital fund; (3) any dues owed by Defendant to the homeowners' association for the Property; (4) repayment of advances made by Plaintiff under the terms of this Order; and (5) amounts due to Plaintiff, which can be paid to Plaintiff without further order of this Court.

3.22. **Notice of Receivership**. The Receiver is excused from the publication requirements set forth in RCW 7.60.200 and shall only be required to give notice of the receivership to known creditors of the Defendant.

3.23 **Termination**. The receivership shall not be terminated, and the rights and obligations of the parties subject to this Order shall remain in full force, until this Court approves the Receiver's final report or until the court enters an order terminating the receivership.

3.24. **Best Efforts/Further Construction**. The Court acknowledges the Receiver's ability to perform his duties under this Order may be limited by various factors, including but not limited to Receiver's limited access to information. The Court therefore requires only Receiver's best efforts to comply with the duties set forth in this Order and the Receiver may at any time apply to this Court for further or other instructions, or for a modification of this order, or for further powers necessary to enable the Receiver properly to perform his duties, or for a termination of the Receiver's appointment.

ORDER APPOINTING GENERAL RECEIVER – 13

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

60642-0078/LEGAL15909125.1

3.25. **Discharge/Final Report.** Upon distribution or disposition of all property of the estate, or the completion of the receiver's duties with respect to estate property, the Receiver shall move the Court to be discharged. The Receiver shall file a final report and accounting setting forth all receipts and disbursements of the estate which shall be annexed to the petition for discharge and filed with the court. Upon approval of the final report, the court shall discharge the Receiver and exonerate the Receiver's bond. The Receiver's discharge releases the Receiver from any further duties and responsibilities as receiver under RCW 7.60 et. seq.

26. **Jurisdiction.** This Court shall retain jurisdiction over any disputes arising from the receivership, or relating to the Receiver, which jurisdiction shall be exclusive and shall survive the termination of the receivership.

DATED this 24 day of July, 2009.

_____
JUDGE/COURT COMMISSIONER

ORDER APPOINTING GENERAL RECEIVER – 14

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

60642-0078/LEGAL15909125.1

Presented by:                              Accepted by:

**PERKINS COIE** LLP                       **WILLIAM E. BUTLER**

By _/s/ John S. Kaplan_                    _____
John S. Kaplan, WSBA #23788                William E. Butler

Attorneys for Plaintiff

ORDER APPOINTING GENERAL RECEIVER – 15

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

60642-0078/LEGAL15909125.1

Presented by:

PERKINS COIE LLP

By _____
John S. Kaplan, WSBA #28788

Attorneys for Plaintiff

Accepted by:

WILLIAM E. BUTLER

_____
William E. Butler

ORDER APPOINTING GENERAL RECEIVER – 15

60642-0078/LEGAL15909125.1

# EXHIBIT "A"
(Legal Description)

PARCEL 1:

That portion of the South half of the North half of the Northeast quarter of the Northeast quarter of Section 30, Township 26 North, Range 43 East, W.M., in Spokane County, Washington, described as follows:

BEGINNING at the intersection of the North line of said South half and the West right-of-way line of Division Street;
Thence South 00°14'39" East, along said West right-of-way line, 221.89 feet;
Thence South 12°03'28" West, 70.40 feet;
Thence South 60°08'34" West, 27.28 feet;
Thence South 89°45'21" West, 312.29 feet;
Thence North 00°14'39" West, 139.70 feet;
Thence North 07°28'25" East, 142.56 feet;
Thence North 00°14'39" West, 33.00 feet to the North line of said South half;
Thence South 88°32'59" East, along said North line, 332.00 feet to the Point of Beginning, also being known as;

Tract "A" of Short Plat No. SP-1025-95 according to Plat recorded in Volume 14 of Short Plats, Pages 21-22, in Spokane County, Washington.

PARCEL 2:

An easement for a sanitary sewer system as set forth in that certain Private Sewer System TIE-IN Easement Agreement filed for record on April 18, 1997, as Spokane County Auditor's No. 4095144.

PARCEL 3:

That certain non-exclusive easement and the rights and obligations pertaining thereto as set forth in that certain Declaration of Covenants, Conditions and Restrictions and Grant of Reciprocal Easements filed for record on April 18, 1997 as Spokane County Auditor's No. 4095143.

ORDER APPOINTING GENERAL RECEIVER – 16

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

60642-0078/LEGAL15909125.1