Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

– and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
155 North Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and  
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
et al.,                        :
                               :
                   Debtors.    :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**SUPPLEMENTAL ORDER ON DEBTORS' THIRTY-FOURTH**  
**OMNIBUS OBJECTION TO CLAIMS (MODIFICATION**  
**OF CERTAIN DUPLICATIVE 503(b)(9) CLAIMS)**

THIS MATTER having come before the Court on the Debtors' Thirty-Fourth Omnibus Objection To Claims (Modification of Certain Duplicative 503(b)(9) Claims) (the "Objection"),[1] and it appearing that due and proper notice

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

and service of the Objection has been given in compliance with Fed. R. Bankr. P. 3007 and 7004 and LBR 3007-1 and was good and sufficient and that no other further notice or service of the Objection need be given; and the Court having entered the Order on Debtors' Thirty-Fourth Omnibus Objection to Claims (Modification of Certain Duplicative 503(b)(9) Claims) on October 28, 2009 (Docket No. 5385) (the "Initial Order"); and it appearing that certain parties filed responses to the Objection (the "Responses"); and it appearing that certain Responses have been resolved; and it appearing that the relief requested on the Objection is in the best interest of the Debtors, their estates and creditors and other parties-in-interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

   IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

   1.   The claims identified on Exhibit A attached hereto and incorporated herein are modified as set forth on Exhibit A, provided, however, to the extent any claim (or a portion thereof) (1) asserted under Bankruptcy Code section 503(b)(9) and (2) listed on Exhibit A is disallowed, the claimant reserves the right to assert such portion as a general unsecured non-priority claim and all of the Debtors'

2

rights (other than the right to object on the basis of timeliness) with respect thereto are not waived and are expressly reserved.  By entry of this Order, the claimant shall not be deemed to have waived any defenses to any objection(s) to its general unsecured claim which defenses are deemed preserved, including without limitation, any defenses concerning any portion of the claimant's section 503(b)(9) administrative priority claim that may later be asserted as a general unsecured claim pursuant to the terms hereof.

    2.   The Debtors' rights to object to any claim, including (without limitation) the 503(b)(9) Claims and Duplicate Claims, on any grounds that the applicable law permits are not waived and are expressly reserved.

    3.   This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

    4.   To the extent this Order conflicts with the Initial Order, this Order shall control.

    5.   The Debtors shall serve a copy of this Order on the claimants included on the exhibits to this Order on or before five (5) business days from the entry of this Order.

Dated: Richmond, Virginia
_____, 2010

                         _____
                         HONORABLE KEVIN R. HUENNEKENS
                         UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

\_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

4

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                       _/s/ Douglas M. Foley_____
                                       Douglas M. Foley

\10575876.1

5

In re: Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

**Supplemental Order on Thirty-Fourth Omnibus Claims Objection**

**Exhibit A - Partial Duplication - Ordered**

| Claim # | Date Filed | Claimant Name | Claimant Address | Claim Holder Address | Debtor as Filed | Classification as Filed | Amount Claimed as Filed | Amount as Ordered by Court (1) | Modified Surviving Amount | Variance |
|---|---|---|---|---|---|---|---|---|---|---|
| 929 | 12/16/2008 | JLG INDUSTRIES INC | JLG INDUSTRIES INC 1 JLG DR MCCONNELLSBURG, PA 17233-9533 | JLG INDUSTRIES INC 1 JLG DR MCCONNELLSBURG, PA 17233-9533 | CIRCUIT CITY PURCHASING COMPANY, LLC | Unsecured | $105,543.41 | $105,543.41 | $91,140.09 | ($14,403.32) |
| 930 | 12/16/2008 | JLG INDUSTRIES INC | SEE ABOVE | SEE ABOVE | CIRCUIT CITY PURCHASING COMPANY, LLC | 503(b)(9) - Admin Priority | $14,403.32 | $14,403.32 | $14,403.32 | $0.00 |
| | | | | | | **Total** | **$119,946.73** | **$119,946.73** | **$105,543.41** | **($14,403.32)** |

**Note:**
(1) To the extent that a claim has appeared on a prior Omnibus Objection, the 'Amount Ordered by Court' reflects only those claims that have been ordered by the court. Otherwise, the original claimed amount is shown.