IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 08-35653 |
| CIRCUIT CITY STORES, INC., | § | (Chapter 11) |
| ET AL., | § | (Jointly Administered) |
| | § | |
| Debtors. | § | |

**RYAN, INC. F/K/A RYAN & COMPANY, INC.'S RESPONSE TO DEBTORS' EIGHTH OMNIBUS MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 365(a) AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS**

RYAN, INC. f/k/a RYAN & COMPANY, INC. ("**Ryan**"), acting by and through its attorney-in-fact, files this Response ("**Response**") to *Debtors' Eighth Omnibus Motion for Order Pursuant to Bankruptcy Code Sections 105(a) and 365(a) and Bankruptcy Rule 6006 Authorizing Rejection of Certain Executory Contracts* (the "**Motion to Reject**"), as follows:

**PROCEDURAL BACKGROUND**

1.  CIRCUIT CITY STORES, INC. ("**Circuit City**") and its affiliates (collectively the "**Debtors**") filed bankruptcy on November 10, 2008, under chapter 11 of the Bankruptcy

Bruce W. Akerly, Esq.
Texas Bar No. 00953200
brucea@bellnunnally.com
BELL NUNNALLY & MARTIN LLP
1400 One McKinney Plaza
3232 McKinney Avenue
Dallas, Texas  75204-2429
(214) 740-1430 Telephone
(214) 740-1421 Facsimile

ATTORNEYS FOR RYAN, INC.
F/K/A RYAN & COMPANY, INC.

Robert M. Marino, Esq.
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
(703) 684-2000 Telephone
(703) 684-5109 Facsimile

LOCAL ATTORNEYS FOR RYAN, INC.
F/K/ RYAN & COMPANY, INC.

2. Code, as styled and referenced above (the "**Case**").  Pursuant to sections 1107 and 1108, Debtors remain as debtors in possession.

3. On November 12, 2008, the U.S. Trustee Office appointed an unsecured creditors committee.  Neither a trustee nor an examiner has been appointed in these cases.

4. Unable to get DIP financing, Debtors, with court approval, began to liquidate its assets through going out of business sales at Debtors' 567 stores.  The going out of business sales were concluded on or about March 8, 2009.

5. Debtors filed its First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors ("**Plan**") on September 29, 2009.  The confirmation hearing on Debtors' Plan is presently set for March 8, 2010.

6. The Plan generally provides for the liquidation of Debtors under chapter 11.

7. On November 13, 2009, Ryan filed its *Motion to Compel Debtor Circuit City Stores, Inc. to Assume Executory Contract* ("**Motion to Compel**") (Case Dkt. No. 5648).  As of the time of the filing of this Response, Debtors have not responded to the Motion to Compel.

8. On January 28, 2010, Debtors filed the Motion to Reject seeking to reject the executory contract between Ryan and Debtors.

## BACKGROUND REGARDING EXECUTORY CONTRACT

9. On June 8, 2005, Ryan and Debtor Circuit City entered into a letter agreement whereby Ryan agreed to perform, for Circuit City's benefit, a review of Circuit City's Hawaii import tax payment records to identify tax refund and/or tax reduction opportunities (the "**Agreement**").

**RYAN, INC. F/K/A RYAN & COMPANY, INC.'S RESPONSE TO DEBTORS' EIGHTH OMNIBUS MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 365(a) AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS – PAGE 2**

10. Pursuant to the terms of the Agreement, Circuit City agreed to pay Ryan a fee equal to thirty-three and one-third percent (33 1/3%) of any tax refunds, credits or reductions, including interest and penalties, that Circuit City obtained from applicable taxing authorities or vendors.

11. Ryan was working under the Agreement at the time Debtors filed the Case. Ryan continued to work under the Agreement post-petition.

## RESPONSE TO MOTION

12. Debtors generally suggest that they exercised sound business judgment in deciding to reject the executory contract between Ryan and Circuit City. *See* Motion to Reject at 5-6. Debtors conclude, without explanation, that Ryan's contract no longer provides value to Debtors. *See Id.* at 6 n.3.[1]

13. The Motion to Reject mainly addresses Debtors' rationale for rejecting their employment agreements. *See* Motion at 5-7. Debtors state as reasons for rejection that they will no longer do business and, therefore, the employment agreements provide no value. *See* Motion at 7. While this makes sense with Debtors' few remaining employees, it does not demonstrate sound business judgment in regards to Ryan's contract, which has nothing to do with employees.

14. The Agreement provides great potential value to Circuit City and Debtors. Ryan's services have the potential of significant cash tax refunds being awarded to Circuit City post-petition/confirmation. Actual and in progress tax refunds total could approximate

---

[1] The Motion to Reject mainly discusses that Debtors are rejecting employment contracts because Debtors will no longer operate under the plan. In fact, Debtors did not discuss its contract with Ryan except for in a footnote. *See* Motion 6 n.3. Additionally, all contracts rejected, except for Ryan's, are in fact employment agreements. *See* Motion Exhibit A.

**RYAN, INC. F/K/A RYAN & COMPANY, INC.'S RESPONSE TO DEBTORS' EIGHTH OMNIBUS MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 365(a) AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS – PAGE 3**

$735,663.01. Besides the obligation to pay Ryan 33 1/3 % of any tax refund received by Circuit City, the Agreement does not burden the Debtors or their estate.

15. In the Fourth Circuit, the decision to accept or reject an executory contract is left to the sound business judgment of the debtor-in-possession. *See Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc.* (*In re Richmond Metal Finishers, Inc.*), 756 F.2d 1043, 1045 (4th Cir. 1985). Courts typically should defer to the decision of the debtor-in-possession, unless such decision was made "in bad faith or in gross abuse of the bankrupt's retained business discretion." *Id.* at 1047. Thus, when "the decision of the [debtor-in-possession] that rejection will be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice[,]" the court should not defer to the debtor-in-possession's decision. *Id.*

16. Here, Debtors' decision to reject the Agreement between Ryan and Circuit City is not based on sound business judgment. Ryan has completed almost all of the work necessary to obtain a refund. Although the State of Hawaii initially denied the refund claim, an appeal before the Supreme Court of Hawaii may resolve the issue in Debtors' favor. Awaiting the outcome of the appeal costs nothing to Debtors. The Agreement represents a valuable asset to Debtors' estate. If the appeal is successful the estate stands to receive actual and in progress tax refunds totaling approximately $735,663.01. Ryan's contingency fee based on the refund amount would be $245,196.48. Debtors' estate will net $490,466.53 after payment to Ryan.

17. Further, because the estate will only be liable to Ryan upon receipt of a tax refund, even if the state of Hawaii denies Debtor's refund, the estate will not owe Ryan anything. Thus, the Agreement does not burden the estate. It is not sound business judgment to reject the

**RYAN, INC. F/K/A RYAN & COMPANY, INC.'S RESPONSE TO DEBTORS' EIGHTH OMNIBUS MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 365(a) AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS – PAGE 4**

Agreement because it has great upside and no potential downside. *See id.* Debtors' decision amounts more to a whim or caprice as evidenced by their discussion of Ryan's contract in a footnote to the Motion.

### **RESERVATION OF RIGHTS UPON REJECTION**

In the event the Agreement is rejected, Ryan reserves the right to assert that (a) it owns a percentage/portion of any recovery/refund which may be received from the State of Hawaii as its contracted for fee under the Agreement and/or (b) that it is entitled to recover a reasonable fee (as earned) based on and from the refund itself, rather than as a general unsecured creditor of the bankruptcy estate. Ryan further reserves all issues raised in its objection to confirmation of Debtors' Plan and as raised in its Motion to Assume.

WHEREFORE, Ryan requests that the Court deny the Motion to Reject and compel the Debtors to assume the Agreement between Ryan and Circuit City, and grant Ryan such other relief to which it may be entitled under the circumstances.

**RYAN, INC. F/K/A RYAN & COMPANY, INC.'S RESPONSE TO DEBTORS' EIGHTH OMNIBUS MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 365(a) AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS – PAGE 5**

Dated: February 8, 2010.

        Respectfully submitted,

        /s/ Bruce W. Akerly
        Bruce W. Akerly, Texas Bar No. 00953200
        BELL NUNNALLY & MARTIN LLP
        3232 McKinney Avenue, Suite 1400
        Dallas, Texas  75204-2429
        Tel:   (214) 740-1430
        Fax:   (214) 740-1421

        ATTORNEYS FOR RYAN, INC. F/K/A
        RYAN & COMPANY, INC.

        and

        /s/ Robert M. Marino
        Robert M. Marino, VSB#26076
        Redmon Peyton & Braswell, LLP
        510 King Street, Suite 301
        Alexandria, VA 22314
        (703) 684-2000 Telephone
        (703) 684-5109 Facsimile
        LOCAL ATTORNEYS FOR RYAN, INC.
        F/K/ RYAN & COMPANY, INC.

**RYAN, INC. F/K/A RYAN & COMPANY, INC.'S RESPONSE TO DEBTORS' EIGHTH OMNIBUS MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 365(a) AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS – PAGE 6**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing pleading was served electronically through the ECF System on February 10, 2010, upon all persons, entities and parties-in-interest who have entered their appearance and requested to receive notice in this case, and by email upon Daniel F. Blanks, Esq., McGuireWoods, LLP, blanks@mcguirewoods.com.

/s/ Bruce W. Akerly\_
Bruce W. Akerly

579202_1

**RYAN, INC. F/K/A RYAN & COMPANY, INC.'S RESPONSE TO DEBTORS' EIGHTH OMNIBUS MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 365(a) AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS – PAGE 7**