Re: Objection to termination of Executory Contracts
Curtis Etheridge

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000
- and -
Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
Counsel to the Debtors and
Debtors in Possession
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

In re: ) Chapter 11
)
CIRCUIT CITY STORES, INC., ) Case No. 08-35653-KRH
et al., )
)
) Jointly Administered
Debtors. )
)

**NOTICE OF MOTION AND NOTICE OF HEARING ON
DEBTORS' EIGHTH OMNIBUS MOTION FOR ORDER PURSUANT TO
BANKRUPTCY CODE SECTIONS 105(a) AND 365(a) AND BANKRUPTCY
RULE 6006 AUTHORIZING REJECTION OF CERTAIN EXECUTORY
CONTRACTS**

**To the Honorable Judge and Court,**

I hereby object to the termination of the Executory contracts based on the facts listed below. I am not a lawyer but have a hard time in understanding why these contracts would be terminated based on a "best business

judgment" and that it is not in bad faith.  During the filing of bankruptcy and shortly there after, associates looked  to us for guidance and direction. When the company announced bankruptcy at no time were our contracts terminated nor fulfilled.  If so, there would have been more turnover making the bankruptcy process more challenging resulting in less assets for the creditors.  In addition, Why would some contracts be honored but others not.  I worked for Circuit City ( like Many) for over 20 years giving more than most of the creditors that are out there.  Lastly, I received the objection information on Saturday Feb 6th making it near impossible to respond to the objection.  I also do not understand how it cannot be considered bad faith.  I thank you for your time and have listed other reasons I object below.

- Best Business Judgment , Contracts fulfilled by managers and during Bankruptcy played a vital role in protecting assets of the company.  If no contract in place, many of these vital managers would have left leaving the company at a risk in regards to assets.

- Good Faith ,  contracts were fulfilled and it would be in bad faith if they were not honored.

**Please see following concerns and objections ( in Bold)**
0. The Debtors are currently performing their review and evaluation of other executory contracts that are not the subject of this Motion. As this process continues, the Debtors may identify additional executory contracts to be assumed or rejected. Accordingly, the Debtors reserve the right to seek to assume or reject additional executory contracts. This Motion should not be construed as a determination that any executory contracts not listed herein are to be assumed or rejected. **Inconsistent, why would some contracts be honored and others not.**


16. Accordingly, the Debtors believe that rejection of the Contracts is in the best interests of their estates, their creditors, and other parties in interest. **This was not the case during the bankruptcy. Our services are not needed now: However, during my 20 years of tenure I fulfilled my obligations.  In addition, during time of Bankruptcy we played a vital role in**

**protecting the assets via audits, calming and focusing our associates on customers and sells**

18. Once the Debtors articulate a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action
9
taken was in the best interests of the company.'" Official Comm. Of Subordinated Bondholders v. Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).

20. As set forth above, the Debtors have satisfied the "business judgment" standard for rejecting the Contracts. The Contracts provide no economic benefit to the Debtors, nor are such Contracts a source of potential value for the Debtors' estates and creditors. Accordingly, rejection of the Contracts reflects the exercise of the Debtors' sound business judgment. **Without us , the assets that are being distributed would be less.**

Sincerely

Curtis Etheridge