Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - -  x
In re:                         : Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     : Case No. 08-35653
et al.,                        :
                               : Jointly Administered
              Debtors.         :
- - - - - - - - - - - - - - -  x

       **ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 503
       AND BANKRUPTCY RULES 2002 AND 9007 (I) SETTING SECOND
       ADMINISTRATIVE BAR DATE AND PROCEDURES FOR FILING AND
       OBJECTING TO ADMINISTRATIVE EXPENSE REQUESTS AND
       (II) APPROVING FORM AND MANNER OF NOTICE THEREOF**

            Upon the motion (the "Motion"),[1] of the Debtors

for an order pursuant to Bankruptcy Code 105 and 503 and

---

[1]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to them in the Motion.

Bankruptcy Rules 2002 and 9007 (i) setting an second

administrative bar date and procedures for filing and

objecting to administrative expense requests, and

(ii) approving the form and manner of notice thereof;

and the Court having determined that the relief

requested, their estates, their creditors, and other

parties in interest; and it appearing that proper and

adequate notice of the Motion has been given and that no

other or further notice is necessary; and upon the

record herein; and after due deliberation thereon; and

good and sufficient cause appearing therefor, it is

hereby

        **ORDERED, ADJUDGED AND DECREED THAT:**

    1.    The Motion is GRANTED.

    2.    For purposes of the Motion and this Order,

the term "Administrative Expense" means, as to or

against any of the Debtors (a) any right to payment,

whether or not such right is reduced to judgment,

liquidated, unliquidated, fixed, contingent, matured,

unmatured, disputed, undisputed, legal, equitable,

secured or unsecured, or (b) any right to an equitable

remedy for breach of performance if such breach gives

rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, that (1) satisfies sections 365(d)(3), 365(d)(5), or 503(b), including 503(b)(1) through (b)(8) of the Bankruptcy Code, but excluding section 503(b)(9), and (2) first arose (or, only in the case of unexpired leases of real and personal property, accrued) from and after **May 1, 2009** through and including **December 31, 2009** (such period beginning on May 1, 2009 and ending on December 31, 2009, the "Second Administrative Period")**.**

      3.   All holders of or those wishing to assert an Administrative Expense, including (without limitation) persons, entities, individuals, partnerships, corporations, estates, trusts, indenture trustees, unions and governmental units, must file an Administrative Expense Request on or before **5:00 p.m. (Pacific) on March 31, 2010** -- the Second Administrative Bar Date -- in accordance with the procedures set forth below.

4.    Notwithstanding the preceding paragraphs, the following holders need not file an Administrative Expense Request:

    (i)      Parties that have already properly filed an Administrative Expense Request with the Court or the Claim Agent that clearly sets forth that such party is asserting an Administrative Expense;

    (ii)     Parties whose Administrative Expense has been previously allowed by order of the Court;

    (iii)    A Debtor or Debtors holding an Administrative Expense against one or more other Debtors; and

    (iv)    Professional advisors (*i.e.*, attorneys, financial advisors, accountants, Expenses agents) retained by the Debtors or the Creditors' Committee under Bankruptcy Code sections 327, 328 or 1103 and whose Administrative Expense is for services rendered and reimbursement of expenses in these Chapter 11 cases.

5.    Any holder of a 503(b)(9) administrative claim (each, a "503(b)(9) Holder"), who was required to file his claim/expense by December 19, 2008 (the "503(b)(9) Bar Date") pursuant to the 503(b)(9) Bar Date Order is not now permitted to file an Administrative Expense Request.  As set forth in the 503(b)(9) Bar Date

Order, any person or entity holding a claim/expense

pursuant to Bankruptcy Code section 503(b)(9) that

failed to file a claim/expense request on or before

December 19, 2008, is forever barred and estopped from

asserting a claim/expense pursuant to section 503(b)(9)

against the Debtors, their estates, or property of any

of them, absent further order of the Court.

6.   Any holder of a claim/expense which was

required to be filed by the First Administrative Bar

Date pursuant to the First Administrative Bar Date Order,

is not now be permitted to file an Administrative

Expense Request for such period.  As set forth in the

First Administrative Bar Date Order, any person or

entity holding a claim/expense that first arose (or,

only in the case of unexpired leases of real and

personal property, accrued) in the First Administrative

Period, that failed to file a claim/expense on or before

the First Administrative Bar Date, is forever barred an

estopped from asserting a claim/expense pursuant to

Bankruptcy Code satisfies sections 365(d)(3), 365(d)(5),

or 503(b), first arising (or, only in the case of

unexpired leases of real and personal property, accruing)

during the First Administrative Period, against the

Debtors, their estates, or the property of any of them,

absent further order of the Court.

7.    To be considered, each Administrative

Expense Request must (a) be in writing, (b) be

denominated in lawful United States Currency,

(c) specify the Debtor against which the claimant

asserts the Administrative Expense, (d) set for the with

specificity the legal and factual basis for the

Administrative Expense, and (e) have attached to it

supporting documentation upon which the claimant will

rely to support the Request.

8.    In addition, each Administrative Expense

Request must specifically set forth the full name of the

Debtor against whom the Administrative Expense is filed.

Administrative Expenses against multiple Debtors may not

be aggregated in a single Request.

9.    The Debtors shall serve the

Administrative Bar Date Notice substantially in the form

of the notice attached hereto as Exhibit A by first

class mail on or within seven (7) days from the date of

entry of this Order to all known and reasonably

ascertainable creditors or holders of Administrative
Expenses.

10.   The Debtors shall publish a notice in a
form substantially similar to the Second Administrative
Bar Date Notice in the national edition of the Wall
Street Journal, the international edition of the
Financial Times, and the Richmond Times Dispatch no
later than seven (7) days from the date of entry of this
Order.

11.   All Administrative Expense Requests filed
by mail, hand, or overnight courier shall be addressed
to:

            Circuit City Stores, Inc., et al.
            Claims Processing Dept.
            Kurtzman Carson Consultants LLC
            2335 Alaska Avenue
            El Segundo, CA  90245

12.   An Administrative Expense Request is
deemed filed only when the Administrative Expense
Request is **received** by the Claims Agent at the above
address.   Administrative Expense Requests submitted by
facsimile or other electronic means shall be rejected by
the Claims Agent and will not be deemed filed.

13.   Any person or entity holding or wishing to assert Administrative Expenses against more than one Debtor must file a separate Administrative Expense Request in the case of each Debtor against which the creditor believes it holds an Administrative Expense and must identify on their Administrative Expense Request the particular Debtor against which their Administrative Expense is asserted and the case number of that Debtor's bankruptcy case.  An Administrative Expense Request listing no reference to a particular Debtor or an Administrative Expense Request listing all of the Debtors will be deemed filed against Circuit City Stores, Inc., Case No. 08-35653.

14.   Any person or entity that is required, but fails, to file an Administrative Expense Request for its Administrative Expense in accordance with the procedures set forth in this Order on or before the Second Administrative Bar Date (a) shall be forever barred, estopped, and enjoined from asserting any Administrative Expense against the Debtors and the Debtors shall be forever discharged from any and all indebtedness or liability with respect to such

Administrative Expenses and (b) shall not be permitted
to receive payment from the Debtors' estates or
participate in any distribution under any plan or plans
of liquidation in the Debtors' chapter 11 cases on
account of such Administrative Expenses.

15.   Nothing in this Order shall, or shall be
deemed to, prejudice the Debtors' right to object to
(i) any claim/expense, whether filed or scheduled (e.g.,
as contingent, unliquidated or disputed), and (ii) any
Administrative Expense on any ground, or to dispute, or
to assert offsets against or defenses to, any
claim/expense (administrative or otherwise), as to
amount, liability, classification, or otherwise, and to
subsequently designate any claim/expense as disputed,
contingent or unliquidated.

16.   To the extent not inconsistent with the
Motion, this Order, or the Second Administrative Bar
Date Notice, the procedures (the "Omnibus Objection
Procedures") approved by this Court (and attached as
Exhibit B hereto) by the Order Establishing Omnibus
Objection Procedures And Approving The Form And Manner
Of Notice Of Omnibus Objections (D.I. 2881) shall apply

to omnibus objections to Administrative Expense Requests.
To the extent there is a conflict between the Omnibus
Objection Procedures and the Motion, this Order, or the
Second Administrative Bar Date Notice, the Motion, the
Order, or Second Administrative Bar Date Notice, as the
case may be, shall control.

17.   To the extent the Debtors object to an
Administrative Expense Request, such objection must be
filed at least thirty (30) days prior to the proposed
hearing on such objection (unless such period is
shortened by the Court), to which the holder(s) of such
Administrative Expense Request will have an opportunity
to respond no later than seven (7) days prior to the
hearing on such objection.

18.   Nothing in the Motion, this Order, or the
Second Administrative Bar Date Notice shall be construed
as shifting or deemed to shift the burdens of proof
pertaining to Administrative Expenses.

19.   Nothing contained herein shall limit,
abridge, or otherwise affect the Debtors' right to
request that the Court fix a date by which the holder of
an Administrative Expense that is specifically excluded

from the requirements to file an Administrative Expense
Request by this Order must file an Administrative
Expense Request.

20.   The Debtors are authorized to take such
steps and do such things as they deem to be reasonably
necessary to fulfill the notice requirements established
by this Order, including the expenditure of all sums
reasonably necessary to implement the provisions of this
Order.

21.   The requirement under Local Bankruptcy
Rule 9013-1(G) to file a memorandum of law in connection
with the Motion is hereby waived.

22.   This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of and/or interpretation of this Order.

Dated:    Richmond, Virginia
          _____, 2010

                              _____
                              UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and -

/s/ Douglas M. Foley____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley____
Douglas M. Foley

**<u>EXHIBIT A</u>**

**(Form of Notice)**

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, MCGUIREWOODS LLP
LLP                                 One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors in
Possession


                IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION
- - - - - - - - - - - - - - -  x
In re:                         : Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     : Case No. 08-35653
et al.,                        :
                               : Jointly Administered
            Debtors.           :
- - - - - - - - - - - - - - -  x


                    NOTICE OF SECOND DEADLINE
                FOR FILING ADMINISTRATIVE EXPENSE REQUESTS


**TO POTENTIAL HOLDERS OF ADMINISTRATIVE EXPENSES:**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

     **THE FACT THAT YOU RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU
HAVE AN ADMINISTRATIVE EXPENSE OR MUST FILE AN ADMINISTRATIVE
       EXPENSE REQUEST – PLEASE READ THE FOLLOWING CAREFULLY**

          On February [ ], 2010, the United States Bankruptcy
Court for the Eastern District of Virginia (the "Bankruptcy
Court") entered an order (the "Second Administrative Bar Date
Order") in the above captioned chapter 11 cases establishing
**March 31, 2010 at 5:00 p.m. (Pacific Time)** as the second

administrative expense bar date (the "Second Administrative Bar Date") in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").[1]  Except as described below, the Second Administrative Bar Date Order requires all persons or entities holding an Administrative Expense (as defined below) first arising (or, only in the case of unexpired leases of real and personal property, accruing) from and after **May 1, 2009**, through and including **December 31, 2009** (such period beginning on May 1, 2009 and ending on December 31, 2009, the "Second Administrative Period") against any of the Debtors listed on page 4 below, to file a request for payment of such Administrative Expense (an "Administrative Expense Request") so that such Administrative Expense Request is received on or before **5:00 p.m. Pacific Time, on March 31, 2010** -- the Second Administrative Bar Date -- at the following address if delivered by mail, hand delivery or overnight courier:

> **Circuit City Stores, Inc., <u>et al</u>.**
> **Claims Processing Dept.**
> **Kurtzman Carson Consultants LLC**
> **2335 Alaska Avenue**
> **El Segundo, CA  90245**

**<u>DO NOT FILE YOUR ADMINISTRATIVE EXPENSE REQUEST WITH THE BANKRUPTCY COURT.</u>**

### DEFINITION OF ADMINISTRATIVE EXPENSE

For purposes of this Notice, "Administrative Expense" shall mean, as to or against any of the Debtors (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, that (1) satisfies sections 365(d)(3), 365(d)(5), or 503(b), including 503(b)(1) through (b)(8) of the Bankruptcy Code, but excluding section 503(b)(9), and (2) first arose (or,

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are set forth at the end of this Notice.  The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

only in the case of unexpired leases of real and personal
property, accrued) from and after May 1, 2009, through and
including December 31, 2009, _i.e._, the Second Administrative
Period.

### EXCLUSION OF 503(B)(9) ADMINISTRATIVE
### CLAIMANTS AND PRIOR ADMINISTRATIVE CLAIMANTS FROM SECOND
### ADMINISTRATIVE BAR DATE

Any holder of a 503(b)(9) administrative claim/expense
(each a "503(b)(9) Holder"), which claim/expense was required to
be filed by December 19, 2009 (the "503(b)(9) Bar Date"),
pursuant to order of this Court, is **not** now permitted to file an
Administrative Expense Request.  As set forth in the order
establishing the 503(b)(9) Bar Date, any person or entity holding
a claim/expense pursuant to Bankruptcy Code section 503(b)(9)
that failed to file a claim/expense request on or before December
19, 2008, is forever barred and estopped from asserting a
claim/expense pursuant to Bankruptcy Code section 503(b)(9)
against the Debtors, their estates, or the property of any of
them, absent further order of the Court.

Similarly, any holder of a claim/expense which was
required to be filed by the June 30, 2009 (the "First
Administrative Bar Date") pursuant to order of this Court, is **not**
now be permitted to file an Administrative Expense Request for
the First Administrative Period (as defined below).  As set forth
in the order establishing the First Administrative Bar Date, any
person or entity holding a claim/expense that first arose (or,
only in the case of unexpired leases of real and personal
property, accrued) from or after the Petition Date through and
including April 30, 2009 (the "First Administrative Period"),
that failed to file a claim/expense on or before June 30, 2009,
is forever barred an estopped from asserting a claim/expense
pursuant to Bankruptcy Code satisfies sections 365(d)(3),
365(d)(5), or 503(b), including 503(b)(1) through (b)(8), first
arising (or, only in the case of unexpired leases of real and
personal property, accruing) during the First Administrative
Period, against the Debtors, their estates, or the property of
any of them, absent further order of the Court.

### PERSONS OR ENTITIES WHO **MUST** FILE
### ADMINISTRATIVE EXPENSE REQUESTS

Pursuant to the Second Administrative Bar Date Order,
all persons and entities (each as defined in the Bankruptcy

3

Code) holding one or more Administrative Expenses against the
Debtors, including, without limitation, any Administrative
Expenses held by the officers and directors of the Debtors no
longer employed or serving as of December 31, 2009, former
employees of the Debtors no longer employed as of December 31,
2009, indemnitees, individuals, partnerships, corporations,
estates, trusts, indenture trustees, unions, governmental units,
and non-Debtor parties to any unexpired leases or executory
contracts (collectively the "Agreements") (individually, an
"Entity" and collectively, "Entities") with any of the Debtors
who allege that any amounts arising or accruing under any of the
Agreements from and after May 1, 2009 are due, owing and unpaid
as of December 31, 2009, are required to file an Administrative
Expense Request on or before the Second Administrative Expense
Bar Date.

## PERSONS OR ENTITIES WHO <u>NEED NOT</u> FILE ADMINISTRATIVE EXPENSE REQUEST

          The following Entities are <u>not</u> at this time required
to file an Administrative Expense Request:

          1.    Entities that have already properly filed an
Administrative Expense Request with the Court or KCC that
clearly sets forth that such party is asserting an
Administrative Expense.

          2.    Entities whose Administrative Expense has been
previously allowed by order of the Court.

          3.    Debtors holding an Administrative Expense against
another Debtor.

          4.    Professional persons (<u>i.e.</u>, attorneys, financial
advisors, accountants, investment bankers, real estate advisors,
"ordinary course professionals", or other professionals)
retained by the Debtors or the Creditors' Committee under
Bankruptcy Code sections 327, 328 or 1103 and whose
Administrative Expense is for services rendered and
reimbursement of expenses in these Chapter 11 cases; <u>provided</u>,
<u>further</u>, that any professional retained by court order under
Bankruptcy Code section 327, 328 or 1103 need not submit a
request for reimbursement of any expense under section 503(b)
for any period subsequent to the Petition Date until such
professional is so required under the Bankruptcy Code,
Bankruptcy Rules and orders of the Court.

4

**INFORMATION THAT <u>MUST</u> BE INCLUDED WITH
YOUR ADMINISTRATIVE EXPENSE REQUEST**

        To be considered, each Administrative Expense Request
must (a) be in writing, (b) be denominated in lawful United
States Currency, (c) specify the Debtor against which the Entity
asserts the Administrative Expense (see additional requirements
below), (d) set for the with specificity the legal and factual
basis for the Administrative Expense, and (e) have attached to
it supporting documentation upon which the claimant will rely to
support the Administrative Expense Request.

**FILING ADMINISTRATIVE EXPENSE REQUESTS
AGAINST MULTIPLE DEBTORS**

        Any Entity asserting Administrative Expenses against
more than one Debtor must file a separate Administrative Expense
with respect to each such Debtor.  All Entities must identify in
their Administrative Expense Request the particular Debtor
against which their Administrative Expense is asserted and the
case number of that Debtor's bankruptcy case.  An Administrative
Expense Request listing no reference to a particular Debtor or
an Administrative Expense Request listing all of the Debtors
will be deemed filed against Circuit City Stores, Inc., Case No.
08-35653.

**CONSEQUENCES OF FAILURE TO FILE
ADMINISTRATIVE EXPENSE REQUESTS**

        **Any holder of an Administrative Expense that is
required to file (but fails to file) an Administrative Expense
Request in accordance with the procedures set forth herein on or
before the Second Administrative Expense Bar Date (a) shall be forever
barred, estopped, and enjoined from asserting any Administrative
Expense against the Debtors and the Debtors shall be forever
discharged from any and all indebtedness or liability with
respect to such Administrative Expense and (b) shall not be
permitted to receive payment from the Debtors' estates or
participate in any distribution under any plan or plans of
liquidation in the Debtors' chapter 11 cases on account of such
Administrative Expense.**

### TIME AND PLACE FOR FILING ADMINISTRATIVE EXPENSE REQUESTS

A signed original of Administrative Expense Request, together with accompanying documentation, must be **delivered so as to be received** no later than **5:00 p.m. Pacific Time on or before March 31, 2010**, at the following address by mail, hand delivery or overnight courier:

> **Circuit City Stores, Inc., et al.**
> **Claims Processing Dept.**
> **Kurtzman Carson Consultants LLC**
> **2335 Alaska Avenue**
> **El Segundo, CA  90245**

**Any Administrative Expense Request submitted by facsimile or other electronic means will not be accepted and will not be deemed filed until such Administrative Expense Request is submitted by the method described in the foregoing sentence. Administrative Expense Requests will be deemed filed only when actually received at the address listed above.** If you wish to receive acknowledgment of the Debtors' receipt of your Administrative Expense Request, you must also submit a copy of your Administrative Expense Request and a self-addressed, stamped envelope.

### ADDITIONAL INFORMATION

If you require additional information regarding the filing of an Administrative Expense Request, you may contact the Debtors in writing, through their counsel, at the address listed above.  You may also contact Kurtzman Carson Consultants LLC, at (888)830-4650 between 9:00 a.m. and 5:00 p.m. Pacific Time.

### RESERVATION OF RIGHTS

The Debtors reserve the right to: object to (i) any claim, whether filed or scheduled (e.g., as contingent, unliquidated or disputed), and (ii) any Administrative Expense on any ground, or to dispute, or to assert offsets against or defenses to, any claim or Administrative Expense, as to amount, liability, classification, or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated.

PLEASE REFER TO THE SECOND ADMINISTRATIVE BAR DATE ORDER FOR OBJECTION PROCEDURES APPROVED BY THE BANKRUPTCY COURT APPLICABLE TO ADMINISTRATIVE EXPENSE REQUEST

**DEBTORS AND DEBTORS IN POSSESSION AND THE LAST FOUR DIGITS OF
THEIR RESPECTIVE TAXPAYER IDENTIFICATION NUMBERS**

Circuit City Stores, Inc. (3875)
Abbott Advertising Agency, Inc. (4659)
Circuit City Stores West Coast, Inc. (0785)
CC Distribution Company of Virginia, Inc. (2821)
Circuit City Properties, LLC (3353)
Patapsco Designs, Inc. (6796)
Ventoux International, Inc. (1838)
Sky Venture Corporation (0311)
PRAHS, INC. (n/a)
XSStuff, LLC (9263)
Kinzer Technology, LLC (2157)
Circuit City Purchasing Company, LLC (5170)
Orbyx Electronics, LLC (3360)
InterTAN, Inc. (0875)
CC Aviation, LLC (0841)
Courchevel, LLC (n/a)
Circuit City Stores PR, LLC (5512)
Mayland MN, LLC (6116)

BY ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN
DISTRICT OF VIRGINIA DATED February [   ], 2010.

## EXHIBIT B

**(Omnibus Objection Procedures Previously Approved By
Order Of The Bankruptcy Court)**

Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :    Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :    Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :    Jointly Administered
- - - - - - - - - - - - - - x


        **PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS**

        Pursuant to the Order Establishing Omnibus Objection
Procedures and Approving the Form and Manner of the Notice
of Omnibus Objections (Docket No. ___) (the "Order")[1] entered
by the Bankruptcy Court on March [__], 2009, the Bankruptcy
Court approved these procedures for filing omnibus
objections to proofs of claims and requests for allowance
and payment of administrative expenses and/or cure claims
(collectively, the "Claims") in connection with the above-

---

[1] Capitalized terms used but not otherwise defined herein shall have the
meanings set forth in the Order.

captioned chapter 11 cases (the "Omnibus Objection
Procedures").

**Omnibus Objection Procedures**

1.   **Form of Omnibus Objection**.   Omnibus Objections
will be numbered consecutively, regardless of basis.

2.   **Number of Proofs of Claim per Omnibus Objection**.
The Debtors may object to no more than 500 Claims per
Omnibus Objection.

3.   **Grounds for Omnibus Objection**.   The Debtors may
object to the Claims on any grounds.

4.   **Supporting Documentation**. To the extent
appropriate, Omnibus Objections may be accompanied by an
affidavit or declaration that states that the affiant or the
declarant has reviewed the Claims included therein and
applicable supporting information and documentation provided
therewith, made reasonable efforts to research the Claim on
the Debtors' books and records and believes such
documentation does not provide prima facie evidence of the
validity and amount of such Claims.

5.   **Claims Exhibits**.   An exhibit listing the Claims
that are subject to the Omnibus Objection will be attached
to each Omnibus Objection. Each exhibit will only contain
those Claims to which there is a common basis for the
Omnibus Objection.   Claims for which there is more than one
basis for an Omnibus Objection will be referenced on each
applicable exhibit. Each exhibit will include, among other
things, the following information: (a) an alphabetized list
of the claimants whose Claims are the subject of the Omnibus
Objection; (b) the claim numbers of the Claims that are the
subject of the Omnibus Objection; (c) the grounds for the
objections that are the subject of the Omnibus Objection;
and (d) a reference to the exhibit of the Omnibus Objection
in which the ground(s) for the objection is discussed.
Where applicable, additional information may be included in
the exhibits, including: for Claims that the Debtors seek to
reclassify, the proposed classification of such claims; for
Omnibus Objections in which the Debtors seek to reduce the
amount of Claims, the proposed reduced claim amount; and for
Claims that the Debtors propose to be surviving claims where
related claims will be disallowed the surviving claim.

6.   **Omnibus Objection Notice**.   Each Omnibus Objection
will be accompanied by a notice of such Omnibus Objection
(each, a "Notice") in substantially the form attached to the
Order as <u>Exhibit 2</u>.   The Notice will, among other things:
(a) describe the basic nature of the Omnibus Objection; (b)
inform claimants that their rights may be affected by the
Omnibus Objection and encourage them to read the Omnibus
Objection carefully; (c) identify a response date and
describe the procedures for filing a written response (each,
a "Response") to the Omnibus Objection; (d) identify a
hearing date, if applicable, and related procedures; and (e)
describe how Claims, the Omnibus Objection and other
pleadings in the chapter 11 cases may be obtained. Although
the Notice generally will be in the form attached hereto, it
may be tailored specifically to address particular claimants
or types of Omnibus Objections.

7.   **Status Hearings**.   Status hearings for all Claims
for which timely responses are filed will be held on
scheduled omnibus hearing dates.   Unless otherwise notified,
no claimants will need to appear at the status hearings on
the Omnibus Objections.   If an evidentiary hearing is
necessary, claimants will be provided a separate notice of
hearing.

8.   **Order if No Response**.   The Debtors may submit an
order to the Bankruptcy Court sustaining each Omnibus
Objection to Claims for which the Debtors did not receive a
timely Response without further notice to such claimants.
The Debtors may submit an order for Claims in an Omnibus
Objection to which no response is filed, even if there are
Responses to certain Claims objected to in such Omnibus
Objection.

9.   **Each Objection Is a Contested Matter**.   Each Claim
subject to an Omnibus Objection and the Response thereto
shall constitute a separate contested matter as contemplated
by Bankruptcy Rule 9014, and any order entered by the
Bankruptcy Court will be deemed a separate order with
respect to such claim.

## <u>Requirements For All Responses To Objections</u>

Parties who disagree with the request sought in an
Omnibus Objection are required to file a Response in
accordance with the procedures set forth herein.   If a

claimant whose Claim is subject to an Omnibus Objection does
not file and serve a Response in compliance with the
procedures below, the Bankruptcy Court may sustain the
Omnibus Objection with respect to such Claims without
further notice to the claimant.

1.   **Contents**.   To facilitate a speedy and non-judicial
resolution of a Claim subject to an Omnibus Objection, any
claimant filing a Response shall use its best efforts to
include the following (at a minimum) in its filed Response,
to the extent such materials are not attached to its proof
of claim:

> a.   a caption setting forth the name of the
>      Bankruptcy Court, the name of the Debtors,
>      the case number and the title of the Omnibus
>      Objection to which the Response is directed;
>
> b.   the claimant's name and an explanation for
>      the amount of the Claim;
>
> c.   a concise statement, executed by (or
>      identifying by name, address and telephone
>      number) a person with personal knowledge of
>      the relevant facts that support the Response,
>      setting forth the reasons why the Bankruptcy
>      Court should overrule the Omnibus Objection
>      as to the claimant's claim, including,
>      without limitation (to the extent not set
>      forth in its proof of claim), the specific
>      factual and legal bases upon which the
>      claimant intends to rely in support of its
>      Response and its underlying Claim;
>
> d.   a copy of or identification of any other
>      documentation or other evidence of the Claim,
>      to the extent not already included with the
>      Claim that the claimant presently intends to
>      introduce into evidence in support of its
>      Claim at the hearing; provided, however, that
>      for a Response filed in support of a Claim
>      arising out of a lease of real property, the
>      Response need not attach such lease if the
>      claimant indicates its willingness to provide
>      such documentation upon request;

4

e.   a declaration of a person with personal
knowledge of the relevant facts that support
the Response; and

f.   the claimant's address, telephone number and
facsimile number and/or the name, address,
telephone number and facsimile number of the
claimant's attorney and/or designated
representative to whom the attorneys for the
Debtors should serve a reply to the Response,
if any (collectively, the "Notice Address").
If a Response contains Notice Address that is
different from the name and/or address listed
on the Claim, the Notice Address will control
and will become the service address for
future service of papers with respect to all
of the claimant's Claims listed in the
Omnibus Objection (including all Claims to be
disallowed and the surviving Claims) and only
for those Claims in the Omnibus Objection.

g.   To the extent such person differs from the
person identified pursuant to subjection e,
above, the name, address, telephone number,
facsimile number, and electronic mail address
of the representative of the claimant (which
representative may be the claimant's counsel)
party with authority to reconcile, settle or
otherwise resolve the Omnibus Objection on
the claimant's behalf (the "Additional
Addresses").  Unless the Additional Addresses
are the same as the Notice Addresses, the
Additional Address will not become the
service address for future service of papers.

2.   **Failure to File a Timely Response**.  If the
claimant fails to file and serve a Response on or before the
Response Deadline in substantial compliance with the
procedures set forth herein, the Debtors may present to the
Bankruptcy Court an appropriate order granting the relief
requested in the Omnibus Objection without further notice to
the claimant.

3.   **Service of the Response**.  A written Response to an
Omnibus Objection, consistent with the requirements
described herein and in the Notice, will be deemed timely

filed only if the Response is actually received by the
Bankruptcy Court on or before the Response Deadline.  A
written Response to an Omnibus Objection, consistent with
the requirements described herein and in the Notice, will be
deemed timely served only if filed in the office of the
clerk of the Bankruptcy Court on or before the Response
Deadline (which deadline will be clearly set forth in the
Notice).  If a Response is filed electronically through the
Bankruptcy Court's CM/ECF system, no other service on the
Debtors shall be necessary.  If the Response it not filed
electronically, the Response must be actually received on or
before the Response Deadline by the following parties:

```
SKADDEN, ARPS, SLATE, MEAGHER  MCGUIREWOODS LLP
& FLOM, LLP                    One James Center
One Rodney Square              901 E. Cary Street
PO Box 636                     Richmond, VA 23219
Wilmington, DE 19899-0636      Attn: Dion W. Hayes
Attn: Gregg M. Galardi         Attn: Douglas M. Foley
Attn: Ian S. Fredericks
```

                    - and -

```
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
333 West Wacker Drive
Chicago, IL 60606
Attn:  Chris L. Dickerson
```

     4.   **Reservation of Rights**.  Nothing in the Notice or
the Omnibus Objection will constitute a waiver of the right
to assert any claims, counterclaims, rights of offset or
recoupment, preference actions, fraudulent-transfer actions
or any other claims against the claimant of the Debtors.
Unless the Bankruptcy Court allows a Claim or specifically
orders otherwise, the Debtors have the right to object on
any grounds to the Claims (or to any other Claims or causes
of action filed by a claimant or that have been scheduled by
the Debtors) at a later date.  In such event, the respective
claimant will receive a separate notice of any such
objections.