Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    1Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :    Jointly Administered
- - - - - - - - - - - - - - - x

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363(b) AND 503(c)(3) APPROVING A LIQUIDATION RETENTION PLAN AND AUTHORIZING PAYMENT OF LIQUDIATION RETENTION PAY**

Upon the motion (the "Motion")[1] of the Debtors[2]

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838),

for entry of an order, under Bankruptcy Code sections 105, 363(b), and, to the extent applicable, 503(c)(3) approving the Liquidation Retention Plan and authorizing, but not directing, payment of liquidation retention pay to Plan Participants; and this Court having fully considered the record before it; and it appearing that the relief requested by the Motion is supported by the Committee and in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:[3]**

1. Given the circumstances surrounding the liquidation and wind down process in these chapter 11 cases, the Liquidation Retention Plan is designed to

---

Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

[3]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

retain the Plan Participants to ensure that the Debtors can conduct an orderly, efficient and effective liquidation of their estates.

2. The full experience, expertise, unique skills, and enthusiastic involvement of the Plan Participants will be beneficial to the Debtors' efforts to maximize value for their estates.

3. The Plan Participants are the personnel of the Debtors with the necessary skill and experience to ensure that the liquidation process produces the best result and maximum value for the Debtors and their estates.

4. The Debtors have demonstrated sound business justifications for authorizing the Liquidation Retention Plan.

5. In proposing the Liquidation Retention Plan subject to this Court's approval, the Debtors acted on an informed basis, in good faith and in the honest belief that such action was in the best interests of the Debtors, their estates, and their creditors.

6. The terms of the Liquidation Retention Plan, proposed by the Debtors after consultation with

their professionals and approval by the Creditors' Commtitee, are fair and reasonable under the circumstances and provide a substantial benefit to these estates.

       7.   The terms of the Liquidation Retention Plan are appropriate under the facts and circumstances as presently exist in these bankruptcy cases.

       8.   The Liquidation Retention Plan is not governed by Bankruptcy Code section 503(c)(1) or (c)(2).

       9.   Each Plan Participant is not an "insider" (as defined in the Bankruptcy Code).  As such, Bankruptcy Code section 503(c) does not apply to any payments to the Plan Participants.

       **ORDERED, ADJUDGED, AND DECREED that:**

       1.   The Motion is GRANTED.

       2.   Pursuant to Bankruptcy Code sections 105, 363 and, to the extent applicable, 503(c)(3), the Liquidation Retention Plan is APPROVED in all respects.

       3.   The Debtors are authorized, but not directed, to implement the Liquidation Retention Plan for the Plan Participants.

4. The Debtors are authorized, but not directed, to make payments to the Plan Participants in accordance with the Liquidation Retention Plan.

5. Any and all payments to the Plan Participants shall be made in accordance with the following:

    (a) The Debtors are authorized, but not directed, to make payments to the 20 Plan Participants set forth on Exhibit 1 hereto based on such person's continued service to the Debtors through the earlier of the following date (as it may vary for each Plan Participant, such date, the "End Date"): (i) the date the Debtors sever such Plan Participant, and (ii) the effective date of a plan of liquidation.

    (b) All payments to a particular Plan Participant under the Plan vest and will be made on each Plan Participant's applicable End Date.

    (c) If a Plan Participant voluntary terminates his or her employment or is terminated for cause before the End Date, such Plan Participant will not receive any portion of any payment that the Plan Participant would have received had the Plan Participant continued to be employed by the Debtors on the End Date.

    (d) The Debtors are authorized, but not directed, to make payments to each Plan Participant, in accordance with the terms set forth on Exhibit 1 hereto, depending on three factors: (i) weekly salary, (ii) the percentage of the weekly salary

designated under the Liquidation Retention Plan, and (iii) the number of weeks actually worked beginning with the first week after the Debtors' Wind Down Incentive and Retention Plan ended for the particular Plan Participant and ending on such Plan Participant's respective End Date.

6. All payments under the Liquidation Retention Plan shall be allowed administrative expenses of the Debtors' estates under Bankruptcy Code section 503(b).

7. This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rule 6004(h) and any other provision of the Bankruptcy Code or Bankruptcy Rules is expressly lifted.

8. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

9. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:    Richmond, Virginia
          _____, 2010

                              _____
                              UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

## CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                      /s/ Douglas M. Foley

**EXHIBIT 1**

**(Plan Participants and Retention Bonus Payment Terms)**

# [FILED UNDER SEAL]