Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' SIXTY-EIGHTH OMNIBUS OBJECTION
TO CLAIMS (DISALLOWANCE OF CERTAIN LATE CLAIMS)**

The debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors")[1], hereby file their Sixty-Eighth Omnibus Objection to Claims (Disallowance of Certain Late Claims) (the "Objection"), and hereby move this Court, pursuant to sections 105 and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for an order, the proposed form of which is attached hereto as Exhibit A, granting the relief sought by this Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C.

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, Virginia 23060.

§§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105, 502, and 503 and Rule 3007 of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

2.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3.   The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

4.   On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

5.   On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

6.   On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I)

Setting General Bar Date and Procedures for Filing Proofs of
Claim; and (II) Approving Form and Manner of Notice Thereof
(Docket No. 890) (the "Claims Bar Date Order").

7.    Pursuant to the Claims Bar Date Order, the
deadline for filing all "claims" (as defined in 11 U.S.C. §
105(5)) arising before November 10, 2008 against the Debtors
by any non-governmental entity was 5:00 p.m. (Pacific) on
January 30, 2009 (the "General Bar Date").  The deadline for
governmental units to file claims that arose before November
10, 2009 is 5:00 p.m. (Pacific) on May 11, 2009 (the
"Governmental Bar Date").  Pursuant to the Claims Bar Date
Order, this Court approved the form and manner of the claims
bar date notice, which was attached as Exhibit A to the
Claims Bar Date Order (the "Claims Bar Date Notice").

8.    On December 17 and 19, 2008, KCC served a copy of
the Claims Bar Date Notice on all parties who filed notices
of appearance pursuant to Bankruptcy Rule 2002, all of the
Debtors' scheduled creditors in these cases, the Debtors'
equity holders, and certain other parties (Docket No. 1314).
In addition, the Debtors published the Claims Bar Date
Notice in The Wall Street Journal (Docket No. 1395) and The
Richmond Times-Dispatch (Docket No. 1394).

9.    On November 12, 2008, this Court entered that

4

certain Order Establishing Bar Date for Filing Requests for

Payment of Administrative Expense Claims Under Bankruptcy

Code Sections 105 and 503(b)(9) and Approving Form, Manner

and Sufficiency of Notice of the Bar Date Pursuant to

Bankruptcy Rule 9007 (Docket No. 107)(the "503(b)(9) Bar

Date Order").

10.   Pursuant to the 503(b)(9) Bar Date Order, this

Court approved the form and manner of the 503(b)(9) bar date

notice, which was attached as Exhibit A to the 503(b)(9) Bar

Date Order (the "503(b)(9) Bar Date Notice").  Pursuant to

the 503(b)(9) Bar Date Order and 503(b)(9) Bar Date Notice,

the bar date for filing proofs of claim asserting

administrative priority claims pursuant to section 503(b)(9)

of the Bankruptcy Code was on December 19, 2008 (the

"503(b)(9) Bar Date").

11.   On November 19, 2008, KCC served a copy of the

503(b)(9) Bar Date Notice on the 2002 Service List, all of

the Debtors' scheduled creditors in these cases, the

Debtors' equity holders, and certain other parties (Docket

No. 358).  In addition, the Debtors published the 503(b)(9)

Bar Date Notice in The New York Times (Docket No. 549), The

Wall Street Journal (Docket No. 548),and The Richmond Times-

Dispatch (Docket No. 547).

12.   On January 16, 2009, the Court authorized the
Debtors, among other things, to conduct going out of
business sales at the Debtors' remaining 567 stores pursuant
to an agency agreement (the "Agency Agreement") between the
Debtors and a joint venture, as agent (the "Agent").   On
January 17, 2009, the Agent commenced going out of business
sales pursuant to the Agency Agreement at the Debtors
remaining stores.   As of March 8, 2009, the going out of
business sales at the Debtors' remaining stores had been
completed.

13.   On April 1, 2009, this Court entered an Order
Establishing Omnibus Objection Procedures and Approving the
Form and Manner of Notice of Omnibus Objections (Docket No.
2881)(the "Omnibus Objection Procedures Order").

14.   On May 15, 2009, the Court entered that certain
Order Pursuant to Bankruptcy Code Sections 105 and 503 and
Bankruptcy Rules 2002 and 9007 (I) Setting Administrative
Bar Date and Procedures for Filing and Objecting to
Administrative Expense Requests and (II) Approving Form and
Manner of Notice Thereof (Docket No. 3354) (the
"Administrative Claims Bar Date Order").

15.   Pursuant to the Administrative Claims Bar Date
Order, the deadline for filing all "Administrative Expenses"

6

(as defined in the Administrative Claims Bar Date Order)
against the Debtors by any person or entity was 5:00 p.m.
(Pacific) on June 30, 2009 (the "Administrative Claims Bar
Date").  Pursuant to the Claims Bar Date Order, this Court
approved the form and manner of the claims bar date notice,
which was attached as Exhibit A to the Administrative Claims
Bar Date Order (the "Administrative Claims Bar Date
Notice").

       16.   On or before May 22, 2009, KCC served a copy of
the Administrative Claims Bar Date Notice on all parties who
filed notices of appearance pursuant to Bankruptcy Rule
2002, all of the Debtors' scheduled creditors in these
cases, the Debtors' equity holders, and certain other
parties (Docket Nos. 3397 and 4609).  In addition, the
Debtors published the Administrative Claims Bar Date Notice
in <u>The Financial Times</u> (Docket No. 3970), and <u>The Richmond
Times-Dispatch</u> (Docket No. 3969) and <u>The Wall Street Journal</u>
(Docket No. 3968).

<b><u>OBJECTIONS TO CLAIMS</u></b>

       17.   As more particularly described herein, the Debtors
seek in this Objection the disallowance of certain claims
that were filed after the applicable bar date, all as
further described herein and pursuant to the form of order

7

attached hereto as <u>Exhibit A</u>.

18.   The claims that are the subject of this Objection may be the subject to additional subsequently filed objections.

19.   The Debtors reserve the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and on any other grounds.  The Debtors reserve the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

20.   For ease of reference, attached as <u>Exhibit B</u> is an alphabetical listing of all Claimants whose Claims are included in this Objection, with a cross-reference by claim number.

<b><u>BASIS FOR RELIEF</u></b>

21.   <u>Exhibit C</u> contains a list of claims that were filed after the General Bar Date and <u>Exhibit D</u> contains a list of claims that were filed after the Governmental Bar Date.

22.   The Claims Bar Date Order provides in relevant part:

Pursuant to Bankruptcy Rule 3003(c)(3), all "entities" and "persons" (as defined respectively in 11 U.S.C. § 101(15) and (41)), except any governmental unit (as defined in 11 U.S.C. § 101(27)) that are creditors holding or wishing to assert "claims" (as defined in 11 U.S.C. § 101(5)) arising before the Petition Date against any of the Debtors are required to file with the Debtors' Claims Agent (as defined below), on or before 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date") a separate, completed, and executed proof of claim form (conforming substantially to Official Bankruptcy Form No. 10) on account of any such claims in accordance with the procedures set forth below.

. . .

Pursuant to Bankruptcy Rule 3003(c) and Bankruptcy Code section 502(b)(9), any governmental units (as defined in 11 U.S.C. § 101(27)) that are creditors holding or wishing to assert "claims" (as defined in 11 U.S.C. § 101(5)) arising before the Petition Date against any of the Debtors are required to file, on or before 5:00 p.m. (Pacific) on May 11, 2009(the "Governmental Bar Date") a separate, completed, and executed proof of claim form (conforming substantially to Official Bankruptcy Form No. 10) on account of any such claims in accordance with the procedures set forth below.

. . .

> Any creditor that is required to file
> but fails to file a proof of claim for
> its claim in accordance with the
> procedures set forth in this order on or
> before the General Bar Date, the
> Governmental Bar Date, or such other
> date established hereby (as applicable)
> shall be forever barred, estopped, and
> enjoined from: (a) asserting any Claim
> against the Debtors that (i) is in an
> amount that exceeds the amount, if any,
> that is set forth in the Schedules as
> undisputed, noncontingent, and
> unliquidated or (ii) is of a different
> nature or in a different classification
> (any such claim referred to as an
> "Unscheduled Claim") and (b) voting
> upon, or receiving distributions under,
> any plan or plans of reorganization in
> these chapter 11 cases in respect of an
> Unscheduled Claim; and the Debtors and
> their property shall be forever
> discharged from any and all indebtedness
> or liability with respect to such
> Unscheduled Claim.

Bar Date Order, ¶¶ 2, 3, 12

    23.    The Claims Bar Date Notice provides in relevant

part:

CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any creditor that is required to file
but fails to file a proof of claim for
its Claim in accordance with the
procedures set forth herein on or before
the General Bar Date, the Governmental
Bar Date, or such other date established
hereby (as applicable) shall be forever
barred, estopped, and enjoined from: (a)
asserting any Claim against the Debtors
that (i) is in an amount that exceeds
the amount, if any, that is set forth in
the Schedules as undisputed,
noncontingent, and unliquidated or (ii)
is of a different nature or in a
different classification (any such claim
referred to as an "Unscheduled Claim")
and (b) voting upon, or receiving
distributions under, any plan or plans
of reorganization in these chapter 11
cases in respect of an Unscheduled
Claim; and the Debtors and their
property shall be forever discharged
from any and all indebtedness or
liability with respect to such
Unscheduled Claim.  If it is unclear
from the Schedules and Statements
whether your Claim is disputed,
contingent or unliquidated as to amount
or is otherwise properly listed and
classified, you must file a proof of
claim on or before the General Bar Date.
Any Entity that relies on the Schedules
and Statements bears responsibility for
determining that its Claim is accurately
listed therein.

Bar Date Notice, p. 5.

    24.  Exhibit E contains a list of claims that were

filed after the Administrative Bar Date.

    25.  The Administrative Claims Bar Date Order provides

11

in relevant part:

> All holders of or those wishing to
> assert an Administrative Expense,
> including (without limitation) persons,
> entities, individuals, partnerships,
> corporations, estates, trusts, indenture
> trustees, unions and governmental units,
> must file an Administrative Expense
> Request on or before **5:00 p.m. (Pacific)
> on June 30, 2009** -- the Administrative
> Bar Date – in accordance with the
> procedures set forth below.
>
> . . .
>
> Any person or entity that is required, but
> fails, to file an Administrative Expense
> Request for its Administrative Expense in
> accordance with the procedures set forth in
> this order on or before the Administrative
> Bar Date (a) shall be forever barred,
> estopped, and enjoined from asserting any
> Administrative Expense against the Debtors
> and the Debtors shall be forever discharged
> from any and all indebtedness or liability
> with respect to such Administrative Expenses
> and (b) shall not be permitted to receive
> payment from the Debtors' estates or
> participate in any distribution under any
> plan or plans of liquidation in the Debtors'
> chapter 11 cases on account of such
> Administrative Expenses.

Administrative Claims Bar Date Order, ¶¶ 2, 12.

26.    The Administrative Claims Bar Date Notice provides

in relevant part:

### CONSEQUENCES OF FAILURE TO FILE
### ADMINISTRATIVE EXPENSE REQUESTS

**Any holder of an Administrative Request that is required to file (but fails to file) an Administrative Expense Request in accordance with the procedures set forth herein on or before the Administrative Bar Date (a) shall be forever barred, estopped, and enjoined from asserting any Administrative Expense against the Debtors and the Debtors (shall [sic] be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense and (b) shall not be permitted to receive payment from the Debtors estates or participate in any distribution under any plan or plans of liquidation in the Debtors' chapter 11 cases on account of such Administrative Expense.**

Administrative Claims Bar Date Notice, p. 5.

27.   Exhibit F contains a list of claims that were filed after the 503(b)(9) Bar Date (collectively, all of the claims set forth on Exhibits C, D, E and F, the "Late Claims").

28.   The 503(b)(9) Bar Date Order provides in relevant part:

> Any holder of a Section 503(b)(9) Claim that fails to file a Section 503(b)(9) Claim Request or a Section 503(b)(9) Motion by the Section 503(b)(9) Bar Date in accordance with the procedure set forth in this Order is forever barred, estopped, and permanently enjoined from asserting its Section 503(b)(9) Claim

13

against the Debtors, their estates, or
the property of any of them, and such
holder shall not be entitled to receive
any distribution in these bankruptcy
cases on account of such Section
503(b)(9) Claim or receive further
notices regarding such Section 503(b)(9)
Claim, absent further order of this
Court.

. . .

Any Section 503(b)(9) Claim Request or
Section 503(b)(9) Motion that is not
timely filed and served in accordance
with this Order on or before the Section
503(b)(9) Bar Date, so as to be actually
RECEIVED by the deadline and in the
manner set forth herein, shall be
disallowed, and the holder of such
Section 503(b)(9) Claim shall be forever
barred, estopped, and permanently
enjoined from asserting such Section
503(b)(9) Claim against the Debtors,
their estates, or the property of any of
them, and such holder shall not be
entitled to receive any distribution in
these bankruptcy cases on account of
such Section 503(b)(9) Claim or receive
further notices regarding such Section
503(b)(9) Claim, absent further order of
this Court.

503(b)(9) Bar Date Order, ¶¶ 7, 12.

29.   The 503(b)(9) Bar Date Notice provides in relevant

part:

**CONSEQUENCES OF FAILURE TO 503(b)(9) CLAIM REQUEST**

**ANY PERSON OR ENTITY HOLDING A SECTION
503(b)(9) CLAIM THAT FAILS TO FILE A
SECTION 503(b)(9) CLAIM REQUEST ON OR
BEFORE THE BAR DATE SHALL BE FOREVER**

14

>           **BARRED AND ESTOPPED FROM ASSERTING A
>           SECTION 503(b)(9) CLAIM AGAINST THE
>           DEBTORS, THEIR ESTATES, OR THE PROPERTY
>           OF ANY OF THEM, ABSENT FURTHER ORDER OF
>           THE COURT.**

503(b)(9) Bar Date Notice, p. 5.

30.   The disallowance of the Late Claims is appropriate under the applicable Bar Date Order, as well as under applicable law.

31.   Bar dates for asserting claims in chapter 11 bankruptcy cases serve extremely important purposes.  "The requirement of a Bar Date in Chapter 11 enables the debtor . . . to establish the universe of claims with which it must deal and the amount of those claims."  See In re A.H. Robins Co., Inc., 129 B.R. 457, 459 (Bankr. E.D. Va. 1991). Premised on the imperative purpose of finality of asserting claims against a debtor, courts have not allowed claims filed by creditors after the bar date, absent special circumstances.  See In re Provident Hosp., Inc., 122 B.R. 683, 685 (D. Md. 1990), aff'd, 943 F.2d 49 (4th Cir. 1991) (unpublished opinion) ("Because Bean did not timely file his bankruptcy claim after having been given constitutionally sufficient notice, his claim is barred under well-settled authority, 11 U.S.C. 1141(d) and Bankruptcy Rule 3003(c)(2).").

32.    The Late Claims were filed in the present cases after the applicable bar date.  Accordingly, pursuant to the applicable Bar Date Order, these Late Claims are "forever barred, estopped, and permanently enjoined from asserting such claim against the Debtors . . . ."

33.    It is essential for the Debtors to establish the proper liabilities asserted against them.  In order to achieve the imperative of finality in the claims process, the Debtors request that this Court disallow, in their entirety and for all purposes in these bankruptcy cases, the Late Claims in this Objection.

34.    The Debtors reserve the right to object to the Late Claims on any other grounds at any time.

## RESERVATION OF RIGHTS

35.    As noted above, the Debtors reserve their rights to file objections to the Claims at a later time on any grounds that bankruptcy or non-bankruptcy law permits.  The Debtors likewise reserve the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

## NOTICE AND PROCEDURE

36.    Notice of this Objection has been provided to all claimants with claims that are the subject to this Objection

16

as identified on <u>Exhibit C</u> (the "Claimants"), respectively,
and to parties-in-interest in accordance with the Court's
Supplemental Order Pursuant to Bankruptcy Code Sections 102
and 105, Bankruptcy Rules 2002 and 9007, and Local
Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain
Notice, Case Management and Administrative Procedures
(entered on December 30, 2009 at Docket No. 6208) (the "Case
Management Order").  The Debtors submit that the following
methods of service upon the Claimants should be deemed by
the Court to constitute due and sufficient service of this
Objection: (a) service in accordance with Federal Rule of
Bankruptcy Procedure 7004 and the applicable provisions of
Federal Rule of Civil Procedure 4; (b) to the extent counsel
for a Claimant is not known to the Debtors, by first class
mail, postage prepaid, on the signatory of the Claimant's
proof of claim form or other representative identified in
the proof of claim form or any attachment thereto; or (c) by
first class mail, postage prepaid, on any counsel that has
appeared on the Claimant's behalf in the Debtors' bankruptcy
cases.  The Debtors are serving the Claimant with this
Objection and the exhibit on which the Claimant's claim is
listed.

        37.  To the extent any Claimant timely files and

properly serves a response to this Objection by **4:00 p.m. (Eastern) on March 18, 2010** as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Debtors request that the Court conduct a status conference with respect to any such responding claimant at **2:30 p.m. (Eastern) on March 25, 2010** and thereafter schedule the matter for a future hearing as to the merits of such claim. However, to the extent any Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order and applicable law, the Debtors request that the Court enter an order, substantially in the form attached hereto as Exhibit A, disallowing such Claimant's claim in its entirety for all purposes in these bankruptcy cases.

### COMPLIANCE WITH BANKRUPTCY RULE 3007 AND THE OMNIBUS OBJECTION PROCEDURES ORDER

38.   This Objection complies with Bankruptcy Rule 3007(e).  Additionally, the Debtors submit that this Objection is filed in accordance with the Omnibus Objection Procedures Order.

### WAIVER OF MEMORANDUM OF LAW

39.   Pursuant to Local Bankruptcy Rule 9013-1(G), and

because there are no novel issues of law presented in the
Motion, the Debtors request that the requirement that all
motions be accompanied by a written memorandum of law be
waived.

## **NO PRIOR RELIEF**

40.  No previous request for the relief sought herein
has been made to this Court or any other court.

WHEREFORE, the Debtors request the Court to enter an Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia
       February 19, 2010

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP

_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

## EXHIBIT A

Gregg M. Galardi, Esq.                  Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                 Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &         MCGUIREWOODS LLP
FLOM, LLP                               One James Center
One Rodney Square                       901 E. Cary Street
PO Box 636                              Richmond, Virginia 23219
Wilmington, Delaware 19899-0636         (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                 IN THE UNITED STATES BANKRUPTCY COURT
                  FOR THE EASTERN DISTRICT OF VIRGINIA
                             RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :    Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :    Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :    Jointly Administered
- - - - - - - - - - - - - - x


### ORDER SUSTAINING DEBTORS' SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN LATE CLAIMS)

THIS MATTER having come before the Court on the

Debtors' Sixty-Eighth Omnibus Objection to Claims

(Disallowance of Certain Late Claims) (the "Objection"),

which requested, among other things, that the claims

specifically identified on Exhibit C, D, E, and F attached

to the Objection be disallowed in their entirety and for all
purposes in these bankruptcy cases for those reasons set
forth in the Objection; and it appearing that due and proper
notice and service of the Objection as set forth therein was
good and sufficient and that no other further notice or
service of the Objection need be given; and it further
appearing that no response was timely filed or properly
served by the Claimants being affected by this Order; and it
appearing that the relief requested on the Objection is in
the best interest of the Debtors, their estates and
creditors and other parties-in-interest; and after due
deliberation thereon good and sufficient cause exists for
the granting of the relief as set forth herein,

    IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

    1.   The Objection is GRANTED.

    2.   The Claims identified on <u>Exhibit A – Late Claims</u>
as attached hereto and incorporated herein, are forever
disallowed in their entirety for all purposes in these
bankruptcy cases.

    3.   The Debtors' rights to object to any claim,
including (without limitation) the Late Claims, on any
grounds that the applicable law permits are not waived and
are expressly reserved.

4.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

5.    The Debtors shall serve a copy of this Order on the claimants included on the exhibits to this Order on or before five (5) business days from the entry of this Order.

Dated: Richmond, Virginia
            _____, 2010

                          _____
                          HONORABLE KEVIN R. HUENNEKENS
                          UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP

One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby
certify that the foregoing proposed order has been endorsed
by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

\10700473.2

4

In re: Circuit City Stores, Inc, et al.                                                          Debtors' Sixty-Eighth Omnibus Objection to Claims
Case No. 08-35653 (KRH)

Exhibit B - Claimants and Related Claims Subject to Sixty-Eighth Omnibus Objection to Claims

| Claim Holder | Claim | Exhibit |
|---|---|---|
| BEACH CITIES INSTALLATIONS | 13650 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| BRENT L KIDMAN RYAN MCBRIDE | 14550 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| CARLENE M KLEBE | 14754 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| CHASE | 14573 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| CITY OF CINCINNATI | 14718 | EXHIBIT D - (LATE GOVERNMENT CLAIMS) - DISALLOWED |
| CITY OF HAYWARD | 14540 | EXHIBIT D - (LATE GOVERNMENT CLAIMS) - DISALLOWED |
| CITY OF PHILADELPHIA WATER REVENUE BUREAU | 14737 | EXHIBIT D - (LATE GOVERNMENT CLAIMS) - DISALLOWED |
| CITY OF PHILADELPHIA WATER REVENUE BUREAU | 14673 | EXHIBIT D - (LATE GOVERNMENT CLAIMS) - DISALLOWED |
| FEDEX NATIONAL LTL | 14743 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| FERNANDO L LEON | 14670 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| FERNANDO L LEON | 14688 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| HEWLETT PACKARD FINANCIAL SERVICES COMPANY | 14323 | EXHIBIT E - (LATE ADMINISTRATIVE CLAIMS) - DISALLOWED |
| JOEL M PORES | 14592 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| LAKHRANIE AND RONALD BISRAM | 14626 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| MATTHEW MUSICH | 14708 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| NAT VAUGHN | 14709 | EXHIBIT E - (LATE ADMINISTRATIVE CLAIMS) - DISALLOWED |
| PIER 39 | 14705 | EXHIBIT E - (LATE ADMINISTRATIVE CLAIMS) - DISALLOWED |
| R I DIVISION OF TAXATION | 14740 | EXHIBIT D - (LATE GOVERNMENT CLAIMS) - DISALLOWED |
| SEFERINO SANCHEZ | 14579 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| STATE BOARD OF EQUALIZATION | 13049 | EXHIBIT D - (LATE GOVERNMENT CLAIMS) - DISALLOWED |
| TOMESHA L WASHINGTON | 14779 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| TRAM, ALLAN | 13231 | EXHIBIT C - (LATE UNSECURED CLAIMS) - DISALLOWED |
| VILLAGE OF DOWNERS GROVE, IL | 14678 | EXHIBIT D - (LATE GOVERNMENT CLAIMS) - DISALLOWED |
| WILSON, LASHAUNDA K | 14623 | EXHIBIT F - (LATE 503(B)(9) CLAIMS) - DISALLOWED |

In re: Circuit City Stores, Inc, et al.    Debtors' Sixty-Eighth Omnibus Objection to Claims (Late
Case No. 08-35653-KRH    Unsecured Claims) - Disallowed

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| BEACH CITIES INSTALLATIONS PO BOX 91144 LONG BEACH, CA 90809 | 13650 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $23,619.80 $23,619.80 | 06/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| BRENT L KIDMAN RYAN MCBRIDE 486 E SOUTHFIELD RD SPANISH FORK UTAH, 84660 | 14550 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $1,015.05 $1,015.05 | 08/17/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CARLENE M KLEBE 162 E 88 ST APT 16 NEW YORK, NY 10128 | 14754 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $1,400.03 $1,400.03 | 12/07/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CHASE ATTN JANET GIREOUS CHASE CARD MEMBER SERVICES PO BOX 15548 WILMINGTON, DE 19886-5548 | 14573 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $2,425.00 $113.28 $2,538.28 | 09/02/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| FEDEX NATIONAL LTL 2200 FORWARD DR DC 2218 HARRISON, AR 72601-2004 | 14743 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $2,449.06 $2,449.06 | 11/13/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Sixty-Eighth Omnibus Objection to Claims (Late Unsecured Claims) - Disallowed

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| FERNANDO L LEON<br>150 DORCHESTER AVE NO 601<br>BOSTON, MA 02127 | 14670 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $2,425.00<br><br><br>$113.28<br><br>$2,538.28 | 09/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| FERNANDO LEON<br>150 DORCHESTER AVE NO 601<br>BOSTON, MA 02127 | 14688 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $2,425.00<br><br><br>$113.28<br><br>$2,538.28 | 10/20/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| JOEL M PORES<br>24031 EL TORO RD NO 301<br>LAGUNA HILLS, CA 92653 | 14592 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | UNL<br><br><br><br><br>UNL | 08/25/2009 | CIRCUIT CITY STORES WEST COAST, INC. (08-35654) |
| LAKHRANIE AND RONALD BISRAM<br>16 GUILFORD ST<br>STATEN ISLAND, NY 10305 | 14626 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br>$749.97<br><br>$749.97 | 09/14/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| MATTHEW MUSICH<br>1503 5TH AVE<br>NEBRASKA CITY, NE 68410 | 14708 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $250.00<br><br><br><br><br>$250.00 | 10/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Sixty-Eighth Omnibus Objection to Claims (Late Unsecured Claims) - Disallowed

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| SEFERINO SANCHEZ<br>1511 N CALIFORNIA<br>CHICAGO, IL 60622 | 14579 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br><br>$1,389.03<br><br>$1,389.03 | 07/17/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| TOMESHA L WASHINGTON<br>HAROLD HUNTER JR<br>MERRITT FLEBOTTE WILSON WEBB<br>& CARUSO PLLC<br>2525 MERIDIAN PKWY STE 300<br>PO BOX 2447<br>DURHAM, NC 27702 | 14779 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br><br>$4,182.71<br><br>$4,182.71 | 12/23/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| TRAM, ALLAN<br>926 S CALIFORNIA ST<br>SAN GABRIEL, CA 91776-0000 | 13231 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | <br><br><br><br>$703.17<br><br>$703.17 | 06/01/2009 | CIRCUIT CITY STORES WEST COAST, INC. (08-35654) |

Total:    13                    $43,373.66

* "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

**Debtors' Sixty-Eighth Omnibus Objection to Claims (Late Government Claims) - Disallowed**

Case No. 08-35653-KRH

**EXHIBIT D**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| CITY OF CINCINNATI<br>801 PLUM ST RM 202<br>CINCINNATI, OH 45202 | 14718 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $818.45<br><br>$818.45 | 11/04/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CITY OF HAYWARD<br>REVENUE DIVISION<br>777 B ST<br>HAYWARD, CA 94541 | 14540 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $1,645.78<br><br>$1,645.78 | 08/06/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CITY OF PHILADELPHIA WATER REVENUE BUREAU<br>C O ASHELY M CHAN ESQ<br>HANGLEY ARONCHICK SEGAL & PUDLIN<br>ONE LOGAN SQ 27TH FL<br>PHILADELPHIA, PA 19103 | 14673 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $850.19<br><br>$850.19 | 10/07/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CITY OF PHILADELPHIA WATER REVENUE BUREAU<br>C O ASHELY M CHAN ESQ<br>HANGLEY ARONCHICK SEGAL & PUDLIN<br>ONE LOGAN SQ 27TH FL<br>PHILADELPHIA, PA 19103 | 14737 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $850.19<br><br><br><br>$850.19 | 11/09/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| R I DIVISION OF TAXATION<br>ONE CAPITAL HILL<br>PROVIDENCE, RI 02908 | 14740 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $54.32<br><br><br>$18.22<br><br>$72.54 | 11/05/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.    Debtors' Sixty-Eighth Omnibus Objection to Claims (Late
Case No. 08-35653-KRH    Government Claims) - Disallowed

EXHIBIT D

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| STATE BOARD OF EQUALIZATION SPECIAL PROCEDURES SECTION MIC 55 PO BOX 942879 SACRAMENTO, CA 94279-0055 | 13049 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $2,846,666.34 $2,846,666.34 | 05/15/2009 | CIRCUIT CITY STORES WEST COAST, INC. (08-35654) |
| VILLAGE OF DOWNERS GROVE, IL 801 BURLINGTON AVE DOWNERS GROVE, IL 60515 | 14678 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $1,800.00 $1,800.00 | 09/24/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

Total:    7    $2,852,703.49

* "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.    Debtors' Sixty-Eighth Omnibus Objection to Claims (Late
Case No. 08-35653-KRH    Administrative Claims) - Disallowed

EXHIBIT E

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| HEWLETT PACKARD FINANCIAL SERVICES COMPANY ATTN RECOVERY MANAGER 420 MOUNTAIN AVE MURRAY HILL, NJ 07974 | 14323 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $71,942.98<br><br>$71,942.98 | 07/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| NAT VAUGHN 175 W 90TH ST NO 20 D NEW YORK, NY 10024 | 14709 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $120.01<br><br>$120.01 | 10/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| SCHNITZER, BETH 9 HEMWAY TERRACE SAN FRANCISCO, CA 94117 | 14705 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $383.75<br><br>$383.75 | 10/28/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

Total:     3                    $72,446.74

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Debtors' Sixty-Eighth Omnibus Objection to Claims (Late 503(B)(9) Claims) - Disallowed

Case No. 08-35653-KRH

**EXHIBIT F**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| WILSON, LASHAUNDA K<br>2009 A GA HWY 256<br>SYLVESTER, GA 31791 | 14623 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $2,500.00<br><br>$2,500.00 | 09/09/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

|  | Total: | 1 | | $2,500.00 | |

* "UNL" denotes an unliquidated claim.