Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x

         **DEBTORS' SIXTY-NINTH OMNIBUS OBJECTION TO CLAIMS**
          **(DISALLOWANCE OF CERTAIN ADMINISTRATIVE CLAIMS)**

     The debtors and debtors in possession in the above-

captioned jointly-administered cases (collectively, the

"Debtors")[1], hereby object and move this Court (the

_____

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc.
      (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.

                                                        _(cont'd)_

"Objection"), pursuant to sections 105, 502 and 503 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules"), for an order, substantially in the form attached hereto as <u>Exhibit A</u>, disallowing the Claims (as defined herein) as set forth herein.  In support of the Objection, the Debtors respectfully represent as follows:

## SUMMARY OF OBJECTION

1.   As set forth more fully below and on <u>Exhibit C</u> attached hereto, the Debtors object to each Claim (as defined herein) because each Claim arose prior to the Petition Date, such that it should be reclassified as a pre-petition claim. Moreover, each Claim was filed after the General Bar Date or the Governmental Bar Date (each as defined herein), as

---

*(cont'd from previous page)*

(0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other

*(cont'd)*

2

applicable.  In addition, a number of the Claimants (as

defined herein) have also filed pre-petition unsecured

claims asserting the same liability.  Thus, once reclassified,

the Claims should be disallowed as late-filed and/or

duplicative.  Accordingly, the Debtors seek to disallow each

of the Claims in its entirety.

### JURISDICTION AND VENUE

2.   This Court has jurisdiction to consider this

Objection under 28 U.S.C. §§ 157 and 1334.  This is a core

proceeding under 28 U.S.C. § 157(b).  Venue of these cases

and this Objection in this district is proper under 28

U.S.C. §§ 1408 and 1409.

3.   The statutory and legal predicates for the

relief requested herein are Bankruptcy Code sections 105,

502 and 503, Bankruptcy Rule 3007 and Local Rule 3007-1.

### BACKGROUND

**A.   The Bankruptcy Cases.**

4.   On November 10, 2008 (the "Petition Date"),

the Debtors filed voluntary petitions in this Court for

relief under chapter 11 of the Bankruptcy Code.

---

*(cont'd from previous page)*
    Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233
    and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

5.    Pursuant to Bankruptcy Code sections 1107 and 1108, the Debtors are continuing as debtors in possession.

6.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

7.    On January 16, 2009, the Court authorized the Debtors, among other things, to commence liquidation and conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  The going out of business sales concluded on or about March 8, 2009.

8.    On September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"). The associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, and

4

confirmation on the Plan is currently scheduled for March 8, 2010.

9.   Generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code.

10.   On April 1, 2009, this Court entered an Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (Docket No. 2881) (the "Omnibus Objection Procedures Order").

**B.   General and Governmental Bar Dates.**

11.   On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing and balloting agent for the Debtors in these chapter 11 cases, pursuant to 28 U.S.C. § 156(c).

12.   On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

13.   Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors

by any non-governmental entity was 5:00 p.m. (Pacific) on

January 30, 2009 (the "General Bar Date"). The deadline for

governmental units to file claims that arose before November

10, 2009 is 5:00 p.m. (Pacific) on May 11, 2009 (the

"Governmental Bar Date").  Pursuant to the Claims Bar Date

Order, this Court further approved the form of the claims

bar date notice, attached as Exhibit A to the Claims Bar

Date Order (the "Claims Bar Date Notice"), and the manner of

service thereof.

   14.  On December 17 and 19, 2008, KCC served a

copy of the Claims Bar Date Notice on all parties who filed

notices of appearance pursuant to Bankruptcy Rule 2002, all

of the Debtors' scheduled creditors in these cases, the

Debtors' equity holders, and certain other parties,

including all of the Debtors' current employees and former

employees for the three years prior to the Petition Date

(Docket No. 1314).  In addition, the Debtors published the

Claims Bar Date Notice in The Wall Street Journal (Docket

No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

**RELIEF REQUESTED**

   15.  By this Objection, the Debtors seek entry of

an order, in substantially the form annexed as Exhibit A,

pursuant to Bankruptcy Code sections 105(a), 502 and 503 and

6

Bankruptcy Rule 3007, disallowing in their entirety each of the claims identified on Exhibit C (the "Claims").

16.   For ease of reference, attached as Exhibit B is an alphabetical listing of all claimants whose Claims are included in this Objection (the "Claimants"), with a cross-reference by claim number.

17.   At this time, the Debtors have not completed their review of the validity of all claims/expenses filed against their estates, including the Claims.   Accordingly, the Claims may be the subject of additional subsequently-filed objections.   To that end, the Debtors reserve the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and on any other grounds. Furthermore, the Debtors reserve the right to modify, supplement and/or amend this Objection as it pertains to any Claim or Claimant herein.

## BASIS FOR RELIEF

18.   Currently, the Debtors are engaged in a thorough review of all claims filed against their estates to determine the validity of such claims.   As part of this process, the Debtors are diligently reviewing claims

asserted as administrative claims under Bankruptcy Code
section 503(b).

19.  After reviewing these claims, their
supporting documentation and the Debtors' books and records,
the Debtors have determined that the Claims identified on
Exhibit C should be disallowed.

20.  The particular basis for the disallowance of
each Claim is set forth in detail on Exhibit C.  Generally,
however, the Debtors seek to disallow the Claims because
each of the Claims arose prior to the Petition Date and,
therefore, is not a valid administrative claim and should be
reclassified to a pre-petition claim.  However, each of the
Claims was filed after the applicable Bar Date and is
therefore untimely.  Accordingly, such reclassified Claims
should be subsequently disallowed as late-filed.  Moreover,
the Claimants for a number of the Claims have filed
additional pre-petition unsecured claims against the same
Debtor, asserting the same liability, and based upon the same
underlying basis and claim as the Claims.  Thus, for these
Claims, the reclassified Claims should subsequently be
disallowed for the additional reason that they are
duplicative of existing claims.  To avoid the unnecessary
delay and expense associated with separately reclassifying

and disallowing these Claims, the Debtors seek to disallow the Claims by this Objection.

21.   Accordingly, the Debtors object to the validity of the Claims and request that all such claims be disallowed in their entirety.

### RESERVATION OF RIGHTS

22.   As noted above, the Debtors reserve their rights to file objections to the Claims at a later time on any grounds that bankruptcy or non-bankruptcy law permits. The Debtors likewise reserve the right to modify, supplement and/or amend this Objection as it pertains to any Claim or Claimant herein.

### NOTICE AND PROCEDURE

23.   Notice of this Objection has been provided to all claimants with claims that are the subject to this Objection as identified on Exhibit B, and to other parties in interest in accordance with the Court's Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (entered on December 30, 2009 at Docket No. 6208) (the "Case Management Order").

24.   Furthermore, the Debtors submit that the following methods of service upon the Claimants should be deemed by the Court to constitute due and sufficient service of this Objection: (a) service in accordance with Bankruptcy Rules 3007, 7004, and 9006; (b) to the extent counsel for a Claimant is not known to the Debtors, service by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto at least 30 days before the hearing date; or (c) service by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's behalf in the Debtors' bankruptcy cases at least 30 days before the hearing date.   The Debtors are serving the Claimant with this Objection and the Exhibit(s) on which the Claimant's claim is listed.

25.   To the extent any Claimant timely files and properly serves a response to this Objection by **March 18, 2010** (the "Response Deadline") as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Debtors request that the Court conduct a status conference with respect to any such responding Claimant at **2:30 p.m. on March 25, 2010** and thereafter schedule the matter for a

future hearing as to the merits of such Claim.  However, to the extent any Claimant fails to timely file and properly serve a response to this Objection by the Response Deadline as required by the Case Management Order and applicable law, the Debtors request that the Court enter an order, substantially in the form attached hereto as Exhibit A, disallowing such Claimant's Claim in its entirety for all purposes in these bankruptcy cases.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND THE OMNIBUS OBJECTION PROCEDURES ORDER

26.  This Objection complies with Bankruptcy Rule 3007(e) as modified by, and in accordance with, the Omnibus Objection Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

27.  Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion, the Debtors request that the requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

28.  No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors request the Court to enter the Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia   SKADDEN, ARPS, SLATE, MEAGHER &
      February 19, 2010   FLOM, LLP
                                        Gregg M. Galardi, Esq.
                                        Ian S. Fredericks, Esq.
                                        P.O. Box 636
                                        Wilmington, Delaware 19899-0636
                                        (302) 651-3000

                                             - and -

                                        SKADDEN, ARPS, SLATE, MEAGHER &
                                        FLOM, LLP
                                        Chris L. Dickerson, Esq.
                                        155 North Wacker Drive
                                        Chicago, Illinois 60606
                                        (312) 407-0700

                                             - and -

                                        MCGUIREWOODS LLP

                                        _/s/ Douglas M. Foley_____
                                        Dion W. Hayes (VSB No. 34304)
                                        Douglas M. Foley (VSB No. 34364)
                                        One James Center
                                        901 E. Cary Street
                                        Richmond, Virginia 23219
                                        (804) 775-1000

                                        Counsel for Debtors and Debtors
                                        in Possession

## EXHIBIT A

| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & | MCGUIREWOODS LLP |
| FLOM, LLP | One James Center |
| One Rodney Square | 901 E. Cary Street |
| PO Box 636 | Richmond, Virginia 23219 |
| Wilmington, Delaware 19899-0636 | (804) 775-1000 |
| (302) 651-3000 | |

                - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
             IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
             Debtors.       :   Jointly Administered
- - - - - - - - - - - - - - x
```

## ORDER SUSTAINING DEBTORS' SIXTY-NINTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN ADMINISTRATIVE CLAIMS)

THIS MATTER having come before the Court on the

Debtors' Sixty-Ninth Omnibus Objection to Claims

(Disallowance of Certain Administrative Claims) (the

"Objection")[1], which requested, among other things, that the claims specifically identified on <u>Exhibit C</u> attached to the Objection be disallowed in their entirety for those reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it further appearing that no response was timely filed or properly served by the Claimants being affected by this Order; and it appearing that the relief requested on the Objection is in the best interest of the Debtors, their estates and creditors and other parties in interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

**IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:**

    1.    The Objection is GRANTED.

    2.    The Claims identified on <u>Exhibit A</u>, as attached hereto and incorporated herein, are forever disallowed in their entirety for all purposes in these bankruptcy cases.

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

3.    The Debtors' rights to object to any claim, including (without limitation) the Claims included in the Objection, on any grounds that applicable law permits are not waived and are expressly reserved.

4.    The Debtors shall serve a copy of this Order on the Claimants included on the exhibit to this Order on or before five (5) business days from the entry of this Order.

5.    This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: Richmond, Virginia
       _____, 2010


_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                           __/s/ Douglas M. Foley_____
                           Douglas M. Foley

4

In re: Circuit City Stores, Inc, et al.                                         Debtors' Sixty-Ninth Omnibus Objection to Claims
Case No. 08-35653 (KRH)

Exhibit B - Claimants and Related Claims Subject to Sixty-Ninth Omnibus Objection to Claims

| Claim Holder | Claim | Exhibit |
|---|---|---|
| DAVID V LAROSA SR HARRISON COUNTY MISSISSIPPI TAX COLLECTOR | 14312 | EXHIBIT C - (DISALLOWANCE OF CERTAIN ADMINISTRATIVE CLAIMS) |
| DAVIS, ROBYN N | 14383 | EXHIBIT C - (DISALLOWANCE OF CERTAIN ADMINISTRATIVE CLAIMS) |
| DEASON STEPHEN N | 14341 | EXHIBIT C - (DISALLOWANCE OF CERTAIN ADMINISTRATIVE CLAIMS) |
| ERICA A JONAS JR | 13664 | EXHIBIT C - (DISALLOWANCE OF CERTAIN ADMINISTRATIVE CLAIMS) |
| JOLY, RUSSELL | 13891 | EXHIBIT C - (DISALLOWANCE OF CERTAIN ADMINISTRATIVE CLAIMS) |
| JONAS JR, ERIC A | 13906 | EXHIBIT C - (DISALLOWANCE OF CERTAIN ADMINISTRATIVE CLAIMS) |
| LAMBERT GAFFNEY, LAURIE | 14026 | EXHIBIT C - (DISALLOWANCE OF CERTAIN ADMINISTRATIVE CLAIMS) |
| ROBERT L KIRKNER | 13249 | EXHIBIT C - (DISALLOWANCE OF CERTAIN ADMINISTRATIVE CLAIMS) |
| THE GREENVILLE NEWS, MENA HANLIN | 13333 | EXHIBIT C - (DISALLOWANCE OF CERTAIN ADMINISTRATIVE CLAIMS) |

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Sixty-Ninth Omnibus Objection to Claims
(Disallowance Of Certain Administrative Claims)

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR | COMMENT |
|---|---|---|---|---|---|---|
| DAVID V LAROSA SR HARRISON COUNTY MISSISSIPPI TAX COLLECTOR C O WILLIAM P WESSLER PO BOX 175 GULFPORT, MS 39502 | 14312 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $27,913.25 $27,913.25 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim seeks payment of 2008 Mississippi personal property taxes. Although the taxes were not payable until January 1, 2009, the taxes were assessed and arose on January 1, 2008. Accordingly, the Debtors assert that the Claim should be reclassified to a pre-petition priority claim. Because the Claimant did not file his Claim by the Court-established Governmental Bar Date for filing pre-petition claims by governmental units, the Debtors further assert that the Claim should be disallowed as late-filed. |
| DAVIS, ROBYN N 901 JAMERSON LN GLEN ALLEN, VA 23059 | 14383 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $10,950.00 $10,950.00 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | The Claimant is claiming payments under a settlement agreement that was entered into with the Debtors on August 13, 2008. As the settlement agreement is a pre-petition contract and seeks payment of wages earned pre-petition, the Debtors assert that the Claim should be reclassified as a pre-petition general unsecured claim. Because the Claimant did not file her Claim by the Court-established General Bar Date for filing pre-petition claims, the Debtors further assert that the Claim should be disallowed as late-filed. In addition, the Claimant has filed a previous claim asserting the same liability, claim number 1756, which claim is still outstanding. Thus, the Claim should be disallowed for the additional reason that it is duplicative. |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Sixty-Ninth Omnibus Objection to Claims
(Disallowance Of Certain Administrative Claims)

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR | COMMENT |
|---|---|---|---|---|---|
| DEASON STEPHEN N<br>2701 E BRIGSTOCK RD<br>MIDLOTHIAN, VA 23113-3900 | 14341 | Secured:<br>Priority:<br>Administrative        $4,392.93<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total:        $4,392.93 | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | The Claimant is claiming payments under the Debtors' supplemental 401(k) plan. The Claimant entered into the supplemental 401(k) plan pre-petition. All employee and employer contributions to the plan were made pre-petition. Accordingly, the Debtors assert that the Claim should be reclassified to a pre-petition general unsecured claim. Because the Claimant did not file her Claim by the Court-established General Bar Date for filing pre-petition claims, the Debtors further assert that the Claim should be disallowed as late-filed.  In addition, the Claimant has filed a previous claim asserting the same liability, claim number 5176, which claim is still outstanding.  Thus, the Claim should be disallowed for the additional reason that it is duplicative. |

\*      "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Sixty-Ninth Omnibus Objection to Claims
(Disallowance Of Certain Administrative Claims)

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR | COMMENT |
|---|---|---|---|---|---|
| ERICA A JONAS JR<br>2 ANNETT AVE<br>EDGEWATER, NJ 07020 | 13664 | Secured:<br>Priority:<br>Administrative    $152,506.00<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total:    $152,506.00 | 06/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) | The Claimant is claiming payments under the Debtors' benefits restoration plan. The Claimant entered into the benefits restoration plan pre-petition.  In addition, benefits under the benefits restoration plan were frozen effective Februray 28, 2005 and, thus, all amounts earned under the plan accrued pre-petition. Accordingly, the Debtors assert that the Claim should be reclassified to a pre-petition general unsecured claim. Because the Claimant did not file his Claim by the Court-established General Bar Date for filing pre-petition claims, the Debtors further assert that the Claim should be disallowed as late-filed.   In addition, the Claimant has filed a previous claim asserting the same liability, claim number 6525, which claim is still outstanding.  Thus, the Claim should be disallowed for the additional reason that it is duplicative. |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Sixty-Ninth Omnibus Objection to Claims
(Disallowance Of Certain Administrative Claims)

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR | COMMENT |
|---|---|---|---|---|---|
| JOLY, RUSSELL<br>5318 WOODSTONE CT<br>LOUISA, VA 23093 | 13891 | Secured:<br>Priority:<br>Administrative    $7,404.00<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total:    $7,404.00 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | The Claimant is claiming payments under the Debtors' supplemental 401(k) plan. The Claimant entered into the supplemental 401(k) plan pre-petition. In addition, all employee and employer contributions to the supplemental 401(k) plan were made pre-petition. Accordingly, the Debtors assert that the Claim should be reclassified to a pre-petition general unsecured claim. Because the Claimant did not file his Claim by the Court-established General Bar Date for filing pre-petition claims, the Debtors further assert that the Claim should be disallowed as late-filed. In addition, the Claimant has filed a previous claim asserting the same liability, claim number 6466, which claim is still outstanding. Thus, the Claim should be disallowed for the additional reason that it is duplicative. |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Sixty-Ninth Omnibus Objection to Claims
(Disallowance Of Certain Administrative Claims)

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR | COMMENT |
|---|---|---|---|---|---|
| JONAS JR, ERIC A<br>2 ANNETTE AVE<br>EDGEWATER, NJ 07020 | 13906 | Secured:<br>Priority:<br>Administrative $62,018.15<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: $62,018.15 | 06/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) | The Claimant is claiming payments under the Debtors' supplemental 401(k) plan. The Claimant entered into the supplemental 401(k) plan pre-petition. In addition, all employee and employer contributions to the supplemental 401(k) plan were made pre-petition. Accordingly, the Debtors assert that the Claim should be reclassified to a pre-petition general unsecured claim. Because the Claimant did not file his Claim by the Court-established General Bar Date for filing pre-petition claims, the Debtors further assert that the Claim should be disallowed as late-filed. In addition, the Claimant has filed a previous claim asserting the same liability, claim number 6528, which claim is still outstanding. Thus, the Claim should be disallowed for the additional reason that it is duplicative. |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Sixty-Ninth Omnibus Objection to Claims
(Disallowance Of Certain Administrative Claims)

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR | COMMENT |
|---|---|---|---|---|---|---|
| LAMBERT GAFFNEY, LAURIE<br>C O ROBERT A CANFIELD<br>2201 LIBBIE AVE STE 200<br>RICHMOND, VA 23230 | 14026 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br><br>Total: | $25,481.44<br><br><br><br>$25,481.44 | 06/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) | The Claimant is claiming payments under the Debtors' supplemental 401(k) plan. The Claimant entered into the supplemental 401(k) plan pre-petition. All employee and employer contributions to the plan were made pre-petition. Accordingly, the Debtors assert that the Claim should be reclassified to a pre-petition general unsecured claim. Because the Claimant did not file her Claim by the Court-established General Bar Date for filing pre-petition claims, the Debtors further assert that the Claim should be disallowed as late-filed. In addition, the Claimant has filed a previous claim asserting the same liability, claim number 7936, which claim is still outstanding. Thus, the Claim should be disallowed for the additional reason that it is duplicative. |
| ROBERT L KIRKNER<br>17 PINE DR<br>CHESTER SPRINGS, PA 19425 | 13249 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br><br>Total: | UNL<br><br><br><br>UNL | 06/05/2009 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim alleges "breach of performance" and relates to 250 shares of Circuit City Stores, Inc. stock purchased by the Claimant on January 7, 2008. Because the Claim relates to a pre-petition stock purchase, the Debtors assert that the Claim should be reclassified to a pre-petition general unsecured claim. Because the Claimant did not file his Claim by the Court-established General Bar Date for filing pre-petition claims, the Debtors further assert that the Claim should be disallowed as late-filed. |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Sixty-Ninth Omnibus Objection to Claims
(Disallowance Of Certain Administrative Claims)

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR | COMMENT |
|---|---|---|---|---|---|---|
| THE GREENVILLE NEWS MENA HANLIN CCC CREDIT COLLECTIONS SUPERVISOR 7950 JONES BRANCH DR MCLEAN, VA 22107 | 13333 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $34,205.90 $34,205.90 | 06/12/2009 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim asserts that it covers advertising services provided to the Debtors between October 5, 2008 and November 16, 2008.  Based on a review of the Debtors books and records, the Claim only covers services provided between October 5, 2008 and November 9, 2008. Thus, the Claim arose pre-petition and covers only pre-petition services. Accordingly, the Debtors assert that the Claim should be reclassified to a pre-petition general unsecured claim. Because the Claimant did not file his Claim by the Court-established General Bar Date for filing pre-petition claims, the Debtors further assert that the Claim should be disallowed as late-filed. |

Total:     9                    $324,871.67

*     "UNL" denotes an unliquidated claim.