Gregg M. Galardi, Esq.                 Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &        MCGUIREWOODS LLP
FLOM, LLP                              One James Center
One Rodney Square                      901 E. Cary Street
PO Box 636                             Richmond, Virginia 23219
Wilmington, Delaware 19899-0636        (804) 775-1000
(302) 651-3000

                    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
              Debtors.        :    Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR AND MEMORANDUM OF LAW IN SUPPORT OF
SUMMARY JUDGMENT ON THIRTY-FIRST OMNIBUS OBJECTION TO
CLAIMS (DISALLOWANCE OF CERTAIN LEGAL CLAIMS) WITH
RESPECT TO THE CLAIM OF FRANKLIN SPENCER WILSON**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1], pursuant to sections 105, 502 and 503 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3007, 7056, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 56 of the Federal Rules of Civil Procedure (the "Civil Rules"), submit this motion for summary judgment (the "Motion") on the Objection[2] (as defined herein) with respect to the Claim (as defined herein) of Franklin Spencer Wilson (the "Claimant").  In support of the Motion, the Debtors respectfully represent as follows:

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, INC. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

## PROCEDURAL BACKGROUND

1.     On June 11, 2009, the Claimant filed
claim number 13340 (the "Claim"), a copy of which is
attached as <u>Exhibit B</u>, seeking an administrative expense
in the amount of $10 million.  In the Claim, the
Claimant alleges that, prior to the Petition Date, the
Debtors took actions that disrupted the resale business
he conducted through eBay.

2.     On August 20, 2009, the Debtors filed
their Thirty-First Omnibus Objection to Claims
(Disallowance of Certain Legal Claims) (D.I. 4585; the
"Objection").  By the Objection, the Debtors seek to
disallow certain claims, including the Claim.

3.     On September 15, 2009, the Claimant filed
a response (D.I. 4963; the "Response") to the Objection.
Because the Claimant filed the Response, the Objection
was adjourned as to the Claimant and a status conference
is currently scheduled for March 18, 2010.

4.     The Debtors hereby supplement the
Objection and seek to reclassify the Claim to a general
unsecured, non-priority claim and, simultaneously,
disallow the Claim as late filed.

**STATEMENT OF MATERIAL FACTS**

The following material facts are not in dispute:

**A.    The Claimant's Pre-Petition Complaint.**

5.    On June 27, 2007, the Claimant filed a civil complaint in the United States District Court for the Southern District of New York, a copy of which is attached hereto as Exhibit C (the "Complaint").  See Wilson v. Circuit City, Case No. 08-cv-00285 (KRW) (S.D.N.Y. Jan. 14, 2008) (D.I. 1).

6.    As set forth in the Complaint, the Claimant alleged that Circuit City damaged his computer and caused the Claimant damages of $10 million.  Id. at p. 3.  Specifically, the Claimant alleges that "[a] few days prior to April 2, 2007, [he] brought his [computer] to Circuit City's computer technical services and repair" and that when he picked up his computer it was no longer working.  Complaint at pp. 1-2.

7.    On March 6, 2008, the Claimant filed an amended complaint, a copy of which is attached hereto as Exhibit D (the "Amended Complaint"), which listed the "date and approximate time [ ] the events giving rise to

4

[his] claim occur" as April 9, 2007.  <u>Wilson</u>, Case No.
08-cv-00285 (S.D.N.Y. Mar. 6, 2008) (D.I. 4).

8.    On January 14, 2009, the Amended
Complaint was dismissed for failure to allege any facts
to support a finding that the amount in controversy
meets the jurisdictional amount of $75,000.  <u>See</u> <u>Wilson</u>,
Case No. 08-cv-00285 (S.D.N.Y. Jan. 14, 2009) (D.I. 8).

**B.    The Debtors' Schedules And The General Bar Date.**

9.    On November 10, 2008 (the "Petition
Date"), the Debtors filed voluntary petitions for relief
under chapter 11 of title 11, United States Code (the
"Bankruptcy Code").

10.    On December 19, 2008, the Debtors filed
the Schedules of Assets and Liabilities re: Circuit City
Stores, Inc.

11.    The Claimant was listed on Circuit City
Stores, Inc. Schedule F (D.I. 1130) as a potential
creditor holding a contingent, disputed and unliquidated
claim.

12.    On December 10, 2008, this Court entered
that certain Order Pursuant to Bankruptcy Code Sections
105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and

9007 (I) Setting General Bar Date and Procedures for
Filing Proofs of Claim; and (II) Approving Form and
Manner of Notice Thereof (D.I. 890; the "Claims Bar Date
Order"), which set 5:00 p.m. (Pacific) on January 30,
2009 as the deadline for filing all "claims" (as defined
in 11 U.S.C. § 105(5)) arising before November 10, 2008
against the Debtors by any non-governmental entity (the
"General Bar Date").

13.  On or about December 19, 2008, KCC served
a copy of the Claims Bar Date Notice on the Claimant.
See Affidavit of Service of Evan Gershbein re: 1) Notice
of Deadline for Filing Proofs of Claim and Proof of
Claim Form [D.I. 966]; and 2) Notice of Commencement of
Chapter 11 Bankruptcy Cases, Meeting of Creditors and
Fixing of Certain Dates [D.I. 967], at p. 4311
(D.I. 1314)

## C.   Administrative Bar Date.

14.  On May 15, 2009, this Court entered that
certain Order Pursuant to Bankruptcy Code Sections 105
and 503 and Bankruptcy Rules 2002 and 9007 (I) Setting
Administrative Bar Date and Procedures for Filing and
Objecting to Administrative Expense Request and (II)

6

Approving Form and Manner of Notice Thereof (D.I. 3354;
the "Administrative Bar Date Order"), which set 5:00
p.m. (Pacific) on April 30, 2009 as the deadline for
filing all administrative expense requests arising
before on June 30, 2009 (the "Administrative Bar Date").

15.   On May 15, 2009, KCC served a copy of the
Administrative Expense Bar Date Notice on the Claimant.
Affidavit of Service of Isidro Panizales re: Documents
Served on May 15, 2009 [D.I.s 3354, 3355, 3356, 3357,
3358, and 3359], at p. 5108.   (D.I. 3397).

**D.   The Claim.**

16.   The Claimant did not file a proof of
claim on or prior to the General Bar Date.

17.   In connection with the Administrative Bar
Date, the Claimant filed the Claim.

18.   The Claim does not allege any post-
petition transaction with any of the Debtors.

19.   The Claim does not allege any benefit to
the Debtors' estates.

20.   In fact, the Claim is based on the same
conduct alleged in the Complaint and the Amended
Complaint.

7

21.   The Claim was filed on account of conduct that occurred prior to the Petition Date.   Specifically, the Claimant states that "[Claimant] filed [his] claim against Circuit City no less than two years before they filed for bankruptcy.   Claim at ¶ 5.

**ARGUMENT**

22.   The Claim was asserted as an administrative expense for disruption of the Claimant's eBay business.   As set forth herein, however, the Claim arose prior to the Petition Date.   Moreover, the Claim was filed after the General Bar Date.   Accordingly, rather than reclassify the Claim from an administrative claim to a general unsecured claim and thereafter disallow the Claim as late, the Claim should be disallowed in its entirety.

**I.    STANDARD FOR SUMMARY JUDGMENT.**

23.   Under section 502(a), a party in interest, including the debtor, may object to claims. See 11 U.S.C. § 502(a).   In turn, Bankruptcy Rule 3007(a) provides that such objection must be in writing and filed with the Court.   Fed. R. Bankr. P. 3007(a).

24.   Claim objections are contested matters pursuant to Bankruptcy Rule 9014.   In re IBIS Corp., 272 B.R. 883, 893 (Bankr. E.D. Va. 2001) ("Objections to proofs of claims are contested matters governed by Fed. R. Bankr. P. 9014.").   As in the case of all other contested matters, Bankruptcy Rule 7056, which incorporates Civil Rule 56, applies to claim objections. See Fed. R. Bankr. P. 9014(c).

25.   Pursuant to Civil Rule 56(b), "[a] party against whom relief is sought may move at any time, with or without supportive affidavits, for summary judgment on all or part of the claim."   Fed. R. Civ. P. 56(b). "Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."   In re US Airways, Inc., No. 1:06CV539, 2006 WL 2992495, at *4 (E.D. Va. 2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1985)).

26.   The United States Supreme Court has held that summary judgment is not a disfavored procedural shortcut, but rather an integral part of the Civil Rules as a whole, which are designed "to secure the just,

speedy and inexpensive determination of every action."

Sibley v. Lutheran Hosp. of Md., Inc., 871 F.2d 479, 483

n.9 (4th Cir. 1989) (citing Celotex, 477 U.S. at 327).

27.   In this regard, a court may properly

grant summary judgment when:

> Although each side in its submissions has
> presented a different characterization of the
> facts . . . and has argued different
> conclusions which the court should draw from
> those facts, there is little dispute as to
> actual facts and no dispute of material facts
> relevant to the determination of the causes of
> action.

In re Conn. Pizza, Inc., 193 B.R. 217, 220 (Bankr. D.

Md. 1996); see also Goodman v. Resolution Trust Corp., 7

F.3d 1123, 1124 (4th Cir. 1993) (finding that summary

judgment is appropriately granted where there are "no

relevant disputes of material fact" (emphasis added)).

**II.   THE CLAIM IS NOT ALLOWABLE AS AN ADMINISTRATIVE
EXPENSE CLAIM BECAUSE IT DID NOT ARISE OUT OF A
POST-PETITION TRANSACTION OR PROVIDE A BENEFIT TO
THE DEBTORS' ESTATES.**

28.   As the party filing an administrative

expense claim, the Claimant bears the burden of proving

that its claim is entitled to administrative priority.

See, e.g., Merry-Go-Round Enterprises v. Simon Debartolo

Group (In re Merry-Go-Round Enterprises), 180 F.3d 149,

157 (4th Cir. 1999) (holding that the creditor "has the burden of proving that its administrative claim . . . is an actual and necessary expense"); Ford Motor Credit Co. v. Dobbins, 35 F.3d 860, 866 (4th Cir. 1994) (same). The Claimant has not and cannot satisfy his burden.

29.   In order to determine whether a claim qualifies as an administrative expense, the Fourth Circuit has established a two-part test: "(1) the claim must arise out of a post-petition transaction between the creditor and the debtor-in-possession (or trustee) and (2) the consideration supporting the claimant's right to payment must be supplied to and beneficial to the debtor-in-possession in the operation of the business." Merry-Go-Round, 180 F.3d at 156; Stewart Foods v. Broecker (In re Stewart Foods), 64 F.3d 141, 145 n.2 (4th Cir. 1995); see also CIT Commun. Fin. Corp. v. Midway Airlines Corp. (In re Midway Airlines Corp.), 406 F.3d 229, 236 (4th Cir. 2005); In re Baseline Sports, Inc., 393 B.R. 105, 130 (Bankr. E.D. Va. 2008).

30.   Here, there is no dispute that the first requirement is plainly not met.  By the Claimant's own admission, the Claim arose prior to the Petition Date

because the alleged conduct -- the alleged damage to his
computer -- occurred prior to the Petition Date.  See
Claim at ¶ 5 (stating that the Claimant filed his Claim
"no less than two years before [it] filed for
bankruptcy."  Indeed, the Claim says nothing about any
post-petition transaction with the Debtors.

31.  Moreover, the Claim is based on the same
alleged conduct and damages as the Complaint, which was
filed on June 27, 2007 and amended on March 6, 2008.
Complaint at pp. 1-3.  And, in the Amended Complaint,
the Claimant states that the conduct from which the
damages arose occurred in April 2007.  Amended Complaint
at p. 3.  Thus, any transaction upon which the Claim
might be based arose prior to the Petition Date.

32.  Similarly, the Claimant has failed to
allege any facts to establish that the Claim provided a
benefit to the Debtors' estates.

33.  Thus, there is no dispute as to any
material fact and all material facts establish that the
Claim arose prior to the Petition Date, that there was
no post-petition transaction with the Debtors, and there
has been no benefit to the Debtors' estates.

34.  Accordingly, the Claim should be reclassified to a pre-petition, general unsecured, non-priority claim.

**III. AS A PRE-PETITION CLAIM, THE CLAIM SHOULD BE DISALLOWED BECAUSE IT WAS FILED AFTER THE GENERAL BAR DATE.**

35.  As discussed above, although the Claim was filed as an administrative expense, the Claim arose pre-petition.  If the Claim was reclassified as a general unsecured claim, the Claim would be subject to disallowance because the Claimant was served with the General Bar Date Notice and the Claim was filed after the General Bar Date.  Accordingly, the Debtors seek to disallow the Claim to avoid the time, expense and delay of the Debtors' and this Court's resources that would be associated with first reclassifying the Claim and then separately objecting to the reclassified Claim as late-filed..

36.  Pursuant to the Claims Bar Date Order, all creditors were required to file proofs of claim for claims arising prior to the Petition Date.  In that regard, the Claims Bar Date Order provides in relevant part:

> Pursuant to Bankruptcy Rule
> 3003(c)(3), all "entities" and
> "persons" (as defined respectively in
> 11 U.S.C. § 101(15) and (41)) . . .
> that are creditors holding or wishing
> to assert "claims" (as defined in 11
> U.S.C. § 101(5)) arising before the
> Petition Date against any of the
> Debtors are required to file with the
> Debtors' Claims Agent (as defined
> below), on or before 5:00 p.m.
> (Pacific) on January 30, 2009 (the
> "General Bar Date") a separate,
> completed, and executed proof of claim
> form . . . on account of any such
> claims . . . .

Bar Date Order, ¶¶ 2, 3, 12.

37. Any entity that was required, but failed
to file a proof of claim in accordance with the Bar Date
Order, was forever, barred, estopped, and enjoined from
asserting a claim against the Debtors.  In that regard,
the Bar Date Order further provided as follows:

> Any creditor that is required to file
> but fails to file a proof of claim for
> its claim . . . before the General
> Bar Date . . . shall be forever
> barred, estopped, and enjoined from:
> (a) asserting any Claim against the
> Debtors that (i) is in an amount that
> exceeds the amount, if any, that is
> set forth in the Schedules as
> undisputed, noncontingent, and
> unliquidated or (ii) is of a different
> nature or in a different
> classification (any such claim
> referred to as an "Unscheduled Claim")

14

> and (b) voting upon, or receiving
> distributions under, any plan or plans
> of reorganization in these chapter 11
> cases in respect of an Unscheduled
> Claim; and the Debtors and their
> property shall be forever discharged
> from any and all indebtedness or
> liability with respect to such
> Unscheduled Claim.

<u>Id.</u>

38.  Similarly, the notice of the General Bar Date (the "Bar Date Notice") that was approved by this Court and served on the Claimant provided in relevant part:

> **CONSEQUENCES OF FAILURE TO FILE PROOF
> OF CLAIM Any creditor that is required
> to file but fails to file a proof of
> claim for its Claim in accordance with
> the procedures set forth herein on or
> before the General Bar Date, the
> Governmental Bar Date, or such other
> date established hereby (as applicable)
> shall be forever barred, estopped, and
> enjoined from: (a) asserting any Claim
> against the Debtors that (i) is in an
> amount that exceeds the amount, if any,
> that is set forth in the Schedules as
> undisputed, noncontingent, and
> unliquidated or (ii) is of a different
> nature or in a different classification
> (any such claim referred to as an
> "Unscheduled Claim") and (b) voting
> upon, or receiving distributions under,
> any plan or plans of reorganization in
> these chapter 11 cases in respect of an
> Unscheduled Claim; and the Debtors and
> their property shall be forever**

15

> **discharged from any and all indebtedness or liability with respect to such Unscheduled Claim. If it is unclear from the Schedules and Statements whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the General Bar Date. Any Entity that relies on the Schedules and Statements bears responsibility for determining that its Claim is accurately listed therein.**

Bar Date Notice, at p. 5 (emphasis in original).

39.  As this court has recognized, bar dates for asserting claims in chapter 11 bankruptcy cases serve extremely important purposes.  In re Circuit City Stores, Inc., Case No. 08-35653 (KRH) (Bankr. E.D. Va. Feb. 4, 2010) (denying motion for allowance of late filed administrative claim).  "The requirement of a Bar Date in Chapter 11 enables the debtor . . . to establish the universe of claims with which it must deal and the amount of those claims."  Id. (quoting In re A.H. Robins Co., Inc., 129 B.R. 457, 459 (Bankr. E.D. Va. 1991)).  Premised on the imperative purpose of finality of asserting claims against a debtor, courts have not allowed claims filed by creditors after the bar date, absent special circumstances. See Id. (citing In re

Provident Hosp., Inc., 122 B.R. 683, 685 (D. Md. 1990),

aff'd, 943 F.2d 49 (4th Cir. 1991) (unpublished opinion)

("Because Bean did not timely file his bankruptcy claim

after having been given constitutionally sufficient

notice, his claim is barred under well-settled

authority, 11 U.S.C. 1141(d) and Bankruptcy Rule

3003(c)(2).")).

40.   While the Claim may have been filed prior

to the Administrative Bar Date, it was filed in the

present cases after the General Bar Date.  Here, there

is no dispute that the Claimant was served with the

General Bar Date Notice.  Accordingly, if the Claim is

reclassified as a general unsecured claim, the

reclassified Claim should be subsequently disallowed

pursuant to the Claims Bar Date Order and applicable

law.

41.   This Court has previously granted similar

relief in these chapter 11 cases.  See, e.g., In re

Circuit City Stores, Inc., Case No. 08-35653(KRH)

(Bankr. E.D. Va. Jul. 20, 2009)(D.I.s 4169, 4170).

42.   For the foregoing reasons, the Debtors

respectfully request that the Court grant this Motion

and sustain the Objection to the extent set forth
herein.

## RESERVATION OF RIGHTS

43.  At this time, the Debtors have not
completed their review of the validity of all
claims/expenses filed against their estates, including
the Claim.  Accordingly, if the Claim is not
reclassified and disallowed, the Claim may be the
subject of additional subsequently filed objections.  To
that end, the Debtors reserve the right to further
object to any and all claims, whether or not the subject
of the Objection or this Motion, for allowance, voting,
and/or distribution purposes, and on any grounds that
bankruptcy or non-bankruptcy law permits.  Furthermore,
the Debtors reserve the right to modify, supplement
and/or amend the Objection and this Motion as it
pertains to the Claim or the Claimant herein.

## NOTICE

44.  Notice of this Motion has been provided
to Claimant and to parties in interest in accordance
with the Supplemental Order Pursuant to Bankruptcy Code
Sections 102 and 105, Bankruptcy Rules 2002 and 9007,

and Local Bankruptcy Rules 2002-1 and 9013-1

Establishing Certain Notice, Case Management and

Administrative Procedures (D.I. 6208; the "Case

Management Order").

### WAIVER OF MEMORANDUM OF LAW

45.    Pursuant to Local Bankruptcy Rule 9013-

1(G), and because there are no novel issues of law

presented in this Motion, the Debtors request that the

requirement that all motions be accompanied by a written

memorandum of law be waived.

### NO PRIOR RELIEF

46.    No previous request for the relief sought

herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors request the Court to enter an Order granting this Motion and thereby sustaining the Objection with respect to the Claim and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia
   February 22, 2010

SKADDEN, ARPS, SLATE, MEAGHER &
 FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

   - and -

SKADDEN, ARPS, SLATE, MEAGHER &
 FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606-7120
(312) 407-0700

   - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

## EXHIBIT A

**(Order)**

Gregg M. Galardi, Esq.            Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.           Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                         One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                         RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
              Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER GRANTING DEBTORS' MOTION FOR SUMMARY JUDGMENT ON
THE THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS
(DISALLOWANCE OF CERTAIN LEGAL CLAIMS) WITH RESPECT TO
CLAIM OF FRANKLIN SPENCER WILSON**

          Upon the Debtors' motion for summary judgment

(the "Motion"), pursuant to Bankruptcy Code section 105,

502 and 503, Bankruptcy Rules 2002, 3007, 7056, 9007 and

9014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and Civil Rule 56, on the Thirty-First Omnibus Objection to Claims (Disallowance of Certain Legal Claims) with respect to the Claim (as defined herein) of Franklin Spencer Wilson, attached as Exhibit B to the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.    The Motion is GRANTED.

2.    The Thirty-First Omnibus Objection with respect to claim number 13340 (the "Claim") filed by Franklin Spencer Wilson is SUSTAINED.

3.    The Claim is disallowed in its entirety.

4.    To the extent that this Order conflicts with the Order on Debtors' Thirty-First Omnibus

Objection to Claims (Disallowance of Certain Legal

Claims) (D.I. 5294), this Order shall control.

5.    The Debtors shall serve a copy of this

Order on Franklin Spencer Wilson on or before five (5)

business days from the entry of this Order.

6.    This Court shall retain jurisdiction with

respect to all matters arising from or related to this

Order.

Dated: Richmond, Virginia
        _____, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

       - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

       - and -

_/s/ Douglas M. Foley_____ _____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

      Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

               /s/ Douglas M. Foley_____
               Douglas M. Foley

## EXHIBIT B

**(The Claim)**

TO: CIRCUIT CITY STORES INC

C/O KURTZMAN CARSON CONSULTANTS LLC.

2335 ALASKA AVE.

EL SEGUNDO, CA. 90245

FROM: FRANKLIN SPENCER WILSON
2 HIGHLAND STREET
PORT CHESTER, NY 10573

RECEIVED
JUN 11 2009
KURTZMAN CARSON CONSULTANTS

083565309061100000000174

DEAR SIRS

I AM NOT A LAWYER BUT IM DOING THE BEST I CAN IN REPRESENTING MYSELF — IN THIS MATTER OF ADMINISTRATIVE EXPENSES — BY ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA DATED MAY 15, 2009.

THERE IS ONLY ONE DEBTOR ON THE LIST OF DEBTORS AND DEBTORS IN POSSESSION:

LIST OF DEBTORS

1. CIRCUIT CITY STORES, INC (3875)
   a. FOR HAVEING, WITHOUT MY ASKING THEM TO, ERASED ALL MY NEWLY STARTED E·BAY FILES OF
      (1) ROUGH DIAMOND LOTS, PETROLEUM (MY) DISCOVERYS, OIL PAINTINGS BY VINCENT VAN GOGH AND LODE GOLD DISCOVERYS.
      (2) MALICIOUS DISMANTLEING OF A CORNER LCD MOUNTING LEAVEING THE SCREWS OUT CAUSEING DAMAGE TO MY COMPUTER WHEN I LIFTED

THE LAPTOP BY THE LCD MONITOR.

③ FORMATING THE WINDOWS LEAVEING ME
TOTALLY. DISCONNECTED FROM MY WEBSITE
AND PUTTING ME OUT OF BUSINESS
COMPLETELY, FORCEING ME TO TAKE TIME
OUT TO LEARN SOME COMPUTER TECHS SO I
COULD HELP MYSELF.
   THE LAPTOP: COMPAQ PRESARIO 1700
                      S/N 3872B474

④ THIS INCIDENT BY CIRCUIT CITY COMPUTER
TECHS COST ME FOUR YEARS COMPLETELY OUT
OF BUSINESS.

⑤ I FILED MY CLAIM AGAINST CIRCUIT
CITY NO LESS THAN TWO YEARS BEFORE
THEY FILED FOR BANKRUPTCY.

⑥ THE ONLY WORDS THAT SAY WHAT THIS
MALICIOUS, VICIOUS ACT BY CIRCUIT CITY
COMPUTER TECHS ARE: THEY DESTROYED ME.

THE LEGAL AND FACTUAL BASIS FOR THE
   ADMINISTRATIVE EXPENSE

RECEIVED
JUN 11 2009
KURTZMAN CARSON CONSULTANTS

FACT: I COULD NOT CARRY OUT MY BUSINESS
   ON E.BAY. I WAS STOPPED BY CIRCUIT
CITY'S MALICIOUS COMPUTER TECHS
TERMINATEING MY WINDOWS XP PROFESSIONAL
AND ERASEING ALL MY NEWLY
INSTALLED E.BAY FILES

LEGAL: BECAUSE OF THIS WILFUL MALICIOUS
   DESTRUCTIVE ACT UPON MY COMPAQ PRESARIO

AND MY THEN COMPANY THE 20TH CENTENNIAL ISSUE LTD - EIN 13-4771316: THE LAW STATES THAT CIRCUIT CITY MUST COMPENSATE ME FOR THE APPROXIMATE EXPENSE, THE APPROXIMATE AMOUNT OF DAMAGE FOR BREECH OF PERFORMANCE GIVEING RISE TO PAYMENT OF A REASONABLE ESTIMATE OF FINANCIAL LOSS BROUGHT UPON FRANKLIN WILSON: INCLUDE IN THAT THE DEVASTATEING EMOTIONAL TRAUMA AND SUFFERING BROUGHT UPON FRANKLIN WILSON - HAVEING BEEN PUT OUT OF BUSINESS BY CIRCUIT CITY MALICIOUS COMPUTER TECHS. — I FEEL THAT THE AMOUNT I ASKED OF THE COURT, $10,000,000: THE BUSINESS THAT I AM BRINGING TO THE COUNTRY PETROLEUM DISCOVERY IN THE NEW YORK LONG ISLAND SOUND BY MYSELF AND THE VINCENT VAN GOGH AUCTIONS AS WELL AS BROUGHT. DIAMOND LOT AUCTIONS N.Y. LODE GOLD DISCOVERYS - CANCELLS OUT ANY DOUBT AS TO WHETHER OR NOT THE AMOUNT ASKED IS REASONABLE AND APPROPRIATE, LEAVEING THAT TO THE JUDGEMENT OF THE COURT.

RECEIVED

JUN 1 1 2009

KURTZMAN CARSON CONSULTANTS

FRANKLIN 8 WILSON
FSW LTD
PETROLEUM
EIN 13-4771316

Franklin S. Wilson
JUNE 4, 2009

## EXHIBIT C

**(The Complaint)**

UNITED STATES DISTRICT
COURT
SOUTHERN DISTRICT #1

JUDGE WOOD                               08 CV 00285

FRANKLIN WILSON
    COMPLAINANT                  V

                              CIRCUIT CITY
                              WHITE PLAINS
                              DEFENDANT



RECEIVED
JUN 27 2007
USDC-WP-SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT

FRANKLIN WILSON          V    CIRCUIT CITY
COMPLAINANT                    WHITE PLAINS, N.Y.
                                    DEFENDANT

COMPLAINT:
        MALICIOUS TAMPERING WITH SOFTWARE
     AND HARDWARE AND FRAUD - DAMAGES

     YOUR HONOR,
            A FEW DAYS PRIOR TO APRIL 2, 2007
I BROUGHT MY COMPAQ PRESSARIO 1700 TO CIRCUIT
CITYS COMPUTER TECHNICAL SERVICES AND REPAIR
REQUESTING OF THEM ONLY TO REMOVE, UNINSTALL
THE SOFTWARE NORTON VIRUS SCAN THAT HAD
APPARANTLY TAKEN CONTROL OF MY COMPUTER, AND
I WAS FINDING IT IMPOSSIBLE FOR ME TO
UNINSTALL THE TECHNICIAN TOLD ME HE WOULD
PROBABLY HAVE TO FORMAT THE ENTIRE COMPUTER.
I ASKED HIM IF HE WOULD SAVE THE FILES I HAD
ON THE COMPUTER MAKEING BACK UP CD's, HE SAID
HE DIDN'T THINK HE COULD. YOUR HONOR UP TO THE
MOMENT I HANDED MY COMPUTER TO THIS
TECHNICIAN IT WAS WORKING PERFECTLY.

YOUR HONOR THE DAY I WENT TO PICK UP MY COMPUTER AT CIRCUIT CITY THE TECHNICIAN TOLD ME HE AND HIS CO-WORKER "DETECTED A, THE HARD DRIVE WAS DEFECTIVE AND PROBABLY WOULDN'T LAST THREE MONTHS AND THAT BECAUSE OF THIS HE COULD'NT GET WINDOWS BACK ON "AND" WHEN YOU GET A NEW HARD DRIVE WE'LL INSTALL IT FOR YOU FREE SINCE YOU ALREADY PAID FOR ---- I CANT REMEMBER WHAT HE SAID HERE.

YOUR HONOR WHEN I PLUG MY COMPUTER IN AND TURNED IT ON I FOUND I WAS UNABLE TO "SET UP" OR CONFIGURE, I COULD NOT DO ANYTHING TO IT OR WITH IT, I COULD NOT GET PASS THE BIOS SET UP.

I WENT BACK TO THE TECHNICIAN AT CERCUIT CITY WHO TOLD ME "SEE THAT'S THE DEFECTIVE HARD DRIVE." I WENT TO A TECHNICIAN AT RADIOSHACK WHO TOLD ME "THAT'S NOT YOUR HARD DRIVE, HE DID SOMETHING TO YOUR COMPUTER."

YOUR HONOR AFTER WORKING ON ANOTHER COMPUTER WITH WINDOWS FIREWALL, I REALIZED MY COMPUTER WAS BLOCKING ME OUT THE SAME WAY WINDOWS FIREWALL BLOCKS ILLEGITIMATE USERS OUT. SO I REQUESTED OF MICROSOFT TO "BY REMOTE ACCESS FIND OUT IF CIRCUIT CITY HAD SET UP A FIREWALL IN MY COMPUTER AND CHANGED MY ACCOUNT TYPE FROM ADMINISTRATOR TO USER BLOCKING ME OUT OF MY OWN COMPUTER"

MICROSOFT TOLD ME, "WE HAVE SUCCESSFULLY ENTERED YOUR COMPUTER AND HAVE FOUND NOTHING WRONG WITH IT, THERE IS NO DEFECTIVE HARD DRIVE"

MICROSOFT POINTED TO "MALICIOUS SOFTWARE AND HARDWARE TAMPERING — INTENTIONAL HUMAN MISUSE."

I WENT BACK AGAIN TO CIRCUIT CITY WITH THESE MICROSOFT FINDINGS TO THE MANAGER WHO EXPRESSED DISMAY AT WHAT I TOLD HIM THE TECHNICIAN HAD WRITTEN ON THE WORK ORDER "THIS PIECE OF SH__ GOLD COMPUTER". THE MANAGER TOLD ME AFTER VIEWING THE RECEIPT THAT CIRCUIT CITY WILL UNDO AND CORRECT THIS WRONGDOING TO ME.

YOUR HONOR JUST PRIOR TO MY VISITING THE MANAGER ON LOOKING AT THE NOW FADED (DISAPPEARING INK) RECEIPT I COULD SEE VAGUELY MAKE OUT THAT INDEED WITHOUT MY ASKING THE TECHNICIAN HAD INSTALLED FIREDOG, A FIREWALL ON MY COMPUTER.

YOUR HONOR THIS MALICIOUS AND COLD HEARTLESS ACT HAS FOR THREE MONTHS TOTAL DESTROYED ANY EFFORTS OF MINE TO MAKE A LIVING ON E.BAY AND SEVERE DEPRESSION SO I AM ASKING THAT THIS COURT ORDER CITY CIRCUIT CITY TO COMPENSATE ME FOR THE DAMAGE THEY BROUGHT ON ME TEN MILLION DOLLARS, $10,000,000.00.
THANK YOU YOUR HONOR.

COPY OF
ORIGINAL



04 02 07

← TICKET #
(97)369600947297

FIRE DOG PC INSTALL

~~VISTA INSTALL    $0.00~~

TOTAL - 107.95

8958 INSTALL - 69.99
TECH 30          29.99

ILLEGAL
DISAPPEARING INK

(4) 369600777

FIREDOG PC INSTALL
SCREEN INSTALL
TOTAL- 101.95

8958 INSTALL- 69.99
TECH 30
29.99

ILLEGAL
DISAPPEARING INK





## EXHIBIT D

**(The Amended Complaint)**