| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, | MCGUIREWOODS LLP |
| MEAGHER & FLOM, LLP | One James Center |
| One Rodney Square | 901 E. Cary Street |
| PO Box 636 | Richmond, Virginia 23219 |
| Wilmington, Delaware 19899- 0636 | (804) 775-1000 |
| (302) 651-3000 | |

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois  60606
(312) 407-0700

Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                         : Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     : Case No. 08-35653
<u>et</u> <u>al</u>.,                      :
                               : Jointly Administered
              Debtors.         :
- - - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR ORDER PURSUANT TO
BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT
BY AND AMONG THE DEBTORS, CAPITAL CONTRACTORS, INC.,
INDUSTRIAPLEX, INC., AND VERNON DANIEL MCCULTY**

The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

1

the "Debtors" or "Circuit City")[1] hereby move this Court, (the "Motion") for entry of an order (the "Proposed Order"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the settlement agreement (the "Settlement Agreement") substantially in the form attached as Exhibit A to the Proposed Order[2] entered into between the Debtors, Capital Contractors, Inc. ("Capital"), Industriaplex, Inc. ("Industriaplex") and Vernon Daniel McCulty ("McCulty").  In support of the Motion, the Debtors respectfully represent:

## JURISDICTION AND VENUE

1.   The Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard; Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, Virginia 23060.

[2] Unless otherwise indicated, capitalized terms not defined here shall have the meanings ascribed to them in the Settlement Agreement.

2

and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested here is Bankruptcy Rule 9019.

**BACKGROUND**

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

6. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors

3

remaining stores.  As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

## BACKGROUND OF SETTLEMENT

7.   The complaint upon which the settlement agreement is based was filed in June of 2008, when McCulty , a former employee of Premier Image Enterprises, LLC, a cleaning company, initiated a complaint in the Circuit Court of Wood County, West Virginia against Circuit City Stores, Inc., Capital, Premier Image Enterprises, LLC, and Ronald Swertfager and Lori Campbell, individually (the "McCulty Complaint").

8.   Ronald Swertfager and Lori Campbell were employees of Circuit City at the time McCulty filed his Complaint.

9.   In the McCulty Complaint, McCulty alleges violations of the West Virginia Wage Payment and Collection Claim Act, specifically West Virginia Code §§ 21-5-3 et seq., 25-5-4(e) et seq., for failure to pay wages, the minimum wage, and overtime, and violations of the West Virginia Human Rights Act, specifically West Virginia Code §§ 5-11-1 et seq., for sexual harassment and hostile work

4

environment. McCulty seeks unspecified damages and attorneys' fees.

11. In August of 2008, Circuit City Stores filed a Third-Party Complaint against Industriaplex (the "Third-Party Complaint"), in which it alleged claims for indemnification and contribution against Industriaplex, Capital, Premier Image Enterprises, and Ronald Swertfager.

11. On or about October 9, 2008, Industriaplex filed its Answer to the Third-Party Complaint and asserted cross-claims against the other defendants in the McCulty Complaint (the "Industriaplex Cross-Claims").

**RELIEF REQUESTED**

12. By this Motion, the Debtors seek entry of an order approving the Settlement Agreement. As discussed more fully below, the Debtors believe that the Settlement Agreement is fair, reasonable and in the best interests of the Debtors, their estates and their creditors.

**TERMS OF THE PROPOSED SETTLEMENT AGREEMENT**

13. The complete terms of the Settlement Agreement are attached as Exhibit A to the Proposed Order.

5

The material terms of the Settlement Agreement are set forth below.[3]

14. In January of 2009, McCulty agreed to settle all of his claims against Capital, Circuit City and Industriaplex in exchange for the sum of twenty thousand dollars, ("$20,000"), thereby releasing Capital, Circuit City, Industriaplex, and the individual defendants, Ronald Swertfager and Lori Campbell, from any and all known and unknown claims.

15. Circuit City, Capital and Industriaplex have decided to enter into a settlement agreement whereby Circuit City, Industriaplex and Capital release each other from any and all claims, whether known or unknown that they have or may have had against each other.

**APPLICABLE AUTHORITY**

16. Bankruptcy Rule 9019 provides that the Court "may approve a compromise or settlement." Compromises are tools for expediting the administration of The case and reducing administrative costs and are favored in bankruptcy. See In re Bond, 1994 U.S. App. Lexis 1282, *9-*14 (4th Cir.

---

[3] To the extent that there is any conflict between the terms of the summary contained in this Motion and the Settlement Agreement, the terms of the Settlement Agreement shall control.

6

1994) ("To minimize litigation expedite the administration of a bankruptcy estate, 'compromises are favored in bankruptcy'."); Fogel v. Zell, 221 F.3d 955, 960 (7th Cir. 2000); In re Martin, 91 F.3d 389, 393 (3d Cir. 1996). Various courts have endorsed the use of Bankruptcy Rule 9019. See, e.g., Bartel v. Bar Harbour Airways, Inc., 196 B.R. 268 (S.D.N.Y. 1996); In re Foundation for New Era Philanthropy, Case No. 95-13729B, 1996 Bankr. LEXIS 1892 (Bankr. E.D. Pa. Aug. 21, 1996); In re Miller, 148 B.R. 510, 516 (Bankr. N.D. Ill. 1992); In re Check Reporting Service, Inc., 137 B.R. 653 (Bankr. W.D. Mich. 1992); In re Patel, 43 B.R. 500, 504 (N.D. Ill. 1982).

17. The standards by which a Court should evaluate a settlement are well established. In addition to considering the proposed terms of the settlement, the Court should consider the following factors:

(a) the probability of success in litigation;

(b) the difficulty in collecting any judgment that may be obtained;

(c) the complexity of the litigation involved, and the expense convenience and delay necessarily attendant to it; and

(d) the interest of creditors and stockholders and a proper deference to

their reasonable views of the settlement.

See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S 414, 424-241) (1968); United States ex. Rel. Rahman v. Oncology Assoc., P.C., 269 B.R. 139, 152 (D. Md. 2001); In re Frye, 216 B.R. 166, 174 (E.D. Va. 1997).

18. The decision to approve a settlement or compromise is within the discretion of the Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case. See TMT Trailer Ferry, 390 U.S. at 424-25. The settlement need not be the best that the debtor could have achieved, but need only fall "within the reasonable range of litigation possibilities." In re Telesphere Communications, Inc., 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994). In making its determination, a court should not substitute its own judgment for that of the debtor. In re Neshaminy Office Bldg. Assoc., 62 B.R. 798, 803 (E.D. Pa. 1986).

19. The proposed settlement between Circuit City and Capital meets the standards for approval under applicable law. The Settlement Agreement represents a fair and reasonable compromise of McCulty's claims against

8

Capital, Circuit City, Industriaplex, and the individual defendants, Ronald Swertfager and Lori Campbell. The Settlement Agreement avoids the cost, delay and uncertainty of litigation and ensures that all of McCulty's claims against Capital, Circuit City, Industriaplex, and the individual defendants, Ronald Swertfager and Lori Campbell are resolved.

20. Accordingly, for the reasons detailed herein, the Debtors have determined that the Settlement Agreement is in their best interests and the best interests of their estates, creditors and parties in inter and seek approval of the Settlement Agreement under Bankruptcy Rule 9019.

**NOTICE**

21. Notice of this Motion has been provided to those parties entitled to notice under this Court's Order Pursuant to Bankruptcy Code Sections 102 and 101), Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 136). The Debtors submit that, under the circumstances, no other or further notice need be given.

**WAIVER OF MEMORANDUM OF LAW**

22. Pursuant to Local Bankruptcy Rule 90131(G), and because there are no novel issues of law presented in the Motion and all applicable authority is forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

**NO PRIOR REQUEST**

23. No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form of the Proposed Order annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:   February 22, 2010
         Richmond, Virginia

                             SKADDEN, ARPS, SLATE, MEAGHER FLOM, LLP
                             Gregg M. Galardi, Esq.
                             Ian S. Fredericks, Esq.
                             P.O. Box 636
                             Wilmington, Delaware 19899-0636
                             (302) 651-3000

                               - and -

                             SKADDEN, ARPS, SLATE, MEAGHER FLOM, LLP

Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
   – and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Dion W.  Hayes (VSB No. 34301)
Douglas M. Foley (VSB No. 34361)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
804) 775-1000

Counsel for Debtors and
Debtors in Possession

11

| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

        - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        : Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    : Case No. 08-35653
et al.,                       :
                              : Jointly Administered
            Debtors.          :
- - - - - - - - - - - - - - - x
```

**ORDER GRANTING DEBTORS' MOTION FOR ORDER PURSUANT TO
BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT
BY AND AMONG THE DEBTORS, CAPITAL CONTRACTORS, INC.,
INDUSTRIAPLEX, INC., AND VERNON DANIEL MCCULTY**

        Upon the motion (the "Motion"),[1] of the Debtors for

an order pursuant to Bankruptcy Rules 9019 approving the

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

12

settlement agreement (the "Settlement Agreement") entered into between the Debtors, Capital, Industriaplex, and McCulty; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

        **ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Motion is GRANTED.

2.    Pursuant to Bankruptcy Rule 9019, the Settlement Agreement, as copy of which is attached hereto as <u>Exhibit A</u>, is hereby approved in all respects.

3.    The Debtors' decision to enter into the Settlement Agreement is based on sound business judgment, is reasonable and appropriate under the circumstances and is approved.

4.    The Debtors hereby authorized to enter into the Settlement Agreement and to take all actions reasonably necessary to implement its terms without further Court order.

13

5.  The Debtors are authorized to execute all documentation necessary to implement the Settlement Agreement.

6.  The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

7.  This Court shall retain jurisdiction to hear with respect to any dispute concerning the relief granted hereunder.

Dated:    Richmond, Virginia
          _____, 2010

                              _____
                              UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley\_\_\_
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                               /s/ Douglas M. Foley\_\_\_
                                               Douglas M. Foley

**EXHIBIT A**

(Settlement Agreement)

# [FILED UNDER SEAL]