Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

          - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   1Case No. 08-35653 (KRH)
et al.,                       :
                              :
         Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - - x

**STIPULATION AND CONSENT ORDER RESOLVING CERTAIN MOTIONS OF THE COLUMBUS DISPATCH FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(B)(1)**

This Stipulation and Consent Order (the "Stipulation and Consent Order") is made and entered into by The Columbus Dispatch ("Columbus") and Circuit City Stores, Inc. ("Circuit City") and its related

Chapter 11 debtors (collectively with Circuit City, the "Debtors").

WHEREAS, prior to November 10, 2008 (the "Petition Date"), Columbus provided to the Debtors certain advertising services designed to assist the Debtors in conducting their business; and

WHEREAS, on and after the Petition Date, Columbus continued to publish advertisements regarding the Debtors' business; and

WHEREAS, on June 30, 2009, Columbus filed the Motion of The Columbus Dispatch For Allowance Of Administrative Expense Claim Pursuant To 11 U.S.C. § 503(b)(1) (the "Motion") (D.I. 3872), seeking allowance of an administrative expense claim in the amount of $37,074.42; and

WHEREAS, on July 1, 2009, Columbus filed the Amended Motion of The Columbus Dispatch For Allowance Of Administrative Expense Claim Pursuant To 11 U.S.C. § 503(b)(1) (the "Amended Motion") (D.I. 3874), seeking allowance of an administrative expense claim in the amount of $37,074.42; and

WHEREAS, on July 31, 2009, Columbus filed the Amended Motion of The Columbus Dispatch For Allowance Of

2

Administrative Expense Claim Pursuant To 11 U.S.C. § 503(b)(1)(A) (the "Second Amended Motion") (D.I. 4358), seeking allowance of an administrative expense claim in the amount of $82,001.44; and

WHEREAS, by proofs of claim numbers 14161 ("Claim No. 14161"), 14426 ("Claim No. 14426"), 14462 ("Claim No. 14462"), 14542 ("Claim No. 14542"), and 14634 ("Claim No. 14634", and, together with Claim No. 14161, Claim No. 14426, Claim No. 14462 and Claim No. 14542, the "Proofs of Claim"), Columbus asserts the same liabilities in the same amounts as it asserts in the Motion, the Amended Motion, and the Second Amended Motion.

WHEREAS, Columbus and the Debtors have agreed to resolve the issues raised in the Motion, the Amended Motion, the Second Amended Motion and the Proofs of Claim in accordance with the terms of this Stipulation and Consent Order.

NOW, THEREFORE, Columbus and the Debtors hereby STIPULATE AND AGREE, and it is hereby ORDERED, ADJUDGED AND DECREED by the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"), as follows:

1. The Motion, the Amended Motion, and the Second Amended Motion are hereby resolved as set forth in this Stipulation and Consent Order.

2. Each of the Proofs of Claim is hereby disallowed in its entirety; except that Claim No. 14542 is hereby allowed as an administrative expense priority claim in the Debtors' bankruptcy cases in the total amount of $82,001.44 (the "Allowed Administrative Expense Claim"). Any other amounts asserted by Columbus in the Motion, the Amended Motion, the Second Amended Motion or the Proofs of Claim are hereby denied.

3. The Debtors shall make payment of the Allowed Administrative Expense Claim on the Initial Distribution Date as defined in the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims (the "Plan") or, if the Plan is not confirmed, then in accordance with further order of the Court.

4. Columbus shall have no other pre-petition or post-petition administrative expense priority claims in the Debtors' bankruptcy cases; provided, however,

4

that nothing herein shall preclude Columbus from asserting general unsecured claims in the Debtors' bankruptcy cases; provided further, however, that any and all rights and defenses, including without limitation setoff and/or recoupment, that the Debtors may have to object to any claims asserted by Columbus, other than the Allowed Administrative Expense Claim, are expressly reserved and preserved.

5. The Debtors and their estates expressly reserve any and all rights, claims and causes of action (known or unknown) they may have against Columbus, including without limitation any and all claims and causes of action they may have against Columbus arising under chapter 5 of the Bankruptcy Code, including but not limited to sections 542, 544, 545, 547, 548, 549 and 550.

6. Upon entry by the Bankruptcy Court, this Stipulation and Consent Order shall be binding upon and shall inure to the benefit of Columbus and the Debtors and each of their respective successors and assigns.

7. This Stipulation and Consent Order contains the entire agreement and understanding between Columbus and the Debtors with respect to the subject

5

matter hereof, and supersedes and replaces all prior negotiations or proposed agreements, written or oral.

      8.   The Bankruptcy Court shall retain exclusive jurisdiction to hear and determine all matters relating to or arising from this Stipulation and Consent Order.

DATED: _____,2010

                                  _____
                                  Honorable Kevin R. Huennekens
                                  United States Bankruptcy Judge

ENTERED ON DOCKET:

WE ASK FOR THIS:

| | |
|---|---|
| SKADDEN, ARPS, SLATE,<br>MEAGHER & FLOM, LLP<br>Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>P.O. Box 636<br>Wilmington, DE 19898<br>(302) 651-3000<br><br>and<br><br>SKADDEN, ARPS, SLATE,<br>MEAGHER & FLOM, LLP<br>Chris L. Dickerson, Esq.<br>155 North Wacker Drive<br>Chicago, Illinois 60606<br><br>    and<br><br>MCGUIRE WOODS LLP<br><br>/s/ Douglas M. Foley_____<br>Dion W. Hayes (VSB No. 34304)<br>Douglas M. Foley (VSB No. 34364)<br>One James Center<br>901 East Cary Street<br>Richmond, Virginia  23219<br>(804) 775-1000<br><br>*Counsel for Debtors and*<br>*Debtors in Possession* | WOLCOTT RIVERS GATES<br><br>/s/ Steven L. Brown_____<br>Steven L. Brown<br>Convergence Center IV<br>301 Bendix Road, Suite 500<br>Virginia Beach, VA 23452<br>Tel: (757) 497-6633<br><br>*Counsel for The Columbus*<br>*Dispatch* |

7

## **CERTIFICATION**

    THE UNDERSIGNED HEREBY CERTIFIES, pursuant to Local Rule 9022-1(C), that this Consent Order has been endorsed by all necessary parties.

                                               /s/ Douglas M. Foley
                                               Douglas M. Foley