Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                          :    Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :    Case No. 08-35653 (KRH)
et al.,                         :
                                :    Jointly Administered
              Debtors.          :
                                :    **Obj. Deadline: 3/1/10 at 5:00
                                :    p.m. (Eastern)**
- - - - - - - - - - - - - - - x

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION BY
AND AMONG THE DEBTORS AND SOUTHPEAK INTERACTIVE, LLC
RESOLVING THE DEBTORS' TWENTY-THIRD OMNIBUS OBJECTION, THE
DEBTORS' THIRTY-FOURTH OMNIBUS OBJECTION, AND THE DEBTORS'
THIRTY-FIFTH OMNIBUS OBJECTION RELATING TO THE CLAIMS OF
SOUTHPEAK INTERACTIVE, LLC**

PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(the "Order") (D.I. 4401).[1]  A copy of the Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a settlement agreement and stipulation (the "Settlement") with SouthPeak Interactive, LLC (the "Claimant"), a copy of which is annexed as <u>Exhibit 2</u>.

## SUMMARY OF SETTLEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Order, the material terms of the Settlement are as follows:

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Order.

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]   This section of the notice constitutes a summary of the material terms of the Settlement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement in its entirety.  In the event there is a conflict between the notice and the Settlement, the Settlement shall control in all respects.

(i)   The Settlement is a Tier I Settlement.

(ii)   The Settlement is between the Debtors and the Claimant (the Debtors and the Claimant, collectively, the "Parties" and each of which is a "Party");

(iii)   Claimant filed, among others, the following proofs of claim (each a "Claim" and together, the "Claims"):

| Claim Number | Claim Amount |
|---|---|
| 1 | $215,984.16 |
| 1221 | $184,757.76 |
| 13130 | $107,075.52 |
| 13999 | $107,075.52 |
| 14212 | $107,075.52 |

(iv)   On March 25, 2009, Claimant filed its Motion of Southpeak Interactive, LLC for Payment of Administrative Expense Claim and Notice of Hearing (Docket No. 2758) (the "Motion for Administrative Expense Claim"), the hearing on which has been adjourned from time to time;

(v)   On June 23, 2009, the Debtors filed an objection to Claim 1 in the Debtors' Debtors' Twenty-Third Omnibus Objection To Claims (Modification of Certain Duplicative 503(b)(9) Claims) (Docket No. 3711) (the "Twenty-Third Omnibus Objection");

(vi)   On July 16, 2009, the Claimant filed a response to the Twenty-Third Omnibus Objection (Docket No. 4123) (the "Response to the Twenty-Third Omnibus Objection") stating that Claim 1 should be allowed, except to the extent it is duplicative of amounts contained in Claim No. 1221;

(vii)  On August 21, 2009, the Debtors filed an objection to Claim 13999 in the Debtors' Debtors' Thirty-Fourth Omnibus Objection To Claims (Modification of Certain Duplicative 503(b)(9) Claims) (Docket No. 4598) (the "Thirty-Fourth Omnibus Objection");

(viii)  On September 15, 2009, the Claimant filed a response to the Thirty-Fourth Omnibus Objection (Docket No. 4882) (the "Response to the Thirty-Fourth Omnibus Objection") stating that Claim 13999 is not a duplicate claim of Claim 1221 and both should be allowed;

(ix)  On August 21, 2009, the Debtors filed an objection to Claim 13999 in the Debtors' Debtors' Thirty-Fifth Omnibus Objection To Claims (Disallowance of (I) Certain Amended Claims; and (II) Certain Duplicative Claims) (Docket No. 4599) (the "Thirty-Fifth Omnibus Objection," and collectively with the Twenty-Third Omnibus Objection and the Thirty-Fourth Omnibus Objection, the "Omnibus Objections");

 (x)  On September 15, 2009, the Claimant filed a response to the Thirty-Fifth Omnibus Objection (Docket No. 4884) (the "Response to the Thirty-Fifth Omnibus Objection," and collectively with the Response to the Thirty-Fourth Omnibus Objection and the Response to the Twenty-Third Omnibus Objection, the "Responses") stating that the Claimant does not object to the disallowance of Claim 14212 so long as Claim 13130 survives in the amount of $107,075.52;p

(xi)  Upon the occurrence of the Effective Date (as defined below), (i) the Responses shall be deemed withdrawn, (ii) Claim 13130 and Claim 14212 shall be deemed disallowed, and (iii) the Omnibus Objections to the Claims shall be deemed resolved according to the terms of the Agreement, (iv) Claim 1 shall be reduced to $31,226.40 and shall be deemed timely filed as a general unsecured

non-priority claim, (v) Claim 1221, in the amount of $184,757.76, shall be deemed timely filed as claim pursuant to Bankruptcy Code section 503(b)(9), (vi) Claim 13999, in the amount of $107,075.52, shall be deemed timely filed as an administrative expense claim, and (vii) the Motion for Administrative Expense Claim is withdrawn without prejudice.

**TIME AND PLACE FOR FILING OBJECTIONS OR REQUESTING ADDITIONAL INFORMATION OR TIME TO CONSIDER THE SETTLEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Settlement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be in writing and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (see information below) by no later than **March 1, 2010 at 5:00 p.m. (Eastern)** (the "Objection Deadline").  Each Objection or Request must be served on (i) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F. Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Settlement and you do not want the Debtors to proceed with Settlement or you want the Court to consider your views concerning such Settlement, you or you attorney must also:

file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically ([www.vaeb.uscourts.gov](www.vaeb.uscourts.gov)), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before March 1, 2010 at 5:00 p.m. (Eastern)**

Any Objection to a Settlement must be submitted by the method described in the foregoing sentence.  Objections will be deemed filed only when actually received at the address listed above.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Settlement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested.  Each Notice Party may only make one Request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any), the **Debtors shall be authorized to enter into and consummate the Settlement without further order of the Court or any other action by the Debtors**.

Dated: February 23, 2010      SKADDEN, ARPS, SLATE, MEAGHER
   Richmond, Virginia    & FLOM LLP
           Gregg M. Galardi, Esq.
           Ian S. Fredericks, Esq.
           P.O. Box 636
           Wilmington, Delaware 19899-
           0636 (302) 651-3000

             - and -

           SKADDEN, ARPS, SLATE, MEAGHER
           & FLOM LLP
           Chris L. Dickerson, Esq.
           155 North Wacker Drive
           Chicago, Illinois 60606
           (312) 407-0700

             - and -

           MCGUIREWOODS LLP

           /s/ Douglas M. Foley
           Dion W. Hayes (VSB No. 34304)
           Douglas M. Foley (VSB
           No. 34364)
           One James Center
           901 E. Cary Street
           Richmond, Virginia 23219
           (804) 775-1000

           Counsel for Debtors and
           Debtors in Possession

**EXHIBIT 1**

**(Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.                  Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                 Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &         MCGUIREWOODS LLP
FLOM, LLP                               One James Center
One Rodney Square                       901 E. Cary Street
PO Box 636                              Richmond, Virginia 23219
Wilmington, Delaware 19899-0636         (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   1Case No. 08-35653 (KRH)
et al.,                     :
                            :
              Debtors.      :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

          Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 9006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the establishment of procedures to settle certain pre-petition and post-petition claims and causes of action without further court approval; and the Court having reviewed the Motion; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.   Based on the affidavits of service filed, due, proper and adequate notice of the Motion has been given in accordance with the Case Management Order and that no other or further notice is necessary;

2.   The Notice Procedures are fair, reasonable, and appropriate.

3.   The Settlement Procedures are fair reasonable, and appropriate.

4.   The Notice and Settlement Procedures were proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
([dblanks@mcguirewoods.com](mailto:dblanks@mcguirewoods.com)), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
([jpomerantz@pszjlaw.com](mailto:jpomerantz@pszjlaw.com)) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
([rfeinstein@pszjlaw.com](mailto:rfeinstein@pszjlaw.com)).

(h)   All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.  Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)   <u>Tier I</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)   <u>Tier II</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   <u>Tier II</u> With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

8

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of <u>Exhibit A</u> attached hereto;
<u>provided</u>, <u>further</u>, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; <u>provided</u>, <u>further</u>, that, if applicable, KCC

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.   Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.   Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.  This Court retains jurisdiction to hear and determine all matters arising from or related to the Motion, this Order or any Settlement.

Dated:  Richmond, Virginia

Aug 7 2009_____, 2009

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement)**

\10743197.1

Gregg M. Galardi, Esq.      Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.     Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE,       MCGUIREWOODS LLP
MEAGHER & FLOM, LLP         One James Center
One Rodney Square           901 E. Cary Street
PO Box 636                  Richmond, Virginia 23219
Wilmington, Delaware 19899- (804) 775-1000
0636
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :  Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :  Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :  Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS AND SOUTHPEAK INTERACTIVE, LLC RESOLVING THE
DEBTORS' TWENTY-THIRD OMNIBUS OBJECTION, THE DEBTORS'
THIRTY-FOURTH OMNIBUS OBJECTION, AND THE DEBTORS' THIRTY-
FIFTH OMNIBUS OBJECTION RELATING TO THE
CLAIMS OF SOUTHPEAK INTERACTIVE, LLC**

         This settlement agreement and stipulation (the

"Agreement") is entered into by and among the above-

captioned debtors and debtors in possession (the

"Debtors")[1], on the one hand, and SouthPeak Interactive,

LLC (the "Claimant" and together with the Debtors, the

"Parties" and each of which is a "Party"), on the other

hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

---

[1] The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
(0875), Ventoux International, Inc. (1838), Circuit City Purchasing
Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution
Company of Virginia, Inc. (2821), Circuit City Properties, LLC
(3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency,
Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311),
PRAHS, INC.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit
City Stores PR, LLC (5512).  The address for Circuit City Stores
West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado
80031.  For all other Debtors, the address was 9950 Mayland Drive,
Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive,
Glen Allen, VA 23060.

WHEREAS, the Debtors have continued as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the

3

Establishment of Procedures to Settle Certain Pre-

Petition and Post-Petition Claims and Causes of Action

Without Further Court Approval dated August 7, 2009 and

entered on August 10, 2009(the "Settlement Procedures

Order") (Docket No. 4401)[2] to enter into this Agreement,

subject to the Notice Procedures; and

### SETTLEMENT BACKGROUND

WHEREAS, Claimant filed, among others, the

following proofs of claim (each a "Claim" and together,

the "Claims"):

| Claim Number | Claim Amount |
|---|---|
| 1 | $215,984.16 |
| 1221 | $184,757.76 |
| 13130 | $107,075.52 |
| 13999 | $107,075.52 |
| 14212 | $107,075.52 |

WHEREAS, on March 25, 2009, Claimant filed its

Motion of Southpeak Interactive, LLC for Payment of

Administrative Expense Claim and Notice of Hearing

---

[2] All capitalized terms not otherwise defined herein shall have the
meaning ascribed to such terms in the Settlement Procedures Order.

(Docket No. 2758) (the "Motion for Administrative Expense Claim"), the hearing on which has been adjourned from time to time; and

WHEREAS, on June 23, 2009, the Debtors filed an objection to Claim 1 in the Debtors' Debtors' Twenty-Third Omnibus Objection To Claims (Modification of Certain Duplicative 503(b)(9) Claims) (Docket No. 3711) (the "Twenty-Third Omnibus Objection"); and

WHEREAS, on July 16, 2009, the Claimant filed a response to the Twenty-Third Omnibus Objection (Docket No. 4123) (the "Response to the Twenty-Third Omnibus Objection") stating that Claim 1 should be allowed, except to the extent it is duplicative of amounts contained in Claim No. 1221; and

WHEREAS, on August 21, 2009, the Debtors filed an objection to Claim 13999 in the Debtors' Debtors' Thirty-Fourth Omnibus Objection To Claims (Modification of Certain Duplicative 503(b)(9) Claims) (Docket No. 4598) (the "Thirty-Fourth Omnibus Objection"); and

WHEREAS, on September 15, 2009, the Claimant filed a response to the Thirty-Fourth Omnibus Objection (Docket No. 4882) (the "Response to the Thirty-Fourth

Omnibus Objection") stating that Claim 13999 is not a
duplicate claim of Claim 1221 and both should be allowed;
and

WHEREAS, on August 21, 2009, the Debtors filed
an objection to Claim 13999 in the Debtors' Debtors'
Thirty-Fifth Omnibus Objection To Claims (Disallowance of
(I) Certain Amended Claims; and (II) Certain Duplicative
Claims) (Docket No. 4599) (the "Thirty-Fifth Omnibus
Objection," and collectively with the Twenty-Third
Omnibus Objection and the Thirty-Fourth Omnibus Objection,
the "Omnibus Objections"); and

WHEREAS, on September 15, 2009, the Claimant
filed a response to the Thirty-Fifth Omnibus Objection
(Docket No. 4884) (the "Response to the Thirty-Fifth
Omnibus Objection," and collectively with the Response to
the Thirty-Fourth Omnibus Objection and the Response to
the Twenty-Third Omnibus Objection, the "Responses")
stating that the Claimant does not object to the
disallowance of Claim 14212 so long as Claim 13130
survives in the amount of $107,075.52; and

6

WHEREAS, the Parties wish to resolve the Omnibus Objections in their entirety as they relates to the Claims by this Agreement.

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    Upon the occurrence of the Effective Date (as defined below), (i) the Responses shall be deemed withdrawn, (ii) Claim 13130 and Claim 14212 shall be deemed disallowed, and (iii) the Omnibus Objections to the Claims shall be deemed resolved according to the terms of this Agreement.

2.    Claim 1 shall be reduced to $31,226.40 and shall be deemed timely filed as a general unsecured non-priority claim (the "Surviving General Unsecured Claim").

3.    Claim 1221, in the amount of $184,757.76, shall be deemed timely filed as claim pursuant to Bankruptcy Code section 503(b)(9) (the "Surviving 503(b)(9) Claim").

7

4.    Claim 13999, in the amount of $107,075.52, shall be deemed timely filed as an administrative expense claim (the "Surviving Administrative Expense Claim," and collectively with the Surviving General Unsecured Claim and the Surviving 503(b)(9) Claim, the "Surviving Claims").

5.    The Motion for Administrative Expense Claim is withdrawn without prejudice.

6.    Nothing contained herein shall constitute an allowance of the Surviving Claims or be deemed an admission of liability on the part of the Debtors or Claimants with respect to the Surviving Claims.  The Debtors' rights to object to the Surviving Claims at a later time on any grounds that governing law permits are not waived and are expressly reserved; provided, however, that the Debtors are prohibited from objecting to the Surviving Claims on the basis of timeliness.

7.    Neither this Agreement, nor any statement made or action taken in connection with the negotiation of this Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties

8

hereto, other than as may be necessary (a) to obtain approval of and to enforce this Agreement or (b) to seek damages or injunctive relief in connection therewith.

8.    Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

9.    No provision of this Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors.

10.    This Agreement shall be governed by and construed in accordance with the Bankruptcy Code and the internal laws of the Commonwealth of Virginia without regard to any choice of law provisions.

11.    This Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

9

12.   This Agreement constitutes the entire agreement and understanding of the Parties regarding the Agreement and the subject matter thereof.

13.   The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Agreement.

14.   Each person or entity who executes this Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Agreement.  The representations and warranties set forth in this paragraph shall survive execution of this Agreement.

15.   This Agreement is effective upon the later of (i) execution by both Parties and (ii) the expiration

of the applicable Notice Period (such date, the

"Effective Date").

16.   This Agreement shall not be modified,

altered, amended or vacated without the written consent

of all the Parties hereto or order of the Bankruptcy

Court.

11

IN WITNESS WHEREOF, this Agreement is hereby
executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO:

By:

/s/ W. Alexander Burnett   .
William H. Schwarzschild,
III, Esq.
W. Alexander Burnett, Esq.
WILLIAMS MULLEN
Two James Center
17th Floor
1021 East Cary Street
Richmond, Virginia 23219
(804) 783-6489


Counsel for SouthPeak
Interactive, LLC

By:
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware
19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley      .
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

Dated: February 23, 2010

\10718308.1