Gregg M. Galardi, Esq.  Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.  Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER & MCGUIREWOODS LLP
FLOM, LLP  One James Center
One Rodney Square  901 E. Cary Street
PO Box 636  Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

   - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:    : Chapter 11
      :
CIRCUIT CITY STORES, INC., : Case No. 08-35653 (KRH)
et al.,    :
      : Jointly Administered
    Debtors. : **Obj. Deadline: March 8, 2010 at**
- - - - - - - - - - - - - - x **5:00 p.m. (ET)**

**NOTICE OF PROPOSED SETTLEMENT**

   PLEASE TAKE NOTICE that, on July 23, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval
(Docket No. 4401, the "Settlement Procedures Order")[1].  A
copy of the Order (without exhibits) is annexed as Exhibit
1.

---

[1]  Capitalized terms not otherwise defined herein shall have the
 meanings ascribed to such terms in the Settlement Procedures Order.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement") with Apple Inc. f.k.a. Apple Computer, Inc. ("Apple"), a copy of which is annexed as Exhibit 2.

## SUMMARY OF SETTLEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Order, the material terms of the Settlement are as follows:

(i) The Settlement is a Tier II Settlement.

(ii) The Settlement is between the Debtors and Apple,

---

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

[3]   **This section of the notice constitutes a summary of the material terms of the Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Agreement in its entirety.  In the event there is a conflict between the notice and the Agreement, the Agreement shall control in all respects.**

(iii) The Parties desire settle certain claims
related to an agreement (the "Reseller
Agreement") whereby Apple sold iPods and
iPod accessories and iTunes Music Cards
to the Debtors and the Debtors resold the
same to consumers.  The Parties also
desire to settle a claim related to a
license agreement (the "License
Agreement") in connection with the
Debtors' resale of the iPods and iPod
accessories.  Under the Settlement, Apple
is granted an allowed secured claim
against the Debtors for $96,880.11 -- the
amount owed to Apple by the Debtors under
the Reseller Agreement.  The allowed
secured claim shall be offset against the
$2,275,899.96 owed to the Debtors by
Apple.  Additionally, Apple will pay the
Debtors $2,179,019.85 in satisfaction of
the receivables owed to the Debtors
pursuant to the Reseller Agreement and
waive any and all defenses to the payment
of this amount.  The Debtors will waive
any and all avoidance action against
Apple and Apple will waive and release
its claim against the Debtors for
royalties owed under the License
Agreement.  Finally, the Reseller
Agreement and the License Agreement will
be rejected.

(iv) The Settlement provides for the efficient
resolution of claims by and between the
Debtors and Apple.  As such, the
Settlement will avoid unnecessary costs
and expenses of negotiating and
litigating the issues between the Parties
and result in immediate payment of
$2,179,019.85 to the Debtors.
Accordingly, the Settlement is in the
best interests of the Debtors and their
estates and creditors.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
SETTLEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE SETTLEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Settlement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be <u>in writing</u> and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (see information below) by no later than **March 8, 2010 at 5:00 p.m. (ET)** (the "Objection Deadline"). Each Objection or Request must be served on (i) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F. Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Settlement and you do not want the Debtors to proceed with Settlement or you want the Court to consider your views concerning such Settlement, you or you attorney must also:

file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before March 8, 2010 at 5:00 p.m. (ET) at 5:00 p.m. (ET)**

**Any Objection to a Settlement must be submitted by the method described in the foregoing sentence. Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Settlement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement without further order of the Court or any other action by the Debtors**.

Dated: February 24, 2010  
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
P.O. Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
Chris L. Dickerson, Esq.  
155 North Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700

- and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley  
Dion W. Hayes (VSB No. 34304)  
Douglas Foley (VSB No. 34364)  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000

Counsel for Debtors and Debtors in Possession

**EXHIBIT 1**

**(Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

             - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - x
                                  :
In re:                            :   Chapter 11
                                  :
CIRCUIT CITY STORES, INC.,        :   1Case No. 08-35653 (KRH)
et al.,                           :
                                  :
             Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

          Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.



of title 11 of the United States Code (the "Bankruptcy
Code") and Rules 2002, 9006 and 9019 of the Federal
Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),
for entry of an order authorizing the establishment of
procedures to settle certain pre-petition and post-
petition claims and causes of action without further
court approval; and the Court having reviewed the
Motion; and upon the record herein; and after due
deliberation thereon; and good and sufficient cause
appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,
due, proper and adequate notice of the Motion has been
given in accordance with the Case Management Order and
that no other or further notice is necessary;

2.    The Notice Procedures are fair,
reasonable, and appropriate.

3.    The Settlement Procedures are fair
reasonable, and appropriate.

4.    The Notice and Settlement Procedures were
proposed in good faith.

5.     Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.     Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.     The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.     The Motion is GRANTED.

9.     The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)   If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)   If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; <u>provided</u>,
<u>further</u>, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi ([gregg.galardi@skadden.com](mailto:gregg.galardi@skadden.com)) and
Ian S. Fredericks
([ian.fredericks@skadden.com](mailto:ian.fredericks@skadden.com)) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley ([dfoley@mcguirewoods.com](mailto:dfoley@mcguirewoods.com))

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)   All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)   Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)   Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   Tier I With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   Tier II With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

9

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.  Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.  Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

10

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.  In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.  The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear
and determine all matters arising from or related to the
Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
Aug 7 2009_____, 2009

/s/ Kevin R. Huennekens

UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement)**

EXECUTION VERSION

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No.
Ian S. Fredericks, Esq.         34304)
SKADDEN, ARPS, SLATE, MEAGHER &  Douglas M. Foley (VSB No.
FLOM, LLP                        34364)
One Rodney Square                MCGUIREWOODS LLP
PO Box 636                       One James Center
Wilmington, Delaware 19899-0636  901 E. Cary Street
(302) 651-3000                   Richmond, Virginia 23219
                                 (804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                             :
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
          Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG DEBTORS
AND APPLE INC. REGARDING RESELLER SALES AGREEMENT**

This settlement agreement and stipulation

(this "Agreement") is entered into by and among the

1

above-captioned debtors and debtors in possession

(collectively, "Circuit City" or the "Debtors")[1], on the

one hand, and Apple Inc. f.k.a. Apple Computer, Inc.

("Apple"), on the other.  The Debtors and Apple are

referred to herein collectively as the "Parties" or

individually as a "Party".

## BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

---

[1] The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
VA 23060.

the Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores. As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General

Unsecured Claims (the "Plan"); and

WHEREAS, the associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, and confirmation on the Plan is currently scheduled for March 8, 2010; and

WHEREAS, generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval, dated August 7, 2009 (Docket No. 4401, the "Settlement Procedures Order")[2] to enter into this Settlement Agreement, subject to the Notice Procedures.

## SETTLEMENT BACKGROUND

WHEREAS, Circuit City and Apple are parties to

---

[2]  All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Procedures Order.

the "Authorized Apple Reseller U.S. Sales Agreement"
dated May 11, 2005, the "Amendment to the Authorized
Apple Reseller U.S. Sales Agreement" dated May 11, 2005,
the "Amendment to the Authorized Apple Reseller U.S.
Sales Agreement" dated March 10, 2006, the "Amendment to
the Authorized Apple Reseller U.S. Sales Agreement
between Circuit City Stores, Inc. and Apple Computer,
Inc." dated November 28, 2006, the "Extension to the
Amendment to the Authorized Apple Reseller U.S. Sales
Agreement" dated February 7, 2007, and the "Amendment to
the Authorized Apple Reseller U.S. Sales Agreement"
dated October 29, 2007 (collectively, the "Reseller
Agreement") for Apple's sale of certain iPods and iPod
accessories ("iPods") and iTunes Music Cards ("iTunes")
to Circuit City and Circuit City's resale to consumers;
and

WHEREAS, Circuit City and Apple are parties to
the "Made for iPod License" contract, contract number
C56-06-00433, dated April 3, 2006 and the "Made for iPod
License iPhone Supplement to Contract # C56-06-00433"
dated August 21, 2007 (collectively, the "License
Agreement"); and

WHEREAS, Apple has a claim against the Debtors for $142,864.00 for royalties owed under the License Agreement for the period from October 1, 2008 through December 31, 2008 (the "Royalties Claim"); and

WHEREAS, Apple's affiliate, Apple Canada Inc. ("Apple Canada"), and Circuit City's affiliate, Intertan Canada Ltd. ("Intertan"), entered into the Authorized Apple Direct Reseller Sales Agreement (iPod Authorization) on or about May 1, 2008 (as amended from time to time, the "Canadian Agreement"). This Agreement does not and is not intended by the Parties to encompass the transactions between Apple Canada and Intertan under the Canadian Agreement; and

WHEREAS, based on the Debtors' analysis, during the ninety (90) days preceding the Petition Date -- August 12, 2008 through November 9, 2008 (the "Preference Period") -- Apple received payments from the Debtors under the iPods account and the iTunes account pursuant to the Reseller Agreement and under the License Agreement that the Debtors assert may be avoidable under Bankruptcy Code sections 547 and 550 (collectively, the "Preference Period Payments"); and

6

WHEREAS, Apple contends that a substantial portion of the Preference Period Payments is not avoidable under Bankruptcy Code section 547(b) because they were payments made in advance of purchase and thus not on account of antecedent debt; and

WHEREAS, with respect to the remaining Preference Period Payments under the iPods account (the "iPod Payments") and the iTunes account (the "iTunes Payments") under the Reseller Agreement and under the License Agreement(collectively, the "Payments") -- Apple further contends that affirmative defenses under Bankruptcy Code Section 547(c)(2) apply to the entirety of the Payments.  Specifically, Apple alleges that the Debtors made the Payments to Apple on account of goods sold in the ordinary course of business by the Debtors consistent with the terms of the Reseller Agreement and its past payments to Apple; and

WHEREAS, Apple also contends that it has a valid affirmative defense under Bankruptcy Code section 547(c)(1) with respect to a portion of the Payments. Allegedly, this portion of the Payments was made contemporaneously -- one day after invoice -- with goods

sold to the Debtors; and

WHEREAS, Apple also contends that it has a valid affirmative defense under Bankruptcy Code section 547(c)(4) with respect to a portion of the Payments. Allegedly, Apple gave new value to the Debtors - in the form of goods or services - after a portion of the Payments was made; and

WHEREAS, Apple has determined that the Debtors currently owe Apple a net amount of $96,880.11 on the iTunes account under the Reseller Agreement and that Apple currently owes the Debtors a net amount of $2,275,899.96 on the iPods account under the Reseller Agreement.  These net amounts are comprised of activity on the iTunes and iPods accounts under the Reseller Agreement for the pre-petition and post-petition periods; and

WHEREAS, Apple has asserted a right of recoupment and setoff as to $96,880.11, which is owed by the Debtors to Apple on the iTunes account under the Reseller Agreement, against the $2,275,899.96 owed by Apple to the Debtors on the iPods account under the Reseller Agreement; and

8

WHEREAS, Apple has asserted a right of recoupment as to $2,179,019.85 against any allegedly preferential payments made by the Debtors to Apple. Apple also has asserted a right of setoff against any allegedly preferential payments against net amounts owing to the Debtors by Apple for the pre-petition period -- composed of prepayments made by the Debtors and credits attributable to the pre-petition period; and

WHEREAS, rather than continue with the dispute or engage in litigation with Apple, the Debtors attempted to negotiate a consensual resolution concerning the Preference Period Payments and other claims (together, with the Preference Period Payments, the "Settlement Claims");

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.   In full and final satisfaction of amounts due to Apple under the Reseller Agreement, Apple shall have an allowed secured claim against the Debtors in the

amount of $96,880.11 (the "Allowed Secured Claim").  The automatic stay provisions of Bankruptcy Code section 362 are modified as follows:  Apple shall offset $96,880.11 currently owed to Apple by the Debtors against $2,275,899.96 currently owed to the Debtors by Apple. No distribution on the Allowed Secured Claim will be made by the Debtors to Apple other than the aforementioned offset.

2.   In full and final satisfaction of amounts due to Circuit City under the Reseller Agreement, Apple shall pay $2,179,019.85 (the "Settlement Amount") to Circuit City within ten (10) business days from the Effective Date (as defined below) of this Agreement.

3.   Apple waives any and all defenses, including (without limitation) recoupment and setoff, to the payment of the Settlement Amount.  Apple waives and releases the Royalties Claim.

4.   The Reseller Agreement and License Agreement are deemed rejected as of the Effective Date pursuant to Bankruptcy Code section 365 and Apple waives any claims on account of such rejection.

5.   Upon receipt of the Settlement Amount,

10

the Debtors and their estates hereby waive and release any and all claims and causes of action they may have against Apple arising under Bankruptcy Code sections 544, 545, 547, 548, 549 and 550 (the "Avoidance Actions").

6. For the avoidance of doubt and notwithstanding anything to the contrary in this Agreement, Apple and the Debtors specifically acknowledge and agree that this Agreement is not intended to, and does not, release or otherwise affect in any way any actual claims or causes of action (or potential claims or causes of action similar in nature or type to such actual claims or causes of action) now or hereinafter asserted in, based on, or relating to the multi-district litigation captioned In re: TFT-LCD (Flat Panel) Antitrust Litigation, MDL No. 1827 (N.D. Cal.) and the actions consolidated therein (the "MDL Proceeding").

7. Nothing contained herein shall be deemed an admission of liability on the part of the Debtors or Apple with respect to the Settlement Claims.

8. Neither this Agreement, nor any statement

made or action taken in connection with the negotiation
of this Agreement, shall be offered or received in
evidence or in any way referred to in any legal action
or administrative proceeding among or between the
parties hereto, other than as may be necessary (a) to
obtain approval of and to enforce this Agreement or
(b) to seek damages or injunctive relief in connection
therewith.

9.   Each of the parties hereto shall execute
and deliver any and all additional papers, documents and
other assurances, and shall do any and all acts and
things reasonably necessary or appropriate in
conjunction with the performance of their respective
obligations hereunder.

10.   Upon the Effective Date, this Agreement
shall be binding upon and shall inure to the benefit of
each of the Parties and each of their respective
successors and assigns.   No provision of this Agreement
is intended to confer any rights, benefits, remedies,
obligations or liabilities hereunder upon any person
other than the Parties and their respective successors.

11.   This Agreement shall be governed by and

12

construed in accordance with the internal laws of the
State of Virginia without regard to any choice of law
provisions.

12.   The United States Bankruptcy Court for
the Eastern District of Virginia shall retain exclusive
jurisdiction (and the parties consent to such retention
of jurisdiction) with respect to any disputes arising
from or related to, or other actions to interpret,
administer or enforce the terms and provisions of, this
Agreement.

13.   Each person who executes this Agreement
hereby covenants and warrants to the other Party that he
or she has the authority to execute this document on
behalf of his or her respective client(s) and is fully
authorized to bind his or her client(s) to all the terms
of this Agreement.

14.   This Agreement has been read carefully,
and its contents are known and fully understood by each
Party executing this Agreement and each of them does so
freely and voluntarily. Counsel for all Parties have
read and approved the language of this Agreement.  The
language of this Agreement shall be construed as a whole

13

according to its fair meaning and not strictly for or against any of the Parties.

15.   This Agreement contains the entire agreement and understanding between the Parties with respect to the subject matter hereof, and supersede and replace all prior negotiations or proposed agreements, written or oral.

16.   The Parties shall each bear their respective costs and attorneys' fees incurred in connection with the matters described herein.

17.   This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which, together will constitute one and the same agreement.   This Agreement may be executed by facsimile signature which shall have the same force and effect as an original signature.

18.   This Agreement is effective upon the later of (i) execution by both parties and (ii) the expiration of the applicable Notice Period (the "Effective Date").

14

IN WITNESS WHEREOF, this Agreement is hereby executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC, et al.

*Michelle Mosier*

Michelle Mosier
Controller and Chief Accounting Officer

APPROVED BY:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

       - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

       - and -

MCGUIREWOODS LLP

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores, Inc., et al.,

Dated:  2/24/10

15

APPLE INC.

_____
Carl A. Pendleton
Senior Manager of Global Credit

APPROVED BY:

_____
Philip S. Warden
Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
P.O. Box 7880
San Francisco, CA  94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
Email: philip.warden@pillsburylaw.com


Counsel for Apple Inc.

Dated:  _Feb 23, 2010_

16