Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM LLP                              One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

- - - - - - - - - - - - - - -x
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :   Jointly Administered
            Debtors.            :
                                :   **Obj. Deadline: 3/10/10 at 5:00 p.m.**
                                :   **(Eastern)**
- - - - - - - - - - - - - - -x

### NOTICE OF PROPOSED SETTLEMENT WITH CANON U.S.A., INC.

            PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order Pursu-
ant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002,
9006, and 9019 Authorizing the Establishment of Procedures
to Settle Certain Pre-Petition and Post-Petition Claims and
Causes of Action Without Further Court Approval (D.I. 4401,
the "Order").[1]  A copy of the Order (without exhibits) is
annexed as Exhibit 1.

---

[1]     Capitalized terms not otherwise defined herein shall have the
        meanings ascribed to such terms in the Order.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a settlement agreement and stipulation (the "Settlement") with Canon U.S.A., Inc. ("Canon"), a copy of which is annexed as Exhibit 2.

### SUMMARY OF SETTLEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Order, the material terms of the Settlement are as follows:

(i)  The Proposed Settlement is a Tier II Settlement.

(ii)  The Settlement is between the Debtors and Canon, U.S.A., Inc.

---

[2]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]    This section of the notice constitutes a summary of the material terms of the Settlement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement in its entirety.  In the event there is a conflict between the notice and the Settlement, the Settlement shall control in all respects.

(iii)  Canon and the Debtors maintained a com-
plex relationship in which the Debtors pur-
chased products and services from Canon which
were offered in the Debtors' stores and on
their websites and wherein either Canon or
the Debtors could be liable to the other
party based on, arising out of or related to,
sales of goods, the provision of services,
invoices, billbacks, chargebacks, returns,
pricing deductions, advertising allowances,
rebates, shortage deductions, vendor perform-
ance charges, overpayments and pre-payments
(singularly and/or collectively, in whole or
in any part, the "Business").  Canon and the
Debtors engaged in such Business both prior
to and after the Petition Date.

(iv)  A dispute arose among the Debtors and
Canon with regard to the proper amount of
pre- and post-petition monies due and owing
from Canon to the Debtors, and from the Debt-
ors to Canon, on account of the Business (the
"Dispute").  The Debtors allege that the
proper amount due and owing from Canon to the
Debtors on account of the Business is ap-
proximately $14,300,000.  Canon disagrees
with the Debtors' analysis and alleges that
the proper amount due and owing from Canon to
the Debtors on account of the Business is
significantly less.

(v)  Canon alleges that the proper amount
due and owing from the Debtors to Canon on
account of the Business, by way of recoupment
or otherwise, is not less than $1,200,000.
The Debtors disagree with Canon's analysis
and allege that there are no amounts properly
due and owing from the Debtors to Canon on
account of the Business, by way of recoupment
or otherwise.

(vi)   Based on a preliminary analysis, the
Debtors believe that Canon may have received
transfers from the Debtors which may be
avoidable under chapter 5 of the Bankruptcy
Code (the "Alleged Avoidance Actions").
Canon asserts that it has not received any
transfers that may be avoidable or recover-
able under chapter 5 of the Bankruptcy Code.

(vii)   Pursuant to the Settlement, and in or-
der to avoid the expense, delay and risk of
litigation, the Debtors agree to accept, and
Canon agrees to pay, the sum of $13,000,000
(the "Settlement Payment") in full and final
compromise and settlement of the Debtors'
claims against Canon on account of, arising
from, or relating to the Business, any actual
or potential claims similar in nature or type
to any of the Disputes, and the Alleged
Avoidance Actions.

(viii)   Upon the Debtors' receipt of the Set-
tlement Payment, Canon, on behalf of itself
and its successors and assigns, and the Debt-
ors, on behalf of themselves, and each on be-
half of their respective estates, successors,
and assigns, hereby irrevocably and fully re-
lease one another from and against any and
all claims or causes of action (including but
not limited to, causes of action under Bank-
ruptcy Code sections 542, 543, 544, 546, 547,
548, 549, 550, 553 and 558) arising from, in
connection with, or relating to the Business,
the Alleged Avoidance Actions, and any agree-
ment by or between the Parties.

**TIME AND PLACE FOR FILING OBJECTIONS OR REQUESTING ADDI-
TIONAL INFORMATION OR TIME TO CONSIDER THE SETTLEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Order, any Notice Party may ob-
ject (each an "Objection") to or request additional time or
information (each a "Request") to evaluate the Settlement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be in writing and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (see information below) by no later than **March 10, 2010 at 5:00 p.m. (Eastern)** (the "Objection Deadline"). Each Objection or Request must be served on (i) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F. Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Settlement and you do not want the Debtors to proceed with Settlement or you want the Court to consider your views concerning such Settlement, you or you attorney must also:

file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before March 10, 2010 at 5:00 p.m. (Eastern).**

Any Objection to a Settlement must be submitted by the method described in the foregoing sentence.  Objections will be deemed filed only when actually received at the address listed above.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i)

an additional five (5) days to object to the Settlement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested.  Each Notice Party may only make one Request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any), the **Debtors shall be authorized to enter into and consummate the Settlement without further order of the Court or any other action by the Debtors**.

Dated: February 24, 2010
       Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636 (302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

**EXHIBIT 1**

**(Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - -x
                             :
In re:                       :  Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :  1Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :  Jointly Administered
- - - - - - - - - - - - - - -x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

        Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

_____

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.



083565309081000000000001

of title 11 of the United States Code (the "Bankruptcy
Code") and Rules 2002, 9006 and 9019 of the Federal
Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),
for entry of an order authorizing the establishment of
procedures to settle certain pre-petition and post-
petition claims and causes of action without further
court approval; and the Court having reviewed the
Motion; and upon the record herein; and after due
deliberation thereon; and good and sufficient cause
appearing therefor, it is hereby:

    **FOUND, DETERMINED, AND CONCLUDED that:**

   1. Based on the affidavits of service filed,
due, proper and adequate notice of the Motion has been
given in accordance with the Case Management Order and
that no other or further notice is necessary;

   2. The Notice Procedures are fair,
reasonable, and appropriate.

   3. The Settlement Procedures are fair
reasonable, and appropriate.

   4. The Notice and Settlement Procedures were
proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)   If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)   If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action to consummate the proposed settlement without first obtaining Court approval for that specific Settlement.  The Debtors are authorized to schedule the Settlement for a hearing at the next scheduled omnibus hearing following the Objection Deadline (or any subsequent hearing) without filing a separate motion or other pleading.

(f)   If the Objection Deadline has passed and no objection has been filed with the Court or request for additional time or information has been received by the Debtors, the Debtors are authorized, but not directed, to file a "Certificate of No Objection" with the Court; provided, further, that each such Certificate shall set forth a statement that no objection was filed or received (or if any objection was filed or received, such objection has been resolved) and no request for additional time or information was received or, if such request was received, the additional period of review has expired.

(g)   An objection will be considered properly filed and served only if it is filed with the Court, and actually received by the following parties on or before the Objection Deadline: (i) Clerk of the Bankruptcy Court, United States Bankruptcy Court, 701 East Broad Street – Room 4000, Richmond, VA  23219, (ii) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi ([gregg.galardi@skadden.com](mailto:gregg.galardi@skadden.com)) and Ian S. Fredericks ([ian.fredericks@skadden.com](mailto:ian.fredericks@skadden.com)) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley ([dfoley@mcguirewoods.com](mailto:dfoley@mcguirewoods.com))

and Daniel F. Blanks
([dblanks@mcguirewoods.com](mailto:dblanks@mcguirewoods.com)), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
([jpomerantz@pszjlaw.com](mailto:jpomerantz@pszjlaw.com)) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
([rfeinstein@pszjlaw.com](mailto:rfeinstein@pszjlaw.com)).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.    Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   <u>Tier II</u> With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

9

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.   Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.   Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
Aug 7 2009_____, 2009

/s/ Kevin R. Huennekens_____

UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

12

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement)**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware
19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB
No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
        Debtors.              :    Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT, STIPULATION AND ORDER BY AND AMONG
THE DEBTORS AND CANON U.S.A., INC.**

This settlement agreement, stipulation and order
(the "Settlement Agreement") is entered into by and
among the above-captioned debtors and debtors in

possession (the "Debtors"), on the one hand, and Canon

U.S.A., Inc. ("Canon" and together with the Debtors, the

"Parties" and each of which is a "Party"), on the other

hand.

**GENERAL BACKGROUND**

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of

the United States Trustee for the Eastern District of

Virginia appointed a statutory committee of unsecured

creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has

been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court

authorized the Debtors, among other things, to conduct

2

going out of business sales at the Debtors' remaining
567 stores pursuant to an agency agreement (the "Agency
Agreement") between the Debtors and a joint venture, as
agent (the "Agent").  On January 17, 2009, the Agent
commenced going out of business sales pursuant to the
Agency Agreement at the Debtors remaining stores.  The
going out of business sales concluded on or about March
8, 2009; and

WHEREAS, the Debtors are authorized under the
Court's Order under 11 U.S.C. §§ 105 and 363, and Fed.
R. Bankr. P. 2002, 9006, and 9019 Authorizing the
Establishment of Procedures to Settle Certain Pre-
Petition and Post-Petition Claims and Causes of Action
Without Further Court Approval, dated August 7, 2009
(D.I. 4401)(the "Settlement Procedures Order"),[1] to enter
into this Settlement Agreement, subject to the Notice
Procedures; and

---

[1]   All capitalized terms not otherwise defined herein shall have the
meaning ascribed to such terms in the Settlement Procedures
Order.

3

## SETTLEMENT BACKGROUND

WHEREAS, for several years preceding commencement of these Chapter 11 cases, the Debtors purchased products and services from Canon for resale in their stores and on their websites; and

WHEREAS, the Parties maintained a complex relationship in which the Debtors purchased products and services from Canon which were offered in the Debtors' stores and on their websites and wherein either Canon or the Debtors could be liable to the other Party based on, arising out of or related to, sales of goods, the provision of services, invoices, billbacks, chargebacks, returns, pricing deductions, advertising allowances, rebates, shortage deductions, vendor performance charges, overpayments and pre-payments (singularly and/or collectively, in whole or in any part, the "Business"); and

WHEREAS, Canon and the Debtors engaged in such Business both prior to and after the Petition Date; and

WHEREAS, as further described herein, disputes (the "Disputes") arose among the Parties with regard to the proper amount of pre- and post-petition monies due

4

and owing from Canon to the Debtors, and from the

Debtors to Canon, on account of various matters

pertaining to the Business; and

WHEREAS, the Debtors allege that the proper

amount due and owing from Canon to the Debtors on

account of reconciled and unreconciled records relating

to the Business is approximately $14,300,000; and

WHEREAS, Canon disagrees with the Debtors'

analysis and alleges that the proper amount due and

owing from Canon to the Debtors on account of reconciled

and unreconciled records relating to the Business is

significantly lower than $14,300,000; and

WHEREAS, Canon further alleges that the proper

amount due and owing from the Debtors to Canon on

account of the Business, by way of recoupment or

otherwise, is not less than $1,200,000; and

WHEREAS, the Debtors disagree with Canon's

analysis and allege that there are no amounts properly

due and owing from the Debtors to Canon on account of

the Business, by way of recoupment or otherwise; and

WHEREAS, the Parties, over an extended period

of time, have engaged in extensive discussions related

to calculating the amount each side owes the other in connection with the Business; and

WHEREAS, based on their preliminary analysis, the Debtors believe that Canon may have received certain transfers from the Debtors which may be avoidable under chapter 5 of the Bankruptcy Code, subject to proof (the "Alleged Avoidance Actions"); and

WHEREAS, Canon asserts that it has not received any transfers that may be avoidable or recoverable under chapter 5 of the Bankruptcy Code; and

WHEREAS, the Debtors are willing to waive any Alleged Avoidance Actions in order to induce Canon to enter into this Settlement Agreement;

NOW, THEREFORE, subject to and in accordance with the Settlement Procedures Order, in consideration for the recitals above, and for other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties, by their respective undersigned counsel, hereby **STIPULATE AND AGREE AND IT IS HEREBY ORDERED** that:

1.   This Settlement Agreement is subject to approval by the Court.  If the Court does not approve

this Settlement Agreement, this Settlement Agreement
shall be null and void and shall not be referred to or
used for any purpose by any of the Parties.

2.    The terms and conditions of this
Settlement Agreement shall become effective and
enforceable on the date this Settlement Agreement,
having been approved and "so ordered" by the Court,
becomes a Final Order, as defined below (the "Effective
Date").  "Final Order" shall mean an order of the Court
which is not subject to any stay of its effectiveness
and (i) as to which the time to appeal or petition for
certiorari has expired and as to which no timely appeal,
or petition for certiorari shall then be pending; or (ii)
if a timely appeal or writ of certiorari thereof has
been sought, the order shall have been affirmed by the
highest court to which such order was appealed, or
certiorari shall have been denied or reargument or
rehearing on remand shall have been denied or resulted
in no modification of such order, and the time to take
any further appeal or petition for certiorari shall have
expired.

3.   The Parties represent that they have engaged in arms' length negotiations to arrive at this Settlement Agreement.  As a result of such negotiations, the Debtors agree to accept, and Canon agrees to pay, the sum of $13,000,000 (the "Settlement Payment") in full and final compromise and settlement of the Debtors' claims against Canon on account of, arising from, or relating to the Business, any actual or potential claims similar in nature or type to any of the Disputes, and the Alleged Avoidance Actions, pursuant to the terms of this Settlement Agreement.

4.   Canon shall make the Settlement Payment by wire transfer, within five (5) business days after the Debtor notifies Canon of the occurrence of the Effective Date, in accordance with wire instructions to be provided by the Debtors.  All notices to Canon should be in writing sent c/o Michael Lane, Director and Assistant General Manager, Canon U.S.A., Inc., One Canon Plaza, Lake Success, New York 11042, with a copy to Canon's undersigned counsel.

5.   Upon the Debtors' receipt of the Settlement Payment, Canon, on behalf of itself and its

8

successors and assigns, and the Debtors, on behalf of

themselves, and each on behalf of their respective

estates, successors, and assigns, hereby irrevocably and

fully release one another from and against any and all

claims or causes of action (including but not limited to,

causes of action under Bankruptcy Code sections 542, 543,

544, 546, 547, 548, 549, 550, 553 and 558) arising from,

in connection with, or relating to the Business, the

Alleged Avoidance Actions, and any agreement by or

between the Parties (this paragraph, the "Releases").

　　　　6.　　For the avoidance of doubt and

notwithstanding anything to the contrary in this

Settlement Agreement, (1) the Releases are not intended

as general releases or waivers and nothing in this

Settlement Agreement shall be construed as such, and (2)

Canon and the Debtors specifically acknowledge and agree

that this Settlement Agreement is not intended to, and

does not, release or otherwise affect in any way any

actual claims or causes of action (or potential claims

or causes of action similar in nature or type to such

actual claims or causes of action) now or hereinafter

asserted in, based on, or relating to the multi-district

litigation captioned *In re: TFT-LCD (Flat Panel)*
*Antitrust Litigation*, MDL No. 1827 (N.D. Cal.) and the
actions consolidated therein (the "MDL Proceeding").

      7.   The Debtors represent and warrant that
none of the claims settled or released under this
Settlement Agreement has been assigned to any other
party, person, or entity.

      8.   This Settlement Agreement memorializes a
settlement of disputed claims, and is not in any way to
be construed as an admission of liability by any party.

      9.   Neither this Settlement Agreement, nor
any statement made or action taken in connection with
the negotiation of this Settlement Agreement, shall be
offered or received in evidence or in any way referred
to in any legal action or administrative proceeding
among or between the Parties hereto, other than as may
be necessary (a) to obtain approval of and/or to enforce
any of the terms of this Settlement Agreement or (b) to
seek damages or injunctive relief in connection
therewith.

      10.  Each of the Parties hereto shall execute
and deliver, or cause to be executed and delivered, such

10

documents and to do, or cause to be done, such other

acts and things as might reasonably be requested by any

party to this Settlement Agreement to assure that the

benefits of this Settlement Agreement are realized by

the Parties.

11.   No provision of this Settlement Agreement

is intended to confer any rights, benefits, remedies,

obligations or liabilities hereunder upon any person

other than the Parties hereto and their respective

successors, executors, administrators and assigns as set

forth herein.

12.   This Settlement Agreement will be binding

upon and inure to the benefit of the Parties and their

respective successors, predecessors, estates, assigns,

officers, directors, members, shareholders, employees,

and agents, including (i) any trustee appointed under

section 1104, 701, 702 or 703 of the Bankruptcy Code and

(ii) any party proceeding on behalf of any of the

Debtors' estates.

13.   This Settlement Agreement shall be

governed by and construed in accordance with the

internal laws of the State of Virginia without regard to any choice of law provisions.

14.   This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

15.   This Settlement Agreement constitutes the entire agreement and understanding of the Parties regarding the Settlement Agreement and the subject matter thereof and supersedes all prior discussions, negotiations and understandings between the Parties regarding such subject matter.

16.   The Parties each hereby acknowledge that, in executing this Settlement Agreement, they have not relied on any representation, warranty, promise, statement, covenant or agreement, express or implied, direct or indirect, except as expressly set forth herein.

17.   The Court shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret,

administer or enforce the terms and provisions of, this Settlement Agreement.

18.   Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute and deliver this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement.  The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

19.   This Settlement Agreement may not be modified, altered, amended or vacated, and no provision hereof may be waived, without the written consent of all Parties hereto and an order of the Court.

20.   If this Settlement Agreement does not become effective and the Effective Date does not occur, then (a) the Settlement Agreement shall be deemed null and void; (b) the Debtors shall not be deemed to have waived any right or to have settled any controversy

13

between them and Canon that existed before the execution

of the Settlement Agreement; (c) Canon shall not be

deemed to have waived any right or settled any

controversy that existed between it and the Debtors

before the execution of the Settlement Agreement; (d)

the Parties shall be restored to their respective

positions immediately before the execution of the

Settlement Agreement; (e) neither this Settlement

Agreement nor any exhibit, document, or instrument

delivered hereunder, nor any statement, transaction, or

proceeding in connection with the negotiation, execution,

or implementation of this Settlement Agreement, shall be

(i) with prejudice to any person or Party hereto, (ii)

deemed to be or construed as an admission by any Party

of any act, matter, proposition, or merit or lack of

merit of any claim or defense, or (iii) referred to or

used in any manner or for any purpose in any subsequent

proceeding in this action, or in any other action in any

court or in any other proceeding; and (f) all

negotiations, proceedings, and statements made in

connection with the negotiation of this Settlement

Agreement (i) shall be without prejudice to any person

14

or party herein, (ii) shall not be deemed as or

construed to be an admission by any party herein of any

act, matter, proposition, or merit or lack of merit of

any claim or defense, and (iii) shall not be offered in

evidence in this or any other action or proceeding,

except in connection with this Settlement Agreement or

the enforcement thereof.

[SIGNATURES APPEAR ON FOLLOWING PAGES]

15

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO BY:

Dated: February 24, 2010
       Richmond, Virginia

MCGUIREWOODS LLP

/s/ Douglas M. Foley       ___
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

and

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

and

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

*Counsel for Debtors and Debtors in Possession*

16

Dated: New York, New York
       February 24, 2010

                          HERRICK, FEINSTEIN LLP

                          /s/ Paul Rubin_____
                          Paul Rubin, Esq.
                          2 Park Avenue
                          New York, New York 10016
                          (212) 592-1448

                          *Counsel for Canon U.S.A., Inc.*

Dated:  Richmond, Virginia

        _____, 2010

                          SO ORDERED

                          _____
                          UNITED STATES BANKRUPTCY JUDGE