UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

|  |  |  |
|---|---|---|
| IN RE: | . | Case No.  08-35653-KRH |
|  | . |  |
|  | . | U.S. Courthouse |
|  | . | 701 East Broad Street |
| CIRCUIT CITY STORES, INC., | . | Richmond, VA  23219-1888 |
|  | . |  |
| Debtor. | . | February 11, 2010 |
| . . . . . . . . . . . . . . . | . | 11:02 a.m. |

TRANSCRIPT OF HEARING
BEFORE HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

| | |
|---|---|
| For the Debtors: | McGuireWoods, LLP<br>By:  DOUGLAS M. FOLEY, ESQ.<br>9000 World Trade Center<br>101 West Main Street<br>Norfolk, VA  23510 |
| For Lawrence Fay: | Christian & Barton, LLP<br>By:  MICHAEL D. MUELLER, ESQ.<br>Mutual Building, Suite 1200<br>909 East Main Street<br>Richmond, VA  23219-3095 |
| For Kelly<br>Breitenbecher: | Sands Anderson, Marks & Miller PC<br>By:  WILLIAM GRAY, ESQ.<br>801 East Main Street, Suite 1800<br>Richmond, VA  23218 |
| For Active Media: | Paul, Hastings, Janofsky & Walker, LLP<br>By:  HARVEY A. STRICKON, ESQ.<br>75 East 55th Street<br>New York, NY  10022 |

Proceedings recorded by electronic sound recording, transcript
produced by transcription service

_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@optonline.net**

**(609) 586-2311    Fax No. (609) 587-3599**

1          COURTROOM DEPUTY:  All rise.  The United States

2   Bankruptcy Court for the Eastern District of Virginia is now in

3   session, the Honorable Kevin R. Huennekens presiding.  Please

4   be seated and come to order.

5          COURT CLERK:  In the matter of Circuit City Stores,

6   Incorporated, hearing on Items 1 through 16 as set out on

7   debtors' agenda.

8          MR. FOLEY:  Good morning, Your Honor, Doug Foley on

9   behalf of the debtors.

10          THE COURT:  Good morning, Mr. Foley.

11          MR. FOLEY:  With me today in court is Michelle

12   Mosier, who is the principal financial officer of the debtor.

13   Your Honor, there are 16 items on the agenda this morning.

14   We'll just go through them in order for now.  Several of them

15   were asking to be adjourned.  First item, Your Honor, is the

16   motion for relief from the automatic stay by United Radio.  We

17   have submitted an order resolving that motion in its entirety.

18   So, as soon as Your Honor considers that, it can be removed

19   from the docket.

20          THE COURT:  All right, very good.

21          MR. FOLEY:  Your Honor, Item Number 2, which is again

22   our long-standing motion to deal with sell down procedures and

23   claims trading, we've been tracking that with the confirmation

24   hearing, which is Item Number 12 on the agenda.  And as Your

25   Honor sees from the agenda, we're proposing that the

3

1  confirmation hearing be adjourned for the time being until

2  March 8th at 11.  And so, we would ask that Item Number 2 also

3  track that and be adjourned until March 8th at 11:00 a.m.

4        THE COURT:  All right.  So, Item 2 will be moved to

5  the 8th of March.

6        MR. FOLEY:  Thank you, Your Honor.  Item Number 3 is

7  our objection to Panasonic's claim.  We're still working with

8  Panasonic about a potential resolution to that claim.  They've

9  asked us and we've agreed to continue our objection until the

10  March 8th hearing date at 11.

11        THE COURT:  All right, that will be moved to March

12  8th.

13        MR. FOLEY:  Your Honor, Items Number 4 and 6, these

14  are the motions by Madcow.  The first one is an administrative

15  claim alleging administrative status for goods allegedly

16  delivered post-petition, which is differentiated from Item

17  Number 6, which is their 503(b)(9) motion and claim.  We're

18  working with Madcow to see if we can't reach a consensual

19  resolution with them.  But, I believe last time we were here,

20  Your Honor, there was some confusion as to whether these were

21  duplicative entries, but they're not.  They're different

22  motions for different claims.  So, we would ask the Court to

23  adjourn those until the February 24th hearing date at 11.

24        THE COURT:  February 24?

25        MR. FOLEY: Yes.

**J&J COURT TRANSCRIBERS, INC.**

4

1           THE COURT:  Okay, that will be --

2           MR. FOLEY:  That's -- I think that's a two o'clock

3    hearing, Your Honor.

4           THE COURT:  All right, that will be -- yes, it is at

5    two o'clock.  So, that will be February 24 at two o'clock.

6           MR. FOLEY:  Thank you, Your Honor.  Item Number 5,

7    this is the motion by Ryan and Company to compel assumption of

8    their contract.  It is related now to Item Number 15, which is

9    our eighth omnibus motion to reject executory contracts.  We

10   have moved now to reject it.  They have a corollary motion now

11   to compel assumption.  We've agreed for the time being to -- as

12   to their motion and as to their contract, Item Number 15, to

13   adjourn it until the March 8th hearing date at 11.

14          Just so that the Court has some background as to what

15   the issue is here, this is -- they're a tax consulting service

16   that has to do with a -- certain taxes that we paid to import

17   product into the State of Hawaii and the proper assessment --

18   proper cost value assessment associated with that.  We are a

19   participant with many other companies in an appeal to the

20   Hawaii Supreme Court over what the right methodology is.  Ryan

21   is a consulting advisor.  All of the work that they did was

22   done pre-bankruptcy.  We've just been waiting for a court

23   ruling at this point.  Their contract is contingency fee based.

24   We believe that if we are completely successful with the

25   appeal, we'll receive approximately $800,000 of refunds and

1  they would claim a third of that under their contract.

2          The issue obviously is, you know, if we reject the

3  contract does that just become a general unsecured claim versus

4  an administrative claim.  So, we're working through that.  They

5  obviously want us to assume the contract.  At this point, all

6  the work was done pre-petition.  We don't see any benefit to

7  it.  We may not or the liquidating trustee may not want to hire

8  them, depending on what the outcome of the Supreme Court ruling

9  is, for any services that maybe needed after a remand.  So,

10  we'll try to work through that issue, Your Honor, but at some

11  point it will be resolved.  And they have agreed -- this

12  adjournment is without prejudice to the date of rejection being

13  the date we filed the motion to the extent that's the outcome

14  of the Court's ruling.

15          THE COURT:  Is this a contract that was governed by

16  Hawaii law or a contract that's governed by the law of another

17  state?

18          MR. FOLEY:  No, I believe it's a contract governed by

19  Virginia law, but I am not certain of that.  This is -- Ryan

20  Consulting is a national consulting firm and they went -- I

21  believe they basically recruited companies to participate in

22  this appeal --

23          THE COURT:  All right.

24          MR. FOLEY:  -- in this tax appeal because there are a

25  lot of similarly situated companies and we also --

1          THE COURT:  They're not attorneys then I take it.

2          MR. FOLEY:  Well, that's another question, Your

3    Honor.  They were listed as an OCP, ordinary course

4    professional, in our initial motion, but they never filed an

5    OCP affidavit because they weren't doing any work post-

6    petition.  So, the question of whether or not they were a

7    professional or not is another question that has to be folded

8    into this as to whether or not we can be forced to assume their

9    contract --

10          THE COURT:  I understand.

11          MR. FOLEY:  -- to the extent it's for professional

12   services.  But, we're working through that with them and see if

13   we can't somehow reach a consensual resolution.  Item Number 7,

14   Your Honor, this is our motion to set a second administrative

15   claims bar date.  As Your Honor is aware, we set an original

16   administrative claims bar date that ran from the petition date

17   through April 30th of 2009 with the understanding that we were

18   hopeful to get to confirmation a lot sooner than we obviously

19   have.  That bar date was June 30th and covered that period.

20   The bar date that we're seeking to establish now would pick up

21   the time period from May 1st, 2009 through December 31, 2009.

22   And the proposed order that we have on the motion, Your Honor,

23   has to same carve outs with respect to the first administrative

24   claim bar date.  Anybody who has filed a claim or has a claim

25   already does -- obviously does not have to file anything again.

7

1        The relief that we're seeking does not reopen any

2   past bar dates, including the 503(b)(9) bar date, and the

3   proposed procedures to mail the order that would be entered by

4   Your Honor establishing this bar date within seven days of when

5   it's entered and establish a bar date of March 31st, 2010 for

6   any party that thinks they have an administrative claim to file

7   a claim that accrued between May 1st, 2009 and December 31,

8   2009 by March 31, 2010.  The United States of America objected

9   again, Mr. Stein, for the same reasons that he did last time.

10  It was oversight on our part not to account for that before we

11  filed this motion, but we have subsequently reached a similar

12  stipulation with him and have submitted that to chambers for

13  consideration.  So, I believe that objection has been resolved

14  and there has been no other objections to the motion.  We would

15  ask the Court to approve it.

16        THE COURT:  Does any party wish to be heard in

17  connection with the debtors' motion setting a second

18  administrative bar date?

19                    (No verbal response)

20        THE COURT:  All right, that motion will be granted.

21        MR. FOLEY:  Thank you, Your Honor.  The next

22  substantive motion we'd like to address is our motion to

23  establish a retention program for the remaining wind down team

24  to cover the time period from the expiration of the last one

25  that the Court has already approved through the effective date

**J&J COURT TRANSCRIBERS, INC.**

8

1 of confirmation of the plan.  We did file two procedural

2 motions to have this heard today.  That's Items Number 7 and

3 Items Number 9.  That's actually -- no, Items Number 8 and

4 Items Number 10 on the docket, Your Honor.  Item Number 9 is

5 the motion itself.

6           THE COURT:  Right.

7           MR. FOLEY:  This is our motion to shorten the notice

8 period so that we could hear the matter today as well as our

9 motion to seal the exhibit that has the actual dollar amounts

10 for each of the individuals.  We haven't received any

11 objections to either of those procedural motions and would ask

12 the Court to grant those before I address the Court with

13 respect to the merits of the matter.

14           THE COURT:  Does any party wish to be heard in

15 connection with the debtors' motion for an order shortening the

16 notice period in connection with this motion?

17                     (No verbal response)

18           THE COURT:  All right.  There being no objection to

19 that motion, the motion is granted and the short notice period

20 is approved.

21           MR. FOLEY:  Thank you, Your Honor.

22           THE COURT:  Does any party wish to be heard in

23 connection with the debtors' motion to seal the exhibit to the

24 debtors' motion for the order?

25                     (No verbal response)

**J&J COURT TRANSCRIBERS, INC.**

9

1         THE COURT:  All right, that motion will be granted as

2    well and the exhibit will be received under seal.

3         MR. FOLEY:  Thank you, Your Honor.  Item Number 9,

4    this is the actual motion to approve the retention plan.  This

5    applies to 20 of the 23 remaining employees that are part of

6    the wind down team.  All of the participants in this plan were

7    participants in the Tier 2 level of the previous plan, so

8    they're non-management employees.  Your Honor, as the motion

9    states, the weekly aggregate accrual for this program is

10   approximately $9,400.  And the way it works, the end date for

11   any individual employee is the date that they are severed by

12   the company or the effective date of a plan of liquidation.

13   And if they resign and take other employment at any time or if

14   they are terminated for cause, they will receive nothing.

15        So, this program is designed to obviously keep them

16   here.  It doesn't guarantee that they will stay with us.  We

17   expect probably -- we expect in fact some attrition, but this

18   effort was to try to stem that attrition because the previous

19   plan has expired.  The confirmation is likely to get delayed

20   for the various reasons that you've heard at the previous

21   hearings relating to the tax issues.  And we wanted to provide

22   something for these people so that they have less uncertainty

23   given the tenure of their employment is questionable.

24        Ms. Mosier is here and I would proffer her testimony

25   that in developing this program, she looked at the likelihood

**J&J COURT TRANSCRIBERS, INC.**

1  of potential attrition and the need to keep these particular

2  employees incented to stay and be retained by the company and

3  continue their work on the wind down effort, and that it is a

4  sound exercise of the debtors' business judgment under

5  503(c)(3) and is justified under the facts and circumstances,

6  and that without this program there's a significant risk that

7  we could lose a lot more people than we otherwise would.

8         So, we would ask -- and the committee has reviewed

9  the list as well and they have no objection and in fact support

10 the motion and the plan.  We have also previewed the

11 compensation proposed with the proposed liquidating trustee

12 under the plan, and he also has no concern or issue with the

13 amounts that we're proposing to pay these individuals.  So, we

14 would ask the Court to approve the retention plan.

15        THE COURT:  Does any party wish to be heard in

16 connection with the debtors' motion to approve the retention

17 plan?

18               (No verbal response)

19        THE COURT:  Do you want to offer the exhibit that you

20 want placed under seal?

21        MR. FOLEY:  Yes, Your Honor, if we could do that.  I

22 know chambers I believe has a copy and we've provided copies to

23 the Office of the United States Trustee and the creditors'

24 committee.

25        THE COURT:  All right.  This will be marked as the

**J&J COURT TRANSCRIBERS, INC.**

1   Debtors' Exhibit Number 1 and will be placed under seal.

2           MR. FOLEY:  Thank you, Your Honor.  And then, other

3   than Ms. Mosier's proffered testimony, we would have no other

4   evidence.

5           THE COURT:  Does any party wish to examine the

6   proffered witness?

7                       (No verbal response)

8           THE COURT:  All right.  Does any party object to the

9   debtors' motion?

10                      (No verbal response)

11          THE COURT:  All right.  There being no objection, the

12  Court has reviewed this motion and I find it to be reasonable

13  as well -- a reasonable exercise of the debtors' business

14  judgment and the Court will approve the motion.

15          MR. FOLEY:  Thank you, Your Honor.  That brings us to

16  items Number 12, 13 and 14.  This is the plan confirmation as

17  well as the motions by Pioneer and Samsung under Rule 3020 for

18  confirmation deposits.  As Your Honor is aware, at this point

19  we are adjourning -- requesting adjournment of the confirmation

20  hearing until March 8th at 11.  In all likelihood, it will be

21  adjourned further, but the confirmation deposit motions

22  obviously relate to that and will be placed on the next agenda

23  prior to the confirmation hearing so that to the extent they

24  need to be heard, they can be heard before the Court considers

25  confirmation.

**J&J COURT TRANSCRIBERS, INC.**

12

1            THE COURT:  All right.

2            MR. FOLEY:  Your Honor, that brings us to Item Number

3   15 on the docket, which is our eighth omnibus motion to reject

4   certain executory contracts.  This motion, Your Honor, was

5   being filed -- was filed in an abundance of caution to make

6   sure that there -- these contracts are no longer alive with

7   respect to these particular former employees and employees for

8   purposes of 365.  This was prompted by a need to reject Mr.

9   Marcum's contract.  As Your Honor is aware, he converted to a

10  consulting arrangement on January 15th, and as part of that

11  process the committee has requested and we agreed to reject his

12  contract to clear up any uncertainty with respect to that

13  issue.

14            So, in doing so, we reviewed all of the remaining

15  unrejected employment contracts and had placed those in this

16  motion, including Ms. Mosier's, who is sitting in the court

17  room today.  And we did receive some objections, Your Honor,

18  and -- but with respect to the motion, we would certainly

19  proffer the testimony that -- of Ms. Mosier that would be

20  consistent with Paragraph 15 of the motion that the debtors

21  have determined in their business judgment in light of the

22  liquidation and the termination of the majority of the debtors'

23  employees, including the vast majority of the parties who are

24  subject to these contracts, that assumption of the contracts is

25  certainly not warranted and that we have determined that it's

**J&J COURT TRANSCRIBERS, INC.**

1  in the best interest of the estate that these contracts have no

2  further value to the estate and they ought to be rejected.

3        The parties that objected, Your Honor, raised several

4  issues, mostly relating to whether or not they have claims and

5  what the status of those claims might be.  The proposed order

6  that we have submitted, Your Honor, has Paragraph 4 in it which

7  provides that to the extent any contract listed was terminated

8  prior to or after the petition date as a result of a breach by

9  the contract counter-party or otherwise did not become

10 effective at any time or is not executory as of the date

11 hereof, this order shall be of no force and effect with respect

12 to any and all such contracts, and nothing herein shall be

13 deemed to or shall reinstate or otherwise alter the status of

14 any contract.  All the debtors' rights with respect to the

15 foregoing are not waived and are expressly reserved.

16       The parties that filed objections, Your Honor,

17 including Mr. Besanko, who was former CFO of the company, have

18 been filed and in fact objections have been made to those

19 claims.  And the claims whether or not they're entitled to

20 administrative status or general unsecured status and for what

21 reason is not being affected by this motion at all.  This is

22 again just a motion.  To the extent these contracts are

23 executory, the debtors' estates have determined that it is

24 warranted to reject them, and we would ask the Court to approve

25 the motion.

**J&J COURT TRANSCRIBERS, INC.**

14

1          THE COURT:  All right.  Does any party wish to be

2    heard in connection with the debtor's motion?

3          MR. MUELLER:  Good morning, Your Honor, Michael

4    Mueller with the law firm of Christian and Barton on behalf of

5    Lawrence Fay.  I apologize, Your Honor.  I'm having some back

6    problems this morning, so if the Court will indulge me for my

7    lack of eye contact with Your Honor.  Your Honor, we filed our

8    response on behalf of Mr. Fay out of an abundance of caution.

9    As Mr. Foley acknowledges, Paragraph 4 of the order states that

10   to the extent any contract -- and I'm paraphrasing or omitting

11   some of it -- is not executory as of the date hereof, the order

12   shall have no force and effect with respect to any and all such

13   contracts and nothing herein shall be deemed or shall reinstate

14   or otherwise alter the status of any contract.

15          The next sentence of the order, Paragraph 4 states,

16   all of the debtors' rights with respect to the foregoing are

17   not waived and are expressly reserved.  We believe in -- I

18   didn't have an opportunity to discuss this with Mr. Foley, so I

19   do not intend to imply that he's not agreeable to this.  But,

20   we believe that the order should further state that all of the

21   debtors' and counter-parties' rights with respect to the

22   foregoing are not waived and are expressly reserved.  In

23   addition, the motion, Your Honor, at Footnote 2 states that,

24   certain of the contracts listed on Exhibit A and included in

25   this motion may have been terminated prior to the petition

**J&J COURT TRANSCRIBERS, INC.**

1  date.  And if you drop further down again -- I'm paraphrasing

2  -- or may not be executory as of the date hereof.  To the

3  extent any of the foregoing applies, this motion has no force

4  or effect with respect to any such terminated noneffective or

5  nonexecutory contracts.

6       The concern I have is Paragraph Number 1 of the order

7  states that the motion is granted.  So, as long as we can agree

8  that parties' rights to assert that the contract is no longer

9  executory as of the date of the filing of this motion, for

10  example, Mr. Fay's contract was terminated based on his

11  termination on March 29th, 2009.  And there is case law that

12  would support the position, including Gloria Manufacturing,

13  that at that point the contract was no longer executory and

14  cannot be assumed or rejected.  Your Honor, consistent with my

15  ethical obligations to the Court, I do acknowledge Dornier

16  Aviation, which was decided by Judge Mitchell in the Eastern

17  District of Virginia and --

18       THE COURT:  I was going to ask you about that.

19       MR. MUELLER:  Pardon?

20       THE COURT:  I was going to ask you about that.

21       MR. MUELLER:  Yes, sir, and I'm well aware of it.

22  Your Honor, he states in that case that the determination --

23  the time for determining whether or not a contract is executory

24  is the date of the filing of the petition, but he doesn't cite

25  any authority and he doesn't discuss Gloria Manufacturing,

**J&J COURT TRANSCRIBERS, INC.**

1 | which is a Fourth Circuit decision which seems to suggest

2 | otherwise.  And there are other decisions cited in our

3 | pleadings, namely <u>Spectrum Information Technologies</u> and <u>In Re</u>

4 | <u>Wang</u>, which suggests that you look at it at the time of the

5 | filing of the motion in the event that something has happened

6 | subsequent to the filing of the petition that makes the

7 | contract no longer executory.  As long as we can preserve our

8 | rights to argue that for another day, I have no problem with

9 | this order being entered subject to some tweaks or

10 | modifications to the order, such as preserving the rights of

11 | the counter-parties to the contract.

12 |         THE COURT:  All right.  Anything further?

13 |         MR. MUELLER:  Well, if Your Honor is inclined to rule

14 | on whether or not the contracts are executory and can be

15 | rejected, I'd like to belabor the issue with the Court if I

16 | may.

17 |         THE COURT:  Well, let's resolve the first issue

18 | first, and then if we're going to get to that then I'll

19 | certainly let you address it.  But, let me hear from all the

20 | other parties and then I'll make my ruling.

21 |         MR. MUELLER:  Yes, sir, Your Honor.

22 |         THE COURT:  Thank you, Mr. Mueller.

23 |         MR. MUELLER:  Thank you.

24 |         THE COURT:  Mr. Gray?

25 |         MR. GRAY:  Yes, good morning, Your Honor, William

**J&J COURT TRANSCRIBERS, INC.**

17

1  Gray for Kelly Breitenbecher.  She was a senior VP at Circuit

2  City.  Our arguments are basically the same as Mr. Mueller just

3  now cited.  Our concern was suddenly we've got two objections

4  to claims pending regarding Mr. Breitenbecher's claims that are

5  directly related to the employment agreement here that is being

6  -- attempting to be rejected.  I do agree that it's not

7  executory and it can't be therefore rejected.  I mirror what

8  Mr. Mueller was saying about changing the order -- the proposed

9  order to add any counter-parties.

10         The concern too, as he's mentioned, Paragraph 2 of

11  the proposed order just does say flat out the contracts here

12  are rejected.  To me, that needs to be modified just a little

13  bit if the issue on the rejection should be preserved, which I

14  think it appears the debtor is saying anyway with Paragraph 4

15  that these issues on whether it's rejected or not or terminated

16  several other types of situations are basically being reserved.

17  So, I would like to just tighten up the order in that regard.

18  And, finally, Mr. Foley did say that this order wouldn't affect

19  the objections to claims or the claims that have been filed.

20  Perhaps we insert a paragraph or something to that regard in

21  this proposed order or the order that would be entered.

22         THE COURT:  Well, aren't we really -- the concern

23  that you and Mr. Mueller both have concerning what are the

24  damages or the least rejection damages or whatever if it's -- I

25  mean, to the extent that you reject a contract, you know, under

18

1  the law, rejection is just a breach.  It is nothing more than

2  that.  So, we've got -- you know, but it's so -- getting around

3  the metaphysical aspects of whether we've got a contract

4  rejection or what this animal is, because if it's not an

5  executory contract is it just a debtor/creditor relationship?

6  And does that mean it's post-petition, pre-petition, what does

7  it mean?  Those are all issues that you want to be able to

8  preserve and argue about.

9          MR. GRAY:  Correct.

10         THE COURT:  And I understand that issue.  And tell me

11 why Paragraph 4 doesn't adequately preserve your remedy,

12 because the way that I read this, I read Footnote 2 of the

13 motion to carve out your contract to the extent that you were

14 arguing that it was no longer executory to the extent that that

15 makes any difference.  And then, Paragraph 4 in the order

16 seemed then to say that, you know, all of those kinds of

17 arguments that you have are preserved for the record and, you

18 know, are -- don't go away as a result of this motion.

19         So, getting back to Mr. Mueller's point where he

20 said, well, Paragraph 1 says the motion is granted, the motion

21 is granted by the motion is only to do it to the extent it

22 doesn't -- you know, that they're not executory.  And then,

23 Paragraph 4 preserves the rights.  So, what else -- why do we

24 need other language?  Haven't we covered this adequately?

25         MR. GRAY:  Perhaps it's belts and suspenders.  I

**J&J COURT TRANSCRIBERS, INC.**

19

1  think the second sentence of Paragraph 4 is what caught my eye

2  mostly, which as proposed it's just the debtors' rights with

3  respect to the foregoing are not waived and expressly reserved.

4        THE COURT:  Yes, but that's because of the first

5  sentence, which goes on for about ten lines, it preserves your

6  rights.

7        MR. GRAY:  And, Your Honor, certainly hearing your

8  understanding of the order, that provides more comfort to me,

9  too.  I think just the interlineation as Mr. Mueller suggested

10 in the second paragraph to make it the debtors and the

11 counter-parties, it just actually makes it crystal clear I

12 guess.

13       THE COURT:  All right.  Anything further, Mr. Gray?

14       MR. GRAY:  No, Your Honor, thank you.

15       THE COURT:  All right, thank you.  Does any other

16 party wish to be heard in connection with the motion?  All

17 right, Mr. Foley.  Well, I think Paragraph 4 is perfectly clear

18 and I understand exactly what you were -- not what you were

19 saying, what you are saying in Paragraph 4.  Do you have

20 objection to inserting all the debtors' and counter-parties'

21 rights with respect to the foregoing are not waived or

22 expressly reserved?

23       MR. FOLEY:  My only concern about that, Your Honor,

24 is if these contracts are executory, we want the relief that

25 we're seeking, which is a third rejected.  And so, this says if

**J&J COURT TRANSCRIBERS, INC.**

1   it's not executory, the order has no force and effect.  And

2   Paragraph 2 of the order preserves their right to file claims.

3   All of these parties have already filed claims, some of which

4   are already under objection.  So, their claims are not being

5   affected in any way by this order.  If the contract is not

6   executory, this motion is not -- and order is not affecting

7   their rights in any way.  I agree the reason the sentence is in

8   there, Your Honor, is to preserve the debtors' rights because

9   the previous ten lines preserve the counter parties' rights and

10  doesn't change anything.

11          If it's not an executory contract, then they're not

12  affected by this order, period.  But, if it is an executory

13  contract, we do want the relief is that it is rejected.

14  Whatever that means, it doesn't affect their claims.  It

15  doesn't determine their claims.  If we put in an additional

16  sentence that says, all of the debtors' rights and the counter

17  parties with respect to the foregoing, if that refers to the

18  contract and the contract turns out to have been executory,

19  then we basically carved out the relief that we're trying to

20  get.

21          THE COURT:  All right, very good.  I understand your

22  position.  All right.  Mr. Mueller, do you wish to be heard

23  further on this?

24          MR. MUELLER:  Your Honor, so long -- let me get to

25  the podium.  So long as you're not making a determination today

1   as to whether or not these contracts, Mr. Fay and Mr. Gray's

2   clients' contracts are executory, I have nothing further, Your

3   Honor.

4          THE COURT:  All right, thank you, Mr. Mueller.

5          MR. MUELLER:  Thank you.

6          THE COURT:  Any other party wish to be heard on this?

7                  (No verbal response)

8          THE COURT:  All right.  I'm going to grant the

9   debtors' motion.  I think that the Paragraph 4 of the order is

10  very clear.  I'm not making any ruling today with regard to

11  whether these are executory contracts or not executory

12  contracts.  Those issues are preserved for another day.

13         MR. FOLEY:  Thank you, Your Honor.  One item I

14  skipped on the agenda -- did not intend to do so -- was Item

15  Number 11, which is the remainder of the initial incentive plan

16  program that we -- that Your Honor approved I believe last

17  February with everyone except for Mr. Marcum.  As Your Honor is

18  aware, last time we were here, we intended to go forward today

19  with respect to Mr. Marcum's bonus under that program, but we

20  are still working with the committee to try to reach a

21  consensual resolution of that.  It is tied up with some other

22  issues relating to the composition of the wind down team going

23  forward through confirmation, and there maybe a need to take

24  some discovery with respect to Mr. Marcum's piece of this

25  program.

**J&J COURT TRANSCRIBERS, INC.**

22

1       If there is and there are any discovery disputes with

2  respect to that, there maybe a need for us to get some court

3  time with respect to resolving those discovery disputes.  But,

4  in the meantime, we are again trying to work consensually to

5  resolve this issue with Mr. Marcum with the committee and we

6  have agreed to adjourn the motion until the February 24th

7  hearing date at two o'clock to go forward on the merits on that

8  day if we have not consensually -- we either will present a

9  consensual resolution on that day or we will go forward on that

10  day.

11       THE COURT:  Okay.  And then, if you have any of these

12  discovery matters, you'll take those up between now and then.

13       MR. FOLEY:  Yes, Your Honor.

14       THE COURT:  All right, very good.

15       MR. FOLEY:  Your Honor, that leaves Item Number 16,

16  which is the Active Media adversary proceeding.  We've -- Mr.

17  Strickon, counsel for the defendant, is on the phone and we

18  have -- we propose to have the Court enter its typical pretrial

19  order with respect to that.  A couple caveats to that, Your

20  Honor, is that given the complexity of this particular

21  adversary proceeding, we would anticipate that a trial of the

22  matter would take a day and a half to two days.  Also, to

23  accommodate Mr. Strickon's schedule with respect to Rule

24  7026(a)(1) disclosures, we have agreed that he should be

25  permitted -- both parties should be permitted 21 days from

**J&J COURT TRANSCRIBERS, INC.**

23

1  entering of the pretrial order to make their Rule 7026(a)(1)

2  disclosures.  Other than that, Your Honor, we are fine with the

3  Court's normal pretrial order and we would just need to pick

4  dates from the Court for the trial.

5             THE COURT:  All right.

6             MR. FOLEY:  Mr. Strickon is on the phone and --

7             MR. STRICKON:  Yes, that's correct, Your Honor.

8             THE COURT:  All right, very good.  What -- so, we

9  need to find two days.  How much discovery needs to be done in

10  this case?

11             MR. FOLEY:  It's probably going to be pretty document

12  intensive given the nature of the claims back and forth.  The

13  normal time period I believe is 90 days.  Is that correct, Your

14  Honor?

15             THE COURT:  Well, I was going to be suggesting a

16  trial date in September.  Does that give you enough time?

17             MR. FOLEY:  That's plenty of time, Your Honor.

18             THE COURT:  All right.

19             MR. STRICKON:  That would be fine, Your Honor.

20             THE COURT:  All right.  I could do September 13 and

21  14.

22             MR. STRICKON:  Okay.  Let me just check.  One second,

23  Your Honor.  That would be fine.

24             THE COURT:  All right, thank you, Mr. Strickon.

25             MR. STRICKON:  That would be fine, Your Honor.

**J&J COURT TRANSCRIBERS, INC.**

24

1           THE COURT:  All right, thank you.

2           MR. FOLEY:  That's fine with the debtors, Your Honor.

3           THE COURT:  All right, very good.  So, we'll -- I'm

4    going to reserve both days, so we'll have the two days if we

5    need them for the trial.

6           MR. FOLEY:  Okay.

7           THE COURT:  And then, the Court will issue its

8    standard pretrial order accepting the 7026(a) disclosures.

9           MR. FOLEY:  Thank you, Your Honor.  I believe that

10   concludes the items on the agenda, Your Honor, this morning and

11   we don't --

12          THE COURT:  All right.  Does any other party have any

13   other business in connection with Circuit City?

14                     (No verbal response)

15          THE COURT:  All right.  Thank you, Mr. Foley.

16          MR. FOLEY:  Thank you, Your Honor.

17          MR. STRICKON:  Thank you, Your Honor.

18          THE COURT:  Thank you, Mr. Strickon.

19          THE COURT DEPUTY:  All rise.

20                        *  *  *  *  *

21

22

23

24

25


**J&J COURT TRANSCRIBERS, INC.**

C E R T I F I C A T I O N

      I, CARLA M. OAKLEY, court approved transcriber,
certify that the foregoing is a correct transcript from the
official electronic sound recording of the proceedings in the
above-entitled matter, and to the best of my ability.


/s/ Carla M. Oakley
CARLA M. OAKLEY

J&J COURT TRANSCRIBERS, INC.          DATE:  February 24, 2010