Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
          Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR AND MEMORANDUM OF LAW IN SUPPORT OF
SUMMARY JUDGMENT ON NINETEENTH OMNIBUS OBJECTION TO
CLAIMS (RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS
TO GENERAL UNSECURED, NON-PRIORITY CLAIMS) WITH RESPECT
TO THE CLASS CLAIM OF ROBERT GENTRY**

The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors")[1], pursuant to sections 105, 502 and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3007, 7056, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 56 of the Federal Rules of Civil Procedure (the "Civil Rules"), submit this combined motion for and memorandum of law in support of summary judgment (the "Motion") on the Objection[2] (as defined herein) with respect to the Class Claim (as defined herein) of Robert Gentry ("Gentry" or the "Claimant").  In support of the Motion, the Debtors respectfully represent as follows:

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, INC. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

## PROCEDURAL BACKGROUND

1.   On January 13, 2009, Gentry filed claim
number 6039 ("Claim No. 6039" or the "Class Claim") on
behalf of himself and "all those similarly situated"
(such additional persons, the "Unnamed Claimants").  A
copy of the Class Claim is attached as Exhibit A.

2.   On June 22, 2009, the Debtors filed the
Debtors' Nineteenth Omnibus Objection to Claims
(Reclassification of Certain Misclassified Claims to
General Unsecured, Non-Priority Claims) (D.I. 3703; the
"Objection").

3.   Gentry filed a preliminary response to
the Objection. (D.I. 4956, the "Response"), contending
that reclassification is improper.

4.   By supplemental order dated September 2,
2009, (the "Supplemental Order"), the Objection was
adjourned with respect to the Class Claim.

5.   By this Motion, the Debtors hereby seek
to reclassify the entire Class Claim to a general
unsecured, non-priority claim.  In addition,
contemporaneously herewith, the Debtors have filed a
supplement to the Objection pursuant to which the

Debtors seek to disallow the Class Claim with respect to
the Unnamed Claimants.

**STATEMENT OF MATERIAL FACTS**

6.    The following material facts are not in
dispute:

**A.    The Class Action Complaint.**

7.    The Class Claim is premised on a class
action complaint (the "Class Action Complaint") filed in
Los Angeles Superior Court in California on August 29,
2002 -- more than 6 years prior to the Petition Date.
See Gentry Complaint, p. 1.  A copy of the Gentry
Complaint is attached as Exhibit B.  To date, there has
been no certification of a class.

8.    As a result of the Debtors' bankruptcy,
the lawsuit was stayed.

9.    In the class action lawsuit, Gentry, on
behalf of himself and the Unnamed Claimants, seeks two
forms of relief.  First, Gentry seeks damages for
conversion, as well as violations of the California
Labor Code and Business and Professions Code.  See
Gentry Complaint, pp. 5, 13.  Second, Gentry seeks

injunctive relief against the Debtors on account of the
alleged labor violations.  <u>See</u> Gentry Complaint, p. 12.

**B.    The Class Claim.**

10.  By the Class Claim, Gentry seeks damages
for himself and the Unnamed Claimants totaling
$7,070,131.60 for the period from August 29, 1998 to
March 31, 2001.  <u>See</u> Claim No. 6039 Exhibit A at 1 ("The
calculations were arrived at by using the dates of
August 29, 1998 to March 31, 2001.").  In addition,
Gentry contends that the Class Claim is entitled to
priority under 11 U.S.C. § 507(a)(4).  <u>See</u> Claim No.
6039.

11.  Gentry admits that he was not employed by
Circuit City after 2001.  Claim No. 6039 Exhibit A at 1
("The company eliminated [Gentry's] [sic] in 2001.").

ARGUMENT

**I.    STANDARD FOR SUMMARY JUDGMENT.**

12.  Under section 502(a), a party in
interest, including the debtor, may object to claims.
<u>See</u> 11 U.S.C. § 502(a).  In turn, Bankruptcy Rule
3007(a) provides that such objection must be in writing
and filed with the Court.  Fed. R. Bankr. P. 3007(a).

13.   Claim objections are contested matters pursuant to Bankruptcy Rule 9014.  In re IBIS Corp., 272 B.R. 883, 893 (Bankr. E.D. Va. 2001) ("Objections to proofs of claims are contested matters governed by Fed. R. Bankr. P. 9014.").  As in the case of all other contested matters, Bankruptcy Rule 7056, which incorporates Civil Rule 56, applies to claim objections. See Fed. R. Bankr. P. 9014(c).

14.   Pursuant to Civil Rule 56(b), "[a] party against whom relief is sought may move at any time, with or without supportive affidavits, for summary judgment on all or part of the claim."  Fed. R. Civ. P. 56(b). "Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  In re US Airways, Inc., No. 1:06CV539, 2006 WL 2992495, at *4 (E.D. Va. 2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1985)).

15.   The United States Supreme Court has held that summary judgment is not a disfavored procedural shortcut, but rather an integral part of the Civil Rules as a whole, which are designed "to secure the just,

speedy and inexpensive determination of every action."

Sibley v. Lutheran Hosp. of Md., Inc., 871 F.2d 479, 483

n.9 (4th Cir. 1989) (citing Celotex, 477 U.S. at 327).

16.   In this regard, a court may properly

grant summary judgment when:

> Although each side in its submissions has
> presented a different characterization of the
> facts . . . and has argued different
> conclusions which the court should draw from
> those facts, there is little dispute as to
> actual facts and no dispute of material facts
> relevant to the determination of the causes of
> action.

In re Conn. Pizza, Inc., 193 B.R. 217, 220 (Bankr. D.

Md. 1996); see also Goodman v. Resolution Trust Corp., 7

F.3d 1123, 1124 (4th Cir. 1993) (finding that summary

judgment is appropriately granted where there are "no

relevant disputes of material fact" (emphasis added)).

**II.   THE CLASS CLAIM SHOULD BE RECLASSIFIED TO A GENERAL
UNSECURED, NON-PRIORITY CLAIM BECAUSE THE CLASS
CLAIM DOES NOT SATISFY THE REQUIREMENTS OF SECTION
507(A)(4).**

17.   Bankruptcy Code section 507(a)(4)[3]

---

[3]   The current section 507(a)(4) was "renumbered from section
507(a)(3) to section 507(a)(4) by the Bankruptcy Abuse Prevention
and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 212
(2005), effective in cases commenced on or after October 17,
2005." Collier on Bankruptcy, 15th Ed. Revised, 2009, ¶ 507.05,
n. 1.  Accordingly, all references to section 507(a)(3) in this
Motion should be construed as referring to the current section
507(a)(4).  It should also be noted that prior versions of this

provides, in relevant part, that priority will be

granted to:

> [a]llowed unsecured claims, but only to the
> extent of $10,950 for each individual or
> corporation, as the case may be, earned within
> 180 days before the date of the filing of the
> petition or the date of the cessation of the
> debtor's business, whichever occurs first,
> for—
>
> (A) wages, salaries, or commissions, including
> vacation, severance, and sick leave pay earned
> by an individual[.]

11 U.S.C. § 507(a)(4).

18. In order to qualify for section 507(a)(4)

priority, wages must be "earned" within the 180-day

priority period. Courts have repeatedly found that

payments are "earned," for purposes of section 507(a)(4)

priority, at the time the employee's services are

provided. See In re Northwest Engineering Co., 863 F.2d

1313, 1314-17 (7th Cir. 1988) (separating the work

requirement from the vesting requirement and concluding

that "the employee gets a priority equal to the value of

services rendered in the 90 days before bankruptcy");

Powers v. Centennial Commc'ns Corp., 2009 WL 5170161 *7

---

provision had a shorter (90 day) priority period. As a result,
some cases cited in this memorandum reference such 90 day period,
which has since been amended to 180 days.

(N.D. Ind. 2009) (noting that bankruptcy courts focus on the time services were performed when determining when the right to commissions are earned, rather than when they are payable); In re Ionosphere Clubs, 154 B.R. 623, 626 (Bankr. S.D.N.Y. 1993) (stating that "only vacation pay earned for work actually performed within the 90-day period qualified for inclusion as a third priority claim").[4]

19.   As Gentry alleged in the Class Claim, Gentry seeks damages for himself and the Unnamed Claimants for overtime and waiting time related to services performed between August 29, 1998 and March 31, 2001 -- more than 7 years prior to the Petition Date. Consequently, if Gentry or the Unnamed Claimants are entitled to any damages, such damages are for services

---

[4]   See also In re T & B.C. Coal Mining, Case No. 90-70714, 1993 Bankr. LEXIS 2315, *4 (Bankr. E.D. Ky. 1993) (citing cases under the Bankruptcy Act for the proposition that "wages are 'earned' when the work is performed"); In re Cardinal Industries, 160 B.R. 83, 85 (Bankr. S.D. Ohio 1993) ("the timing of the payment on account of an earned bonus or commission should not be the focus of the analysis under 11 U.S.C. § 507(a)(3)(A).  Rather, the focus should be upon the time the individual performed the services which gave rise to the right to the bonus or commission. 'Earned' for purposes of priority, therefore, may not always be synonymous with 'payable'."); In re Myer, 197 B.R. 875, 877 (Bankr. W.D. Mo. 1996) (noting that "[p]riority status is available only for actual services performed and commissions earned" and that "analysis of when § 507(a)(3) priority arises focuses on the time the individual performed the services giving rise to the right to the commissions").

performed, and therefore, damages allegedly "earned,"
during a period well before the 180 days prior to the
Petition Date.

20.   Moreover, as admitted in the Class Claim,
Gentry's employment ended in 2001.   Thus, Gentry did not
have any ability to "earn" "wages, salaries, or
commissions" within the 180 days prior to the Petition
Date.

21.   Accordingly, the Class Claim does not
satisfy the requirements of Bankruptcy Code section
507(a)(4) and should therefore be reclassified to a
general unsecured, non-priority claim.

**NOTICE**

22.   Notice of this Motion has been provided
to Gentry and those parties entitled to notice under the
Supplemental Order Pursuant to Bankruptcy Code Sections
102 and 105, Bankruptcy Rules 2002 and 9007, and Local
Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain
Notice, Case Management and Administrative Procedures
(D.I. 6208; the "Case Management Order").

### WAIVER OF MEMORANDUM OF LAW

23.    Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in this Motion, the Debtors request that the requirement that all motions be accompanied by a written memorandum of law be waived.

### NO PRIOR RELIEF

24.    No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this Court grant the relief requested herein and such other and further relief as may be just and proper.

Dated: Richmond, Virginia
      February 25, 2010

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606-7120
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
              Debtors.      :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER GRANTING DEBTORS' MOTION FOR AND MEMORANDUM OF LAW
IN SUPPORT OF SUMMARY JUDGMENT ON NINETEENTH OMNIBUS
OBJECTION TO CLAIMS (RECLASSIFICATION OF CERTAIN
MISCLASSIFIED CLAIMS TO GENERAL UNSECURED, NON-PRIORITY
CLAIMS) WITH RESPECT TO THE CLASS CLAIM OF ROBERT GENTRY**

          Upon the Debtors' motion for summary judgment

(the "Motion"), pursuant to Bankruptcy Code section 105,

502 and 507, Rules 2002, 3007, 7056, 9007 and 9014 of

the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and Rule 56 of the Federal Rules of Civil Procedure (the "Civil Rules"), on the Nineteenth Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims) with respect to the Claim of Robert Gentry, attached as Exhibit B to the Motion; and the Court having determined that the relief requested in the Motion; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Motion is GRANTED.

2.    Claim number 6039 (the "Claim") is hereby reclassified to a general unsecured, non-priority Claim.

3.    The Debtors right to object to any claim, including (without limitation) the Claim, on any grounds

2

that governing law permits are not waived and are
expressly reserved.

         4.    To the extent that this Order conflicts
with the Order on Debtors' Nineteenth Omnibus Objection
to Claims (Reclassification of Certain Misclassified
Claims to General Unsecured, Non-Priority Claims)
(D.I. 3703), this Order shall control.

         5.    The Debtors shall serve a copy of this
Order on Robert Gentry on or before five (5) business
days from the entry of this Order.

         6.    This Court shall retain jurisdiction with
respect to all matters arising from or related to this
Order.

Dated: Richmond, Virginia
         _____, 2010


         _____
         UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

           - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

           - and -

_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

        Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                        /s/ Douglas M. Foley_____
                        Douglas M. Foley

4

**<u>EXHIBIT A</u>**

**(The Class Claim)**

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | Eastern District of Virginia | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: Circuit City Stores, Inc. | Case Number: 08-35653 (KRH) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property): <br> Robert Gentry and all those similarly situated | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent: <br> C/o Righetti Law Firm, P.C., Matthew Righetti <br> 456 Montgomery Street, Suite 1400 <br> San Francisco, CA 94104 <br><br> Telephone number: <br> (415) 983-0900 | **Court Claim Number:** N/A <br> *(If known)* <br><br> Filed on: _____ |
| Name and address where payment should be sent (if different from above): <br> See above. <br><br><br> Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. <br><br> ☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**   $       7,070,131.60 <br><br> If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. <br><br> If all or part of your claim is entitled to priority, complete item 5. <br><br> ✓ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.** <br><br> Specify the priority of the claim. |
| **2. Basis for Claim:**   See Exhibit A attached. <br> (See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3. Last four digits of any number by which creditor identifies debtor:** _____ <br><br>      **3a. Debtor may have scheduled account as:** _____ <br>      (See instruction #3a on reverse side.) | ✓ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim** (See instruction #4 on reverse side.) <br> Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. <br><br> **Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other <br> Describe: <br><br> **Value of Property:**$_____ **Annual Interest Rate**___% <br><br> **Amount of arrearage and other charges as of time case filed included in secured claim,** <br><br> **if any:** $_____ **Basis for perfection:** _____ <br><br> **Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5). <br><br> ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7). <br><br> ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*) <br><br> DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. <br><br> If the documents are not available, please explain: | **Amount entitled to priority:** <br><br> $_____ <br><br> *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date: <br> 01/12/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. <br><br>  | FOR COURT USE ONLY <br> **RECEIVED** <br> JAN 13 2009 <br> KURTZMAN CARSON CONSULTANTS  |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

✓ Date Stamped Copy Returned <br>
☐ No self addressed stamped envelope <br>
☐ No copy to return

083565309011300000000186

# R I G H E T T I   L A W   F I R M ,   P . C .

456 MONTGOMERY STREET, SUITE 1400 • SAN FRANCISCO, CA  94104
PHONE: 415.983.0900 • TOLL FREE 800.447.5549
FAX: 415.397.9005 • www.righettilaw.com

---

## ENCLOSURE FOR YOUR INFORMATION

**January 12, 2009**

**To:    Clerk of the Court**

---

*Re:*    08-35653 In re: Circuit City Stores, Inc.

---

**Enclosed please find the original plus 2 copies of**

- PROOF OF CLAIM WITH EXHIBIT A

**Please file today and return one copy of the conformed documents to Righetti Law Firm in the self-addressed stamped envelope provided.**

**Please let me know if you have any problems with this filing, and thank you.**

**Sincerely,**
**Sarah Minkus**
(415) 983-0900

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
---------------------------------------------------------x
In re:                                 :
                                       :        Chapter 11
CIRCUIT CITY STORES, INC., et al.      :        Case No. 08-35654
                                       :
          Debtors                      :        Jointly Administered with
                                       :        Case No. 08-35653
---------------------------------------------------------x
```

### EXHIBIT A TO PROOF OF CLAIM

The case entitled Gentry v. Circuit City, Inc. was filed on August 29, 2002, in the Los Angeles Superior Court, Case No. BC280631. The case covers all California-based salaried customer service managers who worked overtime for Defendant, Circuit Stores, Inc. et al., and were not paid overtime wages from within the four years preceding the filing of the complaint and up to the time Defendants re-classified the position to non-exempt status, and thus, eligible for overtime. Mr. Gentry held the position of customer service manager for Circuit City. The company eliminated his in 2001. Mr. Gentry's ending salary was $32,000. The calculations were arrived at by using the dates of August 29, 1998 to March 31, 2001.

To calculate the value of the Gentry v. Circuit City action the following formula was used:

Hourly rate $15.38
x 1.5 (time and a half)
= $23.07
x Overtime hours of 20 hours per week
= $461.40
x work weeks (151)
=$69,671.40
x the number of Circuit City, Inc. Stores (72 Stores)
=$5,016,640.80

To calculate the waiting time penalties for the Gentry action the following formula was used:

Hourly rate ($15.38)
x Hours per day  (8)
x 30 Days
= $3,691.20

1

EXHIBIT A TO PROOF OF CLAIM

x # of employees employed at Circuit City, Inc. Stores (138)
=$509,385.60

Attorneys Fees (Righetti Law Firm, P.C.)
20% of Overtime and Waiting Time Totals
=$1,105,205.20

Attorney's Fees (Ellen Lake) Law Office Of Ellen Lake
=$438,900  [627 hrs]

**Totals of Overtime, Waiting Time Penalties and Attorneys fees**: $7,070,131.60

EXHIBIT A TO PROOF OF CLAIM

## EXHIBIT B

**(The Gentry Complaint)**

Los Angeles Superior Court

AUG 2 9 2002

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
STEPHANIE SIANEZ

COPY

MATTHEW RIGHETTI, ESQ.      {121012}
EDWARD J. WYNNE, ESQ.       {165819}
JOHN GLUGOSKI, ESQ.         {191551}
RIGHETTI ♦ WYNNE, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA  94104
Telephone:      (415) 983-0900
Facsimile:      (415) 397-9005

# SUPERIOR COURT OF CALIFORNIA,

## LOS ANGELES COUNTY

BC 280631

ROBERT GENTRY, individually
and on behalf of other members of
the general public similarly situated

                    Plaintiff,

vs.

CIRCUIT CITY STORES, INC.,
and DOES 1 through 50, inclusive

                    Defendants.

NO.

**CLASS ACTION**

**COMPLAINT**

1. **Violation of Labor Code;**
2. **Violation of B & § 17200, et seq;**
3. **Conversion**

## FIRST CAUSE OF ACTION

COMES NOW, plaintiff, an individual over the age of eighteen (18), and brings this challenge to defendant's lucrative, repressive and unlawful business practices on behalf of himself and a class of all others similarly situated and for a Cause of Action against defendants,

1

COMPLAINT
[CLASS ACTION]

CIRCUIT CITY STORES, INC, and DOES 1-50, inclusive, (hereinafter defendants) and each of them, alleges as follows:

## THE PARTIES, JURISDICTION AND VENUE

**1.**

This class action is brought pursuant to §382 of the California Code of Civil Procedure. The monetary damages and restitution sought by plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The monetary damages sought on behalf of each and every member of the class and as aggregate class damages exceed those jurisdictional limits as well. However, the claims of individual class members, including plaintiff, are under the $75,000 jurisdictional threshold for federal court. For example, a class member who was or has been employed for a relatively brief period could never reasonably be expected to receive a recovery of $75,000 or more. Further there is no federal question at issue, as exempt status questions and remedies relating thereto are based solely on California law and statutes, including the Labor Code, Civil Code, Code of Civil Procedure, and Business and Professions Code.

**2.**

Venue is proper in Los Angeles County as said defendants own/owned and operate/operated retail stores in the County of Los Angeles and because plaintiff worked in several stores within Los Angeles (Culver City, Lakewood, etc.). Defendants' liability arose in Los Angeles County and many of the wrongful acts complained of occurred in that county. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned

2

2

defendants include both individuals who reside in California and corporations licensed to do business and actually doing business in the State of California.

### 3.

Defendants own/owned and operate/operated an industry, business and establishment in over 100 separate geographic locations within the State of California, including within Los Angeles County, for the purpose of operating a retail store to sell goods. As such, and based upon all the facts and circumstances incident to defendants' business in California, defendants are subject to California Labor Code Sections 1194, et seq., 500, et seq., California Business and Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission.

### 4.

At all times herein mentioned plaintiff and the class identified herein worked for defendants as salaried customer service managers in defendant's California based retail stores. The salaried customer service manager position is not a position which involves work which falls within any exception to the above-referenced Labor Code sections, the Unfair Practices Act and/or California Industrial Welfare Commission orders applicable to defendants' business. Within the last four years, plaintiff has been an employed as a customer service manager for defendants.

### 5.

Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and plaintiff prays leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and

---

3

1  thereon alleges that each of said fictitious defendants was responsible in some way for the

2  matters alleged herein and proximately caused plaintiff and members of the general public and

3  the class to be subject to the illegal employment practices, wrongs and injuries complained of

4  herein.

5                                          6.

6       At all times herein mentioned, each of said defendants participated in the doing of the

7  acts hereinafter alleged to have been done by the named defendants; and furthermore, the

8  defendants, and each of them, were the agents, servants and employees of each of the other

9  defendants, as well as the agents of all defendants, and at all times herein mentioned, were acting

10  within the course and scope of said agency and employment.

11                                         7.

12      At all times herein mentioned, defendants, and each of them, were members of, and

13  engaged in, a joint venture, partnership and common enterprise, and acting within the course and

14  scope of, and in pursuance of, said joint venture, partnership and common enterprise.

15                                         8.

16      At all times herein mentioned, the acts and omissions of various defendants, and each of

17  them, concurred and contributed to the various acts and omissions of each and all of the other

18  defendants in proximately causing the injuries and damages as herein alleged.

19                                         9.

20      At all times herein mentioned, defendants, and each of them, ratified each and every act

21  or omission complained of herein. At all times herein mentioned, the defendants, and each of

22  them, aided and abetted the acts and omissions of each and all of the other defendants in

23  proximately causing the damages as herein alleged. Further, at all times mentioned herein, the

24  wage and hour related compensation policies of stores in California are and were dictated by,

25  controlled by, and ratified by the defendants herein and each of them.

26

27                                          4

28
                                                              COMPLAINT
                                                              [CLASS ACTION]

                                                              4

## FACTUAL ALLEGATIONS

### 10.

Plaintiff and all members of the class identified herein were regularly scheduled as a matter of uniform company policy to work and in fact worked as salaried customer service managers in excess of eight hours per workday and/or in excess of forty hours per workweek without receiving straight time or overtime compensation for such overtime hours worked in violation of California Labor Code Section 1194 and the applicable California Industrial Welfare Commission wage order(s). Plaintiff and the other members of the class were improperly and illegally mis-classified by defendants as "exempt" managerial/executive employees when, in fact, they were "non-exempt" non-managerial employees according to California law. Plaintiff and the other members of the class have the right to be compensated by defendants at the appropriate compensatory wage rate for said work heretofore performed, consisting of the straight time rate plus the appropriate overtime premium as mandated by California law.

### 11.

This complaint is brought by plaintiff pursuant to California Code of Civil Procedure section 382 on behalf of a class. All claims alleged herein arise under California law for which plaintiff seeks relief authorized under California law. The class is comprised of, and defined as:

> All California based salaried customer service managers who worked overtime for defendants and were not paid overtime wages from within the four years preceding the filing of this complaint and up to the time defendants re-classified the position to non-exempt status.

The members of the class are so numerous that joinder of all members would be impractical, if not impossible. The members of the class are readily ascertainable by a review of defendants' records. Further, the subject matter of this action both as to factual matters and as to matters of law, are such that there are questions of law and fact common to the class which predominate over questions affecting only individual members including, among other things, the following:

5

a.     Statistically, one hundred percent of the class members were paid on a salary basis with no overtime compensation paid for work accomplished in excess of forty hours per week, or eight hours per day.  Plaintiff is informed and believes and based thereon alleges that all class members failed to meet the exemption requirements of California law such as 1) regularly spend more than 50% of their time performing exempt work; 2) customarily and regularly exercised discretion and independent judgment and; 3) have authority to hire and fire.  Thus, plaintiff and the class members were not exempt from the overtime requirements of California law for that reason;

b.     Defendants uniformly administered a corporate policy concerning both staffing levels and duties and responsibilities of the class members which required that the class members both work overtime without pay and regularly spend more than 50% of their time performing non-exempt tasks.  This included a uniform corporate pattern and practice of allocating and authorizing inadequate staffing levels at the individual stores.  This corporate conduct had the effect of placing customer service and other clerical "non-management" duties and responsibilities onto the shoulders of the class members who were customarily and regularly caused to work far in excess of forty hours in a week and/or eight hours in a day without pay.  Thus, plaintiff and all other members of the class routinely, regularly and customarily (i.e., well in excess of 50% of their work time) performed non-exempt, non-managerial work and work that did not regularly involve discretion and independent judgment.  Therefore, such employees are entitled to overtime compensation under California law.

c.     The duties and responsibilities of the salaried customer service manager position at the defendants' stores were virtually identical from region to region, district to district, store to store, and, employee to employee.  Further, any variations in job activities between the different individuals in these positions are legally insignificant to the issues presented by this action since the central facts remain, to wit:  these employees performed non-exempt work in excess of 50% of the time in their workday, these employees did not regularly exercise discretion and

6

1   independent judgment; these employees' work routinely included work in excess of 40 hours per

2   week and/or 8 hours per day and they were not, and have never been, paid overtime

3   compensation for their work.

4          d.      With respect to those members of the class who were discharged by defendants or

5   voluntarily quit, and did not have a written contract for employment.   The defendants, in

6   violation of California Labor Code Sections 201, and 202, et seq., respectively, had a consistent

7   and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid

8   wages of all such former employees.  The defendants have willfully failed to pay the earned and

9   unpaid wages of such individuals, including, but not limited to, regular time, overtime, and other

10  wages earned and remaining uncompensated according to amendment, or proof.

                                        **12.**

11

12         As a pattern and practice, also in violation of the aforementioned labor laws and wage

13  orders, defendants did not maintain any records pertaining to when salaried customer service

14  managers began and ended each work period, meal period, the total daily hours worked, and the

15  total hours worked per pay period and applicable rates of pay.

                                        **13.**

16

17         There are predominant common questions of law and fact and a community of interest

18  amongst plaintiff and the claims of the absent class members concerning whether defendants'

19  regular business custom and practice of requiring substantial "overtime" work and not paying for

20  said work according to the overtime mandates of California law is, and at all times herein

21  mentioned was, in violation of California Labor Code Sections 1194 and 500, et seq., the Unfair

22  Practices Act and the applicable California Industrial Welfare Commission wage orders.

23  Defendants' employment policies and practices wrongfully and illegally failed to compensate

24  salaried customer service managers for substantial overtime compensation earned as required by

25  California law.  For instance, questions of fact and/or law common to the members of the

26

27                                        7

28

aforesaid class -- which predominate over any questions which may affect only individual members -- are:

      i.    Whether defendants' salaried customer service managers were classified as "exempt" in violation of California law;

      ii.    Whether defendants uniformly failed to pay overtime wages to its salaried customer service managers by virtue of defendants' unlawful class wide designation of such employees as "exempt" in violation of California law;

      iii.    Whether plaintiffs and the class could waive the wage and hour laws designed for their benefit under California law, whether such waivers violate public policy and whether such waivers were voluntary, knowing and valid;

      iv.    Whether defendants' conduct constituted an illegal, or unfair, business practice in violation of California law;

      v.    Whether plaintiff and the class are entitled to compensatory damages pursuant to the California Labor Code;

      vi.    Whether plaintiff and the class are entitled to injunctive relief, including restitution and/or disgorgement of profits pursuant to California law.

      vii.    What is the correct computation formula for the payment of overtime in California as to salaried workers?

      viii.    What work is customarily and regularly accomplished by class members in defendants' stores and what category (exempt or non-exempt) does that work properly fall into?

      ix.    What are the realistic requirements of the customer service manager job?

      x.    What are the expectations of defendants vis-à-vis the class members job performance?

      xi.    Who has the burden of proof on the exemption issue?

8

xii.    Can defendant rely on the "sole charge" or "primary duty" exemption standards applicable under federal law, or must defendant comply with California's more strict quantitative exemption standards?

### 14.

The claims of plaintiff are typical of the claims of all members of the class. Plaintiff, as a representative party, will fairly and adequately protect the interests of the class by vigorously pursuing this suit through attorneys who are skilled and experienced in handling civil litigation of this type.

### 15.

The California Labor Code and wage order provisions upon which plaintiff asserts these claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee was required to file an individual lawsuit, the corporate defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

9

**16.**

The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (1) inconsistent or varying adjudications with respect to individual class members against the defendants and which would establish potentially incompatible standards of conduct for the defendants, and/or (2) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

**17.**

Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation, as described herein, is unlawful and creates an entitlement to recovery by the plaintiff and the class identified herein, in a civil action, for the unpaid balance of the full amount of the straight time compensation and overtime premiums owing, including interest thereon, willful penalties, reasonable attorneys fees, and costs of suit according to the mandate of California Labor Code Section 1194, et seq.

**18.**

Proof of a common business practice or factual pattern, of which the named plaintiff's experiences are representative, will establish the right of each of the members of the plaintiff class to recovery on the causes of action alleged herein.

**19.**

The plaintiff class is entitled in common to a specific fund with respect to the overtime compensation monies illegally and unfairly retained by defendants. The plaintiff class is entitled in common to restitution and disgorgement of those funds being improperly withheld by

10

*10*

defendants. This action is brought for the benefit of the entire class and will result in the creation

of a common fund.

WHEREFORE, Plaintiff on his own behalf and on behalf of the members of the class,

prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

COME NOW, plaintiff, individually and on behalf of both the class and the general

public and as a second, separate and distinct cause of action against defendants, and each of

them, alleges as follows:

20.

Plaintiff herein repeats and re-alleges as though fully set forth at length each and every

paragraph of this Complaint, excepting those paragraphs which are inconsistent with this cause

of action for relief regarding defendants' violations of Business and Professions Code 17200 et

seq. (Unfair Practices Act).

21.

Defendants, and each of them, have engaged in unfair business practices in California by

practicing, employing and utilizing the employment practices outlined in Paragraphs 10 through

13, inclusive, to wit, by requiring their salaried customer service managers to perform the labor

services complained of herein without overtime compensation. Defendants' utilization of such

unfair business practices constitutes unfair competition and provides an unfair advantage over

defendants' competitors. Plaintiff -- and other similarly situated members of the general public --

seek full restitution and disgorgement of monies, as necessary and according to proof, to restore

any and all monies withheld, acquired and/or converted by the defendants by means of the unfair

practices complained of herein. Plaintiff seeks, on his own behalf and on behalf of the general

public, the appointment of a receiver, as necessary. The acts complained of herein occurred, at

11

COMPLAINT
[CLASS ACTION]

1  least in part, within the last four (4) years preceding the filing of the original complaint in this

2  action.

3                                        22.

4      Plaintiff is informed and believes and on that basis alleges that at all times herein

5  mentioned defendants have engaged in unlawful, deceptive and unfair business practices, as

6  proscribed by California Business and Professions Code section 17200, including those set forth

7  in Paragraphs 10 through 13 herein thereby depriving plaintiff and other members of the general

8  public the minimum working condition standards and conditions due to them under the

9  California labor laws and Industrial Welfare Commission wage orders as specifically described

10 herein.

11                                       23.

12

13     Plaintiff, and all persons similarly situated, are further entitled to and do seek a both a

14 declaration that the above-described business practices are unfair, unlawful and/or fraudulent and

15 injunctive relief restraining defendants from engaging in any of such business practices in the

16 future.  Such misconduct by defendants, unless and until enjoined and restrained by order of this

17 Court, will cause great and irreparable injury to all members of the class in that the defendants

18 will continue to violate these California laws, represented by labor statutes and IWC Wage

19 Orders, unless specifically ordered to comply with same.  This expectation of future violations

20 will require current and future employees to repeatedly and continuously seek legal redress in

21 order to gain compensation to which they are entitled under California law.  Plaintiff has no other

22 adequate remedy at law to insure future compliance with the California labor laws and wage

23 orders alleged to have been violated herein.

24

25

26

27

28

---

                                        12

## THIRD CAUSE OF ACTION

COME NOW, plaintiff, individually and on behalf of a class and as a third, separate and distinct cause of action against defendants, and each of them, alleges as follows:

### 24.

Plaintiff herein repeats and re-alleges as though fully set forth at length each and every paragraph of this Complaint, excepting those paragraphs which are inconsistent with this cause of action for Conversion.

### 25.

At the time defendants refused to pay the wages due to plaintiff and the class, as alleged herein. Plaintiff owned and had the right to possess the withheld wages. Defendants willfully and without legal justification interfered with plaintiff's right to own and possess her wages. The exact amount of those wages is capable of being made certain from a review of either the information of plaintiff and class members, or from the records of defendants.

### 26.

In refusing to pay wages to the plaintiff and the class defendants unlawfully and intentionally took and converted the property of plaintiff and the class to their own use. At the time the conversion took place plaintiff and the class were entitled to immediate possession of the amounts of wages payable. This conversion was oppressive, malicious and fraudulent. This conversion was concealed by the defendants from the plaintiff and the class.

### 27.

Plaintiff and the class have been injured by this conversion and are entitled to:  (1) all monies converted by the defendants with interest thereon; (2) any and all profits whether direct or indirect, the defendants acquired by their conversion; (3) punitive and exemplary damages.

WHEREFORE, plaintiff on his own behalf and on behalf of the members of the class and the general public, prays for judgment as follows:

13

COMPLAINT
[CLASS ACTION]

*13*

1.    For an order certifying the proposed class and sub-classes;

2.    Upon the First Cause of Action, for damages according to proof as set forth in California Labor Code Section 1194, et seq. (and the applicable California Industrial Welfare Commission wage orders) related to wages due and owing and for restitution to plaintiff and the class, including waiting time penalties owed;

3.    Upon the Second Cause of Action, for full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the defendants by means of the unfair practices complained of herein to plaintiff and other similarly effected members of the general public (and disgorgement from defendants) of all funds acquired by defendants by means of any acts or practices declared by this Court to be violative of the mandate established by California Business and Professions Code section 17200, et seq. Plaintiff seeks, on his own behalf and on behalf of the general public, the appointment of a receiver, as necessary.

4.    Upon the Second Cause of Action, that defendants be ordered to show cause why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders and labor code laws related to payment of overtime compensation and record keeping for defendants' salaried customer service manager personnel who are primarily engaged in non-exempt non-discretionary work and work more than 40 hours per week or 8 hours per day; and for an order enjoining and restraining defendants and their agents, servants and employees related thereto;

5.    Upon the Second Cause of Action, for the appointment of a receiver to receive, manage and distribute any and all funds disgorged from the defendants determined to have been wrongfully acquired by the defendants as a result of violations of California Business and Professions Code section 17200 et seq.;

COMPLAINT
[CLASS ACTION]

*14*

6.      Upon the Third Cause of Action, for (1) all monies converted by the defendants with interest thereon; (2) any and all profits whether direct or indirect, the defendants acquired by their conversion; (3) punitive and exemplary damages.

7.      For pre-judgment interest as allowed by California Labor Code Sections 1194 and 218.6 and California Civil Code § 3287 for all class members (b), for waiting time penalties as authorized by California Labor Code Section 203 for those individuals no longer employed by defendants;

8.      For reasonable attorneys fees, expenses and costs as provided by California Labor Code Section 1194, et seq. and other applicable California laws; and,

9.      For such other and further relief the court may deem just and proper.

DATED:      August 28, 2002        RIGHETTI ♦ WYNNE, P.C.

Matthew Righetti
Counsel for Plaintiff
and the Class

15

COMPLAINT
[CLASS ACTION]

/5