Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' SUPPLEMENT TO THE NINETEENTH OMNIBUS OBJECTION
TO CLAIMS (RECLASSIFICATION OF CERTAIN MISCLASSIFIED
CLAIMS TO GENERAL UNSECURED, NON-PRIORITY CLAIMS) WITH
RESPECT TO THE CLASS CLAIM FILED BY ROBERT GENTRY**

The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors")[1],

pursuant to sections 105, 502 and 503 of title 11 of the

United States Code (the "Bankruptcy Code"), Rules 2002,

3007, 7056, 9007 and 9014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule

56 of the Federal Rules of Civil Procedure (the "Civil

Rules"), submit this supplement (the "Supplement") to

the Debtors' Nineteenth Omnibus Objection[2] (as defined

herein) (together with the Nineteenth Omnibus Objection,

the "Objection") with respect to the Class Claim (as

defined herein) filed by Robert Gentry ("Gentry").  In

support of this Supplement, the Debtors respectfully

represent as follows:

---

[1]  The Debtors and the last four digits of their respective taxpayer
     identification numbers are as follows: Circuit City Stores, Inc.
     (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
     Inc. (0875), Ventoux International, Inc. (1838), Circuit City
     Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
     Distribution Company of Virginia, Inc. (2821), Circuit City
     Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
     Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
     Sky Venture Corp. (0311), PRAHS, INC. (n/a), XSStuff, LLC (9263),
     Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
     LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
     for Circuit City Stores West Coast, Inc. is 9250 Sheridan
     Boulevard, Westminster, Colorado 80031.  The address for the
     Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA
     23060.

[2]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to them in the Objection.

2

**PRELIMINARY STATEMENT**

1.    By the Nineteenth Omnibus Objection, the Debtors sought to reclassify the Class Claim from a priority claim to a pre-petition general unsecured, non-priority claim.  Contemporaneously herewith, the Debtors filed a motion for summary judgment in support of that relief.

2.    By this Supplement, the Debtors seek to disallow the Class Claim to the extent that it seeks relief with respect to any unnamed individuals (each an "Unnamed Claimant" and, collectively, the "Unnamed Claimants") and, consequently, if granted, to reduce the Class Claim to a claim solely asserted by Gentry on his own behalf (as defined herein, the "Gentry Claim").  As set forth above, however, the Debtors are moving for summary judgment with respect to the Gentry Claim asserting that it must, as a matter of law, be reclassified a general, unsecured, pre-petition claim subject to further objections by the Debtors or their successors on any grounds that governing law permits.

**BACKGROUND**

3.     The Debtors hereby incorporate by reference the Background set forth in the Nineteenth Omnibus Objection as if fully set forth herein and provide the Court with the following additional background information.

**A.     The General Bar Date.**

4.     On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing and balloting agent for the Debtors in these chapter 11 cases, pursuant to 28 U.S.C. § 156(c) (D.I. 108).

5.     On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (D.I. 890) (the "Claims Bar Date Order").

6.     Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008

against the Debtors by any non-governmental entity was
5:00 p.m. (Pacific) on January 30, 2009 (the "General
Bar Date").

    7.    On December 19, 2008, KCC served a copy
of the Claims Bar Date Notice (as defined in the Claims
Bar Date Order) on, among others, the counsel that
represented Gentry (the "Class Counsel") in the pending
lawsuit styled as Robert Gentry et al. v. Circuit City
Stores, Inc. (the "Class Action").  In addition, the
Debtors published the Claims Bar Date Notice in The Wall
Street Journal (D.I. 1395) and The Richmond Times-
Dispatch (D.I. 1394).

**B.    Procedural Background.**

    8.    On January 13, 2009, Class Counsel filed
the Class Claim on behalf of Gentry and the Unnamed
Claimants, which Unnamed Claimants are alleged "all
those similarly situated" to Gentry in the amount of
$7,070,131.60, which Class Claim was asserted as being
entitled to priority treatment under 11 U.S.C. §
507(a)(4)(Claim No. 6039, the "Class Claim"). A copy of
the proof of claim is attached as Exhibit A.

9.   On June 22, 2009, the Debtors filed the Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims) (D.I. 3703; the "Nineteenth Omnibus Objection").  By the Nineteenth Omnibus Objection, the Debtors seek to reclassify certain filed claims, including the Class Claim, to a pre-petition general unsecured, non-priority claim.

10.   Gentry filed a preliminary response to the Nineteenth Omnibus Objection. (D.I. 4956, the "Response").  In the Response, Gentry contends that reclassification of the Class Claim is improper.  See Response, p.2 ("To the extent that Plaintiff and the putative class worked for Debtors 180 days prior to the Petition Date and were not paid all wages due and owing, Creditor Gentry's claim is properly classified as "Priority".").

11.   By supplemental order dated September 2, 2009, (the "Supplemental Order"), the Objection was adjourned with respect to the Class Claim.

**C.    The Class Action Complaint.**

    12.   The Class Claim is premised on the Class
Action.  A copy of the complaint filed in the Class
Action is attached as Exhibit B (the "Class Action
Complaint").  The Class Action Complaint was filed in
Los Angeles Superior Court in California on August 29,
2002 -- more than 6 years prior to the Petition Date.
As a result of the Debtors' bankruptcy, the Class Action
was stayed.  As of the Petition Date, no class had been
certified.

    13.   In the Class Action Complaint, Gentry
sought, on behalf of himself and allegedly on behalf of
similarly situated parties, two forms of relief.  First,
Gentry seeks damages for conversion, as well as
violations of the California Labor Code and Business and
Professions Code.  See Gentry Complaint, pp. 5, 13.
Second, Gentry sought injunctive relief against Circuit
City on account of the alleged labor violations.  See
Gentry Complaint, p. 12.

**D.    The Class Claim.**

    14.   By the Class Claim, Gentry asserts that
Circuit City violated California labor laws entitling

7

Gentry and the Unnamed Claimants to the payment of
overtime wages and waiting time penalties for the period
from August 29, 1998 to March 31, 2001.  <u>See</u> Claim No.
6039 Exhibit A at 1 ("The calculations were arrived at
by using the dates of August 29, 1998 to March 31,
2001.").

15.  Specifically, the Class Claim is broken
into various parts.  First, the Claim seeks
$5,016,640.80 for overtime pay by using the following
formula: (hourly rate x 1.5) x (overtime per week) x
(work weeks) x (number of Circuit City stores) (the
"Overtime Damages").  The Overtime Damages are divided
between Gentry's portion, which totals $69,674.40 (the
"Gentry Overtime Claim"), and the Unnamed Claimants'
portion, which allegedly totals $4,946,966.40 (the
"Unnamed Claimants Overtime Claim").

16.  Second, the Class Claim includes
$509,385.60 for waiting time penalties by using the
following formula: (hourly rate) x (hours worked per
day) x (30 days) x (number of employees employed at
Circuit City) (the "Waiting Time Damages").  The Waiting
Time Damages are also divided between Gentry's portion,

which allegedly totals $3,691.20 (the "Gentry Waiting

Time Claim"), and the Unnamed Claimants' portion, which

allegedly totals $505,694.40 (the "Unnamed Claimants

Waiting Time Claim").

17.   Thus, Gentry's Overtime Claim and Waiting

Time Claim aggregates to $73,365.60 (the "Gentry Claim")

and the Unnamed Claimants' Overtime Claim and Waiting

Time Claims aggregate to $5,452,660.80 (the "Unnamed

Claimants' Claim").

18.   Third, and finally, the Class Claim also

includes $1,544,105.20 on account of attorneys' fees,

presumably for Class Counsel (the "Attorneys' Fee

Claim").

**E.     Gentry's Employment.**

19.   Prior to 2001, Gentry was employed by one

or more of the Debtors.  At some point during 2001,

Gentry ceased to be employed by any of the Debtors.

Claim No. 6039 Exhibit A at 1 ("The company eliminated

[Gentry's] [sic] in 2001.").

### SUPPLEMENTAL RELIEF REQUESTED

20.   Subject to the reservation of rights set

forth herein and in addition to seeking to reclassify

the Class Claim to a general unsecured, non-priority
claim, by the Objection, the Debtors seek to disallow
the portions of the Class Claim seeking payment on
account of the Unnamed Claimants' Claim and the
Attorneys Fee Claim (the "Non-Gentry Class Claims").

**BASIS FOR RELIEF**

21.   Class counsel filed the Class Claim on
behalf of Gentry and the Unnamed Claimants as a class
proof of claim.  Prior to doing so, however, Gentry was
not certified as the class representative in the Class
Action.  Indeed, no class has ever been certified
despite the fact that the Class Action was commenced
over 7 years ago.  More importantly, neither Gentry nor
Class Counsel has ever sought this Court's approval to
file a class proof of claim as required by Bankruptcy
Rules 9014 and 7023, and granting any such relief at
this time, would be severely prejudicial to the Debtors.
Consequently, for this and the further reasons set forth
below, the Non-Gentry Class Claims should be disallowed
in their entirety.

## APPLICABLE AUTHORITY

I.   **THE NON-GENTRY CLASS CLAIMS SHOULD BE DISALLOWED.**

A.   **Gentry Was Required To Seek The Bankruptcy Court's Permission To File A Class Proof Of Claim.[3]**

22.   Bankruptcy Rule 7023 provides that Civil Rule 23 -- the class action rule -- applies in adversary proceedings.  Fed. R. Bankr. P. 7023 ("Rule 23 F.R.Civ.P. applies in adversary proceedings.").  Bankruptcy Rule 7023 does not, however, apply to the filing of claims or in contested matters absent leave of court.  See Fed. R. Bankr. P. 9014 ("The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply."); see also In re American Reserve Corp., 840 F.2d 487, 488 (7th Cir. 1988) ("the right to file a proof of claim on behalf of a class seems secure, at least if the

---

[3]   At this time, among other matters, the Debtors have not addressed whether class certification would be appropriate as it would necessarily require fact intensive consideration.  See In re Bally Total Fitness of Greater New York, Inc., 402 B.R. 616, 621 (Bankr. S.D.N.Y. 2009) (noting the Supreme Court's directive to district courts to conduct a "rigorous analysis" to determine whether the requirements of Civil Rule 23 have been met).  However, in the event that the Court denies the Objection, the Debtors reserve their rights to object to the Claim on any grounds, including (without limitation) that the requirements of Civil Rule 23 have not been satisfied and the Debtors are not liable for the Claim.

bankruptcy judge elects to incorporate Rule 23 via Rule

7023 via Rule 9014." (emphasis added)).

   23. Indeed, as the Bankruptcy Court for the

Eastern District has stated, "although class proofs of

claim may be permitted, they are not a matter of right."

See In re Computer Learning Centers, Inc., 344 B.R. 79,

85-86 (Bankr. E.D. Va. 2006); see also In re American

Reserve Corp., 840 F.2d at 494 (holding Federal Rule of

Civil Procedure 23 governing class actions "may apply

throughout a bankruptcy case at the bankruptcy judge's

discretion").  Therefore, prior to filing a class proof

of claim, a claimant must file a motion for

determination of applicability of Bankruptcy Rule 7023.

See Computer Learning, 344 B.R. at 86 ("The

applicability of Rule 7023 is raised by motion.").

Neither Gentry nor Class counsel ever made such a

request.

   24. Specifically, this Court set the General

Bar Date by order dated December 10, 2008.  D.I. 890.

KCC served Class Counsel, Gentry, the Debtors employees

and many others with the Claims Bar Date Notice on

December 19, 2008, and the General Bar Date passed over

one year ago.[4]   Yet, to date, neither Gentry nor Class

Counsel has moved for Court approval to file a class

proof of claim.   Consequently, Gentry and Class Counsel

were simply not eligible to file a class proof of claim,

and the portion of the Class Claim seeking payment on

the Non-Gentry Class Claim must be denied.   See Computer

Learning, 344 B.R. at 87 ("[W]ithout [a court order],

Rule 7023 is not applicable to the proof of claim and a

class proof of claim is improper."); see also White

Motor Corp., 886 F.2d at 1470-71 (finding the bankruptcy

court did not abuse discretion in denying a class proof

of claim where the claimant "failed to timely petition

the bankruptcy court to apply the provisions of Rules

9014 and 7023").

        25.   Accordingly, the Non-Gentry Class Claims

should be disallowed in their entirety and the Class

Claim should be reduced to reflect only the Gentry

Claim, with the Debtors' rights to object on to the

---

[4]   See Affidavit of Service of Evan Gershbein re: 1) Notice of
Deadline for Filing Proofs of Claim and Proof of Claim Form
[D.I. 966]; and 2) Notice of Commencement of Chapter 11
Bankruptcy Cases, Meeting of Creditors and Fixing of Certain
Dates [D.I. 967], at p. 1748,  (D.I. 1314).

Gentry Claim on any additional grounds that governing
law permits.

**B.    Even If Gentry or Class Counsel Had Filed A
Timely Motion Under Bankruptcy Rule 7023, The
Dismissal Of Such Motion Would Have Been
Proper.**

26.   Even if Gentry or Class Counsel had filed
a motion seeking authorization to file a class proof of
claim in these cases, the proper exercise of this
Court's discretion would have dictated that the motion
be denied.

27.   In particular, in this jurisdiction,
there are four considerations that are relevant to a
court's determination as to whether to allow the filing
of a class proof of claim.  These considerations are:
(i) whether the request to make Rule 7023 applicable to
the filing of a proof of claim is timely; (ii) whether
class adjudication is superior to the adjudication of
individual claims in bankruptcy; (iii) whether a class
proof of claim would unduly complicate or delay the
administration of the bankruptcy case; and (iv) whether
adjudication of the class proof of claims provides
benefits and limits the costs of claims litigation.

14

Computer Learning, 344 B.R. at 86 (citing American

Reserve, 840 F.2d at 492-94; White Motor Corp., 886 F.2d

at 1463-64).

        28.  In considering these factors, courts have

recognized that certain aspects unique to bankruptcy law

may make application of the class action rules

unnecessary in that context.  Computer Learning, 344

B.R. at 86 (citing American Reserve, 840 F.2d at 492-

94).  These aspects include the bankruptcy court's

control over the debtor and its property, special notice

of the bankruptcy proceedings, and the opportunity to

file individual proofs of claim.  Id. (citations

omitted).

        **1.**      **Any request to file a class proof after
the passing of the General Bar Date would
have been untimely.**

        29.  While Bankruptcy Rule 9014 does not

provide a deadline for filing a Bankruptcy Rule 7023

motion, it "should be filed as soon as practicable and

should be denied if it comes so late as to prejudice any

party."  Computer Learning, 344 B.R. at 89 (emphasizing

that early application of Rule 7023 "furthers the policy

of an orderly and expeditious administration of the

bankruptcy estate").

30.   Neither Gentry not Class Counsel has ever

filed a motion for an order under Bankruptcy Rule 7023

for authorization to file the Class Claim.   Moreover,

even if Gentry or Class Counsel were to do so today, the

Debtors and their creditors would be significantly

prejudiced by permitting the filing and prosecution of

the Class Claim this late into the administration of

their chapter 11 cases. See Computer Learning, 344 B.R.

at 90 (noting that the trustee was prejudiced by the

delay in filing the Rule 7023 motion because he could

have included the class action allegations in his

analysis and settlement of claims and payments to

creditors would be delayed indefinitely by the

permission of a class proof of claim).

31.   Specifically, this Court approved the

Disclosure Statement on September 24, 2009.   In

formulating the disclosure statement, the Debtors did

not include the Alleged Class Claim (or other similar

claims filed by the same and different counsel) for

purposes of determining the range of priority claims

that would need to be paid before general unsecured

creditors.   Indeed, the Debtors were only aware of one

class claimant who sought and obtained permission to

file a class proof of claim.[5]   Thus, if the Court permits

Gentry or the Class Counsel to proceed on the Class

Claim in the stated amount and as a priority claim, the

classes of claims and projected distributions set forth

in the Disclosure Statement might need to be revised.

Plainly, that would delay the administration of the case

and ultimate distribution to unsecured creditors, to

whom distributions are made only after priority claims

are paid in full.   D.I. 5124 (Provided that the Face

Amount of all Administrative Claims, Priority Claims and

Miscellaneous Secured Claims have been paid in full . .

. each Holder of an Allowed General Unsecured Claim

shall receive its Pro Rata share . . .").

   32.   Even assuming, however, that permitting

the filing of a class proof of claim at this stage of

---

[5]   See D.I. 1683 (Stipulation and Order Granting Motion to Permit
the Filing of a Class Proof of Claim by Christopher A. Jones of
Whiteford, Taylor & Preston, LLP on Behalf of Daniel E. Weidler,
Michael F. Yezback, Eloise Garcia, and Angie Duron).  It is worth
noting that Weidler's motion to file a class proof of claim was a
matter of public record and was available on this Court's docket
as of the date Gentry filed the Claim.

these cases would be timely, as discussed below, Gentry

could not satisfy the remaining criteria.

> 2.    **Proceeding with the Class Claim is inferior to individual claim adjudication.**

33.   A bankruptcy court's analysis regarding

whether to apply Bankruptcy Rule 7023 and allow the

filing of a class proof of claim generally mirrors the

analysis required in determining whether to certify a

class under Civil Rule 23(b)(3): whether questions of

law or fact common to the members of the class

predominate over any questions affecting only individual

members, and whether a class action is superior to other

available methods for the fair and efficient

adjudication of the controversy.  See Computer Learning,

344 B.R. at 91 (quoting Civil Rule 23(b)(3)).  While the

analysis under Bankruptcy Rule 7023 may be similar in

concept, the bankruptcy court should consider and weigh

the factors differently within the context of a

bankruptcy because the class process may be inferior to

the bankruptcy claims process.  See In re Musicland

Holding Corp., 362 B.R. 644, 651 (Bankr. S.D.N.Y. 2007)

(quoting In re Ephedra Prods. Liab. Litig., 329 B.R. 1,

5 (S.D.N.Y. 2005)) ("[B]ankruptcy significantly changes the balance of factors to be considered in determining whether to allow a class action and . . . class certification may be less desirable in bankruptcy than in ordinary civil litigation." (internal quotations and citations omitted)).  As one court aptly noted, "superiority of the class action vanishes when the 'other available method' is bankruptcy, which consolidates all claims in one forum and allows claimants to file proofs of claim without counsel and at virtually no cost."  See Ephedra, 329 B.R. at 9.

        34.   Indeed, as one court in this District recognized, Bankruptcy already provides the same, if not more, procedural advantages than class adjudication. See Computer Learning, 344 B.R. at 92 (explaining that "[a] bankruptcy case presents many of the same mechanisms to process large numbers of claims as a class action").  Specifically, bankruptcy provides (i) established mechanisms for notice, (ii) established mechanisms managing large numbers of claimants, (iii) proceedings centralized in a single court with nationwide service of process, and (iv) protection

against a race to judgment since all of the debtor's
assets are under the control of the bankruptcy court.
<u>Id.</u>; <u>see also</u> <u>Musicland Holding Corp.</u>, 362 B.R. at 650-
51, n. 8 (noting that bankruptcy provides more
advantages than a class action and emphasizing the ease
of participating in distributions from the bankruptcy
estate and the fact that claims are "deemed allowed"
under section 502(a) in the absence of an objection).

   35.   In this case, nearly 15,000 claims were
filed against the Debtors.  While the Class Claim and
the Gentry Complaint do not provide the number of
potential class members, even a few hundred or a
thousand more claims would not have been difficult to
process.  <u>See</u>, <u>e.g.</u>, <u>Computer Learning</u>, 344 B.R. at 94
(finding that the claimant's Rule 7023 motion would
still have been denied if it was timely because the
trustee could have easily reviewed 100 additional claims
in a case where over 2,000 claims were filed).

   36.   Moreover, the Debtors provided actual and
publication notice to their known and unknown creditors
and afforded them an opportunity to file a proof of
claim.  <u>See</u>, <u>supra</u>, at ¶ A, n. 7.  If any Unnamed

Claimant filed a claim for overtime or waiting time
damages, such claim would be duplicative of the Non-
Gentry Class Claim.   Consequently, that individual's
claim would need to be adjudicated in the context of the
claims administration process regardless of whether this
Court authorized the filing of the Non-Gentry Class
Claims.

        37.   More importantly, perhaps, this Court
will need to address Gentry's Claim and each Unnamed
Claimant's Claim individually.   Specifically, Gentry and
each Unnamed Claimant are different and the facts
underlying Gentry's alleged claim and each Unnamed
Claimant's alleged claim are different.   Indeed, Gentry
was longer employed after 2001, while other Unnamed
Claimants may have been terminated prior to or after
that date.   Consequently, this Court will need to
address each claimant's claim separately in the
bankruptcy claim process.

        **3.     Permitting Gentry or the Class Counsel to
                proceed on the Non-Gentry Class Claims
                would unduly complicate and delay the
                administration of these cases.**

38.   Another reason for denying Gentry or Class Counsel the right to proceed on the Class Claim in general and the Non-Gentry Class Claims in particular is that doing so would unduly complicate and delay the administration of these cases.  First, bar dates are important to the orderly administration of any bankruptcy proceeding for both the debtors and the creditors.  See Computer Learning, 344 B.R. at 79 (noting that the bar date is important to the orderly administration of a case and prevents delays in distributing funds to creditors); In re Protected Vehicles, Inc., 397 B.R. 339, 346 (Bankr. D. S.C. 2008) (noting that a bar date is "necessary to provide finality in determining the identity of claimants and the liability faced by the bankruptcy estate").  "The requirement of a Bar Date in Chapter 11 enables the debtor . . . to establish the universe of claims with which it must deal and the amount of those claims."  In re A.H. Robins Co., 129 B.R. 457, 459 (Bankr. E.D. Va. 1991).

39.   When a class proof of claim is properly requested and approved by the bankruptcy court,

restricting the class to members who have, individually,
timely filed their own proofs of claim preserves the
orderly administration of a case provided by bar dates.
See In re Protected Vehicles, Inc., 397 B.R. at 347
(finding that opening a class to include all employees
regardless of whether a proof of claim was timely filed
would "render proof of claim deadlines in bankruptcy
cases meaningless"); In re Adam Aircraft Industries,
Inc., 2009 WL 21000929 at *9 (Bankr. D. Colo. 2009)
(denying a class proof of claim and stating that, "In
the case at bar, the employees have already been
afforded one bite at the claims apple, and Scoggin has
not demonstrated a reason why they should receive a
second."); In re Bill Heard Enterprises, Inc. 400 B.R.
795, 805 (Bankr. N.D. Ala. 2009) (stating that "[t]he
Court further finds that the class is due to be
restricted to those employees that file proofs of claim
prior to the bar date...").

40.   Here, however, the Debtors do not know
whether any or all of the Unnamed Claimants filed proofs
of claim before the General Bar Date.   To the extent
that they did not, but are now permitted to obtain a

23

recovery through the Class Claim, the result would reduce the recovery, and therefore prejudice, the unsecured creditors that timely filed proofs of claim. This is especially true because the Class Claim is filed as a priority claim and, thus, would receive, full payment in full.  Cf. In re Bally Total Fitness of Greater New York, Inc., 402 B.R. 616, 622 (Bankr. S.D.N.Y. 2009) (denying class proof of claim because, in part, "the de facto expansion of the [b]ar [d]ate for notified class members who failed to file individual claims in a timely manner will violate due process and prejudice the rights of timely filers").

41.   Moreover, the claim administration process will be burdened with additional time consuming claim reconciliations on an individual basis for Gentry and the Unnamed Claimants.  Specifically, to the extent that the Unnamed Claimants were employed as of the Petition Date and received post-petition payments on account of pre-petition priority claims, the claim administration process would be further complicated by calculating the amount each Unnamed Claimant would be entitled to as a priority claim under the Class Claim.

24

This Court would need to reduce each Unnamed Claimant's
portion of the Class Claim by the amount such Claimant
has already received.  Similarly, if an Unnamed Claimant
filed a priority claim for amounts other than the
damages sought in the Class Claim, this Court would also
need to take such priority claim into consideration in
reconciling the Class Claim.  Undoubtedly, this process
would be burdensome and time consuming.

        42.   Consequently, allowing a class proof of
claim would unduly complicate and delay the
administration of the Debtors cases.

        **4.      The costs of litigating the Class Claim
                outweigh the benefits.**

        43.   While class action lawsuits are often
lauded for their ability to permit many people with
small claims to seek redress where cost might otherwise
be prohibitive as compared to the potential recovery,
such concerns are not persuasive when bankruptcy is the
alternative method of adjudication.  <u>Ephedra</u>, 329 B.R.
at 9 ("superiority of the class action vanishes when the
'other available method' is bankruptcy . . .").  This is
true because the bankruptcy "consolidates all claims in

one forum and allows claimants to file proofs of claim

without counsel and at virtually no cost." Id.

44.   In evaluating the costs and benefits

associated with allowing a class proof of claim,

bankruptcy courts have significant discretion. See

Ephedra, 329 B.R. at 10 (stating that "[t]he Court has

discretion under Rule 9014 to find that the likely total

benefit to the class members would not justify the cost

to the estate of defending a class action under Rule

23."). Indeed, if resolving the class claim has the

potential to interfere with distributions to creditors,

that fact "itself presents sufficient grounds to expunge

the class claims." Id. at 5.

45.   Here, the Class Action has been pending

for over six years. To resolve the Class Action the

parties would need to engage in at least three stages of

discovery – first with respect to class certification,

second with respect to the underlying liability, and

third with respect to damages. In addition, the parties

would be compelled to address various procedural issues

that are not common to traditional bankruptcy claim

administration. In particular, the Debtors would be

required to provide one or more additional notices to the members of any class certified.  As a result, the Debtors limited assets would be depleted to the detriment of the Debtors other creditors.  See Bally Total Fitness, 402 B.R. at 621 (finding that class certification adds layers of procedural and factual complexity to a case, which can "siphon the Debtors' resources").

46.   Furthermore, although one benefit of a class action may be deterring future conduct by the defendant, no such possible benefit is present in this case because the Debtors are no longer operating and are liquidating.  See Ephedra, 329 B.R. at 9 ("Under the Bankruptcy Code, general deterrence is not promoted at the expense of creditors. Whatever weight deterrence may have in a true reorganization, it has none in a liquidating plan like the one here.").

47.   Accordingly, for the reasons stated above, the Non-Dentry Class Claims should be disallowed and only the Gentry Claim should remain, subject to the Debtors right to object to such claim on any grounds governing law permits.

27

**RESERVATION OF RIGHTS**

48.   At this time, the Debtors have not
completed their review of the validity of all
claims/expenses filed against their estates, including
the Claim.  The Debtors reserve the right to further
object to any and all claims, whether or not the subject
of the Objection, for allowance, voting, and/or
distribution purposes, and on any grounds that
bankruptcy or non-bankruptcy law permits.  Furthermore,
the Debtors reserve the right to modify, supplement
and/or amend the Objection as it pertains to the Claim
herein or to Gentry and file additional objections to
the Claim, the Gentry Claim, and the Alleged Class Claim
and nothing herein shall prejudice such rights.

**NOTICE**

49.   Notice of this Objection has been
provided to Gentry and to those parties entitled to
notice under the Supplemental Order Pursuant to
Bankruptcy Code Sections 102 and 105, Bankruptcy Rules
2002 and 9007, and Local Bankruptcy Rules 2002-1 and
9013-1 Establishing Certain Notice, Case Management and

Administrative Procedures (D.I. 6208; the "Case

Management Order").

### WAIVER OF MEMORANDUM OF LAW

50.   Pursuant to Local Bankruptcy Rule 9013-

1(G), and because there are no novel issues of law

presented in the Objection, the Debtors request that the

requirement that all motions be accompanied by a written

memorandum of law be waived.

### NO PRIOR RELIEF

51.   No previous request for the relief sought

herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors request the Court to
enter the Order sustaining the Objection and granting
such other and further relief as the Court deems just
and proper.

Dated: Richmond, Virginia      SKADDEN, ARPS, SLATE, MEAGHER &
      February 25, 2010          FLOM, LLP
                                   Gregg M. Galardi, Esq.
                                   Ian S. Fredericks, Esq.
                                   P.O. Box 636
                                   Wilmington, Delaware 19899-0636
                                   (302) 651-3000

                                             - and -

                                   SKADDEN, ARPS, SLATE, MEAGHER &
                                     FLOM, LLP
                                   Chris L. Dickerson, Esq.
                                   155 North Wacker Drive
                                   Chicago, Illinois 60606-7120
                                   (312) 407-0700

                                             - and -

                                   MCGUIREWOODS LLP

                                   /s/ Douglas M. Foley_____
                                   Dion W. Hayes (VSB No. 34304)
                                   Douglas M. Foley (VSB No. 34364)
                                   One James Center
                                   901 E. Cary Street
                                   Richmond, Virginia 23219
                                   (804) 775-1000

                                   Counsel for Debtors and Debtors
                                   in Possession

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

                    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER PARTIALLY SUSTAINING THE DEBTORS NINETEENTH
OMNIBUS OBJECTION TO CLAIMS (RECLASSIFICATION OF CERTAIN
MISCLASSIFIED CLAIMS TO GENERAL UNSECURED, NON-PRIORITY
CLAIMS), AS SUPPLEMENTED, WITH RESPECT TO THE CLASS
CLAIM FILED BY ROBERT GENTRY**

        Upon consideration of the supplement to the

Nineteenth Objection to Claims (Reclassification of

Certain Misclassified Claims to General Unsecured, Non-

Priority Claims) with respect to the Claim of Robert

Gentry (the "Supplement"), attached as <u>Exhibit B</u> to the

Supplement; and the Court having determined that the

relief requested in the Supplement is in the best

interests of the Debtors, their estates, their

creditors, and other parties in interest; and it

appearing that proper and adequate notice of the

Objection and the Supplement has been given and that no

other or further notice is necessary; and upon the

record herein; and after due deliberation thereon; and

good and sufficient cause appearing therefor, it is

hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Objection is SUSTAINED to the extent

requested in the Supplement.

2.    Claim number 6039 (the "Claim") is hereby

modified from a class proof of claim to an individual

proof of claim and reduced to $73,365.60.

3.    The Debtors right to object to any claim,

including (without limitation) the Claim, on any grounds

that governing law permits are not waived and are

expressly reserved.

4.     To the extent that this Order conflicts with the Order on Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims) (D.I. 3703), this Order shall control.

5.     The Debtors shall serve a copy of this Order on Robert Gentry on or before five (5) business days from the entry of this Order.

6.     This Court shall retain jurisdiction with respect to all matters arising from or related to this Order.

Dated: Richmond, Virginia
       _____, 2010

       _____
       UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

             - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

             - and -

_/s/ Douglas M. Foley_____ _____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

        Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                              /s/ Douglas M. Foley_____
                              Douglas M. Foley

## EXHIBIT A

**(The Claim)**

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | Eastern District of Virginia | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>Circuit City Stores, Inc. | Case Number:<br>08-35653 (KRH) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Robert Gentry and all those similarly situated | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>C/o Righetti Law Firm, P.C., Matthew Righetti<br>456 Montgomery Street, Suite 1400<br>San Francisco, CA 94104<br><br>Telephone number:<br>(415) 983-0900 | Court Claim Number: N/A<br>(If known)<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br>See above.<br><br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**    $        7,070,131.60<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>✓ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:**   See Exhibit A attached.<br>(See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3. Last four digits of any number by which creditor identifies debtor:** _____<br><br>     **3a.** Debtor may have scheduled account as: _____<br>     (See instruction #3a on reverse side.) | ✓ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other<br>Describe:<br><br>Value of Property:$_____  Annual Interest Rate____%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____    Basis for perfection: _____<br><br>Amount of Secured Claim: $_____    Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | **Amount entitled to priority:**<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date:<br>01/12/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br> | FOR COURT USE ONLY<br>RECEIVED<br>JAN 13 2009<br>KURTZMAN CARSON CONSULTANTS |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return



0835653090113000000000186

# R I G H E T T I   L A W   F I R M ,   P . C .

456 MONTGOMERY STREET, SUITE 1400 • SAN FRANCISCO, CA 94104
PHONE: 415.983.0900 • TOLL FREE 800.447.5549
FAX: 415.397.9005 • www.righettilaw.com

---

## ENCLOSURE FOR YOUR INFORMATION

**January 12, 2009**

**To:**   **Clerk of the Court**

---

**Re:**   08-35653 In re: Circuit City Stores, Inc.

---

**Enclosed please find the original plus 2 copies of**

- PROOF OF CLAIM WITH EXHIBIT A

**Please file today and return one copy of the conformed documents to Righetti Law Firm in the self-addressed stamped envelope provided.**

**Please let me know if you have any problems with this filing, and thank you.**

**Sincerely,**
**Sarah Minkus**
(415) 983-0900

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
-----------------------------------------------------x
In re:                                       :
                                             :        Chapter 11
CIRCUIT CITY STORES, INC., et al.            :        Case No. 08-35654
                                             :
                   Debtors                   :        Jointly Administered with
                                             :        Case No. 08-35653
-----------------------------------------------------x
```

## EXHIBIT A TO PROOF OF CLAIM

The case entitled Gentry v. Circuit City, Inc. was filed on August 29, 2002, in the Los Angeles Superior Court, Case No. BC280631. The case covers all California-based salaried customer service managers who worked overtime for Defendant, Circuit Stores, Inc. et al., and were not paid overtime wages from within the four years preceding the filing of the complaint and up to the time Defendants re-classified the position to non-exempt status, and thus, eligible for overtime. Mr. Gentry held the position of customer service manager for Circuit City. The company eliminated his in 2001. Mr. Gentry's ending salary was $32,000. The calculations were arrived at by using the dates of August 29, 1998 to March 31, 2001.

To calculate the value of the Gentry v. Circuit City action the following formula was used:

Hourly rate $15.38
x 1.5 (time and a half)
= $23.07
x Overtime hours of 20 hours per week
= $461.40
x work weeks (151)
=$69,671.40
x the number of Circuit City, Inc. Stores (72 Stores)
=$5,016,640.80

To calculate the waiting time penalties for the Gentry action the following formula was used:

Hourly rate ($15.38)
x Hours per day (8)
x 30 Days
= $3,691.20

1

EXHIBIT A TO PROOF OF CLAIM

x # of employees employed at Circuit City, Inc. Stores (138)
=$509,385.60

Attorneys Fees (Righetti Law Firm, P.C.)
20% of Overtime and Waiting Time Totals
=$1,105,205.20

Attorney's Fees (Ellen Lake) Law Office Of Ellen Lake
=$438,900  [627 hrs]

**Totals of Overtime, Waiting Time Penalties and Attorneys fees**: $7,070,131.60

EXHIBIT A TO PROOF OF CLAIM

<u>**EXHIBIT B**</u>

**(The Gentry Complaint)**

Los Angeles Superior Court

AUG 2 9 2002

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
STEPHANIE SIANEZ

COPY

1 | MATTHEW RIGHETTI, ESQ.   {121012}
2 | EDWARD J. WYNNE, ESQ.   {165819}
  | JOHN GLUGOSKI, ESQ.   {191551}
3 | RIGHETTI ♦ WYNNE, P.C.
  | 456 Montgomery Street, Suite 1400
4 | San Francisco, CA 94104
  | Telephone:   (415) 983-0900
5 | Facsimile:   (415) 397-9005

6

7

8 |                SUPERIOR COURT OF CALIFORNIA,

9 |                    LOS ANGELES COUNTY     BC280631

10

11 | ROBERT GENTRY, individually          NO.
12 | and on behalf of other members of
   | the general public similarly situated   CLASS ACTION

13

14 |              Plaintiff,              COMPLAINT

15 | vs.                                 1. Violation of Labor Code;
                                         2. Violation of B & § 17200, et seq;
16                                       3. Conversion

17 | CIRCUIT CITY STORES, INC.,
   | and DOES 1 through 50, inclusive

18

19 |              Defendants.

20

21

22 |                FIRST CAUSE OF ACTION

23 |     COMES NOW, plaintiff, an individual over the age of eighteen (18), and brings this

24 | challenge to defendant's lucrative, repressive and unlawful business practices on behalf of

25 | himself and a class of all others similarly situated and for a Cause of Action against defendants,

26

27 | _____

28 |                          1

COMPLAINT
[CLASS ACTION]

1    CIRCUIT CITY STORES, INC, and DOES 1-50, inclusive, (hereinafter defendants) and each of

2    them, alleges as follows:

3

4                    **THE PARTIES, JURISDICTION AND VENUE**

5                                    1.

6        This class action is brought pursuant to §382 of the California Code of Civil Procedure.

7    The monetary damages and restitution sought by plaintiff exceed the minimal jurisdiction limits

8    of the Superior Court and will be established according to proof at trial. The monetary damages

9    sought on behalf of each and every member of the class and as aggregate class damages exceed

10   those jurisdictional limits as well. However, the claims of individual class members, including

11   plaintiff, are under the $75,000 jurisdictional threshold for federal court. For example, a class

12   member who was or has been employed for a relatively brief period could never reasonably be

13   expected to receive a recovery of $75,000 or more. Further there is no federal question at issue,

14   as exempt status questions and remedies relating thereto are based solely on California law and

15   statutes, including the Labor Code, Civil Code, Code of Civil Procedure, and Business and

16

17   Professions Code.

18                                    2.

19       Venue is proper in Los Angeles County as said defendants own/owned and

20   operate/operated retail stores in the County of Los Angeles and because plaintiff worked in

21   several stores within Los Angeles (Culver City, Lakewood, etc.). Defendants' liability arose in

22   Los Angeles County and many of the wrongful acts complained of occurred in that county.

23   Plaintiff is informed and believes and thereon alleges that at all times herein mentioned

24

25

26

27                               2

28

1 | defendants include both individuals who reside in California and corporations licensed to do

2 | business and actually doing business in the State of California.

3 |

                3.

4 |

5 |     Defendants own/owned and operate/operated an industry, business and establishment in

6 |

7 | over 100 separate geographic locations within the State of California, including within Los

8 | Angeles County, for the purpose of operating a retail store to sell goods.  As such, and based

9 | upon all the facts and circumstances incident to defendants' business in California, defendants are

10 | subject to California Labor Code Sections 1194, et seq., 500, et seq., California Business and

11 | Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s)

12 | issued by the Industrial Welfare Commission.

13 |

                4.

14 |

15 |     At all times herein mentioned plaintiff and the class identified herein worked for

16 | defendants as salaried customer service managers in defendant's California based retail stores.

17 | The salaried customer service manager position is not a position which involves work which falls

18 | within any exception to the above-referenced Labor Code sections, the Unfair Practices Act

19 | and/or California Industrial Welfare Commission orders applicable to defendants' business.

20 | Within the last four years, plaintiff has been an employed as a customer service manager for

21 | defendants.

22 |

                5.

23 |     Plaintiff does not know the true names or capacities, whether individual, partner or

24 | corporate, of the defendants sued herein as DOES 1 through 50, inclusive, and for that reason,

25 | said defendants are sued under such fictitious names, and plaintiff prays leave to amend this

26 | complaint when the true names and capacities are known.  Plaintiff is informed and believes and

27 |

28 |

COMPLAINT
[CLASS ACTION]

*3*

thereon alleges that each of said fictitious defendants was responsible in some way for the matters alleged herein and proximately caused plaintiff and members of the general public and the class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

### 6.

At all times herein mentioned, each of said defendants participated in the doing of the acts hereinafter alleged to have been done by the named defendants; and furthermore, the defendants, and each of them, were the agents, servants and employees of each of the other defendants, as well as the agents of all defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

### 7.

At all times herein mentioned, defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

### 8.

At all times herein mentioned, the acts and omissions of various defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other defendants in proximately causing the injuries and damages as herein alleged.

### 9.

At all times herein mentioned, defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the defendants, and each of them, aided and abetted the acts and omissions of each and all of the other defendants in proximately causing the damages as herein alleged. Further, at all times mentioned herein, the wage and hour related compensation policies of stores in California are and were dictated by, controlled by, and ratified by the defendants herein and each of them.

4

COMPLAINT
[CLASS ACTION]

4

## FACTUAL ALLEGATIONS

### 10.

Plaintiff and all members of the class identified herein were regularly scheduled as a matter of uniform company policy to work and in fact worked as salaried customer service managers in excess of eight hours per workday and/or in excess of forty hours per workweek without receiving straight time or overtime compensation for such overtime hours worked in violation of California Labor Code Section 1194 and the applicable California Industrial Welfare Commission wage order(s). Plaintiff and the other members of the class were improperly and illegally mis-classified by defendants as "exempt" managerial/executive employees when, in fact, they were "non-exempt" non-managerial employees according to California law. Plaintiff and the other members of the class have the right to be compensated by defendants at the appropriate compensatory wage rate for said work heretofore performed, consisting of the straight time rate plus the appropriate overtime premium as mandated by California law.

### 11.

This complaint is brought by plaintiff pursuant to California Code of Civil Procedure section 382 on behalf of a class. All claims alleged herein arise under California law for which plaintiff seeks relief authorized under California law. The class is comprised of, and defined as:

> All California based salaried customer service managers who worked overtime for defendants and were not paid overtime wages from within the four years preceding the filing of this complaint and up to the time defendants re-classified the position to non-exempt status.

The members of the class are so numerous that joinder of all members would be impractical, if not impossible. The members of the class are readily ascertainable by a review of defendants' records. Further, the subject matter of this action both as to factual matters and as to matters of law, are such that there are questions of law and fact common to the class which predominate over questions affecting only individual members including, among other things, the following:

5

a.      Statistically, one hundred percent of the class members were paid on a salary basis with no overtime compensation paid for work accomplished in excess of forty hours per week, or eight hours per day.  Plaintiff is informed and believes and based thereon alleges that all class members failed to meet the exemption requirements of California law such as 1) regularly spend more than 50% of their time performing exempt work; 2) customarily and regularly exercised discretion and independent judgment and; 3) have authority to hire and fire.  Thus, plaintiff and the class members were not exempt from the overtime requirements of California law for that reason;

b.      Defendants uniformly administered a corporate policy concerning both staffing levels and duties and responsibilities of the class members which required that the class members both work overtime without pay and regularly spend more than 50% of their time performing non-exempt tasks.  This included a uniform corporate pattern and practice of allocating and authorizing inadequate staffing levels at the individual stores.  This corporate conduct had the effect of placing customer service and other clerical "non-management" duties and responsibilities onto the shoulders of the class members who were customarily and regularly caused to work far in excess of forty hours in a week and/or eight hours in a day without pay. Thus, plaintiff and all other members of the class routinely, regularly and customarily (i.e., well in excess of 50% of their work time) performed non-exempt, non-managerial work and work that did not regularly involve discretion and independent judgment.  Therefore, such employees are entitled to overtime compensation under California law.

c.      The duties and responsibilities of the salaried customer service manager position at the defendants' stores were virtually identical from region to region, district to district, store to store, and, employee to employee. Further, any variations in job activities between the different individuals in these positions are legally insignificant to the issues presented by this action since the central facts remain, to wit: these employees performed non-exempt work in excess of 50% of the time in their workday, these employees did not regularly exercise discretion and

6

1   independent judgment; these employees' work routinely included work in excess of 40 hours per

2   week and/or 8 hours per day and they were not, and have never been, paid overtime

3   compensation for their work.

4          d.      With respect to those members of the class who were discharged by defendants or

5   voluntarily quit, and did not have a written contract for employment.  The defendants, in

6   violation of California Labor Code Sections 201, and 202, et seq., respectively, had a consistent

7   and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid

8   wages of all such former employees.  The defendants have willfully failed to pay the earned and

9   unpaid wages of such individuals, including, but not limited to, regular time, overtime, and other

10  wages earned and remaining uncompensated according to amendment, or proof.

11                                        **12.**

12         As a pattern and practice, also in violation of the aforementioned labor laws and wage

13  orders, defendants did not maintain any records pertaining to when salaried customer service

14  managers began and ended each work period, meal period, the total daily hours worked, and the

15  total hours worked per pay period and applicable rates of pay.

16                                        **13.**

17         There are predominant common questions of law and fact and a community of interest

18  amongst plaintiff and the claims of the absent class members concerning whether defendants'

19  regular business custom and practice of requiring substantial "overtime" work and not paying for

20  said work according to the overtime mandates of California law is, and at all times herein

21  mentioned was, in violation of California Labor Code Sections 1194 and 500, et seq., the Unfair

22  Practices Act and the applicable California Industrial Welfare Commission wage orders.

23  Defendants' employment policies and practices wrongfully and illegally failed to compensate

24  salaried customer service managers for substantial overtime compensation earned as required by

25  California law.  For instance, questions of fact and/or law common to the members of the

26

27                                          7

28

7

1 | aforesaid class -- which predominate over any questions which may affect only individual

2 | members -- are:

3 |           i.      Whether defendants' salaried customer service managers were classified as

4 | "exempt" in violation of California law;

5 |           ii.     Whether defendants uniformly failed to pay overtime wages to its salaried

6 | customer service managers by virtue of defendants' unlawful class wide designation of such

7 | employees as "exempt" in violation of California law;

8 |           iii.    Whether plaintiffs and the class could waive the wage and hour laws

9 | designed for their benefit under California law, whether such waivers violate public policy and

10 | whether such waivers were voluntary, knowing and valid;

11 |           iv.     Whether defendants' conduct constituted an illegal, or unfair, business

12 | practice in violation of California law;

13 |           v.      Whether plaintiff and the class are entitled to compensatory damages

14 | pursuant to the California Labor Code;

15 |           vi.     Whether plaintiff and the class are entitled to injunctive relief, including

16 | restitution and/or disgorgement of profits pursuant to California law.

17 |           vii.    What is the correct computation formula for the payment of overtime in

18 | California as to salaried workers?

19 |           viii.   What work is customarily and regularly accomplished by class members in

20 | defendants' stores and what category (exempt or non-exempt) does that work properly fall into?

21 |           ix.     What are the realistic requirements of the customer service manager job?

22 |           x.      What are the expectations of defendants vis-à-vis the class members job

23 | performance?

24 |           xi.     Who has the burden of proof on the exemption issue?

25 |

26 |

27 |

28 |

8

COMPLAINT
[CLASS ACTION]

xii.    Can defendant rely on the "sole charge" or "primary duty" exemption standards applicable under federal law, or must defendant comply with California's more strict quantitative exemption standards?

### 14.

The claims of plaintiff are typical of the claims of all members of the class. Plaintiff, as a representative party, will fairly and adequately protect the interests of the class by vigorously pursuing this suit through attorneys who are skilled and experienced in handling civil litigation of this type.

### 15.

The California Labor Code and wage order provisions upon which plaintiff asserts these claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee was required to file an individual lawsuit, the corporate defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

COMPLAINT
[CLASS ACTION]

*9*

16.

The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (1) inconsistent or varying adjudications with respect to individual class members against the defendants and which would establish potentially incompatible standards of conduct for the defendants, and/or (2) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

17.

Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation, as described herein, is unlawful and creates an entitlement to recovery by the plaintiff and the class identified herein, in a civil action, for the unpaid balance of the full amount of the straight time compensation and overtime premiums owing, including interest thereon, willful penalties, reasonable attorneys fees, and costs of suit according to the mandate of California Labor Code Section 1194, et seq.

18.

Proof of a common business practice or factual pattern, of which the named plaintiff's experiences are representative, will establish the right of each of the members of the plaintiff class to recovery on the causes of action alleged herein.

19.

The plaintiff class is entitled in common to a specific fund with respect to the overtime compensation monies illegally and unfairly retained by defendants. The plaintiff class is entitled in common to restitution and disgorgement of those funds being improperly withheld by

10

1   defendants. This action is brought for the benefit of the entire class and will result in the creation

2   of a common fund.

3        WHEREFORE, Plaintiff on his own behalf and on behalf of the members of the class,

4   prays for judgment as hereinafter set forth.

5

6                           ## SECOND CAUSE OF ACTION

7        COME NOW, plaintiff, individually and on behalf of both the class and the general

8   public and as a second, separate and distinct cause of action against defendants, and each of

9   them, alleges as follows:

10                                    20.

11       Plaintiff herein repeats and re-alleges as though fully set forth at length each and every

12  paragraph of this Complaint, excepting those paragraphs which are inconsistent with this cause

13  of action for relief regarding defendants' violations of Business and Professions Code 17200 et

14  seq. (Unfair Practices Act).

15                                    21.

16       Defendants, and each of them, have engaged in unfair business practices in California by

17  practicing, employing and utilizing the employment practices outlined in Paragraphs 10 through

18  13, inclusive, to wit, by requiring their salaried customer service managers to perform the labor

19  services complained of herein without overtime compensation. Defendants' utilization of such

20  unfair business practices constitutes unfair competition and provides an unfair advantage over

21  defendants' competitors. Plaintiff -- and other similarly situated members of the general public --

22  seek full restitution and disgorgement of monies, as necessary and according to proof, to restore

23  any and all monies withheld, acquired and/or converted by the defendants by means of the unfair

24  practices complained of herein. Plaintiff seeks, on his own behalf and on behalf of the general

25  public, the appointment of a receiver, as necessary. The acts complained of herein occurred, at

26

27                                    11

28                                                          COMPLAINT
                                                          [CLASS ACTION]

                                                          //

1  least in part, within the last four (4) years preceding the filing of the original complaint in this

2  action.

3                                    22.

4      Plaintiff is informed and believes and on that basis alleges that at all times herein

5  mentioned defendants have engaged in unlawful, deceptive and unfair business practices, as

6  proscribed by California Business and Professions Code section 17200, including those set forth

7  in Paragraphs 10 through 13 herein thereby depriving plaintiff and other members of the general

8  public the minimum working condition standards and conditions due to them under the

9  California labor laws and Industrial Welfare Commission wage orders as specifically described

10  herein.

11                                   23.

12

13      Plaintiff, and all persons similarly situated, are further entitled to and do seek a both a

14  declaration that the above-described business practices are unfair, unlawful and/or fraudulent and

15  injunctive relief restraining defendants from engaging in any of such business practices in the

16  future.  Such misconduct by defendants, unless and until enjoined and restrained by order of this

17  Court, will cause great and irreparable injury to all members of the class in that the defendants

18  will continue to violate these California laws, represented by labor statutes and IWC Wage

19  Orders, unless specifically ordered to comply with same.  This expectation of future violations

20  will require current and future employees to repeatedly and continuously seek legal redress in

21

22  order to gain compensation to which they are entitled under California law.  Plaintiff has no other

23  adequate remedy at law to insure future compliance with the California labor laws and wage

24  orders alleged to have been violated herein.

25

26

27                                   12

28

## THIRD CAUSE OF ACTION

COME NOW, plaintiff, individually and on behalf of a class and as a third, separate and distinct cause of action against defendants, and each of them, alleges as follows:

### 24.

Plaintiff herein repeats and re-alleges as though fully set forth at length each and every paragraph of this Complaint, excepting those paragraphs which are inconsistent with this cause of action for Conversion.

### 25.

At the time defendants refused to pay the wages due to plaintiff and the class, as alleged herein. Plaintiff owned and had the right to possess the withheld wages. Defendants willfully and without legal justification interfered with plaintiff's right to own and possess her wages. The exact amount of those wages is capable of being made certain from a review of either the information of plaintiff and class members, or from the records of defendants.

### 26.

In refusing to pay wages to the plaintiff and the class defendants unlawfully and intentionally took and converted the property of plaintiff and the class to their own use. At the time the conversion took place plaintiff and the class were entitled to immediate possession of the amounts of wages payable. This conversion was oppressive, malicious and fraudulent. This conversion was concealed by the defendants from the plaintiff and the class.

### 27.

Plaintiff and the class have been injured by this conversion and are entitled to:  (1) all monies converted by the defendants with interest thereon; (2) any and all profits whether direct or indirect, the defendants acquired by their conversion; (3) punitive and exemplary damages.

WHEREFORE, plaintiff on his own behalf and on behalf of the members of the class and the general public, prays for judgment as follows:

---

13

COMPLAINT
[CLASS ACTION]

*13*

1     1.    For an order certifying the proposed class and sub-classes;

2     2.    Upon the First Cause of Action, for damages according to proof as set forth in California Labor Code Section 1194, et seq. (and the applicable California Industrial Welfare Commission wage orders) related to wages due and owing and for restitution to plaintiff and the class, including waiting time penalties owed;

3.    Upon the Second Cause of Action, for full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the defendants by means of the unfair practices complained of herein to plaintiff and other similarly effected members of the general public (and disgorgement from defendants) of all funds acquired by defendants by means of any acts or practices declared by this Court to be violative of the mandate established by California Business and Professions Code section 17200, et seq. Plaintiff seeks, on his own behalf and on behalf of the general public, the appointment of a receiver, as necessary.

4.    Upon the Second Cause of Action, that defendants be ordered to show cause why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders and labor code laws related to payment of overtime compensation and record keeping for defendants' salaried customer service manager personnel who are primarily engaged in non-exempt non-discretionary work and work more than 40 hours per week or 8 hours per day; and for an order enjoining and restraining defendants and their agents, servants and employees related thereto;

5.    Upon the Second Cause of Action, for the appointment of a receiver to receive, manage and distribute any and all funds disgorged from the defendants determined to have been wrongfully acquired by the defendants as a result of violations of California Business and Professions Code section 17200 et seq.;

14

6.     Upon the Third Cause of Action, for (1) all monies converted by the defendants with interest thereon; (2) any and all profits whether direct or indirect, the defendants acquired by their conversion; (3) punitive and exemplary damages.

7.     For pre-judgment interest as allowed by California Labor Code Sections 1194 and 218.6 and California Civil Code § 3287 for all class members (b), for waiting time penalties as authorized by California Labor Code Section 203 for those individuals no longer employed by defendants;

8.     For reasonable attorneys fees, expenses and costs as provided by California Labor Code Section 1194, et seq. and other applicable California laws; and,

9.     For such other and further relief the court may deem just and proper.

DATED:         August 28, 2002          RIGHETTI ✦ WYNNE, P.C.



Matthew Righetti
Counsel for Plaintiff
and the Class

15

COMPLAINT
[CLASS ACTION]

/5