Gregg M. Galardi, Esq.            Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.           Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                         One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR AND MEMORANDUM OF LAW IN SUPPORT OF
SUMMARY JUDGMENT ON THIRTY-FIRST OMNIBUS OBJECTION TO
CLAIMS (DISALLOWANCE OF CERTAIN LEGAL CLAIMS) WITH
RESPECT TO THE CLASS CLAIM OF JOSEPH SKAF**

        The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors")[1],

pursuant to sections 105, 502 and 507 of title 11 of the

United States Code (the "Bankruptcy Code"), Rules 2002,

3007, 7056, 9007 and 9014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule

56 of the Federal Rules of Civil Procedure (the "Civil

Rules"), submit this combined motion for and memorandum

of law in support of summary judgment (the "Motion") on

the Objection[2] (as defined herein) with respect to the

Class Claim (as defined herein) of Joseph Skaf ("Skaf"

or the "Claimant").   In support of the Motion, the

Debtors respectfully represent as follows:

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc.
      (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
      Inc. (0875), Ventoux International, Inc. (1838), Circuit City
      Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
      Distribution Company of Virginia, Inc. (2821), Circuit City
      Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
      Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
      Sky Venture Corp. (0311), PRAHS, INC. (n/a), XSStuff, LLC (9263),
      Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
      LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
      for Circuit City Stores West Coast, Inc. is 9250 Sheridan
      Boulevard, Westminster, Colorado 80031.  The address for the
      Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA
      23060.

[2]   Capitalized terms not otherwise defined herein shall have the
      meanings ascribed to them in the Objection.

**PROCEDURAL BACKGROUND**

1.    On January 30, 2009, Skaf filed claim
number 8717 ("Claim No. 8717" or the "Class Claim") on
behalf of himself, Gustavo Garcia ("Garcia"), Miguel
Perez ("Perez")[3], and "all those similarly situated"
(such additional persons, the "Unnamed Claimants").  A
copy of the Class Claim is attached as Exhibit A.

2.    On August 20, 2009, the Debtors filed the
Debtors' Thirty-First Omnibus Objection to Claims
(Disallowance of Certain Legal Claims) (D.I. 4585; the
"Objection").

3.    Skaf filed a preliminary response to the
Objection. (D.I. 4946, the "Response"), contending that
disallowance is improper.

4.    On October 16, 2009, this Court entered
the Order on the Debtors' Thirty-First Omnibus Objection
(D.I. 5294; the "Order"), under which the Thirty-First
Omnibus Objection was adjourned with respect to the
Class Claim.

5.    By this Motion, the Debtors hereby seek
to reclassify the entire Class Claim to a general

---

[3]    The Debtors do not believe that individual proofs of claim have
been filed by Garcia or Perez.

unsecured, non-priority claim.  In addition,
contemporaneously herewith, the Debtors have filed a
supplement to the Objection pursuant to which the
Debtors seek to disallow the Class Claim with respect to
the Unnamed Claimants.

**STATEMENT OF MATERIAL FACTS**

      6.   The following material facts are not in
dispute:

**A.   The Class Action Complaint.**

      7.   The Class Claim is premised on a class
action complaint (the "Skaf Complaint") filed in Los
Angeles Superior Court in California on December 19,
2008.  See Skaf Complaint, p. 1.  A copy of the Skaf
Complaint is attached as Exhibit B.  To date, there has
been no certification of a class.

      8.   As a result of the Debtors' bankruptcy,
the lawsuit was stayed.

      9.   In the lawsuit, Skaf, on behalf of
himself, Garcia, Perez, and the Unnamed Claimants, seeks
two forms of relief.  First, Skaf seeks damages for
violations of the California Labor Code and Business and
Professions Code.  See Skaf Complaint, p. 1.  Second,

Skaf also seeks injunctive relief against Circuit City on account of the alleged labor violations. See Skaf Complaint, p. 22.

**B.    The Class Claim.**

10.   By the Class Claim, Skaf seeks damages for himself, Garcia, Perez, and the Unnamed Claimants totaling $95,501,550.00 for the period from June, 1998 to January, 2008. See Claim No. 8717, Exhibit A at 1. In addition, Skaf alleges that the Class Claim is entitled to priority under 11 U.S.C. § 507(a)(4). See Claim No. 8717.

11.   As set forth in the Class Claim, Skaf was not employed by Circuit City after May, 2007; Garcia was not employed by Circuit City after June, 2006; and Perez was not employed by Circuit City after January, 2008. Claim No. 8717, Exhibit A at 1.

**ARGUMENT**

**I.    STANDARD FOR SUMMARY JUDGMENT.**

12.   Under section 502(a), a party in interest, including the debtor, may object to claims. See 11 U.S.C. § 502(a). In turn, Bankruptcy Rule

5

3007(a) provides that such objection must be in writing
and filed with the Court.  Fed. R. Bankr. P. 3007(a).

13.  Claim objections are contested matters
pursuant to Bankruptcy Rule 9014.  In re IBIS Corp., 272
B.R. 883, 893 (Bankr. E.D. Va. 2001) ("Objections to
proofs of claims are contested matters governed by Fed.
R. Bankr. P. 9014.").  As in the case of all other
contested matters, Bankruptcy Rule 7056, which
incorporates Civil Rule 56, applies to claim objections.
See Fed. R. Bankr. P. 9014(c).

14.  Pursuant to Civil Rule 56(b), "[a] party
against whom relief is sought may move at any time, with
or without supportive affidavits, for summary judgment
on all or part of the claim."  Fed. R. Civ. P. 56(b).
"Summary judgment is appropriate if there is no genuine
issue as to any material fact and the moving party is
entitled to judgment as a matter of law."  In re US
Airways, Inc., No. 1:06CV539, 2006 WL 2992495, at *4
(E.D. Va. 2006) (citing Celotex Corp. v. Catrett, 477
U.S. 317, 322-23 (1985)).

15.  The United States Supreme Court has held
that summary judgment is not a disfavored procedural

6

shortcut, but rather an integral part of the Civil Rules

as a whole, which are designed "to secure the just,

speedy and inexpensive determination of every action."

Sibley v. Lutheran Hosp. of Md., Inc., 871 F.2d 479, 483

n.9 (4th Cir. 1989) (citing Celotex, 477 U.S. at 327).

16.    In this regard, a court may properly

grant summary judgment when:

> Although each side in its submissions has
> presented a different characterization of the
> facts . . . and has argued different
> conclusions which the court should draw from
> those facts, there is little dispute as to
> actual facts and no dispute of material facts
> relevant to the determination of the causes of
> action.

In re Conn. Pizza, Inc., 193 B.R. 217, 220 (Bankr. D.

Md. 1996); see also Goodman v. Resolution Trust Corp., 7

F.3d 1123, 1124 (4th Cir. 1993) (finding that summary

judgment is appropriately granted where there are "no

relevant disputes of material fact" (emphasis added)).

## II.    THE CLASS CLAIM SHOULD BE RECLASSIFIED TO A GENERAL UNSECURED, NON-PRIORITY CLAIM BECAUSE THE CLASS CLAIM DOES NOT SATISFY THE REQUIREMENTS OF SECTION 507(A)(4).

17.    Bankruptcy Code section 507(a)(4)[4]

---

[4]    The current section 507(a)(4) was "renumbered from section
507(a)(3) to section 507(a)(4) by the Bankruptcy Abuse Prevention
and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 212

provides, in relevant part, that priority will be

granted to:

> [a]llowed unsecured claims, but only to the
> extent of $10,950 for each individual or
> corporation, as the case may be, earned within
> 180 days before the date of the filing of the
> petition or the date of the cessation of the
> debtor's business, whichever occurs first,
> for—
>
> (A) wages, salaries, or commissions, including
> vacation, severance, and sick leave pay earned
> by an individual[.]

11 U.S.C. § 507(a)(4).

18.  In order to qualify for section 507(a)(4)

priority, wages must be "earned" within the 180 day

priority period.  Courts have repeatedly found that

payments are "earned," for purposes of section 507(a)(4)

priority, at the time the employee's services are

provided.  See In re Northwest Engineering Co., 863 F.2d

1313, 1314-17 (7th Cir. 1988) (separating the work

requirement from the vesting requirement and concluding

that "the employee gets a priority equal to the value of

---

(2005), effective in cases commenced on or after October 17,
2005." Collier on Bankruptcy, 15th Ed. Revised, 2009, ¶ 507.05,
n. 1.  Accordingly, all references to section 507(a)(3) in this
Motion should be construed as referring to the current section
507(a)(4).  It should also be noted that prior versions of this
provision had a shorter (90 day) priority period.  As a result,
some cases cited in this memorandum reference such 90 day period,
which has since been amended to 180 days.

services rendered in the 90 days before bankruptcy");

Powers v. Centennial Commc'ns Corp., 2009 WL 5170161 *7

(N.D. Ind. 2009) (noting that bankruptcy courts focus on

the time services were performed when determining when

the right to commissions are earned, rather than when

they are payable); In re Ionosphere Clubs, 154 B.R. 623,

626 (Bankr. S.D.N.Y. 1993) (approving of bankruptcy

judge's holding that "only vacation pay earned for work

actually performed within the 90-day period qualified

for inclusion as a third priority claim").[5]

19.  As Skaf alleges in the Class Claim, Skaf

seeks damages for himself, Garcia, Perez, and the

Unnamed Claimants for overtime and waiting time related

to services performed between June, 1998 and January,

2008.  Consequently, if Skaf, Garcia, Perez, or the

---

[5]  See also In re T & B.C. Coal Mining, Case No. 90-70714, 1993
Bankr. LEXIS 2315, *4 (Bankr. E.D. Ky. 1993) (citing cases under
the Bankruptcy Act for the proposition that "wages are 'earned'
when the work is performed"); In re Cardinal Industries, 160 B.R.
83, 85 (Bankr. S.D. Ohio 1993) ("the timing of the payment on
account of an earned bonus or commission should not be the focus
of the analysis under 11 U.S.C. § 507(a)(3)(A).  Rather, the
focus should be upon the time the individual performed the
services which gave rise to the right to the bonus or commission.
'Earned' for purposes of priority, therefore, may not always be
synonymous with 'payable'."); In re Myer, 197 B.R. 875, 877
(Bankr. W.D. Mo. 1996) (noting that "[p]riority status is
available only for actual services performed and commissions
earned" and that "analysis of when § 507(a)(3) priority arises
focuses on the time the individual performed the services giving
rise to the right to the commissions").

Unnamed Claimants are entitled to any damages, such damages are for services performed, and therefore, damages allegedly "earned," during a period well before the 180 days prior to the Petition Date.

20.   Moreover, as stated in the Class Claim, Skaf's, Garcia's, and Perez's dates of employment by Circuit City ended in 2007, 2006, and January, 2008, respectively.   Thus, Skaf, Garcia, and Perez did not have any ability to "earn" "wages, salaries, or commissions" within the 180 days prior to the Petition Date.

21.   Accordingly, the Class Claim does not satisfy the requirements of Bankruptcy Code section 507(a)(4) and should therefore be reclassified to a general unsecured, non-priority claim.

**NOTICE**

22.   Notice of this Motion has been provided to Skaf and those parties entitled to notice under the Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain

Notice, Case Management and Administrative Procedures

(D.I. 6208; the "Case Management Order").

### WAIVER OF MEMORANDUM OF LAW

23.   Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in this Motion, the Debtors request that the requirement that all motions be accompanied by a written memorandum of law be waived.

### NO PRIOR RELIEF

24.   No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this Court grant the relief requested herein and such other and further relief as may be just and proper.

Dated: Richmond, Virginia
      February 25, 2010

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and -

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606-7120
(312) 407-0700

      - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

Gregg M. Galardi, Esq.             Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.            Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &    MCGUIREWOODS LLP
FLOM, LLP                          One James Center
One Rodney Square                  901 E. Cary Street
PO Box 636                         Richmond, Virginia 23219
Wilmington, Delaware 19899-0636    (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                     :    Chapter 11
                           :
CIRCUIT CITY STORES, INC., :    Case No. 08-35653 (KRH)
et al.,                    :
                           :
            Debtors.       :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER GRANTING DEBTORS' MOTION FOR AND MEMORANDUM OF LAW
IN SUPPORT OF SUMMARY JUDGMENT ON THIRTY-FIRST OMNIBUS
OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN LEGAL
CLAIMS) WITH RESPECT TO THE CLASS CLAIM OF JOSEPH SKAF**

          Upon the Debtors' motion for summary judgment

(the "Motion"), pursuant to Bankruptcy Code section 105,

502 and 507, Rules 2002, 3007, 7056, 9007 and 9014 of

the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and Rule 56 of the Federal Rules of
Civil Procedure (the "Civil Rules"), on the Debtors'
Thirty-First Omnibus Objection to Claims (Disallowance
of Certain Legal Claims) with respect to the Claim of
Joseph Skaf, attached as <u>Exhibit B</u> to the Motion; and
the Court having determined that the relief requested in
the Motion is in the best interests of the Debtors,
their estates, their creditors, and other parties in
interest; and it appearing that proper and adequate
notice of the Motion has been given and that no other or
further notice is necessary; and upon the record herein;
and after due deliberation thereon; and good and
sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Motion is GRANTED.

2.    Claim number 8717 (the "Claim") is hereby
reclassified to a general unsecured, non-priority Claim.

3.    The Debtors right to object to any claim,
including (without limitation) the Claim, on any grounds
that governing law permits are not waived and are
expressly reserved.

2

4.    To the extent that this Order conflicts
with the Order on the Debtors' Thirty-First Omnibus
Objection (D.I. 5294), this Order shall control.

5.    The Debtors shall serve a copy of this
Order on Robert Gentry on or before five (5) business
days from the entry of this Order.

6.    This Court shall retain jurisdiction with
respect to all matters arising from or related to this
Order.

Dated: Richmond, Virginia
_____, 2010


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

            - and -

_/s/ Douglas M. Foley____ _____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession


   **CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

        Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                          /s/ Douglas M. Foley_____
                          Douglas M. Foley

4

## EXHIBIT A

**(The Class Claim)**

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT  Eastern District of Virginia | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Circuit City Stores, Inc. | Case Number:<br>08-35653 KRH |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Joseph Skaf and all those similarly situated | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>C/o The Aiwazian Law Firm, Edwin Aiwazian<br>330 Arden Avenue, Suite 205<br>Glendale, CA 91203<br>Telephone number:<br>(818) 265-1020 | **Court Claim Number:** N/A<br>(*If known*)<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br>C/o The Aiwazian Law Firm, Edwin Aiwazian<br>330 Arden Avenue, Suite 205<br>Glendale, CA 91203<br>Telephone number:<br>(818) 265-1020 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**  $_____95,501,550.00\_\_\_\_\_$<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:**  See Exhibit A attached.<br>(See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3.** Last four digits of any number by which creditor identifies debtor: _____<br><br>   **3a.** Debtor may have scheduled account as: _____<br>   (See instruction #3a on reverse side.) | ☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:**  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other<br>**Describe:**<br><br>**Value of Property:**$_____  **Annual Interest Rate**___%<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>if any: $_____  Basis for perfection: _____<br><br>**Amount of Secured Claim** $_____  **Amount Unsecured** $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___). |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | **Amount entitled to priority:**<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| | |
|---|---|
| Date:<br>01/29/2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Edwin Aiwazian* | FOR COURT USE ONLY<br>**RECEIVED**<br><br>JAN 30 2009<br><br>KURTZMAN CARSON CONSULTANTS |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



0835653090130000000000986

**UNITED STATES BANKRUPTCY COURT**
**ESTARN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CIRCUIT CITY STORES, INC. et al., | ) |
| | ) Case No. 08-35653 |
| Debtors. | ) |
| | ) Jointly Administered |
| | ) |
| | ) |
| | ) |

**BASIS FOR CLAIM**

On December 19, 2008, Joseph Skaf, Miguel Perez, and Gustavo Garcia filed a class action lawsuit against Circuit City Stores, Inc. in the Los Angeles Superior Court, Case No. BC 404195. This class action lawsuit is on behalf of all California-based salaried "Entertainment Managers," "Technology Managers," "Service & Installation Managers," "Sales Managers," and "Operations Managers" who worked at any time during the four years preceding the filing of the Complaint up until the date of final judgment at any of the stores in the State of California owned, operated, and/or acquired by Defendant Circuit City Stores, Inc.

Defendant employed Mr. Skaf as "Entertainment Manager" from approximately February 2002 to approximately March 2005, as "Technology Manager" from approximately March 2005 to approximately January 2006, and as "Sales Manager" from approximately January 2006 to approximately May 2007. Defendant employed Mr. Perez as "Service and Installation Manager" from approximately June 1998 to approximately January 2007 and as "Operations Manager" from approximately January 2007 to approximately January 2008. Defendant employed Mr. Garcia as "Service and Installation Manager" from approximately August 2000 to approximately June 2006.

The lawsuit alleges, among other things, the following: Defendant (1) failed to pay Mr. Skaf, and others similarly situated, overtime wages; (2) failed to provide Mr. Skaf, and

others similarly situated, meal and rest periods; (3) failed to timely pay their wages; (4) failed to furnish Mr. Skaf, and others similarly situated, complete and accurate wage statements; and (5) failed to reimburse Mr. Skaf, and others similarly situated, business-related expenses and costs.

The representative Plaintiffs' approximate ending salary was $46,000 and they each worked 12-15 hour days, 6-7 days a week.  To calculate the value of the Skaf vs. Circuit City, Inc. action, the following formula was used:

Overtime:

Hourly rate ($22.11) x 1.5 (time and a half) = $33.16

x Overtime hours of 30 hours per week = $994.80

x Work weeks (208) = $206,918.40

x Number of class members (350) = $72,421,440.00

Waiting Time Penalties:

Hourly rate ($22.11) x Hours per day (8) = $176.88

x 30 days = $5,306.40

x Number of employees employed at the California Circuit City Stores, Inc. stores (750)

=   $3,979,800.00

Attorneys Fees:

25% of Overtime and Waiting Time Totals = $19,100,310.00

**Overtime + Waiting Time Penalties + Attorneys Fees = $95,501,550.00**

# EXHIBIT B

**(The Skaf Complaint)**

1 | Edwin Aiwazian (SBN 232943)
2 | Ghazaleh Hekmatjah (SBN 259662)
3 | **THE AIWAZIAN LAW FIRM**
  | 330 Arden Avenue, Suite 205
4 | Glendale, CA 91203
5 | Telephone (818) 265-1020
  | Facsimile   (818) 265-1021
6 |
7 | *Attorneys for* Plaintiffs and the Putative Class
8 |

**FILED**
Los Angeles Superior Court

DEC 19 2008

John A. Clarke, Executive Officer/Clerk
By _____ , Deputy
DOROTHY SWAIN

9 |              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 |        **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

| | |
|---|---|
| 11 | JOSEPH SKAF; MIGUEL PEREZ; and GUSTAVO GARCIA; individually and on behalf of other members of the general public similarly situated, | Case No.  B C 4 0 4 1 9 5 |
| 14 |                    Plaintiff. | **CLASS ACTION COMPLAINT** |
| 15 | vs. | (1) Violation of <u>California Labor Code</u> §§ 510 and 1198 |
| 16 | CIRCUIT CITY STORES, INC, a Virginia corporation; and Does 1 through 100, inclusive, | (2) Violation of <u>California Labor Code</u> §S 226.7 and 512(a) |
| 18 | | (3) Violation of <u>California Labor Code</u> § 226.7 |
| 19 |                    Defendants. | (4) Violation of <u>California Labor Code</u> § 204 |
| 20 | | (5) Violation of <u>California Labor Code</u> §§ 201 and 202 |
| 21 | | (6) Violation of <u>California Labor Code</u> § 226(a) |
| 23 | | (7) Violation of <u>California Labor Code</u> § 1174(d) |
| 24 | | (8) Violation of California Labor Code §§ 2800 and 2802 |
| 25 | | (9) Violation of <u>California Business & Professions Code</u> §§ 17200, <u>et seq.</u> |
| 27 | | (10) Declaratory Relief |
| 28 | | |

---

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1

(11) Accounting

(12) Injunctive Relief

**DEMAND FOR JURY TRIAL**

COME NOW, Plaintiffs Joseph Skaf, Miguel Perez, and Gustavo Garcia, individually and on behalf of other members of the public similarly situated, and allege as follows:

**PARTIES**

1.  Plaintiff Joseph Skaf ("Skaf") is an individual residing in the County of Los Angeles, State of California.

2.  Plaintiff Miguel Perez ("Perez") is an individual residing in the County of Los Angeles, State of California.

3.  Plaintiff Gustavo Garcia ("Garcia") is an individual residing in the County of Los Angeles, State of California.

4.  Plaintiffs Skaf, Perez, and Garcia will hereinafter be collectively referred to as Plaintiffs.

5.  Defendant Circuit City Stores, Inc. ("Circuit City"), at all time herein mentioned, was and is a Virginia corporation, with its corporate headquarters located at 9950 Mayland Drive, Richmond, Virginia 23233.

6.  Circuit City and Does 1 through 100 will hereinafter be collectively referred to as Defendants.

7.  Defendants own/owned and operate/operated an industry, business and establishment in over 100 separate geographic locations within the State of California, including within Los Angeles County, for the purpose of operating a retail store to sell goods.

8.  The true names and capacities, whether corporate, associate, individual or otherwise, of defendants Does 1 through 100, inclusive, are unknown to Plaintiffs who sue said defendants by such fictitious names. Plaintiffs are informed and

2

1    believe, and based on that information and belief allege, that each of the

2    defendants designated as a Doe is legally responsible for the events and happenings

3    referred to in this complaint, and unlawfully caused the injuries and damages to

4    Plaintiffs and the other class members alleged in this complaint.  Plaintiffs will seek

5    leave of court to amend this complaint to show the true names and capacities when

6    the same have been ascertained.

7    9.    At all times herein relevant, Circuit City and Does 1 through 100, and each of them,

8    were the agents, partners, joint venturers, representatives, servants, employees,

9    successors-in-interest, co-conspirators and assigns, each of the other, and at all

10    times relevant hereto were acting within the course and scope of their authority as

11    such agents, partners, joint venturers, representatives, servants, employees,

12    successors, co-conspirators and assigns, and that all acts or omissions alleged herein

13    were duly committed with the ratification, knowledge, permission, encouragement,

14    authorization and consent of each defendant designated herein.

15    10.    Circuit City and Does 1 through 100 will hereinafter be collectively referred to as

16    Defendants.

17    **FACTUAL ALLEGATIONS**

18    11.    Defendants employed Skaf from approximately May 1998 to approximately May

19    2007.

20    12.    Defendants employed Skaf as an "Entertainment Manager" from approximately

21    February 2002 to approximately March 2005.

22    13.    Defendants employed Skaf as a "Technology Manager" from approximately March

23    2005 to approximately January 2006.

24    14.    Defendants employed Skaf as a "Sales Manager" from approximately January 2006

25    to approximately May 2007.

26    15.    Defendants employed Perez from approximately October 1996 to approximately

27    May 2007.

28

3

16. Defendants employed Perez as a "Service and Installation Manager or "Road Shop Manager" from approximately June 1998 to approximately January 2007.

17. Defendants employed Perez as an "Operations Manager" from approximately January 2007 to approximately January 2008.

18. Defendants employed Garcia from approximately February 2000 to approximately June 2006.

19. Defendants employed Garcia as a "Service and Installation Manager" or "Road Shop Manager" from approximately August 2000 to approximately June 2006.

20. Plaintiffs are informed and believe, and based thereon allege, that at all times herein relevant, Defendants were advised by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage law, employment and personnel practices.

21. Plaintiffs are informed and believe, and based thereon allege, that at all times herein relevant, without any justification, Defendants ignored the employment and personnel policy changes proposed by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage law, employment and personnel practice.

22. Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

23. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have know that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay when a meal period was missed.

24. Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have know that Plaintiffs and the other class members were entitled to

4

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1    receive all rest periods or payment of one additional hour of pay at Plaintiffs' and
2    the other class members' regular rate of pay when a rest period was missed.
3  25.  Plaintiffs are informed and believe, and based thereon allege, that Defendants knew
4    or should have know that Plaintiffs and the other class members were entitled to
5    receive all wages owed to them upon discharge or resignation.
6  26.  Plaintiffs are informed and believes, and based thereon allege, that Defendants
7    knew or should have know that Plaintiffs and the other class members were entitled
8    to receive complete and accurate wage statements in accordance with California
9    law.
10 27.  Plaintiff are informed and believe, and based thereon allege, that Defendants knew
11    or should have know that Plaintiffs and the other class members were entitled to
12    reimbursement of all necessary expenditures incurred by Plaintiffs and the other
13    class members in direct consequence of the discharge of their job duties or in direct
14    consequence of their obedience to the directions of the employer.
15 28.  Plaintiff are informed and believe, and based thereon allege, that Defendants knew
16    or should have know that they had a duty to compensate Plaintiffs and the other
17    class members pursuant to California law, and that Defendants had the financial
18    ability to pay such compensation, but willfully, knowingly, and intentionally failed to
19    do so, and falsely represented to Plaintiffs and the other class members that they
20    were properly denied wages, all in order to increase Defendants' profits.
21 29.  At all material times set forth herein, Defendants regularly and consistently failed to
22    pay overtime wages to Plaintiffs and the other class members.
23 30.  At all material times set forth herein, Defendants regularly and consistently failed to
24    provide uninterrupted meal and rest periods to Plaintiffs and the other class
25    members.
26 31.  At all material times set forth herein, Defendants regularly and consistently failed to
27    provide complete and accurate wage statement to Plaintiffs and the other class
28    members.

5

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

32.  At all material times set forth herein, Defendants regularly and consistently failed to pay Plaintiffs and the other class members all wages owed to them upon discharge or resignation.

33.  At all material times set forth herein, Defendants regularly and consistently failed to reimburse Plaintiffs and the other class members for all necessary expenditures incurred by Plaintiffs and the other class members in direct consequence of the discharge of their job duties or in direct consequence of their obedience to the directions of the employer.

## CLASS ACTION ALLEGATIONS

34.  Plaintiffs bring this action on their own behalf and on behalf of all other members of the general public similarly situated, and thus, seek class certification under Code of Civil Procedure § 382.

35.  The proposed class consists of five subclasses, which are defined as follows:

Subclass One:

All current and former "Entertainment Managers," or persons with similar titles and/or similar job duties, who worked for Circuit City in the State of California at any time during the period from four years prior to the filing of this Complaint to final judgment.

Subclass Two:

All current and former "Technology Managers," or persons with similar titles and/or similar job duties, who worked for Circuit City in the State of California at any time during the period from four years prior to the filing of this Complaint to final judgment.

Subclass Three:

All current and former "Service & Installation Managers," (also referred to internally as "Road Shop Managers") or persons with similar titles and/or similar job duties, who worked for Circuit City in the State of California at any time during the period from four years prior to the filing of this Complaint to final judgment.

6

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

<u>Subclass Four</u>:

All current and former "Sales Managers," or persons with similar titles and/or similar job duties, who worked for Circuit City in the State of California at any time during the period from four years prior to the filing of this Complaint to final judgment.

<u>Subclass Five</u>:

All current and former "Operations Managers," or persons with similar titles and/or similar job duties, who worked for Circuit City in the State of California at any time during the period from four years prior to the filing of this Complaint to final judgment.

36. Plaintiffs reserve the right to establish other subclasses as appropriate.

37. There class is ascertainable and there is a well-defined community of interest in the litigation:

   a. The class members are so numerous that joinder of all class members is not impracticable. The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be substantially greater than four-hundred (400) individuals and the identity of such membership is readily ascertainable by inspection of Circuit City employment records.

   b. Plaintiffs' claims are typical of all other class members' as demonstrated herein. Plaintiffs will fairly and adequately protect the interests of the class members with whom they have a well defined community of interest.

   c. Plaintiffs will fairly and adequately protect the interests of each class member, with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiffs have no interest that is antagonistic to the other class members. Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiffs have incurred, and during the pendency of this action will continue to incur, costs and

7

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1    attorneys' fees, that have been, are, and will be necessarily expended for the

2    prosecution of this action for the substantial benefit of each class member.

3    d. A class action is superior to other available methods for the fair and efficient

4       adjudication of this litigation because individual joinder of all damages class

5       members is impractical. This case involves one large corporate employer (Circuit

6       City) and a large number of individual employees (Plaintiffs and the other class

7       members) with many relatively small claims with common issues of law and fact. If

8       each employee were required to file an individual lawsuit, the corporate employer

9       would necessarily gain an unconscionable advantage since it would be able to

10      exploit and overwhelm the limited resources of each individual class member with

11      its vastly superior financial and legal resources. Requiring each class member to

12      pursue an individual remedy would also discourage the assertion of lawful claims by

13      employees who would be disinclined to pursue an action against their present

14      and/or former employer for a justifiable fear of retaliation and permanent damage

15      to their careers at present and/or subsequent employment. Proof of a common

16      business practice or factual pattern, of which the named Plaintiffs experienced, that

17      is representative of the class mentioned herein, will establish the right of each class

18      member to recovery on the causes of action alleged herein. Class action will

19      achieve economies of time, effort, and expense as compared with separate lawsuits,

20      and avoid inconsistent outcomes because the same issues can be adjudicated in the

21      same manner for the entire class.

22   e. Public Policy Considerations: Employers of this great state violate employment and

23      labor laws every day. Current employees are often afraid to assert their rights out

24      of fear of direct or indirect retaliation. Former employees are fearful of bringing

25      actions because they believe their former employers can damage their future

26      endeavors through negative references and other means. Class actions provide the

27      class members who are not named in the complaint with a type of anonymity that

28      allows for the vindication of their rights.

8

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

38.    There are common questions of law and fact as to the class members that predominate over questions affecting only individual members.  The following common questions of law or fact, among others, exists as to the members of the class:

a.    Whether Defendants required Plaintiffs and the other class members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hour per week and failed to pay the legally required overtime compensation to Plaintiffs and the other class members;

b.    Whether Defendants deprived Plaintiffs and the other class members of meal periods or required Plaintiffs and the class members to work during meal periods without compensation;

c.    Whether Defendants failed to promptly pay all wages due to Plaintiffs and the other class members upon their discharge or resignation;

d.    Whether Defendants deprived Plaintiffs and the other class members of rest periods or required Plaintiff and the class members to work during rest periods without compensation;

e.    Whether Defendants failed to pay all wages due to Plaintiffs and the other class members within the required time upon their discharge or resignation;

f.    Whether Defendants complied with wage reporting as required by the California Labor Code; including but not limited to § 226;

g.    Whether Defendants complied with the notice posting requirements under California Labor Code § 207;

h.    Whether Defendants failed to reimburse Plaintiffs and the other class members for necessary business related expenses and costs.

i.    Whether Defendants' conduct was willful or reckless;

j.    Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code §§ 17200, et seq.; and

9

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1    k.  The appropriate amount of damages, restitution, and/or monetary penalties

2        resulting from Defendants' violation of California law.

**FIRST CAUSE OF ACTION**

**(Violation of California Labor Code § 510 and 1198)**

**(Against CIRCUIT CITY and DOES 1 through 100)**

6   39.   Plaintiffs incorporates by reference the allegations contained in paragraphs 1

7         through 38, and each and every part thereof with the same force and effect as

8         though fully set forth herein.

9   40.   Pursuant to California Labor Code § 1198 and the applicable Industrial Welfare

10        Commission ("IWC") Wage Order, it is unlawful to employ persons without

11        compensating them at a rate of pay either time-and-one-half or two-times that

12        person's regular rate of pay, depending on the number of hours worked by the

13        person on a daily or weekly basis.

14  41.   Pursuant to California Labor Code § 1198, the maximum hours of work and the

15        standard conditions of labor fixed by the commission shall be the maximum hours

16        of work and the standard conditions of labor for employees. The employment of any

17        employee for longer hours than those fixed by the order or under conditions of

18        labor prohibited by the order is unlawful.

19  42.   Pursuant to the applicable IWC Wage Order, Defendants are and were required to

20        pay Plaintiffs and the other class members at the rate of time-and-one-half for all

21        hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a

22        workweek.

23  43.   The applicable IWC Wage Order further provides that Defendants are and were

24        required to pay Plaintiffs and the other class members overtime compensation at a

25        rate of two times her regular rate of pay for all hours worked in excess of twelve

26        (12) hours in a day.

27  44.   Pursuant to California Labor Code § 510, any work in excess of eight hours in one

28        workday and any work in excess of 40 hours in any one workweek and the first eight

10

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1   hours worked on the seventh day of work in any one workweek shall be

2   compensated at the rate of no less than one and one-half times the regular rate of

3   pay for an employee. Any work in excess of 12 hours in one day shall be

4   compensated at the rate of no less than twice the regular rate of pay for an

5   employee. In addition, any work in excess of eight hours on any seventh day of a

6   workweek shall be compensated at the rate of no less than twice the regular rate of

7   pay of an employee.

8   45.   Pursuant to California Labor Code § 510, Plaintiffs and the other class members are

9   entitled to overtime compensation at one-and-one-half times the regular hourly

10   rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a

11   week or for the first eight (8) hours worked on the seventh day of work, and to

12   overtime compensation at twice the regular hourly rate for hours worked in excess

13   of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh

14   day of work.

15   46.   During the relevant time period, Plaintiffs and the other class members regularly

16   and/or consistently worked in excess of eight (8) hours in a day.

17   47.   During the relevant time period, Plaintiffs and the other class members regularly

18   and/or consistently worked in excess of twelve (12) hours in a day.

19   48.   During the relevant time period, Plaintiffs and the other class members regularly

20   and/or consistently worked in excess of forty (40) hours in a week.

21   49.   During the relevant time period, Defendants intentionally and willfully failed to pay

22   overtime wages owed to Plaintiffs and the other class members.

23   50.   Defendants' failure to pay Plaintiffs and the other class members overtime

24   compensation, as required by California laws, violates the provisions of California

25   Labor Code §§ 510 and 1198, and is therefore unlawful.

26   51.   Pursuant to California Labor Code § 1194(a), notwithstanding any agreement to

27   work for a lesser wage, any employee receiving less than the legal minimum wage

28   or the legal overtime compensation applicable to the employee is entitled to

11

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1    recover in a civil action the unpaid balance of the full amount of this minimum wage

2    or overtime compensation, including interest thereon, reasonable attorney's fees,

3    and costs of suit.

4    52.    Pursuant to California Labor Code § 1194, Plaintiffs and the other class members are

5    entitled to recover unpaid overtime compensation, as well as interest, costs, and

6    attorneys' fees.

7    53.    Plaintiffs are informed and believe, and based thereon allege, that Defendants are

8    guilty of oppression, fraud, or malice, thereby warranting an award of punitive

9    damages against Defendants for the sake of example, and to punish Defendants and

10    deter others from engaging in similar misconduct.

11                            **SECOND CAUSE OF ACTION**

12                **(Violation of California Labor Code §§ 226.7 and 512(a))**

13                    **(Against CIRCUIT CITY and DOES 1 through 100)**

14    54.    Plaintiffs incorporates by reference the allegations contained in paragraphs 1

15    through 53, and each and every part thereof with the same force and effect as

16    though fully set forth herein.

17    55.    At all times herein mentioned, the Industrial Welfare Commission Order and

18    California Labor Code §§ 226.7 and 512(a) were applicable to Plaintiffs' and the

19    other class members' employment by Defendants.

20    56.    Pursuant to California Labor Code § 226.7, no employer shall require any employee

21    to work during any meal or rest period mandated by an applicable order of the

22    Industrial Welfare Commission.

23    57.    Pursuant to California Labor Code § 512(a), an employer may not employ an

24    employee for a work period of more than five hours per day without providing the

25    employee with a meal period of not less than 30 minutes, except that if the total

26    work period per day of the employee is no more than six hours, the meal period

27    may be waived by mutual consent of both the employer and employee.

28

12

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

58. Pursuant to California Labor Code § 512(a), an employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

59. During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for a period of time in excess of six (6) hours, and were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

60. During the relevant time period, Plaintiffs and the other class members who were scheduled to work in excess of ten (10) hours but not longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent were required to work in excess of ten (10) hours without receiving a second uninterrupted meal period of not less than thirty (30) minutes.

61. During the relevant time period, Plaintiffs and the other class members were scheduled to work for a period of time in excess of twelve (12) hours was required to work for periods longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes.

62. During the relevant time period, Defendants intentionally and willfully required Plaintiffs and the other class members to work during meal periods and failed to pay Plaintiffs and the other class members the full meal period premium for work performed during meal periods.

63. Defendants' conduct violates applicable Industrial Welfare Commission Wage Orders, and California Labor Code §§ 226.7 and 512(a).

64. Pursuant to California Labor Code § 226.7(b), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the

13

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1   employee's regular rate of compensation for each work day that the meal or rest

2   period is not provided.

3   65.   Plaintiffs are informed and believe, and based thereon allege, that Defendants are

4   guilty of oppression, fraud, or malice, thereby warranting an award of punitive

5   damages against Defendants for the sake of example, and to punish Defendant and

6   deter others from engaging in similar misconduct.

7   **THIRD CAUSE OF ACTION**

8   **(Violation of California Labor Code §§ 226.7)**

9   **(Against CIRCUIT CITY and DOES 1 through 100)**

10   66.   Plaintiffs incorporates by reference the allegations contained in paragraphs 1

11   through 65, and each and every part thereof with the same force and effect as

12   though fully set forth herein.

13   67.   At all times herein set forth, the California Industrial Welfare Commission Order and

14   California Labor Code § 226.7 was applicable to Plaintiffs' and the other class

15   members' employment by Defendants.

16   68.   Pursuant to California Labor Code § 226.7, no employer shall require an employee

17   to work during any rest period mandated by an applicable order of the California

18   Industrial Welfare Commission.

19   69.   During the relevant time period, Defendants required Plaintiffs and the other class

20   members of the class to work in excess of four (4) hours without providing them a

21   second ten (10) minute rest period.

22   70.   During the relevant time period, Defendants required Plaintiffs and the other class

23   members to work an additional four (4) hours without providing a second ten (10)

24   minute rest period.

25   71.   During the relevant time period, Defendants willfully required Plaintiffs and the

26   other class members to work during rest periods and failed to pay Plaintiffs and the

27   other class members the full rest period premium for work performed during rest

28   periods.

14

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

72. Defendants' conduct violates applicable Industrial Welfare Commission Wage Orders, and California Labor Code § 226.7.

73. Pursuant to California Labor Code § 226.7(b), Plaintiffs and the other class members of the class are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

74. Plaintiffs are informed and believe, and based thereon allege, that Defendants are guilty of oppression, fraud, or malice, thereby warranting an award of punitive damages against Defendants for the sake of example, and to punish Defendants and deter other from engaging in similar misconduct.

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code § 204)**

**(Against CIRCUIT CITY and DOES 1 through 100)**

75. Plaintiffs incorporates by reference the allegations contained in paragraphs 1 through 74, and each and every part thereof with the same force and effect as though fully set forth herein.

76. Pursuant to California Labor Code § 204(b)(1), all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

77. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and the other class members the overtime and/or regular wages due to them, within any time period permissible under California Labor Code § 204.

**FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 201 and 202)**

**(Against CIRCUIT CITY and DOES 1 through 100)**

78. Plaintiffs incorporates by reference the allegations contained in paragraphs 1 through 77, and each and every part thereof with the same force and effect as though fully set forth herein.

15

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

79.  Pursuant to California Labor Code §§ 201 and 202, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two 72 hours thereafter, unless the employee has given seventy-two 72 hours notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

80.  During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and the other class members their wages, earned and unpaid, within seventy-two (72) hours of Plaintiff and the other class members leaving Defendants' employ.

81.  Defendants' failure to pay Plaintiffs and the other class members their wages, earned and unpaid, within (72) hours of her leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

82.  Pursuant to California Labor Code § 203, if an employer willfully fails to pay, without abatement or reduction, in accordance with §§ 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than 30 days.

83.  Plaintiffs and the other class members are entitled to recover the statutory penalty for each day they were not paid, at her regular hourly rate of pay, up to thirty (30) days maximum pursuant to California Labor Code § 203.

## SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against CIRCUIT CITY and DOES 1 through 100)

84.  Plaintiffs incorporates by reference the allegations contained in paragraphs 1 through 83, and each and every part thereof with the same force and effect as though fully set forth herein.

16

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

85.   Pursuant to <u>California Labor Code</u> § 226(a), every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

86.   Defendants intentionally and willfully failed to provide Plaintiffs and the other class members with complete and accurate wage statements. The deficiencies included one or more of the following: the failure to include the total number of hours worked by Plaintiffs and the other class members, the failure to include the hourly rate, the failure to provide their social security numbers.

87.   As a result of Defendants' violation of <u>California Labor Code</u> § 226(a), Plaintiffs and the other class members have suffered injury and damage to their statutorily-protected rights.

88.   More specifically, Plaintiffs and the other class members have been injured by Defendants' intentional and willful violation of <u>California Labor Code</u> § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to <u>California Labor Code</u> § 226(a).

17

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

89.    Plaintiffs and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 1174(d))

### (Against CIRCUIT CITY and DOES 1 through 100)

90.    Plaintiffs incorporates by reference the allegations contained in paragraphs 1 through 89, and each and every part thereof with the same force and effect as though fully set forth herein.

91.    Pursuant to California Labor Code § 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments . These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

92.    Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiffs and the other class members.

93.    As a result of Defendants' violation of California Labor Code § 1174(d), Plaintiffs and the other class members have suffered injury and damage to their statutorily-protected rights.

94.    More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code § 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code § 1174(d).

18

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

### EIGHT CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against CIRCUIT CITY and DOES 1 through 100)

95.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 94, and each and every part thereof with the same force and effect as though fully set forth herein.

96.    Pursuant to California Labor Code § 2800, an employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care.

97.    Pursuant to California Labor Code § 2802(a), an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

98.    Plaintiffs and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, including and without limitations, travel costs, including mileage and gasoline, for required trips that resulted from their employment with Circuit City.

99.    Defendants have intentionally and willfully failed to reimburse Plaintiffs and the class members for necessary business-related expenses and costs.

100.    Plaintiffs and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

///
///
///

19

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

## NINTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

### (Against CIRCUIT CITY and DOES 1 through 100)

101. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 100, and each and every part thereof with the same force and effect as though fully set forth herein.

102. Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs and the other class members, and Defendants' competitors. Accordingly, Plaintiffs and the other class members seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

103. Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, et seq.

104. A violation of California Business & Professions Code §§ 17200, et seq. may be predicated on the violation of any state or federal law. As described herein, Defendants violated California Labor Code §§ 201, 204, 207, 226(a), 226.7, 510, 1174(d) and 1198, 2800, and 2802.

105. As a result the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

106. Plaintiffs and the other class members have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged herein.

107. Pursuant to California Business & Professions Code §§ 17200, et seq., Plaintiffs and the other class members are entitled to restitution of the wages wrongfully withheld and retained by Defendants; a permanent injunction requiring Defendants to comply with California wage law, including but not limited to California Labor Code and applicable Wage Orders. In addition, Plaintiffs and the other class

20

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

members are entitled to an award of attorneys' fees and costs pursuant to

California Code of Civil Procedure § 1021.5 and other applicable laws.

### TENTH CAUSE OF ACTION

### (Request for Declaratory Relief)

### (Against CIRCUIT CITY and DOES 1 through 100)

108.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1

through 107, and each and every part thereof with the same force and effect as

though fully set forth herein.

109.   Plaintiffs and the other class members seek entry of a declaratory judgment against

Defendants and in Plaintiffs' favor which declares Defendants' practices as

heretofore alleged to be unlawful, and which provided for recovery of all sums

determined by this Court to be owed by Defendants to Plaintiffs and the other class

members.

### ELEVENTH CAUSE OF ACTION

### (Request for an Accounting)

### (Against CIRCUIT CITY and DOES 1 through 100)

110.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1

through 109, and each and every part thereof with the same force and effect as

though fully set forth herein.

111.   Plaintiffs and the other class members are owed wages which equal the sum of the

overtime compensation, and premium pay not paid by Defendants to Plaintiffs and

the other class members, statutory interest on such compensation, and each of

them, and waiting time penalties owed to members of the Plaintiff class whose

employment terminated.

112.   Plaintiffs do not know the precise amount of compensation due to Plaintiffs and to

of the other class members.  Upon information and belief, Plaintiffs allege that

Defendants, and each of them, possess records from which the amount of

21

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1    compensation due and owing to each member of the Plaintiff class can be

2    determined.

3    113.  Because Defendants alone possess records from which the amount of compensation

4    due and owing to each member of the PlaintiffS class, there is no adequate remedy

5    at law and an accounting is necessary.

6                        **TWELFTH CAUSE OF ACTION**

7                        **(Request for Injunctive Relief)**

8                   **(Against CIRCUIT CITY and DOES 1 through 100)**

9    114.  Plaintiffs incorporate by reference the allegations contained in paragraphs 1

10    through 113, and each and every part thereof with the same force and effect as

11    though fully set forth herein.

12    115.  Defendants have the policies heretofore alleged, and threaten to apply said policies,

13    to all class members who are currently employed by Defendants, including

14    Defendants' failure to pay overtime compensation in violation of <u>Labor Code</u>

15    § 1194, Defendants' failure to provide premium pay for meal and/or rest periods

16    worked in violation of <u>Labor Code</u> § 226.7, and Defendants' failure to pay

17    compensation at the time of termination in violation of <u>Labor Code</u> §§ 201-203.

18    116.  Said class members have been injured and damaged and are threatened with

19    further injury and damage by Defendants' continuing unlawful refusal to pay all

20    overtime and premium pay owed.  Plaintiffs and the other class members are

21    threatened with reasonably probable and immediate irreparable harm.

22    117.  Defendants have acted, and threaten to act, on grounds generally applicable to said

23    members of the class, thereby making appropriate preliminary and permanent

24    injunctive relief enjoining Defendants and their agents from continuing the unlawful

25    practices heretofore alleged.

26    ///

27    ///

28    ///

22

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

**PRAYER FOR RELIEF**

WHEEFORE, Plaintiffs, individually and on behalf of all other members of the general public similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

<u>Class Certification</u>

1.   That this action be certified as a class action;

2.   That Plaintiffs be appointed as the representative of the class;

3.   That counsel for Plaintiffs be appointed as class counsel;

4.   That Defendants provide to class counsel, immediately upon its appointment, the names and most current contact information (address and telephone numbers) of all class members.

<u>As to the First Cause of Action</u>

5.   For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

6.   For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

7.   For the imposition of civil penalties and/or statutory penalties;

8.   For punitive damages and/or exemplary damages according to proof at trial;

9.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to <u>California Labor Code</u> § 1194; and

10.  For such other and further relief as the court may deem just and proper.

<u>As to the Second Cause of Action</u>

11.  For all actual, consequential, and incidental losses and damages, according to proof;

12.  For wages pursuant to <u>California Labor Code</u> § 226.7(b);

13.  For the imposition of civil penalties and/or statutory penalties;

14.  For punitive damages and/or exemplary damages according to proof at trial;

15.  For reasonable attorneys' fees and costs of suit incurred herein; and

16.  For such other and further relief as the court may deem just and proper.

23

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

**As to the Third Cause of Action**

17.   For all actual, consequential, and incidental losses and damages, according to proof;

18.   For wages pursuant to California Labor Code § 226.7(b);

19.   For punitive damages and/or exemplary damages according to proof at trial;

20.   For reasonable attorneys' fees and costs of suit incurred herein; and

21.   For such other and further relief as the court may deem just and proper.

**As to the Fourth Cause of Action**

22.   For actual, consequential and incidental losses and damages, according to proof;

23.   For pre-judgment interest on any untimely paid compensation, from the sate such amount were due;

24.   For punitive damages and/or exemplary damages according to proof at trial;

25.   For reasonable attorneys' fees and costs of suit incurred herein; and

26.   For such other and further relief as the court may deem just and proper.

**As to the Fifth Cause of Action**

27.   For actual, consequential and incidental losses and damages, according to proof;

28.   For statutory penalties pursuant to California Labor Code § 203 for Plaintiff and all other class members who have left Defendants' employ;

29.   For reasonable attorneys' fees and costs of suit incurred herein; and

30.   For such other and further relief as the court may deem just and proper.

**As to the Sixth Cause of Action**

31.   For actual, consequential and incidental losses and damages, according to proof;

32.   For statutory penalties pursuant to California Labor Code §§ 226(e);

33.   For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g);

34.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code § 226(e); and

35.   For such other and further relief as the court may deem just and proper.

24

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

### As to the Seventh Cause of Action

36. For actual, consequential and incidental losses and damages, according to proof;

37. For statutory penalties pursuant to California Labor Code §§ 1174.5;

38. For punitive damages and/or exemplary damages according to proof at trial;

39. For reasonable attorneys' fees and costs of suit incurred herein; and

40. For such other and further relief as the court may deem just and proper.

### As to the Eight Cause of Action

41. For actual, consequential and incidental losses and damages, according to proof;

42. For the imposition of civil penalties and/or statutory penalties;

43. For punitive damages and/or exemplary damages according to proof at trial;

44. For reasonable attorneys' fees and costs of suit incurred herein; and

45. For such other and further relief as the court may deem just and proper.

### As to the Ninth Cause of Action

46. For restitution of unpaid wages to Plaintiff and the other class members and prejudgment interest from the day such amount were due and payable;

47. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business & Professions Code §§ 17200, et seq.;

48. For reasonable attorneys' fees and costs of suit incurred herein that Plaintiffs and the other class members are entitled to recover under California Code of Civil Procedure § 1021.5;

49. For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code § 17200, et seq.; and

50. For such other and further relief as the court may deem just and proper.

///

///

///

25

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

As to the Tenth Cause of Action

51.   For declaratory judgment;

52.   For reasonable attorneys' fees and costs of suit incurred herein; and

53.   *For such other and further relief as the court may deem just and proper.*

As to the Eleventh Cause of Action

54.   For an accounting;

55.   For reasonable attorneys' fees and costs of suit incurred herein; and

56.   For such other and further relief as the court may deem just and proper.

As to the Twelfth Cause of Action

57.   For preliminary and permanent injunctive relief;

58.   For reasonable attorneys' fees and costs of suit incurred herein; and

59.   For such other and further relief as the court may deem just and proper.

Dated: December 19, 2008              **THE AIWAZIAN LAW FIRM**

BY:  *Edwin Aiwazian*

Edwin Aiwazian

*Attorneys for* Plaintiffs and the Putative Class

26

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

## DEMAND FOR JURY TRIAL

Plaintiffs, individually and on behalf of the members of the public similarly situated, hereby demand a trial by a jury.

Dated: December 19, 2008

THE AIWAZIAN LAW FIRM

BY: _Edwin Aiwazian_

Edwin Aiwazian

*Attorneys for* Plaintiffs and the Putative Class

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

27