Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                 IN THE UNITED STATES BANKRUPTCY COURT
                  FOR THE EASTERN DISTRICT OF VIRGINIA
                            RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR AND MEMORANDUM OF LAW IN SUPPORT OF
SUMMARY JUDGMENT ON NINETEENTH OMNIBUS OBJECTION TO
CLAIMS (RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS
TO GENERAL UNSECURED, NON-PRIORITY CLAIMS) WITH RESPECT
TO THE CLASS CLAIM OF JACK HERNANDEZ**

         The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors"),[1] pursuant to sections 105, 502 and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3007, 7056, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 56 of the Federal Rules of Civil Procedure (the "Civil Rules"), submit this combined motion for and memorandum of law in support of summary judgment (the "Motion") on the Objection[2] (as defined herein) with respect to the Class Claim (as defined herein) of Jack Hernandez ("Hernandez" or the "Claimant").  In support of the Motion, the Debtors respectfully represent as follows:

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, INC. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

**PROCEDURAL BACKGROUND**

1.    On January 13, 2009, Hernandez filed claim number 6045 ("Claim No. 6045" or the "Class Claim") on behalf of himself and "all those similarly situated" (such additional persons, the "Unnamed Claimants").  A copy of the Class Claim is attached as Exhibit A.

2.    On June 22, 2009, the Debtors filed the Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims) (D.I. 3703; the "Objection").

3.    Hernandez filed a preliminary response to the Objection. (D.I. 6036, the "Response"), contending that reclassification is improper.

4.    On August 12, 2009, this Court entered the Order on Debtors' Nineteenth Omnibus Objection (D.I. 4449; the "Order"), under which the Objection was adjourned with respect to the Class Claim.

5.    By this Motion, the Debtors hereby seek to reclassify the entire Class Claim to a general unsecured, non-priority claim.  In addition,

contemporaneously herewith, the Debtors have filed a
supplement to the Objection pursuant to which the
Debtors seek to disallow the Class Claim with respect to
the Unnamed Claimants.

**STATEMENT OF MATERIAL FACTS**

6.    The following material facts are not in
dispute:

**A.    Hernandez's Pre-Petition Complaint.**

7.    The Class Claim is premised on a class
action complaint (the "Hernandez Complaint") filed in
San Diego Superior Court on April 17, 2008.  <u>See</u>
Hernandez Complaint, p. 1.  A copy of the Hernandez
Complaint is attached as Exhibit B.  To date, there has
been no certification of a class.

8.    As a result of the Debtors' bankruptcy,
the lawsuit was stayed.

9.    In the lawsuit, Hernandez, on behalf of
himself and the Unnamed Claimants, seeks two forms of
relief.  First, Hernandez seeks damages for violations
of the California Labor Code and Business and
Professions Code.  <u>See</u> Hernandez Complaint, p. 1.
Second, Hernandez seeks injunctive relief against

Circuit City on account of the alleged labor violations.

<u>See</u> Hernandez Complaint, p. 13.

**B.    The Class Claim.**

10.   By the Class Claim, Hernandez seeks damages for himself and the Unnamed Claimants totaling $23,940,292.00 for the period from April 17, 2004 to November 10, 2008.  <u>See</u> Claim No. 6045 Exhibit A at 1 ("The dates of April 17, 2004, to November 10, 2008, were used to calculate the workweeks.").  In addition, Hernandez alleges that the Class Claim is entitled to priority under 11 U.S.C. § 507(a)(4).  <u>See</u> Claim No. 6045.

11.   Hernandez, however, was not employed by Circuit City after 2007.  <u>See</u> Declaration of Deborah E. Miller.

**ARGUMENT**

**I.    STANDARD FOR SUMMARY JUDGMENT.**

12.   Under section 502(a), a party in interest, including the debtor, may object to claims. <u>See</u> 11 U.S.C. § 502(a).  In turn, Bankruptcy Rule 3007(a) provides that such objection must be in writing and filed with the Court.  Fed. R. Bankr. P. 3007(a).

13.   Claim objections are contested matters pursuant to Bankruptcy Rule 9014.  In re IBIS Corp., 272 B.R. 883, 893 (Bankr. E.D. Va. 2001) ("Objections to proofs of claims are contested matters governed by Fed. R. Bankr. P. 9014.").  As in the case of all other contested matters, Bankruptcy Rule 7056, which incorporates Civil Rule 56, applies to claim objections. See Fed. R. Bankr. P. 9014(c).

14.   Pursuant to Civil Rule 56(b), "[a] party against whom relief is sought may move at any time, with or without supportive affidavits, for summary judgment on all or part of the claim."  Fed. R. Civ. P. 56(b). "Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  In re US Airways, Inc., No. 1:06CV539, 2006 WL 2992495, at *4 (E.D. Va. 2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1985)).

15.   The United States Supreme Court has held that summary judgment is not a disfavored procedural shortcut, but rather an integral part of the Civil Rules as a whole, which are designed "to secure the just,

speedy and inexpensive determination of every action."

Sibley v. Lutheran Hosp. of Md., Inc., 871 F.2d 479, 483

n.9 (4th Cir. 1989) (citing Celotex, 477 U.S. at 327).

16.   In this regard, a court may properly

grant summary judgment when:

> Although each side in its submissions has
> presented a different characterization of the
> facts . . . and has argued different
> conclusions which the court should draw from
> those facts, there is little dispute as to
> actual facts and no dispute of material facts
> relevant to the determination of the causes of
> action.

In re Conn. Pizza, Inc., 193 B.R. 217, 220 (Bankr. D.

Md. 1996); see also Goodman v. Resolution Trust Corp., 7

F.3d 1123, 1124 (4th Cir. 1993) (finding that summary

judgment is appropriately granted where there are "no

relevant disputes of material fact" (emphasis added)).

**II.   THE CLASS CLAIM SHOULD BE RECLASSIFIED TO A GENERAL
UNSECURED, NON-PRIORITY CLAIM BECAUSE THE CLASS
CLAIM DOES NOT SATISFY THE REQUIREMENTS OF SECTION
507(A)(4).**

17.   Bankruptcy Code section 507(a)(4)[3]

---

[3]   The current section 507(a)(4) was "renumbered from section
507(a)(3) to section 507(a)(4) by the Bankruptcy Abuse Prevention
and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 212
(2005), effective in cases commenced on or after October 17,
2005." Collier on Bankruptcy, 15th Ed. Revised, 2009, ¶ 507.05,
n. 1.  Accordingly, all references to section 507(a)(3) in this
Motion should be construed as referring to the current section
507(a)(4).  It should also be noted that prior versions of this

provides, in relevant part, that priority will be

granted to:

> [a]llowed unsecured claims, but only to the
> extent of $10,950 for each individual or
> corporation, as the case may be, earned within
> 180 days before the date of the filing of the
> petition or the date of the cessation of the
> debtor's business, whichever occurs first,
> for—
>
> (A) wages, salaries, or commissions, including
> vacation, severance, and sick leave pay earned
> by an individual[.]

11 U.S.C. § 507(a)(4).

18.  In order to qualify for section 507(a)(4)

priority, wages must be "earned" within the 180 day

priority period.  Courts have repeatedly found that

payments are "earned," for purposes of section 507(a)(4)

priority, at the time the employee's services are

provided.  See In re Northwest Engineering Co., 863 F.2d

1313, 1314-17 (7th Cir. 1988) (separating the work

requirement from the vesting requirement and concluding

that "the employee gets a priority equal to the value of

services rendered in the 90 days before bankruptcy");

Powers v. Centennial Commc'ns Corp., 2009 WL 5170161 *7

---

provision had a shorter (90 day) priority period.  As a result,
some cases cited in this memorandum reference such 90 day period,
which has since been amended to 180 days.

(N.D. Ind. 2009) (noting that bankruptcy courts focus on the time services were performed when determining when the right to commissions are earned, rather than when they are payable); In re Ionosphere Clubs, 154 B.R. 623, 626 (Bankr. S.D.N.Y. 1993) (approving of bankruptcy judge's holding that "only vacation pay earned for work actually performed within the 90-day period qualified for inclusion as a third priority claim").[4]

19.   Although Hernandez alleges in the Class Claim that he seeks damages for himself and the Unnamed Claimants for services performed between April 17, 2004 and November 10, 2008, the Petition Date, Hernandez has failed to allege any fact that he or any member of the Unnamed Claimants were employed by any Debtor during the 180 days prior to the Petition Date.  Indeed, Hernandez

---

[4]   See also In re T & B.C. Coal Mining, Case No. 90-70714, 1993 Bankr. LEXIS 2315, *4 (Bankr. E.D. Ky. 1993) (citing cases under the Bankruptcy Act for the proposition that "wages are 'earned' when the work is performed"); In re Cardinal Industries, 160 B.R. 83, 85 (Bankr. S.D. Ohio 1993) ("the timing of the payment on account of an earned bonus or commission should not be the focus of the analysis under 11 U.S.C. § 507(a)(3)(A).  Rather, the focus should be upon the time the individual performed the services which gave rise to the right to the bonus or commission. 'Earned' for purposes of priority, therefore, may not always be synonymous with 'payable'."); In re Myer, 197 B.R. 875, 877 (Bankr. W.D. Mo. 1996) (noting that "[p]riority status is available only for actual services performed and commissions earned" and that "analysis of when § 507(a)(3) priority arises focuses on the time the individual performed the services giving rise to the right to the commissions").

was no longer employed by the Debtors as of October 23,
2007, more than one year before the priority period
established in Bankruptcy Code section 507(a)(4).  <u>See</u>
Declaration of Deborah E. Miller ("Jack Hernandez [] was
employed by Circuit City Stores West Coast, Inc. from
January 3, 2007 to October 23, 2007.").  Thus, Hernandez
did not have any ability to "earn" "wages, salaries, or
commissions" within the 180 days prior to the Petition
Date.

        20.  Rather, if Hernandez or the Unnamed
Claimants are entitled to any damages, such damages are
for services performed, and therefore, damages allegedly
"earned," during a period well before the 180 days prior
to the Petition Date.  Consequently, the Class Claim is
not entitled to priority under Bankruptcy Code section
507(a)(4).

        21.  For the foregoing reasons, the Class
Claim does not satisfy the requirements of Bankruptcy
Code section 507(a)(4) and should therefore be
reclassified to a general unsecured, non-priority claim.

**NOTICE**

22.   Notice of this Motion has been provided to Hernandez and those parties entitled to notice under the Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (D.I. 6208; the "Case Management Order").

**WAIVER OF MEMORANDUM OF LAW**

23.   Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in this Motion, the Debtors request that the requirement that all motions be accompanied by a written memorandum of law be waived.

**NO PRIOR RELIEF**

24.   No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this Court grant the relief requested herein and such other and further relief as may be just and proper.

Dated: Richmond, Virginia
      February 25, 2010

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606-7120
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

Gregg M. Galardi, Esq. Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq. Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER  MCGUIREWOODS LLP
FLOM, LLP One James Center
One Rodney Square 901 E. Cary Street
PO Box 636 Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

   - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re: : Chapter 11
 :
CIRCUIT CITY STORES, INC., : Case No. 08-35653 (KRH)
et al., :
 :
   Debtors. : Jointly Administered
- - - - - - - - - - - - - - x

**ORDER GRANTING DEBTORS' MOTION FOR AND MEMORANDUM OF LAW
IN SUPPORT OF SUMMARY JUDGMENT ON NINETEENTH OMNIBUS
OBJECTION TO CLAIMS (RECLASSIFICATION OF CERTAIN
MISCLASSIFIED CLAIMS TO GENERAL UNSECURED, NON-PRIORITY
CLAIMS) WITH RESPECT TO THE CLASS CLAIM OF JACK
HERNANDEZ**

Upon the Debtors' motion for summary judgment

(the "Motion"), pursuant to Bankruptcy Code section 105,

502 and 507, Rules 2002, 3007, 7056, 9007 and 9014 of

the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and Rule 56 of the Federal Rules of

Civil Procedure (the "Civil Rules"), on the Nineteenth

Objection to Claims (Reclassification of Certain

Misclassified Claims to General Unsecured, Non-Priority

Claims) with respect to the Claim of Jack Hernandez,

attached as Exhibit B to the Motion; and the Court

having determined that the relief requested in the

Motion; is in the best interests of the Debtors, their

estates, their creditors, and other parties in interest;

and it appearing that proper and adequate notice of the

Motion has been given and that no other or further

notice is necessary; and upon the record herein; and

after due deliberation thereon; and good and sufficient

cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Motion is GRANTED.

2.    Claim number 6045 (the "Claim") is hereby

reclassified to a general unsecured, non-priority Claim.

3.    The Debtors right to object to any claim,

including (without limitation) the Claim, on any grounds

2

that governing law permits are not waived and are
expressly reserved.

       4.    To the extent that this Order conflicts
with the Order on Debtors' Nineteenth Omnibus Objection
to Claims (Reclassification of Certain Misclassified
Claims to General Unsecured, Non-Priority Claims)
(D.I. 3703), this Order shall control.

       5.    The Debtors shall serve a copy of this
Order on Robert Gentry on or before five (5) business
days from the entry of this Order.

       6.    This Court shall retain jurisdiction with
respect to all matters arising from or related to this
Order.

Dated: Richmond, Virginia
          _____, 2010

                    _____
                    UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        – and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        – and –

_/s/ Douglas M. Foley_____ _____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

## CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

      Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                    /s/ Douglas M. Foley_____
                    Douglas M. Foley

## EXHIBIT A

**(The Class Claim)**

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT   Eastern District of Virginia | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Circuit City Stores West Coast, Inc. | Case Number:<br>08-35654 (KRH) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Jack Hernandez and all those similarly situated | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>C/o Righetti Law Firm, P.C., Matthew Righetti<br>456 Montgomery Street, Suite 1400<br>San Francisco, CA 94104<br><br>Telephone number:<br>(415) 983-0900 | Court Claim Number: N/A<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br>See above.<br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:** $ 23,940,292.00<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>✔ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:** See Exhibit A attached.<br>(See instruction #2 on reverse side.) | ✔ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **3. Last four digits of any number by which creditor identifies debtor:** _____<br><br>   **3a. Debtor may have scheduled account as:** _____<br>        (See instruction #3a on reverse side.) | |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other<br>**Describe:**<br><br>**Value of Property:**$_____ **Annual Interest Rate**____%<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>if any: $_____ **Basis for perfection:** _____<br><br>**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).<br><br>**Amount entitled to priority:**<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date:<br>01/12/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  | FOR COURT USE ONLY<br>RECEIVED<br>JAN 1 3 2009<br>KURTZMAN CARSON CONSULTANTS  |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

0835654090113000000000003

# R I G H E T T I   L A W   F I R M ,   P. C.

456 MONTGOMERY STREET, SUITE 1400 • SAN FRANCISCO, CA  94104
PHONE: 415.983.0900 • TOLL FREE 800.447.5549
FAX: 415.397.9005 • www.righettilaw.com

---

## ENCLOSURE FOR YOUR INFORMATION

**January 12, 2009**

**To:**    **Clerk of the Court**

---

**Re:**    08-35653 In re: Circuit City Stores, Inc.

---

**Enclosed please find the original plus 2 copies of**

- PROOF OF CLAIM WITH EXHIBIT A

**Please file today and return one copy of the conformed documents to Righetti Law Firm in the self-addressed stamped envelope provided.**

**Please let me know if you have any problems with this filing, and thank you.**

**Sincerely,**
**Sarah Minkus**
(415) 983-0900

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

----------------------------------------------------------x
In re:                                          :
                                                :        Chapter 11
CIRCUIT CITY STORES, INC., et al.               :        Case No. 08-35654
                                                :
                Debtors                         :        Jointly Administered with
                                                :        Case No. 08-35653
----------------------------------------------------------x

### EXHIBIT A TO PROOF OF CLAIM

The Hernandez v. Circuit City, Inc. was filed on April 17, 2008, in the San Diego
Superior Court, Case No. 37-2008-00082173-CU-OE-CTL. The case covers all California-based
salaried store managers 1) who worked at any time during the four years preceding the filing of
the Complaint up until the date of class certification at any of the stores in the State of California
owned, operated and/or acquired by Defendants. Mr. Hernandez held the position of Sales
Manager. In April 2008, Hernandez filed this class action suit against Circuit City. He alleged
that Defendant had wrongfully classified all Sales Managers as employees that were exempt
from overtime compensation, and had illegally failed to pay overtime and to provide meal
periods and rest breaks to them. The dates of April 17, 2004, to November 10, 2008, were used
to calculate the workweeks. Mr. Hernandez's ending salary was $50,000 and he worked 12-15
hour days, 6-7 days a week.

To calculate the value of the Hernandez v. Circuit City action the following formula was
used:

Hourly rate $24.03
x 1.5 (time and a half)
= $36.04
x Overtime hours of 25 hours per week
= $901.00
x work weeks (238)
=$214,438.00
x the number of Circuit City, Inc. Stores (72 Stores)
=$15,439,536.00

1
EXHIBIT A TO PROOF OF CLAIM

To calculate the waiting time penalties for the Card action the following formula was used:

Hourly rate ($24.03)
x Hours per day  (8)
x 30 Days
= $5,767.20
x # of employees employed at Circuit City, Inc. Stores (764)
=$4,406,140.80


Attorneys Fees
20% of Overtime and Waiting Time Totals
=$4,077,956.00

Attorney's Fees (Ellen Lake) Law Office Of Ellen Lake
= $16,660 [23.8 hrs]

**Totals of Overtime, Waiting Time Penalties and Attorneys fees: $23,940,292.00**

2

EXHIBIT A TO PROOF OF CLAIM

## EXHIBIT B

**(The Hernandez Complaint)**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO) :*
CIRCUIT CITY STORES, INC , a Virginia
Corporation authorized to do business in the
State of California, and Does 1 to 100,
Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE) :*
JACK HERNANDEZ, an individual, on behalf
of himself, and on behalf of all persons
similarly situated



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

2008 APR 17 PM 4:38

SUPERIOR COURT
SAN DIEGO COUNTY, CA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff  A letter or phone call will not protect you  Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response  You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca gov/selfhelp), your county law library, or the courthouse nearest you  If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program  You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia org), the California Courts Online Self-Help Center (www.courtinfo ca gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte  Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo ca gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales  Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es).* | *(Número del Caso)* 37-2008-00082173-CU-OE-CTL |

Superior Court of California
Hall of Justice/Central District
330 West Broadway                     San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

James Treglio                         Clark & Markham LLP
600 B Street, Suite 2130              San Diego, CA 92101
(619) 239-1321

| DATE: April 17, 2008       APR 17 2008 | Clerk, by | **C. SCHAEFFER**, Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010))*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010))*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**

1. ☐ as an individual defendant

2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☒ on behalf of *(specify)*: Circuit City Stores, Inc.
   under: ☒ CCP 416 10 (corporation)     ☐ CCP 416 60 (minor)
          ☐ CCP 416 20 (defunct corporation)     ☐ CCP 416 70 (conservatee)
          ☐ CCP 416 40 (association or partnership)     ☐ CCP 416 90 (authorized person)
          ☐ other *(specify)* :

4. ☐ by personal delivery on (date): 5/13/08

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| James Treglio                228077<br>Clark & Markham LLP<br>600 B Street, Suite 2130<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 239-1321   FAX NO.: (619) 239-5888<br>ATTORNEY FOR (Name): Plaintiffs | 2008 APR 17 PM 4: 38<br>SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice/Central District

CASE NAME: Hernandez v. Circuit City Stores Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>37-2008-00082173-CU-OE-CTL |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount      (Amount<br>demanded     demanded is<br>exceeds $25,000) $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [X] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): 3: Failure to Pay Overtime, Failure to Provide Breaks, UCL
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case (You may use form CM-015.)

Date: April 17, 2008

James M. Treglio
(TYPE OR PRINT NAME)                                        ▶  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code) (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

ESSENTIAL FORMS

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice-
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g. slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g. slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach-Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court
    Case Matter
  Writ-Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

*Martin Dean's*
**ESSENTIAL FORMS™**



1  David R. Markham (SBN 071814)
2  R. Craig Clark (SBN 129219)
   James M. Treglio (SBN 228077)
3  **CLARK & MARKHAM, LLP**
   600 B Street, Suite 2130
4  San Diego, CA 92101
   Telephone:(619) 239-1321
5  Facsimile: (619) 239-5888

6
   Matthew Righetti (SBN 121012)
7  **RIGHETTI LAW FIRM, P.C.**
   456 Montgomery Street, Ste. 1400
8  San Francisco, CA 94104
   Telephone: (415) 983-0900
9  Facsimile: (415) 397-9005

10
   Walter Haines (SBN 71075)
11 **UNITED EMPLOYEES LAW GROUP**
   646 Pine Ave, #312
12 Long Beach, CA 90802
   Telephone:(877) 696-8378
13 Facsimile: (562) 256-1006

14
   Attorneys for the Plaintiff
15
16            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

17              **IN AND FOR THE COUNTY OF SAN DIEGO**

18
19 JACK HERNANDEZ, an individual, on        CASE NO. _____ **37-2008-00082173-CU-OE-CTL**
   behalf of himself, and on behalf of all persons
20 similarly situated,                      **CLASS ACTION**

21            Plaintiffs,                    **COMPLAINT FOR DAMAGES AND
                                             INJUNCTIVE RELIEF:**
22                                           **(1) FAILURE TO PAY OVERTIME
   vs.                                       COMPENSATION IN VIOLATION OF**
23                                           **CAL. LAB. CODE §§ 510, 1194 AND**
   CIRCUIT CITY STORES, INC., a Virginia     **1198;**
24 Corporation authorized to do business in the **(2) FAILURE TO PROVIDE MEAL AND
   State of California, and Does 1 to 100,   REST PERIODS IN VIOLATION OF**
25 Inclusive.                                **CAL. LAB. CODE §§ 226.7 AND 512; and,**
                                             **(3) UNFAIR COMPETITION IN**
26            Defendants.                     **VIOLATION OF CAL. BUS. & PROF.**
27                                           **CODE § 17200** *et seq.*

28                                           **DEMAND FOR A JURY TRIAL**

1       Comes now the Plaintiff JACK HERNANDEZ, on behalf of themselves and all persons similarly

2 situated, allege as follows:

3       This class action is brought on behalf of present and former "Sales Managers" employed in

4 California by defendant CIRCUIT CITY STORES, INC. (hereinafter "CIRCUIT CITY"). All

5 allegations in this Complaint are based upon information and belief except for those allegations which

6 pertain to the Plaintiff named herein, JACK HERNANDEZ (hereinafter "PLAINTIFF"), and his counsel.

7 Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support

8 after a reasonable opportunity for further investigation and discovery.

9

10                     **JURISDICTION AND VENUE**

11       1. This Court has jurisdiction over this action pursuant to Cal. Civ. Proc. Code § 410.10. The action

12 is brought pursuant to Cal. Civ. Proc. Code § 382. This class action is brought pursuant to §382 of the

13 California Code of Civil Procedure. The claims of individual class members, including plaintiff, are under

14 the $75,000 jurisdictional threshold for federal court. For example, a class member who was or has been

15 employed for a relatively brief period could never reasonably be expected to receive a recovery of $75,000

16 or more. Further there is no federal question at issue, as exempt status questions and remedies relating

17 thereto are based solely on California law and statutes, including the Labor Code, Civil Code, Code of Civil

18 Procedure, and Business and Professions Code. PLAINTIFF brings this action on behalf of himself, and all

19 persons similarly situated.

20       2. Venue is proper in this Court pursuant to Cal. Civ. Proc. Code §§ 395 and 395.5 because the

21 injuries to the persons complained of herein occurred in part in the County of San Diego and/or because

22 Circuit City conducts business in the County of San Diego.

23

24                     **CLASS DEFINITION**

25       3. The CLASS consists of all California residents who are current and former employees of

26 CIRCUIT CITY who held any position as "Sales Managers," and who worked the more than eight (8)

27 hours in any given day and/or more than forty (40) hours in any given week during the period

28 commencing on the date that is within four years prior to the filing of this complaint and through the

---

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF               2

1  present date (the "Class Period"), and who were not paid overtime compensation pursuant to the

2  applicable Cal. Lab. Code and Industrial Welfare Commission Wage Order Requirements (the

3  "CLASS"). To the extent equitable tolling operates to toll claims by the CLASS against Defendants, the

4  Class period should be adjusted accordingly. The CLASS includes all such persons, whether or not they

5  were paid by commission, by salary, or by part commission and part salary.

6      4. The CLASS also consists of all California residents who are current and former employees of

7  CIRCUIT CITY who held any position as a "Sales Manager" and who were not provided with meal and

8  rest periods as required by the applicable Labor Code and IWC Wage Order Requirements in any given

9  week that is within three years prior to the filing of this Complaint and through the present date (the

10  "Meal and Rest Class Period Class Members").

11

12                    **CLASS ALLEGATIONS**

13      5. PLAINTIFF JACK HERNANDEZ ("PLAINTIFF") alleges that at all material times

14  mentioned herein, he is and was:

15          (a)  An individual who resides in the County of San Diego, California;

16          (b) Employed as an "Sales Manager" for defendant CIRCUIT CITY in the County of San

17          Diego from January 2, 2006 to October 29, 2006;

18          (c)  Who worked more than eight (8) hours in any given day and more than forty (40)

19          hours in any given week;

20          (d) Did not receive overtime compensation, meal periods, or rest periods; and,

21          (e) Was a member of the CLASS as defined in paragraphs 3 and 4 of this Complaint.

22      6. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as

23  set forth in California Code of Civil Procedure § 382, in that:

24          (a) The persons who comprise the CLASS are so numerous that the joinder of all such

25          persons is impracticable and the disposition of their claims as a class will benefit the

26          parties and the Court;

27          (b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are

28          raised in this Complaint are common to the CLASS and will apply uniformly to every

---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**                                    3

1   member of the CLASS;

2   (c) The claims of the representative PLAINTIFF are typical of the claims of each member

3   of the CLASS. PLAINTIFF, like all other members of the CLASS, has sustained damages

4   arising from Defendants' violations of the laws of California. PLAINTIFF and the

5   members of the CLASS were and are similarly or identically harmed by the same

6   unlawful, deceptive, unfair, systematic and pervasive pattern of misconduct engaged in by

7   the Defendants';

8   (d) The representative PLAINTIFF will fairly and adequately represent and protect the

9   interest of the CLASS, and has retained counsel who are competent and experienced in

10  Class Action litigation. There are no material conflicts between the claims of the

11  representative PLAINTIFF and the members of the CLASS that would make class

12  certification inappropriate. Counsel for the CLASS will vigorously assert the claims of all

13  Class Members.

14  7. In addition to meeting the statutory prerequisites to a Class Action, this action is properly

15  maintained as a Class Action pursuant to Cal. Code of Civil Procedure § 382, in that:

16  (a) Without Class certification and determination of declaratory, injunctive, statutory and

17  other legal questions within the class format, prosecution of separate actions by individual

18  members of the CLASS will create the risk of:

19  1) Inconsistent or Varying adjudications with respect to individual members of the

20  CLASS which would establish incompatible standards of conduct for the parties

21  opposing the CLASS; or,

22  2) Adjudication with respect to individual members of the CLASS which would as

23  a practical matter be dispositive of interests of the other members not party to the

24  adjudication or substantially impair or impede their ability to protect their

25  interests.

26  (b) The parties opposing the CLASS have acted or refuse to act on grounds generally

27  applicable to the CLASS, thereby making appropriate final injunctive relief or

28  corresponding declaratory relief with respect to the CLASS as a whole; or

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**                4

(c) Common questions of law and fact exist as to the members of the CLASS and predominate over any question affection only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of

1) The interests of the members of the CLASS in individually controlling the prosecution or defense of separate actions;

2) The extent and nature of any litigation concerning the controversy already commenced by or against members of the CLASS;

3) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

4) The difficulties likely to be encountered in the management of a Class Action.

8. This Court should permit this action to be maintained as a Class Action pursuant to California Code of Civil Procedure § 382 because:

(a) The questions of law and fact common to the CLASS predominate over any question affecting only individual members;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CLASS;

(c) The members of the CLASS are so numerous that it is impractical to bring all members of the CLASS before the Court;

(d) PLAINTIFF, and the other CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which CIRCUIT CITY's actions have inflicted upon the CLASS;

(f) There is a community of interest in ensuring that the combined assets and available insurance of CIRCUIT CITY is sufficient to adequately compensate the members of the CLASS for the injuries sustained;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                              5

1    (h) CIRCUIT CITY has acted or refused to act on grounds generally applicable to the

2    CLASS, thereby making final injunctive relief appropriate with respect tot he CLASS as a

3    whole.

4                              **DEFENDANTS**

5    9. PLAINTIFF is informed and believes, and based upon that information and belief alleges that

6    Defendant CIRCUIT CITY, at all times during the Class Period was:

7    (a) An electronics retail company organized under the law of the Commonwealth of

8    Virginia, has its principle place of business in the Commonwealth of Virginia, conducts

9    business in California, and has its Southern California regional headquarters in the County

10    of Los Angeles;

11    (b) The former employer of PLAINTIFF and the current and/or former employer of the

12    putative CLASS members; and

13    (c) Failed to pay overtime compensation, and failed to provide meal and rest periods, to all

14    members of the CLASS.

15    10. The true names and capacities, whether individual, corporate, subsidiary, partnership,

16    associate or otherwise of defendant Does 1 through 100, inclusive, are unknown to the PLAINTIFF who

17    therefore sues these defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. The

18    PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1

19    through 100, inclusive, when they are ascertained.

20    11. PLAINTIFF is informed and believes, and based upon that information and belief alleges that

21    the Defendants named in this Complaint, including Does 1 through 100, inclusive, are responsible in

22    some manner for one or more of the events and happenings that proximately caused the injuries and

23    damages hereinafter alleged.

24    12. PLAINTIFF is informed and believes, and based upon that information and belief alleges,

25    that the defendants named in this Complaint, including Does 1 through 100, inclusive, are, and at all

26    times mentioned herein were, the agents, servants, and/or employees of each of the other defendants and

27    that each defendant was acting within the course of scope of his, hers or its authority as the agent, servant

28    and/or employee of each of the other defendants. Consequently, all the defendants are jointly and

---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**                              6

1 | severally liable to the PLAINTIFF and the other members of the CLASS, for the damages sustained as a
2 | proximate result of their conduct.

### THE CONDUCT

3 |
4 | 13. PLAINTIFF JACK HERNANDEZ was hired by CIRCUIT CITY on or about November 14,
5 | 2002. He was employed by CIRCUIT CITY as a Sales Manager from January 2, 2006 until he ceased
6 | working for CIRCUIT CITY on or about October 29, 2006. Mr. HERNANDEZ frequently worked six or
7 | more days per week, and would, on average, work around fifty-five hours per week. Generally, "Sales
8 | Managers" working for CIRCUIT CITY are required to work fifty or more hours per week.

9 | 14. Defendant CIRCUIT CITY improperly classified PLAINTIFF, and other members of the
10 | CLASS, as "exempt". Consequently PLAINTIFF, and the other members of the CLASS, were not paid
11 | overtime wages for hours worked in excess of eight hours per day and/or forty hours per week.
12 | Industrial Welfare Commission Wage Order No. 4 sets forth the requirements which must be satisfied in
13 | order for an employee to be exempt. Although classified as exempt, the duties of PLAINTIFF, and other
14 | members of The CLASS, do not meet the requirements set forth in the Industrial Welfare Commission
15 | Wage Order No. 4.

16 | 15. Throughout the Class Period, CIRCUIT CITY systematically misclassified PLAINTIFF and
17 | every other Sales Manager who is a member of the CLASS as "exempt" when in fact they were not.

18 | 16. Accordingly, and despite the fact that PLAINTIFF, and the other members of CLASS,
19 | regularly worked in excess of 8 hours a day and 40 hours per week, they did not receive overtime
20 | compensation.

21 | 17. In addition, PLAINTIFF and other members of the CLASS, did not receive meal and rest
22 | periods, although they were entitled to them.

23 | 18. As part of their employment, PLAINTIFF, and other members of the CLASS were required
24 | to sign a binding arbitration agreement prohibiting class action claims. However, that agreement has
25 | been held by the California Supreme Court, in Gentry v. Circuit City (2007) 42 Cal. 4th 443, to be
26 | substantively and procedurally unconscionable, and is null and void as a matter of law.

27 |
28 |

### FIRST CAUSE OF ACTION

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                    7

## FOR FAILURE TO PAY OVERTIME COMPENSATION
[Cal. Lab. Code §§510, 1194 and 1198]
(By the CLASS and against all Defendants)

19. PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein, paragraphs 1 through 17 of this Complaint.

20. Cal. Lab. Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

21. Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid overtime compensation, interest thereon, together with the costs of suit, and attorneys fees. Cal. Lab. Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

22. CIRCUIT CITY has intentionally and improperly designated certain employees, including PLAINTIFF, and other members of the CLASS, as "exempt" "Sales Managers" to avoid payment of overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

23. In particular, the Industrial Welfare Commission Wage Order No. 4 sets forth the requirements which must be complied with to place an employee in an exempt category. For an employee to be exempt as a bona fide "executive," all the following criteria must be met:

      (a) The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision;

      (b) The employee must customarily and regularly direct the work of at least two (2) or more other employees; and,

      (c) The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

      (d) The employee must customarily and regularly exercise discretion and independent judgment; and,

      (e) The employee be primarily engaged in duties which meet the test of exemption.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**                                        8

24. The Industrial Welfare Commission Wage Order No. 4 also sets forth the requirements which must be complied with tho place an employee in the "administrative" exempt category. For an employee to be exempt as a bona fide administrator, all of the following criteria mus be met:

    (a) The employee must perform office or non-manual work directly related to management policies or general business operation of the employer;

    (b) The employee must customarily and regularly exercise discretion and independent judgment; and

    (c) The employee must regularly and directly assist a proprietor or an exempt administrator; or,

    (d) The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

    (e) The employee must execute special assignments and tasks under only general supervision; and,

    (f) The employee must be primarily engaged in duties which meet the test of exemption.

25. The Industrial Welfare Commission, ICW Wage Order No. 4 also sets forth the requirements which must be complied with to place an employee in the "professional" exempt category. For an employee to be exempt as a bona fide professional, all the following criteria must be met:

    (a) The employee must primarily perform work which is intellectual or creative and that requires the exercise of discretion and independent judgment;

    (b) The employee must be licensed or certified by the State of California and is primarily engaged in the practice of one of the following recognized professions: law, medicine, dentistry, optometry, architecture, engineering, teaching, or accounting.

26. The job duties of PLAINTIFF, and other members of the CLASS, do not fit the definition of either an exempt executive, administrative, or professional employee because:

    (a) Less than fifty percent (50%) of their work hours are spent on managerial or administrative (exempt) duties;

    (b) More than fifty percent (50%) of their work hours are spent performing non exempt duties, including but not limited to answering telephones, providing customer service,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF             9

1    sales, training, and following strict and exacting procedures;

2    (c) They do not have the discretion or independent judgment, in that they must follow

3    exacting and comprehensive company-wide policies and procedures which dictate every

4    aspect of their work day;

5    (d) They do not have the authority to hire/or and fire other personnel; and,

6    (e) None of the exemptions articulated in Wage Order No. 4, subparagraph (h), apply to

7    the PLAINTIFF, or to the other members of the CLASS.

8    27. At all times relevant hereto, from time to time, the PLAINTIFF, and the other members of the

9    CLASS, worked more that eight hours in a workday, and/or more than forty hours in a work week.

10    28. At all times relevant hereto, Defendant CIRCUIT CITY failed to pay PLAINTIFF, and the

11    other members of The CLASS, overtime compensation for the hours they have worked in excess of the

12    maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198. In fact, however,

13    PLAINTIFF, and the other members of The CLASS, and were regularly required to work overtime hours.

14    29. By virtue of CIRCUIT CITY's unlawful failure to pay addition compensation to the

15    PLAINTIFF, and the other members of the CLASS, for their overtime hours, the PLAINTIFF, and the

16    other members of the CLASS, have suffered, and will continue to suffer, injury and damages in amounts

17    which are presently unknown to them but which exceed the jurisdictional limits of this Court and which

18    will be ascertained according to proof at trial.

19    30. PLAINTIFF, and the other members of the CLASS, are informed and believe, and based

20    upon that information and belief allege, that CIRCUIT CITY knew or should have known that

21    PLAINTIFF, and the other members of the CLASS, did not qualify as exempt employees and purposely

22    elected not to pay them for their overtime labor.

23    31. CIRCUIT CITY acted and is acting intentionally, oppressively, and maliciously toward the

24    PLAINTIFF, and toward the other members of the CLASS, with a conscious disregard of their rights, or

25    the consequences to them, with the intent of depriving them of property and legal rights and otherwise

26    causing them injury.

27    32. PLAINTIFF, and the other members of The CLASS, request recovery of overtime

28    compensation according to proof, interest, attorney's fees and cost pursuant to Cal. Lab. Code §§ 218.5

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**                                    10

1   and 1194(a), as well as the assessment of any statutory penalties against CIRCUIT CITY, in a sum as

2   provided by the Cal. Lab. Code and/or other statutes.

3       33. Further, PLAINTIFF, and the other members of The CLASS, are entitled to seek and recover

4   reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5 and 1194.

5

6                              **SECOND CAUSE OF ACTION**
                  **FOR FAILURE TO PROVIDE MEAL PERIODS AND REST PERIODS**
7                              **[Cal. Lab. Code §§ 226.7 and 512]**
                            **(By The CLASS and Against All Defendants)**
8
        34. PLAINTIFF realleges and incorporates by reference, as though fully set forth herein,
9
    paragraphs 1 through 33 of this Complaint.
10
        35. Cal. Lab. Code §§ 226.7 and 512 provide that no employer shall employ any person for a
11
    work period of more than five (5) hours without a meal period of not less than 30 minutes.
12
        36. Cal. Lab. Code § 226.7 provides that if an employer fails to provide an employee a meal
13
    period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the
14
    employee's regular rate of compensation for each five (5) hours of work that the meal period is not
15
    provided.
16
        37. CIRCUIT CITY has intentionally and improperly denied meal periods to PLAINTIFF, and
17
    other members of The CLASS, in violation of Cal. Lab. Code §§ 226.7 and 512.
18
        38. At all times relevant hereto, PLAINTIFF, and other members of The CLASS, have worked
19
    more than five hours in a workday. At all relevant times hereto, CIRCUIT CITY has failed to provide
20
    meal periods as required by Cal. Lab. Code §§ 226.7 and 512.
21
        39. Cal. Lab. Code § 226.7 provides that employers shall authorize and permit employees to take
22
    rest periods at the rate of ten (10) minutes net rest time per four (4) hours of work.
23
        40. Cal. Lab. Code § 226.7 provides that if an employer fails to provide and employee rest
24
    periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the
25
    employee's regular rate of compensation for each workday that the rest period is not provided.
26
        41. CIRCUIT CITY has intentionally and improperly denied rest periods to PLAINTIFF, and
27
    other members of the CLASS, in violation of Cal. Lab. Code §§ 226.7 and 512.
28

---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**                                      11

1    42. At all times relevant hereto, the PLAINTIFF, and other members of the CLASS, worked

2    more than four hours in a workday. At all times relevant hereto, CIRCUIT CITY failed to provide rest

3    periods as required by Cal. Lab. Code §§ 226.7 and 512.

4    43. By virtue of CIRCUIT CITY's unlawful failure to provide rest periods to them, PLAINTIFF,

5    and other members of the CLASS, have suffered, and will continue to suffer, damages in the amounts

6    which are presently unknown to them, but which exceed the jurisdictional limits of this Court and which

7    will be ascertained according to proof at trial.

8    44. PLAINTIFF, and the other members of the CLASS, are informed and believe, and based

9    upon that information and belief allege, that CIRCUIT CITY knows or should have known that the

10    PLAINTIFF, and the other members of the CLASS, were entitled to meal periods and rest periods but

11    purposely elected not to provide these mandated periods.

12    45. PLAINTIFF, and the other members of the CLASS, are entitled to seek and recover

13    reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 226.7 and 512.

14

15    **THIRD CAUSE OF ACTION**
**FOR UNLAWFUL BUSINESS PRACTICES**

16    [Cal. Bus. and Prof. Code §§ 17200 *et seq.*]
**(By The CLASS and against All Defendants)**

17    46. The PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein,

18    paragraphs 1 through 45 of this Complaint.

19    47. CIRCUIT CITY is a "person" as that term is defined under California Business &

20    Professions Code § 17201.

21    48. Cal. Bus. and Prof. Code § 17200 defines unfair competition as "any unlawful, unfair, or

22    fraudulent business act or practice"

23    49. At all times relevant hereto, by and through the conduct described herein, CIRCUIT CITY

24    has engaged in unfair and unlawful practices by failing to pay PLAINTIFF, and the other members of the

25    CLASS, overtime compensations, and has failed to provide meal and rest breaks, pursuant to the

26    applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. and

27    Prof. Code § 17200 *et seq.*, and has thereby deprived PLAINTIFF, and the other members of the CLASS,

28

---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**                                    12

1  of fundamental rights and privileges owed to them by law.

2      50.  By and through the unfair and unlawful business practices described herein, CIRCUIT CITY

3  has obtained valuable property, money, and services from the PLAINTIFF, and the other members of the

4  CLASS, and have deprived them of valuable rights and benefits guaranteed by law, all to their detriment.

5      51.  All the acts described herein as violations of, among other things, the Cal. Lab. Code and

6  Industrial Welfare Commission Wage Order, are unlawful and in violation of public policy; and in

7  addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful

8  business practices in violation of Cal. Bus. And Prof. Code § 17200 *et seq.*

9      52.  PLAINTIFF, and the other members of The CLASS, are entitled to, and do, seek such relief

10 as may be necessary to restore to them the money and property which Defendant CIRCUIT CITY has

11 acquired, or of which PLAINTIFF, and other members of The CLASS, have been deprived, by means of

12 the above described unfair and unlawful business acts and practices.

13     53.  PLAINTIFF, and the other members of The CLASS, are further entitled to, and do, seek a

14 declaration that the above described business practices are unfair and unlawful and that injunctive relief

15 should be issued restraining CIRCUIT CITY from engaging in any of the above described unfair and

16 unlawful business practices in the future.

17     54.  PLAINTIFF, and the other members of The CLASS, have no plain, speedy, and/or adequate

18 remedy at law to redress the injuries which they have suffered as a consequence of the unfair and

19 unlawful business practices of CIRCUIT CITY. As a result of the unfair and unlawful business practices

20 described above, PLAINTIFF, and the other members of The CLASS, have suffered and will continue to

21 suffer irreparable harm unless CIRCUIT CITY is restrained from continuing to engage in these unfair

22 and unlawful business practices. In addition, CIRCUIT CITY should be required to disgorge the unpaid

23 moneys to PLAINTIFF, and the other members of The CLASS.

24

25                                   **PRAYER**

26     WHEREFORE, PLAINTIFF prays for judgment against CIRCUIT CITY in favor of PLAINTIFF

27 and the CLASS as follows:

28 1.     **ON THE FIRST CAUSE OF ACTION**

---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**                              13

1  A) For compensatory damages, including lost wages, commissions, bonuses, and other losses,

2  according to proof;

3  B) For general damages, according to proof;

4  C) For an award of interest, including prejudgment interest at the legal rate;

5  D) For statutory damages, including reasonable attorneys' fees and cost of suit

6 **2. ON THE SECOND CAUSE OF ACTION**

7  A) One hour of pay for each workday in which a rest period was not provided fore each four

8  hours of work;

9  B) One hour of pay for each five (5) hours of work in which a meal period was not provided;

10  C) For attorneys' fees and costs

11 **3. ON THE THIRD CAUSE OF ACTION**

12  A) For restitution and disgorgement;

13  B) For injunctive relief ordering the continuing unfair business acts and practices to cease, or as

14  the Court otherwise deems just and proper;

15  C) For other injunctive relief ordering CIRCUIT CITY to notify The CLASS that they have not

16  been paid the proper amounts required in accordance with California law

17

18 **4. ON ALL CAUSES OF ACTION**

19  A) An Order certifying the CLASS, approving PLAINTIFF as the Representative of the CLASS,

20  and permitting this case to proceed as a class action; and,

21  B) For such other and further relief as the Court deem just and proper.

22

23 Dated: April /7, 2008      **CLARK & MARKHAM, LLP**

24

25          By:

26            DAVID R. MARKHAM
             Attorney for Plaintiff

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF       14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

PLAINTIFFS demand jury trial on issues triable to a jury.

Dated: April 17, 2008

CLARK & MARKHAM, LLP

By: _____
DAVID R. MARKHAM
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

15

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00082173-CU-OE-CTL    CASE TITLE: Hernandez vs. Circuit City Stores Inc

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

## ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference Judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE & ZIP CODE: San Diego  CA  92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Jack Hernandez |
|---|
| DEFENDANT(S): Circuit City Stores Inc |
| SHORT TITLE: HERNANDEZ VS CIRCUIT CITY STORES INC |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2008-00082173-CU-OE-CTL |
|---|---|

Judge: Judith F. Hayes                                    Department: C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program          ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                        ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral          ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                        Name of Defendant

_____          _____
Signature                                Signature

_____          _____
Name of Plaintiff's Attorney             Name of Defendant's Attorney

_____          _____
Signature                                Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3 1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed

IT IS SO ORDERED.

Dated: 04/17/2008                        _____
                                         JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)     **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**     Page: 1

3

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:    330 West Broadway
MAILING ADDRESS:    330 West Broadway
CITY AND ZIP CODE:    San Diego, CA 92101
BRANCH NAME:    Central
TELEPHONE NUMBER:    (619) 685-6147

PLAINTIFF(S) / PETITIONER(S):    Jack Hernandez

DEFENDANT(S) / RESPONDENT(S):    Circuit City Stores Inc

HERNANDEZ VS. CIRCUIT CITY STORES INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2008-00082173-CU-OE-CTL |
|---|---|

Judge:  Judith F Hayes                    Department: C-68

**COMPLAINT/PETITION FILED:** 04/17/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING