Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x
```

**DEBTORS' SUPPLEMENT TO THE THIRTY-FIRST
OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE
OF CERTAIN LEGAL CLAIMS) WITH RESPECT TO THE
CLASS CLAIM FILED BY JOSEPH SKAF**

The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors")[1],

pursuant to sections 105, 502 and 503 of title 11 of the

United States Code (the "Bankruptcy Code"), Rules 2002,

3007, 7056, 9007 and 9014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule

56 of the Federal Rules of Civil Procedure (the "Civil

Rules"), submit this supplement (the "Supplement") to

the Debtors' Thirty-First Omnibus Objection[2] (as defined

herein) (together with the Thirty-First, the

"Objection") with respect to the Class Claim (as defined

herein) filed by Joseph Skaf ("Skaf").  In support of

this Supplement, the Debtors respectfully represent as

follows:

---

[1]  The Debtors and the last four digits of their respective taxpayer
     identification numbers are as follows: Circuit City Stores, Inc.
     (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
     Inc. (0875), Ventoux International, Inc. (1838), Circuit City
     Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
     Distribution Company of Virginia, Inc. (2821), Circuit City
     Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
     Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
     Sky Venture Corp. (0311), PRAHS, INC. (n/a), XSStuff, LLC (9263),
     Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
     LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
     for Circuit City Stores West Coast, Inc. is 9250 Sheridan
     Boulevard, Westminster, Colorado 80031.  The address for the
     Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA
     23060.

[2]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to them in the Objection.

**PRELIMINARY STATEMENT**

1.    By the Thirty-First Omnibus Objection,
the Debtors sought to disallow the Class Claim in its
entirety.  Contemporaneously herewith, the Debtors filed
a motion for summary judgment in support of
reclassification of the Class Claim to a pre-petition
general unsecured, non-priority claim.

2.    By this Supplement, the Debtors seek to
disallow the Class Claim to the extent that it seeks
relief with respect to any unnamed individuals (each an
"Unnamed Claimant" and, collectively, the "Unnamed
Claimants") and, consequently, if granted, to reduce the
Class Claim to a claim solely asserted by Skaf, Gustavo
Garcia ("Garcia"), and Miguel Perez ("Perez" and
collectively with Skaf, and Garcia, the "Named
Claimants" and such Claimants claim, the "Named
Claimants' Claim").[3]  As set forth above, however, the
Debtors are moving for summary judgment with respect to
the Named Plaintiffs' Claim asserting that it must, as a
matter of law, be reclassified to a general, unsecured,

---

[3]    The Debtors do not believe that Garcia or Perez have filed
individual proofs of claim.  To the extent they have, the Debtors
reserve the right to object to such claims as duplicative.

pre-petition claim subject to further objections by the

Debtors or their successors on any grounds that

governing law permits.

**BACKGROUND**

3.    The Debtors hereby incorporate by

reference the Background set forth in the Thirty-First

Objection as if fully set forth herein and provide the

Court with the following additional background

information.

**A.    The General Bar Date.**

4.    On November 12, 2008, the Court appointed

Kurtzman Carson Consultants LLC ("KCC") as claims,

noticing and balloting agent for the Debtors in these

chapter 11 cases, pursuant to 28 U.S.C. § 156(c) (D.I.

108).

5.    On December 10, 2008, the Court entered

that certain Order Pursuant to Bankruptcy Code Sections

105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and

9007 (I) Setting General Bar Date and Procedures for

Filing Proofs of Claim; and (II) Approving Form and

Manner of Notice Thereof (D.I. 890) (the "Claims Bar

Date Order").

6.   Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date").

7.   On December 19, 2008, KCC served a copy of the Claims Bar Date Notice (as defined in the Claims Bar Date Order) on, among others, the counsel that represented Gentry (the "Class Counsel") in the pending lawsuit styled as Joseph Skaf et al. v. Circuit City Stores, Inc. (the "Class Action").   In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (D.I. 1395) and The Richmond Times-Dispatch (D.I. 1394).

**B.    Procedural Background.**

8.   On January 30, 2009, Class Counsel filed the Class Claim on behalf of the Named Claimants and the Unnamed Claimants, which Unnamed Claimants are alleged "all those similarly situated" to Skaf in the amount of $95,501,550.00, which Class Claim was asserted as being entitled to priority treatment under 11 U.S.C. §

507(a)(4)(Claim No. 8717, the "Class Claim"). A copy of the Class Claim is attached as <u>Exhibit A</u>.

9.   On August 20, 2009, the Debtors filed the Debtors' Thirty-First Omnibus Objection to Claims (Disallowance of Certain Legal Claims) (D.I. 4585; the "Objection").  By the Thirty-First Omnibus Objection, the Debtors seek to disallow certain filed claims, including the Class Claim.

10.   Skaf filed a preliminary response to the Thirty-First Omnibus Objection. (D.I. 4946, the "Response").  In the Response, Skaf contends that disallowance of the Class Claim is improper.  <u>See</u> Response, p. 2 ("Debtors' Objection, which seeks to disallow the claims of Creditor Skaf and the putative class, is improper.").

11.   On October 16, 2009, this Court entered the Order on the Debtors' Thirty-First Omnibus Objection (D.I. 5294; the "Order"), under which the Thirty-First Omnibus Objection was adjourned with respect to the Class Claim.

**C.    The Class Action Complaint.**

12.    The Class Claim is premised on the Class
Action.  A copy of the complaint filed in the Class
Action is attached as <u>Exhibit B</u> (the "Class Action
Complaint").  The Class Action Complaint was filed in
Los Angeles Superior Court in California on December 19,
2008 -- over one month after the Petition Date.[4]  As a
result of the Debtors' bankruptcy, the Class Action was
stayed.  As of the Petition Date, no class had been
certified.

13.    In the Class Action Complaint, the Named
Claimants sought, on behalf of themselves and allegedly
on behalf of similarly situated parties, two forms of
relief.  First, the Named Claimants seeks damages for
violations of the California Labor Code and Business and
Professions Code.  <u>See</u> Skaf Complaint, p. 1. Second, the
Named Claimants sought injunctive relief against Circuit
City on account of the alleged labor violations.  <u>See</u>
Skaf Complaint, p. 22.

---

[4]    Plainly, this is a violation of the automatic stay.  The Debtors
reserve all of their rights with respect thereto.

D.    **The Class Claim.**

14.    By the Class Claim, Skaf asserts that
Circuit City violated California labor laws entitling
the Named Claimants and the Unnamed Claimants to the
payment of overtime wages and waiting time penalties for
the period from June, 1998 to January, 2008.  See Claim
No. 8717 Exhibit A at 1.

15.    Specifically, the Class Claim is broken
into various parts.  First, the Claim seeks
$72,421,440.00 for overtime pay by using the following
formula: (hourly rate x 1.5) x (overtime per week) x
(work weeks) x (number of class members) (the "Overtime
Damages").  The Overtime Damages are divided between the
Named Claimants' portion, which totals $620,755.20 (the
"Named Claimants' Overtime Claim"), and the Unnamed
Claimants' portion, which allegedly totals
$71,800,684.80 (the "Unnamed Claimants Overtime Claim").

16.    Second, the Class Claim includes
$3,979,800.00 for waiting time penalties by using the
following formula: (hourly rate) x (hours worked per
day) x (30 days) x (number of employees employed at
Circuit City) (the "Waiting Time Damages").  The Waiting

Time Damages are also divided between the Named
Claimants portion, which allegedly totals $15,919.20
(the "Named Claimants' Waiting Time Claim"), and the
Unnamed Claimants' portion, which allegedly totals
$3,963,880.80 (the "Unnamed Claimants' Waiting Time
Claim").

17.   Thus, the Named Claimants' Overtime Claim
and Waiting Time Claim aggregates to $636,674.40 (the
"Named Claimants' Claim") and the Unnamed Claimants'
Overtime Claim and Waiting Time Claims aggregate to
$75,764,565.60 (the "Unnamed Claimants' Claim").

18.   Third, and finally, the Class Claim also
includes $19,100,310.00 on account of attorneys' fees,
presumably for Class Counsel (the "Attorneys' Fee
Claim").

**E.    The Named Claimants' Employment.**

19.   As set forth in the Class Claim, Skaf was
not employed by Circuit City after May, 2007; Garcia was
not employed by Circuit City after June, 2006; and Perez
was not employed by Circuit City after January, 2008.
Claim No. 8717, Exhibit A at 1.

9

### SUPPLEMENTAL RELIEF REQUESTED

20.   Subject to the reservation of rights set forth herein and in addition to seeking to reclassify the Class Claim to a general unsecured, non-priority claim, by the Objection, the Debtors seek to disallow the portions of the Class Claim seeking payment on account of the Unnamed Claimants' Claim and the Attorneys Fee Claim (the "Unnamed Claimants' Class Claims").

### BASIS FOR RELIEF

21.   Class counsel filed the Class Claim on behalf of the Named Claimants and the Unnamed Claimants as a class proof of claim.  Prior to doing so, however, Skaf was not certified as the class representative in the Class Action.  Indeed, no class has ever been certified.  More importantly, neither Skaf nor Class Counsel has ever sought this Court's approval to file a class proof of claim as required by Bankruptcy Rules 9014 and 7023, and granting any such relief at this time, would be severely prejudicial to the Debtors. Consequently, for this and the further reasons set forth

below, the Unnamed Claimants' Class Claims should be

disallowed in their entirety.

**APPLICABLE AUTHORITY**

I.    **THE UNNAMED CLAIMANTS' CLASS CLAIMS SHOULD BE
      DISALLOWED.**

     A.    **Skaf Was Required To Seek The Bankruptcy
            Court's Permission To File A Class Proof Of
            Claim.[5]**

       22.    Bankruptcy Rule 7023 provides that Civil

Rule 23 -- the class action rule -- applies in adversary

proceedings.  Fed. R. Bankr. P. 7023 ("Rule 23

F.R.Civ.P. applies in adversary proceedings.").

Bankruptcy Rule 7023 does not, however, apply to the

filing of claims or in contested matters absent leave of

court.  <u>See</u> Fed. R. Bankr. P. 9014 ("The court may at

any stage in a particular matter direct that one or more

of the other rules in Part VII shall apply."); <u>see also</u>

<u>In re American Reserve Corp.</u>, 840 F.2d 487, 488 (7th

---

[5]  At this time, among other matters, the Debtors have not addressed
whether class certification would be appropriate as it would
necessarily require fact intensive consideration.  <u>See In re
Bally Total Fitness of Greater New York, Inc.</u>, 402 B.R. 616, 621
(Bankr. S.D.N.Y. 2009) (noting the Supreme Court's directive to
district courts to conduct a "rigorous analysis" to determine
whether the requirements of Civil Rule 23 have been met).
However, in the event that the Court denies the Objection, the
Debtors reserve their rights to object to the Claim on any
grounds, including (without limitation) that the requirements of
Civil Rule 23 have not been satisfied and the Debtors are not
liable for the Claim.

Cir. 1988) ("the right to file a proof of claim on

behalf of a class seems secure, <u>at least if the</u>

<u>bankruptcy judge elects to incorporate Rule 23</u> via Rule

7023 via Rule 9014." (emphasis added)).

    23.   Indeed, as the Bankruptcy Court for the

Eastern District has stated, "although class proofs of

claim may be permitted, they are not a matter of right."

<u>See</u> <u>In re Computer Learning Centers, Inc.</u>, 344 B.R. 79,

85-86 (Bankr. E.D. Va. 2006); <u>see also</u> <u>In re American</u>

<u>Reserve Corp.</u>, 840 F.2d at 494 (holding Federal Rule of

Civil Procedure 23 governing class actions "may apply

throughout a bankruptcy case at the bankruptcy judge's

discretion").   Therefore, prior to filing a class proof

of claim, a claimant must file a motion for

determination of applicability of Bankruptcy Rule 7023.

<u>See</u> <u>Computer Learning</u>, 344 B.R. at 86 ("The

applicability of Rule 7023 is raised by motion.").

Neither Gentry nor Class counsel ever made such a

request.

    24.   Specifically, this Court set the General

Bar Date by order dated December 10, 2008.  D.I. 890.

KCC served Class Counsel, Skaf, the Debtors employees

and many others with the Claims Bar Date Notice on
December 19, 2008, and the General Bar Date passed over
one year ago.[6]  Yet, to date, neither Skaf nor Class
Counsel has moved for Court approval to file a class
proof of claim.  Consequently, Skaf and Class Counsel
were simply not eligible to file a class proof of claim,
and the portion of the Class Claim seeking payment on
the Unnamed Claimants' Class Claim must be denied.  See
Computer Learning, 344 B.R. at 87 ("[W]ithout [a court
order], Rule 7023 is not applicable to the proof of
claim and a class proof of claim is improper."); see
also White Motor Corp., 886 F.2d at 1470-71 (finding the
bankruptcy court did not abuse discretion in denying a
class proof of claim where the claimant "failed to
timely petition the bankruptcy court to apply the
provisions of Rules 9014 and 7023").

    25.  Accordingly, the Unnamed Claimants' Class
Claims should be disallowed in their entirety and the
Class Claim should be reduced to reflect only the Named

---

[6]    See Affidavit of Service of Evan Gershbein re: 1) Notice of
    Deadline for Filing Proofs of Claim and Proof of Claim Form
    [D.I. 966]; and 2) Notice of Commencement of Chapter 11
    Bankruptcy Cases, Meeting of Creditors and Fixing of Certain
    Dates [D.I. 967], at p. 4332,  (D.I. 1314).

Claimants' Claim, with the Debtors' rights to object to the Named Claimants' Claim on any additional grounds that governing law permits reserved.

   **B.    Even If Skaf or Class Counsel Had Filed A Timely Motion Under Bankruptcy Rule 7023, The Dismissal Of Such Motion Would Have Been Proper.**

   26.   Even if Skaf or Class Counsel had filed a motion seeking authorization to file a class proof of claim in these cases, the proper exercise of this Court's discretion would have dictated that the motion be denied.

   27.   In particular, in this jurisdiction, there are four considerations that are relevant to a court's determination as to whether to allow the filing of a class proof of claim.  These considerations are: (i) whether the request to make Rule 7023 applicable to the filing of a proof of claim is timely; (ii) whether class adjudication is superior to the adjudication of individual claims in bankruptcy; (iii) whether a class proof of claim would unduly complicate or delay the administration of the bankruptcy case; and (iv) whether adjudication of the class proof of claims provides

benefits and limits the costs of claims litigation.
Computer Learning, 344 B.R. at 86 (citing American
Reserve, 840 F.2d at 492-94; White Motor Corp., 886 F.2d
at 1463-64).

28.    In considering these factors, courts have
recognized that certain aspects unique to bankruptcy law
may make application of the class action rules
unnecessary in that context.  Computer Learning, 344
B.R. at 86 (citing American Reserve, 840 F.2d at 492-
94).  These aspects include the bankruptcy court's
control over the debtor and its property, special notice
of the bankruptcy proceedings, and the opportunity to
file individual proofs of claim.  Id. (citations
omitted).

    **1.**      **Any request to file a class proof after
the passing of the General Bar Date would
have been untimely.**

29.    While Bankruptcy Rule 9014 does not
provide a deadline for filing a Bankruptcy Rule 7023
motion, it "should be filed as soon as practicable and
should be denied if it comes so late as to prejudice any
party."  Computer Learning, 344 B.R. at 89 (emphasizing
that early application of Rule 7023 "furthers the policy

of an orderly and expeditious administration of the
bankruptcy estate").

30.   Neither Skaf nor Class Counsel has ever
filed a motion for an order under Bankruptcy Rule 7023
for authorization to file the Class Claim.  Moreover,
even if Skaf or Class Counsel were to do so today, the
Debtors and their creditors would be significantly
prejudiced by permitting the filing and prosecution of
the Class Claim this late into the administration of
their chapter 11 cases. See Computer Learning, 344 B.R.
at 90 (noting that the trustee was prejudiced by the
delay in filing the Rule 7023 motion because he could
have included the class action allegations in his
analysis and settlement of claims and payments to
creditors would be delayed indefinitely by the
permission of a class proof of claim).

31.   Specifically, this Court approved the
Disclosure Statement on September 24, 2009.  In
formulating the disclosure statement, the Debtors did
not include the Class Claim (or other similar claims
filed by the same and different counsel) for purposes of
determining the range of priority claims that would need

to be paid before general unsecured creditors.  Indeed,
the Debtors were only aware of one class claimant who
sought and obtained permission to file a class proof of
claim.[7]  Thus, if the Court permits Skaf or the Class
Counsel to proceed on the Class Claim in the stated
amount and as a priority claim, the classes of claims
and projected distributions set forth in the Disclosure
Statement might need to be revised.  Plainly, that would
delay the administration of the case and ultimate
distribution to unsecured creditors, to whom
distributions are made only after priority claims are
paid in full.  See Plan (D.I. 5124) ("Provided that the
Face Amount of all Administrative Claims, Priority
Claims and Miscellaneous Secured Claims have been paid
in full . . . each Holder of an Allowed General
Unsecured Claim shall receive its Pro Rata share . .
.").

---

[7]   See D.I. 1683 (Stipulation and Order Granting Motion to Permit
the Filing of a Class Proof of Claim by Christopher A. Jones of
Whiteford, Taylor & Preston, LLP on Behalf of Daniel E. Weidler,
Michael F. Yezback, Eloise Garcia, and Angie Duron).  It is worth
noting that Weidler's motion to file a class proof of claim was a
matter of public record and was available on this Court's docket
as of the date Skaf filed the Claim.

32.   Even assuming, however, that permitting the filing of a class proof of claim at this stage of these cases would be timely, as discussed below, Skaf could not satisfy the remaining criteria.

**2.      Proceeding with the Class Claim is inferior to individual claim adjudication.**

33.   A bankruptcy court's analysis regarding whether to apply Bankruptcy Rule 7023 and allow the filing of a class proof of claim generally mirrors the analysis required in determining whether to certify a class under Civil Rule 23(b)(3): whether questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  See Computer Learning, 344 B.R. at 91 (quoting Civil Rule 23(b)(3)).  While the analysis under Bankruptcy Rule 7023 may be similar in concept, the bankruptcy court should consider and weigh the factors differently within the context of a bankruptcy because the class process may be inferior to the bankruptcy claims process.  See In re Musicland

18

Holding Corp., 362 B.R. 644, 651 (Bankr. S.D.N.Y. 2007)

(quoting In re Ephedra Prods. Liab. Litig., 329 B.R. 1,

5 (S.D.N.Y. 2005)) ("[B]ankruptcy significantly changes

the balance of factors to be considered in determining

whether to allow a class action and . . . class

certification may be less desirable in bankruptcy than

in ordinary civil litigation." (internal quotations and

citations omitted)).  As one court aptly noted,

"superiority of the class action vanishes when the

'other available method' is bankruptcy, which

consolidates all claims in one forum and allows

claimants to file proofs of claim without counsel and at

virtually no cost."  See Ephedra, 329 B.R. at 9.

34.   Indeed, as one court in this District

recognized, Bankruptcy already provides the same, if not

more, procedural advantages than class adjudication.

See Computer Learning, 344 B.R. at 92 (explaining that

"[a] bankruptcy case presents many of the same

mechanisms to process large numbers of claims as a class

action").  Specifically, bankruptcy provides

(i) established mechanisms for notice, (ii) established

mechanisms managing large numbers of claimants,

(iii) proceedings centralized in a single court with nationwide service of process, and (iv) protection against a race to judgment since all of the debtor's assets are under the control of the bankruptcy court. Id.; see also Musicland Holding Corp., 362 B.R. at 650-51, n. 8 (noting that bankruptcy provides more advantages than a class action and emphasizing the ease of participating in distributions from the bankruptcy estate and the fact that claims are "deemed allowed" under section 502(a) in the absence of an objection).

35.   In this case, nearly 15,000 claims were filed against the Debtors.  While the Class Claim and the Skaf Complaint do not provide the number of potential class members, even a few hundred or a thousand more claims would not have been difficult to process.  See, e.g., Computer Learning, 344 B.R. at 94 (finding that the claimant's Rule 7023 motion would still have been denied if it was timely because the trustee could have easily reviewed 100 additional claims in a case where over 2,000 claims were filed).

36.   Moreover, the Debtors provided actual and publication notice to their known and unknown creditors

and afforded them an opportunity to file a proof of claim.  See, supra, at ¶ 24, n.6.  If any Unnamed Claimant filed a claim for overtime or waiting time damages, such claim would be duplicative of the Unnamed Claimants' Class Claims.  Consequently, that individual's claim would need to be adjudicated in the context of the claims administration process regardless of whether this Court authorized the filing of the Non-Skaf Class Claims.

37.  More importantly, perhaps, this Court will need to address the Named Claimants' Claim and each Unnamed Claimant's Claim individually.  Specifically, Skaf, Garcia, Perez, and each Unnamed Claimant are different and the facts underlying the Named Claimants alleged claims and each Unnamed Claimant's alleged claim are different.  Indeed, none of the Named Claimants were employed after January, 2008, while other Unnamed Claimants may have been terminated prior to or after that date.  Consequently, this Court will need to address each claimant's claim separately in the bankruptcy claim process.

3.      **Permitting Skaf or the Class Counsel to
proceed on the Unnamed Claimants' Class
Claims would unduly complicate and delay
the administration of these cases.**

38.   Another reason for denying Skaf or the
Class Counsel the right to proceed on the Class Claim in
general and the Unnamed Claimants' Class Claims in
particular is that doing so would unduly complicate and
delay the administration of these cases.  First, bar
dates are important to the orderly administration of any
bankruptcy proceeding for both the debtors and the
creditors.  See Computer Learning, 344 B.R. at 79
(noting that the bar date is important to the orderly
administration of a case and prevents delays in
distributing funds to creditors); In re Protected
Vehicles, Inc., 397 B.R. 339, 346 (Bankr. D. S.C. 2008)
(noting that a bar date is "necessary to provide
finality in determining the identity of claimants and
the liability faced by the bankruptcy estate").  "The
requirement of a Bar Date in Chapter 11 enables the
debtor . . . to establish the universe of claims with
which it must deal and the amount of those claims."  In

re A.H. Robins Co., 129 B.R. 457, 459 (Bankr. E.D. Va. 1991).

39.   When a class proof of claim is properly requested and approved by the bankruptcy court, restricting the class to members who have, individually, timely filed their own proofs of claim preserves the orderly administration of a case provided by bar dates. See In re Protected Vehicles, Inc., 397 B.R. at 347 (finding that opening a class to include all employees regardless of whether a proof of claim was timely filed would "render proof of claim deadlines in bankruptcy cases meaningless"); In re Adam Aircraft Industries, Inc., 2009 WL 21000929 at *9 (Bankr. D. Colo. 2009) (denying a class proof of claim and stating that, "In the case at bar, the employees have already been afforded one bite at the claims apple, and Scoggin has not demonstrated a reason why they should receive a second."); In re Bill Heard Enterprises, Inc. 400 B.R. 795, 805 (Bankr. N.D. Ala. 2009) (stating that "[t]he Court further finds that the class is due to be restricted to those employees that file proofs of claim prior to the bar date . . .").

40.   Here, however, the Debtors do not know whether any or all of the Unnamed Claimants filed proofs of claim before the General Bar Date.  To the extent that they did not, but are now permitted to obtain a recovery through the Class Claim, the result would reduce the recovery, and therefore prejudice, the unsecured creditors that timely filed proofs of claim. This is especially true because the Class Claim is filed as a priority claim and, thus, would receive payment in full.  Cf. In re Bally Total Fitness of Greater New York, Inc., 402 B.R. 616, 622 (Bankr. S.D.N.Y. 2009) (denying class proof of claim because, in part, "the de facto expansion of the [b]ar [d]ate for notified class members who failed to file individual claims in a timely manner will violate due process and prejudice the rights of timely filers").

41.   Moreover, the claims administration process will be burdened with additional time consuming claim reconciliations on an individual basis for the Named Claimants and the Unnamed Claimants. Specifically, to the extent that the Unnamed Claimants were employed as of the Petition Date and received post-

petition payments on account of pre-petition priority claims, the claim administration process would be further complicated by calculating the amount each Unnamed Claimant would be entitled to as a priority claim under the Class Claim.  This Court would need to reduce each Unnamed Claimant's portion of the Class Claim by the amount such Claimant has already received. Similarly, if an Unnamed Claimant filed a priority claim for amounts other than the damages sought in the Class Claim, this Court would also need to take such priority claim into consideration in reconciling the Class Claim. Undoubtedly, this process would be burdensome and time consuming.

42.   Consequently, allowing a class proof of claim would unduly complicate and delay the administration of the Debtors cases.

**4.      The costs of litigating the Class Claim outweigh the benefits.**

43.   While class action lawsuits are often lauded for their ability to permit many people with small claims to seek redress where cost might otherwise be prohibitive as compared to the potential recovery,

such concerns are not persuasive when bankruptcy is the
alternative method of adjudication.  Ephedra, 329 B.R.
at 9 ("superiority of the class action vanishes when the
'other available method' is bankruptcy . . .").  This is
true because the bankruptcy "consolidates all claims in
one forum and allows claimants to file proofs of claim
without counsel and at virtually no cost."  Id.

44.  In evaluating the costs and benefits
associated with allowing a class proof of claim,
bankruptcy courts have significant discretion.  See
Ephedra, 329 B.R. at 10 (stating that "[t]he Court has
discretion under Rule 9014 to find that the likely total
benefit to the class members would not justify the cost
to the estate of defending a class action under Rule
23.").  Indeed, if resolving the class claim has the
potential to interfere with distributions to creditors,
that fact "itself presents sufficient grounds to expunge
the class claims." Id. at 5.

45.  Here, to resolve the Class Action the
parties would need to engage in at least three stages of
discovery -- first with respect to class certification,
second with respect to the underlying liability, and

third with respect to damages.  In addition, the parties
would be compelled to address various procedural issues
that are not common to traditional bankruptcy claim
administration.  In particular, the Debtors would be
required to provide one or more additional notices to
the members of any class certified.  As a result, the
Debtors limited assets would be depleted to the
detriment of the Debtors' other creditors.  See Bally
Total Fitness, 402 B.R. at 621 (finding that class
certification adds layers of procedural and factual
complexity to a case, which can "siphon the Debtors'
resources").

46.  Furthermore, although one benefit of a
class action may be deterring future conduct by the
defendant, no such possible benefit is present in this
case because the Debtors are no longer operating and are
instead liquidating.  See Ephedra, 329 B.R. at 9 ("Under
the Bankruptcy Code, general deterrence is not promoted
at the expense of creditors. Whatever weight deterrence
may have in a true reorganization, it has none in a
liquidating plan like the one here.").

47.   Accordingly, for the reasons stated above, the Unnamed Claimants' Class Claims should be disallowed and only the Named Claimants' Claim should remain, subject to the Debtors right to object to such claim on any grounds governing law permits.

### RESERVATION OF RIGHTS

48.   At this time, the Debtors have not completed their review of the validity of all claims/expenses filed against their estates, including the Class Claim.  The Debtors reserve the right to further object to any and all claims, whether or not the subject of the Objection, for allowance, voting, and/or distribution purposes, and on any grounds that bankruptcy or non-bankruptcy law permits.  Furthermore, the Debtors reserve the right to modify, supplement and/or amend the Objection as it pertains to the Class Claim herein or to Skaf and file additional objections to the Class Claim and the Named Claimants' Claim, and nothing herein shall prejudice such rights.

### NOTICE

49.   Notice of this Objection has been provided to Skaf and to those parties entitled to notice

28

under the Supplemental Order Pursuant to Bankruptcy Code
Sections 102 and 105, Bankruptcy Rules 2002 and 9007,
and Local Bankruptcy Rules 2002-1 and 9013-1
Establishing Certain Notice, Case Management and
Administrative Procedures (D.I. 6208; the "Case
Management Order").

## WAIVER OF MEMORANDUM OF LAW

50.   Pursuant to Local Bankruptcy Rule 9013-
1(G), and because there are no novel issues of law
presented in the Objection, the Debtors request that the
requirement that all motions be accompanied by a written
memorandum of law be waived.

## NO PRIOR RELIEF

51.   No previous request for the relief sought
herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors request the Court to enter the Order sustaining the Objection and granting such other and further relief as the Court deems just and proper.

Dated: Richmond, Virginia
      February 26, 2010

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606-7120
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER PARTIALLY SUSTAINING THE DEBTORS THIRTY-FIRST
OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN
LEGAL CLAIMS), AS SUPPLEMENTED, WITH RESPECT TO THE
CLASS CLAIM OF JOSEPH SKAF**

Upon consideration of the supplement to the

Debtors' Thirty-First Omnibus Objection to Claims

(Disallowance of Certain Legal Claims) (D.I. 4585) with

respect to the Claim of Joseph Skaf (the "Supplement"),

attached as <u>Exhibit B</u> to the Supplement; and the Court

having determined that the relief requested in the

Supplement is in the best interests of the Debtors,

their estates, their creditors, and other parties in

interest; and it appearing that proper and adequate

notice of the Objection and the Supplement has been

given and that no other or further notice is necessary;

and upon the record herein; and after due deliberation

thereon; and good and sufficient cause appearing

therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.    The Objection is SUSTAINED to the extent

requested in the Supplement.

2.    Claim number 8717 (the "Claim") is hereby

modified from a class proof of claim to an individual

proof of claim and reduced to $636,674.40.

3.    The Debtors right to object to any claim,

including (without limitation) the Claim, on any grounds

that governing law permits are not waived and are

expressly reserved.

4.   To the extent that this Order conflicts
with the Order on the Debtors' Thirty-First Omnibus
Objection (D.I. 5294), this Order shall control.

5.   The Debtors shall serve a copy of this
Order on Joseph Skaf on or before five (5) business days
from the entry of this Order.

6.   This Court shall retain jurisdiction with
respect to all matters arising from or related to this
Order.

Dated: Richmond, Virginia
_____, 2010


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

          - and -

_/s/ Douglas M. Foley_____ _____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

          Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                              /s/ Douglas M. Foley_____
                              Douglas M. Foley


4

# EXHIBIT A

**(The Class Claim)**

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT  Eastern District of Virginia | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Circuit City Stores, Inc. | Case Number: 08-35653 KRH |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property): Joseph Skaf and all those similarly situated | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent: C/o The Aiwazian Law Firm, Edwin Aiwazian 330 Arden Avenue, Suite 205 Glendale, CA 91203 Telephone number: (818) 265-1020 | **Court Claim Number:** N/A (*If known*) Filed on:_____ |
| Name and address where payment should be sent (if different from above): C/o The Aiwazian Law Firm, Edwin Aiwazian 330 Arden Avenue, Suite 205 Glendale, CA 91203 Telephone number: (818) 265-1020 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. ☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**   $_____95,501,550.00_____ If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. ✓ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.** Specify the priority of the claim. ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). ✓ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5). ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7). ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). **Amount entitled to priority:** $_____ |
| **2. Basis for Claim:**   See Exhibit A attached. (See instruction #2 on reverse side.) | |
| **3. Last four digits of any number by which creditor identifies debtor:** _____ **3a. Debtor may have scheduled account as:** _____ (See instruction #3a on reverse side.) | |
| **4. Secured Claim (See instruction #4 on reverse side.)** Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. **Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Other **Describe:** **Value of Property:** $_____   **Annual Interest Rate** ___% **Amount of arrearage and other charges as of time case filed included in secured claim,** if any: $_____   **Basis for perfection:** _____ **Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____ | |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*) DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. If the documents are not available, please explain: | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| | | |
|---|---|---|
| **Date:** 01/29/2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. *Edwin Aiwazian* | RECEIVED JAN 30 2009 KURTZMAN CARSON CONSULTANTS |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



0835653090130000000000986

**UNITED STATES BANKRUPTCY COURT
ESTARN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC. et al., | ) | |
| | ) | Case No. 08-35653 |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | |

**BASIS FOR CLAIM**

On December 19, 2008, Joseph Skaf, Miguel Perez, and Gustavo Garcia filed a class action lawsuit against Circuit City Stores, Inc. in the Los Angeles Superior Court, Case No. BC 404195. This class action lawsuit is on behalf of all California-based salaried "Entertainment Managers," "Technology Managers," "Service & Installation Managers," "Sales Managers," and "Operations Managers" who worked at any time during the four years preceding the filing of the Complaint up until the date of final judgment at any of the stores in the State of California owned, operated, and/or acquired by Defendant Circuit City Stores, Inc.

Defendant employed Mr. Skaf as "Entertainment Manager" from approximately February 2002 to approximately March 2005, as "Technology Manager" from approximately March 2005 to approximately January 2006, and as "Sales Manager" from approximately January 2006 to approximately May 2007. Defendant employed Mr. Perez as "Service and Installation Manager" from approximately June 1998 to approximately January 2007 and as "Operations Manager" from approximately January 2007 to approximately January 2008. Defendant employed Mr. Garcia as "Service and Installation Manager" from approximately August 2000 to approximately June 2006.

The lawsuit alleges, among other things, the following: Defendant (1) failed to pay Mr. Skaf, and others similarly situated, overtime wages; (2) failed to provide Mr. Skaf, and

others similarly situated, meal and rest periods; (3) failed to timely pay their wages; (4) failed to furnish Mr. Skaf, and others similarly situated, complete and accurate wage statements; and (5) failed to reimburse Mr. Skaf, and others similarly situated, business-related expenses and costs.

The representative Plaintiffs' approximate ending salary was $46,000 and they each worked 12-15 hour days, 6-7 days a week. To calculate the value of the Skaf vs. Circuit City, Inc. action, the following formula was used:

Overtime:

    Hourly rate ($22.11) x 1.5 (time and a half) = $33.16

    x Overtime hours of 30 hours per week = $994.80

    x Work weeks (208) = $206,918.40

    x Number of class members (350) = $72,421,440.00

Waiting Time Penalties:

    Hourly rate ($22.11) x Hours per day (8) = $176.88

    x 30 days = $5,306.40

    x Number of employees employed at the California Circuit City Stores, Inc. stores (750)

    = $3,979,800.00

Attorneys Fees:

    25% of Overtime and Waiting Time Totals = $19,100,310.00

**Overtime + Waiting Time Penalties + Attorneys Fees = $95,501,550.00**

# EXHIBIT B

**(The Skaf Complaint)**

1  Edwin Aiwazian (SBN 232943)

2  Ghazaleh Hekmatjah (SBN 259662)

   **THE AIWAZIAN LAW FIRM**

3  330 Arden Avenue, Suite 205

4  Glendale, CA 91203

   Telephone (818) 265-1020

5  Facsimile   (818) 265-1021

6

   *Attorneys for* Plaintiffs and the Putative Class

7

8

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10          **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

FILED
Los Angeles Superior Court

DEC 19 2008

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

| | |
|---|---|
| 11  JOSEPH SKAF; MIGUEL PEREZ; and GUSTAVO GARCIA; individually and 12  on behalf of other members of the general public similarly situated, 13 <br><br> 14                      Plaintiff, <br> 15          vs. <br> 16  CIRCUIT CITY STORES, INC, a Virginia corporation; and Does 1 through 100, 17  inclusive, <br> 18 <br> 19                      Defendants. <br> 20 | Case No.          B C 4 0 4 1 9 5 <br><br> **CLASS ACTION COMPLAINT** <br><br> (1) Violation of <u>California Labor Code</u> §§ 510 and 1198 <br><br> (2) Violation of <u>California Labor Code</u> §S 226.7 and 512(a) <br><br> (3) Violation of <u>California Labor Code</u> § 226.7 <br><br> (4) Violation of <u>California Labor Code</u> § 204 <br><br> (5) Violation of <u>California Labor Code</u> §§ 201 and 202 |

21          (6) Violation of <u>California Labor Code</u>
               § 226(a)

22

23          (7) Violation of <u>California Labor Code</u>
               § 1174(d)

24          (8) Violation of California Labor Code §2800
               and 2802

25

26          (9) Violation of <u>California Business &</u>
               <u>Professions Code</u> §§ 17200, <u>et seq</u>.

27          (10) Declaratory Relief

28

           **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

                                                                                              1

(11) Accounting

(12) Injunctive Relief

**DEMAND FOR JURY TRIAL**

COME NOW, Plaintiffs Joseph Skaf, Miguel Perez, and Gustavo Garcia, individually and on behalf of other members of the public similarly situated, and allege as follows:

<u>**PARTIES**</u>

1.  Plaintiff Joseph Skaf ("Skaf") is an individual residing in the County of Los Angeles, State of California.

2.  Plaintiff Miguel Perez ("Perez") is an individual residing in the County of Los Angeles, State of California.

3.  Plaintiff Gustavo Garcia ("Garcia") is an individual residing in the County of Los Angeles, State of California.

4.  Plaintiffs Skaf, Perez, and Garcia will hereinafter be collectively referred to as Plaintiffs.

5.  Defendant Circuit City Stores, Inc. ("Circuit City"), at all time herein mentioned, was and is a Virginia corporation, with its corporate headquarters located at 9950 Mayland Drive, Richmond, Virginia 23233.

6.  Circuit City and Does 1 through 100 will hereinafter be collectively referred to as Defendants.

7.  Defendants own/owned and operate/operated an industry, business and establishment in over 100 separate geographic locations within the State of California, including within Los Angeles County, for the purpose of operating a retail store to sell goods.

8.  The true names and capacities, whether corporate, associate, individual or otherwise, of defendants Does 1 through 100, inclusive, are unknown to Plaintiffs who sue said defendants by such fictitious names. Plaintiffs are informed and

2

1   believe, and based on that information and belief allege, that each of the

2   defendants designated as a Doe is legally responsible for the events and happenings

3   referred to in this complaint, and unlawfully caused the injuries and damages to

4   Plaintiffs and the other class members alleged in this complaint.  Plaintiffs will seek

5   leave of court to amend this complaint to show the true names and capacities when

6   the same have been ascertained.

7   9.   At all times herein relevant, Circuit City and Does 1 through 100, and each of them,

8   were the agents, partners, joint venturers, representatives, servants, employees,

9   successors-in-interest, co-conspirators and assigns, each of the other, and at all

10   times relevant hereto were acting within the course and scope of their authority as

11   such agents, partners, joint venturers, representatives, servants, employees,

12   successors, co-conspirators and assigns, and that all acts or omissions alleged herein

13   were duly committed with the ratification, knowledge, permission, encouragement,

14   authorization and consent of each defendant designated herein.

15   10.   Circuit City and Does 1 through 100 will hereinafter be collectively referred to as

16   Defendants.

17   **FACTUAL ALLEGATIONS**

18   11.   Defendants employed Skaf from approximately May 1998 to approximately May

19   2007.

20   12.   Defendants employed Skaf as an "Entertainment Manager" from approximately

21   February 2002 to approximately March 2005.

22   13.   Defendants employed Skaf as a "Technology Manager" from approximately March

23   2005 to approximately January 2006.

24   14.   Defendants employed Skaf as a "Sales Manager" from approximately January 2006

25   to approximately May 2007.

26   15.   Defendants employed Perez from approximately October 1996 to approximately

27   May 2007.

28

3

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**



16. Defendants employed Perez as a "Service and Installation Manager or "Road Shop Manager" from approximately June 1998 to approximately January 2007.

17. Defendants employed Perez as an "Operations Manager" from approximately January 2007 to approximately January 2008.

18. Defendants employed Garcia from approximately February 2000 to approximately June 2006.

19. Defendants employed Garcia as a "Service and Installation Manager" or "Road Shop Manager" from approximately August 2000 to approximately June 2006.

20. Plaintiffs are informed and believe, and based thereon allege, that at all times herein relevant, Defendants were advised by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage law, employment and personnel practices.

21. Plaintiffs are informed and believe, and based thereon allege, that at all times herein relevant, without any justification, Defendants ignored the employment and personnel policy changes proposed by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage law, employment and personnel practice.

22. Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

23. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have know that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay when a meal period was missed.

24. Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have know that Plaintiffs and the other class members were entitled to

4

1   receive all rest periods or payment of one additional hour of pay at Plaintiffs' and

2   the other class members' regular rate of pay when a rest period was missed.

3   25.   Plaintiffs are informed and believe, and based thereon allege, that Defendants knew

4   or should have know that Plaintiffs and the other class members were entitled to

5   receive all wages owed to them upon discharge or resignation.

6   26.   Plaintiffs are informed and believes, and based thereon allege, that Defendants

7   knew or should have know that Plaintiffs and the other class members were entitled

8   to receive complete and accurate wage statements in accordance with California

9   law.

10   27.   Plaintiff are informed and believe, and based thereon allege, that Defendants knew

11   or should have know that Plaintiffs and the other class members were entitled to

12   reimbursement of all necessary expenditures incurred by Plaintiffs and the other

13   class members in direct consequence of the discharge of their job duties or in direct

14   consequence of their obedience to the directions of the employer.

15   28.   Plaintiff are informed and believe, and based thereon allege, that Defendants knew

16   or should have know that they had a duty to compensate Plaintiffs and the other

17   class members pursuant to California law, and that Defendants had the financial

18   ability to pay such compensation, but willfully, knowingly, and intentionally failed to

19   do so, and falsely represented to Plaintiffs and the other class members that they

20   were properly denied wages, all in order to increase Defendants' profits.

21   29.   At all material times set forth herein, Defendants regularly and consistently failed to

22   pay overtime wages to Plaintiffs and the other class members.

23   30.   At all material times set forth herein, Defendants regularly and consistently failed to

24   provide uninterrupted meal and rest periods to Plaintiffs and the other class

25   members.

26   31.   At all material times set forth herein, Defendants regularly and consistently failed to

27   provide complete and accurate wage statement to Plaintiffs and the other class

28   members.

5

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

32.   At all material times set forth herein, Defendants regularly and consistently failed to pay Plaintiffs and the other class members all wages owed to them upon discharge or resignation.

33.   At all material times set forth herein, Defendants regularly and consistently failed to reimburse Plaintiffs and the other class members for all necessary expenditures incurred by Plaintiffs and the other class members in direct consequence of the discharge of their job duties or in direct consequence of their obedience to the directions of the employer.

**CLASS ACTION ALLEGATIONS**

34.   Plaintiffs bring this action on their own behalf and on behalf of all other members of the general public similarly situated, and thus, seek class certification under Code of Civil Procedure § 382.

35.   The proposed class consists of five subclasses, which are defined as follows:

Subclass One:

All current and former "Entertainment Managers," or persons with similar titles and/or similar job duties, who worked for Circuit City in the State of California at any time during the period from four years prior to the filing of this Complaint to final judgment.

Subclass Two:

All current and former "Technology Managers," or persons with similar titles and/or similar job duties, who worked for Circuit City in the State of California at any time during the period from four years prior to the filing of this Complaint to final judgment.

Subclass Three:

All current and former "Service & Installation Managers," (also referred to internally as "Road Shop Managers") or persons with similar titles and/or similar job duties, who worked for Circuit City in the State of California at any time during the period from four years prior to the filing of this Complaint to final judgment.

6

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Subclass Four:

All current and former "Sales Managers," or persons with similar titles and/or similar job duties, who worked for Circuit City in the State of California at any time during the period from four years prior to the filing of this Complaint to final judgment.

Subclass Five:

All current and former "Operations Managers," or persons with similar titles and/or similar job duties, who worked for Circuit City in the State of California at any time during the period from four years prior to the filing of this Complaint to final judgment.

36.   Plaintiffs reserve the right to establish other subclasses as appropriate.

37.   There class is ascertainable and there is a well-defined community of interest in the litigation:

a.   The class members are so numerous that joinder of all class members is not impracticable.  The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be substantially greater than four-hundred (400) individuals and the identity of such membership is readily ascertainable by inspection of Circuit City employment records.

b.   Plaintiffs' claims are typical of all other class members' as demonstrated herein. Plaintiffs will fairly and adequately protect the interests of the class members with whom they have a well defined community of interest.

c.   Plaintiffs will fairly and adequately protect the interests of each class member, with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs have no interest that is antagonistic to the other class members.  Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and during the pendency of this action will continue to incur, costs and

7

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1    attorneys' fees, that have been, are, and will be necessarily expended for the

2    prosecution of this action for the substantial benefit of each class member.

3    d.  A class action is superior to other available methods for the fair and efficient

4        adjudication of this litigation because individual joinder of all damages class

5        members is impractical. This case involves one large corporate employer (Circuit

6        City) and a large number of individual employees (Plaintiffs and the other class

7        members) with many relatively small claims with common issues of law and fact. If

8        each employee were required to file an individual lawsuit, the corporate employer

9        would necessarily gain an unconscionable advantage since it would be able to

10       exploit and overwhelm the limited resources of each individual class member with

11       its vastly superior financial and legal resources. Requiring each class member to

12       pursue an individual remedy would also discourage the assertion of lawful claims by

13       employees who would be disinclined to pursue an action against their present

14       and/or former employer for a justifiable fear of retaliation and permanent damage

15       to their careers at present and/or subsequent employment. Proof of a common

16       business practice or factual pattern, of which the named Plaintiffs experienced, that

17       is representative of the class mentioned herein, will establish the right of each class

18       member to recovery on the causes of action alleged herein. Class action will

19       achieve economies of time, effort, and expense as compared with separate lawsuits,

20       and avoid inconsistent outcomes because the same issues can be adjudicated in the

21       same manner for the entire class.

22   e.  Public Policy Considerations: Employers of this great state violate employment and

23       labor laws every day. Current employees are often afraid to assert their rights out

24       of fear of direct or indirect retaliation. Former employees are fearful of bringing

25       actions because they believe their former employers can damage their future

26       endeavors through negative references and other means. Class actions provide the

27       class members who are not named in the complaint with a type of anonymity that

28       allows for the vindication of their rights.

8

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

38. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exists as to the members of the class:

a. Whether Defendants required Plaintiffs and the other class members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hour per week and failed to pay the legally required overtime compensation to Plaintiffs and the other class members;

b. Whether Defendants deprived Plaintiffs and the other class members of meal periods or required Plaintiffs and the class members to work during meal periods without compensation;

c. Whether Defendants failed to promptly pay all wages due to Plaintiffs and the other class members upon their discharge or resignation;

d. Whether Defendants deprived Plaintiffs and the other class members of rest periods or required Plaintiff and the class members to work during rest periods without compensation;

e. Whether Defendants failed to pay all wages due to Plaintiffs and the other class members within the required time upon their discharge or resignation;

f. Whether Defendants complied with wage reporting as required by the California Labor Code; including but not limited to § 226;

g. Whether Defendants complied with the notice posting requirements under California Labor Code § 207;

h. Whether Defendants failed to reimburse Plaintiffs and the other class members for necessary business related expenses and costs.

i. Whether Defendants' conduct was willful or reckless;

j. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code §§ 17200, et seq.; and

9

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1    k. The appropriate amount of damages, restitution, and/or monetary penalties

2       resulting from Defendants' violation of California law.

3                        **FIRST CAUSE OF ACTION**

4            **(Violation of California Labor Code § 510 and 1198)**

5            **(Against CIRCUIT CITY and DOES 1 through 100)**

6  39.  Plaintiffs incorporates by reference the allegations contained in paragraphs 1

7       through 38, and each and every part thereof with the same force and effect as

8       though fully set forth herein.

9  40.  Pursuant to California Labor Code § 1198 and the applicable Industrial Welfare

10      Commission ("IWC") Wage Order, it is unlawful to employ persons without

11      compensating them at a rate of pay either time-and-one-half or two-times that

12      person's regular rate of pay, depending on the number of hours worked by the

13      person on a daily or weekly basis.

14  41.  Pursuant to California Labor Code § 1198, the maximum hours of work and the

15      standard conditions of labor fixed by the commission shall be the maximum hours

16      of work and the standard conditions of labor for employees. The employment of any

17      employee for longer hours than those fixed by the order or under conditions of

18      labor prohibited by the order is unlawful.

19  42.  Pursuant to the applicable IWC Wage Order, Defendants are and were required to

20      pay Plaintiffs and the other class members at the rate of time-and-one-half for all

21      hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a

22      workweek.

23  43.  The applicable IWC Wage Order further provides that Defendants are and were

24      required to pay Plaintiffs and the other class members overtime compensation at a

25      rate of two times her regular rate of pay for all hours worked in excess of twelve

26      (12) hours in a day.

27  44.  Pursuant to California Labor Code § 510, any work in excess of eight hours in one

28      workday and any work in excess of 40 hours in any one workweek and the first eight

10

1    hours worked on the seventh day of work in any one workweek shall be

2    compensated at the rate of no less than one and one-half times the regular rate of

3    pay for an employee. Any work in excess of 12 hours in one day shall be

4    compensated at the rate of no less than twice the regular rate of pay for an

5    employee. In addition, any work in excess of eight hours on any seventh day of a

6    workweek shall be compensated at the rate of no less than twice the regular rate of

7    pay of an employee.

8  45.  Pursuant to California Labor Code § 510, Plaintiffs and the other class members are

9        entitled to overtime compensation at one-and-one-half times the regular hourly

10      rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a

11      week or for the first eight (8) hours worked on the seventh day of work, and to

12      overtime compensation at twice the regular hourly rate for hours worked in excess

13      of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh

14      day of work.

15  46.  During the relevant time period, Plaintiffs and the other class members regularly

16        and/or consistently worked in excess of eight (8) hours in a day.

17  47.  During the relevant time period, Plaintiffs and the other class members regularly

18        and/or consistently worked in excess of twelve (12) hours in a day.

19  48.  During the relevant time period, Plaintiffs and the other class members regularly

20        and/or consistently worked in excess of forty (40) hours in a week.

21  49.  During the relevant time period, Defendants intentionally and willfully failed to pay

22        overtime wages owed to Plaintiffs and the other class members.

23  50.  Defendants' failure to pay Plaintiffs and the other class members overtime

24      compensation, as required by California laws, violates the provisions of California

25      Labor Code §§ 510 and 1198, and is therefore unlawful.

26  51.  Pursuant to California Labor Code § 1194(a), notwithstanding any agreement to

27      work for a lesser wage, any employee receiving less than the legal minimum wage

28      or the legal overtime compensation applicable to the employee is entitled to

11

1    recover in a civil action the unpaid balance of the full amount of this minimum wage

2    or overtime compensation, including interest thereon, reasonable attorney's fees,

3    and costs of suit.

4    52.    Pursuant to California Labor Code § 1194, Plaintiffs and the other class members are

5          entitled to recover unpaid overtime compensation, as well as interest, costs, and

6          attorneys' fees.

7    53.    Plaintiffs are informed and believe, and based thereon allege, that Defendants are

8          guilty of oppression, fraud, or malice, thereby warranting an award of punitive

9          damages against Defendants for the sake of example, and to punish Defendants and

10         deter others from engaging in similar misconduct.

11                              **SECOND CAUSE OF ACTION**

12                  **(Violation of California Labor Code §§ 226.7 and 512(a))**

13                     **(Against CIRCUIT CITY and DOES 1 through 100)**

14   54.    Plaintiffs incorporates by reference the allegations contained in paragraphs 1

15         through 53, and each and every part thereof with the same force and effect as

16         though fully set forth herein.

17   55.    At all times herein mentioned, the Industrial Welfare Commission Order and

18         California Labor Code §§ 226.7 and 512(a) were applicable to Plaintiffs' and the

19         other class members' employment by Defendants.

20   56.    Pursuant to California Labor Code § 226.7, no employer shall require any employee

21         to work during any meal or rest period mandated by an applicable order of the

22         Industrial Welfare Commission.

23   57.    Pursuant to California Labor Code § 512(a), an employer may not employ an

24         employee for a work period of more than five hours per day without providing the

25         employee with a meal period of not less than 30 minutes, except that if the total

26         work period per day of the employee is no more than six hours, the meal period

27         may be waived by mutual consent of both the employer and employee.

28

12

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

58.     Pursuant to <u>California Labor Code</u> § 512(a), an employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

59.     During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for a period of time in excess of six (6) hours, and were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

60.     During the relevant time period, Plaintiffs and the other class members who were scheduled to work in excess of ten (10) hours but not longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent were required to work in excess of ten (10) hours without receiving a second uninterrupted meal period of not less than thirty (30) minutes.

61.     During the relevant time period, Plaintiffs and the other class members were scheduled to work for a period of time in excess of twelve (12) hours was required to work for periods longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes.

62.     During the relevant time period, Defendants intentionally and willfully required Plaintiffs and the other class members to work during meal periods and failed to pay Plaintiffs and the other class members the full meal period premium for work performed during meal periods.

63.     Defendants' conduct violates applicable Industrial Welfare Commission Wage Orders, and <u>California Labor Code</u> §§ 226.7 and 512(a).

64.     Pursuant to <u>California Labor Code</u> § 226.7(b), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the

13

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1    employee's regular rate of compensation for each work day that the meal or rest
2    period is not provided.

3    65.    Plaintiffs are informed and believe, and based thereon allege, that Defendants are
4    guilty of oppression, fraud, or malice, thereby warranting an award of punitive
5    damages against Defendants for the sake of example, and to punish Defendant and
6    deter others from engaging in similar misconduct.

7    **THIRD CAUSE OF ACTION**
8    **(Violation of California Labor Code §§ 226.7)**
9    **(Against CIRCUIT CITY and DOES 1 through 100)**

10    66.    Plaintiffs incorporates by reference the allegations contained in paragraphs 1
11    through 65, and each and every part thereof with the same force and effect as
12    though fully set forth herein.

13    67.    At all times herein set forth, the California Industrial Welfare Commission Order and
14    California Labor Code § 226.7 was applicable to Plaintiffs' and the other class
15    members' employment by Defendants.

16    68.    Pursuant to California Labor Code § 226.7, no employer shall require an employee
17    to work during any rest period mandated by an applicable order of the California
18    Industrial Welfare Commission.

19    69.    During the relevant time period, Defendants required Plaintiffs and the other class
20    members of the class to work in excess of four (4) hours without providing them a
21    second ten (10) minute rest period.

22    70.    During the relevant time period, Defendants required Plaintiffs and the other class
23    members to work an additional four (4) hours without providing a second ten (10)
24    minute rest period.

25    71.    During the relevant time period, Defendants willfully required Plaintiffs and the
26    other class members to work during rest periods and failed to pay Plaintiffs and the
27    other class members the full rest period premium for work performed during rest
28    periods.

14

1    72.    Defendants' conduct violates applicable Industrial Welfare Commission Wage

2           Orders, and California Labor Code § 226.7.

3    73.    Pursuant to California Labor Code § 226.7(b), Plaintiffs and the other class members

4           of the class are entitled to recover from Defendants one additional hour of pay at

5           the employees' regular hourly rate of compensation for each work day that the rest

6           period was not provided.

7    74.    Plaintiffs are informed and believe, and based thereon allege, that Defendants are

8           guilty of oppression, fraud, or malice, thereby warranting an award of punitive

9           damages against Defendants for the sake of example, and to punish Defendants and

10          deter other from engaging in similar misconduct.

11                          **FOURTH CAUSE OF ACTION**

12                     **(Violation of California Labor Code § 204)**

13                   **(Against CIRCUIT CITY and DOES 1 through 100)**

14   75.    Plaintiffs incorporates by reference the allegations contained in paragraphs 1

15          through 74, and each and every part thereof with the same force and effect as

16          though fully set forth herein.

17   76.    Pursuant to California Labor Code § 204(b)(1), all wages earned for labor in excess of

18          the normal work period shall be paid no later than the payday for the next regular

19          payroll period.

20   77.    During the relevant time period, Defendants intentionally and willfully failed to pay

21          Plaintiffs and the other class members the overtime and/or regular wages due to

22          them, within any time period permissible under California Labor Code § 204.

23                           **FIFTH CAUSE OF ACTION**

24                  **(Violation of California Labor Code §§ 201 and 202)**

25                   **(Against CIRCUIT CITY and DOES 1 through 100)**

26   78.    Plaintiffs incorporates by reference the allegations contained in paragraphs 1

27          through 77, and each and every part thereof with the same force and effect as

28          though fully set forth herein.

                                                                                    15

                      **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

79. Pursuant to California Labor Code §§ 201 and 202, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two 72 hours thereafter, unless the employee has given seventy-two 72 hours notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

80. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and the other class members their wages, earned and unpaid, within seventy-two (72) hours of Plaintiff and the other class members leaving Defendants' employ.

81. Defendants' failure to pay Plaintiffs and the other class members their wages, earned and unpaid, within (72) hours of her leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

82. Pursuant to California Labor Code § 203, if an employer willfully fails to pay, without abatement or reduction, in accordance with §§ 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than 30 days.

83. Plaintiffs and the other class members are entitled to recover the statutory penalty for each day they were not paid, at her regular hourly rate of pay, up to thirty (30) days maximum pursuant to California Labor Code § 203.

### SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against CIRCUIT CITY and DOES 1 through 100)

84. Plaintiffs incorporates by reference the allegations contained in paragraphs 1 through 83, and each and every part thereof with the same force and effect as though fully set forth herein.

16

---

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

85. Pursuant to <u>California Labor Code</u> § 226(a), every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

86. Defendants intentionally and willfully failed to provide Plaintiffs and the other class members with complete and accurate wage statements. The deficiencies included one or more of the following: the failure to include the total number of hours worked by Plaintiffs and the other class members, the failure to include the hourly rate, the failure to provide their social security numbers.

87. As a result of Defendants' violation of <u>California Labor Code</u> § 226(a), Plaintiffs and the other class members have suffered injury and damage to their statutorily-protected rights.

88. More specifically, Plaintiffs and the other class members have been injured by Defendants' intentional and willful violation of <u>California Labor Code</u> § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to <u>California Labor Code</u> § 226(a).

17

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

89.     Plaintiffs and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

### SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 1174(d))

### (Against CIRCUIT CITY and DOES 1 through 100)

90.     Plaintiffs incorporates by reference the allegations contained in paragraphs 1 through 89, and each and every part thereof with the same force and effect as though fully set forth herein.

91.     Pursuant to California Labor Code § 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments . These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

92.     Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiffs and the other class members.

93.     As a result of Defendants' violation of California Labor Code § 1174(d), Plaintiffs and the other class members have suffered injury and damage to their statutorily-protected rights.

94.     More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code § 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code § 1174(d).

18

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

### EIGHT CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against CIRCUIT CITY and DOES 1 through 100)

95.  Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 94, and each and every part thereof with the same force and effect as though fully set forth herein.

96.  Pursuant to California Labor Code § 2800, an employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care.

97.  Pursuant to California Labor Code § 2802(a), an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

98.  Plaintiffs and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, including and without limitations, travel costs, including mileage and gasoline, for required trips that resulted from their employment with Circuit City.

99.  Defendants have intentionally and willfully failed to reimburse Plaintiffs and the class members for necessary business-related expenses and costs.

100.  Plaintiffs and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

///

///

///

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**NINTH CAUSE OF ACTION**

(Violation of California Business & Professions Code §§ 17200, et seq.)

(Against CIRCUIT CITY and DOES 1 through 100)

101.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 100, and each and every part thereof with the same force and effect as though fully set forth herein.

102.   Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs and the other class members, and Defendants' competitors. Accordingly, Plaintiffs and the other class members seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

103.   Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, et seq.

104.   A violation of California Business & Professions Code §§ 17200, et seq. may be predicated on the violation of any state or federal law. As described herein, Defendants violated California Labor Code §§ 201, 204, 207, 226(a), 226.7, 510, 1174(d) and 1198, 2800, and 2802.

105.   As a result the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

106.   Plaintiffs and the other class members have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged herein.

107.   Pursuant to California Business & Professions Code §§ 17200, et seq., Plaintiffs and the other class members are entitled to restitution of the wages wrongfully withheld and retained by Defendants; a permanent injunction requiring Defendants to comply with California wage law, including but not limited to California Labor Code and applicable Wage Orders. In addition, Plaintiffs and the other class

20

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

members are entitled to an award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws.

## TENTH CAUSE OF ACTION

### (Request for Declaratory Relief)

### (Against CIRCUIT CITY and DOES 1 through 100)

108. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 107, and each and every part thereof with the same force and effect as though fully set forth herein.

109. Plaintiffs and the other class members seek entry of a declaratory judgment against Defendants and in Plaintiffs' favor which declares Defendants' practices as heretofore alleged to be unlawful, and which provided for recovery of all sums determined by this Court to be owed by Defendants to Plaintiffs and the other class members.

## ELEVENTH CAUSE OF ACTION

### (Request for an Accounting)

### (Against CIRCUIT CITY and DOES 1 through 100)

110. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 109, and each and every part thereof with the same force and effect as though fully set forth herein.

111. Plaintiffs and the other class members are owed wages which equal the sum of the overtime compensation, and premium pay not paid by Defendants to Plaintiffs and the other class members, statutory interest on such compensation, and each of them, and waiting time penalties owed to members of the Plaintiff class whose employment terminated.

112. Plaintiffs do not know the precise amount of compensation due to Plaintiffs and to of the other class members. Upon information and belief, Plaintiffs allege that Defendants, and each of them, possess records from which the amount of

21

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1    compensation due and owing to each member of the Plaintiff class can be

2    determined.

3    113.    Because Defendants alone possess records from which the amount of compensation

4    due and owing to each member of the PlaintiffS class, there is no adequate remedy

5    at law and an accounting is necessary.

6                        **TWELFTH CAUSE OF ACTION**

7                        **(Request for Injunctive Relief)**

8                   **(Against CIRCUIT CITY and DOES 1 through 100)**

9    114.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1

10    through 113, and each and every part thereof with the same force and effect as

11    though fully set forth herein.

12    115.    Defendants have the policies heretofore alleged, and threaten to apply said policies,

13    to all class members who are currently employed by Defendants, including

14    Defendants' failure to pay overtime compensation in violation of <u>Labor Code</u>

15    § 1194, Defendants' failure to provide premium pay for meal and/or rest periods

16    worked in violation of <u>Labor Code</u> § 226.7, and Defendants' failure to pay

17    compensation at the time of termination in violation of <u>Labor Code</u> §§ 201-203.

18    116.    Said class members have been injured and damaged and are threatened with

19    further injury and damage by Defendants' continuing unlawful refusal to pay all

20    overtime and premium pay owed.  Plaintiffs and the other class members are

21    threatened with reasonably probable and immediate irreparable harm.

22    117.    Defendants have acted, and threaten to act, on grounds generally applicable to said

23    members of the class, thereby making appropriate preliminary and permanent

24    injunctive relief enjoining Defendants and their agents from continuing the unlawful

25    practices heretofore alleged.

26    ///

27    ///

28    ///

22

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

## PRAYER FOR RELIEF

WHEEFORE, Plaintiffs, individually and on behalf of all other members of the general public similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiffs be appointed as the representative of the class;

3. That counsel for Plaintiffs be appointed as class counsel;

4. That Defendants provide to class counsel, immediately upon its appointment, the names and most current contact information (address and telephone numbers) of all class members.

### As to the First Cause of Action

5. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

6. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

7. For the imposition of civil penalties and/or statutory penalties;

8. For punitive damages and/or exemplary damages according to proof at trial;

9. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code § 1194; and

10. For such other and further relief as the court may deem just and proper.

### As to the Second Cause of Action

11. For all actual, consequential, and incidental losses and damages, according to proof;

12. For wages pursuant to California Labor Code § 226.7(b);

13. For the imposition of civil penalties and/or statutory penalties;

14. For punitive damages and/or exemplary damages according to proof at trial;

15. For reasonable attorneys' fees and costs of suit incurred herein; and

16. For such other and further relief as the court may deem just and proper.

23

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

### As to the Third Cause of Action

17.  For all actual, consequential, and incidental losses and damages, according to proof;

18.  For wages pursuant to California Labor Code § 226.7(b);

19.  For punitive damages and/or exemplary damages according to proof at trial;

20.  For reasonable attorneys' fees and costs of suit incurred herein; and

21.  For such other and further relief as the court may deem just and proper.

### As to the Fourth Cause of Action

22.  For actual, consequential and incidental losses and damages, according to proof;

23.  For pre-judgment interest on any untimely paid compensation, from the sate such amount were due;

24.  For punitive damages and/or exemplary damages according to proof at trial;

25.  For reasonable attorneys' fees and costs of suit incurred herein; and

26.  For such other and further relief as the court may deem just and proper.

### As to the Fifth Cause of Action

27.  For actual, consequential and incidental losses and damages, according to proof;

28.  For statutory penalties pursuant to California Labor Code § 203 for Plaintiff and all other class members who have left Defendants' employ;

29.  For reasonable attorneys' fees and costs of suit incurred herein; and

30.  For such other and further relief as the court may deem just and proper.

### As to the Sixth Cause of Action

31.  For actual, consequential and incidental losses and damages, according to proof;

32.  For statutory penalties pursuant to California Labor Code §§ 226(e);

33.  For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g);

34.  For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code § 226(e); and

35.  For such other and further relief as the court may deem just and proper.

24

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1                      As to the Seventh Cause of Action

2   36.   For actual, consequential and incidental losses and damages, according to proof;

3   37.   For statutory penalties pursuant to California Labor Code §§ 1174.5;

4   38.   For punitive damages and/or exemplary damages according to proof at trial;

5   39.   For reasonable attorneys' fees and costs of suit incurred herein; and

6   40.   For such other and further relief as the court may deem just and proper.

7                        As to the Eight Cause of Action

8   41.   For actual, consequential and incidental losses and damages, according to proof;

9   42.   For the imposition of civil penalties and/or statutory penalties;

10  43.   For punitive damages and/or exemplary damages according to proof at trial;

11  44.   For reasonable attorneys' fees and costs of suit incurred herein; and

12  45.   For such other and further relief as the court may deem just and proper.

13                      As to the Ninth Cause of Action

14  46.   For restitution of unpaid wages to Plaintiff and the other class members and

15        prejudgment interest from the day such amount were due and payable;

16  47.   For the appointment of a receiver to receive, manage and distribute any and all

17        funds disgorged from Defendants and determined to have been wrongfully

18        acquired by Defendants as a result of violation of California Business & Professions

19        Code §§ 17200, et seq.;

20  48.   For reasonable attorneys' fees and costs of suit incurred herein that Plaintiffs and

21        the other class members are entitled to recover under California Code of Civil

22        Procedure § 1021.5;

23  49.   For injunctive relief to ensure compliance with this section, pursuant to California

24        Business & Professions Code § 17200, et seq.; and

25  50.   For such other and further relief as the court may deem just and proper.

26  ///

27  ///

28  ///

25

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1

As to the Tenth Cause of Action

2    51.     For declaratory judgment;

3    52.     For reasonable attorneys' fees and costs of suit incurred herein; and

4    53.     *For such other and further relief as the court may deem just and proper.*

5

As to the Eleventh Cause of Action

6    54.     For an accounting;

7    55.     For reasonable attorneys' fees and costs of suit incurred herein; and

8    56.     For such other and further relief as the court may deem just and proper.

9

As to the Twelfth Cause of Action

10    57.     For preliminary and permanent injunctive relief;

11    58.     For reasonable attorneys' fees and costs of suit incurred herein; and

12    59.     For such other and further relief as the court may deem just and proper.

13    Dated: December 19, 2008       **THE AIWAZIAN LAW FIRM**

14

15                     BY: *[signature]*

16                      Edwin Aiwazian

17                      *Attorneys for* Plaintiffs and the Putative Class

18

19

20

21

22

23

24

25

26

27

28

26

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

## DEMAND FOR JURY TRIAL

Plaintiffs, individually and on behalf of the members of the public similarly situated, hereby demand a trial by a jury.

Dated: December 19, 2008

THE AIWAZIAN LAW FIRM

BY: _Edwin Aiwazian_

Edwin Aiwazian

*Attorneys for* Plaintiffs and the Putative Class