Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
              Debtors.       :   Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' SUPPLEMENT TO THE THIRTY-FIRST OMNIBUS
OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN LEGAL
CLAIMS) WITH RESPECT TO THE CLASS CLAIM FILED BY
JONATHAN CARD**

The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors")[1],
pursuant to sections 105, 502 and 503 of title 11 of the
United States Code (the "Bankruptcy Code"), Rules 2002,
3007, 7056, 9007 and 9014 of the Federal Rules of
Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule
56 of the Federal Rules of Civil Procedure (the "Civil
Rules"), submit this supplement (the "Supplement") to
the Debtors' Thirty-First Omnibus Objection[2] (as defined
herein) (together with the Thirty-First Omnibus
Objection, the "Objection") with respect to the Class
Claim (as defined herein) filed by Jonathan Card
("Card").  In support of this Supplement, the Debtors
respectfully represent as follows:

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc.
      (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
      Inc. (0875), Ventoux International, Inc. (1838), Circuit City
      Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
      Distribution Company of Virginia, Inc. (2821), Circuit City
      Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
      Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
      Sky Venture Corp. (0311), PRAHS, INC. (n/a), XSStuff, LLC (9263),
      Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
      LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
      for Circuit City Stores West Coast, Inc. is 9250 Sheridan
      Boulevard, Westminster, Colorado 80031.  The address for the
      Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA
      23060.

[2]   Capitalized terms not otherwise defined herein shall have the
      meanings ascribed to them in the Objection.

**PRELIMINARY STATEMENT**

1.   By the Thirty-First Omnibus Objection, the Debtors sought to disallow the Class Claim in its entirety.  Contemporaneously herewith, the Debtors filed a motion for summary judgment in support of reclassification of the Class Claim to a pre-petition general unsecured, non-priority claim.

2.   By this Supplement, the Debtors seek to disallow the Class Claim to the extent that it seeks relief with respect to any unnamed individuals (each an "Unnamed Claimant" and, collectively, the "Unnamed Claimants") and, consequently, if granted, to reduce the Class Claim to a claim solely asserted by Card on his own behalf (as defined herein, the "Card Claim").  As set forth above, however, the Debtors are moving for summary judgment with respect to the Card Claim asserting that it must, as a matter of law, be reclassified to a general, unsecured, pre-petition claim subject to further objections by the Debtors or their successors on any grounds that governing law permits.

## BACKGROUND

3.    The Debtors hereby incorporate by reference the Background set forth in the Thirty-First Objection as if fully set forth herein and provide the Court with the following additional background information.

## A.    The General Bar Date.

4.    On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing and balloting agent for the Debtors in these chapter 11 cases, pursuant to 28 U.S.C. § 156(c) (D.I. 108).

5.    On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (D.I. 890) (the "Claims Bar Date Order").

6.    Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008

against the Debtors by any non-governmental entity was
5:00 p.m. (Pacific) on January 30, 2009 (the "General
Bar Date").

      7.    On December 19, 2008, KCC served a copy
of the Claims Bar Date Notice (as defined in the Claims
Bar Date Order) on, among others, the counsel that
represented Card (the "Class Counsel") in the pending
lawsuit styled as Jonathan Card et al. v. Circuit City
Stores, Inc. (the "Class Action").  In addition, the
Debtors published the Claims Bar Date Notice in The Wall
Street Journal (D.I. 1395) and The Richmond Times-
Dispatch (D.I. 1394).

**B.    Procedural Background.**

      8.    On January 13, 2009, Class Counsel filed
the Class Claim on behalf of Card and the Unnamed
Claimants, which Unnamed Claimants are alleged "all
those similarly situated" to Card in the amount of
$21,728,213.00, which Class Claim was asserted as being
entitled to priority treatment under 11 U.S.C. §
507(a)(4)(Claim No. 6040, the "Class Claim"). A copy of
the Class Claim is attached as Exhibit A.

5

9.    On August 20, 2009, the Debtors filed the Debtors' Thirty-First Omnibus Objection to Claims (Disallowance of Certain Legal Claims) (D.I. 4585; the "Objection").  By the Thirty-First Omnibus Objection, the Debtors seek to disallow certain filed claims, including the Class Claim.

10.    Card filed a preliminary response to the Thirty-First Omnibus Objection. (D.I. 4823, the "Response").  In the Response, Card contends that disallowance of the Class Claim is improper.  See Response, p. 2 ("Debtors' Objection, which seeks to disallow the claims of Creditor Card and the putative class, is improper.").

11.    On October 16, 2009, this Court entered the Order on the Debtors' Thirty-First Omnibus Objection (D.I. 5294; the "Order"), under which the Thirty-First Omnibus Objection was adjourned with respect to the Class Claim.

**C.    The Class Action Complaint.**

12.    The Class Claim is premised on the Class Action.  A copy of the complaint filed in the Class Action is attached as Exhibit B (the "Class Action

Complaint").  The Class Action Complaint was filed in San Diego Superior Court in California on November 3, 2008.  As a result of the Debtors' bankruptcy, the Class Action was stayed.  As of the Petition Date, no class had been certified.

13.  In the Class Action Complaint, Card sought, on behalf of himself and allegedly on behalf of similarly situated parties, two forms of relief.  First, Card sought damages for violations of the California Labor Code and Business and Professions Code.  See Card Complaint, p. 1.  Second, Card sought injunctive relief against Circuit City on account of the alleged labor violations.  See Card Complaint, p. 16.

**D.  The Class Claim.**

14.  By the Class Claim, Card asserts that Circuit City violated California labor laws entitling Card and the Unnamed Claimants to the payment of overtime wages and waiting time penalties for the period from November 3, 2004 to November 10, 2008.  See Claim No. 6040 Exhibit A at 1 ("The dates of November 3, 2004, through November 10, 2008, were used to calculate the unpaid overtime.").

15.   Specifically, the Class Claim is broken into various parts.  First, the Claim seeks $13,625,010.00 for overtime pay by using the following formula: (hourly rate x 1.5) x (overtime per week) x (work weeks) x (number of Circuit City stores) (the "Overtime Damages").  The Overtime Damages are divided between Card's portion, which totals $189,236.25 (the "Card Overtime Claim"), and the Unnamed Claimants' portion, which allegedly totals $13,435,773.75 (the "Unnamed Claimants Overtime Claim").

16.   Second, the Class Claim includes $4,406,140.80 for waiting time penalties by using the following formula: (hourly rate) x (hours worked per day) x (30 days) x (number of employees employed at Circuit City) (the "Waiting Time Damages").  The Waiting Time Damages are also divided between Card's portion, which allegedly totals $5,767.20 (the "Card Waiting Time Claim"), and the Unnamed Claimants' portion, which allegedly totals $4,400,373.60 (the "Unnamed Claimants' Waiting Time Claim").

17.   Thus, Card's Overtime Claim and Waiting Time Claim aggregates to $195,003.45 (the "Card Claim")

and the Unnamed Claimants' Overtime Claim and Waiting Time Claims aggregate to $17,836,147.35 (the "Unnamed Claimants' Claim").

18.   Third, and finally, the Class Claim also includes $3,697,063.20 on account of attorneys' fees, presumably for Class Counsel (the "Attorneys' Fee Claim").

**E.   Card's Employment.**

19.   Card was employed by Circuit City Stores West Coast, Inc. from November 10, 2005 to April 15, 2008.   See Declaration Deborah E. Miller.

SUPPLEMENTAL RELIEF REQUESTED

20.   Subject to the reservation of rights set forth herein and in addition to seeking to reclassify the Class Claim to a general unsecured, non-priority claim, by the Objection, the Debtors seek to disallow the portions of the Class Claim seeking payment on account of the Unnamed Claimants' Claim and the Attorneys Fee Claim (the "Non-Card Class Claims").

BASIS FOR RELIEF

21.   Class counsel filed the Class Claim on behalf of Card and the Unnamed Claimants as a class

proof of claim.  Prior to doing so, however, Card was
not certified as the class representative in the Class
Action.  Indeed, no class has ever been certified.  More
importantly, neither Card nor Class Counsel has ever
sought this Court's approval to file a class proof of
claim as required by Bankruptcy Rules 9014 and 7023, and
granting any such relief at this time, would be severely
prejudicial to the Debtors.  Consequently, for this and
the further reasons set forth below, the Non-Card Class
Claims should be disallowed in their entirety.

## APPLICABLE AUTHORITY

I.   **THE NON-CARD CLASS CLAIMS SHOULD BE DISALLOWED.**

   A.   **Card Was Required To Seek The Bankruptcy Court's Permission To File A Class Proof Of Claim.[3]**

   22.   Bankruptcy Rule 7023 provides that Civil Rule 23 -- the class action rule -- applies in adversary proceedings.  Fed. R. Bankr. P. 7023 ("Rule 23 F.R.Civ.P. applies in adversary proceedings.").  Bankruptcy Rule 7023 does not, however, apply to the filing of claims or in contested matters absent leave of court.  See Fed. R. Bankr. P. 9014 ("The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply."); see also In re American Reserve Corp., 840 F.2d 487, 488 (7th Cir. 1988) ("the right to file a proof of claim on behalf of a class seems secure, at least if the

---

[3]   At this time, among other matters, the Debtors have not addressed whether class certification would be appropriate as it would necessarily require fact intensive consideration.  See In re Bally Total Fitness of Greater New York, Inc., 402 B.R. 616, 621 (Bankr. S.D.N.Y. 2009) (noting the Supreme Court's directive to district courts to conduct a "rigorous analysis" to determine whether the requirements of Civil Rule 23 have been met).  However, in the event that the Court denies the Objection, the Debtors reserve their rights to object to the Claim on any grounds, including (without limitation) that the requirements of Civil Rule 23 have not been satisfied and the Debtors are not liable for the Claim.

bankruptcy judge elects to incorporate Rule 23 via Rule
7023 via Rule 9014." (emphasis added)).

23.    Indeed, as the Bankruptcy Court for the
Eastern District has stated, "although class proofs of
claim may be permitted, they are not a matter of right."
See In re Computer Learning Centers, Inc., 344 B.R. 79,
85-86 (Bankr. E.D. Va. 2006); see also In re American
Reserve Corp., 840 F.2d at 494 (holding Federal Rule of
Civil Procedure 23 governing class actions "may apply
throughout a bankruptcy case at the bankruptcy judge's
discretion").    Therefore, prior to filing a class proof
of claim, a claimant must file a motion for
determination of applicability of Bankruptcy Rule 7023.
See Computer Learning, 344 B.R. at 86 ("The
applicability of Rule 7023 is raised by motion.").
Neither Card nor Class counsel ever made such a request.

24.    Specifically, this Court set the General
Bar Date by order dated December 10, 2008.  D.I. 890.
KCC served Class Counsel, Card, the Debtors employees
and many others with the Claims Bar Date Notice on
December 19, 2008, and the General Bar Date passed over

one year ago.[4]  Yet, to date, neither Card nor Class

Counsel has moved for Court approval to file a class

proof of claim.  Consequently, Card and Class Counsel

were simply not eligible to file a class proof of claim,

and the portion of the Class Claim seeking payment on

the Non-Card Class Claim must be denied.  See Computer

Learning, 344 B.R. at 87 ("[W]ithout [a court order],

Rule 7023 is not applicable to the proof of claim and a

class proof of claim is improper."); see also White

Motor Corp., 886 F.2d at 1470-71 (finding the bankruptcy

court did not abuse discretion in denying a class proof

of claim where the claimant "failed to timely petition

the bankruptcy court to apply the provisions of Rules

9014 and 7023").

        25.   Accordingly, the Non-Card Class Claims

should be disallowed in their entirety and the Class

Claim should be reduced to reflect only the Card Claim,

with the Debtors' rights to object to the Card Claim on

---

[4]    See Affidavit of Service of Evan Gershbein re: 1) Notice of
       Deadline for Filing Proofs of Claim and Proof of Claim Form
       [D.I. 966]; and 2) Notice of Commencement of Chapter 11
       Bankruptcy Cases, Meeting of Creditors and Fixing of Certain
       Dates [D.I. 967], at p. 737, (D.I. 1314).

any additional grounds that governing law permits
reserved.

**B.    Even If Card or Class Counsel Had Filed A
Timely Motion Under Bankruptcy Rule 7023, The
Dismissal Of Such Motion Would Have Been
Proper.**

26.   Even if Card or Class Counsel had filed a
motion seeking authorization to file a class proof of
claim in these cases, the proper exercise of this
Court's discretion would have dictated that the motion
be denied.

27.   In particular, in this jurisdiction,
there are four considerations that are relevant to a
court's determination as to whether to allow the filing
of a class proof of claim.  These considerations are:
(i) whether the request to make Rule 7023 applicable to
the filing of a proof of claim is timely; (ii) whether
class adjudication is superior to the adjudication of
individual claims in bankruptcy; (iii) whether a class
proof of claim would unduly complicate or delay the
administration of the bankruptcy case; and (iv) whether
adjudication of the class proof of claims provides
benefits and limits the costs of claims litigation.

14

Computer Learning, 344 B.R. at 86 (citing American

Reserve, 840 F.2d at 492-94; White Motor Corp., 886 F.2d

at 1463-64).

      28.   In considering these factors, courts have

recognized that certain aspects unique to bankruptcy law

may make application of the class action rules

unnecessary in that context.   Computer Learning, 344

B.R. at 86 (citing American Reserve, 840 F.2d at 492-

94).   These aspects include the bankruptcy court's

control over the debtor and its property, special notice

of the bankruptcy proceedings, and the opportunity to

file individual proofs of claim.   Id. (citations

omitted).

      **1.**     **Any request to file a class proof after
the passing of the General Bar Date would
have been untimely.**

      29.   While Bankruptcy Rule 9014 does not

provide a deadline for filing a Bankruptcy Rule 7023

motion, it "should be filed as soon as practicable and

should be denied if it comes so late as to prejudice any

party."   Computer Learning, 344 B.R. at 89 (emphasizing

that early application of Rule 7023 "furthers the policy

of an orderly and expeditious administration of the

bankruptcy estate").

30.   Neither Card nor Class Counsel has ever

filed a motion for an order under Bankruptcy Rule 7023

for authorization to file the Class Claim.  Moreover,

even if Card or Class Counsel were to do so today, the

Debtors and their creditors would be significantly

prejudiced by permitting the filing and prosecution of

the Class Claim this late into the administration of

their chapter 11 cases. See Computer Learning, 344 B.R.

at 90 (noting that the trustee was prejudiced by the

delay in filing the Rule 7023 motion because he could

have included the class action allegations in his

analysis and settlement of claims and payments to

creditors would be delayed indefinitely by the

permission of a class proof of claim).

31.   Specifically, this Court approved the

Disclosure Statement on September 24, 2009.  In

formulating the disclosure statement, the Debtors did

not include the Class Claim (or other similar claims

filed by the same and different counsel) for purposes of

determining the range of priority claims that would need

to be paid before general unsecured creditors.  Indeed,
the Debtors were only aware of one class claimant who
sought and obtained permission to file a class proof of
claim.[5]  Thus, if the Court permits Card or the Class
Counsel to proceed on the Class Claim in the stated
amount and as a priority claim, the classes of claims
and projected distributions set forth in the Disclosure
Statement might need to be revised.  Plainly, that would
delay the administration of the case and ultimate
distribution to unsecured creditors, to whom
distributions are made only after priority claims are
paid in full.  <u>See</u> Plan D.I. 5124 ("Provided that the
Face Amount of all Administrative Claims, Priority
Claims and Miscellaneous Secured Claims have been paid
in full . . . each Holder of an Allowed General
Unsecured Claim shall receive its Pro Rata share . .
.").

---

[5]   <u>See</u> D.I. 1683 (Stipulation and Order Granting Motion to Permit
the Filing of a Class Proof of Claim by Christopher A. Jones of
Whiteford, Taylor & Preston, LLP on Behalf of Daniel E. Weidler,
Michael F. Yezback, Eloise Garcia, and Angie Duron).  It is worth
noting that Weidler's motion to file a class proof of claim was a
matter of public record and was available on this Court's docket
as of the date Card filed the Claim.

32.   Even assuming, however, that permitting the filing of a class proof of claim at this stage of these cases would be timely, as discussed below, Card could not satisfy the remaining criteria.

### 2.   Proceeding with the Class Claim is inferior to individual claim adjudication.

33.   A bankruptcy court's analysis regarding whether to apply Bankruptcy Rule 7023 and allow the filing of a class proof of claim generally mirrors the analysis required in determining whether to certify a class under Civil Rule 23(b)(3): whether questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  See Computer Learning, 344 B.R. at 91 (quoting Civil Rule 23(b)(3)).  While the analysis under Bankruptcy Rule 7023 may be similar in concept, the bankruptcy court should consider and weigh the factors differently within the context of a bankruptcy because the class process may be inferior to the bankruptcy claims process.  See In re Musicland

Holding Corp., 362 B.R. 644, 651 (Bankr. S.D.N.Y. 2007)

(quoting In re Ephedra Prods. Liab. Litig., 329 B.R. 1,

5 (S.D.N.Y. 2005)) ("[B]ankruptcy significantly changes

the balance of factors to be considered in determining

whether to allow a class action and . . . class

certification may be less desirable in bankruptcy than

in ordinary civil litigation." (internal quotations and

citations omitted)).  As one court aptly noted,

"superiority of the class action vanishes when the

'other available method' is bankruptcy, which

consolidates all claims in one forum and allows

claimants to file proofs of claim without counsel and at

virtually no cost."  See Ephedra, 329 B.R. at 9.

34.  Indeed, as one court in this District

recognized, Bankruptcy already provides the same, if not

more, procedural advantages than class adjudication.

See Computer Learning, 344 B.R. at 92 (explaining that

"[a] bankruptcy case presents many of the same

mechanisms to process large numbers of claims as a class

action").  Specifically, bankruptcy provides

(i) established mechanisms for notice, (ii) established

mechanisms managing large numbers of claimants,

(iii) proceedings centralized in a single court with nationwide service of process, and (iv) protection against a race to judgment since all of the debtor's assets are under the control of the bankruptcy court. Id.; see also Musicland Holding Corp., 362 B.R. at 650-51, n. 8 (noting that bankruptcy provides more advantages than a class action and emphasizing the ease of participating in distributions from the bankruptcy estate and the fact that claims are "deemed allowed" under section 502(a) in the absence of an objection).

35.   In this case, nearly 15,000 claims were filed against the Debtors.  While the Class Claim and the Card Complaint do not provide the number of potential class members, even a few hundred or a thousand more claims would not have been difficult to process.  See, e.g., Computer Learning, 344 B.R. at 94 (finding that the claimant's Rule 7023 motion would still have been denied if it was timely because the trustee could have easily reviewed 100 additional claims in a case where over 2,000 claims were filed).

36.   Moreover, the Debtors provided actual and publication notice to their known and unknown creditors

and afforded them an opportunity to file a proof of
claim.  See, supra, at ¶ 24, n. 4.  If any Unnamed
Claimant filed a claim for overtime or waiting time
damages, such claim would be duplicative of the Non-Card
Class Claims.  Consequently, that individual's claim
would need to be adjudicated in the context of the
claims administration process regardless of whether this
Court authorized the filing of the Non-Card Class
Claims.

37.  More importantly, perhaps, this Court
will need to address the Card Claim and each Unnamed
Claimant's Claim individually.  Specifically, Card and
each Unnamed Claimant are different and the facts
underlying Card's alleged claims and each Unnamed
Claimant's alleged claim are different.  Indeed, Card
was not employed after April 15, 2008, while other
Unnamed Claimants may have been terminated prior to or
after that date.  Consequently, this Court will need to
address each claimant's claim separately in the
bankruptcy claim process.

    3.    **Permitting Card or the Class Counsel to proceed on the Non-Card Class Claims would unduly complicate and delay the administration of these cases.**

38. Another reason for denying Card or the Class Counsel the right to proceed on the Class Claim in general and the Non-Card Class Claims in particular is that doing so would unduly complicate and delay the administration of these cases. First, bar dates are important to the orderly administration of any bankruptcy proceeding for both the debtors and the creditors. See <u>Computer Learning</u>, 344 B.R. at 79 (noting that the bar date is important to the orderly administration of a case and prevents delays in distributing funds to creditors); <u>In re Protected Vehicles, Inc.</u>, 397 B.R. 339, 346 (Bankr. D. S.C. 2008) (noting that a bar date is "necessary to provide finality in determining the identity of claimants and the liability faced by the bankruptcy estate"). "The requirement of a Bar Date in Chapter 11 enables the debtor . . . to establish the universe of claims with which it must deal and the amount of those claims." <u>In</u>

re A.H. Robins Co., 129 B.R. 457, 459 (Bankr. E.D. Va. 1991).

39.   When a class proof of claim is properly requested and approved by the bankruptcy court, restricting the class to members who have, individually, timely filed their own proofs of claim preserves the orderly administration of a case provided by bar dates. See In re Protected Vehicles, Inc., 397 B.R. at 347 (finding that opening a class to include all employees regardless of whether a proof of claim was timely filed would "render proof of claim deadlines in bankruptcy cases meaningless"); In re Adam Aircraft Industries, Inc., 2009 WL 21000929 at *9 (Bankr. D. Colo. 2009) (denying a class proof of claim and stating that, "In the case at bar, the employees have already been afforded one bite at the claims apple, and Scoggin has not demonstrated a reason why they should receive a second."); In re Bill Heard Enterprises, Inc. 400 B.R. 795, 805 (Bankr. N.D. Ala. 2009) (stating that "[t]he Court further finds that the class is due to be restricted to those employees that file proofs of claim prior to the bar date...").

23

40.  Here, however, the Debtors do not know whether any or all of the Unnamed Claimants filed proofs of claim before the General Bar Date.  To the extent that they did not, but are now permitted to obtain a recovery through the Class Claim, the result would reduce the recovery, and therefore prejudice, the unsecured creditors that timely filed proofs of claim. This is especially true because the Class Claim is filed as a priority claim and, thus, would receive  payment in full.  Cf. In re Bally Total Fitness of Greater New York, Inc., 402 B.R. 616, 622 (Bankr. S.D.N.Y. 2009) (denying class proof of claim because, in part, "the de facto expansion of the [b]ar [d]ate for notified class members who failed to file individual claims in a timely manner will violate due process and prejudice the rights of timely filers").

41.  Moreover, the claims administration process will be burdened with additional time consuming claim reconciliations on an individual basis for Card and the Unnamed Claimants.  Specifically, to the extent that the Unnamed Claimants were employed as of the Petition Date and received post-petition payments on

account of pre-petition priority claims, the claim
administration process would be further complicated by
calculating the amount each Unnamed Claimant would be
entitled to as a priority claim under the Class Claim.
This Court would need to reduce each Unnamed Claimant's
portion of the Class Claim by the amount such Claimant
has already received.  Similarly, if an Unnamed Claimant
filed a priority claim for amounts other than the
damages sought in the Class Claim, this Court would also
need to take such priority claim into consideration in
reconciling the Class Claim.  Undoubtedly, this process
would be burdensome and time consuming.

        42.   Consequently, allowing a class proof of
claim would unduly complicate and delay the
administration of the Debtors cases.

        **4.      The costs of litigating the Class Claim
                outweigh the benefits.**

        43.   While class action lawsuits are often
lauded for their ability to permit many people with
small claims to seek redress where cost might otherwise
be prohibitive as compared to the potential recovery,
such concerns are not persuasive when bankruptcy is the

alternative method of adjudication.  <u>Ephedra</u>, 329 B.R.
at 9 ("superiority of the class action vanishes when the
'other available method' is bankruptcy . . .").  This is
true because the bankruptcy "consolidates all claims in
one forum and allows claimants to file proofs of claim
without counsel and at virtually no cost."  <u>Id.</u>

44.  In evaluating the costs and benefits
associated with allowing a class proof of claim,
bankruptcy courts have significant discretion.  <u>See</u>
<u>Ephedra</u>, 329 B.R. at 10 (stating that "[t]he Court has
discretion under Rule 9014 to find that the likely total
benefit to the class members would not justify the cost
to the estate of defending a class action under Rule
23.").  Indeed, if resolving the class claim has the
potential to interfere with distributions to creditors,
that fact "itself presents sufficient grounds to expunge
the class claims." <u>Id.</u> at 5.

45.  Here, to resolve the Class Action the
parties would need to engage in at least three stages of
discovery –- first with respect to class certification,
second with respect to the underlying liability, and
third with respect to damages.  In addition, the parties

26

would be compelled to address various procedural issues
that are not common to traditional bankruptcy claim
administration.  In particular, the Debtors would be
required to provide one or more additional notices to
the members of any class certified.  As a result, the
Debtors limited assets would be depleted to the
detriment of the Debtors' other creditors.  See Bally
Total Fitness, 402 B.R. at 621 (finding that class
certification adds layers of procedural and factual
complexity to a case, which can "siphon the Debtors'
resources").

46.  Furthermore, although one benefit of a
class action may be deterring future conduct by the
defendant, no such possible benefit is present in this
case because the Debtors are no longer operating and are
instead liquidating.  See Ephedra, 329 B.R. at 9 ("Under
the Bankruptcy Code, general deterrence is not promoted
at the expense of creditors. Whatever weight deterrence
may have in a true reorganization, it has none in a
liquidating plan like the one here.").

47.  Accordingly, for the reasons stated
above, the Non-Card Class Claims should be disallowed

and only the Card Claim should remain, subject to the
Debtors right to object to such claim on any grounds
governing law permits.

### RESERVATION OF RIGHTS

48.   At this time, the Debtors have not
completed their review of the validity of all
claims/expenses filed against their estates, including
the Class Claim.  The Debtors reserve the right to
further object to any and all claims, whether or not the
subject of the Objection, for allowance, voting, and/or
distribution purposes, and on any grounds that
bankruptcy or non-bankruptcy law permits.  Furthermore,
the Debtors reserve the right to modify, supplement
and/or amend the Objection as it pertains to the Class
Claim herein or to Card and file additional objections
to the Class Claim and the Card Claim, and nothing
herein shall prejudice such rights.

### NOTICE

49.   Notice of this Objection has been
provided to Card and to those parties entitled to notice
under the Supplemental Order Pursuant to Bankruptcy Code
Sections 102 and 105, Bankruptcy Rules 2002 and 9007,

and Local Bankruptcy Rules 2002-1 and 9013-1

Establishing Certain Notice, Case Management and

Administrative Procedures (D.I. 6208; the "Case

Management Order").

### WAIVER OF MEMORANDUM OF LAW

50.   Pursuant to Local Bankruptcy Rule 9013-

1(G), and because there are no novel issues of law

presented in the Objection, the Debtors request that the

requirement that all motions be accompanied by a written

memorandum of law be waived.

### NO PRIOR RELIEF

51.   No previous request for the relief sought

herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors request the Court to enter the Order sustaining the Objection and granting such other and further relief as the Court deems just and proper.

```
Dated: Richmond, Virginia    SKADDEN, ARPS, SLATE, MEAGHER &
       February 26, 2010        FLOM, LLP
                             Gregg M. Galardi, Esq.
                             Ian S. Fredericks, Esq.
                             P.O. Box 636
                             Wilmington, Delaware 19899-0636
                             (302) 651-3000

                                  - and -

                             SKADDEN, ARPS, SLATE, MEAGHER &
                                FLOM, LLP
                             Chris L. Dickerson, Esq.
                             155 North Wacker Drive
                             Chicago, Illinois 60606-7120
                             (312) 407-0700

                                  - and -

                             MCGUIREWOODS LLP

                             /s/ Douglas M. Foley_____
                             Dion W. Hayes (VSB No. 34304)
                             Douglas M. Foley (VSB No. 34364)
                             One James Center
                             901 E. Cary Street
                             Richmond, Virginia 23219
                             (804) 775-1000

                             Counsel for Debtors and Debtors
                             in Possession
```

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :  Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :  Case No. 08-35653 (KRH)
et al.,                       :
                              :
              Debtors.        :  Jointly Administered
- - - - - - - - - - - - - - x

   **ORDER PARTIALLY SUSTAINING THE DEBTORS THIRTY-FIRST
   OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN
   LEGAL CLAIMS), AS SUPPLEMENTED, WITH RESPECT TO THE
          CLASS CLAIM OF JONATHAN CARD**

         Upon consideration of the supplement to the

Debtors' Thirty-First Omnibus Objection to Claims

(Disallowance of Certain Legal Claims) (D.I. 4585) with

respect to the Claim of Jonathan Card (the

"Supplement"), attached as Exhibit B to the Supplement;
and the Court having determined that the relief
requested in the Supplement is in the best interests of
the Debtors, their estates, their creditors, and other
parties in interest; and it appearing that proper and
adequate notice of the Objection and the Supplement has
been given and that no other or further notice is
necessary; and upon the record herein; and after due
deliberation thereon; and good and sufficient cause
appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Objection is SUSTAINED to the extent
requested in the Supplement.

2.    Claim number 6040 (the "Claim") is hereby
modified from a class proof of claim to an individual
proof of claim and reduced to $195,003.45.

3.    The Debtors right to object to any claim,
including (without limitation) the Claim, on any grounds
that governing law permits are not waived and are
expressly reserved.

4.   To the extent that this Order conflicts with the Order on the Debtors' Thirty-First Omnibus Objection (D.I. 5294), this Order shall control.

5.   The Debtors shall serve a copy of this Order on Jonathan Card on or before five (5) business days from the entry of this Order.

6.   This Court shall retain jurisdiction with respect to all matters arising from or related to this Order.

Dated: Richmond, Virginia
       _____, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

              - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

              - and –

_/s/ Douglas M. Foley      _____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession


   **CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

        Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                         /s/ Douglas M. Foley_____
                         Douglas M. Foley

## EXHIBIT A

**(The Claim)**

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT    Eastern District of Virginia | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Circuit City Stores West Coast, Inc. | Case Number:<br>08-35654 (KRH) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Jonathan Card and all those similarly situated | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br><br>C/o Righetti Law Firm, P.C., Matthew Righetti<br>456 Montgomery Street, Suite 1400<br>San Francisco, CA 94104<br><br>Telephone number:<br>(415) 983-0900 | **Court Claim Number:** N/A<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br>See above.<br><br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:** $ 21,728,213.00 | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.** |
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>✓ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:** __See Exhibit A attached.__<br>(See instruction #2 on reverse side.) | ✓ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **3. Last four digits of any number by which creditor identifies debtor:** _____<br><br>   **3a. Debtor may have scheduled account as:** _____<br>   (See instruction #3a on reverse side.) | |
| **4. Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5). |
| **Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other<br>Describe: | ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7). |
| **Value of Property:**$_____ **Annual Interest Rate**____% | |
| **Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>if any: $_____  **Basis for perfection:** _____ | ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **Amount of Secured Claim:** $_____  **Amount Unsecured:** $_____ | |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | **Amount entitled to priority:**<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| | | |
|---|---|---|
| Date:<br>01/12/2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY<br>**RECEIVED**<br>JAN 13 2009<br>KURTZMAN CARSON CONSULTANTS |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return



0835654090113000000000002

# R I G H E T T I   L A W   F I R M ,   P . C .

456 MONTGOMERY STREET, SUITE 1400 • SAN FRANCISCO, CA 94104
PHONE: 415.983.0900 • TOLL FREE 800.447.5549
FAX: 415.397.9005 • www.righettilaw.com

## ENCLOSURE FOR YOUR INFORMATION

**January 12, 2009**

**To:**   **Clerk of the Court**

**Re:**   08-35653 In re: Circuit City Stores, Inc.

**Enclosed please find the original plus 2 copies of**

- PROOF OF CLAIM WITH EXHIBIT A

**Please file today and return one copy of the conformed documents to Righetti Law Firm in the self-addressed stamped envelope provided.**

**Please let me know if you have any problems with this filing, and thank you.**

**Sincerely,**
**Sarah Minkus**
(415) 983-0900

# EXHIBIT A

IN THE UNIETD STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
-------------------------------------------------------x
In re:                                    :
                                          :        Chapter 11
CIRCUIT CITY STORES, INC., et al.         :        Case No. 08-35654
                                          :
         Debtors                          :        Jointly Administered with
                                          :        Case No. 08-35653
-------------------------------------------------------x
```

## EXHIBIT A TO PROOF OF CLAIM

The Card v. Circuit City, Inc. was filed on November 3, 2008, in the San Diego Superior Court, Case No. 37-2008-00095260-CU-OE-CTL. The case covers all California based salaried store assistant managers 1) who worked at any time during the four years preceding the filing of the Complaint up until the date of class certification at any of the stores in the State of California owned, operated and/or acquired by Defendants. Mr. Card alleged that Defendant had wrongfully classified all Sales Managers as employees that were exempt from overtime compensation, and had illegally failed to pay overtime and to provide meal periods and rest breaks to them. The dates of November 3, 2004, through November 10, 2008, were used to calculate the unpaid overtime. Mr. Card held the position of Assistant Manager.

To calculate the value of the Card v. Circuit City action the following formula was used:

```
Hourly rate $24.03
x 1.5 (time and a half)
= $36.04
x Overtime hours of 25 hours per week
= $901.12
x work weeks (210)
=$189,236.25
x the number of Circuit City, Inc. Stores (72 Stores)
=$13,625,010.00
```

///

1
EXHIBIT A TO PROOF OF CLAIM

To calculate the waiting time penalties for the Card action the following formula was used:

Hourly rate ($24.03)
x Hours per day  (8)
x 30 Days
= $5,767.20
x # of employees employed at Circuit City, Inc. Stores (764)[*]
=$4,406,140.80


Attorneys Fees
20% of Overtime and Waiting Time Totals
=$3,697,063.20

**Totals of Overtime, Waiting Time Penalties and Costs: $21,728,213.00**

---

[*] This figure for the Card action was arrived at by using the number of Sales Manager Positions in the Hernandez case.

2

EXHIBIT A TO PROOF OF CLAIM

## EXHIBIT B

**(The Card Complaint)**



**SUMMONS**
*(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CIRCUIT CITY STORES, INC.,
and DOES 1 through 50 inclusiv

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
FILED
CIVIL BUSINESS OFFICE 5
CENTRAL DIVISION

2008 NOV -4  A 8: 46

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JONATHAN CARD and others
Similarly Situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Superior Court<br>Hall of Justice<br>330 West Broadway<br>San Diego, CA 92101 | CASE NUMBER: **37-2008-00095260-CU-OE-CTL**<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew Righetti and John Glugoski     Tel: (415) 983-0900     Fax: (415) 397-9005
Righetti Law Firm, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94104

DATE: NOV 0 4 2008     Clerk, by C. Beutler, Deputy
*(Fecha)*     *(Secretario)*     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Circuit City Stores, Inc.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465



FILED
CIVIL BUSINESS OFFICE 12
CENTRAL DIVISION

2008 NOV -3 P 1: 53

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY. CA

1  MATTHEW RIGHETTI, ESQ.    {121012}
   JOHN GLUGOSKI, ESQ.      {191551}
2  RIGHETTI LAW FIRM, P.C.
   456 Montgomery Street, Suite 1400
3  San Francisco, CA  94104
   Telephone:    (415) 983-0900
4  Facsimile:    (415) 397-9005

5

6  Attorneys for Plaintiff

7            SUPERIOR COURT OF CALIFORNIA

8               COUNTY OF SAN DIEGO

9
   JONATHAN CARD and others
10 Similarly Situated

11                                    NO. 37-2008-00095260-CU-OE-CTL

12                                    CLASS ACTION

13          Plaintiff,               COMPLAINT

14 vs.                               1.  Violation of Labor Code;
                                     2.  Violation of B & P § 17200, et seq;
15                                   3.  Failure to Provide Mandated Meal
   CIRCUIT CITY STORES, INC.,            Periods and Rest Breaks
16 and DOES 1 through 50 inclusive,

17

18          Defendants.

19

20

21

22

23

24

25

26

27

28
                                    1

**FIRST CAUSE OF ACTION**

COMES NOW, Plaintiff, Jonathan Card (Plaintiff herein after) an individual over the age of eighteen (18), and brings this challenge to Defendant's lucrative, repressive and unlawful business practices on behalf of himself and a class of all others similarly situated and for a Cause of Action against Defendants, CIRCUIT CITY STORES, INC., and DOES 1-50, inclusive, (hereinafter "Defendants") and each of them, alleges as follows:

**THE PARTIES, JURISDICTION AND VENUE**

**1.**

This class action is brought pursuant to §382 of the California Code of Civil Procedure. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The monetary damages sought on behalf of each and every member of the class and as aggregate class damages exceed those jurisdictional limits as well. However, the claims of individual class members, including Plaintiff, are under the $75,000 jurisdictional threshold for federal court. For example, a class member who was or has been employed for a relatively brief period could never reasonably be expected to receive a recovery of $75,000 or more. The total damages for the entire case does not exceed $5,000,000.00. In addition, there is no federal question at issue, as all the issues related to payment wages alleged herein are based solely on California law and statutes, including the Labor Code, Civil Code, Code of Civil Procedure, and Business and Professions Code. Further there is no federal question at issue, as all the issues related to payment wages alleged herein are based solely on California law and statutes, including the Labor Code, Civil Code, Code of Civil Procedure, and Business and Professions Code.

COMPLAINT
[CLASS ACTION]

**2.**

Plaintiff, Jonathan Card ("Plaintiff") was employed in California as an Assistant Manager by CIRCUIT CITY STORES, INC., Mr. Card worked in Defendant's store as a salaried store employee within four years prior to the filing of this Complaint.

**3.**

Plaintiff brings this action against CIRCUIT CITY STORES, INC., for engaging in a uniform policy and systematic scheme of wage abuse against their salary paid employees in California. This scheme involved, inter alia, misclassifying the salaried store employees as "exempt" managerial/executive employees for purposes of the payment of overtime compensation when, in fact, they were "non-exempt" non-managerial employees according to California law. Further, CIRCUIT CITY STORES, INC., denied the salaried store employees mandated meal and rest breaks under California law. As a result of Defendant's systematic and clandestine scheme the salaried store employees throughout California were not paid all wages owed and were deprived of mandated meal periods and rest breaks. Accordingly, CIRCUIT CITY STORES, INC., has violated California common and statutory laws as described more particularly below.

**4.**

Defendant's own/owned and operate/operated an industry, business and establishment in approximately 100 separate geographic locations within the States of California, including San Diego County, for the purpose of operating a retail store to sell goods. As such, and based upon all the facts and circumstances incident to Defendant's business in California, Defendants are subject to California Labor Code Sections 1194, et seq., 500, et seq., California Business and Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission. At least some of the acts complained of herein

3

1    occurred in San Diego County as Defendants own/owned and operate/operated stores in San

2    Diego County. Plaintiff is informed and believes and thereon alleges that at all times herein

3    mentioned Defendants are and were corporations licensed to do business and actually doing

4    business in the State of California.

5

6                                                5.

7            At all times herein mentioned Plaintiff and the class identified herein worked for

8    Defendants as salaried store employees in Defendant's stores. These salaried store positions are

9    not positions, which involve work falling within any exception to the above-referenced Labor

10   Code sections, the Unfair Practices Act and/or California Industrial Welfare Commission orders

11   applicable to Defendant's business.

12

13                                               6.

14           Plaintiff does not know the true names or capacities, whether individual, partner or

15   corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason,

16   said Defendants are sued under such fictitious names, and Plaintiff prays leave to amend this

17   complaint when the true names and capacities are known. Plaintiff is informed and believes and

18   thereon alleges that each of said fictitious Defendants was responsible in some way for the

19   matters alleged herein and proximately caused Plaintiff and members of the class to be subject to

20   the illegal employment practices, wrongs and injuries complained of herein.

21

22                                               7.

23           At all times herein mentioned, each of said Defendants participated in the doing of the

24   acts hereinafter alleged to have been done by the named Defendants; and furthermore, the

25   Defendants, and each of them, were the agents, servants and employees of each of the other

26   Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were

27   acting within the course and scope of said agency and employment.

28   ─────────────────────────────────────────────────

                                        4

                                                            COMPLAINT
                                                            [CLASS ACTION]

**8.**

At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

**9.**

At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

**10.**

At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged. Further, at all times mentioned herein, the wage and hour related compensation policies of stores in California are and were dictated by, controlled by, and ratified by the Defendants herein and each of them.

## FACTUAL ALLEGATIONS

**11.**

Plaintiff and all members of the class identified herein were regularly scheduled as a matter of uniform company policy to work and in fact worked as salaried store employees in excess of eight hours per workday and/or in excess of forty hours per workweek without receiving straight time or overtime compensation for such overtime hours worked in violation of California Labor Code Section 1194 and the applicable California Industrial Welfare Commission wage order(s). Plaintiff and the other members of the class were improperly and illegally mis-classified by Defendants as "exempt" managerial/executive employees when, in

COMPLAINT
[CLASS ACTION]

1  fact, they were "non-exempt" non-managerial employees according to California law. Plaintiff

2  and the other members of the class have the right to be compensated by Defendants at the

3  appropriate compensatory wage rate for said work heretofore performed, consisting of the

4  straight time rate plus the appropriate overtime premium as mandated by California law.

5  Furthermore, Defendants failed to provide the Plaintiff and class members the required rest and

6  meal periods during the relevant time period as required under the IWC Wage Orders and thus

7  are entitled to any and all applicable penalties.

8

9                                          12.

10     This complaint is brought by Plaintiff pursuant to California Code of Civil Procedure

11  section 382 on behalf of a class. All claims alleged herein arise under California law for which

12  Plaintiff seeks relief authorized under California law. The class is comprised of, and defined as:

13

14          All California based salaried store assistant managers 1) who worked at
            any time during the four years preceding the filing of this Complaint up
15          until the date of class certification at any of the stores in the State of
            California owned, operated and/or acquired by Defendants.
16

17  The members of the class are so numerous that joinder of all members would be impractical, if

18  not impossible. The members of the class are readily ascertainable by a review of Defendant's

19  records. Further, the subject matter of this action both as to factual matters and as to matters of

20  law, are such that there are questions of law and fact common to the class which predominate

21  over questions affecting only individual members including, among other things, the following:

22       a.     Statistically, one hundred percent of the class members were paid on a salary basis

23  with no overtime compensation paid for work accomplished in excess of forty hours per week, or

24  eight hours per day. Plaintiff is informed and believes and based thereon alleges that all class

25  members failed to meet the exemption requirements of California law such as 1) regularly spend

26  more than fifty (50) percent of their time performing exempt work; 2) customarily and regularly

27

28

---

6

                                                      COMPLAINT
                                                      [CLASS ACTION]

1  exercised discretion and independent judgment and; 3) have authority to hire and fire. Thus,

2  Plaintiff and the class members were not exempt from the overtime requirements of California

3  law for that reason;

4         b.      Defendants uniformly administered a corporate policy concerning both staffing

5  levels and duties and responsibilities of the class members which required that the class members

6  both work overtime without pay and regularly spend more than fifty (50) percent of their time

7  performing non-exempt tasks.  This included a uniform corporate pattern and practice of

8  allocating and authorizing inadequate staffing levels at the individual stores.  This corporate

9  conduct had the effect of placing customer service and other clerical "non-management" duties

10  and responsibilities onto the shoulders of the class members who were customarily and regularly

11  caused to work far in excess of forty hours in a week and/or eight hours in a day without pay.

12  Thus, Plaintiff and all other members of the class routinely, regularly and customarily (i.e., well

13  in excess of fifty (50) percent of their work time) performed non-exempt, non-managerial work

14  and work that did not regularly involve discretion and independent judgment.  Therefore, such

15  employees are entitled to overtime compensation under California law.

16         c.      The duties and responsibilities of the salaried store positions at the Defendant's

17  stores were virtually identical from region to region, district to district, store to store, and,

18  employee to employee.  Further, any variations in job activities between the different individuals

19  in these positions are legally insignificant to the issues presented by this action since the central

20  facts remain, to wit:  these employees performed non-exempt work in excess of fifty (50) percent

21  of the time in their workday, these employees did not regularly exercise discretion and

22  independent judgment; these employees' work routinely included work in excess of forty (40)

23  hours per week and/or eight (8) hours per day and they were not, and have never been, paid

24  overtime compensation for their work.  Furthermore, Defendants failed to provide Plaintiff and

7-

COMPLAINT
[CLASS ACTION]

1  class members the required "off duty" rest and meal periods during the relevant time period as

2  required under the IWC Wage Orders.

3      d.    Members of the class identified herein were discharged by Defendants or

4  voluntarily quit, and did not have a written contract for employment. The Defendants, in

5  violation of California Labor Code Sections 201, and 202, et seq., respectively, had a consistent

6
7  and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid

8  wages of all such former employees. The Defendants have willfully failed to pay the earned and

9  unpaid wages of such individuals, including, but not limited to, regular time, overtime, and other

10 wages earned and remaining uncompensated according to amendment, or proof.

11                              13.

12
13 Although, DEFENDANTS claims that each store concept, corporate entity, branch and/or

14 division is a separate entity, named defendant, CIRCUIT CITY STORES, INC., was and/or is

15 also the joint employer of employees of all Defendant's stores.

16                              14.

17 Although, DEFENDANTS claims that each store concept, branch, corporate entity and/or

18 division is a separate entity, in fact all of these entities constituted a single enterprise under

19 CIRCUIT CITY STORES, INC., and thus named defendant, was and/or is the single employer of

20 all salaried employees of all Defendant's stores in California.

21
22                              15.

23     As a pattern and practice, also in violation of the aforementioned labor laws and wage

24 orders, Defendants did not maintain any records pertaining to when salaried store assistant

25 managers began and ended each work period, meal period, the total daily hours worked, and the

26 total hours worked per pay period and applicable rates of pay.

27

28
                              8

                                        COMPLAINT
                                        [CLASS ACTION]

**16.**

There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the absent class members concerning whether Defendant's regular business custom and practice of requiring substantial "overtime" work and not paying for said work according to the overtime mandates of California law is, and at all times herein mentioned was, in violation of California Labor Code Sections 1194 and 500, et seq., the Unfair Practices Act and the applicable California Industrial Welfare Commission wage orders. Defendant's employment policies and practices wrongfully and illegally failed to compensate salaried store assistant managers for substantial overtime compensation earned as required by California law. For instance, questions of fact and/or law common to the members of the aforesaid class -- which predominate over any questions which may affect only individual members -- are:

i.    Whether Defendant's salaried employees were classified as "exempt" in violation of California law;

ii.    Whether Defendants uniformly failed to pay overtime wages to its salaried store assistant managers by virtue of Defendant's unlawful class wide designation of such employees as "exempt" in violation of California law;

iii.    Whether Plaintiff and the class could waive the wage and hour laws designed for their benefit under California law and whether such waivers were voluntary, knowing and valid;

iv.    Whether Defendant's conduct constituted an illegal, or unfair, business practice in violation of California law;

v.    Whether Plaintiff and the class are entitled to compensatory damages pursuant to the California Labor Code;

9

COMPLAINT
[CLASS ACTION]

vi.  Whether Plaintiff and the class are entitled to injunctive relief, including restitution and/or disgorgement of profits pursuant to California law.

vii.  What is the correct computation formula for the payment of overtime in California?

viii.  What work is customarily and regularly accomplished by class members in Defendant's – and what category (exempt or non-exempt) does that work properly fall into?

ix.  What are the realistic requirements of the salaried store assistant manager positions?

x.  What are the expectations of Defendants vis-à-vis the class members job performance?

xi.  Who has the burden of proof on the exemption issue?

xii.  Can Defendant rely on the "sole charge" or "primary duty" exemption standards applicable under federal law, or must Defendants comply with California's more strict quantitative exemption standards?

xiii.  Whether Defendants failed to provide Plaintiff and class members rest and meal breaks in violation of California Labor Code and applicable IWC wage orders;

**17.**

The claims of Plaintiff are typical of the claims of all members of the class. Plaintiff, as a representative party, will fairly and adequately protect the interests of the class by vigorously pursuing this suit through attorneys who are skilled and experienced in handling civil litigation of this type.

10

COMPLAINT
[CLASS ACTION]

**18.**

The California Labor Code and wage order provisions upon which Plaintiff asserts these claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Plaintiff with its vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

**19.**

The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (1) inconsistent or varying adjudications with respect to individual class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (2) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the

11

1   individual members of the class are not sufficiently large to warrant vigorous individual

2   prosecution considering all of the concomitant costs and expenses.

20.

4

5      Such a pattern, practice and uniform administration of corporate policy regarding illegal

6   employee compensation, as described herein, is unlawful and creates an entitlement to recovery

7   by the Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the full

8   amount of the straight time compensation and overtime premiums owing, including interest

9   thereon, willful penalties, reasonable attorneys fees, and costs of suit according to the mandate of

10   California Labor Code Section 1194, et seq.

11

21.

12

13      Proof of a common business practice or factual pattern, of which the named Plaintiff's

14   experiences are representative, will establish the right of each of the members of the Plaintiff

15   class to recovery on the causes of action alleged herein.

16

22.

17      The Plaintiff class is entitled in common to a specific fund with respect to the overtime

18   compensation monies illegally and unfairly retained by Defendants. The Plaintiff class is entitled

19   in common to restitution and disgorgement of those funds being improperly withheld by

20   Defendants. This action is brought for the benefit of the entire class and will result in the

21   creation of a common fund.

22

23      WHEREFORE, Plaintiff on his own behalf and on behalf of the members of the class,

24   prays for judgment as hereinafter set forth.

25 **SECOND CAUSE OF ACTION**

26      COME NOW, Plaintiff, individually and on behalf of both the class and as a second,

27   separate and distinct cause of action against Defendants, and each of them, alleges as follows:

28

12

COMPLAINT
[CLASS ACTION]

23.

Plaintiff herein repeats and re-alleges as though fully set forth at length each and every paragraph of this Complaint, excepting those paragraphs which are inconsistent with this cause of action for relief regarding Defendant's violations of Business and Professions Code 17200 et seq. (Unfair Practices Act).

24.

Defendants, and each of them, have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in Paragraphs 11 through 14, inclusive, to wit, by requiring their salaried store assistant managers to perform the labor services complained of herein without overtime compensation. Defendant's utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendant's competitors. Plaintiff – and members of the class – seek full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein. Plaintiff seeks, on his own behalf and on behalf of the class, the appointment of a receiver, as necessary. The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the original complaint in this action.

25.

Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code section 17200, including those set forth in Paragraphs 11 through 14 herein thereby depriving Plaintiff and other members of the class minimum working condition standards and conditions due to them under the California labor laws and Industrial Welfare Commission wage orders as specifically described herein.

13

COMPLAINT
[CLASS ACTION]

**26.**

Plaintiff, and all persons similarly situated, are further entitled to and do seek a both a declaration that the above-described business practices are unfair, unlawful and/or fraudulent and injunctive relief restraining Defendants from engaging in any of such business practices in the future. Such misconduct by Defendants, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to all members of the class in that the Defendants will continue to violate these California laws, represented by labor statutes and IWC Wage Orders, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

### THIRD CAUSE OF ACTION

COME NOW, Plaintiff, individually and on behalf of a class and as a third, separate and distinct cause of action against Defendants, and each of them, alleges as follows:

**27.**

Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**28.**

Cal. Lab. Code §226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

---

14

COMPLAINT
[CLASS ACTION]

**29.**

Industrial Welfare Commission Order No. 7-2001(11)(c) provides in relevant part, "Unless the employees is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked."

**30.**

Industrial Welfare Commission Order No. 7-2001 (12)(A) authorizes employees to take rest periods based on the total hours worked daily at the rate of ten minutes rest per four hours or major fraction thereof.

**31.**

Cal. Lab. Code Section 512, which provides in relevant part:

Meal periods

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period my be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

**32.**

As alleged herein, Defendants routinely interrupted and/or failed to permit, authorize and/or provide Plaintiff's and Class members' meal and rest breaks. By these actions, Defendants violated Cal. Lab. Code §226.7(a) and is liable to Plaintiff and the Class.

15

COMPLAINT
[CLASS ACTION]

33.

As a result of the unlawful acts of Defendants, Plaintiff and Class members have been deprived of meal and rest breaks, and are entitled to recovery under Cal. Lab. Code §226.7(b) in the amount of one additional hour of pay at the employee's regular rate of compensation for each work day that a meal or rest period was not provided.

WHEREFORE, Plaintiff on his own behalf and on behalf of the members of the class prays for judgment as follows:

1.  Determining that this action may proceed and be maintained as a class action;

2.  For the First Cause of Action:

    a.  A declaratory judgment that Defendant has violated Cal. Lab. Code

    b.  An award to Plaintiffs and the Class of damages for the amount of unpaid overtime compensation, including interest thereon, and penalties subject to proof;

    c.  An award to Plaintiffs and the Class of reasonable attorneys' fees and costs pursuant to Cal. Lab. Code § 1194 and/or other applicable state laws;

3.  For the Second Cause of Action:

    a.  Ordering Defendant, its agents, servants, and employees, and all persons acting, directly or indirectly, in concert with it, to restore and disgorge all funds to each member of the Class acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and therefore constitute unfair competition under § 17200 et seq. of the California Business and Professions Code;

    b.  For injunctive relief pursuant to California Business & Professions Code § 17203, consisting of, inter alia: (1) a declaration that Defendant has engaged in unlawful and unfair business acts and practices in violation of California Business & Professions Code § 17200 et seq.; (2) a preliminary and/or permanent injunction enjoining Defendant and its respective successors, agents, servants, officers, directors, employees and all persons acting in concert with them from pursuing the policies, acts and practices complained of herein and prohibiting Defendant from continuing such acts of unfair and illegal business acts and practices; (3) Restitution pursuant to California Industrial Welfare Commission Order No. 7-2001(11)(D),

16

COMPLAINT
[CLASS ACTION]

which provides: "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided."

c.   Restitution pursuant to California Industrial Welfare Commission Order No. 7-2001(12)(C), which provides: "[i]f an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided;"

4.   For the Third Cause of Action:

a.   A declaratory judgment that Defendant has violated Cal. Lab. Code §226.7;

b.   An award to Plaintiffs and the Class of an additional hour of pay at the employee's regular rate of compensation for each workday that a meal or rest break was not provided;

c.   An award to Plaintiffs and the Class of reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §1194 and/or other applicable state laws;

d.   An award to Plaintiffs and the Class of interest, which shall accrue from the date that the wages were due and payable, pursuant to Cal. Lab. Code §218.6;

5.   Awarding Plaintiffs and the Class their attorneys' fees and costs of suit to the extent permitted by law;

6.   All other relief as this Court may deem proper.

DATED:     October 27, 2008          RIGHETTI LAW FIRM, P.C.

_____
John Glugoski
Counsel for Plaintiff
and the Class

17

COMPLAINT
[CLASS ACTION]

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

STREET ADDRESS:      330 West Broadway

MAILING ADDRESS:     330 West Broadway

CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827

BRANCH NAME:         Central

PLAINTIFF(S):    Jonathan Card

DEFENDANT(S): Circuit City Stores Inc

SHORT TITLE:    CARD VS. CIRCUIT CITY STORES INC

**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221)**

CASE NUMBER:
37-2008-00095260-CU-OE-CTL

Judge: William R. Nevitt                                          Department: C-64

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines:

- ☐ Court-Referred Mediation Program
- ☐ Private Neutral Evaluation
- ☐ Private Mini-Trial
- ☐ Private Summary Jury Trial
- ☐ Private Settlement Conference with Private Neutral
- ☐ Other (specify): _____

- ☐ Court-Ordered Nonbinding Arbitration
- ☐ Court-Ordered Binding Arbitration (Stipulated)
- ☒ Private Reference to General Referee
- ☐ Private Reference to Judge
- ☒ Private Binding Arbitration

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____

Name of Plaintiff          Name of Defendant

Signature          Signature

Name of Plaintiff's Attorney          Name of Defendant's Attorney

Signature          Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated:  11/04/2008

JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)      **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**      Page: 1

3

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|

Matthew Righetti (121012)
John Glugoski (191551)
Righetti Law Firm, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
TELEPHONE NO.: (415)983-0900   FAX NO.: (415)397-9005
ATTORNEY FOR (Name): Johnathan Card

FILED
Clerk of the Superior Court

NOV 0 3 2008

By: C. Beutler  Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2008-00095260-CU-OE-CTL |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | JUDGE: |
| | | DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812 )**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is  [ ] is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought (check all that apply):
   a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief.  c. [ ] punitive
4. Number of causes of action (specify):
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015).
Date: October 31, 2008

Matthew Righetti (121012)
(TYPE OR PRINT NAME)
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:        330 West Broadway
MAILING ADDRESS:       330 West Broadway
CITY AND ZIP CODE:     San Diego, CA 92101
BRANCH NAME:           Central
TELEPHONE NUMBER:  (619) 450-7064

PLAINTIFF(S) / PETITIONER(S):        Jonathan Card

DEFENDANT(S) / RESPONDENT(S):  Circuit City Stores Inc

CARD VS. CIRCUIT CITY STORES INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00095260-CU-OE-CTL |
|---|---|

Judge:  William R. Nevitt, Jr.                              Department:  C-64

COMPLAINT/PETITION FILED: 11/03/2008.

CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)

**NOTICE OF CASE ASSIGNMENT**

Page: 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00095260-CU-OE-CTL    CASE TITLE: Card vs. Circuit City Stores Inc

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR - i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

### ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator; however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.