Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' SUPPLEMENT TO THE NINETEENTH OMNIBUS OBJECTION TO CLAIMS (RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS TO GENERAL UNSECURED, NON-PRIORITY CLAIMS) WITH RESPECT TO THE CLASS CLAIM FILED BY JACK HERNANDEZ**

The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors")[1],

pursuant to sections 105, 502 and 503 of title 11 of the

United States Code (the "Bankruptcy Code"), Rules 2002,

3007, 7056, 9007 and 9014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule

56 of the Federal Rules of Civil Procedure (the "Civil

Rules"), submit this supplement (the "Supplement") to

the Debtors' Nineteenth Omnibus Objection[2] (as defined

herein) (together with the Nineteenth Omnibus Objection,

the "Objection") with respect to the Class Claim (as

defined herein) filed by Jack Hernandez ("Hernandez").

In support of this Supplement, the Debtors respectfully

represent as follows:

---

[1]  The Debtors and the last four digits of their respective taxpayer
     identification numbers are as follows: Circuit City Stores, Inc.
     (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
     Inc. (0875), Ventoux International, Inc. (1838), Circuit City
     Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
     Distribution Company of Virginia, Inc. (2821), Circuit City
     Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
     Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
     Sky Venture Corp. (0311), PRAHS, INC. (n/a), XSStuff, LLC (9263),
     Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
     LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
     for Circuit City Stores West Coast, Inc. is 9250 Sheridan
     Boulevard, Westminster, Colorado 80031.  The address for the
     Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA
     23060.

[2]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to them in the Objection.

2

**PRELIMINARY STATEMENT**

1.   By the Nineteenth Omnibus Objection, the Debtors sought to reclassify the Class Claim from a priority claim to a pre-petition general unsecured, non-priority claim.  Contemporaneously herewith, the Debtors filed a motion for summary judgment in support of that relief.

2.   By this Supplement, the Debtors seek to disallow the Class Claim to the extent that it seeks relief with respect to any unnamed individuals (each an "Unnamed Claimant" and, collectively, the "Unnamed Claimants") and, consequently, if granted, to reduce the Class Claim to a claim solely asserted by Hernandez on his own behalf -- the Hernandez Claim (as defined herein).  As set forth above, however, the Debtors are moving for summary judgment with respect to the Hernandez Claim asserting that it must, as a matter of law, be reclassified to a general, unsecured, pre-petition claim subject to further objections by the Debtors or their successors on any grounds that governing law permits.

**BACKGROUND**

3.     The Debtors hereby incorporate by reference the Background set forth in the Nineteenth Omnibus Objection as if fully set forth herein and provide the Court with the following additional background information.

**A.     The General Bar Date.**

4.     On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing and balloting agent for the Debtors in these chapter 11 cases, pursuant to 28 U.S.C. § 156(c) (D.I. 108).

5.     On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (D.I. 890) (the "Claims Bar Date Order").

6.     Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008

4

against the Debtors by any non-governmental entity was
5:00 p.m. (Pacific) on January 30, 2009 (the "General
Bar Date").

      7.   On December 19, 2008, KCC served a copy
of the Claims Bar Date Notice (as defined in the Claims
Bar Date Order) on, among others, the counsel that
represented Hernandez (the "Class Counsel") in the
pending lawsuit styled as <u>Jack Hernandez et al. v.
Circuit City Stores, Inc.</u> (the "Class Action").  In
addition, the Debtors published the Claims Bar Date
Notice in <u>The Wall Street Journal</u> (D.I. 1395) and <u>The
Richmond Times-Dispatch</u> (D.I. 1394).

**B.    Procedural Background.**

      8.   On January 13, 2009, Class Counsel filed
the Class Claim on behalf of Hernandez and the Unnamed
Claimants, which Unnamed Claimants are alleged "all
those similarly situated" to Hernandez in the amount of
$23,940,292.00, which Class Claim was asserted as being
entitled to priority treatment under 11 U.S.C. §
507(a)(4)(Claim No. 6045, the "Class Claim"). A copy of
the Class Claim is attached as <u>Exhibit A</u>.

9.    On June 22, 2009, the Debtors filed the Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims) (D.I. 3703; the "Nineteenth Omnibus Objection").  By the Nineteenth Omnibus Objection, the Debtors seek to reclassify certain filed claims, including the Class Claim, to a pre-petition general unsecured, non-priority claim.

10.    Hernandez filed a preliminary response to the Nineteenth Omnibus Objection. (D.I. 4027, the "Response").  In the Response, Hernandez contends that reclassification of the Class Claim is improper.  See Response, p. 2 ("To the extent that Plaintiff and the putative class worked for Debtors 180 days prior to the Petition Date and were not paid all wages due and owing, Creditor Hernandez's claim is properly classified as "Priority".").

11.    On August 12, 2009, this Court entered the Order on Debtors' Nineteenth Omnibus Objection (D.I. 4449; the "Order"), under which the Objection was adjourned with respect to the Class Claim.

**C.    The Class Action Complaint.**

12.   The Class Claim is premised on the Class
Action.  A copy of the complaint filed in the Class
Action is attached as <u>Exhibit B</u> (the "Class Action
Complaint").  The Class Action Complaint was filed in
San Diego Superior Court in California on April 17,
2008.  As a result of the Debtors' bankruptcy, the Class
Action was stayed.  As of the Petition Date, no class
had been certified.

13.   In the Class Action Complaint, Hernandez
sought, on behalf of himself and allegedly on behalf of
similarly situated parties, two forms of relief.  First,
Hernandez sought damages for violations of the
California Labor Code and Business and Professions Code.
<u>See</u> Hernandez Complaint, p. 1.  Second, Hernandez sought
injunctive relief against Circuit City on account of the
alleged labor violations.  <u>See</u> Hernandez Complaint, p.
13.

**D.    The Class Claim.**

14.   By the Class Claim, Hernandez asserts
that Circuit City violated California labor laws
entitling Hernandez and the Unnamed Claimants to the

7

payment of overtime wages and waiting time penalties for the period from April 17, 2004 to November 10, 2008. See Claim No. 6045 Exhibit A at 1 ("The dates of April 17, 2008, to November 10, 2008, were used to calculate the workweeks.").

15.   Specifically, the Class Claim is broken into various parts.  First, the Claim seeks $15,439,536.00 for overtime pay by using the following formula: (hourly rate x 1.5) x (overtime per week) x (work weeks) x (number of Circuit City stores) (the "Overtime Damages").  The Overtime Damages are divided between Hernandez's portion, which totals $214,438.00 (the "Hernandez Overtime Claim"), and the Unnamed Claimants' portion, which allegedly totals $15,225,098.00 (the "Unnamed Claimants' Overtime Claim").

16.   Second, the Class Claim includes $4,406,140.80 for waiting time penalties by using the following formula: (hourly rate) x (hours worked per day) x (30 days) x (number of employees employed at Circuit City) (the "Waiting Time Damages").  The Waiting Time Damages are also divided between Hernandez's

8

portion, which allegedly totals $5,767.20 (the

"Hernandez Waiting Time Claim"), and the Unnamed

Claimants' portion, which allegedly totals $4,400,373.60

(the "Unnamed Claimants' Waiting Time Claim").

17.   Thus, Hernandez's Overtime Claim and

Waiting Time Claim aggregates to $220,205.20 (the

"Hernandez Claim") and the Unnamed Claimants' Overtime

Claim and Waiting Time Claims aggregate to

$19,625,471.60 (the "Unnamed Claimants' Claim").

18.   Third, and finally, the Class Claim also

includes $4,094,616.00 on account of attorneys' fees,

presumably for Class Counsel (the "Attorneys' Fee

Claim").

**E.    Hernandez's Employment.**

19.   Hernandez was employed by Circuit City

Stores West Coast, Inc. from January 3, 2007 to October

23, 2007.   <u>See</u> Declaration Deborah E. Miller.

SUPPLEMENTAL RELIEF REQUESTED

20.   Subject to the reservation of rights set

forth herein and in addition to seeking to reclassify

the Class Claim to a general unsecured, non-priority

claim, by the Objection, the Debtors seek to disallow

the portions of the Class Claim seeking payment on
account of the Unnamed Claimants' Claim and the
Attorneys Fee Claim (the "Non-Hernandez Class Claims").

### BASIS FOR RELIEF

21.   Class counsel filed the Class Claim on
behalf of Hernandez and the Unnamed Claimants as a class
proof of claim.  Prior to doing so, however, Hernandez
was not certified as the class representative in the
Class Action.  Indeed, no class has ever been certified.
More importantly, neither Hernandez nor Class Counsel
has ever sought this Court's approval to file a class
proof of claim as required by Bankruptcy Rules 9014 and
7023, and granting any such relief at this time, would
be severely prejudicial to the Debtors.  Consequently,
for this and the further reasons set forth below, the
Non-Hernandez Class Claims should be disallowed in their
entirety.

**APPLICABLE AUTHORITY**

I.    **THE NON-HERNANDEZ CLASS CLAIMS SHOULD BE
      DISALLOWED.**

      A.    **Hernandez Was Required To Seek The Bankruptcy
            Court's Permission To File A Class Proof Of
            Claim.**[3]

            22.   Bankruptcy Rule 7023 provides that Civil

Rule 23 -- the class action rule -- applies in adversary

proceedings.   Fed. R. Bankr. P. 7023 ("Rule 23

F.R.Civ.P. applies in adversary proceedings.").

Bankruptcy Rule 7023 does not, however, apply to the

filing of claims or in contested matters absent leave of

court.   See Fed. R. Bankr. P. 9014 ("The court may at

any stage in a particular matter direct that one or more

of the other rules in Part VII shall apply."); see also

In re American Reserve Corp., 840 F.2d 487, 488 (7th

Cir. 1988) ("the right to file a proof of claim on

behalf of a class seems secure, at least if the

---

[3]   At this time, among other matters, the Debtors have not addressed
whether class certification would be appropriate as it would
necessarily require fact intensive consideration.   See In re
Bally Total Fitness of Greater New York, Inc., 402 B.R. 616, 621
(Bankr. S.D.N.Y. 2009) (noting the Supreme Court's directive to
district courts to conduct a "rigorous analysis" to determine
whether the requirements of Civil Rule 23 have been met).
However, in the event that the Court denies the Objection, the
Debtors reserve their rights to object to the Claim on any
grounds, including (without limitation) that the requirements of
Civil Rule 23 have not been satisfied and the Debtors are not
liable for the Claim.

bankruptcy judge elects to incorporate Rule 23 via Rule
7023 via Rule 9014." (emphasis added)).

      23.   Indeed, as the Bankruptcy Court for the
Eastern District has stated, "although class proofs of
claim may be permitted, they are not a matter of right."
See In re Computer Learning Centers, Inc., 344 B.R. 79,
85-86 (Bankr. E.D. Va. 2006); see also In re American
Reserve Corp., 840 F.2d at 494 (holding Federal Rule of
Civil Procedure 23 governing class actions "may apply
throughout a bankruptcy case at the bankruptcy judge's
discretion").   Therefore, prior to filing a class proof
of claim, a claimant must file a motion for
determination of applicability of Bankruptcy Rule 7023.
See Computer Learning, 344 B.R. at 86 ("The
applicability of Rule 7023 is raised by motion.").
Neither Hernandez nor Class Counsel ever made such a
request.

      24.   Specifically, this Court set the General
Bar Date by order dated December 10, 2008.   D.I. 890.
KCC served Class Counsel, Hernandez, the Debtors
employees and many others with the Claims Bar Date
Notice on December 19, 2008, and the General Bar Date

12

passed over one year ago.[4]  Yet, to date, neither
Hernandez nor Class Counsel has moved for Court approval
to file a class proof of claim.  Consequently, Hernandez
and Class Counsel were simply not eligible to file a
class proof of claim, and the portion of the Class Claim
seeking payment on the Non-Hernandez Class Claim must be
denied.  See Computer Learning, 344 B.R. at 87
("[W]ithout [a court order], Rule 7023 is not applicable
to the proof of claim and a class proof of claim is
improper."); see also White Motor Corp., 886 F.2d at
1470-71 (finding the bankruptcy court did not abuse
discretion in denying a class proof of claim where the
claimant "failed to timely petition the bankruptcy court
to apply the provisions of Rules 9014 and 7023").

25.  Accordingly, the Non-Hernandez Class
Claims should be disallowed in their entirety and the
Class Claim should be reduced to reflect only the
Hernandez Claim, with the Debtors' rights to object to

---

[4]  See Affidavit of Service of Evan Gershbein re: 1) Notice of
Deadline for Filing Proofs of Claim and Proof of Claim Form
[D.I. 966]; and 2) Notice of Commencement of Chapter 11
Bankruptcy Cases, Meeting of Creditors and Fixing of Certain
Dates [D.I. 967], at p. 2090,  (D.I. 1314).

the Hernandez Claim on any additional grounds that

governing law permits reserved.

    **B.**    **Even If Hernandez or Class Counsel Had Filed A Timely Motion Under Bankruptcy Rule 7023, The Dismissal Of Such Motion Would Have Been Proper.**

    26.  Even if Hernandez or Class Counsel had filed a motion seeking authorization to file a class proof of claim in these cases, the proper exercise of this Court's discretion would have dictated that the motion be denied.

    27.  In particular, in this jurisdiction, there are four considerations that are relevant to a court's determination as to whether to allow the filing of a class proof of claim.  These considerations are: (i) whether the request to make Rule 7023 applicable to the filing of a proof of claim is timely; (ii) whether class adjudication is superior to the adjudication of individual claims in bankruptcy; (iii) whether a class proof of claim would unduly complicate or delay the administration of the bankruptcy case; and (iv) whether adjudication of the class proof of claims provides benefits and limits the costs of claims litigation.

Computer Learning, 344 B.R. at 86 (citing American
Reserve, 840 F.2d at 492-94; White Motor Corp., 886 F.2d
at 1463-64).

      28.   In considering these factors, courts have
recognized that certain aspects unique to bankruptcy law
may make application of the class action rules
unnecessary in that context.   Computer Learning, 344
B.R. at 86 (citing American Reserve, 840 F.2d at 492-
94).   These aspects include the bankruptcy court's
control over the debtor and its property, special notice
of the bankruptcy proceedings, and the opportunity to
file individual proofs of claim.   Id. (citations
omitted).

     **1.**      **Any request to file a class proof after
the passing of the General Bar Date would
have been untimely.**

      29.   While Bankruptcy Rule 9014 does not
provide a deadline for filing a Bankruptcy Rule 7023
motion, it "should be filed as soon as practicable and
should be denied if it comes so late as to prejudice any
party."   Computer Learning, 344 B.R. at 89 (emphasizing
that early application of Rule 7023 "furthers the policy

15

of an orderly and expeditious administration of the
bankruptcy estate").

30.   Neither Hernandez nor Class Counsel has
ever filed a motion for an order under Bankruptcy Rule
7023 for authorization to file the Class Claim.
Moreover, even if Hernandez or Class Counsel were to do
so today, the Debtors and their creditors would be
significantly prejudiced by permitting the filing and
prosecution of the Class Claim this late into the
administration of their chapter 11 cases. See Computer
Learning, 344 B.R. at 90 (noting that the trustee was
prejudiced by the delay in filing the Rule 7023 motion
because he could have included the class action
allegations in his analysis and settlement of claims and
payments to creditors would be delayed indefinitely by
the permission of a class proof of claim).

31.   Specifically, this Court approved the
Disclosure Statement on September 24, 2009.  In
formulating the disclosure statement, the Debtors did
not include the Class Claim (or other similar claims
filed by the same and different counsel) for purposes of
determining the range of priority claims that would need

to be paid before general unsecured creditors.  Indeed,
the Debtors were only aware of one class claimant who
sought and obtained permission to file a class proof of
claim.[5]  Thus, if the Court permits Hernandez or the
Class Counsel to proceed on the Class Claim in the
stated amount and as a priority claim, the classes of
claims and projected distributions set forth in the
Disclosure Statement might need to be revised.  Plainly,
that would delay the administration of the case and
ultimate distribution to unsecured creditors, to whom
distributions are made only after priority claims are
paid in full.  See Plan D.I. 5124 ("Provided that the
Face Amount of all Administrative Claims, Priority
Claims and Miscellaneous Secured Claims have been paid
in full . . . each Holder of an Allowed General
Unsecured Claim shall receive its Pro Rata share . .
.").

---

[5]  See D.I. 1683 (Stipulation and Order Granting Motion to Permit
the Filing of a Class Proof of Claim by Christopher A. Jones of
Whiteford, Taylor & Preston, LLP on Behalf of Daniel E. Weidler,
Michael F. Yezback, Eloise Garcia, and Angie Duron).  It is worth
noting that Weidler's motion to file a class proof of claim was a
matter of public record and was available on this Court's docket
as of the date Hernandez filed the Claim.

17

32.   Even assuming, however, that permitting
the filing of a class proof of claim at this stage of
these cases would be timely, as discussed below,
Hernandez could not satisfy the remaining criteria.

**2.   Proceeding with the Class Claim is
inferior to individual claim
adjudication.**

33.   A bankruptcy court's analysis regarding
whether to apply Bankruptcy Rule 7023 and allow the
filing of a class proof of claim generally mirrors the
analysis required in determining whether to certify a
class under Civil Rule 23(b)(3): whether questions of
law or fact common to the members of the class
predominate over any questions affecting only individual
members, and whether a class action is superior to other
available methods for the fair and efficient
adjudication of the controversy.  See Computer Learning,
344 B.R. at 91 (quoting Civil Rule 23(b)(3)).  While the
analysis under Bankruptcy Rule 7023 may be similar in
concept, the bankruptcy court should consider and weigh
the factors differently within the context of a
bankruptcy because the class process may be inferior to
the bankruptcy claims process.  See In re Musicland

Holding Corp., 362 B.R. 644, 651 (Bankr. S.D.N.Y. 2007)

(quoting In re Ephedra Prods. Liab. Litig., 329 B.R. 1,

5 (S.D.N.Y. 2005)) ("[B]ankruptcy significantly changes

the balance of factors to be considered in determining

whether to allow a class action and . . . class

certification may be less desirable in bankruptcy than

in ordinary civil litigation." (internal quotations and

citations omitted)).  As one court aptly noted,

"superiority of the class action vanishes when the

'other available method' is bankruptcy, which

consolidates all claims in one forum and allows

claimants to file proofs of claim without counsel and at

virtually no cost."  See Ephedra, 329 B.R. at 9.

        34.  Indeed, as one court in this District

recognized, Bankruptcy already provides the same, if not

more, procedural advantages than class adjudication.

See Computer Learning, 344 B.R. at 92 (explaining that

"[a] bankruptcy case presents many of the same

mechanisms to process large numbers of claims as a class

action").  Specifically, bankruptcy provides

(i) established mechanisms for notice, (ii) established

mechanisms managing large numbers of claimants,

(iii) proceedings centralized in a single court with nationwide service of process, and (iv) protection against a race to judgment since all of the debtor's assets are under the control of the bankruptcy court. Id.; see also Musicland Holding Corp., 362 B.R. at 650-51, n. 8 (noting that bankruptcy provides more advantages than a class action and emphasizing the ease of participating in distributions from the bankruptcy estate and the fact that claims are "deemed allowed" under section 502(a) in the absence of an objection).

35.   In this case, nearly 15,000 claims were filed against the Debtors.  While the Class Claim and the Class Action Complaint do not provide the number of potential class members, even a few hundred or a thousand more claims would not have been difficult to process.  See, e.g., Computer Learning, 344 B.R. at 94 (finding that the claimant's Rule 7023 motion would still have been denied if it was timely because the trustee could have easily reviewed 100 additional claims in a case where over 2,000 claims were filed).

36.   Moreover, the Debtors provided actual and publication notice to their known and unknown creditors

and afforded them an opportunity to file a proof of claim.  See, supra, at ¶ 24, n. 4.  If any Unnamed Claimant filed a claim for overtime or waiting time damages, such claim would be duplicative of the Non-Hernandez Class Claims.  Consequently, that individual's claim would need to be adjudicated in the context of the claims administration process regardless of whether this Court authorized the filing of the Non-Hernandez Class Claims.

37.  More importantly, perhaps, this Court will need to address the Hernandez Claim and each Unnamed Claimant's Claim individually.  Specifically, Hernandez and each Unnamed Claimant are different and the facts underlying Hernandez's alleged claims and each Unnamed Claimant's alleged claim are different.  Indeed, Hernandez was not employed after October 23, 2007, while other Unnamed Claimants may have been terminated prior to or after that date.  Consequently, this Court will need to address each claimant's claim separately in the bankruptcy claim process.

3.      **Permitting Hernandez or the Class Counsel
to proceed on the Non-Hernandez Class
Claims would unduly complicate and delay
the administration of these cases.**

38.   Another reason for denying Hernandez or

the Class Counsel the right to proceed on the Class

Claim in general and the Non-Hernandez Class Claims in

particular is that doing so would unduly complicate and

delay the administration of these cases.  First, bar

dates are important to the orderly administration of any

bankruptcy proceeding for both the debtors and the

creditors.  See Computer Learning, 344 B.R. at 79

(noting that the bar date is important to the orderly

administration of a case and prevents delays in

distributing funds to creditors); In re Protected

Vehicles, Inc., 397 B.R. 339, 346 (Bankr. D. S.C. 2008)

(noting that a bar date is "necessary to provide

finality in determining the identity of claimants and

the liability faced by the bankruptcy estate").  "The

requirement of a Bar Date in Chapter 11 enables the

debtor . . . to establish the universe of claims with

which it must deal and the amount of those claims."  In

re A.H. Robins Co., 129 B.R. 457, 459 (Bankr. E.D. Va.
1991).

39.   When a class proof of claim is properly
requested and approved by the bankruptcy court,
restricting the class to members who have, individually,
timely filed their own proofs of claim preserves the
orderly administration of a case provided by bar dates.
See In re Protected Vehicles, Inc., 397 B.R. at 347
(finding that opening a class to include all employees
regardless of whether a proof of claim was timely filed
would "render proof of claim deadlines in bankruptcy
cases meaningless"); In re Adam Aircraft Industries,
Inc., 2009 WL 21000929 at *9 (Bankr. D. Colo. 2009)
(denying a class proof of claim and stating that, "In
the case at bar, the employees have already been
afforded one bite at the claims apple, and Scoggin has
not demonstrated a reason why they should receive a
second."); In re Bill Heard Enterprises, Inc. 400 B.R.
795, 805 (Bankr. N.D. Ala. 2009) (stating that "[t]he
Court further finds that the class is due to be
restricted to those employees that file proofs of claim
prior to the bar date...").

40.   Here, however, the Debtors do not know whether any or all of the Unnamed Claimants filed proofs of claim before the General Bar Date.  To the extent that they did not, but are now permitted to obtain a recovery through the Class Claim, the result would reduce the recovery, and therefore prejudice, the unsecured creditors that timely filed proofs of claim. This is especially true because the Class Claim is filed as a priority claim and, thus, would receive  payment in full.  Cf. In re Bally Total Fitness of Greater New York, Inc., 402 B.R. 616, 622 (Bankr. S.D.N.Y. 2009) (denying class proof of claim because, in part, "the de facto expansion of the [b]ar [d]ate for notified class members who failed to file individual claims in a timely manner will violate due process and prejudice the rights of timely filers").

41.   Moreover, the claims administration process will be burdened with additional time consuming claim reconciliations on an individual basis for Hernandez and the Unnamed Claimants.  Specifically, to the extent that the Unnamed Claimants were employed as of the Petition Date and received post-petition payments

on account of pre-petition priority claims, the claim
administration process would be further complicated by
calculating the amount each Unnamed Claimant would be
entitled to as a priority claim under the Class Claim.
This Court would need to reduce each Unnamed Claimant's
portion of the Class Claim by the amount such Claimant
has already received.  Similarly, if an Unnamed Claimant
filed a priority claim for amounts other than the
damages sought in the Class Claim, this Court would also
need to take such priority claim into consideration in
reconciling the Class Claim.  Undoubtedly, this process
would be burdensome and time consuming.

      42.   Consequently, allowing a class proof of
claim would unduly complicate and delay the
administration of the Debtors cases.

     **4.**      **The costs of litigating the Class Claim
outweigh the benefits.**

      43.   While class action lawsuits are often
lauded for their ability to permit many people with
small claims to seek redress where cost might otherwise
be prohibitive as compared to the potential recovery,
such concerns are not persuasive when bankruptcy is the

alternative method of adjudication.  *Ephedra*, 329 B.R.
at 9 ("superiority of the class action vanishes when the
'other available method' is bankruptcy . . ."). This is
true because the bankruptcy "consolidates all claims in
one forum and allows claimants to file proofs of claim
without counsel and at virtually no cost." *Id.*

44.  In evaluating the costs and benefits
associated with allowing a class proof of claim,
bankruptcy courts have significant discretion. *See*
*Ephedra*, 329 B.R. at 10 (stating that "[t]he Court has
discretion under Rule 9014 to find that the likely total
benefit to the class members would not justify the cost
to the estate of defending a class action under Rule
23."). Indeed, if resolving the class claim has the
potential to interfere with distributions to creditors,
that fact "itself presents sufficient grounds to expunge
the class claims." *Id.* at 5.

45.  Here, to resolve the Class Action the
parties would need to engage in at least three stages of
discovery -- first with respect to class certification,
second with respect to the underlying liability, and
third with respect to damages. In addition, the parties

would be compelled to address various procedural issues
that are not common to traditional bankruptcy claim
administration.  In particular, the Debtors would be
required to provide one or more additional notices to
the members of any class certified.  As a result, the
Debtors limited assets would be depleted to the
detriment of the Debtors' other creditors.  See Bally
Total Fitness, 402 B.R. at 621 (finding that class
certification adds layers of procedural and factual
complexity to a case, which can "siphon the Debtors'
resources").

46.   Furthermore, although one benefit of a
class action may be deterring future conduct by the
defendant, no such possible benefit is present in this
case because the Debtors are no longer operating and are
instead liquidating.  See Ephedra, 329 B.R. at 9 ("Under
the Bankruptcy Code, general deterrence is not promoted
at the expense of creditors. Whatever weight deterrence
may have in a true reorganization, it has none in a
liquidating plan like the one here.").

47.   Accordingly, for the reasons stated
above, the Non-Hernandez Class Claims should be

disallowed and only the Hernandez Claim should remain,
subject to the Debtors right to object to such claim on
any grounds governing law permits.

### RESERVATION OF RIGHTS

48.   At this time, the Debtors have not
completed their review of the validity of all
claims/expenses filed against their estates, including
the Class Claim.  The Debtors reserve the right to
further object to any and all claims, whether or not the
subject of the Objection, for allowance, voting, and/or
distribution purposes, and on any grounds that
bankruptcy or non-bankruptcy law permits.  Furthermore,
the Debtors reserve the right to modify, supplement
and/or amend the Objection as it pertains to the Class
Claim herein or to Hernandez and file additional
objections to the Class Claim and the Hernandez Claim,
and nothing herein shall prejudice such rights.

### NOTICE

49.   Notice of this Objection has been
provided to Hernandez and to those parties entitled to
notice under the Supplemental Order Pursuant to
Bankruptcy Code Sections 102 and 105, Bankruptcy Rules

2002 and 9007, and Local Bankruptcy Rules 2002-1 and

9013-1 Establishing Certain Notice, Case Management and

Administrative Procedures (D.I. 6208; the "Case

Management Order").

### WAIVER OF MEMORANDUM OF LAW

50.    Pursuant to Local Bankruptcy Rule 9013-

1(G), and because there are no novel issues of law

presented in the Objection, the Debtors request that the

requirement that all motions be accompanied by a written

memorandum of law be waived.

### NO PRIOR RELIEF

51.    No previous request for the relief sought

herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors request the Court to enter the Order sustaining the Objection and granting such other and further relief as the Court deems just and proper.

Dated: Richmond, Virginia
       February 26, 2010

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

            - and -

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606-7120
(312) 407-0700

            - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

Gregg M. Galardi, Esq.            Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.           Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                         One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                          :    Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :    Case No. 08-35653 (KRH)
et al.,                         :
                                :
            Debtors.            :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER PARTIALLY SUSTAINING THE DEBTORS NINETEENTH
OMNIBUS OBJECTION TO CLAIMS (RECLASSIFICATION OF CERTAIN
MISCLASSIFIED CLAIMS TO GENERAL UNSECURED, NON-PRIORITY
CLAIMS), AS SUPPLEMENTED, WITH RESPECT TO THE CLASS
CLAIM FILED BY JACK HERNANDEZ**

Upon consideration of the supplement to the

Nineteenth Objection to Claims (Reclassification of

Certain Misclassified Claims to General Unsecured, Non-

Priority Claims) with respect to the Claim of Jack

Hernandez (the "Supplement"), attached as <u>Exhibit B</u> to

the Supplement; and the Court having determined that the

relief requested in the Supplement is in the best

interests of the Debtors, their estates, their

creditors, and other parties in interest; and it

appearing that proper and adequate notice of the

Objection and the Supplement has been given and that no

other or further notice is necessary; and upon the

record herein; and after due deliberation thereon; and

good and sufficient cause appearing therefor, it is

hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Objection is SUSTAINED to the extent

requested in the Supplement.

2.    Claim number 6045 (the "Claim") is hereby

modified from a class proof of claim to an individual

proof of claim and reduced to $220,205.20.

3.    The Debtors right to object to any claim,

including (without limitation) the Claim, on any grounds

that governing law permits are not waived and are

expressly reserved.

4.    To the extent that this Order conflicts with the Order on Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims) (D.I. 3703), this Order shall control.

5.    The Debtors shall serve a copy of this Order on Jack Hernandez on or before five (5) business days from the entry of this Order.

6.    This Court shall retain jurisdiction with respect to all matters arising from or related to this Order.

Dated: Richmond, Virginia
          _____, 2010

          _____
          UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and -

_/s/ Douglas M. Foley_____ _____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

      Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                /s/ Douglas M. Foley_____
                Douglas M. Foley

## EXHIBIT A

**(The Claim)**

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | Eastern District of Virginia | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>Circuit City Stores West Coast, Inc. | Case Number:<br>08-35654 (KRH) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Jack Hernandez and all those similarly situated | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br>C/o Righetti Law Firm, P.C., Matthew Righetti<br>456 Montgomery Street, Suite 1400<br>San Francisco, CA 94104<br>Telephone number:<br>(415) 983-0900 | Court Claim Number:  N/A<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br>See above.<br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| 1. Amount of Claim as of Date Case Filed:  $_____23,940,292.00 | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
|---|---|

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

**2. Basis for Claim:**  See Exhibit A attached.
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

    **3a. Debtor may have scheduled account as:** _____
    (See instruction #3a on reverse side.)

☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
**Describe:**

**Value of Property:$**_____ **Annual Interest Rate___%**

**Amount of arrearage and other charges as of time case filed included in secured claim,**

if any: $_____  **Basis for perfection:** _____

**Amount of Secured Claim: $**_____  **Amount Unsecured: $**_____

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>01/12/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY<br>RECEIVED<br>JAN 13 2009<br>KURTZMAN CARSON CONSULTANTS |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*


☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return


0835654090113000000000003

# R I G H E T T I   L A W   F I R M ,   P . C .

456 MONTGOMERY STREET, SUITE 1400 • SAN FRANCISCO, CA 94104
PHONE: 415.983.0900 • TOLL FREE 800.447.5549
FAX: 415.397.9005 • www.righettilaw.com

---

## ENCLOSURE FOR YOUR INFORMATION

**January 12, 2009**

**To:**    **Clerk of the Court**

---

*Re:*    08-35653 In re: Circuit City Stores, Inc.

---

**Enclosed please find the original plus 2 copies of**

- PROOF OF CLAIM WITH EXHIBIT A

**Please file today and return one copy of the conformed documents to Righetti Law Firm in the self-addressed stamped envelope provided.**

**Please let me know if you have any problems with this filing, and thank you.**

**Sincerely,**
**Sarah Minkus**
(415) 983-0900

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
-------------------------------------------------------x
In re:                                          :
                                                :        Chapter 11
CIRCUIT CITY STORES, INC., et al.               :        Case No. 08-35654
                                                :
                 Debtors                        :        Jointly Administered with
                                                :        Case No. 08-35653
-------------------------------------------------------x
```

### EXHIBIT A TO PROOF OF CLAIM

The Hernandez v. Circuit City, Inc. was filed on April 17, 2008, in the San Diego Superior Court, Case No. 37-2008-00082173-CU-OE-CTL. The case covers all California-based salaried store managers 1) who worked at any time during the four years preceding the filing of the Complaint up until the date of class certification at any of the stores in the State of California owned, operated and/or acquired by Defendants. Mr. Hernandez held the position of Sales Manager. In April 2008, Hernandez filed this class action suit against Circuit City. He alleged that Defendant had wrongfully classified all Sales Managers as employees that were exempt from overtime compensation, and had illegally failed to pay overtime and to provide meal periods and rest breaks to them. The dates of April 17, 2004, to November 10, 2008, were used to calculate the workweeks. Mr. Hernandez's ending salary was $50,000 and he worked 12-15 hour days, 6-7 days a week.

To calculate the value of the Hernandez v. Circuit City action the following formula was used:

Hourly rate $24.03
x 1.5 (time and a half)
= $36.04
x Overtime hours of 25 hours per week
= $901.00
x work weeks (238)
=$214,438.00
x the number of Circuit City, Inc. Stores (72 Stores)
=$15,439,536.00

1
EXHIBIT A TO PROOF OF CLAIM

To calculate the waiting time penalties for the Card action the following formula was used:

Hourly rate ($24.03)
x Hours per day  (8)
x 30 Days
= $5,767.20
x # of employees employed at Circuit City, Inc. Stores (764)
=$4,406,140.80


Attorneys Fees
20% of Overtime and Waiting Time Totals
=$4,077,956.00

Attorney's Fees (Ellen Lake) Law Office Of Ellen Lake
= $16,660 [23.8 hrs]

**Totals of Overtime, Waiting Time Penalties and Attorneys fees: $23,940,292.00**

EXHIBIT A TO PROOF OF CLAIM

## EXHIBIT B

**(The Hernandez Complaint)**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
CIRCUIT CITY STORES, INC , a Virginia
Corporation authorized to do business in the
State of California, and Does 1 to 100,
Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTA DEMANDANDO EL DEMANDANTE):**
JACK HERNANDEZ, an individual, on behalf
of himself, and on behalf of all persons
similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

2008 APR 17 PM 4:38

SUPERIOR COURT
SAN DIEGO COUNTY, CA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff  A letter or phone call will not protect you  Your written response must be in proper legal form If you want the court to hear your case. There may be a court form that you can use for your response  You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca gov/selfhelp), your county law library, or the courthouse nearest you  If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program  You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia org), the California Courts Online Self-Help Center (www.courtinfo ca gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte  Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo ca gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales  Es recomendable que llame a un abogado inmediatamente  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: <br> (El nombre y dirección de la corte es). <br> Superior Court of California <br> Hall of Justice/Central District <br> 330 West Broadway        San Diego, CA 92101 | **CASE NUMBER:** <br> (Número del Caso) 37-2008-00082173-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
James Treglio                    Clark & Markham LLP
600 B Street, Suite 2130         San Diego, CA 92101
(619) 239-1321

DATE: April 17, 2008     APR 17 2008     Clerk, by _____ **C. SCHAEFFER**, Deputy
(Fecha)                           (Secretario)                              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010))

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1 ☐ as an individual defendant
2 ☐ as the person sued under the fictitious name of (specify):

3 ☒ on behalf of (specify):  Circuit City Stores, Inc.
   under: ☒ CCP 416 10 (corporation)        ☐ CCP 416 60 (minor)
          ☐ CCP 416 20 (defunct corporation)  ☐ CCP 416 70 (conservatee)
          ☐ CCP 416 40 (association or partnership)  ☐ CCP 416 90 (authorized person)
          ☐ other (specify):
4 ☐ by personal delivery on (date): 5/13/08

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| James Treglio                                       228077<br>Clark & Markham LLP<br>600 B Street, Suite 2130<br>San Diego, CA 92101<br>TELEPHONE NO: (619) 239-1321   FAX NO: (619) 239-5888<br>ATTORNEY FOR (Name): Plaintiffs | 2008 APR 17  PH 4: 38<br>SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice/Central District

CASE NAME: Hernandez v. Circuit City Stores Inc.

| CIVIL CASE COVER SHEET<br>[X] Unlimited    [ ] Limited<br>(Amount           (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>37-2008-00082173-CU-OE-CTL |
|---|---|---|
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1** Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

**2** This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a [ ] Large number of separately represented parties
b [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [X] Substantial amount of documentary evidence
d [ ] Large number of witnesses
e [X] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [X] Substantial postjudgment judicial supervision

**3** Remedies sought (check all that apply): a [X] monetary b. [X] nonmonetary; declaratory or injunctive relief  c [ ] punitive
**4** Number of causes of action (specify): 3: Failure to Pay Overtime, Failure to Provide Breaks, UCL
**5** This case [X] is   [ ] is not   a class action suit.
**6** If there are any known related cases, file and serve a notice of related case (You may use form CM-015.)

Date: April 17, 2008

James M. Treglio
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code) (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you  must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the  primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2 30 and 3 220 of the California Rules of Court

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading  A rule 3 740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3 740

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice-
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e g  slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination
false arrest)  *(not civil
harassment)*  (08)
Defamation (e.g  slander  libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract  *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach-Seller
Plaintiff  *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed  open
book accounts) (09)
Collection Case-Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage  *(not provisionally
complex)*  (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38)  *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ-Administrative Mandamus
Writ-Mandamus on Limited Court
Case Matter
Writ-Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal-Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3 400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only (non-
harassment)
Mechanics Lien
Other Commercial Complaint
Case  *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

Judicial Council's
ESSENTIAL FORMS™



1  David R. Markham (SBN 071814)
2  R. Craig Clark (SBN 129219)
   James M. Treglio (SBN 228077)
3  **CLARK & MARKHAM, LLP**
   600 B Street, Suite 2130
4  San Diego, CA 92101
   Telephone:(619) 239-1321
5  Facsimile: (619) 239-5888

6
   Matthew Righetti (SBN 121012)
7  **RIGHETTI LAW FIRM, P.C.**
   456 Montgomery Street, Ste. 1400
8  San Francisco, CA 94104
   Telephone: (415) 983-0900
9  Facsimile: (415) 397-9005

10
   Walter Haines (SBN 71075)
11 **UNITED EMPLOYEES LAW GROUP**
   646 Pine Ave, #312
12 Long Beach, CA 90802
   Telephone:(877) 696-8378
13 Facsimile: (562) 256-1006

14
   Attorneys for the Plaintiff
15
16             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
17                **IN AND FOR THE COUNTY OF SAN DIEGO**

18                                      CASE NO. _____ 37-2008-00082173-CU-OE-CTL
19 JACK HERNANDEZ, an individual, on
   behalf of himself, and on behalf of all persons   **CLASS ACTION**
20 similarly situated,
                                                      **COMPLAINT FOR DAMAGES AND**
21             Plaintiffs,                            **INJUNCTIVE RELIEF:**
                                                      **(1) FAILURE TO PAY OVERTIME**
22 vs.                                                **COMPENSATION IN VIOLATION OF**
                                                      **CAL. LAB. CODE §§ 510, 1194 AND**
23 CIRCUIT CITY STORES, INC., a Virginia             **1198;**
   Corporation authorized to do business in the      **(2) FAILURE TO PROVIDE MEAL AND**
24 State of California, and Does 1 to 100,            **REST PERIODS IN VIOLATION OF**
25 Inclusive.                                         **CAL. LAB. CODE §§ 226.7 AND 512; and,**
                                                      **(3) UNFAIR COMPETITION IN**
26             Defendants.                            **VIOLATION OF CAL. BUS. & PROF.**
                                                      **CODE § 17200** *et seq.*
27
28                                                    **DEMAND FOR A JURY TRIAL**

CLERK SUPERIOR COURT CENTRAL DIVISION

2008 APR 17  PM 4: 38

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1   Comes now the Plaintiff JACK HERNANDEZ, on behalf of themselves and all persons similarly

2 situated, allege as follows:

3   This class action is brought on behalf of present and former "Sales Managers" employed in

4 California by defendant CIRCUIT CITY STORES, INC. (hereinafter "CIRCUIT CITY"). All

5 allegations in this Complaint are based upon information and belief except for those allegations which

6 pertain to the Plaintiff named herein, JACK HERNANDEZ (hereinafter "PLAINTIFF"), and his counsel.

7 Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support

8 after a reasonable opportunity for further investigation and discovery.

9

10           **JURISDICTION AND VENUE**

11   1. This Court has jurisdiction over this action pursuant to Cal. Civ. Proc. Code § 410.10. The action

12 is brought pursuant to Cal. Civ. Proc. Code § 382. This class action is brought pursuant to §382 of the

13 California Code of Civil Procedure. The claims of individual class members, including plaintiff, are under

14 the $75,000 jurisdictional threshold for federal court. For example, a class member who was or has been

15 employed for a relatively brief period could never reasonably be expected to receive a recovery of $75,000

16 or more. Further there is no federal question at issue, as exempt status questions and remedies relating

17 thereto are based solely on California law and statutes, including the Labor Code, Civil Code, Code of Civil

18 Procedure, and Business and Professions Code. PLAINTIFF brings this action on behalf of himself, and all

19 persons similarly situated.

20   2. Venue is proper in this Court pursuant to Cal. Civ. Proc. Code §§ 395 and 395.5 because the

21 injuries to the persons complained of herein occurred in part in the County of San Diego and/or because

22 Circuit City conducts business in the County of San Diego.

23

24           **CLASS DEFINITION**

25   3. The CLASS consists of all California residents who are current and former employees of

26 CIRCUIT CITY who held any position as "Sales Managers," and who worked more the than eight (8)

27 hours in any given day and/or more than forty (40) hours in any given week during the period

28 commencing on the date that is within four years prior to the filing of this complaint and through the

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF        2

1   present date (the "Class Period"), and who were not paid overtime compensation pursuant to the

2   applicable Cal. Lab. Code and Industrial Welfare Commission Wage Order Requirements (the

3   "CLASS"). To the extent equitable tolling operates to toll claims by the CLASS against Defendants, the

4   Class period should be adjusted accordingly. The CLASS includes all such persons, whether or not they

5   were paid by commission, by salary, or by part commission and part salary.

6       4. The CLASS also consists of all California residents who are current and former employees of

7   CIRCUIT CITY who held any position as a "Sales Manager" and who were not provided with meal and

8   rest periods as required by the applicable Labor Code and IWC Wage Order Requirements in any given

9   week that is within three years prior to the filing of this Complaint and through the present date (the

10  "Meal and Rest Class Period Class Members").

11

12  **CLASS ALLEGATIONS**

13      5. PLAINTIFF JACK HERNANDEZ ("PLAINTIFF") alleges that at all material times

14  mentioned herein, he is and was:

15      (a)  An  individual who resides in the County of San Diego, California;

16      (b) Employed as an "Sales Manager" for defendant CIRCUIT CITY in the County of San

17      Diego from January 2, 2006 to October 29, 2006;

18      (c)  Who worked more than eight (8) hours in any given day and more than forty (40)

19      hours in any given week;

20      (d) Did not receive overtime compensation, meal periods, or rest periods; and,

21      (e)  Was a member of the CLASS as defined in paragraphs 3 and 4 of this Complaint.

22      6. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as

23  set forth in California Code of Civil Procedure § 382, in that:

24      (a) The persons who comprise the CLASS are so numerous that the joinder of all such

25      persons is impracticable and the disposition of their claims as a class will benefit the

26      parties and the Court;

27      (b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are

28      raised in this Complaint are common to the CLASS and will apply uniformly to every

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**                                    3

1    member of the CLASS;

2        (c) The claims of the representative PLAINTIFF are typical of the claims of each member

3    of the CLASS. PLAINTIFF, like all other members of the CLASS, has sustained damages

4    arising from Defendants' violations of the laws of California. PLAINTIFF and the

5    members of the CLASS were and are similarly or identically harmed by the same

6    unlawful, deceptive, unfair, systematic and pervasive pattern of misconduct engaged in by

7    the Defendants';

8        (d) The representative PLAINTIFF will fairly and adequately represent and protect the

9    interest of the CLASS, and has retained counsel who are competent and experienced in

10    Class Action litigation. There are no material conflicts between the claims of the

11    representative PLAINTIFF and the members of the CLASS that would make class

12    certification inappropriate. Counsel for the CLASS will vigorously assert the claims of all

13    Class Members.

14        7. In addition to meeting the statutory prerequisites to a Class Action, this action is properly

15    maintained as a Class Action pursuant to Cal. Code of Civil Procedure § 382, in that:

16        (a) Without Class certification and determination of declaratory, injunctive, statutory and

17    other legal questions within the class format, prosecution of separate actions by individual

18    members of the CLASS will create the risk of:

19            1) Inconsistent or Varying adjudications with respect to individual members of the

20            CLASS which would establish incompatible standards of conduct for the parties.

21            opposing the CLASS; or,

22            2) Adjudication with respect to individual members of the CLASS which would as

23            a practical matter be dispositive of interests of the other members not party to the

24            adjudication or substantially impair or impede their ability to protect their

25            interests.

26        (b) The parties opposing the CLASS have acted or refuse to act on grounds generally

27    applicable to the CLASS, thereby making appropriate final injunctive relief or

28    corresponding declaratory relief with respect to the CLASS as a whole; or

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                          4

(c) Common questions of law and fact exist as to the members of the CLASS and predominate over any question affection only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of

    1) The interests of the members of the CLASS in individually controlling the prosecution or defense of separate actions;

    2) The extent and nature of any litigation concerning the controversy already commenced by or against members of the CLASS;

    3) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

    4) The difficulties likely to be encountered in the management of a Class Action.

8. This Court should permit this action to be maintained as a Class Action pursuant to California Code of Civil Procedure § 382 because:

(a) The questions of law and fact common to the CLASS predominate over any question affecting only individual members;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CLASS;

(c) The members of the CLASS are so numerous that it is impractical to bring all members of the CLASS before the Court;

(d) PLAINTIFF, and the other CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which CIRCUIT CITY's actions have inflicted upon the CLASS;

(f) There is a community of interest in ensuring that the combined assets and available insurance of CIRCUIT CITY is sufficient to adequately compensate the members of the CLASS for the injuries sustained;

---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1    (h) CIRCUIT CITY has acted or refused to act on grounds generally applicable to the

2    CLASS, thereby making final injunctive relief appropriate with respect tot he CLASS as a

3    whole.

4    **DEFENDANTS**

5    9. PLAINTIFF is informed and believes, and based upon that information and belief alleges that

6    Defendant CIRCUIT CITY, at all times during the Class Period was:

7    (a) An electronics retail company organized under the law of the Commonwealth of

8    Virginia, has its principle place of business in the Commonwealth of Virginia, conducts

9    business in California, and has its Southern California regional headquarters in the County

10    of Los Angeles;

11    (b) The former employer of PLAINTIFF and the current and/or former employer of the

12    putative CLASS members; and

13    (c) Failed to pay overtime compensation, and failed to provide meal and rest periods, to all

14    members of the CLASS.

15    10. The true names and capacities, whether individual, corporate, subsidiary, partnership,

16    associate or otherwise of defendant Does 1 through 100, inclusive, are unknown to the PLAINTIFF who

17    therefore sues these defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. The

18    PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1

19    through 100, inclusive, when they are ascertained.

20    11. PLAINTIFF is informed and believes, and based upon that information and belief alleges that

21    the Defendants named in this Complaint, including Does 1 through 100, inclusive, are responsible in

22    some manner for one or more of the events and happenings that proximately caused the injuries and

23    damages hereinafter alleged.

24    12. PLAINTIFF is informed and believes, and based upon that information and belief alleges,

25    that the defendants named in this Complaint, including Does 1 through 100, inclusive, are, and at all

26    times mentioned herein were, the agents, servants, and/or employees of each of the other defendants and

27    that each defendant was acting within the course of scope of his, hers or its authority as the agent, servant

28    and/or employee of each of the other defendants. Consequently, all the defendants are jointly and

1  severally liable to the PLAINTIFF and the other members of the CLASS, for the damages sustained as a

2  proximate result of their conduct.

### THE CONDUCT

4  13. PLAINTIFF JACK HERNANDEZ was hired by CIRCUIT CITY on or about November 14,

5  2002. He was employed by CIRCUIT CITY as a Sales Manager from January 2, 2006 until he ceased

6  working for CIRCUIT CITY on or about October 29, 2006. Mr. HERNANDEZ frequently worked six or

7  more days per week, and would, on average, work around fifty-five hours per week. Generally, "Sales

8  Managers" working for CIRCUIT CITY are required to work fifty or more hours per week.

9  14. Defendant CIRCUIT CITY improperly classified PLAINTIFF, and other members of the

10 CLASS, as "exempt". Consequently PLAINTIFF, and the other members of the CLASS, were not paid

11 overtime wages for hours worked in excess of eight hours per day and/or forty hours per week.

12 Industrial Welfare Commission Wage Order No. 4 sets forth the requirements which must be satisfied in

13 order for an employee to be exempt. Although classified as exempt, the duties of PLAINTIFF, and other

14 members of The CLASS, do not meet the requirements set forth in the Industrial Welfare Commission

15 Wage Order No. 4.

16 15. Throughout the Class Period, CIRCUIT CITY systematically misclassified PLAINTIFF and

17 every other Sales Manager who is a member of the CLASS as "exempt" when in fact they were not.

18 16. Accordingly, and despite the fact that PLAINTIFF, and the other members of CLASS,

19 regularly worked in excess of 8 hours a day and 40 hours per week, they did not receive overtime

20 compensation.

21 17. In addition, PLAINTIFF and other members of the CLASS, did not receive meal and rest

22 periods, although they were entitled to them.

23 18. As part of their employment, PLAINTIFF, and other members of the CLASS were required

24 to sign a binding arbitration agreement prohibiting class action claims. However, that agreement has

25 been held by the California Supreme Court, in Gentry v. Circuit City (2007) 42 Cal. 4th 443, to be

26 substantively and procedurally unconscionable, and is null and void as a matter of law.

27

28

### FIRST CAUSE OF ACTION

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                          7

**FOR FAILURE TO PAY OVERTIME COMPENSATION**
[Cal. Lab. Code §§510, 1194 and 1198]
(By the CLASS and against all Defendants)

19. PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein, paragraphs 1 through 17 of this Complaint.

20. Cal. Lab. Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

21. Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid overtime compensation, interest thereon, together with the costs of suit, and attorneys fees. Cal. Lab. Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

22. CIRCUIT CITY has intentionally and improperly designated certain employees, including PLAINTIFF, and other members of the CLASS, as "exempt" "Sales Managers" to avoid payment of overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

23. In particular, the Industrial Welfare Commission Wage Order No. 4 sets forth the requirements which must be complied with to place an employee in an exempt category. For an employee to be exempt as a bona fide "executive," all the following criteria must be met:

(a) The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision;

(b) The employee must customarily and regularly direct the work of at least two (2) or more other employees; and,

(c) The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

(d) The employee must customarily and regularly exercise discretion and independent judgment; and,

(e) The employee be primarily engaged in duties which meet the test of exemption.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                    8

1 24. The Industrial Welfare Commission Wage Order No. 4 also sets forth the requirements which

2 must be complied with tho place an employee in the "administrative" exempt category. For an employee

3 to be exempt as a bona fide administrator, all of the following criteria mus be met:

4  (a) The employee must perform office or non-manual work directly related to

5  management policies or general business operation of the employer;

6  (b) The employee must customarily and regularly exercise discretion and independent

7  judgment; and

8  (c) The employee must regularly and directly assist a proprietor or an exempt

9  administrator; or,

10  (d) The employee must perform, under only general supervision, work requiring special

11  training, experience, or knowledge, or,

12  (e) The employee must execute special assignments and tasks under only general

13  supervision; and,

14  (f) The employee must be primarily engaged in duties which meet the test of exemption.

15 25. The Industrial Welfare Commission, ICW Wage Order No. 4 also sets forth the requirements

16 which must be complied with to place an employee in the "professional" exempt category. For an

17 employee to be exempt as a bona fide professional, all the following criteria must be met:

18  (a) The employee must primarily perform work which is intellectual or creative and that

19  requires the exercise of discretion and independent judgment;

20  (b) The employee must be licensed or certified by the State of California and is primarily

21  engaged in the practice of one of the following recognized professions: law, medicine,

22  dentistry, optometry, architecture, engineering, teaching, or accounting.

23 26. The job duties of PLAINTIFF, and other members of the CLASS, do not fit the definition of

24 either an exempt executive, administrative, or professional employee because:

25  (a) Less than fifty percent (50%) of their work hours are spent on managerial or

26  administrative (exempt) duties;

27  (b) More than fifty percent (50%) of their work hours are spent performing non exempt

28  duties, including but not limited to answering telephones, providing customer service,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF       9

1    sales, training, and following strict and exacting procedures;

2    (c) They do not have the discretion or independent judgment, in that they must follow

3    exacting and comprehensive company-wide policies and procedures which dictate every

4    aspect of their work day;

5    (d) They do not have the authority to hire/or fire other personnel; and,

6    (e) None of the exemptions articulated in Wage Order No. 4, subparagraph (h), apply to

7    the PLAINTIFF, or to the other members of the CLASS.

8    27. At all times relevant hereto, from time to time, the PLAINTIFF, and the other members of the

9    CLASS, worked more that eight hours in a workday, and/or more than forty hours in a work week.

10    28. At all times relevant hereto, Defendant CIRCUIT CITY failed to pay PLAINTIFF, and the

11    other members of The CLASS, overtime compensation for the hours they have worked in excess of the

12    maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198. In fact, however,

13    PLAINTIFF, and the other members of The CLASS, and were regularly required to work overtime hours.

14    29. By virtue of CIRCUIT CITY's unlawful failure to pay addition compensation to the

15    PLAINTIFF, and the other members of the CLASS, for their overtime hours, the PLAINTIFF, and the

16    other members of the CLASS, have suffered, and will continue to suffer, injury and damages in amounts

17    which are presently unknown to them but which exceed the jurisdictional limits of this Court and which

18    will be ascertained according to proof at trial.

19    30. PLAINTIFF, and the other members of the CLASS, are informed and believe, and based

20    upon that information and belief allege, that CIRCUIT CITY knew or should have known that

21    PLAINTIFF, and the other members of the CLASS, did not qualify as exempt employees and purposely

22    elected not to pay them for their overtime labor.

23    31. CIRCUIT CITY acted and is acting intentionally, oppressively, and maliciously toward the

24    PLAINTIFF, and toward the other members of the CLASS, with a conscious disregard of their rights, or

25    the consequences to them, with the intent of depriving them of property and legal rights and otherwise

26    causing them injury.

27    32. PLAINTIFF, and the other members of The CLASS, request recovery of overtime

28    compensation according to proof, interest, attorney's fees and cost pursuant to Cal. Lab. Code §§ 218.5

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                    10

1   and 1194(a), as well as the assessment of any statutory penalties against CIRCUIT CITY, in a sum as

2   provided by the Cal. Lab. Code and/or other statutes.

3        33. Further, PLAINTIFF, and the other members of The CLASS, are entitled to seek and recover

4   reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5 and 1194.

5

6                             **SECOND CAUSE OF ACTION**
                 **FOR FAILURE TO PROVIDE MEAL PERIODS AND REST PERIODS**
7                             [Cal. Lab. Code §§ 226.7 and 512]
                           **(By The CLASS and Against All Defendants)**
8
         34. PLAINTIFF realleges and incorporates by reference, as though fully set forth herein,
9
     paragraphs 1 through 33 of this Complaint.
10
         35. Cal. Lab. Code §§ 226.7 and 512 provide that no employer shall employ any person for a
11
     work period of more than five (5) hours without a meal period of not less than 30 minutes.
12
         36. Cal. Lab. Code § 226.7 provides that if an employer fails to provide an employee a meal
13
     period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the
14
     employee's regular rate of compensation for each five (5) hours of work that the meal period is not
15
     provided.
16
         37. CIRCUIT CITY has intentionally and improperly denied meal periods to PLAINTIFF, and
17
     other members of The CLASS, in violation of Cal. Lab. Code §§ 226.7 and 512.
18
         38. At all times relevant hereto, PLAINTIFF, and other members of The CLASS, have worked
19
     more than five hours in a workday. At all relevant times hereto, CIRCUIT CITY has failed to provide
20
     meal periods as required by Cal. Lab. Code §§ 226.7 and 512.
21
         39. Cal. Lab. Code § 226.7 provides that employers shall authorize and permit employees to take
22
     rest periods at the rate of ten (10) minutes net rest time per four (4) hours of work.
23
         40. Cal. Lab. Code § 226.7 provides that if an employer fails to provide and employee rest
24
     periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the
25
     employee's regular rate of compensation for each workday that the rest period is not provided.
26
         41. CIRCUIT CITY has intentionally and improperly denied rest periods to PLAINTIFF, and
27
     other members of the CLASS, in violation of Cal. Lab. Code §§ 226.7 and 512.
28

---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**                                        11

1     42. At all times relevant hereto, the PLAINTIFF, and other members of the CLASS, worked

2 more than four hours in a workday. At all times relevant hereto, CIRCUIT CITY failed to provide rest

3 periods as required by Cal. Lab. Code §§ 226.7 and 512.

4     43. By virtue of CIRCUIT CITY's unlawful failure to provide rest periods to them, PLAINTIFF,

5 and other members of the CLASS, have suffered, and will continue to suffer, damages in the amounts

6 which are presently unknown to them, but which exceed the jurisdictional limits of this Court and which

7 will be ascertained according to proof at trial.

8     44. PLAINTIFF, and the other members of the CLASS, are informed and believe, and based

9 upon that information and belief allege, that CIRCUIT CITY knows or should have known that the

10 PLAINTIFF, and the other members of the CLASS, were entitled to meal periods and rest periods but

11 purposely elected not to provide these mandated periods.

12     45. PLAINTIFF, and the other members of the CLASS, are entitled to seek and recover

13 reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 226.7 and 512.

14

15                                   **THIRD CAUSE OF ACTION**
**FOR UNLAWFUL BUSINESS PRACTICES**

16 [Cal. Bus. and Prof. Code §§ 17200 *et seq.*]
**(By The CLASS and against All Defendants)**

17     46. The PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein,

18 paragraphs 1 through 45 of this Complaint.

19     47. CIRCUIT CITY is a "person" as that term is defined under California Business &

20 Professions Code § 17201.

21     48. Cal. Bus. and Prof. Code § 17200 defines unfair competition as "any unlawful, unfair, or

22 fraudulent business act or practice"

23     49. At all times relevant hereto, by and through the conduct described herein, CIRCUIT CITY

24 has engaged in unfair and unlawful practices by failing to pay PLAINTIFF, and the other members of the

25 CLASS, overtime compensations, and has failed to provide meal and rest breaks, pursuant to the

26 applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. and

27 Prof. Code § 17200 *et seq.*, and has thereby deprived PLAINTIFF, and the other members of the CLASS,

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**             12

1  of fundamental rights and privileges owed to them by law.

2      50.  By and through the unfair and unlawful business practices described herein, CIRCUIT CITY

3  has obtained valuable property, money, and services from the PLAINTIFF, and the other members of the

4  CLASS, and have deprived them of valuable rights and benefits guaranteed by law, all to their detriment.

5      51.  All the acts described herein as violations of, among other things, the Cal. Lab. Code and

6  Industrial Welfare Commission Wage Order, are unlawful and in violation of public policy; and in

7  addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful

8  business practices in violation of Cal. Bus. And Prof. Code § 17200 *et seq.*

9      52.  PLAINTIFF, and the other members of The CLASS, are entitled to, and do, seek such relief

10  as may be necessary to restore to them the money and property which Defendant CIRCUIT CITY has

11  acquired, or of which PLAINTIFF, and other members of The CLASS, have been deprived, by means of

12  the above described unfair and unlawful business acts and practices.

13      53.  PLAINTIFF, and the other members of The CLASS, are further entitled to, and do, seek a

14  declaration that the above described business practices are unfair and unlawful and that injunctive relief

15  should be issued restraining CIRCUIT CITY from engaging in any of the above described unfair and

16  unlawful business practices in the future.

17      54.  PLAINTIFF, and the other members of The CLASS, have no plan, speedy, and/or adequate

18  remedy at law to redress the injuries which they have suffered as a consequence of the unfair and

19  unlawful business practices of CIRCUIT CITY. As a result of the unfair and unlawful business practices

20  described above, PLAINTIFF, and the other members of The CLASS, have suffered and will continue to

21  suffer irreparable harm unless CIRCUIT CITY is restrained from continuing to engage in these unfair

22  and unlawful business practices. In addition, CIRCUIT CITY should be required to disgorge the unpaid

23  moneys to PLAINTIFF, and the other members of The CLASS.

24

25                                    **PRAYER**

26      WHEREFORE, PLAINTIFF prays for judgment against CIRCUIT CITY in favor of PLAINTIFF

27  and the CLASS as follows:

28  1.    **ON THE FIRST CAUSE OF ACTION**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                    13

1 A) For compensatory damages, including lost wages, commissions, bonuses, and other losses,

2 according to proof;

3 B) For general damages, according to proof;

4 C) For an award of interest, including prejudgment interest at the legal rate;

5 D) For statutory damages, including reasonable attorneys' fees and cost of suit

6 **2. ON THE SECOND CAUSE OF ACTION**

7 A) One hour of pay for each workday in which a rest period was not provided fore each four

8 hours of work;

9 B) One hour of pay for each five (5) hours of work in which a meal period was not provided;

10 C) For attorneys' fees and costs

11 **3. ON THE THIRD CAUSE OF ACTION**

12 A) For restitution and disgorgement;

13 B) For injunctive relief ordering the continuing unfair business acts and practices to cease, or as

14 the Court otherwise deems just and proper;

15 C) For other injunctive relief ordering CIRCUIT CITY to notify The CLASS that they have not

16 been paid the proper amounts required in accordance with California law

17

18 **4. ON ALL CAUSES OF ACTION**

19 A) An Order certifying the CLASS, approving PLAINTIFF as the Representative of the CLASS,

20 and permitting this case to proceed as a class action; and,

21 B) For such other and further relief as the Court deem just and proper.

22

23 Dated: April 1??, 2008     **CLARK & MARKHAM, LLP**

24

25          By:_____

26            DAVID R. MARKHAM
             Attorney for Plaintiff

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF      14

1

**DEMAND FOR JURY TRIAL**

2      PLAINTIFFS demand jury trial on issues triable to a jury.

3

4

5    Dated: April 17, 2008                        **CLARK & MARKHAM, LLP**

6

7                                          By: _____
                                                DAVID R. MARKHAM
8                                               Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                            15

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00082173-CU-OE-CTL     CASE TITLE: Hernandez vs. Circuit City Stores Inc

### NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

### ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the Judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference Judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:    330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY. STATE & ZIP CODE: San Diego  CA  92101-3827 | |
| BRANCH NAME:    Central | |

| PLAINTIFF(S):    Jack Hernandez |
|---|
| DEFENDANT(S): Circuit City Stores Inc |
| SHORT TITLE:    HERNANDEZ VS  CIRCUIT CITY STORES INC |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS
(CRC 3.221) | CASE NUMBER:
37-2008-00082173-CU-OE-CTL |
|---|---|

Judge: Judith F. Hayes                                                Department: C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative  dispute resolution process  Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                    ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                          ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                  ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                          ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral  ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only)  _____

Date: _____                    Date: _____

_____                    _____
Name of Plaintiff                                  Name of Defendant

_____                    _____
Signature                                          Signature

_____                    _____
Name of Plaintiff's Attorney                       Name of Defendant's Attorney

_____                    _____
Signature                                          Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3 1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calender.

No new parties may be added without leave of court and all un-served. non-appearing or actions by names parties are dismissed

**IT IS SO ORDERED.**

Dated: 04/17/2008                          _____
                                           JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1

3

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:    330 West Broadway
MAILING ADDRESS:    330 West Broadway
CITY AND ZIP CODE:    San Diego, CA 92101
BRANCH NAME:    Central
TELEPHONE NUMBER:    (619) 685-6147

PLAINTIFF(S) / PETITIONER(S):    Jack Hernandez

DEFENDANT(S) / RESPONDENT(S):    Circuit City Stores Inc

HERNANDEZ VS. CIRCUIT CITY STORES INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00082173-CU-OE-CTL |
| --- | --- |

Judge:  Judith F Hayes                                      Department: C-68

**COMPLAINT/PETITION FILED:** 04/17/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING