Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :  Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :  Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :  Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' OBJECTION TO MOTION OF RYAN, INC.
f/k/a RYAN & COMPANY, INC. TO COMPEL DEBTOR
TO ASSUME EXECUTORY CONTRACT**

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors")[1] hereby object (the "Objection") to the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing
*(cont'd)*

Motion of Ryan, Inc. f/k/a Ryan & Company, Inc. ("Ryan") to Compel the Debtor to Assume Executory Contract (the "Motion").  In support of the Objection, the Debtors respectfully represent:

**BACKGROUND**

1.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2.   The Debtors continue as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3.   On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

---

*(cont'd from previous page)*
Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

4. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going-out-of-business sales pursuant to the Agency Agreement at the Debtors' remaining stores. The going-out-of-business sales were concluded on or about March 8, 2009.

5. On September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"). The associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009. A hearing on confirmation of the Plan is currently scheduled for April 6, 2010.

6. Generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code.

**EXECUTORY CONTRACT WITH RYAN**

7. On June 8, 2005, the Debtors and Ryan entered into that certain letter agreement by which Ryan would represent the Debtors with respect to a tax appeal in the State of Hawaii on a contingency fee arrangement (the "Ryan Contract"). Since the Petition Date, Ryan has not performed any material services to the Debtors or their estates under the Ryan Contract because the Hawaii Supreme Court took the tax appeal under review prior to the Petition Date.[2]

8. On November 13, 2009, Ryan filed its Motion to compel the Debtors to assume the Ryan Contract.

9. On January 28, 2010, the Debtors filed their Eighth Omnibus Motion for Order Pursuant to Bankruptcy Code Sections 105(a) and 365(a) and Bankruptcy Rule 6006 Authorizing Rejection of Certain Executory Contracts, which included, among other executory contracts, the Ryan Contract (Docket No. 6416) (the "Rejection Motion").

---

[2] Ryan has not been retained as an ordinary course professional by the Debtors. Ryan failed to file its required affidavit to be retained as a professional pursuant to the Order Granting Debtors' Motion for Order Pursuant to Bankruptcy Code Sections 105(a), 327, 330 and 331 Authorizing Debtors to Employ Professionals Utilized in the Ordinary Course of Business (Docket No. 1279).

4

10.  On February 10, 2010, Ryan filed its response to the Rejection Motion (Docket No. 6506) (the "Rejection Response").  The hearing on the Rejection Motion solely with respect to Ryan was adjourned to March 8, 2010.[3]

**OBJECTION**

11.  By its Motion, Ryan does not move the Debtors to assume **or** reject the Ryan Contract, but rather only to assume the Ryan Contract.  Section 365(d)(2) of the Bankruptcy Code provides that "the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume **or** reject such contract or lease."  11 U.S.C. § 365(d)(2) (emphasis added).  The Debtors have made the determination to reject the Ryan Contract.  There is no authority for Ryan's proposition that it can compel the Debtors only to assume the Ryan Contract.  Furthermore, such a suggestion is inconsistent with deferring to the Debtors' business judgment.

12.  Ryan's Motion is an attempt to elevate the priority of its contingent claim for work performed

---

[3] On February 19, 2010, the Court granted the Rejection Motion with respect to the other executory contracts included in the Motion (Docket No. 6559).

prepetition, and is not in the best interests of the Debtors' estates. The tax appeal in the State of Hawaii is complicated and currently tied up in prolonged, multi-party state court judicial proceedings. The Debtors have made no final determination regarding further participation in the proceedings or prosecution or sale of the Debtors' tax refund claims to which the proceedings relate. To the extent the Debtors, or the Liquidating Trustee, are in need of Ryan's services (or that of a similar firm) in the future, due consideration will be given to the issue at that time.

13. Upon rejection of the Ryan Contract, Ryan is free to file a proof of claim alleging any damages, and the Debtors' reserve their rights to object to any such claim.

14. Bankruptcy Code section 365(a) provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). A debtor's determination to reject an executory contract is governed by the "business judgment" standard. See Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043, 1046-47 (4th Cir. 1985), cert. denied sub nom., Lubrizol Enters., Inc. v. Canfield, 475 U.S. 1057 (1986); In re Extraction Technologies of VA,

6

L.L.C., 296 B.R. 393, 399 (Bankr. E.D. Va. 2001); see also In re HQ Global Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the product of bad faith, whim, or caprice).

15. In an effort to avoid any future potential postpetition administrative costs, and in the exercise of the Debtors' sound business judgment, the Debtors determined to reject the Ryan Contract.

16. In considering their options with respect to the Ryan Contract, the Debtors have determined in their business judgment, that assumption is unwarranted. Based on this analysis, the Debtors have determined that the Ryan Contract provides no value to the Debtors' estates.

17. Accordingly, the Debtors believe that rejection of the Ryan Contract is in the best interests of their estates, their creditors, and other parties in interest.

18. Once the Debtors articulate a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in

7

good faith and in the honest belief that the action taken was in the best interests of the company.'" Official Comm. Of Subordinated Bondholders v. Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).

19.  The business judgment rule has vitality in chapter 11 cases and shields a debtor's management from judicial second-guessing.  See Comm. Of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp., 60 B.R. 612, 615 16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions.").

20.  As set forth above, the Debtors have satisfied the "business judgment" standard for rejecting the Ryan Contract.  The Ryan Contract provides no economic benefit to the Debtors, nor is the Ryan Contract a source of potential value for the Debtors' estates and creditors.  Accordingly, rejection of the Ryan Contract reflects the exercise of the Debtors' sound business judgment and the seek entry of an order granting the Rejection Motion as to the Ryan Contract.

21. This Court has authorized similar relief throughout these chapter 11 cases. See, e.g., In re Circuit City Stores, Inc., Case No. 08-35653 (Bankr. E.D. Va.) (Docket Nos. 1260, 1280, 1706, 2907, 2935, 3078, 3219, 6559); see also In re Movie Gallery, Inc., Case No. 07-33849 (Bankr. E.D. Va. Oct. 17, 2007); In re Storehouse, Inc., Case No. 06-11144 (Bankr. E.D. Va. Nov. 21, 2006); In re Rowe Furniture, Inc., Case No. 06-11143 (Bankr. E.D. Va. Nov. 21, 2006); In re The Rowe Cos., Case No. 06-11142 (Bankr. E.D. Va. Nov. 21, 2006); In re US Airways Group, Inc., Case No. 02-83984 (Bankr. E.D. Va. Aug. 12, 2002).

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court deny the Motion, and enter an Order, substantially in the form of the Proposed Order annexed to the Rejection Motion, granting the relief requested in the Rejection Motion and such other and further relief as may be just and proper.

Dated: March 5, 2010  
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
P.O. Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
Chris L. Dickerson, Esq.  
155 North Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____  
Dion W. Hayes (VSB No. 34304)  
Douglas Foley (VSB No. 34364)  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000

Counsel for Debtors and Debtors in Possession

\10819609.1