# EXHIBIT B

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636

      - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
155 North Wacker Drive
Chicago, Illinois 60606

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219

Counsel to the Debtors and Debtors in
Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                 : Chapter 11
                      :
CIRCUIT CITY STORES, INC.,   : Case No. 08-35653
et al.,               :
                      : Jointly Administered
         Debtors.   :
- - - - - - - - - - - - - - - x

### NOTICE OF SECOND DEADLINE
### FOR FILING ADMINISTRATIVE EXPENSE REQUESTS

**TO POTENTIAL HOLDERS OF ADMINISTRATIVE EXPENSES:**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

    **THE FACT THAT YOU RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE AN ADMINISTRATIVE EXPENSE OR MUST FILE AN ADMINISTRATIVE EXPENSE REQUEST – PLEASE READ THE FOLLOWING CAREFULLY**

    On February 19, 2010, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered an order (the "Second Administrative Bar Date Order") in the above captioned chapter 11 cases establishing **March 31, 2010 at 5:00 p.m. (Pacific Time)** as the second administrative expense bar date (the "Second Administrative Bar

Date") in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").[1]  Except as described below, the Second Administrative Bar Date Order requires all persons or entities holding an Administrative Expense (as defined below) first arising (or, only in the case of unexpired leases of real and personal property, accruing) from and after **May 1, 2009**, through and including **December 31, 2009** (such period beginning on May 1, 2009 and ending on December 31, 2009, the "Second Administrative Period") against any of the Debtors listed on page 4 below, to file a request for payment of such Administrative Expense (an "Administrative Expense Request") so that such Administrative Expense Request is received on or before **5:00 p.m. Pacific Time, on March 31, 2010** -- the Second Administrative Bar Date -- at the following address if delivered by mail, hand delivery or overnight courier:

> **Circuit City Stores, Inc., <u>et al</u>.**
> **Claims Processing Dept.**
> **Kurtzman Carson Consultants LLC**
> **2335 Alaska Avenue**
> **El Segundo, CA  90245**

**<u>DO NOT FILE YOUR ADMINISTRATIVE EXPENSE REQUEST WITH THE BANKRUPTCY COURT.</u>**

## DEFINITION OF ADMINISTRATIVE EXPENSE

For purposes of this Notice, "Administrative Expense" shall mean, as to or against any of the Debtors (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, that (1) satisfies sections 365(d)(3), 365(d)(5), or 503(b), including 503(b)(1) through (b)(8) of the Bankruptcy Code, but excluding section 503(b)(9), and (2) first arose (or, only in the case of unexpired leases of real and personal property, accrued) from and after May 1, 2009, through and

---

[1]  **The Debtors and the last four digits of their respective taxpayer identification numbers are set forth at the end of this Notice.**

including December 31, 2009, <u>i.e.</u>, the Second Administrative
Period.

## EXCLUSION OF 503(B)(9) ADMINISTRATIVE
## CLAIMANTS AND PRIOR ADMINISTRATIVE CLAIMANTS FROM SECOND
## ADMINISTRATIVE BAR DATE

Any holder of a 503(b)(9) administrative claim/expense
(each a "503(b)(9) Holder"), which claim/expense was required to
be filed by December 19, 2009 (the "503(b)(9) Bar Date"),
pursuant to order of this Court, is **not** now permitted to file an
Administrative Expense Request. As set forth in the order
establishing the 503(b)(9) Bar Date, any person or entity holding
a claim/expense pursuant to Bankruptcy Code section 503(b)(9)
that failed to file a claim/expense request on or before December
19, 2008, is forever barred and estopped from asserting a
claim/expense pursuant to Bankruptcy Code section 503(b)(9)
against the Debtors, their estates, or the property of any of
them, absent further order of the Court.

Similarly, any holder of a claim/expense which was
required to be filed by the June 30, 2009 (the "First
Administrative Bar Date") pursuant to order of this Court, is **not**
now permitted to file an Administrative Expense Request for the
First Administrative Period (as defined below). As set forth in
the order establishing the First Administrative Bar Date, any
person or entity holding a claim/expense that first arose (or,
only in the case of unexpired leases of real and personal
property, accrued) from or after the Petition Date through and
including April 30, 2009 (the "First Administrative Period"),
that failed to file a claim/expense on or before June 30, 2009,
is forever barred and estopped from asserting a claim/expense
pursuant to Bankruptcy Code sections 365(d)(3), 365(d)(5), or
503(b), including 503(b)(1) through (b)(8), first arising (or,
only in the case of unexpired leases of real and personal
property, accruing) during the First Administrative Period,
against the Debtors, their estates, or the property of any of
them, absent further order of the Court.

## PERSONS OR ENTITIES WHO <u>MUST</u> FILE
## ADMINISTRATIVE EXPENSE REQUESTS

Pursuant to the Second Administrative Bar Date Order,
all persons and entities (each as defined in the Bankruptcy
Code) holding one or more Administrative Expenses against the
Debtors, including, without limitation, any Administrative

3

Expenses held by the officers and directors of the Debtors no longer employed or serving as of December 31, 2009, former employees of the Debtors no longer employed as of December 31, 2009, indemnitees, individuals, partnerships, corporations, estates, trusts, indenture trustees, unions, governmental units, and non-Debtor parties to any unexpired leases or executory contracts (collectively the "Agreements") (individually, an "Entity" and collectively, "Entities") with any of the Debtors who allege that any amounts arising or accruing under any of the Agreements from and after May 1, 2009 are due, owing and unpaid as of December 31, 2009, are required to file an Administrative Expense Request on or before the Second Administrative Expense Bar Date.

**PERSONS OR ENTITIES WHO <u>NEED NOT</u> FILE
ADMINISTRATIVE EXPENSE REQUEST**

The following Entities are <u>not</u> at this time required to file an Administrative Expense Request:

1.    Entities that have already properly filed an Administrative Expense Request with the Court or KCC that clearly sets forth that such party is asserting an Administrative Expense.

2.    Entities whose Administrative Expense has been previously allowed by order of the Court.

3.    Debtors holding an Administrative Expense against another Debtor.

4.    Professional persons (<u>i.e.</u>, attorneys, financial advisors, accountants, investment bankers, real estate advisors, "ordinary course professionals", or other professionals) retained by the Debtors or the Creditors' Committee under Bankruptcy Code sections 327, 328 or 1103 and whose Administrative Expense is for services rendered and reimbursement of expenses incurred in these Chapter 11 cases; <u>provided</u>, <u>further</u>, that any professional retained by court order under Bankruptcy Code section 327, 328 or 1103 need not submit a request for reimbursement of any expense under section 503(b) for any period subsequent to the Petition Date until such professional is so required under the Bankruptcy Code, Bankruptcy Rules and orders of the Court.

4

## INFORMATION THAT <u>MUST</u> BE INCLUDED WITH
## YOUR ADMINISTRATIVE EXPENSE REQUEST

To be considered, each Administrative Expense Request must (a) be in writing, (b) be denominated in lawful United States Currency, (c) specify the Debtor against which the Entity asserts the Administrative Expense (see additional requirements below), (d) set forth with specificity the legal and factual basis for the Administrative Expense, and (e) have attached to it supporting documentation upon which the claimant will rely to support the Administrative Expense Request.

## FILING ADMINISTRATIVE EXPENSE REQUESTS
## AGAINST MULTIPLE DEBTORS

Any Entity asserting Administrative Expenses against more than one Debtor must file a separate Administrative Expense with respect to each such Debtor.  All Entities must identify in their Administrative Expense Request the particular Debtor against which their Administrative Expense is asserted and the case number of that Debtor's bankruptcy case.  An Administrative Expense Request listing no reference to a particular Debtor or an Administrative Expense Request listing all of the Debtors will be deemed filed against Circuit City Stores, Inc., Case No. 08-35653.

## CONSEQUENCES OF FAILURE TO FILE
## ADMINISTRATIVE EXPENSE REQUESTS

**Any holder of an Administrative Expense that is required to file (but fails to file) an Administrative Expense Request in accordance with the procedures set forth herein on or before the Second Administrative Bar Date (a) shall be forever barred, estopped, and enjoined from asserting any Administrative Expense against the Debtors and the Debtors shall be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense and (b) shall not be permitted to receive payment from the Debtors' estates or participate in any distribution under any plan or plans of liquidation in the Debtors' chapter 11 cases on account of such Administrative Expense.**

### TIME AND PLACE FOR FILING ADMINISTRATIVE EXPENSE REQUESTS

A signed original of an Administrative Expense Request, together with accompanying documentation, must be **delivered so as to be received** no later than **5:00 p.m. Pacific Time on or before March 31, 2010**, at the following address by mail, hand delivery or overnight courier:

> **Circuit City Stores, Inc., et al.**
> **Claims Processing Dept.**
> **Kurtzman Carson Consultants LLC**
> **2335 Alaska Avenue**
> **El Segundo, CA  90245**

**Any Administrative Expense Request submitted by facsimile or other electronic means will not be accepted and will not be deemed filed until such Administrative Expense Request is submitted by the method described in the foregoing sentence. Administrative Expense Requests will be deemed filed only when actually received at the address listed above.** If you wish to receive acknowledgment of the Debtors' receipt of your Administrative Expense Request, you must also submit a copy of your Administrative Expense Request and a self-addressed, stamped envelope.

### ADDITIONAL INFORMATION

If you require additional information regarding the filing of an Administrative Expense Request, you may contact the Debtors in writing, through their counsel, at the address listed above.  You may also contact Kurtzman Carson Consultants LLC, at (888)830-4650 between 9:00 a.m. and 5:00 p.m. Pacific Time.

### RESERVATION OF RIGHTS

The Debtors reserve the right to: object to (i) any claim, whether filed or scheduled (e.g., as contingent, unliquidated or disputed), and (ii) any Administrative Expense on any ground, or to dispute, or to assert offsets against or defenses to, any claim or Administrative Expense, as to amount, liability, classification, or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated.

PLEASE REFER TO THE SECOND ADMINISTRATIVE BAR DATE ORDER FOR OBJECTION PROCEDURES APPROVED BY THE BANKRUPTCY COURT APPLICABLE TO ADMINISTRATIVE EXPENSE REQUEST

**DEBTORS AND DEBTORS IN POSSESSION AND THE LAST FOUR DIGITS OF
THEIR RESPECTIVE TAXPAYER IDENTIFICATION NUMBERS**

Circuit City Stores, Inc. (3875)
Abbott Advertising Agency, Inc. (4659)
Circuit City Stores West Coast, Inc. (0785)
CC Distribution Company of Virginia, Inc. (2821)
Circuit City Properties, LLC (3353)
Patapsco Designs, Inc. (6796)
Ventoux International, Inc. (1838)
Sky Venture Corporation (0311)
PRAHS, INC. (n/a)
XSStuff, LLC (9263)
Kinzer Technology, LLC (2157)
Circuit City Purchasing Company, LLC (5170)
Orbyx Electronics, LLC (3360)
InterTAN, Inc. (0875)
CC Aviation, LLC (0841)
Courchevel, LLC (n/a)
Circuit City Stores PR, LLC (5512)
Mayland MN, LLC (6116)

BY ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN
DISTRICT OF VIRGINIA DATED February 19, 2010.