```
                  IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE EASTERN DISTRICT OF VIRGINIA
                            RICHMOND DIVISION

    - - - - - - - - - - - - - - - x
    In re:                        :  Chapter 11
                                  :
    CIRCUIT CITY STORES, INC.,    :  Case No. 08-35653 (KRH)
    et al.,                       :
                                  :
                                  :  Jointly Administered
            Debtors.[1]           x
    - - - - - - - - - - - - - - -
```

**AFFIDAVIT OF PUBLICATION OF SHEILA LLOYD**

**IN THE RICHMOND TIMES-DISPATCH**

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Seller, the address is 4951 Lake Brook Drive, Glen Allen, Virginia 23060-9279.

## RICHMOND TIMES-DISPATCH - InRich.Com-CENTRO
### MEDIA GENERAL OPERATIONS INC.

BILLING INQUIRES
P.O. BOX 85333
Richmond, Virginia 23293-0001
ADVERTISERBILLING@TIMESDISPATCH.COM
Telephone-804-649-6208
Fax: 804-649-6983

**ACCOUNT NUMBER**
3402245

**TODAY'S DATE**
02/24/10

| START | STOP | DESCRIPTION | LINES | RUNS | COST |
|---|---|---|---|---|---|
| 02/24/10 | 02/24/10  LEGAL | CIRCUIT CITY STORES | 4X11 | 1 | |

Media General Operations, Inc.
Publisher of
Richmond Times-Dispatch

This is to certify that the attached Preprint Ad
was published by Richmond Times Dispatch, in the City
of Richmond, State of Virginia, on the following dates:

2/24/2010

The first insertion being given....
2/24/2010

Sworn to and subscribed before to me this
Date: February 25 2010

Notary Public                                                  Supervisor

State of Virginia
City of Richmond
My Commission expires:

KIMBERLY HARRIS
NOTARY PUBLIC
Commonwealth of Virginia
356753
My Commission Expires Jan 13, 2013

WHEN REMITTING PLEASE REFER TO YOUR CUSTOMER #    3402245

## NOTICE OF TRUSTEE'S SALE

**1504 Pump Road, Richmond, Virginia 23238**

In execution of that certain deed of trust in the original principal amount of $276,000.00 dated May 12, 2006 and recorded among the records of Henrico County, Virginia, in Deed Book 4119, at Page 1184 as amended by an instrument appointing the undersigned as Substituted Trustee, default having been made in the payment of the indebtedness thereby secured and having been requested to do so by the holder of the note evidencing the said indebtedness, the undersigned Substituted Trustee will offer for sale at public auction in front of the Henrico Circuit Court, 4301 East Parham Road, Richmond, Virginia, on:

**March 17, 2010 @ 11:00 AM**

The property described in said deed of trust located at the above street address, and more particularly described as:
All that certain lot, piece or parcel of land, with all improvements thereon, commonly known as 1504 Pump Road, and appurtenances thereunto belonging, lying and being in Henrico County, Virginia and designated as Lot 7, Block L, Section 9, Canterbury, as shown on a plat made by LaPrade Bros., Civil Engineers, dated April 13, 1964, and recorded July 9, 1964, in the Clerk's Office, Circuit Court, Henrico County, Virginia, in Plat Book 33, page 59, reference to which plat is hereby made for a more particular description of the said lot.

TERMS OF SALE: Cash or certified funds. A non-refundable deposit of ten percent (10%) of the bid price, payable in cash or by certified or cashier's check to the undersigned will be required of the successful bidder at time of sale. Terms of sale to be complied with within 14 days from date of sale or deposit will be forfeit and property will be resold at costs of defaulting purchaser. All real estate taxes to be adjusted as of date of sale. All costs of conveyancing, examination of title, state and local recording fees, grantor taxes, notary fees, etc., to be at cost of purchaser. The property and the improvements thereon will be sold as is, without representations or warranties of any kind. The sale is subject to all other liens, encumbrances, conditions, easements and restrictions, if any, superior to the aforesaid deed of trust and lawfully affecting the property. Trustee shall have no duty to obtain possession for purchaser. All risks of casualty pass to successful bidder at conclusion of bidding. Additional terms may be announced at the sale.

FOR INFORMATION CONTACT:
Wittstadt Title & Escrow Company, LLC
9324 West Street, Suite 201
Manassas, VA 20110
(410) 284-9600 or toll free 1-866-503-4930 M-F
Between 8:30AM - 5 P.M.
http://foreclosure.closingsource.net
(VA-96002075-09)

---

## NOTICE OF TRUSTEE'S SALE

**215 Dundee Avenue, Richmond, Virginia 23225**

In execution of that certain deed of trust in the original principal amount of $24,200.00 dated November 13, 1974 and recorded among the land records of the City of Richmond, Virginia, in Deed Book 454, at Page 577 as amended by an instrument appointing the undersigned as Substituted Trustee, default having been made in the payment of the indebtedness thereby secured and having been requested to do so by the holder of the note evidencing the said indebtedness, the undersigned Substituted Trustee will offer for sale at public auction in front of the Richmond City Circuit Court, 400 North Ninth Street, Richmond, Virginia, on:

**March 19, 2010 @ 10:45 AM**

The property described in said deed of trust located at the above street address, and more particularly described as:
All those certain lots, pieces or parcels of land, with the improvements thereon known as No. 215 Dundee Avenue, in the City of Richmond, Virginia, and designated as Lots 1 and 2 in Block 11 on the Plan of West Manchester Land Company, recorded in the Clerk's Office of the Circuit Court of Chesterfield County, Virginia, in Plat Book 2, pages 276 and 277, described as follows:
Beginning at the point of intersection of the eastern line of Dundee Avenue with the southern line of Beattie Street, thence extending southwardly along the eastern line of Dundee Avenue and fronting thereon 60 feet, thence extending back eastwardly from said front and within parallel lines, the northern line of which is the southern line of Beattie Street, 143 feet to an alley in the rear 14 feet wide.

TERMS OF SALE: Cash or certified funds. A non-refundable deposit of ten percent (10%) of the bid price, payable in cash or by certified or cashier's check to the undersigned will be required of the successful bidder at time of sale. Terms of sale to be complied with within 14 days from date of sale or deposit will be forfeit and property will be resold at costs of defaulting purchaser. All real estate taxes to be adjusted as of date of sale. All costs of conveyancing, examination of title, state and local recording fees, grantor taxes, notary fees, etc., to be at cost of purchaser. The property and the improvements thereon will be sold as is, without representations or warranties of any kind. The sale is subject to all other liens, encumbrances, conditions, easements and restrictions, if any, superior to the aforesaid deed of trust and lawfully affecting the property. Trustee shall have no duty to obtain possession for purchaser. All risks of casualty pass to successful bidder at conclusion of bidding. Additional terms may be announced at the sale.

FOR INFORMATION CONTACT:
Wittstadt Title & Escrow Company, LLC

---

In re: CIRCUIT CITY STORES, INC., et al., Debtors. — Chapter 11 — Jointly Administered

## NOTICE OF SECOND DEADLINE FOR ADMINISTRATIVE EXPENSE REQUESTS

TO POTENTIAL HOLDERS OF ADMINISTRATIVE EXPENSES:

PLEASE TAKE NOTICE OF THE FOLLOWING:

THE FACT THAT YOU RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE AN ADMINISTRATIVE EXPENSE OR MUST FILE AN ADMINISTRATIVE EXPENSE REQUEST – PLEASE READ THE FOLLOWING CAREFULLY

On February 19, 2010, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered an order (the "Second Administrative Bar Date Order") in the above captioned chapter 11 cases establishing March 31, 2010 at 5:00 p.m. (Pacific Time) as the second administrative expense bar date (the "Second Administrative Bar Date") in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").[1] Except as described below, the Second Administrative Bar Date Order requires all persons or entities holding an Administrative Expense (as defined below) first arising (or, only in the case of unexpired leases of real and personal property, accruing) from and after May 1, 2009, through and including December 31, 2009 (such period beginning on May 1, 2009 and ending on December 31, 2009, the "Second Administrative Period") against any of the Debtors listed below, to file a request for payment of such Administrative Expense (an "Administrative Expense Request") so that such Administrative Expense Request is received on or before 5:00 p.m. Pacific Time, on March 31, 2010 -- the Second Administrative Bar Date -- at the following address if delivered by mail, hand delivery or overnight courier: Circuit City Stores, Inc., et al., Claims Processing Dept., Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

DO NOT FILE YOUR ADMINISTRATIVE EXPENSE REQUEST WITH THE BANKRUPTCY COURT.

DEFINITION OF ADMINISTRATIVE EXPENSE. For purposes of this Notice, "Administrative Expense" shall mean, as to or against any of the Debtors (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, that (1) satisfies sections 365(d)(3), 365(d)(5), or 503(b), including 503(b)(1) through (b)(8) of the Bankruptcy Code, but excluding section 503(b)(9), and (2) first arose (or, only in the case of unexpired leases of real and personal property, accrued) from and after May 1, 2009, through and including December 31, 2009, i.e., the Second Administrative Period.

EXCLUSION OF 503(B)(9) ADMINISTRATIVE CLAIMANTS AND PRIOR ADMINISTRATIVE CLAIMANTS FROM SECOND ADMINISTRATIVE BAR DATE. Any holder of a 503(b)(9) administrative claim/expense (each a "503(b)(9) Holder"), which claim/expense was required to be filed by December 19, 2009 (the "503(b)(9) Bar Date"), pursuant to order of this Court, is **not** now permitted to file an Administrative Expense Request. As set forth in the order establishing the 503(b)(9) Bar Date, any person or entity holding a claim/expense pursuant to Bankruptcy Code section 503(b)(9) that failed to file a claim/expense request on or before December 19, 2008, is forever barred and estopped from asserting a claim/expense pursuant to Bankruptcy Code section 503(b)(9) against the Debtors, their estates, or the property of any of them, absent further order of the Court.

Similarly, any holder of a claim/expense which was required to be filed by June 30, 2009 (the "First Administrative Bar Date") pursuant to order of this Court, is **not** now permitted to file an Administrative Expense Request for the First Administrative Period (as defined below). As set forth in the order establishing the First Administrative Bar Date, any person or entity holding a claim/expense that first arose (or, only in the case of unexpired leases of real and personal property, accrued) from or after the Petition Date through and including April 30, 2009 (the "First Administrative Period"), that failed to file a claim/expense on or before June 30, 2009, is forever barred and estopped from asserting a claim/expense pursuant to Bankruptcy Code sections 365(d)(3), 365(d)(5), or 503(b), including 503(b)(1) through (b)(8), first arising (or, only in the case of unexpired leases of real and personal property, accruing) during the First Administrative Period, against the Debtors, their estates, or the property of any of them, absent further order of the Court.

PERSONS OR ENTITIES WHO MUST FILE ADMINISTRATIVE EXPENSE REQUESTS. Pursuant to the Second Administrative Bar Date Order, all persons and entities (each as defined in the Bankruptcy Code) holding one or more Administrative Expenses against the Debtors, including, without limitation, any Administrative Expenses held by the officers and directors of the Debtors no longer employed or serving as of December 31, 2009, former employees of the Debtors no longer employed as of December 31, 2009, indemnitees, individuals, partnerships, corporations, estates, trusts, indenture trustees, unions, governmental units, and non-Debtor parties to any unexpired leases or executory contracts (collectively the "Agreements") (individually, an "Entity" and collectively, "Entities") with any of the Debtors who allege that any amounts arising or accruing under any of the Agreements from and after May 1, 2009 are due, owing and unpaid as of December 31, 2009, are required to file an Administrative Expense Request on or before the Second Administrative Bar Date.

PERSONS OR ENTITIES WHO NEED NOT FILE ADMINISTRATIVE EXPENSE REQUEST. The following Entities are **not** at this time required to file an Administrative Expense Request:
1. Entities that have already properly filed an Administrative Expense Request with the Court or KCC that clearly sets forth that such party is asserting an Administrative Expense.
2. Entities whose Administrative Expense has been previously allowed by order of the Court.
3. Debtors holding an Administrative Expense, ordinary course professionals, committee professionals retained by the Creditors' Committee pursuant to Bankruptcy Code sections 327, 328 or 1103 and whose Administrative Expense is for services rendered and reimbursement of expenses incurred in these Chapter 11 cases; provided, further, that any professional retained by court order under Bankruptcy Code section 327, 328 or 1103 need not submit a request for reimbursement of any expense under section 503(b) for any period subsequent to the Petition Date until such professional is so required under the Bankruptcy Code, Bankruptcy Rules and orders of the Court.

INFORMATION THAT **MUST** BE INCLUDED WITH YOUR ADMINISTRATIVE EXPENSE REQUEST. To be considered, each Administrative Expense Request must (a) be in writing, (b) be denominated in lawful United States Currency, (c) specify the Debtor against which the Entity asserts the Administrative Expense (see additional requirements below), (d) set forth with specificity the legal and factual basis for the Administrative Expense, and (e) have attached to it supporting documentation upon which the claimant will rely to support the Administrative Expense Request.

FILING ADMINISTRATIVE EXPENSE REQUESTS AGAINST MULTIPLE DEBTORS. Any Entity asserting Administrative Expenses against more than one Debtor must file a separate Administrative Expense with respect to each such Debtor. All Entities must identify in their Administrative Expense Request the particular Debtor against which their Administrative Expense is asserted and the case number of that Debtor's bankruptcy case. An Administrative Expense Request listing no reference to a particular Debtor or an Administrative Expense Request listing all of the Debtors will be deemed filed against Circuit City Stores, Inc., Case No. 08-35653.

CONSEQUENCES OF FAILURE TO FILE ADMINISTRATIVE EXPENSE REQUESTS. Any holder of an Administrative Expense that is required to file (but fails to file) an Administrative Expense Request in accordance with the procedures set forth herein on or before the Second Administrative Bar Date (a) shall be forever barred, estopped, and enjoined from asserting any Administrative Expense against the Debtors and the Debtors shall be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense and (b) shall not be permitted to receive payment from the Debtors' estates or participate in any distribution under any plan or plans of liquidation in the Debtors' chapter 11 cases on account of such Administrative Expense.

TIME AND PLACE FOR FILING ADMINISTRATIVE EXPENSE REQUESTS. A signed original of an Administrative Expense Request, together with accompanying documentation, must be **delivered so as to be received** no later than 5:00 p.m. Pacific Time on or before March 31, 2010, at the following address by mail, hand delivery or overnight courier: Circuit City Stores, Inc., et al., Claims Processing Dept., Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

Any Administrative Expense Request submitted by facsimile or other electronic means will not be accepted and will not be deemed filed until such Administrative Expense Request is submitted by the method described in the foregoing sentence. Administrative Expense Requests will be deemed filed only when actually received at the address listed above. If you wish to receive acknowledgment of the Debtors' receipt of your Administrative Expense Request, you must also submit a copy of your Administrative Expense Request and a self-addressed, stamped envelope.

ADDITIONAL INFORMATION. If you require additional information regarding the filing of an Administrative Expense Request, you may contact the Debtors in writing, through their counsel, at the address listed above. You may also contact Kurtzman Carson Consultants LLC, at (888)830-4650 between 9:00 a.m. and 5:00 p.m. Pacific Time.

RESERVATION OF RIGHTS. The Debtors reserve the right to: object to (i) any claim, whether filed or scheduled (e.g., as contingent, unliquidated or disputed), and (ii) any Administrative Expense on any ground, or to dispute, or to assert offsets against or defenses to, any claim or Administrative Expense, as to amount, liability, classification, or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated.

PLEASE REFER TO THE SECOND ADMINISTRATIVE BAR DATE ORDER FOR OBJECTION PROCEDURES APPROVED BY THE BANKRUPTCY COURT APPLICABLE TO ADMINISTRATIVE EXPENSE REQUEST

DEBTORS AND DEBTORS IN POSSESSION AND THE LAST FOUR DIGITS OF THEIR RESPECTIVE TAXPAYER IDENTIFICATION NUMBERS

Circuit City Stores, Inc. (3875); Abbott Advertising Agency, Inc. (4659); Circuit City Stores West Coast, Inc. (0785); CC Distribution Company of Virginia, Inc. (2821); Circuit City Properties, LLC (3353); Patapsco Designs, Inc. (6796); Ventoux International, Inc. (1838); Sky Venture Corporation (0311); PRAHS, INC. (n/a); XSStuff, LLC (9263); Kinzer Technology, LLC (2157); Circuit City Purchasing Company, LLC (5170); Orbyx Electronics, LLC (3360); InterTAN, Inc. (0875); CC Aviation, LLC (0841); Courchevel, LLC (n/a); Circuit City Stores PR, LLC (5512); Mayland MN, LLC (6116)

BY ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA DATED February 19, 2010.

Gregg M. Galardi, Esq., Ian S. Fredericks, Esq.,
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP, One Rodney Square, PO Box 636,
Wilmington, Delaware 19899-0636

Chris L. Dickerson, Esq., SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP, 155 North Wacker Drive,
Chicago, Illinois 60606

Dion W. Hayes (VSB No. 34304),
Douglas M. Foley (VSB No. 34364),
MCGUIREWOODS LLP, One James Center,
901 E. Cary Street, Richmond, Virginia 23219

Counsel to the Debtors and Debtors in Possession

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are set forth at the end of this Notice.