IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
et al.,                        :
                               :
                               :   Jointly Administered
         Debtors.¹             x
- - - - - - - - - - - - - - -
```

**AFFIDAVIT OF PUBLICATION OF ERIN OSTENSON**

**IN THE WALL STREET JOURNAL**

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Seller, the address is 4951 Lake Brook Drive, Glen Allen, Virginia 23060-9279.

# AFFIDAVIT

**STATE OF TEXAS** )
                   ) ss:
**CITY AND COUNTY OF DALLAS**)

I, Erin Ostenson, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout the United States, and that the Notice attached to this Affidavit has been regularly published in THE WALL STREET JOURNAL for national distribution for <u>one</u> insertion(s) on the following date(s): <u>February 24, 2010</u>; advertiser: <u>Circuit City Stores, Inc. et al.</u>; and that the foregoing statements are true and correct to the best of my knowledge.

_____
EOstenson (signature)

Sworn to before me this
<u>24th</u> day of <u>February, 2010</u>.

_____
Notary Public



ALBERT FOX
Notary Public, State of Texas
My Commission Expires
February 15, 2012

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA, RICHMOND DIVISION**

In re: CIRCUIT CITY STORES, INC., et al., Debtors.
Chapter 11
Case No. 08-35653
Jointly Administered

## NOTICE OF SECOND DEADLINE FOR FILING ADMINISTRATIVE EXPENSE REQUESTS

**TO POTENTIAL HOLDERS OF ADMINISTRATIVE EXPENSES:**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**THE FACT THAT YOU RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE AN ADMINISTRATIVE EXPENSE OR MUST FILE AN ADMINISTRATIVE EXPENSE REQUEST – PLEASE READ THE FOLLOWING CAREFULLY**

On February 19, 2010, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered an order (the "Second Administrative Bar Date Order") in the above captioned chapter 11 cases establishing **March 31, 2010 at 5:00 p.m. (Pacific Time)** as the second administrative expense bar date (the "Second Administrative Bar Date") in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").[1] Except as described below, the Second Administrative Bar Date Order requires all persons or entities holding an Administrative Expense (as defined below) first arising (or, only in the case of unexpired leases of real and personal property, accruing) from and after **May 1, 2009**, through and including **December 31, 2009** (such period beginning on May 1, 2009 and ending on December 31, 2009, the "Second Administrative Period") against any of the Debtors listed below, to file a request for payment of such Administrative Expense (an "Administrative Expense Request") so that such Administrative Expense Request is received on or before **5:00 p.m. Pacific Time, on March 31, 2010** – the Second Administrative Bar Date – at the following address if delivered by mail, hand delivery or overnight courier: **Circuit City Stores, Inc., et al., Claims Processing Dept., Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.**

**DO NOT FILE YOUR ADMINISTRATIVE EXPENSE REQUEST WITH THE BANKRUPTCY COURT.**

**DEFINITION OF ADMINISTRATIVE EXPENSE.** For purposes of this Notice, "Administrative Expense" shall mean, as to or against any of the Debtors (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, that (1) satisfies sections 365(d)(3), 365(d)(5), or 503(b), including 503(b)(1) through (b)(8) of the Bankruptcy Code, but excluding section 503(b)(9), and (2) first arose (or, only in the case of unexpired leases of real and personal property, accrued) from and after May 1, 2009, through and including December 31, 2009, i.e., the Second Administrative Period.

**EXCLUSION OF 503(B)(9) ADMINISTRATIVE CLAIMANTS AND PRIOR ADMINISTRATIVE BAR DATE.** Any holder of a 503(b)(9) administrative claim/expense (each a "503(b)(9) Holder"), which claim/expense was required to be filed by December 19, 2009 (the "503(b)(9) Bar Date"), pursuant to order of this Court, is **not** now permitted to file an Administrative Expense Request. As set forth in the order establishing the 503(b)(9) Bar Date, any person or entity holding a claim/expense pursuant to Bankruptcy Code section 503(b)(9) that failed to file a claim/expense request on or before December 19, 2008, is forever barred and estopped from asserting a claim/expense pursuant to Bankruptcy Code section 503(b)(9) against the Debtors, their estates, or the property of any of them, absent further order of the Court.

Similarly, any holder of a claim/expense which was required to be filed by June 30, 2009 (the "First Administrative Bar Date") pursuant to order of this Court, is **not** now permitted to file an Administrative Expense Request for the First Administrative Period (as defined below). As set forth in the order establishing the First Administrative Bar Date, any person or entity holding a claim/expense that first arose (or, only in the case of unexpired leases of real and personal property, accrued) from or after the Petition Date through and including April 30, 2009 (the "First Administrative Period"), that failed to file a claim/expense on or before June 30, 2009, is forever barred and estopped from asserting a claim/expense pursuant to Bankruptcy Code sections 365(d)(3), 365(d)(5), or 503(b), including 503(b)(1) through (b)(8), first arising (or, only in the case of unexpired leases of real and personal property, accruing) during the First Administrative Period, against the Debtors, their estates, or the property of any of them, absent further order of the Court.

**PERSONS OR ENTITIES WHO MUST FILE ADMINISTRATIVE EXPENSE REQUESTS.** Pursuant to the Second Administrative Bar Date Order, all persons and entities (each as defined in the Bankruptcy Code) holding one or more Administrative Expenses against the Debtors, including, without limitation, any Administrative Expenses held by the officers and directors of the Debtors no longer employed or serving as of December 31, 2009, former employees of the Debtors no longer employed as of December 31, 2009, indemnitees, individuals, partnerships, corporations, estates, trusts, indenture trustees, unions, governmental units, and non-Debtor parties to any unexpired leases or executory contracts (collectively the "Agreements") (individually, an "Entity" and collectively, "Entities") with any of the Debtors who allege that any amounts arising or accruing under any of the Agreements from and after May 1, 2009 are due, owing and unpaid as of December 31, 2009, are required to file an Administrative Expense Request on or before the Second Administrative Bar Date.

**PERSONS OR ENTITIES WHO NEED NOT FILE ADMINISTRATIVE EXPENSE REQUEST.** The following Entities are not at this time required to file an Administrative Expense Request:

1. Entities that have already properly filed an Administrative Expense Request with the Court or KCC that clearly sets forth that such party is asserting an Administrative Expense.
2. Entities whose Administrative Expense has been previously allowed by order of the Court.
3. Debtors holding an Administrative Expense against another Debtor.

4. Professional persons (i.e., attorneys, financial advisors, accountants, investment bankers, real estate advisors, "ordinary course professionals," or other professionals) retained by the Debtors or the Creditors' Committee under Bankruptcy Code sections 327, 328 or 1103 and whose Administrative Expense is for services rendered and reimbursement of expenses incurred in these Chapter 11 cases; provided, further, that any professional retained by court order under Bankruptcy Code section 327, 328 or 1103 need not submit a request for reimbursement of any expense under section 503(b) for any period subsequent to the Petition Date until such professional is so required under the Bankruptcy Code, Bankruptcy Rules and orders of the Court.

**INFORMATION THAT MUST BE INCLUDED WITH YOUR ADMINISTRATIVE EXPENSE REQUEST.** To be considered, each Administrative Expense Request must (a) be in writing, (b) be denominated in lawful United States Currency, (c) specify the Debtor against which the Entity asserts the Administrative Expense (see additional requirements below), (d) set forth with specificity the legal and factual basis for the Administrative Expense, and (e) have attached to it supporting documentation upon which the claimant will rely to support the Administrative Expense Request.

**FILING ADMINISTRATIVE EXPENSE REQUESTS AGAINST MULTIPLE DEBTORS.** Any Entity asserting Administrative Expenses against more than one Debtor must file a separate Administrative Expense with respect to each such Debtor. All Entities must identify in their Administrative Expense Request the particular Debtor against which their Administrative Expense is asserted and the case number of that Debtor's bankruptcy case. An Administrative Expense Request listing no reference to a particular Debtor or an Administrative Expense Request listing all of the Debtors will be deemed filed against Circuit City Stores, Inc., Case No. 08-35653.

**CONSEQUENCES OF FAILURE TO FILE ADMINISTRATIVE EXPENSE REQUESTS.** Any holder of an Administrative Expense that is required to file (but fails to file) an Administrative Expense Request in accordance with the procedures set forth herein on or before the Second Administrative Bar Date (a) shall be forever barred, estopped, and enjoined from asserting any Administrative Expense against the Debtors and the Debtors shall be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense and (b) shall not be permitted to receive payment from the Debtors' estates or participate in any distribution under any plan or plans of liquidation in the Debtors' chapter 11 cases on account of such Administrative Expense.

**TIME AND PLACE FOR FILING ADMINISTRATIVE EXPENSE REQUESTS.** A signed original of an Administrative Expense Request, together with accompanying documentation, must be **delivered so as to be received no later than 5:00 p.m. Pacific Time on or before March 31, 2010**, at the following address by mail, hand delivery or overnight courier: **Circuit City Stores, Inc., et al., Claims Processing Dept., Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.**

Any Administrative Expense Request submitted by facsimile or other electronic means will not be accepted and will not be deemed filed until such Administrative Expense Request is submitted by the method described in the foregoing sentence. Administrative Expense Requests will be deemed filed only when actually received at the address listed above. If you wish to receive acknowledgment of the Debtors' receipt of your Administrative Expense Request, you must also submit a copy of your Administrative Expense Request and a self-addressed, stamped envelope.

**ADDITIONAL INFORMATION.** If you require additional information regarding the filing of an Administrative Expense Request, you may contact the Debtors in writing, through their counsel, at the addresses listed above. You may also contact Kurtzman Carson Consultants LLC, at (888) 830-4650 between 9:00 a.m. and 5:00 p.m. Pacific Time.

**RESERVATION OF RIGHTS.** The Debtors reserve the right to: (i) object to (i) any claim, whether filed or scheduled (e.g., as contingent, unliquidated or disputed), and (ii) any Administrative Expense on any ground, or to dispute, or to assert offsets against or defenses to, any claim or Administrative Expense, as to amount, liability, classification, or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated.

PLEASE REFER TO THE SECOND ADMINISTRATIVE BAR DATE ORDER FOR OBJECTION PROCEDURES APPROVED BY THE BANKRUPTCY COURT APPLICABLE TO ADMINISTRATIVE EXPENSE REQUEST

**DEBTORS AND DEBTORS IN POSSESSION AND THE LAST FOUR DIGITS OF THEIR RESPECTIVE TAXPAYER IDENTIFICATION NUMBERS**

Circuit City Stores, Inc. (3875); Abbott Advertising Agency, Inc. (4659); Circuit City Stores West Coast, Inc. (0785); CC Distribution Company of Virginia, Inc. (2821); Circuit City Properties, LLC (3353); Patapsco Designs, Inc. (6796); Ventoux International, Inc. (1838); Sky Venture Corporation (0311); PRAHS, INC. (n/a); XSStuff, LLC (9263); Kinzer Technology, LLC (2157); Circuit City Purchasing Company, LLC (5170); Orbyx Electronics, LLC (3360); InterTAN, Inc. (0875); CC Aviation, LLC (0841); Courchevel, LLC (n/a); Circuit City Stores PR, LLC (5512); Mayland MN, LLC (6116)

BY ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA
DATED February 19, 2010.

Gregg M. Galardi, Esq., Ian S. Fredericks, Esq.,
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP,
One Rodney Square, PO Box 636,
Wilmington, Delaware 19899-0636

Chris L. Dickerson, Esq.,
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP,
155 North Wacker Drive, Chicago, Illinois 60606

Dion W. Hayes (VSB No. 34304), Douglas M. Foley (VSB No. 34364), MCGUIREWOODS LLP,
One James Center, 901 E. Cary Street,
Richmond, Virginia 23219

Counsel to the Debtors and Debtors in Possession

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are set forth at the end of this Notice.

---

THOMAS M. GEHER (Bar No. 130588)
JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567
Email: jae@jmbm.com
Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

In re
PENTA WATER COMPANY, INC.,
a California corporation,
Debtor.

CASE NO. 09-15145-LT11
Chapter 11
**NOTICE OF** AUCTION SALE OF ASSETS AND MOTION OF DEBTOR IN POSSESSION:
(1) TO CONDUCT AUCTION SALE OF CERTAIN ASSETS OF THE ESTATE;
(2) FOR APPROVAL TO SELL TO SUCCESSFUL BIDDER CERTAIN ASSETS OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES;
(3) FOR A DETERMINATION THAT THE SUCCESSFUL BIDDER FOR THE ASSETS IS A "GOOD FAITH" PURCHASER; AND
(4) FOR APPROVAL TO ASSUME AND ASSIGN TO SUCCESSFUL BIDDER CERTAIN EXECUTORY CONTRACTS

**Auction and Hearing Date:**
Date: March 18, 2010
Time: 2:00 p.m.
Ctrm: 3
25 West "F" Street
San Diego, CA 9210123

PLEASE TAKE NOTICE that on March 18, 2010, at 2:00 p.m., or as soon thereafter as the matter can be heard, in the courtroom of the Honorable Laura S. Taylor, United States Bankruptcy Judge, Department 3, Room 129, 325 West "F" Street, San Diego, California (i) an auction sale ("Auction") with respect those "Assets" set forth on Exhibit "A" hereto, and (ii) a hearing with respect to that Motion of Debtor in Possession: (1) To Conduct Auction Sale of Certain Assets of the Estate; (2) For Approval to Sell to Successful Bidder Certain Assets of the Estate Free and Clear of Liens, Claims, Interests and Encumbrances; (3) For a Determination That the Successful Bidder For the Assets Is a "Good Faith" Purchaser; and (4) For Approval to Assume and Assign to Successful Bidder Certain Executory Contracts (the "Motion") filed by Penta Water Company, Inc., a California corporation, debtor and debtor in possession in this chapter 11 case ("Debtor"), will be conducted whereby Debtor proposes to

1. Conduct the Auction of the Assets and sell the Assets in accordance with the terms and conditions of that Asset Purchase Agreement (the "APA"), a copy of which is appended to the Motion as Exhibit "A";

2. Obtain an Order of the Court approving the sale of the Assets, free and clear of all liens, claims, interests and encumbrances, to the successful bidder at the Auction; and

3. Obtain an Order of the Court approving Debtor's assumption, and assignment to the successful bidder at the Auction, of (a) all purchase orders pending with Debtor (the "Purchase Orders"), and (b) that License and Manufacturing Agreement between Debtor (f/k/a Bio-Hydration Research Lab, Inc.) and AquaPhotonics, Inc. ("Licensor"), dated as of May 28, 2003, as amended from time to time (the "License"), which covers the use by Debtor of certain technology utilized in Debtor's bottling and distribution of bottled water, including all benefits, credits and pre-payments attendant to the License.

Any party interested in participating in the Auction and/or obtaining a copy of the Motion, which includes the APA, should contact David Hochman by email at dhochman@pentawater.com.

PLEASE TAKE FURTHER NOTICE that any opposition to the Motion must comply with the applicable Local Rules of the United States Bankruptcy Court for the Southern District of California, be filed with the Clerk of the United States Bankruptcy Court located at 325 West "F" Street, San Diego, California 92101 and be served on (i) counsel for Debtor, Karol Denniston, DLA Piper LLP, 550 South Hope Street, Suite 2300, Los Angeles, California 90071, and one original and one copy of such papers with proof of service must be filed with the Clerk of the U.S. Bankruptcy Court at 325 West "F" St., San Diego, California 92101-6991, NOT LATER THAN FOURTEEN (14)[1] DAYS FROM THE DATE OF SERVICE OF THIS NOTICE.

PLEASE TAKE FURTHER NOTICE that failure to respond to the Motion may result in the Court granting the relief requested by the Motion.

Dated: February 17, 2010
JEFFER, MANGELS, BUTLER & MARMARO LLP
By: /s/ Joseph A. Eisenberg
JOSEPH A. EISENBERG P.C.,
Attorneys for Penta Water Company, Inc.,
Debtor and Debtor in Possession

[1] If you were served electronically or by mail, you have three (3) additional days to take the abovestated actions.

**EXHIBIT "A"**
**DESCRIPTION OF THE ASSETS**

A. The License, which covers the use by Debtor of certain technology utilized in Debtor's bottling, distribution and sale of bottled water (the "Business"), including all benefits, credits and pre-payments attendant to the License (the "Royalty Credit");

B. All accounts, notes, contracts for payment and all other property rights which would normally be considered "accounts receivable" in accordance with GAAP (the "Accounts Receivable");

C. All cavitation tanks and purification process line machinery, equipment and fixtures owned or utilized by Debtor ("Equipment");

D. All intangible property owned, leased to, licensed to or otherwise utilized by Debtor relating to Debtor's Business or the Assets, including, without limitation, the Intellectual Property, as such term is defined by the APA, all warranties and similar guarantees of quality or performance given by third parties in respect of goods delivered or services performed, goodwill, Approvals, as such term is defined by the APA, confidential or proprietary information, covenants not to compete, all designs and works of art used on labels and other packaging of the Inventory, as such term is defined below, all advertising campaign materials, all clinical studies, if any, performed with respect to any of the Assets, vendor numbers and other similar rights and privileges of Debtor with respect to Debtor's customers and any other assets, identifiable or unidentifiable, normally considered an "intangible asset" under GAAP (the "Intangible Assets");

E. All inventories owned by Debtor relating to the Business, including without limitation, all packaging, finished goods, raw materials, supplies, work in process, spare parts and other miscellaneous items of tangible property normally considered a part of "inventory" under GAAP (the "Inventory") including, but not limited to, Inventory in transit to Debtor at the time of Closing, as such term is defined by the APA, provided that the Inventory in transit must be paid for by the successful purchaser, insofar as Debtor has not paid for same;

F. All rights of Debtor under: (i) the License; and (ii) all open Purchase Orders (collectively, the "Assigned Contracts");

G. All personal property (including parts, furniture and furnishings), other than Equipment, Intangible Assets and Inventory, owned, held or leased by Debtor and which has been or is now used by Debtor in connection with the Business or the Assets (the "Other Personalty");

H. Originals or copies of all books, financial and other records and information which have been reduced to written, recorded or encoded form relating to the Business, the Assets or the Assigned Contracts, including without limitation, customer lists and related sales histories, credit policies and credit information with respect to existing customers, distribution and sales lists, existing cost and pricing data, existing business plans, advertising and promotion plans and materials, product development plans, product advertisement and packaging designs, forecasts, market research reports, competitor information, reference catalogs and product efficacy research in each case in existence as of January 15, 2010, as such items may be modified or augmented in the ordinary course of business (collectively, the "Books and Records");

I. Without limiting the foregoing, and subject to all applicable third party rights of licensors and others, all computer hardware, computer software, computer software documentation, including source code, and systems documentation used in the Business in each case in existence as of March 1, 2010, as such items may be modified or augmented in the ordinary