Mona M. Murphy, Esquire
Virginia Bar No. 21589
Stanley M. Salus, Esquire
Virginia Bar No. 00464
Michael Goldberg, Esquire (admitted *pro hac vice*)
Joanne Gelfand, Esquire (admitted *pro hac vice*)
Akerman Senterfitt LLP
8100 Boone Boulevard, Suite 700
Vienna, Virginia  22182-2642
(703) 790-8750
*Counsel to Samsung Electronics America, Inc.*
_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **CIRCUIT CITY STORES, INC.,** *et al.*, ) | **Case No. 08-35653 (KRH)** |
| ) | **(Chapter 11)** |
| ) | **Jointly Administered** |
| **Debtors.** ) | |

**SAMSUNG ELECTRONICS AMERICA, INC.'S AMENDED MOTION FOR LEAVE TO APPEAL AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF MOTION**

Samsung Electronics America, Inc. ("Samsung"), by and through its undersigned counsel and pursuant to 28 U.S.C. § 158(a)(3) and Rule 8003 of the Federal Rules of Bankruptcy Procedure (the "Rules"), seeks entry of an Order granting it leave to appeal from the Bankruptcy Court's Order on Debtors' Fifty-First and Fifty-Second Omnibus Objections entered in the above-captioned case on January 6, 2010 (together with an accompanying Memorandum Opinion, the "Order") [Docket Nos. 6228-1, 6228] and in support hereof states as follows:[1]

**INTRODUCTORY STATEMENT**

---

[1] Samsung previously filed a Motion for Leave to Appeal (Dkt No. 6336, 6337) in conjunction with the filing of its original Notice of Appeal (Dkt. No. 6335) from the Order.  Because, in an abundance of caution, Samsung filed an Amended Notice of Appeal (Dkt. No. 6720), it is also filing in conjunction therewith this Amended Motion for Leave to Appeal.

{TY099997;1}

Samsung is filing this motion in an abundance of caution as Samsung contends that the Order is final and appealable as of right pursuant to 28 U.S.C. 158(a).  See *A. H. Robins Co., Inc. v. Piccinin,* 788 F.2d. 994, 1009 (4th Cir. 1986).  Although the Order purports ONLY to "temporarily" disallow Samsung's Section 503(b)(9) administrative expenses, the practical effect of the Order will be to permanently deprive Samsung of its ability to collect these expenses as the Debtors intend to make distributions to the holders of allowed administrative expenses without reserving funds for the holders of temporarily allowed administrative expenses like Samsung.  *See* Plan (defined below) at Art. III, §1.

Outside of bankruptcy, a final order conclusively determines the rights of the parties in the litigation leaving nothing for the court to do.  *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467 (1978) (citations omitted); *Charter Co. v. Prudential Ins. Co. (In re Charter Co.),* 778 F.2d 617, 621 (11th Cir. 1985) (*quoting Catlin v. United States,* 324 U.S. 229, 233 (1945); 28 U.S.C. § 1291.  As shown below, in bankruptcy the approach to finality is less stringent.  Yet, clearly the Order disposed of a critical and discrete issue, *to wit,* whether Section 502(d) applies to Section 503(b)(9) administrative expenses, and, thus, leaves nothing for the court to do concerning that issue.  *See Charter Co. v. Prudential Ins. Co. (In re Charter Co.),* 778 F.2d 617, 621 (11th Cir. 1985) (*quoting Catlin v. United States*, 324 U.S. 229, 233 (1945).

The Fourth Circuit recognizes that the concept of finality is applied in a more pragmatic and less technical way in bankruptcy cases than in other situations.  *A. H. Robins Co.,* 788 F.2d. at 1009 (citations omitted).  Because a discrete dispute between a debtor and its creditors over a claim or a priority, for example, is a separate "proceeding" in bankruptcy, orders resolving such disputes should be considered final.  *Id.,* (citations omitted).  Moreover, adopting a flexible

approach to finality avoids the waste of time and resources resulting from the review of discrete issues *after* confirmation of a plan.  *Id.,* (citations omitted).

Adopting this pragmatic approach to finality, the Second Circuit recently held that an order "temporarily" disallowing a Section 503(b) administrative expense claim pursuant to Section 502(d), was final for appellate purposes.  *ASM Capital, LP v. Ames Dept. Stores, Inc. (In re Ames)*, 582 F.3d 422, 426-27 (2d Cir. 2009).  The Court reasoned that the order had the practical effect of finality because the debtor would never collect the judgment from the creditor and thus the claim would never be allowed.  *Id.*

The Debtors here are marching to confirmation, and hoping to achieve it by depriving Samsung and others of their rights to full payment of their Section 503(b)(9) administrative expenses.  *See* 11 U.S.C. § 1129(a)(9) (unless otherwise agreed, all administrative expenses must be paid on the effective date of the Plan).  Because of the Debtors' resolve to proceed to confirmation prior to even commencing the alleged preference actions without reserving any monies for distribution on account of the "temporarily" disallowed claims, Samsung is being hamstrung and deprived of the ability to collect its administrative expenses.  The predicament of Samsung evidences that the practical effect of the Order is to finally determine Samsung's rights and permanently strip Samsung of its substantial administrative expense priority.

Notwithstanding that Samsung is confident the Order meets the requirements of finality, in an abundance of caution Samsung is filing this motion seeking leave to appeal.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

1.  The Debtors[2] filed their voluntary petitions under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Code") on November 10, 2008.

---

[2] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc.

{TY099997;1}                      3

2. On November 12, 2009, on the motion of the Debtors, the Court entered an Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims under Bankruptcy Code Sections 105 and 503(B)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date pursuant to Bankruptcy Rule 9007 (the "Administrative Expense Claim Order") [Dkt. No. 107], which order required each creditor with a claim for administrative expenses under Code Section 503(b)(9) to file a "Section 503(b)(9) Claims Request" in a form attached as Exhibit B, or alternatively, by motion, by the stated bar date. *See* Adm. Exp. Cl. Order, ¶¶ 2, 6 and Exh. B.

3. On April 1, 2009, on the motion of the Debtors seeking a bar date and related procedures for the filing of administrative expense claims including 503(b)(9) claims, this Court entered an Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (the "Omnibus Objection Procedure Order") [Dkt. No. 2881].

4. Samsung timely filed its Section 503(b)(9) Claim Request for payment of its administrative expenses under 503(b)(9) pursuant to the Administrative Expense Claim Order, *i.e.*, Samsung's 503(b)(9) Claim No. 1425, in the amount of $19,262,466.96 (the "503(b)(9) Claim"), for goods it provided to the Debtor, and received by the Debtor, within 20 days prior to the Petition Date.[3]

---

(1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), PRAHS, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3] Samsung also filed two proofs of claim for its general unsecured claims herein: Claim No. 2144 and Claim No. 2425 are identical general unsecured claims in the amount of $122,577,855.01. Claim No. 2144 was disallowed as a duplicate of Claim No. 2425, pursuant to the Order Sustaining Debtors' Tenth Omnibus Objection to Certain Duplicate Claims. In the Debtors' Twenty-Third Omnibus Objection to Claims (Modification of Certain Duplicate 503[b][9] Claims), the Debtors sought to disallow portions of Samsung's general unsecured Claim No. 2425 to the extent the 503(b)(9) Claim (No. 1425) is also asserted as a general unsecured claim. Thus, the Debtors sought to reduce the amount of Claim No. 2425 by $19,262,466.96, which represents the amount of the 503(b)(9) Claim. Samsung filed a Response to the Debtors' Twenty-Third Omnibus Objection to Claims, reserving its right to maintain the full amount of its claims, whether they be administrative expense claims or general unsecured claims, but not objecting to the reduction sought by Debtors. The parties agreed to the reduction of Samsung's Claim No

5. The Debtors filed their First Amended Joint Plan of Liquidation (the "Plan") on September 29, 2009 [Dkt. No. 5124]. The Plan is currently scheduled for a confirmation hearing on February 11, 2010.

6. On October 13, 2009, the Debtors filed their (I) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference [Dkt. No. 5216] (the "52nd Omnibus Objection") with a Brief in Support thereof [Dkt. No. 5217] ("Debtors' Brief"), seeking an order "temporarily disallowing each of the claims identified on Exhibit C up to the amount of the Preferential Transfers . . . pending return of the Preferential Transfers." 52nd Omn. Obj. ¶ 9.

7. Samsung's 503(b)(9) Claim was listed on Debtors' Exhibit C to the 503(b)(9) Claims Objection in the docketed amount of $19,262,466.96. Exhibit C also showed that the Debtors, for the first time, asserted a preference of $51,466,693.00 against Samsung (the "Alleged Preference"), which they sought to set off against Samsung's Claim No. 1425 by "temporarily disallowing" such claim until such time as Samsung returns the Alleged Preference. *See* Debtors' Br. at 4. The Debtors have not initiated an adversary proceeding on its Alleged Preference, and no evidence has been presented to the Court on the Alleged Preference.

8. A large number of creditors filed responses to the 51st and 52nd Omnibus Objections (*see* Mem. Op. n. 5) (the "Respondents"), and the Debtors filed two reply briefs on November 10, 2009 [Dkt. Nos. 5621 and 5622].

9. Samsung is informed and believes that the Debtors filed additional omnibus claims objections, including Debtors (I) Fifty-First Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference [Dkt. No. 5214] (the "51st Omnibus Objection"), to all Section 503(b)(9) claims on essentially the same grounds and is seeking the same relief as asserted

---

2425 by the amount of the 503(b)(9) Claim (No. 1425), subject to Samsung's right to amend Claim 2425 to reassert any portion of No. 1425 that is found to be a general unsecured claim rather than a 503(b)(9) claim as set forth in the Court's Supplemental Order on Debtor's Twenty-Third Omnibus Objection to Claims (Modification of Certain Duplicative 502(b)(9) Claims, entered January 15, 2010 [Dkt. No. 6295].

{TY099997;1}                                      5

against Samsung and the other creditors listed in the 52nd Omnibus Objection, *i.e.*, that such creditors may have received preferential transfers that could be avoidable under Section 547(b), and that the Court should reduce any 503(b)(9) claims by "temporarily disallowing" such claim under Code Section 502(d) until such time as the creditors return the allegedly preferential transfer to the estate.

10. A hearing was held on the 51st and 52nd Omnibus Objections on November 12, 2009. At the hearing, with respect to the Section 503(b)(9) claims listed in both objections, the Court heard argument on one legal issue only: "whether § 502(d) can be used to temporarily disallow ¶ 503(b)(9) claims." *See* Mem. Op. at 1.

11. On January 6, 2006, the Court issued the Order and Memorandum Opinion, partially sustaining the 51st and 52nd Omnibus Objections with respect to the Respondents' 503(b)(9) claims, and temporarily disallowing such claims. [Dkt. Nos. 6228 and 6288-1]. In the Order the Court ruled:

 a. "The Debtors may apply 11 U.S.C. § 502(d) to temporarily disallow the claims filed by Respondents under 11 U.S.C. § 503(b)(9) up to the amount potentially recoverable on account of preferential transfers allegedly avoidable under 11 U.S.C. § 547"; and

 b. "The Respondents' § 503(b)(9) claims identified in the Objections are temporarily disallowed (the 'Disallowed Claims')."

### Questions Presented and Relief Requested

12. The questions presented on appeal are as follows:

 a. Whether the Bankruptcy Court erred in sustaining the Debtor's Fifty-First and Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims.

 b. Whether the Bankruptcy Court erred in finding that administrative expenses arising under Section 503(b)(9) of the Bankruptcy Code are subject to temporary disallowance under Section 502(d) of the Code.

{TY099997;1}                                6

    c.    Whether the Bankruptcy Court erred in finding that Section 502(d) of the Bankruptcy Code is applicable to Section 503(3)(b) administrative expenses.

    d.    Whether the Bankruptcy Court erred in temporarily disallowing Samsung's Section 503(b)(9) administrative expenses pursuant to Section 502(d) of the Bankruptcy Code, prior to an adjudication of the Debtor's alleged preference claim against Samsung.

    e.    Whether the Bankruptcy Court erred in finding that creditors seeking administrative priority under Section 503(b)(9) are required to file a proof of claim pursuant to Section 501 of the Bankruptcy Code.

    f.    Whether the Bankruptcy Court erred in ruling that the Debtors could seek a temporary disallowance of Samsung's Section 503(b)(9) administrative expenses pursuant to Section 502(d) of the Bankruptcy Code within the claims resolution process and not in an adversary proceeding.

    g.    Whether the Bankruptcy Court erred in ruling that the Debtors were not seeking affirmative relief when they sought temporary disallowance of Samsung's Section 503(b)(9) administrative expenses pursuant to Section 502(d) of the Bankruptcy Code.

13.    Samsung seeks an order from the District Court reversing the Bankruptcy Court's Order and overruling the Debtor's Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims.

## Statement of Reasons to Grant Appeal

14.    The District Court has jurisdiction to hear Bankruptcy Court appeals of final judgments, orders, and decrees pursuant to 28 U.S.C. § 158(a). *In re Paschall*, 408 B.R. 79, 84 (E.D. Va. 2009). However, leave of the Court is required to appeal from an interlocutory order. *See Atlantic Textile Group, Inc. v. Neal,* 191 B.R. 652, 653 (E.D. Va. 1996).

15.    The Eastern District of Virginia follows the standards set forth in 28 U.S.C. Section 1292(b) to guide the Court's discretion in granting leave to appeal. *See In re Paschall*, 408 B.R. at 84. *See also Atlantic Textile Group, Inc.*, 191 B.R. at 653 ("This approach, while not

required by the terms of Section 158, provides a useful framework for considering the merits of a discretionary appeal.") (emphasis added).  Section 1292(b) permits leave to file an interlocutory appeal when: 1) the order involves a controlling question of law; 2) as to which there is a substantial ground for a difference of opinion; and, 3) immediate appeal would materially advance the termination of the litigation. *Id.*

16.    The Order addresses the discrete and controlling issue of law, *to wit,* whether Section 502(d) applies to the newly enacted Section 503(b)(9).[4]  *See supra* Questions Presented for enumeration of collateral discrete issues.  Because of the brief history of Section 503(b)(9), these are novel issues with very little case law addressing them and no appellate decisions of record.  *See In re Plastech Eng'd Prods., Inc.*, 394 B.R. 147, 161 (Bankr. E.D. Mich. 2008) (Section 503[b][9] is not subject to Section 502[d]); *Southern Polymer, Inc. v. TI Acquisition, LLC (In re TI Acquisition, LLC)*, 410 B.R. 742 (Bankr. N.D. Ga. 2009) (same).  Although the Bankruptcy Court cites the decision of *In re Plastech Eng'd Prods. Inc.*, as in line with the majority of courts who have ruled more generally on the applicability of Section 502(d) to administrative expense claims arising under Section 503(b), the Court comes down on the opposite side of the issue.  *See* Mem. Op. at 9.  Furthermore, the decisions in *In re Plastech Eng'd Prods., Inc., In re MicroAge, Inc. v. Viewsonic Corp. (In re MicroAge, Inc.),* 291 B.R. 503 (B.A.P. 9th Cir. 2002), and the Memorandum Opinion exemplify the substantial grounds for a difference of opinion among the courts.  The Bankruptcy Court recognized: "Courts are split on the issue of whether or not § 502(d) can be read to apply to claims for administrative expense. The majority of courts have held that § 502(d) is generally not applicable to § 503(b) claims. [cites omitted]"  Mem. Op at 9. Moreover, the extent and variety of briefing below by the Debtors and the thirty-four creditors who responded to the 51st and 52nd Omnibus Objections further demonstrates these differences of opinion among the parties.  Finally, the fact that the Order affects thirty-four 503(b)(9) respondents shows that review would materially advance the

---

[4] Section 503(b)(9) gives administrative expense priority to creditors that delivered goods to a debtor within the twenty days prior to bankruptcy for which the debtor did not pay.  11 U.S.C. § 503(b)(9).

termination of substantial litigation between each of the claimants and the Debtors, including the contested matters instituted by Debtors' filing of the 51st and 52nd Omnibus Claims Objections.

17. The Fourth Circuit permits review of non-final orders pursuant to the collateral order doctrine. *See Grundy Nat'l Bank v. Looney (In re Looney)*, 823 F.2d 788, 791 (4th Cir. 1987). To satisfy the collateral order doctrine as originally enunciated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), the movant must show that the order: 1) conclusively determines the disputed question; 2) resolves an important issue completely separate from the merits of the action; and 3) is effectively unreviewable on appeal from a final judgment. *In re Looney,* 823 F.2d at 791 (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 [1978]). The Fourth Circuit has determined that appeals which would be "effectively unreviewable" after resolution on the merits should be heard, although they may not technically be final. *See Shipbuilders Council of. America v. U.S. Coast Guard*, 578 F.3d 234, 239-240 (4th Cir. 2009).

18. The collateral order doctrine applies here because:

   a. The Order conclusively determines the disputed question of law, *i.e*., whether Section 502(d) of the Bankruptcy Code can be used to temporarily disallow Section 503(b)(9) administrative expense claims together with the related issues listed in the above Questions Presented;

   b. this issue of law is separate from the merits of the main bankruptcy case, including confirmation issues, and from the merits of any future adversary proceedings arising from the Debtors' Alleged Preference; and

   c. delay of review until the conclusion of the bankruptcy case or of any future adversary proceedings on preferences will make meaningful review impossible because, by that point, the Debtor will have distributed all the estates' assets leaving no funds to pay any reinstated administrative expense claims if the Debtors cannot prove the Alleged Preference.

**Copy of Order and Memorandum**

19.     A copy of the Order on Debtors' Fifty-First and Fifty-Second Omnibus Objections entered in the above-captioned case on January 6, 2010 and its accompanying Memorandum Opinion are attached hereto as Exhibits A and B.

WHEREFORE, Samsung respectfully requests that the District Court enter an order 1) granting this motion and leave to appeal the Order, and 2) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

**DATED:**  March 8, 2010          **AKERMAN SENTERFITT LLP**

By:     /s/ Mona M. Murphy_____
Mona M. Murphy, Esquire
Virginia Bar No. 21589
Stanley M. Salus, Esquire
Virginia Bar No. 00464
8100 Boone Boulevard, Suite 700
Vienna, VA  22182-2642
tel.:  (703) 790-8750
fax:  (703) 448-1767
mona.murphy@akerman.com

Michael Goldberg, Esquire (admitted *pro hac vice*)
Joanne Gelfand, Esquire (admitted *pro hac vice*)
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL  33301-2229
Phone:  (954) 463-2700
Fax:  (954) 463-2224
Email:  michael.goldberg@akerman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 8th day of March, 2010, a copy of the foregoing Motion was sent to the United States Trustee, counsel for the Debtors, counsel for the unsecured creditors committee, and all creditors and parties-in-interest who are included in the United States Bankruptcy Court's ECF e-mail notification system for this case, by virtue the electronic filing of same. In addition, electronic mail notice was given to Debtor's counsel and the United States Trustee as follows:

> Gregg M. Galardi, Esquire
> Ian S. Fredericks, Esquire
> Skadden, Arps, Slate, Meagher & Flom LLP
> One Rodney Square
> Wilmington, DE 19899
> gregg.galardi@skadden.coml
>
> Dion W. Hayes, Esquire
> Douglas M. Foley, Esquire
> McGuire Woods LLP
> One James Center
> 901 E. Cary Street
> Richmond, VA 23219
> dfoley@mcguirewoods.com
>
> Chris L. Dickerson, Esquire
> Skadden, Arps, Slate, Meagher & Flom LLP
> 333 West Wacker Drive
> Chicago, IL 60606
> chris.dickerson@skadden.com
>
> Robert B. Van Arsdale, Esquire
> Office of the U.S. Trustee
> 701 E. Broad Street, Suite 4304
> Richmond, VA 23219
> Robert.B.Van.Arsdale@usdoj.gov

                                                /s/ Mona M. Murphy\_\_\_
                                                Mona M. Murphy