Mona M. Murphy, Esquire
Virginia Bar No. 21589
Stanley M. Salus, Esquire
Virginia Bar No. 00464
Michael Goldberg, Esquire (admitted *pro hac vice*)
Joanne Gelfand, Esquire (admitted *pro hac vice*)
Akerman Senterfitt LLP
8100 Boone Boulevard, Suite 700
Vienna, Virginia  22182-2642
(703) 790-8750
*Counsel to Samsung Electronics America, Inc.*
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **CIRCUIT CITY STORES, INC.,** *et al.*, ) | **Case No. 08-35653 (KRH)** |
| ) | **(Chapter 11)** |
| ) | **Jointly Administered** |
| Debtors. ) | |

### SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION FOR LEAVE TO INCLUDE ARGUMENTS OF COUNSEL IN RECORD ON APPEAL AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF MOTION

Samsung Electronics America, Inc. ("Samsung"), by and through its undersigned counsel and pursuant Local Rule 8006-1, requests leave of Court to include arguments of counsel in the record on appeal, and in support hereof states as follows:

### STATEMENT OF PROCEDURAL HISTORY

1.     The Debtors[1] filed their voluntary petitions under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Code") on November 10, 2008.

_____

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), PRAHS, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster,

2.      On November 12, 2009, on the motion of the Debtors, the Court entered an Order

Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims under

Bankruptcy Code Sections 105 and 503(B)(9) and Approving Form, Manner and Sufficiency of

Notice of the Bar Date pursuant to Bankruptcy Rule 9007 (the "Administrative Expense Claim

Order") [Dkt. No. 107], which order required each creditor with a claim for administrative

expenses under Code Section 503(b)(9) to file a "Section 503(b)(9) Claims Request" in a form

attached as Exhibit B, or alternatively, by motion, by the stated bar date.  *See* Adm. Exp. Cl.

Order, ¶¶ 2, 6 and Exh. B.

3.      On April 1, 2009, on the motion of the Debtors seeking a bar date and related

procedures for the filing of administrative expense claims including 503(b)(9) claims, this Court

entered an Order Establishing Omnibus Objection Procedures and Approving the Form and

Manner of Notice of Omnibus Objections (the "Omnibus Objection Procedure Order") [Dkt. No.

2881].

4.      Samsung timely filed its Section 503(b)(9) Claim Request for payment of its

administrative expenses under 503(b)(9) pursuant to the Administrative Expense Claim Order,

*i.e.*, Samsung's 503(b)(9) Claim No. 1425, in the amount of $19,262,466.96 (the "503(b)(9)

Claim"), for goods it provided to the Debtor, and received by the Debtor, within 20 days prior to

the Petition Date.[2]

---

Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and
currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.
[2] Samsung also filed two proofs of claim for its general unsecured claims herein:  Claim No. 2144 and Claim No.
2425 are identical general unsecured claims in the amount of $122,577,855.01.  Claim No. 2144 was disallowed as a
duplicate of Claim No. 2425, pursuant to the Order Sustaining Debtors' Tenth Omnibus Objection to Certain
Duplicate Claims.  In the Debtors' Twenty-Third Omnibus Objection to Claims (Modification of Certain Duplicate
503[b][9] Claims), the Debtors sought to disallow portions of Samsung's general unsecured Claim No. 2425 to the
extent the 503(b)(9) Claim (No. 1425) is also asserted as a general unsecured claim.  Thus, the Debtors sought to
reduce the amount of Claim No. 2425 by $19,262,466.96, which represents the amount of the 503(b)(9) Claim.
Samsung filed a Response to the Debtors' Twenty-Third Omnibus Objection to Claims, reserving its right to
maintain the full amount of its claims, whether they be administrative expense claims or general unsecured claims,
but not objecting to the reduction sought by Debtors.  The parties agreed to the reduction of Samsung's Claim No
2425 by the amount of the 503(b)(9) Claim (No. 1425), subject to Samsung's right to amend Claim 2425 to reassert
any portion of No. 1425 that is found to be a general unsecured claim rather than a 503(b)(9) claim as set forth in the
Court's Supplemental Order on Debtor's Twenty-Third Omnibus Objection to Claims (Modification of Certain
Duplicative 502(b)(9) Claims, entered January 15, 2010 [Dkt. No. 6295].

5.      The Debtors filed their First Amended Joint Plan of Liquidation (the "Plan") on September 29, 2009 [Dkt. No. 5124].  The Plan is currently scheduled for a confirmation hearing on February 11, 2010.

6.      On October 13, 2009, the Debtors filed their (I) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference [Dkt. No. 5216] (the "52nd Omnibus Objection") with a Brief in Support thereof [Dkt. No. 5217] ("Debtors' Brief"), seeking an order "temporarily disallowing each of the claims identified on Exhibit C up to the amount of the Preferential Transfers . . . pending return of the Preferential Transfers."  52nd Omn. Obj. ¶ 9.

7.      Samsung's 503(b)(9) Claim was listed on Debtors' Exhibit C to the 503(b)(9) Claims Objection in the docketed amount of $19,262,466.96.  Exhibit C also showed that the Debtors, for the first time, asserted a preference of $51,466,693.00 against Samsung (the "Alleged Preference"), which they sought to set off against Samsung's Claim No. 1425 by "temporarily disallowing" such claim until such time as Samsung returns the Alleged Preference. *See* Debtors' Br. at 4.  The Debtors have not initiated an adversary proceeding on its Alleged Preference, and no evidence has been presented to the Court on the Alleged Preference.

8.      Samsung is informed and believes that the Debtors filed additional omnibus claims objections, including Debtors' (I) Fifty-First Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference [Dkt. No. 5214] (the "51st Omnibus Objection"), to all Section 503(b)(9) claims on essentially the same grounds and is seeking the same relief as asserted against Samsung and the other creditors listed in the 52nd Omnibus Objection, *i.e.*, that such creditors may have received preferential transfers that could be avoidable under Section 547(b), and that the Court should reduce any 503(b)(9) claims by "temporarily disallowing" such claim under Code Section 502(d) until such time as the creditors return the allegedly preferential transfer to the estate.

9.      Samsung, and large number of other affected creditors, filed responses to the 51st and 52nd Omnibus Objections (*see* Mem. Op. n. 5) (the "Respondents"), and the Debtors filed two reply briefs on November 10, 2009 [Dkt. Nos. 5621 and 5622], and set the hearing on the 51st and 52nd Omnibus Objections for November 12, 2009 (the "Omnibus Objection Hearing").

10.     Samsung sought discovery from the Debtors regarding the Alleged Preferences, and filed a motion and related pleadings [Dkt. Nos. 5312, 5314, 5329] seeking a shortened response time for such discovery (the "Discovery Motion") in order to be prepared for the Omnibus Objection Hearing, and the Debtors objected to such motion [Dkt. 5407].

11.     A hearing on the Discovery Motion was held on November 3, 2009 (the "Discovery Hearing"), and the Court denied the Discovery Motion for reasons stated on the record, based on the arguments of counsel, including "the Court being aware that counsel for the debtor is not going to seek a temporary disallowance of any claim that is filed, to which a response is timely filed at the hearing on  the 12th [*i.e.*, the Omnibus Objection Hearing]"  *See* Disc. Hrg. Trans. at 27:22-25 [Dkt. 5798] and Order [Dkt. 5556].

12.     At the Omnibus Objection Hearing, with respect to the Section 503(b)(9) claims listed in both objections, the Court heard argument on one legal issue only:  "whether § 502(d) can be used to temporarily disallow ¶ 503(b)(9) claims."  *See* Mem. Op. at 1.

13.     In light of the relief requested in the 51st and 52nd Omnibus Objections, Pioneer Electronics, Inc. ("Pioneer") filed a Motion to Compel Debtors to Make a Confirmation Deposit under Fed. R. Bankr. P. 3020(a) with Memorandum of Points and Authorities [Dkt. No. 5464], and Samsung also filed a Motion under Fed. R. Bankr. P. 3020(a) for Order Requiring Confirmation Deposit and Joinder to Motion of Pioneer Electronics for Same [Dkt. No. 5614] (together the "Confirmation Deposit Motions").  Six creditors joined in the Confirmation Deposit Motions.  *See* Dkt. Nos. 5663, 5668, 5695, 5734, 5742, 5752.  At Debtors' request, the movants have agreed to put off hearing on the Confirmation Deposit Motions until just before the hearing on confirmation.   The confirmation hearing has been repeatedly rescheduled and is now scheduled for April 6, 2010, as are the Confirmation Deposit Motions.

14.   On January 6, 2006, the Court issued the Order and Memorandum Opinion, partially sustaining the 51st and 52nd Omnibus Objections with respect to the Respondents' 503(b)(9) claims, and temporarily disallowing such claims.  [Dkt. Nos. 6228 and 6288-1].  In the Order the Court ruled:

a.   "The Debtors may apply 11 U.S.C. § 502(d) to temporarily disallow the claims filed by Respondents under 11 U.S.C. § 503(b)(9) up to the amount potentially recoverable on account of preferential transfers allegedly avoidable under 11 U.S.C. § 547"; and

b.   "The Respondents' § 503(b)(9) claims identified in the Objections are temporarily disallowed (the 'Disallowed Claims')."

15.   Samsung filed a timely Notice of Appeal of the Order, and a Motion for Leave to Appeal and Incorporated Memorandum of Law in Support of Motion[3], and Notice of Motion for Leave to Appeal on January 20, 2010.  [Dkt. Nos. 6335, 6336, 6337].

16.   Three other creditors affected by the Order also filed timely Notices of Appeal and Motions for Leave to Appeal.  *See* motions and notices filed by LG Electronics USA, Inc. ("LG") [Dkt. Nos. 6318, 6320, 6321]; United States Debt Recovery LLC ("US Debt") [Dkt. Nos. 6327, 6329, 6330]; and PNY Technologies, Inc. ("PNY") [Dkt. Nos. 6331, 6333, 6334] (collectively, LG, US Debt, and PNY, with Samsung, are referred to hereinafter as "Appellants").

17.   In addition, two creditors timely filed a joint motion for reconsideration of the Order ("Apex/THQ Motion") [Dkt. No. 6258], and six creditors filed joinders to the Apex/THQ Motion.  *See* joinders filed by PNY  Technologies, Inc. [Dkt. No. 6322]; Paramount Home Entertainment Inc. [Dkt. No. 6323]; Olympus Corporation and Olympus Imaging America, Inc. [Dkt. No. 6349]; Onkyo USA Corporation [Dkt. No. 6351]; Toshiba America Consumer Products, LLC [Dkt. No. 6370]; and Bethesda Softworks LLC [Dkt. No. 6378].

18.   The Debtors filed an objection to the Apex/THQ Motion [Dkt. No. 6382], and Apex Digital Inc. and THQ, Inc. filed a Reply to such Objection [Dkt. No. 6449].

---

[3] Samsung filed its Motion for Leave to Appeal in an abundance of caution as Samsung contends that the Order is final and appealable as of right pursuant to 28 U.S.C. 158(a), as set forth more fully in that Motion.

19.    The Appellants and the Debtors filed a Stipulation and Order Staying Appeals and Extending Deadlines under Bankruptcy Rules 8001 through 8007 and 8009 with Respect to the Notices of Appeal and the Motions for Leave to Appeal Filed by [LG., US Debt, PNY and Samsung], and the Court entered the same on February 8, 2010 [Dkt. No. 6482] (the "Stipulation and Order").

20.    On February 23, 2010, the Court issued an Order on Motion to Reconsider, denying the Apex/THQ Motion (the "Order on Reconsideration")with a Supplemental Memorandum Opinion [Dkt. Nos. 6602 and 6601].

21.    On March 8, 2010, Samsung filed an Amended Notice of Appeal [Dkt. No. 6720].[4]

## Relief Requested

22.    Samsung requests leave of Court to include in the record on appeal the arguments of counsel recorded in the transcripts of the November 3, 2010 Discovery Hearing [Dkt. No. 5798] and the November 12, 2010 Omnibus Objection Hearing [Dkt. No. 5813].

## Basis for Relief

23.    Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, and the Stipulation and Order, Appellant Samsung is to file a written designation of the record on appeal within fourteen days of the entry of the Order on Reconsideration, that is, on or before March 9, 2010.[5]

24.    Local Rule 8006-1(A) states:

---

[4] Although Samsung's original Notice of Appeal became effective upon entry of the Court's Order on Motion to Reconsider on February 23, 2010 [Dkt. No. 6602] pursuant to Rule 8002(a), Samsung filed an amended notice in an abundance of caution and to remove any question about the timeliness of its appeal.

[5] The due date for filing the Appellants' designation of the record could be later than March 9, 2010. Rule 8006 and the Stipulation and Order provide that Appellants' designation is due within "fourteen (14) days after filing the notice of appeal, entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of the type specified in Rule 8002(b), *whichever is later.*" Rule 8006. *See* Stipulation and Order at ¶ 2, (emphasis added.)  No order has been entered on the Appellants' various motions seeking leave to appeal. Appellants' time for filing could also be affected by the filing of any amended notice of appeal. *See* Stipulation and Order at ¶ 4. Nevertheless, as stated above, Samsung contends its appeal is of a final order and is ripe without an order granting leave to appeal, and also notes that no amendment of its Notice of Appeal is required since its original Notice of Appeal became effective on the entry of the Order on Reconsideration. *See* Rule 8002(b). Samsung, therefore, is filing its designation by March 9, 2010.

> **Record on Appeal – Exclusions:** *Unless otherwise directed by the Court*, the record on appeal in any matter shall not include counsel's opening statement or arguments of counsel, including arguments of counsel on motions.

(Emphasis added.)   In light of this local rule, Samsung seeks the permission of the Court to include the arguments of counsel presented at the Discovery Hearing and the Omnibus Objection Hearing in the record on appeal.

25.   As the Court emphasized at the Omnibus Objection Hearing and in the Order and Memorandum Opinion, the Court made its determination on legal issues only, so the argument of counsel presented at the Omnibus Objection Hearing is essential to the District Court's review of the issues on appeal, and its understanding of the Court's ruling.  In fact, the Omnibus Objection Hearing was comprised entirely of arguments of counsel – no factual evidence was presented at the Hearing or in the related pleadings.  *See* Mem. Op. at 1.

26.   Moreover, as noted above, at the Discovery Hearing, the Court denied discovery to Samsung based on the argument and representation of counsel for the Debtors that Debtors would not seek a temporary disallowance of any claim by any creditor who responded to the Omnibus Objections.  Nevertheless, the Court temporarily disallowed the claims of Samsung and the other parties who timely responded.

WHEREFORE, Samsung respectfully requests that the Court enter an order 1) granting this motion and leave to include arguments of counsel presented at the Discovery Hearing and the Omnibus Objection Hearing in the record on appeal, and 2) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

**DATED:** March 8, 2010                    **AKERMAN SENTERFITT LLP**


By:     /s/ Mona M. Murphy_____
          Mona M. Murphy, Esquire
          Virginia Bar No. 21589
          Stanley M. Salus, Esquire

Virginia Bar No. 00464
8100 Boone Boulevard, Suite 700
Vienna, VA  22182-2642
tel.:  (703) 790-8750
fax:  (703) 448-1767
mona.murphy@akerman.com

Michael Goldberg, Esquire (admitted *pro hac vice*)
Joanne Gelfand, Esquire (admitted *pro hac vice*)
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL  33301-2229
Phone:  (954) 463-2700
Fax:  (954) 463-2224
Email:  michael.goldberg@akerman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 8th day of March, 2010, a copy of the foregoing Motion was sent to the United States Trustee, counsel for the Debtors, counsel for the unsecured creditors committee, and all creditors and parties-in-interest who are included in the United States Bankruptcy Court's ECF e-mail notification system for this case, by virtue the electronic filing of same.  In addition, electronic mail notice was given to Debtors' counsel and the United States Trustee as follows:

Gregg M. Galardi, Esquire
Ian S. Fredericks, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
Wilmington, DE 19899
gregg.galardi@skadden.coml

Dion W. Hayes, Esquire
Douglas M. Foley, Esquire
McGuire Woods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
dfoley@mcguirewoods.com

Chris L. Dickerson, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL 60606
chris.dickerson@skadden.com

Robert B. Van Arsdale, Esquire
Office of the U.S. Trustee
701 E. Broad Street, Suite 4304
Richmond, VA 23219
Robert.B.Van.Arsdale@usdoj.gov

_/s/ Mona M. Murphy___
Mona M. Murphy

{TY099014;1}                              9