Sharon Z. Weiss
RICHARDSON & PATEL LLP
Murdock Plaza
10900 Wilshire Boulevard, Suite 500
Los Angeles, California 90024
Tel: (310) 208-1182
Fax: (310) 208-1154

*Counsel for Apex Digital, Inc.*

– and –

Michael St. Patrick Baxter
Dennis B. Auerbach
Joshua D. McKarcher (VSB No. 77061)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue NW
Washington, DC  20004-2401
Tel: (202) 662-6000
Fax: (202) 662-6291

*Co-Counsel for Apex Digital, Inc.*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| In Re<br><br>CIRCUIT CITY STORES, INC., *et al.*,<br><br>Debtors. | Case No. 08-35653 (KRH)<br><br>Chapter 11<br><br>Jointly Administered |

**MOTION OF APEX DIGITAL, INC. FOR LEAVE TO APPEAL**

Pursuant to 28 U.S.C. § 158(a)(3) and Federal Rules of Bankruptcy Procedure 8001(b) and 8003, Apex Digital, Inc. ("**Apex**") seeks leave to appeal the Bankruptcy Court's Memorandum Opinion (Doc. No. 6228, attached as **Exhibit A**) and Order on Debtors' Fifty-

First and Fifty-Second Omnibus Objections (Doc. No. 6228-1, **Exhibit B**) and the Supplemental Memorandum Opinion (Doc. No. 6601, **Exhibit C**) and Order on Motion to Reconsider (Doc. No. 6602, **Exhibit D**). As required by Rule 8003, Apex states as follows:

**A.   Facts Necessary to an Understanding of the
      Questions to Be Presented by the Appeal**

1.  On December 12, 2008, Apex timely filed a request pursuant to 11 U.S.C. § 503(b)(9) for payment of $1,490,630.40 for goods received by the Debtors within the 20 days prior to the Debtors' chapter 11 petition. In their Fifty-First Omnibus Objection ("**Objection**"), the Debtors alleged that Apex received approximately $1,110,764.00 in preferential transfers, but provided no evidence or affidavits in support of its allegation. By their Objection, the Debtors sought an order confirming that (a) § 502(d) applies to § 503(b)(9) expenses as a matter of law, and (b) prior to litigation of any § 503(b)(9) expense holder's preference liability, the Debtors could apply § 502(d) to "temporarily disallow" § 503(b)(9) expenses held by any party <u>alleged</u> to be <u>potentially</u> liable for a preference. Accordingly, the Debtors sought to temporarily reduce Apex's § 503(b)(9) administrative expense to $379,866.40.

2.  After briefing and a hearing, the Court on January 6, 2010 entered an order sustaining the Objection and temporarily disallowing certain § 503(b)(9) expenses, including Apex's, up to the amounts listed in the Debtors' unsworn objection. *See* Exhibits A, B.

3.  Pursuant to Rule 9023, Apex timely filed a Motion for Reconsideration (Doc. No. 6258). In particular, Apex challenged the Court's holding that Rules 3002 and 3003 require parties entitled to § 503(b)(9) expenses to "first, file a proof of claim under § 501,

second, have the claim allowed under § 502, and then, third, request administrative expense priority under § 503(a)."[1]  *See* Exhibit A, at 11.  Apex asserted, *inter alia*, that Rules 3002 and 3003 could not permissibly be read to require more than the "request for payment of an administrative expense" required by § 503(a).[2]

    4.    After briefing by the parties, the Court on February 23, 2010, denied Apex's Motion for Reconsideration.[3]  *See* Exhibits C, D.  The Court held that requiring holders of § 503(b)(9) expenses "to file a proof of claim under § 501(a) in no way conflicts with the requirement that the entity may also request administrative expense status for that claim under § 503(a)."  *See* Exhibit C, at 6.

**B.**    **Statement of the Questions to Be <u>Presented by the Appeal and Relief Sought</u>**

    5.    Apex presents the following questions:

        a.    Whether the Bankruptcy Court erred in finding that 11 U.S.C. § 502(d) may be applied to temporarily disallow payment of administrative expenses allowable under 11 U.S.C. § 503(b)(9)?

---

[1] This holding was necessary to the Court's conclusion that § 502(d) applies to § 503(b)(9) administrative expense requests because, as the Court acknowledged, binding Fourth Circuit precedent permits application of § 502(d) only to claims for which a proof of claim is filed pursuant to § 501(a).  *See Durham v. SMI Indus. Corp.*, 882 F.2d 881, 883 (4th Cir. 1989) ("'[C]laim' in section 502(d) includes only one for which a proof has been filed.").

[2] Apex also argued that this holding was inconsistent with the Court's previous order that "[a]ll persons or entities holding a Section 503(b)(9) Claim against the Debtors are required to file a Section 503(b)(9) Claim Request *or, alternatively, a motion seeking payment of a 503(b)(9) claim* . . . no later than the Section 503(b)(9) Bar Date."  *See* Order Establishing Bar Date . . . (Doc. No. 107) ¶ 6 (emphasis added).

[3] Pursuant to Rules 8002(a) and 8002(b)(2), the 14-day period to appeal the Bankruptcy Court's January 6, 2010 Order and February 23, 2010 Order started upon entry of the latter Order denying Apex's Rule 9023 Motion for Reconsideration.

b. Whether the Bankruptcy Court erred in applying § 502(d) to temporarily disallow payment of administrative expenses allowable under 11 U.S.C. § 503(b)(9) up to the amount potentially recoverable on account of preferential transfers allegedly avoidable under 11 U.S.C. § 547 before adjudication of preference liability?

c. Whether the Bankruptcy Court erred in holding that a party seeking payment of administrative expenses under 11 U.S.C. § 503(b)(9) must file a proof of claim under § 501 and have the claim allowed under § 502 before requesting administrative expense priority under § 503(a)?

6. Apex seeks reversal of the Bankruptcy Court's Orders sustaining the Debtors' Fifty-First and Fifty-Second Omnibus Objections. Section 503(a) is the Bankruptcy Code provision that governs whether a request for payment of administrative expense should be allowed or disallowed. Section 502(d) is inapplicable to administrative-expense requests, as numerous courts have held. Accordingly, an administrative-expense application under section 503(b)(9) cannot be disallowed under section 502(d).

**C.    Statement of the Reasons Why an Appeal Should Be Granted**

7. To avoid repetition, Apex adopts the arguments of Appellant LG Electronics USA, Inc. ("**LG**"), in support of its motion for leave to appeal (Doc. No. 6320, "**LG Motion**"), as well as the related arguments of other Appellants. Apex supplements the LG Motion (and motions of other Appellants) only with respect to the applicable standard for evaluating a motion for leave to appeal the interlocutory order of a bankruptcy court. As

demonstrated below, the Court should look to 28 U.S.C. § 158(d)(2), not to 28 U.S.C. § 1292(b), in assessing whether leave to appeal should be granted.

8.  Congress enacted § 158(d)(2) in 2005 as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.[4]  Section 158(d)(2) provides for direct certification to the Court of Appeals of questions of law for which there is no controlling decision or of issues that are material to the "progress" of a bankruptcy case or related proceeding.[5]  It is a bankruptcy-specific analog to 28 U.S.C. § 1292(b) (which governs interlocutory appeals of <u>district</u> court orders), and thus properly governs discretionary appeals from orders of a bankruptcy court.

9.  Prior to the enactment of § 158(d)(2) in 2005, district courts often borrowed the leave-to-appeal standard of 28 U.S.C. § 1292(b) to evaluate motions for leave to appeal

---

[4]  Pub. L. No. 109-8, § 1233 (2005).

[5]  28 U.S.C. § 158(d)(2)(A) grants the court of appeals jurisdiction of appeals of interlocutory orders

> if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the [interlocutory] judgment, order, or decree . . . or all the appellants and appellees (if any) acting jointly, certify that—
>
> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;
>
> and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

interlocutory bankruptcy court orders.[6] Courts in this District recognized, however, that § 1292(b) merely "provides a *useful framework* for considering the merits of a discretionary appeal," but is "*not required* by the terms of section 158." *See Atlantic Textile Group, Inc. v. Neal*, 191 B.R. 652, 653 (E.D. Va. 1996) (emphases added). Courts borrowed the § 1292(b) standard because, before 2005, no bankruptcy-specific "useful framework" existed.[7]

10. A bankruptcy-specific framework now exists under § 158(d)(2), and it should be applied in evaluating Apex's motion for leave to appeal. Section 158(d)(2) reflects Congress's judgment that certain appeals in bankruptcy cases should be "encouraged" to "settle unresolved questions of law."[8] A comparison of § 1292(b) and § 158(d)(2) makes plain Congress's intent to lower the bar to interlocutory appeals. *See, e.g.*, 1 *Collier on Bankruptcy* ¶ 5.06[5][d], at 5-26 (16th ed. 2009) (differences between §§ 1292(b) and 158(d)(2) "make the possibility of certification more likely in the bankruptcy context").

11. Like § 1292(b), § 158(d) contains three criteria for evaluating a request for interlocutory appeal. But, unlike § 1292(b), only <u>one</u> of them must be satisfied — not all three. An appellant need only demonstrate one of the following: (a) the order appealed from

---

[6] 28 U.S.C. § 1292(b) grants courts of appeals the discretion to hear appeals of interlocutory district court orders in traditional civil litigation only if the lower court judge first enters an order finding that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

[7] While some courts have continued to borrow § 1292(b) in evaluating discretionary appeals after 2005, they have done so only because the appellants in those cases did not invoke § 158(d)(2). *See, e.g.*, *Prunty v. Terry*, (*In re Paschall*), 408 B.R. 79, 84 (E.D. Va. 2009).

[8] H.R. Rep. No. 109-31, pt. 1, at 148 (2005) (discussing statute's intent to "facilitate" appeals to address the "problems" of "time and cost factors attendant to the present appellate system" and the lack of "stare decisis value" of lower court holdings).

involves a question of law as to which there is no controlling Circuit Court or Supreme Court authority, or involves a matter of public importance; (b) the order involves a question of law requiring resolution of conflicting decisions; <u>or</u> (c) an immediate appeal may materially advance the progress of the case or proceeding in which the appeal is taken. 28 U.S.C. § 158(d)(2). If an appellant satisfies any one of these three criteria, the certifying court "shall" certify the matter for court of appeals review. *Id.*

12. Moreover, whereas § 1292(b) requires that an immediate appeal "materially advance the ultimate *termination* of the *litigation*," the analogous criterion in § 158(d)(2)(A)(iii) requires only that immediate appeal "materially advance the *progress* of the *case* or proceeding in which the appeal is taken" (emphases added). Congress's adoption of the latter standard in the bankruptcy context reflects its endorsement of the relaxed finality principle applicable in bankruptcy proceedings. *See, e.g.*, *A.H. Robins Co. v. Piccinin* (*In re A.H. Robins Co.*), 788 F.2d 994, 1009 (4th Cir. 1986).

13. We recognize that § 158(d)(2), by its terms, addresses only direct appeals from a bankruptcy court to the court of appeals. But, given the absence of any <u>other</u> U.S. Code provision setting forth a standard for evaluating motions for leave to appeal interlocutory bankruptcy court orders, the § 158(d)(2) criteria should properly govern <u>all</u> such motions. Indeed, it would be absurd to construe the U.S. Code to make it more difficult to obtain leave to appeal to the district court than to obtain certification for direct review by the court of appeals.

14. Here, Apex and other Appellants intend to seek certification and direct appeal to the Fourth Circuit of the pure questions of law at issue in this proceeding. Section

158(d)(2) will clearly govern that certification request, and the § 158(d)(2) criteria should similarly govern the instant request for leave to appeal.  Apex's motion for leave should thus be granted if any one of the three § 158(d)(2) criteria is met.

15. The LG Motion aptly demonstrates that leave to appeal should be granted, even if the Court were to borrow the criteria of § 1292(b).  It is all the more clear that leave is appropriate under the less exacting standard of § 158(d)(2).  There can be no dispute that the Bankruptcy Court's Order involves a question of law as to which there is no controlling decision in this Circuit: to wit, whether a request for payment of administrative expense under § 503(b)(9) may be temporarily disallowed pursuant to 11 U.S.C. § 502(d).  One of the § 158(d)(2) criteria is thus plainly satisfied here.  Leave to appeal should be granted so that this undecided, dispositive legal issue can be addressed and resolved.

## Conclusion

For the foregoing reasons, Apex respectfully requests that its motion for leave to appeal be granted.

Dated: March 9, 2010                                  Sharon Z. Weiss
                                                      RICHARDSON & PATEL LLP
                                                      Murdock Plaza
                                                      10900 Wilshire Boulevard, Suite 500
                                                      Los Angeles, California 90024
                                                      Tel: (310) 208-1182
                                                      Fax: (310) 208-1154

                                                      *Counsel for Apex Digital, Inc.*

                                                      – and –

/s/   Joshua D. McKarcher
Michael St. Patrick Baxter
Dennis B. Auerbach
Joshua D. McKarcher (VSB No. 77061)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004-2401
Tel: (202) 662-6000
Fax: (202) 662-6291

*Co-Counsel for Apex Digital, Inc.*

## CERTIFICATE OF SERVICE

       I hereby certify that on March 9, 2010, I caused true and exact copies of the foregoing *Motion of Apex Digital, Inc. for Leave to Appeal* to be served via first-class mail, postage prepaid, and, where noted, via electronic mail, upon the below-listed parties and through the ECF system, which in turn will generate an electronic notice of filing to all parties registered to receive electronic notice from the Court.

**Circuit City Stores, Inc. (Appellee)**

Circuit City Stores, Inc.
Attn: Michelle Mosier
4951 Lake Brook Drive
Suite 500
Glen Allen, VA 23060

Represented by:

    Gregg M. Galardi
    Skadden Arps Slate Meagher & Flom, LLP
    One Rodney Square
    10th and King Streets
    7th Floor
    Wilmington, DE 19801
    E-mail: gregg.galardi@skadden.com; project.circuitcity@skadden.com

    Chris L. Dickerson
    Skadden Arps Slate Meagher & Flom, LLP
    155 North Wacker Drive
    Chicago, IL 60606
    E-mail: chris.dickerson@skadden.com

    Douglas M. Foley
    McGuireWoods LLP
    One James Center
    901 E. Cary Street
    Richmond, VA 23219
    E-mail: dfoley@mcguirewoods.com; circuitcityservice@mcguirewoods.com

**Official Committee of Unsecured Creditors**

Represented by:

    Jeffrey N. Pomerantz
    Pachulski Stang Ziehl & Jones LLP
    10100 Santa Monica Boulevard
    11th Floor
    Los Angeles, CA 90067
    E-mail: jpomerantz@pszjlaw.com

    Robert J. Feinstein
    Pachulski Stang Ziehl & Jones, LLP
    780 Third Avenue
    36th Floor
    New York, NY 10017
    E-mail: rfeinstein@pszjlaw.com

    Lynn L. Tavenner
    Paula S. Beran
    Tavenner & Beran, PLC
    20 N. Eighth Street
    Second Floor
    Richmond, VA 23219
    E-mail: ltavenner@tb-lawfirm.com; pberan@tb-lawfirm.com

**Office of the United States Trustee**

Represented by:

    Robert B. Van Arsdale
    Office of the United States Trustee
    701 East Broad Street
    Suite 4304
    Richmond, VA 23219
    E-mail: Robert.B.Van.Arsdale@usdoj.gov


Dated: March 9, 2010                        /s/   Joshua D. McKarcher
                                              Joshua D. McKarcher (VSB No. 77061)
                                              COVINGTON & BURLING LLP
                                              1201 Pennsylvania Avenue, N.W.
                                              Washington, DC  20004-2401
                                              Tel: (202) 662-5223
                                              jmckarcher@cov.com