Case 08-35653-KRH    Doc 6775-3    Filed 03/09/10    Entered 03/09/10 19:24:48    Desc
Filed Stamped Copy of Petition Exhibit C    Page 1 of 14

Case 08-35653-KRH    Doc 6601    Filed 02/23/10    Entered 02/23/10 10:58:50    Desc Main
Document    Page 1 of 14

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| IN RE: | CIRCUIT CITY STORES, INC., *et al.*, Debtors. | Case No. 08-35653 Chapter 11 Jointly Administered |

**SUPPLEMENTAL**
**MEMORANDUM OPINION**

      Before the Court is the Motion of Apex Digital, Inc. and THQ, Inc. for Reconsideration of Court's Order on Debtors' Fifty-first and Fifty-second Omnibus Objections (the "Motion"), the Debtors' objection to the Motion, and the Movants' reply thereto. Apex Digital, Inc. and THQ, Inc. (the "Movants") ask the Court to reconsider its Order and Memorandum Opinion dated January 6, 2010 (the "Memorandum Opinion"), in which the Court held that the Debtors may use 11 U.S.C. § 502(d) to temporarily disallow certain § 503(b)(9)[1] claims filed by a number of their creditors (the "Claimants").[2]

      Movants assert that in rendering its Memorandum Opinion, the Court failed to consider their late filed supplemental response (the "Supplemental Response").[3] In light of the arguments

---

[1] Unless otherwise specified, all code sections to which this opinion refers are sections from Title 11 of the United States Code (the "Bankruptcy Code").

[2] Various other Claimants have joined in the Motion. *See* Joinder of Paramount Home Entertainment Inc. to Motion of Apex Digital, Inc. and THQ, Inc. for Reconsideration of Court's Order on Debtors' Fifty-First and Fifty-Second Omnibus Objections [Docket No. 6323]; PNY Technologies, Inc.'s Joinder to Motion of Apex Digital, Inc. and THQ, Inc. for Reconsideration of Court's Order on Debtors' Fifty-First and Fifty-Second Omnibus Objections [Docket No. 6322]; Olympus Corporation and Olympus Imaging America Inc.'s Joinder to Motion of Apex Digital, Inc. and THQ, Inc. for Reconsideration of Court's Order on Debtors' Fifty-First and Fifty-Second Omnibus Objections [Docket No. 6349]; Onkyo USA Corporation's Joinder to Motion of Apex Digital, Inc. and THQ, Inc. for Reconsideration of Court's Order on Debtors' Fifty-First and Fifty-Second Omnibus Objection [Docket No. 6351]; Joinder of Toshiba America Consumer Products, L.L.C. to Motion of Apex Digital, Inc. and THQ, Inc. for Reconsideration of Court's Order on Debtors' Fifty-First and Fifty-Second Omnibus Objections [Docket No. 6370].

[3] The Supplemental Response [Docket No. 5666] was filed, without leave of court, on November 13, 2009, the day after the hearing on the Debtors' Fifty-First and Fifty-Second Omnibus Objections to Certain § 503(b)(9) Claims.

Case 08-35653-KRH    Doc 6775-3    Filed 03/09/10    Entered 03/09/10 19:24:48    Desc
Filed Stamped Copy of Petition Exhibit C    Page 2 of 14

Case 08-35653-KRH    Doc 6601    Filed 02/23/10    Entered 02/23/10 10:58:50    Desc Main
Document    Page 2 of 14

set forth in the Supplemental Response, Movants request that the Court reconsider its January 6, 2010 ruling (the Court's "Prior Ruling") in accordance with Fed. R. Civ. P. 59 as made applicable herein by Fed. R. Bankr. P. 9023.[4]  Movants urge the Court to reverse its Prior Ruling and overrule the Debtors' Fifty-First and Fifty-Second Omnibus Objections to Certain 503(b)(9) Claims.

The Fourth Circuit Court of Appeals (the "Fourth Circuit") recognizes three grounds for reconsideration under Fed. R. Civ. P. 59:  "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir. 1993); *see also Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006).  Nothing in the Motion suggests that there has been any intervening change in controlling law, any new evidence for which to account, or any manifest injustice to prevent.  Rather, the Movants argue that the Court made a clear error of law in holding that § 502(d) may be used to temporarily disallow a claim asserted under § 503(b)(9).  After review of the arguments presented in the Supplemental Response, the Motion, the Debtors' objection to the Motion, and the Movants' reply, many of which were already analyzed in the Memorandum Opinion, the Court concludes that no clear error of law was made in connection with its Prior Ruling.[5]  Accordingly, Movants' Motion will

---

[4]  The Federal Rules of Bankruptcy Procedure are hereinafter referred to as the "Bankruptcy Rule(s)."

[5]  Failure to review the Supplement Response does not constitute a clear error of law, nor is it necessary to prevent manifest injustice. *See Motorists Mut. Ins. Co. v. Teel's Restaurant Inc*., 2009 WL 5065223, *1 (N.D. Ind. Dec. 23, 2009) (holding that the court's failure to consider a reply brief in support of a motion for summary judgment before issuing its ruling was not manifest error of law such that motion for reconsideration should be granted); *Ogbevoen v. Aramark Campus, Inc.*, 2006 WL 1788430, *1 (S.D. Tex. June 20, 2006) (holding that the court did not err in failing to consider reply in support of motion for summary judgment when reply was filed after deadline established by the court); *Cotracom Commodity Trading Co.v. Seaboard Corp.,* 193 F.R.D. 696, 699 (D. Kan. 2000) ("That the Court failed to consider the reply brief thus provides no basis to reconsider the ruling concerning the duty to confer."). The Court had no obligation to review the Supplemental Response. *See Colodney v. Sebelius,* 2009 WL 4884501, *1 n.1 (D. Md. Dec. 9, 2009) (noting that the court has discretion to disregard untimely filed reply to

Case 08-35653-KRH    Doc 6775-3    Filed 03/09/10    Entered 03/09/10 19:24:48    Desc
Filed Stamped Copy of Petition Exhibit C    Page 3 of 14

Case 08-35653-KRH    Doc 6601    Filed 02/23/10    Entered 02/23/10 10:58:50    Desc Main
Document    Page 3 of 14

be denied.  This Supplemental Memorandum Opinion sets forth the Court's findings and conclusions in support of its denial of the Motion and supplements the Court's findings of fact and conclusions of law set forth in the Memorandum Opinion all in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.[6]  As no party has raised any new facts, the facts and procedural history as set out in the Memorandum Opinion are incorporated by reference into this Supplemental Memorandum Opinion.[7]

The Court has subject-matter jurisdiction of this contested matter pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C), and (O).  Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### The Court's Prior Ruling

The question initially put before the Court was whether the Debtors could use § 502(d) to temporarily disallow § 503(b)(9) administrative expense claims.[8]  The Court began its analysis of this issue with § 502(d) which "provides, in pertinent part, that 'the court shall disallow any

---

motion for summary judgment).  Nevertheless, the Court has given due consideration to the arguments set forth in the Supplemental Response, the Motion, and Movants' reply as detailed in this Supplemental Memorandum Opinion.  *See In re E.M. Williams & Sons, Inc.,* 2009 WL 2211727, *1 (Bankr. E.D. Va 2009) (addressing a new argument advanced by the Plaintiff in a motion to reconsider, even though the Plaintiff raised arguments that could have been raised prior to the issuance of the Court's decision and the Plaintiff did not identify any new evidence that was not previously available to it nor cite any intervening change in controlling law).

[6]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  *See* Fed. R. Bankr. P. 7052.

[7]  The only change in facts since the entry of the Memorandum Opinion on January 6, 2009 is that the Confirmation hearing is now scheduled for March 8, 2010, instead of January 28, 2010.

[8]  Section 503(b)(9) provides for the allowance of an administrative claim for "the value of any goods received by the debtor within 20 days before the date of commencement of a case under [Title 11] in which the goods have been sold to the debtor in the ordinary course of such debtor's business."  11 U.S.C. § 503(b)(9).

Case 08-35653-KRH    Doc 6775-3    Filed 03/09/10    Entered 03/09/10 19:24:48    Desc
Filed Stamped Copy of Petition Exhibit C    Page 4 of 14

Case 08-35653-KRH    Doc 6601    Filed 02/23/10    Entered 02/23/10 10:58:50    Desc Main
Document    Page 4 of 14

claim of any entity from which property is recoverable under section . . . 550, unless such entity . . . has paid the amount . . . for which such entity or transferee is liable.'" *Durham v. SMI Industries*, 882 F.2d. 881, 882-83 (4th Cir. 1989). Debtors contend that the Movants are transferees of Preferential Transfers avoidable under § 547 of the Bankruptcy Code. The Fourth Circuit explained in *Durham* that the term "claim" as used in § 502(d) is not to be construed expansively in accordance with the definition supplied in § 101(5)(A) of the Bankruptcy Code;[9] but rather, the term "claim" as used in § 502(d) refers only to claims for which a proof has been filed under § 501(a). *Id.* As the vast majority of administrative expense claims arise postpetition, § 501(a) is inapplicable to them, and § 502(d) cannot be used to bar those types of administrative expense claims.

In its Memorandum Opinion, the Court concluded that a claimant asserting a § 503(b)(9) administrative expense claim must file a proof of claim under § 501 in order to have such claim allowed as an administrative expense under § 503(b)(9). Rules 3002 and 3003 of the Federal Rules of Bankruptcy Procedure require all creditors to file proofs of claim pursuant to § 501(a). By definition, § 503(b)(9) administrative expense claims arise within the 20 days prior to the Petition Date. This means that the holders of § 503(b)(9) administrative expense claims are creditors as defined in § 101(10)(A) of the Bankruptcy Code. As creditors, the holders of § 503(b)(9) administrative expense claims (unlike the majority of entities holding other § 503(b) administrative expense claims that arise postpetition) must file a proof of claim under § 501(a) of the Bankruptcy Code. In accordance with the Fourth Circuit's holding in *Durham* that § 502(d) may be used to bar claims filed under § 501, the Court concluded in its Memorandum Opinion

---

[9] "The term 'claim' means -- (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. 101(5)(A).

Case 08-35653-KRH    Doc 6775-3    Filed 03/09/10    Entered 03/09/10 19:24:48    Desc
Filed Stamped Copy of Petition Exhibit C    Page 5 of 14

Case 08-35653-KRH    Doc 6601    Filed 02/23/10    Entered 02/23/10 10:58:50    Desc Main
Document    Page 5 of 14

that § 502(d) may be used to temporarily disallow § 503(b)(9) Claims filed under § 501(a) up to the amount of the alleged Preferential Transfers.

**Discussion**

Movants argue in their Motion that the Court's conclusion that § 503(b)(9) Claimants must file proofs of claim pursuant to Bankruptcy Rule 3002 is "unfounded."  Yet, Movants do not take issue with the Court's observation that the plain language of Bankruptcy Rule 3002 requires that "[a]n unsecured *creditor* . . . *must* file a proof of claim . . . for the claim . . . to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005." Fed. R. Bankr. P. 3002(a) (emphasis added).  None of the exceptions set forth in Bankruptcy Rules 1019(3), 3003, 3004, and 3005 are applicable here.  Quite to the contrary, Bankruptcy Rule 3003(c), which addresses specifically the need to file a proof of claim in a Chapter 11 case, provides that "[a]ny creditor . . . whose claim . . . is not scheduled or scheduled as disputed, contingent, or unliquidated *shall* file a proof of claim. . . ." Fed. R. Bankr. P. 3003(c)(2) (emphasis added).[10] As explained in the Memorandum Opinion, there is no escaping the fact that the § 503(b)(9) Claimants are unsecured creditors as defined in §101(10)(A).[11]  Neither Movant suggests that it is not a "creditor" within the meaning of that section.

Rather, Movants argue that, if Bankruptcy Rule 3002 is read to apply to § 503(b)(9) administrative expense claims as the Court maintains, then the Bankruptcy Rule would directly conflict with § 503(a) of the Bankruptcy Code.  Movants point out that "[a]ny conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code." *In re*

---

[10] Movants' administrative expense claims were either unscheduled or scheduled as disputed, contingent or unliquidated; and, therefore, Movants were required by the Bankruptcy Rules to file proofs of their claims, which, in fact, they did.

[11] "The term 'creditor' means – (A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor; (B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title; or (C) entity that has a community claim." 11 U.S.C. §101(10).

Case 08-35653-KRH    Doc 6775-3    Filed 03/09/10    Entered 03/09/10 19:24:48    Desc
Filed Stamped Copy of Petition Exhibit C    Page 6 of 14

Case 08-35653-KRH    Doc 6601    Filed 02/23/10    Entered 02/23/10 10:58:50    Desc Main
Document    Page 6 of 14

*Pacific Atlantic Trading Co.,* 33 F.3d 1064, 1066 (9th Cir. 1994). The Court agrees with this abstract principle of law -- conflicts between the Bankruptcy Code and the Bankruptcy Rules must be resolved in favor of the Code. But in this instance, there is no such conflict. Applying Bankruptcy Rule 3002 to § 503(b)(9) administrative expense claims does not "abridge, enlarge, or modify any substantive right" in the Bankruptcy Code. *See* 28 U.S.C. § 2075 ("The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under title 11. Such rules shall not abridge, enlarge, or modify any substantive right.").

Bankruptcy Rules 3002 and 3003(c) merely set forth the practice and procedure for filing proofs of claim under § 501(a) in chapter 11 cases. Section 501(a) states that "a creditor . . . may file a proof of claim." As each § 503(b)(9) Claimant is very clearly "a creditor" within the meaning of the Code, § 501(a) is applicable to their claims. Nothing in the language of §§ 501, 502, or 503 of the Bankruptcy Code suggests that filing a proof of claim by a creditor under § 501 becomes unnecessary when the creditor also seeks to have the claim paid as an administrative expense under § 503(b)(9) and accorded priority status under § 507(a)(2). Section 503(a) states that an "entity may timely file a request for payment of an administrative expense." Requiring an entity that is also a creditor to file a proof of claim under § 501(a) in no way conflicts with the requirement that the entity may also request administrative expense status for that claim under § 503(a).

There is no language in either the Code or the Bankruptcy Rules that exempts creditors with § 503(b)(9) administrative expense claims from the procedures laid out in the Bankruptcy Rules for filing proofs of claim. Further, § 503(b)(9) Claimants are not being forced to navigate a "three-step gauntlet" as suggested by the Movants. A § 503(b)(9) claimant can file a single

6

Case 08-35653-KRH    Doc 6775-3    Filed 03/09/10    Entered 03/09/10 19:24:48    Desc
Filed Stamped Copy of Petition Exhibit C    Page 7 of 14

Case 08-35653-KRH    Doc 6601    Filed 02/23/10    Entered 02/23/10 10:58:50    Desc Main
Document    Page 7 of 14

proof of claim using Official Form 10 that satisfies the requirements of both § 501(a) and § 503(a). That single proof of claim form would first establish that a claim by the creditor exists and then request that the claim be paid as an administrative expense. Under § 502(a), any claim filed under § 501 is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If no objection is filed to the claim, then, "[a]fter notice and a hearing," the creditor's request for payment of the claim as an administrative expense "shall be allowed" – in effect granting that claim an administrative priority under § 507(a)(2). 11 U.S.C. § 503. This procedure does not impose an excessive burden on § 503(b)(9) Claimants. And should such a claimant fail to establish that it has a valid administrative expense claim under § 503(b)(9)[12] (perhaps because the "goods" were not "sold to the debtor in the ordinary course of such debtor's business," or because the "goods" allegedly "sold to the debtor" failed to meet the definition of "goods" under the Code, or because the "goods" were "sold to the debtor" outside the statutory timeframe), this procedure ensures that only the administrative priority status of the claim would be disallowed and not the underlying claim itself.

In their Supplemental Response, Movants rely heavily on two bankruptcy treatises in contending that this Court committed clear legal error. Movants first cite to Collier on Bankruptcy for the proposition that "[t]he requirement that a proof of claim be filed extends to unsecured creditors claiming priorities but does not extend to costs of administration." 9 *Collier on Bankruptcy*, ¶ 3002.01 at 3002-2 (Alan N. Resnick & Henry J. Sommers eds., 15th ed. rev.).

---

[12] *See In re Merry-Go-Round Enterprises v. Simon Debartolo Group*, 180 F.3d 149, 156-157 (4th Cir. 1999) (holding that the claimant has the burden of establishing entitlement to payment of an administrative expense under § 503).

7

Case 08-35653-KRH    Doc 6775-3    Filed 03/09/10    Entered 03/09/10 19:24:48    Desc
Filed Stamped Copy of Petition Exhibit C    Page 8 of 14

Case 08-35653-KRH    Doc 6601    Filed 02/23/10    Entered 02/23/10 10:58:50    Desc Main
Document    Page 8 of 14

As a treatise, Collier on Bankruptcy is not binding authority on this Court.[13] In the cited instance, there is no indication that the editors took into account the addition of § 503(b)(9) to the Bankruptcy Code in 2005. The footnote in support of the quoted statement from the treatise bears this out. It references a 1985 case from the Bankruptcy Court in the District of Oregon that is no longer good authority for at least one point of law and that deals with the payment of attorney fees for a debtor in possession. Such an entity is not a "creditor" as defined by the Bankruptcy Code and would not be required by Bankruptcy Rule 3002 to file a proof of claim for this kind of administrative expense claim. The Court does not find the referenced passage from Collier on Bankruptcy to be helpful in the context of § 503(b)(9) claims.

Movants cite no controlling authority to support their argument that Bankruptcy Rule 3002 does not apply to creditors with § 503(b)(9) claims. Instead, the Movants rely on yet another treatise that states:

> § 503 is captioned 'allowance of administrative expenses' [which] *appears to suggest* that § 503 is a separate allowance section, apart from § 502, devoted exclusively to administrative expenses. *If so*, then § 502 would not apply to the allowance of administrative expenses.

2 *Norton Bankruptcy Law and Practice 2d* ¶ 42.14 at 42-76 to 42-77 (emphasis added). As the emphasized language indicates, the editors of the treatise express some uncertainty as to the application and interplay of §§ 502 and 503. But more importantly, this is the same argument that was presented by a number of Claimants in their briefs and at the hearing on November 12, 2009, which the Court has already rejected in holding that §§ 501 and 503 are not mutually exclusive in cases of § 503(b)(9) Claims. The Court is not persuaded that the quoted passage from this treatise demonstrates that the Court made a clear error of law in holding that

---

[13] The Court would note, however, that it has often cited to the treatise and does find it to be a scholarly work and generally persuasive.

8

Case 08-35653-KRH    Doc 6775-3    Filed 03/09/10    Entered 03/09/10 19:24:48    Desc
Filed Stamped Copy of Petition Exhibit C    Page 9 of 14

Case 08-35653-KRH    Doc 6601    Filed 02/23/10    Entered 02/23/10 10:58:50    Desc Main
Document    Page 9 of 14

§ 503(b)(9) Claimants must file proofs of claim under § 501(a) and request administrative expenses status under § 503(a) in order to be allowed their § 503(b)(9) Claims.

Indeed, there are any number of reasons why Congress would treat § 503(b)(9) claims differently from other administrative expense claims. As the Second Circuit Court of Appeals noted, "the Bankruptcy Code establishes a clear division between an entity in its pre- and post-petition states." *In re Ames,* 582 F.3d 422, 431 (2d Cir. 2009). Most administrative expenses arise postpetition and cannot be readily calculated at the petition date because they have not yet been incurred. Administrative expense claims for the compensation of professionals under § 503(b)(2), for example, are incurred postpetition, on an ongoing basis, throughout the bankruptcy case. The procedure for filing proofs of claim under Bankruptcy Rules 3002 and 3003 is inappropriate for such administrative expense claims. For this reason, § 501(a) and Bankruptcy Rules 3002 and 3003 only require "creditors" to file proofs of claim. Section 503(b)(9) claims, unlike most other administrative expenses, are prepetition claims that can be calculated as of the petition date. They arise, by definition, prepetition. Therefore, there is no practical reason why the procedures laid out in Bankruptcy Rules 3002 and 3003 should not apply to § 503(b)(9) claims. The Official Proof of Claim Form bears out this distinction between prepetition § 503(b)(9) administrative expense claims and other types of postpetition administrative expense claims where it states that "[t]his form should not be used to make a claim for an administrative expense *arising after the commencement of the case*." Official Form 10 (emphasis added).

The policy consideration most often advanced for not allowing § 502(d) to be used to bar § 503(b) administrative expense claims is not applicable in the § 503(b)(9) context, lending further support for the application of the Bankruptcy Rules as written. It is generally understood

Case 08-35653-KRH    Doc 6775-3    Filed 03/09/10    Entered 03/09/10 19:24:48    Desc
Filed Stamped Copy of Petition Exhibit C    Page 10 of 14

Case 08-35653-KRH    Doc 6601    Filed 02/23/10    Entered 02/23/10 10:58:50    Desc Main
Document    Page 10 of 14

that "the Bankruptcy Code gives a higher priority to requests for administrative expenses than to prepetition claims in order to encourage third parties to supply goods and services on credit to the *estate* . . . '[i]f trade vendors felt that a preference could be used to prevent the payment of their administrative claims, they would be extremely reluctant to extend *post-petition credit* to a chapter 11 debtor.'" *Id.* (quoting *In re Lids*, 260 B.R. 680, 684 (Bankr. D. Del. 2001)) (emphasis added). The payment for which § 503(b)(9) provides an administrative priority is for goods that were sold to the debtor within the 20-day period preceding the petition date. No bankruptcy estate was in existence (or even contemplated) when these goods were sold. Section 503(b)(9) does not encourage the extension of postpetition credit. Section 503(b)(9) claims are by definition claims that arise for the prepetition supply of goods in the ordinary course of the debtor's business. Although trade vendors may have an idea that a business is troubled, they generally do not know if or when a debtor might file a bankruptcy petition. In a prepetition world, it is assumed that creditors take whatever steps are lawfully necessary and appropriate to get their claims preferred and thus paid. It is doubtful that § 503(b)(9) has any significant effect on whether vendors choose to extend credit prepetition.[14]

As the Court explained in its Memorandum Opinion, the goals of equitable distribution and efficiency support the conclusion that § 502(d) may be employed to temporarily disallow the § 503(b)(9) Claimants' administrative expense claims.[15] The Court expressed concern in its

---

[14] There was certainly no evidence presented to the Court in these bankruptcy cases that trade creditors extended any significant postpetition unsecured credit to the Debtors even in light of the postpetition DIP financing facility approved by the Court that allowed the Debtors to pay for the continued delivery of goods by vendors. Rather, it appeared that the existence of the § 503(b)(9) administrative expense claims had a chilling effect on the part of the holders of such claims to extend postpetition credit.

[15] *See, e.g., Ford Motor Credit Co. v. Dobbins*, 35 F.3d 860, 865 (4th Cir. 1994) ("The presumption in bankruptcy cases is that the debtor's limited resources [should] be equally distributed among the creditors. Thus, statutory priorities must be narrowly construed.").

Case 08-35653-KRH    Doc 6775-3    Filed 03/09/10    Entered 03/09/10 19:24:48    Desc
Filed Stamped Copy of Petition Exhibit C    Page 11 of 14

Case 08-35653-KRH    Doc 6601    Filed 02/23/10    Entered 02/23/10 10:58:50    Desc Main
Document    Page 11 of 14

Memorandum Opinion that overruling the Debtors' objections might prejudice the bankruptcy estates by allowing § 503(b)(9) Claimants both to receive payment on their asserted administrative claims for the delivery of goods and to use the provision of those same goods as the basis of a new value defense under 11 U.S.C. § 547(c)(4). While Movants appear to concede that the Court has identified a relevant point of concern, they argue that it is of no moment because they are, in fact, entitled to this type of double recovery on their claims.[16] If the Movants are correct in this regard, then the Claimants not only will be paid back in full for any goods delivered to the Debtors in the 20 days prior to the petition date but also will be able to use the delivery of those same goods as a "new value" credit to offset against their preference exposure. While these Claimants would effectively receive payment for the delivery of their goods twice, other § 503(b)(9) Claimants who did not receive any preferential payments would only receive one payment for their goods and general unsecured creditors would receive no benefit from the preference actions. Not surprisingly, the Debtors take issue with Movants' espoused position. There is no controlling case law in this jurisdiction on the issue of whether creditors may assert a claim under § 503(b)(9) for goods sold to the debtor and use those same goods as the basis for asserting a new value defense under § 547(c)(4). The Court expressed its concern over this issue in its Memorandum Opinion because this issue is not ripe for adjudication at this time. However, a ruling against the Debtors at this point may very well preclude the estates from raising the issue when it does arise in the proper context. Given the strong likelihood of this issue coming up in these cases as the preference litigation progresses,

---

[16] Movants argue that neither § 503(b)(9) nor § 547(c)(4) states that the provisions are mutually exclusive. Citing *Commissary Operations v. Dot Foods, Inc. (In re Commissary Operations, Inc.),* No. 308-06279, slip op. at 11 (M.D. Tenn. Jan. 6, 2010), Movants argue that the plain language of the Code permits a § 503(b)(9) Claimant both to seek an administrative expense claim and to assert a new value defense all on account of the single transaction.

Case 08-35653-KRH    Doc 6775-3    Filed 03/09/10    Entered 03/09/10 19:24:48    Desc
Filed Stamped Copy of Petition Exhibit C    Page 12 of 14

Case 08-35653-KRH    Doc 6601    Filed 02/23/10    Entered 02/23/10 10:58:50    Desc Main
Document    Page 12 of 14

the Court agrees with the Debtors that the best approach is to temporarily disallow the Claims and hold them in abeyance until the preference litigation takes place so that the Court can adjudicate these issues together and ensure that Claimants do not receive windfalls to which they may not be entitled to the detriment of other creditors.

Movants also argue that the Court has previously ruled in this case that a § 503(b)(9) Claimant need only file a motion for allowance of administrative expense, not a proof of claim, to meet its procedural burden. The Movants cite the Bar Date Order[17] entered on November 12, 2008, which states that "[a]ll persons or entities holding a Section 503(b)(9) Claim against the Debtors are required to file a Section 503(b)(9) Claim Request or, alternatively, a motion seeking payment of 503(b)(9) claim . . . no later than the Section 503(b)(9) Bar Date." The Court had no intention for the Bar Date Order to constitute a substantive ruling on the issue of whether, as a matter of Bankruptcy law, a § 503(b)(9) Claimant was supposed to file a proof of claim. Rather, the Bar Date Order was procedural in nature. It was intended to forestall objections on account of technical deficiencies pertaining to the filing of § 503(b)(9) Claims by laying out simplified alternative procedures for satisfying the filing requirements for this particular case. Indeed, had any Claimant filed only a motion seeking payment of its § 503(b)(9) claim, the Court would have treated the motion as an informal proof of claim under § 501.[18] In point of fact, this did not occur. Each of the Movants did file a proof of claim form, most likely because they wanted to

---

[17] Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 [Docket No. 107].

[18] Actions by a claimant which do not amount to a formal proof of claim may constitute an informal proof of claim. *Fyne v. Atlas Supply Co.* (*In re Fyne*), 245 F.2d 107, 107 (4th Cir.1957). If a creditor has "taken 'some affirmative action to constitute sufficient notice that he has a claim against the estate,'" then its claim should be allowed. *In re Judy Wood Pub. Corp.* 289 B.R. 319, 322 (Bankr. E.D. Va. 2002) (quoting *Hardgrave v. La Rock* ( *In re Hardgrave*), No. 94-1832, 1995 WL 371462, 1995 U.S.App. LEXIS 15506 (4th Cir. June 21, 1995)).

Case 08-35653-KRH    Doc 6775-3    Filed 03/09/10    Entered 03/09/10 19:24:48    Desc
Filed Stamped Copy of Petition Exhibit C    Page 13 of 14

Case 08-35653-KRH    Doc 6601    Filed 02/23/10    Entered 02/23/10 10:58:50    Desc Main
Document    Page 13 of 14

preserve their underlying unsecured claim to the extent that their request for administrative priority status was denied.

### Conclusion

"Reconsideration may be appropriate where 'the Court has patently misunderstood a party, or has made a decision outside the adversarial issue presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Puller v. Unisource Worldwide, Inc.*, No. 3:08-CV-813, 2009 U.S. Dist. LEXIS 27306, at *3–5 (E.D. Va. Mar. 31, 2009) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). And, "a party should not use a 59(e) motion simply 'to ask the Court to rethink what the Court had already thought through.'" *Id.; see also Cureton v. Cianbro Corp.*, No. JFM-06-2303, 2007 U.S. Dist. LEXIS 7388, 2007 WL 397025, at *1 (D. Md. Jan 30, 2007) (holding that reconsideration is not permitted when parties are attempting to "raise arguments which could have been raised prior to the issuance of judgment"); *see also In re E.M. Williams & Sons, Inc.*, 2009 WL 2211727, *1 (Bankr. E.D. Va 2009) (noting that reconsideration may be appropriate where the court has made an error not of reasoning but of apprehension, but that such circumstances are rare). The Movants here are asking the Court to reconsider arguments that were made during the hearing and are suggesting that the Court erred in its reasoning rather than in its apprehension.

For these reasons, the Movants have not met their burden of establishing a clear error of law. The Court will not overturn its Prior Ruling that entities seeking to assert administrative claims under § 503(b)(9) are creditors who must file proofs of claims under § 501(a) and, therefore, that § 502(d) may be used to temporarily disallow claims asserted under § 503(b)(9).

Case 08-35653-KRH    Doc 6775-3    Filed 03/09/10    Entered 03/09/10 19:24:48    Desc
Filed Stamped Copy of Petition Exhibit C    Page 14 of 14

Case 08-35653-KRH    Doc 6601    Filed 02/23/10    Entered 02/23/10 10:58:50    Desc Main
Document    Page 14 of 14

Accordingly, the Motion for Reconsideration will be denied. A separate order shall issue.

ENTERED: Feb 23 2010

Entered on docket: Feb 23 2010

    /s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE