Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
et al.,                        :
                               :
            Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - - x
LG ELECTRONICS USA, INC.,      :
                               :
            Movant,            :
                               :
      v.                       :
                               :
CIRCUIT CITY STORES, INC.,     :
et al.,                        :
                               :
            Respondents.       :
- - - - - - - - - - - - - - - x
```

```
- - - - - - - - - - - - - - - :
UNITED STATES DEBT            :
RECOVERY, LLC,                :
                              :
            Movant,           :
                              :
       v.                     :
                              :
CIRCUIT CITY STORES, INC.,    :
et al.,                       :
                              :
            Respondents.      :
- - - - - - - - - - - - - - - x
PNY TECHNOLOGIES, INC.,       :
                              :
            Movant,           :
                              :
       v.                     :
                              :
CIRCUIT CITY STORES, INC.,    :
et al.,                       :
                              :
            Respondents.      :
- - - - - - - - - - - - - - - x
```

**DEBTORS' MOTION TO CONSOLIDATE CERTAIN MATTERS RELATED TO MOTIONS FOR LEAVE TO APPEAL FILED BY LG ELECTRONICS USA, INC., UNITED STATES DEBT RECOVERY, LLC, AND PNY TECHNOLOGIES, INC.**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] hereby

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other
*(cont'd)*

move this Court (the "Motion to Consolidate") for an order consolidating briefing and, if requested by this Court, oral argument concerning the motions for leave to appeal (collectively, the "Motions for Leave") the order of the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") dated January 6, 2010 (Bankr. Ct. Docket No. 6228, the "Order") filed by United States Debt Recovery LLC ("USDR"), LG Electronics USA, Inc., ("LG"), and PNY Technologies, Inc. ("PNY", and, collectively with USDR and LG, the "Claimants").  In support of this Motion to Consolidate, the Debtors respectfully state as follows:

**BACKGROUND**

1.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") (Bankr. Ct. Docket No. 1).  These Debtors' Chapter 11 cases were

---

*(cont'd from previous page)*
Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

3

Case 08-35653-KRH    Doc 6779    Filed 03/10/10    Entered 03/10/10 09:25:46    Desc Main
Document      Page 4 of 9

consolidated for procedural purposes. (Bankr. Ct. Docket. No. 77).

2. On or prior to December 19, 2008, each of the Claimants filed a combined proof of claim and request for payment of an administrative expense under Bankruptcy Code section 503(b)(9) (Claim Nos. 447, 13120, and 1261) (each a "Section 503(b)(9) Claim" and, collectively, the "Section 503(b)(9) Claims").

3. On October 13, 2009, the Debtors filed (1) the Debtors' (I) Fifty-First Omnibus Objection To Certain 503(b)(9) Claims And (II) Motion For A Waiver Of The Requirement That The First Hearing On Any Response Proceed As A Status Conference (Bankr. Ct. Docket No. 5214); and (2) the Debtors' (I) Fifty-Second Omnibus Objection To Certain 503(b)(9) Claims And (II) Motion For A Waiver Of The Requirement That The First Hearing On Any Response Proceed As A Status Conference (Bankr. Ct. Docket No. 5216) (together, the "Objections"). By the Objections, the Debtors sought to temporarily disallow the Section 503(b)(9) Claims filed by the Claimants pursuant to Bankruptcy Code section 502(d) on the grounds that the Claimants were the recipients of transfers that are

4

avoidable under Bankruptcy Code sections 547 and 550 (the "Avoidable Transfers").

4. Each of the Claimants opposed the relief sought in the Objections.

5. On January 6, 2010, the Bankruptcy Court issued the Opinion and entered the Order, granting the Debtors' Objections and temporarily disallowing the 503(b)(9) Claims and, in response to a motion for reconsideration, issued its Supplemental Memorandum Opinion (Bankr. Ct. Docket No. 6601, the "Supplemental Opinion") and entered an order denying the Reconsideration Motion (Bankr. Ct. Docket No. 6602, the "Reconsideration Order").

6. On January 19, 2010, while the Reconsideration Motion was pending, LG filed a Notice of Appeal (Bankr. Ct. Docket No. 6318, the "LG Appeal") and, contemporaneously therewith, filed a Motion for Leave to Appeal the Order. (Bankr. Ct. Docket No. 6320, the "LG Motion"). Thereafter, USDR and PNY also filed notices of appeal (Bankr. Ct. Docket Nos. 6327 and 6331 respectively, together with the LG Appeal, the "Appeals"), and their respective Motions for Leave to Appeal the Order. (Bankr. Ct. Docket Nos. 6329 and 6333).

5

7.  On March 9, 2010, the Debtors filed the Debtors' Omnibus Answering Brief In Opposition To The Motions Of Certain 503(b)(9) Administrative Expense Claimants For Leave To Appeal From The Order On Debtors' Fifty-First And Fifty-Second Omnibus Objections.

## RELIEF REQUESTED

8.  By this Motion, the Debtors request that this Court permit the Debtors to file a consolidated answering brief in opposition to the Motions for Leave and, if requested by the Court, consolidate oral argument concerning the Motions for Leave.

## ARGUMENT

9.  Federal Rule of Civil Procedure 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  Thus, Rule 42(a) permits consolidation of actions that pose "common questions of law or fact."  Id.

6

10.  The trial court has broad discretion in deciding whether to consolidate multiple cases pending before it.  See A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp., 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under F.R.Civ.P. 42(a) to consolidate cases pending in the same district.").  And, generally, policies of judicial economy strongly favor consolidation of related actions.  See Coyne & Delany Co. v. Selman, 98 F.3d 1457, 1473 (4th Cir. 1996) (holding that because there was a "substantial overlap" between two related cases, "the interests of judicial economy require that the cases be consolidated"); In re Microstrategy Inc. Securities Litigation, 110 F. Supp. 2d 427, 431-32 (E.D. Va. 2000) (consolidating multiple similar actions where it was "apparent that consolidation would significantly enhance judicial economy"); Switzenbaum v. Orbital Scis. Corp., 187 F.R.D. 246, 247-48 (E.D. Va. 1999) ("Judicial economy generally favors consolidation.") (citing Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990)).

11.  Here, the Debtors submit that consolidation is appropriate.  Each Motion for Leave is seeking an interlocutory appeal of the same Bankruptcy Court Order, presents similar arguments in support of their request for

7

interlocutory appeals, and presents nearly identical questions presented if leave to appeal is granted. Therefore, the Motions for Leave involve common questions of law in determining whether the Claimants have satisfied the strict standard for leave to appeal an interlocutory order.

12.  By allowing the Debtors to file one consolidated brief and, if the Court requests, have all parties appear for oral argument at the same time, this Court's resources and each parties' rights will be best preserved.  Moreover, the Debtors, each of whom are currently liquidating and attempting to preserve their resources for distributions to creditors, will not be compelled to litigate the same legal issues in front of this Court multiple times.  Indeed, the Objections were presented to and heard on a consolidated basis before the Bankruptcy Court.

13.  Accordingly, the Debtors request that this Court permit the Debtors to file a consolidated answering brief in opposition to the Motions for Leave and, if requested by the Court, consolidate oral argument concerning the Motions for Leave.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested in the Motion to Consolidate and grant the Debtors such other and further relief as this Court deems just and proper.

Dated: Richmond, Virginia
      March 9, 2010

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley              .
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

9