```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF VIRGINIA


IN RE:                      .     Case No. 08-35653 (KRH)
                            .
                            .
                            .
CIRCUIT CITY STORES,        .     701 East Broad Street
INC.,                       .     Richmond, VA 23219
                            .
                            .
          Debtor.           .     February 24, 2010
. . . . . . . . . . . ..          2:10 p.m.


                        TRANSCRIPT OF HEARING
               BEFORE HONORABLE KEVIN R. HUENNEKENS
               UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtor:             McGuire Woods, LLP
                            By:  DOUGLAS FOLEY, ESQ.
                            9000 World Trade Center
                            101 W. Main Street
                            Norfolk, VA 23510

                            McGuire Woods, LLP
                            By:  SARAH B. BOEHM, ESQ.
                            901 East Cary Street
                            Richmond, VA 23219

                            Skadden Arps Slate Meagher & Flom, LLP
                            By:  IAN FREDERICKS, ESQ.
                            One Rodney Square
                            Wilmington, DE 19899

For the Committee:          Pachulski, Stang, Ziehl & Jones, LLP
                            By:  ROBERT J. FEINSTEIN, ESQ.
                            780 Third Avenue
                            New York, NY 10017
                            (Appearing telephonically)


Proceedings recorded by electronic sound recording, transcript
                produced by transcription service
```

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:** jjcourt@optonline.net

**(609) 586-2311    Fax No. (609) 587-3599**

1          COURT CLERK:  In the matter of Circuit City Stores,

2     Incorporated, hearing on Items 1 through 63 as set out on

3     debtors' agenda.

4          MR. FOLEY:  Good afternoon, Your Honor, Doug Foley on

5     behalf of the debtors.  With me at counsel table is Mr. Ian

6     Fredericks from Skadden Arps and Sarah Boehm from my firm.  In

7     the courtroom today is Michelle Mosher who is the principal

8     financial officer of the debtors, Your Honor.

9          THE COURT:  All right.

10          MR. FOLEY:  Your Honor, the items on the agenda I'll

11     be dealing with matters 1 through 17, as well as 61 through 63.

12     Mr. Fredericks will address the Court with respect to matters

13     18 and 19.  And Ms. Boehm will address the Court with respect

14     to matters 20 through 60.

15          Your Honor, Item Number 1 on the agenda is the

16     longstanding motion for relief from stay by DIRECTV which we

17     have finally resolved and that matter can be removed from the

18     docket.

19          THE COURT:  All right.

20          MR. FOLEY:  Your Honor, Item Number 2 and 3, this is

21     Motorola's General Instrument's motions for payment of

22     503(b)(9) claims.  They have requested and we've agreed to

23     adjourn their motions until the March 25th hearing date at

24     2:30.

25          THE COURT:  All right.

1          MR. FOLEY:  Your Honor, Item Number 4, this is the

2    Sennheisser motion for a late proof of claim.  With respect to

3    all of the late claims, just to update the Court, we have

4    motions for late claims, as well as the late claims and owner

5    objection that don't have motions pending.  We've provided all

6    of those parties with a copy of the Court's memorandum opinion

7    in the <u>EEC</u> case, and we're continuing to have discussions with

8    these movants.  We're hopeful that we're going to be able to

9    resolve most, if not all of them, through a consensual

10    stipulation of some kind.  But, with respect to Sennheisser,

11    Your Honor, we are getting more information from them.  We

12    believe we'll be able to resolve it prior to the March 25th

13    hearing date at 2:30.  But, they've requested and we've agreed

14    to adjourn it to that day.

15          THE COURT:  All right

16          MR. FOLEY:  Your Honor, Item Number 5, this is the

17    SouthPeak motion for administrative claim.  We have resolved

18    this one, in its entirety, through a stipulation that we filed

19    last night that resolves our objections that are set forth in

20    Omni Objection 23, 34, 35.  There is still an outstanding

21    objection with respect to Omnibus Objection 50 and 51.

22    However, this motion will be withdrawn.  But, for now we'd like

23    the Court to show it on the agenda as adjourned to the March 8

24    hearing date at 11, but we'll follow up with counsel to get

25    that motion withdrawn.

4

1          THE COURT:  Okay.

2          MR. FOLEY:  Your Honor, Item Number 6, this is the

3  Vertis motion for a late claim.  We have resolved this matter

4  for now.  We'd ask the Court to carry it over to the March 25th

5  date at 2:30.  But, prior to that time we'll have Vertis file a

6  withdrawal of that motion, as well.

7          THE COURT:  Okay.

8          MR. FOLEY:  Item Number 7, Your Honor, this is a

9  Towne Square motion for -- to amend and for a late proof of

10 claim.  We're still working through the facts on this one, Your

11 Honor, and just having discussions with counsel.  They've

12 requested, and we've agreed, to adjourn the matter to the March

13 25th hearing date at 2:30.

14         THE COURT:  Okay.

15         MR. FOLEY:  Your Honor, Item Number 8, this is

16 Schimenti Construction's 2004 motion.  We've been in

17 negotiations with Schimenti and have exchanged offers and

18 counter offers to try to resolve the matter.  We're waiting for

19 a response to our latest offer, and we have not heard back yet

20 from counsel.  But, in the meantime they have agreed to adjourn

21 their motion for 2004 until the March 25th hearing date at

22 2:30.

23         THE COURT:  Okay.

24         MR. FOLEY:  Your Honor, Item Number 9 is the motion

25 by Slam Brands for an administrative claim.  We're in the

5

1  process of reconciling the amount of that claim and we believe

2  we'll be able to get it resolved.  There's some procedural

3  issues relating to it, as well, prior to the March 25th hearing

4  date of 2:30, but they've requested and we've agreed to adjourn

5  it till that day.

6          THE COURT:  Okay.

7          MR. FOLEY:  Your Honor, Item Number 10, this is the

8  motion by Miner Fleet for a late administrative claim.  We have

9  resolved this matter, we're waiting for a signature page from

10 opposing counsel on a stipulation which will be hopefully filed

11 this week.  But, for now we'd ask the Court to adjourn the

12 motion until the March 25th hearing date at 2:30.  Prior to

13 that time we hope it will be withdrawn.

14         THE COURT:  All right.

15         MR. FOLEY:  Item Number 11, Your Honor, this is the

16 motion by Ms. Ashley Isaacs for a late claim.  She has agreed

17 to adjourn her motion till the March 25th hearing date at 2:30,

18 at which time we intend to go forward on the merits.  I don't

19 know if Ms. Isaacs is on the phone but we have told her that

20 that will be her opportunity to present evidence to the Court

21 about excusable neglect or whatever theory that she wants to

22 pursue.  But, we'll make sure that that's properly noticed and

23 that she knows it's going forward on the merits on that day.

24         THE COURT:  Please do.

25         MR. FOLEY:  Your Honor, with respect to Item Number

1  12, this is OmniMount's motion for reconsideration.  We have

2  resolved that matter, as well, and a stipulation is drafted and

3  is in progress.  We hope Mr. Gray will provide signature

4  authority for us this week.  But, until we get that filed, Your

5  Honor, we'd ask that this motion, with OmniMount's consent, to

6  be carried to the March 18th hearing date at ten.

7          THE COURT:  All right.

8          MR. FOLEY:  Your Honor, Item Number 13, this is our

9  motion with respect to the SafeCo surety bonds.  We're still in

10 discussions with SafeCo, as well as the government, with

11 respect to their limited objection.  We're trying to work

12 through those issues.  But, for now we'd ask the Court to

13 adjourn it to the March 8th hearing date at 11.

14         THE COURT:  All right.

15         MR. FOLEY:  Your Honor, Items Number 14 and 17 are

16 the two Madcow motions for administrative claim.  One is for a

17 post-petition administrative claim and one is for a 503(b)(9)

18 claim.  They have requested, and we have agreed, to adjourn

19 their motions until the March 8 hearing date at 11.

20         THE COURT:  All right.

21         MR. FOLEY:  Your Honor, Item Number 15 is the motion

22 by Mr. Raleigh for a late filed proof of claim.  We believe

23 we're going to be able to resolve this issue as to the late

24 claim issue because Mr. Raleigh's contract was recently

25 rejected.  And he'll obviously have an opportunity to file

1  another proof of claim.  He can roll into the claim that is

2  otherwise late into that, and we can resolve the claim on the

3  merits rather than deal with the late claim issue.  We're

4  trying to reach Mr. Rapinski, who is his counsel, to get that

5  matter resolved, but until then they have agreed to adjourn

6  their motion until the March 25th hearing date at 2:30.

7         THE COURT:  All right.

8         MR. FOLEY:  Item Number 16, Your Honor, this is the

9  motion by Site A for a late filed proof of claim.  We are

10 awaiting additional information that we have requested from

11 Site A, but until then they have agreed to adjourn their motion

12 until the March 25th hearing date at 2:30.

13        THE COURT:  All right.

14        MR. FOLEY:  Your Honor, I'm skipping down to the

15 adversary proceedings that are at the end of the agenda, Items

16 61, 62, and 63.  We are in discussions with the insurance

17 carrier with respect to Item Number 61.  This is the CC

18 investors' adversary proceeding.  And, hopefully, we're going

19 to try to get that matter resolved prior to issuing a

20 scheduling order.  But, we'd like the pretrial conference with

21 respect to that adversary to be adjourned until the March 25th

22 hearing date at 2:30.

23        THE COURT:  All right, it'll be adjourned.

24        MR. FOLEY:  Item Number 62 and 63, Your Honor, these

25 are our adversary complaints against Sharp as in Creative Labs.

1  We have been exchanging, informally, information with respect

2  to the claims.  Counsel has also requested additional time to

3  retain counsel with respect to the Creative Labs matter.  We've

4  agreed to adjourn both pretrial conferences until the March 8

5  hearing date at 11, at which point we'll probably be in a

6  position to request the Court to enter pretrial orders with

7  respect to both those matters.

8            THE COURT:  All right.

9            MR. FOLEY:  And Mr. Fredericks will deal with -- I'm

10  sorry, we'll deal with the claims matters next, Your Honor,

11  Items 20 through 60.

12            THE COURT:  All right.  Thank you.

13            MS. BOEHM:  Good afternoon, Your Honor, Sarah Boehm

14  from McGuire Woods on behalf of the debtors.  Item 20 on the

15  agenda is the debtors' 63rd omnibus objection to claims.  It

16  sought the disallowance of certain duplicative claims of the

17  Wydler Settlement class.  This included an objection to 36

18  claims filed by individuals who were part of the Wydler

19  Settlement, so we sought the disallowance of the individual

20  claims with the surviving claim being that of the class.

21            This was originally scheduled for a status hearing

22  last month and was adjourned at the request of the Wydler

23  settlement so that they could confirm that all those members

24  were, in fact, members of the class.  They have confirmed that.

25  I have no objection to the entry of the order.  And none of the

1 | individuals filed a response, as well.  So, we would seek an
2 | order disallowing the claims of the 36 individuals with the
3 | Wydler Ssttlement class claim being a surviving claim for each
4 | of those 36.
5 | THE COURT:  Does any party wish to be heard on the
6 | debtors' 63rd omnibus objection to claims?
7 | (No audible response)
8 | THE COURT:  All right there being no objection, that
9 | will be granted.
10 | MS. BOEHM:  Item 21 on the agenda is the debtors'
11 | 65th omnibus objection which seeks the reclassification of
12 | certain claims filed by equity holders to interests.  This
13 | included 79 claims filed by individuals with respect to holding
14 | equity interests.  We did receive one response.  We would
15 | propose to submit an order reclassifying the claims to the 78
16 | claimants who did not respond.  And as to the one claimant who
17 | did respond we have notice in the agenda and by separate notice
18 | that it will go forward on the merits on the March 8th hearing
19 | at eleven o'clock.
20 | THE COURT:  All right.  That'll be approved.
21 | MS. BOEHM:  Thank you, Your Honor.  Item 22 was a
22 | notice that was filed with respect to a hearing on the merits
23 | on the debtors' 15th and 16th omnibus objections which sought
24 | the reclassification of claims filed by equity holders to
25 | interests.  This hearing is with respect to Ms. Cinda Ann

1  Berger who was in the 15th omnibus objection, and Mr. James

2  Lebari who is part of the 16th omnibus objection.  These claims

3  have been provided to the Court.  The debtors assert that they

4  were filed on -- as proof -- Mr. Lebari's claims were filed as

5  actually he scratched out on the claim and wrote proof of

6  interest.  However, the claims agent is not able to docket this

7  in this format without a court order.  And when speaking with

8  him he said that now that he understands the treatment of

9  interest in the plan he doesn't want those treated as

10 interests.  He would like them to be treated as claims.

11             THE COURT:  Of course.

12             MS. BOEHM:  So, we would request that with respect to

13 Claim Number 4576 by Ms. Cinda Ann Berger and Claim Numbers

14 9053, 9055 and 9057 by James Lebari be reclassified to

15 interests which will receive treatment in accordance with the

16 plan.

17             THE COURT:  All right.  Now, I've received a response

18 on behalf of Mr. Lebari filed by the -- from Spotts Fain.  Is

19 anybody here to address that response?

20             MS. BOEHM:  I can address that, Your Honor.

21             THE COURT:  Okay.

22             MS. BOEHM:  He has, in effect, fired Spotts Fain by

23 refusing to pay their bills and asking them to do no further

24 work on the case.  When I contacted them regarding this

25 objection they instructed me that they were no longer

1  representing him and that I should contact him directly.  So I

2  did that, and he confirmed that and said that they would not be

3  representing him, that he was representing himself.

4          THE COURT:  All right.  Is Mr. Lebari here?  Is he on

5  the phone?

6                    (No audible response)

7          THE COURT:  All right.  The Court has reviewed the

8  response that was filed in this case and the objection that was

9  filed by the debtors, and the Court agrees with the debtor that

10 these are interests and not claims, and so the Court will

11 sustain the objection.

12         MS. BOEHM:  Thank you, Your Honor.

13         THE COURT:  Now, before we go on there was also a Ms.

14 Berger who had written a letter.  Is Ms. Berger represented or

15 on the phone?

16                   (No audible response)

17         THE COURT:  All right.  The Court has reviewed that,

18 as well, and has concluded that that's very clearly an

19 interest, as well, and so the Court will sustain that

20 objection.

21         MS. BOEHM:  Thank you, Your Honor.  We will submit

22 supplemental orders on the 15th and the 16th omnibus objections

23 reclassifying those claims.

24         THE COURT:  All right.

25         MS. BOEHM:  Item 23 on the agenda begins the various

1  omnibus objections that are set for status.  I do have a chart

2  which I can hand up which is a general summary, but I would

3  like to go through them, individually.

4          THE COURT:  You may.

5          MS. BOEHM:  Because several of them have been

6  concluded and some of them have different dates that we're

7  adjourning things.

8          With respect to Item 23, this was the debtors' second

9  omnibus objection to certain late claims, at the time the

10 agenda was filed we had submitted a supplemental order

11 completely resolving that.  Since filing the agenda the order

12 has been docketed and this matter has been fully resolved and

13 does not need to be adjourned.

14         THE COURT:  All right.

15         MS. BOEHM:  Item 24 is the debtors' third omnibus

16 objection to certain late claims.  This is a similar situation

17 where at the time of the filing of the agenda an order had been

18 submitted.  It has since been entered which fully resolves this

19 objection and does not need to be adjourned.

20         THE COURT:  All right.

21         MS. BOEHM:  The debtor -- Item 25 is the debtors'

22 fourth omnibus objection to certain duplicative claims.  As set

23 forth on the exhibit to the agenda the bulk of these claims are

24 being adjourned to the March 18th date.  But, with respect to

25 Mitsubishi we had originally noted on the agenda that this was

1  going to be -- go forward on the merits on March 8th.  At the

2  request of counsel, that is now being changed to March 18th.

3            THE COURT:  All right.

4            MS. BOEHM:  However, Bethesda Softworks was also

5  noted as going forward on March 8th at 11, and that one still

6  will be going forward on March 8th.

7            THE COURT:  Okay.

8            MS. BOEHM:  Item Number 26 is the debtors' fifth

9  omnibus objection to certain misclassified non-goods 503(b)(9)

10  claims.  With respect to Magnus, Magnus and Inc. we have filed

11  a separate notice, as well as noting in the agenda and on the

12  exhibit that this will go forward on the merits on March 8th at

13  eleven o'clock.  For any other claims included in that

14  objection, the status hearing will be adjourned to March 18th

15  at ten o'clock.

16            THE COURT:  All right.

17            MS. BOEHM:  Item 27 is the debtors' sixth omnibus

18  objection to misclassified non-goods, 503(b)(9) claims.  For

19  any claim for which the objection is still pending those are

20  being adjourned to March 18th at ten o'clock.

21            THE COURT:  All right.

22            MS. BOEHM:  Item 28 is the debtors' seventh omnibus

23  objection to certain late claims.  At the time of filing the

24  agenda an order had been submitted withdrawing our objection.

25  That order has now been entered.  There are a few claims still

1 remaining within that objection for which we have adjourned the

2 status hearing to March 18th at ten o'clock.

3          THE COURT:  All right.

4          MS. BOEHM:  Item 29 is the debtors' eighth omnibus

5 objection to late claims.  Again, an order has been recently

6 entered withdrawing our objection.  However, there still are a

7 few claims remaining in that objection and which are being

8 adjourned for further status on March 18th at ten o'clock.

9          THE COURT:  All right.

10          MS. BOEHM:  Item 30 is the debtors' ninth omnibus

11 objection to certain late claims.  For any claim for which the

12 objection is still pending it is being adjourned to March 18th

13 at ten o'clock.  And that is another one where a supplemental

14 order has recently been entered withdrawing our objection to

15 certain of those claims.

16          THE COURT:  All right.

17          MS. BOEHM:  Item 31 is the debtors' tenth omnibus

18 objection to certain duplicative claims.  For any claim which

19 the objection is still pending we're adjourning those to March

20 18th at ten o'clock.  Item 32 is the debtors' 19th omnibus

21 objection to certain claims.  This includes the

22 reclassification of certain misclassified claims to general

23 unsecured nonpriority.  This went forward on the merits in

24 January as to about five or six of the claims which is still

25 under advisement.  But, for any other claim that the objection

1  is currently still pending, we are continuing those to March

2  18th at ten o'clock.

3          THE COURT:  All right.

4          MS. BOEHM:  Item 33 is the debtors' 20th omnibus

5  objection.  This was for 503(b)(9) claims received outside of

6  the 20 days.  For Audiovox we were continuing the status

7  hearing to March 8th at 10 a.m.  For Mitsubishi we had noted it

8  as March 8th, but again, at the request of counsel that will be

9  continued to March 18th, as well as all other claims pending in

10  that objection will also be adjourned to March 18th at ten

11  o'clock.

12          THE COURT:  All right.

13          MS. BOEHM:  Item 34 is the debtors' 21st omnibus

14  objection to certain duplicative claims.  All the responses to

15  the 21st omnibus objection have been resolved and does not need

16  to be adjourned.

17          THE COURT:  Okay.

18          MS. BOEHM:  Item 35 is the 22nd omnibus objection,

19  disallowance of claims filed against the wrong debtor.  For all

20  of those we are adjourning them to March 18th at ten o'clock.

21          THE COURT:  Okay.

22          MS. BOEHM:  Item 36 is the debtors' 23rd omnibus

23  objection to claims, the modification of certain duplicate

24  503(b)(9) claims.  We had originally noticed that these would

25  be going forward on the merits as to SouthPeak.  However, that

1  was resolved by a stipulation that was filed last night.

2       THE COURT:  All right.

3       MS. BOEHM:  With respect to Mitsubishi I believe this

4  one was originally noticed to go forward on March 8th, but by

5  request of counsel we will adjourn that to March 18th.  And for

6  any other claim for which the objection is still pending those

7  will also be adjourned to March 18th at ten o'clock.

8       THE COURT:  Okay.

9       MS. BOEHM:  Item 37 is the debtors' 24th omnibus

10 objection.  This related to the disallowance of certain tax

11 claims.  For any claim for which the objection is still pending

12 we will adjourn those to March 18th at ten o'clock.

13      THE COURT:  All right.

14      MS. BOEHM:  Item 38 is the debtors' 27th omnibus

15 objection, also to certain tax claims.  We will be adjourning

16 the status hearing for those to March 18th at ten o'clock.

17 However, we do have two supplemental orders that should be

18 ready this week, one withdrawing certain claims and one

19 disallowing certain claims, and we hope to have this objection

20 actually resolved prior to that hearing.

21      THE COURT:  Okay.

22      MS. BOEHM:  Item 39 is the debtors' 28th omnibus

23 objection to certain amended claims.  We only have one claim

24 left in this objection which is being adjourned to March 18th

25 at ten o'clock.

1           THE COURT:  Okay.

2           MS. BOEHM:  Item 40 is the 29th omnibus objection to

3    claims which was the disallowance of certain duplicative

4    claims.  An order has been entered since the agenda was filed

5    which has fully resolved this matter so it does not need to be

6    adjourned.

7           THE COURT:  All right.

8           MS. BOEHM:  Item 41 is the debtors' 30th omnibus

9    objection which has a certain wage claims.  All of these claims

10   are being adjourned to March 18th at ten o'clock.

11          THE COURT:  All right.

12          MS. BOEHM:  Item 42 is the debtors' 31st omnibus

13   objection to certain legal claims.  For any claim that this

14   objection is still pending is continued to March 18th at ten

15   o'clock.

16          THE COURT:  Very good.

17          MS. BOEHM:  Item 43 is the debtors' 33rd omnibus

18   objection.  This is the modification or reclassification of

19   certain claims.  These were not equity claims, these were just

20   claims that were filed as either priority or secured and we're

21   seeking to reclassify them.  We have noticed separately and

22   have noted in the agenda and on the exhibit that this will go

23   forward on the merits with respect to Cindy Ann Haynes and

24   Amore Construction.  Those will go forward on the merits on

25   March 8th at eleven o'clock.  For any of the other claims still

1  pending, it will be adjourned to March 18th at ten.

2              THE COURT:  All right.

3              MS. BOEHM:  Item 44 is the 34th omnibus objection.

4  We had noted that this would go forward on the merits as to

5  SouthPeak.  However, that has now been resolved by stipulation

6  filed last night.  With respect to the other claim included, it

7  will be adjourned to March 18th at ten o'clock.

8              THE COURT:  All right.

9              MS. BOEHM:  Item 45 is the 35th omnibus objection.

10 Again as to SouthPeak, the stipulation was filed last night and

11 does not need to be adjourned.  With respect to any other claim

12 included in the objection, which it's still pending, will

13 continue to March 18th at ten o'clock.

14             THE COURT:  All right.

15             MS. BOEHM:  Item 46 is the 36th omnibus objection.

16 All of these claims are being adjourned to March 18th at ten.

17             THE COURT:  Okay.

18             MS. BOEHM:  Item 47 is the 37th omnibus objection

19 regarding the reduction of certain personal property tax

20 claims.  We're preparing a motion for partial summary judgment

21 on that and at this time we're asking that the status hearing

22 be adjourned to March 18th at ten.

23             THE COURT:  Okay.

24             MS. BOEHM:  Item 48 is the 39th omnibus objection.

25 This is another outside of 20 days.  We only have one claimant

1  remaining in that objection and we're asked to adjourn that to

2  March 18th at ten.   Item 49 is the 41st omnibus objection.

3  Again, we only have one claimant remaining in that objection,

4  and we would adjourn that to March 18th at ten.

5           THE COURT:  All right.

6           MS. BOEHM:  Item 50 is the 42nd omnibus objection.

7  An order has been entered since the agenda was filed which

8  disallowed certain of the claims included in the objection.  We

9  had noted that these -- Mitsubishi would go forward on the

10  merits, but by agreement of counsel that date has changed from

11  March 8 to March 18th.  And all other claimants included in

12  that objection will be continued to March 18th at ten.

13          THE COURT:  All right.

14          MS. BOEHM:  Item 51, the debtors' 43rd omnibus

15  objection to late claims.  An order has been entered

16  withdrawing our objection to certain of those claims.  And for

17  any other claim that the matter is still pending we would

18  adjourn to March 18th at ten.

19          THE COURT:  All right.

20          MS. BOEHM:  Item 52 is the 44th omnibus objection.

21  We will adjourn all those to March 18th at ten.  Item 53 is the

22  48th omnibus objection which we will adjourn all claims to

23  March 18th at ten, as well as Item 54 which is the 49th omnibus

24  objection, we'll adjourn all those to March 18th at ten.

25          Item 55 is the 50th omnibus objection.  For Audiovox

1   we will adjourn the status hearing to March 8th at eleven.   For

2   all other claims to which the objection is pending, we will

3   adjourn to March 18th at ten.

4            THE COURT:  All right.

5            MS. BOEHM:  Item 56 is the 54th omnibus objection.

6   An order was entered this week withdrawing our objection to

7   certain of those claims.  For any claims still included in the

8   objection we will adjourn those to March 18th at ten.

9            THE COURT:  All right.

10           MS. BOEHM:  Item 57 is the 56th omnibus objection.

11  We, at this point, are planing to file an omnibus reply to all

12  of the responses included in the 56th omnibus objection, and

13  will go forward on the merits on March 8th at eleven o'clock

14  for all those claims.

15           THE COURT:  All right.

16           MS. BOEHM:  And those are the disallowance of certain

17  alleged admin expenses on account of employee obligations where

18  the employee has a -- filed an admin claim and a general

19  unsecured claim for the same thing, and so we are seeking the

20  disallowance of the admin claim with the surviving general

21  unsecured claim.

22           THE COURT:  All right.

23           MS. BOEHM:  Item 58 is the 57th omnibus objection.

24  We have only one claim remaining in that which will be

25  adjourned to March 18th at ten.

1          THE COURT:  All right.

2          MS. BOEHM:  Item 59 is the 58th omnibus objection.

3  We will adjourn those to March 18th at ten.

4          THE COURT:  All right.

5          MS. BOEHM:  And, finally, on the debtors' 60th

6  omnibus objection which is Item 60, we will adjourn those to

7  March 18th at ten.

8          THE COURT:  Okay.  I note on that one that we've got

9  a pro se response filed by a prisoner, Bruce Senator --

10          MS. BOEHM:  Yes, sir.

11          THE COURT:  -- asking a motion to reconsider, which

12  obviously does not need to be reconsidered because you have

13  adjourned his claim out.

14          MS. BOEHM:  That's correct, Your Honor.

15          THE COURT:  I would suspect the problem is

16  communication.  He's not going to participate by phone,

17  obviously, and doesn't know what's going on.  What efforts have

18  been done to try to communicate with -- it's also a very, very

19  small claim.

20          MS. BOEHM:  Yes, Your Honor.  He had filed multiple

21  claims.  It's $150 rebate check, basically.

22          THE COURT:  And more paperwork than $150 could --

23          MS. BOEHM:  Yes.  We are only able to communicate

24  with him by mail at his address there in prison.  We had filed

25  different objections to different of his claims trying to knock

1  out the duplicative nature.  He had filed secured at priority.

2  We've tried to reclassified them.  We've withdrawn our

3  objection to anyone that we felt it would just be easier to

4  withdraw.  And as you noted in Omni 60 he did file a response

5  which we adjourned, and his motion to reconsider therefore is

6  -- doesn't need to be reconsidered because nothing was done but

7  to adjourn it.  But, we will --

8          THE COURT:  I suspect you're going to get more

9  responses though.

10          MS. BOEHM:  Yes.

11          THE COURT:  I mean, that's why I'm saying a little

12  communication on that might, you know, save everybody a lot of

13  paperwork, and a lot of lawyer time dealing with the matter.

14  So, I'd point that out for whatever it's worth.

15          MS. BOEHM:  Thank you.  We'll follow up with him,

16  Your Honor.

17          THE COURT:  Okay.

18          MS. BOEHM:  I'll turn it over to Mr. Fredericks.

19          THE COURT:  All right.

20          MR. FREDERICKS:  Good afternoon, Your Honor.

21          THE COURT:  Good afternoon.

22          MR. FREDERICKS:  Ian Fredericks from Skadden Arps on

23  behalf of the debtors.

24          I think we're going back to matters 18 and 19 and

25  then I have a little bit of an update to provide you with, as

1  well.

2         THE COURT:  All right.

3         MR. FREDERICKS:  I believe Matter 18 is the remaining

4  relief with respect to the incentive plan motion that was filed

5  last February, I believe.

6         THE COURT:  Right.

7         MR. FREDERICKS:  I'm pleased to report that we are

8  very, very close to a resolution of issues with the committee.

9  I would resolve that motion and some other issues that haven't

10 been brought before the Court yet.  We are, I believe,

11 exchanging final -- what we believe to be final documents and

12 ironing out some remaining issues.  But, we're optimistic we're

13 going to reach a consensual resolution, have that motion heard

14 -- well, reach a consensual resolution with the committee on

15 that and other issues.

16        By agreement with the committee we have agreed to

17 approach the U.S. Trustee on that motion and other issues,

18 because the U.S. Trustee is actually the only formal objection

19 to that motion that remains.  And we're bringing the proposed

20 resolution to the U.S. Trustee, get input and try to resolve

21 any concerns the U.S. Trustee may have.  And if we're unable to

22 resolve the U.S. Trustee's concerns go forward on March 8th.

23 So, I think March 8th will be a -- on a consensual or a

24 non-consensual basis.  And I know you've heard that in the

25 past, Your Honor, but I think --

1            THE COURT:  I was going to say that was on my notes

2    from the last hearing.

3            MR. FREDERICKS:  So, I think it's going to be on

4    March 8th.  We're going to do it one way or the other.

5            THE COURT:  All right.  Very good.

6            MR. FREDERICKS:  On Matter Number 19, this is the

7    debtors' motion to deem publication notice adequate as to

8    certain rebate check holders.  When we served the motion

9    recognizing that for the same -- one of the same reasons why

10   the rebate holders weren't initially served with the bar date

11   notice it didn't make sense to serve them with the motion due

12   to the cost prohibitive nature.  We served the State Attorney

13   Generals, as well as the typical other parties.  We have

14   received informal objections from the State Attorney Generals.

15   We are working with them and working with the committee and

16   hope to resolve this consensually, prior to the March 8

17   hearing.

18           THE COURT:  All right.  Not to beat a dead horse, but

19   was Mr. Senator's rebate claim timely, or was he going to be

20   subject to this date?  If you don't know that's fine, you can

21   just report to me later on it.  You're not asking for any

22   relief on this today, right?

23           MR. FREDERICKS:  No, we're not asking for any relief

24   from the stay, we're just carrying forward.

25           THE COURT:  Okay.

1          MR. FREDERICKS:  But, we'll certainly look into that

2   and, you know, I think we'll try to reach some type of

3   consensual resolution with Mr. Senator, separately, given that

4   he has filed, I believe, multiple claims.

5          THE COURT:  Yes.  Well, his check is four years old,

6   too, so I mean, I'm aware of that.  That's why I asked this

7   question.  All right.

8          MR. FREDERICKS:  Okay.  I will definitely report that

9   to the Court.  Unless the Court has any other questions on that

10  one, that would conclude my presentation on what I call the

11  notice motion.

12         THE COURT:  When are we going to go forward on the

13  notice motion?

14         MR. FREDERICKS:  On the 8th if we go forward with it,

15  if it's not consensually resolved before that.

16         THE COURT:  All right.  Very good.  Where do we stand

17  as far as confirmation hearing is concerned?

18         MR. FREDERICKS:  The next matter that I was going to

19  address with Your Honor.

20         THE COURT:  Oh.

21         MR. FREDERICKS:  We've talked to the committee.

22  We're still working through the Canadian issues, and I believe

23  the committee -- we're still working with the Canadian issues

24  with the committee with Canada trying to resolve those, and

25  that's still kind of the impediment to going forward with

confirmation.  We've agreed with the committee to adjourn,

tentatively, to April 6th.  I'm not sure whether or not that

will happen then or not.  It really depends on a resolution of

the Canadian issues, and that's largely in the hands of a third

party of the Canadian Revenue Administration.

THE COURT:  All right.  So, that's where that is

pending right now for that body?

MR. FREDERICKS:  Yes, we've -- yeah, we've asked for

what I would call the equivalent of an IRS administrative

letter or administrative ruling.  Kind of a, here's what the

facts are going to be, if the facts are this what position will

Canada Revenue take?  We've received positive feedback from

them, and I believe we're working with the committee on whether

or not to -- and I believe Jeff Pomerantz is on the phone so he

can speak up if I've misstated this.  But, I believe we're

working on the committee with whether or not to modify that

ruling slightly or go forward with that ruling and submit a

subsequent ruling to address, you know, some tweaks.  But,

we're working with them to try to resolve those and then we'll

submit it back to Canada and, you know, await their decision.

THE COURT:  All right, very good.  Is this part of

the Canadian insolvency proceeding, or is this totally a

separate tax court type of proceeding?

MR. FREDERICKS:  No -- well, if the tax were to be

assessed at Canada it would be a liability of the Canadian

1    estate.   That would then need to be paid before the proceeds

2    could move down to the United States.   And what we've asked the

3    Canadian Revenue -- I understand all the issues, and I know,

4    but I certainly don't want to misstate anything here.

5            Basically, what's going on is, given the Court the

6    way the corporate structure was in place and you actually had a

7    Canadian sub that was the main operating entity in Canada that

8    sold all of its assets and is really now holding cash, that

9    Canadian sub is wholly owned by a U.S. debtor.   That U.S.

10   debtor then has both preferreds and common.   The preferreds, I

11   believe are owned by a Canadian sub, so actually a Canadian

12   entity, and the common are owned by a U.S. sub.

13           This complicated corporate structure that was put in

14   place, without the Canadian revenue ruling and the, what I'll

15   call a restructuring of those entities, without that occurring

16   it's possible that Circuit City or the Canadian estates could

17   get hit with not only one tax and potentially a tax at a higher

18   rate, but two taxes because of some inner company liabilities.

19   So, what we've proposed with the Canadian Revenue

20   Administration is to restructure those entities to kind of

21   address those issues, and then the monies will flow in the most

22   tax efficient manner, you know, to the United States.

23           THE COURT:   Okay.

24           MR. FREDERICKS:   It gets more complicated by the fact

25   that the U.S. is -- the U.S. plan proposed a substantive

1 consolidation and ultimately a liquidating trust who will be

2 the successor.  So, that has -- those facts have also

3 complicated timing of when that all can occur and what impact

4 that would have on Canada.  So, those are, in short, the issues

5 that we're trying to work out.

6        THE COURT:  All right.  And you're going to get all

7 that done by the 6th of April?

8        MR. FREDERICKS:  We've been working on it for awhile,

9 we're hopeful, but again, you know, I've been here before and

10 told you we're hopeful it's going to happen, so we're hopeful,

11 we're working as quickly as we can.  We're working closely with

12 the committee.  The committee has its own Canadian

13 professionals.  They're working with the Canadian debtors, tax

14 and restructuring professionals, up there and, you know, we're

15 working together to try to get it done as quickly as possible.

16        THE COURT:  All right.  Very good.

17        MR. FEINSTEIN:  Excuse me, Your Honor, on the

18 telephone Robert Feinstein for the committee.

19        THE COURT:  Yes, Mr. Feinstein.

20        MR. FEINSTEIN:  Good afternoon.  What Mr. Fredericks

21 is outlining is correct, Your Honor.  The one thing I guess we

22 should alert Your Honor to you is that this intermediate U.S.

23 entity that has both this Canadian subsidiary and then a

24 Canadian parent, as part of the letter ruling from Canada to

25 get comfort on the -- avoiding an unnecessary tax liability it

1    appears necessary that that intermediate U.S. entity, which is

2    a debtor, is going to have to be dissolved.  And I know part of

3    the process in the U.S. courts that we'll need to address in

4    order to resolve this in the best interest of the estate would

5    be to take that debtor essentially out of the plan and dissolve

6    it under state law in Delaware.  But, in all other respects

7    we're optimistic that we can get this done by early April.

8              THE COURT:  All right.  Thank you very much.

9              MR. FREDERICKS:  Assuming we got it -- and Mr.

10   Feinstein's correct -- assuming we got the ruling from Canada,

11   part of the Canadian ruling addresses what would need to --

12   addresses from Canada's perspective what would need to happen

13   in the U.S., on the U.S. side, to deal with the U.S. entities

14   that are in play here.  I don't think it's just the one U.S.

15   debtor that's in play.  I think the U.S. parent that's two

16   above those that holds the common stock is also in play about

17   what will happen with that one.  But, we will ultimately need

18   to come back to this Court to get relief.  We've postponed

19   asking for that relief pending the Canadian Revenue

20   Administration actually telling us what they want to have

21   happen so that we can ultimately get the tax back -- or get the

22   proceeds back in the most sufficient manner.

23             THE COURT:  All right.  Very good.  All right.  Thank

24   you for that update.

25             MR. FREDERICKS:  I also wanted to -- unless Your

1  Honor has any -- I'm happy to answer anymore questions with

2  respect to that or confirmation.

3       THE COURT:  I'm sufficiently confused on that point.

4  I think we can move on though.

5       MR. FREDERICKS:  I was, too, the first time I heard

6  it, and you have less facts than I do.  But, that's probably a

7  good thing for right now.

8       We're going to file a notice on the -- to adjourn it.

9  So, the parties know, we'll probably do that either later today

10  or tomorrow so that parties can make appropriate arrangements

11  to not come on March 8th.  And I anticipate we'll provide you

12  with an update on March 25th so that we can make similar

13  arrangements if it's not going to happen on April 6th.

14       THE COURT:  All right.

15       MR. FREDERICKS:  Going back to the claims just for a

16  second, I don't know if Your Honor had a chance to glance at

17  this.  It looks like there are some very large numbers on this

18  piece of paper.  The debtors are preparing a number of

19  dispositive motions to try to deal with some of the larger and

20  common issues that we anticipate filing in the near future, and

21  hope to have heard before the end of March to try to whittle

22  this down even more than we've already been whittling it.  But

23  we're really focusing hard on trying to move as many adjourned

24  claim matters off Your Honor's docket and clean this up as much

25  as possible and as fast as possible.

1           THE COURT:  All right.  Well, certainly that will be

2    appreciated.

3           MR. FREDERICKS:  Unless Your Honor has any other

4    questions or would like an update on anything else, I think

5    that concludes everything for the --

6           THE COURT:  Does any other party have any business

7    they want to bring up in the Circuit City matter?

8                        (No audible response)

9           THE COURT:  All right, Mr. Fredericks, thank you very

10   much.

11          MR. FREDERICKS:  Thank you, Your Honor.

12          COURT CLERK:  All rise.  The court is now adjourned.

13                        * * * * *

14                  **C E R T I F I C A T I O N**

15          I, KIMBERLY UPSHUR, court approved transcriber,

16   certify that the foregoing is a correct transcript from the

17   official electronic sound recording of the proceedings in the

18   above-entitled matter, and to the best of my ability.

19

20   /s/ Kimberly Upshur

21   KIMBERLY UPSHUR

22   J&J COURT TRANSCRIBERS, INC.     DATE:  March 11, 2010

23

24

25