Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :   Jointly Administered
              Debtors.        :
- - - - - - - - - - - - - - x   Obj. Deadline: March 25, 2010

**NOTICE OF PROPOSED SETTLEMENT AND STIPULATION BY AND AMONG THE DEBTORS, ALLIANCE ENTERTAINMENT LLC, NOW KNOWN AS SOURCE INTERLINK DISTRIBUTION, LLC, AND SOURCE INTERLINK MEDIA, LLC RESOLVING THE DEBTORS' TENTH, TWENTY-SECOND, AND TWENTY-EIGHTH OMNIBUS OBJECTIONS**

          PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval
(the "Settlement Procedures Order") (Docket No. 4401).[1]  A

---

[1]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to such terms in the Agreement (defined below) or
     the Settlement Procedures Order.

copy of the Settlement Procedures Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Agreement") with Alliance Entertainment LLC, now known as Source Interlink Distribution, LLC, and Source Interlink Media, LLC, a copy of which is annexed as <u>Exhibit 2</u>.

## SUMMARY OF AGREEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Agreement are as follows:

---

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]   This section of the notice constitutes a summary of the material terms of the Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Agreement in its entirety.  In the event there is a conflict between the notice and the Agreement, the Agreement shall control in all respects.

(i)  The Agreement is between the Debtors and
     Alliance Entertainment LLC, now known as
     Source Interlink Distribution, LLC
     ("Alliance"), and Source Interlink Media,
     LLC ("SIM" and together with Alliance, the
     "Claimants" and with the Debtors, the
     "Parties" and each of which is a "Party");

(ii) Claimants filed the following proofs of
     claim:

     a.  Claim 928 filed by Alliance on December
         17, 2008 in the amount of $4,010,658.44
         for the value of goods allegedly
         delivered by Alliance during the 20-day
         period prior to the Petition Date
         against Circuit City Stores West Coast,
         Inc.;

     b.  Claim 1202 filed by Alliance on
         December 17, 2008 in the amount of
         $4,010,658.44 for the value of goods
         allegedly delivered by Alliance during
         the 20-day period prior to the Petition
         Date against Circuit City Stores PR,
         LLC;

     c.  Claim 1442 filed by Alliance on
         December 17, 2008 in the amount of
         $4,010,658.44 for the value of goods
         allegedly delivered by Alliance during
         the 20-day period prior to the Petition
         Date against Circuit City Stores, Inc.;

     d.  Claim 1204 filed by SIM on December 17,
         2008 in the amount of $360,345.31 for
         the value of goods allegedly delivered
         by SIM during the 20-day period prior
         to the Petition Date against Circuit
         City Stores West Coast, Inc.;

     e.  Claim 1345 filed by SIM on December 17,
         2008 in the amount of $360,345.31 for
         the value of goods allegedly delivered
         by SIM during the 20-day period prior

to the Petition Date against Circuit
City Stores, Inc.;

f.    Claim 8387 filed by Alliance on January
      30, 2009 in the amount of
      $10,996,107.00 for goods and services
      against Circuit City Stores PR, LLC;

g.    Claim 9033 filed by Alliance on January
      30, 2009 in the amount of
      $10,996,107.00 for goods and services
      against Circuit City Stores West Coast,
      Inc.;

h.    Claim 9640 filed by Alliance on January
      30, 2009 in the amount of
      $11,646,519.00 for goods and services
      against Circuit City Stores, Inc.;

i.    Claim 8315 filed by Alliance on January
      30, 2009 in the amount of $1,028,153.34
      for storage and carrier services
      against Circuit City Stores West Coast,
      Inc.;

j.    Claim 8960 filed by Alliance on January
      30, 2009 in the amount of $1,028,153.34
      for storage and carrier services
      against Circuit City Stores, Inc.;

k.    Claim 9833 filed by Alliance on January
      30, 2009 in the amount of $1,028,153.34
      for storage and carrier services
      against Circuit City Stores PR, LLC;

l.    Claim 8308 filed by SIM on January 30,
      2009 in the amount of $875,724.31 for
      goods and services provided against
      Circuit City Stores West Coast, Inc.;

m.    Claim 9637 filed by SIM on January 30,
      2009 in the amount of $875,724.31 for
      goods and services provided against
      Circuit City Stores, Inc;

4

(iii)   The Debtors filed the following
        objections to the following Claims (the
        "Objections"):

   a.   Debtors' Tenth Omnibus Objection to
        Certain Duplicate Claims -- Claims
        8308, 8315, 8387, and 9033 – filed on
        June 4, 2009 (Docket No. 3513);

   b.   Debtors' Twenty-Second Omnibus
        Objection to Claims (Disallowance of
        Certain Claims Filed Against the Wrong
        Debtor) -- Claims 928, 1202, and 9833 –
        filed on June 23, 2009 (Docket No.
        3710);

   c.   Debtors' Twenty-Eighth Omnibus
        Objection to Claims (Disallowance of
        Certain Amended Claims) -- Claim 1204 –
        filed on July 24, 2009 (Docket No.
        4277);

(iv) Claimants filed the following responses to
     the Objections (the "Responses"):

   a.   Response to the Tenth Omnibus Objection
        on June 29, 2009 (Docket No. 3844),
        stating that Claims 8308, 8315, 8387,
        and 9033 should be allowed in the
        amounts as filed;

   b.   Response to the Twenty-Second and
        Twenty-Third Omnibus Objections on July
        16, 2009 (Docket No. 4135), stating
        that Claims 928, 1202, 9637, and 9833
        should be allowed in the amounts as
        filed;

   c.   Response to the Twenty-Eighth Omnibus
        Objections on August 20, 2009 (Docket
        No. 4579), stating that Claim 1204
        should be allowed in the amount as
        filed;

(v)   Upon the occurrence of any of the
following, the Claims on Exhibit A
attached to the Agreement shall be treated
as follows: (i) confirmation of a plan of
liquidation in these chapter 11 cases that
substantively consolidates Circuit City
Stores, Inc., Circuit City West Coast, Inc.
and Circuit City Stores PR, LLC, in which
case all of the Claims in column B shall
be disallowed; (ii) satisfaction in full
of a Claim in column A, in which case only
the corresponding Claims in column B shall
be deemed disallowed; (iii) entry of an
order disallowing a Claim listed on
Exhibit A, in which case only such Claim
disallowed by such order shall be
disallowed; or (iv) in accordance with a
further agreement between the parties.
Disallowance of the Claims identified in
Column B of Exhibit A is solely for the
purpose of eliminating multiple recoveries
by Claimants with respect to a single
underlying liability, and nothing herein
is intended to constitute a waiver,
release, or substantive ruling with
respect to such underlying liability;

(vi)  Upon the occurrence of the Effective Date,
the Objections and the Responses shall be
deemed resolved;[4]

(vii) In no event shall Claimants receive more
than one satisfaction under a plan of
liquidation or otherwise for the same
underlying liability;

(viii)  Nothing in the Agreement affects the
rights of the Debtors or the Claimants
with respect to the Debtors' Twentieth
Omnibus Objection to Claims

---

[4]   The Response to the Twenty-Second and Twenty-Third Omnibus
Objections filed on July 16, 2009 (Docket No. 4135) is only resolved
as to the Twenty-Second Omnibus Objection.

(Reclassification to Unsecured Claims of Certain Claims Filed as 503(b)(9) Claims for Goods Received by the Debtors Not Within Twenty Days of the Commencement of the Cases) (Docket No. 3704), the Debtors' Twenty-Third Omnibus Objection to Claims (Modification of Certain Duplicate 503(b)(9) Claims) (Docket No. 3711), or the Debtors' Thirty-Fourth Omnibus Objection to Claims (Modification of Certain Duplicate 503(b)(9) Claims) (Docket No. 4598).

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO CONSIDER THE AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Settlement Procedures Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be <u>in writing</u> and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (see information below) by no later **March 25, 2010** (the "Objection Deadline"). Each Objection or Request must be served on (i) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE 19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA 23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F. Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Agreement and you do not want the Debtors to proceed

with the Agreement or you want the Court to consider your
views concerning the Agreement, you or you attorney must
also:

> file in writing with the Court, Clerk of Court,
> United States Bankruptcy Court, 701 East Broad
> Street, Suite 4000, Richmond, Virginia 23219, or
> electronically (www.vaeb.uscourts.gov), a written
> Objection pursuant to Local Bankruptcy Rule 9013-
> 1(H). If you mail your Objection to the Court for
> filing, you must mail it early enough so the
> Court will **receive it on or before March 25, 2010
> at 5:00 p.m. (ET).**

**Any Objection to an Agreement must be submitted by the
method described in the foregoing sentence.  Objections
will be deemed filed only when actually received at the
address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(d) of the Settlement Procedures Order, if a
Notice Party submits a Request, only such Notice Party
shall have the later of (i) an additional five (5) days to
object to the Agreement or (ii) in the case of a Request
for additional information, three (3) days after receipt by
the Notice Party of the additional information requested.
Each Notice Party may only make one Request for additional
time per Agreement, unless otherwise agreed to by the
Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Agreement without further order of the Court or any other action by the Debtors**.

Dated: March 11, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware
19899-0636
(302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Dion W. Hayes
(VSB No. 34304)
Douglas M. Foley
(VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
                             :
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   1Case No. 08-35653 (KRH)
et al.,                      :
                             :
              Debtors.       :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

              Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.



of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.   Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.   The Notice Procedures are fair,

reasonable, and appropriate.

3.   The Settlement Procedures are fair

reasonable, and appropriate.

4.   The Notice and Settlement Procedures were

proposed in good faith.

2

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.    The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)    The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)    The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)    The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; _provided_,
_further_, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.    Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

    (a)   <u>Tier I</u> With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

    (b)   <u>Tier II</u> With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

8

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.  Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.  Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for
all purposes, including for purposes of any appeal.

18.  In the event there is an inconsistency
between the Motion and this Order, this Order shall
control.

19.  The requirement under Local Rule 9013-
1(G) of the Local Rules for the United States Bankruptcy
Court for the Eastern District of Virginia to file a
memorandum of law in connection with the Motion is
hereby waived.

20.   This Court retains jurisdiction to hear
and determine all matters arising from or related to the
Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
Aug 7 2009_____, 2009

/s/ Kevin R. Huennekens

UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

12

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE,           MCGUIREWOODS LLP
MEAGHER & FLOM, LLP             One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-     (804) 775-1000
0636
(302) 651-3000

                 - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

           IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
et al.,                        :
                               :
         Debtors.              :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS, ALLIANCE ENTERTAINMENT LLC, NOW KNOWN AS SOURCE
INTERLINK DISTRIBUTION, LLC, AND SOURCE INTERLINK MEDIA,
LLC RESOLVING THE DEBTORS' TENTH, TWENTY-SECOND, AND
TWENTY-EIGHTH OMNIBUS OBJECTIONS**

          This settlement agreement and stipulation (the

"Agreement") is entered into by and among the above-

captioned debtors and debtors in possession (the

"Debtors"), on the one hand, and Alliance Entertainment
LLC, now known as Source Interlink Distribution, LLC
("Alliance"), and Source Interlink Media, LLC ("SIM" and
together with Alliance, the "Claimants" and with the
Debtors, the "Parties" and each of which a "Party"), on
the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition
Date"), the Debtors each filed a voluntary petition in
the United States Bankruptcy Court for the Eastern
District of Virginia (the "Court") under chapter 11 of
title 11 of the United States Code (the "Bankruptcy
Code"); and

WHEREAS, the Debtors have continued as debtors
in possession pursuant to Bankruptcy Code sections
1107(a) and 1108; and

WHEREAS, on November 12, 2008, the Office of
the United States Trustee for the Eastern District of
Virginia appointed a statutory committee of unsecured
creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has
been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval dated August 7, 2009 and entered on August 10, 2009 (the "Settlement Procedures Order") (Docket No. 4401)[1] to enter into this Agreement, subject to the Notice Procedures; and

### SETTLEMENT BACKGROUND

---

[1]    All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Procedures Order.

3

WHEREAS, Claimants filed the following proofs of claim:

a.  Claim 928 filed by Alliance on December 17, 2008 in the amount of $4,010,658.44 for the value of goods allegedly delivered by Alliance during the 20-day period prior to the Petition Date against Circuit City Stores West Coast, Inc.;

b.  Claim 1202 filed by Alliance on December 17, 2008 in the amount of $4,010,658.44 for the value of goods allegedly delivered by Alliance during the 20-day period prior to the Petition Date against Circuit City Stores PR, LLC;

c.  Claim 1442 filed by Alliance on December 17, 2008 in the amount of $4,010,658.44 for the value of goods allegedly delivered by Alliance during the 20-day period prior to the Petition Date against Circuit City Stores, Inc.;

d.  Claim 1204 filed by SIM on December 17, 2008 in the amount of $360,345.31 for the value of goods allegedly delivered by SIM during the 20-day period prior to the Petition Date against Circuit City Stores West Coast, Inc.;

e.  Claim 1345 filed by SIM on December 17, 2008 in the amount of $360,345.31 for the value of goods allegedly delivered by SIM during the 20-day period prior to the Petition Date against Circuit City Stores, Inc.;

f.  Claim 8387 filed by Alliance on January 30, 2009 in the amount of $10,996,107.00 for goods and services against Circuit City Stores PR, LLC;

g.  Claim 9033 filed by Alliance on January 30, 2009 in the amount of $10,996,107.00 for goods and services against Circuit City Stores West Coast, Inc.;

4

h.  Claim 9640 filed by Alliance on January 30,
    2009 in the amount of $11,646,519.00 for goods
    and services against Circuit City Stores, Inc.;

i.  Claim 8315 filed by Alliance on January 30,
    2009 in the amount of $1,028,153.34 for storage
    and carrier services against Circuit City
    Stores West Coast, Inc.;

j.  Claim 8960 filed by Alliance on January 30,
    2009 in the amount of $1,028,153.34 for storage
    and carrier services against Circuit City
    Stores, Inc.;

k.  Claim 9833 filed by Alliance on January 30,
    2009 in the amount of $1,028,153.34 for storage
    and carrier services against Circuit City
    Stores PR, LLC;

l.  Claim 8308 filed by SIM on January 30, 2009 in
    the amount of $875,724.31 for goods and
    services provided against Circuit City Stores
    West Coast, Inc.;

m.  Claim 9637 filed by SIM on January 30, 2009 in
    the amount of $875,724.31 for goods and
    services provided against Circuit City Stores,
    Inc; and

    WHEREAS, the Debtors filed the following

objections to the following Claims (the "Objections"):

a.  Debtors' Tenth Omnibus Objection to Certain
    Duplicate Claims -- Claims 8308, 8315, 8387,
    and 9033 – filed on June 4, 2009 (Docket No.
    3513);

b.  Debtors' Twenty-Second Omnibus Objection to
    Claims (Disallowance of Certain Claims Filed
    Against the Wrong Debtor) -- Claims 928, 1202,
    and 9833 – filed on June 23, 2009 (Docket No.
    3710);

5

    c.    Debtors' Twenty-Eighth Omnibus Objection to Claims (Disallowance of Certain Amended Claims) -- Claim 1204 – filed on July 24, 2009 (Docket No. 4277);

WHEREAS, the Claimants filed the following responses to the Objections (the "Responses"):

    a.    Response to the Tenth Omnibus Objection on June 29, 2009 (Docket No. 3844), stating that Claims 8308, 8315, 8387, and 9033 should be allowed in the amounts as filed;

    b.    Response to the Twenty-Second and Twenty-Third Omnibus Objections on July 16, 2009 (Docket No. 4135), stating that Claims 928, 1202, 9637, and 9833 should be allowed in the amounts as filed;

    c.    Response to the Twenty-Eighth Omnibus Objections on August 20, 2009 (Docket No. 4579), stating that Claim 1204 should be allowed in the amount as filed;

WHEREAS, the Parties wish to resolve the Objections and the Responses according to the terms of this Agreement.

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    Upon the occurrence of any of the following, the Claims on Exhibit A attached hereto shall

6

be treated as follows: (i) confirmation of a plan of
liquidation in these chapter 11 cases that substantively
consolidates Circuit City Stores, Inc., Circuit City
West Coast, Inc. and Circuit City Stores PR, LLC, in
which case all of the Claims in column B shall be
disallowed; (ii) satisfaction in full of a Claim in
column A, in which case only the corresponding Claims in
column B shall be deemed disallowed; (iii) entry of an
order disallowing a Claim listed on Exhibit A, in which
case only such Claim disallowed by such order shall be
disallowed; or (iv) in accordance with a further
agreement between the parties.  Disallowance of the
Claims identified in Column B of Exhibit A is solely for
the purpose of eliminating multiple recoveries by
Claimants with respect to a single underlying liability,
and nothing herein is intended to constitute a waiver,
release, or substantive ruling with respect to such
underlying liability.

7

2.    Upon the occurrence of the Effective Date, the Objections and the Responses shall be deemed resolved.[2]

3.    Nothing contained herein shall constitute an allowance of any claim or be deemed an admission of liability on the part of the Debtors or Claimants with respect to any claim.  The Debtors' rights to object to any claim filed in these chapter 11 cases at a later time on any grounds that governing law permits are not waived and are expressly reserved.  The Debtors and the Claimants' rights under the Bankruptcy Code and Bankruptcy Rules are not waived and are expressly reserved.

4.    In no event shall Claimants receive more than one satisfaction under a plan of liquidation or otherwise for the same underlying liability.

5.    Nothing in this Agreement affects the rights of the Debtors or the Claimants with respect to the Debtors' Twentieth Omnibus Objection to Claims (Reclassification to Unsecured Claims of Certain Claims

---

[2]    The Response to the Twenty-Second and Twenty-Third Omnibus Objections on July 16, 2009 (Docket No. 4135) is only resolved as to the Twenty-Second Omnibus Objection.

8

Filed as 503(b)(9) Claims for Goods Received by the
Debtors Not Within Twenty Days of the Commencement of
the Cases) (Docket No. 3704), the Debtors' Twenty-Third
Omnibus Objection to Claims (Modification of Certain
Duplicate 503(b)(9) Claims) (Docket No. 3711), or the
Debtors' Thirty-Fourth Omnibus Objection to Claims
(Modification of Certain Duplicate 503(b)(9) Claims)
(Docket No. 4598).

6.    Neither this Agreement, nor any statement
made or action taken in connection with the negotiation
of this Agreement, shall be offered or received in
evidence or in any way referred to in any legal action
or administrative proceeding among or between the
Parties hereto, other than as may be necessary (a) to
obtain approval of and to enforce this Agreement or (b)
to seek damages or injunctive relief in connection
therewith.

7.    Each of the Parties hereto shall execute
and deliver any and all additional papers, documents and
other assurances, and shall do any and all acts and
things reasonably necessary or appropriate in

9

conjunction with the performance of their respective

obligations hereunder.

8.   No provision of this Agreement is

intended to confer any rights, benefits, remedies,

obligations or liabilities hereunder upon any person

other than the Parties hereto and their respective

successors.

9.   This Agreement shall be governed by and

construed in accordance with the Bankruptcy Code and the

internal laws of the Commonwealth of Virginia without

regard to any choice of law provisions.

10.   This Agreement may be signed in

counterpart originals and delivered by facsimile or

email, which, when fully executed, shall constitute a

single original.

11.   This Agreement constitutes the entire

agreement and understanding of the Parties regarding the

Agreement and the subject matter thereof.

12.   The United States Bankruptcy Court for

the Eastern District of Virginia shall retain exclusive

jurisdiction (and the Parties consent to such retention

of jurisdiction) with respect to any disputes arising

from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Agreement.

13.    Each person or entity who executes this Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Agreement.

14.    This Agreement is effective upon the later of (i) execution by both Parties and (ii) the expiration of the applicable Notice Period (such date, the "Effective Date").

15.    This Agreement shall not be modified, altered, amended or vacated without the written consent of all the Parties hereto or order of the Bankruptcy Court.

IN WITNESS WHEREOF, this Agreement is hereby

executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO:

By:                             By:
WHITEFORD, TAYLOR & PRESTON   SKADDEN, ARPS, SLATE, MEAGHER &
LLP                          FLOM, LLP
                              Gregg M. Galardi, Esq.
/s/ Bradford F. Englander _   Ian S. Fredericks, Esq.
Bradford F. Englander, Esq.   P.O. Box 636
(VSB No. 36221)          Wilmington, Delaware
3190 Fairview Park Drive,    19899-0636
Suite 300                 (302) 651-3000
Falls Church, VA 22042
(703) 280-9081            - and –

Counsel for Alliance       SKADDEN, ARPS, SLATE, MEAGHER &
Entertainment, LLC, now     FLOM, LLP
known as Source Interlink   Chris L. Dickerson, Esq.
Distribution, LLC, and     155 North Wacker Drive
Source Interlink Media, LLC  Chicago, Illinois 60606
                              (312) 407-0700

                              - and –

                              MCGUIREWOODS LLP

                              /s/ Douglas M. Foley_____
                              Dion W. Hayes (VSB No. 34304)
                              Douglas M. Foley (VSB No. 34364)
                              One James Center
                              901 E. Cary Street
                              Richmond, Virginia 23219
                              (804) 775-1000

                              Counsel for Debtors and Debtors
                              in Possession
Dated: March 11, 2010

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Settlement Agreement and Stipulation by and Among the Debtors, Alliance Entertainment LLC, Now Allegedly Known as Source Interlink Distribution, LLC, and Source Interlink Media, LLC  Resolving the Debtors' Tenth, Twenty-Second, Twenty-Third, Twenty - Eighth, and Thirty-Fourth Omnibus Objections

## EXHIBIT A

| Column A: Surviving Claim | Column B: Claim(s) to be Disallowed |
|---|---|

**Row 1**

Column A:
- Claim: 1442
- Debtor: CIRCUIT CITY STORES, INC. (08-35653)
- Date Filed: 12/17/2008
- Creditor's Name and Address:
  ALLIANCE ENTERTAINMENT LLC
  C O SOURCE INTERLINK COMPANIES INC
  ATTN DOUGLAS J BATES GEN COUNSEL
  27500 RIVERVIEW CTR BLVD
  BONITA SPRINGS, FL 34134
- Secured:
- Priority:
- Administrative: $4,010,658.44
- Reclamation::
- Unsecured:
- Total: $4,010,658.44

Column B (first claim):
- Claim: 1202
- Debtor: CIRCUIT CITY STORES PR, LLC (08-35660)
- Date Filed: 12/17/2008
- Creditor's Name and Address:
  ALLIANCE ENTERTAINMENT LLC
  C O SOURCE INTERLINK COMPANIES INC
  ATTN DOUGLAS J BATES GEN COUNSEL
  27500 RIVERVIEW CTR BLVD
  BONITA SPRINGS, FL 34134
- Secured:
- Priority:
- Administrative: $4,010,658.44
- Reclamation::
- Unsecured:
- Total: $4,010,658.44

Column B (second claim):
- Claim: 928
- Debtor: CIRCUIT CITY STORES, INC. (08-35654)
- Date Filed: 12/17/2008
- Creditor's Name and Address:
  ALLIANCE ENTERTAINMENT LLC
  C O SOURCE INTERLINK COMPANIES INC
  ATTN DOUGLAS J BATES GEN COUNSEL
  27500 RIVERVIEW CTR BLVD
  BONITA SPRINGS, FL 34134
- Secured:
- Priority:
- Administrative: $4,010,658.44
- Reclamation::
- Unsecured:
- Total: $4,010,658.44

**Row 2**

Column A:
- Claim: 9640
- Debtor: CIRCUIT CITY STORES, INC. (08-35653)
- Date Filed: 01/30/2009
- Creditor's Name and Address:
  ALLIANCE ENTERTAINMENT LLC
  C O SOURCE INTERLINK COMPANIES INC
  ATTN DOUGLAS J BATES GEN COUNSEL
  27500 RIVERVIEW CTR BLVD
  BONITA SPRINGS, FL 34134
- Secured:
- Priority:
- Administrative:
- Reclamation::
- Unsecured: $11,646,519.00
- Total: $11,646,519.00

Column B (first claim):
- Claim: 9033
- Debtor: CIRCUIT CITY STORES WEST COAST, INC. (08-35654)
- Date Filed: 01/30/2009
- Creditor's Name and Address:
  ALLIANCE ENTERTAINMENT LLC
  C O SOURCE INTERLINK COMPANIES INC
  ATTN DOUGLAS J BATES GEN COUNSEL
  27500 RIVERVIEW CTR BLVD
  BONITA SPRINGS, FL 34134
- Secured:
- Priority:
- Administrative:
- Reclamation::
- Unsecured: $10,996,107.00
- Total: $10,996,107.00

Column B (second claim):
- Claim: 8387
- Debtor: CIRCUIT CITY STORES PR, LLC (08-35660)
- Date Filed: 01/30/2009
- Creditor's Name and Address:
  ALLIANCE ENTERTAINMENT LLC
  C O SOURCE INTERLINK COMPANIES INC
  ATTN DOUGLAS J BATES GEN COUNSEL
  27500 RIVERVIEW CTR BLVD
  BONITA SPRINGS, FL 34134
- Secured:
- Priority:
- Administrative:
- Reclamation::
- Unsecured: $10,996,107.00
- Total: $10,996,107.00

**Row 3**

Column A:
- Claim: 8960
- Debtor: CIRCUIT CITY STORES, INC. (08-35653)
- Date Filed: 01/30/2009
- Creditor's Name and Address:
  ALLIANCE ENTERTAINMENT LLC
  C O SOURCE INTERLINK COMPANIES INC
  ATTN DOUGLAS J BATES GEN COUNSEL
  27500 RIVERVIEW CTR BLVD
  BONITA SPRINGS, FL 34134
- Secured: $1,028,153.34
- Priority:
- Administrative:
- Reclamation::
- Unsecured: UNL
- Total: $1,028,153.34

Column B (first claim):
- Claim: 9833
- Debtor: CIRCUIT CITY STORES PR, LLC (08-35660)
- Date Filed: 01/30/2009
- Creditor's Name and Address:
  ALLIANCE ENTERTAINMENT LLC
  C O SOURCE INTERLINK COMPANIES INC
  ATTN DOUGLAS J BATES GEN COUNSEL
  27500 RIVERVIEW CTR BLVD
  BONITA SPRINGS, FL 34134
- Secured: $1,028,153.34
- Priority:
- Administrative:
- Reclamation::
- Unsecured:
- Total: $1,028,153.34

Column B (second claim):
- Claim: 8315
- Debtor: CIRCUIT CITY STORES WEST COAST, INC. (08-35654)
- Date Filed: 01/30/2009
- Creditor's Name and Address:
  ALLIANCE ENTERTAINMENT LLC
  C O SOURCE INTERLINK COMPANIES INC
  ATTN DOUGLAS J BATES GEN COUNSEL
  27500 RIVERVIEW CTR BLVD
  BONITA SPRINGS, FL 34134
- Secured: $1,028,153.34
- Priority:
- Administrative:
- Reclamation::
- Unsecured: UNL
- Total: $1,028,153.34

In re: Circuit City Stores, Inc, et al.

Settlement Agreement and Stipulation by and Among the Debtors, Alliance Entertainment LLC, Now

Case No. 08-35653-KRH

Allegedly Known as Source Interlink Distribution, LLC, and Source Interlink Media, LLC  Resolving the
Debtors' Tenth, Twenty-Second, Twenty-Third, Twenty - Eighth, and Thirty-Fourth Omnibus Objections

### EXHIBIT A

| Column A: Surviving Claim | | Column B: Claim(s) to be Disallowed | |
|---|---|---|---|
| Claim: 9637 Debtor: CIRCUIT CITY STORES, INC. (08-35653) | Secured: <br> Priority: <br> Administrative: <br> Reclamation:: <br> Unsecured: $875,724.31 <br> Total: $875,724.31 | Claim: 8308 Debtor: CIRCUIT CITY STORES WEST COAST, INC. (08-35654) | Secured: <br> Priority: <br> Administrative: <br> Reclamation:: <br> Unsecured: $875,724.31 <br> Total: $875,724.31 |
| Date Filed: 01/30/2009 <br> Creditor's Name and Address: <br><br> SOURCE INTERLINK MEDIA LLC <br> C O SOURCE INTERLINK COMPANIES INC <br> 27500 RIVERVIEW CENTER BLVD <br> BONITA SPRINGS, FL 34134 | | Date Filed: 01/30/2009 <br> Creditor's Name and Address: <br><br> SOURCE INTERLINK MEDIA LLC <br> C O SOURCE INTERLINK COMPANIES INC <br> 27500 RIVERVIEW CENTER BLVD <br> BONITA SPRINGS, FL 34134 | |
| Claim: 1345 Debtor: CIRCUIT CITY STORES, INC. (08-35653) | Secured: <br> Priority: <br> Administrative: $360,345.31 <br> Reclamation:: <br> Unsecured: <br> Total: $360,345.31 | Claim: 1204 Debtor: CIRCUIT CITY STORES WEST COAST, INC. (08-35654) | Secured: <br> Priority: <br> Administrative: $360,345.31 <br> Reclamation:: <br> Unsecured: <br> Total: $360,345.31 |
| Date Filed: 12/17/2008 <br> Creditor's Name and Address: <br><br> SOURCE INTERLINK MEDIA LLC <br> C O SOURCE INTERLINK COMPANIES INC <br> 27500 RIVERVIEW CENTER BLVD <br> BONITA SPRINGS, FL 34134 | | Date Filed: 12/17/2008 <br> Creditor's Name and Address: <br><br> SOURCE INTERLINK MEDIA LLC <br> C O SOURCE INTERLINK COMPANIES INC <br> 27500 RIVERVIEW CENTER BLVD <br> BONITA SPRINGS, FL 34134 | |

Total Claims To Be Amended:  8

Total Asserted Amount To Be Amended:  $33,305,907.18