| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & | MCGUIREWOODS LLP |
| FLOM, LLP | One James Center |
| One Rodney Square | 901 E. Cary Street |
| PO Box 636 | Richmond, Virginia 23219 |
| Wilmington, Delaware 19899-0636 | (804) 775-1000 |
| (302) 651-3000 | |

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 Nroth Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION
- - - - - - - - - - - - - - - X
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   1Case No. 08-35653 (KRH)
et al.,                       :
                              :
              Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 363
AUTHORIZING DEBTORS TO RETAIN AND EMPLOY ALFRED H. SIEGEL
OF CROWE HORWATH LLP AS CHIEF RESTRUCTURING OFFICER TO THE
DEBTORS**

Upon the motion (the "Motion")[1] of the Debtors for an order, pursuant to Bankruptcy Code sections 105(a) and 363, authorizing them to retain and employ Alfred H. Siegel of Crowe Horwath LLP ("Crowe") as chief

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

restructuring officer ("CRO") to the Debtors; and the Court having reviewed the Motion and the Siegel Affidavit; and due and adequate notice of the Motion having been given; and it appearing that no other notice need be given; and it appearing that Mr. Siegel and Crowe neither hold nor represent any interest adverse to the Debtors' estates; and it appearing that Mr. Siegel and Crowe are "disinterested", as that term is defined in Bankruptcy Code section 101(14); and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; after due deliberation thereon and sufficient cause appearing therefore, it is hereby

      **ORDERED, ADJUDGED AND DECREED that:**

    1.   The Motion is GRANTED.

    2.   The Engagement Letter is approved in all respects, including (without limitation) the indemnification and limitation of liability provisions therein.

    3.   In accordance with Bankruptcy Code section 363, the Debtors are authorized to employ and retain Mr. Siegel of Crowe as CRO and, to the extent Mr.

Siegel deems appropriate, additional Crowe professionals on the terms set forth in the Motion and the Engagement Agreement.

4. All compensation and reimbursement due to, and other rights of Mr. Siegel and Crowe, relating to services performed on or after the date of entry of this Order, including, without limitation, indemnification obligations, shall be treated and allowed as administrative expenses in accordance with section 503 of the Bankruptcy Code and shall be paid in accordance with the Engagement Agreement. Nothing in this Order shall prejudice any rights of Mr. Siegel or Crowe to seek compensation as an administrative expense under the Interim Compensation Order for services rendered prior to entry of this Order.

5. The employment and retention of Mr. Siegel as CRO shall not conflict with or preclude Mr. Siegel from serving as Liquidating Trustee under the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims.

6. This Order shall be effective and enforceable immediately upon entry and shall not be stayed pursuant to Rule 6004(h).

7. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

8. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated:   Richmond, Virginia
        March _____, 2010
    Mar 11 2010

          /s/ Kevin Huennekens
          _____
          UNITED STATES BANKRUPTCY JUDGE
          Entered on docket: Mar 11 2010

```
WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession
```

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

I hereby certify that proposed order has been endorsed by all necessary parties.

                                    /s/ Douglas M. Foley

# CERTIFICATE OF NOTICE

```
District/off: 0422-7         User: frenchs            Page 1 of 1             Date Rcvd: Mar 11, 2010
Case: 08-35653               Form ID: pdforder        Total Noticed: 1
```

The following entities were noticed by first class mail on Mar 13, 2010.
aty          +Gregg M. Galardi,   Skadden Arps Slate Meagher,   & Flom LLP, One Rodney Sq.,   PO Box 636,
               Wilmington, DE 19899-0636

The following entities were noticed by electronic transmission.
NONE.                                                                                         TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Mar 13, 2010**                    **Signature:**  _Joseph Speetjens_