Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :   Jointly Administered
            Debtors.            :
                                :   **Obj. Deadline: March 25, 2010, at
                                :   5:00 p.m. (Eastern)**
- - - - - - - - - - - - - - x

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION
BY AND AMONG THE DEBTORS AND FM FACILITY MAINTENACE,
F/K/A IPT, LLC RESOLVING PROOF OF CLAIM NUMBER 8221
AND THE DEBTORS' FIFTY-FOURTH OMNIBUS OBJECTION
TO CLAIM NUMBERS 14325 AND 14525**

PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(the "Order") (D.I. 4401).[1]  A copy of the Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a settlement agreement and stipulation (the "Settlement") with FM Facility Maintenance, f/k/a IPT, LLC (the "Claimant"), a copy of which is annexed as <u>Exhibit 2</u>.

### SUMMARY OF SETTLEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Order, the material terms of the Settlement are as follows:

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Order.

[2]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]    This section of the notice constitutes a summary of the material terms of the Settlement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement in its entirety.  In the event there is a conflict between the notice and the Settlement, the Settlement shall control in all respects.

(i)    The Settlement is a Tier II Settlement.

(ii)    The Settlement is between the Debtors and the Claimant (the Debtors and the Claimant, collectively, the "Parties" and each of which is a "Party");

(iii)    Claim No. 8221 is allowed (and is no longer subject to amendment by Claimant) as an Allowed General Unsecured Claim as defined in the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims (the "Plan") in the amount of $211,793.61, and will be paid as provided in the Plan or, if the Plan is not confirmed, then in accordance with further order of the Court.

(iv)    Claim No. 14325 is disallowed for all purposes in the bankruptcy cases.

(v)    Claim No. 14525 is allowed (and is no longer subject to amendment by Claimant) as an Allowed Administrative Claim (as defined in the Plan) in the total amount of $500,000.00, and will be paid on the Effective Date of the Plan or, if the Plan is not confirmed, then in accordance with further order of the Court.

(vi)    Any and all other claims against the Debtors and/or their estates, collectively or individually, by or on behalf of the Claimant are hereby irrevocably withdrawn, and disallowed in their entirety.

(vii)    Claimant's objection to the Plan (Docket No. 5836) and any request for a hearing thereon are hereby withdrawn.

(viii)    The Debtors, on their behalf and on behalf of their estates, shall irrevocably and fully release, and shall not prosecute as

3

against the Claimant, any and all causes of
action they may have against Claimant arising
under Bankruptcy Code section 544, 547, 548,
549 and/or 550.

**TIME AND PLACE FOR FILING OBJECTIONS OR REQUESTING
ADDITIONAL INFORMATION OR TIME TO CONSIDER THE SETTLEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Order, any Notice Party may
object (each an "Objection") to or request additional time
or information (each a "Request") to evaluate the
Settlement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be in writing and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (see information below) by no later
than **March 25, 2010 at 5:00 p.m. (Eastern)** (the "Objection
Deadline").  Each Objection or Request must be served on (i)
the attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue,
36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to
the Settlement and you do not want the Debtors to proceed
with Settlement or you want the Court to consider your
views concerning such Settlement, you or you attorney must
also:

file in writing with the Court, Clerk of Court,
United States Bankruptcy Court, 701 East Broad
Street, Suite 4000, Richmond, Virginia 23219, or
electronically (www.vaeb.uscourts.gov), a written
Objection pursuant to Local Bankruptcy Rule 9013-

4

> 1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before March 25, 2010 at 5:00 p.m. (Eastern).**

Any Objection to a Settlement must be submitted by the method described in the foregoing sentence.  Objections will be deemed filed only when actually received at the address listed above.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Settlement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested.  Each Notice Party may only make one Request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any), the **Debtors shall be authorized to enter into and consummate the Settlement without further order of the Court or any other action by the Debtors**.

Dated: March 15, 2010          SKADDEN, ARPS, SLATE, MEAGHER
       Richmond, Virginia      & FLOM LLP
                               Gregg M. Galardi, Esq.
                               Ian S. Fredericks, Esq.
                               P.O. Box 636
                               Wilmington, Delaware 19899-
                               0636 (302) 651-3000

                                      - and -

                               SKADDEN, ARPS, SLATE, MEAGHER
                               & FLOM LLP
                               Chris L. Dickerson, Esq.
                               155 North Wacker Drive
                               Chicago, Illinois 60606
                               (312) 407-0700

                                      - and -

                               MCGUIREWOODS LLP

                               /s/ Douglas M. Foley
                               Dion W. Hayes (VSB No. 34304)
                               Douglas M. Foley (VSB
                               No. 34364)
                               One James Center
                               901 E. Cary Street
                               Richmond, Virginia 23219
                               (804) 775-1000

                               Counsel for Debtors and
                               Debtors in Possession

**EXHIBIT 1**

**(Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :    Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :    1Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]    Each capitalized term not otherwise defined herein shall have the
meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.    The Notice Procedures are fair,

reasonable, and appropriate.

3.    The Settlement Procedures are fair

reasonable, and appropriate.

4.    The Notice and Settlement Procedures were

proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.  The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)    The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)    The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)    The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; _provided_,
_further_, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   Tier I With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   Tier II With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of <u>Exhibit A</u> attached hereto;
<u>provided</u>, <u>further</u>, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; <u>provided</u>, <u>further</u>, that, if applicable, KCC

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.  Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.  Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.  In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.  The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.    This Court retains jurisdiction to hear
and determine all matters arising from or related to the
Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
        _____, 2009

        _____
        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement)**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
        Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - x
```

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS AND FM FACILITY MAINTENACE, F/K/A IPT, LLC RESOLVING
PROOF OF CLAIM NUMBERS 8221, 14325 AND 14525**

This settlement agreement and stipulation (this
"Agreement") is entered into by and among the above-
captioned debtors and debtors in possession (the "Debtors"),
on the one hand, and FM Facility Maintenance, f/k/a IPT, LLC
(the "Claimant" and together with the Debtors, the "Parties"
and each of which is a "Party"), on the other hand.

## GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, the Debtors have continued as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee");

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases;

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors

remaining stores.  As of on or about March 8, 2009, the

going out of business sales concluded; and

WHEREAS, the Debtors are authorized under the

Court's Order under 11 U.S.C. §§ 105 and 363, and Fed. R.

Bankr. P. 2002, 9006 and 9019 Authorizing the Establishment

of Procedures to Settle Certain Pre-petition and Post-

petition Claims and Causes of Action Without Further Court

Approval dated August 7, 2009, 2009 (Docket No. 4401) (the

"Settlement Procedures Order")[1] to enter into this Agreement,

subject to the Notice Procedures.

## SETTLEMENT BACKGROUND

WHEREAS, on November 12, 2008, December 11, 2008,

and May 15, 2009 (the "Bar Date Orders"), this Court set (a)

December 19, 2008, at 4:00 p.m. (prevailing Pacific time) as

the deadline by which administrative priority claims

pursuant to 11 U.S.C. § 503(b)(9) were required to be filed

against the Debtors (Docket No. 107) (the "503(b)(9) Bar

Date"), (b) January 30, 2009, at 5:00 p.m. (prevailing

Pacific time) as the deadline by which proofs of claim were

required to be filed by non-governmental units against the

Debtors (Docket No. 890) (the "Non-Governmental Bar Date"),

---

[1]    All capitalized terms not otherwise defined herein shall have the
     meaning ascribed to such terms in the Settlement Procedures Order.

(c) May 11, 2009, at 5:00 p.m. (prevailing Pacific time) as
the deadline by which governmental units were required to
file proofs of claim against the Debtors (Docket No. 890)
(the "Governmental Bar Date"), and (d) June 30, 2009, at
5:00 p.m. (prevailing Pacific time) as the deadline by which
administrative expense claims for the period from November
10, 2008 through April 30, 2009 were required to be filed
against the Debtors (Docket No. 3354) (the "Administrative
Claim Bar Date") (collectively, the "Bar Dates");

WHEREAS, on January 29, 2009, Claimant filed proof
of claim number 8221 ("Claim No. 8221") asserting a general
unsecured claim in the amount of $211,793.61 against the
Debtors;

WHEREAS, on July 1, 2009, Claimant filed claim
number 14325 ("Claim No. 14325") asserting an administrative
expense in the amount of $731,293.46 against the Debtors;

WHEREAS, on July 29, 2009, Claimant filed claim
number 14525 ("Claim No. 14525"), which amended Claim No.
14325, asserting an administrative expense in the amount of
$607,961.73 against the Debtors;

WHEREAS, on October 21, 2009, the Debtors filed
their Fifty-Fourth Omnibus Objection to Claims (Disallowance
of Certain Late Claims) (Docket No. 5318) (the "Fifty-Fourth

4

Omnibus Objection"), which objected to, among other claims,
Claim Nos. 14325 and 14525;

WHEREAS, on November 16, 2009, Claimant filed a
Brief in Support of Objection to Debtors' Fifty-Fourth
Omnibus Objection to Claims (Disallowance of Certain Late
Claims) and Cross Motion for the Entry of an Order Deeming
Administrative Claim Timely Filed (Docket No. 5723);

WHEREAS, the Parties desire to resolve all of the
claims filed by the Claimant against the Debtors and their
estates; and

WHEREAS, the Debtors have reviewed Claim Nos. 8221,
14325 and 14525, and reconciled the claims against their
books and records, and the parties have agreed to compromise
and settle the claims as set forth herein.

NOW THEREFORE, subject to and in accordance with
the Settlement Procedures Order, for good and valuable
consideration the receipt and sufficiency of which is hereby
acknowledged, the Parties hereby STIPULATE AND AGREE AND IT
IS HEREBY ORDERED that:

1.   Claim No. 8221 is hereby allowed (and is no
longer subject to amendment by Claimant) as an Allowed
General Unsecured Claim as defined in the First Amended
Joint Plan of Liquidation of Circuit City Stores, Inc. and

Its Affiliated Debtors and Debtors in Possession and Its

Official Committee of Creditors Holding General Unsecured

Claims (the "Plan") in the amount of $211,793.61, and shall

be paid as provided in the Plan or, if the Plan is not

confirmed, then in accordance with further order of the

Court.

2.   Claim No. 14325 is hereby disallowed for all

purposes in these bankruptcy cases.

3.   Claim No. 14525 is hereby allowed (and is no

longer subject to amendment by Claimant) as an Allowed

Administrative Claim (as defined in the Plan) in the total

amount of $500,000.00, and shall be paid on the Effective

Date of the Plan or, if the Plan is not confirmed, then in

accordance with further order of the Court.

4.   Any and all other claims against the Debtors

and/or their estates, collectively or individually, by or on

behalf of the Claimant are hereby irrevocably withdrawn, and

disallowed in their entirety.

5.   Claimant's objection to the Plan (Docket No.

5836) and any request for a hearing thereon are hereby

withdrawn.

6.   The Debtors, on their behalf and on behalf of

their estates, shall irrevocably and fully release, and

shall not prosecute as against the Claimant, any and all causes of action they may have against Claimant arising under Bankruptcy Code section 544, 547, 548, 549 and/or 550.

7.    Nothing contained herein shall be deemed an admission of liability on the part of the Debtors or the Claimant.

8.    Neither this Agreement, nor any statement made or action taken in connection with the negotiation of this Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Settlement Agreement or (b) to seek damages or injunctive relief in connection therewith.

9.    Each of the parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

10.   No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the parties hereto and their respective successors.

7

11.   This Agreement shall be governed by and construed in accordance with the law of the Commonwealth of Virginia without regard to any choice of law provisions.

12.   This Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

13.   This Agreement constitutes the entire agreement and understanding of the parties regarding the Agreement and the subject matter thereof.

14.   The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Agreement.

15.   Each person or entity who executes this Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Agreement.   The representations and

warranties set forth in this paragraph shall survive execution of this Agreement.

16.    This Agreement is effective upon the later of (i) execution by both parties and (ii) the expiration of the applicable Notice Period.

17.    This Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

IN WITNESS WHEREOF, this Agreement is hereby
executed as of the later of the dates set forth below.

Dated: March 15, 2010          ACCEPTED AND AGREED TO BY:
       Richmond, Virginia

                               SKADDEN, ARPS, SLATE, MEAGHER &
                               FLOM, LLP
                               Gregg M. Galardi, Esq.
                               Ian S. Fredericks, Esq.
                               P.O. Box 636
                               Wilmington, Delaware 19899-0636
                               (302) 651-3000

                                       - and -

                               SKADDEN, ARPS, SLATE, MEAGHER &
                               FLOM, LLP
                               Chris L. Dickerson, Esq.
                               155 North Wacker Drive
                               Chicago, Illinois 60606
                               (312) 407-0700

                               - and -

                               MCGUIREWOODS LLP


                               /s/ Douglas M. Foley            __
                               Dion W. Hayes (VSB No. 34304)
                               Douglas M. Foley (VSB No. 34364)
                               One James Center
                               901 E. Cary Street
                               Richmond, Virginia 23219
                               (804) 775-1000

                               *Counsel for Debtors and Debtors
                               in Possession*

Dated: March 15, 2010          ACCEPTED AND AGREED TO BY:
       Richmond, Virginia

/s/ Nancy A. Washington          .
Nancy A. Washington
SAIBER LLC
Colin R. Robinson
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932
(973) 622-3333

- and -

/s/ Christopher L. Perkins          .
Christopher L. Perkins (VSB No.
41783)
LECLAIRRYAN
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth
Floor
Richmond, Virginia 23219
(804) 783-7550

*Counsel for FM Facility
Maintenance, LLC f/k/a IPT, LLC*

\10633000