Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

               - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :   Jointly Administered
            Debtors.         :
                             :   **Obj. Deadline: March 25, 2010**
- - - - - - - - - - - - - - x

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION**

          PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(D.I. 4401, the "Order").[1]  A copy of the Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into Settlement Agreement and settlement agreements with third parties, subject to the procedures set forth in the Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a settlement agreement and Settlement Agreement (the "Settlement Agreement") with Ion Audio, LLC ("Ion Audio") and Credit Suisse Loan Funding LLC ("Credit Suisse"), a copy of which is annexed as <u>Exhibit 2</u>.

### SUMMARY OF SETTLEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Order, the material terms of the Settlement Agreement are as follows:

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Order.

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

[3]  **This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.**

(i)     The Settlement Agreement is a Tier I
        Settlement.[4]

(ii)    The Settlement Agreement is between the
        Debtors, Ion Audio and Credit Suisse
        (the "Parties").

(iii)   The Debtors and Ion Audio engaged in
        business in the ordinary course prior to
        the Petition Date wherein the Debtors
        purchased certain Ion Audio products
        (the "Product") for sale in their retail
        stores.

(iv)    Ion Audio has asserted certain claims on
        account of Product provided to the
        Debtors, including a section 503(b)(9)
        claim (the "503(b)(9) Claim") and a
        general unsecured claim (the "General
        Unsecured Claim" and, together with the
        503(b)(9) Claim, the "Ion Audio Claims").
        The Ion Audio Claims have been
        transferred to Credit Suisse.

(v)     The Debtors have alleged that the
        503(b)(9) Claim is overstated.  The
        Debtors have also objected to the
        General Unsecured Claim as duplicative
        of the 503(b)(9) Claim, which objection
        remains outstanding.  The Debtors have
        further alleged that Ion Audio owes
        Circuit City Stores, Inc. certain pre-
        and post-petition amounts, including
        receivables and other amounts.  Finally,
        the Debtors allege that Ion Audio
        received certain transfers that the
        Debtors assert may be avoidable under
        Bankruptcy Code sections 547 and 550.

---

[4]     Pursuant to the Order, because the Settlement Agreement settles more
        than one Disputed Claim, the Tier II Notice Period applies.

(vi)    The Settlement Agreement provides that the 503(b)(9) Claim will be allowed in the amount of $169,015.81 and the General Unsecured Claim shall be allowed as a non-subordinated general unsecured claim in the amount of $276,166.74.  The Settlement Agreement further provides that on account of the 503(b)(9) Claim discrepancy, the receivables, and the avoidance action claims, Ion Audio shall pay to the Debtors within ten (10) business days of the Effective Date (as defined in the Settlement Agreement) the amount of $85,000 (the "Settlement Payment").

(vii)   As part of the Settlement Agreement, upon receipt by the Debtors of the Settlement Payment, the Debtors, on behalf of themselves, and each on behalf of their respective estates, successors, and assigns, hereby irrevocably and fully release and discharge Ion Audio from and against any and all claims or causes of action under Bankruptcy Code sections 542, 543, 544, 546, 547, 548, 549, 550, 553 and 558 (the "Release"). Notwithstanding anything to the contrary in the Settlement Agreement and for the avoidance of doubt, the Release is not intended as a general release or waiver and nothing in the Settlement Agreement shall be construed as such.

(viii)  Pursuant to the Settlement Agreement, Ion Audio shall not file or be entitled to recover on account of any other claims from the Debtors or their estates and the Debtors shall not be entitled to recover any further credits, rebates, receivables, or discounts from Ion Audio.

(ix)    The Settlement Agreement provides for the efficient and consensual resolution of claims by and between the Parties.

4

As such, the Settlement Agreement will
avoid unnecessary costs and expenses of
negotiating the remaining issues between
the Parties in a duplicative, piecemeal
manner.  Accordingly, the Settlement
Agreement is in the best interests of
the Debtors and their estates and
creditors.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
SETTLEMENT AGREEMENT OR REQUESTING ADDITIONAL INFORMATION
OR TIME TO CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Order, any Notice Party may
object (each an "Objection") to or request additional time
or information (each a "Request") to evaluate the
Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be <u>in writing</u> and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (the "Creditors' Committee")(see
information below) by no later than **March 25, 2010** (the
"Objection Deadline").  Each Objection or Request must be
served on (i) counsel for the Debtors, (a) Skadden, Arps,
Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii) counsel for the
Creditors' Committee, (a) Pachulski Stang Ziehl & Jones LLP,
10100 Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th
Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to
the Settlement Agreement and you do not want the Debtors to
proceed with Settlement Agreement or you want the Court to
consider your views concerning such Settlement Agreement,
you or you attorney must also: file in writing with the

Bankruptcy Court, Clerk of Court, United States Bankruptcy
Court, 701 East Broad Street, Suite 4000, Richmond,
Virginia 23219, or electronically (www.vaeb.uscourts.gov),
a written Objection pursuant to Local Bankruptcy Rule 9013-
1(H). If you mail your Objection to the Court for filing,
you must mail it early enough so the Court will **receive it
on or before March 25, 2010.**

**Any Objection to the Settlement Agreement must be submitted
by the method described in the foregoing sentence.
Objections will be deemed filed only when actually received
at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(d) of the Order, if a Notice Party submits a
Request, only such Notice Party shall have the later of (i)
an additional five (5) days to object to the Settlement
Agreement or (ii) in the case of a Request for additional
information, three (3) days after receipt by the Notice
Party of the additional information requested.  Each Notice
Party may only make one Request for additional time, unless
otherwise agreed to by the Debtors in their sole discretion.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Creditors' Committee or counsel to the Debtors and counsel for the Creditors' Committee do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any), **the Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.


Dated: March 15, 2010   SKADDEN, ARPS, SLATE, MEAGHER &
     Richmond, Virginia  FLOM, LLP
                  Gregg M. Galardi, Esq.
                  Ian S. Fredericks, Esq.
                  P.O. Box 636
                  Wilmington, Delaware 19899-0636
                  (302) 651-3000

                        - and -

                  SKADDEN, ARPS, SLATE, MEAGHER &
                  FLOM, LLP
                  Chris L. Dickerson, Esq.
                  155 North Wacker Drive
                  Chicago, Illinois 60606
                  (312) 407-0700

                        - and -

                  MCGUIREWOODS LLP

                  /s/ Douglas M. Foley
                  Dion W. Hayes (VSB No. 34304)
                  Douglas M. Foley (VSB No. 34364)
                  One James Center
                  901 E. Cary Street
                  Richmond, Virginia 23219
                  (804) 775-1000

                  Counsel for Debtors and Debtors
                  in Possession

**EXHIBIT 1**

**(Order without Exhibit(s))**

Gregg M. Galardi, Esq.            Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.           Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                         One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

          IN THE UNITED STATES BANKRUPTCY COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :    Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :    1Case No. 08-35653 (KRH)
et al.,                     :
                            :
          Debtors.          :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
  PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
                          APPROVAL**

          Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.



of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.    The Notice Procedures are fair,

reasonable, and appropriate.

3.    The Settlement Procedures are fair

reasonable, and appropriate.

4.    The Notice and Settlement Procedures were

proposed in good faith.

5.   Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.   Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.   The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.   The Motion is GRANTED.

9.   The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action to consummate the proposed settlement without first obtaining Court approval for that specific Settlement.  The Debtors are authorized to schedule the Settlement for a hearing at the next scheduled omnibus hearing following the Objection Deadline (or any subsequent hearing) without filing a separate motion or other pleading.

(f)   If the Objection Deadline has passed and no objection has been filed with the Court or request for additional time or information has been received by the Debtors, the Debtors are authorized, but not directed, to file a "Certificate of No Objection" with the Court; provided, further, that each such Certificate shall set forth a statement that no objection was filed or received (or if any objection was filed or received, such objection has been resolved) and no request for additional time or information was received or, if such request was received, the additional period of review has expired.

(g)   An objection will be considered properly filed and served only if it is filed with the Court, and actually received by the following parties on or before the Objection Deadline: (i) Clerk of the Bankruptcy Court, United States Bankruptcy Court, 701 East Broad Street – Room 4000, Richmond, VA  23219, (ii) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi ([gregg.galardi@skadden.com](mailto:gregg.galardi@skadden.com)) and Ian S. Fredericks ([ian.fredericks@skadden.com](mailto:ian.fredericks@skadden.com)) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley ([dfoley@mcguirewoods.com](mailto:dfoley@mcguirewoods.com))

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.  Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   _Tier I_ With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   _Tier II_ With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

8

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.    To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.    The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.    The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.  Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.  Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for
all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency
between the Motion and this Order, this Order shall
control.

19.   The requirement under Local Rule 9013-
1(G) of the Local Rules for the United States Bankruptcy
Court for the Eastern District of Virginia to file a
memorandum of law in connection with the Motion is
hereby waived.

20.   This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
Aug 7 2009_____, 2009

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and —

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.           Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.          Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
et al.,                        :
                               :
            Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - x

    **SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
   DEBTORS, ION AUDIO, LLC AND CREDIT SUISSE LOAN FUNDING,
     LLC RESOLVING DEBTORS' FOURTH OMNIBUS OBJECTION TO
        CERTAIN DUPLICATIVE CLAIMS AND OTHER MATTERS**

        This settlement agreement and stipulation

(this "Agreement") is entered into by and among the

above-captioned debtors and debtors in possession (the

"Debtors")[1], on the one hand, and Ion Audio, LLC ("Ion

Audio") and Credit Suisse Loan Funding LLC ("Credit

Suisse"), on the other hand.  The Debtors, Ion Audio and

Credit Suisse are sometimes referred to herein

collectively as the "Parties" or individually as a

"Party".

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc.
      (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
      Inc. (0875), Ventoux International, Inc. (1838), Circuit City
      Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
      Distribution Company of Virginia, Inc. (2821), Circuit City
      Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
      Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
      Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
      Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
      LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
      for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
      VA 23060.

WHEREAS, the Debtors have continued as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc.

and its Affiliated Debtors and Debtors In Possession and
its Official Committee of Creditors Holding General
Unsecured Claims (the "Plan"); and

WHEREAS, the associated disclosure statement
(the "Disclosure Statement") was approved on September
24, 2009, and confirmation on the Plan is currently
scheduled for April 6, 2010; and

WHEREAS, generally, the Plan provides for the
liquidation of the Debtors under chapter 11 of the
Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the
Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R.
Bankr. P. 2002, 9006, and 9019 Authorizing the
Establishment of Procedures to Settle Certain Pre-
Petition and Post-Petition Claims and Causes of Action
Without Further Court Approval, dated August 7, 2009
(Docket No. 4401, the "Settlement Procedures Order")[2] to
enter into this Settlement Agreement, subject to the
Notice Procedures.

---

[2] All capitalized terms not otherwise defined herein shall have the
meaning ascribed to such terms in the Settlement Procedures Order.

**SETTLEMENT BACKGROUND**

**A.   The Ion Audio Claims.**

WHEREAS, the Debtors and Ion Audio engaged in business in the ordinary course prior to the Petition Date wherein the Debtors purchased certain Ion Audio products (the "Product") for sale in their retail stores; and

WHEREAS, on December 18, 2008, Ion Audio filed proof of claim number 1224 against the Debtors' bankruptcy estates pursuant to Bankruptcy Code section 503(b)(9) (the "503(b)(9) Claim").  Therein, Ion Audio alleged that it shipped in the ordinary course of business $169,015.81 worth of Product to the Debtors within the twenty (20) days before the Petition Date; and

WHEREAS, the Debtors allege that the 503(b)(9) Claim was overstated by $15,085.81 (the "503(b)(9) Claim Discrepancy"); and

WHEREAS, on March 31, 2009, the 503(b)(9) Claim was transferred to Credit Suisse International (D.I. 2866).  On December 4, 2009, the 503(b)(9) Claim

was transferred to, and is currently held by, Credit
Suisse (D.I. 5982); and

WHEREAS, on January 27, 2009, Ion Audio filed
claim number 6273, a general unsecured proof of claim
against the Debtors' bankruptcy estates (the "Unsecured
Claim" and together with the 503(b)(9) Claim, the "Ion
Audio Claims").[3]  Therein, Ion Audio claimed that it
shipped in the ordinary course of business $445,182.55
worth of Product to the Debtors before the Petition Date;
and

WHEREAS, pursuant to the Debtors' Fourth
Omnibus Objection to Certain Duplicative Claims (Docket
No. 3494) (the "Fourth Omnibus Objection"), the Debtors
alleged that the Unsecured Claim included and was
duplicative of the 503(b)(9) Claim, such that the
Unsecured Claim should be reduced to $276,166.74; and

WHEREAS, the hearing on the Fourth Omnibus
Objection with respect to the Unsecured Claim has been
adjourned; and

---

[3]   The Ion Audio Claims were transferred to, and are currently held
      by, Credit Suisse Loan Funding LLC.  See Docket Numbers 5978 and
      5982.

WHEREAS, on October 7, 2009, the General Unsecured Claim was transferred to Credit Suisse International (D.I. 5171).  On December 4, 2009, the General Unsecured Claim was transferred to, and is currently held by, Credit Suisse (D.I. 5978); and

WHEREAS, the Debtors assert that they hold receivables in the amount of $11,928.72 (the "Receivables"); and

WHEREAS, the Debtors assert that Ion Audio received certain transfers that the Debtors assert may be avoidable under Bankruptcy Code sections 547 and 550 (the "Avoidance Action Claims"); and

WHEREAS, rather than proceed with further litigation concerning the Ion Audio Claims, the Receivables, the 503(b)(9) Claim Discrepancy, or the Avoidance Action Claims, the parties engaged in good faith, arms' length negotiations to resolve such claims in their entirety; and

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of

which is hereby acknowledged, the Parties hereby

STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    The Parties agree that (i) the 503(b)(9)

Claim shall be allowed in the amount of $169,015.81 (the

"Allowed 503(b)(9) Claim") and (ii) the Unsecured Claim

shall be allowed as a non-subordinated general unsecured

claim in the amount of $276,166.74 (the "Allowed

Unsecured Claim").

2.    The Allowed 503(b)(9) Claim and the

Allowed Unsecured Claim shall be deemed "allowed" claims

against Circuit City Stores, Inc. and its estate in case

number 08-35653 (KRH) for all purposes, including with

respect to any confirmed plan of liquidation or in any

chapter 7 case of such Debtor, and shall not be subject

to further offset, reduction, subordination or discount.

The Allowed 503(b)(9) Claim shall be paid on the

"effective date" of any plan or as required under any

chapter 7 liquidation (as applicable).

3.    The Debtors and Ion Audio further agree

that, on account of the 503(b)(9) Claim Discrepancy, the

Receivables, and the Avoidance Action Claims, Ion Audio

shall pay to the Debtors within ten (10) business days

of the Effective Date (as defined herein) the amount of
$85,000 (the "Settlement Payment").

4.    Upon the Debtors' receipt of the
Settlement Payment, the Debtors, on behalf of themselves,
and each on behalf of their respective estates,
successors, and assigns, hereby irrevocably and fully
release and discharge Ion Audio from and against any and
all claims or causes of action under Bankruptcy Code
sections 542, 543, 544, 546, 547, 548, 549, 550, 553 and
558 (the "Release").  Notwithstanding anything to the
contrary in this Agreement and for the avoidance of
doubt, the Release is not intended as a general release
or waiver and nothing in this Agreement shall be
construed as such.

5.    Ion Audio shall not file or be entitled
to recover on account of any other claims from the
Debtors or their estates and the Debtors shall not be
entitled to recover any further credits, rebates,
receivables, or discounts from Ion Audio.

6.    Notwithstanding anything to the contrary
in this Agreement, the Parties specifically acknowledge
and agree that this Agreement is not intended to, and

does not, release or otherwise affect in any way any actual claims or causes of action (or potential claims or causes of action similar in nature or type to such actual claims or causes of action) now or hereinafter asserted in, based on, or relating to the multi-district litigation captioned In re: TFT-LCD (Flat Panel) Antitrust Litigation, MDL No. 1827 (N.D. Cal.) and the actions consolidated therein (the "MDL Proceeding").

7.    Neither this Agreement, nor any statement made or action taken in connection with the negotiation of this Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Agreement or (b) to seek damages or injunctive relief in connection therewith.

8.    Each Party hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in

conjunction with the performance of their respective obligations hereunder.

9.    No provision of this Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the parties hereto and their respective successors.

10.    Except where preempted by applicable Federal law, this Agreement shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia without regard to any choice of law provisions.

11.    This Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

12.    This Agreement, including the Release, constitutes the entire agreement and understanding of the parties regarding the Agreement and the subject matter thereof.

13.    The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive

jurisdiction (and the parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Agreement.

14.   Each person or entity who executes this Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Agreement.

15.   This Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

16.   This Agreement and all of its terms shall be effective (the "Effective Date") upon the later of (i) execution by the Parties, (ii) the expiration of the applicable Notice Period, or (iii) the resolution of any

objection properly filed in accordance with the terms of

the Settlement Procedures Order.

IN WITNESS WHEREOF, this Agreement is hereby

executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

Dated:  March 15, 2010

ION AUDIO, LLC

By:

/s/ Paul J. Stansky
Name: Paul J. Stansky
Title: Chief Financial Officer

        - and -

DUFFY & SWEENEY, LTD.

/s/ Patrick A. Guida
Michael F. Sweeney, Esq.
Patrick A. Guida, Esq.
Duffy & Sweeney, LTD.
1800 Financial Plaza
Providence, Rhode Island 02903

Counsel for Ion Audio, LLC

        - and -

WILLIAMS MULLEN

/s/ William H. Schwarzschild
William H. Schwarzschild, III (VSB No. 15274)
W. Alexander Burnett (VSB No. 68000)
Two James Center, 16th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia 23218-1320
(804) 783-6489

Counsel for Ion Audio, LLC

Dated: March 15, 2010

CREDIT SUISSE LOAN FUNDING LLC

By:

/s/ Gil Golan
Title: Vice President
Credit Suisse Loan Funding LLC
11 Madison Avenue, 5th Floor
New York, NY 10010

        - and –

/s/ Douglas DiBella
Title: Vice President
Credit Suisse Loan Funding LLC
11 Madison Avenue, 5th Floor
New York, NY 10010

        - and –

ESBIN & ALTER

/s/ Scott Esbin
Scott Esbin, Esq.
497 South Main Street
New City, NY  10956

Counsel for Credit Suisse Loan Funding LLC

Dated:    March 15, 2010