Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, SLATE, MEAGHER & FLOM,
LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, SLATE, MEAGHER & FLOM,
LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x
```

**FIFTH INTERIM FEE APPLICATION OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS FOR THE PERIOD FROM NOVEMBER 1, 2009 THROUGH AND INCLUDING JANUARY 31, 2010**

Name of Applicant: Skadden, Arps, Slate, Meagher & Flom LLP

Authorized to provide professional services to: Circuit City Stores, Inc., et al.

Date of retention: effective November 10, 2008

Period for which compensation and reimbursement are sought: November 1, 2009 through and including January 31, 2010

Amount of compensation sought as actual, reasonable, and necessary: $1,955,685

Amount of expense reimbursement sought as actual, reasonable, and necessary: $89,339

This is a/an: ___ monthly  X  interim ___ final application.

The Application does not request compensation at this time for services rendered in preparing this Application.  The Applicant intends to seek such compensation at a later date.

**COMPENSATION BY PROFESSIONAL PERSON**
**SKADDEN, ARPS SLATE, MEAGHER & FLOM LLP**
**NOVEMBER 1, 2009 – JANUARY 31, 2010**

| NAME | YEAR OF ADMISSION | RATE | HOURS | AMOUNT |
|------|-------------------|------|-------|--------|
| **PARTNER** | | | | |
| Jody J. Brewster | 1983 | $945 | 77.9 | $73,616 |
| Chris L. Dickerson | 1998 | $850 | 32.3 | $27,455 |
| Gregg M. Galardi | 1990 | $947 | 150.25 | $142,309 |
| Fred T. Goldberg, Jr. | 1973 | $995 | 29.4 | $29,253 |
| Andre LeDuc | 1978 | $945 | 20.8 | $19,656 |
| David F. Levy | 1995 | $775 | 26.3 | $20,383 |
| | | | | |
| | **TOTAL PARTNER** | | 407.55 | $373,232 |
| | | | | |
| **COUNSEL** | | | | |
| David A. Schneider | 1986 | $775 | 80.0 | $62,016 |
| | | | | |
| | **TOTAL COUNSEL** | | 80.0 | $62,016 |
| | | | | |
| **ASSOCIATE** | | | | |
| Sarah K. Baker | 2006 | $552 | 509.9 | $281,585 |
| Pamela S. Dangelo | 2008 | $467 | 261.5 | $122,148 |
| Folarin S. Dosunmu | 2004 | $625 | 28.9 | $18,064 |
| Ian S. Fredericks | 2003 | $629 | 583.85 | $367,006 |
| Christine W. Kim | 2009 | $460 | 11.8 | $5,428 |
| Candice Korkis | 2009 | $401 | 292.5 | $63,443 |
| Jessica S. Kumar | 2007 | $510 | 302.7 | $149,039 |
| Kelly A. Lazaroff | 2008 | $466 | 208.4 | $138,735 |
| David Leavitt | 2006 | $560 | 43.1 | $24,156 |
| Jason M. Liberi | 2003 | $666 | 345.9 | $223,011 |
| John P. Marston | 2004 | $625 | 85.4 | $53,376 |
| Risa M. Salins | 2001 | $680 | 6.0 | $4,080 |
| Christin M. Szafranski | 2006 | $540 | 5.2 | $2,808 |
| Jarrett Vine | 2009 | $420 | 32.6 | $13,692 |
| | | | | |
| | **TOTAL ASSOCIATE** | | 2588.25 | $1,411,824 |

i

| NAME | YEAR OF ADMISSION | RATE | HOURS | AMOUNT |
|---|---|---|---|---|
| **NON-LEGAL PROFESSIONAL** | | | | |
| David Robison | | $995 | 56.9 | $56,616 |
| | | | | |
| | **TOTAL NON-LEGAL PROFESSIONAL** | | 56.9 | $56,616 |
| | | | | |
| **PARAPROFESSIONALS** | | | | |
| Mohammed Ansari | | $230 | 6.0 | $1,380 |
| Christopher M. Heaney | | $295 | 100.9 | $29,768 |
| Christine H. Ingram | | $330 | 4.7 | $1,551 |
| Wendy K. LaManna | | $295 | 46.7 | $13,777 |
| Stacy L. McIlhenny | | $295 | 6.9 | $2,036 |
| William C. Terry | | $345 | 10.1 | $3,485 |
| | | | | |
| | **TOTAL PARAPROFESSIONAL** | | 175.3 | $51,997 |
| | | | | |
| | **TOTAL** | | **3308.0** | **$1,955,685** |
| | | | | |
| | | **BLENDED HOURLY RATE** | | **$591** |

ii

**COMPENSATION BY PROJECT CATEGORY**
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
**NOVEMBER 1, 2009 – JANUARY 31, 2010**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General Corporate Advice | 18 | $15,690 |
| Asset Analysis and Recovery | 34.9 | $26,727 |
| Assets Dispositions (General) | 4.1 | $2,850 |
| Asset Dispositions (Real Property) | 8.3 | $5,364 |
| Automatic Stay (Relief Action) | 2.2 | $1,367 |
| Business Operations/Strategic Planning | 6.2 | $4,517 |
| Case Administration | 218.9 | $99,194 |
| Claims Admin (General) | 1699.1 | $897,400 |
| Claims Admin (Reclamation) | 159.4 | $102,275 |
| Creditor Meetings/Statutory Committees | 8.7 | $7,699 |
| Disclosure Statement / Voting Issues | 4.8 | $2,600 |
| Employee Matters (General) | 45.2 | $28,707 |
| Executory Contracts (Personalty) | 4.6 | $2,418 |
| Insurance | 9.6 | $5,719 |
| Leases (Real Property) | 39 | $20,830 |
| Liquidation/Feasibility | 3.1 | $1,986 |
| Litigation (General) | 195 | $120,744 |
| Nonworking Travel Time*<br>*Billed at 50%. | 46.8 | $25,127 |
| Real Estate (Owned) | 0.4 | $250 |
| Reorganization Plan / Plan Sponsors | 117.1 | $69,250 |
| Retention / Fee Matters (SASM&F) | 39.4 | $21,471 |
| Retention / Fee Matters / Objections | 38.5 | $24,447 |
| Secured Claims | 48.8 | $27,091 |
| Tax Matters | 527.6 | $426,823 |

iii

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Utilities | 28.3 | $15,594 |
| **TOTAL** | **3308.0** | **$1,955,685** |

iv

**EXPENSE SUMMARY**
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
**NOVEMBER 1, 2009 – JANUARY 31, 2010**

| Expense Category | Total Expenses |
|---|---|
| Computer Legal Research | $60,581 |
| Telecommunications | $875 |
| Reproduction and Document Preparation | $5,677 |
| Outside Research | $1,530 |
| Travel | $18,538 |
| Courier, Express Carriers (e.g., Federal Express) and Postage | $512 |
| Electronic Document Management | $1,626 |
| **TOTAL** | **$89,339** |

v

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, SLATE, MEAGHER & FLOM,
LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, SLATE, MEAGHER & FLOM,
LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                         : Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     : Case No. 08-35653 (KRH)
et al.,                        :
                               :
            Debtors.           : Jointly Administered
- - - - - - - - - - - - - - x

**FIFTH INTERIM APPLICATION OF SKADDEN, ARPS,
SLATE, MEAGHER & FLOM LLP FOR COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
AS COUNSEL TO THE DEBTORS FOR THE PERIOD FROM
NOVEMBER 1, 2009 THROUGH AND INCLUDING JANUARY 31, 2010**

Skadden, Arps, Slate, Meagher & Flom LLP and

its affiliated law offices (collectively, "Skadden,

Arps"), counsel for the debtors and debtors in

possession in the above-captioned cases (collectively,

the "Debtors"),[1] submit this application (the

"Application") seeking allowance of interim compensation

and reimbursement of expenses under sections 330 and 331

of title 11 of the United States Code (the "Bankruptcy

Code") for the period from November 1, 2009 through and

including January 31, 2010 (the "Application Period"),

and represent as follows:

**JURISDICTION**

1.    This Court has jurisdiction to consider

this Application under 28 U.S.C. §§ 157 and 1334.  This

is a core proceeding under 28 U.S.C. § 157(b).  Venue of

these cases and this Application in this district is

proper under 28 U.S.C. §§ 1408 and 1409.

---

[1]    The Debtors are the following entities: The Debtors and the last
four digits of their respective taxpayer identification numbers
are as follows: Circuit City Stores, Inc. (3875), Circuit City
Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux
International, Inc. (1838), Circuit City Purchasing Company, LLC
(5170), CC Aviation, LLC (0841), CC Distribution Company of
Virginia, Inc. (2821), Circuit City Properties, LLC (3353),
Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc.
(4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311),
Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit
City Stores PR, LLC (5512).  The address for the Debtors is 4951
Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

2

2.    The statutory predicates for the relief requested herein are Bankruptcy Code sections 330 and 331.

### BACKGROUND

1.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2.    On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  The going out of business sales concluded on or about March 8, 2009.

3.    On September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General

3

Unsecured Claims (the "Plan").  The associated

disclosure statement (the "Disclosure Statement") was

approved on September 24, 2009.  Confirmation of the

Plan is currently scheduled for April 6, 2010.

      4.    Generally, the Plan provides for the

liquidation of the Debtors under chapter 11 of the

Bankruptcy Code.

## RETENTION OF SKADDEN, ARPS

      3.    On November 20, 2008, the Debtors applied

to the Court for an order authorizing them to retain

Skadden, Arps pursuant to an engagement agreement dated

September 1, 2008 (the "Engagement Agreement") as their

bankruptcy counsel, effective as of the Petition Date,

to provide the following professional services:

      (a)  advising the Debtors with respect to
their powers and duties as debtors and debtors
in possession in the continued management and
operation of their businesses and properties;

      (b)  attending meetings and negotiating with
representatives of creditors and other parties
in interest and advising and consulting on the
conduct of the cases, including all of the
legal and Interim Compensation requirements of
operating in chapter 11;

      (c)  taking all necessary action to protect
and preserve the Debtors' estates, including
the prosecution of actions on behalf of the

4

Debtors' estates, the defense of any actions commenced against those estates, negotiations concerning litigation in which the Debtors may be involved and objections to claims filed against the estates;

(d)  preparing, on behalf of the Debtors, motions, applications, answers, orders, reports, and papers necessary to the administration of the estates;

(e)  preparing and negotiating on the Debtors' behalf plan(s) of reorganization, disclosure statement(s), and all related agreements and/or documents and taking any necessary action on behalf of the Debtors to obtain confirmation of such plan(s);

(f)  advising the Debtors in connection with any sale of assets;

(g)  performing other necessary legal services and providing other necessary legal advice to the Debtors in connection with these chapter 11 cases; and

(h)  appearing before this Court, any appellate courts, and the United States Trustee and protecting the interests of the Debtors' estates before such courts and the United States Trustee.[2]

4.  On December 8, 2008, the Court entered an

order (the "Retention Order") authorizing the Debtors to

---

[2]  Information concerning the experience and standing at the bar of Skadden, Arps' senior attorneys on this engagement are described in the application and related materials filed by Skadden in support of its retention in these cases (the "Retention Application") (D.I. 287), which is incorporated herein by reference.

employ Skadden, Arps as their counsel effective as of
the Petition Date pursuant to the terms of the
Engagement Agreement.  A copy of the Retention Order is
attached hereto as Exhibit A.

### INTERIM COMPENSATION

5.    On December 9, 2008, the Court entered an
Order Under Bankruptcy Code Sections 105(a) and 331
Establishing Procedures for Interim Compensation (the
"Interim Compensation Order").  A copy of the Interim
Compensation Order is attached hereto as Exhibit B.

6.    Pursuant to the terms of the Interim
Compensation Order, if no objection is filed to a
monthly fee application within twenty (20) days of the
date of filing of that application, then the respective
professionals may be paid eighty-five percent (85%) of
the fees and one hundred percent (100%) of the expenses
set forth in the applicable monthly fee application.

7.    Every three (3) months beginning with the
three-month period ending on January 31, 2009, all
professionals, including Skadden, Arps, are required to
file interim fee applications for the prior three-month
period.  Thereafter, this Court schedules a hearing to

consider such interim fee applications, including,
payment of the fifteen percent (15%) "holdback".

    8.   Pursuant to the Interim Compensation
Order, Skadden, Arps has served each Monthly Fee Request,
including time and expense detail on (i) Circuit City
Stores, Inc., (ii) McGuireWoods LLP, (iii) the Office of
the United States Trustee, and (iv) Pachulski Stang
Ziehl & Jones LLP(collectively, the "Notice Parties"),
for each of the months in the Application Period.

    9.   On December 10, 2009, Skadden, Arps
served its Monthly Fee Request in the amount of $867,375,
consisting of $831,164 for professional fees and $36,211
for expenses relating to the period from November 1,
2009 through and including November 30, 2009.  Pursuant
to the Interim Compensation Order, the Notice Parties
had twenty days to object to such Monthly Fee Request.
The 20-day period for objections expired on December 20,
2009 without any objections.  At that time, Skadden,
Arps was entitled to payment of 85% of the requested
professional fees and 100% of requested expenses, in the
aggregate amount of $742,700.

7

10.   On February 15, 2010, Skadden, Arps
served its Monthly Fee Request in the amount of $570,695,
consisting of $548,897 for professional fees and $21,798
for expenses relating to the period from December 1,
2009 through and including December 31, 2009.  Pursuant
to the Interim Compensation Order, the Notice Parties
had twenty days to object to such Monthly Fee Request.
The 20-day period for objections expired on March 8,
2010 without any objections.  At that time, Skadden,
Arps was paid 85% of the requested professional fees and
100% of requested expenses, in the aggregate amount of
$488,360.

11.   On February 18, 2009, Skadden, Arps
served its Monthly Fee Request in the amount of $609,954,
consisting of $575,624 for professional fees and $31,330
for expenses relating to the period from January 1, 2010
through and including January 31, 2010.  Pursuant to the
Interim Compensation Order, the Notice Parties had
twenty days to object to such Monthly Fee Request.  The
20-day period for objections expired on March 10, 2010.
Given the date of the deadline to object, at the time of
the filing of this Application, Skadden, Arps has not

8

been paid 85% of the requested professional fees or 100%
of requested expenses, which, in the aggregate, total
$520,610.

12.   Pursuant to the Interim Compensation
Order, Skadden, Arps is filing this Application for
compensation for professional services rendered and
reimbursement of disbursements made in these cases
during the Application Period.

### RELIEF REQUESTED

13.   By this Application, Skadden, Arps
requests approval and payment of interim compensation
and reimbursement of expenses for the Application Period
pursuant to Bankruptcy Code sections 330 and 331.
Attached as Exhibit C are copies of Skadden, Arps' fee
statements (the "Statements") reflecting professional
services rendered for which compensation is sought and
actual disbursements for which reimbursement is sought.

14.   At this time, Skadden, Arps is seeking
allowance of compensation equal to $1,955,685 in fees
for professional services rendered by Skadden, Arps
during the Application Period as counsel to the Debtors
in these chapter 11 cases.  This amount is derived

solely from the applicable hourly billing rates of the firm's personnel who rendered such services to the Debtors.  Of this amount, Skadden, Arps has already been paid $1,262,390 pursuant to the Interim Compensation Order and $520,610 remains outstanding.  In addition to the foregoing amounts, through this Application, Skadden, Arps requests payment of $293,354, representing the aggregate fifteen percent (15%) hold-back of fees billed, but withheld, during the Application Period.

15.  Skadden, Arps also requests allowance of reimbursement of one hundred percent (100%) of the actual and necessary out-of-pocket disbursements and charges incurred in the Application Period, equal to $89,339.

16.  The fees and disbursements sought through this Application Period reflect total client accommodations of $168,432.  In the event that any objections to this Application are filed, Skadden, Arps reserves the right to seek payment for all or any part of the client accommodations.

17.  This Application is made without prejudice to the firm's right to seek further interim

10

allowances and/or a final allowance of compensation in the future in accordance with the Retention Order and the Interim Compensation Order.

18.   Skadden, Arps has received no promise of payment for professional services rendered or to be rendered in these cases other than in accordance with the provisions of the Bankruptcy Code.

## BASIS FOR RELIEF

19.   It is not practical to describe every phone call made, meeting attended, document generated, or other service provided in the Debtors' cases during the Application Period.  Thus, this Application highlights the most significant services performed by Skadden, Arps for the Debtors during the Application Period; the attached time records contain the detail of each task performed.

20.   Skadden, Arps submits that the legal services and advice that it rendered to the Debtors in connection with their chapter 11 cases during the Application Period were necessary and beneficial to the Debtors, their estates and their creditors.

21.   As discussed in greater detail below, Skadden, Arps' professionals continued reviewing claims filed against the Debtors and identifying legal bases for objecting to these claims.  In addition, Skadden, Arps also began the process of recovering preferential transfers and offsetting receivables against these claims.  Skadden, Arps also focused significant efforts on resolving outstanding tax issues directly with the IRS and ensuring that proceeds from the Canadian estates are distributed to the Debtors in the most favorable manner.  Finally, Skadden, Arps worked closely with the Creditors' Committee concerning confirmation matters and the pre-confirmation transition to the person proposed to serve as the liquidating trustee if the Plan is confirmed.

22.   During the Application Period, attorneys, a non-legal professional, and paraprofessionals of Skadden, Arps devoted a total of 3308 hours to representation of the Debtors.  Of the aggregate time expended, 407.55 hours were spent by partners, 80.0 hours were spent by counsel, 2588.25 hours were spent by associates, 56.9 were spent by a non-legal professional

12

and 175.3 hours were spent by paraprofessionals.
Schedules showing the name and position of each such
partner, counsel, associate, non-legal professional and
paraprofessional, hours worked during the Application
Period, and hourly billing rate are provided at the
front of this Application.  Skadden, Arps' professionals
billed their services in these cases to numerous matters
corresponding to particular activities in the case.
Exhibit D provides the detail by matter of the time
billed for such services.

23.   Set forth on Exhibit E are the detailed
expense charges incurred during the Application Period
by matter number.

### DESCRIPTION OF SERVICES RENDERED

24.   The following description of Skadden,
Arps' services is a summary of the matters that occupied
substantial amounts of time during the Application
Period.

**I.   MATTER OVER $500,000 - CLAIMS ADMINISTRATION**

25.   During the Application Period, Skadden,
Arps' professionals devoted over half of their total
time to claims review, objections and responses to the

13

same, with a total time value of $897,400.  Skadden,
Arps continued to file both omnibus and individual claim
objections, drafted particularized replies to claimants
who responded and negotiated settlements with certain
claimants.

26.   In particular, Skadden, Arps'
professionals focused their efforts on reviewing the
largest 503(b)(9), administrative, secured, and priority
claims for purposes of reconciling and/or objecting to
such claims.  Through this process, Skadden, Arps
identified additional bases to object to improperly
filed claims, prepared and filed additional objections
to such claims, and worked with claimants to reach or
attempt to reach consensual resolutions where possible.
Professionals at Skadden, Arps also began the large
process of reviewing and identifying grounds for
objections to the claims of the Debtors' approximately
six hundred landlords.

27.   In addition, Skadden, Arps assisted the
Debtors' efforts to reduce the liabilities filed against
their estates by collecting amounts owed to the Debtors
affirmatively or through setoff.  In that regard,

14

Skadden, Arps replied to numerous responses from creditors who disagreed with the Debtors' proposed setoff and addressed the matter before this Court.

28.   Similarly, Skadden, Arps' professionals assisted the Debtors efforts to ensure that creditors were all treated fairly by seeking to hold certain 503(b)(9) claims in abeyance while the Debtors pursue the recovery of transfers that are avoidable under Bankruptcy Code section 547.  Skadden, Arps replied to the various responses and addressed the matter before the Court.  After the Court ruled in the Debtors favor, Skadden, Arps responded to various motions for leave to appeal and a reconsideration motion.  Through Skadden, Arps efforts, reconsideration was denied and leave to appeal has not yet been ruled upon.

29.   Following the Court's rulings, Skadden, Arps spent significant time assisting the Debtors with maximizing value associated with the these rulings. Professionals at Skadden, Arps developed a procedure to reconcile claims and began exchanging information to informally reconcile disputes between the Debtors and the various claimants subject to the setoff and 502(d)

rulings.   Based on Skadden, Arps' efforts, the Debtors have thus far been able to consensually resolve various objections to the setoff and 502(d) rulings, which resulted in significant value to the Debtors estates.

30.   In all, Skadden, Arps' professionals devoted a total of 1699.1 hours to claims administration matters during the Application Period for which compensation is sought, with a total time value of $897,400.

## II.  MATTERS OVER $100,000

31.   During the Application Period, Skadden, Arps' professionals devoted significant time to three other key matters, the time value of which exceeds $100,000 for each.   These matters are as follows:

### A.   Tax Matters
### (Amount Sought: $426,823)

32.   During the Application Period, Skadden, Arps continued to assist the Debtors with two key tax matters:  (1) a tax refund on account of net operating loss carrybacks and (2) a tax refund related to sale/leaseback transactions.

16

33.   With respect to the first matter, Skadden, Arps gathered and analyzed information related to the Debtors' net operating losses and drafted a formal letter to the IRS setting for the factual and legal bases to support the Debtors' refund request.  As a result of Skadden, Arps' efforts, the Debtors received a partial refund totaling over $100 million; the remainder of the refund was not denied, but rather held to protect the IRS's setoff rights, if any, pending a resolution of the IRS's claims in these cases.

34.   With respect to the second matter, as noted in the prior application, the Debtors requested that Skadden, Arps assist with recovering IRS tax refunds on account of sale/leaseback transactions for which the Debtors had previously engaged other professionals.  To advise the Debtors in connection therewith, Skadden, Arps' professionals continued to review significant amounts of historical data spanning the past seven years, which had to be completed on an expedited basis.  In doing so, Skadden, Arps developed a strategy and then prepared multiple submissions to and presentations before the IRS and participated in the

17

ongoing dialogue between the Debtors, their other professionals, and the IRS.  To date, the IRS has not issued a final ruling with respect to the sale/leaseback refund.

35.   Additionally, Skadden, Arps assisted the Debtors and their Canadian professionals with respect to tax matters related to the Canadian estates and distributions to the Debtors.

36.   In all, Skadden, Arps' professionals devoted a total of 527.6 hours to tax matters during the Application Period for which compensation is sought, with a total time value of $426,823.

**B.    Litigation**
       **(Amount Sought: $120,744)**

37.   During the Application Period, Skadden, Arps continued to analyze claims and causes of action against various creditors and other parties in interest. As part of the analysis, Skadden, Arps reviewed the Debtors' books and records and, if applicable, creditors' claims.  After the analysis, Skadden, Arps assisted the Debtors with drafting and completing legal

demand letters concerning creditors' claims and the Debtors' causes of action and defenses.

38.   Additionally, where appropriate, Skadden, Arps' professionals drafted complaints to recover, among other property, receivables and avoidable transfers.  In other instances, Skadden, Arps attempted to avoid litigation by securing favorable settlements for the benefit of the Debtors' estates and creditors.

39.   In addition to litigation initiated by the Debtors, Skadden, Arps' professionals assisted the Debtors with respect to litigation initiated by other parties.  This assistance consisted of, among other matters, drafting and responding to discovery requests and drafting and responding to motions or pleadings in various contested matters and adversary proceedings.

40.   In all, Skadden, Arps' professionals devoted a total of 195 hours to litigation matters during the Application Period for which compensation is sought, with a total time value of $120,744.

**C.   Reclamation Claims Administration
(Amount Sought: $102,275)**

41.   As part of the claims administration
process during the Application Period, Skadden, Arps
assisted the Debtors' efforts to reclassify certain
administrative and secured claims to general unsecured
non-priority claims because such claims were based on
alleged reclamation rights.  To do so, Skadden, Arps
conducted comprehensive research and drafted a motion
for summary judgment, evaluated objections thereto,
drafted a reply, prosecuted the matter before this Court,
and researched and prepared a response to a post-
argument brief filed by one of the reclamation claimants.
After considering the briefs and the novel issues
created by recent amendments to the Bankruptcy Code, the
Court ruled in the Debtors' favor.

42.   In all, Skadden, Arps' professionals
devoted a total of 159.4 hours to reclamation claims
administration during the Application Period for which
compensation is sought, with a total time value of
$102,275.

## III. MATTERS OVER $50,000

43.    Skadden, Arps' professionals devoted time to certain other significant matters, the time value of which exceeds $50,000 during the Application Period. These matters are as follows:

### A.    Case Administration (Amount Sought: $99,194)

44.    During the Application Period, professionals at Skadden, Arps continued to assist the Debtors with respect to general case administration matters and also provided guidance to the Debtors concerning their ultimate transition to a liquidating trust.  In particular, Skadden, Arps guided the Debtors as certain key management personnel resigned or took on a reduced role.  As part of this process, Skadden, Arps' professionals prepared for and attended teleconferences and client meetings with the Debtors and their other advisors.

45.    In addition, Skadden, Arps attended and participated in various omnibus hearings, each dealing with numerous contested and uncontested matters.

21

46.   In all, Skadden, Arps' professionals devoted a total of 218.9 hours to case administration matters during the Application Period for which compensation is sought, with a total time value of $99,194.

**B.   Reorganization/Plan Sponsors
(Amount Sought: $69,250)**

47.   During the Application Period, Skadden, Arps reviewed, revised and supplemented the liquidation analysis, the Plan and the exhibits thereto.   Perhaps most importantly, Skadden, Arps' professionals considered objections to confirmation and sought to resolve these objections prior to the confirmation hearing.   In connection with this process, professionals at Skadden, Arps also drafted a brief in support of confirmation of the Plan.

48.   Additionally, Skadden, Arps worked closely and negotiated with the Debtors and the Creditors' Committee to formulate the liquidating trust agreement (the "Liquidating Trust Agreement") under which the Debtors' estates would be administered post-confirmation.

49.   In all, Skadden, Arps' professionals devoted a total of 117 hours to reorganization and plan-related matters during the Application Period for which compensation is sought, with a total time value of $69,250.

**IV.   MATTERS OVER $25,000**

50.   Certain other matters required the attention of Skadden, Arps during the Application Period, the time value of which exceeds $25,000 for each.  These matters are as follows:

**A.   Employee Matters
      (Amount Sought: $28,707)**

51.   As noted above, the Application Period was marked, in part, by preparation for and the transition that would occur upon confirmation.  As this court is well aware, however, confirmation has been delayed due to tax matters related to the Canadian estates.  In fact, confirmation was delayed beyond the expiration of the existing incentive and retention plan previously approved by this Court.

52.   After several key personnel resigned from the Debtors, Skadden, Arps assisted the Debtors with

23

developing a retention plan to incentivize non-insiders to remain with the Debtors through confirmation.  In that regard, Skadden, Arps' professionals prepared a motion to approve a liquidation retention plan.  In addition, the Debtors drafted documents to restructure the employment relationships between the Debtors and certain key employees.  Most notably, Skadden, Arps' professionals helped the Debtors reject the employment agreement with James Marcum, former CEO of the Debtors, and instead retain him as a consultant.

53.   In all, Skadden, Arps' professionals devoted a total of 45.2 hours to employee matters during the Application Period for which compensation is sought, with a total time value of $28,707.

**B.    Secured Claims
       (Amount Sought: $27,091)**

54.   With respect to secured claims, Skadden, Arps continued the process begun prior to the Application Period, seeking authority for the Debtors to cancel surety bonds associated with utility services, taxes and other state statutory obligations. Specifically, during the Application Period, Skadden,

24

Arps worked to consensually resolve an objection of
Safeco, the Debtors' surety.

55.   In all, Skadden, Arps' professionals
devoted a total of 48.8 hours to secured claims matters
during the Application Period for which compensation is
sought, with a time value of $27,091.

C.   **Asset Analysis and Recovery
       (Amount Sought: $26,272)**

56.   During the Application Period, in
connection with claims administration and preparing to
initiate litigation on the Debtors' behalf, Skadden,
Arps' professionals worked with the Debtors and their
other advisors to identify sources of recovery for the
Debtors and their estates.   Primarily, the sources
consisted of receivables and avoidable transfers.
Having obtained favorable rulings from this Court
concerning setoff and application of section 502(d),
Skadden, Arps' analysis enabled the Debtors to promptly
and efficiently seek to recover such assets.

57.   In all, Skadden, Arps' professionals
devoted a total of 34.9 hours on asset analysis and

25

recovery matters during the Application Period for which compensation is sought, with a time value of $26,272.

### D.   Non-working Travel Time (Amount Sought: $25,127)

58.   During the Application Period, Skadden, Arps' professionals attended six omnibus hearings and almost weekly on-site client meetings, requiring a significant amount of travel.

59.   In all, Skadden, Arps' professionals devoted a total of 46.8 hours to non-working travel during the Application Period for which compensation is sought, with a time value of $25,127, representing fifty percent (50%) of the total time value.

## V.   MATTERS OVER $15,000

60.   Other matters that required the attention of Skadden, Arps during the Application Period, had a time value exceeding $15,000 each.  These matters are as follows:

### A.   Retention/Fee Matters/Objections (Amount Sought: $24,447)

61.   In this category, the Skadden, Arps primarily focused on retaining a chief restructuring officer (a "CRO") to replace former management and

26

transition the Debtors to a post-confirmation liquidation trust.  This process involved significant negotiations with the proposed CRO and the Creditors' Committee concerning the terms of the engagement and the form of the engagement agreement.

62.   In all, Skadden, Arps' professionals devoted a total of 38.5 hours to retention of other professionals for the Debtors during the Application Period for which compensation is sought, with a time value of $24,447.

### B.   Retention/Fee Matters/SASM&F (Amount Sought: $21,471)

63.   During the Application Period, Skadden, Arps' professionals prepared its fourth fee application. Additionally, Skadden, Arps' professionals reviewed the growing list of parties in interest to determine whether additional disclosures were needed.

64.   In all, Skadden, Arps' professionals devoted a total of 39.4 hours to retention and fee matters during the Application Period for which compensation is sought, with a total time value of $21,471.

27

**C.   Leases (Real Property)**
     **(Amount Sought: $20,830)**

65.   As was the case in the previous application period, the Debtors' landlords contacted Skadden, Arps concerning matters emanating from the rejection of the Debtors' leases.  Often this assistance consisted of providing landlords with information regarding the rejection of their leases and the consequences thereof.  Moreover, as landlords continued to receive bills from third parties that and sought to pass these obligations on to the Debtors, Skadden, Arps' professionals analyzed the obligations to determine whether such were valid obligations of the Debtors' estates and, if appropriate, facilitated the dialogue between the Debtors and their landlords concerning such obligations.

66.   In all, Skadden, Arps' professionals devoted a total of 39 hours to real property lease matters during the Application Period for which compensation is sought, with a time value of $20,830.

28

**D.   General Corporate Advice**
**       (Amount Sought: $15,690)**

67.   During the Application Period, Skadden,
Arps continued to provide the Debtors with general
corporate advice, including advice related to their
obligations under the Bankruptcy Code.

68.   In all, Skadden, Arps' professionals
devoted a total of 18 hours to general corporate advice
matters during the Application Period for which
compensation is sought, with a time value of $15,690.

**E.   Utilities**
**       (Amount Sought: $15,594)**

69.   During the Application Period, Skadden,
Arps assisted the Debtors by addressing matters related
to the Debtors' prior utilities providers.   In
particular, Skadden, Arps assisted the Debtors with
analyzing claims made against the utility blocked
account, which had been terminated during the prior
application period.   In this regard, Skadden, Arps'
professionals analyzed the validity of these requests,
the Debtors' books and records, and the reconciliation
of accounts.

29

70.   In all, Skadden, Arps' professionals devoted a total of 28.3 hours to utility matters for during the Application Period for which compensation is sought, with a time value of $15,594.

## VI.   MATTERS UNDER 15,000

71.   Finally, Skadden, Arps devoted time to matters with a time value less than $15,000 for each. These matters included attending meetings with the Creditors' Committee, selling real property and remaining miscellaneous assets, addressing matters related to the Debtors' limited business operations and strategy regarding the same, reviewing updates to the liquidation analysis, evaluating issues related to the Plan and attention to executory contracts, insurance, owned real estate and requests for relief from the automatic stay.

## ALLOWANCE OF COMPENSATION

72.   **Compensation Sought.**  Because of the benefits realized by the Debtors, the nature of these cases, the standing at the bar of the attorneys who rendered services, the amount of work done, the time consumed, the skill required and the contingent nature

of the compensation, Skadden, Arps requests that it be allowed at this time all compensation for the professional services rendered during the Application Period.   Additionally, Skadden, Arps seeks payment of the remaining fifteen percent (15%) of the of the value of professional services rendered during the Application Period totaling $293,354.

73.   Skadden, Arps achieved cost efficiencies by employing a streamlined case management structure. Instead of assigning various attorneys to the myriad of tasks that arose during these cases, Skadden, Arps designated a core group of associates who were assigned responsibility for specific matters and types of matters. This (i) allowed some attorneys to work almost exclusively on discrete matters in the Debtors' cases, (ii) permitted the case to be staffed with as little partner involvement as appropriate, and (iii) enabled Skadden, Arps to avoid performing duplicative or unnecessary work.

74.   **Reimbursement of Expenses.**  Skadden, Arps has disbursed, and requests allowance reimbursement for $89,339, which representing actual, necessary expenses

incurred while rendering professional services in these cases.

75.   **Compensation Sharing Disclosure**.  Other than between Skadden, Arps and its affiliated law practices and their members, no agreement or understanding exists between Skadden, Arps and any other person or persons for the sharing of compensation received or to be received for professional services rendered in or in connection with these cases, nor will any be made except as permitted pursuant to Bankruptcy Code section 504(b)(1).

76.   **Reservation of Rights**.  Skadden, Arps reserves the right to return to this Court seeking reimbursement for amounts related to work performed or expenses incurred during the Application Period but not yet reflected in the firm's time records or to amend the amounts listed herein to correct any bookkeeping errors. In the event that a subsequent review reveals that additional professional services have been rendered or expenses have been incurred on behalf of the Debtors during the Application Period, which were not processed by the firm's accounting system before the time of this

32

Application, Skadden, Arps reserves the right to seek

such additional fees and expenses by subsequent

application to the Court.[3]

---

[3]   Skadden, Arps further reserves the right to request additional
compensation at a later date for time spent preparing this
Application.

33

## CONCLUSION

WHEREFORE, Skadden, Arps respectfully requests entry of an order (a) approving interim compensation for professional services rendered as attorneys for the Debtors in the sum of $1,955,685, which is equal to one hundred percent (100%) of fees incurred during the Application Period; (b) authorizing payment of $293,354 as fifteen percent (15%) of fees held back; (c) approving of reimbursement of actual and necessary expenses in the sum of $89,339; and (d) granting such other and further relief as is just and proper.

Dated:  March 17, 2009

SKADDEN, ARPS, SLATE, MEAGHER & FLOM
    LLP

/s/ Gregg M. Galardi
Gregg M. Galardi (I.D. No. 2991)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
    LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606

34

(312) 407-0700- and -

- and –

MCGUIREWOODS LLP


/s/ Douglas M. Foley____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in
Possession

35

## EXHIBIT A

## (Retention Order)

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                         :    Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :    Case No. 08-35653 (KRH)
et al.,                        :
                               :
            Debtors.           :    Jointly Administered
- - - - - - - - - - - - - - - x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND
329, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES
2014-1 AND 2016-1 AUTHORIZING EMPLOYMENT AND RETENTION
OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND
AFFILIATES AS BANKRUPTCY COUNSEL TO THE DEBTORS AND
DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

        Upon the application (the "Application")[1] of

the Debtors for an order, pursuant to Bankruptcy Code

sections 327(a) and 329, Bankruptcy Rules 2014 and 2016

_____

[1]     Capitalized terms not otherwise defined herein shall have the
        meanings ascribed to them in the Application.


0835653081208000000000007

and Local Rules 2014-1 and 2016-1, authorizing the

employment and retention of Skadden, Arps, effective as

of the Petition Date, under a general retainer as the

Debtors' bankruptcy counsel; and the Court having

reviewed the Application and the Galardi Declaration;

and the Court being satisfied with the representations

made in the Application and the Galardi Declaration that

Skadden, Arps does not hold or represent any interest

adverse to the Debtors or their estates, that it is a

"disinterested person" as that term is defined pursuant

to Bankruptcy Code section 101(14); and that its

employment is necessary and in the best interests of the

Debtors' estates, creditors, and other parties in

interest; and due and sufficient notice of the

Application having been given under the particular

circumstances; and it appearing that no other or further

notice need be provided; and upon the record herein; and

after due deliberation thereon; and good and sufficient

cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

    1.    The Application is GRANTED.

2.    Pursuant to Bankruptcy Code sections
327(a) and 329, the Debtors, as debtors and debtors in
possession, are authorized to employ and retain Skadden,
Arps as their bankruptcy counsel under a general
retainer, effective as of the Petition Date, in
accordance with the Application, Engagement Agreement,
the Galardi Declaration and this Order, and to perform
the services described therein.

3.    Skadden, Arps shall be compensated in
accordance with the applicable provisions of the
Bankruptcy Code, the Bankruptcy Rules, the Local Rules,
the United States Trustee Fee Guidelines, and any orders
entered in these cases governing professional
compensation and reimbursement for services rendered and
charges and disbursements incurred.

4.    As promptly as practicable after all fees
and charges accrued prior to the Petition Date have been
finally posted within the Firm's computerized billing
system, Skadden, Arps will issue a final detailed billing
statement to the Company for the actual fees, charges,
and disbursements incurred for the period prior to the
Petition Date (the "Final Prepetition Bill Amount").
Skadden, Arps is authorized to reconcile the Final

3

Prepetition Bill Amount with the On-Account Cash.    To
the extent that the Final Prepetition Bill Amount is less
than the On-Account Cash, Skadden, Arps may hold the full
amount of the difference as a postpetition evergreen
retainer to be applied against any amounts approved by
the Court in connection with any Skadden, Arps' final fee
application in these cases.    In the event that the Final
Prepetition Bill Amount exceeds the On-Account Cash,
Skadden, Arps shall be deemed to have waived any claim
against the Debtors for payment with respect to the
amount by which the Final Prepetition Bill Amount exceeds
the On-Account Cash.

     5.    The requirement under Local Bankruptcy
Rule 9013-1(G) to file a memorandum of law in connection
with the Motion is hereby waived.

6.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:      Richmond, Virginia
            December __, 2008

Dec 8 2008

/s/ Kevin Huennekens
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Entered on Docket:  12/8/08

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

I hereby certify that proposed order has been endorsed by all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

## EXHIBIT B

**(Interim Compensation Order)**

Gregg M. Galardi, Esq.                  Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                 Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &         MCGUIREWOODS LLP
FLOM, LLP                               One James Center
One Rodney Square                       901 E. Cary Street
PO Box 636                              Richmond, Virginia 23219
Wilmington, Delaware 19899-0636         (804) 775-1000
(302) 651-3000

           - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                             :
In re:                       :    Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :    Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 331
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION**

Upon the motion (the "Motion") of the Debtors[1]

_____

[1]  The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
(0875), Ventoux International, Inc. (1838), Circuit City Purchasing
Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company
of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer
Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659),
Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs,
Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel,
LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR,
                                                    *(cont'd)*

for entry of an order under Bankruptcy Code sections 105(a) and 331, establishing procedures for interim compensation and reimbursement of expenses of professionals on a monthly basis; and due and sufficient notice of the Motion[2] having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED that:

1.    The Motion is GRANTED.

2.    Except as may otherwise be provided in orders of this Court authorizing the retention of specific professionals, all professionals in these cases may seek interim compensation in accordance with the procedures set forth in Exhibit A attached hereto.

3.    Each member of any Committee (once appointed) shall be permitted to submit statements of expenses and

_____
*(cont'd from previous page)*
   LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

supporting vouchers (which may include individual Committee members' counsel's travel expenses incurred in connection with official committee business) to counsel to such Committee, which shall collect and submit such requests for reimbursement in accordance with the foregoing procedure for monthly and interim compensation and reimbursement of Professionals; provided, however, that all Committee members' requests for reimbursement of such Committee members' attorneys' fees or expenses (other than travel expenses) must be made by separate application and scheduled for hearing upon proper notice.

4.    All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5.    The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

6.    This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:       Richmond, Virginia
             December ___, 2008
               Dec 9 2008

                              /s/ Kevin Huennekens
                              HONORABLE  KEVIN  R.  HUENNEKENS
                              UNITED  STATES  BANKRUPTCY  JUDGE

WE ASK FOR THIS:

                              Entered on Docket:  12/9/08

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

SEEN AND NO OBJECTION:

/s/ Robert B. Van Arsdale (with permission by email dated
12/8/08)
Robert B. Van Arsdale, Esq.
Office of the U.S. Trustee
701 E. Broad St., Suite 4304
Richmond VA 23219
(804) 771-2327

### LOCAL BANKRUPTCY RULE 9022-1(C) CERTIFICATION

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby
certify that the foregoing proposed order has been endorsed
by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**Exhibit A**
(Interim Compensation Procedures)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
:
In re:                         :   Chapter 11
:
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
et al.,                        :
:   Jointly Administered
Debtors.          :
:
- - - - - - - - - - - - - - - x

**CIRCUIT CITY STORES, INC.**
**INTERIM COMPENSATION PROCEDURES**

(a)    On the date that is no earlier than the 10th day of each month following the month for which compensation is sought, each Professional will serve a Monthly Fee Request, which need not include a narrative, but must include time and expense detail, on the following parties (collectively, the "Notice Parties"): (i) Circuit City Stores, Inc., 9950 Mayland Drive, Richmond, Virginia 23233 (Attn: Bruce H. Besanko, Executive Vice President and Chief Financial Officer; and Reginald D. Hedgebeth, Secretary and General Counsel); (ii) Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, P.O. Box 636, Wilmington, Delaware 19899 (Attn: Gregg M. Galardi, Esq.), co-counsel to the Debtors; (iii) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, Virginia 23219 (Attn: Douglas M. Foley, Esq.), co-counsel to the Debtors; (iv) the Office of the United States Trustee for the Eastern District of Virginia, 701 East Broad Street, Suite 4304, Richmond, Virginia (Attn: Robert B. Van Arsdale); and (v) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 11th Floor, Los Angeles, California 90067-4100 (Attn: Jeff Pomerantz), counsel to the official committee of unsecured creditors (the "Committee") appointed in these chapter 11 cases.

(b)    Each Notice Party will have twenty (20) days after service of a Monthly Fee Request to review the request.  Upon the expiration of the 20 day period, the

1

Debtors will promptly pay each Professional its "Actual Interim Payment" equal to the lesser of (i) 85% of the fees and 100% of the expenses requested in the Monthly Fee Request (the "Maximum Payment") or (ii) 85% of the fees and 100% of the expenses not subject to an objection.

(c)     If any Notice Party objects to a Professional's Monthly Fee Request, the objecting party shall, within twenty (20) days of service of the Monthly Fee Request, serve upon the respective Professional and each of the Notice Parties a written "Notice of Objection to Monthly Fee Request" setting forth the precise nature of the objection and the amount at issue.  Thereafter, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis.  If the parties reach an agreement, the Debtors shall promptly pay 85% of the agreed upon fees and 100% of the agreed upon expenses. If the parties are unable to reach a resolution of the objection within twenty (20) days after service of the objection, the objecting party shall file its objection (the "Objection") with the Court within three (3) business days and serve such Objection on the respective Professional and each of the Notice Parties.  Thereafter, the Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Actual Interim Payment made to the affected Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection, if requested by the parties.

(d)     Beginning with the three-month period ending on January 31, 2009, and at three-month intervals thereafter (the "Interim Fee Period"), each of the Professionals must file with the Court and serve on the Notice Parties an interim fee application (the "Interim Fee Application") for compensation and reimbursement of expenses sought in the Monthly Fee Requests served during such period.  The Interim Fee Application must include a narrative discussion, as well as a summary of the Monthly Fee Requests that are the subject of the application and appropriate time and expense detail.  Each Professional shall serve notice of its Interim Fee Application (which identifies the Professional seeking compensation, discloses

the period for which the payment of compensation and
reimbursement of expenses is being sought, and describes the
amount of compensation and expenses sought) on all parties
that have entered their appearance pursuant to Bankruptcy
Rule 2002.   Parties will have twenty (20) days after service
of an Interim Fee Application to object thereto.   Each
Professional must file its Interim Fee Application within 45
days after the end of the Interim Fee Period for which the
request seeks allowance of compensation and reimbursement of
expenses.   The first Interim Fee Application should cover
the Interim Fee Period from the Petition Date through and
including January 31, 2009.   Any Professional that fails to
file an Interim Fee Application when due will be ineligible
to receive further interim payments of fees or expenses with
respect to any subsequent Interim Fee Period until such time
as an Interim Fee Application is filed and served by the
Professional.

(e)    The Debtors shall request that the
Court schedule a hearing on the Interim Fee Applications at
least once every three months, with the first hearing to be
held between April 1, and April 30, 2009.   The Court, in its
discretion, may approve an uncontested Interim Fee
Application without the need for a hearing, upon the
Professional's filing of a certificate of no objection.
Upon allowance by the Court of a Professional's Interim Fee
Application, the Debtors shall be authorized to promptly pay
such Professional all requested fees (including the 15%
holdback) and expenses not previously paid.

(f)    The pendency of an Objection to payment
of compensation or reimbursement of expenses will not
disqualify a Professional from the future payment of
compensation or reimbursement of expenses.

(g)    Neither the payment of nor the failure
to pay, in whole or in part, monthly interim compensation
and reimbursement of expenses, nor the filing of or failure
to file an Objection, will bind any party-in-interest or the
Court with respect to the allowance of interim or final
applications for compensation and reimbursement of expenses
of the Professionals.   All fees and expenses paid to the
Professionals under these compensation procedures are
subject to disgorgement until final allowance by the Court.

## <u>EXHIBIT C</u>

**(Statements)**

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

155 NORTH WACKER DRIVE

CHICAGO, ILLINOIS 60606-1720

———

TEL: (312) 407-0700

FAX: (312) 407-0411

www.skadden.com

DIRECT DIAL
(312) 407-0786
DIRECT FAX
(312) 407-8680
EMAIL ADDRESS
CDICKERS@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 10, 2009

James Marcum
Chief Executive Office
Circuit City Stores, Inc.
4951 Lake Brook Drive
Glen Allen, VA 23060

RE:    In re Circuit City Stores, Inc.,
Case No. 08-35653 (KRH)
Jointly Administered

Dear Jim:

Enclosed is our firm's fee request for services rendered and charges and disbursements incurred through November 30, 2009 (the "Fee Period"), in connection with the post-petition work performed as counsel to Circuit City Stores, Inc. (the "Company"). The fee request has been prepared in accordance with the Order Under Bankruptcy Code Sections 105(a) and 331 Establishing Interim Compensation Procedures entered on December 9, 2008 in the above referenced Chapter 11 cases (the "Order").

The fee request is in the aggregate amount of $867,375 consisting of $831,164 for professional fees and $36,211 for charges and disbursements. The principal charges during the Fee Period were for Claims Administration (General) ($330,821), Tax Matters ($290,505) and Litigation (General) ($59,462). We have written off the amount of $47,325 as an accommodation in connection with our regular billing review process. This amount includes, among other categories, 50% of non-working travel time and time charges for certain professionals billing less than five hours during the month on a client level basis.

James Marcum
December 10, 2009
Page 2

       The Order authorizes the Company to pay professionals in the cases monthly for 85% of fees and 100% of charges and disbursements if no objections to a fee request have been made within 20 days of notice having being given with respect to such a request.  Thus, if the fee request is acceptable to you and no timely objections are made prior to December 30, 2009, you are authorized to pay to our firm the total amount of $742,700, which consists of the amount of $706,489 with respect to the fee request, (net of the 15% fee holdback amount of $124,675) and the total charge and disbursement amount of $36,211.  Payment of the holdback amount remains subject to Court authorization after a hearing on an interim fee application for the period of November 1, 2009 through January 31, 2010.

       Should you have any questions or comments, please do not hesitate to call me at your convenience.

       Very truly yours,

       Chris L. Dickerson

Enclosures

cc:   Gregg Galardi
      Linda Edwards

**SKADDEN, ARPS, SLATE**
**MEAGHER & FLOM** LLP

AND AFFILIATES

Circuit City Stores, Inc. (DIP)                    December 9, 2009
9950 Mayland Drive                                 Bill No.:  1293307
Richmond, Virginia  23233

                                                   TIN:  13-1777230

| PLEASE REMIT TO: | | | |
|---|---|---|---|
| By Check: | SASM & F LLP<br>P.O. Box 1764<br>White Plains, NY 10602 | By Wire: | In US Dollars to:<br>Citibank, N.A., New York<br>A.B.A. Number: 021000089<br>Swift Code: CITIUS33<br>For Credit To Account: 30060143<br>Reference Bill No.: 1293307 |

Invoice # 1293307
    Re:  Corporate Advice, Financing and Special Projects

TO PROFESSIONAL SERVICES RENDERED
through November 30, 2009

For General Corporate Advice ................... $        6,520
Less Fee Accommodation ..........................  (        3,250)
                                                          3,270

    Charges and Disbursements
    Computer Legal Research .............   $       1,484
    Telecommunications ...................           57

        Total Disbursements ...................  _____ 1,541

                                            $        4,811

For Asset Analysis and Recovery ............... $       16,038
Less Fee Accommodation ..........................  (           0)
                                                         16,038

    Charges and Disbursements
    Telecommunications ...................   $        5

        Total Disbursements ...................  _____     5

                                            $       16,043

For Asset Dispositions (General) ............... $           1,729
Less Fee Accommodation ............................. (               0)
                                                               1,729

#### Charges and Disbursements
Reproduction and Document Preparation              $23

        Total Disbursements ...................    _____   23

                                          $           1,752


For Asset Dispositions (Real Property) ......... $           188
Less Fee Accommodation ............................ (               0)
                                                               188

#### Charges and Disbursements
Total Disbursements ...........................    _____    0

                                          $             188


For Automatic Stay (Relief Actions) ........... $           554
Less Fee Accommodation ............................ (               0)
                                                               554

#### Charges and Disbursements
Total Disbursements ...........................    _____    0

                                          $             554


For Business Operations / Strategic Planning ... $           563
Less Fee Accommodation ............................ (               0)
                                                               563

#### Charges and Disbursements
Total Disbursements ...........................    _____    0

                                          $             563


For Case Administration ....................... $           47,357
Less Fee Accommodation ............................ (           2,747)
                                                             44,610

#### Charges and Disbursements

```
Computer Legal Research ..............  $     4,142
Courier, Express
Delivery and Postage .................          79
Telecommunications ...................         371
Outside Research Services ............         300
Electronic Document Management .......         498
Reproduction and Document Preparation          147
Travel Expenses ......................       6,065

    Total Disbursements ...................     11,602

                                        $      56,212


For Claims Admin. (General) ...................  $    332,692
Less Fee Accommodation........................  (      21,651)
                                                      311,041

    Charges and Disbursements
    Computer Legal Research ............   $    13,765
    Courier, Express
    Delivery and Postage  ................          7
    Outside Research Services ............          6
    Reproduction and Document Preparation       5,093
    Travel Expenses ......................        909

    Total Disbursements ...................     19,780

                                        $     330,821


For Claims Admin. (Reclamation/Trust Funds) ....  $    11,438
Less Fee Accommodation........................  (          0)
                                                       11,438

    Charges and Disbursements
    Total Disbursements ...........................          0

                                        $      11,438


For Disclosure Statement / Voting Issues .......  $     1,508
Less Fee Accommodation........................  (          0)
                                                        1,508

    Charges and Disbursements
    Travel Expenses ......................       $725
```

$        2,233

For Employee Matters (General) ................ $        2,153
Less Fee Accommodation ........................ (          155)
                                                         1,998

    <u>Charges and Disbursements</u>
  Total Disbursements ...........................           0

                                              $        1,998

For Insurance ................................. $        3,502
Less Fee Accommodation ........................ (            0)
                                                         3,502

    <u>Charges and Disbursements</u>
  Total Disbursements ...........................           0

                                              $        3,502

For Leases (Real Property) .................... $       12,627
Less Fee Accommodation ........................ (          816)
                                                        11,811

    <u>Charges and Disbursements</u>
  Reproduction and Document Preparation        $-127

    Total Disbursements ...................          -127

                                              $       11,684

For Litigation (General) ...................... $       58,395
Less Fee Accommodation ........................ (           -1)
                                                        58,396

    <u>Charges and Disbursements</u>
  Computer Legal Research ..............     $     327
  Telecommunications ...................            29
  Outside Research Services ............            26
  Travel Expenses ......................           684

$        59,462


For Nonworking Travel Time ..................... $        20,635
Less Fee Accommodation ........................... (        10,317)
                                                            10,318


    Charges and Disbursements
  Total Disbursements ............................          0

                                               $        10,318


For Reorganization Plan / Plan Sponsors ........ $        46,157
Less Fee Accommodation ........................... (           -1)
                                                            46,158

    Charges and Disbursements
  Computer Legal Research ..............    $     1,114
  Travel Expenses ......................              93

    Total Disbursements ...................          1,207

                                               $        47,365



For Retention / Fee Matters (SASM&F) .......... $         4,048
Less Fee Accommodation ........................... (            0)
                                                             4,048


    Charges and Disbursements
  Total Disbursements ............................          0

                                               $         4,048


For Retention / Fee Matters / Objections (Others)        1,393
.................................................. $
Less Fee Accommodation ........................... (            0)
                                                             1,393


    Charges and Disbursements
  Total Disbursements ............................          0

```
For Secured Claims  ............................ $        3,186
Less Fee Accommodation ......................... (             0)
                                                         3,186


    Charges and Disbursements
    Computer Legal Research .............. $        6

        Total Disbursements ...................           6

                                                 $        3,192




For Tax Matters  ............................... $      294,839
Less Fee Accommodation ......................... (        4,334)
                                                       290,505


    Charges and Disbursements
    Telecommunications ................... $       73
    Travel Expenses ......................        217

        Total Disbursements ...................         290

                                                 $      290,795




For Utilities  ................................. $        8,910
Less Fee Accommodation ......................... (             0)
                                                         8,910


    Charges and Disbursements
    Courier, Express
    Delivery and Postage  ............... $       26
    Reproduction and Document Preparation         67

        Total Disbursements ...................          93

                                                 $        9,003




Total Fees ..................................... $      831,164

Total Charges and Disbursements ................         36,211

Grand Total .................................... $      867,375
```

Less 15% Holdback . . . . . . . . . . . . . . . . . . . .     (      124,675)

Current Amount Payable by Administrative Order . . $      742,700

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

155 NORTH WACKER DRIVE

CHICAGO, ILLINOIS 60606-1720

TEL: (312) 407-0700
FAX: (312) 407-0411
www.skadden.com

DIRECT DIAL
(312) 407-0786
DIRECT FAX
(312) 407-8680
EMAIL ADDRESS
CDICKERS@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 15, 2010

Michelle Mosier
Control and Chief Accounting Officer
Circuit City Stores, Inc.
4951 Lake Brook Drive
Glen Allen, VA 23060

RE:   In re Circuit City Stores, Inc.,
Case No. 08-35653 (KRH)
Jointly Administered

Dear Jim:

Enclosed is our firm's fee request for services rendered and charges and disbursements incurred through December 31, 2009 (the "Fee Period"), in connection with the post-petition work performed as counsel to Circuit City Stores, Inc. (the "Company"). The fee request has been prepared in accordance with the Order Under Bankruptcy Code Sections 105(a) and 331 Establishing Interim Compensation Procedures entered on December 9, 2008 in the above referenced Chapter 11 cases (the "Order").

The fee request is in the aggregate amount of $570,695 consisting of $548,897 for professional fees and $21,798 for charges and disbursements. The principal charges during the Fee Period were for Claims Administration (General) ($269,367), Tax Matters ($70,968) and Litigation (General) ($65,708,). We have written off the amount of $87,927 as an accommodation in connection with our regular billing review process. This amount includes, among other categories, 50% of non-working travel time and time charges for certain professionals billing less than five hours during the month on a client level basis.

James Marcum
February 12, 2010
Page 2

The Order authorizes the Company to pay professionals in the cases monthly for 85% of fees and 100% of charges and disbursements if no objections to a fee request have been made within 20 days of notice having being given with respect to such a request. Thus, if the fee request is acceptable to you and no timely objections are made prior to March 4, 2010, you are authorized to pay to our firm the total amount of $488,360, which consists of the amount of $466,562 with respect to the fee request, (net of the 15% fee holdback amount of $82,335) and the total charge and disbursement amount of $21,798. Payment of the holdback amount remains subject to Court authorization after a hearing on an interim fee application for the period of November 1, 2009 through January 31, 2010.

Should you have any questions or comments, please do not hesitate to call me at your convenience.

Very truly yours,

Chris L. Dickerson

Enclosures

cc:    Gregg Galardi
       Linda Edwards

# SKADDEN, ARPS, SLATE

## MEAGHER & FLOM LLP

### AND AFFILIATES

Circuit City Stores, Inc. (DIP)                      January 12, 2010
9950 Mayland Drive                                   Bill No.: 1302195
Richmond, Virginia  23233

                                                     TIN:  13-1777230

| PLEASE REMIT TO: | | | |
|---|---|---|---|
| By Check: | SASM & F LLP<br>P.O. Box 1764<br>White Plains, NY  10602 | By Wire: | In US Dollars to:<br>Citibank, N.A., New York<br>A.B.A. Number: 021000089<br>Swift Code: CITIUS33<br>For Credit To Account: 30060143<br>Reference Bill No.: 1302195 |

Invoice # 1302195
    Re:  Corporate Advice, Financing and Special Projects


TO PROFESSIONAL SERVICES RENDERED
through December 31, 2009

For General Corporate Advice ...................$        10,480
Less Fee Accommodation ......................... (          294)
                                                         10,186

    Charges and Disbursements
        Computer Legal Research .............    $        888

            Total Disbursements...................         888

                                                 $       11,074


For Asset Analysis and Recovery ...............$         5,437
Less Fee Accommodation ......................... (           72)
                                                          5,365

    Charges and Disbursements
        Travel Expenses .....................    $310

            Total Disbursements...................         310

                                                 $        5,675

Less Fee Accommodation .......................... (          0)

                                                           556


### Charges and Disbursements
Total Disbursements ............................    _____0

                                              $         556


For Automatic Stay (Relief Actions)  ...........$      813
Less Fee Accommodation .......................... (          0)
                                                           813


### Charges and Disbursements
Total Disbursements ............................    _____0

                                              $         813


For Business Operations / Strategic Planning ...$    1,809
Less Fee Accommodation .......................... (          0)
                                                         1,809


### Charges and Disbursements
Total Disbursements ............................    _____0

                                              $       1,809


For Case Administration  .......................$   21,964
Less Fee Accommodation .......................... (      1,494)
                                                        20,470


### Charges and Disbursements
| Computer Legal Research ..............   | $    19 |
| Courier, Express Delivery and Postage  ................ | 61 |
| Telecommunications ...................   | 103 |
| Reproduction and Document Preparation   | 9 |
| Travel Expenses ......................   | 2,910 |

           Total Disbursements....................    ____3,102

                                              $      23,572

Less Fee Accommodation ...................... (        58,949)

                                                         259,281

#### Charges and Disbursements
Computer Legal Research ..............  $        10,014
Courier, Express
Delivery and Postage  ...............                 49
Telecommunications ...................                 7
Electronic Document Management .......                 9
Reproduction and Document Preparation                  7

    Total Disbursements ....................        10,086

                                          $        269,367


For Claims Admin. (Reclamation/Trust Funds)  ....$        42,678
Less Fee Accommodation .......................... (             0)
                                                          42,678

#### Charges and Disbursements
Total Disbursements...............................             0

                                          $         42,678


For Creditor Meetings / Statutory Committees  ...$         3,980
Less Fee Accommodation .......................... (             0)
                                                           3,980

#### Charges and Disbursements
Total Disbursements...............................             0

                                          $          3,980


For Disclosure Statement / Voting Issues  .......$         1,092
Less Fee Accommodation .......................... (             0)
                                                           1,092

#### Charges and Disbursements
Total Disbursements...............................             0

                                          $          1,092

Less Fee Accommodation .....................    (         988)
                                                        17,560

###### Charges and Disbursements
Courier, Express
Delivery and Postage  ...............    $         36

        Total Disbursements....................  _____ 36

                                                $    17,596


For Executory Contracts (Personalty) ..........$         108
Less Fee Accommodation .........................  (          0)
                                                          108

###### Charges and Disbursements
 Total Disbursements...........................  _____ 0

                                                $         108


For Insurance  .................................$       1,924
Less Fee Accommodation .........................  (          0)
                                                        1,924

###### Charges and Disbursements
 Total Disbursements...........................  _____ 0

                                                $       1,924


For Leases (Real Property) ....................$       7,953
Less Fee Accommodation .........................  (        216)
                                                        7,737

###### Charges and Disbursements
Reproduction and Document Preparation      $250

        Total Disbursements...................  _____ 250

                                                $       7,987


For Litigation (General) .....................$      85,291
Less Fee Accommodation .........................  (     22,943)

<u>Charges and Disbursements</u>

| | | |
|---|---|---|
| Computer Legal Research .............. | $ | 3,173 |
| Courier, Express | | |
| Delivery and Postage ............... | | 81 |
| Telecommunications ................... | | 20 |
| Electronic Document Management ....... | | 70 |
| Reproduction and Document Preparation | | 16 |

Total Disbursements.................... _____ 3,360

$    65,708

For Liquidation / Feasibility .................$       1,188
Less Fee Accommodation .......................... (_____0)
                                                        1,188

<u>Charges and Disbursements</u>
Total Disbursements............................. _____  0

$     1,188

For Nonworking Travel Time .....................$       8,230
Less Fee Accommodation .......................... (_____2,125)
                                                        6,105

<u>Charges and Disbursements</u>
Total Disbursements............................. _____  0

$     6,105

For Real Estate (Owned) .......................$        250
Less Fee Accommodation .......................... (_____0)
                                                         250

<u>Charges and Disbursements</u>
Total Disbursements............................. _____  0

$      250

For Reorganization Plan / Plan Sponsors ........$       4,441
Less Fee Accommodation .......................... (_____0)

### Charges and Disbursements

Total Disbursements .............................          0

$          4,441


For Retention / Fee Matters (SASM&F) ..........$     16,545
Less Fee Accommodation .......................... (         0)
                                                     16,545


### Charges and Disbursements

Total Disbursements .............................          0

$         16,545


For Retention / Fee Matters / Objections (Others)    2,112
................................................$
Less Fee Accommodation .......................... (         0)
                                                      2,112

### Charges and Disbursements
Computer Legal Research .............     $       11

Total Disbursements....................          11

$          2,123


For Secured Claims ............................$     11,772
Less Fee Accommodation .......................... (         0)
                                                     11,772

### Charges and Disbursements
Computer Legal Research .............     $     1,775

Total Disbursements....................        1,775

$         13,547


For Tax Matters ...............................$     69,179
Less Fee Accommodation .......................... (       168)
                                                     69,011

Computer Legal Research ...................  $        451
Courier, Express
Delivery and Postage  ................                2
Travel Expenses ......................        1,504

     Total Disbursements...................    _____1,957

                                $       70,968


For Utilities  .................................$        1,566
Less Fee Accommodation ........................ (          0)
                                        1,566

   <u>Charges and Disbursements</u>
   Courier, Express
   Delivery and Postage  ................      $         23

     Total Disbursements...................    _____23

                                 $        1,589


Total Fees ....................................$      548,897

Total Charges and Disbursements ...............    _____21,798

Grand Total ...................................$      570,695

Less 15% Holdback ............................. (     82,335)

Current Amount Payable by Administrative Order ..$      488,360

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

155 NORTH WACKER DRIVE

CHICAGO, ILLINOIS 60606-1720

TEL: (312) 407-0700

FAX: (312) 407-0411

www.skadden.com

DIRECT DIAL
(312) 407-0786
DIRECT FAX
(312) 407-8680
EMAIL ADDRESS
CDICKERS@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 18, 2010

Michelle Mosier
Control and Chief Accounting Officer
Circuit City Stores, Inc.
4951 Lake Brook Drive
Glen Allen, VA 23060

RE:   In re Circuit City Stores, Inc.,
      Case No. 08-35653 (KRH)
      Jointly Administered

Dear Michelle:

Enclosed is our firm's fee request for services rendered and charges and disbursements incurred through January 31, 2010 (the "Fee Period"), in connection with the post-petition work performed as counsel to Circuit City Stores, Inc. (the "Company"). The fee request has been prepared in accordance with the Order Under Bankruptcy Code Sections 105(a) and 331 Establishing Interim Compensation Procedures entered on December 9, 2008 in the above referenced Chapter 11 cases (the "Order").

The fee request is in the aggregate amount of $609,954 consisting of $575,624 for professional fees and $31,330 for charges and disbursements. The principal charges during the Fee Period were for Claims Administration (General) ($342,693), Tax Matters ($67,497) and Claims Administration (Reclamation/Trust Funds) ($48,468,). We have written off the amount of $33,180 as an accommodation in connection with our regular billing review process. This amount includes, among other categories, 50% of non-working travel time and time charges for certain professionals billing less than five hours during the month on a client level basis.

Michelle Mosier
February 18, 2010
Page 2

The Order authorizes the Company to pay professionals in the cases monthly for 85% of fees and 100% of charges and disbursements if no objections to a fee request have been made within 20 days of notice having being given with respect to such a request.   Thus, if the fee request is acceptable to you and no timely objections are made prior to March 8, 2010, you are authorized to pay to our firm the total amount of $520,610, which consists of the amount of $489,280 with respect to the fee request, (net of the 15% fee holdback amount of $86,344) and the total charge and disbursement amount of $31,330.  Payment of the holdback amount remains subject to Court authorization after a hearing on an interim fee application for the period of November 1, 2009 through January 31, 2010.

Should you have any questions or comments, please do not hesitate to call me at your convenience.

Very truly yours,

Chris L. Dickerson

Enclosures

cc:    Gregg Galardi
       Linda Edwards

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

## AND AFFILIATES

Circuit City Stores, Inc. (DIP)
9950 Mayland Drive
Richmond, Virginia  23233

February 9, 2010
Bill No.:  1302790

TIN:  13-1777230

| | | | |
|---|---|---|---|
| **PLEASE REMIT TO:** | | | |
| By Check: | SASM & F LLP<br>P.O. Box 1764<br>White Plains, NY  10602 | By Wire: | In US Dollars to:<br>Citibank, N.A., New York<br>A.B.A. Number: 021000089<br>Swift Code: CITIUS33<br>For Credit To Account: 30060143<br>Reference Bill No.: 1302790 |

Invoice # 1302790
  Re:  Corporate Advice, Financing and Special Projects

TO PROFESSIONAL SERVICES RENDERED
through January 31, 2010

For General Corporate Advice ................. $        2,234
Less Fee Accommodation.......................... (             0)
                                                      2,234

  Charges and Disbursements
  Computer Legal Research ............    $      1,988
  Telecommunications .................          22

      Total Disbursements ...................      2,010

                                       $       4,244

For Asset Analysis and Recovery ............... $      4,868
Less Fee Accommodation.......................... (             0)
                                                      4,869

Please note that this invoice reflects an increase to our billing rate
schedule for work performed as of January 1, 2010.

PAYMENT DUE UPON RECEIPT.
***
MAY INCLUDE PROFESSIONAL SERVICES, CHARGES AND DISBURSEMENTS FROM AFFILIATES.
***
PROFESSIONAL SERVICES, CHARGES AND DISBURSEMENTS WHICH HAVE NOT BEEN RECORDED AS OF THE ABOVE DATE
WILL BE BILLED SUBSEQUENTLY.

B43E

4,869

### Charges and Disbursements
Total Disbursements ............................ _____ 0

$   4,869

For Asset Dispositions (General) ............. $      565
Less Fee Accommodation........................... (      0)
565

### Charges and Disbursements
Outside Research Services ........... $    2

Total Disbursements ................... _____ 2

$   567

For Asset Dispositions (Real Property) ........ $  5,176
Less Fee Accommodation........................... (      0)
5,176

### Charges and Disbursements
Total Disbursements ............................ _____ 0

$   5,176

For Business Operations / Strategic Planning ... $  2,145
Less Fee Accommodation........................... (      0)
2,145

### Charges and Disbursements
Outside Research Services ........... $    4

Total Disbursements ................... _____ 4

$   2,149

For Case Administration ....................... $  34,942
Less Fee Accommodation........................... (    828)

B438

34,114

Charges and Disbursements
Computer Legal Research . . . . . . . . . . . . . .        $        131
Courier, Express
Delivery and Postage  . . . . . . . . . . . . . . .                 113
Telecommunications . . . . . . . . . . . . . . . . . . .            180
Outside Research Services . . . . . . . . . . . .                   606
Electronic Document Management . . . . . . .                       141
Reproduction and Document Preparation                              46
Travel Expenses . . . . . . . . . . . . . . . . . . . . . . .     4,727

    Total Disbursements . . . . . . . . . . . . . . . . . . .      5,944

                                 $        40,058


For Claims Admin. (General) . . . . . . . . . . . . . . . . . . . $        340,428
Less Fee Accommodation . . . . . . . . . . . . . . . . . . . . . . . . . .   (        13,350)
                                 327,078

Charges and Disbursements
Computer Legal Research . . . . . . . . . . . . . .        $     13,627
Courier, Express
Delivery and Postage  . . . . . . . . . . . . . . .                  28
Outside Research Services . . . . . . . . . . . .                   550
Electronic Document Management . . . . . . .                       870
Reproduction and Document Preparation                             146
Travel Expenses . . . . . . . . . . . . . . . . . . . . . . .       394

    Total Disbursements . . . . . . . . . . . . . . . . . . .     15,615

                                 $        342,693


For Claims Admin. (Reclamation/Trust Funds) . . . . $        48,158
Less Fee Accommodation . . . . . . . . . . . . . . . . . . . . . . . . . .   (              0)
                                 48,159

Charges and Disbursements
Computer Legal Research . . . . . . . . . . . . . .        $        309

    Total Disbursements . . . . . . . . . . . . . . . . . . .        309

                                 $        48,468

B43E

TIME SUMMARY - ALL MATTERS
CIRCUIT CITY STORES, INC. (DIP)   through January 31, 2010

For Creditor Meetings / Statutory Committees ... $       3,719
Less Fee Accommodation ........................... (              0)
                                                         3,719

    <u>Charges and Disbursements</u>
  Total Disbursements ............................       0

                                                  $       3,719


For Employee Matters (General) ................. $      12,039
Less Fee Accommodation ........................... (          2,890)
                                                          9,149

    <u>Charges and Disbursements</u>
  Courier, Express
  Delivery and Postage ...............  $        1

    Total Disbursements ...................       1

                                                  $       9,150


For Executory Contracts (Personalty) .......... $       2,310
Less Fee Accommodation ........................... (              0)
                                                         2,310

    <u>Charges and Disbursements</u>
  Total Disbursements ............................       0

                                                  $       2,310


For Insurance ................................. $         824
Less Fee Accommodation ........................... (            531)
                                                           293

    <u>Charges and Disbursements</u>
  Total Disbursements ............................       0

                                                  $         293

B43E

For Intellectual Property ..................... $                    0
Less Fee Accommodation........................ (                    0)
                                                                    0


   Charges and Disbursements
   Outside Research Services ...........      $        7

     Total Disbursements ...................               7

                                                   $                7



For Leases (Real Property) .................... $              3,077
Less Fee Accommodation........................ (              1,795)
                                                              1,282

   Charges and Disbursements
   Outside Research Services ...........      $       11

     Total Disbursements ...................              11

                                                   $            1,293



For Liquidation / Feasibility ................. $                798
Less Fee Accommodation........................ (                    0)
                                                                  798


   Charges and Disbursements
 Total Disbursements ...........................               0

                                                   $              798



For Nonworking Travel Time .................... $             17,407
Less Fee Accommodation........................ (              8,703)
                                                              8,704


   Charges and Disbursements
 Total Disbursements ...........................               0

                                                   $            8,704

```
For Reorganization Plan / Plan Sponsors ........ $        18,650
Less Fee Accommodation ...........................  (             0)
                                                            18,651

        Charges and Disbursements
        Computer Legal Research .............    $     2,340
        Outside Research Services ...........          3

            Total Disbursements ...................       2,343

                                              $        20,994



For Retention / Fee Matters (SASM&F) .......... $           878
Less Fee Accommodation ...........................  (             0)
                                                               878

          Charges and Disbursements
          Total Disbursements .........................          0

                                              $           878



For Retention / Fee Matters / Objections (Others)         20,984
................................................. $
Less Fee Accommodation ...........................  (           42)
                                                            20,942

        Charges and Disbursements
        Computer Legal Research .............    $     4,113
        Outside Research Services ...........          3

            Total Disbursements ...................       4,116

                                              $        25,058



For Secured Claims ............................ $        12,133
Less Fee Accommodation ...........................  (             0)
                                                            12,133

        Charges and Disbursements
        Computer Legal Research .............    $       740

            Total Disbursements ...................         740
```

B43E

$         12,873

For Tax Matters ................................ $         72,149
Less Fee Accommodation ...........................  (          4,842)
                                                             67,307

    Charges and Disbursements
    Computer Legal Research ..............    $      164
    Courier, Express
    Delivery and Postage  ...............                6
    Telecommunications ...................                8
    Outside Research Services ...........               12

       Total Disbursements ...................              190

                                                $         67,497

For Utilities ................................ $          5,118
Less Fee Accommodation...........................  (              0)
                                                              5,118

    Charges and Disbursements
    Total Disbursements ...........................                0

                                                $          5,118

For Vendor Matters ............................ $              0
Less Fee Accommodation...........................  (              0)
                                                                  0

    Charges and Disbursements
    Electronic Document Management .......    $       38

       Total Disbursements ...................               38

                                                $             38

**TIME SUMMARY - ALL MATTERS**
**CIRCUIT CITY STORES, INC. (DIP): through January 31, 2010**

Total Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $       575,624

Total Charges and Disbursements . . . . . . . . . . . . . . . . .          31,330

Grand Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $       606,954

Less 15% Holdback . . . . . . . . . . . . . . . . . . . . . . . . . . . . (        86,344)

Current Amount Payable by Administrative Order . . $       520,610

B43E

## **EXHIBIT D**

**(Detail of Time Billed)**

## EXHIBIT E

**(Detail of Expenses)**

MSW - Draft March 10, 2010 - 4:12 PMM