**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

|  |  |
|---|---|
| In re: | ) |
|  | )   Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | ) |
|  | )   Case Nos. 08-35653 (KRH) |
|  | ) |
|  | )   Jointly Administered |
|  | ) |
|     Debtors. | ) |
|  | ) |

**FIFTH INTERIM FEE APPLICATION OF FTI CONSULTING, INC.**
**FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF**
**EXPENSES AS FINANCIAL ADVISORS TO THE DEBTORS INCURRED FOR THE**
**PERIOD FROM NOVEMBER 1, 2009 THROUGH AND INCLUDING JANUARY 31, 2010**

| | |
|---|---|
| Name of Applicant: | FTI Consulting, Inc. |
| Authorized to provide professional services to: | Circuit City Stores, Inc., et al. |
| Date of retention: | December 23, 2008 *nunc pro tunc to* November 10, 2008 |
| Period for which compensation and reimbursement are sought: | November 1, 2009 through and including January 31, 2010 |
| Amount of compensation sought as actual, reasonable and necessary: | $741,106.00 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $33,955.11 |

This is a/an: _____ Monthly __X__ Interim _____ Final Application

This Application does not request compensation at this time for services rendered in preparing this Application. FTI Consulting intends to seek such compensation at a later date.

**FIFTH INTERIM FEE APPLICATION OF FTI CONSULTING, INC.
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES AS FINANCIAL ADVISORS TO THE DEBTORS INCURRED FOR THE
PERIOD FROM NOVEMBER 1, 2009 THROUGH AND INCLUDING JANUARY 31, 2010**

**Summary of Fees by Professional
FTI Consulting, Inc.
November 1, 2009 through and including January 31, 2010**

| Name | Title | Total Hours | Rate | Total Fees |
|---|---|---|---|---|
| Coulombe, Stephen L 2010 | Sr Managing Dir | 21.0 | $ 885 | $ 18,585.00 |
| Duffy, Robert J 2010 | Sr Managing Dir | 23.0 | 885 | 20,355.00 |
| Coulombe, Stephen L 2009 | Sr Managing Dir | 62.0 | 825 | 51,150.00 |
| Duffy, Robert J 2009 | Sr Managing Dir | 34.0 | 825 | 28,050.00 |
| Weinsten, Mark 2009 | Sr Managing Dir | 1.0 | 825 | 825.00 |
| Chin, Gregory 2010 | Managing Dir | 33.5 | 710 | 23,785.00 |
| Robinson, Joshua M. 2010 | Managing Dir | 31.2 | 675 | 21,060.00 |
| Cashman, Brian 2010 | Managing Dir | 57.5 | 655 | 37,662.50 |
| Summers, Joseph E 2010 | Managing Dir | 0.8 | 655 | 524.00 |
| Chin, Gregory 2009 | Managing Dir | 16.7 | 645 | 10,771.50 |
| Lee, Geon 2009 | Managing Dir | 49.0 | 645 | 31,605.00 |
| Robinson, Joshua M. 2009 | Managing Dir | 147.1 | 625 | 91,937.50 |
| Summers, Joseph E 2009 | Director | 2.8 | 585 | 1,638.00 |
| Cashman, Brian 2009 | Director | 234.0 | 550 | 128,700.00 |
| Murphy, Mark 2010 | Sr Consultant | 41.4 | 485 | 20,079.00 |
| Rimpel, Christopher A 2009 | Sr Consultant | 6.0 | 455 | 2,730.00 |
| Murphy, Mark 2009 | Sr Consultant | 38.8 | 420 | 16,296.00 |
| Cartwright, Emily 2009 | Sr Consultant | 1.4 | 380 | 532.00 |
| Nemerov, Lara 2010 | Consultant | 67.0 | 350 | 23,450.00 |
| O'Loughlin, Morgan 2010 | Consultant | 88.0 | 350 | 30,800.00 |
| Schaefer, Karl 2010 | Consultant | 23.2 | 305 | 7,076.00 |
| Nemerov, Lara 2009 | Consultant | 235.5 | 290 | 68,295.00 |
| O'Loughlin, Morgan 2009 | Consultant | 236.4 | 290 | 68,556.00 |
| Koch, Ashley 2009 | Consultant | 18.0 | 255 | 4,590.00 |
| Schaefer, Karl 2009 | Consultant | 120.7 | 255 | 30,778.50 |
| Hellmund-Mora, Marili 2009 | Consultant | 1.9 | 250 | 475.00 |
| Hellmund-Mora, Marili 2010 | Consultant | 3.2 | 250 | 800.00 |
| **Total** | | **1,595.1** | | **$ 741,106.00** |

**FIFTH INTERIM FEE APPLICATION OF FTI CONSULTING, INC.
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES AS FINANCIAL ADVISORS TO THE DEBTORS INCURRED FOR THE
PERIOD FROM NOVEMBER 1, 2009 THROUGH AND INCLUDING JANUARY 31, 2010**

**Summary of Fees by Task Code
FTI Consulting, Inc.
November 1, 2009 through and including January 31, 2010**

| Task Code | Total Hours | | Total Fees |
|---|---|---|---|
| Attendance at Bankruptcy Court Hearings | 9.8 | $ | 5,840.00 |
| Bankruptcy Reporting and Post-petition Accounting | 109.0 | | 46,843.00 |
| Canadian Matters | 194.4 | | 107,232.50 |
| Claims Management | 722.5 | | 278,744.50 |
| Committee Matters | 13.4 | | 8,973.50 |
| General Duties and Case Administration | 102.1 | | 59,908.00 |
| Liquidation Analysis/Wind down | 235.9 | | 132,771.50 |
| Preference Analysis | 118.0 | | 59,473.00 |
| Travel* | 90.0 | | 41,320.00 |
| **Total** | **1,595.1** | **$** | **741,106.00** |

\* Billed at 50% of actual time incurred for traveling

**Summary of Actual and Necessary Expenses by Expense Category
FTI Consulting, Inc.
November 1, 2009 through and including January 31, 2010**

| Expense Category | | Total Expenses |
|---|---|---|
| Transportation | $ | 23,253.12 |
| Lodging | | 8,874.63 |
| Business Meals | | 1,806.46 |
| Other | | 20.90 |
| **Total** | **$** | **33,955.11** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |
|---|---|
| In re: | ) ) Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | ) ) Case Nos. 08-35653 (KRH) |
|  | ) ) Jointly Administered |
| Debtors.[1] | ) ) ) |

**FIFTH INTERIM FEE APPLICATION OF FTI CONSULTING, INC.
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES AS FINANCIAL ADVISORS TO THE DEBTORS INCURRED FOR THE
PERIOD FROM NOVEMBER 1, 2009 THROUGH AND INCLUDING JANUARY 31, 2010**

FTI Consulting, Inc., (collectively, "FTI Consulting", "FTI" or the "Applicant") as financial advisors for Circuit City Stores, Inc. in the above-captioned cases (collectively, "Circuit City", the "Company", the "Debtors" or the "Estate") submit this application (the "Fifth Interim Fee Application" or "Application") seeking allowance of interim compensation and reimbursement of expenses under section 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") for the period from November 1, 2009 through and including January 31, 2010 (the "Fifth Interim Fee Application Period" or "Application Period") and represent as follows:

---

[1] The Debtors are the following entities: The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. sections 157 and 1334. This is a core proceeding under 28 U.S.C. section 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. sections 1408 and 1409.

2.      The statutory predicates for the relief requested herein are Bankruptcy Code sections 330 and 331.

## BACKGROUND

3.      On November, 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this court for relief pursuant to chapter 11 of the Bankruptcy Code.

4.      On January 12, 2009, the Court entered an order authorizing the Debtors to conduct auctions for a sale or sales of the Debtor's business as a going concern or for liquidation.

5.      At the conclusion of the auction, the Debtors determined that the highest and otherwise best bid was that of Great American Group WF, LLC; Hudson Capital Partners, LLC; SB Capital Group, LLC; and Tiger Capital Group, LLC (collectively, the "Agent"). On January 16, 2009, the Court approved the Agent's bid and authorized the Debtors to conduct going out of business sales at the Debtors' remaining stores. The Agent commenced going out of business sales at the Debtors' remaining stores on January 17, 2009. The going out of business sales concluded on or about March 8, 2009.

6.      On September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"). The associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009. Confirmation of the Plan is adjourned to a date and time to be determined in the future. Generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code.

## RETENTION OF FTI CONSULTING

7.      FTI Consulting is a financial advisory services firm with numerous offices throughout the country and was retained by the Debtors as Financial Advisors. The Retention Order authorized the retention of FTI Consulting to render to the Debtors the following essential services, which include, but are not limited to:

**Store Footprint Analysis**

- Analyze liquidity and earnings impact of potential store closures.

- Provide assistance with contract terms for disposition of leases.

- Develop informational materials to support store closing processes.

- Review procedure for projecting revenue, occupancy costs and inventory levels for potential closing stores.

- Advise on "best practices" for drafting an agency agreement for inventory disposition and on negotiating structure for real estate disposition.

- Prepare information package for landlord conference calls and participate in lease termination discussions.

- Coordinate with such third party real estate advisors as may be retained by the Company in conjunction with real estate analyses and related negotiations.

**Liquidity Forecasting**

- Evaluate current liquidity position and expected future cash flows.

- Assist with management and control of cash disbursements.

- Advise management on cash conservation measures and assist with implementation of cash forecasting and reporting tools as requested.

**Restructuring/Other Advisory Services**

- Assist with development of an out-of-court restructuring plan and related financial projections.

- Assess potential EBITDA based on store closing strategy and other restructuring initiatives.

- Analyze long term capital need to effectuate potential out-of court restructuring and capital structure alternatives.

- Assist with working capital management and liquidity forecasting.

- Participate in development of strategy to negotiate with key stakeholders in order to effectuate a potential out-of-court restructuring.

- Assist management with development of employee retention and communications programs.

- Assist management in developing strategy relating to merchandise and other vendors.

- Assist management and, if necessary, other advisors in developing a strategy relating to landlords in conjunction with a potential out-of-court restructuring.

- Assist management and, if necessary, other advisors in developing strategy relating to existing and prospective capital providers in conjunction with a potential out-of-court restructuring.

6

- Provide weekly status and fee updates to management personnel designated by the Company.
- Provide other services as requested by management.

**Asset Sales**

- Assist management with the development and implementation of a store closing process including marketing certain stores identified by the Company for closure (including, but not limited to, inventory, real estate, furniture, fixtures and equipment other tangible assets) to inventory disposition firms including conducting a 363 sale process, contacting potential buyers, facilitating due diligence requests, negotiating asset purchase agreement(s) and conducting a final auction.
  - Prepare "bid packages" for Liquidators and manage selection process.
  - Solicit potential inventory Liquidators for going-out-of-business sale process.
  - Assist the Company in the negotiation of an Agency agreement.
  - Manage the process to liquidate stores and conduct going-out-business sales in the ordinary course of business.
  - Solicit bids from real estate consulting firms to evaluate lease mitigation strategies.
- Assist with data collection and information gathering related to third party due diligence.
- Advise and assist the Company and other professionals retained by the Company in developing, negotiating and executing plan of reorganization scenarios, 363 sales or other potential sales of assets or business units.

**Contingency Planning**

- Assist management and the Board of Directors in contingency planning including the evaluation, planning and execution of a potential Chapter 11 filing.
- Assist Company personnel with the communications and negotiations, at your request and under your guidance, with lenders, creditors, and other parties-in-interest including the preparation of financial information for distribution to such parties-in-interest.
- Advise and assist the Company in the compilation and preparation of financial information necessary due to requirements of the Bankruptcy Court and/or Office of the US Trustee.
- Assist the Company in the preparation of a liquidation valuation for a reorganization plan and/or negotiation purposes.
- Assist the Company in managing and executing the reconciliation process involving claims filed by all creditors.
- Advise and assist the Company in identifying and/or reviewing preference payments, fraudulent conveyances and other causes of action.

7

- Assist the Debtors in the preparation of financial related disclosures required by this Court including the Schedules of Assets and Liabilities, the Statement of Financial Affairs, and Monthly Operating Reports.

- Assist the Debtors in claims processing, analysis, and reporting, including plan classification modeling and claim estimation.

- Assist the Debtors in responding to and tracking reclamation, 503(b)(9) and consignment claims.

**Financing**

- Lead efforts to arrange second lien financing and refinancing of the existing senior debt or debtor-in-possession ("DIP") financing in a Chapter 11 filing.

- Advise the Company in the process of identifying and reviewing DIP financing and assist the Company in preparing a collateral package in support of such financing.

**Other**

- Assist with such other accounting and financial advisory services as requested by the Company and/or the Board of Directors consistent with the role of a financial advisor and not duplicative of services provided by other professionals.

8.      FTI Consulting's retention as Financial Advisors to assist the Debtors in the performance of their duties as Debtors-in-Possession was approved on December 23, 2008 by this Court *nunc pro tunc* to November 10, 2008 (the "Retention Order").  A copy of said order, dated December 23, 2008, is attached hereto as Exhibit E and incorporated herein by reference.

9.      On December 9, 2008, this Court entered an Administrative Order under Bankruptcy Code Section 105(a) and 331 establishing procedures for interim compensation (the "Administrative Order").

10.      This Fifth Interim Fee Application is made by FTI Consulting in accordance with Local Rule 9013-1(G), the Guidelines adopted by the Executive Office for the United States Trustee and the Administrative Order.

11.      Pursuant to the terms of the Administrative Order, if no objection is filed to a Monthly Fee Request within twenty (20) days of the date of the filing of that request , then the respective professionals may be paid eighty-five percent (85%) of the fees and one hundred percent (100%) of expenses set forth in the applicable Monthly Fee Request.

12.     Every three (3) months beginning with the period ending January 31, 2009, this Court will then make a determination, after hearing, if the remaining fifteen percent (15%) of fees sought in the preceding three (3) months will be paid.

13.     FTI Consulting has received from the Debtors and holds as of the Petition Date, "on account" cash in the amount of $695,574.52 (the "On Account Cash").

14.     Subsequent to the Petition Date and pursuant to the Administrative Order, FTI Consulting has served a Monthly Fee Request, including time and expenses detail on (i) Circuit City Stores, Inc. (ii) McGuireWoods, LLP (iii) Skadden, Arps, Slate, Meagher & Flom, LLP, (iv) the Office of the United States Trustee and (v) Pachulski, Stang, Ziehl & Jones LLP for each of the months in the Fifth Interim Fee Application Period.

15.     On December 18, 2009, FTI Consulting served its Monthly Fee Request for the period from November 1, 2009 through and including November 30, 2009 for the amount of $411,277.19 consisting of $391,835.50 for professional fees and $19,441.69 for expenses.  The 20 day period for objections expired on January 7, 2010 without any objections, at which time FTI Consulting was paid 85% of the requested professional fees and 100% of the requested expenses, in the aggregate amount of $352,501.86.

16.     On January 20, 2010, FTI Consulting served its Monthly Fee Request for the period from December 1, 2009 through and including December 31, 2009 for the amount of $156,904.68 consisting of $145,094.00 for professional fees and $11,810.68 for expenses.  The 20 day period for objections expired on February 9, 2010 without any objections, FTI Consulting was paid 85% of the requested professional fees and 100% of the requested expenses, in the aggregate amount of $135,140.58.

17.     On February 12, 2010, FTI Consulting served its Monthly Fee Request for the period from January 1, 2010 through and including January 31, 2010 for the amount of $206,879.24 consisting of $204,176.50 for professional fees and $2,702.74 for expenses.  The 20 day period for objections expires on March 4, 2010 without any objections.  As of the Interim Filing date, FTI has not been paid 85% of Fees and 100% of Expenses.

18.     Pursuant to the Administrative Order, FTI Consulting is filing this Application for compensation for professional services rendered and reimbursement of expenses made in these cases during the Application Period.

9

**RELIEF REQUESTED**

19.     By this Application, the Debtors request approval and payment of interim compensation and reimbursement of expenses for FTI Consulting, financial advisors to the Debtors, pursuant to Bankruptcy Code sections 330 and 331 for the period of November 1, 2009 through and including January 31, 2010.

20.     At this time, FTI Consulting is seeking allowance of compensation equal to $741,106.00 in fees for professional services rendered by FTI Consulting during the Application Period as financial advisors to the Debtors in these chapter 11 cases.  This amount is derived solely from the applicable hourly billing rates of the firm's personnel who rendered such services to the Debtors.  Of this amount, FTI Consulting has already been paid $456,390.07, eighty-five percent (85%) of fees billed from November 1, 2009 through and including December 31, 2009 pursuant to the Administrative Order.  Accordingly, through this Application, FTI Consulting requests payment of the remaining fees billed of $80,539.43 for the Application Period.

21.     FTI Consulting also requests allowance of reimbursement of one hundred percent (100%) of the actual and necessary out-of-pocket disbursements and charges incurred in the Application Period for the month of January equal to $206,879.24 consisting of $204,176.50 for professional fees and $2,702.74 for expenses.

22.     This Application is made without prejudice to FTI Consulting's right to seek further interim allowances and/or a final allowance of compensation in the future in accordance with the Retention Order and the Administrative Order.

23.     FTI Consulting has received no promise of payment for professional services rendered or to be rendered in these cases other than in accordance with the provisions of the Bankruptcy Code.

**BASIS FOR RELIEF**

24.     It is not practical to describe every phone call made, meeting attended, document generated, or other service provided in the Debtors' cases during the Application Period.  Thus, this Application highlights the most significant services performed by FTI Consulting for the Debtors during the Application Period and the attached time records in Exhibit C contain the detail of each task performed.

25.     FTI Consulting submits that the financial advisory services that it rendered to the Debtors in connection with their chapter 11 cases during the Application Period were necessary and beneficial to the Debtors, their creditors, and their estate.  During this Application Period, FTI Consulting devoted substantial time to the matters related to the disposition of the Debtors' remaining assets, including (without limitation) defective inventory, furniture, fixtures and equipment and intellectual property.  FTI Consulting worked with the Debtors' in managing the winddown of their operations, their store closings and claims administations among other things.

26.     During the Application Period, FTI Consulting devoted a total of 1,595.1 hours to assisting the Debtors in their chapter 11 cases.  Schedules showing the name and position of each professional, hours worked during the Application Period, and hourly billing rate are provided at the front of this Application.  Exhibit C provides the detail by matter of the time billed for such services.

27.     Set forth in Exhibit D attached hereto are the detailed expenses incurred during the Application Period in the amount of $33,955.11.

## DESCRIPTION OF SERVICES RENDERED

28.     FTI Consulting maintains contemporaneous records of the time expended for the professional services and expenses related hereto performed in connection with these Chapter 11 cases and such records are maintained in the ordinary course of its business.  These records provide a detailed description of the services rendered and expenses incurred during the period for which this Fifth Interim Fee Application is being made.

29.     All services for which FTI Consulting requests compensation were performed for, or on behalf of, the Debtors.

30.     This Fifth Interim Fee Application is divided into nine narrative sections based on the activity descriptions listed below.  Each narrative section describes the more significant services rendered by FTI Consulting for each of the activity categories and its benefit to the Estate.  FTI Consulting is charging only on an hourly basis for these services.  The fees applied for herein are based on the hourly rates that reflect the usual and customary fees charged to all clients of FTI Consulting and are commensurate with the usual and customary rates charged for services performed by accountants and financial advisors in bankruptcy cases of this nature.

**Summary of Fees by Task Code**
**FTI Consulting, Inc.**
**November 1, 2009 through and including January 31, 2010**

| Task Code | Total Hours | Total Fees |
|---|---|---|
| Attendance at Bankruptcy Court Hearings | 9.8 | $    5,840.00 |
| Bankruptcy Reporting and Post-petition Accounting | 109.0 | 46,843.00 |
| Canadian Matters | 194.4 | 107,232.50 |
| Claims Management | 722.5 | 278,744.50 |
| Committee Matters | 13.4 | 8,973.50 |
| General Duties and Case Administration | 102.1 | 59,908.00 |
| Liquidation Analysis/Wind down | 235.9 | 132,771.50 |
| Preference Analysis | 118.0 | 59,473.00 |
| Travel* | 90.0 | 41,320.00 |
| **Total** | **1,595.1** | **$    741,106.00** |

\* Billed at 50% of actual time incurred for traveling

### *Attendance at Bankruptcy Court Hearings*

31.    During the Fifth Interim Fee Application Period, at the request of the Debtors' counsel and the Debtors' management, FTI Consulting prepared for and attended the Twentieth and Twenty-First Omnibus Hearings as well as the hearing on legal argument for Omnibus Claim Objections 48 - 52.  FTI Consulting was instrumental in providing informational support to the Debtors and Debtors' counsel as needed on the Omnibus Objections and other matters.

32.    During the Fifth Interim Fee Application Period, FTI Consulting's professionals spent 9.8 hours on matters related to attendance at Bankruptcy Court hearings for which compensation is sought with the time value of $5,840.00.  The detailed time entries for this task are attached hereto as Exhibit C.

### *Bankruptcy Reporting and Postpetition Accounting*

33.    During the Fifth Interim Fee Application Period, FTI Consulting assisted the Debtors with required weekly reporting and postpetition accounting activities.

34.    First, FTI Consulting prepared a weekly cash flow report to the lending group and the Committee's financial advisors and was responsible for coordinating the aggregation of data required to populate the financial reporting package that were sourced from various areas of the Debtors' functional areas.  FTI Consulting reviewed the weekly cash flow report with the Debtors'

treasury team to confirm the accuracy of the numbers and subsequently reviewed the reports with Debtors' management.

35.    Second, FTI Consulting, at the request of the Debtors' management, prepared presentations that were reviewed during the meetings of the Board of Directors which met at least monthly.  These presentations included updates on open items as well as updated liquidation analyses, claims waterfall reports and other analysis as needed.

36.    During the Fifth Interim Fee Application Period, FTI Consulting's professionals spent 109.0 hours on matters related to bankruptcy reporting and postpetition accounting which compensation is sought with the time value of $46,843.00.  The detailed time entries for this task are attached hereto as Exhibit C.

*Canadian Matters*

37.    During the Fifth Interim Fee Application Period, the Debtors' management requested that FTI Consulting continue to assist them in analyzing the working capital adjustment on the closing date balance sheet prepared by Bell Canada (the "Purchaser") who purchased the assets of the Canadian subsidiary of the Debtor.  The working capital adjustment proposed by the purchaser would reduce the purchase price for the Canadian subsidiary.  The initial working capital adjustment proposed by the Purchaser was approximately $18.1 million ($CAD).  FTI Consulting used resources from our Transaction Advisory Services practice to assist in this matter.

38.    To date, FTI Consulting has reviewed the estimated closing balance sheet of the Canadian subsidiary and the Purchaser's calculation of the working capital adjustment.  FTI also prepared data requests relating to the Purchaser's proposed adjustments.  Some of the data requested included, but were not limited to, the following: (i) trial balances; (ii) underlying assumptions to bridge between actual and forecasted results; (iii) detailed accounts receivables aging subsidiary ledgers; (iv) detailed inventory aging subsidiary ledgers; (v) detailed of excluded inventory; (vi), supporting detail on inventory reserve accounts; (vii) support for prepaid expense balances; (viii) support of payables balances; (ix) support for accrual balances; (x) support for asset purchase agreement adjustments, and (xi) support for other proposed adjustments.

39.    FTI Consulting also has participated in numerous meetings and teleconferences between the Debtors, their Canadian counsel, the Canadian Monitor and the Purchaser to discuss the Purchaser's working capital adjustment calculation.  FTI Consulting has also accompanied the

Debtors' management team to Ontario on numerous occasions to meet with the Purchaser to review the closing balance sheet, their working capital adjustment calculation and supporting documentation.

40.    During the Fifth Interim Fee Application Period, FTI Consulting continued its due diligence procedures on the working capital calculation.  The due diligence procedures focused on inventory, accounts receivable, and stayed payables.  Of the $18.1 million ($CAD) initial working capital adjustment, approximately $6 million ($CAD) related to inventory and the remaining $12.1 million ($CAD) related to accounts receivable and related stayed payables.

41.    First, the applicant led due diligence analysis on inventory including: i) review of the perpetual inventory listings; ii) analysis of the aging of the inventory; iii) review of the cut-off of the inventory balances as of the purchase date; iv) review of inventory reserves; v) understanding of the Purchaser's reserve methodology; and vi) review of the Purchaser's underlying assumptions in regards to their calculation of the working capital adjustment associated with the purchased inventory.

42.    Second, the applicant led due diligence analysis on the accounts receivable and stayed payables including: i) review of the aged trial balances of accounts receivables and accounts payable; ii) review of the cut-off of the accounts receivable and payables balances as of the purchase date; iii) review of the accounts receivable reserves; iv) understanding the Purchaser's reserve methodology; and v) review of the Purchaser's underlying assumptions in regards to their calculation of the working capital adjustment associated with the accounts receivable and stayed accounts payable.

43.    Third, upon substantial completion of the due diligence procedures, FTI Consulting accompanied the Debtors' management team to Toronto, Ontario to meet with the Purchaser, their counsel and the Canadian Monitor to review our findings.  FTI Consulting supported the Debtors' negotiations with the Purchaser regarding the working capital adjustment on the closing balance sheet.  FTI Consulting's review of the accounts receivable determined that there was a higher level of collectability than originally purported by the Purchaser.  As a result, the Debtor did not compromise the outstanding receivables of approximately $7 million ($CAD) and has been working with the Purchaser in the collection of these receivables from the vendors.

14

44.    Fourth, at the request of Debtor's management, FTI analyzed variances in the Purchaser's reconciliations of net stayed payables and accounts receivable.  In January, FTI participated in weekly status calls with the Purchaser and the Canadian Monitor to review the status of the reconciliations, including collections and confirmation of selected accounts receivable.  FTI compared the information provided by the Purchaser in the weekly status reports against information supporting the accounts receivable reserve in the closing date financial statements.

45.    Fifth, at the Debtor's request, FTI prepared the Canadian subsidiary's residual balance sheet, including supporting documentation, which reflects the working capital adjustments resulting from the transaction.

46.    Subsequent to the Fifth Interim Fee Application Period, the Debtors, with the assistance of FTI Consulting, successfully negotiated with the Purchaser a working adjustment of $9.3 million ($CAD) which is a reduction of $8.8 million ($CAD) from the Purchaser's initial proposed working capital adjustment of $18.1 million ($CAD).

47.    During the Fifth Interim Fee Application Period, FTI Consulting's professionals spent 194.4 hours on matters related to Canadian matters for which compensation is sought with the time value of $107,232.50.  The detailed time entries for this task are attached hereto as Exhibit C.

*Claims Management*

48.    During the Fifth Interim Fee Application Period, at the request of the Debtors, FTI Consulting assisted in the claims management process.  To date, creditors have filed over 14,800 proofs of claim in these cases that require reconciliation.  These claims, which consist of secured, 503(b)(9), administrative, reclamation, priority and unsecured have a stated value in excess of $13.0 billion.  At the request of the Debtors', FTI Consulting has been assisting the Debtors' personnel in providing guidance and assistance in the efficient and effective reconciliation of this population of claims.

49.    First, during the Fifth Interim Fee Application Period, FTI utilized its proprietary bankruptcy software called the Claims Management System ("CMS").  FTI Consulting's assistance focused on: (i) loading docketed proofs of claim into CMS for the Debtor's use in the claims reconciliation and resolution process; (ii) performing various analysis regarding claims including searching for duplicates and superseding scheduled liabilities to proofs of claim; (iii) assisting the Debtors with the completion and generation of claim objection exhibits for omnibus objections sixty

15

through sixty-five; and (iv) designing and compiling on demand management reports accessible to all users of CMS to detail claims reconciliation progress.

50.    Second, FTI Consulting assisted the Debtors' claims resolution team in their efforts to reconcile, object to, settle and resolve proofs of claims filed against the Debtors in these Chapter 11 proceedings.  The Debtors' claims resolution team was comprised of Debtors' personnel, supported by professionals from the Debtors' counsel and FTI Consulting.  Due to the complexity of these cases, the large number of creditors who filed proofs of claim against the Debtors and a high number of complex claims including over 1,300 claims filed under section 503(b)(9),  FTI Consulting assembled a team of professionals with significant experience in complex bankruptcy claims reconciliation to assist the Debtors in this area.

51.    Third, FTI Consulting's assistance in the claims management area included all aspects of claims management and claims resolution.  Using CMS, FTI Consulting established a multi-user, computer information system environment designed to manage the Debtors' scheduled liabilities and proofs of claim.  The Debtors use and rely on CMS to track the progress and status of each proof of claim, perform analysis of claims, object to claims and generate various management reports.  The CMS database server and software is available via a secure internet protected environment that provides the Debtors and their advisors access to claims related information and enables the Debtors to increase personnel resources as necessary to meet the requirements and deadlines of the cases. During this Application Period, FTI Consulting loaded proof of claim data into CMS received from the claims agent to establish a baseline system for the Debtors to continue the reconciliation process.

52.    Fourth, in addition to maintaining CMS for the Debtors, FTI Consulting also assisted the Debtors in establishing and managing the claims resolution process.  This included participating in working sessions with the Debtors and counsel to resolve issues and develop strategies regarding case specific complexities and to advise the Debtors with respect to timing and resource needs.  In addition, FTI Consulting assisted the Debtors in reviewing claims for omnibus objections including objections for duplicate or amended claims, late claims, no liability, reclassification and non-good 503(b)(9) claims.  The Debtors filed omnibus objections sixty through sixty-five during the Fifth Interim Fee Application Period which sought disallowance or modification of claims with a reduction of claim amounts totaling approximately $7.1 million.

53.    Fifth, FTI Consulting updated periodically a claims waterfall report incorporating summary claims data from the CMSi system.  FTI Consulting prepared this report on a bi-weekly basis through December and on a weekly basis during January.  FTI Consulting prepared a bridge analysis to track the progress of the claims reconciliation process.  The claims waterfall was updated for (i) total claims filed; (ii) ordered claims; (iii) withdrawn claims; (iv) claims settled through court stipulation; (v) filed omnibus objections; (vi) adjourned claims and (vii) allowed claims.  Updating the claims waterfall report included reviewing and summarizing omnibus objections, court stipulations, supplemental orders, withdrawn claims and other court documents to ensure accurate reporting of remaining claims.  For the month of January, time spent on the claims waterfall was categorized in the Bankruptcy Reporting and Postpetition Accounting section of the fee application.

54.    Sixth, FTI Consulting was requested by the Debtors to attend their claims review meetings which were held biweekly and lasted for several hours.  During these meetings, employees of the Debtors would review open items and questions about specific claims in such areas as tax, human resources, landlords and vendors.  FTI Consulting along with the Debtors' counsel would provide guidance to help resolve any items, answer any questions and bring to resolution with a defined action plan regarding the claim being reviewed.

55.    Seventh, FTI Consulting at the request of the Debtors and their counsel prepared numerous reports such as stratification of claims by class, landlord claims cross guaranty analysis, reclamation claim analysis, unliquidated claims, among others.

56.    During the Fifth Interim Fee Application Period, FTI Consulting's professionals spent 722.5 hours on matters related to claims management for which compensation is sought with the time value of $278,744.50.  The detailed time entries for this task are attached hereto as Exhibit C.

***Committee Matters***

57.    During the Fifth Interim Fee Application Period, FTI Consulting, at the direction of the Debtors' management, assisted the Debtors' counsel with the coordination of diligence requests from the Committee and their advisors.  FTI Consulting's efforts assisted the Debtors and the Debtors' counsel in keeping the Committee and its advisors well informed of developments in the case.

58.     First, FTI Consulting updated the financial advisors of the Committee in such matters as weekly cash flow, liquidation analysis and claims management including preference analysis and 503(b)(9) claims.

59.     Second, FTI Consulting answered questions from the financial advisors of the Committee on items such as weekly cash flow, liquidation analysis and claims.

60.     During the Fifth Interim Fee Application Period, FTI Consulting's professionals spent 13.4 hours on matters related to committee matters which compensation is sought with the time value of $8,973.50.  The detailed time entries for this task are attached hereto as Exhibit C.

***General Duties and Case Administration***

61.     In any complex bankruptcy case, it is necessary for professionals to perform certain administrative tasks that support the overall advisory effort.

62.     First, during the Fifth Interim Fee Application Period, these tasks included but were not limited to: (i) development and revision of work plans and subsequent meetings to assign tasks to complete the work plan; (ii) teleconferences and meetings with Debtors' management, legal and financial advisors to discuss case status, open items, creation of work plans, distribution of responsibilities, and strategies to be implemented to ensure efficiencies in executing defined objectives; and (iii) performance of administrative tasks such as distribution of information to management, and Debtors' counsel and other parties-in-interest.

63.     Second, during the Fifth Interim Fee Application Period, FTI Consulting prepared its fourth interim fee application and monthly fee statements which required FTI Consulting to review time records of its professionals and summarize the work that had been done on each matter.

64.     During the Fifth Interim Fee Application Period, FTI Consulting's professionals spent 102.1 hours on matters related to general duties and case administration which compensation is sought with the time value of $59,908.00.  The detailed time entries for this task are attached hereto as Exhibit C.

***Liquidation Analysis/Wind Down***

65.     During the Fifth Interim Fee Application Period, FTI Consulting at the direction of the Debtors' management, continued to assist in wind down matters and the liquidation analysis.

18

66.    First, FTI Consulting updated the detailed liquidation analysis with actual cash activity as well as estimated recoveries to the various classes of creditors and provided the analysis to the Debtors' board of directors, Debtors' management and the Committee's financial advisors and counsel.    FTI Consulting worked with the Debtors' management and Debtors' counsel to continue to identify all possible receivables, payables, revenues and expenses.

67.    Examples of the inflow categories included, but were not limited to, the following estimates: (i) net recovery on store closing inventory; (ii) corporate aircraft; (iii) furniture and fixtures; (iv) owned real estate; (v) leases; (vi) income tax receivables; (vii) intellectual property; (viii) credit card holdback; (ix) salvage inventory; (x) vendor receivables, among others.  Examples of the outflow categories included, but were not limited to, the following estimates: (i) store closing expenses; (ii) distribution wind down expenses; (iii) corporate office wind down expenses; (iv) accruals; (v) employee vacation; (vi) gift cards; (vii) November stub rent; (viii) customer deposits; (ix) merchandise accounts payable; (x) expense accounts payable, among others.

68.    Second, FTI Consulting continued to assist the Debtors with financial forecasts.  As part of its duties, FTI Consulting communicated with the Debtors' senior management and the Committee's financial advisors to discuss the assumptions that were used to create the Debtors' corporate wind down budget.  During the Fifth Interim Fee Application Period, FTI worked with the Debtors to create detailed pre and post confirmation forecasts for both corporate expenses as well as professional fees.

69.    Third, FTI Consulting FTI Consulting assisted the Debtors in the disposition of certain assets.  FTI Consulting assisted the Debtors and the Debtors' counsel in negotiating purchase agreements for the sale of the Debtors' miscellaneous assets.  FTI Consulting was instrumental in providing informational support to the Debtors and Debtors' counsel as needed in the auction process.

70.    Fourth, FTI Consulting assisted the Debtors in the monitoring and calculation of management incentive plan bonuses associated with the incentive tasks that had been achieved to date.  FTI Consulting then reviewed the calculation with the financial advisors of the Committee in order to gain support for the payments.  FTI Consulting also assisted the Debtors in preparing analyses for the CEO incentive plan.

71.     Fifth, FTI Consulting, at the request of the Debtors' management, prepared presentations to the Board of Directors which were case updates and covered such areas as liquidation analysis, wind down plan, asset recoveries, claims management and claims waterfall analyses.

72.     Sixth, FTI Consulting, at the request of the Debtors' management, prepared presentations to the Board of Directors which were case updates and covered such areas as liquidation analysis, wind down plan, asset recoveries, claims management and claims waterfall analyses.

73.     Seventh, FTI Consulting, at the request of the Debtors' management and the Debtors' counsel, prepared a sources and uses analysis that was updated periodically for actual results and changes in assumptions.

74.     During the Fifth Interim Fee Application Period, FTI Consulting's professionals spent 235.9 hours on matters related to the liquidation analysis/wind down for which compensation is sought with the time value of $132,771.50.  The detailed time entries for this task are attached hereto as Exhibit C.

*Preference Analysis*

75.     During the Fifth Interim Fee Application Period, FTI Consulting, at the request of the Debtors, continued to assist with the preference analysis.

76.     First, FTI Consulting assisted the Debtors and counsel in providing preference data support to respondents related to omnibus objections fifty-one and fifty-two.  Additionally, at the debtor's request, FTI Consulting assisted the Debtors and counsel in preparing preference data exhibits to be used in preparation of demand letters to select vendors.

77.     Second, at the request of the Debtors, FTI Consulting also led the efforts in coordinating the reconciliation of accounts and performance of preference analyses necessary in negotiating the resolution of claims.  This included gathering the necessary payment and receipt information by check or invoice for the 24 months subsequent to the Petition Date and loading the information into the claims management software and calculating preferences under various scenarios assuming various defenses available to vendors.   The process and calculation was reviewed with the Debtors and the Debtors' counsel to ensure agreement in the approach.  FTI

Consulting also assisted the Debtors and counsel in responding to preference inquiries and preparing exhibits to be used in demand letters.

78.    During the Fifth Interim Fee Application Period, FTI Consulting's professionals spent 118.0 hours on matters related to the Preference Analysis which compensation is sought with the time value of $59,473.00.  The detailed time entries for this task are attached hereto as Exhibit C.

*Travel*

79.    During the Fifth Interim Fee Application Period, FTI Consulting traveled from their home offices to various locations as required by the demands of the case.  Non-working travel time is charged at one-half of the actual time incurred for traveling.

80.    During the Fifth Interim Fee Application Period, FTI Consulting's professionals spent 90.0 hours on travel which compensation is sought with the time value of $41,320.00.  The detailed time entries for this task are attached hereto as Exhibit C.


### ALLOWANCE OF COMPENSATION

81.    FTI Consulting respectfully submits that the amounts applied for herein for professional services rendered on behalf of the Debtors in this proceeding to date are fair and reasonable given: (i) the time expended; (ii) the nature and extent of the services performed at the time at which such services were rendered; (iii) the value of such services; and (iv) the costs of comparable services other than in a Chapter 11 case.

82.    The time and labor expended by FTI Consulting has been commensurate with the size and complexity of the case.  In rendering these services, FTI Consulting made every effort to maximize the benefit to the Estate, to work efficiently with the other professionals employed in the case, and to leverage staff appropriately in order to minimize duplication of effort.  The complex issues of the case required staff professionals to confer and collaborate at certain times to ensure the efficient allocation of resources and to plan strategies effectively.  While essential to the effective administration of the engagement, to the extent possible these conferences were kept to a minimum.  Compensation is sought for participation by more than one professional only in instances where joint participation was necessary because of the significant impact of a particular meeting, the complexity of the problem involved, and the specialization required or the need to preserve continuity of

representation.  At times, it may have been necessary for more than one professional to attend a meeting to facilitate communication of information rather than to relay the information from individual to individual.

83.     During the Fifth Interim Fee Application Period, FTI Consulting provided a focused range of professional services as requested by the Debtors.  FTI Consulting respectfully submits that these services were necessary and beneficial to the successful and prompt administration of this case; and have been provided in a cost efficient manner.

84.     FTI Consulting has exercised reasonable billing judgment and has either reduced its fees or not sought reimbursement in relation to a number of tasks performed and expenses incurred for the benefit of the Debtors.  FTI Consulting has carefully reviewed all of its time records and has elected to make certain voluntary reductions to the fees it is requesting which results primarily from the application of FTI Consulting's firm-wide policy which requires professional personnel to exercise reasonable billing judgment on a daily basis.  Chargeable hours are recorded on a daily basis, at which time professional staff members make informed judgments as to the quality and productivity of time spent on the engagement.  The exercise of reasonable billing judgment, at the professional staff level, effectively considers the quality of time charged to the Debtors.  In this regard, non-productive time has not been billed to the Debtors' Estate.

85.     The services that have been provided by FTI Consulting during these proceedings have been wholly consistent with the Debtors' intentions and have been undertaken with specific direction and guidance from the Debtors' senior management.  These cases have necessitated the use of experienced advisors with specialized expertise in bankruptcy issues and financial analysis to timely and thoroughly address the needs of the Debtors in performing their duties as Debtors-in-Possession.  The persons who have worked on this case have demonstrated the skill in their respective areas of expertise required to provide the services necessary to assist the Debtors.

86.     Other than as provided in Section 504(b) of the Bankruptcy Code, FTI Consulting has not shared, or agreed to share, any compensation received as a result of this case with any person, firm or entity.  No promises concerning compensation have been made to FTI Consulting by any firm, person or entity.  The sole and exclusive source of compensation shall be funds of the Estate.

87.     This Application has been prepared in accordance with the United States Trustee Guidelines for Compensation and Reimbursement of Expenses Filed under U.S.C. section 330 and

the Guidelines for Compensation and Expense Reimbursement of Professionals set forth by the United States Bankruptcy Court, Eastern District of Virginia, Richmond Division.  FTI Consulting has exercised reasonable billing judgment and has either reduced its fees or not sought reimbursement in relation to a number of tasks performed and expenses incurred for the benefit of the Debtors.

88.    FTI Consulting reserves the right to supplement this Application prior to a hearing. Further, FTI Consulting specifically reserves the right to file subsequent applications for, and to seek final approval of, the fees and expenses requested herein.

89.    In accordance with the Administrative Order, Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Establishing Procedures for Interim Compensation (the "Administrative Order"), FTI Consulting has submitted to the Court its Fifth Interim Fee Application requesting compensation for the period November 1, 2009 through and including January 31, 2010.

90.    Taking into consideration the skill and experience of FTI Consulting, the benefits to the Debtors, the nature of the assignment, and the time expended, FTI Consulting believes that fair and reasonable compensation for the services rendered and expenses incurred during the Application period is $775,061.11.

THEREFORE, FTI Consulting respectfully requests that the Court enter an Order allowing interim compensation for the period from November 1, 2009 through and including January 31, 2010 in the sum of one hundred percent (100%) of the amount incurred by FTI Consulting of $741,106.00 in fees and reimbursement of one hundred percent (100%) of actual expenses in the amount of $33,955.11 and directing prompt payment to FTI Consulting in the amount of $775,061.11 and granting such other and further relief as may be just and proper.

Respectfully submitted,

FTI Consulting, Inc.

_____                    3/15/2010
Robert J. Duffy                                  Date

_____                    3/15/2010
Notary Public                                    Date


Robert J. Duffy
FTI Consulting, Inc.                      
200 State Street
9th Floor
Boston, MA 02109
(617) 897-1501

24

Dated: March 17, 2010        SKADDEN, ARPS, SLATE, MEAGHER &
      Richmond, Virginia        FLOM, LLP
                                      Gregg M. Galardi, Esq.
                                      Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

                     - and -

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

                     - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley                .
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

EXHIBIT A


CIRCUIT CITY STORES, INC., et al.,


SUMMARY OF FEES

BY PROFESSIONAL

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit A - Summary of Fees by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Position | Billing Rate | Hours | Fees |
|---|---|---|---|---|
| Coulombe, Stephen L 2010 | Sr Managing Dir | $885.00 | 21.0 | 18,585.00 |
| Duffy, Robert J 2010 | Sr Managing Dir | $885.00 | 23.0 | 20,355.00 |
| Coulombe, Stephen L 2009 | Sr Managing Dir | $825.00 | 62.0 | 51,150.00 |
| Duffy, Robert J 2009 | Sr Managing Dir | $825.00 | 34.0 | 28,050.00 |
| Weinsten, Mark 2009 | Sr Managing Dir | $825.00 | 1.0 | 825.00 |
| Chin, Gregory 2010 | Managing Dir | $710.00 | 33.5 | 23,785.00 |
| Robinson, Joshua M. 2010 | Managing Dir | $675.00 | 31.2 | 21,060.00 |
| Cashman, Brian 2010 | Managing Director | $655.00 | 57.5 | 37,662.50 |
| Summers, Joseph E 2010 | Managing Director | $655.00 | 0.8 | 524.00 |
| Chin, Gregory 2009 | Managing Dir | $645.00 | 16.7 | 10,771.50 |
| Lee, Geon 2009 | Managing Dir | $645.00 | 49.0 | 31,605.00 |
| Robinson, Joshua M. 2009 | Managing Dir | $625.00 | 147.1 | 91,937.50 |
| Summers, Joseph E 2009 | Director | $585.00 | 2.8 | 1,638.00 |
| Cashman, Brian 2009 | Director | $550.00 | 234.0 | 128,700.00 |
| Murphy, Mark 2010 | Sr Consultant | $485.00 | 41.4 | 20,079.00 |
| Rimpel, Christopher A 2009 | Sr Consultant | $455.00 | 6.0 | 2,730.00 |
| Murphy, Mark 2009 | Sr Consultant | $420.00 | 38.8 | 16,296.00 |
| Cartwright, Emily 2009 | Sr Consultant | $380.00 | 1.4 | 532.00 |
| Nemerov, Lara 2010 | Consultant | $350.00 | 67.0 | 23,450.00 |
| O'Loughlin, Morgan 2010 | Consultant | $350.00 | 88.0 | 30,800.00 |
| Schaefer, Karl 2010 | Consultant | $305.00 | 23.2 | 7,076.00 |
| Nemerov, Lara 2009 | Consultant | $290.00 | 235.5 | 68,295.00 |
| O'Loughlin, Morgan 2009 | Consultant | $290.00 | 236.4 | 68,556.00 |
| Koch, Ashley 2009 | Consultant | $255.00 | 18.0 | 4,590.00 |
| Schaefer, Karl 2009 | Consultant | $255.00 | 120.7 | 30,778.50 |
| Hellmund-Mora, Marili 2009 | Consultant | $250.00 | 1.9 | 475.00 |
| Hellmund-Mora, Marili 2010 | Consultant | $250.00 | 3.2 | 800.00 |
| **Total** | | | **1,595.1** | **$741,106.00** |

EXHIBIT B


CIRCUIT CITY STORES, INC., et al.,


SUMMARY OF FEES BY TASK CODE

**Circuit City Stores, Inc.**
**FTI Consulting, Inc.**
**Exhibit B - Summary of Fees by Task Code**
**For the Period 11/1/2009 through and including 1/31/2010**

| Task Code | Hours | Fees |
|---|---|---|
| Attendance at Bankruptcy Court Hearings | 9.8 | 5,840.00 |
| Bankruptcy Reporting and Post-petition Accounting | 109.0 | 46,843.00 |
| Canadian Matters | 194.4 | 107,232.50 |
| Claims Management | 722.5 | 278,744.50 |
| Committee Matters | 13.4 | 8,973.50 |
| General Duties and Case Administration | 102.1 | 59,908.00 |
| Liquidation Analysis/Wind down | 235.9 | 132,771.50 |
| Preference Analysis | 118.0 | 59,473.00 |
| Travel | 90.0 | 41,320.00 |
| **Total** | **1,595.1** | **$741,106.00** |

EXHIBIT C


CIRCUIT CITY STORES, INC., et al.,


COMPLETE ACCOUNTING OF TIME EXPENDED BY DAY BY PROFESSIONAL

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*
*Exhibit C - Complete Accounting of Time Expended by Day by Professional*
*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Attendance at Bankruptcy Court Hearings** | | | |
| Cashman, Brian 2009 | 11/3/2009 | 1.3 | Attend Twentieth Omnibus Hearing. |
| Cashman, Brian 2009 | 11/3/2009 | 1.0 | Prepare for Twentieth Omnibus Hearing at McGuire Woods. |
| Robinson, Joshua M. 2009 | 11/12/2009 | 3.0 | Attend hearing on legal argument for Omnibus Claim Objections 48 - 52 |
| Robinson, Joshua M. 2009 | 11/12/2009 | 3.0 | Continue to attend hearing on legal argument for Omnibus Claim Objections 48 - 52 |
| Cashman, Brian 2009 | 11/23/2009 | 1.1 | Meet at McGuire Woods to prepared for court hearing. |
| Cashman, Brian 2009 | 11/23/2009 | 0.4 | Attend Twenty-First Omnibus court hearing. |
| **Subtotal - Attendance at Bankruptcy Court Hearings** | | **9.8** | |

**Bankruptcy Reporting and Post-petition Accounting**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| Cashman, Brian 2009 | 11/2/2009 | 0.7 | Review weekly cash report prepared by M. O'Loughlin (FTI) and provide feedback. |
| O'Loughlin, Morgan 2009 | 11/2/2009 | 1.0 | Review cash file provided by K. Bradshaw (CC) and update proceeds and wires released for week ending 10/31. |
| O'Loughlin, Morgan 2009 | 11/2/2009 | 0.6 | Review detailed  wire and cash activity reports by day from M. Smithson (CC). |
| O'Loughlin, Morgan 2009 | 11/2/2009 | 0.6 | Update notes to weekly cash report with comments from B. Cashman (FTI) and distribute to the company for review. |
| Cashman, Brian 2009 | 11/3/2009 | 0.2 | Review final version of weekly cash flow report. |
| O'Loughlin, Morgan 2009 | 11/4/2009 | 0.4 | Finalize weekly cash report and distribute to BofA and Protiviti. |
| O'Loughlin, Morgan 2009 | 11/6/2009 | 0.4 | Exchange emails with M. Smithson (CC) regarding $33.5M wire paid to PBGC for settlement of claims. |
| Cashman, Brian 2009 | 11/9/2009 | 0.8 | Review draft of weekly cash flow report prepared by M. O'Loughlin (FTI). |
| O'Loughlin, Morgan 2009 | 11/9/2009 | 1.0 | Review cash file provided by K. Bradshaw (CC) and update proceeds and wires released for week ending 11/7. |
| O'Loughlin, Morgan 2009 | 11/9/2009 | 0.8 | Review check cut file from week ending 11/7 per K. Babb (CC) and categorize checks appropriately for weekly cash report. |
| O'Loughlin, Morgan 2009 | 11/9/2009 | 0.6 | Review detailed  wire and cash activity reports by day from M. Smithson (CC). |
| Cashman, Brian 2009 | 11/10/2009 | 0.3 | Review final version of weekly cash flow report. |
| O'Loughlin, Morgan 2009 | 11/10/2009 | 0.7 | Add PGGC stipulation settlement line for $33.5M for weekly cash report week ending 11/7 and distribute to the Company for review. |
| O'Loughlin, Morgan 2009 | 11/10/2009 | 0.4 | Finalize weekly cash report and distribute to BofA and Protiviti. |
| O'Loughlin, Morgan 2009 | 11/16/2009 | 0.8 | Review check cut file from week ending 11/14 per K. Babb (CC) and categorize checks appropriately for weekly cash report. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|

### Bankruptcy Reporting and Post-petition Accounting

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| O'Loughlin, Morgan 2009 | 11/16/2009 | 0.6 | Review cash file provided by K. Bradshaw (CC) and update proceeds and wires released for week ending 11/14. |
| O'Loughlin, Morgan 2009 | 11/16/2009 | 0.4 | Exchange emails with K. Bradshaw (CC) regarding tax stipulation escrow account for $4.3M. |
| O'Loughlin, Morgan 2009 | 11/16/2009 | 0.2 | Review detailed wire and cash activity reports by day from M. Smithson (CC). |
| Duffy, Robert J 2009 | 11/17/2009 | 0.4 | Review final weekly cash report distributed by M. O'Loughlin (FTI). |
| Cashman, Brian 2009 | 11/17/2009 | 0.5 | Review weekly cash flow report prepare by M. O'Loughlin (CC) and provide comments. |
| O'Loughlin, Morgan 2009 | 11/17/2009 | 0.8 | Review tax stipulation and escrow account (docket #2491) and summarize in weekly cash report. |
| O'Loughlin, Morgan 2009 | 11/17/2009 | 0.5 | Finalize weekly cash report with comments from J. Marcum (CC) and distribute to BofA and Protiviti. |
| O'Loughlin, Morgan 2009 | 11/17/2009 | 0.4 | Make updates to weekly cash report notes for week ending 11/14 and send to B. Cashman (FTI) for review. |
| Cashman, Brian 2009 | 11/18/2009 | 0.3 | Discuss weekly cash flow report with J. Marcum (CC). |
| Cashman, Brian 2009 | 11/23/2009 | 0.9 | Review weekly cash flow report prepared by M. O'Loughlin (FTI) and provide feedback. |
| O'Loughlin, Morgan 2009 | 11/23/2009 | 0.8 | Review cash file provided by K. Bradshaw (CC) and update proceeds and wires released for week ending 11/21. |
| O'Loughlin, Morgan 2009 | 11/23/2009 | 0.5 | Review check cut file from week ending 11/21 per K. Babb (CC) and categorize checks appropriately for weekly cash report. |
| O'Loughlin, Morgan 2009 | 11/23/2009 | 0.2 | Review detailed wire and cash activity reports by day from M. Smithson (CC). |
| Cashman, Brian 2009 | 11/24/2009 | 0.2 | Review final version of weekly cash flow report prepared by M. O'Loughlin (FTI) and provide feedback. |
| O'Loughlin, Morgan 2009 | 11/24/2009 | 0.6 | Make updates to weekly cash report notes for week ending 11/21 and send to the Company for review. |
| O'Loughlin, Morgan 2009 | 11/24/2009 | 0.5 | Finalize weekly cash report and distribute to BofA and I. Fredericks (SASMF) to send to Protiviti. |
| O'Loughlin, Morgan 2009 | 11/24/2009 | 0.4 | Update note regarding sale of Kennesaw, GA property to illustrate that cash proceeds are net of administrative claims reduction of $180K. |
| O'Loughlin, Morgan 2009 | 11/30/2009 | 0.9 | Review cash file provided by K. Bradshaw (CC) and update proceeds and wires released for week ending 11/28. |
| O'Loughlin, Morgan 2009 | 11/30/2009 | 0.6 | Review check cut file from week ending 11/28 per K. Babb (CC) and categorize checks appropriately for weekly cash report. |
| O'Loughlin, Morgan 2009 | 11/30/2009 | 0.4 | Update notes for cash report for week ending 11/28 with comments from B. Cashman (FTI). |
| O'Loughlin, Morgan 2009 | 11/30/2009 | 0.2 | Review detailed wire and cash activity reports by day from M. Smithson (CC). |
| Coulombe, Stephen L 2009 | 12/1/2009 | 0.6 | Review December BOD deck provided by B. Cashman (FTI). |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 11/1/2009 through and including 1/31/2010**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Bankruptcy Reporting and Post-petition Accounting** | | | |
| Coulombe, Stephen L 2009 | 12/1/2009 | 0.4 | Review liquidation analysis and claims waterfall for December BOD deck. |
| Cashman, Brian 2009 | 12/1/2009 | 2.7 | Prepare BOD presentation. |
| Cashman, Brian 2009 | 12/1/2009 | 0.9 | Discuss with J. Marcum (CC) and M. Mosier (CC) the format and items to include in the latest BOD presentation. |
| Cashman, Brian 2009 | 12/1/2009 | 0.8 | Update BOD presentation for management's comments and distribute. |
| Cashman, Brian 2009 | 12/1/2009 | 0.7 | Review BOD presentation with J. Marcum (CC) and M. Mosier (CC). |
| O'Loughlin, Morgan 2009 | 12/1/2009 | 0.6 | Make updates to top 50 claims remaining by class schedule with comments from I. Fredericks (SASMF). |
| Duffy, Robert J 2009 | 12/2/2009 | 1.2 | Participate on call with J. Marcum (CC) and S. Coulombe (FTI) to discuss BOD presentation for December and executive summary. |
| Coulombe, Stephen L 2009 | 12/2/2009 | 1.2 | Participate on call with J. Marcum (CC) and R. Duffy (FTI) to discuss BOD presentation for December and executive summary. |
| Coulombe, Stephen L 2009 | 12/2/2009 | 0.9 | Send comments to B. Cashman (FTI) regarding estimated cash and claims at confirmation report. |
| Cashman, Brian 2009 | 12/2/2009 | 0.6 | Distribute estimated cash and claims at confirmation report to J. Marcum (CC) and M. Mosier (CC) and summarize results in email. |
| O'Loughlin, Morgan 2009 | 12/7/2009 | 1.0 | Update notes to weekly cash report for week ending 12/5 with comments from B. Cashman (FTI) and distribute to the company for review. |
| O'Loughlin, Morgan 2009 | 12/7/2009 | 0.6 | Review check cut file from week ending 12/5 per K. Babb (CC) and categorize checks appropriately for weekly cash report. |
| O'Loughlin, Morgan 2009 | 12/7/2009 | 0.2 | Review detailed wire and cash activity reports by day from M. Smithson (CC) for week ending 12/5. |
| O'Loughlin, Morgan 2009 | 12/8/2009 | 0.4 | Finalize cash report for week ending 12/5 and send to BofA and I. Fredericks (SASMF) for distribution to Protiviti. |
| O'Loughlin, Morgan 2009 | 12/14/2009 | 0.7 | Review cash file provided by K. Bradshaw (CC) and update proceeds and wires released for week ending 12/12. |
| O'Loughlin, Morgan 2009 | 12/14/2009 | 0.5 | Review check cut file from week ending 12/12 per K. Babb (CC) and categorize checks appropriately for weekly cash report. |
| O'Loughlin, Morgan 2009 | 12/14/2009 | 0.3 | Review detailed wire and cash activity reports by day from M. Smithson (CC) for week ending 12/12. |
| O'Loughlin, Morgan 2009 | 12/15/2009 | 0.2 | Finalize cash report for week ending 12/12 and send to BofA and I. Fredericks (SASMF) for distribution to Protiviti. |
| Coulombe, Stephen L 2009 | 12/16/2009 | 0.3 | Review weekly cash flow report prepared by M. O'Loughlin (FTI) to ensure proper treatment of remaining L/C. |
| Cashman, Brian 2009 | 12/16/2009 | 0.7 | Review weekly cash flow report. |
| Cashman, Brian 2009 | 12/21/2009 | 0.5 | Review weekly cash flow report. |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 11/1/2009 through and including 1/31/2010**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Bankruptcy Reporting and Post-petition Accounting** | | | |
| O'Loughlin, Morgan 2009 | 12/21/2009 | 0.7 | Review cash file provided by K. Bradshaw (CC) and update proceeds and wires released for week ending 12/19. |
| O'Loughlin, Morgan 2009 | 12/21/2009 | 0.5 | Review check cut file from week ending 12/19 per K. Babb (CC) and categorize checks appropriately for weekly cash report. |
| O'Loughlin, Morgan 2009 | 12/21/2009 | 0.4 | Exchange emails with K. Bradshaw (CC) regarding check cut detail and first payment of D&O insurance. |
| O'Loughlin, Morgan 2009 | 12/21/2009 | 0.3 | Review detailed  wire and cash activity reports by day from M. Smithson (CC) for week ending 12/19. |
| O'Loughlin, Morgan 2009 | 12/22/2009 | 1.0 | Finalize weekly cash report with comments from B. Cashman (FTI) and send to Company for review. |
| O'Loughlin, Morgan 2009 | 12/23/2009 | 0.3 | Exchange emails with M. Mosier (CC) regarding distribution of the cash report going forward. |
| Duffy, Robert J 2010 | 1/4/2010 | 0.4 | Participate on call with G. Galardi (SASMF) to discuss claims waterfall reporting. |
| Cashman, Brian 2010 | 1/4/2010 | 0.5 | Review claims waterfall in BOD presentation. |
| O'Loughlin, Morgan 2010 | 1/4/2010 | 0.6 | Review check cut file from week ending 1/2 per K. Babb (CC) and categorize checks appropriately for weekly cash report. |
| O'Loughlin, Morgan 2010 | 1/4/2010 | 0.6 | Make updates to top 50 claims remaining by class schedule with comments from I. Fredericks (SASMF). |
| O'Loughlin, Morgan 2010 | 1/4/2010 | 0.3 | Update claims waterfall with withdrawn claim #257 per email from L. Nemerov (FTI). |
| O'Loughlin, Morgan 2010 | 1/4/2010 | 0.2 | Review detailed  wire and cash activity reports by day from M. Smithson (CC) for week ending 1/2. |
| O'Loughlin, Morgan 2010 | 1/5/2010 | 1.3 | Finalize cash report for week ending 12/27 and 1/2 and send to BofA and I. Fredericks (SASMF) for distribution to Protiviti. |
| O'Loughlin, Morgan 2010 | 1/5/2010 | 1.1 | Create new bridge for claims waterfall to flash updated version against 12/22 version to the Company. |
| O'Loughlin, Morgan 2010 | 1/5/2010 | 0.8 | Update notes for cash report for week ending 12/27 and 1/2 with comments from B. Cashman (FTI). |
| O'Loughlin, Morgan 2010 | 1/5/2010 | 0.6 | Update claims waterfall for ordered omnibus objection #61. |
| O'Loughlin, Morgan 2010 | 1/5/2010 | 0.6 | Exchange emails with K. Bradshaw (CC) regarding outstanding check float on weekly cash report and need for detailed check backup. |
| O'Loughlin, Morgan 2010 | 1/5/2010 | 0.2 | Review detailed  wire and cash activity reports by day from M. Smithson (CC) for week ending 1/2. |
| Cashman, Brian 2010 | 1/6/2010 | 0.3 | Discuss open items on claims review with H. Ferguson (CC). |
| O'Loughlin, Morgan 2010 | 1/6/2010 | 1.1 | Add line in claims waterfall for claims eliminated in substantive consolidation using report from H. Ferguson (CC). |
| O'Loughlin, Morgan 2010 | 1/6/2010 | 0.9 | Make update to future objection line in claims waterfall with data from H. Ferguson (CC). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Bankruptcy Reporting and Post-petition Accounting** | | | |
| O'Loughlin, Morgan 2010 | 1/6/2010 | 0.7 | Incorporate effect of supplemental omnibus objection #8 into claims waterfall. |
| O'Loughlin, Morgan 2010 | 1/6/2010 | 0.6 | Use excel logic to capture effect of reclassified unsecured claims for future objections line for claims waterfall. |
| O'Loughlin, Morgan 2010 | 1/6/2010 | 0.4 | Update bridge to include new section for claims waterfall eliminated in substantive consolidation and add comment to explain this item. |
| Cashman, Brian 2010 | 1/11/2010 | 0.8 | Review updated claims waterfall and provide feedback. |
| Cashman, Brian 2010 | 1/11/2010 | 0.8 | Review weekly cash flow report prepared by M. O'Loughlin (FTI) and provide review comments. |
| Cashman, Brian 2010 | 1/11/2010 | 0.4 | Review cash flow report prepared by K. Bradshaw (CC). |
| O'Loughlin, Morgan 2010 | 1/11/2010 | 1.2 | Synchronize CMSi download from L. Nemerov (FTI) with claims expunged per court stipulation schedule to ensure reduction amount ties out for each claim. |
| O'Loughlin, Morgan 2010 | 1/11/2010 | 0.6 | Review check cut file from week ending 1/9 per K. Babb (CC) and categorize checks appropriately for weekly cash report. |
| O'Loughlin, Morgan 2010 | 1/11/2010 | 0.2 | Review detailed  wire and cash activity reports by day from M. Smithson (CC) for week ending 1/9. |
| Cashman, Brian 2010 | 1/12/2010 | 0.2 | Discuss weekly cash flow report and letters of credit schedule with K. Bradshaw (CC). |
| O'Loughlin, Morgan 2010 | 1/12/2010 | 0.9 | Take out L/C page and update cash report with comments from M. Mosier (CC) and send to B. Cashman (FTI) for review. |
| O'Loughlin, Morgan 2010 | 1/12/2010 | 0.8 | Finalize cash report for week ending 1/9 and send to I. Fredericks (SASMF) for distribution to Protiviti. |
| O'Loughlin, Morgan 2010 | 1/12/2010 | 0.7 | Review cash file provided by K. Bradshaw (CC) and update proceeds and wires released for week ending 1/9. |
| Cashman, Brian 2010 | 1/13/2010 | 0.9 | Review updated claims waterfall and provide feedback. |
| O'Loughlin, Morgan 2010 | 1/13/2010 | 1.4 | Set up weekly cash report template to transition to K. Bradshaw (CC) to include actual to date and roll forward calculations. |
| O'Loughlin, Morgan 2010 | 1/13/2010 | 1.3 | Update claims waterfall bridge from 12/26 version and note major variance regarding new claims and ordered omnibus objections. |
| O'Loughlin, Morgan 2010 | 1/13/2010 | 1.1 | Participate in meeting with K. Bradshaw (CC) to review cash report template, notes, and roll forwards for transition of weekly cash reporting. |
| O'Loughlin, Morgan 2010 | 1/13/2010 | 0.6 | Set up schedule for K. Bradshaw (CC) for professional fee tracking to categorize debtor and committee fees appropriately. |
| O'Loughlin, Morgan 2010 | 1/13/2010 | 0.4 | Review check cut file with K. Bradshaw (CC) and discuss categorizing checks properly for weekly cash reporting. |
| Duffy, Robert J 2010 | 1/14/2010 | 1.0 | Participate on call with G. Galardi (SASMF) to discuss claims waterfall reporting and FTI involvement in claims process. |
| Cashman, Brian 2010 | 1/14/2010 | 1.0 | Review claim stipulations and ensure accurate reporting in claims waterfall. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| | | | |

## Bankruptcy Reporting and Post-petition Accounting

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| O'Loughlin, Morgan 2010 | 1/14/2010 | 1.3 | Update adjourned claims listing and move those claims that have been either ordered or withdrawn from the objection for claims waterfall. |
| O'Loughlin, Morgan 2010 | 1/14/2010 | 1.1 | Review detailed ordered claims listing by omnibus objection from L. Nemerov (FTI) and tie out changes to listing relating to supplemental orders. |
| Nemerov, Lara 2010 | 1/14/2010 | 1.0 | Generate adjourned claims report for M. O'Loughlin (FTI) for purposes of claims waterfall. |
| Nemerov, Lara 2010 | 1/14/2010 | 0.8 | Generate ordered claims report for M. O'Loughlin (FTI) for purposes of claims waterfall. |
| O'Loughlin, Morgan 2010 | 1/14/2010 | 0.6 | Add line in claims waterfall for unsecured landlord claims that will be paid out at 150% in substantive consolidation. |
| Nemerov, Lara 2010 | 1/14/2010 | 0.5 | Participate on call with M. O'Loughlin (FTI) to treatment of Toshiba claims in claims waterfall. |
| O'Loughlin, Morgan 2010 | 1/14/2010 | 0.5 | Participate on call with L. Nemerov (FTI) to treatment of Toshiba claims in claims waterfall. |
| O'Loughlin, Morgan 2010 | 1/14/2010 | 0.5 | Review omnibus objection tracker prepared for S. Boehm (MGW) by L. Nemerov (FTI) and sanity check against claims waterfall. |
| O'Loughlin, Morgan 2010 | 1/14/2010 | 0.4 | Exchange emails with L. Nemerov (FTI) to track down increase in 503(b)(9) claims filed for claims waterfall and Onkyo claims. |
| Cashman, Brian 2010 | 1/15/2010 | 0.7 | Review claim stipulations and ensure accurate reporting in claims waterfall. |
| O'Loughlin, Morgan 2010 | 1/15/2010 | 0.9 | Update claims ordered per court stipulation page for claims waterfall with recent activity per docket and send to B. Cashman (FTI). |
| O'Loughlin, Morgan 2010 | 1/15/2010 | 0.5 | Finalize draft of claims waterfall and send to B. Cashman (FTI) for review. |
| Coulombe, Stephen L 2010 | 1/18/2010 | 0.4 | Review claims waterfall updates to new substantive consolidation items from M. O'Loughlin (FTI). |
| Cashman, Brian 2010 | 1/18/2010 | 0.6 | Distribute claims waterfall and sources and uses reports to M. Mosier (CC) and respond to various questions. |
| Cashman, Brian 2010 | 1/18/2010 | 0.6 | Review updated claims waterfall and send to I. Fredericks (SASMF). |
| Cashman, Brian 2010 | 1/18/2010 | 0.6 | Update claims waterfall for estimate of claims eliminated in substantive consolidation. |
| Cashman, Brian 2010 | 1/18/2010 | 0.4 | Send updated claims waterfall and summary to I. Fredericks (SASMF). |
| Cashman, Brian 2010 | 1/18/2010 | 0.4 | Update claims waterfall for estimated impact on claims for landlords agreeing to substantive consolidation. |
| O'Loughlin, Morgan 2010 | 1/18/2010 | 1.1 | Update cross guaranty landlord analysis for support of claims waterfall for unsecured claims support and send to B. Cashman (FTI). |
| O'Loughlin, Morgan 2010 | 1/18/2010 | 0.7 | Make updates to claims waterfall notes section as well as comments to bridge with comments from I. Fredericks (SASMF). |
| O'Loughlin, Morgan 2010 | 1/18/2010 | 0.6 | Update comments to claims waterfall bridge and send to B. Cashman (FTI) for distribution to Skadden and the Committee. |
| Cashman, Brian 2010 | 1/19/2010 | 0.6 | Review various court stipulations and ensure proper reporting on claims waterfall. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|

## Bankruptcy Reporting and Post-petition Accounting

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| O'Loughlin, Morgan 2010 | 1/19/2010 | 1.3 | Update claims waterfall for ordered omnibus objection #61 and tie back to exhibit per docket. |
| O'Loughlin, Morgan 2010 | 1/19/2010 | 1.2 | Update comments for stipulations, supplemental orders and new claims filed for bridge for claims waterfall from 12/26/09 version to 1/18/10 version. |
| O'Loughlin, Morgan 2010 | 1/19/2010 | 0.8 | Review and finalize 1/18/10 version of claims waterfall to ensure support pages tie to summary and bridge. |
| O'Loughlin, Morgan 2010 | 1/19/2010 | 0.5 | Review check cut file from D. Tate (CC) for weekly cash reporting transition to K. Bradshaw (CC). |
| O'Loughlin, Morgan 2010 | 1/19/2010 | 0.3 | Review detailed cash files from M. Smithson (CC) in support of weekly cash reporting. |
| Cashman, Brian 2010 | 1/20/2010 | 0.9 | Review weekly cash flow report prepared by M. O'Loughlin (FTI) and K. Bradshaw (CC). |
| Cashman, Brian 2010 | 1/20/2010 | 0.4 | Review various court stipulations and ensure proper reporting on claims waterfall. |
| O'Loughlin, Morgan 2010 | 1/20/2010 | 0.6 | Review weekly cash report for week ending 1/16 from K. Bradshaw (CC) and tie out to support. |
| O'Loughlin, Morgan 2010 | 1/20/2010 | 0.6 | Make update to notes and outstanding check roll-forward for weekly cash report for 1/16 and send to I. Fredericks (SASMF) for distribution to the Committee. |
| O'Loughlin, Morgan 2010 | 1/20/2010 | 0.6 | Participate on call with I. Fredericks (SASMF) to discuss claims waterfall and changes to prior version. |
| O'Loughlin, Morgan 2010 | 1/20/2010 | 0.4 | Participate on call with K. Bradshaw (CC) to discuss weekly cash report for the week ending 1/16. |
| O'Loughlin, Morgan 2010 | 1/21/2010 | 1.1 | Prepare listing of top 50 adjourned and remaining Priority claims for I. Fredericks (SASMF). |
| O'Loughlin, Morgan 2010 | 1/21/2010 | 0.7 | Synchronize withdrawn claims section of claims waterfall with listing provided by L. Nemerov (FTI) and tie out by class to summary. |
| O'Loughlin, Morgan 2010 | 1/21/2010 | 0.5 | Exchange emails with L. Nemerov (FTI) with updates to be made to CMSi for Bethesda claim #1244 per conversation with I. Fredericks (SASMF). |
| O'Loughlin, Morgan 2010 | 1/22/2010 | 1.2 | Update claims waterfall with changes to adjourned claims according to recently posted supplemental orders. |
| O'Loughlin, Morgan 2010 | 1/22/2010 | 1.1 | Format and update full listing of adjourned claims for I. Fredericks (SASMF). |
| O'Loughlin, Morgan 2010 | 1/22/2010 | 0.7 | Prepare listing of top 51 - 100 adjourned and remaining Priority claims for I. Fredericks (SASMF). |
| O'Loughlin, Morgan 2010 | 1/22/2010 | 0.5 | Exchange emails with L. Nemerov (FTI) and KCC regarding filed amount for claim #958 for Onkyo. |
| Cashman, Brian 2010 | 1/25/2010 | 1.4 | Review updated claims waterfall report prepared by M. O'Loughlin (FTI). |
| Cashman, Brian 2010 | 1/25/2010 | 1.1 | Review of weekly cash flow report prepared by M. O'Loughlin (FTI) and K. Bradshaw (CC). |
| Cashman, Brian 2010 | 1/25/2010 | 0.8 | Review top 50 claims reports prepared by M. O'Loughlin (FTI). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|

## Bankruptcy Reporting and Post-petition Accounting

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| O'Loughlin, Morgan 2010 | 1/25/2010 | 0.9 | Review weekly cash flow report prepared by K. Bradshaw (CC) and update note for other proceeds and send to B. Cashman (FTI) for review. |
| Nemerov, Lara 2010 | 1/25/2010 | 0.4 | Update CMS to reflect Onkyo USA stipulation and communicate with M. O'Loughlin (FTI) for waterfall update. |
| Nemerov, Lara 2010 | 1/26/2010 | 1.3 | Review claims waterfall for any discrepancies with CMS. |
| O'Loughlin, Morgan 2010 | 1/26/2010 | 0.9 | Create detailed support for filed omnibus objection #65 and update claims waterfall with reduction amount. |
| Nemerov, Lara 2010 | 1/26/2010 | 0.7 | Generate resolved claims report for M. O'Loughlin (FTI) for purposes of claims waterfall. |
| O'Loughlin, Morgan 2010 | 1/27/2010 | 1.9 | Prepare listing top remaining 150 claims by class broken out into adjourned, future objection or eliminated through substantive consolidation per request of I. Fredericks (SASMF). |
| Nemerov, Lara 2010 | 1/27/2010 | 0.9 | Perform full reconciliation on resolved claims between CMS and waterfall. |
| O'Loughlin, Morgan 2010 | 1/27/2010 | 0.7 | Update estimation of cross guaranteed landlord unsecured claims per comments from B. Cashman (FTI). |
| O'Loughlin, Morgan 2010 | 1/27/2010 | 0.6 | Prepare schedule of remaining unliquidated claims and exchange emails with J. Robinson (FTI) regarding exposure of these claims. |
| O'Loughlin, Morgan 2010 | 1/27/2010 | 0.4 | Add subtotal of coverage of top 150 remaining class of claims per comments from B. Cashman (FTI). |
| Cashman, Brian 2010 | 1/28/2010 | 1.0 | Review updated open claims summary provided by K. Bradshaw (CC). |
| Cashman, Brian 2010 | 1/28/2010 | 0.6 | Review updated landlord claims file. |
| Nemerov, Lara 2010 | 1/28/2010 | 1.1 | Review waterfall from M. O'Loughlin and communicate any possible errors. |
| O'Loughlin, Morgan 2010 | 1/28/2010 | 0.8 | Update notes for cash report for week ending 1/23 and send to I. Fredericks (SASMF) for distribution to the Committee. |
| O'Loughlin, Morgan 2010 | 1/28/2010 | 0.6 | Update claims waterfall for effects of supplemental omnibus objection #24. |
| O'Loughlin, Morgan 2010 | 1/28/2010 | 0.4 | Exchange emails with L. Nemerov (FTI) regarding treatment of claim #1200 in claims waterfall. |

| | | | |
|---|---|---|---|
| *Subtotal - Bankruptcy Reporting and Post-petition Accounting* | | **109.0** | |

## Canadian Matters

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| Chin, Gregory 2009 | 11/3/2009 | 1.0 | Review documentation for meeting with Bell Canada on 11/04. |
| Lee, Geon 2009 | 11/3/2009 | 1.0 | Review documentation for meeting with Bell Canada on 11/04. |
| Cashman, Brian 2009 | 11/3/2009 | 0.6 | Review Canadian bankruptcy update from claims monitor. |
| Cashman, Brian 2009 | 11/3/2009 | 0.4 | Review responses from company regarding French entity and discuss with M. Mosier (CC). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Canadian Matters** | | | |
| Lee, Geon 2009 | 11/4/2009 | 1.9 | Discuss AP reserves at meeting with G. Chin (FTI), M. Murphy (FTI), A. Koch (FTI), M. Mosier (CC), J. Marcum (CC), S. Moore (A&M), J. Murray (Osler), C. Millen (Bell). |
| Lee, Geon 2009 | 11/4/2009 | 1.9 | Participate in meeting with M. Mosier (CC), J. Marcum (CC), and G. Chin (FTI) to discuss strategy for meeting with Bell. |
| Chin, Gregory 2009 | 11/4/2009 | 1.9 | Discuss AP reserves at meeting with G. Lee (FTI), M. Murphy (FTI), A. Koch (FTI), M. Mosier (CC), J. Marcum (CC), S. Moore (A&M), J. Murray (Osler), C. Millen (Bell). |
| Chin, Gregory 2009 | 11/4/2009 | 1.9 | Participate in meeting with M. Mosier (CC), J. Marcum (CC), and G. Lee (FTI) to discuss strategy for meeting with Bell. |
| Lee, Geon 2009 | 11/4/2009 | 1.5 | Discuss inventory reserves at meeting with G. Chin (FTI), M. Murphy (FTI), A. Koch (FTI), M. Mosier (CC), J. Marcum (CC), S. Moore (A&M), J. Murray (Osler), C. Millen (Bell). |
| Chin, Gregory 2009 | 11/4/2009 | 1.5 | Discuss inventory reserves at meeting with G. Lee (FTI), M. Murphy (FTI), A. Koch (FTI), M. Mosier (CC), J. Marcum (CC), S. Moore (A&M), J. Murray (Osler), C. Millen (Bell). |
| Chin, Gregory 2009 | 11/4/2009 | 1.4 | Participate in meeting with M. Mosier (CC), J. Marcum (CC), and G. Lee (FTI) and PWC regarding tax structures. |
| Lee, Geon 2009 | 11/4/2009 | 1.4 | Participate in meeting with M. Mosier (CC), J. Marcum (CC), and G. Chin (FTI) and PWC regarding tax structures. |
| Chin, Gregory 2009 | 11/4/2009 | 1.3 | Participate at meeting with G. Lee (FTI), M. Murphy (FTI), A. Koch (FTI), M. Mosier (CC), J. Marcum (CC), S. Moore (A&M), J. Murray (Osler), C. Millen (Bell) to dispute working capital adjustment. |
| Lee, Geon 2009 | 11/4/2009 | 1.3 | Participate at meeting with G. Chin (FTI), M. Murphy (FTI), A. Koch (FTI), M. Mosier (CC), J. Marcum (CC), S. Moore (A&M), J. Murray (Osler), C. Millen (Bell) to dispute working capital adjustment. |
| Murphy, Mark 2009 | 11/4/2009 | 2.1 | Create schedule that ties the Net Stayed AP figure and all offsetting AR to the detail support, and general ledger. |
| Murphy, Mark 2009 | 11/4/2009 | 1.9 | Discuss AP reserves at meeting with G. Lee (FTI), G. Chin (FTI), A. Koch (FTI), M. Mosier (CC), J. Marcum (CC), S. Moore (A&M), J. Murray (Osler), C. Millen (Bell). |
| Murphy, Mark 2009 | 11/4/2009 | 1.7 | Prepare and search for back up inventory documents at meeting with G. Chin (FTI), G. Lee (FTI), A. Koch (FTI), M. Mosier (CC), J. Marcum (CC), S. Moore (A&M), J. Murray (Osler), C. Millen (Bell). |
| Murphy, Mark 2009 | 11/4/2009 | 1.3 | Participate at meeting with G. Chin (FTI), G. Lee (FTI), A. Koch (FTI), M. Mosier (CC), J. Marcum (CC), S. Moore (A&M), J. Murray (Osler), C. Millen (Bell) to dispute working capital adjustment. |
| Murphy, Mark 2009 | 11/4/2009 | 1.0 | Create a schedule that shows the different AR offsets by-vendor that was provided by Bell throughout the project. |
| Murphy, Mark 2009 | 11/4/2009 | 1.0 | Work with A. Koch (FTI) to update the adjusted balance sheet with the results from the meeting. |
| Koch, Ashley 2009 | 11/4/2009 | 1.9 | Discuss AP reserves at meeting with G. Lee (FTI), M. Murphy (FTI), G. Chin (FTI), M. Mosier (CC), J. Marcum (CC), S. Moore (A&M), J. Murray (Osler), C. Millen (Bell). |
| Koch, Ashley 2009 | 11/4/2009 | 1.9 | Create a schedule showing July NRV for non go forward vendors. |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 11/1/2009 through and including 1/31/2010**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Canadian Matters** | | | |
| Koch, Ashley 2009 | 11/4/2009 | 1.5 | Search for back up inventory documents at meeting with G. Chin (FTI), G. Lee (FTI), M. Murphy (FTI), M. Mosier (CC), J. Marcum (CC), S. Moore (A&M). |
| Koch, Ashley 2009 | 11/4/2009 | 1.4 | Create schedule showing all inventory reserves and adjustments. |
| Koch, Ashley 2009 | 11/4/2009 | 1.3 | Participate at meeting with G. Chin (FTI), M. Murphy (FTI), G. Lee (FTI), M. Mosier (CC), J. Marcum (CC), S. Moore (A&M), J. Murray (Osler), C. Millen (Bell) to dispute working capital adjustment. |
| Koch, Ashley 2009 | 11/4/2009 | 1.0 | Work with M. Murphy (FTI) to update the adjusted balance sheet with the results from the meeting. |
| Lee, Geon 2009 | 11/5/2009 | 2.1 | Review documents provided by Bell Canada. |
| Lee, Geon 2009 | 11/5/2009 | 1.9 | Prepare revised Closing Date Balance Sheet. |
| Lee, Geon 2009 | 11/5/2009 | 1.0 | Review analysis from M. Murphy (FTI) on the Bell provision calculation. |
| Chin, Gregory 2009 | 11/5/2009 | 1.0 | Review documents provided by Bell Canada. |
| Murphy, Mark 2009 | 11/5/2009 | 2.6 | Create an AR aging schedule by vendor and invoice for accts 1210, 1211, 1212. |
| Murphy, Mark 2009 | 11/5/2009 | 1.3 | Tie out each account to the Bell provision calculation workbook using Bell provided reconciliations and the trial balance. |
| Murphy, Mark 2009 | 11/5/2009 | 1.2 | Update the adjusted balance sheet support with results from the meeting. |
| Koch, Ashley 2009 | 11/5/2009 | 1.7 | Update cash balance schedule given new information from the Monitor. |
| Koch, Ashley 2009 | 11/5/2009 | 1.5 | Make edits to adjustments back up workbook. |
| Koch, Ashley 2009 | 11/5/2009 | 1.3 | Update InterTAN balance sheet given new information from the Monitor. |
| Koch, Ashley 2009 | 11/5/2009 | 1.3 | Create schedules for Star Choice and cash balances. |
| Koch, Ashley 2009 | 11/5/2009 | 1.2 | Create new balance sheet showing net Purchaser and Seller adjustments. |
| Lee, Geon 2009 | 11/6/2009 | 2.2 | Prepare and review accounts receivable detail files. |
| Lee, Geon 2009 | 11/6/2009 | 1.8 | Review revised Closing Date Balance sheet. |
| Murphy, Mark 2009 | 11/6/2009 | 1.4 | Create a workbook to detail the outstanding AR and offsetting AP to monitor and recover as per the agreement at the meeting on Wednesday. |
| Murphy, Mark 2009 | 11/6/2009 | 1.2 | Link each AP debit position by vendor to sub ledger support in the AP and AR workbook. |
| Murphy, Mark 2009 | 11/6/2009 | 1.2 | Link each post-file AR offset position by vendor to sub ledger support in the AP and AR workbook. |
| Murphy, Mark 2009 | 11/6/2009 | 0.5 | Format Bell support for the Rogers provision to be included in the AR and AP workbook to be used to monitor and recover excess receivables. |
| Lee, Geon 2009 | 11/13/2009 | 2.0 | Review preliminary retained balance sheet. |
| Lee, Geon 2009 | 11/16/2009 | 2.0 | Participate on conference call with M. Mosier (CC) regarding the retained balance sheet. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Canadian Matters** | | | |
| Lee, Geon 2009 | 11/17/2009 | 2.1 | Prepare InterTAN detailed retained balance sheet. |
| Lee, Geon 2009 | 11/17/2009 | 1.9 | Prepare support for InterTAN retained balance sheet. |
| Murphy, Mark 2009 | 11/17/2009 | 1.8 | Use the trial balance to build a by-account retained balance sheet from the support that was gathered in the retained balance sheet workbook. |
| Murphy, Mark 2009 | 11/17/2009 | 1.3 | Create additional tabs in the retained balance sheet workbook to reconcile out agreed upon adjustment from the Toronto meeting. |
| Murphy, Mark 2009 | 11/17/2009 | 1.0 | Create a retained balance sheet workbook to reconcile each APA adjustment to the back-up support. |
| Lee, Geon 2009 | 11/18/2009 | 2.5 | Make adjustments to InterTAN detailed retained balance sheet. |
| Lee, Geon 2009 | 11/18/2009 | 1.5 | Continue preparing support for InterTAN retained balance sheet. |
| Lee, Geon 2009 | 11/19/2009 | 2.3 | Make changes to InterTAN detailed retained balance sheet. |
| Lee, Geon 2009 | 11/19/2009 | 1.7 | Create additional exhibits for InterTAN retained balance sheet. |
| Coulombe, Stephen L 2009 | 11/23/2009 | 0.9 | Review schedules from G. Lee (FTI) regarding Star Choice and provide feedback. |
| Lee, Geon 2009 | 11/23/2009 | 2.6 | Review InterTAN detailed balance sheet file and related support. |
| Lee, Geon 2009 | 11/23/2009 | 1.9 | Review and edit InterTAN detailed retained balance sheet. |
| Lee, Geon 2009 | 11/23/2009 | 1.4 | Review and edit support for InterTAN retained balance sheet. |
| Lee, Geon 2009 | 11/23/2009 | 1.2 | Review stayed AP detail file. |
| Lee, Geon 2009 | 11/23/2009 | 0.9 | Participate on call with S. Moore (A&M) to discuss Star Choice, tenet allowances, and cash balances. |
| Murphy, Mark 2009 | 11/23/2009 | 1.5 | Reconcile Bell Canada's trial balance (post acquisition) to the agreed upon summary balance sheet in the response memorandum. |
| Murphy, Mark 2009 | 11/23/2009 | 0.5 | Format retained balance sheet file and created summary table for the post acquisition Trial Balance reconciliation. |
| Lee, Geon 2009 | 11/24/2009 | 1.8 | Revise InterTAN detailed retained balance sheet. |
| Lee, Geon 2009 | 11/24/2009 | 1.2 | Review InterTAN detailed balance sheet file and related support. |
| Lee, Geon 2009 | 11/25/2009 | 2.0 | Quality check InterTAN detailed balance sheet file and related support. |
| Coulombe, Stephen L 2010 | 12/21/2009 | 0.9 | Participate on call with J. Marcum (CC) to discuss situation of working capital adjustment and FTI involvement. |
| Chin, Gregory 2009 | 12/21/2009 | 1.8 | Review and analyze pre-filing claims summary. |
| Chin, Gregory 2009 | 12/21/2009 | 0.5 | Participate on call with S. Moore (Alvarez) and M. Murphy (FTI) to discuss pre-filing claims process summary. |
| Chin, Gregory 2009 | 12/21/2009 | 0.5 | Participate on call with M. Murphy (FTI), A. Koch (FTI), M. Mosier (CC), J. Marcum (CC) to discuss APA extension and addition work. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Canadian Matters** | | | |
| Murphy, Mark 2009 | 12/21/2009 | 1.0 | Read and review A&M's claim's reconciliation workbook. |
| Murphy, Mark 2009 | 12/21/2009 | 0.5 | Participate on call with S. Moore (Alvarez) and G. Chin (FTI) to discuss pre-filing claims process summary. |
| Murphy, Mark 2009 | 12/21/2009 | 0.5 | Participate on call with G. Chin (FTI), A. Koch (FTI), M. Mosier (CC), J. Marcum (CC) to discuss APA extension and addition work. |
| Chin, Gregory 2009 | 12/22/2009 | 1.0 | Participate in meeting with G. Chin (FTI), M. Mosier (CC), J. Marcum (CC), S. Moore (A&M), J. Murray (Osler), G. Taber (Osler), J. Latham (Goodman), Geoff Taber (Osler). |
| Chin, Gregory 2009 | 12/22/2009 | 0.4 | Review documentation for case management and planning. |
| Murphy, Mark 2009 | 12/22/2009 | 2.0 | Reconcile A&M's stayed payable figures to the Closing Date Financial Statement (CDFS) stayed payables for accuracy. |
| Murphy, Mark 2009 | 12/22/2009 | 1.5 | Read and review The Source's Proof of Claim Reconciliations which was sent by A&M. |
| Murphy, Mark 2009 | 12/22/2009 | 1.0 | Participate in meeting with G. Chin (FTI), M. Mosier (CC), J. Marcum (CC), S. Moore (A&M), J. Murray (Osler), G. Taber (Osler), J. Latham (Goodman), Geoff Taber (Osler). |
| Murphy, Mark 2009 | 12/22/2009 | 0.8 | Create work plan and request list for data needed to tie the Source's Reconciliations back to the CDFS. . |
| Chin, Gregory 2009 | 12/24/2009 | 0.5 | Correspond with Monitor regarding case management. |
| Murphy, Mark 2009 | 12/28/2009 | 1.0 | Begin reconciling the stayed payables and post-filing AR in the Source Reconciliations to the AR and AP used in the CDFS by vendor. |
| Murphy, Mark 2009 | 12/28/2009 | 1.0 | Conduct a detailed review of the reconciliations and the Proof of Claims from vendor's with high variances to the CDFS. |
| Coulombe, Stephen L 2010 | 12/29/2009 | 1.2 | Review analysis for working capital adjustment provided by G. Chin (FTI) and M. Murphy (FTI). |
| Murphy, Mark 2009 | 12/29/2009 | 1.0 | Review Garmin reconciliation. |
| Murphy, Mark 2009 | 12/29/2009 | 1.0 | Create a spreadsheet to compare the 'net-net' payable/receivable in the CDFS to the Source's account reconciliation's 'net-net' balance. |
| Murphy, Mark 2009 | 12/30/2009 | 1.0 | Review the Sources AR Protocol Appendices. |
| Chin, Gregory 2010 | 1/4/2010 | 1.7 | Review Pre-Filing claims Process Summary and supporting files. |
| Duffy, Robert J 2010 | 1/5/2010 | 0.6 | Participate on call with J. Marcum (CC) to discuss obstacles in settling working capital adjustment. |
| Chin, Gregory 2010 | 1/5/2010 | 1.8 | Review closing date financial statement and analyze net stayed AP. |
| Chin, Gregory 2010 | 1/6/2010 | 1.5 | Review closing date financial statement and analyze net stayed AP. |
| Murphy, Mark 2010 | 1/6/2010 | 2.0 | Create a reconciliation workbook to identify the variances between the A&M summary and the CDFS. |
| Duffy, Robert J 2010 | 1/7/2010 | 0.4 | Review working capital adjustment analysis from G. Chin (FTI). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Canadian Matters** | | | |
| Chin, Gregory 2010 | 1/7/2010 | 1.3 | Participate on call with J. Murray (Osler), S. Moore (A&M), J. Marcum (InterTAN), M. Mosier (InterTAN), J. Latham (Goodman's), M. Murphy (FTI) to discuss pre-filing claims summary and variances. |
| Chin, Gregory 2010 | 1/7/2010 | 0.4 | Review pre-filing claim summary. |
| Murphy, Mark 2010 | 1/7/2010 | 2.2 | Re-create the A&M summary using the AP balance sent from The Source during the CDFS process. |
| Murphy, Mark 2010 | 1/7/2010 | 1.3 | Participate on call with J. Murray (Osler), S. Moore (A&M), J. Marcum (InterTAN), M. Mosier (InterTAN), J. Latham (Goodman's), G. Chin (FTI) to discuss pre-filing claims summary and variances. |
| Murphy, Mark 2010 | 1/7/2010 | 1.0 | Review POC reconciliations sent by A&M and tie them back to the Notices of Revision. |
| Chin, Gregory 2010 | 1/8/2010 | 0.8 | Analyze pre-filing claims detail. |
| Chin, Gregory 2010 | 1/8/2010 | 0.5 | Participate on call with J. Murray (Osler), S. Moore (A&M), J. Marcum (InterTAN), M. Mosier (InterTAN), J. Latham (Goodman's), M. Murphy (FTI) for Roger's reconciliation. |
| Murphy, Mark 2010 | 1/8/2010 | 1.5 | Examine the Closing Date Financial Statement support to identify Roger's pre-filing AR balance and the corresponding reserve that was included within the CDFS. |
| Murphy, Mark 2010 | 1/8/2010 | 1.5 | Prepare follow-up questions and requests for S. Moore (A&M). |
| Murphy, Mark 2010 | 1/8/2010 | 0.5 | Participate on call with J. Murray (Osler), S. Moore (A&M), J. Marcum (InterTAN), M. Mosier (InterTAN), J. Latham (Goodman's), G. Chin (FTI) for Roger's reconciliation. |
| Chin, Gregory 2010 | 1/11/2010 | 0.5 | Participate on call with S. Moore (A&M) and M. Murphy (FTI) to discuss reconciliation to CCAA. |
| Murphy, Mark 2010 | 1/11/2010 | 0.5 | Review most recent set of POC reconciliations sent by A&M and tie them back to the Notices of Revision. |
| Murphy, Mark 2010 | 1/11/2010 | 0.5 | Participate on call with S. Moore (A&M) and G. Chin (FTI) to discuss reconciliation to CCAA. |
| Chin, Gregory 2010 | 1/12/2010 | 1.6 | Review and analyze AP/AR reporting and detail. |
| Chin, Gregory 2010 | 1/12/2010 | 0.8 | Participate on call with J. Carson (The Source), S. Moore (A&M), M. Murphy (FTI) to go over the vendor reconciliation process. |
| Murphy, Mark 2010 | 1/12/2010 | 0.8 | Participate on call with J. Carson (The Source), S. Moore (A&M), G. Chin (FTI) to go over the vendor reconciliation process. |
| Murphy, Mark 2010 | 1/12/2010 | 0.5 | Draft meeting minutes and follow-up questions for the Monitor (A&M) and The Source. |
| Chin, Gregory 2010 | 1/13/2010 | 1.6 | Review and analyze AP/AR reporting and detail. |
| Chin, Gregory 2010 | 1/14/2010 | 1.4 | Review and analyze AP/AR reporting and detail. |
| Murphy, Mark 2010 | 1/14/2010 | 1.5 | Prepare a workbook comparing claims with high variances and large dollar claims to the CCAA file for AP and AR (Pre and Post). |
| Chin, Gregory 2010 | 1/15/2010 | 1.3 | Review and analyze AP/AR status report. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Canadian Matters** | | | |
| Chin, Gregory 2010 | 1/15/2010 | 0.7 | Participate on status call with J. Murray (Osler), S. Moore (A&M), J. Marcum (InterTAN), M. Mosier (InterTAN), M. Murphy (FTI). |
| Chin, Gregory 2010 | 1/15/2010 | 0.6 | Participate on call with J. Carson (The Source), S. Moore (A&M), M. Murphy (FTI). |
| Chin, Gregory 2010 | 1/15/2010 | 0.5 | Participate on call with S. Moore (A&M) and M. Murphy (FTI) . |
| Chin, Gregory 2010 | 1/15/2010 | 0.4 | Participate on call with J. Carson (The Source), I. Young (The Source), S. Moore (A&M), M. Murphy (FTI) to discuss updated reconciliation results. |
| Chin, Gregory 2010 | 1/15/2010 | 0.3 | Review and analyze updated AP/AR reconciliation results. |
| Murphy, Mark 2010 | 1/15/2010 | 2.2 | Build Category 1, 2, and 3 sorting functionality into the CCAA file used to build the CDFS. |
| Murphy, Mark 2010 | 1/15/2010 | 1.9 | Summarize the CCAA file in a workbook for the reconciliations to bridge the amounts presented by The Source back to the CDFS . |
| Murphy, Mark 2010 | 1/15/2010 | 1.0 | Begin to review the category 4 vendors and summarize questions for the Monitor (A&M). |
| Murphy, Mark 2010 | 1/15/2010 | 0.7 | Participate on status call with J. Marcum (InterTAN), M. Mosier (InterTAN), S. Moore (A&M), G. Chin (FTI), G. Scott (Osler), J. Murray (Osler), J. Latham (Goodman's), H. Arthurs (Goodman's). |
| Murphy, Mark 2010 | 1/15/2010 | 0.6 | Participate on call with J. Carson (The Source), S. Moore (A&M), G. Chin (FTI). |
| Murphy, Mark 2010 | 1/15/2010 | 0.5 | Participate on call with S. Moore (A&M), G. Chin (FTI). |
| Murphy, Mark 2010 | 1/15/2010 | 0.5 | Draft meeting minutes and follow-up questions for the Monitor (A&M) and The Source from the 3 calls today. |
| Murphy, Mark 2010 | 1/15/2010 | 0.4 | Participate on call with I. Young (The Source), B. McCartney (The Source), J. Carson (The Source), S. Moore (A&M), G. Chin (FTI) to discuss updated reconciliation results. |
| Chin, Gregory 2010 | 1/18/2010 | 0.5 | Review and analyze AP/AR reconciliations. |
| Chin, Gregory 2010 | 1/19/2010 | 0.8 | Review and analyze AP/AR reconciliations. |
| Chin, Gregory 2010 | 1/20/2010 | 1.2 | Review and analyze AP/AR reconciliations. |
| Chin, Gregory 2010 | 1/21/2010 | 1.5 | Review and analyze AP/AR reconciliations. |
| Chin, Gregory 2010 | 1/21/2010 | 0.8 | Participate on conference call with J. Marcum (InterTAN), M. Mosier (InterTAN), S. Moore (A&M), J. Murray (Osler) and M. Murphy (FTI) to discuss weekly status. |
| Murphy, Mark 2010 | 1/21/2010 | 0.8 | Participate on call weekly status call with J. Marcum (InterTAN), M. Mosier (InterTAN), S. Moore (A&M), G. Chin (FTI), G. Scott (Osler), J. Murray (Osler), J. Latham (Goodman's), H. Arthurs (Goodman's). |
| Murphy, Mark 2010 | 1/21/2010 | 0.5 | Summarize the meeting minutes and Draft a list of questions from the call to ask The Source the following day. |
| Chin, Gregory 2010 | 1/22/2010 | 2.0 | Review and analyze AR reconciliations. |
| Chin, Gregory 2010 | 1/22/2010 | 1.9 | Review and analyze AP reconciliations. |
| Chin, Gregory 2010 | 1/22/2010 | 0.6 | Participate on weekly claims call with I. Young (The Source), B. McCartney (The Source), J. Carson (The Source), S. Moore (A&M), M. Murphy (FTI). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Canadian Matters** | | | |
| Chin, Gregory 2010 | 1/22/2010 | 0.5 | Participate on call with J. Murray (Osler) and S. Moore (A&M), M. Murphy (FTI) to discuss reconciliations. |
| Chin, Gregory 2010 | 1/22/2010 | 0.5 | Participate on call with S. Moore (A&M), M. Murphy (FTI) to discuss reconciliations. |
| Murphy, Mark 2010 | 1/22/2010 | 2.2 | Estimate the Accounts Payable working capital adjustment as of 1/22/2010 for discussion purposes. |
| Murphy, Mark 2010 | 1/22/2010 | 2.1 | Create a reconciliation workbook to compare pre-file AR from the CDFS to the pre-file AR in The Source Reconciliations for the Category 1&2 claims. |
| Murphy, Mark 2010 | 1/22/2010 | 2.1 | Estimate the Accounts Receivable working capital adjustment as of 1/22/2010 for discussion purposes. |
| Murphy, Mark 2010 | 1/22/2010 | 0.6 | Participate on weekly claims call with I. Young (The Source), B. McCartney (The Source), J. Carson (The Source), S. Moore (A&M), G. Chin (FTI). |
| Murphy, Mark 2010 | 1/22/2010 | 0.5 | Participate on call with J. Murray (Osler), S. Moore (A&M), G. Chin (FTI) to discuss reconciliations. |
| Murphy, Mark 2010 | 1/22/2010 | 0.5 | Participate on call with S. Moore (A&M), G. Chin (FTI) to discuss reconciliations. |
| Chin, Gregory 2010 | 1/25/2010 | 1.3 | Analyze AP/AR reconciliations. |
| Chin, Gregory 2010 | 1/25/2010 | 0.5 | Participate on call with J. Marcum (InterTAN), M. Mosier (InterTAN), S. Moore (A&M), J. Murray (Osler), M. Murphy (FTI) to discuss status of AR confirmations. |
| Chin, Gregory 2010 | 1/25/2010 | 0.5 | Participate on call with S. Moore (A&M) and M. Murphy (FTI) to discuss AP/AR reconciliations. |
| Murphy, Mark 2010 | 1/25/2010 | 2.0 | Update the Estimated the Accounts Payable working capital adjustment as of 1/25/2010 for discussion purposes. |
| Murphy, Mark 2010 | 1/25/2010 | 2.0 | Update the Estimated the Accounts Receivable working capital adjustment as of 1/25/2010 for discussion purposes. |
| Murphy, Mark 2010 | 1/25/2010 | 1.5 | Update the schedule based on the call with S. Moore (A&M). |
| Murphy, Mark 2010 | 1/25/2010 | 0.5 | Participate on call with S. Moore (A&M) and G. Chin (FTI) to review the Update Working Capital Estimate. |
| Murphy, Mark 2010 | 1/25/2010 | 0.5 | Participate on call weekly status call with J. Marcum (InterTAN), M. Mosier (InterTAN), S. Moore (A&M), G. Chin (FTI), G. Scott (Osler), J. Murray (Osler), J. Latham (Goodman's), H. Arthurs (Goodman's). |
| Chin, Gregory 2010 | 1/28/2010 | 0.5 | Analyze closing balance sheet and AR reserves. |
| Chin, Gregory 2010 | 1/29/2010 | 1.2 | Analyze AR reserves. |
| Chin, Gregory 2010 | 1/29/2010 | 1.0 | Participate on call with J. Carson (The Source), I. Young (The Source), S. Moore (A&M), M. Murphy (FTI) to discuss AP/AR reconciliations. |
| Chin, Gregory 2010 | 1/29/2010 | 0.5 | Participate on call with S. Moore (A&M), J. Murray (Osler) and M. Murphy (FTI) to discuss status of AP/AR reconciliations. |
| Murphy, Mark 2010 | 1/29/2010 | 1.5 | Link the Updated figures to the Bell Additional Provision calculation for discussion purposes. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Canadian Matters** | | | |
| Murphy, Mark 2010 | 1/29/2010 | 1.0 | Update the Estimate provision adjustment for working capital based on the call with The Source. |
| Murphy, Mark 2010 | 1/29/2010 | 1.0 | Participate on weekly claims call with I. Young (The Source), B. McCartney (The Source), J. Carson (The Source), S. Moore (A&M), G. Chin (FTI). |
| Murphy, Mark 2010 | 1/29/2010 | 0.5 | Participate on call with S. Moore (A&M), J. Murray (Osler) and G. Chin (FTI) to discuss status of AP/AR reconciliations. |
| ***Subtotal - Canadian Matters*** | | **194.4** | |
| **Claims Management** | | | |
| Cashman, Brian 2009 | 11/1/2009 | 0.6 | Review updated claims waterfall reflecting Omni's #53-#59 and ordered Omni's and provide comments. |
| Cashman, Brian 2009 | 11/1/2009 | 0.5 | Discuss claims waterfall with D. Foley (MGW) and I. Fredericks (SASMF) and presentation of reclamation claims. |
| O'Loughlin, Morgan 2009 | 11/1/2009 | 0.8 | Update bridge for claims waterfall from 10/14 version to 11/31 version by section of report. |
| O'Loughlin, Morgan 2009 | 11/1/2009 | 0.6 | Create new withdrawn claims line in claims waterfall and make adjustments for those claims appearing on prior Omnibus objections. |
| Robinson, Joshua M. 2009 | 11/2/2009 | 2.6 | Participate in Claims status meeting with H. Ferguson (CC), I. Fredrick's (SASMF), others. |
| Robinson, Joshua M. 2009 | 11/2/2009 | 2.4 | Continue to participate in claims status meeting with H. Ferguson (CC), I. Fredrick's (SASMF) and others. |
| Robinson, Joshua M. 2009 | 11/2/2009 | 1.0 | Research claim balloting issues with claims per email question from I. Fredrick's (SASMF). |
| Robinson, Joshua M. 2009 | 11/2/2009 | 1.0 | Discuss issues regarding waterfall for claims on multiple objections with L. Nemerov (FTI). |
| Robinson, Joshua M. 2009 | 11/2/2009 | 0.8 | Participate on call with claimant counsel to discuss objection response issues. |
| Robinson, Joshua M. 2009 | 11/2/2009 | 0.7 | Prepare Omnibus objection summary based on call with McGuire Woods. |
| Cashman, Brian 2009 | 11/2/2009 | 1.4 | Participate in claims review meeting with company and its advisors and B. Fose (CC) to discuss vendor receivables and proposed settlements. |
| Cashman, Brian 2009 | 11/2/2009 | 0.9 | Review revised version of claims waterfall reflecting Omni's #53-#59 and ordered Omni's and provide additional comments. |
| Cashman, Brian 2009 | 11/2/2009 | 0.7 | Participate in claims review meeting with company and its advisors and B. Fose (CC) to continue to discuss vendor receivables and proposed settlements. |
| Cashman, Brian 2009 | 11/2/2009 | 0.7 | Participate in claims review meeting with company and its advisors and K. Bradshaw (CC) to discuss landlord claims review process, insurance options, stipulations and proposed settlements. |
| Cashman, Brian 2009 | 11/2/2009 | 0.6 | Participate in claims review meeting with company and its advisors and H. Ferguson (CC) to discuss claims review update and future objections. |
| Cashman, Brian 2009 | 11/2/2009 | 0.6 | Review Omnibus objection summary prepared by J. Robinson (FTI) and provided to D. Blanks (MGW) for Omnibus court hearing. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Cashman, Brian 2009 | 11/2/2009 | 0.4 | Participate in claims review meeting with company and its advisors and D. Miller (CC) to discuss legal matters. |
| Cashman, Brian 2009 | 11/2/2009 | 0.3 | Review 8 reclamation claims with Company and advisors. |
| Cashman, Brian 2009 | 11/2/2009 | 0.3 | Review emails from D. Foley (MGW) regarding landlord guarantees. |
| Cashman, Brian 2009 | 11/2/2009 | 0.2 | Review updated claims waterfall reflecting separate column for reclamation claims. |
| Cashman, Brian 2009 | 11/2/2009 | 0.1 | Inquire about scheduled priority claims. |
| Nemerov, Lara 2009 | 11/2/2009 | 2.8 | Create an automated consolidated report that would generate waterfall data per omni. |
| Nemerov, Lara 2009 | 11/2/2009 | 1.9 | Adjust automated consolidated report that would generate waterfall data per omni to accurately reflect claims on multiple objections and/or withdrawn. |
| Nemerov, Lara 2009 | 11/2/2009 | 1.3 | Review supplemental order to Omni 10 and Omni 9; confirm that claims are accurately reflected within waterfall. |
| Nemerov, Lara 2009 | 11/2/2009 | 1.0 | Discuss issues regarding waterfall for claims on multiple objections with J. Robinson (FTI). |
| O'Loughlin, Morgan 2009 | 11/2/2009 | 0.7 | Format and finalize claims waterfall and distribute to the Company and advisors for discussion. |
| Schaefer, Karl 2009 | 11/2/2009 | 2.4 | Resolve tie out issues between waterfall table and waterfall tracker query. |
| Schaefer, Karl 2009 | 11/2/2009 | 2.3 | Continue to resolve tie out issues between waterfall table and waterfall tracker query. |
| Schaefer, Karl 2009 | 11/2/2009 | 2.2 | Tie out waterfall for Omnibus objections 33, 34, 35, 36 for L. Nemerov (FTI). |
| Schaefer, Karl 2009 | 11/2/2009 | 1.2 | Update Omnibus objection tracker file for J. Robinson (FTI). |
| Schaefer, Karl 2009 | 11/2/2009 | 0.9 | Export Proof of Claims documents for Brian Stark (MGW). |
| Coulombe, Stephen L 2009 | 11/3/2009 | 0.6 | Review new layout of claims waterfall and provide comments to M. O'Loughlin (FTI) for update. |
| Robinson, Joshua M. 2009 | 11/3/2009 | 1.1 | Participate in meeting with M. O'Loughlin (FTI) to proof out remaining claims after ordered Omnibus objections from CMSi. |
| Robinson, Joshua M. 2009 | 11/3/2009 | 0.7 | Read and respond to email questions. |
| Robinson, Joshua M. 2009 | 11/3/2009 | 0.6 | Review Omni orders for Omnibus objection 45. |
| Robinson, Joshua M. 2009 | 11/3/2009 | 0.6 | Work with L. Nemerov (FTI) on supplemental orders for various adjourned Omnis. |
| Robinson, Joshua M. 2009 | 11/3/2009 | 0.5 | Review Omni orders for Omnibus objection 43. |
| Robinson, Joshua M. 2009 | 11/3/2009 | 0.4 | Review Omni orders for Omnibus objection 46. |
| Robinson, Joshua M. 2009 | 11/3/2009 | 0.3 | Review Omni orders for Omnibus objection 42. |
| Robinson, Joshua M. 2009 | 11/3/2009 | 0.3 | Review Omni orders for Omnibus objection 44. |
| Robinson, Joshua M. 2009 | 11/3/2009 | 0.2 | Answer questions from L. Nemerov (FTI) related to Omnibus objection orders and supplemental orders. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Cashman, Brian 2009 | 11/3/2009 | 0.3 | Respond to emails from Company regarding claims. |
| Cashman, Brian 2009 | 11/3/2009 | 0.2 | Discuss new layout of claims waterfall with counsel. |
| Nemerov, Lara 2009 | 11/3/2009 | 1.8 | Review responses on Omni 42 & Omni 45 and create events to accurately reflect changes per S. Boehm's (MGW) request. |
| Nemerov, Lara 2009 | 11/3/2009 | 1.5 | Add ordered events and schedule matches for claims 14263 and 14178 on Omni 44. |
| Nemerov, Lara 2009 | 11/3/2009 | 1.5 | Create ordered and adjourned exhibits for Omnis 46 to appropriately reflect creditors' responses. |
| Nemerov, Lara 2009 | 11/3/2009 | 1.2 | Create ordered and adjourned exhibits for Omnis 42 to appropriately reflect creditors' responses. |
| O'Loughlin, Morgan 2009 | 11/3/2009 | 1.2 | Categorize eight reclamation claims properly in new column and tie back to old claims waterfall version. |
| O'Loughlin, Morgan 2009 | 11/3/2009 | 1.1 | Participate in meeting with J. Robinson (FTI) to proof out remaining claims after ordered Omnibus objections from CMSi. |
| Nemerov, Lara 2009 | 11/3/2009 | 1.0 | Ensure that claim #4257 on Omni 53 correctly states the original docketed amount per request of B. Stark (MGW). |
| Nemerov, Lara 2009 | 11/3/2009 | 1.0 | Adjust automated consolidated report that would generate waterfall data per omni to accurately reflect claims that have been withdrawn. |
| O'Loughlin, Morgan 2009 | 11/3/2009 | 0.9 | Add and format new column for reclamation claims in claims waterfall. |
| Nemerov, Lara 2009 | 11/3/2009 | 0.9 | Review responses on Omni 46 - partial duplicate Omnibus Objection. |
| O'Loughlin, Morgan 2009 | 11/3/2009 | 0.8 | Make updates to executive summary section of Board of directors presentation with comments from B. Cashman (FTI). |
| O'Loughlin, Morgan 2009 | 11/3/2009 | 0.6 | Reference landlord cross guaranty analysis for D. Foley (MGW) for specific landlords claiming cross guaranty. |
| Nemerov, Lara 2009 | 11/3/2009 | 0.6 | Work with J. Robinson (FTI) on supplemental orders for various adjourned Omnis. |
| O'Loughlin, Morgan 2009 | 11/3/2009 | 0.5 | Exchange emails with L. Nemerov (FTI) regarding treatment of adjourned claims in claims waterfall. |
| Nemerov, Lara 2009 | 11/3/2009 | 0.5 | Verify total number of claims and amount that were reclassified to Unsecured on Omni 2. |
| O'Loughlin, Morgan 2009 | 11/3/2009 | 0.4 | Review file from G. Epps (CBL) regarding list of landlords claiming cross guaranty. |
| Schaefer, Karl 2009 | 11/3/2009 | 2.5 | Update events in CMS for Omnis 42-47. |
| Schaefer, Karl 2009 | 11/3/2009 | 2.3 | Generate mail files for omni 46. |
| Schaefer, Karl 2009 | 11/3/2009 | 1.5 | Generate Omnibus objection 47. |
| Schaefer, Karl 2009 | 11/3/2009 | 1.0 | Update Omnibus objection tracker file for J. Robinson (FTI). |
| Robinson, Joshua M. 2009 | 11/4/2009 | 1.5 | Review and make changes to order exhibits for Omni's 42-47. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Robinson, Joshua M. 2009 | 11/4/2009 | 1.4 | Work with L. Nemerov (FTI) to resolve outstanding order and supplemental orders for Omnis. |
| Robinson, Joshua M. 2009 | 11/4/2009 | 1.1 | Review questions regarding claims waterfall with L. Nemerov (FTI). |
| Robinson, Joshua M. 2009 | 11/4/2009 | 0.8 | Respond J. Kumar (SASMF) email regarding Direct TV question. |
| Robinson, Joshua M. 2009 | 11/4/2009 | 0.7 | Read and respond to email questions. |
| Cashman, Brian 2009 | 11/4/2009 | 1.0 | Review updated claims waterfall. |
| Cashman, Brian 2009 | 11/4/2009 | 1.0 | Review ordered Omnibus objections. |
| Cashman, Brian 2009 | 11/4/2009 | 0.4 | Review 510(b) and 510(c) claims to determine impact on claims waterfall. |
| Cartwright, Emily 2009 | 11/4/2009 | 0.4 | Participate in discussion with L. Nemerov (FTI) regarding a supplemental order objection. |
| Nemerov, Lara 2009 | 11/4/2009 | 1.4 | Work with J. Robinson (FTI) to resolve outstanding order and supplemental orders for Omnis. |
| Nemerov, Lara 2009 | 11/4/2009 | 1.0 | Create ordered and adjourned exhibits for Omnis 45 to appropriately reflect creditors' responses. |
| Nemerov, Lara 2009 | 11/4/2009 | 0.7 | Review creditor Marcea Wolfe's claims on Omni 11 and reflect appropriately in supplemental order on Omni 11. |
| Nemerov, Lara 2009 | 11/4/2009 | 0.7 | Create supplemental order exhibit for omni 11 to appropriately reflect court's response. |
| Nemerov, Lara 2009 | 11/4/2009 | 0.7 | Create ordered and adjourned exhibits for Omnis 44 to appropriately reflect creditors' responses. |
| Nemerov, Lara 2009 | 11/4/2009 | 0.6 | Review claim 11927 per request from E. Gershbein (KCC) to reflect as unsecured for purposes of duplicate claims objection - Omni 44. |
| Nemerov, Lara 2009 | 11/4/2009 | 0.5 | Create supplemental order exhibit for omni 12 to appropriately reflect court's response. |
| O'Loughlin, Morgan 2009 | 11/4/2009 | 0.5 | Update claims waterfall with withdrawn LG claim #14211. |
| Nemerov, Lara 2009 | 11/4/2009 | 0.4 | Review questions regarding claims waterfall with J. Robinson (FTI). |
| Nemerov, Lara 2009 | 11/4/2009 | 0.4 | Participate in discussion with E. Cartwright (FTI) regarding a supplemental order objection. |
| Nemerov, Lara 2009 | 11/4/2009 | 0.4 | Create order exhibit for Omni 38 to show all claims as being ordered and none adjourned. |
| Nemerov, Lara 2009 | 11/4/2009 | 0.3 | Withdraw claims 14497, 11965, 11615, 11966, 1157, 13100 from Omni 45 - paid in full no liability. |
| Nemerov, Lara 2009 | 11/4/2009 | 0.3 | Withdraw claims 12057/12510 from Omni 45; on the withdrawn exhibit CMSi shows only the remained unsecured portion, the admin portions have been expunged. |
| Nemerov, Lara 2009 | 11/4/2009 | 0.3 | Move claims to partial exhibit – 14292, 13884 on Omni 45. |
| Nemerov, Lara 2009 | 11/4/2009 | 0.3 | Create supplemental order exhibit for omni 17 to appropriately reflect court's response. |
| Schaefer, Karl 2009 | 11/4/2009 | 1.5 | Generate Omnibus objection 43. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Schaefer, Karl 2009 | 11/4/2009 | 1.0 | Quality check and tie out Omnibus objection 44. |
| Schaefer, Karl 2009 | 11/4/2009 | 0.8 | Quality check and tie out Omnibus objection 45. |
| Robinson, Joshua M. 2009 | 11/5/2009 | 2.0 | Review supplemental order exhibits prepared by L. Nemerov (FTI). |
| Robinson, Joshua M. 2009 | 11/5/2009 | 1.3 | Work with L. Nemerov (FTI) on supplemental orders and updating Omni waterfall reports. |
| Robinson, Joshua M. 2009 | 11/5/2009 | 0.9 | Perform analysis check queries on claims waterfall report to ensure data accuracy. |
| Robinson, Joshua M. 2009 | 11/5/2009 | 0.7 | Read and respond to email questions. |
| Cashman, Brian 2009 | 11/5/2009 | 0.4 | Participate on call with M. O'Loughlin (FTI) to discuss latest version of claims waterfall. |
| Cashman, Brian 2009 | 11/5/2009 | 0.3 | Discuss landlord claim emails with D. Foley (MGW) and M. O'Loughlin (FTI). |
| Cashman, Brian 2009 | 11/5/2009 | 0.3 | Review email from D. Foley (MGW) regarding landlord claims settlements. |
| Nemerov, Lara 2009 | 11/5/2009 | 2.0 | Create mail files for supplemental orders and provide to M. O'Loughlin (FTI) and I. Panizales (KCC). |
| Nemerov, Lara 2009 | 11/5/2009 | 1.5 | Review claims on Omni 20 in order to appropriately generate in claims waterfall detail report. |
| Nemerov, Lara 2009 | 11/5/2009 | 1.3 | Work with J. Robinson (FTI) on supplemental orders and updating Omni waterfall reports. |
| Nemerov, Lara 2009 | 11/5/2009 | 1.2 | Create supplemental order exhibit for omni 32 to appropriately reflect court's response and verify that claims are displayed as UNL. |
| Nemerov, Lara 2009 | 11/5/2009 | 1.2 | Begin POC load for KCC transfer report received on 11/03. |
| Nemerov, Lara 2009 | 11/5/2009 | 1.2 | Recreate supplemental order exhibits for Omni 12 to appropriately reflect changes per S. Boehm's (MGW) request. |
| O'Loughlin, Morgan 2009 | 11/5/2009 | 0.8 | Create summary for B. Cashman (FTI) regarding decrease in future objections. |
| O'Loughlin, Morgan 2009 | 11/5/2009 | 0.8 | Set up bridge for claims waterfall from 10/31 version to track changes regarding recently ordered objections. |
| O'Loughlin, Morgan 2009 | 11/5/2009 | 0.7 | Exchange emails with D. Foley (MGW) regarding landlord cross guaranty lists. |
| Nemerov, Lara 2009 | 11/5/2009 | 0.7 | Create supplemental order exhibit for omni 15 to appropriately reflect court's response. |
| O'Loughlin, Morgan 2009 | 11/5/2009 | 0.7 | Update claims waterfall with ordered Omnibus objection #39 and tie back to exhibits posted to docket. |
| Nemerov, Lara 2009 | 11/5/2009 | 0.7 | Review docket # 5554 - individual claims stipulation. |
| Nemerov, Lara 2009 | 11/5/2009 | 0.7 | Create supplemental order exhibit for omni 16 to appropriately reflect court's response. |
| O'Loughlin, Morgan 2009 | 11/5/2009 | 0.6 | Update claims waterfall with ordered Omnibus objection #38 and tie back to exhibits posted to docket. |
| O'Loughlin, Morgan 2009 | 11/5/2009 | 0.6 | Update claims waterfall with ordered Omnibus objection #40 and tie back to exhibits posted to docket. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| O'Loughlin, Morgan 2009 | 11/5/2009 | 0.4 | Participate on call with B. Cashman (FTI) to discuss latest version of claims waterfall. |
| O'Loughlin, Morgan 2009 | 11/5/2009 | 0.3 | Discuss landlord claim emails with D. Foley (MGW) and B. Cashman (FTI). |
| O'Loughlin, Morgan 2009 | 11/5/2009 | 0.2 | Participate in meeting with H. Ferguson (CC) regarding decrease in future Omnibus objections and major changes to the claims waterfall. |
| Schaefer, Karl 2009 | 11/5/2009 | 2.5 | Update CMS with claims modifications from file CC Claim modifications 091025. |
| Schaefer, Karl 2009 | 11/5/2009 | 2.1 | Update POC 14655-14709 into CMS from KCC claims shipment. |
| Schaefer, Karl 2009 | 11/5/2009 | 1.9 | Create mail files, and exhibit b files for omni 11, 12, 17, 38. |
| Robinson, Joshua M. 2009 | 11/6/2009 | 2.3 | Answer questions from L. Nemerov (FTI) regarding preparation of various orders. |
| Robinson, Joshua M. 2009 | 11/6/2009 | 1.0 | Read and respond to various email questions. |
| Robinson, Joshua M. 2009 | 11/6/2009 | 0.7 | Research email question on Omni 48 per B. Fose (CC). |
| Robinson, Joshua M. 2009 | 11/6/2009 | 0.5 | Review docket per email from D. Blanks (MGW) to update claims database. |
| Cashman, Brian 2009 | 11/6/2009 | 1.7 | Review exhibits to Omnibus objections #53-#57. |
| Cashman, Brian 2009 | 11/6/2009 | 1.2 | Review exhibits to Omnibus objections #58-#59. |
| Cashman, Brian 2009 | 11/6/2009 | 0.5 | Review emails from D. Foley (MGW) regarding landlord claims settlements. |
| Cashman, Brian 2009 | 11/6/2009 | 0.1 | Communicate payment of PBGC claim to advisors. |
| Nemerov, Lara 2009 | 11/6/2009 | 2.2 | Review Omni 42 quality checks and tie analysis from K. Schaefer (FTI) and verify accuracy of exhibit. |
| Nemerov, Lara 2009 | 11/6/2009 | 1.4 | Remove 5 claimants from omni 12 supplemental order exhibit per request of S. Boehm (MGW) and verify actions for report. |
| Nemerov, Lara 2009 | 11/6/2009 | 1.3 | Review Claims modifications received from E. Gershbein (KCC). |
| Nemerov, Lara 2009 | 11/6/2009 | 1.1 | Revise Omni 32 per request of S. Boehm (MGW). |
| Nemerov, Lara 2009 | 11/6/2009 | 1.0 | Search CMSi for objections on which Imagination Entertainment has been objected to. |
| Nemerov, Lara 2009 | 11/6/2009 | 1.0 | Research claim 13277 and find back up A/R information for setoff exhibit. |
| O'Loughlin, Morgan 2009 | 11/6/2009 | 0.4 | Review landlord claims cross guaranty analysis listing for D. Foley (MGW) and confirm that De Rito is cross guaranteed. |
| Schaefer, Karl 2009 | 11/6/2009 | 2.1 | Update changes to Omnibus objection 42, per email from J. Robinson (FTI). |
| Schaefer, Karl 2009 | 11/6/2009 | 1.8 | Correct changes to claims 8959/12763 remove from objection, update Omnibus objection 42 events in CMS. |
| Schaefer, Karl 2009 | 11/6/2009 | 1.2 | Extract proof of claim information for D. Blanks (MGW). |
| Schaefer, Karl 2009 | 11/6/2009 | 1.1 | Generate updated version of Omnibus objection 42 for L. Nemerov (FTI). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Schaefer, Karl 2009 | 11/6/2009 | 1.0 | Update modified amounts, and modified claim classes in Omnibus tracker table for Omnibus objection 23 for L. Nemerov (FTI). |
| Schaefer, Karl 2009 | 11/6/2009 | 0.8 | Update modified amounts, and modified claim classes in Omnibus tracker table for Omnibus objection 4 for L. Nemerov (FTI). |
| Schaefer, Karl 2009 | 11/6/2009 | 0.3 | Update modified amounts, and modified claim classes in Omnibus tracker table for Omnibus objection 33 for L. Nemerov (FTI). |
| Robinson, Joshua M. 2009 | 11/9/2009 | 1.0 | Read and respond to email questions. |
| Robinson, Joshua M. 2009 | 11/9/2009 | 0.8 | Finalize and send order exhibits for Omni 45. |
| Robinson, Joshua M. 2009 | 11/9/2009 | 0.7 | Answer various questions from L. Nemerov (FTI) regarding claims. |
| Robinson, Joshua M. 2009 | 11/9/2009 | 0.7 | Finalize and send order exhibits for Omni 43. |
| Robinson, Joshua M. 2009 | 11/9/2009 | 0.6 | Finalize and send order exhibits for Omni 47. |
| Robinson, Joshua M. 2009 | 11/9/2009 | 0.4 | Finalize and send order exhibits for Omni 46. |
| Robinson, Joshua M. 2009 | 11/9/2009 | 0.4 | Participate in discussion with S. Baker (SASMF) regarding additional modifications to ordered Omni exhibits. |
| Cashman, Brian 2009 | 11/9/2009 | 0.7 | Discuss reclamation claims with I. Fredericks (SASMF) and D. Foley (MGW). |
| Cashman, Brian 2009 | 11/9/2009 | 0.5 | Update claims waterfall for reclamation claims and send to M. Mosier (CC) and J. Marcum (CC). |
| Cashman, Brian 2009 | 11/9/2009 | 0.4 | Email summarization of Paramount reclamation claim. |
| Nemerov, Lara 2009 | 11/9/2009 | 2.4 | Make changes to CMS for claims on Omni 20 so the system appropriately reflects changes made within Objection. |
| Nemerov, Lara 2009 | 11/9/2009 | 1.5 | Recreate ordered, adjourned, and withdrawn exhibits for Omnis 42 to appropriately notes from S. Boehm (MGW) and myself. |
| O'Loughlin, Morgan 2009 | 11/9/2009 | 1.3 | Make updates to the claims waterfall layout and notes with comments from B. Cashman (FTI). |
| Nemerov, Lara 2009 | 11/9/2009 | 1.2 | Confirm changes for Omni 42 with S. Boehm (MGW) related to claims 10063, 10004, 12388, 9364, 4556, 5460, 8959, 7194. |
| Nemerov, Lara 2009 | 11/9/2009 | 1.1 | Make changes to Omni 45 - withdrawn and ordered exhibits. |
| Nemerov, Lara 2009 | 11/9/2009 | 1.1 | Verify to flip parent and child claims 3259 and 4182 and appropriately reflect on Omi 44. |
| Nemerov, Lara 2009 | 11/9/2009 | 1.0 | Make changes to Omni 46 - Ordered exhibit. |
| Nemerov, Lara 2009 | 11/9/2009 | 1.0 | Review responses from S. Boehm (MGW) per my notes and make subsequent changes to Omni 42. |
| O'Loughlin, Morgan 2009 | 11/9/2009 | 0.8 | Create bridge from 503(b)(9) claims per company estimate in A/R analysis and bottom line in claims waterfall as of 10/31. |
| O'Loughlin, Morgan 2009 | 11/9/2009 | 0.7 | Review Paramount reclamation claim #9681 POC and send summary of findings to B. Cashman (FTI). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Nemerov, Lara 2009 | 11/9/2009 | 0.7 | Search for Omnibus Objections related to Imagination Entertainment per request of I. Panizales (KCC). |
| Schaefer, Karl 2009 | 11/9/2009 | 2.3 | Update claims from 44th Omnibus objection to claims. Flip flop claims per KCC request. |
| Schaefer, Karl 2009 | 11/9/2009 | 2.2 | Load KCC 17 claims batch into CMS. |
| Schaefer, Karl 2009 | 11/9/2009 | 1.2 | Generate Omnibus objection 42. Tie out all amounts and counts of claims. |
| Schaefer, Karl 2009 | 11/9/2009 | 1.1 | Update Omnibus objection 42 per request from S. Boehm (MGW). |
| Schaefer, Karl 2009 | 11/9/2009 | 0.9 | Perform quality check on Omnibus objection 42. |
| Schaefer, Karl 2009 | 11/9/2009 | 0.5 | Write formula for Omnibus objection 42 per request of J. Robinson (FTI). |
| Schaefer, Karl 2009 | 11/9/2009 | 0.5 | Generate Mail files, and exhibit B for Omnibus objection 43. |
| Schaefer, Karl 2009 | 11/9/2009 | 0.5 | Generate mail files for Omnibus objection 47. |
| Robinson, Joshua M. 2009 | 11/10/2009 | 1.3 | Assist L. Nemerov (FTI) with various questions related to claims. |
| Robinson, Joshua M. 2009 | 11/10/2009 | 0.8 | Finalize and send order exhibits for Omni 44. |
| Robinson, Joshua M. 2009 | 11/10/2009 | 0.6 | Read and respond to various email questions. |
| Robinson, Joshua M. 2009 | 11/10/2009 | 0.5 | Research ballot questions from KCC. |
| Nemerov, Lara 2009 | 11/10/2009 | 1.9 | Review changes made within matches for claims on Omni 44 and perform tie out analysis. |
| Nemerov, Lara 2009 | 11/10/2009 | 1.7 | Make changes to CMS in order to accurately reflect claim changes and new claims from KCC. |
| O'Loughlin, Morgan 2009 | 11/10/2009 | 1.3 | Create supplemental orders supporting schedule which reclassifies previously adjourned claims to ordered status by objection. |
| Nemerov, Lara 2009 | 11/10/2009 | 1.1 | Recreate ordered for Omnis 46 to appropriately changes from S. Boehm (MGW). |
| O'Loughlin, Morgan 2009 | 11/10/2009 | 0.9 | Use the supplemental order for Omnibus objection 11 to update claims waterfall for those claims that were ordered as going forward on their merits. |
| Nemerov, Lara 2009 | 11/10/2009 | 0.9 | Review claims detail report for Omni 41 from K. Schaefer (FTI) and provide to M. O'Loughlin (FTI). |
| Nemerov, Lara 2009 | 11/10/2009 | 0.9 | Research changes on Omni 44 and respond to S. Boehm (MGW) question relating to Omni 44 - claim 14263, communicate changes with J. Robinson (FTI) as well. |
| Nemerov, Lara 2009 | 11/10/2009 | 0.1 | Update claim #14684 to reflect as unliquidated. |
| Schaefer, Karl 2009 | 11/10/2009 | 2.8 | Perform quality check on Omnibus objections 48-57. |
| Schaefer, Karl 2009 | 11/10/2009 | 2.0 | Perform quality checks on KCC17 load. |
| Schaefer, Karl 2009 | 11/10/2009 | 1.5 | Process specific claim conditions for KCC 17. |
| Schaefer, Karl 2009 | 11/10/2009 | 0.9 | Update claims with load errors from KCC17 load. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Schaefer, Karl 2009 | 11/10/2009 | 0.5 | Perform quality check on Omnibus objections 58-59. |
| Robinson, Joshua M. 2009 | 11/11/2009 | 0.7 | Work with L. Nemerov (FTI) on voting reduction order. |
| Cashman, Brian 2009 | 11/11/2009 | 0.9 | Review revised receivable analysis summarizing claims prepared by H. Ferguson (CC). |
| Cashman, Brian 2009 | 11/11/2009 | 0.5 | Review two proposed vendor stipulations. |
| Nemerov, Lara 2009 | 11/11/2009 | 1.9 | Review docket # 5022 as it relates to the voting objection exhibit & changes to be made. |
| Nemerov, Lara 2009 | 11/11/2009 | 1.4 | Remove IBM, Inland, Visiontek, Irving Mall, Shops at Arbor Walk, Firewheel town center, clay terrace, and change LG's voting amount for the voting objection exhibit. |
| Nemerov, Lara 2009 | 11/11/2009 | 1.2 | Review and reflect changes to be made to Omni 45 - claim 3729. |
| Nemerov, Lara 2009 | 11/11/2009 | 1.1 | Review and reflect changes to be made to Omni 45 - claim 12510. |
| O'Loughlin, Morgan 2009 | 11/11/2009 | 0.7 | Update claims waterfall with ordered Omnibus objection 38 - 'Disallowance of pension plan and 401(k) plans' which has buildup of objection by claim. |
| Nemerov, Lara 2009 | 11/11/2009 | 0.7 | Confirm that the reference for BFW Pike associates is 12655 and not 13542. |
| Nemerov, Lara 2009 | 11/11/2009 | 0.7 | Work with J. Robinson (FTI) on voting reduction order. |
| O'Loughlin, Morgan 2009 | 11/11/2009 | 0.6 | Prepare schedule for Omnibus objections 48-52 with original filed amount, set off amount and remaining set off amount to show effect of each objection by claim. |
| Schaefer, Karl 2009 | 11/11/2009 | 3.0 | Continue to perform quality check on KCC 17. |
| Schaefer, Karl 2009 | 11/11/2009 | 1.3 | Update tracker file per email(s) from J. Robinson (FTI). |
| Schaefer, Karl 2009 | 11/11/2009 | 1.1 | Update claims to prepare for voting Omnibus objection. |
| Schaefer, Karl 2009 | 11/11/2009 | 0.8 | Update claim 3729 to correct objection exhibit. Generate corresponding Omnibus objections. |
| Duffy, Robert J 2009 | 11/12/2009 | 1.0 | Participate on call with G. Galardi (SASMF) and S. Coulombe (FTI) to discuss implications of set off win and next steps. |
| Coulombe, Stephen L 2009 | 11/12/2009 | 1.0 | Participate on call with G. Galardi (SASMF) and R. Duffy (FTI) to discuss implications of set off win and next steps. |
| Coulombe, Stephen L 2009 | 11/12/2009 | 0.9 | Review claims waterfall draft and provide comments to M. O'Loughlin (FTI). |
| Nemerov, Lara 2009 | 11/12/2009 | 2.9 | Make several changes to voting objection exhibit per request of S. Boehm (MGW). |
| Nemerov, Lara 2009 | 11/12/2009 | 1.3 | Confirm HP docket reflects Allowed admin claim is $0 Allowed 503(b)(9) claim is $6,000,000 Allowed Unsecured claim is $64,500,000 . |
| Nemerov, Lara 2009 | 11/12/2009 | 1.1 | Search for HP stipulation on docket (KCC and pacer). |
| O'Loughlin, Morgan 2009 | 11/12/2009 | 0.9 | Update claims waterfall 'Ordered by Court Stipulation' schedule to include recently ordered Hewlett Packard stipulation and tie back to master waterfall schedule. |
| Nemerov, Lara 2009 | 11/12/2009 | 0.7 | Attach HP docket to 1076, 7527, 13822 and communicate update to M. O'Loughlin (FTI). |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 11/1/2009 through and including 1/31/2010**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| O'Loughlin, Morgan 2009 | 11/12/2009 | 0.3 | Update note for reclamation claims in waterfall with language from B. Cashman (FTI). |
| Schaefer, Karl 2009 | 11/12/2009 | 2.1 | Update Omnibus tracker table in CMS for Omnibus objections 11, 12, 15, 17, 32, 38. |
| Schaefer, Karl 2009 | 11/12/2009 | 1.3 | Update Omnibus tracker tables in CMS for Omnibus objections 41 ,42, 43, 44, 45, 46, 47. |
| Schaefer, Karl 2009 | 11/12/2009 | 0.6 | Search for HP settlement document for J. Robinson (FTI). |
| Coulombe, Stephen L 2009 | 11/13/2009 | 0.9 | Review A/R analysis provided by M. O'Loughlin (FTI) and provide comments to make updates. |
| Coulombe, Stephen L 2009 | 11/13/2009 | 0.8 | Review claims waterfall and net effect of Omnibus objections 48-52 and potential for greater A/R set-off. |
| Duffy, Robert J 2009 | 11/13/2009 | 0.6 | Participate on call with G. Galardi (SASMF) and S. Coulombe (FTI) regarding A/R summary to assist in pursuing vendor set-offs. |
| Coulombe, Stephen L 2009 | 11/13/2009 | 0.6 | Participate on call with G. Galardi (SASMF) and R. Duffy (FTI) regarding A/R summary to assist in pursuing vendor set-offs. |
| Robinson, Joshua M. 2009 | 11/13/2009 | 1.7 | Answer various questions from L. Nemerov (FTI) regarding claims waterfall. |
| Robinson, Joshua M. 2009 | 11/13/2009 | 0.7 | Coordinate changes to Omni 45 with L. Nemerov (FTI). |
| Summers, Joseph E 2009 | 11/13/2009 | 2.3 | Write/Verify KCC data merge procedures and reconciliation protocol. Includes multiple discussions with L. Nemerov (FTI). |
| Summers, Joseph E 2009 | 11/13/2009 | 0.5 | Participate in working session with E. Cartwright (FTI) regarding the KCC to CMS reconciliation process. |
| Cashman, Brian 2009 | 11/13/2009 | 0.3 | Discuss A/R summary for Skadden with M. O'Loughlin (FTI). |
| Cartwright, Emily 2009 | 11/13/2009 | 0.5 | Participate in working session with J. Summers (FTI) regarding the KCC to CMS reconciliation process. |
| Nemerov, Lara 2009 | 11/13/2009 | 2.7 | Create claims reconciliation tests with CMS to accurately reflect changes from KCC. |
| Nemerov, Lara 2009 | 11/13/2009 | 2.1 | Generate exhibits for Omni 39 - ordered and adjourned. |
| Nemerov, Lara 2009 | 11/13/2009 | 1.2 | Continue to reconcile CMS data with KCC claims docket; includes discussions with J. Summers (FTI). |
| O'Loughlin, Morgan 2009 | 11/13/2009 | 0.7 | Make updates to vendor set-off schedule that breaks out committee members from all other vendors. |
| O'Loughlin, Morgan 2009 | 11/13/2009 | 0.5 | Discuss A/R summary for Skadden with B. Cashman (FTI). |
| O'Loughlin, Morgan 2009 | 11/13/2009 | 0.4 | Compare estimated claim amount provided by H. Ferguson (CC) with FTI's CMSi database by vendor and class and send to B. Cashman (FTI) for review. |
| O'Loughlin, Morgan 2009 | 11/13/2009 | 0.3 | Update vendor set off schedule with comments from B. Cashman (FTI). |
| O'Loughlin, Morgan 2009 | 11/13/2009 | 0.3 | Exchange emails with B. Fose (CC) regarding pre and postpetition A/R balances by vendor and tying back to bi-weekly summary report. |
| O'Loughlin, Morgan 2009 | 11/13/2009 | 0.3 | Exchange emails with D. Foley (MGW) regarding landlord cross guaranty inclusion for certain locations. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Schaefer, Karl 2009 | 11/13/2009 | 1.5 | Develop procedure to update Omnibus tracker table. |
| Schaefer, Karl 2009 | 11/13/2009 | 1.0 | Generate Omnibus objection 45 per request from L. Nemerov (FTI). |
| Robinson, Joshua M. 2009 | 11/16/2009 | 1.2 | Work to produce order exhibits for Omni 48 - 50. |
| Robinson, Joshua M. 2009 | 11/16/2009 | 1.0 | Read and respond to email questions. |
| Robinson, Joshua M. 2009 | 11/16/2009 | 0.7 | Review claims waterfall detail with L. Nemerov. |
| Robinson, Joshua M. 2009 | 11/16/2009 | 0.7 | Review and send finalized orders for Omni 42. |
| Robinson, Joshua M. 2009 | 11/16/2009 | 0.4 | Prepare narrative for CC fee application. |
| Cashman, Brian 2009 | 11/16/2009 | 0.7 | Participate in meeting with M. O'Loughlin (FTI) regarding reconciliation of claims in CMSi to H. Ferguson (CC) report on remaining claims. |
| Cashman, Brian 2009 | 11/16/2009 | 0.6 | Read tax stipulation. |
| Cashman, Brian 2009 | 11/16/2009 | 0.6 | Review emails from D. Foley (MGW) regarding landlord claims settlements. |
| Cashman, Brian 2009 | 11/16/2009 | 0.5 | Review tax stipulation and discuss with I. Fredericks (SASMF). |
| Cashman, Brian 2009 | 11/16/2009 | 0.5 | Review A/R summary report with claims information prepared by M. O'Loughlin (FTI). |
| Nemerov, Lara 2009 | 11/16/2009 | 2.0 | Search for and notify E. Gershbein (KCC) of possible changes to be made to KCC claims docket. |
| O'Loughlin, Morgan 2009 | 11/16/2009 | 1.4 | Update claims waterfall with ordered Omnibus objection 39 - 'Reclass of 503(b)(9) outside 20 days (partial)' and provide buildup of objection by claim. |
| Nemerov, Lara 2009 | 11/16/2009 | 1.3 | Update correct order master events for claims on Omni 42 - several claims moved from adjourned to ordered per request of S. Boehm (MGW). |
| Nemerov, Lara 2009 | 11/16/2009 | 1.0 | Review responses from Omnis 48-50 for claimants that should be adjourned and discuss any questions with J. Robinson (FTI). |
| Nemerov, Lara 2009 | 11/16/2009 | 0.8 | Review withdrawal exhibit from K. Schaefer (FTI) and verify all claims are reflected as requested by counsel. |
| Nemerov, Lara 2009 | 11/16/2009 | 0.7 | Review and verify nature of claim for POC 9528 with E. Gershbein (KCC). |
| Nemerov, Lara 2009 | 11/16/2009 | 0.7 | Verify claim amount for POC 7940 and discuss with J. Robinson (FTI). |
| O'Loughlin, Morgan 2009 | 11/16/2009 | 0.7 | Participate in meeting with B. Cashman (FTI) regarding reconciliation of claims in CMSi to H. Ferguson (CC) report on remaining claims. |
| Nemerov, Lara 2009 | 11/16/2009 | 0.5 | Change the exhibit header for withdrawals from C to B for Omni 45; since there are no claims being adjourned and review exhibits received from K. Schaefer (FTI). |
| Schaefer, Karl 2009 | 11/16/2009 | 0.9 | Perform quality check on the voting Omnibus objection. |
| Schaefer, Karl 2009 | 11/16/2009 | 0.8 | Review withdrawal exhibit from L. Nemerov (FTI) and verify all claims are reflected as requested by counsel. |
| Schaefer, Karl 2009 | 11/16/2009 | 0.3 | Update detail sub claim ID for claims with errors for L. Nemerov (FTI). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|

## Claims Management

| | | | |
|---|---|---|---|
| Robinson, Joshua M. 2009 | 11/17/2009 | 1.3 | Review claims waterfall reconciliation with L. Nemerov (FTI). |
| Robinson, Joshua M. 2009 | 11/17/2009 | 0.7 | Call D. Blanks (MGW) to discuss various items relating to preparation of Omnibus objection exhibits. |
| Robinson, Joshua M. 2009 | 11/17/2009 | 0.6 | Work with L. Nemerov (FTI) to prepare mail files for order exhibits. |
| Cashman, Brian 2009 | 11/17/2009 | 0.8 | Review emails from D. Foley (MGW) regarding landlord claims settlements. |
| Cashman, Brian 2009 | 11/17/2009 | 0.7 | Review updated download of claims file. |
| Cashman, Brian 2009 | 11/17/2009 | 0.4 | Review calculation of impact of Class 3 convenience claims on claims waterfall. |
| Cashman, Brian 2009 | 11/17/2009 | 0.3 | Review exhibit A of tax stipulation. |
| O'Loughlin, Morgan 2009 | 11/17/2009 | 1.3 | Update claims waterfall stipulations schedule with HP settlement (docket #5635) and back out any claims that appeared on prior Omnibus objections. |
| Nemerov, Lara 2009 | 11/17/2009 | 1.2 | Review claims waterfall reconciliation with J. Robinson (FTI). |
| Nemerov, Lara 2009 | 11/17/2009 | 1.1 | Create data files for all Omnis recently posted to docket (41, 43, 11, 12, 15, 17, 32, 38, 40, 41) and send to M. O'Loughlin (FTI) in order to appropriately update claims waterfall. |
| Nemerov, Lara 2009 | 11/17/2009 | 1.1 | Verify actions related to Order on Omni 25 and 26. |
| Nemerov, Lara 2009 | 11/17/2009 | 0.9 | Move several claims from adjourned to ordered per S. Boehm's (MGW) discussion with counsel on Omni 42. |
| Nemerov, Lara 2009 | 11/17/2009 | 0.9 | Provide files for exhibits on Ordered Omnis 38, 40, 11, 17, 41, 47, 43, 32, 15, 12, 16 to I. Panizales (KCC). |
| O'Loughlin, Morgan 2009 | 11/17/2009 | 0.6 | Finalize and format draft of claims waterfall and send to J. Robinson (FTI) to proof out each objection. |
| Nemerov, Lara 2009 | 11/17/2009 | 0.6 | Work with J. Robinson (FTI) to prepare mail files for order exhibits. |
| Schaefer, Karl 2009 | 11/17/2009 | 0.5 | Perform quality check on Omnibus objection 10 for L. Nemerov (FTI). |
| Coulombe, Stephen L 2009 | 11/18/2009 | 1.0 | Participate on call with J. Marcum (CC) and R. Duffy (FTI) to review current draft of claims waterfall and implications for covering allowed claims at confirmation. |
| Duffy, Robert J 2009 | 11/18/2009 | 1.0 | Participate on call with J. Marcum (CC) and S. Coulombe (FTI) to review current draft of claims waterfall and implications for covering allowed claims at confirmation. |
| Robinson, Joshua M. 2009 | 11/18/2009 | 1.7 | Review supplemental Omnibus objection orders. |
| Robinson, Joshua M. 2009 | 11/18/2009 | 1.5 | Prepare 3 exhibits for Omnibus objection 60. |
| Cashman, Brian 2009 | 11/18/2009 | 1.2 | Review emails from H. Ferguson (CC) and McGuire Woods regarding objections and respond. |
| Cashman, Brian 2009 | 11/18/2009 | 0.8 | Review listing of unliquidated claims. |
| Cashman, Brian 2009 | 11/18/2009 | 0.8 | Review claims waterfall updated for ordered Omni's 43 & 47 and distribute. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Cashman, Brian 2009 | 11/18/2009 | 0.6 | Distribute comments on claims waterfall regarding additional supporting schedules and Tom Tom stipulation. |
| Nemerov, Lara 2009 | 11/18/2009 | 2.2 | Review waterfall from M. O'Loughlin (FTI) and verify that amounts are reflected correctly within waterfall and CMS - bridge any gaps that may exist (Omni 4). |
| Nemerov, Lara 2009 | 11/18/2009 | 1.9 | Review waterfall from M. O'Loughlin (FTI) and verify that amounts are reflected correctly within waterfall and CMS - bridge any gaps that may exist (omni 10). |
| Nemerov, Lara 2009 | 11/18/2009 | 1.7 | Review waterfall from M. O'Loughlin (FTI) and verify that amounts are reflected correctly within waterfall and CMS - bridge any gaps that may exist (omni 12). |
| Nemerov, Lara 2009 | 11/18/2009 | 1.6 | Review waterfall from M. O'Loughlin (FTI) and verify that amounts are reflected correctly within waterfall and CMS - bridge any gaps that may exist (Omni 35). |
| O'Loughlin, Morgan 2009 | 11/18/2009 | 1.3 | Update claims waterfall with ordered Omnibus objection 47 with adjourned claims detail and tie back to exhibit. |
| Nemerov, Lara 2009 | 11/18/2009 | 1.3 | Review waterfall from M. O'Loughlin (FTI) and verify that amounts are reflected correctly within waterfall and CMS - bridge any gaps that may exist (omni 20). |
| Nemerov, Lara 2009 | 11/18/2009 | 1.2 | Create Omni 10 supplemental order for duplicate disallowed and duplicate different debtor. |
| O'Loughlin, Morgan 2009 | 11/18/2009 | 1.2 | Update claims waterfall with ordered Omnibus objection 43 with adjourned claims detail and tie back to exhibit. |
| Nemerov, Lara 2009 | 11/18/2009 | 1.2 | Review waterfall from M. O'Loughlin (FTI) and verify that amounts are reflected correctly within waterfall and CMS - bridge any gaps that may exist (omni 34). |
| O'Loughlin, Morgan 2009 | 11/18/2009 | 1.1 | Create table that compares current claims waterfall to CMSi by class objection and class to reconcile variances due to timing. |
| O'Loughlin, Morgan 2009 | 11/18/2009 | 1.1 | Update claims waterfall with ordered Omnibus objection 44 with adjourned and debtor withdrawn detail and tie back to exhibit. |
| O'Loughlin, Morgan 2009 | 11/18/2009 | 0.9 | Update withdrawn claims line in waterfall and back out any claims that were adjourned on prior Omnibus objections. |
| O'Loughlin, Morgan 2009 | 11/18/2009 | 0.8 | Make updates to claims waterfall bridge from 10/31 version to 11/17 version to describe changes in filed claims. |
| O'Loughlin, Morgan 2009 | 11/18/2009 | 0.8 | Add Tom Tom stipulation agreement (docket #3504) to claims waterfall by showing reduction to claim #368. |
| O'Loughlin, Morgan 2009 | 11/18/2009 | 0.7 | Exchange various emails with L. Nemerov (FTI) regarding claims appearing on multiple Omnibus objections and effect to claims waterfall. |
| O'Loughlin, Morgan 2009 | 11/18/2009 | 0.7 | Organize court stipulations supporting schedule to break out HP, BofA, and PBGC claims from all other claims effected by court stipulation. |
| O'Loughlin, Morgan 2009 | 11/18/2009 | 0.6 | Provide support for Omnibus objection 10 by claim for claims waterfall to L. Nemerov (FTI). |
| O'Loughlin, Morgan 2009 | 11/18/2009 | 0.5 | Review partial duplication exhibit counts for Omnibus objection 19 and 39 to ensure counts only include those claims that were expunged in entirety. |
| Nemerov, Lara 2009 | 11/18/2009 | 0.5 | Review waterfall from M. O'Loughlin (FTI) and verify that amounts are reflected correctly within waterfall and CMS - bridge any gaps that may exist (HP stipulation). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| O'Loughlin, Morgan 2009 | 11/18/2009 | 0.4 | Participate on calls with L. Nemerov (FTI) regarding proofing out each Omnibus objection. |
| O'Loughlin, Morgan 2009 | 11/18/2009 | 0.4 | Tie out 'Expunged per Court Stipulation' line in claims waterfall to detailed supporting schedule. |
| Nemerov, Lara 2009 | 11/18/2009 | 0.4 | Participate on calls with M. O'Loughlin (FTI) regarding proofing out each Omnibus objection. |
| Schaefer, Karl 2009 | 11/18/2009 | 2.5 | Begin load of KCC18. |
| Schaefer, Karl 2009 | 11/18/2009 | 2.4 | Perform tie out procedure for Omnibus objection 23 on claims waterfall per request of M. O'Loughlin (FTI). |
| Schaefer, Karl 2009 | 11/18/2009 | 2.1 | Perform tie out procedure for Omnibus objection 4 on claims waterfall per request of M. O'Loughlin (FTI). |
| Schaefer, Karl 2009 | 11/18/2009 | 1.8 | Perform tie out procedure for Omnibus objection 34 on claims waterfall per request of M. O'Loughlin (FTI). |
| Schaefer, Karl 2009 | 11/18/2009 | 0.9 | Update Omnibus objections 49, 50 per responses of claimants. |
| Schaefer, Karl 2009 | 11/18/2009 | 0.5 | Generate Omnibus objection 10 per request of J. Robinson (FTI). |
| Robinson, Joshua M. 2009 | 11/19/2009 | 0.9 | Finalize and send orders for Omni 49. |
| Robinson, Joshua M. 2009 | 11/19/2009 | 0.8 | Review and Modify events to reflect paid claims under a different category. |
| Robinson, Joshua M. 2009 | 11/19/2009 | 0.7 | Finalize and send orders for Omni 50. |
| Robinson, Joshua M. 2009 | 11/19/2009 | 0.6 | Finalize and send orders for Omni 48. |
| Robinson, Joshua M. 2009 | 11/19/2009 | 0.4 | Prepare Omni 61 Omnibus objection exhibits. |
| Cashman, Brian 2009 | 11/19/2009 | 0.8 | Review updated claims waterfall for ordered Omni 44-46. |
| Cashman, Brian 2009 | 11/19/2009 | 0.7 | Review and summarize impact of Omni 54 for claims waterfall. |
| Cashman, Brian 2009 | 11/19/2009 | 0.6 | Review and summarize impact of Omni 55 for claims waterfall. |
| Cashman, Brian 2009 | 11/19/2009 | 0.6 | Review and summarize impact of Omni 53 for claims waterfall. |
| Cashman, Brian 2009 | 11/19/2009 | 0.5 | Review and summarize impact of Omni 44 for claims waterfall. |
| Cashman, Brian 2009 | 11/19/2009 | 0.4 | Review claims vs. KCC amounts vs. receivables reports prepared by the Company. |
| Cashman, Brian 2009 | 11/19/2009 | 0.4 | Review and summarize impact of Omni 39 for claims waterfall. |
| Cashman, Brian 2009 | 11/19/2009 | 0.3 | Review and summarize impact of Omni 58 for claims waterfall. |
| Cashman, Brian 2009 | 11/19/2009 | 0.3 | Review Kennesaw settlement provided by D. Miller (CC). |
| Cashman, Brian 2009 | 11/19/2009 | 0.3 | Review and summarize impact of Omni 57 for claims waterfall. |
| Cashman, Brian 2009 | 11/19/2009 | 0.3 | Review and summarize impact of Omni 45 for claims waterfall. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Nemerov, Lara 2009 | 11/19/2009 | 1.9 | Create ordered and adjourned exhibits for omni 50 to appropriately reflect creditors' responses. |
| Nemerov, Lara 2009 | 11/19/2009 | 1.6 | Create ordered and adjourned exhibits for omni 48 to appropriately reflect creditors' responses. |
| Nemerov, Lara 2009 | 11/19/2009 | 1.4 | Create ordered and adjourned exhibits for omni 49 to appropriately reflect creditors' responses. |
| O'Loughlin, Morgan 2009 | 11/19/2009 | 1.2 | Update claims waterfall for ordered Omnibus objection 37 and provide detailed backup by claim. |
| Nemerov, Lara 2009 | 11/19/2009 | 1.1 | Insert new claims into CMS per K. Barksdale's (CC) response. |
| O'Loughlin, Morgan 2009 | 11/19/2009 | 1.1 | Create support by claim for Omnibus objection 44, update with adjourned and withdrawn claims and tie back to ordered exhibit. |
| Nemerov, Lara 2009 | 11/19/2009 | 1.0 | Provide M. O'Loughlin (FTI) waterfall summary for Omni 20. |
| O'Loughlin, Morgan 2009 | 11/19/2009 | 0.9 | Create consolidated backup file with support for each ordered Omnibus objection in support of waterfall. |
| O'Loughlin, Morgan 2009 | 11/19/2009 | 0.9 | Provide support by claim for Omnibus objection 45, update with adjourned claims and tie back to ordered exhibit. |
| O'Loughlin, Morgan 2009 | 11/19/2009 | 0.8 | Provide support by claim for Omnibus objection 46, update with adjourned claims and tie back to ordered exhibit. |
| Nemerov, Lara 2009 | 11/19/2009 | 0.8 | Provide M. O'Loughlin (FTI) waterfall summary for Omni 19. |
| O'Loughlin, Morgan 2009 | 11/19/2009 | 0.8 | Pull together summary schedule of all unliquidated claims based on CMSi detail report and send to B. Cashman (FTI) for review. |
| Nemerov, Lara 2009 | 11/19/2009 | 0.7 | Provide claims detail report for Omni 20 to M. O'Loughlin (FTI) regarding specific claim 776. |
| O'Loughlin, Morgan 2009 | 11/19/2009 | 0.7 | Research claims classified as administrative on Omnibus objection 53 and reclassify certain claims to 503(b)(9). |
| O'Loughlin, Morgan 2009 | 11/19/2009 | 0.6 | Move Omnibus objections 43 and 47 into ordered section of claims waterfall a. |
| O'Loughlin, Morgan 2009 | 11/19/2009 | 0.6 | Review claims detail for Omnibus objection 39 from L. Nemerov (FTI) and tie back partial modification counts to claims waterfall. |
| O'Loughlin, Morgan 2009 | 11/19/2009 | 0.5 | Review supplemental order draft for Omnibus objection 10 from J. Robinson (FTI) and compare to claims waterfall for consistency. |
| O'Loughlin, Morgan 2009 | 11/19/2009 | 0.4 | Exchange emails with J. Robinson (FTI) regarding Omnibus objection 39 claim counts. |
| O'Loughlin, Morgan 2009 | 11/19/2009 | 0.4 | Resolve discrepancies on ordered Omnibus objection 44 between the filed exhibit and ordered exhibit and update claims waterfall. |
| Nemerov, Lara 2009 | 11/19/2009 | 0.3 | Follow up with M. O'Loughlin (FTI) questions regarding adjourned claims on Omni 39 & provide documentation regarding claims 1319 and 1270. |
| Nemerov, Lara 2009 | 11/19/2009 | 0.3 | Provide Omni 45 claim detail report to M. O'Loughlin (FTI) in order to accurately reflect within claims waterfall. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| O'Loughlin, Morgan 2009 | 11/19/2009 | 0.3 | Update counts for Omnibus objection 57 and link waterfall back to detailed listing of claims. |
| O'Loughlin, Morgan 2009 | 11/19/2009 | 0.3 | Update notes in claims waterfall bridge to reflect recently ordered objections. |
| Nemerov, Lara 2009 | 11/19/2009 | 0.2 | Generate file exhibit for Omni 61. |
| Nemerov, Lara 2009 | 11/19/2009 | 0.2 | Make title changes to ordered and adjourned exhibits for Omni 48. |
| Nemerov, Lara 2009 | 11/19/2009 | 0.2 | Provide M. O'Loughlin (FTI) waterfall summary for Omni 39. |
| Nemerov, Lara 2009 | 11/19/2009 | 0.2 | Remove claim 234 from adjourned to withdrawn on Omni 48. |
| Nemerov, Lara 2009 | 11/19/2009 | 0.1 | Provide Omni 42 claim detail report to M. O'Loughlin (FTI) in order to accurately reflect within claims waterfall regarding claims flipped from surviving to child claims. |
| Schaefer, Karl 2009 | 11/19/2009 | 2.0 | Update event status for Omnibus objections 49,50,51,52. |
| Schaefer, Karl 2009 | 11/19/2009 | 1.2 | Load POC images into CMSI for KCC load 18. |
| Schaefer, Karl 2009 | 11/19/2009 | 1.1 | Update claims for Omnibus objections 51,52 per responses of claimants. |
| Schaefer, Karl 2009 | 11/19/2009 | 1.0 | Perform quality checks on Omnibus objection 44 for L. Nemerov (FTI). |
| Schaefer, Karl 2009 | 11/19/2009 | 0.9 | Create Omnibus objection 42 file summary for B. Cashman (FTI). |
| Schaefer, Karl 2009 | 11/19/2009 | 0.8 | Develop view to update tracker table. |
| Schaefer, Karl 2009 | 11/19/2009 | 0.5 | Perform quality checks on Omnibus objection 46 for L. Nemerov (FTI). |
| Coulombe, Stephen L 2009 | 11/20/2009 | 1.0 | Participate in call with J. Robinson (FTI), B. Cashman (FTI), G. Galardi (SASMF) to discuss remaining claims. |
| Coulombe, Stephen L 2009 | 11/20/2009 | 0.6 | Review listing of top 50 claims by claim class. |
| Robinson, Joshua M. 2009 | 11/20/2009 | 1.7 | Prepare listing of Top 50 open Unsecured claims. |
| Robinson, Joshua M. 2009 | 11/20/2009 | 1.6 | Prepare listing of Top 50 open Priority claims. |
| Robinson, Joshua M. 2009 | 11/20/2009 | 1.4 | Prepare listing of top 50 open admin claims. |
| Robinson, Joshua M. 2009 | 11/20/2009 | 1.3 | Prepare listing of top 50 open Secured claims. |
| Robinson, Joshua M. 2009 | 11/20/2009 | 1.0 | Participate on call with S. Coulombe (FTI), B. Cashman (FTI), G. Galardi (SASMF) to discuss remaining claims. |
| Robinson, Joshua M. 2009 | 11/20/2009 | 0.5 | Read and respond to various email questions. |
| Robinson, Joshua M. 2009 | 11/20/2009 | 0.2 | Finalize changes to language on Omni 61. |
| Cashman, Brian 2009 | 11/20/2009 | 1.1 | Participate on call with Skadden and FTI to review claims waterfall. |
| Cashman, Brian 2009 | 11/20/2009 | 1.0 | Participate on call with J. Robinson (FTI), S. Coulombe (FTI) and G. Galardi (SASMF) to discuss remaining claims. |
| Cashman, Brian 2009 | 11/20/2009 | 0.7 | Review updated claims waterfall and distribute to I. Fredericks (SASMF). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Cashman, Brian 2009 | 11/20/2009 | 0.4 | Review draft of top 50 claims by classification report. |
| Cashman, Brian 2009 | 11/20/2009 | 0.4 | Review support for future objections and distribute to counsel. |
| Cashman, Brian 2009 | 11/20/2009 | 0.3 | Review support for ordered claims on Omnibus objections #44-46. |
| Cashman, Brian 2009 | 11/20/2009 | 0.3 | Summarize actions items from call regarding claims waterfall. |
| Cashman, Brian 2009 | 11/20/2009 | 0.3 | Review listing of top 50 claims by classification. |
| Cashman, Brian 2009 | 11/20/2009 | 0.1 | Discuss class 3 claims with I. Fredericks (SASMF). |
| Nemerov, Lara 2009 | 11/20/2009 | 2.7 | Generate analysis in order to accurately provide all remaining claims and tie to waterfall: total remaining claims after adjourned. |
| Nemerov, Lara 2009 | 11/20/2009 | 1.3 | Provide J. Robinson (FTI) with top ten remaining priority claims report. |
| Nemerov, Lara 2009 | 11/20/2009 | 1.2 | Provide J. Robinson (FTI) with top ten remaining admin claims report. |
| O'Loughlin, Morgan 2009 | 11/20/2009 | 1.2 | Create schedule for top 50 claims remaining by class and send to B. Cashman (FTI) for review. |
| Nemerov, Lara 2009 | 11/20/2009 | 1.1 | Provide J. Robinson (FTI) with top ten remaining secured claims report. |
| O'Loughlin, Morgan 2009 | 11/20/2009 | 0.7 | Subtotal and tie back future objections file from H. Ferguson (CC) to claims waterfall. |
| Nemerov, Lara 2009 | 11/20/2009 | 0.4 | Provide claim detail reports to J. Robinson (FTI), M. O'Loughlin (FTI) and B. Cashman (FTI) that accurately show all remaining claims after adjourned by class. |
| Nemerov, Lara 2009 | 11/20/2009 | 0.3 | Create revised exhibits for Omnis 60 and 61. |
| Schaefer, Karl 2009 | 11/20/2009 | 1.8 | Update Omnibus tracker table with claims from Omnibus objections 43-47. |
| Schaefer, Karl 2009 | 11/20/2009 | 1.7 | Generate exhibit B files for Omnibus objections 60, 61 per request of J. Robinson (FTI). |
| Schaefer, Karl 2009 | 11/20/2009 | 1.5 | Generate mail files for Omnibus objections 60, 61 per request of J. Robinson (FTI). |
| Schaefer, Karl 2009 | 11/20/2009 | 1.0 | Perform quality check on Omnibus objections 51,52 for L. Nemerov (FTI). |
| Robinson, Joshua M. 2009 | 11/21/2009 | 0.3 | Discuss top 50 secured claims with B. Cashman (FTI) and identify newly filed claims. |
| Cashman, Brian 2009 | 11/21/2009 | 1.0 | Review filed Omnibus objections 48-52 and verify information in claims waterfall. |
| Cashman, Brian 2009 | 11/21/2009 | 0.3 | Discuss top 50 secured claims with J. Robinson (FTI) and identify newly filed claims. |
| Cashman, Brian 2009 | 11/21/2009 | 0.2 | Draft email to Skadden summarizing top 50 claims by classification including coverage. |
| Cashman, Brian 2009 | 11/22/2009 | 0.3 | Review detail of filed Omnibus objection 42. |
| Cashman, Brian 2009 | 11/22/2009 | 0.2 | Review listing of drawn letters of credit and request research of 2 drawn LC's to match to filed claims. |
| Cashman, Brian 2009 | 11/22/2009 | 0.2 | Draft email to J. McDonald (CC) regarding reconciliation of tax stipulation exhibit to escrow account and identification of payments. |
| Robinson, Joshua M. 2009 | 11/23/2009 | 2.3 | Assist L. Nemerov (FTI) with various questions related to claims. |

*Circuit City Stores, Inc.*
*FTI Consulting, Inc.*
*Exhibit C - Complete Accounting of Time Expended by Day by Professional*
*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Robinson, Joshua M. 2009 | 11/23/2009 | 2.2 | Assist L. Nemerov (FTI) with reconciliation of claims waterfall report. |
| Robinson, Joshua M. 2009 | 11/23/2009 | 1.2 | Begin to process orders for Omni's 53 - 59. |
| Robinson, Joshua M. 2009 | 11/23/2009 | 1.0 | Perform research on rebates per direction from I. Fredrick's (SASMF). |
| Robinson, Joshua M. 2009 | 11/23/2009 | 0.6 | Read and respond to various email questions. |
| Robinson, Joshua M. 2009 | 11/23/2009 | 0.5 | Email E. Gershbein (KCC) regarding claim Stipulation. |
| Robinson, Joshua M. 2009 | 11/23/2009 | 0.4 | Provide listing of new claims as of the last data load. |
| Cashman, Brian 2009 | 11/23/2009 | 1.5 | Participate in claims review meeting with company and its advisors and B. Fose (CC) to discuss vendor receivables and proposed settlements. |
| Cashman, Brian 2009 | 11/23/2009 | 1.1 | Participate in claims review meeting with company and its advisors and H. Ferguson (CC) to discuss claims review update and future objections. |
| Cashman, Brian 2009 | 11/23/2009 | 0.9 | Participate in claims review meeting with company and its advisors and K. Bradshaw (CC) to discuss landlord claims review process, insurance options, stipulations and proposed settlements. |
| Nemerov, Lara 2009 | 11/23/2009 | 2.9 | Review Omnibus Objections from the adjourned claim detail report and verify accuracy to waterfall summary (cont.). |
| Nemerov, Lara 2009 | 11/23/2009 | 2.8 | Review Omnibus Objections from the adjourned claim detail report and verify accuracy to waterfall summary. |
| Nemerov, Lara 2009 | 11/23/2009 | 2.7 | Extract all claims that are currently adjourned on all Omnis and provide detail report to J. Robinson (FTI). |
| Nemerov, Lara 2009 | 11/23/2009 | 1.8 | Identify claims within adjourned detail that have outstanding issues against claims waterfall. |
| Nemerov, Lara 2009 | 11/23/2009 | 1.2 | Review General Electric Adjourned claims and provide detailed analysis to M. O'Loughlin (FTI) for accurate claims waterfall. |
| O'Loughlin, Morgan 2009 | 11/23/2009 | 1.1 | Review adjourned claims detail report provided by L. Nemerov (FTI). |
| Nemerov, Lara 2009 | 11/23/2009 | 0.9 | Create claims detail report showing 35 new claims in CMS as of 11/18. |
| O'Loughlin, Morgan 2009 | 11/23/2009 | 0.7 | Reclassify claims on Omnibus objection 42 which appeared on prior Omnibus objections and now reduce unsecured claims. |
| Nemerov, Lara 2009 | 11/23/2009 | 0.5 | Review claims that have been withdrawn by claimant previously in adjourned section of claims waterfall. |
| Nemerov, Lara 2009 | 11/23/2009 | 0.5 | Provide M. O'Loughlin (FTI) Omni 20 adjourned claims detail report for purposes of accurate summary in claims waterfall. |
| Nemerov, Lara 2009 | 11/23/2009 | 0.4 | Provide M. O'Loughlin (FTI) Omni 19 adjourned claims detail report for purposes of accurate summary in claims waterfall. |
| O'Loughlin, Morgan 2009 | 11/23/2009 | 0.3 | Pull Bank of America stipulation settlement and send to J. Robinson (FTI) to update CMSi. |
| Nemerov, Lara 2009 | 11/23/2009 | 0.2 | Review Bank of America stipulation and verify that it becomes accurately reflected in CMS. |

Circuit City Stores, Inc.

FTI Consulting, Inc.

Exhibit C - Complete Accounting of Time Expended by Day by Professional

For the Period 11/1/2009 through and including 1/31/2010

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Nemerov, Lara 2009 | 11/23/2009 | 0.1 | Communicate with M. O'Loughlin (FTI) how to reflect claim 965 within claims waterfall. |
| Schaefer, Karl 2009 | 11/23/2009 | 2.8 | Prepare Omnibus 41,43,44 adjourned exhibits for waterfall report. |
| Schaefer, Karl 2009 | 11/23/2009 | 1.5 | Generate mail file for Omnibus objection 39. |
| Schaefer, Karl 2009 | 11/23/2009 | 1.2 | Prepare Omnibus 23,24 adjourned exhibits for waterfall report. |
| Schaefer, Karl 2009 | 11/23/2009 | 1.0 | Update claims in CMSI per Bank of America stipulation. Docket #5793. |
| Schaefer, Karl 2009 | 11/23/2009 | 1.0 | Begin load of data file transfer KCC19. |
| Schaefer, Karl 2009 | 11/23/2009 | 0.9 | Generate mail file for Omnibus objection 46. |
| Schaefer, Karl 2009 | 11/23/2009 | 0.9 | Generate mail file for Omnibus objection 44. |
| Schaefer, Karl 2009 | 11/23/2009 | 0.8 | Load proof of claim images into CMS for claims 14655-14709. |
| Schaefer, Karl 2009 | 11/23/2009 | 0.7 | Generate mail file for Omnibus objection 45. |
| Schaefer, Karl 2009 | 11/23/2009 | 0.5 | Prepare Omnibus 23, 34 partially adjourned exhibits for waterfall report. |
| Schaefer, Karl 2009 | 11/23/2009 | 0.4 | Prepare new claims report for L. Nemerov (FTI). |
| Coulombe, Stephen L 2009 | 11/24/2009 | 0.7 | Review court updated claims waterfall draft for treatment of claims expunged by stipulation and paid claims. |
| Robinson, Joshua M. 2009 | 11/24/2009 | 2.2 | Work with L. Nemerov (FTI) on questions related to claims and the waterfall. |
| Robinson, Joshua M. 2009 | 11/24/2009 | 1.5 | Provide sample listing of top young America rebates to K. Bradshaw (CC). |
| Robinson, Joshua M. 2009 | 11/24/2009 | 0.8 | Read and respond to various email questions. |
| Robinson, Joshua M. 2009 | 11/24/2009 | 0.4 | Provide finalized Omni 54 order. |
| Robinson, Joshua M. 2009 | 11/24/2009 | 0.4 | Participate in discussion with K. Bradshaw (CC) on Young America rebates. |
| Robinson, Joshua M. 2009 | 11/24/2009 | 0.4 | Provide finalized Omni 59 order. |
| Cashman, Brian 2009 | 11/24/2009 | 2.3 | Draft presentation on claims management work plan. |
| Cashman, Brian 2009 | 11/24/2009 | 0.6 | Review new claims file provided by L. Nemerov (FTI) and provide feedback. |
| Cashman, Brian 2009 | 11/24/2009 | 0.4 | Review and summarize impact of Omni 42 for claims waterfall. |
| Cashman, Brian 2009 | 11/24/2009 | 0.3 | Review Tom Tom stipulation and ensure proper treatment in claims waterfall. |
| Cartwright, Emily 2009 | 11/24/2009 | 0.5 | Participate in working session with L. Nemerov (FTI) regarding the load process and claim reconciliation questions. |
| Nemerov, Lara 2009 | 11/24/2009 | 2.2 | Work with J. Robinson (FTI) on questions related to claims and the waterfall. |
| O'Loughlin, Morgan 2009 | 11/24/2009 | 1.4 | Reconcile detailed adjourned claims listing to claims waterfall detailed roll-forward page and continue to update reconciling items that tie report back to 11/17 claims waterfall. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Nemerov, Lara 2009 | 11/24/2009 | 1.3 | Review creditors' responses on Omni 56 and verify they are accurately reflected within order and adjourn exhibits; show claim 14044 as the liquidated amount. |
| O'Loughlin, Morgan 2009 | 11/24/2009 | 1.3 | Add reconciling items in detailed adjourned claims listing to bridge back to 11/17 claims waterfall per request from I. Fredericks (SASMF). |
| O'Loughlin, Morgan 2009 | 11/24/2009 | 1.1 | Create summary analysis of adjourned claims by class and objection that ties back to claims waterfall. |
| Nemerov, Lara 2009 | 11/24/2009 | 1.0 | Review data files for Omnis 39, 44, 45, 46, and Supplemental order on 10 and provide to I. Panizales (KCC). |
| Nemerov, Lara 2009 | 11/24/2009 | 0.9 | Review creditors' responses on Omni 55 and verify they are accurately reflected within order and adjourn exhibits; show claims 14148 and 13824 as new docketed amounts. |
| Nemerov, Lara 2009 | 11/24/2009 | 0.8 | Provide M. O'Loughlin (FTI) all claims that have been withdrawn in November, excluding LG. |
| O'Loughlin, Morgan 2009 | 11/24/2009 | 0.8 | Consolidate detailed claims analysis of ordered Omnibus objection 40 and send to B. Cashman (FTI) for review. |
| Nemerov, Lara 2009 | 11/24/2009 | 0.7 | Review creditors' responses on Omni 53 and verify they are accurately reflected within order and adjourn exhibits. |
| Nemerov, Lara 2009 | 11/24/2009 | 0.5 | Contact S. Boehm (MGW) for clarification on Toshiba claim 9648 for its reflection within Omni 46 and whether a settlement has been created. |
| O'Loughlin, Morgan 2009 | 11/24/2009 | 0.5 | Resolve treatment of claim #9648 which appears on both Omnibus objections 19 and 34. |
| Nemerov, Lara 2009 | 11/24/2009 | 0.5 | Review creditors' responses on Omni 59 and verify they are accurately reflected within order and adjourn exhibits. |
| Nemerov, Lara 2009 | 11/24/2009 | 0.5 | Provide M. O'Loughlin (FTI) all exhibits for Omnis recently ordered within docket. |
| Nemerov, Lara 2009 | 11/24/2009 | 0.5 | Participate in working session with E. Cartwright (FTI) regarding the load process and claim reconciliation questions. |
| Nemerov, Lara 2009 | 11/24/2009 | 0.4 | Review creditors' responses on Omni 54 and verify they are accurately reflected within order and adjourn exhibits. |
| O'Loughlin, Morgan 2009 | 11/24/2009 | 0.4 | Verify that claim #368 is in detailed court stipulation supporting schedule. |
| Nemerov, Lara 2009 | 11/24/2009 | 0.4 | Regenerate adjourned claims detail report based on discussions with M. O'Loughlin (FTI) in order to accurately tie to waterfall report. |
| Nemerov, Lara 2009 | 11/24/2009 | 0.3 | Review claim 9648 as how it should be reflected in claims waterfall for Omnis 19 and 34. |
| Schaefer, Karl 2009 | 11/24/2009 | 2.6 | Update waterfall tracker table to tie out Omnibus objections 10, 46. |
| Schaefer, Karl 2009 | 11/24/2009 | 2.0 | Update Waterfall tracker table to eliminate duplicate claims for Omnibus objections 43,44. |
| Schaefer, Karl 2009 | 11/24/2009 | 1.2 | Generate Omnibus objection 59. |
| Schaefer, Karl 2009 | 11/24/2009 | 1.1 | Generate Omnibus objection 55. |
| Schaefer, Karl 2009 | 11/24/2009 | 1.0 | Generate Omnibus objection 57. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Schaefer, Karl 2009 | 11/24/2009 | 0.8 | Update waterfall tracker table to tie out Omnibus objection 39. |
| Coulombe, Stephen L 2009 | 11/25/2009 | 0.5 | Summarize key points in presentation on claims management and send to B. Cashman (FTI). |
| Robinson, Joshua M. 2009 | 11/25/2009 | 0.6 | Review and finalize Omni 57 order. |
| Robinson, Joshua M. 2009 | 11/25/2009 | 0.5 | Review and finalize Omni 53 order. |
| Robinson, Joshua M. 2009 | 11/25/2009 | 0.5 | Review and finalize Omni 58 order. |
| Robinson, Joshua M. 2009 | 11/25/2009 | 0.5 | Review and finalize Omni 56 order. |
| Robinson, Joshua M. 2009 | 11/25/2009 | 0.4 | Review and finalize Omni 55 order. |
| Cashman, Brian 2009 | 11/25/2009 | 1.2 | Review listing of adjourned claims by Omnibus objections and provide to I. Fredericks (SASMF). |
| Cashman, Brian 2009 | 11/25/2009 | 0.9 | Participate in meeting with M. O'Loughlin (FTI) to review detailed adjourned claims listing and reconciling items analysis for I. Fredericks (SASMF). |
| Cashman, Brian 2009 | 11/25/2009 | 0.8 | Prepare presentation on claims management. |
| Cashman, Brian 2009 | 11/25/2009 | 0.5 | Review notes and action items memo prepared by H. Ferguson (CC) after claims review meeting. |
| Nemerov, Lara 2009 | 11/25/2009 | 1.4 | Review creditors' responses on Omni 58 and verify they are accurately reflected within order and adjourn exhibits; show claims 14148 and 13824 as new docketed amounts. |
| O'Loughlin, Morgan 2009 | 11/25/2009 | 1.1 | Resolve variances due to timing for adjourned claims on Omnibus objection 10 and update adjourned claims listing accordingly. |
| O'Loughlin, Morgan 2009 | 11/25/2009 | 0.9 | Participate in meeting with B. Cashman (FTI) to review detailed adjourned claims listing and reconciling items analysis for I. Fredericks (SASMF). |
| O'Loughlin, Morgan 2009 | 11/25/2009 | 0.7 | Format and finalize adjourned claims listing report and send to B. Cashman (FTI). |
| Nemerov, Lara 2009 | 11/25/2009 | 0.6 | Review creditors' responses on Omni 57 and verify they are accurately reflected within order and adjourn exhibits; show claims 14148 and 13824 as new docketed amounts. |
| Duffy, Robert J 2009 | 11/30/2009 | 1.2 | Participate on call with B. Cashman (FTI) to discuss claims review process and next steps. |
| Cashman, Brian 2009 | 11/30/2009 | 1.2 | Participate on call with R. Duffy (FTI) to discuss claims review process and next steps. |
| Cashman, Brian 2009 | 11/30/2009 | 0.8 | Update presentation on claims management. |
| Cashman, Brian 2009 | 11/30/2009 | 0.6 | Review notice of HP settlement and ensure reflected correctly in claims database. |
| Cashman, Brian 2009 | 11/30/2009 | 0.4 | Discuss claims waterfall with J. Marcum (CC) and next steps. |
| Cashman, Brian 2009 | 11/30/2009 | 0.3 | Review emails from H. Ferguson (CC) regarding claims stipulations. |
| O'Loughlin, Morgan 2009 | 11/30/2009 | 1.4 | Create new bridge analysis for claims waterfall that compares 11/17 version sent to Protiviti to current version. |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 11/1/2009 through and including 1/31/2010**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| O'Loughlin, Morgan 2009 | 11/30/2009 | 1.1 | Create summary for recently ordered stipulations with Tom Tom, HP and BofA and ensure that CMSi is updated appropriately. |
| Nemerov, Lara 2009 | 11/30/2009 | 0.9 | Prepare Exhibit for Supplemental order on Omni 21 - claim 2430 and provide to S. Boehm (MGW). |
| O'Loughlin, Morgan 2009 | 11/30/2009 | 0.6 | Exchange emails with L. Nemerov (FTI) regarding recently ordered stipulations and updates to CMSi. |
| O'Loughlin, Morgan 2009 | 11/30/2009 | 0.6 | Make updates to Omnibus objection 42 supporting detail with recently posted order. |
| Nemerov, Lara 2009 | 11/30/2009 | 0.6 | Provide data files for Omni 42 to I. Panizales (KCC) and M. O'Loughlin (FTI). |
| Nemerov, Lara 2009 | 11/30/2009 | 0.6 | Make changes regarding HP stipulation within CMS. |
| Nemerov, Lara 2009 | 11/30/2009 | 0.5 | Review Omni 47 supplemental order - withdrawn claims and provide to S. Boehm (MGW). |
| Schaefer, Karl 2009 | 11/30/2009 | 1.5 | Generate mail files for Omnibus objections 54-59. |
| Schaefer, Karl 2009 | 11/30/2009 | 0.8 | Generate mail files for the Unsecured claims voting objection. |
| Schaefer, Karl 2009 | 11/30/2009 | 0.6 | Generate Omnibus 47 supplemental order to withdrawn claims. |
| Schaefer, Karl 2009 | 11/30/2009 | 0.3 | Insert claims into waterfall tracker table for Omnibus objections 53-59, per request of L. Nemerov. |
| Cashman, Brian 2009 | 12/1/2009 | 1.2 | Review top 50 claims by classification less future objections and distribute to management and Skadden. |
| Cashman, Brian 2009 | 12/1/2009 | 0.7 | Provide listing of allowed claims to I. Fredericks (SASMF). |
| Cashman, Brian 2009 | 12/1/2009 | 0.6 | Review with H. Ferguson (CC) instances where future objections are greater than remaining claim amount and determine reason. |
| O'Loughlin, Morgan 2009 | 12/1/2009 | 1.6 | Create listing of top 50 claims remaining by class after future omnibus objections have been asserted for I. Fredericks (SASMF). |
| O'Loughlin, Morgan 2009 | 12/1/2009 | 1.3 | Update claims waterfall with recently ordered court stipulations and confirm treatment of certain claims on prior objections. |
| Nemerov, Lara 2009 | 12/1/2009 | 1.2 | Load new claims into CMS received from KCC and generate new claims report to provide to team. |
| O'Loughlin, Morgan 2009 | 12/1/2009 | 1.2 | Prepare summary of recently ordered court stipulations with court exhibits and send to J. Robinson (FTI) for update of CMSi database. |
| O'Loughlin, Morgan 2009 | 12/1/2009 | 0.9 | Provide detailed support for Omnibus Objection 10 to capture effect of supplemental orders in claims waterfall. |
| Nemerov, Lara 2009 | 12/1/2009 | 0.7 | Analyze claim detail report from CMSi in order to properly identify claims that have been on stipulations and communicate updates to M. O'Loughlin (FTI). |
| O'Loughlin, Morgan 2009 | 12/1/2009 | 0.6 | Review court stipulation (docket #5903) with Enfield, CT and reclassify claim from 503(b)(9) to unsecured in claims waterfall. |
| O'Loughlin, Morgan 2009 | 12/1/2009 | 0.4 | Research Plum Choice court stipulation and add line in claims waterfall to capture payment of $1.1M allowed administrative claim. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| O'Loughlin, Morgan 2009 | 12/1/2009 | 0.4 | Review email from S. Boehm (MGW) regarding court stipulations list compared to list from claims waterfall. |
| Nemerov, Lara 2009 | 12/1/2009 | 0.4 | Provide excel files for Omnis 48-52 to H. Ferguson (CC). |
| O'Loughlin, Morgan 2009 | 12/1/2009 | 0.4 | Confirm treatment of United States Commerce Department National in court stipulations schedule per questions from H. Ferguson (CC). |
| O'Loughlin, Morgan 2009 | 12/1/2009 | 0.3 | Exchange emails with D. Foley (MGW) regarding Eel McKee landlord cross guaranty. |
| Nemerov, Lara 2009 | 12/1/2009 | 0.2 | Review stipulation for claim #8955 and provide summary to M. O'Loughlin (FTI). |
| Coulombe, Stephen L 2009 | 12/2/2009 | 0.7 | Review various claims schedules prepared by M. O'Loughlin (FTI) and provide comments. |
| Cashman, Brian 2009 | 12/2/2009 | 1.6 | Review updated top claims by class reflecting adjustments requested by I. Fredericks (SASMF) and distribute. |
| Cashman, Brian 2009 | 12/2/2009 | 1.6 | Review stratification of claims by class report prepared by M. O'Loughlin (FTI) and distribute to I. Fredericks (SASMF). |
| Cashman, Brian 2009 | 12/2/2009 | 1.3 | Review listing of new claims prepared by TACM group and distribute to H. Ferguson (CC). |
| Cashman, Brian 2009 | 12/2/2009 | 1.0 | Review emails from J. Kumar (SASMF) summarizing review of adjourned claims in order to determine how to reflect in CMSi database and claims waterfall. |
| Cashman, Brian 2009 | 12/2/2009 | 0.3 | Review support summarizing Omni 10 and ensure accuracy of claims waterfall. |
| Nemerov, Lara 2009 | 12/2/2009 | 2.8 | Review claims stipulation report from M. O'Loughlin (FTI) and make notes for action items from S. Boehm (MGW). |
| O'Loughlin, Morgan 2009 | 12/2/2009 | 1.4 | Create summary schedule which stratifies remaining claim amount into five buckets and send to B. Cashman (FTI) for review. |
| O'Loughlin, Morgan 2009 | 12/2/2009 | 1.3 | Update adjourned claims listing for claims waterfall and tie to detailed roll-forward by omnibus objection. |
| O'Loughlin, Morgan 2009 | 12/2/2009 | 1.2 | Reconcile reduction amount and net effect to claims in court stipulations and send to L. Nemerov (FTI). |
| O'Loughlin, Morgan 2009 | 12/2/2009 | 0.8 | Re-run top 50 claims by class schedule with new future objections file provided by H. Ferguson (CC) for I. Fredericks (SASMF). |
| O'Loughlin, Morgan 2009 | 12/2/2009 | 0.8 | Add allowed claims line in summary of claims schedule and send updated schedule to B. Cashman (FTI). |
| O'Loughlin, Morgan 2009 | 12/2/2009 | 0.7 | Provide detailed listing of allowed claims per CMSi database and send to B. Cashman (FTI) for distribution to Skadden. |
| Nemerov, Lara 2009 | 12/2/2009 | 0.4 | Provide POC PDFs to D. Blanks (MGW) for a legal audit on possible amended claims to be disallowed. |
| O'Loughlin, Morgan 2009 | 12/2/2009 | 0.4 | Review future objections file from H. Ferguson (CC) and confirm that there is no double counting of reduction amounts to claims. |
| Coulombe, Stephen L 2009 | 12/3/2009 | 0.7 | Review listing of top 50 listing of remaining claims by class and compare to cash and claims at effective date analysis for reasonableness. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Cashman, Brian 2009 | 12/3/2009 | 1.2 | Review future objections in different format as requested by I. Fredericks (SASMF). |
| Cashman, Brian 2009 | 12/3/2009 | 0.6 | Review updated top claims by class to include top 50 claims and distribute. |
| Nemerov, Lara 2009 | 12/3/2009 | 1.9 | Verify claims waterfall has all stipulations reflected accurately based on responses from S. Boehm (MGW). |
| O'Loughlin, Morgan 2009 | 12/3/2009 | 1.1 | Update top 50 listing of remaining claims and note differences to prior version and send to B. Cashman (FTI). |
| Nemerov, Lara 2009 | 12/3/2009 | 0.9 | Update CMS based on responses from S. Boehm (MGW) per claims stipulation report action items. |
| O'Loughlin, Morgan 2009 | 12/3/2009 | 0.9 | Update withdrawn claims listing for claims waterfall and back out certain claims out of prior omnibus objections to avoid double counting. |
| O'Loughlin, Morgan 2009 | 12/3/2009 | 0.8 | Update claims waterfall with future objections file from H. Ferguson (CC). |
| O'Loughlin, Morgan 2009 | 12/3/2009 | 0.6 | Update bridge to claims waterfall from 11/17 version to illustrate the effect of recently ordered court stipulation to the remaining claims by class. |
| O'Loughlin, Morgan 2009 | 12/3/2009 | 0.4 | Review listing of new claims filed from L. Nemerov (FTI) and make sure claims waterfall 'gross claims filed' line is updated accordingly. |
| O'Loughlin, Morgan 2009 | 12/3/2009 | 0.3 | Exchange emails with H. Ferguson (CC) regarding headings of certain columns in future objections report. |
| O'Loughlin, Morgan 2009 | 12/3/2009 | 0.3 | Subtotal by class and format future objections file per H. Fergusson (CC) with request from I. Fredericks (SASMF). |
| O'Loughlin, Morgan 2009 | 12/3/2009 | 0.2 | Update supplemental order section of claims waterfall to show effect of resolved claims that were previously captured in adjourned claims section. |
| Coulombe, Stephen L 2009 | 12/4/2009 | 1.1 | Review claims waterfall prepared by M. O'Loughlin (FTI) with the bridge to prior version to note variances to prior analysis. |
| Robinson, Joshua M. 2009 | 12/4/2009 | 0.8 | Prepare claims status chart for MGW. |
| Robinson, Joshua M. 2009 | 12/4/2009 | 0.3 | Answer questions from L. Nemerov (FTI) regarding modifications to certain Toshiba claims. |
| Nemerov, Lara 2009 | 12/4/2009 | 0.9 | Generate claims summary report and provide to D. Blanks (MGW), S. Boehm (MGW), J. Robinson (FTI). |
| Nemerov, Lara 2009 | 12/4/2009 | 0.6 | Ensure accuracy of data files for Omnis 53-59 and provide to I. Panizales (KCC). |
| Nemerov, Lara 2009 | 12/4/2009 | 0.6 | Provide ordered and withdrawn exhibits for omni 53 to appropriately reflect creditors' responses to S. Boehm (MGW). |
| Nemerov, Lara 2009 | 12/4/2009 | 0.5 | Review claim 1209 and properly reflect changes from Omni 20 per request of K. Barksdale (CC). |
| Nemerov, Lara 2009 | 12/4/2009 | 0.4 | Update claims waterfall and CMS to properly reflect Toshiba withdrawal. |
| O'Loughlin, Morgan 2009 | 12/4/2009 | 0.3 | Format future objections file and send to B. Cashman (FTI) for review before sending to Skadden. |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 11/1/2009 through and including 1/31/2010**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Schaefer, Karl 2009 | 12/4/2009 | 0.3 | Generate mail files for omnibus objections 53 and 59. |
| Robinson, Joshua M. 2009 | 12/7/2009 | 2.9 | Participate on claims status call. |
| Robinson, Joshua M. 2009 | 12/7/2009 | 1.1 | Assist L. Nemerov (FTI) with questions related to claims. |
| Robinson, Joshua M. 2009 | 12/7/2009 | 1.1 | Research Apple transactional questions from I. Fredrick's (SASMF). |
| Robinson, Joshua M. 2009 | 12/7/2009 | 0.4 | Read and respond to email questions. |
| Cashman, Brian 2009 | 12/7/2009 | 0.9 | Review proof of claims and analysis of drawn letters of credit relating to claims filed and communicate findings to I. Frederick (CC) and D. Foley (MGW) for follow up. |
| Cashman, Brian 2009 | 12/7/2009 | 0.6 | Review Plumchoice stipulation and ensured appropriate reporting in claims waterfall. |
| Cashman, Brian 2009 | 12/7/2009 | 0.5 | Review agenda and notes and action items memo prepared and distributed by H. Ferguson (CC) in anticipation of claims review meeting. |
| Cashman, Brian 2009 | 12/7/2009 | 0.5 | Review new claims report prepared by TACM and discuss process of sending to H. Ferguson (CC) for review and triage. |
| Cashman, Brian 2009 | 12/7/2009 | 0.3 | Email I. Fredericks (SASMF) the answer per H. Ferguson (CC) to question regarding future objection amounts. |
| Nemerov, Lara 2009 | 12/7/2009 | 3.0 | Generate claims tracker report that includes all claims on all Omnis on a detail level to H. Ferguson (CC). |
| Nemerov, Lara 2009 | 12/7/2009 | 1.8 | Make changes to claims summary report for Omnis 12, 25, 26, and 38; subsequently provide updated report to D. Blanks (MGW), S. Boehm (MGW), J. Robinson (FTI). |
| Nemerov, Lara 2009 | 12/7/2009 | 0.9 | Continue to generate claims tracker report that includes all claims on all Omnis on a detail level to H. Ferguson (CC). |
| O'Loughlin, Morgan 2009 | 12/7/2009 | 0.9 | Create detailed support for reduction by claim for omnibus objection #12 to ensure that all supplemental orders are captured properly. |
| Nemerov, Lara 2009 | 12/7/2009 | 0.9 | Generate new claims report to provide to team for claims 14751 and 14752. |
| O'Loughlin, Morgan 2009 | 12/7/2009 | 0.7 | Update claims waterfall with withdrawn Toshiba claim #14503 for omnibus objection 46, withdrawn claims listing and back out of H. Ferguson (CC) future objections file. |
| Nemerov, Lara 2009 | 12/7/2009 | 0.4 | Communicate CMS updates for HP settlement with H. Ferguson (CC). |
| Nemerov, Lara 2009 | 12/7/2009 | 0.3 | Communicate changes made within CMS on Omnis 12, 25, 26, and 38 to M. O'Loughlin (FTI) for purposes of claims waterfall. |
| Robinson, Joshua M. 2009 | 12/8/2009 | 0.9 | Work with L. Nemerov (FTI) on adjourned claims listing. |
| Robinson, Joshua M. 2009 | 12/8/2009 | 0.1 | Read and respond to email questions. |
| Cashman, Brian 2009 | 12/8/2009 | 1.7 | Participate in claims review meeting with company and its advisors and H. Ferguson (CC) to discuss claims review update and future objections. |
| Cashman, Brian 2009 | 12/8/2009 | 0.8 | Participate in claims review meeting with company and its advisors and B. Fose (CC) to discuss vendor receivables and proposed settlements. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Cashman, Brian 2009 | 12/8/2009 | 0.7 | Participate in claims review meeting with company and its advisors and K. Bradshaw (CC) to discuss landlord claims review process, insurance options, stipulations and proposed settlements. |
| Cashman, Brian 2009 | 12/8/2009 | 0.6 | Participate in claims review meeting with company and its advisors and A. Pietrantoni (CC) to discuss employee related claims review process and proposed action plans. |
| Cashman, Brian 2009 | 12/8/2009 | 0.4 | Participate in claims review meeting with company and its advisors and H. Ferguson (CC) to discuss claims review agenda. |
| Nemerov, Lara 2009 | 12/8/2009 | 1.8 | Research and respond to notes from J. Kumar (SASMF) on adjourned claims listing. |
| Nemerov, Lara 2009 | 12/8/2009 | 1.4 | Review notes from M. O'Loughlin (FTI) from adjourned claims detail report. |
| O'Loughlin, Morgan 2009 | 12/8/2009 | 1.1 | Create backup schedule for reduction to claims for omnibus objection #26 to ensure the effect of supplemental orders is captured in waterfall. |
| Nemerov, Lara 2009 | 12/8/2009 | 0.9 | Work with J. Robinson (FTI) on adjourned claims listing. |
| O'Loughlin, Morgan 2009 | 12/8/2009 | 0.9 | Update backup supplemental schedule for reduction to claims for omnibus objection #25 to ensure the effect of supplemental orders is captured in waterfall. |
| O'Loughlin, Morgan 2009 | 12/8/2009 | 0.9 | Create summary table that drives off of the detailed adjourned claims listing and feeds the detailed omnibus objection roll-forward. |
| Nemerov, Lara 2009 | 12/8/2009 | 0.8 | Participate on call with M. O'Loughlin (FTI) to discuss adjourned claims by objection and draft response to S. Baker (SASMF). |
| O'Loughlin, Morgan 2009 | 12/8/2009 | 0.8 | Participate on call with L. Nemerov (FTI) to discuss adjourned claims by objection and draft response to S. Baker (SASMF). |
| O'Loughlin, Morgan 2009 | 12/8/2009 | 0.7 | Research potential missing adjourned claims listing from S. Baker (SASMF) and note reasoning for each claim. |
| O'Loughlin, Morgan 2009 | 12/8/2009 | 0.6 | Review email from S. Baker (SASMF) regarding the listing of adjourned claims . |
| O'Loughlin, Morgan 2009 | 12/8/2009 | 0.6 | Review wording in supplemental exhibits for omnibus objections #25 and #26 and send summary to L. Nemerov (FTI) regarding treatment of certain claims in CMSi. |
| Nemerov, Lara 2009 | 12/8/2009 | 0.5 | Respond to inquiry regarding NYC dept of finance on Omni 53 from J. Liberi (SASMF). |
| Nemerov, Lara 2009 | 12/8/2009 | 0.4 | Read stipulation on Omnis 25/26 and verify with S. Boehm (MGW) the status of remaining claims adjourned on Omnis 25 and 26. |
| Nemerov, Lara 2009 | 12/8/2009 | 0.2 | Provide POC 1328 to B. Stark (MGW). |
| Robinson, Joshua M. 2009 | 12/9/2009 | 1.5 | Assist L. Nemerov (FTI) with prep of new omnibus objections. |
| Robinson, Joshua M. 2009 | 12/9/2009 | 0.8 | Work with L. Nemerov (FTI) to publish claims reports. |
| Robinson, Joshua M. 2009 | 12/9/2009 | 0.7 | Email E. Gershbein (KCC) regarding changes needed to claims register. |
| Robinson, Joshua M. 2009 | 12/9/2009 | 0.5 | Read and respond to email questions. |
| Cashman, Brian 2009 | 12/9/2009 | 0.7 | Participate in meeting with M. O'Loughlin (FTI) to review responses to S. Baker (SASMF) regarding adjourned claims. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Nemerov, Lara 2009 | 12/9/2009 | 1.7 | Prepare exhibit c - draft - for Omni 63: Weidler class claims. |
| Nemerov, Lara 2009 | 12/9/2009 | 1.2 | Prepare exhibit c - draft - for Omni 62 and provide to J. Liberi (SASMF), K. Barksdale (CC), H. Ferguson (CC). |
| Nemerov, Lara 2009 | 12/9/2009 | 1.1 | Update waterfall report based on recent supplemental orders and filed Omnis. |
| Nemerov, Lara 2009 | 12/9/2009 | 0.9 | Prepare Omni 8 supplemental order - exhibit b (ordered)/exhibit a (objection withdrawn) per request of J. Kumar (SASMF). |
| Nemerov, Lara 2009 | 12/9/2009 | 0.8 | Provide S. Boehm (SASMF) with POC images for HR objection claims to be disallowed. |
| Nemerov, Lara 2009 | 12/9/2009 | 0.8 | Work with J. Robinson (FTI) to publish claims reports. |
| O'Loughlin, Morgan 2009 | 12/9/2009 | 0.7 | Participate in meeting with B. Cashman (FTI) to review responses to S. Baker (SASMF) regarding adjourned claims. |
| Nemerov, Lara 2009 | 12/9/2009 | 0.5 | Prepare Omni 19 supplemental order -exhibit a (ordered)/exhibit b (objection withdrawn) per request of S. Boehm (MGW). |
| O'Loughlin, Morgan 2009 | 12/9/2009 | 0.4 | Exchange emails with L. Nemerov (FTI) regarding treatment of claim #1450 with Snell Acoustics to ensure reduction is only counted once in waterfall. |
| O'Loughlin, Morgan 2009 | 12/9/2009 | 0.3 | Update CMS and verify that claims on Omni 25 and 26 are released back into remaining claims population with L. Nemerov (FTI). |
| Nemerov, Lara 2009 | 12/9/2009 | 0.3 | Update CMS and verify that claims on Omni 25 and 26 are released back into remaining claims population with M. O'Loughlin (FTI). |
| Nemerov, Lara 2009 | 12/9/2009 | 0.3 | Update Omni 63 exhibit c to exclude claim 8280 per request of S. Boehm (MGW). |
| O'Loughlin, Morgan 2009 | 12/9/2009 | 0.3 | Send email to L. Nemerov (FTI) and J. Robinson (FTI) regarding withdrawn Toshiba claim #14672. |
| O'Loughlin, Morgan 2009 | 12/9/2009 | 0.2 | Update CMS and verify that claim 11242 is released back into remaining claims population with L. Nemerov (FTI). |
| Nemerov, Lara 2009 | 12/9/2009 | 0.2 | Update CMS and verify that claim 11242 is released back into remaining claims population with M. O'Loughlin (FTI). |
| Nemerov, Lara 2009 | 12/9/2009 | 0.2 | Provide POC 14239 and 14165 to B. Stark (MGW). |
| Coulombe, Stephen L 2009 | 12/10/2009 | 0.9 | Review latest claims waterfall and provide comments to team. |
| Robinson, Joshua M. 2009 | 12/10/2009 | 1.0 | Assist L. Nemerov (FTI) with claims waterfall reporting adjustments. |
| Cashman, Brian 2009 | 12/10/2009 | 1.0 | Respond to emails from J. Kumar (SASMF) regarding adjourned claims. |
| Nemerov, Lara 2009 | 12/10/2009 | 1.3 | Research possible changes to be made on waterfall report from M. O'Loughlin (FTI) relating to claims withdrawn by claimant. |
| O'Loughlin, Morgan 2009 | 12/10/2009 | 1.2 | Update notes to claims waterfall bridge to note changes in net remaining claims by class with withdrawn, stipulations and recently ordered omnibus objections. |
| Nemerov, Lara 2009 | 12/10/2009 | 1.2 | Generate Omni 62 exhibit b and provide to J. Liberi (SASMF). |
| Nemerov, Lara 2009 | 12/10/2009 | 1.1 | Provide data files for Omnis 62 and 63 to I. Panizales (KCC) and M. O'Loughlin (FTI). |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 11/1/2009 through and including 1/31/2010**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Nemerov, Lara 2009 | 12/10/2009 | 1.0 | Review updated claims waterfall from M. O'Loughlin (FTI) for verification on counts for reclassification Omnis (ex: 19, 20). |
| Nemerov, Lara 2009 | 12/10/2009 | 0.8 | Review triage results from K. Barksdale (CC). |
| O'Loughlin, Morgan 2009 | 12/10/2009 | 0.6 | Review current draft of claims waterfall analysis with B. Cashman (FTI). |
| Nemerov, Lara 2009 | 12/10/2009 | 0.5 | Provide Omni 61/62 claims detail to M. O'Loughlin (FTI). |
| Nemerov, Lara 2009 | 12/10/2009 | 0.5 | Provide omni 10 adjourned claim detail report to M. O'Loughlin (FTI) in order to accurately respond to Skadden's notes for adjourned claims. |
| O'Loughlin, Morgan 2009 | 12/10/2009 | 0.4 | Update supplemental order section for omnibus objection #8. |
| Nemerov, Lara 2009 | 12/10/2009 | 0.4 | Research claims filter for Omni 60 and resolve issues where claims are not showing up within claims detail report for M. O'Loughlin (FTI). |
| Nemerov, Lara 2009 | 12/10/2009 | 0.3 | Update omni 63 exhibit b and c to remove claim 7062 from the objection. |
| Nemerov, Lara 2009 | 12/10/2009 | 0.2 | Provide Omni 60 claims detail to M. O'Loughlin (FTI). |
| Robinson, Joshua M. 2009 | 12/11/2009 | 0.5 | Review Omni 64 and 65 from L. Nemerov (FTI). |
| Nemerov, Lara 2009 | 12/11/2009 | 1.5 | Generate Omni 65 exhibit b and c. |
| Nemerov, Lara 2009 | 12/11/2009 | 1.4 | Send adjourned claims report to B. Cashman (FTI) and M. O'Loughlin (FTI) updated up to Omni 58. |
| Nemerov, Lara 2009 | 12/11/2009 | 1.0 | Provide Omni 64 data file to I. Panizales (KCC). |
| Nemerov, Lara 2009 | 12/11/2009 | 1.0 | Generate Omni 64 exhibit b and c. |
| O'Loughlin, Morgan 2009 | 12/11/2009 | 1.0 | Create support by claim for omnibus objection #60, tie back to exhibit and update claims waterfall. |
| Nemerov, Lara 2009 | 12/11/2009 | 0.7 | Run claims analysis for claims to be possibly filed on Omnis 64 and 65. |
| Nemerov, Lara 2009 | 12/11/2009 | 0.2 | Revise Omni 65 exhibit b - formatting. |
| Nemerov, Lara 2009 | 12/11/2009 | 0.2 | Follow up regarding status on Bethesda Software for Omni 4. |
| Robinson, Joshua M. 2009 | 12/14/2009 | 1.6 | Begin to review rebates analysis in preparation of call with Skadden. |
| Cashman, Brian 2009 | 12/14/2009 | 1.1 | Update claims waterfall for break out of adjourned claims. |
| Cashman, Brian 2009 | 12/14/2009 | 0.6 | Discuss claims waterfall with J. Marcum (CC). |
| Nemerov, Lara 2009 | 12/14/2009 | 1.2 | Load new claims into CMS received from KCC and generate new claims report to provide to team. |
| Nemerov, Lara 2009 | 12/14/2009 | 1.0 | Revise exhibit b for Omni 9  adjourns per request of B. Stark (MGW). |
| O'Loughlin, Morgan 2009 | 12/14/2009 | 0.9 | Create support by claim for omnibus objection #61, tie back to exhibit and update claims waterfall. |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 11/1/2009 through and including 1/31/2010**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Nemerov, Lara 2009 | 12/14/2009 | 0.8 | Update total claims filed waterfall report based on new claims received from KCC and provide to M. O'Loughlin (FTI). |
| O'Loughlin, Morgan 2009 | 12/14/2009 | 0.6 | Create support by claim for omnibus objection #62, tie back to exhibit and update claims waterfall. |
| Nemerov, Lara 2009 | 12/14/2009 | 0.6 | Create Toshiba claims summary report and Omni 46 claims summary report to properly resolve Toshiba claims with S. Boehm (MGW). |
| Nemerov, Lara 2009 | 12/14/2009 | 0.6 | Read Infogain stipulation and verify claims are reflected properly in CMS/make appropriate updates. |
| Nemerov, Lara 2009 | 12/14/2009 | 0.5 | Revise Omni 50 adjourned and ordered exhibits per request of S. Boehm (MGW). |
| Nemerov, Lara 2009 | 12/14/2009 | 0.5 | Read GE stipulation and verify claims are reflected properly in CMS. |
| Nemerov, Lara 2009 | 12/14/2009 | 0.3 | Remove Lacrosse Tech off of exhibit b for Omni 9 per request of B. Stark (MGW) and communicate update to M. O'Loughlin (FTI). |
| Nemerov, Lara 2009 | 12/14/2009 | 0.3 | Verify M. O'Loughlin (FTI) has received all data files for Omnis 53- 64. |
| Nemerov, Lara 2009 | 12/14/2009 | 0.2 | Update Bethesda software claims to be adjourned on Omni 4 in CMS and waterfall. |
| Robinson, Joshua M. 2009 | 12/15/2009 | 0.5 | Participate on call to discuss rebates with I. Fredrick's (SASMF) and S. Baker (SASMF). |
| Nemerov, Lara 2009 | 12/15/2009 | 2.7 | Update waterfall report and begin to research gap between CMS and M. O'Loughlin (FTI) data. |
| Nemerov, Lara 2009 | 12/15/2009 | 1.5 | Update waterfall report to exclude Omnis 48-52 from adjourns and orders. |
| O'Loughlin, Morgan 2009 | 12/15/2009 | 0.9 | Update claims waterfall with recently ordered omnibus objection #53, tie out to exhibit and update claims waterfall. |
| O'Loughlin, Morgan 2009 | 12/15/2009 | 0.8 | Update claims waterfall with recently ordered omnibus objection #55, tie out to exhibit and update claims waterfall. |
| O'Loughlin, Morgan 2009 | 12/15/2009 | 0.6 | Update claims waterfall with recently ordered omnibus objection #54, tie out to exhibit and update claims waterfall. |
| O'Loughlin, Morgan 2009 | 12/15/2009 | 0.6 | Create support by claim for omnibus objection #63, tie back to exhibit and update claims waterfall. |
| Nemerov, Lara 2009 | 12/15/2009 | 0.4 | Revise Omni 50 adjourned and ordered exhibits to reflect change on Cyber Power per request of S. Boehm (MGW). |
| O'Loughlin, Morgan 2009 | 12/15/2009 | 0.4 | Create support by claim for omnibus objection #64, tie back to exhibit and update claims waterfall. |
| Nemerov, Lara 2009 | 12/15/2009 | 0.3 | Communicate with M. O'Loughlin (FTI) status of claims on Omni 53. |
| O'Loughlin, Morgan 2009 | 12/15/2009 | 0.3 | Communicate with L. Nemerov (FTI) status of claims on Omni 53. |
| Nemerov, Lara 2009 | 12/15/2009 | 0.2 | Communicate with M. O'Loughlin (FTI) status of claims on Omni 55. |
| O'Loughlin, Morgan 2009 | 12/15/2009 | 0.2 | Communicate with L. Nemerov (FTI) status of claims on Omni 55. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Coulombe, Stephen L 2009 | 12/16/2009 | 0.7 | Review updated claims waterfall and compare to liquidation analysis assumptions for reasonableness. |
| Cashman, Brian 2009 | 12/16/2009 | 1.8 | Participate on call with J. Marcum (CC), M. Mosier (CC), D. Foley (MGW), S. Boehm (MGW) and I. Fredericks (SASMF) to discuss adjourned claims. |
| Cashman, Brian 2009 | 12/16/2009 | 1.7 | Review updated claims waterfall. |
| Cashman, Brian 2009 | 12/16/2009 | 0.8 | Review reports from CMSi supporting the claims waterfall. |
| Nemerov, Lara 2009 | 12/16/2009 | 1.6 | Update several claims and Omnis within waterfall report, provide changes for adjourns back to M. O'Loughlin (FTI). |
| Nemerov, Lara 2009 | 12/16/2009 | 1.2 | Review notes on claims waterfall report for M. O'Loughlin (FTI) and make subsequent changes within analysis. |
| O'Loughlin, Morgan 2009 | 12/16/2009 | 0.9 | Update claims waterfall with recently ordered omnibus objection #56, tie out to exhibit and update claims waterfall. |
| O'Loughlin, Morgan 2009 | 12/16/2009 | 0.9 | Update claims waterfall with recently ordered omnibus objection #58, tie out to exhibit and update claims waterfall. |
| O'Loughlin, Morgan 2009 | 12/16/2009 | 0.9 | Update claims waterfall with recently ordered omnibus objection #59, tie out to exhibit and update claims waterfall. |
| Nemerov, Lara 2009 | 12/16/2009 | 0.8 | Identify reclamation claims in CMS claims waterfall report and communicate update to M. O'Loughlin (FTI). |
| O'Loughlin, Morgan 2009 | 12/16/2009 | 0.8 | Update claims waterfall with recently ordered omnibus objection #57, tie out to exhibit and update claims waterfall. |
| Nemerov, Lara 2009 | 12/16/2009 | 0.8 | Update formatting for claims waterfall reports in order to appropriately provide with entire CC team. |
| O'Loughlin, Morgan 2009 | 12/16/2009 | 0.7 | Tie out all claims resolved per court stipulation in CMSi to court stipulation supporting schedule for claims waterfall. |
| O'Loughlin, Morgan 2009 | 12/16/2009 | 0.5 | Update gross claims filed count and dollars for claims waterfall and tie back to detail by class. |
| O'Loughlin, Morgan 2009 | 12/16/2009 | 0.4 | Confirm treatment of liquidating certain claims for omnibus objection #56 with L. Nemerov (FTI). |
| Nemerov, Lara 2009 | 12/16/2009 | 0.4 | Confirm treatment of liquidating certain claims for omnibus objection #56 with M. O'Loughlin (FTI). |
| Nemerov, Lara 2009 | 12/16/2009 | 0.2 | Research claim 14044 from Omni 56 and confirm amount being disallowed with M. O'Loughlin (FTI). |
| O'Loughlin, Morgan 2009 | 12/16/2009 | 0.2 | Research claim 14044 from Omni 56 and confirm amount being disallowed with L. Nemerov (FTI). |
| Coulombe, Stephen L 2009 | 12/17/2009 | 0.9 | Review claims waterfall with new detail regarding adjourned claims. |
| Duffy, Robert J 2009 | 12/17/2009 | 0.6 | Participate on call to discuss claims status and action items with J. Marcum (CC), S. Coulombe (FTI) and B. Cashman (FTI). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Coulombe, Stephen L 2009 | 12/17/2009 | 0.6 | Participate on call to discuss claims status and action items with J. Marcum (CC), R. Duffy (FTI) and B. Cashman (FTI). |
| Robinson, Joshua M. 2009 | 12/17/2009 | 1.0 | Research question related to Omni 8 from M. O'Loughlin (FTI). |
| Cashman, Brian 2009 | 12/17/2009 | 0.5 | Participate on part of call to discuss claims status and action items with J. Marcum (CC), R. Duffy (FTI) and S. Coulombe (FTI). |
| O'Loughlin, Morgan 2009 | 12/17/2009 | 1.2 | Break out adjourned claims into three buckets for substantive, procedural and procedural1 and re-distribute to the Company for review. |
| O'Loughlin, Morgan 2009 | 12/17/2009 | 1.1 | Make updates to claims waterfall with comments from B. Cashman (FTI) and send to M. Mosier (CC) and J. Marcum (CC) for review. |
| O'Loughlin, Morgan 2009 | 12/17/2009 | 0.8 | Synchronize CMSi listing of ordered claims with claims waterfall support and ensure that claims are not double counted. |
| Nemerov, Lara 2009 | 12/17/2009 | 0.8 | Review claims ordered on multiple Omnis and verify reclassified claims are reflected accurately on second Omni and provide changes back to M. O'Loughlin (FTI). |
| Nemerov, Lara 2009 | 12/17/2009 | 0.7 | Proof out Omnis that do not match between CMS and claims waterfall report and research notes from M. O'Loughlin (FTI). |
| O'Loughlin, Morgan 2009 | 12/17/2009 | 0.6 | Summarize court stipulation with Southroads Llc., (docket #5954) and send to L. Nemerov (FTI) and J. Robinson (FTI) to update CMSi. |
| Nemerov, Lara 2009 | 12/17/2009 | 0.5 | Communicate with S. Boehm (MGW) Dirley Ball claims adjourned on Omni 8 and suggest a supplemental order for claim 11107. |
| Nemerov, Lara 2009 | 12/17/2009 | 0.5 | Make claims detail report for all claims adjourned or ordered on Omnis available within CMSi per request of K. Babb (CC). |
| Nemerov, Lara 2009 | 12/17/2009 | 0.5 | Update resolved claims report based on Southroads stipulation. |
| O'Loughlin, Morgan 2009 | 12/17/2009 | 0.4 | Review claim #11107 adjourned claim per CMSi and send summary to L. Nemerov (FTI) to update the database. |
| Nemerov, Lara 2009 | 12/17/2009 | 0.2 | Provide M. O'Loughlin (FTI) claims detail report for all claims ordered or adjourned on Omnibus Objections. |
| Nemerov, Lara 2009 | 12/17/2009 | 0.2 | Review claim 1251 from Omni 4 and 20 - provide detail to M. O'Loughlin (FTI) . |
| Nemerov, Lara 2009 | 12/17/2009 | 0.2 | Update claim 14772 to reflect correct creditor based on triage results for K. Barksdale (CC). |
| Coulombe, Stephen L 2009 | 12/18/2009 | 0.7 | Provide comments to B. Cashman (FTI) and M. O'Loughlin (FTI) on claims waterfall prior to distribution to Skadden. |
| Cashman, Brian 2009 | 12/18/2009 | 0.8 | Review updated claims waterfall and distribute to Skadden. |
| O'Loughlin, Morgan 2009 | 12/18/2009 | 0.7 | Update claims waterfall with recently ordered omnibus objection #48. |
| O'Loughlin, Morgan 2009 | 12/18/2009 | 0.3 | Review docket relating to recently ordered objections 48-50 and send summary to B. Cashman (FTI). |
| Coulombe, Stephen L 2010 | 12/21/2009 | 0.7 | Review claims waterfall draft and provide comments to B. Cashman (FTI) and M. O'Loughlin (FTI). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|

### Claims Management

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| Cashman, Brian 2009 | 12/21/2009 | 0.5 | Participate in claims review meeting with company and its advisors and H. Ferguson (CC) to discuss claims review update and future objections. |
| Cashman, Brian 2009 | 12/21/2009 | 0.4 | Participate in claims review meeting with company and its advisors and B. Fose (CC) to discuss vendor receivables and proposed settlements. |
| Cashman, Brian 2009 | 12/21/2009 | 0.3 | Participate in claims review meeting with company and its advisors and K. Bradshaw (CC) to discuss landlord claims review process, insurance options, stipulations and proposed settlements. |
| Cashman, Brian 2009 | 12/21/2009 | 0.3 | Participate in claims review meeting with company and its advisors and A. Pietrantoni (CC) to discuss employee related claims review process and proposed action plans. |
| Nemerov, Lara 2009 | 12/21/2009 | 1.0 | Generate exhibit a - ordered - Omni 61 per request of S. Boehm (MGW). |
| Nemerov, Lara 2009 | 12/21/2009 | 1.0 | Generate exhibit a - Omni 23 sustaining the objection to Samsung per request of B. Stark (MGW). |
| Nemerov, Lara 2009 | 12/21/2009 | 0.8 | Generate all exhibits (ordered and adjourned) for Omni 60 per request of S. Boehm (MGW). |
| O'Loughlin, Morgan 2009 | 12/21/2009 | 0.7 | Update claims waterfall for ordered omnibus objection #50 and tie back to exhibit. |
| Nemerov, Lara 2009 | 12/21/2009 | 0.5 | Re-generate adjourned detail report based on updates to Omnis 48-50. |
| Nemerov, Lara 2009 | 12/21/2009 | 0.5 | Review supplemental order on Omni 27 and properly reflect appropriate claims within CMS and communicate update to M. O'Loughlin (FTI). |
| Nemerov, Lara 2009 | 12/21/2009 | 0.5 | Provide claim detail report on Omni 49/50 for adjourned/ordered/withdrawn claims and provide to M. O'Loughlin (FTI) and update claims tracker table for purposes of waterfall. |
| Nemerov, Lara 2009 | 12/21/2009 | 0.5 | Provide claim detail report on Omni 48 for adjourned/ordered/withdrawn claims and provide to M. O'Loughlin (FTI) and update claims tracker table for purposes of waterfall. |
| O'Loughlin, Morgan 2009 | 12/21/2009 | 0.4 | Update notes to bridge and notes section for claims waterfall and send to B. Cashman (FTI). |
| Nemerov, Lara 2009 | 12/21/2009 | 0.2 | Notify M. O'Loughlin (FTI) of changes to waterfall based on worksheet "OMNI_46_ORDERED" . |
| Nemerov, Lara 2009 | 12/22/2009 | 2.1 | Review disallowed and adjourned claims on docket 6131 and verify waterfall does not need to be updated. |
| O'Loughlin, Morgan 2009 | 12/22/2009 | 1.0 | Update claims waterfall for ordered omnibus objection #49 and tie back to exhibit. |
| Nemerov, Lara 2009 | 12/22/2009 | 1.0 | Review claims that are current disallowed but were previously adjourned. |
| Nemerov, Lara 2009 | 12/22/2009 | 0.5 | Generate/review mail files for Omnis 9, 27, 48-50 for I. Panizales (KCC). |
| Nemerov, Lara 2009 | 12/22/2009 | 0.4 | Revise Omni 60 exhibits to adjourn Phillip Steele. |
| Nemerov, Lara 2009 | 12/28/2009 | 1.0 | Participate in conversation with H. Ferguson (CC) regarding claims on Omnis 48-52 and generate claims tracker for associated claims and make requested updates in CMS. |
| Nemerov, Lara 2010 | 12/29/2009 | 0.6 | Participate in discussion with H. Ferguson (CC) regarding claims on Omnis 48-52 and how to reflect within CMS. |
| Nemerov, Lara 2010 | 12/29/2009 | 0.4 | Review withdrawn claims and notify team of CMS withdrawn claim update. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Summers, Joseph E 2010 | 1/4/2010 | 0.8 | Review Supplemental Order exhibits for Omni 35 for accuracy. |
| Nemerov, Lara 2010 | 1/4/2010 | 2.0 | Generate Omni 35 supplemental exhibits and send to B. Stark (MGW). |
| Nemerov, Lara 2010 | 1/4/2010 | 1.9 | Review claims load from KCC and verify claim amounts based on discrepancies with E. Gershbein (KCC). |
| Nemerov, Lara 2010 | 1/4/2010 | 0.6 | Communicate new claims data with team as of 12/14/09. |
| Nemerov, Lara 2010 | 1/4/2010 | 0.4 | Review and communicate with team status of Toshiba claim 14503 & 14672. |
| O'Loughlin, Morgan 2010 | 1/4/2010 | 0.4 | Confirm treatment of claim #1450 in claims waterfall to ensure it is in the adjourned claims listing once. |
| Nemerov, Lara 2010 | 1/4/2010 | 0.2 | Review and communicate with team status of claim 257. |
| Nemerov, Lara 2010 | 1/4/2010 | 0.2 | Update status of claim 1254 per request of H. Ferguson (CC) and notify team. |
| Nemerov, Lara 2010 | 1/4/2010 | 0.2 | Review and communicate with team status of Toshiba claims resolved within Omni 46 and Toshiba withdrawn claims. |
| Nemerov, Lara 2010 | 1/6/2010 | 0.6 | Review claim image request from S. Boehm (MGW) for wielder class claims. |
| Nemerov, Lara 2010 | 1/6/2010 | 0.4 | Review claims 10927 and 11268 and communicate status to M. O'Loughlin (FTI). |
| Schaefer, Karl 2010 | 1/6/2010 | 0.5 | Compile proof of claim files for omnibus objection 63 per request of L. Nemerov (FTI). |
| Nemerov, Lara 2010 | 1/7/2010 | 1.1 | Review settlement chart from S. Boehm (MGW) and confirm claim status with counsel. |
| Nemerov, Lara 2010 | 1/7/2010 | 0.8 | Compile resolved claims listing and send to M. O'Loughlin (FTI). |
| Nemerov, Lara 2010 | 1/7/2010 | 0.5 | Review exhibit for supplemental order on Omni 19 and provide to Dan. |
| Nemerov, Lara 2010 | 1/7/2010 | 0.5 | Prepare supplemental exhibit for Omni 42 to disallow claim 5460 and send to D. Blanks (MGW). |
| Nemerov, Lara 2010 | 1/7/2010 | 0.4 | Read settlement for Hurricane Ike causalities: docket 5210 Liberty Mutual. |
| Robinson, Joshua M. 2010 | 1/8/2010 | 0.6 | Answer various questions from L. Nemerov (FTI) related to claims processing. |
| Nemerov, Lara 2010 | 1/8/2010 | 0.7 | Revise Omni 24 supplemental exhibits and send to D. Blanks (MGW). |
| Nemerov, Lara 2010 | 1/8/2010 | 0.3 | Prepare supplemental exhibit for Omni 8 to disallow claim 11107 and send to S. Boehm (MGW). |
| Nemerov, Lara 2010 | 1/12/2010 | 1.8 | Resolve all claims within KCC claims load batch 23. |
| Nemerov, Lara 2010 | 1/12/2010 | 1.3 | Resolve claim 6940 on Omni 37 and discuss with S. Boehm (MGW). |
| Nemerov, Lara 2010 | 1/12/2010 | 0.3 | Communicate new claims data with team as of 01/12/09. |
| Nemerov, Lara 2010 | 1/13/2010 | 3.0 | Resolve all claims within KCC claims load batch 23 (cont.). |
| Nemerov, Lara 2010 | 1/13/2010 | 2.0 | Generate update claim summary report for purposes of hearing with counsel. |
| Nemerov, Lara 2010 | 1/13/2010 | 1.0 | Resolve all claims within KCC claims load batch 23 (cont.). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Nemerov, Lara 2010 | 1/14/2010 | 0.8 | Provide revision of claim summary report for purposes of hearing with counsel. |
| Nemerov, Lara 2010 | 1/14/2010 | 0.7 | Revise ordered claims report to not include any claims flagged on a stipulation. |
| Nemerov, Lara 2010 | 1/14/2010 | 0.5 | Review status of claims on Omni 46 per request of K. Barksdale (CC). |
| Nemerov, Lara 2010 | 1/14/2010 | 0.2 | Review status of claim 1425 per request of K. Barksdale (CC). |
| Schaefer, Karl 2010 | 1/19/2010 | 0.9 | Generate supplemental exhibits for omnibus objection 9. |
| Schaefer, Karl 2010 | 1/19/2010 | 0.8 | Generate supplemental exhibits for omnibus objection 22. |
| Schaefer, Karl 2010 | 1/19/2010 | 0.8 | Generate omnibus 62, 64 order exhibits. |
| Schaefer, Karl 2010 | 1/19/2010 | 0.7 | Generate supplemental exhibits for omnibus objection 23. |
| Schaefer, Karl 2010 | 1/19/2010 | 0.5 | Generate omnibus 60 order exhibits. |
| Schaefer, Karl 2010 | 1/19/2010 | 0.3 | Load Check Clear Date file per request of J. Robinson (FTI). |
| Robinson, Joshua M. 2010 | 1/20/2010 | 1.2 | Read and respond to various email questions. |
| Robinson, Joshua M. 2010 | 1/20/2010 | 1.2 | Work with K. Schafer (FTI) to prepare supplemental orders. |
| Schaefer, Karl 2010 | 1/20/2010 | 0.7 | Generate supplemental exhibit for omnibus objection 23 per request B. Stark (McGuire Woods). |
| Schaefer, Karl 2010 | 1/20/2010 | 0.3 | Update omnibus objection 22 per request of B. Stark (McGuire Woods). |
| Robinson, Joshua M. 2010 | 1/21/2010 | 0.4 | Participate in discussion with L. Nemerov (FTI) regarding H. Ferguson (CC) request for CMSi changes. |
| Nemerov, Lara 2010 | 1/21/2010 | 1.4 | Draft proposed claim history report and send to H. Ferguson (CC). |
| Nemerov, Lara 2010 | 1/21/2010 | 1.0 | Create tables with CMS to contain all reconciled amounts for claims on claim history report. |
| Nemerov, Lara 2010 | 1/21/2010 | 0.9 | Prepare Omni 65 draft and send to S. Boehm (MGW). |
| Nemerov, Lara 2010 | 1/21/2010 | 0.8 | Update master and detail reports to show reconciled amounts and statuses per request of H. Ferguson (CC). |
| Nemerov, Lara 2010 | 1/21/2010 | 0.7 | Update Winn Bus lines regarding settlement from P. Dangelo (SASMF). |
| Nemerov, Lara 2010 | 1/21/2010 | 0.7 | Prepare Omni 28 and 21 supplemental orders for IRS claims and send to B. Stark (MGW). |
| Nemerov, Lara 2010 | 1/21/2010 | 0.5 | Prepare Omni 65 data file and send to T. Kelsey (KCC). |
| Nemerov, Lara 2010 | 1/21/2010 | 0.5 | Update claim 7913/7193 per request of H. Ferguson (CC). |
| Nemerov, Lara 2010 | 1/21/2010 | 0.4 | Participate in discussion with J. Robinson (FTI) regarding H. Ferguson (CC) request for CMSi changes. |
| Nemerov, Lara 2010 | 1/21/2010 | 0.4 | Make claim updates per request of M. O'Loughlin (FTI). |
| Nemerov, Lara 2010 | 1/21/2010 | 0.3 | Prepare Omni 9 supplemental order for Midway claims and send to S. Boehm (MGW). |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 11/1/2009 through and including 1/31/2010**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Schaefer, Karl 2010 | 1/21/2010 | 1.0 | Create mail files for omnibus objections 9, 22, 23, 60, 62, 64. |
| Schaefer, Karl 2010 | 1/21/2010 | 0.3 | Update supplemental omnibus objection 9 for L. Nemerov (FTI). |
| Schaefer, Karl 2010 | 1/21/2010 | 0.3 | Compile list of claims changed by supplemental orders for L. Nemerov (FTI). |
| Robinson, Joshua M. 2010 | 1/22/2010 | 1.0 | Answer questions from L. Nemerov (FTI) related to certain claims status. |
| Robinson, Joshua M. 2010 | 1/22/2010 | 1.0 | Work with L. Nemerov (FTI) to prepare next round of supplemental orders. |
| Nemerov, Lara 2010 | 1/22/2010 | 1.2 | Generate Alliance stipulation exhibits per request of P. Dangelo (SASMF). |
| Nemerov, Lara 2010 | 1/22/2010 | 1.0 | Work with J. Robinson (FTI) to prepare next round of supplemental orders. |
| Nemerov, Lara 2010 | 1/22/2010 | 0.8 | Check all claims within CMSi that the KCC load incorrectly updated to $0 docketed claims. |
| Nemerov, Lara 2010 | 1/25/2010 | 2.8 | Revise claim history report and send to H. Ferguson (CC). |
| Nemerov, Lara 2010 | 1/25/2010 | 1.3 | Check KCC case docket for any new documents posted and review any necessary documents. |
| Nemerov, Lara 2010 | 1/25/2010 | 1.2 | Load new claims and communicate with team. |
| Nemerov, Lara 2010 | 1/25/2010 | 1.1 | Prepare exhibits for Omni 15, 16, 32 and send to B. Stark (MGW). |
| Nemerov, Lara 2010 | 1/25/2010 | 0.3 | Review status of claims 12510 and 12507: docketing issues, communicate with H. Ferguson (CC). |
| Robinson, Joshua M. 2010 | 1/26/2010 | 0.7 | Answer questions from L. Nemerov (FTI) related to certain claims status. |
| Nemerov, Lara 2010 | 1/26/2010 | 1.6 | Generate data files for Omnis 35, 62, 60, and 22 and send to I. Panizales (CC). |
| Nemerov, Lara 2010 | 1/26/2010 | 0.5 | Update PBGC claims to reflect stipulation and discuss with J. Robinson (FTI). |
| Robinson, Joshua M. 2010 | 1/27/2010 | 2.7 | Participate in claims review call. |
| Robinson, Joshua M. 2010 | 1/27/2010 | 2.3 | Continue to participate in claims review call. |
| Cashman, Brian 2010 | 1/27/2010 | 1.3 | Participate in claims review meeting with Skadden, McGuire Woods, M. Mosier (CC) and J. McDonald (CC) to discuss tax related claims. |
| Cashman, Brian 2010 | 1/27/2010 | 1.3 | Participate in claims review meeting with Skadden, McGuire Woods, M. Mosier (CC) and A. Pietrantoni (CC) to discuss HR claims. |
| Cashman, Brian 2010 | 1/27/2010 | 1.3 | Participate in claims review meeting with Skadden, McGuire Woods, M. Mosier (CC) and H. Ferguson (CC) to discuss claims. |
| Cashman, Brian 2010 | 1/27/2010 | 1.2 | Participate in claims review meeting with Skadden, McGuire Woods, M. Mosier (CC) and K. Bradshaw (CC) to discuss insurance and other claims. |
| Cashman, Brian 2010 | 1/27/2010 | 1.2 | Participate in claims review meeting with Skadden, McGuire Woods, M. Mosier (CC) and B. Fose (CC) to discuss vendor receivables and other claims. |
| Nemerov, Lara 2010 | 1/27/2010 | 0.9 | Generate detail listing of claims on Omni 20 and send to K. Barksdale (CC). |
| Nemerov, Lara 2010 | 1/27/2010 | 0.2 | Expunge claims 14471 and 14470 and communicate with M. O'Loughlin (FTI). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Schaefer, Karl 2010 | 1/27/2010 | 1.2 | Update claims in tracker table to reflect proper amounts on omnibus objection 20. |
| Schaefer, Karl 2010 | 1/27/2010 | 0.6 | Update duplicate claims as contemporaneous exchange for Samsung. |
| Schaefer, Karl 2010 | 1/27/2010 | 0.4 | Generate mail files for supplemental order on the 9th omnibus objection to claims. |
| Nemerov, Lara 2010 | 1/28/2010 | 1.2 | Revise claim history report and send to H. Ferguson (CC), K. Barksdale (CC). |
| Nemerov, Lara 2010 | 1/28/2010 | 0.7 | Update Omni 23 to reflect correct claim amounts for 7969 and send to B. Stark (MGW). |
| Nemerov, Lara 2010 | 1/29/2010 | 0.8 | Generate supplemental order for Omni 48 and send to S. Baker (SASMF). |
| **Subtotal - Claims Management** | | **722.5** | |
| **Committee Matters** | | | |
| Cashman, Brian 2009 | 11/3/2009 | 0.2 | Email Canadian bankruptcy update from claims monitor to Skadden to forward to Protiviti. |
| Cashman, Brian 2009 | 11/4/2009 | 0.9 | Draft response to Protiviti's questions. |
| Cashman, Brian 2009 | 11/4/2009 | 0.1 | Email M. Mosier (CC) regarding questions from Protiviti. |
| Coulombe, Stephen L 2009 | 11/5/2009 | 0.7 | Review questions from Protiviti regarding tax issues and next steps for resolution. |
| Cashman, Brian 2009 | 11/5/2009 | 0.3 | Read email from Skadden to Protiviti answering their questions. |
| Cashman, Brian 2009 | 11/5/2009 | 0.3 | Send response to Protiviti's tax question to Skadden for distribution. |
| Cashman, Brian 2009 | 11/5/2009 | 0.2 | Email M. Mosier (CC) regarding questions from Protiviti. |
| Coulombe, Stephen L 2009 | 11/9/2009 | 1.0 | Participate on call with J. Marcum (CC) and R. Duffy (FTI) to review updated liquidation analysis and claims waterfall prior to distribution to Protiviti. |
| Duffy, Robert J 2009 | 11/9/2009 | 1.0 | Participate on call with J. Marcum (CC) and S. Coulombe (FTI) to review updated liquidation analysis and claims waterfall prior to distribution to Protiviti. |
| Cashman, Brian 2009 | 11/9/2009 | 0.7 | Communicate updated liquidation analysis and claims waterfall to I. Fredericks (SASMF) for distribution to Protiviti. |
| Cashman, Brian 2009 | 11/10/2009 | 0.9 | Prepare update to MIP plan for Task XV and send to Skadden for review to be forwarded to Protiviti. |
| Cashman, Brian 2009 | 11/10/2009 | 0.5 | Respond to question from Protiviti regarding weekly cash flow report. |
| Coulombe, Stephen L 2009 | 12/2/2009 | 0.6 | Participate on call with I. Fredericks (SASMF) to discuss communications Protiviti and schedules to send to Committee. |
| Cashman, Brian 2009 | 12/2/2009 | 0.4 | Discuss case status with J. Crocket (Protiviti). |
| Cashman, Brian 2009 | 12/2/2009 | 0.2 | Send email to I. Fredericks (SASMF) summarizing call with Protiviti. |
| Cashman, Brian 2009 | 12/2/2009 | 0.2 | Discuss with I. Fredericks (SASMF) the status of weekly cash flow report being distributed to Protiviti. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Committee Matters** | | | |
| Duffy, Robert J 2010 | 1/4/2010 | 0.6 | Participate on call with G. Galardi (SASMF) to discuss communications with Committee. |
| Cashman, Brian 2010 | 1/4/2010 | 2.5 | Discuss liquidation analysis with I. Fredericks (SASMF) and respond to questions and comments prior to forwarding to Protiviti. |
| Cashman, Brian 2010 | 1/11/2010 | 0.5 | Review InterTAN summary from Monitor and send to Skadden for distribution to UCC Advisors. |
| Robinson, Joshua M. 2010 | 1/12/2010 | 0.6 | Discuss with B. Cashman (FTI) the request from Protiviti to upload the 1139 tax return to a specified web site. |
| Cashman, Brian 2010 | 1/12/2010 | 0.6 | Discuss with J. Robinson (FTI) the request from Protiviti to upload the 1139 tax return to a specified web site. |
| Cashman, Brian 2010 | 1/12/2010 | 0.4 | Provide support for recoupment of insurance reserves to Skadden for distribution to UCC advisors. |
| **Subtotal - Committee Matters** | | **13.4** | |

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **General Duties and Case Administration** | | | |
| O'Loughlin, Morgan 2009 | 11/2/2009 | 1.4 | Set up October fee statement with incurred time and expenses by person. |
| O'Loughlin, Morgan 2009 | 11/3/2009 | 1.6 | Continue to consolidate time for October fee statement. |
| O'Loughlin, Morgan 2009 | 11/4/2009 | 1.4 | Match up time entries for October fee statement and tie back by day to WIP. |
| O'Loughlin, Morgan 2009 | 11/4/2009 | 1.2 | Review expenses for the October fee statement. |
| Coulombe, Stephen L 2009 | 11/5/2009 | 0.8 | Review FTI work plan and provide comments to B. Cashman (FTI) regarding the timing of the claims reconciliation process. |
| Coulombe, Stephen L 2009 | 11/5/2009 | 0.7 | Discuss FTI work plan with B. Cashman (FTI). |
| Cashman, Brian 2009 | 11/5/2009 | 0.7 | Discuss FTI work plan with S. Coulombe (FTI). |
| Duffy, Robert J 2009 | 11/6/2009 | 1.0 | Participate on call with J. Marcum (CC) and G. Galardi (SASMF) to discuss case status and major dates leading up to confirmation. |
| Cashman, Brian 2009 | 11/6/2009 | 0.9 | Review October fee statement. |
| O'Loughlin, Morgan 2009 | 11/6/2009 | 1.6 | Finalize draft of October fee statement and send to B. Cashman (FTI) for review. |
| O'Loughlin, Morgan 2009 | 11/6/2009 | 0.9 | Tie out all detailed time by day and person to WIP in preparation of October fee statement. |
| Coulombe, Stephen L 2009 | 11/9/2009 | 0.2 | Review updated FTI work plan. |
| Cashman, Brian 2009 | 11/9/2009 | 1.9 | Review October fee statement. |
| Cashman, Brian 2009 | 11/9/2009 | 0.5 | Update calendar of events. |
| Duffy, Robert J 2009 | 11/10/2009 | 1.0 | Review FTI work plan and provide comments to S. Coulombe (FTI) regarding staffing and key work streams prior to confirmation. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **General Duties and Case Administration** | | | |
| Coulombe, Stephen L 2009 | 11/10/2009 | 0.7 | Discuss case update with B. Cashman (FTI). |
| Cashman, Brian 2009 | 11/10/2009 | 0.7 | Discuss case update with S. Coulombe (FTI). |
| O'Loughlin, Morgan 2009 | 11/11/2009 | 0.4 | Continue to consolidate time for October fee statement. |
| Coulombe, Stephen L 2009 | 11/12/2009 | 0.5 | Review October fee statement and provide comments to B. Cashman (FTI). |
| Cashman, Brian 2009 | 11/12/2009 | 0.4 | Review October fee statement. |
| O'Loughlin, Morgan 2009 | 11/12/2009 | 0.6 | Update calendar and work plan and send to B. Cashman (FTI) for review. |
| Duffy, Robert J 2009 | 11/13/2009 | 0.3 | Review final version of October fee statement. |
| Duffy, Robert J 2009 | 11/13/2009 | 0.1 | Review FTI work plan and provide updates to B. Cashman (FTI). |
| Cashman, Brian 2009 | 11/13/2009 | 0.9 | Prepare case update on current initiatives. |
| Cashman, Brian 2009 | 11/13/2009 | 0.2 | Review final version of October fee statement. |
| O'Loughlin, Morgan 2009 | 11/13/2009 | 1.0 | Finalize and pdf October fee statement and send to B. Cashman (FTI) for final review. |
| Cashman, Brian 2009 | 11/16/2009 | 0.3 | Notice October fee statement. |
| Duffy, Robert J 2009 | 11/17/2009 | 0.2 | Review FTI work plan. |
| Cashman, Brian 2009 | 11/17/2009 | 2.3 | Draft 4th interim fee application. |
| Coulombe, Stephen L 2009 | 11/18/2009 | 0.4 | Review FTI work plan and provide comments to B. Cashman (FTI) relating to preparation of liquidation analysis. |
| Cashman, Brian 2009 | 11/18/2009 | 1.7 | Draft narratives for fourth interim fee application. |
| Cashman, Brian 2009 | 11/18/2009 | 0.7 | Discuss FTI work plan with J. Marcum (CC). |
| Cashman, Brian 2009 | 11/18/2009 | 0.4 | Update work plan for steps relating to letters of credit. |
| Rimpel, Christopher A 2009 | 11/18/2009 | 1.9 | Review and consolidate time detail for FTI 4th Interim Fee Application and send to B. Cashman (FTI). |
| Rimpel, Christopher A 2009 | 11/18/2009 | 1.1 | Review and consolidate expenses for FTI 4th Interim Fee Application. |
| O'Loughlin, Morgan 2009 | 11/18/2009 | 0.6 | Update FTI work plan and send to B. Cashman (FTI) for review. |
| Cashman, Brian 2009 | 11/19/2009 | 0.7 | Update FTI work plan. |
| Cashman, Brian 2009 | 11/19/2009 | 0.3 | Review case calendar distributed by Skadden. |
| Cashman, Brian 2009 | 11/20/2009 | 0.4 | Update FTI work plan for review comments. |
| Cashman, Brian 2009 | 11/22/2009 | 0.3 | Draft email regarding FTI work plan. |
| Duffy, Robert J 2009 | 11/23/2009 | 0.9 | Participate on call with G. Galardi (SASMF) to discuss case status and upcoming work streams. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **General Duties and Case Administration** | | | |
| Coulombe, Stephen L 2009 | 11/25/2009 | 0.4 | Provide comments to B. Cashman (FTI) regarding FTI work plan and staffing. |
| Cashman, Brian 2009 | 11/25/2009 | 1.2 | Update narratives for 4th interim fee application. |
| Cashman, Brian 2009 | 11/25/2009 | 0.9 | Prepare database capability chart. |
| Duffy, Robert J 2009 | 11/30/2009 | 0.8 | Review claims management presentation provided by B. Cashman (FTI) and J. Robinson (FTI) and send comments regarding key next steps in process. |
| Coulombe, Stephen L 2009 | 11/30/2009 | 0.4 | Review work plan prepared by B. Cashman (FTI) and provide comments regarding key dates. |
| Cashman, Brian 2009 | 11/30/2009 | 1.6 | Draft narratives for 4th interim fee application. |
| Cashman, Brian 2009 | 11/30/2009 | 1.5 | Update FTI work plan and calendar and distribute to J. Marcum (CC) and M. Mosier (CC). |
| Cashman, Brian 2009 | 12/1/2009 | 0.4 | Review WIP for November fee statement. |
| Coulombe, Stephen L 2009 | 12/2/2009 | 0.6 | Send comments to B. Cashman (FTI) regarding FTI fee forecast and resources needed over next three months. |
| Coulombe, Stephen L 2009 | 12/3/2009 | 1.0 | Participate in meeting with R. Duffy (FTI) to discuss estimated fees for next three months and provide comments to B. Cashman (FTI). |
| Duffy, Robert J 2009 | 12/3/2009 | 1.0 | Participate in meeting with S. Coulombe (FTI) to discuss estimated fees for next three months and provide comments to B. Cashman (FTI). |
| Coulombe, Stephen L 2009 | 12/3/2009 | 0.3 | Review draft of 4th Interim Fee Application prepared by B. Cashman (FTI). |
| Cashman, Brian 2009 | 12/3/2009 | 2.2 | Draft fourth interim fee application. |
| Cashman, Brian 2009 | 12/3/2009 | 1.5 | Prepare analysis of estimated fees for next 90 days to be presented to M. Mosier (CC). |
| O'Loughlin, Morgan 2009 | 12/3/2009 | 0.6 | Set up November fee statement with WIP. |
| Coulombe, Stephen L 2009 | 12/4/2009 | 0.9 | Review professional fee schedule for all debtor and committee professionals and compare to FTI fee schedule for next three months. |
| O'Loughlin, Morgan 2009 | 12/4/2009 | 0.7 | Continue to review detailed time and prepare November fee statement. |
| Duffy, Robert J 2009 | 12/7/2009 | 0.3 | Review FTI work plan and provide comments to B. Cashman (FTI). |
| Rimpel, Christopher A 2009 | 12/8/2009 | 1.0 | Review time detail for FTI 4th Interim Fee Application and send to B. Cashman (FTI). |
| Coulombe, Stephen L 2009 | 12/9/2009 | 1.2 | Participate on call with G. Galardi (SASMF) and R. Duffy (FTI) regarding professional fees and forecast for next three months. |
| Duffy, Robert J 2009 | 12/9/2009 | 1.2 | Participate on call with G. Galardi (SASMF) and S. Coulombe (FTI) regarding professional fees and forecast for next three months. |
| Duffy, Robert J 2009 | 12/9/2009 | 0.8 | Participate on call with J. Marcum (CC) to discuss key case issues and transitioning the case for plan confirmation. |
| Cashman, Brian 2009 | 12/9/2009 | 0.8 | Draft fourth interim fee application. |
| O'Loughlin, Morgan 2009 | 12/9/2009 | 0.2 | Continue to update draft of November fee statement. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **General Duties and Case Administration** | | | |
| Duffy, Robert J 2009 | 12/10/2009 | 0.8 | Participate on call with G. Galardi (SASMF) to discuss key work streams prior to confirmation. |
| Duffy, Robert J 2009 | 12/10/2009 | 0.7 | Participate on call with J. Marcum (CC) and S. Coulombe (FTI) to discuss key work streams and prior to confirmation. |
| Coulombe, Stephen L 2009 | 12/10/2009 | 0.7 | Participate on call with J. Marcum (CC) and R. Duffy (FTI) to discuss key work streams and prior to confirmation. |
| Rimpel, Christopher A 2009 | 12/11/2009 | 1.0 | Create exhibits for time detail and expenses for FTI 4th Interim Fee Application and send to B. Cashman (FTI) for review. |
| Robinson, Joshua M. 2009 | 12/14/2009 | 0.2 | Prepare claims narrative for Fee Application. |
| Cashman, Brian 2009 | 12/14/2009 | 1.4 | Draft narrative regarding Canadian Matters for 4th interim fee application. |
| Rimpel, Christopher A 2009 | 12/14/2009 | 1.0 | Finalize exhibits for FTI 4th Interim Fee Application. |
| Duffy, Robert J 2009 | 12/15/2009 | 1.0 | Review 4th interim fee application prepared by B. Cashman (FTI) and sign for filing with court. |
| Coulombe, Stephen L 2009 | 12/15/2009 | 0.3 | Review FTI work plan and provide comments to B. Cashman (FTI). |
| Cashman, Brian 2009 | 12/15/2009 | 1.9 | Review November fee statement. |
| Cashman, Brian 2009 | 12/15/2009 | 1.5 | Prepare and distribute to US Trustee excel spreadsheet of detailed time and expenses. |
| Cashman, Brian 2009 | 12/15/2009 | 1.1 | Update 4th interim fee application for review comments and distribute to McGuire Woods for filing. |
| O'Loughlin, Morgan 2009 | 12/16/2009 | 1.1 | Finalize November fee statement and send to B. Cashman (FTI) for noticing. |
| Duffy, Robert J 2009 | 12/17/2009 | 0.4 | Participate on call with G. Galardi (SASMF) to discuss work plan and calendar for next three months. |
| Coulombe, Stephen L 2009 | 12/18/2009 | 1.3 | Review draft of November fee statement and provide final comments to B. Cashman (FTI). |
| Cashman, Brian 2009 | 12/18/2009 | 1.2 | Review and notice November fee statement. |
| Coulombe, Stephen L 2010 | 12/21/2009 | 0.4 | Participate on call with G. Galardi (SASMF) to discuss FTI involvement in claims reconciliation process. |
| Duffy, Robert J 2009 | 12/21/2009 | 1.0 | Participate on call with G. Galardi (SASMF) to discuss FTI involvement in claims reconciliation process. |
| Coulombe, Stephen L 2010 | 12/22/2009 | 0.5 | Review analysis prepared by B. Cashman (FTI) regarding FTI completion fee. |
| Hellmund-Mora, Marili 200 | 12/23/2009 | 1.9 | Review fee statement, reconcile variances, process bill, and generate invoice. |
| Coulombe, Stephen L 2010 | 12/29/2009 | 0.8 | Review FTI work plan, budget and calendar for January 2010 and send comments to B. Cashman (FTI). |
| Duffy, Robert J 2010 | 12/30/2009 | 1.0 | Participate on call with G. Galardi (SASMF) to discuss need for increased claims reporting in anticipation of effective date claim reserves. |
| Duffy, Robert J 2010 | 12/31/2009 | 0.9 | Review FTI budget and calendar for January 2010 and send comments to S. Coulombe (FTI). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|

### General Duties and Case Administration

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| Cashman, Brian 2010 | 1/4/2010 | 1.5 | Prepare one page summary of completion fee for BOD mtg. |
| Cashman, Brian 2010 | 1/4/2010 | 0.2 | Review emails from Skadden regarding claims and forward to TACM for proper reflection in claims database. |
| Duffy, Robert J 2010 | 1/5/2010 | 1.0 | Participate in meeting with S. Coulombe (FTI) to review summary of completion fee for BOD meeting. |
| Coulombe, Stephen L 2010 | 1/5/2010 | 1.0 | Participate in meeting with R. Duffy (FTI) to review summary of completion fee for BOD meeting. |
| O'Loughlin, Morgan 2010 | 1/5/2010 | 0.5 | Set up December fee statement with WIP and detailed time. |
| Cashman, Brian 2010 | 1/6/2010 | 0.4 | Discuss case admin and timing with M. Mosier (CC). |
| Duffy, Robert J 2010 | 1/7/2010 | 0.6 | Review FTI work plan and budget for 2010 and provide comments to B. Cashman (FTI). |
| Cashman, Brian 2010 | 1/11/2010 | 1.4 | Review detailed time of December fee statement. |
| Cashman, Brian 2010 | 1/12/2010 | 2.3 | Review expenses and detailed time of December fee statement. |
| O'Loughlin, Morgan 2010 | 1/12/2010 | 1.2 | Finalize expenses and detailed time for December fee statement and send to B. Cashman (FTI) for review. |
| O'Loughlin, Morgan 2010 | 1/14/2010 | 1.6 | Finalize December fee statement with cover letter and exhibit and send to B. Cashman (FTI) for review. |
| Cashman, Brian 2010 | 1/15/2010 | 0.8 | Review cover letter and December fee statement. |
| O'Loughlin, Morgan 2010 | 1/15/2010 | 0.6 | Make updates to December fee statement with comments from B. Cashman (FTI). |
| Coulombe, Stephen L 2010 | 1/18/2010 | 0.6 | Review December fee statement and send comments to M. O'Loughlin (FTI). |
| Duffy, Robert J 2010 | 1/18/2010 | 0.4 | Review FTI December fee statement. |
| Cashman, Brian 2010 | 1/18/2010 | 0.4 | Distribute December fee statement and synopsis to S. Coulombe (FTI) for review. |
| Duffy, Robert J 2010 | 1/19/2010 | 1.2 | Participate on call with G. Galardi (SASMF) to discuss remaining secured and administrative claims and process to be able to reserve for allowed claims. |
| Coulombe, Stephen L 2010 | 1/19/2010 | 0.4 | Review FTI work plan and send comments for update to B. Cashman (FTI). |
| Cashman, Brian 2010 | 1/19/2010 | 0.4 | Review motion on 4th interim fee applications and instruct the company on payments to be made. |
| O'Loughlin, Morgan 2010 | 1/21/2010 | 0.7 | Finalize December fee statement with executed cover letter and send to Trustee for noticing. |
| Hellmund-Mora, Marili 201 | 1/21/2010 | 1.9 | Review fee statement, reconcile variances, process bill, generate invoice and correspond re: approvals and reconciliation. |
| Coulombe, Stephen L 2010 | 1/22/2010 | 1.0 | Participate on call with M. Mosier (CC), J. Marcum (CC), J. McDonald (CC), G. Galardi (SASMF) and M. O'Loughlin (FTI) to discuss priority claims and next steps for resolving adjourned claims. |
| Duffy, Robert J 2010 | 1/22/2010 | 0.4 | Participate on call with G. Galardi (SASMF) to discuss priority claims. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **General Duties and Case Administration** | | | |
| O'Loughlin, Morgan 2010 | 1/22/2010 | 1.0 | Participate on call with M. Mosier (CC), J. Marcum (CC), J. McDonald (CC), G. Galardi (SASMF) and S. Coulombe (FTI) to discuss priority claims and next steps for resolving adjourned claims. |
| Hellmund-Mora, Marili 201 | 1/22/2010 | 1.3 | Continue to review fee statement, reconcile variances, process bill, generate invoice and correspond re: approvals and reconciliation. |
| Cashman, Brian 2010 | 1/25/2010 | 0.3 | Discuss timing of next claims meeting with M. Mosier (CC). |
| Cashman, Brian 2010 | 1/26/2010 | 0.2 | Discuss with M. Mosier (CC) the timing of the claims review meetings. |
| Cashman, Brian 2010 | 1/28/2010 | 0.4 | Review court hearing docket. |
| Cashman, Brian 2010 | 1/29/2010 | 1.0 | Update FTI work plan, budget and calendar. |
| **Subtotal - General Duties and Case Administration** | | **102.1** | |
| **Liquidation Analysis/Wind down** | | | |
| Duffy, Robert J 2009 | 11/1/2009 | 1.0 | Participate on call with J. Marcum (CC) to discuss liquidation analysis and status of management incentive plan. |
| Cashman, Brian 2009 | 11/1/2009 | 0.8 | Update liquidation analysis. |
| Cashman, Brian 2009 | 11/1/2009 | 0.4 | Update professional fees schedule to include success fees and update liquidation analysis. |
| Cashman, Brian 2009 | 11/1/2009 | 0.1 | Email D. Miller (CC) regarding owned real estate proceeds forecast. |
| Cashman, Brian 2009 | 11/1/2009 | 0.1 | Email M. Mosier (CC) regarding MIP forecast to update liquidation analysis. |
| Coulombe, Stephen L 2009 | 11/2/2009 | 0.6 | Review latest version of liquidation analysis and provide comments to B. Cashman (FTI) regarding timing of proceeds prior to confirmation. |
| Coulombe, Stephen L 2009 | 11/2/2009 | 0.4 | Provide comments to B. Cashman (FTI) for professional fees schedule to include professionals success fees. |
| Cashman, Brian 2009 | 11/2/2009 | 0.4 | Update BOD presentation. |
| Cashman, Brian 2009 | 11/2/2009 | 0.2 | Discuss Canada update with J. Marcum (CC) to update BOD presentation. |
| Cashman, Brian 2009 | 11/2/2009 | 0.2 | Review letters of credit report with M. Mosier (CC) to identify drawn amounts relating to insurance companies with claims reserves. |
| Cashman, Brian 2009 | 11/2/2009 | 0.1 | Send email to K. Bradshaw (CC) regarding letters of credit to drawn by insurance companies. |
| Cashman, Brian 2009 | 11/2/2009 | 0.1 | Review weekly cash report prepared by K. Bradshaw (CC). |
| Cashman, Brian 2009 | 11/2/2009 | 0.1 | Ask K. Bradshaw (CC) about credit card holdback proceeds on cash report. |
| O'Loughlin, Morgan 2009 | 11/2/2009 | 0.9 | Update Board of directors presentation with claims waterfall, liquidation analysis and cash and claims at effective date analysis. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| O'Loughlin, Morgan 2009 | 11/2/2009 | 0.8 | Add lines in liquidation analysis to incorporate post confirmation corporate wind down and professional fee assumptions. |
| Duffy, Robert J 2009 | 11/3/2009 | 1.0 | Participate on call with J. Marcum (CC) and S. Coulombe (FTI) to discuss BOD deck for November. |
| Coulombe, Stephen L 2009 | 11/3/2009 | 1.0 | Participate on call with J. Marcum (CC) and R. Duffy (FTI) to discuss BOD deck for November. |
| Coulombe, Stephen L 2009 | 11/3/2009 | 0.4 | Review liquidation analysis for BOD deck and compare to October BOD liquidation analysis. |
| Cashman, Brian 2009 | 11/3/2009 | 0.6 | Update BOD deck for comments from J. Marcum (CC). |
| Cashman, Brian 2009 | 11/3/2009 | 0.6 | Update liquidation analysis for actuals. |
| Cashman, Brian 2009 | 11/3/2009 | 0.5 | Make final changes to BOD deck. |
| Cashman, Brian 2009 | 11/3/2009 | 0.5 | Review BOD deck with J. Marcum (CC) and M. Mosier (CC). |
| Cashman, Brian 2009 | 11/3/2009 | 0.5 | Review post confirmation wind down expenses forecast and provide comments. |
| Cashman, Brian 2009 | 11/3/2009 | 0.4 | Update BOD deck for comments from M. Mosier (CC). |
| Cashman, Brian 2009 | 11/3/2009 | 0.3 | Review professional fees and update liquidation analysis for success fees. |
| Cashman, Brian 2009 | 11/3/2009 | 0.2 | Distribute BOD deck to Company for review. |
| Cashman, Brian 2009 | 11/3/2009 | 0.2 | Review post confirmation wind down expenses forecast with M. Mosier (CC). |
| O'Loughlin, Morgan 2009 | 11/3/2009 | 0.9 | Review professional fee schedule provided by K. Babb (CC) and update professional fees forecast. |
| O'Loughlin, Morgan 2009 | 11/3/2009 | 0.6 | Make changes to Board of directors presentation with comments from M. Mosier (CC) and J. Marcum (CC). |
| O'Loughlin, Morgan 2009 | 11/3/2009 | 0.4 | Pull AMEX court stipulation and summarize timing of proceeds in email for B. Cashman (FTI). |
| Cashman, Brian 2009 | 11/4/2009 | 0.9 | Participate in BOD call. |
| Cashman, Brian 2009 | 11/4/2009 | 0.8 | Review draft of liquidating trust agreement. |
| Cashman, Brian 2009 | 11/4/2009 | 0.7 | Review post confirmation wind down expenses and provide comments. |
| Cashman, Brian 2009 | 11/4/2009 | 0.2 | Discuss timing of payroll with K. Bradshaw (CC). |
| O'Loughlin, Morgan 2009 | 11/4/2009 | 1.2 | Pull together owned real estate summary to compare appraised value by location to actual sale price through auction. |
| O'Loughlin, Morgan 2009 | 11/4/2009 | 1.2 | Revise layout of post confirmation wind down costs with three distinct sections for corporate run rate, one-time costs, and professional fees. |
| O'Loughlin, Morgan 2009 | 11/4/2009 | 0.9 | Update liquidation analysis with actual cash activity through week ending 10/31 version sent to Protiviti. |

*Circuit City Stores, Inc.*
*FTI Consulting, Inc.*
*Exhibit C - Complete Accounting of Time Expended by Day by Professional*
*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| O'Loughlin, Morgan 2009 | 11/4/2009 | 0.7 | Create summary proposal schedule for professional fees forecast and send to B. Cashman (FTI) for discussion. |
| O'Loughlin, Morgan 2009 | 11/4/2009 | 0.7 | Make updates to post confirmation schedule with edits and comments from B. Cashman (FTI). |
| O'Loughlin, Morgan 2009 | 11/4/2009 | 0.3 | Adjust secured claim ranges in liquidation analysis down to $5M - $17M based on comment from B. Cashman (FTI). |
| Coulombe, Stephen L 2009 | 11/5/2009 | 0.9 | Participate in meeting with B. Cashman (FTI) and M. O'Loughlin (FTI) regarding accounts receivable analysis and delta between winning and losing set off motion. |
| Coulombe, Stephen L 2009 | 11/5/2009 | 0.5 | Provide updates to B. Cashman (FTI) regarding professional fee schedule to include success fees. |
| Coulombe, Stephen L 2009 | 11/5/2009 | 0.4 | Review summary of tax call provided by B. Cashman (FTI). |
| Cashman, Brian 2009 | 11/5/2009 | 0.9 | Participate in meeting with S. Coulombe (FTI) and M. O'Loughlin (FTI) regarding accounts receivable analysis and delta between winning and losing set off motion. |
| Cashman, Brian 2009 | 11/5/2009 | 0.7 | Participate in call with Company and its advisors and UCC advisors regarding tax matters. |
| Cashman, Brian 2009 | 11/5/2009 | 0.7 | Review liquidation analysis. |
| Cashman, Brian 2009 | 11/5/2009 | 0.6 | Review substantive consolidation and begin to prepare summary of process. |
| Cashman, Brian 2009 | 11/5/2009 | 0.4 | Respond to M. Mosier (CC) email regarding MIP status. |
| Cashman, Brian 2009 | 11/5/2009 | 0.4 | Call J. Marcum (CC) regarding tax issues. |
| Cashman, Brian 2009 | 11/5/2009 | 0.3 | Discuss hearing on 11/12 with D. Foley (MGW). |
| Cashman, Brian 2009 | 11/5/2009 | 0.3 | Send email to S. Coulombe (FTI) summarizing tax call. |
| Cashman, Brian 2009 | 11/5/2009 | 0.2 | Respond to various emails from Company. |
| O'Loughlin, Morgan 2009 | 11/5/2009 | 0.9 | Participate in meeting with S. Coulombe (FTI) and B. Cashman (FTI) regarding accounts receivable analysis and delta between winning and losing set off motion. |
| Cashman, Brian 2009 | 11/6/2009 | 0.7 | Participate in call with Company and its advisors regarding tax matters and new tax legislation. |
| Cashman, Brian 2009 | 11/6/2009 | 0.6 | Read about new tax legislation. |
| Cashman, Brian 2009 | 11/6/2009 | 0.5 | Review company legal organizational chart as part of Canadian excise tax matter. |
| Cashman, Brian 2009 | 11/6/2009 | 0.4 | Request update on utility reserve balance from K. Bradshaw (CC). |
| Cashman, Brian 2009 | 11/6/2009 | 0.4 | Review proceeds section of liquidation analysis for update. |
| O'Loughlin, Morgan 2009 | 11/6/2009 | 1.1 | Prepare A/R analysis for treatment of pre and post petition A/R based on winning or losing the set off motion. |
| O'Loughlin, Morgan 2009 | 11/6/2009 | 0.9 | Update A/R analysis by vendor with comments from S. Coulombe (FTI). |
| O'Loughlin, Morgan 2009 | 11/6/2009 | 0.7 | Create methodology summary for A/R analysis. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Coulombe, Stephen L 2009 | 11/9/2009 | 0.8 | Review A/R analysis provided by M. O'Loughlin (FTI) and provide comments for update. |
| Cashman, Brian 2009 | 11/9/2009 | 0.9 | Prepare summary of professional fees success fees. |
| Cashman, Brian 2009 | 11/9/2009 | 0.6 | Review weekly cash flow report prepared by K. Bradshaw (CC). |
| Cashman, Brian 2009 | 11/9/2009 | 0.3 | Discuss achievement of MIP tasks on letters of credit with M. Mosier (CC). |
| O'Loughlin, Morgan 2009 | 11/9/2009 | 1.3 | Make updates to A/R analysis with comments from S. Coulombe (FTI) and B. Cashman (FTI). |
| Coulombe, Stephen L 2009 | 11/10/2009 | 0.7 | Review liquidation analysis distributed by M. O'Loughlin (FTI) and provide comments regarding post confirmation forecast assumptions. |
| Coulombe, Stephen L 2009 | 11/10/2009 | 0.6 | Review updated liquidation analysis which includes Recoupment of Insurance Reserves and A/R setoff line items. |
| Cashman, Brian 2009 | 11/10/2009 | 2.3 | Update estimated cash and claims at confirmation report and distribute to the Company for review. |
| Cashman, Brian 2009 | 11/10/2009 | 1.4 | Develop packet of supporting documentation for liquidation analysis. |
| Cashman, Brian 2009 | 11/10/2009 | 0.9 | Review 2010 forecast of wind down expenses and send to M. Mosier (CC) for review and comments. |
| Cashman, Brian 2009 | 11/10/2009 | 0.8 | Discuss liquidation analysis with J. Marcum (CC) and discuss the need for tracking setoff of accounts receivable and  add forecast for recoupment of insurance reserves. |
| Cashman, Brian 2009 | 11/10/2009 | 0.4 | Review updated liquidation analysis. |
| Cashman, Brian 2009 | 11/10/2009 | 0.3 | Review updated professional fees with M. O'Loughlin (FTI) and ask follow up questions of Company. |
| O'Loughlin, Morgan 2009 | 11/10/2009 | 1.2 | Update liquidation analysis notes with comments from B. Cashman (FTI) and distribute to S. Coulombe (FTI) for review. |
| O'Loughlin, Morgan 2009 | 11/10/2009 | 1.1 | Layer in preference data from L. Nemerov (FTI) into A/R analysis and tie back to detail. |
| O'Loughlin, Morgan 2009 | 11/10/2009 | 0.9 | Update liquidation analysis with actual cash activity through week ending 11/7 and tie back to cash balance. |
| O'Loughlin, Morgan 2009 | 11/10/2009 | 0.6 | Participate in meeting with K. Bradshaw (CC) regarding status of utility blocked account for remaining $3.0M. |
| O'Loughlin, Morgan 2009 | 11/10/2009 | 0.6 | Add new lines in liquidation analysis for new items including; NOL carry back, post-confirmation wind down costs and Canadian excise tax with ranges for high and low recoveries. |
| O'Loughlin, Morgan 2009 | 11/10/2009 | 0.6 | Update liquidation analysis with Recoupment of Insurance Reserves and A/R setoff with comments from S. Coulombe (FTI). |
| O'Loughlin, Morgan 2009 | 11/10/2009 | 0.3 | Review updated professional fees with B. Cashman (FTI) and ask follow up questions of Company. |
| Coulombe, Stephen L 2009 | 11/11/2009 | 1.6 | Participate in meeting with J. Marcum (CC), M. Mosier (CC), B. Cashman (FTI) and M. O'Loughlin (FTI) to review expenses in liquidation analysis and update. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Coulombe, Stephen L 2009 | 11/11/2009 | 1.1 | Participate in meeting with J. Marcum (CC), M. Mosier (CC), B. Cashman (FTI) and M. O'Loughlin (FTI) to review proceeds in liquidation analysis and update. |
| Coulombe, Stephen L 2009 | 11/11/2009 | 0.3 | Review draft of supporting packet for liquidation analysis items. |
| Cashman, Brian 2009 | 11/11/2009 | 1.6 | Participate in meeting with J. Marcum (CC), M. Mosier (CC), S. Coulombe (FTI) and M. O'Loughlin (FTI) to review expenses in liquidation analysis and update. |
| Cashman, Brian 2009 | 11/11/2009 | 1.1 | Participate in meeting with J. Marcum (CC), M. Mosier (CC), S. Coulombe (FTI) and M. O'Loughlin (FTI) to review proceeds in liquidation analysis and update. |
| Cashman, Brian 2009 | 11/11/2009 | 0.9 | Provide listing of Omni's 48-52 claims with proposed set-off from receivables as part of analysis determining impact of set-off. |
| Cashman, Brian 2009 | 11/11/2009 | 0.8 | Prepare list of open items for liquidation analysis and distribute to Company. |
| Cashman, Brian 2009 | 11/11/2009 | 0.7 | Review latest version of liquidation analysis updated for actuals as well as additional items in preparation for review meeting with Company. |
| Cashman, Brian 2009 | 11/11/2009 | 0.4 | Review letter on VISA / MasterCard settlement to estimate reserve. |
| Cashman, Brian 2009 | 11/11/2009 | 0.4 | Read email from J. McDonald (CC) regarding NOL update. |
| Cashman, Brian 2009 | 11/11/2009 | 0.2 | Discuss BOD meetings with D. Miller (CC) and update case calendar. |
| O'Loughlin, Morgan 2009 | 11/11/2009 | 1.6 | Participate in meeting with J. Marcum (CC), M. Mosier (CC), S. Coulombe (FTI) and B. Cashman (FTI) to review expenses in liquidation analysis and update. |
| O'Loughlin, Morgan 2009 | 11/11/2009 | 1.1 | Participate in meeting with J. Marcum (CC), M. Mosier (CC), S. Coulombe (FTI) and B. Cashman (FTI) to review proceeds in liquidation analysis and update. |
| O'Loughlin, Morgan 2009 | 11/11/2009 | 0.7 | Create table of contents for supporting materials in liquidation analysis. |
| O'Loughlin, Morgan 2009 | 11/11/2009 | 0.5 | Pull together supporting packet for liquidation analysis with items from B. Cashman (FTI). |
| O'Loughlin, Morgan 2009 | 11/11/2009 | 0.4 | Prepare supporting schedule for A/R setoff line in liquidation analysis that shows the effect to administrative and 503(b)(9) claims from objections 48-52. |
| Cashman, Brian 2009 | 11/12/2009 | 2.3 | Participate on call on Hearing on Legal Argument for Omnibus Claim Objections 48 - 52. |
| Cashman, Brian 2009 | 11/12/2009 | 0.3 | Read Hearing on Legal Argument for Omnibus Claim Objections 48 - 52 Agenda. |
| O'Loughlin, Morgan 2009 | 11/12/2009 | 1.1 | Update corporate wind down schedules to reclassify D&O insurance and incentive payouts to pre 12/31 wind down costs. |
| O'Loughlin, Morgan 2009 | 11/12/2009 | 0.9 | Update notes for liquidation analysis for warranty escrow timing and details of Systemax guaranteed $3.0M earn out. |
| O'Loughlin, Morgan 2009 | 11/12/2009 | 0.6 | Update professional fees schedule for new fee statements from debtor and committee professionals and tie liquidation analysis to updated professional fee forecast. |
| O'Loughlin, Morgan 2009 | 11/12/2009 | 0.4 | Divide post confirmation wind down costs into two separate schedules for corporate and professional fees. |
| Coulombe, Stephen L 2009 | 11/13/2009 | 1.1 | Review liquidation analysis and compare to claims waterfall to ensure that value of vendor A/R is captured appropriately. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Cashman, Brian 2009 | 11/13/2009 | 0.2 | Provide professional fee information to I. Fredericks (SASMF). |
| Duffy, Robert J 2009 | 11/15/2009 | 1.0 | Participate on BOD call. |
| Cashman, Brian 2009 | 11/15/2009 | 1.5 | Prepare bridge for estimate of cash and claims balance. |
| Cashman, Brian 2009 | 11/15/2009 | 1.0 | Participate on BOD call. |
| Cashman, Brian 2009 | 11/16/2009 | 0.4 | Complete bridge for estimated cash and claims at confirmation analysis and distribute to J. Marcum (CC) and M. Mosier (CC). |
| Cashman, Brian 2009 | 11/16/2009 | 0.3 | Review professional fees forecast. |
| O'Loughlin, Morgan 2009 | 11/16/2009 | 0.5 | Create FTI fee forecast schedule for December by person using prior five months actuals. |
| Duffy, Robert J 2009 | 11/17/2009 | 0.8 | Participate on call with S. Coulombe (FTI) to review liquidation analysis with supporting packet as of week ending 11/14. |
| Coulombe, Stephen L 2009 | 11/17/2009 | 0.8 | Participate on call with R. Duffy (FTI) to review liquidation analysis with supporting packet as of week ending 11/14. |
| Duffy, Robert J 2009 | 11/17/2009 | 0.6 | Participate on call with J. Marcum (CC) and S. Coulombe (FTI) to review liquidation analysis with supporting packet as of week ending 11/14. |
| Coulombe, Stephen L 2009 | 11/17/2009 | 0.6 | Participate on call with J. Marcum (CC) and R. Duffy (FTI) to review liquidation analysis with supporting packet as of week ending 11/14. |
| Coulombe, Stephen L 2009 | 11/17/2009 | 0.6 | Review substantive consolidation analysis summary from B. Cashman (FTI). |
| Cashman, Brian 2009 | 11/17/2009 | 2.1 | Draft substantive consolidation write-up. |
| Cashman, Brian 2009 | 11/17/2009 | 0.8 | Respond to various emails from Company. |
| Cashman, Brian 2009 | 11/17/2009 | 0.3 | Review weekly cash report prepared by K. Bradshaw (CC). |
| Cashman, Brian 2009 | 11/17/2009 | 0.2 | Locate supporting order for warranty recovery and add to packet of supporting documentation. |
| Cashman, Brian 2009 | 11/17/2009 | 0.1 | Respond to K. Bradshaw (CC) email regarding management incentive plan. |
| O'Loughlin, Morgan 2009 | 11/17/2009 | 0.9 | Continue to pull together support for liquidation analysis items including the IP order, professional fees forecast and post-confirmation wind down costs. |
| O'Loughlin, Morgan 2009 | 11/17/2009 | 0.8 | Update professional fees schedule with actuals through week ending 11/14 and link to liquidation analysis forecast. |
| O'Loughlin, Morgan 2009 | 11/17/2009 | 0.7 | Create analysis comparing administrative landlord claims remaining to November stub rent to support liquidation analysis. |
| Coulombe, Stephen L 2009 | 11/18/2009 | 0.6 | Review weekly cash flow report and claims waterfall prior to sending to I. Fredericks (SASMF). |
| Cashman, Brian 2009 | 11/18/2009 | 0.8 | Review professional fees and wind down expenses forecast with M. Mosier (CC), answer questions and update liquidation analysis. |
| Cashman, Brian 2009 | 11/18/2009 | 0.7 | Review listing of escrow accounts prepared by K. Bradshaw (CC). . |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Cashman, Brian 2009 | 11/18/2009 | 0.3 | Provide I. Fredericks (SASMF) weekly cash flow report and claims waterfall. |
| Cashman, Brian 2009 | 11/18/2009 | 0.2 | Review term sheet for litigation rights and add to packet of supporting documentation of liquidation analysis. |
| O'Loughlin, Morgan 2009 | 11/18/2009 | 0.4 | Make updates to professional fee schedule for post confirmation with comments from B. Cashman (FTI). |
| Cashman, Brian 2009 | 11/19/2009 | 0.5 | Respond to various emails from Company. |
| Cashman, Brian 2009 | 11/19/2009 | 0.3 | Review org chart and discuss with J. Marcum (CC). |
| Coulombe, Stephen L 2009 | 11/20/2009 | 0.4 | Review updated professional fees forecast and provide comments to B. Cashman (FTI). |
| Cashman, Brian 2009 | 11/20/2009 | 0.9 | Participate in meeting with M. O'Loughlin (FTI) to discuss supporting schedules for liquidation analysis. |
| Cashman, Brian 2009 | 11/20/2009 | 0.5 | Review packet of supporting documentation of liquidation analysis. |
| Cashman, Brian 2009 | 11/20/2009 | 0.4 | Review email from K. Bradshaw (CC) regarding amounts deposited in escrow accounts and update liquidation analysis. |
| Cashman, Brian 2009 | 11/20/2009 | 0.2 | Provide copy of weekly cash flow report to I. Fredericks (SASMF). |
| O'Loughlin, Morgan 2009 | 11/20/2009 | 1.1 | Create backup schedule for recoupment of insurance proceeds based on data provided by K. Bradshaw (CC). |
| O'Loughlin, Morgan 2009 | 11/20/2009 | 0.9 | Participate in meeting with B. Cashman (FTI) to discuss supporting schedules for liquidation analysis. |
| O'Loughlin, Morgan 2009 | 11/20/2009 | 0.9 | Update liquidation analysis with actuals through week ending 11/14 and tie back to cash report. |
| O'Loughlin, Morgan 2009 | 11/20/2009 | 0.8 | Create supporting schedule for escrow and cash accounts and add line item in liquidation analysis for $6M. |
| O'Loughlin, Morgan 2009 | 11/20/2009 | 0.7 | Finalize liquidation analysis support packet and send to B. Cashman (FTI) for review. |
| O'Loughlin, Morgan 2009 | 11/20/2009 | 0.6 | Add owned real estate listing from DJM to support packet for liquidation analysis. |
| O'Loughlin, Morgan 2009 | 11/20/2009 | 0.5 | Update table of contents with page numbers for liquidation analysis support packet. |
| O'Loughlin, Morgan 2009 | 11/20/2009 | 0.3 | Add warranty escrow supporting details into liquidation analysis support packet. |
| O'Loughlin, Morgan 2009 | 11/20/2009 | 0.3 | Update notes in liquidation analysis for credit card holdbacks and tax escrow account. |
| Cashman, Brian 2009 | 11/21/2009 | 1.5 | Review liquidation analysis and packet of supporting documentation and provide review comments. |
| Cashman, Brian 2009 | 11/22/2009 | 1.3 | Prepare revised cash less claims analysis. |
| Cashman, Brian 2009 | 11/22/2009 | 0.7 | Update cash and claims at confirmation analysis. |
| Coulombe, Stephen L 2009 | 11/23/2009 | 1.1 | Participate on call with R. Duffy (FTI) and J. Marcum (CC) to discuss liquidation analysis and assumptions for post confirmation wind down expenses. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Duffy, Robert J 2009 | 11/23/2009 | 1.1 | Participate on call with S. Coulombe (FTI) and J. Marcum (CC) to discuss liquidation analysis and assumptions for post confirmation wind down expenses. |
| Cashman, Brian 2009 | 11/23/2009 | 0.4 | Review weekly cash report prepared by K. Bradshaw (CC). |
| Cashman, Brian 2009 | 11/23/2009 | 0.3 | Review escrow support and add to liquidation analysis. |
| Cashman, Brian 2009 | 11/23/2009 | 0.2 | Discuss open items on liquidation analysis with M. Mosier (CC). |
| Cashman, Brian 2009 | 11/23/2009 | 0.2 | Update wind down expenses for new D&O quote. |
| O'Loughlin, Morgan 2009 | 11/23/2009 | 0.9 | Create analysis which links letters of credit for 502-12 86TH STREET LLC and Gelco Corp. to administrative claims filed and send to B. Cashman (FTI) for review. |
| O'Loughlin, Morgan 2009 | 11/23/2009 | 0.7 | Create summary analysis for B. Cashman (FTI) which bridges tax stipulation for $6.3M to escrow account for $4.3M and note all priority claims that have been satisfied. |
| O'Loughlin, Morgan 2009 | 11/23/2009 | 0.6 | Exchange emails with J. Knopke (CC) regarding variance between tax stipulation for $6.3M and escrow account set up for $4.3M. |
| O'Loughlin, Morgan 2009 | 11/23/2009 | 0.5 | Update source for each backup schedule in liquidation analysis table of contents. |
| O'Loughlin, Morgan 2009 | 11/23/2009 | 0.4 | Add support for Safeco L/C to liquidation analysis backup. |
| O'Loughlin, Morgan 2009 | 11/23/2009 | 0.3 | Add MIP schedules to support packet for liquidation analysis. |
| Coulombe, Stephen L 2009 | 11/24/2009 | 1.2 | Participate on call with G. Galardi (SASMF) and R. Duffy (FTI) to discuss liquidation analysis assumptions and communication with the Committee. |
| Duffy, Robert J 2009 | 11/24/2009 | 1.2 | Participate on call with G. Galardi (SASMF) and S. Coulombe (FTI) to discuss liquidation analysis assumptions and communication with the Committee. |
| Coulombe, Stephen L 2009 | 11/24/2009 | 1.1 | Review packet of supporting documentation of liquidation analysis and provide feedback to M. O'Loughlin (FTI). |
| Duffy, Robert J 2009 | 11/24/2009 | 0.8 | Review liquidation analysis support packet and provide feedback to B. Cashman (FTI). |
| Cashman, Brian 2009 | 11/24/2009 | 0.8 | Review Canadian excise tax presentation prepared by PWC. |
| Cashman, Brian 2009 | 11/24/2009 | 0.8 | Review packet of supporting documentation of liquidation analysis. |
| Cashman, Brian 2009 | 11/24/2009 | 0.6 | Review updated Canadian claims waterfall prepared by M. Mosier (CC) and update liquidation analysis. |
| Cashman, Brian 2009 | 11/24/2009 | 0.6 | Review tax receivable spreadsheet prepared by M. Mosier (CC) and update liquidation analysis. |
| Cashman, Brian 2009 | 11/24/2009 | 0.4 | Discuss escrow accounts with K. Bradshaw (CC). |
| O'Loughlin, Morgan 2009 | 11/24/2009 | 0.7 | Update D&O renewal payment to $250K for pre-confirmation wind down costs analysis and send to B. Cashman (FTI) for review. |
| O'Loughlin, Morgan 2009 | 11/24/2009 | 0.3 | Add IP sale order into support packet for liquidation analysis which details guaranteed $3.0M earn out. |
| Coulombe, Stephen L 2009 | 11/25/2009 | 1.2 | Review liquidation analysis and supporting packet and provide comments to B. Cashman (FTI) regarding layout. |

Circuit City Stores, Inc.

FTI Consulting, Inc.

Exhibit C - Complete Accounting of Time Expended by Day by Professional

For the Period 11/1/2009 through and including 1/31/2010

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Coulombe, Stephen L 2009 | 11/25/2009 | 0.9 | Participate on call with J. Marcum (CC) to review liquidation analysis and new line items for proceeds. |
| Cashman, Brian 2009 | 11/25/2009 | 0.5 | Review liquidation analysis and packet of supporting documentation and send to J. Marcum (CC) and M. Mosier (CC). |
| O'Loughlin, Morgan 2009 | 11/25/2009 | 1.0 | Update liquidation analysis notes with comments from B. Cashman (FTI). |
| O'Loughlin, Morgan 2009 | 11/25/2009 | 0.9 | Update post confirmation monthly recurring expense forecast and synch with liquidation analysis. |
| O'Loughlin, Morgan 2009 | 11/25/2009 | 0.8 | Make updates to support packet for liquidation analysis and send to B. Cashman (FTI) for review. |
| O'Loughlin, Morgan 2009 | 11/25/2009 | 0.6 | Update professional fee analysis with actuals through week ending 11/21. |
| Coulombe, Stephen L 2009 | 11/30/2009 | 0.6 | Provide comments to B. Cashman (FTI) regarding updated liquidation analysis. |
| Cashman, Brian 2009 | 11/30/2009 | 0.8 | Review cash report prepared by K. Bradshaw (CC). |
| Cashman, Brian 2009 | 11/30/2009 | 0.5 | Review cash report prepared by M. O'Loughlin (FTI). |
| Cashman, Brian 2009 | 11/30/2009 | 0.3 | Discuss BOD meeting with M. Mosier (CC) and BOD presentation. |
| O'Loughlin, Morgan 2009 | 11/30/2009 | 0.8 | Update liquidation analysis with actuals through week ending 11/28 and tie back to cash report. |
| O'Loughlin, Morgan 2009 | 11/30/2009 | 0.4 | Make updates to notes in liquidation analysis to reflect changes in actuals through week ending 11/28. |
| O'Loughlin, Morgan 2009 | 12/1/2009 | 0.8 | Update professional fees forecast for recently received fee monthly fee statements and actual payments through week ending 11/28/09. |
| Duffy, Robert J 2009 | 12/2/2009 | 0.8 | Review December BOD presentation prepared by B. Cashman (FTI) and provide comments regarding the executive summary. |
| Cashman, Brian 2009 | 12/2/2009 | 0.8 | Distribute updated liquidation analysis to J. Marcum (CC) and M. Mosier (CC) and summarize in email what has changed since last version. |
| O'Loughlin, Morgan 2009 | 12/2/2009 | 1.3 | Bifurcate the liquidation analysis forecast into pre and post confirmation and bucket proceeds and disbursements appropriately. |
| O'Loughlin, Morgan 2009 | 12/2/2009 | 1.1 | Update liquidation analysis for BOD with actual from prior month and update presentation with recovery ranges. |
| O'Loughlin, Morgan 2009 | 12/3/2009 | 0.8 | Make updates to proceeds and disbursements to post confirmation with comments from B. Cashman (FTI). |
| Coulombe, Stephen L 2009 | 12/7/2009 | 0.5 | Participate on call with R. Duffy (FTI) and J. Marcum (CC) to discuss management incentive plan targets achieved. |
| Duffy, Robert J 2009 | 12/7/2009 | 0.5 | Participate on call with S. Coulombe (FTI) and J. Marcum (CC) to discuss management incentive plan targets achieved. |
| Coulombe, Stephen L 2009 | 12/7/2009 | 0.3 | Review wind down corporate monthly run rate schedule provided by M. O'Loughlin (FTI) and compare to liquidation analysis assumptions. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|

### Liquidation Analysis/Wind down

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| Coulombe, Stephen L 2009 | 12/7/2009 | 0.2 | Participate in meeting with R. Duffy (FTI) and M. Weinsten (FTI) to discuss management incentive plan with respect to CEO incentive targets. |
| Duffy, Robert J 2009 | 12/7/2009 | 0.2 | Participate in meeting with M. Weinsten (FTI) and S. Coulombe (FTI) to discuss management incentive plan with respect to CEO incentive targets. |
| Weinsten, Mark 2009 | 12/7/2009 | 0.2 | Participate in meeting with R. Duffy (FTI) and S. Coulombe (FTI) to discuss management incentive plan with respect to CEO incentive targets. |
| Cashman, Brian 2009 | 12/7/2009 | 0.5 | Review weekly cash report prepared by M. O'Loughlin (FTI). |
| Cashman, Brian 2009 | 12/7/2009 | 0.4 | Discuss and answer question from K. Bradshaw (CC) regarding D&O insurance. |
| Cashman, Brian 2009 | 12/7/2009 | 0.3 | Review weekly cash report prepared by K. Bradshaw (CC) and ask follow up question regarding credit card holdbacks. |
| O'Loughlin, Morgan 2009 | 12/7/2009 | 0.6 | Update the professional fee forecast with actual through week ending 12/5 and send to B. Cashman (FTI) for review. |
| Duffy, Robert J 2009 | 12/8/2009 | 1.0 | Participate on call with J. Marcum (CC) regarding request for schedule of management incentive plan targets achieved to date. |
| Coulombe, Stephen L 2009 | 12/8/2009 | 1.0 | Review and give comments to B. Cashman (FTI) for analysis of incentive plan requested by J. Marcum (CC). |
| Cashman, Brian 2009 | 12/8/2009 | 1.7 | Prepare analysis of incentive plan as requested by J. Marcum (CC). |
| Coulombe, Stephen L 2009 | 12/9/2009 | 0.8 | Review packet of supporting schedules for liquidation analysis and provide comments to B. Cashman (FTI) prior to sending to the Company. |
| Cashman, Brian 2009 | 12/9/2009 | 1.5 | Review liquidation analysis and supporting documentation and distribute to J. Marcum (CC) and M. Mosier (CC) for review and approval to review with Skadden. |
| O'Loughlin, Morgan 2009 | 12/9/2009 | 1.1 | Make updates to liquidation analysis for NOL Carry back and France SNC tax with comments from B. Cashman (FTI). |
| O'Loughlin, Morgan 2009 | 12/9/2009 | 0.8 | Update support packet with latest version of professional fees forecast and France SNC tax calculation and send to B. Cashman (FTI). |
| Duffy, Robert J 2009 | 12/10/2009 | 0.5 | Review latest version of liquidation analysis and provide comments for update to the FTI team. |
| Coulombe, Stephen L 2009 | 12/10/2009 | 0.4 | Review comments from M. Mosier (CC) and communicate changes needed to M. O'Loughlin (FTI). |
| O'Loughlin, Morgan 2009 | 12/10/2009 | 0.8 | Make updates to liquidation analysis with comments from M. Mosier (CC) and send to B. Cashman (FTI) for review. |
| Weinsten, Mark 2009 | 12/11/2009 | 0.8 | Participate on call with J. Marcum (CC), S. Coulombe (FTI) and S. Coulombe (FTI) to discuss management incentive plan language and targets achieved to date. |
| Coulombe, Stephen L 2009 | 12/11/2009 | 0.8 | Participate on call with J. Marcum (CC), R. Duffy (FTI) and M. Weinsten (FTI) to discuss management incentive plan language and targets achieved to date. |
| Duffy, Robert J 2009 | 12/11/2009 | 0.8 | Participate on call with J. Marcum (CC), S. Coulombe (FTI) and M. Weinsten (FTI) to discuss management incentive plan language and targets achieved to date. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Coulombe, Stephen L 2009 | 12/11/2009 | 0.2 | Participate in meeting with R. Duffy (FTI) to discuss management incentive plan payments. |
| Duffy, Robert J 2009 | 12/11/2009 | 0.2 | Participate in meeting with S. Coulombe (FTI) to discuss management incentive plan payments. |
| Duffy, Robert J 2009 | 12/14/2009 | 1.0 | Discuss major remaining asset recoveries with J. Marcum (CC) and transitioning these post confirmation. |
| Cashman, Brian 2009 | 12/14/2009 | 0.9 | Review updated liquidation analysis reflecting M. Mosier's (CC) comments and distribute for review. |
| O'Loughlin, Morgan 2009 | 12/14/2009 | 0.5 | Update professional fees forecast for Protiviti fees for October and November and Tavennar and Beran September fees and send to J. Marcum (CC) and M. Mosier (CC) for review. |
| Coulombe, Stephen L 2009 | 12/15/2009 | 0.7 | Review updated liquidation analysis provided by M. O'Loughlin (FTI) and send email to B. Cashman (FTI) to update properly. |
| Duffy, Robert J 2009 | 12/16/2009 | 1.0 | Participate on call with J. Marcum (CC), G. Galardi (SASMF) and S. Coulombe (FTI) to discuss liquidation analysis recovery ranges. |
| Coulombe, Stephen L 2009 | 12/16/2009 | 1.0 | Participate on call with J. Marcum (CC), G. Galardi (SASMF) and R. Duffy (FTI) to discuss liquidation analysis recovery ranges. |
| O'Loughlin, Morgan 2009 | 12/16/2009 | 0.6 | Update liquidation analysis with actuals through week ending 12/12 and send to B. Cashman (FTI) for review. |
| Coulombe, Stephen L 2009 | 12/17/2009 | 0.5 | Review bridge to prior version of liquidation analysis and send comments to B. Cashman (FTI). |
| O'Loughlin, Morgan 2009 | 12/17/2009 | 0.9 | Make updates to comments section of liquidation analysis per B. Cashman (FTI). |
| Coulombe, Stephen L 2010 | 12/22/2009 | 1.1 | Review updated liquidation analysis which breaks out forecast between pre and post 3/31/10 and communicate need for support of forecast to B. Cashman (FTI). |
| Coulombe, Stephen L 2010 | 12/22/2009 | 0.4 | Participate on call with J. Marcum (CC) to discuss transition of work streams to liquidating trustee. |
| Cashman, Brian 2009 | 12/22/2009 | 1.0 | Participate on call with Company and Skadden to review liquidation analysis and claims waterfall. |
| Cashman, Brian 2009 | 12/22/2009 | 1.0 | Review updated liquidation analysis reflecting action items from call. |
| O'Loughlin, Morgan 2009 | 12/22/2009 | 0.6 | Bifurcate liquidation analysis items for pre and post confirmation with comments from M. Mosier (CC). |
| O'Loughlin, Morgan 2009 | 12/22/2009 | 0.4 | Update comments to liquidation analysis and send analysis to B. Cashman (FTI) for review. |
| Coulombe, Stephen L 2010 | 12/23/2009 | 1.1 | Review latest sources and uses schedule and send comments to B. Cashman (FTI). |
| Coulombe, Stephen L 2010 | 12/23/2009 | 0.9 | Participate on call with G. Galardi (SASMF) to discuss latest sources and uses schedule and need for showing shortfall before priority claims. |
| Duffy, Robert J 2009 | 12/23/2009 | 1.1 | Review updated sources and uses schedule and send comments to B. Cashman (FTI). |
| Duffy, Robert J 2009 | 12/23/2009 | 0.9 | Participate on call with J. Marcum (CC) to review sources and uses schedule at confirmation and key assumptions. |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 11/1/2009 through and including 1/31/2010**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Cashman, Brian 2009 | 12/23/2009 | 1.0 | Review cash flow report and updated liquidation analysis. |
| Cashman, Brian 2009 | 12/23/2009 | 1.0 | Update sources and uses schedule. |
| O'Loughlin, Morgan 2009 | 12/23/2009 | 0.7 | Make updates to comments and add. |
| Duffy, Robert J 2010 | 12/28/2009 | 1.0 | Participate on call with G. Galardi (SASMF) to discuss sources and uses schedule and analysis to support reduction of claims. |
| Duffy, Robert J 2010 | 12/31/2009 | 1.3 | Participate on call to review sources and uses analysis with J. Marcum (CC). |
| Duffy, Robert J 2010 | 12/31/2009 | 0.8 | Review liquidation analysis and compare to sources and uses assumptions. |
| Coulombe, Stephen L 2010 | 1/4/2010 | 1.0 | Participate on call with G. Galardi (SASMF), I. Fredericks (SASMF) and R. Duffy (FTI) to discuss the liquidation analysis. |
| Duffy, Robert J 2010 | 1/4/2010 | 1.0 | Participate on call with G. Galardi (SASMF), I. Fredericks (SASMF) and S. Coulombe (FTI) to discuss the liquidation analysis. |
| Cashman, Brian 2010 | 1/4/2010 | 1.5 | Update executive summary of BOD presentation. |
| Cashman, Brian 2010 | 1/4/2010 | 0.5 | Review liquidation analysis in BOD presentation. |
| Cashman, Brian 2010 | 1/4/2010 | 0.3 | Review weekly cash report prepared by K. Bradshaw (CC). |
| O'Loughlin, Morgan 2010 | 1/4/2010 | 1.1 | Make updates to comments for liquidation analysis based on call with I. Fredericks (SASMF). |
| O'Loughlin, Morgan 2010 | 1/4/2010 | 0.9 | Format and update liquidation analysis for BOD deck for January. |
| O'Loughlin, Morgan 2010 | 1/4/2010 | 0.9 | Prepare draft of executive summary for January BOD deck. |
| O'Loughlin, Morgan 2010 | 1/4/2010 | 0.7 | Update liquidation analysis with actuals through week ending 1/2. |
| O'Loughlin, Morgan 2010 | 1/4/2010 | 0.5 | Exchange emails with I. Fredericks (SASMF) regarding proceeds received for credit card hold back and other proceeds forecast. |
| O'Loughlin, Morgan 2010 | 1/4/2010 | 0.5 | Update BOD deck for January with latest claims waterfall. |
| O'Loughlin, Morgan 2010 | 1/4/2010 | 0.3 | Participate on call with I. Fredericks (SASMF) to discuss the liquidation analysis. |
| Duffy, Robert J 2010 | 1/5/2010 | 0.4 | Review updated liquidation analysis and provide comments to B. Cashman (FTI) for update. |
| Cashman, Brian 2010 | 1/5/2010 | 1.0 | Review weekly cash reports prepared by M. O'Loughlin (FTI) and communicate review comments. |
| O'Loughlin, Morgan 2010 | 1/5/2010 | 1.1 | Update executive summary for January BOD deck with comments from M. Mosier (CC). |
| O'Loughlin, Morgan 2010 | 1/5/2010 | 0.4 | Prepare and send file to B. Cashman (FTI) for DJM appraised values of owned real estate. |
| O'Loughlin, Morgan 2010 | 1/5/2010 | 0.4 | Incorporate edits to executive summary for January BOD deck from M. Mosier (CC). |
| Duffy, Robert J 2010 | 1/6/2010 | 1.0 | Participate on CC BOD call. |
| Coulombe, Stephen L 2010 | 1/6/2010 | 1.0 | Participate on CC BOD call. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Cashman, Brian 2010 | 1/6/2010 | 1.2 | Respond to questions from Skadden regarding liquidation analysis and update for review comments. |
| Cashman, Brian 2010 | 1/6/2010 | 1.0 | Participate on CC BOD call. |
| Cashman, Brian 2010 | 1/6/2010 | 0.6 | Participate in meeting with M. O'Loughlin (FTI) to discuss liquidation analysis and email from I. Fredericks (SASMF). |
| O'Loughlin, Morgan 2010 | 1/6/2010 | 0.8 | Update professional fee schedule with actual cash activity and recently received fee statements through week ending 1/2. |
| O'Loughlin, Morgan 2010 | 1/6/2010 | 0.6 | Participate in meeting with B. Cashman (FTI) to discuss liquidation analysis and email from I. Fredericks (SASMF). |
| O'Loughlin, Morgan 2010 | 1/6/2010 | 0.5 | Add unsecured creditor recoveries based on $1.8B of unsecured claims to liquidation analysis per request of G. Galardi (SASMF). |
| O'Loughlin, Morgan 2010 | 1/6/2010 | 0.4 | Exchange emails with H. Ferguson (CC) to confirm remaining credit card hold back for $200K from 5th/3rd. |
| Coulombe, Stephen L 2010 | 1/7/2010 | 1.0 | Participate on call with G. Galardi (SASMF) and R. Duffy (FTI) to discuss work streams and timeline leading up to confirmation. |
| Duffy, Robert J 2010 | 1/7/2010 | 1.0 | Participate on call with G. Galardi (SASMF) and S. Coulombe (FTI) to discuss work streams and timeline leading up to confirmation. |
| Coulombe, Stephen L 2010 | 1/8/2010 | 1.0 | Participate on call with J. Marcum (CC) to discuss bonus payment and analysis written into original MIP schedule. |
| Cashman, Brian 2010 | 1/11/2010 | 1.1 | Update liquidation analysis for recent cash activity and updated assumptions. |
| O'Loughlin, Morgan 2010 | 1/12/2010 | 0.4 | Pull together summary of standby LC's per cash report and potential for reserve recoupment. |
| Cashman, Brian 2010 | 1/13/2010 | 1.0 | Review open claim summary report provided by M. Mosier (CC). |
| Cashman, Brian 2010 | 1/13/2010 | 0.6 | Discuss travelers letter of credit with M. Mosier (CC). |
| O'Loughlin, Morgan 2010 | 1/13/2010 | 1.2 | Update liquidation analysis with actuals and tie back to actual cash balance through 1/9 and send to B. Cashman (FTI). |
| Duffy, Robert J 2010 | 1/15/2010 | 1.0 | Participate on call with G. Galardi (SASMF) and S. Coulombe (FTI) sources and uses analysis and steps needed to reserve for administrative claims. |
| Coulombe, Stephen L 2010 | 1/15/2010 | 1.0 | Participate on call with G. Galardi (SASMF) and R. Duffy (FTI) sources and uses analysis and steps needed to reserve for administrative claims. |
| Duffy, Robert J 2010 | 1/18/2010 | 0.6 | Review updated liquidation analysis and summary from B. Cashman (FTI). |
| Cashman, Brian 2010 | 1/18/2010 | 1.5 | Update sources and uses report and send to I. Fredericks (SASMF) for review. |
| Cashman, Brian 2010 | 1/18/2010 | 0.5 | Send updated liquidation analysis and summary to I. Fredericks (SASMF). |
| Cashman, Brian 2010 | 1/18/2010 | 0.5 | Update sources and uses report for comments from Skadden and redistribute. |
| O'Loughlin, Morgan 2010 | 1/18/2010 | 1.2 | Update liquidation analysis comments section with comments from B. Cashman (FTI). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| O'Loughlin, Morgan 2010 | 1/18/2010 | 0.6 | Update professional fees forecast with recently received fee statements per schedule from D. Tate (CC). |
| O'Loughlin, Morgan 2010 | 1/18/2010 | 0.4 | Send latest version of sources and uses to B. Cashman (FTI) with updated cash balance. |
| O'Loughlin, Morgan 2010 | 1/18/2010 | 0.4 | Exchange emails with D. Tate (CC) regarding professional fees tracking sheet and upcoming payments. |
| Duffy, Robert J 2010 | 1/19/2010 | 0.8 | Participate on call with J. Marcum (CC) to discuss case transition and outstanding items prior to confirmation. |
| Coulombe, Stephen L 2010 | 1/19/2010 | 0.6 | Review sources and uses report from M. O'Loughlin (FTI) before sending to I. Fredericks (SASMF). |
| O'Loughlin, Morgan 2010 | 1/19/2010 | 0.9 | Participate on call with I. Fredericks (SASMF) to review comments on sources and uses report. |
| Duffy, Robert J 2010 | 1/20/2010 | 1.0 | Review sources and uses analysis with G. Galardi (SASMF) via teleconference. |
| Cashman, Brian 2010 | 1/20/2010 | 0.7 | Participate on call with I. Fredericks (SASMF) and M. O'Loughlin (FTI) to review comments on sources and uses report. |
| O'Loughlin, Morgan 2010 | 1/20/2010 | 1.3 | Create new format for sources and uses report with comments from I. Fredericks (SASMF). |
| O'Loughlin, Morgan 2010 | 1/20/2010 | 0.9 | Update the liquidation analysis with actuals through week ending 1/16 and distribute to J. Marcum (CC) and M. Mosier (CC) for review. |
| O'Loughlin, Morgan 2010 | 1/20/2010 | 0.7 | Participate on call with I. Fredericks (SASMF) and B. Cashman (FTI) to review comments on sources and uses report. |
| O'Loughlin, Morgan 2010 | 1/20/2010 | 0.6 | Make updates to notes in sources and uses report with comments from I. Fredericks (SASMF). |
| O'Loughlin, Morgan 2010 | 1/20/2010 | 0.3 | Exchange emails with K. Bradshaw (CC) regarding bank fees and expenses actuals and forecast remaining. |
| O'Loughlin, Morgan 2010 | 1/21/2010 | 0.6 | Participate on call with J. Marcum (CC), M. Mosier (CC), I. Fredericks (SASMF) and J. Pomerantz (Pachulski) to discuss sale of DR1 property. |
| O'Loughlin, Morgan 2010 | 1/21/2010 | 0.4 | Prepare summary of call discussing sale of DR1 property, prospective buyers and next steps. |
| Duffy, Robert J 2010 | 1/22/2010 | 0.6 | Review liquidation analysis and compare to sources and uses assumptions prior to distribution to Skadden and the Company. |
| O'Loughlin, Morgan 2010 | 1/22/2010 | 0.5 | Update professional fees schedule with actual disbursed payments in past week per schedule from D. Tate (CC). |
| Coulombe, Stephen L 2010 | 1/25/2010 | 1.0 | Participate on call with J. Marcum (CC) and R. Duffy (FTI) to discuss bonus payment and Committee communication. |
| Duffy, Robert J 2010 | 1/25/2010 | 1.0 | Participate on call with J. Marcum (CC) and S. Coulombe (FTI) to discuss bonus payment and Committee communication. |
| Cashman, Brian 2010 | 1/25/2010 | 0.4 | Discuss with M. Mosier (CC) increasing estimated proceeds from owned real estate in liquidation analysis. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| O'Loughlin, Morgan 2010 | 1/25/2010 | 0.6 | Increase forecast for owned real estate for anticipated proceeds from sale of DR1 property and send to B. Cashman (FTI). |
| O'Loughlin, Morgan 2010 | 1/25/2010 | 0.5 | Make updates to sources and uses analysis with comments from B. Cashman (FTI). |
| Coulombe, Stephen L 2010 | 1/26/2010 | 1.0 | Review sources and uses assumptions with R. Duffy (FTI) and send comments to B. Cashman (FTI). |
| Duffy, Robert J 2010 | 1/26/2010 | 1.0 | Review sources and uses assumptions with S. Coulombe (FTI) and send comments to B. Cashman (FTI). |
| Cashman, Brian 2010 | 1/26/2010 | 1.4 | Discuss sources and uses report and claims report with I. Fredericks (SASMF). |
| Cashman, Brian 2010 | 1/26/2010 | 0.9 | Update and review sources and uses for changes proposed by Skadden. |
| Cashman, Brian 2010 | 1/26/2010 | 0.8 | Participate in meeting with M. O'Loughlin (FTI) to review sources and uses for changes proposed by Skadden. |
| Cashman, Brian 2010 | 1/26/2010 | 0.7 | Proforma BOD deck. |
| O'Loughlin, Morgan 2010 | 1/26/2010 | 1.1 | Participate on various calls with I. Fredericks (SASMF) to discuss changes to sources and uses analysis. |
| O'Loughlin, Morgan 2010 | 1/26/2010 | 0.8 | Participate in meeting with B. Cashman (FTI) to review sources and uses for changes proposed by Skadden. |
| O'Loughlin, Morgan 2010 | 1/26/2010 | 0.7 | Update sources and uses analysis with cash balance and updated secured claims estimate per I. Fredericks (SASMF). |
| O'Loughlin, Morgan 2010 | 1/26/2010 | 0.5 | Update notes and comments to sources and uses analysis per comments from I. Fredericks (SASMF). |
| Cashman, Brian 2010 | 1/27/2010 | 0.7 | Prepare BOD deck. |
| O'Loughlin, Morgan 2010 | 1/27/2010 | 0.7 | Update executive summary to January BOD deck reflecting latest activity for cash and claims. |
| O'Loughlin, Morgan 2010 | 1/27/2010 | 0.4 | Format and finalize liquidation analysis with cash balance as of 1/23 for January BOD deck. |
| O'Loughlin, Morgan 2010 | 1/27/2010 | 0.3 | Format and finalize claims waterfall for January BOD deck. |
| Duffy, Robert J 2010 | 1/28/2010 | 1.0 | Discuss January BOD deck with J. Marcum (CC) via teleconference. |
| Coulombe, Stephen L 2010 | 1/28/2010 | 0.6 | Review January BOD deck and send comments to B. Cashman (FTI). |
| Coulombe, Stephen L 2010 | 1/28/2010 | 0.4 | Review liquidation analysis in January BOD presentation. |
| Cashman, Brian 2010 | 1/28/2010 | 1.1 | Review retention plan motion as requested by M. Mosier (CC). |
| Cashman, Brian 2010 | 1/28/2010 | 0.9 | Review BOD deck. |
| O'Loughlin, Morgan 2010 | 1/28/2010 | 1.1 | Update liquidation with actuals through 1/23 and send to B. Cashman (FTI) for review. |
| O'Loughlin, Morgan 2010 | 1/28/2010 | 0.7 | Make updates to executive summary per comments from M. Mosier (CC). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| O'Loughlin, Morgan 2010 | 1/28/2010 | 0.4 | Make updates to comments in liquidation analysis and distribute to the Company for review. |
| Duffy, Robert J 2010 | 1/29/2010 | 0.6 | Participate on call with J. Marcum (CC) and S. Coulombe (FTI) to discuss assumptions in sources and uses analysis. |
| Coulombe, Stephen L 2010 | 1/29/2010 | 0.6 | Participate on call with J. Marcum (CC) and R. Duffy (FTI) to discuss assumptions in sources and uses analysis. |
| Coulombe, Stephen L 2010 | 1/29/2010 | 0.4 | Review FTI calendar and work plan with R. Duffy (FTI). |
| Duffy, Robert J 2010 | 1/29/2010 | 0.4 | Review FTI calendar and work plan with S. Coulombe (FTI). |
| ***Subtotal - Liquidation Analysis/Wind down*** | | **235.9** | |
| **Preference Analysis** | | | |
| Robinson, Joshua M. 2009 | 11/3/2009 | 0.8 | Participate on call with J. Liberi (SASMF) and B. Stark (MGW) regarding preference. |
| Robinson, Joshua M. 2009 | 11/3/2009 | 0.8 | Review preference data for checks missing clear date and provide examples. |
| Robinson, Joshua M. 2009 | 11/4/2009 | 1.0 | Participate on call with I. Fredrick's (SASMF) and D. Foley (MGW) regarding preference complaint templates. |
| Robinson, Joshua M. 2009 | 11/5/2009 | 0.8 | Prepare preference extract for select vendor based on email from B. Fose (CC). |
| Robinson, Joshua M. 2009 | 11/5/2009 | 0.8 | Prepare preference extract for select vendor based on email from J. Liberi (SASMF). |
| Robinson, Joshua M. 2009 | 11/6/2009 | 1.1 | Validate file of missing checks for use in preference data. |
| Robinson, Joshua M. 2009 | 11/9/2009 | 1.0 | Discuss with L. Nemerov (FTI) the required data to provide to M. O'Loughlin (FTI) for A/R and preference setoff motions. |
| Robinson, Joshua M. 2009 | 11/9/2009 | 0.4 | Pull preference analysis for selected vendor. |
| Cashman, Brian 2009 | 11/9/2009 | 0.7 | Review A/R summary report prepared by M. O'Loughlin (FTI) and determine the need to include preference information. |
| Nemerov, Lara 2009 | 11/9/2009 | 1.0 | Discuss with J. Robinson (FTI) the required data to provide to M. O'Loughlin (FTI) for A/R and preference setoff motions. |
| Schaefer, Karl 2009 | 11/9/2009 | 1.5 | Input correct preference amounts into preference list to tie out to M. O'Loughlin (FTI) list. |
| Robinson, Joshua M. 2009 | 11/10/2009 | 1.9 | Provide listing of checks missing clear date for preference data to company. |
| Robinson, Joshua M. 2009 | 11/10/2009 | 0.9 | Begin to prepare summary for preference analysis per request from D. Foley (MGW). |
| Robinson, Joshua M. 2009 | 11/10/2009 | 0.3 | Discuss court hearing and preferences with B. Cashman (FTI). |
| Cashman, Brian 2009 | 11/10/2009 | 0.7 | Review preference methodology. |
| Cashman, Brian 2009 | 11/10/2009 | 0.3 | Discuss court hearing and preferences with J. Robinson (FTI). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Preference Analysis** | | | |
| O'Loughlin, Morgan 2009 | 11/10/2009 | 0.4 | Participate on call with L. Nemerov (FTI) regarding preference data available by vendor for A/R analysis. |
| Nemerov, Lara 2009 | 11/10/2009 | 0.4 | Participate on call with M. O'Loughlin (FTI) regarding preference data available by vendor for A/R analysis. |
| Robinson, Joshua M. 2009 | 11/11/2009 | 3.0 | Prepare preference analysis for select vendors under various scenarios per request from D. Foley (MGW). |
| Robinson, Joshua M. 2009 | 11/11/2009 | 2.5 | Participate in various discussions regarding preference with I. Fredrick's (SASMF) and D. Foley (MGW). |
| Robinson, Joshua M. 2009 | 11/11/2009 | 1.3 | Provide finalized listing of preference checks missing clear date to M. Smithson (CC). |
| Coulombe, Stephen L 2009 | 11/12/2009 | 1.0 | Review summary of claims, receivables and preferences by vendor provided by M. O'Loughlin (FTI). |
| Coulombe, Stephen L 2009 | 11/12/2009 | 0.6 | Devise summary schedule that shows claims, A/R amounts and preference by vendor to assist G. Galardi (SASMF). |
| Cashman, Brian 2009 | 11/12/2009 | 1.0 | Review vendor summary of claims, receivables and preferences. |
| O'Loughlin, Morgan 2009 | 11/12/2009 | 1.2 | Create preference analysis summary of top 25 vendors and tie back to $10.0M to $25.0M range in liquidation analysis. |
| Coulombe, Stephen L 2009 | 11/13/2009 | 0.6 | Participate in meeting with M. O'Loughlin (FTI) and S. Coulombe (FTI) to discuss request from G. Galardi (SASMF) regarding a schedule by vendor that shows A/R, Preference and remaining claims amounts. |
| Robinson, Joshua M. 2009 | 11/13/2009 | 2.4 | Begin to prepare preference example for inner workings and send to J. Liberi (SASMF) for review. |
| Robinson, Joshua M. 2009 | 11/13/2009 | 1.2 | Research questions related to preference from J. Liberi (SASMF). |
| Cashman, Brian 2009 | 11/13/2009 | 1.0 | Review vendor summary of claims, receivables and preferences. |
| Cashman, Brian 2009 | 11/13/2009 | 0.8 | Participate in meeting with M. O'Loughlin (FTI) to review claims, A/R and preference report. |
| Cashman, Brian 2009 | 11/13/2009 | 0.6 | Participate in meeting with M. O'Loughlin (FTI) and S. Coulombe (FTI) to discuss request from G. Galardi (SASMF) regarding a schedule by vendor that shows A/R, Preference and remaining claims amounts. |
| O'Loughlin, Morgan 2009 | 11/13/2009 | 1.1 | Set up schedule that includes a by vendor summary of remaining claim amounts, A/R pre and postpetition amounts and preference. |
| O'Loughlin, Morgan 2009 | 11/13/2009 | 0.8 | Participate in meeting with B. Cashman (FTI) to review claims, A/R and preference report. |
| O'Loughlin, Morgan 2009 | 11/13/2009 | 0.6 | Participate in meeting with B. Cashman (FTI) and S. Coulombe (FTI) to discuss request from G. Galardi (SASMF) regarding a schedule by vendor that shows A/R, Preference and remaining claims amounts. |
| Coulombe, Stephen L 2009 | 11/16/2009 | 1.1 | Review A/R and preference summary and provide comments to M. O'Loughlin (FTI). |
| Coulombe, Stephen L 2009 | 11/16/2009 | 0.9 | Review support for A/R and preference summary and ask M. O'Loughlin (FTI) to bridge claims section back to waterfall. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Preference Analysis** | | | |
| Robinson, Joshua M. 2009 | 11/16/2009 | 2.2 | Review preference data for missing check clear dates. |
| Cashman, Brian 2009 | 11/16/2009 | 1.1 | Review listing of accounts receivable, preferences and claims. |
| O'Loughlin, Morgan 2009 | 11/16/2009 | 0.4 | Format detail for A/R and preference and provide to B. Cashman (FTI) for review. |
| Robinson, Joshua M. 2009 | 11/17/2009 | 1.2 | Work with L. Nemerov (FTI) to prepare various exhibits related to preference. |
| Robinson, Joshua M. 2009 | 11/17/2009 | 1.0 | Discuss with L. Nemerov (FTI) exhibits to be created for preference data. |
| Robinson, Joshua M. 2009 | 11/17/2009 | 0.9 | Finalize and send various preference exhibits to D. Blanks (MGW). |
| Nemerov, Lara 2009 | 11/17/2009 | 1.2 | Work with J. Robinson (FTI) to prepare various exhibits related to preference. |
| Nemerov, Lara 2009 | 11/17/2009 | 1.0 | Discuss with J. Robinson (FTI) exhibits to be created for preference data. |
| Schaefer, Karl 2009 | 11/17/2009 | 1.8 | Create preference exhibits for Creative Labs, Sharp Electronics per request of J. Robinson (FTI). |
| Schaefer, Karl 2009 | 11/17/2009 | 0.5 | Prepare preference information per request of J. Robinson (FTI). |
| Robinson, Joshua M. 2009 | 11/18/2009 | 1.8 | Prepare various preference analysis and send to J. Liberi (MGW) for review. |
| Robinson, Joshua M. 2009 | 11/18/2009 | 1.5 | Make modifications to preference exhibits based on comments from MGW. |
| Robinson, Joshua M. 2009 | 11/18/2009 | 1.5 | Prepare listing of all check clear dates in the 90 preference period to send to bank to retrieve images. |
| Schaefer, Karl 2009 | 11/18/2009 | 1.3 | Update preference exhibits for Creative Labs, Sharp Electronics per request of J. Robinson (FTI). |
| Robinson, Joshua M. 2009 | 11/19/2009 | 1.8 | Modify various preference exhibits per request from D. Blanks (MGW). |
| Schaefer, Karl 2009 | 11/19/2009 | 1.5 | Update preference reports per request of J. Robinson (FTI). |
| Robinson, Joshua M. 2009 | 11/30/2009 | 0.4 | Participate on call with L. Nemerov (FTI) regarding instructions for preference template. |
| Nemerov, Lara 2009 | 11/30/2009 | 0.4 | Participate on call with J. Robinson (FTI) regarding instructions for preference template. |
| Nemerov, Lara 2009 | 12/1/2009 | 0.9 | Create exhibit D (all payments) and E (payments within final preference balance) for Active Media services per request of J. Liberi (SASMF). |
| Nemerov, Lara 2009 | 12/1/2009 | 0.6 | Provide Apple preference analysis for both entities to I. Fredericks (SASMF). |
| Nemerov, Lara 2009 | 12/2/2009 | 0.8 | Provide Audiovox preference analysis to D. Blanks (MGW). |
| Nemerov, Lara 2009 | 12/3/2009 | 0.7 | Provide Envision preference analysis to D. Foley (MGW), I. Fredericks (SASMF). |
| Nemerov, Lara 2009 | 12/7/2009 | 0.7 | Provide total prepayment amount by vendor detail for preference data to H. Ferguson (CC). |
| Cashman, Brian 2009 | 12/8/2009 | 0.6 | Participate in claims review meeting with company and its advisors and I. Fredericks (CC) to discuss preferences. |
| Nemerov, Lara 2009 | 12/10/2009 | 0.2 | Review questions from I. Fredericks (SASMF) regarding Apple Preference Analysis and forward issues to J. Robinson (FTI). |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 11/1/2009 through and including 1/31/2010**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Preference Analysis** | | | |
| Robinson, Joshua M. 2009 | 12/11/2009 | 0.6 | Provide preference details for select vendors to J. Kumar (SASMF). |
| Robinson, Joshua M. 2009 | 12/14/2009 | 1.2 | Provide preference details for select vendors to J. Kumar (SASMF). |
| Robinson, Joshua M. 2009 | 12/15/2009 | 0.8 | Provide preference details for select vendors to J. Kumar (SASMF). |
| Nemerov, Lara 2009 | 12/15/2009 | 0.9 | Provide Navarre preference analysis to D. Foley (MGW). |
| Robinson, Joshua M. 2009 | 12/16/2009 | 2.0 | Provide preference details for select vendors to I. Fredrick's (SASMF). |
| Robinson, Joshua M. 2009 | 12/17/2009 | 1.5 | Provide preference details for select vendors to I. Fredrick's (SASMF). |
| Nemerov, Lara 2009 | 12/17/2009 | 0.4 | Provide LG preference analysis to D. Foley (MGW). |
| Nemerov, Lara 2009 | 12/21/2009 | 1.0 | Create preference analysis for all three Cyber Power entities and send to S. Baker (SASMF). |
| Nemerov, Lara 2010 | 1/4/2010 | 2.5 | Merge all preference analysis for Panasonic and send to I. Fredericks (SASMF). |
| Robinson, Joshua M. 2010 | 1/5/2010 | 0.2 | Answer questions from L. Nemerov (FTI) regarding preference query calculations. |
| Nemerov, Lara 2010 | 1/7/2010 | 1.0 | Search for missing Apple wires for preference analysis. |
| Nemerov, Lara 2010 | 1/7/2010 | 0.7 | Generate preference analysis for SDI technologies per request of J. Kumar (SASMF). |
| Nemerov, Lara 2010 | 1/8/2010 | 1.5 | Insert wire payment info as checks into A/P data table to prepare for appropriate Apple preference analysis. |
| Nemerov, Lara 2010 | 1/11/2010 | 1.0 | Generate preference analysis for DIRECTV per request of J. Kumar (SASMF). |
| Robinson, Joshua M. 2010 | 1/12/2010 | 0.2 | Work with L. Nemerov (FTI) on pulling data for various preference vendors. |
| Nemerov, Lara 2010 | 1/12/2010 | 0.9 | Calculate Apple preference analysis with new wire payment info. |
| Nemerov, Lara 2010 | 1/12/2010 | 0.2 | Work with J. Robinson (FTI) on pulling data for various preference vendors. |
| Robinson, Joshua M. 2010 | 1/13/2010 | 0.3 | Correspond with I. Fredrick's (SASMF) regarding revised preference analysis for select vendors. |
| Robinson, Joshua M. 2010 | 1/15/2010 | 2.0 | Revise preference analysis based on comments from I. Fredrick's (SASMF) for select vendors. |
| Robinson, Joshua M. 2010 | 1/17/2010 | 0.8 | Begin to prepare preference data requested from K. Barksdale (CC). |
| Robinson, Joshua M. 2010 | 1/18/2010 | 1.5 | Quality check preference data for select vendors from K. Schafer (FTI). |
| Robinson, Joshua M. 2010 | 1/18/2010 | 1.5 | QC work from K. Schafer (FTI) for preference select vendor data pulls. |
| Schaefer, Karl 2010 | 1/18/2010 | 0.3 | Prepare Mitsubishi preference detail report per request of J. Robinson (FTI). |
| Robinson, Joshua M. 2010 | 1/19/2010 | 1.8 | Reformat preference data pulls into exhibit format per instruction from I. Fredrick's (SASMF). |
| Robinson, Joshua M. 2010 | 1/19/2010 | 0.4 | Participate in various conversations with K. Barksdale (CC) regarding preference template format. |
| Schaefer, Karl 2010 | 1/19/2010 | 2.1 | Prepare preference analysis files per request of J. Robinson (FTI). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Preference Analysis** | | | |
| Schaefer, Karl 2010 | 1/19/2010 | 0.9 | Prepare preference detail payments files for J. Robinson (FTI). |
| Robinson, Joshua M. 2010 | 1/20/2010 | 2.9 | Continue to QC and provide preference data as requested from K. Barksdale (CC). |
| Schaefer, Karl 2010 | 1/20/2010 | 2.4 | Continue to prepare payment detail preference analysis files for J. Robinson (FTI). |
| Schaefer, Karl 2010 | 1/20/2010 | 2.3 | Prepare payment detail preference analysis files for J. Robinson (FTI). |
| Schaefer, Karl 2010 | 1/20/2010 | 1.8 | Continue to prepare payment detail preference analysis files for J. Robinson (FTI). |
| Robinson, Joshua M. 2010 | 1/21/2010 | 1.5 | Work with L. Nemerov (FTI) to pull preference data together per request from I. Fredrick's (SASMF). |
| Robinson, Joshua M. 2010 | 1/21/2010 | 0.1 | Send all preference vendor exhibits to I. Frederick's (SASMF). |
| Nemerov, Lara 2010 | 1/21/2010 | 1.5 | Work with J. Robinson (FTI) to pull preference data together per request from I. Fredrick's (SASMF). |
| Nemerov, Lara 2010 | 1/21/2010 | 0.9 | Generate and compile all preference analysis for I. Fredericks (SASMF). |
| Schaefer, Karl 2010 | 1/21/2010 | 0.7 | Compile preference data for Alliance Entertainment per request I. Fredericks (SASMF). |
| Schaefer, Karl 2010 | 1/21/2010 | 0.6 | Prepare payment detail preference analysis files for J. Robinson (FTI). |
| Robinson, Joshua M. 2010 | 1/22/2010 | 2.5 | Continue to prepare preference data exhibits per requests from K. Barksdale (CC). |
| Schaefer, Karl 2010 | 1/22/2010 | 2.2 | Pull data for preference analysis, request of K. Barksdale (CC). |
| Schaefer, Karl 2010 | 1/23/2010 | 0.6 | Pull data for Alliance preference per request from L. Nemerov (FTI). |
| Robinson, Joshua M. 2010 | 1/25/2010 | 0.8 | Review preference data export exhibits prepared by L. Nemerov (FTI). |
| Nemerov, Lara 2010 | 1/25/2010 | 1.4 | Review and cross check all preference exhibits created by K. Schaefer for accuracy; send to L. Horst (CC). |
| Nemerov, Lara 2010 | 1/26/2010 | 0.9 | Generate Coke Preference exhibits and send to Linda Horst (CC). |
| Robinson, Joshua M. 2010 | 1/28/2010 | 1.4 | Research data issues related to Samsung preference. |
| Robinson, Joshua M. 2010 | 1/28/2010 | 1.1 | Prepare select preference exhibits per request from S. Baker (SASMF). |
| Robinson, Joshua M. 2010 | 1/29/2010 | 0.5 | Answer questions from L. Nemerov (FTI) related to preference. |
| Nemerov, Lara 2010 | 1/29/2010 | 1.2 | Prepare preference analysis for TomTom, Epson, and Magellan and send to K. Barksdale (CC). |
| **Subtotal - Preference Analysis** | | **118.0** | |
| **Travel** | | | |
| Robinson, Joshua M. 2009 | 11/1/2009 | 2.5 | Travel from Chicago to Richmond (50% of actual time incurred). |
| Cashman, Brian 2009 | 11/2/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 11/1/2009 through and including 1/31/2010**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Travel** | | | |
| O'Loughlin, Morgan 2009 | 11/2/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Chin, Gregory 2009 | 11/3/2009 | 1.0 | Travel from Boston to Toronto (50% of actual time incurred). |
| Lee, Geon 2009 | 11/3/2009 | 1.0 | Travel from Boston to Toronto (50% of actual time incurred). |
| Murphy, Mark 2009 | 11/3/2009 | 1.0 | Travel from Boston to Toronto (50% of actual time incurred). |
| Koch, Ashley 2009 | 11/3/2009 | 1.0 | Travel from Boston to Toronto (50% of actual time incurred). |
| Robinson, Joshua M. 2009 | 11/4/2009 | 2.5 | Travel from Richmond to Chicago (50% of actual time incurred). |
| Cashman, Brian 2009 | 11/4/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Chin, Gregory 2009 | 11/5/2009 | 1.0 | Travel from Toronto to Boston (50% of actual time incurred). |
| Lee, Geon 2009 | 11/5/2009 | 1.0 | Travel from Toronto to Boston (50% of actual time incurred). |
| Murphy, Mark 2009 | 11/5/2009 | 1.0 | Travel from Toronto to Boston (50% of actual time incurred). |
| O'Loughlin, Morgan 2009 | 11/5/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Koch, Ashley 2009 | 11/5/2009 | 1.0 | Travel from Toronto to Boston (50% of actual time incurred). |
| Cashman, Brian 2009 | 11/9/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| O'Loughlin, Morgan 2009 | 11/9/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Robinson, Joshua M. 2009 | 11/11/2009 | 2.5 | Travel from Chicago to Richmond (50% of actual time incurred). |
| Cashman, Brian 2009 | 11/11/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| O'Loughlin, Morgan 2009 | 11/11/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Robinson, Joshua M. 2009 | 11/12/2009 | 2.5 | Travel from Richmond to Chicago (50% of actual time incurred). |
| Cashman, Brian 2009 | 11/18/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| O'Loughlin, Morgan 2009 | 11/18/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Cashman, Brian 2009 | 11/19/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| O'Loughlin, Morgan 2009 | 11/19/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Cashman, Brian 2009 | 11/23/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| O'Loughlin, Morgan 2009 | 11/23/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Cashman, Brian 2009 | 11/24/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| O'Loughlin, Morgan 2009 | 11/24/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Cashman, Brian 2009 | 11/30/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| O'Loughlin, Morgan 2009 | 11/30/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 11/1/2009 through and including 1/31/2010**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Travel** | | | |
| Cashman, Brian 2009 | 12/3/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| O'Loughlin, Morgan 2009 | 12/3/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Cashman, Brian 2009 | 12/7/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| O'Loughlin, Morgan 2009 | 12/7/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Cashman, Brian 2009 | 12/9/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| O'Loughlin, Morgan 2009 | 12/9/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Cashman, Brian 2009 | 12/15/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| O'Loughlin, Morgan 2009 | 12/15/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Cashman, Brian 2009 | 12/17/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| O'Loughlin, Morgan 2009 | 12/17/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Cashman, Brian 2009 | 12/21/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Cashman, Brian 2009 | 12/22/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| O'Loughlin, Morgan 2010 | 1/13/2010 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| O'Loughlin, Morgan 2010 | 1/14/2010 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Cashman, Brian 2010 | 1/27/2010 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| O'Loughlin, Morgan 2010 | 1/27/2010 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Cashman, Brian 2010 | 1/28/2010 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| O'Loughlin, Morgan 2010 | 1/28/2010 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |

**Subtotal - Travel**      **90.0**

**Total**      **1,595.1**

EXHIBIT D


CIRCUIT CITY STORES, INC., , et al.,


DETAIL OF ACTUAL AND NECESSARY EXPENSES INCURRED BY EXPENSE CATEGORY

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| **Business Meals** | | | |
| Coulombe, Stephen L 2009 | 10/28/2009 | $252.57 | Dinner for J. Marcum (CC), M. Mosier (CC), S. Coulombe (FTI), B. Cashman (FTI) and M. O'Loughlin (FTI) |
| Chin, Gregory 2009 | 11/3/2009 | $32.77 | Dinner for G. Chin (FTI) |
| Robinson, Joshua M. 2009 | 11/3/2009 | $108.16 | Dinner for J. Robinson (FTI), B. Cashman (FTI) and M. O'Loughlin (FTI) |
| Lee, Geon 2009 | 11/4/2009 | $50.00 | Dinner for G. Lee (FTI) |
| Murphy, Mark 2009 | 11/4/2009 | $69.88 | Dinner for G. Lee (FTI) and M. Murphy (FTI) |
| O'Loughlin, Morgan 2009 | 11/4/2009 | $45.90 | Dinner for M. O'Loughlin (FTI) |
| Robinson, Joshua M. 2009 | 11/4/2009 | $17.65 | Dinner for J. Robinson (FTI) |
| Murphy, Mark 2009 | 11/5/2009 | $28.34 | Dinner for A. Koch (FTI) |
| O'Loughlin, Morgan 2009 | 11/9/2009 | $30.10 | Dinner for M. O'Loughlin (FTI) and B. Cashman (FTI) |
| Cashman, Brian 2009 | 11/10/2009 | $124.12 | Dinner for B. Cashman (FTI), M. O'Loughlin (FTI) and J. Marcum (CC) |
| Robinson, Joshua M. 2009 | 11/12/2009 | $10.27 | Dinner for J. Robinson (FTI) |
| Cashman, Brian 2009 | 11/18/2009 | $112.70 | Dinner for B. Cashman (FTI), M. O'Loughlin (FTI) and J. Marcum (CC) |
| Cashman, Brian 2009 | 11/19/2009 | $12.00 | Dinner for B. Cashman (FTI) |
| Cashman, Brian 2009 | 11/23/2009 | $146.12 | Dinner for B. Cashman (FTI), M. O'Loughlin (FTI) and D. Foley (MGW) |
| Cashman, Brian 2009 | 11/24/2009 | $12.00 | Dinner for B. Cashman (FTI) |
| O'Loughlin, Morgan 2009 | 11/24/2009 | $53.99 | Dinner for M. O'Loughlin (FTI) and B. Cashman (FTI) |
| Cashman, Brian 2009 | 11/30/2009 | $98.95 | Dinner for B. Cashman (FTI) and M. O'Loughlin (FTI) |
| Cashman, Brian 2009 | 12/1/2009 | $149.65 | Dinner for J. Marcum (CC), B. Cashman (FTI) and M. O'Loughlin (FTI) |
| Cashman, Brian 2009 | 12/2/2009 | $48.75 | Dinner for B. Cashman (FTI) and M. O'Loughlin (FTI) |
| Cashman, Brian 2009 | 12/8/2009 | $76.84 | Dinner for B. Cashman (FTI) and M. O'Loughlin (FTI) |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| Cashman, Brian 2009 | 12/9/2009 | $16.00 | Dinner for B. Cashman (FTI) |
| O'Loughlin, Morgan 2009 | 12/9/2009 | $14.00 | Dinner for M. O'Loughlin (FTI) |
| Cashman, Brian 2009 | 12/15/2009 | $70.80 | Dinner for B. Cashman (FTI) and M. O'Loughlin (FTI) |
| Cashman, Brian 2009 | 12/16/2009 | $61.34 | Dinner for B. Cashman (FTI) and M. O'Loughlin (FTI) |
| Cashman, Brian 2009 | 12/17/2009 | $12.00 | Dinner for B. Cashman (FTI) |
| O'Loughlin, Morgan 2010 | 1/13/2010 | $46.06 | Dinner for M. O'Loughlin (FTI) |
| Cashman, Brian 2010 | 1/27/2010 | $65.50 | Dinner for B. Cashman (FTI) and M. O'Loughlin (FTI) |
| Cashman, Brian 2010 | 1/28/2010 | $40.00 | Dinner for B. Cashman (FTI) and M. O'Loughlin (FTI) |

**Subtotal - Business Meals**    **$1,806.46**

**Lodging**

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| Coulombe, Stephen L 2009 | 10/30/2009 | $510.72 | Hotel in Richmond for 2 nights |
| Cashman, Brian 2009 | 11/4/2009 | $381.94 | Hotel in Richmond for 2 nights |
| Robinson, Joshua M. 2009 | 11/4/2009 | $572.91 | Hotel in Richmond for 3 nights |
| Chin, Gregory 2009 | 11/5/2009 | $439.21 | Hotel in Barrie for 2 nights |
| Koch, Ashley 2009 | 11/5/2009 | $464.79 | Hotel in Barrie for 2 nights |
| Lee, Geon 2009 | 11/5/2009 | $414.37 | Hotel in Barrie for 2 nights |
| Murphy, Mark 2009 | 11/5/2009 | $441.00 | Hotel in Barrie for 2 nights |
| O'Loughlin, Morgan 2009 | 11/5/2009 | $572.91 | Hotel in Richmond for 3 nights |
| Cashman, Brian 2009 | 11/11/2009 | $381.94 | Hotel in Richmond for 2 nights |
| O'Loughlin, Morgan 2009 | 11/11/2009 | $381.94 | Hotel in Richmond for 2 nights |
| Robinson, Joshua M. 2009 | 11/12/2009 | $181.93 | Hotel in Richmond for 1 night |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| Cashman, Brian 2009 | 11/19/2009 | $190.97 | Hotel in Richmond for 1 night |
| O'Loughlin, Morgan 2009 | 11/19/2009 | $190.97 | Hotel in Richmond for 1 night |
| Cashman, Brian 2009 | 11/24/2009 | $190.97 | Hotel in Richmond for 1 night |
| O'Loughlin, Morgan 2009 | 11/24/2009 | $190.97 | Hotel in Richmond for 1 night |
| Cashman, Brian 2009 | 12/3/2009 | $572.91 | Hotel in Richmond for 3 nights |
| O'Loughlin, Morgan 2009 | 12/3/2009 | $572.91 | Hotel in Richmond for 3 nights |
| Cashman, Brian 2009 | 12/9/2009 | $381.94 | Hotel in Richmond for 2 nights |
| O'Loughlin, Morgan 2009 | 12/9/2009 | $381.94 | Hotel in Richmond for 2 nights |
| Cashman, Brian 2009 | 12/17/2009 | $381.94 | Hotel in Richmond for 2 nights |
| O'Loughlin, Morgan 2009 | 12/17/2009 | $381.94 | Hotel in Richmond for 2 nights |
| Cashman, Brian 2009 | 12/22/2009 | $181.93 | Hotel in Richmond for 1 night |
| O'Loughlin, Morgan 2010 | 1/14/2010 | $157.07 | Hotel in Richmond for 1 night |
| Cashman, Brian 2010 | 1/28/2010 | $183.06 | Hotel in Richmond for 1 night |
| O'Loughlin, Morgan 2010 | 1/28/2010 | $171.45 | Hotel in Richmond for 1 night |

| **Subtotal - Lodging** | | **$8,874.63** | |

**Other**

| | | | |
|---|---|---|---|
| Koch, Ashley 2009 | 11/3/2009 | $7.95 | Internet charges to work from hotel room |
| Koch, Ashley 2009 | 11/3/2009 | $12.95 | Internet charges to work from hotel room |

| **Subtotal - Other** | | **$20.90** | |

**Transportation**

| | | | |
|---|---|---|---|
| Coulombe, Stephen L 2009 | 10/28/2009 | $276.70 | Rental Car |
| Coulombe, Stephen L 2009 | 10/28/2009 | $72.00 | Parking at airport |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| Coulombe, Stephen L 2009 | 10/29/2009 | $288.60 | One way airfare Richmond/Boston |
| Robinson, Joshua M. 2009 | 11/1/2009 | $53.00 | Taxi airport to hotel |
| Robinson, Joshua M. 2009 | 11/1/2009 | $35.70 | Taxi home to airport |
| Robinson, Joshua M. 2009 | 11/1/2009 | $365.60 | One way airfare Chicago/Richmond |
| Cashman, Brian 2009 | 11/2/2009 | $169.60 | One way airfare Boston/Richmond |
| O'Loughlin, Morgan 2009 | 11/2/2009 | $24.00 | Taxi to airport |
| O'Loughlin, Morgan 2009 | 11/2/2009 | $169.60 | One way airfare Boston/Richmond |
| Robinson, Joshua M. 2009 | 11/2/2009 | $30.00 | Taxi hotel to office |
| Chin, Gregory 2009 | 11/3/2009 | $2,179.85 | Roundtrip airfare Boston/Barrie |
| Chin, Gregory 2009 | 11/3/2009 | $100.00 | Taxi to airport |
| Chin, Gregory 2009 | 11/3/2009 | $58.05 | Taxi to hotel |
| Koch, Ashley 2009 | 11/3/2009 | $30.00 | Taxi to office |
| Koch, Ashley 2009 | 11/3/2009 | $24.00 | Taxi to airport |
| Koch, Ashley 2009 | 11/3/2009 | $2,154.63 | Roundtrip airfare Boston/Barrie |
| Lee, Geon 2009 | 11/3/2009 | $58.20 | Taxi airport to hotel |
| Lee, Geon 2009 | 11/3/2009 | $2,383.67 | Roundtrip airfare Boston/Barrie |
| Murphy, Mark 2009 | 11/3/2009 | $1,244.33 | One way airfare Boston/Barrie |
| Cashman, Brian 2009 | 11/4/2009 | $60.00 | Parking at Airport |
| Cashman, Brian 2009 | 11/4/2009 | $35.00 | Parking at Office |
| Cashman, Brian 2009 | 11/4/2009 | $199.60 | One way airfare Richmond/Boston |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| Lee, Geon 2009 | 11/4/2009 | $19.00 | Taxi from Osler offices to hotel |
| Murphy, Mark 2009 | 11/4/2009 | $10.00 | Taxi from hotel to Osler offices |
| Robinson, Joshua M. 2009 | 11/4/2009 | $38.00 | Taxi airport to home |
| Robinson, Joshua M. 2009 | 11/4/2009 | $515.60 | One way airfare Richmond/Chicago |
| Cashman, Brian 2009 | 11/5/2009 | $314.64 | Rental Car |
| Chin, Gregory 2009 | 11/5/2009 | $114.00 | Taxi airport to home |
| Koch, Ashley 2009 | 11/5/2009 | $12.00 | Taxi to airport |
| Koch, Ashley 2009 | 11/5/2009 | $29.05 | Taxi airport to home |
| Lee, Geon 2009 | 11/5/2009 | $48.00 | Parking at Airport |
| Lee, Geon 2009 | 11/5/2009 | $35.00 | Parking at Airport |
| Lee, Geon 2009 | 11/5/2009 | $21.00 | Taxi from hotel to Osler offices |
| Murphy, Mark 2009 | 11/5/2009 | $48.00 | Parking at Airport |
| Murphy, Mark 2009 | 11/5/2009 | $35.00 | Parking at Office |
| Murphy, Mark 2009 | 11/5/2009 | $1,224.24 | One way airfare Barrie/Boston |
| Murphy, Mark 2009 | 11/5/2009 | $60.00 | Taxi to airport |
| O'Loughlin, Morgan 2009 | 11/5/2009 | $199.60 | One way airfare Richmond/Boston |
| O'Loughlin, Morgan 2009 | 11/5/2009 | $21.41 | Gas for Rental Car |
| O'Loughlin, Morgan 2009 | 11/5/2009 | $24.00 | Taxi airport to home |
| Cashman, Brian 2009 | 11/9/2009 | $339.20 | Roundtrip airfare Boston/Richmond |
| O'Loughlin, Morgan 2009 | 11/9/2009 | $24.00 | Taxi to airport |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| O'Loughlin, Morgan 2009 | 11/9/2009 | $339.20 | Roundtrip airfare Boston/Richmond |
| Cashman, Brian 2009 | 11/11/2009 | $72.00 | Parking at Airport |
| Cashman, Brian 2009 | 11/11/2009 | $278.09 | Rental Car |
| O'Loughlin, Morgan 2009 | 11/11/2009 | $24.00 | Taxi airport to home |
| Robinson, Joshua M. 2009 | 11/11/2009 | $365.60 | One way airfare Chicago/Richmond |
| Robinson, Joshua M. 2009 | 11/11/2009 | $37.00 | Taxi home to airport |
| Robinson, Joshua M. 2009 | 11/11/2009 | $32.00 | Taxi airport to office |
| Robinson, Joshua M. 2009 | 11/12/2009 | $38.00 | Taxi airport to home |
| Robinson, Joshua M. 2009 | 11/12/2009 | $615.60 | One way airfare Richmond/Chicago |
| Cashman, Brian 2009 | 11/18/2009 | $399.20 | Roundtrip airfare Boston/Richmond |
| O'Loughlin, Morgan 2009 | 11/18/2009 | $52.00 | Taxi to airport to rental car |
| O'Loughlin, Morgan 2009 | 11/18/2009 | $399.20 | Roundtrip airfare Boston/Richmond |
| O'Loughlin, Morgan 2009 | 11/18/2009 | $24.00 | Taxi to airport |
| Cashman, Brian 2009 | 11/19/2009 | $48.00 | Parking at Airport |
| Cashman, Brian 2009 | 11/19/2009 | $91.78 | Rental Car |
| O'Loughlin, Morgan 2009 | 11/19/2009 | $27.25 | Taxi airport to home |
| O'Loughlin, Morgan 2009 | 11/19/2009 | $50.00 | Taxi to office to rental car |
| Cashman, Brian 2009 | 11/23/2009 | $469.20 | Roundtrip airfare Boston/Richmond |
| O'Loughlin, Morgan 2009 | 11/23/2009 | $24.00 | Taxi to airport |
| O'Loughlin, Morgan 2009 | 11/23/2009 | $433.20 | Roundtrip airfare Boston/Richmond |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| Cashman, Brian 2009 | 11/24/2009 | $48.00 | Parking at Airport |
| Cashman, Brian 2009 | 11/24/2009 | $172.71 | Rental Car |
| O'Loughlin, Morgan 2009 | 11/24/2009 | $24.00 | Taxi airport to home |
| O'Loughlin, Morgan 2009 | 11/24/2009 | $16.39 | Gas for Rental Car |
| Cashman, Brian 2009 | 11/30/2009 | $229.60 | One way airfare Boston/Richmond |
| O'Loughlin, Morgan 2009 | 11/30/2009 | $24.00 | Taxi home to airport |
| O'Loughlin, Morgan 2009 | 11/30/2009 | $229.60 | One way airfare Boston/Richmond |
| Cashman, Brian 2009 | 12/3/2009 | $393.24 | Rental Car |
| Cashman, Brian 2009 | 12/3/2009 | $199.60 | One way airfare Richmond/Boston |
| Cashman, Brian 2009 | 12/3/2009 | $96.00 | Parking at airport |
| O'Loughlin, Morgan 2009 | 12/3/2009 | $22.17 | Gas for Rental Car |
| O'Loughlin, Morgan 2009 | 12/3/2009 | $27.70 | Taxi airport to home |
| O'Loughlin, Morgan 2009 | 12/3/2009 | $199.60 | One way airfare Richmond/Boston |
| Cashman, Brian 2009 | 12/7/2009 | $199.60 | One way airfare Boston/Richmond |
| O'Loughlin, Morgan 2009 | 12/7/2009 | $24.00 | Taxi home to airport |
| O'Loughlin, Morgan 2009 | 12/7/2009 | $199.60 | One way airfare Boston/Richmond |
| Cashman, Brian 2009 | 12/9/2009 | $264.99 | Rental Car |
| Cashman, Brian 2009 | 12/9/2009 | $72.00 | Parking at airport |
| Cashman, Brian 2009 | 12/9/2009 | $219.15 | One way airfare Richmond/Boston |
| O'Loughlin, Morgan 2009 | 12/9/2009 | $219.15 | One way airfare Richmond/Boston |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| O'Loughlin, Morgan 2009 | 12/9/2009 | $21.10 | Gas for Rental Car |
| O'Loughlin, Morgan 2009 | 12/9/2009 | $24.00 | Taxi airport to home |
| Cashman, Brian 2009 | 12/15/2009 | $169.60 | One way airfare Boston/Richmond |
| O'Loughlin, Morgan 2009 | 12/15/2009 | $199.60 | One way airfare Boston/Richmond |
| O'Loughlin, Morgan 2009 | 12/15/2009 | $24.00 | Taxi home to airport |
| Cashman, Brian 2009 | 12/17/2009 | $106.60 | One way airfare Richmond/Boston |
| Cashman, Brian 2009 | 12/17/2009 | $187.53 | Rental Car |
| Cashman, Brian 2009 | 12/17/2009 | $72.00 | Parking at airport |
| O'Loughlin, Morgan 2009 | 12/17/2009 | $106.60 | One way airfare Richmond/Boston |
| O'Loughlin, Morgan 2009 | 12/17/2009 | $24.00 | Taxi airport to home |
| Cashman, Brian 2009 | 12/21/2009 | $40.00 | Taxi airport to MGW office |
| Cashman, Brian 2009 | 12/21/2009 | $127.60 | One way airfare Boston/Richmond |
| Cashman, Brian 2009 | 12/22/2009 | $72.00 | Parking at airport |
| Cashman, Brian 2009 | 12/22/2009 | $154.60 | One way airfare Richmond/Boston |
| Cashman, Brian 2009 | 12/22/2009 | $40.00 | Taxi hotel to airport |
| O'Loughlin, Morgan 2010 | 1/13/2010 | $24.00 | Taxi home to airport |
| O'Loughlin, Morgan 2010 | 1/13/2010 | $199.70 | One way airfare Boston/Richmond |
| O'Loughlin, Morgan 2010 | 1/14/2010 | $24.00 | Taxi airport to home |
| O'Loughlin, Morgan 2010 | 1/14/2010 | $378.21 | Rental car |
| O'Loughlin, Morgan 2010 | 1/14/2010 | $299.70 | One way airfare Richmond/Boston |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 11/1/2009 through and including 1/31/2010*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| O'Loughlin, Morgan 2010 | 1/14/2010 | $9.51 | Gas for rental car |
| Cashman, Brian 2010 | 1/27/2010 | $499.40 | Roundtrip airfare Boston/Richmond |
| O'Loughlin, Morgan 2010 | 1/27/2010 | $24.00 | Taxi home to airport |
| O'Loughlin, Morgan 2010 | 1/27/2010 | $499.40 | Roundtrip airfare Boston/Richmond |
| Cashman, Brian 2010 | 1/28/2010 | $48.00 | Parking at airport |
| O'Loughlin, Morgan 2010 | 1/28/2010 | $24.00 | Taxi airport to home |
| O'Loughlin, Morgan 2010 | 1/28/2010 | $9.68 | Gas for rental car |

| | | | |
|---|---|---|---|
| *Subtotal - Transportation* | | $23,253.12 | |
| *Total* | | **$33,955.11** | |

EXHIBIT E


CIRCUIT CITY STORES, INC., et al.,


COPY OF THE RETENTION ORDER AUTHORIZING EMPLOYMENT OF THE

APPLICANT

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION
- - - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
et al.,                        :
                               :   Jointly Administered
            Debtors.           :   **Hrg. Date: December 5, 2008**
                               :   **at 10:00 a.m. (ET)**
                               :   **Obj. Due: December 3, 2008 at**
                               :   **4:00 p.m. (ET)**
- - - - - - - - - - - - - - - x

**DEBTORS' APPLICATION FOR ORDER UNDER BANKRUPTCY CODE
SECTIONS 105(a), 327(a), 328 AND 1107 AND BANKRUPTCY
RULE 2014(a), AUTHORIZING THE EMPLOYMENT AND RETENTION
OF FTI CONSULTING, INC. AS FINANCIAL ADVISORS TO THE
DEBTORS EFFECTIVE AS OF THE PETITION DATE**

        The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors"),[1]

seek entry of an order, under sections 105(a), 327(a),

328 and 1107 of title 11 of the United States Code (the

"Bankruptcy Code"), as supplemented by Rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Rule 2014-1 of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy

Court for the Eastern District of Virginia (the "Local

Rules"), authorizing the employment and retention of FTI

Consulting, Inc., together with its wholly owned

subsidiaries, agents and independent contractors

(collectively "FTI"), as financial advisors and

consultants for the Debtors effective as of the date of

the filing of these bankruptcy cases, November 10, 2008

---

[1]    The Debtors are the following entities: The Debtors and the
       last four digits of their respective taxpayer identification
       numbers are as follows: Circuit City Stores, Inc. (3875),
       Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
       (0875), Ventoux International, Inc. (1838), Circuit City
       Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
       Distribution Company of Virginia, Inc. (2821), Circuit City
       Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
       Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
       Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC
       (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx
       Electronics, LLC (3360), and Circuit City Stores PR, LLC
       (5512).  The address for Circuit City Stores West Coast, Inc.
       is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For
       all other Debtors, the address is 9950 Mayland Drive,
       Richmond, Virginia 23233.

(the "Petition Date").   In support of the Application,
the Debtors rely upon the Affidavit of Robert J. Duffy,
sworn to on November 17, 2008 (the "Duffy Affidavit"), a
copy of which is attached hereto as Exhibit A.   In
further support of this Application, the Debtors
respectfully represent as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider
this Application under 28 U.S.C. §§ 157 and 1334.   This
is a core proceeding under 28 U.S.C. § 157(b).   Venue of
these cases and this Application in this district is
proper under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief
requested herein are Bankruptcy Code sections 105(a),
327(a), 328 and 1107, as supplemented by Bankruptcy Rule
2014 and Local Rule 2014-1.

### BACKGROUND

3.    On November 10, 2008 (the "Petition
Date"), the Debtors filed voluntary petitions in this
Court for relief under chapter 11 of the Bankruptcy
Code.

4.    The Debtors continue to manage and

operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.   On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia (the "United States Trustee") appointed a statutory committee of unsecured creditors.  To date, no trustee or examiner has been appointed in these chapter 11 cases.

6.   Based in Richmond, Virginia, Debtors are a leading specialty retailer of consumer electronics and operate large nationwide electronics stores throughout the United States and Puerto Rico that sell, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

7.   Despite significant revenues, the Debtors have suffered two consecutive years of losses.  While the Debtors made every effort to improve their financial performance and implement a global turnaround strategy, they were ultimately unable to consummate a successful restructuring outside of bankruptcy.  In large part, the

4

Debtors' chapter 11 filings were due to an erosion of
vendor confidence, decreased liquidity and the global
economic crisis.

8.    Thus, the Debtors commenced these cases
with the immediate goals of obtaining adequate
postpetition financing and continuing their
restructuring initiatives commenced prior to the
Petition Date, including closing 154 stores.  In
addition, the Debtors will continue to evaluate their
business, work closely with their vendors, and enhance
customer relations with a goal of emerging from chapter
11 as a financially stable going concern.

**RELIEF REQUESTED**

9.    By this Application, the Debtors seek
entry of an order, under Bankruptcy Code sections
105(a), 327(a), 328 and 1107 authorizing the employment
and retention of FTI as their financial advisors and
consultants in these chapter 11 cases, effective as of
the Petition Date.

**BASIS FOR RELIEF REQUESTED**

10.    FTI commenced its engagement with the
Debtors on August 15, 2008 pursuant to an engagement

5

letter (the "Engagement Letter"), a copy of which is
attached to the Duffy Affidavit as Exhibit 1A.  Pursuant
to the Engagement Letter, the Debtors retained FTI to
provide financial advisory and consulting services.  FTI
and the Debtors executed a revised restructuring
engagement letter on November 5, 2008 (together with the
Engagement Letter, the "Engagement Letters"), a copy of
which is attached to the Duffy Affidavit as Exhibit 1B.
The Debtors and FTI have worked closely with respect to
the matters set forth in both Engagement Letters.  FTI
has assisted the Debtors in the financial aspects of
their restructuring efforts and in the Debtors'
preparation of these bankruptcy cases.

11.  The Debtors are familiar with the
professional standing and reputation of FTI.  Indeed,
the consideration of this professional standing and
reputation was a critical element in the Debtors'
decision to enter into the Engagement Letters between
the Debtors and FTI.  Among other things, the Debtors
understand that FTI has a wealth of experience in
providing financial advisory and consulting services in
restructurings and reorganizations and enjoys an

6

excellent reputation for services it has rendered in

large and complex chapter 11 cases on behalf of debtors

and creditors throughout the United States.

12.   Since the time FTI was first engaged by

the Debtors, FTI has developed a great deal of

institutional knowledge regarding the Debtors'

operations, finance and systems.   The Debtors believe

that this institutional experience and knowledge will be

valuable to the Debtors in their efforts to reorganize.

13.   The Debtors believe that the services of

FTI will be critical to the Debtors' efforts to maximize

the value of their estates and to reorganize

successfully.   Further, the Debtors believe that FTI is

well qualified and able to represent the Debtors in a

cost-effective, efficient and timely manner.

14.   Accordingly, the Debtors wish to retain

FTI to provide assistance during these bankruptcy cases

pursuant to the terms of the Engagement Letters.

### SCOPE OF SERVICES

15.   Pursuant to the terms of the Engagement

Letters, FTI has provided, is providing and will

continue to provide such consulting and advisory

services[2] as FTI and the Debtors deem appropriate and
feasible in order to advise the Debtors in the course of
these chapter 11 cases.  Specifically, FTI will render
various services to the Debtors including, but not
limited to, the following:

**Store Footprint Analysis**
- Analyze liquidity and earnings impact of potential store closures.
- Provide assistance with contract terms for disposition of leases.
- Develop informational materials to support store closing processes.
- Review procedure for projecting revenue, occupancy costs and inventory levels for potential closing stores.
- Advise on "best practices" for drafting an agency agreement for inventory disposition and on negotiating structure for real estate disposition.
- Prepare information package for landlord conference calls and participate in lease termination discussions.
- Coordinate with such third party real estate advisors as may be retained by the Company in conjunction with real estate analyses and related negotiations.

**Liquidity Forecasting**
- Evaluate current liquidity position and expected future cash flows.
- Assist with management and control of cash disbursements.

---

[2]    Capitalized terms not otherwise defined in this paragraph shall have the meanings ascribed to such terms in the Engagement Letters.

- Advise management on cash conservation measures and assist with implementation of cash forecasting and reporting tools as requested.

**Restructuring/Other Advisory Services**
- Assist with development of an out-of-court restructuring plan and related financial projections.
- Assess potential EBITDA based on store closing strategy and other restructuring initiatives.
- Analyze long term capital need to effectuate potential out-of court restructuring and capital structure alternatives.
- Assist with working capital management and liquidity forecasting.
- Participate in development of strategy to negotiate with key stakeholders in order to effectuate a potential out-of-court restructuring.
- Assist management with development of employee retention and communications programs.
- Assist management in developing strategy relating to merchandise and other vendors.
- Assist management and, if necessary, other advisors in developing a strategy relating to landlords in conjunction with a potential out-of-court restructuring.
- Assist management and, if necessary, other advisors in developing strategy relating to existing and prospective capital providers in conjunction with a potential out-of-court restructuring.
- Provide weekly status and fee updates to management personnel designated by the Company
- Provide other services as requested by management.

**Asset Sales**
- Assist management with the development and implementation of a store closing process including marketing certain stores identified by the Company for closure (including, but not limited to, inventory, real estate, furniture

9

fixtures and equipment other tangible assets)
to inventory disposition firms including
conducting a 363 sale process, contacting
potential buyers, facilitating due diligence
requests, negotiating asset purchase
agreement(s) and conducting a final auction.

- Prepare "bid packages" for Liquidators and
  manage selection process.
- Solicit potential inventory Liquidators
  for going-out-of-business sale process.
- Assist the Company in the negotiation of
  an Agency agreement.
- Manage the process to liquidate stores and
  conduct going-out-business sales in the
  ordinary course of business.
- Solicit bids from real estate consulting
  firms to evaluate lease mitigation
  strategies.

- Assist with data collection and information
  gathering related to third party due diligence.
- Advise and assist the Company and other
  professionals retained by the Company in
  developing, negotiating and executing plan of
  reorganization scenarios, 363 sales or other
  potential sales of assets or business units.

**Contingency Planning**

- Assist management and the Board of Directors in
  contingency planning including the evaluation,
  planning and execution of a potential Chapter
  11 filing.
- Assist Company personnel with the
  communications and negotiations, at your
  request and under your guidance, with lenders,
  creditors, and other parties-in-interest
  including the preparation of financial
  information for distribution to such parties-
  in-interest.
- Advise and assist the Company in the
  compilation and preparation of financial
  information necessary due to requirements of
  the Bankruptcy Court and/or Office of the US
  Trustee.

10

- Assist the Company in the preparation of a liquidation valuation for a reorganization plan and/or negotiation purposes.
- Assist the Company in managing and executing the reconciliation process involving claims filed by all creditors.
- Advise and assist the Company in identifying and/or reviewing preference payments, fraudulent conveyances and other causes of action.
- Assist the Debtors in the preparation of financial related disclosures required by this Court including the Schedules of Assets and Liabilities, the Statement of Financial Affairs, and Monthly Operating Reports.
- Assist the Debtors in claims processing, analysis, and reporting, including plan classification modeling and claim estimation.
- Assist the Debtors in responding to and tracking reclamation, 503(b)(9) and consignment claims.

**Financing**
- Lead efforts to arrange second lien financing and refinancing of the existing senior debt or debtor-in-possession ("DIP") financing in a Chapter 11 filing.
- Advise the Company in the process of identifying and reviewing debtor in possession ("DIP") financing and assist the Company in preparing a collateral package in support of such financing.

**Other**
- Assist with such other accounting and financial advisory services as requested by the Company and/or the Board of Directors consistent with the role of a financial advisor and not duplicative of services provided by other professionals.

11

**FTI'S DISINTERESTEDNESS**

16.   FTI has informed the Debtors that, except
as may be set forth in the Duffy Affidavit, it (i) has
no connection with the Debtors, its creditors or other
parties in interest in this case; (ii) does not hold or
represent any interest adverse to the Debtors' estates;
and (iii) believes it is a "disinterested person" as
defined within Bankruptcy Code section 101(14).

17.   FTI has further informed the Debtors that
it will conduct an ongoing review of its files to ensure
that no conflicts or other disqualifying circumstances
exist or arise.  If any new material facts, connections
or relationships are discovered or arise, FTI will
supplement its disclosure to the Court.

18.   FTI has also agreed not to share with any
person or firm the compensation to be paid for
professional services rendered in connection with these
cases.

19.   The Debtors believe that FTI is not owed
any amounts with respect to its prepetition fees and
expenses.

**TERMS OF RETENTION**

20.   The Debtors understand that FTI intends to apply to the Court for allowances of compensation and reimbursement of expenses for financial advisory and consultants support services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding Local Rules, orders of this Court and guidelines established by the United States Trustee.   The customary hourly rates, subject to periodic adjustments, charged by FTI's professionals anticipated to be assigned to this case are as follows:

**Standard Hourly Rates**

| | |
|---|---|
| Senior Managing Directors | $650 - $715 |
| Directors/Managing Directors | $475 - $620 |
| Consultants/Senior Consultants | $235 - $415 |
| Administrative/Paraprofessionals | $95  - $190 |

**Completion Fee**

21.   The Company, in its sole and absolute discretion, may pay FTI (i) a fee (a "Completion Fee") in the event a restructuring or sale transaction is consummated to the satisfaction of the Company and (ii) a fee (a "Financing Fee") in the event additional financing is obtained.   The Completion Fee may be paid

to FTI under the following scenarios:

- In the event the Company consummates a plan, reorganization or sale transaction within 180 days of the filing, a Completion Fee of up to $3.5 million.

- In the event the Company completes any other restructuring, plan, reorganization or sale transaction not described above, a Completion Fee of up to $1 million.

The Financing Fee may be paid to FTI under the following scenarios:

**Financing Fee**

**Second Lien Financing**

- A total Financing Fee of 1.0% of the commitment of second lien DIP financing will be earned by FTI. Such fees will be earned and paid upon interim court approval or closing of such financing.

**Senior Loan Financing**

- In the event the Company seeks to refinance its existing senior debt outside of a chapter 11 proceeding or secure senior debt as part of a DIP financing, a financing fee of .25% of the commitment amount will be earned and paid upon interim court approval or closing of such financing.
- A total financing fee of 0.25% of the commitment of senior DIP financing will be earned by FTI. Such fees will be earned and paid upon interim court approval or closing of such financing.

14

22.  FTI has requested that it be engaged under a general retainer.  The Debtors believe that FTI should be employed under a general retainer because of the variety and complexity of the services that will be required during these proceedings.

23.  FTI has received from the Debtors total "on account" cash in the amount of $750,000 (the "On-Account Cash"), which was increased from $550,000 on November 5, 2008.  Attached as Exhibit 4 to the Duffy Affidavit is a list of the invoices sent by FTI and the payments made by the Company.  As set forth on such Exhibit 4, since commencing the engagement, FTI has invoiced the Company in the aggregate amount of $3,228,924, which amount reflects $2,336,490 billed to the Company for professional services, $142,434 for out of pocket expense reimbursement and the $750,000 held as On-Account Cash.  As also shown on Exhibit 4, prior to the Petition Date, FTI applied $0 of its initial $750,000 cash on account for estimated fees and expenses.

24.  FTI has informed the Debtors that as promptly as practicable after all fees and charges

15

accrued prior to the Petition Date have been finally
posted within FTI's computerized billing system, FTI
will issue a final billing statement to the Company for
the actual fees, charges, and disbursements incurred for
the period prior to the Petition Date (the "Final
Prepetition Bill Amount").  Pursuant to the Engagement
Letters, and subject to any orders of the Court, FTI
will deduct the Final Prepetition Bill Amount from the
On-Account Cash.  To the extent that the Final
Prepetition Bill Amount is less than the On-Account
Cash, FTI has indicated that it will hold the full
amount of the difference as a post-petition retainer to
be applied against any amounts approved by the Court in
connection with FTI's final fee application.  In the
event that the Final Prepetition Bill Amount exceeds the
On-Account Cash, FTI has agreed to waive any claim
against the Debtors for payment with respect to the
amount by which the Final Prepetition Bill Amount
exceeds the On-Account Cash.  FTI has further informed
the Debtors that the On-Account Cash will not be
segregated by FTI in a separate account.

16

## NOTICE

25.  Notice of this Application has been
provided to those parties entitled to notice under this
Court's Order Pursuant to Bankruptcy Code Sections 102
and 105, Bankruptcy Rules 2002 and 9007, and Local
Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain
Notice, Case Management, and Administrative Procedures
(D.I. 136).  The Debtors submit that, under the
circumstances, no other or further notice need be given.

## WAIVER OF MEMORANDUM OF LAW

26.  Pursuant to Local Bankruptcy Rule 9013-
1(G), and because there are no novel issues of law
presented in the Application and all applicable
authority is set forth in the Application, the Debtors
request that the requirement that all applications be
accompanied by a separate memorandum of law be waived.

## NO PRIOR REQUEST

27.  No previous request for the relief sought
herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request

that the Court enter an order, substantially in the form

annexed hereto, granting the relief requested in the

Application and such other and further relief as may be

just and proper.

Dated:      Richmond, Virginia
            November 18, 2008

                        Circuit City Stores, Inc.



                        /s/ Bruce H. Besanko
                        Bruce H. Besanko
                        Executive Vice President and Chief
                        Financial Officer

Dated: November 18, 2008
       Richmond, Virginia

     SKADDEN, ARPS, SLATE, MEAGHER &
     FLOM, LLP
     Gregg M. Galardi, Esq.
     Ian S. Fredericks, Esq.
     P.O. Box 636
     Wilmington, Delaware 19899-0636
     (302) 651-3000

           - and -

     SKADDEN, ARPS, SLATE, MEAGHER &
     FLOM, LLP
     Chris L. Dickerson, Esq.
     333 West Wacker Drive
     Chicago, Illinois 60606
     (312) 407-0700

           - and -

     MCGUIREWOODS LLP

     /s/ Douglas M. Foley
     Dion W. Hayes (VSB No. 34304)
     Douglas M. Foley (VSB No. 34364)
     One James Center
     901 E. Cary Street
     Richmond, Virginia 23219
     (804) 775-1000

     Proposed Counsel for Debtors and
     Debtors in Possession

## EXHIBIT A
### Duffy Affidavit

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000
              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - x
                           :
In re:                     :   Chapter 11
                           :
CIRCUIT CITY STORES, INC., :   Case No. 08-35653 (KRH)
et al.,                    :
                           :
              Debtors.     :   Jointly Administered
- - - - - - - - - - - - - - x


        **AFFIDAVIT IN SUPPORT OF THE DEBTORS' APPLICATION
            FOR AN ORDER AUTHORIZING EMPLOYMENT AND
              RETENTION OF FTI CONSULTING, INC. AS
                FINANCIAL ADVISOR FOR THE DEBTORS**

STATE OF MASSACHUSETTS    )
                          )  ss.
COUNTY OF SUFFOLK         )

     I, Robert J. Duffy, being duly sworn, depose and

say:

1.    I am a Senior Managing Director with FTI

Consulting, Inc. (together with its wholly owned

subsidiaries, agents, independent contractors and

employees, "FTI"), a financial advisory services firm

with offices located at numerous locations around the

world.  I submit this Affidavit on behalf of FTI (the

"Affidavit") and in support of the application (the

"Application") of Circuit City Stores, Inc., the debtors

and debtors in possession in the above-captioned cases

(collectively, the "Debtors"), for an order authorizing

the employment and retention of FTI as Financial

Advisors under the terms and conditions set forth in the

Application. Except as otherwise noted,[1] I have personal

knowledge of the matters set forth herein.

### DISINTERESTEDNESS AND ELIGIBILITY

2.    In connection with the preparation of this

Affidavit, FTI's professionals conducted a review of its

professional contacts with the Debtors, their affiliates,

and other parties in interest that were reasonably known

---

[1]      Certain of the disclosures herein relate to matters within the
personal knowledge of other professionals at FTI and are based
on information from them.

2

to us. Our review, completed under my supervision, consisted of queries of an internal computer database containing names of individuals and entities that are present or recent former clients of FTI in order to identify potential relationships. FTI's search included the following types of entities: the Debtors and its subsidiaries, non-debtor affiliates, the Debtors' directors and officers, secured lenders, significant merchandise creditors, significant vendors, significant real and personal property lessors, significant shareholders, consignors, third party administrators, potential liquidators, litigation parties, banks, attorneys and professionals. A listing of the parties reviewed is reflected on Exhibit 2 to this Affidavit. A summary of such relationships that FTI identified during this process is set forth on Exhibit 3 to this Affidavit. If any new relevant facts or relationships are discovered or arise, FTI will promptly file a Bankruptcy Rule 2014(a) Supplemental Affidavit.

3.   FTI has initiated ethical walls relating to two matters to ensure that FTI's representation of another party does not have a materially adverse impact

3

on the Debtors. First, FTI is currently engaged by Syntax Brillian and the Debtors are a party to litigation with Syntax Brillian. The ethical wall was established on September 3, 2008. Second, FTI is currently engaged by Magellan and Magellan is a potential creditor of the Debtors. The ethical wall was established October 28, 2008.

4. From the results of such review, we were not made aware of any conflicts of interest or additional relationships that we believe would preclude us from performing our services. No FTI personnel working on this engagement performed any services for either Syntax Brillian or Magellan following the date of execution of the ethical wall agreements. FTI personnel working under my direction have been subject to ethical walls to avoid any leakage of information or engagement-related communications with FTI personnel assigned to assist Syntax Brillian or Magellan. These ethical walls remain in effect as of the date of this Affidavit. As part of the ethical wall, FTI has instituted information blocking systems to prevent the exchange of information

regarding the Debtors between the groups involved within FTI.

5.    Financial Dynamics ("FD"), a division of FTI, is employed by the Debtors to provide communications services.  FD is not a creditor and these services are being provided in the ordinary course of business.

6.    Otherwise, based on the results of its review of parties-in-interest associated with the Debtors, FTI does not have a relationship with any of the parties on the Exhibit 2 in matters related to these proceedings. FTI has provided and could reasonably be expected to continue to provide services unrelated to the Debtors' cases for the various entities shown on Exhibit 3. FTI's assistance to these parties has been related to providing various financial, restructuring, litigation support and/or engineering and scientific investigation consulting services.  To the best of my knowledge, no services have been provided to the parties-in-interest which involve their rights in the Debtors' cases, nor does FTI's involvement in this case compromise its ability to continue such consulting services.

7.   Further, as part of its diverse practice, FTI appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtors' chapter 11 cases.  Also, FTI has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in these proceedings. In addition, FTI has in the past, may currently and will likely in the future be working with or against other professionals involved in these cases in matters unrelated to the Debtors and these cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the Debtors in matters upon which FTI is to be employed, and none are in connection with these cases.

8.   FTI does not believe it is a "Creditor" of any of the Debtors within the meaning of Bankruptcy Code section 101(10).  Further, neither I nor any other FTI

6

partner or principal, to the best of my knowledge, is a
holder of any shares of the Debtors' stock.

9.    Based on the results of the relationship
search conducted to date as described above, FTI has no
known significant connection to the above-captioned
Debtors, their creditors, equity security holders, other
parties-in-interest (as reasonably known to us) or their
respective attorneys, except as disclosed or otherwise
described herein.  Further, to the best of my knowledge,
no one involved in this case or in FTI's practice
generally has any connection to the U.S. Trustee or any
person employed in the Office of the U.S. Trustee in
this District.

10.  As such, to the best of my knowledge, FTI is a
"disinterested person" as that term is defined in
Bankruptcy Code section 101(14), as modified by
Bankruptcy Code section 1107(b), in that FTI

> (1)  is not a creditor, equity security
>      holder or insider of the Debtors;
>
> (2)  is not and was not within 2 years
>      before the date of the filing of the
>      petition, a director, officer, or
>      employee of the Debtors.

7

In addition, to the best of my knowledge and based upon the results of the relationship search described above, FTI neither holds nor represents an interest adverse to the Debtors within the meaning of Bankruptcy Code section 327(a).

11.  It is FTI's policy and intent to update and expand its ongoing relationship search for additional parties in interest.  If any new relevant facts or relationships are discovered or arise, FTI will promptly file a Bankruptcy Rule 2014(a) Supplemental Affidavit.

### PROFESSIONAL COMPENSATION

12.  Subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable U.S. Trustee guidelines and the local rules of this District, FTI will seek payment for compensation on an hourly basis for the financial and other consulting services outlined in the application, and reimbursement of actual and necessary expenses incurred by FTI.  FTI's customary hourly rates as charged to both bankruptcy and non-bankruptcy matters of this type by the professionals assigned to this engagement are outlined in the

Application for the employment of FTI. These hourly rates are adjusted annually.

13.   Further, according to FTI's books and records, during the ninety days prior to the Debtors' petition date, FTI received $3,228,924 as set forth on Exhibit 4, which amount reflects $2,336,490 billed to the Company for professional services, $142,434 for out of pocket expense reimbursement and the $750,000 held as On-Account Cash.

14.   No commitments have been made or received by FTI, nor any partner or employee associate thereof, as to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.   FTI has no agreement with any other entity to share with such entity any compensation received by FTI in connection with these chapter 11 cases.

FURTHER AFFIANT SAYETH NOT.

/s/ Robert J. Dufffy
Robert J. Duffy

9

Subscribed and sworn to
before me this 14th day of
November 2008.


/s/ Sandra M. Raabe
Notary Public # 7045899

**Exhibit 1A & 1B**
**FTI Engagement Letters**



FTI Consulting
125 High Street
Suite 1402
Boston. MA 02110
617.897.1500 telephone
617.897.1510 facsimile
www.fticonsulting.com

PRIVATE & CONFIDENTIAL

August 15, 2008

Phil Schoonover
Chairman, President, CEO
Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA, 23233

Re: Retention of FTI Consulting, Inc.

Dear Mr. Schoonover:

1.    **Introduction**

This letter confirms that we, FTI Consulting, Inc. ("FTI", "we" or "us"), have been retained by
you, Circuit City Stores, Inc. (the "Company" or "you"), to provide certain financial advisory
and consulting services (the "Services") set out below.  This letter of engagement (the
"Engagement" or "Engagement Letter") and the Standard Terms and Conditions attached
hereto (the terms of which are incorporated herein by reference) constitute the engagement
contract (the "Engagement Contract") pursuant to which the Services will be provided.

2.    **Scope of Services**

The Services, to be performed at the direction of the Executive Committee of the Company's
Board of Directors (the "Executive Committee") and its management, are expected to include
the following:

**Objective:**

To assist the Company, in a cost effective manner, in the planning and analysis of an "out of
court" restructuring that is intended to maximize shareholder value and minimize disruption to
the Company's operations.

**Phase I Scope:**

Store Footprint Analysis
- Evaluate performance of individual stores by format and region
- Analyze four wall profitability of each store
- Analyze allocated expenses such as advertising, field operations and distribution costs
- Review fixed/variable nature of non four wall costs to assess impact of potential store
  closings

Circuit City Stores, Inc.
August 15, 2008

- Analyze liquidity and earnings impact of store closures
  - Evaluate likely range of lease buyout costs based on situation
  - Assess impact of store closing sales on a cash and GAAP basis
- Provide assistance with contract terms for disposition of leases
- Develop informational materials to support store closing process
- Review procedure for projecting revenue, occupancy costs and inventory levels for potential closing stores
- Advise on "best practices" for drafting an agency agreement for inventory disposition and on negotiating structure for real estate disposition
- Prepare information package for landlord conference calls and participate in lease termination discussions
- Coordinate with such third party real estate advisors as may be retained by the Company in conjunction with real estate analyses and related negotiations

Liquidity Forecasting
- Evaluate the Company's current weekly forecasting models
  - Assess functionality of the model and suggest/develop enhancements
  - Create flexible model to evaluate impact on liquidity of critical assumptions
- Validate assumptions included in forecast including, without limitation:
  - Comparable store sales and margin
  - Inventory levels and trade credit support
  - Store closing impact including inventory liquidation and lease termination costs
  - Other issues as identified by the Executive Committee, management or FTI

Additional Phase I Services
- Provide weekly status and fee updates to management personnel designated by the Company
- Coordination of and participation in a "kick-off" meeting and subsequent in-person meetings at the Company's headquarters on such date as the Company determines
- Provide an initial timeline and staffing requirements within five business days of the execution date of this letter
- Provide an initial report, recommendations and a proposed work plan (including a proposed timeline and staffing requirements) on or before September 8, 2008
- Develop and present FTI's Phase I analysis and subsequent recommendations at a meeting of the Executive Committee currently scheduled for the week of September 15, 2008
- Provide other services as requested by management or the Executive Committee
- The parties agree that Phase I will be concluded in approximately 3 - 4 weeks unless the Company, in its sole discretion agrees to an alternative schedule

**Phase II Scope:**

Business/Out-of-Court Restructuring Plan
- Assist with development of an out-of-court restructuring plan and related financial projections
- Assess potential EBITDA based on store closing strategy and other restructuring initiatives
- Analyze long term capital need to effectuate potential out-of-court restructuring and capital structure alternatives
- Assist with working capital management and liquidity forecasting

-2-

Circuit City Stores, Inc.
August 15, 2008

- Participate in development of strategy to negotiate with key stakeholders in order to effectuate a potential out-of-court restructuring
- Assist management with development of employee retention and communications programs
- Assist management in developing strategy relating to merchandise and other vendors
- Assist management and, if necessary, other advisors in developing a strategy relating to landlords in conjunction with a potential out-of-court restructuring
- Assist management and, if necessary, other advisors in developing strategy relating to existing and prospective capital providers in conjunction with a potential out-of-court restructuring

<u>Additional Phase II Services</u>
- Provide weekly status and fee updates to management personnel designated by the Company
- Provide other services as requested by management or the Executive Committee.

<u>Financing Services</u>
- The Services set forth in this Engagement Contract do not include financing or capital raising activities. In the event the Company requests that FTI perform such activities, the parties agree to execute an addendum to this Engagement Contract that describes such additional services and any related fees.

Robert J. Duffy and Stephen L. Coulombe shall have primary and ongoing responsibility for all Services provided pursuant to this Engagement. Except as otherwise provided herein, the Services may be performed by FTI or by any subsidiary of FTI as FTI shall determine and FTI may also provide Services through its or its subsidiaries' agents or independent contractors. References herein to FTI and its employees shall be deemed to apply also, unless the context shall otherwise indicate, to employees of each such subsidiary and to any such agents or independent contractors and their employees.

The Services, as provided herein, are subject to change as mutually agreed by the Company and FTI.

FTI is engaged by the Company to provide financial advisory and consulting services only. Accordingly, while we may from time to time suggest options which may be available to you, and further give our professional evaluation of these options, the ultimate decision as to which, if any, of these options to implement rests with the Company, its management and the Executive Committee. FTI and its employees will not make any management decisions for the Company and will not be responsible for communicating information concerning the Company to the public, the Company's shareholders, creditors or other parties.

As part of the Services, FTI may be requested to assist the Company (and its legal or other advisors) in negotiations with the Company's shareholders, creditors or other parties, including with respect to a potential out-of-court restructuring. In the event that we participate in such negotiations, the representations made and the positions advanced will be those of the Company and its management, not FTI or its employees.

If cases under the Bankruptcy Code, *11 U.S.C. § 101–1532 (the "Bankruptcy Code"),* are commenced and our retention is approved, our role will include serving as principal bankruptcy financial advisors to the debtors and debtors-in-possession in those cases under a

Circuit City Stores, Inc.
August 15, 2008

general retainer, subject to court approval.  Our role also will encompass all out-of-court planning and negotiations attendant to these tasks.

The *Services* we will provide in connection with the Engagement will encompass all services normally and reasonably associated with this type of *Engagement* that we are requested and are able to provide and that are consistent with our ethical obligations.  With respect to all matters of our Engagement, we will coordinate closely with the Company as to the nature of the services that we will render and the scope of our *Engagement*.

As usual, our Engagement is to represent the Company and not its individual directors, officers, employees or shareholders.  However, we anticipate that in the course of that Engagement, we may provide information or advice to directors, officers or employees in their corporate capacities.

3.    **Fees, Expenses and Cash on Account**

**Standard Hourly Rates:**

Fees in connection with this Engagement will be based upon the time incurred providing the Services, multiplied by our standard hourly rates applicable in the United States, summarized as follows:

|  | Per Hour |
|---|---|
| Senior Managing Directors | $650 - $715 |
| Directors / Managing Directors | $475 - $620 |
| Consultants/Senior Consultants | $235 - $415 |
| Administrative / Paraprofessionals | $95 - $190 |

Hourly rates are generally revised periodically; provided that FTI shall provide the Company with at least 10 days' prior written notice of any rate adjustments (and the amount of any such rate adjustments).  To the extent this Engagement requires services of our International divisions or personnel, the time incurred providing the Services will be multiplied by our standard hourly rates applicable on International engagements which rates shall be provided to the Company in writing, prior to the assignment of such divisions or personnel.  Note that we do not provide any assurance regarding the outcome of our work and our fees will not be contingent on the results of such work.

**Completion Fee**

The Executive Committee, in its sole and absolute discretion, may pay FTI a fee (a "Completion Fee") in the event a restructuring or sale transaction is consummated to the satisfaction of the Company.  The Completion Fee may be paid to FTI under various scenarios as follows:

- In the event a restructuring or sale transaction is completed and the Company does not file for bankruptcy protection, a Completion Fee of up to $5 million.
- In the event the Company files for bankruptcy protection and the Company consummates a plan, reorganization or sale transaction within 180 days of the filing, a Completion Fee of up to $3.5 million.
- In the event the Company completes any other restructuring, plan, reorganization or sale transaction not described above, a Completion Fee of up to $1 million.

-4-

Circuit City Stores, Inc.
August 15, 2008

**Expenses:**

In addition to the fees outlined above, FTI will bill for reasonable direct expenses which are incurred on your behalf during this Engagement provided that FTI shall present to the Company invoices and other supporting detail that may be reasonably requested by the Company. Direct expenses are reasonable and customary out-of-pocket expenses which are billed directly to the Engagement, such as certain telephone, overnight mail, messenger, travel, meals, accommodations and other out-of-pocket expenses specifically related to the Engagement. Further, if FTI and/or any of its employees are required to testify or provide evidence at or in connection with any judicial or administrative proceeding relating to the Engagement, FTI will be compensated by you at its regular hourly rates and reimbursed for reasonable direct expenses (including reasonable, documented fees of outside counsel) with respect thereto as provided herein.

**Cash on Account:**

Initially, the Company will forward to us the amount of $100,000, which funds will be held "on account" to be applied to our professional fees, expenses and disbursements for the Engagement (as replenished or supplemented from time to time, the "Initial Cash on Account"). To the extent that this amount exceeds our fees, expenses and disbursements upon the completion or termination of the Engagement, we will immediately refund to the Company any portion of the Initial Cash on Account and the Additional Cash on Account (as defined herein) in excess of all fees and expenses due FTI. The Company agrees to increase or supplement the Initial Cash on Account from time to time during the course of the Engagement in such amounts as the Company and we mutually shall agree are reasonably necessary to increase the Initial Cash on Account to a level that will be sufficient to fund Engagement fees, expenses and disbursements to be incurred.

We will send the Company periodic invoices (not less frequently than monthly) for services rendered and expenses and disbursements incurred on the basis discussed above, and in certain circumstances, an invoice may be for estimated fees, expenses and disbursements through a date certain. Each invoice constitutes a request for an interim payment against the fee to be determined at the conclusion of our Services. After 2 business days following transmittal of the invoice, we may draw upon the Initial Cash on Account in the amount of the invoice. The Company agrees upon submission of each such invoice to promptly wire the invoice amount to us as replenishment of the Initial Cash on Account (together with any supplemental amount to which we and the Company mutually agree), without prejudice to the Company's right to advise us of any differences it may have with respect to such invoice. We have the right to apply to any outstanding invoice (including amounts billed prior to the date hereof), up to the remaining balance, if any, of the Initial Cash on Account at any time subject to (and without prejudice to) the Company's opportunity to review and dispute our invoices, fees, expenses or disbursements.

Neither party shall actively solicit for employment or hire any employee of the other party during the term of this Engagement and for a period of one (1) year following the date of termination or completion of this engagement without the prior written consent of the other party.

Circuit City Stores, Inc.
August 15, 2008

In a case under the Bankruptcy Code, fees and expenses may not be paid without the express prior approval of the bankruptcy court. In most cases of this size and complexity, on request of a party in interest, the bankruptcy court permits the payment of fees and reimbursement of expenses on an interim basis during the case. The Company agrees that, if asked to do so by us, the Company will request the bankruptcy court to establish a procedure for the payment of interim fees during the case that would permit payment of interim fees. If the bankruptcy court approves such a procedure, we will submit invoices on account against our final fee. These interim invoices will be based on such percentage as the bankruptcy court allows of our internal time charges and costs and expenses for the work performed during the relevant period and will constitute a request for an interim payment against the reasonable fee to be determined at the conclusion of our representation.

In preparation for the filing of any cases under the Bankruptcy Code, we also may require an additional on account payment to supplement the Initial Cash on Account to cover fees, expenses and disbursements to be incurred during the initial phase of the chapter 11 cases (the "Additional Cash on Account"). We will hold the Additional Cash on Account, as we have the Initial Cash on Account. Of course, the reasonableness of the Additional Cash on Account remains subject to review by the court in any ensuing case.

If any of the Company's entities become a debtor in one or more cases under the Bankruptcy Code, some fees, expenses and disbursements (whether or not billed) incurred before the filing of bankruptcy petitions (voluntary or involuntary) might remain unpaid as of the date of the filing. The unused portion, if any, of the Initial Cash on Account and Additional Cash on Account will be applied to any such unpaid pre-petition fees, expenses and disbursements. Any requisite court permission will be obtained in advance. We will then hold any portion of the Initial Cash on Account and the Additional Cash on Account not otherwise properly applied for the payment of any such unpaid pre-filing fees, expenses and disbursements (whether or not billed) as on account cash to be applied to our final invoice in any case under the Bankruptcy Code.

Post-petition fees, expenses and disbursements will be due and payable immediately upon entry of an order containing such court approval or at such time thereafter as instructed by the bankruptcy court. The Company understands that while the arrangement in this paragraph may be altered in whole or in part by the bankruptcy court, the Company shall nevertheless remain liable for payment of court approved post-petition fees and expenses. It is agreed and understood that the unused portion, if any, of the Initial Cash on Account and the Additional Cash on Account shall be held by us and applied against the final fee application filed and approved by the court.

4.    **Terms and Conditions**

The Standard Terms and Conditions set forth the duties of each party with respect to the Services. Further, this letter and the Standard Terms and Conditions comprise the entire Engagement Contract for the provision of the Services to the exclusion of any other express or implied terms, whether expressed orally or in writing, including any conditions, warranties and representations, and shall supersede all previous proposals, letters of engagement, undertakings, agreements, understandings, correspondence and other communications, whether written or oral, regarding the Services.

Circuit City Stores, Inc.
August 15, 2008

5.    **Conflicts of Interest**

Based on the list of potentially interested parties (the "Potentially Interested Parties"),
provided by you, we have undertaken a limited review of our records to determine FTI's
professional relationships with the Company and Bank of America, N.A., the administrative
agent for the Company's existing credit facility (the "Administrative Agent").  As you may be
aware, FTI is regularly retained by the Administrative Agent and/or other members of your
credit facility (or law firms retained by the administrative agent or members of your credit
facility).  However, such representations are in matters unrelated to this Engagement.

From the results of such review, we were not made aware of any conflicts of interest or
additional relationships that we believe would preclude us from performing the Services.
However, as you know, we are a large consulting firm with numerous offices throughout the
United States.  We are regularly engaged by new clients, which may include one or more of
the Potentially Interested Parties.  We will not accept an engagement that directly conflicts
with this Engagement without your prior written consent.

6.    **Acknowledgement and Acceptance**

Please acknowledge your acceptance of the terms of this Engagement Contract by signing
both the confirmation below and the Standard Terms and Conditions and returning a copy of
each to us at the above address.

If you have any questions regarding this letter or the Standard Terms and Conditions, please do not
hesitate to contact Robert J. Duffy at 617-897-1501.

Circuit City Stores, Inc.
August 15, 2008

Yours faithfully,

FTI CONSULTING, INC.

By
   Robert J. Duffy
   Senior Managing Director

Attachment – As stated

Circuit City Stores, Inc.
August 15, 2008

Confirmation of Terms of Engagement

**We agree to engage FTI Consulting, Inc. upon the terms set forth herein and upon the Standard Terms and Conditions.**

Circuit City Stores, Inc.

By:  _____

Phil Schoonover
Chairman, President, CEO

Date:  August 27, 2008

**FTI CONSULTING, INC.**

**STANDARD TERMS AND CONDITIONS**

The following are the Standard Terms and Conditions on which we will provide the Services to you set forth within the attached letter of engagement with Circuit City Stores, Inc. dated August 15, 2008 (the "Engagement Letter"), the terms of which are incorporated herein by reference. The Engagement Letter and these Standard Terms and Conditions set forth herein (collectively, the "Engagement Contract") form the entire agreement between us relating to the Services and replace and supersede any previous proposals, letters of engagement, undertakings, agreements, understandings, correspondence and other communications, whether written or oral, regarding the Services. The headings and titles in the Engagement Contract are included to make it easier to read but do not form part of the Engagement Contract.

**1.    Reports and Advice**

1.1    **Use and purpose of advice and reports**—Any advice given or report issued by us is provided solely for your use and benefit and only in connection with the purpose in respect of which the Services are provided. Unless required by law, you shall not provide any advice given or report issued by us to any third party (other than to your attorneys, investment bankers, financial advisors, auditors and other representatives), or refer to us or the Services, without our prior written consent. In no event, regardless of whether consent has been provided, shall we assume any responsibility to any third party to which any advice or report is disclosed or otherwise made available.

**2.    Information and Assistance**

2.1    **Provision of information and assistance**—Our performance of the Services is dependent upon your providing us with such information and assistance as we may reasonably require from time to time.

2.2    **Punctual and accurate information**—You shall use reasonable skill, care and attention to ensure that all information we may reasonably require is provided on a timely basis and is accurate and complete and relevant for the purpose for which it is required. You shall also notify us if you subsequently learn that the information provided is incorrect or inaccurate or otherwise should not be relied upon.

2.3    **No assurance on financial data**—While our work may include an analysis of financial and accounting data, the Services will not include an audit, compilation or review of any kind of any financial statements or components thereof. Company management will be responsible for any and all financial information they provide to us during the course of this Engagement, and we will not examine or compile or verify any such financial information. Moreover, the circumstances of the Engagement may cause our advice to be limited in certain respects based upon, among other matters, the extent of sufficient and available data and the opportunity for supporting investigations in the time period. Accordingly, as part of this Engagement, we will not express any opinion or other form of assurance on financial statements of the Company.

2.4    **Prospective financial information**—In the event the Services involve prospective financial information, our work will not constitute an examination or compilation, or apply agreed-upon procedures, in accordance with standards established by the American Institute of Certified Public Accountants or otherwise, and we will express no assurance of any kind on such information. There will usually be differences between estimated and actual results, because events and circumstances frequently do not occur as expected, and those differences may be material. We will take no responsibility for the achievability of results or events projected or anticipated by the management of the Company.

**3.   Additional Services**

3.1    **Responsibility for other parties—**You shall be solely responsible for the work and fees of any other party engaged by you to provide services in connection with the Engagement regardless of whether such party was introduced to you by us.  Except as provided in this Engagement Contract, we shall not be responsible for providing or reviewing the advice or services of any such third party, including advice as to legal, regulatory, accounting or taxation matters.  Further, we acknowledge that we are not authorized under our Engagement Contract to engage any third party to provide services or advice to you, other than our agents or independent contractors engaged to provide Services, without your written authorization.

3.2    **Facilities --** To the extent necessary to perform the services, the Company will provide FTI with the workspace, facilities and supplies reasonably required to perform the services contemplated hereunder. The Company shall have no liability for any claims, losses, damages, injuries, costs, expenses or any other liabilities of any kind or character whatsoever arising out of, resulting from or in any way connected with providing us with workspace, facilities and supplies in connection with the Services, except to the extent caused by the grossly negligent or willful acts or omissions of the Company.

**4.    Confidentiality**

4.1    **Restrictions on confidential information—**Both parties agree that any confidential information received from the other party shall only be used for the purposes of providing or receiving Services under this or any other contract between us. Except as provided below, neither party will disclose the other party's confidential information to any third party without the other party's prior written consent. Confidential information shall not include information that:

4.1.2    is or becomes generally available to the public other than as a result of a breach of an obligation under this Clause 4.1;

4.1.3    is acquired from a third party who, to the recipient party's knowledge after receiving prior advice from counsel, owes no obligation of confidence in respect of the information; or

4.1.4    is or has been independently developed by the recipient.

4.2    **Disclosing confidential information—**Notwithstanding Clause 1.1 or 4.1 above, either party will be entitled to disclose confidential information of the other to a third party to the extent that this is required by valid legal process, provided that (and without breaching any legal or regulatory requirement) where reasonably practicable not less than 2 business days' notice in writing is first given to the other party.

4.3    **Citation of Engagement—**Subject to Clause 4.1 and Clause 4.2 above, to the extent the Engagement is or becomes known to the public, we may cite the performance of the Services to our clients and prospective clients as an indication of our experience, unless we and you specifically agree otherwise in writing.

4.4    **Internal quality reviews—**Notwithstanding the above, we may disclose any information referred to in this Clause 4 to any other FTI entity or use it for internal quality reviews.

4.5    **Maintenance of workpapers—**Notwithstanding the above, we may keep one archival set of our working papers from the Engagement, including working papers containing or reflecting confidential information, in accordance with our internal policies.

**5.   Termination**

5.1    **Termination of Engagement with notice—**Either party may terminate the Engagement Contract for whatever reason upon written notice to the other party. Upon receipt of such notice, we will stop all work immediately.  You will be responsible for all undisputed fees and expenses incurred by us through the date notice of termination is received.

5.2    **Effect of Termination** -- If, at any time prior to twelve months after the effective date of termination without cause of this Engagement, a restructuring or sale transaction, as described in the Engagement Letter, is consummated, the Company may pay FTI a Completion Fee subject to the terms specified in Clause 3 of the Engagement Letter. Company shall have the discretion to pay FTI a Completion Fee whether or not the Company has then engaged the services of a third party firm.

5.3    **Continuation of terms**—The terms of the Engagement that by their context are intended to be performed after termination or expiration of this Engagement Contract, including but not limited to, Clauses 3 and 4 of the Engagement Letter, and Clauses 1.1, 4, 6 and 7 of the Standard Terms and Conditions, are intended to survive such termination or expiration and shall continue to bind all parties.

6.    **Indemnification and Liability Limitation; Waiver of Jury Trial**

6.1    **Indemnification** - Each party agrees to indemnify and hold harmless the other party and any of its subsidiaries and affiliates, officers, directors, principals, shareholders, agents, independent contactors and employees (collectively "Indemnified Persons") from and against any and all claims, liabilities, damages, obligations, costs and expenses (including reasonable attorneys' fees and expenses and costs of investigation) arising out of the acts or omissions of the indemnifying party, except to the extent that any such claim, liability, obligation, damage, cost or expense shall have been determined by final non-appealable order of a court of competent jurisdiction to have resulted from the gross negligence or willful misconduct of the Indemnified Person or Persons in respect of whom such liability is asserted.

6.2    **Limitation of liability**—Each party agrees that no Indemnified Person shall have any liability as a result of this Engagement, the execution and delivery of this Engagement Contract, the provision of Services or other matters relating to or arising from this Engagement Contract, other than liabilities that shall have been determined by final non-appealable order of a court of competent jurisdiction to have resulted from the gross negligence or willful misconduct of the Indemnified Person or Persons in respect of whom such liability is asserted. Without limiting the generality of the foregoing, in no event shall any Indemnified Person be liable for consequential, indirect or punitive damages, damages for lost profits or opportunities or other like damages or claims of any kind.

6.3    **WAIVER OF JURY TRIAL**—TO FACILITATE JUDICIAL RESOLUTION AND SAVE TIME AND EXPENSE, YOU AND FTI IRREVOCABLY AND UNCONDITIONALLY AGREE NOT TO DEMAND A TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THE SERVICES OR ANY SUCH OTHER MATTER ARISING FROM THE ENGAGEMENT CONTRACT.

6.4    **Insurance** -- FTI shall maintain the following insurance with an insurance carrier authorized to do business in the United States and having a rating of "A-" or better by A.M. Best Company and a Financial Size Category of at least Class VIII: (a) a policy of commercial general liability insurance, covering liability arising from premises, operations, independent contractors, products – completed operations, personal injury, advertising injury and liability assumed under an insured contract, with limits of not less than $2,000,000 each occurrence and at least $10,000,000 in aggregate liability; (b) commercial auto liability insurance to include all owned, non-owned and hired vehicles, with limits of liability not less than $2,000,000 each accident; (c) workers compensation insurance to the extent required by law and employer's liability insurance, with limits of at least $1,000,000 each accident/disease; and (d) professional liability insurance with limits of at least $2,000,000 per occurrence. All policies except for (b), (c) and (d) above shall name the Company as an "Additional Insured". All certificates will provide for at least thirty (30) days written notice prior to cancellation of any insurance referred to under this Engagement Contract as well as notification of "Additional Insured". A certificate of insurance meeting the above requirements will be delivered to the Company (i) upon execution of this Engagement Letter, (ii) upon renewal of the insurance policy and annually thereafter, and (iii) upon reasonable request.

6.5    **Governing Law and Jurisdiction**—The Engagement Contract shall be governed by and interpreted in accordance with the laws of the State of New York, without giving effect to the choice of law provisions thereof. The United States District Court for the Southern District of New York and the

appropriate Courts of the State of New York sitting in the Borough of Manhattan, City of New York shall have exclusive jurisdiction in relation to any claim, dispute or difference concerning the Engagement Contract and any matter arising from it; provided that if the Company or any of its affiliates has sought relief under the Bankruptcy Code, the parties consent to the exclusive jurisdiction of the bankruptcy court in which such case or cases are pending over any and all matters arising from or related to the Engagement Contract. The parties submit to the jurisdiction of such courts and irrevocably waive any right to object to any action being brought in such courts, to claim that the action has been brought in an inconvenient forum or to claim that those courts do not have jurisdiction.

7.  **Independent Contractors** — The parties to this Engagement Contract are independent of one another. This Engagement Contract does not create any relationship of franchise, joint venture, association, partnership, or any other form of business organization. Neither party shall have any right, power or authority to bind the other or to assume, create, or incur any expenses, liability or obligation, express or implied, on behalf of the other. The Company shall not be responsible for payment of FTI's employees' or contractors' salary, benefits, expenses, insurance, taxes, workers' compensation, unemployment insurance or any other employee benefits, but such responsibility shall be that of the Supplier. Furthermore, FTI shall be fully responsible for withholding any and all Federal, state or local income and employment taxes in connection with FTI's employees' and contractors compensation.

**FTI CONSULTING, INC**


**Confirmation of Standard Terms and Conditions**

We agree to engage FTI Consulting, Inc. upon the terms set forth in these Standard Terms and Conditions as outlined above.

**CIRCUIT CITY STORES, INC.**

By: _____
    Phil Schoonover
    Chairman, President, CEO

Date: _____
      August 27, 2008

F T I

PRIVATE & CONFIDENTIAL

November 05, 2008

Bruce H. Besanko
Chief Financial Officer
Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA, 23233

Re: Retention of FTI Consulting, Inc.

Dear Mr. Besanko:

1.    **Introduction**

This letter confirms that we, FTI Consulting, Inc. ("FTI", "we" or "us"), have been retained by you, Circuit City Stores, Inc. (the "Company" or "you"), to provide certain financial advisory and consulting services (the "Services") set out below. This letter of engagement (the "Engagement" or "Engagement Letter") and the Standard Terms and Conditions attached hereto (the terms of which are incorporated herein by reference) constitute the engagement contract (the "Engagement Contract") pursuant to which the Services will be provided.

2.    **Scope of Services**

The Services, to be performed at the direction of the Company and are expected to include the following:

**Objective:**

To assist the Company, in a cost effective manner, in the planning, analysis of and execution of a restructuring that is intended to maximize value for all constituents and minimize disruption to the Company's operations.

**Store Footprint Analysis**
- Analyze liquidity and earnings impact of potential store closures
- Provide assistance with contract terms for disposition of leases
- Develop informational materials to support store closing processes
- Review procedure for projecting revenue, occupancy costs and inventory levels for potential closing stores
- Advise on "best practices" for drafting an agency agreement for inventory disposition and on negotiating structure for real estate disposition
- Prepare information package for landlord conference calls and participate in lease termination discussions
- Coordinate with such third party real estate advisors as may be retained by the Company in conjunction with real estate analyses and related negotiations

Circuit City Stores, Inc.
November 5, 2008

**Liquidity Forecasting**
- Evaluate current liquidity position and expected future cash flows
- Assist with management and control of cash disbursements
- Advise management on cash conservation measures and assist with implementation of cash forecasting and reporting tools as requested

**Restructuring/Other Advisory Services**
- Assist with development of an out-of-court restructuring plan and related financial projections
- Assess potential EBITDA based on store closing strategy and other restructuring initiatives
- Analyze long term capital need to effectuate potential out-of-court restructuring and capital structure alternatives
- Assist with working capital management and liquidity forecasting
- Participate in development of strategy to negotiate with key stakeholders in order to effectuate a potential out-of-court restructuring
- Assist management with development of employee retention and communications programs
- Assist management in developing strategy relating to merchandise and other vendors
- Assist management and, if necessary, other advisors in developing a strategy relating to landlords in conjunction with a potential out-of-court restructuring
- Assist management and, if necessary, other advisors in developing strategy relating to existing and prospective capital providers in conjunction with a potential out-of-court restructuring
- Provide weekly status and fee updates to management personnel designated by the Company
- Provide other services as requested by management.

**Asset Sales**
- Assist management with the development and implementation of a store closing process including marketing certain stores identified by the Company for closure (including, but not limited to, inventory, real estate, furniture fixtures and equipment other tangible assets) to inventory disposition firms including conducting a 363 sale process, contacting potential buyers, facilitating due diligence requests, negotiating asset purchase agreement(s) and conducting a final auction
  - Prepare "bid packages" for Liquidators and manage selection process
  - Solicit potential inventory Liquidators for going-out-of-business sale process
  - Assist the Company in the negotiation of an Agency agreement
  - Manage the process to liquidate stores and conduct going-out-business sales in the ordinary course of business
  - Solicit bids from real estate consulting firms to evaluate lease mitigation strategies
- Assist with data collection and information gathering related to third party due diligence
- Advise and assist the Company and other professionals retained by the Company in developing, negotiating and executing plan of reorganization scenarios, 363 sales or other potential sales of assets or business units

-2-

Circuit City Stores, Inc.
November 5, 2008

**Contingency Planning**
- Assist management and the Board of Directors in contingency planning including the evaluation, planning and execution of a potential Chapter 11 filing
- Assist Company personnel with the communications and negotiations, at your request and under your guidance, with lenders, creditors, and other parties-in-interest including the preparation of financial information for distribution to such parties-in-interest
- Advise and assist the Company in the compilation and preparation of financial information necessary due to requirements of the Bankruptcy Court and/or Office of the US Trustee
- Assist the Company in the preparation of a liquidation valuation for a reorganization plan and/or negotiation purposes
- Assist the Company in managing and executing the reconciliation process involving claims filed by all creditors
- Advise and assist the Company in identifying and/or reviewing preference payments, fraudulent conveyances and other causes of action

**Financing**
- Lead efforts to arrange second lien financing and refinancing of the existing senior debt or debtor-in-possession ("DIP") financing in a Chapter 11 filing
- Advise the Company in the process of identifying and reviewing debtor in possession ("DIP") financing and assist the Company in preparing a collateral package in support of such financing

**Other**
- Assist with such other accounting and financial advisory services as requested by the Company and/or the Board of Directors consistent with the role of a financial advisor and not duplicative of services provided by other professionals.


Robert J. Duffy and Stephen L. Coulombe shall have primary and ongoing responsibility for all Services provided pursuant to this Engagement. Except as otherwise provided herein, the Services may be performed by FTI or by any subsidiary of FTI as FTI shall determine and FTI may also provide Services through its or its subsidiaries' agents or independent contractors. References herein to FTI and its employees shall be deemed to apply also, unless the context shall otherwise indicate, to employees of each such subsidiary and to any such agents or independent contractors and their employees.

The Services, as provided herein, are subject to change as mutually agreed by the Company and FTI.

FTI is engaged by the Company to provide financial advisory and consulting services only. Accordingly, while we may from time to time suggest options which may be available to you, and further give our professional evaluation of these options, the ultimate decision as to which, if any, of these options to implement rests with the Company, its management and the board of directors. FTI and its employees will not make any management decisions for the Company and will not be responsible for communicating information concerning the Company to the public, the Company's shareholders, creditors or other parties.

As part of the Services, FTI may be requested to assist the Company (and its legal or other advisors) in negotiations with the Company's shareholders, creditors or other-parties,

Circuit City Stores, Inc.
November 5, 2008

including with respect to a potential out-of-court restructuring. In the event that we participate in such negotiations, the representations made and the positions advanced will be those of the Company and its management, not FTI or its employees.

If cases under the Bankruptcy Code, *11 U.S.C. § 101–1532 (the "Bankruptcy Code")*, are commenced and our retention is approved, our role will include serving as principal bankruptcy financial advisors to the debtors and debtors-in-possession in those cases under a general retainer, subject to court approval. Our role also will encompass all out-of-court planning and negotiations attendant to these tasks.

The *Services* we will provide in connection with the Engagement will encompass all services normally and reasonably associated with this type of *Engagement* that we are requested and are able to provide and that are consistent with our ethical obligations. With respect to all matters of our Engagement, we will coordinate closely with the Company as to the nature of the services that we will render and the scope of our *Engagement*.

As usual, our Engagement is to represent the Company and not its individual directors, officers, employees or shareholders. However, we anticipate that in the course of that Engagement, we may provide information or advice to directors, officers or employees in their corporate capacities.

3.    **Fees, Expenses and Cash on Account**

**Standard Hourly Rates:**

Fees in connection with this Engagement will be based upon the time incurred providing the Services, multiplied by our standard hourly rates applicable in the United States, summarized as follows:

|  | Per Hour |
|---|---|
| Senior Managing Directors | $650 - $715 |
| Directors / Managing Directors | $475 - $620 |
| Consultants/Senior Consultants | $235 - $415 |
| Administrative / Paraprofessionals | $95 - $190 |

Hourly rates are generally revised periodically; provided that FTI shall provide the Company with at least 10 days' prior written notice of any rate adjustments (and the amount of any such rate adjustments). To the extent this Engagement requires services of our International divisions or personnel, the time incurred providing the Services will be multiplied by our standard hourly rates applicable on International engagements which rates shall be provided to the Company in writing, prior to the assignment of such divisions or personnel. Note that we do not provide any assurance regarding the outcome of our work and our fees will not be contingent on the results of such work.

**Completion Fee**

The Company, in its sole and absolute discretion, may pay FTI a fee (a "Completion Fee") in the event a restructuring or sale transaction is consummated to the satisfaction of the Company. The Completion Fee may be paid to FTI under various scenarios as follows:

- In the event a restructuring or sale transaction is completed and the Company does not file for bankruptcy protection, a Completion Fee of up to $5 million.

Circuit City Stores, Inc.
November 5, 2008

- In the event the Company files for bankruptcy protection and the Company consummates a plan, reorganization or sale transaction within 180 days of the filing, a Completion Fee of up to $3.5 million.
- In the event the Company completes any other restructuring, plan, reorganization or sale transaction not described above, a Completion Fee of up to $1 million.

**Financing Fee**

Second Lien Financing
- A total fee of 1.0% of the commitment of second lien financing will be earned by FTI whether outside of a chapter 11 proceeding or as part of a DIP financing. Such fees will be earned and paid upon interim court approval or closing of such financing.

Senior Loan Financing
- In the event the Company seeks to refinance its existing senior debt outside of a chapter 11 proceeding or secure senior debt as part of a DIP financing, a fee of .25% of the commitment amount will be earned and paid upon interim court approval or closing of such financing.

**Expenses:**

In addition to the fees outlined above, FTI will bill for reasonable direct expenses which are incurred on your behalf during this Engagement provided that FTI shall present to the Company invoices and other supporting detail that may be reasonably requested by the Company. Direct expenses are reasonable and customary out-of-pocket expenses which are billed directly to the Engagement, such as certain telephone, overnight mail, messenger, travel, meals, accommodations and other out-of-pocket expenses specifically related to the Engagement. Further, if FTI and/or any of its employees are required to testify or provide evidence at or in connection with any judicial or administrative proceeding relating to the Engagement, FTI will be compensated by you at its regular hourly rates and reimbursed for reasonable direct expenses (including reasonable, documented fees of outside counsel) with respect thereto as provided herein.

**Cash on Account:**

The Company will forward to us at total amount of $750,000, which funds will be held "on account" to be applied to our professional fees, expenses and disbursements for the Engagement (as replenished or supplemented from time to time, the "Cash on Account"). FTI acknowledges that it is holding $200,000 Initial Cash on Account relating to its engagement letter with the Company dated August 15, 2008. To the extent that this amount exceeds our fees, expenses and disbursements upon the completion or termination of the Engagement, we will immediately refund to the Company any portion of the Initial Cash on Account and the Additional Cash on Account (as defined herein) in excess of all fees and expenses due FTI. The Company agrees to increase or supplement the Initial Cash on Account from time to time during the course of the Engagement in such amounts as the Company and we mutually shall agree are reasonably necessary to increase the Initial Cash on Account to a level that will be sufficient to fund Engagement fees, expenses and disbursements to be incurred.

We will send the Company periodic invoices (not less frequently than monthly) for services rendered and expenses and disbursements incurred on the basis discussed above, and in certain

Circuit City Stores, Inc.
November 5, 2008

circumstances, an invoice may be for estimated fees, expenses and disbursements through a date certain. Each invoice constitutes a request for an interim payment against the fee to be determined at the conclusion of our Services. After 2 business days following transmittal of the invoice, we may draw upon the Initial Cash on Account in the amount of the invoice. The Company agrees upon submission of each such invoice to promptly wire the invoice amount to us as replenishment of the Initial Cash on Account (together with any supplemental amount to which we and the Company mutually agree), without prejudice to the Company's right to advise us of any differences it may have with respect to such invoice. We have the right to apply to any outstanding invoice (including amounts billed prior to the date hereof), up to the remaining balance, if any, of the Initial Cash on Account at any time subject to (and without prejudice to) the Company's opportunity to review and dispute our invoices, fees, expenses or disbursements.

Neither party shall actively solicit for employment or hire any employee of the other party during the term of this Engagement and for a period of one (1) year following the date of termination or completion of this engagement without the prior written consent of the other party.

In a case under the Bankruptcy Code, fees and expenses may not be paid without the express prior approval of the bankruptcy court. In most cases of this size and complexity, on request of a party in interest, the bankruptcy court permits the payment of fees and reimbursement of expenses on an interim basis during the case. The Company agrees that, if asked to do so by us, the Company will request the bankruptcy court to establish a procedure for the payment of interim fees during the case that would permit payment of interim fees. If the bankruptcy court approves such a procedure, we will submit invoices on account against our final fee. These interim invoices will be based on such percentage as the bankruptcy court allows of our internal time charges and costs and expenses for the work performed during the relevant period and will constitute a request for an interim payment against the reasonable fee to be determined at the conclusion of our representation.

In preparation for the filing of any cases under the Bankruptcy Code, we also may require an additional on account payment to supplement the Initial Cash on Account to cover fees, expenses and disbursements to be incurred during the initial phase of the chapter 11 cases (the "Additional Cash on Account"). We will hold the Additional Cash on Account, as we have the Initial Cash on Account. Of course, the reasonableness of the Additional Cash on Account remains subject to review by the court in any ensuing case.

If any of the Company's entities become a debtor in one or more cases under the Bankruptcy Code, some fees, expenses and disbursements (whether or not billed) incurred before the filing of bankruptcy petitions (voluntary or involuntary) might remain unpaid as of the date of the filing. The unused portion, if any, of the Initial Cash on Account and the Additional Cash on Account will be applied to any such unpaid pre-petition fees, expenses and disbursements. Any requisite court permission will be obtained in advance. We will then hold any portion of the Initial Cash on Account and the Additional Cash on Account not otherwise properly applied for the payment of any such unpaid pre-filing fees, expenses and disbursements (whether or not billed) as on account cash to be applied to our final invoice in any case under the Bankruptcy Code.

Post-petition fees, expenses and disbursements will be due and payable immediately upon entry of an order containing such court approval or at such time thereafter as instructed by the bankruptcy court. The Company understands that while the arrangement in this paragraph

-6-

Circuit City Stores, Inc.
November 5, 2008

may be altered in whole or in part by the bankruptcy court, the Company shall nevertheless remain liable for payment of court approved post-petition fees and expenses. It is agreed and understood that the unused portion, if any, of the Initial Cash on Account and the Additional Cash on Account shall be held by us and applied against the final fee application filed and approved by the court.

**4.    Terms and Conditions**

The Standard Terms and Conditions set forth the duties of each party with respect to the Services. Further, this letter and the Standard Terms and Conditions comprise the entire Engagement Contract for the provision of the Services to the exclusion of any other express or implied terms, whether expressed orally or in writing, including any conditions, warranties and representations, and shall supersede all previous proposals, letters of engagement, undertakings, agreements, understandings, correspondence and other communications, whether written or oral, regarding the Services.

**5.    Conflicts of Interest**

Based on the list of potentially interested parties (the "Potentially Interested Parties"), provided by you, we have undertaken a limited review of our records to determine FTI's professional relationships with the Company and Bank of America, N.A., the administrative agent for the Company's existing credit facility (the "Administrative Agent"). As you may be aware, FTI is regularly retained by the Administrative Agent and/or other members of your credit facility (or law firms retained by the administrative agent or members of your credit facility). However, such representations are in matters unrelated to this Engagement.

FTI appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest. Also, FTI has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in a potential Chapter 11 case. In addition, FTI has in the past, may currently and will likely in the future be working with or against other professionals involved in a potential Chapter 11 in matters unrelated to these cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the Company in matters upon which FTI is to be employed, and none are in connection with these cases.

FTI has initiated ethical walls relating to two matters to ensure that FTI's representation of another party does not have a materially adverse impact on the Company. First, FTI is currently engaged by Syntax Brillian and Circuit City is a party to litigation with Syntax Brillian. Second, FTI is currently engaged by Magellan and Magellan is a potential creditor of the Company in any Chapter 11 case.

From the results of such review, we were not made aware of any conflicts of interest or additional relationships that we believe would preclude us from performing the Services. However, as you know, we are a large consulting firm with numerous offices throughout the United States. We are regularly engaged by new clients, which may include one or more of the Potentially Interested Parties. We will not accept an engagement that directly conflicts with this Engagement without your prior written consent.

Circuit City Stores, Inc.
November 5, 2008

**6.     Acknowledgement and Acceptance**

Please acknowledge your acceptance of the terms of this Engagement Contract by signing both the confirmation below and the Standard Terms and Conditions and returning a copy of each to us at the above address.

If you have any questions regarding this letter or the Standard Terms and Conditions, please do not hesitate to contact Robert J. Duffy at 617-897-1501.

Circuit City Stores, Inc.
November 5, 2008

Yours faithfully,

FTI CONSULTING, INC.

By: _____

Robert J. Duffy
Senior Managing Director

Attachment – As stated

Circuit City Stores, Inc.
November 5, 2008

Confirmation of Terms of Engagement

**We agree to engage FTI Consulting, Inc. upon the terms set forth herein and upon the Standard Terms and Conditions.**

Circuit City Stores, Inc.

By: _____

     Bruce H. Besanko
     Chief Financial Officer

Date: NOV 5, 2008

FTI CONSULTING, INC.

STANDARD TERMS AND CONDITIONS

The following are the Standard Terms and Conditions on which we will provide the Services to you set forth
within the attached letter of engagement with Circuit City Stores, Inc. dated November 5, 2008 (the
"Engagement Letter"), the terms of which are incorporated herein by reference. The Engagement Letter and
these Standard Terms and Conditions set forth herein (collectively, the "Engagement Contract") form the entire
agreement between us relating to the Services and replace and supersede any previous proposals, letters of
engagement, undertakings, agreements, understandings, correspondence and other communications, whether
written or oral, regarding the Services. The headings and titles in the Engagement Contract are included to make
it easier to read but do not form part of the Engagement Contract.

1.      **Reports and Advice**

1.1     **Use and purpose of advice and reports**—Any advice given or report issued by us is provided solely
        for your use and benefit and only in connection with the purpose in respect of which the Services are
        provided. Unless required by law, you shall not provide any advice given or report issued by us to any
        third party (other than to your attorneys, investment bankers, financial advisors, auditors and other
        representatives), or refer to us or the Services, without our prior written consent. In no event, regardless
        of whether consent has been provided, shall we assume any responsibility to any third party to which
        any advice or report is disclosed or otherwise made available.

2.      **Information and Assistance**

2.1     **Provision of information and assistance**—Our performance of the Services is dependent upon your
        providing us with such information and assistance as we may reasonably require from time to time.

2.2     **Punctual and accurate information**—You shall use reasonable skill, care and attention to ensure that
        all information we may reasonably require is provided on a timely basis and is accurate and complete
        and relevant for the purpose for which it is required. You shall also notify us if you subsequently learn
        that the information provided is incorrect or inaccurate or otherwise should not be relied upon.

2.3     **No assurance on financial data**—While our work may include an analysis of financial and accounting
        data, the Services will not include an audit, compilation or review of any kind of any financial
        statements or components thereof. Company management will be responsible for any and all financial
        information they provide to us during the course of this Engagement, and we will not examine or
        compile or verify any such financial information. Moreover, the circumstances of the Engagement may
        cause our advice to be limited in certain respects based upon, among other matters, the extent of
        sufficient and available data and the opportunity for supporting investigations in the time period.
        Accordingly, as part of this Engagement, we will not express any opinion or other form of assurance on
        financial statements of the Company.

2.4     **Prospective financial information**—In the event the Services involve prospective financial
        information, our work will not constitute an examination or compilation, or apply agreed-upon
        procedures, in accordance with standards established by the American Institute of Certified Public
        Accountants or otherwise, and we will express no assurance of any kind on such information. There
        will usually be differences between estimated and actual results, because events and circumstances
        frequently do not occur as expected, and those differences may be material. We will take no
        responsibility for the achievability of results or events projected or anticipated by the management of
        the Company.

**3. Additional Services**

3.1 **Responsibility for other parties**—You shall be solely responsible for the work and fees of any other party engaged by you to provide services in connection with the Engagement regardless of whether such party was introduced to you by us. Except as provided in this Engagement Contract, we shall not be responsible for providing or reviewing the advice or services of any such third party, including advice as to legal, regulatory, accounting or taxation matters. Further, we acknowledge that we are not authorized under our Engagement Contract to engage any third party to provide services or advice to you, other than our agents or independent contractors engaged to provide Services, without your written authorization.

3.2 **Facilities** -- To the extent necessary to perform the services, the Company will provide FTI with the workspace, facilities and supplies reasonably required to perform the services contemplated hereunder. The Company shall have no liability for any claims, losses, damages, injuries, costs, expenses or any other liabilities of any kind or character whatsoever arising out of, resulting from or in any way connected with providing us with workspace, facilities and supplies in connection with the Services, except to the extent caused by the grossly negligent or willful acts or omissions of the Company.

**4. Confidentiality**

4.1 **Restrictions on confidential information**—Both parties agree that any confidential information received from the other party shall only be used for the purposes of providing or receiving Services under this or any other contract between us. Except as provided below, neither party will disclose the other party's confidential information to any third party without the other party's prior written consent. Confidential information shall not include information that:

4.1.2 is or becomes generally available to the public other than as a result of a breach of an obligation under this Clause 4.1;

4.1.3 is acquired from a third party who, to the recipient party's knowledge after receiving prior advice from counsel, owes no obligation of confidence in respect of the information; or

4.1.4 is or has been independently developed by the recipient.

4.2 **Disclosing confidential information**—Notwithstanding Clause 1.1 or 4.1 above, either party will be entitled to disclose confidential information of the other to a third party to the extent that this is required by valid legal process, provided that (and without breaching any legal or regulatory requirement) where reasonably practicable not less than 2 business days' notice in writing is first given to the other party.

4.3 **Citation of Engagement**—Subject to Clause 4.1 and Clause 4.2 above, to the extent the Engagement is or becomes known to the public, we may cite the performance of the Services to our clients and prospective clients as an indication of our experience, unless we and you specifically agree otherwise in writing.

4.4 **Internal quality reviews**—Notwithstanding the above, we may disclose any information referred to in this Clause 4 to any other FTI entity or use it for internal quality reviews.

4.5 **Maintenance of workpapers**—Notwithstanding the above, we may keep one archival set of our working papers from the Engagement, including working papers containing or reflecting confidential information, in accordance with our internal policies.

**5. Termination**

5.1 **Termination of Engagement with notice**—Either party may terminate the Engagement Contract for whatever reason upon written notice to the other party. Upon receipt of such notice, we will stop all work immediately. You will be responsible for all undisputed fees and expenses incurred by us through the date notice of termination is received.

5.2    **Effect of Termination** -- If, at any time prior to twelve months after the effective date of termination without cause of this Engagement, a restructuring or sale transaction, as described in the Engagement Letter, is consummated, the Company may pay FTI a Completion Fee subject to the terms specified in Clause 3 of the Engagement Letter. Company shall have the discretion to pay FTI a Completion Fee whether or not the Company has then engaged the services of a third party firm.

5.3    **Continuation of terms**—The terms of the Engagement that by their context are intended to be performed after termination or expiration of this Engagement Contract, including but not limited to, Clauses 3 and 4 of the Engagement Letter, and Clauses 1.1, 4, 6 and 7 of the Standard Terms and Conditions, are intended to survive such termination or expiration and shall continue to bind all parties.

6.    **Indemnification and Liability Limitation; Waiver of Jury Trial**

6.1    **Indemnification** - Each party agrees to indemnify and hold harmless the other party and any of its subsidiaries and affiliates, officers, directors, principals, shareholders, agents, independent contactors and employees (collectively "Indemnified Persons") from and against any and all claims, liabilities, damages, obligations, costs and expenses (including reasonable attorneys' fees and expenses and costs of investigation) arising out of the acts or omissions of the indemnifying party, except to the extent that any such claim, liability, obligation, damage, cost or expense shall have been determined by final non-appealable order of a court of competent jurisdiction to have resulted from the gross negligence or willful misconduct of the Indemnified Person or Persons in respect of whom such liability is asserted.

6.2    **Limitation of liability**—Each party agrees that no Indemnified Person shall have any liability as a result of this Engagement, the execution and delivery of this Engagement Contract, the provision of Services or other matters relating to or arising from this Engagement Contract, other than liabilities that shall have been determined by final non-appealable order of a court of competent jurisdiction to have resulted from the gross negligence or willful misconduct of the Indemnified Person or Persons in respect of whom such liability is asserted. Without limiting the generality of the foregoing, in no event shall any Indemnified Person be liable for consequential, indirect or punitive damages, damages for lost profits or opportunities or other like damages or claims of any kind.

6.3    **WAIVER OF JURY TRIAL**—TO FACILITATE JUDICIAL RESOLUTION AND SAVE TIME AND EXPENSE, YOU AND FTI IRREVOCABLY AND UNCONDITIONALLY AGREE NOT TO DEMAND A TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THE SERVICES OR ANY SUCH OTHER MATTER ARISING FROM THE ENGAGEMENT CONTRACT.

6.4    **Insurance** -- FTI shall maintain the following insurance with an insurance carrier authorized to do business in the United States and having a rating of "A-" or better by A.M. Best Company and a Financial Size Category of at least Class VIII: (a) a policy of commercial general liability insurance, covering liability arising from premises, operations, independent contractors, products – completed operations, personal injury, advertising injury and liability assumed under an insured contract, with limits of not less than $2,000,000 each occurrence and at least $10,000,000 in aggregate liability; (b) commercial auto liability insurance to include all owned, non-owned and hired vehicles, with limits of liability not less than $2,000,000 each accident; (c) workers compensation insurance to the extent required by law and employer's liability insurance, with limits of at least $1,000,000 each accident/disease; and (d) professional liability insurance with limits of at least $2,000,000 per occurrence. All policies except for (b), (c) and (d) above shall name the Company as an "Additional Insured". All certificates will provide for at least thirty (30) days written notice prior to cancellation of any insurance referred to under this Engagement Contract as well as notification of "Additional Insured". A certificate of insurance meeting the above requirements will be delivered to the Company (i) upon execution of this Engagement Letter, (ii) upon renewal of the insurance policy and annually thereafter, and (iii) upon reasonable request.

6.5    **Governing Law and Jurisdiction**—The Engagement Contract shall be governed by and interpreted in accordance with the laws of the State of New York, without giving effect to the choice of law provisions thereof. The United States District Court for the Southern District of New York and the

appropriate Courts of the State of New York sitting in the Borough of Manhattan, City of New York shall have exclusive jurisdiction in relation to any claim, dispute or difference concerning the Engagement Contract and any matter arising from it; provided that if the Company or any of its affiliates has sought relief under the Bankruptcy Code, the parties consent to the exclusive jurisdiction of the bankruptcy court in which such case or cases are pending over any and all matters arising from or related to the Engagement Contract. The parties submit to the jurisdiction of such courts and irrevocably waive any right to object to any action being brought in such courts, to claim that the action has been brought in an inconvenient forum or to claim that those courts do not have jurisdiction.

7. **Independent Contractors** -- The parties to this Engagement Contract are independent of one another. This Engagement Contract does not create any relationship of franchise, joint venture, association, partnership, or any other form of business organization. Neither party shall have any right, power or authority to bind the other or to assume, create, or incur any expenses, liability or obligation, express or implied, on behalf of the other. The Company shall not be responsible for payment of FTI's employees' or contractors' salary, benefits, expenses, insurance, taxes, workers' compensation, unemployment insurance or any other employee benefits, but such responsibility shall be that of the Supplier. Furthermore, FTI shall be fully responsible for withholding any and all Federal, state or local income and employment taxes in connection with FTI's employees' and contractors compensation.

**FTI CONSULTING, INC**

**Confirmation of Standard Terms and Conditions**

We agree to engage FTI Consulting, Inc. upon the terms set forth in these Standard Terms and Conditions as outlined above.

**CIRCUIT CITY STORES, INC.**

By: _____
    Bruce H. Besanko
    Chief Financial Officer

Date: _____Nov 5, 2008_____

### EXHIBIT 2
### Listing of Parties-in-Interest
### Reviewed for Current Relationships

**Debtors**
Abbott Advertising Agency, Inc.
CC Aviation, LLC
CC Distribution Company of
Virginia, Inc.
Circuit City Properties, LLC
Circuit City Purchasing Company,
LLC
Circuit City Stores PR, LLC
Circuit City Stores West Coast,
Inc.
Circuit City Stores, Inc.
Courcheval, LLC
Digital Video Express, LP
InterTAN, Inc.
Kinzer Technology, LLC
Mayland MN, LLC
Northern National Insurance, Ltd
Orbyx Electronics, LLC
Patapsco Designs, Inc.
Prahs, Inc.
Sky Venture Corporation
Tourmalet Corp.
Ventoux International, Inc.
XS Stuff, LLC

**Non-Debtor Affiliates**
587255 Ontario Ltd.
American Computer Development Inc.
Asian Sourcing & Procurement
Services Co. Ltd.
Cicuit City Global Sourcing Limited
Early Adopter Fund, LLC
InterTAN Canada, Ltd
InterTAN France SNC
InterTAN Ontario Ltd.
PlumChoice, Inc.
Sixth Street Marketplace, LP
St. Tammany Oaks Subdivision
Association LLC
Theater Xtreme Entertainment Group,
Inc.

**Current and Former Officers and
Directors**
Appleby Corporate Services, Ltd.

Lisa Baldyga
Henry P. Barretta
Bruce H. Besanko
Alan Bossin
Brian S. Bradley
Kelly E. Breitenbecher
Ronald M. Brill
Carolyn H. Byrd
Consec Services Limited (HK)
Ron Cuthbertson
Ean Daoust
Philip J. Dunn
Ursula O. Fairbairn
Timothy C. Faries
Barbara S. Feigin
Michael E. Foss
Jacqueline Grove
James F. Hardymon
John T. Harlow
Reginald D. Hedgebeth
Lyle G. Heidemann
Eric A. Jonas, Jr.
Alan Kane
John J. Kelly
Allen B. King
Don R. Kornstein
Jeric Ma
James A. Marcum
Jeffrey A McDonald
Michelle Mosier
John Mulleady
John A. Oakey, III
Linda M. Owen
Steven P. Pappas
Danny W. Ramsey
Mikael Salovaara
Philip J. Schoonover
Marlies A. Smith
J. Patrick Spainhour
Richard D. Spurling
Jeffrey S. Stone
Gerald L. Swider
Ronald L. Turner
Elliott Wahle
Mark J. Wong
Carolyn Y. Woo

**Secured Lenders**
Ableco Finance LLC
Bank of America, N.A.
Burdale Finance Ltd.
Capital One Leverage Finance Corp.
Crystal Capital
Fifth Third Bank
General Electric Capital
Corporation
GMAC Commercial Finance LLC
JPMorgan Chase Bank, N.A.
National City Business Credit, Inc.
PNC Bank, N.A.
SunTrust Bank
Textron Financial Corporation
UBS Loan Finance LLC
UPS Capital Corporation
Wachovia Capital Finance
Corporation
Webster (Webster Bank/Webster
Financial Corporation)
Wells Fargo Retail Finance, LLC

**Significant Merchandise Creditors**
Alliance Entertainment
Apple
Audiovox
Belkin Logistics Inc
Buena Vista Home Video
Columbia Tristar Home Video
Dlink Systems
Eastman Kodak Co
Electronic Arts
Epson America Inc
Fox Home Entertainment
Fuji Photo Film Usa
Garmin International Inc
Hewlett-Packard  US Operations
Hisense USA Corporation
Kingston Technologies
Klipsch Audio Technologies LLC
Lenovo, Inc.
Lexmark International Inc
Linksys
Logitech Inc
Magellan
Microsoft Corp
Microsoft Xbox
Mitsubishi Digital Electronics

Monster Cable Products
Nikon Inc
Olympus Corporation
Omnimount Systems Inc
Oncorp US, Inc
Onkyo USA Corp
Panasonic Company National Acct
Panasonic North America
Paramount Home Video
Pioneer Electronics (USA) Inc
Samsung Electronics Amer Inc.
Samsung Opto Electronics Inc
Sandisk Corporation
Sharp Electronics Corp
Sony Computer Entertainment
Sony Electronics Inc
Stillwater Designs Inc
THQ Inc
Tomtom Inc
Toshiba America Consumer Products
Toshiba Computer Systems Div
Universal Distribution Records
Vizio
Warner Home Video
Western Digital Technologies
Zenith Electronics Corp

**Significant Vendors**
Alpha Security Products
American Systems Corp
Andrews Electronics Inc.
Bailiwick Data Systems Inc
CDW Direct LLC
Clay Inc, Bruce
Clickit Inc
Cormark Inc
Corporate Express
Corporate Facilities Group
Cosco
DC Power Solutions
Eastern Security Corp
Eleets Logistics
Ereplacements LLC
Fire Materials Group LLC
Gorilla Nation Media
Graphic Communications
Illinois Wholesale Cash Register
Innerworkings LLC
J&F Mfg Inc
JLG Industries Inc
Nextag

NFL Enterprises LLC
North American Roofing Sys Inc
Northern Wire Productions
Orbis Corporation
Pricegrabber Com LLC
PTR Compactor & Baler Co
Quebecor World KRI
Retail Maintenance Services LLC
Samsung Electronics America
Shopping.Com Inc
Shopzilla Inc
Sony
Specificmedia Inc
Standard Electric
Streater Inc
Swiff Train Company
Trane
Tremor Media
Universal Fixtures & Display
US Signs
USIS Commercial Services Inc
Vance Baldwin
Vanguard Products Group Inc
Vector Security
Virginia Electronic Components
Wayne Dalton Corp
Weather Channel Interactive, The

## Consignment Vendors
ValuSoft (THQ, Inc.)
foneGear
INTUIT Inc.
Pinnacle Systems, Inc. (Avid Tech, Inc.)
Memorex Products, Inc.
Panasonic Consumer Electronics Company
Navarre Corporation

## 5% or Greater Shareholders
J Richard Atwood
Classic Fund Management Aktiengesellschaft
First Pacific Advisors LLC
HBK Investments LP
HBK Management LLC
HBK Master Fund
HBK Master Fund LP
HBK Partners II LP
HBK Services LLC
Robert L Rodriguez

Mark J Wattles

## Third Party Administrators
Aetna Life Insurance Company
Alliance Entertainment Corporation
American Express Travel Related Services Co
American Express Trust Co
Aon
Assurant
Avista Advantage, Inc
Beecher Carlson Insurance Services
CTSI
E-Count
Empire Blue Cross Blue Shield
Hewitt Associates LLC
International Business Machines, Inc
Jardine Lloyd Thompson Canada
Kaiser Permanente
Marsh USA, Inc.
Medco Health Solutions
Mercer Insurance Group
Mid-Atlantic Vision Service Plan, Inc.
Navigant Consulting, Inc
Specialty Risk Services
Tangoe, Inc
Triple-S Management Corporation
Vision Service Plan
Wachovia Bank, N.A.

## Significant Real Property Lessors (Landlords)
Benderson Development Co
Cardinal Capital Partners
Circuit Investors #2 Ltd
Developers Diversified Realty Corp
Forest City Ratner Co
Immobilien Verwaltung Gmbh
Inland American Retail Management
Kamin Realty Co
Kimco Relaty Corp
Lucknow Associates
New Plan Excel Realty Trust
One Liberty Properties
Red Mountain Retail Group
Saunders Hotel Group
Simon Property Group
Terra Enterprises
Vornado Realty Trust

Weingarten Realty Investors
Wilmington Trust Co

### Significant Personal Property Lessors
Avaya Financial Services
GE Fleet Services
IBM
Hewlett Packard Company
Service Pwer
Toshiba

### Professionals
Bingham McCutchen LLP
Ernst & Young
Goldman Sachs
Kirkland & Ellis LLP
Kurtzman Cardon Consultants LLC
LeClairRyan
McGuireWoods, LLP
Ogilvy Renault LLP
Osler, Hoskin & Hardcourt LLP
Rothschild, Inc
Schulte Roth & Zabel LLP
Skadden, Arps, Slate, Meagher &
Flom, LLP
Wilmer, Cutler, Pickering Hale, &
Dorr LLP

### Litigation Parties
Ada Alicea (class action)
Andrew Foss
Audiobahn
Betty Ibrahim (class action)
Christopher Murphy (class action)
Christopher Snow (class action)
Citigroup
Clayton P. Voegtle (class action)
Daniel Weidler (class action)
Davis (class action)
Dealtree
Donald Moxley
Federal Communications Commission
Floyd Edward Temple Jr. (class action)
Govani (class action)
Harper
Hernandez (class action)
Hilgenberg (class action)
Internal Revenue Service
Iowa AG

Jamal Booker (class action)
Kenneth Donnelly (class action)
Kobra Properties
Latia Holloman
Location 4500 Eastlake LA
Location 6946 Whitney Bank
Mad Rhino
Maria Moncayo (class action)
Massachusetts Department of Revenue
Mastercard
Michael Banker (class action)
Michael DiPirro (class action)
Micro Electronics
Millennium Retail Partners
Monster Cable
RealSource
Roberty Gentry (class action)
Securities and Exchange Commission
State of Iowa
Syntax Brillian
Tennesee Department of Revenue
Unical
Visa
William Harris (class action)

### Banks
American Savings
Amsouth/Regions
Banco Popular
Bank of America
Bank of America/CRP Securities, LLC
Chase
Fifth Third Bank
Fifth Third Securities, Inc.
J.P. Morgan Securities, Inc.
Lehman Brothers
Merrill Lynch Global Institutional
Advisory Division
RBC Dain Rauscher
Suntrust
UBS Financial Services, Inc.
Wachovia Bank & Securities
Wells Fargo

### Potential Liquidators
Gordon Bros Retail Partners, LLC
Great American Group
Hilco Merchant Resources, LLC
Hudson Capital Partners, LLC
SB Capital Group, LLC
Tiger Capital Group, LLC

**EXHIBIT 3**
**Parties-in-Interest Noted for Court Disclosure**

**Current and Former Officers and Directors**
Ronald L Turner

**Secured Lenders**
Bank of America, N.A.
Fifth Third Bank
General Electric Capital Corporation
GMAC Commercial Finance LLC
JPMorgan Chase Bank, N.A.
SunTrust Bank
Textron Financial Corporation
UBS Loan Finance LLC
UBS Capital Corporation
Wachovia Capital Finance Corporation
Wells Fargo Retail Finance, LLC

**Significant Merchandise Creditors**
Belkin Logistics Inc
Eastman Kodak Co
Epson America Inc
Hewlett-Packard US Operations
Lexmark International Inc
Linksys
Microsoft Corp
Microsoft Xbox
Onkyo USA Corp
Panasonic Company National Acct
Panasonic North America
Samsung Electronics Amer Inc.
Samsung Opto Electronics Inc
Sandisk Corporation
Sharp Electronics Corp
Sony Computer Entertainment
Sony Electronics Inc
Toshiba America Consumer Products
Toshiba Computer Systems Div

**Significant Vendors**
American Express Travel Related Services Co
Corporate Express
Innerworkings LLC
Kaiser Permanente
Magellan*
Medco
Samsung Electronics America
Sony

**Significant Real Property Lessors**
Developers Diversified Realty Corp
Kimco Realty Corp
New Plan Excel Realty Trust
Vornado Realty Trust

**Significant Personal Property Lessors**
Hewlett Packard Company
Toshiba

**Professionals**
Bingham McCutcheon LLP
Ernst & Young LLP
Kirkland & Ellis LLP
LeClair Ryan
McGuire Woods
Schulte Roth & Zabel LLP
Skadden, Arps, Slate, Meagher & Flom, LLP
Wilmer, Cutler, Pickering, Hale & Dorr LLP

**Third Party Administrators**
Aon
Assurant
International Business Machines, Inc.
Jardine Lloyd Thompson Canada
Navigant Consulting
Triple-S Management Corporation

**Litigation Parties**
Citigroup
Internal Revenue Service
Keystone Automotive
Mastercard
Securities & Exchange Commission
Syntax Brillian*
Visa

**Banks**
Banco Popular
Bank of America
Bank of America/Crp Securities, LLC
Chase
Fifth Third Bank
Fifth Third Securities, Inc.
J.P. Morgan Securities, Inc.

Lehman Brothers
Suntrust
UBS Financial Services, Inc.
Wachovia Bank & Securities
Wells Fargo

*Ethical walls have been
established between these parties-
in-interest and FTI personnel
working on this engagement as
discussed in the affidavit

**EXHIBIT 4**
List of Invoices and Payments

| Invoice Date | Payment Date | Description | Fees | | Expenses | | Total Amount |
|---|---|---|---|---|---|---|---|
| 8/28/08 | 9/9/08 | Invoice | $ | 76,365 | $ | 6,900 | $ | 83,265 |
| 8/31/08 | 9/17/08 | Invoice | | 95,700 | | 8,600 | | 104,300 |
| 9/12/08 | 9/17/08 | Invoice | | 130,195 | | 8,600 | | 138,795 |
| 9/18/08 | 9/23/08 | Invoice | | 149,335 | | 10,361 | | 159,696 |
| 9/26/08 | 10/2/08 | Invoice | | 162,965 | | 7,250 | | 170,215 |
| 9/30/08 | 10/8/08 | Invoice | | 183,378 | | 7,250 | | 190,628 |
| 10/9/08 | 10/22/08 | Invoice | | 173,895 | | 7,250 | | 181,145 |
| 10/17/08 | 10/27/08 | Invoice | | 187,235 | | 7,250 | | 194,485 |
| 10/23/08 | 10/30/08 | Invoice | | 262,667 | | 10,500 | | 273,167 |
| 10/28/08 | 11/4/08 | Invoice | | 263,347 | | 12,750 | | 276,097 |
| 11/5/08 | 11/7/08 | Invoice | | 334,871 | | 35,623 | | 370,494 |
| 11/5/08 | 11/7/08 | Invoice | | 316,537 | | 20,100 | | 336,637 |
| | | **Total** | $ | **2,336,490** | $ | **142,434** | $ | **2,478,924** |
| | | | | | | | |
| **Cash on Account:** | | | | | | | |
| 8/27/08 | 9/9/08 | Cash on Account | $ | 100,000 | $ | - | $ | 100,000 |
| 8/27/08 | 9/22/08 | Cash on Account | | 100,000 | | - | | 100,000 |
| 10/31/08 | 11/5/08 | Cash on Account | | 550,000 | | - | | 550,000 |
| | | **Total** | $ | **750,000** | $ | **-** | $ | **750,000** |
| | | | | | | | |
| | | **Total** | $ | **3,086,490** | $ | **142,434** | $ | **3,228,924** |

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - X
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :
            Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a),
327(a), 328 AND 1107 AND BANKRUPTCY RULE 2014(a),
AUTHORIZING THE EMPLOYMENT AND RETENTION OF
FTI CONSULTING, INC. AS FINANCIAL ADVISORS TO
THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[1] of

the Debtors for an order, pursuant to Bankruptcy Code

sections 105(a), 327(a), 328 and 1107, authorizing them

---

[1]     Capitalized terms not otherwise defined herein shall have the
meanings ascribed to such terms in the Application.

to retain FTI Consulting, Inc. as financial advisors,
effective as of the Petition Date; and the Court having
reviewed the Application and the Duffy Affidavit in
Support of the Application (the "Duffy Affidavit"); and
due and adequate notice of the Application having been
given; and it appearing that no other notice need be
given; and it appearing that FTI Consulting, Inc.
neither holds nor represents any interest adverse to the
Debtors' estates; and it appearing that FTI Consulting,
Inc. is "disinterested," as that term is defined in
Bankruptcy Code section 101(14); and it appearing that
the relief requested in the Application is in the best
interest of the Debtors, their estates and their
creditors; after due deliberation thereon and sufficient
cause appearing therefore, it is hereby

        **ORDERED, ADJUDGED AND DECREED that:**

        1.    The Application is GRANTED.

        2.    In accordance with Bankruptcy Code
sections 327(a) and 328, the Debtors are authorized to
employ and retain FTI Consulting, Inc. effective as of
the Petition Date as their financial advisors on the

2

terms set forth in the Application and the Engagement
Letters.

3.    The Engagement Letters are hereby
approved and, to the extent not inconsistent with this
Order, shall govern the Debtors' and FTI Consulting,
Inc.'s respective rights and obligations.

4.    FTI Consulting, Inc. shall be compensated
in accordance with the Engagement Letters, procedures
set forth in Bankruptcy Code sections 330 and 331 and
such Bankruptcy and Local Rules as may then be
applicable, from time to time, and such procedures as
may be fixed by order of this Court; provided, however,
any and all "Completion Fee" and/or "Financing Fee" (as
described in the Engagement Letters) that may become due
and payable to FTI Consulting, Inc. during these chapter
11 cases are hereby approved under Bankruptcy Code
section 328(a) and shall only be subject to review
thereunder.

5.    FTI Consulting, Inc. is authorized to
apply the amounts presently held as On-Account Cash to
pay any fees, charges, and disbursements relating to
services rendered to the Debtors prior to the Petition

3

Date that remain unpaid as of such date (the "Final
Prepetition Billed Amount").  Any amount of the On-
Account Cash remaining after such payment of the Final
Prepetition Billed Amount may be held until the
conclusion of the Debtors' cases and shall be applied by
FTI Consulting, Inc. against its final fee application.

      6.   The relief granted herein shall be
binding upon any chapter 11 trustee appointed in these
chapter 11 cases, or upon any chapter 7 trustee
appointed in the event of a subsequent conversion of
these chapter 11 cases to cases under chapter 7.

      7.   The requirement under Local Bankruptcy
Rule 9013-1(G) to file a memorandum of law in connection
with the Motion is hereby waived.

      8.   This Court shall retain jurisdiction with
respect to all matters arising or related to the
implementation of this Order.

Dated:  Richmond, Virginia
       **[__]**, 2008


               _____
               UNITED STATES BANKRUPTCY JUDGE

4

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

        Pursuant to Local Bankruptcy Rule 9022-1(C), I
        hereby certify that the foregoing proposed order
has been endorsed by or served upon all necessary
parties.


                    /s/ Douglas M. Foley

631570-Chicago Server 1A - MSW