## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CIRCUIT CITY STORES, INC., et al.,** | **Case No. 08-35653 (KRH)** |
| **Debtors.** | **(Jointly Administered)**<br>**Hrg. Date: April 8, 2010 at 4:00 p.m. (ET)**<br>**Obj. Due: April 15, 2010 at 2:00 p.m. (ET)** |

**FOURTH INTERIM FEE APPLICATION OF KPMG LLP AS INDEPENDENT AUDITORS AND TAX CONSULTANTS TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD BEGINNING NOVEMBER 1, 2009 THROUGH JANUARY 31, 2010**

| | |
|---|---|
| Name of Applicant: | KPMG LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | December 22, 2008 *Nunc Pro Tunc* to November 10, 2008 |
| Period for which Compensation and Expense Reimbursement is sought: | November 1, 2009 through January 31, 2010 |
| Amount of Compensation sought as actual, reasonable and necessary: | $ 35,241.50 |
| Amount of Expense reimbursement sought as actual, reasonable and necessary | $    19.00 |

This is an: _____ Monthly ____X___ Interim _____ Final Application

The total time expended in connection with the preparation of this fee application is approximately 4.0 hours and the corresponding compensation requested is approximately $980.00.

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CIRCUIT CITY STORES, INC., et al.,** | **Case No. 08-35653 (KRH)** |
| **Debtors.** | **(Jointly Administered)**<br>**Hrg. Date: April 8, 2010 at 4:00 p.m. (ET)**<br>**Obj. Due: April 15, 2010 at 2:00 p.m. (ET)** |

**FOURTH INTERIM FEE APPLICATION OF KPMG LLP AS INDEPENDENT
AUDITORS AND TAX CONSULTANTS TO THE DEBTORS FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD BEGINNING
NOVEMBER 1, 2009 THROUGH JANUARY 31, 2010**

### INDEX

EXHIBIT A          Summary of Hours and Discounted Fees Incurred by Professional

EXHIBIT B          Summary of Hours and Discounted Fees Incurred by Category

EXHIBIT C          Summary of Out of Pocket Expenses

EXHIBIT C1         Detail of Out of Pocket Expenses

EXHIBIT D1-D6      Complete Accounting of Time Expended by Day by Professional
                   by Category

EXHIBIT E          Copy of the KPMG Retention Order

EXHIBIT F          KPMG Certification

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CIRCUIT CITY STORES, INC., et al.,** | **Case No. 08-35653 (KRH)** |
| **Debtors.** | **(Jointly Administered)**<br>**Hrg. Date: April 8, 2010 at 4:00 p.m. (ET)**<br>**Obj. Due: April 15, 2010 at 2:00 p.m. (ET)** |

**FOURTH INTERIM FEE APPLICATION OF KPMG LLP AS INDEPENDENT
AUDITORS AND TAX CONSULTANTS TO THE DEBTORS FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD BEGINNING
NOVEMBER 1, 2009 THROUGH JANUARY 31, 2010**

KPMG LLP, ("KPMG") as auditors and tax consultants to the above-captioned

debtors and debtors-in-possession (collectively, the "Debtors") files this Fourth Interim

Fee Application (the "Application"), pursuant to section 330(a) and 331 of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

Eastern District of Virginia (the "Local Rules"), the United States Trustee Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under

11 U.S.C. Section 330 issued by the Executive Office for the United States Trustee (the

"U.S. Trustee Guidelines"), and this Court's Administrative Order Establishing

Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,

dated December 9, 2008 (the "Interim Compensation Order") (Docket No. 830), for the

allowance of interim compensation for professional services performed by KPMG and

reimbursement for actual and necessary expenses incurred for the period beginning

November 1, 2009 through January 31, 2010 (the "Compensation Period"), in the amount of $35,260.50 (the "Compensation Amount"), and respectfully represents:

## Background

1.      On November 10, 2008 ('the Petition Date), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

2.      On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.

## Relief Requested

3.      By this Court's Order, dated December 23, 2008, (the "Retention Order") the Debtors were authorized to retain KPMG as independent auditors and tax consultants effective as of the Petition Date.  The Retention Order authorized the Debtors to compensate KPMG in accordance with the procedures set forth in section 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as were fixed by order of the Court.  A copy of the Retention Order is attached hereto as Exhibit E.

## Summary of Application

4.      By this Application, and in accordance with the Interim Compensation Order, KPMG requests allowance of compensation for services rendered and actual and necessary expenses incurred in these cases for the period beginning November 1, 2009 through January 31, 2010, and in connection therewith, requests allowance of compensation in the amount of $35,241.50 for professional fees and reimbursement of $19.00 for necessary and actual out-of-pocket expenses.   KPMG's request for compensation is broken down as follows:

| Period Covered | Hours | Requested | | Payments Received | | Outstanding | |
|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| 11/1/2009 – 11/30/2009 | 75.2 | $35,241.50 | $19.00 | $29,955.28 | $19.00 | $5,286.22 | $0.00 |
| 12/1/2009 – 12/31/2009 | 0.0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/1/2010 – 1/31/2010 | 0.0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Grand Total** | **75.2** | **$35,241.50** | **$19.00** | **$29,955.28** | **$19.00** | **$5,286.22** | **$0.00** |

## Summary of Services During the Compensation Period

5.      This Application is KPMG's Fourth Interim Fee Application for compensation and expense reimbursement filed in these cases.  During the Compensation Period, KPMG provided professional services to the Debtors in their efforts to navigate their business through the chapter 11 process.

6.      Set forth below is a summary of the services KPMG rendered to the Debtors during the Compensation Period as authorized by the Retention Order.

## Tax Consulting Services - Restructuring

> i.      Assisting with ongoing IRS examination issues, specifically focusing on refund claims, sale-leaseback claim, rebates & rewards;

   ii.  Proposed assistance with bankruptcy-related tax consulting services; and

   iv.  Other consulting, advice, research, planning or analysis regarding tax issues as may be requested from time to time.

**Employment/Fee Applications**

   i.  The billing procedures required by the U.S. Trustee Guidelines differ from KPMG's normal billing procedures and as such, the Local Rules and the Interim Compensation Order entered in these cases have required effort to inform the timekeepers of their responsibilities, gather and review the detailed time entries and expenses and preparation of this Application. Such activities included compiling and reviewing detailed time entries, compiling and reviewing detailed expenses incurred, preparing detailed and summary schedules of fees and expenses incurred, and drafting the narratives and schedules included in this Application.

7.  A summary of the hours and fees incurred by professional and category is annexed hereto as Exhibit A and Exhibit B, respectively, and described in detail in the time records annexed hereto as Exhibits D1 – D6. KPMG maintains contemporaneous records of the time expended for the professional services and expenses related hereto performed in connection with these chapter 11 cases and such records are maintained in the ordinary course of business.

8.  The fees applied for herein are based on the usual and customary fees KPMG charges to tax and audit clients and are commensurate with the usual and customary rates charged for services performed.

9.  During the Compensation Period, KPMG invoiced the Debtors for time expended by professionals related to Incremental Procedures due to bankruptcy based on hourly rates ranging from $245.00 to $612.50 per hour for a total of

6

$35,241.50.    The rates reflected on this Application relating to the Incremental Procedures services represent a discount of approximately 30% to 45% of KPMG's standard rates.  Of the aggregate time expended, 25.0 hours were expended by partners and managing directors, 33.5 hours were expended by senior managers and managers and 16.7 hours were expended by senior associates and associates.  KPMG's blended hourly rate for the Incremental services provided during the Compensation Period is $468.64.

10.    KPMG respectfully submits that the amounts applied for herein for professional services rendered on behalf of the Debtors in these cases to date are fair and reasonable given: (a) the time expended; (b) the nature and extent of the services performed at the time at which such services were rendered; (c) the value of such services; and (d) the costs of comparable services other than in these chapter 11 cases.

11.    The time and labor expended by KPMG during the Compensation Period has been commensurate with the size and complexity of these cases.  In rendering these services, KPMG has made every effort to maximize the benefit to the Debtors' estates, to work efficiently with the other professionals employed in these cases, and to leverage staff appropriately in order to minimize duplication of effort.

12.    During the Compensation Period, KPMG provided a focused range of professional services as requested by the Debtors.  KPMG respectfully submits that these services: (a) were necessary and beneficial to the successful and prompt administration of these cases; and (b) have been provided in a cost efficient manner.

**Summary of Actual and Necessary Expenses During the Compensation Period**

13.     Attached hereto as Exhibit C1 and incorporated herein by reference, is a detailed description of the actual and necessary expenses incurred by KPMG in connection with its employment with the Debtors during the Compensation Period.  As set forth on Exhibit C and C1, KPMG seeks reimbursement of actual and necessary expenses incurred by KPMG during the Compensation Period in the aggregate amount of $19.00.  These expenses are reasonable and necessary in light of the size and complexity of the Debtors' cases.

**Reservation**

14.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, KPMG reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.  Furthermore, KPMG reserves the right to seek final approval of the fees and expenses requested herein.

**Conclusion**

15.     WHEREFORE, subject to the terms of the Interim Compensation Order, KPMG respectfully requests that the Court approve the interim compensation of $35,241.50 as compensation for professional services rendered and reimbursement for actual and necessary expenses totaling $19.00 that KPMG incurred in rendering such services.

Respectfully submitted,

KPMG LLP (US)


_____                    March 17, 2010

Paul W. Croston
Partner
KPMG  LLP
1021 E Cary Street
Suite 2000
Richmond, VA 23219-4023

Dated: March 17, 2010          SKADDEN, ARPS, SLATE, MEAGHER &
      Richmond, Virginia     FLOM, LLP
                              Gregg M. Galardi, Esq.
                              Ian S. Fredericks, Esq.
                              P.O. Box 636
                              Wilmington, Delaware 19899-0636
                              (302) 651-3000

                              - and -

                              SKADDEN, ARPS, SLATE, MEAGHER &
                              FLOM, LLP
                              Chris L. Dickerson, Esq.
                              155 North Wacker Drive
                              Chicago, Illinois 60606
                              (312) 407-0700

                              - and -

                              MCGUIREWOODS LLP

                              /s/ Douglas M. Foley          .
                              Dion W. Hayes (VSB No. 34304)
                              Douglas M. Foley (VSB No. 34364)
                              One James Center
                              901 E. Cary Street
                              Richmond, Virginia 23219
                              (804) 775-1000

                              Counsel for Debtors and Debtors
                              in Possession

**EXHIBIT A**
Circuit City Stores, Inc.
Summary Of Hours and Discounted Fees Incurred By Professional
November 1, 2009 through January 31, 2010

| Professional | Position | Current Hours Billed | Hourly Rate | Fees Billed |
|---|---|---|---|---|
| Conjura,Carol | Tax Partner | 25.0 | $ 612.50 | $ 15,312.50 |
| Gibbs,Paul Kevin | Tax Senior Manager | 28.5 | $ 490.00 | $ 13,965.00 |
| Ridgeway,Gail Carlon | Tax Senior Manager | 1.0 | $ 490.00 | $ 490.00 |
| Sellers,Monica | Manager | 3.5 | $ 330.00 | $ 1,155.00 |
| Degnan,Daniel J | Tax Manager | 0.5 | $ 455.00 | $ 227.50 |
| Tatum,Pamela Renea | Senior Associate | 16.7 | $ 245.00 | $ 4,091.50 |
| **Total Hours and Fees at Discounted Rate** | | **75.2** | | **$ 35,241.50** |

| | | |
|---|---|---|
| **Subtotal of Fees** | $ | **35,241.50** |
| Out of Pocket Expenses | $ | 19.00 |
| **Net Requested Fees & Out of Pocket Expenses** | **$** | **35,260.50** |

| Blended Rate | $ 468.64 |
|---|---|

KPMG's standard practice is to treat certain time and expenses as having been incurred when such obligations are recorded and reflected as payable in KPMG's accounting. Moreover, KPMG may not bill certain expenses until all supporting documentation is received. Accordingly, KPMG may seek reimbursement of fees and disbursements relating to this month in subsequent statements/invoices.

**EXHIBIT B**

Circuit City Stores, Inc.

Summary of Hours and Discounted Fees Incurred by Category

November 1, 2009 through January 31, 2010

| Category | Exhibit | Hours | Fees |
|---|---|---|---|
| Audit 09 - Integrated Audit | D1 | - | $ - |
| Tax Consulting Services - Restructuring | D2 | 54.5 | $ 29,767.50 |
| FY09 Special Audit Related Services | D3 | - | $ - |
| Employment/Fee Applications | D4 | 20.7 | $ 5,474.00 |
| Audit 2/28/08-Retirement Plan | D5 | - | $ - |
| 401K Plan Audits | D6 | - | $ - |
| **Total** | | **75.2** | **$ 35,241.50** |

**EXHIBIT C**

Circuit City Stores, Inc.
Summary of Out of Pocket Expenses
November 1, 2009 through January 31, 2010

| Category | Amount |
|---|---|
| Airfare | $          - |
| Lodging | $          - |
| Meals | $          - |
| Ground Transportation | $      19.00 |
| Miscellaneous | $          - |
| **Total** | **$      19.00** |

EXHIBIT C1

Circuit City Stores, Inc.
Detail of Out of Pocket Expenses
November 1, 2009 through January 31, 2010

| Name | Date | Description | Amount |
|------|------|-------------|--------|
| | | | |
| | | Air Fare Subtotal | $ - |
| | | Lodging Subtotal | $ - |
| | | Meals Subtotal | $ - |
| Gibbs,Paul Kevin | 17-Nov-09 | Cab fare to/from meeting at Skadden Arps to prepare and review IRS conference. | $ 19.00 |
| | | Ground Transportation Subtotal | $ 19.00 |
| | | Miscellaneous Subtotal | $ - |
| | | Total Out of Pocket Expenses | $ 19.00 |

EXHIBIT D1

Circuit City Stores, Inc.
Audit 09 - Integrated Audit
November 1, 2009 through January 31, 2010

| Name | Date | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | **Audit 09 - Integrated Audit Services Monthly Installment** | **0.0** | $ - |

Circuit City Stores, Inc.

Tax Consulting Services - Restructuring[1]

November 1, 2009 through January 31, 2010

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Conjura,Carol | 12-Oct-09 | Discuss IRS exam status of Circuit City overall, and discussion of pending technical advice request with J. Aramburu from IRS National Office. | 1.0 | $ 612.50 | $ 612.50 |
| Gibbs,Paul Kevin | 21-Oct-09 | Discuss IRS tentatively adverse position with J. McDonald and J. Markham (both CCS). | 1.0 | $ 490.00 | $ 490.00 |
| Gibbs,Paul Kevin | 21-Oct-09 | Draft extension request letter. | 1.0 | $ 490.00 | $ 490.00 |
| Gibbs,Paul Kevin | 22-Oct-09 | Review and locate all prior submissions to the IRS and distribute. | 1.0 | $ 490.00 | $ 490.00 |
| Gibbs,Paul Kevin | 23-Oct-09 | Discuss IRS tentatively adverse position with J. Brewster (Skadden, Arps). | 1.5 | $ 490.00 | $ 735.00 |
| Conjura,Carol | 26-Oct-09 | Conference call with client on IRS tentative adverse position on sale leaseback issue. | 1.0 | $ 612.50 | $ 612.50 |
| Gibbs,Paul Kevin | 27-Oct-09 | Discuss IRS power of attorney form with J. McDonald (CCS), and C. Conjura (KPMG). | 0.5 | $ 490.00 | $ 245.00 |
| Conjura,Carol | 27-Oct-09 | Discuss IRS power of attorney form with J. McDonald (CCS), and K. Gibbs (KPMG). | 0.5 | $ 612.50 | $ 306.25 |
| Gibbs,Paul Kevin | 27-Oct-09 | Meet with J. Brewster, D. Schneider (both Skadden, Arps), and C. Conjura (KPMG) to discuss legal authorities pertaining to IRS tentatively adverse position. | 1.5 | $ 490.00 | $ 735.00 |
| Conjura,Carol | 27-Oct-09 | Meet with J. Brewster, D. Schneider (both Skadden, Arps), and K. Gibbs (KPMG) to discuss legal authorities pertaining to IRS tentatively adverse position. | 1.5 | $ 612.50 | $ 918.75 |
| Conjura,Carol | 03-Nov-09 | Review and revise PowerPoint presentation to be used in the IRS conference on the Technical Advice Memorandum and sale leaseback position. | 2.7 | $ 612.50 | $ 1,653.75 |
| Conjura,Carol | 03-Nov-09 | Prepare for IRS conference on Technical Advice Memorandum ("TAM") including reviewing the documents summarizing the IRS' position and the documents summarizing Circuit City's position. | 3.3 | $ 612.50 | $ 2,021.25 |
| Gibbs,Paul Kevin | 16-Nov-09 | Prepare a power point presentation to be used in the IRS conference on the Technical Advice Memorandum and sale leaseback position. | 2.8 | $ 490.00 | $ 1,372.00 |

Circuit City Stores, Inc.

Tax Consulting Services - Restructuring[1]

November 1, 2009 through January 31, 2010

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Gibbs,Paul Kevin | 16-Nov-09 | Prepare for IRS conference on Technical Advice Memorandum ("TAM") including reviewing the documents summarizing the IRS' position and the documents summarizing Circuit City's position. | 3.2 | $ 490.00 | $ 1,568.00 |
| Ridgeway,Gail Carlon | 17-Nov-09 | Respond to questions from client regarding the computation of FY09 Net Operating Loss (NOL). | 0.5 | $ 490.00 | $ 245.00 |
| Gibbs,Paul Kevin | 17-Nov-09 | Meeting with F. Goldberg, J. Brewster, D. Schneider (all Skadden, Arps), J. Markham, J. McDonald (both CCS), and C. Conjura (KPMG) after IRS conference to discuss legal authorities pertaining to IRS tentatively adverse position and next steps. | 1.5 | $ 490.00 | $ 735.00 |
| Conjura,Carol | 17-Nov-09 | Meeting with F. Goldberg, J. Brewster, D. Schneider (all Skadden, Arps), J. Markham, J. McDonald (both CCS), and P. Gibbs (KPMG) after IRS conference to discuss legal authorities pertaining to IRS tentatively adverse position and next steps. | 1.5 | $ 612.50 | $ 918.75 |
| Gibbs,Paul Kevin | 17-Nov-09 | Attend IRS conference along with F. Goldberg, J. Brewster, D. Schneider (all Skadden, Arps), J. Markham, J. McDonald (both CCS), and C. Conjura (KPMG). | 3.0 | $ 490.00 | $ 1,470.00 |
| Conjura,Carol | 17-Nov-09 | Attend IRS conference along with F. Goldberg, J. Brewster, D. Schneider (all Skadden, Arps), J. Markham, J. McDonald (both CCS), and P. Gibbs (KPMG). | 3.0 | $ 612.50 | $ 1,837.50 |
| Gibbs,Paul Kevin | 17-Nov-09 | Meeting with F. Goldberg, J. Brewster, D. Schneider (all Skadden, Arps), J. Markham, J. McDonald (both CCS), and C. Conjura (KPMG) to discuss legal authorities pertaining to IRS tentatively adverse position and prepare for IRS conference. | 3.5 | $ 490.00 | $ 1,715.00 |
| Conjura,Carol | 17-Nov-09 | Meet with F. Goldberg, J. Brewster, D. Schneider (all Skadden, Arps), J. Markham, J. McDonald (both CCS), and P. Gibbs (KPMG) to discuss legal authorities pertaining to IRS tentatively adverse position and prepare for IRS conference. | 3.5 | $ 612.50 | $ 2,143.75 |
| Gibbs,Paul Kevin | 18-Nov-09 | Continue to draft post-conference submission relating to applicability of section 263(a) and section 168(i)(8). | 1.6 | $ 490.00 | $ 784.00 |

Circuit City Stores, Inc.

Tax Consulting Services - Restructuring[1]

November 1, 2009 through January 31, 2010

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Conjura,Carol | 18-Nov-09 | Continue to draft post-conference submission on Sale-Leaseback (SLB) Technical Advice Memorandum ("TAM"). | 3.1 | $ 612.50 | $ 1,898.75 |
| Gibbs,Paul Kevin | 18-Nov-09 | Draft post-conference submission relating to applicability of section 263(a) and section 168(i)(8). | 3.9 | $ 490.00 | $ 1,911.00 |
| Conjura,Carol | 18-Nov-09 | Draft of post-conference submission on Sale-Leaseback (SLB) Technical Advice Memorandum ("TAM"). | 3.9 | $ 612.50 | $ 2,388.75 |
| Ridgeway,Gail Carlon | 19-Nov-09 | Respond to questions from client regarding cancellation of debt (COD) income. | 0.5 | $ 490.00 | $ 245.00 |
| Gibbs,Paul Kevin | 19-Nov-09 | Draft post-conference submission relating to applicability of section 263(a) and section 168(i)(8). | 2.5 | $ 490.00 | $ 1,225.00 |
| **Tax Consulting Services - Restructuring Total** | | | **54.5** | | **$ 29,767.50** |

EXHIBIT D3

Circuit City Stores, Inc.
FY09 Special Audit Related Services
November 1, 2009 through January 31, 2010

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| | | **FY09 Special Audit Related Services Total** | **0.0** | | **$        -** |

EXHIBIT D4

Circuit City Stores, Inc.
Employment/Fee Applications[1]
November 1, 2009 through January 31, 2010

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Sellers,Monica | 07-Jul-09 | Review and revise time detail to be included in fee statement. | 0.1 | $ 330.00 | $ 33.00 |
| Tatum,Pamela Renea | 13-Jul-09 | Reconcile and review the June time details. | 3.0 | $ 245.00 | $ 735.00 |
| Tatum,Pamela Renea | 14-Jul-09 | Reconcile and review the June time details. | 1.3 | $ 245.00 | $ 318.50 |
| Tatum,Pamela Renea | 15-Jul-09 | Finalize draft fee statement and send to manager for review. | 1.3 | $ 245.00 | $ 318.50 |
| Sellers,Monica | 17-Jul-09 | Review fee statement and research engagement letters and retention documents and provide comments regarding same. | 0.7 | $ 330.00 | $ 231.00 |
| Sellers,Monica | 18-Jul-09 | Research and review documents and email response regarding new projects, billings and go forward procedures. | 0.4 | $ 330.00 | $ 132.00 |
| Sellers,Monica | 20-Jul-09 | Draft and send response regarding new engagement letter in bankruptcy matter. | 0.2 | $ 330.00 | $ 66.00 |
| Tatum,Pamela Renea | 20-Jul-09 | Clear managers comments on the June fee statement. | 0.8 | $ 245.00 | $ 196.00 |
| Tatum,Pamela Renea | 20-Jul-09 | Prepare the supplemental affidavit for the 401K and pension plan audits engagement letter to file. | 0.8 | $ 245.00 | $ 196.00 |
| Tatum,Pamela Renea | 20-Jul-09 | Research question relating additional engagement letters being issued and filed with the courts. | 0.9 | $ 245.00 | $ 220.50 |
| Tatum,Pamela Renea | 22-Jul-09 | Prepare the invoice allocation and draft for June. | 0.7 | $ 245.00 | $ 171.50 |
| Tatum,Pamela Renea | 22-Jul-09 | Prepare the final June fee statement and delimited file to be served. | 2.1 | $ 245.00 | $ 514.50 |
| Tatum,Pamela Renea | 02-Sep-09 | Research the payments received from the client to incorporate into the narrative. | 0.2 | $ 245.00 | $ 49.00 |
| Tatum,Pamela Renea | 02-Sep-09 | Prepare the certification for the third interim application covering the period of May 1, 2009 through July 31, 2009. | 0.2 | $ 245.00 | $ 49.00 |
| Tatum,Pamela Renea | 02-Sep-09 | Research the descriptions of services provided for third interim application covering the period of May 1, 2009 through July 31, 2009 and incorporate into the narrative. | 0.2 | $ 245.00 | $ 49.00 |

EXHIBIT D4

Circuit City Stores, Inc.
Employment/Fee Applications[1]
November 1, 2009 through January 31, 2010

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Tatum,Pamela Renea | 02-Sep-09 | Prepare the narrative for the third interim application covering the period of May 1, 2009 through July 31, 2009. | 0.6 | $ 245.00 | $ 147.00 |
| Tatum,Pamela Renea | 02-Sep-09 | Prepare a compilation of the information necessary for the third interim application covering the period of May 1, 2009 through July 31, 2009. | 0.9 | $ 245.00 | $ 220.50 |
| Sellers,Monica | 03-Sep-09 | Review third interim fee application including narrative and exhibits and include comments and revisions. | 1.1 | $ 330.00 | $ 363.00 |
| Sellers,Monica | 08-Sep-09 | Review revisions to third interim fee application. | 0.1 | $ 330.00 | $ 33.00 |
| Tatum,Pamela Renea | 11-Sep-09 | Forward the third interim fee documents to B. Davis (KPMG) for approval and signature. | 0.3 | $ 245.00 | $ 73.50 |
| Tatum,Pamela Renea | 11-Sep-09 | Revise the third interim narrative based on M. Sellers (KPMG) comments. | 0.3 | $ 245.00 | $ 73.50 |
| Tatum,Pamela Renea | 11-Sep-09 | Revise the third interim fee narrative based on J. McMahon (KPMG) comments. | 0.4 | $ 245.00 | $ 98.00 |
| Tatum,Pamela Renea | 11-Sep-09 | Revise the third interim fee application based on M. Sellers (KPMG) comments. | 0.4 | $ 245.00 | $ 98.00 |
| Tatum,Pamela Renea | 11-Sep-09 | Revise the third interim narrative based comments from additional reviews by M. Sellers (KPMG). | 0.4 | $ 245.00 | $ 98.00 |
| Tatum,Pamela Renea | 11-Sep-09 | Prepare the final file in accordance with the bankruptcy filing requirements and send to Debtors' counsel to file. | 0.5 | $ 245.00 | $ 122.50 |
| Sellers,Monica | 11-Sep-09 | Finalize review of documents to be incorporated into third interim fee application, revise and provide final approval. | 0.9 | $ 330.00 | $ 297.00 |
| Degnan,Daniel J | 29-Oct-09 | Discussion with P. Tatum (KPMG) regarding additional IRS tax services requested on behalf of Circuit City. | 0.5 | $ 455.00 | $ 227.50 |
| Tatum,Pamela Renea | 29-Oct-09 | Discussion with D. Degnan (KPMG) regarding additional IRS tax services requested on behalf of Circuit City. | 0.5 | $ 245.00 | $ 122.50 |

Circuit City Stores, Inc.

Employment/Fee Applications[1]

November 1, 2009 through January 31, 2010

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Tatum,Pamela Renea | 29-Oct-09 | Pull the Confirmation Hearing Notice and provide to OGC, along with the engagement letter, for guidance on providing additional services to Circuit City. | 0.3 | $ 245.00 | $ 73.50 |
| Tatum,Pamela Renea | 29-Oct-09 | Prepare and respond to various correspondences with Circuit City's project team, OGC and Debtors' Counsel regarding additional IRS tax services requested on behalf of Circuit City. | 0.6 | $ 245.00 | $ 147.00 |
| | | **Employment/Fee Applications Total** | **20.7** | | **$ 5,474.00** |

[1] Hours billed in this Fourth Interim Fee Application include time incurred in previous months that was not previously billed.

EXHIBIT D5

Circuit City Stores, Inc.
Audit 2/28/08-Retirement Plan
November 1, 2009 through January 31, 2010

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| | | **Audit 2/28/08-Retirement Plan Total** | **0.0** | | **$0.00** |

EXHIBIT D6

Circuit City Stores, Inc.
401K Plan Audits
November 1, 2009 through January 31, 2010

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| | | **401K Plan Audits Total** | **0.0** | | **$0.00** |

EXHIBIT E

KPMG Retention Order

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION
- - - - - - - - - - - - - - X
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   1Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x

            **ORDER AUTHORIZING THE DEBTORS**
        **TO RETAIN AND EMPLOY KPMG LLP AS AUDITORS**
    **AND TAX CONSULTANTS EFFECTIVE AS OF THE PETITION DATE**

        Upon the application (the "<u>Application</u>") of the

above-captioned debtors  ("<u>Debtors</u>"), for the entry of

an order pursuant to sections 327(a) and 328(a) of title

11 of the United States Code, 11 U.S.C. §§ 101-1532

(the "<u>Bankruptcy Code</u>"), Rule 2014(a) of the Federal



0835653081224000000000006

Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>")
and Rule 2014-1 of the Local Rules of Bankruptcy
Practice and Procedure of the United States Bankruptcy
Court for the Eastern District of Virginia (the "<u>Local
Rules</u>"), authorizing them to employ and retain KPMG LLP
("<u>KPMG</u>") as auditors and tax consultants to the Debtors
in the above-captioned chapter 11 cases effective as of
the Petition Date;[1] and upon the Declaration of Christos
M. Xystros, a CPA and partner at KPMG (the
"<u>Declaration</u>") in support thereof; and the Court being
satisfied based on the representations made in the
Application and in the Declaration that KPMG does not
hold or represent an interest adverse to the Debtors'
estates, that they are disinterested persons as that
term is defined under section 101(14) of the Bankruptcy
Code, as modified by section 1107(b) of the Bankruptcy
Code, and that their employment is necessary and in the
best interests of the Debtors' estates; the terms of the
Engagement Letters are reasonable terms for the purposes
of section 328(a) of the Bankruptcy Code; and
consideration of the Application and the relief

---

[1]   Capitalized terms not otherwise defined herein shall have
the definitions ascribed to them in the Application.

requested therein being a core proceeding pursuant to 28
U.S.C. § 157(b); and venue being proper before this
Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due
and proper notice of the Application having been
provided; and it appearing that no other or further
notice need be provided; and after due deliberation and
sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED that**:

1.    The Application is granted as modified
herein.

2.    In accordance with sections 327(a) and
328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and
Local Rule 2014-1, the Debtors are authorized to employ
and retain KPMG as auditors and tax consultants to the
Debtors on the terms set forth in the Application and
the Engagement Letters, as modified by this Order.

3.    KPMG shall be compensated in accordance
with the procedures set forth in Bankruptcy Code
sections 330 and 331 and such Bankruptcy and Local Rules
as may then be applicable, from time to time, and such
procedures as may be fixed by order of this Court..

4.    The terms and conditions of the

Engagement Letters, as modified by this Order, are
approved.

5.    To the extent the Debtors and KPMG enter
into any additional engagement letter(s), the Debtors
will file such engagement letter(s) with the Bankruptcy
Court and serve such engagement letter(s) upon the
United States Trustee for the Eastern District of
Virginia, counsel to the Debtors', Local Restructuring
counsel to the Debtors', and counsel to the Official
Committee of Unsecured Creditors. To the extent any of
such parties' object, within 10 days of such new
engagement letters being served, to the additional
services to be provided by KPMG, the Debtors will
promptly schedule a hearing before the Court.  All
additional services will be subject to the provisions of
this Order.

6.    The following terms apply during the
pendency of the Debtors' Chapter 11 Cases:

> (a) KPMG shall not be entitled to
> indemnification, contribution or
> reimbursement for services other than
> those described in the Engagement Letters
> and the Application, unless such services
> and indemnification therefore are
> approved by the Court; <u>provided</u>, that to

the extent additional engagement letters
are filed with the Court and no parties
object to such engagement letters in
accordance with the procedures described
in the immediately preceding Ordered
paragraph, such engagement letters shall
be deemed approved by the Court;

(b) The Debtors shall have no obligation to
indemnify KPMG, or provide contribution
or reimbursement to KPMG, for any claim
or expense that is either:
(i) judicially determined (the
determination having become final) to
have arisen from KPMG's bad faith, self-
dealing, breach of fiduciary duty (if any
such duty exists), gross negligence or
willful misconduct; or (ii) judicially
determined (the determination having
become final), based on a breach of
KPMG's contractual obligations to the
Debtor; or (iii) settled prior to a
judicial determination as to the
exclusions set forth in clauses (i) and
(ii) immediately above, but determined by
the Court, after notice and a hearing to
be a claim or expense for which KPMG
should not receive indemnity,
contribution or reimbursement under the
terms of KPMG's retention by the Debtors
pursuant to the terms of the Engagement
Letters and Application, as modified by
this Order; and

(c) If, before the earlier of: (i) the entry of
an order confirming a chapter 11 plan in
this case (that order having become a
final order no longer subject to appeal);
and (ii) the entry of an order closing
these chapter 11 cases, KPMG believes
that it is entitled to the payment of any
amounts by the Debtors on account of the
Debtors' indemnification, contribution

and/or reimbursement obligations under
the Engagement Letters (as modified by
this Order) and Application, including
without limitation the advancement of
defense costs, KPMG must file an
application therefore in this Court, and
the Debtors may not pay any such amounts
to KPMG before the entry of an order by
this Court approving the payment.  This
subparagraph (c) is intended only to
specify the period of time under which
the Court shall have jurisdiction over
any request for fees and expenses by KPMG
for indemnification, contribution or
reimbursement, and not a provision
limiting the duration of the Debtors'
obligation to indemnify KPMG.  All
parties in interest shall retain the
right to object to any demand by KPMG for
indemnification, contribution or
reimbursement; and it is further

7.    The Debtors shall comply with the notice
requirement set forth in paragraph 4(c) of KPMG's
Standard Terms and Conditions for Advisory and Tax
Services (the "Standard Terms and Conditions"),
including providing the written notice required prior to
disseminating or advancing any of KPMG's advice,
recommendations, information, or work product to third
parties.

8.    During the pendency of the Chapter 11
Cases, paragraph 6 of the Standard Terms and Conditions
is deleted.

9.     Notwithstanding anything in the Application or the Engagement Letters to the contrary, during the pendency of the Chapter 11 Cases, this Court retains exclusive jurisdiction over all matters arising out of and/or pertaining to KPMG's engagement until such jurisdiction is relinquished.

10.    The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

11.    This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.


Dated:  Richmond, Virginia
        Dec 23 2008            , 2008


                    /s/ Kevin Huennekens
                    UNITED STATES BANKRUPTCY JUDGE


            Entered on Docket:  12/24/08

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

        I hereby certify that proposed order has been
endorsed by or served upon all necessary parties.

                        /s/ Douglas M. Foley

# Exhibit F

### UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CIRCUIT CITY STORES, INC., et al.,** | **Case No. 08-35653 (KRH)** |
| **Debtors.** | **(Jointly Administered)** <br> **Hrg. Date: April 8, 2010 at 4:00 p.m. (ET)** <br> **Obj. Due: April 15, 2010 at 2:00 p.m. (ET)** |

### DECLARATION PURSUANT TO RULE 2016-1 OF THE
### LOCAL RULES OF BANKRUPTCY PROCEDURE FOR THE
### UNITED STATES BANKRUPTCY COURT FOR THE
### EASTERN DISTRICT OF VIRGINIA

I, Paul W. Croston, being duly sworn, deposes and says:

1.    I am a Certified Public Accountant and a partner of KPMG LLP ("KPMG"), a professional services firm.

2.    By Order dated December 23, 2008, KPMG was retained as independent auditors and tax consultants of the above captioned debtors (the "Debtors"). I submit this Declaration in conjunction with KPMG's fourth interim fee application for compensation and allowance of expenses for the period November 1, 2009 through January 31, 2010 (the "Application").

3.    I have personally performed some of the services rendered by KPMG to the Debtors and am thoroughly familiar with the other work performed on behalf of the Debtors by the professionals of KPMG.

4.    I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed

Rule 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for

the Eastern District of Virginia, and submit that the Application substantially complies with such

Rule.

              I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 17th day of March, 2010.

_____

              Paul W. Croston