| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB |
| SKADDEN, ARPS, SLATE, | No. 34364) |
| MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware | Richmond, Virginia 23219 |
| 19899-0636 | (804) 775-1000 |
| (302) 651-3000 | |

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   1Case No. 08-35653 (KRH)
et al.,                       :
                              :
         Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**SETTLEMENT AGREEMENT, STIPULATION AND ORDER BY AND AMONG
THE DEBTORS AND CANON U.S.A., INC.**

This settlement agreement, stipulation and order (the "Settlement Agreement") is entered into by and among the above-captioned debtors and debtors in

possession (the "Debtors"), on the one hand, and Canon U.S.A., Inc. ("Canon" and together with the Debtors, the "Parties" and each of which is a "Party"), on the other hand.

**GENERAL BACKGROUND**

WHEREAS, on November 10, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, the Debtors have continued as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct

going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores. The going out of business sales concluded on or about March 8, 2009; and

  WHEREAS, the Debtors are authorized under the Court's Order under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval, dated August 7, 2009 (D.I. 4401)(the "Settlement Procedures Order"),[1] to enter into this Settlement Agreement, subject to the Notice Procedures; and

## SETTLEMENT BACKGROUND

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Procedures Order.

WHEREAS, for several years preceding commencement of these Chapter 11 cases, the Debtors purchased products and services from Canon for resale in their stores and on their websites; and

WHEREAS, the Parties maintained a complex relationship in which the Debtors purchased products and services from Canon which were offered in the Debtors' stores and on their websites and wherein either Canon or the Debtors could be liable to the other Party based on, arising out of or related to, sales of goods, the provision of services, invoices, billbacks, chargebacks, returns, pricing deductions, advertising allowances, rebates, shortage deductions, vendor performance charges, overpayments and pre-payments (singularly and/or collectively, in whole or in any part, the "Business"); and

WHEREAS, Canon and the Debtors engaged in such Business both prior to and after the Petition Date; and

WHEREAS, as further described herein, disputes (the "Disputes") arose among the Parties with regard to the proper amount of pre- and post-petition monies due and owing from Canon to the Debtors, and from the

4

Debtors to Canon, on account of various matters pertaining to the Business; and

WHEREAS, the Debtors allege that the proper amount due and owing from Canon to the Debtors on account of reconciled and unreconciled records relating to the Business is approximately $14,300,000; and

WHEREAS, Canon disagrees with the Debtors' analysis and alleges that the proper amount due and owing from Canon to the Debtors on account of reconciled and unreconciled records relating to the Business is significantly lower than $14,300,000; and

WHEREAS, Canon further alleges that the proper amount due and owing from the Debtors to Canon on account of the Business, by way of recoupment or otherwise, is not less than $1,200,000; and

WHEREAS, the Debtors disagree with Canon's analysis and allege that there are no amounts properly due and owing from the Debtors to Canon on account of the Business, by way of recoupment or otherwise; and

WHEREAS, the Parties, over an extended period of time, have engaged in extensive discussions related

to calculating the amount each side owes the other in connection with the Business; and

WHEREAS, based on their preliminary analysis, the Debtors believe that Canon may have received certain transfers from the Debtors which may be avoidable under chapter 5 of the Bankruptcy Code, subject to proof (the "Alleged Avoidance Actions"); and

WHEREAS, Canon asserts that it has not received any transfers that may be avoidable or recoverable under chapter 5 of the Bankruptcy Code; and

WHEREAS, the Debtors are willing to waive any Alleged Avoidance Actions in order to induce Canon to enter into this Settlement Agreement;

NOW, THEREFORE, subject to and in accordance with the Settlement Procedures Order, in consideration for the recitals above, and for other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties, by their respective undersigned counsel, hereby **STIPULATE AND AGREE AND IT IS HEREBY ORDERED** that:

1. This Settlement Agreement is subject to approval by the Court.  If the Court does not approve

6

this Settlement Agreement, this Settlement Agreement shall be null and void and shall not be referred to or used for any purpose by any of the Parties.

    2. The terms and conditions of this Settlement Agreement shall become effective and enforceable on the date this Settlement Agreement, having been approved and "so ordered" by the Court, becomes a Final Order, as defined below (the "Effective Date"). "Final Order" shall mean an order of the Court which is not subject to any stay of its effectiveness and (i) as to which the time to appeal or petition for certiorari has expired and as to which no timely appeal, or petition for certiorari shall then be pending; or (ii) if a timely appeal or writ of certiorari thereof has been sought, the order shall have been affirmed by the highest court to which such order was appealed, or certiorari shall have been denied or reargument or rehearing on remand shall have been denied or resulted in no modification of such order, and the time to take any further appeal or petition for certiorari shall have expired.

      3.    The Parties represent that they have engaged in arms' length negotiations to arrive at this Settlement Agreement.  As a result of such negotiations, the Debtors agree to accept, and Canon agrees to pay, the sum of $13,000,000 (the "Settlement Payment") in full and final compromise and settlement of the Debtors' claims against Canon on account of, arising from, or relating to the Business, any actual or potential claims similar in nature or type to any of the Disputes, and the Alleged Avoidance Actions, pursuant to the terms of this Settlement Agreement.

      4.    Canon shall make the Settlement Payment by wire transfer, within five (5) business days after the Debtor notifies Canon of the occurrence of the Effective Date, in accordance with wire instructions to be provided by the Debtors.  All notices to Canon should be in writing sent c/o Michael Lane, Director and Assistant General Manager, Canon U.S.A., Inc., One Canon Plaza, Lake Success, New York 11042, with a copy to Canon's undersigned counsel.

      5.    Upon the Debtors' receipt of the Settlement Payment, Canon, on behalf of itself and its

8

successors and assigns, and the Debtors, on behalf of themselves, and each on behalf of their respective estates, successors, and assigns, hereby irrevocably and fully release one another from and against any and all claims or causes of action (including but not limited to, causes of action under Bankruptcy Code sections 542, 543, 544, 546, 547, 548, 549, 550, 553 and 558) arising from, in connection with, or relating to the Business, the Alleged Avoidance Actions, and any agreement by or between the Parties (this paragraph, the "Releases").

      6.    For the avoidance of doubt and notwithstanding anything to the contrary in this Settlement Agreement, (1) the Releases are not intended as general releases or waivers and nothing in this Settlement Agreement shall be construed as such, and (2) Canon and the Debtors specifically acknowledge and agree that this Settlement Agreement is not intended to, and does not, release or otherwise affect in any way any actual claims or causes of action (or potential claims or causes of action similar in nature or type to such actual claims or causes of action) now or hereinafter asserted in, based on, or relating to the multi-district

9

litigation captioned *In re: TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 (N.D. Cal.) and the actions consolidated therein (the "MDL Proceeding").

  7. The Debtors represent and warrant that none of the claims settled or released under this Settlement Agreement has been assigned to any other party, person, or entity.

  8. This Settlement Agreement memorializes a settlement of disputed claims, and is not in any way to be construed as an admission of liability by any party.

  9. Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (a) to obtain approval of and/or to enforce any of the terms of this Settlement Agreement or (b) to seek damages or injunctive relief in connection therewith.

  10. Each of the Parties hereto shall execute and deliver, or cause to be executed and delivered, such

documents and to do, or cause to be done, such other acts and things as might reasonably be requested by any party to this Settlement Agreement to assure that the benefits of this Settlement Agreement are realized by the Parties.

11. No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors, executors, administrators and assigns as set forth herein.

12. This Settlement Agreement will be binding upon and inure to the benefit of the Parties and their respective successors, predecessors, estates, assigns, officers, directors, members, shareholders, employees, and agents, including (i) any trustee appointed under section 1104, 701, 702 or 703 of the Bankruptcy Code and (ii) any party proceeding on behalf of any of the Debtors' estates.

13. This Settlement Agreement shall be governed by and construed in accordance with the

internal laws of the State of Virginia without regard to any choice of law provisions.

14. This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

15. This Settlement Agreement constitutes the entire agreement and understanding of the Parties regarding the Settlement Agreement and the subject matter thereof and supersedes all prior discussions, negotiations and understandings between the Parties regarding such subject matter.

16. The Parties each hereby acknowledge that, in executing this Settlement Agreement, they have not relied on any representation, warranty, promise, statement, covenant or agreement, express or implied, direct or indirect, except as expressly set forth herein.

17. The Court shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret,

administer or enforce the terms and provisions of, this Settlement Agreement.

19. Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute and deliver this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

19. This Settlement Agreement may not be modified, altered, amended or vacated, and no provision hereof may be waived, without the written consent of all Parties hereto and an order of the Court.

20. If this Settlement Agreement does not become effective and the Effective Date does not occur, then (a) the Settlement Agreement shall be deemed null and void; (b) the Debtors shall not be deemed to have waived any right or to have settled any controversy

13

between them and Canon that existed before the execution of the Settlement Agreement; (c) Canon shall not be deemed to have waived any right or settled any controversy that existed between it and the Debtors before the execution of the Settlement Agreement; (d) the Parties shall be restored to their respective positions immediately before the execution of the Settlement Agreement; (e) neither this Settlement Agreement nor any exhibit, document, or instrument delivered hereunder, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Settlement Agreement, shall be (i) with prejudice to any person or Party hereto, (ii) deemed to be or construed as an admission by any Party of any act, matter, proposition, or merit or lack of merit of any claim or defense, or (iii) referred to or used in any manner or for any purpose in any subsequent proceeding in this action, or in any other action in any court or in any other proceeding; and (f) all negotiations, proceedings, and statements made in connection with the negotiation of this Settlement Agreement (i) shall be without prejudice

14

to any person or party herein, (ii) shall not be deemed as or construed to be an admission by any party herein of any act, matter, proposition, or merit or lack of merit of any claim or defense, and (iii) shall not be offered in evidence in this or any other action or proceeding, except in connection with this Settlement Agreement or the enforcement thereof.

[SIGNATURES APPEAR ON FOLLOWING PAGES]

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO BY:

Dated: February 24, 2010
       Richmond, Virginia

                    MCGUIREWOODS LLP

                    /s/ Douglas M. Foley
                    Dion W. Hayes (VSB No. 34304)
                    Douglas M. Foley (VSB No. 34364)
                    One James Center
                    901 E. Cary Street
                    Richmond, Virginia 23219
                    (804) 775-1000

                    and

                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
                    Gregg M. Galardi, Esq.
                    Ian S. Fredericks, Esq.
                    P.O. Box 636
                    Wilmington, Delaware 19899-0636
                    (302) 651-3000

                    and

                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
                    Chris L. Dickerson, Esq.
                    155 North Wacker Drive
                    Chicago, Illinois 60606
                    (312) 407-0700

                    *Counsel for Debtors and Debtors in Possession*

Dated: New York, New York
      February 24, 2010

                HERRICK, FEINSTEIN LLP

                /s/ Paul Rubin_____
                Paul Rubin, Esq.
                2 Park Avenue
                New York, New York 10016
                (212) 592-1448

                *Counsel for Canon U.S.A., Inc.*


Dated:  Richmond, Virginia

      _____, 2010

                SO ORDERED


                _____
                UNITED STATES BANKRUPTCY JUDGE