```
Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

        - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession
```

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - x | | |
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al., | : | 1Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | Jointly Administered |
| - - - - - - - - - - - - - - - - x | | |
| SAMSUNG ELECTRONICS AMERICA, INC. | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | |
| | : | |
| CIRCUIT CITY STORES, INC., et al., | : | |
| | : | |
| Appellees. | x | |
| - - - - - - - - - - - - - - - - | | |

**STIPULATION AND ORDER STAYING APPEALS AND EXTENDING DEADLINES
UNDER BANKRUPTCY RULES 8001 THROUGH 8007 AND 8009 WITH RESPECT
TO THE NOTICES OF APPEAL AND THE MOTIONS FOR LEAVE TO APPEAL
FILED BY SAMSUNG ELECTRONICS AMERICA, INC.**

{FT658050;2}1

This stipulation (this "Stipulation") is entered into by and among the above-captioned debtors and debtors in possession (the "Debtors") and Samsung Electronics America, Inc. ("Samsung") (the "Appellant", and, collectively with the Debtors, the "Parties").

WHEREAS, on January 6, 2010, the United States Bankruptcy Court of the Eastern District of Virginia entered the Memorandum Opinion and Order on Debtors' Fifty-First and Fifty-Second Omnibus Objections (together, the "Memorandum Opinion and Order");

WHEREAS, on January 13, 2010, Apex Digital, Inc. and THQ, Inc. filed their Motion For Reconsideration Of Court's Order On Debtors' Fifty-First And Fifty-Second Omnibus Objections (the "Reconsideration Motion");

WHEREAS, on January 20, 2010, Samsung filed its Notice of Appeal (the "Samsung Notice of Appeal") and, contemporaneously therewith, filed a Motion for Leave to Appeal (the "Samsung Motion for Leave") the Memorandum Opinion and Order (the "Samsung Appeal");

WHEREAS, by stipulation dated February 3, 2010 and order dated February 5, 2010, the Parties agreed to stay the Samsung Appeal, among others, pending disposition of the Reconsideration Motion. All deadlines associated with the

Appeals, including the Debtors deadline to file an opposition, were extended.

WHEREAS, on February 23, 2010, the Bankruptcy Court issued its Supplemental Memorandum Opinion (the "Supplemental Opinion") and entered an order denying the Reconsideration Motion (the "Reconsideration Order").

WHEREAS, On March 8th, 2010 Samsung filed an amended Notice of Appeal (together with the Samsung Notice of Appeal, the "Notices of Appeal") and an amended Motion for Leave to Appeal (together with the Samsung Motion for Leave, the "Motions For Leave") the Memorandum Opinion and Order and the Supplemental Opinion (together with the Samsung Appeal, the "Appeals"). Samsung filed its Statement Of Issues And Designations and its Notice Of Motion For Leave To Include Arguments Of Counsel On Record In Appeal (Bankr. Ct. Docket No. 6750).

WHEREAS, the Appellant and the Debtors, by and through their undersigned counsel, have reached an agreement concerning certain preliminary matters related to the Amended Notice of Appeal, the Amended Motion for Leave, and the Appeal.

NOW, THEREFORE, for good and valuable consideration the receipt of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE as follows:

1. Consistent with Bankruptcy Rule 8002(b), the Appeals and all associated deadlines are stayed effective March 8, 2010 to allow the Parties to engage in good faith settlement negotiations; provided, further, that, for the avoidance of doubt and without limiting the generality of the foregoing, the Debtors' deadline to answer the Amended Motion for Leave under Bankruptcy Rule 8003(a) and any deadline to request certification for direct appeal to the Court of Appeals are stayed pending further agreement between the Parties or further order of the Bankruptcy Court in accordance with paragraph 3 below.

2. For the avoidance of doubt nothing herein shall constitute or be deemed to be the Debtors' consent to the Appeal or Motions for Leave.

3. In the event the Parties' settlement negotiations are unsuccessful, any or all Parties may terminate the stay contemplated herein by notifying the other party by email of the termination of the stay. Thereafter, the Parties shall submit to the Bankruptcy Court a consensual schedule addressing all deadlines associated with the Appeals, the Notices of Appeal, and the Motions for Leave.

4. The Debtors agree that in the event the settlement negotiations are unsuccessful and Samsung files a motion pursuant to Bankruptcy Rule 8005 seeking a stay of the Order on

Debtor's Fifty-First and Fifty-Second Omnibus Objection pending appeal (the "Stay Motion"), the Debtors shall not assert the defenses of laches, estoppel, waiver or any other defenses concerning Samsung's delay in filing the Stay Motion (collectively "Delay Defenses"), arising from conduct occurring after March 8, 2010 and during the seven days following the notice of termination of the stay pursuant to paragraph 3 hereof. Nothing herein shall be construed as the Debtors' waiver of any other defenses to the Stay Motion, including without limitation, any Delay Defenses relating to Samsung's conduct prior to March 8, 2010 and after seven days following the termination of the settlement discussions.

5. All of the Debtors' and the Appellant's rights with respect to the Appeals and the Amended Motion for Leave are not waived and are expressly reserved.

STIPULATED AND AGREED TO BY:

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>P.O. Box 636<br>Wilmington, Delaware 19899-0636<br>(302) 651-3000<br><br>- and –<br><br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>Chris L. Dickerson, Esq.<br>155 N. Wacker Drive, Suite 2700<br>Chicago, Illinois 60606-2700<br>(312) 407-0700<br><br>- and –<br><br>MCGUIREWOODS LLP<br><br>/s/ Douglas M. Foley<br>Dion W. Hayes (VSB No. 34304)<br>Douglas M. Foley (VSB No. 34364)<br>One James Center<br>901 E. Cary Street<br>Richmond, Virginia 23219<br>(804) 775-1000<br><br>Counsel for Debtors and Debtors in Possession | AKERMAN SENTERFITT LLP<br><br>/s/ Joanne Gelfand<br>Mona M. Murphy, Esq. (VSB No. 21589)<br>Stanley M. Salus, Esq. (VSB No. 00464)<br>Michael Goldberg, Esq. (pro hac vice)<br>Joanne Gelfand, Esq. (pro hac vice)<br>8100 Boone Boulevard, Suite 700<br>Vienna, Virginia 22182-2642<br>(703) 790-8750<br><br>Counsel to Samsung Electronics America, Inc. |

**ORDER**

Upon consideration of the attached Stipulation Staying Appeals and Extending Deadlines under Bankruptcy Rules 8001 through 8007 and 8009 with respect to the Notices of Appeal and the Motions for Leave to Appeal Filed by Samsung Electronics America, Inc. (the "Stipulation"),[1] it is hereby

ORDERED, that the Stipulation is APPROVED in all respects; and it is further

ORDERED, that the Appeals are stayed effective March 8, 2010; and it is further

ORDERED, that the Clerk shall refrain from issuing any docket entries or papers setting any deadlines with respect to the Appeals, including (without limitation) the Appellant designations; and it is further

ORDERED, that the Clerk shall strike all prior docket entries indicating a date for Appellant Designation, and it is further

ORDERED, that, notwithstanding Bankruptcy Rule 8003(b), the Clerk of this Court shall not transmit the Notices of Appeal, the Motions for Leave, or any other documents related to the Appeals, including (without limitation) any answer to the Motions for Leave filed by the Debtors, to the District Court for the Eastern District of Virginia or any other court.

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Stipulation.

ORDERED, that, to the extent necessary, the Parties will submit to the this Court a consensual schedule addressing all deadlines associated with the Appeals, the Notices of Appeal, and the Motions for Leave.

Dated: Richmond, Virginia
_____, 2010

_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE