**MATTHEW RIGHETTI** (SBN #121012)
matt@righettilaw.com
**JOHN GLUGOSKI** (SBN #191551)
jglugoski@righettilaw.com
**MICHAEL RIGHETTI** (SBN #258541)
mike@righettilaw.com
**RIGHETTI LAW FIRM, P.C.**
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
**Telephone:** **(415) 983-0900**
**Facsimile:** **(415) 397-9005**

Attorneys for Creditors Card,
Hernandez, Gentry and Skaf

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE EASTERN DISTRICT OF VIRGINIA

### RICHMOND DIVISION

In re:

Circuit City Stores, Inc., *et al.*,

              Debtors.

Chapter 11

Case No. 08-35653 (KRH)
Jointly Administered

**CREDITORS GENTRY,
HERNANDEZ, CARD, AND SKAF'S
OMNIBUS OPPOSITION TO
DEBTOR'S MOTIONS FOR
SUMMARY JUDGMENT AND
APPLICATION FOR A RULE 56(f)
CONTINUANCE**

Date: March 25, 2010
Time: 2:30 p.m. ET
Room: 5000
Hon. Kevin Huennekens

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES............................................................................i-ii

I.    INTRODUCTION.........................................................................1

    A.    Summary of Debtor's Four Motions for Summary Judgment and
        Supplemental Objections................................................2

    B.    Summary of Creditors' Position at this Stage of these Proceedings ................3

II.   GENERAL PROCEDURAL POSTURE.......................................................5

III.  SUMMARY OF CALIFORNIA LAW AS IT PERTAINS HERE ......................6

VI.   ARGUMENT................................................................................7

    A.    A Rule 56(f) Continuance Is Necessary To Allow Plaintiff A
        Realistic Opportunity To Gather The Facts Required To Oppose
        Defendants' Summary Judgment Motion................................................7

        1.    The Fourth Circuit has held that it is an abuse of the Court's
            discretion to deny a Rule 56(f) request........................................8

        2.    A continuance pursuant to FRCP 56(f) is even more appropriate
            where the moving party is in exclusive control of all the evidence.........9

        3.    The Fourth Circuit embraces the permissibility of discovery to
            aid in the class certification determination...................................10

    B.    Creditors Have Particularly Set Forth With Specificity the Legitimate
        Need for the Discovery................................................................11

        1.    Creditors need discovery specifically related to class certification.......11

        2.    Creditors need discovery to determine which of the unmanned
            class member claimants deserve priority......................................12

        3.    Creditors need discovery as to the means through which Debtor
            notified the unnamed, putative class member-claimants, if at all,
            about the bar date in this case.................................................12

        4.    Creditors need the identities and contact information for the putative
            class members.................................................................13

1

C.      Creditors Can Discover the Information Necessary to Oppose
        Summary Judgment and/or Make their Motions for Class Certification
        in a Reasonable Amount of Time.....................................................15

2

3

IV.    CONCLUSION..............................................................................16

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

## TABLE OF AUTHORITIES

## FEDERAL CASES

*American Floral Services, Inc. v. Florists' Transworld Delivery Ass'n*
(ND IL 1985) 107 F.R.D. 258……………………………………..…………………..13

*Babbit v. Albertson's, Inc.*
1992 WL 605652, 6 (N.D. Cal. 1992)…………………………... …………………. ………14

*Celotex Corporation v. Catrett*
477 U.S. 317, 326 (1986)………………………………………………………….....7

*Camper v. Home Quality Mgmt. Inc.*
200 F.R.D. 516, 519 (D.Md.2000)…………………………………………………14

*Doninger v. Pacific Northwest Bell, Inc.*
564 F.2d 1304, 1313 (9th Cir.1977)……………………………..·…….…..10, 11

*Duke v. University of Texas at El Paso*
729 F.2d 994 (5th Cir. 1984)………………………………………………………10

*Enkhbayar Choimbol v. Fairfield Resorts, Inc.*
475 F.Supp.2d 557 (E.D. VA, 2006)……………………………………………14

*Griffin v. Harley Davidson Credit Corp.*
2010 WL 233764, 1 (D.S.C., 2010)……………………………·…………………10, 11

*Harrods, Ltd. v. Sixty Internet Domain Names*
302 F.3d 214, 246-47 (4th Cir.2002)…………………………………………………9

*Houston v. URS Corp.*
591 F.Supp.2d 827, 832 (E.D.Va.,2008)………………………………………………14

*Jimenez v. Domino's Pizza, Inc.*
238 F.R.D. 241, C.D.Cal.,2006…………………………………………………………14

*Kamm v. Cal. City Dev. Co.*
509 F.2d 205, 209 (9th Cir. 1975)……………………………………………………11

*Mills v. Foremost Ins. Co.*
511 F.3d 1300, 1309 (11th Cir. 2008)……………………………………………11

*Putnam v. Eli Lilly & Co.,*
508 F.Supp.2d 812, 813-14 (C.D. Cal. 2007)…………………………………………14

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

1

*Sharer v. Tandberg, Inc.*
2006 WL 2988104, 3 (E.D.Va.,2006)………………………………..………14

2

3

*Strag v. Board of Trustees, Craven Community College*
55 F.3d 943, 953 (C.A.4 (N.C.),1995)…………………………………..7, 11

4

5

*Vinole v. Countrywide Home Loans, Inc.*
571 F.3d 935, 942 (C.D. Cal 2009)… ……………………….……………..11

6

7

*Wiegele v. Fedex Ground Package Sys.*
2007 U.S. Dist LEXIS 9444, 1-2 (S.D. Cal. 2007)………………….……14

8

9

*Willis v. Town of Marshall, N.C.*
426 F.3d 251 (4th Circuit, 2005)……………………………………………8

10

## STATE CASES

11

*Gentry v. Superior Court,*
42 Cal.4th 443 (2007)………………………………………………..…3, 6

12

13

## OTHER AUTHORITIES

14

15

Federal Rule of Civil Procedure 26(a)(1)… …………………………8, 15

16

Federal Rule of Civil Procedure 26(d)……………………………..8, 9

17

Federal Rule of Civil Procedure 26(f)……………………………………8

18

Federal Rule of Civil Procedure 26(b)(1)……………………………13

19

Federal Rule of Civil Procedure 56(f)……………………...1, 7, 8, 9, 16

20

21

Newberg on Class Actions, Conte, Alba and Newberg, Herbert
Ch. 7, § 8, pg. 25-26, Thomson West, 2002………………………10

22

*Prac. Guide: Fed. Civ. Pro. Before Trial*
(The Rutter Group 2001)………………………………..………14

23

24

25

26

27

28

## I.    INTRODUCTION

Creditors Gentry, Card, Hernandez and Skaf (hereinafter referred to collectively as "Creditors") hereby submit their omnibus response to Debtor's Motions for Summary Judgment and Supplements to Objections, as well as their application requesting a continuance to conduct discovery pursuant to Federal Rule of Civil Procedure, Rule 56(f). Each of these cases is a proposed class action case against Debtor, Circuit City Stores, Inc. et al.  Each case alleges violations by Debtor of California's strict minimum working condition statutes.[1]    The four proposed class actions are:

### Gentry v. Circuit City, Inc.

*Gentry v. Circuit City, Inc.*, originally filed on August 29, 2002 in the Los Angeles Superior Court, Case No.BC280631. The case covers all California based salaried customer service managers who worked overtime for Debtor and were not paid overtime wages from within the four years preceding the filing of the complaint and up to the time defendants re-classified the position to non-exempt status. Mr. Gentry held the position of customer service manager for Circuit City during the class period.

### Card v. Circuit City, Inc.

*Card v. Circuit City, Inc.* was filed on November 3, 2008 in the San Diego Superior Court, Case No. 37-2008-00095260-CU-OE-CTL.  The case covers all California based salaried store assistant managers who worked at any time during the four years preceding the filing of the Complaint up until the date Debtor stopped doing business in California at any of Debtor's retail locations in the State of California. Mr. Card held the position of Assistant Manager during the class period.

### Hernandez v. Circuit City Inc.,

*Hernandez v. Circuit City, Inc.* was filed on April 17, 2008 in the San Diego Superior Court, Case No. 37-2008-00082173-CU-OE-CTL.  The case covers all California based salaried store managers who worked at any time during the four years preceding the filing of the Complaint up to the date Debtor stopped doing business in California at any of Debtor's retail

---

[1]    More specifically, violations of the California Labor Code, California Industrial Welfare Commission regulations and California's Unfair Business Practices law (B&P 17200).

CREDITORS GENTRY, HERNANDEZ, CARD AND SKAF'S OMNIBUS OPPOSITION TO DEBTOR'S
MOTIONS FOR SUMMARY JUDGMENT AND APPLICATION FOR A RULE 56(f) CONTINUANCE

1  locations in the State of California.  Mr. Hernandez held the position of Sales Manager during

2  the class period.

3  **Skaf, et al. v. Circuit City, Inc.**

4  *Skaf, et al. v. Circuit City, Inc.* was filed on December 19, 2008 in the Los Angeles

5  Superior Court, Case No. BC 404195.  The case was filed on behalf of Joseph Skaf, Miguel

6  Perez, and Gustavo Garcia and all others similarly situated as California-based salaried

7  "Entertainment Managers," "Technology Managers," "Service & Installation Managers," "Sales

8  Managers," and "Operations Managers" who worked at any time during the four years preceding

9  the filing of the complaint up to the date Debtor stopped doing business in California at any of

10  the Debtor's stores in the State of California.  Plaintiffs held the class positions during the class

11  period.[2]

12  A.    **Summary of Debtor's Four Motions for Summary Judgment and Supplemental Objections.**

13  Recently, on February 25, 2010, Debtors filed four Motions and Memorandums of Law

14  in Support of Summary Judgment (a motion for summary judgment was filed in each of the

15  above referenced cases).  Specifically, in the *Gentry* case and the *Hernandez* case, Debtors filed

16  Motions for Summary Judgment on the Nineteenth Omnibus Objection to Claims

17  (Reclassification of certain misclassified claims to general unsecured, non-priority claims).  In

18  addition, in the *Card* case and the *Skaf* case, Debtor filed Motions for Summary Judgment on the

19  Thirty-First Omnibus Objection (Disallowance of Certain Legal Claims).

20  In addition, Debtor filed four Supplements to Objections.  Specifically, in the *Gentry*

21  case and the *Hernandez* case, Debtors filed Supplements to the Nineteenth Omnibus Objection

22  to Claims (Reclassification of certain misclassified Claims to General Unsecured, Non-Priority

23  Claims). In addition, in the *Card* case and the *Skaf* case, Debtor filed Supplements to the Thirty-

24  First Omnibus Objection (Disallowance of Certain Legal Claims).

25  Although two of Debtor's Motions for Summary Judgment and Supplements to

26  Objection pertain to Debtor's Nineteenth Omnibus Objection (*Gentry* and *Hernandez*), the other

27  two of Debtor's Motions for Summary Judgment and Supplement to Objection pertain to

28  [2]    A copy of each of the proposed class action complaints has been attached as an Exhibit to Debtor's Memorandums of Law in Support of Summary Judgment.

2

CREDITORS GENTRY, HERNANDEZ, CARD AND SKAF'S OMNIBUS OPPOSITION TO DEBTOR'S
MOTIONS FOR SUMMARY JUDGMENT AND APPLICATION FOR A RULE 56(f) CONTINUANCE

1    Debtor's Thirty-First Omnibus Objection (*Card* and *Skaf*).  Nevertheless, the grounds for each

2    of the motions and supplemental omnibus objections is exactly the same.[3]  Each of Debtor's

3    motions  for summary judgment articulate identical arguments.  Each motion argues that the

4    named Creditors' class claims do not satisfy the requirements of Bankruptcy Code Section

5    507(a)(4), and should therefore be reclassified to general unsecured, non-priority claims.  Debtor

6    submits that none of the proposed class representatives (Gentry, Hernandez, Card, Perez, Garcia

7    and Skaf) "earned" wages within the 180-day priority period pursuant to Section 507(a)(4);

8    therefore, these claims are not entitled to priority and must be reclassified as non-priority claims.

9        By the same token, each of Debtor's Supplement to Objections, regardless of Debtor's

10   designation as Nineteen or Thirty-One, argues that the claims of the unnamed class members in

11   the Gentry, Hernandez, Card and Skaf cases should be disallowed because the Court has not yet

12   given permission to file a class proof of claim pursuant to Bankruptcy Rule 9014 and 7023.

13   **B.    Summary of Creditors' Position at this Stage of these Proceedings.**

14       At this juncture, none of the creditors have been given the opportunity to conduct

15   discovery either in state court or the bankruptcy court.  The cases were heavily litigated in

16   California's Superior courts surrounding Debtor's failed attempt to enforce a ban on class

17   certification contained within Debtor's adhesive employment agreement.    Circuit City's

18   agreement was invalidated in the landmark California Supreme Court decision *Gentry v.*

19   *Superior Court*, 42 Cal.4th 443 (2007).  Notwithstanding the *Gentry* Supreme Court decision,

20   Debtor continued its attempts to foist a ban on class actions before the trial courts in California.

21   When trial courts rejected Debtor's machinations then Debtor appealed those orders.  Debtor

22   was appealing two trial court orders in Gentry (California Second DCA) and Hernandez

23   (California Fourth DCA) denying its petition to compel arbitration at the time it filed

24   bankruptcy.  Discovery could not proceed on the merits or certification issues in state court

25   pending resolution of the arbitration issues.

26       Likewise, we have been stayed from pursuing discovery against Debtor in this

27   bankruptcy proceeding.  In order to pursue discovery we first need a disclosure of what if any

[3]    Although Debtor's Thirty-First Omnibus Objection is entitled "Disallowance of Certain Legal Claims," the grounds stated for the objection, as argued by Debtor ,appears to suggest that Debtor believes the claims should be reclassified to general unsecured, non-priority claims.

3

1    claims/issues Debtor disputes in these cases.  Debtor has failed to illuminate the issues by

2    responding to the complaints/claims.[4]  Once the litigation is "at issue" (i.e., Debtor responds to

3    the claims by appropriately admitting and/or denying claims), approval from this Court to pursue

4    discovery as to disputed issues would be required so we are not in violation of the automatic stay

5    in pursuing focused discovery on disputed issues.  Against this background, it is important to

6    observe that Debtor (as the employer with a statutory obligation to maintain employment

7    records) is in exclusive possession of virtually all the information necessary for Creditors to

8    investigate certification, merits and damages issues.    Specifically, Debtor holds the employee

9    names, contact information, payroll records, personnel files, employment and time records,

10   policy and procedure information, including the pay rates and number of weeks worked by

11   Creditors and the putative class – and including the records indicating wages "earned" 180 days

12   prior to November 10, 2008 (the Petition Date).

13         Of course, since Debtor's appeal of trial court orders and the filing of its voluntary

14   petition, the trial court proceedings of Creditors have been stayed under both California Code of

15   Civil Procedure section 916 and pursuant to the federal bankruptcy law "automatic stay" rules.

16   Even if we knew what alleged claims Debtors were disputing, which we still do not because no

17   response to any of the complaints/claims has been made by Debtor, due to the automatic stay,

18   Creditors' counsel is prohibited from conducting discovery on any issues (certification, merits or

19   damages) against Debtor.  As explained below, this discovery has been widely recognized as

20   *essential* to be able to brief and evaluate Creditors' certification issues.   Creditors have been

21   waiting patiently in line for Debtor to engage on Creditors' claims, all while Debtor's

22   bankruptcy counsel has been informing Creditors' counsel that (a) it will not consider relief from

23   the automatic stay to either litigate the claims in state court or here, and (b) due to the fact that

24   this is a liquidating Chapter 11 case, this Court has advised that it would disfavor motions

25   requesting relief from stay to litigate in state court, as it is costly and will further depreciate

26   debtor's already depleted asset base through expenditure of funds on litigation matters. (See

27   Declaration of Matthew Righetti).

28

---

[4]    Despite years of litigation in state trial courts, state appellate courts and this Court, Debtor has not once provided a response to the claims other than its repeated and failed procedural attempts to enforce a contractual ban on class actions that has been declared illegal under California law.

4

CREDITORS GENTRY, HERNANDEZ, CARD AND SKAF'S OMNIBUS OPPOSITION TO DEBTOR'S
MOTIONS FOR SUMMARY JUDGMENT AND APPLICATION FOR A RULE 56(f) CONTINUANCE

Until Debtor filed the four Motions for Summary Judgment and Supplement to Omnibus Objections immediate at issue here, Creditors had no information whatsoever as to which aspect of Creditors' claims, if any, Debtor disputed. For example, until Debtor filed its motions, Creditors did not know (and still do not know for that matter) whether Debtor disputes Creditors' claims for unpaid wages, or damages, or class certification, etc. – and if so, on what basis. Until Debtor provides Creditors with such information it is impossible to determine the scope of discovery which would be necessary to evaluate Debtors contentions and/or affirmative defenses – all essential building blocks to a Motion for Class Certification. As a result, the Creditors are without the information necessary to oppose or refute the arguments of Debtor in both its Motions for Summary Judgment and Supplements to Objections Nineteen and Thirty-One. (See Declaration of Matthew Righetti, Para. 7). Accordingly, Creditors respectfully request that the Court continue this matter for a reasonable amount of time in order to allow Creditors to conduct the specific discovery outlined in detail below.

## II.    GENERAL PROCEDURAL POSTURE

Debtor has yet to even file an Answer to one of the Creditors' Complaints; therefore, Creditors have no indication whether Debtor even disputes the allegations of Creditors' Complaints, namely that Creditors and the putative class of employees they seek to represent either meet the criteria for certification and/or are entitled to overtime, meal and rest periods, waiting time penalties, other various statutory penalties pursuant to the California Labor Code, and attorneys' fees. As Debtor has yet to file an answer in these matters, no discovery has been attempted as to disputed facts/issues regarding Creditors' allegations or Debtor's affirmative defenses (if any exist in the first instance).

At the core of the years of trial court and appellate litigation between Creditors and Debtor has been Debtor's policy and practice of requiring its employees to sign arbitration agreements that required each employee to submit any employment related dispute to binding arbitration. Debtor's employees are compelled to sign this agreement before Debtor will even accept their job applications. Included in Debtor's arbitration agreement is a provision which by its terms excludes arbitration of class actions. Debtor has vigorously sought to enforce the ban on class actions embedded within its arbitration agreement and Creditors have challenged the

CREDITORS GENTRY, HERNANDEZ, CARD AND SKAF'S OMNIBUS OPPOSITION TO DEBTOR'S
MOTIONS FOR SUMMARY JUDGMENT AND APPLICATION FOR A RULE 56(f) CONTINUANCE

1   agreement, specifically the class action waiver, as unconscionable and therefore void.  It is

2   precisely this issue which Creditors and Debtor litigated before the California Supreme Court,

3   which resulted in the decision *Gentry v. Superior Court*, 42 Cal.4th 443 (2007).  Ultimately, the

4   California Supreme Court held that class arbitration waivers in employment agreements could

5   not be enforced if the court determined that class arbitration would be a significantly more

6   effective way of vindicating the employees' rights. *Id.* Following this decision, the Court

7   remanded the matter back to the trial, where the trial courts subsequently denied Debtor's

8   motions to compel arbitration.  Debtor has appealed those trial court decisions and the appeals

9   are currently stayed in the California Court of Appeal, Second District pending the outcome of

10   these proceedings.

**III.    SUMMARY OF CALIFORNIA LAW AS IT PERTAINS HERE**

The California Labor Code and Industrial Welfare Commission contain strict mandates

12   governing the payment of overtime to employees as well as other conditions of labor, e.g. meal

13   and rest period requirements, time for payment of wages, and record keeping requirements. In a

14   traditional overtime case, such as we have here, employees establish a *prima facie* case for

15   entitlement to back overtime wages by showing that (1) s/he is covered by one of California's

16   wage orders, (2) s/he worked more than the maximum allowable hours under the applicable

17   wage order (i.e. more than 8 hours/day or 40 hours/week), and (3) s/he was neither paid

18   overtime compensation (i.e. time-and-a-half or half-time), nor authorized and permitted to take

19   off duty statutorily required rest breaks, nor provided statutorily mandated off duty meal periods.

20   Creditors herein and the putative class of individuals they seek to represent have all

21   alleged the basic elements of the *prima facie* case for overtime violations under California law.

22   See Complaints attached to Debtor's Motions for Summary Judgment and Supplement to

23   Objections.  In addition, attached filed herewith are sworn affidavits signed by Mr. Gentry, Mr.

24   Hernandez, Mr. Card, and Mr. Skaf, each of which illustrates that they worked for Debtor, that

25   they in fact worked and were expected to work more than 8 hours per day or 40 hours per week,

26   and that Debtor did not pay overtime wages for any hours worked over 8 hours/day or 40

27   hours/week and denied rest/meal breaks. As alleged, other employees who held the same

28

1    positions were subject to the same working conditions as well as set forth in the affidavits.[5]

2    Accordingly, Creditors have established their *prima facie* case for relief under the California

3    Labor Code. To date however, after nine-and-a-half years of litigation for Creditor Gentry in

4    particular, Debtor has never disputed or affirmatively denied any of these various allegations.

5    The only contention asserted by Debtor has been that Debtor disputes that these cases are

6    appropriate for certification based on the existence of an arbitration agreement, which has since

7    been invalidated by the California Supreme Court on the grounds that the class action waiver is

8    unconscionable.

9    ## IV.    ARGUMENT

10       ### A.    A Rule 56(f) Continuance Is Necessary To Allow Plaintiff A Realistic Opportunity To Gather The Facts Required To Oppose Defendants' Summary Judgment Motion

11       Federal Rule of Civil Procedure 56(f) provides that "Should it appear from the affidavits

12   of a party opposing the motion that the party cannot for reasons stated present by affidavit facts

13   essential to justify the party's opposition, the court may refuse the application for judgment or

14   may order a continuance to permit affidavits to be obtained or depositions to be taken or

15   discovery to be had or may make such other order as is just." Creditors respectfully request that

16   the Court exercise its discretion pursuant to FRCP 56(f) to defer consideration of Debtor's

17   Motions for Summary Judgment and Supplement to Objections Nineteen and Thirty-One. (See

18   *Celotex Corporation v. Catrett*, 477 U.S. 317, 326 (1986) [Rule 56(f) permits court to continue

19   hearing on motion for summary judgment where "nonmoving party has not had an opportunity

20   to make full discovery]).

21       This Court has articulated the standard under which district courts should consider

22   motions for extensions made under Rule 56(f). In discussing the threshold considerations in

23   reviewing such a denial, this Court noted that the no-nmoving party's duty to respond

24   specifically to a summary judgment motion is expressly qualified by Rule 56(f)'s requirement

25   that summary judgment be refused where the non-moving party has not had the opportunity to

26   "discover information that is essential to his opposition." *Strag v. Board of Trustees, Craven*

27   *Community College*, 55 F.3d 943, 953 (C.A.4 (N.C.)1995). Noting that the denial of a Rule 56(f)

28   [5]    Creditors have also alleged that Debtor also failed to provide meal breaks, authorize/permit rest breaks and
maintain records of said breaks and hours worked as required by California law.

CREDITORS GENTRY, HERNANDEZ, CARD AND SKAF'S OMNIBUS OPPOSITION TO DEBTOR'S
MOTIONS FOR SUMMARY JUDGMENT AND APPLICATION FOR A RULE 56(f) CONTINUANCE

motion is reviewed under an abuse of discretion standard, the Court held that in that case, the appellant had not filed affidavits specifying which aspects of discovery required more time to complete, and thus held that a continuance was not warranted; specifically, the Court held that a party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit. *Id.*

1. **The Fourth Circuit has held that it is an abuse of the Court's discretion to deny a Rule 56(f) request**

It is an abuse of discretion to deny a properly supported Rule 56(f) motion. *Willis v. Town of Marshall, N.C.*, 426 F.3d 251 (4th Circuit, 2005). In *Willis*, the court sustained Town of Marshall's motion to dismiss before a scheduling order was entered and thus before the parties conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure, and no conference was held before the district court converted the motion to dismiss to one for summary judgment. Accordingly, this case was dismissed before the parties were ever authorized to begin conducting discovery. *See* Fed.R.Civ.P. 26(d) ("Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), ..., a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)...."). *Id.* at 264, n. 5. However, because Willis's Rule 56(f) affidavit alerted the district court to Willis's specific need for the information, the district court abused its discretion by denying Willis's properly supported motion seeking additional discovery. *See* Fed.R.Civ.P. 56(f).

The situation here is the same. As the Court is no doubt aware, Debtor's filing of this case served to automatically stay the State court proceedings in California, and Creditors have been unable to move forward whatsoever in the litigation of these claims. There has been no Rule 26 conference and no "green light" given for Creditors to pursue discovery. Creditors have no idea what, if any, claims, issues or facts are disputed by Debtor; nor do we know if any affirmative defenses are alleged to the claims. Creditors appreciate, that either side in this case could have filed a motion for leave to conduct discovery in this Court; however, counsel for Debtor communicated to Righetti Law Firm that the Court preference was to <u>delay</u> active litigation due to the already financially depleted status of the estate. See Declaration of Matthew

CREDITORS GENTRY, HERNANDEZ, CARD AND SKAF'S OMNIBUS OPPOSITION TO DEBTOR'S
MOTIONS FOR SUMMARY JUDGMENT AND APPLICATION FOR A RULE 56(f) CONTINUANCE

Righetti, Para. 7. Accordingly, Creditors have been waiting patiently for either the setting of a Rule 26 conference, or for Debtor to address the merits of Creditors' claims -- and in the meantime, as the docket reflects, Creditors have spent an appreciable amount of time responding to Debtor's numerous omnibus objections in order to preserve Creditors' rights in these proceedings.

In the final analysis but one conclusion is clear: Creditors have not been given the opportunity to conduct any discovery -- nor could Creditors have known what discovery to conduct given that Debtor has not answered Creditors' allegations. For this reason, Creditors respectfully request that the Court grant Debtor's Rule 56(f) request for an extension and continuance to begin conducting discovery in these proceedings.

**2. A continuance pursuant to FRCP 56(f) is even more appropriate where the moving party is in exclusive control of all the evidence.**

Moreover, a FRCP 56(f) continuance is even **more** appropriate in these matters because the Debtors are in exclusive possession of the information necessary for Creditors to refute Debtor's contentions. Providing the opposing party sufficient time for discovery is considered especially important when the relevant facts are exclusively in the control of the moving party. *Harrods, Ltd. v. Sixty Internet Domain Names,* 302 F.3d 214, 246-47 (4th Cir.2002).

Here, Debtor is in exclusive possession of the information necessary for Creditors to evaluate and present their claims in a court of law. Specifically, Debtor holds the payroll, employment and time records, including the pay rates and number of weeks worked by Creditors and the putative class throughout the entire putative class period, including the180 days prior to November 10, 2008 (the Petition Date). This is remarkable because Debtor's Motions for Summary Judgment are based primarily on Debtor's assertion that none of the named Creditors worked within 180 days of the Petition Date. Additionally, Debtor is in exclusive possession of perhaps the most critical material witnesses -- the identities and contact information for the putative class members; therefore, Debtor and Debtor alone, possesses the ability to inquire about whether putative class members worked for Debtor within 180 days of the petition date or whether the common issues of fact or law predominate such that a class action is the superior method of adjudication. This information is also instrumental in determining whether these cases are appropriate for certification, because it is often through putative class member testimony

CREDITORS GENTRY, HERNANDEZ, CARD AND SKAF'S OMNIBUS OPPOSITION TO DEBTOR'S
MOTIONS FOR SUMMARY JUDGMENT AND APPLICATION FOR A RULE 56(f) CONTINUANCE

that the parties evaluate whether common questions of law or fact predominate and whether a class action is a superior method of adjudication.

### 3. The Fourth Circuit embraces the permissibility of discovery to aid in the class certification determination.

In *Griffin v. Harley Davidson Credit Corp.* 2010 WL 233764, 1 (D.S.C.,2010) quoting *Doctor v. Seaboard Coast Line Railroad Co.,* 540 F.2d 699, 707 n. 25 (4th Cir.1976), the Court stated, "the Fourth Circuit itself has echoed the permissibility of discovery to aid in the certification determination. *See Doctor* 540 F.2d 699, 707 n. 25 (4th Cir.1976) (approving use of precertification discovery to determine if action was maintainable as class action). Specifically, the Fourth Circuit in *Doctor* stated,

> Maintainability (as a class action) may be determined by the court on the basis of the pleadings, if sufficient facts are set forth, but ordinarily the determination should be predicated on more information than the pleadings will provide."The authors in 7A, Wright & Miller, Federal Practice and Procedure, s 1785, at p. 131, state:"The determination (whether to grant class certification) usually should be predicated on more information than the complaint itself affords. Thus, some courts may allow discovery relating to the issue whether a class action is appropriate before deciding whether to allow it to proceed on a class basis.

Allowing discovery to proceed pre-certification is by no means a novel concept; rather, as the Fourth Circuit suggests above, a court's decision regarding class certification should be based on more than just the pleadings.

Moreover, while Creditors realize that the management of pre-certification discovery is within the sound discretion of the trial court, it has been found to be reversible error to have denied a plaintiff the right to do discovery as to commonality where such a denial ultimately results in a denial of class certification. See *Duke v. University of Texas at El Paso*, 729 F.2d 994 (5th Cir. 1984). <u>Newberg on Class Actions</u> is informative: [w]hen pertinent facts are directly contested, and when information concerning them is exclusively or primarily within the control of the defendants, the plaintiff may desire discovery of the defendants before initial class determination. Conte, Alba and Newberg, Herbert, <u>Newberg on Class Actions</u>, Ch. 7, section 8, pg. 25-26, Thomson West, 2002.

Applicable federal precedent from other circuits confirms that plaintiffs are entitled to conduct pre-certification discovery prior to filing their motion for class certification. *Doninger v.*

*Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977); *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975); *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (C.D. Cal 2009)["Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted.']; See, *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008)[confirming that the district court should permit discovery in order to determine whether a class should be certified when the issue cannot be determined on the pleadings alone.]

**B.     Creditors Have Particularly Set Forth With Specificity the Legitimate Need for the Discovery.**

A party seeking additional discovery must identify a Rule 56(f) "affidavit presented to the district court that particularly specifie[s] legitimate needs for further discovery." See, *Strag*, *Id.*, 55 F.3d at 953 (4th Cir.1995). Creditors in this case identify three specific legitimate needs for further discovery. See Declaration of Matthew Righetti.

**1.     Creditors need discovery specifically related to class certification.**

First, with respect to Debtor's Supplement to Objections Nineteen and Thirty-One, Debtor seeks to disallow in its entirety the unnamed claimants' class claims on the grounds that Creditors did not receive court approval prior to filing a class proof of claim. In support of this argument, Debtor cites to *In Re Computer Learning Centers*, 344 B.R. 79 (Bankr. E.D. Va. 2006). *In Re Computer Learning Centers* holds that generally one should get court approval prior to filling a class proof of claim; however, nowhere does the court state or imply that one's class proof of claim shall be rejected by the court before the putative class representative had an opportunity to even discover facts necessary to present the case to the court for certification! According to this Debtor no class claims could ever be justified because one would be required to prove all elements of certification without first having an opportunity to conduct any discovery. This, despite the Fourth Circuit's teaching that discovery is essential to the class certification presentation. See, *Griffin v. Harley Davidson Credit Corp.* 2010 WL 233764, 1 (D.S.C.,2010) quoting *Doctor v. Seaboard Coast Line Railroad Co.*, 540 F.2d 699, 707 n. 25 (4th Cir.1976), and see also the discussion in the preceding section with citations from other Federal Courts of Appeals finding pre-certification discovery essential to the class certification process.

11

What is so ironic about Debtor's Objections is that in order to make a B.R. Rule 9014(c) motion to have a court apply B.R. Rule 7023 to a case, which is what Debtor suggests that Creditors should have done, one must basically prove that his/her case meets all the elements for Rule 23 class certification (e.g. questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.) *Id.*

Yet, Debtor is compelled to admit that, at this juncture, Creditors have been precluded from assembling <u>any</u> of the evidence necessary to support a certification motion because they have been unable to conduct <u>any</u> discovery in <u>any</u> of the four cases, much less explore any of Debtor's contentions or affirmative defenses because Debtor has not answered or disputed Creditors' Complaints/claims. Prior to receiving Debtor's Motions for Summary Judgment Creditors weren't even aware if Debtor was disputing class certification in these cases at all because Debtor has not answered the complaints/claims. For these reason, Creditors request the opportunity to conduct discovery in order to make a showing to the Court that the cases are appropriate for certification.

> **2.    Creditors need discovery to determine which of the unnamed class member claimants deserve priority.**

Creditors' second specific need for discovery pertains to Debtor's Motions for Summary Judgment. Debtor's Motions for Summary Judgment each ask that Creditors' claims be reclassified to unsecured, non-priority claims pursuant to Bankruptcy Code Section 507(a)(4), because, so Debtor asserts, none of the named Creditors worked within 180 days of the Petition Date. Creditors have not been given the opportunity to conduct discovery as to which putative class members in the respective four cases "earned" wages during the 180 days before the Petition Date. Debtor is in the exclusive possession of all the information necessary to evaluate which employees in California worked for the Debtor during this time period.

> **3.    Creditors need discovery as to the means through which Debtor notified the unnamed, putative class member-claimants, if at all, about the bar date in this case.**

Creditors' third specific need for discovery pertains to Debtor's indication that it

published the Claims Bar Date Notice in the Wall Street Journal and The Richmond time-Dispatch. See, e.g. Motion for Summary Judgment with respect to class claim filed by Joseph Skaf, ¶ 7.    Debtor's position appears to be that it provided actual and publication notice to their known and unknown creditors and afforded them an opportunity to file a proof of claim. See *Id.* ¶ 36. What Debtor fails to tell the Court, however, is that it possesses much better information about the identities and last known contact information for each unnamed claimant in these cases, yet failed to provide better notice via mail. Specifically, it appears that Debtor failed to take steps to provide reasonable and practical notice to any of the unnamed claimants about the Bar Date in this case; rather, Debtor suggests that because it merely published something in two different relatively obtuse news publications, it has carried its burden of informing the unnamed claimants about their potential right to file a claim. Where Debtor has the requisite information to provide actual notice to unnamed claimants about the right to file a claim before the Bar Date, it is disingenuous for Debtor to now suggest that all unnamed claimants should be barred because they did not file claims after the publication in the Wall Street Journal and the Richmond Times-Dispatch; especially where are the class members are residents of California! It is also important to note that Creditors have been unable to notify the unnamed claimants about these cases because Creditors' do not have the identities and last known contact information for these former employees of Debtor.    For this reason, Creditor requests the opportunity to both obtain names and contact information for the class members and to conduct discovery as to Debtor's method, if any, for notifying unnamed potential claimants about the Bar Date for these proceedings. (Declaration of Matthew Righetti).

> **4.    Creditors need the identities and contact information for the putative class members.**

As to the identities of the putative class members, the putative class members are usually the most knowledgeable witnesses of key facts in this case relevant to the class certification issues noted above. Federal discovery law clearly provides that the identity of potential witnesses is discoverable:

> §11:46: Identity of witnesses: Even though a lot of "work" may go into locating witnesses, their identity is not work product. The identity and location of persons having knowledge of any discoverable matter are discoverable. (FRCP Rule 26(b)(1); *American Floral Services, Inc. v. Florists' Transworld Delivery Ass'n*    (ND IL 1985) 107 F.R.D. 258, 260).

13

1  Schwarzer, Tashima & Wagstaffe.

2  *PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL* (The Rutter Group 2001). Federal district

3  courts in Virginia confirm that courts have discretion to order disclosure of identities and contact

4  information for putative class members in appropriate cases. *Enkhbayar Choimbol v. Fairfield*

5  *Resorts, Inc.*, 475 F.Supp.2d at 563; *Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 519

6  (D.Md.2000) (citing *Hoffmann-La Roche*, 493 U.S. at 169, 110 S.Ct. 482). *Houston v. URS*

7  *Corp.* 591 F.Supp.2d 827, 832 (E.D.Va.,2008).

8      Some employers object to disclosure of witness contact information on grounds of

9  privacy; however, district courts in Virginia have held that such information is discoverable.

10  *Sharer v. Tandberg, Inc.* 2006 WL 2988104, 3 (E.D.Va.,2006) [Plaintiffs requested a Court-

11  ordered interrogatory to Defendant in order to seek the identity of similarly situated employees,

12  and notice to be given to Defendant's employees. Defendant raised objections to the extent that

13  the proposed interrogatory calls for personal information. Court held that plaintiffs have

14  provided a basis of need for name, address, and phone number. Therefore, the Court will

15  approve and order an interrogatory containing only name, address, and phone number of

16  Defendant's exempt employees since May 2003, and permit Plaintiffs to contact potential opt-

17  ins by first class mail. Federal court precedent confirm that the identities and locations of

18  potential percipient witnesses, such as putative class members, are properly discoverable, and

19  plaintiffs seeking such information need not follow any preliminary notification procedure prior

20  to the disclosure of such information.[6]

21      Accordingly, Creditors respectfully request the opportunity to conduct discovery as to

22  the identities and last known contact information (residence address and phone number) for the

23  unnamed claimants, as such information is usually the most informative in proving up one's case

24  for class certification. (Declaration of Matthew Righetti).

---

[6]  *Jimenez v. Domino's Pizza, Inc.*, 238 F.R.D. 241, C.D.Cal.,2006 [finding that plaintiffs' need for the contact
information of putative class members to pursue class certification outweighs any privacy concerns]; *Wiegele v. Fedex
Ground Package Sys.*, 2007 U.S. Dist LEXIS 9444, 1-2 (S.D. Cal. 2007) [compelling the defendant to disclose names
and contact information for putative class members in wage and hour class action]; *Babbit v. Albertson's, Inc.*, 1992
WL 605652, 6 (N.D. Cal. 1992) [rejecting privacy and relevancy arguments and compelling defendant in employment
discrimination class action to disclose all of the defendant's employees since 1985]; *Putnam v. Eli Lilly & Co.*, 508
F.Supp.2d 812, 813-14 (C.D. Cal. 2007) [in rejecting defendant's relevancy and privacy arguments and compelling
defendant in wage and hour class action to disclose names and addresses of putative class members pursuant to a
protective order, the Court held "it seems to the Court that contact with those individuals could well be useful for
plaintiff to determine, at a minimum, the commonality and typicality prongs of Rule 23." (*Id.* at p. 814.)].

14

**C.**    **Creditors Can Discover the Information Necessary to Oppose Summary
Judgment and/or Make their Motions for Class Certification in a Reasonable
Amount of Time.**

As justified in the Declaration of Matthew Righetti, Creditors specifically request the

Court's permission to conduct the following discovery listed below, which Creditors believe can

be accomplished in ninety (90) days if the Court lifts the mandatory stay on discovery currently

preventing Creditors from ascertaining any information regarding Debtor's contentions in these

cases.  The discovery Creditors seek to conduct is as follows:

- Initial disclosures pursuant to Rule 26(a)(1);

- A deposition of a corporate representative (person most knowledgeable) on a
limited number of topics related to class certification, Debtor's contentions
regarding Creditors' claims, and the means, if any, by which Debtor notified
unnamed claimants of the bar date in this case;

- Limited production of documents pertinent to Creditors' claims, e.g.:

   o  Employee personnel files for putative class representatives;

   o  Documents reflecting employment policies and procedures, such as
employee handbooks, job or time/motion studies or surveys conducted of
putative class members and job descriptions;

- Special Interrogatories requesting that Debtor identify the identities and contact
information for witnesses and putative class members.

Creditors believe that with the Court's permission to conduct the specific discovery listed above,

Creditors will have the information necessary to oppose Debtor's motions for summary

judgment and will be able to move forward in this Court with Creditors' motions for class

certification. (See Declaration of Matthew Righetti, Para. 10).

///

///

///

## IV.    CONCLUSION

For the aforementioned reasons, Creditors respectfully request that the Court grant Creditors' application for a Rule 56(f) continuance so that Creditors can have the opportunity to discover the information necessary to file motions for class certification and oppose Debtor's Motions for Summary Judgment and Omnibus Objections.

Respectfully submitted,

**RIGHETTI LAW FIRM, P.C.**

Date: March 17, 2010

/s/ Matthew Righetti
Matthew Righetti, Esq.
Attorneys for Creditors

CREDITORS GENTRY, HERNANDEZ, CARD AND SKAF'S OMNIBUS OPPOSITION TO DEBTOR'S
MOTIONS FOR SUMMARY JUDGMENT AND APPLICATION FOR A RULE 56(f) CONTINUANCE