MATTHEW RIGHETTI    (SBN #121012)
matt@righettilaw.com
JOHN GLUGOSKI    (SBN #191551)
jglugoski@righettilaw.com
MICHAEL RIGHETTI    (SBN #258541)
mike@righettilaw.com
**RIGHETTI LAW FIRM, P.C.**
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
**Telephone:**    (415) 983-0900
**Facsimile:**    (415) 397-9005

Attorneys for Creditors Card,
Hernandez, Gentry and Skaf

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA

## RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>Circuit City Stores, Inc., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-35653 (KRH)<br>Jointly Administered<br><br>**DECLARATION OF MATTHEW RIGHETTI IN SUPPORT OF CREDITORS GENTRY, HERNANDEZ, CARD, AND SKAF'S OMNIBUS OPPOSITION TO DEBTOR'S MOTIONS FOR SUMMARY JUDGMENT AND APPLICATION FOR A RULE 56(f) CONTINUANCE**<br><br>Date: March 25, 2010<br>Time: 2:30 p.m. ET<br>Room: 5000<br>Hon. Kevin Huennekens |

I, **MATTHEW RIGHETTI**, declare that:

    1.    I make this declaration of my personal knowledge and could testify thereto if

---

1
DECLARATION OF MATTHEW RIGHETTI IN SUPPORT OF CREDITORS GENTRY, HERNANDEZ,
CARD, AND SKAF'S OMNIBUS OPPOSITION TO DEBTOR'S MOTIONS FOR SUMMARY
JUDGMENT AND APPLICATION FOR A RULE 56(f) CONTINUANCE

called as a witness. I am an attorney licensed to practice law in the State of California and I represent the Plaintiffs/Creditors in the above captioned bankruptcy proceeding. I have been admitted *pro hac vice* to practice in this Court (Docket No. 6781).

## EDUCATION AND EXPERIENCE

2. I graduated from the University of California at Berkeley in 1982 with a degree in Economics. I then graduated from the University of San Francisco School of Law in 1985. I am admitted to practice law before the following courts: A) United States Courts of Appeal in the Ninth Circuit and the Federal Circuit; B) United States District Courts in the Northern, Central, Eastern, and Southern Districts of California, and the Northern District of Illinois, and C) all of California's state courts.

3. I have been practicing law full time for the past twenty-five (25) years. My practice has been devoted to complex class action litigation for the past twenty years. Much of this litigation has involved class action prosecution of wage and hour laws (state and federal), state and federal privacy laws (FCRA and CCCRA) and consumer laws. My practice involves litigation in both state and federal courts. A sampling of some of the more significant class action cases (including wage and hour litigation) handled by Righetti Law Firm, P.C., includes: *Gentry v. Circuit City Stores, Inc.* (Hon Tricia Ann Bigelow, Los Angeles County Superior Court), plaintiff's counsel in an overtime class action where the court of appeal's decision affirming a trial court's order to enforce an employment agreement barring class actions was reversed by the California Supreme Court in *Gentry v. Superior Court* (2007) 42 Cal.4th 443; *Rocher v. Sav-On Drug Stores* (Hon. Victoria G. Chaney, Los Angeles County Superior Court), co-lead counsel in a certified overtime class action [in a seminal decision, the California Supreme Court unanimously overturned the Court of Appeal's decision to reverse certification

(*Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319)]]; *Cooper et al. v. Chief Auto Parts* (Hon. Ken Kawaichi, Alameda County Superior Court), a multi-party (over 200 included plaintiffs) overtime case that proceeded through a merits arbitration; *Winfrey v. Chief Auto Parts* (Hon. David Garcia, San Francisco Superior Court), a certified wage and hour class action where the trial court's order to deny certification was reversed by the First DCA in an unpublished opinion; *Rutti v. Lojack* (USDC, California) [Ninth Circuit reversed District Court summary judgment order based on Petition for Rehearing (See, *Rutti v. Lojack* (2010) 07-56599 (9th Cir. 2010).

There are many cases where Righetti Law Firm, P.C. has acted as class counsel in certified class actions in state and federal courts and on appeal.

4. We acted as trial counsel in what we believe are the only three class action overtime cases ever to have been tried under the quantitative executive exemption standard articulated in *Ramirez v. Yosemite Water Company* (1999) 20 Cal.4th 785. The first case was tried in Los Angeles County Superior Court before the Hon. J. Stephen Czuleger, resulting in a phase one finding that U-Haul had misclassified all California salaried "General Managers" as exempt from overtime. The case settled before the phase two remedy trial convened. The second case was tried in San Diego County Superior Court before the Honorable Patricia Cowett, resulting in a phase one finding that *Aiko Party City* had misclassified salaried employees as exempt from overtime. In the third case, we were co-lead counsel in the *Sav-on* overtime litigation that completed the first phase of trial before the Honorable Victoria G. Chaney (now Justice Chaney) in Los Angeles County Superior Court (complex). Plaintiffs' counsel also prepared for trial the *Staples Overtime Cases* for trial before the Hon, Ronald M. Bauer, and the *Goodyear* overtime class action before the Hon. Anthony Mohr (the case settled a

few weeks before the class-wide trial).

5. I regularly speak on panels that involve class action and employment issues. On average, I speak four or five times per year to organizations such as the American Conference Institute, California Employment Lawyers Association, Bridgeport CEB, Industrial Relations Association, and a wide range of Bar associations in California on class action issues involving matters such as trial methodology, class certification, discovery and privacy issues, arbitration agreements and releases, mediation and settlement and recent developments in the field. Over the years litigating these kinds of cases we have developed a good deal of appellate experience. It is quite common for our class action cases to traverse through the appellate courts during the course of proceedings. We have also represented plaintiffs in many other appellate court decisions in state and federal court. Righetti Law Firm also represents various amicus groups on occasion in court of appeal proceedings. We have handled appeals throughout California and in the federal courts of the Ninth Circuit, the Seventh Circuit and the Federal Circuit.

## PROCEEDINGS IN THE CASE AT BAR

6. The earliest of the pending wage cases against Debtor started in August 29, 2002 (*Gentry*). The remaining three cases were filed and litigated thereafter. In each case – despite the Supreme Court's decision invalidating Debtor's arbitration agreement – Debtor repeatedly sought to enforce its arbitration agreement in the trial courts. Each trial court that heard the issue agreed with Plaintiffs and refused to enforce Debtor's arbitration agreement – and each time Debtor pursued the issue further in the courts of appeal. Based on both Debtor's filing of its voluntary petition and Debtor's appeals in state court, the trial and appellate court proceedings have been stayed under both California Code of Civil Procedure section 916 and pursuant to the federal bankruptcy law "automatic stay" rules.

---

4

**DECLARATION OF MATTHEW RIGHETTI IN SUPPORT OF CREDITORS GENTRY, HERNANDEZ, CARD, AND SKAF'S OMNIBUS OPPOSITION TO DEBTOR'S MOTIONS FOR SUMMARY JUDGMENT AND APPLICATION FOR A RULE 56(f) CONTINUANCE**

7.   Debtor has failed to respond to any of the allegations in any of the pending claims/cases in either state court or this bankruptcy court. No answer or other response has been filed (other than serial and perfunctory objections). No Rule 26 conference has been scheduled or conducted. Even if Creditors knew what alleged claims Debtor was disputing, which we still do not because no response to any of the complaints/claims has been made by Debtor, due to the automatic stay, Creditors' counsel is prohibited from conducting discovery on any issues (certification, merits or damages) against Debtor.

8.   Creditors (Gentry, Card, Hernandez and Skaf) have been not-so-patiently waiting in line for Debtor to "engage" on Creditors' claims. I repeatedly contacted Debtor's counsel at Skadden Arps to discuss these claims. I asked several times whether Debtor would stipulate to relief from the automatic stay so these claims could be litigated in state court (with the proviso that the parties would then return to this Court so any resulting judgment could be handled by this Court in the context of the bankruptcy proceedings). Debtor's bankruptcy counsel informed me that a) it will not consider relief from the automatic stay to either litigate the claims in state court or here, and b) due to the fact that this is a liquidating Chapter 11 case, this Court has repeatedly advised Debtor and Creditors' counsel that it disfavored motions requesting relief from stay to litigate in state court, as it is costly and will further depreciate debtor's already depleted asset base through expenditure of funds on litigation matters. In other words, this Court wanted all matters to stay in Virginia and remain subject to the automatic stay.

9.   There has been no response to any of the claims/complaints at issue here. Nor has any Rule 26 conference been scheduled. Likewise, there has been no Rule 26 disclosures set. Based on the "stayed" status of the case, Creditors have not been given the opportunity to conduct any discovery – nor could Creditors have known what discovery to conduct given that

---
5
**DECLARATION OF MATTHEW RIGHETTI IN SUPPORT OF CREDITORS GENTRY, HERNANDEZ, CARD, AND SKAF'S OMNIBUS OPPOSITION TO DEBTOR'S MOTIONS FOR SUMMARY JUDGMENT AND APPLICATION FOR A RULE 56(f) CONTINUANCE**

Debtor has not answered any of Creditors' allegations. Until Debtor filed the four Motions for Summary Judgment and Supplement to Omnibus Objections immediate at issue here, Creditors had no information whatsoever as to which aspect of Creditors' claims, if any, Debtor disputed. And, we still do not know as that cannot be discerned from Debtor's moving papers. For example, Creditors still do not know whether Debtor disputes Creditors' claims for unpaid wages, or damages, or class certification, etc. – and if so, on what basis (legal or factual). Until Debtor provides Creditors with such information it is *impossible* to determine the scope of discovery which would be necessary to evaluate Debtors contentions and/or affirmative defenses – all essential building blocks to a motion for class certification. As a result, the Creditors are without critical information (and have not even been given the opportunity to discover the information) necessary to oppose or refute the arguments of Debtor in both its Motions for Summary Judgment and Supplements to Objections Nineteen and Thirty-One.

10.    As laid out in Sections IV(B)(1), (2), (3), (4) Creditors specifically need to conduct the following discovery in order to support arguments to oppose Debtor's Motions for Summary Judgment and/or Omnibus Objections:

   a.    **Creditors need discovery specifically related to class certification.**

In order to make a B.R. Rule 9014(c) motion to have a court apply B.R. Rule 7023 to a case, one must establish that his/her case meets all the elements for Rule 23 class certification (e.g. questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy). This showing is not possible in even the most clear-cut case without first conducting discovery.

Creditors have been precluded from assembling any of the evidence necessary to support

---

6

**DECLARATION OF MATTHEW RIGHETTI IN SUPPORT OF CREDITORS GENTRY, HERNANDEZ, CARD, AND SKAF'S OMNIBUS OPPOSITION TO DEBTOR'S MOTIONS FOR SUMMARY JUDGMENT AND APPLICATION FOR A RULE 56(f) CONTINUANCE**

a certification motion because they have been unable to conduct any discovery in any of the four cases, much less explore any of Debtor's contentions or affirmative defenses because they have not answered or disputed Creditors' Complaints/claims.

Prior to receiving Debtor's Motions for Summary Judgment Creditors weren't even aware if Debtor was disputing class certification in these cases at all because Debtor has not answered the complaints/claims. For these reasons, now that Debtor and the Court are both focused on the issues in these cases, Creditors request the opportunity to conduct discovery in order to make a showing to the Court that the cases are appropriate for certification.

        **b.    Creditors need discovery to determine which of the unnamed class member claimants deserve priority.**

Creditors' second specific need for discovery pertains to Debtor's Motions for Summary Judgment. Debtor's Motions for Summary Judgment each ask that Creditors' claims be reclassified to unsecured, non-priority claims pursuant to Bankruptcy Code Section 507(a)(4), because, so Debtor asserts, none of the named Creditors worked within 180 days of the Petition Date. Creditors have not been given the opportunity to conduct discovery as to which putative class members in the respective four cases "earned" wages during the 180 days before the Petition Date. Debtor is in the exclusive possession of all the information necessary to evaluate which employees in California worked for the Debtor during this time period.

        **c.    Creditors need discovery as to the means through which Debtor notified the unnamed, putative class member-claimants, if at all, about the bar date in this case.**

Creditors' third specific need for discovery pertains to Debtor's indication that it published the Claims Bar Date Notice in the Wall Street Journal and The Richmond time-Dispatch. See, e.g. Motion for Summary Judgment with respect to class claim filed by Joseph Skaf, ¶ 7. It appears that Debtor failed to take steps to provide reasonable and practical notice to

any of the unnamed claimants about the Bar Date in this case; rather, Debtor suggests that because it merely published something in two different relatively obtuse news publications, it has carried its burden of informing the unnamed claimants about their potential right to file a claim.

Where Debtor has the requisite information to provide *actual* notice to unnamed claimants about the right to file a claim before the Bar Date, it is disingenuous for Debtor to now suggest that all unnamed claimants should be barred because they did not file claims after the publication in the Wall Street Journal and the Richmond Times-Dispatch; especially where are the class members are residents of California and are mainly low wage workers who are highly unlikely to read the pages of the Wall Street Journal! It is also important to note that Creditors have been unable to notify the unnamed claimants about these cases because Creditors' do not have the identities and last known contact information for these former employees of Debtor. For this reason, Creditor requests the opportunity to both obtain names and contact information for the class members and to conduct discovery as to Debtor's method, if any, for notifying unnamed potential claimants about the Bar Date for these proceedings.

         **d.    Creditors need the identities and contact information for the putative class members.**

As to the identities of the putative class members, the putative class members are usually the most knowledgeable witnesses of key facts in this case relevant to the class certification issues noted above. The information derived from the putative class members usually sheds the most light on the issues of commonality and typicality, both essential elements under FRCP Rule 23(b) (assuming Debtor is contesting those allegations). Accordingly, Creditors respectfully request the opportunity to conduct discovery as to the identities and last known contact information (residence address and phone number) for the unnamed claimants, as such

---

8

**DECLARATION OF MATTHEW RIGHETTI IN SUPPORT OF CREDITORS GENTRY, HERNANDEZ, CARD, AND SKAF'S OMNIBUS OPPOSITION TO DEBTOR'S MOTIONS FOR SUMMARY JUDGMENT AND APPLICATION FOR A RULE 56(f) CONTINUANCE**

information is usually the most informative in proving up one's case for class certification.

11. For the reasons set out in Paragraph 9 above, Creditors specifically request the Court's permission to conduct the following discovery listed below, which Creditors believe can be accomplished in ninety (90) days if the Court lifts the mandatory stay on discovery currently preventing Creditors from ascertaining any information regarding Debtor's contentions in these cases. The discovery Creditors seek to conduct is as follows:

- Initial disclosures pursuant to Rule 26(a)(1);
- A deposition of a corporate representative (person most knowledgeable) on a limited number of topics related to class certification, wage/hour policies, procedures and practices and Debtor's contentions regarding Creditors' claims, and the means, if any, by which Debtor notified unnamed claimants of the bar date in this case;
- Limited production of documents pertinent to Creditors' claims, e.g.:
    - Employee personnel files for putative class representatives.
    - Documents reflecting employment policies and procedures, such as employee handbooks, job or time/motion studies or surveys conducted of putative class members and job descriptions.
- Special Interrogatories seeking facts and witnesses supporting Debtor's contentions in this case and requesting that Debtor identify the identities and contact information for witnesses and putative class members.

Creditors believe that with the Court's permission to conduct the specific discovery listed above, Creditors will have the information necessary to oppose Debtor's motions for summary judgment and will be able to move forward in this Court with Creditors' motions for class certification.

///

///

9

**DECLARATION OF MATTHEW RIGHETTI IN SUPPORT OF CREDITORS GENTRY, HERNANDEZ, CARD, AND SKAF'S OMNIBUS OPPOSITION TO DEBTOR'S MOTIONS FOR SUMMARY JUDGMENT AND APPLICATION FOR A RULE 56(f) CONTINUANCE**

It is for these reasons that we respectfully request a ninety (90) day continuance and permission from this Court to conduct discovery so we may submit our motion for class certification.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed this 17th day of March, 2010, at San Francisco, California.

Respectfully Submitted,

**RIGHETTI LAW FIRM, P.C.**

_____
MATTHEW RIGHETTI
Attorneys for Creditors

---

10
**DECLARATION OF MATTHEW RIGHETTI IN SUPPORT OF CREDITORS GENTRY, HERNANDEZ, CARD, AND SKAF'S OMNIBUS OPPOSITION TO DEBTOR'S MOTIONS FOR SUMMARY JUDGMENT AND APPLICATION FOR A RULE 56(f) CONTINUANCE**