**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| CIRCUIT CITY STORES, INC., et al.,[1] | : Case No. 08-35653-KRH |
| | : (Jointly Administered) |
| Debtors. | : |
| | : |

**FIFTH INTERIM APPLICATION OF PACHULSKI STANG
ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD FROM NOVEMBER 1, 2009 THROUGH JANUARY 31, 2010**

TO:  THE HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Pachulski Stang Ziehl & Jones LLP ("PSZJ" or "Applicant") hereby files this Fifth Interim Application of Pachulski Stang Ziehl & Jones LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for the Period from November 1, 2009 through January 31, 2010 (the "Application"). By this Application, PSZJ seeks an interim allowance of compensation in the amount of $182,516.00 and reimbursement of actual and necessary expenses in the amount of $2,265.49, for a total allowed amount of $184,781.49, and payment of the unpaid portion of such fees and expenses

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their respective federal tax identifications numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

12304-002\DOCS_NY:20291.1

for the period November 1, 2009 through January 31, 2010 (the "Interim Period") in the aggregate amount of $62,749.08.[2] In support of this Application, PSZJ respectfully represents as follows:

**Background**

1.  On November 10, 2008 (the "Petition Date"), the Debtors filed their voluntary Chapter 11 petitions for relief, thereby commencing the above-captioned cases. The cases are being jointly administered but are not substantively consolidated. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, neither a trustee nor an examiner has been appointed in these chapter 11 cases. On November 12, 2008, the Office of the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in these cases pursuant to Sections 1102(a) and 1102(b)(1). On November 13, 2008, the Committee was amended by the U.S. Trustee. On November 18, 2008, the Committee voted to retain Pachulski Stang Ziehl & Jones LLP as lead counsel in these matters.

2.  On September 29, 2009, the Debtors and Committee filed the *First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims*.

3.  The associated disclosure statement was approved on September 24, 2009, and confirmation on the Plan is currently scheduled for April 6, 2010.

**Retention of PSZJ**

4.  On January 20, 2009, the Court entered its order authorizing the Committee to retain PSZJ (the "Retention Order") [Docket #1671]. A copy of the Retention Order is attached hereto as Exhibit A.

---

[2] This amount reflects a credit of -$4,164.22 for airfare expenses incurred in May 2009.

**Compensation Paid**

5. On December 9, 2008, the Court entered its Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation ("Administrative Order") [Docket #830]. The Administrative Order authorized certain professionals and members of the Unsecured Creditors' Committee ("Professionals") to serve interim fee applications, pursuant to the procedures specified therein. If no objections are made within twenty (20) days after the end of the month for which compensation is sought, then the Debtors are authorized to pay the Professional eighty-five percent (85%) of the requested fees and one hundred percent (100%) of the requested expenses. Approximately every 120 days, each of the Professionals is to serve and file with the Court an interim or final fee application.

6. All Services for which PSZJ requests compensation were performed for or on behalf of the Committee.

7. Except as set forth herein, PSZJ has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.

8. Pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, there is no agreement or understanding between PSZJ and any other person other than the partners of PSZJ for the sharing of compensation to be received for services rendered in this case. PSZJ did not receive a retainer in these cases.

**Jurisdiction and Venue**

9. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(A). Venue of these cases

and this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. §§ 328, 330 and 331.

### Relief Requested

10. By this Application, PSZJ seeks an interim allowance of compensation in the amount of $182,516.00 (which amount represents 100% of fees incurred) and actual and necessary expenses in the amount of $2,265.49 (which amount represents 100% of expenses incurred) for a total allowed amount of $184,781.49, and payment of the unpaid amount of such fees and expenses for the period November 1, 2009 through January 31, 2010 of $62,749.08.

11. As of the date of this Application, PSZJ has received the following payment of fees and expenses for the period from November 1, 2009 through January 31, 2010. More specifically:

(a) PSZJ's monthly fee statement for the period from November 1, 2009 through November 30, 2009 sought an allowance of $89,221.00 as compensation for professional services rendered and $1,359.91 as reimbursement for reasonable costs incurred on behalf of the Committee. As of the date of this Application, Applicant has received $77,197.76 in payment for the November monthly fee statement.

(b) PSZJ's monthly fee statement for the period from December 1, 2009 through December 31, 2009 sought an allowance of $47,052.00 as compensation for professional services rendered and $676.23 as reimbursement for reasonable costs incurred on behalf of the Committee. As of the date of this Application, Applicant has received $40,670.43 in payment for the December monthly fee statement.

    (c)    PSZJ's monthly fee statement for the period from January 1, 2010 through January 31, 2010 sought an allowance of $46,243.00 as compensation for professional services rendered and $229.35 as reimbursement for reasonable costs incurred on behalf of the Committee.  As of the date of this Application, Applicant has not received payment for the January monthly fee statement.

    (d)    The documentation reflecting the services performed, the time expended by each professional and the hourly rate of each professional incurred during the Fifth Interim Compensation is annexed hereto as <u>Exhibit D</u>.

12.    All of the professional services rendered by PSZJ for which compensation is requested were rendered solely in connection with this case and on behalf of the Committee.  The services performed were necessary to the administration of these cases and were beneficial to the Committee at the time such services were rendered.  All services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed.  Annexed hereto as <u>Exhibit B</u> is a chart indicating the name of each attorney and paralegal who have worked on this case in the Interim Period, the time expended by each professional, his or her title, hourly rate, and fees charged.  Additionally, <u>Exhibit C</u> annexed hereto lists each work category and the number of hours expended by professionals for each such category.

13.    The compensation requested is consistent with the nature and extent of the services rendered during the Interim Period, the size and complexity of this case, the time, labor and special expertise brought to bear on the questions presented, and other related factors.  The compensation charged is reasonable based on rates charged by comparably skilled practitioners

in this and other firms in non-bankruptcy cases. As such, PSZJ submits that the compensation sought is reasonable within the meaning of Sections 330 and 331 of the Bankruptcy Code.

14. PSZJ has assigned attorneys to tasks commensurate with their level of experience, and has avoided the unnecessary duplication of services rendered which required independent judgment and decision-making. PSZJ requests no compensation for services which represent charges normally associated with the Firm's overhead.

15. As set forth in the attached exhibits, PSZJ rendered 274.7 hours of professional services during the Interim Period.

**Fee Statements**

16. The fee statements for the Interim Period are attached hereto as Exhibit D. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of PSZJ's knowledge, this Application complies with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules").

17. PSZJ's time reports are initially handwritten or typed by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZJ is particularly sensitive to issues of "lumping," and unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZJ's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code.

**Actual and Necessary Expenses**

18. A summary of actual and necessary expenses incurred by PSZJ for the Interim Period is attached hereto as part of Exhibit E and the expense detail is included in the statements attached as Exhibit D. PSZJ charges $0.10 per page for photocopying expenses related to this case. PSZJ's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZJ summarizes each client's photocopying charges on a daily basis.

19. PSZJ charges $1.00 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile reflects PSZJ's calculation of the actual costs incurred by PSZJ for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services.

20. Regarding providers of on-line legal research (*e.g.*, Lexis and Westlaw), PSZJ charges the standard usage rates these providers charge for computerized legal research. PSZJ bills its clients the actual cash charged by such services, with no premium. Any volume discount received by PSZJ is passed on to the client.

21. PSZJ believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZJ believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges, and the rules of the court as applicable to these cases.

**Summary of Services Rendered**

22. The names of the partners and associates of PSZJ who have rendered professional services in this case during the Interim Period, and the paralegals who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit B.

23. PSZJ, by and through the above-named persons, has prepared and assisted in the preparation of various pending motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with this case, and performed all necessary professional services which are described and narrated in detail below.

**Summary of Services by Categories**

24. The services rendered by PSZJ during the Interim Period can be grouped into the categories set forth below. PSZJ attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit D. Exhibit D identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

**A.    Asset Disposition**

25. Time billed to this category relates to the solicitation and sale of the Debtors' real property assets.

    Fees:  $522.50                      Total hours:   0.70

**B.    Case Administration**

26.    Time billed to this category relates to case administration matters. During the Interim Period, PSZJ, among other things: (1) reviewed daily filings in these cases; (2) reviewed e-filing notices and distributed documents; and (3) maintained document control in a rapidly moving chapter 11 case.

Fees:    $3,821.50            Total hours:    13.90

**C.    Canada**

27.    Time billed to this category relates to analyzing Canadian tax issues.

Fees:    $11,542.50            Total hours:    15.10

**D.    Claims Administration and Objections**

28.    Time billed to this category relates to claims administration and claims objections. During the Interim Period, PSZJ, among other things, reviewed and analyzed issues related to creditors' section 502(b) and section 503(b)(9) claims.

Fees:    $43,556.00            Total hours:    78.70

**E.    Compensation of Professionals**

29.    Time billed to this category relates to reviewing and preparing monthly and interim fee applications.

Fees:    $6,143.50            Total hours:    12.30

**F.    General Creditors Committee**

30.    Included in this category is the preparation for and attendance at meetings, in person and telephonically, of the Creditors' Committee for the various issues arising out of the chapter 11 cases. Also included in this category is time spent reviewing various pleadings and

weekly memoranda, time spent in preparation for committee calls, and addressing matters related to various motions.

   Fees: $19,608.50    Total hours: 26.10

**G.** **Hearings**

   31. Included in this category are services related to attendance at hearings before the Bankruptcy Court on various matters.

   Fees: $5,300.00    Total hours: 7.00

**H.** **Litigation**

   32. Included in this category are services rendered relating to the flat screen litigation claims.

   Fees: $4,530.50    Total hours: 5.90

**I.** **Plan and Disclosure Statement**

   33. Included in this category are services rendered relating to various plan issues, including analyzing various plan objections and the drafting of a liquidating trust agreement. Time billed to this category also relates to PSZJ's analysis of many issues that affect the Debtors' ability to confirm a consensual plan of liquidation. During the Interim Period, PSZJ devoted time to analyzing the joint plan of liquidation, and advising the Committee as to the plan confirmation process.

   Fees: $67,574.00    Total hours: 89.60

**J.** **Retention of Professionals**

   34. Time billed in this category relates to motions and other matters pertaining to the James Marcum consulting agreement, and retention of Al Siegel of Crowe & Horwath as Chief Restructuring Officer.

   Fees: $18,612.00     Total hours: 23.20

**K.** **Tax Issues**

  35. Time billed in this category during the Interim Period relates to the analysis of various tax issues.

   Fees: $1,305.00     Total hours: 1.80

  36. The nature of work performed by the PSZJ attorneys and paralegals is fully set forth in **Exhibit B** attached hereto. The hourly rates being charged are PSZJ's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZJ to Debtor during the Interim Period is $182,516.00.

  37. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZJ is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, PSZJ has reviewed the requirements of the Local Rules and believes that this Application complies with such rules.

**Certification Pursuant to Section 504 of the Bankruptcy Code**

  38. The Certification of Jeffrey N. Pomerantz, submitted pursuant to section 504 of the Bankruptcy Code, is attached hereto as Exhibit F.

  WHEREFORE, PSZJ respectfully requests that the Court approve, for the period November 1, 2009 through January 31, 2010, the interim allowance of the sum of $182,516.00 as compensation for necessary professional services rendered, and the sum of $2,265.49 for reimbursement of actual necessary costs and expenses, for a total of $184,781.49, that the Debtors be authorized and directed to pay the unpaid amount of such fees and expenses for a

total additional payment amount of $62,749.08,[3] and for such other and further relief as this Court may deem just and proper.

Dated:   March 16, 2010

PACHULSKI STANG ZIEHL & JONES LLP

By   */s/ Jeffrey N. Pomerantz*
Jeffrey N. Pomerantz (admitted *pro hac vice*)
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA 90067-4100
Telephone: 310.277.6910
Facsimile:  310.201.0760

Counsel for the Official Committee of Unsecured Creditors

---

[3] This amount reflects a credit of -$4,164.22 for airfare expenses incurred in May 2009.

Filed This 17th Day of March 2010     By:     OFFICIAL COMMITTEE OF
                                               UNSECURED CREDITORS


                                        By: */s/ Paula S. Beran*
                                            Counsel

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178
E-mail: ltavenner@tb-lawfirm.com
        pberan@tb-lawfirm.com


Local Co-Counsel for the Official Committee of Unsecured
Creditors

-and-

Richard M. Pachulski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF-2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California 90067-4100
Telephone: 310-277-6910
Facsimile: 310-201-0760
E-mail rpachulski@pszjlaw.com:
       rfeinstein@pszjlaw.com
       jpomerantz@pszjlaw.com

Lead Counsel for the Official Committee of Unsecured
Creditors

## **CERTIFICATE OF SERVICE**

I hereby certify that on or before the 17th day of March, 2010 a true copy of the foregoing Fifth Interim Application of Pachulski Stang Ziehl & Jones LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Creditors for the Period from November 1, 2009 through January 31, 2010 was served via first-class mail, postage-prepaid and/or electronic delivery to:

Robert B. Van Arsdale – Via email: robert.b.van.arsdale@usdoj.gov
June E. Turner – Via email: june.e.turner@usdoj.gov
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

Michelle Mosier – Via email michelle_mosier@ccswinddown.com
Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233

Gregg M. Galardi, Esq. – Via email: gregg.galardi@skadden.com
Skadden, Arps, Slate, Meagher, & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899

Douglas M. Foley, Esq. – Via email: dfoley@mcguirewoods.com
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219

                                               */s/ Paula S. Beran*
                                               Co-Counsel

## **EXHIBIT B**

## **SUMMARY OF TIME CHARGES AND HOURLY RATES BY PROFESSIONAL FOR PERIOD FROM NOVEMBER 1, 2009 THROUGH JANUARY 31, 2010**

| Name of Professional & Title | Year Admitted to Practice | Billing Rate | Total Hours Billed | Fee Totals |
|---|---|---|---|---|
| Richard M. Pachulski, Partner | 1979 | 925.00 | 12.80 | $11,840.00 |
| Richard M. Pachulski, Partner | 1979 | 895.00 | 45.60 | $40,812.00 |
| Dean A. Ziehl, Partner | 1978 | 825.00 | 0.20 | $165.00 |
| Robert J. Feinstein, Partner | 1982 | 855.00 | 13.60 | $11,628.00 |
| Robert J. Feinstein, Partner | 1982 | 825.00 | 27.00 | $22,275.00 |
| John A. Morris, Partner | 1991 | 750.00 | 11.10 | $8,325.00 |
| John A. Morris, Partner | 1991 | 725.00 | 30.80 | $22,330.00 |
| Stanley E. Goldich, Partner | 1980 | 750.00 | 0.20 | $150.00 |
| Stanley E. Goldich, Partner | 1980 | 725.00 | 0.50 | $362.50 |
| Jeffrey N. Pomerantz, Partner | 1989 | 775.00 | 16.60 | $12,865.00 |
| Jeffrey N. Pomerantz, Partner | 1989 | 725.00 | 51.30 | $37,192.50 |
| David J. Barton, Partner | 1981 | 725.00 | 0.20 | $145.00 |
| Beth E. Levine, Of Counsel | 1992 | 525.00 | 0.60 | $315.00 |
| David A. Abadir, Associate | 2008 | 425.00 | 0.70 | $297.50 |
| David A. Abadir, Associate | 2008 | 395.00 | 8.60 | $3,397.00 |
| Beth D. Dassa, Paralegal | N/A | 235.00 | 1.70 | $399.50 |
| Beth D. Dassa, Paralegal | N/A | 225.00 | 19.60 | $4,410.00 |
| Michael Matteo, Paralegal | N/A | 205.00 | 3.60 | $738.00 |
| Michael Matteo, Paralegal | N/A | 195.00 | 8.20 | $1,599.00 |
| Andrew C. Sahn, Paralegal | N/A | 150.00 | 21.80 | $3,270.00 |
| | **TIME CHARGES TOTAL:** | | **274.70** | **$182,516.00** |
| | | | | **$182,516.00** |

**Total Hours:** 274.70

**Blended Hourly Rate:** $664.42
**(Attorneys and Paralegals)**

**Blended Hourly Rate:** $782.98
**(Attorneys)**

12304-002\DOCS_NY:20291.1

# EXHIBIT C

## SUMMARY OF SERVICES BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees Requested |
|---|---|---|
| Asset Disposition | 0.70 | $522.50 |
| Case Administration | 13.90 | $3,821.50 |
| Canada | 15.10 | $11,542.50 |
| Claims Administration/Objections | 78.70 | $43,556.00 |
| Compensation of Professionals | 12.30 | $6,143.50 |
| General Creditors Committee | 26.10 | $19,608.50 |
| Hearings | 7.00 | $5,300.00 |
| Litigation | 5.90 | $4,530.50 |
| Plan & Disclosure Statement | 89.60 | $67,574.00 |
| Retention of Professionals | 23.60 | $18,612.00 |
| Tax Issues | 1.80 | $1,305.00 |
| **TOTAL SERVICES BILLED:** | **274.70** | **$182,516.00** |

## **EXHIBIT E**

### **SUMMARY OF DISBURSEMENTS BILLED**

| Expense Category | Total Expenses |
|---|---|
| Business / Working Meals | $47.66 |
| Conference Call | $434.12 |
| Incoming Faxes | $1.40 |
| Postage / Federal Express | $30.51 |
| Reproduction Expense | $13.30 |
| Reproduction / Scan Copy | $891.70 |
| Research | $846.80 |
| **TOTAL EXPENSES:** | **$2,265.49** |
| Less Prior Period Airfare Credit | ($4,164.22) |

12304-002\DOCS_NY:20291.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| CIRCUIT CITY STORES, INC., <u>et</u> <u>al</u>.,[1] | : Case No. 08-35653-KRH |
| | : (Jointly Administered) |
| Debtors. | : |
| | : |

**CERTIFICATION UNDER GUIDELINES FOR FEES AND
DISBURSEMENTS FOR PROFESSIONALS IN RESPECT
OF FIFTH INTERIM APPLICATION OF PACHULSKI
STANG ZIEHL & JONES LLP FOR COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
AS COUNSEL TO THE OFFICIAL COMMITTEE OF CREDITORS
FOR THE PERIOD FROM NOVEMBER 1, 2009 THROUGH JANUARY 31, 2010**

I, Jeffrey N. Pomerantz, hereby certify that:

1. I am a partner with the applicant firm of Pachulski Stang Ziehl & Jones LLP ("<u>PSZJ</u>"), lead counsel to the Official Committee of Unsecured Creditors appointed in above-captioned matter. I submit this certification with respect to PSZJ's compliance with the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "<u>UST Guidelines</u>"), and the Order, Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation for Professionals ("<u>Administrative Order</u>"), and collectively with the Local Guidelines and UST Guidelines, (the "<u>Guidelines</u>.")

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their respective federal tax identifications numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

12304-002\DOCS_NY:20291.1

2.      This Certification in made in connection with the Fifth Interim Application of Pachulski Stang Ziehl & Jones LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Creditors (the "<u>Application</u>") for the Period from November 1, 2009 through January 31, 2010 ("<u>Interim Period</u>"), in accordance with the Guidelines.

3.      In accordance with 18 U.S.C. § 155 and the Rules of this Court, neither I nor any attorney of my firm has entered into any agreement, written or oral, express or implied, with the Office of the United States Trustee, with the Debtors, any creditor or any other party in interest, or any attorney of such person, for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the assets of the Debtor.

4.      In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm or any attorney thereof or any person for the division of such compensation as my firm may receive for services rendered in connection with this case, nor will any division or fees prohibited by Section 504 of the Bankruptcy Code be made by me or any partner, counsel or associate of my firm.

5.      I certify that:  (a) I have read the Application; (b) to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines; (c) the fees and disbursements sought are billed at rates in accordance with those customarily charged by PSZJ and generally accepted by PSZJ's clients; and (d) in providing a reimbursable service, PSZJ does not make a profit on that service, whether the service is performed by PSZJ in-house or through a third party.

6.  I certify that PSZJ has complied with the provision requiring it to provide the Debtors, on a monthly basis, with a statement of fees and disbursements accrued during the previous month. Copies of such monthly statements are attached as Exhibit D to the Application.

7.  I certify that the Debtors, counsel for the statutory creditors' committee, and the United States Trustee for the Eastern District of Virginia are each being provided with a copy of the Application.

Dated: March 16, 2010

PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ Jeffrey N. Pomerantz*
Jeffrey N. Pomerantz (admitted *pro hac vice*)
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA 90067-4100
Telephone: 310.277.6910
Facsimile: 310.201.0760

Counsel for the Official Committee of Unsecured Creditors