Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   1Case No. 08-35653 (KRH)
et al.,                       :
                              :
          Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**SUPPLEMENTAL ORDER RESOLVING THE DEBTORS' FOURTH, TWENTY-THIRD, AND FORTY-SECOND OMNIBUS OBJECTIONS WITH RESPECT TO MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.**

This matter is now before the Court with respect to the Fourth Omnibus Objection, the Twenty-Third Omnibus Objection, and the Forty-Second Omnibus Objection (as defined herein) of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") to

certain claims filed by Mitsubishi Digital Electronics America, Inc.; and upon consideration of the following:

1. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code;

2. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108;

3. On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases;

4. On November 12, 2008, this Court entered that certain Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 (Docket No. 107);

5. On November 18, 2008, Mitsubishi Digital Electronics America, Inc. ("Mitsubishi") timely filed its Proof of 503(b)(9) Claim (the "Mitsubishi 503(b)(9) Claim") with KCC. The Mitsubishi 503(b)(9) Claim asserted an administrative priority claim against Circuit City Stores, Inc. and its estate (collectively, "Circuit City") in the

2

amount of $4,965,976.18.  KCC docketed the Mitsubishi 503(b)(9) Claim as Claim No. 132;

6.    On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890);

7.    On January 28, 2009, Mitsubishi timely filed a proof of claim against the Debtors (the "Original Mitsubishi Proof of Claim") with KCC.  The Original Mitsubishi Proof of Claim asserted a total claim against Circuit City of $15,258,077.65, which was comprised of a secured claim in the amount of $2,641,909.24, a pre-Petition Date priority claim in the amount of $4,965,976.18, and a pre-Petition Date non-priority general unsecured claim in the amount of $7,650,191.58.  KCC docketed the Original Mitsubishi Proof of Claim as Claim No. 7194;

8.    On April 17, 2009, Mitsubishi filed an amended proof of claim with KCC (the "Amended Mitsubishi Proof of Claim"), whereby Mitsubishi amended the Original Mitsubishi Proof of Claim to assert a total claim against Circuit City of $15,258,077.65, which was comprised of a secured claim in

3

the amount of $3,110,267.24, a pre-Petition Date priority claim in the amount of $4,965,976.18, and a pre-Petition Date non-priority general unsecured claim in the amount of $7,181,834.23. KCC docketed the Amended Mitsubishi Proof of Claim as Claim No. 12300;

9. On April 17, 2009, the Debtors filed the Debtors' Fourth Omnibus Objection to Certain Duplicative Claims (the "Fourth Omnibus Objection") (Docket No. 3096), in which, among other things, the Debtors objected to Mitsubishi's inclusion of its $4,965,976.18 administrative priority claim as part of the Original Mitsubishi Proof of Claim, arguing that it is duplicative of the Mitsubishi 503(b)(9) Claim;

10. Mitsubishi, on May 20, 2009, filed a response to the Fourth Omnibus Objection (Docket No. 3384), and on July 6, 2009, filed a supplemental response to the Fourth Omnibus Objection (Docket No. 3946);

11. On June 23, 2009, the Debtors filed the Debtors' Twentieth Omnibus Objection to Claims (the "Twentieth Omnibus Objection") (Docket No. 3704), in which, among other things, the Debtors objected to the inclusion of an invoice for $76,260.00 as part of the Mitsubishi 503(b)(9) Claim and sought to have such amount reclassified as a general unsecured claim, arguing that the Debtors did not receive

4

the goods listed on the invoice within the twenty days prior to commencement of the above-referenced bankruptcy cases;

12. On July 6, 2009, Mitsubishi filed a response to the Twentieth Omnibus Objection (Docket No. 3946);

13. On June 23, 2009, the Debtors filed the Debtors' Twenty-Third Omnibus Objection to Claims (the "Twenty-Third Omnibus Objection") (Docket No. 3711), in which, among other things, the Debtors objected to Mitsubishi's inclusion of its $4,965,976.18 administrative priority claim as part of the Amended Mitsubishi Proof of Claim, arguing that it is duplicative of the Mitsubishi 503(b)(9) Claim;

14. On July 6, 2009, Mitsubishi filed a response to the Twenty-Third Omnibus Objection (Docket No. 3946);

15. On September 21, 2009, the Debtors filed the Debtors' Forty-Second Omnibus Objection to Claims (the "Forty-Second Omnibus Objection" and together with the Fourth Omnibus Objection and the Twenty-Third Omnibus Objection, the "Objections") (Docket No. 5015), in which, among other things, the Debtors objected to the Original Mitsubishi Proof of Claim, arguing that the Original Mitsubishi Proof of Claim has been rendered moot and superseded by Mitsubishi's filing of the Amended Mitsubishi Proof of Claim;

5

16. On September 28, 2009, Mitsubishi filed a response to the Forty-Second Omnibus Objection (Docket No. 5122);

17. The hearing on the Objections has been continued from time to time and is currently scheduled for March 18, 2010; and

18. The Debtors and Mitsubishi have reached an agreement regarding the resolution of the Objections insofar as those Objections relate to the Mitsubishi 503(b)(9) Claim, the Original Mitsubishi Proof of Claim, and the Amended Mitsubishi Proof of Claim; and it appearing that the responses filed by Mitsubishi to the Objections have been addressed in this Order; and it appearing that the relief requested in the Objections is in the best interest of the Debtors, their estates and creditors and other parties-in-interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Subject to the terms of this Order, the Objections shall be deemed GRANTED.

2. Mitsubishi shall be deemed to have timely asserted against Circuit City a secured claim in the amount of $3,110,267.24 (as evidenced by the Amended Mitsubishi Proof

6

of Claim); a 503(b)(9) claim in the amount of $4,965,976.18 (as evidenced by the Mitsubishi 503(b)(9) Claim); and a non-priority general unsecured claim in the amount of $7,181,834.23 (as evidenced by the Amended Mitsubishi Proof of Claim).

3. All other claims asserted or filed by Mitsubishi for amounts due to it on and as of the Petition Date, other than those identified in the immediately preceding paragraph of this Order, shall be deemed WITHDRAWN by Mitsubishi as duplicate claims.

4. All responses filed by Mitsubishi with respect to the Objections are deemed RESOLVED.

5. Nothing contained in this Order shall effect, impair, or prejudice the rights of the Debtors with respect to the Twentieth Omnibus Objection or to file additional objections to the Mitsubishi 503(b)(9) Claim or the Amended Mitsubishi Proof of Claim, the defenses of Mitsubishi to the Twentieth Omnibus Objection and any such further objections, or Mitsubishi's right to amend or supplement its claims against the Debtors.

6. The Debtors' rights to object to any claims on any grounds that governing law permits are not waived and are expressly reserved.

7

7. To the extent that this Order conflicts with any previous order entered with respect to the Objections, this Order shall control.

8. The Debtors shall serve a copy of this Order on Mitsubishi on or before seven (7) business days from the entry of this Order.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to this Order.

March ___, 2010.

_____
Honorable Kevin R. Huennekens
United States Bankruptcy Judge

```
WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

 /s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

        - and -
```

9

SEEN AND AGREED:

_/s/ Philip C. Baxa_____
Philip C. Baxa (VSB No. 22977)
MERCER TRIGIANI LLP
16 South Second Street
Richmond, Virginia 23219
(804) 782-8691

            - and -

James A. Pardo, Jr.
Thaddeus D. Wilson
KING & SPALDING LLP
1180 Peachtree St., 28th Floor
Atlanta, Georgia 30309
(404) 572-4842

Counsel for Mitsubishi
Digital Electronics America, Inc.

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

    /s/ Douglas M. Foley

Douglas M. Foley

\10902994.1