Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

– and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
           Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' OBJECTION TO MOTION TO ALLOW THE PROOF
OF CLAIM OF ASHLEY ISAAC AS TIMELY FILED**

The debtors and debtors-in-possession in the above-
captioned jointly administered cases (collectively, the
"Debtors")[1] hereby file this objection (the "Objection") to

---

[1] The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc. (3875),
Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC
(5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia,

the Motion to Allow the Proof of Claim of Ashley Isaac as
Timely Filed (Docket No. 5873) (the "Late Claim Motion")
filed by Ashley Isaac ("Movant").   In support of the
Objection, the Debtors respectfully represent as follows:

**BACKGROUND**

**A.    The Bankruptcy Cases**

1.    On November 10, 2008 (the "Petition Date"), the
Debtors filed with the United States Bankruptcy Court for
the Eastern District of Virginia, Richmond Division (the
"Court"), their voluntary petitions for relief under chapter
11 of title 11 of the United State Code (the "Bankruptcy
Code") commencing the above-captioned chapter 11 cases.

2.    The Debtors have continued the management of
Debtors' business and properties as debtors-in-possession
pursuant to sections 1107(a) and 1108 of the Bankruptcy
Code.

3.    On November 12, 2008, the Office of the United
States Trustee for the Eastern District of Virginia

---

Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC
(2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs,
Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC
(9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for
Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard,
Westminster, Colorado 80031.  For all other Debtors, the address was 9950
Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook
Drive, Glen Allen, Virginia 23060.

appointed a statutory committee of unsecured creditors (the

"Creditors' Committee").  To date, no trustee or examiner

has been appointed in these chapter 11 cases.

**B.    The Bar Date for Filing General Unsecured Claims.**

   **(1)   General bar date.**

4.    On November 12, 2008, the Court appointed Kurtzman

Carson Consultants LLC ("KCC") as claims, noticing and

balloting agent for the Debtors in these chapter 11 cases

pursuant to 28 U.S.C. § 156(c).

5.    On December 10, 2009, the Court entered that

certain Order Pursuant to Bankruptcy Code Sections 105 and

502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I)

Setting General Bar Date and Procedures for Filing Proofs of

Claim; and (II) Approving Form and Manner of Notice Thereof

(Docket No. 890) (the "Claims Bar Date Order").

6.    Pursuant to the Claims Bar Date Order, the

deadline for filing all "claims" (as defined in 11 U.S.C. §

105(5)) arising before November 10, 2008 against the Debtors

by any non-governmental entity was 5:00 p.m. (Pacific) on

January 30, 2009 (the "General Bar Date").  The deadline for

governmental units to file claims that arose before November

10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the

"Governmental Bar Date").  Pursuant to the Claims Bar Date

Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

**(2)  Service of Claims Bar Date Notice.**

7.    On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314).

8.    In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

9.    Claimant was served with the Claims Bar Date Notice, a proof of claim form, and the Notice of Commencement and Deadlines due to her status as an employee. See Affidavit of Service, p. 2294, attached hereto as Exhibit A.

**C.   Contents of the Claims Bar Date Order and Notice**

10.   The Claims Bar Date Order provides in relevant part:

Pursuant to Bankruptcy Rule 3003(c)(3), all "entities" and "persons" (as defined respectively in 11 U.S.C. § 101(15) and (41)), except any governmental unit (as defined in 11 U.S.C. § 101(27)) that are creditors holding or wishing to assert "claims" (as defined in 11 U.S.C. § 101(5)) arising before the Petition Date against any of the Debtors are required to file with the Debtors' Claims Agent (as defined below), on or before 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date") a separate, completed, and executed proof of claim form (conforming substantially to Official Bankruptcy Form No. 10) on account of any such claims in accordance with the procedures set forth below.

. . .

Pursuant to Bankruptcy Rule 3003(c) and Bankruptcy Code section 502(b)(9), any governmental units (as defined in 11 U.S.C. § 101(27)) that are creditors holding or wishing to assert "claims" (as defined in 11 U.S.C. § 101(5)) arising before the Petition Date against any of the Debtors are required to file, on or before 5:00 p.m. (Pacific) on May 11, 2009(the "Governmental Bar Date") a separate, completed, and executed proof of claim form (conforming substantially to Official Bankruptcy Form No. 10) on account of any such claims in accordance with the procedures set forth below.

. . .

> Any creditor that is required to file
> but fails to file a proof of claim for
> its claim in accordance with the
> procedures set forth in this order on or
> before the General Bar Date, the
> Governmental Bar Date, or such other
> date established hereby (as applicable)
> shall be forever barred, estopped, and
> enjoined from: (a) asserting any Claim
> against the Debtors that (i) is in an
> amount that exceeds the amount, if any,
> that is set forth in the Schedules as
> undisputed, noncontingent, and
> unliquidated or (ii) is of a different
> nature or in a different classification
> (any such claim referred to as an
> "Unscheduled Claim") and (b) voting
> upon, or receiving distributions under,
> any plan or plans of reorganization in
> these chapter 11 cases in respect of an
> Unscheduled Claim; and the Debtors and
> their property shall be forever
> discharged from any and all indebtedness
> or liability with respect to such
> Unscheduled Claim.

Bar Date Order, ¶¶ 2, 3, 12

   11.   The Claims Bar Date Notice provides in relevant

part:

### CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any creditor that is required to file but fails to file a proof of claim for its Claim in accordance with the procedures set forth herein on or before the General Bar Date, the Governmental Bar Date, or such other date established hereby (as applicable) shall be forever barred, estopped, and enjoined from: (a) asserting any Claim against the Debtors that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules as undisputed, noncontingent, and unliquidated or (ii) is of a different nature or in a different classification (any such claim referred to as an "Unscheduled Claim") and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim; and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim.  If it is unclear from the Schedules and Statements whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the General Bar Date. Any Entity that relies on the Schedules and Statements bears responsibility for determining that its Claim is accurately listed therein.

Bar Date Notice, p. 5.

**D.   The Late Claim Motion.**

12.   By the Late Claim Motion, which was filed ten (10)
months after the General Bar Date, Movant seeks an extension
of the deadline by which she must file a proof of claim,
such that her late-filed proof of claim will not be barred
as late.   Movant asserts that her claim was filed late
because she did not receive notice of the General Bar Date.
Late Claim Motion, ¶ 8.

**(1)   Claimant's Claim.**

13.   On May 13, 2009, and in violation of the automatic
stay, Movant filed a complaint against, among others, the
Debtors in the United States District Court for the Northern
District of Alabama, Northern Division (the "District Court
Litigation").

14.   On July 20, 2009, the United States District Court
for the Northern District of Alabama <u>sua</u> <u>sponte</u> dismissed
the District Court Litigation as to the Debtors on account
of the Debtors' bankruptcy proceedings.   On August 14, 2009,
the District Court dismissed the District Court Litigation
against the remaining defendant.

15.   On July 28, 2009 – six (6) months after the
General Bar Date – the Movant filed a late proof of claim
asserting a general unsecured claim in the amount of

8

$850,000.00 against the Debtors ("Claim No. 14526"), based

on the District Court Litigation (which is no longer

pending).  A copy of Claim No. 14526 is attached hereto as

Exhibit B.  On November 20, 2009, the Debtors filed their

Sixtieth Omnibus Objection to Claims (Disallowance of

Certain (I) No Liability (Legal Claims); (Ii) No Liability

(Miscellaneous Claims); and (Iii) No Liability

(Subcontractor Claims)), which objected to, among other

claims, Claim No. 14526 (Docket No. 5879)(the "Sixtieth

Omnibus Objection").  On December 11, 2009, Movant filed her

response to the Sixtieth Omnibus Objection (Docket No.

6064)(the "Sixtieth Omnibus Responses").[2]

**OBJECTION**

**I.   Movant's Claim is Barred by the Terms of the Bar Date
     Order and Movant's Late Claim Motion Should be Denied**

16.   Movant did not file a claim by the General Bar

Date and, as a result, her claim is time barred and

permanently enjoined under the terms of the Bar Date Order.

17.   The claims bar date in a chapter 11 bankruptcy

case serves a very important purpose; "[t]he requirement of

a Bar Date in Chapter 11 enables the debtor...to establish

---

[2]   The hearing on the Sixtieth Omnibus Objection has been adjourned
generally, and is currently scheduled for a status hearing on April 15,
2010.  If this Court denies the Motion, however, it will moot the
Sixtieth Omnibus Objection with respect to the Movant and the Sixtieth
Omnibus Response because the effect will be to disallow Claim No. 14526.

the universe of claims with which it must deal and the amount of those claims." In re A.H. Robins Co., Inc., 129 B.R. 457, 459 (Bankr. E.D. Va. 1991); see also In re Circuit City Stores, Inc., Case No. 08-35653, Feb. 4, 2010, Docket No. 6465, p. 8.. Premised on the imperative purpose of finality of asserting claims against a debtor in chapter 11, courts have not allowed claims filed by creditors after the bar date, absent special circumstances. See In re Provident Hosp., Inc., 122 B.R. 683, 685 (D. Md. 1990), aff'd, 943 F.2d 49 (4th Cir. 1991) (unpublished opinion) ("Because [the claimant] did not timely file his bankruptcy claim after having been given constitutionally sufficient notice, his claim is barred under well-settled authority, 11 U.S.C. 1141(d) and Bankruptcy Rule 3003(c)(2).").

18.  Despite actual and constructive notice, Movant failed to file a claim by the General Bar Date.  As a result of Movant's failure to timely file a proof of claim by or before the General Bar Date, Movant is "forever barred, estopped and permanently enjoined from . . . asserting any Claim against the Debtors . . . ."  Claims Bar Date Order, p. 12.

**II.  Movant Has Failed To Satisfy The <u>Pioneer</u> Standard For Excusable Neglect And Her Late Claim Motion Should Be Denied.**

19.  Due process requires that the notice of the applicable bar date be "reasonably calculated, under the circumstances, to apprise an interested party of the pendency of the action." <u>In re Snug Enters., Inc.</u>, 169 B.R. 31, 33 (Bankr. E.D. Va. 1994).  As set forth above, Claimant received actual and constructive notice of the General Bar Date and sufficient notice was given to Claimant such that her due process rights were met.

20.  Bankruptcy Rule 9006(b)(1) provides that "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."  Fed. R. Bankr. P. 9006(b)(1).

21.  The Late Claim Motion raises factual and legal issues that must be analyzed under the standard articulated by the Supreme Court in <u>Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'Ship</u>.

22.   The Supreme Court, in _Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'Ship_, established the standard for determining whether a party's failure to file a proof of claim by the bar date was the result of "excusable neglect" such that the bankruptcy court may allow the party to file a late proof of claim.  _Pioneer_, 507 U.S. 380, 389 (1993); _see also_ _In re Wilmoth_, 2009 WL 902105 (Bankr. E.D. Va. March 5, 2009) (Huennekens, J.) (applying _Pioneer_ standard of excusable neglect).

23.   "'Excusable neglect' is not easily demonstrated, nor was it intended to be." _Thompson v. E.I. DuPont de Nemours & Co._, 76 F.3d 530, 534 (4th Cir. 1996); _see also_ _In re Circuit City Stores, Inc._, Case No. 08-35653, Feb. 4, 2010, Docket No. 6465, p. 10.  To determine whether neglect is excusable, a court should evaluate all relevant circumstances surrounding the party's failure to timely file.  _Pioneer_, 507 U.S. at 395; _see also_ _Huennekens v. Marx (In re Springfield Contracting Corp.)_, 156 B.R. 761, 766 (Bankr. E.D. Va. 1993).  These circumstances include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant

acted in good faith." Id. The inquiry is necessarily factual intensive, involving an examination of the facts and circumstances surrounding a creditor's failure to timely file a proof of claim. In re Cendant Corp. Prides Litigation, 233 F.3d 188, 196 (3d Cir. 2000) (finding that the court must consider the totality of the circumstances in determining whether there is excusable neglect); In re XO Communications, Inc., 301 B.R. 782, 796 (Bankr. S.D.N.Y. 2003) (citations omitted) ("[C]ourts are to look for a synergy of several factors . . ." in evaluating excusable neglect).

24. The burden of proving excusable neglect lies with the claimant seeking to file a proof of claim after a court-ordered bar date. In re Enron Corp., 419 F.3d 115 (2d Cir. 2005); see also Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 534 (4th Cir. 1996) ("'[T]he burden of demonstrating excusability lies with the party seeking the extension...'") (quoting In re O.P.M. Leasing Serv., Inc., 769 F.2d 911, 917 (2d. Cir. 1985)).

25. As one court in this district previously noted: "[i]f the court were to allow [Claimant] to file a late claim solely because [Claimant was] unaware of the bankruptcy filing, it is difficult to see on what basis the

court could deny the same relief to dozens or perhaps hundreds of creditors who might now come forward." In re US Airways, Inc., 2005 Bankr. LEXIS 2696, *24-25 (E.D. Va. 2005); In re US Airways, Inc., 2005 Bankr. WL 3676186, *8 (E.D. Va. 2005) ("[A]llowance of claims filed many months after the passage of the bar date would frustrate the efforts of both the participants and the court.")

26.    At this time, Movant has failed to satisfy her burden of alleging facts sufficient to satisfy the Pioneer standard, and the Late Claim Motion should be denied.

**A.    Movant's Failure to Timely File a Claim Was Not the Result of "Neglect"**

27.    "The law since the Pioneer decision has been well established that where a party's actions are deliberate, the party's late filing cannot constitute excusable neglect." In re Banco Latino International, 310 B.R. 780, 785 (Bankr. S.D. Fla. 2004) (internal quotations omitted); see also In re Celotex Corp., 232 B.R. 493, 495 (Bankr. M.D. Fla. 1999) ("After Pioneer, most courts have held that where a party's actions are deliberate, the party's late filing cannot constitute excusable neglect."); see also Agribank v. Breen, 188 B.R. 982, 989 (Bankr. C.D. Ill. 1995) ("[The Pioneer Court's] definition [of 'neglect'] virtually excludes any

possibility that a late filing which is the result of a party's deliberate choice can constitute 'neglect.'").

28.   Movant was served with the Claims Bar Date Notice in December 2009.  See Exhibit A; see also Southern Motors, Inc. v. Virginia National Bank, 73 B.R. 261, 265 (W.D. Va. 1988) ("Proof that mail was properly addressed, stamped, and deposited with the Postal Service has long been accepted as evidence of delivery to the addressee.").  As a result, Movant had adequate time to prepare and file her claim before the expiration of the General Bar Date.

29.   Movant's failure to file a claim appears to be the result of deliberate inaction, rather than "neglect." Because Movant had knowledge of the General Bar Date, Movant's conduct must be characterized as "deliberate."  See Pioneer Inv. Servs. Co., 507 U.S. at 388 (stating that neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness").  Movant's failure to timely file her claim was not the result of neglect.  Accordingly, Movant should not be allowed to file a late claim.

**B.   Alternatively, Movant's Neglect Was Not Excusable**

30.   If a claimant is able to overcome the burden of proving that its failure to timely file a claim was the

result of neglect, a court must then turn to the secondary
inquiry of whether or not such neglect is "excusable." See
id. at 395; see also In re Circuit City Stores, Inc., Case
No. 08-35653, Feb. 4, 2010, Docket No. 6465, p. 10. In
Pioneer, the Court held that the determination of whether
the claimant's neglect is excusable is "at bottom an
equitable one, taking account of all relevant circumstances
surrounding the party's omission." Id. In keeping with the
equitable nature of such a determination, the Supreme Court
set forth four (4) factors to be considered when
contemplating a motion to allow a late-filed proof of claim
under Rule 9006(b). Those factors include: (1) the danger
of prejudice to the debtor; (2) the length of the delay and
its potential impact on judicial proceedings; (3) the reason
for the delay, including whether it was within the
reasonable control of the claimant; and (4) whether the
claimant acted in good faith. Pioneer, 507 U.S. at 395.
Furthermore, this Court has adopted this standard. In re
Circuit City Stores, Inc., Case No. 08-35653, Feb. 4, 2010,
Docket No. 6465, p. 10.

31. In Thompson v. E.I. DuPont de Nemours & Co.,
Inc., 76 F.3d 530 (4th Cir. 1996), a unanimous panel of the
U.S. Court of Appeals held that the "excusable neglect"

standard was not an easy one to satisfy: "'excusable neglect' is not easily demonstrated, nor was it intended to be." Id. at 534; see also In re Best Products Co., 140 B.R. 353, 359 (S.D.N.Y. 1992) (characterizing the bar date as a court-imposed statute of limitation that is "peremptory"). Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable neglect." See Thompson, 76 F.3d at 534; see also In re Best Products Co., Inc., 140 B.R. at 358 ("Except when a known creditor is not listed on the schedules and hence fails to receive notice of the filing deadline, the bar date is strictly enforced.") (citing Wright v. Placid Oil Co., 107 B.R. 104, 106 (N.D. Tex. 1989)).  "Even upon a showing of 'excusable neglect,' whether to grant an enlargement of time still remains committed to the discretion of the district court." Thompson, 76 F.3d at 532.

### 1.   Movant Has Failed to Provide an Adequate Reason for Failing to Timely File

32.   "The most important of the factors identified in Pioneer for determining whether 'neglect' is 'excusable' is the reason for the failure to file." Thompson, 76 F.3d at 534.  "[T]he four Pioneer factors do not carry equal weight; the excuse given for the late filing must have the greatest

import.  While prejudice, length of delay, and good faith

might have more relevance in a close[] [sic] case, the

reason-for-delay factor will always be critical to the

inquiry." In re Enron Corp., 419 F.3d 115, 122-24 (3d Cir.

2005) (quoting Graphic Commc'ns. Int'l Union v. Quebecor

Printing Providence, Inc., 270 F.3d 1, 5-6 (1st Cir. 2001));

see also Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd.

P'ship, 507 U.S. at 395 (stating that it is also significant

whether or not the reason for the failure to file was

"within the reasonable control of the movant.").  In this

case, Movant offers no plausible reason for her failure to

file a proof of claim until nearly six (6) months after the

General Bar Date.

33.  The Supreme Court noted in Pioneer that

"inadvertence, ignorance of the rules, or mistakes

construing the rules do not usually constitute 'excusable

neglect.'"  507 U.S. at 392.

### 2.   Debtors Will Be Prejudiced if Movant's Claim Is Allowed

34.  Another factor to be considered when determining

whether a party's failure to act in a timely manner was

attributable to "excusable neglect" is whether the party's

failure to act in a timely manner will prejudice the

opposing party.  See Pioneer, 507 U.S. at 395.  However, the

presence or absence of prejudice to the Debtors is only one

of several factors to be considered by the court in

determining whether the claimant has satisfied the excusable

neglect standard.  See In re Keene Corp., 188 B.R. 903, 909

(S.D.N.Y. 1995) ("We ... conclude that an approach that

considers all the relevant factors, but recognizes that they

all need not point in the same direction, is the correct

one.  Conversely, we question the wisdom of an approach

under which the court must ultimately ignore the creditor's

culpability and permit the filing of an [sic] late claim if

prejudice is absent.").

        35.  The allowance of Movant's late claim could

conceivably have a negative impact on the dividend to other

creditors.  The allowance of this late claim would diminish

the distribution projected for those claimants that filed

timely proofs of claim.  See In re Intelligent Med. Imaging,

262 B.R. 142, 146 (Bankr. S.D. Fla. 2001) (disallowing the

late claim in a liquidating chapter 11 case because "the

claim would produce substantial prejudice to the other

creditors in the case, in that it would greatly reduce the

distribution to unsecured creditors.").  In addition, if

this Court were to grant Movant's Late Claim Motion, it may

encourage the filing of many similar motions, and the amount

of the Court's time that would be devoted to considering

late claim motions in this case would be substantial.

36.  Were this Court to grant the relief requested by

the Movant, it also would wreak administrative havoc in the

Debtors' claims resolution process, which could have a

substantial impact on distributions to other creditors, as

well as affect the liquidation analysis and claims pool with

respect to confirmation of the plan of liquidation.  The

amount of time and legal expense that the Debtors would have

to devote to responding to such motions, rather than

continuing to reconcile timely filed claims, also could be

substantial.  See In re Calpine Corp., 2007 U.S. Dist. LEXIS

86514 at *19 (S.D.N.Y. Nov. 21, 2007) (finding that "the

disruption in the judicial administration of the estate can

constitute prejudice, apart from any decreased

distribution"); see also In re Nat'l Steel Corp., 316 B.R.

510, 520 (Bankr. N.D. Ill. 2004) (disallowing a late claim

because allowing the claim would require considerable

analysis and time and would severely prejudice the debtors

and their ability to effectively and efficiently review and

dispose of claims and make distributions under the plan).

The allowance of late claims at this stage of the case also

would severely prejudice the administration of this mature liquidating chapter 11 case.

37.  Allowing Movant's late claim could easily open the flood gates for additional late claimants to come forward. As one court in this district has previously noted: "[i]f the court were to allow [Movant] to file a late claim solely because [Movant was] unaware of the bankruptcy filing, it is difficult to see on what basis the court could deny the same relief to dozens or perhaps hundreds of creditors who might now come forward." In re US Airways, Inc., 2005 Bankr. LEXIS 2696, *24-25 (E.D. Va. 2005); see also In re Dana Corp., 2007 Bankr. LEXIS 1394 at *19 (In a case dealing with a late-filed 503(b)(9) claim in a chapter 11 bankruptcy, the court held that "the floodgates argument is a viable one ... [g]ranting the requested relief ... would set an untenable precedent and would likely precipitate a flood of similar claims."); In re US Airways, Inc., 2005 Bankr. WL 3676186, *8 (E.D. Va. 2005) ("[A]llowance of claims filed many months after the passage of the bar date would frustrate the efforts of both the participants and the court.")

38.  Movant's Late Claim Motion should be denied because its allowance would significantly prejudice the Debtors, open the door to a flood of late claims, reduce the

21

recovery to other creditors, and result in significant investment of time and expense on behalf of this Court, the Debtors and their professionals.

### 3. The Length of Delay Weighs Against the Allowance of Movant's Late Claim

39. Another factor this Court must consider is the length of the delay.  The length of Movant's delay in this case is significant and weighs against the Movant.  Movant was served with the Bar Date Notice in December 2008, however, she did not file her claim until July 28, 2009. Furthermore, the Late Claim Motion was not filed until November 19, 2009.

40. It is not uncommon for courts to deny a proof of claim filed just a few days after the bar date.  See Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530 (4th Cir. 1996) (refusing to enlarge the period for filing a notice of appeal when the litigant mailed the notice three days prior to the expiration of the deadline but the notice did not arrive until three days after the expiration of the deadline); see also In re Dishman, 257 B.R. 780 (Bankr. E.D. Va. 2000) (refusing to enlarge time for filing of complaint where complaint was filed two days late due to a delay in mail delivery caused by inclement weather); see also Avnet,

Inc. v. Maxwell, 2006 WL 1519333 (N.D. Ill.) (refusing to accept late filing where claim was faxed to claims agent on bar date and delivered by courier to claims agent one day after the bar date); see also In re Yankee Distrib. Co., 53 B.R. 222 (Bankr. D. Vt. 1985) (motion to allow late proof of claim was denied where proof of claim arrived one day after the bar date).  As a result of Movant's substantial delay in filing her claim and Movant's failure to provide a reasonable justification for such delay, Movant's late claim should be disallowed.

41.  Movant has failed to demonstrate sufficient facts to warrant this Court's finding of "excusable neglect." Because Movant had actual and constructive notice of the General Bar Date by December 2008, Movant has failed to provide this Court with any reason why she should be excused from her failure to timely file her claim by the General Bar Date.

42.  Movant's failure to file a claim by the General Bar Date was due to inaction, not neglect, and even if Movant's failure to file a claim was due to neglect, such neglect is not excusable.  Even if Movant could prove excusable neglect, which the Debtors submit is not possible under the facts Movant alleges, the Court should, in its

discretion deny Movant's Late Claim Motion because, among
other reasons, any potential claims held by Movant are
barred by the General Bar Date Order.  Accordingly, the Late
Claim Motion must be denied.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Debtors respectfully request that this Court deny the Late Claim Motion, and grant the Debtors such other and further relief as it deems just and proper.

Dated: March 18, 2010    Gregg M. Galardi, Esq.
      Richmond, Virginia    Ian S. Fredericks, Esq.
                                    SKADDEN, ARPS, SLATE, MEAGHER &
                                    FLOM, LLP
                                    One Rodney Square
                                    PO Box 636
                                    Wilmington, Delaware 19899-0636
                                    (302) 651-3000

                                      - and -

                                    Chris L. Dickerson, Esq.
                                    SKADDEN, ARPS, SLATE, MEAGHER &
                                    FLOM, LLP
                                    155 North Wacker Drive
                                    Chicago, Illinois 60606
                                    (312) 407-0700

                                      - and -

                                    /s/ Douglas M. Foley
                                    Dion W. Hayes (VSB No. 34304)
                                    Douglas M. Foley (VSB No. 34364)
                                    MCGUIREWOODS LLP
                                    One James Center
                                    901 E. Cary Street
                                    Richmond, Virginia 23219
                                    (804) 775-1000

                                    Counsel for Debtors in Possession

\10901601.1

# **Exhibit A**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Richmond Division

```
................................................... x
                                                   :   Chapter 11
                                                   :
In re:                                             :
                                                   :   Case No. 08-35653 (KRH)
CIRCUIT CITY STORES, INC.,                         :
et al.,                                            :
                                                   :
                                                   :   Jointly Administered
                     Debtors.¹                     :
                                                   :
                                                   :
................................................... x
```

#### AFFIDAVIT OF SERVICE

I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

On December 17, 2008, the appropriate number of copies of the following documents were served 1) via hand delivery to the party set forth on the service list attached hereto as **Exhibit A,** for subsequent distribution to beneficial holders of common stock, CUSIP 172737 10 8 (the "common stock"); 2) via overnight mail upon the parties set forth on **Exhibit B,** for subsequent distribution to beneficial holders of common stock; and, 3) via electronic mail upon the parties set forth on **Exhibit C**:

1) Notice of Deadline for Filing Proofs of Claim and Proof of Claim form (Docket No. 966)

2) Notice of Commencement of Chapter 11 Bankruptcy Cases, Meeting of Creditors and Fixing of Certain Dates (Docket No. 967)

---

¹ The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

On  December 19, 2008, copies of the following documents were served 1) via first class

mail upon the registered holders of common stock listed on **Exhibit D**, provided by Wells Fargo

Shareowner Services, as transfer agent; and, 2) via first class mail to the parties set forth on the

service list attached hereto as **Exhibit E**:

3) Notice of Deadline for Filing Proofs of Claim and Proof of Claim form (Docket No. 966)

4) Notice of Commencement of Chapter 11 Bankruptcy Cases, Meeting of Creditors and Fixing of Certain Dates (Docket No. 967)

Dated: December 24, 2008

_____
Evan Gershbein

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 24th day of December, 2008, by Evan
Gershbein, proved to me on the basis of satisfactory evidence to be the person(s) who appeared
before me.

Signature: _____

L. MAREE SANDERS
Commission # 1610322
Notary Public - California
Los Angeles County
My Comm. Expires Oct 1, 2009

2

Circuit City Stores, Inc.
Creditor Matrix

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| ISA, JOSE LUIS | | ADDRESS REDACTED | | | | | | |
| ISAAC JR, ANDREW J | | ADDRESS REDACTED | | | | | | |
| ISAAC, ASHLEY | | 617 SOUTH 76TH ST | | | BIRMINGHAM | AL | 35206 | |
| ISAAC, ASHLEY | | ADDRESS REDACTED | | | | | | |
| ISAAC, BRIAN CHRISTOPHE | | 1809 YELLOWSTONE LANE | | | EDMOND | OK | 73003 | |
| ISAAC, BRIAN CHRISTOPHE | | ADDRESS REDACTED | | | | | | |
| ISAAC, CHARLESWORTH | | 1107 CLIFTON ST | | | WASHINGTON | DC | 20009 | |
| ISAAC, DAVINA ALYSE | | 4005 COLLEGE POINT | 7E | | FLUSHING | NY | 11354 | |
| ISAAC, DISHON STAFFON | | 1710 OLD ALVIN RD | 3203 | | PEARLAND | TX | 77581 | |
| ISAAC, DISHON STAFFON | | ADDRESS REDACTED | | | | | | |
| ISAAC, DUSTIN LEE | | ADDRESS REDACTED | | | | | | |
| ISAAC, GREGORY WILLIAM | | ADDRESS REDACTED | | | | | | |
| ISAAC, JOREL A | | ADDRESS REDACTED | | | | | | |
| ISAAC, JORELA | | 15740 SOUTH B ST | | | TUSTIN | CA | 92780-0000 | |
| ISAAC, KAREN | | 6412 WATCHLIGHT RD | | | RICHMOND | VA | 23234 | |
| ISAAC, MATTHEW TAYLOR | | 8400 HALLADALE DR | | | RENO | NV | 89506 | |
| ISAAC, MATTHEW TAYLOR | | ADDRESS REDACTED | | | | | | |
| ISAAC, NATASHA JEWELL | | ADDRESS REDACTED | | | | | | |
| ISAAC, NATASHYA ANN | | ADDRESS REDACTED | | | | | | |
| ISAAC, NAVIN | | ADDRESS REDACTED | | | | | | |
| ISAAC, RAWL H | | ADDRESS REDACTED | | | | | | |
| ISAAC, RYAN | | 4600 ELMONT DR | 1113 | | AUSTIN | TX | 78741 | |
| ISAAC, SHAMEIA DIANTE | | 1301 E 60TH ST | | | SAVANNAH | GA | 31404 | |
| ISAAC, SHAMEIA DIANTE | | ADDRESS REDACTED | | | | | | |
| ISAAC, TERRY | | 3824 WERTZ DR | | | WOODBRIDGE | VA | 22193 | |
| ISAAC, TIFFANY | | 809 E IMPRERIA ST | | | QUEEN CREEK | AZ | 85242 | |
| ISAACOFF, BRANT | | ADDRESS REDACTED | | | | | | |
| ISAACS, ANTHONY | | ADDRESS REDACTED | | | | | | |
| ISAACS, ASHLEY | | 3209 RADCLIFFE LANE | | | CHESAPEAKE | VA | 23321 | |
| ISAACS, BRYAN A | | ADDRESS REDACTED | | | | | | |
| ISAACS, JOSEPH | | 7169 THUNDERING HERD PL | | | DAYTON | OH | 45415-1267 | |
| ISAACS, JOSEPH A | | ADDRESS REDACTED | | | | | | |
| ISAACS, LEN | | 3509 TOLEDO TERR | C | | HYATTVILLE | MD | 20782-0000 | |
| ISAACS, LENWORTH NATHANIEL | | ADDRESS REDACTED | | | | | | |
| ISACSON, JASON R | | 543 HOUSTON ST | | | LEMONT | IL | 60439-4016 | |
| ISAACSON, MATTHEW DAVID | | ADDRESS REDACTED | | | | | | |
| ISAACSON, MICHAEL RICHARD | | 830 LOCUST ST | | | ROSELLE PARK | NJ | 07204 | |
| ISAACSON, MICHAEL RICHARD | | ADDRESS REDACTED | | | | | | |
| ISABEL, NICOLE MARIE | | ADDRESS REDACTED | | | | | | |
| ISABEL, RODRIGUEZ | | 312 NORWOOD ST | | | RALEIGH | NC | 27601-2743 | |
| ISABELL, AARON DUBOIS | | ADDRESS REDACTED | | | | | | |
| ISABELL, JENELL VERNEA | | ADDRESS REDACTED | | | | | | |
| ISABELLA COUNTY TRIAL COURT | | 300 N MAIN ST | | | MOUNT PLEASANT | MI | 48858 | |
| ISABELLA MEL | | 3725 BORNING CT | | | ALPHARETTA | GA | 30022 | |
| ISABELLA S ISAAC | ISAAC ISABELLA S | PO BOX 2010 | | | LUSBY | MD | 20657-1810 | |
| ISABELLA, THOMAS RICHARD | | ADDRESS REDACTED | | | | | | |
| ISABELLE, ESTER | | 123 KRISTIN AVE | | | SPRING LAKE | NC | 28390 | |
| ISABELLE, JEAN E | | ADDRESS REDACTED | | | | | | |
| ISAC, GAYTAN GALEA | | 213 EAST DR 213 | | | WINSTON SALEM | NC | 27105-4803 | |
| ISACSON, RICHARD MERLE | | 2540 PENNSYLVANIA AVE | | | MUSKEGON | MI | 49445 | |
| ISACSON, RICHARD MERLE | | ADDRESS REDACTED | | | | | | |
| ISAGUIRRE, VICENTE | | 8301 E 104TH WAY | | | HENDERSON | CO | 80640 | |
| ISAHAQ, CHRISTOPHER | | 2054 HERITAGE PARKWAY | | | NAVARRE | FL | 32566 | |
| ISAHAQ, CHRISTOPHER AMEIL | | ADDRESS REDACTED | | | | | | |
| ISAIAS, SALAZAR | | 11931 VEIRS MILL RD 401 | | | LAUREL | MD | 20708-0000 | |
| ISAIS, MIGDALIA | | 2428 S LOMBARD APT B | | | BERWYN | IL | 60402-2614 | |
| ISAKHANYAN, ALEKSANDR VLADIMER | | 3335 HOMESTEAD RD 31 | | | SANTA CLARA | CA | 95051 | |
| ISAKHANYAN, ALEKSANDR VLADIMER | | ADDRESS REDACTED | | | | | | |
| ISARI, ABDUL OMAR | | ADDRESS REDACTED | | | | | | |
| ISARI, ABDUL SULAIMAN | | ADDRESS REDACTED | | | | | | |
| ISASIS, JESUS | | 56 WEST HUNT ST | | | CENTRAL FALLS | RI | 02863 | |
| ISASMENDI, PAUL | | ADDRESS REDACTED | | | | | | |
| ISAZA, JULIAN ANDRES | | ADDRESS REDACTED | | | | | | |
| ISAZA, KATHERINE REBECCA | | ADDRESS REDACTED | | | | | | |
| ISBEL, NICK | | 666 CHIMNEY HILL CIRCLE | | | EVANS | GA | 30809 | |
| ISBELL CO INC | | 1302 UNION ST | | | LAFAYETTE | IN | 47904-2058 | |
| ISBELL ENGINEERING GROUP INC | | 1405 W CHAPMAN DR | | | SANGER | TX | 76266 | |
| ISBELL, CHRISTOPHER RYAN | | ADDRESS REDACTED | | | | | | |
| ISBERG, TREVOR | | 2223 MEADOWLARK LANE | | | PUEBLO | CO | 81008 | |
| ISBILL, JOE | | ADDRESS REDACTED | | | | | | |
| ISBISTER, DEREK LAWRENCE | | ADDRESS REDACTED | | | | | | |
| ISBISTER, KARI CHRISTINA | | 1255 ORCUTT RD B 23 | | | SAN LUIS OBISPO | CA | 93401 | |

12/23/2008 5:39 PM
Creditor Matrix Service List 081219

# **Exhibit B**

#14526

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

**Debtor against which claim is asserted :   (Check only one box below:)**

☒ Circuit City Stores, Inc. (Case No. 08-35653)
☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654)
☐ InterTAN, Inc. (Case No. 08-35655)
☐ Ventoux International, Inc. (Case No. 08-35656)
☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)
☐ CC Aviation, LLC (Case No. 08-35658)

☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)
☐ Circuit City Stores PR, LLC (Case No. 08-35660)
☐ Circuit City Properties, LLC (Case No. 08-35661)
☐ Orbyx Electronics, LLC (Case No. 08-35662)
☐ Kinzer Technology, LLC (Case No. 08-35663)
☐ Courchevel, LLC (Case No. 08-35664)

☐ Abbott Advertising, Inc. (Case No. 08-35665)
☐ Mayland MN, LLC (Case No. 08-35666)
☐ Patapsco Designs, Inc. (Case No. 08-35667)
☐ Sky Venture Corporation (Case No. 08-35668)
☐ XSStuff, LLC (Case No. 08-35669)
☐ PRAHS, INC. (Case No. 08-35670)

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Ashley Isaac

Name and address where notices should be sent:
Ashley Isaac
617 South 76th Street
Birmingham, AL 35206
Telephone number: (205) 836-3075

☐ Check this box to indicate that this claim amends a previously filed claim.
Court Claim Number:_____
(If known)
Filed on:_____

Name and address where payment should be sent (if different from above):
Telephone number: (205) 836-3075

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 850,000

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Lawsuit (No. 2:09-CV-942-
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:**_____
**3a.** Debtor may have scheduled account as:_____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property: $_____  Annual Interest Rate ___%
Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____  Basis for perfection:_____
Amount of Secured Claim: $_____  Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtors business, whichever is earlier — 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

Date:

Signature: the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

FOR COURT USE ONLY
RECEIVED
JUL 28 2009
KURTZMANCARSONCONSULTANTS

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

08356530907280000000000025