March 11, 2009

United States Bankruptcy Court
701 East Broad Street, Suite 4000
Richmond, VA 23219-1888



Skadden, Arps, Slate, et.al.
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636

Skadden, Arps, Slate, et. al.
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606

McGuirewoods, LLP
Dion W. Hayes
One James Center
901 E. Cary Street
Richmond, Virginia 23219

Debtors: Circuit City Stores, Inc.,et.al.
Case Number: 08-35653, Claim Number 14337-Employment Agreement and Claim Number 14336-Cash Retention Award.
Claimant: Bruce Besanko

**Please take notice that:**

On March 4, 2010, the Debtors filed the Debtors' Omnibus Reply in Support of the Fifty-Sixth Omnibus Objection to Claims (Disallowance of Certain Alleged Administrative Expenses on Account of Employee Obligations).

**Please take further notice that** this is in response to the arguments:

Claimant asks the Court to reject the Debtors' motion to disallow the claims and further asks the Court to determine the nature of the claims and to pay according to "The Plan".

Issue: Whether the claims of respondents who are insiders are barred by Bankruptcy Code section 503(c)?

Debtors' Position: Debtors' state that "with respect to the severance payments owed to the Officer Respondents, section 503 (c) (2) plainly provides that severance payments may not be made to insiders unless such payments are part of a generally applicable severance program. 11 U.S.C".

Claimants' Response: I contend that my Employment Agreement is generic and non-specific in nature with nothing unusual or unique to me alone and is part of a "generally applicable severance program" offered to most officers of a company as standard procedure.

Issue: Late-filed and duplicative.
Debtors' Position: Debtors' suggest that if the Court determines that these claims should be reclassified from Administrative to General Unsecured, than my claims would have been filed incorrectly and should therefore be considered as "late-filed and duplicative".

Claimants' Response: Claims should not be disallowed for the above reasons. My claims were filed and received on 1/16/2009 and the nature of the claim was defined by the Debtors' council. I received notice that certain claims may be administrative in nature and that my rights may be affected. I interpreted this notice as a need to respond, with the understanding that the Court would ultimately determine whether the claims are Administrative or General Unsecured. If the court determines that these claims are Administrative and I had not filled than the Debtors would have argued that my claim was late-filed. This seems like 'double jeopardy' to me.

Issue: Bona fide job offer.
Debtors Position: Debtors' argue that none of the Officer Respondents has demonstrated that payment of his or her Cash Retention or Long-Term Incentive Award was "essential to retention of the person because the individual has a bona fide job offer from another business at the same or greater rate of compensation" or that the services

provided by the Officer Respondent were "essential to the survival of the Business." (Footnote, page 29).

<u>Claimants' Response</u>: I indeed did have an Employment Offer on July 21, 2008 from a business at the same or greater rate of compensation. As a result, Circuit City offered a slight pay increase with increased stock options and I was reminded of the Cash Retention Award dated January 3, 2008. I believed that continued employment with Circuit City came with an extreme risk of possible unemployment; however, I felt a huge obligation to Circuit City as I was a critical employee to the company and my departure would be extremely detrimental to the success of the company. My employment offer can be provided if, it can be redacted.

Respectfully,

Bruce H. Besanko