Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**OMNIBUS REPLY BRIEF IN SUPPORT OF MOTIONS FOR SUMMARY
JUDGMENT AND SUPPLEMENTAL OBJECTIONS WITH RESPECT TO
CERTAIN CLAIMS SUBJECT TO (I) THE DEBTORS' NINETEENTH
OMNIBUS OBJECTION TO CLAIMS (RECLASSIFICATION OF CERTAIN
MISCLASSIFIED CLAIMS TO GENERAL UNSECURED, NON-PRIORITY
CLAIMS) AND (II) THE DEBTORS' THIRTY-FIRST OMNIBUS
OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN LEGAL
CLAIMS)**

# TABLE OF CONTENTS

Page

NATURE AND STAGE OF PROCEEDINGS...........................1

STATEMENT OF FACTS........................................3

ARGUMENT.................................................4

I.    The Court Should deny the continuance request
      Under Civil Rule 56(f) Because No Additional Facts
      Are Necessary to address the summary judgment
      motions............................................7

      A.    The Standard Applicable To A Motion Under
            Civil Rule 56(f)..............................8

      B.    No Additional Facts Are Needed To Reach A
            Determination On The Supplemental Objections
            Because The Named Claimants Failed To Seek
            Authorization To File Class Proofs Of Claim
            As Required By Bankruptcy Rules 7023 And 9014...10

      C.    No Additional Facts Are Needed To Reach A
            Determination On The Summary Judgment Motions
            Because The Class Claims Should Be
            Reclassified Regardless Of The Priority Of
            The Unnamed Claimants Claims..................14

            1.    The Named Claimants cannot properly
                  represent the Unnamed Claimants under
                  Civil Rule 23...........................17

            2.    The Named Claimants are prohibited from
                  pursuing the claims of the Unnamed
                  Claimants...............................20

II.   The Court Should deny the continuance request
      Under Civil Rule 56(f) Because THE Named Claimants
      Were Not Precluded From Timely Conducting
      Discovery And Cannot Seek Such Discovery At This
      Late Date.........................................25

CONCLUSION..............................................30

## NATURE AND STAGE OF PROCEEDINGS

On January 13, 2009, Robert Gentry ("Gentry")
filed claim number 6039 (the "Gentry Class Claim") on behalf
of himself and all those similarly situated (the "Gentry
Unnamed Claimants").  On January 13, 2009, Jonathan Card
("Card") filed claim number 6040 (the "Card Class Claim") on
behalf of himself and all those similarly situated (the
"Card Unnamed Claimants").  On January 13, 2009, Jack
Hernandez ("Hernandez") filed claim number 6045 (the
"Hernandez Class Claim") on behalf of himself and all those
similarly situated (the "Hernandez Unnamed Claimants").  On
January 30, 2009, Joseph Skaf ("Skaf") filed claim number
8717 (the "Skaf Class Claim") on behalf of himself, Gustavo
Garcia ("Garcia"), Miguel Perez ("Perez") and all those
similarly situated (the "Skaf Unnamed Claimants").

On June 22, 2009, the Debtors filed the Debtors'
Nineteenth Omnibus Objection to Claims (Reclassification of
Certain Misclassified Claims to General Unsecured, Non-
priority Claims) (the "Nineteenth Omnibus Objection).  On
August 20, 2009, the Debtors filed the Debtors' Thirty-First
Omnibus Objection to Claims (Disallowance of Certain Legal
Claims) (the "Thirty-First Omnibus Objection" and, together

with the Nineteenth Omnibus Objection, the "Objections").

By the Objections, the Debtors objected to the Class Claims.[1]

On February 25, 2010, the Debtors filed the

Summary Judgment Motions[2] in which the Debtors sought to

reclassify the Class Claims to general unsecured, non-

priority claims.  Also on February 25, 2010, the Debtors

filed the Supplemental Objections[3] in which the Debtors

further objected to the Class Claims and asserted that the

Class Claims should be disallowed to the extent that they

sought relief with respect to the Unnamed Claimants[4] and

---

[1]  The Gentry Class Claim, the Card Class Claim, the Hernandez Class
Claim, and the Skaf Class Claim are referred to collectively herein as
the "Class Claims".

[2]  The "Summary Judgment Motions" are (i) the Debtors' Motions for and
Memorandums of Law in Support of Summary Judgment on Nineteenth
Omnibus Objection to Claims (Reclassification of Certain Misclassified
Claims to General Unsecured, Non-Priority Claims) with respect to the
Gentry Class Claim (D.I. 6641) and the Hernandez Class Claim (D.I.
6644) and (ii) the Debtors' Motions for and Memorandums of Law in
Support of Summary Judgment on Thirty-First Omnibus Objection to
Claims (Disallowance of Certain Legal Claims) with respect to the Card
Class Claim (D.I. 6645) and the Skaf Class Claim (D.I. 6643).

[3]  The "Supplemental Objections" are (i) the Debtors' Supplements to the
Nineteenth Omnibus Objection to Claims (Reclassification of Certain
Misclassified Claims to General Unsecured, Non-Priority Claims) with
respect to the Gentry Class Claim (D.I. 6642) and the Hernandez Class
Claim (D.I. 6661) and (ii) the Debtors' Supplements to the Thirty-
First Omnibus Objection to Claims (Disallowance of Certain Legal
Claims) with respect to the Card Class Claim (D.I. 6660) and the Skaf
Class Claim (D.I. 6646).

[4]  The Gentry Unnamed Claimants, the Card Unnamed Claimants, the
Hernandez Unnamed Claimants, and the Skaf Unnamed Claimants are
referred to collectively herein as the "Unnamed Claimants".

reduced to the amounts asserted solely by the Named

Claimants.[5]

On March 17, 2010, the last date on which

responses to the Summary Judgment Motions and the

Supplemental Objections could be filed, the Named Claimants

filed Creditors Gentry, Hernandez, Card, and Skaf's Omnibus

Opposition to Debtor's Motions for Summary Judgment and

Application for a Rule 56(f) Continuance (the "Continuance

Request") opposing the relief sought in the Summary Judgment

Motions and the Supplemental Objections and seeking a

continuance under Civil Rule 56(f).

This is the Debtors' omnibus reply brief in

support of the Summary Judgment Motions and the Supplemental

Objections (the "Reply").

### STATEMENT OF FACTS

The Debtors rely upon and incorporate by reference

as if fully set forth herein the "Statement of Material

Facts" in each of the Summary Judgment Motions and the

"Background" in each of the Supplemental Objections.

Capitalized terms not otherwise defined herein shall have

---

[5]   Gentry, Card, Hernandez, Skaf, Garcia and Perez are referred to
      collectively herein as the "Named Claimants".

the meanings ascribed them in the Summary Judgment Motions
and the Supplemental Objections.

### ARGUMENT

In the Summary Judgment Motions, the Debtors
assert that the Class Claims should be reclassified to
general unsecured, non-priority claims because it is
undisputed that each of the Named Claimants terminated their
employment with the Debtors more than 180 days prior to the
Petition Date.  Consequently, the Named Claimants could not
have earned any wages, salaries or commissions during that
period.  Accordingly, the Class Claims are not entitled to
priority under Bankruptcy Code section 507(a)(4).

In the Supplemental Objections, the Debtors assert
that the Class Claims should be reduced to the amount solely
attributable to the Named Claimants because the Named
Claimants failed to seek Court authorization to file class
proofs of claim as required by Bankruptcy Rules 9014 and
7023.  See In re Computer Learning Centers, Inc., 344 B.R.
79 (Bankr. E.D. Va. 2006).

In the Continuance Request, the Named Claimants
argue, in summary, that they do not have enough information
to oppose the Summary Judgment Motions or the Supplemental
Objections because they lack the information they would

4

require either to determine the priority of the Unnamed

Claimants' claims or to file a motion under Bankruptcy Rule

7023 seeking authorization to file a class proof, and

consequently, they should be granted a continuance under

Civil Rule 56(f) to conduct discovery to obtain the

necessary information.

       As demonstrated below, the Named Claimants'

Continuance Request is simply not a response to the Summary

Judgment Motions or the Supplemental Objections, but merely

an attempt to provide themselves with an adjournment with

respect to two straightforward legal issues: (1) whether the

Named Claimants were required to obtain Court approval to

file a class proof of claim prior to the Bar Date in these

cases; and (2) whether the Named Claimants are entitled to

priority under Bankruptcy Code section 507(a)(4) such that

the Class Claims could be entitled to priority.  As

demonstrated in the Supplemental Objections, the Named

Claimants and Class Counsel[6] were required to seek this

Court's approval before filing the Class Claims, which they

failed to do.  Moreover, as established in the Summary

---

[6]   Class Counsel refers to counsel to Gentry, Card, Hernandez and Skaf
      with respect to the Class Claims and the underlying class action
      lawsuits.  Where applicable, references herein to the Named Claimants
      are references to Class Counsel as well.

Judgment Motions, even if, the Named Claimants were permitted to file the Class Claims as class proofs of claim, the indisputable facts establish that no part of those Class Claims would be entitled to priority treatment under Bankruptcy Code section 507(a)(4). Indeed, to the extent that any Unnamed Claimants hold pre-petition unsecured priority claims, the Named Claimants and Class Counsel cannot pursue their claims.

Thus, although the Named Claimants seek an adjournment to conduct discovery regarding class certification and priority, no such discovery is required to rule on the Debtors' Summary Judgment Motions and Supplemental Objections. Moreover, the Named Claimants' request for discovery is plainly untimely and would substantially prejudice the Debtors, their estates, and their creditors. Finally, to the extent the Named Claimants believe they required discovery, they were free to pursue such discovery and their failure to do so cannot be excused at this late date.

Accordingly, the Debtors assert that the Named Claimants request for a Civil Rule 56(f) Continuance should be denied and the hearing scheduled for March 25, 2010 should proceed. The Debtors further assert that the Summary

6

Judgment Motions should be granted and the Supplemental

Objections should be sustained.

I.    **THE COURT SHOULD DENY THE CONTINUANCE REQUEST UNDER CIVIL RULE 56(F) BECAUSE NO ADDITIONAL FACTS ARE NECESSARY TO ADDRESS THE SUMMARY JUDGMENT MOTIONS.**

The Named Claimants request that the hearing on

the Summary Judgment Motions and the Supplemental Objections

be adjourned to enable them to take discovery regarding,

among other things, the priority of the Unnamed Claimants'

claims and class certification.  See Continuance Request at

11-12.  The Named Claimants, however, fail to demonstrate

why discovery regarding the potential class is necessary for

this Court to rule on the legal issues presented by the

Summary Judgment Motions or the Supplemental Objections.

Indeed, as demonstrated in the Summary Judgment Motions, the

Supplemental Objections and below, such discovery is

unnecessary to a determination of the issues.  Therefore, as

demonstrated below, the Named Claimants are not entitled to

relief under Civil Rule 56(f) and the hearing on the Summary

Judgment Motions and the Supplemental Objections should

proceed as scheduled.

A.    **The Standard Applicable To A Motion Under Civil
Rule 56(f).**

Civil Rule 56(f) provides that "[i]f a party
opposing the motion [for summary judgment] shows by
affidavit that, for specified reasons, it cannot present
facts essential to justify its opposition, the court
may: . . . order a continuance to enable affidavits to be
obtained, depositions to be taken, or other discovery to be
undertaken . . . ."  Fed. R. Civ. P. 56(f).  Thus, Civil
Rule 56(f) allows for a continuance <u>only</u> where the opposing
party cannot present facts necessary to justify its
opposition.  Consequently, to prevail on their Continuance
Request, the Named Claimants must "specifically explain both
why [Claimants] [are] currently unable to present evidence
creating a genuine issue of fact and how a continuance would
enable [Claimants] to present such evidence."  <u>Access
Telecom, Inc. v. MCI Telecomm. Corp.</u>, 197 F.3d 694, 719 (5th
Cir. 1999) (internal citations omitted).

Moreover, in seeking a continuance a party "may
not simply rely on vague assertions that additional
discovery will produce needed, but unspecified, facts in
opposition to summary judgment."  <u>Id.</u> at 720.  Accordingly,
the Named Claimants are also required to state with

8

specificity what facts they hope to uncover and why those facts will enable them to raise a genuine issue of material fact that precludes this Court from granting the Summary Judgment Motions or the Supplemental Objections.  See Raby v. Livingston, 2010 WL 909097, *8 (5th Cir. 2010)("[A] request to stay summary judgment under Rule 56(f) must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." (internal quotation and citation omitted)); see also Strag v. Board of Trustees, 55 F.3d 943, 954 (4th Cir. 1995) (holding that denial of a Civil Rule 56(f) motion for continuance is proper "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment").

        As demonstrated below, the Named Claimants have failed to carry their burden.  First, there are simply no facts that would raise a relevant issue as to the Named Claimants' failure to make a timely request to file a class proof of claim.  They did not do so, and on this grounds alone the Court may sustain the Supplemental Objections.

See Supplemental Objections at 11-14 (citing Computer
Learning, 344 B.R. at 87).  Second, even assuming that this
Court were to certify the Named Claimants' classes and
permit the Named Claimants to file class proofs of claim,
those claims are not entitled to priority under Bankruptcy
Code section 507(a)(4).  Thus, the discovery requested by
the Named Claimants is unnecessary and entirely irrelevant.

**B.    No Additional Facts Are Needed To Reach A
        Determination On The Supplemental Objections
        Because The Named Claimants Failed To Seek
        Authorization To File Class Proofs Of Claim As
        Required By Bankruptcy Rules 7023 And 9014.**

In the Supplemental Objections, the Debtors assert
that, prior to filing a class proof of claim, a claimant
must file a motion for determination of the applicability of
Bankruptcy Rule 7023.  This requirement is well established
in this District, see Supplemental Objections at 11-13;
Computer Learning, 344 B.R. at 87, and nowhere in the
Continuance Request do the Named Claimants deny that they
must do so.  Instead, the Named Claimants argue that they
have been unable to properly file a Bankruptcy Rule 7023
motion for two reasons.

First, the Named Claimants contend that Debtors
had not responded to the Class Claims or the underlying
state court class action complaints in order to inform the

Named Claimants of what issues they were disputing.

Continuance Request at 5, 12.   Second, the Named Claimants

state they have not been able to conduct discovery,

apparently in connection with the proofs of claim they filed.

Continuance Request at 5, 9, 11.   Even if true, however,

neither "fact" relieves the Named Claimants of the

requirement to properly file a Bankruptcy Rule 7023 motion.[7]

Specifically, in Computer Learning, the Bankruptcy

Court for the Eastern District of Virginia expressly

rejected the idea that a claimant could or should wait until

the debtor objected to a class proof of claim to seek

authorization to file a class proof of claim.   Computer

Learning, 344 B.R. at 88.   In rejecting that position, the

bankruptcy judge stated that, "[i]n fact, the issue in

controversy is whether the proof of claim may be filed as a

class proof of claim in the first instance.   This is the

contested matter.   It is resolved by filing a Rule 7023

motion which itself commences the contested matter.

Logically, the Rule 7023 motion should be granted before a

class proof of claim is filed. . . .   A Rule 7023 motion

---

[7]   As discussed below, the Debtors maintain that the Named Claimants had
ample opportunity to conduct discovery before the bar date.   See infra
Section II.

filed [after objection to the class proof of claim] is
merely an attempt to remedy an obvious defect that will
otherwise certainly result in disallowance of the claim."
Id.

Despite the clear language of Computer Learning,
the Named Claimants nonetheless argue that they did not file
a Bankruptcy Rule 7023 motion or seek class certification
because they did not know whether the Debtors objected to
class certification.  Continuance Request at 5, 12.  To the
contrary, the Named Claimants were required to seek an order
making Rule 7023 applicable and permitting filing of the
Class Claims notwithstanding any objection by the Debtors,
or lack thereof, on that grounds.  Id. at 87 (finding that
it is "clear that a class proof of claim is not permissible
without an order making Rule 7023 applicable and . . . the
proponent of the class proof of claim must timely obtain
that order").

The Named Claimants also argue that their failure
to properly file a Bankruptcy Rule 7023 motion should be
excused because they have not been able to conduct discovery
in connection with class certification.  Continuance Request
at 10-12.  Even assuming the Named Claimants have been
precluded from engaging in discovery –- a contention the

Debtors dispute below –- that does not excuse the Named

Claimants from properly and timely filing a motion under

Bankruptcy Rule 7023.

Indeed, the <u>Computer Learning</u> Court addressed this

very issue.  The Court stated, "[i]t is important to note

that there are two steps in the class proof of claim process.

Two decisions must be made: (1) Whether Rule 7023 should be

made applicable to the proof of claim; and (2) whether a

class should be certified under Rule 23."  <u>Computer Learning</u>,

344 B.R. at 86.  The Court went on to add the following:

> There may be good reasons to consider the issues
> together in some cases, but they remain separate
> decisions.  One reason not to consider them
> together may be the extent of proof necessary to
> obtain certification of the class. In this case,
> certification in the New Jersey court took more
> than eighteen months to achieve. It was achieved
> only after significant discovery was conducted
> that was vigorously contested. . . .  Under
> federal rules, the court must conduct a rigorous
> analysis of the certification requirements and may
> not accept the plaintiff's allegations as true.
> <u>Gariety v. Grant Thornton, L.L.P.</u>, 368 F.3d 356,
> 365-367 (4th Cir. 2004).  On the other hand, a
> bankruptcy court should make a prompt decision on
> the applicability of Rule 7023 even though it
> cannot reach the certification issue at that time.
> It is as important to the administration of the
> case to know whether a class proof of claim may be
> filed as to whether the class will be certified.

<u>Id.</u> at 86, n. 9.

Thus, while the Court recognized the potential need for discovery in connection with certification, that is not at issue at this point.  That discovery comes into play only in the second step of the class proof of claim analysis outlined above.  In order to get to that point, the Named Claimants were first required to file a motion under Bankruptcy Rule 7023 -- an essential step which they have, to date, failed to take.[8]  Consequently, on this basis alone, the Continuance Request should be denied and the Supplemental Objections sustained.[9]

**C.** **No Additional Facts Are Needed To Reach A Determination On The Summary Judgment Motions Because The Class Claims Should Be Reclassified Regardless Of The Priority Of The Unnamed Claimants Claims.**

As discussed in the Summary Judgment Motions, Bankruptcy Code section 507(a)(4) grants priority to "allowed unsecured claims . . . earned within the 180 days

---

[8]   Note that another party in these chapter 11 cases properly sought and obtained authorization to file a class proof of claim by filing a Bankruptcy Rule 7023 motion.  (D.I. 1380).  That motion was brief and did not necessitate any discovery.

[9]   Even if the Court considers whether a Bankruptcy Rule 7023 motion should be granted, the relevant facts are again undisputed.  Generally, the inquiry turns on a basic understanding of the bankruptcy process as compared to the class action process, as well as certain public information regarding the status and progress of the Debtors' chapter 11 cases.  See Supplemental Objections at 14-27.  This information is readily available to the Named Claimants and no further discovery is necessary.

14

before the date of the filing of the petition . . . for –
wages, salaries or commissions, including vacation,
severance and sick leave pay earned by an individual. . ."
11 U.S.C. § 507(a)(4).  Accordingly, the Class Claims are
entitled to priority only to the extent that they seek
"wages, salaries or commissions" "earned within the 180 days
before the date of the filing of the petition."  Here, it is
indisputable that the Named Claimants <u>were</u> <u>not</u> employed by
the Debtors on May 14, 2008, which date was the 180th day
prior to the Petition Date.

Specifically, Gentry ceased being employed by the
Debtors in 2001;[10] Hernandez ceased being employed by Debtors
by no later than October of 2007;[11] Card ceased being

---

[10]  <u>See</u> Gentry Class Claim, Exhibit A at 1 ("Mr. Gentry held the position
of customer service manager for Circuit City.  The company eliminated
his [position] in 2001."); Declaration of Robert Gentry at ¶ 2 ("In
2001, I quit my job because Circuit City was eliminating the [customer
service manager] position.").

[11]  <u>See</u> Declaration of Jack Hernandez at ¶ 2 ("I began my employment with
Circuit City in January of 2006 and worked there as a Sales Manager
until October of 2006"); <u>see</u> <u>also</u> Declaration of Deborah E. Miller In
Support Of Debtors' Motion for and Memorandum of Law in Support of
Summary Judgment on Nineteenth Omnibus Objection to Claims
(Reclassification of Certain Misclassified Claims to General Unsecured,
Non-Priority Claims) with Respect to the Class Claim of Jack
Hernandez at ¶ 2 ("Jack Hernandez . . . was employed by Circuit City
Stores West Coast, Inc. from January 3, 2007 to October 23, 2007.").
Note that, while Hernandez asserts that he worked one year previous to
the dates included in the Debtors' records, both periods fall well
before May 14, 2008.

employed by the Debtors in April of 2008; [12] and, finally,
Skaf, Perez and Garcia ceased being employed by the Debtors
by no later than January of 2008.[13]  See Summary Judgment
Motions at 5.  Because none of the Named Claimants is
entitled to priority under Bankruptcy Code section 507(a)(4),
the Class Claims filed in their names likewise cannot be
entitled to priority.  Thus, the Class Claims should be
reclassified to general unsecured, non-priority claims,
regardless of the priority of any of the Unnamed Claimants.

Notwithstanding these indisputable facts, the
Named Claimants assert that the Court should delay a ruling
on the Summary Judgment Motions and the Supplemental
Objections to enable it to conduct discovery to determine
the identities of the Unnamed Claimants -- parties that are
not clients of Class Counsel and had an opportunity to file
a proof of claim -- and whether certain of the Unnamed

---

[12]  See Declaration of Deborah E. Miller In Support Of Debtors' Motion for
and Memorandum of Law in Support of Summary Judgment on Nineteenth
Omnibus Objection to Claims (Reclassification of Certain Misclassified
Claims to General Unsecured, Non-Priority Claims) with Respect to the
Class Claim of Jonathan Card at ¶ 2 ("Jonathan Card . . . was employed
by Circuit City Stores West Coast, Inc. from November 10, 2005 to
April 15, 2008.").

[13]  See Skaff Class Claim, Exhibit A at 1 ("Defendant employed Mr.
Skaf . . . as "Sales Manager" from January 2006 to approximately May
2007.  Defendant employed Mr. Perez . . . as "Operations Manager" from
approximately January 2007 to approximately January 2008.  Defendant
employed Mr. Garcia as "Service and Installation Manager from
approximately August 200 to approximately June 2006.").

Claimants might be entitled to priority.  <u>See</u> Continuance

Request at 12.  As demonstrated above, however, the Class

Claims should be reclassified regardless of the identity and

priority of the claims of the Unnamed Claimants.  Moreover,

this argument should be rejected for at least two additional

reasons.

First, it is simply not clear that even if such

Unnamed Claimants exist, they may be properly included in

the same class as the Named Claimants under Civil Rule 23.

Second, and more importantly, even assuming such Unnamed

Claimants exist and could have been part of a certified

class, to the extent they failed to file proofs of claim by

the Bar Date, they (and Class Counsel) are estopped and

barred from now pursuing their claims.  Thus, the discovery

that the Named Claimants request is entirely irrelevant to

the Summary Judgment Motions and the Continuance Request

should be denied.

**1.    The Named Claimants cannot properly represent
        the Unnamed Claimants under Civil Rule 23.**

In the Class Claims, Class Counsel describes the

Unnamed Claimants as all California-based holders of certain

managerial positions who worked for the Debtors during a

given four-year period ending with the filing of the

complaint in the class action lawsuit.[14]  Because, for

certain of the Named Claimants, this period would include

the 180 days prior to the Petition Date, Class Counsel

contends that it is possible that some of the Unnamed

Claimants would hold a claim entitled to priority

treatment.[15]  Assuming this were true, however, because the

Named Claimants hold no claims entitled to priority, their

economic interest would differ significantly from the

Unnamed Claimants holding priority claims and, thus, the

Proposed Classes[16] could not be certified.

In particular, to certify a class under Civil Rule

23(a), the class representative must demonstrate commonality,

typicality and the adequacy of representation --

requirements that "align the interests of the class and the

class representatives so that the latter will work to

---

[14]  The exact descriptions of the Unnamed Claimants are set forth in
Exhibit A to each Class Claims.

[15]  Specifically, Card's underlying class action was filed on November 4,
2008; and Skaf's underlying class action was filed on December 19,
2008, which, in and of itself, was a violation of the automatic stay.
Gentry's underlying class action, however, was filed on August 29,
2002 and Hernandez's underlying class action was filed on April 17,
2008.  Accordingly, with respect to the Gentry and Hernandez Class
Claims, the underlying class action complaints were filed prior to the
180 day priority period and, thus, the Gentry and Hernandez Unnamed
Claimants cannot be entitled to section 507(a)(4) priority.
Nonetheless, for the purposes of argument, the Debtors here assume
that any of the Unnamed Claimants could be entitled to priority.

[16]  The classes for which the Class Claims were filed are referred to
herein as the "Proposed Classes".

benefit the entire class through pursuit of their own

goals." Krell v. Prudential Ins. Co. of Am. (In re

Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions),

148 F.3d 283, 311 (3d Cir. 1998).

With respect to adequacy of representation, the

representative must show that he or she "will fairly and

adequately protect the interests of the class." Fed. R. Civ.

P. 23(a)(4). "Adequacy" has two components: "the proposed

class representative must have an interest in vigorously

pursuing the claims of the class, and must have no interests

antagonistic to the interests of other class members."

Denney v. Deutsche Bank AG, 443 F.3d 253, 268 (2d Cir. 2006);

see also Brown v. Goldstein (In re Johnson), 80 B.R. 791,

796 (Bankr. E.D. Va. 1987). While "a conflict or potential

conflict alone will not . . . necessarily defeat class

certification," a class cannot be certified where the

conflict is "fundamental." Denney v. Deutsche Bank AG, 443

F.3d at 268.

Here, the Named Claimants cannot show that they

could adequately represent the Proposed Classes because the

Named Claimants, as class representatives, do not hold

claims that are entitled to priority. That is, assuming

certain members of the Proposed Classes hold claims entitled

to priority, the recoveries of the Named Claimants would be inversely related to the recovery of Unnamed Claimants holding priority claims.  Specifically, the fewer the number of, and the lesser the amount of, any priority claim that are allowed, the greater the pool of assets remaining to be shared between the general unsecured creditors and, thus, the Named Claimants.  This is a fundamental conflict of interest, as the Named Claimants will have a direct disincentive to vigorously pursue the priority claims of the Unnamed Claimants.  Thus, where the Named Claimants are not entitled to priority and the Unnamed Claimants are entitled to such priority, the interests of the class and the class representatives would not be aligned and the class could not be certified.  See Amchem Products, Inc. v. Windsor, 521 U.S. 591, 626-27 (finding class representatives could not adequately represent class where class contained plaintiffs with conflicting interests).

> **2.    The Named Claimants are prohibited from pursuing the claims of the Unnamed Claimants.**

Finally, and more importantly, even assuming that the Named Claimants could properly represent the Unnamed Claimants with respect to their claims, they are now barred

from doing so and, consequently, the discovery that the

Named Claimants seek is entirely irrelevant.

As this Court well knows, the General Bar Date for

filing proofs of claim was January 30, 2009. Critically,

the Claims Bar Date Notice provided that:

> **CONSEQUENCES OF FAILURE TO FILE PROOF OF
> CLAIM** Any creditor that is required to
> file but fails to file a proof of claim for
> its Claim in accordance with the procedures
> set forth herein on or before the General
> Bar Date, the Governmental Bar Date, or
> such other date established hereby (as
> applicable) shall be forever barred,
> estopped, and enjoined from: (a) asserting
> any Claim against the Debtors that (i) is
> in an amount that exceeds the amount, if
> any, that is set forth in the Schedules as
> undisputed, noncontingent, and unliquidated
> or (ii) is of a different nature or in a
> different classification (any such claim
> referred to as an "Unscheduled Claim") and
> (b) voting upon, or receiving distributions
> under, any plan or plans of reorganization
> in these chapter 11 cases in respect of an
> Unscheduled Claim; and the Debtors and
> their property shall be forever discharged
> from any and all indebtedness or liability
> with respect to such Unscheduled Claim. If
> it is unclear from the Schedules and
> Statements whether your Claim is disputed,
> contingent or unliquidated as to amount or
> is otherwise properly listed and classified,
> you must file a proof of claim on or before
> the General Bar Date. Any Entity that
> relies on the Schedules and Statements
> bears responsibility for determining that
> its Claim is accurately listed therein.

Claims Bar Date Notice, p. 5 (emphasis in original); see
also Export Development Canada v. Circuit City Stores Inc.
(In re Circuit City Stores, Inc.), Case No. 08-35653, at 8
(Feb. 4, 2010) ("The requirement of a Bar Date in Chapter 11
enables the debtor . . . to establish the universe of claims
with which it must deal and the amount of those claims.  As
Bar Dates in Chapter 11 bankruptcy cases serve such a very
important purpose, courts do not allow claims filed by
creditors after the bar date, absent special circumstances."
(internal quotation and citation omitted)).

     It is indisputable that the Debtors served the
Claims Bar Date Notice on all current and former employees
for the three years preceding the Petition Date, (Docket No.
1314), and published the Claims Bar Date Notice in The Wall
Street Journal (Docket No. 1395) and The Richmond Times-
Dispatch (Docket No. 1394).  Thus, the Unnamed Claimants
with respect to whom the Named Claimants seek discovery
either filed a timely proof of claim or failed to do so.

     If an Unnamed Claimant filed a proof of claim,
continued pursuit of the Class Claims on that Unnamed
Claimant's behalf is unnecessary and duplicative.  Indeed,
there was no express authority for Class Counsel to file a
proof of claim on such Unnamed Claimant's behalf, and any

discovery by counsel with respect to the Unnamed Claimant's

identity and claims is irrelevant to the Named Claimants'

claims and is improper.

      To the extent that an Unnamed Claimant failed to

file a proof of claim, that Unnamed Claimant's possible

claim against the Debtors' estates is now barred.  See

Claims Bar Date Order at ¶ 12 (stating that any creditor who

fails to file a proof of claim by the General Bar Date will

be forever barred, estopped, and enjoined from asserting any

claim against the Debtors).  This Court should not permit

the unauthorized filing of a class proof of claim on that

Unnamed Claimant's behalf to circumvent this Claims Bar Date

Order.  See In re W.R. Grace & Co., 389 B.R. 373, 380 (Bankr.

D. Del. 2008) (noting that allowing a class proof of claim

would allow an "end run around the bar date. In that respect,

class certification would adversely affect the bankruptcy

proceedings by permitting those who missed the bar date and

who received at least publication notice to interpose claims

into this case, without establishing the excusable neglect

standard expressed in Pioneer Inv. Services Co. v. Brunswick

Associates Ltd. Partnership."); In re FIRSTPLUS Financial,

Inc. 248 B.R. 60, 73 (Bankr. N.D. Tex. 2000) (noting that

"since all of the members of the putative class received

actual notice by mail, and constructive notice by

publication, of the Debtor's bankruptcy and of the Claims

Bar Date, the claims of those persons who did not file a

proof of claim with the Court are barred.  [Thus,] were the

Court to allow the class proof of claim to stand, such

action would allow a second bite at the apple for those

creditors who received notice of the bankruptcy filing and

of the Claims Bar Date, and who chose not to file. Such a

result would be inequitable to the Debtor's other creditors

who are bound by the bar date").  Thus, here again, any

discovery as to the identity of such Unnamed Claimants and

whether they might hold priority claims is entirely

irrelevant.

        Consequently, even assuming that some Unnamed

Claimants could have asserted priority claims and that the

Named Claimants could have represented them on a class proof

of claim, this Court should still deny the Continuance

Request.  The Unnamed Claimants have either already

protected their interests by filing their own proofs of

claim and, thus, do not need to be represented by Class

Counsel; or, the Unnamed Claimants are now estopped from

pursuing and/or have waived their right to pursue any such

claims as a result of their failure to file a proof of

claims prior to the General Bar Date.

       Accordingly, the requested discovery is entirely

irrelevant to the Summary Judgment Motions and the

Continuance Request should be denied.

**II.   THE COURT SHOULD DENY THE CONTINUANCE REQUEST UNDER
        CIVIL RULE 56(F) BECAUSE THE NAMED CLAIMANTS WERE NOT
        PRECLUDED FROM TIMELY CONDUCTING DISCOVERY AND CANNOT
        SEEK SUCH DISCOVERY AT THIS LATE DATE.**

       Finally, throughout the Continuance Request, the

Named Claimants avoid addressing the substantive arguments

made in the Summary Judgment Motions and the Supplemental

Objections regarding the non-priority of the Named

Claimants' claims and their failure to file a motion under

Bankruptcy Rule 7023 by contending that they must first

conduct discovery and have been precluded from doing so.  As

demonstrated above, the Debtors maintain that no such

discovery is, or was ever, necessary.  However, to the

extent that the Named Claimants contend otherwise, the fault

lies with them and their failure timely to pursue any

discovery they thought was required.

       First, as discussed above, the court in Computer

Learning made clear that "the issue in controversy is

whether the proof of claim may be filed as a class proof of

claim in the first instance.  This is the contested matter."
Computer Learning, 344 B.R. at 88.  Had the Named Claimants
made a motion under Bankruptcy Rule 7023 that the Debtors
opposed, a contested matter would have existed under
Bankruptcy Rule 9014.  Bankruptcy Rule 9014, in turn
provides that certain Bankruptcy Rules will apply, including
Bankruptcy Rules 7026 and Bankruptcy Rules 7028 to 7037 --
i.e. the rules governing discovery.  Thus, again, had the
Named Claimants' proceeded properly, they would have been
entitled to commence discovery before the bar date.

          Moreover, the Named Claimants could have conducted
discovery in these cases even before filing a motion under
Bankruptcy Rule 7023.  Specifically, under Bankruptcy Rule
2004, this Court "may order an examination of any entity,"
including the Debtors, regarding, among other things,
information relating to "the acts, conduct, or property or
to the liabilities of the debtor . . . ."  Fed. R. Bankr. P.
2004(a), (b).  As the Court knows, Bankruptcy Rule 2004
permits broad discovery, and since Rule 2004 expressly
provides for an investigation as to the liabilities of the
Debtors, it plainly covers any claims that may be asserted
against the Debtors.  Consequently, even before filing a

motion under Bankruptcy Rule 7023, the Named Claimants could have requested any discovery they believed necessary.

Furthermore, the Debtors objected to the Class Claims in June and August of 2009, more than six months ago. In so doing, a contested matter existed and, thus, the Named Claimants were free, without leave of court, to commence discovery.  Again, they failed to do so.

And finally, the Named Claimants concede that they always had an avenue for commencing discovery, stating "[c]reditors appreciate, that either side in this case could have filed a motion for leave to conduct discovery in this Court. . . ."  Continuance Request at 8.  Thus, this Court should not now grant their untimely request for discovery and adjourn the hearing on the Summary Judgment Motions and the Supplemental Objections.[17]

Specifically, despite having ample opportunity to request discovery, the Named Claimants waited until the Debtors filed their Summary Judgment Motions and

---

[17] The Named Claimants contend that Debtors' counsel advised them that they should not pursue discovery.  The Debtors do not believe they made any such statement to opposing counsel unless it was after the filing of their Summary Judgment Motions.  In any event, as this Court has held in a similar context, Debtors' counsel have no duty to respond to creditor inquiries and were not responsible for a creditor's failure to properly pursue its claim.  Export Development Canada v. Circuit City, Case No. 08-35653 at 7, n. 7.

Supplemental Objections.  This they should not be permitted

to do.  See Jensen v. Redevelopment Agency of Sandy City,

998 F.2d 1550, 1554 (10th Cir. 1993) ("[I]f the party filing

the Rule 56(f) affidavit has been dilatory . . . no

extension will be granted."); U.S. v. Bob Stofer Oldsmobile-

Cadillac, Inc., 766 F.2d 1147, 1153 (7th Cir. 1985) ("A

party who has been dilatory in discovery may not use Rule

56(f) to gain a continuance where he has only made vague

assertions that further discovery would develop genuine

issues of material fact.").

    Thus, while the Debtors believe no further

information is necessary or relevant at this juncture, to

the extent the Named Claimants contend they lack the

requisite information, that failure is their own.

    Finally, should this Court allow the Named

Claimants to delay the hearing on the Summary Judgment

Motions and the Supplemental Objections and to conduct

discovery, the Debtors will be materially prejudiced.  At

this time, the Debtors are attempting to resolve as many

claims as possible in their chapter 11 cases in advance of

confirmation of the Plan.  The Class Claims assert priority

claims of almost $150 million.  Thus, the Class Claims are

significant and, as priority claims, would be required to be

paid in full prior to payment of any general unsecured claims.  <u>See</u> Plan at Art. III.  As a result, it is important that the priority and class status of the Class Claims be resolved as soon as possible to enable the Debtors to proceed with confirmation, demonstrate that the Plan is feasible, and provide a distribution to unsecured creditors as soon as possible after the effective date of the Plan. Consequently, further delay of a ruling on the Summary Judgment Motions and the Supplemental Objections significantly prejudices the Debtors and their estates and creditors.

**CONCLUSION**

For the foregoing reasons and the reasons set
forth in the Summary Judgment Motions and the Supplemental
Objections, the Summary Judgment Motions should be granted
and the Supplemental Objections should be sustained.

Dated: March 22, 2010          SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia          FLOM, LLP
                               Gregg M. Galardi, Esq.
                               Ian S. Fredericks, Esq.
                               P.O. Box 636
                               Wilmington, Delaware 19899-0636
                               (302) 651-3000

                                       - and -

                               SKADDEN, ARPS, SLATE, MEAGHER &
                                   FLOM, LLP
                               Chris L. Dickerson, Esq.
                               155 North Wacker Drive
                               Chicago, Illinois 60606
                               (312) 407-0700

                                       - and -

                               MCGUIREWOODS LLP

                               _/s/ Douglas M. Foley_____
                               Dion W. Hayes (VSB No. 34304)
                               Douglas M. Foley (VSB No. 34364)
                               One James Center
                               901 E. Cary Street
                               Richmond, Virginia 23219
                               (804) 775-1000

                               Counsel for Debtors and Debtors
                               in Possession