Philip C. Baxa (VSB No. 22977)
MERCERTRIGIANI LLP
16 South Second Street
Richmond, Virginia 23219
Tel: 804-782-8691
Fax: 804-644-0209
Phil.baxa@mercertrigiani.com

        -and-

KING & SPALDING LLP
James A. Pardo, Jr.
Georgia Bar No. 561206
jpardo@kslaw.com
Thaddeus D. Wilson
Georgia Bar No. 596008
thadwilson@kslaw.com
1180 Peachtree Street
Atlanta, Georgia  30309-3521
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5128

*Attorneys for Mitsubishi Digital Electronics America, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CIRCUIT CITY STORES, INC.,** *et al.,* | ) | **Case No. 08-35653 (KRH)** |
| | ) | **(Chapter 11)** |
| | ) | **Jointly Administered** |
| **Debtors.** | ) | |

### MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.'S MOTION FOR LEAVE TO INCLUDE ARGUMENTS OF COUNSEL IN RECORD ON APPEAL AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF MOTION

Mitsubishi Digital Electronics America, Inc. ("Mitsubishi"), by and through its

undersigned counsel and pursuant Local Rule 8006-1, requests leave of Court to include

arguments of counsel in the record on appeal, and in support hereof states as follows:

## Statement of Procedural History

1.      The Debtors[1] filed their voluntary petitions under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Code") on November 10, 2008.

2.      On November 12, 2008, on the motion of the Debtors, the Court entered an Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims under Bankruptcy Code Sections 105 and 503(B)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date pursuant to Bankruptcy Rule 9007 (the "Administrative Expense Claim Order") [Dkt. No. 107], which order required each creditor with a claim for administrative expenses under Code Section 503(b)(9) to file a "Section 503(b)(9) Claims Request" in a form attached as Exhibit B, or alternatively, by motion, by the stated bar date.  *See* Adm. Exp. Cl. Order, ¶¶ 2, 6 and Exh. B.

3.      On April 1, 2009, on the motion of the Debtors seeking a bar date and related procedures for the filing of administrative expense claims including 503(b)(9) claims, this Court entered an Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (the "Omnibus Objection Procedure Order") [Dkt. No. 2881].

4.      Mitsubishi timely filed its Section 503(b)(9) Claim Request for payment of its administrative expenses under 503(b)(9) pursuant to the Administrative Expense Claim Order, *i.e.*, Mitsubishi's 503(b)(9) Claim No. 132, in the amount of $4,965,976.18 (the "503(b)(9) Claim"), for goods it provided to the Debtor, and received by the Debtor, within

---

[1]      The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), PRAHS, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

20 days prior to the Petition Date.

5.      The Debtors filed their First Amended Joint Plan of Liquidation (the "Plan")
on September 29, 2009 [Dkt. No. 5124]. The Plan is currently scheduled for a confirmation
hearing on April 6, 2010.

6.      On October 13, 2009, the Debtors filed their (I) Fifty-First Omnibus
Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that
the First Hearing on any Response Proceed as a Status Conference [Dkt. No. 5214] (the
"51st Omnibus Objection") with a Brief in Support thereof [Dkt. No. 5215] ("Debtors'
Brief"), seeking an order "temporarily disallowing each of the claims identified on Exhibit
C up to the amount of the Preferential Transfers . . . pending return of the Preferential
Transfers." 51st Omnibus Objection, ¶ 9.

7.      Mitsubishi's 503(b)(9) Claim was listed on Debtors' Exhibit C to the
503(b)(9) Claims Objection in the docketed amount of $4,889,716.18.   Exhibit C also
showed that the Debtors, for the first time, asserted a preference of $2,407,142.00 against
Mitsubishi (the "Alleged Preference"), which they sought to set off against Mitsubishi's
Claim No. 1425 by "temporarily disallowing" such claim until such time as Mitsubishi
returns the Alleged Preference. *See* Debtors' Br. at 4. The Debtors have not initiated an
adversary proceeding on its Alleged Preference, and no evidence has been presented to the
Court regarding the Alleged Preference.

8.      Mitsubishi is informed and believes that the Debtors filed additional omnibus
claims objections, including Debtors' (I) Fifty-Second Omnibus Objection to Certain
503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on
any Response Proceed as a Status Conference [Dkt. No. 5216] (the "52nd Omnibus

3

Objection"), to all Section 503(b)(9) claims on essentially the same grounds and is seeking the same relief as asserted against Mitsubishi and the other creditors listed in the 51st Omnibus Objection, *i.e.*, that such creditors may have received preferential transfers that could be avoidable under Section 547(b), and that the Court should reduce any 503(b)(9) claims by "temporarily disallowing" such claim under Code Section 502(d) until such time as the creditors return the allegedly preferential transfer to the estate.

9.      Mitsubishi, along with large number of other affected creditors, filed responses to the 51st and 52nd Omnibus Objections (*see* Mem. Op. n. 5) (the "Respondents"). The Debtors filed two reply briefs on November 10, 2009 [Dkt. Nos. 5621 and 5622], and set the hearing on the 51st and 52nd Omnibus Objections for November 12, 2009 (the "Omnibus Objection Hearing").

10.      At the Omnibus Objection Hearing with respect to the Section 503(b)(9) claims listed in both objections, the Court heard argument on one legal issue only:  "whether § 502(d) can be used to temporarily disallow ¶ 503(b)(9) claims."  *See* Mem. Op. at 1.

11.      In light of the relief requested in the 51st and 52nd Omnibus Objections, Pioneer Electronics, Inc. ("Pioneer") filed a Motion to Compel Debtors to Make a Confirmation Deposit under Fed. R. Bankr. P. 3020(a) with Memorandum of Points and Authorities [Dkt. No. 5464].  Samsung Electronics America, Inc. ("Samsung") also filed a Motion under Fed. R. Bankr. P. 3020(a) for Order Requiring Confirmation Deposit and Joinder to Motion of Pioneer Electronics for Same [Dkt. No. 5614] (together the "Confirmation Deposit Motions").   Six creditors joined in the Confirmation Deposit Motions.  *See* Dkt. Nos. 5663, 5668, 5695, 5734, 5742, 5752, respectively.  On November 16, 2009, Mitsubishi filed a Joinder to Objections of Samsung America Electronics, Inc., LG

Electronics USA, Inc. and Eastman Kodak Company to Confirmation of Debtors' First Amended Joint Plan of Liquidation [Dkt. No. 5716], which objects to the Debtors' plan of liquidation on the grounds that it does not require a confirmation deposit for 503(b)(9) claims that would be temporarily disallowed under the 51st and 52nd Omnibus Objections. At Debtors' request, the movants have agreed to put off hearing on the Confirmation Deposit Motions until just before the hearing on confirmation. The confirmation hearing has been repeatedly rescheduled and is now scheduled for April 6, 2010, as are the Confirmation Deposit Motions.

12.     On January 6, 2010, the Court issued the Order and Memorandum Opinion, partially sustaining the 51st and 52nd Omnibus Objections with respect to the Respondents' 503(b)(9) claims, and temporarily disallowing such claims. [Dkt. Nos. 6228 and 6288-1].  In the Order the Court ruled:

a.      "The Debtors may apply 11 U.S.C. § 502(d) to temporarily disallow the claims filed by Respondents under 11 U.S.C. § 503(b)(9) up to the amount potentially recoverable on account of preferential transfers allegedly avoidable under 11 U.S.C. § 547"; and

b.      "The Respondents' § 503(b)(9) claims identified in the Objections are temporarily disallowed (the 'Disallowed Claims')."

13.     Samsung filed a timely Notice of Appeal of the Order, and a Motion for Leave to Appeal and Incorporated Memorandum of Law in Support of Motion, and Notice of Motion for Leave to Appeal on January 20, 2010. [Dkt. Nos. 6335, 6336, 6337].

14.     Three other creditors affected by the Order also filed timely Notices of Appeal and Motions for Leave to Appeal.  *See* motions and notices filed by LG Electronics USA, Inc. ("LG") [Dkt. Nos. 6318, 6320, 6321]; United States Debt Recovery LLC ("US Debt") [Dkt. Nos. 6327, 6329, 6330]; and PNY Technologies, Inc. ("PNY") [Dkt. Nos. 6331, 6333, 6334].

15.    In addition, two creditors timely filed a joint motion for reconsideration of the Order ("Apex/THQ Motion") [Dkt. No. 6258], and six creditors filed joinders to the Apex/THQ Motion. See joinders filed by PNY Technologies, Inc. [Dkt. No. 6322]; Paramount Home Entertainment Inc. [Dkt. No. 6323]; Olympus Corporation and Olympus Imaging America, Inc. [Dkt. No. 6349]; Onkyo USA Corporation [Dkt. No. 6351]; Toshiba America Consumer Products, LLC [Dkt. No. 6370]; and Bethesda Softworks LLC [Dkt. No. 6378].

16.    The Debtors filed an objection to the Apex/THQ Motion [Dkt. No. 6382], and Apex Digital Inc. and THQ, Inc. filed a Reply to such Objection [Dkt. No. 6449].

17.    LG, US Debt, PNY, Samsung and the Debtors filed a Stipulation and Order Staying Appeals and Extending Deadlines under Bankruptcy Rules 8001 through 8007 and 8009 with Respect to the Notices of Appeal and the Motions for Leave to Appeal Filed by [LG, US Debt, PNY and Samsung], and the Court entered the same on February 8, 2010 [Dkt. No. 6482] (the "Stipulation and Order").

18.    On February 23, 2010, the Court issued an Order on Motion to Reconsider, denying the Apex/THQ Motion (the "Order on Reconsideration") with a Supplemental Memorandum Opinion [Dkt. Nos. 6602 and 6601].

19.    On March 9, 2010, Mitsubishi timely filed a Notice of Appeal and a Motion for Leave to Appeal and Incorporated Memorandum of Law in Support of Motion, and Notice of Motion for Leave to Appeal. [Dkt. Nos. 6755, 6759, 6760].

### Relief Requested

20.    Mitsubishi requests leave of Court to include in the record on appeal the arguments of counsel recorded in the transcripts of the November 3, 2010 Discovery

Hearing [Dkt. No. 5798] and the November 12, 2010 Omnibus Objection Hearing [Dkt. No.

5813].

**Basis for Relief**

21.    Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, Appellant

Mitsubishi is to file a written designation of the record on appeal within fourteen days of filing

its Notice of Appeal: that is, on or before March 23, 2010.

22.    Local Rule 8006-1(A) states:

> ***Record on Appeal – Exclusions***: Unless otherwise directed by the
> Court, the record on appeal in any matter shall not include
> counsel's opening statement or arguments of counsel, including
> arguments of counsel on motions.

(Emphasis added.)  In light of this local rule, Mitsubishi seeks the permission of the Court to

include the arguments of counsel presented at the Omnibus Objection Hearing in the record on

appeal.

23.    As the Court emphasized at the Omnibus Objection Hearing and in the Order and

Memorandum Opinion, the Court made its determination on legal issues only, so the argument of

counsel presented at the Omnibus Objection Hearing is essential to the District Court's review of

the issues on appeal, and its understanding of the Court's ruling. In fact, the Omnibus Objection

Hearing was comprised entirely of arguments of counsel -- no factual evidence was presented at

the Hearing or in the related pleadings.  *See* Mem. Op. at 1.

WHEREFORE, Mitsubishi respectfully requests that the Court enter an order 1) granting

this motion and leave to include arguments of counsel presented at the Omnibus Objection

Hearing in the record on appeal, and 2) granting such other and further relief as this Court deems

just and proper.

Submitted: March 23, 2010

**MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.**

/s/ Philip C. Baxa
Philip C. Baxa (VSB No. 22977)
MercerTrigiani LLP
16 South Second Street
Richmond, Virginia 23219
Tel: 804-782-8691
Fax: 804-644-0209
phil.baxa@mercertrigiani.com

- and -

KING & SPALDING

James A. Pardo, Jr.
Georgia Bar No. 561206
jpardo@kslaw.com
Thaddeus D. Wilson
Georgia Bar No. 596008
thadwilson@kslaw.com
1180 Peachtree Street
Atlanta, Georgia  30309-3521
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5128

*Counsel  for Mitsubishi Digital Electronics America, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on March 23, 2010, I will electronically file the foregoing Mitsubishi Digital Electronics America, Inc.'s Motion for Leave to Include Arguments of Counsel in Record on Appeal and Incorporated Memorandum of Law in Support of Motion with the Clerk of the Court using the CM/ECF system, and send a true and correct copy of the foregoing Motion and Memorandum via regular mail, postage prepaid, on March 23, 2010 to:

> Gregg M. Galardi, Esquire
> Ian S. Fredericks, Esquire
> Skadden, Arps, Slate, Meagher & Flom LLP
> One Rodney Square
> Wilmington, DE 19899
> gregg.galardi@skadden.com

> Dion W. Hayes, Esquire
> Douglas M. Foley, Esquire
> McGuire Woods LLP
> One James Center
> 901 E. Cary Street
> Richmond, VA 23219
> dfoley@mcguirewoods.com

> Chris L. Dickerson, Esquire
> Skadden, Arps, Slate, Meagher & Flom LLP
> 333 West Wacker Drive
> Chicago, IL 60606
> chris.thckerson@skadden.com

> Robert B. Van Arsdale, Esquire
> Office of the U.S. Trustee
> 701 E. Broad Street, Suite 4304
> Richmond, VA 23219
> Robert.B.Van.Arsdale~usdoj.gov

> /s/ Philip C. Baxa
> Philip C. Baxa (VSB No. 22977)

# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### (Richmond Division)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CIRCUIT CITY STORES, INC.,** *et al.,* | ) | **Case No. 08-35653 (KRH)** |
| | ) | **(Chapter 11)** |
| | ) | **Jointly Administered** |
| Debtors. | ) | |

### ORDER GRANTING MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.'S MOTION FOR LEAVE TO INCLUDE ARGUMENTS OF COUNSEL IN RECORD ON APPEAL

This cause came before the Court upon Mitsubishi Digital Electronics America, Inc.'s Motion for Leave to Include Arguments of Counsel in Record on Appeal (the "Motion"), and the Court having reviewed the Motion, and any opposition thereto, and being fully advised in the premises, it is

HEREBY ORDERED THAT:

1.    The Motion should be, and is hereby, GRANTED, and

2.    The record on appeal shall include the arguments of counsel recorded in the transcripts of the November 12, 2010 Omnibus Objection Hearing [Dkt. No. 5813], as designated by Mitsubishi Digital Electronics America, Inc.

Entered:                      _____
                              Kevin R. Huennekens
                              United States Bankruptcy Judge

I ASK FOR THIS:


_____
Philip C. Baxa (VSB No. 22977)
MERCERTRIGIANI LLP
16 South Second Street
Richmond, Virginia 23219
Tel: 804-782-8691

*Attorney for Mitsubishi Digital Electronics America, Inc.*

Pursuant to Local Bankruptcy Rule 9022-1(B), parties to receive copies:

Dion W. Hayes, Esquire
Douglas M. Foley, Esquire
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219

Gregg M. Galardi, Esquire
Ian S. Fredericks, Esquire
Skadden Arps Slate Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899

Robert B. Van Arsdale
Office of the U. S. Trustee
701 E. Broad St., Suite 4304
Richmond, VA 23219

**Certificate in Accordance with Local Rule 9022-1(C)**

Pursuant to Local Rule 9022-1(C), I hereby certify that the foregoing proposed order has

been served on all necessary parties.


<u>/s/ Philip C. Baxa</u>
Philip C. Baxa (VSB No. 22977)


R0010188