Gregg M. Galardi, Esq.     Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.     Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM LLP     One James Center
One Rodney Square     901 E. Cary Street
PO Box 636     Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:     :   Chapter 11
     :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
<u>et</u> <u>al.</u>,     :
     :   Jointly Administered
     Debtors.  :
     :   **Obj. Deadline: April 5, 2010 at**
     **4:00 p.m. (Eastern)**
- - - - - - - - - - - - - - x

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION
BY AND AMONG THE DEBTORS AND SDI TECHNOLOGIES, INC.
REGARDING CLAIM NO. 224 AND THE DEBTORS'
FORTY-EIGHTH OMNIBUS OBJECTION TO CLAIM NO. 651**

     PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order Pursuant
To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002,
9006, and 9019 Authorizing the Establishment of Procedures
to Settle Certain Pre-Petition and Post-Petition Claims and
Causes of Action Without Further Court Approval (D.I. 4401,
the "Order").[1]  A copy of the Order (without exhibits) is

---

[1]    Capitalized terms not otherwise defined herein shall have the mean-
    ings ascribed to such terms in the Destruction Order.

annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a settlement agreement and stipulation (the "Settlement") with SDI Technologies, Inc., a copy of which is annexed as <u>Exhibit 2</u>.

### SUMMARY OF SETTLEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Order, the material terms of the Settlement are as follows:

(i)   The Proposed Settlement is a Tier II Settlement.

(ii)   The Settlement is between the Debtors and SDI Technologies, Inc. ("SDI").

---

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]   **This section of the notice constitutes a summary of the material terms of the Settlement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement in its entirety.  In the event there is a conflict between the notice and the Settlement, the Settlement shall control in all respects.**

(iii)  As further described in the Settlement
Agreement, SDI asserted a general unsecured
claim and a claim pursuant to section 503(b)(9)
of the Bankruptcy Code against the Debtors.
The Debtors asserted that they were entitled
to payment from Claimant (the "Total
Receivable").

(iv)  The Settlement provides that the Total
Receivable first shall be setoff against SDI's
claim asserted pursuant to section 503(b)(9)
of the Bankruptcy Code, which reduces Claim No.
651 to $0, and then against SDI's general
unsecured claim (Claim No. 224), which results
in SDI having an allowed general unsecured,
non-priority claim (no longer subject to
amendment) in the amount of $765,495.00, which
shall be paid in accordance with the terms of
the Plan.  All of SDI's other claims against
the Debtors are disallowed.

 (v)  By setting off the Total Receivable
against Claim No. 651 and Claim No. 224, the
Total Receivable is fully paid, settled,
discharged and extinguished for all purposes.

(vi)  The Debtors, on their behalf and on
behalf of their estates, and Claimant each
reserve their legal and equitable rights with
respect to, and do not waive, any and all
claims, causes of action, remedies, defenses
(affirmative or otherwise) and arguments they
may have against each other arising under
Bankruptcy Code sections 502(d), 544, 547, 548,
and 550 (the "Avoidance Claims and Defenses").

(vii)  Claimant and the Debtors specifically
acknowledge and agree that this Settlement
Agreement is not intended to, and does not,
release or otherwise affect in any way any
claims or causes of action now or hereinafter
asserted in or relating to the multi-district
litigation captioned In re: TFT-LCD (Flat
Panel) Antitrust Litigation, MDL No. 1827 (N.D.
Cal.) and the actions consolidated therein
(the "MDL Proceeding").

3

(viii)  Except for Claim No. 224 and the
Avoidance Claims and Defenses, and subject to
the carve-out of the MDL Proceeding, any and
all other claims, causes of action, actions,
suits, debts, obligations, liabilities,
accounts, damages, defenses, demands,
whatsoever in law or in equity, whether known,
unknown, or hereafter becoming known, by
reason of any matter, cause or thing, that the
parties hereto have, may have, or have had
against each other as of the date hereof are
hereby fully and completely waived and
discharged, whether by demand, suit, judgment,
settlement or otherwise.

(ix)  By entering into the Settlement
Agreement, the Debtors avoid potentially
costly litigation concerning SDI's claims and
collection of the Total Receivable.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
SETTLEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE SETTLEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Order, any Notice Party may
object (each an "Objection") to or request additional time
or information (each a "Request") to evaluate the Settlement.

PLEASE TAKE FURTHER NOTICE that all Objections and
Requests must be <u>in writing</u> and received by counsel to the
Debtors and counsel to the Official Committee of Unsecured
Creditors (see information below) by no later than **April 5,
2010 at 4:00 p.m. (Eastern)** (the "Objection Deadline").
Each Objection or Request must be served on (i) the
attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher
& Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE
19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com)
and Ian S. Fredericks (ian.fredericks@skadden.com) and
(b) McGuireWoods LLP, One James Center, 901 E. Cary Street,
Richmond, VA  23219, Attn: Douglas M. Foley
(dfoley@mcguirewoods.com) and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (ii)(a) Pachulski Stang
Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los
Angeles, California 90067-4100, Attn: Jeff Pomerantz

4

(jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Settlement and you do not want the Debtors to proceed with Settlement or you want the Court to consider your views concerning such Settlement, you or you attorney must also:

> file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before April 5, 2010 at 4:00 p.m. (Eastern).**

**Any Objection to a Settlement must be submitted by the method described in the foregoing sentence.  Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Settlement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested.  Each Notice Party may only make one Request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any), the **Debtors shall be authorized to enter into and consummate the Settlement without further order of the Court or any other action by the Debtors**.

Dated: March 24, 2010     SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia   FLOM LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley              .
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

**EXHIBIT 1**

**(Order without Exhibits)**

Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                             :
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   1Case No. 08-35653 (KRH)
et al.,                      :
                             :
          Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 9006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the establishment of procedures to settle certain pre-petition and post-petition claims and causes of action without further court approval; and the Court having reviewed the Motion; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.   Based on the affidavits of service filed, due, proper and adequate notice of the Motion has been given in accordance with the Case Management Order and that no other or further notice is necessary;

2.   The Notice Procedures are fair, reasonable, and appropriate.

3.   The Settlement Procedures are fair reasonable, and appropriate.

4.   The Notice and Settlement Procedures were proposed in good faith.

2

5.     Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.     Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.     The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.     The Motion is GRANTED.

9.     The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)   If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)   If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; _provided_,
_further_, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)    Tier I With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)    Tier II With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of <u>Exhibit A</u> attached hereto;
<u>provided</u>, <u>further</u>, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; <u>provided</u>, <u>further</u>, that, if applicable, KCC

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.   Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.   Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear and determine all matters arising from or related to the Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

       - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

       - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement)**

Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :    Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :    Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :    Jointly Administered
- - - - - - - - - - - - - - x

       **SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
             DEBTORS AND SDI TECHNOLOGIES, INC.
        REGARDING CLAIM NO. 224 AND THE DEBTORS' FORTY-EIGHTH
                OMNIBUS OBJECTION TO CLAIM NO. 651**

          This settlement agreement and stipulation (this

"Agreement") is entered into by and among the above-

captioned debtors and debtors in possession (the "Debtors"),

on the one hand, and SDI Technologies, Inc. (the "Claimant"

and together with the Debtors, the "Parties" and each of
which is a "Party"), on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition
Date"), the Debtors each filed a voluntary petition in the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Court") under chapter 11 of title 11 of the
United States Code (the "Bankruptcy Code");

WHEREAS, the Debtors have continued as debtors in
possession pursuant to sections 1107(a) and 1108 of the
Bankruptcy Code;

WHEREAS, on November 12, 2008, the Office of the
United States Trustee for the Eastern District of Virginia
appointed a statutory committee of unsecured creditors (the
"Creditors' Committee");

WHEREAS, to date, no trustee or examiner has been
appointed in these chapter 11 cases;

WHEREAS, on January 16, 2009, the Court authorized
the Debtors, among other things, to conduct going out of
business sales at the Debtors' remaining 567 stores pursuant
to an agency agreement (the "Agency Agreement") between the
Debtors and a joint venture, as agent (the "Agent").  On
January 17, 2009, the Agent commenced going out of business

sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded;

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims (the "Plan");

WHEREAS, the associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, and the hearing on confirmation of the Plan is currently scheduled for April 6, 2010;

WHEREAS, generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the Court's Order under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006 and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-petition and Post-petition Claims and Causes of Action Without Further Court Approval dated August 7, 2009, 2009 (Docket No. 4401; the

"Settlement Procedures Order")[1] to enter into this Agreement,

subject to the Notice Procedures.

### SETTLEMENT BACKGROUND

WHEREAS, on November 12, 2008, December 11, 2008,

and May 15, 2009 (the "Bar Date Orders"), this Court set (a)

December 19, 2008 at 4:00 p.m. (prevailing Pacific time) as

the deadline by which administrative priority claims

pursuant to 11 U.S.C. § 503(b)(9) were required to be filed

against the Debtors (Docket No. 107) (the "503(b)(9) Bar

Date"), (b) January 30, 2009 at 5:00 p.m. (prevailing

Pacific time) as the deadline by which proofs of claim

arising on or before the Petition Date (other than 503(b)(9)

claims) were required to be filed by non-governmental units

against the Debtors (Docket No. 890) (the "Non-Governmental

Bar Date"), (c) May 11, 2009 at 5:00 p.m. (prevailing

Pacific time) as the deadline by which governmental units

were required to file proofs of claim against the Debtors

(Docket No. 890) (the "Governmental Bar Date"), and (d) June

30, 2009 at 5:00 p.m. (prevailing Pacific time) as the

deadline by which administrative expense claims for the

period from November 10, 2008 through April 30, 2009 were

---

[1]   All capitalized terms not otherwise defined herein shall have the
      meaning ascribed to such terms in the Settlement Procedures Order.

required to be filed against the Debtors (Docket No. 3354) (the "Administrative Claim Bar Date") (collectively, the "Bar Dates");

WHEREAS, on November 28, 2008, Claimant timely filed proof of claim number 224 ("Claim No. 224") against Circuit City Stores, Inc. ("Circuit City"), asserting a claim pursuant to section 503(b)(9) of the Bankruptcy Code in the amount of $48,984.00 and a general unsecured claim in the amount of $848,576.55;

WHEREAS, on November 28, 2008, Claimant timely filed proof of claim number 1634 ("Claim No. 1634") against Circuit City, asserting a claim pursuant to section 503(b)(9) of the Bankruptcy Code in the amount of $48,984.00 and a general unsecured claim in the amount of $848,576.55;

WHEREAS, on December 2, 2008, Claimant timely filed proof of claim number 401 ("Claim No. 401") against Circuit City, asserting a claim pursuant to section 503(b)(9) of the Bankruptcy Code in the amount of $48,984.00;

WHEREAS, on December 2, 2008, Claimant timely filed proof of claim number 651 ("Claim No. 651") against Circuit City, asserting a claim pursuant to section 503(b)(9) of the Bankruptcy Code in the amount of $48,984.00;

WHEREAS, on February 13, 2009, the Debtors filed their First Omnibus Objection to (I) Certain Duplicative 503(b)(9) Claims and (II) Certain Amended 503(b)(9) Claims (Docket No. 2171), which objected to, among other claims, Claim No. 401 as being duplicative of Claim No. 651;

WHEREAS, on April 3, 2009, the Court entered on order disallowing Claim No. 401 for all purposes in these bankruptcy cases (Docket No. 2914);

WHEREAS, on June 4, 2009, the Debtors filed their Tenth Omnibus Objection (Docket No. 3513), which objected to, among other claims, Claim No. 1634 as being duplicative of Claim No. 224;

WHEREAS, on July 20, 2009, the Court entered on order disallowing Claim No. 1634 for all purposes in these bankruptcy cases (Docket No. 4172);

WHEREAS, on June 23, 2009, the Debtors filed their Twenty-Third Omnibus Objection (Docket No. 3711), which objected to, among other claims, Claim No. 224, and sought the disallowance of the $48,984.00 asserted pursuant to section 503(b)(9) of the Bankruptcy Code as duplicative of Claim No. 651;

WHEREAS, on August 13, 2009, the Court entered on order modifying Claim No. 224 by disallowing the $48,984.00

asserted pursuant to section 503(b)(9) of the Bankruptcy Code as duplicative of Claim No. 651 (Docket No. 4465);

WHEREAS, on October 13, 2009, the Debtors filed their Forty-Eighth Omnibus Objection (Docket No. 5211) (the "Forty-Eighth Omnibus Objection"), which objected to, among other claims, Claim No. 651;

WHEREAS, Circuit City has determined that it is entitled to payment from Claimant in the amount of $131,803.61 for credits due both before and after the Petition Date (the "Total Receivable") and Claimant disputes certain of the Total Receivable;

WHEREAS, the Parties have reconciled Claimant's claims and the Total Receivable and wish to resolve such matters as set forth herein.

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.   The Total Receivable shall first be setoff against Claim No. 651 and then against Claim No. 224.

2.   By setting off the Total Receivable against Claim No. 651, Claim No. 651 shall be reduced to $0.00 and thereafter be deemed disallowed for all purposes in these bankruptcy cases.

3.    By setting off the remaining Total Receivable against Claim No. 224, subject to paragraph 7, Claim No. 224 shall be reduced, modified and allowed as an Allowed General Unsecured Claim (as defined in the Plan), which is no longer subject to amendment by the Claimant, in the amount of $765,495.00 (the "Allowed General Unsecured Claim"). Claimant shall not be required to amend Claim No. 224 or file any proof of claim with respect to the Allowed General Unsecured Claim.

4.    By setting off the Total Receivable against Claim No. 651 and Claim No. 224, the Total Receivable is hereby fully paid, settled, discharged and extinguished for all purposes.

5.    To the extent required, the automatic stay of section 362 of the Bankruptcy Code is modified to permit the setoff described herein.

6.    For the avoidance of doubt, Claim Nos. 401, 651 and 1634 are disallowed for all purposes in these bankruptcy cases.

7.    The Debtors, on their behalf and on behalf of their estates, and Claimant each reserve their legal and equitable rights with respect to, and do not waive, any and all claims, causes of action, remedies, defenses

8

(affirmative or otherwise) and arguments they may have
against each other arising under Bankruptcy Code sections
502(d), 544, 547, 548, and 550(the "Avoidance Claims and
Defenses").

    8.   Claimant and the Debtors specifically
acknowledge and agree that this Settlement Agreement is not
intended to, and does not, release or otherwise affect in
any way any claims or causes of action now or hereinafter
asserted in or relating to the multi-district litigation
captioned *In re: TFT-LCD (Flat Panel) Antitrust Litigation*,
MDL No. 1827 (N.D. Cal.) and the actions consolidated
therein (the "MDL Proceeding") that (i) the Debtors, on
behalf of themselves, and each on behalf of their respective
estates, successors, and assigns, have or may have against
the now named or hereinafter named parties in the MDL
Proceeding and (ii) Claimant, on behalf of itself, its
successors, and assigns, has or may have against the now
named or hereinafter named parties in the MDL Proceeding.
Notwithstanding the foregoing, Claimant represents that it
does not manufacture or sell any flat panel goods and,
therefore, neither the Debtor nor any other party should
have any claims or causes of action against Claimant in
connection with or arising under the MDL Litigation and the

9

parties hereto agree that nothing contained herein may be
construed as an acknowledgment or admission by Claimant that
the Debtor or any other party may have any claims or causes
of action against Claimant in connection with or arising
under the MDL Litigation.

9.   Except for the Allowed General Unsecured
Claim and the Avoidance Claims and Defenses, and subject to
the carve-out of the MDL Proceeding, any and all other
claims, causes of action, actions, suits, debts, obligations,
liabilities, accounts, damages, defenses, demands,
whatsoever in law or in equity, whether known, unknown, or
hereafter becoming known, by reason of any matter, cause or
thing, that the parties hereto have, may have, or have had
against each other as of the date hereof are hereby fully
and completely waived and discharged, whether by demand,
suit, judgment, settlement or otherwise.

10.   Neither this Agreement, nor any statement
made or action taken in connection with the negotiation of
this Agreement, shall be offered or received in evidence or
in any way referred to in any legal action or administrative
proceeding among or between the Parties hereto, other than
(a) in connection with or related to, in any manner, an
Avoidance Claim and Defenses, (b) as may be necessary to

obtain approval of and/or to enforce any of the terms of this Agreement or (c) as may be necessary to seek damages or injunctive relief in connection therewith.

11.  This Agreement may be signed in counterpart originals and delivered by facsimile or email as a .pdf attachment, which, when fully executed, shall constitute a single original.  A signature received by email or facsimile shall have the same force and effect as an original signature.

12.  The Court shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Agreement.

13.  Each person or entity who executes this Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Agreement.  The representations and warranties set forth in this paragraph shall survive execution of this Agreement.

11

14.   This Agreement is effective upon the later of (i) execution by both Parties and (ii) the expiration of the applicable Notice Period.  The terms and provisions of this Agreement shall be void and of no force and effect if an objection is asserted prior to the expiration of the applicable Notice Period unless and until this Agreement is approved by the Court and/or the objection is withdrawn or otherwise resolved.

15.   This Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Court.

16.   This Agreement is a compromise of a disputed claim and shall not be deemed an admission of liability by any of the Parties.

17.   Each of the Parties hereto agrees to be responsible for and to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiation related to and preparation of this Agreement and not to seek from each other reimbursement of any such costs, expenses or attorneys' fees.

18.   This Agreement and all the provisions hereof shall be binding upon and shall inure to the benefit of all the Parties, each of the Parties' respective executors,

12

heirs, successors and assigns, and all entities claiming by

or through any of the Parties.

        IN WITNESS WHEREOF, this Agreement is hereby

executed as of the later of the dates set forth below.


Dated: March 24, 2010

ACCEPTED AND AGREED TO BY:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

        - and -


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

13

Dated: March 24, 2010

ACCEPTED AND AGREED TO BY:


/s/ Alan D. Halperin
Alan D. Halperin
Debra J. Cohen
Halperin Battaglia Raicht LLP
555 Madison Avenue, 9th Floor
New York, NY 10022
(212) 765-9100

Counsel to Claimant


\10161404