IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 08-35653-krh |
| **CIRCUIT CITY STORES, INC.,** | § | (Chapter 11) |
| ET AL., | § | (Jointly Administrered) |
| | § | |
| Debtors. | § | |

**VERIFIED MOTION TO RECONSIDER (A) ORDER DENYING MOTION OF RYAN, INC. F/K/A RYAN & COMPANY, INC. TO COMPEL DEBTOR TO ASSUME EXECUTORY CONTRACT AND (B) ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A) AND 365(A) AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF <u>CERTAIN EXECUTORY CONTRACT WITH RYAN, INC.</u>**

Pursuant to 11 U.S.C. § 105(a) and Rules 59 and 60 of the Federal Rules of Civil Procedure, as adopted for application in this action through Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure, as well as any other equitable and/or legal basis which may be applicable and/or which may be raised the parties and/or the Court at a hearing on this motion, claimant and party-in-interest RYAN, INC. f/k/a RYAN & COMPANY, Inc. ("**Ryan**") moves this Court for reconsideration of the following orders entered in the above styled and referenced case: (a) *Order Denying Motion of Ryan, Inc. f/k/a Ryan & Company, Inc. to Compel Debtor to*

| | |
|---|---|
| Bruce W. Akerly, Esq. | Robert M. Marino, Esq. |
| Texas Bar No. 00953200 | VSB #26076 |
| Cantey Hanger LLP | REDMON PEYTON & BRASWELL LLP |
| 1999 Bryan Street, Suite 3330 | 510 King Street, Suite 301 |
| Dallas, Texas 75201 | Alexandria, Virginia 22314 |
| (214) 978-4129 Telephone | (703) 684-2000 Telephone |
| (214) 978-4150 Facsimile | (703) 684-5109 Facsimile |
| | |
| ATTORNEYS FOR RYAN, INC. | LOCAL ATTORNEYS FOR RYAN, INC. |
| F/K/A RYAN & COMPANY, INC. | F/K/A RYAN & COMPANY, INC. |

*Assume Executory Contract* (Case Dkt. No. 6796) and (b) *Order Pursuant to Bankruptcy Code Sections 105(a) and 365(a) and Bankruptcy Rule 6006 Authorizing Rejection of Certain Executory Contract With Ryan, Inc.* (Case Dkt. No. 6804), as follows:

### Background

1. On June 8, 2005, Ryan and Debtor CIRCUIT CITY STORES, INC. ("**Debtor**") entered into a letter agreement whereby Ryan agreed to perform, for Debtor's benefit, a review of Debtor's Hawaii import tax payment records to identify tax refund and/or tax reduction opportunities (the "**Agreement**").

2. Debtors filed bankruptcy on November 10, 2008, under chapter 11 of the Bankruptcy Code, as styled and referenced above (the "**Case**").[1]

3. On or about September 29, 2009, Debtor's *First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (Case Dkt. No. 5124) (the "**Plan**"). The Plan provides that the Confirmation Order confirming the Plan will constitute an order under Bankruptcy Code section 365 rejecting all executory contracts or unexpired leases not previously assumed or rejected. *See* Plan Art. VII. A. The deadline, at that time, to object to confirmation of the Plan was November 16, 2009.

4. Prior to the filing of the Plan, principals of the parties, as well as their counsel, were discussing the Agreement and whether it would be beneficial for it to be assumed by the Debtor going forward.

---

[1] Ryan was engaged and working under the Agreement at the time Debtor filed the Case and until such time as the Court entered the orders which are the subject of this Motion.

**VERIFIED MOTION TO RECONSIDER (A) ORDER DENYING MOTION OF RYAN, INC. F/K/A RYAN & COMPANY, INC. TO COMPEL DEBTOR TO ASSUME EXECUTORY CONTRACT AND (B) ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A) AND 365(A) AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACT WITH RYAN, INC. – Page 2**

5. Given that default rejection would be accomplished through confirmation of the Plan and no agreement had been reached on whether Debtor would assume the Agreement, on November 13, 2009, Ryan filed its (a) *Objection of Ryan, Inc. f/k/a Ryan & Company, Inc. to Confirmation of First Amended Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (Case Dkt. No. 5647) ("**Ryan's Objection to Confirmation**") and (b) *Motion of Ryan, Inc. f/k/a Ryan & Company, Inc. to Compel Debtor to Assume Executory Contract* (Case Dkt. No. 5648) (the "**Motion to Assume**").

6. The Motion to Assume was initially scheduled for hearing on December 7, 2009. (Case Dkt. No. 5651) with a response date of November 30, 2009. The hearing on the Motion to Assume was subsequently continued by agreement of the parties to December 21, 2009, to January 28, 2010, to February 11, 2010, and finally to March 8, 2010 (the "**March 8th Hearing**"). These dates coincided with the continued hearing on confirmation of the Plan. Ryan understood that the mutual continuances were entered to accommodate counsel and enable the parties to continue discussions regarding assumption and/or other treatment of the Agreement going forward. Ryan's Objection to Confirmation was carried with Debtor's reset hearing on confirmation of the Plan. As of the filing of this Motion, the Plan has not been confirmed.

7. In mid-January 2010, Debtor's counsel advised counsel for Ryan that Debtor did not believe the Agreement had value to the bankruptcy estate and that Debtor would not modify the Plan or otherwise enter into an order assuming the Agreement.

8. On January 28, 2009, Debtor filed its *Debtors' Eighth Omnibus Motion for Order Pursuant to Bankruptcy Code Sections 105(a) and 365(a) and Bankruptcy Rule 6006 Authorizing Rejection of Certain Executory Contracts* (Case Dkt. No. 6416) (the "**Motion to Reject**") which

**VERIFIED MOTION TO RECONSIDER (A) ORDER DENYING MOTION OF RYAN, INC. F/K/A RYAN & COMPANY, INC. TO COMPEL DEBTOR TO ASSUME EXECUTORY CONTRACT AND (B) ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A) AND 365(A) AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACT WITH RYAN, INC. – Page 3**

includes the Agreement among multiple employment contracts sought to be rejected by Debtors. The Motion to Reject provides, in paragraph 12, footnote 6, that the Agreement "no longer provides any value to the Debtors." Ryan opposed the Motion to Reject, which placed the factual issues and statements therein in contest. (*See* Case Dkt. No. 6506). To Ryan's knowledge no affidavit or other verification was ever filed in support of the Motion to Reject.

9. Debtor's Motion to Reject was initially set for hearing on February 11, 2010, together with the hearing on Ryan's Motion to Assume; however, the hearing date for both motions was moved, by agreement to March 8, 2010, at 10:00 a.m. On the afternoon of Friday, March 5, 2010, Debtor filed its *Debtors' Objection to Motion of Ryan, Inc. f/k/a Ryan & Company, Inc. to Compel Debtor to Assume Executory Contract*. (Case Dkt. No. 6695). The response is not verified or supported by affidavit.

10. Based on Debtor's assertion that the tax refund claim (which is the subject of the Agreement) and the Agreement were of no value to the estate, on February 5, 2010, counsel for Ryan spoke with counsel for Debtor about whether the Debtor would entertain an offer to purchase the tax refund claim. In light of these discussions, Debtor agreed to continue the February 11 hearing date to March 8. On February 15, 2010, Ryan conveyed an offer to purchase the tax refund claim from the estate. The offer contained no deadline for Debtor to respond.

11. On Wednesday, March 3, 2010, three business days before the March 8th Hearing, Debtor's counsel communicated Debtor's response to Ryan's offer to purchase the tax refund claim. There was no deadline to respond to the offer. Ryan believed that, as before, so long as the parties were discussing the resolution of the Agreement and underlying tax refund claim,

**VERIFIED MOTION TO RECONSIDER (A) ORDER DENYING MOTION OF RYAN, INC. F/K/A RYAN & COMPANY, INC. TO COMPEL DEBTOR TO ASSUME EXECUTORY CONTRACT AND (B) ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A) AND 365(A) AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACT WITH RYAN, INC. – Page 4**

neither the Motion to Reject nor the Motion to Assume would be finally heard. Counsel for Ryan forwarded the counter-offer to Ryan for consideration.

12. Given the prior continuances, recent receipt of a counter-proposal with respect to the proposed purchase of the tax refund claim, and because the parties were still discussing options for resolving matters relating to the Agreement and pending motions, on February 12, 2010, Ryan filed its *Motion of Ryan, Inc. f/k/a Ryan & Company, Inc. for Permission to Attend and Participate Telephonically at March 8, 2010 Omnibus Hearing* ("Motion to Appear by Phone"). (Case Dkt. No. 6531). The Motion to Appear by Phone provides, in paragraph 6: "The parties agree that any issues presented at the March 8 Omnibus Hearing with respect to Ryan's Plan Objection, the Motion to Compel, and the Motion to Reject will be confined to legal argument, with the understanding that if there are any evidentiary issues that they will be deferred to another date subject to entry of a scheduling order by the Court." The Motion to Appear by Phone was not opposed by Debtor. The Motion to Appear by Phone was granted by Order of the Court entered on February 26, 2010. (Case Dkt. No. 6665). The Motion to Appear by Phone echoes Ryan's understanding that, as was the understanding of the parties with respect to the prior hearing dates, the March 8 Hearing would not be evidentiary in nature, would be confined to legal argument, and that a final decision would not be made until the matter was subsequently set for an evidentiary hearing.

13. The March 8th Hearing was held. Ryan's counsel (both lead and local) appeared by telephone. Neither Ryan nor Debtor filed witness or exhibit lists in connection with the hearing. No evidence was introduced by either party or admitted by the Court at the March 8th Hearing. Only the unverified pleading and statement of counsel, which are not evidence, were before the Court.

**VERIFIED MOTION TO RECONSIDER (A) ORDER DENYING MOTION OF RYAN, INC. F/K/A RYAN & COMPANY, INC. TO COMPEL DEBTOR TO ASSUME EXECUTORY CONTRACT AND (B) ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A) AND 365(A) AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACT WITH RYAN, INC. – Page 5**

14. On March 11, 2010, the Court entered its *Order Denying Motion of Ryan, Inc. f/k/a Ryan & Company, Inc. to Compel Debtor to Assume Executory Contract* ("**Order Denying Motion to Assume**"). (Case Dkt. No. 6796), a true and correct copy of which is attached hereto as Exhibit "1" and incorporated herein by reference as if fully set forth.

15. On March 12, 2010, the Court entered its Order Pursuant to Sections 105(a) and 365(a) and Bankruptcy Rule 6006 Authorizing Rejection of Certain Executory Contract with Ryan, Inc. ("**Order Granting Motion to Reject**"). (Case Dkt. No. 6804), a true and correct copy of which is attached hereto as Exhibit "2" and incorporated herein by reference as if fully set forth.

### Discussion/Request for Relief

16. Rule 59(a)(1)(B) of the Federal Rules of Civil Procedure, as adopted for application in this proceeding pursuant to Bankruptcy Rule 9023, provides that the Court may "grant a new trial on all or some of the issues…for any reason for which rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B); Fed. R. Bankr. P. 9023. Rule 59(a)(2) further provides that the Court may "on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2).

17. Rule 60(b)(1) and (6) of the Federal Rules of Civil Procedure, as adopted for application in this proceeding pursuant to Bankruptcy Rule 9024, provides that the Court may "relieve a party…from a…order, or proceeding for "mistake…surprise" or "any other reason that justifies relief." Fed. R. Civ. P. 60; Fed. R. Bank. P. 9024.

18. Section 105(a) of the Bankrutpcy Code provides: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

19. This Court should, as a matter of equity and fairness, reconsider entry of the Order Granting Motion to Reject and Order Denying Motion to Assume. <u>First</u>, Ryan and its counsel reasonably relied on the past practices of counsel for Debtor that it was not intended that the March 8th Hearing result in a conclusive determination of the parties' rights under either motion. This is borne out through the multiple adjournments to date, the fact that Debtor filed its response to Ryan's Motion to Assume the Friday before the March 8th Hearing, the fact that neither party filed witness or exhibit lists, and the fact that Ryan's Motion to Appear by Phone specifically mentions the parties understanding with respect to the need for an evidentiary hearing. <u>Second</u>, Ryan's opposition put Debtor's Motion to Reject into contest and required that Debtor present evidence to support its general conclusion that rejection of the Agreement is appropriate under the business judgment standard. (*See* Motion to Reject at 9). The Motion to Reject is not verified. No affidavit was filed in support of the Motion to Reject. No evidence was presented at the March 8th Hearing in support of the Motion to Reject. As such, there is no evidence of record to support the Court's entry of the subject Orders. <u>Finally</u>, Ryan and Debtor were continuing their discussions with respect to Debtor's assumption of the Agreement and Ryan had extended an offer to purchase the underlying tax refund claim. Debtor's response to this offer, which contained a counteroffer, was received only days before the March 8th Hearing. Given the late filed response and the counteroffer it was reasonable for Ryan to not expect that the March 8th Hearing would be dispositive of the issues in controversy between the parties.

20. "[Federal] Rule [of Civil Procedure] 59 gives the trial judge ample power to prevent what he considers to be a miscarriage of justice." 11 Wright Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2804 at 53 (1995). The most common ground for granting a request for new trial in situations such as those before the Court, involving bench rulings on dispositive matters, are that the proceedings were not fair, to prevent a manifest injustice, or that a substantial error was made in consideration of the evidence (or, as in the instance case, no evidence at all). *Id.* § 2803 at 53.

22. Federal Rule of Civil Procedure 60 permits relief from entry of order when it is established that a mistake has been made, the party affected by the order at issue is surprised by its entry, or when there are "other reasons justifying relief." Fed. R. Civ. P. 60(b)(1) and (6). Like Rule 59, Rule 60(b)(6) "gives the courts ample power to vacate judgments (orders) whenever the action is appropriate to accomplish justice." 11 Wright Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2864 at 350 (1995).

23. In the instant situation, under all attendant facts and circumstances it would be manifestly unfair to allow the Order Granting Motion to Reject and Order Denying Motion to Assume without allowing the introduction to and consideration of evidence by the Court. There is nothing in the conduct of Ryan or its counsel that would justify granting the Motion to Reject (which was contested) without holding Debtor to it burden of proof or denying Ryan's Motion to Assume without a fair opportunity to present evidence demonstrating why assumption of the Agreement would serve to benefit the estate and its creditors. As noted in the Motion to Assume, the Response to the Motion to Reject, and the Objection to Confirmation, there are sufficient and, Ryan believes, sustainable grounds to support entry of a judgment and findings in favor of Ryan that the Agreement should not be rejected. Notwithstanding argument of counsel

**VERIFIED MOTION TO RECONSIDER (A) ORDER DENYING MOTION OF RYAN, INC. F/K/A RYAN & COMPANY, INC. TO COMPEL DEBTOR TO ASSUME EXECUTORY CONTRACT AND (B) ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A) AND 365(A) AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACT WITH RYAN, INC. – Page 8**

at the March 8th Hearing, that the Agreement is of no value to the estate and presents absolutely no burden or cost to the estate, the fact that all risk and burden at this stage of the proceedings with respect to the outcome of the tax refund proceedings will be borne by Ryan and the fact that Ryan owns all of its work-product under the Agreement demonstrates that the Agreement should not have been rejected. Without Ryan's involvement and the use of its work-product, the creditors of the estate (which will realize the benefit of the outcome of the tax proceedings at issue under the Plan) stand to lose approximately $600,000 in potential refund recovery. The Creditors' Trust – which will own the refund claim – will be unable to make this claim on its own behalf as a result of Debtor's unilateral and self-serving decision to reject the Agreement.

24. Based on the foregoing Ryan requests that the Court reconsider entry of its Order Granting Motion to Reject and Order Denying Motion to Assume and set the Motion to Assume and Motion to Reject for an evidentiary hearing. Ryan requests such other and further relief to which it may be entitled under the circumstances.

## Certificate of Conference.

25. The undersigned certifies that Debtor's counsel was contacted to discuss the subject of the instant Motion but no agreement has been reached. Therefore, the instant Motion is presented to the Court for determination.

## Verification

26. The undersigned counsel for Ryan verifies under penalty of perjury that the facts set forth herein are true and correct to the best of their knowledge. 28 U.S.C. § 1746.

**VERIFIED MOTION TO RECONSIDER (A) ORDER DENYING MOTION OF RYAN, INC. F/K/A RYAN & COMPANY, INC. TO COMPEL DEBTOR TO ASSUME EXECUTORY CONTRACT AND (B) ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A) AND 365(A) AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACT WITH RYAN, INC. – Page 9**

Dated: March 24, 2010.

        Respectfully submitted,

        /s/ Bruce W. Akerly
        Bruce W. Akerly, Texas Bar No. 00953200
        CANTEY HANGER LLP
        1999 Bryan Street, Suite 3330
        Dallas, Texas 75201-3100
        (214) 978-1429 Telephone
        (214) 978-4150 Facsimile

        ATTORNEYS FOR RYAN, INC. F/K/A
        RYAN & COMPANY, INC.

        /s/ Robert M. Marino
        Robert M. Marino, VSB #26076
        REDMON PEYTON & BRASWELL, LLP
        510 King Street, Suite 301
        Alexandria, VA 22314
        (703) 684-2000 Telephone
        (703) 684-5109 Facsimile

        LOCAL ATTORNEYS FOR RYAN, INC. F/K/A
        RYAN & COMPANY, INC.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing pleading was served by electronic submission on those registered to receive same and by first class mail to the following on this 24th day of March, 2010:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden Arps Slate Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636

Charles L. Dickerson, Esq.
Skadeen Arps Slate Meagher & Flom LLP
155 North Wacker Drive
Chicago, Illinois 60606

Dion W. Hayes, Esq.
Douglas M. Foley, Esq.
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219

/s/ Bruce W. Akerly
_____