Douglas M. Foley (VSB No. 34364)
Bryan A. Fratkin (VSB No. 38933)
McGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - -  X
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC., et :   Case No. 08-35653 (KRH)
al.,                         :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - -  X  - - - - - - - - - - - - - - - -

CIRCUIT CITY STORES, INC.,   X   Adversary Proceeding No:09-03167
                             :
Plaintiff and Counterclaim   :
Defendant,                   :
                             :
v.                           :
                             :
SIRIUS XM RADIO INC.,        :
                             :
Defendant and Counterclaim   :
Plaintiff.                   X   **Obj. Deadline: April 8, 2010**
- - - - - - - - - - - - - -

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION**

PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(Docket No. 4401, the "Order").[1]  A copy of the Order
(without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the
Order, the above-captioned debtors and debtors in
possession (collectively, the "Debtors")[2] are authorized to
negotiate and enter into Settlement Agreement and
settlement agreements with third parties, subject to the
procedures set forth in the Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time,
the Debtors have entered into a settlement agreement and
Settlement Agreement (the "Settlement Agreement") with
Sirius XM Radio Inc. ("Sirius XM"), a copy of which is
annexed as <u>Exhibit 2</u>.

**SUMMARY OF SETTLEMENT TERMS[3]**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(b) of the Order, the material terms of
the Settlement Agreement are as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the
meanings ascribed to such terms in the Order and/or Settlement
Agreement..

[2] The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
(0875), Ventoux International, Inc. (1838), Circuit City Purchasing
Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company
of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer
Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659),
Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS,
Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel,
LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR,
LLC (5512).  The address the Debtors is 4951 Lake Brook Drive, Suite
#500, Glen Allen, VA 23060.

[3] **This section of the notice constitutes a summary of the material
terms of the Settlement Agreement and is being provided for
convenience only and should not be relied upon in any way.  All
parties are strongly encouraged to review the Settlement Agreement in
its entirety.  In the event there is a conflict between the notice
and the Settlement Agreement, the Settlement Agreement shall control
in all respects.**

(i)     The Settlement Agreement is a Tier II
        Settlement.

(ii)    The Settlement Agreement is between the
        Debtors and Sirius XM Radio Inc. (the
        "Parties").

(iii)   Claim No. 14088 is withdrawn and
        disallowed in its entirety for all
        purposes in these bankruptcy cases.

(iv)    In the complaint, the Debtors assert
        that they are entitled to certain pre-
        and post-petition receivables that are
        due and owing from Siriux XM for which
        the Debtors have not received payment
        (the "Receivables").

(v)     On or before the fifth (5) business day
        from the date the Settlement Agreement
        is deemed a final order of the Court,
        Sirius XM shall wire to the Debtors the
        total sum of three million seven
        hundred eighty-four thousand four
        hundred ninety-six dollars and fifty-
        six cents ($3,784,496.56) in full and
        final satisfaction of the Receivables.

(vi)    On the Effective Date, the above-
        captioned Adversary Proceeding,
        including the Complaint and
        Counterclaim, shall be dismissed with
        prejudice.

(vii)   Any and all contracts by and between
        the Parties, including but not limited
        to the Contracts, not previously
        terminated or rejected, shall be deemed
        rejected as of the Effective Date.

(iv)    The Settlement Agreement provides that
        any and all other claims by and between
        the Parties are released with the
        specific exception of the MDL
        Proceeding.

3

(v)     The Settlement Agreement provides for the efficient and consensual resolution of claims by and between the Debtors and Sirius XM.  As such, the Settlement Agreement will avoid unnecessary costs and expenses of negotiating the remaining issues between the Parties in a duplicative, piecemeal manner. Accordingly, the Settlement Agreement is in the best interests of the Debtors and their estates and creditors.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED SETTLEMENT AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be in writing and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (the "Creditors' Committee")(see information below) by no later than **April 8, 2010** (the "Objection Deadline").  Each Objection or Request must be served on (i) counsel for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F. Blanks (dblanks@mcguirewoods.com), and (ii) counsel for the Creditors' Committee, (a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Settlement Agreement and you do not want the Debtors to proceed with Settlement Agreement or you want the Court to consider your views concerning such Settlement Agreement, you or you attorney must also: file in writing with the Bankruptcy Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H).  If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before April 8, 2010.**

**Any Objection to the Settlement Agreement must be submitted by the method described in the foregoing sentence. Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Settlement Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested.  Each Notice Party may only make one Request for additional time, unless otherwise agreed to by the Debtors in their sole discretion.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Creditors' Committee or counsel to the Debtors and counsel for the Creditors' Committee do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any), **the Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.


Dated: March 29, 2010          MCGUIREWOODS LLP
       Richmond, Virginia

                               /s/ Douglas M. Foley
                               Douglas M. Foley (VSB No. 34364)
                               Bryan A. Fratkin (VSB No. 38933)
                               McGuireWoods LLP
                               One James Center
                               901 E. Cary Street
                               Richmond, Virginia 23219
                               (804) 775-1000

                               Counsel for Debtors and Debtors
                               in Possession

**EXHIBIT 1**

**(Order without Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :    Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :    1Case No. 08-35653 (KRH)
et al.,                     :
                            :
              Debtors.      :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

          Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

_____

[1]    Each capitalized term not otherwise defined herein shall have the
       meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 9006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the establishment of procedures to settle certain pre-petition and post-petition claims and causes of action without further court approval; and the Court having reviewed the Motion; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed, due, proper and adequate notice of the Motion has been given in accordance with the Case Management Order and that no other or further notice is necessary;

2.    The Notice Procedures are fair, reasonable, and appropriate.

3.    The Settlement Procedures are fair reasonable, and appropriate.

4.    The Notice and Settlement Procedures were proposed in good faith.

2

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

3

10.   The Debtors shall provide key parties in
interest with notice of each proposed Settlement.   The
Notice Procedures are as follows:

(a)    The Debtors shall give written
notice, by email or facsimile, if available,
or overnight courier if email or facsimile
are not available, of each proposed
Settlement (the "Settlement Notice") to (i)
the United States Trustee, (ii) counsel for
the Committee of Unsecured Creditors, (iii)
any party to the Settlement, and (iv) the
Core Group and 2002 List (collectively, the
"Notice Parties").

(b)    The Settlement Notice (or the
Settlement Agreement) shall specify (i) the
identity of the other party to the
Settlement, (ii) a summary of the dispute
with such other party, including a statement
of the Debtors' reasonable estimate of the
Settlement Claim amount and the basis for
the controversy, (iii) an explanation of why
the Settlement of such Settlement Claim is
favorable to the Debtors, their estates, and
their creditors, and (iv) a copy of the
proposed settlement agreement ("Settlement
Agreement").

(c)    The Notice Parties may object to or
request additional time to evaluate the
proposed Settlement in writing by no later
than 5:00 p.m. (ET) (i) five (5) days for
both Tier I Disputed Claims and Tier I Cause
of Action and Receivable Claims or (ii) ten
(10) days for both Tier II Disputed Claims
and Tier II Cause of Action and Receivable
Claims (each an individual "Notice Period")
and serve such objection or request on
counsel to the Debtors and counsel for the
Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)    <u>Tier I</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    <u>Tier II</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   <u>Tier II</u> With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.   Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.   Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear
and determine all matters arising from or related to the
Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
        _____, 2009

        _____
        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

\10974742.1

Douglas M. Foley (VSB No. 34364)
Bryan A. Fratkin (VSB No. 38933)
McGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession

                UNITED STATES BANKRUPTCY COURT
                 EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - X
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - X  - - - - - - - - - - - - - - - - -

CIRCUIT CITY STORES, INC.,   X   Adversary Proceeding No:09-03167
                             :
Plaintiff and Counterclaim   :
Defendant,                   :
                             :
v.                           :
                             :
SIRIUS XM RADIO INC.,        :
                             :
Defendant and Counterclaim   :
Plaintiff.                   X
- - - - - - - - - - - - - - -


         **SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
              DEBTORS AND SIRIUS XM RADIO INC.**

         This settlement agreement and stipulation (this

    "Settlement Agreement") is entered into by and among the

    above-captioned debtors and debtors in possession (the

"Debtors"), Sirius XM Radio Inc. ("Sirius") and XM Satellite

Radio Inc. ("XM," together with Sirius, "Sirius XM") (Sirius

XM, together with the Debtors, the "Parties" and each of

which is a "Party").

## GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in the

United States Bankruptcy Court for the Eastern District of

Virginia (the "Court") under chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code");

WHEREAS, the Debtors have continued as debtors in

possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code;

WHEREAS, on November 12, 2008, the Office of the

United States Trustee for the Eastern District of Virginia

appointed a statutory committee of unsecured creditors (the

"Creditors' Committee");

WHEREAS, to date, no trustee or examiner has been

appointed in these chapter 11 cases;

WHEREAS, on January 16, 2009, the Court authorized

the Debtors, among other things, to conduct going out of

business sales at the Debtors' remaining 567 stores pursuant

to an agency agreement (the "Agency Agreement") between the

Debtors and a joint venture, as agent (the "Agent").  On
January 17, 2009, the Agent commenced going out of business
sales pursuant to the Agency Agreement at the Debtors
remaining stores.  As of on or about March 8, 2009, the
going out of business sales concluded; and

WHEREAS, the Debtors are authorized under the
Court's Order under 11 U.S.C. §§ 105 and 363, and Fed. R.
Bankr. P. 2002, 9006 and 9019 Authorizing the Establishment
of Procedures to Settle Certain Pre-petition and Post-
petition Claims and Causes of Action Without Further Court
Approval dated August 7, 2009, 2009 (Docket No. 4401) (the
"Settlement Procedures Order")[1] to enter into this Settlement
Agreement, subject to the Notice Procedures.

## SETTLEMENT BACKGROUND

WHEREAS, on April 1, 2007, the Debtors and XM
entered into an "XM Sales and Marketing Agreement" (the "XM
Contract").

WHEREAS, on May 29, 2008, the Debtors and Sirius
entered into a "Retail Distribution Agreement" (the "Sirius
Contract" and together with the XM Contract, the
"Contracts").

---

[1]  All capitalized terms not otherwise defined herein shall have the
     meaning ascribed to such terms in the Settlement Procedures Order.

WHEREAS, pursuant to orders of this Court entered on November 12, 2008, December 11, 2008, and May 15, 2009 (the "Bar Date Orders"), this Court set (a) December 19, 2008, at 4:00 p.m. (prevailing Pacific time) as the deadline by which administrative priority claims pursuant to 11 U.S.C. § 503(b)(9) were required to be filed against the Debtors (Docket No. 107) (the "503(b)(9) Bar Date"), (b) January 30, 2009, at 5:00 p.m. (prevailing Pacific time) as the deadline by which proofs of claim were required to be filed by non-governmental units against the Debtors (Docket No. 890) (the "Non-Governmental Bar Date"), (c) May 11, 2009, at 5:00 p.m. (prevailing Pacific time) as the deadline by which governmental units were required to file proofs of claim against the Debtors (Docket No. 890) (the "Governmental Bar Date"), and (d) June 30, 2009, at 5:00 p.m. (prevailing Pacific time) as the deadline by which administrative expense claims for the period from November 10, 2008 through April 30, 2009 were required to be filed against the Debtors (Docket No. 3354) (the "Administrative Claim Bar Date") (collectively, the "Bar Dates");

WHEREAS, On June 30, 2009, Sirius XM filed an administrative expense claim in an unliquidated amount against the Debtors ("Claim No. 14088");

4

WHEREAS, on August 24, 2009, the Debtors filed a complaint (the "Complaint") against Sirius XM initiating the above-captioned adversary proceeding (the "Adversary Proceeding");

WHEREAS, on September 24, 2009, Sirius XM filed its answer to the Complaint (the "Answer"), and its counterclaim against the Debtors (the "Counterclaim");

WHEREAS, on December 18, 2009, the Debtors filed their answer to the Counterclaim (the "Counterclaim Answer");

WHEREAS, after extensive, good faith negotiations, the Parties now desire to consensually resolve all claims, matters, and disputes by and between the Parties; and

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    **Claim No. 14088.**  Claim No. 14088 is hereby withdrawn and disallowed in its entirety for all purposes in these bankruptcy cases.

2.    **Settlement Amount.**  On or before the fifth (5) business day from the date this Settlement Agreement is deemed a final order of the Court, Sirius XM shall wire to

the Debtors the total sum of three million seven hundred eighty-four thousand four hundred ninety-six dollars and fifty-six cents ($3,784,496.56) (the "Settlement Amount") in full and complete settlement of the Adversary Proceeding, including attorneys' fees and costs, and all other matters of dispute or potential dispute between the Parties, past and present, whether or not known or asserted by either Party at the time of signing this Settlement Agreement.  The date of actual receipt of payment in full, shall be the "Effective Date".  For purposes of this Paragraph, the Effective Date shall be deemed to be the last date the Settlement Amount would be deemed to be made pursuant to 11 U.S.C. § 547.  The Settlement Amount shall be wired to the Debtors as follows:

Wiring Instructions:

Account Name:  Circuit City Stores, Inc.
ABA/Routing Number: 051400549
Account Number:2055275431509
Bank:  Wachovia Bank
10401 Deerwood Park Blvd, Building 1
Jacksonville, Florida  32256

    3.    **Adversary Proceeding.**  On the Effective Date, the Adversary Proceeding, including the Complaint and Counterclaim, shall be dismissed with prejudice.

4.    **Contracts.**  Any and all contracts by and
between the Parties, including but not limited to the
Contracts, not previously terminated or rejected, shall be
deemed rejected as of the Effective Date; <u>provided</u>, <u>however</u>,
certain contracts by and between the Parties may have been
terminated prior to the Petition Date, may have been
terminated since the Petition Date as a result of a breach
by the contract counterparty or otherwise, may not have
become effective or may not be executory as of the date
hereof.  This Settlement Agreement is not intended, and
shall not be interpreted, to reinstate or otherwise alter
the status of any contract that was previously terminated or
rejected.  For the avoidance of doubt, except as expressly
provided for herein, neither Sirius XM nor the Debtors shall
receive any claims or amounts on account of any contracts
that may exist or have existed by and between the Parties.

5.    **Resolution of All Claims and Disputes.**  The
Parties are entering into this Settlement Agreement to
resolve all matters of dispute or potential dispute arising
out of claims related to or asserted in the Complaint,
Answer, Counterclaim, Counterclaim Answer, Claim No. 14088,
and any other claims by and between the Parties, whether or
not such claims are known or unknown to the Parties, and

whether or not such claims have been asserted by the Parties. Any and all other claims against the Debtors and/or their estates, collectively or individually, by or on behalf of Sirius XM are hereby irrevocably withdrawn, disallowed, and expunged in their entirety.  Any and all other claims against Sirius XM, collectively or individually, by or on behalf of the Debtors and their estates are hereby irrevocably withdrawn, disallowed, and expunged in their entirety.

6.  **Debtors' Release.**  Effective on the Effective Date, the Debtors, without the need for additional documentation or the entry of any additional orders, except as expressly provided in this Settlement Agreement, on behalf of themselves and their estates, together with each of their affiliates, parents, agents, subsidiaries, and the successors and assigns of any of them, and any other person or entity that claims or might claim through, on behalf of or for the benefit of any of the foregoing, with the exception of InterTan Canada Ltd. and its Canadian affiliates (collectively, the "Debtors Releasors"), shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged Sirius XM, their past or present affiliates,

attorneys, directors, employees, officers, parents, agents,
subsidiaries, and the successors and assigns of any of them,
with the exception of Canadian Satellite Radio Holdings Inc.,
Canadian Satellite Radio, or Sirius Canada Inc.
(collectively, the "Sirius XM Releasees"), from any and all
manner of actions, causes of action, suits, costs, debts,
liabilities, obligations, dues, sums of money, accounts,
reckonings, bonds, bills, specialties, covenants, contracts,
controversies, agreements, promises, variances, trespasses,
damages, judgments, executions, claims and demands
whatsoever, of whatever kind or nature, whether known or
unknown, suspected or unsuspected, in law or equity, which
the Debtors Releasors, or any of them, from the beginning of
time through the Effective Date, have, have had, may have or
may claim to have against any Sirius XM Releasee, including,
without limitation, any and all claims asserted in or which
could have been asserted in, or which relate to the subject
matter of, the Complaint, the Contracts, as well as any and
all claims that may have arisen or may relate to any other
events, activities, or occurrences that have taken place or
take place on or before the Effective Date (collectively,
the "Debtors' Released Claims").  The Parties intend that
this release shall be a general release, subject only to any

9

exclusions set forth herein, including, but not limited to,
those conditions provided for in Paragraph 7, and the
inclusion of the foregoing specifically included released
matters shall not be construed as detracting from the
purposefully general nature of this release.  Further,
effective on the Effective Date, the Debtors, without the
need for additional documentation or the entry of any
additional orders, except as expressly provided in this
Settlement Agreement, on behalf of its directors, employees,
and officers (the "Limited Debtors Releasors"), shall be
deemed to have irrevocably and unconditionally, fully,
finally and forever waived, released, acquitted and
discharged the Sirius XM Releasees from any and all manner
of actions, causes of action, suits, costs, debts,
liabilities, obligations, dues, sums of money, accounts,
reckonings, bonds, bills, specialties, covenants, contracts,
controversies, agreements, promises, variances, trespasses,
damages, judgments, executions, claims and demands
whatsoever, of whatever kind or nature, whether known or
unknown, suspected or unsuspected, in law or equity, which
the directors, employees or officers from the beginning of
time through the Effective Date, have, have had, may have or
may claim to have against any Sirius XM Releasee relating to

all claims asserted, or which could have been asserted, or

which relate to the subject matter of, the Complaint,

Contracts, the Counterclaim or Claim No. 14088.

7. **Debtors' Release Void Ab Initio Upon**

**Bankruptcy.**   The releases provided for in Paragraph 6 above

shall be void ab initio in the event that any bankruptcy,

receivership, assignment for the benefit of creditors, or

similar case, matter or insolvency proceeding is commenced

by or against the Sirius XM, or any of its subsidiaries,

affiliates, and/or parents, or any of their assets, within

ninety-one (91) days following the Effective Date and is

otherwise not promptly dismissed within forty-five (45) days

of commencement.

8. **Sirius XM's Release.**   Effective on the

Effective Date, Sirius XM, without the need for additional

documentation or the entry of any additional orders, except

as expressly provided in this Settlement Agreement, on

behalf of itself and each of its affiliates, parents, agents,

subsidiaries, and the successors and assigns of any of them,

and any other person or entity that claims or might claim

through, on behalf of or for the benefit of any of the

foregoing, with the exception of Canadian Satellite Radio

Holdings Inc., Canadian Satellite Radio, or Sirius Canada

Inc. (collectively, the "Sirius XM Releasors"), shall be

deemed to have irrevocably and unconditionally, fully,

finally and forever waived, released, acquitted and

discharged the Debtors, their past or present affiliates,

attorneys, directors, employees, officers, parents, agents

subsidiaries, and the successors and assigns of any of them,

with the exception of InterTan Canada Ltd. and its Canadian

affiliates (collectively, the "Debtors Releasees"), from any

and all manner of actions, causes of action, suits, costs,

debts, liabilities, obligations, dues, sums of money,

accounts, reckonings, bonds, bills, specialties, covenants,

contracts, controversies, agreements, promises, variances,

trespasses, damages, judgments, executions, claims and

demands whatsoever, of whatever kind or nature, whether

known or unknown, suspected or unsuspected, in law or equity,

which the Sirius XM Releasors, or any of them, from the

beginning of time through the Effective Date, have, have had,

may have or may claim to have against any Debtors Releasee,

including, without limitation, any and all claims asserted

in or which could have been asserted in, or which relate to

the subject matter of, the Complaint, the Contracts, the

Counterclaim or Claim No. 14088, as well as any and all

claims that may have arisen or may relate to any other

events, activities, or occurrences that have taken place or
take place on or before the Effective Date (collectively,
the "Sirius XM Released Claims").  The Parties intend that
this release shall be a general release, subject only to any
exclusions set forth herein, and the inclusion of the
foregoing specifically included released matters shall not
be construed as detracting from the purposefully general
nature of this release.  Further, effective on the Effective
Date, Sirius XM, without the need for additional
documentation or the entry of any additional orders, except
as expressly provided in this Settlement Agreement, on
behalf of its directors, employees, and officers (the
"Limited Sirius XM Releasors"), shall be deemed to have
irrevocably and unconditionally, fully, finally and forever
waived, released, acquitted and discharged the Debtors
Releasees from any and all manner of actions, causes of
action, suits, costs, debts, liabilities, obligations, dues,
sums of money, accounts, reckonings, bonds, bills,
specialties, covenants, contracts, controversies, agreements,
promises, variances, trespasses, damages, judgments,
executions, claims and demands whatsoever, of whatever kind
or nature, whether known or unknown, suspected or
unsuspected, in law or equity, which the directors,

employees or officers from the beginning of time through the
Effective Date, have, have had, may have or may claim to
have against any Debtors Releasee relating to all claims
asserted, or which could have been asserted, or which relate
to the subject matter of, the Complaint, the Contracts, the
Counterclaim or Claim No. 14088.  For the avoidance of doubt,
the foregoing releases in Paragraphs 6-8 shall not apply to
InterTan Canada Ltd. and its Canadian affiliates and
Canadian Satellite Radio Holdings Inc., Canadian Satellite
Radio, or Sirius Canada Inc.

        9.   As to the mutual releases contained herein,
the Debtors Releasors and Sirius XM Releasors hereby
expressly waive and relinquish, to the fullest extent
permitted by law, the benefits of California Civil Code
section 1542, which provides:

        A general release does not extend to claims which
        the creditor does not know or suspect to exist in
        his or her favor at the time of executing the
        release, which if known by him or her must have
        materially affected his or her settlement with the
        debtor.

or any similar law in any other jurisdiction.

10.   Notwithstanding anything to the contrary in
this Settlement Agreement, Sirius XM and the Debtors
specifically acknowledge and agree that this Settlement
Agreement is not intended to, and does not, release or
otherwise affect in any way any actual claims or causes of
action (or potential claims or causes of action similar in
nature or type to such actual claims or causes of action)
now or hereinafter asserted in or relating to the multi-
district litigation captioned In re: TFT-LCD (Flat Panel)
Antitrust Litigation, MDL No. 1827 (N.D. Cal.) and the
actions consolidated therein (the "MDL Proceeding") that (i)
the Debtors, on behalf of themselves, and each on behalf of
their respective estates, successors, and assigns, have or
may have against the now named or hereinafter named parties
in the MDL Proceeding and (ii) Sirius XM and its
subsidiaries and affiliates and each on behalf of their
respective successors, and assigns, have or may have against
the now named or hereinafter named parties in the MDL
Proceeding.

11.   **No Admissions.**  This Settlement Agreement is
not and shall not in any way be construed as an admission by
the Parties of any allegations contained in the Complaint,
Counterclaim or Claim No. 14088.

12.   **Expenses.**   The Parties shall bear their own costs, expenses and attorneys' fees incurred in connection with the Debtors Released Claims, Sirius XM Released Claims and this Settlement Agreement.   In the event of any dispute in connection with the enforcement of this Settlement Agreement, the prevailing Party shall be entitled to its reasonable attorneys' fees, costs and all necessary disbursements and out-of-pocket expenses, whether statutorily approved or non-approved costs, incurred in connection with such action or proceeding, as determined by this Court.

13.   **No Other Obligations.**   The Parties agree that the Parties have no obligation to one another other than as set forth herein.

14.   **Severability.**   The Parties agree that if any provision of this Settlement Agreement is determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, that provision shall not be a part of this Settlement Agreement.   The legality, validity and enforceability of the remaining provisions shall not be affected by a provision of this Settlement Agreement that is illegal, invalid or unenforceable.

15.   **Miscellaneous.**

(a) Nothing contained herein shall be deemed an admission of liability on the part of the Debtors or the Sirius XM.

(b) Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (i) to obtain approval of and to enforce this Settlement Agreement (including the mutual releases contained herein) or (ii) to seek damages or injunctive relief in connection therewith.

(c) Each of the parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

(d) No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the parties hereto and their respective successors.

(e) This Settlement Agreement shall be governed by and construed in accordance with the law of the Commonwealth of Virginia without regard to any choice of law provisions.

(f) This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

(g) The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

(h) Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement. The representations and warranties set forth in this

18

paragraph shall survive execution of this Settlement

Agreement.

        (i) This Settlement Agreement is effective

upon the Effective Date.

        (j) This Settlement Agreement shall not be

modified, altered, amended or vacated without the written

consent of all parties hereto or order of the Bankruptcy

Court.

**(THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK. THE NEXT PAGE CONTAINS SIGNATURE LINES AND ACKNOWLEDGMENT INFORMATION.)**

IN WITNESS WHEREOF, this Settlement Agreement is

hereby executed as of the later of the dates set forth below.


Dated: March 29, 2010          ACCEPTED AND AGREED TO BY:
       Richmond, Virginia
                               MCGUIREWOODS LLP



                               _/s/ Douglas M. Foley_____
                               Douglas M. Foley (VSB No. 34364)
                               Bryan A. Fratkin (VSB No. 38933)
                               McGuireWoods LLP
                               One James Center
                               901 E. Cary Street
                               Richmond, Virginia 23219
                               (804) 775-1000

                               *Counsel for Debtors and Debtors
                               in Possession*

Dated:  March 29, 2010        ACCEPTED AND AGREED TO BY:

                              _/s/ Christopher L. Perkins_____
                              Christopher L. Perkins (VSB No.
                              41783)
                              Ryan C. Day (VSB No. 76657)
                              LeCLAIRRYAN, a Professional
                              Corporation
                              Riverfront Plaza, East Tower
                              951 East Byrd Street, Eighth
                              Floor
                              Richmond, Virginia 23219
                              (804) 783-2003

                                      -and-

                              Eric D. Goldberg, Esq.
                              Gregory K. Jones, Esq.
                              STUTMAN, TREISTER & GLATT, P.C.
                              1901 Avenue of the Stars, 12th
                              Floor
                              Los Angeles, California 90067
                              (310) 228-5600

                              *Counsel for Sirius XM Radio Inc.
                              and XM Satellite Radio*

\10691249