Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :   Jointly Administered
            Debtors.        :
                            :   **Obj. Deadline: April 14, 2010 at**
- - - - - - - - - - - - - - x   **5:00 p.m. (ET)**

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION BY
AND AMONG THE DEBTORS AND SONY PICTURES HOME ENTERTAINMENT
INC.**

        PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(the "Settlement Procedures Order") (Docket No. 4401).[1]  A copy of the Settlement Procedures Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement Agreement") with Sony Pictures Home Entertainment Inc. ("SPHE"), a copy of which is annexed as <u>Exhibit 2</u>.

### SUMMARY OF SETTLEMENT AGREEMENT TERMS[3]

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Settlement Agreement (defined below) or the Settlement Procedures Order.

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]  This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Settlement Agreement are as follows:

(i)   This a Tier II Settlement.

(ii)  Upon the Effective Date of the Settlement Agreement (as defined therein), the Parties agree that the Alleged Receivables and the Claims shall be resolved as follows:  (a) within 7 days after the Settlement Agreement becomes final in accordance with the terms of the Settlement Procedures Order, SPHE shall wire or cause to be wired $1,250,000 (the "Payment") to the Debtors pursuant to wire instructions provided by the Debtors to SPHE; and (b) the Alleged Receivables shall be net against the Administrative Expense Claim, the 503(b)(9) Claim, and the Unsecured Claim such that (i) the Administrative Expense Claim shall be reduced to $0, (ii) the 503(b)(9) Claim shall reduced to $0, (iii) and the Unsecured Claim (Claim No. 9385) shall be reduced to and allowed in the amount of $4,000,000 (the "Allowed Unsecured Claim").

(iii) To the extent required, the automatic stay of 11 U.S.C. § 362 is lifted to permit the netting set forth in Paragraph ii above.

(iv)  The Parties further agree that the Allowed Unsecured Claim shall be deemed an "allowed" claim in case number 08-35653 (KRH) for all purposes, including with respect to any confirmed chapter 11 plan, and shall not be subject to further setoff, reduction, netting, defense or discount.

(v)   The Parties agree that the Settlement Agreement finally resolves the SPHE Claims, the Reclamation Demand, the Motions, and the Debtors' Alleged Receivables in their entirety.

(vi)  Effective upon receipt of the Payment by
      the Debtors, the Debtors, on behalf of
      themselves, and each on behalf of their
      respective estates, successors, and assigns,
      hereby irrevocably and fully release and
      discharge the SPE Entities, from and
      against any and all claims or causes of
      action under Bankruptcy Code sections 542,
      543, 544, 546, 547, 548, 549, 550, 553 and
      558.  The Releases are not intended as
      general releases or waivers and nothing in
      the Settlement Agreement shall be construed
      as such.

(vii) For the avoidance of doubt and
      notwithstanding anything to the contrary in
      the Settlement Agreement, (a) the Allowed
      Unsecured Claim shall constitute SPHE's
      full and final allowed claim in the
      Debtors' cases and SPHE and the SPE
      Entities shall not file or be entitled to
      recover on account of any other claims,
      including (without limitation) on any other
      SPHE Claims, from the Debtors or their
      estates, (b) other than the Payment, the
      Debtors shall not be entitled to recover
      any further credits, rebates, receivables,
      setoffs, netting, or discounts, including
      (without limitation) the Alleged
      Receivables, from SPHE, (c) all omnibus
      objections to any of the SPHE Claims shall
      be deemed resolved, (c) the legal and
      equitable rights, claims, causes of action,
      remedies, defenses, and arguments between
      or among the Debtors and the Other Sony
      Entities are not meant to be subject to,
      part of, or in any way affected by the
      Settlement Agreement, and (e) SPHE and the
      Debtors specifically acknowledge and agree
      that the Settlement Agreement is not
      intended to, and does not, release or
      otherwise affect in any way any actual
      claims or causes of action (or potential
      claims or causes of action similar in
      nature or type to such actual claims or

causes of action) now or hereinafter
asserted in or relating to the multi-
district litigation captioned In re: TFT-
LCD (Flat Panel) Antitrust Litigation, MDL
No. 1827 (N.D. Cal.) and the actions
consolidated therein (the "MDL Proceeding").

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Settlement Procedures Order,
any Notice Party may object (each an "Objection") to or
request additional time or information (each a "Request")
to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be <u>in writing</u> and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (see information below) by no later
**April 14, 2010 at 5:00 p.m. (ET)** (the "Objection Deadline").
Each Objection or Request must be served on (i) the
attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue,
36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to
the Settlement Agreement and you do not want the Debtors to
proceed with the Settlement Agreement or you want the Court
to consider your views concerning the Settlement Agreement,
you or you attorney must also:

file in writing with the Court, Clerk of Court,
United States Bankruptcy Court, 701 East Broad

Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before April 14, 2010 at 5:00 p.m. (ET)**.

**Any Objection to the Settlement Agreement must be submitted by the method described in the foregoing sentence. Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Settlement Procedures Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: March 31, 2010          SKADDEN, ARPS, SLATE, MEAGHER &
Richmond, Virginia                    FLOM, LLP
                               Gregg M. Galardi, Esq.
                               Ian S. Fredericks, Esq.
                               P.O. Box 636
                               Wilmington, Delaware 19899-0636
                               (302) 651-3000

                                    - and -

                               SKADDEN, ARPS, SLATE, MEAGHER &
                                    FLOM, LLP
                               Chris L. Dickerson, Esq.
                               155 North Wacker Drive
                               Chicago, Illinois 60606
                               (312) 407-0700

                                    - and -

                               MCGUIREWOODS LLP

                               /s/ Douglas M. Foley
                               Dion W. Hayes (VSB No. 34304)
                               Douglas Foley (VSB No. 34364)
                               One James Center
                               901 E. Cary Street
                               Richmond, Virginia 23219
                               (804) 775-1000

                               Counsel for Debtors and Debtors
                               in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

          - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - x
                             :
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   1Case No. 08-35653 (KRH)
et al.,                      :
                             :
              Debtors.       :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

          Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

_____
[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

<b>FOUND, DETERMINED, AND CONCLUDED that:</b>

1.   Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.   The Notice Procedures are fair,

reasonable, and appropriate.

3.   The Settlement Procedures are fair

reasonable, and appropriate.

4.   The Notice and Settlement Procedures were

proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the Debtors are compromising more than one Disputed Claim and/or Cause of Action and Receivable Claim, the Tier II Notice Period shall apply to such Settlement.  If no objection or written request is filed and served upon counsel for the Debtors and counsel for the Creditors' Committee or counsel to the Debtors does not receive a written request for additional information and/or additional time prior to the expiration of the applicable Notice Period, the Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors.

(d)    If a Notice Party provides a written request to counsel for the Debtors for additional information or time to evaluate the proposed Settlement, only such Notice Party shall have the later of (i) an additional five (5) days to object to the proposed Settlement or (ii) in the case of a request for additional information, three days after receipt by the Notice Party of the additional information requested.  Each Notice Party may only make one request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

(e)    If a Notice Party objects to the proposed Settlement within the defined Notice Period for that particular Tier of Disputed Claim or Cause of Action and Receivable Claim, (or the additional period in the case of a Notice Party that has timely requested additional time or information to evaluate the proposed Settlement) (the "Objection Deadline") and the Debtors and such objecting Notice Party are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.  Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   <u>Tier II</u> With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

> > seventy-five percent (75%) of the Debtors'
> > original reasonable estimate of the Cause of
> > Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

9

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.  Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.  Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear and determine all matters arising from or related to the Motion, this Order or any Settlement.

Dated:  Richmond, Virginia

Aug 7 2009_____, 2009

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

12

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

     Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                          /s/ Douglas M. Foley
                          Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE,           MCGUIREWOODS LLP
MEAGHER & FLOM, LLP             One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware            (804) 775-1000
19899-0636
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - x
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :
         Debtors.               :   Jointly Administered
- - - - - - - - - - - - - X

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS AND SONY PICTURES HOME ENTERTAINMENT INC.**

This settlement agreement and stipulation

(this "Settlement Agreement") is entered into by and

among the above-captioned debtors and debtors in

possession (the "Debtors"),[1] on the one hand, and Sony

Pictures Home Entertainment Inc. ("SPHE" and together

with the Debtors, the "Parties" and each of which is a

"Party"), on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code; and

---

[1]  The Debtors and the last four digits of their respective taxpayer
     identification numbers are as follows: Circuit City Stores, Inc.
     (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
     Inc. (0875), Ventoux International, Inc. (1838), Circuit City
     Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
     Distribution Company of Virginia, Inc. (2821), Circuit City
     Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
     Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
     Sky Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263),
     Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
     LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
     for Circuit City Stores West Coast, Inc. is 9250 Sheridan
     Boulevard, Westminster, Colorado 80031.  For all other Debtors,
     the address was 9950 Mayland Drive, Richmond, Virginia 23233 and
     currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

WHEREAS, by order dated November 12, 2008, this Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c); and

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

3

WHEREAS, on September 29, 2009, the Debtors
and the Creditors Committee filed the First Amended
Joint Plan of Liquidation of Circuit City Stores, Inc.
and its Affiliated Debtors and Debtors In Possession and
its Official Committee of Creditors Holding General
Unsecured Claims (the "Plan"); and

WHEREAS, the associated disclosure statement
(the "Disclosure Statement") was approved on September
24, 2009, and confirmation on the Plan is currently
scheduled for March 8, 2010; and

WHEREAS, generally, the Plan provides for the
liquidation of the Debtors under chapter 11 of the
Bankruptcy Code; and

WHEREAS, prior to and since the commencement
of these cases, the Debtors maintained, in the ordinary
course of business, books and records (the "Books and
Records") that reflected, among other things, the
Debtors' assets and liabilities; and

WHEREAS, currently, the Debtors are engaged in
a thorough review of all claims filed against their
estates to determine the validity of such claims.  As
part of this process, the Debtors are diligently

4

reviewing administrative expense claim requests and pre-
petition claims under Bankruptcy Code section 503(b)(9)
asserted against their estates.  Additionally, the
Debtors are engaged in a review of pre- and post-
petition claims the Debtors hold against creditors
asserting claims against the Debtors' bankruptcy estates;
and

WHEREAS, the Debtors are authorized under the
Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R.
Bankr. P. 2002, 9006, and 9019 Authorizing the
Establishment of Procedures to Settle Certain Pre-
Petition and Post-Petition Claims and Causes of Action
Without Further Court Approval, dated August 7, 2009
(Docket No. 4401, the "Settlement Procedures Order")to
enter into this Settlement Agreement, subject to the
Notice Procedures.

**SETTLEMENT BACKGROUND**

**A.   The 503(b)(9) Bar Date.**

WHEREAS, on November 12, 2008, this Court
entered the Order Establishing Bar Date for Filing
Requests for Payment of Administrative Expense Claims
Under Bankruptcy Code Sections 105 and 503(b)(9) and

Approving Form, Manner and Sufficiency of Notice of the

Bar Date Pursuant to Bankruptcy Rule 9007 (Docket No.

107)(the "503(b)(9) Bar Date Order"); and

WHEREAS, pursuant to the 503(b)(9) Bar Date

Order, the bar date for filing proofs of claim asserting

administrative priority claims pursuant to Bankruptcy

Code section 503(b)(9) was 5:00 p.m. (PT) on December 19,

2008 (the "503(b)(9) Bar Date"); and

WHEREAS, the Affidavit of Service of the Bar

Date Notice states that SPHE was served with the Bar

Date Notice and attached 503(b)(9) Claim Request Form

via overnight mail on November 19, 2008.  <u>See</u> Affidavit

of Service filed November 25, 2008, attaching Notice of

Bar Date for Filing a Request for Allowance of an

Administrative Expense Claim Under 11 U.S.C. § 503(b)(9),

at 1422; and

**B.    The SPHE Claims.**

WHEREAS, prior to and since the commencement

of the Debtors' chapter 11 bankruptcy cases, SPHE sold

DVDs and Blu-Ray discs (collectively, the "Goods") to

the Debtors for resale in the Debtors' retail stores;

and

6

WHEREAS, SPHE is an indirect subsidiary of Sony Pictures Entertainment Inc. ("SPE"); and

WHEREAS, the Debtors also maintained pre- and post-petition business relationships with certain entities which are not subsidiaries of SPE, but which have the word "Sony" in their names, including (but not limited to) Sony Computer Entertainment America Inc., Sony Corporation, Sony BMG Music Entertainment Inc., Sony Computer Entertainment, Sony Electronics Inc., and Sony Music Entertainment Inc. (collectively, the "Other Sony Entities");[2] and

WHEREAS, on November 24, 2008, SPHE filed a Reclamation Demand (the "Reclamation Demand") for goods received by the Debtors within 45 days of the Petition Date for a total amount of $2,868,744.71. Therein, SPHE stated that it "intends to assert a 'Section 503(b)(9)

---

[2]   For the avoidance of doubt, (i) the definition of Other Sony Entities does not include SPE, SPHE, Columbia TriStar Motion Picture Group, Columbia Pictures, Sony Pictures Classics, Screen Gems, TriStar Pictures, Sony Pictures Television Group, Sony Pictures Television, Sony Pictures Television International, Sony Pictures Consumer Products, Sony Pictures Digital Production, Sony Pictures Imageworks, Sony Pictures Animation, Sony Pictures Imageworks Interactive, Sony Pictures Mobile, Sony Pictures Studios, Sony Pictures Studios Post Production Facilities, and Crackle (collectively, the "SPE Entities"), and (ii) the definition of SPE Entities does not include the Other Sony Entities.

Claim' pursuant to Section 503(b)(9) of the United

States Bankruptcy Code, 11 U.S.C. § 503(b)(9), for a

portion of the Goods subject of this demand, in the

approximate amount of not less than $1,511,450.52."  See

Reclamation Demand, at 1; and

        WHEREAS, on January 30, 2009, SPHE filed a

503(b)(9) Claim, which was numbered claim number 9389.

Claim 9389 was subsequently amended by claim 11418,

which was filed in the amount of $1,511,450.52, and then

again by claim 14359.[3]  As alleged, the final amount of

SPHE's 503(b)(9) claim was $1,376,672.01 (the "503(b)(9)

Claim"); and

        WHEREAS, on January 30, 2009, SPHE filed claim

number 9385 in the amount of not less than $6,887,001.62,

a general unsecured proof of claim against the Debtors'

bankruptcy estates (the "Unsecured Claim").[4]  The

---

[3]  On February 5, 2009, SPHE also filed a 503(b)(9) claim numbered
     11445 in an unliquidated amount.  Claim 11445 was disallowed as
     duplicative of claim 9389 by virtue of this Court's Order on
     Debtors' Forty-Fourth Omnibus Objection to Claims (Duplicate
     Claims) entered on November 19, 2009.

[4]  On February 5, 2009, SPHE also filed a claim numbered 11392 in an
     unliquidated amount.  Claim 11392 was disallowed as duplicative
     of claim 9385 by virtue of this Court's Order on Debtors' Forty-
                                                            *(cont'd)*

8

Unsecured Claim included, in part, amounts set forth in
the Reclamation Demand as well as the 503(b)(9) Claim;
and

WHEREAS, on February 24, 2009, SPHE filed its
Motion of Sony Pictures Home Entertainment Inc. for
Entry of Order Allowing Administrative Expenses Pursuant
to 11 U.S.C. §§ 503(b)(1)(A), 503(b)(9) and 507(a)(2) on
February 24, 2009 (the "Motion") (D.I. 2294).  Therein,
SPHE sought allowance and immediate payment of a post-
petition administrative expense request in the amount of
$70,105.72, and allowance of its 503(b)(9) Claim.  The
Motion was docketed as claim number 13114; and

WHEREAS, on June 29, 2009, SPHE filed the
Amendment to Motion of Sony Pictures Home Entertainment
Inc. for Entry of Order Allowing Administrative Expenses
Pursuant to 11 U.S.C. §§ 503(b)(1)(A), 503(b)(9) and
507(a)(2) (the "Amendment to Motion" and together with
the Motion, the "Motions") (D.I. 3853).  The Amendment
to Motion was assigned claim number 14359 by KCC; and

_____

*(cont'd from previous page)*
    Fourth Omnibus Objection to Claims (Duplicate Claims) entered on
    November 19, 2009.

9

WHEREAS, by the Amendment to Motion, SPHE merely sought to amend the amounts of its previously asserted pre-petition 503(b)(9) Claim and post-petition 503(b) administrative expense request. Specifically, SPHE asserted that the value of its pre-petition section 503(b)(9) Claim was $1,376,672.01. Moreover, SPHE asserted that the value of its post-petition administrative expense request was $325,776.63 on account of goods allegedly delivered to the Debtors after the Petition Date (the "Administrative Expense Claim") (and, collectively with the 503(b)(9) Claim, the Unsecured Claim, and any other filed claims or motions, the "SPHE' Claims"); and

WHEREAS, the Debtors disputed various aspects of the SPHE Claims, including the amount and priority of certain Claims. In addition, the Debtors contended that all versions of the 503(b)(9) Claim were filed after the 503(b)(9) Bar Date; and

WHEREAS, SPHE disagrees with the Debtors' disputes regarding the SPHE Claims, as well as the Debtors' contention that its 503(b)(9) Claim was late,

10

arguing, among other things, that the Reclamation Demand
was an informal proof of claim; and

**C.    The Debtors' Claims.**

WHEREAS, as part of the ordinary course of
Circuit City Stores, Inc.'s ("Circuit City") business
with SPHE, Circuit City generated receivables, charge-
backs, returns, and other amounts, which the Debtors
allege are currently due and owing to Circuit City by
SPHE.  More particularly, the Debtors state Circuit
City's Books and Records reflect pre- and post-petition
amounts totaling $4,462,681.06 due and owing from SPHE
(the "Alleged Receivables"); and

WHEREAS, SPHE contests the amount of the
Debtors' Alleged Receivables; and

WHEREAS, rather than proceed with litigation
concerning the SPHE Claims and the Debtors' Alleged
Receivables, the parties engaged in good faith, arms'
length negotiations to resolve the SPHE Claims, the
Reclamation Demand, the Motions, and the Debtors'
Alleged Receivables in their entirety; and

NOW THEREFORE, subject to and in accordance
with the Settlement Procedures Order, for good and

11

valuable consideration the receipt and sufficiency of
which is hereby acknowledged, the Parties hereby
STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

   1.   Upon the Effective Date (as defined
below), the Parties agree that the Alleged Receivables
and the Claims shall be resolved as follows:  (a) within
7 days after this Settlement Agreement becomes final in
accordance with the terms of the Settlement Procedures
Order, SPHE shall wire or cause to be wired $1,250,000
(the "Payment") to the Debtors pursuant to wire
instructions provided by the Debtors to SPHE; and (b)
the Alleged Receivables shall be net against the
Administrative Expense Claim, the 503(b)(9) Claim, and
the Unsecured Claim such that (i) the Administrative
Expense Claim shall be reduced to $0, (ii) the 503(b)(9)
Claim shall reduced to $0, (iii) and the Unsecured Claim
(Claim No. 9385) shall be reduced to and allowed in the
amount of $4,000,000 (the "Allowed Unsecured Claim").[5]

---

[5]   For the avoidance of all doubt, claims numbered 9389, 11418,
      13114, and 14359 shall all be reduced to $0.00.

12

2.   To the extent required, the automatic
stay of 11 U.S.C. § 362 is lifted to permit the netting
set forth in Paragraph 1 above.

3.   The Parties further agree that the
Allowed Unsecured Claim shall be deemed an "allowed"
claim in case number 08-35653 (KRH) for all purposes,
including with respect to any confirmed chapter 11 plan,
and shall not be subject to further setoff, reduction,
netting, defense or discount.

4.   The Parties agree that this Settlement
Agreement finally resolves the SPHE Claims, the
Reclamation Demand, the Motions, and the Debtors'
Alleged Receivables in their entirety.

5.   Effective upon receipt of the Payment by
the Debtors, the Debtors, on behalf of themselves, and
each on behalf of their respective estates, successors,
and assigns, hereby irrevocably and fully release and
discharge the SPE Entities, from and against any and all
claims or causes of action under Bankruptcy Code
sections 542, 543, 544, 546, 547, 548, 549, 550, 553 and
558.   The Releases are not intended as general releases

13

or waivers and nothing in this Settlement Agreement
shall be construed as such.

      6.   For the avoidance of doubt and
notwithstanding anything to the contrary in this
Settlement Agreement, (i) the Allowed Unsecured Claim
shall constitute SPHE's full and final allowed claim in
the Debtors' cases and SPHE and the SPE Entities shall
not file or be entitled to recover on account of any
other claims, including (without limitation) on any
other SPHE Claims, from the Debtors or their estates,
(ii) other than the Payment, the Debtors shall not be
entitled to recover any further credits, rebates,
receivables, setoffs, netting, or discounts, including
(without limitation) the Alleged Receivables, from SPHE,
(iii) all omnibus objections to any of the SPHE Claims
shall be deemed resolved, (iv) the legal and equitable
rights, claims, causes of action, remedies, defenses,
and arguments between or among the Debtors and the Other
Sony Entities are not meant to be subject to, part of,
or in any way affected by this Settlement Agreement, and
(v) SPHE and the Debtors specifically acknowledge and
agree that this Settlement Agreement is not intended to,

14

and does not, release or otherwise affect in any way any actual claims or causes of action (or potential claims or causes of action similar in nature or type to such actual claims or causes of action) now or hereinafter asserted in or relating to the multi-district litigation captioned In re: TFT-LCD (Flat Panel) Antitrust Litigation, MDL No. 1827 (N.D. Cal.) and the actions consolidated therein (the "MDL Proceeding").

7.    Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Settlement Agreement or (b) to seek damages or injunctive relief in connection with such approval and enforcement.

8.    Each Party hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in

15

conjunction with the performance of their respective

obligations hereunder.

9.   No provision of this Settlement Agreement

is intended to confer any rights, benefits, remedies,

obligations or liabilities hereunder upon any person

other than the parties hereto and their respective

successors, assigns, except as set forth in paragraph 5,

above.

10.   Except where preempted by applicable

Federal law, this Settlement Agreement shall be governed

by and construed in accordance with the internal laws of

the Commonwealth of Virginia without regard to any

choice of law provisions.

11.   This Settlement Agreement may be signed

in counterpart originals and delivered by facsimile or

email, which, when fully executed, shall constitute a

single original.

12.   This Settlement Agreement constitutes the

entire agreement and understanding of the parties

regarding the Agreement and the subject matter thereof.

13.   The United States Bankruptcy Court for

the Eastern District of Virginia shall retain exclusive

jurisdiction (and the parties consent to such retention

of jurisdiction) with respect to any disputes arising

from or related to, or other actions to interpret,

administer or enforce the terms and provisions of, this

Settlement Agreement.

14.  Each person or entity who executes this

Settlement Agreement on behalf of another person or

entity represents and warrants that he, she, or it is

duly authorized to execute this Settlement Agreement on

behalf of such person or entity, has the requisite

authority to bind such person or entity, and such person

or entity has full knowledge of and has consented to

this Settlement Agreement.  The representations and

warranties set forth in this paragraph shall survive

execution of this Settlement Agreement.

15.  This Settlement Agreement shall not be

modified, altered, amended or vacated without the

written consent of all parties hereto.

16.  This Settlement Agreement and all of its

terms shall be effective upon the later of (i) execution

by both Parties and (ii) the expiration of the

applicable Notice Period (the "Effective Date").

17

17.   This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto, including, without limitation, any Chapter 7 trustee, Chapter 11 trustee or the Liquidating Trustee under the Plan.

IN WITNESS WHEREOF, this Settlement Agreement

is hereby executed as of March 30, 2010.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC., <u>et</u> <u>al</u>., Debtors and Debtors
in Possession

By:

/s/ Katie Bradshaw
Katie Bradshaw
Vice President & Controller
Circuit City Stores, Inc.
4951 Lake Brook Drive
Glen Allen, VA  23060

19

SPHE HOME ENTERTAINMENT INC.

By:

/s/ William Stellman
William Stellman, Senior Vice President and

Chief Financial Officer SPHE Home Entertainment Inc.