**MATTHEW RIGHETTI**    (SBN #121012)
matt@righettilaw.com
**JOHN GLUGOSKI**    (SBN #191551)
jglugoski@righettilaw.com
**MICHAEL RIGHETTI**    (SBN #258541)
mike@righettilaw.com
**RIGHETTI LAW FIRM, P.C.**
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
**Telephone:    (415) 983-0900**
**Facsimile:    (415) 397-9005**

Attorneys for Creditors Card,
Hernandez, Gentry and Skaf

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA

## RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>Circuit City Stores, Inc., *et al.*,<br><br>      Debtors. | Chapter 11<br><br>Case No. 08-35653 (KRH)<br>Jointly Administered<br><br>**MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF CREDITORS GENTRY, HERNANDEZ, CARD, AND SKAF'S OMNIBUS MOTION REQUESTING AN ORDER APPLYING BANKRUPTCY RULE 7023 TO THEIR CLASS PROOFS OF CLAIM PURSUANT TO BANKRUPTCY RULE 9014(C)**<br><br>Date: April 15, 2010<br>Time: 2:00 p.m. ET<br>Room: 5000<br>Hon. Kevin Huennekens |

# TABLE OF CONTENTS

**Page**

**TABLE OF AUTHORITIES**...................................................................iii-iv

I.      INTRODUCTION ..................................................................…............1

II.     STATEMENT OF FACTS ...............................................................2

III.    ARGUMENT ……...…...................................……………….…...............5

    A.    Creditors' Have Properly Brought This Request To The Court
        Via Noticed Motion…...………...............................…...............5

    B.    Creditors' Request To Apply Rule 7023 To Their Proofs of
        Claims Is Ripe And Timely For Decision In This Court .....................6

        1.    Creditors did not delay in filing their Rule 7023 Motion.............8

        2.    Any prejudice claimed by Debtor is of its own making...............10

    C.    The Merits of Creditors' Request Warrants A Court Order
        Applying Rule 7023 To Creditors' Claims......................................10

        1.    Creditors Can Rely On The Pleadings To Establish
            The Applicability Of Rule 7023 To Their
            Class Proofs of Claims....................................................10

        2.    Given the factors set forth by the Court and the
            Creditors' allegations, an order applying Rule 7023
            to these claims is appropriate.............................................11

            a.    Debtor cannot dispute that it has failed to provide
                notice of bar date to all putative
                unnamed claimants.............................................12

            b.    Creditors have alleged common questions of law
                 and fact Applicable to the classes..............................14

            c.    The extent and nature of the litigation warrants
                 the application of Bankruptcy Rule 7023 pursuant to
                 Rule 23(b)(3)(B)...............................................15

    D.    Debtor Should Be Equitably Estopped From Objecting To
        Creditors' Class Proofs Of Claims At This
        Late Stage Of The Proceedings.................................................16

1

VI.    CONCLUSION................................................................ 17

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2
**Federal Cases**

3
*Adkins v. Ready Labor Inc.*
4
303 F.3d 496, C.A.4 (W.V.2002).............................................13

5
*Anderson v. Sara Lee Corp.*
508 F.2d 181, C.A.4 (N.C. 2007)..............................................13
6

*Davis v. Wakelee*
7
156 U.S. 680 (1895) ..........................................................16

8
*Gunnells v. Healthplan Svcs., Inc.*
9
348 F.3d 417 (4th Cir.2003) ..................................................13

10
*In Re Charter Co.*
876 F.2d 866 (C.A.11 (Fla.), 1989) ...........................................7
11

*In Re Computer Learning Centers, Inc.*
12
344 B.R. 79 (Bkrtcy.E.D.Va., 2006) ......................................6, 7, 8, 9, 11, 14, 15
13

*In re Trebol Motors Distributor Corp.*
14
220 B.R. 500 (1st Cir. BAP 1998) ..........................................6

15
*Lienhart v. Dryvit Systems, Inc.*
255 F.3d 138 (C.A.4 N.C.),2001) ...........................................14
16

17
*Matter of Reserve Corp.*
840 F.2d 487 (C.A.7 (Ill.), 1988..........................................5, 6

18
*New Hampshire v. Maine*
19
532 U.S. 742 (2001) ........................................................16

20
*Pegram v. Herdrich*
21
530 U.S. 211 (2000) ........................................................16

22
*Quinault Allottee Ass'n v. United States*
453 F.2d 1272 (Ct.Cl.1972) ................................................13
23

*Zedner v. U.S.*
24
547 U.S. 489(2006)..........................................................16

25
**State Cases**

26
*Gentry v. Superior Court*
27
42 Cal.4th 443 (2007) .......................................................15

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Federal Rules and Statutes**

Bankruptcy Rule 7023………………………………………..1, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16

Bankruptcy Rule 9014…………………………………………………………….……….7

Fed.R.Civ.P. 23………………………………………………………………………..6, 10, 13

11 U.S.C. section 502(a) …………………………………………………………………..7

Rule 23(b)(3) ………………………………………………………………………………..15

**California Rules and Statutes**

California's Unfair Business Practices law (B&P 17200)………………………………..……..1

1

2

## I.    INTRODUCTION

Pursuant to both the order of this Court at the March 25, 2010 hearing and Bankruptcy Rule 9014, creditors Gentry, Card, Hernandez and Skaf (hereinafter referred to collectively as "Creditors") hereby move this Court to apply Bankruptcy Rule 7023 to their class proofs of claim. Each of these claims represent a continuation of ongoing state court litigation that existed well before Debtor filed proceedings in this Court.  Creditors' claims were originally filed in California Superior Court as proposed class action cases against Debtor, Circuit City Stores, Inc. et al.  Each case alleges violations by Debtor of California's strict minimum working condition statutes.[1]

<u>Pursuant to Eleventh Circuit and Seventh Circuit case law, which is relied upon and cited heavily by this Court, a class proof of claim is *deemed allowed* until objected to.</u>  In January of 2009, Creditors, individually and on behalf of the class individuals they purport to represent, filed four timely and different class proofs of claims. Creditors' counsel repeatedly inquired about whether the claims were disputed – and if so whether the parties could begin litigation over the disputed aspect of the claims in either state court (after obtaining relief from the automatic stay) or this Court.  Debtor's counsel repeatedly informed Creditors' counsel that this Court had previously made clear that this Court would neither consider relief from the automatic stay, nor allow the parties an opportunity to litigate the claims in this Court given the limited assets available and the Court's desire to curtail litigation costs.[2]  In reliance on the position taken by Debtor (confirmed as correct by this Court), up to this point in time Creditors have had no realistic opportunity to have their claims considered by this Court.  As instructed by Debtor, Creditors have patiently waited to determine the status of their claims.  It was not until over a year after their claims were filed, February 25, 2010, that Debtor first made any substantive objection to Creditors' class proofs of claims on the grounds that they should not be allowed to proceed on a class-wide basis.

---

[1]    More specifically, violations of the California Labor Code, California Industrial Welfare Commission regulations and California's Unfair Business Practices law (B&P 17200).

[2]    This was explained to the Court at the last hearing – and the Court confirmed that Debtor's position was essentially correct.

1

1    As explained in detail below, Debtor had filed a perfunctory Nineteenth Omnibus

2 Objection as to the Gentry and Hernandez claims seeking to reclassify them to general,

3 unsecured claims. In addition, Debtor had filed a Thirty-first Omnibus Objection as to the Card

4 and Skaf class claims seeking to disallow the claims in general simply because Debtor was

5 making the conclusory statement that it "disputed liability." Creditors timely responded to each

6 of these objections on the grounds that they were completely void of any facts and/or arguments.

7 In fact, as the meet and confer correspondence will show, Debtor adjourned its own objections

8 to Creditors' class proofs of claim once Creditors timely responded to Debtor's objections.

9    On February 25, 2010, however, Debtors filed Supplements to its Nineteenth and Thirty-

10 first Omnibus Objections. Docket Nos. 3703 and 4585. *For the first time since the filing of*

11 *Creditors' class proofs of claim over a year earlier*, Debtor suddenly objected to the class

12 proofs of claim as to the unnamed claimants Creditors seek to represent in the four putative class

13 actions referenced herein. Prior to February 25, 2010 Creditors had absolutely no knowledge

14 whatsoever as to whether Debtor disputed the specific allegations associated with Creditors'

15 class proofs of claim because Debtor had made clear that neither nor this court would

16 countenance Creditors' multiple requests to determine any of Debtor's contentions regarding

17 any of the four proofs of claims related to the four putative class actions. Indeed, Debtor has yet

18 to file a responsive pleading to any one of the claims included in the four putative class actions

19 at issue herein! As Debtor has *finally* "shown its cards" with respect to the discrete issue

20 regarding class certification, the time is now ripe for this Court to hear and rule upon Creditors'

21 requests to apply Rule 7023 to their class proofs of claim pursuant to Bankruptcy Rule 9014. It

22 is clear that at no earlier point in time would the Court have considered a Rule 7023 motion by

23 Creditors – and the Circuit courts of the 11th and 7th circuits make clear that no such motion was

24 required before now. Finally, as Creditors will demonstrate herein, the factors as articulated by

25 this Court on this issue weigh decidedly in favor of granting the relief Creditors seek herein.

## II.    STATEMENT OF FACTS

26    The four proposed class actions and Debtor's omnibus objections to Creditors claims are

27 summarized below:

28 ///

1

***Gentry v. Circuit City, Inc. and Hernandez v. Circuit City, Inc.***

2

*Gentry v. Circuit City, Inc.*: originally filed on August 29, 2002 in the Los Angeles

3 Superior Court, Case No. BC 280631. The case covers all California based salaried customer

4 service managers who worked overtime for Debtor and were not paid overtime wages from

5 within the four years preceding the filing of the complaint and up to the time defendants

6 eliminated the position in approximately March, 2001. Mr. Gentry held the position of customer

7 service manager for Circuit City during the class period. A true and correct copy of the Gentry

8 Complaint is attached to the Declaration of Michael Righetti as Exhibit 1.

9

*Hernandez v. Circuit City, Inc.*: originally filed on April 17, 2008 in the San Diego

10 Superior Court, Case No. 37-2008-00082173-CU-OE-CTL.  The case covers all California

11 based salaried store managers who worked at any time during the four years preceding the filing

12 of the Complaint up to the date Debtor stopped doing business in California at any of Debtor's

13 retail locations in the State of California.  Mr. Hernandez held the position of Sales Manager

14 during the class period. A true and correct copy of the Gentry Complaint is attached to the

Declaration of Michael Righetti as Exhibit 2.

15

On January 13, 2009, Creditor Robert Gentry's and Creditor Jack Hernandez's secured,

16 priority class proofs of claim were filed. Claim #6039 and #6045 respectively. See Exhibit 2 to

17 Decl. of Michael Righetti.  On June 26, 2009, ***nearly six months after receiving Gentry's and***

18 ***Hernandez's class proofs of claim***, Righetti Law Firm received Debtor's Nineteenth Omnibus

19 Objection, which was signed by Debtor's counsel on June 22, 2009.  (Docket #3703) Debtor's

20 Nineteenth Omnibus Objection merely sought to reclassify Gentry's and Hernandez's claims to

21 general unsecured, non-priority claims.  Importantly, Debtor did not object on the grounds that

22 the claim was submitted on behalf of unnamed claimants, nor did Debtor contest liability or

23 otherwise object as to the Gentry and Hernandez class proofs of claims. Creditor Gentry and

24 Hernandez responded to Debtor's objection on the grounds that they were void of any facts

25 and/or argument. (Docket # 4956 and #4027).

26

On February 25, 2010, Debtor filed Supplement to the Nineteenth Omnibus Objection in

27 which Debtor, ***for the first time since receiving Creditor Gentry's and Hernandez's class***

28 ***proofs of claim over 13 months prior***, sought to disallow Creditor Gentry's and Hernandez's

class proofs of claim. (Docket #6642 and #6661). As the Court may recall, Debtor filed this Supplement to Objections simultaneously with a Motion for Summary Judgment seeking to reclassify Gentry's and Hernandez's claims to general, unsecured claims, and the Court conducted a hearing on Debtor's Motion recently on March 25, 2010. Although the Court has yet to sign any orders following the hearing, the Court tentatively granted Defendant's Motion for Summary Judgment only as to the reclassification of Gentry's and Hernandez's claims to general, unsecured claims, without prejudice as to Rule 7023 relief. (Docket #6995).

### *Card v. Circuit City, Inc. and Skaf, et al. v. Circuit City, Inc.*

*Card v. Circuit City, Inc.*: originally filed on November 3, 2008 in the San Diego Superior Court, Case No. 37-2008-00095260-CU-OE-CTL. The case covers all California based salaried store assistant managers who worked at any time during the four years preceding the filing of the Complaint up until the date Debtor stopped doing business in California at any of Debtor's retail locations in the State of California. Mr. Card held the position of Assistant Manager during the class period. The *Card* Complaint is attached as Exhibit 4 to Decl. of Michael Righetti.

*Skaf, et al. v. Circuit City, Inc.*: originally filed on December 19, 2008 in the Los Angeles Superior Court, Case No. BC 404195. The case was filed on behalf of Joseph Skaf, Miguel Perez, and Gustavo Garcia and all others similarly situated as California-based salaried "Entertainment Managers," "Technology Managers," "Service & Installation Managers," "Sales Managers," and "Operations Managers" who worked at any time during the four years preceding the filing of the complaint up to the date Debtor stopped doing business in California at any of the Debtor's stores in the State of California. Plaintiffs held the class positions during the class period. The *Skaf* Complaint is attached as Exhibit 5 to Decl. of Michael Righetti.

On January 13, 2009, Creditor Card's priority, secured class proof of claim was filed (Claim #6040), and on January 30, 2009, Creditors Joseph Skaf, Miguel Perez, and Gustavo Garcia filed their secured, priority class proof of claim (Claim #8717). The Card and Skaf proofs of claim are attached to the Declaration of Michael Righetti as Exhibit 6. On August 20, 2010, ***nearly nine months after receiving Card's and Skaf's class proofs of claim***, Debtor submitted its Thirty-first Omnibus Objection, which sought to disallow the claims of Card and

Skaf on the grounds that the claims "arise from pending litigation, prospective litigation, or other threatened litigation claims" and "the Debtors dispute any liability for the alleged Legal Claims." (See Debtor's Thirty-first Omnibus Objection to Claims, Para. 11-12, docket #4585.) Creditors filed responses to these objections asserting that they were void of any facts and/or argument. (Docket #4943 and # 4946). Importantly, however, Debtor did not object to the class proofs of claim at this time on the grounds that Card and Skaf had filed them as class claims on behalf of similarly situated employees under Rule 7023.

Recently, similar to what occurred with respect to the Gentry and Hernandez class proofs of claim, Debtor filed Supplements to Thirty-first Omnibus Objections on February 26, 2010. In the Supplements, *for the first time since receiving Creditor Card's and Skaf's class proofs of claim over 13 months prior*, Debtor sought to disallow the claims of similarly situated class members on whose behalf the class proofs of claim were filed. (Docket #6660 and #6646 respectively) As mentioned above, the Court held a hearing on March 25, 2010 on Debtor's Motions for Summary Judgment, and although the Court has yet to sign any orders following the hearing, the Court granted Defendant's Motion for Summary Judgment as to the reclassification of Card's and Skaf's claims to general, unsecured claims (Docket #6995).

With respect to the Court's tentative order on Debtor's Motions for Summary Judgment, the Court expressly ruled that its order on summary judgment was without prejudice to seek Bankruptcy Rule 7023 relief with respect to the remaining unsecured, general class proofs of claim for Creditors Gentry, Hernandez, Card and Skaf, et al. (Docket #6995).

## III.    ARGUMENT

### A.    Creditors' Have Properly Brought This Request To The Court Via Noticed Motion.

Bankruptcy Rule 7023 provides: "Rule 23 F.R.Civ..P. applies in adversary proceedings." Bankruptcy Rule 9014, which applies to "a contested matter in a case ... not otherwise governed by these rules" states that "[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply." Rule 9014 thus allows bankruptcy judges to apply Rule 7023 -- and thereby Fed.R.Civ.P. 23, the class action rule -- to "any stage" in contested matters. The Seventh Circuit discussed this in great detail in *Matter of Reserve Corp.* 840 F.2d 487, 488 (C.A.7 (Ill.), 1988:

1

Filing a proof of claim is a "stage." All disputes in bankruptcy are either
adversary proceedings or contested matters, see Daniel R. Cowans, 1 *Bankruptcy
Law and Practice* 189 (1986), so Rule 23 may apply throughout a bankruptcy case
at the bankruptcy judge's discretion. Rule 23 provides for filing by a representative,
not just prosecution by a representative of claims already pending. So the right to
*file a proof of claim on behalf of a class seems secure, at least if the bankruptcy*
judge elects to incorporate Rule 23 via Rule 7023 via Rule 9014.

2

3

4

5
6
7
8
9
10
11
12
13
14
15

As the Court is no doubt aware, *In Re Computer Learning Centers, Inc.* 344 B.R. 79,
(Bkrtcy.E.D.Va., 2006) provides ample guidance regarding both the procedural and substantive
aspects of requesting that B.R. 7023 that apply to one's claim in bankruptcy proceedings. First
and foremost, the applicability of Rule 7023 is raised by motion. *Id.* at 86, quoting *In re Trebol
Motors Distributor Corp.,* 220 B.R. 500 (1st Cir. BAP 1998). The proponent of the class proof
of claim must seek and must obtain application of Rule 7023. "The proponent is the one who
wants the court to enter an order. Without that order, Rule 7023 is not applicable to the proof of
claim and a class proof of claim is improper." *Id.* at 87. Accordingly, now that Creditors' have
been made aware that Debtor disputes the class nature of these claims, as mandated by the
Bankruptcy Rules and relevant case law, Creditors seek an order applying Rule 7023 to their
proofs of claims.

16
17

**B.    Creditors' Request To Apply Rule 7023 To Their Proofs of Claims Is Ripe
And Timely For Decision In This Court.**

18
19
20
21
22
23

"The procedures governing the incorporation of Rule 23 into bankruptcy proceedings are
contained in the Bankruptcy Rules." *In Re Charter Co.* 876 F.2d 866, 873 (C.A.11 (Fla.), 1989).
The court discussed when Rule 23 may be invoked. The court stated that the rule may be
invoked in two circumstances: in an adversary proceeding and in a contested matter. *Id.*
"Pursuant to the terms of Bankruptcy Rule 7023, Rule 23 applies in any adversary proceeding.
Also, under Bankruptcy Rule 9014, the bankruptcy judge may at his discretion apply
Bankruptcy Rule 7023, and by extension Rule 23, in a contested matter." *Id.*

24
25
26
27

First and foremost, "Rule 9014 establishes no deadline for filing a Rule 7023 motion." *In
Re Computer Learning Centers, Inc.* 344 B.R. at 89 (emphasis added). Second, the other two
circuits that have specifically addressed this issue concluded that until a proof of claim is
objected to, there is no contested matter in which Rule 7023 could be made applicable. The

28

1    Court in *In Re Computer Learning Centers, Inc.* 344 B.R. at 88, quoting *In Re The Charter Co.*,

2    876 F.2d 866 (11th Cir. 1989), stated:

3          The mere filing of a proof of claim is not a contested matter. An objection to a
           proof of claim is a contested matter. Therefore, the first opportunity that the
4          claimants had to invoke Rule 7023 was when the objection to the class proof
           of claim was filed. Since the Rule 7023 motion was filed soon after the objection,
5          it was timely filed.

6          As here, in *In re Charter Co.*, the creditor/claimants complied with proper procedures

7    and filed their class proof of claim within the bar date. *Id.* at 866. Once the claimants filed their

8    claim, the claim was *deemed allowed* until objected to pursuant to 11 U.S.C. section 502(a),

9    which states "a claim or interest . . . is deemed allowed, unless a party in interest, including a

10   creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title,

11   objects. In that case, as in the case at bar, no objection was made to the claim for almost two

12   years; once objection was made, the claimants promptly moved under Bankruptcy Rule 9014 to

     invoke Bankruptcy Rule 7023.

13         It is unfathomable how this case, presented on nearly identical facts, could warrant a

14   different result. Creditors filed their class proofs of claim prior to the bar date. Although Debtor

15   made general, conclusory and vague "omnibus" objections to a multitude of claims, including

16   Creditors, Debtor did not object to the class proofs of claim on the grounds that they should not

17   be able to proceed on a class-wide basis until February 25, 2010.[3] Debtor's Nineteenth Omnibus

18   Objection sought to reclassify all claims included therein to general unsecured claims, and

19   Debtor's Thirty-first Omnibus Objection sought to disallow all claims included therein on the

20   grounds that Debtor "disputed" them. Creditors met and conferred and with Debtor regarding

21   said objections, and Creditor went so far as to admit that its objection was not "substantive" and

22   that it would adjourn its objections to Creditors proofs of claims when Creditor filed a

23   preliminary response. See Meet and Confer correspondence from Sarah Baker to Matthew

24   Righetti dated September 29, 2009 and July 2, 2009attached to Declaration of Michael Righetti,

25   Exhibit 7.

26

27   _____
     [3]    Debtor has a particular penchant for filing "speed bump" omnibus objections that contain no facts or law and
28   only seem to be pursued as a strategy to determine how many creditors fail to file a response such that the objection is
     deemed granted. There is frankly no other logical reason why Debtor has repeatedly filed such objections – and then
     adjourned the objections as to Creditors who filed a timely response to the objections.

7

1    It was not until Creditors' recent receipt of Debtor's Supplements to Nineteenth

2    Objection and Thirty-first Objection, that Creditor's were notified that Debtor intended to

3    dispute the class action aspect of Creditors' proofs of claims at all. Thus, it was until this point

4    in time that the class proofs of claim became a contested matter, and accordingly Creditors now

5    timely and properly move the Court pursuant to B.R. 9014 for an order applying B.R. 7023 to

6    their claims.

7    ### 1. Creditors did not delay in filing their Rule 7023 Motion.

8    Despite the clear principles enunciated by the Seventh and Eleventh Circuits regarding

9    the procedure for filing class proofs of claim and moving a court for application for Rule 7023,

10   Debtor seeks to navigate this Court into a decision that would create a conflict among the circuit

11   courts. Debtor's argument, relying on *In re Computer Learning Center* for the proposition that

12   Creditors are required to seek court permission to file class proofs of claim before the claim bar

13   date is not in accord with either the rules, or how the rules have been interpreted by the circuit

14   courts. The Eastern District Court of Virginia indicates that a claimant need not wait for the

15   debtor to object to the class proof of claim before it is deemed a "contested matter." *In re*

16   *Computer Learning Center*, 344 B.R. at 88. In that case, this Court determined that the

17   "contested matter" is whether the proof of claim may be filed in the first instance, and it is

18   resolved by filing a Rule 7023 motion, which itself commences the contested matter." *Id.* The

19   reason the Court favored this approach, it seems, "furthers the policy of an orderly and

20   expeditious administration of the bankruptcy estate" and prevents the debtor from being

21   prejudiced by the undue delayed filings of class proofs of claims. *Id.* at 89. This, despite the fact

22   that such an approach directly conflicts with the Seventh and Eleventh circuits.

23   Regardless of the apparent conflict between the Seventh and Eleventh Circuit Courts of

24   Appeal and the Eastern District Court of Virginia, the decision in this case should not be

25   affected. In *In re Computer Learning Centers*, the Court denied the creditors' motion to apply

26   B.R. 7023 to their proof of claim because of the apparent prejudice to the debtor. The creditors

27   Rule 7023 motion in that case "was filed more than four years after the commencement of the

28   case and years after the bar date set for filing proofs of claim. During the intervening years, the

     debtor, after notice to creditors, and with court approval, destroyed many of its records." *Id.* at

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CREDITORS GENTRY, HERNANDEZ, CARD AND SKAF'S
OMNIBUS MOTION REQUESTING AN ORDER APPLYING BANKRUPTCY RULE 7023 TO THEIR CLASS PROOFS OF CLAIM

89. In addition, in that case it was questionable whether the debtor would have been able to locate former employee witnesses to assist it in defending the estate against the class claim. Finally, when the 7023 motion was made, "only ministerial matters remained" and "active administration of the case [was] all but over." *Id.* at 90.

For all the reasons why that case favored the Debtor, the facts and circumstances here are markedly different and thus warrant a different a result. In the four class proofs of claims at issue here, Creditors did not become aware that Debtor disputed **any** of the allegations in their Complaints, much less the class proofs of claims, until Debtor submitted Supplements to Nineteenth and Thirty-first Objections on February 25, 2010. Following this development, Creditors promptly moved this Court for an order applying Rule 7023 to their class proofs of claims.

Moreover, Debtor would not be prejudiced by an order applying Rule 7023 to these four proofs of claim. First, unlike the facts in *In re Learning Center*, Debtor's plan has not been approved by the Court and the date for Debtor to submit its plan to the Court has been pushed back another month to May 2010. Debtor is far from reaching the stage where "only ministerial matters remain." Second, the witnesses Debtor may rely on to defend against these class proofs of claims would not be difficult to locate as was the case in *In re Computer Learning Center*. Here, Debtor has the identities and contact information of its former employees dating back *at least* the last three years because Debtor claims to have mailed notice of the bar date to these individuals. Further, since these claims were pending for several years pre-bankruptcy, any destruction of material and relevant records could only be explained as at best a failure by Debtor to abide by its obligation to protect and preserve relevant evidence, or at worst an intentional destruction of relevant and material records. In that regard, there has been no notice from Debtor that it intended to destroy any records, much less the records required to prosecute and/or defend against Creditors' claims. For these reasons, the instant case warrants a different result than the result reached in *In re Learning Centers*, despite the fact that Creditors' waited for Debtor to object to their class proofs of claims before requesting that the Court apply Rule 7023.

///

**2.    Any prejudice claimed by Debtor is of its own making.**

Since January 2009 Debtor has been aware of Creditors' four class proofs of claim. In fact, these four actions were in active litigation with Debtor for years pre-bankruptcy so it is inconceivable that Debtor was unaware of these claims. Despite its awareness of these class proofs of claim, Debtor waited, it appears for purely strategic reasons, approximately 13 months before springing its trap by objection on the grounds that Creditors should not be able to file class claims to preserve the claims of the proposed class of similarly situated claimants. Moreover, Debtor did not give Creditors <u>any</u> reason to believe it was objecting to the class proofs of claim on the grounds that were filed on behalf of the class of similarly situated claimants. Rather, until late February 2010, Debtor had merely filed vague, obtuse objections seeking to reclassify the claims to unsecured claims and generally "disputing" liability. That Defendant waited until two months before the Court expects to see Debtor's bankruptcy plan to object to these proofs of claims cannot now be used to prejudice the hundreds of employees who are relying on these four class proofs of claim for the vindication of their rights under the California Labor Code – claims that were litigated in state court for several years before being removed to this Court.

Certainly, if this case were in the Seventh Circuit or the Eleventh Circuit, Debtor would not be heard to make the same arguments on which it now relies in its Supplements to Nineteenth and Thirty-first Omnibus Objections. Despite the clear and unambiguous authority setting forth the proposition that a class proof of claim is not a "contested" matter until it is objected to, Debtor seeks to have the Court excuse Debtor's own dilatory behavior as a mechanism to claim prejudice -- and asks this Court to expunge the bona fide claims of thousands of former employees of Debtor who have relied on the class proof of claims. The law cannot countenance "gotcha" arguments such as those presented by Debtor.

**C.    The Merits Of Creditors' Request Warrants A Court Order Applying Rule 7023 To Creditors' Claims.**

**1.    Creditors Can Rely On The Pleadings To Establish The Applicability Of Rule 7023 To Their Class Proofs of Claims.**

As the Court highlighted at the March 25, 2010 omnibus hearing, "there are two steps in the class proof of claim process." *Id.* at 86. "Two decisions must be made: (1) whether Rule

7023 should be made applicable to the proof of claim; and (2) whether a class should be certified under Rule 23." *Id.* Thus, the Court explained at the March 25, 2010 hearing, in resolving the first question, i.e. whether Rule 7023 should be made applicable to the proof of claim, a claimant may rely on its allegations and need not set forth the evidence which would be required to carry its burden on the second question, i.e. whether a class should be certified under Rule 23. Accordingly, in deference to the Court's guidance, Creditors rely on the allegations contained in their pleadings to support their requests that the Court apply Rule 7023 to their class proofs of claims.

2.      **Given the factors set forth by the Court and the Creditors' allegations, an order applying Rule 7023 to these claims is appropriate.**

In *In re Computer Learning Centers, Inc.*, the Court set forth the factors to consider in resolving a Rule 7023 motion. The Court stated:

> *In re American Reserve Corp., supra,* and *In re Craft, supra,* set out some factors to be considered in resolving a Rule 7023 motion. Several are similar to class certification factors, principally the three additional factors a court must consider in certifying a class under Rule 23(b). They are:
>
> (1) the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

*In re Computer Learning Centers, Inc.* 344 B.R. at 91. Here, each of the four putative class action allegations warrants the Court's application of Rule 7023 to their proofs of claims.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

          **a.**     **Debtor cannot dispute that it has failed to provide
notice of bar date to all putative unnamed claimants.**

One of the factors the Court considers is whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy pursuant to Rule 23(b)(3). *Id.* First and foremost, with respect to the four Creditor claims at issue herein, a class action is not only superior to other methods for the fair and efficient adjudication of the controversy – it is undisputed that it is the *only* method for the adjudication of this controversy with respect to the *vast majority* of the unnamed claimants in these four putative class actions. If the Court disallows the class status of these claims then Debtor will achieve a windfall for its own dilatory conduct wherein all these claims are essentially adjudicated in favor of Debtor without any regard to the merits of the claims. In its most recent submission to this Court, Debtor conceded that it only provided "notice" of the bar date by first class mail to former employees of debtor dating back three years from the date of Debtor's petition. (See Debtor's Omnibus Reply In Support of Motions for Summary Judgment and Supplemental Objections, Docket #6931, pg. 22). Debtor filed its voluntary petition on November 10, 2008 (Docket #1); therefore, Debtor claims to have provided notice to former employees who were employed from November 10, 2005 to November 10, 2008.

This time period, however, does not nearly encompass the four-year statutory period for any of the four Creditors' putative class actions. Creditor Gentry's Complaint was filed in 2002, so the statutory period dates back to 1998 – Debtor cannot dispute it failed to provide notice to the putative class of employees who were employed by debtor between 1998 and 2005. Debtor was aware of not only these claims specifically, but also that these claims would be affected by the filing of the bankruptcy petition. The same applies to Creditors Hernandez, Card, and Skaf, and the putative classes of employees each seek to represent. Creditors Hernandez, Card, and Skaf filed complaints in 2008, which include claims that date back four years from the date of filing. Accordingly, any putative class claimant in the Hernandez, Card, and Skaf complaints whose employment with debtor terminated in 2004 would not have received notice of the bar date. For the unnamed claimants who did not receive notice of the bar date, a class action is the *only* method for the fair adjudication of these controversies.

1    Second, the Fourth Circuit embraces a liberal interpretation of the "superiority" prong of

2    Rule 23. Because the class action "is basically a procedural technique for resolving the claims

3    of many individuals," *Quinault Allottee Ass'n v. United States,* 453 F.2d 1272, 1274

4    (Ct.Cl.1972), a liberal construction serves public purposes of judicial economy and efficiency.

5    "[F]ederal courts should give Rule 23 a liberal rather than a restrictive construction, adopting a

6    standard of flexibility in application which will in the particular case best serve the ends of

7    justice for the affected parties ... and promote judicial efficiency." *Gunnells v. Healthplan Svcs.,*

8    *Inc.,* 348 F.3d 417, 424 (4th Cir.2003).  Here, Creditors' putative class actions involve the

9    claims of hundreds of former employees of Debtor, and as explained above, many of whom

10    Debtor failed to provide notice of the bar date. Accordingly, judicial economy and efficiency

11    would no doubt be favored by applicability of Rule 7023. Seizing on a procedural technicality

12    which apparently exists only in the Eastern District Court of Virginia, however, Debtor seeks to

13    expunge the bona fide claims of hundreds of employees whose rights under the California Labor

14    Code the Creditors have been protecting for the past **eight** years.

15    In addition, the Fourth Circuit recognizes the validity of Rule 23(b)(3) class actions for

16    the payment of overtime wages and related damages. *See Anderson v. Sara Lee Corp.,* 508 F.2d

17    181, C.A.4 (N.C. 2007); *Adkins v. Ready Labor Inc.* 303 F.3d 496, C.A.4 (W.V.2002), finding

18    that FLSA class actions for unpaid overtime may be resolved in class action arbitration

19    proceedings.

20    Moreover, each of the four Creditors' Complaints alleges and explains how a class action

21    is superior to other available methods for the fair and efficient adjudication of the claims. (See

22    Gentry Complaint, Para 16, Ex. 1 to Decl. of Michael Righetti; Hernandez Complaint, Paras. 7-

23    8, Ex. 2 to Decl. of Michael Righetti; Hernandez Complaint, Para. 19, Exhibit 4 to Decl. of

24    Michael Righetti; Skaf Complaint, Para. 37(d), Exhibit 5 to Declaration of Michael Righetti).

25    Based on the Court's earlier guidance at the March 25, 2010 hearing – that the parties may rely

26    on the allegations of their pleadings as opposed to citations to evidence – Creditors submit that

27    this alone could be sufficient to warrant application of Rule 7023 to Creditors Proofs of Claims.

28    Accordingly, as Creditors have established that a class action is the superior method of

---

13

1   adjudication, Creditors respectfully request that the Court apply Rule 7023 to their proofs of

2   claims.

3              b.        **Creditors have alleged common questions of law and**
4                       **fact applicable to the classes.**

5          Another factor the Court uses to determine the applicability of Rule 7023 is whether

6   common questions of law and fact predominate. *In re Computer Learning Center*, 344 B.R. at

7   91. Predominance requires that "[common] questions of law or fact ... predominate over any

8   questions affecting only individual members." Fed.R.Civ.P. 23(b)(3). The predominance inquiry

9   "tests whether proposed classes are sufficiently cohesive to warrant adjudication by

10  representation." *Lienhart v. Dryvit Systems, Inc.* 255 F.3d 138, 147 (C.A.4 N.C.),2001), quoting

11  *Amchem,* 521 U.S. 591 (1997). Creditors' complaints each include allegations that common

12  questions of law and fact apply to their class claims.

13         The Gentry Complaint at Para. 11, for example, states:

14         Further, the subject matter of this action both as to factual matters and as to
           matters of law, are such that there are questions of law and fact common
15         to the class which predominate over questions affecting only individual
           members including, among other things, the following:

16         a.        Statistically, one hundred percent of the class members were paid on
17         a salary basis with no overtime compensation paid for work accomplished
           in excess of forty hours per week, or eight hours per day.  Plaintiff is
18         informed and believes and based thereon alleges that all class members failed to
           meet the exemption requirements of California law such as 1) regularly spend
19         more than 50% of their time performing exempt work; 2) customarily and
           regularly exercised discretion and independent judgment and; 3) have authority
20         to hire and fire.  Thus, plaintiff and the class members were not exempt
           from the overtime requirements of California law for that reason;

21         b.        Defendants uniformly administered a corporate policy concerning both
           staffing levels and duties and responsibilities of the class members which required
22         that the class members both work overtime without pay and regularly spend
           more than 50% of their time performing non-exempt tasks.  This included a
23         uniform corporate pattern and practice of allocating and authorizing inadequate
           staffing levels at the individual stores.  This corporate conduct had the effect of
24         placing customer service and other clerical "non-management" duties and
           responsibilities onto the shoulders of the class members who were
25         customarily and regularly caused to work far in excess of forty hours in a
           week and/or eight hours in a day without pay.  Thus, plaintiff and all other
26         members of the class routinely, regularly and customarily (i.e., well in excess
           of 50% of their work time) performed non-exempt, non-managerial work and
27         work that did not regularly involve discretion and independent judgment.
           Therefore, such employees are entitled to overtime compensation under California
28         law.

           c.        The duties and responsibilities of the salaried customer service manager

                                    14

position at the defendants' stores were virtually identical from region to region, district to district, store to store, and, employee to employee. Further, any variations in job activities between the different individuals in these positions are legally insignificant to the issues presented by this action since the central facts remain, to wit: these employees performed non-exempt work in excess of 50% of the time in their workday, these employees did not regularly exercise discretion and independent judgment; these employees' work routinely included work in excess of 40 hours per week and/or 8 hours per day and they were not, and have never been, paid overtime compensation for their work.

d.    With respect to those members of the class who were discharged by defendants or voluntarily quit, and did not have a written contract for employment. The defendants, in violation of California Labor Code Sections 201, and 202, et seq., respectively, had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages of all such former employees. The defendants have willfully failed to pay the earned and unpaid wages of such individuals, including, but not limited to, regular time, overtime, and other wages earned and remaining uncompensated according to amendment, or proof.

Ex. 1 to Decl. of Michael Righetti. For the sake of brevity, Creditors will not set forth the extent of the allegations in each Complaint, but if the Court chooses, the Court may locate the allegations in the other Complaints as follows: Hernandez Complaint, Para. 6-8, Ex. 2; Card Complaint, Para. 12, Ex. 4; Skaf Complaint, Para 38, Ex. 5. As Creditors have sufficiently plead that common questions of law and fact apply to their claims, Creditors respectfully request an order applying Rule 7023 to the proofs of claims.

c.    **The extent and nature of the litigation warrants the application of Bankruptcy Rule 7023 pursuant to Rule 23(b)(3)(B).**

Another factor the Court uses to determine the applicability of Rule 7023 is the "extent and nature of any litigation concerning the controversy already commenced by or against members of the class." *In re Computer Learning Center*, 344 B.R. at 91. As Creditors explained in their most recent submission to the Court, these cases were heavily litigated in California's Superior courts surrounding Debtor's failed attempt to enforce a ban on class actions contained within Debtor's adhesive employment agreement. Circuit City's agreement was invalidated in the landmark California Supreme Court decision *Gentry v. Superior Court*, 42 Cal.4th 443 (2007). Notwithstanding the *Gentry* Supreme Court decision, Debtor continued its attempts to foist a ban on class actions before the trial courts in California. When trial courts rejected Debtor's machinations then Debtor appealed those orders. Debtor was appealing two trial court orders in Gentry (California Second DCA) and Hernandez (California Fourth DCA) denying its petition to compel arbitration at the time it filed bankruptcy.

15

1    Clearly, this situation is not one in which Creditors merely filed class action complaints

2    seeking millions of dollars in damages and then procrastinated.    Class counsel has been

3    vigorously litigating these cases to protect the interests of the putative class members.  To deny

4    Creditors the applicability of Rule 7023 to their proofs of claim at this late stage of the

5    proceedings would be tantamount to congratulating Debtor for seeking to enforce an

6    unconscionable contract with its employees which the California Supreme Court has deemed to

7    be illegal.

8    **D.    Debtor is Equitably Estopped From Objecting To Creditors' Class Proofs Of**
     **Claims At This Late Stage Of The Proceedings.**

9

10    Where a party assumes a certain position in a legal proceeding, and succeeds in

11    maintaining that position, he may not thereafter, simply because his interests have changed,

12    assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in

13    the position formerly taken by him. *Davis v. Wakelee,* 156 U.S. 680, 689, (1895). This rule,

14    known as judicial estoppel, "generally prevents a party from prevailing in one phase of a case on

15    an argument and then relying on a contradictory argument to prevail in another phase."' *Pegram*

16    *v. Herdrich,* 530 U.S. 211, 227, n. 8 (2000)." *New Hampshire v. Maine,* 532 U.S. 742, 749

17    (2001). "One consideration used to determine when a party should be equitably estopped from

18    asserting an inconsistent position is whether the party seeking to assert an inconsistent position

19    would derive an unfair advantage or impose an unfair detriment on the opposing party if not

      estopped." *Zedner v. U.S.* 547 U.S. 489, 504, (2006).

20    Here, Debtor cannot dispute that it has taken inconsistent positions with respect to its

21    Omnibus Nineteenth and Thirty-first Omnibus Objections to Creditors' proofs of claims.  First,

22    as explained above, during repeated meet and confer with Debtor about these objections, Debtor

23    flat-out admitted that its own objections were not "substantive" objections.  Second, Debtor then

24    agreed to adjourn its Nineteenth Objection upon the filing of a preliminary response.  See Meet

25    and Confer correspondence attached to Declaration of Michael Righetti as Exhibit 7.  Moreover,

26    Debtor rejected Creditors' attempts to litigate these claims in either the original state court or in

27    this Court, by asserting (correctly as it turns out) that this Court would not allow litigation in

28    either forum due to the liquidating chapter 11 nature of these proceedings.

---

16

1  Now, however, Debtor does an "about-face" – and asks this Court to do the same – by

2  seeking to supplement and enforce its Nineteenth and Thirty-first Objections to Creditors' class

3  proofs of claim, all to the *extreme* prejudice of Creditors, despite its earlier representations that

4  a) its objections were merely procedural and were not "substantive" and b) this Court would not

5  allow litigation of these claims at any earlier point in these proceedings.  Pursuant to the doctrine

6  of equitable estoppel, Debtor must not be permitted to take such a position at this late stage of

7  position, especially after Creditors have relied on Debtor's earlier representations.  Accordingly,

8  Creditors respectfully request that Court deem Debtor to be equitably estopped from taking a

9  contradictory position at this late stage of the proceedings, as Debtor would derive an unfair

10  advantage or impose an unfair detriment on Creditors if not estopped.

## IV.  CONCLUSION

11  For the aforementioned reasons, Creditors respectfully request that the Court grant

12  Creditors' omnibus request to apply Rule 7023 to their class proofs of claims.

Respectfully submitted,

**RIGHETTI LAW FIRM, P.C.**

16  Date:  March 31, 2010

/s/ Michael Righetti
Michael Righetti, Esq.
Attorneys for Creditors