**MATTHEW RIGHETTI**    (SBN #121012)
matt@righettilaw.com
**JOHN GLUGOSKI**    (SBN #191551)
jglugoski@righettilaw.com
**MICHAEL RIGHETTI**    (SBN #258541)
mike@righettilaw.com
**RIGHETTI LAW FIRM, P.C.**
456 Montgomery Street, Suite 1400
San Francisco, CA  94104
**Telephone:    (415) 983-0900**
**Facsimile:    (415) 397-9005**

Attorneys for Creditors Card,
Hernandez, Gentry and Skaf

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA

### RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>Circuit City Stores, Inc., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-35653 (KRH)<br>Jointly Administered<br><br>**DECLARATION OF MICHAEL RIGHETTI IN SUPPORT OF CREDITORS GENTRY, HERNANDEZ, CARD, AND SKAF'S OMNIBUS MOTION REQUESTING AN ORDER APPLYING BANKRUPTCY RULE 7023 TO THEIR CLASS PROOFS OF CLAIM PURSUANT TO BANKRUPTCY RULE 9014(C)**<br><br>Date:  April 15, 2010<br>Time:  2:00 p.m. ET<br>Room: 5000<br>Hon. Kevin Huennekens |

I, MICHAEL RIGHETTI, declare:

1. I am an attorney duly licensed to practice law in the State of California and I represent the Plaintiffs herein. I have personal knowledge of the matters set forth herein, and would and could testify thereto if called as a witness herein. I am licensed to practice in all of California's State Courts as well as the United States District Courts for the Northern, Eastern, Southern, and Central Districts of California. In addition, I have been admitted to appear in the United States Bankruptcy Court, Eastern District of Virginia.

2. Attached hereto as Exhibit 1 is a true and correct copy of the complaint filed in *Gentry v. Circuit City Stores, Inc. et al.*

3. Attached hereto as Exhibit 2 is a true and correct copy of the complaint filed in *Hernandez v. Circuit City Stores, Inc., et al.*

4. Attached hereto as Exhibit 3 is a true and correct copy of the Proofs of Claim filed for Mr. Gentry, Mr. Hernandez and their respective putative classes.

5. Attached hereto as Exhibit 4 is a true and correct copy of the complaint filed in *Skaf, et al. v. Circuit City Stores, Inc. et al.*

6. Attached hereto as Exhibit 5 is a true and correct copy of the complaint filed in *Card v. Circuit City Stores, Inc. et al.*

7. Attached hereto as Exhibit 6 is a true and correct copy of the Proofs of Claim filed by Mr. Skaf, Mr. Card and their respective putative classes.

///

///

**DECLARATION OF MICHAEL RIGHETTI IN SUPPORT OF CREDITORS GENTRY, HERNANDEZ, CARD, AND SKAF'S OMNIBUS MOTION REQUESTING AN ORDER APPLYING BANKRUPTCY RULE 7023 TO THEIR CLASS PROOFS OF CLAIM PURSUANT TO BANKRUPTCY RULE 9014(C)**

8. Attached hereto as Exhibit 7 is a true and correct copy of the relevant meet and confer correspondence.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 31st day of March in the city of San Francisco, CA.


/s/ Michael Righetti
**Michael Righetti**
Attorney for Creditors

**DECLARATION OF MICHAEL RIGHETTI IN SUPPORT OF CREDITORS GENTRY, HERNANDEZ, CARD, AND SKAF'S OMNIBUS MOTION REQUESTING AN ORDER APPLYING BANKRUPTCY RULE 7023 TO THEIR CLASS PROOFS OF CLAIM PURSUANT TO BANKRUPTCY RULE 9014(C)**

# EXHIBIT 1

OF ORIGINAL FILED

AUG 2 9 2002

1  **MATTHEW RIGHETTI, ESQ.**   {121012}
2  **EDWARD J. WYNNE, ESQ.**   {165819}
   **JOHN GLUGOSKI, ESQ.**   {191551}
3  **RIGHETTI ♦ WYNNE, P.C.**
   456 Montgomery Street, Suite 1400
4  San Francisco, CA 94104
   Telephone:   (415) 983-0900
5  Facsimile:   (415) 397-9005

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
**STEPHANIE SIANEZ**

COPY

6

7

8                    **SUPERIOR COURT OF CALIFORNIA,**

9                      **LOS ANGELES COUNTY**   **BC280631**

10

11  ROBERT GENTRY, individually            **NO.**
    and on behalf of other members of
12  the general public similarly situated   **CLASS ACTION**

13

14           Plaintiff,                    **COMPLAINT**

15  vs.                                    1. **Violation of Labor Code;**
                                           2. **Violation of B & § 17200, et seq;**
16                                         3. **Conversion**
17  CIRCUIT CITY STORES, INC.,
    and DOES 1 through 50, inclusive
18

19           Defendants.
20  _____/

21

22              **FIRST CAUSE OF ACTION**

23      COMES NOW, plaintiff, an individual over the age of eighteen (18), and brings this

24  challenge to defendant's lucrative, repressive and unlawful business practices on behalf of

25  himself and a class of all others similarly situated and for a Cause of Action against defendants,

26

27

28                                  1

CIRCUIT CITY STORES, INC, and DOES 1-50, inclusive, (hereinafter defendants) and each of them, alleges as follows:

## THE PARTIES, JURISDICTION AND VENUE

### 1.

This class action is brought pursuant to §382 of the California Code of Civil Procedure. The monetary damages and restitution sought by plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The monetary damages sought on behalf of each and every member of the class and as aggregate class damages exceed those jurisdictional limits as well. However, the claims of individual class members, including plaintiff, are under the $75,000 jurisdictional threshold for federal court. For example, a class member who was or has been employed for a relatively brief period could never reasonably be expected to receive a recovery of $75,000 or more. Further there is no federal question at issue, as exempt status questions and remedies relating thereto are based solely on California law and statutes, including the Labor Code, Civil Code, Code of Civil Procedure, and Business and Professions Code.

### 2.

Venue is proper in Los Angeles County as said defendants own/owned and operate/operated retail stores in the County of Los Angeles and because plaintiff worked in several stores within Los Angeles (Culver City, Lakewood, etc.). Defendants' liability arose in Los Angeles County and many of the wrongful acts complained of occurred in that county. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned

COMPLAINT
[CLASS ACTION]

defendants include both individuals who reside in California and corporations licensed to do business and actually doing business in the State of California.

### 3.

Defendants own/owned and operate/operated an industry, business and establishment in over 100 separate geographic locations within the State of California, including within Los Angeles County, for the purpose of operating a retail store to sell goods. As such, and based upon all the facts and circumstances incident to defendants' business in California, defendants are subject to California Labor Code Sections 1194, et seq., 500, et seq., California Business and Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission.

### 4.

At all times herein mentioned plaintiff and the class identified herein worked for defendants as salaried customer service managers in defendant's California based retail stores. The salaried customer service manager position is not a position which involves work which falls within any exception to the above-referenced Labor Code sections, the Unfair Practices Act and/or California Industrial Welfare Commission orders applicable to defendants' business. Within the last four years, plaintiff has been an employed as a customer service manager for defendants.

### 5.

Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and plaintiff prays leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and

COMPLAINT
[CLASS ACTION]

thereon alleges that each of said fictitious defendants was responsible in some way for the matters alleged herein and proximately caused plaintiff and members of the general public and the class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

6.

At all times herein mentioned, each of said defendants participated in the doing of the acts hereinafter alleged to have been done by the named defendants; and furthermore, the defendants, and each of them, were the agents, servants and employees of each of the other defendants, as well as the agents of all defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

7.

At all times herein mentioned, defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

8.

At all times herein mentioned, the acts and omissions of various defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other defendants in proximately causing the injuries and damages as herein alleged.

9.

At all times herein mentioned, defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the defendants, and each of them, aided and abetted the acts and omissions of each and all of the other defendants in proximately causing the damages as herein alleged.  Further, at all times mentioned herein, the wage and hour related compensation policies of stores in California are and were dictated by, controlled by, and ratified by the defendants herein and each of them.

---

4

COMPLAINT
[CLASS ACTION]

## FACTUAL ALLEGATIONS

### 10.

Plaintiff and all members of the class identified herein were regularly scheduled as a matter of uniform company policy to work and in fact worked as salaried customer service managers in excess of eight hours per workday and/or in excess of forty hours per workweek without receiving straight time or overtime compensation for such overtime hours worked in violation of California Labor Code Section 1194 and the applicable California Industrial Welfare Commission wage order(s). Plaintiff and the other members of the class were improperly and illegally mis-classified by defendants as "exempt" managerial/executive employees when, in fact, they were "non-exempt" non-managerial employees according to California law. Plaintiff and the other members of the class have the right to be compensated by defendants at the appropriate compensatory wage rate for said work heretofore performed, consisting of the straight time rate plus the appropriate overtime premium as mandated by California law.

### 11.

This complaint is brought by plaintiff pursuant to California Code of Civil Procedure section 382 on behalf of a class. All claims alleged herein arise under California law for which plaintiff seeks relief authorized under California law. The class is comprised of, and defined as:

> All California based salaried customer service managers who worked overtime for defendants and were not paid overtime wages from within the four years preceding the filing of this complaint and up to the time defendants re-classified the position to non-exempt status.

The members of the class are so numerous that joinder of all members would be impractical, if not impossible. The members of the class are readily ascertainable by a review of defendants' records. Further, the subject matter of this action both as to factual matters and as to matters of law, are such that there are questions of law and fact common to the class which predominate over questions affecting only individual members including, among other things, the following:

COMPLAINT
[CLASS ACTION]

a.    Statistically, one hundred percent of the class members were paid on a salary basis with no overtime compensation paid for work accomplished in excess of forty hours per week, or eight hours per day. Plaintiff is informed and believes and based thereon alleges that all class members failed to meet the exemption requirements of California law such as 1) regularly spend more than 50% of their time performing exempt work; 2) customarily and regularly exercised discretion and independent judgment and; 3) have authority to hire and fire. Thus, plaintiff and the class members were not exempt from the overtime requirements of California law for that reason;

b.    Defendants uniformly administered a corporate policy concerning both staffing levels and duties and responsibilities of the class members which required that the class members both work overtime without pay and regularly spend more than 50% of their time performing non-exempt tasks. This included a uniform corporate pattern and practice of allocating and authorizing inadequate staffing levels at the individual stores. This corporate conduct had the effect of placing customer service and other clerical "non-management" duties and responsibilities onto the shoulders of the class members who were customarily and regularly caused to work far in excess of forty hours in a week and/or eight hours in a day without pay. Thus, plaintiff and all other members of the class routinely, regularly and customarily (i.e., well in excess of 50% of their work time) performed non-exempt, non-managerial work and work that did not regularly involve discretion and independent judgment. Therefore, such employees are entitled to overtime compensation under California law.

c.    The duties and responsibilities of the salaried customer service manager position at the defendants' stores were virtually identical from region to region, district to district, store to store, and, employee to employee. Further, any variations in job activities between the different individuals in these positions are legally insignificant to the issues presented by this action since the central facts remain, to wit: these employees performed non-exempt work in excess of 50% of the time in their workday, these employees did not regularly exercise discretion and

6

independent judgment; these employees' work routinely included work in excess of 40 hours per week and/or 8 hours per day and they were not, and have never been, paid overtime compensation for their work.

d.     With respect to those members of the class who were discharged by defendants or voluntarily quit, and did not have a written contract for employment.  The defendants, in violation of California Labor Code Sections 201, and 202, et seq., respectively, had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages of all such former employees.  The defendants have willfully failed to pay the earned and unpaid wages of such individuals, including, but not limited to, regular time, overtime, and other wages earned and remaining uncompensated according to amendment, or proof.

12.

As a pattern and practice, also in violation of the aforementioned labor laws and wage orders, defendants did not maintain any records pertaining to when salaried customer service managers began and ended each work period, meal period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

13.

There are predominant common questions of law and fact and a community of interest amongst plaintiff and the claims of the absent class members concerning whether defendants' regular business custom and practice of requiring substantial "overtime" work and not paying for said work according to the overtime mandates of California law is, and at all times herein mentioned was, in violation of California Labor Code Sections 1194 and 500, et seq., the Unfair Practices Act and the applicable California Industrial Welfare Commission wage orders. Defendants' employment policies and practices wrongfully and illegally failed to compensate salaried customer service managers for substantial overtime compensation earned as required by California law.  For instance, questions of fact and/or law common to the members of the

7

aforesaid class -- which predominate over any questions which may affect only individual members -- are:

    i.    Whether defendants' salaried customer service managers were classified as "exempt" in violation of California law;

    ii.    Whether defendants uniformly failed to pay overtime wages to its salaried customer service managers by virtue of defendants' unlawful class wide designation of such employees as "exempt" in violation of California law;

    iii.    Whether plaintiffs and the class could waive the wage and hour laws designed for their benefit under California law, whether such waivers violate public policy and whether such waivers were voluntary, knowing and valid;

    iv.    Whether defendants' conduct constituted an illegal, or unfair, business practice in violation of California law;

    v.    Whether plaintiff and the class are entitled to compensatory damages pursuant to the California Labor Code;

    vi.    Whether plaintiff and the class are entitled to injunctive relief, including restitution and/or disgorgement of profits pursuant to California law.

    vii.    What is the correct computation formula for the payment of overtime in California as to salaried workers?

    viii.    What work is customarily and regularly accomplished by class members in defendants' stores and what category (exempt or non-exempt) does that work properly fall into?

    ix.    What are the realistic requirements of the customer service manager job?

    x.    What are the expectations of defendants vis-à-vis the class members job performance?

    xi.    Who has the burden of proof on the exemption issue?

COMPLAINT
[CLASS ACTION]

xii.    Can defendant rely on the "sole charge" or "primary duty" exemption standards applicable under federal law, or must defendant comply with California's more strict quantitative exemption standards?

### 14.

The claims of plaintiff are typical of the claims of all members of the class. Plaintiff, as a representative party, will fairly and adequately protect the interests of the class by vigorously pursuing this suit through attorneys who are skilled and experienced in handling civil litigation of this type.

### 15.

The California Labor Code and wage order provisions upon which plaintiff asserts these claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee was required to file an individual lawsuit, the corporate defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

9

**16.**

The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (1) inconsistent or varying adjudications with respect to individual class members against the defendants and which would establish potentially incompatible standards of conduct for the defendants, and/or (2) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

**17.**

Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation, as described herein, is unlawful and creates an entitlement to recovery by the plaintiff and the class identified herein, in a civil action, for the unpaid balance of the full amount of the straight time compensation and overtime premiums owing, including interest thereon, willful penalties, reasonable attorneys fees, and costs of suit according to the mandate of California Labor Code Section 1194, et seq.

**18.**

Proof of a common business practice or factual pattern, of which the named plaintiff's experiences are representative, will establish the right of each of the members of the plaintiff class to recovery on the causes of action alleged herein.

**19.**

The plaintiff class is entitled in common to a specific fund with respect to the overtime compensation monies illegally and unfairly retained by defendants. The plaintiff class is entitled in common to restitution and disgorgement of those funds being improperly withheld by

10

COMPLAINT
[CLASS ACTION]

1  defendants. This action is brought for the benefit of the entire class and will result in the creation

2  of a common fund.

3      WHEREFORE, Plaintiff on his own behalf and on behalf of the members of the class,

4  prays for judgment as hereinafter set forth.

5

6                              **SECOND CAUSE OF ACTION**

7      COME NOW, plaintiff, individually and on behalf of both the class and the general

8  public and as a second, separate and distinct cause of action against defendants, and each of

9  them, alleges as follows:

10                                  20.

11      Plaintiff herein repeats and re-alleges as though fully set forth at length each and every

12  paragraph of this Complaint, excepting those paragraphs which are inconsistent with this cause

13  of action for relief regarding defendants' violations of Business and Professions Code 17200 et

14  seq. (Unfair Practices Act).

15                                  21.

16      Defendants, and each of them, have engaged in unfair business practices in California by

17  practicing, employing and utilizing the employment practices outlined in Paragraphs 10 through

18  13, inclusive, to wit, by requiring their salaried customer service managers to perform the labor

19  services complained of herein without overtime compensation. Defendants' utilization of such

20  unfair business practices constitutes unfair competition and provides an unfair advantage over

21  defendants' competitors. Plaintiff -- and other similarly situated members of the general public --

22  seek full restitution and disgorgement of monies, as necessary and according to proof, to restore

23  any and all monies withheld, acquired and/or converted by the defendants by means of the unfair

24  practices complained of herein. Plaintiff seeks, on his own behalf and on behalf of the general

25  public, the appointment of a receiver, as necessary. The acts complained of herein occurred, at

26

27

28

COMPLAINT
[CLASS ACTION]

least in part, within the last four (4) years preceding the filing of the original complaint in this action.

### 22.

Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code section 17200, including those set forth in Paragraphs 10 through 13 herein thereby depriving plaintiff and other members of the general public the minimum working condition standards and conditions due to them under the California labor laws and Industrial Welfare Commission wage orders as specifically described herein.

### 23.

Plaintiff, and all persons similarly situated, are further entitled to and do seek a both a declaration that the above-described business practices are unfair, unlawful and/or fraudulent and injunctive relief restraining defendants from engaging in any of such business practices in the future. Such misconduct by defendants, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to all members of the class in that the defendants will continue to violate these California laws, represented by labor statutes and IWC Wage Orders, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

COMPLAINT
[CLASS ACTION]

### THIRD CAUSE OF ACTION

COME NOW, plaintiff, individually and on behalf of a class and as a third, separate and distinct cause of action against defendants, and each of them, alleges as follows:

#### 24.

Plaintiff herein repeats and re-alleges as though fully set forth at length each and every paragraph of this Complaint, excepting those paragraphs which are inconsistent with this cause of action for Conversion.

#### 25.

At the time defendants refused to pay the wages due to plaintiff and the class, as alleged herein. Plaintiff owned and had the right to possess the withheld wages. Defendants willfully and without legal justification interfered with plaintiff's right to own and possess her wages. The exact amount of those wages is capable of being made certain from a review of either the information of plaintiff and class members, or from the records of defendants.

#### 26.

In refusing to pay wages to the plaintiff and the class defendants unlawfully and intentionally took and converted the property of plaintiff and the class to their own use. At the time the conversion took place plaintiff and the class were entitled to immediate possession of the amounts of wages payable. This conversion was oppressive, malicious and fraudulent. This conversion was concealed by the defendants from the plaintiff and the class.

#### 27.

Plaintiff and the class have been injured by this conversion and are entitled to: (1) all monies converted by the defendants with interest thereon; (2) any and all profits whether direct or indirect, the defendants acquired by their conversion; (3) punitive and exemplary damages.

WHEREFORE, plaintiff on his own behalf and on behalf of the members of the class and the general public, prays for judgment as follows:

COMPLAINT
[CLASS ACTION]

1.    For an order certifying the proposed class and sub-classes;

2.    Upon the First Cause of Action, for damages according to proof as set forth in California Labor Code Section 1194, et seq. (and the applicable California Industrial Welfare Commission wage orders) related to wages due and owing and for restitution to plaintiff and the class, including waiting time penalties owed;

3.    Upon the Second Cause of Action, for full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the defendants by means of the unfair practices complained of herein to plaintiff and other similarly effected members of the general public (and disgorgement from defendants) of all funds acquired by defendants by means of any acts or practices declared by this Court to be violative of the mandate established by California Business and Professions Code section 17200, et seq.  Plaintiff seeks, on his own behalf and on behalf of the general public, the appointment of a receiver, as necessary.

4.    Upon the Second Cause of Action, that defendants be ordered to show cause why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders and labor code laws related to payment of overtime compensation and record keeping for defendants' salaried customer service manager personnel who are primarily engaged in non-exempt non-discretionary work and work more than 40 hours per week or 8 hours per day; and for an order enjoining and restraining defendants and their agents, servants and employees related thereto;

5.    Upon the Second Cause of Action, for the appointment of a receiver to receive, manage and distribute any and all funds disgorged from the defendants determined to have been wrongfully acquired by the defendants as a result of violations of California Business and Professions Code section 17200 et seq.;

14

6.      Upon the Third Cause of Action, for (1) all monies converted by the defendants with interest thereon; (2) any and all profits whether direct or indirect, the defendants acquired by their conversion; (3) punitive and exemplary damages.

7.      For pre-judgment interest as allowed by California Labor Code Sections 1194 and 218.6 and California Civil Code § 3287 for all class members (b), for waiting time penalties as authorized by California Labor Code Section 203 for those individuals no longer employed by defendants;

8.      For reasonable attorneys fees, expenses and costs as provided by California Labor Code Section 1194, et seq. and other applicable California laws; and,

9.      For such other and further relief the court may deem just and proper.


DATED:      August 28, 2002          RIGHETTI ♦ WYNNE, P.C.


_____
Matthew Righetti
Counsel for Plaintiff
and the Class

COMPLAINT
[CLASS ACTION]

# EXHIBIT 2

1 | David R. Markham (SBN 071814)
2 | R. Craig Clark (SBN 129219)
  | James M. Treglio (SBN 228077)
3 | **CLARK & MARKHAM, LLP**
  | 600 B Street, Suite 2130
4 | San Diego, CA 92101
  | Telephone:(619) 239-1321
5 | Facsimile: (619) 239-5888
6 |
  | Matthew Righetti (SBN 121012)
7 | **RIGHETTI LAW FIRM, P.C.**
  | 456 Montgomery Street, Ste. 1400
8 | San Francisco, CA 94104
  | Telephone: (415) 983-0900
9 | Facsimile: (415) 397-9005
10 |
11 | Walter Haines (SBN 71075)
  | **UNITED EMPLOYEES LAW GROUP**
12 | 646 Pine Ave, #312
  | Long Beach, CA 90802
13 | Telephone:(877) 696-8378
  | Facsimile: (562) 256-1006
14 |
15 | Attorneys for the Plaintiff

COPY SAN DIEGO OFFICE 2
CENTRAL DIVISION

2008 APR 17 PM 4: 38

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

16 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

17 | **IN AND FOR THE COUNTY OF SAN DIEGO**

18 |

| | |
|---|---|
| 19 JACK HERNANDEZ, an individual, on behalf of himself, and on behalf of all persons 20 similarly situated, | CASE NO. ____37-2008-00082173-CU-OE-CTL____ |
| 21       Plaintiffs, | **CLASS ACTION** |
| 22 vs. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:** |
| 23 CIRCUIT CITY STORES, INC., a Virginia 24 Corporation authorized to do business in the State of California, and Does 1 to 100, 25 Inclusive. | **(1) FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF CAL. LAB. CODE §§ 510, 1194 AND 1198;** |
| 26       Defendants. | **(2) FAILURE TO PROVIDE MEAL AND REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 AND 512; and,** |
| 27 | **(3) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200** *et seq.* |
| 28 | **DEMAND FOR A JURY TRIAL** |

1      Comes now the Plaintiff JACK HERNANDEZ, on behalf of themselves and all persons similarly

2  situated, allege as follows:

3      This class action is brought on behalf of present and former "Sales Managers" employed in

4  California by defendant CIRCUIT CITY STORES, INC. (hereinafter "CIRCUIT CITY"). All

5  allegations in this Complaint are based upon information and belief except for those allegations which

6  pertain to the Plaintiff named herein, JACK HERNANDEZ (hereinafter "PLAINTIFF"), and his counsel.

7  Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support

8  after a reasonable opportunity for further investigation and discovery.

9

10                          **JURISDICTION AND VENUE**

11     1. This Court has jurisdiction over this action pursuant to Cal. Civ. Proc. Code § 410.10. The action

12  is brought pursuant to Cal. Civ. Proc. Code § 382. This class action is brought pursuant to §382 of the

13  California Code of Civil Procedure. The claims of individual class members, including plaintiff, are under

14  the $75,000 jurisdictional threshold for federal court. For example, a class member who was or has been

15  employed for a relatively brief period could never reasonably be expected to receive a recovery of $75,000

16  or more. Further there is no federal question at issue, as exempt status questions and remedies relating

17  thereto are based solely on California law and statutes, including the Labor Code, Civil Code, Code of Civil

18  Procedure, and Business and Professions Code. PLAINTIFF brings this action on behalf of himself, and all

19  persons similarly situated.

20     2. Venue is proper in this Court pursuant to Cal. Civ. Proc. Code §§ 395 and 395.5 because the

21  injuries to the persons complained of herein occurred in part in the County of San Diego and/or because

22  Circuit City conducts business in the County of San Diego.

23

24                          **CLASS DEFINITION**

25     3. The CLASS consists of all California residents who are current and former employees of

26  CIRCUIT CITY who held any position as "Sales Managers," and who worked more the than eight (8)

27  hours in any given day and/or more than forty (40) hours in any given week during the period

28  commencing on the date that is within four years prior to the filing of this complaint and through the

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                              2

1  present date (the "Class Period"), and who were not paid overtime compensation pursuant to the

2  applicable Cal. Lab. Code and Industrial Welfare Commission Wage Order Requirements (the

3  "CLASS"). To the extent equitable tolling operates to toll claims by the CLASS against Defendants, the

4  Class period should be adjusted accordingly. The CLASS includes all such persons, whether or not they

5  were paid by commission, by salary, or by part commission and part salary.

6        4. The CLASS also consists of all California residents who are current and former employees of

7  CIRCUIT CITY who held any position as a "Sales Manager" and who were not provided with meal and

8  rest periods as required by the applicable Labor Code and IWC Wage Order Requirements in any given

9  week that is within three years prior to the filing of this Complaint and through the present date (the

10  "Meal and Rest Class Period Class Members").

11

12                              **CLASS ALLEGATIONS**

13        5. PLAINTIFF JACK HERNANDEZ ("PLAINTIFF") alleges that at all material times

14  mentioned herein, he is and was:

15        (a)  An individual who resides in the County of San Diego, California;

16        (b) Employed as an "Sales Manager" for defendant CIRCUIT CITY in the County of San

17        Diego from January 2, 2006 to October 29, 2006;

18        (c)  Who worked more than eight (8) hours in any given day and more than forty (40)

19        hours in any given week;

20        (d)  Did not receive overtime compensation, meal periods, or rest periods; and,

21        (e)  Was a member of the CLASS as defined in paragraphs 3 and 4 of this Complaint.

22        6. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as

23  set forth in California Code of Civil Procedure § 382, in that:

24        (a)  The persons who comprise the CLASS are so numerous that the joinder of all such

25        persons is impracticable and the disposition of their claims as a class will benefit the

26        parties and the Court;

27        (b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are

28        raised in this Complaint are common to the CLASS and will apply uniformly to every

---

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                    3

1   member of the CLASS;

2   (c) The claims of the representative PLAINTIFF are typical of the claims of each member

3   of the CLASS. PLAINTIFF, like all other members of the CLASS, has sustained damages

4   arising from Defendants' violations of the laws of California. PLAINTIFF and the

5   members of the CLASS were and are similarly or identically harmed by the same

6   unlawful, deceptive, unfair, systematic and pervasive pattern of misconduct engaged in by

7   the Defendants';

8   (d) The representative PLAINTIFF will fairly and adequately represent and protect the

9   interest of the CLASS, and has retained counsel who are competent and experienced in

10   Class Action litigation. There are no material conflicts between the claims of the

11   representative PLAINTIFF and the members of the CLASS that would make class

12   certification inappropriate. Counsel for the CLASS will vigorously assert the claims of all

13   Class Members.

14   7. In addition to meeting the statutory prerequisites to a Class Action, this action is properly

15   maintained as a Class Action pursuant to Cal. Code of Civil Procedure § 382, in that:

16   (a) Without Class certification and determination of declaratory, injunctive, statutory and

17   other legal questions within the class format, prosecution of separate actions by individual

18   members of the CLASS will create the risk of:

19   1) Inconsistent or Varying adjudications with respect to individual members of the

20   CLASS which would establish incompatible standards of conduct for the parties

21   opposing the CLASS; or,

22   2) Adjudication with respect to individual members of the CLASS which would as

23   a practical matter be dispositive of interests of the other members not party to the

24   adjudication or substantially impair or impede their ability to protect their

25   interests.

26   (b) The parties opposing the CLASS have acted or refuse to act on grounds generally

27   applicable to the CLASS, thereby making appropriate final injunctive relief or

28   corresponding declaratory relief with respect to the CLASS as a whole; or

(c) Common questions of law and fact exist as to the members of the CLASS and predominate over any question affection only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of

    1) The interests of the members of the CLASS in individually controlling the prosecution or defense of separate actions;

    2) The extent and nature of any litigation concerning the controversy already commenced by or against members of the CLASS;

    3) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

    4) The difficulties likely to be encountered in the management of a Class Action.

8. This Court should permit this action to be maintained as a Class Action pursuant to California Code of Civil Procedure § 382 because:

    (a) The questions of law and fact common to the CLASS predominate over any question affecting only individual members;

    (b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CLASS;

    (c) The members of the CLASS are so numerous that it is impractical to bring all members of the CLASS before the Court;

    (d) PLAINTIFF, and the other CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

    (e) There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which CIRCUIT CITY's actions have inflicted upon the CLASS;

    (f) There is a community of interest in ensuring that the combined assets and available insurance of CIRCUIT CITY is sufficient to adequately compensate the members of the CLASS for the injuries sustained;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF         5

1    (h) CIRCUIT CITY has acted or refused to act on grounds generally applicable to the

2    CLASS, thereby making final injunctive relief appropriate with respect tot he CLASS as a

3    whole

4        **DEFENDANTS**

5   9. PLAINTIFF is informed and believes, and based upon that information and belief alleges that

6 Defendant CIRCUIT CITY, at all times during the Class Period was:

7    (a) An electronics retail company organized under the law of the Commonwealth of

8    Virginia, has its principle place of business in the Commonwealth of Virginia, conducts

9    business in California, and has its Southern California regional headquarters in the County

10    of Los Angeles;

11    (b) The former employer of PLAINTIFF and the current and/or former employer of the

12    putative CLASS members; and

13    (c) Failed to pay overtime compensation, and failed to provide meal and rest periods, to all

14    members of the CLASS.

15   10. The true names and capacities, whether individual, corporate, subsidiary, partnership,

16 associate or otherwise of defendant Does 1 through 100, inclusive, are unknown to the PLAINTIFF who

17 therefore sues these defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. The

18 PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1

19 through 100, inclusive, when they are ascertained.

20   11. PLAINTIFF is informed and believes, and based upon that information and belief alleges that

21 the Defendants named in this Complaint, including Does 1 through 100, inclusive, are responsible in

22 some manner for one or more of the events and happenings that proximately caused the injuries and

23 damages hereinafter alleged.

24   12. PLAINTIFF is informed and believes, and based upon that information and belief alleges,

25 that the defendants named in this Complaint, including Does 1 through 100, inclusive, are, and at all

26 times mentioned herein were, the agents, servants, and/or employees of each of the other defendants and

27 that each defendant was acting within the course of scope of his, hers or its authority as the agent, servant

28 and/or employee of each of the other defendants. Consequently, all the defendants are jointly and

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**       6

1  severally liable to the PLAINTIFF and the other members of the CLASS, for the damages sustained as a

2  proximate result of their conduct.

3                                    **THE CONDUCT**

4       13. PLAINTIFF JACK HERNANDEZ was hired by CIRCUIT CITY on or about November 14,

5  2002. He was employed by CIRCUIT CITY as a Sales Manager from January 2, 2006 until he ceased

6  working for CIRCUIT CITY on or about October 29, 2006. Mr HERNANDEZ frequently worked six or

7  more days per week, and would, on average, work around fifty-five hours per week. Generally, "Sales

8  Managers" working for CIRCUIT CITY are required to work fifty or more hours per week.

9       14. Defendant CIRCUIT CITY improperly classified PLAINTIFF, and other members of the

10 CLASS, as "exempt". Consequently PLAINTIFF, and the other members of the CLASS, were not paid

11 overtime wages for hours worked in excess of eight hours per day and/or forty hours per week. The

12 Industrial Welfare Commission Wage Order No. 4 sets forth the requirements which must be satisfied in

13 order for an employee to be exempt. Although classified as exempt, the duties of PLAINTIFF, and other

14 members of The CLASS, do not meet the requirements set forth in the Industrial Welfare Commission

15 Wage Order No. 4.

16       15. Throughout the Class Period, CIRCUIT CITY systematically misclassified PLAINTIFF and

17 every other Sales Manager who is a member of the CLASS as "exempt" when in fact they were not.

18       16. Accordingly, and despite the fact that PLAINTIFF, and the other members of CLASS,

19 regularly worked in excess of 8 hours a day and 40 hours per week, they did not receive overtime

20 compensation.

21       17. In addition, PLAINTIFF and other members of the CLASS, did not receive meal and rest

22 periods, although they were entitled to them.

23       18. As part of their employment, PLAINTIFF, and other members of the CLASS were required

24 to sign a binding arbitration agreement prohibiting class action claims. However, that agreement has

25 been held by the California Supreme Court, in Gentry v. Circuit City (2007) 42 Cal. 4th 443, to be

26 substantively and procedurally unconscionable, and is null and void as a matter of law.

27

28                              **FIRST CAUSE OF ACTION**

## FOR FAILURE TO PAY OVERTIME COMPENSATION
### [Cal. Lab. Code §§510, 1194 and 1198]
### (By the CLASS and against all Defendants)

19. PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein, paragraphs 1 through 17 of this Complaint.

20. Cal. Lab. Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

21. Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid overtime compensation, interest thereon, together with the costs of suit, and attorneys fees. Cal. Lab. Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

22. CIRCUIT CITY has intentionally and improperly designated certain employees, including PLAINTIFF, and other members of the CLASS, as "exempt" "Sales Managers" to avoid payment of overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

23. In particular, the Industrial Welfare Commission Wage Order No. 4 sets forth the requirements which must be complied with to place an employee in an exempt category. For an employee to be exempt as a bona fide "executive," all the following criteria must be met:

(a) The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision;

(b) The employee must customarily and regularly direct the work of at least two (2) or more other employees; and,

(c) The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

(d) The employee must customarily and regularly exercise discretion and independent judgment; and,

(e) The employee be primarily engaged in duties which meet the test of exemption.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                    8

24.  The Industrial Welfare Commission Wage Order No. 4 also sets forth the requirements which must be complied with tho place an employee in the "administrative" exempt category.  For an employee to be exempt as a bona fide administrator, all of the following criteria mus be met:

(a) The employee must perform office or non-manual work directly related to management policies or general business operation of the employer;

(b) The employee must customarily and regularly exercise discretion and independent judgment; and

(c) The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d) The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

(e) The employee must execute special assignments and tasks under only general supervision; and,

(f) The employee must be primarily engaged in duties which meet the test of exemption.

25.  The Industrial Welfare Commission, ICW Wage Order No. 4 also sets forth the requirements which must be complied with to place an employee in the "professional" exempt category   For an employee to be exempt as a bona fide professional, all the following criteria must be met:

(a) The employee must primarily perform work which is intellectual or creative and that requires the exercise of discretion and independent judgment;

(b) The employee must be licensed or certified by the State of California and is primarily engaged in the practice of one of the following recognized professions: law, medicine, dentistry, optometry, architecture, engineering, teaching, or accounting.

26.  The job duties of PLAINTIFF, and other members of the CLASS, do not fit the definition of either an exempt executive, administrative, or professional employee because:

(a) Less than fifty percent (50%) of their work hours are spent on managerial or administrative (exempt) duties;

(b) More than fifty percent (50%) of their work hours are spent performing non exempt duties, including but not limited to answering telephones, providing customer service,

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**                                               9

1    sales, training, and following strict and exacting procedures;

2    (c) They do not have the discretion or independent judgment, in that they must follow

3    exacting and comprehensive company-wide policies and procedures which dictate every

4    aspect of their work day;

5    (d) They do not have the authority to hire/or and fire other personnel; and,

6    (e) None of the exemptions articulated in Wage Order No. 4, subparagraph (h), apply to

7    the PLAINTIFF, or to the other members of the CLASS.

8    27.  At all times relevant hereto, from time to time, the PLAINTIFF, and the other members of the

9    CLASS, worked more that eight hours in a workday, and/or more than forty hours in a work week.

10    28.  At all times relevant hereto, Defendant CIRCUIT CITY failed to pay PLAINTIFF, and the

11    other members of The CLASS, overtime compensation for the hours they have worked in excess of the

12    maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198. In fact, however,

13    PLAINTIFF, and the other members of The CLASS, and were regularly required to work overtime hours.

14    29.  By virtue of CIRCUIT CITY's unlawful failure to pay addition compensation to the

15    PLAINTIFF, and the other members of the CLASS, for their overtime hours, the PLAINTIFF, and the

16    other members of the CLASS, have suffered, and will continue to suffer, injury and damages in amounts

17    which are presently unknown to them but which exceed the jurisdictional limits of this Court and which

18    will be ascertained according to proof at trial.

19    30.  PLAINTIFF, and the other members of the CLASS, are informed and believe, and based

20    upon that information and belief allege, that CIRCUIT CITY knew or should have known that

21    PLAINTIFF, and the other members of the CLASS, did not qualify as exempt employees and purposely

22    elected not to pay them for their overtime labor.

23    31.  CIRCUIT CITY acted and is acting intentionally, oppressively, and maliciously toward the

24    PLAINTIFF, and toward the other members of the CLASS, with a conscious disregard of their rights, or

25    the consequences to them, with the intent of depriving them of property and legal rights and otherwise

26    causing them injury.

27    32.  PLAINTIFF, and the other members of The CLASS, request recovery of overtime

28    compensation according to proof, interest, attorney's fees and cost pursuant to Cal. Lab. Code §§ 218.5

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                    10

1   and 1194(a), as well as the assessment of any statutory penalties against CIRCUIT CITY, in a sum as

2   provided by the Cal. Lab. Code and/or other statutes.

3       33.  Further, PLAINTIFF, and the other members of The CLASS, are entitled to seek and recover

4   reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5 and 1194.

5

6                              **SECOND CAUSE OF ACTION**
                **FOR FAILURE TO PROVIDE MEAL PERIODS AND REST PERIODS**
7                             [Cal. Lab. Code §§ 226.7 and 512]
                          **(By The CLASS and Against All Defendants)**
8

9       34.  PLAINTIFF realleges and incorporates by reference, as though fully set forth herein,

10  paragraphs 1 through 33 of this Complaint.

11      35.  Cal. Lab. Code §§ 226.7 and 512 provide that no employer shall employ any person for a

12  work period of more than five (5) hours without a meal period of not less than 30 minutes.

13      36.  Cal. Lab. Code § 226.7 provides that if an employer fails to provide an employee a meal

14  period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the

15  employee's regular rate of compensation for each five (5) hours of work that the meal period is not

16  provided.

17      37.  CIRCUIT CITY has intentionally and improperly denied meal periods to PLAINTIFF, and

18  other members of The CLASS, in violation of Cal. Lab. Code §§ 226.7 and 512.

19      38.  At all times relevant hereto, PLAINTIFF, and other members of The CLASS, have worked

20  more than five hours in a workday.  At all relevant times hereto, CIRCUIT CITY has failed to provide

21  meal periods as required by Cal. Lab. Code §§ 226.7 and 512.

22      39.  Cal. Lab. Code § 226.7 provides that employers shall authorize and permit employees to take

23  rest periods at the rate of ten (10) minutes net rest time per four (4) hours of work.

24      40.  Cal. Lab. Code § 226.7 provides that if an employer fails to provide and employee rest

25  periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the

26  employee's regular rate of compensation for each workday that the rest period is not provided.

27      41.  CIRCUIT CITY has intentionally and improperly denied rest periods to PLAINTIFF, and

28  other members of the CLASS, in violation of Cal. Lab. Code §§ 226.7 and 512.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                    11

42. At all times relevant hereto, the PLAINTIFF, and other members of the CLASS, worked more than four hours in a workday. At all times relevant hereto, CIRCUIT CITY failed to provide rest periods as required by Cal. Lab. Code §§ 226.7 and 512.

43. By virtue of CIRCUIT CITY's unlawful failure to provide rest periods to them, PLAINTIFF, and other members of the CLASS, have suffered, and will continue to suffer, damages in the amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

44. PLAINTIFF, and the other members of the CLASS, are informed and believe, and based upon that information and belief allege, that CIRCUIT CITY knows or should have known that the PLAINTIFF, and the other members of the CLASS, were entitled to meal periods and rest periods but purposely elected not to provide these mandated periods.

45. PLAINTIFF, and the other members of the CLASS, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 226.7 and 512.

### THIRD CAUSE OF ACTION
### FOR UNLAWFUL BUSINESS PRACTICES
[Cal. Bus. and Prof. Code §§ 17200 *et seq.*]
(By The CLASS and against All Defendants)

46. The PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein, paragraphs 1 through 45 of this Complaint.

47. CIRCUIT CITY is a "person" as that term is defined under California Business & Professions Code § 17201.

48. Cal. Bus. and Prof. Code § 17200 defines unfair competition as "any unlawful, unfair, or fraudulent business act or practice"

49. At all times relevant hereto, by and through the conduct described herein, CIRCUIT CITY has engaged in unfair and unlawful practices by failing to pay PLAINTIFF, and the other members of the CLASS, overtime compensations, and has failed to provide meal and rest breaks, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. and Prof. Code § 17200 *et seq.*, and has thereby deprived PLAINTIFF, and the other members of the CLASS,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                    12

1  of fundamental rights and privileges owed to them by law.

2       50. By and through the unfair and unlawful business practices described herein, CIRCUIT CITY

3  has obtained valuable property, money, and services from the PLAINTIFF, and the other members of the

4  CLASS, and have deprived them of valuable rights and benefits guaranteed by law, all to their detriment.

5       51. All the acts described herein as violations of, among other things, the Cal. Lab. Code and

6  Industrial Welfare Commission Wage Order, are unlawful and in violation of public policy; and in

7  addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful

8  business practices in violation of Cal. Bus. And Prof. Code § 17200 *et seq.*

9       52. PLAINTIFF, and the other members of The CLASS, are entitled to, and do, seek such relief

10  as may be necessary to restore to them the money and property which Defendant CIRCUIT CITY has

11  acquired, or of which PLAINTIFF, and other members of The CLASS, have been deprived, by means of

12  the above described unfair and unlawful business acts and practices.

13      53. PLAINTIFF, and the other members of The CLASS, are further entitled to, and do, seek a

14  declaration that the above described business practices are unfair and unlawful and that injunctive relief

15  should be issued restraining CIRCUIT CITY from engaging in any of the above described unfair and

16  unlawful business practices in the future.

17      54. PLAINTIFF, and the other members of The CLASS, have no plan, speedy, and/or adequate

18  remedy at law to redress the injuries which they have suffered as a consequence of the unfair and

19  unlawful business practices of CIRCUIT CITY. As a result of the unfair and unlawful business practices

20  described above, PLAINTIFF, and the other members of The CLASS, have suffered and will continue to

21  suffer irreparable harm unless CIRCUIT CITY is restrained from continuing to engage in these unfair

22  and unlawful business practices. In addition, CIRCUIT CITY should be required to disgorge the unpaid

23  moneys to PLAINTIFF, and the other members of The CLASS.

24

25                              **PRAYER**

26      WHEREFORE, PLAINTIFF prays for judgment against CIRCUIT CITY in favor of PLAINTIFF

27  and the CLASS as follows:

28  1.      **ON THE FIRST CAUSE OF ACTION**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                           13

1    A) For compensatory damages, including lost wages, commissions, bonuses, and other losses,

2    according to proof;

3    B) For general damages, according to proof;

4    C) For an award of interest, including prejudgment interest at the legal rate;

5    D) For statutory damages, including reasonable attorneys' fees and cost of suit

6    2.    ON THE SECOND CAUSE OF ACTION

7    A) One hour of pay for each workday in which a rest period was not provided fore each four

8    hours of work;

9    B) One hour of pay for each five (5) hours of work in which a meal period was not provided;

10    C) For attorneys' fees and costs

11    3.    ON THE THIRD CAUSE OF ACTION

12    A) For restitution and disgorgement;

13    B) For injunctive relief ordering the continuing unfair business acts and practices to cease, or as

14    the Court otherwise deems just and proper;

15    C) For other injunctive relief ordering CIRCUIT CITY to notify The CLASS that they have not

16    been paid the proper amounts required in accordance with California law

17

18    4.    ON ALL CAUSES OF ACTION

19    A) An Order certifying the CLASS, approving PLAINTIFF as the Representative of the CLASS,

20    and permitting this case to proceed as a class action; and,

21    B) For such other and further relief as the Court deem just and proper.

22

23    Dated: April 14, 2008                    CLARK & MARKHAM, LLP

24

25                                    By: _____

26                                        DAVID R. MARKHAM
                                         Attorney for Plaintiff

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                14



1

### DEMAND FOR JURY TRIAL

2    PLAINTIFFS demand jury trial on issues triable to a jury.

3

4

5 Dated: April 17, 2008                 **CLARK & MARKHAM, LLP**

6

7                         By:

8                             DAVID R. MARKHAM
                            Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF           15

# EXHIBIT 3

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT   Eastern District of Virginia | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: Circuit City Stores, Inc. | Case Number: 08-35653 (KRH) |
|---|---|

**NOTE:** *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Robert Gentry and all those similarly situated**

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
C/o Righetti Law Firm, P.C., Matthew Righetti
456 Montgomery Street, Suite 1400
San Francisco, CA 94104

Court Claim Number: **N/A**
*(If known)*

Telephone number:
(415) 983-0900

Filed on: _____

Name and address where payment should be sent (if different from above):
See above.

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $_____7,070,131.60

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** __See Exhibit A attached.__
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
**Describe:**

**Value of Property:** $_____ **Annual Interest Rate** ___%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any:** $_____ **Basis for perfection:** _____

**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 01/12/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY RECEIVED JAN 1 3 2009 KURTZMAN CARSON CONSULTANTS |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return



0835653090113000000000186

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
-------------------------------------------------x
In re:                                          :
                                                :        Chapter 11
CIRCUIT CITY STORES, INC., et al.               :        Case No. 08-35654
                                                :
              Debtors                           :        Jointly Administered with
                                                :        Case No. 08-35653
-------------------------------------------------x
```

**EXHIBIT A TO PROOF OF CLAIM**

The case entitled Gentry v. Circuit City, Inc. was filed on August 29, 2002, in the Los Angeles Superior Court, Case No. BC280631. The case covers all California-based salaried customer service managers who worked overtime for Defendant, Circuit Stores, Inc. et al., and were not paid overtime wages from within the four years preceding the filing of the complaint and up to the time Defendants re-classified the position to non-exempt status, and thus, eligible for overtime. Mr. Gentry held the position of customer service manager for Circuit City. The company eliminated his in 2001. Mr. Gentry's ending salary was $32,000. The calculations were arrived at by using the dates of August 29, 1998 to March 31, 2001.

To calculate the value of the Gentry v. Circuit City action the following formula was used:

Hourly rate $15.38
x 1.5 (time and a half)
= $23.07
x Overtime hours of 20 hours per week
= $461.40
x work weeks (151)
=$69,671.40
x the number of Circuit City, Inc. Stores (72 Stores)
=$5,016,640.80

To calculate the waiting time penalties for the Gentry action the following formula was used:

Hourly rate ($15.38)
x Hours per day (8)
x 30 Days
= $3,691.20

1
EXHIBIT A TO PROOF OF CLAIM

x # of employees employed at Circuit City, Inc. Stores (138)
=$509,385.60

Attorneys Fees (Righetti Law Firm, P.C.)
20% of Overtime and Waiting Time Totals
=$1,105,205.20

Attorney's Fees (Ellen Lake) Law Office Of Ellen Lake
=$438,900  [627 hrs]

**Totals of Overtime, Waiting Time Penalties and Attorneys fees: $7,070,131.60**

EXHIBIT A TO PROOF OF CLAIM

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT    Eastern District of Virginia | PROOF OF CLAIM |
|---|---|

**Name of Debtor:**
Circuit City Stores West Coast, Inc.

**Case Number:**
08-35654 (KRH)

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Jack Hernandez and all those similarly situated

☐ Check this box to indicate that this claim amends a previously filed claim.

**Name and address where notices should be sent:**
C/o Righetti Law Firm, P.C., Matthew Righetti
456 Montgomery Street, Suite 1400
San Francisco, CA 94104

**Court Claim Number:** N/A
*(If known)*

**Telephone number:**
(415) 983-0900

Filed on: _____

**Name and address where payment should be sent** (if different from above):
See above.

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

**Telephone number:**

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**    $ 23,940,292.00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

**2. Basis for Claim:**    See Exhibit A attached.
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

    **3a. Debtor may have scheduled account as:** _____
    (See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
**Describe:**

**Value of Property:** $_____    **Annual Interest Rate** ____%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any:** $_____    **Basis for perfection:** _____

**Amount of Secured Claim:** $_____    **Amount Unsecured:** $_____

☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**Date:**
01/12/2009

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

FOR COURT USE ONLY

**RECEIVED**
JAN 13 2009
KURTZMAN CARSON CONSULTANTS

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
-------------------------------------------------x
In re:                                          :
                                                :        Chapter 11
CIRCUIT CITY STORES, INC., et al.               :        Case No. 08-35654
                                                :
                Debtors                         :        Jointly Administered with
                                                :        Case No. 08-35653
-------------------------------------------------x
```

### EXHIBIT A TO PROOF OF CLAIM

The Hernandez v. Circuit City, Inc. was filed on April 17, 2008, in the San Diego Superior Court, Case No. 37-2008-00082173-CU-OE-CTL. The case covers all California-based salaried store managers 1) who worked at any time during the four years preceding the filing of the Complaint up until the date of class certification at any of the stores in the State of California owned, operated and/or acquired by Defendants. Mr. Hernandez held the position of Sales Manager. In April 2008, Hernandez filed this class action suit against Circuit City. He alleged that Defendant had wrongfully classified all Sales Managers as employees that were exempt from overtime compensation, and had illegally failed to pay overtime and to provide meal periods and rest breaks to them. The dates of April 17, 2004, to November 10, 2008, were used to calculate the workweeks. Mr. Hernandez's ending salary was $50,000 and he worked 12-15 hour days, 6-7 days a week.

To calculate the value of the Hernandez v. Circuit City action the following formula was used:

Hourly rate $24.03
x 1.5 (time and a half)
= $36.04
x Overtime hours of 25 hours per week
= $901.00
x work weeks (238)
=$214,438.00
x the number of Circuit City, Inc. Stores (72 Stores)
=$15,439,536.00

1

EXHIBIT A TO PROOF OF CLAIM

To calculate the waiting time penalties for the Card action the following formula was used:

Hourly rate ($24.03)
x Hours per day  (8)
x 30 Days
= $5,767.20
x # of employees employed at Circuit City, Inc. Stores (764)
=$4,406,140.80

Attorneys Fees
20% of Overtime and Waiting Time Totals
=$4,077,956.00

Attorney's Fees (Ellen Lake) Law Office Of Ellen Lake
= $16,660 [23.8 hrs]

**Totals of Overtime, Waiting Time Penalties and Attorneys fees: $23,940,292.00**

EXHIBIT A TO PROOF OF CLAIM

# EXHIBIT 4

MATTHEW RIGHETTI, ESQ.    {121012}
JOHN GLUGOSKI, ESQ.    {191551}
RIGHETTI LAW FIRM, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone:    (415) 983-0900
Facsimile:    (415) 397-9005

Attorneys for Plaintiff

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO

JONATHAN CARD and others
Similarly Situated

                              NO. 37-2008-00095260-CU-OE-CTL

                              CLASS ACTION

          Plaintiff,

                              COMPLAINT
vs.

                              1.  Violation of Labor Code;
                              2.  Violation of B & P § 17200, et seq;
CIRCUIT CITY STORES, INC.,    3.  Failure to Provide Mandated Meal
and DOES 1 through 50 inclusive,    Periods and Rest Breaks

          Defendants.
_____/

                                                            COMPLAINT
                                                            [CLASS ACTION]

1

### FIRST CAUSE OF ACTION

COMES NOW, Plaintiff, Jonathan Card (Plaintiff herein after) an individual over the age of eighteen (18), and brings this challenge to Defendant's lucrative, repressive and unlawful business practices on behalf of himself and a class of all others similarly situated and for a Cause of Action against Defendants, CIRCUIT CITY STORES, INC., and DOES 1-50, inclusive, (hereinafter "Defendants") and each of them, alleges as follows:

### THE PARTIES, JURISDICTION AND VENUE

**1.**

This class action is brought pursuant to §382 of the California Code of Civil Procedure. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The monetary damages sought on behalf of each and every member of the class and as aggregate class damages exceed those jurisdictional limits as well. However, the claims of individual class members, including Plaintiff, are under the $75,000 jurisdictional threshold for federal court. For example, a class member who was or has been employed for a relatively brief period could never reasonably be expected to receive a recovery of $75,000 or more. The total damages for the entire case does not exceed $5,000,000.00. In addition, there is no federal question at issue, as all the issues related to payment wages alleged herein are based solely on California law and statutes, including the Labor Code, Civil Code, Code of Civil Procedure, and Business and Professions Code. Further there is no federal question at issue, as all the issues related to payment wages alleged herein are based solely on California law and statutes, including the Labor Code, Civil Code, Code of Civil Procedure, and Business and Professions Code.

**2.**

Plaintiff, Jonathan Card   ("Plaintiff") was employed in California as an Assistant Manager by CIRCUIT CITY STORES, INC., Mr. Card worked in Defendant's store as a salaried store employee within four years prior to the filing of this Complaint.

**3.**

Plaintiff brings this action against  CIRCUIT CITY STORES, INC., for engaging in a uniform policy and systematic scheme of wage abuse against their salary paid employees in California. This scheme involved, inter alia, misclassifying the salaried store employees as "exempt"  managerial/executive employees for purposes of the payment of overtime compensation when, in fact, they were "non-exempt" non-managerial employees according to California law.  Further,  CIRCUIT CITY STORES, INC., denied the salaried store employees mandated meal and rest breaks under California law. As a result of Defendant's systematic and clandestine scheme the salaried store employees throughout California were not paid all wages owed and were deprived of mandated meal periods and rest breaks. Accordingly,  CIRCUIT CITY STORES, INC., has violated California common and statutory laws as described more particularly below.

**4.**

Defendant's own/owned and operate/operated an industry, business and establishment in approximately 100 separate geographic locations within the States of California, including San Diego County, for the purpose of operating a retail store to sell goods. As such, and based upon all the facts and circumstances incident to Defendant's business in California, Defendants are subject to California Labor Code Sections 1194, et seq., 500, et seq., California Business and Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission.  At least some of the acts complained of herein

COMPLAINT
[CLASS ACTION]

occurred in San Diego County as Defendants own/owned and operate/operated stores in San Diego County. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendants are and were corporations licensed to do business and actually doing business in the State of California.

**5.**

At all times herein mentioned Plaintiff and the class identified herein worked for Defendants as salaried store employees in Defendant's stores. These salaried store positions are not positions, which involve work falling within any exception to the above-referenced Labor Code sections, the Unfair Practices Act and/or California Industrial Welfare Commission orders applicable to Defendant's business.

**6.**

Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

**7.**

At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

COMPLAINT
[CLASS ACTION]

**8.**

At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

**9.**

At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

**10.**

At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged. Further, at all times mentioned herein, the wage and hour related compensation policies of stores in California are and were dictated by, controlled by, and ratified by the Defendants herein and each of them.

## FACTUAL ALLEGATIONS

**11.**

Plaintiff and all members of the class identified herein were regularly scheduled as a matter of uniform company policy to work and in fact worked as salaried store employees in excess of eight hours per workday and/or in excess of forty hours per workweek without receiving straight time or overtime compensation for such overtime hours worked in violation of California Labor Code Section 1194 and the applicable California Industrial Welfare Commission wage order(s). Plaintiff and the other members of the class were improperly and illegally mis-classified by Defendants as "exempt" managerial/executive employees when, in

COMPLAINT
[CLASS ACTION]

fact, they were "non-exempt" non-managerial employees according to California law. Plaintiff and the other members of the class have the right to be compensated by Defendants at the appropriate compensatory wage rate for said work heretofore performed, consisting of the straight time rate plus the appropriate overtime premium as mandated by California law. Furthermore, Defendants failed to provide the Plaintiff and class members the required rest and meal periods during the relevant time period as required under the IWC Wage Orders and thus are entitled to any and all applicable penalties.

**12.**

This complaint is brought by Plaintiff pursuant to California Code of Civil Procedure section 382 on behalf of a class. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized under California law. The class is comprised of, and defined as:

> All California based salaried store assistant managers 1) who worked at any time during the four years preceding the filing of this Complaint up until the date of class certification at any of the stores in the State of California owned, operated and/or acquired by Defendants.

The members of the class are so numerous that joinder of all members would be impractical, if not impossible. The members of the class are readily ascertainable by a review of Defendant's records. Further, the subject matter of this action both as to factual matters and as to matters of law, are such that there are questions of law and fact common to the class which predominate over questions affecting only individual members including, among other things, the following:

a.       Statistically, one hundred percent of the class members were paid on a salary basis with no overtime compensation paid for work accomplished in excess of forty hours per week, or eight hours per day. Plaintiff is informed and believes and based thereon alleges that all class members failed to meet the exemption requirements of California law such as 1) regularly spend more than fifty (50) percent of their time performing exempt work; 2) customarily and regularly

COMPLAINT
[CLASS ACTION]

1    exercised discretion and independent judgment and; 3) have authority to hire and fire. Thus,

2    Plaintiff and the class members were not exempt from the overtime requirements of California

3    law for that reason;

4         b.       Defendants uniformly administered a corporate policy concerning both staffing

5    levels and duties and responsibilities of the class members which required that the class members

6    both work overtime without pay and regularly spend more than fifty (50) percent of their time

7

8    performing non-exempt tasks. This included a uniform corporate pattern and practice of

9    allocating and authorizing inadequate staffing levels at the individual stores. This corporate

10   conduct had the effect of placing customer service and other clerical "non-management" duties

11   and responsibilities onto the shoulders of the class members who were customarily and regularly

12   caused to work far in excess of forty hours in a week and/or eight hours in a day without pay.

13

14   Thus, Plaintiff and all other members of the class routinely, regularly and customarily (i.e., well

15   in excess of fifty (50) percent of their work time) performed non-exempt, non-managerial work

16   and work that did not regularly involve discretion and independent judgment. Therefore, such

17   employees are entitled to overtime compensation under California law.

18         c.       The duties and responsibilities of the salaried store positions at the Defendant's

19   stores were virtually identical from region to region, district to district, store to store, and,

20   employee to employee. Further, any variations in job activities between the different individuals

21   in these positions are legally insignificant to the issues presented by this action since the central

22

23   facts remain, to wit: these employees performed non-exempt work in excess of fifty (50) percent

24   of the time in their workday, these employees did not regularly exercise discretion and

25   independent judgment; these employees' work routinely included work in excess of forty (40)

26   hours per week and/or eight (8) hours per day and they were not, and have never been, paid

27   overtime compensation for their work. Furthermore, Defendants failed to provide Plaintiff and

28

<div align="center">7</div>

<div align="right">COMPLAINT<br>[CLASS ACTION]</div>

1  class members the required "off duty" rest and meal periods during the relevant time period as

2  required under the IWC Wage Orders.

3      d.    Members of the class identified herein were discharged by Defendants or

4  voluntarily quit, and did not have a written contract for employment. The Defendants, in

5  violation of California Labor Code Sections 201, and 202, et seq., respectively, had a consistent

6  and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid

7  wages of all such former employees. The Defendants have willfully failed to pay the earned and

8  unpaid wages of such individuals, including, but not limited to, regular time, overtime, and other

9  wages earned and remaining uncompensated according to amendment, or proof.

10

11  **13.**

12  Although, DEFENDANTS claims that each store concept, corporate entity, branch and/or

13  division is a separate entity, named defendant, CIRCUIT CITY STORES, INC., was and/or is

14  also the joint employer of employees of all Defendant's stores.

15

16  **14.**

17  Although, DEFENDANTS claims that each store concept, branch, corporate entity and/or

18  division is a separate entity, in fact all of these entities constituted a single enterprise under

19  CIRCUIT CITY STORES, INC., and thus named defendant, was and/or is the single employer of

20  all salaried employees of all Defendant's stores in California.

21

22  **15.**

23  As a pattern and practice, also in violation of the aforementioned labor laws and wage

24  orders, Defendants did not maintain any records pertaining to when salaried store assistant

25  managers began and ended each work period, meal period, the total daily hours worked, and the

26  total hours worked per pay period and applicable rates of pay.

27

28

8

COMPLAINT
[CLASS ACTION]

16.

There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the absent class members concerning whether Defendant's regular business custom and practice of requiring substantial "overtime" work and not paying for said work according to the overtime mandates of California law is, and at all times herein mentioned was, in violation of California Labor Code Sections 1194 and 500, et seq., the Unfair Practices Act and the applicable California Industrial Welfare Commission wage orders. Defendant's employment policies and practices wrongfully and illegally failed to compensate salaried store assistant managers for substantial overtime compensation earned as required by California law. For instance, questions of fact and/or law common to the members of the aforesaid class -- which predominate over any questions which may affect only individual members -- are:

i. Whether Defendant's salaried employees were classified as "exempt" in violation of California law;

ii. Whether Defendants uniformly failed to pay overtime wages to its salaried store assistant managers by virtue of Defendant's unlawful class wide designation of such employees as "exempt" in violation of California law;

iii. Whether Plaintiff and the class could waive the wage and hour laws designed for their benefit under California law and whether such waivers were voluntary, knowing and valid;

iv. Whether Defendant's conduct constituted an illegal, or unfair, business practice in violation of California law;

v. Whether Plaintiff and the class are entitled to compensatory damages pursuant to the California Labor Code;

9

COMPLAINT
[CLASS ACTION]

vi.    Whether Plaintiff and the class are entitled to injunctive relief, including restitution and/or disgorgement of profits pursuant to California law.

vii.    What is the correct computation formula for the payment of overtime in California?

viii.    What work is customarily and regularly accomplished by class members in Defendant's – and what category (exempt or non-exempt) does that work properly fall into?

ix.    What are the realistic requirements of the salaried store assistant manager positions?

x.    What are the expectations of Defendants vis-à-vis the class members job performance?

xi.    Who has the burden of proof on the exemption issue?

xii.    Can Defendant rely on the "sole charge" or "primary duty" exemption standards applicable under federal law, or must Defendants comply with California's more strict quantitative exemption standards?

xiii.    Whether Defendants failed to provide Plaintiff and class members rest and meal breaks in violation of California Labor Code and applicable IWC wage orders;

**17.**

The claims of Plaintiff are typical of the claims of all members of the class. Plaintiff, as a representative party, will fairly and adequately protect the interests of the class by vigorously pursuing this suit through attorneys who are skilled and experienced in handling civil litigation of this type.

COMPLAINT
[CLASS ACTION]

### 18.

The California Labor Code and wage order provisions upon which Plaintiff asserts these claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Plaintiff with its vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

### 19.

The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (1) inconsistent or varying adjudications with respect to individual class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (2) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the

COMPLAINT
[CLASS ACTION]

individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

**20.**

Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation, as described herein, is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the full amount of the straight time compensation and overtime premiums owing, including interest thereon, willful penalties, reasonable attorneys fees, and costs of suit according to the mandate of California Labor Code Section 1194, et seq.

**21.**

Proof of a common business practice or factual pattern, of which the named Plaintiff's experiences are representative, will establish the right of each of the members of the Plaintiff class to recovery on the causes of action alleged herein.

**22.**

The Plaintiff class is entitled in common to a specific fund with respect to the overtime compensation monies illegally and unfairly retained by Defendants. The Plaintiff class is entitled in common to restitution and disgorgement of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

WHEREFORE, Plaintiff on his own behalf and on behalf of the members of the class, prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

COME NOW, Plaintiff, individually and on behalf of both the class and as a second, separate and distinct cause of action against Defendants, and each of them, alleges as follows:

COMPLAINT
[CLASS ACTION]

23.

Plaintiff herein repeats and re-alleges as though fully set forth at length each and every paragraph of this Complaint, excepting those paragraphs which are inconsistent with this cause of action for relief regarding Defendant's violations of Business and Professions Code 17200 et seq. (Unfair Practices Act).

24.

Defendants, and each of them, have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in Paragraphs 11 through 14, inclusive, to wit, by requiring their salaried store assistant managers to perform the labor services complained of herein without overtime compensation. Defendant's utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendant's competitors. Plaintiff – and members of the class -- seek full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein. Plaintiff seeks, on his own behalf and on behalf of the class, the appointment of a receiver, as necessary. The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the original complaint in this action.

25.

Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code section 17200, including those set forth in Paragraphs 11 through 14 herein thereby depriving Plaintiff and other members of the class minimum working condition standards and conditions due to them under the California labor laws and Industrial Welfare Commission wage orders as specifically described herein.

13

COMPLAINT
[CLASS ACTION]

**26.**

Plaintiff, and all persons similarly situated, are further entitled to and do seek a both a declaration that the above-described business practices are unfair, unlawful and/or fraudulent and injunctive relief restraining Defendants from engaging in any of such business practices in the future. Such misconduct by Defendants, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to all members of the class in that the Defendants will continue to violate these California laws, represented by labor statutes and IWC Wage Orders, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

## THIRD CAUSE OF ACTION

COME NOW, Plaintiff, individually and on behalf of a class and as a third, separate and distinct cause of action against Defendants, and each of them, alleges as follows:

**27.**

Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**28.**

Cal. Lab. Code §226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

COMPLAINT
[CLASS ACTION]

**29.**

Industrial Welfare Commission Order No. 7-2001(11)(c) provides in relevant part, "Unless the employees is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked."

**30.**

Industrial Welfare Commission Order No. 7-2001 (12)(A) authorizes employees to take rest periods based on the total hours worked daily at the rate of ten minutes rest per four hours or major fraction thereof.

**31.**

Cal. Lab. Code Section 512, which provides in relevant part:

Meal periods

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period my be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

**32.**

As alleged herein, Defendants routinely interrupted and/or failed to permit, authorize and/or provide Plaintiff's and Class members' meal and rest breaks. By these actions, Defendants violated Cal. Lab. Code §226.7(a) and is liable to Plaintiff and the Class.

COMPLAINT
[CLASS ACTION]

**33.**

As a result of the unlawful acts of Defendants, Plaintiff and Class members have been deprived of meal and rest breaks, and are entitled to recovery under Cal. Lab. Code §226.7(b) in the amount of one additional hour of pay at the employee's regular rate of compensation for each work day that a meal or rest period was not provided.

WHEREFORE, Plaintiff on his own behalf and on behalf of the members of the class prays for judgment as follows:

1.    Determining that this action may proceed and be maintained as a class action;

2.    For the First Cause of Action:

   a.    A declaratory judgment that Defendant has violated Cal. Lab. Code

   b.    An award to Plaintiffs and the Class of damages for the amount of unpaid overtime compensation, including interest thereon, and penalties subject to proof;

   c.    An award to Plaintiffs and the Class of reasonable attorneys' fees and costs pursuant to Cal. Lab. Code § 1194 and/or other applicable state laws;

3.    For the Second Cause of Action:

   a.    Ordering Defendant, its agents, servants, and employees, and all persons acting, directly or indirectly, in concert with it, to restore and disgorge all funds to each member of the Class acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and therefore constitute unfair competition under § 17200 et seq. of the California Business and Professions Code;

   b.    For injunctive relief pursuant to California Business & Professions Code § 17203, consisting of, inter alia: (1) a declaration that Defendant has engaged in unlawful and unfair business acts and practices in violation of California Business & Professions Code § 17200 et seq.; (2) a preliminary and/or permanent injunction enjoining Defendant and its respective successors, agents, servants, officers, directors, employees and all persons acting in concert with them from pursuing the policies, acts and practices complained of herein and prohibiting Defendant from continuing such acts of unfair and illegal business acts and practices; (3) Restitution pursuant to California Industrial Welfare Commission Order No. 7-2001(11)(D),

16

COMPLAINT
[CLASS ACTION]

which provides: "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided."

c.   Restitution pursuant to California Industrial Welfare Commission Order No. 7-2001(12)(C), which provides: "[i]f an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided;"

4.   For the Third Cause of Action:

a.   A declaratory judgment that Defendant has violated Cal. Lab. Code §226.7;

b.   An award to Plaintiffs and the Class of an additional hour of pay at the employee's regular rate of compensation for each workday that a meal or rest break was not provided;

c.   An award to Plaintiffs and the Class of reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §1194 and/or other applicable state laws;

d.   An award to Plaintiffs and the Class of interest, which shall accrue from the date that the wages were due and payable, pursuant to Cal. Lab. Code §218.6;

5.   Awarding Plaintiffs and the Class their attorneys' fees and costs of suit to the extent permitted by law;

6.   All other relief as this Court may deem proper.

DATED:   October 27, 2008                RIGHETTI LAW FIRM, P.C.


                                         John Glugoski
                                         Counsel for Plaintiff
                                         and the Class

17

COMPLAINT
[CLASS ACTION]

# EXHIBIT 5

Edwin Aiwazian (SBN 232943)
Ghazaleh Hekmatjah (SBN 259662)
**THE AIWAZIAN LAW FIRM**
330 Arden Avenue, Suite 205
Glendale, CA 91203
Telephone (818) 265-1020
Facsimile   (818) 265-1021

*Attorneys for* Plaintiffs and the Putative Class

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 19 2008

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

BC404195

| | |
|---|---|
| JOSEPH SKAF; MIGUEL PEREZ; and GUSTAVO GARCIA; individually and on behalf of other members of the general public similarly situated, | Case No. |
| | |
| Plaintiff. | **CLASS ACTION COMPLAINT** |
| vs. | |
| CIRCUIT CITY STORES, INC, a Virginia corporation; and Does 1 through 100, inclusive, | (1) Violation of California Labor Code §§ 510 and 1198 |
| Defendants. | (2) Violation of California Labor Code §§ 226.7 and 512(a) |
| | (3) Violation of California Labor Code § 226.7 |
| | (4) Violation of California Labor Code § 204 |
| | (5) Violation of California Labor Code §§ 201 and 202 |
| | (6) Violation of California Labor Code § 226(a) |
| | (7) Violation of California Labor Code § 1174(d) |
| | (8) Violation of California Labor Code § 2800 and 2802 |
| | (9) Violation of California Business & Professions Code §§ 17200, et seq. |
| | (10) Declaratory Relief |

1

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

)    (11) Accounting

)    (12) Injunctive Relief

)    **DEMAND FOR JURY TRIAL**

COME NOW, Plaintiffs Joseph Skaf, Miguel Perez, and Gustavo Garcia, individually and on behalf of other members of the public similarly situated, and allege as follows:

### PARTIES

1. Plaintiff Joseph Skaf ("Skaf") is an individual residing in the County of Los Angeles, State of California.

2. Plaintiff Miguel Perez ("Perez") is an individual residing in the County of Los Angeles, State of California.

3. Plaintiff Gustavo Garcia ("Garcia") is an individual residing in the County of Los Angeles, State of California.

4. Plaintiffs Skaf, Perez, and Garcia will hereinafter be collectively referred to as Plaintiffs.

5. Defendant Circuit City Stores, Inc. ("Circuit City"), at all time herein mentioned, was and is a Virginia corporation, with its corporate headquarters located at 9950 Mayland Drive, Richmond, Virginia 23233.

6. Circuit City and Does 1 through 100 will hereinafter be collectively referred to as Defendants.

7. Defendants own/owned and operate/operated an industry, business and establishment in over 100 separate geographic locations within the State of California, including within Los Angeles County, for the purpose of operating a retail store to sell goods.

8. The true names and capacities, whether corporate, associate, individual or otherwise, of defendants Does 1 through 100, inclusive, are unknown to Plaintiffs who sue said defendants by such fictitious names. Plaintiffs are informed and

2

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

believe, and based on that information and belief allege, that each of the
defendants designated as a Doe is legally responsible for the events and happenings
referred to in this complaint, and unlawfully caused the injuries and damages to
Plaintiffs and the other class members alleged in this complaint.  Plaintiffs will seek
leave of court to amend this complaint to show the true names and capacities when
the same have been ascertained.

9.    At all times herein relevant, Circuit City and Does 1 through 100, and each of them,
were the agents, partners, joint venturers, representatives, servants, employees,
successors-in-interest, co-conspirators and assigns, each of the other, and at all
times relevant hereto were acting within the course and scope of their authority as
such agents, partners, joint venturers, representatives, servants, employees,
successors, co-conspirators and assigns, and that all acts or omissions alleged herein
were duly committed with the ratification, knowledge, permission, encouragement,
authorization and consent of each defendant designated herein.

10.    Circuit City and Does 1 through 100 will hereinafter be collectively referred to as
Defendants.

### FACTUAL ALLEGATIONS

11.    Defendants employed Skaf from approximately May 1998 to approximately May
2007.

12.    Defendants employed Skaf as an "Entertainment Manager" from approximately
February 2002 to approximately March 2005.

13.    Defendants employed Skaf as a "Technology Manager" from approximately March
2005 to approximately January 2006.

14.    Defendants employed Skaf as a "Sales Manager" from approximately January 2006
to approximately May 2007.

15.    Defendants employed Perez from approximately October 1996 to approximately
May 2007.

3

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

16. Defendants employed Perez as a "Service and Installation Manager or "Road Shop Manager" from approximately June 1998 to approximately January 2007.

17. Defendants employed Perez as an "Operations Manager" from approximately January 2007 to approximately January 2008.

18. Defendants employed Garcia from approximately February 2000 to approximately June 2006.

19. Defendants employed Garcia as a "Service and Installation Manager" or "Road Shop Manager" from approximately August 2000 to approximately June 2006.

20. Plaintiffs are informed and believe, and based thereon allege, that at all times herein relevant, Defendants were advised by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage law, employment and personnel practices.

21. Plaintiffs are informed and believe, and based thereon allege, that at all times herein relevant, without any justification, Defendants ignored the employment and personnel policy changes proposed by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage law, employment and personnel practice.

22. Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

23. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have know that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay when a meal period was missed.

24. Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have know that Plaintiffs and the other class members were entitled to

4

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    receive all rest periods or payment of one additional hour of pay at Plaintiffs' and

2    the other class members' regular rate of pay when a rest period was missed.

3   25.   Plaintiffs are informed and believe, and based thereon allege, that Defendants knew

4    or should have know that Plaintiffs and the other class members were entitled to

5    receive all wages owed to them upon discharge or resignation.

6   26.   Plaintiffs are informed and believes, and based thereon allege, that Defendants

7    knew or should have know that Plaintiffs and the other class members were entitled

8    to receive complete and accurate wage statements in accordance with California

9    law.

10   27.   Plaintiff are informed and believe, and based thereon allege, that Defendants knew

11    or should have know that Plaintiffs and the other class members were entitled to

12    reimbursement of all necessary expenditures incurred by Plaintiffs and the other

13    class members in direct consequence of the discharge of their job duties or in direct

14    consequence of their obedience to the directions of the employer.

15   28.   Plaintiff are informed and believe, and based thereon allege, that Defendants knew

16    or should have know that they had a duty to compensate Plaintiffs and the other

17    class members pursuant to California law, and that Defendants had the financial

18    ability to pay such compensation, but willfully, knowingly, and intentionally failed to

19    do so, and falsely represented to Plaintiffs and the other class members that they

20    were properly denied wages, all in order to increase Defendants' profits.

21   29.   At all material times set forth herein, Defendants regularly and consistently failed to

22    pay overtime wages to Plaintiffs and the other class members.

23   30.   At all material times set forth herein, Defendants regularly and consistently failed to

24    provide uninterrupted meal and rest periods to Plaintiffs and the other class

25    members.

26   31.   At all material times set forth herein, Defendants regularly and consistently failed to

27    provide complete and accurate wage statement to Plaintiffs and the other class

28    members.

5

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

32.    At all material times set forth herein, Defendants regularly and consistently failed to pay Plaintiffs and the other class members all wages owed to them upon discharge or resignation.

33.    At all material times set forth herein, Defendants regularly and consistently failed to reimburse Plaintiffs and the other class members for all necessary expenditures incurred by Plaintiffs and the other class members in direct consequence of the discharge of their job duties or in direct consequence of their obedience to the directions of the employer.

## CLASS ACTION ALLEGATIONS

34.    Plaintiffs bring this action on their own behalf and on behalf of all other members of the general public similarly situated, and thus, seek class certification under Code of Civil Procedure § 382.

35.    The proposed class consists of five subclasses, which are defined as follows:

Subclass One:

All current and former "Entertainment Managers," or persons with similar titles and/or similar job duties, who worked for Circuit City in the State of California at any time during the period from four years prior to the filing of this Complaint to final judgment.

Subclass Two:

All current and former "Technology Managers," or persons with similar titles and/or similar job duties, who worked for Circuit City in the State of California at any time during the period from four years prior to the filing of this Complaint to final judgment.

Subclass Three:

All current and former "Service & Installation Managers," (also referred to internally as "Road Shop Managers") or persons with similar titles and/or similar job duties, who worked for Circuit City in the State of California at any time during the period from four years prior to the filing of this Complaint to final judgment.

6

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Subclass Four:

All current and former "Sales Managers," or persons with similar titles and/or similar job duties, who worked for Circuit City in the State of California at any time during the period from four years prior to the filing of this Complaint to final judgment.

Subclass Five:

All current and former "Operations Managers," or persons with similar titles and/or similar job duties, who worked for Circuit City in the State of California at any time during the period from four years prior to the filing of this Complaint to final judgment.

36.   Plaintiffs reserve the right to establish other subclasses as appropriate.

37.   There class is ascertainable and there is a well-defined community of interest in the litigation:

a.   The class members are so numerous that joinder of all class members is not impracticable. The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be substantially greater than four-hundred (400) individuals and the identity of such membership is readily ascertainable by inspection of Circuit City employment records.

b.   Plaintiffs' claims are typical of all other class members' as demonstrated herein. Plaintiffs will fairly and adequately protect the interests of the class members with whom they have a well defined community of interest.

c.   Plaintiffs will fairly and adequately protect the interests of each class member, with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiffs have no interest that is antagonistic to the other class members. Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiffs have incurred, and during the pendency of this action will continue to incur, costs and

7

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1   attorneys' fees, that have been, are, and will be necessarily expended for the

2   prosecution of this action for the substantial benefit of each class member.

3   d.  A class action is superior to other available methods for the fair and efficient

4   adjudication of this litigation because individual joinder of all damages class

5   members is impractical.  This case involves one large corporate employer (Circuit

6   City) and a large number of individual employees (Plaintiffs and the other class

7   members) with many relatively small claims with common issues of law and fact.  If

8   each employee were required to file an individual lawsuit, the corporate employer

9   would necessarily gain an unconscionable advantage since it would be able to

10  exploit and overwhelm the limited resources of each individual class member with

11  its vastly superior financial and legal resources.  Requiring each class member to

12  pursue an individual remedy would also discourage the assertion of lawful claims by

13  employees who would be disinclined to pursue an action against their present

14  and/or former employer for a justifiable fear of retaliation and permanent damage

15  to their careers at present and/or subsequent employment.  Proof of a common

16  business practice or factual pattern, of which the named Plaintiffs experienced, that

17  is representative of the class mentioned herein, will establish the right of each class

18  member to recovery on the causes of action alleged herein.  Class action will

19  achieve economies of time, effort, and expense as compared with separate lawsuits,

20  and avoid inconsistent outcomes because the same issues can be adjudicated in the

21  same manner for the entire class.

22  e.  Public Policy Considerations:  Employers of this great state violate employment and

23  labor laws every day.  Current employees are often afraid to assert their rights out

24  of fear of direct or indirect retaliation.  Former employees are fearful of bringing

25  actions because they believe their former employers can damage their future

26  endeavors through negative references and other means.  Class actions provide the

27  class members who are not named in the complaint with a type of anonymity that

28  allows for the vindication of their rights.

8

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

38. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exists as to the members of the class:

   a. Whether Defendants required Plaintiffs and the other class members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hour per week and failed to pay the legally required overtime compensation to Plaintiffs and the other class members;

   b. Whether Defendants deprived Plaintiffs and the other class members of meal periods or required Plaintiffs and the class members to work during meal periods without compensation;

   c. Whether Defendants failed to promptly pay all wages due to Plaintiffs and the other class members upon their discharge or resignation;

   d. Whether Defendants deprived Plaintiffs and the other class members of rest periods or required Plaintiff and the class members to work during rest periods without compensation;

   e. Whether Defendants failed to pay all wages due to Plaintiffs and the other class members within the required time upon their discharge or resignation;

   f. Whether Defendants complied with wage reporting as required by the California Labor Code; including but not limited to § 226;

   g. Whether Defendants complied with the notice posting requirements under California Labor Code § 207;

   h. Whether Defendants failed to reimburse Plaintiffs and the other class members for necessary business related expenses and costs.

   i. Whether Defendants' conduct was willful or reckless;

   j. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code §§ 17200, et seq.; and

9

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

k. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law.

### FIRST CAUSE OF ACTION

### (Violation of California Labor Code § 510 and 1198)

### (Against CIRCUIT CITY and DOES 1 through 100)

39. Plaintiffs incorporates by reference the allegations contained in paragraphs 1 through 38, and each and every part thereof with the same force and effect as though fully set forth herein.

40. Pursuant to California Labor Code § 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order, it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

41. Pursuant to California Labor Code § 1198, the maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

42. Pursuant to the applicable IWC Wage Order, Defendants are and were required to pay Plaintiffs and the other class members at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

43. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiffs and the other class members overtime compensation at a rate of two times her regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

44. Pursuant to California Labor Code § 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight

10

1    hours worked on the seventh day of work in any one workweek shall be

2    compensated at the rate of no less than one and one-half times the regular rate of

3    pay for an employee. Any work in excess of 12 hours in one day shall be

4    compensated at the rate of no less than twice the regular rate of pay for an

5    employee. In addition, any work in excess of eight hours on any seventh day of a

6    workweek shall be compensated at the rate of no less than twice the regular rate of

7    pay of an employee.

8    45.    Pursuant to California Labor Code § 510, Plaintiffs and the other class members are

9          entitled to overtime compensation at one-and-one-half times the regular hourly

10         rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a

11         week or for the first eight (8) hours worked on the seventh day of work, and to

12         overtime compensation at twice the regular hourly rate for hours worked in excess

13         of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh

14         day of work.

15   46.    During the relevant time period, Plaintiffs and the other class members regularly

16         and/or consistently worked in excess of eight (8) hours in a day.

17   47.    During the relevant time period, Plaintiffs and the other class members regularly

18         and/or consistently worked in excess of twelve (12) hours in a day.

19   48.    During the relevant time period, Plaintiffs and the other class members regularly

20         and/or consistently worked in excess of forty (40) hours in a week.

21   49.    During the relevant time period, Defendants intentionally and willfully failed to pay

22         overtime wages owed to Plaintiffs and the other class members.

23   50.    Defendants' failure to pay Plaintiffs and the other class members overtime

24         compensation, as required by California laws, violates the provisions of California

25         Labor Code §§ 510 and 1198, and is therefore unlawful.

26   51.    Pursuant to California Labor Code § 1194(a), notwithstanding any agreement to

27         work for a lesser wage, any employee receiving less than the legal minimum wage

28         or the legal overtime compensation applicable to the employee is entitled to

11

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1 recover in a civil action the unpaid balance of the full amount of this minimum wage

2 or overtime compensation, including interest thereon, reasonable attorney's fees,

3 and costs of suit.

4 52. Pursuant to California Labor Code § 1194, Plaintiffs and the other class members are

5 entitled to recover unpaid overtime compensation, as well as interest, costs, and

6 attorneys' fees.

7 53. Plaintiffs are informed and believe, and based thereon allege, that Defendants are

8 guilty of oppression, fraud, or malice, thereby warranting an award of punitive

9 damages against Defendants for the sake of example, and to punish Defendants and

10 deter others from engaging in similar misconduct.

11 <center>**SECOND CAUSE OF ACTION**</center>

12 <center>**(Violation of California Labor Code §§ 226.7 and 512(a))**</center>

13 <center>**(Against CIRCUIT CITY and DOES 1 through 100)**</center>

14 54. Plaintiffs incorporates by reference the allegations contained in paragraphs 1

15 through 53, and each and every part thereof with the same force and effect as

16 though fully set forth herein.

17 55. At all times herein mentioned, the Industrial Welfare Commission Order and

18 California Labor Code §§ 226.7 and 512(a) were applicable to Plaintiffs' and the

19 other class members' employment by Defendants.

20 56. Pursuant to California Labor Code § 226.7, no employer shall require any employee

21 to work during any meal or rest period mandated by an applicable order of the

22 Industrial Welfare Commission.

23 57. Pursuant to California Labor Code § 512(a), an employer may not employ an

24 employee for a work period of more than five hours per day without providing the

25 employee with a meal period of not less than 30 minutes, except that if the total

26 work period per day of the employee is no more than six hours, the meal period

27 may be waived by mutual consent of both the employer and employee.

28

12

<center>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL</center>

58. Pursuant to California Labor Code § 512(a), an employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

59. During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for a period of time in excess of six (6) hours, and were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

60. During the relevant time period, Plaintiffs and the other class members who were scheduled to work in excess of ten (10) hours but not longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent were required to work in excess of ten (10) hours without receiving a second uninterrupted meal period of not less than thirty (30) minutes.

61. During the relevant time period, Plaintiffs and the other class members were scheduled to work for a period of time in excess of twelve (12) hours was required to work for periods longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes.

62. During the relevant time period, Defendants intentionally and willfully required Plaintiffs and the other class members to work during meal periods and failed to pay Plaintiffs and the other class members the full meal period premium for work performed during meal periods.

63. Defendants' conduct violates applicable Industrial Welfare Commission Wage Orders, and California Labor Code §§ 226.7 and 512(a).

64. Pursuant to California Labor Code § 226.7(b), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the

13

1      employee's regular rate of compensation for each work day that the meal or rest

2      period is not provided.

3   65.    Plaintiffs are informed and believe, and based thereon allege, that Defendants are

4      guilty of oppression, fraud, or malice, thereby warranting an award of punitive

5      damages against Defendants for the sake of example, and to punish Defendant and

6      deter others from engaging in similar misconduct.

7 <div align="center">**THIRD CAUSE OF ACTION**</div>

8 <div align="center">(Violation of <u>California Labor Code</u> §§ 226.7)</div>

9 <div align="center">(Against CIRCUIT CITY and DOES 1 through 100)</div>

10   66.    Plaintiffs incorporates by reference the allegations contained in paragraphs 1

11      through 65, and each and every part thereof with the same force and effect as

12      though fully set forth herein.

13   67.    At all times herein set forth, the California Industrial Welfare Commission Order and

14      <u>California Labor Code</u> § 226.7 was applicable to Plaintiffs' and the other class

15      members' employment by Defendants.

16   68.    Pursuant to <u>California Labor Code</u> § 226.7, no employer shall require an employee

17      to work during any rest period mandated by an applicable order of the California

18      Industrial Welfare Commission.

19   69.    During the relevant time period, Defendants required Plaintiffs and the other class

20      members of the class to work in excess of four (4) hours without providing them a

21      second ten (10) minute rest period.

22   70.    During the relevant time period, Defendants required Plaintiffs and the other class

23      members to work an additional four (4) hours without providing a second ten (10)

24      minute rest period.

25   71.    During the relevant time period, Defendants willfully required Plaintiffs and the

26      other class members to work during rest periods and failed to pay Plaintiffs and the

27      other class members the full rest period premium for work performed during rest

28      periods.

14

<div align="center">CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL</div>

72. Defendants' conduct violates applicable Industrial Welfare Commission Wage Orders, and California Labor Code § 226.7.

73. Pursuant to California Labor Code § 226.7(b), Plaintiffs and the other class members of the class are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

74. Plaintiffs are informed and believe, and based thereon allege, that Defendants are guilty of oppression, fraud, or malice, thereby warranting an award of punitive damages against Defendants for the sake of example, and to punish Defendants and deter other from engaging in similar misconduct.

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code § 204)**

**(Against CIRCUIT CITY and DOES 1 through 100)**

75. Plaintiffs incorporates by reference the allegations contained in paragraphs 1 through 74, and each and every part thereof with the same force and effect as though fully set forth herein.

76. Pursuant to California Labor Code § 204(b)(1), all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

77. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and the other class members the overtime and/or regular wages due to them, within any time period permissible under California Labor Code § 204.

**FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 201 and 202)**

**(Against CIRCUIT CITY and DOES 1 through 100)**

78. Plaintiffs incorporates by reference the allegations contained in paragraphs 1 through 77, and each and every part thereof with the same force and effect as though fully set forth herein.

15

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

79. Pursuant to <u>California Labor Code</u> §§ 201 and 202, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two 72 hours thereafter, unless the employee has given seventy-two 72 hours notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

80. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and the other class members their wages, earned and unpaid, within seventy-two (72) hours of Plaintiff and the other class members leaving Defendants' employ.

81. Defendants' failure to pay Plaintiffs and the other class members their wages, earned and unpaid, within (72) hours of her leaving Defendants' employ, is in violation of <u>California Labor Code</u> §§ 201 and 202.

82. Pursuant to <u>California Labor Code</u> § 203, if an employer willfully fails to pay, without abatement or reduction, in accordance with §§ 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than 30 days.

83. Plaintiffs and the other class members are entitled to recover the statutory penalty for each day they were not paid, at her regular hourly rate of pay, up to thirty (30) days maximum pursuant to <u>California Labor Code</u> § 203.

**SIXTH CAUSE OF ACTION**

**(Violation of <u>California Labor Code</u> § 226(a))**

**(Against CIRCUIT CITY and DOES 1 through 100)**

84. Plaintiffs incorporates by reference the allegations contained in paragraphs 1 through 83, and each and every part thereof with the same force and effect as though fully set forth herein.

16

85. Pursuant to California Labor Code § 226(a), every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

86. Defendants intentionally and willfully failed to provide Plaintiffs and the other class members with complete and accurate wage statements. The deficiencies included one or more of the following: the failure to include the total number of hours worked by Plaintiffs and the other class members, the failure to include the hourly rate, the failure to provide their social security numbers.

87. As a result of Defendants' violation of California Labor Code § 226(a), Plaintiffs and the other class members have suffered injury and damage to their statutorily-protected rights.

88. More specifically, Plaintiffs and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code § 226(a).

17

89. Plaintiffs and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

### SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 1174(d))

### (Against CIRCUIT CITY and DOES 1 through 100)

90. Plaintiffs incorporates by reference the allegations contained in paragraphs 1 through 89, and each and every part thereof with the same force and effect as though fully set forth herein.

91. Pursuant to California Labor Code § 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments . These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

92. Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiffs and the other class members.

93. As a result of Defendants' violation of California Labor Code § 1174(d), Plaintiffs and the other class members have suffered injury and damage to their statutorily-protected rights.

94. More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code § 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code § 1174(d).

18

**EIGHT CAUSE OF ACTION**

(Violation of California Labor Code §§ 2800 and 2802)

(Against CIRCUIT CITY and DOES 1 through 100)

95.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 94, and each and every part thereof with the same force and effect as though fully set forth herein.

96.   Pursuant to California Labor Code § 2800, an employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care.

97.   Pursuant to California Labor Code § 2802(a), an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

98.   Plaintiffs and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, including and without limitations, travel costs, including mileage and gasoline, for required trips that resulted from their employment with Circuit City.

99.   Defendants have intentionally and willfully failed to reimburse Plaintiffs and the class members for necessary business-related expenses and costs.

100.   Plaintiffs and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

///

///

///

19

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**NINTH CAUSE OF ACTION**

(Violation of California Business & Professions Code §§ 17200, et seq.)

(Against CIRCUIT CITY and DOES 1 through 100)

101.  Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 100, and each and every part thereof with the same force and effect as though fully set forth herein.

102.  Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs and the other class members, and Defendants' competitors. Accordingly, Plaintiffs and the other class members seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

103.  Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, et seq.

104.  A violation of California Business & Professions Code §§ 17200, et seq. may be predicated on the violation of any state or federal law. As described herein, Defendants violated California Labor Code §§ 201, 204, 207, 226(a), 226.7, 510, 1174(d) and 1198, 2800, and 2802.

105.  As a result the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

106.  Plaintiffs and the other class members have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged herein.

107.  Pursuant to California Business & Professions Code §§ 17200, et seq., Plaintiffs and the other class members are entitled to restitution of the wages wrongfully withheld and retained by Defendants; a permanent injunction requiring Defendants to comply with California wage law, including but not limited to California Labor Code and applicable Wage Orders. In addition, Plaintiffs and the other class

20

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

members are entitled to an award of attorneys' fees and costs pursuant to

California Code of Civil Procedure § 1021.5 and other applicable laws.

## TENTH CAUSE OF ACTION

### (Request for Declaratory Relief)

### (Against CIRCUIT CITY and DOES 1 through 100)

108.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1

through 107, and each and every part thereof with the same force and effect as

though fully set forth herein.

109.    Plaintiffs and the other class members seek entry of a declaratory judgment against

Defendants and in Plaintiffs' favor which declares Defendants' practices as

heretofore alleged to be unlawful, and which provided for recovery of all sums

determined by this Court to be owed by Defendants to Plaintiffs and the other class

members.

## ELEVENTH CAUSE OF ACTION

### (Request for an Accounting)

### (Against CIRCUIT CITY and DOES 1 through 100)

110.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1

through 109, and each and every part thereof with the same force and effect as

though fully set forth herein.

111.    Plaintiffs and the other class members are owed wages which equal the sum of the

overtime compensation, and premium pay not paid by Defendants to Plaintiffs and

the other class members, statutory interest on such compensation, and each of

them, and waiting time penalties owed to members of the Plaintiff class whose

employment terminated.

112.    Plaintiffs do not know the precise amount of compensation due to Plaintiffs and to

of the other class members.  Upon information and belief, Plaintiffs allege that

Defendants, and each of them, possess records from which the amount of

21

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1       compensation due and owing to each member of the Plaintiff class can be

2       determined.

3   113.   Because Defendants alone possess records from which the amount of compensation

4       due and owing to each member of the PlaintiffS class, there is no adequate remedy

5       at law and an accounting is necessary.

6                          TWELFTH CAUSE OF ACTION

7                          (Request for Injunctive Relief)

8                      (Against CIRCUIT CITY and DOES 1 through 100)

9   114.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1

10       through 113, and each and every part thereof with the same force and effect as

11       though fully set forth herein.

12   115.   Defendants have the policies heretofore alleged, and threaten to apply said policies,

13       to all class members who are currently employed by Defendants, including

14       Defendants' failure to pay overtime compensation in violation of <u>Labor Code</u>

15       § 1194, Defendants' failure to provide premium pay for meal and/or rest periods

16       worked in violation of <u>Labor Code</u> § 226.7, and Defendants' failure to pay

17       compensation at the time of termination in violation of <u>Labor Code</u> §§ 201-203.

18   116.   Said class members have been injured and damaged and are threatened with

19       further injury and damage by Defendants' continuing unlawful refusal to pay all

20       overtime and premium pay owed. Plaintiffs and the other class members are

21       threatened with reasonably probable and immediate irreparable harm.

22   117.   Defendants have acted, and threaten to act, on grounds generally applicable to said

23       members of the class, thereby making appropriate preliminary and permanent

24       injunctive relief enjoining Defendants and their agents from continuing the unlawful

25       practices heretofore alleged.

26   ///

27   ///

28   ///

                                                                        22

**PRAYER FOR RELIEF**

WHEEFORE, Plaintiffs, individually and on behalf of all other members of the general public similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

<u>Class Certification</u>

1. That this action be certified as a class action;

2. That Plaintiffs be appointed as the representative of the class;

3. That counsel for Plaintiffs be appointed as class counsel;

4. That Defendants provide to class counsel, immediately upon its appointment, the names and most current contact information (address and telephone numbers) of all class members.

<u>As to the First Cause of Action</u>

5. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

6. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

7. For the imposition of civil penalties and/or statutory penalties;

8. For punitive damages and/or exemplary damages according to proof at trial;

9. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code § 1194; and

10. For such other and further relief as the court may deem just and proper.

<u>As to the Second Cause of Action</u>

11. For all actual, consequential, and incidental losses and damages, according to proof;

12. For wages pursuant to California Labor Code § 226.7(b);

13. For the imposition of civil penalties and/or statutory penalties;

14. For punitive damages and/or exemplary damages according to proof at trial;

15. For reasonable attorneys' fees and costs of suit incurred herein; and

16. For such other and further relief as the court may deem just and proper.

23

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### As to the Third Cause of Action

17.  For all actual, consequential, and incidental losses and damages, according to proof;

18.  For wages pursuant to California Labor Code § 226.7(b);

19.  For punitive damages and/or exemplary damages according to proof at trial;

20.  For reasonable attorneys' fees and costs of suit incurred herein; and

21.  For such other and further relief as the court may deem just and proper.

### As to the Fourth Cause of Action

22.  For actual, consequential and incidental losses and damages, according to proof;

23.  For pre-judgment interest on any untimely paid compensation, from the sate such amount were due;

24.  For punitive damages and/or exemplary damages according to proof at trial;

25.  For reasonable attorneys' fees and costs of suit incurred herein; and

26.  For such other and further relief as the court may deem just and proper.

### As to the Fifth Cause of Action

27.  For actual, consequential and incidental losses and damages, according to proof;

28.  For statutory penalties pursuant to California Labor Code § 203 for Plaintiff and all other class members who have left Defendants' employ;

29.  For reasonable attorneys' fees and costs of suit incurred herein; and

30.  For such other and further relief as the court may deem just and proper.

### As to the Sixth Cause of Action

31.  For actual, consequential and incidental losses and damages, according to proof;

32.  For statutory penalties pursuant to California Labor Code §§ 226(e);

33.  For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g);

34.  For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code § 226(e); and

35.  For such other and further relief as the court may deem just and proper.

24

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1                                        As to the Seventh Cause of Action

2   36.    For actual, consequential and incidental losses and damages, according to proof;

3   37.    For statutory penalties pursuant to <u>California Labor Code</u> §§ 1174.5;

4   38.    For punitive damages and/or exemplary damages according to proof at trial;

5   39.    For reasonable attorneys' fees and costs of suit incurred herein; and

6   40.    For such other and further relief as the court may deem just and proper.

7                                        As to the Eight Cause of Action

8   41.    For actual, consequential and incidental losses and damages, according to proof;

9   42.    For the imposition of civil penalties and/or statutory penalties;

10  43.    For punitive damages and/or exemplary damages according to proof at trial;

11  44.    For reasonable attorneys' fees and costs of suit incurred herein; and

12  45.    For such other and further relief as the court may deem just and proper.

13                                       As to the Ninth Cause of Action

14  46.    For restitution of unpaid wages to Plaintiff and the other class members and

15         prejudgment interest from the day such amount were due and payable;

16  47.    For the appointment of a receiver to receive, manage and distribute any and all

17         funds disgorged from Defendants and determined to have been wrongfully

18         acquired by Defendants as a result of violation of <u>California Business & Professions</u>

19         <u>Code</u> §§ 17200, <u>et seq.</u>;

20  48.    For reasonable attorneys' fees and costs of suit incurred herein that Plaintiffs and

21         the other class members are entitled to recover under <u>California Code of Civil</u>

22         <u>Procedure</u> § 1021.5;

23  49.    For injunctive relief to ensure compliance with this section, pursuant to <u>California</u>

24         <u>Business & Professions Code</u> § 17200, <u>et seq.</u>; and

25  50.    For such other and further relief as the court may deem just and proper.

26  ///

27  ///

28  ///

                                                                                                    25

                        CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

### As to the Tenth Cause of Action

2   51.    For declaratory judgment;

3   52.    For reasonable attorneys' fees and costs of suit incurred herein; and

4   53.    For such other and further relief as the court may deem just and proper.

5

### As to the Eleventh Cause of Action

6   54.    For an accounting;

7   55.    For reasonable attorneys' fees and costs of suit incurred herein; and

8   56.    For such other and further relief as the court may deem just and proper.

9

### As to the Twelfth Cause of Action

10   57.    For preliminary and permanent injunctive relief;

11   58.    For reasonable attorneys' fees and costs of suit incurred herein; and

12   59.    For such other and further relief as the court may deem just and proper.

13   Dated: December 19, 2008              **THE AIWAZIAN LAW FIRM**

14

15                                        BY: _Edwin Aiwazian_

16                                             Edwin Aiwazian

17                                             *Attorneys for* Plaintiffs and the Putative Class

18

19

20

21

22

23

24

25

26

27

28

26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Plaintiffs, individually and on behalf of the members of the public similarly situated, hereby demand a trial by a jury.

Dated: December 19, 2008                    THE AIWAZIAN LAW FIRM

BY: _Edwin Aiwazian_

Edwin Aiwazian

*Attorneys for* Plaintiffs and the Putative Class

27

# EXHIBIT 6

ORIGINAL

Case 08-35653-KRH Doc 3082-1 Filed 02/26/31/15 Entered 02/03/31/10 10:25:12 Desc Main
B 10 (Official Form 10) (Exhibit(s) Declaration of Michael Righetti of 64 Page 90 of 105

| UNITED STATES BANKRUPTCY COURT | Eastern District of Virginia | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>Circuit City Stores West Coast, Inc. | Case Number:<br>08-35654 (KRH) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Jonathan Card and all those similarly situated | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>C/o Righetti Law Firm, P.C., Matthew Righetti<br>456 Montgomery Street, Suite 1400<br>San Francisco, CA 94104<br>Telephone number:<br>(415) 983-0900 | Court Claim Number: N/A<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br>See above.<br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| 1. Amount of Claim as of Date Case Filed:    $     21,728,213.00 | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| 2. Basis for Claim: ___See Exhibit A attached.___<br>(See instruction #2 on reverse side.) | ☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| 3. Last four digits of any number by which creditor identifies debtor: _____<br><br>3a. Debtor may have scheduled account as: _____<br>(See instruction #3a on reverse side.) | |
| 4. Secured Claim (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other<br>Describe:<br><br>Value of Property:$_____ Annual Interest Rate___%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____ Basis for perfection: _____<br><br>Amount of Secured Claim: $_____ Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___). |
| 7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | Amount entitled to priority:<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| | | |
|---|---|---|
| Date:<br>01/12/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY<br>RECEIVED<br>JAN 1 3 2009<br>KURTZMAN CARSON CONSULTANTS |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return



0835654090110300000000002

# EXHIBIT A

IN THE UNIETD STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------------------x
In re:                                          :
                                                :       Chapter 11
CIRCUIT CITY STORES, INC., et al.               :       Case No. 08-35654
                                                :
            Debtors                             :       Jointly Administered with
                                                :       Case No. 08-35653
---------------------------------------------------x

### EXHIBIT A TO PROOF OF CLAIM

The Card v. Circuit City, Inc. was filed on November 3, 2008, in the San Diego Superior Court, Case No. 37-2008-00095260-CU-OE-CTL. The case covers all California based salaried store assistant managers 1) who worked at any time during the four years preceding the filing of the Complaint up until the date of class certification at any of the stores in the State of California owned, operated and/or acquired by Defendants. Mr. Card alleged that Defendant had wrongfully classified all Sales Managers as employees that were exempt from overtime compensation, and had illegally failed to pay overtime and to provide meal periods and rest breaks to them. The dates of November 3, 2004, through November 10, 2008, were used to calculate the unpaid overtime. Mr. Card held the position of Assistant Manager.

To calculate the value of the Card v. Circuit City action the following formula was used:

Hourly rate $24.03
x 1.5 (time and a half)
= $36.04
x Overtime hours of 25 hours per week
= $901.12
x work weeks (210)
=$189,236.25
x the number of Circuit City, Inc. Stores (72 Stores)
=$13,625,010.00

///

1

EXHIBIT A TO PROOF OF CLAIM

To calculate the waiting time penalties for the Card action the following formula was used:

Hourly rate ($24.03)
x Hours per day  (8)
x 30 Days
= $5,767.20
x # of employees employed at Circuit City, Inc. Stores (764)[*]
=$4,406,140.80


Attorneys Fees
20% of Overtime and Waiting Time Totals
=$3,697,063.20

**Totals of Overtime, Waiting Time Penalties and Costs: $21,728,213.00**

---

[*] This figure for the Card action was arrived at by using the number of Sales Manager Positions in the Hernandez case.

EXHIBIT A TO PROOF OF CLAIM

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT  Eastern District of Virginia | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Circuit City Stores, Inc. | Case Number: 08-35653 KRH |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property): Joseph Skaf and all those similarly situated | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent: C/o The Aiwazian Law Firm, Edwin Aiwazian 330 Arden Avenue, Suite 205 Glendale, CA 91203 Telephone number: (818) 265-1020 | Court Claim Number: N/A _____ *(if known)* Filed on:_____ |
| Name and address where payment should be sent (if different from above): C/o The Aiwazian Law Firm, Edwin Aiwazian 330 Arden Avenue, Suite 205 Glendale, CA 91203 Telephone number: (818) 265-1020 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. ☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| 1. Amount of Claim as of Date Case Filed:          $                 95,501,550.00 | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. ☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | Specify the priority of the claim. ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| 2. Basis for Claim:    See Exhibit A attached. (See instruction #2 on reverse side.) | ☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| 3. Last four digits of any number by which creditor identifies debtor: _____ 3a. Debtor may have scheduled account as: _____ (See instruction #3a on reverse side.) | |
| 4. Secured Claim (See instruction #4 on reverse side.) Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other Describe: Value of Property:$_____ Annual Interest Rate___% Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____   Basis for perfection: _____ Amount of Secured Claim: $_____ Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5). ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7). ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| 7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.) DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. If the documents are not available, please explain: | Amount entitled to priority: $_____ *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| | | |
|---|---|---|
| Date: 01/29/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.    *Edwin Aiwazian* | FOR COURT USE ONLY RECEIVED JAN 30 2009 KURTZMAN CARSON CONSULTANTS |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



0835653090130000000000986

**UNITED STATES BANKRUPTCY COURT**
**ESTARN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| CIRCUIT CITY STORES, INC. et al., | ) | |
| Debtors. | ) | Case No. 08-35653 |
| | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | |

## BASIS FOR CLAIM

On December 19, 2008, Joseph Skaf, Miguel Perez, and Gustavo Garcia filed a class action lawsuit against Circuit City Stores, Inc. in the Los Angeles Superior Court, Case No. BC 404195. This class action lawsuit is on behalf of all California-based salaried "Entertainment Managers," "Technology Managers," "Service & Installation Managers," "Sales Managers," and "Operations Managers" who worked at any time during the four years preceding the filing of the Complaint up until the date of final judgment at any of the stores in the State of California owned, operated, and/or acquired by Defendant Circuit City Stores, Inc.

Defendant employed Mr. Skaf as "Entertainment Manager" from approximately February 2002 to approximately March 2005, as "Technology Manager" from approximately March 2005 to approximately January 2006, and as "Sales Manager" from approximately January 2006 to approximately May 2007. Defendant employed Mr. Perez as "Service and Installation Manager" from approximately June 1998 to approximately January 2007 and as "Operations Manager" from approximately January 2007 to approximately January 2008. Defendant employed Mr. Garcia as "Service and Installation Manager" from approximately August 2000 to approximately June 2006.

The lawsuit alleges, among other things, the following: Defendant (1) failed to pay Mr. Skaf, and others similarly situated, overtime wages; (2) failed to provide Mr. Skaf, and

1 | P a g e

others similarly situated, meal and rest periods; (3) failed to timely pay their wages; (4) failed to furnish Mr. Skaf, and others similarly situated, complete and accurate wage statements; and (5) failed to reimburse Mr. Skaf, and others similarly situated, business-related expenses and costs.

The representative Plaintiffs' approximate ending salary was $46,000 and they each worked 12-15 hour days, 6-7 days a week. To calculate the value of the Skaf vs. Circuit City, Inc. action, the following formula was used:

Overtime:

    Hourly rate ($22.11) x 1.5 (time and a half) = $33.16

    x Overtime hours of 30 hours per week = $994.80

    x Work weeks (208) = $206,918.40

    x Number of class members (350) = $72,421,440.00

Waiting Time Penalties:

    Hourly rate ($22.11) x Hours per day (8) = $176.88

    x 30 days = $5,306.40

    x Number of employees employed at the California Circuit City Stores, Inc. stores (750)

    = $3,979,800.00

Attorneys Fees:

    25% of Overtime and Waiting Time Totals = $19,100,310.00

**Overtime + Waiting Time Penalties + Attorneys Fees = $95,501,550.00**

# EXHIBIT 7

**Matt Righetti**

| | |
|---|---|
| **From:** | Baker, Sarah K [Sarah.Baker@skadden.com] |
| **Sent:** | Friday, October 02, 2009 10:01 AM |
| **To:** | Matt Righetti |
| **Subject:** | FW: In re Circuit City Stores, Inc., et al., Case No. 08-35653 |

Matt,

I was wondering whether you've had a chance to review the below?

---

**From:** Baker, Sarah K (CHI)
**Sent:** Tuesday, September 29, 2009 11:21 AM
**To:** 'Matt@righettilaw.com'
**Subject:** In re Circuit City Stores, Inc., et al., Case No. 08-35653

Matt:

As you know, this firm serves as general bankruptcy counsel to Circuit City Stores, Inc. ("Circuit City") and certain of its subsidiaries, debtors and debtors in possession (collectively, the "Debtors") in the above-referenced chapter 11 bankruptcy cases pending before the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").

I've reviewed Debtors' Forty-Fourth Omnibus Objection to Claims (Disallowance of Certain Duplicate Claims) (the "Objection") and proofs of claim filed on behalf of your clients, Jonathan Card and the alleged class of claimants similarly situated, against Circuit City Stores, Inc. and Circuit City West Coast, Inc.

You are correct that proofs of claim 13737 and 13738 do not appear duplicative of one another as they were filed against two different Debtors. However, proof of claim 14263 is duplicative of claim 13738 and claim 14178 is duplicative of claim 13737.

The Debtors propose to revise the final version of the Order to the Objection before it is entered as follows:
1. Claim 14263 will be disallowed. Claim 13738 will be the surviving claim.

2. Claim 14178 will be disallowed. Claim 13737 will be the surviving claim.

Because this was not a substantive objection, claims 13738 and 13737 will survive as filed, that is, as administrative claims in an unliquidated amount. The Debtors would also reserve their rights to object to the surviving claims on any grounds bankruptcy law and non-bankruptcy law permits, as set forth in the Objection.

Please let me know whether this proposal is acceptable.

Regards,

**Sarah K. Baker**
**Associate**
**Corporate Restructuring**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**155 North Wacker Drive | Chicago | Illinois | 60606-1720**
**T: 312.407.0633 | F: 312.827.9467**
sarah.baker@skadden.com

--------------------------------------------------------------------------
**************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
**************************************************
**************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
**************************************************
==========================================================================

**Matt Righetti**

| | |
|---|---|
| **From:** | Baker, Sarah K [Sarah.Baker@skadden.com] |
| **Sent:** | Friday, July 10, 2009 11:46 AM |
| **To:** | Erin Winters |
| **Cc:** | Matt Righetti |
| **Subject:** | RE: In re: Circuit City Stores, Inc. (Case No. 08-35653)(EDVA) |

Erin & Matt -

Your summary of our initial conversation was correct. When I looked back on my notes, I realized that we intentionally left the hearing date open.

I apologize for any confusion. The Hernandez response will be placed in a separate category until such time as the parties have had an opportunity to fully review the issues.

Sarah
**Sarah K. Baker**
**Associate**
**Corporate Restructuring**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**155 North Wacker Drive | Chicago | Illinois | 60606-1720**
**T: 312.407.0633 | F: 312.827.9467**
**sarah.baker@skadden.com**

Skadden

---

**From:** Erin Winters [mailto:Erin@righettilaw.com]
**Sent:** Friday, July 10, 2009 1:26 PM
**To:** Baker, Sarah K (CHI)
**Cc:** Matt Righetti
**Subject:** RE: In re: Circuit City Stores, Inc. (Case No. 08-35653)(EDVA)

Sarah –

After Debtors agreed to adjourn their objection to give Creditor Hernandez a chance to file a preliminary response, it was our understanding that the Debtors would be back in touch with our office to discuss the next steps for the response. Specifically, after Creditor Hernandez's filing of a preliminary response, Debtors would place Creditor Hernandez's response in a "separate category" of responses and then the parties would discuss how to further handle Debtors' objection.

Based on your email below (July 2, 2009), Creditor Hernandez's recently filed response was not intended to be a full discussion of the issues regarding the objection – instead if was a "Preliminary Response".

We will agree to set a hearing date; however, in conjunction with this date we believe that we should set a briefing schedule allowing Debtors to address Creditor Hernandez's response and then to allow Creditor Hernandez to respond to Debtors.

Erin Winters
Righetti Law Firm, P.C.
456 Montgomery St., Ste. 1400
San Francisco, CA 94104

Telephone:   (415) 983-0900
Facsimile:   (415) 397-9005

**From:** Baker, Sarah K [mailto:Sarah.Baker@skadden.com]
**Sent:** Friday, July 10, 2009 10:31 AM
**To:** Erin Winters
**Subject:** RE: In re: Circuit City Stores, Inc. (Case No. 08-35653)(EDVA)

Erin,

How does the August 27th hearing date sound for Hernandez ?

---

**From:** Erin Winters [mailto:Erin@righettilaw.com]
**Sent:** Wednesday, July 08, 2009 4:14 PM
**To:** Baker, Sarah K (CHI)
**Subject:** RE: In re: Circuit City Stores, Inc. (Case No. 08-35653)(EDVA)

Sarah - Why was Hernandez's 6045 claim objected to in the Nineteenth Objection re Claims Reclassification but not his 6049 claim? Is this because of the duplicate claim issue from the Tenth Omnibus objection?

-Erin

Erin Winters
Righetti Law Firm, P.C.
456 Montgomery St., Ste. 1400
San Francisco, CA 94104

Telephone:   (415) 983-0900
Facsimile:   (415) 397-9005

---

**From:** Baker, Sarah K [mailto:Sarah.Baker@skadden.com]
**Sent:** Thursday, July 02, 2009 3:01 PM
**To:** Erin Winters
**Subject:** RE: In re: Circuit City Stores, Inc. (Case No. 08-35653)(EDVA)

Based on the claims registry, proofs of claim 6047 (Card), 6049 (Hernandez), and 6052 (Gentry) were all objected to in Debtors' 10th omnibus objection to claims on the grounds that they are duplicative. I've attached the objection for your convenience.

Sarah

---

**From:** Erin Winters [mailto:Erin@righettilaw.com]
**Sent:** Thursday, July 02, 2009 4:35 PM
**To:** Baker, Sarah K (CHI)
**Subject:** RE: In re: Circuit City Stores, Inc. (Case No. 08-35653)(EDVA)

Thank you.

You also mentioned on the phone that Card was objected to as a duplicate claim. Do you have the motion or docket number for this objection? Also, have there been objections on the same ground in the Gentry (6039 & 6052), Hernandez (6049 & 6045), or Skaf (8717) cases?

Erin Winters
Righetti Law Firm, P.C.
456 Montgomery St., Ste. 1400
San Francisco, CA 94104

Telephone:   (415) 983-0900
Facsimile:   (415) 397-9005

---

**From:** Baker, Sarah K [mailto:Sarah.Baker@skadden.com]
**Sent:** Thursday, July 02, 2009 2:31 PM
**To:** Erin Winters
**Subject:** RE: In re: Circuit City Stores, Inc. (Case No. 08-35653)(EDVA)

Skaf is on the claims registry at number 8717.  It was not objected to as part of the Debtors' 19th Omnibus
Objection.

---

**From:** Erin Winters [mailto:Erin@righettilaw.com]
**Sent:** Thursday, July 02, 2009 4:22 PM
**To:** Baker, Sarah K (CHI)
**Subject:** RE: In re: Circuit City Stores, Inc. (Case No. 08-35653)(EDVA)

Sarah – The number for Skaf is: 8717

Erin Winters
Righetti Law Firm, P.C.
456 Montgomery St., Ste. 1400
San Francisco, CA 94104

Telephone:   (415) 983-0900
Facsimile:   (415) 397-9005

---

**From:** Baker, Sarah K [mailto:Sarah.Baker@skadden.com]
**Sent:** Thursday, July 02, 2009 2:15 PM
**To:** Erin Winters
**Subject:** RE: In re: Circuit City Stores, Inc. (Case No. 08-35653)(EDVA)

Can you provide me with the proof of claim numbers for those?

---

**From:** Erin Winters [mailto:Erin@righettilaw.com]
**Sent:** Thursday, July 02, 2009 4:00 PM
**To:** Baker, Sarah K (CHI)
**Subject:** FW: In re: Circuit City Stores, Inc. (Case No. 08-35653)(EDVA)

Sarah –

One point of clarification, we received notices regarding Debtor's Nineteenth Objection to Claims for the following cases –
1. Gentry v. Circuit City and 2. Hernandez v. Circuit City.

We also represent Plaintiffs in two additional cases: 1. Skaf v. Circuit City and 2. Card v. Circuit City. Yet, we did not
receive Debtor's motion regarding reclassification of these claims.

Can you confirm that Debtor's motion only applies to the Gentry and Hernandez cases?

-Erin


Erin Winters
Righetti Law Firm, P.C.
456 Montgomery St., Ste. 1400
San Francisco, CA  94104

Telephone:    (415) 983-0900
Facsimile:    (415) 397-9005

---

**From:** Baker, Sarah K [mailto:Sarah.Baker@skadden.com]
**Sent:** Thursday, July 02, 2009 10:30 AM
**To:** Matt Righetti
**Subject:** In re: Circuit City Stores, Inc. (Case No. 08-35653)(EDVA)

Dear Mr. Righetti:

Pursuant to our telephone conversation this morning, with respect to Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims) (Docket No. 3703), the Debtors will agree to adjourn their objection as to your clients upon the filing of a Preliminary Response. The Preliminary Response should include: Creditor's Name and Contact Information, Counsel's Contact Information, Claim No(s)., and a  Summary of the Creditor's Objection.

Please contact me if you have any questions.

**Sarah K. Baker**
**Associate**
**Corporate Restructuring**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**155 North Wacker Drive | Chicago | Illinois | 60606-1720**
**T: 312.407.0633 | F: 312.827.9467**
**sarah.baker@skadden.com**

Skadden

---
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

4

**Matt Righetti**

| | |
|---|---|
| **From:** | Baker, Sarah K [Sarah.Baker@skadden.com] |
| **Sent:** | Tuesday, August 25, 2009 2:00 PM |
| **To:** | Matt Righetti |
| **Subject:** | In re Circuit City Stores, Inc., et al, Jointly Administered (Case No. 08-35653) |
| **Attachments:** | disclosurestatement.pdf |

Matt:

Attached please find the Disclosure Statement with Respect to Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims filed by the Debtors yesterday.

Also, the Debtors will be filling a supplemental order with regards to Debtors' Nineteenth Omnibus Objection to move Gentry (claim no. 6039) to the list of adjourned matters scheduled for hearing on October 15, 2009 at 2:00 p.m.  As a reminder, you will need to file a preliminary response on behalf of Gentry.

Thanks again,

Sarah

**Sarah K. Baker**
**Associate**
**Corporate Restructuring**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**155 North Wacker Drive | Chicago | Illinois | 60606-1720**
**T: 312.407.0633 | F: 312.827.9467**
**sarah.baker@skadden.com**

Skadden

---------------------------------------------------------------------
*****************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
*****************************************************
*****************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.