DAVID M. STERN (CA State Bar No. 67697),
MICHAEL L. TUCHIN (CA State Bar No. 150375), and
KORIN A. ELLIOTT (CA State Bar No. 260363)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Telephone:     (310) 407-4000
Facsimile:     (310) 407-9090

     -and-

WILLIAM A. BROSCIOUS (VA State Bar No. 27436)
KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Richmond, Virginia  23233
Telephone:     (804) 741-0400, ext. 202

Attorneys for Claimant (Claim Nos. 1009, 9681)
PARAMOUNT HOME ENTERTAINMENT INC.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | |
|---|---|
| In re<br><br>CIRCUIT CITY STORES, INC., *et al.*,<br><br>                Debtors. | Case No.:  08-35653-KRH<br>(Jointly Administered)<br><br>Chapter 11 |

**APPELLANT PARAMOUNT HOME ENTERTAINMENT INC.'S**
**STATEMENT OF ISSUES TO BE PRESENTED AND**
**DESIGNATION OF ITEMS TO BE INCLUDED IN RECORD ON APPEAL**

Paramount Home Entertainment Inc. ("<u>Paramount</u>"), by and through its undersigned counsel and pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 8006-1, hereby submits its Statement of Issues to be Presented and Designation of Items to be Included in Record on Appeal relating to its *Notice of Appeal* filed on March 18, 2010 [Docket No. 6900].

# I.
# STATEMENT OF ISSUES

1. Whether the Bankruptcy Court erred in holding that a seller who has served an otherwise valid reclamation demand must take additional action including, at a minimum, seeking and obtaining relief from the automatic stay, in order to be able to enforce its right of reclamation under section 546 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. Whether the Bankruptcy Court erred in holding that after the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") amendments to section 546(c) of the Bankruptcy Code, a reclamation seller may be granted an administrative expense claim only if (a) it satisfies section 503(b)(9) of the Bankruptcy Code or (b) it establishes a benefit to the estate so that the claim would qualify as an administrative expense under section 503(b)(1) of the Bankruptcy Code.

3. Whether the Bankruptcy Court erred in holding that Paramount's reclamation demand had to be "denied" by the Bankruptcy Court in order for Paramount to be entitled to relief.

4. Whether the Bankruptcy Court erred in holding that the reclamation demand served by Paramount on the Debtors was never "denied" by the Bankruptcy Court despite the fact that (a) the court approved reclamation procedures which provided that, if the Debtors did not give notice to the claimant of the allowed amount of the reclamation demand by March 10, 2009, the demand was deemed rejected and (b) Paramount received no such notice from the Debtors or otherwise of an allowed amount.

5. Whether the Bankruptcy Court erred in holding that compliance with the reclamation procedures ordered by the Bankruptcy Court gave Paramount nothing more than an unenforced right to reclaim goods.

6. Whether the Bankruptcy Court erred in holding that a reclamation claim is rendered valueless as anything other than a general unsecured, non-priority claim at the commencement of a case when a pre-petition lender has a floating blanket lien on the

2

debtor's inventory and the amount owed to the pre-petition lender on the petition date exceeds the amount of the reclamation claim.

7. Whether the Bankruptcy Court erred in holding that any interest Paramount may have had in the goods subject to its right of reclamation, despite the existence of the pre-petition floating blanket lien, was extinguished when the Debtors refinanced their pre-petition debt and entered into a post-petition, debtor-in-possession, secured financing facility (the "DIP Facility") because the goods were "used" as collateral even if the Debtors were still in possession of all of the goods subject to Paramount's right of reclamation.

8. Whether the Bankruptcy Court erred in holding that, even if Paramount's right of reclamation was not rendered valueless as a result of the pre-petition floating blanket lien or the DIP Facility, any interest Paramount had in the goods subject to its right of reclamation was extinguished when the Debtors sold their entire inventory during the going-out-of-business sales even if goods subject to Paramount's right of reclamation were still in the Debtors' possession at the time they had raised sufficient funds to satisfy the DIP Facility lenders.

9. Whether the Bankruptcy Court erred in holding that a reclamation right, under both state law and section 546(c) of the Bankruptcy Code, never extends to any proceeds of the goods subject to reclamation.

10. Whether the Bankruptcy Court erred in granting summary judgment in light of the uncompleted but propounded discovery and the showing made by Paramount in full compliance with Rule 56(f) of the Federal Rules of Civil Procedure, applicable pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure.

# II.
# DESIGNATION OF RECORD

The following designation includes any and all exhibits and attachments filed with each designated document.

| EXHIBIT | DOCKET # | DATE FILED | DESCRIPTION OF DOCUMENT |
|---|---|---|---|
| 1 | 14 | November 10, 2008 | Motion of Debtors for Order Under Bankruptcy Code Sections 105(a), 362, 503(b), 507(a), 546(a), and 546(h) (I) Granting Administrative Expense Status to Obligations from Postpetition Delivery of Goods; (II) Authorizing Payment of Expenses in the Ordinary Course of Business; (III) Authorizing Debtors to Return Goods; and (IV) Establishing Procedures for Reclamation Demands |
| 2 | n/a | <u>Served</u> on November 12, 2008 | Demand for Reclamation of Goods by Paramount Home Entertainment<br><br>(This document was filed with the Court as Exhibit 1 to the *Response of Paramount Home Entertainment Inc. to Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to Unsecured, Non-Priority Claims)* [Docket No. 4154].) |
| 3 | 133 | November 13, 2008 | Order Under Bankruptcy Code Sections 105(a), 362, 503(b), 507(a), 546(c), and 546(h) (I) Granting Administrative Expense Status to Obligations from Postpetition Delivery of Goods; (II) Authorizing Payment of Expenses in the Ordinary Course of Business; (III) Authorizing Debtors to Return Goods; and (IV) Establishing Procedures for Reclamation Demands |
| 4 | 411 | November 25, 2008 | Motion of Debtors for Order Pursuant to Bankruptcy Code Sections 105 and 502, and Bankruptcy Rule 2002, 3003(c)(3), and 9007; (I) Setting General Bar Date and Procedures for Filing Proofs of Claim, and (II) Approving Form and Manner of Notice Thereof |

| EXHIBIT | DOCKET # | DATE FILED | DESCRIPTION OF DOCUMENT |
|---|---|---|---|
| 5 | 890 | December 10, 2008 | Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof |
| 6 | 897 | December 11, 2008 | Final Order Under Bankruptcy Code Sections 105(a), 362, 503(b), 507(a), 546(c), and 546(h) (I) Granting Administrative Expense Status to Obligations From Postpetition Delivery of Goods; (II) Authorizing Payment of Expenses in the Ordinary Course of Business; (III) Authorizing Debtors to Return Goods; and (IV) Establishing Procedures for Reclamation Demands |
| 7 | 966 | December 12, 2008 | Notice of Deadline for Filing Proofs of Claim |
| 8 | Claim No. 9681 | January 30, 2009 | Paramount's Proof of Claim<br><br>(This document was filed with the Court as Exhibit 3 to the *Response of Paramount Home Entertainment Inc. to Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to Unsecured, Non-Priority Claims)* [Docket No. 4154].) |
| 9 | 2505 | March 10, 2009 | Debtors' Motion for an Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections |
| 10 | 2881 | April 1, 2009 | Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections |
| 11 | 3703 | June 22, 2009 | Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims) |

| EXHIBIT | DOCKET # | DATE FILED | DESCRIPTION OF DOCUMENT |
|---|---|---|---|
| 12 | 4154 | July 16, 2009 | Response of Paramount Home Entertainment Inc. to Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to Unsecured, Non-Priority Claims) |
| 13 | 5030 | September 22, 2009 | Disclosure Statement with Respect to First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims |
| 14 | n/a | <u>Served</u> on November 23, 2009 | Paramount Home Entertainment Inc.'s First Set of Interrogatories to Circuit City Stores, Inc., et al.<br><br>(This document was filed with the Court as Exhibit 1 to the *Declaration of David M. Stern Pursuant to Fed. R. Civ. P. 56(f)* [Docket No. 6238].) |
| 15 | n/a | <u>Served</u> on November 23, 2009 | Paramount Home Entertainment Inc.'s First Set of Requests for Production of Documents to Circuit City Stores, Inc., et al.<br><br>(This document was filed with the Court as Exhibit 2 to the *Declaration of David M. Stern Pursuant to Fed. R. Civ. P. 56(f)* [Docket No. 6238].) |
| 16 | 6135 | December 18, 2009 | Debtors' Motion for Summary Judgment with Respect to Certain Claims Subject to (I) The Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims) and (II) the Debtors' Thirty-Third Omnibus Objection to Claims (Modification and/or Reclassification of Certain Claims) |
| 17 | 6136 | December 18, 2009 | Debtors' Memorandum of Law in Support of Motion for Summary Judgment with Respect to Certain Claims Subject to (I) the Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims) and (II) the Debtors' Thirty-Third Omnibus Objection to Claims Modification and/or Reclassification of Certain Claims) |

| **EXHIBIT** | **DOCKET #** | **DATE FILED** | **DESCRIPTION OF DOCUMENT** |
|---|---|---|---|
| 18 | n/a | <u>Served</u> on December 28, 2009 | Debtors' Objections and Responses to Paramount Home Entertainment Inc.'s First Set of Interrogatories to Circuit City Stores, et al.<br><br>(This document was filed with the Court as Exhibit 3 to the *Declaration of David M. Stern Pursuant to Fed. R. Civ. P. 56(f)* [Docket No. 6238]). |
| 19 | 6237 | January 8, 2010 | Opposition of Paramount Home Entertainment Inc. to Debtors' Motion for Summary Judgment with Respect to Certain Claims Subject to the Debtors' Nineteenth and Thirty-Third Omnibus Objections to Claims |
| 20 | 6238 | January 8, 2010 | Declaration of David M. Stern Pursuant to Fed. R. Civ. P. 56(f) |
| 21 | 6253 | January 11, 2010 | Notice of Agenda of Matters Scheduled for Hearing on January 14, 2010 at 2:00 p.m. (Eastern)[1] |
| 22 | 6260 | January 13, 2010 | Reply Brief in Support of Motion for Summary Judgment with Respect to Certain Claims Subject to (I) the Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims) and (II) the Debtors' Thirty-Third Omnibus Objection to Claims (Modification and/or Reclassification of Certain Claims) |
| 23 | 6324 | January 19, 2010 | Supplemental Post-Argument Brief of Paramount Home Entertainment Inc. in Opposition to Debtors' Motion for Summary Judgment with Respect to Certain Claims Subject to the Debtors' Nineteenth and Thirty-Third Omnibus Objections to Claims |

---

[1] Paramount also wishes to include in the record on appeal the oral arguments of counsel at the January 14, 2010 hearing and seeks leave of the Court to do so through a concurrently filed motion pursuant to Local Bankruptcy Rule 8006-1(A). The transcript from this hearing is also attached as Exhibit A to the *Debtors' Brief in Response to the Supplemental Post-Argument Brief of Paramount Pictures Home Entertainment, Inc. in Opposition to Debtors' Motion for Summary Judgment with Respect to Certain Claims Subject to the Debtors' Nineteenth and Thirty-Third Omnibus Objections to Claims* [Docket No. 6372], which Paramount designates as part of the record on appeal.

7

| **EXHIBIT** | **DOCKET #** | **DATE FILED** | **DESCRIPTION OF DOCUMENT** |
|---|---|---|---|
| 24 | 6372 | January 26, 2010 | Debtors' Brief in Response to the Supplemental Post-Argument Brief of Paramount Pictures Home Entertainment, Inc. in Opposition to Debtors' Motion for Summary Judgment with Respect to Certain Claims Subject to the Debtors' Nineteenth and Thirty-Third Omnibus Objections to Claims |
| 25 | 6693 | March 5, 2010 | Memorandum Opinion [re: Docket No. 6135] |
| 26 | 6694 | March 5, 2010 | Order [re: Docket No. 6135] |
| 27 | 6900 | March 18, 2010 | Notice of Appeal of Paramount Home Entertainment Inc. |
| 28 | 6901 | March 18, 2010 | U.S. Treasury Receipt of Notice of Appeal Filing Fee |

Respectfully submitted,

DATED: March 31, 2010

KLEE, TUCHIN, BOGDANOFF & STERN LLP

By: _____
David M. Stern
Michael L. Tuchin
Korin A. Elliott
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel: (310) 407-4000
Email: dstern@ktbslaw.com

Of counsel:

Attorneys for PARAMOUNT HOME ENTERTAINMENT INC.

KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Richmond, Virginia 23233
Tel: (804) 741-0400
wbroscious@kbbplc.com

8

# **CERTIFICATE OF SERVICE**

  I, Korin A. Elliott, hereby certify that I have electronically filed the foregoing *Appellant Paramount Home Entertainment Inc.'s Statement of Issues to be Presented and Designation of Items to be Included in Record on Appeal*, without exhibits, with the Clerk of Court using the CM/ECF system and have filed the foregoing *Appellant Paramount Home Entertainment Inc.'s Statement of Issues to be Presented and Designation of Items to be Included in Record on Appeal*, including all exhibits thereto, conventionally with the Clerk of Court on this 31st day of March, 2010.

  A true and correct copy of the foregoing *Appellant Paramount Home Entertainment Inc.'s Statement of Issues to be Presented and Designation of Items to be Included in Record on Appeal*, without exhibits, has been served upon the parties listed below via first class mail on this 31st day of March, 2010.

            /s/  Korin A. Elliott
            Korin A. Elliott (kelliott@ktbslaw.com)

| **The Debtors**<br>Circuit City Stores, Inc.<br>Attn: Michelle Mosier<br>4951 Lake Brook Dr., Suite #500<br>Glen Allen, VA 23060 | **Office of the U.S. Trustee**<br>Attn: Robert B. Van Arsdale<br>701 East Broad Street, Suite 4304<br>Richmond, VA 23219 |
|---|---|
| **Debtors' Counsel**<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Attn: Greg M. Galardi and Ian S. Fredericks<br>One Rodney Square<br>10th and King Streets, 7th Fl.<br>Wilmington, DE 19801<br><br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Attn: Chris L. Dickerson<br>155 N. Wacker Drive<br>Chicago, IL 60606<br><br>MCGUIRE WOODS LLP<br>Attn: Douglas M. Foley and Dion W. Hayes<br>901 E. Cary Street<br>Richmond, VA 23219 | **Counsel for the Creditors' Committee**<br>PACHULSKI STANG ZIEHL & JONES, LLP<br>Attn: Richard M. Pachulski, Jeffrey N. Pomerantz, and Stanley E. Goldich<br>10100 Santa Monica Blvd., 11th Fl.<br>Los Angeles, CA 90067<br><br>PACHULSKI STANG ZIEHL & JONES, LLP<br>Attn: Robert J. Feinstein<br>780 Third Avenue, 36th Floor<br>New York, NY 10017<br><br>TAVENNER & BERAN, PLC<br>Attn: Lynn L. Tavenner and Paula S. Beran<br>280 N. Eighth Street, 2nd Fl.<br>Richmond, VA 23219 |