Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 N. Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

Douglas M. Foley (VSB No. 34364)
Bryan A. Fratkin (VSB No. 38933)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x

In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x
CIRCUIT CITY STORES, INC.,    x
                              :
       Plaintiff,             :
                              :
            v.                :   Adv. Pro. No. 10-_____
                              :
MITSUBISHI DIGITAL            :
ELECTRONICS AMERICA, INC.     :
and THE INSURANCE COMPANY OF  :
THE STATE OF PENNSYLVANIA,    :
                              :
       Defendants.            :
- - - - - - - - - - - - - - x

## CIRCUIT CITY STORES, INC.'S OBJECTION TO CLAIM NOS. 132 AND 12300 AND COMPLAINT AGAINST MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC. AND THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA

1

Circuit City Stores, Inc. ("Circuit City"), on behalf of itself and its affiliated debtors and debtors in possession (collectively, the "Debtors"),[1] hereby files its objection to proof of claim numbers 132 and 12300 and its complaint (the "Complaint") against Mitsubishi Digital Electronics America, Inc. ("Mitsubishi") and The Insurance Company of the State of Pennsylvania ("Insurance Company of PA" and, collectively with Mitsubishi, the "Defendants").  In support of the Complaint, Circuit City respectfully alleges as follows:

**NATURE OF THE ACTION**

1.   Circuit City brings this action to avoid and recover certain transfers made to Mitsubishi within

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

the 90-day period prior to the commencement of Circuit
City's bankruptcy cases.

2.   In addition, Circuit City seeks to
recover a sum of not less than $5,751,577.89 due and
owing from Mitsubishi to Circuit City on account of
certain receivables arising in connection with the
business previously conducted between Circuit City and
Mitsubishi (collectively, the "Unpaid Obligations").

3.   In connection therewith, Circuit City
objects to claim number 12300 ("Claim No. 12300") and
seeks to disallow it under Bankruptcy Code section
502(d).

4.   In the event Claim No. 12300 is not
disallowed under Bankruptcy Code section 502(d), Circuit
City objects to such claim on the basis that it is
overstated.

5.   Circuit City further objects to claim
number 132 ("Claim No. 132" and together with Claim No.
12300, the "Mitsubishi Claims") on the basis that it is
overstated.

6.   Finally, in the event Circuit City is not
entitled to affirmatively recover all or any portion of

3

the Unpaid Obligations, Circuit City seeks to setoff the

Unpaid Obligations against any amounts for which it is

determined to be liable with respect to the Mitsubishi

Claims.

## THE PARTIES

7.   Circuit City is a corporation organized

under the laws of the Commonwealth of Virginia with its

principal place of business in Richmond, Virginia.

Circuit City is a debtor and debtor in possession in the

above-captioned chapter 11 bankruptcy cases.

8.   Upon information and belief, defendant

Mitsubishi is a corporation organized under the laws of

the State of Delaware with its principal place of

business in Irvine, California.

9.   Upon information and belief, defendant

Insurance Company of PA is a corporation organized under

the laws of the State of Pennsylvania with its principal

place of business in New York, New York.

## JURISDICTION AND VENUE

10.   This Court has jurisdiction to consider

this matter under 28 U.S.C. §§ 157 and 1334.

4

11.   This is a core proceeding under 28 U.S.C. § 157(b).

12.   Venue of these chapter 11 cases and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

13.   The statutory and legal predicates for the relief requested by the Complaint are sections 105, 502, 503, 541, 542, 547, 550, and 558 of title 11, United States Code (the "Bankruptcy Code"), Bankruptcy Rules 3007 and 7001, and Local Bankruptcy Rule 3007-1.

### BACKGROUND

**A.   General Case Background.**

14.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

15.   The Debtors continue as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

16.   On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured

creditors (the "Creditors' Committee").  To date, no
trustee or examiner has been appointed in these chapter
11 cases.

17.  On January 16, 2009, the Court authorized
the Debtors to, among other things, conduct going out of
business sales at all of the Debtors' retail locations
(the "Stores") pursuant to an agency agreement (the
"Agency Agreement") between the Debtors and a joint
venture, as agent (the "Agent").

18.  On January 17, 2009, the Agent commenced
going out of business sales at the Stores pursuant to
the Agency Agreement.

19.  As of March 8, 2009, the going out of
business sales at the Debtors' Stores were completed.

20.  On September 24, 2009, the Debtors and
the Creditors Committee filed the First Amended Joint
Plan of Liquidation of Circuit City Stores, Inc. and its
Affiliated Debtors and Debtors In Possession and its
Official Committee of Creditors Holding General
Unsecured Claims (as amended, the "Plan").

21.   The disclosure statement (the "Disclosure Statement") filed with respect to the Plan was approved on September 24, 2009.

22.   No confirmation hearing has been held with respect to the Plan, and the Plan has not yet been confirmed.

23.   The Plan provides for the liquidation of the Debtors' assets and distribution of the proceeds thereof under chapter 11 of the Bankruptcy Code.

**B.   The Business Relationship Between Circuit City And Mitsubishi.**

24.   Prior to the commencement of these bankruptcy cases, the Debtors were a leading specialty retailer of consumer electronics and operated large nationwide electronics stores that sold, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

25.   During the ordinary course of the Debtors' business, the Debtors maintained books and

records of their transactions with Mitsubishi (the "Books and Records").

26.   On July 7, 2006, Circuit City and Mitsubishi entered into a Dealer Agreement.

27.   The Dealer Agreement is attached hereto as Exhibit A and has been filed under seal.

28.   The Dealer Agreement is governed by Delaware law.

29.   Upon information and belief, the Dealer Agreement was extended by various addenda and amendments up to and through the Petition Date.

30.   Over the course of the parties' business relationship, Circuit City and Mitsubishi entered into numerous side agreements, addenda and letter agreements, both subject to, and outside of, the terms of the Dealer Agreement (together with the Dealer Agreement, the "Mitsubishi Agreements").

31.   Pursuant to the Mitsubishi Agreements, Circuit City purchased certain goods from Mitsubishi for resale by Circuit City through its retail channels.

32.   Circuit City and Mitsubishi conducted business with one another up to and through the Petition Date under the Mitsubishi Agreements.

**C.   Amounts Allegedly Owed To Mitsubishi And Mitsubishi's Proofs Of Claim.**

33.   On or about March 18, 2010, by consent of the Debtors and Mitsubishi, this Court entered its Supplemental Order Resolving the Debtors' Fourth, Twenty-Third, and Forty-Second Omnibus Objections With Respect to Mitsubishi (Docket No. 6871) (the "Settlement Order").

34.   Pursuant to the Settlement Order, all claims, other than Claim No. 132 and Claim No. 12300, were withdrawn.

35.   Pursuant to the Settlement Order, the Debtors retained the right to further object to the Mitsubishi Claims.

**(1)   Claim No. 132**

36.   On or about November 18, 2008, Mitsubishi filed Claim No. 132.

37.   Claim No. 132 was filed in the amount $4,965,976.18 as a claim allegedly entitled to

administrative priority under Bankruptcy Code section
503(b)(9).

38.   In Claim No. 132, Mitsubishi alleged that
the claim was based on sales of certain goods by
Mitsubishi to Circuit City during the twenty-day period
prior to the Petition Date.

39.   On or about November 17, 2009, a portion
of Claim No. 132, in the amount of $529,583.69, was
transferred from Mitsubishi to Insurance Company of PA,
pursuant to a notice of claim transfer (Docket No.
5807).

40.   Pursuant to the Court's order on Debtors'
Fifty-First and Fifty-Second Omnibus Objections (Docket
No. 6228), Claim No. 132 has been temporarily disallowed
under Bankruptcy Code section 502(d) pending the Court's
resolution of Circuit City's allegations that Mitsubishi
received the avoidable transfers identified in the
Fifty-First and Fifty-Second Omnibus Objections.

   **(2)  Claim No. 12300**

41.   On or about April 17, 2009, Mitsubishi
filed Claim No. 12300.

42.   Claim No. 12300 was filed (i) in the
amount of $7,181,834.23 as a general unsecured, non-
priority claim (the "General Unsecured Claim") and (ii)
in the amount of $3,110,267.24 as a secured claim (the
"Secured Claim").

43.   The General Unsecured Claim was filed on
account of goods and services allegedly provided to
Circuit City prior to the Petition Date.

44.   The Secured Claim was filed on account of
goods and services allegedly provided to Circuit City
prior to the Petition Date.  The Secured Claim is
allegedly secured by the claim that it owes to Circuit
City.  Specifically, in the Secured Claim, Mitsubishi
admits that the it owes Circuit City not less than
$3,110,267.24 (the "Setoff Amount") and asserts that it
is secured to the extent of the Setoff Amount.

45.   Pursuant to the Settlement Order, all
portions of Claim No. 12300 other than the Secured Claim
and the General Unsecured Claim were deemed withdrawn.

**D.   Amounts Owed To Circuit City By Mitsubishi.**

46.   As of the date hereof, on account of the
pre- and post-petition business conducted between

11

Mitsubishi and Circuit City pursuant to the Mitsubishi

Agreements or otherwise, Mitsubishi is indebted to

Circuit City on account of the following Unpaid

Obligations in at least the following amounts:

| | |
|---|---|
| Chargebacks | $3,835,447.63 |
| Warranty Claims | $106,605.00 |
| Returns and Deposits | $1,809,525.26 |
| **TOTAL** | **$5,751,577.89** |

47.   The Unpaid Obligations are due, owing,

and payable by Mitsubishi to Circuit City.

48.   Upon information and belief, the Setoff

Amount is in whole or in part duplicative of a portion

of the Unpaid Obligations.

**E.   Transfers To Mitsubishi Made Within 90 Days Prior
To The Petition Date.**

49.   During the 90-day period prior to the

commencement of Circuit City's bankruptcy cases (the

"Preference Period"), Circuit City transferred property

to or for the benefit of Mitsubishi in an amount not

less than $6,698,209.84.

50.   A list identifying each transfer is

attached hereto as Exhibit B and incorporated herein by

reference (collectively, the "Preferential Transfers").

51.   Some, but not all, of the Preferential
Transfers might be subject to defenses under Bankruptcy
Code section 547(c).

**COUNT I**

**(RECOVERY OF PREFERENTIAL TRANSFERS
PURSUANT TO 11 U.S.C. §§ 547(B) AND 550)**

52.   Circuit City repeats and realleges each
of the allegations set forth above as if fully set forth
herein.

53.   During the Preference Period, Mitsubishi
was a creditor of Circuit City.

54.   Each Preferential Transfer was made to or
for the benefit of Mitsubishi.

55.   Each Preferential Transfer was made for
or on account of an antecedent debt or debts owed by
Circuit City before such Preferential Transfers were
made.

56.   Each Preferential Transfer was made
during the Preference Period.

57.   Each Preferential Transfer was made while
Circuit City was insolvent.

58.    Each Preferential Transfer enabled Mitsubishi to receive more than Mitsubishi would have received if Circuit City's chapter 11 case was instead a case under chapter 7 of the Bankruptcy Code.

59.    Each Preferential Transfer enabled Mitsubishi to receive more than Mitsubishi would have received if the transfers and/or payments had not been made.

60.    Each Preferential Transfer enabled Mitsubishi to receive more than Mitsubishi would have received if Mitsubishi received payment of such debt to the extent provided by the Bankruptcy Code.

61.    Each Preferential Transfer constitutes an avoidable preference pursuant to Bankruptcy Code section 547(b).

62.    Mitsubishi is either (i) the initial transferee of the Preferential Transfers, (ii) the entity for whose benefit the Preferential Transfers were made, or (iii) an immediate or mediate transferee of the Preferential Transfers.

14

63.   Each Preferential Transfer that is avoided is recoverable pursuant to Bankruptcy Code section 550.

64.   Subject to potential defenses, Circuit City is entitled to recover an amount not less than $6,698,209.84 pursuant to Bankruptcy Code section 550(a).

## COUNT II

### (OBJECTION TO CLAIM 12300 – DISALLOWANCE UNDER SECTION 502(D))

65.   Circuit City repeats and realleges each of the allegations set forth above as if fully set forth herein.

66.   Claim No. 12300 is an right to payment allegedly owed by Circuit City.

67.   Each Preferential Transfer constitutes an avoidable preference pursuant to Bankruptcy Code section 547(b).

68.   Each Preferential Transfer that is avoided is recoverable pursuant to Bankruptcy Code section 550.

69.   Accordingly, pursuant to Bankruptcy Code
section 502(d), Claim No. 12300 should be disallowed
pending the payment by Mitsubishi of amounts owed to
Circuit City.

## COUNT III

### (TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542)

70.   Circuit City repeats and realleges each
of the allegations set forth above as if fully set forth
herein.

71.   Mitsubishi is in possession, custody, and
control of the Unpaid Obligations in an amount not less
than $5,751,577.89.

72.   The Unpaid Obligations constitute valid
and existing debts, due and owing by Mitsubishi to
Circuit City.

73.   The Unpaid Obligations are property of
Circuit City's estate under section 541 of the
Bankruptcy Code and constitute debts that are matured,
payable on demand, or payable on order.

74.   Despite being requested to do so,
Mitsubishi has not turned over or paid to Circuit City
the Unpaid Obligations.

75.   Accordingly, pursuant to Bankruptcy Code section 542, Mitsubishi should be compelled to turn over and deliver to Circuit City the Unpaid Obligations in an amount not less than $5,751,577.89.

**COUNT IV**

**(OBJECTION TO THE GENERAL UNSECURED CLAIM AND THE SECURED CLAIM – DISALLOWANCE UNDER SECTION 502(D))**

76.   Circuit City repeats and realleges each of the allegations set forth above as if fully set forth herein.

77.   In the alternative to Count II, but without waiving any allegation with respect thereto, Circuit City makes the following additional allegations in support of Count IV.

78.   Claim No. 12300 is a right to payment allegedly owed by Circuit City.

79.   Mitsubishi is in possession, custody, and control of the Unpaid Obligations in an amount not less than $5,751,577.89.

80.   The Unpaid Obligations constitute valid and existing debts, due and owing by Mitsubishi to Circuit City.

17

81. The Unpaid Obligations are property of Circuit City's estate under section 541 of the Bankruptcy Code and constitute debts that are matured, payable on demand, or payable on order.

82. The Unpaid Obligations are recoverable pursuant to Bankruptcy Code section 542.

83. Despite being requested to do so, Mitsubishi has not turned over or paid to Circuit City the Unpaid Obligations.

84. Accordingly, pursuant to Bankruptcy Code section 502(d), Claim No. 12300 should be disallowed pending Mitsubishi's turnover or payment of the Unpaid Obligations to Circuit City.

**COUNT V**

**(BREACH OF CONTRACT)**

85. Circuit City repeats and realleges each of the allegations set forth above as if fully set forth herein.

86. In the alternative to Count III, but without waiving any allegation with respect thereto, Circuit City makes the following additional allegations in support of Count V.

87.    Pursuant to the Mitsubishi Agreements, Mitsubishi is obligated to pay to Circuit City the Unpaid Obligations.

88.    The Mitsubishi Agreements are valid and enforceable agreements against Mitsubishi.

89.    Circuit City performed its obligations under the Mitsubishi Agreements with respect to the Unpaid Obligations.

90.    Mitsubishi's failure to compensate Circuit City for the Unpaid Obligations in an amount not less than $5,751,577.89 constitutes a material breach of Mitsubishi's obligations under the Mitsubishi Agreements.

91.    As a direct and proximate result of Mitsubishi's breaches, Circuit City has incurred damages in an amount not less than $5,751,577.89.

92.    Accordingly, Circuit City is entitled to a judgment against Mitsubishi in an amount not less than $5,751,577.89.

## COUNT VI

### (UNJUST ENRICHMENT/QUASI CONTRACT)

93.  Circuit City repeats and realleges each of the allegations set forth above as if fully set forth herein.

94.  In the alternative to Counts III and V, but without waiving any allegation with respect thereto, Circuit City makes the following additional allegations in support of Count VI.

95.  Circuit City conferred a benefit upon Mitsubishi pursuant to the Mitsubishi Agreements.

96.  Mitsubishi knowingly accepted the benefit conferred by Circuit City.

97.  Circuit City reasonably expected to be compensated by Mitsubishi in an amount not less than $5,751,577.89 on account of the benefit conferred upon Mitsubishi.

98.  Mitsubishi's benefit without just compensation to Circuit City has unjustly enriched Mitsubishi in an amount not less than $5,751,577.89.

99.  Circuit City has no adequate remedy at law to recover the Unpaid Obligations.

100. Accordingly, as a result of Mitsubishi's unjust enrichment at Circuit City's expense, Circuit City is entitled to restitution from the Defendant in an amount not less than $5,751,577.89.

### COUNT VII

### (OBJECTION TO CLAIM NO. 132 AS OVERSTATED)

101. Circuit City repeats and realleges each of the allegations set forth above as if fully set forth herein.

102. After a thorough review of the Debtors' Books and Records, Circuit City has determined that Claim No. 132 is overstated by $3,655.41.  In particular, Mitsubishi invoiced Circuit City for a greater number of goods than Circuit City actually received from Mitsubishi and the value of the goods that Circuit City did not receive totaled $3,655.41.

103. Due to the overstatement, Circuit City's maximum liability on Claim No. 132 should be fixed in an amount not to exceed $4,962,320.77.

## COUNT VIII

### (OBJECTION TO THE GENERAL UNSECURED CLAIM AS OVERSTATED)

104. Circuit City repeats and realleges each of the allegations set forth above as if fully set forth herein.

105. In the alternative to Counts II and IV, but without waiving any allegation with respect thereto, Circuit City makes the following additional allegations in support of Count VIII.

106. After a thorough review of the Debtors' Books and Records, Circuit City has determined that the General Unsecured Claim is overstated by $247,516.97.

107. The overstatement is based on three components.

108. First, the General Unsecured Claim is overstated because Circuit City was invoiced for a greater number of goods than it actually received from Mitsubishi and the value of those goods that Circuit City did not receive totaled $219,208.92.

109. Second, the General Unsecured Claim is overstated because it is based on invoices that Circuit City had previously paid in the amount of $31.18.

110. Third, the General Unsecured Claim is overstated because Mitsubishi improperly reversed a chargeback totaling $28,275.92 properly taken by Circuit City.

111. As a result of the above, the General Unsecured Claim should be reduced to an amount not to exceed $6,934,317.56.

**COUNT IX**

**(OBJECTION TO CLAIM NO. 132 – SETOFF OF THE UNPAID OBLIGATIONS)**

112. Circuit City repeats and realleges each of the allegations set forth above as if fully set forth herein.

113. In the alternative to Counts III, V and VI, but without waiving any allegation with respect thereto, Circuit City makes the following additional allegations in support of Count IX.

114. The Unpaid Obligations arose from business transactions between Circuit City and Mitsubishi.

115. The Unpaid Obligations are debts owed by Mitsubishi to Circuit City.

116. Claim No. 132 arose from business transactions between Mitsubishi and Circuit City.

117. Claim No. 132 is a debt allegedly owed by Circuit City to Mitsubishi.

118. Consequently, under applicable law, Circuit City has established valid setoff rights.

119. Pursuant to Bankruptcy Code section 558, Circuit City's defenses, including setoff, are preserved.

120. Under applicable law, the Unpaid Obligations should be setoff first against Claim No. 132.

121. After setoff, Claim No. 132 should be reduced to $0.

122. After setoff, the Unpaid Obligations should be reduced to $789,257.12 (the "Remaining Unpaid Obligations").

## COUNT X

### (OBJECTION TO THE MODIFIED GENERAL UNSECURED CLAIM – SETOFF OF THE UNPAID OBLIGATIONS)

123. Circuit City repeats and realleges each of the allegations set forth above as if fully set forth herein.

124. In the alternative to Counts III, V and VI, but without waiving any allegation with respect thereto, Circuit City makes the following additional allegations in support of Count X.

125. The General Unsecured Claim arose from business transactions between Mitsubishi and Circuit City.

126. The General Unsecured Claim is a debt allegedly owed by Circuit City to Mitsubishi.

127. Consequently, under applicable law, Circuit City has established valid setoff rights.

128. The Remaining Unpaid Obligations should be setoff against the General Unsecured Claim.

129. After setoff, the General Unsecured Claim should be reduced to $6,145,060.44.

130. After setoff, the Remaining Unpaid Obligations should be reduced to $0.

### COUNT XI

### (OBJECTION TO THE SECURED CLAIM – RECLASSIFICATION TO GENERAL UNSECURED NON-PRIORITY CLAIM)

131. Circuit City repeats and realleges each of the allegations set forth above as if fully set forth herein.

132. In the alternative to Counts II and IV, but without waiving any allegation with respect thereto, Circuit City makes the following allegations in support of Count XI.

133. Mitsubishi alleges that the Secured Claim is entitled to secured status on account of the Setoff Amount.

134. If Circuit City recovers the Unpaid Obligations pursuant to Counts III, V, and VI or offsets the Unpaid Obligations pursuant to Counts IX and X of the Complaint, the Unpaid Obligations will no longer remain unpaid.

135. Therefore, the Secured Claim will no longer be subject to setoff.

136. Accordingly, the Secured Claim should be reclassified to a general unsecured, non-priority claim no longer subject to any setoff right.

**PRAYER FOR RELIEF**

WHEREFORE, Circuit City respectfully requests and prays that the Court:

    i.      Pursuant to Count I, enter judgment against Mitsubishi under 11 U.S.C. §§ 547 and 550 and allow Circuit City to avoid and recover the Preferential Transfers in an amount not less than $6,698,209.84; and

    ii.     Pursuant to Count II, disallow Claim No. 12300 in accordance with Bankruptcy Code section 502(d) pending payment by Mitsubishi to the Debtors of any avoidable and recoverable transfers; and

   iii.     Pursuant to Count III, order Mitsubishi to immediately turn over and deliver to Circuit City the Unpaid Obligations in an amount not less than $5,751,577.89; and

    iv.    In the alternative to Count II, pursuant to Count IV, disallow Claim No. 12300 in accordance with Bankruptcy Code section 502(d) pending Mitsubishi's turnover or payment of the Unpaid Obligations to Circuit City; and

    v.     In the alternative to Count III, pursuant to Count V, enter judgment against Mitsubishi for breach of contract and award Circuit City damages in an amount not less than $5,751,577.89; and

    vi.    In the alternative to Counts III and V, pursuant to Count VI, enter judgment against

Mitsubishi for unjust enrichment and award
Circuit City restitution damages on account of
Mitsubishi's unjust enrichment in an amount
not less than $5,751,577.89; and

vii.    Pursuant to Count VII, reduce Claim No. 132
from the overstated amount of $4,965,976.18 to
the proper amount of $4,962,320.77; and

viii.   In the alternative to Counts II and IV,
pursuant to Count VIII, reduce the General
Unsecured Claim from the overstated amount of
$7,181,843.23 to the proper amount of
$6,934,317.56; and

ix.    In the alternative to Counts III, V and VI,
pursuant to Count IX, authorize Circuit City
to effect a setoff of the Unpaid Obligations
against Claim No. 132, reducing it to the
proper amount of $0; and

x.    In the alternative to Counts III, V and VI,
pursuant to Count X, authorize Circuit City to
effect a setoff of the Unpaid Obligations
against the General Unsecured Claim, reducing
it to the proper amount of $6,145,060.44; and

xi.    In the alternative to Counts II and IV,
pursuant to Count XI, reclassify the Secured
Claim to a general unsecured non-priority
claim no longer subject to setoff; and

xii.    Award Circuit City interest, costs, and
expenses; and

xiii.      Grant Circuit City such other and further
           relief the Court deems just and appropriate.

Dated: Richmond, Virginia  MCGUIREWOODS LLP
       April 1, 2010
                              /s/ Douglas M. Foley_____
                              Douglas M. Foley (VSB No. 34364)
                              Bryan A. Fratkin (VSB No. 38933)
                              One James Center
                              901 E. Cary Street
                              Richmond, Virginia 23219
                              (804) 775-1000

                                      - and -

                              SKADDEN, ARPS, SLATE, MEAGHER &
                                 FLOM, LLP
                              Gregg M. Galardi, Esq.
                              Ian S. Fredericks, Esq.
                              P.O. Box 636
                              Wilmington, Delaware 19899-0636
                              (302) 651-3000

                                      - and -

                              SKADDEN, ARPS, SLATE, MEAGHER &
                                 FLOM, LLP
                              Chris L. Dickerson, Esq.
                              155 N. Wacker Drive
                              Chicago, Illinois 60606
                              (312) 407-0700

                              Counsel for Debtors and Debtors
                              in Possession

## EXHIBIT A

**(Dealer Agreement)**

**FILED UNDER SEAL**

## EXHIBIT B

**(Preferential Transfers)**

**Exhibit B**

| Vendor Name | Check Clear Date | Check Number | Paid Amount |
|---|---|---|---|
| MITSUBISHI DIGITAL ELECTRONICS | 8/20/2008 | 1033918 | $ 378,661.83 |
| MITSUBISHI DIGITAL ELECTRONICS | 8/21/2008 | 1033979 | $ 126,480.00 |
| MITSUBISHI DIGITAL ELECTRONICS | 9/17/2008 | 1035218 | $ 409,853.77 |
| MITSUBISHI DIGITAL ELECTRONICS | 9/18/2008 | 1035301 | $ 81,344.00 |
| MITSUBISHI DIGITAL ELECTRONICS | 9/24/2008 | 1035614 | $ 586,472.40 |
| MITSUBISHI DIGITAL ELECTRONICS | 10/1/2008 | 1035974 | $ 317,330.00 |
| MITSUBISHI DIGITAL ELECTRONICS | 10/8/2008 | 1036318 | $ 910,278.00 |
| MITSUBISHI DIGITAL ELECTRONICS | 10/9/2008 | 1036393 | $ 182,070.00 |
| MITSUBISHI DIGITAL ELECTRONICS | 10/15/2008 | 1036669 | $ 848,194.84 |
| MITSUBISHI DIGITAL ELECTRONICS | 10/15/2008 | 1036734 | $ 371,996.00 |
| MITSUBISHI DIGITAL ELECTRONICS | 10/20/2008 | 1036889 | $ 113,900.00 |
| MITSUBISHI DIGITAL ELECTRONICS | 10/22/2008 | 1036996 | $ 1,675,400.00 |
| MITSUBISHI DIGITAL ELECTRONICS | 10/29/2008 | 1037282 | $ 696,229.00 |

**Total Check Amount** $ 6,698,209.84