UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | ) | Case No. **08-35653** |
| | ) | |
| Debtors. | ) | Jointly Administered |

### MOTION OF ARCHOS, INC. FOR RECONSIDERATION OF THE COURT'S ORDERS ON THE DEBTORS' FORTY-EIGHTH OMNIBUS OBJECTION

Archos, Inc. ("<u>Archos</u>") hereby files its motion (the "<u>Motion</u>") for reconsideration of this Court's December 3, 2009 and December 18, 2009 Orders relating to the Debtors' Forty-Eighth Omnibus Objection [Docket No. 6125] (the "<u>Orders</u>") as they pertain to Archos' administrative claim, Claim No. 441 (the "<u>Administrative Claim</u>").  In support of its Motion, Archos submits the Declaration of Theresa Cookson, Director of Finance for Archos, attached hereto as <u>Exhibit A</u>; and in further support of the Motion, Archos respectfully states as follows:

### JURISDICTION

1.      On November 10, 2008 (the "<u>Petition Date</u>"), Circuit City Stores, Inc. ("<u>Debtor</u>") commenced this action in the United States Bankruptcy Court for the Eastern District of Virginia by filing its voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "<u>Bankruptcy Code</u>").

2.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334(a).

Troy Savenko (Va. Bar No. 44516)
Leslie A. Skiba (Va. Bar No. 48783)
GREGORY KAPLAN, PLC
7 East Second Street (23224-4253)
Post Office Box 2470
Richmond, Virginia 23218-2470
Telephone:(804) 423-7921
Facsimile: (804) 230-0024

*Counsel for Archos, Inc.*

3.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1408 and 1409.

5.      The statutory bases for the relief requested herein are sections 503(b)(9) and

502(j) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>")

and Rules 2008 and 9024 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy</u>

<u>Rules</u>").

## FACTUAL BACKGROUND

6.      As of the Petition Date, Archos held claims against the Debtors for goods

delivered totaling $1,120,550.00.   Archos also recognized certain credits due to the Debtors

totaling $229,166.21 (the "<u>Receivables</u>").

7.      On November 17, 2008, Archos timely filed a proof of claim in the aggregate

amount of $891,383.79 (the "<u>Aggregate Claim</u>") on account of all goods sold to the Debtor prior

to the Petition Date net of the Receivables.   The Aggregate claim was designated as claim

number 25 on the claims register.

8.      The Aggregate Claim alleged Archos' entitlement to: (a) an administrative claim

under 11 U.S.C. § 503(b)(9) in the amount of $278,250.00 (the "<u>Administrative Claim</u>") and (b)

a general unsecured claim in the amount of $613,133.79 (the "<u>Unsecured Claim</u>"), which amount

reflects application of a credit to the Debtors for the Receivables.

9.      Archos amended the Aggregate Claim by filing two distinct proofs of claim; one

for the Administrative Claim (claim number 441) and one for the Unsecured Claim (claim

number 239).   The amount of the Administrative Claim plus the Unsecured Claim equals the

amount of the Aggregate Claim.

10.     On June 4, 2009, the Debtors filed the Thirteenth Omnibus Objection to Certain Amended Claims (the "13th Omnibus").   In the 13th Omnibus, the Debtors objected to the Aggregate Claim on the basis that the subsequently filed Unsecured Claim was repetitive.   By order entered August 12, 2009, the Court disallowed the Aggregate Claim.   The Unsecured Claim and the Administrative Claim survived.   The claims register reflects that the Aggregate Claim is expunged and that the present value of the Unsecured Claim is $613,133.79.

11.     By letter dated September 17, 2009, ASM Capital ("ASM") offered to purchase the Administrative Claim.   On September 29, 2009, Archos signed an administrative claim purchase agreement (the "Transfer Agreement") and returned it to ASM effectuating the transfer of the Administrative Claim to ASM (the "Claim Transfer").

12.     On October 13, 2009, the Debtors filed the Forty-Eighth Omnibus Objection to Certain Administrative Expenses and 503(b)(9) Claims and Motion for (I) Authority to Setoff Against Such Expenses and Claims and (II) a Waiver of the Requirement That the First Hearing on Any Response Proceed as a Status Conference (the "48th Omnibus Objection").   [Docket No. 5211].   The Debtors served notice of the 48th Omnibus Objection to Archos using a tailored notice attached hereto as Exhibit B (the "Archos Notice").

13.     Multiple parties filed responses to the 48th Omnibus Objection.   See Notice of Agenda of Matters Scheduled for Hearing November 12, 2009 at 10:00 a.m. (Eastern) [Docket No. 5623] (the "Initial Hearing").

14.     On November 12, 2009, the Court held the initial hearing on the 48th Omnibus Objection and heard argument about the permissibility of the Debtors' request to set off accounts receivable against administrative claims regardless of whether those receivables were incurred

pre- or post-petition.  At the conclusion of the Initial Hearing the Court "ruled in favor" of the

Debtors.  [Docket No. 5642].

15.     On December 3, 2009, the Court entered its order partially sustaining the 48th

Omnibus Objection, which permitted Debtors to setoff receivables against administrative claims.

[Docket No. 5964] (the "Preliminary Order").  Concurrently the Court issued its memorandum

opinion permitting the Debtors to set off accounts receivables against administrative claims,

"[s]ubject only to the Respondents' right to challenge the amount of the Receivables as defined

in the Memorandum Opinion and the Debtors' right to challenge the amount of the

Administrative Expenses as defined in the Memorandum Opinion."   (the "Memorandum

Opinion") [Docket No. 5963].

16.     On December 16, 2009, ASM filed a transfer of Archos' Administrative Claim

and the administrative claim of another creditor.  The claims register reflects that the Claim

Transfer was effectuated as of that date.  On December 23, 2009, the Clerk's Office issued its

Notice of Transfer of Claim.

17.     On December 18, 2009, the Court entered its supplemental order on the 48th

Omnibus Objection specifically authorizing the Debtors to exercise their setoff rights in order to

offset the Debtors' receivables against Archos' Administrative Claim (the "Setoff Order").

[Docket No. 6125].

18.     In the Setoff Order, the Court effectuated the setoff requested in the 48th

Omnibus Objection against Archos and all other claimants who had not filed responses or

appeared at the hearing on the 48th Omnibus Objection.  Pursuant to the Setoff Order, the

amount of the Administrative Claim in the amount of $278,250.00 was setoff against the total

receivables alleged by the Debtors' against Archos in the amount of $343,356.67. As a result, the Administrative Claim was reduced to zero.

19.     The Setoff Order reflects that remaining receivables total $65,106.67. With regard to receivables remaining after setoff, the Setoff Order states: "To the extent any Receivable remains after the offsets contemplated by the Objection are effectuated, the Debtors' rights to obtain payment of any remaining Receivable, or offset the Receivable against other claims filed by the Claimants, are not waived and are expressly reserved." Setoff Order at ¶ 10.

20.     On February 23, 2010, the Court entered its third supplemental order on the 48th Omnibus Objection. See Docket No. 6596.

21.     Objections regarding other claimants remain unresolved, including claimants subject to the 48th Omnibus Objection, which matters are set for a status hearing on April 15, 2010. See Docket No. 6880.

22.     The Debtors' confirmation hearing has been continued until May 11, 2010.

**RELIEF REQUESTED**

Archos requests reconsideration of the Orders because it contests the amount of the Receivables due to the Debtors.[1]

**I.       A Reclassified Claim May be Reconsidered for Cause**

23.     Pursuant to Bankruptcy Rule 3008, "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a haring on notice shall enter an appropriate order." Fed. R. Bankr. P. 2008. Section 502(j)

---

[1]     Archos also disagrees that the Debtors should be permitted to setoff the Receivables against its 503(b)(9) Claim. Recognizing that the Court has already issued an opinion on this issue, Archos is not suggesting that it would re-argue this issue should this Motion be granted. Archos would simply note its objection for the record and reserve its rights to contest the application of Receivables against its 503(b)(9) Claim should the issue be revisited on appeal or otherwise.

permits a disallowed claim to be reconsidered "for cause."

24.    The term "cause" is not defined in section 502(j) and therefore, the application and interpretation of its meaning is "a matter of judicial construction."  See In re Lomas Financial Corp., 212 B.R. 46, 51 (Bankr. D. Del. 1997).  In assessing whether cause exists, courts pay particular attention to (1) possible prejudice to the Debtor, (2) the creditor's explanation for its delay in contesting the claim, and (3) possible prejudice to the creditor absent reconsideration.  In re Cassell, 206 B.R. 853, 856 (Bankr. W.D. Va. 1997).

25.    In addition, Federal Rule of Civil Procedure 60(b), made applicable to this proceeding by Bankruptcy Rule 9024, provides that "the court may relief a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief.  See Fed. R. Civ. P. 60(b); Fed. R. Bankr. P. 9024.

26.    When a claim has been disallowed as a result of the claimant's failure to appear or to produce evidence, the motion is usually decided on whether the claimant is able to show "excusable neglect" as interpreted by the Supreme Court in Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993) for its failure to be aware of the existence or significance of the hearing.  See In re O.W. Hubbell & Sons, Inc., 180 B.R. 31, 35-36 (N.D.N.Y. 1995).

27.    In Pioneer, the United States Supreme Court enumerated the following factors to be considered when addressing a claim of excusable neglect: (1) the danger of prejudice to the non-movant, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, (4)

whether the movant acted in good faith.  Id.  Furthermore, the Supreme Court concluded that the

process of determining which types of neglect are excusable, "is at bottom an equitable one,

taking account of all relevant circumstances surrounding the party's omission," Id. at 395.  In

this matter, the factors strongly support reconsideration of the Orders.

### A.  Cause Exists to Reconsider the Orders.

28.     Archos disputes the Debtors' assertion in the 48th Omnibus that they are owed

Receivables of $343,356.67.  The correct amount of Receivables is only $229,166.21 and Archos

has already given the Debtors credit for that amount.  See Affidavit ¶ 14.  Specifically, in

computing its claims, Archos subtracted Receivables of $229,166.21 from its total claims of

$1,120,550.00.  See Affidavit ¶ 3.  Archos then filed its Aggregate Claim in the amount of

$891,383.79, net of Receivables owed to the Debtors.  See Affidavit ¶ 4.

29.     In the 48th Omnibus, the Debtors sought authority to setoff Receivables of

$343,356.67 against Archos' 503(b)(9) Claim, despite the fact that they had already credit for

Receivables totalling $229,166.21.

30.     In other words, assuming for the sake of argument that the Debtors are correct in

their calculation of the Receivables, and taking into consideration this Court's decision that the

Receivables may be set off against the Administrative Claim, Archos would have a surviving

Unsecured Claim of $842,300.00.  As a result, the Orders were based on evidence that was

inaccurate not only with respect to the amount of the Receivables owed by Archos, but also with

regard to the amount of Receivables the Debtors had already received from Archos, which were

not disclosed in the 48th Omnibus.

31.     As such, cause exists to reconsider the amount of the Receivables so that the

7

Debtors will not be permitted to double dip by setting off the inflated amount of $343,356.67 on top of the amount of $229,166.21 of Receivables for which they have already received credit, and of which the Court was unaware when it entered its Orders.

**B.  The Debtors will not be prejudiced if this motion is granted.**

32.    Reconsideration of the Orders will not prejudice the Debtors because no distributions have been made in the case and because the amount of the Administrative Claim will not affect the feasibility of the Debtor's proposed Chapter 11 plan (the "Plan").  The earliest the Debtors will confirm their plan is May 11, 2010.  See Docket No. 6736.

33.    Moreover, the Preliminary Order did not make any determination as to the liquidated amounts of the "Receivables" or the "Administrative Expenses" (as those terms are defined in the Memorandum Opinion) with respect to those parties that filed responses to the 48th Omnibus Objection.  Indeed, a review of the Court's docket reveals that the Debtors are still working with respondents to resolve several pending objections to claims and that the Debtors have routinely continued other claim objections for many months.  At this time, the Debtors are still addressing several different omnibus claims objections, including claims subject to the 48th Omnibus, which have been continued until March 18, 2010 and March 25, 2010.  [Docket Nos. 6636 and 5743].

34.    Under these circumstances, reinstatement of the Administrative Claim to address the amount of the Debtors' receivables on the merits will not cause prejudicial delay.  The Debtors have invested little time in obtaining setoff of the alleged receivables against the Administrative Claim.  If permitted to respond in substance to the claim objections, Archos will

receive no advantage as a result of delay; nor will the Debtor be prejudiced by such delay. [2]

### C.  Reconsideration will have no adverse impact upon judicial proceedings.

35.     Little time has elapsed since entry of the Orders, and no subsequent orders have been entered that would otherwise affect the relief requested herein.   Additionally, other creditors have filed responses to the 48th Omnibus, which remain pending, and, on information and belief, unresolved.  Because the Debtors have not resolved all of their administrative claims objections, no prejudice will exist by adding this one claim to the list of claims that must be unresolved.

### D.  The delay was due to Archos' factual circumstances that led Archos to believe it did not need to file a response.

36.     This dilemma results from an unfortunate sequence of events that began with the Transfer Agreement on September 29, 2009, pursuant to which Archos transferred its Administrative Claim to ASM.  As of that date, Archos believed that: (a) the Administrative Claim remained in good standing and not subject to any right of the Debtor to setoff against it; and (b) pursuant to the Transfer Agreement, ASM now owned the Administrative Claim and any objection concerning that claim would be directed to ASM.

37.     Fourteen days later the Debtors filed the 48th Omnibus Objection at a time when Archos did not believe it held an administrative claim against the Debtors against which the Debtors could setoff receivables.  Only once it became clear that to ASM (and then Archos) that the Administrative Claim had been wiped out by the Setoff Order did ASM and Archos realize that action was necessary.

---

[2]     Archos has already begun working with the Debtors to resolve the discrepancy between Archos' calculation and the Debtors' calculation of the Receivables owed to the Debtors.

### E.  Archos has acted in good faith at all times.

38.    Archos has acted in good faith at all times by timely filing its proofs of claim, in which it already given Debtors credit for the Receivables.  Upon learning that the Debtors' alleged receivable amount had been setoff against its Administrative Claim, Archos promptly took steps to consult with counsel and file this motion seeking relief.  Moreover, Archos is confident that, if given the opportunity to address the merits of the Administrative Claim, the Court would determine that the proper amount of the Receivables is $229,166.21, not the $343,356.67 alleged by the Debtors.  As such, after setting off Receivables in the amount of $229,166.21, Archos should retain an Administrative Claim in the amount of $49,084.

### II.    Reconsideration is Also Appropriate Because the Debtors Obtained Relief Without Proper Notice

39.    Although the notice of the 48th Omnibus Objection stated that the Administrative Claim may be reduced upon failure to respond, it said nothing to suggest that the Debtors may seek to recover receivables in excess of the amount of the Administrative Claim.

40.    The Supreme Court has recognized that "an elemental and fundamental requirement of due process in any proceeding which is to be accorded finality is notice, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . ." Mulane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 94 L. Ed. 865 (1950).

41.    The Debtors' notice served in connection with the 48th Omnibus (the "Notice") advised that the Debtors sought to "setoff certain administrative and/or 503(b)(9) claims to the extent of the amount of Receivables (as defined in the Objection)."  The Notice also included a chart demonstrating that the Debtors sought to reduce Archos' 503(b)(9) Claim from

$278,250.00 to $0.  However, the Notice did not advise that, in addition to reducing Archos'

503(b)(9) Claim to zero via setoff, the Debtors would then seek to recover approximately

$65,000 from Archos on account of receivables that allegedly exceed the 503(b)(9) Claim.  In

fact, the Notice reserved the right of the Debtors to assert counterclaims in the future.

## CONCLUSION

For the foregoing reasons, Archos has met the standards for relief based on excusable

neglect.  Archos respectfully submits that reconsideration of the Orders with respect to claim 441

is warranted under Section 502(j) of the Bankruptcy Code and Bankruptcy Rules 3008 and 9024.

## NOTICE

Pursuant to Local Bankruptcy Rule 9014-1(B), Archos requests that the Preliminary

Hearing and Final Hearing on this matter be consolidated and heard on the scheduled Omnibus

Hearing Date of April 29, 2010 at 2:00 p.m.

Pursuant to Local Bankruptcy Rule 4001(a)-1(F), notice of this Motion will be served

upon (a) counsel for the Debtor, (b) the United States Trustee, and (c) counsel for the Official

Committee of Unsecured Creditors.

## NO PRIOR REQUEST

No previous application for the relief requested herein has been made by Archos to this

or any other Court.

## WAIVER OF MEMORANDUM OF LAW

Archos respectfully requests that the Court treat this Motion as a written memorandum of

points and authorities and waive any requirement that this Motion be accompanied by a written

memorandum of points and authorities as required by Local Bankruptcy Rule 9013-1(G). Archos reserves the right to file a brief in reply to any objection to this Motion.

WHEREFORE, for the foregoing reasons and for cause shown, Archos respectfully requests that the Court enter the proposed Order attached hereto as <u>Exhibit C</u> granting (i) Archos' request for reconsideration of the Orders and (ii) such other relief as this Court deems just and proper.

Dated: April 2, 2010

Respectfully submitted,

/s/ Troy Savenko
Troy Savenko (Va. Bar No. 44516)
Leslie A. Skiba (Va. Bar No. 48783)
GREGORY KAPLAN, PLC
7 East Second Street (23224-4253)
Post Office Box 2470
Richmond, VA  23218-2470
Telephone:     (804) 423-7921
Facsimile:     (804) 230-0024

*Counsel to Archos, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 2, 2010, a copy of the foregoing Motion of Archos, Inc. for Reconsideration of the Court's Orders on the Debtors' Forty-Eighth Omnibus Objection was filed and served via the Court's Electronic Case Filing System on all parties receiving such notice, including the following (also served by separate e-mail): (a) counsel for the Debtor (circuitcityservice@mcguirewoods.com and project.circuitcity@skadden.com); (b) the United States Trustee (Robert.B.Van.Arsdale@usdoj.gov); and (c) counsel for the Official Committee of Unsecured Creditors (jpomerantz@pszjlaw.com, rfeinstein@pszjlaw.com, ltavenner@tb-lawfirm.com, and pberan@tb-lawfirm.com).

/s/ Troy Savenko
Counsel

<u>**EXHIBIT A**</u>

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | ) | Case No. **08-35653** |
| | ) | |
| Debtors. | ) | Jointly Administered |

<u>**DECLARATION OF THERESA COOKSON**</u>

I, Theresa Cookson, hereby declare as follows:

1.      I am employed as Director of Finance of Archos, Inc. ("<u>Archos</u>").

2.      Prior to the commencement of the above-referenced bankruptcy case, Archos sold goods on credit to the Debtors in the ordinary course of the Debtors' business.

3.      As of the Petition Date[1], Archos held claims against the Debtors for goods delivered totaling $1,120,550.00.  Archos also recognized receivables due to the Debtors totaling $229,166.21 (the "<u>Receivables</u>").

4.      On November 17, 2008, Archos timely filed a proof of claim in the aggregate amount of $891,383.79 (the "<u>Aggregate Claim</u>") on account of all goods sold to the Debtor prior to the Petition Date net of the Receivables.

5.      The Aggregate Claim alleged Archos' entitlement to: (a) an administrative claim under 11 U.S.C. § 503(b)(9) in the amount of $278,250.00 (the "<u>Administrative Claim</u>") and (b)

---

[1]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion of Archos, Inc. for Reconsideration of the Court's December 18, 2009 Order on the Debtors' Forty-Eighth Omnibus Objection for Purposes of Vacating the Determination of the Amount of the Debtors' Receivables Setoff Against Archos, Inc.'s Administrative Claim.

Troy Savenko (Va. Bar No. 44516)
Leslie A. Skiba (Va. Bar No. 48783)
GREGORY KAPLAN, PLC
7 East Second Street (23224-4253)
Post Office Box 2470
Richmond, Virginia 23218-2470
Telephone:(804) 423-7921
Facsimile: (804) 230-0024

*Counsel for Archos, Inc.*

a general unsecured claim in the amount of $613,133.79 (the "Unsecured Claim"), which amount

reflects application of a credit to the Debtors for the Receivables.

6.      Archos amended the Aggregate Claim by filing two distinct proofs of claim; one

for the Administrative Claim (claim number 441) and one for the Unsecured Claim (claim

number 239).   The amount of the Administrative Claim plus the Unsecured Claim equals the

amount of the Aggregate Claim.

7.      By letter dated September 17, 2009, ASM Capital ("ASM") offered to purchase

the Administrative Claim.   On September 29, 2009, Archos signed an administrative claim

purchase agreement (the "Transfer Agreement") and returned it to ASM effectuating the transfer

of the Administrative Claim to ASM (the "Claim Transfer").

8.      On December 16, 2009, ASM filed a transfer of Archos' Administrative Claim

and the administrative claim of another creditor.   The claims register reflects that the Claim

Transfer was effectuated as of that date.   On December 23, 2009, the Clerk's Office issued its

Notice of Transfer of Claim.

9.      Archos was listed as the notice party on Archos' 503(b)(9) proof of claim.

Through inadvertence, I did not realize that Archos needed to respond to the 48th Omnibus

because the 503(b)(9) Claim had previously been assigned to ASM.   Moreover, I did not realize

that the Debtors sought to recover receivables in excess of the 503(b)(9) Claim from Archos

pursuant to the 48th Omnibus.   As a result, Archos did not immediately take any action to

respond to the 48th Omnibus.

10.      Recently it came to my attention that the Debtors had effectuated a setoff against

the 503(b)(9) Claim which reduced the 503(b)(9) Claim to zero.   I immediately requested

Archos' outside counsel to obtain local counsel for Archos in this case to prosecute the 503(b)(9) Claim.

11.      The correct amount of Receivables due to the Debtors is $229,166.21, rather than $343,356.67 as alleged by the Debtors.   I gave the Debtors credit for $229,166.21 in the Aggregate Claim and the Unsecured Claim.

12.      Pursuant to Section 1746 of Title 28 of the Untied States Code, I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 2, 2010

/s/ Theresa Cookson
Name: Theresa Cookson
Title: Director of Finance

3

Gregg M. Galardi, Esq.            Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.           Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                         One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                           RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
              Debtors.       :   Jointly Administered
- - - - - - - - - - - - - - x

**NOTICE OF DEBTORS' FORTY-EIGHTH OMNIBUS OBJECTION TO CERTAIN
ADMINISTRATIVE EXPENSES AND 503(b)(9) CLAIMS AND MOTION FOR (I)
AUTHORITY TO SETOFF AGAINST SUCH EXPENSES AND CLAIMS AND (II) A
WAIVER OF THE REQUIREMENT THAT THE FIRST HEARING ON ANY RESPONSE
PROCEED AS A STATUS CONFERENCE**

      **PLEASE TAKE NOTICE THAT** the above-captioned Debtors (the
"Debtors") filed the Forty-Eighth Omnibus Objection to Certain
Administrative Expenses and 503(b)(9) Claims and Motion for (I)
Authority to Setoff Against Such Expenses and Claims and (II) a
Waiver of the Requirement that the First Hearing on Any Response
Proceed as a Status Conference (the "Objection") with the
Bankruptcy Court.  A copy of the Objection is attached to this
notice (this "Notice") as Exhibit 1.  By the Objection, the
Debtors are seeking to setoff certain administrative and/or
503(b)(9) claims to the extent of the amount of Receivables (as
defined in the Objection).

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to setoff certain claims, including your claim(s), listed below, all as set forth in the Objection.

| TO | Claim Number | Amount Claimed as Filed | Amount of Claim as Modified |
|---|---|---|---|
| ARCHOS INC<br>7951 E MAPPLEWOOD AVE STE 260<br>GREENWOOD VILLAGE, CO 80111 | 441 | $278,250.00 | $0.00 |

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION. YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY 4:00 P.M. (EASTERN) ON NOVEMBER 4, 2009, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

## <u>Critical Information for Claimants</u>
## <u>Choosing to File a Response to the Objection</u>

<u>Who Needs to File a Response</u>:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Debtors before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>:  The Response Deadline is **4:00 p.m. (Eastern Time) on November 4, 2009 (the "Response Deadline")**.

THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Debtors' attorneys:

SKADDEN, ARPS, SLATE, MEAGHER     MCGUIREWOODS LLP
& FLOM, LLP                       One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, VA 23219
Wilmington, DE 19899-0636         Attn: Dion W. Hayes
Attn: Gregg M. Galardi            Attn: Douglas M. Foley
Attn: Ian S. Fredericks

              - and -

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606

Attn:   Chris L. Dickerson

The hearing on the Objection will be held at **10:00 a.m. (Eastern) on November 12, 2009 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5100
> Richmond, Virginia 23219

If you file a timely Response, <u>you need to appear</u> at the hearing on the Objection, **which is scheduled for November 12, 2009 at 10:00 a.m. (Eastern)**, if you want the Court to consider your views on the Objection.  In the Objection, the Debtors request that the Court <u>hear legal argument</u> on and resolve <u>the legal issues</u> presented by the Objection at the November 12, 2009 hearing.  After the Court rules on the legal issues presented in the Objection, and to the extent any facts are in dispute, the Debtors and any responding Claimant may thereafter engage in discovery and schedule an evidentiary hearing, if necessary.

## Procedures for Filing a Timely Response and Information Regarding the Hearing on the Objection

**Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to the Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

    a.    a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

    b.    the claimant's name and an explanation for the amount of the Claim;

    c.    a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.     a copy of or identification of any other
       documentation or other evidence of the Claim, to
       the extent not already included with the Claim
       that the claimant presently intends to introduce
       into evidence in support of its Claim at the
       hearing; provided, however, that for a Response
       filed in support of a Claim arising out of a
       lease of real property, the Response need not
       attach such lease if the claimant indicates its
       willingness to provide such documentation upon
       request;

e.     a declaration of a person with personal knowledge
       of the relevant facts that support the Response;
       and

f.     the claimant's address, telephone number and
       facsimile number and/or the name, address,
       telephone number and facsimile number of the
       claimant's attorney and/or designated
       representative to whom the attorneys for the
       Debtors should serve a reply to the Response, if
       any (collectively, the "Notice Address").  If a
       Response contains Notice Address that is
       different from the name and/or address listed on
       the Claim, the Notice Address will control and
       will become the service address for future
       service of papers with respect to all of the
       claimant's Claims listed in the Objection
       (including all Claims to be setoff) and only for
       those Claims in the Objection.

g.     To the extent such person differs from the person
       identified pursuant to subjection e, above, the
       name, address, telephone number, facsimile
       number, and electronic mail address of the
       representative of the claimant (which
       representative may be the claimant's counsel)
       party with authority to reconcile, settle or
       otherwise resolve the Objection on the claimant's
       behalf (collectively, the "Additional
       Addresses").  Unless the Additional Addresses are
       the same as the Notice Addresses, the Additional
       Address will not become the service address for
       future service of papers.

     **Additional Information**.  To facilitate a resolution of the
Objection, your Response should also include the name, address,

telephone number and facsimile number of the party with
authority to reconcile, settle or otherwise resolve the
Objection on the claimant's behalf.  Unless the Additional
Addresses are the same as the Notice Addresses, the Additional
Addresses will <u>not</u> become the service address for future service
of papers.

   **Failure to File Your Timely Response**.  If you fail to file
and serve your Response on or before the Response Deadline in
compliance with the procedures set forth in this Notice, the
Debtors will present to the Bankruptcy Court an appropriate
order granting the relief requested in the Objection <u>without
further notice</u> to you.

   **Each Objection Is a Contested Matter**. Each Claim subject to
the Objection and the Response thereto shall constitute a
separate contested matter as contemplated by Bankruptcy Rule
9014, and any order entered by the Bankruptcy Court will be
deemed a separate order with respect to such claim.

## Additional Information

   **Requests for Information**.  You may also obtain a copy of
the Objection or related documents on the internet, by accessing
the website of the Debtors at <u>www.kccllc.net/circuitcity</u>.

7

    **Reservation of Rights**.  Nothing in this Notice or the Objection constitutes a waiver of the Debtors' right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you by the Debtors.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Debtors have the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date on any grounds or bases.  In such event, you will receive a separate notice of any such objections.

Dated: October 13, 2009     SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia     FLOM, LLP
                                    Gregg M. Galardi, Esq.
                                    Ian S. Fredericks, Esq.
                                    P.O. Box 636
                                    Wilmington, Delaware 19899-0636
                                    (302) 651-3000

                                      - and -

                                    SKADDEN, ARPS, SLATE, MEAGHER &
                                    FLOM, LLP
                                    Chris L. Dickerson, Esq.
                                    155 North Wacker Drive
                                    Chicago, Illinois 60606
                                    (312) 407-0700

                                      - and -

                                    MCGUIREWOODS LLP

                                    /s/ Douglas M. Foley           .
                                    Dion W. Hayes (VSB No. 34304)
                                    Douglas M. Foley (VSB No. 34364)
                                    One James Center
                                    901 E. Cary Street
                                    Richmond, Virginia 23219
                                    (804) 775-1000

                                    Counsel for Debtors and Debtors
                                    in Possession

\10029470.1

**EXHIBIT B**



CASE No: 08-35653
PRF No. 20792

SVC: 3
PACK No: 11
OMNI 48 CLAIMANTS

ARCHOS INC
7951 E MAPPLEWOOD AVE STE 260
GREENWOOD VILLAGE, CO 80111

EXHIBIT C

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. **08-35653** |
| | ) | |
| Debtors. | ) | Jointly Administered |

## ORDER GRANTING MOTION FOR RECONSIDERATION

This matter comes before the Court on the Motion of Archos, Inc. for Reconsideration of the Court's Orders on the Debtors' Forty-Eighth Omnibus Objection (the "Motion") [Docket No. _____].  The Court, having reviewed the Motion and all pleadings relating thereto and having heard the statements of counsel regarding the relief requested in the Motion at a Hearing before the Court (the "Hearing"), finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Motion and the Hearing (and the proposed Order) was sufficient; and (d) reconsideration of the 48th Omnibus Objection as it relates to Archos is appropriate under the circumstances.  Having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause of the relief granted herein;

IT IS HEREBY ORDERED:

1.    The Motion is GRANTED.

2.    All capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

_____
Troy Savenko (Va. Bar No. 44516)
Leslie A. Skiba (Va. Bar No. 48783)
GREGORY KAPLAN, PLC
7 East Second Street (23224-4253)
Post Office Box 2470
Richmond, Virginia 23218-2470
Telephone: (804) 423-7921
Facsimile: (804) 230-0024

*Counsel for Archos, Inc.*

3.      The Court will hold a hearing on [DATE] to reconsider its December 3, 2009

Order and December 18, 2009 Order on the Debtors' Forty-Eighth Omnibus Objection as such

orders relate to Archos, Inc.


ENTERED:

_____

UNITED STATES BANKRUPTCY JUDGE


I ASK FOR THIS:


_____
Troy Savenko (Va. Bar No. 44516)
Leslie A. Skiba (Va. Bar No. 48783)
GREGORY KAPLAN, PLC
7 East Second Street (23224-4253)
Post Office Box 2470
Richmond, VA   23218-2470
Telephone:    (804) 423-7921
Facsimile:    (804) 230-0024

*Counsel to Archos, Inc.*

## LOCAL RULE 9022-1 CERTIFICATION

In accordance with Local Rule 9022-1, I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Troy Savenko
_____
Troy Savenko

<u>**SERVICE LIST**</u>

Jeffrey N. Pomerantz
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA 90067
jpomerantz@pszjlaw.com
*Counsel to the Official*
*Committee of Unsecured Creditors*

Lynn L. Tavenner
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219
ltavenner@tb-lawfirm.com
*Counsel to the Official*
*Committee of Unsecured Creditors*

Robert B. Van Arsdale
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia  23219
Robert.B.Van.Arsdale@usdoj.gov
*Assistant United States Trustee*

Dion W. Hayes
McGuireWoods LLP
One James Center, 901 E. Cary St.
Richmond, VA 23219
circuitcityservice@mcguirewoods.com
*Counsel to Debtors*

Gregg M. Galardi
Skadden Arps Slate Meagher & Flom LLP
One Rodney Sq.
P.O. Box 636
Wilmington, DE 19899
project.circuitcity@skadden.com
*Counsel to Debtors*