## **Exhibit A**

**Joint Stipulation of Settlement Agreement and Release of Class Action Claims**

1  NATHAN GOLDBERG (SBN 61292)
   MICHAEL MAROKO (SBN 62013)
2  **ALLRED, MAROKO & GOLDBERG**
   6300 Wilshire Boulevard, Suite 1500
3  Los Angeles, California 90048
   Telephone: 323-653-653
4  Facsimile: 323-653-1660
   Attorneys for Plaintiffs
5
   DAVID M. deRUBERTIS (SBN 208709)
6  **THE deRUBERTIS LAW FIRM**
   21800 Oxnard Street, Suite 1180
7  Woodland Hills, California 91367
   Telephone: 818-227-8605
8  Facsimile: 818-227-8616
   Attorneys for Plaintiffs
9
   E. JOSEPH CONNAUGHTON (SBN 166765)
10 JEFFREY P. AMES (SBN 234871)
   **PAUL, PLEVIN, SULLIVAN & CONNAUGHTON** LLP
11 401 B Street, Tenth Floor
   San Diego, California 92101-4232
12 Telephone: 619-237-5200
   Facsimile: 619-615-0700
13 Attorneys for Defendant

14

15             SUPERIOR COURT OF THE STATE OF CALIFORNIA

16             COUNTY OF LOS ANGELES – CENTRAL DISTRICT

17                 CENTRAL CIVIL WEST COURTHOUSE

18 DANIEL E. WEIDLER; MICHAEL F.              CASE NO. BC369011
   YEZBACK; ELOISE GARCIA, ANGIE
19 DURON, individually and on behalf of a     **JOINT STIPULATION OF SETTLEMENT**
   class of all similarly-situated individuals, **AGREEMENT AND RELEASE OF CLASS**
20                                             **ACTION CLAIMS**
           PlaintiffS,
21
       v.
22                                            Date:          TBD
   CIRCUIT CITY STORES, INC.; and            Time:          TBD
23 DOES 1 through 100, inclusive,            Dept:          324
                                             Judge:         Hon. Victoria G. Chaney
24        Defendants.                        Complaint Filed: April 4, 2007
                                             Trial Date:    Not set
25

26       This Joint Stipulation of Settlement Agreement and Release of Class Action Claims

27 ("Stipulation of Settlement") is made and entered into by and between Plaintiffs Daniel E.

28 Weidler, Michael F. Yezback, Eloise Garcia, and Angie Duron ("Plaintiffs" or "Class

1    Representatives"), on the one hand, and Defendant Circuit City Stores, Inc. ("Circuit City" or

2    "Defendant"), on the other hand, and is subject to the terms and conditions hereof and the

3    approval of the Court.  As used herein, "Settlement" means the terms and conditions set forth in

4    this Stipulation of Settlement.  Plaintiffs and Defendant are referenced collectively herein as "the

5    Parties."

6        1.       On April 4, 2007, Plaintiffs filed a proposed class action complaint in the

7    Los Angeles County Superior Court, Case No. BC369011, captioned *Daniel E. Weidler,*

8    *Michael F. Yezback, Eloise Garcia, individually and on behalf of a class of all similarly situated*

9    *employees v. Circuit City Stores, Inc.*  On September 4, 2007, Plaintiffs filed a First Amended

10    Complaint, captioned *Daniel E. Weidler, Michael F. Yezback, Eloise Garcia, Angie Duron,*

11    *individually and on behalf of a class of all similarly situated employees v. Circuit City Stores,*

12    *Inc.,* (hereinafter referred to as "the Action").  The First Amended Complaint alleges that

13    Plaintiffs and other similarly situated former employees of Defendant are entitled to recover

14    general and compensatory damages, including unpaid wages, punitive damages, interest,

15    attorneys' fees, and costs under California Government Code section 12940 *et seq.*  Plaintiffs'

16    complaint also contains a cause of action for wrongful discharge in violation of public policy,

17    including violation of California Government Code sections 12940 and 12941, and seeks general

18    and compensatory damages, including unpaid wages, punitive damages, interest, attorneys' fees,

19    and costs.

20        2.       Plaintiffs believe the Action is meritorious as described in their complaint, and that

21    this case is appropriate for class certification under California law.  Plaintiffs have considered the

22    expense and length of continued proceedings necessary to continue the Action against Defendant

23    through class certification, pre-trial motions, trial, and any possible appeals.  Plaintiffs have also

24    taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties

25    inherent in such litigation.  Plaintiffs are also aware of the burdens of proof necessary to establish

26    suitability of the case as a class action, liability for the claims asserted in the Action, Defendant's

27    defenses thereto, and the difficulties in establishing Plaintiffs' damages.  Plaintiffs have also

28    considered the settlement negotiations conducted by the Parties and the recommendations of the

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

2

1    mediator (Antonio Piazza, Esq.), who is highly experienced in employment litigation and in

2    complex class litigation. Based on the foregoing, Plaintiffs have determined that this Settlement

3    is fair, adequate and reasonable, and in the best interests of the Settlement Class defined below.

4    Should this Settlement not be finally approved by the Court, neither this Stipulation of Settlement

5    nor any documents referred to herein, nor any action taken to carry out the Parties' Settlement is,

6    or may be construed as or may be used as, an admission by or against the Plaintiffs as to the

7    merits or lack thereof of the claims asserted by Plaintiffs.

8         3.    Defendant denies any liability or wrongdoing of any kind associated with the

9    claims alleged in Plaintiffs' complaint. Defendant contends, among other things, that at all times

10    it has fully complied with the California Government Code, and that Plaintiffs and similarly

11    situated employees were paid all wages owing to them under California law.

12         4.    The Parties have conducted significant discovery and investigation of the facts and

13    law both before and after the Action was filed. Such discovery and investigation have included,

14    *inter alia*, the exchange of information pursuant to extensive informal discovery, meetings and

15    conferences, two mediation sessions, and interviews of potential witnesses. Although formal

16    discovery was stayed, the Parties exchanged and analyzed extensive electronic data, including

17    information regarding Defendant's March 28, 2007 terminations which form the basis of

18    Plaintiffs' complaint, documents reflecting Defendant's relevant policies and procedures,

19    information relevant to the size and composition of the putative classes of former employees

20    alleged in the complaint, documents regarding the implementation of the March 28, 2007

21    terminations, and information relevant to the damages alleged in the complaint. The Parties each

22    hired experts to analyze employment data for class representatives and putative class members.

23    On April 21, 2008 and May 15, 2008, the Parties participated in mediation sessions with mediator

24    Antonio Piazza in San Francisco. The Parties subsequently reached a tentative agreement to settle

25    the case, agreed on the key terms of the tentative settlement, and continued to negotiate specific

26    terms of the settlement. The Parties now enter into this detailed, formalized settlement agreement

27    to submit to the Court for approval in accordance with their earlier tentative agreement.

28    ///

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

3

5.    For purposes of settling this lawsuit only, the Parties conditionally stipulate and agree that the requisites for establishing class certification are met with respect to a single "Settlement Class" as defined below, and stipulate to certification of this Settlement Class for purposes of this settlement only.

6.    The Settlement Class shall be composed exclusively of "Class Members." A "Class Member" shall be defined as follows:

> All persons who were employed by Circuit City in California and who were at least forty (40) years of age as of March 28, 2007, and whose employment with Circuit City was terminated on or about March 28, 2007 or shortly thereafter in relation to their wage rates.

7.    For purposes of this settlement only, the Parties further conditionally stipulate and agree that:

a.    The members of the Settlement Class are so numerous as to make it impracticable to join all Class Members.

b.    The Settlement Class is ascertainable.

c.    There are common questions of law and fact including, but not necessarily limited to, the following:

1)    Whether the wage management initiative constitutes a companywide decision and/or policy, which was applied throughout the State of California, in a common scheme to terminate age-protected workers;

2)    Whether the Defendant's March 28, 2007 terminations had a disparate impact on older workers in violation of the California Fair Employment and Housing Act (Government Code section 12940 *et seq.*);

3)    Whether the Defendant had a valid business necessity defense that would have barred liability even if the terminations did disparately impact older workers;

4)    Whether the implementation of the "wage management initiative" had the purpose of discriminating against older workers;

5)    Whether Defendant engaged in the conduct alleged with malice, fraud or oppression under California law.

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

4

1          d.      Plaintiffs' claims are typical of the claims of the members of the Settlement

2     Class.

3          e.      The deRubertis Law Firm and Allred, Maroko & Goldberg shall be deemed

4     "Class Counsel" and will fairly and adequately protect the interests of the Class Members.

5          f.      The prosecution of separate actions by individual members of the

6     Settlement Class would create the risk of inconsistent or varying adjudications, which would

7     establish incompatible standards of conduct.

8          g.      Questions of law and fact common to the members of the Settlement Class

9     predominate over questions affecting individual members of those classes, and a class action is

10    superior to other available means for the fair and efficient adjudication of the controversy.

11         8.      It is the desire of the Parties to fully, finally, and forever settle, compromise, and

12    discharge all disputes and claims that exist between them arising from or related to the lawsuit or

13    the Class Members' termination of employment in or about March of 2007 from Circuit City.  In

14    order to achieve a full and complete release of Defendant (and the Releasees as defined in

15    Paragraph 9) of such disputes and claims, each Class Member (which includes any legal heirs

16    and/or successors-in-interest of each Class Member), through execution of the Stipulation of

17    Settlement by the Class Representatives, acknowledges that this Stipulation of Settlement is

18    intended to include in its effect all claims arising from or related to the lawsuit or the Class

19    Members' termination of employment in or about March of 2007, exclusive only of claims the

20    Class Members may have under the related case of *Moncayo, et al. v. Circuit City*, Los Angeles

21    Superior Court Case No. BC368973, contained in this Settlement, including all claims set forth in

22    paragraph 28 of this Stipulation of Settlement, which each Class Member does not know or

23    suspect to exist in his or her favor against Defendant.  The Settlement Class, including Plaintiffs

24    and each Class Member, waives all rights and benefits afforded by section 1542 of the Civil Code

25    of the State of California with respect to such disputes and claims, and does so understanding the

26    significance of that waiver.  Section 1542 provides:

27                 **A general release does not extend to claims which the creditor
                   does not know or suspect to exist in his or her favor at the time**

28

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

5

1             **of executing the release, which if known by him or her must
2             have materially affected his or her settlement with the debtor.**

3       9.     It is the intention of the Parties that this Stipulation of Settlement shall constitute a

4 full and complete settlement and release all claims arising from or related to the lawsuit or the

5 Class Members' termination of employment in or about March of 2007, including, without

6 limitation, any and all claims under state and federal law for unpaid damages, penalties and

7 attorneys' fees arising from the Class Members' termination of employment in or about March of

8 2007, and, as encompassed by the class definition, exclusive only of claims the Class Members

9 may have under the related case of *Moncayo, et al. v. Circuit City*, Los Angeles Superior Court

10 Case No. BC368973, which release shall include in its effect Circuit City Stores, Inc., and each of

11 their present and former affiliates, parent companies, subsidiaries, shareholders, officers, partners,

12 directors, employees, agents, attorneys, insurers, predecessors, successors and assigns and each

13 and all of their respective officers, partners, directors, servants, agents, shareholders, employees,

14 representatives, accountants, insurers, and attorneys, past, present, and future, and all persons

15 acting under, by, through, or in concert with any of them (collectively, the "Releasees").

16       10.     Class Counsel has conducted a thorough investigation into the facts of the class

17 action, including an extensive review of relevant documents and electronic data, and has

18 diligently pursued an investigation of Class Members' claims against Defendant. Prior to the

19 Parties' tentative agreement to settle this case, Class Counsel examined extensive data pertaining

20 to Class Members, including dates of employment and termination, data regarding Class

21 Members' age and compensation rates, documents regarding the March 28, 2007 terminations,

22 and Class Members' potential damages. Based on the foregoing data, data developed during

23 discovery, and its own independent investigation and evaluation, Class Counsel is of the opinion

24 that this Settlement is fair, reasonable, and adequate, and is in the best interest of the Class

25 Members in light of all known facts and circumstances, including the risk of significant delay,

26 defenses asserted by Defendant to class certification and liability, and numerous potential

27 appellate issues.

28 ///

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

6

1    11.    The Parties agree to cooperate and to take all steps necessary and appropriate to

2  dismiss this action with prejudice after all payments described herein have been made.

3    12.    In order for Defendant to make payment to a Class Member, it is necessary for the

4  Class Member to provide certain information and confirm his or her identity and address. This

5  Settlement provides that Defendant will make payments of specified sums to every Class Member

6  who does not opt out of the Settlement and provides the information necessary to make payment

7  by submitting a timely Claim Form. This Settlement establishes a Maximum Class Payment from

8  which claims are paid, and establishes an individual entitlement for each Class Member who

9  provides the necessary information by submitting a valid, timely Claim Form.

10    13.    This Settlement provides for a "claims made" process requiring Defendant to make

11  a maximum payment of FIFTEEN MILLION DOLLARS ($15,000,000.00) that shall be referred

12  to herein as the "Maximum Payment." The Maximum Payment represents the maximum amount

13  that Defendant shall make toward the settlement of this action (except that Defendant shall also be

14  responsible for the employer's share of payroll taxes in addition to the Maximum Payment). The

15  Maximum Payment includes Class Counsel's attorneys' fees and costs, the enhancement

16  payments to the Class Representatives, and all costs of administration of this Settlement. Under

17  no circumstances shall Defendant be required to make any payment in excess of the Maximum

18  Payment.

19    14.    The Parties agree to work together expeditiously to obtain preliminary and final

20  approval of this Settlement. The parties agree that California Code of Civil Procedure section 384

21  is not applicable to this Settlement. Neither Plaintiffs nor Class Counsel shall take, or cause any

22  other person to take, a position before the Court that California Code of Civil Procedure section

23  384 applies to this Settlement.

24    15.    In the event that more than 10% of the Class Members exclude themselves from

25  the settlement by timely returning Request for Exclusion forms to the Claims Administrator,

26  Defendant may, at its sole option, rescind this Stipulation. In order to exercise its rights under

27  this paragraph, Defendant must give written notice to Class Counsel and to the Court no later than

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

7

1 | fifteen (15) days after the deadline for Class Members to submit Request for Exclusion forms to

2 | the Claims Administrator.

3 |     16.    The "Maximum Class Payment" will consist of the portion of the Maximum

4 | Payment remaining after subtraction of Court-approved attorneys' fees and costs, enhancement

5 | awards to Class Representatives, and costs of administration. The Parties estimate that the

6 | Maximum Class Payment will total approximately ELEVEN MILLION ONE HUNDRED

7 | FORTY THOUSAND DOLLARS ($11,140,000.00) if all fees, costs, and enhancements are

8 | approved by the Court.

9 |     17.    100% of the Maximum Class Payment shall be available for distribution to Class

10 | Members.

11 |     18.    Each Class Member who submits a valid, timely Claim Form shall be entitled to a

12 | share of the Class Payment based on the formula set forth below in paragraph 20(d).

13 |     19.    For tax purposes the Parties agree to allocate 25% of any amounts paid to Class

14 | Members as wages, and 75% to non-wages, reportable on IRS Form 1099, as required.

15 | **TERMS OF SETTLEMENT**

16 |     20.    NOW, THEREFORE, in consideration of the mutual covenants, promises, and

17 | warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:

18 |     a.    This lawsuit and any claims, damages, or causes of action arising out of the

19 | dispute which is the subject of this lawsuit, or related to the Class Members' termination of

20 | employment in or about March of 2007, shall be settled and compromised as between the

21 | Settlement Class and Defendant, subject to the terms and conditions set forth in this Stipulation of

22 | Settlement and the approval of the Superior Court of Los Angeles County. In the event that the

23 | Court does not execute and file the Order of Final Approval, or in the event that the Order of

24 | Final Approval does not become final for any reason, or in the event that this Settlement is

25 | modified in any material respect, or in the event that the Settlement Date, as defined herein, does

26 | not occur, this Stipulation of Settlement shall be deemed null and void *ab initio* and shall be of no

27 | force or effect whatsoever, and shall not be referred to or utilized for any purpose whatsoever.

28 |

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

8

1           b.     <u>Settlement Date</u>: The Settlement embodied in this Stipulation of

2  Settlement shall go into effect upon entry of a final order by the Court certifying the class and

3  dismissing this action with prejudice in accordance with the terms herein, and approving this

4  Stipulation of Settlement.

5           c.     <u>Initial Reductions from the Maximum Payment</u>:

6                 1)     <u>Attorneys' Fees</u>: Subject to the Court's final approval, Defendant

7  agrees to Plaintiffs' request for an attorneys' fees award to Class Counsel in the amount of 25% of

8  the Maximum Payment (up to $3.75 million), in order to compensate and reimburse Class

9  Counsel for all of the work already performed by Class Counsel in this case, all of the work

10  remaining to be performed by Class Counsel in documenting the Settlement, securing Court

11  approval of the Settlement, making sure that the Settlement is fairly administered and

12  implemented, and obtaining dismissal of the action, as well as for all costs and expenses incurred

13  by Class Counsel. Such a percentage fee is warranted considering, without limitation: (1) the

14  time and labor required of Class Counsel in this matter; (2) the complexity involved and the

15  results obtained; (3) the potential contingent nature of the compensation; (4) the opportunity costs

16  to Class Counsel in the time the engagement has taken away from other potential matters; (5) the

17  recognized benchmark award of 30% by California and federal courts in similar class action

18  cases; and (6) the informed consent of the Class Representatives to a percentage fee award up to

19  33⅓%. This attorneys' fee award shall be inclusive of costs advanced by Class Counsel to

20  prosecute this action.

21                 2)     <u>Administration Costs</u>: The Parties have selected Rosenthal &

22  Company as the "Claims Administrator" in this action. Reasonable administration fees and costs

23  shall be paid to the Claims Administrator for work performed and expenses incurred in

24  administration of this Settlement; provided, however, that such administration costs shall not

25  exceed Fifty Thousand Dollars ($50,000.00). All payments to the Claims Administrator shall be

26  deducted from the Maximum Payment subject to Court approval.

27                 3)     <u>Class Representative Enhancements</u>: Subject to Court approval,

28  Defendant agrees to Class Counsel's request for an enhancement award of Fifteen Thousand

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

9

1    Dollars ($15,000.00) each to Plaintiffs Daniel Weidler, Michael Yezback, Eloise Garcia, and

2    Angie Duron, for a total of Sixty Thousand Dollars ($60,000.00) in consideration for serving as

3    Class Representatives. The enhancement awards are in addition to the claim share to which the

4    Class Representatives are entitled along with other claiming Class Members.

5            d.      Payments to Class Members: In consideration for this Settlement and the

6    release of all claims of the Settlement Class against Defendant, Defendant agrees to pay to each

7    member of the Settlement Class who submits a valid, timely claim a share of the Maximum Class

8    Payment.

9            The Maximum Class Payment will be divided among the Class Members by a formula

10   based on the number of years of service prior to termination in or about March 2007. The

11   determination of each Class Member's years of service shall be made by the claims administrator

12   based on company records. Each Class Member shall automatically receive one (1) point (the

13   initial point). Then, for each five (5) years of service, a class member shall receive an additional

14   point. For example, a Class Member who worked two (2) years shall receive one (1) point total

15   (the initial point). A Class Member who worked seven (7) years shall receive two (2) points (the

16   initial point plus an additional point upon completing five (5) years of service).

17           At the conclusion of the claims period, the claims administrator shall determine the total

18   number of points attributable to valid, timely claims and the total number of points attributable to

19   Class Members who do not submit valid claims and/or opt-out. The claims administrator will

20   then divide the Maximum Class Payment by the total number of points attributed to all Class

21   Members, including those who did not submit a valid claim or opted out. This calculation will

22   result in a specific dollar value per point for all Class Members, regardless of whether the Class

23   Member submitted a claim or opted out.

24           Following the determination of the specific dollar value per point, the claims administrator

25   will deduct from the Maximum Class Payment the amount of dollars attributable to those Class

26   Members who do not submit valid, timely claims and/or opt-out. The remaining amount of the

27   Maximum Class Payment shall be distributed to the Class Members who submitted valid, timely

28   claims. Each Class Members' respective payment shall be calculated by multiplying the Class

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS                    10
ACTION CLAIMS

1  Member's number of points by the dollar value per point.

2       21.   <u>Treatment of Unclaimed Portions of Maximum Class Payment</u>: To the extent that

3  any Class Member fails to make a claim, the portion of the Maximum Class Payment initially

4  allocated to that Class Member will remain the property of Defendant.

5       22.   <u>Funding and Payout of Settlement</u>:

6          a.   <u>Settlement Funding Deadline</u>: Within ten (10) business days of the

7  "Effective Date" of final approval by the Court, the Claims Administrator will notify Defendant

8  and Class Counsel of the actual amount to be paid under the Settlement, including the payment of

9  claims administration costs, all payments for Class Counsel's attorneys' fees and costs,

10  enhancement payments to the four Class Representatives, and the claims of all individual Class

11  Members. Within twenty (20) days of said notification, Defendant will transfer funds to the

12  Claims Administrator sufficient to make all such payments. The Effective Date of the Settlement

13  shall be the date of final approval if no objections are filed to the settlement. If objections are

14  filed and overruled, and no appeal is taken of the final approval order, then the Effective Date of

15  final approval shall be sixty-five (65) days after the trial court enters final approval. If an appeal

16  is taken from the Court's overruling of objections to the settlement, then the Effective Date of

17  final approval shall be twenty (20) days after the appeal is withdrawn or after an appellate

18  decision affirming the final approval decision becomes final.

19          b.   <u>Settlement Payout Timetable</u>: Within thirty (30) business days of the

20  "Effective Date" of final approval of the settlement, the Claims Administrator will pay all claims,

21  and Court-approved attorneys' fees, costs, and enhancement payments. No money will be

22  distributed unless and until the Effective Date of final approval occurs.

23       23.   <u>Miscellaneous Provisions regarding Settlement Funds</u>:

24          a.   <u>Tax Treatment of Claim Share Portion of Settlement Payments</u>: Of the

25  amount to be paid to Class Members, 25% is allocated to wages, and 75% to non-wages. The

26  Claims Administrator will be responsible for all required withholdings for portions of any

27  payments designated as wages. Each Class Member who receives a payment under this

28  Settlement will receive an IRS Form W-2 from the Claims Administrator for his or her portion of

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

11

1   the amount treated as wages and will be responsible for correctly characterizing this compensation

2   for tax purposes and for payment of any taxes owing on said amount.  If required, each Class

3   Member will receive an IRS Form 1099 from the Claims Administrator for his or her portion of

4   the amount treated as interest or non-wage claims and will be responsible for correctly

5   characterizing this compensation for tax purposes and for payment of any taxes owing on said

6   amount.

7           b.      Tax Treatment of Class Representative Enhancement Award: Class

8   Representatives will receive an IRS Form 1099 for their individual enhancement award, and will

9   be responsible for correctly characterizing this additional compensation for tax purposes and for

10  the payment of any taxes owing on said amount.

11          c.      Resolution of Disputes Relating To Amount of Claim to be Paid to Class

12  Member: A "Qualified Claimant" will be defined as an individual in the Settlement Class who

13  timely submits a Claim Form signed under the penalty of perjury.  If a Qualified Claimant timely

14  disputes Defendant's records (on a Claim Form) as to the dates that he or she met the definition of

15  a Class Member, or as to the proper size of his or her claim, the Parties' counsel will make a good

16  faith effort to resolve the dispute informally.  If they cannot agree, the dispute shall be submitted

17  to the Claims Administrator, who shall examine Defendant's records and make a good faith

18  determination, which determination shall be final.

19          d.      Right to Rescission: Notwithstanding any other provision of this

20  Stipulation of Settlement, Defendant shall retain the right, in the exercise of its sole discretion, to

21  nullify the settlement within fifteen (15) days of expiration of the opt-out deadline, if more than

22  10% of the Class Members opt out of the settlement by timely submitting Request for Exclusion

23  forms.  In the event of such a rescission, no party may use the fact that the Parties agreed to settle

24  this case as evidence of Defendant's liability in this lawsuit or the lack thereof.  All signatories

25  and their counsel must not encourage opt-outs.  Class Counsel and Class Representatives

26  specifically agree not to solicit opt-outs, directly or indirectly, through any means.

27

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

12

**NOTICE TO THE PLAINTIFF CLASS**

24.    The Parties agree that within ten (10) days after preliminary approval of this settlement agreement, Defendant will provide to the Claims Administrator all of the following information about each Class Member in a format requested by the Claims Administrator: (1) name; (2) last known home address; (3) Social Security number; (4) the dates of employment of each Class Member. The Claims Administrator will perform address updates and verifications as necessary prior to the first mailing. Within twenty (20) days after preliminary approval, and subject to the approval of the Court, the Claims Administrator will mail a Notice of Proposed Class Action Settlement ("Notice") in the form attached hereto as Exhibit "A" to each Class Member, by first class mail. Attached to the Notice will be a Claim Form and Request for Exclusion Form, in the forms attached hereto as Exhibits "B" and "C," respectively.

**CLAIM PROCESS**

25.    Class Members will be permitted no more than forty-five (45) days from the date the notices are mailed by the Claims Administrator to postmark or fax Claim Forms back to the Claims Administrator. Class Members will also have forty-five (45) days from the date the Notices are mailed by the Claims Administrator to postmark objections and/or Requests For Exclusion. The Claims Administrator will perform two skip-traces on returned mail and re-mail claim forms to an updated address (if any) within fifteen (15) business days of receipt of the returned mail. It is the intent of the Parties that reasonable means be used to locate Class Members. Any portion of the Maximum Class Payment not timely claimed shall be retained by Defendant.

26.    Within five (5) business days of receipt by the Claims Administrator of each timely submitted Claim Form, the Claims Administrator will send a deficiency notice to the Class Member for any irregularities in the completed Claim Form. The deficiency notice will provide the Class Members no more than fifteen (15) days from the mailing of the deficiency notice to postmark the response to any deficiencies in writing. The failure of a Class Member to execute a Claim Form under penalty of perjury, timely submit a claim form, or timely submit a response to any deficiency notice shall invalidate a claim and will not be considered deficiencies subject to

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

13

1 cure, unless counsel for both of the Parties stipulate to allow cure.

2      27.     All original Claim Forms shall be sent or faxed directly to the Claims

3 Administrator at the address indicated on the Claim Form. Defendant has made a good faith

4 effort to identify all class members and will provide a detailed list of such class members to the

5 Claims Administrator on an Excel spreadsheet or in such other format as requested by the Claims

6 Administrator. The Claims Administrator will certify jointly to Class Counsel and Defendant's

7 counsel which claims were timely filed. The Claims Administrator shall be responsible for

8 calculating the payment to each Class Member, issuing checks, withholding of all required state

9 and federal taxes, and mailing the payments. Upon completion of the claims period, the Claims

10 Administrator shall provide Plaintiffs and Defendant with a report listing the amount of all

11 payments to be made to each Qualified Claimant. Proof of payment will be filed with the Court

12 and provided to the Parties' counsel.

13                   **RELEASE BY THE CLASS**

14      28.     Upon final approval by the Court, the Settlement Class, and each Class Member

15 who has not submitted a valid Request For Exclusion form, will release Circuit City, and each of

16 their present and former affiliates, parent companies, subsidiaries, shareholders, officers, partners,

17 directors, employees, agents, attorneys, insurers, predecessors, successors and assigns and each

18 and all of their respective officers, partners, directors, servants, agents, shareholders, employees,

19 representatives, accountants, insurers, and attorneys, past, present, and future, and all persons

20 acting under, by, through, or in concert with any of them (collectively, the "Releasees"), from any

21 and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees,

22 damages, action, or causes of action, contingent or accrued, that relate to the Class Members'

23 termination of employment in or about March of 2007 from Circuit City, exclusive only of claims

24 the Class Members may have under the related case of *Moncayo, et al. v. Circuit City*, Los

25 Angeles Superior Court Case No. BC368973, under any federal, state, or local law, including

26 without limitation: allegations of discrimination, wrongful termination, harassment, retaliation,

27 the nonpayment of wages under any federal, state, or local law; allegations of the failure to pay

28 penalties under the California Labor Code (including without limitation penalties under Labor

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

14

1  Code sections 203 and 226); or any other termination related allegations that could have been

2  alleged in or that arise from the complaint, including without limitation all claims arising under

3  the FLSA, the California Labor Code or Business and Professions Code (including section

4  17200), or the IWC Wage Orders, claims for restitution and other equitable relief, conversion,

5  liquidated damages, punitive damages, waiting time penalties, penalties of any nature whatsoever,

6  retirement, health benefits, stock options, stock deferred compensation benefits, or any other

7  benefit claimed on account of unpaid wages, whether known or unknown, and all attendant

8  attorneys' fees and costs, arising therefrom.

9      29.    Upon final approval by the Court, the Settlement Class and each Class Member

10  who has not submitted a valid Request For Exclusion form will expressly waive any and all rights

11  they may have under the Older Workers Benefits Protection Act (OWBPA).  This Agreement is

12  intended to satisfy the requirements of the Older Workers' Benefit Protection Act, 29 U.S.C.

13  § 626(f) and to effectuate the release by the Settlement Class, and each Class Member who has

14  not submitted a valid Request For Exclusion form, of any potential claims under the Federal Age

15  Discrimination in Employment Act.  The release of such potential claims shall not become

16  effective or enforceable until the eighth day after the deadline for submitting a Claim Form

17  ("Enforceable Date").  In other words, any Class Member who submits a Claim Form may revoke

18  their claim within seven (7) days of the expiration of the claims period, which ends on DATE.  In

19  order to be effective, a revocation must be in writing and received by the Claims Administrator,

20  by 5:00 p.m. not later than the seventh day after the end of the claims period.  Class Members are

21  advised to consult with Class Counsel or another attorney regarding this Settlement.  This

22  Settlement does not waive or release any rights or claims that any Class Member may have under

23  the Age Discrimination in Employment Act that arise after the date of final approval by the Court.

24      Plaintiffs acknowledge and agree that they have read and understand the terms and

25  conditions of this Agreement; that they understand that by entering into this Agreement, the

26  Settlement Class is giving up potentially valuable legal rights and intends to be bound by all the

27  terms and conditions set forth herein; that the Settlement Class is entering into this Agreement

28  freely, knowingly and voluntarily; that this Agreement advised them in writing that they may

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

15

1  consult with an attorney before executing this Agreement, if desired; that they have obtained and

2  considered such legal counsel as she deems necessary.

3  <u>**DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL**</u>

4    30. The Parties shall promptly submit this Stipulation of Settlement to the Court in

5  support of a request for preliminary approval and determination by the Court as to its fairness,

6  adequacy, and reasonableness. Promptly upon execution of this Stipulation of Settlement, the

7  Parties shall apply to the Court for the entry of a preliminary order substantially in the following

8  form:

9     a. Scheduling a fairness hearing on the question of whether the proposed

10  settlement, including payment of attorneys' fees and costs, claims administration costs, and the

11  Class Representatives' enhancement awards, should be finally approved as fair, reasonable, and

12  adequate as to the members of the Class;

13     b. Certifying the Class for purposes of settlement;

14     c. Certifying this action under California Code of Civil Procedure section 382

15  and California Rules of Court, rule 3.760 *et seq.* as a class action for purposes of settlement;

16     d. Approving as to form and content the proposed Notice;

17     e. Approving as to form and content the proposed Claim Form;

18     f. Approving as to form and content the proposed Request for Exclusion

19  form;

20     g. Directing the mailing of the Notice, Claim Form and Request for Exclusion

21  form by first class mail to the Class Members;

22     h. Preliminarily approving the settlement subject only to the objections of

23  Class Members and final review by the Court;

24     i. Preliminarily approving Class Counsel's attorneys' fees and costs subject

25  to final review of the Court;

26     j. Preliminarily approving Class Representatives' enhancement awards

27  subject to final review of the Court;

28     k. Preliminarily approving the payment of fees and costs to the Claims

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

1    Administrator for administration of this Settlement, subject to final review of the Court.

2    **DUTIES OF THE PARTIES FOLLOWING FINAL APPROVAL**

3    31.    Following final approval of the settlement provided for in this Stipulation of

4    Settlement, Class Counsel will submit a proposed final order:

5        a.      Approving the Settlement, adjudging the terms thereof to be fair,

6    reasonable, and adequate, and directing consummation of its terms and provisions;

7        b.      Approving the award of attorneys' fees and costs to Class Counsel;

8        c.      Approving the enhancement award to Plaintiffs;

9        d.      Approving the payment of fees and costs of administration to the Claim

10    Administrator; and

11        e.      Dismissing this Action on the merits and with prejudice and permanently

12    barring all members of the Settlement Class from prosecuting against Releasees, any individual or

13    class claims arising out of the acts, facts, transactions, occurrences, representations, or omissions

14    set forth in the lawsuit, that were or could have been asserted in the Action, through the date of

15    the final approval of this Settlement upon satisfaction of all payments and obligations hereunder.

16    **PARTIES' AUTHORITY**

17    32.    The signatories hereto hereby represent that they are fully authorized to enter into

18    this Stipulation of Settlement and bind the Parties hereto to the terms and conditions hereof.

19    **MUTUAL FULL COOPERATION**

20    33.    The Parties agree to fully cooperate with each other to accomplish the terms of this

21    Stipulation of Settlement, including but not limited to, execution of such documents and to take

22    such other action as may reasonably be necessary to implement the terms of this Stipulation of

23    Settlement. The Parties to this Stipulation of Settlement shall use their best efforts, including all

24    efforts contemplated by this Stipulation of Settlement and any other efforts that may become

25    necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and the

26    terms set forth herein. As soon as practicable after execution of this Stipulation of Settlement,

27    Class Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all

28    necessary steps to secure the Court's final approval of this Stipulation of Settlement.

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

17

## NO PRIOR ASSIGNMENTS

34.    The Parties hereto represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

## NO ADMISSION

35.    Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. Each of the Parties hereto has entered into this Stipulation of Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## CONSTRUCTION

36.    The Parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive arms-length negotiations between the Parties, and that this Stipulation of Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her, or its counsel participated in the drafting of this Stipulation of Settlement.

## CAPTIONS AND INTERPRETATIONS

37.    Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof. Each term of this Stipulation of Settlement is contractual and not merely a recital.

## MODIFICATION

38.    This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court. This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

18

### INTEGRATION CLAUSE

39.     This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written, and whether by a party or such party's legal counsel, are merged herein.  No rights hereunder may be waived except in writing.

### BINDING ON ASSIGNS

40.     This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

### SIGNATORIES

41.     It is agreed that because of the large number of Class Members, it is impossible or impractical to have each Class Member execute this Stipulation of Settlement.  The Notice (Exhibit "A" hereto) will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if this Stipulation of Settlement were executed by each member of the Class.

### PUBLIC COMMENT

42.     All of the Parties and their counsel agree that they shall not share or have any communications with any member of the media other than to say that "the matter has been resolved to the mutual satisfaction of the Parties."

### NO RETALIATION BY DEFENDANT

43.     Defendant shall not take any adverse employment action or otherwise target, retaliate, or discriminate against any of the Plaintiffs or Class Members by reason of the fact that any of them: (a) instituted or in any way participated in this Action, or (b) elects or indicates an intention to participate or not to participate in the Settlement memorialized in this Stipulation of Settlement or any order entered by the Court approving its terms.

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

19

1

## COUNTERPARTS

2    44.    This Stipulation of Settlement may be executed in counterparts, and when each

3  party has signed and delivered at least one such counterpart, each counterpart shall be deemed an

4  original, and, when taken together with other signed counterparts, shall constitute one Stipulation

5  of Settlement, which shall be binding upon and effective as to all Parties.

6  DATED:_____        CIRCUIT CITY STORES, INC.

7

8                        By:_____

9                         NAME
                          Title Senior VP, General Counsel + Secy

10

11  DATED: SEPT 17, 2008      PAUL, PLEVIN, SULLIVAN &
                         CONNAUGHTON LLP

12

13                        By:_____

14                         E. JOSEPH CONNAUGHTON
                         JEFFREY P. AMES

15                         Attorneys for Defendant
                         CIRCUIT CITY STORES, INC.

16

17  DATED:_____

18                        DANIEL E. WEIDLER

19

20  DATED:_____

21                        MICHAEL F. YEZBACK

22  DATED:_____

23                        ELOISE GARCIA

24

25  DATED:_____

                        ANGIE DURON

26

27

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

20

## COUNTERPARTS

44.    This Stipulation of Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which shall be binding upon and effective as to all Parties.

DATED: _9/17/08_

CIRCUIT CITY STORES, INC.

By: _____
NAME
Title _Senior VP, General Counsel + Secy_

DATED: _SEPT 17, 2008_

PAUL, PLEVIN, SULLIVAN &
CONNAUGHTON LLP

By: _____
E. JOSEPH CONNAUGHTON
JEFFREY P. AMES
Attorneys for Defendant
CIRCUIT CITY STORES, INC.

DATED: _9/19/08_

_____
DANIEL E. WEIDLER

DATED: _____

_____
MICHAEL F. YEZBACK

DATED: _____

_____
ELOISE GARCIA

DATED: _____

_____
ANGIE DURON

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

20

## COUNTERPARTS

44.    This Stipulation of Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which shall be binding upon and effective as to all Parties.

DATED: _____        CIRCUIT CITY STORES, INC.

By: _____
NAME
Title Senior VP, General Counsel + Secy

DATED: _SEPT 17, 2008_        PAUL, PLEVIN, SULLIVAN &
CONNAUGHTON LLP

By: _____
E. JOSEPH CONNAUGHTON
JEFFREY P. AMES
Attorneys for Defendant
CIRCUIT CITY STORES, INC.

DATED: _____
_____
DANIEL E. WEIDLER

DATED: _9/19/08_
_____
MICHAEL F. YEZBACK

DATED: _____
_____
ELOISE GARCIA

DATED: _____
_____
ANGIE DURON

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

20

## COUNTERPARTS

44.    This Stipulation of Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which shall be binding upon and effective as to all Parties.

DATED: _____          CIRCUIT CITY STORES, INC.

By: _____
NAME _____
Title Senior VP, General Counsel + Secy

DATED: SEPT 17, 2008          PAUL, PLEVIN, SULLIVAN &
CONNAUGHTON LLP

By: _____
E. JOSEPH CONNAUGHTON
JEFFREY P. AMES
Attorneys for Defendant
CIRCUIT CITY STORES, INC.

DATED: _____          _____
DANIEL E. WEIDLER

DATED: _____          _____
MICHAEL F. YEZBACK

DATED: 9/19/08          _____
ELOISE GARCIA

DATED: _____          _____
ANGIE DURON

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

20

## COUNTERPARTS

44.    This Stipulation of Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which shall be binding upon and effective as to all Parties.

DATED: _____

CIRCUIT CITY STORES, INC.

By: _____
    NAME
    Title Senior VP, General Counsel + Secy

DATED: SEPT 17, 2008

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: _____
    E. JOSEPH CONNAUGHTON
    JEFFREY P. AMES
    Attorneys for Defendant
    CIRCUIT CITY STORES, INC.

DATED: _____

_____
DANIEL E. WEIDLER

DATED: _____

_____
MICHAEL F. YEZBACK

DATED: _____

_____
ELOISE GARCIA

DATED: 9/19/08

_____
ANGIE DURON

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

20

DATED: _____9- 18 -08_____

ALLRED, MAROKO & GOLDBERG

By: _____
NATHAN GOLDBERG
Attorneys for Plaintiffs

DATED: _____9/22/08_____

THE deRUBERTIS LAW FIRM

By: _____
DAVID deRUBERTIS
Attorneys for Plaintiffs

JOINT STIPULATION OF SETTLEMENT
AGREEMENT AND RELEASE OF CLASS
ACTION CLAIMS

21

# EXHIBIT A

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

Case Name: *DANIEL E. WEIDLER, MICHAEL F. YEZBACK, ELOISE GARCIA, ANGIE DURON, individually and on behalf of a class of similarly situated individuals, v. CIRCUIT CITY STORES, INC.*, Superior Court of the State of California for the County of Los Angeles, Case No. BC369011.

TO:    ALL PERSONS WHO WERE EMPLOYED BY CIRCUIT CITY IN CALIFORNIA WHO WERE AT LEAST FORTY (40) YEARS OF AGE AS OF MARCH 28, 2007 AND WHOSE EMPLOYMENT WITH CIRCUIT CITY WAS TERMINATED ON OR ABOUT MARCH 28, 2007 OR SHORTLY THEREAFTER IN RELATION TO THEIR WAGE RATES:

### THIS NOTICE AFFECTS YOUR RIGHTS. PLEASE READ IT CAREFULLY.

1.  YOU ARE HEREBY NOTIFIED that a proposed settlement ("Settlement") of the above-captioned class action litigation ("Litigation") pending in the Superior Court of California, County of Los Angeles, has been reached by the Parties and has been granted preliminary approval by the Court supervising the Litigation. The purpose of this Notice is to describe the Litigation, to inform you of the terms of the proposed Settlement, and to inform you of your rights and options in connection with the proposed Settlement. The proposed Settlement will resolve all claims in this Litigation. A Final Approval Hearing will be held on TIME AND DATE, to determine whether the Settlement should be granted final approval. Because your rights may be affected, it is extremely important that you read this Notice carefully. You must file a claim which is postmarked by DATE 45 DAYS AFTER MAILING OF NOTICE to participate in the Settlement. If you do not file a claim by DATE 45 DAYS AFTER MAILING OF NOTICE, you will not receive any payment from this settlement. **Unless you choose to opt out of the Settlement, you will be bound by the Settlement if it is approved and by any order entered by the Court.**

### SUMMARY OF THE LITIGATION

2.  On April 4, 2007, Plaintiffs filed a proposed class action complaint in the Los Angeles County Superior Court, Case No. BC369011, captioned *DANIEL E. WEIDLER, MICHAEL F. YEZBACK, ELOISE GARCIA, individually and on behalf of a class of similarly situated individuals, v. CIRCUIT CITY STORES, INC.*

3.  On September 4, 2007, Plaintiffs filed a First Amended Complaint ("FAC") captioned *DANIEL E. WEIDLER, MICHAEL F. YEZBACK, ELOISE GARCIA, ANGIE DURON, individually and on behalf of a class of similarly situated individuals, v. CIRCUIT CITY STORES, INC.* The FAC alleges that Plaintiffs and other similarly situated former employees of Defendant are entitled to recover general and compensatory damages, including unpaid wages, punitive damages, interest, attorneys' fees, and costs under California Government Code sections 12940 et seq. Plaintiffs' complaint also contains a cause of action for wrongful discharge in violation of public policy, including violation of Government Code section 12940 and 12941, and seeks general and compensatory damages, including unpaid wages, punitive damages, interest, attorneys' fees, and costs. You have received this Notice because Circuit City's records show that you were employed by Circuit City in California and were at least forty (40) years of age as of March 28, 2007, and your employment with Circuit City was terminated on or about March 28, 2007 or shortly thereafter in relation to your wage rate

### POSITIONS OF THE PARTIES

4.  Plaintiffs believe they have filed a meritorious action as described in their complaint, and that this case is appropriate for class certification under California law.

5.  Circuit City denies any liability or wrongdoing of any kind associated with the claims alleged in Plaintiffs' complaint. Circuit City contends, among other things, that at all times it has complied with the California Government Code and that it paid Plaintiffs and similarly situated employees all wages owing to them under California law.

6.  Class Counsel has conducted a thorough investigation into the facts of the class action, including an extensive review of relevant documents, and has diligently pursued an investigation of Class Members' claims against Circuit City. Prior to the agreeing to the terms of a settlement, Class Counsel examined extensive data, including information regarding Circuit City's March 28, 2007 terminations which form the basis of Plaintiffs' complaint, documents reflecting Circuit City's relevant policies and procedures, information relevant to the size and composition of the putative classes of former employees alleged in the complaint, documents regarding the implementation of the March 28, 2007 terminations, and information relevant to the damages alleged in the complaint. Based on the foregoing data, data developed during discovery, and its own independent investigation and evaluation, Class Counsel

is of the opinion that this Settlement is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Circuit City, and numerous potential appellate issues.

7. Circuit City has also extensively investigated and researched factual and legal issues raised in the Litigation. Although Circuit City believes it has meritorious defenses to the Litigation, Circuit City has concluded that the further defense of this Litigation would be lengthy and expensive for all Parties. Circuit City has, therefore, agreed to settle this Litigation to put to rest all claims that are or could have been asserted against it in the Litigation.

8. The Court has made no ruling on the merits of Plaintiffs' claims and has determined only that certification of the class for *settlement purposes* is appropriate under California law.

## PRELIMINARY APPROVAL OF THE SETTLEMENT

9. On DATE, the Court appointed the following attorneys as Co-Class Counsel to represent the Settlement Class in this Action:

| | |
|---|---|
| David deRubertis | Nathan Goldberg |
| The deRubertis Law Firm | Michael Maroko |
| 21800 Oxnard Street, Suite 1180 | Allred, Moroko & Goldberg |
| Woodland Hills, CA 91367 | 6300 Wilshire Boulevard, Suite 1500 |
| | Los Angeles, CA 90048 |

10. On DATE, for purposes of the Settlement, the Court certified the Settlement Class.

11. The Settlement Class consists of "Class Members." A "Class Member" is defined as: "All persons who were employed by Circuit City in California and who were at least forty (40) years of age as of March 28, 2007, and whose employment with Circuit City was terminated on or about March 28, 2007 or shortly thereafter in relation to their wage rates."

12. If you are a member of the Settlement Class, you will be bound by the proposed Settlement described below if it is approved, unless you make a written request for exclusion in the manner described below.

## SUMMARY OF SETTLEMENT TERMS

13. <u>Maximum Payment</u>. The Agreement provides that Circuit City will pay up to $15,000,000.00 to fully resolve the issues in the Litigation ("Maximum Payment"). After the following Court-approved deductions, the remaining amount ("Maximum Class Payment") will be distributed to Class Members who timely file claims.

    (a)    <u>Deductions</u>. The following deductions will be made from the Maximum Payment:

        (i)    <u>Attorneys' Fees and Costs Award</u>. The Court has appointed the deRubertis Law Firm and Allred, Maroko & Goldberg as Co-Class Counsel. As part of the Settlement approval process, Class Counsel will seek approval of an award of attorneys' fees and expenses (the "Fees and Expense Award") in a total amount of 25% of the Maximum Payment ($3,750,000.00). Class Counsel shall not be permitted to petition the Court for any additional payments for fees, costs or interest and the Fees and Expense Award shall cover all attorneys' fees and costs, past, present, and future incurred in the Litigation. As part of the Settlement, you will not be required to pay Class Counsel for representing you in the Litigation.

        (ii)    <u>Enhancements to the Plaintiffs</u>. The Court has approved enhancement payments of $15,000.00 to each of the four named Plaintiffs for acting as representatives on behalf of the Settlement Class. These enhancements will be in addition to whatever payment they are otherwise entitled to receive as Class Members.

        (iii)    <u>Administration Costs</u>: The Court has approved the Parties selection of CPT Group, Inc. as the "Claims Administrator" in this action. Reasonable administration fees and costs shall be paid to the Claims Administrator for work performed and expenses incurred in administration of this Settlement; provided, however, that such administration costs shall not exceed Fifty Thousand Dollars ($50,000.00).

    (b)    <u>Payment to Class Members: Plan of Allocation</u>. The approximately $11,140,000.00 remaining after these deductions will be available for distribution to Class Members who timely file claims. Each Class Member who timely files a claim will receive a share of the Maximum Class Payment based on the Class Member's years of service

with Circuit City prior to their termination in or about March 2007. It is not possible at this point to provide you with an exact amount you are eligible to receive in the Settlement until the Court approves the final amount of attorneys' fees, enhancement payments, and administration costs. An estimate of how much you would be eligible to receive is included on your individual Claim Form included with this packet.

(c)   Tax Matters. Twenty-five percent (25%) of the amount paid to each Settlement Class Member will be considered as wages and subject to standard wage-related deductions. IRS Forms W-2 and 1099 (and/or the equivalent California forms), if required, will be distributed to Settlement Class Members reflecting the payments they receive under the Settlement. Settlement Class Members should consult with their tax advisors concerning the tax consequences of the payments that they receive under the Settlement.

(d)   Unclaimed Funds. If not all Class Members participate in the Settlement, any unclaimed amounts shall be retained by Circuit City.

(e)   Conditions of the Settlement. This Settlement is conditioned upon the Court entering an order approving the Settlement.

## RELEASE OF CLAIMS

14. All Class Members who have not validly requested exclusion from the Settlement will be bound by the terms of the proposed Settlement if it is approved and if the Order of Final Approval becomes final.

15. The Settlement, if approved, shall constitute a full and complete settlement and release of all claims arising from, or related to, the Litigation, or related to any Class Member's termination of employment with Circuit City on or about March 28, 2007, including, without limitation, any and all claims under state and federal law for discrimination (including age discrimination), wrongful termination, harassment, retaliation, unpaid compensation, penalties and attorneys' fees arising from Defendant's termination of the Class Members on or about March 28, 2007, exclusive only of claims Class Members may have under the related case of *Moncayo, et al. v. Circuit City*, which release shall include in its effect Circuit City, and each of their present and former affiliates, parent companies, subsidiaries, shareholders, officers, partners, directors, employees, agents, attorneys, insurers, predecessors, successors, and assigns, and each and all of their respective officers, partners, directors, servants, agents, shareholders, employees, representatives, accountants, insurers, and attorneys, past, present, and future, and all persons acting under, by, through, or in concert with any of them (collectively, the "Releasees"). This Settlement is specifically intended to satisfy the requirements of the Older Workers' Benefit Protection Act, and to effectuate the release by the Settlement Class, and each Class Member who does not submit a valid Request For Exclusion form, of any potential claims under the Federal Age Discrimination in Employment Act. As part of this Settlement, each Class Member who does not submit a valid Request for Exclusion form waives all rights and benefits afforded by the Older Workers Benefits Protection Act, 29 U.S.C. § 626(f). The release of such potential claims shall not become effective or enforceable until the eighth day after the deadline for submitting a Claim Form described in paragraph 17 of this Notice. ("Enforceable Date"). In other words, Class Members have 45 days in which to consider this Notice of Settlement and submit a claim. Any Class Member who submits a Claim Form may revoke their claim within seven (7) days of the expiration of the claims period, which ends on DATE. In order to be effective, a revocation must be in writing and received by the Claims Administrator, by 5:00 p.m. not later than the seventh day after the end of the claims period. Class Members are advised to consult with Class Counsel or another attorney regarding this Settlement. This Settlement does not waive or release any rights or claims that any Class Member may have under the Age Discrimination in Employment Act that arise after the execution of this Agreement.

16. The Settlement Class, including Plaintiffs and each Class Member, waives all rights and benefits afforded by section 1542 of the Civil Code of the State of California with respect to such disputes and claims, and does so understanding the significance of that waiver. Section 1542 provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

## PROCEDURE FOR MONETARY RECOVERY

17. If you want to participate in the Settlement and receive money under the Settlement, you must sign and date the enclosed Claim Form and mail or fax it no later than DATE, to the Claims Administrator.

18. A copy of your Claim Form is attached. (If you need an extra copy, contact the Claims Administrator or Class Counsel.) If any information provided on the Claim Form is incorrect, please make corrections. For example, if your address is incorrect, please indicate your correct address. Also, please provide your telephone number and any other indicated information referred to on your Claim Form if it is not provided. If you wish to have confirmation that the Claims Administrator has received your Claim Form, you may do so by sending it by certified U.S. Mail with a return-receipt request. If you wish to dispute any information used to calculate your share, you may do so by mailing notice to Class Counsel before the deadline for submitting your Claim Form. Class Counsel will attempt to resolve your dispute informally. If counsel cannot resolve the dispute informally, the dispute will be resolved by the Claims Administrator. In any event, the Claims Administrator must resolve any such disputes prior to final approval of this Settlement.

19. If you are a Class Member and you choose to participate in the Settlement, you will be bound by all of the provisions of the Settlement Agreement between the Parties, including a full release of claims that will prevent you from separately suing the Released Parties for the Released Claims settled in this case.

20. **ANY CLASS MEMBER WHO DOES NOT SUBMIT A TIMELY CLAIM FORM WILL NOT RECEIVE A SHARE OF THE SETTLEMENT AMOUNT. IF YOU DO NOTHING YOU WILL NOT BE ENTITLED TO A SHARE OF SETTLEMENT AMOUNT AND YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT, INCLUDING THE RELEASE, EVEN THOUGH YOU DID NOT RECEIVE ANY MONEY.**

## PROCEDURE FOR EXCLUSION

21. Class Members may exclude themselves from (or "opt-out" of) the Settlement by returning the enclosed "Request For Exclusion" form to the Claims Administrator on or before DATE. Persons who submit valid and timely Request For Exclusion forms will not participate in the Settlement, nor will they be bound by the terms of the proposed Settlement.

## OBJECTIONS TO THE PROPOSED SETTLEMENT/FINAL SETTLEMENT HEARING

22. The Court will hold a Final Approval Hearing on the Settlement Agreement in Department 324 of Superior Court of California, County of Los Angeles, located at 600 South Commonwealth Avenue, Los Angeles, California 90005, at _____ a.m. on DATE, at which time the Court will determine whether to grant final approval to the Settlement.

23. Any Class Member who wishes to object to the Settlement must file with the Court and serve on counsel for the parties a written statement objecting to the Settlement. Such written statement must be filed with the Court and served on counsel for the parties no later than forty-five (45) days after the date this Notice is first mailed. No Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the Class Member's intention to appear at the Final Approval Hearing, and copies of any written objections or briefs, have been timely filed with the Court and served on counsel for the parties and the Claims Administrator. Any written objections, supporting papers and/or notices to appear at the Final Approval Hearing must clearly identify the case name and number (*Weidler, et al. v. Circuit City Stores, Inc.*, Case No. BC369011), must state the full name, address, date of birth, and dates of employment at Circuit City of the objector, and may be submitted to the Court either by mailing to: Clerk of the Court, Superior Court of California, County of Los Angeles, 600 South Commonwealth Avenue, Los Angeles, California 90005, or by filing in person at any location of the Superior Court, County of Los Angeles, that includes a facility for civil filings. Any written objections and briefs must be served on counsel for the parties at the following addresses:

| Co-Class Counsel | Co-Class Counsel | Defendant's Counsel |
|---|---|---|
| Nathan Goldberg<br>Michael Maroko<br>Allred, Maroko & Goldberg<br>6300 Wilshire Boulevard<br>Suite 1500<br>Los Angeles, CA 90048 | David deRubertis<br>The deRubertis Law Firm<br>21800 Oxnard Street, Suite 1180<br>Woodland Hills, CA 91367 | E. Joseph Connaughton<br>Jeffrey P. Ames<br>Paul, Plevin, Sullivan & Connaughton LLP<br>401 B Street, Tenth Floor<br>San Diego, CA 92101 |

24. Any Class Member who does not file with the Court and serve on counsel his or her written objections in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement.

25. Any Class Member who is satisfied with the proposed Settlement need not appear at the Final Approval Hearing.

### CHANGE OF ADDRESS

26. If you move after receiving this Notice, if it was misaddressed, or if for any reason you want your payment or future correspondence concerning this Litigation and the Settlement to be sent to a different address, you should supply your current preferred address to the Claims Administrator and to Class Counsel.

### EXAMINATION OF THE PAPERS AND ADDITIONAL INQUIRIES

27. This Notice is only a summary of the Litigation and the proposed Settlement and is not comprehensive. For a more detailed statement of the matters involved in the Litigation and the proposed Settlement, you may refer to the pleadings, the parties' Joint Stipulation of Settlement Agreement and Release of Class Action Claims, and other papers filed in the Litigation, which may be examined in person at the Superior Court of California, County of Los Angeles, 600 South Commonwealth Avenue, Los Angeles, California 90005, between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

28. All inquiries by Class Members regarding this Notice and/or the Settlement should be directed to Co-Class Counsel: Allred, Maroko & Goldberg, 6300 Wilshire Boulevard, Suite 1500, Los Angeles, California 90048, Telephone: 323-653-653, or The deRubertis Law Firm, 21800 Oxnard Street, Suite 1180, Woodland Hills, California 91367, Telephone: 818-227-8605. You may also retain your own attorney at your own expense.

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, CIRCUIT CITY OR CIRCUIT CITY'S ATTORNEYS WITH INQUIRIES.**

**BY ORDER OF THE SUPERIOR COURT.**

# EXHIBIT B

## CLAIM FORM

*Your estimated share of the Settlement is $<< PRELIMINARY AMOUNT>>.*

| | |
|---|---|
| **Must be postmarked or received no later than [DATE]** | **Weidler, et al. v. Circuit City Stores, Inc.**<br>Claims Administrator<br>[Address]<br>[City, State, Zip]<br>[Telephone Number], [Fax Number] |

CLAIMANT IDENTIFICATION

Please Make any Name/Address Corrections Below:

<<First>> <<Last>>
<<Address1>>
<<Address2>>
<<City>> <<State>> <Zip>>

_____
_____
_____

( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___
*Daytime Telephone Number*

( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___
*Evening Telephone Number*

___ ___ ___ - ___ ___ - ___ ___ ___ ___
*Social Security Number*

IN ORDER TO RECEIVE A SETTLEMENT PAYMENT, YOU MUST SIGN AND RETURN THIS CLAIM FORM TO THE ADDRESS ABOVE BY FIRST CLASS U.S. MAIL, POSTAGE PREPAID, POSTMARKED ON OR BEFORE [DATE].

According to Circuit City's records, you were one of approximately 218 California employees of Circuit City who were at least forty (40) years of age as of March 28, 2007 and whose employment with Circuit City was terminated on or about March 28, 2007 or shortly thereafter, in relation to your wage rate.

Your portion of the settlement is based on your years of service with Circuit City prior to your termination in or about March 2007. If you complete and timely submit this Claim Form, the total payment you can expect to receive is approximately $<<PRELIMINARY AMOUNT>>. If you believe the information above is incorrect, you may dispute this information by sending your corrections and supporting documentation to the Claims Administrator. Please be advised that the information listed above is presumed to be correct unless you prove otherwise.

### VERIFICATION

By signing and submitting this Claim Form to the Claims Administrator, I acknowledge I want to participate in the settlement, I want to receive a settlement payment, and in return I release any claims that I may have against Circuit City and all of the Releasees, including any and all rights or claims that I may have under the Older Workers Benefits Protection Act (OWBPA), as described in the accompanying *Notice of Proposed Class Action Settlement.*

**I declare under penalty of perjury that the foregoing is true and correct.**

_____     _____     _____
Sign your name here          Print your name here         Date

# EXHIBIT C

# REQUEST FOR EXCLUSION
## FROM PROPOSED CLASS ACTION SETTLEMENT

I have received the Notice of Proposed Class Action Settlement in *Weidler et al. v. Circuit City, Inc.*, Los Angeles County Superior Court Case No. BC369011. I hereby request to be excluded from this class action lawsuit. I understand that because of this request, I will not receive any settlement payment.

DATE: _____

PRINTED NAME: _____

LAST FOUR OF SSN: _____

SIGNATURE: _____

ADDRESS: _____

TELEPHONE NUMBER: _____

**TO BE EFFECTIVE, THIS REQUEST FOR EXCLUSION MUST BE MAILED AND POSTMARKED BY _____**
(45 DAYS FROM THE DATE OF THE MAILING OF THE NOTICE OF PROPOSED CLASS ACTION SETTLEMENT).

**EXHIBIT B**

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

Case Name: *DANIEL E. WEIDLER, MICHAEL F. YEZBACK, ELOISE GARCIA, ANGIE DURON, individually and on behalf of a class of similarly situated individuals, v. CIRCUIT CITY STORES, INC.,* Superior Court of the State of California for the County of Los Angeles, Case No. BC369011.

TO:    ALL PERSONS WHO WERE EMPLOYED BY CIRCUIT CITY IN CALIFORNIA WHO WERE AT LEAST FORTY (40) YEARS OF AGE AS OF MARCH 28, 2007 AND WHOSE EMPLOYMENT WITH CIRCUIT CITY WAS TERMINATED ON OR ABOUT MARCH 28, 2007 OR SHORTLY THEREAFTER IN RELATION TO THEIR WAGE RATES:

### THIS NOTICE AFFECTS YOUR RIGHTS.  PLEASE READ IT CAREFULLY.

1.  YOU ARE HEREBY NOTIFIED that a proposed settlement ("Settlement") of the above-captioned class action litigation ("Litigation") pending in the Superior Court of California, County of Los Angeles, has been reached by the Parties and has been granted preliminary approval by the Court supervising the Litigation.  The purpose of this Notice is to describe the Litigation, to inform you of the terms of the proposed Settlement, and to inform you of your rights and options in connection with the proposed Settlement.  The proposed Settlement will resolve all claims in this Litigation.  A Final Approval Hearing will be held on TIME AND DATE, to determine whether the Settlement should be granted final approval.  Because your rights may be affected, it is extremely important that you read this Notice carefully.  You must file a claim which is postmarked by DATE 45 DAYS AFTER MAILING OF NOTICE to participate in the Settlement.  If you do not file a claim by DATE 45 DAYS AFTER MAILING OF NOTICE, you will not receive any payment from this settlement.  **Unless you choose to opt out of the Settlement, you will be bound by the Settlement if it is approved and by any order entered by the Court.**

### SUMMARY OF THE LITIGATION

2.  On April 4, 2007, Plaintiffs filed a proposed class action complaint in the Los Angeles County Superior Court, Case No. BC369011, captioned *DANIEL E. WEIDLER, MICHAEL F. YEZBACK, ELOISE GARCIA, individually and on behalf of a class of similarly situated individuals, v. CIRCUIT CITY STORES, INC.*

3.  On September 4, 2007, Plaintiffs filed a First Amended Complaint ("FAC") captioned *DANIEL E. WEIDLER, MICHAEL F. YEZBACK, ELOISE GARCIA, ANGIE DURON, individually and on behalf of a class of similarly situated individuals, v. CIRCUIT CITY STORES, INC.*  The FAC alleges that Plaintiffs and other similarly situated former employees of Defendant are entitled to recover general and compensatory damages, including unpaid wages, punitive damages, interest, attorneys' fees, and costs under California Government Code sections 12940 et seq.  Plaintiffs' complaint also contains a cause of action for wrongful discharge in violation of public policy, including violation of Government Code section 12940 and 12941, and seeks general and compensatory damages, including unpaid wages, punitive damages, interest, attorneys' fees, and costs.  You have received this Notice because Circuit City's records show that you were employed by Circuit City in California and were at least forty (40) years of age as of March 28, 2007, and your employment with Circuit City was terminated on or about March 28, 2007 or shortly thereafter in relation to your wage rate

### POSITIONS OF THE PARTIES

4.  Plaintiffs believe they have filed a meritorious action as described in their complaint, and that this case is appropriate for class certification under California law.

5.  Circuit City denies any liability or wrongdoing of any kind associated with the claims alleged in Plaintiffs' complaint.  Circuit City contends, among other things, that at all times it has complied with the California Government Code and that it paid Plaintiffs and similarly situated employees all wages owing to them under California law.

6.  Class Counsel has conducted a thorough investigation into the facts of the class action, including an extensive review of relevant documents, and has diligently pursued an investigation of Class Members' claims against Circuit City.  Prior to the agreeing to the terms of a settlement, Class Counsel examined extensive data, including information regarding Circuit City's March 28, 2007 terminations which form the basis of Plaintiffs' complaint, documents reflecting Circuit City's relevant policies and procedures, information relevant to the size and composition of the putative classes of former employees alleged in the complaint, documents regarding the implementation of the March 28, 2007 terminations, and information relevant to the damages alleged in the complaint.  Based on the foregoing data, data developed during discovery, and its own independent investigation and evaluation, Class Counsel

is of the opinion that this Settlement is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Circuit City, and numerous potential appellate issues.

7.  Circuit City has also extensively investigated and researched factual and legal issues raised in the Litigation. Although Circuit City believes it has meritorious defenses to the Litigation, Circuit City has concluded that the further defense of this Litigation would be lengthy and expensive for all Parties. Circuit City has, therefore, agreed to settle this Litigation to put to rest all claims that are or could have been asserted against it in the Litigation.

8.  The Court has made no ruling on the merits of Plaintiffs' claims and has determined only that certification of the class for *settlement purposes* is appropriate under California law.

## PRELIMINARY APPROVAL OF THE SETTLEMENT

9.  On DATE, the Court appointed the following attorneys as Co-Class Counsel to represent the Settlement Class in this Action:

David deRubertis
The deRubertis Law Firm
21800 Oxnard Street, Suite 1180
Woodland Hills, CA 91367

Nathan Goldberg
Michael Maroko
Allred, Moroko & Goldberg
6300 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90048

10. On DATE, for purposes of the Settlement, the Court certified the Settlement Class.

11. The Settlement Class consists of "Class Members." A "Class Member" is defined as: "All persons who were employed by Circuit City in California and who were at least forty (40) years of age as of March 28, 2007, and whose employment with Circuit City was terminated on or about March 28, 2007 or shortly thereafter in relation to their wage rates."

12. If you are a member of the Settlement Class, you will be bound by the proposed Settlement described below if it is approved, unless you make a written request for exclusion in the manner described below.

## SUMMARY OF SETTLEMENT TERMS

13. <u>Maximum Payment</u>. The Agreement provides that Circuit City will pay up to $15,000,000.00 to fully resolve the issues in the Litigation ("Maximum Payment"). After the following Court-approved deductions, the remaining amount ("Maximum Class Payment") will be distributed to Class Members who timely file claims.

    (a)   <u>Deductions</u>. The following deductions will be made from the Maximum Payment:

        (i)   <u>Attorneys' Fees and Costs Award</u>. The Court has appointed the deRubertis Law Firm and Allred, Maroko & Goldberg as Co-Class Counsel. As part of the Settlement approval process, Class Counsel will seek approval of an award of attorneys' fees and expenses (the "Fees and Expense Award") in a total amount of 25% of the Maximum Payment ($3,750,000.00). Class Counsel shall not be permitted to petition the Court for any additional payments for fees, costs or interest and the Fees and Expense Award shall cover all attorneys' fees and costs, past, present, and future incurred in the Litigation. As part of the Settlement, you will not be required to pay Class Counsel for representing you in the Litigation.

        (ii)   <u>Enhancements to the Plaintiffs</u>. The Court has approved enhancement payments of $15,000.00 to each of the four named Plaintiffs for acting as representatives on behalf of the Settlement Class. These enhancements will be in addition to whatever payment they are otherwise entitled to receive as Class Members.

        (iii)   <u>Administration Costs</u>. The Court has approved the Parties selection of CPT Group, Inc. as the "Claims Administrator" in this action. Reasonable administration fees and costs shall be paid to the Claims Administrator for work performed and expenses incurred in administration of this Settlement; provided, however, that such administration costs shall not exceed Fifty Thousand Dollars ($50,000.00).

    (b)   <u>Payment to Class Members: Plan of Allocation</u>. The approximately $11,140,000.00 remaining after these deductions will be available for distribution to Class Members who timely file claims. Each Class Member who timely files a claim will receive a share of the Maximum Class Payment based on the Class Member's years of service

with Circuit City prior to their termination in or about March 2007. It is not possible at this point to provide you with an exact amount you are eligible to receive in the Settlement until the Court approves the final amount of attorneys' fees, enhancement payments, and administration costs. An estimate of how much you would be eligible to receive is included on your individual Claim Form included with this packet.

(c)     Tax Matters.  Twenty-five percent (25%) of the amount paid to each Settlement Class Member will be considered as wages and subject to standard wage-related deductions. IRS Forms W-2 and 1099 (and/or the equivalent California forms), if required, will be distributed to Settlement Class Members reflecting the payments they receive under the Settlement. Settlement Class Members should consult with their tax advisors concerning the tax consequences of the payments that they receive under the Settlement.

(d)     Unclaimed Funds.  If not all Class Members participate in the Settlement, any unclaimed amounts shall be retained by Circuit City.

(e)     Conditions of the Settlement.  This Settlement is conditioned upon the Court entering an order approving the Settlement.

## RELEASE OF CLAIMS

14. All Class Members who have not validly requested exclusion from the Settlement will be bound by the terms of the proposed Settlement if it is approved and if the Order of Final Approval becomes final.

15. The Settlement, if approved, shall constitute a full and complete settlement and release of all claims arising from, or related to, the Litigation, or related to any Class Member's termination of employment with Circuit City on or about March 28, 2007, including, without limitation, any and all claims under state and federal law for discrimination (including age discrimination), wrongful termination, harassment, retaliation, unpaid compensation, penalties and attorneys' fees arising from Defendant's termination of the Class Members on or about March 28, 2007, exclusive only of claims Class Members may have under the related case of *Moncayo, et al. v. Circuit City*, which release shall include in its effect Circuit City, and each of their present and former affiliates, parent companies, subsidiaries, shareholders, officers, partners, directors, employees, agents, attorneys, insurers, predecessors, successors, and assigns, and each and all of their respective officers, partners, directors, servants, agents, shareholders, employees, representatives, accountants, insurers, and attorneys, past, present, and future, and all persons acting under, by, through, or in concert with any of them (collectively, the "Releasees"). This Settlement is specifically intended to satisfy the requirements of the Older Workers' Benefit Protection Act, and to effectuate the release by the Settlement Class, and each Class Member who does not submit a valid Request For Exclusion form, of any potential claims under the Federal Age Discrimination in Employment Act. As part of this Settlement, each Class Member who does not submit a valid Request for Exclusion form waives all rights and benefits afforded by the Older Workers Benefits Protection Act, 29 U.S.C. § 626(f). The release of such potential claims shall not become effective or enforceable until the eighth day after the deadline for submitting a Claim Form described in paragraph 17 of this Notice. ("Enforceable Date"). In other words, Class Members have 45 days in which to consider this Notice of Settlement and submit a claim. Any Class Member who submits a Claim Form may revoke their claim within seven (7) days of the expiration of the claims period, which ends on DATE. In order to be effective, a revocation must be in writing and received by the Claims Administrator, by 5:00 p.m. not later than the seventh day after the end of the claims period. Class Members are advised to consult with Class Counsel or another attorney regarding this Settlement. This Settlement does not waive or release any rights or claims that any Class Member may have under the Age Discrimination in Employment Act that arise after the execution of this Agreement.

16. The Settlement Class, including Plaintiffs and each Class Member, waives all rights and benefits afforded by section 1542 of the Civil Code of the State of California with respect to such disputes and claims, and does so understanding the significance of that waiver. Section 1542 provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

## PROCEDURE FOR MONETARY RECOVERY

17. If you want to participate in the Settlement and receive money under the Settlement, you must sign and date the enclosed Claim Form and mail or fax it no later than DATE, to the Claims Administrator.

18. A copy of your Claim Form is attached. (If you need an extra copy, contact the Claims Administrator or Class Counsel.) If any information provided on the Claim Form is incorrect, please make corrections. For example, if your address is incorrect, please indicate your correct address. Also, please provide your telephone number and any other indicated information referred to on your Claim Form if it is not provided. If you wish to have confirmation that the Claims Administrator has received your Claim Form, you may do so by sending it by certified U.S. Mail with a return-receipt request. If you wish to dispute any information used to calculate your share, you may do so by mailing notice to Class Counsel before the deadline for submitting your Claim Form. Class Counsel will attempt to resolve your dispute informally. If counsel cannot resolve the dispute informally, the dispute will be resolved by the Claims Administrator. In any event, the Claims Administrator must resolve any such disputes prior to final approval of this Settlement.

19. If you are a Class Member and you choose to participate in the Settlement, you will be bound by all of the provisions of the Settlement Agreement between the Parties, including a full release of claims that will prevent you from separately suing the Released Parties for the Released Claims settled in this case.

20. **ANY CLASS MEMBER WHO DOES NOT SUBMIT A TIMELY CLAIM FORM WILL NOT RECEIVE A SHARE OF THE SETTLEMENT AMOUNT. IF YOU DO NOTHING YOU WILL NOT BE ENTITLED TO A SHARE OF SETTLEMENT AMOUNT AND YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT, INCLUDING THE RELEASE, EVEN THOUGH YOU DID NOT RECEIVE ANY MONEY.**

### PROCEDURE FOR EXCLUSION

21. Class Members may exclude themselves from (or "opt-out" of) the Settlement by returning the enclosed "Request For Exclusion" form to the Claims Administrator on or before DATE. Persons who submit valid and timely Request For Exclusion forms will not participate in the Settlement, nor will they be bound by the terms of the proposed Settlement.

### OBJECTIONS TO THE PROPOSED SETTLEMENT/FINAL SETTLEMENT HEARING

22. The Court will hold a Final Approval Hearing on the Settlement Agreement in Department 324 of Superior Court of California, County of Los Angeles, located at 600 South Commonwealth Avenue, Los Angeles, California 90005, at _____ a.m. on DATE, at which time the Court will determine whether to grant final approval to the Settlement.

23. Any Class Member who wishes to object to the Settlement must file with the Court and serve on counsel for the parties a written statement objecting to the Settlement. Such written statement must be filed with the Court and served on counsel for the parties no later than forty-five (45) days after the date this Notice is first mailed. No Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the Class Member's intention to appear at the Final Approval Hearing, and copies of any written objections or briefs, have been timely filed with the Court and served on counsel for the parties and the Claims Administrator. Any written objections, supporting papers and/or notices to appear at the Final Approval Hearing must clearly identify the case name and number (*Weidler, et al. v. Circuit City Stores, Inc.,* Case No. BC369011), must state the full name, address, date of birth, and dates of employment at Circuit City of the objector, and may be submitted to the Court either by mailing to: Clerk of the Court, Superior Court of California, County of Los Angeles, 600 South Commonwealth Avenue, Los Angeles, California 90005, or by filing in person at any location of the Superior Court, County of Los Angeles, that includes a facility for civil filings. Any written objections and briefs must be served on counsel for the parties at the following addresses:

| Co-Class Counsel | Co-Class Counsel | Defendant's Counsel |
|---|---|---|
| Nathan Goldberg | David deRubertis | E. Joseph Connaughton |
| Michael Maroko | The deRubertis Law Firm | Jeffrey P. Ames |
| Allred, Maroko & Goldberg | 21800 Oxnard Street, Suite 1180 | Paul, Plevin, Sullivan & Connaughton |
| 6300 Wilshire Boulevard | Woodland Hills, CA  91367 | LLP |
| Suite 1500 | | 401 B Street, Tenth Floor |
| Los Angeles, CA  90048 | | San Diego, CA  92101 |

24. Any Class Member who does not file with the Court and serve on counsel his or her written objections in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement.

25. Any Class Member who is satisfied with the proposed Settlement need not appear at the Final Approval Hearing.

## CHANGE OF ADDRESS

26. If you move after receiving this Notice, if it was misaddressed, or if for any reason you want your payment or future correspondence concerning this Litigation and the Settlement to be sent to a different address, you should supply your current preferred address to the Claims Administrator and to Class Counsel.

## EXAMINATION OF THE PAPERS AND ADDITIONAL INQUIRIES

27. This Notice is only a summary of the Litigation and the proposed Settlement and is not comprehensive. For a more detailed statement of the matters involved in the Litigation and the proposed Settlement, you may refer to the pleadings, the parties' Joint Stipulation of Settlement Agreement and Release of Class Action Claims, and other papers filed in the Litigation, which may be examined in person at the Superior Court of California, County of Los Angeles, 600 South Commonwealth Avenue, Los Angeles, California 90005, between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

28. All inquiries by Class Members regarding this Notice and/or the Settlement should be directed to Co-Class Counsel: Allred, Maroko & Goldberg, 6300 Wilshire Boulevard, Suite 1500, Los Angeles, California 90048, Telephone: 323-653-653, or The deRubertis Law Firm, 21800 Oxnard Street, Suite 1180, Woodland Hills, California 91367, Telephone: 818-227-8605. You may also retain your own attorney at your own expense.

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, CIRCUIT CITY OR CIRCUIT CITY'S ATTORNEYS WITH INQUIRIES.**

**BY ORDER OF THE SUPERIOR COURT.**

**EXHIBIT C**

## CLAIM FORM

*Your estimated share of the Settlement is $<< PRELIMINARY AMOUNT>>.*

| Must be postmarked or received no later than [DATE] | **Weidler, et al. v. Circuit City Stores, Inc.**<br>Claims Administrator<br>[Address]<br>[City, State, Zip]<br>[Telephone Number], [Fax Number] |
|---|---|

CLAIMANT IDENTIFICATION                    Please Make any Name/Address Corrections Below:

<<First>> <<Last>>
<<Address1>>
<<Address2>>
<<City>> <<State>> <Zip>>

( ___ ___ ) ___ ___ ___ - ___ ___ ___ ___
*Daytime Telephone Number*

( ___ ___ ) ___ ___ ___ - ___ ___ ___ ___
*Evening Telephone Number*

___ ___ ___ - ___ ___ - ___ ___ ___ ___
*Social Security Number*

IN ORDER TO RECEIVE A SETTLEMENT PAYMENT, YOU MUST SIGN AND RETURN THIS CLAIM FORM TO THE ADDRESS ABOVE BY FIRST CLASS U.S. MAIL, POSTAGE PREPAID, POSTMARKED ON OR BEFORE [DATE].

According to Circuit City's records, you were one of approximately 218 California employees of Circuit City who were at least forty (40) years of age as of March 28, 2007 and whose employment with Circuit City was terminated on or about March 28, 2007 or shortly thereafter, in relation to your wage rate.

Your portion of the settlement is based on your years of service with Circuit City prior to your termination in or about March 2007. If you complete and timely submit this Claim Form, the total payment you can expect to receive is approximately $<<PRELIMINARY AMOUNT>>. If you believe the information above is incorrect, you may dispute this information by sending your corrections and supporting documentation to the Claims Administrator. Please be advised that the information listed above is presumed to be correct unless you prove otherwise.

### VERIFICATION

By signing and submitting this Claim Form to the Claims Administrator, I acknowledge I want to participate in the settlement, I want to receive a settlement payment, and in return I release any claims that I may have against Circuit City and all of the Releasees, including any and all rights or claims that I may have under the Older Workers Benefits Protection Act (OWBPA), as described in the accompanying *Notice of Proposed Class Action Settlement.*

**I declare under penalty of perjury that the foregoing is true and correct.**

_____          _____          _____
Sign your name here                   Print your name here                   Date

**EXHIBIT D**

## REQUEST FOR EXCLUSION
## FROM PROPOSED CLASS ACTION SETTLEMENT

I have received the Notice of Proposed Class Action Settlement in *Weidler et al. v. Circuit City, Inc.*, Los Angeles County Superior Court Case No. BC369011. I hereby request to be excluded from this class action lawsuit. I understand that because of this request, I will not receive any settlement payment.

DATE: _____

PRINTED NAME: _____

LAST FOUR OF SSN: _____

SIGNATURE: _____

ADDRESS: _____

TELEPHONE NUMBER: _____

## TO BE EFFECTIVE, THIS REQUEST FOR EXCLUSION
## MUST BE MAILED AND POSTMARKED BY _____
(45 DAYS FROM THE DATE OF THE MAILING OF THE NOTICE OF
PROPOSED CLASS ACTION SETTLEMENT).

**Exhibit B**

**Order Granting Final Approval of Class Action Settlement and Final Judgment**

1   Nathan Goldberg, State Bar No. 61292
    Michael Maroko, State Bar No. 62013
2   **ALLRED, MAROKO & GOLDBERG**
    6300 Wilshire Boulevard, Suite 1500
3   Los Angeles, California 90048
    Telephone:    (323) 653-6530
4   Facsimile:    (323) 653-1660

5   David M. deRubertis, State Bar No. 208709
    **The deRubertis Law Firm**
6   21800 Oxnard Street, Suite 1180
    Woodland Hills, California 91367
7   Telephone:    (818) 227-8605
    Facsimile:    (818) 227-8616
8   Email: David@deRubertisLaw.com

9   Attorneys for Plaintiffs Daniel E. Weidler, Michael F. Yezback, Eloise Garcia, and
    Angie Duron, individually and on behalf of a class of all
10  similarly-situated individuals

**FILED**
LOS ANGELES SUPERIOR COURT

**DEC 12 2008**

JOHN A. CLARKE, CLERK
BY ELMER SABALBURO, DEPUTY

11          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12              **FOR THE COUNTY OF LOS ANGELES**

13                     **CENTRAL CIVIL WEST**

14  DANIEL E. WEIDLER, MICHAEL F. YEZBACK,        ) Case No.: BC 369 011
    ELOISE GARCIA, ANGIE DURON, individually and  ) [Assigned to Hon. Victoria Chaney,
15  on behalf of a class of all similarly-situated individuals, ) Dept. 324, Civil Central
                                                  ) West–Complex Designation]
16                              Plaintiffs,        ) [Related to Case Nos. BC 368973 and
                                                  ) BC 389968]
17          v.                                     )
                                                  ) [~~PROPOSED~~] **ORDER**
18  CIRCUIT CITY STORES, INC.; and DOES 1 through ) **GRANTING FINAL APPROVAL**
19  100, inclusive,                               ) **OF CLASS ACTION**
                                                  ) **SETTLEMENT AND FINAL**
                                                  ) **JUDGMENT**
20                              Defendants.        )
                                                  ) Date: December 12, 2008
21                                                ) Time: 10:00 a.m.
                                                  ) Dept.: 324
22                                                )
                                                  ) Complaint Filed: April 4, 2007
23                                                )
                                                  )
24  _____

25
        The motion of Plaintiffs Daniel E. Weidler, Michael F. Yezback, Eloise Garcia, and Angie
26
    Duron, on behalf of the Settlement Class as defined below, for an order granting final approval of
27
    the class action settlement came on for hearing on December 12, 2008 at 10:00 a.m. in Department
28

                                          1

1   324 of the above-entitled Court, the Honorable Judge Victoria G. Chaney, presiding.  After

2   reviewing all the papers submitted in connection with the motion, the oral argument of counsel, and

3   good cause having been shown thereby, IT IS HEREBY ORDERED:

4        1.     The Court has jurisdiction over the subject matter and all parties to this action,

5   including the Settlement Class;

6        2.     The Court hereby grants final approval of the Settlement on the terms stated in the

7   in the Joint Stipulation of Settlement Agreement and Release of Class Action Claims, subject to the

8   further administration of said settlement in the bankruptcy proceeding.  The Court finds that the

9   terms are fair, reasonable and adequate pursuant to California Code of Civil Procedure section 382;

10       3.     The Court hereby certifies a class for settlement purposes consisting of: All persons

11  who were employed by Circuit City in California and who were at least forty (40) years of age as of

12  March 28, 2007, and whose employment with Circuit City was terminated on or about March 28,

13  2007 or shortly thereafter;

14       4.     The Court orders the appointment of Daniel E. Weidler, Michael F. Yezback, Eloise

15  Garcia, and Angie Duron as the Class Representatives;

16       5.     The Court orders the appointment of Nathan Goldberg and Michael Maroko of

17  Allred, Maroko & Goldberg and David M. deRubertis of The deRubertis Law Firm as co-class

18  counsel;

19       6.     The Court approves claims administration costs of CPT Group, Inc. in an amount not

20  less than $13,000 and not to exceed $50,000 from the settlement funds, the final amount to be

21  determined after CPT Group, Inc. determines what additional work must be done to administer the

22  settlement through the Bankruptcy Court;

23       7.     The Court hereby awards incentive payments of $15,000 to be paid to each named

24  Plaintiff from the settlement funds;

25       8.     The Court hereby awards Plaintiffs' counsel, Allred, Maroko & Goldberg and The

26  deRubertis Law Firm, attorneys' fees and costs of 25% of the maximum settlement fund in the

27  amount of $3,750,000.

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND FINAL JUDGMENT

9.      The Court hereby dismisses Plaintiffs' claims against Defendants with prejudice.

10.     The Court hereby orders that class members who did not timely exclude themselves from the settlement have released their claims against Defendants as set forth in the Joint Stipulation of Settlement Agreement and Release of Class Action Claims.

11.     The Court hereby directs that the Clerk of the Court enter the Court's order as a final judgment; and,

12.     The Court hereby orders that, without affecting the finality of the final judgment, it reserves continuing jurisdiction over the parties for purposes of implementing, enforcing and/or administering the Settlement or enforcing the terms of the Judgment but only to the extent that such action is so ordered or permitted by the United States Bankruptcy Court Eastern District of Virginia (Richmond Division).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED.

Dated: _12/12/08_

_____
The Honorable Victoria G. Chaney
Judge of the Los Angeles Superior Court

3

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND FINAL JUDGMENT**

**<u>Exhibit C</u>**

**Proofs of Claim**

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT   Eastern District of Virginia | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>Circuit City Stores, Inc. | Case Number:<br>08-35653-KRH |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Weidler Settlement Class

Name and address where notices should be sent:

Christopher A. Jones, Esq., Whiteford, Taylor & Preston LLP
3190 Fairview Park Drive, Suite 300, Falls Church, Virginia 22042

Telephone number:
(703) 280-9263

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(if known)

Filed on: _____

Name and address where payment should be sent (if different from above):
ALLRED, MAROKO & GOLDBERG
Wilshire Blvd., Suite 1500
6300 Los Angeles, CA 90048
Telephone number:
(323) 653-6530

COPY

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**   $    14,368,903.70

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** __See Attached__
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property:$ _____   Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $ _____   Basis for perfection: _____

Amount of Secured Claim: $ _____   Amount Unsecured: $ _____

**5. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$ 6,005,700.00

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| Date:<br>01/28/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>_David E. Weidler_ | FOR COURT USE ONLY<br><br>RECEIVED<br>JAN 2 8 2009<br><br>KURTZMAN CARSON CONSULTANTS |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



In re Circuit City Stores, Inc., Case No 08-35653
U.S. Bankruptcy Court for the Eastern District of Virginia


Signature Page for Proof of Claim

Class Representatives for Weidler Settlement Class:

_Daniel E. Weidler_ (signature)

Daniel E. Weidler

_Michael F. Yezback_ (signature)

Michael F. Yezback


_____

Eloise Garcia


_____

Angie Duron

01/26/2009  16:49    13236531660                    LAW OFFICES OF AMG                    PAGE  02/02

In re Circuit City Stores, Inc., Case No 08-35653
U.S. Bankruptcy Court for the Eastern District of Virginia

**Signature Page for Proof of Claim**

**Class Representatives for Weidler Settlement Class:**

_____
Daniel E. Weidler

_____
Michael F. Yezback

_____
Eloise Garcia

_____
Angie Duron

### Attachment to Unsecured Proof of Claim

Daniel E. Weidler, Michael F. Yezback, Eloise Garcia, and Angie Duron ("Class Plaintiffs") are the designated class representatives for that certain class of plaintiffs (the "Weidler Settlement Class") established in the class action proceeding in the Los Angeles County Superior Court, Case No. BC369011, styled *Daniel E. Weidler, Michael F. Yezback, and Eloise Garcia v. Circuit City Stores, Inc.* (the "California Litigation"). The Class Plaintiffs, on behalf of the Weidler Settlement Class, hereby assert the claims held by the class pursuant to that certain Joint Stipulation of Settlement Agreement and Release of Class Action Claims signed by Circuit City Stores, Inc. on or about September 17, 2008 (the "Settlement Stipulation"). A copy of the Settlement Stipulation is attached hereto. The Settlement Stipulation was approved in the California Litigation pursuant to an order entered on December 12, 2008. A copy of the Order Granting Final Approval of Class Action Settlement and Final Judgment is attached.

Under the Settlement Stipulation, the Weidler Settlement Class holds a claim totaling $14,368,903.70, of which $2,255,700 is entitled to priority status under 11 U.S.C. 507(a)(4) as "wages, salaries, or commissions" earned within 180 days prior to the petition date for this bankruptcy case ($10,950 for each of the 206 class claimants). Furthermore, attorneys fees awarded under the Settlement Stipulation in the amount of $3,750,000 may be entitled to priority under 11 U.S.C § 105, 503, 507 or other applicable Bankruptcy Code sections and caselaw. The Weidler Settlement Class is continuing its investigations with regard to this matter and expressly reserves all rights to amend, modify and/or supplement this claim to include any additional amounts, including any additional costs, attorneys' fees, expenses and any other amount properly recoverable.

COPY

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT    Eastern District of Virginia | PROOF OF CLAIM |
|---|---|

Name of Debtor:
Circuit City Stores, Inc.

Case Number:
08-35653-KRH

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Weider Settlement Class

☑ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

Christopher A. Jones, Esq., Whiteford, Taylor & Preston LLP
3190 Fairview Park Drive, Suite 300, Falls Church, Virginia 22042

Telephone number:
(703) 280-9263

Court Claim Number: 7528
*(If known)*

Filed on: Jan. 28, 09

Name and address where payment should be sent (if different from above):

ALLRED, MAROKO & GOLDBERG
Wilshire Blvd., Suite 1500
6300 Los Angeles, CA 90048

Telephone number:
(323) 653-6530

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:    $    14,388,903.70

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

2. Basis for Claim:  See Attached
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____

3a. Debtor may have scheduled account as:
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property:$_____ Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim,

If any: $_____ Basis for perfection: _____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$ 6,005,700.00

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

RECEIVED

FOR COURT USE ONLY

FEB 06 2009

KURTZMAN CARSON CONSULTANTS

Date 02/06/09   Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Daniel E. Weider

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



## Attachment to Unsecured Proof of Claim

Daniel E. Weidler, Michael F. Yezback, Eloise Garcia, and Angie Duron ("Class Plaintiffs") are the designated class representatives for that certain class of plaintiffs (the "Weidler Settlement Class") established in the class action proceeding in the Los Angeles County Superior Court, Case No. BC369011, styled *Daniel E. Weidler, Michael F. Yezback, and Eloise Garcia v. Circuit City Stores, Inc.* (the "California Litigation"). The Class Plaintiffs, on behalf of the Weidler Settlement Class, hereby assert the claims held by the class pursuant to that certain Joint Stipulation of Settlement Agreement and Release of Class Action Claims signed by Circuit City Stores, Inc. on or about September 17, 2008 (the "Settlement Stipulation"). A copy of the Settlement Stipulation is attached hereto. The Settlement Stipulation was approved in the California Litigation pursuant to an order entered on December 12, 2008. A copy of the Order Granting Final Approval of Class Action Settlement and Final Judgment is attached.

Under the Settlement Stipulation, the Weidler Settlement Class holds a claim totaling $14,368,903.70, of which $2,255,700 is entitled to priority status under 11 U.S.C. 507(a)(4) as "wages, salaries, or commissions" earned within 180 days prior to the petition date for this bankruptcy case ($10,950 for each of the 206 class claimants). Furthermore, attorneys fees awarded under the Settlement Stipulation in the amount of $3,750,000 may be entitled to priority under 11 U.S.C § 105, 503, 507 or other applicable Bankruptcy Code sections and caselaw. The Weidler Settlement Class is continuing its investigations with regard to this matter and expressly reserves all rights to amend, modify and/or supplement this claim to include any additional amounts, including any additional costs, attorneys' fees, expenses and any other amount properly recoverable.

In re Circuit City Stores, Inc., Case No 08-35653
U.S. Bankruptcy Court for the Eastern District of Virginia

Signature Page for Proof of Claim

Class Representatives for Weidler Settlement Class:

_____
Daniel E. Weidler

_____
Michael F. Yezback

_____
Eloise Garcia

_____
Angie Duron

In re Circuit City Stores, Inc., Case No 08-35653
U.S. Bankruptcy Court for the Eastern District of Virginia

**Signature Page for Proof of Claim**

**Class Representatives for Weidler Settlement Class:**

_____
Daniel E. Weidler

_____
Michael F. Yezback

_____
Eloise Garcia

_____
Angie Duron

In re Circuit City Stores, Inc., Case No 08-35653
U.S. Bankruptcy Court for the Eastern District of Virginia

Signature Page for Proof of Claim

Class Representatives for Weidler Settlement Class:

_____
Daniel E. Weidler


_____
Michael F. Yezback

_____
Eloise Garcia


_____
Angie Duron

In re Circuit City Stores, Inc., Case No 08-35653
U.S. Bankruptcy Court for the Eastern District of Virginia

Signature Page for Proof of Claim

Class Representatives for Weidler Settlement Class:

_____
Daniel E. Weidler


_____
Michael F. Yezback


_____
Eloise Garcia

_____
Angie Duron