IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:                                                          Case No. 08-35653-KRH

CIRCUIT CITY STORES, INC., et al.                               Chapter 11 (Jointly administered)

Debtors,

## SECOND AMENDED MOTION TO ALLOW LATE FILING OF PROOF OF CLAIM, OR IN THE ALTERNATIVE, MOTION TO FILE LATE PROOF OF CLAIM AS AN AMENDMENT TO INFORMAL PROOF OF CLAIM

Site A, LLC, a Colorado limited liability company, successor in interest to JP Thornton, LLC, a Colorado limited liability company ("Site A"), by counsel and pursuant to Rules 3002 and 9014 of the Federal Rules of Bankruptcy Procedure, requests the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division ("Bankruptcy Court"), to enter an order allowing the Proof of Claim, or in the alternative, allowing the Proof of Claim as an amendment to Informal Proof of Claim (as this term is defined in paragraph 6).

1. On November 10, 2008 (the "Petition Date"), Circuit City Stores, Inc., et al. (collectively the "Debtor") filed a voluntary petition pursuant to Chapter 11 of the Title 11 of the United States Code (the "Bankruptcy Code").

2. Pursuant to a Lease dated May 24, 2004, and the First Amendment to Lease Agreement dated July 20, 2005 (collectively herein the "Lease"), Site A leased retail space at the shopping center known as the Larkridge Shopping Center, located in Thornton, Colorado ("Leased Premises"). The Debtor continued to occupy and use the Leased Premises from the date of the filing of the Petition which served to enhance the value of the estate.

Ann K. Crenshaw, Esq. (VSB No. 19538)
Paul K. Campsen, Esq. (VSB No. 18133)
Kaufman & Canoles, a professional corporation
2101 Parks Avenue, Suite 700
Virginia Beach, VA 23451
Tele: (757) 491-4000
Fax: (757) 491-4020

David J. Dansky, Esq.
Chambers Dansky & Mulvahill, LLC
1601 Blake Street #500
Denver, Colorado 80202
Tele: (303) 825-2222
Fax: (303) 825-4010

*Counsel for Site A, LLC, a colorado limited liability company, successor in interest to JP Thornton, LLC, a Colorado limited liability company*

3. The Debtor rejected the Lease on March 10, 2009.

4. On April 14, 2009, Site A filed a Motion for Payment of Administrative Expense Claim requesting payment of the "stub rent" that became due and payable upon the rejection of the Lease. This motion appended a complete copy of the Lease, as well as statements related to attendant expenses, such as real estate taxes. Thereafter, on May 28, 2009, the Debtor filed an Amended Motion for Payment of Administrative Expenses.

5. In early June of 2009, the Debtor proposed its first written offer of settlement from Debtor's counsel on the Motion of Site A for Payment of Administrative Expense Claim, as amended. Counsel for Site A engaged in extensive communications with counsel for the Debtor related to the administrative claim. Subsequently thereto, October 15, 2009, Site A filed its Second Amended Motion for Payment of Administrative Expenses.

6. The Debtor and Site A finally reached an agreement on the payment on the Second Amended Motion for Payment of Administrative Expenses on October 21, 2009. In connection therewith, counsel for Site A discovered that no independent proof of claim had been filed. On the same day, Site A filed its Motion to Allow Late Filing of Proof of Claim with the Court. That Motion was amended on October 30, 2009 to assert unsecured claims in the amount of $1,398,365.04.

7. The delay in filing the Proof of Claim constitutes excusable neglect. The Debtor is not prejudiced by the filing of a late Proof of Claim. The Debtor was keenly aware of Site A's claim, in fact, the Debtor created the claim through its rejection of the lease documents. The Debtor received three (3) separately filed pleadings which set forth the basis of the administrative claim. The Debtor had copies of the Lease, real estate tax bills and related documents, upon which it knew was well versed in the substance of the claim.

8. The length of the delay and the potential impact on judicial proceedings are marginal. The size of Site A's claim is not so significant as to reduce the available amount of proceeds available for the distribution proceeds to the creditors of the estate. The total amount of unsecured debt of Circuit City is a staggering number. The available pool of proceeds to distribute to creditors will not be significantly diminished if the Site A claim is allowed. As such, there is no negative impact to the judicial proceedings.

9. The evidence will demonstrate that the four month delay in the filing of the proof of claim was due to miscommunication between Colorado and local counsel for Site A. Moreover, the evidence will clearly show that Site A and its counsel did not act in bad faith.

10. Site A asserts that its Motion to File a Late Proof of Claim serves as an amendment to a prior informal proof of claim evidenced by the Motion for the Payment of Administrative Claim which were filed by the bar date.

11. *In re Judy Wood Publishing Corp.* (B.R. 319 E.D. Va. 2002). Judge Tice held that in order to consider a Motion to File a Late Proof of Claim as an Amendment to an Informal Proof of Claim, that the Court must consider "whether sufficient notice of the claim has been given in the course of the bankruptcy proceeding." [Citing: *Fyne v. Atlas Supply Co. (In re Fyne)*, 245 F.2d 107, 107 (4th Cir. 1957)]. Thereafter, if the Bankruptcy Court finds that an informal Proof of Claim is established through the evidence, then the Court must decide if amendment to the informal Proof of Claim is equitable , citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)].

12. The facts are indisputable that the Debtor was aware of the Site A claim. Site A will demonstrate that it took significant affirmative action to constitute sufficient notice that it had a claim against the estate. Site A filed three (3) separate motions and notices related to the payment of administrative expense claim for stub rent with the Bankruptcy Court. A review of

the three motions demonstrates that Site A was asserting that it should receive administrative claim status for amounts the Debtor deemed to be unsecured claims to be included in the Site A proof of claim. In fact, the Debtor had in its possession enough information to finitely compute the precise amount of the claim. Additionally, there were lengthy negotiations between counsel for Site A and the Debtor counsel related to the "stub rent" claim.

13. The Court must then "weigh the equities" in interpreting excusable neglect language of *Federal Rule of Bankruptcy Procedure 9006(b)* governing the enlargement of time to amend the informal proof of claim. *Id.* In weighing the equities, Judge Tice noted that the estate had not made a distribution and that allowing the claim would not gain any priority over other unsecured creditors, if the amendment was granted. The Court ruled that the amendment to the informal proof of claim was appropriate, nineteen (19) months after the bar date for the filing of a proof of claim.

14. In this case, there has been no distribution of the Debtor's estate and Site A would not gain any priority over other unsecured creditors. The Debtor continued to conduct business at the Leased Premises after the filing of the Petition which enhanced the value of the estate. The comparative size of the Site A claim does not prejudice the claimants who timely filed. The equities balance in favor of allowing Site A to amend its informal proof of claim.

15. Site A should be allowed to file a Proof of Claim for an unsecured claim in the amount of $1,398,365.04.

16. This motion serves as a memorandum of points and authorities as required by LBR 9013-1(G)(1) of the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Virginia.

WHEREFORE, Site A, LLC prays that it be allowed to file a Proof of Claim for an unsecured claim in the amount of $1,398,365.04 and be granted such other relief as deemed appropriate under the circumstances.

Dated: April 8, 2010

SITE A, LLC

By: /s/ Paul K. Campsen
Of Counsel

Paul K Campsen, Esq. (VSB No. 18133)
Ann K. Crenshaw, Esq. (VSB No. 19538)
Kaufman & Canoles, a professional corporation
2101 Parks Avenue, Suite 700
Virginia Beach, VA 23451
Tele: (757) 491-4000
*Counsel for Site A, LLC, a Colorado limited liability company, successor in interest to JP Thornton, LLC, a Colorado limited liability company*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Second Amended Motion to Allow Late Filing of Proof of Claim, or in the Alternative, Motion to File Late Proof of Claim as an Amendment to Informal Proof of Claim was sent first-class, postage prepaid U.S. Mail, on this 8th day of April, 2010, to:

Circuit City Stores, Inc.
Attn: Reginald D. Hedgebeth
Attn: Daniel W. Ramsey
9950 Maryland Drive
Richmond, VA 23233

*Debtors*

Daniel F. Blanks, Esq.
Douglas M. Foley, Esq.
McGuireWoods, LLP
9000 World Trade Center
101 West Main Street
Norfolk, VA 23510

*Counsel for the Debtors*

Gregg Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden Arps, Slate Meagher & Flom, LLP
One Rodney Square
Box 636
Wilmington, DE 19899

*Counsel for the Debtors*

Chris L. Dickerson, Esq.
Skadden Arps, Slate Meagher & Flom, LLP
333 West Wacker Drive
Chicago, IL 60606

*Counsel for the Debtors*

Robert B. Van Arsdale, Esq.
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

*Office of the United States Trustee for*
*The Eastern District of Virginia, Richmond Division*

Linda K. Myers, Esq.
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL 60601

*Special Counsel for Debtors*

Lynn L. Tavenner, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA 23219

6

Brad R. Godshall, Esq.
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA 90067-4100

    *Counsel for the Official Committee of Unsecured Creditors*

Robert J. Feinstein, Esq.
Jeffrey N. Pomerantz, Esq.
Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 26th Floor
New York, NY 10017

    *Counsel for the Creditors Committee*

and to all creditors and parties-in-interest who are included in the United States Bankruptcy Court's ECF e-mail notification system.

                                                                */s/ Paul K. Campsen*

::ODMA\PCDOCS\DOCSVB\8355334\1