IN WITNESS WHEREOF, the parties hereto have executed these presents the day and year first above written.

Witnesses:

CIRCUIT CITY STORES WEST COAST, INC.,
a California corporation

_____
Printed Name:_____

By:_____
   Thomas C. Nolan,
   Vice President

Witnesses:

COMPANY NAME

_____
Printed Name:_____

By:_____
   Name:_____
   Title:_____

**[Note: Attach appropriate notary block for the State]**

4

COMMONWEALTH OF VIRGINIA      )
                              ) ss.
COUNTY OF HENRICO             )

      I certify that on _____, 200__, before me, the undersigned, a Notary Public in and for said State, personally appeared Thomas C. Nolan, Vice President of CIRCUIT CITY STORES WEST COAST, INC., a California corporation, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and on oath acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument, the person or the entity upon behalf of which he acted executed the instrument.

      WITNESS my hand and official seal.

_____
Notary Public in and for the Commonwealth
of Virginia, residing at _____
My commission expires:_____

_____
[Type or Print Notary Name]

<u>EXHIBIT "H"</u>

Prepared by and after recording return to:
Kennerly, Lamishaw & Rossi LLP
Suite 1010
515 South Flower Street
Los Angeles, CA 90071
Attention: Matthew I. Lamishaw, Esq.

## MEMORANDUM OF LEASE

This MEMORANDUM OF LEASE is made this _____ day of _____, 200_, between JP THORNTON LLC, a Colorado limited liability company, (hereinafter referred to as "Landlord"), and CIRCUIT CITY STORES WEST COAST, INC., a California corporation (hereinafter referred to as "Tenant").

### WITNESSETH:

Landlord and Tenant have entered into a Lease (the "Lease") dated _____, 2004, whereby Landlord has leased to Tenant a portion of the real property (the "Property"), commonly known as Larkridge Shopping Center located in the City of Thornton, Adams County, Colorado, the legal description of which Property is set forth on Exhibit "A-1" attached hereto, together with certain non-exclusive easements in, over, upon, across, under and through certain areas of the Property defined in the Lease as Landlord's Premises, and those certain rights and non-exclusive easements granted to or inuring to the benefit of Landlord under that certain (REA or OEA and other easement estates of record) recorded in Book ____, beginning at Page ____ of the real property records of Adams County, Colorado, in, over, upon, across, under and through the land described therein. The Lease contains provisions and rights appurtenant to the Property, some of which are as follows:

I. <u>Term</u>. The term of the Lease is for a period of fifteen (15) years, commencing on the Commencement Date (as established in the Lease based upon the substantial completion of the improvements upon the Property). Thereafter, Tenant has the right under the Lease to renew and extend the term of the Lease for four (4) successive periods of five (5) years each.

II. <u>Exclusive Use Rights</u>. The Lease provides that Tenant shall enjoy the sole and exclusive privilege within the Property to sell, rent, service, repair or rent to own consumer, office and automotive electronics products (which include, but shall not be limited to, televisions, stereos, speakers and video recorders and players), computer hardware and software, entertainment software and entertainment media (which include, but shall not be limited to, records, game cartridges, video tapes,

cassettes and compact discs), cellular and wireless telephones, telecommunication devices, and the sale and installation of motor vehicle audio, stereo and telephone systems and technological evolutions of the foregoing (all of such items being herein collectively referred to as the "Products"), and the renting, servicing, repairing and warehousing of the Products. Notwithstanding the foregoing, Tenant hereby agrees that the foregoing restriction shall not apply to (i) the following named tenants or categories of tenants selling the following merchandise as their primary use (and their successors and assigns), provided, however, that to the extent Landlord has the right to withhold its approval or consent to a proposed change in use with respect thereto, Landlord shall disapprove or withhold such consent with respect to any such change to a use which would violate the foregoing restriction: book retailers, office products retailers; computer/peripherals retailers, major music retailers; cellular phone retailers, Car Toys; Radio Shack; home improvement stores and department stores in excess of 75,000 square feet; or general merchandise retailers in excess of 80,000 square feet (e.g., Target, Wal-Mart), or (ii) a tenant from devoting up to the lesser of ten percent (10%) or six hundred (600) square feet of the sales area of its premises to the display and sale of the Products as an incidental use to its primary use.

III. <u>Successors</u>. The covenants, conditions and agreements made and entered into by the parties hereto shall be binding upon and inure to the benefits of their respective heirs, administrators, executors, representatives, successors and assigns.

IV. <u>Incorporation of Lease</u>. All terms and conditions of the Lease are hereby incorporated herein by reference as if fully set forth herein.

V. <u>Conflicts with Lease</u>. This Memorandum of Lease is solely for notice and recording purposes and shall not be construed to alter modify, expand, diminish or supplement the provisions of the Lease. In the event of any inconsistency between the provisions of this Memorandum of Lease and the provisions of the Lease, the provisions of the Lease shall govern.

IN WITNESS WHEREOF, this Memorandum of Lease has been duly executed by the parties hereto as of the day and year first above written.

JP THORNTON LLC, a Colorado limited liability company,

Attest:

By:_____      By:_____
         Secretary                              Name:_____
                                                Title:_____

CIRCUIT CITY STORES WEST COAST,

2

Attest:                                              INC., a California corporation

By:_____          By:_____
    Secretary                                       Name:_____
                                                                    Title:_____

**[Note: Attach appropriate notary block for the State]**

3

## EXHIBIT "I"

## COMMENCEMENT DATE AGREEMENT

This COMMENCEMENT DATE AGREEMENT, made as of this ____ day of _____, 200_, between JP THORNTON LLC, a Colorado limited liability company, (herein called "Landlord"), and CIRCUIT CITY STORES WEST COAST, INC. (herein called "Tenant").

### W I T N E S S E T H:

WHEREAS, Landlord is the owner of certain premises situated in Thornton, Adams County, California (herein called the "Premises"); and

WHEREAS, by that certain lease dated _____, 2004 (herein called the "Lease"), Landlord leased the Premises to Tenant; and

WHEREAS, a memorandum or short form lease in respect of the Lease was recorded in the office of the Clerk of Adams County, Colorado, on the ____ day of _____, 200_, in Book _____ at Page ____; and

WHEREAS, Tenant is in possession of the Premises and the term of the Lease has commenced; and

WHEREAS, under Paragraph 25 of the Lease, Landlord and Tenant agreed to enter into an agreement setting forth certain information in respect of the Premises and the Lease;

NOW, THEREFORE, Landlord and Tenant agree as follows:

1. The term of the Lease commenced on, and the Commencement Date (as such term is defined in the Lease) was, _____, 200_. The term of the Lease shall expire on January 31, ____ unless Tenant exercises any option to extend the term of the Lease or unless the Lease terminates earlier as provided in the Lease.

2. The date of commencement of the first "Option Period" (as such term is defined in the Lease) shall be February 1, ____ if Tenant effectively exercises its option in respect thereof, and if Tenant does so, the term of the Lease shall expire on January 31, ____ unless Tenant exercises any option to further extend the term of the Lease or the Lease terminates earlier as provided in the Lease.

3. The date of commencement of the second Option Period shall be February 1, \_\_\_\_ if Tenant effectively exercises its option in respect thereof, and if Tenant does so, the term of the Lease shall expire on January 31, \_\_\_\_ unless Tenant exercises any option to further extend the term of the Lease or the Lease terminates earlier as provided in the Lease.

4. The date of commencement of the third Option Period shall be February 1, \_\_\_\_ if Tenant effectively exercises its option in respect thereof, and if Tenant does so, the term of the Lease shall expire on January 31, \_\_\_\_ unless Tenant exercises any option to further extend the term of the Lease or the Lease terminates earlier as provided in the Lease.

5. The date of commencement of the fourth Option Period shall be February 1, \_\_\_\_ if Tenant effectively exercises its option in respect thereof, and if Tenant does so, the term of the Lease shall expire on January 31, \_\_\_\_ unless Tenant exercises any option to further extend the term of the Lease or the Lease terminates earlier as provided in the Lease.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed the day and year first above written.

| Attest or Witness: | JP THORNTON LLC, a Colorado limited liability company |
|---|---|
| By:_____ | By:_____ |
| | |
| Attest: | CIRCUIT CITY STORES WEST COAST, INC., a California corporation |
| By:_____<br>Assistant Secretary | By:_____<br>Vice President |

3

## EXHIBIT "J"

## INDEMNIFICATION AGREEMENT

This INDEMNIFICATION AGREEMENT is made this _____ day of _____, 200_, between JP THORNTON LLC, a Colorado limited liability company, (hereinafter referred to as "Landlord") and CIRCUIT CITY STORES WEST COAST, INC., a California corporation (hereinafter referred to as "Tenant").

### WITNESSETH:

Landlord and Tenant have entered into a Lease (the "Lease") dated _____, 2004 whereby Landlord has leased to Tenant a portion of the real property located in Thornton, Adams County, Colorado (the "Shopping Center") and Tenant has constructed on such real property a store premises (the "Premises").

NOW, THEREFORE, in consideration of the payment of the Tenant Improvement Allowance as defined in the Lease and other good and valuable consideration, the receipt of which is hereby acknowledged, the parties hereto agree as follows:

1. Tenant hereby indemnifies and agrees to hold Landlord harmless from any loss, payment, claim or expense as the result of mechanics and materialmen filing liens or otherwise making claims against Landlord's interest in the Premises and the Shopping Center. In the event that any mechanic, materialman or other claimant makes claim against the Premises or Shopping Center based upon materials or services provided under contract with Tenant, Tenant shall hold harmless and protect Landlord from any loss, payment, claim or expense related thereto.

2. Tenant reserves the right to contest in good faith the amount of any claim or lien assessed against the Premises or the Shopping Center by any of such claimants; provided, however, should the holder or holders of such claim or lien attempt to enforce their lien by foreclosure or by any other means, Tenant shall bond around, pay or remove such lien by any manner reasonably necessary to protect Landlord's interest in the Premises and the Shopping Center. This indemnity and hold harmless shall not apply to any liens or claims caused by Landlord or Landlord's agents.

EXECUTED this _____ day of _____, 200_.

**LANDLORD**

JP THORNTON LLC, a Colorado limited liability company

By:_____
Name:_____
Title:_____

**TENANT**

CIRCUIT CITY STORES WEST COAST, INC., a California corporation

By:_____
Name:_____
Title:_____

2

## EXHIBIT "K"

## LEASE GUARANTY

FOR VALUE RECEIVED, and in consideration for, and as an inducement to JP THORNTON LLC, a Colorado limited liability company, as Landlord, for entering into a certain Lease dated _____, 2004 with CIRCUIT CITY STORES WEST COAST, INC., a California corporation, as Tenant, for certain premises in Thornton, Colorado, the undersigned's guaranty to Landlord, Landlord's heirs, executors, administrators, successors-in-interest and assigns, the full performance and observance of all of the covenants, conditions and agreements therein provided to be performed and observed (this Guaranty being both a guaranty of payment and performance and not only collectibility) by Tenant, Tenant's successors and assigns, and expressly agree that the validity of this agreement and the obligations of the Guaranty hereunder shall in no wise be terminated, affected or impaired by reason of the assertion by Landlord against Tenant of any of the rights or remedies reserved to Landlord pursuant to the provisions of the within Lease, or by reason of the waiver by or the failure of Landlord to enforce any of the terms, covenants or conditions of said Lease, all of which may be given or done without notice to Guarantor. The undersigned waives notice of default in the payment of rent or additional rent or any other amount contained or reserved in said Lease or notice of the breach or non-performance of any of the covenants, conditions or agreements contained in said Lease. The undersigned further covenants and agrees that this Guaranty shall remain and continue in full force and effect as to renewal, extension, amendment or modification of the within Lease, provided that Guarantor's obligations under the Lease shall not be increased by any such renewal, extension, amendment or modification. The undersigned further agrees that its liability under this Guaranty shall be primary, and that in any right of action which shall accrue to the Landlord under the within Lease, the Tenant jointly or severally and may proceed against the undersigned without having commenced any action against or having obtained any judgment against the Tenant. Landlord shall not be required to make any demand on Tenant, apply any security deposit being held by Landlord on behalf of Tenant or any other credit in favor of Tenant, or

otherwise pursue or exhaust its remedies against Tenant before, simultaneously with, or after enforcing its rights and remedies hereunder against Guarantor.

If Tenant holds over beyond the term of the Lease, Guarantor's obligations hereunder shall extend and apply with respect to the full and faithful performance and observance of all of the covenants, terms and conditions of the Lease and of any such modification thereof.

No assignment or transfer of the within Lease shall operate to extinguish or diminish the liability of the undersigned.

The undersigned agrees that in the event the Tenant shall become insolvent or shall be adjudicated a bankrupt, or shall file a petition for reorganization, arrangement or similar relief under any present or future provision of the Bankruptcy Code, or if such petition filed by creditors of the Tenant shall be approved by a court, or if the Tenant shall seek a judicial readjustment of the rights of its creditors under any present or future Federal or State law, or if a receiver of all or part of its property and assets is appointed by any State or Federal Court, and in any such proceeding the aforesaid Lease shall be terminated or rejected, or the obligations of the Tenant thereunder shall be modified, the undersigned agrees that it will immediately pay to the Landlord or its successors or assigns (a) an amount equal to all fixed and additional rent accrued to the date of such termination, rejection or modification plus (b) an amount equal to the then cash value of the rent and additional rent which would have been payable under said Lease for the unexpired portion of the term thereby demised, less the then cash rental value of the leased premises for such unexpired portion of the term, together with interest on the amounts designated (a) and (b) above at a rate which is two per cent (2%) above the prime rate in effect at Wells Fargo Bank, Denver, Colorado, from the date of such termination, rejection or modification to the date of payment plus (c) any and all court costs and attorneys' fees provided for in the Lease.

Guarantor represents and warrants that this Guaranty has been duly authorized by all necessary corporate action on Guarantor's part, has been duly executed and delivered by a duly authorized officer, and constitutes Guarantor's valid and legally binding agreement in accordance with its terms.

2

Until all of Tenant's obligations under the Lease are fully performed, Guarantor: (i) waives any rights that Guarantor may have against Tenant by reason of any one or more payments or acts in compliance with the obligation of Guarantor under this Guaranty; and (ii) subordinate any liability or indebtedness of Tenant held by Guarantor to the obligations of Tenant to Landlord under the Lease.

Neither the undersigned's obligation to make payment in accordance with the terms of this agreement nor any remedy for the enforcement thereof shall be impaired, modified, changed, released or limited in any manner whatsoever by any Tenant or its estate in bankruptcy or of any remedy for the enforcement thereof, resulting from the operation of any present or future provision of the Bankruptcy Code or other statute, or from the decision of any court.

This Guaranty shall be governed by and construed in accordance with the laws of the State of Colorado applicable to agreements made and to be wholly performed within the State of Colorado. Guarantor hereby consents to the exclusive jurisdiction of the District Court, County of Adams, State of Colorado in any action relating to this Guaranty.

Guarantor agrees to pay all costs and expenses incurred by Landlord in enforcing this Guaranty, including without limitation, all legal fees and disbursements.

IN WITNESS WHEREOF, Guarantor has caused this Guaranty to be executed by its duly authorized officer as of this _____ day of _____, 2004.

CIRCUIT CITY STORES, INC.,
a Virginia corporation

By:_____
Name: Thomas C. Nolan
Title: Vice President

3