Peter E. Strniste, Jr., *Admitted Pro Hac Vice*
Patrick Birney, *Admitted Pro Hac Vice*
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8339
Facsimile: (860) 275-8299

Christopher L. Perkins (VSB No. 41783)
Christian K. Vogel (VSB No. 75537)
LeClairRyan, A Professional Corporation
951 E. Byrd Street
Riverfront Plaza, East Tower
Richmond, VA 23219
Telephone: (804) 783-7550
Facsimile:  (804) 783-7686

*Counsel for Schimenti Construction Co., LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 11 (Jointly Administered) |
| CIRCUIT CITY STORES, INC., et al. | CASE NO. 08-35653 (KRH) |
| DEBTORS. | |

**MOTION FOR EXTENSION OF TIME TO RESPOND TO**
**INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**AND**

**MOTION FOR CONTINUANCE OF HEARING ON SCHIMENTI CONSTRUCTION**
**COMPANY LLC'S CLAIM UNDER § 503(b)(9) OF THE BANKRUPTCY CODE**

Schimenti Construction Company, LLC ("Schimenti Construction"), by and through its

undersigned counsel, hereby requests that the Court exercise its power under Local Bankruptcy

Rule 7026-1(I) and grant this Motion for Extension of Time to Respond to Interrogatories and

Requests for Production served by the Debtors in the above-captioned cases on March 19, 2010

(the "Discovery Requests"). For the reasons set forth herein, Schimenti Construction respectfully requests an extension of time of thirty (30) days, up to and including May 19, 2010, in which to respond to the Discovery Requests. Further, Schimenti Construction respectfully requests a postponement of the hearing on its claim under Section 503(b)(9) of the Bankruptcy Code scheduled for April 29, 2010. This is Schimenti Construction's first request for a postponement of the hearing. Notably, at the Debtor's request, the hearing has been postponed several times.

Because the Debtors waited until the eve of the hearing to issue burdensome and voluminous discovery requests (despite having objected to Schimenti Construction's claim nearly one year ago), Schimenti Construction is left without adequate time to properly respond, lodge objections, and have such objections resolved prior to the hearing on April 29th. As such, a continuance of the hearing is appropriate. In further support hereof, Schimenti Construction submits as follows:

1. Schimenti Construction is a contractor specializing in the construction and remodeling of all types of stores for the retail chain industry. In such capacity, and in the ordinary course of its business, Schimenti Construction furnishes labor, materials and equipment to companies, like the Debtor, that are engaged in the selling of consumer products throughout the United States and beyond. Schimenti Construction's principal place of business is located at 650 Danbury Road, Ridgefield, Connecticut.

2. On or about December 19, 2008, Schimenti Construction filed a Section 503(b)(9) Claim in the amount of **$47,682.22** for materials and goods delivered and furnished to Circuit City Stores, Inc. in the ordinary course of its business within twenty (20) days of the Petition Date (the "Schimenti Claim").

3. The Schimenti Claim arises from materials and goods delivered to Circuit City Stores, Inc. in connection with construction projects located at 521 Fifth Avenue, New York, NY and 1022 U.S. Route 22, North Plainfield, NJ, respectively.

4. By its Fifth Omnibus Objection to Certain Misclassified 503(b)(9) Claims dated May 12, 2009 (the "Omnibus Objection"), the Debtors sought a blanket ruling from the Court that the Schimenti Claim, among others, should be reclassified as a general unsecured, non-priority claim.

5. The Court has scheduled a hearing on the Schimenti Claim and the Omnibus Objection for April 29, 2010 at 2:00 p.m.

6. On March 19, 2010, the Debtors served interrogatories and requests for production of documents upon Schimenti Construction related to the Schimenti Claim (the "Discovery Requests"). The Discovery Requests seek, *inter alia*, all information and documents supporting the Schimenti Claim, as well as all information and documents that Schimenti Construction intends to present at the hearing on the Schimenti Claim. The Debtors also served Schimenti Construction with a Notice of 30(b)(6) deposition, which is the subject of a Motion for Protective Order filed by Schimenti Construction contemporaneously with the present motion.

7. The Debtors have had notice of the Schimenti Claim since December 2008. Additionally, they lodged their Omnibus Objection on May 12, 2009, setting forth their objections to the classification of the Schimenti Claim. Despite such knowledge, the Debtors waited until March 19, 2010 to serve the Discovery Requests. Because of the hearing date set for April 29, 2010, Schimenti Construction is left with insufficient time to prepare adequate responses to the Discovery Requests, to lodge objections to the scope of the Discovery Requests

(which are quite broad), or to properly resolve any such objections to the Discovery Requests in advance of the hearing on April 29th.

8.  Due to the Debtors' delay in seeking such information and documents from Schimenti Construction, good cause exists for granting this Motion for Extension of Time to allow Schimenti Construction an additional thirty (30) days in which to respond and / or object to the Discovery Requests. Additionally, because of the additional time necessary to allow Schimenti Construction a fair opportunity to respond and / or object to the Discovery Requests, a continuance of the hearing on the Schimenti Claim and the Debtors' Omnibus Objection is also appropriate.

**WHEREFORE**, as set forth in more detail above, Schimenti Construction respectfully requests that the Court enter an Order granting its Motion for Extension of Time to Respond to Debtors' Discovery Requests and granting its Motion for Continuance of the hearing on the Schimenti Claim and the Debtors' Omnibus Objection scheduled for April 29, 2010.

RESPECTFULLY SUBMITTED,
SCHIMENTI CONSTRUCTION COMPANY, LLC

By: /s/ Christian K. Vogel
Christopher Perkins (VA Bar No.41783)
Christian K. Vogel (VSB Bar No. 75537)
LeClairRyan, A Professional Corporation
951 E. Byrd Street
Riverfront Plaza, East Tower
Richmond, VA 23219
Telephone: (804) 783-7550
Facsimile:  (804) 783-7686
christopher.perkins@leclairryan.com
christian.vogel@leclairryan.com

Peter E. Strniste, Jr., *Admitted Pro Hac Vice*
Patrick Birney, *Admitted Pro Hac Vice*
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8339
Fax: (860) 275-8299
pstrniste@rc.com
pbirney@rc.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 9, 2010 the attached motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

McGuire Woods LLP
9000 World Trade Center, 101
W. Main Street
Norfolk, VA 23510

U. S. Trustee
W. Clarkson McDow, Jr.
Office of the U.S. Trustee
701 E. Broad Street
Suite 4304
Richmond, VA 23219

                              /s/ Christian K. Vogel
                              Christian K. Vogel