Patrick Birney, *Admitted Pro Hac Vice*
Peter E. Strniste, Jr., *Admitted Pro Hac Vice*
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8339
Facsimile: (860) 275-8299

Christopher L. Perkins (VSB No. 41783)
Christian K. Vogel (VSB No. 75537)
LeClairRyan, A Professional Corporation
951 E. Byrd Street
Riverfront Plaza, East Tower
Richmond, VA 23219
Telephone: (804) 783-7550
Facsimile:  (804) 783-7686

*Counsel for Schimenti Construction Co., LLC*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 11 (Jointly Administered) |
| CIRCUIT CITY STORES, INC., et al. | CASE NO. 08-35653 (KRH) |
| DEBTORS. | |

**SCHIMENTI CONSTRUCTION COMPANY LLC'S
MOTION FOR PROTECTIVE ORDER PURSUANT
TO FRBP 7026 AND LOCAL BANKRUPTCY RULES 7026-1 AND 7031-1**

Creditor, Schimenti Construction Company, LLC ("Schimenti Construction"), by and through its undersigned counsel, hereby requests that the Court exercise its powers under Rule 7026 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules 7026-1 and 7030-1 and enter a protective order prohibiting the Debtors in the above-captioned cases from requiring the corporate designee(s) of Schimenti Construction to appear for a deposition in Richmond, Virginia pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

10303916-v1

Schimenti Construction further seeks the entry of a protective order prohibiting the Debtors from requiring Schimenti Construction to produce a witness pursuant to Rule 30(b)(6) to testify regarding topics of inquiry numbers 6 (person from Schimenti Construction most knowledgeable about the predominant purpose test) and 7 (person from Schimenti Construction most knowledgeable about its sales and marketing materials and webpage) set forth within Debtor's Notice of Corporate Designee Deposition.

As set forth in more detail below, good cause exists to relieve Schimenti Construction of the burden of having to appear within the division for a deposition. Schimenti Construction's principal place of business is located in Ridgefield, Connecticut. The construction projects that form the basis for Schimenti Construction's claims pursuant to Section 503(b)(9) of the Bankruptcy Code were retail stores for the Debtor located in New York, New York and North Plainfield, New Jersey.

The sole link between Richmond, Virginia and Schimenti Construction's claims is that the Debtor's headquarters are located in Virginia. Requiring Schimenti Construction to produce corporate designee(s) to testify in Virginia would cause significant burden and expense beyond the hundreds of thousands of dollars in costs incurred by Schimenti Construction in constructing the Debtor's stores and in defending and prosecuting claims as a result of the Debtor's failed business. Moreover, lead counsel for the Debtors is located in New York, New York. As such, good cause exists to issue a protective order requiring counsel for the Debtors to hold its deposition pursuant to Rule 30(b)(6) in either Connecticut, where Schimenti Construction is located, or in New York, where one of the projects at issue is located and where Debtor's lead counsel is based.[1]

---

[1] Debtor's counsel rejected this offer.

2

Good cause also exists to protect Schimenti Construction from having to produce one or more witnesses to testify regarding topics which have absolutely no relevance or bearing upon the 503(b)(9) claim. Debtor's Notice of Corporate Designee Deposition seeks the production of a witness from Schimenti Construction most knowledgeable about its legal contention that "if the predominate purpose test was applied to the instant case, Circuit City's transactions with Schimenti Construction should be viewed as predominantly involving the purchase and sale of materials and goods – not services." This is the ultimate issue to be decided by the Court. It is not a proper subject for a 30(b)(6) deposition as the predominate purpose test is a legal test to be applied by the Court. Debtor also seeks the production of a witness from Schimenti Construction to testify regarding its sales and marketing materials, including information provided on its website. This topic too is irrelevant and improper for a 30(b)(6) examination. The goods and services Schimenti Construction offer to the general public have no bearing on the specific goods and services provided by Schimenti Construction to the Debtor.

## STATEMENT OF FACTS

1. Schimenti Construction is a contractor specializing in the construction and remodeling of all types of stores for the retail chain industry. In such capacity, and in the ordinary course of its business, Schimenti Construction furnishes labor, materials and equipment to companies, like the Debtor, that are engaged in the selling of consumer products throughout the United States and beyond. Schimenti Construction's principal place of business is located at 650 Danbury Road, Ridgefield, Connecticut. Schimenti Construction also has an office in New York, New York.

2. On or about December 19, 2008, Schimenti Construction filed a Section 503(b)(9) Claim in the amount of **$47,682.22** for materials and goods delivered and furnished to

Circuit City Stores, Inc. in the ordinary course of its business within twenty (20) days of the Petition Date (the "Schimenti Claim").

3. The Schimenti Claim arises from materials and goods delivered and furnished to Circuit City Stores, Inc. in connection with construction projects located at 521 Fifth Avenue, New York, New York and 1022 U.S. Route 22, North Plainfield, New Jersey, respectively.

4. By its Fifth Omnibus Objection to Certain Misclassified 503(b)(9) Claims (the "Omnibus Objection"), the Debtors sought a blanket ruling from the Court that the Schimenti Claim, among others, should be reclassified as a general unsecured, non-priority claim.

5. The Court has scheduled a hearing on the Schimenti Claim and the Omnibus Objection for April 29, 2010 at 2:00 p.m.

6. By Notice of 30(b)(6) Deposition dated March 19, 2010 (the "Deposition Notice"), the Debtors placed Schimenti Construction on notice that it intended to take the deposition of corporate designee(s) of Schimenti Construction on April 19, 2010 at 9:00 a.m. at the offices of Debtors' counsel in Richmond, Virginia. A copy of the Deposition Notice is attached hereto as **Exhibit A**.

7. Schedule 1 to the Deposition Notice indicates that the purpose of the deposition is for the Debtors to examine Schimenti Construction's corporate designee(s) as to the basis for the Schimenti Claim pursuant to Section 503(b)(9). See Exhibit A.

8. Topics for the deposition include, among others: "6. Your contention stated in paragraph 31 of the Schimenti Response that 'if the predominate purpose test was applied in the instant case, Circuit City's transactions with Schimenti Construction should be viewed as predominantly involving the purchase and sale of materials and goods – not services.' 7. Your sales and marketing materials, including information provided on your website." See Exhibit A.

4

**RELIEF SOUGHT**

9. Schimenti Construction seeks a ruling from the Court precluding the Debtors from requiring a corporate designee(s) of Schimenti Construction to appear in Richmond, Virginia for a deposition and requiring such deposition to take place at a mutually convenient location in either Connecticut (where Schimenti Construction is located) or in New York (where one of the projects at issue is located and where Debtor's lead counsel is based). Requiring Schimenti Construction to produce a corporate designee(s) in Richmond, Virginia for a deposition is unfairly burdensome and expensive for Schimenti Construction – particularly given that the dispute at issue has no relationship to Richmond, Virginia except for the fact that the Debtors filed their bankruptcy petition in this division and have a headquarters in Virginia.

10. Schimenti Construction also seeks a ruling from the Court precluding the Debtors from requiring Schimenti Construction to produce a witness to testify regarding topics for examination numbered 6 and 7. These topics seek the testimony of a witness knowledgeable areas of inquiry that are irrelevant, involve the ultimate legal issue to be decided by this Court and have no bearing on the 503(b)(9) claim.

**LEGAL ARGUMENT**

  **A.**  **Schimenti Construction Should Not Be Required To Produce Any Witnesses For Deposition in Virginia**

11. Local Bankruptcy Rule 7030-1(A) provides that a party or representative "ordinarily may be required to submit to a discovery deposition at a place designated within the division." However, "[e]xceptions to this general rule may be made on order of the Court when … special circumstances exist, as reasonably may interfere with the orderly taking of a deposition at a place within the division."

5

12. Rule 26(c) of the Federal Rules of Civil Procedure (made applicable to bankruptcy proceedings by Rule 7026 of the Federal Rules of Bankruptcy Procedure) provides in relevant part that:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending….The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one of more of the following:
> …
> (B) specifying terms, including time and place, for the disclosure or discovery…

Fed. R. Civ. P. 26(c).

13. Here, requiring the corporate designee(s) of Schimenti Construction and its counsel to travel approximately eight hundred (800) miles round-trip in order to accommodate the Debtors' Deposition Notice is manifestly unfair and burdensome to Schimenti Construction. Indeed, review of Schedule 1 to the Debtors' Deposition Notice reveals that the intended subject matter of the deposition involves matters easily addressed through written discovery,[2] including the basis for the Schimenti Claim and the support for Schimenti Construction's claim that its transaction with the Debtors would be viewed as predominately involving the purchase and sale of materials and goods – not services.  See Exhibit A, Schedule 1.  Given the limited utility of the Debtor's intended deposition under Rule 30(b)(6) to the issues presented by the Schimenti Claim, Schimenti Construction should not be forced to incur the substantial expense and inconvenience associated with traveling to Richmond, Virginia with its counsel for a deposition.

---

[2] The Debtors have also served Interrogatories and Requests for Production upon Schimenti Construction related to the Schimenti Claim.

6

> **B.    Schimenti Construction Should Not Be Required To Produce A Witness To Testify Regarding The Application Of The Predominant Purpose Test Or Regarding Its Sales And Marketing Materials**

14. Rule 26(c) of the Federal Rules of Civil Procedure (made applicable to bankruptcy proceedings by Rule 7026 of the Federal Rules of Bankruptcy Procedure) provides in relevant part that:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending….The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one of more of the following:
> …
>    (A) forbidding the disclosure or discovery;
>
>    (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

Fed. R. Civ. P. 26(c). See Nicholas v. Wyndham Int'l, Inc., 373 F3d 537, 543 (4th Cir. 2004) ("Even assuming that [the discovery request seeks information that] is relevant (in the broadest sense), the simple fact that requested information is discoverable under Rule 26(a) does not mean that discovery must be had. On its own initiative or in response to a motion for protective order under Rule 26(c), a district court may limit 'the frequency or extent of use of the discovery methods otherwise permitted' under the Federal Rules of Civil Procedure if it concludes that '(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit.'")(internal citations omitted).

15. In the present case, the Debtor is improperly seeking to require Schimenti Construction to produce a witness to testify regarding an application of the predominant purpose test which will ultimately be applied and decided by this Court. Such a request is improper for a number of reasons. First, the only potential witness that could speak to the legal application of this test would be Schimenti Construction's counsel; and such testimony would be argument and wholly irrelevant to the facts and circumstances surrounding Schimenti Construction's 503(b)(9) claim. The request for testimony is also improper in that it seeks a legal argument and not discoverable evidence.

16. Debtor also seeks to require Schimenti Construction to produce a witness regarding its marketing materials and web page. It is inconceivable how such testimony could have any relevance or bearing upon the 503(b)(9) claim. The goods and services Schimenti Construction offer to the general public have no bearing on the specific goods and services provided by Schimenti Construction to the Debtor; or as to whether more goods than services were provided to the Debtor.

**WHEREFORE**, as set forth in more detail above, Schimenti Construction respectfully requests that the Court enter an Order preventing the Debtors from requiring Schimenti Construction's corporate designee(s) from being forced to appear for a deposition in Richmond, Virginia. If such a deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure is necessary, Schimenti Construction submits that the most appropriate forum for such deposition is either in Connecticut (where Schimenti Construction is located) or in New York (where the parties contracted for Schimenti Construction to work on one of the projects and where Debtor's lead counsel is based).

                                              RESPECTFULLY SUBMITTED,
                                              SCHIMENTI CONSTRUCTION COMPANY, LLC

                                  By: /s/ Christian K. Vogel
                                      Christopher Perkins (VA Bar No.41783)
                                      Christian K. Vogel (VA Bar No. 75537)
                                      LeClairRyan, A Professional Corporation
                                      951 E. Byrd Street
                                      Riverfront Plaza, East Tower
                                      Richmond, VA 23219
                                      Telephone: (804) 783-7550
                                      Facsimile:  (804) 783-7686
                                      christopher.perkins@leclairryan.com
                                      christian.vogel@leclairryan.com

Peter E. Strniste, Jr., *Admitted Pro Hac Vice*
Patrick Birney, *Admitted Pro Hac Vice*
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8339
Fax: (860) 275-8299
pstrniste@rc.com
pbirney@rc.com

### CERTIFICATION PURSUANT TO LOCAL RULE 7026-1(H)

      Prior to the filing of this Motion, one of the attorneys for Schimenti Construction conferred with one of the attorneys for the Debtors in a good faith, but unsuccessful, attempt resolve the discovery-related issues raised by the Motion.

Dated:  April 12, 2010                                   /s/ Christian K. Vogel

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 12, 2010 the attached motion was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

McGuire Woods LLP
9000 World Trade Center, 101
W. Main Street
Norfolk, VA 23510

U. S. Trustee
W. Clarkson McDow, Jr.
Office of the U.S. Trustee
701 E. Broad Street
Suite 4304
Richmond, VA 23219

                            /s/ Christian K. Vogel
                            Christian K. Vogel