Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | Case No. 08-35653 (KRH) |
| | Jointly Administered |
| Debtors. | |

**NOTICE OF 30(b)(6) DEPOSITION
OF SCHIMENTI CONSTRUCTION CO., LLC**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable herein by Rules 9014 and 7030 of the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia, the Debtors will take the deposition upon oral

examination (the "Deposition") of the of the designee(s) of Schimenti Construction Co., LLC with respect to each of the subject matters set forth in Schedule 1 attached hereto.

The Deposition will begin on April 19, 2010, at 9:00 a.m. (Eastern) at the offices of McGuireWoods LLP, One James Center, 901 East Cary Street, Richmond, Virginia 23219, or at such time and place as counsel for the parties and deponent(s) may agree, and continuing thereafter from day to day until completed.  The Deposition will be taken upon oral examination pursuant to the Federal Rules of Civil Procedure, before a court reporter, notary public or other person authorized by law to administer oaths, and will be recorded by stenographic, sound and/or visual means.

Dated: March 19, 2010
      Richmond, Virginia    SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

  /s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

## Schedule 1 to Notice of Deposition

### DEFINITIONS

A. "Alleged 503(b)(9) Claim" shall mean that certain claim filed by Schimenti Construction Co., LLC, on or about December 19, 2008, allegedly entitled to administrative expense priority under 11 U.S.C. § 503(b)(9).

B. "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including but not limited to, any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, telex, letter, e-mail or other medium.

C. "Debtors" shall mean Circuit City Stores, Inc. and any of its affiliated businesses, and/or subsidiaries that are jointly administered under chapter 11 Case No. 08-35653-KRH in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division.

D. "Describe in detail" and "state specifically" shall mean to state what is requested to be described including all facts and opinions known and held concerning

what is requested to be described, the identity of all persons having any knowledge of what is to be described, the identity of all Documents relating to what is to be described all relative dates and time periods.

E.    "Discovery Requests" shall mean, collectively, the Document Requests and Interrogatories as defined herein.

F.    "Document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure, including but not limited to any medium upon which information can be recorded or retrieved including, without limitation, the original, drafts, revisions, and non-duplicative copies of any written, typed, printed, recorded, magnetic, graphic, copied, or other form of memorialization and also specifically includes Communications as defined herein. "Document" shall include metadata and/or other identifying information for those documents stored electronically, including electronic mail.

G.    "Document Requests" shall mean the Debtors' First Set of Requests for Production of Documents directed to Schimenti Construction Co., LLC.

H.    "Evidence" or "evidencing" shall have the usual and customary definitions ascribed thereto, and

includes without limitation each of the following meanings: proves or proving, shows or showing, indicates or indicating, specifies or specifying, designates or designating, implies or implying, infers or inferring, supports or supporting, tends to support or tending to support.

I. "Fifth Omnibus Objection" shall mean the Debtors' Fifth Omnibus Objection to Certain Misclassified Non-Goods 503(b)(9) Claims (Docket No. 3309).

J. "Interrogatories" shall mean the Debtors' First Set of Interrogatories directed to Schimenti Construction Co., LLC.

K. "Local Bankruptcy Rules" shall mean the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia.

L. "New Jersey Contract" shall mean that certain construction contract between Circuit City Stores, Inc. and Schimenti Construction Co., LLC, regarding Circuit City Store #4133 in North Plainfield, New Jersey.

M. "New York Contract" shall mean that certain construction contract between Circuit City Stores, Inc. and Schimenti Construction Co., LLC regarding Circuit City Store #4212 in New York City.

N.  "Person" shall mean any natural person or any business, legal or governmental entity or association.

O.  "Relate to" or "relating to" or any variation thereof means in any way directly or indirectly, in whole or in part, relating to, regarding, constituting, concerning, about, pertaining to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, discussing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, canceling or negating.

P.  "Schimenti", "you" and "your" shall refer to Schimenti Construction Co., LLC and any of its agents, employees, representatives, affiliates, attorneys, consultants, accountants, stockholders, directors, officers, and any person acting under their direction or control.

Q.  "Schimenti Contracts" shall mean, collectively, the New York Contract and the New Jersey Contract.

R.  "Schimenti Response" shall mean the Response Of Schimenti Construction Company, LLC To Debtors' Fifth Omnibus Objection To Certain Misclassified Non-Goods 503(B)(9) Claims (Docket No. 3622) filed on June 15, 2009.

S. The words "and" and "or" shall be construed to be either conjunctive or disjunctive as the context requires so that each Document Request shall be construed broadly rather than narrowly.

### TOPICS FOR DEPOSITION

1. The Alleged 503(b)(9) Claim.

2. The Fifth Omnibus Objection.

3. The Schimenti Response.

4. The Schimenti Contracts.

5. The Discovery Requests and Schimenti's responses thereto.

6. Your contention stated in paragraph 31 of the Schimenti Response that "if the predominate purpose test was applied in the instant case, Circuit City's transactions with Schimenti Construction should be viewed as predominantly involving the purchase and sale of materials and goods - not services."

7. Your sales and marketing materials, including information provided on your website.