Gregg M. Galardi, Esq.                Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.               Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                         :    Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :    Case No. 08-35653 (KRH)
et al.,                        :
                               :
     Debtors.                  :    Jointly Administered
- - - - - - - - - - - - - - - x
```

**DEBTORS' REPLY TO THE WEIDLER SETTLEMENT CLASS MEMORANDUM
IN OPPOSITION TO DEBTORS' MOTION FOR SUMMARY JUDGMENT**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby submit this reply to the Weidler Settlement Class Memorandum In Opposition To Debtors' Motion for Summary Judgment (Docket No. 7151) (the "Summary Judgment Response") and in support of their Motion for Summary Judgment With Respect To Claim Of Weidler Settlement Class Subject to Debtors' Fifty-Eighth Omnibus Objection to Claims (Modification And/Or Reclassification Of Certain Claims) (Docket No. 6862), and their accompanying memorandum of law (Docket No. 6863) (together, the "Summary Judgment Motion").[1]

## BACKGROUND

On October 21, 2009, the debtors in possession in the above-captioned cases (collectively, the "Debtors") filed their Fifty-Eighth Omnibus Objection to Claims (the "Objection") (Docket No. 5322), seeking to reclassify the Alleged Wage Claim and the Attorneys Fee Claim to pre-petition general unsecured, non-priority claims.  On November 16, 2009, the Settlement Class responded to the

---

[1]  All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in Summary Judgment Motion.

2

Objection (the "Weidler Response") (Docket No. 5753), arguing that the Alleged Wage Claim is entitled to priority under section 507(a)(4) of the Bankruptcy Code ("section 507(a)(4)").  Weidler Response ¶ 14 n. 3.

Thereafter, on March 17, 2010, the Debtors filed the Summary Judgment Motion, arguing that, as a matter of law, the Alleged Wage Claim is not entitled to section 507(a)(4) priority, and therefore the Weidler Claim should be reclassified to a general unsecured, non-priority claim in its entirety.

In response, on April 8, 2010, the Settlement Class filed its Summary Judgment Response, arguing that the Alleged Wage Claim is entitled to section 507(a)(4) priority and that the Summary Judgment Motion should be denied.

**ARGUMENT**

**I.   THE SETTLEMENT CLASS HAS FAILED TO ADDRESS THE ARGUMENTS MADE IN THE SUMMARY JUDGMENT MOTION AND HAS THUS FAILED TO MEET IT BURDEN TO ESTABLISH PRIORITY.**

In the Summary Judgment Motion, the Debtors showed that, contrary to the arguments of the Settlement Class, the Alleged Wage Claim is not entitled to priority under section 507(a)(4) because (i) even if the Alleged Wage Claim did constitute wages, such wages were not

3

"earned" within the Priority Period as required by section 507(a)(4); (ii) the Alleged Wage Claim could not properly be characterized as one for "wages"; and (iii) no amount of the Alleged Wage Claim constitutes "back pay" that accrued during the Priority Period.

In its Summary Judgment Response, the Settlement Class fails to address any of these arguments or any of the law cited by the Debtors in support thereof.  The Settlement Class merely repeats the arguments it previously made in the Weidler Response, each of which were shown to be incorrect in the Summary Judgment Motion.  Having failed to refute any of the arguments made by the Debtors, the Settlement Class has not met its burden of showing entitlement to section 507(a)(4) priority.  See, e.g., In re Kitty Hawk, Inc., Case No. 00-42141-BJH-11, 2002 Bankr. LEXIS 1996, *7 (Bankr. N.D. Tex. Nov. 26, 2002) ("The claimant asserting wage priority bears the burden of establishing the priority claim and must fit squarely within the statutory requirements to achieve priority status.").

**II. THE DEBTORS ONLY DISPUTE THE PRIORITY OF THE ALLEGED WAGE CLAIM, NOT ULTIMATE LIABILITY ON THE CLAIM.**

In its Summary Judgment Response, the Settlement Class argues that the Debtors are attempting to "avoid their own contractual agreement by resorting to legal nuance" because, "[u]nder the Settlement Agreement, the Debtors agreed to pay to Plaintiffs no less than $2,800,000 in wages."  Summary Judgment Response ¶ 19.  The Debtors do not, however, dispute their ultimate liability for any amounts they agreed to pay in the Settlement Agreement, including the Alleged Wage Claim.  Rather, by the Objection and the Summary Judgment Motion, the Debtors are merely disputing the priority treatment of the Alleged Wage Claim.

In this regard, the Debtors have established, in the Summary Judgment Motion, that the Alleged Wage Claim is not entitled to priority treatment.  As set forth above, on that matter, the Settlement Class has failed to carry its burden of establishing that the Alleged Wage Claim is entitled to priority treatment under section 507(a)(4).

**III. THE SETTLEMENT CLASS' ATTEMPT TO RECHARACTERIZE THE ALLEGED WAGE CLAIM IS INCONSISTENT WITH THE EXPRESS TERMS OF THE SETTLEMENT AGREEMENT.**

In its Summary Judgment Response, the Settlement Class attempts to recharacterize the Alleged Wage Claim

5

from one for "wages" or "back pay" to one for "lost future earnings" that were earned during the Priority Period.  <u>See</u> Summary Judgment Response ¶¶ 20, 23. This re-characterization is inconsistent with the express terms of the Settlement Agreement.

As set forth in the Summary Judgment Motion, the Settlement Agreement expressly forecloses the possibility of any wages accruing during the Priority Period.  The Settlement Agreement specifically states that the Settlement Payments are based on each Class Member's "number of years of service <u>prior to termination in or about March 2007</u>" rather than any time period after March 2007.  Settlement Agreement ¶ 20(d) (emphasis added).  In addition, the Settlement Agreement expressly releases CCSI from "any and all claims . . . contingent or accrued, that relate to the Class Members' termination of employment . . . including without limitation . . . the <u>nonpayment of wages</u> . . . ."  <u>Id.</u> at ¶ 28 (emphasis added).

Thus, under the Settlement Agreement, to the extent the Settlement Agreement can be construed as entitling the Settlement Class to "wages", such "wages" were on account of the period on or before March 2007.  Therefore, under the Settlement Agreement itself, no amount

6

of the Alleged Wage Claim can constitute "lost future earnings." Accordingly, no part of the Alleged Wage Claim is entitled to priority treatment under section 507(a)(4).

### CONCLUSION

The Settlement Class has failed to meet its burden that the Alleged Wage Claim is entitled to priority under section 507(a)(4).  For the reasons set forth herein and in the Summary Judgment Motion, the Debtors

respectfully request that this Court grant the Summary Judgment Motion and reclassify the Weidler Claim, in its entirety, to a general unsecured, non-priority claim.

Dated: Richmond, Virginia      SKADDEN, ARPS, SLATE, MEAGHER &
      April 13, 2010        FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley     .
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

8