MATTHEW RIGHETTI     (SBN #121012)
matt@righettilaw.com
JOHN GLUGOSKI         (SBN #191551)
jglugoski@righettilaw.com
MICHAEL RIGHETTI      (SBN #258541)
mike@righettilaw.com
**RIGHETTI LAW FIRM, P.C.**
456 Montgomery Street, Suite 1400
San Francisco, CA  94104
**Telephone:     (415) 983-0900**
**Facsimile:      (415) 397-9005**

Attorneys for Creditors Card,
Hernandez, Gentry and Skaf

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>Circuit City Stores, Inc., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-35653 (KRH)<br>Jointly Administered<br><br>**REPLY IN SUPPORT OF CREDITORS' OMNIBUS MOTION REQUESTING AN ORDER APPLYING BANKRUPTCY RULE 7023 TO THEIR CLASS PROOFS OF CLAIM PURSUANT TO BANKRUPTCY RULE 9014(C)**<br><br>Date: April 15, 2010<br>Time: 2:00 p.m. ET<br>Room: 5000<br>Hon. Kevin Huennekens |

**REPLY IN SUPPORT OF CREDITORS' OMNIBUS MOTION REQUESTING AN ORDER APPLYING BANKRUPTCY RULE 7023 TO THEIR CLASS PROOFS OF CLAIM PURSUANT TO BANKRUPTCY RULE 9014(C)**

## I. INTRODUCTION

Creditors hereby submit this reply in support of Creditors' request for an order applying Rule 7023 to their class proof of claims. After the close of business on the West Coast on April 12, 2010, Creditors received Debtor's forty-three page opposition to Creditors' memorandum of points and authorities. In light of the short window to file a reply before the hearing on this matter, currently scheduled for April 15, 2010 at 2:00 p.m., Creditors have done their best to address Debtor's major arguments.

Debtor offers four general arguments in opposition to Creditors' request. Those arguments are: (1) Creditors' motion is not timely; (2) allowing the class proofs of claim would be inferior to individual claim adjudication; (3) allowing the class proofs of claim would unduly complicate and delay the administration of these cases; and (4) the costs of class litigation outweigh the benefits. These arguments lack merit and are inherently inconsistent.

## II. ARGUMENT

### A. Debtor's Motion Exceeds The Twenty-Page Limit For Opposing Briefs Pursuant To The Local Rules.

The Eastern District Court of Virginia Local Rules, Civil Rule 7(F)(3) specifies that any opposing brief shall not exceed 20 pages. On April 12, 2010, after the close of business, Debtor electronically served Creditors' with a 43-page response to Creditors' request to apply Rule 7023 to their proofs of claims. Debtor's 43-page submission exceeds the 20-page limit mandated by the Court's Local Rules; therefore, the Court should not consider any argument which appears after the twentieth page of Debtor's response.

### B. Creditors' Filed This Motion Promptly.

It is no surprise that Debtors rely almost entirely on *In Re Computer Learning Centers, Inc.* 344 B.R. 79, (Bkrtcy.E.D.Va., 2006) in support of its opposition to the relief requested by Creditors. Much of the language in the court's decision in that case, as Creditors acknowledge, supports the general principle that the filing of a class proof of claim is a contested matter in and of itself; therefore, a creditor need not wait for an objection to the proof of claim before bringing a 7023 motion. If that is the law then it is indeed a perilous trap for the unwary as it would constitute the creation of a entirely judicially created deadline not only absent from the Code, but also in contradiction to the holdings of various circuit courts of appeal as articulated by the

Seventh and Eleventh Circuits. What is interesting, however, is that Debtor completely fails to mention *the anomalous facts* of *In Re Computer Learning Center* as compared to this case and why *the different facts* in this case warrant the result Debtor seeks. This is because the different facts of that case are what led the Court to reject the creditors' class proof of claim. Here, however, the facts are *remarkably* different. Debtors understand that facts are stubborn things so they simply ignore the facts here.

In their Motion, Creditors articulated exactly why the Court in *In re Computer Learning Centers* denied the creditors' motion to apply B.R. 7023 to their proof of claim. In that case, it was because of the obvious prejudice to the debtor. The creditors' Rule 7023 motion in that case "was filed more than four years after the commencement of the case and years after the bar date set for filing proofs of claim. During the intervening years, the debtor, after notice to creditors, and with court approval, destroyed many of its records." *Id.* at 89. In addition, in that case it was questionable whether the debtor would have been able to locate former employee witnesses to assist it in defending the estate against the class claim. Finally, when the 7023 motion was made, "only ministerial matters remained" and "active administration of the case [was] all but over." *Id.* at 90.

Debtor assumes that the Court will now extend the holding in *In re Computer Learning Centers* to all class action bankruptcy matters as if the facts in that case made little difference. If this Court is inclined to align itself with debtors such as Circuit City and Computer Learning Centers in all bankruptcy matters involving this issue then this is the perfect opportunity for the Court to clarify that further separation from the other circuit holdings by stating clearly that the *In re Computer Learning Centers* holding extends much further than the facts of that case. There is no other explanation for Debtor to completely ignore the markedly distinct factual characteristics of the two cases. Unless this Court extends the holding in *In Re Computer Learning Centers*, then for all the reasons why *Computer Learning* favored the Debtor, the facts and circumstances here warrant a different result.

Debtors also suggest, in a most disingenuous manner, that Creditors are "essentially seeking authorization to file proofs of claim well after the time prescribed for doing so," and that Creditors did not make the sufficient showing of excusable neglect in order to do so. Debtor's

REPLY IN SUPPORT OF CREDITORS' OMNIBUS MOTION REQUESTING AN ORDER APPLYING BANKRUPTCY RULE 7023 TO THEIR CLASS PROOFS OF CLAIMS

Opp, pg. 14. This argument is not well taken at all. Debtor has known about these class proofs of claim ever since they were filed, and Debtor has known about these cases, namely Gentry, since 2002. Despite being aware of these claims, it was Debtor, not Creditors, who were dilatory by failing to file any objection to the claims on grounds that they had been improperly filed as class claims until more than 13 months after Creditors filed them. And, all of the Creditors multiple earlier attempts to engage Debtors about these claims were rebuffed by Debtors as too early and untimely.

Finally, Debtors offer absolutely no response to the fact that it failed to object to the class proofs of claim on the grounds that they were filed as class claims until thirteen months after having received them. Debtors claim that Gentry was "heavily litigated" in state court; therefore, Creditors' counsel <u>should have assumed that</u> Debtors would contest class certification. What Debtors ignore is that, despite the fact that Gentry's case traveled all the way to the Supreme Court and back, Debtors never answered the complaint or answered one stitch of discovery. The only way Creditors would know Debtors' contentions is via rank speculation. The very first time Debtors objected to class certification was only weeks ago.

Also along this vein, Debtors concede that their Forty-Forth Omnibus Objection to Claims was not a substantive objection, and Debtors concede that they offered to adjourn their own objection, but Debtors do not address Creditors' argument that Debtor's Nineteenth and Thirty-First Omnibus Objections failed to put Creditors on notice that Debtors disputed the class proofs of claim on the grounds that they were failed as class claims. In reality, Debtors now seek to capitalize on what appears to have been a deliberate strategic ploy of delaying substantive objections until well after the bar date, in order to bolster their argument that for the Court to accept them now would be untimely and prejudicial. For these reasons, Creditors respectfully submit that they filed this motion in a timely manner pursuant to the Court's directive at the previous omnibus hearing.

### C. Bankruptcy Is Not Superior To A Class Action Because Debtor Failed To Notify All Class Members Of The Bar Date.

Debtors' main argument here takes issue with the allegations of the complaint. This, despite the fact that this Court has made clear that this is not an evidentiary motion; rather, it is a

3

REPLY IN SUPPORT OF CREDITORS' OMNIBUS MOTION REQUESTING AN ORDER APPLYING BANKRUPTCY RULE 7023 TO THEIR CLASS PROOFS OF CLAIMS

motion where the allegations of the complaint would be deemed to be true for purposes of the motion. Debtors' claim that they provided adequate notice to unnamed claimants, thereby giving all employee-creditors the reasonable opportunity to timely file proofs of claim. Incredibly, however, Debtors refer to the unnamed claimants as "unknown creditors" such that the "the publication notice given was sufficient to satisfy due process." As Creditors highlighted in their Motion, Debtors only mailed notice to employees who were employed by Debtor within 3 years of the petition date despite the fact that most of the class members were employed prior to that time. The Court must question, again, whether this was simply another tactical decision by Debtors since Debtors had known about these claims since at least 2002.

Debtors do not dispute that they failed to mail notice to all putative class members in these cases. Instead, Debtors argue that "the identity of the Unnamed Claimants was not known or reasonably ascertainable by the Debtors at the time they provided notice of the General Bar Date." Debtors' Opp, pg. 26. What?! Debtor has been litigating the *Gentry* case since 2002, a case which made its way up to the California Supreme Court and back. Now, when it's most convenient to do so, Debtor outrageously claims that the identities of the putative class members were not known or reasonably ascertainable by the Debtors at the time they provided notice of the bar date! Do Debtors really expect this Court to believe that they did not know which current and former employees it employed at its stores in California from 1998 up until the petition date? Debtor must be held accountable for failing to provide actual notice to creditors it very well knew existed and whose rights Debtor very well knew were impacted by these proceedings. Debtor then makes the hysterical claim that notice to these Creditors would have been too burdensome as there were over 40,000 employees. <u>This hyperbole does not help the Court in making a fair decision because we all know that the class members in these cases (limited to certain positions during certain time periods in California) numbered less than 1,000 in total.</u>

Debtor's failure to provide actual notice to these unnamed claimants constituted insufficient notice based on the authorities cited by Debtor. Known creditors include those claimants "whose identities are actually known to the debtor, as well as claimants whose identities are reasonably ascertainable to the debtor." *In Re J.A. Jones, Inc.*, 492 F.3d 242, 249

(4th Cir. 2007). Known creditors <u>must</u> receive actual notice by mail of the claims bar date. *Id.* at 249. Debtors did not mail notice to all putative class member employees in Creditors' proofs of claim. This, despite the fact that Debtors certainly had knowledge of their identities and last known addresses for these individuals. Significantly, Debtors do not affirm under oath or otherwise testify that they did not know who these people were. There is simply no evidence in the record that Debtors did not know who it employed at its retail locations in California during the statutory period of these cases. Instead, Debtors argue that they would have been too costly for Debtor to undertake such a task. Certainly, the cost of mailing notice to the relatively small number of class members here pales in comparison to the amounts that this Court is allowing Debtors to regularly pay Skadden Arps and McGuire Woods LLP (literally millions upon millions of dollars in attorney fees) to handle the bankruptcy and object to the legitimate claims of hard working blue collar employees. It simply appears that Debtors chose to give their former employees the *least* practical notice because Debtors do not want their former employees to know their rights. Based on these *facts*, it cannot be disputed that Debtors failed to provide sufficient notice to the unnamed claimants who have been relying on the assertion of class proofs of claims for the vindication of their rights under the California Labor Code.

### D. Allowing Creditors' Class Claims Is The Only Way To Ensure Adequate Protection To All Potential Creditors.

Debtors next argue that allowing the class claims would unduly complicate and delay the administration of these cases. This entire argument, as articulated by Debtors, rests on the hugely false assumption that Debtors provided "adequate notice" of the General Bar Date, thus "unnamed claimants should not now be allowed to circumvent that bar date." As explained above, Debtors did not provide sufficient notice to the putative class members in these cases because Debtors knew very well who these individuals were and simply chose not to send notice by mail. The principal function of bankruptcy law is to determine and implement in a single collective proceeding the entitlements of all concerned. *Butner v. United States,* 440 U.S. 48, 99; *Boston & Maine Corp. v. Chicago Pacific Corp.,* 785 F.2d 562, 565 (7th Cir.1986). Here, despite being aware of the identities of many "concerned" individuals, Debtors chose not to notify them of the bar date. Now, Debtors ask this court to issue a ruling which would

unjustifiably exclude the entitlements of hundreds of employees with bona fide wage claims. This could not have been the intent behind the creation and administration of the bankruptcy system in this, or any, district or circuit court of the United States.

### E. Here, The Benefits Of Class Litigation Outweigh The Costs.

Debtors argue that the benefits of class actions are not persuasive when bankruptcy is the alternative method of adjudication, because the bankruptcy "consolidates all claims in one forum and allows claimants to file proofs of claim without counsel and virtually no cost." Debtor Opp, pg. 38. In doing so, Debtors brazenly seek to have this Court eviscerate Rule 7023 in its entirety. Again, if this is the Court's intention then it should be so stated so the rule in this circuit can be properly evaluated by higher courts. Moreover, even if one accepted the faulty premise of Debtors' argument, it can only be true where Debtors have provided adequate notice to all putative class members of the bar date. How else could the putative class member claimants be expected to file proofs of claims before the bar date, or ever for that matter, if Debtors fail to provide them with actual notice? That is exactly the situation here.

Here, this Court cannot consolidate all of the potential unnamed claimants' claims because most of the unnamed claimants have not received notice of these proceedings, and even if unnamed claimants somehow learned about these proceedings in the future, the bar date has already long passed.

## CONCLUSION

For the aforementioned reasons, Creditors respectfully request that the Court grant Creditors' omnibus request to apply Rule 7023 to their class proofs of claims and allow expedited discovery to commence in preparation for a Rule 23 class certification motion.

Respectfully submitted,

**RIGHETTI LAW FIRM, P.C.**

Date: April 13, 2010

/s/ Michael Righetti
Michael Righetti, Esq.
Attorneys for Creditors

REPLY IN SUPPORT OF CREDITORS' OMNIBUS MOTION REQUESTING AN ORDER APPLYING BANKRUPTCY RULE 7023 TO THEIR CLASS PROOFS OF CLAIMS