Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Douglas M. Foley (VSB No. 34364)  
Sarah B. Boehm (VSB No. 45201)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

- and -

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
155 North Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and Debtors  
in Possession  

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION  

- - - - - - - - - - - - - - - x  

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| CIRCUIT CITY STORES, INC., | : | Case No. 08-35653 (KRH) |
| et al., | : |  |
|  | : | Jointly Administered |
| Debtors. | : |  |
|  | : | **Obj. Deadline: April 22, 2010 at** |
|  |  | **5:00 p.m. (ET)** |

- - - - - - - - - - - - - - - x  

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE DEBTORS AND SNELL ACOUSTICS, INC. RESOLVING DEBTORS' FIFTY-SEVENTH AND FIFTY-EIGHTH OMNIBUS OBJECTIONS TO CLAIMS**

PLEASE TAKE NOTICE that, on August 10, 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered the Order Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval (the "Settlement Procedures Order") (Docket No. 4401).[1]  A

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Settlement Agreement (defined below) or the Settlement Procedures Order.

copy of the Settlement Procedures Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement Agreement") with Snell Acoustics, Inc. ("Snell"), a copy of which is annexed as <u>Exhibit 2</u>.

### SUMMARY OF SETTLEMENT AGREEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Settlement Agreement are as follows:

---

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]   This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.

(i)     This a Tier I Settlement.

(ii)    Upon the Effective Date of the Settlement
        Agreement (as defined therein), the Parties
        agree that the administrative priority
        portion of Claim 9227, in the amount of
        $2,166.39, shall be reclassified to a
        general unsecured, non-priority claim.
        Upon reclassification, Claim 9227 shall be
        an allowed general unsecured, non-priority
        claim in the amount of $8,233.56 (the
        "Allowed Unsecured Claim").

(iii)   The Allowed Unsecured Claim shall be deemed
        an "allowed" claim against Circuit City
        Stores, Inc. and its estate in case number
        08-35653 (KRH) for all purposes, including
        with respect to any confirmed plan of
        liquidation or in any chapter 7 case of
        such Debtor, and shall not be subject to
        further offset, reduction, subordination or
        discount.

(iv)    By the Settlement Agreement, the Debtors
        withdraw the Fifty-Seventh Omnibus
        Objection as to Snell's Claim 9227.
        Moreover, Snell withdraws its response to
        the Fifty-Eighth Omnibus Objection.
        Accordingly, the Objections to Claim 9227
        are hereby resolved.

(v)     For the avoidance of doubt and
        notwithstanding anything to the contrary in
        the Settlement Agreement, (i) Claim 9227 as
        allowed in the Settlement Agreement shall
        constitute Snell's full and final claim in
        the Debtors' cases and Snell shall not file
        nor be entitled to recover on account of
        any other claims, and (ii) the Parties
        agree that nothing herein shall be deemed
        to be or construed as an impairment, waiver,
        or relinquishment of, or effect, impair,
        waive, or relinquish, the Debtors' rights
        to recover amounts under chapter 5 of the
        Bankruptcy Code, including (without

limitation) sections 542, 543, 544, 546,
547, 548, 549, 550, 553 and 558) (the
"Avoidance Action Claims") or Snell's
defenses to the Avoidance Action Claims.
The Parties expressly and forever waive any
defense that the Settlement Agreement or
any of its terms in any way affected,
impaired, waived, or relinquished such
rights or defenses.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Settlement Procedures Order,
any Notice Party may object (each an "Objection") to or
request additional time or information (each a "Request")
to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be in writing and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (see information below) by no later
**April 22, 2010 at 5:00 p.m. (ET)** (the "Objection Deadline").
Each Objection or Request must be served on (i) the
attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue,
36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to
the Settlement Agreement and you do not want the Debtors to
proceed with the Settlement Agreement or you want the Court
to consider your views concerning the Settlement Agreement,
you or you attorney must also:

file in writing with the Court, Clerk of Court,
United States Bankruptcy Court, 701 East Broad
Street, Suite 4000, Richmond, Virginia 23219, or
electronically (www.vaeb.uscourts.gov), a written
Objection pursuant to Local Bankruptcy Rule 9013-
1(H). If you mail your Objection to the Court for
filing, you must mail it early enough so the
Court will **receive it on or before April 22, 2010
at 5:00 p.m. (ET)**.

**Any Objection to the Settlement Agreement must be submitted
by the method described in the foregoing sentence.
Objections will be deemed filed only when actually received
at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(d) of the Settlement Procedures Order, if a
Notice Party submits a Request, only such Notice Party
shall have the later of (i) an additional five (5) days to
object to the Agreement or (ii) in the case of a Request
for additional information, three (3) days after receipt by
the Notice Party of the additional information requested.
Each Notice Party may only make one Request for additional
time per Settlement Agreement, unless otherwise agreed to
by the Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: April 15, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :    Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :    1Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy
Code") and Rules 2002, 9006 and 9019 of the Federal
Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),
for entry of an order authorizing the establishment of
procedures to settle certain pre-petition and post-
petition claims and causes of action without further
court approval; and the Court having reviewed the
Motion; and upon the record herein; and after due
deliberation thereon; and good and sufficient cause
appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.   Based on the affidavits of service filed,
due, proper and adequate notice of the Motion has been
given in accordance with the Case Management Order and
that no other or further notice is necessary;

2.   The Notice Procedures are fair,
reasonable, and appropriate.

3.   The Settlement Procedures are fair
reasonable, and appropriate.

4.   The Notice and Settlement Procedures were
proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; _provided_,
_further_, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as applicable, in an amount greater than $500,000.

12.   Subject to the Notice Procedures, the Debtors are authorized to compromise and settle Cause of Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value (i) equal to or greater than seventy-five percent (75%) of the Debtors' original reasonable estimate of the Cause of Action and Receivable Claim amount and (ii) equal to or less than $1,000,000.

(b)   <u>Tier II</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value equal to (i) more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

9

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.  Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.  Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
        _____, 2009

        _____
        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
         Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS AND SNELL ACOUSTICS, INC. RESOLVING DEBTORS'
FIFTY-SEVENTH AND FIFTY-EIGHTH OMNIBUS OBJECTIONS TO
CLAIMS**

        This settlement agreement and stipulation

(this "Agreement") is entered into by and among the

above-captioned debtors and debtors in possession (the

"Debtors")[1], on the one hand, and Snell Acoustics, Inc.
("Snell"), on the other hand.  The Debtors and Snell are
sometimes referred to herein collectively as the
"Parties" or individually as a "Party".

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition
Date"), the Debtors each filed a voluntary petition in
the United States Bankruptcy Court for the Eastern
District of Virginia (the "Court") under chapter 11 of
title 11 of the United States Code (the "Bankruptcy
Code"); and

WHEREAS, the Debtors have continued as debtors
in possession pursuant to sections 1107(a) and 1108 of
the Bankruptcy Code; and

---

[1]  The Debtors and the last four digits of their respective taxpayer
     identification numbers are as follows: Circuit City Stores, Inc.
     (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
     Inc. (0875), Ventoux International, Inc. (1838), Circuit City
     Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
     Distribution Company of Virginia, Inc. (2821), Circuit City
     Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
     Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
     Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
     Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
     LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
     for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
     VA 23060.

2

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

3

WHEREAS, the associated disclosure statement
(the "Disclosure Statement") was approved on September
24, 2009, and confirmation on the Plan is currently
scheduled for May 11, 2010; and

WHEREAS, generally, the Plan provides for the
liquidation of the Debtors under chapter 11 of the
Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the
Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R.
Bankr. P. 2002, 9006, and 9019 Authorizing the
Establishment of Procedures to Settle Certain Pre-
Petition and Post-Petition Claims and Causes of Action
Without Further Court Approval, dated August 7, 2009
(Docket No. 4401, the "Settlement Procedures Order")[2] to
enter into this Settlement Agreement, subject to the
Notice Procedures.

### SETTLEMENT BACKGROUND

**A.    The Snell Claim.**

WHEREAS, the Debtors and Snell engaged in
business in the ordinary course prior to the Petition

---

[2]    All capitalized terms not otherwise defined herein shall have the
meaning ascribed to such terms in the Settlement Procedures Order.

Date wherein the Debtors purchased certain Snell

products (the "Product") for sale in their retail

stores; and

WHEREAS, on January 30, 2009, Snell filed

proof of claim number 9227 against the Debtors'

bankruptcy estates ("Claim 9227").[3]  Therein, Snell

alleged that it shipped in the ordinary course of

business $8,233.56 worth of Product to the Debtors

before the Petition Date for which Snell had not been

paid; and

WHEREAS, Snell also asserted that a portion of

Claim 9227 in the amount of $2,166.39 was comprised of

Product shipped in the ordinary course of business to

the Debtors in the forty-five (45) days before the

Petition Date for which Snell had not been paid.  Snell

alleged that it was entitled to reclaim this Product

pursuant to Bankruptcy Code section 546(c), and as such,

this amount was entitled to administrative priority

---

[3]  Claim 9227 expressly amended Claim 1450, which was filed by Snell
on December 19, 2008 in the amount of $2,166.39.  Claim 1450 has
since been disallowed.  See Order on Debtors' Forty-Second
Omnibus Objection to Claims (Disallowance of Certain Amended
Claims) (D.I. 5939).

treatment under the Bankruptcy Code.  Snell asserted

that the remaining portion of Claim 9227 in the amount

of $6,067.17 should be treated as a general unsecured

non-priority claim; and

**B.    The Objections.**

WHEREAS, on October 21, 2009, the Debtors

filed the Debtors' Fifty-Seventh Omnibus Objection to

Claims (Disallowance of Certain Alleged Administrative

Expenses) (D.I. 5321) (the "Fifty-Seventh Omnibus

Objection").  Therein, the Debtors sought to reclassify

certain claims to general unsecured claims, including

Claim 9227, on the grounds that the claims arose pre-

petition, were not actual and necessary expenses of the

Debtors' bankruptcy estates, and did not arise from

post-petition transactions with the Debtors or provide

any benefits to the Debtors' estates.  Additionally, the

Debtors sought to disallow the claims subject to the

Fifty-Seventh Omnibus Objection on the basis that each

claim subject thereto was filed after the general bar

date; and

WHEREAS, on October 21, 2009, the Debtors also

filed the Debtors' Fifty-Eighth Omnibus Objection to

6

Claims (Reclassification of Certain Misclassified Claims

to General Unsecured, Non-Priority Claims) (D.I. 5322)

(the "Fifty-Eighth Omnibus Objection", and together with

the Fifty-Seventh Omnibus Objection, the "Objections").

Therein, the Debtors objected to various alleged

administrative and priority claims, including claim 9227,

on the grounds that the claims were asserted with

incorrect classifications and should be reclassified to

general unsecured, non-priority claims; and

WHEREAS, on November 15, 2009, Snell filed the

Response of Snell Acoustics, Inc. to Debtors' Fifty-

Seventh Omnibus Objection to Claims (D.I. 5673) and the

Response of Snell Acoustics, Inc. to Debtors' Fifty-

Eighth Omnibus Objection to Claims (D.I. 5674)

(collectively, the "Responses").  By way of the

Responses, Snell disagreed that the administrative

priority portion of Claim 9227 should be reclassified to

a general unsecured, non-priority claim.  Alternatively,

Snell argued that Claim 9227 was not filed after the

general bar date such that even if it were reclassified,

the claim should not be disallowed;

WHEREAS, the Objections have been adjourned as
to Snell; and

WHEREAS, rather than proceed with further
litigation concerning Claim 9227, the Objections and the
Responses, the parties engaged in good faith, arms'
length negotiations to resolve such claims in their
entirety; and

NOW THEREFORE, subject to and in accordance
with the Settlement Procedures Order, for good and
valuable consideration the receipt and sufficiency of
which is hereby acknowledged, the Parties hereby
STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.   Upon the Effective Date of this Agreement
(as defined herein), the Parties agree that the
administrative priority portion of Claim 9227, in the
amount of $2,166.39, shall be reclassified to a general
unsecured, non-priority claim.  Upon reclassification,
Claim 9227 shall be an allowed general unsecured, non-
priority claim in the amount of $8,233.56 (the "Allowed
Unsecured Claim").

2.   The Allowed Unsecured Claim shall be
deemed an "allowed" claim against Circuit City Stores,

Inc. and its estate in case number 08-35653 (KRH) for
all purposes, including with respect to any confirmed
plan of liquidation or in any chapter 7 case of such
Debtor, and shall not be subject to further offset,
reduction, subordination or discount.

      3.    By this Agreement, the Debtors withdraw
the Fifty-Seventh Omnibus Objection as to Snell's Claim
9227.  Moreover, Snell withdraws its response to the
Fifty-Eighth Omnibus Objection.  Accordingly, the
Objections to Claim 9227 are hereby resolved.

      4.    For the avoidance of doubt and
notwithstanding anything to the contrary in this
Agreement, (i) Claim 9227 as allowed in this Agreement
shall constitute Snell's full and final claim in the
Debtors' cases and Snell shall not file nor be entitled
to recover on account of any other claims, and (ii) the
Parties agree that nothing herein shall be deemed to be
or construed as an impairment, waiver, or relinquishment
of, or effect, impair, waive, or relinquish, the
Debtors' rights to recover amounts under chapter 5 of
the Bankruptcy Code, including (without limitation)
sections 542, 543, 544, 546, 547, 548, 549, 550, 553 and

558) (the "Avoidance Action Claims") or Snell's defenses
to the Avoidance Action Claims.  The Parties expressly
and forever waive any defense that this Agreement or any
of its terms in any way affected, impaired, waived, or
relinquished such rights or defenses.

5.    Neither this Agreement, nor any statement
made or action taken in connection with the negotiation
of this Agreement, shall be offered or received in
evidence or in any way referred to in any legal action
or administrative proceeding among or between the
parties hereto, other than as may be necessary (a) to
obtain approval of and to enforce this Agreement or (b)
to seek damages or injunctive relief in connection
therewith.

6.    Each Party hereto shall execute and
deliver any and all additional papers, documents and
other assurances, and shall do any and all acts and
things reasonably necessary or appropriate in
conjunction with the performance of their respective
obligations hereunder.

7.    No provision of this Agreement is
intended to confer any rights, benefits, remedies,

10

obligations or liabilities hereunder upon any person other than the parties hereto and their respective successors.

8.    Except where preempted by applicable Federal law, this Agreement shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia without regard to any choice of law provisions.

9.    This Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

10.   This Agreement, including the Release, constitutes the entire agreement and understanding of the parties regarding the Agreement and the subject matter thereof.

11.   The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret,

administer or enforce the terms and provisions of, this Agreement.

12.    Each person or entity who executes this Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Agreement.

13.    This Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

14.    This Agreement and all of its terms shall be effective (the "Effective Date") upon the later of (i) execution by the Parties, (ii) the expiration of the applicable Notice Period, or (iii) the resolution of any objection properly filed in accordance with the terms of the Settlement Procedures Order.

IN WITNESS WHEREOF, this Agreement is hereby
executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

Dated:  April 15, 2010

SNELL ACOUSTICS, INC.

By:

/s/ William A. Gray_____
William A. Gray
Sands, Anderson, Marks & Miller P.C.
801 East Main Street
P.O. Box 1998
Richmond, VA 23218-1998
Main: (804) 648-1636

Counsel for Snell Acoustics, Inc.

Dated:  April 15, 2010

14