Gregg M. Galardi, Esq.  Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.  Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP  One James Center
One Rodney Square  901 E. Cary Street
PO Box 636  Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :  Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :  Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :  Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' OBJECTION TO CLAIM OF NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE (CLAIM NO. 12586)**

Circuit City Stores, Inc. ("Circuit City") and

certain of its subsidiaries, debtors and debtors in

possession in the above-captioned cases (collectively,

1

the "Debtors"),[1] hereby object (the "Objection") to proof

of claim number 12586 ("Claim No. 12586") filed by The

New York State Department of Taxation and Finance ("NY

State Tax Dept."), and move this Court, pursuant to

sections 105, 501, 502 and 505 of title 11 of the United

States Code, 11 U.S.C. §§ 101 <u>et</u> <u>seq</u>. (as amended, the

"Bankruptcy Code"), Rule 3007 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and Local

Bankruptcy Rule 3007-1 for entry of an order, the

proposed form of which is attached hereto, disallowing

Claim No. 12586 in its entirety.   In support of the

Objection, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1.   This Court has jurisdiction to consider

this Objection under 28 U.S.C. §§ 157 and 1334.   This is

---

[1]   The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), PRAHS, INC. (n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
for Circuit City Stores West Coast, Inc. is 9250 Sheridan
Boulevard, Westminster, Colorado 80031.  For all other Debtors,
the address is 4951 Lake Brook Drive, Glen Allen, VA 23060.

a core proceeding under 28 U.S.C. § 157(b).  Venue of

these cases in this district is proper under 28 U.S.C.

§§ 1408 and 1409.

2.   The statutory and legal predicates for the

relief requested herein are Bankruptcy Code sections

105, 501, 502 and 505, Bankruptcy Rule 3007 and Local

Bankruptcy Rule 3007-1.

**BACKGROUND**

**A.   General Case Background.**

3.   On November 10, 2008 (the "Petition

Date"), the Debtors filed voluntary petitions in this

Court for relief under chapter 11 of the Bankruptcy

Code.

4.   On November 12, 2008, the Office of the

United States Trustee for the Eastern District of

Virginia appointed a statutory committee of unsecured

creditors (the "Creditors' Committee").  To date, no

trustee or examiner has been appointed in these chapter

11 cases.

5.   On January 16, 2009, the Court authorized

the Debtors, among other things, to conduct going out of

business sales at the Debtors' remaining 567 stores

pursuant to an agency agreement (the "Agency Agreement")
between the Debtors and a joint venture, as agent (the
"Agent").  On January 17, 2009, the Agent commenced
going out of business sales pursuant to the Agency
Agreement at the Debtors remaining stores.  The going
out of business sales concluded on or about March 8,
2009.

        6.  On September 29, 2009, the Debtors and the
Creditors' Committee filed the First Amended Joint Plan
Of Liquidation Of Circuit City Stores, Inc. And Its
Affiliated Debtors And Debtors In Possession And Its
Official Committee Of Creditors Holding General
Unsecured Claims (Bankr. Ct. Dkt. No. 5124) (the
"Plan").  The associated disclosure statement (Bankr.
Ct. Dkt. No. 5103) (the "Disclosure Statement") was
approved on September 24, 2009, and the confirmation
hearing with respect to the Plan is currently scheduled
for May 11, 2010 (as may be adjourned or rescheduled,
the "Confirmation Hearing").  The Plan provides for the
liquidation of the Debtors under chapter 11 of the
Bankruptcy Code and distribution of the proceeds from

such liquidation to the Debtors' creditors.  <u>See</u>,

<u>generally</u>, <u>Plan</u>.

**B.    The NY State Tax Dept. Proof of Claim.**

7.   For tax years ending February 29, 2004,

February 28, 2005, February 28, 2006, and February 28,

2007, Circuit City timely filed New York State corporate

tax returns reflecting New York State tax liabilities in

the following amounts:

| Tax Year: | 2004 | 2005 | 2006 | 2007 |
|---|---|---|---|---|
| Tax Liability Paid: | $221,959 | $225,731 | $541,731 | $138,802 |

8.   All tax liabilities were timely paid.  The

total amount Circuit City paid to New York State on

account of these tax periods was $1,128,223.

9.   On or about January 23, 2007, NY State Tax

Dept. informed Circuit City that its New York State tax

returns for the tax years ending February 29, 2004,

February 28, 2005, February 28, 2006, and February 28,

2007 had been selected for audit (the "Tax Audit Years").

10.   On February 23, 2009, NY State Tax Dept.

issued a notice of deficiency for the Tax Audit Years in

the amount of $14,130,257.13 (the "Additional Tax

Assessment").  A true and correct copy of the notice of

deficiency and audit workpapers are attached hereto as
Exhibit A.

11.  On or about May 4, 2009, NY State Tax
Dept. filed Claim No. 12586 on account of the Additional
Tax Assessment, asserting claims totaling $14,130,257.13
representing:

| Prepetition Taxes | Prepetition Interest | Prepetition Penalties |
|---|---|---|
| $9,343,651.82 | $3,728,679.29 | $1,057,962.02 |

A true and correct copy of Claim No. 12586 is attached
hereto as Exhibit B.

12.  Pursuant to Claim No. 12586, NY State Tax
Dept. asserts $13,072,331.11 of the total claim amount as
an unsecured priority claim, and the remaining
$1,057,926.02 as a general unsecured non-priority claim.

**C.    Inadequate Basis For Additional Tax Assessment.**

13.  Based on Claim No. 12586 and the notice of
deficiency and audit workpapers provided to Circuit City,
the Additional Tax Assessment appears to be premised on
three separate items.

14.  First, NY State Tax Dept. seeks to combine
Circuit City with certain of its subsidiaries and
affiliates for purposes of requiring Circuit City to file

a combined Article 9-A New York State tax return.  As
demonstrated herein, New York State tax law does not
support the combination of entities sought by NY State
Tax Dept.

15.   Second, despite Circuit City properly
calculating its business allocation percentages for the
Tax Audit Years and paying the full amount of tax
liability due and owing, NY State Tax Dept. now seeks to
apply an overstated and arbitrary 8% business allocation
percentage to apportion Circuit City's federal taxable
income to New York State for each of the four Tax Audit
Years.  As demonstrated herein, the arbitrary 8% figure
is improper, and Circuit City has already paid its tax
liability in full based on the properly calculated
business allocation percentages.

16.   Third, NY State Tax Dept. seeks to require
additions to Circuit City's federal taxable income with
respect to Circuit City's New York State tax liability on
account of certain unexplained items referred to in audit
workpapers as "Intertan Expense-foreign affiliate",
"Litigation Expense related to foreign affiliate", and
"Self Insured Loss".  As further demonstrated herein, NY

State Tax Dept.'s vague and ambiguous references to
unexplained additional sources of taxable income are not
sufficient to establish a claim.

### OBJECTION

17.   By this Objection, the Debtors seek entry
of an order disallowing Claim No. 12586 in its entirety
for all purposes in these bankruptcy cases.

### BASIS FOR OBJECTION

18.   Currently, the Debtors are engaged in a
thorough review of all claims filed against their
estates, including unsecured priority claims, to
determine the validity of such claims.

19.   After reviewing Claim No. 12586, certain
related documentation, and the Debtors' books and
records, the Debtors have determined that Claim No. 12586
is based on the invalid Additional Tax Assessment.
Specifically (i) New York State tax law does not support
the combination of entities sought by NY State Tax Dept.
for tax filing purposes, (ii) the revised and overstated
8% business allocation percentage figure applied by NY
State Tax Dept. is improper and Circuit City has already
paid its tax liability in full based on the properly

calculated business allocation percentage, (iii) NY State

Tax Dept.'s vague and ambiguous references to unexplained

additional sources of taxable income are not sufficient

to establish a claim, and (vi) if Circuit City and its

subsidiaries are combined for income tax purposes, NY

State Tax Dept.'s proof of claim improperly includes

intercompany dividends into Circuit City's taxable

income.  Accordingly, Claim No. 12586 should be

disallowed in its entirety.

### APPLICABLE AUTHORITY

**I.    NEW YORK LAW DOES NOT SUPPORT COMBINATION OF
ENTITIES FOR TAX FILING PURPOSES.**

**A.    Generally Applicable Legal Standards.**

20.  By the Additional Tax Assessment and

Claim No. 12586, NY State Tax Dept. alleges that, for

the Audit Tax Years, Circuit City should be combined

with certain of its subsidiaries for purposes of filing

an Article 9-A New York State Combined Franchise Tax

Return based on N.Y. TAX LAW § 211(4) (2010) and N.Y.

COMP. CODES R. & REGS. tit. 20, § 6-2.

21.  Essentially, pursuant to N.Y. TAX LAW §

211(4), a group of corporations may be required to file

a combined return if: (1) the taxpayer meets a capital

9

stock ownership test; (2) the group of corporations are
engaged in a unitary business; and (3) filing on a
separate basis would distort the group's New York
activities, business, income or capital.  N.Y. TAX LAW §
211(4) (2010); see also N.Y. COMP. CODES R. & REGS. tit.
20, § 6-2; N.Y. COMP. CODES R. & REGS. tit. 20, § 6-2.2
(defining the capital stock ownership test and unitary
business); N.Y. COMP. CODES R. & REGS. tit. 20, § 6-
2.3(b)(defining distortion).

   22.  With respect to the first element of the
analysis identified by N.Y. TAX LAW § 211(4), the capital
stock ownership test is satisfied if: (a) the taxpayer
controls substantially all the stock of the other
corporations; (b) substantially all the common stock of
the taxpayer is controlled by the other corporations; or
(c) substantially all the capital stock of the taxpayer
and the other corporations are controlled by the same
entity.  N.Y. COMP. CODES R. & REGS. tit. 20, § 6-
2.2(a)(1); see also Campbell Sales Co. v. N.Y. State Tax
Com., 68 N.Y.2d 617, 619-620 (N.Y. 1986)(taxpayers may
be required to file combined reports where the parent
owns or controls substantially all the capital stock of

the subsidiary).  Substantially means at least "80% or

more of the voting stock."  N.Y. COMP. CODES R. & REGS.

tit. 20, § 6-2.2(a)(2).

23.  The second element of the analysis

identified by N.Y. TAX LAW § 211(4) will be satisfied

only if the group of corporations sought to be combined

engaged in a "unitary business".  A unitary business

requires: (a) centralized management; (b) functional

integration, i.e., integration of operations; (c)

economies of scale, i.e., shared office space,

facilities or resources; and (d) that the companies have

related activities.  Mobil Oil Corp. v. Comm'r of Taxes

of Vt., 445 U.S. 425, 438-39 (1980)(stating that a

unitary business involves "functional integration,

centralization of management, and economies of scale.");

see also N.Y. COMP. CODES R. & REGS. tit. 20, § 6-

2.2(a)(2)(b)("[i]n deciding whether a corporation is

part of a unitary business . . . consider whether the

activities in which the corporation engages in are

related to the activities of the other corporations").

24.  Finally, with respect to the third

element of the analysis identified by N.Y. TAX LAW §

11

211(4), "the ultimate question is whether, under all of

the circumstances of the intercompany relationship . . .

combined reporting fulfills the statutory purpose of

avoiding distortion of and more realistically portraying

true income." Sherwin-Williams Co. v. Tax Appeals

Tribunal, 12 A.D.3d 112, 115-16 (N.Y. App. Div. 3d Dep't

2004). Potential for distortion is analyzed based on

the facts and circumstances of intercorporate

transactions between the taxpayer and its related

entities, and a presumption of distortion may exist

where there are substantial intercorporate transactions

among the corporations. Id. at 114-16; see also N.Y.

COMP. CODES R. & REGS. tit. 20, § 6-2.3(b). Intercorporate

transactions generally include activities similar to

those considered under the unitary business analysis.

N.Y. COMP. CODES R. & REGS. tit. 20, § 6-2.3(c).

**B. Additional Applicable Legal Standard.**

25. Additionally, under New York law, a

corporation that is taxable under Article 32 (Franchise

Tax on Banking Corporations) or Article 33 (Premiums Tax

on Insurance Companies) of New York's statutory tax law

cannot be included in an Article 9-A General Corporation

Combined Franchise Tax Return.  N.Y. COMP. CODES R. &

REGS. tit. 20, § 6-2.5(c).

**C.    Entities Improperly Sought To Be Combined With Circuit City For Tax Purposes.**

26.  By the Additional Tax Assessment and

Claim No. 12586, NY State Tax Dept. seeks to combine

with Circuit City, for purposes of determining New York

State tax liability, the following entities: First North

American National Bank ("FNANB"), D.C. Funding

International, Inc. ("D.C."), Tyler Funding

International, Inc. ("Tyler"), Circuit City Stores West

Coast, Inc. ("CCW"), CC Distribution Co. of Virginia,

Inc. ("CC Distribution"), and Ventoux International,

Inc. ("Ventoux") (collectively the "Subsidiaries").

**D.    FNANB Cannot Be Combined For Tax Filing Purposes.**

27.  FNANB was a wholly-owned subsidiary of

Circuit City and commercially domiciled in Georgia.

FNANB was organized as a nationally chartered limited

purpose credit card bank and, as a banking corporation,

would be subject to Article 32 of the New York tax law.

New York law precludes Article 32 filing entities --

banking corporations -- from being included in an

13

Article 9-A General Corporation Combined Franchise Tax Return.  N.Y. COMP. CODES R. & REGS. tit. 20, § 6-2.5(c); see also N.Y. TAX LAW § 1452(a) ("[A] banking corporation means: (2) every corporation or association organized under the laws of any other state or country which is doing a banking business.").  Accordingly, FNANB cannot be combined with, or included in, Circuit City's New York State tax return.

**E.   D.C. and Tyler Cannot Be Combined For Tax Filing Purposes.**

28.   The D.C. and Tyler entities cannot be combined with Circuit City for tax filing purposes because neither entity satisfies the unitary business or distortion elements of N.Y. TAX LAW § 211(4).

**(1)   D.C. and Tyler background.**

29. Beginning in 2001, and in response to concerns of the Office of the Comptroller of Currency ("OCC"), FNANB began securitizing its credit card receivables through a two-step securitization structure. To do this, Circuit City created D.C. and Tyler (together, the "Special Purpose Entities") as two wholly-owned subsidiaries.  The Special Purpose Entities were both United States corporations with their

14

principal place of business and commercial domiciles in
Bermuda.  Each entity had an office in Bermuda.  At no
time did any employee or officer of D.C. or Tyler
conduct any business in New York.  D.C. was liquidated
in February, 2004 and Tyler was liquidated in July,
2004.

30.  The two-step securitization process
involved FNANB selling on a daily basis all of its
credit card receivables to the Special Purpose Entities.
FNANB recognized substantial gains on the sales of its
receivables to the Special Purpose Entities and included
these gains in its federal taxable income.  The purpose
of this two-step securitization methodology was to
respond to concerns raised by bank regulators regarding
the adequacy of FNANB's capital ratios.

31.  The sales were arms-length transactions,
examined and approved annually by bank regulators and,
based on "true sale" opinions obtained from Circuit
City's outside counsel, met the isolation criterion of
FAS 140 such that the Federal Deposit Insurance
Corporation would not be able to seek to reclaim,
recover or recharacterize the transferred receivables as

15

property of FNANB.  After selling the receivables to
D.C. and Tyler, FNANB continued to service the
receivables outside of New York for an arms-length
negotiated fee which was included in FNANB's federal
income tax.

       **(2)   There exists no unitary business purpose.**

       32.   A unitary business has centralized
management, integrated operations, related activities
and shared resources.  <u>Mobil Oil</u>, 445 U.S. at 439
(stating that to avoid state taxation for certain
activities, a corporation must show its "income was
earned in the course of activities unrelated to [its
business] in that State.").  D.C. and Tyler were created
to securitize credit card receivables for FNANB.
Conversely, Circuit City primarily sold consumer
electronics.  Further, Circuit City, D.C. and Tyler did
not share management or directors.  Accordingly, the
entities did not form a unitary business.  <u>See</u> N.Y. TAX
LAW § 211(4); <u>see</u> <u>also</u> <u>Mobil Oil</u>, 445 U.S. at 439 ("[T]he
linchpin of apportionability in the field of state
income taxation is the unitary-business principle.").

       **(3)   There exists no distortion.**

33.   Distortion generally entails substantial intercorporate activities between the taxpayer and affiliates and an unrealistic portrayal of true income. N.Y. COMP. CODES R. & REGS. tit. 20, § 6-2(b).  As alleged by NY State Tax Dept., neither of these is clearly evident with respect to D.C. and Tyler's relationship with Circuit City.  For example, D.C. and Tyler lacked substantial intercorporate transactions with Circuit City because D.C. and Tyler securitized receivables for FNANB and did not interact directly with Circuit City. Accordingly, the exclusion of D.C. and Tyler from Circuit City's New York State taxable income is unlikely to cause distortion.

**F.   CCW and CC Distribution Cannot Be Combined For Tax Filing Purposes.**

34.   The combination of CCW and CC Distribution with Circuit City for tax filing purposes is not supported by N.Y. TAX LAW § 211(4).  First, it is questionable whether there exists a unitary business relationship between the entities and Circuit City.  The subsidiaries did not share office space, facilities or resources with Circuit City.  CCW operated retail stores

on the west coast of the United States, while CC
Distribution operated an inventory distribution center
in Kentucky.

35.   Second, the exclusion of CCW and CC
Distribution is unlikely to create distortion as
contemplated by the statute.   Specifically, it is not
clear, and New York State Tax Dept. has not shown, that
any existing intercorporate transactions among these
entities and Circuit City rise to the level of
'significant' or 'substantial' intercorporate
transactions generally necessary for combination under
New York law or provide an unrealistic portrayal of true
income.   Accordingly, the exclusion of CCW and CC
Distribution from Circuit City's New York State taxable
income does not cause distortion.   N.Y. COMP. CODES R. &
REGS. tit. 20, § 6-2.3(c).

**G.    Ventoux Cannot Be Combined For Tax Filing
Purposes.**

36.   Ventoux is organized under the laws of
the State of Delaware and is classified as a corporation
for United States federal income tax purposes.   Ventoux
operates primarily as a holding company for InterTAN,

Inc. ("InterTAN US").   InterTAN US owned, as its only

asset, all the issued and outstanding common stock of

InterTAN Canada, Ltd. ("InterTAN CA"), a limited company

organized under the laws of Ontario.   On or about the

Petition Date, InterTAN CA commenced its own parallel

proceedings in the Ontario Superior Court of Justice

under the Companies' Creditors Arrangement Act in Canada

(the "Canadian Case").

     37.   The debtors in the Canadian Case operated

a separate retail business with a distinct operating

structure and are not governed by the Debtors'

bankruptcy Plan.   Accordingly, there exists no unitary

business relationship among Ventoux and Circuit City,

and exclusion of Ventoux from Circuit City's New York

State income tax does not result in distortion as

contemplated under New York tax law.

**II.   UNSUPPORTED BUSINESS ALLOCATION PERCENTAGE IS
ARBITRARY AND INVALID.**

     38.   The Debtors further object to Claim No.

12586 because NY State Tax Dept. seeks to apply an

unsubstantiated 8% business allocation percentage as

Circuit City's business presence in New York State for
income tax purposes.   See Exhibit A, Audit Workpapers.

39.   The fair apportionment of a corporation's
taxable income to an individual State is a fundamental
concept of state taxation.   Container Corp. of Am. V.
Franchise Tax Bd., 463 U.S. 159, 169 (1983) ("[W]e will
strike down the application of an apportionment formula
if the taxpayer can prove . . . the income attributed to
the State is in fact out of all appropriate proportions
to the business transacted . . . in that
State.")(citations omitted).   In that regard, "an
apportionment formula will not be upheld if the formula
is intrinsically arbitrary or if it reaches an
unreasonable result in a particular case."   Eastman Kodak
Co. v. State Tax Comm'n, 33 A.D.2d 298, 303 (N.Y. App.
Div. 3d Dep't 1970) (citing Hans Rees' Sons, Inc. v.
North Carolina, 283 U.S. 123, 133 (1931) ("[W]hen the
State has adopted a method not intrinsically arbitrary,
it will be sustained until proof is offered of an
unreasonable and arbitrary application in particular
cases.")).

40.   Here, NY State Tax Dept. did not perform
the statutorily required calculation to determine the
appropriate business allocation percentage (appropriation
calculation).  Instead, NY State Tax Dept. attempted to
justify the arbitrary 8% figure by explaining that the
"[t]axpayer was not able to provide intercompany
elimination amounts to properly compute a combined BAP,
therefore in order to protect the State's interest we
reasonably computed the combined BAP at 8%."  See Exhibit
A, Audit Workpapers.  This is insufficient.

41.   The proper statutory calculation is
essentially the taxpayer's New York property, payroll and
receipts compared to the taxpayer's worldwide property,
payroll and receipts.  See N.Y. TAX LAW § 210(3)(a); Am.
Chicle Co. v. State Tax Com., 11 A.D.2d 256, 257 (N.Y.
App. Div. 3d Dep't 1960)("The formula for computing
franchise taxes on business corporations deriving revenue
without the State consists generally of comparing
receipts from business transacted within the State to
total receipts.").

42.   Circuit City properly calculated its New
York State business allocation percentages under the

statute and determined they were 6.4178%, 7.2035%,

6.9511% and 6.9202% for the 2004-2007 tax years,

respectively.  Circuit City paid its full tax liability

based on those business allocation percentages.

 NY State Tax Dept., however, for purposes of the

Additional Tax Assessment and Claim No. 12586, merely

estimated Circuit City's business allocation percentage

at 8% to "protect its interests."  See Exhibit A, Audit

Workpapers.  This arbitrary figure does not accurately

reflect Circuit City's taxable income attributable to

New York State.  Accordingly, the Debtors object to the

inclusion of any additional taxable income on account of

the overstated business allocation percentage, and seek

to have Claim No. 12586 disallowed in its entirety.

**III. INCLUSION OF ADDITIONAL UNEXPLAINED SOURCES OF
     TAXABLE INCOME IS UNSUPPORTED AND INVALID.**

        43.  The Debtors further object to Claim No.

12586 because the tax determination by NY State Tax Dept.

is "arbitrary and excessive", having added unexplained

sources of income to Circuit City's federal taxable

income for the Tax Audit Years.  See Cebollero v. Comm'r,

967 F.2d 986, 990 (4th Cir. 1992) ("[T]he taxpayer is

entitled to have the determination set aside if he can
prove that it is 'arbitrary and excessive'"); <u>see also</u> <u>In
re Deep River Warehouse, Inc.</u>, 2005 Bankr. LEXIS 1251,
at*4 (Bankr. M.D.N.C. June 22, 2005)("[T]he claimant is
only entitled to have the claim considered "prima facie
valid" if the claimant alleges facts sufficient to
support the claim.").  Specifically, although NY State
Tax Dept. seeks to include as federal taxable income
certain amounts identified only as "Intertan Expense-
foreign affiliate," "Litigation Expense related to
foreign affiliate" and "Self Insured Loss", <u>see</u> <u>Exhibit
A</u>, Audit Workpapers, such amounts should not be included.

    44.  In support of its inclusion of "Intertan
Expense-foreign affiliate" and "Litigation Expense
related to foreign affiliate," NY State Tax Dept. cites
N.Y. COMP. CODES R. & REGS. tit. 20, § 3-2.3(7).  <u>See
Exhibit A</u>, Audit Workpapers.  This conclusory citation is
insufficient.  Indeed, the Debtors are unaware of the
nature of these items and have no understanding as to the
basis upon which NY State Tax Dept. asserts that income
relating to these items should be included in Circuit
City's New York State taxable income for the Audit Tax

23

Years.  Consequently, to sustain its burden with respect to the claim asserted, NY State Tax dept. should come forward with the facts justifying application of the above-cited statutory provision.

45.  NY State Tax Dept. also seeks to include additional taxable income relating to "Self Insured Loss", stating that the "[t]axpayer has not been able to substantiate this expense, therefore it is added back in order to protect the State's interest."  See Exhibit A, Audit Workpapers.   NY State Tax Dept. provides no authority or further justification to support its position that the "Self Insured Loss" should be added to Circuit City's taxable income.  Any such addition is arbitrary and unsupported.  See Moser v. United States (In re Moser), 25 Fed. Appx. 161, at 163 (4th Cir. 2002) (stating the debtor only has to persuade the court that a tax claim is arbitrary and excessive to meet its burden); Deep River Warehouse, 2005 Bankr. LEXIS 1251, at *4 (stating that a proof of claim must have factual support to maintain its validity).

IV.   **PENALTIES ON INVALID ADDITIONAL TAX ASSESSMENT
      SHOULD BE DISALLOWED.**

46.   In Claim No. 12586, NY State Tax Dept.
also asserts approximately $1,057,926.02 of general
unsecured non-priority amounts against Circuit City on
account of alleged penalties relating to the Additional
Tax Assessment.  As demonstrated above, the Additional
Tax Assessment serving as the basis for Claim No. 12586
is invalid.  Accordingly, the penalties asserted on
account of the improper Additional Tax Assessment should
be disallowed in their entirety.

V.    **EVEN IF COMBINED FOR TAX PURPOSES, CCW'S
      INTERCOMPANY DIVIDEND DISTRIBUTIONS CANNOT BE
      INCLUDED IN CIRCUIT CITY'S TAXABLE INCOME.**

47.   Even if Circuit City were combined with
CCW for New York State tax filing purposes -- which
combination is not supported by governing tax law -- then
NY State Tax Dept. has still improperly included in its
Additional Tax Assessment and Claim No. 1586 over one
billion dollars of alleged taxable income on account of
intercompany dividend distributions from CCW to Circuit
City that should be excluded from the computation.

48.   Specifically, New York State tax law
provides that entities included in a combined return are
to eliminate intercorporate dividend distributions from
the computation of New York State taxable income.  N.Y.
COMP. CODES R. & REGS. tit. 20, § 3-2.10(a) ("In computing
combined entire net income, all incorporate dividends . .
. must be eliminated.").  Thus, even if Circuit City and
CCW were combined for tax filing purposes, the improper
inclusion of intercompany dividend distributions from CCW
to Circuit City as taxable income would improperly
inflate Circuit City's taxable income by over one billion
dollars.  Accordingly, the intercompany dividend amounts
cannot be included in Circuit City's taxable income and
any resulting additional tax on account of the
intercompany dividend income must be disallowed.

## RESERVATION OF RIGHTS

49.   At this time, the Debtors have not
completed their review of the validity of all
claims/expenses filed against their estates, including
Claim No. 12586 and all other claims asserted by NY State
Tax Dept.  To that end, the Debtors reserve the right to
further object to Claim No. 12586 and any and all claims,

26

whether or not the subject of this Objection, for

allowance and distribution purposes, and on any other

grounds.  Furthermore, the Debtors reserve the right to

modify, supplement and amend this Objection as it

pertains to any claim of NY State Tax Dept.

### NOTICE

50.  Notice of this Objection has been provided

to NY State Tax Dept. and to parties-in-interest in

accordance with the Court's Order Pursuant to Bankruptcy

Code Sections 102 and 105, Bankruptcy Rules 2002 and

9007, and Local Bankruptcy Rules 2002-1 and 9013-1

Establishing Certain Notice, Case Management and

Administrative Procedures (Docket No. 130) (the "Case

Management Order").  The Debtors submit that, under the

circumstances, no other or further notice need be given.

### WAIVER OF MEMORANDUM OF LAW

51.  Pursuant to Local Bankruptcy Rule 9013-

1(G), and because there are no novel issues of law

presented in the Objection, the Debtors request that the

requirement that all motions be accompanied by a written

memorandum of law be waived.

**NO PRIOR RELIEF**

52.  No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia
      April 19, 2010

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and -

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and -

MCGUIREWOODS LLP

_/s/ Douglas M. Foley_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

## EXHIBIT A

**(NY State Tax Dept. Notice of Deficiency and
Audit Workpapers for Circuit City, Inc.)**

Claim #      12586
Creditor     NYS
Amount       $14,130,257.13
Type         Tax

|          | Admin | Priority       | Secured | Unsecured    | Total         |
|----------|-------|----------------|---------|--------------|---------------|
| Tax      |       | 9,343,651.82   |         |              | 9,343,651.82  |
| Interest |       | 3,728,679.29   |         |              | 3,728,679.29  |
| Penalty  |       |                |         | 1,057,926.02 | 1,057,926.02  |
| Total    | 0.00  | 13,072,331.11  | 0.00    | 1,057,926.02 | 14,130,257.13 |

| FYE       | Tax Type  | Tax          | Interest     | Penalty      | Total         |
|-----------|-----------|--------------|--------------|--------------|---------------|
| 2/28/2004 | Income    | 2,793,681.00 | 1,392,705.99 | 218,097.00   | 4,404,483.99  |
| 2/28/2004 | Franchise | 295,734.00   | 147,429.70   | 20,172.00    | 463,335.70    |
| 2/28/2005 | Income    | 3,909,304.00 | 1,561,948.15 | 385,058.00   | 5,856,310.15  |
| 2/28/2005 | Franchise | 609,405.00   | 243,485.47   | 60,039.00    | 912,929.47    |
| 2/28/2006 | Income    | 699,344.00   | 199,025.74   | 284,805.00   | 1,183,174.74  |
| 2/28/2006 | Franchise | 112,917.00   | 32,135.25    | 44,259.00    | 189,311.25    |
| 2/28/2007 | Income    | 795,107.00   | 130,833.59   | 38,884.00    | 964,824.59    |
| 2/28/2007 | Franchise | 127,672.00   | 21,008.10    | 6,533.00     | 155,213.10    |
|           | Subtotal  | 9,343,164.00 | 3,728,572.00 | 1,057,847.00 | 14,129,583.00 |
|           | Unknown   | 487.82       | 107.29       | 79.02        | 674.13        |
|           | Total     | 9,343,651.82 | 3,728,679.29 | 1,057,926.02 | 14,130,257.13 |

Note : Interest is estimated from a subsequent invoice. Insufficient detail
was provided in claim to break out interest by tax type

New York State Department of
## Taxation and Finance

Audit Div-Buffalo Office-Income/Franchise
77 Broadway - Suite 112
Buffalo NY 14203-1670

**DATE:** 02/23/09

## NOTICE OF DEFICIENCY

**ASSESSMENT ID:** L-031584652-4

**TOTAL AMOUNT DUE:** $14,157,185.46

**PAYMENT DUE DATE:** 03/16/09

CIRCUIT CITY STORES, INC.
9950 MAYLAND DR
RICHMOND, VA    23233-1463

**TAXPAYER ID:** B-54-0493875-1

**TPS ID:** 540493875AA

**TAX TYPE:** Corporation

**TAX ARTICLE/SECTION:** 9A/209.1

**AUDIT ID:** X656131326

**FUNCTION CODE:** DCO

**TAXPAYER'S COMPLETE LEGAL NAME**
CIRCUIT CITY STORES, INC.

**EXPLANATION AND INSTRUCTIONS**

Based on an audit, an additional amount is due for the Tax Type indicated above.  Please refer to the COMPUTATION SECTION and/or COMPUTATION SUMMARY SECTION for the tax period(s) affected, the reason(s) for the additional amount due and a computation of the balance due.

Please refer to the enclosed Payment Document for payment information, whether you AGREE or DISAGREE with this NOTICE OF DEFICIENCY.

IF YOU AGREE with the amount due, sign the Consent To Findings Section and complete the Payment Application Section.  If you cannot send the total amount due, a partial payment will reduce the basis on which additional penalty and/or interest is computed.  You will receive a bill for the remaining balance due.

IF YOU AGREE with some of the adjustments, a partial payment will reduce the basis on which additional penalty and/or interest is computed.  Complete the Payment Application Section for the amount you agree is due.  Refer to the enclosed Notice of Taxpayer Rights to determine your options.

IF YOU DISAGREE with the amount due, refer to the enclosed Notice of Taxpayer Rights to determine your options.

- To request a Conciliation Conference, complete the enclosed Request for Conciliation Conference (items 1 through 8) and return it in the envelope provided.

- To request a Petition for a Tax Appeals Hearing, form TA-10, follow the instructions on the enclosed Notice of Taxpayer Rights.

- Attach a photocopy of all pages of this notice to the Request for Conciliation Conference.

**NOTE: You must file the Request for Conciliation Conference or a Petition For A Tax Appeals Hearing by 05/24/09.**

Refer to the Instructions on the Payment Document for returning that form.

(CONTINUED ON BACK)

DTF-962 (1/02)      TCP0000717 0441700                                      **Keep this notice for your records.**

Attachment to: **NOTICE OF DEFICIENCY**

DATE: 02/23/09

ASSESSMENT ID: L-031584652-4

TAXPAYER ID: B-54-0493875-1

COMPUTATION SUMMARY SECTION  (continued)

| Tax Period Ended | Tax Amount Assessed | (+) Interest Amount Assessed | (+) Penalty Amount Assessed | (-) Assessment Payments/ Credits | (=) Current Balance Due |
|---|---|---|---|---|---|
| 02-28-07 | 127,672.00 | 21,163.62 | 6,533.00 | 0.00 | 155,368.62 |
| TOTALS | 9,343,164.00 | 3,756,174.46 | 1,057,847.00 | 0.00 | 14,157,185.46 |

NOTE: To view the current balance of this or any other outstanding liabilities, access our web site at www.nystax.gov and select the Online Tax Center option.

AUG-07-2009  16:17     DEPT OF FINANCE                        718 935 6007     P.02

## NEW YORK CITY DEPARTMENT OF FINANCE
### BANKRUPTCY & ASSIGNMENT UNIT
### 345 ADAMS STREET, 5TH FLOOR
### BROOKLYN, NY 11201

Circuit City Stores, Inc. et al.                    Date: August 7, 2009
C/O Skadden, Arps, Slate, Meagher &
Flom, LLP.
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636                     Requested By: Nahed Iskander
                                                    Tel. No : (718) 403-4187
                                                    Request # 1
Attn:  Gregg M. Galardi, Esq.
       Ian S. Fredericks, Esq.
       Counsel to the Debtors and Debtor in Possession

-----------------------------------------------------------------------

## INFORMATION DOCUMENT REQUEST

Circuit City Stores Inc. et al
Case #  08-35653     EIN: 54-0493875

| | | |
|---|---|---|
| Proof of Claim - General Corporation Tax - Periods 1/1/05 – 11/10/08 | $ 220,000.00 | |
| Proof of Claim - Commercial Rent Tax - Periods 6/1/92 – 5/31/96 | $ 110,000.00 | |
| Commercial Rent Tax - Periods 6/1/96 – 11/10/08 | $ 385,000.00 | |
| Administrative Claim - General Corporation Tax 11/11/08 – 4/30/09 | $18,334.00 | |
| Administrative Claim - Commercial Rent Tax 11/11/08 – 4/30/09 | $ 10,694.00 | |

## GENERAL CORPORATION TAX
- Copies of NYC-3L and Federal Form -1120 including supporting schedules for
  for 2008 and 2009.

## COMMERCIAL RENT TAX
- Copy of all NYC leases (only the pages referring to the terms of the lease &
  effective date) for the periods listed above.

Please respond as soon as possible the hearing is scheduled for August 27, 2009

TOTAL P.02

AUG-07-2009  16:17    DEPT OF FINANCE                                    718 935 6007    P.01



# FAX TRANSMITTAL FORM

**Date:** 8/7/09

**To:** Greg M. Galaedi / Ian Fredrick    **Fax #:** (302) 651-3001

**From:** Nahed Iskander    **Tel.:** (718)403- 4187

**Pages:** 1 to follow

**Action to be taken:**

☐ Urgent/immediate Attention

☐ Awaiting your comments

☐ As you requested

☐ For your information and/or files

☐ Please call upon receipt

☐ Per our conversation

☐ Other (please see below)

Please forward to the responsible party

## CONFIDENTIAL NOTICE

This facsimile transmission may contain confidential or privileged information which is intended only for use by the individuals or entity to which the transmission is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, dissemination, copying or distribution of this transmission is strictly prohibited. If you have received this transmission in error please notify us by telephone immediately so that we can arrange for the return of the documents to us at no cost to you.

TAX AUDIT & ENFORCEMENT DIVISION (TAPE)
345 ADAMS STREET, 5TH FLOOR
BROOKLYN, NY 11201
FAX # (718)403-3683
or
FAX # (718)403-4436

**New York State Audit Analysis**
J:\Tax\IncomeTax\Audits\New York\FY04 - FY06\[Recalc of Auditors Workpaper.xls]Sheet1

| | FY04 | FY05 | FY06 | FY07 | |
|---|---|---|---|---|---|
| Net Income per return | (93,578,678) | 8,237,790 | 103,940,682 | (28,868,854) | |
| | | | | | |
| Add: Inter TAN Exp | 0 | 379,787 | 199,507 | 0 | |
| Add: Litigation Exp | 0 | 0 | 0 | 10,095,488 | |
| Add: Self Insured Loss | 1,954,397 | 2,281,990 | 3,398,743 | 2,122,718 | |
| | | | | | |
| Combination | | | | | |
| CCSWC: | 347,426,653 | 387,785,938 | 449,204,287 | 457,429,938 | |
| Less: Royalty, & Int on NY return | (323,299,671) | (330,641,213) | (365,477,780) | (400,403,058) | |
| Div Income Sub On NY return | 426,118,000 | 340,428,143 | 43,062,000 | 104,591,000 | |
| Nonint deduct indirectly attrib to sub cap | 0 | 0 | (35,702,480) | 6,588,069 | |
| CC Distribution Company of VA | 3,205,653 | 3,307,649 | 6,634,435 | 3,992,377 | |
| DC Funding Int'l | 30,311,311 | 0 | 0 | 0 | |
| Tyler International Funding | 87,186,050 | 279,137,613 | 0 | 0 | |
| FNANB | 23,982,894 | (3,067,768) | 0 | 0 | |
| Ventoux | 0 | 1,322,618 | 1,609,848 | 123,854 | |
| Apportionable Income per Auditor | 502,606,609 | 689,172,547 | 206,869,232 | 155,671,532 | |
| | | | | | |
| Disagreed Items: | | | | | |
| Dividend income s/b eliminated | (426,118,000) | (340,428,143) | (43,062,000) | (104,591,000) | If Dividend wouldn't be subtracted it would be eliminated as an I/C transaction |
| FNANB filed VDA | (23,982,894) | 3,067,768 | 0 | 0 | This entity was excluded from Unitary Group during Prior audit cycle thru FY03 |
| DC (not enough I/C transactions to incl) | (87,186,050) | (279,137,613) | 0 | 0 | This entity was excluded from Unitary Group during Prior audit cycle thru FY04 |
| Tyler (not enough I/C transactions to incl) | (23,982,894) | 3,067,768 | 0 | 0 | This entity was excluded from Unitary Group during Prior audit cycle thru FY04 |
| NOL from Prior periods | 0 | (58,663,229) | 0 | 0 | This entity was excluded from Unitary Group during Prior audit cycle thru FY05 |
| NOL from Prior periods | 0 | (17,079,098) | (21,823,186) | 0 | |
| Adjusted Apportionable Income | (58,663,229) | 0 | 141,984,046 | 51,080,532 | |
| | | | | | |
| Allocation % | 8.00% | 8.00% | 8.00% | 8.00% | We have issue with apport %.  Auditor didn't even support, just picked 8% |
| Allocated Business Income | 0 | 0 | 11,358,724 | 4,086,443 | |
| Tax Rate | 7.50% | 7.50% | 7.50% | 7.50% | |
| Tax on Income | 0 | 0 | 851,904 | 306,483 | |
| | | | | | |
| Tax on Capital Base (as filed) | 221,959 | 225,731 | 188,651 | 129,455 | |
| Difference Addt'l Tax/(Less Tax) | 0 | 0 | 663,253 | 177,028 | |
| State's Assessment | 2,793,681 | 3,909,304 | 699,344 | 796,107 | |
| Difference | (2,793,681) | (3,909,304) | (36,091) | (619,079) | |
| | | | | | |
| **MTA Calculation:** | | | | | |
| New York State Frch MTA base | 1,305,783 | 195,787 | 1,022,285 | 367,780 | |
| Allocation % | 75.2107% | 75.2107% | 75.2107% | 75.2107% | |
| | 982,088 | 147,253 | 768,868 | 276,610 | |
| Tax Rate (0.17%) | 166,955 | 25,033 | 130,708 | 47,024 | |
| MTA Surcharge (as filed) | 166,955 | 25,033 | 77,523 | 15,618 | |
| Difference Addt'l Tax/(Less Tax) | 0 | 0 | 53,185 | 31,406 | |
| State's Assessment | 295,734 | 609,406 | 112,917 | 127,672 | |
| Difference | (295,734) | (609,406) | (59,732) | (96,266) | |
| | | | | | |
| Total Reduction in Tax Claim | (3,089,415) | (4,518,710) | (95,823) | (715,345) | |

*Handwritten notes:* Ez Allow Inim — object total for Inim — Allow Franchise = 841,591 — object bin for Franchise

Circuit City Stores, Inc.                    EIN 54-0493875                                            12/15/2006
Computation of Additional MTA Surcharge (Refund) Due
Schedule A-2                                                              Prepared by :   MWB
                                                                         Approved by :

| | | Period Ended 2/29/2004 | | Period Ended 2/28/2005 | | Period Ended 2/28/2006 | | Period Ended 02/28/2007 |
|---|---|---|---|---|---|---|---|---|
| | REF | | REF | | REF | | REF | |
| Net New York State franchise tax | (1) | 3,618,768 | (1) | 4,962,042 | (1) | 1,469,468 | (1) | 1,120,891 |
| MCTD allocation percentage | CT-3M | 75.2107% | per audit | 75.2107% | per audit | 75.2107% | per audit | 75.2107% |
| Allocated franchise tax | | 2,721,701 | | 3,731,987 | | 1,120,233 | | 842,880 |
| MTA surcharge rate | | 0.17 | | 0.17 | | 0.17 | | 0.17 |
| MTA surcharge | | 462,689 | | 634,438 | | 190,440 | | 143,290 |
| Surcharge per report | CT-3M | 166,955 | CT-3M | 25,033 | CT-3M | 77,523 | CT-3M | 15,618 |
| MTA surcharge previously paid | CT-3M | 166,955 | CT-3M | 25,033 | CT-3M | 77,523 | CT-3M | 15,618 |
| Additional MTA surcharge Due<br>- To Schedule A - | | 295,734 | | 609,405 | | 112,917 | | 127,672 |
| | | | | | | | | 1,145,727 |

Notes:
(1).  Although the tax rate on Entire Net Income is reduced from 9% for years beginning after
6/30/99, the MTA surcharge must be computed as if the tax on Entire Net Income remained at 9%.



*Seems to be double counting*
- *I/C dividends would be eliminated*

Circuit City Stores, Inc.    EIN 54-0493875    12/15/2008
Computation of Tax on Entire Net Income Base
Schedule B

Prepared by :    mwb
Approved by :

| | Period Ended 2/29/2004 | REF | Period Ended 2/28/2006 | REF | Period Ended 2/28/2006 | REF | Period Ended 02/28/2007 |
|---|---|---|---|---|---|---|---|
| Entire net income as reported | CT-3 | -93,576,878 | CT-3 | -2,237,790 | CT-3 | 105,940,662 | CT-3 | -26,362,854 |
| Adjustments: | | | | | | | | |
| Addback: Interior Expense - foreign affiliate (1) | | | 1120, line 25 | 378,787 | 1120, line 26 | 196,607 | | |
| Litigation Expenses related to foreign affiliate (1) | | | | | | | 1120, line 26 | 10,025,498 |
| Self insured Loss - included in other deductions (2) | 1120, line 26 | 1,854,387 | 1120, line 26 | 2,281,980 | 1120, line 26 | 3,398,743 | 1120, line 26 | 2,122,718 |
| | | | | | | | | |
| Combined Entities: (3) | | | | | | | | |
| Circuit City Stores West Coast, Inc., ein 95-4460785 | 1120 | 347,426,853 | 1120 | 387,785,936 | 1120 | 449,204,287 | 1120 | 457,429,539 |
| Less: Royalty and Interest income included in NY return | CT-3 | -323,999,871 | CT-3 | -330,641,212 | CT-3 | -385,477,790 | CT-3 | -400,403,096 |
| Add: Dividend income subtracted on NY return | CT-3 | 435,115,000 | CT-3 | 340,428,143 | CT-3 | 43,062,000 | CT-3 | 104,591,000 |
| Less: Nonterest Deductions indirectly Attrib. to Sub. Cap. | | | | | CT-3 | -39,702,459 | CT-3 | 5,666,360 |
| | | | | | | | | |
| CC Distribution Co. of Virginia, Inc., ein 54-1712821 | 1120 | 3,209,692 | 1120 | 3,507,649 | 1120 | 5,834,435 | 1120 | 3,892,377 |
| DC Funding International, ein 54-2062183 | 1120 | 30,311,311 | | entity dissolved | | | | |
| Tyler International Funding, Inc., ein 54-2062165 | 1120 | 87,186,050 | 1120 | 279,137,615 | | enty dissolved | | |
| First North American National Bank, ein 56-1997762 | 1120 | 23,982,884 | 1120 | -3,037,756 | | enty liquidated | | |
| Ventoux International, Inc., ein 20-1071838 | | | 1120 | 1,322,618 | 1120 | 1,809,846 | 1120 | 123,854 |
| | | | | | | | | |
| Entire net income as adjusted | | 502,808,609 | | 689,172,545 | | 205,869,243 | | 155,867,533 |
| Investment income before allocation | | 0 | | 0 | | 0 | | 0 |
| Business income before allocation | | 502,808,609 | | 689,172,545 | | 205,869,243 | | 155,567,533 |
| Investment allocation percentage | | 0.0000% | | | | 0.0000% | | 0.0000% |
| Combined Business Allocation Percentage per Audit (4) | | 8.0000% | | 8.0000% | | 8.0000% | | 8.0000% |
| Allocated investment income | | 0 | | 0 | | 0 | | 0 |
| Allocated business income | | 40,208,525 | | 55,133,804 | | 16,549,539 | | 12,452,123 |
| Total allocated income | | 40,208,525 | | 55,133,804 | | 16,549,539 | | 12,452,123 |
| Other additions (subtractions): | | | | | | | | |
| | | | | | | | | |
| Entire net income base | | 40,208,529 | | 55,133,804 | | 16,549,539 | | 12,452,123 |
| Tax Rate | | 7.50% | | 7.50% | | 7.50% | | 7.50% |
| Small Business Qualified (Y/N) | N | | N | | N | | N | |
| | | | | | | | | |
| Entire Net Income Base Tax | | 3,015,640 | | 4,135,035 | | 1,241,215 | | 933,909 |
| - To Schedule A-1 - | | | | | | | | |

Notes:

(1) New York State Tax Law Article 9A, Section 208(9)(o), Regulation Section 3-2.3(7). Expenses related to foreign subsidiary must be added back to ENI as directly attributable to subsidiary capital.
(2) New York State Tax Law Article 9A, Section 211(5), Regulation Section 3-1.4. Taxpayer has not be able to substantiate this expense, therefore, it is being added back in order to protect a State's interest.
(3) New York State Tax Law Article 9A, Section 211(4), Regulation Section 6-2. The above entities meet the requirements for combined reporting.
(4) New York State Tax Law Article 9A, Section 210, Regulation Section 4-1.2. Taxpayer was not able to provide intercompany elimination amounts to properly compute a combined BAP, therefore in order to protect the State's interest, we reasonably computed the combined BAP at 8%.

*? Not review what are these*

*No review*

*\* Apport 8? Do we agree? How was this calculated?*

*\* FNANB was in VDA right?*
*\* SPEs were not a VDA, right?*
*\* Review previous audit — what was treatment of SPES*
*\* When did the Unitary rules kick in, did we file Unitary?*

New York State Department of
**Taxation and Finance**

Bankruptcy Section
P O Box 5300
Albany NY 12205-0300

(518) 457-3160

| | |
|---|---|
| Statement date: | 4/28/2009 |
| Amendment: | 3rd |
| Case number: | 08-35653 KRH |
| Refer to this number for inquiries | |
| Total claim amount: | $14,130,257.13 |
| Taxpayer ID#: | B-54-0493875-03-1 |
| | B-54-0493875-02-4 |
| | B-54-0493875-B-64 |
| | et al. |

**Pre-Petition Proof of Claim**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
c/o KURTZMAN CARSON CONSULTANTS LLC.
2335 ALASKA AVENUE
EL SEGUNDO, CA  90245

This is a statement of tax liabilities for LAFAYETTE WARDS COMPANY INC, LAFAYETTE WARDS COMPANY INC and CIRCUIT CITY STORES INC, et al..  Penalty and interest for each liability is computed to 11/10/2008.

**Unsecured Priority Liabilities**

| Tax Type | Period End | Notice Number | Tax | Penalty | Interest | Total | Type |
|---|---|---|---|---|---|---|---|
| CORP | 02/28/2007 | L-031279862-1 | 487.82 | 0.00 | 107.29 | 595.11 | ACT |
| CORP | 02/28/2007 | L-031584652-4 | 9,343,164.00 | 0.00 | 3,728,572.00 | 13,071,736.00 | AUD |
| | | | | | SubTotal $ | 13,072,331.11 | |

**General Unsecured Liabilities**

| Tax Type | Period End | Notice Number | Tax | Penalty | Interest | Total | Type |
|---|---|---|---|---|---|---|---|
| CORP | 02/28/2007 | L-031584652-4 | 0.00 | 1,057,847.00 | 0.00 | 1,057,847.00 | AUD |
| CORP | 02/29/2008 | L-031878313-8 | 0.00 | 79.02 | 0.00 | 79.02 | ACT |
| | | | | | SubTotal $ | 1,057,926.02 | |

This claim amends and supercedes the previous claim dated 4/27/2009.
Current Annual Interest Rates by Tax Type: Corporation - 8%
Liability Type Descriptions: AUD - Audit Assessment, ACT - Actual Return Filed

**RECEIVED**

MAY 0 4 2009

KURTZMANCARSONCONSULTANTS

☑ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

TC-988 (10/00)    090423180115000343

0835653090504000000000012

**New York State Department of**
**Taxation and Finance**
Audit Div-Buffalo Office-Income/Franchise
77 Broadway - Suite 112
Buffalo  NY  14203-1670

```
CIRCUIT CITY STORES, INC.
PO BOX 5695
GLEN ALLEN, VA    23058-5695
```

**New York State Department of**
**Taxation and Finance**

Audit Div-Buffalo Office-Income/Franchise
77 Broadway - Suite 112
Buffalo NY 14203-1670

## Notice to Taxpayer

**Date:** 06/15/09

**Assessment ID:** L-031584652-4

**Taxpayer ID:** B-54-0493875-1

CIRCUIT CITY STORES, INC.
PO BOX 5695
GLEN ALLEN, VA    23058-5695

The accompanying Notice is **For Information Only.**

This notice was issued to comply with New York State Tax Law requirements to establish the amount of tax liability and is the type of notice allowed by Bankruptcy Code s362(b)(9).

It is being sent to you at this time to advise you of the amount of tax determined due by this Department.

No demand for payment of the tax due is made at this time.

New York State Department of
**Taxation and Finance**

Audit Div-Buffalo Office-Income/Franchise
77 Broadway - Suite 112
Buffalo NY 14203-1670

**DATE:** 06/15/09

## NOTICE AND DEMAND for Payment of Tax Due

**ASSESSMENT ID:** L-031584652-4

**TOTAL AMOUNT DUE:** $14,465,051.01

**PAYMENT DUE DATE:** 07/06/09

CIRCUIT CITY STORES, INC.
PO BOX 5695
GLEN ALLEN, VA    23058-5695

**TAXPAYER ID:** B-54-0493875-1

**TPS ID:** 540493875AA

**TAX TYPE:** Corporation

**TAX ARTICLE/SECTION:** 9A/209.1

**AUDIT ID:** X656131326

**FUNCTION CODE:** DCO

**TAXPAYER'S COMPLETE LEGAL NAME**
CIRCUIT CITY STORES, INC.

**EXPLANATION AND INSTRUCTIONS**

An amount is due for the Tax Type indicated above. The original notice sent to you on 02/23/09 showed the detailed computation of the additional amount due. Please refer to the COMPUTATION SUMMARY SECTION for a computation of the current balance due. Recent adjustments, credits or payments may not be reflected in the current balance due.

YOU MUST complete the enclosed Payment Document whether you AGREE or DISAGREE with this NOTICE AND DEMAND for Payment of Tax Due.

IF YOU AGREE with the amount due, complete the Payment Application Section.

IF YOU DISAGREE because the amount due was already paid, complete the Disagreement With Findings Section and attach a photocopy of the front and back of your canceled check or money order (not the money order receipt).

Refer to the Instructions on the Payment Document for returning that form.

If we do not receive full payment of the total amount due or your disagreement by 07/06/09:

We will take legal action to compel payment of the balance due.

Interest and any applicable penalty(s) will continue to be added to the total amount due unless full payment is made by the payment due date. Applicable penalty(s) may include penalty for failure to pay tax required to be shown on a return, imposed by section 1085(a)(3) of the Tax Law.

If you have any questions about this notice, call (518) 457-5434. For in-state callers without free long distance, call 1 800 835-3554. Refer to the Assessment ID, as shown above, when calling or writing.

To pay the amount due, call (518) 457-5434. For in-state callers without free long distance, call 1 800 835-3554. We will ask for your Taxpayer ID and PIN.
They are: Taxpayer ID: 540493875      PIN: 4652

**Hotline for the Hearing and Speech Impaired**

(CONTINUED ON BACK)



**New York State Department of**
## Taxation and Finance

**Date:** 06/15/09

_____ ## Consolidated Statement of Tax Liabilities

If you have any questions, please call
1 800 835-3554.  From areas outside the
U.S. and Canada, call (518) 485-6800.

B-54-0493875-1    L-031584652-4
CIRCUIT CITY STORES, INC.

This is a statement of your tax liabilities, including the liability(ies) referred to in the enclosed
NOTICE AND DEMAND for Payment of Tax Due.

Each liability listed below is identified by an Assessment ID.  Use the enclosed Payment Document to make
payment on these liabilities.

Recent adjustments, credits or payments may not be included on this Statement.  Also, a payment may have
been applied to multiple assessments.

This Consolidated Statement summarizes your Tax liabilities with New York State under the taxpayer
identification number(s) shown above.  If you have ever used another taxpayer identification number
for tax reporting purposes, you may owe additional New York State tax liabilities.

NOTE: To view the current balance of this or any other outstanding liabilities, access our web site at
www.nystax.gov and select the Online Tax Center option.

THE FOLLOWING LIABILITIES ARE SUBJECT TO COLLECTION ACTION AND THE ACCRUAL OF
ADDITIONAL PENALTY AND/OR INTEREST.  To avoid such collection action and additional accruals,
they must be paid immediately.

| Tax Type | Assessment ID | Tax Period Ended | Tax Amount Assessed | (+) Interest Amount Assessed | (+) Penalty Amount Assessed | (−) Assessment Payments/ Credits | (=) Current Balance Due |
|---|---|---|---|---|---|---|---|
| CORP | L−031279862−1 | 02/28/07 | 726.82 | 130.86 | 0.00 | 239.00 | 618.68 |
| | | | | | | TOTAL $ | 618.68 |

THE FOLLOWING LIABILITIES HAVE BEEN DETERMINED TO BE DUE.  They should be paid promptly
in order to avoid the accrual of additional penalty and/or interest charges.

| Tax Type | Assessment ID | Tax Period Ended | Tax Amount Due | (+) Interest Amount Due | (+) Penalty Amount Due | (−) Assessment Payments/ Credits | (=) Current Balance Due |
|---|---|---|---|---|---|---|---|
| CORP | L−031584652−4 | 02/28/07 | 9,343,164.00 | 4,064,040.01 | 1,057,847.00 | 0.00 | 14,465,051.01 |
| CORP | L−031878313−8 | 02/29/08 | 0.00 | 0.73 | 79.02 | 0.00 | 79.75 |
| | | | | | | TOTAL $ | 14,465,130.76 |



New York State Department of
**Taxation and Finance**

Buffalo District Office
77 Broadway, Suite 112, Buffalo, NY 14203
(716) 855-5330   FAX: (716) 855-5369
(716) 855-5333

DATE _3/2/09_

TO: (COMPANY NAME): _Circuit City Stores, Inc._

FAX #: _(804) 967-8831_

ATTENTION: _Angel Williams_

FROM: _MaryEllen Blunt_

NUMBER OF PAGES TO FOLLOW THIS PAGE: _4_

If you have any difficulty receiving material, please call
(716) 855-5400.

MESSAGE:

• Audit Adjustment Schedules 6/30/04 - 6/30/07
for Assessment to protect New York
State's claim in bankruptcy court.

FACSIMILE TRANSMISSION
CONFIDENTIAL NOTICE

The information contained in this facsimile is privileged and confidential information intended for the addressee
listed above. If you are neither the intended recipient nor the employee or agent responsible for delivering this
message to the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking
of any action in reliance on the contents of the telecopied information is strictly prohibited. If you have received
this telecopy in error, please immediately notify us by telephone. Your anticipated cooperation in greatly
appreciated.



**New York State Department of Taxation & Finance**
Summary of Additional Tax, Interest, and Penalty Due
Schedule A

Taxpayer Name: Circuit City Stores, Inc.                                    Prepared by: M B
Taxpayer ID: 54-0493875                                                     Approved by:
Case Number: X656131326

| Sub Type | Period Ending | Other Taxes And Fees | Addl. Tax (Refund) Due | Penalty Article 27 | Interest Computed To 02/12/2009 | Total Amount Due |
|---|---|---|---|---|---|---|
| 15 | 02/29/2004 |      | 2,793,681 | 218,097 | 1,394,173 | 4,405,951 |
| 19 | 02/29/2004 | MCTD | 295,734 | 20,172 | 147,585 | 463,491 |
| 15 | 02/28/2005 |      | 3,909,304 | 385,058 | 1,561,958 | 5,856,320 |
| 19 | 02/28/2005 | MCTD | 609,405 | 60,039 | 243,487 | 912,931 |
| 15 | 02/28/2006 |      | 699,344 | 284,805 | 198,603 | 1,182,752 |
| 19 | 02/28/2006 | MCTD | 112,917 | 44,259 | 32,067 | 189,243 |
| 15 | 02/28/2007 |      | 795,107 | 38,884 | 129,849 | 963,840 |
| 19 | 02/28/2007 | MCTD | 127,672 | 6,533 | 20,850 | 155,055 |
|    |            |      |           |         | _Interest will continue to accrue until paid._ |  |
|    |            | Totals: | 9,343,164 | 1,057,847 | 3,728,572 | 14,129,583 |

Notes and References:

**Circuit City Stores, Inc.**                 EIN 64-0493676                                          12/15/2008
Computation of Additional Tax (Refund) Due
Schedule A-1                                                           Prepared by :     MWB
                                                                      Approved by :

| | Period Ended | | Period Ended | | Period Ended | | Period Ended | |
|---|---|---|---|---|---|---|---|---|
| | REF. | 2/29/2004 | REF. | 2/28/2005 | REF. | 2/28/2006 | REF. | 02/28/2007 |
| Tax on entire net income base | Sch. B | 3,015,640 | Sch. B | 4,135,035 | Sch. B | 1,241,215 | Sch. B | 933,909 |
| Tax on capital base | CT-3 | 221,959 | CT-3 | 225,731 | CT-3 | 188,651 | CT-3 | 128,455 |
| Tax on minimum taxable income base | | | | | | | | |
| Fixed dollar minimum tax | CT-3 | 1,500 | CT-3 | 10,000 | CT-3 | 10,000 | CT-3 | 1,500 |
| Highest tax computed | | 3,015,640 | | 4,135,035 | | 1,241,215 | | 933,909 |
| Subsidiary capital base tax | | | | | | | | |
| Total tax before credits | | 3,015,640 | | 4,135,035 | | 1,241,215 | | 933,909 |
| Less tax credits: | | | | | | | | |
| Total allowable credits | | 0 | | 0 | | 0 | | 0 |
| Franchise tax per audit | | 3,015,640 | | 4,135,035 | | 1,241,215 | | 933,909 |
| Larger of minimum taxable income base tax or fixed dollar minimum | | 1,500 | | 10,000 | | 10,000 | | 1,500 |
| Highest tax | | 3,015,640 | | 4,135,035 | | 1,241,215 | | 933,909 |
| Minimum tax on member corporations | (1) | 0 | | 0 | | 0 | | 0 |
| Total franchise tax | | 3,015,640 | | 4,135,035 | | 1,241,215 | | 933,909 |
| Tax previously paid | CT-3 | 221,959 | CT-3 | 225,731 | CT-3 | 541,871 | CT-3 | 138,802 |
| Total taxes previously paid | | 221,959 | | 225,731 | | 541,871 | | 138,802 |
| **Additional Tax (Refund)/ Due - To Schedule A -** | | **2,793,681** | | **3,909,304** | | **699,344** | | **795,107** |

Notes:

Total franch. tax       8,197,436
Total MTA Schg.         1,145,727
                        9,343,163

(1) None of the combined members are New York State taxpayers on a separate basis.

Circuit City Stores, Inc.                          EIN 54-0493875                                              12/15/2008

Computation of Additional MTA Surcharge (Refund) Due

**Schedule A-2**

Prepared by :    MWB
Approved by :

| | Period Ended | | Period Ended | | Period Ended | | Period Ended | |
|---|---|---|---|---|---|---|---|---|
| | REF | 12/29/2004 | REF | 2/28/2006 | REF | 2/28/2006 | REF | 02/28/2007 |
| Net New York State franchise tax | (1) | 3,818,768 | (1) | 4,962,042 | (1) | 1,469,459 | (1) | 1,120,691 |
| MCTD allocation percentage | CT-3M | 75.2107% | per audit | 75.2107% | per audit | 75.2107% | per audit | 75.2107% |
| Allocated franchise tax | | 2,721,701 | | 3,731,987 | | 1,120.233 | | 842,880 |
| MTA surcharge rate | | 0.17 | | 0.17 | | 0.17 | | 0.17 |
| MTA surcharge | | 462,689 | | 634,438 | | 190.440 | | 143,290 |
| Surcharge per report | CT-3M | 166,955 | CT-3M | 25,033 | CT-3M | 77,523 | CT-3M | 15,618 |
| MTA surcharge previously paid | CT-3M | 166,955 | CT-3M | 25,033 | CT-3M | 77,523 | CT-3M | 15,618 |
| **Additional MTA surcharge Due** | | **295,734** | | **609,405** | | **112,917** | | **127,672** |
| - To Schedule A - | | | | | | | | 1,145,727 |

Notes:
(1): Although the tax rate on Entire Net Income is reduced from 9% for years beginning after
6/30/99, the MTA surcharge must be computed as if the tax on Entire Net Income remained at 9%.

*(handwritten, top)* Seems to be double counting
• IIC dividends would be eliminated

*(handwritten, left margin)* ?

| Circuit City Stores, Inc. | | | EIN 54-0493675 | | | | | 12/15/2008 |
|---|---|---|---|---|---|---|---|---|
| Computation of Tax on Entire Net Income Base | | | | | | | | |
| Schedule B | | | | | | Prepared by : | mwb | |
| | | | | | | Approved by : | | |
| | Period Ended | | Period Ended | | Period Ended | | Period Ended | |
| | REF | 2/29/2004 | REF | 2/28/2005 | REF | 103,940,662 | REF | 02/28/2007 |
| Entire net income as reported | CT-3 | -93,579,676 | CT-3 | 8,237,790 | CT-3 | 103,940,662 | CT-3 | -28,868,854 |
| Adjustments: | | | | | | | | |
| Addback: Interton Expense - foreign affiliate (1) | | | 1120, line 26 | 379,767 | 1120, line 26 | 199,607 | | |
| Litigation Expenses related to foreign affiliate (1) | 1120, line 26 | 1,954,397 | 1120, line 26 | 2,281,960 | 1120, line 26 | 3,398,743 | 1120, line 26 | 10,595,488 |
| Self Insured Loss - included in other deductions (2) | | | | | | | 1120, line 26 | 2,122,718 |
| | | | | | | | | |
| Combined Entities: (3) | | | | | | | | |
| Circuit City Stores, West Coast, Inc., ein 95-4460785 | 1120 | 347,426,853 | 1120 | 387,765,836 | 1120 | 448,204,287 | 1120 | 457,429,539 |
| Less: Royalty and Interest income included in NY return | CT-3 | -328,999,671 | CT-3 | -330,641,213 | CT-3 | -365,477,790 | CT-3 | -400,403,056 |
| Add: Dividend income subtracted on NY return | CT-3 | 426,118,000 | CT-3 | 340,428,143 | CT-3 | 43,082,000 | CT-3 | 104,591,000 |
| Less: Noninterest Deductions indirectly Attrib. to Sub. Cap. | | | | | CT-3 | -35,702,499 | CT-3 | 8,566,999 |
| | | | | | | | | |
| CC Distribution Co. of Virginia, Inc., ein 54-1712521 | 1120 | 3,205,653 | 1120 | 3,307,649 | 1120 | 6,634,435 | 1120 | 3,882,377 |
| DC Funding International, Inc. ein 54-2062183 | 1120 | 301,311,311 | | entity dissolved | | entity dissolved | | |
| Tyler International Funding, Inc., ein 54-2062165 | 1120 | 57,166,050 | 1120 | 279,137,613 | | entity liquidated | | |
| First North American National Bank, ein 68-1887792 | 1120 | 23,982,804 | 1120 | -3,087,768 | | 1,809,848 | 1120 | 123,854 |
| Ventoux International, Inc., ein 20-1071838 | | | 1120 | 1,322,818 | 1120 | 1,809,848 | 1120 | |
| | | | | | | | | |
| Entire net income as adjusted | | 502,906,609 | | 689,172,545 | | 206,869,243 | | 165,651,533 |
| Investment income before allocation | | 0 | | 0 | | 0 | | 0 |
| Business income before allocation | | 502,906,609 | | 689,172,545 | | 206,869,243 | | 155,651,533 |
| Investment allocation percentage | | 0.0000% | | | | 0.0000% | | 0.0000% |
| Combined Business Allocation Percentage per Audit (4) | | 8.0000% | | 8.0000% | | 8.0000% | | 8.0000% |
| Allocated investment income | | 0 | | | | 0 | | 0 |
| Allocated business income | | 40,208,525 | | 55,133,804 | | 16,549,539 | | 12,452,123 |
| Total allocated income | | 40,208,529 | | 55,133,804 | | 16,549,539 | | 12,452,123 |
| Other additions (subtractions): | | | | | | | | |
| | | | | | | | | |
| Entire net income base | | 40,208,529 | | 55,133,804 | | 16,549,539 | | 12,452,123 |
| Tax Rate | | 7.50% | | 7.50% | | 7.50% | | 7.50% |
| Small Business Qualified (Y/N) | N | | N | | N | | N | |
| | | | | | | | | |
| Entire Net Income Base Tax | | 3,015,640 | | 4,135,035 | | 1,241,215 | | 933,909 |
| - To Schedule A-1 - | | | | | | | | |

Notes:

(1) New York State Tax Law Article 9A, Section 208(9)(b), Regulation Section 3-2.3(7). Expenses related to foreign subsidiary must be added back to ENI as directly attributable to subsidiary capital.
(2) New York State Tax Law Article 9A, Section 211(5), Regulation Section 3-1.4. Taxpayer has not been able to substantiate this expense, therefore, it is being added back in order to protect the State's interest.
(3) New York State Tax Law Article 9A, Section 211(4), Regulation Section 6-2. The above entities meet the requirements for combined reporting.
(4) New York State Tax Law Article 9A, Section 210, Regulation Section 4-1.2. Taxpayer was not able to provide intercompany elimination amounts to properly compute a combined BAP, therefore in order to protect the State's interest, we reasonably computed the combined BAP at 8%.

*(handwritten, bottom left)* ✱ Apport 8? Do we agree? How was this calculated?

*(handwritten, bottom right)*
✱ FNANB was in VDA right?
✱ SPEs were not a VDA, right?
✱ Review previous audit — what was treatment of SPEs
✱ When did the Unitary rules kick in, did we file Unitary?

**<u>EXHIBIT B</u>**

**(Proof of Claim No. 12586)**

**#12586**

New York State Department of
## Taxation and Finance

Bankruptcy Section
P O Box 5300
Albany NY 12205-0300

(518) 457-3160

| | |
|---|---|
| Statement date: | 4/28/2009 |
| Amendment: | 3rd |
| Case number: | 08-35653 KRH |
| Refer to this number for inquiries | |
| Total claim amount: | $14,130,257.13 |
| Taxpayer ID#: | B-54-0493875-03-1 |
| | B-54-0493875-02-4 |
| | B-54-0493875-B-64 |
| | et al. |

## Pre-Petition Proof of Claim

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
c/o KURTZMAN CARSON CONSULTANTS LLC.
2335 ALASKA AVENUE
EL SEGUNDO, CA 90245

This is a statement of tax liabilities for LAFAYETTE WARDS COMPANY INC, LAFAYETTE WARDS COMPANY INC and CIRCUIT CITY STORES INC, et al..  Penalty and interest for each liability is computed to 11/10/2008.

### Unsecured Priority Liabilities

| Tax Type | Period End | Notice Number | Tax | Penalty | Interest | Total | Type |
|---|---|---|---|---|---|---|---|
| CORP | 02/28/2007 | L-031279862-1 | 487.82 | 0.00 | 107.29 | 595.11 | ACT |
| CORP | 02/28/2007 | L-031584652-4 | 9,343,164.00 | 0.00 | 3,728,572.00 | 13,071,736.00 | AUD |
| | | | | | SubTotal $ | 13,072,331.11 | |

### General Unsecured Liabilities

| Tax Type | Period End | Notice Number | Tax | Penalty | Interest | Total | Type |
|---|---|---|---|---|---|---|---|
| CORP | 02/28/2007 | L-031584652-4 | 0.00 | 1,057,847.00 | 0.00 | 1,057,847.00 | AUD |
| CORP | 02/29/2008 | L-031878313-8 | 0.00 | 79.02 | 0.00 | 79.02 | ACT |
| | | | | | SubTotal $ | 1,057,926.02 | |

This claim amends and supercedes the previous claim dated 4/27/2009.
Current Annual Interest Rates by Tax Type: Corporation - 8%
Liability Type Descriptions: AUD - Audit Assessment, ACT - Actual Return Filed

**RECEIVED**

MAY 04 2009

KURTZMANCARSONCONSULTANTS



0835653090504000000000012

☑ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

TC-988 (10/00)         09042318011500343

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :    Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :    Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :    Jointly Administered
- - - - - - - - - - - - - - X

**ORDER SUSTAINING DEBTORS' OBJECTION TO CLAIM OF
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE (CLAIM NO. 12586)**

THIS MATTER having come before the Court on the

Debtors' Objection to Claim of New York State Department

of Taxation and Finance (Claim No. 12586) (the

"Objection"); and it appearing that due and proper

1

notice and service of the Objection as set forth therein
was good and sufficient and that no other further notice
or service of the Objection need be given; and the Court
having reviewed the Objection, Claim No. 12586, any
response to the Objection, if any, and all related
documents; and it appearing that the relief requested on
the Objection is in the best interest of the Debtors,
their estates and creditors and other parties-in-
interest; and after due deliberation thereon good and
sufficient cause exists for the granting of the relief
as set forth herein,

**IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:**

1.    The Objection is SUSTAINED.

2.    Claim No. 12586 filed by the New York State
Department of Taxation and Finance is disallowed in its
entirety for all purposes in these bankruptcy cases.

3.    The Debtors' rights to object to any claim
(filed or not) that have been or may be asserted against
the Debtors on any grounds governing law permits are not
waived and are expressly reserved.

4.    This Court shall retain jurisdiction to hear
and determine all matters arising from or related to
implementation or interpretation of this Order.

Dated: Richmond, Virginia

April _____, 2010


_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -


_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

        Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                        __/s/ Douglas M. Foley____
                        Douglas M. Foley


4