

Satchidananda Mims a.k.a. Satchi Mims
P.O. BOX 19304
OAKLAND, CA 94619

510-530-6345

Creditor in pro se

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### -RICHMOND JURISDICTION-

In re:

CIRCUIT CITY STORES, INC., et. al.,

      Debtors.

Chapter 11

Case No.:  08-35653 (KRH)

Jointly Administered

CREDITOR SATCHI MIMS RESPONSE; AND MEMORANDUM OF POINTS AUTHORITES IN OPPOSITION TO DEBTORS' SEVENTIETH OMNIBUS OBJECTION TO CERTAIN (I) NO LIABILITY LEGAL CLAIMS

## INTRODUCTION

Satchidananda Mims a.k.a. Satchi Mims. ("the, Creditor") hereby request the United States Bankruptcy Court for an order allowing claim #5708 for $9,500.00 against Circuit City Stores West Coast, Inc. et. al. ("the Debtors") to stand the Debtors Seventieth Omnibus Objection ("the Disallowance of Certain (I) No Liability (Legal Claims)"), on the grounds that ("the Creditor") claim(s) involving litigation are allowable pursuant to Bankruptcy Code 11 U.S.C.S. § 502(b) (1-9), are supported by a preponderance amount of evidence, and sufficient facts exists to grant ("the Creditor") protection under the legal theory of equitable estoppel.

## RELEVANT FACTS

On November 10, 2008 ("the, Petition Date"), the above-captioned debtors and debtors-in-possession ("Collectively, Debtors"), filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code ("the, Bankruptcy Code").

As a result of Debtor's bankruptcy filing, the litigation between Creditor and Debtor Circuit City Stores, Inc., et. al. ("the Debtors") in Superior Court of California the County of Alameda Case no. RG08399323 was automatically stayed and Satchi Mims ("the Creditor") could not add Circuit City Stores West Coast, Inc. as a defendant in the litigation. Both Circuit

City Stores, Inc. and Circuit City Stores West Coast, Inc. ("the Debtors") are liable for damages in the California state court litigation, and claims against ("the Debtors") should be allowed.

On or about September 07, 2005 ("the Creditor") purchased a Toshiba Satellite Computer from ("the Debtors") and entered into the 'City Advantage Protection Plan' insurance service agreement; in which Circuit City Stores, Inc. and Circuit City Stores West Coast, Inc. ("the Debtors") promised to repair any defects to the computer and if any defects couldn't be repaired, the computer would be replaced or costs for its purchase price refunded. Approximately forty five days after the computer was purchased, it began to have defect problems. The Creditor went back to the Circuit City Store located in Emeryville California, where the computer was purchased and reported the problems with the computer, requested a replacement and employees refused to take the computer back or take any insurance action and referred Creditor to the manufacture Toshiba's warranty. Creditor contacted Toshiba and they were unable to successfully repair the computer several times. Creditor has since requested computer repair and replacement from Circuit City Stores, Inc. ("the Debtors") numerous times, some on the following dates:   April 11, 2006, April 14, 2006, July 23, 2007, August 22, 2007, September 06, 2007, and June 24, 2008…etc. Each time Debtor has attempted to repair the defects of the computer, Debtor has been unsuccessful. The computer is still defective, the F10 and F11 keys come on by themselves when the computer is moved causing the computer to become inoperable. Additionally the computer screen still has problems during computer load up, sometimes screen background appears flickering white causing computer to become inoperable, and the AC adapter was returned to Creditor cracked after the June 24, 2008 attempted repair. Creditor contacted Debtor in writing on or about June 24, 2008 requesting for the computer to be replaced or refunded under the term of their agreement. Circuit City Stores, Inc. and Circuit City Stores West Coast, Inc. has since failed and refused to issue a replacement computer or refund to ("the Creditor"). As a result of over two years of filing insurance claims through Circuit City Stores Inc., and Debtors not fulfilling its promise to replace Creditors computer or refund Creditors money in an amount equal to purchase price, the Creditor filed a lawsuit.

On July 21, 2008 ("the Creditor") filed a complaint seeking damages for Breach of Contract, Breach of the covenant of good faith and fair dealing of an insurance contract, Breach of Warranty merchantable, Breach of Warranty fitness and Fraud. Although the complaint involves in part a contract dispute between ("the Debtors") and ("the Creditor"), the basic premise of the complaint filed in Superior court is the alleged Fraud. Debtors were functioning as

insurer of the Creditor's Toshiba Laptop Computer ("property") and made false promises in its advertisements and contracts. Based on their actions, it could be concluded Circuit City Stores, Inc. and Circuit City Stores West Coast, Inc. ("the Debtors") had no intention on fulfilling its promises. For example, ("the Debtors") made the promise in their written agreements and advertisement to replace the computer, or refund money, if the computer couldn't be repaired by ("the Debtors"). Circuit City Stores, Inc. attempted to repair the computer more than 13 times and was unsuccessful. ("The Debtors") actions alone are enough to establish fraud within California. California law defines the actions of ("the Debtors") as being deceit. A deceit is a promise made without any intention of performing it *(Civ. Code § 1710(4))*; See *Locke v. Warner Bros., Inc. (1997)* 57 Cal. App. 4th 354, 66 Cal. Rptr. 2d. The court must consider California state law in making decisions on issues involving bankruptcy in respect to Creditor's claim. "Applicable law" in 11 USCS § 502(b) means place of making contract, not Bankruptcy Court's forum, unless contract provides to contrary see In re Knight (1987, BC MD Ga) 76 BR 857, 16 BCD 390. Furthermore, the issue whether claim against debtor should be disallowed in bankruptcy on ground claim is unenforceable against debtor or debtor's property under "applicable law" is determined with reference to state law. See In re Rhead (1995, BC DC Ariz) 179 BR 169. Also see Exhibit 1, a copy of the complaint attached and made a part hereof. For that reason, a significant amount of the debt owed to Creditor is non-dischargeable debt pursuant *11 U.S.C.S §§ 523(a) (2)* and *523(a) (3)*. ("The Debtors") filing chapter 11 Bankruptcy is further proof that Debtor Circuit City Stores, Inc. had no intention on fulfilling its promise and obligations owed to Creditor. Additionally, both ("the Debtors") were obligated by the insurance contract to indemnify Creditor's computer until September 2009 and as of April 2010 have failed to make any attempt to rectify issues. Even if ("the Creditor") didn't file a lawsuit against Circuit City Stores, Inc., ("the Debtors") would be liable as the insurer and seller of the computer, under California law. The facts stated in the complaint and exhibits attached to the complaint, explain ("the Debtors") amount in damages and legal responsibility to ("the Creditor"). The fact that litigation was stopped, due to the automatic stay put in place when ("the Debtors") filed bankruptcy, and ("the Debtors") dispute the damages, does not eliminate ("the Debtors") liability.

Therefore Creditor contends the claim filed against Circuit City Stores West Coast, Inc. ("the Debtors") is reasonable and should be allowed, and ("the Debtors") objection should be overruled as to Satchidananda Mims aka Satchi Mims ("the Creditor") claim(s).

## ARGUMENT

The Seventieth Omnibus objection as to ("the Creditor") Satchidananda Mims a.k.a. Satchi Mims filed proofs of claim #5708 should be overruled for the following reasons:

### A. Debtor's Seventieth Omnibus Objection Violates Rule 3007

1. Debtors violated Federal Rule of Bankruptcy procedure 3007. Rule 3007 states is relevant part: "(e) Requirements for Omnibus Objection An omnibus objection shall: ... (6) contain objections to no more than 100 claims." The Debtors filed an Omnibus objection to more than 100 claims.

In addition, Rule 3007 also states the following in relevant part: "... (d) Omnibus objection. Subject to subdivision (e), objections to more than one claim may be joined in an omnibus objection if all the claims were filed by the same entity, or the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because: (1) they duplicate other claims; (2) they have been filed in the wrong case; (3) they have been amended by subsequently filed proofs of claim; (4) they were not timely filed; (5) they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order; (6) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance; (7) they are interests, rather than claims; or (8) they assert priority in an amount that exceeds the maximum amount under § 507 of the Code." The Seventieth Omnibus Objection to ("the Creditor") claims is based on the disallowance of certain legal claims which does not fall within the scope of an Omnibus Objection, under Rule 3007. The law only allows Omnibus Objections for reasons stated under Rule 3007(e) as stated above. See *In re Taylor*, (2003) 289 B.R. 379.

Therefore objection to the Creditor's claim(s) should be overruled.

### B. The Creditor Has Legitimate Legal Claims Against The Debtors

1. A Claimant is entitled to recoveries for a single liability against a single debtor, and it is entitled to a single satisfaction, if at all any particular claim of liability exists against a debtor. In this particular case liability exists, because Creditor filed two separate proof of claims based on evidence and pending California State litigation for each of ("the Debtors") that are legally responsible for monetary damages. By defining, "claim" broadly in the Bankruptcy Code as any "right to payment" or as any "right to an equitable remedy," Congress has adopted the broadest possible definition of "debt." Debt as the term is used in the Bankruptcy Code is nothing more,

1  nor less than enforceable obligation. See, 11 U.S.C.A. §§ 101(5), 101(12); *In re Gorchev,*

2  *(2002)* 275 B.R. 154. Only parties such as Satchi Mims ("the Creditor") that hold "rights to

3  payment" against an estate, hold valid bankruptcy claims. See 11 U.S.C.A. § 101(5) (A).

4  Creditor filed one proof of claim in relation to ("the Debtors") Circuit City Stores, Inc. and

5  another proof of claim in relation to ("the Debtors") Circuit City Stores West Coast, Inc. Each

6  proof of claim is separate even though liability comes from facts alleged in the same lawsuit.

7  Once a creditor has filed a valid proof of claim, burden of production of proof shifts to debtor to

8  rebut claim's prima facie validity. See *Fed. Rules Bankr. Proc. Rule 3001(f), 11 U.S.C.A.*

9  For example, a Debtors' objection to 16 unsecured claims filed by creditors on grounds that there

10  was insufficient information to support claims was overruled, because debtors themselves had

11  scheduled claims in virtually same amount as presented by creditors; insufficient documentation

12  was not sufficient basis for disallowing claims under 11 USCS § 502. See In re Martinez (2007,

13  BC SD Fla) 20 FLW Fed B 524.  Stating that claims are disputed in the lawsuit and ("the

14  Debtors") books don't show any liability doesn't rebut the prima facie evidence presented by the

15  proof of claims. Even if ("the Debtors") are having difficulty with claim estimations amounts in

16  their available documentation and books.  Difficulty or impossibility of estimation of claim

17  under 11 USCS § 502 no longer constitutes legitimate basis for disallowing any prepetition right

18  to payments as "claim" against estate; term "claim" is broad enough to encompass unliquidated,

19  contingent right to payment under prepetition indemnification agreement executed by debtor,

20  even though triggering contingency does not occur until post petition. In re Hemingway Transp.

21  (1992, CA1 Mass) 954 F2d 1, 26 CBC2d 372, CCH Bankr L Rptr P 74431, 22 ELR 20719.

22      Besides, when a creditor has pending state court litigation, as the Creditor does in this

23  case without a judgment and claims exist such as fraud, creditor has a valid claim. See, *In re*

24  *Garzoni, (2002)* 35 Fed.Appx. 182. Furthermore to be proper, objection to a proof a claim must

25  allege facts which, if accepted as true, would trigger one of the statutory reasons for disallowing

26  claim; if it does not then the objection should not be sustained. See Bankr. Code, 11 U.S.C.A. §

27  502(b) (1-9); *In re Taylor,* (2003) 289 B.R. 379.  ("The Debtors") objection does not allege

28  legitimate statutory reasons for disallowing the Creditor's claim #5708.  Therefore the claim

29  submitted by ("the Creditor") is valid and should be allowed.

30    **C. Equitable Estoppel**

31      1. Satchidananda Mims a.k.a. Satchi Mims ("the Creditor") hereby invokes the defense

32  theory of equitable estoppel. As stated in Exhibit 4, the Debtors filed bankruptcy collectively on

November 10, 2008 and sometime thereafter issued Notice of commencement of Chapter 11 Bankruptcy Cases, Meeting of Creditors and fixing of certain dates to Creditors. In addition, Debtor's stated in relevant part, paragraph <u>Joint Administration of Cases</u>, "... consolidating the cases for procedural purposes only under Case No. 08-35653." Which implies that any claim filed will be against the individual Debtor listed on the proof of claim. Also see the address differences between the Debtors. Circuit City Stores, Inc. has an address in Richmond, Virginia and Circuit City Stores West Coast, Inc. has an address in Boulevard, Westminster, Colorado.

2. On or about December 2008 Debtor's issued two proofs of claim forms to ("the Creditor") Satchi Mims, which were completed by ("the Creditor") and filed in Bankruptcy Court. See Exhibit 4. Look carefully at the two proof of claim forms, on the bottom half of the forms the Master codes and scan codes identify that the form numbers issued to Creditor are different. Debtor's actions infer that the Debtor's are liable for Creditor's claims. If ("the Debtors") were not liable in some capacity, they wouldn't have issued their own version of proof of claim forms to be filed in court by ("the Creditor"). Debtor's actions are inconsistent, because they infer liability to ("the Creditor") or claimant, and on the other hand file and Omnibus Objection to Creditor Satchidananda Mims a.k.a. Satchi Mims proof of claim(s). If a chapter 11 debtor's bad conduct has adversely affected a creditor who acted in reliance, the creditor may raise estoppel as a defense, even if the debtor's plan reserves the right to object to claims. Also, if the facts are such that debtor's failure to disclose a claim against a creditor or an objection to a creditor's claim misleads and damages the creditor, such creditor may invoke the theory of estoppel. See Bankr.Code, 11 U.S.C.A. §1123(b)(3)(B). If equitable estoppel is not granted against ("the Debtors"), ("the Creditor") will be irreparably harmed by losing ability to claim damages of fraud against Circuit City Stores West Coast, Inc. Therefore, ("the Creditor") request that this court issue preclusion to ("the Debtors"), from denying the truth of the facts regarding the two claim forms, issued to ("the Creditor") by ("the Debtors"), and the currently filed proof of claims forms which has, in contemplation of law, become established by the actions of Debtors.

### D. <u>Lack of Evidence</u>

1. On or about January 27, 2009 Creditor filed a Motion for Relief from the Automatic Stay put into place when Debtors filed bankruptcy to continue pending California State Court Litigation, with Exhibits 1-4 attached describing the litigation; reference (Docket # 1822). A copy of Exhibits 1 to 4 are attached to this response and made here apart of. Exhibits 1 through

1   4 provide evidence of Debtors liabilities and support the Creditor's filed proof of claims against

2   ("the Debtors"). A claim may be disallowed, not for just any reason, but only for one of the

3   reasons enumerated by Congress; bankruptcy court has no discretion in this regard and cannot

4   disallow claim for reasons beyond those stated in statute. See Bankr. Code, *11 U.S.C.A. §502(b)*

5   *(1-9)*. The nine grounds listed in bankruptcy statue for disallowing proof of claim are the nine

6   exclusive grounds available to properly underpin an objection to proof of claim.  See *In re*

7   *Herron, (2008)* 381 B.R. 184.  ("The Debtors") indicate there is no liability in their objection to

8   the claims, but provides no evidence.  A properly executed and filed proof of claim constitutes

9   prima facie evidence of validity and amount of claim, and burden is on party objecting to the

10   proof of claim to present sufficient evidence to overcome this prima facie evidence.  See *Fed.*

11   *Rules Bankr. Proc.Rule 3001(f)*, 11 U.S.C.A.; *In re Welty*, (2006) 335 B.R. 84.  A proof of claim

12   executed and filed in accordance with Bankruptcy Rules does not lose it presumptive validity

13   merely, because objection is filed thereto, unless objection is supported by substantial evidence.

14   See Fed. Rules Bankr. Proc. Rule 3001(f), 11 U.S.C.A.; *In re Mahoney Hawkes*, LLP, (2005)

15   334 B.R. 41. Burden of proving claim is incorrect under 11 USCS § 502(a) is on objecting party.

16   In re Petersen (1984, BC DC Or) 42 BR 42.

17   Therefore, ("the Debtors") objection to the Creditor's claims should be overruled.

18       E. **Omnibus Objection Superfluous**

19         Creditor should not be continuously subjected to objections or omnibus objections which

20   do not fit within the scope of Bankr. Code, *11 USCS § 502(b) (1-9)* or Federal Rule of

21   Bankruptcy procedure 3007. The Bankruptcy court properly overruled debtor's objections to

22   claims based solely on grounds not recognized under *11 USCS § 502*; neither bankruptcy

23   procedural rules nor instructional language on official forms overrode clear statutory language.

24   See *Dove-Nation v eCast Settlement Corp. (In re Dove-Nation)* (2004, BAP8) 318 BR 147. It is

25   unlawful, unconscionable and bias for court to allow ("the Debtors") the power to Omnibus

26   object to ("the Creditor") Satchi Mims claim on any grounds and on any bases, for any reason at

27   any time. Although ("the Debtors") don't have a valid reason for objection to Creditor's claim

28   #5708, it seems that they intend to keep objecting in hopes that either the Creditor won't

29   respond, or and to prevent the Creditor from receiving his owed compensation. This is the

30   second objection to Creditor's claim, the initial objection  Docket # 3513 for Duplicate claims

31   was voluntary withdrawn by the Debtors, because objection was unwarranted.  Now the Debtors'

32   have filed an objection to certain legal claims which parallels the objection to Creditor's other

1    claim # 5469, which doesn't fit within the scope of the Bankruptcy Code or Federal Rules of

2    Bankruptcy Procedure.    "Based upon Bankruptcy Code and Federal Rules of Bankruptcy

3    Procedure, Bankruptcy court found that various Chapter 7 trustees' objections to creditors' claims

4    should be overruled where these objections failed to invoke any statutory support for denial of

5    claim." *In re Taylor* (2003, BC ND Ind) 289 BR 379.    "Debtor acts in good faith by objecting to

6    proof of claim that lacks requisite documentation; once documentation has been provided, if

7    debtor lacks any other basis for prosecuting objection to claim, court may find that debtor has

8    acted in bad faith or, in appropriate circumstances, that debtor's attorney is subject to sanctions."

9    *In re Armstrong* (2005, BC ND Tex) 320 BR 97, 53 CBC2d 1393.    Responses to objections,

10   documentation and evidence have been repeatedly given to the court in support of each of

11   Creditor's claims.    It is becoming redundant and an indication of ("the Debtors") bad faith efforts

12   to prevent the Creditor from receiving the compensation owed to him.

13          Therefore the Creditor request for the seventieth omnibus objection to his claim #5708

14   for $9,500.00 be overruled, and ("the Debtors") be limited to filing objections to his claim(s)

15   which fall within the scope of the law, and the Bankruptcy Court issue any appropriate sanctions

16   to ("the Debtors") and or their counsel.

17

18                                   **CONCLUSION**

19

20          For the foregoing reasons ("the Creditor") Satchidananda Mims a.k.a. Satchi Mims

21   request that the Seventieth Omnibus objection to the Creditor's claim #5708 against ("the

22   Debtors") be overruled.

                              Dated this 07th day of April, 2010

                              Satchi Mims a.k.a.
                              Satchidananda Mims

SATCHIDANANDA MIMS
P.O. BOX 19304
OAKLAND, CA 94619

510-530-6345

Creditor in Pro Se

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA

In re:

CIRCUIT CITY STORES, INC., et al.

Debtor(s).

Case No.: 08-35653-KRH

Chapter 11

[Jointly Administered]

**DELARATION IN SUPPORT OF CREDITOR SATCHI MIMS RESPONSE TO DEBTOR'S SEVENTIETH OMNIBUS OBJECTION TO CLAIMS**

## DECLARATION OF SATCHI MIMS

I, Satchidananda Mims a.k.a. Satchi Mims, declare under penalty of perjury:

1. I am a Creditor in the above action and the Plaintiff in the case of Mims v. Circuit City Stores, Inc. (Case no. RG08399323) currently pending in the Superior Court of the County Alameda in the State of California and I am acting as my own attorney.

2. On or about December 20, 2008, I received Debtor's notice of deadline for filing proof of claim and notice Notice of commencement of Chapter 11 bankruptcy cases. Sometime thereafter I filed two claims in Bankruptcy Court. Both proofs of claims forms completed were given to me by ("the Debtors"), for claims against Circuit City Stores West Coast, Inc. and Circuit City Stores, Inc.

3. Relief from the Debtor's Seventhieth Omnibus Objection is necessary for me to continue the pursuit of my legal claim against Circuit City Stores, Inc. and Circuit City Stores, West Coast Inc ("the Debtors").

4. On or about April 06, 2010, I received a copy of Debtor's Seventieth Omnibus Objection to Certain Legal Claims by U.S. mail. Debtor's indicated the deadline for filing and serving a response to the objection as April 22, 2010.  On their Objection notice Debtors state the following in relevant part,:"pursuant to Rule 3007-1 of the local rules of the United States Bankruptcy Court For the Eastern District of Virginia and the Omnibus Objection procedures, unless a written Response and a request for a hearing are filed with the clerk of the court and served on the objection party within 30 days of the service of this objection, the court may deem any opposition waived…"  Accordingly, I haven't been given the proper 30 day notice to respond to Debtor's objection and the court should not subject me to waiving a right to respond, if response is received by the court of Debtors later than April 22, 2010.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: April 07, 2010

SATCHIDANANDA MIMS
a.k.a. Satchi Mims
Creditor in pro se

2

SATCHIDANANDA MIMS a.k.a. Satchi Mims
P.O. BOX 19304
OAKLAND, CA 94619

510-530-6345

Creditor In Pro Se

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| In re:<br>CIRCUIT CITY STORES, INC., et al.<br>Debtor(s). | Case No.: 08-35653-(KRH)<br><br>Chapter 11<br><br>Jointly Administered<br><br>[PROPOSED ORDER]<br><br>DEPT: Room 5000<br>JUDGE: Honorable Kevin R. Huennekens |

## ORDER OVERULING DEBTORS' SEVENTIETH OMNIBUS OBJECTION TO CERTAIN LEGAL CLAIMS

THIS MATTER having come before the Court on the Debtors Seventieth

Omnibus Objection to claims **(Disallowance Of Certain (I) (Legal Claims))** ("the,

Objection"), it appearing that the objection violates Federal Rule of Bankruptcy

procedure 3007§(d)(1-8) and that good cause does not exist to grant ("the Debtors")

motion as to Satchidananda Mims a.k.a. Satchi Mims ("the, Creditor"); and the Court

having held a hearing (the, "Hearing") on the Seventeeth Omnibus Objection to Claims

**(Disallowance Of Certain (I) (Legal Claims))** on _____, 2010; [and the

above-captioned debtor (the "Debtors'") having ask for the relief requested in the Motion

(the "Objection");] [and upon all of the proceedings had before the Court; and after due

deliberation and sufficient cause appearing therefore[; and for the reasons stated by the

Court on the record of the Hearing], it is hereby

ORDERED that the Motion ("the, Objection") is ultimately denied; and it is further

ORDERED that Satchidananda Mims aka Satchi Mims request for equitable estoppel is granted in part, as to precluding ("the Debtors") from denying sending the Claimant two claim forms, which acknowledge ("the Debtors") are aware of their own actions, and know of their likely legal responsibility to ("the Creditor"). ("The Debtors") actions are inconsistent with the Objection to Certain Claims (Disallowance of Certain Legal Claims) in that, ("the Debtors") state in the objection they dispute the claims, and their books don't show any form of liability. If their books didn't show any form of liability they wouldn't have sent ("the Creditor") claim forms or listed ("the Creditor") as a Creditor in the initial Bankruptcy filing; and it is further

ORDERED as to ("the Creditor") claim #5708 ("the Debtors") are hereby limited to the objections set within the scope of Bankr. Code, 11 USCS § 502(b) (1-9) and the Omnibus objections set within the scope of The Federal Rule of Bankruptcy procedure 3007; and it is further

ORDERED the proof of claim form #5708 filed by claimant; in respect to ("the Debtors") Circuit City Stores West Coast, Inc. is valid and provides sufficient prima facie evidence to survive ("the Debtors") Seventieth Omnibus Objection to Certain Claims (**Disallowance Of Certain  (I) (Legal Claims)**.

Dated: _____, 2010
        Richmond, Virginia


_____
HONERALBLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

I ASK FOR THIS:

SATCHIDANANDA MIMS aka Satchi Mims
P.O. BOX 19304
OAKLAND, CA 94619
510-530-6345
Creditor in Pro Se

## CERTIFICATION OF ENDORDSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

SATCHIDANANDA MIMS aka Satchi Mims
P.O. BOX 19304
OAKLAND, CA 94619
510-530-6345

Creditor in Pro Se

3

1
SATCHIDANANDA MIMS a.k.a. Satchi Mims
P.O. BOX 19304
OAKLAND, CA 94619

2

3
510-530-6345

4
Creditor in Pro Se

5
## UNITED STATES BANKRUPTCY COURT
6
## EASTERN DISTRICT OF VIRGINIA

7

8
In re:

Case No.: 08-35653-KRH

Chapter 11

9
CIRCUIT CITY STORES, INC., et al.

*Declaration of Service by Mail*
[Proof of Service]

10
Debtor(s).

11

**Proof Service**

12
Ms. Akenduca Beasley, the undersigned, hereby declares:

13
I am a citizen of the United States. I am over the age of 18 years and not a party to within action.

14
My mailing address is P.O. Box 19304, Oakland, CA 94619. On April 12, 2010, at the direction

15
of Satchidananda Mims a.k.a Satchi Mims, ("the Creditor") in Pro Se, I served a copy of the

16
Creditor's Declaration, Creditor's Response to the ("the Debtors") Seventhieth Omnibus

17

18
Objection, Exhibits 1 through 4 and the Proposed Order, upon each party required to receive

19
notice under Local Bankruptcy Rule 4001(a)-1(E) (1), with postage thereon fully prepaid, a true

20
copy of thereof as follows:

21

| Counsel to the Debtors | Counsel to the Debtors |
|---|---|
| Dion W. Hayes, Esq. | Gregg M. Galardi, Esq. |
| Douglas M. Foley, Esq. | Ian S. Fredericks, Esq. |
| McGuire Woods LLP | Skadden, Arps, Slate, Meagher & Flom, LLP |
| One James Center | One Rodney Square |
| 901 E. Cary Street | PO Box 636 |
| Richmond, VA 23219 | Wilmington, DE 19899-0636 |

22

23

24

25

26

27

28

Counsel to the Debtors
Timothy G. Pohl, Esq.
Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive Suite 2000
Chicago, IL 60606

United States Trustee
Robert B. Van Arsdale, Esq.
Office of the United States Trustee
Richmond, Virginia Office
701 East Broad Street, Suite 4304
Richmond, VA 23219-1888

I declare under penalty of perjury that the foregoing is true and correct.

Service Executed at Oakland, California on April 12, 2010.

Dated this 12th day of April, 2010

AKENDUCA BEASLEY

# EXHIBIT

# 1

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>SATCHIDANANDA MIMS aka SATCHI MIMS<br>P.O. BOX 19304<br>OAKLAND, CA 94619<br><br>TELEPHONE NO: 510 530-6345   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*  Plaintiff in Pro Per | \|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|\|<br>"6809011" |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA**
STREET ADDRESS:  600 WASHINGTON STR ALAMEDA COUNTY SUPERIOR C
MAILING ADDRESS:  SAME AS ABOVE                1225 FALLON STREET
CITY AND ZIP CODE:  OAKLAND, 94610        OAKLAND CA 94612-4280
BRANCH NAME:  LIMITED JURSIDICTION

PLAINTIFF: SATCHIDANANDA MIMS aka SATCHI MIMS

DEFENDANT: CIRCUIT CITY STORES, INC.

☑ DOES 1 TO 5

|  |  |
|---|---|
| **CONTRACT** | |
| ☑ COMPLAINT | ☐ AMENDED COMPLAINT *(Number):* |
| ☐ CROSS-COMPLAINT | ☐ AMENDED CROSS-COMPLAINT *(Number):* |

**FILED**
**ALAMEDA COUNTY**

'·il  9  4  2008

CLERK OF THE SUPERIOR COURT
By _____ Deputy

**Jurisdiction** *(check all that apply):*
☑ ACTION IS A LIMITED CIVIL CASE
  Amount demanded  ☑ does not exceed $10,000
                   ☐ exceeds $10,000 but does not exceed $25,000
☐ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
  ☐ from limited to unlimited
  ☐ from unlimited to limited

CASE NUMBER:
RG08399322

1. Plaintiff* *(name or names):*
SATCHIDANANDA MIMS AKA SATCHI MIMS

alleges causes of action against defendant* *(name or names):*
CIRCUIT CITY STORES, INC., DOES 1 TO 5

2. This pleading, including attachments and exhibits, consists of the following number of pages: 59

3.  a. Each plaintiff named above is a competent adult
    ☐ except plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ other *(specify):*

   b. ☐ Plaintiff *(name):*
      a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

      b. ☐ has complied with all licensing requirements as a licensed *(specify):*
   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4.  a. Each defendant named above is a natural person
    ☑ except defendant *(name):* Circuit City Stores,Inc    ☐ except defendant *(name):*
      (1) ☐ a business organization, form unknown      (1) ☐ a business organization, form unknown
      (2) ☑ a corporation                              (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*     (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*              (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*                         (5) ☐ other *(specify):*

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]
**COMPLAINT—Contract**
Code of Civil Procedure, § 425.12
American LegalNet, Inc.
www.FormsWorkflow.com

59

PLD-C-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | |

**4.** *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) ☑ Doe defendants *(specify Doe numbers):* 1 to 5_____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) ☑ Doe defendants *(specify Doe numbers):* 1 to 5_____ are persons whose capacities are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

**5.** ☑ Plaintiff is required to comply with a claims statute, and
   a. ☑ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify):*

**6.** ☐ This action is subject to   ☐ Civil Code section 1812.10   ☐ Civil Code section 2984.4.

**7.** This court is the proper court because
   a. ☑ a defendant entered into the contract here.
   b. ☐ a defendant lived here when the contract was entered into.
   c. ☐ a defendant lives here now.
   d. ☑ the contract was to be performed here.
   e. ☑ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☐ real property that is the subject of this action is located here.
   g. ☐ other *(specify):*

**8.** The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

   ☑ Breach of Contract
   ☐ Common Counts
   ☑ Other *(specify):*
      Breach of the covenant of good faith, Breach of Warranty fitness and merchantability, Fraud

**9.** ☑ Other allegations:
      See attachment 9a.

**10.** Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. ☑ damages of: $ 9,500.00
   b. ☐ interest on the damages
      (1) ☐ according to proof
      (2) ☐ at the rate of *(specify):*      percent per year from *(date):*
   c. ☑ attorney's fees
      (1) ☐ of: $
      (2) ☐ according to proof.
   d. ☑ other *(specify):*
      Emotional, Exemplary and Punitive damages

**11.** ☑ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*
      All Paragraphs

Date: July 21, 2008

SATCHIDANANDA MIMS aka Satchi Mims
_____    ▶    _____
          (TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001 [Rev. January 1, 2007]          **COMPLAINT—Contract**          Page 2 of 2

MC-025

| SHORT TITLE: MIMS V. CIRCUIT CITY STORES, INC. | CASE NUMBER: |
|---|---|

**ATTACHMENT** (Number): ___9.a___     Page _3_ of ___
(This Attachment may be used with any Judicial Council form.)     (Add pages as required)

2   Plaintiff: Satchidananda Mims aka Satchi Mims hereby demands a jury trial.

27   (If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)

Form Approved for Optional Use
Judicial Council of California
MC-025 [New July 1, 2002]
**ATTACHMENT**
to Judicial Council Form
Cal. Rules of Court, rule 982
American LegalNet, Inc. | www.USCourtForms.com

PLD-C-001(1)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | |

## FIRST _____   CAUSE OF ACTION—Breach of Contract
_(number)_

ATTACHMENT TO  [✔] Complaint   [ ] Cross - Complaint

_(Use a separate cause of action form for each cause of action.)_

BC-1. Plaintiff _(name)_: SATCHIDANANDA MIMS aka Satchi Mims

alleges that on or about _(date)_:  September 07, 2005
a  [✔] written   [ ] oral   [ ] other _(specify)_:
agreement was made between _(name parties to agreement)_:
Satchi Mims and Circuit City Stores, Inc.
[✔] A copy of the agreement is attached as Exhibit A, or
[ ] The essential terms of the agreement  [ ] are stated in Attachment BC-1   [ ] are as follows _(specify)_:

BC-2. On or about _(dates)_:  November 10, 2005 and various times thereafter
defendant breached the agreement by  [✔] the acts specified in Attachment BC-2   [ ] the following acts
_(specify)_:

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4   [✔] as follows _(specify)_:
As a proximate result of defendant's breach of the agreement, plaintiff has been damaged in the
sum of $2000.00, the amount plaintiff paid to defendant for the laptop computer and insurance
laptop repair services during, September 2005 through September 2009.

BC-5. [✔] Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[ ] according to proof.
BC-6. [✔] Other:
Plaintiff repeats and re-alleges the allegations set fourth in paragraphs 1 through 11 as if fully
set fourth in this matter.

Page ____ 4

Page 1 of 1

CAUSE OF ACTION—Breach of Contract

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

MC–025

| SHORT TITLE:<br>MIMS V. CIRCUIT CITY, INC. | CASE NUMBER: |
|---|---|

**ATTACHMENT *(Number):* BC-2**                    Page _5_ of _____

*(This Attachment may be used with any Judicial Council form.)*          *(Add pages as required)*

On or about September 7, 2005 plaintiff entered into written agreement with defendant Circuit City Stores, Inc. A copy of the original agreement is attached as Exhibit A as section one and a updated copy of the Circuit City Advantage Plan, which plaintiff received on or about December 10, 2007, labeled Exhibit A section two and made a part hereof.

On or about November 10, 2005 and various times thereafter defendant Circuit City Stores, Inc. breached the contract as follows:

Defendants failed and neglected to perform in accordance with the agreement terms therein, in that defendants repaired: the TOS M45S265 laptop's: screen, circuit motherboard, power button, key board, F10 and F11 keys malfunction....etc., and its accessories multiple times, in a careless and un-workmanlike manner, and used such inferior, defective and unsuitable parts that the repairs made to the laptop was wholly inadequate for the normal and efficient operation of plaintiff, and has continuously ceased to function correctly, shortly after each repair.

Additionally Defendant breached the agreement by performing benefits under the contract in a generally incompetent and unsatisfactory manner by attempting to repair the laptop defects more than 13 times and failing to correct defects each time. Particularly on or about June 24, 2008 plaintiff sent the laptop to defendant to make repairs for malfunctions of the computer screen, F10 and F11 keys on the keyboard that turn on automatically when the screen or computer is moved causing the keyboard to become inoperable, and wireless modem having problems staying connected to the internet. On or about July 4, 2008 Plaintiff received an email from defendant indicating that computer is repaired. The computer was delivered to plaintiff on July 8, 2008. The computer problems were not repaired as indicated in the email, the computer worksheet defendant shipped along with the defective computer doesn't indicate any action was taken in regards to the F10 or F11 keys or screen in the lower part of the worksheet listed as notes, says technican re-soldered the DVD Drive connecter and cleaned the volume knob restored the operating system. Additionally, plaintiff discovered that the defendant cracked the AC Adapter upon receiving computer back. Plaintiff has attempted to use the computer and the defects still exist. See Exhibit C attached, it shows correspondence between plaintiff and defendant regarding above described specific repairs and computer defects.

Furthermore, defendant breached the contract by not following specific provisions in the contract. The contract, states in relevant part: "City Advantage protection plan is not just protection, but service far beyond manufacture's warranty, including: Replacement if we can't fix it..... If a defect is found, your product will be repaired or replaced......" Additionally, see Exhibit A section two, the contract under section 10 titled No lemon Guarantee, states in relevant part: "B. Computer Products: If your product or any component of your product is repaired three times and it fails a fourth time due to the same problem........., We will replaced the Product or component under our no lemon guarantee.....". Defendant breached the contract by failing to make adequate repair to cure computer defects, and after making over 13 unsuccessful attempts to repair reoccurring defects of the computer, refuses to issue a replacement computer or refund. Moreover the product has failed more than four times and defendant has tried to repair the product more than four times due to the same problem and failed, the product is defective.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-PI-001(3)

| SHORT TITLE:<br>MIMS V. CIRCUIT CITY STORES, INC. | CASE NUMBER |
|---|---|

**SECOND** _____ **CAUSE OF ACTION—Intentional Tort**  Page ___6___
       (number)

ATTACHMENT TO   [✓] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* SATCHIDANANDA MIMS AKA SATCHI MIMS

alleges that defendant *(name):* CIRCUIT CITY STORES, INC.

[✓] Does 1 _____ to 5 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date):* November 10, 2005
at *(place):* Circuit City Stores, Inc., Emeryville, CA

*(description of reasons for liability):*

              For Breach of Implied Covenant of Good Faith and Fair Dealing

20. Plaintiff repeats and re-alleges the allegations set fourth in paragraphs BC-1 through BC-6 as if fully set fourth in this matter.

21. Defendant is, and at all times herein mentioned, was a Corporation organized and existing under the laws of the State of California with principle offices located at 5795 Christie Ave Emeryville, California herein mentioned, each of the defendants sued herein was the agent and employee of ... of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment.

22. Defendant owes a duty of good faith and fair dealing to plaintiff, because the defendant sold the City advantage Protection Plan computer service repair and replacement, insurance to plaintiff; the defendant has benefited from the premiums paid by plaintiff and the other income derived from the sale of the insurance policy to plaintiff and has administered processed and coordinated claims made by plaintiff; and while soliciting insurance business from plaintiff and handling claims filed by plaintiff, the defendant made representations concerning the characteristics and benefits of the insurance policies that plaintiff ultimately purchased. The defendant also widely advertised the characteristics and benefits of the City advantage Protection Plan computer service repair and replacement insurance that plaintiff ultimately purchased.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

CAUSE OF ACTION—Intentional Tort

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| — MIMS V. CIRCUIT CITY STORES, INC. | |

1  Second Cause of Action-Breach of Implied Covenant of Good Faith and Fair Dealing Against (cont'd)

2  23. By virtue of the special relationship that was created when it sold the City advantage Protection Plan
3  computer service repair and replacement insurance policy to plaintiff and established intercompany
   pooling arrangements and means of common management and control within the defendants organization
4  with respect to its insurance business, and implicit in its insurance contracts, the Circuit City Stores, Inc.
   owes a duty of good faith and fair dealing to plaintiff. In light of these duties to plaintiff, the Circuit City
5  Stores, Inc. is barred from, in any way, attempting to damage the interests of its policyholder, Satchi
6  Mims, or to profit at the expense of plaintiff.

7  24. California law implies a covenant of good faith and fair dealing in all contracts between parties entered
8  into in the State of California.

9  25. At all times mentioned in this complaint, plaintiff was the owner of a certain laptop computer,
   Toshiba Satellite Model # M45S265 Serial# 75095029Q referred to below as computer.
10
11 26. On or about September 07, 2005, in consideration of the payment of biyearly premium of $ 243.00,
   made by Circuit City Stores, Inc. defendant, by its duly authorized agents, executed and delivered to
12 plaintiff in Oakland, Alameda County, State of California, its policy of insurance bearing number 85
13 6512453, referred to below as "the policy." The policy by its terms was effective from September 07,
   2005, to September 07, 2007. The policy was renewed and effective from September 08, 2007 to
14 September 08, 2009. The additions or changes to the renewed policy weren't known or received by
   plaintiff until the policy was paid in full, and received by plaintiff on or about December 10, 2007. A
15 copy of the agreement is attached as Exhibit A, labeled section one and a copy of the Circuit City
   Advantage Plan updates or additions and amendments, is labeled as section two and made a part hereof.
16
17 27. The policy at all times mentioned in this complaint provided the following coverage:

18 Coverage (A) computer repair and replacement. To repair or replace, and pay all reasonable expenses
   incurred from service or repair to notebook computer, hereinafter called loss, caused by defect, accidental
19 damage and damage caused by the normal operation and use of the computer."

20 28. On or about April 14, 2006, while the policy was in full in full force and effect, the computer
21 malfunctioned and displayed the following defects: malfunctioning screen, malfunctioning key board, F10
   and F11 keys came on automatically when screen was moved and caused keyboard to become inoperable.
22 Plaintiff notified defendant of loss, opened incident claim number G9443001, returned the computer to
   defendant and on April 24, 2006 defendant returned the computer to plaintiff indicating defendant
23 canceled repairs for the computer.

24

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

27

| This page may be used with any Judicial Council form or any other paper filed with the court. | Page ___7___ |
|---|---|

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501
American LegalNet, Inc. [www.USCourtForms.com]