UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

IN RE:                      .    Case No. 08-35653(KRH)
                            .
                            .
CIRCUIT CITY STORES,        .
INC., et al.,               .    701 East Broad Street
                            .    Richmond, VA  23219
                            .
        Debtors.            .    April 6, 2010
. . . . . . . . . . . . .   .    10:54 a.m.


TRANSCRIPT OF HEARING
BEFORE HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtors:        McGuireWoods, LLP
                        By:  DOUGLAS FOLEY, ESQ.
                        9000 World Trade Center
                        101 W. Main Street
                        Norfolk, VA  23510

                        McGuireWoods, LLP
                        By:  SARAH B. BOEHM, ESQ.
                        One James Center
                        901 East Cary Street
                        Richmond, VA  23219

                        Skadden, Arps, Slate, Meagher
                         & Flom, LLP
                        By:  IAN FREDERICKS, ESQ.
                        One Rodney Square
                        Wilmington, DE  19801


Proceedings recorded by electronic sound recording, transcript
produced by transcription service

_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@optonline.net**

**(609) 586-2311    Fax No. (609) 587-3599**

2

APPEARANCES (Cont'd.):

For Kelly Breitenbecher:        Sands, Anderson, Marks & Muller
                                By:  WILLIAM A. GRAY, ESQ.
                                1111 East Main Street
                                Suite 2400
                                Richmond, VA  23219

For James H. Wimmer, Jr.:       Christian & Barton, L.L.P.
                                By:  MICHAEL D. MUELLER, ESQ.
                                909 East Main Street, Suite 1200
                                Richmond, VA  23219

1          THE CLERK:  All rise.  Court is now in session.

2  Please be seated and come to order.  In the matter of Circuit

3  City Stores, Incorporated, hearing on Items 1 through 14 as set

4  out on debtors' agenda.

5          MR. FOLEY:  Good morning, Your Honor.  Doug Foley on

6  behalf of the debtors.  With me at counsel table is Sarah Boehm

7  with my firm and Ian Fredericks from Skadden Arps.  In the

8  courtroom today, Your Honor, is Katie Bradshaw, who is the Vice

9  President and Controller of Circuit City at this point.  Judge,

10 there's only 14 items on the agenda, and we believe only one

11 matter will be going forward.  But just to take them in order,

12 Matter Number 1 and 2 are the motions by Madcow for an

13 administrative claim and for a 503(b)(9) claim.  We're

14 continuing to negotiate with them waiting to get some

15 information from their business people to reconcile certain

16 amounts, so, hopefully, we can resolve those.  But they've

17 agreed -- they requested and we've agreed to adjourn both of

18 their motions, Number 1 and 2, until April 29th at 2:00 p.m.

19         THE COURT:  All right.  They'll be adjourned.

20         MR. FOLEY:  Your Honor, the -- Item Number 3 is the

21 Berkadia motion to compel.  We're still discussing with them

22 potential resolution of that matter.  As Your Honor heard at

23 the last argument, they've requested and we have agreed to

24 adjourn their hearing until next week, April 15th at 2:00 p.m.

25         THE COURT:  All right.

4

1          MR. FOLEY:  Item Number 4, Your Honor, this is the

2    sixth omnibus objection and the remaining response by Eastern

3    Security.  That has been resolved and can be removed from the

4    docket.

5          THE COURT:  All right.

6          MR. FOLEY:  Your Honor, Item Number 5, this is the

7    19th omnibus objection, and the remaining unresolved responses

8    were Laurel Plumbing and Union County Construction.  We have

9    resolved those matters with Gus Epps, their counsel, and that

10   item can be removed from the docket.

11         THE COURT:  All right.

12         MR. FOLEY:  Item Number 6, Your Honor, this is the

13   fifth omnibus objection to claims.  There were two remaining

14   responses, Vector Security and Miner Fleet.  We believe we have

15   reached resolutions or will reach resolutions with both of

16   them, but in the meantime, we'd like to adjourn their responses

17   until the April 29th hearing date at 2.

18         THE COURT:  All right.

19         MR. FOLEY:  Item Number 7, Your Honor, this is the --

20         THE COURT:  Will that be set for a status at that

21   time or is that going to go forward?

22         MR. FOLEY:  We'll set it to go forward, Your Honor,

23   but we're hopeful to have it resolved prior to then.

24         THE COURT:  Okay.

25         MR. FOLEY:  Item Number 7, Your Honor, this is the

**J&J COURT TRANSCRIBERS, INC.**

1  27th omnibus objection to claims.  We had resolved the matter

2  with Harris County, Texas, and their response could be removed.

3  With respect to Los Angeles and San Bernardino County, we have

4  -- we're close to a resolution with them, at least to the piece

5  of the claim that deals -- that is part of this objection.  But

6  until we document it, we would ask that the Los Angeles County

7  and San Bernardino responses be adjourned until the April 15th

8  hearing date at 2.

9          THE COURT:  Very good.

10         MR. FOLEY:  Item Number 8, Your Honor, this is the

11 57th omnibus objection.  We have resolved the response by Snell

12 Acoustics, but we are in the process of documenting that, so we

13 would ask that that be adjourned, also, until the April 15th

14 hearing date at 2.

15         THE COURT:  All right.

16         MR. FOLEY:  If we could pass over Number 9, Your

17 Honor, Mr. Fredericks will be dealing with that.

18         Item Number 10, Your Honor, is the adversary

19 proceeding against Creative Labs.  Their response is due, I

20 believe, Friday, or next Friday, and we are exchanging

21 settlement offers.  We are not close enough yet.  I would say

22 to the Court that we think we're going to resolve it in the

23 near term, so my suspicion is that we'll be going forward with

24 the pretrial conference on April 15th and ask the Court to

25 enter a scheduling order at that time.

1           THE COURT:  Okay.

2           MR. FOLEY:  Item Number 11 and 12, 13, and 14, Your

3    Honor, these plan-related motions.

4           11 is the motion for sell down procedures and claims

5    trading procedures that have been tracking the plan

6    confirmation date.  Number 12 is the plan and the plan

7    objection responses.

8           Item Number 13 is the Pioneer motion for a

9    confirmation deposit under Rule 3020, and Item Number 14 is

10   Samsung's motion for a confirmation deposit under Rule 3020.

11   We would ask that the Court adjourn Items 11 through 14 until

12   the currently scheduled confirmation hearing date of May 11th

13   at 10:00 a.m.

14           THE COURT:  All right.

15           MR. FOLEY:  And with that, Your Honor, that just

16   leaves Item Number 9, which is the 58th omnibus objection.

17           MR. FREDERICKS:  Good morning, Your Honor.  Ian

18   Fredericks of Skadden Arps on behalf of the debtors.  I'll be

19   relatively brief, Your Honor.  The remaining responses to the

20   58th omnibus objection fall into basically two buckets, and

21   some of them have been resolved and others not.

22           It's basically a few carryover claims that were

23   reclamation claims filed as administrative claims and a few

24   employees who are seeking administrative claims similar to

25   those on the 56th omnibus objection.  So I'm just going to kind

J&J COURT TRANSCRIBERS, INC.

1 of run down the list.

2          With respect to SanDisk, which is Objection Letter A,

3 SanDisk actually withdrew its response yesterday, and so the

4 debtors would request an order reclassifying the claim from --

5 to a general unsecured claim.

6          THE COURT:  All right, and that'll be done.

7          MR. FREDERICKS:  Thank you, Your Honor.  The next two

8 responses are from Snell Acoustics.  These are also going to be

9 resolved in connection with the resolution on a 57th omnibus

10 objection.  So once we paper that, this should go away as well.

11          THE COURT:  All right.

12          MR. FREDERICKS:  With respect -- the next response,

13 Item D, is the response of THQ.  We had provided THQ with a

14 copy of this Court's reclamation opinion.  THQ advises us that

15 they would not be attending the hearing and would rely on their

16 papers.  For the reasons set forth in the Court's reclamation

17 opinion, we'd request that this claim be reclassified to a

18 general unsecured claim.

19          THE COURT:  Any party wish to be heard in connection

20 with the THQ matter?

21                    (No verbal response)

22          THE COURT:  All right.  It'll be reclassified

23 consistent with the Court's prior opinion.

24          MR. FREDERICKS:  Thank you, Your Honor.  The last two

25 claims are the claims of Kelly Breitenbecher and James Wimmer.

1  I believe both of their counsel are in the courtroom.  These

2  claims are -- I believe Mr. Wimmer's may be identical to the

3  claim that was under objection on the 56th, and with respect to

4  Kelly Breitenbecher, this is another retention bonus that

5  vested in January of 2009 for which Ms. Breitenbecher's seeking

6  $300,000 as an administrative claim.

7          For the same reasons that Your Honor sustained the

8  56th omnibus objection, the debtors believe that both claims

9  should be reclassified to general unsecured claims.  Just to

10 give Your Honor a little bit of information about what we did

11 with the order, as I'm sure Your Honor saw, originally, the

12 motion sought to -- or the objection sought to disallow the

13 claims.  With discussions with Mr. Miller, and I believe Mr.

14 Miller had discussions with Mr. Gray, we ultimately agreed to

15 just reclassify them to general unsecured claims, and then we

16 would deal with the reconciliation, hopefully consensually,

17 over whether or not these were actually duplicative or late or

18 if they'd filed new claims in connection with the  rejection of

19 contracts.  So we're going to sort all that stuff out later,

20 and so we'd seek to do the same thing here, just reclassify

21 them to unsecured, and we can work out the other issues later.

22          THE COURT:  All right.  Very good.

23          MR. GRAY:  Good morning, Your Honor.  William Gray.

24 I would say first I do also represent Snell Acoustics, which is

25 in the 57th and 58th, and with the representations, they are

9

1  correct, I have a settlement agreement, working with my  client

2  on that, and I think it'll be resolved.

3          THE COURT:  Okay.  That's good.

4          MR. GRAY:  I'm here on mostly -- I represent Kelly

5  Breitenbecher, and certainly, Your Honor, her claim -- her

6  administrative claim was part of the 56th omnibus objection,

7  which there were the arguments on two different days.  I came

8  up on the first day.  I was here in the court, of course, for

9  the second day.  This claim before the Court is another claim.

10  We did file it at the original proof of claim bar date.  It has

11  a general unsecured portion of it.  We did in this claim put

12  down $300,000 as -- and claimed it as an administrative expense

13  claim.

14          I'm not here to rehash all the arguments from last

15  time.  I wanted --

16          THE COURT:  That's good.

17          MR. GRAY:  But I do want to come up, Your Honor --

18  and I am a bit troubled.  I feel debtors' counsel -- they're

19  almost like politicians.  I've got some politics in me, and it

20  seems like they've taken -- like politicians will take the

21  opponents' positions, re-characterize it, and then break it

22  down.  I think that's what they've done here, the debtors'

23  counsel's done here to Ms. Breitenbecher's claim.  They've re-

24  characterized the claim as a breach of contract claim and then

25  said, well, that's pre-petition.

**J&J COURT TRANSCRIBERS, INC.**

1          Your Honor, Ms. Breitenbecher's administrative  claim

2    is not breach of contract.  It is for her services post-

3    petition.  There's no question that she worked from date of

4    petition until about April 17th, I believe.  Her claim is based

5    on the value of those services.  The contracts, the retention

6    award, and the employment agreement certainly are evidence to

7    support the claim, but the basis of the claim is not breach of

8    the employment contract nor is it breach of the retention

9    agreement.

10          The administrative claim is based on the value of her

11    services post-petition.  It's clearly a post-petition claim.

12    We believe that in <u>Hechinger</u> and <u>Lason</u> that the Court had

13    similar situations.  There was a stay-on benefit and a

14    retention award, and in that case the Court did find that that

15    is part of the value of their benefits and payments and

16    prorated the amounts over the time.  I do believe that there

17    should be a proration of the retention agreement here, and I

18    think it's easy enough to do.

19          You can -- Ms. Breitenbecher's retention award was

20    for $600,000 for three years.  The -- it vested at three

21    different points.  In the first year it vested at 50 percent,

22    second year it was 33 percent, third  year at 17 percent.  The

23    cleanest way, mind, Your Honor, to prorate this is to take

24    $600,000 over the three years.  You take 600 and divide by 195

25    days.  The 195 days is three years.  That equals $547.95 per

1  day, and my -- I believe that she is due 158 days' worth of

2  that.  The bankruptcy petition was November 10th, 2008.  She

3  worked until April 17, 2009, which is 158 days.  The simple

4  math is 158 times the daily accrual of $547.95.  That's

5  $86,576.  So again my point, Your Honor, is that that is part

6  of the value of her wages and services.

7          She did receive the base salary during the period she

8  was there.  There's no question about that.  I would argue that

9  the way she was paid supports my position she had an employment

10  agreement that said the base salary was $290,000, I believe,

11  per year.  Well, she didn't receive the 290,000 in the post-

12  petition period.  She received a pro-rata, essentially part of

13  it, her regular wages and salaries as they came due, which

14  makes sense.

15          So the issue again, Your Honor, in my mind, is the

16  value of her services post-petition and that she's entitled to

17  an administrative claim pursuant to 503(b)(1)A.  I do also

18  believe that she's entitled to the 507(a)(4) claim, which is

19  the 180 days prior to the bankruptcy petition.  That, too, you

20  can do the same type of math.  The math makes it well over the

21  $10,950.  I understand she's capped at that, but I believe this

22  claim should be allowed in an administrative amount of the

23  $86,576, and then a 507(a)(4) claim for the 10,950.  The

24  balance of the claim is a general unsecured claim.

25          THE COURT:  Well, as far as the retention agreement

1   is concerned, aren't creditors at the front end of the case

2   entitled to know whether these agreements exist and isn't that

3   why we get Court approval for these kinds of agreements, so

4   that everybody knows what they are?  I mean, otherwise, we have

5   these kinds of situations arise, you know, where -- you know,

6   after the fact, at the end of the day, you know, when the

7   creditors didn't know that these amounts were accruing and

8   such.  You know, people come in and make these huge

9   administrative claims, which, you know, if the creditors knew

10  that were being incurred, they could've objected to right at

11  the front end of the case.

12       MR. GRAY:  Well, I believe it, Your Honor.  I believe

13  all creditors in a Chapter 11, in particular, certainly

14  understand that there's a cost of doing business, and that's

15  what this is.  And the same argument could be -- that Your

16  Honor made could be made for every single expense of a -- of

17  the business post-petition.  Certainly, there were -- she was

18  well paid.  She was a Senior Vice President.  There's no

19  question about it.

20       But in the context of that business and employees at

21  her level, she was paid what was the going rate, and the issue

22  still is what's the value of those services and the benefit to

23  the corporation.  And my point is that just her base salary is

24  not that, not it, not solely it.  And again I want to make sure

25  the Court understands that this is not a breach of contract

1  claim.  It's for the post-petition amount of her services.

2            THE COURT:  Well, I understand.  And now how is this

3  different from the ruling that I made on the 56th omnibus

4  objection?

5            MR. GRAY:  Well, Your Honor, factually, the two

6  claims are different.  The admin claim previously did have a

7  lot more to it, the employment agreement, et cetera.  This one

8  I do believe is cleaner and what we're coming back to is the

9  retention award -- a pro-rate part of the retention award.

10           Your Honor, I -- at the end of all that argument --

11  on the argument on the second day, in particular, that got off

12  into a lot of very interesting things, I do think of whether

13  this is an executory contract or not, et cetera, I thought that

14  got off a little bit, because in my mind it just doesn't matter

15  whether it's executory or not.  The contract itself is evidence

16  of what our claim is not the claim itself.

17           So I -- I'm arguing here that -- and so going back to

18  that, the previous one, I wasn't sure that the Court understood

19  that Ms. Breitenbecher's claim is not breach of contract,

20  breach of retention awards, and here I want -- for the record I

21  may perhaps just make sure that it's understood that Ms.

22  Breitenbecher's admin claim is for the value of her services

23  post-petition.

24           THE COURT:  All right.  I understand your position.

25           MR. GRAY:  Thank you, Your Honor.


**J&J COURT TRANSCRIBERS, INC.**

1          MR. FREDERICKS:  Good morning again, Your Honor.  I

2    don't know how much, if anything, Your Honor wants to hear.  I

3    would incorporate the arguments that we made with respect to

4    the 56th omni.  I'd point out for Mr. Gray's benefit, because

5    I'm not sure that he was at the last hearing, that the

6    507(a)(4) stuff you -- has been -- there was no ruling on that.

7          THE COURT:  There was no ruling, no.

8          MR. FREDERICKS:  And so all that, you know, will be -

9    -

10         THE COURT:  It's preserved for everybody.

11         MR. FREDERICKS:  Exactly.  So there's no issue there.

12   On the retention bonus I'd point out a couple things just real

13   quick.  The 5-0 -- there's still 503© out there.  This is

14   clearly a retention bonus.  You heard that.  She was a Senior

15   Vice President.  There's a question -- I would imagine that

16   would make her an insider.  I don't know whether or not she was

17   included in the post-petition -- the post-petition incentive --

18   wind down and incentive claim.  I do not believe she was.  So

19   there is an issue of whether even if it was a retention bonus,

20   even if it could be an administrative claim, that 503© says she

21   can't get it.

22         And then finally I'd say that we don't believe that

23   the retention bonus was, as we've previously said, a part of

24   her wages -- wages, salaries under 503.  We think it was

25   something in addition to that, and the reasonable value of her

**J&J COURT TRANSCRIBERS, INC.**

1  services she was paid for.  At any given time she could've left

2  the company or the debtors could have fired her at which point

3  she would have had no entitlement to the retention bonus.  So

4  we don't think it's actually the reasonable value of her

5  services.  Unless Your Honor has any questions, again we just

6  incorporate what we said with respect to the 56th omni.

7            THE COURT:  Thank you.

8            MR. FREDERICKS:  Thank you, Your Honor.

9            THE COURT:  Does any other party wish to be heard in

10 connection with the claim of Kelly Breitenbecher?

11                     (No verbal response)

12           THE COURT:  All right.  The Court has before it the

13 debtors' 58th omnibus objection to claims and the response of

14 Kelly Breitenbecher.  The Court, consistent with its ruling at

15 the 56th omnibus objection, is going to deny the administrative

16 claim.  I -- for the same reasons that I espoused it at that

17 time.  I think that the value of the services that Ms.

18 Breitenbecher provided were the base wages that she was paid in

19 periodic sums throughout.  Any retention bonus would had to

20 have been approved by this Court.  It was not, and so the Court

21 finds that to be unreasonable.  The -- and the fact that she

22 was a Senior Vice President I certainly think would put her

23 into the insider category and prohibit that kind of a payment

24 under 503(c).

25           So for those reasons the Court's going to deny the

1  administrative claim.  The Court is not ruling on any

2  entitlement to a priority claim under Section 507 consistent

3  with what I'd said the last time.  She may pursue that claim,

4  and the debtors' rights to object are preserved as well.

5         MR. FREDERICKS:  Thank you, Your Honor.  I believe

6  that leaves Mr. Wimmer's claim.  I don't know if Mr. Mueller

7  has anything.

8         MR. MUELLER:  Good after -- good morning, Your Honor.

9  Mike Mueller on behalf of Mr. Wimmer.  Your ruling is perfectly

10  clear, and I -- in all due respect to this Court and being

11  candid with the Court, I believe it would be equally applicable

12  to Mr. Wimmer, so I have nothing further to add.

13         THE COURT:  All right.  Thank you, Mr. --

14         MR. MUELLER:  Thank you.

15         THE COURT:  -- Mueller.  And so the Court's ruling

16  then with regard to the debtors 58th omnibus objection to the

17  claim of Mr. Wimmer and Mr. Wimmer's response will be

18  consistent with the ruling that the Court has just made with

19  regard to Ms. Breitenbecher.

20         MR. FREDERICKS:  Thank you, Your Honor.  We'll submit

21  proposed forms of order, and for Mr. Wimmer and Ms.

22  Breitenbecher, it'll be along the lines of what was submitted

23  on the omni 56.

24         THE COURT:  All right.  That would be fine.

25         MR. FREDERICKS:  I believe that concludes the agenda.


**J&J COURT TRANSCRIBERS, INC.**

1  And unless Your Honor has any questions --

2          THE COURT:  We have nothing -- no other business in

3  Circuit City today?

4          MR. FREDERICKS:  No, Your Honor, not from the

5  debtors.

6          THE COURT:  Okay.  Very good.  Thank you, all.

7          MR. FREDERICKS:  Thank you, Your Honor.

8          THE CLERK:  All rise.  Court is now adjourned.

9                      *  *  *  *  *

10                **C E R T I F I C A T I O N**

11          I, PATRICIA C. REPKO, court approved transcriber,

12  certify that the foregoing is a correct transcript from the

13  official electronic sound recording of the proceedings in the

14  above-entitled matter, and to the best of my ability.

15

16  /s/ Patricia C. Repko            DATE:  April 20, 2010

17  PATRICIA C. REPKO

18  J&J COURT TRANSCRIBERS, INC.

19

20

21

22

23

24

25

**J&J COURT TRANSCRIBERS, INC.**