Gregg M. Galardi, Esq.                Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.               Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

            - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
Circuit City Stores, Inc.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
         Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' PRELIMINARY OBJECTION TO MOTION OF ARCHOS, INC.
FOR RECONSIDERATION OF THE COURT'S ORDERS ON THE
DEBTORS' FORTY-EIGHTH OMNIBUS OBJECTION**

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors")[1] hereby submit this objection (the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
*(cont'd)*

"Objection") on a preliminary basis to the motion of Archos, Inc. ("Archos" or "Movant") for reconsideration of the Court's orders on Debtors' forty-eighth omnibus objection (the "Reconsideration Motion").[2]  In support of the Objection, the Debtors respectfully represent as follows:

**BACKGROUND**

**A.    The Bankruptcy Cases.**

　　　　1.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

*(cont'd from previous page)*
Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

[2]  Each capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Omnibus Objection (as defined herein).

2

2. The Debtors continue as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

4. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going-out-of-business sales at the Debtors' remaining stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going-out-of-business sales at the Debtors' remaining stores pursuant to the Agency Agreement. As of on or about March 8, 2009, the going-out-of-business sales concluded.

5. On September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its

Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan").

6. The associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, and confirmation of the Plan is currently scheduled for May 11, 2010.

7. Generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code.

**B. The 503(b)(9) Claim.**

8. Prior to and after the Petition Date, the Debtors and Movant engaged in business in the ordinary course wherein the Debtors purchased certain products (the "Product") from Movant for sale in the Debtors' retail stores.

9. On December 1, 2008, Movant filed proof of claim number 441 against the Debtors' bankruptcy estates pursuant to Bankruptcy Code section 503(b)(9) (the "503(b)(9) Claim"). Therein, Movant alleged that it shipped in the ordinary course of business $278,250

4

worth of Product to the Debtors within the twenty (20) days before the Petition Date.

  10. On December 16, 2009, the 503(b)(9) Claim was transferred to ASM Capital III, L.P. ("ASM") (D.I. 6099) (the "Claim Transfer").

**C. The Omnibus Objection and the Hearing.**

  11. On October 13, 2009, the Debtors filed the Debtors' Forty-Eighth Omnibus Objection to Certain Administrative Expenses and 503(b)(9) Claims and Motion for (I) Authority to Setoff Against Such Expenses and Claims and (II) A Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference (D.I. 5211) (the "Omnibus Objection").

  12. As set forth in the Omnibus Objection, Circuit City Stores, Inc. ("Circuit City") alleged that it became entitled to certain pre- and post-petition amounts, including receivables, charge-backs, returns, and other amounts (the "Receivables"), which Receivables were due and owing to Circuit City by various Claimants, including the Movant, but for which Circuit City had not received payment. The Debtors sought entry of an order authorizing them to setoff the Receivables against the

administrative expenses, including section 503(b)(9) claims, before any general unsecured claims.  Moreover, to the extent any Receivables remained after setoff, the Debtors specifically reserved their right to obtain payment of such Receivables or offset the Receivables against other claims filed by the claimants subject to the Omnibus Objection.  See Omnibus Objection, at ¶ 21.

13.  If any Claimant failed to timely file and properly serve a response to the Omnibus Objection on or before November 4, 2009 at 4:00 p.m. (ET), the Debtors requested that the Court enter an order setting off the Receivables.  See Omnibus Objection, at ¶ 25.  Specifically, as the Omnibus Objection pertained to the Movant, the Debtors alleged that the Movant owed Circuit City pre- and post-petition Receivables totaling $343,356.67.  The Debtors sought to setoff certain of the Receivables against Movant's section 503(b)(9) Claim.  After setoff, Receivables in the amount of $65,106.67 would remain due, owing, and payable by Movant to Circuit City.

14.  On October 13, 2009, the court-appointed claims agent, Kurtzman Carson Consultants ("KCC"),

served the Movant with the Omnibus Objection via overnight mail at 7951 E. Maplewood Ave., Suite 260, Greenwood Village, CO 80111, which is the address Movant listed on the 503(b)(9) Claim. See Affidavit of Service of Isidro N. Panizales re: Documents Served on October 13, 2009 (D.I. 5359).

15. Various Claimants filed responses to the Omnibus Objection asserting that the Omnibus Objection should be overruled on a number of procedural and substantive grounds. Movant, however, did not file a response to the Omnibus Objection.

16. Thereafter, on November 12, 2009, this Court held a hearing (the "Hearing") to consider, in part, the relief requested by the Debtors in the Omnibus Objection and heard oral argument from counsel to various creditors. At the conclusion of the Hearing, this Court sustained the Omnibus Objection.

**D.    The Memorandum Opinion and Orders.**

17. On December 3, 2009, the Court issued its Memorandum Opinion (Docket No. 5963) (the "Opinion") and Order (Docket No. 5964) (the "Order") with respect to the Debtors' Forty-Eighth, Forty-Ninth and Fiftieth

Omnibus Objections to Claims.  Pursuant to the Court's Order, the Debtors were authorized to setoff all of their pre- and/or post-petition Receivables against administrative expenses, including claims arising under Bankruptcy Code section 503(b)(9), before setting off against any general unsecured claims.

18.  On December 18, 2009, this Court entered the Supplemental Order on Debtors' Forty-Eighth Omnibus Objection to Certain Administrative Expenses and 503(b)(9) Claims and Motion for (I) Authority to Setoff Against Such Expenses and Claims and (II) a Waiver of the Requirement that the First Hearing on Any Response Proceed as a Status Conference (D.I. 6125) (the "First Supplemental Order", and together with the Order, the "Orders").  Therein, the Court, among other things, ordered the relief sought by the Debtors against the Movant.  More particularly, because the Movant failed to respond to the Omnibus Objection, the Movant was deemed to have consented to the relief sought and the Debtors' Receivables were setoff against the Movant's 503(b)(9) Claim.  After setoff, the 503(b)(9) Claim was reduced to

$0, and the Debtors' Receivables were reduced to $65,106.67.

19. The Court also ordered that, to the extent any Receivable remained after the offsets contemplated by the Omnibus Objection were effectuated, the Debtors' rights to obtain payment of any remaining Receivable, or to offset the Receivable against other claims filed by the Claimants, were not waived and were expressly reserved.  <u>See</u> First Supplemental Order, at ¶ 10.

20. On December 28, 2009, KCC served ASM with the First Supplemental Order via overnight mail at 7600 Jericho Turnpike, Suite 302, Woodbury, NY  11797, which is the address listed on the Claim Transfer.  <u>See</u> Affidavit of Service of Isidro N. Panizales re: Documents Served on December 28, 2009 (D.I. 6220).

21. Neither ASM nor Archos timely appealed the First Supplemental Order.

**E.    The Reconsideration Motion.**

22. On April 2, 2010 -- nearly four months after the First Supplemental Order was docketed, the Movant filed its Reconsideration Motion.  Therein,

Movant requests reconsideration of the Orders pursuant to Federal Rule of Bankruptcy Procedure 3008 (the "Bankruptcy Rules") because it disputes the amount of the Debtors' Receivables as reflected on Exhibit A to the First Supplemental Order.  The Movant alleges that it credited the Debtors with certain of the Receivables when calculating the value of its 503(b)(9) Claim.  As such, Movant argues that Debtors' claimed Receivables are inaccurate, and that it should be permitted to engage in a reconciliation with the Debtors to calculate the correct amount of the Receivables to be setoff from the Movant's 503(b)(9) Claim.

        23.  Moreover, the Movant contends that reconsideration of the Orders is warranted pursuant to Bankruptcy Rule 9024, which incorporates Federal Rule of Civil Procedure 60, on the basis of excusable neglect.  More precisely, Movant contends that it executed an assignment of its 503(b)(9) Claim to ASM on or around September 29, 2009.  As such, Movant argues that it did not file a response to the Omnibus Objection because it believed that it no longer held the 503(b)(9) Claim.

24. Additionally, the Movant argues that the Notice of Debtors' Forty-Eighth Omnibus Objection to Certain Administrative Expenses and 503(b)(9) Claims (the "Notice") was defective.  Specifically, Movant alleges that the Notice did not expressly state that the Debtors' reserved the right to collect any Receivables remaining from the Movant after the setoffs were effectuated against Movant's 503(b)(9) Claim.  The Movant contends that this alleged defect also constitutes grounds for reconsideration of the Orders.

**PRELIMINARY OBJECTION**

25. Whether evaluated under Bankruptcy Code section 502(j) and Bankruptcy Rule 3008 or Bankruptcy Rule 9024, which incorporates Rule 60(b) of the Federal Rules of Civil Procedure (the "Civil Rules"), the Motion raises significant factual and legal issues that must be analyzed under the standard articulated by the Supreme Court in <u>Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'Ship</u>.  The Debtors submit that these factual and legal issues should not be resolved absent appropriate discovery.  Indeed, without discovery, the Debtors are unable to determine whether Movant has presented a valid

basis for its Reconsideration Motion.  Accordingly, the Debtors respectfully submit that the Court should delay resolution of the Reconsideration Motion until the Debtors have had the opportunity to engage in discovery with Movant and ASM and fully brief the issues raised therein.

## I.     MOVANT MUST SATISFY THE PIONEER STANDARD FOR EXCUSABLE NEGLECT.

26.  A motion to reconsider the allowance or disallowance of a claim pursuant to Bankruptcy Rule 3008 filed more than ten days after the order allowing or disallowing the claim "'is properly treated as a motion to vacate pursuant to Fed. R. Civ. P. 60(b), made applicable by Fed. R. Bankr. P. 9024.'"  In re Shabazz, 206 B.R. 116, 122 (Bankr. E.D. Va. 1996) (quoting United States v. Levoy (In re Levoy), 182 B.R. 827, 832 (9th Cir. B.A.P. 1995)).  Under Civil Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. Pro. 60(b).  Here, the Movant argues that its

failure to respond to the Debtors' Omnibus Objection resulted from excusable neglect.

27. In Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship, 507 U.S. 380 (1993), the Supreme Court established a two-part test to determine whether a claimant's failure to act in accordance with the filing deadline was due to "excusable neglect." Id., at 395. Under the Pioneer framework, a court must first determine whether the claimant's failure to file in a timely manner was the result of neglect. See id., at 394; Export Development Canada v. Circuit City Stores, Inc., 08-35653 (KRH) (Bankr. E.D. Va. Feb. 2, 2010); see also Huennekens v. Marx (In re Springfield Contracting Corp.), 156 B.R. 761, 765 (Bankr. E.D. Va. 1993) (holding that the Supreme Court had established a two-part inquiry for determining whether a party's failure to act was due to "excusable neglect," the first question being whether the failure to act was due to neglect). If the court determines that the claimant's failure to timely file was the result of neglect, the claimant bears the ultimate burden of proving that its neglect was "excusable." See id., at 395.

28.  "'Excusable neglect' is not easily demonstrated, nor was it intended to be." Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996).  To determine whether neglect is excusable, a court should evaluate all relevant circumstances surrounding the party's failure to timely file.  Pioneer, 507 U.S. at 395; see also Springfield Contracting, 156 B.R. at 766.  These circumstances include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  Id.  The inquiry is necessarily fact intensive, involving an examination of the facts and circumstances surrounding the creditor's failure to timely file.  In re Cendant Corp. Prides Litigation, 233 F.3d 188, 196 (3d Cir. 2000) (finding that the court must consider the totality of the circumstances in determining whether there is excusable neglect); In re XO Communications, Inc., 301 B.R. 782, 796 (Bankr. S.D.N.Y. 2003) (citations omitted) ("[C]ourts are to

look for a synergy of several factors . . ." in evaluating excusable neglect).

29. The factual information provided by the Movant in its Reconsideration Motion is insufficient for the Debtors to determine whether the <u>Pioneer</u> standard has been satisfied. Accordingly, discovery is necessary.

**II. RESOLUTION OF THE RECONSIDERATION MOTION IS PREMATURE AND SHOULD AWAIT FURTHER DISCOVERY AND BRIEFING OF THE ISSUES.**

30. The Reconsideration Motion is premature because discovery is required regarding the facts and circumstances surrounding the failure to file a response to the Omnibus Objection. Moreover, briefing is required in the event the Debtors believe that the Movant did not satisfy the "excusable neglect" standard.

31. In this case, the Movant asserts that it did not believe that it needed to respond to the Omnibus Objection because it assigned the 503(b)(9) claim to ASM on September 29, 2009. ASM did not file the Claim Transfer with the Bankruptcy Court until December 16, 2009. Moreover, the Movant asserts that it did not realize filing a response to the Omnibus Objection was

15

necessary until it received the First Supplemental Order reducing the 503(b)(9) Claim to $0.

32. At this point, the Debtors do not have sufficient information to determine whether the Movant is capable of satisfying the excusable neglect standard, such that Movant's failure to timely file a response to the Omnibus Objection should be excused. The Debtors believe that such a determination will require discovery, including discovery from ASM. In particular, discovery is needed concerning (without limitation) (i) the danger of prejudice to the Debtors' estates, (ii) the impact of the delay on the chapter 11 cases, (iii) the reason for Movant's delay in filing a response to the Omnibus Objection, (iv) whether Movant acted in good faith (v) Movant's alleged efforts to determine whether filing a response to the Omnibus Objection was necessary; (vi) ASM's alleged efforts to determine whether filing a response to the Omnibus Objection was necessary, (vii) the circumstances surrounding the filing of the Claim Transfer, particularly with regard to the events occurring between the execution of the assignment of claim and the filing of the Claim Transfer with this

Court; and (viii) why Movant waited approximately four months after the First Supplemental Order was entered before moving for reconsideration of the Orders.

33. If, after reasonable discovery, the Debtors believe that the Movant has not demonstrated "excusable neglect," the Debtors submit that it will be necessary to further brief the issue for the Court.

34. Accordingly, the Debtors request that the Court set an appropriate discovery and briefing schedule to enable the parties to fully present the issue to the Court.

## RESERVATION OF RIGHTS

35. The Debtors reserve any and all rights with respect to the Reconsideration Motion, including, without limitation, any and all legal and equitable rights, remedies and arguments with respect thereto. Without limiting the generality of the foregoing, the Debtors reserve the right to contest any and all factual and legal issues raised by or in the Reconsideration Motion or during discovery. Nothing herein shall be deemed a waiver of any of Debtors' legal or equitable rights, remedies or arguments.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court defer the Motion, set discovery and briefing schedules, and grant the Debtors such other and further relief as is just and proper.

Dated: April 21, 2010  SKADDEN, ARPS, SLATE, MEAGHER &
Richmond, Virginia     FLOM, LLP
                       Gregg M. Galardi, Esq.
                       Ian S. Fredericks, Esq.
                       P.O. Box 636
                       Wilmington, Delaware 19899-0636
                       (302) 651-3000

                       - and –

                       SKADDEN, ARPS, SLATE, MEAGHER &
                       FLOM, LLP
                       Chris L. Dickerson, Esq.
                       155 North Wacker Drive
                       Chicago, Illinois 60606
                       (312) 407-0700

                       - and –

                       MCGUIREWOODS LLP

                       /s/ Douglas M. Foley         .
                       Douglas Foley (VSB No. 34364)
                       Sarah B. Boehm (VSB No. 45201)
                       One James Center
                       901 E. Cary Street
                       Richmond, Virginia 23219
                       (804) 775-1000

                       Counsel for Debtors and Debtors
                       in Possession