## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re:                                     *

**CIRCUIT CITY STORES, INC., et al.,**     *        **Case No: 08-35653-KRH**
                                                    **Chapter 11**

      **Debtors,**                  *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### CLAIMANT MARLON MONDRAGON'S MOTION FOR RECONSIDERATION AND TO PERMIT THE FILING OF A CLASS PROOF OF CLAIM WITH SUPPORTING MEMORANDUM

Claimant Marlon Mondragon ("Claimant" or "Movant""), by and through his undersigned attorneys, and pursuant to Rules, 9024, 7023 and 9014 of the Federal Rules of Bankruptcy Procedure, files this Motion seeking entry of an order for reconsideration of the August 20, 2009 Order disallowing Movant's claim and, upon reconsideration, allowing Movant's claim.  The grounds for the Motion are as follows:

1.      The Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334.

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are, *inter alia*, §§ 105, 361 and 362(d)(1) of the Bankruptcy Code, and Bankruptcy Rules 4001 and 9014.

### Parties

4.      On November 10, 2008 (the "Petition Date"), the Debtor and related entities (collectively, the ("Debtor") filed Petitions under Chapter 11 of the Bankruptcy Code.

1

5.      The Debtor is in possession of its assets and is acting as a "debtor-in-possession" under 11 U.S.C. § 1107.

6.      The Movant was an employee of Circuit City at its retail outlet located in the Palisades Mall, West Nyack, New York.  Other members of the Class he seeks to represent were also employed by Circuit City at one of the facilities closed by Circuit City in or about after November 2, 2008, resulting in a mass layoff of said employees. The Movant seeks to be the class representative of a putative class of former employees of the Debtor who worked at closed facilities with more than 50 employees.

### The Litigation

7.      Plaintiff brings this action on his own behalf and, pursuant to Rules 23 (a) and (b) (3) of the Fed. R. Civ. P. and the WARN Act, 29 U.S.C.  § 2104 (a) (5), on behalf of a Class consisting of himself and all other non-union employees of Circuit City who were terminated by Circuit City on various dates on and after November 2, 2008.

8.      Plaintiff and such other class members were managers, assistant managers and other employees at one of Circuit City's approximately 150 stores (the "Stores" or "Stores and Related Facilities"), until their termination approximately on and/or after November 2, 2008 without cause on his or her part and are each "affected employees" within the meaning of 29 U.S.C. 52101(a)(5).

9.      Mondragon timely filed a proof of claim for post-petition, unpaid compensation and/or damages as required by the Workers Adjustment and Notification Act, 29 U.S.C. 2102 *et seq.* (the "WARN Act").  The WARN Act Claimants believe the claim to be a post-petition claim and/or pre-petition priority wage claim.

10.     The WARN Act requires that employers provide employees adequate

2

notice of mass layoffs and store closings or adequate remuneration in lieu thereof. it is submitted that Defendant Circuit City Stores, Inc. ("Circuit City") failed to provide notice or compensation as required by the Workers Adjustment and Notification Act, 29 U.S.C. 2102 *et seq.* (the "WARN Act"), when it implemented mass layoffs and store closings, post-petition and/or for pre-petition wages.

11.     In this action Defendant terminated Plaintiff and the members of the putative class *after* it filed its bankruptcy petition, failing to give either adequate notice of termination or adequate remuneration in lieu thereof. Accordingly, the Plaintiff's WARN Act claim vested upon termination when the employer failed to provided proper notice or pay the required wages in lieu thereof. The Plaintiff seeks to vindicate his rights, and those of the members of the class he seeks to represent, under the WARN Act.

12.     At all times relevant, Circuit City, had more than 100 full-time employees within the United States.

13.     Upon and information and belief, at the time of closure, the Circuit City retail outlet located in the Palisades Mall, West Nyack, New York had 50 or more employees.

14.     Upon and information and belief, at the time of closure, the Circuit City retail outlet located in the Hialeah, Florida had 50 or more employees.

15.     Upon and information and belief, at the time of closure, the Circuit City retail outlet located in the Jackson, Michigan had 50 or more employees.

16.     Upon and information and belief, at the time of closure, the Circuit City retail outlet located in or about Atlanta, Georgia (store 03222) had 50 or more employees.

17. Upon and information and belief, at the time of closure, the Circuit City retail outlet located in the Memphis, Tennessee (store 0871) had 50 or more employees.

18. Upon and information and belief, at the time of closure, the Circuit City retail outlet located in the Sparks, Nevada had 50 or more employees.

19. Upon and information and belief, at the time of closure, the Circuit City retail outlet located in the Toledo, Ohio had 50 or more employees.

20. Upon and information and belief, at the time of closure, Circuit City's corporate headquarters located in Richmond, Virginia had 50 or more employees.

21. Upon and information and belief, at the time of closure, Circuit City had numerous additional locations with 50 or more employees.

22. Plaintiff and the other members of the Class were non-union employees of Circuit City.

23. Plaintiff and the Class were discharged without cause.

24. Plaintiff and the Class did not receive from Circuit City prior to their termination the statutorily required sixty (60) days notice of the mass lay off or termination in violation of the WARN Act.

25. Circuit City was required by the WARN Act to provide Plaintiff and the Class at least 60 days prior written notice of their termination or to give each of them a written statement as soon as practicable explaining why a notice of their termination had not been given at least 60 days before their termination.

26. Circuit City failed to give Plaintiff and the other Class members prior written notice, as required by the WARN Act, stating: (a) whether the planned action of Circuit City was expected to be permanent or temporary, and, if an entire Store or facility

4

was to be closed, a statement to that effect; (b) the expected date when the mass layoff
would commence and the expected date when each plaintiff would be separated; (c) an
indication whether or not bumping rights exist; and (d) the name and telephone number
of a Circuit City official to contact for further information.

27.     Circuit City failed to give, as soon as practicable to Plaintiff and the other
Class members, a statement explaining why Circuit City failed to give at least 60 days
prior notice, as required by the WARN Act.

28.     Circuit City failed to pay Plaintiff and the other members of the Class their
respective wages, salary, commissions, bonuses, accrued holiday pay and accrued
vacation for sixty (60) work days following their respective terminations and failed to
make the pension and 401(k) contributions and provide the health insurance coverage and
other employee benefits under ERISA in respect to them for sixty (60) calendar days
from and after the dates of their respective terminations.

29.     The proposed Class is comprised of employees of Circuit City who were
terminated by Circuit City as a result of the mass layoff put into effect by Circuit City in
or about after November 2, 2008.

30.     The Debtor filed a Motion for Order Pursuant to Bankruptcy Code
Sections 105(a), 363, 507(a), 541, 1107(a) and 1108 and Bankruptcy Rule 6003
Authorizing Debtors to Pay Prepetition Wages, Compensation and Employee Benefits
(the "Motion").

31.     By and Order entered on November 10, 2008, the Bankruptcy Court
granted the Debtor's Motion authorizing the Debtors to pay various prepetition wages
compensation and employee benefits on a final basis when such payments became due,

other than the WARN Act payments to terminated employees in the estimated amount of $8 to $10 million. The WARN Act payments were approved on an interim basis, subject to further objection.

32.     On November 26, 2008, the Official Committee of Creditors Holding Unsecured Claims (the "Committee") objected to payment of any alleged WARN Act claims, contending that "[s]uch payments are premature and not appropriate at this early juncture of the case when the Debtors liquidity and prospects for reorganization are being examined and funds are critically needed for ongoing operations and restructuring efforts."

33.     Upon information and belief, Debtors have not made any payments to WARN Employees.

## The Within Motion is Timely

34.     Movant timely filed a proof of claim on January 30, 2009, which was designated Claim No. 8381. (A copy of the Movant's Proof of Claim is annexed hereto as Exhibit A).

35.     The Movant at all relevant times sought to pursue his claim as a class action. The Movant, on behalf of himself and all others similarly situated, filed a Class Action Adversary Proceeding Complaint, on March 17, 2009. A Second Amended Class Action Adversary Proceeding Complaint was filed on July 8, 2009.

36.     On October 8, 2009, the Court entered an Order disallowing Mondragon's claim for wages and compensation ("Order on Thirtieth Omnibus Objection"). *See* Order on Debtors' Thirtieth Omnibus Objection To Claims (Disallowance of Certain Claims For Wages and Compensation). At the time, Mondragon had his Adversary Proceeding

6

Complaint pending.  In addition, the perfunctory argument of the Debtor objecting to

Mondragon's claim did not actually address or raise the issue of WARN Act pay and

simply stated:

> "The Debtors have reviewed and analyzed the claims, the accompanying
> documentation and their books and records do not show any current or
> outstanding liability owing to the former employees asserting the claims.  The
> claims have either been paid or the asserted liabilities are invalid.  There is
> currently no outstanding payroll or other obligation owing to former employees
> asserting the claims on Exhibit C."  (See Paragraph 13 of "Debtors Thirteenth
> Omnibus Objection to Claims") dated August 20, 2009.

No mention of the WARN Act claims or the Complaint of Mr. Mondragon were

even mentioned by the Debtor's counsel despite the fact they were well aware of the

claim.  In addition, it is unclear if the sole basis for the objection was the fact that the

claim was listed as a "Priority" claim on the schedule shown.  Mr. Mondragon did not

submit any papers opposing the Thirtieth Omnibus Objection at the time, as he had an

Adversary Proceeding pending.

37.    Thereafter, the Debtor moved to dismiss the Amended Adversary

Proceeding on August 24, 2009.

38.    On January 7, 2010, the Court granted Debtor's motion to dismiss the

Adversary Proceeding stating that:

> [T]he Plaintiff's claim should properly be administered
> through the bankruptcy claims resolution procedure and
> should not go forward as an adversary proceeding.
> Accordingly, the adversary proceeding commenced by
> Plaintiff will be dismissed; however, ***Plaintiff will be
> permitted to pursue his claim under part three of the
> Federal Rules of Bankruptcy Procedure.***

Court Order (emphasis added).

39.     The order of dismissal specifically permitted the Movant "to pursue his claim under part three of the Federal Rules of Bankruptcy Procedure" (Order at p. 2), which necessitates the reconsideration and allowance of Movant's claim.

40.     Circuit City will not suffer any prejudice if the Movant is allowed to file a class claim.  A copy of the [Proposed] Class Proof of Claim, which claimant would file if authorized by the Court, is annexed hereto as Exhibit "A."


**The Standard**

41.     Accordingly, it is respectfully requested that reconsideration be granted of the Order on Thirtieth  Omnibus Objections which granted the objection to Mondragon's claim.  Motions for reconsideration of interlocutory orders are "not subject to the strict standards applicable to motions for reconsideration of a final judgment," but are instead committed to the discretion of the court." *Am. Canoe Ass'n. v. Murphy Farms, Inc.,* 326 F.3d 505, 514-515 (4th Cir. 2003) (citing 12 Moore's Federal Practice § 60.23) ("Rule 60(b) does not govern relief from interlocutory orders...."). The strict standards of Rule 60(b) are not applicable because a district court retains the power to reconsider and modify its interlocutory judgments at any time prior to final judgment when such is warranted. *See Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462, 1469 (4th Cir.1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment.").

42.     The power to reconsider is committed to the discretion of the district court, *see Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (noting that "every order short of a final decree is subject to

reopening at the discretion of the district judge"), and doctrines such as law of the case, which is what the district court apparently relied on in this case, have evolved as a means of guiding that discretion, *see Sejman v. Warner-Lambert Co., Inc.,* 845 F.2d 66, 69 (4th Cir.1988) (noting that earlier decisions of a court become law of the case and must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." (internal quotation marks omitted)). *American Canoe Ass'n v. Murphy Farms, Inc.* 326 F.3d 505, 514 -515 (4th Cir. 2003).

43.     In exercise of its inherent equitable powers, bankruptcy court has authority to modify or vacate its own interlocutory orders. *A&A A Sign Co. v Maughan*, 419 F.2d 1152 (9th Cir. 1969).

### Relief Requested

44.     Movant seeks the entry of an order, consistent with the Court's January 7, 2010 Order expressly permitting Mondragon to pursue his claim under part three of the Federal Rules of Bankruptcy Procedure, to reconsider the August 20, 2009 Order disallowing Mondragon's claim and upon reconsideration, allowing Mondragon's Class claim.  When considering this issue, Courts routinely permit a class of plaintiffs to file a single proof of claim.  See, e.g., Collier on Bankruptcy, § 10-7023 (15th Edition) (summarizing cases and stating that "the prevailing view" is for the allowance of class claims).  Courts have regularly held that the WARN Act is "particularly amenable to class litigation." *Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460, 465 (S.D.N.Y. 1989); *see also Grimmer v. Lord, Day & Lord*, 1996 WL 139649 (S.D.N.Y., Mar. 8

1966 )("[T]he WARN Act provisions lend themselves to class action because they

provide for limited recovery."); *New Orleans and Checkers Union Local 1497 v. Ryan-*

*Walsh, Inc.*, 1994 WL 72191, 9 IER Cases 391  (E.D. La 1994)("the instant proceeding, a

WARN action, falls squarely within the criteria for sanctioning a class."); *accord,  In re*

*Spring Ford Industries, Inc.*, 2004 Bankr. LEXIS 112 (Bankr. E.D. Pa. 2004)

("overwhelming majority view that [class proof of claims] are permissible in bankruptcy

case"); *In re American Reserve Corp.*, 840 F.2d 487, 493 (7th Cir.1988) ("It follows that

there may be class proofs of claims in bankruptcy.); *In re First Interregional Equity*

*Corp.*, 227 B.R. 358, 366 (Bankr.D.N.J.1998) (class certified); *In re Chateaugay Corp.*,

104 B.R. 626, 629 (S.D.N.Y.1989) (individual may file proof of claim in Chapter 11

bankruptcy proceeding on behalf of a class persons who have not filed individual proofs

of claim).


45.    The Class claim was not applicable until after the Court's ruling on the

Motion to Dismiss in the adversary proceeding.

46.    Movant has a proper claim pursuant to 11 U.S.C. § 502 for Allowance of

the individual and class claims, or interests with regard to seeking WARN Act pay.

47.    The process of determining allowance of claims is of basic importance to

administration of the bankruptcy estate. *In re Towner Petroleum Co.*, 48 B.R. 182 (W.D.

O.K. 1985).  In the exercise of its equitable jurisdiction, the bankruptcy court has the

power to sift the circumstances surrounding any claim to see that injustice or unfairness is

not done in administration of the bankrupt estate, and its duty so to do is especially clear

when the claim seeking allowance accrues to the benefit of an officer, director or

stockholder of a bankrupt corporation. *Pepper v. Litton*, 60 S.Ct. 238, 308 U.S. 295, 84 L.Ed. 281 (1939); *see, also, Goldie v. Cox,* 130 F.2d 695 (8th Cir. 1942).

      48.    The expressly-granted power to allow, disallow, and reconsider claims is of basic importance in administration of bankruptcy estate. *Katchen v. Landy*, 86 S.Ct. 467, 382 U.S. 323, 15 L.Ed.2d 391 (1966).

      WHEREFORE, the Movant requests an Order:

      (a)    Reconsidering the August 20, 2009 Order on Thirtieth Omnibus

             Objections disallowing Movant's claim;

      (b)    Upon reconsideration, allowing Movant's claim as a class claim; and

      (b)    Granting such other relief as this Court deems just proper.

Dated:  April 21, 2010                Respectfully submitted,

                            BUSMAN & BUSMAN, P.C.


                             /s/ Marc A. Busman
                            Marc A. Busman
                            P.O. Box 7514
                            Fairfax Station, VA 22039
                            703-503-8088
                            703-425-8487 (facsimile)

                            KANTROWITZ, GOLDHAMER
                            & GRAIFMAN, P.C.
                            Randy J. Perlmutter
                            Gary S. Graifman
                            747 Chestnut Ridge Road
                            Chestnut Ridge, NY 10977
                            Tel: (845) 356-2570
                            Fax: (845) 356-4335

                            MASON LLP
                            Gary E. Mason
                            Nicholas A. Migliaccio
                            1625 Massachusetts Ave., NW

Ste. 605
Washington, DC 20036
Tel: 202-429-2290
Fax: 202-429-2294

*Counsel for the Movants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April, 2010, a copy of the foregoing

Motion was filed and served via the Court's Electronic Case Filing System on all parties

receiving such notice.

/s/ Marc A. Busman
Counsel

# EXHIBIT A

B 10 (Official Form 10) (10/05)

PROPOSED CLASS

| UNITED STATES BANKRUPTCY COURT  EASTERN      DISTRICT OF  VIRGINIA | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>In re:  Circuit City Stores, Inc., at al. | Case Number<br>08-35653 |
|---|---|

NOTE:  This form should not be used to make a claim for an administrative expense arising after the commencement of the case.  A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Marlon Mondragon, indiv. & on behalf of class | □ Check box if you are aware that anyone else has filed a proof of claim relating to your claim.  Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent:<br>c/o Kantrowitz, Goldhamer & Graifman, P.C.<br>747 Chestnut Ridge Rd.<br>Chestnut Ridge, NY 10977<br>Telephone number:  (845) 356-2570 | □ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>□ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |

| Last four digits of account or other number by which creditor identifies debtor:   Claim 8381 | Check here  □ replaces<br>if this claim  □ amends       a previously filed claim, dated:_____ | |
|---|---|---|

**1. Basis for Claim**
□ Goods sold
□ Services performed
□ Money loaned

□ Personal injury/wrongful death
□ Taxes
□ Retiree benefits as defined in 11 U.S.C. § 1114(a)
□ Other_____

☑ Wages, salaries, and compensation (fill out below)  **See attached**
Last four digits of your SS #:
Unpaid compensation for services performed  **During last 60 days of employment**
From _____ to _____
(date)              (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Classification of Claim.**  Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time the case was filed.
See reverse side for important explanations.

Unsecured Nonpriority Claim  $       **2,000,000.00**

□ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority.

**Secured Claim**
□ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
□ Real Estate     □ Other_____
□ Motor Vehicle

Value of Collateral:  $_____

**Unsecured Priority Claim**
☑ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority  $       **2,000,000.00**

Specify the priority of the claim:

□ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

□ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____

□ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

□ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

□ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:**     $ **2,000,000***              **2,000,000**   **2,000,000.00**
                                                          (unsecured)        (secured)        (priority)        (total)

□ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.     **\*alternative to priority claim**

| | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| **6. Credits:**  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | |
| **7. Supporting Documents:**  Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS.  If the documents are not available, explain.  If the documents are voluminous, attach a summary. | |
| **8. Date-Stamped Copy:**  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | |

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>Gary S. Graifman, Esq. |
|---|---|

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

## ADDENDUM TO [PROPOSED] CLASS PROOF OF CLAIM

Note to Section No. 1 & 2:  The Wage Claim is made for WARN Act Notice for the last

60 days prior to severance of employment of claimant and the Class which is comprised of those

similarly situated former employees who, like claimant, were entitled to Warn Act Notice.

Note to Section No. 4:  The Claimant believes there are at least 8 locations which had 50

or more employees, as listed in the Second Amended Class Action Adversary Complaint

Supplemented with more Definite Statement, a copy of which is annexed hereto as Exhibit "1."

Thus, approximately 400 former employees exist with wage claims of on average approximately

$5000, upon which a claim is made herein.

Note to Section No. 5: Claimant asserts an unsecured nonpriority claim in the alternative

to the Priority Wage Claim asserted herein.

# EXHIBIT 1
# TO ADDENDUM–

# Copy of Second Amended Class Action Adversary Proceeding, Filed July 8, 2009

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re:

**CIRCUIT CITY STORES, INC.,**
**et al,**


               **Debtors**

-------------------------------------------------

**MARLON MONDRAGON, on behalf of**
**himself and all others similarly situated,**

            **Plaintiffs,**

      **-against-**

**Circuit City Stores, Inc., et al.,**

          **Defendant.**

- - - - - - - - - - - - - - - - - - - - - - - - - - X

In Proceedings For Reorganization
Under Chapter 11

Case No. 08-35653-KRH

Jointly Administered

Adv. Proc. No.: 09-03073 KRH

**SECOND AMENDED CLASS**
**ACTION ADVERSARY**
**COMPLAINT SUPPLEMENTED**
**WITH MORE DEFINITE**
**STATEMENT**

Plaintiff, Marlon Mondragon ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned counsel, as and for his Complaint against Circuit City Stores, Inc., et al ("Circuit City"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § § 157, 1331 and 1334 and 1337.

2.      This is a core proceeding pursuant to 28 U.S.C. § §157(b)(2)(A), (B) and (O).

1

3.    Venue is proper in this District pursuant to 28 U.S.C. §1409(a).

## JURISDICTION AND VENUE

4.    The named Plaintiff and the other members of the Class he seeks to represent

were employees of Circuit City who were terminated without cause as part of or as a result of,

mass layoffs at Circuit City's retail locations.  Circuit City violated the Worker Adjustment and

Notification Act, 29 U.S.C. §§2101 et seq. (the AWARN Act®) by failing to give Plaintiff and

the other members of the Class he seeks to represent at least 60 days prior notice of termination

as required by the WARN Act or a notice as soon as practicable explaining why at least 60 days

prior notice was not given.  As a consequence, Plaintiff and the other members of the Class he

seeks to represent are entitled to recover of Circuit City under the WARN Act their wages and

other employee benefits for 60 days following their termination, which wages and benefits have

not been paid.

## PARTIES

5.    Defendant Circuit City ("Debtor") is a corporation with its principal place of

business in Richmond, Virginia, which, and on or about November 20, 2008 filed with this Court

a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the

"Bankruptcy Act").  The Debtors also include Circuit City Stores, Inc., Circuit City Stores West

Coast, Inc., InterTan, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC,

CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC,

Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture

Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics,

LLC, and Circuit City Stores PR, LLC. The address for Circuit City Stores West Coast, Inc. is

2

9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

6.      Plaintiff was an employee of Circuit City at its retail outlet located in the Palisades Mall, West Nyack, New York. Other members of the Class he seeks to represent were also employed by Circuit City at one of the facilities closed by Circuit City in or about after November 2, 2008, resulting in a mass layoff of said employees.

## CLASS ACTION ALLEGATIONS

7.      Plaintiff brings this action on his own behalf and, pursuant to Rules 23 (a) and (b) (3) of the Fed. R. Civ. P. and the WARN Act, 29 U.S.C. §2104 (a) (5), on behalf of a Class consisting of himself and all other non-union employees of Circuit City who were terminated by Circuit City on various dates on and after November 2, 2008.

8.      Plaintiff and such other class members were managers, assistant managers and other employees at one of Circuit City's approximately 150 stores (the "Stores" or "Stores and Related Facilities"), until their termination approximately on and/or after November 2, 2008 without cause on his or her part and are each Aaffected employees@ within the meaning of 29 U.S.C. 52101(a)(5).

9.      At all times relevant, Circuit City, had more than 100 full-time employees within the United States.

10.     Upon and information and belief, at the time of closure, the Circuit City retail outlet located in the Palisades Mall, West Nyack, New York had 50 or more employees.

11.     Upon and information and belief, at the time of closure, the Circuit City retail outlet located in the Hialeah, Florida had 50 or more employees.

3

12.    Upon and information and belief, at the time of closure, the Circuit City retail outlet located in the Jackson, Michigan had 50 or more employees.

13.    Upon and information and belief, at the time of closure, the Circuit City retail outlet located in or about Atlanta, Georgia (store 03222) had 50 or more employees.

14.    Upon and information and belief, at the time of closure, the Circuit City retail outlet located in the Memphis, Tennessee (store 0871) had 50 or more employees.

15.    Upon and information and belief, at the time of closure, the Circuit City retail outlet located in the Sparks, Nevada had 50 or more employees.

16.    Upon and information and belief, at the time of closure, Circuit City's corporate headquarters located in Richmond, Virginia had 50 or more employees.

17.    Upon and information and belief, at the time of closure, Circuit City had numerous additional locations with 50 or more employees.

18.    Plaintiff and the other members of the Class were non-union employees of Circuit City.

19.    Plaintiff and the Class were discharged without cause.

20.    Plaintiff and the Class did not receive from Circuit City prior to their termination the statutorily required sixty (60) days notice of the mass lay off or termination in violation of the WARN Act.

21.    Circuit City was required by the WARN Act to provide Plaintiff and the Class at least 60 days prior written notice of their termination or to give each of them a written statement as soon as practicable explaining why a notice of their termination had not been given at least 60 days before their termination.

4

22.    Circuit City failed to give Plaintiff and the other Class members prior written notice, as required by the WARN Act, stating: (a) whether the planned action of Circuit City was expected to be permanent or temporary, and, if an entire Store or facility was to be closed, a statement to that effect; (b) the expected date when the mass layoff would commence and the expected date when each plaintiff would be separated; (c) an indication whether or not bumping rights exist; and (d) the name and telephone number of a Circuit City official to contact for further information.

23.    Circuit City failed to give as soon as practicable to Plaintiff and the other Class members a statement explaining why Circuit City failed to give at least 60 days prior notice, as required by the WARN Act.

24.    Circuit City failed to pay Plaintiff and the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) work days following their respective terminations and failed to make the pension and 401(k) contributions and provide the health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations. The 60 day period includes the post-petition period and the claim herein, to that extent, is a post-petition claim entitled to post-petition priority.

25.    The Class is comprised of employees of Circuit City who were terminated by Circuit City as a result of the  mass layoff put into effect by Circuit City in or about after November 2 , 2008.

26.    The Debtors filed a Motion for Order Pursuant to Bankruptcy Code Sections 105(a), 363, 507(a), 541, 1107(a) and 1108 and Bankruptcy Rule 6003 Authorizing Debtors to Pay

5

Prepetition Wages, Compensation and Employee Benefits (the "Motion").

27.    By an Order entered on November 10, 2008, the Bankruptcy Court granted the
Debtors' Motion authorizing the Debtors to pay various prepetition wages compensation and
employee benefits on a final basis when such payments became due, other than the WARN Act
payments to terminated employees in the estimated amount of $8 to $10 million. The WARN Act
payments were approved on an interim basis, subject to further objection.

28.    On November 26, 2008, the Official Committee of Creditors Holding Unsecured
Claims (the "Committee") objected to payment of any alleged WARN Act claims, contending that
"[s]uch payments are premature and not appropriate at this early juncture of the case when the
Debtors liquidity and prospects for reorganization are being examined and funds are critically
needed for ongoing operations and restructuring efforts." On or about December 6, 2008, the Court
authorized (but did not require) WARN ACT pay to Plaintiff and the Class members to the extent
they were entitled to WARN ACT pay.

29.    Upon information and belief, Debtors have not made any payments to WARN
Employees.

## CLASS ACTION ALLEGATIONS - RULE 7023(a) AND (b)

30.    The Plaintiff asserts this claim on behalf of himself and other similarly situated
former employees pursuant to Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and
Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

31.    The Plaintiff and other similarly situated former employees constitute a class within
the meaning of Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and
(b)(3) of the Federal Rules of Civil Procedure.

6

32.     Common questions of law and fact are applicable to all members of the Class.

33.     The common questions of law and fact arise from and concern the following facts and actions, among others, that Circuit City committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; all Class members were non-union employees of Circuit City; Circuit City terminated the employment of all the members of the Class without cause; Circuit City terminated the employment of the members of the Class without giving them at least 60 days prior written notice as required by the WARN Act; Circuit City failed to provide as soon as practicable a statement to the members of the Class why at least 60 days prior notice under the WARN Act was not given to them; and Circuit City failed to pay the Class members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation pay and failed to provide them with health insurance coverage, and other employee benefits under ERISA for sixty (60) calendar days from and after the dates of their respective terminations.

34.     The Class meets the requirements of Fed. R. Civ. Proc., Rule 23(a) as there are common questions of law and fact, as set forth herein, which predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and all facts on which the calculation of that number can be based are presently within the sole control of Circuit City, there are in excess of 200 persons who are included in the Class.

36.     Plaintiff will fairly and adequately protect the interests of the Class we represent.

37.     The Class has retained competent counsel, experienced in complex class action

employment litigation, and bankruptcy law.

38.     The Class meets all the requirements for class certification, pursuant to Fed. R. Civ. P. 23(a)(c)(3).

39.     Class certification is also authorized by the WARN Act, 29 U.S.C. §2104 (a) (5).

40.     No litigation concerning the WARN Act rights of any Class member has been commenced.

41.     Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.  It would be impractical to require each Class member to litigate or seek adjudication of their individual WARN ACT Claim with Defendant and Defendants counsel, and the only practical manner in which such claims can be litigated is as a Class Action before this Court.

42.     On information and belief, the identities of the Class members are contained in the books and records of Defendant.

43.     On information and belief, a recent residence address of each of the Class Members is contained in the books and records of Defendant.

44.     On information and belief, the rate of pay and benefits that were being paid by Defendant to each Class member at the time of his/her termination are contained in the books and records of the Defendant.

## THE CLAIM FOR RELIEF

45.     At all relevant times, the Defendant employed 100 or more employees (exclusive

8

of part-time employees, *i.e.*, those employees who had worked fewer than 6 of the 12 months

prior to the date notice was required to be given or who had worked fewer than an average of 20

hours per week during the 90 day period prior to the date notice was required to be given (the

"Part-Time Employees")), or employed 100 or more employees who in the aggregate worked at

least 4,000 hours per week exclusive of hours of overtime within the United States.

46.    At all relevant times, Defendant was an "employer," as that term is defined in 29

U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it

determined to order a mass layoff closing at the Stores and related Facilities.

47.    On or about November 2, 2008 the Defendant ordered a "mass layoff" or "plant

closing" at the Stores and Related Facilities, as the term is defined by 29 U.S.C. §2101(a)(3) and

as alleged in ¶¶'s 10 through 17.

48.    The mass layoff resulted in "employment losses", as that term is defined by 29

U.S.C. § 2101(a)(3) for at least fifty (50) of Defendant's employees, excluding "part-time

employees," as that term is defined by 29 U.S.C. § 2101(a)(8), as well as 33% of Defendant's

workforce at various Stores, including without limitation, the retail outlet located in West Nyack,

New York; Hialeah, Florida; Jackson, Michigan; Atlanta, Georgia; Memphis, Tennessee;

Sparks, Nevada; and at Defendant's corporate headquarters located in Richmond, Virginia.

49.    The Plaintiff and each of the other members of the Class were discharged by the

Defendant without cause on his or her part of or as the reasonably foreseeable result of the mass

layoff ordered by the Defendant at the Stores and related Facilities.

50.    The Plaintiff and each of the other members of the Class are an Aaffected

employee@ of the Defendant within the meaning of 29 U.S.C. § 2101(a)(5).

9

51.     The Defendant was required by the WARN Act to give the Plaintiff and each of the other members of the Class at least 60 days advance written notice of his or her termination.

52.     The Defendant failed to give the Plaintiff and other members of the Class written notice that complied with the requirements of the WARN Act.

53.     The Plaintiff and each of the other members of the Class are an "aggrieved employee"@ of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

54.     The Defendant failed to pay the Plaintiff and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

55.     Since the Plaintiff and each of the other members of the Class seek back-pay attributable to a period of time after the filing of the Debtor's bankruptcy petition and which arose as the result of the Debtor's violation of a federal law, the Plaintiff's claim against the Debtor is entitled to post-petition Administrative Priority status pursuant to 11 U.S.C. § 503(b)(1)(A).

56.     As a result of Circuit City's violation of the WARN Act, Plaintiff and members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension contributions and 401(k) contributions for sixty (60) calendar, (b) the health and medical insurance and other fringe benefits under the Employee Retirement Income Security Act ("ERISA") that they would have received or had the benefit of receiving, for a period of sixty

10

(60) calendar days after the date of their respective terminations, and (c) medical expenses

incurred during such period by such persons that would have been covered and paid under

Circuit City's employee benefit plans had that coverage continued for that period.  A portion of

said damages constitute and are entitled to priority status.

57.    The relief sought in this proceeding is equitable in nature.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and members of the Class he seeks to represent demand

judgment against Defendant Circuit City, Inc., as follows:

A.    Certification of the Plaintiff Class herein;

B.    Appointment of the Plaintiff as representative of the Class;

C.    Appointment of undersigned counsel as Class Counsel.

D.    An allowed wage priority claim against Defendant equal to the sum of (i) unpaid

wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay and pension

and 401(k) contributions for 60 working days, (ii) the benefit of health and medical insurance

and other fringe benefits under ERISA for 60 calendar days, and (iii) any medical or other

expenses incurred during the 60 calendar days since their respective terminations that would

have been covered and paid under Circuit City's employee benefit plans has that coverage

continued for that period, all determined in accordance with the WARN Act, 29. U.S.C. § 2104

(a) (1) (A), the first $10,950.00 of which one entitled to priority status under 11 U.S.C. §

507(a)(4).

E.    Interest as allowed by law on the amounts owed under the preceding paragraph.

F.    An allowed administrative priority claim for reasonable attorney's fees, expert

fees, and the costs and disbursements incurred in prosecuting this action, as authorized by the

WARN Act, 29 U.S.C. § 2104 (a) (6); and

G.    Such other and further relief as to this Court may seem just and proper.


Dated: July 8, 2009                **THE MASON LAW FIRM, L.L.P**

By: /s/ Gary E. Mason
Gary E. Mason
1225 19th Street, N.W., Ste 510
Washington, DC 20036
Tel: 202-429-2290
Fax: 202-429-2294
gmason@masonlawdc.com


**BUSMAN & BUSMAN, P.C.**
Marc A. Busman
VSB No.13030
P.O. Box 7514
Fairfax Station, VA 22039
Tel: 703-503-8088
Fax: 703-425-8487
mbusman@busmanandbusman.com


**KANTROWITZ, GOLDHAMER
& GRAIFMAN, P.C.**
Randy J. Perlmutter
rperlmutter@kgglaw.com
Gary S. Graifman
ggraifman@kgglaw.com
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977
Tel: (845) 356-2570
Fax: (845) 356-4335
**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July, 2009, a true and correct copy of the foregoing was electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and was mailed, by U.S. Mail, first class, postage paid, to all person appearing below:

| | |
|---|---|
| Robert B. Van Arsdale, Esq.<br>Office of the United States Trustee<br>701 East Broad St., Suite 4304<br>Richmond, VA 23219<br>*Assistant United States Trustee* | Lynn L. Tavenner, Esq.<br>Paula S. Beran, Esq.<br>Tavenner & Beran, PLC<br>20 North Eighth St., 2nd Floor<br>Richmond, VA 23219<br>*Counsel for the Official Committee of Unsecured Debtors* |
| Dion W. Hayes, Esq.<br>Joseph S. Sheerin, Esq.<br>Sarah Becket Boehm, Esq.<br>McGuire Woods, LLP<br>One James Center<br>901 East Cary Street<br>Richmond, VA 23219<br>*Counsel for the Debtors* | Greg M. Gilardi, Esq.<br>Ian S. Fredericks, Esq.<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, DE 19899-0636<br>*Counsel for the Debtors* |
| Daniel F. Banks, Esq.<br>Douglas M. Foley, Esq.<br>McGuire Woods LLP<br>9000 World Trade Center<br>101 W. Main Street<br>Norfolk, VA 23510<br>*Counsel for Debtors* | Bruce H. Besanko, Debtor Designee<br>Circuit City Stores, Inc.<br>9950 Maryland Drive<br>Richmond, VA 23233<br>*Debtor Designee* |

/s/ Gary E. Mason
Gary E. Mason

13