| | |
|---|---|
| Gregg M. Galardi, Esq. | Douglas M. Foley (VSB No. 34364) |
| Ian S. Fredericks, Esq. | Sarah B. Boehm (VSB No. 45201) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

         - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
           IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION
```

```
- - - - - - - - - - - - - - - x
                              :
  In re:                      :   Chapter 11
                              :
  CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
  et al.,                     :
                              :
             Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**DEBTORS' OBJECTION TO VERIFIED MOTION TO RECONSIDER (A) ORDER DENYING MOTION OF RYAN, INC. f/k/a RYAN & COMPANY, INC. TO COMPEL DEBTOR TO ASSUME EXECUTORY CONTRACT AND (B) ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A) AND 365(A) AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACT WITH RYAN, INC.**

          The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby object (the "Objection") to the Verified Motion to Reconsider (a) Order Denying Motion of Ryan, Inc. f/k/a Ryan & Company, Inc. ("Ryan") to Compel the Debtor to Assume Executory Contract and (b) Order Pursuant to Bankruptcy Code Sections 105(a) and 365(a) and Bankruptcy Rule 6006 Authorizing Rejection of Certain Executory Contract with Ryan, Inc. (Docket No. 6955) (the "Motion").  In support of the Objection, the Debtors respectfully represent:

**BACKGROUND**

1.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2.   The Debtors continue as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

3. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

4. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going-out-of-business sales pursuant to the Agency Agreement at the Debtors' remaining stores. The going-out-of-business sales were concluded on or about March 8, 2009.

5. On September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"). The associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009. A hearing on confirmation of the Plan is currently scheduled for May 11, 2010.

6.    Generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code.

**EXECUTORY CONTRACT WITH RYAN**

7.    On June 8, 2005, the Debtors and Ryan entered into that certain letter agreement by which Ryan would represent the Debtors with respect to a tax appeal in the State of Hawaii on a contingency fee arrangement (the "Ryan Contract").  Since the Petition Date, Ryan has not performed any material services to the Debtors or their estates under the Ryan Contract because the Hawaii Supreme Court took the tax appeal under review prior to the Petition Date.[2]

8.    On November 13, 2009, Ryan filed its Motion to compel the Debtors to assume the Ryan Contract (Docket No. 5648) (the "Motion to Compel").

9.    On January 28, 2010, the Debtors filed their Eighth Omnibus Motion for Order Pursuant to Bankruptcy Code Sections 105(a) and 365(a) and Bankruptcy Rule 6006

---

[2] Ryan was not retained as an ordinary course professional by the Debtors.  Ryan failed to file its required affidavit to be retained as a professional pursuant to the Order Granting Debtors' Motion for Order Pursuant to Bankruptcy Code Sections 105(a), 327, 330 and 331 Authorizing Debtors to Employ Professionals Utilized in the Ordinary Course of Business (Docket No. 1279).

4

Authorizing Rejection of Certain Executory Contracts, which included, among other executory contracts, the Ryan Contract (Docket No. 6416) (the "Motion to Reject").

10.  On February 10, 2010, Ryan filed its response to the Motion to Reject (Docket No. 6506) (the "Rejection Response").

11.  The final hearing on the Motion to Compel and the Motion to Reject was heard March 8, 2010. Following the hearing on the Motion to Compel and the Motion to Reject, the Court entered orders denying the Motion to Compel and granting the Motion to Reject (Docket Nos. 6796, 6804) (collectively, the "Orders").

12.  Pursuant to the order on the Motion to Reject, Ryan had thirty (30) days to file a rejection damages claim.  To date, Ryan has not filed any rejection damages claim with respect to the rejection of the Ryan Contract.  On March 24, 2010, Ryan filed the Motion.

**OBJECTION**

13.  By its Motion, Ryan asks this Court to reconsider the Orders.  In support of its Motion, Ryan makes three (3) arguments: (i) Ryan did not consider the March 8, 2010 hearing to be a final hearing on the Motion to Compel or the Motion to Reject; (ii) no evidence was

5

introduced at the March 8, 2010 hearing; and (iii) the Debtors and Ryan were continuing to negotiate and, therefore, Ryan did not expect the March 8, 2010 hearing to be "dispositive." Motion, ¶ 19. All of these arguments are factually and legally without merit and must fail.

**A.   Ryan Was Provided Actual Notice That The Final Hearing On The Motion To Compel And Motion To Reject Was March 8, 2010**

14.   Pursuant to the Plan, any executory contract not specifically assumed by the Debtors is deemed rejected. Plan, Art. VII(A). Following the filing of the Plan, Ryan was advised that the Debtors did not intend to assume the Ryan Contract and had determined in their business judgment that the Ryan Contract provided no benefit to the estates. Thereupon, Ryan filed its Motion to Compel. Prior to and following the filing of the Motion to Compel, Ryan's counsel, on multiple occasions, was advised that the Debtors were rejecting the Ryan Contract and opposed the relief sought in the Motion to Compel. There was never any uncertainty or doubt as to the Debtors' intention and position with respect to the Ryan Contract.

15.   Following the filing of the Motion to Compel, the Debtors and Ryan agreed to adjourn the hearing while the parties discussed the matter. After Ryan refused

voluntarily withdraw the Motion to Compel, the Debtors filed their Motion to Reject.  At the request of Ryan, the Debtors agreed to adjourn the initial hearing on the Motion to Reject, solely with respect to Ryan, to the March 8, 2010 hearing in order for Ryan to formulate an offer to buy the Debtors' litigation rights in the appeal.[3]  While preparing its offer, Ryan consented to a continuance for the of the Debtors' deadline to file a response to the Motion to Compel.[4]  Notwithstanding the initial adjournment and Ryan's stated intention to make a settlement offer, Ryan was advised on multiple occasions and in no uncertain terms that the hearing on March 8, 2010 would proceed as a final evidentiary hearing.

16.  On March 5, 2010, the Debtors filed their hearing agenda for the March 8, 2010 omnibus hearing (Docket No. 6696) (the "March 8, 2010 Agenda").  In the March 8, 2010 Agenda, it listed both the Motion to Compel and the Motion to Reject under the caption "Contested

---

[3] As a condition to adjourning the hearing on the Motion to Reject to March 8, 2010, Ryan agreed that the operative date for rejection would be January 28, 2010.

[4] This is presumably in whole or in part because the Debtors' positions and intentions were clear, were manifested in the Plan and in discussions with the Debtors, and were the alleged basis for Ryan filing the Motion to Compel.

7

Matters – Going Forward." Further, in the status of the Motion to Compel it provided "This matter is going forward," and in the status of the Motion to Reject it provided "This matter went forward on February 11, 2010 with respect to all counterparties other than Ryan, Inc. This matter is going forward solely with respect to Ryan, Inc." Both counsel of record for Ryan were served with the March 8, 2010 agenda by electronic mail and overnight delivery on March 5, 2010.

17. Ryan had notice since not later than February 8, 2010 that the final hearing on the Motion to Compel and the Motion to Reject would proceed on March 8, 2010. There is no evidence to substantiate Ryan's allegation to the contrary, and the record clearly evidences otherwise.

**B.  Ryan Failed To Introduce Or Proffer Any Evidence In Support of the Motion To Compel And Neglected To Cross Examine The Debtors**

18. Both counsel of record for Ryan appeared and participated by telephone at the March 8, 2010 hearing. In support of the Motion to Reject, the Debtors stated that they had determined based on their business judgment that it was in the best interests of the Debtors, their estates, and creditors to reject the Ryan Contract. Moreover, the

Court stated on the record "[t]he Court finds no authority to compel the debtor to assume the contract. The Court finds that the debtor is exercising its business judgment in making a decision to reject the executory contract." Tr. Mar. 8, 2010, p. 16. Ryan did not object to this representation nor did it request to cross-examine the Debtors. In support of the Motion to Compel, Ryan failed to offer any evidence in support of its motion, to elucidate its legal authority, or proffer any testimony.

19. Furthermore, strikingly contradictory to its position in the Motion, at the March 8, 2010 hearing, Ryan did not raise any lack of notice objection or argue that it was unaware that it was the final hearing on the motions.

**C. Ryan's Offer Was Unmistakably Rejected By The Debtors In Advance Of The March 8, 2010 Hearing And Does Not Implicate The Rejection Of The Ryan Contract**

20. As of the March 8, 2010 hearing, there was no continuing settlement discussions and Ryan was on notice that the final hearing on the Motion to Compel and the Motion to Reject would proceed on March 8, 2010. Moreover, the discussions regarding Ryan purchasing the Debtors' litigation rights in Hawaii are separate and distinct from whether the Ryan Contract should be assumed or rejected. Provided they were able to reach an acceptable agreement,

Ryan could purchase the Debtors' rights in the Hawaii appeal notwithstanding the rejection of its contract.

**D.   Ryan's Motion Fails Under the Standard of Civil Rule 59 and Bankruptcy Rule 9023**

21.   A motion to reconsider is governed by Rule 59(e) of the Federal Rules of Civil Procedure (the "Civil Rules"), which is made applicable to these Bankruptcy Case by rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  There are three (3) recognized grounds for amending an earlier judgment under 59(e) of the Civil Rules: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent a manifest injustice.  See Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993); Mitrano v. Melka, 2009 U.S. Dist. LEXIS 104211 (E.D. Va. Nov. 5, 2009); In re Morris, 365 B.R. 613, 617 (Bankr. E.D. Va. 2007) (citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997)).  Reconsideration of a judgment is "an extraordinary remedy which should be used sparingly." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.), cert, denied, 525 U.S. 1104, (1999).  A motion for reconsideration is addressed to the discretion

10

of the bankruptcy court.  See Mitrano v. Melka, 2009 U.S. Dist. LEXIS 104211 (E.D. Va. Nov. 5, 2009).

22.  Ryan does not cite any specific authority or articulate any specific grounds for reconsideration.  Instead, Ryan merely and generally states that it was not aware that the motions were going forward on March 8, 2010.

23.  If a motion to reconsider is filed within fourteen (14) days of the subject order, then it is properly treated as a motion to alter or amend judgment under Civil Rule 59, made applicable by Bankruptcy Rule 9023.

> [I]n the Fourth Circuit three grounds have been recognized for amending a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).  Reconsideration may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issue presented to the Court by the parties, or has made an error  not of reasoning but of apprehension."  Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).  This Court has noted that this situation rarely arises, therefore the motion "should be equally rare."  Id.  Finally, a party should not use a 59(e) motion simply "to ask the Court to rethink

>what the Court had already thought through." Id.; see also Zdanok v. Glidden Co., 327 F.2d 944, 953 (2d Cir. 1964) ("[W]here litigants have once battled for the Court's decision, they should neither be required, nor without good reason permitted, to battle for it again."); Cureton v. Cianbro Corp., No. JFM-06-2303, 2007 U.S. Dist. LEXIS 7388, 2007 WL 397025, at *1 (D. Md. Jan 30, 2007) (finding that reconsideration is not permitted when parties are attempting to "raise arguments which could have been raised prior to the issuance of judgment," nor to "enable a party to complete presenting his case after the court has ruled against him." (quoting In re Reese, 91 F.3d 37, 39 (7th Cir. 1996)).

Puller v. Unisource Worldwide, Inc., No. 3:08-CV-813, 2009 U.S. Dist. LEXIS 27306, at *3-5 (E.D. Va. Mar. 31, 2009); First Cmty. Bank v. E.M. Williams & Sons, Inc. (In re E.M. Williams & Sons, Inc.), 2009 Bankr. LEXIS 2325, 4-7 (Bankr. E.D. Va. July 17, 2009)

24. Ryan is raising arguments that could have been raised at the March 8, 2010 hearing and prior to the issuance of the Court's Orders. Ryan has not identified any evidence that was not previously available to it nor has it cited to any intervening change in controlling law. See In re E.M. Williams & Sons, Inc., *4-7. With respect to Ryan and the Motion, there was no intervening change in the controlling law, no evidence is present that was not available on March 8, 2010, and there was no clear error of law.

12

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court deny the Motion, and grant the Debtors such other and further relief as may be just and proper.

Dated: April 22, 2010  
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

 /s/ Douglas M. Foley_____
Douglas Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

\11132419.1