Gaye N. Heck, Esq. (CA Bar No. 170804)
Kenneth T. Law, Esq. (CA Bar No. 111779)
Thomas M. Gaa, Esq. (CA Bar No. 130720)
BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 857-9500
Facsimile (650) 494-2738

Christopher L. Perkins (VSB No. 41783)
LECLAIRRYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219
Telephone: (804) 783-2003
Facsimile: (804) 783-2994

Attorneys for SEAGATE TECHNOLOGY, LLC

Hearing Date: April 29, 2010 at 2:00 p.m. ET
Response Deadline: April 22, 2010 at 4:00 p.m. ET

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CIRCUIT CITY STORES INC., et. al. | ) Case No.: 08-35653 (KRH) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**RESPONSE OF SEAGATE TECHNOLOGY LLC TO DEBTORS' SEVENTIETH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN (I) NO LIABILITY (LEGAL CLAIMS); (II) NO LIABILITY (SATISFIED CLAIMS); (III) NO LIABILITY (HUMAN RESOURCES CLAIMS); AND (IV) NO LIABILITY (<u>MISCELLANEOUS CLAIMS</u>)**

Seagate Technology LLC ("**Seagate**"), by its counsel, LeClairRyan, A Professional Corporation and Bialson, Bergen & Schwab, as and for its response to the Seventieth Omnibus Objection to Claims (Disallowance of Certain (I) No Liability (Legal Claims); (II) No Liability (Satisfied Claims); (III) No Liability (Human Resources Claims); and (IV) No Liability (Miscellaneous Claims) (the "**70th Omnibus Objection**") filed by the debtors in the above-captioned chapter 11 cases ("**Debtors**") respectfully alleges and represents as follows:

**SUMMARY OF RELIEF SOUGHT BY DEBTORS**

1. The Debtors seek entry of an order that, *inter alia*, disallows Proof of Claim No. 14087 (as hereinafter identified) asserted by Seagate against the Debtors on the grounds that the claim incorrectly identifies numerous pre-petition transactions as post-petition transactions and is based upon the same alleged liability also asserted in another claim filed by Seagate (Claim No. 9495) which will survive the Objection.  *See* 70th Omnibus Objection, Exhibit "F", pg. 21.

**SUMMARY OF RELIEF SOUGHT BY SEAGATE**

2. Seagate seeks entry of an order denying the 70th Omnibus Objection as it pertains to Proof of Claim No. 14087 on the grounds that the Debtors have failed to carry their burden to overcome the *prima facie* evidence of the validity and amount of the claim evidenced by Proof of Claim No. 14087 and, accordingly, the Debtors are not entitled to the relief sought by the 70th Omnibus Objection.  Moreover, Seagate's Proof of Claim No. 14087 includes a copy of the underlying agreement upon which liability is based and copies of invoices proving the amount of such claim.

**BACKGROUND**

3. Continually since the commencement of the Chapter 11 case, Seagate has delivered to the Debtors goods and services and has invoiced the Debtors for the payment of certain monies due in connection with the provision of services and goods delivered to the Debtors by Seagate.

4. The Debtors commenced their respective cases under Title 11 of the United States Code on November 10, 2008 (the "**Petition Date**").

5. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On June 30, 2009, Seagate filed its proof of claim asserting a claim against the Debtors (in the aggregate amount of $1,461.777.60 and due and payable after the Petition Date) arising pursuant to the agreement. A true and accurate copy of Claim No. 14087 (without exhibits) is attached hereto as Exhibit "A" and incorporated by reference herein as if fully set forth.

7. Seagate is informed by the 70th Omnibus Objection that this proof of claim has been denominated by the Debtors as Claim No. 14087 ("**Claim No. 14087**"). Seagate filed Claim No. 14087 to protect its rights under the agreement and reserved its rights to amend such claim in the event that the agreement is not assumed by the Debtors. As of this date, the full amount of Claim No. 14087 remains due and owing by the Debtors.

## LEGAL ARGUMENT

<u>The Debtors Have Failed To Rebut The *Prima Facie* Validity and Amount of the Claim As Evidenced By The Proof of Claim</u>

8. The filing of a proof of claim constitutes *prima facie* evidence of its amount and validity. *In re Planet Hollywood International*, 274 B.R. 391 394 (D. Del. 2001) *citing In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992); *see* Fed. R. Bankr. P. 3001(f). Pursuant to the express language of Rule 3001(f), "[a] party objecting to a claim has the initial burden of presenting a substantial factual basis to overcome the *prima facie* validity of a proof of claim [and] [t]his evidence must be of a probative force equal to that of the creditor's proof of claim." *In re Hinkely*, 58 B.R. 339, 348 (Bankr. S.D. Tex. 1986), *aff'd*, 89 B.R. 608 (S.D. Tex. 1988), *aff'd* 879 F.2d 859 (5th Cir. 1989); *In re Lewis*, 80 B.R. 39, 40 (E.D. Pa. 1987).

9. In order "to overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *In re Reilly,* 245 B.R. 768, 773 (2rd Cir. B.A.P. 2000), *aff'd* 242 F.3d 362 (2rd Cir.

3

2000). Where a debtor simply makes a *pro forma* objection without any evidentiary support, a court may summarily overrule such objections. *See e.g.*, *Garner v. Shier (In re Garner)*, 246 B.R. 617, 620, 623 (B.A.P. 9th Cir. 2000).

10. The *prima facie* validity of a proof of claim is "strong enough to carry over a mere formal objection without more." *In re Schlehr*, 290 B.R. 387, 395 (Bankr. D. Mont. 2003). In *Garner*, for instance, the debtor objected to a proof of claim by merely asserting that "there is no obligation to pay . . . and there are no written documents or other competent evidence of any valid obligations owed . . ." However, at the hearing, the debtor failed to offer any evidence in support of such assertions and, accordingly, the Bankruptcy Court held that the debtor did not fulfill its burden of producing competent evidence rebutting the presumption of validity afforded the proof of claim. *See Garner*, 246 B.R. at 620.

11. In the case before this Court, the Debtors have failed to submit any competent factual evidence that satisfies its burden to adduce evidence to overcome the *prima facie* presumption of validity of Claim No. 14087. Instead, the Debtors attempt to carry their burden of rebutting the presumption of validity of Claim No. 14087 by filing a Notice and Objection to Seagate's claim. No affidavit or declaration has been submitted by the Debtors. In fact, no evidence has been submitted by the Debtors that invalidates Seagate's Claim No. 14087.

12. Standing alone, the 70th Omnibus Objection to Seagate's claim clearly does not satisfy the Debtors' burden of adducing competent evidence rebutting any element of the claim asserted by Claim No. 14087. As in *Garner*, the Debtors in this case have merely asserted that "there is no obligation to pay . . . and there are no written documents or other competent evidence of any valid obligations owed . . . ." 246 B.R. at 620. The conclusionary statements in the 70th Omnibus Objection, standing alone, certainly do not "overcome th[e] *prima facie* evidence . . . [set

4

forth in Claim No. 14087 because they do not constitute] evidence which, if believed, would refute at least one of the allegations essential to the claim." *In re Reilly,* 245 B.R. at 773. As *Garner* teaches, where a debtor simply makes a *pro forma* objection without competent evidentiary support, a court should summarily overrule such objections. *See Garner*, 246 B.R. at 623. Under these circumstances, the *prima facie* validity of a Claim No. 14087 is "strong enough to carry over a mere formal objection without more." *In re Schlehr*, 290 B.R. at 395.

WHEREFORE, Seagate seeks entry of an order denying the 70th Omnibus Objection to the extent that it seeks disallowance of Claim No. 14087 and such other and further relief as may be permitted by law or equity in this instance.

| | |
|---|---|
| Dated: April 22, 2010<br>Richmond, VA | SEAGATE TECHNOLOGY, LLC<br><br>/s/ Christopher L. Perkins<br>Counsel |

Christopher L. Perkins (VSB No. 41783)
LECLAIRRYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219
Telephone: (804) 783-2003
Facsimile: (804) 783-2994
Email: cperkins@leclairryan.com

Gaye N. Heck (CA Bar No. 170804)
Kenneth T. Law (CA Bar No.111779)
Thomas M. Gaa (CA Bar No. 130720)
BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 857-9500
Facsimile: (650) 494-2738
Email: klaw@bbslaw.com

Counsel for Seagate Technology, LLC

5

## CERTIFICATE OF SERVICE

Pursuant to the *Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures* entered on November 13, 2008 [Docket No. 130], I hereby certify that on this 22nd day of April 2010 the foregoing was served upon the following parties via electronic mail.

> Skadden, Arps, Slate, Meagher & Flom, LLP
> One Rodney Square
> P.O. Box 636
> Wilmington, DE 19899-0636
> Attn: Gregg M. Galardi
> Attn: Jan S. Fredericks
>
> McGuireWoods LLP
> One James Center
> 901 E. Cary Street
> Richmond, VA 23219
> Attn: Douglas M. Foley
>
> Skadden, Arps, Slate, Meagher & Flom, LLP
> 333 West Wacker Drive
> Chicago, IL 60606
> Attn: Chris L. Dickerson

I further certify that the original of the foregoing was filed with the Court via the Clerk's CM/ECF electronic filing system on April 22, 2010.

/s/ Christopher L. Perkins
Counsel

# **EXHIBIT A**

| United States Bankruptcy Court<br>Eastern District of Virginia | | Administrative Expense Request |
|---|---|---|
| Name of Debtor<br>Circuit City Stores, Inc. | Case Number<br>08-35653 | |
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Seagate Technology LLC | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
| Name and address where notices should be sent:<br>Lawrence M. Schwab, Esq.<br>Patrick M. Costello, Esq.<br>Bialson, Bergen & Schwab<br>2600 El Camino Real, Suite 300<br>Palo Alto, CA 94306<br>Telephone number: (650) 857-9500 | ☐ Check box if you have never received any notices from the bankruptcy court in this case<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | This space is for Court Use Only |

1. **Basis for Administrative Expense**
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   X Other ___See Attachment 1___

2. Date debt was incurred: See Attachment 1

3. If court judgment, date obtained:

4. Total Amount of Administrative Expense:  $ __1,461,777.60__

5. **CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this request.

6. **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

7. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is for Court Use Only

RECEIVED
JUN 30 2009
KURTZMANCARSONCONSULTANTS

| Date<br>June 29, 2009 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>*[signature]* Gaye Nell Heck<br>Gaye N. Heck, Attorney-in-fact |
|---|---|

COPY

**Attachment 1 to Request for Payment of Administrative Expense
of Seagate Technology LLC**

Debtor: Circuit City Stores Inc.                                    Case No.08-35653
Claimant: Seagate Technology LLC

Administrative Expense Amount: $1,461,777.60

Statement of Claim

Circuit City Stores Inc. ("Debtor") is liable to Seagate Technology LLC ("Claimant") in an amount not less than $1,461,777.60 for goods and consideration provided by Claimant to Debtor post-petition as described in invoices (collectively, the "Invoices"). A summary of the amount for administrative expense and copies of the Invoices are attached hereto as Exhibit A and Exhibit B, respectively, and incorporated by reference herein as if fully set forth.

Continually since the commencement of the Chapter 11 case, Claimant has delivered to Debtor the above-referenced goods and consideration, and Claimant is entitled to an expense of administration in the bankruptcy case in such amount of $1,461,777.60 representing the fair value and benefit to the estate of such goods and consideration, and for which Claimant has not received payment.

Section 503(b)(1)(A) of the Bankruptcy Code provides that "there shall be allowed administrative expenses...including...the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." 11 U.S.C. §503(b)(1)(A).

In determining whether a creditor has an allowed administrative expense claim, the Court will consider whether an actual benefit was conferred on the Debtor's estate through the actual use of the provided goods and services. See In re Bridgeport Plumbing Prods., Inc., 178 B.R. 563, 570 (Bankr. M.D. Ga. 1994); see also Broadcast Corp. of Georgia v. Broadfoot (In re Subscription Television of Greater Atlanta), 789 F.2d 1530, 1532 (11th Cir. 1986)("That which is actually utilized by a trustee in the operation of a debtor's business is a necessary cost and expense of preserving the estate and should be accorded the priority of an administrative expense.").

Absent evidence to the contrary, the reasonable value of the Claimant's administrative expense claim shall be determined in accordance with the pricing set forth in the Invoices. See In re Bridgeport Plumbing Products, Inc., 178 B.R. 563, 570 (Bankr. M.D. Ga. 1994)("[A]bsent evidence to the contrary, [reasonable value] is represented by the hourly rental amounts set forth in the lease.").

This Request for Payment of Administrative Expense is filed under compulsion of the bar date established in this case and is filed to protect the Claimant from forfeiture of its claim. The

W:\S0199\583\doc\Attachment 1 to Admin Claim.wpd

execution and filing of this Request is not: (a) a waiver or release of the Claimant's rights against any other entity or person liable for all or part of the claim; (b) a consent by the Claimant to the jurisdiction of this Court with respect to any proceeding commenced in this case against or otherwise involving the Claimant; (c) a waiver of the right to withdraw the reference with respect to the subject matter of the Request, any objection or other proceedings commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving the Claimant; or (d) an election of remedy which waives or otherwise affects any other remedy. The Claimant expressly reserves its rights to file other proofs of claim or requests for allowance and payment of any administrative expense with respect to the claim set forth herein or otherwise (which proof of claim or request, if so filed, shall not be deemed to supersede this claim), to amend or supplement this Request in any respect.

Claimant expressly reserves its rights in respect to the claim set forth herein or any other claims, cause of action, chose in action, and preserves all rights, notwithstanding anything contained in this Request, including, without limitation, to assert its rights against any third party whatsoever.

W:\S0199\583\doc\Attachment 1 to Admin Claim.wpd

Exhibit A

| Invoice No. | Invoice Date | Balance Owed |
|---|---|---|
| 1273242 | 12/5/2008 | $621.76 |
| 1273248 | 12/5/2008 | $25,920.00 |
| 1280038 | 12/12/2008 | $32,256.00 |
| DM1273242CP | 12/22/2008 | $6,034.24 |
| 1288577 | 1/1/2009 | $4,620.00 |
| 1288578 | 1/1/2009 | $8,184.00 |
| 1288579 | 1/1/2009 | $5,082.00 |
| 1288580 | 1/1/2009 | $6,138.00 |
| 1288581 | 1/1/2009 | $2,508.00 |
| 1288582 | 1/1/2009 | $3,168.00 |
| 1288671 | 1/1/2009 | $74,544.00 |
| 1288672 | 1/1/2009 | $57,576.00 |
| 1288673 | 1/1/2009 | $31,752.00 |
| 1288674 | 1/1/2009 | $19,440.00 |
| 1288675 | 1/1/2009 | $11,120.00 |
| 1288676 | 1/1/2009 | $42,680.00 |
| 1288677 | 1/1/2009 | $31,632.00 |
| 1288693 | 1/1/2009 | $61,680.00 |
| 1288695 | 1/1/2009 | $22,240.00 |
| 1289118 | 1/1/2009 | $29,824.00 |
| 1289119 | 1/1/2009 | $8,640.00 |
| 1289120 | 1/1/2009 | $49,960.00 |
| 1289121 | 1/1/2009 | $63,200.00 |
| 1289122 | 1/1/2009 | $110,656.00 |
| 1289123 | 1/1/2009 | $7,040.00 |
| 1289124 | 1/1/2009 | $4,608.00 |
| 1289125 | 1/1/2009 | $9,216.00 |
| 1289126 | 1/1/2009 | $9,216.00 |
| 1289127 | 1/1/2009 | $13,104.00 |
| 1289128 | 1/1/2009 | $18,432.00 |
| 1289129 | 1/1/2009 | $21,888.00 |
| 1289130 | 1/1/2009 | $18,432.00 |
| 1289262 | 1/2/2009 | $4,480.00 |
| 1289285 | 1/3/2009 | $12,480.00 |
| 1289286 | 1/3/2009 | $5,120.00 |
| 1289287 | 1/3/2009 | $13,760.00 |
| 1289288 | 1/3/2009 | $19,200.00 |
| 1289289 | 1/3/2009 | $19,200.00 |
| 1289475 | 1/3/2009 | $5,440.00 |
| CB-DM_025694243 | 1/26/2009 | $2,000.00 |
| CB-DM_025694466 | 1/26/2009 | $2,999.00 |
| CB-DM_004648619 | 1/27/2009 | $4,879.00 |
| CB-DM_004648642 | 1/27/2009 | $3,442.08 |
| CB-DM_004649297 | 1/27/2009 | $3,025.00 |
| CB-DM_004649463 | 1/27/2009 | $3,871.00 |
| CB-DM_004650421 | 1/27/2009 | $4,478.00 |
| CB-DM_004650646 | 1/27/2009 | $1,614.24 |
| CB-DM_004650720 | 1/27/2009 | $3,867.50 |
| CB-DM_004701110 | 1/27/2009 | $9,184.00 |
| CB-DM_004701111 | 1/27/2009 | $6,440.00 |

Exhibit A

| Invoice No. | Invoice Date | Balance Owed |
|---|---|---|
| CB-DM_022801141 | 1/27/2009 | $9,160.00 |
| CB-DM_022801142 | 1/27/2009 | $6,680.00 |
| CB-DM_025508368 | 1/27/2009 | $32,000.00 |
| CB-DM_025508369 | 1/27/2009 | $9,944.00 |
| CB-DM_025508397 | 1/27/2009 | $11,240.00 |
| CB-DM_025508399 | 1/27/2009 | $4,128.00 |
| CB-DM_025686292 | 1/27/2009 | $1,980.00 |
| CB-DM_025689452 | 1/27/2009 | $1,032.00 |
| CB-DM_025689903 | 1/27/2009 | $1,359.37 |
| CB-DM_025690361 | 1/27/2009 | $2,999.00 |
| CB-DM_025690379 | 1/27/2009 | $864.00 |
| CB-DM_025690701 | 1/27/2009 | $872.00 |
| CB-DM_025690797 | 1/27/2009 | $767.00 |
| CB-DM_025691354 | 1/27/2009 | $976.00 |
| CB-DM_025691426 | 1/27/2009 | $1,564.50 |
| CB-DM_025691798 | 1/27/2009 | $739.50 |
| CB-DM_025692102 | 1/27/2009 | $1,024.00 |
| CB-DM_025692178 | 1/27/2009 | $1,608.00 |
| CB-DM_025692387 | 1/27/2009 | $1,200.00 |
| CB-DM_025692614 | 1/27/2009 | $824.00 |
| CB-DM_025693530 | 1/27/2009 | $3,971.50 |
| CB-DM_025693976 | 1/27/2009 | $2,111.00 |
| CB-DM_025694032 | 1/27/2009 | $2,984.42 |
| CB-DM_025694905 | 1/27/2009 | $1,688.00 |
| CB-DM_025694938 | 1/27/2009 | $1,336.46 |
| CB-DM_031001078 | 1/27/2009 | $7,824.00 |
| CB-DM_031001079 | 1/27/2009 | $4,296.00 |
| CB-DM_034410313 | 1/27/2009 | $13,256.00 |
| CB-DM_034410314 | 1/27/2009 | $1,344.00 |
| CB-DM_034410341 | 1/27/2009 | $10,152.00 |
| CB-DM_034410342 | 1/27/2009 | $16,096.00 |
| CB-DM_034512448 | 1/27/2009 | $888.00 |
| CB-DM_034512644 | 1/27/2009 | $1,203.08 |
| CB-DM_034512667 | 1/27/2009 | $304.00 |
| CB-DM_034512780 | 1/27/2009 | $1,740.00 |
| CB-DM_034512985 | 1/27/2009 | $1,072.00 |
| CB-DM_034512992 | 1/27/2009 | $759.00 |
| CB-DM_034513456 | 1/27/2009 | $254.45 |
| CB-DM_034513632 | 1/27/2009 | $575.46 |
| CB-DM_034513661 | 1/27/2009 | $2,299.50 |
| CB-DM_034513964 | 1/27/2009 | $400.00 |
| CB-DM_034701091 | 1/27/2009 | $5,584.00 |
| CB-DM_034701092 | 1/27/2009 | $3,664.00 |
| CB-DM_035309226 | 1/27/2009 | $33,536.00 |
| CB-DM_035309227 | 1/27/2009 | $7,456.00 |
| CB-DM_035309257 | 1/27/2009 | $5,832.00 |
| CB-DM_035309258 | 1/27/2009 | $2,488.00 |
| CB-DM_035542345 | 1/27/2009 | $2,539.50 |
| CB-DM_035542496 | 1/27/2009 | $1,942.08 |
| CB-DM_035542853 | 1/27/2009 | $376.00 |

Exhibit A

| Invoice No. | Invoice Date | Balance Owed |
|---|---|---|
| CB-DM_035542902 | 1/27/2009 | $335.00 |
| CB-DM_035543053 | 1/27/2009 | $512.00 |
| CB-DM_035543101 | 1/27/2009 | $600.00 |
| CB-DM_035543184 | 1/27/2009 | $254.00 |
| CB-DM_035543366 | 1/27/2009 | $304.00 |
| CB-DM_035543438 | 1/27/2009 | $120.00 |
| CB-DM_035543840 | 1/27/2009 | $3,904.00 |
| CB-DM_035544025 | 1/27/2009 | $2,273.41 |
| CB-DM_035544206 | 1/27/2009 | $1,424.00 |
| CB-DM_044701083 | 1/27/2009 | $7,528.00 |
| CB-DM_044701084 | 1/27/2009 | $5,008.00 |
| CB-DM_056400522 | 1/27/2009 | $1,274.50 |
| CB-DM_056400523 | 1/27/2009 | $1,260.00 |
| CB-DM_056401149 | 1/27/2009 | $1,537.00 |
| CB-DM_056401150 | 1/27/2009 | $1,651.50 |
| CB-DM_056401274 | 1/27/2009 | $288.00 |
| CB-DM_056401275 | 1/27/2009 | $640.00 |
| CB-DM_056401701 | 1/27/2009 | $566.75 |
| CB-DM_056401702 | 1/27/2009 | $2,345.50 |
| CB-DM_056402056 | 1/27/2009 | $963.90 |
| CB-DM_056402057 | 1/27/2009 | $2,248.00 |
| CB-DM_056708219 | 1/27/2009 | $20,824.00 |
| CB-DM_056708220 | 1/27/2009 | $4,488.00 |
| CB-DM_056708250 | 1/27/2009 | $16,856.00 |
| CB-DM_056708251 | 1/27/2009 | $22,920.00 |
| CB-DM_075505386 | 1/27/2009 | $28,608.00 |
| CB-DM_075505387 | 1/27/2009 | $11,472.00 |
| CB-DM_075505418 | 1/27/2009 | $29,544.00 |
| CB-DM_075505419 | 1/27/2009 | $14,104.00 |
| CB-DM_075697000 | 1/27/2009 | $1,534.16 |
| CB-DM_075697009 | 1/27/2009 | $3,386.50 |
| CB-DM_075697316 | 1/27/2009 | $2,290.87 |
| CB-DM_075697642 | 1/27/2009 | $2,627.32 |
| CB-DM_075697776 | 1/27/2009 | $843.50 |
| CB-DM_075698375 | 1/27/2009 | $835.50 |
| CB-DM_075698443 | 1/27/2009 | $272.00 |
| CB-DM_075699031 | 1/27/2009 | $2,081.05 |
| CB-DM_075699095 | 1/27/2009 | $6,730.50 |
| CB-DM_076901113 | 1/27/2009 | $10,552.00 |
| CB-DM_076901114 | 1/27/2009 | $8,936.00 |
| CB-DM_077505533 | 1/27/2009 | $23,448.00 |
| CB-DM_077505534 | 1/27/2009 | $5,920.00 |
| CB-DM_077505562 | 1/27/2009 | $16,264.00 |
| CB-DM_077505563 | 1/27/2009 | $8,136.00 |
| CB-DM_075698543 | 1/29/2009 | $64.00 |
| CB-DM_AV082258 | 1/29/2009 | $18,177.00 |
| | TOTAL: | $1,461,777.60 |

Exhibit A