Stephan W. Milo, Esquire (Virginia State Bar # 42156)
James L. Johnson, Esquire (Virginia State Bar # 68279)
WHARTON, ALDHIZER & WEAVER, PLC
The American Hotel
125 South Augusta Street, Suite 2000
Staunton, Virginia 24401
Telephone: (540) 213-7440

-and-

Elizabeth Thompson, Esquire
Jones Bothwell Dion & Thompson LLP
44 Montgomery Street, Suite 610
San Francisco, CA 94104-4608
Telephone: (415) 951-9168
Counsel for Respondent

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, Inc., *et al.* | Case No. 08-35653 |
| Debtors. | Jointly Administered |

**RESPONSE OF Z-LINE DESIGNS, INC. TO DEBTORS' SEVENTIETH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN (I) NO LIABILITY (LEGAL CLAIMS); (II) NO LIABILITY (SATISFIED CLAIMS); (III) NO LIABILITY (HUMAN RESOURCES CLAIMS); AND (IV) NO LIABILITY (MISCELLANEOUS CLAIMS))**

Z-Line Designs, Inc. ("Z-Line"), by and through its undersigned counsel, hereby responds to the Debtors' Seventieth Omnibus Objection to Claims (Disallowance of Certain (I) No Liability (Legal Claims); (II) No Liability (Satisfied Claims); (III) No Liability (Human Resources Claims); and (IV) No Liability (Miscellaneous Claims)) (ECF Doc. No. 7013, the "Objection") filed by the above confirmed debtors and debtors in possession (the "Debtors"), and in support thereof states as follows:

1

1.  Z-Line is an import manufacturer of home office, home entertainment, seating and home décor, and ready-to-assemble ("RTA") furniture.

2.  On or about January 30, 2009, Z-Line filed a proof of claim, which the clerk of the Court designated as Claim Number 9237 (the "Claim").

3.  The Claim is based on Debtor's failure to pay for the following products manufactured by Z-Line for Debtor: (1) 424 television stands, Skylar model, 44" wide ("Skylar"), at the negotiated price of $111.55 per unit, totaling $47,297.20; and (2) 810 television stands, Model No. Z22-1S, 55" wide ("Z22-1S"), at the negotiated price of $137.74 per unit, totaling $111,569.40. Ex. A, Declaration of Joann Lee in Support of Response of Z-Line Designs, Inc. to Debtors' Objection ("Lee Dec."), ¶¶ 2, 5.

4.  In the Objection, Debtors deny any liability to Z-Line, asserting that "Debtors exited business with the Claimant before the date the alleged claims were incurred, and no letter of credit or purchase order was issued for the items upon which the claim is based." See Ex. F of the Objection.

## FACTUAL BACKGROUND

5.  Z-Line and Debtors did business with each other for approximately four years, beginning in 2003 and ending in December 2007. Lee Dec., ¶ 3-4 and Ex. B thereto. During that period of time, the parties developed a long-standing agreement and practice under which Z-Line and Debtor would negotiate the prices for particular items, and Z-Line would manufacture those items based on Debtor's order quantity forecasts. Ex. A, Lee Dec., ¶ 6. It was expressly understood and agreed that in order for Z-Line to meet Debtors' delivery deadlines, Z-Line needed to begin production at least 30 days before Debtors finalized the exact quantity of a given order and issued a formal purchase order. Ex. A, Lee Dec., ¶ 7. This was due to the fact that Z-Line required 90 to 120 days to manufacture and ship products—60 to 90 days were needed for production, and 30 days were needed for ocean transit. *Id.*, ¶ 6. However, Debtors only finalized the quantities of its orders 60 days before Debtors' estimated receipt date ("ERD"). *Id.* If

2

product was delivered after the ERD, Debtors had the right to penalize Z-Line by a charge-back against the amounts owed Z-Line. *Id.* This agreement and practice had long been in place by the time Z-Line manufactured the products that are the basis of its Claim. *Id.*

6. The fact that Z-Line was required to begin production on Debtors' orders at least 30 days before the order quantities were finalized was known, understood, and agreed to by Debtor. Lee Dec., ¶ 7. Indeed, Debtors' "New Product Setup Information" forms, which it required Z-Line to complete for each product to be manufactured by Z-Line, required Z-Line to provide Debtors with detailed information about each product, including production lead times. *Id.* and Exs. C-D. Occasional, minor variations in Debtors' final order amounts were resolved by adjusting future amounts to be shipped; however, Z-Line could not be and was not expected to absorb wholesale order cancellations by Debtors. Ex. A, Lee Dec., ¶ 10.

7. Debtors sent Z-Line its order forecasts on a weekly basis, using Debtors' "830 Planning Schedule." Ex. A, Lee Dec., ¶ 11-12 and Ex. E thereto. This schedule provided information about the item quantities Debtors forecasted ordering each week in the ensuing six months. *Id.* Quantities were listed as "planning" or "firm." *Id.* A "firm" designation meant that the order was within Debtors "order lock period" and that Debtors would thereafter issue a purchase order. Ex. A, Lee Dec., ¶ 6 and Ex. H thereto (p. 13-14.)

8. On the 830 Planning Schedule for July 17, 2007, Debtors quantity forecast for Skylar Model orders was 3,392 units. Ex. E. Its forecast for Z22-S1 Models was 5,940 units, including 270 "firm" quantities, but on the next week's 830 Planning Schedule, Debtors had erased all quantities for both models. *Id.*

9. Z-Line was not given any advance notice of these cancellations. Lee Dec., ¶ 14. Z-Line was able to halt production and/or convert some of the stock ordered by Debtors to other customers or products, but it was unable to so completely. *Id.*, ¶ 15. Z-

3

Line thus ended up with $158,866.60 of unpaid stock manufactured for Debtors. *Id.* and Ex. G thereto.

10. Debtors contend that they "exited business with the Claimant before the date the alleged claims were incurred," but that is not accurate. It was not until December 13, 2007, almost five months later, that Debtors terminated the relationship with Z-Line. Ex. A, Lee Dec., ¶ 3 and Ex. B thereto.

## CONCLUSION

Z-Line requests that the Debtors' Objection to its Claim be overruled. The parties had a well-established agreement and protocol for negotiating prices, initiating the production of stock, and payment, which obligated the Debtors to pay Z-Line for products manufactured based on Debtors' weekly forecasts. Debtors should not be allowed to circumvent payment obligations simply because Debtors failed to issue purchase orders and letters of credit until after production was underway.

Staunton, Virginia
April 21, 2010

        Z-Line Designs, Inc.
        By Counsel


        /s/ Stephan W. Milo
        Stephan W. Milo, Esquire (Virginia State Bar # 42156)
        James L. Johnson, Esquire (Virginia State Bar # 68279)
        WHARTON, ALDHIZER & WEAVER, PLC
        The American Hotel
        125 South Augusta Street, Suite 2000
        Staunton, Virginia 24401
        Telephone: (540) 213-7440
        Facsimile: (540) 213-0390

        -and-

        Elizabeth Thompson, Esquire
        Jones Bothwell Dion & Thompson LLP
        44 Montgomery Street, Suite 610
        San Francisco, CA 94104-4608
        Telephone: (415) 951-9168

# **Certificate of Service**

I, the undersigned, declare that I am over the age of eighteen (18) years and not a party to the within cause; that I am employed in the City of Staunton and my business address is 125 South Augusta Street, Suite 2000, Staunton, Virginia 24401. I hereby certify that on this 22nd day of April, 2010 a copy of the foregoing **RESPONSE OF Z-LINE DESIGNS, INC. TO DEBTORS' SEVENTIETH OMNIBUS OBJECTION TO CLAIMS** was sent via United States Bankruptcy Court's ECF email notification system for this case by virtue of the electronic filing of same and by email to:

Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square PO BOX 636
Wilmington, DE 19899-0636
Attn: Gregg M. Galardi, Esq. and Ian S. Fredericks, Esq.
project.circuitcity@skadden.com

McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Attn: Dion W. Hayes, Esq. and Douglas M. Foley, Esq.
circuitcityservice@mcguirewoods.com

Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606
Attn: Chris L. Dickerson, Esq.
project.circuitcity@skadden.com

/s/ Stephan W. Milo

S1001301