Satchidananda Mims a.k.a. Satchi Mims
P.O. BOX 19304
OAKLAND, CA 94619

510-530-6345

Creditor in pro se



RICHMOND DIVISION
FILED   APR 1 6 2010
CLERK
US BANKRUPTCY COURT

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### -RICHMOND JURISDICTION-

In re:

CIRCUIT CITY STORES, INC., et. al.,

Debtors.

Chapter 11

Case No.: 08-35653 (KRH)

Jointly Administered

CREDITOR SATCHI MIMS RESPONSE; AND MEMORANDUM OF POINTS AUTHORITES IN OPPOSITION TO DEBTORS' SEVENTIETH OMNIBUS OBJECTION TO CERTAIN (I) NO LIABILITY LEGAL CLAIMS

## INTRODUCTION

Satchidananda Mims a.k.a. Satchi Mims. ("the, Creditor") hereby request the United States Bankruptcy Court for an order allowing claim #5708 for $9,500.00 against Circuit City Stores West Coast, Inc. et. al. ("the Debtors") to stand the Debtors Seventieth Omnibus Objection ("the Disallowance of Certain (I) No Liability (Legal Claims)"), on the grounds that ("the Creditor") claim(s) involving litigation are allowable pursuant to Bankruptcy Code 11 U.S.C.S. § 502(b) (1-9), are supported by a preponderance amount of evidence, and sufficient facts exists to grant ("the Creditor") protection under the legal theory of equitable estoppel.

## RELEVANT FACTS

On November 10, 2008 ("the, Petition Date"), the above-captioned debtors and debtors-in-possession ("Collectively, Debtors"), filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code ("the, Bankruptcy Code").

As a result of Debtor's bankruptcy filing, the litigation between Creditor and Debtor Circuit City Stores, Inc., et. al. ("the Debtors") in Superior Court of California the County of Alameda Case no. RG08399323 was automatically stayed and Satchi Mims ("the Creditor") could not add Circuit City Stores West Coast, Inc. as a defendant in the litigation. Both Circuit

1   City Stores, Inc. and Circuit City Stores West Coast, Inc. ("the Debtors") are liable for damages

2   in the California state court litigation, and claims against ("the Debtors") should be allowed.

3        On or about September 07, 2005 ("the Creditor") purchased a Toshiba Satellite Computer

4   from ("the Debtors") and entered into the 'City Advantage Protection Plan' insurance service

5   agreement; in which Circuit City Stores, Inc. and Circuit City Stores West Coast, Inc. ("the

6   Debtors") promised to repair any defects to the computer and if any defects couldn't be repaired,

7   the computer would be replaced or costs for its purchase price refunded.  Approximately forty

8   five days after the computer was purchased, it began to have defect problems.  The Creditor went

9   back to the Circuit City Store located in Emeryville California, where the computer was

10  purchased and reported the problems with the computer, requested a replacement and employees

11  refused to take the computer back or take any insurance action and referred Creditor to the

12  manufacture Toshiba's warranty.  Creditor contacted Toshiba and they were unable to

13  successfully repair the computer several times.  Creditor has since requested computer repair and

14  replacement from Circuit City Stores, Inc. ("the Debtors") numerous times, some on the

15  following dates:  April 11, 2006, April 14, 2006, July 23, 2007, August 22, 2007, September 06,

16  2007, and June 24, 2008…etc.  Each time Debtor has attempted to repair the defects of the

17  computer, Debtor has been unsuccessful.  The computer is still defective, the F10 and F11 keys

18  come on by themselves when the computer is moved causing the computer to become

19  inoperable.  Additionally the computer screen still has problems during computer load up,

20  sometimes screen background appears flickering white causing computer to become inoperable,

21  and the AC adapter was returned to Creditor cracked after the June 24, 2008 attempted repair.

22  Creditor contacted Debtor in writing on or about June 24, 2008 requesting for the computer to be

23  replaced or refunded under the term of their agreement.  Circuit City Stores, Inc. and Circuit City

24  Stores West Coast, Inc. has since failed and refused to issue a replacement computer or refund to

25  ("the Creditor").  As a result of over two years of filing insurance claims through Circuit City

26  Stores Inc., and Debtors not fulfilling its promise to replace Creditors computer or refund

27  Creditors money in an amount equal to purchase price, the Creditor filed a lawsuit.

28        On July 21, 2008 ("the Creditor") filed a complaint seeking damages for Breach of

29  Contract, Breach of the covenant of good faith and fair dealing of an insurance contract, Breach

30  of Warranty merchantable, Breach of Warranty fitness and Fraud.  Although the complaint

31  involves in part a contract dispute between ("the Debtors") and ("the Creditor"), the basic

32  premise of the complaint filed in Superior court is the alleged Fraud. Debtors were functioning as

CREDITOR'S RESPONSE TO ("THE DEBTORS ") SEVENTIETH OMNIBUS OBJECTION - 2

1  insurer of the Creditor's Toshiba Laptop Computer ("property") and made false promises in its

2  advertisements and contracts. Based on their actions, it could be concluded Circuit City Stores,

3  Inc. and Circuit City Stores West Coast, Inc. ("the Debtors") had no intention on fulfilling its

4  promises. For example, ("the Debtors") made the promise in their written agreements and

5  advertisement to replace the computer, or refund money, if the computer couldn't be repaired by

6  ("the Debtors"). Circuit City Stores, Inc. attempted to repair the computer more than 13 times

7  and was unsuccessful. ("The Debtors") actions alone are enough to establish fraud within

8  California. California law defines the actions of ("the Debtors") as being deceit. A deceit is a

9  promise made without any intention of performing it (*Civ. Code § 1710(4)*); See *Locke v.*

10  *Warner Bros., Inc. (1997)* 57 Cal. App. 4th 354, 66 Cal. Rptr. 2d. The court must consider

11  California state law in making decisions on issues involving bankruptcy in respect to Creditor's

12  claim. "Applicable law" in 11 USCS § 502(b) means place of making contract, not Bankruptcy

13  Court's forum, unless contract provides to contrary see In re Knight (1987, BC MD Ga) 76 BR

14  857, 16 BCD 390. Furthermore, the issue whether claim against debtor should be disallowed in

15  bankruptcy on ground claim is unenforceable against debtor or debtor's property under

16  "applicable law" is determined with reference to state law. See In re Rhead (1995, BC DC Ariz)

17  179 BR 169. Also see Exhibit 1, a copy of the complaint attached and made a part hereof. For

18  that reason, a significant amount of the debt owed to Creditor is non-dischargeable debt pursuant

19  *11 U.S.C.S §§ 523(a) (2)* and *523(a) (3)*. ("The Debtors") filing chapter 11 Bankruptcy is further

20  proof that Debtor Circuit City Stores, Inc. had no intention on fulfilling its promise and

21  obligations owed to Creditor. Additionally, both ("the Debtors") were obligated by the insurance

22  contract to indemnify Creditor's computer until September 2009 and as of April 2010 have failed

23  to make any attempt to rectify issues. Even if ("the Creditor") didn't file a lawsuit against

24  Circuit City Stores, Inc., ("the Debtors") would be liable as the insurer and seller of the

25  computer, under California law. The facts stated in the complaint and exhibits attached to the

26  complaint, explain ("the Debtors") amount in damages and legal responsibility to ("the

27  Creditor"). The fact that litigation was stopped, due to the automatic stay put in place when

28  ("the Debtors") filed bankruptcy, and ("the Debtors") dispute the damages, does not eliminate

29  ("the Debtors") liability.

30      Therefore Creditor contends the claim filed against Circuit City Stores West Coast, Inc.

31  ("the Debtors") is reasonable and should be allowed, and ("the Debtors") objection should be

32  overruled as to Satchidananda Mims aka Satchi Mims ("the Creditor") claim(s).

CREDITOR'S RESPONSE TO ("THE DEBTORS ") SEVENTIETH OMNIBUS OBJECTION - 3

## ARGUMENT

The Seventieth Omnibus objection as to ("the Creditor") Satchidananda Mims a.k.a. Satchi Mims filed proofs of claim #5708 should be overruled for the following reasons:

### A. Debtor's Seventieth Omnibus Objection Violates Rule 3007

1. Debtors violated Federal Rule of Bankruptcy procedure 3007. Rule 3007 states is relevant part: "(e) Requirements for Omnibus Objection An omnibus objection shall: ... (6) contain objections to no more than 100 claims." The Debtors filed an Omnibus objection to more than 100 claims.

In addition, Rule 3007 also states the following in relevant part: "... (d) Omnibus objection. Subject to subdivision (e), objections to more than one claim may be joined in an omnibus objection if all the claims were filed by the same entity, or the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because: (1) they duplicate other claims; (2) they have been filed in the wrong case; (3) they have been amended by subsequently filed proofs of claim; (4) they were not timely filed; (5) they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order; (6) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance; (7) they are interests, rather than claims; or (8) they assert priority in an amount that exceeds the maximum amount under § 507 of the Code." The Seventieth Omnibus Objection to ("the Creditor") claims is based on the disallowance of certain legal claims which does not fall within the scope of an Omnibus Objection, under Rule 3007. The law only allows Omnibus Objections for reasons stated under Rule 3007(e) as stated above. See *In re Taylor*, (2003) 289 B.R. 379.

Therefore objection to the Creditor's claim(s) should be overruled.

### B. The Creditor Has Legitimate Legal Claims Against The Debtors

1. A Claimant is entitled to recoveries for a single liability against a single debtor, and it is entitled to a single satisfaction, if at all any particular claim of liability exists against a debtor. In this particular case liability exists, because Creditor filed two separate proof of claims based on evidence and pending California State litigation for each of ("the Debtors") that are legally responsible for monetary damages. By defining, "claim" broadly in the Bankruptcy Code as any "right to payment" or as any "right to an equitable remedy," Congress has adopted the broadest possible definition of "debt." Debt as the term is used in the Bankruptcy Code is nothing more,

1   nor less than enforceable obligation.  See, 11 U.S.C.A. §§ 101(5), 101(12); *In re Gorchev,*
2   *(2002)* 275 B.R. 154. Only parties such as Satchi Mims ("the Creditor") that hold "rights to
3   payment" against an estate, hold valid bankruptcy claims.  See 11 U.S.C.A. § 101(5) (A).
4   Creditor filed one proof of claim in relation to ("the Debtors") Circuit City Stores, Inc. and
5   another proof of claim in relation to ("the Debtors") Circuit City Stores West Coast, Inc.  Each
6   proof of claim is separate even though liability comes from facts alleged in the same lawsuit.
7   Once a creditor has filed a valid proof of claim, burden of production of proof shifts to debtor to
8   rebut claim's prima facie validity.  See *Fed. Rules Bankr. Proc. Rule 3001(f), 11 U.S.C.A.*
9   For example, a Debtors' objection to 16 unsecured claims filed by creditors on grounds that there
10  was insufficient information to support claims was overruled, because debtors themselves had
11  scheduled claims in virtually same amount as presented by creditors; insufficient documentation
12  was not sufficient basis for disallowing claims under 11 USCS § 502. See In re Martinez (2007,
13  BC SD Fla) 20 FLW Fed B 524.  Stating that claims are disputed in the lawsuit and ("the
14  Debtors") books don't show any liability doesn't rebut the prima facie evidence presented by the
15  proof of claims.  Even if ("the Debtors") are having difficulty with claim estimations amounts in
16  *their available documentation and books.  Difficulty or impossibility of estimation of claim*
17  under 11 USCS § 502 no longer constitutes legitimate basis for disallowing any prepetition right
18  to payments as "claim" against estate; term "claim" is broad enough to encompass unliquidated,
19  contingent right to payment under prepetition indemnification agreement executed by debtor,
20  even though triggering contingency does not occur until post petition. In re Hemingway Transp.
21  (1992, CA1 Mass) 954 F2d 1, 26 CBC2d 372, CCH Bankr L Rptr P 74431, 22 ELR 20719.
22         Besides, when a creditor has pending state court litigation, as the Creditor does in this
23  case without a judgment and claims exist such as fraud, creditor has a valid claim. See, *In re*
24  *Garzoni, (2002)* 35 Fed.Appx. 182. Furthermore to be proper, objection to a proof a claim must
25  allege facts which, if accepted as true, would trigger one of the statutory reasons for disallowing
26  claim; if it does not then the objection should not be sustained. See Bankr. Code, 11 U.S.C.A. §
27  502(b) (1-9); *In re Taylor,* (2003) 289 B.R. 379. ("The Debtors") objection does not allege
28  legitimate statutory reasons for disallowing the Creditor's claim #5708.  Therefore the claim
29  submitted by ("the Creditor") is valid and should be allowed.
30         **C. Equitable Estoppel**
31         1. Satchidananda Mims a.k.a. Satchi Mims ("the Creditor") hereby invokes the defense
32  theory of equitable estoppel. As stated in Exhibit 4, the Debtors filed bankruptcy collectively on

CREDITOR'S RESPONSE TO ("THE DEBTORS ") SEVENTIETH OMNIBUS OBJECTION - 5

1   November 10, 2008 and sometime thereafter issued Notice of commencement of Chapter 11

2   Bankruptcy Cases, Meeting of Creditors and fixing of certain dates to Creditors. In addition,

3   Debtor's stated in relevant part, paragraph Joint Administration of Cases, "... consolidating the

4   cases for procedural purposes only under Case No. 08-35653." Which implies that any claim

5   filed will be against the individual Debtor listed on the proof of claim. Also see the address

6   differences between the Debtors. Circuit City Stores, Inc. has an address in Richmond, Virginia

7   and Circuit City Stores West Coast, Inc. has an address in Boulevard, Westminster, Colorado.

8        2. On or about December 2008 Debtor's issued two proofs of claim forms to ("the

9   Creditor") Satchi Mims, which were completed by ("the Creditor") and filed in Bankruptcy

10  Court. See Exhibit 4. Look carefully at the two proof of claim forms, on the bottom half of the

11  forms the Master codes and scan codes identify that the form numbers issued to Creditor are

12  different. Debtor's actions infer that the Debtor's are liable for Creditor's claims. If ("the

13  Debtors") were not liable in some capacity, they wouldn't have issued their own version of proof

14  of claim forms to be filed in court by ("the Creditor"). Debtor's actions are inconsistent, because

15  they infer liability to ("the Creditor") or claimant, and on the other hand file and Omnibus

16  Objection to Creditor Satchidananda Mims a.k.a. Satchi Mims proof of claim(s). If a chapter 11

17  debtor's bad conduct has adversely affected a creditor who acted in reliance, the creditor may

18  raise estoppel as a defense, even if the debtor's plan reserves the right to object to claims. Also,

19  if the facts are such that debtor's failure to disclose a claim against a creditor or an objection to a

20  creditor's claim misleads and damages the creditor, such creditor may invoke the theory of

21  estoppel. See Bankr.Code, 11 U.S.C.A. §1123(b)(3)(B). If equitable estoppel is not granted

22  against ("the Debtors"), ("the Creditor") will be irreparably harmed by losing ability to claim

23  damages of fraud against Circuit City Stores West Coast, Inc. Therefore, ("the Creditor")

24  request that this court issue preclusion to ("the Debtors"), from denying the truth of the facts

25  regarding the two claim forms, issued to ("the Creditor") by ("the Debtors"), and the currently

26  filed proof of claims forms which has, in contemplation of law, become established by the

27  actions of Debtors. ·

28      **D. Lack of Evidence**

29      1. On or about January 27, 2009 Creditor filed a Motion for Relief from the Automatic

30  Stay put into place when Debtors filed bankruptcy to continue pending California State Court

31  Litigation, with Exhibits 1-4 attached describing the litigation; reference (Docket # 1822). A

32  copy of Exhibits 1 to 4 are attached to this response and made here apart of. Exhibits 1 through

1   4 provide evidence of Debtors liabilities and support the Creditor's filed proof of claims against

2   ("the Debtors"). A claim may be disallowed, not for just any reason, but only for one of the

3   reasons enumerated by Congress; bankruptcy court has no discretion in this regard and cannot

4   disallow claim for reasons beyond those stated in statute. See Bankr. Code, *11 U.S.C.A. §502(b)*

5   *(1-9)*. The nine grounds listed in bankruptcy statue for disallowing proof of claim are the nine

6   exclusive grounds available to properly underpin an objection to proof of claim.   See *In re*

7   *Herron, (2008)* 381 B.R. 184. ("The Debtors") indicate there is no liability in their objection to

8   the claims, but provides no evidence.  A properly executed and filed proof of claim constitutes

9   prima facie evidence of validity and amount of claim, and burden is on party objecting to the

10  proof of claim to present sufficient evidence to overcome this prima facie evidence.  See *Fed.*

11  *Rules Bankr. Proc.Rule 3001(f)*, 11 U.S.C.A.; *In re Welty*, (2006) 335 B.R. 84.  A proof of claim

12  executed and filed in accordance with Bankruptcy Rules does not lose it presumptive validity

13  merely, because objection is filed thereto, unless objection is supported by substantial evidence.

14  See Fed. Rules Bankr. Proc. Rule 3001(f), 11 U.S.C.A.; *In re Mahoney Hawkes*, LLP, (2005)

15  334 B.R. 41. Burden of proving claim is incorrect under 11 USCS § 502(a) is on objecting party.

16  In re Petersen (1984, BC DC Or) 42 BR 42.

17  Therefore, ("the Debtors") objection to the Creditor's claims should be overruled.

18      E. **Omnibus Objection Superfluous**

19      Creditor should not be continuously subjected to objections or omnibus objections which

20  do not fit within the scope of Bankr. Code, *11 USCS § 502(b) (1-9)* or Federal Rule of

21  Bankruptcy procedure 3007. The Bankruptcy court properly overruled debtor's objections to

22  claims based solely on grounds not recognized under *11 USCS § 502*; neither bankruptcy

23  procedural rules nor instructional language on official forms overrode clear statutory language.

24  See *Dove-Nation v eCast Settlement Corp. (In re Dove-Nation)* (2004, BAP8) 318 BR 147. It is

25  unlawful, unconscionable and bias for court to allow ("the Debtors") the power to Omnibus

26  object to ("the Creditor") Satchi Mims claim on any grounds and on any bases, for any reason at

27  any time.  Although ("the Debtors") don't have a valid reason for objection to Creditor's claim

28  #5708, it seems that they intend to keep objecting in hopes that either the Creditor won't

29  respond, or and to prevent the Creditor from receiving his owed compensation. This is the

30  second objection to Creditor's claim, the initial objection  Docket # 3513 for Duplicate claims

31  was voluntary withdrawn by the Debtors, because objection was unwarranted.  Now the Debtors'

32  have filed an objection to certain legal claims which parallels the objection to Creditor's other

1  claim # 5469, which doesn't fit within the scope of the Bankruptcy Code or Federal Rules of

2  Bankruptcy Procedure.   "Based upon Bankruptcy Code and Federal Rules of Bankruptcy

3  Procedure, Bankruptcy court found that various Chapter 7 trustees' objections to creditors' claims

4  should be overruled where these objections failed to invoke any statutory support for denial of

5  claim." *In re Taylor* (2003, BC ND Ind) 289 BR 379.   "Debtor acts in good faith by objecting to

6  proof of claim that lacks requisite documentation; once documentation has been provided, if

7  debtor lacks any other basis for prosecuting objection to claim, court may find that debtor has

8  acted in bad faith or, in appropriate circumstances, that debtor's attorney is subject to sanctions."

9  *In re Armstrong* (2005, BC ND Tex) 320 BR 97, 53 CBC2d 1393.  Responses to objections,

10  documentation and evidence have been repeatedly given to the court in support of each of

11  Creditor's claims.  It is becoming redundant and an indication of ("the Debtors") bad faith efforts

12  to prevent the Creditor from receiving the compensation owed to him.

13      Therefore the Creditor request for the seventieth omnibus objection to his claim #5708

14  for $9,500.00 be overruled, and ("the Debtors") be limited to filing objections to his claim(s)

15  which fall within the scope of the law, and the Bankruptcy Court issue any appropriate sanctions

16  to ("the Debtors") and or their counsel.

17

18                                    **CONCLUSION**

19

20      For the foregoing reasons ("the Creditor") Satchidananda Mims a.k.a. Satchi Mims

21  request that the Seventieth Omnibus objection to the Creditor's claim #5708 against ("the

22  Debtors") be overruled.

                          Dated this 07th day of April, 2010

23

24

25                                    Satchi Mims a.k.a.
                                      Satchidananda Mims

26

27

28

29

30

31

32

1  SATCHIDANANDA MIMS
   P.O. BOX 19304
2  OAKLAND, CA 94619

3  510-530-6345

4  Creditor in Pro Se

5

6          UNITED STATES BANKRUPTCY COURT
               EASTERN DISTRICT OF VIRGINIA
7

8  In re:                          Case No.: 08-35653-KRH

9  CIRCUIT CITY STORES, INC., et al.   Chapter 11

                Debtor(s).            [Jointly Administered]
10
                                     DELARATION IN SUPPORT OF
11                                   CREDITOR SATCHI MIMS RESPONSE
                                     TO DEBTOR'S SEVENTIETH OMNIBUS
12                                   OBJECTION TO CLAIMS

13           DECLARATION OF SATCHI MIMS

14  I, Satchidananda Mims a.k.a. Satchi Mims, declare under penalty of perjury:

15  1. I am a Creditor in the above action and the Plaintiff in the case of Mims v. Circuit City Stores,

16  Inc. (Case no. RG08399323) currently pending in the Superior Court of the County Alameda in

17  the State of California and I am acting as my own attorney.

18

19  2. On or about December 20, 2008, I received Debtor's notice of deadline for filing proof of

20  claim and notice Notice of commencement of Chapter 11 bankruptcy cases.  Sometime thereafter

21  I filed two claims in Bankruptcy Court. Both proofs of claims forms completed were given to me

22  by ("the Debtors"), for claims against Circuit City Stores West Coast, Inc. and Circuit City

23  Stores, Inc.

24

25  3. Relief from the Debtor's Seventhieth Omnibus Objection is necessary for me to continue the

26  pursuit of my legal claim against Circuit City Stores, Inc. and Circuit City Stores, West Coast Inc.

27  ("the Debtors").

28

                              1

4. On or about April 06, 2010, I received a copy of Debtor's Seventieth Omnibus Objection to Certain Legal Claims by U.S. mail. Debtor's indicated the deadline for filing and serving a response to the objection as April 22, 2010.   On their Objection notice Debtors state the following in relevant part;"pursuant to Rule 3007-1 of the local rules of the United States Bankruptcy Court For the Eastern District of Virginia and the Omnibus Objection procedures, unless a written Response and a request for a hearing are filed with the clerk of the court and served on the objection party within 30 days of the service of this objection, the court may deem any opposition waived…"  Accordingly, I haven't been given the proper 30 day notice to respond to Debtor's objection and the court should not subject me to waiving a right to respond, if response is received by the court of Debtors later than April 22, 2010.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: April 07, 2010

SATCHIDANANDA MIMS
a.k.a. Satchi Mims
Creditor in pro se

2