Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

            - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                          :    Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :    Case No. 08-35653 (KRH)
et al.,                         :
                                :
            Debtors.            :    Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' RESPONSE TO THE OBJECTION OF LG ELECTRONICS USA, INC. TO CONFIRMATION OF CHAPTER 11 PLAN OF LIQUIDATION**

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors")[1] hereby submit this response (the

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc.
*(cont'd)*

"Response") to the Objection of LG Electronics USA, Inc.

to Confirmation of Chapter 11 Plan of Liquidation (the

"Motion").   In support of the Response, the Debtors

respectfully state as follows:

### BACKGROUND

**A.    LG Electronic's Section 503(b)(9) Claim And The Debtors' Fifty-First Objection.**

1.    On or about December 18, 2008, LG

Electronics USA, Inc. ("LG Electronics") filed Claim No.

1261 (the "LG 503(b)(9) Claim") under section 503(b)(9)

of title 11 of the United States Code (the "Bankruptcy

Code").   Therein, LG Electronics claimed that it shipped

in the ordinary course of business $5,397,977.00 worth

of goods to the Debtors within the twenty (20) days

before the Petition Date for which LG Electronics had

not received payment.

_____

*(cont'd from previous page)*
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Proper ties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512). The address
for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
VA 23060.

2.    Pursuant to the Debtors' (I) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference (D.I. 5216) (the "Fifty-Second Omnibus Objection"), the Debtors sought to temporarily disallow the LG 503(b)(9) Claim pending the return of certain account of preferential transfers allegedly avoidable under Bankruptcy Code section 547.

3.    On January 6, 2010, the Court entered a Memorandum Opinion and Order (D.I. 6228) sustaining the Fifty-Second Omnibus Objection and temporarily disallowing the LG 503(b)(9) Claim.

**B.    The Plan.**

4.    On September 29, 2009, the Debtors and the Creditors' Committee (together, the "Plan Proponents") filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General

Unsecured Claims (the "Plan")[2].  The associated

disclosure statement (the "Disclosure Statement") was

approved on September 24, 2009.

5.    Generally, the Plan provides for the

liquidation of the Debtors under chapter 11 of the

Bankruptcy Code and the distribution of the proceeds of

the liquidation to holders of claims against the Debtors.

In particular, the Plan provides for the payment in full

of Allowed Administrative Claims (as defined in the

Plan), including Allowed 503(b)(9) Claims (as defined in

the Plan).  <u>See</u> Plan at Article III.A.1.  Currently, the

Plan allows for, but does not require, the creation of

reserves for claims that have not been allowed as of the

Effective Date.

**C.    Confirmation.**

6.    The hearing on confirmation of the Plan

(the "Confirmation Hearing") was originally scheduled

for November 23, 2009, subject to adjournment.  To date,

the Confirmation Hearing has been adjourned several

---

[2]   The Plan Proponents reserve the right to amend or modify the Plan in accordance with Bankruptcy Code section 1127 and any other applicable provisions of the Bankruptcy Code or the Bankruptcy Rules.

times and is currently scheduled for May 11, 2010,

subject to further adjournment.

**D.    The Objection.**

7.    By the Objection, LG Electronics objects

to the Plan on the grounds that the Plan fails to comply

with Bankruptcy Code section 1129(a)(9).

8.    Specifically, LG Electronics requests

that the Court deny confirmation of the Plan unless the

Plan is modified to require the Debtors and the Trustee

to create a reserve for disputed administrative expense

claims, including the LG 503(b)(9) Claim.

<strong>RESPONSE</strong>

9.    In an effort to resolve the Objection, to

facilitate confirmation of the Plan, and to further the

efficient administration of their chapter 11 cases, the

Debtors consent to the relief requested in the Objection.

10.    Specifically, the Debtors, with the

Creditors' Committee's general consent to the

establishment of reserves, agree to establish a reserve

in the amount of $5,397,977.00 for the exclusive benefit

of LG Electronics and from which the allowed amount, if

5

any, of the LG 503(b)(9) Claim will be paid under the Plan.

11.   The Debtors have attached as Exhibit A hereto a proposed form of order (the "Proposed Order") granting the relief requested in the Objection.

### RESERVATION OF RIGHTS

12.   The Debtors reserve any and all rights with respect to the Plan and confirmation of the Plan and objections thereto, including with respect to any pending or additional objections of LG Electronics.

### CONCLUSION

WHEREFORE, the Debtors respectfully request

that the Court enter the Proposed Order.

```
Dated: April 29, 2010        SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia    FLOM, LLP
                             Gregg M. Galardi, Esq.
                             Ian S. Fredericks, Esq.
                             P.O. Box 636
                             Wilmington, Delaware 19899-0636
                             (302) 651-3000

                                       - and -

                             SKADDEN, ARPS, SLATE, MEAGHER &
                             FLOM, LLP
                             Chris L. Dickerson, Esq.
                             155 North Wacker Drive
                             Chicago, Illinois 60606
                             (312) 407-0700

                                       - and -

                             MCGUIREWOODS LLP

                             _/s/ Douglas M. Foley_____
                             Douglas M. Foley (VSB No. 34364)
                             Sarah B. Boehm (VSB No. 45201)
                             One James Center
                             901 E. Cary Street
                             Richmond, Virginia 23219
                             (804) 775-1000

                             Counsel for Debtors and Debtors
                             in Possession
```

**EXHIBIT A**

**(Proposed Order)**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

          IN THE UNITED STATES BANKRUPTCY COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                   RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :    Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :    Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER WITH RESPECT TO THE OBJECTION OF LG ELECTRONICS
USA, INC. TO CONFIRMATION OF CHAPTER 11 PLAN OF
LIQUIDATION**

          Upon the Objection of LG Electronics USA, Inc.

to Confirmation of Chapter 11 Plan of Liquidation (the

"Objection") and the Debtors' response thereto (the

"Response"); and the Court having reviewed the Objection

and the Response; and the Court having determined that

the relief requested in the Objection and the Response is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Objection has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.    With the Debtors' consent, the Objection is SUSTAINED is to the extent set forth herein.

2.    The Debtors shall establish a reserve in the amount of $5,397,977.00 for the exclusive benefit of LG Electronics and from which the allowed amount, if any, of the LG 503(b)(9) Claim will be paid under the Plan.

3.    Both parties rights with respect to confirmation of the Plan and LG Electronics' remaining objections thereto, if any, are not waived and are expressly reserved.

4.    The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:  Richmond, Virginia
         _____, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

_/s/ Douglas M. Foley_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

_/s/ Douglas M. Foley____
Douglas M. Foley