| | |
|---|---|
| Gregg M. Galardi, Esq. | Sarah B. Boehm (VSB No. 45201) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                         :    Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :    Case No. 08-35653 (KRH)
et al.,                        :
                               :
          Debtors.             :    Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' RESPONSE TO THE JOINDER OF ONKYO USA CORPORATION TO MOTIONS OF PIONEER ELECTRONICS, INC. AND SAMSUNG ELECTRONICS AMERICA, INC. FOR AN ORDER REQUIRING A CONFIRMATION DEPOSIT PURSUANT TO RULE 3020 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, OR, IN THE ALTERNATIVE, OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN OF LIQUIDATION**

The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby submit this response (the "Response") to the Joinder of Onkyo USA Corporation ("Onkyo") to Motions of Pioneer Electronics, Inc. and Samsung Electronics America, Inc. for an Order Requiring a Confirmation Deposit Pursuant to Rule 3020 of the Federal Rules of Bankruptcy Procedure, or, in the Alternative, Objection to Confirmation of Chapter 11 Plan of Liquidation (the "Motion").  In support of the Response, the Debtors respectfully state as follows:

## BACKGROUND

**A.   Onkyo's Section 503(b)(9) Claim And The Debtors' Fifty-First Objection.**

1.   On or about November 20, 2008, Onkyo filed Claim No. 128 (the "Onkyo 503(b)(9) Claim") under section 503(b)(9) of title 11 of the United States Code (the "Bankruptcy Code").  Therein, Onkyo claimed that it

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

2

shipped in the ordinary course of business $4,905,048.57 worth of goods to the Debtors within the twenty (20) days before the Petition Date for which Onkyo had not received payment.

       2.   Pursuant to the Debtors' (I) Fifty-First Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference (D.I. 5214) (the "Fifty-First Omnibus Objection"), the Debtors sought to temporarily disallow, in part, the Onkyo 503(b)(9) Claim pending the return of certain account of preferential transfers allegedly avoidable under Bankruptcy Code section 547.

       3.   On January 6, 2010, the Court entered a Memorandum Opinion and Order (D.I. 6228) sustaining the Fifty-First Omnibus Objection and temporarily disallowing a portion of the Onkyo 503(b)(9) Claim.

       4.   Pursuant to the Settlement and Stipulation by and Among the Debtors and Onkyo USA Corporation Resolving the Debtors' Fourth Omnibus Objection to Claims 128, 958, and 2295 (D.I. 6313)(the "Settlement Agreement"), the Debtors and Onkyo agreed to

reduce the Onkyo 503(b)(9) Claim to the amount of $3,927,287.70, which continues to be temporarily disallowed pursuant to the order on the Fifty-First Omnibus Objection.

**B.    The Plan.**

5.    On September 29, 2009, the Debtors and the Creditors' Committee (together, the "Plan Proponents") filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan")[2]. The associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009.

6.    Generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code and the distribution of the proceeds of the liquidation to holders of claims against the Debtors. In particular, the Plan provides for the payment in full

---

[2]   The Plan Proponents reserve the right to amend or modify the Plan in accordance with Bankruptcy Code section 1127 and any other applicable provisions of the Bankruptcy Code or the Bankruptcy Rules.

4

of Allowed Administrative Claims (as defined in the Plan), including Allowed 503(b)(9) Claims (as defined in the Plan).  <u>See</u> Plan at Article III.A.1.  Currently, the Plan allows for, but does not require, the creation of reserves for claims that have not been allowed as of the Effective Date.

**C.  Confirmation.**

7.   The hearing on confirmation of the Plan (the "Confirmation Hearing") was originally scheduled for November 23, 2009, subject to adjournment.  To date, the Confirmation Hearing has been adjourned several times and is currently scheduled for May 11, 2010, subject to further adjournment.

**D.  The Motion.**

8.   In the Motion, Onkyo requests that, pursuant to Rule 3020(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), this Court order the Debtors to escrow all amounts that may be required to be paid on the Effective Date of the Plan, including the Onkyo 503(b)(9) Claim.

9.   In the alternative, in the event the Court does not order the creation of a Bankruptcy Rule

5

3020 reserve, Onkyo objects to the Plan on the grounds that the Plan fails to comply with Bankruptcy Code section 1129(a)(9).

10. The Motion is currently scheduled for hearing on May 11, 2010.

### RESPONSE

11. In an effort to settle the Motion, to facilitate confirmation of the Plan, and to further the efficient administration of their chapter 11 cases, the Debtors consent to the relief requested in the Motion.

12. Specifically, the Debtors, with the Creditors' Committee's general consent to the establishment of reserves, agree to establish a reserve in the amount of $3,927,287.70 for the exclusive benefit of Onkyo and from which the allowed amount, if any, of the Onkyo 503(b)(9) Claim will be paid under the Plan.

13. The Debtors have attached as <u>Exhibit A</u> hereto a proposed form of order (the "Proposed Order") granting the relief requested in the Motion.

### RESERVATION OF RIGHTS

14. The Debtors reserve any and all rights with respect to the Plan and confirmation of the Plan

and objections thereto, including with respect to any

pending or additional objections of Onkyo.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order.

Dated: April 29, 2010　　　SKADDEN, ARPS, SLATE, MEAGHER &
　　　　Richmond, Virginia　FLOM, LLP
　　　　　　　　　　　　　　Gregg M. Galardi, Esq.
　　　　　　　　　　　　　　Ian S. Fredericks, Esq.
　　　　　　　　　　　　　　P.O. Box 636
　　　　　　　　　　　　　　Wilmington, Delaware 19899-0636
　　　　　　　　　　　　　　(302) 651-3000

　　　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　SKADDEN, ARPS, SLATE, MEAGHER &
　　　　　　　　　　　　　　FLOM, LLP
　　　　　　　　　　　　　　Chris L. Dickerson, Esq.
　　　　　　　　　　　　　　155 North Wacker Drive
　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　(312) 407-0700

　　　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　MCGUIREWOODS LLP

　　　　　　　　　　　　　　_/s/ Douglas M. Foley_____
　　　　　　　　　　　　　　Douglas Foley (VSB No. 34364)
　　　　　　　　　　　　　　Sarah B. Boehm (VSB No. 45201)
　　　　　　　　　　　　　　One James Center
　　　　　　　　　　　　　　901 E. Cary Street
　　　　　　　　　　　　　　Richmond, Virginia 23219
　　　　　　　　　　　　　　(804) 775-1000

　　　　　　　　　　　　　　Counsel for Debtors and Debtors
　　　　　　　　　　　　　　in Possession

**EXHIBIT A**

**(Proposed Order)**

```
Gregg M. Galardi, Esq.                  Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.                 Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &         MCGUIREWOODS LLP
FLOM, LLP                               One James Center
One Rodney Square                       901 E. Cary Street
PO Box 636                              Richmond, Virginia 23219
Wilmington, Delaware 19899-0636         (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession
```

```
               IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                           RICHMOND DIVISION

- - - - - - - - - - - - - - - - x
                                :
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :
              Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - - - x
```

**ORDER PURSUANT TO BANKRUPTCY RULE 3020 WITH RESPECT TO THE JOINDER OF ONKYO USA CORPORATION TO MOTIONS OF PIONEER ELECTRONICS, INC. AND SAMSUNG ELECTRONICS AMERICA, INC. FOR AN ORDER REQUIRING A CONFIRMATION DEPOSIT PURSUANT TO RULE 3020 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, OR, IN THE ALTERNATIVE, OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN OF LIQUIDATION**

Upon the Joinder of Onkyo USA Corporation ("Onkyo") to Motions of Pioneer Electronics, Inc. and Samsung Electronics America, Inc. for an Order Requiring

a Confirmation Deposit Pursuant to Rule 3020 of the Federal Rules of Bankruptcy Procedure, or, in the Alternative, Objection to Confirmation of Chapter 11 Plan of Liquidation (the "Motion") and the Debtors' response thereto (the "Response"); and the Court having reviewed the Motion and the Response; and the Court having determined that the relief requested in the Motion and the Response is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. With the Debtors' consent, the Motion is GRANTED is to the extent set forth herein.

2. The Debtors shall establish a reserve in the amount of $3,927,287.70 for the exclusive benefit of Onkyo and from which the allowed amount, if any, of the Onkyo 503(b)(9) Claim will be paid under the Plan.

3. Both parties rights with respect to confirmation of the Plan and Onkyo's objections thereto, if any, are not waived and are expressly reserved.

4. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:   Richmond, Virginia
         _____, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

3

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

 /s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                            _/s/ Douglas M. Foley___
                            Douglas M. Foley