| | |
|---|---|
| Gregg M. Galardi, Esq. | Douglas M. Foley (VSB No. 34364) |
| Ian S. Fredericks, Esq. | Sarah B. Boehm (VSB No. 45201) |
| SKADDEN, ARPS, SLATE, MEAGHER & | MCGUIREWOODS LLP |
| FLOM, LLP | One James Center |
| One Rodney Square | 901 E. Cary Street |
| PO Box 636 | Richmond, Virginia 23219 |
| Wilmington, Delaware 19899-0636 | (804) 775-1000 |
| (302) 651-3000 | |

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653
et al.,                       :
                              :
           Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - - x

**MOTION OF THE DEBTORS PURSUANT TO 11 U.S.C. § 105,
AND LOCAL BANKRUPTCY RULE 9013-1(M) FOR AN ORDER
SETTING AN EXPEDITED HEARING**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] hereby

---

[1] The Debtors are the following entities: The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City
*(cont'd)*

move the Court (the "Motion to Expedite") for the entry of an order, pursuant to 11 U.S.C. § 105 and Rule 9013-1(M) and (N) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"), setting an expedited hearing for April 29, 2010 at 2:00 p.m. (Eastern) on Debtors' Motion for Entry of an Order Implementing a Procedural Protocol for the Administration of Cross-Border Insolvency Proceedings (the "Procedural Protocol Motion") and Debtors' Motion for Order Shortening Notice and Limiting Notice of the Procedural Protocol Motion (the "Motion to Shorten Notice" and collectively with the Procedural Protocol Motion , the "Motions").  In further support of the Motion to Expedite, the Debtors respectfully represent:

---

*(cont'd from previous page)*
   Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux
   International, Inc. (1838), Circuit City Purchasing Company, LLC
   (5170), CC Aviation, LLC (0841), CC Distribution Company of
   Virginia, Inc. (2821), Circuit City Properties, LLC (3353),
   Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc.
   (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311),
   Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
   Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit
   City Stores PR, LLC (5512).  The address for Circuit City Stores
   West Coast, Inc. is 9250 Sheridan Boulevard, Westminster,
   Colorado 80031.  For all other Debtors, the address is 9950
   Mayland Drive, Richmond, Virginia 23233.

1

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Local Bankruptcy Rule 9013-1(M) and (N).

**BACKGROUND**

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

6. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores. On or about March 8, 2009, the going out of business sales concluded.

7. On September 24, 2009 the Court entered an Order Approving (I) Disclosure Statement (the "Disclosure Statement"), (II) Notice of the Disclosure Statement Hearing, (III) Hearing Date to Consider Confirmation of the Plan, (IV) Procedures for Filing Objections to Plan, (V) Voting Agent and Deadlines Related to Solicitation and Confirmation, (VI) Procedures with Respect to Certain Claims and (VII) Solicitation Procedures for Confirmation of the Plan (Docket No. 5090).

8. The hearing on confirmation of the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in

Possession and Its Official Committee of Creditors Holding General Unsecured Claims (the "Plan") is currently scheduled to commence on May 11, 2010 at 10:00 a.m. (Eastern).

**RELIEF REQUESTED**

9. On April 29, 2010, the Debtors filed the Motions. By this Motion to Expedite, the Debtors seek this Court's entry of an order setting an expedited hearing on the Motions for the scheduled hearing on Thursday, April 29, 2010 at 2:00 p.m. (the "Expedited Hearing").

**BASIS FOR RELIEF**

10. The Motions seek orders approving and implementing a protocol (the "Protocol") for expedited coordination and to, among other things, establish a clear framework of general principles that will govern the cross-border administration of these chapter 11 cases and address certain key issues that may arise during the dual insolvency proceedings in the United States and Canada (the "Insolvency Proceedings") with respect to any surplus distribution from the Canadian

4

Debtors to the U.S. Debtors and shortening and limiting notice thereon.

11. The Debtors believe it is in the best interests of the Debtors' estates, their creditors, and other parties in interest for the Motions to be heard at the hearing on April 29, 2010 at 2:00 p.m. (Eastern) approval of the Motions will facilitate the coordination of the Insolvency Proceedings considering the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court") approved the Protocol on April 26, 2010.

12. The Debtors have consulted with the Creditors' Committee who has advised the Debtors that it consents to the relief requested in the Motions. In addition, the Creditors' Committee consented to having the Procedural Protocol Motion heard on an expedited basis and on shortened notice.

13. Local Bankruptcy Rule 9013-1 allows the setting of a hearing on an expedited basis as requested herein. Attached hereto as Exhibit B is the certification required under Local Rule 9013-1(N).

5

14. Additionally, section 105(a) of the Bankruptcy Code provides this Court with the power to set expedited hearings. Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

**NOTICE**

15. Notice of this Motion to Expedite is being provided to parties-in-interest in accordance with the Court's Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (Docket No. 6208) (the "Case Management Order"). In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

**WAIVER OF MEMORANDUM OF LAW**

16. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion to Expedite and all applicable authority is set forth in the Motion to Expedite, the Debtors

6

request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

**NO PRIOR REQUEST**

17.  No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, granting the relief requested in the Motion to Expedite and such other and further relief as may be just and proper.

Dated: April 29, 2010        SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia    FLOM, LLP
                             Gregg M. Galardi, Esq.
                             Ian S. Fredericks, Esq.
                             P.O. Box 636
                             Wilmington, Delaware 19899-0636
                             (302) 651-3000

                                     - and -

                             SKADDEN, ARPS, SLATE, MEAGHER &
                             FLOM, LLP
                             Chris L. Dickerson, Esq.
                             155 North Wacker Drive
                             Chicago, Illinois 60606
                             (312) 407-0700

                                     - and -

                             MCGUIREWOODS LLP

                             /s/ Douglas M. Foley         .
                             Douglas M. Foley (VSB No. 34364)
                             Sarah B. Boehm (VSB No. 45201)
                             One James Center
                             901 E. Cary Street
                             Richmond, Virginia 23219
                             (804) 775-1000

                             Counsel for Debtors and Debtors
                             in Possession

8

**EXHIBIT A**

Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Douglas M. Foley (VSB No. 34364)  
Sarah B. Boehm (VSB No. 45201)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

– and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
155 North Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and  
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**ORDER SETTING AN EXPEDITED HEARING**

Upon the motion (the "Motion to Expedite")[1] of the Debtors for an order, pursuant to Bankruptcy Code section 105 and Rule 9013-1(M) and (N) of the Local

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Expedite.

Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"), requesting an expedited hearing on the Motions; and the Court having reviewed the Motion to Expedite and the Motions; and the Court having determined that the relief requested in the Motion to Expedite is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion to Expedite has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion to Expedite is GRANTED.

2. A hearing will be held on April 29, 2010 at 2:00 p.m., prevailing Eastern Time, to hear and consider the Procedural Protocol Motion and the Motion to Shorten Notice.

3. Adequate notice of the relief sought in the Motion to Expedite has been given and no further notice is required.

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Richmond, Virginia
_____, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

3

**EXHIBIT B**

| | |
|---|---|
| Gregg M. Galardi, Esq. | Douglas M. Foley (VSB No. 34364) |
| Ian S. Fredericks, Esq. | Sarah B. Boehm (VSB No. 45201) |
| SKADDEN, ARPS, SLATE, MEAGHER & | MCGUIREWOODS LLP |
| FLOM, LLP | One James Center |
| One Rodney Square | 901 E. Cary Street |
| PO Box 636 | Richmond, Virginia 23219 |
| Wilmington, Delaware 19899-0636 | (804) 775-1000 |
| (302) 651-3000 | |

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
         IN THE UNITED STATES BANKRUPTCY COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                   RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653
et al.,                       :
                              :
          Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**CERTIFICATION FOR EXPEDITED HEARING**

The above-captioned debtors (collectively, the "Debtors") contemporaneously herewith are filing, the Motion of the Debtors, Pursuant to 11 U.S.C. § 105 and Local Bankruptcy Rule 9013-1(M), for an Order Setting an

1

Expedited Hearing (the "Motion to Expedite").[1]  In support thereof, and as required by Rule 9013-1(N) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia, the undersigned counsel for the Debtors certify as follows:

    1.  I am a member of the Bar of this Court, and I have carefully examined these matters and concluded that there is a true need for an expedited hearing.

    2.  The necessity for this expedited hearing has not been caused by any lack of due diligence on my part, but has been brought about only by the circumstances of the Debtors' chapter 11 cases.

    3.  Based upon the nature of the matters and the relief requested in the Motion to Expedite, no *bona fide* effort to resolve these matters without a hearing is possible.

                                          /s/ Douglas M. Foley
                                          Douglas M. Foley

\11205211.1

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Expedite.