B104 (FORM 104) (08/07)                                                                              EDVA

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Schimenti Construction, LLC | Circuit City Stores, Inc. |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Peter Strniste, Jr., Robinson & Cole LLP, 280 Trumbull St., Hartford, CT 06103; Christopher Perkins, LeClairRyan, 951 E. Byrd St., Richmond, VA 23219 (804) 783-2003 | Douglas Foley, McGuireWoods LLP, 9000 World Trade Center, 101 W. Main St., Norfolk, VA 23510; Gregg Galardi, Skadden Arps, P.O. Box 636, Wilmington, DE 19899 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| □ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    □ Other<br>□ Trustee | ☑ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Schimenti Construction brings this action against the Debtor for a declaration that certain funds set aside and being held by the Debtor and which were earned by Schimenti in the performance of a certain contract for the construction and fit-out of a Circuit City store located in North Plainfield, N.J., are not property of the Debtor's bankruptcy estate. Further, Schimenti seeks a declaration that such funds are the property of Schimenti and are held by the Debtor in trust for Schimenti's benefit.

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [ ] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [ ] 13-Recovery of money/property - §548 fraudulent transfer
- [x] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [x] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [x] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand  $ 132,490.00 |

Other Relief Sought

**B104 (FORM 104) (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Circuit City Stores, Inc., et al. | BANKRUPTCY CASE NO.<br>08-35653 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern | DIVISION OFFICE<br>Richmond | NAME OF JUDGE<br>Huennekens |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br> /s/ Christopher L. Perkins | | |
| DATE<br><br>April 30, 2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Christopher L. Perkins | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

Peter E. Strniste, Jr., *Admitted Pro Hac Vice*
Patrick Birney, *Admitted Pro Hac Vice*
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8339
Facsimile: (860) 275-8299

Christopher L. Perkins (VSB No. 41783)
LeClairRyan, A Professional Corporation
951 E. Byrd Street
Riverfront Plaza, East Tower
Richmond, VA 23219
Telephone: (804) 783-7550
Facsimile:  (804) 783-7686

*Counsel for Schimenti Construction Co., LLC*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| IN RE:<br><br>CIRCUIT CITY STORES, INC., et al.,<br><br>       Debtors. | CHAPTER 11 (Jointly Administered)<br><br>CASE NO. 08-35653 (KRH) |
| SCHIMENTI CONSTRUCTION<br>COMPANY, LLC,<br><br>       Plaintiff,<br><br>       v.<br><br>CIRCUIT CITY STORES, INC.,<br><br>       Defendant. | Adversary Proceeding No. _____ |

## COMPLAINT

Schimenti Construction Company, LLC ("Schimenti Construction"), by and through its

undersigned counsel, for its Complaint for a Declaratory Judgment and Turnover of Trust Funds

against Circuit City Stores, Inc. (the "Debtor" or "Circuit City"), respectfully represents and alleges as follows:

1.    Schimenti Construction brings this action against the Debtor for a declaration that certain funds set aside and being held by the Debtor in the amount of **$132,490** and which were earned by Schimenti Construction in the performance of a certain contract for the construction and fit-out of a Circuit City store located in North Plainfield, New Jersey, are <u>not</u> property of the Debtor's bankruptcy estate.  Further, Schimenti Construction seeks a declaration that such funds are the property of Schimenti Construction and are held by the Debtor in trust for Schimenti Construction's benefit and the benefit of Schimenti Construction's subcontractors and suppliers.  Accordingly, Schimenti Construction seeks an order compelling the immediate turnover of such funds held in trust to Schimenti Construction.

## PARTIES

2.    Schimenti Construction is a limited liability company organized and existing under the laws of the State of New York with a principal place of business located at 650 Danbury Road, Ridgefield, Connecticut.

3.    The Debtor is a debtor and debtor-in-possession with a principal place of business located at 9954 Mayland Drive, Richmond, Virginia.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

5.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6.    This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (K), and (O).

## FACTUAL BACKGROUND

7.     Schimenti Construction is a construction manager specializing in retail construction projects, both new construction and renovations, throughout the northeastern United States.

8.     On or about May 5, 2008, Schimenti Construction entered into that certain "Stipulated Sum Contract" with Circuit City.  Under the Stipulated Sum Contract, Schimenti Construction agreed to furnish all of the labor, materials and equipment necessary for the construction and fit-out of the Circuit City store located at 1200 Highway 22, North Plainfield, New Jersey (the "N. Plainfield Store") in exchange for a lump sum contract price of $1,324,900.00.  A copy of the Stipulated Sum Contract is attached hereto as **Exhibit 1**.

9.     The Stipulated Sum Contract provides that Circuit City would retain ten percent (10%) of all earned progress payments due to Schimenti Construction as retainage (the "Retainage Funds") to be held in trust to ensure Schimenti Construction's performance in accordance with the agreement.  The Retainage Funds were to be released from trust to Schimenti Construction upon substantial completion of the project.  See Exhibit A to Exhibit 1.

10.     In completing its obligations under the Stipulated Sum Contract with Circuit City for the project at the N. Plainfield Store (the "Project"), Schimenti Construction incurred substantial costs in performing its work.  Additionally, Schimenti Construction entered into numerous subcontracts for the provision of services, materials and goods for the Project thereby incurring potential liability to subcontractors and suppliers for the work performed on the Project.

11.     Throughout the course of its performance under the Stipulated Sum Contract, Schimenti Construction regularly submitted formal applications for payment to Circuit City for

work completed on the Project pursuant to the schedules set forth in the Stipulated Sum Contract.

Copies of Schimenti Construction's Applications for Payment are attached hereto as **Exhibit 2**.

These Applications for Payment and schedule of values were approved and accepted by Circuit

City and all of the labor, materials and goods described within these applications and schedule of

values were likewise accepted by Circuit City.

12.     The Applications for Payment and Schedule of Values demonstrate that 10% of

the funds earned by Schimenti Construction during each requisition work period were set aside,

and indicated as such on a separate and distinct line item within the application, to be released to

Schimenti Construction upon completion of its work.

13.     Upon receipt of Schimenti Construction's applications for payment, the Debtor

made payment to Schimenti Construction in satisfaction of such invoices on a timely basis—

while withholding and setting aside the Retainage Funds earned by Schimenti Construction in its

construction of the N. Plainfield Store pursuant to Section 6.3 of the General Conditions to the

Stipulated Sum Contract.

14.     At all relevant times, the Debtor was under an obligation to hold such Retainage

Funds in trust for the benefit of Schimenti Construction and its subcontractors and suppliers,

pending the substantial completion of the N. Plainfield Store, as the Retainage Funds were, by

their very definition, already earned by Schimenti Construction.  At most, the Debtor held bare

legal title to the Retainage Funds.

15.     As demonstrated by Application for Payment No. 3, as of September 30, 2008,

Schimenti Construction had substantially completed the construction of the N. Plainfield Store

and submitted its final application for payment of the remaining contract amount, less the

Retainage Funds held in trust for completed work.  See Exhibit 2.  The Debtor breached the

4

Stipulated Sum Contract by failing or refusing to pay Schimenti Construction for its work.

Despite such substantial performance under the Stipulated Sum Contract and the Debtor's breach

thereof, the Debtor has also failed and/or refused to turn over the Retainage Funds held in trust

for the benefit of Schimenti Construction and its subcontractors and suppliers.

16.    On November 10, 2008 (the "Petition Date"), the Debtor and various subsidiaries

and affiliates initiated this Chapter 11 case by filing a voluntary petition for relief under the

Bankruptcy Code.

17.    The Debtor is a debtor-in-possession and continues to operate its business

pursuant to 11 U.S.C. §§ 1107 and 1108.

18.    The Debtor is obligated to turn over the Retainage Funds held in trust for the

benefit of Schimenti Construction and its subcontractors and suppliers which were earned for

prepetition performance of the Stipulated Sum Contract.

## COUNT ONE
**(Declaratory Judgment – Express Trust And Alternatively Constructive Trust)**

19.    Schimenti Construction repeats and realleges each allegation set forth at

paragraph 1 through 18 above, as if fully set forth herein.

20.    In the course of Schimenti Construction's performance under the Stipulated Sum

Contract, the Debtor was entitled to withhold and set aside the Retainage Funds as security

pending the substantial completion of the N. Plainfield Store.  Those funds were earned pre-

petition and retained by the Debtor pursuant to Section 6.3 of the General Conditions to the

Stipulated Sum Contract and as specified in the applications for payment.  The parties **never**

intended that the Debtor would hold the Retainage Funds in any manner other than in trust for

the benefit of Schimenti Construction.

21.     On or about September 30, 2008, Schimenti Construction submitted its final

Application for Payment, indicating that the contract work was complete.  See Exhibit 2.

Despite such substantial completion of the project and demand for final payment, the Debtor

refused to release the Retainage Funds held as security for completion of Schimenti

Constructions' obligations.

22.     The work completed by Schimenti Construction, in addition to the final

application for payment, arose prior to the Debtor's November 11, 2008 Petition Date.

23.     Under the Bankruptcy Code, a trustee is entitled to distribute all property within

the scope of the bankruptcy estate. The Code defines the scope of such property broadly,

including within the estate "all legal or equitable interests of the debtor in property as of the

commencement of the case." 11 U.S.C. § 541(a)(1).

24.     Expressly excluded from the estate is any "[p]roperty in which the debtor holds,

as of the commencement of the case, only legal title and not an equitable interest...." 11 U.S.C. §

541(d).  Because a debtor does not own an equitable interest in property it holds in trust for

another, that interest is not considered "property of the estate" for purposes of the Bankruptcy

Code.

25.     Under the facts and documents presented, it was the clear intent of the parties that

the Debtor hold the Retainage Funds in trust for the benefit of Schimenti Construction pending

substantial completion of the N. Plainfield Store.  The applications for payment submitted by

Schimenti Construction specifically earmarked and segregated the amounts set aside as

Retainage Funds from the Debtor's progress payment obligations.  See Exhibit 2.  At most, the

Debtor held bare legal title to the Retainage Funds.  These funds were indisputably earned by

Schimenti Construction under the schedule of values provided in the Stipulated Sum Contract

and became due prior to the Debtor's Petition Date.  The Debtor's interest in these funds at the

time of its bankruptcy petition is limited to their legal right to the funds; the Debtor has no

equitable interest in the Retainage Funds.

26.     Under the facts presented, the law also imposes a constructive trust on the

Retainage Funds held by the Debtor that were already earned by Schimenti Construction

pursuant to the Stipulated Sum Contract.

27.     Here, the requisite elements for imposition of a constructive trust are satisfied.

The Retainage Funds, whether or not commingled with other assets of the Debtor, remain a

discrete and easily identifiable fund to which Schimenti Construction holds the equitable interest.

Indeed, the applications for payment submitted by Schimenti Construction carefully segregate

the Retainage Funds for each itemized aspect of the work performed on the project.  See Exhibit

2.  Pursuant to the General Conditions to the Stipulated Sum Contract, each payment issued by

the Debtor to Schimenti Construction required segregation of 10% of said payment, despite the

fact that Schimenti Construction earned the entire payment for completing approved work, and

the entire segregated amount would be remitted to Schimenti Construction upon substantial

completion of the project.  Taking into account principles of equity, it is manifestly unjust for the

general creditors of the Debtor to be entitled to recover funds that were already earned by

Schimenti Construction prepetition and that should have been released to Schimenti Construction

following its substantial completion of the contract work more than six (6) weeks prior to the

Petition Date.

28.     The facts here are clear.  Schimenti Construction completed all the work under the

Stipulated Sum Contract.  As such, it earned all amounts withheld as Retainage Funds.

Accordingly, the Debtor is obligated by the terms of the Stipulated Sum Contract, the General

Conditions appended thereto, and by principles of equity to turn over the Retainage Funds to Schimenti Construction.

29.     To treat funds simply being held by the Debtor that were already indisputably earned by Schimenti Construction as "property of the estate" under Section 541 and, thereby, to allow for a pro rata distribution of the Retainage Funds among the Debtor's general creditors is particularly inequitable considering that Schimenti Construction could be directly responsible to its subcontractors for satisfying the amounts owed under the Subcontracts.  Schimenti Construction should not be deprived of Retainage Funds specifically earmarked as being held for payment of such claims.

30.     As the beneficiary of the Retainage Funds held in trust by the Debtor, Schimenti Construction is, in fact, the equitable owner of the trust property.

31.     An actual controversy exists with respect to the Debtor's failure to honor the terms of the Stipulated Sum Contract and the General Conditions thereto.

32.     The Court has authority to enter declaratory judgment under Rule 7001 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 2201 for the purposes of adjudicating this actual controversy.

33.     Accordingly, Schimenti Construction is entitled to a declaratory judgment under Section 541 of the Bankruptcy Code providing that the Retainage Funds held for the benefit of Schimenti Construction are not property of the Debtor's bankruptcy estate and should be turned over to Schimenti Construction immediately.

## COUNT TWO
**(Injunctive Relief)**

34.     Schimenti Construction repeats and realleges each allegation set forth at paragraph 1 through 33 above, as if fully set forth herein.

35.     Section 105 of the Bankruptcy Code authorizes this Court to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."

36.     Section 541 of the Bankruptcy Code governs property of the debtor's estate. The Retainage Funds are the equitable property of Schimenti Construction.

37.     This Court is the proper court to make any determination regarding allegations that the Retainage Funds are Schimenti Construction's property.

38.     This Court is the proper court to make any determination regarding whether any party other than Schimenti Construction has superior right, title, or interest in the Chapter 11 case.

39.     Schimenti Construction will suffer irreparable harm if the Retainage Funds that are its equitable property are used to satisfy other unrelated claims in the Chapter 11 case.

40.     Accordingly, Schimenti Construction seeks entry of an order: (a) enjoining the Debtor from expending, transferring or commingling the Retainage Funds or the accounts in which the Retainage Funds are currently held including transferring the Retainage Funds to a liquidating trust pursuant to a confirmed Plan of Liquidation; and (b) directing the Debtor to turn over the Retainage to Schimenti Construction.

## COUNT THREE
### (Breach of Contract)

41.     Schimenti Construction repeats and realleges each allegation set forth at paragraph 1 through 40 above, as if fully set forth herein.

42.     Under the Stipulated Sum Contract and the General Conditions thereto described above, the Debtor is required to turn over all Retainage Funds to Schimenti Construction upon substantial completion of the N. Plainfield Store.  See Exhibit A to Exhibit 1.

9

43.     The Debtor's refusal to turn over the Retainage Funds to Schimenti Construction, despite the fact that such Retainage Funds are the property of Schimenti Construction, constitutes a violation of the Stipulated Sum Contract.

44.     Accordingly, Schimenti Construction is entitled to an Order requiring specific performance, including an Order requiring the Debtor to turn over the Retainage Funds that are the equitable property of Schimenti Construction.

## COUNT FOUR
### (Conversion)

45.     Schimenti Construction repeats and realleges each allegation set forth at paragraph 1 through 44 above, as if fully set forth herein.

46.     Pursuant to the terms of the Stipulated Sum Contract between Schimenti Construction and the Debtor, and in accordance with applicable law, the Debtor is contractually obligated to turn over the Retainage Funds earned by Schimenti Construction to Schimenti Construction upon substantial completion of the N. Plainfield Store.

47.     Despite demand, the Debtor has failed to turn over the Retainage Funds to Schimenti Construction.

48.     As such, the Debtor has willfully converted Schimenti's property in the form of the Retainage Funds.

49.     Consequently, Schimenti Construction is entitled to judgment equal to the amount of the Retainage Funds, in addition to all direct and consequential damages from the Debtor's conversion of the Retainage Funds, interests, costs and fees.

## PRAYER FOR RELIEF

50.     WHEREFORE, the plaintiff, Schimenti Construction, respectfully requests that the Court enter judgment granting the following relief:

a.   A declaration that

(i) the earned payments withheld and set aside by the Debtor as Retainage

Funds under the Stipulated Sum Contract are held in trust by the Debtor for the

benefit of Schimenti Construction and its subcontractors and suppliers; and

(ii) such funds are not property of the Debtor's bankruptcy estate; and

b.   an Order enjoining the Debtor from expending, transferring or commingling

the Retainage Funds or the accounts in which the Retainage Funds are currently

held, and direct the Debtor to turn over the Retainage to Schimenti Construction;

and

c.   the entry of a judgment in favor of Schimenti Construction in the amount of

**$132,490**, plus pre and post judgment interest and costs arising from the Debtor's

breach of contract and conversion of the Retainage Funds; and

d.   such other further relief, at law or equity, to which Schimenti Construction is

entitled.

RESPECTFULLY SUBMITTED,
SCHIMENTI CONSTRUCTION COMPANY,
LLC


By: /s/ Christopher L. Perkins
     Christopher L. Perkins (VSB No. 41783)
     LeClairRyan, A Professional Corporation
     951 E. Byrd Street
     Riverfront Plaza, East Tower
     Richmond, VA 23219
     Telephone: (804) 783-7550
     Facsimile:  (804) 783-7686


     Peter E. Strniste, Jr., *Admitted Pro Hac Vice*
     Patrick Birney, *Admitted Pro Hac Vice*
     Robinson & Cole LLP
     280 Trumbull Street
     Hartford, CT 06103
     Telephone: (860) 275-8339
     Fax: (860) 275-8299
     pstrniste@rc.com
     pbirney@rc.com