Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :   Jointly Administered
            Debtors.            :
                                :   **Obj. Deadline: May 13, 2010 at**
- - - - - - - - - - - - - - x   **5:00 p.m. (ET)**

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION BY
AND BETWEEN THE DEBTORS AND SLAM BRANDS, INC.**

PLEASE TAKE NOTICE that, on August 10, 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered the Order Pursuant to 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval (the "Settlement Procedures Order") (Docket No. 4401).[1]  A copy of the Settlement Procedures Order (without exhibits) is annexed as Exhibit 1.

---

[1]  Capitalized terms not defined herein shall have the meanings ascribed to them in the Settlement Agreement (defined below) or the Settlement Procedures Order.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement Agreement") with Slam Brands, Inc. ("Slam Brands"), a copy of which is annexed as Exhibit 2.

### SUMMARY OF SETTLEMENT AGREEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Settlement Agreement are as follows:

(i)   This is a Tier II Settlement.

---

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]   This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.

(ii)   The Settlement Agreement is by and between
       the Debtors and Slam Brands, Inc.

(iii)  The Debtors and Slam Brands previously
       engaged in business both prior to and after
       the Petition Date wherein the Debtors
       purchased certain products and services
       from Slam Brands, and wherein either Slam
       Brands or the Debtors could be liable to
       each other on account of the business.

(iv)   Slam Brands filed various motions and
       claims against the Debtors asserting, in
       summary, (a) an administrative expense
       claim under Bankruptcy Code section
       503(b)(9) in the amount of $539,270.86, (b)
       a post-petition administrative expense
       claim in the amount of $334,417.60, and (c)
       a pre-petition general unsecured non-
       priority claim in the amount of $440,476.30.

(v)    The Debtors assert that their books and
       records indicate amounts due and owing to
       the Debtors from Slam Brands.  Based on a
       preliminary analysis, the Debtors also
       believe that Slam Brands may have received
       certain transfers from the Debtors which
       may be avoidable under chapter 5 of the
       Bankruptcy Code (the "Alleged Avoidance
       Actions").  Additionally, the Debtors
       objected to certain of Slam Brands' claims
       in their Nineteenth Omnibus Objection to
       Claims.

(vi)   Slam Brands disputes the amounts the
       Debtors assert are due and owing from Slam
       Brands.  Slam Brands also asserts that it
       has not received any transfers that may be
       avoidable or recoverable under chapter 5 of
       the Bankruptcy Code.

(vii)  Pursuant to the Settlement Agreement, and
       in order to avoid the expense, delay and
       risk of litigation, the Debtors and Slam
       Brands have agreed to resolve Slam Brands'

claims, the Debtors' asserted receivables, the Alleged Avoidance Actions and related matters.

(viii)  As more fully set forth in the Settlement Agreement, the Debtors and Slam Brands agree that the Debtors will setoff their asserted receivables, and certain amounts on account of the Alleged Avoidance Actions, against the Slam Brands claims.  After effectuation of the setoffs, Slam Brands will be left with the following allowed claims: (a) an allowed administrative expense priority claim under Bankruptcy Code section 503(b)(9) in the amount of $486,237.90, (b) an allowed post-petition administrative expense priority claim under Bankruptcy Code section 503(b)(1) in the amount of $261,655.04, and (c) an allowed general unsecured non-priority claim in the amount of $424,022.12.  All other claims or portions of claims that have been, could have been, or might have been asserted against the Debtors and their estates by Slam Brands are disallowed in their entirety for all purposes in these bankruptcy cases.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Settlement Procedures Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be in writing and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (see information below) by no later than **May 13, 2010 at 5:00 p.m. (ET)** (the "Objection Deadline").  Each Objection or Request must be served on (i) the attorneys for the Debtors, (a) Skadden, Arps, Slate,

Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue,
36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

        PLEASE TAKE FURTHER NOTICE that if you object to
the Settlement Agreement and you do not want the Debtors to
proceed with the Settlement Agreement or you want the Court
to consider your views concerning the Settlement Agreement,
you or you attorney must also:

        file in writing with the Court, Clerk of Court,
        United States Bankruptcy Court, 701 East Broad
        Street, Suite 4000, Richmond, Virginia 23219, or
        electronically (www.vaeb.uscourts.gov), a written
        Objection pursuant to Local Bankruptcy Rule 9013-
        1(H). If you mail your Objection to the Court for
        filing, you must mail it early enough so the
        Court will **receive it on or before May 13, 2010
        at 5:00 p.m. (ET)**.

Any Objection to the Settlement Agreement must be submitted
by the method described in the foregoing sentence.
Objections will be deemed filed only when actually received
at the address listed above.

        PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(d) of the Settlement Procedures Order, if a
Notice Party submits a Request, only such Notice Party
shall have the later of (i) an additional five (5) days to
object to the Agreement or (ii) in the case of a Request
for additional information, three (3) days after receipt by
the Notice Party of the additional information requested.
Each Notice Party may only make one Request for additional
time per Settlement Agreement, unless otherwise agreed to
by the Debtors in their sole discretion.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline, as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: May 3, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   1Case No. 08-35653 (KRH)
et al.,                       :
                              :
              Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

            Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---
[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.



of title 11 of the United States Code (the "Bankruptcy
Code") and Rules 2002, 9006 and 9019 of the Federal
Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),
for entry of an order authorizing the establishment of
procedures to settle certain pre-petition and post-
petition claims and causes of action without further
court approval; and the Court having reviewed the
Motion; and upon the record herein; and after due
deliberation thereon; and good and sufficient cause
appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,
due, proper and adequate notice of the Motion has been
given in accordance with the Case Management Order and
that no other or further notice is necessary;

2.    The Notice Procedures are fair,
reasonable, and appropriate.

3.    The Settlement Procedures are fair
reasonable, and appropriate.

4.    The Notice and Settlement Procedures were
proposed in good faith.

5.     Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.     Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.     The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.     The Motion is GRANTED.

9.     The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)    The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)    The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)    The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)   If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)   If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

5

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

7

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   <u>Tier II</u> With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the

Debtors are authorized in their sole discretion, but not

directed, to enter into Settlement Agreements

substantially in the form of Exhibit A attached hereto;

provided, further, that the material terms of each

Settlement Agreement may vary depending upon the

specific facts and circumstances of each Settlement and

nothing herein or therein shall be construed as

impairing the Debtors' ability to tailor the form of the

Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not

directed, to resolve all of the Disputed Claims and

Cause of Action and Receivable Claims of a single party

in a single Settlement Agreement.

15.   The Debtors shall provide written notice

to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'

authorized claims and noticing agent, with respect to

any proof of claim settled pursuant to these Settlement

Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.   Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.   Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.  In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.  The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
 Aug 7 2009_____, 2009

                    /s/ Kevin R. Huennekens
                   UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:                    Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

       - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

       - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE,           MCGUIREWOODS LLP
MEAGHER & FLOM, LLP             One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware            (804) 775-1000
19899-0636
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                          :    Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :    Case No. 08-35653 (KRH)
et al.,                         :
                                :
        Debtors.                :    Jointly Administered
- - - - - - - - - - - - - - x

     **SETTLEMENT AGREEMENT AND STIPULATION BY AND BETWEEN
          THE DEBTORS AND SLAM BRANDS, INC.**

          This settlement agreement and stipulation (the

"Settlement Agreement") is entered into this 3rd day of

May, 2010 by and between Circuit City Stores, Inc. and

its affiliated debtors and debtors-in-possession[1]

(collectively, the "Debtors"), on the one hand, and Slam

Brands, Inc.  ("Slam Brands" and together with the

Debtors, the "Parties" and each of which is a "Party"),

on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors filed voluntary petitions in the

United States Bankruptcy Court for the Eastern District

of Virginia (the "Court") under chapter 11 of title 11

of the United States Code (the "Bankruptcy Code").

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code.

---

[1]   The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
VA 23060.

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases.

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  The going out of business sales concluded on or about March 8, 2009.

WHEREAS, the Debtors are authorized pursuant to the Court's Order under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval, dated August 7, 2009

3

(Docket No. 4401; the "Settlement Procedures Order"),[2] to
enter into this Settlement Agreement, subject to the
Notice Procedures.

### SETTLEMENT BACKGROUND

WHEREAS, the Debtors and Slam Brands
previously engaged in business both prior to and after
the Petition Date wherein the Debtors purchased certain
products and services from Slam Brands, and wherein
either Slam Brands or the Debtors could be liable to
each other on account of the business.

WHEREAS, Slam Brands filed proof of claim
number 6033 ("Claim No. 6033") on or about January 27,
2009, asserting an administrative expense priority claim
under Bankruptcy Code section 503(b)(9) in the amount of
$539,270.86 (the "503(b)(9) Claim") and a general
unsecured, non-priority claim in the amount of
$440,476.30 (the "General Unsecured Claim").

WHEREAS, on June 22, 2009, the Debtors filed
their Nineteenth Omnibus Objection to Claims
(Reclassification of Certain Misclassified Claims to

---

[2]    Capitalized terms used but not defined herein shall have the
       meaning ascribed to them in the Settlement Procedures Order.

4

General Unsecured, Non-Priority Claims) (Docket No.

3703)(the "Nineteenth Omnibus Objection"), objecting to

Claim No. 6033 and seeking to reclassify in its entirety

the 503(b)(9) Claim to a general unsecured, non-priority

claim.

       WHEREAS, On July 14, 2009, Slam Brands filed

their Response to Debtors Nineteenth Omnibus Objection

(Docket No. 4081) (the "Response to Nineteenth Omnibus

Objection"), objecting to the relief requested in the

Nineteenth Omnibus Objection.

       WHEREAS, on August 12, 2009, pursuant to the

Court's Order on Debtors' Nineteenth Omnibus Objection

(Docket No. 4449), the hearing on Claim No. 6033 and the

503(b)(9) Claim were adjourned.

       WHEREAS, on June 29, 2009, Slam Brands filed

the Motion of Slam Brands, Inc. for Order Directing

Debtors to Pay Administrative Expense Pursuant to 11

U.S.C. §§ 503(b) and 507(a) and Request for Related

Relief (Docket No. 3839) (the "Administrative Expense

Motion"), asserting a post-petition administrative

expense priority claim under Bankruptcy Code section

503(b)(1) in the amount of $334,417.60.

5

WHEREAS, Slam Brands filed proof of claim number 14447 ("Claim No. 14447") on or about June 30, 2009, asserting a post-petition administrative expense priority claim under Bankruptcy Code section 503(b)(1) in the amount of $334,417.60 (the "Post-petition Administrative Expense Claim").

WHEREAS, on November 16, 2009, Slam Brands filed its Joinder to Objections of LG Electronics USA, Inc. and Eastman Kodak Company to Confirmation of Debtors' Chapter 11 Plan of Liquidation (Docket No. 5726) (the "Confirmation Objection Joinder").

WHEREAS, the Debtors' books and records reflect that there exist pre-petition accounts receivable amounts due and owing from Slam Brands to the Debtors in the amount of $61,454.18 (the "Debtors' Pre-petition Receivables") and post-petition accounts receivable amounts due and owing from Slam Brands to the Debtors in the amount of $8,032.96 (the "Debtors' Post-Petition Receivables").[3]

---

[3]   The Debtors' books and records reflect additional post-petition accounts receivable amounts of $5,608.17 which were previously applied by Slam Brands to its Post-petition Administrative Expense Claim at the time of its filing.

WHEREAS, based on their preliminary analysis, the Debtors believe that Slam Brands may have received certain transfers from the Debtors which may be avoidable under chapter 5 of the Bankruptcy Code, subject to proof (the "Alleged Avoidance Actions").

WHEREAS, Slam Brands asserts that they have not received any transfers that may be avoidable or recoverable under chapter 5 of the Bankruptcy Code.

NOW, THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby **STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:**

1.    The Parties represent that they have engaged in arms' length negotiations to arrive at this Settlement Agreement.

2.    For purposes of this Settlement Agreement, the Parties agree that the 503(b)(9) Claim shall be valued at $539,270.86.

3.    For purposes of this Settlement Agreement, the Parties agree that the Post-Petition

7

Administrative Expense Claim shall be valued at
$334,417.60.

    4.   For purposes of this Settlement
Agreement, the Parties agree that the General Unsecured
Claim shall be valued at $440,476.30.

    5.   For purposes of this Settlement
Agreement, the Parties agree that the Debtors' Pre-
petition Receivables shall be valued at $61,454.18 and
the Debtors' Post-Petition Receivables shall be valued
at $8,032.96.

    6.   For purposes of this Settlement
Agreement, the Parties agree that the Alleged Avoidance
Actions shall be valued at $72,762.56.

    7.   For purposes of this Settlement
Agreement, the Parties agree that a portion of the
Debtors' Pre-Petition Receivables in the amount of
$45,000.00 will be setoff against the 503(b)(9) Claim,
reducing the 503(b)(9) Claim to $494,270.86 and reducing
the Debtors' Pre-Petition Receivables to $16,454.18.

    8.   For purposes of this Settlement
Agreement, the Parties agree that the remainder of the
Debtors' Pre-Petition Receivables in the amount of

$16,454.18 will be setoff against the General Unsecured

Claim, reducing the General Unsecured Claim to

$424,022.12 and reducing the Debtors' Pre-Petition

Receivables to $0.

9.   For purposes of this Settlement

Agreement, the Parties agree that the Debtors' Post-

Petition Receivables in the amount of $8,032.96 will be

setoff against the 503(b)(9) Claim, further reducing the

503(b)(9) Claim to $486,237.90 and reducing the Debtors'

Post-Petition Receivables to $0.

10.   For purposes of this Settlement

Agreement, the Parties agree that the Alleged Avoidance

Actions in the amount of $72,762.56 will be setoff

against the Post-Petition Administrative Expense Claim,

reducing the Post-Petition Administrative Expense Claim

to $261,655.04 and reducing the Alleged Avoidance

Actions to $0.

11.   To the extent necessary, the automatic

stay under 11 U.S.C. § 362 is lifted and/or modified to

permit the setoffs set forth in the preceding

paragraphs.

12.   After effectuation of the setoffs described herein, Slam Brands shall be left with the following allowed claims: (i) an allowed administrative expense priority claim under Bankruptcy Code section 503(b)(9) in the amount of $486,237.90 (the "Slam Brands' Allowed 503(b)(9) Claim") on account of Claim No. 6033, (ii) an allowed general unsecured non-priority claim in the amount of $424,022.12 (the "Slam Brands' Allowed General Unsecured Claim") on account of Claim No. 6033, and (iii) an allowed post-petition administrative expense priority claim under Bankruptcy Code section 503(b)(1) in the amount of $261,655.04 (the "Slam Brands' Allowed Post-Petition Administrative Expense Claim") on account of Claim No. 14447.  All other claims or portions of claims that have been, could have been, or might have been asserted against the Debtors and their estates by Slam Brands, including but not limited to the amounts asserted in the Administrative Expense Motion, are disallowed in their entirety for all purposes in these bankruptcy cases.

13.   The Debtors, or any successors, shall make payment of the Slam Brands' Allowed 503(b)(9) Claim

10

and the Slam Brands' Allowed Post-Petition
Administrative Expense Claim on the Initial Distribution
Date as defined in the First Amended Joint Plan of
Liquidation of Circuit City Stores, Inc. and Its
Affiliated Debtors and Debtors in Possession and Its
Official Committee of Creditors Holding General
Unsecured Claims (as amended or modified, the "Plan"),
or in accordance with further order of the Court only
upon the request of Slam Brands.  The Slam Brands'
Allowed General Unsecured Claim shall be paid in
accordance with the terms of the confirmed Plan or in
accordance with further order of the Court only upon the
request of Slam Brands.

14.  Upon the Effective Date (as defined
below) of the Settlement Agreement, the Administrative
Expense Motion and the Confirmation Objection Joinder
shall be deemed withdrawn with prejudice.

15.  Upon the Effective Date (as defined
below) of the Settlement Agreement, the Nineteenth
Omnibus Objection and the Response to Nineteenth Omnibus
Objection shall be deemed resolved with respect to Slam
Brands in accordance with this Settlement Agreement.

11

16.   Except as otherwise provided herein with respect to the Slam Brands' Allowed 503(b)(9) Claim, the Slam Brands' Allowed Post-Petition Administrative Expense Claim and the Slam Brands' Allowed General Unsecured Claim, upon the Effective Date (as defined below) of the Settlement Agreement, Slam Brands, on behalf of itself and its successors and assigns, and the Debtors, on behalf of themselves, and each on behalf of their respective estates, successors, and assigns, hereby irrevocably and fully release one another from and against any and all claims or causes of action (including but not limited to, causes of action under Bankruptcy Code sections 542, 543, 544, 546, 547, 548, 549, 550, 553 and 558) arising from, in connection with, or relating to the Alleged Avoidance Actions, the business conducted between the Parties, and any agreement by or between the Parties (this paragraph, the "Releases").

17.   For the avoidance of doubt and notwithstanding anything to the contrary in this Settlement Agreement, (1) the Releases are not intended

as general releases or waivers and nothing in this
Settlement Agreement shall be construed as such, and (2)
Slam Brands and the Debtors specifically acknowledge and
agree that this Settlement Agreement is not intended to,
and does not, release or otherwise affect in any way any
actual claims or causes of action (or potential claims
or causes of action similar in nature or type to such
actual claims or causes of action) now or hereinafter
asserted in, based on, or relating to the multi-district
litigation captioned *In re: TFT-LCD (Flat Panel)
Antitrust Litigation*, MDL No. 1827 (N.D. Cal.) and the
actions consolidated therein (the "MDL Proceeding").

18.   Nothing contained in this Settlement
Agreement shall be deemed an admission of liability on
the part of the Debtors or Slam Brands with respect to
the matters resolved herein.

19.   Neither this Settlement Agreement, nor
any statement made or action taken in connection with
the negotiation of this Settlement Agreement, shall be
offered or received in evidence or in any way referred
to in any legal action or administrative proceeding

13

among or between the Parties hereto, other than as may

be necessary (a) to obtain approval of and/or to enforce

any of the terms of this Settlement Agreement, or (b) to

seek damages or injunctive relief in connection

therewith.

20.   No provision of this Settlement Agreement

is intended to confer any rights, benefits, releases,

remedies, obligations or liabilities hereunder upon any

person other than the Parties hereto and their

respective successors.

21.   This Settlement Agreement shall be

governed by and construed in accordance with the

internal laws of the State of Virginia without regard to

any choice of law provisions.

22.   This Settlement Agreement may be signed

in counterpart originals and delivered by facsimile or

email, which, when fully executed, shall constitute a

single original.

23.   This Settlement Agreement constitutes the

entire agreement and understanding of the Parties

regarding the Settlement Agreement and the subject

matter thereof and supersedes all prior discussions,

14

negotiations and understandings between the Parties

regarding such subject matter.

24.   The United States Bankruptcy Court for

the Eastern District of Virginia shall retain exclusive

jurisdiction (and the Parties consent to such retention

of jurisdiction) with respect to any disputes arising

from or related to, or other actions to interpret,

administer or enforce the terms and provisions of, this

Settlement Agreement.

25.   Each person or entity who executes this

Settlement Agreement on behalf of another person or

entity represents and warrants that he, she, or it is

duly authorized to execute this Settlement Agreement on

behalf of such person or entity, has the requisite

authority to bind such person or entity, and such person

or entity has full knowledge of and has consented to

this Settlement Agreement.   The representations and

warranties set forth in this paragraph shall survive

execution of this Settlement Agreement.

26.   This Settlement Agreement is effective

(the "Effective Date") upon the later of (i) execution

15

by both Parties and (ii) the expiration of the

applicable Notice Period.

27.    This Settlement Agreement shall not be

modified, altered, amended or vacated without the

written consent of all Parties hereto and an order of

the Court.

28.    This Settlement Agreement shall inure to

the benefit of and be binding upon the successors and

assigns of the Parties, including any Chapter 7 trustee

or the Liquidating Trustee under the Plan.

[SIGNATURES APPEAR ON FOLLOWING PAGES]

16

IN WITNESS WHEREOF, the Parties have set their hands in agreement as of the date written above.


**CIRCUIT CITY STORES, INC.**

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____ ___
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

*Counsel for Circuit City Stores, Inc.,
et al., Debtors and Debtors-in-Possession*

**SLAM BRANDS, INC.**


By: /s/ Judy M. Sorenson_____

NAME:  Judy M. Sorenson
TITLE: Chief Financial Officer



By: /s/ Troy Savenko_____
GREGORY KAPLAN, PLC
Troy Savenko
7 East Second Street (23224-4253)
Post Office Box 2470
Richmond, VA 23218-2470
(804) 525-1891
(804) 525-1892

*Counsel for Slam Brands, Inc.*

18