Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
         Debtors.             :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER APPROVING SETTLEMENT AGREEMENT AND STIPULATION BY
AND AMONG THE DEBTORS AND MITSUBISHI DIGITAL ELECTRONICS
AMERICA, INC.**

Upon consideration of the Debtors' Consent

Motion For Approval Of Settlement Agreement And

Stipulation By And Among The Debtors And Mitsubishi

Digital Electronics America, Inc. (the "Motion"); the

Court having reviewed the Settlement Agreement And

Stipulation By And Among The Debtors And Mitsubishi

Digital Electronics America, Inc. (the "Settlement

Agreement"), a copy of which is annexed as Exhibit A;

the Court finding that (i) this Court has jurisdiction

over the Motion pursuant to 28 U.S.C. §§ 157 and 1334;

(ii) the Motion is a is a core proceeding under 28 U.S.C.

§ 157(b); (iii) venue of these cases in this district

and before this Court is proper under 28 U.S.C. §§ 1408

and 1409; (iv) due and proper notice and service of the

Motion has been given in compliance with Fed. R. Bankr.

P. 3007 and 7004 and LBR 3007-1 and was good and

sufficient and that no other further notice or service

of the Motion need be given; (v) the Settlement is fair

and reasonable under the circumstances and entry into

the Settlement Agreement is an exercise of the Debtors'

sound business judgment; and (vi) approval of the

Settlement Agreement is in the best interests of the

Debtors, their estates, and creditors; and upon the

record herein, and after due deliberation thereon and

good and sufficient cause appearing therefore, it is

hereby

ORDERED, that the Motion is GRANTED; and it is further

ORDERED, that the Settlement Agreement annexed as Exhibit A is approved in all respects; and it is further

ORDERED, that the Debtors are authorized to take any and all actions necessary or appropriate to carry out the terms of the Settlement Agreement; and it is further

ORDERED, that this Court shall retain

jurisdiction with respect to all matters arising from or

relating to this Order or the Settlement Agreement.

Dated: Richmond, Virginia
_____, 2010


_____
Honorable Kevin R. Huennekens
United States Bankruptcy Judge

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

          - and -

/s/ Douglas M. Foley_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

4

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT A**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - x
In re:                    :    Chapter 11
                          :
CIRCUIT CITY STORES, INC., :    Case No. 08-35653 (KRH)
et al.,                   :
                          :
        Debtors.          :    Jointly Administered
- - - - - - - - - - - - - x

   **SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS AND MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.**

          This settlement agreement and stipulation

(this "Settlement Agreement") is entered into by and

among the above-captioned debtors and debtors in

possession (the "Debtors"),[1] on the one hand, and

Mitsubishi Digital Electronics America, Inc.

("Mitsubishi" and together with Mitsubishi and the

Debtors, the "Parties" and each of which is a "Party"),

on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc.
      (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
      Inc. (0875), Ventoux International, Inc. (1838), Circuit City
      Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
      Distribution Company of Virginia, Inc. (2821), Circuit City
      Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
      Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
      Sky Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263),
      Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
      LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
      for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
      VA 23060.

WHEREAS, the Debtors have continued as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors' Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc.

3

and its Affiliated Debtors and Debtors In Possession and
its Official Committee of Creditors Holding General
Unsecured Claims (the "Plan"); and

WHEREAS, the associated disclosure statement
was approved on September 24, 2009, and confirmation of
the Plan is currently scheduled for May 11, 2010; and

WHEREAS, generally, the Plan provides for the
liquidation of the Debtors under chapter 11 of the
Bankruptcy Code; and

### SETTLEMENT BACKGROUND

**A.   The Mitsubishi Claims.**

WHEREAS, Circuit City Stores, Inc. and
Mitsubishi are parties to that certain Dealer Agreement,
dated July 7, 2006 (the "Dealer Agreement") as well as
various side agreements, addendums and letter agreements
(the "Side Agreements" and, together with the Dealer
Agreement, the "Mitsubishi Agreements").  Pursuant to
the Mitsubishi Agreements, the Debtors purchased certain
Mitsubishi products (collectively, the "Product") for
resale in their retail stores; and

WHEREAS, on or about March 18, 2010, by
consent of the Debtors and Mitsubishi, this Court

4

entered its Supplemental Order resolving the Debtors'

Fourth, Twenty-Third, and Forty-Second Omnibus

Objections with respect to Mitsubishi (D.I. 6871) (the

"Settlement Order"); and

WHEREAS, pursuant to the Settlement Order, all

of Mitsubishi's claims, other than claim number 132 and

claim number 12300, were withdrawn; and

WHEREAS, on November 12, 2008, the Court

entered an Order Establishing Bar Date for Filing

Requests for Payment of Administrative Expense Claims

under Bankruptcy Code Sections 105 and 503(b)(9) and

Approving Form, Manner and Sufficiency of Notice of the

Bar Date Pursuant to Bankruptcy Rule 9007 (the

"Administrative Expense Claim Order") (D.I. 107), which

required each creditor with a claim for administrative

expenses under Code Section 503(b)(9) to file a "Section

503(b)(9) Claims Request" in a form attached to the

Order as Exhibit B, or alternatively, by motion, by the

stated bar date.

WHEREAS, on November 18, 2008, Mitsubishi filed

proof of claim number 132 against the Debtors'

bankruptcy estates pursuant to Bankruptcy Code section

5

503(b)(9) (the "503(b)(9) Claim") pursuant to the

Administrative Expense Claim Order.  Therein, Mitsubishi

alleged that it sold to the Debtors in the ordinary

course of business $4,965,976.18 worth of Product that

was received by the Debtors within the twenty (20) days

before the Petition Date; and

WHEREAS, as a result of payments made by the

Insurance Company of the State of Pennsylvania (the

"Insurance Company") to Mitsubishi pursuant to a policy

for credit insurance, the Insurance Company holds or is

subrogated to Mitsubishi's rights with regard to a

portion of the 503(b)(9) Claim; and

WHEREAS, on April 17, 2009, Mitsubishi filed

claim number 12300.  Claim number 12300 was filed (i) in

the amount of $7,181,834.23 as a general unsecured claim,

and (ii) in the amount of $3,110,267.24 as a secured

claim; and

**B.    The Memorandum Opinion and Order.**

WHEREAS, pursuant to the Debtors' (I) Fifty-

First Omnibus Objection to Certain 503(b)(9) Claims and

(II) Motion for a Waiver of the Requirement that the

First Hearing on any Response Proceed as a Status

6

Conference (Docket No. 5214) (the "Fifty-First Omnibus Objection"), the Debtors sought to temporarily disallow the 503(b)(9) Claim pending the return of certain transfers alleged by the Debtors to be avoidable under Bankruptcy Code section 547; and

WHEREAS, on January 6, 2010, the Court entered a Memorandum Opinion and Order (D.I. 6228) sustaining the Fifty-First Omnibus Objection and temporarily disallowing the 503(b)(9) Claim to the extent of $2,407,142.00; and

WHEREAS, on March 9, 2010, Mitsubishi filed its Notice of Appeal (D.I. 6755) and Motion for Leave to Appeal the Memorandum Opinion and Order sustaining the Fifty-First Omnibus Objection (the "Motion for Leave") (D.I. 6759); and

WHEREAS, on April 23, 2010, the District Court for the Eastern District of Virginia granted the Motion for Leave (the "Appeal"); and

**C.    The Adversary Proceeding.**

WHEREAS, on April 1, 2010, Circuit City Stores, Inc. filed its Objection to Claim Nos. 132 and 12300 and Complaint Against Mitsubishi Digital Electronics America,

Inc. and The Insurance Company of the State of
Pennsylvania, Adv. Pro. No. 10-03068 (D.I. 1); and

WHEREAS, rather than proceed with litigation
concerning the Appeal, the Parties engaged in good faith,
arms' length negotiations to resolve the Appeal at this
time; and

NOW THEREFORE, for good and valuable
consideration the receipt and sufficiency of which is
hereby acknowledged, the Parties hereby STIPULATE AND
AGREE that:

1.   Upon the earlier of (a) the Effective
Date, as defined herein, or (b) the commencement of the
hearing on confirmation of the Plan or any modification
or amendment (in whole or in part) to the Plan (the
"Deposit Date"), the Debtors will establish and fund a
reserve in immediately available funds in lawful money
of the United States of America in the amount of
$4,965,976.18 pursuant to Federal Rule of Bankruptcy
Procedure 3020(a) for the exclusive benefit of
Mitsubishi (the "Reserve") and will provide Mitsubishi
with written confirmation that the Reserve has been
fully funded.

2.    The Reserve will be held in a specific
interest bearing account, currently held at J.P. Morgan
Chase, in which the Debtors hold amounts segregated for
specific parties.  The last four digits of the account
are 0844.

3.    The Parties agree that if Mitsubishi's
503(b)(9) Claim is ultimately allowed in whole or in
part, Mitsubishi shall be paid the allowed amount of the
503(b)(9) Claim from the Reserve.  Mitsubishi shall also
receive from the Reserve the pro rata share of interest
on the amount of the ultimately allowed 503(b)(9) Claim,
if any, from the Deposit Date until the date the
503(b)(9) Claim is paid.  Otherwise, any interest on the
Reserve will be retained by, or made payable to, the
Debtors' bankruptcy estates.

4.    The Parties further agree that, upon the
first business day immediately following the date on
which the Court's order approving this Settlement
Agreement becomes final and non-appealable (the
"Dismissal Date"), and provided that Mitsubishi has
received written confirmation from the Debtors that the
Reserve has been fully funded, Mitsubishi shall cause

the Appeal to be dismissed with prejudice.  Prior to the

Dismissal Date, the Parties shall cooperate, one with

the other, to request that the Appeal be stayed pending

the occurrence of the Dismissal Date, but Mitsubishi

shall be entitled to protect and preserve its rights in

the Appeal pending the Dismissal Date and confirmation

that the Reserve has been fully funded.

   5. Neither this Settlement Agreement, nor

any statement made or action taken in connection with

the negotiation of this Settlement Agreement, shall be

offered or received in evidence or in any way referred

to in any legal action or administrative proceeding

among or between the Parties hereto, other than as may

be necessary (a) to obtain approval of and to enforce

this Settlement Agreement or (b) to seek damages or

injunctive relief in connection with such approval and

enforcement.

   6. Each Party hereto shall execute and

deliver any and all additional papers, documents and

other assurances, and shall do any and all acts and

things reasonably necessary or appropriate in

conjunction with the performance of their respective

obligations hereunder.

7.    No provision of this Settlement Agreement

is intended to confer any rights, benefits, remedies,

obligations or liabilities hereunder upon any person

other than the Parties hereto and their respective

successors (including, as to Mitsubishi, the Insurance

Company with regard to its interest in a portion of

Mitsubishi's 503(b)(9) Claim).

8.    Except where preempted by applicable

federal law, this Settlement Agreement shall be governed

by and construed in accordance with the internal laws of

the Commonwealth of Virginia without regard to any

choice of law provisions.

9.    This Settlement Agreement may be signed

in counterpart originals and delivered by facsimile or

email, which, when fully executed, shall constitute a

single original.

10.   This Settlement Agreement constitutes the

entire agreement and understanding of the Parties

regarding the Settlement Agreement and the subject

matter thereof.

11

11.  The Court shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

12.  Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement.  The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

13.  This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or order of the Court.

14.  This Settlement Agreement and all of its terms shall be effective upon entry of an order

12

approving this Settlement Agreement (the "Effective Date").

15.   This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto, including any Chapter 7 trustee or the liquidating trustee under the Plan.

IN WITNESS WHEREOF, this Settlement Agreement

is hereby executed as of May 3, 2010.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC., et al.,
Debtors and Debtors in Possession

By:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley                          _
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Attorneys for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

14

MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.

By:

/s/ Philip C. Baxa           ___
Philip C. Baxa (VSB No. 22977)
MERCERTRIGIANI LLP
16 South Second Street
Richmond, Virginia 23219
Tel: 804-782-8691
Fax: 804-644-0209
Phil.baxa@mercertrigiani.com

        -and-

By:

/s/ James A. Pardo, Jr.        ___
KING & SPALDING LLP
James A. Pardo, Jr.
Georgia Bar No. 561206
jpardo@kslaw.com
Thaddeus D. Wilson
Georgia Bar No. 596008
thadwilson@kslaw.com
1180 Peachtree Street
Atlanta, Georgia  30309-3521
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5128


Attorneys for Mitsubishi Digital Electronics America,
Inc.