Gregg M. Galardi, Esq.                Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.               Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - - x

**MOTION OF THE DEBTORS PURSUANT TO 11 U.S.C. § 105
AND LOCAL BANKRUPTCY RULE 9013-1(M) FOR AN ORDER
SETTING AN EXPEDITED HEARING**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] hereby

---

[1] The Debtors are the following entities: The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City
                                                              *(cont'd)*

move the Court (the "Motion to Expedite") for the entry of an order, pursuant to 11 U.S.C. § 105 and Rule 9013-1(M) and (N) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"), setting an expedited hearing for May 11, 2010 at 10:00 a.m. (Eastern) on Debtors' Consent Motion for Approval of Settlement Agreement and Stipulation by and among the Debtors and Mitsubishi Digital Electronics America, Inc. (the "Consent Motion") and Debtors' Motion for Order Shortening Notice and Limiting Notice of the Consent Motion (the "Motion to Shorten and Limit Notice" and collectively with the Consent Motion , the "Motions"). In further support of the Motion to Expedite, the Debtors respectfully represent:

---

*(cont'd from previous page)*
   Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux
   International, Inc. (1838), Circuit City Purchasing Company, LLC
   (5170), CC Aviation, LLC (0841), CC Distribution Company of
   Virginia, Inc. (2821), Circuit City Properties, LLC (3353),
   Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc.
   (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311),
   Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
   Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit
   City Stores PR, LLC (5512).  The address for the Debtors is 4951
   Lake Brook Drive, Suite #500, Glen Allen, Virginia 23060.

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Local Bankruptcy Rule 9013-1(M) and (N).

**BACKGROUND**

3.  On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4.  The Debtors continue as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.  On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

6.   On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  On or about March 8, 2009, the going out of business sales concluded.

7.   On September 24, 2009 the Court entered an Order Approving (I) Disclosure Statement (the "Disclosure Statement"), (II) Notice of the Disclosure Statement Hearing, (III) Hearing Date to Consider Confirmation of the Plan, (IV) Procedures for Filing Objections to Plan, (V) Voting Agent and Deadlines Related to Solicitation and Confirmation, (VI) Procedures with Respect to Certain Claims and (VII) Solicitation Procedures for Confirmation of the Plan (Docket No. 5090).

8.   The hearing on confirmation of the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in

Possession and Its Official Committee of Creditors Holding General Unsecured Claims (the "Plan") is scheduled to commence on June 8, 2010 at 10:00 a.m. (Eastern).

**RELIEF REQUESTED**

9.   On May 3, 2010, the Debtors filed the Motions. By this Motion to Expedite, the Debtors seek this Court's entry of an order setting an expedited hearing on the Motions for the scheduled omnibus hearing on Tuesday, May 11, 2010 at 10:00 a.m. (the "Expedited Hearing").

**BASIS FOR RELIEF**

10.   The Consent Motion seeks an order approving a Settlement Agreement and Stipulation (the "Settlement Agreement") by and among the Debtors and Mitsubishi Digital Electronics America, Inc. ("Mitsubishi"), which, among other things, establishes a reserve pursuant to Federal Rule of Bankruptcy Procedure 3020(a) for the exclusive benefit of Mitsubishi, and resolves Mitsubishi's appeal of the Court's Memorandum Opinion

4

and Order sustaining the Fifty-First Omnibus Objection (the "Appeal").[2]

11.  The Debtors believe it is in the best interest of the Debtors' estates, their creditors, and other parties in interest for the Motions to be heard at the hearing on May 11, 2010 at 10:00 a.m. (Eastern) due to upcoming deadlines in the Appeal.  Rather than proceed with litigation concerning the Appeal, the Debtors and Mitsubishi wish to resolve the Appeal prior to briefing, which will reduce the administrative burden and costs associated with continuing the Appeal at this time.

12.  Additionally, the Debtors have consulted with the Creditors' Committee and have not received an objection.

13.  Local Bankruptcy Rule 9013-1 allows the setting of a hearing on an expedited basis as requested herein.  Attached hereto as <u>Exhibit B</u> is the certification required under Local Rule 9013-1(N).

---

[2] This is a brief summary of the terms of the Settlement Agreement. In the event there is a conflict between the Motion to Shorten and Limit Notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.

5

14. Additionally, section 105(a) of the Bankruptcy Code provides this Court with the power to set expedited hearings. Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

**NOTICE**

15. Notice of this Motion to Expedite is being provided to parties-in-interest in accordance with the Court's Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (Docket No. 6208) (the "Case Management Order"). In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

**WAIVER OF MEMORANDUM OF LAW**

16. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion to Expedite and all applicable authority is set forth in the Motion to Expedite, the Debtors

6

request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

**NO PRIOR REQUEST**

17. No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, granting the relief requested in the Motion to Expedite and such other and further relief as may be just and proper.

Dated: May 3, 2010        SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia  FLOM, LLP
                           Gregg M. Galardi, Esq.
                           Ian S. Fredericks, Esq.
                           P.O. Box 636
                           Wilmington, Delaware 19899-0636
                           (302) 651-3000

                           - and –

                           SKADDEN, ARPS, SLATE, MEAGHER &
                           FLOM, LLP
                           Chris L. Dickerson, Esq.
                           155 North Wacker Drive
                           Chicago, Illinois 60606
                           (312) 407-0700

                           - and –

                           MCGUIREWOODS LLP

                           /s/ Douglas M. Foley        .
                           Douglas M. Foley (VSB No. 34364)
                           Sarah B. Boehm (VSB No. 45201)
                           One James Center
                           901 E. Cary Street
                           Richmond, Virginia 23219
                           (804) 775-1000

                           Counsel for Debtors and Debtors
                           in Possession

**EXHIBIT A**

| | |
|---|---|
| Gregg M. Galardi, Esq. | Douglas M. Foley (VSB No. 34364) |
| Ian S. Fredericks, Esq. | Sarah B. Boehm (VSB No. 45201) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653
et al.,                       :
                              :
          Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - - x

**ORDER SETTING AN EXPEDITED HEARING**

Upon the motion (the "Motion to Expedite")[1] of the Debtors for an order, pursuant to Bankruptcy Code section 105 and Rule 9013-1(M) and (N) of the Local

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Expedite.

Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"), requesting an expedited hearing on the Motions; and the Court having reviewed the Motion to Expedite and the Motions; and the Court having determined that the relief requested in the Motion to Expedite is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion to Expedite has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion to Expedite is GRANTED.

2. A hearing will be held on May 11, 2010 at 10:00 a.m., prevailing Eastern Time, to hear and consider the Consent Motion and the Motion to Shorten and Limit Notice.

3. Adequate notice of the relief sought in the Motion to Expedite has been given and no further notice is required.

1

2

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Richmond, Virginia

_____, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

2

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                              /s/ Douglas M. Foley
                              Douglas M. Foley

**EXHIBIT B**

| | |
|---|---|
| Gregg M. Galardi, Esq. | Douglas M. Foley (VSB No. 34364) |
| Ian S. Fredericks, Esq. | Sarah B. Boehm (VSB No. 45201) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

         - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
        IN THE UNITED STATES BANKRUPTCY COURT
         FOR THE EASTERN DISTRICT OF VIRGINIA
                   RICHMOND DIVISION

- - - - - - - - - - - - - - - - x
                                :
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653
et al.,                         :
                                :
            Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - - - x
```

**CERTIFICATION FOR EXPEDITED HEARING**

The above-captioned debtors (collectively, the "Debtors") contemporaneously herewith are filing, the Motion of the Debtors, Pursuant to 11 U.S.C. § 105 and Local Bankruptcy Rule 9013-1(M), for an Order Setting an

1

Expedited Hearing (the "Motion to Expedite").[1] In support thereof, and as required by Rule 9013-1(N) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia, the undersigned counsel for the Debtors certify as follows:

    1.  I am a member of the Bar of this Court, and I have carefully examined these matters and concluded that there is a true need for an expedited hearing.

    2.  The necessity for this expedited hearing has not been caused by any lack of due diligence on my part, but has been brought about only by the circumstances of the Debtors' chapter 11 cases.

    3.  Based upon the nature of the matters and the relief requested in the Motion to Expedite, no *bona fide* effort to resolve these matters without a hearing is possible.

                              /s/ Douglas M. Foley
                              Douglas M. Foley

\11222086

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Expedite.