Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                          :    Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :    Case No. 08-35653 (KRH)
et al.,                         :
                                :    Jointly Administered
            Debtors.            :
                                :    **Obj. Deadline: May 10, 2010 at**
- - - - - - - - - - - - - - x   **5:00 p.m. (ET)**

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION BY
AND AMONG THE DEBTORS AND UNITED STATES DEBT RECOVERY LLC**

PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval
(the "Settlement Procedures Order") (Docket No. 4401).[1]  A

---

[1]  Capitalized terms not otherwise defined herein shall have the
    meanings ascribed to such terms in the Settlement Agreement (defined
    below) or the Settlement Procedures Order.

copy of the Settlement Procedures Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement Agreement") with United States Debt Recovery LLC ("USDR"), a copy of which is annexed as <u>Exhibit 2</u>.

### SUMMARY OF SETTLEMENT AGREEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Settlement Agreement are as follows:

---

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]   This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.

(i)     This a Tier I Settlement.

(ii)    Upon the occurrence of the Effective Date (as
        defined in the Settlement Agreement), the Parties
        agree that (i) the Initial 503(b)(9) Claim shall be
        disallowed for all purposes in the Debtors' Chapter
        11 Cases, (ii) the Amended 503(b)(9) Claim shall be
        valued in the amount of $17,548.92, and (iii) the
        Unsecured Claim shall be valued in the amount of
        $18,640.58.

(iii)   Upon the occurrence of the Effective Date, the
        Parties further agree that the Debtors' Unpaid
        Obligations shall be valued at $3,800 (the
        "Receivables").

(iv)    Upon the occurrence of the Effective Date, in full
        satisfaction and settlement of the Unpaid
        Obligations and the Receivables, the Receivables
        shall be net against the Amended 503(b)(9) Claim
        such that the Amended 503(b)(9) Claim shall be
        reduced to the amount of $13,748.92.

(v)     To the extent required, the automatic stay of 11
        U.S.C. § 362 is lifted to permit the netting set
        forth in Paragraph (iv) above.

(vi)    Upon the occurrence of the Effective Date, the
        Amended 503(b)(9) Claim shall be deemed an "allowed"
        claim, but shall remain temporarily disallowed
        pursuant to the Memorandum Opinion and Order, and
        the Unsecured Claim shall be deemed an "allowed"
        claim, but shall be deemed temporarily disallowed
        under Bankruptcy Code section 502(d), until the
        earlier of (i) entry of a final order by the Supreme
        Court or the Fourth Circuit Court of Appeals if the
        Supreme Court does not grant certiorari reversing
        the Memorandum Opinion and Order with respect to the
        application of Bankruptcy Code section 502(d) to
        section 503(b)(9) claims, (ii) satisfaction of the
        Judgment, or (iii) a final order allowing the
        Amended 503(b)(9) Claim and the Unsecured Claim, at
        which time the 503(b)(9) Claim and the Unsecured
        Claim shall no longer be temporarily disallowed.

(vii)   Upon the occurrence of the Effective Date, the
        Parties agree that the Debtors will establish a
        reserve pursuant to Federal Rule of Bankruptcy
        Procedure 3020 for the exclusive benefit of USDR
        (the "Reserve").

(viii)  The Reserve will be held in a specific interest
        bearing account, currently held at J.P. Morgan Chase,
        in which the Debtors hold amounts segregated for
        specific parties.  The last four digits of the
        account are 0844.

(ix)    The Parties agree that if USDR's Amended 503(b)(9)
        Claim is ultimately allowed in whole or in part,
        USDR shall be paid the allowed amount of the Amended
        503(b)(9) Claim from the Reserve.  USDR shall also
        receive the pro rata share of interest on the amount
        of the ultimately allowed Amended 503(b)(9) Claim,
        if any, from the Effective Date of the Settlement
        Agreement until the date the Amended 503(b)(9) Claim
        is paid.  Otherwise, any interest on the Reserve
        will be retained by, or made payable to, the
        Debtors' bankruptcy estates.

(x)     In the event, and to the extent any of the Amended
        503(b)(9) Claim is allowed, the allowed portion of
        the Amended 503(b)(9) Claim shall be deemed an
        "allowed" claim pursuant to Bankruptcy Code Sections
        503(b)(9) against Circuit City Stores, Inc. and its
        estate in case number 08-35653 (KRH) for all
        purposes, including with respect to any confirmed
        plan of liquidation or in any chapter 7 case of such
        Debtor, shall be paid in accordance with any plan or
        as required under any chapter 7 liquidation (as
        applicable), and shall not be subject to further
        objection, offset, reduction, discount, impairment
        or subordination.

(xi)    For the avoidance of doubt and notwithstanding
        anything to the contrary in the Settlement Agreement,
        the Settlement Agreement shall not be deemed to or
        affect any other claim filed by or transferred to
        USDR (the "Unresolved Claims" and the holders of
        such Unresolved Claims, the "Claimants") or the
        Debtors' rights, claims, causes of action, or
        defenses arising from or related to the Unresolved
        Claims or the Claimants holding such Unresolved
        Claims.

(xii)   Upon the occurrence of the Effective Date, the
        Parties will cause the Adversary Proceeding and
        Adversary Complaint to be dismissed with respect to
        USDR with prejudice.

(xiii)  Upon the occurrence of the Effective Date, the
        Parties will cause the Appeal to be dismissed with
        prejudice.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Settlement Procedures Order,
any Notice Party may object (each an "Objection") to or
request additional time or information (each a "Request")
to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be <u>in writing</u> and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (see information below) by no later **May
10, 2010 at 5:00 p.m. (ET)** (the "Objection Deadline").
Each Objection or Request must be served on (i) the
attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
([gregg.galardi@skadden.com](mailto:gregg.galardi@skadden.com)) and Ian S. Fredericks
([ian.fredericks@skadden.com](mailto:ian.fredericks@skadden.com)) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley ([dfoley@mcguirewoods.com](mailto:dfoley@mcguirewoods.com)) and Daniel F.
Blanks ([dblanks@mcguirewoods.com](mailto:dblanks@mcguirewoods.com)), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz ([jpomerantz@pszjlaw.com](mailto:jpomerantz@pszjlaw.com)) and (b) 780 Third Avenue,
36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein
([rfeinstein@pszjlaw.com](mailto:rfeinstein@pszjlaw.com)).

PLEASE TAKE FURTHER NOTICE that if you object to
the Settlement Agreement and you do not want the Debtors to
proceed with the Settlement Agreement or you want the Court
to consider your views concerning the Settlement Agreement,
you or you attorney must also:

file in writing with the Court, Clerk of Court,
United States Bankruptcy Court, 701 East Broad
Street, Suite 4000, Richmond, Virginia 23219, or
electronically ([www.vaeb.uscourts.gov](http://www.vaeb.uscourts.gov)), a written
Objection pursuant to Local Bankruptcy Rule 9013-
1(H). If you mail your Objection to the Court for
filing, you must mail it early enough so the
Court will **receive it on or before May 10, 2010
at 5:00 p.m. (ET).**

**Any Objection to the Settlement Agreement must be submitted
by the method described in the foregoing sentence.
Objections will be deemed filed only when actually received
at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(d) of the Settlement Procedures Order, if a
Notice Party submits a Request, only such Notice Party
shall have the later of (i) an additional five (5) days to
object to the Agreement or (ii) in the case of a Request
for additional information, three (3) days after receipt by
the Notice Party of the additional information requested.
Each Notice Party may only make one Request for additional
time per Settlement Agreement, unless otherwise agreed to
by the Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: May 3, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.               Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.              Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &      MCGUIREWOODS LLP
FLOM, LLP                            One James Center
One Rodney Square                    901 E. Cary Street
PO Box 636                           Richmond, Virginia 23219
Wilmington, Delaware 19899-0636      (804) 775-1000
(302) 651-3000

                 - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

          IN THE UNITED STATES BANKRUPTCY COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                   RICHMOND DIVISION

- - - - - - - - - - - - - - x
                             :
In re:                       :    Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :    1Case No. 08-35653 (KRH)
et al.,                      :
                             :
          Debtors.           :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

          Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---
[1]    Each capitalized term not otherwise defined herein shall have the
       meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.   Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.   The Notice Procedures are fair,

reasonable, and appropriate.

3.   The Settlement Procedures are fair

reasonable, and appropriate.

4.   The Notice and Settlement Procedures were

proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)   All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)   Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)   Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   Tier I With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   Tier II With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the

Debtors are authorized in their sole discretion, but not

directed, to enter into Settlement Agreements

substantially in the form of <u>Exhibit A</u> attached hereto;

<u>provided</u>, <u>further</u>, that the material terms of each

Settlement Agreement may vary depending upon the

specific facts and circumstances of each Settlement and

nothing herein or therein shall be construed as

impairing the Debtors' ability to tailor the form of the

Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not

directed, to resolve all of the Disputed Claims and

Cause of Action and Receivable Claims of a single party

in a single Settlement Agreement.

15.   The Debtors shall provide written notice

to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'

authorized claims and noticing agent, with respect to

any proof of claim settled pursuant to these Settlement

Procedures; <u>provided</u>, <u>further</u>, that, if applicable, KCC

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.  Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.  Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear and determine all matters arising from or related to the Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
        _____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

12

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

          IN THE UNITED STATES BANKRUPTCY COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
          Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - x

   **SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
       DEBTORS AND UNITED STATES DEBT RECOVERY LLC**

          This settlement agreement and stipulation

(this "Settlement Agreement") is entered into by and

among the above-captioned debtors and debtors in

possession (the "Debtors"),[1] on the one hand, and United

States Debt Recovery LLC ("USDR" and together with the

Debtors, the "Parties" and each of which is a "Party"),

on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code; and

---

[1]  The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
VA 23060.

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors' Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

3

WHEREAS, the associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, and confirmation of the Plan is currently scheduled for May 11, 2010; and

WHEREAS, generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval, dated August 7, 2009 (Docket No. 4401, the "Settlement Procedures Order") to enter into this Settlement Agreement, subject to the Notice Procedures.

### SETTLEMENT BACKGROUND

**A.    The USDR Claims.**

WHEREAS, Circuit City Stores, Inc. ("Circuit City") and Signature Home Furnishings Co., Inc. ("Signature") were parties to that certain Dealer Agreement, dated September 20, 2007 (the "Master Dealer

4

Agreement") as well as various side agreements,

addendums and letter agreements both subject to and

outside the terms of the Master Dealer Agreement (the

"Side Agreements" and, together with the Master Dealer

Agreement, the "Signature Agreements").  Pursuant to the

Signature Agreements, the Debtors purchased certain

Signature products (collectively, the "Product"), for

resale in their retail stores; and

WHEREAS, on December 10, 2008, Signature filed

proof of claim number 778 against the Debtors'

bankruptcy estates pursuant to Bankruptcy Code section

503(b)(9).  Therein, Signature alleged that it shipped

in the ordinary course of business $36,570.72 worth of

Product to the Debtors within the twenty (20) days

before the Petition Date; and

WHEREAS, on June 23, 2009, claim number 778

was transferred to, and is currently held by, USDR (D.I.

3530); and

WHEREAS, pursuant to the Twentieth Omnibus

Objection, the Debtors objected to claim number 778 and

sought to reclassify a portion of claim number 778 to a

general unsecured, non-priority claim on the basis that

certain of the goods that were the subject of claim

number 778 were not received by the Debtors within the

twenty days prior to the Petition Date; and

WHEREAS, on August 20, 2009, this Court

entered an order sustaining the Twentieth Omnibus

Objection (D.I. 4576) and thereby reclassifying claim

number 778 to a general unsecured non-priority claim in

the amount of $18,640.58 (the "Unsecured Claim") and a

claim allegedly entitled to priority under Bankruptcy

Code section 503(b)(9) in the amount of $17,930.14 (the

"Initial 503(b)(9) Claim"); and

WHEREAS, on June 5, 2009, Signature filed

claim number 13210 against the Debtors' bankruptcy

estates pursuant to Bankruptcy Code section 503(b)(9)

(the "Amended 503(b)(9) Claim" together with the

Unsecured Claim and the Initial 503(b)(9) Claim, the

"USDR Claims").  Therein, Signature alleged that it

shipped in the ordinary course of business $17,548.92

worth of Product to the Debtors within the twenty (20)

days before the Petition Date; and

6

WHEREAS, on September 30, 2009, the Amended

503(b)(9) Claim was transferred to, and is currently

held by, USDR (D.I. 5128); and

**B.    The Memorandum Opinion and Order.**

WHEREAS, pursuant to the Debtors' (I) Fifty-

First Omnibus Objection to Certain 503(b)(9) Claims and

(II) Motion for a Waiver of the Requirement that the

First Hearing on any Response Proceed as a Status

Conference (Docket No. 5214) (the "Fifty-First Omnibus

Objection"), the Debtors sought to temporarily disallow

the 503(b)(9) Claim pending the return of certain

preferential transfers allegedly avoidable under

Bankruptcy Code section 547 (the "Preferential

Transfers"); and

WHEREAS, on January 6, 2010, the Court entered

a Memorandum Opinion and Order (D.I. 6228) sustaining

the Fifty-First Omnibus Objection and temporarily

disallowing the Initial 503(b)(9) Claim and the Amended

503(b)(9) Claims; and

WHEREAS, on January 20, 2010, USDR filed its

Notice and Motion for Leave to Appeal the Memorandum

Opinion and Order sustaining the Fifty-First Omnibus

Objection (the "Motion for Leave") (D.I. 6327 & 6330);
and

WHEREAS, on April 23, 2010, the Motion for
Leave was granted (the "Appeal"); and

**C.    The Adversary Proceeding.**

WHEREAS, on March 23, 2010, Circuit City
Stores, Inc. filed its Objection to Claim Nos. 778 and
13210 and Complaint Against United States Debt Recovery
and Signature Home Furnishings Co. Inc. (the "Adversary
Complaint") (Adv. Pro. No. 10-03055 (the "Adversary
Proceeding"); (D.I. 1)); and

WHEREAS, in the Adversary Complaint, among
other things, the Debtors alleged that the Initial
503(b)(9) Claim is entirely duplicated on the Amended
503(b)(9) Claim.  Specifically, the Debtors have
determined that the Amended 503(b)(9) Claim consists of
the same invoices that form the basis for the Initial
503(b)(9) Claim.  Additionally, the proof of claim for
the Amended 503(b)(9) Claim expressly states that it
amends the Initial Proof of Claim.  Consequently, the
Debtors are seeking to disallow the Initial 503(b)(9)

Claim because it has been amended or superseded by the
Amended 503(b)(9) Claim; and

WHEREAS, the Debtors also asserted that
Circuit City is entitled to certain pre- and post-
petition amounts, including receivables, charge-backs,
returns, and other amounts under the Signature
Agreements, which amounts are currently due and owing to
Circuit City Stores, Inc. ("Circuit City") by Signature,
but for which Circuit City had not received payment.
Specifically, the Debtors asserted that Signature owes
Circuit City pre- and post-petition amounts totaling
$3,800 (the "Unpaid Obligations").  The Debtors sought
to setoff the Unpaid Obligations from the Amended
503(b)(9) Claim.  After setoff, the Amended 503(b)(9)
Claim would be reduced to $13,748.92; and

WHEREAS, in the Adversary Complaint, the
Debtors also asserted that during the 90-day period
prior to the commencement of Circuit City's bankruptcy
cases (the "Preference Period"), Circuit City
transferred property to or for the benefit of Signature
in an amount not less than $100,037.53 (the
"Preferential Transfers").  The Debtors sought to

9

recover the Preferential Transfers pursuant to

Bankruptcy Code sections 547 and 550; and

WHEREAS, the Debtors sought to temporarily

disallow the Unsecured Claim pursuant to Bankruptcy Code

section 502(d) until such time as Signature turned over

the Preferential Transfers and the Unpaid Obligations;

and

WHEREAS, USDR filed its answer to the

Adversary Complaint on April 22, 2010 (D.I. 9).

Signature did not file an answer to the Adversary

Complaint in accordance with the Federal Rules of

Bankruptcy Procedure.  Consequently, a default was

entered against Signature on April 28, 2010 (the

"Judgment") (D.I. 12); and

WHEREAS, rather than proceed with litigation

concerning the USDR Claims, the Fifty-First Omnibus

Objection, the Appeal, the Adversary Complaint, and the

Debtors' Unpaid Obligations, the Parties engaged in good

faith, arms' length negotiations to resolve the

foregoing; and

NOW THEREFORE, subject to and in accordance

with the Settlement Procedures Order, for good and

10

valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.   Upon the occurrence of the Effective Date (as defined herein), the Parties agree that (i) the Initial 503(b)(9) Claim shall be disallowed for all purposes in the Debtors' Chapter 11 Cases, (ii) the Amended 503(b)(9) Claim shall be valued in the amount of $17,548.92, and (iii) the Unsecured Claim shall be valued in the amount of $18,640.58.

2.   Upon the occurrence of the Effective Date, the Parties further agree that the Debtors' Unpaid Obligations shall be valued at $3,800 (the "Receivables").

3.   Upon the occurrence of the Effective Date, in full satisfaction and settlement of the Unpaid Obligations and the Receivables, the Receivables shall be net against the Amended 503(b)(9) Claim such that the Amended 503(b)(9) Claim shall be reduced to the amount of $13,748.92.

4.    To the extent required, the automatic stay of 11 U.S.C. § 362 is lifted to permit the netting set forth in Paragraph 3 above.

5.    Upon the occurrence of the Effective Date, the Amended 503(b)(9) Claim shall be deemed an "allowed" claim, but shall remain temporarily disallowed pursuant to the Memorandum Opinion and Order, and the Unsecured Claim shall be deemed an "allowed" claim, but shall be deemed temporarily disallowed under Bankruptcy Code section 502(d), until the earlier of (i) entry of a final order by the Supreme Court or the Fourth Circuit Court of Appeals if the Supreme Court does not grant certiorari reversing the Memorandum Opinion and Order with respect to the application of Bankruptcy Code section 502(d) to section 503(b)(9) claims, (ii) satisfaction of the Judgment, or (iii) a final order allowing the Amended 503(b)(9) Claim and the Unsecured Claim, at which time the 503(b)(9) Claim and the Unsecured Claim shall no longer be temporarily disallowed.

6.    Upon the occurrence of the Effective Date, the Parties agree that the Debtors will establish a reserve pursuant to Federal Rule of Bankruptcy Procedure 3020 for the exclusive benefit of USDR (the "Reserve").

7.    The Reserve will be held in a specific interest bearing account, currently held at J.P. Morgan Chase, in which the Debtors hold amounts segregated for specific parties.  The last four digits of the account are 0844.

8.    The Parties agree that if USDR's Amended 503(b)(9) Claim is ultimately allowed in whole or in part, USDR shall be paid the allowed amount of the Amended 503(b)(9) Claim from the Reserve.  USDR shall also receive the pro rata share of interest on the amount of the ultimately allowed Amended 503(b)(9) Claim, if any, from the Effective Date of the Settlement Agreement until the date the Amended 503(b)(9) Claim is paid.  Otherwise, any interest on the Reserve will be retained by, or made payable to, the Debtors' bankruptcy estates.

9.    In the event, and to the extent any of the Amended 503(b)(9) Claim is allowed, the allowed

portion of the Amended 503(b)(9) Claim shall be deemed

an "allowed" claim pursuant to Bankruptcy Code Sections

503(b)(9) against Circuit City Stores, Inc. and its

estate in case number 08-35653 (KRH) for all purposes,

including with respect to any confirmed plan of

liquidation or in any chapter 7 case of such Debtor,

shall be paid in accordance with any plan or as required

under any chapter 7 liquidation (as applicable), and

shall not be subject to further objection, offset,

reduction, discount, impairment or subordination.

10.  For the avoidance of doubt and

notwithstanding anything to the contrary in this

Settlement Agreement, the Settlement Agreement shall not

be deemed to or affect any other claim filed by or

transferred to USDR (the "Unresolved Claims" and the

holders of such Unresolved Claims, the "Claimants") or

the Debtors' rights, claims, causes of action, or

defenses arising from or related to the Unresolved

Claims or the Claimants holding such Unresolved Claims.

11.  Upon the occurrence of the Effective Date,

the Parties will cause the Adversary Proceeding and

14

Adversary Complaint to be dismissed with respect to USDR with prejudice.

12. Upon the occurrence of the Effective Date, the Parties will cause the Appeal to be dismissed with prejudice.

13. Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Settlement Agreement or (b) to seek damages or injunctive relief in connection with such approval and enforcement.

14. Each Party hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

15

15.    No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors.

16.    Except where preempted by applicable federal law, this Settlement Agreement shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia without regard to any choice of law provisions.

17.    This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

18.    This Settlement Agreement constitutes the entire agreement and understanding of the Parties regarding the Settlement Agreement and the subject matter thereof.

19.    The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising

from or related to, or other actions to interpret,
administer or enforce the terms and provisions of, this
Settlement Agreement.

20.   Each person or entity who executes this
Settlement Agreement on behalf of another person or
entity represents and warrants that he, she, or it is
duly authorized to execute this Settlement Agreement on
behalf of such person or entity, has the requisite
authority to bind such person or entity, and such person
or entity has full knowledge of and has consented to
this Settlement Agreement.  The representations and
warranties set forth in this paragraph shall survive
execution of this Settlement Agreement.

21.   This Settlement Agreement shall not be
modified, altered, amended or vacated without the
written consent of all Parties hereto or order of the
Court.

22.   This Settlement Agreement and all of its
terms shall be effective upon the later of (i) execution
by both Parties, (ii) the expiration of the applicable
Notice Period, or (iii) the resolution of any objection

17

properly filed in accordance with the terms of the

Settlement Procedures Order (the "Effective Date").

  23. This Settlement Agreement shall inure to

the benefit of and be binding upon the successors and

assigns of the Parties hereto, including any Chapter 7

trustee or the liquidating trustee under the Plan.

IN WITNESS WHEREOF, this Settlement Agreement

is hereby executed as of May 3, 2010.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC., et al.,
Debtors and Debtors in Possession


By:


SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000


        - and -


SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700


        - and -


MCGUIREWOODS LLP


/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000


Attorneys for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

UNITED STATES DEBT RECOVERY LLC

By:

SPOTTS FAIN PC

/s/ Neil E. McCullagh _____ ____
Neil E. McCullagh (VSB #39027)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
(804) 697-2000

Attorneys for United States Debt Recovery LLC