Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :   Jointly Administered
              Debtors.        :
                              :   **Obj. Deadline: May 19, 2010 at**
- - - - - - - - - - - - - - x     **5:00 p.m. (ET)**

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION BY
AND AMONG THE DEBTORS, ONKYO USA CORPORATION AND NATIONAL
UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**

        PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval
(the "Settlement Procedures Order") (Docket No. 4401).[1]  A

---

[1] Capitalized terms not otherwise defined herein shall have the
    meanings ascribed to such terms in the Settlement Agreement (defined
    below) or the Settlement Procedures Order.

copy of the Settlement Procedures Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement Agreement") with Onkyo USA Corporation ("Onkyo") and National Union Fire Insurance Company of Pittsburgh PA ("National Union"), a copy of which is annexed as <u>Exhibit 2</u>.

## SUMMARY OF SETTLEMENT AGREEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order,

---

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]  This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.

the material terms of the Settlement Agreement are as
follows:

     (i)    This a Tier II Settlement.

     (ii)   Upon the occurrence of the Effective Date, the
Parties agree that (i) Claim No. 128 shall be valued
at $3,867,047.53, (ii) the Unpaid Obligations shall
be valued at $178,670.67, and (iii) the Unpaid
Obligations shall be netted against Claim No. 128
such that (a) the Unpaid Obligations are reduced to
$0.00 and (b) Claim No. 128 is reduced to and
allowed in the amount of $3,688,376.86 as a
Bankruptcy Code section 503(b)(9) administrative
priority claim ("Allowed Claim No. 128").

     (iii)  Upon the occurrence of the Effective Date, (i) Claim
No. 958 shall be allowed in the amount of
$977,716.50 as a Bankruptcy Code section 503(b)(9)
administrative priority claim ("Allowed Claim No.
958") and (ii) Claim No. 2295 shall be allowed in
the amount of $1,782,711.54 as a general unsecured,
non-priority claim ("Allowed Claim No. 2295" and
collectively with Allowed Claim No. 128 and Allowed
Claim No. 958, the "Allowed Claims").

     (iv)   Upon the occurrence of the Effective Date, to the
extent required, the automatic stay of Bankruptcy
Code section 362 is lifted to permit the netting set
forth in Paragraph (ii) above.

     (v)    Upon the occurrence of the Effective Date, Allowed
Claim No. 128, Allowed Claim No. 958, and Allowed
Claim No. 2295 shall be deemed "allowed" claims
against Circuit City Stores, Inc. and its estate in
case number 08-35653 (KRH) for all purposes,
including with respect to any confirmed plan of
liquidation or in any chapter 7 case of such Debtor,
shall be paid on the "effective date" of any plan or
as required under any chapter 7 liquidation (as
applicable), and shall not be subject to further
objection, offset, reduction, discount, impairment
or subordination by the Debtors or any other party.

     (vi)   Upon the Effective Date, and except as provided in
paragraph 6, Onkyo, on behalf of itself, and the
Debtors, on behalf of themselves, and each on behalf
of their respective estates, successor, and assigns
(including but not limited to any trustee appointed
in any of these chapter 11 cases or any successor
chapter 7 case), hereby irrevocably and fully
release one another from and against any and all
claims or causes of action (including but not

limited to, causes of action under Bankruptcy Code sections 502, 542, 543, 544, 546, 547, 548, 549, 550, 553 and 558) arising from, in connection with, or relating to the Onkyo Agreements and any further credits, rebates, receivables, or discounts from Onkyo (this paragraph, the "Releases").

(vii)   For the avoidance of doubt and notwithstanding anything to the contrary in the Settlement Agreement, (1) the Releases are not intended (a) as general releases or waivers and nothing in the Settlement Agreement shall be construed as such, (b) to release the Allowed Claims or any rights with respect thereto, including payment thereof, or (c) to or affect any other claim filed by or transferred to National Union (the "Unresolved Claims" and the holders of such Unresolved Claims, the "Claimants") or the Debtors' rights, claims, causes of action, or defenses arising from or related to the Unresolved Claims or the Claimants holding such Unresolved Claims, and (2) Onkyo and the Debtors specifically acknowledge and agree that the Settlement Agreement is not intended to, and does not, release or otherwise affect in any way any actual claims or causes of action (or potential claims or causes of action similar in nature or type to such actual claims or causes of action) now or hereinafter asserted in, based on, or relating to the multi-district litigation captioned In re: TFT-LCD (Flat Panel) Antitrust Litigation, MDL No. 1827 (N.D. Cal.) and the actions consolidated therein (the "MDL Proceeding").

(viii)  Upon the occurrence of the Effective Date, all objections (including (without limitation) all omnibus objections) to the Onkyo Claims shall be deemed resolved.

(ix)    Upon the occurrence of the Effective Date, the Adversary Proceeding and Adversary Complaint shall be dismissed with prejudice.

(x)     Upon the occurrence of the Effective Date, the Appeal shall be dismissed with prejudice.

(xi)    Upon the occurrence of the Effective Date, the Onkyo Agreements shall be deemed terminated and rejected as of the Effective Date.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Settlement Procedures Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be <u>in writing</u> and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (see information below) by no later **May 19, 2010 at 5:00 p.m. (ET)** (the "Objection Deadline"). Each Objection or Request must be served on (i) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F. Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Settlement Agreement and you do not want the Debtors to proceed with the Settlement Agreement or you want the Court to consider your views concerning the Settlement Agreement, you or you attorney must also:

file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before May 19, 2010 at 5:00 p.m. (ET)**.

**Any Objection to the Settlement Agreement must be submitted
by the method described in the foregoing sentence.
Objections will be deemed filed only when actually received
at the address listed above.**

       PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(d) of the Settlement Procedures Order, if a
Notice Party submits a Request, only such Notice Party
shall have the later of (i) an additional five (5) days to
object to the Agreement or (ii) in the case of a Request
for additional information, three (3) days after receipt by
the Notice Party of the additional information requested.
Each Notice Party may only make one Request for additional
time per Settlement Agreement, unless otherwise agreed to
by the Debtors in their sole discretion.

       [Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: May 5, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

           IN THE UNITED STATES BANKRUPTCY COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   1Case No. 08-35653 (KRH)
et al.,                     :
                            :
             Debtors.       :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

         Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.    The Notice Procedures are fair,

reasonable, and appropriate.

3.    The Settlement Procedures are fair

reasonable, and appropriate.

4.    The Notice and Settlement Procedures were

proposed in good faith.

5.   Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.   Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.   The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.   The Motion is GRANTED.

9.   The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; _provided_,
_further_, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)     All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)     <u>Tier I</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)     <u>Tier II</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   Tier I With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   Tier II With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

9

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.    Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.    Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for
all purposes, including for purposes of any appeal.

     18.   In the event there is an inconsistency
between the Motion and this Order, this Order shall
control.

     19.   The requirement under Local Rule 9013-
1(G) of the Local Rules for the United States Bankruptcy
Court for the Eastern District of Virginia to file a
memorandum of law in connection with the Motion is
hereby waived.

20.   This Court retains jurisdiction to hear
and determine all matters arising from or related to the
Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
 Aug 7 2009_____, 2009

/s/ Kevin R. Huennekens

UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:
                                    Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

12

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

      Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
et al.,                        :
                               :
          Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS, ONKYO USA CORPORATION AND NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA**

         This settlement agreement and stipulation

(this "Settlement Agreement") is entered into by and

among the above-captioned debtors and debtors in

possession (the "Debtors"),[1] on the one hand, and Onkyo

USA Corporation ("Onkyo") and National Union Fire

Insurance Company of Pittsburgh PA ("National Union" and

together with Onkyo and the Debtors, the "Parties" and

each of which is a "Party"), on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

---

[1]  The Debtors and the last four digits of their respective taxpayer
     identification numbers are as follows: Circuit City Stores, Inc.
     (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
     Inc. (0875), Ventoux International, Inc. (1838), Circuit City
     Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
     Distribution Company of Virginia, Inc. (2821), Circuit City
     Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
     Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
     Sky Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263),
     Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
     LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
     for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
     VA 23060.

WHEREAS, the Debtors have continued as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors' Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc.

3

and its Affiliated Debtors and Debtors In Possession and
its Official Committee of Creditors Holding General
Unsecured Claims (the "Plan"); and

WHEREAS, the associated disclosure statement
(the "Disclosure Statement") was approved on September
24, 2009, and confirmation of the Plan is currently
scheduled for May 11, 2010; and

WHEREAS, generally, the Plan provides for the
liquidation of the Debtors under chapter 11 of the
Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the
Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R.
Bankr. P. 2002, 9006, and 9019 Authorizing the
Establishment of Procedures to Settle Certain Pre-
Petition and Post-Petition Claims and Causes of Action
Without Further Court Approval, dated August 7, 2009
(Docket No. 4401, the "Settlement Procedures Order") to
enter into this Settlement Agreement, subject to the
Notice Procedures.[2]

---

[2] All capitalized terms not otherwise defined herein shall have the
meanings ascribed to such terms in the Settlement Procedures
Order.

4

**SETTLEMENT BACKGROUND**

**A.    The Onkyo Claims.**

WHEREAS, Circuit City Stores, Inc. ("Circuit City") and Onkyo were parties to numerous purchase and related agreements (the "Onkyo Agreements").  Pursuant to the Onkyo Agreements, the Debtors purchased certain Onkyo products (collectively, the "Product"), for resale in their retail stores; and

WHEREAS, on November 20, 2008, Onkyo filed proof of claim number 128 against the Debtors' bankruptcy estates pursuant to Bankruptcy Code section 503(b)(9) (the "Claim No. 128") in the amount of $3,927,287.70; and

WHEREAS, on November 17, 2009, Claim No. 128 was transferred to National Union (D.I. 5801); and

WHEREAS, on December 19, 2008, Onkyo filed proof of claim number 958 against the Debtors' bankruptcy estates pursuant to Bankruptcy Code section 503(b)(9) (the "Claim No. 958") in the amount of $977,716.50 and

5

WHEREAS, on April 13, 2010, Claim No. 958 was transferred to, and is currently held by, National Union (D.I. 7183); and

WHEREAS, on December 22, 2008, Onkyo filed claim number 2295 ("Claim No. 2295" and collectively with Claim No. 128 and Claim No. 958, the "Onkyo Claims") as an administrative priority claim allegedly entitled to priority as a reclamation claim;

WHEREAS, on November 17, 2009, Claim No. 2295 was transferred to National Union (D.I. 5800); and

WHEREAS, since Claim No. 2295 was filed, the Parties agreed to modify Claim No. 2295 by reducing it to $1,722,471.37, subject to the Debtors' rights to object (D.I. 6313); and

WHEREAS, on April 13, 2010, the transfer notices for Claim Nos. 128 and 2295 were withdrawn (Docket No. 7193) and Claim Nos. 128 and 2295 are currently held by Onkyo; and

**B.    The Memorandum Opinion and Order.**

WHEREAS, pursuant to the Debtors' (I) Fifty-First Omnibus Objection to Certain 503(b)(9) Claims and (II) Motion for a Waiver of the Requirement that the

6

First Hearing on any Response Proceed as a Status

Conference (Docket No. 5214) (the "Fifty-First Omnibus

Objection"), the Debtors sought to temporarily disallow

the 503(b)(9) Claim pending the return of certain

preferential transfers allegedly avoidable under

Bankruptcy Code section 547 (the "Preferential

Transfers"); and

         WHEREAS, Onkyo filed an opposition to the

Fifty-First Omnibus Objection; and

         WHEREAS, on January 6, 2010, the Court entered

a Memorandum Opinion and Order (D.I. 6228) sustaining

the Fifty-First Omnibus Objection and temporarily

disallowing Claim No. 128 in part; and

         WHEREAS, On January 13, 2010, Apex Digital,

Inc. and THQ, Inc. filed the Motion Of Apex Digital, Inc.

And THQ, Inc. For Reconsideration Of Court's Order On

Debtors' Fifty-First And Fifty-Second Omnibus Objections

(D.I. 6258) (the "Reconsideration Motion");

         WHEREAS, Onkyo joined in the Reconsideration

Motion (D.I. 6351);

         WHEREAS, in response to the Reconsideration

Motion, on January 27, 2010, the Debtors filed an

objection (D.I. 6382), and, on February 3, 2010, Apex

Digital, Inc. and THQ, Inc. filed a reply (D.I. 6449).

WHEREAS, on February 23, 2010, the Bankruptcy

Court issued its Supplemental Memorandum Opinion (D.I.

6601) (the "Supplemental Opinion") and entered an order

denying the Reconsideration Motion (D.I. 6602) (the

"Reconsideration Order").

WHEREAS, after the Reconsideration Motion was

denied, on March 9, 2010, Onkyo filed its Notice of

Appeal and Motion for Leave to Appeal the Memorandum

Opinion and Order sustaining the Fifty-First Omnibus

Objection (the "Motion for Leave") (D.I. 6773 & 6775);

and

WHEREAS, on April 23, 2010, the Motion for

Leave was granted (the "Appeal"); and

**C.    The Adversary Proceeding.**

WHEREAS, on April 1, 2010, Circuit City Stores,

Inc.'s Objection To Claim Nos. 128, 958 And 2295 And

Complaint Against Onkyo USA Corp. And National Union

Fire Insurance Company Of Pittsburgh, PA (the "Adversary

Complaint") (Adv. Pro. No. 10-03071 (the "Adversary

Proceeding"); Adv. Pro. D.I. 1)) was filed; and

WHEREAS, in the Adversary Complaint, among

other things, the Debtors asserted that (i) Claim No.

128 was slightly overstated, (ii) Claim No. 2295 was

misclassified and overstated, and (iii) the Debtors are

entitled to certain pre- and post-petition amounts,

including receivables, charge-backs, returns, and other

amounts under the Onkyo Agreements, which amounts are

currently due and owing to Circuit City by Onkyo, but

for which Circuit City had not received payment.

Specifically, the Debtors asserted that Onkyo owes

Circuit City pre- and post-petition amounts totaling

$238,910.84 (the "Unpaid Obligations").  Through their

reconciliation, the Debtors have determined that Onkyo

already gave the Debtors credit for $60,240.17 of the

Unpaid Obligations in Claim No. 2295; and

WHEREAS, in the Adversary Complaint, the

Debtors also asserted that during the 90-day period

prior to the commencement of Circuit City's bankruptcy

cases (the "Preference Period"), Circuit City

transferred property to or for the benefit of Onkyo in

an amount not less than $9,373,092.50 (the "Preferential

Transfers").  The Debtors sought to recover the

9

Preferential Transfers pursuant to Bankruptcy Code

sections 547 and 550; and

WHEREAS, the Debtors sought to temporarily

disallow Claim No. 958 and Claim No. 2295 pursuant to

Bankruptcy Code section 502(d) until such time as Onkyo

turned over the Unpaid Obligations and repaid the

Preferential Transfers; and

WHEREAS, neither Onkyo nor National Union have

filed their answers to the Adversary Complaint.  Since

the Adversary Complaint was filed, however, Circuit City

and Onkyo have informally exchanged discovery with

respect to the Preferential Transfers and Onkyo has

provided documentary evidence that Onkyo has a complete

defense to the Preferential Transfers, which Circuit

City has reviewed and compared with its books and

records; and

WHEREAS, rather than proceed with litigation

concerning the Onkyo Claims, the Fifty-First Omnibus

Objection, the Appeal, the Adversary Complaint, the

Preferential Transfers and the Unpaid Obligations, the

Parties engaged in good faith, arms' length negotiations

to resolve the foregoing; and

10

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.   Upon the occurrence of the Effective Date, the Parties agree that (i) Claim No. 128 shall be valued at $3,867,047.53, (ii) the Unpaid Obligations shall be valued at $178,670.67, and (iii) the Unpaid Obligations shall be netted against Claim No. 128 such that (a) the Unpaid Obligations are reduced to $0.00 and (b) Claim No. 128 is reduced to and allowed in the amount of $3,688,376.86 as a Bankruptcy Code section 503(b)(9) administrative priority claim ("Allowed Claim No. 128").

2.   Upon the occurrence of the Effective Date, (i) Claim No. 958 shall be allowed in the amount of $977,716.50 as a Bankruptcy Code section 503(b)(9) administrative priority claim ("Allowed Claim No. 958") and (ii) Claim No. 2295 shall be allowed in the amount of $1,782,711.54 as a general unsecured, non-priority claim ("Allowed Claim No. 2295" and collectively with

Allowed Claim No. 128 and Allowed Claim No. 958, the "Allowed Claims").

3.  Upon the occurrence of the Effective Date, to the extent required, the automatic stay of Bankruptcy Code section 362 is lifted to permit the netting set forth in Paragraph 1 above.

4.  Upon the occurrence of the Effective Date, Allowed Claim No. 128, Allowed Claim No. 958, and Allowed Claim No. 2295 shall be deemed "allowed" claims against Circuit City Stores, Inc. and its estate in case number 08-35653 (KRH) for all purposes, including with respect to any confirmed plan of liquidation or in any chapter 7 case of such Debtor, shall be paid on the "effective date" of any plan or as required under any chapter 7 liquidation (as applicable), and shall not be subject to further objection, offset, reduction, discount, impairment or subordination by the Debtors or any other party.

5.  Upon the Effective Date, and except as provided in paragraph 6, Onkyo, on behalf of itself, and the Debtors, on behalf of themselves, and each on behalf of their respective estates, successor, and assigns

12

(including but not limited to any trustee appointed in
any of these chapter 11 cases or any successor chapter 7
case), hereby irrevocably and fully release one another
from and against any and all claims or causes of action
(including but not limited to, causes of action under
Bankruptcy Code sections 502, 542, 543, 544, 546, 547,
548, 549, 550, 553 and 558) arising from, in connection
with, or relating to the Onkyo Agreements (this
paragraph, the "Releases").

        6.    For the avoidance of doubt and
notwithstanding anything to the contrary in this
Settlement Agreement, (1) the Releases are not intended
(a) as general releases or waivers and nothing in this
Settlement Agreement shall be construed as such, (b) to
release the Allowed Claims or any rights with respect
thereto, including payment thereof, or (c) to or affect
any other claim filed by or transferred to National
Union (the "Unresolved Claims" and the holders of such
Unresolved Claims, the "Claimants") or the Debtors'
rights, claims, causes of action, or defenses arising
from or related to the Unresolved Claims or the
Claimants holding such Unresolved Claims, and (2) Onkyo

and the Debtors specifically acknowledge and agree that this Settlement Agreement is not intended to, and does not, release or otherwise affect in any way any actual claims or causes of action (or potential claims or causes of action similar in nature or type to such actual claims or causes of action) now or hereinafter asserted in, based on, or relating to the multi-district litigation captioned In re: TFT-LCD (Flat Panel) Antitrust Litigation, MDL No. 1827 (N.D. Cal.) and the actions consolidated therein (the "MDL Proceeding").

7.    Upon the occurrence of the Effective Date, all objections (including (without limitation) all omnibus objections) to the Onkyo Claims shall be deemed resolved.

8.    Upon the occurrence of the Effective Date, the Adversary Proceeding and Adversary Complaint shall be dismissed with prejudice.

9.    Upon the occurrence of the Effective Date, the Appeal shall be dismissed with prejudice.

10.    Upon the occurrence of the Effective Date, the Onkyo Agreements shall be deemed terminated and rejected as of the Effective Date.

14

11.   Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Settlement Agreement or (b) to seek damages or injunctive relief in connection with such approval and enforcement.

12.   Each Party hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

13.   No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors and assigns.

15

14.   Except where preempted by applicable
federal law, this Settlement Agreement shall be governed
by and construed in accordance with the internal laws of
the Commonwealth of Virginia without regard to any
choice of law provisions.

15.   This Settlement Agreement may be signed
in counterpart originals and delivered by facsimile or
email, which, when fully executed, shall constitute a
single original.

16.   This Settlement Agreement constitutes the
entire agreement and understanding of the Parties
regarding the Settlement Agreement and the subject
matter thereof.

17.   The United States Bankruptcy Court for
the Eastern District of Virginia shall retain exclusive
jurisdiction (and the Parties consent to such retention
of jurisdiction) with respect to any disputes arising
from or related to, or other actions to interpret,
administer or enforce the terms and provisions of, this
Settlement Agreement.

18.   Each person or entity who executes this
Settlement Agreement on behalf of another person or

16

entity represents and warrants that he, she, or it is
duly authorized to execute this Settlement Agreement on
behalf of such person or entity, has the requisite
authority to bind such person or entity, and such person
or entity has full knowledge of and has consented to
this Settlement Agreement.  The representations and
warranties set forth in this paragraph shall survive
execution of this Settlement Agreement.

19.  This Settlement Agreement shall not be
modified, altered, amended or vacated without the
written consent of all Parties hereto or order of the
Court.

20.  This Settlement Agreement and all of its
terms shall be effective upon the later of (i) execution
by all Parties, (ii) the expiration of the applicable
Notice Period, or (iii) the resolution of any objection
properly filed in accordance with the terms of the
Settlement Procedures Order (the "Effective Date").

21.  This Settlement Agreement shall inure to
the benefit of and be binding upon the successors and
assigns of the Parties hereto, including any Chapter 7
trustee or the liquidating trustee under the Plan.

17

IN WITNESS WHEREOF, this Settlement Agreement

is hereby executed as of May 5, 2010.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC., et al.,
Debtors and Debtors in Possession


By:


SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000


        - and -


SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700


        - and -


MCGUIREWOODS LLP


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000


Attorneys for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

18

ONKYO USA CORPORATION

By:

/s/ Larry D. Henin _____
Larry D. Henin, Esq.
Paul J. Labov, Esq.
EDWARDS ANGELL PALMER & DODGE LLP
750 Lexington Avenue
New York, New York 10022
(212) 308-4411

- and -

MERCERTRIGIANI LLP


/s/ Philip C. Baxa _____
Philip C. Baxa, Esq. (VSB No. 22977)
16 South Second Street
Richmond, Virginia 23219
(804) 782-8691

Attorneys for Onkyo USA Corporation

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

By:

/s/ Adam L. Rosen _____
Adam L. Rosen, Esq.
SilvermanAcampora LLP
100 Jericho Quadrangle
Suite 300
Jericho, NY  11753
(516) 479-6370

Attorneys for National Union Fire Insurance Company of
Pittsburgh, PA