Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 N. Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
          Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' SEVENTY-FIRST OMNIBUS OBJECTION TO
CERTAIN MISCLASSIFIED NON-GOODS 503(B)(9) CLAIMS**

The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors")[1], hereby

---

[1]  The Debtors and the last four digits of their respective taxpayer
     identification numbers are as follows: Circuit City Stores,
     Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
     (0875), Ventoux International, Inc. (1838), Circuit City Purchasing
     Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company
     of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer
     Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659),
                                                          *(cont'd)*

file the Debtors Seventy-First Omnibus Objection to certain

misclassified non-goods 503(b)(9) claims (the "Objection"),

and hereby move this Court, pursuant to sections 105 and

503(b)(9) of title 11 of the United States Code, 11 U.S.C.

§§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule

3007 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for

an order, the proposed form of which is attached hereto as

Exhibit A, granting the relief sought by this Objection.   In

support of the Objection, the Debtors respectfully state as

follows:

### JURISDICTION AND VENUE

1.   This Court has jurisdiction to consider this

Motion under 28 U.S.C. §§ 157 and 1334.   This is a core

proceeding under 28 U.S.C. § 157(b).   Venue of these cases

and this Motion in this district is proper under 28 U.S.C.

§§ 1408 and 1409.   The statutory and legal predicates for

the relief requested herein are Bankruptcy Code sections 105

_____
*(cont'd from previous page)*
Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS,
Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel,
LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR,
LLC (5512).  The address for Circuit City Stores West Coast, Inc. is
9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other
Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233
and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

and 503(b)(9), Bankruptcy Rule 3007, and Local Bankruptcy
Rule 3007-1.

### BACKGROUND

2.   On November 10, 2008 (the "Petition Date"),
the Debtors filed voluntary petitions in this Court for
relief under chapter 11 of the Bankruptcy Code.

3.   On November 12, 2008, the Office of the
United States Trustee for the Eastern District of Virginia
appointed a statutory committee of unsecured creditors (the
"Creditors' Committee").  To date, no trustee or examiner
has been appointed in these chapter 11 cases.

4.   On January 16, 2009, the Court authorized the
Debtors, among other things, to conduct going out of
business sales at the Debtors' remaining 567 stores pursuant
to an agency agreement (the "Agency Agreement") between the
Debtors and a joint venture, as agent (the "Agent").  On
January 17, 2009, the Agent commenced going out of business
sales pursuant to the Agency Agreement at the Debtors
remaining stores.  As of on or about March 8, 2009, the
going out of business sales had concluded.

5.   On September 29, 2009, the Debtors and the
Creditors Committee filed the First Amended Joint Plan of
Liquidation of Circuit City Stores, Inc. and its Affiliated

Debtors and Debtors In Possession and its Official Committee
of Creditors Holding General Unsecured Claims (the "Plan").
The associated disclosure statement (the "Disclosure
Statement") was approved on September 24, 2009, and
confirmation on the Plan is currently scheduled for June 8,
2010.

6.    Generally, the Plan provides for the
liquidation of the Debtors under chapter 11 of the
Bankruptcy Code.

## RELIEF REQUESTED

7.    Subject to the reservation of rights set
forth herein, by this Objection, the Debtors seek entry of
an order, in substantially the form annexed as Exhibit A,
reclassifying each of the claims identified on Exhibit C,
which were asserted as administrative expenses under
Bankruptcy Code section 503(b)(9) (the "Claims"), to general
unsecured, non-priority claims.

8.    For ease of reference, attached as Exhibit B
is an alphabetical listing of all claimants whose Claims are
included in this Objection (the "Claimants"), with a cross-
reference by claim number.

**BASIS FOR RELIEF**

9.    Currently, the Debtors are engaged in a thorough review of all claims filed against their estates, including administrative expense claims, to determine the validity of such claims.  As part of this process, the Debtors are diligently reviewing claims filed pursuant to Bankruptcy Code section 503(b)(9).

10.    After reviewing numerous 503(b)(9) claims, their supporting documentation and the Debtors' books and records, the Debtors have determined that the Claims identified on Exhibit C do not satisfy the requirements of Bankruptcy Code section 503(b)(9).  Specifically, the Claims are based on the rendering of services, including utility services and advertising services, which do not constitute "goods" provided to the Debtors by the Claimants within or prior to the 20 days before the Petition Date.

11.    Accordingly, the Debtors object to the classification of these Claims as administrative priority claims and request that all such claims be reclassified as general unsecured, non-priority claims.

## APPLICABLE AUTHORITY

I.   **THE CLAIMS ARE CLAIMS ON ACCOUNT OF SERVICES RENDERED,
     NOT GOODS RECEIVED.**

     A.   **Services Are Distinct From Goods Under the
          Bankruptcy Code.**

          12.   Bankruptcy Code section 503(b)(9) provides in

pertinent part as follows:

> (b) After notice and a hearing, there shall be
> allowed, administrative expenses, . . .
> including . . .
>
>> (9) the value of any goods received by the
>> debtor within 20 days before the
>> commencement of the case under this title
>> in which the goods have been sold to the
>> debtor in the ordinary course of such
>> debtor's business.

11 U.S.C. § 503(b)(9).  To adequately assert an

administrative expense under this section, the creditor must

prove, by a preponderance of the evidence, that (1) it

provided goods; (2) the debtor received the goods within

twenty days of the commencement of the case; and (3) the

goods were sold in the ordinary course of the debtor's

business.  Brown & Cole Stores, LLC v. Associated Grocers,

Inc. (In re Brown & Cole Stores, LLC), 375 B.R. 873, 878 n.7

(B.A.P. 9th Cir. 2007); see also In re Boling Group, L.L.C.,

2002 WL 31812671, at *4. (Bankr. M.D.N.C. 2002) (citing In

re Merry-Go-Round Enterprises, Inc., 180 F.3d 149, 157 (4th

Cir. 1999)) ("The burden of proof is on the claimant to establish by a preponderance of the evidence its entitlement to an administrative expense award under 11 U.S.C. § 503(b)."); see also In re SemCrude L.P., 2009 WL 3241674, at *2 (Bankr. D. Del. October 7, 2009) (citing In re Goody's Clothing Inc., 401 B.R. 131, 133 (Bankr. D. Del. 2009)) (finding that claimants must prove the elements of a 503(b)(9) claim by a preponderance of the evidence)).

13.   Although the Bankruptcy Code does not define the term "goods", this Court has adopted the Uniform Commercial Code's (the "UCC") definition of "goods". In re Circuit City Stores, Inc., 2009 WL 3032346, at *4 (Bankr. E.D. Va. Sep. 22, 2009) (Huennekens, J.). The UCC provides that a "good" is "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid . . . ." Id. at *3.

14.   In evaluating section 503(b)(9) and the definition of "goods", "[t]he presumption . . . is that the debtor's limited resources will be equally distributed among the creditors. Thus, statutory priorities must be narrowly construed." Ford Motor Credit Co. v. Dobbins, 35 F.3d 860, 865 (4th Cir. 1994) (quoting In re James B. Downing & Co.,

7

94 B.R. 515, 519 (Bankr. N.D. Ill. 1988)); see also City of
White Plains v. A&S Galleria Real Estate, Inc. (In re
Federated Dep't Stores, Inc.), 270 F.3d 994, 1000 (6th Cir.
2001); In re Amireh, 2008 WL 52706, at *4 (Bankr. E.D. Va.
2008) ("The court will not expand the reach of the statute
beyond the language chosen by Congress.").

15.   Consistent with the plain language of the
statute, allowed administrative expenses under section
503(b)(9) should only be claims arising from a claimant's
sale and delivery of goods to the Debtors, not from
providing services.  See Brown, 375 B.R. at 878 n. 7 ("By
the plain terms of the statute, a vendor's right to assert
an administrative claim is limited [in that] the vendor must
have provided goods (not services)"); Goody's, 401 B.R. at
135 ("[B]ased upon the distinction between 'goods' and
'services' throughout the Bankruptcy Code, a claim for an
administrative expense under section 503(b)(9) cannot be a
claim for services provided."); In re Samaritan Alliance,
LLC, 2008 Bankr. LEXIS 1830 at *6-7 (finding section
503(b)(9) inapplicable because claimant provided what was
"more properly characterized as a 'service.'").  As one
court explained:

> [section] 503(b)(9) administrative expense priority extends only to the value of <u>goods</u> received by the debtor in the ordinary course of its business within 20 days before the bankruptcy case. It does not extend to the value of the <u>services</u> rendered to a debtor during this 20 day time frame.

<u>In re Plastech Engineered Prods.</u>, 394 B.R. 197, 151 (Bankr. E.D. Mich. 2008) (emphasis in original).

16. This interpretation of section 503(b)(9) is supported by the fact that the Bankruptcy Code is replete with references to <u>either</u> the word "good(s)" <u>or</u> the word "service(s)". <u>See</u>, <u>e.g.</u>, 11 U.S.C. §§ 522(d)(3), 524(k)(3)(F), 546(c)(1) ("goods"); 11 U.S.C. §§ 366, 503((b)(4), (5), 326(a), 327(a), 330(a)(1)(A) ("services"). Equally replete is the use of the phrase "goods or services" throughout the Bankruptcy Code. <u>See</u>, <u>e.g.</u>, 11 U.S.C. § 101(4A) ("The term 'bankruptcy assistance' means any <u>goods or services</u> sold or otherwise provided . . . ." (emphasis added)).[2]

17. In light of Congress' use of the words "goods" and "services," it is clear that Congress

---

[2]  Other references include but are not limited to, sections 101(49) ("goods . . . or services"), 507(a)(4)(B) (two references to "goods or services"), 523(a)(2)(C)(i)(I) ("goods or services"), 523(a)(2)(C)(ii)(II) (two references to "goods or services"), 547(a)(2) ("goods [or] services"), and 1104(c)(2) ("goods [or] services").

distinguished between "goods" and "services".  See Goody's,
401 B.R. at 135 ("Since the term "goods" and the term
"services" are disjunctively connected throughout the
Bankruptcy Code, these terms must be ascribed separate
meanings; "goods" cannot include services.").  Indeed, as
the Supreme Court has consistently recognized, when Congress
referenced one, but not the other, the missing term must
have been intentionally omitted.  See, e.g., Gozlon-Peretz
v. U.S., 498 U.S. 395, 404 (1991) ("Where Congress includes
particular language in one section of a statute but omits it
in another section of the same Act, it is generally presumed
that Congress acts intentionally and purposely in the
disparate inclusion or exclusion.").

        18.  Thus, "goods" excludes "services" under the
Bankruptcy Code.

        **B.    The Claims Are For <u>Services</u> Rendered.**

        19.  As this Court is well aware, each Claimant --
not the debtor -- has the burden of proof on all elements of
its Claim.  See, e.g., Ford Motor Credit Co. v. Dobbins, 35
F.3d 860, 866 (4th Cir. 1994) (quoting In re Mid Region
Petroleum, Inc., 1 F.3d 1130, 1132 (10th Cir. 1993) ("the
party claiming entitlement to administrative expense
priority [under § 503(b)] has the burden of proof"); see

10

also In re Wetco Rest. Group, LLC, No. 07-51169, 2008 WL 1848779, at *4 (Bankr. W.D. La. Apr. 23, 2008) (the claimant has the "burden to establish that the value of the 20-Day Goods qualifies for administrative expense treatment under section 503(b)(9)"). Each Claimant filed a claim on account of services provided to the Debtors within twenty (20) days of the Petition Date, thus the Claimants have failed to meet their burden under Bankruptcy Code section 503(b)(9).

20. In interpreting the Bankruptcy Code, "[i]t is well established that when the statute's language is plain, the sole function of the courts -- at least where the disposition required by the text is not absurd -- is to enforce it according to its terms." Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004) (internal quotations omitted).

21. The majority of the Claims were filed on account of utility services.[3] In section 366 of the Bankruptcy Code, Congress described the nature of the relationship between a utility and a debtor as a "service." See 11 U.S.C. § 366 (a utility may not, among other things, discontinue service on account of "[a] debt owed . . . to such utility for service rendered." (emphasis added)); H.R.

---

[3] See Exhibit C, Claim Nos. 14759, 14755, 14758, 14762, 14761, 14757, 14763 and 14756 (collectively, the "Utility Service Claims").

Rep. No. 95-595, 95th Cong., 1st Sess. 350 (1977); S. Rep.

No. 95-989, 95th Cong., 2d Sess. 60 (1978).

22. Specifically, section 366 provides, in

pertinent part, as follows:

> (a) Except as provided in subsections (b) and
> (c) of this section, a utility may not alter,
> refuse, or discontinue <u>service</u> to, or
> discriminate against, the trustee or the debtor
> solely on the basis . . . that a debt owed by
> the debtor to such utility <u>for service rendered</u>
> before the order for relief was not paid when
> due.

11 U.S.C. § 366(a) (emphasis added). In contrast,

Bankruptcy Code section 503(b)(9) provides, in pertinent

part:

> the value of any <u>goods</u> received by the
> debtor within 20 days before the
> commencement of the case under this title
> in which the <u>goods</u> have been sold to the
> debtor in the ordinary course of such
> debtor's business.

<u>See</u> 11 U.S.C. § 503(b)(9) (emphasis added).

23. From the statutory language, it is evident

that the Bankruptcy Code plainly and unambiguously refers to

"services" in section 366 and "goods" in section 503(b)(9).

Indeed, the term "goods" is not referenced in section 366.

<u>See</u> 11 U.S.C. § 366(a)-(c). Likewise, the term "service" is

not mentioned in Bankruptcy Code section 503(b)(9). <u>See</u> 11

U.S.C. § 503(b)(9). Moreover, as discussed above, Congress

distinguished between the terms throughout the Bankruptcy Code and, as such, the terms are mutually exclusive. <u>See</u>, <u>supra</u>, at ¶ 16.

24. Accordingly, when faced with potentially inconsistent statutory interpretations, the Court's duty is to reconcile or avoid any conflict when construing both statutes. <u>Schmitt v. City of Detroit</u>, 395 F.3d 327, 330 (6th Cir. 2005) ("When faced with statutory sections that are inherently inconsistent, our first duty is to reconcile the competing provisions so that they can both remain in effect."); <u>see also Mowbray v. Kozlowski</u>, 914 F.2d 593, 598 (4th Cir. 1990) (quoting <u>Morton v. Mancari</u>, 417 US 535, 551 (1974) ("[W]hen two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective."). Any reading permitting utilities -- deemed services by the Bankruptcy Code -- to recover under section 503(b)(9) for "goods" sold would unnecessarily create such an inconsistency.

25. Moreover, one court recognized the potential inconsistency and stated:

> The court would be unsurprised to learn that the drafters of section 503(b)(9) intended to benefit a debtor's prepetition vendors that

13

supplied goods such as inventory, not utilities.
Indeed, the addition to section 366 of
subsection (c)(4), permitting a utility to
offset a prepetition debt, suggests that
Congress intended that provision, not section
503(b)(9), to favor satisfaction of a utility's
prepetition obligations.

Pilgrim, 2009 Bankr. LEXIS 2763 at *22 n. 10.

26.  Accordingly, the Utility Service Claims are
claims for services, not goods.  Further, all of the
Claimants actually admitted they provided services on the
face of the proof of claim form that was filed.

## II.  UNDER THE PREDOMINANT PURPOSE TEST, THE CLAIMANTS PROVIDED "SERVICES," NOT "GOODS"

27.  When a contract involves a mixture of goods
and services, this Court has adopted the "predominant
purpose test" to "determine whether a claim involves the
selling of goods, and is, therefore, entitled to an
administrative priority under § 503(b)(9) of the Bankruptcy
Code."  Circuit City, 2009 WL 3032346 at *6.

28.  In determining whether the sale of goods or
the provision of services predominates a transaction, the
Fourth Circuit has held that:

The test for inclusion or exclusion is not
whether they are mixed, but granting that they
are mixed, whether their predominant factor,
their thrust, their purpose, reasonably stated,
is the rendition of service, with goods
incidentally involved (e.g., contract with

14

artist for painting) or is a transaction of
sale, with labor incidentally involved (e.g.,
installation of a water heater in a bathroom.

Princess Cruises, Inc. v. General Electric Co., 143 F.3d

828, 833 (4th Cir. 1998) (quoting Bonebreak v. Cox, 499 F.2d

951, 960 (8th Cir. 1974)); Circuit City, 2009 WL 3032346 at

*5. The following factors are significant in determining

whether the sale of goods or the provision of services

predominates a contract: 1) the language of the contract; 2)

the nature of the supplier's business; and 3) the intrinsic

worth of the materials. Princess Cruises, 143 F.3d at 833.

29. Here, these factors support the conclusion

that the predominant purpose was the provision of services.

In fact, all of the Claimants admitted they provided

services on the face of the proof of claim form that was

filed.

**III. THE CLAIMS SHOULD BE RECLASSIFIED.**

30. Bankruptcy Code section 105 provides in

pertinent part that "[t]he court may issue any order,

process, or judgment that is necessary or appropriate to

carry out the provisions of this title." 11 U.S.C. §

105(a).

31. In order for the Debtors to efficiently and

expeditiously wind up their estates, it is essential for the

15

Debtors to establish the proper liabilities asserted against them.  In order to achieve the imperative of finality required by the claims process, the Debtors request that the Claims be reclassified at this time to general unsecured non-priority claims.

32.  As noted above, the Debtors reserve their rights to file objections to the Claims at a later time on any grounds that bankruptcy or non-bankruptcy law permits.

### RESERVATION OF RIGHTS

33.  At this time, the Debtors have not completed their review of the validity of all claims/expenses filed against their estates, including the Claims.  Accordingly, the Claims may be the subject of additional subsequently filed objections.  To that end, the Debtors reserve the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and on any other grounds. Furthermore, the Debtors reserve the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

### NOTICE AND PROCEDURE

34.  Notice of this Objection has been provided to all claimants with claims that are the subject to this

16

Objection as identified on <u>Exhibits B and C</u>, and to other parties-in-interest in accordance with the Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (entered on December 30, 2009 at Docket No. 6208) (the "Case Management Order").

35. Furthermore, the Debtors submit that the following methods of service upon the Claimants should be deemed by the Court to constitute due and sufficient service of this Objection: (a) service in accordance with Bankruptcy Rules 3007, 7004, and 9006; (b) to the extent counsel for a Claimant is not known to the Debtors, by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto at least 30 days before the hearing date; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's behalf in the Debtors' bankruptcy cases at least 30 days before the hearing date.  The Debtors are serving the Claimant with this Objection and the exhibit(s) on which the Claimant's claim is listed.

36.   To the extent any Claimant timely files and properly serves a response to this Objection by **4:00 p.m. (Eastern) on June 1, 2010** as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Debtors request that the Court conduct a status conference with respect to any such responding claimant at **10:00 a.m. (Eastern) on June 8, 2010**, and thereafter schedule the matter for a future hearing as to the merits of this Objection to such Claims. However, to the extent any Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order and applicable law, the Debtors request that the Court enter an order, substantially in the form attached hereto as Exhibit A, reclassifying as a general unsecured non-priority claim in the same amount as the asserted Claims.

### COMPLIANCE WITH BANKRUPTCY RULE 3007 AND THE OMNIBUS OBJECTION PROCEDURES ORDER

37.   This Objection complies with Bankruptcy Rule 3007(e) in that this Objection includes 357 claims, which are all listed on Exhibit C.  See Rule 3007(e)(1) and (2). Additionally, the Debtors submit that this Objection is filed in accordance with this Court's Order Establishing

Omnibus Objection Procedures and Approving the Form and
Manner of Notice of Omnibus Objections (Docket No. 2881)
(the "Omnibus Objection Procedures Order").

### WAIVER OF MEMORANDUM OF LAW

38.   Pursuant to Local Bankruptcy Rule 9013-1(G),
and because there are no novel issues of law presented in
the Motion, the Debtors request that the requirement that
all motions be accompanied by a written memorandum of law be
waived.

### NO PRIOR RELIEF

39.   No previous request for the relief sought
herein has been made to this Court or any other court.

WHEREFORE, the Debtors request the Court to enter the Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia    SKADDEN, ARPS, SLATE, MEAGHER &
       May 6, 2010         FLOM, LLP
                                     Gregg M. Galardi, Esq.
                                     Ian S. Fredericks, Esq.
                                     P.O. Box 636
                                     Wilmington, Delaware 19899-0636
                                     (302) 651-3000

                                             - and -

                                   SKADDEN, ARPS, SLATE, MEAGHER &
                                   FLOM, LLP
                                   Chris L. Dickerson, Esq.
                                   155 N. Wacker Drive
                                   Chicago, Illinois 60606
                                   (312) 407-0700

                                             - and -

                                   MCGUIREWOODS LLP

                                   /s/ Douglas M. Foley           .
                                   Douglas M. Foley (VSB No. 34364)
                                   Sarah B. Boehm (VSB No. 45201)
                                   One James Center
                                   901 E. Cary Street
                                   Richmond, Virginia 23219
                                   (804) 775-1000

                                   Counsel for Debtors and Debtors
                                   in Possession

**EXHIBIT A**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 N. Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
              Debtors.      :   Jointly Administered
- - - - - - - - - - - - - - x

      **ORDER SUSTAINING DEBTORS' SEVENTY-FIRST OMNIBUS
       OBJECTION TO CERTAIN MISCLASSIFIED NON-GOODS CLAIMS**

     THIS MATTER having come before the Court on the

Debtors' Seventy-First Omnibus Objection to Certain

Misclassified Non-Goods Claims (the "Objection"), which

requested, among other things, that the claims

specifically identified on Exhibit B attached to the
Objection be reclassified as general unsecured non-
priority claims for those reasons set forth in the
Objection; and it appearing that due and proper notice
and service of the Objection as set forth therein was
good and sufficient and that no other further notice or
service of the Objection need be given; and it further
appearing that no response was timely filed or properly
served by the Claimants being affected by this Order;
and it appearing that the relief requested on the
Objection is in the best interest of the Debtors, their
estates and creditors and other parties-in-interest; and
after due deliberation thereon good and sufficient cause
exists for the granting of the relief as set forth
herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.    The Objection is SUSTAINED.

2.    The Claims identified on Exhibit A as attached
hereto and incorporated herein are reclassified as
general unsecured non-priority claims.

3.    The Debtors' rights to amend, modify, or
supplement the Objection, to file additional objections

2

to any claim, including the Claims (filed or not) that

have been or may be asserted against the Debtors, and to

seek reduction of any claim to the extent such claim has

been paid, are preserved.

4.    The Debtors shall serve a copy of this Order on

the claimants included on the exhibit to this Order on or

before seven (7) days from the entry of this Order.

5.    This Court shall retain jurisdiction to hear

and determine all matters arising from or relating to

this Order.

Dated: Richmond, Virginia
       _____, 2010


       _____
       HONORABLE KEVIN R. HUENNEKENS
       UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 N. Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -


/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

    Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                                /s/ Douglas M. Foley
                                Douglas M. Foley

\11244230

4

In re: Circuit City Stores, Inc, <u>et</u> <u>al.</u>                    Debtors' Seventy-First Omnibus Objection to Claims
Case No. 08-35653 (KRH)                                     503(b)(9) Non-Goods to Modify

Exhibit B - Claimants and Related Claims Subject To Seventy-First Omnibus Objection to Claims

| Claim Holder | Claim | Exhibit |
|---|---|---|
| CAROLINA TELEPHONE AND TELEGRAPH COMPANY LLC | 14764 | EXHIBIT C - 503(b)(9) NON-GOODS TO MODIFY |
| CENTRAL TELEPHONE COMPANY NEVADA | 14759 | EXHIBIT C - 503(b)(9) NON-GOODS TO MODIFY |
| CENTRAL TELEPHONE COMPANY NORTH CAROLINA | 14755 | EXHIBIT C - 503(b)(9) NON-GOODS TO MODIFY |
| CENTRAL TELEPHONE COMPANY OF TEXAS | 14758 | EXHIBIT C - 503(b)(9) NON-GOODS TO MODIFY |
| CENTRAL TELEPHONE COMPANY OF VIRGINIA | 14762 | EXHIBIT C - 503(b)(9) NON-GOODS TO MODIFY |
| E ENTERTAINMENT TV | 14775 | EXHIBIT C - 503(b)(9) NON-GOODS TO MODIFY |
| EMBARQ FLORIDA INC | 14761 | EXHIBIT C - 503(b)(9) NON-GOODS TO MODIFY |
| EMBARQ MINNESOTA INC | 14757 | EXHIBIT C - 503(b)(9) NON-GOODS TO MODIFY |
| G4 MEDIA | 14776 | EXHIBIT C - 503(b)(9) NON-GOODS TO MODIFY |
| G4 MEDIA INC | 14777 | EXHIBIT C - 503(b)(9) NON-GOODS TO MODIFY |
| MICHAEL S PAYNE | 14327 | EXHIBIT C - 503(b)(9) NON-GOODS TO MODIFY |
| THE UNITED TELEPHONE COMPANY OF PENNSYLVANIA LLC | 14763 | EXHIBIT C - 503(b)(9) NON-GOODS TO MODIFY |
| UNITED TELEPHONE SOUTHEAST LLC | 14756 | EXHIBIT C - 503(b)(9) NON-GOODS TO MODIFY |

In re: Circuit City Stores, Inc, et al.    Debtors' Seventy-First Omnibus Objection to Claims
Case No. 08-35653-KRH    503(B)(9) Non-Goods To Be Disallowed

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|
| CENTRAL TELEPHONE COMPANY NEVADA PO BOX 7971 SHAWNEE MISSION, KS 66207-0971 | 14759 | Secured: Priority: Administrative 503(b)(9): $1,829.75 Unsecured: Reclamation: Total: $1,829.75 | 12/07/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CENTRAL TELEPHONE COMPANY NORTH CAROLINA PO BOX 7971 SHAWNEE MISSION, KS 66207-0971 | 14755 | Secured: Priority: Administrative 503(b)(9): $889.82 Unsecured: Reclamation: Total: $889.82 | 12/07/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CENTRAL TELEPHONE COMPANY OF TEXAS PO BOX 7971 SHAWNEE MISSION, KS 66207-0971 | 14758 | Secured: Priority: Administrative 503(b)(9): $1,137.16 Unsecured: Reclamation: Total: $1,137.16 | 12/07/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| CENTRAL TELEPHONE COMPANY OF VIRGINIA PO BOX 7971 SHAWNEE MISSION, KS 66207-0971 | 14762 | Secured: Priority: Administrative 503(b)(9): $142.59 Unsecured: Reclamation: Total: $142.59 | 12/07/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| E ENTERTAINMENT TV BRENDA MUKES 5750 WILSHIRE BLVD LOS ANGELES, CA 90036 | 14775 | Secured: Priority: Administrative 503(b)(9): $6,415.00 Unsecured: Reclamation: Total: $6,415.00 | 12/18/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.    Debtors' Seventy-First Omnibus Objection to Claims
Case No. 08-35653-KRH    503(B)(9) Non-Goods To Be Disallowed

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| EMBARQ FLORIDA INC<br>PO BOX 7971<br>SHAWNEE MISSION, KS 66207-0971 | 14761 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $14,286.30<br><br>$14,286.30 | 12/07/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| EMBARQ MINNESOTA INC<br>PO BOX 7971<br>SHAWNEE MISSION, KS 66207-0971 | 14757 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $873.39<br><br>$873.39 | 12/07/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| G4 MEDIA<br>ATTN BRENDA MUKES<br>5750 WILSHIRE BLVD 4TH FL<br>LOS ANGELES, CA 90036 | 14776 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $17,166.60<br><br>$17,166.60 | 12/18/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| G4 MEDIA INC<br>ATTN BRENDA MUKES<br>5750 WILSHIRE BLVD<br>LOS ANGELES, CA 90036 | 14777 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $7,012.50<br><br>$7,012.50 | 12/18/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| MICHAEL S PAYNE<br>J ROBERT COWAN<br>3306 CLAYS MILL RD STE 104<br>LEXINGTON, KY 40504 | 14327 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $17,600.00<br><br>$17,600.00 | 07/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.                                          Debtors' Seventy-First Omnibus Objection to Claims
Case No. 08-35653-KRH                                                            503(B)(9) Non-Goods To Be Disallowed

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| THE UNITED TELEPHONE COMPANY OF PENNSYLVANIA LLC PO BOX 7971 SHAWNEE MISSION, KS 66207-0971 | 14763 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $1,312.52 $1,312.52 | 12/07/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| UNITED TELEPHONE SOUTHEAST LLC PO BOX 7971 SHAWNEE MISSION, KS 66207-0971 | 14756 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $6,091.04 $6,091.04 | 12/07/2009 | CIRCUIT CITY STORES, INC. (08-35653) |

Total:      12                            $74,756.67

*      "UNL" denotes an unliquidated claim.