Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
              Debtors.      :   Jointly Administered
- - - - - - - - - - - - - - x
```

**DEBTORS' SEVENTY-THIRD OMNIBUS OBJECTION TO CLAIMS
(RECLASSIFICATION TO UNSECURED CLAIMS OF CERTAIN CLAIMS
FILED AS 503(B)(9) CLAIMS FOR GOODS RECEIVED BY THE DEBTORS
NOT WITHIN TWENTY DAYS OF THE COMMENCEMENT OF THE CASES)**

The debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors")[1], hereby file

---

[1]    The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.

their Seventy-Third Omnibus Objection to Claims

(Reclassification to Unsecured Claims of Certain Claims

Filed as 503(b)(9) Claims For Goods Received By the Debtors

Not Within Twenty Days of the Commencement of the Cases)

(the "Objection"), and hereby move this Court, pursuant to

sections 105 and 503(b)(9) of title 11 of the United States

Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy

Code"), Rule 3007 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Local Bankruptcy

Rule 3007-1, for an order, the proposed form of which is

attached hereto as Exhibit A, granting the relief sought by

this Objection.  In support of the Objection, the Debtors

respectfully state as follows:

---

(0875), Ventoux International, Inc. (1838), Circuit City Purchasing
Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company
of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer
Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659),
Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS,
Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC
(n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC
(5512). The address for Circuit City Stores West Coast, Inc. is 9250
Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors,
the address was 9950 Mayland Drive, Richmond, Virginia 23233 and
currently is 4951 Lake Brook Drive, Glen Allen, Virginia 23060.

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105 and 503(b)(9), Bankruptcy Rule 3007, and Local Bankruptcy Rule 3007-1.

**BACKGROUND**

2.     On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3.     The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

4.     On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

5.     On November 12, 2008, the Court appointed

Kurtzman Carson Consultants LLC ("KCC") as claims, noticing and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

6.    On November 12, 2008, this Court entered that certain Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 (Docket No. 107)(the "503(b)(9) Bar Date Order").

7.    Pursuant to the 503(b)(9) Bar Date Order, this Court approved the form and manner of the 503(b)(9) bar date notice, which was attached as Exhibit A to the 503(b)(9) Bar Date Order (the "503(b)(9) Bar Date Notice"). Pursuant to the 503(b)(9) Bar Date Order and the 503(b)(9) Bar Date Notice, the bar date for filing proofs of claim asserting administrative priority claims pursuant to section 503(b)(9) of the Bankruptcy Code was December 19, 2008 (the "503(b)(9) Bar Date").

8.    On November 19, 2008, KCC served a copy of the 503(b)(9) Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all

4

of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 358).  In addition, the Debtors published the 503(b)(9) Bar Date Notice in The New York Times (Docket No. 549), The Wall Street Journal (Docket No. 548),and The Richmond Times-Dispatch (Docket No. 547).

9.    On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

10.    On April 1, 2009, this Court entered an Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (Docket No. 2881)(the "Omnibus Objection Procedures Order").

## RELIEF REQUESTED

14.  By this Objection, the Debtors seek entry of
an order, in substantially the form annexed as <u>Exhibit A</u>,
pursuant to Bankruptcy Code sections 105(a) and 503(b)(9)
and Bankruptcy Rule 3007, reclassifying the claims, or
portion thereof, as set forth on <u>Exhibit C</u>, allegedly
entitled to administrative priority under Bankruptcy Code
section 503(b)(9) and asserted against the Debtors (the
"Claims") to general unsecured, non-priority claims.

15.  For ease of reference, attached as <u>Exhibit B</u>
is an alphabetical listing of all claimants whose claims
are included in this Objection (the "Claimants"), with a
cross-reference by claim number.

16.  At this time, the Debtors have not completed
their review of the validity of all claims/expenses filed
against their estates, including the Claims.  Accordingly,
the Claims may be the subject of additional subsequently
filed objections.  To that end, the Debtors reserve the
right to further object to any and all claims, whether or
not the subject of this Objection, for allowance, voting,
and/or distribution purposes, and on any other grounds.
Furthermore, the Debtors reserve the right to modify,

supplement and/or amend this Objection as it pertains to
any claim or claimant herein.

### BASIS FOR RELIEF REQUESTED

17.   Currently, the Debtors are engaged in a
thorough review of all claims filed against their estates,
including administrative expense claims, to determine the
validity of such claims.  As part of this process, the
Debtors are diligently reviewing claims filed pursuant to
Bankruptcy Code section 503(b)(9).

18.   After reviewing numerous 503(b)(9) claims,
their supporting documentation and the Debtors' books and
records, the Debtors have determined that the Claims
identified on Exhibit C do not satisfy the requirements of
Bankruptcy Code section 503(b)(9).

19.   Specifically, the Claims are based on, among
other things, goods[2] that were received by the Debtors
outside of the statutory period of twenty (20) days that
preceded the Petition Date.

20.   Accordingly, the Debtors object to the
classification of these Claims as administrative expenses

---

[2]   The Debtors further reserve the right to object to the Claims on
account the Claims are not for "goods" under section 503(b)(9) of the
Bankruptcy Code.

7

under Bankruptcy Code section 503(b)(9) and request that

all such Claims (or portions thereof) be reclassified as

general unsecured, non-priority claims.

### APPLICABLE AUTHORITY

**I.   THE CLAIMS ARE FOR GOODS RECEIVED BY THE DEBTORS NOT
WITHIN TWENTY (20) DAYS OF THE COMMENCEMENT OF THE
CASES AND ARE NOT CLAIMS THAT QUALIFY FOR
ADMINISTRATIVE EXPENSE PRIORITY UNDER § 503(B)(9)**

21.   Bankruptcy Code section 503(b)(9) provides

in pertinent part as follows:

> (b) After notice and a hearing, there shall
> be allowed, administrative expenses, . . .
> including . . .
>
>> (9) the value of any goods received by
>> the debtor within 20 days before the
>> date of commencement of the case under
>> this title in which the goods have been
>> sold to the debtor in the ordinary
>> course of such debtor's business.

11 U.S.C. § 503(b)(9).

22.   For each of the Claims included in the

Objection, the Debtors have listed on Exhibit C all of the

invoices that the Debtors contend were received outside of

the twenty (20) days from the Petition Date - the

commencement of the cases.   Moreover, also listed on

Exhibit C are the applicable receipt dates for the goods

detailing the dates on which the Debtor received the goods.

23.   As set forth above, the Debtors commenced these cases November 10, 2008.  Pursuant to 503(b)(9) of the Bankruptcy Code, a claim is only entitled to priority for the value of goods received by the Debtors within twenty (20) days of the Petition Date – (i.e., between October 21, 2008 and November 9, 2008).  See also 503(b)(9) Bar Date Order.  As set forth on Exhibit C attached hereto, each of the Claims subject to this Objection included claims for goods that were not physically received by the Debtors within the twenty (20) days of the Petition Date.

24.   The Fourth Circuit Court of Appeals has repeatedly held that the claimant has the burden of proof on all elements of an administrative expense claim.  See, e.g., Ford Motor Credit Co. v. Dobbins, 35 F.3d 860, 866 (4th Cir. 1994) (quoting In re Mid Region Petroleum, Inc., 1 F.3d 1130, 1132 (10th Cir. 1993) ("the party claiming entitlement to administrative expense priority [under § 503(b)] has the burden of proof"); see also In re Wetco Rest. Group, LLC, No. 07-51169, 2008 WL 1848779, *4 (Bankr. W.D. La. Apr. 23, 2008) (the claimant has the "burden to establish that the value of the 20-Day Goods qualifies for administrative expense treatment under section 503(b)(9)").

25.   Moreover, in evaluating administrative expense requests, "[t]he presumption in bankruptcy cases is that the debtor's limited resources will be equally distributed among the creditors. Thus, statutory priorities must be narrowly construed."  Ford Motor Credit, 35 F.3d at 865 (quoting In re James B. Downing & Co., 94 B.R. 515, 519 (Bankr. N.D. Ill. 1988); see also City of White Plains v. A&S Galleria Real Estate, Inc. (In re Federated Dep't Stores, Inc.), 270 F.3d 994, 1000 (6th Cir. 2001).

26.   This Court has previously held that "the definition of 'received' means 'having taken into physical possession,' and that this definition should be applied as the federal definition of the term 'received' for purposes of interpreting § 503(b)(9) of the Bankruptcy Code."  In re Circuit City Stores, Inc., et al., Case No. 08-35653, Docket No. 7149 (Bankr. E.D. Va. Apr. 8, 2010). Additionally, Bankruptcy Code section 503(b)(9) plainly provides that only claims for the value of goods received by the debtor within the twenty (20) days prior to the Petition Date are entitled to administrative priority treatment.  11 U.S.C. § 503(b)(9).

27.  As set forth herein and on <u>Exhibit C</u>
attached hereto, the Claims identified on <u>Exhibit C</u> were
for goods[3] physically received by the Debtors outside the
twenty (20) days before the Petition Date and, therefore,
the Claimants have not and cannot satisfy their burden of
proof on all elements of an administrative expense claim.
Accordingly, the Claims should be reclassified as general
unsecured non-priority claims.

**II.   THE CLAIMS SHOULD BE RECLASSIFIED.**

28.  Bankruptcy Code section 105 provides in
pertinent part that "[t]he court may issue any order,
process, or judgment that is necessary or appropriate to
carry out the provisions of this title."  11 U.S.C. §
105(a).

29.  It is critical that the Debtors confirm the
administrative liabilities that can be properly asserted
against the Debtors' estates.  In order to achieve the
imperative of finality required by the claims process, the
Debtors request that the Claims (or portions thereof) be

---

[3] The Debtors further reserve the right to object to the Claims on
account the Claims are not for "goods" under section 503(b)(9) of the
Bankruptcy Code.

11

reclassified at this time to general unsecured non-priority claims.

## RESERVATION OF RIGHTS

30.   As noted above, the Debtors reserve their rights to file objections to the Claims at a later time on any grounds that bankruptcy or non-bankruptcy law permits. The Debtors likewise reserve the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

## NOTICE AND PROCEDURE

31.   Notice of this Objection has been provided to all claimants with claims that are the subject to this Objection as identified on Exhibit C, and to other parties-in-interest in accordance with the Court's Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (entered on December 30, 2009 at Docket No. 6208) (the "Case Management Order").

32.   Furthermore, the Debtors submit that the following methods of service upon the Claimants should be

deemed by the Court to constitute due and sufficient service of this Objection: (a) service in accordance with Bankruptcy Rules 3007, 7004, and 9006; (b) to the extent counsel for a Claimant is not known to the Debtors, by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto at least 30 days before the hearing date; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's behalf in the Debtors' bankruptcy cases at least 30 days before the hearing date. The Debtors are serving the Claimant with this Objection and the Exhibit(s) on which the Claimant's claim is listed.

33.   To the extent any Claimant timely files and properly serves a response to this Objection by **4:00 p.m. (Eastern) on June 1, 2010** as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Debtors request that the Court conduct a status conference with respect to any such responding claimant at **10:00 a.m. on June 8, 2010** and thereafter schedule the matter for a future hearing as to the merits of this Objection to such

13

claim.  However, to the extent any Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order and applicable law, the Debtors request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, reclassifying as a general unsecured non-priority claim in the same amount as the asserted Claim.

### COMPLIANCE WITH BANKRUPTCY RULE 3007 AND THE OMNIBUS OBJECTION PROCEDURES ORDER

34.  This Objection complies with Bankruptcy Rule 3007(e).  Additionally, the Debtors submit that this Objection is filed in accordance the Omnibus Objection Procedures Order.

### WAIVER OF MEMORANDUM OF LAW

35.  Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion, the Debtors request that the requirement that all motions be accompanied by a written memorandum of law be waived.

### NO PRIOR RELIEF

36.  No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors request the Court to enter the Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia
      May 6, 2010

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP

_/s/ Douglas M. Foley_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

# EXHIBIT A

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
          Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x
```

**ORDER SUSTAINING DEBTORS' SEVENTY-THIRD OMNIBUS
OBJECTION TO CLAIMS (RECLASSIFICATION TO
UNSECURED CLAIMS OF CERTAIN CLAIMS FILED AS
503(B)(9) CLAIMS FOR GOODS RECEIVED BY THE DEBTORS NOT
WITHIN TWENTY DAYS OF THE COMMENCEMENT OF THE CASES)**

THIS MATTER having come before the Court on the

Debtors' Seventy-Third Omnibus Objection to Claims

(Reclassification to Unsecured Claims of Certain Claims

Filed as 503(b)(9) Claims for Goods Received by the Debtors Not within Twenty Days of the Commencement of the Cases) (the "Objection"), which requested, among other things, that the claims specifically identified on Exhibit B attached to the Objection be reclassified as general unsecured non-priority claims for those reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it further appearing that no response was timely filed or properly served by the Claimants being affected by this Order; and it appearing that the relief requested on the Objection is in the best interest of the Debtors, their estates and creditors and other parties-in-interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.   The Objection is GRANTED.

2.   The Claims identified on <u>Exhibit A</u> as attached hereto and incorporated herein are reclassified as general unsecured non-priority claims as set forth on <u>Exhibit A</u>.

3.    The Debtors' rights to amend, modify, or supplement the Objection, to file additional objections to the Claims (filed or not) that have been or may be asserted against the Debtors, and to seek reduction of any Claim to the extent such Claim has been paid, are preserved.

4.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

5.    The Debtors shall serve a copy of this Order on the claimants included on the exhibits to this Order on or before seven (7) days from the entry of this Order.

Dated: Richmond, Virginia
        _____, 2010


        _____
        HONORABLE KEVIN R. HUENNEKENS
        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

_/s/ Douglas M. Foley_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                    __/s/ Douglas M. Foley____
                    Douglas M. Foley

\11245636

In re: Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

Debtors' Seventy-Third Omnibus Objection to Claims
Reclassification to Unsecured Claims of Certain Claims Filed as 503(b)(9) Claims
For Goods Received By the Debtors Not Within Twenty Days of the Commencement of the Cases

Exhibit B - Claimants and Related Claims Subject To Seventy-Third Omnibus Objection to Claims

| Claim Holder | Claim | Exhibit |
|---|---|---|
| INTERSTATE DISTRIBUTION CENTER | 63 | EXHIBIT C - (RECLASSIFICATION TO UNSECURED CLAIMS OF CERTAIN CLAIMS FILED AS 503(b)(9) CLAIMS FOR GOODS RECEIVED BY THE DEBTORS NOT WITHIN TWENTY DAYS OF THE COMMENCEMENT OF THE CASES) |
| INTERSTATE DISTRIBUTION CENTER | 64 | EXHIBIT C - (RECLASSIFICATION TO UNSECURED CLAIMS OF CERTAIN CLAIMS FILED AS 503(b)(9) CLAIMS FOR GOODS RECEIVED BY THE DEBTORS NOT WITHIN TWENTY DAYS OF THE COMMENCEMENT OF THE CASES) |
| INTERSTATE DISTRIBUTION CENTER | 73 | EXHIBIT C - (RECLASSIFICATION TO UNSECURED CLAIMS OF CERTAIN CLAIMS FILED AS 503(b)(9) CLAIMS FOR GOODS RECEIVED BY THE DEBTORS NOT WITHIN TWENTY DAYS OF THE COMMENCEMENT OF THE CASES) |
| INTERSTATE DISTRIBUTION CENTER | 71 | EXHIBIT C - (RECLASSIFICATION TO UNSECURED CLAIMS OF CERTAIN CLAIMS FILED AS 503(b)(9) CLAIMS FOR GOODS RECEIVED BY THE DEBTORS NOT WITHIN TWENTY DAYS OF THE COMMENCEMENT OF THE CASES) |
| INTERSTATE DISTRIBUTION CENTER | 66 | EXHIBIT C - (RECLASSIFICATION TO UNSECURED CLAIMS OF CERTAIN CLAIMS FILED AS 503(b)(9) CLAIMS FOR GOODS RECEIVED BY THE DEBTORS NOT WITHIN TWENTY DAYS OF THE COMMENCEMENT OF THE CASES) |
| INTERSTATE DISTRIBUTION CENTER | 75 | EXHIBIT C - (RECLASSIFICATION TO UNSECURED CLAIMS OF CERTAIN CLAIMS FILED AS 503(b)(9) CLAIMS FOR GOODS RECEIVED BY THE DEBTORS NOT WITHIN TWENTY DAYS OF THE COMMENCEMENT OF THE CASES) |
| INTERSTATE DISTRIBUTION CENTER | 74 | EXHIBIT C - (RECLASSIFICATION TO UNSECURED CLAIMS OF CERTAIN CLAIMS FILED AS 503(b)(9) CLAIMS FOR GOODS RECEIVED BY THE DEBTORS NOT WITHIN TWENTY DAYS OF THE COMMENCEMENT OF THE CASES) |
| INTERSTATE DISTRIBUTION CENTER | 70 | EXHIBIT C - (RECLASSIFICATION TO UNSECURED CLAIMS OF CERTAIN CLAIMS FILED AS 503(b)(9) CLAIMS FOR GOODS RECEIVED BY THE DEBTORS NOT WITHIN TWENTY DAYS OF THE COMMENCEMENT OF THE CASES) |
| INTERSTATE DISTRIBUTION CENTER | 69 | EXHIBIT C - (RECLASSIFICATION TO UNSECURED CLAIMS OF CERTAIN CLAIMS FILED AS 503(b)(9) CLAIMS FOR GOODS RECEIVED BY THE DEBTORS NOT WITHIN TWENTY DAYS OF THE COMMENCEMENT OF THE CASES) |
| INTERSTATE DISTRIBUTION CENTER | 65 | EXHIBIT C - (RECLASSIFICATION TO UNSECURED CLAIMS OF CERTAIN CLAIMS FILED AS 503(b)(9) CLAIMS FOR GOODS RECEIVED BY THE DEBTORS NOT WITHIN TWENTY DAYS OF THE COMMENCEMENT OF THE CASES) |
| MCM ELECTRONICS | 1262 | EXHIBIT C - (RECLASSIFICATION TO UNSECURED CLAIMS OF CERTAIN CLAIMS FILED AS 503(b)(9) CLAIMS FOR GOODS RECEIVED BY THE DEBTORS NOT WITHIN TWENTY DAYS OF THE COMMENCEMENT OF THE CASES) |
| MCM ELECTRONICS | 1229 | EXHIBIT C - (RECLASSIFICATION TO UNSECURED CLAIMS OF CERTAIN CLAIMS FILED AS 503(b)(9) CLAIMS FOR GOODS RECEIVED BY THE DEBTORS NOT WITHIN TWENTY DAYS OF THE COMMENCEMENT OF THE CASES) |

In re Circuit City Stores, Inc, et al.

Case No. 08-35653 (KRH)

Debtors' Seventy-Third Omnibus Objection to Claims (Reclassification To Unsecured Claims Of Certain Claims Filed As 503(B)(9) Claims For Goods Received By The Debtors Not Within Twenty Days Of The Commencement Of The Cases)

**EXHIBIT C**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED* | GOODS OUTSIDE STATUTORY 20 DAY PERIOD | CLAIM AS MODIFIED |
|---|---|---|---|
| Claim: 63<br>Date Filed:    11/24/2008<br>Docketed Total:    $562.74<br>Filing Creditor Name and Address:<br>  INTERSTATE DISTRIBUTION<br>  CENTER<br>  3962 LANDMARK STREET<br>  P O BOX 1925<br>  CULVER CITY, CA 90232-1925 | Claim Holder Name and Address<br><br>  INTERSTATE DISTRIBUTION<br>  CENTER<br>  3962 LANDMARK STREET<br>  P O BOX 1925<br>  CULVER CITY, CA 90232-1925<br><br>Case Number:            08-35653<br>  503(b)(9):                $562.74<br>  Unsecured:<br>Docketed Total:         **$562.74** | Invoice Detail<br>Filing Creditor Name:          INTERSTATE DISTRIBUTION<br>                                              CENTER<br>  Claim:                   63<br>Invoice Total:          **$562.74**<br><br>INVOICE DATE / RECEIPT DATE / INVOICE NUMBER / INVOICE AMOUNT<br>09/18/2008  09/25/2008  10889780  $562.74<br><br>Invoice Total:          **$562.74** | Case Number:            08-35653<br>  503(b)(9):                $0.00<br>  Unsecured:              $562.74<br>Modified Total:         **$562.74** |
| Claim: 64<br>Date Filed:    11/24/2008<br>Docketed Total:    $498.26<br>Filing Creditor Name and Address:<br>  INTERSTATE DISTRIBUTION<br>  CENTER<br>  3962 LANDMARK STREET<br>  P O BOX 1925<br>  CULVER CITY, CA 90232-1925 | Claim Holder Name and Address<br><br>  INTERSTATE DISTRIBUTION<br>  CENTER<br>  3962 LANDMARK STREET<br>  P O BOX 1925<br>  CULVER CITY, CA 90232-1925<br><br>Case Number:            08-35653<br>  503(b)(9):                $498.26<br>  Unsecured:<br>Docketed Total:         **$498.26** | Invoice Detail<br>Filing Creditor Name:          INTERSTATE DISTRIBUTION<br>                                              CENTER<br>  Claim:                   64<br>Invoice Total:          **$498.26**<br><br>INVOICE DATE / RECEIPT DATE / INVOICE NUMBER / INVOICE AMOUNT<br>08/14/2008  08/21/2008  10846700  $498.26<br><br>Invoice Total:          **$498.26** | Case Number:            08-35653<br>  503(b)(9):                $0.00<br>  Unsecured:              $498.26<br>Modified Total:         **$498.26** |

\*      "UNL" denotes an unliquidated claim.

In re Circuit City Stores, Inc, et al.

Case No. 08-35653 (KRH)

Debtors' Seventy-Third Omnibus Objection to Claims (Reclassification To Unsecured Claims Of Certain Claims Filed As 503(B)(9) Claims For Goods Received By The Debtors Not Within Twenty Days Of The Commencement Of The Cases)

EXHIBIT C

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED* | GOODS OUTSIDE STATUTORY 20 DAY PERIOD | CLAIM AS MODIFIED |
|---|---|---|---|
| Claim: 65<br>Date Filed:    11/24/2008<br>Docketed Total:    $562.74<br>Filing Creditor Name and Address:<br>  INTERSTATE DISTRIBUTION<br>  CENTER<br>  3962 LANDMARK STREET<br>  P O BOX 1925<br>  CULVER CITY, CA 90232-1925 | Claim Holder Name and Address<br>  INTERSTATE DISTRIBUTION<br>  CENTER<br>  3962 LANDMARK STREET<br>  P O BOX 1925<br>  CULVER CITY, CA 90232-1925<br><br>Case Number:    08-35653<br>  503(b)(9):    $562.74<br>  Unsecured:<br>Docketed Total:    $562.74 | Invoice Detail<br>Filing Creditor Name:    INTERSTATE DISTRIBUTION CENTER<br>  Claim:    65<br>Invoice Total:    $562.74<br><br>INVOICE DATE / RECEIPT DATE / INVOICE NUMBER / INVOICE AMOUNT<br>09/19/2008 / 09/29/2008 / 10891130 / $562.74<br>Invoice Total:    $562.74 | Case Number:    08-35653<br>  503(b)(9):    $0.00<br>  Unsecured:    $562.74<br>Modified Total:    $562.74 |
| Claim: 66<br>Date Filed:    11/24/2008<br>Docketed Total:    $562.74<br>Filing Creditor Name and Address:<br>  INTERSTATE DISTRIBUTION<br>  CENTER<br>  3962 LANDMARK STREET<br>  P O BOX 1925<br>  CULVER CITY, CA 90232-1925 | Claim Holder Name and Address<br>  INTERSTATE DISTRIBUTION<br>  CENTER<br>  3962 LANDMARK STREET<br>  P O BOX 1925<br>  CULVER CITY, CA 90232-1925<br><br>Case Number:    08-35653<br>  503(b)(9):    $562.74<br>  Unsecured:<br>Docketed Total:    $562.74 | Invoice Detail<br>Filing Creditor Name:    INTERSTATE DISTRIBUTION CENTER<br>  Claim:    66<br>Invoice Total:    $562.74<br><br>INVOICE DATE / RECEIPT DATE / INVOICE NUMBER / INVOICE AMOUNT<br>09/25/2008 / 10/02/2008 / 10898450 / $562.74<br>Invoice Total:    $562.74 | Case Number:    08-35653<br>  503(b)(9):    $0.00<br>  Unsecured:    $562.74<br>Modified Total:    $562.74 |

*    "UNL" denotes an unliquidated claim.

In re Circuit City Stores, Inc, et al.

Case No. 08-35653 (KRH)

Debtors' Seventy-Third Omnibus Objection to Claims (Reclassification To Unsecured Claims Of Certain Claims Filed As 503(B)(9) Claims For Goods Received By The Debtors Not Within Twenty Days Of The Commencement Of The Cases)

EXHIBIT C

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED* | GOODS OUTSIDE STATUTORY 20 DAY PERIOD | | | | CLAIM AS MODIFIED |
|---|---|---|---|---|---|---|
| Claim: 69<br>Date Filed:    11/24/2008<br>Docketed Total:    $557.76<br>Filing Creditor Name and Address:<br>  INTERSTATE DISTRIBUTION<br>  CENTER<br>  3962 LANDMARK STREET<br>  P O BOX 1925<br>  CULVER CITY, CA 90232-1925 | Claim Holder Name and Address<br><br>  INTERSTATE DISTRIBUTION<br>  CENTER<br>  3962 LANDMARK STREET<br>  P O BOX 1925<br>  CULVER CITY, CA 90232-1925<br><br><br>Case Number:                  08-35653<br>  503(b)(9):                     $557.76<br>  Unsecured:<br>Docketed Total:                 **$557.76** | Invoice Detail<br>Filing Creditor Name:      INTERSTATE DISTRIBUTION CENTER<br>  Claim:              69<br>Invoice Total:     **$557.76**<br><br>INVOICE DATE / RECEIPT DATE / INVOICE NUMBER / INVOICE AMOUNT<br>10/14/2008  10/20/2008  10921530  $557.76<br>Invoice Total:        **$557.76** | | | | Case Number:                  08-35653<br>  503(b)(9):                       $0.00<br>  Unsecured:                    $557.76<br>Modified Total:                 **$557.76** |
| Claim: 70<br>Date Filed:    11/24/2008<br>Docketed Total:    $562.74<br>Filing Creditor Name and Address:<br>  INTERSTATE DISTRIBUTION<br>  CENTER<br>  3962 LANDMARK STREET<br>  P O BOX 1925<br>  CULVER CITY, CA 90232-1925 | Claim Holder Name and Address<br><br>  INTERSTATE DISTRIBUTION<br>  CENTER<br>  3962 LANDMARK STREET<br>  P O BOX 1925<br>  CULVER CITY, CA 90232-1925<br><br><br>Case Number:                  08-35653<br>  503(b)(9):                     $562.74<br>  Unsecured:<br>Docketed Total:                 **$562.74** | Invoice Detail<br>Filing Creditor Name:      INTERSTATE DISTRIBUTION CENTER<br>  Claim:              70<br>Invoice Total:     **$562.74**<br><br>INVOICE DATE / RECEIPT DATE / INVOICE NUMBER / INVOICE AMOUNT<br>09/18/2008  09/25/2008  10889880  $562.74<br>Invoice Total:        **$562.74** | | | | Case Number:                  08-35653<br>  503(b)(9):                       $0.00<br>  Unsecured:                    $562.74<br>Modified Total:                 **$562.74** |

\*      "UNL" denotes an unliquidated claim.

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

Debtors' Seventy-Third Omnibus Objection to Claims (Reclassification To Unsecured Claims Of Certain Claims Filed As 503(B)(9) Claims For Goods Received By The Debtors Not Within Twenty Days Of The Commencement Of The Cases)

EXHIBIT C

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED* | GOODS OUTSIDE STATUTORY 20 DAY PERIOD | | | | CLAIM AS MODIFIED |
|---|---|---|---|---|---|---|
| Claim: 71<br>Date Filed: 11/24/2008<br>Docketed Total: $562.74<br>Filing Creditor Name and Address:<br>INTERSTATE DISTRIBUTION CENTER<br>3962 LANDMARK STREET<br>P O BOX 1925<br>CULVER CITY, CA 90232-1925 | Claim Holder Name and Address<br>INTERSTATE DISTRIBUTION CENTER<br>3962 LANDMARK STREET<br>P O BOX 1925<br>CULVER CITY, CA 90232-1925<br><br>Case Number: 08-35653<br>503(b)(9): $562.74<br>Unsecured:<br>Docketed Total: $562.74 | Invoice Detail<br>Filing Creditor Name: INTERSTATE DISTRIBUTION CENTER<br>Claim: 71<br>Invoice Total: $562.74 | | | | Case Number: 08-35653<br>503(b)(9): $0.00<br>Unsecured: $562.74<br>Modified Total: $562.74 |
| | | INVOICE DATE | RECEIPT DATE | INVOICE NUMBER | INVOICE AMOUNT | |
| | | 09/22/2008 | 09/29/2008 | 10893530 | $562.74 | |
| | | | Invoice Total: | | $562.74 | |
| Claim: 73<br>Date Filed: 11/24/2008<br>Docketed Total: $562.74<br>Filing Creditor Name and Address:<br>INTERSTATE DISTRIBUTION CENTER<br>3962 LANDMARK STREET<br>P O BOX 1925<br>CULVER CITY, CA 90232-1925 | Claim Holder Name and Address<br>INTERSTATE DISTRIBUTION CENTER<br>3962 LANDMARK STREET<br>P O BOX 1925<br>CULVER CITY, CA 90232-1925<br><br>Case Number: 08-35653<br>503(b)(9): $562.74<br>Unsecured:<br>Docketed Total: $562.74 | Invoice Detail<br>Filing Creditor Name: INTERSTATE DISTRIBUTION CENTER<br>Claim: 73<br>Invoice Total: $562.74 | | | | Case Number: 08-35653<br>503(b)(9): $0.00<br>Unsecured: $562.74<br>Modified Total: $562.74 |
| | | INVOICE DATE | RECEIPT DATE | INVOICE NUMBER | INVOICE AMOUNT | |
| | | 09/22/2008 | 09/29/2008 | 10893500 | $562.74 | |
| | | | Invoice Total: | | $562.74 | |

*    "UNL" denotes an unliquidated claim.

In re Circuit City Stores, Inc, et al.

Case No. 08-35653 (KRH)

Debtors' Seventy-Third Omnibus Objection to Claims (Reclassification To Unsecured Claims Of Certain Claims Filed As 503(B)(9) Claims For Goods Received By The Debtors Not Within Twenty Days Of The Commencement Of The Cases)

EXHIBIT C

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED* | GOODS OUTSIDE STATUTORY 20 DAY PERIOD | | | | CLAIM AS MODIFIED |
|---|---|---|---|---|---|---|
| Claim: 74<br>Date Filed:   11/24/2008<br>Docketed Total:    $557.76<br>Filing Creditor Name and Address:<br>  INTERSTATE DISTRIBUTION<br>  CENTER<br>  3962 LANDMARK STREET<br>  P O BOX 1925<br>  CULVER CITY, CA 90232-1925 | Claim Holder Name and Address<br><br>  INTERSTATE DISTRIBUTION<br>  CENTER<br>  3962 LANDMARK STREET<br>  P O BOX 1925<br>  CULVER CITY, CA 90232-1925<br><br><br>Case Number:              08-35653<br>  503(b)(9):                    $557.76<br>  Unsecured:<br>Docketed Total:            **$557.76** | Invoice Detail<br>Filing Creditor Name:          INTERSTATE DISTRIBUTION<br>                                              CENTER<br>  Claim:                    74<br>Invoice Total:          **$557.76** | | | | Case Number:                      08-35653<br>  503(b)(9):                          $0.00<br>  Unsecured:                       $557.76<br>  Modified Total:                 **$557.76** |
| | | **INVOICE DATE** | **RECEIPT DATE** | **INVOICE NUMBER** | **INVOICE AMOUNT** | |
| | | 09/22/2008 | 09/26/2008 | 10893510 | $557.76 | |
| | | | Invoice Total: | | **$557.76** | |
| Claim: 75<br>Date Filed:   11/24/2008<br>Docketed Total:    $562.74<br>Filing Creditor Name and Address:<br>  INTERSTATE DISTRIBUTION<br>  CENTER<br>  3962 LANDMARK STREET<br>  P O BOX 1925<br>  CULVER CITY, CA 90232-1925 | Claim Holder Name and Address<br><br>  INTERSTATE DISTRIBUTION<br>  CENTER<br>  3962 LANDMARK STREET<br>  P O BOX 1925<br>  CULVER CITY, CA 90232-1925<br><br><br>Case Number:              08-35653<br>  503(b)(9):                    $562.74<br>  Unsecured:<br>Docketed Total:            **$562.74** | Invoice Detail<br>Filing Creditor Name:          INTERSTATE DISTRIBUTION<br>                                              CENTER<br>  Claim:                    75<br>Invoice Total:          **$562.74** | | | | Case Number:                      08-35653<br>  503(b)(9):                          $0.00<br>  Unsecured:                       $562.74<br>  Modified Total:                 **$562.74** |
| | | **INVOICE DATE** | **RECEIPT DATE** | **INVOICE NUMBER** | **INVOICE AMOUNT** | |
| | | 09/25/2008 | 10/02/2008 | 10898320 | $562.74 | |
| | | | Invoice Total: | | **$562.74** | |

\*     "UNL" denotes an unliquidated claim.

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

Debtors' Seventy-Third Omnibus Objection to Claims (Reclassification To Unsecured Claims Of Certain Claims Filed As 503(B)(9) Claims For Goods Received By The Debtors Not Within Twenty Days Of The Commencement Of The Cases)

EXHIBIT C

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED* | GOODS OUTSIDE STATUTORY 20 DAY PERIOD | | | | CLAIM AS MODIFIED |
|---|---|---|---|---|---|---|

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED* | GOODS OUTSIDE STATUTORY 20 DAY PERIOD | | | | | CLAIM AS MODIFIED |
|---|---|---|---|---|---|---|---|
| Claim: 1229 | Claim Holder Name and Address | Invoice Detail | | | | | |
| Date Filed:   12/18/2008 | | Filing Creditor Name: | MCM ELECTRONICS | | | | |
| Docketed Total:   $7,823.57 | MCM ELECTRONICS | | | | | | |
| Filing Creditor Name and Address: | 405 S PIONEER BLVD | Claim: | 1229 | | | | |
| MCM ELECTRONICS | SPRINGBORO, OH 45066-3002 | Invoice Total: | **$497.39** | | | | |
| 405 S PIONEER BLVD | | INVOICE DATE | RECEIPT DATE | INVOICE NUMBER | INVOICE AMOUNT | | |
| SPRINGBORO, OH 45066-3002 | | | | | | | |
| | Case Number:   08-35653 | 10/13/2008 | 10/15/2008 | 472169 | $72.95 | Case Number:   08-35653 | |
| | 503(b)(9):   $7,823.57 | 10/13/2008 | 10/15/2008 | 473565 | $2.66 | 503(b)(9):   $7,326.18 | |
| | Unsecured: | 10/13/2008 | 10/16/2008 | 473585 | $164.39 | Unsecured:   $497.39 | |
| | Docketed Total:   **$7,823.57** | 10/14/2008 | 10/16/2008 | 473990 | $7.99 | Modified Total:   **$7,823.57** | |
| | | 10/14/2008 | 10/16/2008 | 474039 | $46.58 | | |
| | | 10/15/2008 | 10/17/2008 | 476321 | $41.90 | | |
| | | 10/15/2008 | 10/16/2008 | 476694 | $10.74 | | |
| | | 10/15/2008 | 10/20/2008 | 477431 | $53.26 | | |
| | | 10/16/2008 | 10/20/2008 | 478841 | $96.04 | | |
| | | 10/16/2008 | 10/03/2008 | 478845 | $0.88 | | |
| | | | Invoice Total: | | **$497.39** | | |

*    "UNL" denotes an unliquidated claim.

In re Circuit City Stores, Inc, et al.

Case No. 08-35653 (KRH)

EXHIBIT C

Debtors' Seventy-Third Omnibus Objection to Claims (Reclassification To Unsecured Claims Of Certain Claims Filed As 503(B)(9) Claims For Goods Received By The Debtors Not Within Twenty Days Of The Commencement Of The Cases)

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED* | GOODS OUTSIDE STATUTORY 20 DAY PERIOD | | | | CLAIM AS MODIFIED |
|---|---|---|---|---|---|---|

**CLAIM TO BE MODIFIED**

Claim: 1262
Date Filed:   12/18/2008
Docketed Total:   $10,365.66
Filing Creditor Name and Address:
  MCM ELECTRONICS
  405 S PIONEER BLVD
  SPRINGBORO, OH 45066-3002

**CLAIM AS DOCKETED***

Claim Holder Name and Address:

MCM ELECTRONICS
405 S PIONEER BLVD
SPRINGBORO, OH 45066-3002

Case Number:                    08-35657

503(b)(9):                      $10,365.66

Unsecured:

Docketed Total:                 **$10,365.66**

**GOODS OUTSIDE STATUTORY 20 DAY PERIOD**

Invoice Detail

Filing Creditor Name:        MCM ELECTRONICS

  Claim:                     1262
Invoice Total:               **$3,669.02**

| INVOICE DATE | RECEIPT DATE | INVOICE NUMBER | INVOICE AMOUNT |
|---|---|---|---|
| 10/13/2008 | 10/16/2008 | 471982 | $190.00 |
| 10/13/2008 | 10/15/2008 | 472181 | $1,519.09 |
| 10/13/2008 | 10/15/2008 | 473732 | $18.00 |
| 10/14/2008 | 10/16/2008 | 473859 | $450.00 |
| 10/14/2008 | 10/16/2008 | 474294 | $56.65 |
| 10/14/2008 | 10/16/2008 | 474367 | $18.00 |
| 10/14/2008 | 10/17/2008 | 474554 | $14.96 |
| 10/14/2008 | 10/16/2008 | 474603 | $36.00 |
| 10/14/2008 | 10/17/2008 | 474639 | $113.85 |
| 10/14/2008 | 10/17/2008 | 474965 | $36.00 |
| 10/14/2008 | 10/15/2008 | 474983 | $18.00 |
| 10/14/2008 | 10/16/2008 | 475038 | $18.00 |
| 10/14/2008 | 10/17/2008 | 475043 | $281.00 |
| 10/14/2008 | 10/17/2008 | 475048 | $184.00 |
| 10/14/2008 | 10/17/2008 | 475051 | $57.75 |
| 10/14/2008 | 10/17/2008 | 475053 | $163.25 |
| 10/14/2008 | 10/16/2008 | 475295 | $48.59 |
| 10/14/2008 | 10/16/2008 | 475330 | $57.75 |
| 10/14/2008 | 10/16/2008 | 475331 | $57.75 |
| 10/14/2008 | 10/16/2008 | 475337 | $122.50 |
| 10/14/2008 | 10/16/2008 | 475427 | $20.32 |
| 10/15/2008 |  | 475907 | $122.99 |
| 10/16/2008 | 10/20/2008 | 478308 | $3.95 |
| 10/16/2008 | 10/20/2008 | 478781 | $48.59 |
| 10/16/2008 | 10/20/2008 | 479147 | $12.03 |

Invoice Total:                              $3,669.02

**CLAIM AS MODIFIED**

Case Number:                    08-35657

503(b)(9):                      $6,696.64

Unsecured:                      $3,669.02

Modified Total:                 **$10,365.66**

---

**Total Claims To Be Modified: 12**

**Total Amount As Docketed:**        $23,742.19

**Total Amount As Modified:**        $23,742.19

*       "UNL" denotes an unliquidated claim.