Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  

Douglas M. Foley (VSB No. 34364)  
Sarah B. Boehm (VSB No. 45201)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
155 North Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700

Counsel to the Debtors and  
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION

- - - - - - - - - - - - - - x  
In re:                      :  Chapter 11  
                            :  
CIRCUIT CITY STORES, INC.,  :  Case No. 08-35653 (KRH)  
et al.,                     :  
                            :  
            Debtors.        :  Jointly Administered  
- - - - - - - - - - - - - - x

**DEBTORS' SEVENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS  
(DISALLOWANCE OF CERTAIN MISCLASSIFIED  
ADMINISTRATIVE CLAIMS)**

The debtors and debtors in possession in the above-

captioned jointly-administered cases (collectively, the

"Debtors")[1], hereby file their Seventy-Sixth Omnibus

---

[1]  The Debtors and the last four digits of their respective taxpayer  
     identification numbers are as follows: Circuit City Stores, Inc.

*(cont'd)*

Objection to Claims (Disallowance of Certain Misclassified Administrative Claims) (the "Objection"), and hereby move this Court, pursuant to sections 105, 502 and 503 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules"), for an order, substantially in the form attached hereto as <u>Exhibit A</u>, disallowing the Claims (as defined herein) as set forth herein.  In support of the Objection, the Debtors respectfully represent as follows:

### SUMMARY OF OBJECTION

1.    As set forth more fully below and on <u>Exhibit C</u> attached hereto, the Debtors object to each Claim because each Claim arose prior to the Petition Date, such that it should be reclassified as a pre-petition claim.  Moreover,

---

*(cont'd from previous page)*

(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

2

each Claim was filed after the General Bar Date or the
Governmental Bar Date (each as defined herein), as applicable.
Thus, once reclassified, the Claims should be disallowed as
late-filed.  Accordingly, the Debtors seek to disallow each
of the Claims in its entirety.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction to consider this
Objection under 28 U.S.C. §§ 157 and 1334.  This is a core
proceeding under 28 U.S.C. § 157(b).  Venue of these cases
and this Objection in this district is proper under 28
U.S.C. §§ 1408 and 1409.

3.    The statutory and legal predicates for the
relief requested herein are Bankruptcy Code sections 105,
502 and 503, Bankruptcy Rule 3007 and Local Rule 3007-1.

### BACKGROUND

**A.    The Bankruptcy Cases.**

4.    On November 10, 2008 (the "Petition Date"),
the Debtors filed voluntary petitions in this Court for
relief under chapter 11 of the Bankruptcy Code.

5.    Pursuant to Bankruptcy Code sections 1107 and
1108, the Debtors are continuing as debtors in possession.

6.    On November 12, 2008, the Office of the
United States Trustee for the Eastern District of Virginia

3

appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

7.   On January 16, 2009, the Court authorized the Debtors, among other things, to commence liquidation and conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  The going out of business sales concluded on or about March 8, 2009.

8.   On September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan").  The associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, and confirmation on the Plan is currently scheduled for June 8, 2010.

9.   Generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code.

10.   On April 1, 2009, this Court entered an Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (Docket No. 2881) (the "Omnibus Objection Procedures Order").

**B.    General and Governmental Bar Dates.**

11.   On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing and balloting agent for the Debtors in these chapter 11 cases, pursuant to 28 U.S.C. § 156(c).

12.   On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

13.   Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date"). The deadline for

governmental units to file claims that arose before November 10, 2009 is 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date").   Pursuant to the Claims Bar Date Order, this Court further approved the form of the claims bar date notice, attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice"), and the manner of service thereof.

14.   On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties, including all of the Debtors' current employees and former employees for the three years prior to the Petition Date (Docket No. 1314).   In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

## OBJECTION TO CLAIMS

15.   By this Objection, the Debtors seek entry of an order, in substantially the form annexed as Exhibit A, pursuant to Bankruptcy Code sections 105(a), 502 and 503 and Bankruptcy Rule 3007, disallowing in their entirety each of the claims identified on Exhibit C (the "Claims").

16.   For ease of reference, attached as <u>Exhibit B</u> is an alphabetical listing of all claimants whose Claims are included in this Objection (the "Claimants"), with a cross-reference by claim number.

17.   At this time, the Debtors have not completed their review of the validity of all claims/expenses filed against their estates, including the Claims.  Accordingly, the Claims may be the subject of additional subsequently-filed objections.  To that end, the Debtors reserve the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and on any other grounds.  Furthermore, the Debtors reserve the right to modify, supplement and/or amend this Objection as it pertains to any Claim or Claimant herein.

**BASIS FOR OBJECTION**

18.   Currently, the Debtors are engaged in a thorough review of all claims filed against their estates to determine the validity of such claims.  As part of this process, the Debtors are diligently reviewing claims asserted as administrative claims under Bankruptcy Code section 503(b).

19.   After reviewing these claims, their supporting documentation and the Debtors' books and records, the Debtors have determined that the Claims identified on Exhibit C should be disallowed.

20.   The particular basis for the disallowance of each Claim is set forth in detail on Exhibit C.  Generally, however, the Debtors seek to disallow the Claims because each of the Claims arose prior to the Petition Date and, therefore, are not valid administrative claims and should be reclassified to a pre-petition general unsecured claim. However, each of the Claims was filed after the applicable Bar Date and is therefore untimely.  Accordingly, such reclassified Claims should be subsequently disallowed as late-filed.  To avoid the unnecessary delay and expense associated with separately reclassifying and disallowing these Claims, the Debtors seek to disallow the Claims by this Objection.

21.   The Claims Bar Date Order provides in relevant part:

> Pursuant to Bankruptcy Rule 3003(c)(3), all "entities" and "persons" (as defined respectively in 11 U.S.C. § 101(15) and (41)), except any governmental unit (as defined in 11 U.S.C. § 101(27)) that are creditors holding or wishing to assert "claims" (as defined in 11 U.S.C. § 101(5))

arising before the Petition Date against any
of the Debtors are required to file with the
Debtors' Claims Agent (as defined below), on
or before 5:00 p.m. (Pacific) on January 30,
2009 (the "General Bar Date") a separate,
completed, and executed proof of claim form
(conforming substantially to Official
Bankruptcy Form No. 10) on account of any
such claims in accordance with the
procedures set forth below.

. . .

Pursuant to Bankruptcy Rule 3003(c) and
Bankruptcy Code section 502(b)(9), any
governmental units (as defined in 11 U.S.C.
§ 101(27)) that are creditors holding or
wishing to assert "claims" (as defined in 11
U.S.C. § 101(5)) arising before the Petition
Date against any of the Debtors are required
to file, on or before 5:00 p.m. (Pacific) on
May 11, 2009(the "Governmental Bar Date") a
separate, completed, and executed proof of
claim form (conforming substantially to
Official Bankruptcy Form No. 10) on account
of any such claims in accordance with the
procedures set forth below.

. . .

Any creditor that is required to file but
fails to file a proof of claim for its claim
in accordance with the procedures set forth
in this order on or before the General Bar
Date, the Governmental Bar Date, or such
other date established hereby (as
applicable) shall be forever barred,
estopped, and enjoined from: (a) asserting
any Claim against the Debtors that (i) is in
an amount that exceeds the amount, if any,
that is set forth in the Schedules as
undisputed, noncontingent, and unliquidated
or (ii) is of a different nature or in a
different classification (any such claim
referred to as an "Unscheduled Claim") and

9

(b) voting upon, or receiving distributions
under, any plan or plans of reorganization
in these chapter 11 cases in respect of an
Unscheduled Claim; and the Debtors and their
property shall be forever discharged from
any and all indebtedness or liability with
respect to such Unscheduled Claim.

Bar Date Order, ¶¶ 2, 3, 12

22.   The Claims Bar Date Notice provides in

relevant part:

**CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM**

**Any creditor that is required to file but
fails to file a proof of claim for its Claim
in accordance with the procedures set forth
herein on or before the General Bar Date, the
Governmental Bar Date, or such other date
established hereby (as applicable) shall be
forever barred, estopped, and enjoined from:
(a) asserting any Claim against the Debtors
that (i) is in an amount that exceeds the
amount, if any, that is set forth in the
Schedules as undisputed, noncontingent, and
unliquidated or (ii) is of a different nature
or in a different classification (any such
claim referred to as an "Unscheduled Claim")
and (b) voting upon, or receiving
distributions under, any plan or plans of
reorganization in these chapter 11 cases in
respect of an Unscheduled Claim; and the
Debtors and their property shall be forever
discharged from any and all indebtedness or
liability with respect to such Unscheduled
Claim.  If it is unclear from the Schedules
and Statements whether your Claim is
disputed, contingent or unliquidated as to
amount or is otherwise properly listed and
classified, you must file a proof of claim on
or before the General Bar Date.  Any Entity
that relies on the Schedules and Statements**

> **bears responsibility for determining that its
> Claim is accurately listed therein.**

Bar Date Notice, p. 5.

23.   Accordingly, the Debtors object to the
validity of the Claims and request that all such Claims be
disallowed in their entirety for all purposes in these
chapter 11 cases.

### RESERVATION OF RIGHTS

24.   As noted above, the Debtors reserve their
rights to file objections to the Claims at a later time on
any grounds that bankruptcy or non-bankruptcy law permits.
The Debtors likewise reserve the right to modify, supplement
and/or amend this Objection as it pertains to any Claim or
Claimant herein.

### NOTICE AND PROCEDURE

25.   Notice of this Objection has been provided to
all Claimants with Claims that are the subject to this
Objection, as identified on Exhibit B, and to other parties
in interest in accordance with the Court's Supplemental
Order Pursuant to Bankruptcy Code Sections 102 and 105,
Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules
2002-1 and 9013-1 Establishing Certain Notice, Case

Management and Administrative Procedures (Docket No. 6208)
(the "Case Management Order").

26.   In particular, the Debtors have served the
Objection on the Claimants as follows: (a) to the extent
counsel for a Claimant is not known to the Debtors, by first
class mail, postage prepaid, on the signatory of the
Claimant's proof of claim form or other representative
identified in the proof of claim form or any attachment
thereto at least 30 days before the hearing date; or (b) to
the extent counsel for a Claimant has appeared on the
Claimant's behalf in the Debtors' bankruptcy cases at least
30 days before the hearing date, by first class mail,
postage prepaid, on such counsel.  In each case, the Debtors
served the Claimant or their counsel, as the case may be,
with this Objection and the Exhibit(s) on which the
Claimant's Claim is listed.  The Debtors submit that service
as set forth herein constitutes due and sufficient service
of this Objection, including in accordance with Bankruptcy
Rules 3007, 7004 and 9006.

27.   To the extent any Claimant timely files and
properly serves a response to this Objection by **4:00 p.m. on
June 1, 2010** (the "Response Deadline") as required by the
Case Management Order and under applicable law, and the

12

parties are unable to otherwise resolve the Objection, the
Debtors request that the Court conduct a status conference
with respect to any such responding Claimant at **10:00 a.m.
on June 8, 2010** and thereafter schedule the matter for a
future hearing as to the merits of such Claim.  To the
extent any Claimant fails to timely file and properly serve
a response to this Objection by the Response Deadline as
required by the Case Management Order and applicable law,
however, the Debtors request that the Court enter an order,
substantially in the form attached hereto as Exhibit A,
disallowing such Claimant's Claim in its entirety for all
purposes in these bankruptcy cases.

### COMPLIANCE WITH BANKRUPTCY RULE 3007 AND THE OMNIBUS OBJECTION PROCEDURES ORDER

28.  This Objection complies with Bankruptcy Rule
3007(e) as modified by, and in accordance with, the Omnibus
Objection Procedures Order.

### WAIVER OF MEMORANDUM OF LAW

29.  Pursuant to Local Bankruptcy Rule 9013-1(G),
and because there are no novel issues of law presented in
the Objection, the Debtors request that the requirement that
all motions be accompanied by a written memorandum of law be
waived.

13

**NO PRIOR RELIEF**

30.   No previous request for the relief sought

herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors request the that Court enter an Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia      SKADDEN, ARPS, SLATE, MEAGHER &
       May 7, 2010              FLOM, LLP
                                Gregg M. Galardi, Esq.
                                Ian S. Fredericks, Esq.
                                P.O. Box 636
                                Wilmington, Delaware 19899-0636
                                (302) 651-3000

                                      - and -

                                SKADDEN, ARPS, SLATE, MEAGHER &
                                FLOM, LLP
                                Chris L. Dickerson, Esq.
                                155 North Wacker Drive
                                Chicago, Illinois 60606
                                (312) 407-0700

                                      - and -

                                MCGUIREWOODS LLP

                                _/s/ Douglas M. Foley_____
                                Douglas M. Foley (VSB No. 34364)
                                Sarah B. Boehm (VSB No. 45201)
                                One James Center
                                901 E. Cary Street
                                Richmond, Virginia 23219
                                (804) 775-1000

                                Counsel for Debtors and Debtors
                                in Possession

## EXHIBIT A

Gregg M. Galardi, Esq.                Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.               Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :
              Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**ORDER SUSTAINING DEBTORS' SEVENTY-SIXTH OMNIBUS OBJECTION TO
CLAIMS (DISALLOWANCE OF CERTAIN MISCLASSIFIED
ADMINISTRATIVE CLAIMS)**

THIS MATTER having come before the Court on the

Debtors' Seventy-Sixth Omnibus Objection to Claims

(Disallowance of Certain Misclassified Administrative

Claims) (the "Objection"),[1] which requested, among other

things, that the Claims specifically identified on Exhibit C

attached to the Objection be disallowed in their entirety

for those reasons set forth in the Objection; and it

appearing that due and proper notice and service of the

Objection as set forth therein was good and sufficient and

that no other further notice or service of the Objection

need be given; and it further appearing that no response was

timely filed or properly served by the Claimants being

affected by this Order; and it appearing that the relief

requested on the Objection is in the best interest of the

Debtors, their estates and creditors and other parties in

interest; and after due deliberation thereon good and

sufficient cause exists for the granting of the relief as

set forth herein,

      **IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:**

      1.    The Objection is SUSTAINED.

      2.    The Claims identified on <u>Exhibit A</u>, as

attached hereto and incorporated herein, are disallowed in

their entirety for all purposes in these bankruptcy cases.

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings
ascribed to such terms in the Objection.

3.    The Debtors' rights to object to any claim, including (without limitation) the Claims included in the Objection, on any grounds that applicable law permits are not waived and are expressly reserved.

4.    The Debtors shall serve a copy of this Order on the Claimants included on the exhibit to this Order on or before seven (7) days from the entry of this Order.

5.    This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: Richmond, Virginia
_____, 2010


_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

_/s/ Douglas M. Foley_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

        Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby
certify that the foregoing proposed order has been endorsed
by or served upon all necessary parties.

                        __/s/ Douglas M. Foley_____
                        Douglas M. Foley


4

In re: Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

Debtors' Seventy-Sixth Omnibus Objection to Claims
(Disallowance of Certain Misclassified Administrative Claims)

Exhibit B - Claimants and Related Claims Subject To Seventy-Sixth Omnibus Objection to Claims

| Claim Holder | Claim | Exhibit |
|---|---|---|
| BANGOR DAILY NEWS DBA BANGOR PUBLISHING COMPANY | 14836 | EXHIBIT C - (DISALLOWANCE OF CERTAIN MISCLASSIFIED ADMINISTRATIVE CLAIMS) |
| CARD QUEST INC | 14864 | EXHIBIT C - (DISALLOWANCE OF CERTAIN MISCLASSIFIED ADMINISTRATIVE CLAIMS) |
| CITY OF AVONDALE ARIZONA | 14496 | EXHIBIT C - (DISALLOWANCE OF CERTAIN MISCLASSIFIED ADMINISTRATIVE CLAIMS) |
| CITY OF FRANKLIN TAX COLLECTOR | 13641 | EXHIBIT C - (DISALLOWANCE OF CERTAIN MISCLASSIFIED ADMINISTRATIVE CLAIMS) |
| CITY OF LAKE CHARLES | 13268 | EXHIBIT C - (DISALLOWANCE OF CERTAIN MISCLASSIFIED ADMINISTRATIVE CLAIMS) |
| JEREMY M BERNHEISEL | 13263 | EXHIBIT C - (DISALLOWANCE OF CERTAIN MISCLASSIFIED ADMINISTRATIVE CLAIMS) |
| MATTHEW JOHN BOYLAN | 13275 | EXHIBIT C - (DISALLOWANCE OF CERTAIN MISCLASSIFIED ADMINISTRATIVE CLAIMS) |
| US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | 14453 | EXHIBIT C - (DISALLOWANCE OF CERTAIN MISCLASSIFIED ADMINISTRATIVE CLAIMS) |
| YU LIANG LEI | 13307 | EXHIBIT C - (DISALLOWANCE OF CERTAIN MISCLASSIFIED ADMINISTRATIVE CLAIMS) |

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Seventy-Sixth Omnibus Objection to Claims
(Disallowance Of Certain Misclassified
Administrative Claims)

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR | COMMENT |
|---|---|---|---|---|---|
| BANGOR DAILY NEWS DBA BANGOR PUBLISHING COMPANY 491 MAIN ST PO BOX 1329 BANGOR, ME 04402-1329 | 14836 | Secured: Priority: Administrative $11,467.41 503(b)(9): Unsecured: Reclamation: Total: $11,467.41 | 03/09/2010 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed as an administrative claim. The Debtors have determined that the alleged services were provided prior to the Petition Date between 9/1/08 and 11/8/08. Accordingly, the Claim is not an administrative claim and should be reclassified, in its entirety, as a general unsecured, non-priority claim.  Because the Claimant did not file the Claim by the General Bar Date, the Debtors further assert that the Claim should be disallowed as late-filed. |
| CARD QUEST INC ATTN GINA CURTIS PO BOX 1915 ELFERS, FL 34680 | 14864 | Secured: Priority: Administrative $128.04 503(b)(9): Unsecured: Reclamation: Total: $128.04 | 03/15/2010 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed as an administrative claim. The Debtors have determined that any alleged Claim arose prior to the Petition Date on 5/21/2008. Accordingly, the Claim is not an administrative claim and should be reclassified, in its entirety, as a general unsecured, non-priority claim.  Because the Claimant did not file the Claim by the General Bar Date, the Debtors further assert that the Claim should be disallowed as late-filed. |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Seventy-Sixth Omnibus Objection to Claims
(Disallowance Of Certain Misclassified
Administrative Claims)

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR | COMMENT |
|---|---|---|---|---|---|---|
| CITY OF AVONDALE ARIZONA SEAN P OBRIEN GUST ROSENFELD P L C 201 E WASHINGTON ST STE 800 PHOENIX, AZ 85004-2327 | 14496 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $7,097.62 $7,097.62 | 07/20/2009 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed as an administrative claim. The Debtors have determined that the alleged taxes on which the Claim is based arose prior to the Petition Date between 11/1/08 and 11/9/08. Accordingly, the Claim is not an administrative claim and should be reclassified, in its entirety, as a general unsecured, non-priority claim. Because the Claimant did not file the Claim by the Governmental Bar Date, the Debtors further assert that the Claim should be disallowed as late-filed. |
| CITY OF FRANKLIN TAX COLLECTOR YOST ROBERTSON NOWAK PLLC SPECIAL COUNSEL CITY OF FRANKLIN PO BOX 681346 FRANKLIN, TN 37068-1346 | 13641 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $214.50 $214.50 | 06/26/2009 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed as an administrative claim. The Debtors have determined that any alleged Claim arose prior to the petition date on 10/26/2008 when the alleged incident giving rise to the Claim occurred. Accordingly, the Claim is not an administrative claim and should be reclassified, in its entirety, as a general unsecured, non-priority claim. Because the Claimant did not file the Claim by the Governmental Bar Date, the Debtors further assert that the Claim should be disallowed as late-filed. |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Seventy-Sixth Omnibus Objection to Claims
(Disallowance Of Certain Misclassified
Administrative Claims)

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR | COMMENT |
|---|---|---|---|---|---|
| CITY OF LAKE CHARLES<br>KAREN D HARRELL<br>326 PUJO ST<br>PO BOX 3706<br>LAKE CHARLES, LA 70602-3706 | 13268 | Secured:<br>Priority:<br>Administrative $6,102.80<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: $6,102.80 | 06/04/2009 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed as an administrative claim. The Debtors have determined that any alleged Claim arose prior to the Petition Date when the alleged fees sought by the Claim arose.  Accordingly, the Claim  is not an administrative claim and should be reclassified, in its entirety, as a general unsecured, non-priority claim.  Because the Claimant did not file the Claim by the Governmental Bar Date, the Debtors further assert that the Claim should be disallowed as late-filed. |
| JEREMY M BERNHEISEL<br>175 FLORENCE DR<br>HARRISBURG, PA 17112 | 13263 | Secured:<br>Priority:<br>Administrative $202.99<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: $202.99 | 06/03/2009 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed as an administrative claim.  The Debtors have determined that the Claim is for alleged payroll obligations owed during the 180 days prior to the Petition Date.  Accordingly, the Claim should be reclassified, in its entirety, as a priority claim under Bankruptcy Code section 507(a)(4). Because the Claimant did not file the Claim by the General Bar Date, the Debtors further assert that the Claim should be disallowed as late-filed. |

\*    "UNL." denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Seventy-Sixth Omnibus Objection to Claims
(Disallowance Of Certain Misclassified
Administrative Claims)

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR | COMMENT |
|---|---|---|---|---|---|
| MATTHEW JOHN BOYLAN<br>6111 WILIAM ST<br>OMAHA, NE 68106 | 13275 | Secured:<br>Priority:<br>Administrative    $650.79<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total:    $650.79 | 06/05/2009 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed as an administrative claim.  The Debtors have determined that the Claim is for amounts allegedly earned prior to the Petition Date, in part during the 180 days prior to the Petition Date.  Accordingly, a portion of the Claim should be  reclassified as a general unsecured, nonpriority claim and the remaining portion should be reclassified as a priority claim under Bankruptcy Code section 507(a)(4).  Because the Claimant did not file the Claim by the General Bar Date, the Debtors further assert that the Claim should be disallowed as late-filed. |
| US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>MARISOL RAMOS<br>PHILADELPHIA DIST OFFICE<br>801 MARKET ST STE 1300<br>PHILADELPHIA, PA 19106-2515 | 14453 | Secured:<br>Priority:<br>Administrative    $200,000.00<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total:    $200,000.00 | 07/02/2009 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed as an administrative claim.  The Debtors have determined that the settlement agreement reached with the Claimant, on which the Claim is based, allowed for the filing of a prepetition unsecured claim against the Debtors.  Accordingly, the Claim  is not an administrative claim and should be reclassified, in its entirety, as a general unsecured, non-priority claim.  Because the Claimant did not file the Claim by the Governmental Bar Date, the Debtors further assert that the Claim should be disallowed as late-filed. |

\*    "UNl." denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Seventy-Sixth Omnibus Objection to Claims
(Disallowance Of Certain Misclassified
Administrative Claims)

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR | COMMENT |
|---|---|---|---|---|---|---|
| YU LIANG LEI ATTN MARK J DECICCO ESQ SACKSTEIN SACKSTEIN & LEE LLP 1140 FRANKLIN AVE STE 210 GARDEN CITY, NY 11530 | 13307 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $2,000,000.00 $2,000,000.00 | 06/05/2009 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed as an administrative claim. The Debtors have determined that any alleged Claim arose prior to the Petition Date on 11/23/07 when the alleged incident occurred. Accordingly, the Claim is not an administrative claim and should be reclassified, in its entirety, as a general unsecured, non-priority claim. Because the Claimant did not file the Claim by the General Bar Date, the Debtors further assert that the Claim should be disallowed as late-filed. |

|  | Total: | **9** |  | **$2,225,864.15** |  |

*     "UNL" denotes an unliquidated claim.