```
Gregg M. Galardi, Esq.              Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.             Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

          - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                         :  Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :  Case No. 08-35653 (KRH)
et al.,                        :
                               :
                    Debtors.   :  Jointly Administered
- - - - - - - - - - - - - - - x
```

**DEBTORS' SEVENTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS
(DISALLOWANCE OF CERTAIN NO LIABILITY CLAIMS)**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby file

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659),

*(cont'd)*

their Seventy-Seventh Omnibus Objection to Claims (Disallowance of Certain No Liability Claims) (the "Objection"), and hereby move this Court, pursuant to sections 105, 502 and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules"), for an order, substantially in the form attached hereto as Exhibit A, disallowing the Claims (as defined herein) as set forth herein.  In support of the Objection, the Debtors respectfully represent as follows:

## SUMMARY OF OBJECTION

1.    As set forth more fully below and on Exhibit C attached hereto, the Debtors object to each Claim because the Claims (i) conflict with the Debtors' books and records indicating no liability; (ii) relate to or arise from obligations that would properly be asserted against third

---

*(cont'd from previous page)*
Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

parties, and are not liabilities of the Debtors; or (iii) relate to alleged liability that arose from a contract which had been rejected during the post-rejection period. Accordingly, the Debtors seek to disallow each of the Claims in its entirety.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.  The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105, 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1.

## BACKGROUND

4.  On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

5.  Pursuant to Bankruptcy Code sections 1107 and 1108, the Debtors are continuing as debtors in possession.

6.  On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia

3

appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

   7. On January 16, 2009, the Court authorized the Debtors, among other things, to commence liquidation and conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  The going out of business sales concluded on or about March 8, 2009.

   8. On September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan").  The associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, and confirmation on the Plan is currently scheduled for June 8, 2010.

   9. Generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the

Bankruptcy Code.

10. On April 1, 2009, this Court entered an Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (Docket No. 2881) (the "Omnibus Objection Procedures Order").

**OBJECTION TO CLAIMS**

11. By this Objection, the Debtors seek entry of an order, in substantially the form attached hereto as <u>Exhibit A</u>, pursuant to Bankruptcy Code sections 105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1, disallowing the claims listed on <u>Exhibit C</u>, attached hereto (collectively, the "Claims").

12. For ease of reference, attached hereto as <u>Exhibit B</u> is an alphabetical listing of all claimants whose Claims are included in this Objection (the "Claimants"), with a cross-reference by claim number.

13. At this time, the Debtors have not completed their review of the validity of all claims/expenses filed against their estates, including the Claims.  Accordingly, the Claims may be the subject of additional subsequently-filed objections.  To that end, the Debtors reserve the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting,

and/or distribution purposes, and on any other grounds. Furthermore, the Debtors reserve the right to modify, supplement and/or amend this Objection as it pertains to any Claim or Claimant herein.

## BASIS FOR OBJECTION

14.  The basis for disallowance of the Claims listed on Exhibit C attached hereto is that the Claims allege various claims against the Debtors as to which the Debtors deny liability, as further set forth on Exhibit C, including claims which (i) conflict with the Debtors' books and records indicating no liability; (ii) relate to or arise from obligations that would properly be asserted against third parties, and are not liabilities of the Debtors; or (iii) relate to alleged liability that arose from a contract which had been rejected during the post-rejection period. After reviewing the Claims and the bases upon which they are asserted, and reviewing the Debtors' books and records, the Debtors dispute any liability with respect to the Claims. Accordingly, the Debtors request that the Claims identified on Exhibit C be disallowed in their entirety for all purposes in these chapter 11 cases.

## RESERVATION OF RIGHTS

15.  As noted above, the Debtors reserve their

rights to file objections to these Claims at a later time on any grounds that bankruptcy or non-bankruptcy law permits. The Debtors likewise reserve the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

## NOTICE AND PROCEDURE

16.  Notice of this Objection has been provided to all Claimants with Claims that are the subject to this Objection, as identified on Exhibit B, and to parties-in-interest in accordance with the Court's Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Amended Notice, Case Management and Administrative Procedures (Docket No. 6208) (the "Case Management Order").

17.  In particular, the Debtors have served the Objection on the Claimants as follows: (a) to the extent counsel for a Claimant is not known to the Debtors, by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto at least 30 days before the hearing date; or (b) to the extent counsel for a Claimant has appeared on the

Claimant's behalf in the Debtors' bankruptcy cases at least 30 days before the hearing date, by first class mail, postage prepaid, on such counsel.  In each case, the Debtors served the Claimant or their counsel, as the case may be, with this Objection and the Exhibit(s) on which the Claimant's Claim is listed.  The Debtors submit that service as set forth herein constitutes due and sufficient service of this Objection, including in accordance with Bankruptcy Rules 3007, 7004 and 9006.

18. To the extent any Claimant timely files and properly serves a response to this Objection by **4:00 p.m. (Eastern) on June 1, 2010** as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Debtors request that the Court conduct a status conference[2] with respect to any such responding claimant at **10:00 a.m. (Eastern) on June 8, 2010** and thereafter schedule the matter for a future hearing as to the merits of such claim.  To the extent any Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order and

---

[2] In accordance with the Omnibus Objection Procedures Order, Claimants who timely respond to the Objection do not need to appear at the status conference.

8

applicable law, however, the Debtors request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, disallowing the Claims set forth on <u>Exhibit C</u> attached hereto.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND THE OMNIBUS OBJECTION PROCEDURES ORDER

19. This Objection complies with Bankruptcy Rule 3007(e). Additionally, the Debtors submit that this Objection is filed in accordance with the Omnibus Objection Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

20. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Objection, the Debtors request that the requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

21. No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia  SKADDEN, ARPS, SLATE, MEAGHER &
May 7, 2010              FLOM, LLP
                         Gregg M. Galardi, Esq.
                         Ian S. Fredericks, Esq.
                         P.O. Box 636
                         Wilmington, Delaware 19899-0636
                         (302) 651-3000

                         - and -

                         SKADDEN, ARPS, SLATE, MEAGHER &
                         FLOM, LLP
                         Chris L. Dickerson, Esq.
                         155 North Wacker Drive
                         Chicago, Illinois 60606
                         (312) 407-0700

                         - and -

                         MCGUIREWOODS LLP

                         _/s/ Douglas M. Foley_____
                         Douglas M. Foley (VSB No. 34364)
                         Sarah B. Boehm (VSB No. 45201)
                         One James Center
                         901 E. Cary Street
                         Richmond, Virginia 23219
                         (804) 775-1000

                         Counsel for Debtors and Debtors
                         in Possession

**EXHIBIT A**

| | |
|---|---|
| Gregg M. Galardi, Esq. | Douglas M. Foley (VSB No. 34364) |
| Ian S. Fredericks, Esq. | Sarah B. Boehm (VSB No. 45201) |
| SKADDEN, ARPS, SLATE, MEAGHER & | MCGUIREWOODS LLP |
| FLOM, LLP | One James Center |
| One Rodney Square | 901 E. Cary Street |
| PO Box 636 | Richmond, Virginia 23219 |
| Wilmington, Delaware 19899-0636 | (804) 775-1000 |
| (302) 651-3000 | |

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                         :  Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :  Case No. 08-35653 (KRH)
et al.,                        :
                               :
            Debtors.           :  Jointly Administered
- - - - - - - - - - - - - - - x
```

**ORDER SUSTAINING DEBTORS' SEVENTY-SEVENTH
OMNIBUS OBJECTION TO CLAIMS
(DISALLOWANCE OF CERTAIN NO LIABILITY CLAIMS)**

THIS MATTER having come before the Court on the Debtors' Seventy-Seventh Omnibus Objection to Claims (Disallowance of Certain No Liability Claims) (the

"Objection"),[1] which requested, among other things, that the Claims specifically identified on Exhibit C attached to the Objection be disallowed in their entirety for those reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it further appearing that no response was timely filed or properly served by the Claimants being affected by this Order; and it appearing that the relief requested on the Objection is in the best interest of the Debtors, their estates and creditors and other parties-in-interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1. The Objection is SUSTAINED.

2. The Claims identified on <u>Exhibit A</u> as attached hereto and incorporated herein are disallowed in their entirety for all purposes in these bankruptcy cases.

3. The Debtors' rights to object to any claim, including (without limitation) the Claims included in the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

2

Objection, on any grounds that applicable law permits are not waived and are expressly reserved.

       4.    The Debtors shall serve a copy of this Order on the claimants included on the exhibit to this Order on or before seven (7) days from the entry of this Order.

       5.    This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: Richmond, Virginia
       _____, 2010

_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

```
WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession
```

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

4

In re: Circuit City Stores, Inc, et al.  
Case No. 08-35653 (KRH)

Debtors' Seventy-Seventh Omnibus Objection to Claims  
(Disallowance of Certain No Liability Claims)

Exhibit B - Claimants and Related Claims Subject To Seventy-Seventh Omnibus Objection to Claims

| Claim Holder | Claim | Exhibit |
|---|---|---|
| ANGEL FIGUEROA | 14993 | EXHIBIT C - (DISALLOWANCE OF CERTAIN NO LIABILITY CLAIMS) |
| DERYK WHATLEY | 14908 | EXHIBIT C - (DISALLOWANCE OF CERTAIN NO LIABILITY CLAIMS) |
| GREYSTONE DATA SYSTEMS INC | 14319 | EXHIBIT C - (DISALLOWANCE OF CERTAIN NO LIABILITY CLAIMS) |
| KNOXVILLE UTILITIES BOARD | 14872 | EXHIBIT C - (DISALLOWANCE OF CERTAIN NO LIABILITY CLAIMS) |
| NEW YORK STATE DEPARTMENT OF TRANSPORTATION | 14890 | EXHIBIT C - (DISALLOWANCE OF CERTAIN NO LIABILITY CLAIMS) |
| ORIX CAPITAL MARKETS LLC | 14953 | EXHIBIT C - (DISALLOWANCE OF CERTAIN NO LIABILITY CLAIMS) |
| RYAN INC FKA RYAN & COMPANY INC | 14326 | EXHIBIT C - (DISALLOWANCE OF CERTAIN NO LIABILITY CLAIMS) |
| SAINCIA LAZARRE | 14906 | EXHIBIT C - (DISALLOWANCE OF CERTAIN NO LIABILITY CLAIMS) |
| THOMSON WEST | 14712 | EXHIBIT C - (DISALLOWANCE OF CERTAIN NO LIABILITY CLAIMS) |

Case 08-35653-KRH  Doc 7461  Filed 05/07/10  Entered 05/07/10 13:34:42  Desc Main
Document    Page 16 of 18

In re: Circuit City Stores, Inc, et al.
Case No. 08-35653-KRH

Debtors' Seventy-Seventh Omnibus Objection to Claims (Disallowance Of Certain No Liability Claims)

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR | COMMENT |
|---|---|---|---|---|---|
| ANGEL FIGUEROA<br>2093 JESSA DR<br>KISSIMMEE, FL 34743 | 14993 | Secured:<br>Priority:<br>Administrative      $300.00<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total:            $300.00 | 04/01/2010 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed as an administrative claim. The Debtors have determined that there are no unpaid wages due to the Claimant based on their books and records. Accordingly, the Debtors have no liability on this Claim and the Claim should be disallowed in its entirety. |
| DERYK WHATLEY<br>166 W 4600 N<br>PROVO, UT 84604 | 14908 | Secured:<br>Priority:<br>Administrative      $275.00<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total:            $275.00 | 03/29/2010 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed as an administrative claim. The Debtors have determined that there are no unpaid wages due to the Claimant based on their books and records. Accordingly, the Debtors have no liability on this Claim and the Claim should be disallowed in its entirety. |
| GREYSTONE DATA SYSTEMS INC<br>BEN DAVIDSON EVP BUS DEV<br>40800 ENCYCLOPEDIA CIR<br>FREMONT, CA 94538 | 14319 | Secured:<br>Priority:<br>Administrative            UNL<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total:                UNL | 06/30/2009 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed as an administrative claim. The Debtors have determined, based on their books and records, that there is no post-petition liability to the Claimant. Accordingly, the Debtors have no liability on this Claim and the Claim should be disallowed in its entirety. |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.
Case No. 08-35653-KRH

Debtors' Seventy-Seventh Omnibus Objection to Claims (Disallowance Of Certain No Liability Claims)

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR | COMMENT |
|---|---|---|---|---|---|
| KNOXVILLE UTILITIES BOARD<br>PO BOX 59017<br>KNOXVILLE, TN 37950-9017 | 14872 | Secured:<br>Priority:<br>Administrative $4,249.24<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: $4,249.24 | 03/24/2010 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed as an administrative claim. The Debtors have determined that the alleged liability arose from a contract which had been rejected during the post-rejection period. Accordingly, the Debtors have no liability on this Claim and the Claim should be disallowed in its entirety. |
| NEW YORK STATE DEPARTMENT OF TRANSPORTATION<br>REVENUE UNIT POD 52<br>50 WOLF RD<br>ALBANY, NY 12232 | 14890 | Secured:<br>Priority:<br>Administrative $1,261.62<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: $1,261.62 | 03/25/2010 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed as an administrative claim. The Debtors have determined that the alleged liability arose from a contract which had been rejected during the post-rejection period. Accordingly, the Debtors have no liability on this Claim and the Claim should be disallowed in its entirety. |
| ORIX CAPITAL MARKETS LLC<br>C O LAWRENCE A KATZ KRISTEN E BURGERS<br>8010 TOWERS CRESCENT DR STE 300<br>VIENNA, VA 22182-2707 | 14953 | Secured:<br>Priority:<br>Administrative $76,703.99<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: $76,703.99 | 03/31/2010 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed as an administrative claim. The Debtors have determined that the basis of the Claim is a contract between the Debtors and Trane US Inc. Accordingly, the Debtors have no liability to Orix and the Claim should be disallowed in its entirety. |

\*    "UNL" denotes an unliquidated claim.

Case 08-35653-KRH    Doc 7461    Filed 05/07/10    Entered 05/07/10 13:34:42    Desc Main
Document      Page 18 of 18

In re: Circuit City Stores, Inc, et al.
Case No. 08-35653-KRH

Debtors' Seventy-Seventh Omnibus Objection to Claims (Disallowance Of Certain No Liability Claims)

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR | COMMENT |
|---|---|---|---|---|---|
| RYAN INC FKA RYAN & COMPANY INC<br>ATTN BRUCE W AKERLY ESQ<br>BELL NUNNALLY & MARTIN LLP<br>1400 ONE MCKINNEY PLZ<br>3232 MCKINNEY AVE<br>DALLAS, TX 75204-2429 | 14326 | Secured:<br>Priority:<br>Administrative  $245,196.48<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total:  $245,196.48 | 07/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed as an administrative claim. The Debtors have determined that the basis for the Claim is an alleged contingency fee based on the recovery of taxes paid to the State of Hawaii. As of the current date, there has been no recovery of those taxes by the Debtors. Accordingly, the Debtors have no liability on this Claim and the Claim should be disallowed in its entirety. |
| SAINCIA LAZARRE<br>16602 SPICEBERRY CT APT E<br>HAGERSTOWN, MD 21740-2029 | 14906 | Secured:<br>Priority:<br>Administrative  $30,000.00<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total:  $30,000.00 | 03/30/2010 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed as an administrative claim. The Debtors have determined that the alleged liability is based on pending litigation, prospective litigation, or other threatened litigation. After a review of the Claim and the Debtors' books and records, the Debtors have determined that there is no liability to the Claimant. Accordingly, the Debtors have no liability on this Claim and the Claim should be disallowed in its entirety. |
| THOMSON WEST<br>JONATHAN L HAUSER & JOHN C LYNCH<br>TROUTMAN SANDERS LLP<br>222 CENTRAL PARK AVE STE 2000<br>VIRGINIA BEACH, VA 23462 | 14712 | Secured:<br>Priority:<br>Administrative  $13,804.98<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total:  $13,804.98 | 10/27/2009 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed as an administrative claim. The Debtors have determined that the alleged liability arose from a contract which had been rejected during the post-rejection period. Accordingly, the Debtors have no liability on this Claim and the Claim should be disallowed in its entirety. |
| **Total:** | **9** | **$371,791.31** | | | |

\* "UNL" denotes an unliquidated claim.