Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' SEVENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS
(DISALLOWANCE OF CERTAIN LATE CLAIMS)**

The debtors and debtors in possession in the above-
captioned, jointly administered cases (collectively, the

"Debtors")[1], hereby file their Seventy-Eighth Omnibus Objection to Claims (Disallowance of Certain Late Claims) (the "Objection"), and hereby move this Court, pursuant to sections 105 and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules"), for an order, substantially in the form attached hereto as Exhibit A, disallowing the Claims (as defined herein) as set forth herein.  In support of the Objection, the Debtors respectfully represent as follows:

### SUMMARY OF OBJECTION

1.   As set forth more fully below and on Exhibit C attached hereto, the Debtors object to each Claim because each Claim arose prior to or during the First Administrative

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

Period (as defined herein) but was filed after the First

Administrative Claims Bar Date (as defined herein).

Accordingly, the Debtors seek to disallow each of the Claims

in its entirety.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction to consider this

Motion under 28 U.S.C. §§ 157 and 1334.  This is a core

proceeding under 28 U.S.C. § 157(b).  Venue of these cases

and this Motion in this district is proper under 28 U.S.C.

§§ 1408 and 1409.

3.   The statutory and legal predicates for the relief

requested herein are Bankruptcy Code sections 105, 502, and

503, Bankruptcy Rule 3007 and Local Rule 3007-1.

## BACKGROUND

**A.   The Bankruptcy Cases.**

4.   On November 10, 2008 (the "Petition Date"), the

Debtors filed voluntary petitions in this Court for relief

under chapter 11 of the Bankruptcy Code.

5.   The Debtors continue to manage and operate their

businesses as debtors in possession pursuant to Bankruptcy

Code sections 1107 and 1108.

6.   On November 12, 2008, the Office of the United

States Trustee for the Eastern District of Virginia

appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

7.   On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

8.   On January 16, 2009, the Court authorized the Debtors, among other things, to commence liquidation and conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  The going out of business sales concluded on or about March 8, 2009.

9.   On September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"). The associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, and

confirmation on the Plan is currently scheduled for June 8, 2010.

10.   Generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code.

**B.   General and Governmental Bar Dates.**

11.   On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

12.   Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date").  The deadline for governmental units to file claims that arose before November 10, 2009 is 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date").  Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

13.   On December 17 and 19, 2008, KCC served a copy of

the Claims Bar Date Notice on all parties who filed notices
of appearance pursuant to Bankruptcy Rule 2002, all of the
Debtors' scheduled creditors in these cases, the Debtors'
equity holders, and certain other parties (Docket No. 1314).
In addition, the Debtors published the Claims Bar Date
Notice in The Wall Street Journal (Docket No. 1395) and The
Richmond Times-Dispatch (Docket No. 1394).

14.  On April 1, 2009, this Court entered an Order
Establishing Omnibus Objection Procedures and Approving the
Form and Manner of Notice of Omnibus Objections (Docket No.
2881)(the "Omnibus Objection Procedures Order").

**C.   The First Administrative Claims Bar Date.**

15.  On May 15, 2009, the Court entered that certain
Order Pursuant to Bankruptcy Code Sections 105 and 503 and
Bankruptcy Rules 2002 and 9007 (I) Setting Administrative
Bar Date and Procedures for Filing and Objecting to
Administrative Expense Requests and (II) Approving Form and
Manner of Notice Thereof (Docket No. 3354) (the "First
Administrative Claims Bar Date Order").

16.  Pursuant to the First Administrative Claims Bar
Date Order, the deadline for filing all "Administrative
Expenses" (as defined in the Administrative Claims Bar Date
Order) against the Debtors that arose from and after the

6

Petition Date through and including April 30, 2009 (such

period beginning on the Petition Date and ending on April

30, 2009, the "First Administrative Period") by any person

or entity was 5:00 p.m. (Pacific) on June 30, 2009 (the

"First Administrative Claims Bar Date").  Pursuant to the

First Administrative Claims Bar Date Order, this Court

approved the form and manner of the first administrative

claims bar date notice, which was attached as Exhibit A to

the First Administrative Claims Bar Date Order (the "First

Administrative Claims Bar Date Notice").

    17.  On or before May 22, 2009, KCC served a copy of

the First Administrative Claims Bar Date Notice on all

parties who filed notices of appearance pursuant to

Bankruptcy Rule 2002, all of the Debtors' scheduled

creditors in these cases, the Debtors' equity holders, and

certain other parties (Docket Nos. 3397 and 4609).  In

addition, the Debtors published the First Administrative

Claims Bar Date Notice in The Financial Times (Docket No.

3970), and The Richmond Times-Dispatch (Docket No. 3969) and

The Wall Street Journal (Docket No. 3968).

### OBJECTION TO CLAIMS

    18.  By this Objection, the Debtors seek entry of an

order, in substantially the form attached hereto as Exhibit

A, pursuant to Bankruptcy Code sections 105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1, disallowing the claims listed on Exhibit C, attached hereto (collectively, the "Claims").

19.   For ease of reference, attached hereto as Exhibit B is an alphabetical listing of all claimants whose Claims are included in this Objection (the "Claimants"), with a cross-reference by claim number.

20.   At this time, the Debtors have not completed their review of the validity of all claims/expenses filed against their estates, including the Claims.   Accordingly, the Claims may be the subject of additional subsequently-filed objections.   To that end, the Debtors reserve the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and on any other grounds. Furthermore, the Debtors reserve the right to modify, supplement and/or amend this Objection as it pertains to any Claim or Claimant herein.

## BASIS FOR OBJECTION

21.   Currently, the Debtors are engaged in a thorough review of all claims filed against their estates to determine the validity of such claims.   As part of this

process, the Debtors are diligently reviewing claims asserted as administrative claims under Bankruptcy Code section 503(b).

22.   After reviewing these claims, their supporting documentation and the Debtors' books and records, the Debtors have determined that the Claims identified on Exhibit C should be disallowed.

23.   The particular basis for the disallowance of each Claim is set forth in detail on Exhibit C.  Generally, however, the Debtors seek to disallow the Claims because each of the alleged Claims arose during the First Administrative Period and was filed after the First Administrative Claims Bar Date.

24.   The First Administrative Claims Bar Date Order provides in relevant part:

> All holders of or those wishing to assert an Administrative Expense, including (without limitation) persons, entities, individuals, partnerships, corporations, estates, trusts, indenture trustees, unions and governmental units, must file an Administrative Expense Request on or before **5:00 p.m. (Pacific) on June 30, 2009** –– the Administrative Bar Date – in accordance with the procedures set forth below.
>
> . . .
>
> Any person or entity that is required, but fails, to file an Administrative Expense

9

Request for its Administrative Expense in accordance with the procedures set forth in this order on or before the Administrative Bar Date (a) shall be forever barred, estopped, and enjoined from asserting any Administrative Expense against the Debtors and the Debtors shall be forever discharged from any and all indebtedness or liability with respect to such Administrative Expenses and (b) shall not be permitted to receive payment from the Debtors' estates or participate in any distribution under any plan or plans of liquidation in the Debtors' chapter 11 cases on account of such Administrative Expenses.

First Administrative Claims Bar Date Order, ¶¶ 2, 12.

25.  The First Administrative Claims Bar Date Notice provides in relevant part:

**CONSEQUENCES OF FAILURE TO FILE
ADMINISTRATIVE EXPENSE REQUESTS**

**Any holder of an Administrative Request that is required to file (but fails to file) an Administrative Expense Request in accordance with the procedures set forth herein on or before the Administrative Bar Date (a) shall be forever barred, estopped, and enjoined from asserting any Administrative Expense against the Debtors and the Debtors (shall [sic] be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense and (b) shall not be permitted to receive payment from the Debtors estates or participate in any distribution under any plan or plans of liquidation in the Debtors' chapter 11 cases on account of such Administrative Expense.**

First Administrative Claims Bar Date Notice, p. 5.

26.  The disallowance of the Claims set forth on

10

Exhibit C is appropriate under the applicable Bar Date
Order, as well as under applicable law.

27.   Bar dates for asserting claims in chapter 11
bankruptcy cases serve extremely important purposes.  "The
requirement of a Bar Date in Chapter 11 enables the debtor
. . . to establish the universe of claims with which it must
deal and the amount of those claims."  See In re A.H. Robins
Co., Inc., 129 B.R. 457, 459 (Bankr. E.D. Va. 1991).
Premised on the imperative purpose of finality of asserting
claims against a debtor, courts have not allowed claims
filed by creditors after the bar date, absent special
circumstances.  See In re Provident Hosp., Inc., 122 B.R.
683, 685 (D. Md. 1990), aff'd, 943 F.2d 49 (4th Cir. 1991)
(unpublished opinion) ("Because Bean did not timely file his
bankruptcy claim after having been given constitutionally
sufficient notice, his claim is barred under well-settled
authority, 11 U.S.C. 1141(d) and Bankruptcy Rule
3003(c)(2).").

28.   The Claims were filed in the present cases after
the applicable bar date.  Accordingly, pursuant to the
applicable Bar Date Order, these Claims are "forever barred,
estopped, and permanently enjoined from asserting such claim
against the Debtors . . . ."

11

29.  It is essential for the Debtors to establish the proper liabilities asserted against them.  In order to achieve the imperative of finality in the claims process, the Debtors request that this Court disallow the Claims in their entirety and for all purposes in these bankruptcy cases.

### RESERVATION OF RIGHTS

30.  As noted above, the Debtors reserve their rights to file objections to the Claims at a later time on any grounds that bankruptcy or non-bankruptcy law permits.  The Debtors likewise reserve the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

### NOTICE AND PROCEDURE

31.  Notice of this Objection has been provided to all Claimants with Claims that are the subject to this Objection, as identified on Exhibit B, and to parties-in-interest in accordance with the Court's Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (entered on December 30, 2009 at Docket No. 6208) (the "Case Management Order").

12

32.   In particular, the Debtors have served the
Objection on the Claimants as follows: (a) to the extent
counsel for a Claimant is not known to the Debtors, by first
class mail, postage prepaid, on the signatory of the
Claimant's proof of claim form or other representative
identified in the proof of claim form or any attachment
thereto at least 30 days before the hearing date; or (b) to
the extent counsel for a Claimant has appeared on the
Claimant's behalf in the Debtors' bankruptcy cases at least
30 days before the hearing date, by first class mail,
postage prepaid, on such counsel.  In each case, the Debtors
served the Claimant or their counsel, as the case may be,
with this Objection and the Exhibit(s) on which the
Claimant's Claim is listed.  The Debtors submit that service
as set forth herein constitutes due and sufficient service
of this Objection, including in accordance with Bankruptcy
Rules 3007, 7004 and 9006.

33.   To the extent any Claimant timely files and
properly serves a response to this Objection by **4:00 p.m.
(Eastern) on June 1, 2010** as required by the Case Management
Order and under applicable law, and the parties are unable
to otherwise resolve the Objection, the Debtors request that
the Court conduct a status conference with respect to any

13

such responding claimant at **10:00 a.m. (Eastern) on June 8, 2010** and thereafter schedule the matter for a future hearing as to the merits of such claim.  To the extent any Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order and applicable law, however, the Debtors request that the Court enter an order, substantially in the form attached hereto as Exhibit A, disallowing such Claimant's claim in its entirety for all purposes in these bankruptcy cases.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND THE OMNIBUS OBJECTION PROCEDURES ORDER

34.   This Objection complies with Bankruptcy Rule 3007(e).  Additionally, the Debtors submit that this Objection is filed in accordance with the Omnibus Objection Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

35.   Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Objection, the Debtors request that the requirement that all motions be accompanied by a written memorandum of law be waived.

**NO PRIOR RELIEF**

36.   No previous request for the relief sought herein
has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors request the Court to enter an
Order sustaining this Objection and granting such other and
further relief as the Court deems appropriate.

Dated: Richmond, Virginia       SKADDEN, ARPS, SLATE, MEAGHER &
     May 7, 2010                 FLOM, LLP
                                     Gregg M. Galardi, Esq.
                                     Ian S. Fredericks, Esq.
                                     P.O. Box 636
                                     Wilmington, Delaware 19899-0636
                                     (302) 651-3000

                                         - and -

                                   SKADDEN, ARPS, SLATE, MEAGHER &
                                   FLOM, LLP
                                   Chris L. Dickerson, Esq.
                                   155 North Wacker Drive
                                   Chicago, Illinois 60606
                                   (312) 407-0700

                                         - and -

                                   MCGUIREWOODS LLP

                                   _/s/ Douglas M. Foley_____
                                   Douglas M. Foley (VSB No. 34364)
                                   Sarah B. Boehm (VSB No. 45201)
                                   One James Center
                                   901 E. Cary Street
                                   Richmond, Virginia 23219
                                   (804) 775-1000

                                   Counsel for Debtors and Debtors
                                   in Possession

**EXHIBIT A**

Gregg M. Galardi, Esq.                Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.               Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER SUSTAINING DEBTORS' SEVENTY-EIGHTH OMNIBUS OBJECTION
    TO CLAIMS (DISALLOWANCE OF CERTAIN LATE CLAIMS)**

THIS MATTER having come before the Court on the

Debtors' Seventy-Eighth Omnibus Objection to Claims

(Disallowance of Certain Late Claims) (the "Objection"),[1]

which requested, among other things, that the Claims

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings
     ascribed to such terms in the Objection.

specifically identified on Exhibit C attached to the

Objection be disallowed in their entirety and for all

purposes in these bankruptcy cases for those reasons set

forth in the Objection; and it appearing that due and proper

notice and service of the Objection as set forth therein was

good and sufficient and that no other further notice or

service of the Objection need be given; and it further

appearing that no response was timely filed or properly

served by the Claimants being affected by this Order; and it

appearing that the relief requested on the Objection is in

the best interest of the Debtors, their estates and

creditors and other parties-in-interest; and after due

deliberation thereon good and sufficient cause exists for

the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.    The Objection is SUSTAINED.

2.    The Claims identified on Exhibit A as attached

hereto and incorporated herein are disallowed in their

entirety for all purposes in these bankruptcy cases.

3.    The Debtors' rights to object to any claim,

including (without limitation) the Claims included in the

Objection, on any grounds that the applicable law permits

are not waived and are expressly reserved.

2

4.   The Debtors shall serve a copy of this Order on the claimants included on the exhibit to this Order on or before seven (7) days from the entry of this Order.

5.   This Court shall retain jurisdiction with respect to all matters arising from or related to this Order.

Dated: Richmond, Virginia

_____, 2010

_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -


/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

In re: Circuit City Stores, Inc, et al.                                    Debtors' Seventy-Eighth Omnibus Objection to Claims
Case No. 08-35653 (KRH)                                                          (Disallowance of Certain Late Claims)

Exhibit B - Claimants and Related Claims Subject To Seventy-Eighth Omnibus Objection to Claims

| Claim Holder | Claim | Exhibit |
|---|---|---|
| AMCUR INC | 14874 | EXHIBIT C - (DISALLOWANCE OF CERTAIN LATE CLAIMS) |
| ANGEL FIGUEROA | 14993 | EXHIBIT C - (DISALLOWANCE OF CERTAIN LATE CLAIMS) |
| CITY OF GREENSBORO NORTH CAROLINA | 14828 | EXHIBIT C - (DISALLOWANCE OF CERTAIN LATE CLAIMS) |
| DERYK WHATLEY | 14908 | EXHIBIT C - (DISALLOWANCE OF CERTAIN LATE CLAIMS) |
| ISA | 14822 | EXHIBIT C - (DISALLOWANCE OF CERTAIN LATE CLAIMS) |
| KENNETH R PORTER | 14843 | EXHIBIT C - (DISALLOWANCE OF CERTAIN LATE CLAIMS) |
| KENTUCKY LABOR CABINET | 14837 | EXHIBIT C - (DISALLOWANCE OF CERTAIN LATE CLAIMS) |
| KEYSPAN GAS EAST CORP DBA NATIONAL GRID | 14884 | EXHIBIT C - (DISALLOWANCE OF CERTAIN LATE CLAIMS) |
| LONG ISLAND LIGHTING COMPANY DBA LIPA | 14885 | EXHIBIT C - (DISALLOWANCE OF CERTAIN LATE CLAIMS) |
| METRA ELECTRONICS CORP | 14894 | EXHIBIT C - (DISALLOWANCE OF CERTAIN LATE CLAIMS) |
| SBC GLOBAL SERVICES INC | 14332 | EXHIBIT C - (DISALLOWANCE OF CERTAIN LATE CLAIMS) |
| US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | 14453 | EXHIBIT C - (DISALLOWANCE OF CERTAIN LATE CLAIMS) |
| WILLIAM NASSIF | 14887 | EXHIBIT C - (DISALLOWANCE OF CERTAIN LATE CLAIMS) |

In re: Circuit City Stores, Inc, et al.    Debtors' Seventy-Eighth Omnibus Objection to Claims
Case No. 08-35653-KRH    (Disallowance Of Certain Late Claims)

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR | COMMENT |
|---|---|---|---|---|---|---|
| AMCOR INC<br>C O UNIVERSITY MANAGEMENT ASSOCIATION<br>ATTN LYNN PATEREK<br>PO BOX 913<br>HACKETTSTOWN, NJ 07840 | 14874 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br><br>Total: | $3,708.00<br><br><br><br>$3,708.00 | 03/22/2010 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed on 3/22/2010 after the First Administrative Claims Bar Date. The Debtors have determined that any alleged liability arose during the First Administrative Period.  Accordingly, the Claim was filed after the applicable bar date and should be disallowed as late. |
| ANGEL FIGUEROA<br>2093 JESSA DR<br>KISSIMMEE, FL 34743 | 14993 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br><br>Total: | $300.00<br><br><br><br>$300.00 | 04/01/2010 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed on 4/1/2010 after the First Administrative Claims Bar Date. The Debtors have determined that any alleged Claim arose during the First Administrative Period.  Accordingly, the Claim was filed after the applicable bar date and should be disallowed as late. |
| CITY OF GREENSBORO NORTH CAROLINA<br>PO BOX 3136<br>GREENSBORO, NC 27402-3136 | 14828 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br><br>Total: | $50.00<br><br><br><br>$50.00 | 03/08/2010 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed on 3/8/2010 after the First Administrative Claims Bar Date. The Debtors have determined that any alleged Claim arose on 3/27/2009, during the First Administrative Period. Accordingly, the Claim was filed after the applicable bar date and should be disallowed as late. |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Seventy-Eighth Omnibus Objection to Claims
(Disallowance Of Certain Late Claims)

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR | COMMENT |
|---|---|---|---|---|---|---|
| DERYK WHATLEY<br>166 W 4600 N<br>PROVO, UT 84604 | 14908 | Secured:<br>Priority:<br>Administrative:<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $275.00<br><br>$275.00 | 03/29/2010 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed on 3/29/2010 after the First Administrative Claims Bar Date. The Debtors have determined that any alleged Claim arose during the First Administrative Period.  Accordingly, the Claim was filed after the applicable bar date and should be disallowed as late. |
| ISA<br>CHARLIE HULSMAN<br>7100 GRADE LN<br>LOUISVILLE, KY 40213 | 14822 | Secured:<br>Priority:<br>Administrative:<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $18,596.49<br><br>$18,596.49 | 03/04/2010 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed on 3/4/2010 after the First Administrative Claims Bar Date. The Debtors have determined that any alleged Claim arose on 4/1/2009 to 4/15/2009,  during the First Administrative Period.  Accordingly, the Claim was filed after the applicable bar date and should be disallowed as late. |
| KENNETH R PORTER<br>3608 CROSSWICKS CT<br>FORT WORTH, TX 76137 | 14843 | Secured:<br>Priority:<br>Administrative:<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $3,984.68<br><br>$3,984.68 | 03/11/2010 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed on 3/11/2010 after the First Administrative Bar Date.  The Debtors have determined that any alleged Claim arose during the First Administrative Period for unpaid Paid Time Off as of March 2009.  Accordingly, the Claim was filed after the applicable bar date and should be disallowed as late. |

\*      "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Seventy-Eighth Omnibus Objection to Claims
(Disallowance Of Certain Late Claims)

EXHIBIT C

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR | COMMENT |
|---|---|---|---|---|---|---|
| KENTUCKY LABOR CABINET OFFICE OF THE GENERAL COUNSEL 1047 US HWY 127 S STE 4 FRANKFORT, KY 40601 | 14837 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $250.00 $250.00 | 03/08/2010 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed on 3/8/2010 after the First Administrative Claims Bar Date. The Debtors have determined that any alleged Claim arose on 2/6/2009, during the First Administrative Period. Accordingly, the Claim was filed after the applicable bar date and should be disallowed as late. |
| KEYSPAN GAS EAST CORP DBA NATIONAL GRID SUZANNE BRIENZA ESQ 15 PARK DR MELVILLE, NY 11747 | 14884 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $9,990.70 $9,990.70 | 03/22/2010 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed on 3/22/2010 after the First Administrative Bar Date. The Debtors have determined that any alleged Claim arose during the period between 11/10/2008 to 3/23/2009, during the First Administrative Period. Accordingly, the Claim was filed after the applicable bar date and should be disallowed as late. |
| LONG ISLAND LIGHTING COMPANY DBA LIPA SUZANNE BRIENZA ESQ 15 PARK DR MELVILLE, NY 11747 | 14885 | Secured: Priority: Administrative 503(b)(9): Unsecured: Reclamation: Total: | $343.65 $343.65 | 03/22/2010 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed on 3/22/2010 after the First Administrative Claims Bar Date. The Debtors have determined that any alleged Claim arose during the period between 12/30/2008 to 3/8/2010, during the First Administrative Period. Accordingly, the Claim was filed after the applicable bar date and should be disallowed as late. |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Seventy-Eighth Omnibus Objection to Claims
(Disallowance Of Certain Late Claims)

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR | COMMENT |
|---|---|---|---|---|---|---|
| METRA ELECTRONICS CORP<br>460 WALKER ST<br>HOLLY HILL, FL 32117 | 14894 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $196,003.32<br><br>$196,003.32 | 03/26/2010 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed on 3/26/2010 after the First Administrative Claims Bar Date. The Debtors have determined that any alleged Claim arose on November 2008 to April 2009, during the First Administrative Period.  Accordingly, the Claim was filed after the applicable bar date and should be disallowed as late. |
| SBC GLOBAL SERVICES INC<br>C O LOWENSTEIN SANDLER PC<br>VINCENT A D AGOSTINO ESQ<br>65 LIVINGSTON AVE<br>ROSELAND, NJ 07068 | 14332 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $34,979.55<br><br>$34,979.55 | 07/01/2009 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed on 7/1/2009 after the First Administrative Bar Date.  The Debtors have determined that any alleged Claim arose during the First Administrative Period.  Accordingly, the Claim was filed after the applicable bar date and should be disallowed as late. |
| US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>MARISOL RAMOS<br>PHILADELPHIA DIST OFFICE<br>801 MARKET ST STE 1300<br>PHILADELPHIA, PA 19106-2515 | 14453 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $200,000.00<br><br>$200,000.00 | 07/02/2009 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed on 7/2/2009 after the First Administrative Claims Bar Date. The Debtors have determined that any alleged Claim arose prior to the Petition Date.  Accordingly, the Claim was filed after the applicable bar date and should be disallowed as late. |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Seventy-Eighth Omnibus Objection to Claims
(Disallowance Of Certain Late Claims)

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR | COMMENT |
|---|---|---|---|---|---|---|
| WILLIAM NASSIF<br>2603 N VAN DORN ST APT 11<br>ALEXANDRIA, VA 22302-1615 | 14887 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Total: | $704.82<br><br>$704.82 | 03/25/2010 | CIRCUIT CITY STORES, INC. (08-35653) | The Claim was filed on 3/25/2010 after the First Administrative Claims Bar Date. The Debtors have determined that any alleged Claim arose during the First Administrative Period for unpaid Paid Time Off as of March 2009.  Accordingly, the Claim was filed after the applicable bar date and should be disallowed as late. |

|  | Total: | 13 | $469,186.21 |  |  |  |

\*    "UNL" denotes an unliquidated claim.