Gregg M. Galardi, Esq.                Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.               Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
et al.,                        :
                               :   Jointly Administered
          Debtors.            :
                               :   **Obj. Deadline: May 17, 2010 at**
- - - - - - - - - - - - - - - x   **5:00 p.m. (ET)**

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION BY
AND AMONG THE DEBTORS AND GAMER GRAFFIX WORLDWIDE, LLC**

PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval
(the "Settlement Procedures Order") (Docket No. 4401).[1]  A

---

[1]  Capitalized terms not otherwise defined herein shall have the
meanings ascribed to such terms in the Settlement Agreement (defined
below) or the Settlement Procedures Order.

copy of the Settlement Procedures Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement Agreement") with Gamer Graffix Worldwide, LLC ("Gamer Graffix"), a copy of which is annexed as <u>Exhibit 2</u>.

### SUMMARY OF SETTLEMENT AGREEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Settlement Agreement are as follows:

---

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]   This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.

(i)     This a Tier I Settlement.

(ii)    The Parties agree that (i) Claim No. 5181 shall be
        valued at $75,240, and (ii) Claim No. 5183 shall be
        valued at $85,860.

(iii)   The Parties agree that the Debtors' Alleged
        Receivables shall be valued at $38,358.70 (the
        "Receivables").

(iv)    In full satisfaction and settlement of the Alleged
        Receivables and the Receivables, the Receivables
        shall be net against Claim No. 5181 such that Claim
        5181 shall be reduced to and allowed in the face
        amount of $36,881.30; Claim No. 5183 shall remain
        and be allowed in the face amount of $85,860 as a
        claim entitled to priority under Bankruptcy Code
        section 503(b)(1) ((i) and (ii), together, the
        "Allowed Claims").

(v)     To the extent required, the automatic stay of 11
        U.S.C. § 362 is lifted to permit the netting set
        forth in Paragraph (iv) above.

(vi)    The Allowed Claims shall be deemed "allowed" claims
        pursuant to Bankruptcy Code Section 503(b)(9)
        against Circuit City Stores, Inc. and its estate in
        case number 08-35653 (KRH) for all purposes,
        including with respect to any confirmed plan of
        liquidation or in any chapter 7 case of such Debtor,
        shall be paid on the "effective date" of any plan or
        as required under any chapter 7 liquidation (as
        applicable), and shall not be subject to further
        objection, offset, reduction, discount, impairment
        or subordination.

(vii)   The Debtors, on behalf of themselves, and each on
        behalf of their respective estates, successors, and
        assigns, hereby irrevocably and fully release and
        discharge Gamer Graffix from and against any and all
        claims or causes of action under Bankruptcy Code
        sections 502, 542, 543, 544, 546, 547, 548, 549, 550,
        553 and 558 (the "Release").  Notwithstanding
        anything to the contrary in the Settlement Agreement
        and for the avoidance of doubt, the Release is not
        intended as a general release or waiver and nothing
        in the Settlement Agreement shall be construed as
        such.

(viii)  The Parties agree that the Settlement Agreement
        finally resolves the Gamer Graffix Claims, the Claim
        Discrepancies, the Demand Letter, the Debtors'

Alleged Receivables and Receivables, and the
Avoidance Action Claims in their entirety.

(ix)    For the avoidance of doubt and notwithstanding
anything to the contrary in the Settlement Agreement,
(i) the Allowed Claims shall constitute Gamer
Graffix's full and final allowed claims in the
Debtors' cases and Gamer Graffix shall not file nor
be entitled to recover on account of any other
claims from the Debtors or their estates, (ii) the
Debtors shall not be entitled to recover any further
credits, rebates, receivables, setoffs, netting, or
discounts, including (without limitation) the
Alleged Receivables, from Gamer Graffix, and (iii)
all omnibus objections to the Gamer Graffix Claims
shall be deemed resolved.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Settlement Procedures Order,
any Notice Party may object (each an "Objection") to or
request additional time or information (each a "Request")
to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be in writing and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (see information below) by no later **May
17, 2010 at 5:00 p.m. (ET)** (the "Objection Deadline").
Each Objection or Request must be served on (i) the
attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue,
36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Settlement Agreement and you do not want the Debtors to proceed with the Settlement Agreement or you want the Court to consider your views concerning the Settlement Agreement, you or you attorney must also:

> file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before May 17, 2010 at 5:00 p.m. (ET)**.

**Any Objection to the Settlement Agreement must be submitted by the method described in the foregoing sentence. Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Settlement Procedures Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: May 10, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

             - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

             IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   1Case No. 08-35653 (KRH)
et al.,                     :
                            :
             Debtors.       :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

        Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.    The Notice Procedures are fair,

reasonable, and appropriate.

3.    The Settlement Procedures are fair

reasonable, and appropriate.

4.    The Notice and Settlement Procedures were

proposed in good faith.

5.     Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.     Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.     The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.     The Motion is GRANTED.

9.     The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in
interest with notice of each proposed Settlement.  The
Notice Procedures are as follows:

(a)    The Debtors shall give written
notice, by email or facsimile, if available,
or overnight courier if email or facsimile
are not available, of each proposed
Settlement (the "Settlement Notice") to (i)
the United States Trustee, (ii) counsel for
the Committee of Unsecured Creditors, (iii)
any party to the Settlement, and (iv) the
Core Group and 2002 List (collectively, the
"Notice Parties").

(b)    The Settlement Notice (or the
Settlement Agreement) shall specify (i) the
identity of the other party to the
Settlement, (ii) a summary of the dispute
with such other party, including a statement
of the Debtors' reasonable estimate of the
Settlement Claim amount and the basis for
the controversy, (iii) an explanation of why
the Settlement of such Settlement Claim is
favorable to the Debtors, their estates, and
their creditors, and (iv) a copy of the
proposed settlement agreement ("Settlement
Agreement").

(c)    The Notice Parties may object to or
request additional time to evaluate the
proposed Settlement in writing by no later
than 5:00 p.m. (ET) (i) five (5) days for
both Tier I Disputed Claims and Tier I Cause
of Action and Receivable Claims or (ii) ten
(10) days for both Tier II Disputed Claims
and Tier II Cause of Action and Receivable
Claims (each an individual "Notice Period")
and serve such objection or request on
counsel to the Debtors and counsel for the
Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action to consummate the proposed settlement without first obtaining Court approval for that specific Settlement.  The Debtors are authorized to schedule the Settlement for a hearing at the next scheduled omnibus hearing following the Objection Deadline (or any subsequent hearing) without filing a separate motion or other pleading.

(f)   If the Objection Deadline has passed and no objection has been filed with the Court or request for additional time or information has been received by the Debtors, the Debtors are authorized, but not directed, to file a "Certificate of No Objection" with the Court; provided, further, that each such Certificate shall set forth a statement that no objection was filed or received (or if any objection was filed or received, such objection has been resolved) and no request for additional time or information was received or, if such request was received, the additional period of review has expired.

(g)   An objection will be considered properly filed and served only if it is filed with the Court, and actually received by the following parties on or before the Objection Deadline: (i) Clerk of the Bankruptcy Court, United States Bankruptcy Court, 701 East Broad Street – Room 4000, Richmond, VA  23219, (ii) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as applicable, in an amount greater than $500,000.

12.    Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)    Tier I With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value (i) equal to or greater than seventy-five percent (75%) of the Debtors' original reasonable estimate of the Cause of Action and Receivable Claim amount and (ii) equal to or less than $1,000,000.

(b)    Tier II With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value equal to (i) more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the

Debtors are authorized in their sole discretion, but not

directed, to enter into Settlement Agreements

substantially in the form of Exhibit A attached hereto;

provided, further, that the material terms of each

Settlement Agreement may vary depending upon the

specific facts and circumstances of each Settlement and

nothing herein or therein shall be construed as

impairing the Debtors' ability to tailor the form of the

Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not

directed, to resolve all of the Disputed Claims and

Cause of Action and Receivable Claims of a single party

in a single Settlement Agreement.

15.   The Debtors shall provide written notice

to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'

authorized claims and noticing agent, with respect to

any proof of claim settled pursuant to these Settlement

Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.   Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.   Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
        _____, 2009

        _____
        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                         RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
et al.,                        :
                               :
        Debtors.               :   Jointly Administered
- - - - - - - - - - - - - - x

       **SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
            DEBTORS AND GAMER GRAFFIX WORLDWIDE, LLC**

        This settlement agreement and stipulation

(this "Settlement Agreement") is entered into by and

among the above-captioned debtors and debtors in

possession (the "Debtors")[1], on the one hand, and Gamer

Graffix Worldwide, LLC ("Gamer Graffix" and together

with the Debtors, the "Parties" and each of which is a

"Party"), on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code; and

---

[1]    The Debtors and the last four digits of their respective taxpayer
       identification numbers are as follows: Circuit City Stores, Inc.
       (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
       Inc. (0875), Ventoux International, Inc. (1838), Circuit City
       Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
       Distribution Company of Virginia, Inc. (2821), Circuit City
       Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
       Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
       Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
       Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
       LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
       for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
       VA 23060.

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

3

WHEREAS, the associated disclosure statement
(the "Disclosure Statement") was approved on September
24, 2009, and confirmation on the Plan is currently
scheduled for June 8, 2010; and

WHEREAS, generally, the Plan provides for the
liquidation of the Debtors under chapter 11 of the
Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the
Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R.
Bankr. P. 2002, 9006, and 9019 Authorizing the
Establishment of Procedures to Settle Certain Pre-
Petition and Post-Petition Claims and Causes of Action
Without Further Court Approval, dated August 7, 2009
(Docket No. 4401, the "Settlement Procedures Order")[2] to
enter into this Settlement Agreement, subject to the
Notice Procedures.

**SETTLEMENT BACKGROUND**

**A.    The Gamer Graffix Claims.**

WHEREAS, the Debtors and Gamer Graffix engaged
in business in the ordinary course prior to and after

---

[2]    All capitalized terms not otherwise defined herein shall have the
meaning ascribed to such terms in the Settlement Procedures Order.

4

the Petition Date wherein the Debtors purchased certain Gamer Graffix products (the "Product") for sale in their retail stores; and

WHEREAS, on January 26, 2009, Gamer Graffix filed proof of claim number 5181 against the Debtors' bankruptcy estates pursuant to Bankruptcy Code section 503(b)(9) ("Claim No. 5181").  Therein, Gamer Graffix alleged that it shipped in the ordinary course of business $75,312.00 worth of Product to the Debtors within the twenty (20) days before the Petition Date; and

WHEREAS, on January 26, 2009, Gamer Graffix also filed proof of claim number 5183 against the Debtors' bankruptcy estates pursuant to Bankruptcy Code section 503(b)(9) ("Claim No. 5183" and together with Claim No. 5181, the "Gamer Graffix Claims").[3]  Therein, Gamer Graffix alleged that it shipped in the ordinary course of business $86,040.00 worth of Product to the Debtors within the twenty (20) days before the Petition

---

[3]   Claim 5181 amended Claim No. 19, which was filed on November 17, 2008.  Claim No. 19 has since been disallowed.  See Order on Debtors' Twenty-Eighth Omnibus Objection to Claims (Disallowance of Certain Amended Claims) (D.I. 4848).

Date.  After reconciling Claim No. 5183, the Debtors

have determined that the claim is for post-petition

goods and entitled to priority under Bankruptcy Code

section 503(b)(1).  As filed, the aggregate amount of

the Gamer Graffix Claims is $161,352; and

**B.    The Demand Letter.**

WHEREAS, on April 20, 2010, the Debtors sent a

letter to Gamer Graffix (the "Demand Letter").  Therein,

the Debtors alleged that Claim No. 5181 was overstated

by $72.00 on account of quantity shortages such that the

appropriate amount of the claim was $75,240 (the "Claim

No. 5181 Discrepancy").  The Debtors also alleged that

Claim No. 5183 was overstated by $180 on account of

quantity shortages such that the appropriate amount of

the claim was $85,860 (the "Claim No. 5183 Discrepancy"

and together with the Claim No. 5181 Discrepancy, the

"Claim Discrepancies"); and

WHEREAS, in the Demand Letter, the Debtors also

alleged that they identified $38,358.70 in receivables,

chargebacks, returns, and other amounts (collectively,

the "Alleged Receivables") that are currently due, owing,

and payable by Gamer Graffix to Circuit City; and

6

WHEREAS, on December 3, 2009, the Court issued its Memorandum Opinion (Docket No. 5963) and Order (Docket No. 5964) with respect to the Debtors' Forty-Eighth, Forty-Ninth and Fiftieth Omnibus Objections to Claims (the "Objections").  Pursuant to the Court's Order, the Debtors are authorized to setoff all of their pre- and/or post-petition Receivables against Administrative Expenses (as defined in the Objections), including claims arising under Bankruptcy Code section 503(b)(9), before setting off against any general unsecured claims.  Consequently, the Debtors asserted that they were authorized to setoff the Alleged Receivables from Gamer Graffix's Claims pursuant to the Order; and

WHEREAS, the Debtors also asserted that Gamer Graffix received certain transfers that the Debtors contend may be avoidable under Bankruptcy Code sections 547 and 550 (the "Avoidance Action Claims"); and

WHEREAS, rather than proceed with litigation concerning the Demand Letter, the Gamer Graffix  Claims, the Claim Discrepancies, the Debtors' Alleged Receivables, and the Avoidance Action Claims, the

7

parties engaged in good faith, arms' length negotiations
to resolve the Demand Letter, the Gamer Graffix Claims,
the Claim Discrepancies, the Debtors' Alleged
Receivables, and the Avoidance Action Claims in their
entirety; and

NOW THEREFORE, subject to and in accordance
with the Settlement Procedures Order, for good and
valuable consideration the receipt and sufficiency of
which is hereby acknowledged, the Parties hereby
STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.   The Parties agree that (i) Claim No. 5181
shall be valued at $75,240, and (ii) Claim No. 5183
shall be valued at $85,860.

2.   The Parties agree that the Debtors'
Alleged Receivables shall be valued at $38,358.70 (the
"Receivables").

3.   In full satisfaction and settlement of
the Alleged Receivables and the Receivables, the
Receivables shall be net against Claim No. 5181 such
that Claim 5181 shall be reduced to and allowed in the
face amount of $36,881.30; Claim No. 5183 shall remain
and be allowed in the face amount of $85,860 as a claim

8

entitled to priority under Bankruptcy Code section
503(b)(1) ((i) and (ii), together, the "Allowed Claims").

4.   To the extent required, the automatic
stay of 11 U.S.C. § 362 is lifted to permit the netting
set forth in Paragraph 3 above.

5.   The Allowed Claims shall be deemed
"allowed" claims pursuant to Bankruptcy Code Section
503(b)(9) against Circuit City Stores, Inc. and its
estate in case number 08-35653 (KRH) for all purposes,
including with respect to any confirmed plan of
liquidation or in any chapter 7 case of such Debtor,
shall be paid on the "effective date" of any plan or as
required under any chapter 7 liquidation (as applicable),
and shall not be subject to further objection, offset,
reduction, discount, impairment or subordination.

6.   The Debtors, on behalf of themselves, and
each on behalf of their respective estates, successors,
and assigns, hereby irrevocably and fully release and
discharge Gamer Graffix from and against any and all
claims or causes of action under Bankruptcy Code
sections 502, 542, 543, 544, 546, 547, 548, 549, 550,
553 and 558 (the "Release").  Notwithstanding anything

9

to the contrary in this Settlement Agreement and for the avoidance of doubt, the Release is not intended as a general release or waiver and nothing in this Settlement Agreement shall be construed as such.

7.     The Parties agree that this Settlement Agreement finally resolves the Gamer Graffix Claims, the Claim Discrepancies, the Demand Letter, the Debtors' Alleged Receivables and Receivables, and the Avoidance Action Claims in their entirety.

8.     For the avoidance of doubt and notwithstanding anything to the contrary in this Settlement Agreement, (i) the Allowed Claims shall constitute Gamer Graffix's full and final allowed claims in the Debtors' cases and Gamer Graffix shall not file nor be entitled to recover on account of any other claims from the Debtors or their estates, (ii) the Debtors shall not be entitled to recover any further credits, rebates, receivables, setoffs, netting, or discounts, including (without limitation) the Alleged Receivables, from Gamer Graffix, and (iii) all omnibus objections to the Gamer Graffix Claims shall be deemed resolved.

10

9.    Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Settlement Agreement or (b) to seek damages or injunctive relief in connection with such approval and enforcement.

10.   Each Party hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

11.   No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the parties hereto and their respective successors and assigns.

11

12.   Except where preempted by applicable Federal law, this Settlement Agreement shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia without regard to any choice of law provisions.

13.   This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

14.   This Settlement Agreement constitutes the entire agreement and understanding of the parties regarding the Settlement Agreement and the subject matter thereof.

15.   The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

16.   Each person or entity who executes this Settlement Agreement on behalf of another person or

12

entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement.  The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

17.  This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

18.  This Settlement Agreement and all of its terms shall be effective upon the later of (i) execution by both Parties and (ii) the expiration of the applicable Notice Period.

19.  This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto, including any Chapter 7 trustee or the Liquidating Trustee under the Plan.

13

IN WITNESS WHEREOF, this Settlement Agreement
is hereby executed as of the later of the dates set
forth below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

Dated:  May 10, 2010

14

GAMER GRAFFIX WORLDWIDE, LLC

By:

/s/ Keith Kazmier
Keith Kazmier
Controller
Gramer Graffix Worldwide, LLC
400 Harris Avenue
Providence, RI  02909

Dated:  May 10, 2010