Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
McGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF VIRGINIA<br>RICHMOND DIVISION

- - - - - - - - - - - - - - X
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :
                 Debtors.       :   Jointly Administered
- - - - - - - - - - - - - - X - - - - - - - - - - - -

CIRCUIT CITY STORES, INC.,    X   Adv. Pro. No: 10-_____
                                :
                 Plaintiff,     :
                                :
v.                              :
                                :
AVENUES IN LEATHER, INC.,       :
                                :
                 Defendant.     :
                                :
- - - - - - - - - - - - - - x

## COMPLAINT

The debtors and debtors in possession in the above-
captioned cases (collectively, the "Debtors"),[1] by and

_____

[1]     The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc. (3875),
Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC

through their undersigned counsel, for their Complaint

against the above-captioned defendant, Avenues in Leather,

Inc. (the "Defendant"), and, in support thereof, allege as

follows:

## JURISDICTION AND VENUE

1.   The Court has jurisdiction over this adversary

proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2.   This action is a core proceeding under 28 U.S.C.

§§ 157(b)(2)(A), (E), (F), and (O).

3.   Venue of these cases and this adversary proceeding

in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.   On November 10, 2008 (the "Petition Date"), the

Debtors filed voluntary petitions in this Court for relief

under chapter 11 of Title 11 of the United States Code (the

"Bankruptcy Code").

---

(5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia,
Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer Technology, LLC
(2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs,
Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC
(9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512). The address of
Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard,
Westminster, Colorado 80031. For all other Debtors, the address was 9950
Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook
Drive, Glen Allen, Virginia 23060.

5.    The Debtors continue to manage and operate their
businesses as debtors in possession pursuant to Bankruptcy
Code sections 1107 and 1108.

6.    On November 12, 2008, the Office of the United
States Trustee for the Eastern District of Virginia
appointed a statutory committee of unsecured creditors (the
"Creditors' Committee").  To date, no trustee or examiner
has been appointed in these chapter 11 cases.

7.    On January 16, 2009, the Court authorized the
Debtors, among other things, to conduct going out of
business sales at the Debtors' remaining 567 stores pursuant
to an agency agreement (the "Agency Agreement") between the
Debtors and a joint venture, as agent (the "Agent").  On
January 17, 2009, the Agent commenced going out of business
sales pursuant to the Agency Agreement at the Debtors
remaining stores.  As of March 8, 2009, the going out of
business sales at the Debtors' remaining stores had been
completed (the "Liquidation").

8.    On September 24, 2009 the Court entered an Order
Approving (I) Disclosure Statement (the "Disclosure
Statement"), (II) Notice of the Disclosure Statement
Hearing, (III) Hearing Date to Consider Confirmation of the
Plan, (IV) Procedures for Filing Objections to Plan, (V)

Voting Agent and Deadlines Related to Solicitation and Confirmation, (VI) Procedures with Respect to Certain Claims and (VII) Solicitation Procedures for Confirmation of the Plan (Docket No. 5090).

## PARTIES

9.   Prior to the Liquidation, the Debtors were a leading specialty retailer of consumer electronics and operated large nationwide electronics stores that sold, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

10.  Defendant is a New Jersey corporation with its principal place of business in Trinton Falls, New Jersey.

## FACTS

11.  The Debtors and the Defendant were parties to a certain letter agreement for the purchase of certain goods produced by the Defendant for sale in the Debtors' stores (the "Written Contract").  The Written Contract is attached hereto as Exhibit A.

12.  Pursuant to the Written Contract, the Debtors agreed to purchase and the Defendant agreed to sell certain

of its products to the Debtors in the United States.  See
Written Contract, at 1.

13.  Pursuant to the Written Contract, the Defendant
provided the Debtors a "defective allowance" in lieu of
returns of defective products via a quarterly billback in
the amount of .5% of net purchases.  See Written Contract,
at 2.

14.  Pursuant to the Written Contract, the Defendant
was required to remit to the Debtors the following, and the
Debtors were entitled to payment from the Defendant for the
following:

        a.   Quarterly payments as a "defective allowance"
            in the amount of 0.5% of net purchases.  See
            Written Contract, at 2.

        b.   Debits for price protection.  See Written
            Contract, at 2.

        c.   Debits for the return of inventory overstock
            items.  See Written Contract, at 2.

15.  Pursuant to the Written Contract, the Defendant
was required to remit payment to the Debtors for any debit
balance within thirty (30) days of the Debtors' notice to
the Defendant of such debit balance.  See Written Contract,
at 3.

16.  On August 20, 2008, the Debtors sent a letter to
the Defendant terminating the Written Contract (the

"Termination Letter").  A copy of the Termination Letter is attached hereto as <u>Exhibit B</u>.

17.  Notwithstanding the Termination Letter, the Debtors and the Defendant continued their commercial relationship in substantially the same terms of the Written Contract (the "Contract") resulting in and contributing to the Unpaid Obligations.

18.  Prepetition and postpetition through the Liquidation, the Debtors performed these services pursuant to the Written Contract and the Contract and demanded payment.  To date, the Defendant is indebted to the Debtors for the following amounts:

| Avenues in Leather, Inc. | |
|---|---|
| Pre-Petition Receivables | $105,193.32 |
| Post-Petition Receivables | $2,651.17 |
| **TOTAL** | **$107,844.49** |

(collectively, the "Unpaid Obligations").

19.  On June 25, 2009, the Debtors sent a demand letter to the Defendant for the Unpaid Obligations (the "Demand Letter").  A copy of the Demand Letter is attached hereto as <u>Exhibit C</u> and is incorporated herein by reference.

20.  Further, on or within ninety (90) days prior to the Petition Date (the "Preference Period"), the Debtors

made multiple transfers of interest of the Debtors' property to or for the benefit of the Defendant in an amount not less than $520,233.40, as set forth hereto on <u>Exhibit D</u> (collectively, the "Transfers").

## COUNT I

### (BREACH OF CONTRACT)

21.  The Debtors hereby incorporate by reference the allegations set forth in the foregoing paragraphs of this Complaint as if fully restated here.

22.  Pursuant to the Contract, Defendant agreed to pay to the Debtors the Unpaid Obligations.

23.  The Contract is a valid and enforceable contract.

24.  Defendant's failure to compensate the Debtors for the Unpaid Obligations in the amount of $107,844.49 constitutes a material breach of Defendant's obligations under the Contract.

25.  As a direct and proximate result of Defendant's breaches, the Debtors have incurred damages in an amount not less than $107,844.49, plus attorneys' fees, costs, expenses, and interest.

26.  Accordingly, the Debtors are entitled to a judgment against Defendant in an amount not less than the Unpaid Obligations of $107,844.49, plus costs, fees,

expenses, including attorneys' fees, and interest at the
higher of the legal rate or the rate set forth in the
Contract or in any agreements governing the Unpaid
Obligations.

**COUNT II**

**<u>(TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542)</u>**

27.   The Debtors hereby incorporate by reference the
allegations set forth in the foregoing paragraphs of this
Complaint as if fully restated here.

28.   In the alternative to Count I, but without waiving
any allegation contained therein, the Debtors make the
following allegations in support of Count II.

29.   Defendant is in possession, custody, and control
of Unpaid Obligations in an amount not less than
$107,844.49, plus costs, fees, expenses, including
attorneys' fees, and interest at the higher of the legal
rate or the rate set forth in the Contract or in any
agreements governing the Unpaid Obligations.

30.   The Unpaid Obligations constitute valid and
existing debts, due and owing by Defendant to the Debtors.

31.   The Unpaid Obligations are property of the
Debtors' estate under section 541 of the Bankruptcy Code and

constitute debts that are matured, payable on demand, or payable on order.

32.  Accordingly, pursuant to section 542 of the Bankruptcy Code, Defendant should be compelled to immediately turn over and deliver to the Debtors the Unpaid Obligations in an amount not less than $107,844.49, plus costs, fees, expenses, including attorneys' fees, and interest at the higher of the legal rate or the rate set forth in the Contract or in any agreements governing the Unpaid Obligations.

**COUNT III**

**(UNJUST ENRICHMENT/QUASI CONTRACT)**

33.  The Debtors hereby incorporate by reference the allegations set forth in the foregoing paragraphs of this Complaint as if fully restated here.

34.  In the alternative to Counts I and II but without waiving any allegation contained therein, the Debtors make the following allegations in support of Count III.

35.  The Debtors conferred a benefit upon Defendant pursuant to the Contract and described herein.

36.  The Debtors reasonably expected to be compensated by Defendant in an amount not less than $107,844.49 plus costs, expenses, and interest at the higher of the legal

rate or the rate set forth in the Contract or in any agreements governing the Unpaid Obligations.

37.   The Defendant's benefit without just compensation to the Debtors has unjustly enriched the Defendant in an amount not less than $107,844.49 plus costs, fees, expenses, including attorneys' fees, and interest at the higher of the legal rate or the rate set forth in the Contract or in any agreements governing the Unpaid Obligations.

38.   The Debtors have no adequate remedy at law to recover the Unpaid Obligations.

39.   Accordingly, as a result of Defendant's unjust enrichment at the Debtors' expense, the Debtors are entitled to restitution from the Defendant in an amount not less than $107,844.49, plus costs, fees, expenses, including attorneys' fees, and interest at the higher of the legal rate or the rate set forth in the Contract or in any agreements governing the Unpaid Obligations.

**COUNT IV**

**(RECOVERY OF PREFERENTIAL TRANSFERS
PURSUANT TO 11 U.S.C. §§ 547(b) and 550)**

40.   The Debtors hereby incorporate by reference the allegations set forth in the foregoing paragraphs of this Complaint as if fully restated here.

41.   The Transfers were made to or for the benefit of Defendant, a creditor of one or more of the Debtors.

42.   The Transfers were made for or on account of an antecedent debt or debts owed by one or more of the Debtors before such Transfers were made.

43.   The Transfers were made during the Preference Period.

44.   The Transfers were made while the Debtors were insolvent.

45.   The Transfers enabled the Defendant to receive greater value than the Defendant would have received if (i) Debtors' cases were cases under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment on account of the debt paid by the Transfers to the extent provided by the provisions of the Bankruptcy Code.

46.   Each of the Transfers constitutes an avoidable preference pursuant to 11 U.S.C. § 547(b).

47.   Defendant is either the initial transferee of the Transfers, the entity for whose benefit the Transfers were made, or an immediate or mediate transferee of the Transfers.

48.   Debtors are entitled to recover not less than
$520,233.40 pursuant to 11 U.S.C. § 550(a).

### PRAYER FOR RELIEF

WHEREFORE, the Debtors respectfully pray that the
Court:

i.   On Count I, enter judgment against Defendant for
     breach of contract and award the Debtors damages
     in an amount not less than $107,844.49, plus
     costs, fees, expenses, including attorneys' fees,
     and interest at the higher of the legal rate or
     the rate set forth in the Contract or in any
     agreements governing the Unpaid Obligations; or,
     in the alternative,

ii.   On Count II, order Defendant to turn over and
      deliver to the Debtors the Unpaid Obligations in
      an amount in not less than $107,844.49, plus
      costs, fees, expenses, including attorneys' fees,
      and interest at the higher of the legal rate or
      the rate set forth in the Contract or in any
      agreements governing the Unpaid Obligations; or,
      in the alternative,

iii.   On Count III, enter judgment against the Defendant
       for unjust enrichment and award the Debtors

restitution on account of the Defendant's unjust

enrichment in an amount not less than $107,844.49,

plus costs, fees, expenses, including attorneys'

fees, and interest at the higher of the legal rate

or the rate set forth in the Contract or in any

agreements governing the Unpaid Obligations;

iv.     On Count IV, enter an Order pursuant to 11 U.S.C.

§ 550 for avoidance of a preferential transfers

pursuant to 11 U.S.C. § 547(b) in an amount not

less than $520,233.40, plus costs, fees, expenses,

including attorneys' fees, and interest at the

legal rate; and

v.      Grant the Debtors such other and further relief

the Court deems just and appropriate.


Dated: Richmond, Virginia  McGUIREWOODS LLP
       May 10, 2010

                           _/s/ Douglas M. Foley_____
                           Douglas M. Foley (VSB No. 34364)
                           Sarah B. Boehm (VSB No. 45201)
                           One James Center
                           901 E. Cary Street
                           Richmond, Virginia 23219
                           (804) 775-1000

                           Counsel for Debtors and Debtors
                           in Possession

## Exhibit A


## (FILED UNDER SEAL)

**<u>Exhibit B</u>**



Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233

August 20, 2008

VIA FEDERAL EXPRESS

Avenues in Leather, Inc.
750 Hope Road
Tinton Falls, NJ 07724
     Attn: Oti Shor, President

     Re:    Avenues in Leather, Inc. ("Avenues") w. Circuit City Stores, Inc. ("Circuit City")

Dear Mr. Shor:

     Thank you for Avenues' letter dated August 12, 2008. We appreciate your concerns, but our vendor partners are sticking by us. Given the volume of business we conduct, Circuit City has decided to terminate its dealer/reseller arrangement with Avenues effective immediately. I understand that our respective business teams have been and will be in contact regarding any outstanding issues, and we look forward to an amicable separation.

                    Sincerely,

                    Victor Engesser
                    Vice President, Vendor Relations

cc:    Bert Desmond, Vice President - US Sales
       Avenues in Leather, Inc.
       750 Hope Road
       Tinton Falls, NJ 07724

## **Exhibit C**

# Circuit City Stores, Inc.

P.O. Box 5695
Glen Allen, Va 23058-5695

Wednesday, June 24, 2009

AVENUES

Re:   Demand for Payment

Dear Sir or Madam:

As you no doubt know by now, on November 10, 2008 Circuit City Stores, Inc. and certain of its subsidiaries (collectively, "Circuit City") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of Virginia, Richmond Division.  As part of liquidation and wind down of Circuit City under its chapter 11 cases, we have completed a review of amounts unpaid by your company to Circuit City, as evidenced by the attached. Based on this information, the total amount due and outstanding from your company to Circuit City is listed below:

Total Due:     $107,921.78

By this letter, we hereby make demand for payment of the unpaid balance immediately.  If we do not receive payment within the next two weeks it is our intent to refer the matter to our counsel to pursue payment in the Bankruptcy Court in Richmond, Virginia.

Wire Instructions:

Account Name:☐Circuit City Stores, Inc.
ABA/Routing #: ☐051400549
Account #:☐2055275431509
Bank:☐Wachovia Bank
☐10401 Deerwood Park Blvd, Building 1
☐Jacksonville, FL  32256

Sincerely,

Brandi Fose
Circuit City Accounting Department

Brandi_Fose@ccswinddown.com

cc:    ☐☐Daniel W. Ramsey, Esq.

LTRDMD01

**Merchandise Payable Summary**

| Vendor Number | Status | Name | Category | Amount |
|---|---|---|---|---|
| 0000071143 | POST | AVENUES | Prepayments | ($333.83) |

| | | | **Payables Total:** | ($333.83) |

**Accounts Receivable Detail**

| Vendor No | Vendor Name | Receivable Type | Type | Tran Code | Key Rec No | Ref No | Description | Receivable | Status |
|-----------|-------------|-----------------|------|-----------|------------|--------|-------------|-----------|--------|
| 0000070629 | AVENUES | | DF- | BB | 39678 | | NOVEMBER  BB  VEN  070629 | ($0.09) | PRE |
| 0000070629 | AVENUES | | DF- | ADJ | 338687 | 08-08 | AUGUST BB VEN 070629 | $665.99 | PRE |
| 0000070629 | AVENUES | | DF- | ADJ | 338690 | 07-08 | JULY BB VEN 070629 | $5,474.33 | PRE |
| 0000070629 | AVENUES | Chargebacks VF | AA | AA | 340113 | 98965 | 98965CV#70629 | $2,139.00 | PRE |
| 0000070629 | AVENUES | Chargebacks VF | AA | AA | 336540 | 98676 | 98676CV#70629 | $11,896.57 | PRE |
| 0000070629 | AVENUES | Chargebacks VF | AA | AA | 340162 | 99014 | 99014CV#70629 | $25,017.52 | PRE |
| 0000070629 | AVENUES | Chargebacks VF | AA | AA | 303790 | 83897 | 83897-4CV#70629 | $60,000.00 | PRE |
| 0000071143 | AVENUES | | DF- | BB | 40048 | | JANUARY  BB  VEN  071143 | $133.92 | POST |
| 0000071143 | AVENUES | | DF- | BB | 39737 | | NOVEMBER  BB  VEN  071143 | $1,207.00 | POST |
| 0000071143 | AVENUES | | DF- | BB | 39910 | | DECEMBER  BB  VEN  071143 | $1,310.25 | POST |

**Total Receivable:**     $107,844.49

**<u>Exhibit D</u>**

**Avenues Preference Analysis -  Payment detail**
**Exhibit D**

| Vendor Name | Check Clear Date | Check Number | Paid Amount |
|---|---|---|---|
| AVENUES | 8/12/2008 | 1033454 | $  53,594.70 |
| AVENUES | 8/19/2008 | 1033798 | $  34,856.11 |
| AVENUES | 9/8/2008 | 1034527 | $  56,403.15 |
| AVENUES | 9/10/2008 | 1034670 | $  36,632.00 |
| AVENUES | 9/11/2008 | 1034796 | $  14,844.80 |
| AVENUES | 9/16/2008 | 1035085 | $  85,814.40 |
| AVENUES | 9/25/2008 | 1035601 | $  45,441.20 |
| AVENUES | 11/3/2008 | 1037043 | $ 192,647.04 |
| | | **Total Check Amount** | $ 520,233.40 |