**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al.,[1] | Case No. 08-35653-KRH |
| Debtors. | (Jointly Administered) |

**MOTION FOR ORDER REMOVING THE CAP ON FEES IMPOSED BY THIS
COURT'S JANUARY 20, 2009 AGREED ORDER AUTHORIZING THE
EMPLOYMENT OF GOWLING LAFLEUR HENDERSON LLP AS CANADIAN
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby moves this Court (this "Motion") for the entry of an order removing the cap on Gowling Lafleur Henderson LLP's ("Gowlings") compensation and reimbursement. In support of the Motion, the Committee respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City West Coast is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

| | |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073) | Lynn L. Tavenner (VA Bar No. 30083) |
| Robert J. Feinstein (NY Bar No. RF – 2836) | Paula S. Beran (VA Bar No. 34679) |
| Jeffrey N. Pomerantz (CA Bar No. 143717) | Tavenner & Beran, PLC |
| Pachulski Stang Ziehl & Jones LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard, 11th Floor | Richmond, VA 23219 |
| Los Angeles, CA 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy: (804) 783-0178 |
| Telecopy: (310) 201-0760 | |
| | |
| Counsel for the Official | Co-Counsel for the Official |
| Committee of Unsecured Creditors | Committee of Unsecured Creditors |

12304-002\DOCS_LA:218946.3

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On November 10, 2008 (the "Petition Date"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court"). The Debtors continue to operate their businesses and manage their assets as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed the Committee. To date, no trustee or examiner has been appointed in these chapter 11 cases.

4. On December 22, 2008, the Committee filed the *Application for Entry of an Order Authorizing and Approving the Employment of Gowling Lafleur Henderson LLP as Canadian Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to November 18, 2008* (the "Application") [Docket No. 1197]. In the Application, the Committee sought authority to retain Gowlings as its Canadian counsel to advise the Committee with respect to an insolvency proceeding pending in Canada with respect to one of the Debtors' affiliates, InterTAN Canada, Ltd. ("InterTAN Canada"). Specifically, the Debtors informed the Committee that InterTAN Canada was for sale, InterTAN Canada was solvent and that the

Debtors expected the sales process to generate sufficient proceeds to make a substantial equity distribution to the Debtors. As the Committee believed that InterTAN Canada was a very valuable asset of the Debtors' estates, it determined it was necessary and appropriate to retain Gowlings to monitor the insolvency proceeding, sales process and efforts to repatriate proceeds to the Debtors.

5. On January 9, 2009, the Debtors filed an objection to the Committee's retention of Gowlings arguing that it was unnecessary for the Committee to engage Canadian counsel and would be an inappropriate use of the Debtors' resources. [Docket No. 1450]. Negotiations between the Debtors and the Committee over the terms of the Committee's retention of Gowlings ensued, the result of which was an agreed order, entered on January 20, 2009 (the "Agreed Order") [Docket No. 1667], granting the Application. The Agreed Order provided that Gowlings compensation and reimbursement of expenses was capped at $150,000 (the "Cap Amount"), subject to the Committee's right to seek additional Court authorization for expenditures above the Cap Amount in the future.

6. During the period November 18, 2008 – October 31, 2009, Gowlings proceeded to render valuable advice to the Committee regarding the disposition of InterTAN Canada. Pursuant to the Court's *Order Allowing Interim Compensation and Expense Reimbursement of Gowling Lafleur Henderson LLP* [Docket No. 6375], the Court approved payment to Gowlings of $104,456.00 in fees and $749.65 in expenses (the "Interim Award"). As of the date of this Motion, Gowlings has not received payment for the Interim Award.

7. The sale of InterTAN Canada closed on or about July 1, 2009. As expected, the sale generated substantial net proceeds over and above known direct claims against

InterTAN Canada which the Debtors and the Committee anticipated being available for creditors of the Debtors. The Committee was informed that the ultimate repatriation of monies to the Debtors in the form of an equity distribution was subject to reconciliation of creditor claims against InterTAN Canada, including resolution of what the Committee was informed was a minor French tax issue and resolution of a post closing working capital dispute with the buyer. There was no indication of any Canadian tax issues at the time.

8. The Court approved the *Disclosure Statement with Respect to First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (the "Disclosure Statement") [Docket No. 5090] on September 24, 2009. A hearing to consider confirmation of the *First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims* (the "Plan") was scheduled for November 23, 2009.

9. In or about late October of 2009, the Debtors informed the Committee for the first time that proceeding to confirmation of the Plan in November 2009 as scheduled could adversely affect the repatriation of the equity proceeds from InterTAN Canada. Specifically, the Debtors informed the Committee that confirmation of the Plan could have negative Canadian tax consequences which could significantly reduce the equity proceeds which would otherwise be available for creditors of the Debtors. As a result, the Debtors and the Committee decided to delay the hearing on confirmation of the Plan to attempt to address the Canadian tax issues in the most tax efficient manner.

10. The unexpected news regarding InterTAN Canada tax issues required an indefinite postponement of the confirmation hearing in order to avoid any material diminution of the largest remaining asset of the Debtors' estates. Accordingly, the Committee immediately requested that Gowlings, including Canadian tax experts, become actively involved with the Debtors, InterTAN Canada and their respective professionals to recommend a course of action to address the impediments to proceeding to confirmation and repatriating the equity proceeds in a tax efficient manner.

11. From November 2009 through the present, Gowlings has worked closely with the Debtors, InterTAN Canada and the Canadian monitor and their respective professionals in developing a strategy to deal with InterTAN Canada and provided invaluable independent advice to the Committee. With Gowlings' assistance and direct involvement with the Canadian Revenue Agency (the "CRA"), the parties have now made substantial progress and obtained favorable preliminary rulings from the CRA regarding certain proposed restructuring activities that would address the Canadian tax issues. But for an issue that recently arose regarding InterTAN's French tax liability, the Committee is confident that the parties would have been able to proceed to confirmation at the hearing scheduled for May 11, 2010, but now a further adjournment has been necessitated by the French tax issue.

12. In the middle of April 2010, Gowlings informed the Committee that it had exceeded the Cap Amount and would be seeking compensation and reimbursement of expenses in the amount of $296,458.05 for the period November 1, 2009 through March 31, 2010 (the "Gowlings Additional Billings"). In addition, Gowlings continues to render services to the

Committee with respect to the Canadian tax issues upon which it has been advising the Committee during the last several months.

13. Gowlings apologized to the Committee for the delay in apprising the Committee that it had exceeded the Cap Amount so that it could timely request Court authorization to exceed the Cap Amount. The Committee has forwarded copies of the Gowlings Additional Billings to the Debtors and requested that they agree to eliminate the Cap Amount.

## RELIEF REQUESTED

14. By this Motion, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit A, removing the Cap Amount imposed in the Agreed Order on account of post-petition fees and expenses incurred by Gowlings in connection with its representation of the Committee. The Committee is not seeking Court approval of the Gowlings Additional Billings. Interim approval of such amounts will be the subject of a properly noticed application for interim compensation to be filed by Gowlings in the future and all parties will be able to assert any objections thereto as appropriate under the Bankruptcy Code. The Committee is only seeking authority to eliminate the existence of the Cap Amount as a basis for objecting to the Gowling Additional Billings or any fees and expenses incurred from and after April 1, 2010.

## BASIS FOR RELIEF

15. The Court should grant the motion because changed circumstances necessitated an increase in the scope of services the Committee has requested that Gowlings render in connection with resolution of important Canadian tax issues that affect timing of confirmation of the Plan and the amount of equity proceeds to be repatriated to the Debtors. By

this Motion, neither the Committee or Gowlings are seeking approval of Gowlings' fees which approval will be sought pursuant to the interim compensation procedures approved by the Court. Should any party desire to object to the allowance and payment of fees and expenses to Gowlings they will reserve their right to do so, provided that such objection may not be based upon the fact that the requested compensation exceeds the Cap Amount.

16. As discussed above, the Committee initially retained Gowlings in order to, among other things, monitor the Canadian insolvency proceedings of InterTAN Canada. In light of the Debtors' objection and the limited nature of the engagement at that time, the Committee and Gowlings agreed to limit Gowlings fees and expenses to the Cap Amount.

17. In late October 2009, the Debtors first informed the Committee of significant tax issues that had the potential of not only derailing plan confirmation for a lengthy period but also which could materially affect the amount of money repatriated to the Debtors' estates. By that time the Debtors' cases were in liquidation mode and the nature, extent and it was clear that the amount of the Canadian equity proceeds would significantly affect the distribution to be made to general unsecured creditors. In fact, after the liquidation of the Debtors' inventory, its equity interest in InterTAN Canada was the largest unliquidated asset of the Debtors' estates.

18. Accordingly, the Committee requested that Gowlings investigate the nature and extent of the Canadian tax concerns and work with the Debtors' various professionals to develop a solution allowing for plan confirmation to proceed and the equity proceeds to be distributed to the Debtors in a tax efficient manner. Accordingly, over the last six months, Gowlings has advised and represented the Committee on a variety of tax matters relating to

InterTAN Canada, including the tax structuring issues that arose regarding repatriation of the equity proceeds to the Debtors' estates in the most tax advantageous manner.

19. Gowlings recognizes that it should have promptly informed the Committee when it exceeded the Cap Amount so that the Committee could seek further Court authorization for amounts in excess of the Cap Amount. Nevertheless, Gowlings has provided valuable services to the Committee that has materially enhanced the Debtors' and Committee's ability to move forward with confirmation of the Plan. Such services are ongoing and will hopefully result in confirmation of the Plan in the near future.

20. The Cap Amount was an arbitrary amount agreed to by the Committee to resolve the Debtors' objection at the time when it was anticipated that Gowlings' work would be limited to monitoring the InterTAN Canada sale process and Canadian insolvency proceedings. The scope of Gowlings' services to the Committee expanded significantly due to unforeseen circumstances regarding the complex Canadian tax issues. Unless the Cap Amount is eliminated, the Committee will be hampered in its ability to adequately evaluate issues which are critical to the plan confirmation process and the value of the Debtors' equity interest in InterTAN Canada.

## **NOTICE**

21. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) counsel to the Debtors; (ii) the Office of the United States Trustee for this District; (iii) counsel to the Debtors' prepetition lenders; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Committee requests that the Court enter the order annexed hereto as Exhibit A, (i) removing the Cap Amount imposed by the Agreed Order; and (ii) granting such other and further relief as deemed just and proper.

Dated: May 12, 2010

TAVENNER & BERAN, P.L.C.

*/s/ Lynn L. Tavenner*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178
Email: ltavenner@tb-lawfirm.com
pberan@tb-lawfirm.com

-and-

Richard M. Pachulski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF-2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310-277-6910
Facsimile: 310-201-0760
E-mail:rfeinstein@pszjlaw.com
jpomerantz@pszjlaw.com

*Counsel for Official Committee of
Unsecured Creditors Holding Unsecured Claims*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2010 a true copy of the foregoing Motion For Order Removing The Cap On Fees Imposed By This Court's January 20, 2009 Agreed Order Authorizing The Employment Of Gowling Lafleur Henderson LLP As Canadian Counsel To The Official Committee Of Unsecured Creditors was served via electronic mail to all parties receiving service through the Court's ECF system.

*/s/ Lynn L. Tavenner*
Co-Counsel

# **EXHIBIT A**

**(Proposed Order)**

12304-002\DOCS_LA:218946.3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| CIRCUIT CITY STORES, INC., et al.,[1] | : Case No. 08-35653-KRH |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : |

**ORDER REMOVING THE CAP ON FEES IMPOSED BY THIS COURT'S
JANUARY 16, 2009 AGREED ORDER AUTHORIZING THE EMPLOYMENT
OF GOWLING LAFLEUR HENDERSON LLP AS CANADIAN COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

This matter came before the Court on the *Motion for Order Removing the Cap on Fees Imposed by this Court's January 16, 2009 Agreed Order Authorizing the Employment of Gowling Lafleur Henderson LLP as Canadian Counsel to the Official Committee of Unsecured Creditors* (the "Motion");[2] and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City West Coast is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

[2] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Motion.

| | |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073) | Lynn L. Tavenner (VA Bar No. 30083) |
| Robert J. Feinstein (NY Bar No. RF – 2836) | Paula S. Beran (VA Bar No. 34679) |
| Jeffrey N. Pomerantz (CA Bar No. 143717) | Tavenner & Beran, PLC |
| Pachulski Stang Ziehl & Jones LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard, 11th Floor | Richmond, VA  23219 |
| Los Angeles, CA  90067-4100 | Telephone:  (804) 783-8300 |
| Telephone:  (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |
| | |
| Counsel for the Official | Co-Counsel for the Official |
| Committee of Unsecured Creditors | Committee of Unsecured Creditors |

12304-002\DOCS_LA:218946.3

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and it appearing to the Court that the said Motion should be approved, it is, therefore, ORDERED:

1. That the Motion is granted.

2. Gowlings shall be compensated for such services and reimbursed for any related expenses as provided in the Application, and in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any additional procedures that may be established by this Court.

3. Upon entry a copy of this Order will be served on all parties receiving ECF notices in these cases. Thereafter, the Committee shall serve a copy of the Order on all remaining requisite parties as provided in the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures.

4. Gowlings and the Committee are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

Dated: _____            _____
    Richmond, Virginia                                       The Honorable Kevin R. Huennekens
                                                                       United States Bankruptcy Judge

**WE ASK FOR THIS:**

---
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: 804-783-8300
Facsimile: 804-783-0178

-and-

Richard M. Pachulski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF-2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd. 11th Floor
Los Angeles, California 90067-4100
Telephone: 310-227-6910
Facsimile: 310-201-0760
E-mail: rfeinstein@pszjlaw.com
        jpomerantz@pszjlaw.com

Counsel for Official Committee of Unsecured
Creditors Holding Unsecured Claims

**SEEN AND NO OBJECTION:**

---
Robert B. Van Arsdale (VSB# 17483)
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
(804) 771-2310
(804) 771-2330 (Facsimile)

## **CERTIFICATION**

      I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

---

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Tavenner & Beran, PLC
1015 East Main Street, First Floor
Richmond, Virginia  23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178