Andrea Sheehan, Esq.
LAW OFFICES OF ROBERT E. LUNA, P.C.
4411 N. Central Expressway
Dallas, Texas 75205
(214) 521-8000
(214) 521-1738 FAX
sheehan@txschoollaw.com

A. Carter Magee, Jr., Esq.
W. Joel Charboneau, Esq.
Magee, Foster, Goldstein & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003
(540) 343-9800
(540) 343-9898 FAX
cmagee@mfgs.com
jcharboneau@mfgs.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | **Chapter 11** |
| | § | |
| **CIRCUIT CITY STORES, INC., et al.** | § | **CASE NO. 08-35653-KRH-11** |
| | § | |
| **Debtors.** | § | **Jointly Administered** |

LEWISVILLE INDEPENDENT SCHOOL DISTRICT'S RESPONSE IN OPPOSITION TO DEBTORS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (REDUCTION OF CERTAIN PERSONAL PROPERTY TAX CLAIMS) AND MEMORANDUM OF LAW IN SUPPORT

TO THE HONORABLE BANKRUPTCY JUDGE:

NOW COMES Lewisville Independent School District (hereinafter referred to as "LISD"), and files their Response in Opposition to Debtors' Motion for Partial Summary Judgment on the Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Personal Property Tax Claims) and Memorandum of Law in Support and, in support thereof, would show the Court the following:

## STATEMENT OF FACTS AND SUMMARY OF ARGUMENTS

On or about June 19, 2009, LISD filed a proof of claim in this Chapter 11 case for business personal property taxes for the 2009 tax year in the estimated amount of $24,851.29 for property located at 715 Hebron Pky., Lewisville, Texas. In accordance with 11 U.S.C. § 503(b)(1)(B) the claim asserts administrative priority. In addition, Texas Tax Code § 32.01 and § 32.05 provide that the claim is secured by a first priority, in solido, statutory tax lien. Since the filing of the claim, the 2009 taxes have been finally assessed in the amount of $23,574.58.

Section 505(a) of the Bankruptcy Code provides that the bankruptcy court "*may* determine the amount or legality of any tax . . . whether or not previously assessed." 11 U.S.C. § 505(a) (emphasis added). Invoking this statute, the Chapter 11 Debtors seeks a redetermination of ad valorem taxes on its property, alleging that they were based on erroneously high assessments of its value. LISD has moved the Court to abstain under 28 U.S.C. § 1334(c)(1), which permits abstention "in the interest of justice, or in the interest of comity with State courts or respect for State law", and under 11 U.S.C. § 505(a) which provides that the Court's jurisdiction to redetermine taxes under § 505(a) is discretionary. In general, LISD contends that the Court should not review the taxes due to concerns regarding the uniformity of taxation and also because, while the burden on LISD would be great, it is unclear whether granting such relief would result in anything more than a de minimus benefit to the estate.

## ARGUMENT

### I. Abstention Under 28 U.S.C. § 1334(c)(1)

28 U.S.C. § 1334 establishes the subject matter jurisdiction of the district courts that bankruptcy judges exercise by referral pursuant to 28 U.S.C. § 157(a). Subsection (a) of § 1334

grants original and exclusive jurisdiction over bankruptcy cases, and subsection (b) grants original but nonexclusive jurisdiction over civil proceedings arising under the Bankruptcy Code or arising in or relating to a bankruptcy case. Subsection (c) authorizes abstention, either permissive under (c)(1) or mandatory under (c)(2).

Section 1334(c)(1) provides:

> "Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

"'[F]ederal courts should be sparing in the exercise of discretionary abstention,' *Metromedia Fiber Network, Inc. v. Various State & Local Taxing Auths.* (*In re Metromedia Fiber Network, Inc.*), 299 B.R. 251, 280 (Bankr.S.D.N.Y.2003) (quoting *Texaco Inc. v. Sanders* (*In re Texaco Inc.*), 182 B.R. 937, 946 (Bankr.S.D.N.Y.1995)); however, in the appropriate case they should abstain." *In re Portrait Corporation of America*, 406 B.R. 637, 641 (S.D.N.Y. 2009). LISD asserts that, for the reasons discussed below, this is an appropriate case for abstention.

## II. Abstention Under 11 U.S.C. § 505(a)

Section 505(a) permits a bankruptcy court to determine the amount of a tax, but does not require the bankruptcy court to do so. Section 505(a) of the Bankruptcy Code provides, in relevant part:

> [T]he court *may* determine the amount or legality of any tax... whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

(emphasis added).

LISD and Debtors agree, that in determining whether to exercise the Court's authority under section 505(a) to conduct a tax determination, the Court should consider six basic factors. *See In re*

*ANC Rental Corp.*, 316 B.R. 153, 159 (Bankr. D. Del. 2004); *In re Beisel*, 195 B.R. 378, 380 (Bankr. S.D. Ohio, 1996). Those factors are:

(1) the complexity of the issues to be decided;

(2) the need to administer the bankruptcy case in an orderly and efficient manner;

(3) the burden on the court's docket;

(4) the length of time which would be required for trial and decision;

(5) the asset and liability structure of the debtor; and

(6) any prejudice to the debtor and potential prejudice to the taxing authorities.

*Id.* However, LISD disputes Debtors' arguments that these factors way in against abstention. Rather, on balance, LISD asserts that the factors weigh heavily in *favor* of abstention.

**Factor 1: The complexity of the issues to be decided**

The Debtors only superficially address the issue of complexity, with nothing more than a generalized assertion that the underlying tax issue is not complicated. Without explanation, the Debtors oversimplify the complexity of determining taxable values for property located at individual store locations throughout numerous counties in numerous states. The tax determination in this case would require valuing the assets of a major retailer with numerous locations in multiple states. That is not a simple undertaking. Such determinations would need to be made in accordance with each individual's state law. *See e.g. Metromedia*, at 282-283 (rejecting "streamlined" unified approach to determining fair market value in multiple taxing jurisdictions"). Determining the precise value, based on the law of each state, of such a major retailer would require consideration of a number of complex issues and of each state's law. This would require this Court to undertake a fact intensive review of the value of the property and the amount of the taxes in question. Courts have abstained from hearing Section 505 requests where the tax issue is fact intensive. *See, e.g., In re Beisel*, 195

B.R. 378, 380 (Bankr. S.D. Ohio, 1996) (abstaining where issue was fact intensive, required Court to apply detailed regulations and interpret rulings, and where no need for a determination of the tax for estate administration purposes). In LISD's case, this will require a determination of taxable values under the standards prescribed by the Texas Tax Code, determined as of January 1, 2009. This is not an easy task.

The issue is not whether this Court is capable of determining the complex tax issues, which it surely is, but rather an issue of whether the complexity of the issue favors abstention. LISD asserts that the complexity and local nature of tax assessments weighs in favor of abstention.

**Factor 2: The need to administer the bankruptcy case in an orderly and efficient manner**

Debtors argue that a tax determination conducted by the Court is necessary to administer the Debtors' case in an orderly and efficient manner, contending that it would bring certainty to the amount of property taxes payable. However, Debtors have also asserted that the standards used to determine values were in accordance with each state's valuation standard (Debtors' Objection at 6). Debtors have not demonstrated that a tax determination by the Court would provide a more orderly, efficient or prompt resolution. The basis for Debtors' assertion that "there are common issues and there may be common evidence applicable to multiple claims" is unclear and unexplained. Each property will need to be considered on an individual basis. While there may be overlap where multiple taxing entities assessed taxes on the same property, at the state level, appraised values for all taxing entities on a specific property are determined by one appraisal district, that of the county in which the property is located.

Further, Debtors statements that they have liquidated and that their only remaining activities are in this Court also does not speak to efficiency or expediency. This is more of an issues of burden and prejudice which LISD addresses more fully below regarding Factor 6.

Finally, while efficiency and expediency is a matter for consideration, Debtors have failed to explain how a prompt resolution is necessary for the efficient proceeding of their bankruptcy case. The 37th Omnibus Objection has been pending for approximately 8 months. As discussed in LISD's response to the 37th Omnibus Objection, the Debtors pursued and received a ruling from the Appraisal Review Board at the local level also approximately 8 months ago. Yet Debtors are only now addressing the threshold issue of abstention. Debtors have received approval of their Disclosure Statement and, while not yet confirmed, have presented a Plan for confirmation.

The state law process had been proceeding at the time of the filing of the Objection and could have been proceeding over the last several months if Debtors had pursued it. Any delay is arguably the result of Debtors own actions. LISD asserts that the efficiency and expediency factor weighs in favor of abstention.

**Factors 3 and 4: The burden on the court's docket, and the length of time which would be required for trial and decision**

A trial on this matter would be fact intensive. The Court would need to hear evidence not only as to the Debtors' assets, but on the proper method of valuing these assets. Trial could require expert testimony by both sides as to the valuation. While Debtor's argue, and LISD agrees, that this Court is very familiar with Debtors and their cases, with all due respect to the Court, it is unlikely that the Court is (or should be) familiar with the details of property located on January 1, 2009 at one store in Lewisville, Texas, which is the matter the Debtors propose to litigate in this Court. The length of time that would be required for trial and decision could increase the burden on this Court's docket, for what is of de minimus value to the estate. Even if completely successful on its Objection, the net benefit to the estate as to LISD's claim is less than $10,000. This is not an efficient use of the Court's valuable time in this large, complex case. This factor weighs in favor of abstention.

**Factor 5: The asset and liability structure of the debtor**

The Debtors assert that, because they have liquidated substantially all of their assets, and their primary asset is cash, their asset and liability structure is straightforward. While the assets may now be in the form of cash, the valuation issue relates to the assets that were taxed. In other words, the Objection relates to assets as they existed at the relevant time for tax assessment purposes, which in the case of LISD, was January 1, 2009. A review and determination of store assets as they existed sixteen months ago is not so simple and straightforward. This factor weighs in favor of abstention.

**Factor 6: Prejudice to the debtor and potential prejudice to the taxing authorities**

The prejudice to Debtors should the Court abstain is minimal in comparison to the great burden on LISD should the Court not abstain. Debtor's assertion that it is only a "minor inconvenience" to the taxing authorities to defend proofs of claims in this Court is wholly incorrect.[1] LISD is a local school district in a suburb of the Dallas/Fort Worth metroplex. It is, by its very nature, a local entity. Furthermore, under state law, LISD is not the entity who determines appraised values for taxation purposes. That lies with the local appraisal district. Therefore, Debtors are essentially requesting that this Court require a local Texas school district to expend its resources to travel to another state to litigate values that LISD itself did not even determine, all for a net tax difference of less than $10,000. For Debtors to then label this a "minor inconvenience" is clearly an understatement.[2]

---

1 Also incorrect is Debtors assertion that these claims were "voluntary". Debtors themselves sought and received an administrative bar date that *required* LISD to file an administrative claim or be forever barred. The Debtors did so despite the fact that Section 503(b)(1)(D) states that a governmental unit shall not be required to file a request for payment of an administrative tax claim. Therefore, Debtors cannot now claim that these claims were filed voluntarily.

2 LISD would also note that another matter of prejudice to the District is the fact that, while this Objection has been pending, Debtors have failed to pay any portion of the taxes due, including the undisputed portion. Under state law, a taxpayer is required to pay the undisputed portion of the tax prior to delinquency or forfeits its right to appeal. *See*, Tex. Tax Code § 42.08(b)(1). Debtors 2009 post-petition taxes are now wholly unpaid, delinquent, and incurring

On the other hand, while now liquidated, Debtors were a national corporation with locations throughout the country. Further, Debtors retained and, to the best of LISD's knowledge, still retain Ernst & Young, a company with a national presence who has already pursued a protest on behalf of Debtors with the Denton Central Appraisal District in Denton County, Texas, the County in which LISD is located. Debtors had an opportunity to protest values in a nonbankruptcy forum and did so. It is LISD's understanding that Debtors have already pursued a protest of the valuation at the state level that successfully resulted in a subsequent change in the preliminary appraised value of the business personal property from $1,800,818.00 to $1,673,492.00. To afford Debtors an additional opportunity to reduce the appraised value of their property in this instance would at best have a de minimus effect. LISD, however, would be required to expend further resources to litigate values which are determined at the local level by the appraisal district. Balancing these factors, the unfair prejudice which would result to LISD, should the Court choose not to abstain, far exceeds that of any benefit to Debtors.

Also, Debtors have not alleged, nor established, that the Texas courts have acted or can be expected to act "in a manner which is arbitrary and capricious, discriminatory, or violative of state or local statutes or rules." *In re Metromedia Fiber Network Metromedia*, 299 B.R. 251, 283 (Bankr. S.D.N.Y. 2003). Debtors make reference to a potential for inconsistent rulings, but this is without merit. As taxable values must be determined on an individual property basis, the Debtors could not receive inconsistent rulings as to the same property at the state level. Using LISD as an example, the Debtors can only get one ruling in a state court as to the property located at the store location in Lewisville, Texas. There is no risk of inconsistency as to that property. The fact that Debtors may

---

penalties and interest, thereby prejudicing LISD and increasing the total claim against Debtors' estate.

receive a different outcome in a different location speaks to unique nature of local property values, not inconsistency.

Overall, the burden of requiring a local Texas school district to travel to another state to litigate values determined by another local entity not before the Court is highly prejudicial and burdensome to LISD. The burden and prejudice to Debtors, if any, is minor in comparison. This factor weighs heavily in favor of abstention.

**Additional Factor: Uniformity of Taxation**

In addition to the six factors regarding abstention discussed above, in the context of Section 505, abstention is often used where uniformity of assessment is an issue. *See, e.g., Metromedia*, 299 B.R. at 281-283. The dispute here involves the value of the Debtors' property in Lewisville, Texas. Debtors are taxpayers like any other in LISD, and have the same state law remedies available to other taxpayers in LISD. Resolution of this dispute outside the state law process could affect the uniformity of assessment of property taxes imposed on other taxpayers who own property within LISD. The importance of the issue of uniformity of taxation in Texas is demonstrated by the fact that the first section of the Article of the Texas Constitution on Taxation and Revenue states, "Taxation shall be equal and uniform." TEX. CONST. Art VIII § 1(a). Uniformity of taxation is a compelling reason to abstain.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Lewisville Independent School District respectfully requests that the Court deny Debtors' Motion for Partial Summary Judgment and use its discretion to abstain from determining the 2009 taxes on the Property. LISD prays for such other relief to which it may show itself justly entitled.

Respectfully submitted,
/s/ W. Joel Charboneau

W. Joel Charboneau, Esq. (VSB#68025)
Magee, Foster, Goldstein & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003
Phone: 540-343-9800
Fax: 540-343-9898

/s/ Andrea Sheehan
Andrea Sheehan
Texas State Bar No. 24002935
Law Offices of Robert E. Luna, P.C.
4411 North Central Expressway
Dallas, TX 75205
(214) 521-8000
(214) 521-1738 Facsimile
sheehan@txschoollaw.com
ATTORNEY FOR CREDITOR LEWISVILLE
INDEPENDENT SCHOOL DISTRICT

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2010, I electronically filed the foregoing with the United States Bankruptcy Court for the Eastern District of Virginia which caused electronic notification of filing to be served on all registered users of the CM/ECF System that have filed notices of appearance in this case, including the entities listed below.

/s/ W. Joel Charboneau

Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
10th and King Streets, 7th Floor
Wilmington, DE 19801
(Attn: Gregg M. Galardi and Ian S. Fredericks)

Skadden, Arps, Slate, Meagher & Flom LLP
155 North Wacker Drive
Chicago, IL 60606
(Attn: Chris L. Dickerson, Esq.)

McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
(Attn: Douglas M. Foley)

Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067
(Attn: Jeffrey N. Pomerantz and Stanley E. Goldich)

Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 36th Floor
New York, NY 10017
(Attn: Robert J. Feinstein)

Tavenner & Beran, PLC
20 N. Eighth Street, Second Floor
Richmond, VA 23219
(Attn: Lynn L. Tavenner and Paula S. Beran)

United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
(Attn: Robert B. Van Arsdale)

U:\A CLIENTS\Lewisville Independent School District et al. 7868\03-response to 37th objection\Circuit City rsp partial msj.doc