| | |
|---|---|
| Elizabeth Banda Calvo (TSB #24012238) | A. Carter Magee, Jr., Esq. (VSB #20284) |
| Owen M. Sonik (TSB #18847250) | W. Joel Charboneau, Esq. (VSB #68025) |
| Post Office Box 13430 | Magee, Foster, Goldstein & Sayers, P.C. |
| Arlington, Texas 76094-0430 | Post Office Box 404 |
| (817) 461-3344 | Roanoke, Virginia 24003-0404 |
| (817) 860-6509 FAX | (540) 343-9800 |
| ebcalvo@pbfcm.com | (540) 343-9898 FAX |
| yhumphrey@pbfcm.com | cmagee@mfgs.com |
| | jcharboneau@mfgs.com |

ATTORNEYS FOR ALIEF ISD, ET AL.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| IN RE: | | Chapter 11 |
| | § | |
| CIRCUIT CITY STORES, INC., et al. | | Case No. 08-35653-KRH |
| | § | |
| | § | |
| Debtors. | | Jointly Administered |

**RESPONSE TO DEBTORS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE
THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (REDUCTION OF CERTAIN
<u>PERSONAL PROPERTY TAX CLAIMS)</u>**

To the Honorable Kevin R. Huennekens
United States Bankruptcy Judge:

Alief ISD (Claim No. 13666), Arlington ISD (Claim No. 6535), Brazoria County MUD #6 (Claim No. 13683), Brazoria County Tax Office (Claim No. 13679), Carroll ISD (Claim No. 6536), City of Hurst (Claim No. 6534), City of Lake Worth (Claim No. 6530), Clear Creek ISD (Claim No. 13671), Fort Bend ISD (Claim No. 13680), Fort Bend LID # 2 (Claim No. 13670), Fort Worth ISD (Claim No. 6532), Galena Park ISD (Claim No. 13681), Hidalgo County (Claim No. 7259), Humble ISD (Claim No. 13682), Lubbock CAD (Claim No. 4647), Midland County Tax Office (Claim No. 4167), Potter County Tax Office (Claim No. 4218), Woodlands Metro Center MUD (Claim No. 13677), Woodlands RUD # 1

1

(Claim No. 13678), Tyler ISD (Claim No. 5328), and Wichita County (Claim No. 10833) ("Alief ISD, et al."), secured creditors, file this Response to the Debtors' Motion for Partial Summary Judgment on the Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Property Tax Claims) (the "Motion").

By the Motion, the Debtors seek to have this Court not abstain from hearing, considering, and determining the Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Property Tax Claims) (the "Objection"). Generally, Alief ISD, et al. believe that issues regarding the valuation of their respective business personal property accounts should be adjudicated in the state courts of Texas. Alief ISD, et al. further assert that the relief requested in the Motion is not proper and should not be the subject of motion practice. Alief ISD, et al. disagree that the property valuations the Debtors complain of are erroneous or that expedited resolution of the Motion is necessary. The issues raised in the Motion are too significant to the Alief ISD, et al. to be rushed through without complete discovery and adequate preparation, which cannot reasonably be accomplished in the time proposed by the Debtors.

Alief ISD, et al. respectfully request that this Court abstain under 28 U.S.C. § 1334(c)(1) from determining the value of the business personal property encumbered by their secured tax liens, as requested by the Debtor under section 505 of the Bankruptcy Code. The value of the Debtors' property in Texas is governed by Texas law, since there is a compelling local interest in uniformity of assessment in fairly allocating the local tax burden. In further support of this Response, Alief ISD, et al. respectfully show as follows:

## BACKGROUND

1. Alief ISD, et al. are political subdivisions of the State of Texas and, as such, are required by the constitution of the State of Texas to levy and assess ad valorem taxes on all real and business personal property located within their respective taxing jurisdictions as of January 1 of each tax year. Pursuant to Texas law, a lien automatically attached to Debtors' business personal property located within Arlington ISD, et. al.'s taxing jurisdictions on January 1, 2009 to secure payment of all taxes, penalties, and interest ultimately imposed on the Debtors' property. *In re Winn's Stores, Inc.*, 177 B.R. 253 (Bankr.

2

W.D. Tex. 1995); *Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W.2d 841 (Tex. App.-Eastland 1995). Texas Tax Code Section 32.01 provides in relevant part:

> (a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property . . .

Section 32.01(d) of the Texas Property Tax Code, further, states that the tax liens were perfected on attachment and required no further action on the part of the taxing authorities.

2. Alief ISD, et al. hold claims for the 2009 ad valorem taxes against business personal property of the Debtors. These claims are secured by prior perfected continuing enforceable tax liens upon the property of the Debtor, as provided by Sections 32.01 and 32.05(b) of the Texas Property Tax Code. Since these taxes were incurred "post-petition" on January 1, 2009, they are administrative expenses of the Estate pursuant to 11 U.S.C. Section 503(b)(1)(B). 11 U.S.C. Section 503(b)(1)(D) goes on to state that governmental units (such as Alief ISD, et al.) are not required to file requests for the payment of administrative claims or as a condition of such administrative expense being allowed.

3. Alief ISD, et al. timely filed administrative claims for their respective 2009 ad valorem taxes. These claims were filed before the Administrative Claim Bar Deadline in estimated amounts for taxes incurred on January 1, 2009 using the value information available at that time in conjunction with the tax rates available to each taxing authority at that time, i.e. the 2008 tax rates, in order to come up with estimated amounts for the 2009 taxes. Each administrative claim, as filed, is incorporated herein for reference.

### DISCRETIONARY ABSTENTION IS PROPER

4. Alief ISD, et al. denies that section 505(a) of the Bankruptcy Code provides a basis for the relief requested in the Objection. The debtors suggest that the tax issues raised in the Objection are not complex.

Alief ISD, et al. assert that the tax issues involved are, indeed, complex issues that should be resolved at the state levels as discussed in *Arkansas Corporation Commissioner v. Thompson*, 313 U.S. 132, 145 (1941) where the Supreme Court held that:

> [T]here is nothing in the history of bankruptcy or reorganization legislation
> To support the theory that Congress intended to set the federal courts up as
> super-assessment tribunals over state taxing agencies…And the policy of
> revising and redetermining state tax valuations…would be a complete
> reversal of our historic national policy of federal non-interference with the
> taxing power of states.

And, *In Re New Haven Projects Ltd Liability Co.,* and the legislative history to Section 505, abstention is appropriate "where uniformity of assessment is of significant importance" *In re New Haven Projects Ltd. Liability Co., 225 F.3d at 288; see also 11 U.S.C.A § 505, Historical and Statutory Notes at 723 (1993); In re Metromedia Fiber Network, Inc.*, 299 B.R. 251 (Bankr. S.D.N.Y. 2003).

5. The Alief ISD, et al. ask this Court to exercise its discretion under 28 U.S.C. Section 1334(c)(1) and 11 U.S.C. Section 505(a)(1) to abstain from hearing the Debtors' request for relief. Both of these sections grant the authority to abstain from hearing a Section 505 proceeding.

6. In the instant case, the Debtors have lodged objections to nearly one hundred property tax claims of local taxing authorities from numerous states across the United States. Stating that the tax issues involved are not complex is, at the very least, an understatement. Further, the Debtor's assertion that the most efficient and expeditious means to administer the estates would be to resolve the tax claims through the Objection is also misplaced. Because you have numerous jurisdictions involved from across the nation, there will not be "common issues" nor will there likely be "common evidence" applicable to multiple claims.

7.  In the chapter 11 case of *In re Metromedia Fiber Network, Inc.*, 299 B.R. 251 (S.D.N.Y. 2003)[1], the Court, in deciding to exercise discretionary abstention, reasoned that:

> Local property taxation is inherently and quintessentially local in the sense that a fair allocation of the cost of government amongst the universe of local taxpayers is and must be a product of local political, legislative, executive and administrative decision making. The fundamental objective of taxation at the state and local level must be to apportion the tax burden equitably in accordance with the local political decision-making process. Where some form or definition of market value is the touchstone for assessment, fair allocation among the tax base may depend more on the application to all affected Taxpayers of uniform standards for assessing value than on an economist's ideal calculation of fair market value. An ideal calculation of fair market value (assuming such were possible) of taxable property comprising a multi-state communications system by a panel of experts (or a federal judge) may result in a valuation for assessment purposes which is highly discriminatory in favor of (or, conceivably, against) the multi-state taxpayer simply because the methodology to which all other similarly situated taxpayers are subjected in the various tax jurisdictions.  Stated differently, in fairly apportioning the cost of government through property taxation, depending on the system adopted by the taxing state or local jurisdiction, it may not matter whether property is assessed at 80%, or 100%, or 120% of the current fair market value, so long as the same methodology is used to assess all similar property within the taxing jurisdiction. *Id.* at 282.

8.  The Metromedia Court went on to eschew a ""streamlined" unified approach" on the grounds that "using a single methodology or combination of methodologies…may produce results which are highly anomalous and discriminatory vis-à-vis other similarly situated taxpayers in the various taxing jurisdictions." *Id.* at 283.

9.  The Debtors assert that resolving the property tax claims through the Objection would not place undue burden on this Court's docket and that "net gains in judicial economy…outweigh the incremental additional burden that would be placed on the Court's docket."  Were it not for the fact that the Debtors have, in most cases, already exercised their state law remedies as to the 2009 tax assessments, this statement would carry more weight.  Upon information and belief, pursuant to the information available to the Claimants at this time, the Debtors have previously filed, and in many instances settled, valuation protests regarding their 2009 values within many of Alief ISD, et al.'s jurisdictions with the appropriate appraisal districts pursuant to administrative remedies available to taxpayers per Texas state

---

[1] Adversary proceeding under 11 U.S.C. § 505 in *Metromedia Fiber Network, Inc. v. Various State and Local Taxing Authorities,* 299 B.R. 251 (S.D.N.Y. 2003).

law dating between June through August, 2009. This is contrary to the Debtor's assertion that they have "no ongoing involvement with the Respondents." As such, many of these administrative claims for 2009 taxes have been previously adjudicated by a final order (and in some cases settled outright) and the time to appeal the outcome of many of those valuation protests has expired pursuant to Texas state law. Therefore, it would seem to be a wasteful use of this Court's valuable time and resources as well as the resources of the Estate, to pursue revaluation of tax claims that have already been resolved through steps initiated by the Debtor's own actions at the state level. Abstention is proper in this instance.

10. The Debtor's assert that resolving the tax claims through the Objection would not take an excessive amount of time. Again, the Objection was lodged against almost one hundred jurisdictions across the nation. Trials to determine the valuation of each particular jurisdiction would take up more time than the Debtors allude to when given the amount of testimony and evidence that each location would likely be required to present. Because the issues are so unique to each location, resolving the tax claims in state courts across the nation will, indeed, take up more time (just as the Debtors assert) and this is due to the complexity of the tax issues involved. Resolving nearly one hundred tax claims from different jurisdictions from across the nation cannot be done summarily in one fell swoop.

11. The Debtors assert that resolving the property tax claims outside of the Bankruptcy Court would be highly prejudicial to the Debtors. The Debtors argue that resolving these tax claims in state courts could result in inconsistent rulings on common factual and legal disputes. Again, the Debtors have previously elected to exercise their state court remedies, in most of Alief ISD, et al.'s jurisdictions, and now they seek to further reduce their tax liability because of perceived "unfavorable" results. Contrary to what the Debtors allege, conducting revaluation hearings in the Bankruptcy Court would be more than just a "minor inconvenience" to Alief ISD, et al. Alief ISD, et al. do not assess value on business personal or real property. That responsibility falls on the various county appraisal districts pursuant to the Texas Property Tax Code. Alief ISD, et al. merely apply their tax rates to the values assessed by the various appraisal districts in order to derive the ad valorem tax liability of all taxpayers. In fact, forcing

6

Alief ISD, et al. to defend the values assessed by the appraisal districts would be highly prejudicial to Alief ISD, et al.

## RELIEF IS BARRED BY SECTION 505 (A)(2)(C)

12. The Debtor's reliance on Section 108(a) of the Bankruptcy Code asserting that it tolls a state law appeal period that has not expired <u>as of the petition date</u>, is seriously misplaced. One cannot interpret Section 108(a) to mean that the Debtor had preserved its ability to challenge the 2009 tax claims, which arose <u>post-petition</u> (on January 1, 2009), when clearly this section applies only to pre-petition claims. Bankruptcy Courts have consistently held that "section 108(a) has no application to post-petition claims" and "in the case of postpetition claims, 'such period' will never have expired before the filing of the petition." *In re United Trucking, Inc. v. Howell Industries*, 91 B.R. 30 at 31 (E.D. Mi. 1988) (citing *Northern Specialty Sales, Inc. v. INTV Corp.*), 57 B.R. 557, 559 (Bankr.D.Or. 1986). Therefore, Section 108(a) does not apply to the 2009 tax claims filed by Alief ISD, et al.

13. The Debtor's further assert that the purpose of 505(a)(2)(C) is to protect the estate from loss incurred "because of the debtor's failure to contest incorrect tax assessments when the period to do so has not expired as of the petition date." But the Debtors did, in fact, file many contests, and in some cases settled their values, with the various appraisal review boards pursuing their state law remedies. Therefore, 505(A)(2)(C) bars relief in this case.

14. The Objection asserts that the claims of Alief ISD, et al. are "overstated". However, the Objection offers no evidence to back-up such an assertion. In fact, in at least the case of Lubbock CAD's claim, the Lubbock Central Appraisal District used the Debtors' own opinion of value (Rendition) in appraising their property for 2009.

15. Persons with personal knowledge of the relevant facts regarding the taxes claimed are:

| Tax Assessor | Address | City | Zip | Phone |
|---|---|---|---|---|
| Scott Porter | 2 Mills Street Suite B | Cleburne, TX | 76033 | 817-558-0122 |
| Betsy Price | 100 E. Weatherford | Ft. Worth, TX | 76196 | 817.884.1850 |

| Kathy Reeves | P.O. Box 712 | Midland, TX | 79702 | 432-688-4810 |
|---|---|---|---|---|
| Ro'vin Garret | 111 E. Locust | Angleton, TX | 77515 | 979-864-1320 |
| Tommy Lee | P.O. Box 1368 | Friendswood, TX | 77549 | (281) 498-0216 |
| Patsy Schultz | 301 Jackson St. | Richmond, TX | 77469 | 281.341.3710 |
| Bob Leared | 11111 Katy Fwy, Ste 725 | Houston, TX | 77075 | 713-932-9011 |
| Jeannie Manning | P. O. Box 7580 | Woodlands, TX | 77387 | 281-367-1281 |
| JR Moore, Jr. | 400 N. San Jacinto | Conroe, TX | 77301 | 936-539-7897 |
| Melanie Pidcoke | 2425 E. Main St. | League City, TX | 77573 | (281) 284-0218 |
| Tommy Lee | P.O. Box 1368 | Friendswood, TX | 77549 | (281) 498-0216 |
| Daniel Bazan | P.O. BOX 113 | GALENA PARK | 77547 | (832) 386-1290 |
| Janice Himpele | P.O. BOX 4020 | Houston, TX | 77210 | 281-641-8190 |
| Pat Praesel | P O Box 368 | Alief, Tx | 77411 | 281-498-3660 |
| Gary Barber | P. O. Box 2011 | Tyler, TX | 75710 | 903-590-2920 |
| Lou Murdock | P.O. Box 1471 | Wichita Falls, TX | 76307 | 940.766.8298 |
| Armanda Barrerra | P. O. Box 178 | Edinburg, Tx | 78540 | 956.318.2160 |
| David Kimbrough | 1715 26th Street | Lubbock, Texas | 79411 | (806)749-1236 |
| Robert Miller | P.O. Box 2289 | Amarillo, TX | 79105 | 806-342-2600 |

16. Alief ISD, et al. have utilized their best efforts to identify any documentation or other evidence that they intend to introduce as evidence in support of their claims. As such, Alief ISD, et al. intend to introduce into evidence any documentation (including, but not limited to, Renditions, Notices of Protest, Orders Determining Protest, etc.) provided by the Debtors, or their agents, to Alief ISD, et al.'s respective appraisal districts and their respective appraisal review boards.

17. Any replies to this response should be served on Elizabeth Banda Calvo, Attorney for Alief ISD, et al., at 4025 Woodland Park Blvd., Suite 300, Arlington, Texas 76013; Telephone No. (817) 461-3344; Fax No. (817-860-6509); email: ebcalvo@pbfcm.com. The undersigned attorney for Alief ISD, et al. has authority to reconcile, settle or otherwise resolve the Objection on Alief ISD, et al.'s behalf.

WHEREFORE, PREMISES CONSIDERED, the Alief ISD, et al. respectfully request that this Court set this matter for hearing, exercise discretionary abstention and decline to consider the Objection, deny the Debtors' Motion, and for such other and further relief, at law or in equity, as is just.

Respectfully submitted,

ARLINGTON ISD, *et al.*

By: /s/ W. Joel Charboneau
Magee Goldstein Lasky & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003
540-343-9800
540-343-9898 (F)


**PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, L.L.P.**

/s/Elizabeth Banda Calvo
Elizabeth Banda Calvo
SBN: 24012238
4025 Woodland Park Blvd.
Suite 300
Arlington, Texas 76013
Phone: (817) 461-3344
Fax: (817) 860-6509
Email: ebcalvo@pbfcm.com

Attorneys for Alief ISD, et al.


**CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing document has been served on the parties listed below, and all parties requesting ECF notice, on this the 13th day of May, 2010, via the Court's Electronic Filing System.

/s/Elizabeth Banda Calvo
Elizabeth Banda Calvo


The U.S. Trustee:
Office of the US Trustee
701 E. Broad St.
Suite 4304
Richmond, Virginia 23219-1888
Attn: Robert B. Van Arsdale

The Debtors:
Circuit City Stores, Inc.

4951 Lake Brook Drive, 5th Floor
Glen Allen, Virginia 23060
Attn: Michelle Mosier

Co-Counsel for the Debtors:
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
PO Box 636
Wilmington, DE 19899-0636
Attn: Gregg M. Galardi

McGuireWoods, LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Attn: Douglas M. Foley

Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606
Attn: Chris L. Dickerson

General and Local Counsel for the Committee:
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, CA 90067-4100
Attn: Jeffrey N. Pomerantz

Tavenner & Beran PLC
20 North 8th Street
Richmond, VA 23219
Attn: Paula S. Beran
    Lynn L. Tavenner

U:\A CLIENTS\Arlington ISD, et al. 9298\Arlington ISD et al\Circuit City Response to Partial MSJ re 37th omni.doc