Paul S. Bliley, Jr. - VSB No. 13973
R. Joseph Noble – VSB No. 77138
WILLIAMS MULLEN
Two James Center, 16th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia 23218-1320
Phone: (804) 783-6448
Fax:    (804) 783-6507
Email:  pbliley@williamsmullen.com
        jnoble@williamsmullen.com

*Counsel to Brevard County, Florida Tax Collector,*
*Hernando County, Florida Tax Collector,*
*Highlands County, Florida Tax Collector,*
*Lee County, Florida Tax Collector,*
*Manatee County, Florida Tax Collector,*
*Marion County, Florida Tax Collector,*
*Okaloosa County, Florida Tax Collector,*
*Orange County, Florida Tax Collector,*
*Osceola County, Florida Tax Collector,*
*Palm Beach County, Florida Tax Collector,*
*Pinellas County, Florida Tax Collector, and*
*Polk County, Florida Tax Collector.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| CIRCUIT CITY STORES, INC., *et al.* | ) |
| | ) Case No. 08-35653 - KRH |
| Debtors. | ) |
| | ) Jointly Administered |

**OPPOSITION OF VARIOUS FLORIDA TAX COLLECTORS TO
DEBTORS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE
THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS
(REDUCTION OF CERTAIN PERSONAL PROPERTY TAX CLAIMS)**

Comes now the Honorable Lisa Cullen, Tax Collector in and for Brevard County, Florida, the Honorable Juanita Sikes, Tax Collector in and for Hernando County, Florida, the Honorable Charles L. Bryan, Tax Collector in and for Highlands County, Florida, the Honorable Cathy Curtis, Tax Collector in and for Lee County, Florida, the Honorable Ken Burton, Jr., Tax Collector in and for Manatee County, Florida, the Honorable George J. Albright, III, Tax Collector in and for Marion County, Florida, the Honorable Chris Hughes, Tax Collector in and

for Okaloosa County, Florida, the Honorable Earl K. Wood, Tax Collector in and for Orange County, Florida, the Honorable Patsy Heffner, Tax Collector in and for Osceola County, Florida, the Honorable Anne M. Gannon, Tax Collector in and for Palm Beach County, Florida, the Honorable Diane Nelson, Tax Collector in and for Pinellas County, Florida, and the Honorable Joe G. Tedder, Tax Collector in and for Polk County, Florida (collectively, the "Tax Collectors"), by undersigned counsel, and for their opposition to Debtors' Motion for Partial Summary Judgment on the Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Personal Property Tax Claims (the "Motion"), and state as follows:

## STANDARD FOR SUMMARY JUDGMENT

"Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." In re US Airways, Inc., No. 1:06CV539, 2006 WL 2992495, at *4 (E.D. Va. 2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1985)). A "material fact" is a fact that could affect the outcome of a case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); Puckett v. City of Portsmouth, 391 F. Supp.2d 423, 430 (E.D. Va. 2005). In determining whether there is a genuine issue as to any material fact, the Court must view the underlying facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

It is well-settled that a party seeking summary judgment under Rule 56 of Federal Rule of Civil Procedure bears "the burden of showing both the absence of a genuine issue of material fact and that judgment is warranted as a matter of law." Cooper v. Ingersoll Rand Co., 628 F. Supp. 1488, 1491 (W.D. Va. 1986); see also RGI Inc. v. Unified Industries, 963 F.2d 658, 661 (4th Cir. 1992). Accordingly, the Debtors have the burden to prove that the Court should not

2

abstain from ruling on the Debtors' Thirty-Seventh Omnibus Objection (Reduction of Personal Property Tax Claims) (the "Objection"). Thus, to prevail on the Motion, Circuit City must put forth evidence of undisputed facts sufficient to show that the Court should abstain from ruling on the Objection.

## DISCUSSION

Although the Tax Collectors agree with the limited Statement of Material Facts as stated by the Debtors in the Motion, the Debtors must establish many additional material facts before they can prevail on the Motion. These material facts include, without limitation, (i) the fact that in the state of Florida the valuation of personal property is the sole responsibility of the Property Appraiser and not the Tax Collector, and (ii) all proper parties have been made a party defendant to the bankruptcy proceeding with regard to the Motion.

The Debtors have not produced sufficient evidence to establish "the absence of a genuine issue of material fact" or that it is entitled to summary judgment. Cooper, 628 F. Supp. at 1491. Accordingly, summary judgment should be denied.

The Debtors argue that the Court should not abstain from ruling on the Objection because the abstention argued for by the Respondents (as defined in the Objection) is entirely within the Court's discretion and the six-factor analysis that many courts follow for determining whether to abstain under Section 505 of the Bankruptcy Code weighs heavily in favor of the Court not abstaining from hearing the Objection.

While the courts recognize that abstention should only be used in exceptional circumstances, it has been used in tax issues where the uniformity of assessment is an issue. Metromedia Fiber Network, Inc. v. Various State and Local Taxing Auth., 299 B.R. 251, 281 (Bankr. S.D.N.Y. 2003).

3

"Local property taxation is inherently and quintessentially local in the sense that a fair allocation of the cost of government amongst the universe of local taxpayers is and must be a product of local taxpayers is and must be a product of local political, legislative, executive and administrative decision-making . . . . The fundamental objective of taxation at the state and local level must be to apportion the tax burden equitably in accordance with the local political decision-making process. Nothing in the Constitution or the Bankruptcy Code entitles a debtor to uniform property tax determinations in differing tax jurisdictions, and nothing in federal law entitles the federal courts to impose uniform taxation schemes or methodologies on state and local governments." Metromedia Fiber Network, Inc., 299 B.R. at 281.

**All of the Factors Weigh Heavily in Favor of the Court Abstaining from Hearing the Objection**

To determine whether to abstain under Section 505 of the Bankruptcy Code, a number of courts have relied on the following six-factor analysis: (1) the complexity of the tax issue; (2) the need to administer the bankruptcy estate in an expeditious fashion; (3) the burden on the bankruptcy court's docket; (4) the length of time necessary to conduct the hearing and to render a decision thereafter; (5) the asset and liability structure of the debtor; and (6) the potential prejudice to the debtor, the taxing authority, and creditors. In re Metromedia Fiber Network, Inc., 299 B.R. at 289.

The Tax Collectors disagree with the Debtors' analysis of the six-factor set forth in the Motion.

### (1)    The Tax Issues Raised in the Objection Are Extremely Complex

The Debtors argue that the tax issues raised in the Objection are not complicated. To the contrary, the determination of local tax assessments is extremely complex and extensively fact

4

intensive. Each local jurisdiction has its own taxing methodology which can differ significantly from that of another. In the state of Florida, the valuation of the tangible personal property is the sole responsibility of the Property Appraiser. These various Property Appraisers are sovereign officers created by the Florida Constitution under Section 1(d) of Article VIII, and they are under the supervision of the Florida Department of Revenue. In order to properly determine and decide the Property Tax Claims (as defined in the Motion), the Property Appraiser from each locality must be present at the hearings to provide expert opinion.

**(2)   Resolving the Property Tax Claims through the Objection is Not the Most Efficient and Expeditious Means to Administer the Debtors' Estates**

The Debtors argue that resolving the Property Tax Claims through the Objection is the most efficient and expeditious means to administer the Debtors' estates because there are common issues and there may be common evidence applicable to multiple claims.

If the Court were to decide and determine the Property Tax Claims, it would have to evaluate each of the taxing authorities' taxing schemes in Florida and throughout the United States, including, among other factors, physical inspection cycles, rules for capitalization of personal property assets, classification and categorization of assets and varying depreciation schedules for different asset types.

If the Court were to decide and determine the Property Tax Claims involved in the Motion, there would be unique issues with each locality and distinct evidence for each claim.

Further, the Tax Collector does not have the competence, jurisdiction, power or authority to value, or render an opinion as to the value of, the tangible personal property in dispute. The Tax Collector performs the collection of property taxes imposed and levied by the various local governing authorities on the personal property. The valuation of the personal property is the sole

5

responsibility of the Property Appraiser for each locality. Thus at the current time, no one who has opined or can opine as to the value of the personal property is a party to the bankruptcy case. Each locality's Property Appraiser will have to be joined as a party defendant in the bankruptcy proceeding, or be a witness with documents (subpoena duces tecum) to value the personal property and to render opinions on its valuation determination.

(3) **Resolving the Property Tax Claims through the Objection Will Place an Undue Burden on the Bankruptcy Court's Docket and Will Take an Excessive Amount of Time**

The Debtors claim that resolving the Property Tax Claims through the Objection would not place undue burden on the Court's docket. The Debtors concede that the Court has a consistently full docket but attempt to argue that the net gains in judicial economy that will result from having all of the Property Tax Claims resolved in one forum will outweigh the incremental additional burden that would be placed on the Court's docket.

The Debtors further argue that resolving the Property Tax Claims through the Objection would not take an excessive amount of time.

The Debtors are underestimating the complexity of the local tax issues that are involved in resolving each Property Tax Claim, and thus are miscalculating its time consumption and its impact on the docket. These determinations would place a heavy burden on the Court's docket potentially requiring the determination of hundreds of local tax assessments each with its own assessment method. Complex and fact intensive litigation of this nature would most likely hinder the orderly and efficient administration of the case as the time to try each of these matters would require specific evidence of the particular taxing and assessment methodology employed in each local jurisdiction, the determination of the property or assets that constitute the

assessment and the proper valuation of each of those assets under the particular local taxing scheme under the dictates of state law. Such a hearing would require expert testimony on the proper valuation of these assets.

(4) **Resolving the Property Tax Claims within the Bankruptcy Court Will Be Highly Prejudicial to the Creditors**

The Debtors argue that resolving the Property Tax Claims outside the bankruptcy court would be highly prejudicial to the Debtors because the Debtors would be forced to litigate the value of the Property Tax Claims in jurisdictions throughout the United States.

Using a similar argument as the Debtors, if the Court were to determine and decide the Property Tax Claims, each of the tax authorities would be unduly burdened by being dragged across the United States to litigate these local matters. They would be forced to hire local counsel and assume costs which are not within their budgets.

Also, some courts have abstained from a tax determination issue when the creditors would not benefit from the tax determination and the debtor had engaged in forum shopping. In re Williams, 190 B.R. 225 (Bankr. W.D. Pa. 1995).

The Tax Collectors reserve the right to rely on the arguments and authorities contained in the responses of other creditors filed in response to the Motion.

## CONCLUSION

WHEREFORE, for the reasons and arguments stated above, the Tax Collectors respectfully request that the Court deny Debtors' Motion and grant such further relief as is just and proper under the circumstances.

HONORABLE LISA CULLEN, TAX COLLECTOR IN AND FOR BREVARD COUNTY, FLORIDA

HONORABLE JUANITA SIKES, TAX COLLECTOR IN AND FOR HERNANDO COUNTY, FLORIDA

HONORABLE CHARLES L. BRYAN, TAX COLLECTOR IN AND FOR HIGHLANDS COUNTY, FLORIDA

HONORABLE CATHY CURTIS, TAX COLLECTOR IN AND FOR LEE COUNTY, FLORIDA

HONORABLE KEN BURTON, JR., TAX COLLECTOR IN AND FOR MANATEE COUNTY, FLORIDA

HONORABLE GEORGE J. ALBRIGHT, III, TAX COLLECTOR IN AND FOR MARION COUNTY, FLORIDA

HONORABLE CHRIS HUGHES, TAX COLLECTOR IN AND FOR OKALOOSA COUNTY, FLORIDA

HONORABLE EARL K. WOOD, TAX COLLECTOR IN AND FOR ORANGE COUNTY, FLORIDA

HONORABLE PATSY HEFFNER, TAX COLLECTOR IN AND FOR OSCEOLA COUNTY, FLORIDA

HONORABLE ANNE M. GANNON, TAX COLLECTOR IN AND FOR PALM BEACH COUNTY, FLORIDA

HONORABLE DIANE NELSON, TAX COLLECTOR IN AND FOR PINELLAS COUNTY, FLORIDA

        HONORABLE JOE G. TEDDER, TAX COLLECTOR IN
        AND FOR POLK COUNTY, FLORIDA

              */s/ Paul S. Bliley, Jr.*
By:  _____
        Counsel

Paul S. Bliley, Jr. - VSB No. 13973
R. Joseph Noble – VSB No. 77138
WILLIAMS MULLEN
Two James Center, 16th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia 23218-1320
Phone: (804) 783-6448
Fax:   (804) 783-6507

    *Counsel to Brevard County, Florida Tax Collector,*
    *Hernando County, Florida Tax Collector,*
    *Highlands County, Florida Tax Collector,*
    *Lee County, Florida Tax Collector,*
    *Manatee County, Florida Tax Collector,*
    *Marion County, Florida Tax Collector,*
    *Okaloosa County, Florida Tax Collector,*
    *Orange County, Florida Tax Collector,*
    *Osceola County, Florida Tax Collector,*
    *Palm Beach County, Florida Tax Collector,*
    *Pinellas County, Florida Tax Collector, and*
    *Polk County, Florida Tax Collector.*

7673385_3.DOC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Opposition of Various Florida Tax Collectors to Debtors' Motion for Partial Summary Judgment on the Thirty-Seventh Omnibus Objection Claims (Reduction of Personal Property Tax Claims) was filed and served this 13th day of May, 2010, electronically using the Court's ECF System, was sent by electronic mail to circuitcityservice@mcguirewoods.com and project.circuitcity@skadden.com, and was sent by first class mail, postage prepaid, to the entities at the addresses indicated below:

Douglas M. Foley, Esq.
McGuireWoods LLP
9000 World Trade Center, 101 W. Main St.
Norfolk, VA 23510

Dion W. Hayes, Esq.
McGuireWoods LLP
One James Center, 901 E. Cary St.
Richmond, VA 23219

Gregg Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden Arps, Slate Meagher & Flom LLP
One Rodney Square
Box 636
Wilmington, Delaware 19899

Chris L. Dickerson, Esq.
Skadden Arps, Slate Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL 60606

*Counsel for the Debtors*

Robert B. Van Arsdale, Esq.
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

*Office of the U.S. Trustee for the Eastern District of Virginia, Richmond Division*

Jeffrey N. Pomerantz, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067

Robert J. Feinstein
Pachulski Stang Ziehl & Jones LLP
780 Third Ave., 36th Floor
New York, NY 10017

*Counsel for the Creditor's Committee*

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

*Counsel for the Official Committee of Unsecured Creditors*

David S. Berman, Esq.
Reimer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, MA 02108

*Counsel to Prepetition Lenders/Counsel to Postpetition Lenders*

/s/ Paul S. Bliley, Jr.
By: _____