Belkys Escobar, Assistant County Attorney
COUNTY OF LOUDOUN
ONE HARRISON STREET, S.E.
MSC #06
Leesburg, VA 20175-3102
Telephone: (703) 777-0307
Telecopier: (703) 771-5025

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **IN RE:**<br><br>**CIRCUIT CITY STORES, Inc., *et al.***<br><br>*Debtors* | Case No. 08-35653-KRH<br>Chapter 11<br>Jointly Administered |

**LOUDOUN COUNTY'S RESPONSE TO DEBTORS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE THIRTY-SEVENTH ONMIBUS OBJECTION TO CLAIMS (REDUCTION OF CERTAIN PERSONAL PROPERTY TAX CLAIMS)**

## INTRODUCTION

The COUNTY of LOUDOUN, VIRGINIA ("the County"), by counsel, files this Response to Debtors' Motion for Partial Summary Judgment on the Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Personal Property Tax Claims) (the "Motion").

## STATEMENT OF MATERIAL FACTS

1. The Debtors filed for bankruptcy protection on November 10, 2008 (the "Petition Date"). The Debtors are debtors in possession authorized to operate business pursuant to 11 U.S.C. §1107 and 11 U.S.C. §1108.

2. The County is a political subdivision of the Commonwealth of Virginia and is empowered to levy taxes on personal property situated therein. VA. CODE ANN. §58.1-3000.

3. Prior to Petition Date, Debtors conducted business within the County in two locations: at 46301 Potomac Run Plaza, No. 120, Sterling, Virginia (the "Sterling Store") and at 536 Fort Evans Drive, NE, Leesburg, Virginia (the "Leesburg Store").

4. After the Petition Date, Debtors continued doing business within the County at the Sterling Store.

5. In accordance with Virginia law, *ad valorem* personal property taxes were levied on Debtors' personal property located in the Sterling Store for tax years 2008 (pre-petition) and 2009 (post-petition)[1]. Debtors paid the 2008 personal property taxes, totaling over $9,000, without protest. 2009 taxes remain unpaid.

6. On June 1, 2009 the County filed its Administrative Expense Claim and Request for Payment of Taxes (the "Administrative Claim") requesting payment of (post-petition) 2009 business personal property taxes in the amount of $5,662.32[2]. These taxes were incurred by the Debtors during the ordinary course of Debtors' business or financial affairs after the Petition Date and they should be paid with priority according to 11 U.S.C. §§ 503(b)(1)(B) and (C) and 507 (a)(2).

7. The Administrative Claim was timely filed on June 1, 2009, even though 11 U.S.C. §503(b)(C) specifically states that "a governmental unit shall not be required to file a request for the payment of an expense described in subparagraph (B)… as a condition of its being an allowed administrative expense."

8. On August 24, 2009 the Debtors filed their Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Personal Property Tax Claims) (the "Objection") and contested the

---

[1] January 1st of each year is the effective date of taxation for personal property under Virginia law. VA. CODE ANN. §58.1-3515.

[2] The Administrative Claim also included $23,190.87 in business license taxes.

Administrative Claim with respect to the 2009 business personal property taxes (the "Taxes"). The Objection proposes to decrease the allowed amount from $5,662.32 to $1,304.60.

9. The Objection stated that -

a. "(T)he Claims are overstated … given the value of the personal property that is the subject of the taxes". *Objection* ¶ *11.*

b. "(T)he standard used to determine the value is in accordance with each state's valuation standard…". *Objection* ¶ *12.*

c. The value of the personal property should be determined based on "replacement costs … derived using current vendor costs to the Debtors." *Objection* ¶ *13.*

d. Accumulated depreciation and installation costs, determined by Debtors "(t)hrough personal interviews with used equipment vendors" should be deducted from the replacement costs. *Objection* ¶ *14.*

10. On September 24, 2009 the County responded to the Objection (the "Response") and asked the Court to exercise its discretion to abstain under 28 U.S.C. § 1334(c)(1) or to decline jurisdiction under 11 U.S.C. § 505(a)(1) and abstain from hearing the Objection. On April 29, 2010 Debtors filed the Motion. This is the County's Response to the Motion ("Response to the Motion".)

**PRELIMINARY STATEMENT**

11. In this Response to the Motion the County is seeking that the Court deny the Motion for lack of merits and rule (i) that Debtors are not entitled to judgment on the Motion as a matter of law; that the Objection was raised without any legal basis and that it should have been raised as an adversary procedure and not as an omnibus

objection; and (ii) that the court exercise its discretion to abstain under 28 U.S.C. §1334(c)(1) or to decline jurisdiction under 11 U.S.C. §505(a)(1).

## ARGUMENT

### I. Summary Judgment is not appropriate. Debtors are not entitled to judgment on the Motion as a matter of law. Objection should have been raised as an adversary procedure.

12. It is well settled that in order for a motion for summary judgment to be granted, the movant must be entitled to judgment as a matter of law on the issues raised by the motion. The Motion, however, cannot be seen independently from the Objection. For the reasons stated below, the Motion is without merits. The Debtors raised the Objection improperly and without legal basis. The Motion, a preliminary resolution of legal issues related to the Objection, should be denied for lack of merits.

13. Debtors allege in the Motion that the Objection is a contested matter pursuant to Bankruptcy Rule 9014 (Motion ¶5); that Debtors filed the Objection pursuant to 11 U.S.C. section 502 (a), which allows a party in interest, including the debtor, to object to claims (Motion ¶4); and that the Objection was only required to be filed in writing in order to comply with Bankruptcy Rule 3007 (a) (Motion ¶4-5).

14. The County states (Response, ¶¶28-31) that the Objection seeks to reduce the amount and extent of the County's tax lien. As such, it had to be raised as an adversary proceeding and not as an objection to a claim. Bankruptcy Rule 7001 includes "a proceeding to determine the validity, priority, or extent of a lien or other interest in property" as adversary proceedings (emphasis added), and Bankruptcy Rule 3001 (b) expressly states that "a party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to

the allowance of a claim, but may include the objection in an adversary proceeding." (emphasis added).

15. Debtors have confused the terms "Claim" and "Creditor", as defined by 11 U.S.C. 101 (5) and (10)[3], with the term "Administrative Expenses", as defined in 11 U.S.C. 503 (1) (A)[4]. The term Claim refers to pre-petition claims of pre-petition creditors; while the Administrative Expenses refers to post-petition expenses that are necessary for preserving the bankruptcy estate. The Administrative Claim does not refer to a Claim but to an Administrative Expenses. Therefore, Debtors cannot rely on 11 U.S.C. 502 (a) as their basis for their Objection because section 502 (a) refers to objections to Claim (pre-petition) and not to Administrative Expenses.

16. The Debtors improperly raised the Objection as an Omnibus Objection. Bankruptcy Rule 3007 (d) states that

> "objection to more than one claim (Claim) may be joined in an omnibus objection if all the claims (Claims) were file by the same entity or the objections are based solely on the grounds that the claims [Claims] should be disallowed, in whole or in part, because:
> (1) they duplicate other claims;
> (2) they have been filed in the wrong case;
> (3) they have been amended by subsequently filed proofs of claim;
> (4) they were not timely filed;
> (5) they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;
> (6) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;
> (7) they are interests, rather than claims; or
> (8) they assert priority in an amount that exceeds the maximum amount under section 507 of the Code."

[3] Claim is defined as "(5) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured…". Creditor is defined as "(10) (A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor…" (emphasis added). 11 U.S.C. 101.

[4] Administrative expenses are defined as "the actual, necessary costs and expenses of preserving the estate, including…(B) any tax…(C) any fine, penalty…relating to a tax specified in subparagraph (B) of this paragraph…". 11 U.S.C. section 503 (1) (B) and (C).

The Debtors do not raise any of the eight above mentioned causes as the actual basis for their Objection. Instead, the Objection asserts that the Administrative Claim should be disallowed because the taxes therein were excessive. Bankruptcy Rule 3007 (b) does not allow Debtors to use an omnibus objection as a way to obtain relief under 11 U.S.C. 505.

**II. <u>The Court should exercise its discretion to abstain under 28 U.S.C. §1334(c)(1) or to decline jurisdiction under 11 U.S.C. §505(a)(1) and should deny the Motion.</u>**

17. Section 505(a) of the Bankruptcy Code provides, in relevant part: "[T]he court *may* determine the amount or legality of any tax…whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." (Emphasis added).

18. Section 505(a) *permits* a bankruptcy court to determine the amount of a tax, but *does not require* the bankruptcy court to do so. Likewise, 28 U.S.C. section 1334(c)(1) provides that:

> "[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title11."

19. The United States Supreme Court in 1940 established the principles for abstention in bankruptcy cases when it stated that, under proper circumstances, it is more appropriate to have a state court hear certain matters of state law, and that the bankruptcy court's proper exercise of its control over the bankruptcy estate "may, where the interests of the estate and the parties will best be served, lead the bankruptcy court to consent to submission to state courts of

particular controversies involving unsettled questions of state property law and arising in the course of bankruptcy administration." Thompson v. Magnolia Petroleum, Co., 309 U.S. 478, 483 (1940).

20. In Arkansas Corp. Comm'n v. Thompson, 313 U.S. 132, 145 (1941), the United States Supreme Court, addressing the right of power of a federal bankruptcy court to revisit and re-determine for state tax purposes the property value of a debtor railroad in reorganization under the Bankruptcy Act held:

> "There is nothing in the history of bankruptcy or reorganization legislation to support the theory that Congress intended to set the federal court up as super-assessment tribunals over state taxing agencies… And the policy of revising and determining state tax valuation… would be a complete reversal of our historic national policy of federal non-interference with the taxing power of states".

The principle enunciated by the Supreme Court -- that Congress did not intend the federal courts to serve as "super-assessment tribunals over state taxing agencies" is still good law.

21. The bankruptcy courts have articulated a multi-factor test to determine whether to abstain from hearing a tax issue under 11 U.S.C. §505. Among those factors are (a) the extent to which non-bankruptcy law issues predominate over bankruptcy issues; (b) "the complexity of the tax issue to be decided and the length of time which would be required for trial and decision; (c) the burden on the bankruptcy court's docket; and d) any prejudice to the debtor and potential prejudice to the taxing authorities. In re Portrait Corporation of America, Inc., 406 B.R. 637, 641 (SDNY 2009); In re ANC Rental Corporation, 316 B.R. 153, 158 (Del. 2004); In re Lyondell Chemical Company, Case No. 09-10023 (REG), U.S. Bankruptcy Court Southern District of New York, April 19, 2010.

22. In favor of abstention, the County asserts that the determination of tax liability is a matter of state law. Even when "making its determination under 11 U.S.C. §505 a court's

valuation must be consistent with state law principles, and a court must give full faith and credit to the law of the state upon which the tax to be determined is based." In re Blue Cactus Post, L.C. 229 B.R. 379, 386 (Bnkr. N.D. Tex. 1999); In re A WB Assocs., G.P., 144 B.R. 270, 278 (Bnkr. P.A. 1992); Arkansas Corp. Commission v. Thompson, 313 U.S. 132, 142, 85 L. Ed. 1244, 61 S. Cr. 888 (1941); In re Pilgrim's Pride Corporation, Lexis 2222, (Bankr. N.D. Tex., August 17, 2010).

23. In favor of abstention, the County asserts that the determination of local tax assessment is extremely complex and extensively fact intensive. Each local jurisdiction has its own taxing methodology. As the Delaware court recognized –

> A "trial on this matter could be lengthy. The Court would need to hear evidence not only as to the Debtors' assets, but on the proper method of valuing these assets. Unlike other section 505 cases, the issue to be determined here is not simply whether the tax is due, but whether the proper method for determining what tax is due was used. Trial could require expert testimony by both sides as to the market value of the assets. This factor weighs in favor of abstention." *In re ANC Rental Corporation,* 316 B.R. 153 at 159 (Del. 2004).

The burden to the bankruptcy court's docket is another factor that the court may consider in favor of abstention. *In re Portrait Corporation of America, Inc., 406 B.R. 637, at 642 (SDNY, 2009).*

24. In favor of abstention the County states that Debtors have proper forum within the state courts of the Commonwealth of Virginia to resolve their differences with the County. The availability of a non bankruptcy forum is a pre-requisite to the permissive abstention under §1334(c)(1). See In re Pan American Corp., 950 F. 2d 839 at 845 (2d. Circ., 1991*); see also* In re Hospitality Ventures La Vista, 314 B.R. 843 at 864 (GA, 2004). Therefore, if the court abstains from hearing the Motion, such abstention will not preclude in any way the rights of the Debtors to appeal to Virginia courts and

seek remedy there. Also, the Debtors have not alleged, nor established that the courts of Virginia have acted or can be expected to act "in a manner which is arbitrary and capricious, discriminatory, or violative of state or local statutes or rules." In re Lyondell Chemical Company, Case No. 09-10023 (REG), U.S. Bankruptcy Court Southern District of New York, April 19, 2010; In re Metromedia, 299 B.R., 251, 283 (S.D. N.Y. 2003).

25. In favor of abstention the County asserts that there would be significant prejudice to the County if the Taxes were determined by this Court. The Administrative Claim refers to post-petition taxes incurred by the Debtors. As administrative expense, the County did not have to file an application in order for the taxes to be paid (11 USC 503(C)). Because of the Objection, the County must defend its Administrative Claim in federal court while the Debtors have not even intent to exhaust the remedies offer by Virginia law.

**III. The Court should abstain from determining local tax assessments in order to preserve the uniformity of tax assessments required by the Virginia Constitution.**

26. In the present case, where the assessment methodology is established by state law, uniformity of assessment would be at risk should the bankruptcy court apply national standards and not state law to the assessment of Debtors' assets within the County. In similar cases, the Second Circuit Court of Appeals has stated that "…a bankruptcy court has the discretion to abstain from re-determining a debtor's tax liability where uniformity of assessment is of significant importance." *See* In re New Haven Projects Ltd. Liability Co., 225 F3d. 283, 288 (2000); In re Fairchild Aircraft Corp., 124 B.R. 488, 491 (W.E. Tex. 1991); In re Metromedia Fiber Network, Inc., 299 B.R. 251, 281 (S.D. N.Y. 2003); In re Cable & Wireless U.S.A., Inc., 331 B.R. 568, 578 (Bankr. Del. 2005). "The problem with the debtor's "streamlined" unified approach to determining the "fair market value" of all of their Taxable Property in multiple

taxing jurisdictions using a single methodology or combination of methodologies is that the resulting uniform valuation may produce results which are highly anomalous and discriminatory vis-à-vis other similarly situated taxpayers in the various taxing jurisdictions…Nothing in the Constitution or the Bankruptcy Code entitles a debtor to uniform property tax determinations in different jurisdictions, and nothing in federal law entitles the federal courts to impose uniform taxation schemes or methodologies on state and local governments." In re Metromedia Fiber Network, Inc., 299 B.R. 251, 283 (S.D. N.Y. 2003).

27. Pursuant to VA. CODE ANN. §58.1-3503(A)(17), the County must value Debtors' Personal Property by means of a percentage or percentages of original cost. Therefore, the County first determines the original cost (the "Original Cost") and then applies the appropriate percentage of the Original Cost to obtain the assessed value (the "Assessed Value"); the tax levy is calculated based on the Assessed Value. The tangible personal property tax is self-reporting in Virginia. The taxpayer who owns business personal property that is taxable within the County, shall file a tax return with the Commissioner of the Revenue. VA. CODE ANN. §§58.1-3107 and 58.1-3900, and section 860.04 of the Codified Ordinances of the County of Loudoun. The County cannot value the Personal Property by any other means, particularly the means requested by the Debtors –i.e. current replacement cost. Objection ¶ 13. As required by Virginia law, the County applies this methodology, uniformly, to all the taxpayers who own "tangible personal property employed in a trade or business" within the County. VA. CODE ANN. §58.1-3503()A(17).

28. The County's records show that in 2009 the County valued the Debtors' business tangible personal property within the County by means of a percentage of its original cost as

reported by Debtors. If the Court conducts an evidentiary hearing on the Objection, the County will prove that:

a. the County's records show that as of January 1, 2009, Debtors had two personal property accounts in the County, one for computer equipment and the other for furniture and fixtures (the "Personal Property");

b. the County's records show that on April 14, 2009 Debtors filed a tax return for their Personal Property (the "2009 Tax Return") (Exhibit "A"). The 2009 Tax Return shows a "Reported Cost" of $848,931.17, and a "Current Value" of $132,901.65;

c. the County's records show that the Commissioner of the Revenue, estimated that as of January 1, 2009, Personal Property had an Original Cost of $994,456.00, and an Assessed Value of $134,817 (Exhibit "B"). It is worth noticing that the Assessed Value as estimated by the Commissioner of the Revenue is only $1,915.35 higher than the Current Value as reported by the Debtors;

d. the County's records show the County calculated the 2009 taxes based on the Assessed Value of the Personal Property. The 2009 tax rate for personal property in the County was $4.20 per $100 of Assessed Value. The amount of Debtors' 2009 Taxes on the Personal Property is $5,662.32 (or $134,817 divided by 100 and multiplied by 4.20). It is worth noticing that should the County had levied the taxes based on the Current Value as reported by the Debtors, the 2009 taxes would have been $5,581.66 (or $132,901.65 divided by 100 and multiplied by 4.20), just $80.66 difference with the taxes as levied by the County.

29. The County asserts that Debtors' own tax returns filed with the Commissioner of the Revenue are not only binding to the Debtors, but they are also the best evidence of the January 1, 2009 value of the Personal Property by the Debtors' own admission.

**WHEREFORE,** the County respectfully asks this Court to deny the Motion for lack of merits and rule (i) that the Debtors are not entitled to judgment on the Motion as a matter of law, that the Objection was raised without any legal basis, and that it should have been raised as an adversary procedure and not as an omnibus objection; (ii) to exercise its discretion to abstain under 28 U.S.C. §1334(c)(1) or to decline jurisdiction under 11 U.S.C. §505(a)(1) and abstain from hearing the Objection; and (iii) to allow the Administrative Claim as filed. In the alternative, the County respectfully requests the court (iv) to schedule an evidentiary hearing for the court to determine the value as of January 1, 2009 of Debtors' business personal property for tax purposes and in accordance with state law; and (v) to grant the County any other and further relief that seems fair and proper to the court.

The COUNTY of LOUDOUN, VIRGINIA
By counsel

JOHN R. ROBERTS
COUNTY ATTORNEY

By__/s/ *Belkys Escobar*______
Belkys Escobar (VSB #74866)
Assistant County Attorney
One Harrison Street, S.E.
MSC #06
Leesburg, Virginia 20175-3102
Telephone: (703) 777-0307
Telecopier: (703) 771-5025
E-mail: Belkys.Escobar@loudoun.gov

**CERTIFICATE OF SERVICE**

I certify that on May 13, 2010, a true and correct copy of the foregoing document was filed electronically with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system in this case.

/s/ Belkys Escobar

PLEASE SEPARATE

**Property Account:** 00611235
**Business Tax Account:** 19962433
**Property Type:** COMPUTER EQUIPMENT
**Property Location:** Outside any Incorporated Town Limits

Susan Harris 4/14/09

Signature Date

*By my signature, I willfully declare that the information provided is true, correct and complete, and I am authorized to file this form on behalf of the business, and I understand that the penalty for filing a false return is a Class 1 Misdemeanor.*

**A. Original Capitalized Cost of Property:**

SEE ATTACHED

| Year of Purchase | |
|---|---|
| 2008 | $ , , , .00 |
| 2007 | $ , , , .00 |
| 2006 | $ , , , .00 |
| 2005 | $ , , , .00 |
| 2004 & prior | $ , , , .00 |

**Business Property Owner and Mailing Address:**

CIRCUIT CITY STORES INC
ATTN TAX 3721
PO BOX 42304
RICHMOND, VA 23242-2304

**Business Phone:** 703-421-7015

*Enter changes to mailing address, property location, business phone and active status on back of form.*

LC C3 00611235493875200920 00 00000000 000000 041509 0000000000 N

EXHIBIT

"A"

# Summary by State Class and Acquisition Year
## Declaration of Property Owned and Used by Owner

Loudoun County Assessor - Sterling Ss

Assessment Date: 01/01/2009

**Assessed - Personal Property**

| State Class | Year | Reported Cost | Current Value | Rendered Value | Assessor's Use |
|---|---|---|---|---|---|
| Generic-Computers <=$25,000 | 2008 | 665.52 | 332.76 | 333.00 | |
| | 2007 | 59,144.75 | 23,657.90 | 23,658.00 | |
| | 2006 | 8,413.49 | 2,524.06 | 2,524.00 | |
| | 2005 | 11,595.46 | 2,319.09 | 2,319.00 | |
| | 2003 | 7,494.53 | 749.45 | 750.00 | |
| | 2001 | 8,902.98 | 890.30 | 891.00 | |
| | 1996 | 37,910.45 | 3,791.05 | 3,791.00 | |
| | | **134,127.18** | **34,264.61** | **34,266.00** | |

| State Class | Year | Reported Cost | Current Value | Rendered Value | Assessor's Use |
|---|---|---|---|---|---|
| Generic-Furniture & Fixtures | 2008 | 527.10 | 263.55 | 264.00 | |
| | 2007 | 3,095.92 | 1,238.36 | 1,239.00 | |
| | 2006 | 130,084.98 | 39,025.50 | 39,026.00 | |
| | 2003 | 140,139.33 | 14,013.95 | 14,013.00 | |
| | 2002 | 501,615.65 | 50,161.57 | 50,159.00 | |
| | 2001 | 1,442.76 | 144.28 | 144.00 | |
| | 1996 | -62,101.75 | -6,210.17 | -6,208.00 | |
| | | **714,803.99** | **98,637.04** | **98,637.00** | |

Sterling Ss
Property Location: 46301 Potomac Run Plaza, #120
Sterling, VA 20164

Taxpayer's Address:
Circuit City Stores, Inc.



3270 Display

File Edit View Communication Actions Help

```
12-02-2009           COUNTY REVENUE INFORMATION SYSTEM                   CRISD3I3
18.33                  PERSONAL PROPERTY INQUIRY                         D3I3IQ01

ACCT 00387551 YR 2009 BEG LIAB 11 25 1996 PRIM SITUS 00 TAX STAT 1 INFO SRCE 23
USE  1   TYPE  F    END LIAB 03 01 2009 DECAL SITUS 00  QUALIFY? N NCOA Y

YEAR:       MAKE:                        PURC YR:      COST:            FUEL:
MODEL:                                   BOOK/COST?: C LOCATION FROM      TO
BODY TYPE:                               EW:         GW:         CW:
TITLE#:            TAG#:                 LNG:        WIDTH:      SQFT:
VEHICLE ID:                              MILEAGE:
OWNER NAME/ADDR  OR  LEASE CO#           ASMT:     112703 ASMT ADJ:          CD:
CIRCUIT CITY STORES INC                  FILED: 04 15 2009 FILING EXT:
ATTN TAX 3721                            FILING STATUS:  F LATE FILE?: N
PO BOX 5695                              LEVY IND:       Y PROJ FAIR:
GLEN ALLEN         VA 23058 5695         CREATED: 12 11 1996  BY: 3202
LESSEE ADDRESS:                          UPDATED: 09 17 2009  BY: 3215
                                         TELEPHONE: 804-527-4000
                                         EMAIL:
SSN1:       3875 SSN2: 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         DECAL:           DATE:            FEE
REMARKS & #OF:     8                     TERM DATE:                         QTY
AC21 06/15/2009
ENTER: NXT PG   PF2:LEVY HIST   PF10:RTN TO BROWSE   S/PF1:PPTRA   S/PF4:COMMNTS
  PF1: NEXT ACCT==> 0038755109 PF5: PP MAINT       PF7: PRINT COR PRTID= ____
MA     a                                                                 24/022
```

ibm.intranet.col:23

12/2/2009 6:32:29 PM





```
09-17-2009            COUNTY REVENUE INFORMATION SYSTEM                CRISD3I3
11.21               PERSONAL PROPERTY INQUIRY  00387551 2009 1 F        D3I3IQ02

                                                   BUSINESS ACCOUNT:

TAG FEE
TAG EXPIRES               LEASE IND  0
TITLE DATE                LESSOR NAME
                          SHORT TERM RENTAL
DMV SELL                  AUDIT FLAG/DATE
                          APPEAL FLAG/DATE
ADDR CHANGE  2009-06-15   ASSET LIST RECEIVED Y  ASSET LIST REVIEWED N -
                          PREV1
REG CARD PRT 2009-02-21   PREV2
             A            PREV3      158110
                          PREV4
                          PREV5      652696
MICRO FILM 04 17 2009 4356 00092       PHYSICAL LOCATION ADDRESS:

TRCS INFO                                                  VA

                                    VOLUNTEER COMPANIES  SSN:

ENTER: PAGE BACK    PF9: INQ BPOL
MA     a                                                          02/048
```

9/17/2009 11:22:20 AM



```
09-17-2009           COUNTY REVENUE INFORMATION SYSTEM                  CRISD3I3
11.29                    PERSONAL PROPERTY INQUIRY                      D3I3IQ01

ACCT 00611235 YR 2009 BEG LIAB 01 01 2001 PRIM SITUS 00 TAX STAT 1 INFO SRCE 36
USE  1   TYPE  E     END LIAB 03 01 2009 DECAL SITUS 00  QUALIFY? N NCOA Y

YEAR:       MAKE:                        PURC YR:      COST:          FUEL:
MODEL:                                   BOOK/COST?: C LOCATION FROM      TO
BODY TYPE:                               EW:          GW:        CW:
TITLE#:              TAG#:               LNG:         WIDTH:     SQFT:
VEHICLE ID:                              MILEAGE:
OWNER NAME/ADDR  OR  LEASE CO#           ASMT:     22114  ASMT ADJ:         CD:
CIRCUIT CITY STORES INC                  FILED: 04 15 2009 FILING EXT:
ATTN TAX 3721                            FILING STATUS:  F LATE FILE?: N
PO BOX 5695                              LEVY IND:       Y PROJ FAIR:
GLEN ALLEN           VA 23058 5695       CREATED: 12 14 2000  BY: 021B
LESSEE ADDRESS:                          UPDATED: 06 15 2009  BY: 3268
                                         TELEPHONE: 804-527-4000
                                         EMAIL:
SSN1:        875 SSN2: 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         DECAL:           DATE:           FEE
REMARKS & #OF:    8                      TERM DATE:                        QTY
AC21 06/15/2009
ENTER: NXT PG   PF2:LEVY HIST  PF10:RTN TO BROWSE  S/PF1:PPTRA   S/PF4:COMMNTS
  PF1: NEXT ACCT==> 0061123509 PF5: PP MAINT       PF7: PRINT COR PRTID=
MA    a                                                                 24/022
```

9/17/2009 11:29:38 AM



```
09-17-2009          COUNTY REVENUE INFORMATION SYSTEM                 CRISD3I3
11.30             PERSONAL PROPERTY INQUIRY  00611235 2009 1 E        D3I3IQ02

                                              BUSINESS ACCOUNT:

TAG FEE
TAG EXPIRES               LEASE IND  0
TITLE DATE                LESSOR NAME
                          SHORT TERM RENTAL
DMV SELL                  AUDIT FLAG/DATE
                          APPEAL FLAG/DATE
ADDR CHANGE   2009-06-15  ASSET LIST RECEIVED Y  ASSET LIST REVIEWED N -
                          PREV1
REG CARD PRT 2009-02-21   PREV2
             A            PREV3       16432
                          PREV4        4623
                          PREV5      162595
MICRO FILM 04 17 2009 4356 00093       PHYSICAL LOCATION ADDRESS:

TRCS INFO                                                  VA

                                   VOLUNTEER COMPANIES  SSN: __________
                                   __   __   __   __   __
ENTER: PAGE BACK    PF9: INQ BPOL
MA    a                                                            02/048
```

9/17/2009 11:29:53 AM