Kevin A. Lake, Esquire (VSB# 34286)
VANDEVENTER BLACK LLP
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA 23218-1558
Tel: 804.237.8811
Fax: 804.237.8801
klake@vanblk.com

Patrick Kenny, Pierce County Budget and Finance
Suite 100 – Merit Building
615 S. 9th St.
Tacoma, WA  98405-4673
Attention:  Allen Richardson, Agent
(253) 798-7495

Attorneys for Pierce County

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA, RICHMOND DIVISION

| | |
|---|---|
| In re: CIRCUIT CITY STORES, INC. *et al.*, | Chapter 11 |
| | Case No.: 08-35653 (KRH) |
| Debtors. | |

**OPPOSITION OF CREDITOR PIERCE COUNTY TO DEBTORS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (REDUCTION OF CERTAIN PERSONAL PROPERTY TAX CLAIMS)**

Creditor Pierce County (hereinafter "Pierce County"), opposes Debtors' Motion for Partial Summary Judgment on the Thirty-Seventh Omnibus Objection to Claims.

**I.    DEBTORS' ARGUMENT AGAINST THE COURT'S ABSTENTION FROM RULING ON THE OBJECTION FAILS BECAUSE DEBTORS HAVE IGNORED THE CONSTITUTIONAL DOCTRINES OF COMITY AND FEDERALISM; THE COURT MUST ABSTAIN UNLESS THERE IS AN OVERRIDING REASON FOR THE COURT TO DETERMINE THE STATE TAX CLAIM, AND DEBTORS HAVE NOT SUPPLIED SUCH AN OVERRIDING REASON.**

Debtors argue that under the standard for discretionary abstention applied in *In re Metromedia Fiber Network, Inc.*, 299 B.R. 251, 280-281 (Bankr. S.D. N.Y. 2003), a federal court should exercise the jurisdiction conferred upon absent a compelling reason

---

**OPPOSITION PARTIAL MOTION FOR SUMMARY JUDGMENT ON THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS, Case No. 08-35653 (KRH)** 1

not to do so. Debtors then argue that under the six factor test applied in *Metromedia*, the court should accept jurisdiction to determine the values of the various properties in the various jurisdictions. However, Debtors ignore the fact that *Metromedia* and every single other case that Debtors cite in this portion of their memorandum ignore the twin doctrines of federalism and comity.

Specifically, all of the cases that Debtors cite precede the recent Supreme Court decision in *Florida Department of Revenue v. Piccadilly Cafeterias, Inc.* 554 U.S. 33, 128 S. Ct. 2326, 2336-2340, 171 L.Ed.2d 203, 215-220 (2008) which reaffirmed that federalism/comity apply in bankruptcy proceedings. Generally, the federal government will not interfere with certain core state functions unless there is an overriding reason. One of those core functions is tax administration. See, *e.g., National Private Truck Council, Inc. v. Oklahoma Tax Commission*, 515 U.S. 582, 586-587, 590; 115 S.Ct. 2351; 132 L.Ed.2d 509 (1995). The bankruptcy clause of the Constitution, of course, does give Congress the power to authorize the bankruptcy courts to intrude in state tax matters. However, because of the competing principles of comity/federalism, that intrusion should be as limited as possible in order to accomplish the necessary bankruptcy goals. In *Florida Department of Revenue*, *supra*, application of that principle that meant that federalism required the bankruptcy court to construe a state tax exemption narrowly against the taxpayer. *Id.*

In addition to influencing how federal courts construe state tax laws, federalism/comity also argues for abstention and allowing the case to proceed through the state system for appeals. *Cf., e.g., Dows v. Chicago*, 11 Wall. 108 (1871); *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293 (1943); *Fair Assessment in Real Estate Assn., Inc. v. McNary*, 454 U.S. 102, 102 S.Ct. 177, 70 L. Ed. 2d 271 (1981); *National Private Truck Council, Inc. v. Oklahoma Tax Commission*, *supra*. In the context of a motion to determine state taxes due, the intersection of federalism/comity with the bankruptcy court's powers means that the bankruptcy court should abstain

absent an overriding reason why it should become involved.  Here, Debtors have failed to provide such an overriding reason.  (One can debate the proper weighting on the two sides to decide whether a reason is "overriding," but here the issue does not get that far as Debtors have advanced no clear reason of any special force in favor of the Court's assuming jurisdiction to decide state tax matters.)

## II.     THE BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF TEXAS HAS REJECTED DEBTORS' ARGUMENTS THAT SECTION 505(A)(2)(C) DOES NOT BAR RELIEF AND THIS COURT SHOULD REJECT THEM, TOO

*In re The Village of Oakwell Farms, Ltd.,* 2010 Bankr. LEXIS 1248 (Bankr. W.D. Tex., April 19, 2010, Case No. 09-52932-C) holds contrary to the arguments that Debtors make for application of Bankruptcy Code section 505(a)(2)(C).

As the *Oakwell Farms* court notes, section 505(a)(2)(C) prohibits a bankruptcy court from making a section 505(a)(1) determination with regard to "the amount or legality of any amount arising in connection with an ad valorem tax on real or personal property of the estate, if the applicable period for contesting or redetermining that amount under any law (other than a bankruptcy law) has expired." The court adds that "[w]hen one reads this new provision, one is immediately tempted to add 'as of the commencement of the case' to the end of the statutory sentence." *Id.*, 2010 Bankr. LEXIS1248 at *16-*17.  However, the court continues, that language is not there, and so there are various other alternatives for the time to which "expired" relates.  The court then resorts to the tools of statutory construction.

The court first notes that the new language should be read in such a way as not to render existing language surplusage.  *Id.* at *18.  The court continues that section 505(a)(2)(A) "already bars redeterminations when the amount or legality of the tax has already been contested with finality before commencement of the case." As a result, the court reasons, "has expired" should not be confined to the pre-petition time, as that time

period is handled by section 505(a)(2)(A). But, the court observes, if the time period includes post-petition time, then there is a conflict with section 108(a). The court finds no help in the legislative history. *Id.* at *18-*19.

Applying another principle of statutory construction, the court then says that because section 505(a)(2)(C) is a specific provision it must govern over the more general rule stated in section 108(a). The court continues:

> Were there no new section 505(a)(2)(C), the interplay of sections 108(a) and 505(a)(2)(A) would mean that bankruptcy courts can redetermine [local agency] determinations so long as the time for filing an action *de novo* has not yet run . . . . The addition of new section 505(a)(2)(C) assures that notwithstanding section 108(a), the debtor must contest the [local agency] determination before the time period for seeking *de novo* review has expired.

*Id.* at *19. The court then concludes that the holding of *In re CGE Shattuck, Ltd.* 2001 Bankr. LEXIS 1674, on which Debtors rely, has been reversed. 2010 Bankr. LEXIS 1248 at *19.

The construction of the *Oakwell Farms* court is consistent with the general principle of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 that except where there was a clear, overriding policy to the contrary, taxpayers would not fare better in bankruptcy than they would outside it. (See, e.g., Weller, *Things Local Governments Wish Bankruptcy Attorneys Knew about Property Taxes* (2009) 28-4 American Bankruptcy Institute Journal 12, 60 ["We have all heard that bankruptcy is a process that gives a debtor a 'fresh start,' but it does not give a 'head start' or otherwise provide an advantage in ongoing operations, at least as far as taxes are concerned."]; Jenks, *The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005: Summary of Tax Provisions*, 79 American Bankruptcy Law Journal 893, 894 (2005) [" . . . the basic effect of the tax provisions in the Act is to adjust the 'three-way tension' among debtors, general creditors, and taxing authorities in favor of the government."].)

Accordingly, the court should follow *Oakwell Farms* and hold that section 505(a)(2)(C) bars the relief that Debtors seek.

Claimant joins in the responses to the Debtor's Motion for Partial Summary Judgment on the Thirty-Seventh Omnibus Objection to Claims filed by other parties, to the extent they are not inconsistent with this Response.

**WHEREFORE,** it is requested that the Court deny the Motion for Partial Summary Judgment and grant such other relief as the Court may deem proper.

DATED: May 13, 2010                     Respectfully submitted,

**VANDEVENTER BLACK LLP**

/s/ Kevin A. Lake
Kevin A. Lake, Esquire (VSB# 34286)
VANDEVENTER BLACK LLP
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA 23218-1558
Tel: 804.237.8811
Fax: 804.237.8801
klake@vanblk.com

Patrick Kenny, Pierce County Budget and Finance
Suite 100 – Merit Building
615 S. 9th St.
Tacoma, WA  98405-4673
Attention:  Allen Richardson, Agent
(253) 798-7495

Attorneys for Pierce County

# CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of May, 2010, I caused to be served a true and correct copy of Opposition of Creditor Pierce County to Debtors' Motion for Partial Summary Judgment on the Thirty-seventh Omnibus Objection to Claims (Reduction of Certain Personal Property Tax Claims) to all parties receiving notice via ECF and via ECF and/or email on the following:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
P.O. Box 636
Wilmington, Delaware 19899-0636

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606-7120

Douglas M. Foley
Dion W. Hayes
McGuireWoods, LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
    Attorneys for Debtors

                                              /s/ Kevin A. Lake
                                              Kevin A. Lake