MARTHA E. ROMERO, State Bar No. 128144
ROMERO LAW FIRM
BMR Professional Building
6516 Bright Avenue
Whittier, California 90601
(562) 907-6800
(562)907-6820 Facsimile
Email: Romero@mromerolawfirm.com

Attorney for SECURED CREDITORS
LOS ANGELES, MONTEREY, and
PLACER. CALIFORNIA
THE CALIFORNIA TAXING AUTHORITIES

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

**RICHMOND DIVISION**

| | |
|---|---|
| In re: ) | Case No. 08-35653 KRH |
| ) | |
| CIRCUIT CITY STORES, INC., et al ) | Chapter 11 |
| ) | |
| Debtor(s). ) | |
| ) | **OBJECTION OF LOS ANGELES COUNTY, MONTEREY COUNTY AND PLACER COUNTY, CALIFORNIA, COLLECTIVELY THE CALIFORNIA TAXING AUTHORITIES TO DEBTORS' MEMORANDUM OF LAW IN SUPPORT OF THE DEBTORS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (REDUCTION OF CERTAIN PERSONAL PROPERTY TAX CLAIMS)** |
| | **DATE: MAY 20, 2010** |
| | **TIME: 10:00 ET** |

TABLE OF CONTENTS

I.   INTRODUCTION                                                          2

II.  THE COURT SHOULD USE ITS DISCRETION TO
     DENY THE REQUESTED RELIEF                                             4

     A. SECTION 505 PROVIDES DISCRETION TO DENY
     THE CLAIM OBJECTION AND MOTION TO DETERMINE
     TAX LIABILITY                                                         4

     B.  THE COURT SHOULD DENY THE MOTION                                  5

     C.  TAXATION IN CALIFORNIA IS GOVERNED BY NUMEROUS
     TAXATION CODE SECTIONS, RULE AND PROCEDURES                           6

     D.  THE OTHER ST. JOHN FACTORS ALSO REQUIRE ABSTENTION                6

III. THIS COURT SHOULD USE ITS DISCRETION TO ABSTAIN UNDER
     SECTION 1334(c)                                                       8

IV.  THE COURT SHOULD ALSO ABSTAIN BECAUSE THE DEBTORS
     FAILED TO SUBMIT EVIDENCE WHICH WOULD RESULT IN THE
     DISALLOWANCE OF THE CLAIMS                                           10

V.   THIS COURT SHOULD ABSTAIN BECAUSE THE DEBTORS FILED AN
     ASSESSMENT APPEAL                                                    12

VI.  11 U.S.C. SECTION 505(A)(C) SPECIFICALLY STATES
     NO DETERMINATION OF TAX LIABILITY CAN OCCUR IF
     THE APPLICABLE PERIOD FOR CONTESTING OR REDETERMINING
     THAT AMOUNT UNDER ANY LAW HAS EXPIRED                                13

VII. CONCLUSION                                                           15

TO THE HONORABLE KEVIN R. HUENNEKENS AND TO ALL PARTIES OF INTEREST:

Collectively the California Taxing Authorities Los Angeles County, Monterey County and Placer County, California hereby object to the Debtors' Memorandum of Law in Support of the Debtors' Motion for Partial Summary Judgment on the Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Personal Property Tax Claims).

The objection is based on the following grounds:

1. This court should use its power under 11 U.S.C. Section 505 to decline from redetermining the tax;
2. This court should use its power to abstain from hearing any of the issues brought in the complaint;
3. The court should abstain because Debtors have totally and wholly failed to state any substantive basis that the Taxing Authorities values as determined by the California assessor are arbitrary, imprecise and unreasonable or exceed the full or market value of debtors' property. Additionally, Debtors have failed to specifically challenge the Assessors' records and pinpoint the discrepancy in the valuation figures for each year challenged;
4. The court should abstain as to those Taxing Authorities in which an assessment appeal was already filed for 2009 ( see chart below - ie Los Angeles, Monterey and Placer)
5. Debtors have failed to comply with the California state law procedure to challenge the tax at the local level-- at the local assessment appeal tribunal as to the 2007 year for Monterey only and as to 1 parcel only out of 22 parcels for Los Angeles.

1

**I. INTRODUCTION.**

The Taxing Authorities are a political subdivision of the State of California which possesses the authority under the laws of the State to assess and collect ad valorem taxes on real and personal property. The taxes at issue in this case are personal property taxes.

The subject property is comprised of business locations in the various California Counties. The business property at these locations is subject to the assessment of local property taxes under California State law.

The Debtors are entities doing business in California, required to file annual Business Personal Property Statements and to pay taxes due with respect to personal property held in California. The taxing authorities assessed the debtor's personal property per the California statutes, using information substantially provided by the debtors.

In fact, in California, the debtors are required to submit a Business Personal Property Statement, the 571L Property Statement, under penalty of perjury, which sets forth the personal property owned by the debtor during any particular tax year. The resulting tax is determined by the information and values provided by the property of the business equipment reported.

The California Taxing Authorities rely on tax revenue in order to provide funding for local fire, police, schools and hospitals.

All personal property tax claims are secured against the property claimed.

The claims are as follows:

|  | Appeal Filed? | Appeal Heard? |
|---|---|---|
| **Los Angeles (2009 year)** | | |
| 1. 40711740 $ 19,228.48 | Yes | No |
| 2. 40776226 $ 16,394.64 | Yes | No |
| 3. 40811362 $  3,535.35 | Yes | No |
| 4. 40811363 $  8,078.54 | Yes | No |
| 5. 40811364 $  7,881.32 | Yes | No |
| 6. 40811365 $  5,079.95 | Yes | No |
| 7. 40811366 $  5,379.53 | Yes | No |
| 8. 40811367 $  9,683.01 | Yes | No |
| 9. 40811368 $  6,873.44 | Yes | No |
| 10.40811369 $  8,589.15 | Yes | No |
| 11.40811370 $  7,653.25 | Yes | No |
| 12.40811371 $  2,140.66 | Yes | No |
| 13.40811372 $  8,003.55 | Yes | No |
| 14.40811373 $  7,075.12 | Yes | No |
| 15.40811374 $  5,273.84 | Yes | No |
| 16.40811375 $  2,873.99 | Yes | No |
| 17.40811376 $  4,163.39 | Yes | No |
| 18.40811377 $  6,764.02 | Yes | No |
| 19.40811378 $  6,997.44 | Yes | NO |
| 20.40811379 $  8,495.52 | Yes | No |
| 21.40811380 $  9,412.23 | Yes | No |
| 22.40807640 $  8,035.58 | No | |
| Total: $ 167,612.00 | | |
| **Monterey** | | |
| 1. 800-013-800 $27,663.41   Fiscal tax Year 2009 | Yes | No |
| 2. 985-000-074 $ 6,528.36   Fiscal tax year 2007,   bill issued 6/08 due 12/1/08 | No   appeal due   8/16/08 | |
| 3.800-021-144 $ 5,472.82   Fiscal tax year 2009 | No[1] | |
| **Total $ 39,664.59** | | |
| **Placer** | | |
| 10271 Fairway Drive   parcel 800-031-000 | Yes   9/15/09 | No |

---

[1] Since an appeal was filed for the other 2009 assessment, this bill should just be paid as undisputed.

3

>Currently due $10,271
>Fiscal Year 2009/10

Payment of these taxes was to have been made by August 31, 2009 and December 1, 2008 for the 2007 bill for Monterey. The taxes were not paid and became delinquent on September 1, 2009 and January 1, 2009, at which time penalties and interest began to accrue as provided under California Law Revenue and Taxation Code Section 4103.

The Debtors have failed to pay these taxes as required by 28 USC § 960(b):

> A tax under subsection (a) shall be paid on or before the due date of the tax under applicable non-bankruptcy law unless (1) the tax is a property tax secured by a lien against property that is abandoned…or (2) payment of the tax is excused under a specific provision of Title 11.

And not only is there no provision in Title 11 excusing the payment of post-petition taxes, but the failure to do so constitutes cause for conversion or dismissal of the Chapter 11 case under 11 USC § 1112(b)(4)(I).

**II. THE COURT SHOULD USE ITS DISCRETION TO DENY THE REQUESTED RELIEF.**

A. SECTION 505 PROVIDES DISCRETION TO DENY THE CLAIM OBJECTION AND MOTION TO DETERMINE TAX LIABILITY.

The plain language of 11 U.S.C. 505 vests discretion with the court to deny the requested relief: " ... the court <u>may</u> determine the amount or legality of any tax ... " Emphasis added. The plain language of this section gives this court discretionary authority to redetermine the debtors' tax liability. <u>In re Metromedia Fiber Network, Inc</u>, 299 B.R. 251, 270 (Bankr. S.D.N.Y 2003).

4

The debtors have argued that there is a common threshold of issues that warrant the jurisdiction of this court.  However, ninety-four (94) claimants filed responses to the claim objections.

Other than the fact that the claimants are taxing authorities, no other common grounds exist. Debtors are seeking to determine local taxes under 11 U.S.C. Section 505, but each and every taxing authority, all 94 claimants, will have different state laws, rules and procedures requiring the redetermination of the tax. Additionally, California has in place local procedures by which the debtor could have and should have challenged any tax - the local assessment appeal board. As explained in more detail below, the court should deny this motion because there is a total lack of common facts, law or issues with respect to each and every claimant.

Specifically as to Los Angeles, Monterey and Placer the court should abstain because the debtor filed timely assessment appeals and the appeals are pending. (with the exceptions noted above)

B.   THE COURT SHOULD DENY THE MOTION.

In In re St. John's Nursing Home, Inc., 154 B.R. 117 (Bankr. D. MA 1993), the court relied on several factors to refrain from ruling on the 505 relief.  The St. John's court refused to make a refund of tax to the Debtor because the case was twelve years old, the plan provided payment in full of all claims and was confirmed and only the Debtor stood to benefit from the ruling.

The St. John's  court examined:

1) the complexity of the tax issue to be decided;

2) the need to administrate the bankruptcy case;

5

3) the burden on the court's docket;

4) the length and time required for trial and decision;

5) asset and liability structure of debtor

6) any prejudice or potential prejudice to taxing authority.

C.   TAXATION IN CALIFORNIA IS GOVERNED BY NUMEROUS TAXATION CODE SECTIONS, RULE AND PROCEDURES.

Factor #1).  The complexity of the tax issue to be decided.

California State Law, including its State Constitution, must be examined to determine the value.  The court will also have to determined the requirements for 94 other claimants including

1. What local tax sections govern the assessment.
2. How the assessment is determined.
3. How the taxing authority determines the value of the personal property, tax rate, methodology.
4. The local laws and guidelines for determination of the assessment.
5. The local law requiring the filing of a return by the debtor taxpayer and time lines.
6. The local laws regarding appeal of the assessment.
7. The administrative remedies (including the assessment appeal) for each claimant.
8. Examination of local records to determine whether or not the values are overvalued.
9. Separate evidentiary hearings regarding the valuation issues.

In conclusion, due to the complex and rigorous State Law, rules and guidelines regarding taxation of the personal property the California Taxing Authorities request that the court abstain from hearing the objection and/or motion to determine the tax liability.

D.   THE OTHER ST. JOHN FACTORS ALSO REQUIRE ABSTENTION.

Factors #2, 3 and 4).  The need to administer the bankruptcy case; the burden on the court's docket and the length and time required for trial and decision.

6

In order to determine all of the objections of the debtor to the various assessment of personal property, the assessor must examine its records.  Oral testimony will be required to each objection to the claim and determination of tax liability.

In fact, the debtor actually should have filed an adversary proceeding. Bankruptcy Rule 3007 allows a claim objection to be made by motion, unless a demand for relief of a type specified in in Bankruptcy Rule 7001 is sought.  7001 requires an adversary proceeding be filed whenever a party seeks to determine the validity, priority or extent of a lien.

Rule 7001(s) determine the validity, priority or extent of a lien.  Since the debtor is seeking redetermination of the tax and since a lien attached by operation of California Law, debtors' avenue for relief was an adversary proceeding.

An adversary proceeding will require an entire separate set of rules, monitoring of the court and resulting in a trial.

In addition, the court may require an adversary proceeding to be actually filed.

Factor #5).  Asset and liability structure of debtor.  There is no information on this factor although the estate has cash to pay these claims.

Factor #6)  Any prejudice or potential prejudice to taxing authority.  Reducing or disallowing the secured taxes would severely prejudice the Taxing Authorities.

In <u>In Re Building Technologies Corp.</u>, 167 B.R. 853 (Bankr. S.D. Ohio 1994), the Bankruptcy court abstained from ruling on the 505

7

relief. The court held that it would abstain from the review of the City and County Tax Authority of the Debtor's asset because the issue of tax valuation was a complex issue and must be decided under Missouri Law. Further, the benefit was only to a single secured creditor and there would be serious prejudice to the Missouri taxing authority in establishing the valuation of real property assets in an Ohio Bankruptcy Court.

Using the reasoning behind St. John's and Building Technologies, the requested relief should be denied.

**III.   THIS COURT SHOULD USE ITS DISCRETION TO ABSTAIN UNDER SECTION 1334(c).**

This court should abstain from redetermining the local taxes.

Section 1334(c), which confers original, but not exclusive jurisdiction, on the United States Bankruptcy Court for civil proceedings arising under Title 11 or arising in or related to cases under Title 11 also provides that:

> Nothing in this section prevents a district court in the interest of justice or in the interest of comity with State courts or respect for State Law from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. 28 U.S.C. §1334(c)(1).

In Ohio ex rel Fisher v. Forster (In Re Forster), 146 B.R. 383, 386 (Bank. N. D. Ohio 1992), the court held that under §1334(c)(1), a bankruptcy court should, in its own discretion, abstain from adjudicating a removed action in the interest of comity and respect for state Law when the action involves interpretation of state environmental legislation since it is without expertise on such issues.

8

The court noted that,

> Even if this court were not compelled by 28 U.S.C. §1334 (c)(2) to abstain from hearing the Debtor's adversary proceeding against (defendant), it would be guided by principles of comity to respect a pending unresolved state Law suit and would not exercise federal judicial authority in the disregard of the comity between the state courts and the federal courts. <u>Id.</u>, p. 386.

The court went on to note,

> Federal courts should be hesitant to exercise jurisdiction when state issues substantially predominate, whether in terms of proof, or the scope of the issues raised, or of the comprehensiveness of the remedy sought. <u>Id.</u>, p. 386, citing <u>In re White Motor Credit</u>, 761 F.2d 270 (6th Cir. 1985).

In <u>Forster</u>, the plaintiff claimed that the Debtor violated certain environmental regulations in operating a landfill and that the complaint was based upon Ohio administrative codes. The Court held that these actions were based upon state Law causes of action. <u>Id.</u>, p. 385-86. <u>Forster</u> applies directly to the case at hand.

Federal courts exercising bankruptcy jurisdiction should defer to a state court for determination of a particularly unusual question of state Law. <u>Coker v. Pan American World Airways, Inc. (In re Pan American Corp.)</u>, 950 F.2d 839 (2nd Cir. 1991).

In <u>Dart & Boclue Co. v. Slosberg (In re Dart & Bogue Co.)</u>, 52 B.R. 594 (Bank. D. Conn. 1985), the trustee brought a proceeding under §544, seeking a determination that pre-petition mortgage deeds executed by the Debtor were invalid under Connecticut Law. On Motion for Summary Judgment, the court held that abstention was appropriate with respect to unsettled questions of State Law on the validity of mortgages which did not state the maximum term of notes for which the mortgages were security. The Court abstained because

9

the proceeding concerned a state statute and unsettled state law controlled the resolution of the issue in the bankruptcy proceeding. The Court found the state court should decide the issue.

In a very similar case, In re Metromedia Fiber Network, Inc., 299 B.R. 251 (Bankr. S.D.N.Y. 2003), the court held permissive abstention was appropriate because, "*[a]d valorem* property taxation is governed by local Law, and there is compelling local interest in 'uniformity of assessment' in fairly allocating the local tax burden." Id., 299 B.R. at 284.[2]

Likewise in In re Cable and Wireless, USA., 331 B.R. 568 (bankr. D. Del. 2005) the court abstained because of the variations among the taxing authorities.

**IV. THE COURT SHOULD ALSO ABSTAIN BECAUSE THE DEBTORS FAILED TO SUBMIT EVIDENCE WHICH WOULD RESULT IN THE DISALLOWANCE OF THE CLAIMS.**

When a party objects <u>substantively</u> to a proof of claim, that party must identify the statutory basis for disallowance under 11 U.S.C. §502(a), and submit admissible evidence to establish facts

---

[2] The court in In re Millsaps, 133 B.R. 547 (Bankr.M.D.Fla. 1991), addressed another policy consideration supporting abstention under 28 U.S.C. §1334(c)(1), "the interest of justice", where a debtor sought a refund of federal income taxes paid:

> Unless this court abstains in these unusual circumstances, every taxpayer would know that he or she could ignore all of the tax protest and determination procedures ... allow all time periods they provide to expire, ... and then years later come into this court and obtain the judicial determination the taxpayer chose not to seek before.  The interest of justice cannot be furthered by that result. Id. at 555.

10

proving each ground for disallowance alleged.  See Hon. Kathleen P. March and Rigoberto V. Obregon, <u>Objecting to Claims:  The Downfall of Five Great Bankruptcy Myths</u>,  18 Cal. Bankr. J. 299, 305 (1990).

When a proof of claim is properly filed, the prima facie presumption as to validity and amount pursuant to Rule 3001(f) is triggered.

Thereafter, the objecting party must refute this prima facie presumption by submitting countervailing evidence of a probative force equal to that of the allegations of the creditor's proof of claim in order to overcome this presumption. 4-502 <u>Collier On Bankruptcy</u> (15th ed. Revised 2006).

The debtors have failed to submit any admissible evidence to establish facts proving that the claim should be reduced. Further, the debtors did not obtain any of the documents upon which the Assessor used to ascertain the value. Neither did it point out where the Assessor made errors.

Therefore, the debtors have not rebutted the prima facie presumption of validity of the claim.  The debtors substantive objections cannot be sustained.

In <u>In re AWB Associated, G.P.</u>, 144 B.R. 270 (Bankr. E. D. PA. 1992), the facts are similar.  AWB failed to provide any evidence on the value of the real property it was seeking to challenge.  Rather AWB simply made conclusionary statements absent evidence that the property had declined in value.  The Court criticized AWB for failing to submit any evidence on its challenge.

The <u>AWB</u> court stated:

11

> Firstly, AWB failed to overcome the presumption of correctness of Camden's tax assessments. In order to achieve such a result, AWB was obliged to first introduce Camden's valuation of the property and then offer competent testimony which contradicted that valuation. Id. at 279-80.

of this subsection, the court may determine the amount or legality of any tax, any fine, or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

**V. THIS COURT SHOULD ABSTAIN BECAUSE THE DEBTORS FILED AN ASSESSMENT APPEAL.**

As stated above the court should further abstain as to Los Angeles, Monterey and Placer because the debtors timely filed assessment appeals for the 2009 year. As noted above, the only appeals not filed were to the 2007 Monterey bill and the 4080760 bill for Los Angeles.

California State Law limits the time debtors can challenge the value. An appeal to challenge the current value must be filed between July 2nd and September 15th with the County Board of Equalization.[3] Note the time can be extend to November 30th of any

---

[3] California Revenue and Taxation Code section 1603 states:
(a) A reduction in an assessment on the local roll shall not be made unless the party affected or his or her agent makes and files with the county board a verified, written application showing the facts claimed to require the reduction and the applicant's opinion of the full value of the property. The form for the application shall be prescribed by the State Board of Equalization.
(b) The application shall be filed within the time period beginning July 2 and continuing through and including September 15.

12

given year.

With regard to the 2007 ad valorem tax bill in Monterey the time to challenge was August 16, 2008 for the 2007 taxes. This time period has long expired.

In order to recover taxes, a taxpayer must meet two specific conditions: a timely assessment appeal before the local assessment appeals board[4] and the timely filing of a claim for refund of taxes with the county's Board of Supervisors. Both requirements are jurisdictional.

"It is not a matter of judicial discretion, but is a fundamental rule of procedure . . . exhaustion of the administrative remedy is a jurisdictional prerequisite to resort to the courts." <u>Albelleira v. District Court of Appeal</u>, 17 Cal. 2d 280, 293, 109 P.2d 942 (1941). See <u>United States v. Superior Court</u>, 19 Cal. 2d 189, 194, 120 P.2d 26 (1941) - "Jurisdiction to entertain an action for judicial relief is conditioned upon a completion of the administrative procedure."

"[T]he right to a refund of taxes is purely statutory. . . . " <u>Osco Drug, Inc. v. County of Orange</u>, 221 Cal. App., 3d 189, 195, 272 Cal. Rptr. 14 (1990) and <u>Chrysler Credit Corp. v. Ostly</u>, 42 Cal. App. 3d 663, 680, 117 Cal. Rptr. 167 (1974).

**VI. 11 U.S.C. SECTION 505(A)(C) SPECIFICALLY STATES NO DETERMINATION OF TAX LIABILITY CAN OCCUR IF THE APPLICABLE PERIOD FOR CONTESTING OR REDETERMINING THAT AMOUNT UNDER ANY LAW HAS EXPIRED.**

13

New section (a)(C) to Section 505 specifically states that if the period for contesting or redetermining the amount under any state law has expired, the debtor cannot seek redetermination of the tax.

Section 108(a) is specifically limited to those actions filed prior to the bankruptcy petition date. Collier on Bankruptcy, 15 Ed Rev. p. 108.2. Thus, this section in inapplicable to the 2009 appeals filed in Los Angeles, Monterey and Placer. The debtors voluntarily filed assessment appeals post petition. Moreover, even if the court found this section applicable to the 2007 tax bill for Monterey, the filing of an assessment appeal is a prerequisite to the filing of a lawsuit in Superior Court as explained above. It is part of the requirement to exhaust the administrative remedies.

Section 108 has been found to only apply in those situations where a lawsuit is involved and not an administrative action. The Fifth Circuit in <u>TLI, Inc. V. US</u>, 100 F.3d 424, 427 (5th Cir. 1996) ruled that administrative proceedings required as a prerequisite to the commencement of a suit do not count as the "commencement of an action" within the meaning of section 108(a).

The court in <u>TLI</u> specifically noted that the commencement of an "action" referred to "the actual tax litigation, a legal contest by judicial process. <u>Id</u>.  Also cited by <u>Village at Oakwell Farms, Ltd.</u> 2010 Bankr. Lexis 1248.  The ruling in <u>TLI</u> had particular force because the Appraisal Review process was the same administrative process, one that serves as a prerequisite to the initiation of a free-standing judicial process in which the entire questions of

14

valuation is examined *de novo,* unrestricted by anything done at the administrative level.  <u>Village</u> at 14.

The debtors argument that Section 108(a) extends the time to file an action against the Taxing Authority is clearly not founded in the law.  Therefore such request should be denied.

**VII. CONCLUSION.**

The California Taxing Authorities respectfully request that the court deny this motion based on the foregoing.

Dated: May 13, 2010     ROMERO LAW FIRM


            By <u>/s/ Martha E. Romero</u>
            MARTHA E. ROMERO, State Bar No. 128144
            California Taxing Authorities
            ROMERO LAW FIRM
            BMR Professional Building
            6516 Bright Avenue
            Whittier, California 90601
            (562) 907-6800
            (562)907-6820 Facsimile
            Email: Romero@mromerolawfirm.com

15