UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
IN RE:                              )
                                    )       Chapter 11
CIRCUIT CITY STORES, INC., et al,   )       Case No. 08-35653
                                    )
                                    )       Jointly Administrated
                  Debtors.          )
```

## GASTON COUNTY'S RESPONSE TO DEBTORS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (REDUCTION OF CERTAIN PERSONAL PROPERTY TAX CLAIMS)

NOW COMES Gaston County by and through Angie Surbeck, Bankruptcy Officer, Gaston County, a creditor herein, responding and objecting to the debtors' Motion for Partial Summary Judgment on the Thirty-Seventy Omnibus Objection to Claims (Reduction of Certain Personal Property Tax Claims), and shows that abstention is proper with respect to the claim of Claimant Wake County Revenue Department and that U.S. Bankruptcy Code Section 505(1)(2)(C) does, in fact, bar the determination by the Bankruptcy Court of "the amount or legality of any amount arising in connection with an ad valorem tax on real or personal property of the estate". In support thereof, Creditor reiterates its argument stated in its response filed to this court.

Debtors have exhausted all remedies with respect to any challenges to the tax values assessed at the property it owns in Gaston County. Debtors are collaterally estopped from further attack or action to challenge the validity of Creditor's claim. Under North Carolina law. Personal property is self-listed by the taxpayer during January of each year, pursuant to N.C.G.S. 105-304 et. seq. Once listed, business

personal property is appraised based on information furnished by the taxpayer and cost and depreciation schedules furnished by the State of North Carolina. Once appraised, the Taxpayer is notified of the value.  The appraised value may then be appealed to a Board of Equalization and Review.  If not timely appealed, the value is deemed correct.

The Debtor argues that section 108(a) of the Bankruptcy Code should be read in harmony of 11 U.S.C. §505(a)(2)(c).  However, these two sections should not be read together.  If the two sections are read together, §505(a)(2)(c) would not have any meaning, as North Carolina state laws concerning ad valorem taxes would be essentially nullified.  The Court should not adjust the ad valorem tax values for property owned by the Debtor, as the Debtor had ample opportunity under state law to challenged the assessed values.  It would not be equitable to permit the Debtor to challenge the ad valorem taxes it owes to Gaston County well after the state time period for such challenge expired.

WHEREFORE, Gaston County respectfully requests that Debtors' Motion for Partial Summary Judgment on the Thirty-Seventy Omnibus Objection to Claims be denied.

This the 12 day of May, 2010.

*(signature)*
Angie Surbeck
Gaston County Bankruptcy Officer
P. O. Box 1578
Gastonia NC 28053
(704)866-3712

CERTIFICATE OF SERVICE

This is to certify that the foregoing Response to Debtors' Motion for Partial Summary Judgment on the Thirty-Seventh Omnibus Objection to Claim was served on the Debtors by mailing a copy thereof first class mail, postage prepaid, addressed to the following:

Gregg M. Galardi Esq.
Ian S. Fredericks, Esq.
SCADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington Delaware 19899-0636

Sarah B. Boehm, Esq.
Douglas M. Foley, Esq.
McGUIREWOODS, LLP
One James Center
901 E. Cary Street
Richmond, VA 23219

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-7120

This the 12 day of May, 2010.

_____
Angie Surbeck
Gaston County Bankruptcy Officer