Peter E. Strniste, Jr. (*pro hac vice*)
Patrick Birney (*pro hac vice*)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8339
Facsimile: (860) 275-8299

Christopher L. Perkins (VSB No. 41783)
Christian K. Vogel (VSB No. 75537)
Ryan C. Day (VSB No. 76657)
LeClairRyan, A Professional Corporation
951 E. Byrd Street
Riverfront Plaza, East Tower
Richmond, VA 23219
Telephone: (804) 783-7550
Facsimile:  (804) 783-7686

*Counsel for Schimenti Construction Co., LLC*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 (Jointly Administered) |
| CIRCUIT CITY STORES, INC., et al., | CASE NO. 08-35653 (KRH) |
| DEBTORS. | |

## MOTION FOR LEAVE TO APPEAL

Schimenti Construction Company, LLC ("**Schimenti Construction**"), by counsel, hereby

moves for leave to appeal (the "**Motion**")[1] under 28 U.S.C. § 158(a)(3) and Rules 8001(b) and

8003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") from the Second

Supplemental Order on Debtors' Fifth Omnibus Objection to Certain Misclassified Non-Goods

503(b)(9) Claims [Docket No. 7355] (the "**Order**") entered by the Bankruptcy Court on April

---

[1] While the Order (defined below) is a final order appealable as of right, this Motion is filed to the extent necessary to preserve Schimenti Construction's right to appeal on an interlocutory basis.

30, 2010, occasioned by the Memorandum Opinion dated September 22, 2009 [Docket No. 5040] (the "**Opinion**") and the corresponding order entered in accordance with the Memorandum Opinion on September 22, 2009 [Docket No. 5041].   True and correct copies of the Order, Opinion and the September 22, 2009 order are attached hereto as Exhibit A, Exhibit B and Exhibit C, respectively, and by this reference fully incorporated herein.   In support of its Motion, and as required by Bankruptcy Rule 8003(a), Schimenti Construction respectfully states as follows:

**I.      Facts Necessary to an Understanding of the Questions to be Presented by the Appeal**

1.      Schimenti Construction is a contractor specializing in the construction and remodeling of all types of stores for the retail chain industry.

2.      On November 10, 2008 (the "**Petition Date**"), the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

3.      On or about December 19, 2008, Schimenti Construction filed proof of claim no. 966 (the "**Schimenti Claim**"), claiming an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code in the amount of $47,682.22 for materials and goods delivered and furnished to Circuit City Stores, Inc. in the ordinary course of its business within twenty (20) days of the Petition Date.

4.      The Debtors objected to the Schimenti Claim in the Fifth Omnibus Objection to Certain Misclassified 503(b)(9) Claims dated May 12, 2009 [Docket No. 3309] (the "**Omnibus Objection**"), asserting that Schimenti Construction did not provide "goods" to the Debtors and therefore the Schimenti Claim should be reclassified as a general unsecured claim.

5.      Schimenti Construction filed is response to the Omnibus Objection on June 15, 2009 [Docket No. 3622], arguing that review of the factual background of the Schimenti Claim

and relevant case law establishes that the Schimenti Claim is entitled to administrative expense priority under section 503(b)(9) of the Bankruptcy Code.

6.     A hearing was held on August 27, 2009 at which Schimenti Construction and other creditors presented oral argument in opposition to the Omnibus Objection.

7.     On September 22, 2009, the Bankruptcy Court entered the Opinion wherein the Bankruptcy Court concluded (1) that the definition of "goods" set forth in the Uniform Commercial Code should be employed in fashioning a federal definition for that term under section 503(b)(9) of the Bankruptcy Code,[2] and (2) that the "predominate purpose test" should be used to determine whether a claimant asserting a claim under section 503(b)(9) sold "goods" to the debtor.  An order was entered in accordance with the Opinion on September 22, 2009.

8.     On April 30, 2010, the Bankruptcy Court entered the consensual Order holding that the predominate purpose of the contracts between the Debtors and Schimenti Construction was the rendition of services and that the Schimenti Claim was therefore not entitled to administrative priority under section 503(b)(9).

**II.     <u>Statement of the Questions to be Presented by the Appeal and Relief Sought</u>**

9.     Schimenti Construction presents the District Court with the following questions:

a.     Whether the "predominate purpose test" should be used to determine whether a claim will be treated as an administrative expense under section 503(b)(9) of the Bankruptcy Code.

b.     Whether the Bankruptcy Court erred in reclassifying the Schimenti Claim as a general unsecured claim not entitled to administrative expense priority under section 503(b)(9) of the Bankruptcy Code.

---

[2] Schimenti Construction conceded that this was the appropriate definition.

10.     Schimenti Construction requests that the District Court reverse the Bankruptcy Court's Opinion adopting the predominate purpose test and reverse the Order reclassifying the Schimenti Claim as a general unsecured claim not entitled to administrative expense priority under section 503(b)(9) of the Bankruptcy Code.

## III.     Statement of Reasons Why an Appeal Should be Granted

11.     The Order is a final order appealable as of right.  Schimenti Construction files this Motion out of an abundance of caution, however, to argue in the alternative that the Order is appealable on an interlocutory basis.

### A.     The Order is a Final Order Appealable as of Right

12.     The Order is a final order appealable without leave of the District Court because it seriously affects Schimenti Construction's substantive rights and finally disposes of a discrete matter—the Debtors' objection to the Schimenti Claim—within the larger bankruptcy case.

13.     Final orders may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1) and Bankruptcy Rule 8001(a).  "[T]he concept of finality is applied in a 'more pragmatic and less technical way in bankruptcy cases than in other situations.'" *Herrington v. Swyter* (*In re Swyter*), 263 B.R. 742, 746 (E.D. Va. 2001) (quoting *Committee of Dalkon Shield Claimants v. A.H. Robins Co., Inc.*, 828 F.2d 239, 241 (4th Cir. 1987)).  In bankruptcy, "an order is final and appealable if it (i) finally determines or seriously affects a party's substantive rights, or (ii) will cause irreparable harm to the losing party or waste judicial resources if the appeal is deferred until the conclusion of the bankruptcy case." *Id.* at 746.

14.     Put another way, "[o]rders in bankruptcy cases 'may be immediately appealed if they finally dispose of discrete disputes within the larger case.'" *In re Computer Learning Centers, Inc.*, 407 F.3d 656, 660 (4th Cir. 2005) (quoting *In re Saco Local Dev. Corp.*, 711 F.2d

441, 444 (1st Cir. 1983)). "[A] 'proceeding' within a bankruptcy case [is] the relevant 'judicial unit' for purposes of finality." *Saco*, 711 F.2d at 445. A leading bankruptcy treatise maintains that, in bankruptcy, "finality is determined adversary proceeding by adversary proceeding or contested matter by contested matter." 5 *Collier on Bankruptcy* ¶ 5.08 (15th ed. rev. 2010). An objection to a claim commences a discrete contested matter. *See, e.g., Reid v. White Motor Corp.*, 886 F.2d 1462, 1469 n.8 (6th Cir. 1989), *cert. denied*, 494 U.S. 1080, 110 S. Ct. 1809, 108 L. Ed. 2d 939 (1990) (citing Advisory Committee Note to Fed. R. Bankr. P. 9014). A final order therefore includes one "that conclusively determines a separable dispute over a creditor's claim or priority." *Saco*, 711 F.2d at 445-46.

15.     Here, the Opinion and Order finally determine and seriously affect Schimenti Construction's rights. The Order denied Schimenti Construction administrative priority and fixed the Schimenti Claim's priority as at best general unsecured after application of the predominate purpose test established in the Opinion. While claims with administrative priority may be paid in full, general unsecured claims most certainly will not, if they are paid at all. Schimenti Construction's substantive rights as to priority were therefore finally determined and seriously affected by the Opinion and Order.

16.     Schimenti Construction will also suffer irreparable harm if the appeal is deferred. If the Bankruptcy Court has no further opportunity to rule on the allowance of the Schimenti Claim, Schimenti Construction will not have another chance to appeal the Bankruptcy Court's determination as to the Schimenti Claim's priority.[3] As a practical matter, a final determination of the Schimenti Claim's priority cannot wait until the end of the bankruptcy case.

---

[3] Unless objected to, a proof of claim is deemed allowed in a bankruptcy proceeding pursuant to section 502(a) of the Bankruptcy Code. If the Debtors do not object to the allowance of the Schimenti Claim as a general unsecured claim, the Bankruptcy Court will have no further opportunity to consider any aspect of the Schimenti Claim. Schimenti may therefore be denied an opportunity to appeal the Bankruptcy Court's determination of the Schimenti

17.     Lastly, the Order finally disposes of a discrete contested matter, initiated by the Omnibus Objection, within the larger bankruptcy case.  The Bankruptcy Court has nothing left to decide with respect to the Schimenti Claim.  The Order is therefore reviewable at this time.

18.     For the reasons set forth above, Schimenti Construction believes the Order to be a final order appealable to the District Court as of right.

**B.        In the Alternative, the District Court Should Grant Leave to Appeal**

19.     Even if the District Court determines that the Order is not final and appealable as of right, Schimenti Construction should be granted leave to appeal the Order on an interlocutory basis.

20.     District courts follow the standard prescribed in 28 U.S.C. § 1292(b), governing the appeal of interlocutory orders of the district courts to the courts of appeals, to determine whether to grant leave to appeal an interlocutory order of a bankruptcy court. *Prunty v. Terry* (*In re Paschall*), 408 B.R. 79, 84 (E.D. Va. 2009).  Leave should be granted "when (1) the order involves a controlling question of law, (2) as to which there is substantial ground for a difference of opinion, and (3) immediate appeal would materially advance the termination of the litigation." *Herrington v. Swyter* (*In re Swyter*), 263 B.R. 742, 749 (E.D. Va. 2001) (quoting 28 U.S.C. § 1292(b)).

*1.        The Order involves a controlling question of law*

21.     A "controlling question of law" "is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *KPMG Peat Marwick, L.L.P. v. Estate of Nelco*, 250 B.R. 74, 78 (E.D. Va. 2000) (quoting *Fannin v. CSX Transp. Inc.*, 873 F.2d 1438, 1989 WL 42583, at *5 (4th Cir.

_____

Claim's priority in the Order.

1989) (unpublished)) (internal quotation marks omitted).

22.    The Order rests on the Bankruptcy Court's adoption in the Opinion of the predominate purpose test to determine whether a claimant asserting a claim under section 503(b)(9) sold "goods" to the debtor and its application barring administrative priority for the Schimenti Claim.  Had the Bankruptcy Court agreed with the position advocated by Schimenti Construction and declined to adopt the predominate purpose test, the Schimenti Claim would have been allowed as a priority administrative claim to some extent.  The Order and Opinion therefore involve a controlling question of law.

> 2.    *There is substantial ground for difference of opinion*

23.    As is evident in the Opinion, there is substantial ground for a difference of opinion as to whether the predominate purpose test should be applied to determine whether a claimant asserting a claim under section 503(b)(9) sold "goods" to the debtor.

24.    The Bankruptcy Court states in the Opinion that two other bankruptcy courts adopted the predominate purpose test for dealing with claims for administrative priority under section 503(b)(9) of the Bankruptcy Code involving contracts for the delivery of both goods and services.  The Bankruptcy Court cites only *In re Goody's Family Clothing, Inc.*, 401 B.R. 131, 136 n.24 (Bankr. D. Del. 2009), in support of applying the predominate purpose test to section 503(b)(9) claims.  The Bankruptcy Court further cites *In re Plastech Engineered Products, Inc.*, 397 B.R. 828 (Bankr. E.D. Mich. 2008), for the contrary position that it is unnecessary to apply the predominate purpose test in the context of section 503(b)(9) because administrative expense priority should be given to the value of any goods provided to the debtor.  The apparent split of authority highlights the substantial ground for difference of opinion on this issue.

> 3.    *Immediate appeal would materially advance termination of the litigation*

25.     Immediate appeal of the Order would materially advance termination of the litigation.  As discussed above, the Order is a final order that concluded the contested matter commenced by the Omnibus Objection.  If the District Court finds otherwise, review of the Bankruptcy Court's decision to adopt the predominate purpose test in the Opinion and deny administrative priority to the Schimenti Claim in the Order would materially advance final resolution of the priority and ultimate allowance of the Schimenti Claim.

26.     Accordingly, all three elements necessary for the District Court to grant leave to appeal the Order are satisfied.

WHEREFORE, for the foregoing reasons, Schimenti Construction respectfully requests that the District Court grant its Motion for Leave to Appeal and such other relief as is just and proper.

Dated:  May 14, 2010
       Richmond, Virginia

SCHIMENTI CONSTRUCTION CO., LLC

/s/ Ryan C. Day
Counsel

Peter E. Strniste, Jr. (*pro hac vice*)
Patrick Birney (*pro hac vice*)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8339
Facsimile: (860) 275-8299

Christopher L. Perkins (VSB No. 41783)
Christian K. Vogel (VSB No. 75537)
Ryan C. Day (VSB No. 76657)
LeClairRyan, A Professional Corporation
951 E. Byrd Street
Riverfront Plaza, East Tower
Richmond, VA 23219
Telephone: (804) 783-7550
Facsimile:  (804) 783-7686

*Counsel for Schimenti Construction Co., LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2010, the foregoing Motion for Leave to Appeal was filed with the Court via the Clerk's CM/ECF electronic filing system, which will send notification of such filing to the following parties:

Douglas M. Foley, Esq.
Sarah B. Boehm, Esq.
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000
    *Counsel for Debtors and Debtors in Possession*

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
(804) 783-8300
    *Counsel for the Official Committee of Unsecured Creditors*

Robert B. Van Arsdale, Esq.
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
(804) 771-2310
    *Assistant U.S. Trustee*

                                    /s/ Ryan C. Day
                                    Counsel