Form 210A (10/06)

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

In re:

CIRCUIT CITY STORES, INC., et al.

Debtor.

Chapter 11
Case No. 08-35653
Jointly Administered

Hon. Kevin R. Heunnekens, U.S.B.J.

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY
### PURSUANT TO FED. R. BANKR. P. 3001(e)(2)
### AND TRANSFEROR'S WAIVER OF NOTICE

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a) by Manufacturers and Traders Trust Company, as Trustee (the "Transferor) and filed on the Claims Register for the above-captioned bankruptcy case. All right, title and interest in and to the claim has been sold and transferred, for other than security, described as follows:

1. Person or entity to whom the claim has been transferred (the "Transferee"):

   Name: ONICS, LLC          Telephone No. (303) 670-9700

   Address:    ONICS, LLC
               Attention: Michael D. Plante
               730 17th Street, Suite 715
               Denver, CO 80202

2. Date of Transfer of Claim: April 1, 2010

3. Type of Claim: Administrative Priority

4. Amount of Claim: Not less than $38,250.04

5. Date of Filing Proof of Claim: June 29, 2009

6. Claim No.: 14266 (the "Claim")

7. Transferor:   Manufacturers and Traders Trust Company, as Trustee
                 c/o Hodgson Russ LLP
                 Attn: Deborah J. Piazza, Esq.
                 60 East 42nd Street, 37th Floor
                 New York, NY 10165

8. A true and correct copy of the Proof of Claim originally filed (without exhibits) is attached hereto as <u>Exhibit A</u>.

**PLEASE TAKE NOTICE** that by its signature below the Transferor hereby waives any notice or hearing requirements provided by Fed. R. Bankr. P. 3001 and hereby stipulates that the transfer of the Claim as set forth above is acknowledged and recognized and that the Transferee is the valid owner of the Claim.

Dated: 4/12/10                                                                Dated: _____

TRANSFEROR:                                                              TRANSFEREE:

MANUFACTURERS AND TRADERS                               ONICS, LLC
TRUST COMPANY, AS TRUSTEE

By: _____                                     By: _____
Nancy L. George                                                              Michael D. Plante
Vice President                                                                  Manager

8. A true and correct copy of the Proof of Claim originally filed (without exhibits) is attached hereto as <u>Exhibit A</u>.

**PLEASE TAKE NOTICE** that by its signature below the Transferor hereby waives any notice or hearing requirements provided by Fed. R. Bankr. P. 3001 and hereby stipulates that the transfer of the Claim as set forth above is acknowledged and recognized and that the Transferee is the valid owner of the Claim.

Dated: _____          Dated: MAY 10, 2010

TRANSFEROR:                              TRANSFEREE:

MANUFACTURERS AND TRADERS                ONICS, LLC
TRUST COMPANY, AS TRUSTEE

By: _____              By: _____
    Nancy L. George                          Michael D. Plante
    Vice President                           Manager

**Date:  May 17, 2010**

**Submitted by:**

**MANUFACTURERS AND TRADERS TRUST COMPANY, AS TRUSTEE**


By:  /s/ Augustus C. Epps, Jr.
     Augustus C. Epps, Jr., Esquire (VSB No. 13254)
     Michael D. Mueller, Esquire (VSB No. 38216)
     Jennifer M. McLemore, Esquire (VSB No. 47164)
     CHRISTIAN & BARTON, LLP
     909 E. Main Street, Suite 1200
     Richmond, Virginia 23219-3095
     (804) 697-4129
     (804) 697-6129 (facsimile)

     *Counsel for Manufacturers and Traders Trust Company, as Trustee*

# EXHIBIT A

#14266

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:

CIRCUIT CITY STORES, INC., et al.

Debtors.

Chapter 11
Case No. 08-35653
Jointly Administered

Hon. Kevin R. Heunnekens, U.S.B.J.

### REQUEST FOR ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 503(b)
Lease for real property located at Temple, TX - Store No. 1611

**Claimant:** Manufacturers and Traders Trust Company, as Trustee
Attn: Nancy L. George, Vice-President
One M&T Plaza
Buffalo, New York 14202

**Send Notices To:** Hodgson Russ LLP
Counsel to Manufacturers and Traders Trust Company, as Trustee
Attn: Deborah J. Piazza, Esq.
60 East 42nd Street, 37th Floor
New York, New York 10165-0150
Telephone: (212) 661-3535

**Claim Asserted Against:** Circuit City Stores, Inc. (Case No. 08-35653)

**Claim Amount:** $38,250.04

**Basis for Claim:** Post-petition, pre-rejection amounts due, pursuant to 11 U.S.C. §§ 365(d)(3), 503(b) and 507(a) under unexpired lease for real property located at Temple, Texas - Store No. 1611
(Refer to annexed Rider and Exhibits).

Dated: June 25, 2009

MANUFACTURERS AND TRADERS
TRUST COMPANY, AS TRUSTEE

By: _____
Nancy L. George
Vice-President

RECEIVED
JUN 29 2009
KURTZMANCARSONCONSULTANTS

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

0835653090629000000000243

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:

CIRCUIT CITY STORES, INC., et al.

Debtors.

Chapter 11
Case No. 08-35653
Jointly Administered

Hon. Kevin R. Heunnekens, U.S.B.J.

**RIDER TO REQUEST FOR ADMINISTRATIVE EXPENSE PRIORITY CLAIM
FOR AMOUNTS DUE UNDER LEASE FOR REAL PROPERTY LOCATED AT
TEMPLE, TEXAS - STORE NO. 1611**

Manufacturers and Traders Trust Company, as Trustee ("M&T"), submits this Request for Administrative Expense Priority Claim For Amounts Due Under Lease for Real Property Located at Temple, Texas - Store No. 1611 for post-petition, pre-rejection claims arising, pursuant to 11 U.S.C. §§ 365(d)(3), 503(b) and 507(a), in connection with (the "Lease"), which has been assigned to M&T as collateral security in accordance with various related lending and security agreements (the "Administrative Claim"). A true and correct copy of the Lease is annexed as Exhibit B to this Administrative Claim.

On November 25, 2008, the Debtors filed their Debtors' Motion for Orders Under 11 U.S.C. Sections 105, 363, and 365 (i) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (ii) Setting Sale Hearing Date, and (iii) Authorizing and Approving (a) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (b) Assumption and Assignment of Certain Unexpired Nonresidential Property Leases, and (c) Lease Rejection Procedures (the "Motion"). On December 11, 2008, the Court entered an Order granting the Motion and the subject Lease was rejected effective as of December 31, 2008.

In relevant part, 11 U.S.C. § 365(d)(3) requires that the Debtor "shall timely perform all the obligations of the debtor ... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." It is well established that a landlord of nonresidential real property should not be forced to contribute its real property for the benefit of the debtor's estate absent adequate compensation. See, for example, *In re Trak Auto Corp.* 277 B.R. 655, 662 (Bankr.E.D. Va. 2002), aff'd 288 B.R. 114 (E.D. Va. 2003, rev'd on other grounds, 367 F.3d 237 (4th Cir. 2004).

In its *Memorandum Opinion* dated February 12, 2009 [Docket No. 2107], this Court held that a "lessor need not show that the 'debtor's continued possession of its space is a benefit to the estate' in order to receive administrative expense priority under § 507(a)(2)" (quoting *Id.* at 665) explaining that, under the accrual method of claim determination, "[a]nything accruing after the entry [of] the order for relief is a post-petition charge that may be elevated to administrative priority under § 507(a)" (quoting *id.* at 664).

Accordingly, on May 15, 2009, this Court entered it's *Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (I) Setting Administrative Bar Date and Procedures for Filing and Objecting to Administrative Expense Requests and (II) Approving Form and Manner of Notice Thereof* approving the *Notice of Deadline for Filing Administrative Expense Requests* for any right to payment that satisfies section 365(d) and, in the case of unexpired leases of the real property, accrued from and after November 10, 2008 (the "Petition Date") through and including April 30, 2008.

Therefore, M&T hereby requests payment of its Administrative Claim in the amount of $38,250.04 accrued from the date of the Petition through and including the Rejection Date. In support thereof, M&T submits the Administrative Claim Summary and Analysis, annexed as Exhibit A, setting forth in detail the basis of its Administrative Claim.

This Claim is filed to protect M&T from forfeiture of any claim it may have. Filing of this Claim is not (a) a waiver or release of M&T's rights, claims or defenses against any person, entity or property; (b) a waiver or release of M&T's right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge; (c) a consent by M&T to the jurisdiction of this Court for any purpose other than with respect to this Claim; (d) an election of remedy; (e) a waiver or release of any rights which M&T may have to a jury trial; or (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or any other proceedings which may be commenced in these cases against or otherwise involving M&T, including without limitation, any adversary proceeding that was or may be commenced by any party or committee in this case.

## EXHIBIT A TO ADMINISTRATIVE CLAIM FILED BY
## MANUFACTURERS AND TRADERS TRUST COMPANY, AS TRUSTEE
## TEMPLE, TEXAS - STORE NO. 1611

### Administrative Claim Summary and Analysis

Lease between Circuit City Stores, Inc. and CC - Investors 1996-6 dated January 19, 1996
Store No. 1611 - Temple, TX - 3310 South 31st Street  76502
Rejection Date:  December 31, 2008

| Post-Petition Claims Outstanding (11/10/08 - 12/31/08): | |
| --- | ---: |
| Post-Petition Accrued Taxes | $17,172.66 |
| Professional Fees: | |
| Trustee's Administrative Attorney's Fees: | 15,840.01 |
| Trustee's Fees: | 5,237.37 |
| **TOTAL ADMINISTRATIVE CLAIM:** | **$38,250.04**[1] |

Supporting documentation available upon Debtor's request.

---

[1] M&T reserves its right to amend and/or supplement this Administrative Claim at any time to reflect additional fees or costs incurred.