```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF VIRGINIA

IN RE:                           .    Case No. 08-35653 (KRH)
                                 .
                                 .
CIRCUIT CITY STORES, INC.,       .    701 East Broad Street
et al.,                          .    Richmond, VA 23219
                                 .
                                 .
                 Debtors.        .    May 11, 2010
. . . . . . . . . . . . . . . .       10:03 a.m.

                       TRANSCRIPT OF HEARING
                BEFORE HONORABLE KEVIN R. HUENNEKENS
                 UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtors:           McGuireWoods, LLP
                           By:  DOUGLAS FOLEY, ESQ.
                           9000 World Trade Center
                           101 W. Main St.
                           Norfolk, VA  23510

                           McGuireWoods, LLP
                           By:  SARAH B. BOEHM, ESQ.
                           One James Center
                           901 East Cary St.
                           Richmond, VA  23219

                           Skadden Arps Slate Meagher
                              & Flom, LLP
                           By:  IAN FREDERICKS, ESQ.
                           One Rodney Square
                           Wilmington, DE 19899

                           DEBRA MILLER, ESQ.


Proceedings recorded by electronic sound recording, transcript
            produced by transcription service.
```
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@optonline.net**

**(609) 586-2311    Fax No. (609) 587-3599**

**APPEARANCES (Contd'):**

| | |
|---|---|
| For Mitsubishi: | Mercer Trigiani<br>By:  PHILIP C. BAXA, ESQ.<br>16 South Second Street<br>Richmond, VA  23219 |
| For Laurie Lambert-Gaffney: | Canfield, Baer & Heller<br>By: ROBERT A. CANFIELD, ESQ.<br>2201 Libbie Avenue<br>Richmond, VA |
| For the Creditors' Committee: | Pachulski Stang Ziehl & Jones LLP<br>By:  JEFFREY POMERANTZ, ESQ.<br>10100 Santa Monica Boulevard<br>11th Floor<br>Los Angeles CA  90067 |

- - -

                                                                    3

 1            DEPUTY CLERK:  All rise.  The United States
 2 Bankruptcy Court for the Eastern District of Virginia is now in
 3 session.  The Honorable Kevin R. Huennekens presiding.
 4            Please be seated and come to order.
 5            COURT CLERK:  In the matter of Circuit City Stores,
 6 Incorporated, hearing on Items 1 through 18, as set out on
 7 debtors' agenda.
 8            MR. FOLEY:  Good morning, Your Honor, Doug Foley with
 9 McGuireWoods on behalf of the debtors.
10            THE COURT:  Good morning, Mr. Foley.
11            MR. FOLEY:  With me at counsel table is Sarah Boehm
12 from my firm and Ian Fredericks from Skadden Arps.  Also in
13 court today, Your Honor, is Kate Bradshaw who is the vice
14 president and controller, and Debra Miller who is the acting
15 general counsel.
16            I also wanted to introduce to the Court for the first
17 time the Chief Restructuring Officer Al Siegel who is with the
18 firm of Crowe Horwath from Los Angeles, and his partner David
19 Gottlieb is also here, as well.
20            THE COURT:  All right, thank you.
21            MR. FOLEY:  Your Honor, the agenda is relatively
22 short today.  We're pleased to report that we've resolved a lot
23 of matters that are on it.  Just to go through in order, the
24 first matter is the Schimenti 2004 motion.  That has been
25 withdrawn.  They have agreed to withdraw that without

1  prejudice.
2           Just to let the Court know the background with
3  respect to what's going on with Schimenti, they have filed an
4  adversary proceeding with respect to certain claims that they
5  assert in the case, and we have also filed an adversary
6  proceeding relating to certain preference actions.  Those may
7  need to be procedurally consolidated at some point, but I'm
8  going to talk to Mr. Perkins about that.  And we'll deal with
9  that at the pretrial conference, Your Honor.
10          THE COURT:  All right.
11          MR. FOLEY:  Your Honor Item Number 2 is the motion
12 relating to the Weidler class claim.  I'm pleased to report to
13 the Court that we've settled that claim entirely and will be
14 filing I believe today, a stipulation for approval by the
15 Court.  So, that can be removed from the docket.
16          THE COURT:  All right.
17          MR. FOLEY:  Your Honor, Item Number 3, this is the
18 motion by the Texas Comptroller to compel payment of
19 post-petition tax.  We have also resolved that matter, as well,
20 Your Honor, and that has been withdrawn.
21          THE COURT:  All right.
22          MR. FOLEY:  Your Honor, Item Number 4 is our motion
23 to seal the settlement agreement with Activision Blizzard.
24 They requested that.  We, obviously, have shared the terms of
25 the settlement with the Office of the United States Trustee and

1  the Creditors' Committee.  The Creditors' Committee has no
2  objection to the underlying resolution, but in order to protect
3  the proprietary interest of Activision, they wanted the
4  settlement agreement sealed, so we'd ask the Court to grant
5  that motion.
6         THE COURT:  All right.  Does any party wish to be
7  heard in connection with the motion to seal the settlement
8  agreement with Activision?
9             (No audible response)
10         THE COURT:  All right.  There being no objection, Mr.
11 Foley, the Court will grant that motion.
12         MR. FOLEY:  Thank you, Your Honor.  Items Number 5, 6
13 and 7 -- 5 and 6 are procedural motions, a motion to expedite a
14 hearing on approval of a settlement with Mitsubishi, as well as
15 a motion to shorten the notice period.
16         Item Number 7, Your Honor, is our motion to approve a
17 stipulation with Mitsubishi.  As Your Honor is aware, they were
18 one of the appellants on the 502(d), 503(b)(9) issue.  This
19 resolution, this stipulation resolves the appeal by providing
20 for a full reserve for Mitsubishi's claim.
21         Counsel for Mitsubishi is here, Your Honor.  We have
22 BOPS'd an order approving the settlement.  If that can be
23 entered today, we can get the ten-day period money and then can
24 dismiss the appeal before Judge Payne.
25         We've asked for Judge Payne and Judge Payne has

1  entered an order extending the briefing schedule so that we can
2  get this matter resolved.
3         Out of the six appellants, Your Honor, we have
4  resolved five of them, there's one that's left, LG, and we're
5  working on trying to resolve that one, as well.
6         THE COURT: All right, very good. Mr. Baxa, do you
7  wish to be heard?
8         MR. BAXA: Good morning, Your Honor, Phil Baxa from
9  Mercer Trigiani on behalf of Mitsubishi. I just wanted to
10 state our consent and joinder with Mr. Foley's motions today,
11 both on the procedural and substantive matter and ask that the
12 stipulation be approved and the order be entered.
13        THE COURT: All right, thank you.
14        MR. BAXA: Thank you, Your Honor.
15        THE COURT: All right. Mr. Foley, you say that that
16 has already been sent over through BOPS?
17        MR. FOLEY: Yes, Your Honor.
18        THE COURT: Okay. So, the Court will look for that
19 today. And the Court has reviewed the motion for the approval
20 of the settlement agreement, and that motion will be granted.
21        MR. FOLEY: Thank you, Your Honor. Item Number 8,
22 Your Honor, is the motion by Laurie Lambert-Gaffney and counsel
23 Mr. Canfield is here. The Creditors' Committee is going to be
24 handling the response to this particular motion and I believe
25 they're going to work on a scheduling order and they've asked

1  that that matter be set for presentation of a scheduling order
2  at the June 8th hearing.
3           THE COURT:  All right.
4           MR. CANFIELD:  Robert A. Canfield. Your Honor.  I'm
5  here for Ms. Lambert-Gaffney.  We filed this motion.  I've
6  agreed that both the debtor-in-possession and the Unsecured
7  Creditors' Committee would have an opportunity to respond to it
8  and that could be filed after the DIP rule response time.
9           We've agreed to carry this over till June the 8th to
10 present a scheduling order to the Court, so we can move this
11 matter along.  I will not have a scheduling conflict on June
12 the 8th, but we expect to have the order resolved before then.
13          THE COURT:  All right.  So, on June the 8th, all I'm
14 going to be doing is looking at a scheduling order, I won't be
15 resolving the contested matter itself.
16          MR. CANFIELD:  Yes, sir.
17          THE COURT:  All right.  Very good.  Thank you, Mr.
18 Canfield.
19          MR. FOLEY:  Your Honor, Item Number 9 is the Archos
20 (phonetic) motion to reconsider the order with respect to
21 omnibus objection Number 48.  We have resolved that matter and
22 we're documenting the settlement.  That motion can be removed
23 from the docket.
24          MR. FREDERICKS:  Your Honor, originally, we thought
25 it could just be removed.  Counsel for -- for the record, I

1  apologize, Ian Fredericks of Skadden Arps.  Counsel for Archos
2  has requested that the matter be carried over to the May 20th
3  hearing, while we just finalize the settlement agreement, as
4  opposed to removing it from the Court's docket.  Again, we've
5  sent them a settlement agreement.  I believe we have sign-off
6  from one of the three parties involved and we're hopeful that
7  we can get the last sign-off some time this week.
8           THE COURT:  All right.  That will be acceptable.  The
9  Court will adjourn this matter, then, to May 20 in anticipation
10 that you're going to submit a settlement.
11          MR. FREDERICKS:  Thank you very much, Your Honor.
12          THE COURT:  All right.
13          MR. FOLEY:  Your Honor, Item Number 10 is the U.S.
14 Debt Recovery adversary proceeding.  We have resolved all the
15 issues with U.S. Debt Recovery and we have filed a stipulation.
16 The objection period runs on the 10th.  And so as to U.S. Debt
17 Recovery, the matter can be removed from the docket.
18          Item Number 11, this is Signature, our motion for a
19 default judgment.  Mr. Epps has been retained by Signature.  He
20 has filed a response to the default motion and he will be
21 filing or lodging a response to the adversary proceeding next
22 week.
23          We've agreed with him to carry both the default
24 motion, as well as the pretrial conference as to Signature to
25 the June 8th hearing.

1         THE COURT:  All right.  So, you're not going forward
2 with that matter today, then.  Obviously, it's --
3         MR. FOLEY:  No, Your Honor.
4         THE COURT:  Okay.
5         MR. FOLEY:  He was just retained yesterday and he's
6 trying to get up to speed.
7         Your Honor, Item Number 12, this is the underlying
8 claim adversary proceeding with respect to Mitsubishi.  We're
9 still trying to resolve the underlying claims between the
10 parties and we've asked that the pretrial conference be moved
11 to the June 8th hearing.
12         THE COURT:  All right.  And is that because you are
13 resolving this issue, or because you think you need more time
14 to set it for trial?
15         MR. FOLEY:  No, we're still negotiating the
16 underlying claims between the parties.  We're hopeful that we
17 may get there.
18         THE COURT:  All right.  So, this may actually be
19 resolved on the 8th.
20         MR. FOLEY:  It may be.
21         THE COURT:  Okay.
22         MR. FOLEY:  If not, we'll present a scheduling order
23 at that time.
24         THE COURT:  All right.
25         MR. FOLEY:  Your Honor, Item Number 13, this is the

1  Apex Digital adversary proceeding.  We have completely resolved
2  that matter.  The stipulation has been filed and the objection
3  period expires on May 14th.  This, assuming no objection, it
4  can be removed from the docket.
5             THE COURT:  All right.
6             MR. FOLEY:  Item Number 14, Your Honor, this is
7  Onkyo, our adversary proceeding.  Again, we've completely
8  settled that matter, as well.  This is also one of the
9  appellants.  The stipulation has been filed, the objection
10 period expires on May 19th, and that can be removed from the
11 docket.
12            THE COURT:  All right.
13            MR. FOLEY:  Your Honor, Item Number 15, 16, 17 and 18
14 are all plan-related matters.  Item Number 15 is our motion for
15 sell-down procedures with respect to equity and claims trading
16 that we've been carrying along with the plan confirmation
17 hearing.
18            Item Number 16 is the plan confirmation hearing and
19 objections.  Item Number 17 is the Pioneer motion under Rule
20 3020 for a reserve and Item Number 18 is Samsung's motion for a
21 3020 reserve.
22            Your Honor, all those matters we're asking to carry
23 over to the June 8th hearing at this point.
24            THE COURT:  All right.  They'll be carried over to
25 June 8th, which begs the question, what is going on with the

11

1 confirmation hearing?  Are we actually going to go forward on
2 June 8?
3          MR. FOLEY:  It's unclear at this point, but we're
4 having meetings today with the Creditors' Committee.
5 Creditors' Committee counsel is here, some members of the
6 Creditors' Committee are at my office --
7          THE COURT:  I take that as an encouraging sign.
8          MR. FOLEY:  -- to try to talk through some of the
9 issues and see if we can't come to some resolution as to when
10 we're going to go forward.
11          THE COURT:  All right.
12          MR. FREDERICKS:  Good morning, Your Honor, Ian
13 Fredericks, again.
14          And, just to clarify, you know, those issues, we're
15 hopeful that those can all be resolved and we're going to work
16 to do that.  The Canadian issue is still out there.  We are
17 working with the Canadian constituents to try to resolve that.
18 I believe we have a call at 11:30 today or tomorrow as to move
19 closer to a resolution.
20          Depending on what happens with respect to the
21 monitoring of third parties, it could get pushed a little bit
22 further.  We're hopeful not, but we're trying to move as
23 quickly as we possibly can.
24          THE COURT:  All right.  Because last time you were
25 here we were talking about conducting a joint hearing as early

1  as today and, obviously, that has not occurred.  Is that still
2  in prospect or has there been slippage there?
3           MR. FREDERICKS:  There's still -- there's definitely
4  still a prospect of a joint hearing, and we will need one to
5  resolve some of the matters.  We're trying -- unfortunately, it
6  seems every time you move two steps forward, you take two steps
7  back.  There have just been -- there have been some further
8  developments with respect to some issues the Monitor raised
9  related to a Canadian acquisition of control.  There's still
10 the French tax issue out there.  I believe the Committee's
11 French professional and the Monitor's French professional, as
12 well as the Canadian debtors' French professional are working
13 together to try to come up with the best strategy to address
14 the French tax issue.  And, at the same time, we're just trying
15 to make sure that all of the Canadian tax implications, mainly
16 related to an acquisition of control or some, what I understand
17 are some debt forgiveness rules, don't have an adverse impact.
18          It really just -- all the constituents are trying to
19 come together, to come up with one strategy, and we think we're
20 there and this call today is to try to, I guess, solidify one
21 strategy to go forward and, hopefully, that works.
22          So, I don't know, I can give you more detail -- I can
23 give you as best I can, some additional details, if the Court
24 would like it.  I'm not trying to -- I'm trying to balance
25 overwhelming the Court and at the same time giving you

1  information, to give you an update.

2          THE COURT:  Well, I guess, one of the things,
3  obviously, that I'm concerned about is, you know, scheduling a
4  hearing and then being prepared myself to be able to address
5  the issues at that hearing.  What kind of advanced notice do
6  you anticipate that the Court is going to receive in order to
7  be able to, you know, make a hearing meaningful?

8          MR. FREDERICKS:  Well, I'll ask the question, Your
9  Honor, what type of notice would Your Honor like us to give?  I
10 mean, I think our standard notice is -- I think we're viewing
11 this as a 14-day.  Let's be clear about, I think, what kind of
12 motion we think we're going to bring.

13         THE COURT:  That would be helpful.

14         MR. FREDERICKS:  I think the motion is going to be a
15 motion to modify the plan --

16         THE COURT:  Okay.

17         MR. FREDERICKS:  -- and to seek approval of certain
18 related relief.  I think under any of the scenarios we're
19 discussing, the Intertan case would probably be dismissed.

20         MR. POMERANTZ:  Not necessarily.  Either dismissed or
21 just not part of the subsequently consolidated estates, and
22 that may remain to have its own plan confirmed because of the
23 tax issues Mr. Fredericks has mentioned to you.  But, it would
24 be a request to keep Intertan out, it would be a motion to
25 modify the plan.

1          Right now one of the gating issues is likely how
2   quickly we can get a certain revenue ruling from Canada.  That
3   revenue ruling has morphed over the last several months as
4   events have come up.  We haven't received a final ruling, but
5   we've been in contact through our respective Canadian counsel
6   with the revenue authority and the expectation today is to have
7   a discussion about adding one more wrinkle to the revenue
8   ruling, and then the question will be, how long it'll take the
9   revenue authority to wrap its arms around ,and give us that
10  revenue ruling.

11          If it could be a short period of time, a week or two,
12  then we would likely keep June 8th on track.  If it's something
13  that's going to take a little longer, we're not going to go to
14  confirmation until we have the revenue ruling or at least the
15  prospect that it's going to come in a couple days.

16          So, we will keep the Court -- in contact with the
17  Court.  There's no desire to spring upon Your Honor, especially
18  as we're getting into the summer months, a lot of stuff to do
19  in respect to confirmation.  So, if we may just periodically
20  call Your Honor's clerk, as the June 8th date approaches, to
21  give Your Honor just an expectation of whether we think that's
22  a real date or not.

23          THE COURT:  All right, very good.

24          MR. FREDERICKS:  And I think we can all -- we have a
25  hearing on May 20th.  I think we can also give Your Honor an

1  update at that point.  I think we will have probably submitted
2  the revised revenue ruling by May 20th and, you know, the clock
3  is kind of -- we may have an idea from Canada how long it's
4  going to take them.
5          THE COURT:  All right, very good.  All right.  And
6  the Court doesn't have any problem with addressing the issues.
7  So, please understand that.  I just would like as much time as
8  possible to be able to be familiar with the issues ahead of
9  time.
10         MR. FREDERICKS:   Okay.  And we will absolutely do
11 our best and we'll coordinate with chambers to make sure that
12 we're giving you the time that -- the adequate time you need.
13         THE COURT:  All right, thank you.
14         MR. FREDERICKS:  Thank you, Your Honor.
15         THE COURT:  All right.  Is there anything further we
16 need to take up, then, Mr. Foley?
17         MR. FOLEY:  No, Your Honor.  That's all for today.
18 Thank you.
19         THE COURT:   Okay.  Thank you all.
20         MR. FREDERICKS:   Thank you, Your Honor.
21         COURT CLERK:  All rise.  This court is now adjourned.
22                       * * * * *
23
24
25

16

# **C E R T I F I C A T I O N**

I, ELAINE HOWELL, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.


/s/ Elaine Howell

ELAINE HOWELL

J&J COURT TRANSCRIBERS, INC.    DATE:  May 17, 2010