Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
[illegible]

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

[illegible]

PLEASE TAKE NOTICE OF THE FOLLOWING:

[illegible]

(the "Administrative Bar Date") in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").[1] Except as described below, the Administrative Bar Date Order requires all persons or entities holding an Administrative Expense (as defined below) first arising (or, only in the case of unexpired leases of real and personal property, accruing) from and after November 10, 2008 (the "Petition Date"), through and including **April 30, 2009** (such period between the Petition Date and April 30, 2009, the "Administrative Period") against any of the Debtors listed on page 4 below, to file a request for payment of such Administrative Expense (an "Administrative Expense Request") so that such Administrative Expense Request is received on or **before 5:00 p.m., Pacific Time, on June 30, 2009 -- the Administrative Bar Date -- at the following address if delivered by mail, hand delivery or overnight courier:**

**Circuit City Stores, Inc., et al.**
**Claims Processing Dept.**
**Kurtzman Carson Consultants LLC**
**2335 Alaska Avenue**
**El Segundo, CA 90245**

**DO NOT FILE YOUR ADMINISTRATIVE EXPENSE REQUEST WITH THE BANKRUPTCY COURT.**

**DEFINITION OF ADMINISTRATIVE EXPENSE**

For purposes of this Notice, "Administrative Expense" shall mean, as to or against any of the Debtors (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not [illegible] contingent, matured, [illegible] or unsecured, that (1) satisfies sections 365(d)(3), 365(d)(5), or 503(b), including 503(b)(1) through (b)(8) of the Bankruptcy Code, but excluding section 503(b)(9), and (2) first arose (or, only in the case of unexpired leases of real and personal

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are set forth at the end of this Notice. The address for each of the Debtors is DR3 6th Floor, 9954 Mayland Drive, Richmond, VA 23233.

property, accrued) from and after November 10, 2008, i.e., the Petition Date, through and including April 30, 2009, i.e., the Administrative Period.

**EXCLUSION OF 503(B)(9) ADMINISTRATIVE CLAIMANTS FROM ADMINISTRATIVE BAR DATE.**

Any holder of a 503(b)(9) administrative claim/expense (each a "503(b)(9) Holder"), which claim/expense was required to be filed by December 19, 2009 (the "503(b)(9) Bar Date"), pursuant to order of this Court, is not now permitted to file an Administrative Expense Request. As set forth in the order establishing the [illegible] any person or entity holding a claim/[illegible] Code section 503(b)(9) that failed to file a claim/expense request on or before December 19, 2008, is forever barred and estopped from asserting a claim/expense [illegible] Code section 503(b)(9) against the [illegible] or the property of any of them, absent further order of the Court.

**[illegible]**

**[illegible]**

[illegible] Date Order, all persons and [illegible] Bankruptcy Code) holding one or [illegible] against the Debtors, including, with[illegible] Expenses held by the office[illegible] longer employed or serving [illegible] of the Debtors no longer [illegible], individual[illegible] trusts, indenture [illegible] and non-Debtor parties [illegible] (coll[illegible] col[illegible] that any amounts arising or accruing under any of the Agreements from and after the Petition Date are due, owing and unpaid as of April 30, 2009, are required to file an Administrative Expense Request on or before the Administrative Expense Bar Date.

**[illegible]**

**[illegible]**

The following Entities are not at this time required to file an Administrative Expense Request:

1. Entities that have already properly filed an Administrative Expense Request with the Court or KCC that clearly sets forth that such party is asserting an Administrative Expense.

2. Entities whose Administrative Expense has been previously allowed by order of the Court.

3. Debtors holding an Administrative Expense against another Debtor.

4. Professional persons (i.e., attorneys, financial advisors, accountants, investment bankers, real estate advisors, "ordinary course professionals") retained by the Debtors or the Creditors' [illegible] sections [illegible] 1103 and whose Administrative Expense is for services rendered and reimbursement of expenses in these Chapter 11 cases; provided, further, that any professional retained by court order under Bankruptcy Code section 327, 328 or 1103 need not submit a request for reimbursement of any expense under section 503(b) for any period subsequent to the Petition Date until such professional is so required under the Bankruptcy Code, Bankruptcy Rules and orders of the Court.

## INFORMATION THAT MUST BE INCLUDED WITH YOUR ADMINISTRATIVE EXPENSE REQUEST

To be considered, each Administrative Expense Request must (a) be in writing, (b) be denominated in lawful United States Currency, (c) specify the Debtor against which the Entity asserts the Administrative Expense (see additional requirements below), (d) set for the with specificity the legal and factual basis for the Administrative Expense, and (e) have attached to it supporting documentation upon which the claimant will rely to support the Administrative Expense Request.

## [illegible] AGAINST MULTIPLE DEBTORS

Any Entity asserting Administrative Expenses against more than one Debtor must file a separate Administrative Expense with respect to each such Debtor. All Entities must identify in their Administrative Expense Request the particular Debtor against which their Administrative Expense is asserted and the case number of that Debtor's bankruptcy case. An Administrative Expense Request listing no reference to a particular Debtor or

an Administrative Expense Request listing all of the Debtors will be deemed filed against Circuit City Stores, Inc., Case No. 08-35653.

**CONSEQUENCES OF FAILURE TO FILE ADMINISTRATIVE EXPENSE REQUESTS**

Any holder of an Administrative Expense that is required to file (but fails to file) an Administrative Expense Request in accordance with the procedures set forth herein on or before the Administrative Bar Date (a) shall be forever barred, estopped, and enjoined from asserting any Administrative Expense against the Debtors and the Debtors [illegible] be forever [illegible] from any and all [illegible] with respect to such Administrative Expense and (b) shall not be permitted to receive payment from the Debtors' estates or participate in any distribution under any plan [illegible] in the Debtors' chapter 11 cases [illegible] Administrative Expense.

**[illegible]**

[illegible] A signed [illegible] Expense Request, together with [illegible] be delivered so as to be received [illegible] Time on or before June 30, 2009 [illegible] following [illegible] by mail, hand delivery or overnight [illegible]

Circuit [illegible]
Claims [illegible]
[illegible]
[illegible]
El Segundo, [illegible]

Any [illegible] other electronic means will not be accepted and will not be deemed filed until such [illegible] is [illegible] by the [illegible] Administrative [illegible] actually received [illegible] If you [illegible] receive acknowledgment of the Debtors' [illegible] of your Administrative Expense Request, you must also submit a copy of your Administrative Expense Request and a self-addressed, stamped envelope.