Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :   Jointly Administered
            Debtors.         :
                             :   **Obj. Deadline: 6/2/10 at 5:00**
                             :   **p.m. (Eastern)**
- - - - - - - - - - - - - - x

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION
BY AND AMONG THE DEBTORS AND THE COUNTY OF HENRICO,
VIRGINIA RESOLVING THE DEBTORS' NINETEENTH OMNIBUS
OBJECTION, TWENTY-FOURTH OMNIBUS OBJECTION, AND THIRTY-
SEVENTH OMNIBUS OBJECTIONS TO MULTIPLE CLAIMS**

        PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(the "Order") (D.I. 4401).[1]  A copy of the Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a settlement agreement and stipulation (the "Settlement") with the County of Henrico, Virginia (the "Claimant"), a copy of which is annexed as <u>Exhibit 2</u>.

### SUMMARY OF SETTLEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Order, the material terms of the Settlement are as follows:

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Order.

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]   This section of the notice constitutes a summary of the material terms of the Settlement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement in its entirety.  In the event there is a conflict between the notice and the Settlement, the Settlement shall control in all respects.

(i)   The Settlement is a Tier II Settlement;

(ii)   The Settlement is between the Debtors and the Claimant (the "Parties" and each of which is a "Party");

(iii)   Among other claims, Claimant filed the proofs of claim set forth on <u>Exhibit A</u> to the Settlement that remain pending and unresolved (collectively, the "Claims");

(iv)   The Debtors filed several objections to the Claims, including the following objections that remain unresolved (the "Objections"):

> (1)   Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims), which objected to, among other claims, several of the Claims (Docket No. 3703);

> (2)   Debtors' Twenty-fourth Omnibus Objection to Claims (Disallowance of Certain Real Estate Tax Claims on Real Property in Which the Debtors Leased the Real Property), which objected to, among other claims, several of the Claims (Docket No. 4017); and

> (3)   Debtors' Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Personal Property Tax Claims), which objected to, among other claims, several of the Claims (Docket No. 4613);

(v)   The Claimant filed the following responses to the Objections (the "Responses"):

> (1)   Henrico County, Virginia's Response to Debtors' Nineteenth Omnibus Objection (Docket No. 4062);

> (2)   Henrico County, Virginia's Response and Opposition to Debtors'

Twenty-Fourth Omnibus Objection to
Claims (Docket No. 4422); and

(3)  Henrico County, Virginia's Re-
sponse in Opposition to Debtors'
Thirty-Seventh Omnibus Objection to
Claims (Reduction of Certain Personal
Property Tax Claims) (Docket No 5109);

(vi)  On April 29, 2010, the Debtors filed
their Motion for Partial Summary Judgment on
the Thirty-Seventh Omnibus Objection and
Memorandum of Law in Support thereof (Docket
Nos. 7343, 7344) (the "Motion for Summary
Judgment");

(vii)  On account of the various tax
liabilities set forth in the Claims, Claim No.
2248 is hereby modified and allowed and is no
longer subject to amendment or revision, as
an Allowed Priority Claim (as defined in the
Plan), in the total amount of $975,736.00,
and shall be paid in full on or before June
30, 2010;

(viii)  Except for Claim No. 2248 that is
amended as provided in the preceding
paragraph, all of the Claims filed to date by
Claimant are hereby forever withdrawn and
disallowed for all purposes in these
bankruptcy cases;

(ix)  Any and all other proofs of claim,
administrative expense requests, or scheduled
liabilities filed by Claimant or on its
behalf for any debt related to the period on
or before December 31, 2009, shall be deemed
disallowed and Claimant covenants and agrees
not to file any additional proofs or claim or
administrative expense requests for this time
period in the Debtors' cases.  The Parties,
on behalf of themselves and their successors
and assigns, hereby irrevocably and fully
release one another from and against any and
all claims (as defined in section 101(5) of

4

the Bankruptcy Code) or causes of action
related to the period on or before December
31, 2009.  It is the intent of the Parties
that the Debtors' obligations for the
Claimant's taxes and services on or after
January 1, 2010 will be timely paid in
accordance with Virginia law; and

 (x)  Upon the occurrence of the Effective
Date, the Objections and the Responses shall
be deemed resolved.

**TIME AND PLACE FOR FILING OBJECTIONS OR REQUESTING
ADDITIONAL INFORMATION OR TIME TO CONSIDER THE SETTLEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Order, any Notice Party may
object (each an "Objection") to or request additional time
or information (each a "Request") to evaluate the
Settlement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be in writing and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (see information below) by no later
than **June 2, 2010 at 5:00 p.m. (Eastern)** (the "Objection
Deadline").  Each Objection or Request must be served on (i)
the attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and
(b) McGuireWoods LLP, One James Center, 901 E. Cary Street,
Richmond, VA  23219, Attn: Douglas M. Foley
(dfoley@mcguirewoods.com) and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (ii)(a) Pachulski Stang
Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor,
Los Angeles, California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th
Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to
the Settlement and you do not want the Debtors to proceed
with Settlement or you want the Court to consider your

views concerning such Settlement, you or you attorney must
also:

> file in writing with the Court, Clerk of Court,
> United States Bankruptcy Court, 701 East Broad
> Street, Suite 4000, Richmond, Virginia 23219, or
> electronically (www.vaeb.uscourts.gov), a written
> Objection pursuant to Local Bankruptcy Rule 9013-
> 1(H). If you mail your Objection to the Court for
> filing, you must mail it early enough so the
> Court will **receive it on or before June 2, 2010
> at 5:00 p.m. (Eastern)**

Any Objection to a Settlement must be submitted by the
method described in the foregoing sentence.  Objections
will be deemed filed only when actually received at the
address listed above.

PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(d) of the Order, if a Notice Party submits a
Request, only such Notice Party shall have the later of (i)
an additional five (5) days to object to the Settlement or
(ii) in the case of a Request for additional information,
three (3) days after receipt by the Notice Party of the
additional information requested.  Each Notice Party may
only make one Request for additional time per Settlement,
unless otherwise agreed to by the Debtors in their sole
discretion.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any), the **Debtors shall be authorized to enter into and consummate the Settlement without further order of the Court or any other action by the Debtors**.

Dated: May 19, 2010
   Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

7

**EXHIBIT 1**

**(Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   1Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

        Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

_____

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.



083565309081000000000001

of title 11 of the United States Code (the "Bankruptcy
Code") and Rules 2002, 9006 and 9019 of the Federal
Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),
for entry of an order authorizing the establishment of
procedures to settle certain pre-petition and post-
petition claims and causes of action without further
court approval; and the Court having reviewed the
Motion; and upon the record herein; and after due
deliberation thereon; and good and sufficient cause
appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,
due, proper and adequate notice of the Motion has been
given in accordance with the Case Management Order and
that no other or further notice is necessary;

2.    The Notice Procedures are fair,
reasonable, and appropriate.

3.    The Settlement Procedures are fair
reasonable, and appropriate.

4.    The Notice and Settlement Procedures were
proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause
exists to shorten the applicable notice period in
Bankruptcy Rule 2002(a)(3) with respect to each
Settlement.

6.    Upon the expiration of the applicable
Notice Period without an objection or upon resolution of
any filed objection after the applicable Notice Period,
each Settlement that complies with the Notice and
Settlement Procedures shall be deemed (i) fair and
reasonable and (ii) to have satisfied the standards
under Bankruptcy Code sections 105 and 363 and
Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in
the best interests of the Debtors, their estates, their
creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not
directed, to compromise and settle Disputed Claims and
Cause of Action and Receivable Claims in accordance with
the Settlement Procedures.

10.    The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)    The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)    The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)    The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
([dblanks@mcguirewoods.com](mailto:dblanks@mcguirewoods.com)), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
([jpomerantz@pszjlaw.com](mailto:jpomerantz@pszjlaw.com)) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
([rfeinstein@pszjlaw.com](mailto:rfeinstein@pszjlaw.com)).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    <u>Tier I</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    <u>Tier II</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   Tier I With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   Tier II With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

9

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.  Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.  Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

10

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear
and determine all matters arising from or related to the
Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
 Aug 7 2009_____, 2009

                        /s/ Kevin R. Huennekens
                     UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:          Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement)**

\11333593.1

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

           - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
         Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG
THE DEBTORS AND THE COUNTY OF HENRICO, VIRGINIA
RESOLVING THE DEBTORS' NINETEENTH OMNIBUS OBJECTION,
TWENTY-FOURTH OMNIBUS OBJECTION, AND THIRTY-SEVENTH
OMNIBUS OBJECTIONS TO MULTIPLE CLAIMS**

This settlement agreement and stipulation (the
"Agreement") is entered into by and among the above-
captioned debtors and debtors in possession (the
"Debtors"), on the one hand, and the County of Henrico,

Virginia the "Claimant" and together with the Debtors,
the "Parties" and each of which is a "Party"), on the
other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition
Date"), the Debtors each filed a voluntary petition in
the United States Bankruptcy Court for the Eastern
District of Virginia (the "Court") under chapter 11 of
title 11 of the United States Code (the "Bankruptcy
Code"); and

WHEREAS, the Debtors have continued as debtors
in possession pursuant to Bankruptcy Code sections
1107(a) and 1108; and

WHEREAS, on November 12, 2008, the Office of
the United States Trustee for the Eastern District of
Virginia appointed a statutory committee of unsecured
creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has
been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court
authorized the Debtors, among other things, to conduct
going out of business sales at the Debtors' remaining

567 stores pursuant to an agency agreement (the "Agency

Agreement") between the Debtors and a joint venture, as

agent (the "Agent").  On January 17, 2009, the Agent

commenced going out of business sales pursuant to the

Agency Agreement at the Debtors remaining stores.  On or

about March 8, 2009, the going out of business sales

concluded and pursuant to the Parties' stipulation

approved by the Court on March 10, 2009, funds were set

aside to pay the tax claims of certain jurisdictions,

including the Claimant's (Docket No. 2491); and

        WHEREAS, on September 29, 2009, the Debtors

and the Creditors Committee filed the First Amended

Joint Plan of Liquidation of Circuit City Stores, Inc.

and its Affiliated Debtors and Debtors In Possession and

its Official Committee of Creditors Holding General

Unsecured Claims (the "Plan"); and

        WHEREAS, the associated disclosure statement

(the "Disclosure Statement") was approved on September

24, 2009, and confirmation on the Plan is currently

scheduled for June 8, 2010; and

WHEREAS, generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval dated August 7, 2009 and entered on August 10, 2009 (the "Settlement Procedures Order") (Docket No. 4401)[1] to enter into this Agreement, subject to the Notice Procedures; and

### SETTLEMENT BACKGROUND

WHEREAS, among other claims, Claimant filed the proofs of claim set forth on Exhibit A attached hereto that remain pending and unresolved (collectively, the "Claims"):

WHEREAS, the Debtors filed several objections to the Claims, including the following objections that remain unresolved (the "Objections"):

---

[1]   All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Procedures Order.

    a.   Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims), which objected to, among other claims, several of the Claims (Docket No. 3703);

    b.   Debtors' Twenty-fourth Omnibus Objection to Claims (Disallowance of Certain Real Estate Tax Claims on Real Property in Which the Debtors Leased the Real Property), which objected to, among other claims, several of the Claims (Docket No. 4017); and

    c.   Debtors' Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Personal Property Tax Claims), which objected to, among other claims, several of the Claims (Docket No. 4613);

WHEREAS, the Claimant filed the following responses to the Objections (the "Responses"):

    a.   Henrico County, Virginia's Response to Debtors' Nineteenth Omnibus Objection (Docket No. 4062);

    b.   Henrico County, Virginia's Response and Opposition to Debtors' Twenty-Fourth Omnibus Objection to Claims (Docket No. 4422); and

    c.   Henrico County, Virginia's Response in Opposition to Debtors' Thirty-Seventh Omnibus Objection to Claims (Reduction of Certain Personal Property Tax Claims) (Docket No 5109).

WHEREAS, on April 29, 2010, the Debtors filed their Motion for Partial Summary Judgment on the Thirty-Seventh Omnibus Objection and Memorandum of Law in Support thereof (Docket Nos. 7343, 7344) (the "Motion for Summary Judgment"); and

WHEREAS, rather than proceed with litigation concerning the Claims, Objections, Responses, and the Motion for Summary Judgment, the Parties engaged in good faith, arms' length negotiations and resolved such matters in their entirety according to the terms of this Agreement;

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    On account of the various tax liabilities set forth in the Claims, Claim No. 2248 is hereby modified and allowed and is no longer subject to amendment or revision, as an Allowed Priority Claim (as defined in the Plan), in the total amount of $975,736.00, and shall be paid in full on or before June 30, 2010.

2.    Except for Claim No. 2248 that is amended as provided in the preceding paragraph, all of the Claims filed to date by Claimant are hereby forever withdrawn and disallowed for all purposes in these bankruptcy cases.

3.    Any and all other proofs of claim,
administrative expense requests, or scheduled
liabilities filed by Claimant or on its behalf for any
debt related to the period on or before December 31,
2009, shall be deemed disallowed and Claimant covenants
and agrees not to file any additional proofs or claim or
administrative expense requests for this time period in
the Debtors' cases.  The Parties, on behalf of
themselves and their successors and assigns, hereby
irrevocably and fully release one another from and
against any and all claims (as defined in section 101(5)
of the Bankruptcy Code) or causes of action related to
the period on or before December 31, 2009.  It is the
intent of the Parties that the Debtors' obligations for
the Claimant's taxes and services on or after January 1,
2010 will be timely paid in accordance with Virginia law.

4.    Upon the occurrence of the Effective Date,
the Objections and the Responses shall be deemed
resolved.

5.    Nothing contained herein shall constitute
an allowance of any claim or be deemed an admission of

liability on the part of the Debtors or Claimant with respect to any claim.

6.    Neither this Agreement, nor any statement made or action taken in connection with the negotiation of this Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Agreement or (b) to seek damages or injunctive relief in connection therewith.

7.    Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

8.    No provision of this Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors.

9.    This Agreement shall be governed by and
construed in accordance with the Bankruptcy Code and the
internal laws of the Commonwealth of Virginia without
regard to any choice of law provisions.

10.    This Agreement may be signed in
counterpart originals and delivered by facsimile or
email, which, when fully executed, shall constitute a
single original.

11.    This Agreement constitutes the entire
agreement and understanding of the Parties regarding the
Agreement and the subject matter thereof.

12.    The United States Bankruptcy Court for
the Eastern District of Virginia shall retain exclusive
jurisdiction (and the Parties consent to such retention
of jurisdiction) with respect to any disputes arising
from or related to, or other actions to interpret,
administer or enforce the terms and provisions of, this
Agreement.

13.    Each person or entity who executes this
Agreement on behalf of another person or entity
represents and warrants that he, she, or it is duly
authorized to execute this Agreement on behalf of such

person or entity, has the requisite authority to bind

such person or entity, and such person or entity has

full knowledge of and has consented to this Agreement.

The representations and warranties set forth in this

paragraph shall survive execution of this Agreement.

14.   This Agreement is effective upon the

later of (i) execution by both Parties and (ii) the

expiration of the applicable Notice Period (such date,

the "Effective Date").

15.   This Agreement shall not be modified,

altered, amended or vacated without the written consent

of all the Parties hereto or order of the Bankruptcy

Court.

16.   In the event that this Agreement is not

consummated for any reason, Claimant reserves its rights

to fully challenge the Debtors' Objections to its Claims,

notwithstanding the passing of any deadlines for filing

responsive pleadings.

IN WITNESS WHEREOF, this Agreement is hereby
executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO:

|  |  |
|---|---|
| May 19, 2010 | By:<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>P.O. Box 636<br>Wilmington, Delaware 19899-0636<br>(302) 651-3000 |

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley            _
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in
Possession

By:

May 19, 2010                    COUNTY OF HENRICO, VIRGINIA

/s/ Rhysa Griffith South                    _
Rhysa Griffith South(VSB No.25944)
Assistant Henrico County Attorney
Office of the County Attorney County of
Henrico
P. O. Box 90775
Henrico, Virginia 23273-0775
(804) 501-5091

Counsel to County of Henrico, Virginia

## EXHIBIT A

| Claim Number | Class[2] | Property | Type | Amount |
|---|---|---|---|---|
| 2248 | P/S | 9950 MAYLAND DR | 2008 BPP TAX | $405,308.59 |
| 2249 | P/S | 9900 W BROAD ST | 2008 BPP TAX | $11,638.42 |
| 2251 | P/S | 1957 WESTMORELAND ST | 2008 BPP TAX | $31,073.41 |
| 2291 | P/S | 9860 BROOK RD | 2008 BPP TAX | $4,565.93 |
| 7665 | S | 11732 W BROAD ST | 2008 BPP TAX | $7,357.79 |
| 13730 | A | 9950 MAYLAND DR | 2009 BPP TAX | $593,196.93 |
| 14040 | A | 9900 W BROAD ST | 2009 BPP TAX | $24,577.85 |
| 14036 | A | 1957 WESTMORELAND ST | 2009 BPP TAX | $51,131.35 |
| 14035 | A | 9860 BROOK RD | 2009 BPP TAX | $6,677.89 |
| 13729 | A | 11732 W BROAD ST | 2009 BPP TAX | $12,251.46 |
| 14037 | A | 4531 S LABURNUM AVE | 2009 BPP TAX | $17,278.42 |

---

[2] "P" denotes a priority tax claim, "S" denotes a secured tax claim, and "A" denotes an administrative expense tax claim.

| 2252 | P/S | 2006 Toyota | | $904.53 |
|---|---|---|---|---|
| 14039 | A | 2006 Toyota | | $614.09 |
| 2256 | P/S | 9970 MAYLAND DR & 9844 W BROAD ST | 2008 RE TAX | $3,540.47 |
| 14204 | S | 9970 MAYLAND DR & 9844 W BROAD ST | 2009 RE TAX | $6,755.33 |
| 2253 | P/S | DR1 | 2008 RE TAX | $229,693.87 |
| 14208 | S | DR1 | 2009 RE TAX | $422,265.38 |
| 2245 | S | MAYLAND DR | 2008 RE TAX | $7,572.26 |
| 14206 | S | MAYLAND DR | 2009 RE TAX | $14,456.14 |
| 2246 | S | 3900 DEEP ROCK RD | 2008 RE TAX | $12,914.72 |
| 14042 | A | 3900 DEEP ROCK RD | 2009 RE TAX | $24,352.08 |
| 13727 | A | 9941 MAYLAND DR | 2009 RE TAX | $2,729.54 |
| 14032 | A | 3851 DEEP ROCK RD | 2009 RE TAX | $273.14 |
| 7664 | S | 9900 W BROAD ST | 2008 RE TAX | $18,864.24 |
| 13726 | A | 9900 W BROAD ST | 2009 RE TAX | $36,430.38 |
| 13728 | A | 9860 BROOK RD | 2008 RE TAX | $220,807.30 |
| 13897 | S | 4531 S LABURNUM AVE | 2008 RE TAX | – |
| 14201 | S | 11732 W BROAD ST | 2008 RE TAX | $23,684.88 |
| 14202 | S | 9954 MAYLAND DR | 2008 RE TAX | $238,365.21 |
| **TOTAL** | | | | **$2,429,281.60** |

\10971495.4

14