Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :   Jointly Administered
          Debtors.           :
                              :   **Obj. Deadline: June 2, 2010 at**
- - - - - - - - - - - - - - x     **5:00 p.m. (ET)**

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION BY
AND AMONG THE DEBTORS, ARCHOS, INC., AND ASM CAPITAL III,
L.P.**

          PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(the "Settlement Procedures Order") (Docket No. 4401).[1]  A copy of the Settlement Procedures Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement Agreement") with Archos, Inc. ("Archos") and ASM Capital III, L.P. ("ASM"), a copy of which is annexed as <u>Exhibit 2</u>.

## SUMMARY OF SETTLEMENT AGREEMENT TERMS[3]

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Settlement Agreement (defined below) or the Settlement Procedures Order.

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]  This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Settlement Agreement are as follows:

(i)     This a Tier II Settlement.

(ii)    For purposes of the Settlement Agreement, the Parties agree that (i) the 503(b)(9) Claim shall be valued at $0, and (ii) the General Unsecured Claim shall be valued at $842,300.

(iii)   The Parties agree that the Debtors' Remaining Alleged Receivables shall be valued at $39,642.72 (the "Receivables").

(iv)    In full satisfaction and settlement of the Remaining Alleged Receivables and the Receivables, the Receivables shall be net against the General Unsecured Claim such that the General Unsecured Claim shall be reduced to and allowed in the face amount of $802,657.28 (the "Allowed Unsecured Claim").

(v)     Upon the Effective Date (as defined in the Settlement Agreement), the 503(b)(9) Claim shall be deemed disallowed.

(vi)    To the extent required, the automatic stay of 11 U.S.C. § 362 is lifted to permit the netting set forth in Paragraph (iv) above.

(vii)   The Allowed Unsecured Claim shall be deemed an "allowed" claim against Circuit City Stores, Inc. and its estate in case number 08-35653 (KRH) for all purposes, including with respect to any confirmed plan of liquidation or in any chapter 7 case of such Debtor, and shall not be subject to further offset, reduction, subordination, or discount.

(viii)  The Parties agree that the Settlement Agreement finally resolves the 503(b)(9) Claim, the General Unsecured Claim, the Debtors' Remaining Alleged Receivables, the Reconsideration Motion, the Debtors' Preliminary Objection thereto, and the Demand Letter in their entirety.

(ix)    For the avoidance of doubt and notwithstanding anything to the contrary in the Settlement Agreement, (i) the Allowed Unsecured Claim shall constitute Archos's full and final allowed claim in the Debtors' cases and Archos shall not file nor be

entitled to recover on account of any other claims
from the Debtors or their estates, (ii) the Debtors
shall not be entitled to recover any further credits,
rebates, receivables, setoffs, netting, or discounts,
including (without limitation) the Alleged
Receivables, from Archos, and (iii) all omnibus
objections to the Archos Claims shall be deemed
resolved.

(x)    Notwithstanding anything to the contrary in the
Settlement Agreement and for the avoidance of doubt,
nothing herein shall be deemed to or affect any
other claim filed by or transferred to ASM (the
"Unresolved Claims" and the holders of such
Unresolved Claims, the "Claimants") or the Debtors'
rights, claims, causes of action, or defenses
arising from or related to the Unresolved Claims or
the Claimants holding such Unresolved Claims.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Settlement Procedures Order,
any Notice Party may object (each an "Objection") to or
request additional time or information (each a "Request")
to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be <u>in writing</u> and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (see information below) by no later
**June 2, 2010 at 5:00 p.m. (ET)** (the "Objection Deadline").
Each Objection or Request must be served on (i) the
attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue,
36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Settlement Agreement and you do not want the Debtors to proceed with the Settlement Agreement or you want the Court to consider your views concerning the Settlement Agreement, you or you attorney must also:

file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before June 2, 2010 at 5:00 p.m. (ET).**

**Any Objection to the Settlement Agreement must be submitted by the method described in the foregoing sentence. Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Settlement Procedures Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: May 19, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.            Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                          One James Center
One Rodney Square                  901 E. Cary Street
PO Box 636                         Richmond, Virginia 23219
Wilmington, Delaware 19899-0636    (804) 775-1000
(302) 651-3000

              - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   1Case No. 08-35653 (KRH)
et al.,                       :
                              :
              Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

          Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.



of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 9006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the establishment of procedures to settle certain pre-petition and post-petition claims and causes of action without further court approval; and the Court having reviewed the Motion; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.   Based on the affidavits of service filed, due, proper and adequate notice of the Motion has been given in accordance with the Case Management Order and that no other or further notice is necessary;

2.   The Notice Procedures are fair, reasonable, and appropriate.

3.   The Settlement Procedures are fair reasonable, and appropriate.

4.   The Notice and Settlement Procedures were proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)    The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)    The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)    The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)   If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)   If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; _provided_,
_further_, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)   All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.  Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)   Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)   Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as applicable, in an amount greater than $500,000.

12.   Subject to the Notice Procedures, the Debtors are authorized to compromise and settle Cause of Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value (i) equal to or greater than seventy-five percent (75%) of the Debtors' original reasonable estimate of the Cause of Action and Receivable Claim amount and (ii) equal to or less than $1,000,000.

(b)   <u>Tier II</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value equal to (i) more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.   Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.   Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear
and determine all matters arising from or related to the
Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
Aug 7 2009_____, 2009

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

                    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                 IN THE UNITED STATES BANKRUPTCY COURT
                  FOR THE EASTERN DISTRICT OF VIRGINIA
                           RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
          Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - x

     **SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
       DEBTORS, ARCHOS, INC., AND ASM CAPITAL III, L.P.**

          This settlement agreement and stipulation

(this "Agreement") is entered into by and among the

above-captioned debtors and debtors in possession (the

"Debtors")[1], on the one hand, and Archos, Inc. ("Archos")

and ASM Capital III, L.P. ("ASM" and together with the

Debtors and Archos, the "Parties" and each of which is a

"Party"), on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code; and

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc.
      (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
      Inc. (0875), Ventoux International, Inc. (1838), Circuit City
      Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
      Distribution Company of Virginia, Inc. (2821), Circuit City
      Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
      Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
      Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
      Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
      LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
      for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
      VA 23060.

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

3

WHEREAS, the associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, and confirmation on the Plan is currently scheduled for June 8, 2010; and

WHEREAS, generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval, dated August 7, 2009 (Docket No. 4401, the "Settlement Procedures Order")[2] to enter into this Settlement Agreement, subject to the Notice Procedures.

## SETTLEMENT BACKGROUND

**A.    The Archos Claims.**

WHEREAS, the Debtors and Archos engaged in business in the ordinary course prior to and after the

---

[2]  All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Procedures Order.

4

Petition Date wherein the Debtors purchased certain

Archos products (the "Product") for sale in their retail

stores; and

WHEREAS, on December 1, 2008, Archos filed

proof of claim number 441 against the Debtors'

bankruptcy estates pursuant to Bankruptcy Code section

503(b)(9) (the "503(b)(9) Claim").  Therein, Archos

alleged that it shipped in the ordinary course of

business $278,250 worth of Product to the Debtors within

the twenty (20) days before the Petition Date; and

WHEREAS, on December 16, 2009, the 503(b)(9)

Claim was transferred to ASM (D.I. 6099); and

WHEREAS, on December 3, 2008, Archos filed

proof of claim number 239, a general unsecured proof of

claim against the Debtors' bankruptcy estates (the

"General Unsecured Claim" and together with the 503(b)(9)

Claim, the "Archos Claims").[3]  Therein, Archos claimed

---

[3]  On November 17, 2008, Archos filed proof of claim number 25, a
     general unsecured claim against the Debtors' bankruptcy estates.
     Therein, Archos claimed that it shipped in the ordinary course of
     business $891,383.79 worth of Product to the Debtors before the
     Petition Date.  The Debtors objected to claim number 25 on the
     basis that it was amended by the General Unsecured Claim.  See
     Debtors' Thirteenth Omnibus Objection to Certain Amended Claims
     (D.I. 3527).  Claim number 25 has since been disallowed.  See
                                                        *(cont'd)*

that it shipped in the ordinary course of business

$613,133.79 worth of Product to the Debtors before the

Petition Date; and

**B.    The Omnibus Objection.**

WHEREAS, on October 13, 2009, the Debtors

filed the Debtors' Forty-Eighth Omnibus Objection to

Certain Administrative Expenses and 503(b)(9) Claims and

Motion for (I) Authority to Setoff Against Such Expenses

and Claims and (II) A Waiver of the Requirement that the

First Hearing on any Response Proceed as a Status

Conference (D.I. 5211) (the "Objection"); and

WHEREAS, as set forth in the Objection,

Circuit City Stores, Inc. ("Circuit City") alleged that

it became entitled to certain pre- and post-petition

amounts, including receivables, charge-backs, returns,

and other amounts, which amounts are currently due and

owing to Circuit City by Archos but for which Circuit

City had not yet received payment.  Specifically, the

Debtors alleged that Archos owed Circuit City pre- and

---

*(cont'd from previous page)*
   Order on Debtors' Thirteenth Omnibus Objection to Certain Amended
   Claims (D.I. 4446).

post-petition amounts totaling $343,356.67 (the "Alleged

Receivables"); and

WHEREAS, pursuant to the Objection, Circuit

City sought to setoff the Alleged Receivables against

the 503(b)(9) Claim such that after setoff of the

Alleged Receivables, the 503(b)(9) Claim would be valued

at $0; and

WHEREAS, Archos did not file a response to the

Objection; and

**C.    The Memorandum Opinion and Orders.**

WHEREAS, on December 3, 2009, the Court issued

its Memorandum Opinion (Docket No. 5963) and Order

(Docket No. 5964) with respect to the Debtors' Forty-

Eighth, Forty-Ninth and Fiftieth Omnibus Objections to

Claims.   Pursuant to the Court's Order, the Debtors are

authorized to setoff all of their pre- and/or post-

petition Receivables against Administrative Expenses (as

defined in the Objections), including claims arising

under Bankruptcy Code section 503(b)(9), before setting

off against any general unsecured claims; and

WHEREAS, on December 18, 2009, this Court

entered the Supplemental Order on Debtors' Forty-Eighth

7

Omnibus Objection to Certain Administrative Expenses and
503(b)(9) Claims and Motion for (I) Authority to Setoff
Against Such Expenses and Claims and (II) a Waiver of
the Requirement that the First Hearing on Any Response
Proceed as a Status Conference (D.I. 6125) (the "First
Supplemental Order", and together with the Order, the
"Orders").  Therein, the Court, among other things,
ordered the relief sought by the Debtors against Archos.
More particularly, certain of the Debtors' Alleged
Receivables were setoff against the Archos 503(b)(9)
Claim.  After setoff, the 503(b)(9) Claim was reduced to
$0, and the Debtors' Alleged Receivables were reduced to
$65,106.67 (the "Remaining Alleged Receivables"); and

**D.    The Reconsideration Motion.**

        WHEREAS, on April 2, 2010, Archos filed its
Motion for Reconsideration of the Court's Orders on the
Debtors' Forty-Eighth Omnibus Objection (D.I. 7090) (the
"Reconsideration Motion").  Therein, Archos requested
reconsideration of the Orders because it disputed the
amount of the Debtors' Alleged Receivables as reflected
on Exhibit A to the First Supplemental Order.  Moreover,
Archos alleged that it already setoff certain of the

8

Alleged Receivables from its 503(b)(9) Claim before the 503(b)(9) Claim was filed; and

WHEREAS, Archos also alleged that reconsideration of the Orders was warranted on the basis of excusable neglect.  Specifically, Archos executed the assignment of its 503(b)(9) Claim to ASM on or around September 29, 2009.  As such, Archos argued that it did not file a response to the Objection because it believed that it no longer held the 503(b)(9) Claim; and

WHEREAS, on April 21, 2010, the Debtors filed their Preliminary Objection to the Reconsideration Motion (D.I. 7248) (the "Preliminary Objection"). Therein, the Debtors asserted that the Reconsideration Motion raised significant factual and legal issues that should not be resolved absent appropriate discovery. Consequently, the Debtors requested that the Court delay resolution of the Reconsideration Motion until the Debtors had the opportunity to engage in discovery with Archos and ASM and fully brief the issues raised therein; and

9

**E.    The Demand Letter.**

WHEREAS, on March 12, 2010, the Debtors sent a letter to Archos (the "Demand Letter").  Therein, the Debtors alleged that they identified $65,106.67 in Remaining Alleged Receivables that they were authorized to setoff from Archos' General Unsecured Claim pursuant to the Court's Memorandum Opinion and Order; and

WHEREAS, Archos disputed the amount of the Remaining Alleged Receivables; and

WHEREAS, rather than proceed with further litigation concerning the 503(b)(9) Claim, the General Unsecured Claim, the Debtors' Remaining Alleged Receivables, the Reconsideration Motion, the Debtors' Preliminary Objection thereto, and the Demand Letter, the parties engaged in good faith, arms' length negotiations to resolve the 503(b)(9) Claim, the General Unsecured Claim, the Debtors' Remaining Alleged Receivables, the Reconsideration Motion, the Debtors' Preliminary Objection thereto, and the Demand Letter in their entirety; and

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and

valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.   For purposes of this Settlement Agreement, the Parties agree that (i) the 503(b)(9) Claim shall be valued at $0, and (ii) the General Unsecured Claim shall be valued at $842,300.

2.   The Parties agree that the Debtors' Remaining Alleged Receivables shall be valued at $39,642.72 (the "Receivables").

3.   In full satisfaction and settlement of the Remaining Alleged Receivables and the Receivables, the Receivables shall be net against the General Unsecured Claim such that the General Unsecured Claim shall be reduced to and allowed in the face amount of $802,657.28 (the "Allowed Unsecured Claim").

4.   Upon the Effective Date (as defined herein), the 503(b)(9) Claim shall be deemed disallowed.

5.   To the extent required, the automatic stay of 11 U.S.C. § 362 is lifted to permit the netting set forth in Paragraph 3 above.

11

6.    The Allowed Unsecured Claim shall be
deemed an "allowed" claim against Circuit City Stores,
Inc. and its estate in case number 08-35653 (KRH) for
all purposes, including with respect to any confirmed
plan of liquidation or in any chapter 7 case of such
Debtor, and shall not be subject to further offset,
reduction, subordination, or discount.

7.    The Parties agree that this Settlement
Agreement finally resolves the 503(b)(9) Claim, the
General Unsecured Claim, the Debtors' Remaining Alleged
Receivables, the Reconsideration Motion, the Debtors'
Preliminary Objection thereto, and the Demand Letter in
their entirety.

8.    For the avoidance of doubt and
notwithstanding anything to the contrary in this
Settlement Agreement, (i) the Allowed Unsecured Claim
shall constitute Archos's full and final allowed claim
in the Debtors' cases and Archos shall not file nor be
entitled to recover on account of any other claims from
the Debtors or their estates, (ii) the Debtors shall not
be entitled to recover any further credits, rebates,
receivables, setoffs, netting, or discounts, including

12

(without limitation) the Alleged Receivables, from

Archos, and (iii) all omnibus objections to the Archos

Claims shall be deemed resolved.

9.    Notwithstanding anything to the contrary

in this Settlement Agreement and for the avoidance of

doubt, nothing herein shall be deemed to or affect any

other claim filed by or transferred to ASM (the

"Unresolved Claims" and the holders of such Unresolved

Claims, the "Claimants") or the Debtors' rights, claims,

causes of action, or defenses arising from or related to

the Unresolved Claims or the Claimants holding such

Unresolved Claims.

10.    Neither this Settlement Agreement, nor

any statement made or action taken in connection with

the negotiation of this Settlement Agreement, shall be

offered or received in evidence or in any way referred

to in any legal action or administrative proceeding

among or between the parties hereto, other than as may

be necessary (a) to obtain approval of and to enforce

this Settlement Agreement or (b) to seek damages or

injunctive relief in connection with such approval and

enforcement.

11.  Each Party hereto shall execute and
deliver any and all additional papers, documents and
other assurances, and shall do any and all acts and
things reasonably necessary or appropriate in
conjunction with the performance of their respective
obligations hereunder.

12.  No provision of this Settlement Agreement
is intended to confer any rights, benefits, remedies,
obligations or liabilities hereunder upon any person
other than the parties hereto and their respective
successors and assigns.

13.  Except where preempted by applicable
Federal law, this Settlement Agreement shall be governed
by and construed in accordance with the internal laws of
the Commonwealth of Virginia without regard to any
choice of law provisions.

14.  This Settlement Agreement may be signed
in counterpart originals and delivered by facsimile or
email, which, when fully executed, shall constitute a
single original.

14

15.   This Settlement Agreement constitutes the entire agreement and understanding of the parties regarding the Agreement and the subject matter thereof.

16.   The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

17.   Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement.  The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

18.   This Settlement Agreement shall not be modified, altered, amended or vacated without the

15

written consent of all parties hereto or order of the
Bankruptcy Court.

19.   This Settlement Agreement and all of its
terms shall be effective upon the later of (i) execution
by both Parties and (ii) the expiration of the
applicable Notice Period (the "Effective Date").

20.   This Settlement Agreement shall inure to
the benefit of and be binding upon the successors and
assigns of the Parties hereto, including any Chapter 7
trustee or the Liquidating Trustee under the Plan.

IN WITNESS WHEREOF, this Agreement is hereby

executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

Dated:  May 19, 2010

17

ARCHOS, INC.

By:

/s/ Ron Ferguson_____
Ron Ferguson
Senior VP, General Manager
Archos, Inc.
7951 E. Maplewood Ave., Suite 260
Greenwood Village, CO  80111
(303) 962-3364

Dated:  May 18, 2010

ASM CAPITAL III, L.P.

By:

/s/ Douglas Wolfe      ____
Douglas Wolfe
General Counsel
ASM Capital
7600 Jericho Turnpike
Suite 302
Woodbury, NY  11797

Dated:  May 19, 2010