## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | **:** Chapter 11 |
| | **:** |
| CIRCUIT CITY STORES, INC., <u>et al.</u>,[1] | **:** Case No. 08-35653-KRH |
| | **:** |
| Debtors. | **:** (Jointly Administered) |
| | **:** |
| | **:** |

### APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF ARSENE TAXAND AS SPECIAL FRENCH TAX COUNSEL TO THE OFFICIAL COMMITTEE OF <u>UNSECURED CREDITORS *NUNC PRO TUNC* TO APRIL 28, 2010</u>

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of the above-

captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") hereby applies to this

Court (this "<u>Application</u>") for the entry of an order authorizing and approving the employment of

Arsene Taxand (the "<u>Firm</u>") as special French tax counsel to the Committee in connection with

the Debtors' chapter 11 cases, *nunc pro tunc* to April 28, 2010, pursuant to sections 328(a) and

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC  (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City West Coast is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

Richard M. Pachulski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF – 2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA  90067-4100
Telephone:  (310) 277-6910
Telecopy:  (310) 201-0760

Counsel for the Official
Committee of Unsecured Creditors

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA  23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178

Co-Counsel for the Official
Committee of Unsecured Creditors

12304-002\DOCS_NY:20680.3

1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the

"Bankruptcy Code"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States

Bankruptcy Court for the Eastern District of Virginia (the "Local Rules"); and in support of the

Application, the Committee submits the Declaration of Nicolas Jacquot, a partner of the Firm

(the "Jacquot Declaration"), attached hereto and incorporated herein by reference.  In support of

the Application, the Committee respectfully represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these chapter 11

cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates

for the relief requested herein are sections 328(a) and 1103(a) of the Bankruptcy Code,

Bankruptcy Rules 2014 and 5002, and Local Rule 2014-1.

## BACKGROUND

2.      On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary

petitions in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors' wholly

owned subsidiary, InterTAN Canada, Ltd. ("InterTAN Canada") (which operated as The Source

by Circuit City) and Tourmalet Corporation (a non-operating holding company) filed under the

*Companies' Creditors Arrangement Act.*

3.      The Debtors continue to manage and operate their businesses as debtors in

possession pursuant to Bankruptcy Code sections 1107 and 1108.

4.      On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed the Committee in these cases pursuant to sections 1102(a) and 1102(b)(1) of the Bankruptcy Code.  To date, no trustee or examiner has been appointed in these chapter 11 cases.

5.      On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

6.      Pursuant to an extensive marketing process approved in the Canadian proceedings, InterTAN Canada and its advisors actively marketed InterTAN Canada's business for sale as a going concern. Those marketing efforts culminated in an asset purchase agreement with Bell Canada and its affiliate, 4458729 Canada Inc., to purchase the InterTAN Canada business.  On March 20, 2009 the Court entered an order approving the sale of the InterTAN Canada business.

7.      On August 29, 2009, the Debtors and the Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan").  The associated disclosure statement(the "Disclosure Statement") was approved on September 24, 2009, and confirmation of the Plan is currently scheduled for June 8,

2010.  Generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the

Bankruptcy Code.

8.      On April 28, 2010, the Committee decided to retain the Firm as its special

French tax counsel for the purpose of evaluating and assessing the Debtors' and their Canadian

subsidiaries' maximum potential liability under French law arising from the prepetition cessation

of business by InterTAN Canada's French subsidiary, InterTAN France SNC.

9.      Specializing in corporate tax law, the Firm is a French law firm based in

Paris, France.  Arsene Taxand professionals have extensive and diverse experience, knowledge

and reputation in corporate tax law and related fields, as well as an understanding of the issues

involved in these chapter 11 cases necessary to provide French legal advice in cross-border

reorganization proceedings.

## <u>RELIEF REQUESTED</u>

10.     By this Application, the Committee respectfully requests that the Court

enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, pursuant to sections 328(a)

and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Local Rule 2014-1,

authorizing the Committee to employ and retain the Firm as its special French tax counsel in

these chapter 11 cases.  The Committee seeks to retain the Firm *nunc pro tunc* to April 28, 2010

because the Firm began providing services to the Committee as of such date.  The Committee

believes that such *nunc pro tunc* retention is appropriate in these chapter 11 cases because the

Committee required effective representation prior to such time as a retention application could be

submitted to the Court due to the exigencies of these chapter 11 cases, and the Firm has been

providing services to the Committee since April 28, 2010.

## SERVICES TO BE RENDERED

11.     The Committee believes that the retention of Arsene Taxand as special

French tax counsel is appropriate and necessary to enable the Committee to faithfully execute

their duties and to facilitate the reorganization of the Debtors.  Subject to further order of this

Court, the Committee has requested that Arsene Taxand provide such legal services as Arsene

Taxand and the Committee deem appropriate and feasible in order to advise the Committee in

the course of these chapter 11 cases.  It is proposed that Arsene Taxand be retained and

employed to provide services that include, but are not limited to:

> (a)     assisting the Committee and its Canadian and U.S. professional advisors (the "Advisors") in analyzing InterTAN Canada's potential French tax liability;
>
> (b)     assisting and advising the Advisors with respect to any matters that they may request involving issues of French law or practice;
>
> (c)     preparing on behalf of the Committee any pleadings, orders, reports and other legal documents as may be necessary in furtherance of the Committee's interests and objectives regarding InterTAN Canada's potential French tax liability; and
>
> (d)     performing any other services regarding InterTAN Canada's potential French tax liability as directed by the Committee and its Advisors, which may be desirable, necessary and proper for the Committee to discharge its duties in these chapter 11 cases.

## DISINTERESTEDNESS OF PROFESSIONALS

12.     To the best of the Committee's knowledge, and based upon the Jacquot

Declaration attached hereto, neither the Firm nor any of its attorneys have any connection with

any party in interest, their attorneys or accountants, other than as set forth in the Jacquot

Declaration.

13.     To the best of the Committee's knowledge, except as provided in the

Jacquot Declaration, neither the Firm, nor any of its attorneys represent any interest adverse to

that of the Committee in the matters on which they are to be retained, and the Firm's attorneys

are disinterested persons under section 101(14) of the Bankruptcy Code.

14.    While the Firm has undertaken, and continues to undertake, efforts to

identify connections with the Debtors and other parties-in-interest, it is possible that connections

with some parties-in-interest have not yet been identified.  Should the Firm, through its

continuing efforts or as these cases progress, learn of any new connections of the nature

described above, the Firm will promptly file supplemental declarations, as required by

Bankruptcy Rule 2014(a).

## PROFESSIONAL COMPENSATION

15.    The Committee desires to employ the Firm with reasonable fees to be

determined by the Court.  No compensation will be paid to the Firm except upon compliance

with the Bankruptcy Code, Bankruptcy Rules and Local Rules, and this Court's orders.  The

Firm has received no retainer in this case to represent the Committee.  Neither the Committee

nor any of its members (or their representatives) are or will be liable for any fees or costs

incurred by the Firm in its representation of the Committee.  The principals attorney presently

designated to represent the Committee and their current standard hourly rates are:

| | |
|---|---|
| Nicolas Jacquot | €520.00 ($640) per hour |
| Nikolaj Milbradt | €350.00 ($430) per hour |

16.    The hourly rates set forth above are the Firm's standard hourly rates for

work of this nature.  These rates are set at a level designed to fairly compensate the Firm for the

work of its attorneys and paralegals and to cover fixed and routine overhead expenses.[2]  By

agreement with the Committee, the Firm will not charge for non-working travel time.

## **NOTICE**

17.     Notice of this Application has been given to the following parties or, in

lieu thereof, to their counsel, if known: (i) counsel to the Debtors; (ii) the Office of the United

States Trustee for this District; (iii) counsel to the Debtors' prepetition lenders; and (iv) all

parties requesting notice pursuant to Bankruptcy Rule 2002.  The Committee submits that, in

light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Committee requests that the Court enter the order (the "Order")

annexed hereto as Exhibit A, approving the employment of the Firm as its special French tax

counsel, *nunc pro tunc* to April 28, 2010, to render services as described above with

compensation to be paid as an administrative expense in such amounts as this Court may

hereafter determine and allow; and grant the Committee such other and further relief as the Court

deems just and proper.

---

[2]     These rates are subject to periodic adjustments to reflect economic and other conditions.  Other attorneys
and paralegals may from time to time serve the Committee in connection with the matters described herein.

Dated:  May _18_, 2010

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF CIRCUIT CITY STORES, INC.

By: _____

~~Ramona Neal~~ *Ellen Friedman  Counsel for Hewlett*
                                 *Packard*
Chairman of the Official Committee of Unsecured  *Company*
Creditors of Circuit City Stores, Inc.

Filed this 21st day of May, 2010
By:

   */s/ Lynn L. Tavenner*        
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178

-and-

Richard M. Pachulski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF-2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.  11th Floor
Los Angeles, California  90067-4100
Telephone: 310-227-6910
Facsimile:  310-201-0760
E-mail:rfeinstein@pszjlaw.com
jpomerantz@pszjlaw.com

Counsel for Official Committee of Unsecured Creditors
Holding Unsecured Claims

## CERTIFICATE OF SERVICE

     I hereby certify that on this 21st day of May, 2010 a true copy of the foregoing Application For Entry Of An Order Authorizing and Approving Employment of Arsene Taxand As Special French Tax Counsel To The Official Committee Of Unsecured Creditors *Nunc Pro Tunc* To April 28, 2010 was served via  first-class, electronic mail or through the Court's ECF system to the parties on the  Primary Service List as identified in the Case Management Order.

        */s/ Lynn L. Tavenner*     
              Co-Counsel

# **EXHIBIT A**

**(Proposed Order)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | **:** | Chapter 11 |
| | **:** | |
| CIRCUIT CITY STORES, INC., et al.,[1] | **:** | Case No. 08-35653-KRH |
| | **:** | |
| Debtors. | **:** | (Jointly Administered) |
| | **:** | |
| | **:** | |

## ORDER AUTHORIZING AND APPROVING
## THE EMPLOYMENT OF ARSENE TAXAND AS SPECIAL
## FRENCH TAX COUNSEL TO THE OFFICIAL COMMITTEE OF
## UNSECURED CREDITORS *NUNC PRO TUNC* TO APRIL 28, 2010

This matter came before the Court on the *Application for Entry of an Order Authorizing and Approving the Employment of Arsene Taxand as Special French Tax Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to April 28, 2010* (the "Application")[2] and the

Declaration of Nicolas Jacquot filed in support of the Application (the "Jacquot Declaration")

both filed by the Official Committee of Unsecured Creditors (the "Committee") for approval of

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City West Coast is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

[2]     Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Application.

---

Richard M. Pachulski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF – 2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA  90067-4100
Telephone:  (310) 277-6910
Telecopy:  (310) 201-0760

Counsel for the Official
Committee of Unsecured Creditors

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA  23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178

Co-Counsel for the Official
Committee of Unsecured Creditors

Arsene Taxand's employment as special French tax counsel for the Committee in these cases,

pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et</u>

<u>seq</u>., Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy</u>

<u>Rules</u>"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court

for the Eastern District of Virginia (the "<u>Local Rules</u>") and the Court having jurisdiction to

consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334;

and consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Application having been provided, and it

appearing that no other or further notice need be provided; and it appearing to the Court that the

said Application should be approved, it is, therefore, ORDERED:

1.      That the Application is granted.

2.      The Committee is hereby authorized to retain and employ the Firm as

special tax counsel to the Committee pursuant to sections 328(a) and 1103(a) of the Bankruptcy

Code *nunc pro tunc* to April 28, 2010.

3.      The Firm shall apply for compensation for professional services rendered

and reimbursement of expenses incurred in connection with the Debtors' cases in compliance

with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules,

and any other applicable procedures and orders of this Court.

4.      The Committee and the Firm are authorized and empowered to take all

actions necessary to implement the relief granted in this Order.

5.      The Firm is authorized to sign and file electronically all notices, orders,

motions, applications and other requests for relief, all briefs, memoranda, affidavits, declarations,

replies and other documents filed in support of such documents and all objections and responses

related to any such documents filed by any party in the Debtors' chapter 11 cases.


Dated: _____                    _____
        Richmond, Virginia                          The Honorable Kevin Huennekens
                                                    United States Bankruptcy Judge


**WE ASK FOR THIS:**


_____
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178

-and-

Richard M. Pachulski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF-2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.  11th Floor
Los Angeles, California  90067-4100
Telephone: 310-227-6910
Facsimile:  310-201-0760
E-mail:rfeinstein@pszjlaw.com
jpomerantz@pszjlaw.com

Counsel for Official Committee of
Unsecured Creditors Holding Unsecured Claims

**SEEN AND NO OBJECTION:**

_____
Robert B. Van Arsdale (VSB# 17483)
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
(804) 771-2310
(804) 771-2330 (Facsimile)


<u>**CERTIFICATION**</u>

     I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.


                         _____
                         Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
                         Tavenner & Beran, PLC
                         1015 East Main Street, First Floor
                         Richmond, Virginia  23219
                         Telephone:  (804) 783-8300
                         Telecopy:  (804) 783-0178

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | :    Chapter 11 |
| | : |
| CIRCUIT CITY STORES, INC., et al.,[1] | :    Case No. 08-35653-KRH |
| | : |
|               Debtors. | :    (Jointly Administered) |
| | : |
| | : |

## DECLARATION OF NICOLAS JACQUOT IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF ARSENE TAXAND AS SPECIAL FRENCH TAX COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO APRIL 28, 2010

I, Nicolas Jacquot, declare under penalty of perjury as follows, pursuant to Rules

2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure:

1.      I am a partner with the firm of Arsene Taxand (the "Firm"),[2] with offices

located at 32 Rue de Monceau, 75008 Paris, France. I am duly admitted to practice law in the

France.  I am authorized to submit this *Declaration in Support of the Application for Entry of an*

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identifications numbers, are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC  (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City West Coast is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

---

| | |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073) | Lynn L. Tavenner (VA Bar No. 30083) |
| Robert J. Feinstein (NY Bar No. RF – 2836) | Paula S. Beran (VA Bar No. 34679) |
| Jeffrey N. Pomerantz (CA Bar No. 143717) | Tavenner & Beran, PLC |
| Pachulski Stang Ziehl & Jones LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard, 11th Floor | Richmond, VA  23219 |
| Los Angeles, CA  90067-4100 | Telephone:  (804) 783-8300 |
| Telephone:  (310) 277-6910 | Telecopy:  (804) 783-0178 |
| Telecopy:  (310) 201-0760 | |
| | |
| Counsel for the Official | Co-Counsel for the Official |
| Committee of Unsecured Creditors | Committee of Unsecured Creditors |

*Order Authorizing and Approving the Employment of Arsene Taxand as Special French Tax*

*Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to April 28, 2010* (the

"<u>Application</u>").

2.      Neither I, the Firm, nor any partner, or associate thereof, insofar as I have

been able to ascertain, has any connection with the Debtors, their creditors or any other parties in

interest herein, or their respective attorneys and accountants, the U.S. Trustee, or any person

employed in the office of the U.S. Trustee, except as set forth herein.

3.      Section 1103(b) of the Bankruptcy Code does not incorporate the general

"disinterestedness" standard of section 327(a).  However, Rule 2014 requires that an application

for employment under section 1103 disclose all connections with the Debtors, the estates, the

professionals and the Office of the Trustee.  The Firm, therefore, discloses its known connections

as follows.

4.      The Firm has made the following investigation of disinterestedness prior

to submitting this declaration.  The Firm has undertaken a full and thorough review of its

computer data base which contains the names of clients and other parties interested in particular

matters.  The Firm requires all of its professionals, before accepting the representation of a new

client, or the representation of an existing client in a new matter, to perform a conflicts check

through the Firm's data base and to enter into that data base conflict information regarding new

clients or new matters.  Thus, a review of said computerized data base should reveal any and all

actual or potential conflicts of interest with respect to any given representation.  In particular, an

employee of the Firm, under my supervision, ran the names of, among others, (i) the Debtors and

non-Debtor affiliates, (ii) the Debtors' known secured creditors, (iii) the fifty largest unsecured

creditors of the Debtors as disclosed by them in filings with the Court, (iv) the United States

Trustee for the Eastern District of Virginia and key staff members, and (v) the Judges of the

Bankruptcy Court for the Eastern District of Virginia, through the Firm's database.  The names

of the parties run through the Firm's data base are set forth on <u>Schedule 1</u> attached hereto.

       5.     Based on the results of the database, it appears that the Firm does not hold

or represent any interest adverse to and has no connection, subject to the disclosures set forth

below, with the Debtors herein, their creditors, the U.S. Trustee or any party-in-interest herein in

the matters upon which the Firm is to be retained, and is a "disinterested person" within the

meaning of section 101(14) of the Bankruptcy Code.

       6.     The Firm and certain of its partners, and associates represented,

represents, and in the future will likely represent creditors of the Debtors in connection with

matters unrelated to the Debtors and these chapter 11 cases.  At this time, the Firm is not aware

of any such representations except as noted herein.  If the Firm identifies any further such

representations, the Firm shall make further disclosures as may be appropriate at that time.

       7.     The Firm is a "disinterested person" as that term is defined in

section 101(14) of the Bankruptcy Code in that the Firm, its partners, and associates:

      (a)     are not creditors, equity security holders or insiders of the Debtors;

      (b)     are not and were not within 2 years before the date of the filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors;

      (c)     are not and were not, within three (3) years before the date of the filing of the Debtors' chapter 11 petitions, an investment banker for a security of the Debtors, or an attorney for such investment banker in connection with the offer, sale or issuance of any security of the Debtors;

      (d)     does not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security

holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason, except as disclosed herein.

8.      Except as disclosed above, the Firm has received no retainer from the Debtors or the Committee or any payment, nor any promise of payment, during the one-year period prior to the filing of the Debtors' petitions.  No compensation has been paid or promised to be paid from a source other than the Debtors' estates in these chapter 11 cases.  No promises have been received by the Firm nor by any partners or associate thereof as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code.  The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases, except among the partners, of counsel and associates of the Firm.  Neither the Committee nor its members (or any of their representatives) are or will be liable for fees or costs incurred by the Firm in its representation of the Committee.

9.      The Firm intends to apply for compensation for professional services rendered in connection with these chapter 11 cases subject to approval of this Court and compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.  The principal attorneys and paralegals presently designated to represent the Committee and their current standard hourly rates are:

|  |  |
|---|---|
| Nicolas Jacquot | €520.00 ($640) per hour |
| Nikolaj Milbradt | €350.00 ($430) per hour |

10.     The hourly rates set forth above are the Firm's standard hourly rates for work of this nature, which are subject to adjustment from time to time.  These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  These rates are subject to periodic adjustments to reflect economic and other conditions.  Other attorneys and paralegals may from time to time serve the Committee in connection with the matters described herein, and the Firm will charge its standard hourly rates for their services.  It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  The Firm will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.  The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

11.     The Firm intends to work closely with Pachulski Stang Ziehl & Jones LLP, Gowling Lafleur Henderson LLP, and Protiviti, Inc. and other professionals retained by the Committee, to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates.

Dated:  May 17, 2010

_____
Nicolas Jacquot

## <u>Schedule 1</u>

**<u>The Debtors</u>**
Abbott Advertising Agency, Inc.
CC Aviation, LLC
CC Distribution Company of Virginia, Inc.
Circuit City Properties, LLC
Circuit City Purchasing Company, LLC
Circuit City Stores, Inc.
Circuit City Stores PR, LLC
Circuit City Stores West Coast, Inc.
Courcheval, LLC
InterTAN, Inc.
Kinzer Technology, LLC
Mayland MN, LLC
Orbyx Electronics, LLC
Patapsco Designs, Inc.
Prahs, Inc.
Sky Venture Corporation
Ventoux International, Inc.
XS Stuff, LLC

**<u>Non-Debtor Affiliates</u>**
Asian Sourcing & Procurement Services Co. Ltd.
Circuit City Global Sourcing Ltd
Early Adopter Fund, LLC
InterTAN Canada, Ltd
InterTAN France SNC
InterTAN Ontario Ltd.
PlumChoice, Inc.
Sixth Street Marketplace, LP
St. Tammany Oaks Subdivision Association LLC
Theater Xtreme Entertainment Group, Inc.

**<u>Prepetition and Postpetition</u>**
**<u>Secured Lenders</u>**
Ableco Finance LLC
Bank of America, N.A.
Burdale Finance Ltd.
Capital One Leverage Finance Corporation
Crystal Capital
Fifth Third Bank
General Electric Capital Corporation
GMAC Commercial Finance LLC
JPMorgan Chase Bank, N.A.
National City Business Credit, Inc.
PNC Bank, N.A.
SunTrust Bank
Textron Financial Corporation
UBS Loan Finance LLC
UPS Capital Corporation
Wachovia Capital Finance Corporation
Webster Financial Corporation
Wells Fargo Retail Finance, LLC

**<u>Fifty Largest Unsecured Creditors</u>**
Advertising.com
Alliance Entertainment
Apex Digital Inc
Audiovox
Belkin Logistics Inc.
Bethesda Softworks
Buena Vista Home Video
Columbia Tristar Home Video
Dlink Systems
Eastman Kodak Company
Fox Home Entertainment
Fuji Photo Film USA
Garmin International Inc.
Graphic Communications
Hewlett-Packard
Hisense USA Corporation
IBM
IBM Strategic Outsourcing Wire
Incomm
Kensington Computer Products Group
Kingston Technologies
Klipsch Audio Technologies LLC
Lenovo, Inc.
Lexar Media Inc.
Lexmark International Inc.
Linksys
Microsoft Corp Consignment
Microsoft Xbox Consignment
Mitac USA Inc.
Mitsubishi Digital Electronics
Monster Cable Products
Navarre Consignment
Navarre Corporation
Nikon Inc.
Olympus Corporation
Omnimount Systems Inc.
Oncorp US, Inc.
Onkyo USA Corporation
Panasonic North America
Paramount Home Video
Pioneer Electronics (USA) Inc.
Samsung Electronics America
Sandisk Corporation
Sharp Electronics Corporation
Simpletech
Sony Computer Entertainment
Sony Electronics Inc.
Stillwater Designs Inc.
THQ Inc. (ValuSoft)
Toshiba America Business Solutions Inc.

Toshiba America Consumer Products
Toshiba Computer Systems Division
Vizio
Vtech Communications Inc.
Vtech Electronics
Warner Home Video
Zenith Electronics Corporation

**United States Trustee for the Eastern District of Virginia (and Key Staff Members)**

Bove, Frank J. (Trial Attorney)
Byrnes, John R. (Assistant U.S. Trustee)
Conlon, Debera F. (Assistant U.S. Trustee)
Davis, Martha L. (Trial Attorney)
Early, Dennis J. (Assistant U.S. Trustee)
Frankel, Jack I. (Trial Attorney)
Franklin, Shannon D. (Trial Attorney)
Garber, Margaret K. (Trial Attorney)

Guzinski, Joseph A. (Trial Attorney)
McDow, Jr., W. Clarkson (U.S. Trustee)
Pecoraro, Shannon F. (Trial Attorney)
Van Arsdale, Robert (Assistant U.S. Trustee)
Weschler, Cecelia A. (Trial Attorney)
Whitehurst, III, Kenneth N. (Trial Attorney)

**Judges for the Bankruptcy Court of the Eastern District of Virginia**

Hon. Kevin R. Huennekens (Richmond Division)
Hon. Robert G. Mayer (Alexandria Division)
Hon. Stephen S. Mitchell (Alexandria Division)
Hon. Frank J. Santoro (Norfolk and Newport News Divisions)
Hon. Stephen C. St. John (Norfolk and Newport News Divisions)
Hon. Douglas O. Tice, Chief Judge (Richmond Division)