Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :   Jointly Administered
            Debtors.        :
                            :   **Obj. Deadline: June 1, 2010 at**
- - - - - - - - - - - - - - x   **5:00 p.m. (ET)**

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION BY
AND AMONG THE DEBTORS AND FUJITSU TEN CORP. OF AMERICA**

        PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(the "Settlement Procedures Order") (Docket No. 4401).[1]  A copy of the Settlement Procedures Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement Agreement") with Fujitsu Ten Corp. of America ("Fujitsu Ten"), a copy of which is annexed as <u>Exhibit 2</u>.

## SUMMARY OF SETTLEMENT AGREEMENT TERMS[3]

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Settlement Agreement (defined below) or the Settlement Procedures Order.

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]  This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Settlement Agreement are as follows:

(i)     This a Tier I Settlement.

(ii)    For purposes of the Settlement Agreement, the Parties agree that (i) the General Unsecured Claim shall be valued at $930,453.76, (ii) the 503(b)(9) Claim shall be valued at $374,740.80, and (iii) the Administrative Expense Claim shall be valued at $52,829.50.

(iii)   The Parties agree that the General Unsecured Claim Discrepancy shall be valued at $427,570.30.  After deducting the agreed upon General Unsecured Claim Discrepancy from the General Unsecured Claim, the amount of the General Unsecured Claim is $502,883.46.

(iv)    The Parties agree that the Debtors' Alleged Receivables shall be valued at $773,021.99 (the "Receivables").

(v)     In full satisfaction and settlement of the Alleged Receivables and the Receivables, the Receivables shall be net against Fujitsu Ten's Claims in the following order: (i) the Administrative Expense Claim such that the Administrative Expense Claim shall be reduced to $0; (ii) the 503(b)(9) Claim such that the 503(b)(9) Claim shall be reduced to $0; and, (iii) the General Unsecured Claim such that the General Unsecured shall be reduced to $157,431.77 (the "Allowed General Unsecured Claim").

(vi)    To the extent required, the automatic stay of 11 U.S.C. § 362 is lifted to permit the netting set forth in Paragraph (v) above.

(vii)   The Allowed General Unsecured Claim shall be deemed an "allowed" claim in case number 08-35653 (KRH) for all purposes, including with respect to any confirmed plan or as required under any chapter 7 liquidation (as applicable), and shall not be subject to further objection, offset, reduction, discount, impairment or subordination.

(viii)  The Parties agree that the Settlement Agreement finally resolves the Fujitsu Ten Claims, the Objections, the Response, the Demand Letter, the General Unsecured Claim Discrepancy, the 503(b)(9) Claim Discrepancy, the Avoidance Action Claims, and

3

the Debtors' Alleged Receivables and Receivables in their entirety.

(ix)  For the avoidance of doubt and notwithstanding anything to the contrary in the Settlement Agreement, (i) the Allowed General Unsecured Claim shall constitute Fujitsu Ten's full and final allowed claim in the Debtors' cases and Fujitsu Ten shall not file or be entitled to recover on account of any other claims, (ii) the Debtors shall not be entitled to recover any further credits, rebates, receivables, setoffs, netting, or discounts, including (without limitation) the Alleged Receivables, from Fujitsu Ten and (iii) all Objections to the Fujitsu Ten Claims shall be deemed resolved.

(x)  Upon the Effective Date, the Debtors, on behalf of themselves, and each on behalf of their respective estates (including but not limited to any trustee appointed in any of these chapter 11 cases or any successor chapter 7 case) and Fujitsu Ten, hereby irrevocably and fully release one another from and against any and all claims or causes of action (including but not limited to, causes of action under Bankruptcy Code sections 502, 542, 543, 544, 546, 547, 548, 549, 550, 553 and 558) arising from, in connection with, or related to the Alleged Receivables, the Receivables, the Fujitsu Ten Claims, and the Avoidance Action Claims (this paragraph, the "Releases").

(xi)  For the avoidance of doubt and notwithstanding anything to the contrary in this Settlement Agreement, (1) the Releases are not intended as general releases or waivers and nothing in this Settlement Agreement shall be construed as such, and (2) Fujitsu Ten and the Debtors specifically acknowledge and agree that this Settlement Agreement is not intended to, and does not, release or otherwise affect in any way any actual claims or causes of action (or potential claims or causes of action similar in nature or type to such actual claims or causes of action) now or hereinafter asserted in, based on, or relating to the multi-district litigation captioned In re: TFT-LCD (Flat Panel) Antitrust Litigation, MDL No. 1827 (N.D. Cal.) and the actions consolidated therein (the "MDL Proceeding").

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Settlement Procedures Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be in writing and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (see information below) by no later **June 1, 2010 at 5:00 p.m. (ET)** (the "Objection Deadline"). Each Objection or Request must be served on (i) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F. Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Settlement Agreement and you do not want the Debtors to proceed with the Settlement Agreement or you want the Court to consider your views concerning the Settlement Agreement, you or you attorney must also:

file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before June 1, 2010 at 5:00 p.m. (ET)**.

**Any Objection to the Settlement Agreement must be submitted by the method described in the foregoing sentence. Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Settlement Procedures Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: May 25, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

              - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

             IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    1Case No. 08-35653 (KRH)
et al.,                       :
                              :
             Debtors.         :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

            Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.    The Notice Procedures are fair,

reasonable, and appropriate.

3.    The Settlement Procedures are fair

reasonable, and appropriate.

4.    The Notice and Settlement Procedures were

proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)   All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)   Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)   Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   <u>Tier II</u> With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

> seventy-five percent (75%) of the Debtors'
> original reasonable estimate of the Cause of
> Action and Receivable Claim amount.

13.   To memorialize the Settlements, the Debtors are authorized in their sole discretion, but not directed, to enter into Settlement Agreements substantially in the form of Exhibit A attached hereto; provided, further, that the material terms of each Settlement Agreement may vary depending upon the specific facts and circumstances of each Settlement and nothing herein or therein shall be construed as impairing the Debtors' ability to tailor the form of the Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not directed, to resolve all of the Disputed Claims and Cause of Action and Receivable Claims of a single party in a single Settlement Agreement.

15.   The Debtors shall provide written notice to Kurtzman Carson Consultants LLC ("KCC"), the Debtors' authorized claims and noticing agent, with respect to any proof of claim settled pursuant to these Settlement Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.  Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.  Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear and determine all matters arising from or related to the Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
Aug 7 2009_____, 2009

/s/ Kevin R. Huennekens

UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE,           MCGUIREWOODS LLP
MEAGHER & FLOM, LLP             One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware            (804) 775-1000
19899-0636
(302) 651-3000

                – and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE DEBTORS
AND FUJITSU TEN CORP. OF AMERICA**

        This settlement agreement and stipulation (this

"Settlement Agreement") is entered into by and among the above-

captioned debtors and debtors in possession (the "Debtors"),[1] on

the one hand, and Fujitsu Ten Corp. of America ("Fujitsu Ten"

and together with the Debtors, the "Parties" and each of which

is a "Party"), on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition Date"),

the Debtors each filed a voluntary petition in the United States

Bankruptcy Court for the Eastern District of Virginia (the

"Court") under chapter 11 of title 11 of the United States Code

(the "Bankruptcy Code"); and

WHEREAS, the Debtors have continued as debtors in

possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of the

United States Trustee for the Eastern District of Virginia

---

[1]  The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc. (3875),
Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC
(5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc.
(2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157),
Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky
Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263), Mayland MN,
LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and
Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores
West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.
For all other Debtors, the address was 9950 Mayland Drive, Richmond,
Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA
23060.

appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores. As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

WHEREAS, the associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, confirmation on the Plan has been adjourned and a status conference is scheduled for June 8, 2010; and

WHEREAS, generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval, dated August 7, 2009 (Docket No. 4401, the "Settlement Procedures Order")to enter into this Settlement Agreement, subject to the Notice Procedures.

**SETTLEMENT BACKGROUND**

**A.    The Fujitsu Ten Claims.**

WHEREAS, Circuit City and Fujitsu Ten engaged in business in the ordinary course prior to and after the Petition Date wherein the Debtors purchased certain Fujitsu Ten products (the "Product") for sale in their retail stores; and

WHEREAS, on December 10, 2008, Fujitsu Ten filed proof of claim number 777 against the Debtors' bankruptcy estates pursuant to Bankruptcy Code section 503(b)(9) (the "503(b)(9) Claim").  Therein, Fujitsu Ten alleged that it shipped in the ordinary course of business $374,740.80 worth of Product to the Debtors within the twenty (20) days before the Petition Date; and

WHEREAS, the Debtors objected to the 503(b)(9) Claim

4

in the Debtors' Twentieth Omnibus Objection to Claims
(Reclassification to Unsecured Claims of Certain Claims Filed as
503(b)(9) Claims for Goods Received by the Debtors Not Within
Twenty Days of the Commencement of the Cases) (the "Twentieth
Omnibus Objection") (D.I. 3704).  Therein, the Debtors objected
to the 503(b)(9) Claim on the basis that $5,730.40 of the claim
should be reclassified to a general unsecured, non-priority
claim.  The Debtors asserted that the Product that comprised
that portion of the claim was received by the Debtors outside of
the statutory period of twenty (20) days that preceded the
Petition Date.  Consequently, the Debtors asserted that the
503(b)(9) Claim should be reduced to $369,010.40; and

WHEREAS, on July 13, 2009, Fujitsu Ten filed the
response to the Debtors' Twentieth Omnibus Objection (D.I.
4066).  Therein, Fujitsu Ten provided the delivery receipts
evidencing that the goods were received by the Debtors within
the statutory period of twenty (20) days that preceded the
Petition date.  Consequently, Fujitsu Ten asserted that Debtors'
Twentieth Omnibus Objection should be withdrawn; and

WHEREAS, the relief sought by the Debtors in the
Twentieth Omnibus Objection as to Fujitsu Ten's 503(b)(9) Claim
was adjourned (D.I. 4576); and

WHEREAS, on March 24, 2010, the Court entered an Order
withdrawing the Debtors' Twentieth Omnibus Objection as to

5

Fujitsu Ten's 503(b)(9) Claim without prejudice (D.I. 6953)

thereby reinstating the 503(b)(9) Claim; and

WHEREAS, on January 29, 2009, Fujitsu Ten filed claim

number 7750, a general unsecured proof of claim against the

Debtors' bankruptcy estates (the "General Unsecured Claim").

Therein, Fujitsu Ten claimed that it shipped in the ordinary

course of business $157,431.77 worth of Product to the Debtors

before the Petition Date for which Fujitsu Ten had not been

paid; and

WHEREAS, the Debtors objected to the General Unsecured

Claim in the Debtors' Seventieth Omnibus Objection to Claims

(Disallowance of Certain (I) No Liability (Legal Claims); (II)

No Liability (Satisfied Claims); (III) No Liability (Human

Resources Claims); and (IV) No Liability (Miscellaneous Claims))

(the "Seventieth Omnibus Objection") (D.I. 7013).  After

reviewing their books and records, the Debtors determined that a

portion of the General Unsecured Claim was already taken into

account, and duplicated, by prior claims filed by Fujitsu Ten.

The Debtors asserted that no liability was owed on the remaining

portion of the General Unsecured Claim because of reversals of

previously taken deductions.  Accordingly, the Debtors disputed

any liability with respect to the General Unsecured Claim; and

WHEREAS, the relief sought by the Debtors in the

Seventieth Omnibus Objection as to Fujitsu Ten's General

6

Unsecured Claim was adjourned;

WHEREAS, on June 11, 2009, Fujitsu Ten filed an
administrative expense claim numbered 13327 against the Debtors'
bankruptcy estates (the "Administrative Expense Claim" and
together with the 503(b)(9) Claim and the General Unsecured
Claim, the "Fujitsu Ten Claims").  Therein, Fujitsu Ten claimed
that it was owed $52,829.50 for Product provided to the Debtors
on and after the Petition Date pursuant to 11 U.S.C. § 503(b)(1)
of the Bankruptcy Code; and

**B.    The Fiftieth Omnibus Objection.**

WHEREAS, on October 13, 2009, the Debtors filed the
Debtors' Fiftieth Omnibus Objection to Certain Administrative
Expenses and Motion for (I) Authority to Setoff Against Such
Expenses and (II) a Waiver of the Requirement that the First
Hearing on any Response Proceed as a Status Conference (D.I.
5213) (the "Fiftieth Omnibus Objection" and together with the
Twentieth Omnibus Objection and the Seventieth Omnibus Objection,
the "Objections"); and

WHEREAS, as set forth in the Fiftieth Omnibus
Objection, Circuit City Stores, Inc. ("Circuit City") alleged
that it became entitled to certain pre- and post-petition
amounts, including receivables, charge-backs, returns, and other
amounts, which amounts are currently due and owing to Circuit
City by Fujitsu Ten but for which Circuit City had not yet

7

received payment.  Specifically, the Debtors alleged that

Fujitsu Ten owed Circuit City pre- and post-petition amounts

totaling $1,007,252.55 (the "Alleged Receivables"); and

WHEREAS, pursuant to the Fiftieth Omnibus Objection,

Circuit City sought to setoff the Alleged Receivables against

the Administrative Expense Claim such that after setoff of the

Alleged Receivables, the Administrative Expense Claim would be

reduced to $0.00; and

**C.    The Response to the Fiftieth Omnibus Objection.**

WHEREAS, Fujitsu Ten informally responded to the

Debtors' Fiftieth Omnibus Objection (the "Response").

Specifically, among other things, Fujitsu Ten disputed the

amount of the Alleged Receivables; and

**D.    The Memorandum Opinion.**

WHEREAS, on December 3, 2009, the Court issued its

Memorandum Opinion (Docket No. 5963) and Order (Docket No. 5964)

with respect to the Debtors' Forty-Eighth, Forty-Ninth and

Fiftieth Omnibus Objections to Claims.  Pursuant to the Court's

Order, the Debtors are authorized to setoff all of their pre-

and/or post-petition Receivables against Administrative Expenses

(as defined in the Objections), including claims arising under

Bankruptcy Code section 503(b)(9), before setting off against

any general unsecured claims; and

8

WHEREAS, the relief sought by the Debtors in the Fiftieth Omnibus Objection was adjourned as to Fujitsu Ten because of its informal Response.  See Supplemental Order on Debtors' Fiftieth Omnibus Objection to Certain Administrative Expenses and Motion for (I) Authority to Setoff Against Such Expenses and (II) a Waiver of the Requirement that the First Hearing on Any Response Proceed as a Status Conference (D.I. 6127); and

**E.   Informal Discovery.**

WHEREAS, in or about January 2010, the Parties agreed to engage in informal discovery in order to consensually reconcile the amount of their respective claims; and

**F.   The Demand Letter.**

WHEREAS, on February 15, 2010, the Debtors sent a letter to Fujitsu (the "Demand Letter").  Therein, the Debtors reasserted that Fujitsu Ten's General Unsecured Claim was overstated by $157,431.77 on account of reversals of previously taken deductions and duplication of invoices on claims 777 and 13327 such that the appropriate amount of the claim is $0 (the "General Unsecured Claim Discrepancy"); and

WHEREAS, in the Demand Letter, the Debtors also stated that the 503(b)(9) Claim was overstated by $6,930.28 on account of pricing discrepancies and Product received outside of the 20-day period prior to the Petition Date such that the appropriate

9

amount of the 503(b)(9) Claim is $367,810.52 (the "503(b)(9) Claim Discrepancy"); and

WHEREAS, the Debtors also alleged that the Administrative Expense Claim was overstated by $290.88 on account of pricing discrepancies such that the appropriate amount of the claim is $52,538.62; and

WHEREAS, in the Demand Letter, the Debtors reiterated their position with regard to the Alleged Receivables. Specifically, the Debtors alleged that they identified $1,007,252.55 in Alleged Receivables that they were authorized to setoff from Fujitsu Ten's Claims pursuant to the Court's Memorandum Opinion and Order such that the Administrative Expense, 503(b)(9), and General Unsecured Claims would all be reduced to $0. Moreover, after setoff, the Debtors asserted that Alleged Receivables in the amount of $581,173.01 remained due, owing, and payable from Fujitsu Ten to the Debtors. The Debtors demanded turnover of the remaining Alleged Receivables pursuant to Bankruptcy Code section 542; and

WHEREAS, the Debtors also claimed that Fujitsu Ten was the recipient of transfers made during the 90-day period prior to the Petition Date that may be avoided and recovered by the Debtors under section 547 and 550 of the Bankruptcy Code (the "Avoidance Action Claims"); and

10

WHEREAS, Fujitsu Ten specifically disputed the issues raised in the Debtors' Demand Letter; and

**G.    Fujitsu Ten's Response to the Demand Letter.**

WHEREAS, on March 23, 2010, Fujitsu Ten sent a letter via E-mail to the Debtors as a response to Debtors' Demand Letter (the "Response Letter"); and

WHEREAS, in the Response Letter, Fujitsu Ten asserted that the based on the evidence received from the Debtors, the amount of the Alleged Receivables asserted by the Debtors in the Fiftieth Omnibus Objection and the Demand Letter was overstated by at least $3,600; and

WHEREAS, Fujitsu Ten reiterated that, without regard to claim classification, it was owed $930,435.76 by the Debtors and owed the Debtors $773,021.99, and, therefore, Fujitsu Ten was owed $157,431.77 from the Debtors; and

WHEREAS, Fujitsu Ten further alleged that Fujitsu Ten had no obligation for certain chargeback credits being asserted by the Debtors based on, among other things, the Debtors' non-execution of contracts and/or commitments; and

WHEREAS, rather than proceed with litigation concerning the Fujitsu Ten Claims, the Debtors' Alleged Receivables, the Objections, the Response, the Demand Letter, the General Unsecured Claim Discrepancy, the 503(b)(9) Claim Discrepancy, and the Avoidance Action Claims the parties engaged in good

11

faith, arms' length negotiations to resolve the foregoing in their entirety; and

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    For purposes of this Settlement Agreement, the Parties agree that (i) the General Unsecured Claim shall be valued at $930,453.76,[2] (ii) the 503(b)(9) Claim shall be valued at $374,740.80, and (iii) the Administrative Expense Claim shall be valued at $52,829.50.

2.    The Parties agree that the General Unsecured Claim Discrepancy shall be valued at $427,570.30.   After deducting the agreed upon General Unsecured Claim Discrepancy from the General Unsecured Claim, the amount of the General Unsecured Claim is $502,883.46.

3.    The Parties agree that the Debtors' Alleged Receivables shall be valued at $773,021.99 (the "Receivables").

4.    In full satisfaction and settlement of the Alleged Receivables and the Receivables, the Receivables shall be net against Fujitsu Ten's Claims in the following order: (i)

---

[2]    The value of the General Unsecured Claim as set forth in ¶ 1 is the agreed upon gross amount of the claimed invoices that comprise the General Unsecured Claim without including any reductions, discounts, or setoffs that Fujitsu Ten may have provided for in filing its proof of claim.

the Administrative Expense Claim such that the Administrative

Expense Claim shall be reduced to $0; (ii) the 503(b)(9) Claim

such that the 503(b)(9) Claim shall be reduced to $0; and, (iii)

the General Unsecured Claim such that the General Unsecured

shall be reduced to $157,431.77 (the "Allowed General Unsecured

Claim").

5.   To the extent required, the automatic stay of 11

U.S.C. § 362 is lifted to permit the netting set forth in

Paragraph 4 above.

6.   The Allowed General Unsecured Claim shall be

deemed an "allowed" claim in case number 08-35653 (KRH) for all

purposes, including with respect to any confirmed plan or as

required under any chapter 7 liquidation (as applicable), and

shall not be subject to further objection, offset, reduction,

discount, impairment or subordination.

7.   The Parties agree that this Settlement Agreement

finally resolves the Fujitsu Ten Claims, the Objections, the

Response, the Demand Letter, the General Unsecured Claim

Discrepancy, the 503(b)(9) Claim Discrepancy, the Avoidance

Action Claims, and the Debtors' Alleged Receivables and

Receivables in their entirety.

8.   For the avoidance of doubt and notwithstanding

anything to the contrary in this Settlement Agreement, (i) the

Allowed General Unsecured Claim shall constitute Fujitsu Ten's

13

full and final allowed claim in the Debtors' cases and Fujitsu

Ten shall not file or be entitled to recover on account of any

other claims, (ii) the Debtors shall not be entitled to recover

any further credits, rebates, receivables, setoffs, netting, or

discounts, including (without limitation) the Alleged

Receivables, from Fujitsu Ten and (iii) all Objections to the

Fujitsu Ten Claims shall be deemed resolved.[3]

> 9.    Upon the Effective Date, the Debtors, on behalf
of themselves, and each on behalf of their respective estates
(including but not limited to any trustee appointed in any of
these chapter 11 cases or any successor chapter 7 case) and
Fujitsu Ten, hereby irrevocably and fully release one another
from and against any and all claims or causes of action
(including but not limited to, causes of action under Bankruptcy
Code sections 502, 542, 543, 544, 546, 547, 548, 549, 550, 553
and 558) arising from, in connection with, or related to the
Alleged Receivables, the Receivables, the Fujitsu Ten Claims,
and the Avoidance Action Claims (this paragraph, the "Releases").

> 10.   For the avoidance of doubt and notwithstanding
anything to the contrary in this Settlement Agreement, (1) the

---

[3]  For the avoidance of doubt, (i) the Twentieth Omnibus Objection shall be
deemed resolved as to claim 777, the 503(b)(9) Claim; (ii) the Seventieth
Omnibus Objection shall be deemed resolved as to claim 7750, the General
Unsecured Claim; and, (iii) the Fiftieth Omnibus Objection shall be deemed
resolved as to claim 13327, the Administrative Expense Claim.

Releases are not intended as general releases or waivers and nothing in this Settlement Agreement shall be construed as such, and (2) Fujitsu Ten and the Debtors specifically acknowledge and agree that this Settlement Agreement is not intended to, and does not, release or otherwise affect in any way any actual claims or causes of action (or potential claims or causes of action similar in nature or type to such actual claims or causes of action) now or hereinafter asserted in, based on, or relating to the multi-district litigation captioned In re: TFT-LCD (Flat Panel) Antitrust Litigation, MDL No. 1827 (N.D. Cal.) and the actions consolidated therein (the "MDL Proceeding").

11.   Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Settlement Agreement or (b) to seek damages or injunctive relief in connection with such approval and enforcement.

12.   Each Party hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or

15

appropriate in conjunction with the performance of their

respective obligations hereunder.

13.    No provision of this Settlement Agreement is

intended to confer any rights, benefits, remedies, obligations

or liabilities hereunder upon any person other than the parties

hereto and their respective successors.

14.    Except where preempted by applicable Federal law,

this Settlement Agreement shall be governed by and construed in

accordance with the internal laws of the Commonwealth of

Virginia without regard to any choice of law provisions.

15.    This Settlement Agreement may be signed in

counterpart originals and delivered by facsimile or email, which,

when fully executed, shall constitute a single original.

16.    This Settlement Agreement constitutes the entire

agreement and understanding of the parties regarding the

Agreement and the subject matter thereof.

17.    The United States Bankruptcy Court for the

Eastern District of Virginia shall retain exclusive jurisdiction

(and the parties consent to such retention of jurisdiction) with

respect to any disputes arising from or related to, or other

actions to interpret, administer or enforce the terms and

provisions of, this Settlement Agreement.

18.    Each person or entity who executes this

Settlement Agreement on behalf of another person or entity

16

represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement.  The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

19.  This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

20.  This Settlement Agreement and all of its terms shall be effective upon the later of (i) execution by both Parties and (ii) the expiration of the applicable Notice Period.

21.  This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto, including any Chapter 7 trustee or the Liquidating Trustee under the Plan.

IN WITNESS WHEREOF, this Settlement Agreement is

hereby executed as of May 25, 2010.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -


MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Attorneys for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

18

FUJITSU TEN CORP. OF AMERICA

By:


/s/ Christopher A. Grosman
Christopher A. Grosman
CARSON FISCHER, P.L.C.
4111 Andover Road West, Second Floor
Bloomfield Hills, MI  48302-1924
(248) 644-4840

Attorneys for Fujitsu Ten Corp. of America