Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

        IN THE UNITED STATES BANKRUPTCY COURT
         FOR THE EASTERN DISTRICT OF VIRGINIA
                 RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
et al.,                        :
                               :
        Debtors.               :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER APPROVING SETTLEMENT AGREEMENT AND STIPULATION BY
AND AMONG THE DEBTORS AND SAMSUNG ELECTRONICS AMERICA,
INC.**

Upon consideration of the Notice of Proposed

Settlement Agreement and Stipulation by and Among the

Debtors and Samsung Electronics America, Inc. (the

"Settlement Agreement") (D.I. 7548); the Court having

reviewed the Settlement Agreement, a copy of which is
annexed as Exhibit A; the Court finding that (i) this
Court has jurisdiction over the Settlement Agreement
pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue of
these cases in this district and before this Court is
proper under 28 U.S.C. §§ 1408 and 1409; (iii) the
Debtors are authorized under this Court's Order Under 11
U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006,
and 9019 Authorizing the Establishment of Procedures to
Settle Certain Pre-Petition and Post-Petition Claims and
Causes of Action Without Further Court Approval, dated
August 7, 2009 (Docket No. 4401, the "Settlement
Procedures Order")to enter into the Settlement Agreement,
subject to the Notice Procedures (iv) due and proper
notice and service of the Settlement Agreement has been
given in compliance with the Notice Procedures as set
forth in the Settlement Procedures Order, and notice and
service of the Settlement Agreement was good and
sufficient and that no other further notice or service
of the Settlement Agreement need be given; (v) no
objections to the Settlement Agreement were filed by the
objection deadline as set forth in the Settlement

Agreement; (vi) the Settlement Agreement is fair and reasonable under the circumstances and entry into the Settlement Agreement is an exercise of the Debtors' sound business judgment; and (vii) approval of the Settlement Agreement is in the best interests of the Debtors, their estates, and creditors; and upon the record herein, and after due deliberation thereon and good and sufficient cause appearing therefore, it is hereby

ORDERED, that the Settlement Agreement annexed as Exhibit A is approved in all respects; and it is further

ORDERED, that the Debtors are authorized to take any and all actions necessary or appropriate to carry out the terms of the Settlement Agreement; and it is further

ORDERED, that this Court shall retain

jurisdiction with respect to all matters arising from or

relating to this Order or the Settlement Agreement.

Dated: Richmond, Virginia
       _____, 2010


       _____
       Honorable Kevin R. Huennekens
       United States Bankruptcy Judge

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

          - and -

/s/ Douglas M. Foley
_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

       Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                 /s/ Douglas M. Foley
                 Douglas M. Foley

**EXHIBIT A**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

           - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
        Debtors.            :   Jointly Administered
- - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS AND SAMSUNG ELECTRONICS AMERICA, INC.**

          This settlement agreement and stipulation

(this "Settlement Agreement") is entered into by and

among the above-captioned debtors and debtors in

possession (the "Debtors"),[1] on the one hand, and Samsung

Electronics America, Inc. ("Samsung" and together with

the Debtors, the "Parties" and each of which is a

"Party"), on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code; and

---

[1]  The Debtors and the last four digits of their respective taxpayer
     identification numbers are as follows: Circuit City Stores, Inc.
     (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
     Inc. (0875), Ventoux International, Inc. (1838), Circuit City
     Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
     Distribution Company of Virginia, Inc. (2821), Circuit City
     Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
     Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
     Sky Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263),
     Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
     LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
     for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
     VA 23060.

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors' Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

3

WHEREAS, the associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, and confirmation of the Plan is currently scheduled for May 11, 2010; and

WHEREAS, generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval, dated August 7, 2009 (Docket No. 4401, the "Settlement Procedures Order") to enter into this Settlement Agreement, subject to the Notice Procedures.

**SETTLEMENT BACKGROUND**

**A.    The Samsung Claims And The Debtors' Receivables.**

WHEREAS, Circuit City Stores, Inc. ("Circuit City") and Samsung were parties to that certain Dealer Agreement, dated February 25, 2002 (as subsequently amended, the "Dealer Agreement") as well as various side

4

agreements, addendums and letter agreements both subject

to and outside the terms of the Dealer Agreement (the

"Side Agreements" and, together with the Dealer

Agreement, the "Samsung Agreements").  Pursuant to the

Samsung Agreements, the Debtors purchased certain

Samsung products, including, but not limited to,

televisions, DVD players and other peripherals

(collectively, the "Product"), for resale in their

retail stores; and

WHEREAS, on December 18, 2008, Samsung filed

proof of claim number 1425 against the Debtors'

bankruptcy estates pursuant to Bankruptcy Code section

503(b)(9) (the "503(b)(9) Claim").  Therein, Samsung

claimed that it shipped in the ordinary course of

business $19,262,466 worth of Product to the Debtors

within the twenty (20) days before the Petition Date for

which Samsung had not received payment; and

WHEREAS, pursuant to the Debtors' (I) Fifty-

Second Omnibus Objection to Certain 503(b)(9) Claims and

(II) Motion for a Waiver of the Requirement that the

First Hearing on any Response Proceed as a Status

Conference (Docket No. 5216) (the "Fifty-Second Omnibus

Objection"), the Debtors sought to temporarily disallow the 503(b)(9) Claim pending the return of certain account of preferential transfers allegedly avoidable under Bankruptcy Code section 547 (the "Preferential Transfers"); and

WHEREAS, on January 6, 2010, the Court entered a Memorandum Opinion and Order (D.I. 6228) sustaining the Fifty-Second Omnibus Objection and temporarily disallowing the 503(b)(9) Claim; and

WHEREAS, without regard to the Preferential Transfers, the Debtors assert that the 503(b)(9) Claim is overstated by $88,259.56 such that the proper amount of the 503(b)(9) Claim should be $19,174,207.90; and

WHEREAS, on January 2, 2009, Samsung filed claim number 2425, a general unsecured proof of claim against the Debtors' bankruptcy estates (the "Unsecured Claim" and together with the 503(b)(9) Claim, the "Samsung Claims"). Therein, Samsung claimed that it shipped in the ordinary course of business $122,577,855.01 worth of Product to the Debtors before the Petition Date for which Samsung had not received payment; and

6

WHEREAS, pursuant to the Debtors' Twenty-Third Omnibus Objection to Claims (Modification of Certain Duplicative 503(b)(9) Claims) (Docket No. 3711) (the "Twenty-Third Omnibus Objection"), the Debtors alleged that the Unsecured Claim included and was duplicative of the 503(b)(9) Claim, such that the Unsecured Claim should be reduced to $103,501,603.00; and

WHEREAS, on January 15, 2010, the Court entered the Supplemental Order on Debtors' Twenty-Third Omnibus Objection to Claims (Modification of Certain Duplicative 503(b)(9) Claims) (D.I. 6295), which sustained the Twenty-Third Omnibus Objection and reduced the Unsecured Claim to $103,501,603.00; and

WHEREAS, the Debtors assert that the Unsecured Claim is overstated by $3,858,160.00 such that the proper amount of the Unsecured Claim should be $99,643,443; and

WHEREAS, the Debtors assert that they are entitled to certain pre- and post-petition amounts, including receivables, charge-backs, returns, and other amounts under the Samsung Agreements, which amounts are currently due and owing to Circuit City Stores, Inc.

7

("Circuit City") by Samsung, but for which Circuit City had not received payment.  Specifically, the Debtors assert that Samsung owes Circuit City pre- and post-petition amounts totaling $56,966,797.67 (the "Alleged Receivables"); and

**B.    The Appeal.**

WHEREAS, on January 20, 2010, Samsung initiated an appeal (the "Original Appeal") by filing its Notice of Appeal and Motion for Leave to Appeal the Memorandum Opinion and Order sustaining the Debtors' Fifty-First and Fifty-Second Omnibus Objections (D.I. 6335 & 6336) (together, the "Original Notice of Appeal"). By stipulation dated February 3, 2010 and order dated February 5, 2010, the Parties agreed to stay the Original Appeal (D.I. 6482); and

WHEREAS, on March 8, 2010, Samsung initiated an appeal (together with the Original Appeal, the "Appeal") by filing its Amended Notice of Appeal and Amended Motion for Leave to Appeal the Memorandum Opinion and Order sustaining the Fifty-First and Fifty-Second Omnibus Objections (together, the "Amended Notice

of Appeal" and with the Original Notice of Appeal, the "Notices of Appeal") (D.I. 6720 & 6748); and

WHEREAS, on March 17, 2010, the Parties filed the Stipulation and Order Staying Appeals and Extending Deadlines under Bankruptcy Rules 8007 and 8009 with Respect to the Notices of Appeal and the Motions for Leave to Appeal Filed by Samsung Electronics America, Inc. (D.I. 6857).  Therein, the Parties agreed to stay the Appeal to allow the Parties to engage in good faith settlement negotiations; and

WHEREAS, rather than proceed with litigation concerning the Samsung Claims, the Preferential Transfers, the Debtors' Alleged Receivables, and the Appeal, the Parties engaged in good faith, arms' length negotiations to resolve the foregoing; and

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

9

1.    The Parties agree that (i) the Samsung 503(b)(9) Claim shall be valued at $19,300,000.00, and (ii) the Unsecured Claim shall be valued at $103,501,603.

2.    The Parties further agree that the Debtors' Alleged Receivables shall be valued at $47,801,603 (the "Receivables").

3.    The Receivables shall be netted against the 503(b)(9) Claim and Unsecured Claim such that (i) the Samsung 503(b)(9) Claim shall be reduced to $0, (ii) the Unsecured Claim shall be reduced to $75,000,000 (the "Allowed Unsecured Claim"), and (iii) the Receivables shall be reduced to $0.

4.    To the extent required, the automatic stay of Bankruptcy Code section 362 is lifted to permit the netting set forth in Paragraph 3 above.

5.    The Allowed Unsecured Claim shall be deemed an "allowed" claim in case number 08-35653 (KRH) for all purposes, including with respect to any confirmed plan of liquidation, shall be paid in accordance with any plan, and shall not be subject to further offset, reduction, or discount.

10

6.    Upon the Effective Date (defined
hereafter), Samsung, on behalf of itself and its
successors and assigns, and the Debtors, on behalf of
themselves, and each on behalf of their respective
estates, successors, and assigns (including but not
limited to any trustee appointed in any of these chapter
11 cases or any successor or subsequent bankruptcy cases,
any receivers and/or other custodians appointed in any
action or proceeding involving the Debtors' property and
the liquidating trustee under the Plan), hereby
irrevocably and fully release one another from and
against any and all claims or causes of action
(including, but not limited to, causes of action under
Bankruptcy Code sections 502, 542, 543, 544, 546, 547,
548, 549, 550, 553 and 558) arising from, in connection
with, or relating to the Preferential Transfers, the
Product, and/or the Samsung Agreements (this paragraph,
the "Releases"), but excluding the Allowed Claim.

7.    For the avoidance of doubt and
notwithstanding anything to the contrary in this
Settlement Agreement, (1) the Releases are not intended
as general releases or waivers and nothing in this

Settlement Agreement shall be construed as such, (2) the Releases do not release the Debtors from the Allowed Unsecured Claim, and (3) Samsung and the Debtors specifically acknowledge and agree that this Settlement Agreement is not intended to, and does not, release or otherwise affect in any way any actual claims or causes of action (or potential claims or causes of action similar in nature or type to such actual claims or causes of action) now or hereinafter asserted in, based on, or relating to the multi-district litigation captioned In re: TFT-LCD (Flat Panel) Antitrust Litigation, MDL No. 1827 (N.D. Cal.) and the actions consolidated therein (the "MDL Proceeding").

8.    The Samsung Agreements shall be deemed terminated and rejected as of the Effective Date.

9.    Any objections to any Samsung claim and any objection filed by Samsung to the Plan shall be deemed resolved.

10.    Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred

to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Settlement Agreement or (b) to seek damages or injunctive relief in connection with such approval and enforcement.

11.   Each Party hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

12.   No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors and assigns.

13.   Except where preempted by applicable federal law, this Settlement Agreement shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia without regard to any choice of law provisions.

13

14.   This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

15.   This Settlement Agreement constitutes the entire agreement and understanding of the Parties regarding the Settlement Agreement and the subject matter thereof.

16.   The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

17.   Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to

14

this Settlement Agreement.  The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

18.  This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or order of the Court.

19.  This Settlement Agreement and all of its terms shall be effective upon the later of (i) execution by both Parties, (ii) the expiration of the applicable Notice Period, or (iii) the resolution of any objection properly filed in accordance with the terms of the Settlement Procedures Order (the "Effective Date").

20.  This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto, including, but not limited to, any trustee appointed in any of these chapter 11 cases or any successor or subsequent bankruptcy cases involving the Debtors and any receivers and/or other custodians appointed in any action or proceeding involving the Debtors' property, and the liquidating trustee under the Plan.

15

21.    The Parties shall cause the Appeal to be dismissed and the Notices of Appeal to be withdrawn with prejudice upon this Settlement Agreement becoming final in accordance with the Settlement Procedures Order and following the Court's entry of a final, nonappealable order, approving of each and every term of this Settlement Agreement.

IN WITNESS WHEREOF, this Settlement Agreement

is hereby executed as of May 13, 2010.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC., et al.,
Debtors and Debtors in Possession

By:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP


/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Attorneys for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

17

SAMSUNG ELECTRONICS AMERICA, INC.

By:


/s/ Michael I. Goldberg
Michael I. Goldberg
Akerman Senterfitt
350 East Las Olas Boulevard, Ste. 1600
Fort Lauderdale, Florida 33301
(954) 463-2700

Attorneys for Samsung Electronics America, Inc.