IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| IN RE: | CIRCUIT CITY STORES, INC., *et al.*, | Case No. 08-35653 Chapter 11 |
| | Debtors. | Jointly Administered |

## MEMORANDUM OPINION

Hearing was conducted on April 15, 2010 (the "Hearing") to consider the omnibus motion of Robert Gentry, Jack Hernandez, Jonathan Card, and Joseph Skaf (collectively, the "Named Claimants") for an Order Applying Bankruptcy Rule 7023 to Their Class Proofs of Claim Pursuant to Bankruptcy Rule 9014(c) (the "Motion"), the Debtors' response (the "Response"), and the Named Claimants' reply (the "Reply"). At the conclusion of the Hearing, the Court announced its decision to deny the Motion. This Memorandum Opinion sets forth the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[1]

### Jurisdiction

The Court has subject-matter jurisdiction of this contested matter pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O). Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

**Factual and Procedural Background**

The Debtors, Circuit City Stores, Inc., *et al.*, ("Circuit City")[2] filed these bankruptcy cases under Chapter 11 of the Bankruptcy Code on November 10, 2008 (the "Petition Date"). Circuit City was a national retailer of consumer electronics.  As of the Petition Date, Circuit City employed approximately 39,600 employees and was operating approximately 712 retail stores and 9 outlet stores throughout the United States and Puerto Rico.  On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases, pursuant to 28 U.S.C. § 156(c).  After filing its bankruptcy petition, the Debtors filed a motion seeking entry of an order establishing a general bar date for filing proofs of claim.[3]

On December 10, 2008, this Court entered an Order Pursuant to Bankruptcy Code Sections 105 and 502 and Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form, Manner and Sufficiency of Notice of the Bar Date[4] Pursuant to Bankruptcy Rule 9007 (Docket No. 890) (the "Bar Date Order").  Pursuant to the Bar Date Order, the bar date for filing proofs of claim for claims arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "Bar Date").  On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to

---

[2]  The Debtors are Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp., Prahs, Inc.(n/a), XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.  The Court entered an order on November 10, 2008, granting the Debtors' motion for joint administration of these bankruptcy cases.

[3]  Bankruptcy Rule 3003(c) provides that "the court shall fix [in a Chapter 11 case] and for cause shown may extend the time within which proofs of claim . . . may be filed." Fed. R. Bankr. P. 3003(c)(3).  "The requirement of a Bar Date in Chapter 11 enables the debtor . . . to establish the universe of claims with which it must deal and the amount of those claims." *In re A.H. Robins Co.,* 129 B.R. 457, 459 (Bankr. E.D. Va. 1991).

[4]  Hereinafter, the "Claims Bar Date Notice."

Bankruptcy Rule 2002, on all of the Debtors' scheduled creditors in these cases, on all of the Debtors' equity holders, and on certain other parties, including (i) all of the Debtors' current employees, (ii) all of the Debtors' former employees for the three year period preceding the Petition Date, and (iii) counsel to the Named Claimants ("Class Counsel") (Docket No. 1314). In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

On January 16, 2009, the Court authorized the Debtors to conduct going out of business sales at the Debtors' remaining 567 stores. As of March 8, 2009, the going out of business sales had been completed. On September 29, 2009, the Debtors and the Creditors Committee filed their First Amended Joint Plan of Liquidation (the "Plan"). The disclosure statement was approved by order entered September 24, 2009. The confirmation hearing is currently scheduled for status on June 8, 2010. Generally, the Plan provides for the liquidation of the Debtors under Chapter 11 of the Bankruptcy Code.

Robert Gentry ("Gentry"), Jonathan Card ("Card"), Jack Hernandez ("Hernandez") and Joseph Skaf ("Skaf") each filed separate class action complaints against Circuit City in Los Angeles and San Diego Superior Courts in California (collectively, the "Class Action Lawsuits" and, each, a "Class Action Lawsuit"). Gentry's Class Action Lawsuit was filed on August 29, 2002. Hernandez's Class Action Lawsuit was filed on April 17, 2008. Card's Class Action Lawsuit was filed on November 4, 2008. Skaf's Class Action Lawsuit was filed on December 19, 2008.[5] All four of the Class Action Lawsuits were stayed as a result of the commencement of the Debtors' bankruptcy cases. *See* 11 U.S.C. § 362(a). To date, there has been no certification of a class in any of the Class Action Lawsuits. The Named Claimants, on behalf of themselves and all those similarly situated, seek two forms of relief in the Class Action Lawsuits.

---

[5] The Skaf Class Action Lawsuit was filed after the Petition Date in violation of §362 of the Bankruptcy Code.

First, the Named Claimants seek damages for conversion and for violations of the California Labor Code and Business and Professions Code. Second, the Named Claimants seek injunctive relief against Circuit City on account of the alleged labor violations.

On January 13, 2009, Gentry filed claim number 6039 (the "Gentry Class Claim") on behalf of himself and all those similarly situated (the "Gentry Unnamed Claimants"). On January 13, 2009, Card filed claim number 6040 (the "Card Class Claim") on behalf of himself and all those similarly situated (the "Card Unnamed Claimants"). On January 13, 2009, Hernandez filed claim number 6045 (the "Hernandez Class Claim") on behalf of himself and all those similarly situated (the "Hernandez Unnamed Claimants"). On January 30, 2009, Skaf filed claim number 8717 (the "Skaf Class Claim")[6] on behalf of himself, on behalf of Gustavo Garcia and Miguel Perez[7] and on behalf of all those similarly situated (the "Skaf Unnamed Claimants").[8] Each of the Class Claims asserts a claim for the amounts allegedly due under the respective Class Action Lawsuit on account of violations of California labor laws. Collectively, the Class Claims seek close to $150 million.

On June 22, 2009, the Debtors filed their Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-priority Claims) (the "Nineteenth Omnibus Objection") and on August 20, 2009, the Debtors filed their Thirty-First Omnibus Objection to Claims (Disallowance of Certain Legal Claims) (the "Thirty-First

---

[6] The Skaf Class Claim, the Gentry Class Claim, the Card Class Claim and the Hernandez Class Claim are hereinafter referred to as the "Class Claims."

[7] Gustavo Garcia and Miguel Perez are additional Named Claimants.

[8] The Gentry Unnamed Claimants, the Card Unnamed Claimants, the Hernandez Unnamed Claimants, and the Skaf Unnamed Claimants are hereinafter referred to as the "Unnamed Claimants."

Omnibus Objection")[9] objecting to the Class Claims. On February 25, 2010, the Debtors filed summary judgment motions (the "Summary Judgment Motions") with respect to the Objections, wherein they sought to reclassify the Class Claims from Bankruptcy Code § 507(a)(4) priority claims to general unsecured non-priority claims. Also on February 25, 2010, the Debtors filed supplemental objections (the "Supplemental Objections"), in which the Debtors further objected to the Class Claims to the extent that the Class Claims sought relief with respect to the Unnamed Claimants. The Debtors contended in their Supplemental Objections that the Class Claims should be reduced to the amounts asserted solely by the Named Claimants because the Named Claimants had failed to seek Court authorization to file the class proofs of claim as required by Bankruptcy Rules 9014 and 7023.

On March 25, 2010, the Court held a hearing with respect to the Summary Judgment Motions and the Supplemental Objections (the "Summary Judgment Hearing"). The Court granted the Summary Judgment Motions and subsequently entered orders reclassifying the Class Claims to general unsecured non-priority claims on April 1, 2010 (Docket No. 7076). The Court also held with respect to the Supplemental Objections that the Named Claimants were required to file motions under Bankruptcy Rule 9014 asking the Court to make Bankruptcy Rule 7023 applicable to the Class Claims in order to proceed on the Class Claims. The Court authorized the Named Claimants to file the prerequisite motions, without prejudice to any party's right to object to such motions, including on the grounds that such motions were untimely. On March 31, 2010, the Named Claimants filed the Motion now before the Court. The Motion requests that Rule 7023 be made applicable to the Class Claims. The Debtors object to the Motion on the grounds

---

[9] Thirty-First Omnibus Objection and the Nineteenth Omnibus Objection are hereinafter referred to as the "Objections."

that (i) the Motion is untimely and (ii) the individual claims resolution process in these bankruptcy cases is superior to class litigation.

## Analysis

The Named Claimants seek to proceed on their Class Claims on behalf of Unnamed Claimants. Essentially, the Named Claimants make three arguments in support of their Motion. First they maintain that the Motion is not untimely. Second, they argue that it would be more efficient to proceed on the Class Claims than through the individual claims resolution process afforded by the bankruptcy code. Finally, they assert that even if the bankruptcy claims resolution process could be found to be the more efficient procedure for reconciling claims, the procedure is constitutionally flawed for the Class Claims because the Bar Date Notice was not sufficient as to the Unnamed Claimants. Allowance of the Class Claims is necessary, they argue, to protect the Unnamed Claimants' fundamental rights to procedural due process. The Court does not find any of these arguments persuasive.

### Timeliness of the Rule 7023 Motion

Considerable question persists as to whether class claims are ever permissible in bankruptcy. One prior decision from this district appears to have accepted that filing a class proof of claim may be permissible under certain circumstances. *See In re Computer Learning Centers, Inc.*, 344 B.R. 79, 85 (Bankr. E.D. Va. 2006). But as the holding of that case makes clear, "although class proofs of claim may be permitted, they are not a matter of right." *See id.* at 85-86.

In order to have a valid class proof of claim, a proponent of a class proof of claim must seek and obtain a determination from the bankruptcy court that Rule 7023 is applicable to the claims resolution process. 11 U.S.C. § 9014(c). *See Computer Learning.*, 344 B.R. at 86-87

("The applicability of Rule 7023 is raised by motion. . . . [T]he proponent of the class proof of claim must seek and obtain application of Rule 7023. . . . [W]ithout that order, Rule 7023 is not applicable to the proof of claim and a class proof of claim is improper."); *see also In re American Reserve Corp.*, 840 F.2d 487, 488 (7th Cir. 1988) ("[T]he right to file a proof of claim on behalf of a class seems secure, *at least if the bankruptcy judge elects to incorporate Rule 23 via Rule 7023 via Rule 9014.*" (emphasis added)); *Reid v. White Motor Corp.*, 886 F.2d 1462, 1470-71 (6th Cir. 1989) (finding that a class proof of claim is not permissible without an order making Bankruptcy Rule 7023 applicable). The motion to make Bankruptcy Rule 7023 applicable "should be granted before a class proof of claim is filed," and if filed after the proof of claim, "may be untimely depending on the circumstances of the case." *Computer Learning*, 344 B.R. at 88-89.

Bankruptcy Rule 7023 provides that "Rule 23 Fed. R. Civ. P. applies in adversary proceedings."[10] The claim filing and objection process does not commence an adversary proceeding, but rather, a contested matter. *In re IBIS Corp.,* 272 B.R. 883, 893 (Bankr. E.D. Va. 2001) ("Objections to proofs of claims are contested matters governed by Fed. R. Bankr. P. 9014."); *see also Computer Learning*, 344 B.R. at 88 (stating that the issue of whether a proof of claim may be filed as a class proof of claim is a contested matter that is commenced by filing a Rule 7023 motion); *In re Fleming,* 2008 WL 4736269, at *1 (Bankr. E.D. Va. Oct. 15, 2008) ("The hearing on the claim objection is treated as a contested matter, and Fed. R. Bankr. P. 9014 applies."). Bankruptcy Rule 9014 provides that certain rules under Part VII of the Federal Rules

---

[10] Rule 23 of the Federal Rules of Civil Procedure (the "Civil Procedure Rules") lays out the requirements and procedures for filing a class action lawsuit in federal court.

of Bankruptcy Procedure automatically apply in contested matters. Fed. R. Bankr. P. 9014(c).[11] Bankruptcy Rule 7023 is not one of them. In order for Bankruptcy Rule 7023 to become applicable, the Court must direct that Bankruptcy Rule 7023 shall apply to the claims filing and objection process. Fed. R. Bankr. P. 9014(c) ("The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply. The court shall give the parties notice of any orders issued under this paragraph to afford them a reasonable opportunity to comply with the procedures prescribed by the order.").

To file a valid class proof of claim, not only must Bankruptcy Rule 7023 be made applicable to the claims filing and objection process, but the proponent must also be the authorized agent of the class claimants. The procedures for filing proofs of claim in bankruptcy cases are governed by Part III of the Bankruptcy Rules. Generally, a proof of claim cannot be filed by anyone other than the creditor, an authorized representative of that creditor, or an indenture trustee.[12] *See* 11 U.S.C. § 501(a) ("A creditor or an indenture trustee may file a proof of claim."); Fed. R. Bankr. P. 3001(b) ("A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005."). *See In re North Bay General Hospital, Inc.,* 404 B.R. 443, 458 (Bankr. S.D. Tex. 2009) (finding that an "unsecured creditors agent" could not file a proof of claim on behalf of certain unsecured creditors because it was neither the creditor itself nor an authorized agent of the unsecured creditors); *In re Manville Forest Products Corp.,* 89 B.R. 358, 376 (Bankr. S.D.N.Y. 1988) ("The importance of the

---

[11] Bankruptcy Rule 9014(c) provides: "Except as otherwise provided in this rule, and unless the court directs otherwise, the following rules shall apply: 7009, 7017, 7021, 7025, 7026, 7028-37, 7041, 7042, 7052, 7054-7056, 7064, 7069, and 7071."

[12] Bankruptcy Rules 3004 and 3005 lay out two exceptions to this rule, which are not applicable here.

language of [Bankruptcy Rule 3001(b)], is that each individual claimant . . . must file a proof of claim, or expressly authorize an agent to do so on its behalf.").

A proponent of a class proof of claim must obtain authorization to act as agent for unnamed claimants in order to file a valid proof of claim on their behalves. This authorization can either be express authorization from each individual purported class member or can be accomplished through the class certification process. *See In re American Reserve Corporation*, 840 F.2d 487, 493 (7th Cir. 1988) (noting that the "representative in a class action is an agent for the missing," but the "representative is an agent only if the class is certified"). In these cases, there was no express authorization by the Unnamed Claimants and the classes have never been certified.[13] Class Counsel was not appointed by any court to serve as class counsel under Civil Procedure Rule 23(g)(1) and therefore was not authorized to file the Class Claims on behalf of the Unnamed Claimants as their authorized representative.

In these cases, neither the Named Claimants nor Class Counsel were authorized to act as agents for the Unnamed Creditors. The Named Claimants failed to request the application of Bankruptcy Rule 7023 under Bankruptcy Rule 9014(c) before they filed the Class Claims. As the Named Claimants were not entitled to file the class proofs of claim on behalf of the Unnamed Claimants, the Class Claims were improperly filed in violation of Bankruptcy Rule 3001(b) as to the Unnamed Claimants. Accordingly, the Class Claims filed for the Unnamed Claimants are invalid, and the Debtors' Supplemental Objections must be sustained. *See Reid v. White Motor Corp.*, 886 F.2d 1462, 1471 (6th Cir. 1989) ("Failure to comply with Rule 2019 is cause for

---

[13] Class certification would necessarily have to occur either before the petition date or after a motion to make Bankruptcy Rule 7023 applicable is granted, unless the court were to grant relief from stay to pursue class certification in another court.

denial of the proof of claim.")[14]; *In re North Bay General Hospital, Inc.,* 404 B.R. 443, 458 (Bankr. S.D. Tex. 2009) (Agent's failure to comply with the bankruptcy rules concerning representation of and filing proofs of claim for unsecured creditors in Chapter 11 reorganization case is cause for sustaining debtor's objection to agent's proof of claim).

       The Named Claimants argue that Bankruptcy Rule 9014(c) states that Bankruptcy Rule 7023 can be made applicable "at any stage in a particular matter," and, therefore, their Motion should be granted now in order to give retroactive sanction to the Class Claims they filed previously. This argument ignores that the Named Claimants filed proofs of claim on behalf of creditors for which they were not the authorized agents. The Named Claimants then waited thirteen months to request that Bankruptcy Rule 7023 be made applicable to their improperly filed proofs of claim. At this point, the Bar Date has long passed. Even if Bankruptcy Rule 7023 were to be made applicable today, it would be far too late to refile the class proofs of claim on behalf of the Unnamed Claimants. The Class Claims of the Unnamed Claimants would still be untimely.

       The Named Claimants' Motion had to be brought, in the first instance, before the expiration of the Bar Date for the Class Claims to be filed timely. "A bar date for filing proofs of claim is important to the orderly administration of the case and prevents delays in the distribution of funds to creditors." *Computer Learning*, 344 B.R. at 89. This importance is highlighted by the fact that in order for a claimant to file a proof of claim after the court prescribed Bar Date, the claimant must establish that the "failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b); *see also Pioneer Inv. Servs. Co. v. Brunswick*

---

[14] Bankruptcy Rule 2019 requires that every entity or committee representing more than one creditor or equity security holder in a Chapter 9 or Chapter 11 case must file a verified statement setting forth certain information about the creditors represented and their relationship to the entity or committee, as well as a copy of the instrument, if any, granting the entity or committee the power to act on behalf of the creditors or equity security holders.

*Ass'n Ltd. P'ship*, 507 U.S. 380, 395 (1993) (establishing a two-part test to determine whether a claimant's failure to act in accordance with the filing deadline was due to "excusable neglect"). In this case, the Motion effectively seeks authorization to file late proofs of claim without establishing excusable neglect. The Motion of the Named Claimants is untimely and must be denied.

**Class Action Litigation is Not Superior to the Claims Resolution Process**

Even if the filing of the Class Claims were determined to be timely, the Court retains discretion in its determination of whether Bankruptcy Rule 7023 should be made applicable through Bankruptcy Rule 9014 to allow the filing of class proofs of claim. This determination requires the Court to weigh the benefits and costs of class litigation against the efficiencies created by the bankruptcy claims resolution process. The Court must consider "whether a class proof of claim would unduly complicate or delay the administration of the bankruptcy case," and whether the "bankruptcy court's control over the debtor and its property" and the efficiencies created by the claims resolution process "make class certification unnecessary." *Computer Learning*, 344 B.R. at 86.

Bankruptcy is set up to efficiently handle large numbers of claims. Often, the "superiority of the class action vanishes when the 'other available method' is bankruptcy, which consolidates all claims in one forum and allows claimants to file proofs of claim without counsel and at virtually no cost." *In re Ephedra Prods. Liab. Litig.*, 329 B.R. 1, 5 (S.D.N.Y. 2005). Bankruptcy provides (i) established mechanisms for notice, (ii) established mechanisms for managing large numbers of claimants, (iii) proceedings centralized in a single court with nationwide service of process, and (iv) protection against a race to judgment since all of the debtor's assets are under the control of the bankruptcy court. *See Computer Learning*, 344 B.R.

11

at 92; *see also Musicland Holding Corp.*, 362 B.R. at 650-51, n. 8 (noting that bankruptcy provides more advantages than a class action and emphasizing the ease of participating in distributions from the bankruptcy estate).

Approximately 15,000 claims have been filed against the Debtors in these cases. As of March 18, 2010, the Court has entered orders with respect to approximately 7,800 of these claims. It is highly doubtful that an additional several hundred claims from potential class members would negatively impact the claims resolution process in these cases. *See, e.g., Computer Learning*, 344 B.R. at 94 (finding that the claimant's Rule 7023 motion would still have been denied if it was timely because the trustee could have easily reviewed 100 additional claims in a case where over 2,000 claims were filed).

Allowing the Class Claims to go forward would unduly complicate and delay the administration of these cases and would be more costly than beneficial. "The Court has discretion under Rule 9014 to find that the likely total benefit to the class members would not justify the cost to the estate of defending a class action under Rule 23." *Ephedra,* 329 B.R. at 10. Going forward with the Class Action Lawsuits would involve expensive, time-consuming, protracted litigation that could delay and lessen the distribution of the Debtors' assets to the creditors. *See Ephedra*, 329 B.R. at 5 (stating that "the potential interference with timely distribution in itself presents sufficient grounds to expunge the class claims" based on the protracted litigation that would result, including pre-certification discovery, notice to class members, discovery on the merits, and a trial); *In re Bally Total Fitness of Greater New York, Inc.,* 402 B.R. 616, 621 (Bankr. S.D.N.Y. 2009) (finding that class certification adds layers of procedural and factual complexity to a case, which can "siphon the Debtors' resources").

The normal policy concerns favoring class litigation, such as the risk of inconsistent adjudications and the importance of deterring improper behavior by the defendants, are not issues here. The risk of inconsistent adjudications is not a concern in bankruptcy because all proceedings are centralized in a single court. *See Computer Learning*, 344 B.R. at 91. When appropriate, the Court has the ability to consolidate hearings on common legal issues. Deterrence is not a concern, especially in the context of liquidation, as any alleged labor law violations cannot be remedied for future employees; no long-term benefit would be gained by adjudication of claims through a class action lawsuit. *See Ephedra*, 329 B.R. at 9 ("Under the Bankruptcy Code, general deterrence is not promoted at the expense of creditors. Whatever weight deterrence may have in a true reorganization, it has none in a liquidating plan like the one here."); *Computer Learning*, 344 B.R. at 91-92 (discussing the proposition that the injunctive relief often sought in class action lawsuits is insignificant in the case of a debtor who will cease business operations); *see also American Reserve*, 840 F.2d at 490 (In class actions, "[t]he payment extracted from the defendant reduces the profitability of wrongdoing, so there will be less tomorrow, even if the victims do not obtain compensation today. But deterrence is less likely in Bankruptcy.").

The claims resolution process is well underway in these cases. The Court finds that the proposed class litigation would be inferior to the bankruptcy claims resolution process and would unduly complicate the administration of these cases. Allowing the putative class members to file individual proofs of claim is the more efficient process.

**Notice to the Unnamed Claimants**

The Named Claimants argue finally that any such efficiency is purely illusive as sufficient notice of the Bar Date was not given to the Unnamed Claimants. The Named

Claimants contend that actual notice was required to be provided to the Unnamed Claimants and that, in the absence of such notice, the Class Claims are the only means of protecting the Unnamed Claimants' rights. The Debtors contend that they have provided adequate notice and that, to the extent that the Unnamed Claimants have not received actual notice, they are unknown creditors who are entitled only to publication notice.

In order to satisfy the requirements of due process, notice must be reasonably calculated to apprise interested persons of the pending action. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "The type of notice that is reasonable or adequate for purposes of . . . due process . . . depends on whether a particular creditor is known or unknown to the debtor." *In re J.A. Jones, Inc.*, 492 F.3d 242, 249 (4th Cir. 2007); *see also Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995) ("For notice purposes, bankruptcy law divides claimants into two types, 'known' and 'unknown.'"); *In re Envirodyne Indus., Inc.*, 214 B.R. 338, 348 (N.D. Ill. 1997) ("In determining the proper form of notice of a bankruptcy claim bar date that needs to be given, courts divide creditors into two groups, known and unknown creditors."). Known creditors are those "whose identities are actually known to the debtor, as well as claimants whose identities are 'reasonably ascertainable' to the debtor." *J.A. Jones*, 492 F.3d at 250. Known creditors must receive actual notice by mail of the claims bar date. *Id.* at 249. Unknown creditors are those "whose identit[ies] or claim[s] [are] conjectural or 'whose interests or whereabouts could not with due diligence be ascertained'" by the debtor. *Id.* at 250 (quoting *Mullane*, 339 U.S. at 317). Publication notice is generally sufficient to inform unknown creditors of the claims bar date. *Id.* at 249-50.

Further, in determining whether notice is sufficient, the Court must consider the costs and burdens associated with serving actual notice. As the Fourth Circuit Court of Appeals explained,

> In bankruptcy, the court has an obligation not only to the potential claimants, but also to existing claimants and the petitioner's stockholders. The court must balance the needs of notification of potential claimants with the interest of existing creditors and claimants. A bankrupt estate's resources are always limited and the bankruptcy court must use discretion in balancing these interests when deciding how much to spend on notification.

*Vancouver Women's Health Collective Soc. v. A.H. Robins Co., Inc.*, 820 F.2d 1359, 1364 (4th Cir. 1987). The Debtors assert that the only way they could have provided notice to all of the Unnamed Claimants would be by identifying the specific employees who fell into the classes identified by the Class Claims or by serving all of their employees in California for the ten year period prior to the Petition Date.[15] Either method would have involved significant time and expense by a company already in a dire financial condition. As the Seventh Circuit Court of Appeals noted,

> Notice by publication may thus be entirely appropriate when potential claimants are numerous, unknown, or have small claims (whether nominally or . . . realistically) – all circumstances that singly or in combination may make the cost of ascertaining the claimants' names and addresses and mailing each one a notice of the bar date and processing the responses consume a disproportionate share of the assets of the debtor's estate.

*Fogel v. Zell*, 221 F.3d 955, 963 (7th Cir. 2000); *see also Matter of GAC Corp.*, 681 F.2d 1295, 1300 (11th Cir. 1982) (reasoning that publication notice is appropriate when it would have been extremely burdensome and costly to serve certain individual claimants within a larger class of creditors with actual notice of the bar date).

The Debtors served actual notice of the Bar Date on the Named Claimants and on any persons that were employed by the Debtors within the three year period prior to the Petition

---

[15] The Gentry Class Action Lawsuit purports to include certain employees employed by the Debtors during the four years beginning in 1998.

Date.[16]  At the Hearing, Class Counsel argued that even the actual notice of the Bar Date given to the purported class members was inadequate because the Unnamed Claimants were unlikely to be aware that they had claims against the Debtors.  Neither due process nor the Bankruptcy Rules require the Debtors to specifically inform parties of the existence or nature of their potential claims.  When it comes to sufficient notice of the Bar Date to satisfy due process, the Debtors need only inform potential claimants of the "time allowed for filing claims," not what claims those claimants might be able to assert.  Fed. R. Bankr. P. 2002(f).

To the extent the Unnamed Claimants were not employed within the three years prior to the Petition Date and were not served with actual notice of the Bar Date, those Unnamed Claimants are unknown creditors and the publication notice was sufficient to satisfy due process.  Neither the identities nor claims of those Unnamed Claimants were known or reasonably ascertainable by the Debtors at the time they provided notice of the Bar Date.  The Court finds that the notice provided by the Debtors was reasonably calculated, under the circumstances, to apprise interested persons of the pendency of the bankruptcy case and of the Bar Date as required to satisfy due process.  The Court notes that, to the extent an Unnamed Claimant can demonstrate that he or she did not receive adequate notice, as required by due process, that Claimant is not barred from seeking authorization to file a late proof of claim on his or her own behalf.[17]

## Conclusion

For all of the foregoing reasons, the Court holds that the Motion to make Bankruptcy Rule 7023 applicable to the Class Claims should be denied.  The notice of the Bar Date provided

---

[16] The Court approved the form, manner and sufficiency of the Bar Date notice by its Bar Date Order entered December 10, 2008.  No party (including Class Counsel) objected to the entry of the Bar Date Order and no appeal was taken from it.

[17] *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship*, 507 U.S. 380, 395 (1993) (establishing a two-part test to determine whether a claimant's failure to act in accordance with the filing deadline was due to "excusable neglect").

by the Debtors to known creditors by mail and unknown creditors by publication was reasonably calculated, under the circumstances, to apprise interested persons of the pendency of the bankruptcy cases and of the Bar Date, as required to satisfy due process. The Motion is untimely and even if it were not, class litigation would be inferior to the claims resolution process in these cases given the unique advantages of bankruptcy that allow large numbers of claims to be processed fairly, efficiently, and inexpensively.

A separate order shall issue.

ENTERED: __May 28 2010_____

Entered on docket: May 28 2010

          _____/s/ Kevin R. Huennekens_____
          UNITED STATES BANKRUPTCY JUDGE

# CERTIFICATE OF NOTICE

```
District/off: 0422-7           User: frenchs              Page 1 of 1                   Date Rcvd: May 28, 2010
Case: 08-35653                 Form ID: pdforder          Total Noticed: 1

The following entities were noticed by first class mail on May 30, 2010.
aty          +Gregg M. Galardi,    Skadden Arps Slate Meagher,    & Flom LLP, One Rodney Sq.,   PO Box 636,
               Wilmington, DE 19899-0636
The following entities were noticed by electronic transmission.
NONE.                                                                                                TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: May 30, 2010**                              **Signature:** _Joseph Speetjens_