Gregg M. Galardi, Esq.                  Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.                 Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &         MCGUIREWOODS LLP
FLOM, LLP                               One James Center
One Rodney Square                       901 E. Cary Street
PO Box 636                              Richmond, Virginia 23219
Wilmington, Delaware 19899-0636         (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
          Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - x
```

**ORDER APPROVING SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE DEBTORS AND SAMSUNG ELECTRONICS AMERICA, INC.**

Upon consideration of the Notice of Proposed

Settlement Agreement and Stipulation by and Among the

Debtors and Samsung Electronics America, Inc. (the

"Settlement Agreement") (D.I. 7548); the Court having

reviewed the Settlement Agreement, a copy of which is

annexed as Exhibit A; the Court finding that (i) this

Court has jurisdiction over the Settlement Agreement

pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue of

these cases in this district and before this Court is

proper under 28 U.S.C. §§ 1408 and 1409; (iii) the

Debtors are authorized under this Court's Order Under 11

U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006,

and 9019 Authorizing the Establishment of Procedures to

Settle Certain Pre-Petition and Post-Petition Claims and

Causes of Action Without Further Court Approval, dated

August 7, 2009 (Docket No. 4401, the "Settlement

Procedures Order")to enter into the Settlement Agreement,

subject to the Notice Procedures (iv) due and proper

notice and service of the Settlement Agreement has been

given in compliance with the Notice Procedures as set

forth in the Settlement Procedures Order, and notice and

service of the Settlement Agreement was good and

sufficient and that no other further notice or service

of the Settlement Agreement need be given; (v) no

objections to the Settlement Agreement were filed by the

objection deadline as set forth in the Settlement

Agreement; (vi) the Settlement Agreement is fair and reasonable under the circumstances and entry into the Settlement Agreement is an exercise of the Debtors' sound business judgment; and (vii) approval of the Settlement Agreement is in the best interests of the Debtors, their estates, and creditors; and upon the record herein, and after due deliberation thereon and good and sufficient cause appearing therefore, it is hereby

ORDERED, that the Settlement Agreement annexed as Exhibit A is approved in all respects; and it is further

ORDERED, that the Debtors are authorized to take any and all actions necessary or appropriate to carry out the terms of the Settlement Agreement; and it is further

3

ORDERED, that this Court shall retain

jurisdiction with respect to all matters arising from or

relating to this Order or the Settlement Agreement.

Dated: Richmond, Virginia
         May 28 2010        , 2010


                              /s/ Kevin R. Huennekens
                              _____
                              Honorable Kevin R. Huennekens
                              United States Bankruptcy Judge
Entered on docket:  May 28 2010

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT A**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
           Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS AND SAMSUNG ELECTRONICS AMERICA, INC.**

          This settlement agreement and stipulation

(this "Settlement Agreement") is entered into by and

among the above-captioned debtors and debtors in

possession (the "Debtors"),[1] on the one hand, and Samsung
Electronics America, Inc. ("Samsung" and together with
the Debtors, the "Parties" and each of which is a
"Party"), on the other hand.

**GENERAL BACKGROUND**

WHEREAS, on November 10, 2008 (the "Petition
Date"), the Debtors each filed a voluntary petition in
the United States Bankruptcy Court for the Eastern
District of Virginia (the "Court") under chapter 11 of
title 11 of the United States Code (the "Bankruptcy
Code"); and

WHEREAS, the Debtors have continued as debtors
in possession pursuant to sections 1107(a) and 1108 of
the Bankruptcy Code; and

---

[1]   The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
VA 23060.

2

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors' Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

3

WHEREAS, the associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, and confirmation of the Plan is currently scheduled for May 11, 2010; and

WHEREAS, generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval, dated August 7, 2009 (Docket No. 4401, the "Settlement Procedures Order") to enter into this Settlement Agreement, subject to the Notice Procedures.

**SETTLEMENT BACKGROUND**

**A.   The Samsung Claims And The Debtors' Receivables.**

WHEREAS, Circuit City Stores, Inc. ("Circuit City") and Samsung were parties to that certain Dealer Agreement, dated February 25, 2002 (as subsequently amended, the "Dealer Agreement") as well as various side

4

agreements, addendums and letter agreements both subject
to and outside the terms of the Dealer Agreement (the
"Side Agreements" and, together with the Dealer
Agreement, the "Samsung Agreements").  Pursuant to the
Samsung Agreements, the Debtors purchased certain
Samsung products, including, but not limited to,
televisions, DVD players and other peripherals
(collectively, the "Product"), for resale in their
retail stores; and

WHEREAS, on December 18, 2008, Samsung filed
proof of claim number 1425 against the Debtors'
bankruptcy estates pursuant to Bankruptcy Code section
503(b)(9) (the "503(b)(9) Claim").  Therein, Samsung
claimed that it shipped in the ordinary course of
business $19,262,466 worth of Product to the Debtors
within the twenty (20) days before the Petition Date for
which Samsung had not received payment; and

WHEREAS, pursuant to the Debtors' (I) Fifty-
Second Omnibus Objection to Certain 503(b)(9) Claims and
(II) Motion for a Waiver of the Requirement that the
First Hearing on any Response Proceed as a Status
Conference (Docket No. 5216) (the "Fifty-Second Omnibus

5

Objection"), the Debtors sought to temporarily disallow the 503(b)(9) Claim pending the return of certain account of preferential transfers allegedly avoidable under Bankruptcy Code section 547 (the "Preferential Transfers"); and

WHEREAS, on January 6, 2010, the Court entered a Memorandum Opinion and Order (D.I. 6228) sustaining the Fifty-Second Omnibus Objection and temporarily disallowing the 503(b)(9) Claim; and

WHEREAS, without regard to the Preferential Transfers, the Debtors assert that the 503(b)(9) Claim is overstated by $88,259.56 such that the proper amount of the 503(b)(9) Claim should be $19,174,207.90; and

WHEREAS, on January 2, 2009, Samsung filed claim number 2425, a general unsecured proof of claim against the Debtors' bankruptcy estates (the "Unsecured Claim" and together with the 503(b)(9) Claim, the "Samsung Claims").  Therein, Samsung claimed that it shipped in the ordinary course of business $122,577,855.01 worth of Product to the Debtors before the Petition Date for which Samsung had not received payment; and

WHEREAS, pursuant to the Debtors' Twenty-Third Omnibus Objection to Claims (Modification of Certain Duplicative 503(b)(9) Claims) (Docket No. 3711) (the "Twenty-Third Omnibus Objection"), the Debtors alleged that the Unsecured Claim included and was duplicative of the 503(b)(9) Claim, such that the Unsecured Claim should be reduced to $103,501,603.00; and

WHEREAS, on January 15, 2010, the Court entered the Supplemental Order on Debtors' Twenty-Third Omnibus Objection to Claims (Modification of Certain Duplicative 503(b)(9) Claims) (D.I. 6295), which sustained the Twenty-Third Omnibus Objection and reduced the Unsecured Claim to $103,501,603.00; and

WHEREAS, the Debtors assert that the Unsecured Claim is overstated by $3,858,160.00 such that the proper amount of the Unsecured Claim should be $99,643,443; and

WHEREAS, the Debtors assert that they are entitled to certain pre- and post-petition amounts, including receivables, charge-backs, returns, and other amounts under the Samsung Agreements, which amounts are currently due and owing to Circuit City Stores, Inc.

7

("Circuit City") by Samsung, but for which Circuit City had not received payment.  Specifically, the Debtors assert that Samsung owes Circuit City pre- and post-petition amounts totaling $56,966,797.67 (the "Alleged Receivables"); and

**B.    The Appeal.**

WHEREAS, on January 20, 2010, Samsung initiated an appeal (the "Original Appeal") by filing its Notice of Appeal and Motion for Leave to Appeal the Memorandum Opinion and Order sustaining the Debtors' Fifty-First and Fifty-Second Omnibus Objections (D.I. 6335 & 6336) (together, the "Original Notice of Appeal"). By stipulation dated February 3, 2010 and order dated February 5, 2010, the Parties agreed to stay the Original Appeal (D.I. 6482); and

WHEREAS, on March 8, 2010, Samsung initiated an appeal (together with the Original Appeal, the "Appeal") by filing its Amended Notice of Appeal and Amended Motion for Leave to Appeal the Memorandum Opinion and Order sustaining the Fifty-First and Fifty-Second Omnibus Objections (together, the "Amended Notice

8

of Appeal" and with the Original Notice of Appeal, the "Notices of Appeal") (D.I. 6720 & 6748); and

WHEREAS, on March 17, 2010, the Parties filed the Stipulation and Order Staying Appeals and Extending Deadlines under Bankruptcy Rules 8007 and 8009 with Respect to the Notices of Appeal and the Motions for Leave to Appeal Filed by Samsung Electronics America, Inc. (D.I. 6857).  Therein, the Parties agreed to stay the Appeal to allow the Parties to engage in good faith settlement negotiations; and

WHEREAS, rather than proceed with litigation concerning the Samsung Claims, the Preferential Transfers, the Debtors' Alleged Receivables, and the Appeal, the Parties engaged in good faith, arms' length negotiations to resolve the foregoing; and

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

9

1.    The Parties agree that (i) the Samsung 503(b)(9) Claim shall be valued at $19,300,000.00, and (ii) the Unsecured Claim shall be valued at $103,501,603.

2.    The Parties further agree that the Debtors' Alleged Receivables shall be valued at $47,801,603 (the "Receivables").

3.    The Receivables shall be netted against the 503(b)(9) Claim and Unsecured Claim such that (i) the Samsung 503(b)(9) Claim shall be reduced to $0, (ii) the Unsecured Claim shall be reduced to $75,000,000 (the "Allowed Unsecured Claim"), and (iii) the Receivables shall be reduced to $0.

4.    To the extent required, the automatic stay of Bankruptcy Code section 362 is lifted to permit the netting set forth in Paragraph 3 above.

5.    The Allowed Unsecured Claim shall be deemed an "allowed" claim in case number 08-35653 (KRH) for all purposes, including with respect to any confirmed plan of liquidation, shall be paid in accordance with any plan, and shall not be subject to further offset, reduction, or discount.

10

6.    Upon the Effective Date (defined hereafter), Samsung, on behalf of itself and its successors and assigns, and the Debtors, on behalf of themselves, and each on behalf of their respective estates, successors, and assigns (including but not limited to any trustee appointed in any of these chapter 11 cases or any successor or subsequent bankruptcy cases, any receivers and/or other custodians appointed in any action or proceeding involving the Debtors' property and the liquidating trustee under the Plan), hereby irrevocably and fully release one another from and against any and all claims or causes of action (including, but not limited to, causes of action under Bankruptcy Code sections 502, 542, 543, 544, 546, 547, 548, 549, 550, 553 and 558) arising from, in connection with, or relating to the Preferential Transfers, the Product, and/or the Samsung Agreements (this paragraph, the "Releases"), but excluding the Allowed Claim.

7.    For the avoidance of doubt and notwithstanding anything to the contrary in this Settlement Agreement, (1) the Releases are not intended as general releases or waivers and nothing in this

11

Settlement Agreement shall be construed as such, (2) the

Releases do not release the Debtors from the Allowed

Unsecured Claim, and (3) Samsung and the Debtors

specifically acknowledge and agree that this Settlement

Agreement is not intended to, and does not, release or

otherwise affect in any way any actual claims or causes

of action (or potential claims or causes of action

similar in nature or type to such actual claims or

causes of action) now or hereinafter asserted in, based

on, or relating to the multi-district litigation

captioned In re: TFT-LCD (Flat Panel) Antitrust

Litigation, MDL No. 1827 (N.D. Cal.) and the actions

consolidated therein (the "MDL Proceeding").

8.    The Samsung Agreements shall be deemed

terminated and rejected as of the Effective Date.

9.    Any objections to any Samsung claim and

any objection filed by Samsung to the Plan shall be

deemed resolved.

10.    Neither this Settlement Agreement, nor

any statement made or action taken in connection with

the negotiation of this Settlement Agreement, shall be

offered or received in evidence or in any way referred

12

to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Settlement Agreement or (b) to seek damages or injunctive relief in connection with such approval and enforcement.

11.   Each Party hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

12.   No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors and assigns.

13.   Except where preempted by applicable federal law, this Settlement Agreement shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia without regard to any choice of law provisions.

13

14.   This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

15.   This Settlement Agreement constitutes the entire agreement and understanding of the Parties regarding the Settlement Agreement and the subject matter thereof.

16.   The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

17.   Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to

14

this Settlement Agreement.  The representations and
warranties set forth in this paragraph shall survive
execution of this Settlement Agreement.

18.  This Settlement Agreement shall not be
modified, altered, amended or vacated without the
written consent of all Parties hereto or order of the
Court.

19.  This Settlement Agreement and all of its
terms shall be effective upon the later of (i) execution
by both Parties, (ii) the expiration of the applicable
Notice Period, or (iii) the resolution of any objection
properly filed in accordance with the terms of the
Settlement Procedures Order (the "Effective Date").

20.  This Settlement Agreement shall inure to
the benefit of and be binding upon the successors and
assigns of the Parties hereto, including, but not
limited to, any trustee appointed in any of these
chapter 11 cases or any successor or subsequent
bankruptcy cases involving the Debtors and any receivers
and/or other custodians appointed in any action or
proceeding involving the Debtors' property, and the
liquidating trustee under the Plan.

15

21.   The Parties shall cause the Appeal to be
dismissed and the Notices of Appeal to be withdrawn with
prejudice upon this Settlement Agreement becoming final
in accordance with the Settlement Procedures Order and
following the Court's entry of a final, nonappealable
order, approving of each and every term of this
Settlement Agreement.

                    IN WITNESS WHEREOF, this Settlement Agreement

is hereby executed as of May 13, 2010.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC., et al.,
Debtors and Debtors in Possession

By:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP


/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Attorneys for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

                              17

SAMSUNG ELECTRONICS AMERICA, INC.

By:


/s/ Michael I. Goldberg
Michael I. Goldberg
Akerman Senterfitt
350 East Las Olas Boulevard, Ste. 1600
Fort Lauderdale, Florida 33301
(954) 463-2700

Attorneys for Samsung Electronics America, Inc.

18

# CERTIFICATE OF NOTICE

```
District/off: 0422-7        User: frenchs          Page 1 of 1          Date Rcvd: May 28, 2010
Case: 08-35653             Form ID: pdforder       Total Noticed: 1

The following entities were noticed by first class mail on May 30, 2010.
aty          +Gregg M. Galardi,   Skadden Arps Slate Meagher,   & Flom LLP, One Rodney Sq.,   PO Box 636,
              Wilmington, DE 19899-0636

The following entities were noticed by electronic transmission.
NONE.                                                                    TOTAL: 0

       ***** BYPASSED RECIPIENTS *****
NONE.                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: May 30, 2010**                    **Signature:**