```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF VIRGINIA


IN RE:                          .    Case No. 08-35653(KRH)
                                .
                                .
CIRCUIT CITY STORES,            .
INC.,                           .    701 East Broad Street
                                .    Richmond, VA  23219
                                .
           Debtor.              .    May 20, 2010
. . . . . . . . . . . . . . .        10:03 a.m.



                      TRANSCRIPT OF HEARING
               BEFORE HONORABLE KEVIN R. HUENNEKENS
                UNITED STATES BANKRUPTCY COURT JUDGE



APPEARANCES:

For the Debtors:         McGuireWoods, LLP
                         By:  SARAH B. BOEHM, ESQ.
                         One James Center
                         901 East Cary Street
                         Richmond, VA  23219

                         Skadden, Arps, Slate, Meagher
                          & Flom, LLP
                         By:  IAN FREDERICKS, ESQ.
                         One Rodney Square
                         Wilmington, DE  19801




Proceedings recorded by electronic sound recording, transcript
               produced by transcription service
_____

                   J&J COURT TRANSCRIBERS, INC.
                       268 Evergreen Avenue
                    Hamilton, New Jersey 08619
                   E-mail:  jjcourt@optonline.net

                (609) 586-2311    Fax No. (609) 587-3599
```

TELEPHONIC APPEARANCE:

For the Creditors'          Pachulski Stang Ziehl & Jones, LLP
Committee:                  By:  JEFFREY N. POMERANTZ, ESQ.
                            10100 Santa Monica Blvd., Suite 1100
                            Los Angeles, CA  90067

1     COURT CLERK: All rise. The United States Bankruptcy
2 Court for the Eastern District of Virginia is now in session.
3 The Honorable Kevin R. Huennekens presiding. Please be seated
4 and come to order. In the matter of Circuit City Stores,
5 Incorporated, hearing on Items 1 through 36 as set on debtor's
6 agenda.
7     MS. BOEHM: Good morning, Your Honor.
8     THE COURT: Good morning.
9     MS. BOEHM: Sarah Boehm from McGuireWoods on behalf
10 of the debtors. Matter Number 1 on the agenda is Slam Brands'
11 motion for administrative expense. A stipulation was filed
12 resolving that, and it was deemed resolved pursuant to that
13 stipulation, so that can be removed from the docket.
14     THE COURT: All right. Very good.
15     MS. BOEHM: Item 2 is Motorola's motion for
16 administrative expense. This matter has been adjourned to June
17 8th at 10:00 a.m.
18     THE COURT: All right.
19     MS. BOEHM: Item 3 is General Instruments motion for
20 payment of administrative expense, which also has been
21 adjourned to June 8th at 10:00 a.m.
22     THE COURT: All right.
23     MS. BOEHM: Item 4 is Sennheiser's motion for payment
24 of an admin claim and a late claim. That has been resolved in
25 principle subject to settlement documentation, and we have

1   agreed to adjourn that to June 8th at 10:00 a.m.
2           THE COURT:  Okay.  Very good.
3           MS. BOEHM:  Item 5 is the motion of Towne Square for
4   a late claim.  That also -- we're in settlement negotiations
5   with them, and we have agreed to adjourn that to June 24th at
6   10:00 a.m.
7           THE COURT:  Okay.
8           MS. BOEHM:  Items 6 and 7 are Madcow's motions for
9   payments of admin expense and 503(b)(9) claim, and those are
10  both adjourned to June 24th at 10:00 a.m.
11          THE COURT:  Okay.
12          MS. BOEHM:  Item 8 is Archos' reconsideration of the
13  48th omnibus objection.  We are in the process of finalizing
14  the stipulation with them, and it's been adjourned to June 8th
15  at 10:00 a.m.
16          THE COURT:  All right.  Very good.
17          MS. BOEHM:  Item Number 9 is Site A's late claim
18  motion, which has been adjourned to June 24th at 10:00 a.m.
19          THE COURT:  June 24?
20          MS. BOEHM:  Yes.
21          THE COURT:  Okay.  Thank you.
22          MS. BOEHM:  Item Number 10 is the debtor's objection
23  to the claim of the New York State Department of Taxation and
24  Finance.  That matter has been adjourned to June 24 at 10:00
25  a.m.

1             THE COURT:  All right.
2             MS. BOEHM:  Item 11 is the debtor's fifth omnibus
3  objection to claims.  Originally, we had scheduled this matter
4  to go forward with the status conference as to Graphic
5  Communications and U.S. Signs.  We're pleased to report that we
6  have settled with U.S. Signs, and subject to settlement
7  document, we have agreed to adjourn the status hearing to June
8  24th at 10:00 a.m.
9             THE COURT:  Okay, and what are we doing with Graphic
10 Communications?
11            MS. BOEHM:  Graphic Communications, we are -- we will
12 be going forward with that one.  We have drafted stipulated
13 facts that they are currently reviewing, and then there will be
14 a briefing on a very narrow legal issue with respect to
15 constructive receipt, and then we will set that matter to go
16 forward on the merits.  But for today we would just like to
17 adjourn the status to June 24th at 10:00 a.m.
18            THE COURT:  Okay, so what -- June 24, when it comes
19 back up, that'll be for status for Graphic Communications, and
20 at that point we'll set it down for the hearing.
21            MS. BOEHM:  That's correct, sir.
22            THE COURT:  All right.  Thank you.
23            MS. BOEHM:  Item 12 is the debtor's sixth omnibus
24 objection.  This objection only had one claimant remaining,
25 which is Performance Printing.  We have settled with them in

1 principal and are in the process of documenting that
2 settlement.  For today's purpose we've agreed to adjourn the
3 status hearing to June 24th at 10:00 a.m.
4         THE COURT:  Okay.  All right.
5         MS. BOEHM:  Item 13 is the seventh omnibus objection.
6 All of the claims that are remaining in that are adjourned to
7 June 24th at 10:00 a.m. while we continue to work through those
8 issues.
9         THE COURT:  Okay.
10         MS. BOEHM:  Item 14 is the eighth omnibus objection.
11 Those are also all adjourned to June 24th at 10:00 a.m.
12         THE COURT:  All right.
13         MS. BOEHM:  Item 15 is the ninth omnibus objection.
14 Those are all adjourned to June 24th at 10:00 a.m.
15         THE COURT:  All right.
16         MS. BOEHM:  Item 16 is the debtor's 19th omnibus
17 objection.  This was scheduled to go forward on the merits with
18 respect to the Enland entities, however, we have reached an
19 agreement in principal with them, so we have agreed to adjourn
20 the status hearing to June 8th at 10:00 a.m. while we're in the
21 process of finalizing the order.
22         THE COURT:  All right.  Good.
23         MS. BOEHM:  With respect to the other claimants that
24 remain in omni 19, we're adjourning that to June 24th at 10:00
25 a.m.

1          Item 17 is the debtor's 20th omnibus objection.  With
2 respect to Averatec, they are also included in omni 48, and
3 we're working to resolve the issues with respect to that omni,
4 so for their claim we have agreed to adjourn the status to June
5 8 at 10:00 a.m.
6          THE COURT:  That's just Averatec?
7          MS. BOEHM:  That's Averatec.
8          THE COURT:  All right.
9          MS. BOEHM:  With respect to the other claimants, it
10 is adjourned to June 24th at 10:00 a.m.
11          THE COURT:  All right.
12          MS. BOEHM:  Item 18 is the 22nd omnibus objection.
13 There's only one claimant that remains in that one, and that
14 status hearing is adjourned to June 24th at 10:00 a.m.
15          THE COURT:  All right.
16          MS. BOEHM:  Item 19 is the 23rd omnibus objection.
17 All of the claimants in omni 23 are adjourned to June 24th at
18 10:00 a.m.
19          THE COURT:  All right.
20          MS. BOEHM:  Item Number 20 is the debtor's 24th
21 omnibus objection.  Henrico County was the only claimant that
22 remained in omni 24 and did file the stipulation resolving all
23 of Henrico County's claims yesterday.  So pending no objections
24 to that stipulation, all the Henrico County claims will be
25 resolved.  In the meantime, we have adjourned the hearing to

```
 1  June 24th just to keep it on the docket.
 2              THE COURT:  All right.
 3              MS. BOEHM:  Item 21 is the 27th omnibus objection.
 4  An order has been entered since this agenda was filed that has
 5  withdrawn the objection to the remaining three claims, so omni
 6  27 at this point is fully resolved.
 7              THE COURT:  Excellent.
 8              MS. BOEHM:  Item 22 is the debtor's 30th omnibus
 9  objection.  Those claims are adjourned to June 24th at 10:00
10  a.m.
11              THE COURT:  All right.
12              MS. BOEHM:  Item 23 is the 31st omnibus objection.
13  Those claims are all adjourned to June 24th at 10:00 a.m.
14              THE COURT:  All right.
15              MS. BOEHM:  Item 24 is the 33rd omnibus objection.
16  All of those claims are adjourned to June 24th at 10:00 a.m.
17              THE COURT:  All right.
18              MS. BOEHM:  Item 25 is the 34th omnibus objection.
19  All of those claims are adjourned to June 24th at 10:00 a.m.
20              THE COURT:  All right.
21              MS. BOEHM:  Same for Item 26, which is the debtor's
22  36th omnibus objection.  All of those are adjourned to June
23  24th at 10:00 a.m.
24              Item 27 relates to the debtor's 37th objection and
25  our motion for partial summary judgment.  That was originally
```

1 scheduled for today's hearing, however, it was adjourned to
2 June 8th at 10:00 a.m.
3       THE COURT:  And we expect to go forward on the
4 summary judgment motion on the 8th?
5       MS. BOEHM:  That's my understanding --
6       THE COURT:  All right.
7       MS. BOEHM:  -- at this point.  We're continuing to
8 work though issues with all the taxing authorities, so to the
9 extent it can be resolved prior to that or a further
10 adjournment while we continue settlement negotiations, that
11 would be the only reason that we would continue it.
12       THE COURT:  All right.  Well, obviously, if you
13 settle it, that's preferable --
14       MS. BOEHM:  Right.
15       THE COURT:  -- as far as I'm concerned.
16       MS. BOEHM:  Item 28 is the debtor's 41st omnibus
17 objection.  Those area adjourned to June 24th at 10:00 a.m.
18       THE COURT:  Okay.
19       MS. BOEHM:  I believe there -- there's only one claim
20 at omni 41, that's Microsoft, and I believe we have reached an
21 agreement in principal with them, so we hope to be filing a
22 stipulation with them prior to the June 24 hearing.
23       THE COURT:  All right.  I'll look for that.
24       MS. BOEHM:  Item 29 is the debtor's 43rd omnibus
25 objection.  Those are all adjourned to June 24th at 10:00 a.m.

1            THE COURT:  Okay.
2            MS. BOEHM:  Item 30 is the debtor's 44th omnibus
3   objection.  Those are all adjourned to June 24th at 10:00 a.m.
4            THE COURT:  All right.
5            MS. BOEHM:  Item 31 is the debtor's 48th omnibus
6   objection.  We had scheduled this to go forward with a status
7   hearing today with respect to Averatec, which we have
8   previously discussed.  We've been in discovery with them, and
9   we have agreed to adjourn the status hearing to June 8th at
10  10:00 a.m. solely as to Averatec.
11           THE COURT:  Okay.
12           MS. BOEHM:  The other claimants remaining in omni 48
13  are adjourned to June 24th at 10:00 a.m.
14           THE COURT:  Okay.
15           MS. BOEHM:  Item 32 is the 49th omnibus objection.
16  Those are all adjourned to June 24th at 10:00 a.m.
17           THE COURT:  All right.
18           MS. BOEHM:  Item 33 is the 50th omnibus objection,
19  also adjourned to June 24th at 10:00 a.m.
20           THE COURT:  All right.
21           MS. BOEHM:  Item 34 is the 54th omnibus objection.
22  Those are all adjourned to June 24th at 10:00 a.m.
23           THE COURT:  All right.
24           MS. BOEHM:  Item 35 is the 60th omnibus objection.
25  All of those are adjourned to June 24th at 10:00 a.m.

1           THE COURT:  All right.
2           MS. BOEHM:  And Item 36 is the 70th omnibus
3  objection, and all of those items are adjourned to June 24th at
4  10:00 a.m.  We have resolved one objection and will be
5  submitting a supplemental order disallowing the claim as set
6  forth in the objection.  But, otherwise, the other claimants
7  are adjourned to June 24th at 10:00 a.m.
8           THE COURT:  All right.  Very good.
9           MS. BOEHM:  And that concludes the matters on the
10 agenda.
11          THE COURT:  All right.  I'd like to get an update of
12 what we're doing as far as the confirmation hearing.
13          MS. BOEHM:  Absolutely.  I'll turn it over to Mr.
14 Fredericks.
15          THE COURT:  All right.  Thank you.  I figured that's
16 why he was here.
17          MR. FREDERICKS:  Good morning, Your Honor.  Ian
18 Fredericks from Skadden Arps on behalf of the debtors.  At this
19 point confirmation is not going to proceed on June 8th.  We --
20          THE COURT:  I'm shocked.
21          MR. FREDERICKS:  Obviously.  At this point we're not
22 sure exactly when confirmation's going to proceed.  We're going
23 to try to do it as quickly as possible.  We are continuing to
24 try to work with the Committee to resolve remaining open items
25 between the debtors and the Committee, and we are also trying

1  to gain a consensus with the Monitor in Canada on exactly how
2  to proceed forward in Canada, so that we can move to
3  confirmation as quickly as possible.
4         There were some recent events that gave rise that
5  potentially slowed that process down in Canada.  We were --
6         THE COURT:  Is that the French subsidiary?
7         MR. FREDERICKS:  Well, it relates to that.  One of
8  the issues that arose was the way that the current proposal is
9  in Canada, what it contemplates is that InterTan, Inc. would be
10 dissolved -- Intertan, Inc. being a U.S. debtor would be
11 dissolved, and its parent -- through some steps, it's new
12 parent would be Tourmalet, which is a Canadian debtor, and that
13 -- and Tourmalet would have to assume the obligations as part
14 of the dissolution of InterTan or some other way to go forward
15 with InterTan would have to assume any obligations that
16 InterTan had.
17        Based on the claims register, we had resolved all but
18 two remaining claims on the claims register.  Those were
19 insurance claims.  One was filed by Travelers and one was filed
20 by America Home Assurance.  Travelers were in discussions to
21 try to resolve that claim.  With respect to America Home
22 Assurance, the deadline to provide -- either make a claim or
23 provide notice under that particular D&O  policy was May 19th
24 of this year.  It was in a runoff period.  Both the Creditors'
25 Committee and the debtors decided that it was prudent to

1 provide the carrier with a notice of circumstances that may
2 give rise to a claim to protect the estate's rights, and the
3 reason for that notice was to the extent there was any -- a
4 claim -- to the extent that a claim arose from a potential
5 French tax liability, we wanted to protect a claim that might
6 against the former entities that did that before Circuit City
7 acquired the Canadian operations back in -- on May 19th of
8 2004.
9        So that has -- the Monitor now needs to analyze that
10 and determine essentially whether or not the Monitor -- whether
11 or not there's any impact by assuming the obligations of
12 InterTan, Inc., and if there is an impact, whether or not the
13 Monitor can get comfortable that it would still want to assume
14 those obligations.  So right now really it's in the Monitor's
15 hand to try to figure out exactly how the Monitor wants to
16 proceed.
17        THE COURT:  All right.
18        MR. POMERANTZ:  Your Honor, this is Joe Pomerantz.
19 May I make a comment or two?
20        THE COURT:  Mr. Pomerantz, this is Judge Huennekens.
21 Yes, you may proceed.
22        MR. POMERANTZ:  I agree with what Mr. Fredericks
23 said.  We have proposed to the Monitor, through our Canadian
24 tax counsel, a work around, a process where they can seek an
25 amended ruling from the Canadian Revenue Authority that would

1  allow confirmation to proceed notwithstanding the facts that
2  Mr. Fredericks brought to your attention.  Dialogue is ongoing.
3  We hope to hear back from the Monitor with respect to their
4  position in the next day or so, and if it's a positive
5  response, which we're hoping we'd get, we would then proceed to
6  further revise the Revenue ruling being requested from the
7  Canadian Revenue Authority.  And in that case, we are told that
8  we could have the Revenue ruling perhaps in the short as two to
9  four weeks.
10              What I suggest is to -- while we understand that the
11 confirmation hearing will not go forward on June 8th, I think
12 it would be appropriate to continue to trail -- just for status
13 purposes only to have a status hearing on June 8th where we
14 could advise you of not only the status of events in Canada but
15 also the status of any discussions between the Committee and
16 the debtor and whether -- whether we will need the Court
17 intervention to help us resolve those issues.
18              THE COURT:  All right.  Very good.
19              MR. FREDERICKS:  And that's fine with the debtors.  I
20 mean our -- currently, confirmation is scheduled for June 8th.
21 Like we've done at every hearing where it's been scheduled,
22 we'll certainly provide Your Honor with the update at that
23 point.
24              THE COURT:  All right, and at this point are you
25 anticipating that you're going to continue the confirmation

1  hearing when it comes up on June 8 to another -- a notice up
2  for another specific date or is that -- how is that going to
3  work?  Are you going to continue generally?  What kind of
4  notice are we going to be giving creditors?
5           MR. FREDERICKS:  We hadn't discussed that between the
6  debtors and the Committee.  We can -- I don't know if Mr.
7  Pomerantz has an opinion.  I understand from your -- from your
8  Courtroom Deputy that our next hearing dates are June 24th,
9  June 12th, and then I believe July 22nd.  I understand June
10 12th is a 2:00 hearing, and that I believe you're on vacation
11 the week before, so I'm not sure whether or not Your Honor
12 wants to use that date for confirmation.  Otherwise, it would
13 seem to me it would either be June 24th or July 22nd.
14          MR. POMERANTZ:  Your Honor, if I may suggest the
15 following.  If I may suggest perhaps that a notice gets filed
16 informing parties that confirmation won't proceed on June 8th,
17 but it'll proceed as a status conference, and then once we are
18 before Your Honor on June 8th, we could have a better idea of
19 what date next to use for confirmation.
20          THE COURT:  All right.  That makes perfectly good
21 sense to me.  Let's do it that way.
22          MR. FREDERICKS:  And that's fine with the debtors,
23 Your Honor.
24          THE COURT: All right. Very good.  All right.  Thank
25 you for that suggestion, Mr. Pomerantz.

```
 1            MR. POMERANTZ:  You're welcome.
 2            THE COURT:  All right.  Anything further, Mr.
 3   Fredericks?
 4            MR. FREDERICKS:  Unless Your Honor has any questions
 5   about any matter, I'm happy to address any of those.  There's
 6   nothing that we have for the Court.
 7            THE COURT:  All right.  Very good.  Well, thank you
 8   for that update.  Does any party -- other party in Circuit City
 9   have other business?
10                 (No audible response)
11            THE COURT:  All right.  That'll conclude the matters
12   involving Circuit City for the day.  Thank you.
13            MR. FREDERICKS:  Thank you very much, Your Honor.
14            THE COURT:  All right.
15                        * * * * *
16                   C E R T I F I C A T I O N
17        I, PATRICIA C. REPKO, court approved transcriber,
18   certify that the foregoing is a correct transcript from the
19   official electronic sound recording of the proceedings in the
20   above-entitled matter, and to the best of my ability.
21
22   /s/ Patricia C. Repko
23   PATRICIA C. REPKO
24   J&J COURT TRANSCRIBERS, INC.    DATE:  June 1, 2010
25
```