IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., ) | |
| ) | Case No. 08-35653 (KRH) |
| ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |

**MOTION FOR ALLOWANCE OF THE LATE FILED
ADMINISTRATIVE EXPENSE CLAIM OF METRA ELECTRONICS CORPORATION**

COMES NOW, Metra Electronics Corporation ("Metra"), by and through its undersigned counsel, and hereby moves this Court for entry of an order allowing its late-filed administrative expense claim (the "Motion"), and as grounds for its Motion states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue in this case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 503(a), 407(a)(2) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code").

**BACKGROUND**

3. Circuit City Stores, Inc., et al. (the "Debtors") filed voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code on November 10, 2008 (the "Petition Date").

---

William A. Gray, Esquire-VSB #46911
C. Thomas Ebel, Esquire-VSB #18637
W. Ashley Burgess, Esquire-VSB#67998
Broderick C. Dunn, Esquire-VSB#74847
SANDS ANDERSON PC
1111 East Main Street, Suite 2400
P.O. Box 1998
Richmond, Virginia 23218-1998
   *Counsel for Metra Electronics Corporation*

4.  Metra shipped goods to the Debtors, on credit, and Debtors received the shipped goods, between the Petition Date and January of 2009. As such, Metra has a post-petition administrative expense claim in the amount of $196,003.32.

5.  On February 19, 2010, the Court entered its order establishing a "second" Administrative Claim Bar Date of March 31, 2010. In response thereto, Metra filed its administrative claim number 14894on or about March 26, 2010.

6.  On May 7, 2010, the Debtor filed its Seventy-Eighth Omnibus Objection to Claims (the "78th Objection"). In the 78th Objection, the Debtor asserts that Metra's claim was subject to a "first" Administrative Claim Bar Date of June 30, 2009.

7.  However, as asserted in the attached Affidavits of Anthony Guidice and Edward Jackson, Esquire, which are attached hereto as Exhibits A and B, respectively, Metra does not recall receiving any notice of a bar date—other than that established by the February 13, 2010 Order.

## ARGUMENT

8.  The Court may "allow the late filing of [a] claim after [the] bar date has expired if claimant's failure to file earlier was [the] result of excusable neglect." *In re Enron Corp.*, 298 B.R. 513, 521 (S.D.N.Y. 2003); *In the Matter of Papp International Inc.*, 189 B.R. 939 (Bankr. Neb. 1995). "Whether [a] creditor's neglect in failing to file [a] proof of claim prior to expiration of [the] claims bar date is [the] result of excusable neglect, so as to permit [the] court to accept [the] creditor's late-filed proof of claim, is [an] equitable determination, that takes [into] account all relevant circumstances surrounding [the] creditor's omission, including the following: (1) danger of prejudice to the debtor; (2) length of delay and its potential impact on judicial proceedings; (3) reason for delay, including whether it was within [the] creditor's

2

reasonable control; and (4) whether [the] creditor acted in good faith." *In re Enron Corp.*, at 525; *See also Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). "Not all factors need to favor [the] moving creditor to warrant acceptance of [the] creditor's late-filed proof of claim on [the] 'excusable neglect' theory." *Id.* "In deciding whether to accept [the] creditor's late-filed proof of claim on 'excusable neglect' theory, [the] court should not accord controlling weight to any single circumstance to simply proceed down a checklist ticking off traits; rather, courts are to look for synergy of several factors that conspire to push [the] analysis one way or the other." *Id.*

9. In determining whether prejudice to a debtor exists, courts have weighed a number of considerations, including (1) the size of the late claim in relation to the estate; (2) whether a disclosure statement or plan of reorganization has been filed or confirmed with the knowledge of the existence of the claim; and (3) the disruptive effect that the late filing would have on a plan close to completion or upon the economic model upon which the plan was formulated or negotiated. *Id.*

10. Metra's administrative claim is $196,003.32. On information and belief, Metra's administrative claim is particularly small in relation to the estate's assets and liabilities.

11. The reason for the delay in filing the administrative expense claim was because Metra was unaware an administrative claim bar date had been set. *See* Affidavits of Edward P. Jackson, Esquire, and Anthony Guidice.

12. Metra acted in the utmost good faith in filing the administrative expense claim. Metra first learned of an administrative bar date on or about February 26, 2010, when Sands Anderson, Metra's local counsel, forwarded Metra and Mr. Jackson a copy of an order regarding a "Second Administrative Bar Date." Metra then promptly filed its administrative claim on or

3

about March 26, 2010. Additionally, there are no facts to suggest that Metra has acted in bad faith at any time in the instant case.

13. Metra also asserts that there is no prejudice to Debtor should the Court allow this claim to be filed. The Debtor has yet to confirm its Chapter 11 Plan and the Debtor is still reconciling claims.

14. Section 503(a) of the Bankruptcy Code provides that "[a]n entity may timely file a request for payment of an administrative expense, *or may tardily file such request if permitted by the court for cause.*" (emphasis added). Courts have held that the "broad term 'cause' gives the presiding court wide discretion to allow such belated filings in the interest of justice." *In re Heartland Steel, Inc.*, 2003 WL 23100035 (S.D. Ind. 2003). Courts have further held that where it is in the interest of justice, and no violence is done to other interests in procedural regularity, late-filed requests for administrative expenses may be allowed. *Id* at 4.

15. Because Metra never received notice of the First Administrative Claim Date and it has not acted in bad faith, fairness and equity require that the Court extend the Bar Date for Metra to file its claim. The relief requested herein will not work to prejudice the rights of the Debtors or other creditors, and so should be granted.

WHEREFORE, for all of the above reasons Metra Electronics Corporation respectfully requests the Court deny the Debtors' objection, and for such other and further relief as is just and proper.

- SIGNATURES APPEAR ON FOLLOWING PAGE -

4

Dated: June 2, 2010	Respectfully submitted,

METRA ELECTRONICS CORPORATION

By: _____/s/ William A. Gray_____
William A. Gray, Esquire-VSB #46911
W. Ashley Burgess, Esquire-VSB#67998
Broderick C. Dunn, Esquire-VSB#74847
SANDS ANDERSON PC
1111 East Main Street, Suite 2400 (23219)
Post Office Box 1998
Richmond, Virginia 23218-1998
*Counsel for Metra Electronics Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed and served, via U.S. Mail, first class, postage fully prepaid, and via the Electronic Case Filing System, this 2nd day of June, 2010, to:

Dion W. Hayes, Esquire
Douglas Foley, Esquire
McGuire Woods LLP
901 E. Cary Street
Richmond, Virginia 23219

Gregg Galardi, Esquire
Ian S. Fredericks, Esquire
Skadden Arps Slate Meagher & Flom LLP
Box 636
Wilmington, DE 19899

Chris L. Dickerson, Esquire
Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL 60606

_____/s/ William A. Gray_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, ) | |
| ) | Case No. 08-35653 (KRH) |
| ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |

### AFFIDAVIT OF ANTHONY GUIDICE

I, Anthony Guidice, hereby declare under penalty of perjury that the foregoing is true and correct:

1. I am over eighteen (18) years of age.

2. I am the Chief Financial Officer ("CFO") of Metra Electronics Corporation ("Metra").

3. The following information is derived from my personal knowledge and personal review of documents, materials, and/or records of Metra.

4. As CFO, I am familiar with the Chapter 11 bankruptcy filing by Circuit City Stores, Inc. All mail that is sent to Metra that relates to taxes or accounting issues, as well as any mail relating to the Circuit City bankruptcy case, is sent to me for review and handling.

5. I do not recall ever receiving from Circuit City, or its claims agent, any type of notice of a deadline of June 30, 2009 for filing administrative claim.

---

William A. Gray, Esquire-VSB #46911
C. Thomas Ebel, Esquire-VSB #18637
W. Ashley Burgess, Esquire-VSB#67998
Broderick C. Dunn, Esquire-VSB#74847
SANDS ANDERSON PC
1111 East Main Street, Suite 2400
P.O. Box 1998
Richmond, Virginia 23218-1998
*Counsel for Metra Electronics Corporation*

6. Additionally, Metra retained, on or about December 3, 2008, Edward P. Jackson, Esquire ("Mr. Jackson") to represent Metra's interest in the Circuit City bankruptcy case. During the course of the Circuit City bankruptcy case, if I received any document or notices regarding the bankruptcy case, I immediately forwarded the document to Mr. Jackson via overnight mail.

7. I first learned of the original administrative claims bar date on February 26, 2010, when local counsel, Sands Anderson PC, forwarded a copy of an order regarding a "Second Administrative Bar Date" to myself and Mr. Jackson.

8. Pursuant to my instructions, Mr. Jackson filed claim for administrative expenses, on behalf of Metra, in the amount of $196,003.32 on or about May 4, 2010. This claim is a valid claim for post-petition invoices for goods ordered and delivered to Circuit City since the filing of Circuit City's bankruptcy case.

Further the Affiant sayeth not.

Executed on June 2, 2010.

_____
Anthony Guidice

STATE OF FLORIDA
CITY/COUNTY OF HOLLY HILL, VOLUSIA

This _2_ day of June 2010, Anthony Guidice appeared before me and swore that the above statements are true and correct to the best of his belief.

_____
Notary Public

My commission expires: 7/17/2012     Commission No. DD 0807141

Seal:   RICHARD J. BELTRAMI
        Comm# DD0807141
        Expires 7/17/2012
        Florida Notary Assn., Inc

3

**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: ) | |
| ) | **Chapter 11** |
| **CIRCUIT CITY STORES, INC., et al.,** ) | |
| ) | **Case No. 08-35653 (KRH)** |
| ) | |
| ) | **Jointly Administered** |
| **Debtors.** ) | |

### AFFIDAVIT OF EDWARD P. JACKSON, ESQUIRE

I, Edward P. Jackson, hereby declare under penalty of perjury that the foregoing is true and correct:

1. I am over eighteen (18) years of age.

2. I am an attorney, licensed to practice in the state of Florida.

3. On or about December 3, 2008, I was retained by Metra Electronics Corporation ("Metra") to file a section 503(b)9 claim request in the Circuit City Chapter 11 bankruptcy case filed in Richmond, Virginia.

4. Initially, I obtained information regarding the Circuit City bankruptcy case from my client contact, Anthony Guidice. Subsequently, on or about, December 10, 2008, I filed a section 503(b)(9) claim request form for Metra.

5. I did not receive, either from Mr. Guidice, or directly from Circuit City or Circuit City's claims agent, any notice of the administrative claims bar date that had been set for June 30, 2009.

---

William A. Gray, Esquire-VSB #46911
C. Thomas Ebel, Esquire-VSB #18637
W. Ashley Burgess-VSB#67998
SANDS ANDERSON PC
1111 East Main Street, Suite 2400
P.O. Box 1998
Richmond, Virginia 23218-1998
*Counsel for Metra Electronics Corporation*

6.  I first learned of administrative claims bar date on or about February 26, 2010, when I received, from local counsel we had retained in Richmond, Virginia for the Circuit City case, a copy of an order regarding a Second Administrative Bar Date. Upon receipt of this notice, I forwarded same to Metra, and Metra requested that I file an administrative claim on their behalf.

7.  As such, on or about May 4, 2010, I did in fact file an administrative claim for Metra in the amount of $196,003.32.

Further the Affiant sayeth not.

Executed on June 2, 2010.

_____
Edward P. Jackson

STATE OF FLORIDA
CITY/COUNTY OF __DUVAL__

This _2nd_ day of June 2010, Edward P. Jackson appeared before me and swore that the above statements are true and correct to the best of his belief.

_____
Jo Elsea
Notary Public

My commission expires: _2/19/2011_    Commission No. _DD617169_

Seal:



Jo Elsea
Commission # DD617169
Expires February 19, 2011
Bonded Troy Fain Insurance, Inc 800-385-7019

2