IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br><br>    CIRCUIT CITY STORES, INC., <u>et al.</u>,<br><br><br>    Debtors. | Chapter 11<br><br>Case No. 08-35653 (KRH)<br><br>Jointly Administered |

## METRA ELECTRONICS CORPORATION'S OPPOSITION TO DEBTORS' SEVENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS

Metra Electronics Corporation ("Metra"), by and through its undersigned counsel, files this opposition to Debtor's Seventy-Eighth Omnibus Objection to Claims (the "78th Objection")[1], and in support thereof, states as follows:

1.    On or about March 26, 2010, Metra filed administrative claim number 14894, in the amount of $196,003.32. The basis of the claim was for goods sold and delivered to the Debtors post-petition. The claim was filed in response to an order entered February 19, 2010, which established "second" bar date of March 31, 2010 [Docket No. 6555].

2.    The claim is, admittedly, for goods sold and delivered to the Debtor between the date of the filing of the bankruptcy petition, and January, 2009. The 78th Objection asserts, as

---

[1] The Notice of Debtor's Seventy-Eighth Omnibus Objection to Claims established June 1, 2010, at 4 p.m., as the response deadline to the 78th Objection. However, with consent of Debtor's counsel, Metra was granted a 24-hour extension to respond to the 78th Objection.

---

William A. Gray, Esquire-VSB #46911
W. Ashley Burgess, Esquire-VSB#67998
Broderick C. Dunn, Esquire- VSB#74847
SANDS ANDERSON PC
1111 East Main Street, Suite 2400
P.O. Box 1998
Richmond, Virginia 23218-1998
   *Counsel for Metra Electronics Corporation*

the basis for disallowing Metra's claim that the claim was subject to a "First" bar date that established June 30, 2009, as the due date for filing claims.

3. However, on information and belief, Metra did not receive notice of the prior, or "First" bar date. Filed concurrently herewith, Metra has filed its *Motion for Leave to File a Late Administrative Expense Claim* (the "Motion") [Docket No. 7679]. By this reference, Metra incorporates herein the facts, affidavits and arguments of the Motion as its opposition to the 78th Objection.

4. Metra filed a claim in response to the notice it <u>received</u>. Additionally, the Debtor <u>did</u> order and receive, post-petition, the goods that are subject to the claim at issue. Under the circumstances, Metra asserts there are grounds for leave to file a late claim. As such, Metra respectfully requests the Court deny the 78th Objection, or hear and determine the 78th Objection in conjunction with, and consistent with, the Court's ruling on the Motion.

Wherefore, for all of the above reasons Metra Electronics Corporation respectfully requests the Court deny the Debtor's objection, and for such other and further relief as is just and proper.

Dated: June 2, 2010     **Respectfully submitted,**

**METRA ELECTRONICS CORPORATION**

By: _____*/s/ William A. Gray*_____
William A. Gray, Esquire-VSB #46911
W. Ashley Burgess, Esquire-VSB#67998
Broderick C. Dunn, Esquire-VSB#74847
SANDS ANDERSON PC
1111 East Main Street, Suite 2400
Post Office Box 1998
Richmond, Virginia 23218-1998
*Counsel for Metra Electronics Corporation*

2

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed and served, via U.S. Mail, first class, postage fully prepaid, and via the Electronic Case Filing System, this 2nd day of June, 2010, to:

Dion W. Hayes, Esquire
Douglas Foley, Esquire
McGuire Woods LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219

Gregg Galardi, Esquire
Ian S. Fredericks, Esquire
Skadden Arps Slate Meagher & Flom LLP
Box 636
Wilmington, DE 19899

Chris L. Dickerson, Esquire
Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL 60606

_____/s/ William A. Gray_____