Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

              - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - x
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :
            Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR ORDER DIRECTING MEDIATION WITH RESPECT
TO FIRST AMENDED JOINT PLAN OF LIQUIDATION OF CIRCUIT CITY
STORES, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN
POSSESSION AND ITS OFFICIAL COMMITTEE OF CREDITORS HOLDING
GENERAL UNSECURED CLAIMS**

The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors")[1] hereby

---

[1]     The Debtors and the last four digits of their respective taxpayer
        identification numbers are as follows: Circuit City Stores, Inc.
        (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
        Inc. (0875), Ventoux International, Inc. (1838), Circuit City
        Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
        Distribution Company of Virginia, Inc. (2821), Circuit City
        Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
        Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),

                                                            *(cont'd)*

1

move (the "Motion") this Court for entry of an order

directing mediation with respect to the First Amended Joint

Plan Of Liquidation Of Circuit City Stores, Inc. And Its

Affiliated Debtors And Debtors In Possession And Its

Official Committee Of Creditors Holding General Unsecured

Claims (the "Joint Plan").  In support of the Motion, the

Debtors respectfully submit as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction to consider the

Motion under 28 U.S.C. § 105.  This is a core proceeding

under 28 U.S.C. § 157(b).  Venue of these cases and the

Motion in this district is proper under 28 U.S.C. §§ 1408

and 1409.

2.     The statutory and legal predicate for the

relief requested herein is section 105 of title 11, United

States Code (the "Bankruptcy Code").

_____
*(cont'd from previous page)*
    Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263),
    Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
    LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
    for Circuit City Stores West Coast, Inc. is 9250 Sheridan
    Boulevard, Westminster, Colorado 80031.  For all other Debtors,
    the address was 9950 Mayland Drive, Richmond, Virginia 23233 and
    currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

## BACKGROUND

**A.   General Case Background.**

3.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

5.    On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  The going out of business sales concluded on or about March 8, 2009.

**B.   The Joint Plan Of Liquidation.**

6.    Following months of negotiations, on August 24, 2009, the Debtors and the Creditors' Committee filed the Joint Plan Of Liquidation Of Circuit City Stores, Inc.

3

And Its Affiliated Debtors And Debtors In Possession And

Its Official Committee Of Creditors Holding General

Unsecured Claims (Docket. No. 4614) (the "Initial Plan").

Thereafter, the Initial Plan was amended by the Joint Plan

(Docket No. 5124).  Generally, the Joint Plan provides for

the liquidation of the Debtors under chapter 11 of the

Bankruptcy Code and distribution of the proceeds from such

liquidation to the Debtors' creditors.

        7.    The associated disclosure statement (Docket.

No. 5103) (the "Disclosure Statement") was approved on

September 24, 2009.

        8.    After the Disclosure Statement was approved,

the Debtors and the Creditors' Committee continued to

negotiate issues related to the Joint Plan, including the

form of the liquidating trust agreement that was to be

filed in connection with a plan supplement.  As a result of

those negotiations, on November 5, 2009, the Debtors and

the Creditors' Committee filed a supplement to the Joint

Plan (the "Plan Supplement").  The Plan Supplement included,

among other documents, a draft of the liquidating trust

agreement (the "Trust Agreement").

        9.    At the time the Trust Agreement was filed,

the Debtors and the Creditors' Committee had not agreed to

4

the final terms thereof because, among other things, the

Creditors' Committee had not provided the Debtors with a

draft of the proposed liquidating trust oversight committee

bylaws (the "Bylaws").  Indeed, the Creditors' Committee

did not provide the Debtors with a draft of the Bylaws

until March 30, 2010 and only after repeated requests.

Since then, the Debtors and the Creditors' Committee have

continued to attempt to reach a global resolution

concerning the Joint Plan, the Trust Agreement, and the

Bylaws.

　　　　10.  To date, the Joint Plan has not been

confirmed.  A status conference with respect to

confirmation is scheduled for June 8, 2010.

**C.  The Creditors' Committee's Notice Of Filing Plan.**

　　　　11.  On June 1, 2010, the Creditors' Committee

filed its Notice of Filing (1) Plan of Liquidation Proposed

by the Official Committee of Creditors of Circuit City

Stores, Inc. and Its Affiliated Debtors and Debtors in

Possession; (2) Circuit City, Inc. Liquidating Trust

Agreement; and (3) Proposed Bylaws of the Oversight

Committee (Docket. No. 7678) (the "Notice").  The Notice

was accompanied by the Creditors' Committee's proposed plan

of liquidation (the "Committee's Plan"), a proposed

5

liquidating trust agreement (the "Committee's Liquidating

Trust Agreement") and proposed bylaws of the oversight

committee (the "Committee's Bylaws" and, together with the

Committee's Plan and Committee's Liquidating Trust

Agreement, the "Committee Plan Documents") along with

redline documents that show changes to the Joint Plan and

the last version of the Trust Agreement and Bylaws that the

Debtors transmitted to the Creditors' Committee.[2]

## RELIEF REQUESTED

12.    By this Motion, the Debtors seek entry of

an order directing the Creditors' Committee to participate

in mediation with the Debtors to attempt to consensually

resolve issues related to the Joint Plan, the Trust

Agreement, and the Bylaws.  The Debtors are willing to

participate in a mediation process with either this Court,

if this Court is so inclined, or a different Judge or other

disinterested third party.

## BASIS FOR RELIEF

13.    During the late Spring and throughout

summer of 2009, the Debtors and the Creditors' Committee

---

[2]   It is worth noting that the draft Trust Agreement and Bylaws sent by
the Debtors and to which the Creditors' Committee created redlines
were "discussion" drafts to assist with a possible resolution and
had not been formally proposed by the Debtors.

participated in extensive negotiations to determine whether

the parties could consensually proceed to confirmation

pursuant to a joint plan of liquidation.  As part of that

process, the Debtors and the Creditors' Committee

negotiated the terms of the Joint Plan.

14.    Although the Joint Plan included

compromises of many significant issues, the Joint Plan and

the issues compromised thereby were only one piece of a

larger settlement that the Debtors and the Creditors'

Committee were attempting to reach.  In fact, at the time

the Joint Plan was filed, the Debtors and the Creditors'

Committee had not negotiated the terms of the Trust

Agreement.

15.    After the Disclosure Statement was approved,

the Creditors' Committee provided the Debtors with a draft

of the Trust Agreement.  And, over the next several weeks,

the Debtors and the Creditors' Committee negotiated many,

but not all, of the terms of the Trust Agreement.  The

parties were unable to finalize the terms of the Trust

Agreement, however, because, in part, the Creditors'

Committee had indicated that certain issues would be

addressed in the Bylaws; at that time, the Creditors'

7

Committee had not yet provided the Debtors with a draft of

the Bylaws.

16.    Beginning in early November, 2009, and

continuing until late March, 2010, the Debtors repeatedly

requested a draft of the Bylaws from the Creditors'

Committee.  Finally, on March 30, 2010, the Creditors'

Committee provided the Debtors with a draft of Bylaws.

17.    Since then, the Debtors and the Creditors'

Committee have attempted to resolve the remaining issues

with respect to the Joint Plan, the Trust Agreement, and

the Bylaws.  Whenever the parties appeared to be at an

impasse, the Debtors offered mediation, but those offers

were rejected by the Creditors' Committee.  Ultimately, on

June 1, 2010, the Creditors' Committee advised the Debtors

that they would proceed separately and filed the Notice

attached to which are the Committee Plan Documents.

18.    As evidenced by the redlines of the Plan

Documents attached to the Notice, the parties had made

significant progress, but certain issues remain open with

respect to the Joint Plan, the Trust Agreement, and the

Bylaws.  Notwithstanding those differences, the Debtors

continue to believe that a consensual resolution is

possible, if a third party mediator becomes involved.  In

that regard, the Debtors maintain that Court ordered

mediation is in the best interests of the Debtors'

creditors and their estates because, among other things,

mediation (i)  might avoid the costs and litigation

associated with soliciting the Committee Plan, (ii) might

avoid the costs and litigation associated with any

competing plan that may be filed by the Debtors, (iii) will

require both parties to have a neutral third party hear the

parties' positions and attempt to get the parties to

resolve their differences, and (iv) might avoid undoing the

results of almost a year of negotiations between the

parties.

### APPLICABLE AUTHORITY

19.  Section 105 of the Bankruptcy Code provides

that "[t]he court may issue any order, process, or judgment

that is necessary or appropriate to carry out the

provisions of this title."  11 U.S.C. § 105.  Under Local

Bankruptcy Rule 9019-1 and General Order No. 92-1-2, this

Court has the authority to order mediation in the context

of contested matters, such as plan confirmation.  See Local

Bankruptcy Rule 9019-1 (providing that District Court Local

Rule 83.6, which governs mediation, is made applicable in

adversary proceedings); see also General Order No. 92-1-2,

9

§ 3.1, 3.3 (Bankr. E.D. Va. 1992) (noting that matter may

be assigned to mediation by the Court and recognizing that

such may take the form of an "adversary proceeding" or a

"contested matter.").  Here, an order directing the

Creditors' Committee to participate in mediation with the

Debtors is both necessary and appropriate given that it

could bring about an efficient resolution of the case and

preserve the estates' remaining assets.

      20.    Indeed, at least one court has ordered

mediation in the context of disputes regarding plan and

confirmation. See Steven R. Wirth and Joseph P. Mitchell, A

Uniform Structural Basis For Nationwide Authorization Of

Bankruptcy Court-Annexed Mediation, 6 Am Bankr. Inst. L.

Rev. 213, 218, n.41 (1998) (citing In re R.H. Macy & Co.,

173 B.R. 470, 471-72 (Bankr. S.D.N.Y. 1994) for the

proposition that, on its own motion, the court ordered a

mediation to attempt to quickly devise a consensual plan of

reorganization).

      21.    Moreover, there is a strong policy in favor

of resolving disputes in bankruptcy through mediation. See

Wirth, 6 Am Bankr. Inst. L. Rev. at 234 (recognizing that

"[t]he current docket logjam, amplified by the substantial

increase in trial costs, makes [bankruptcy] court-annexed

mediation an appetizing alternative to litigation."). And,
it is unlikely that the Creditors' Committee would suffer
any material prejudice by participating in a mediation
because any delay would likely be relatively short and
insignificant. See Wirth, 6 Am Bankr. Inst. L. Rev. at 219
("since mediation is not binding, it should be no problem
for a court to refer a matter to mediation when the court
determines that no prejudice will likely occur.").

22. Accordingly, the Debtors' submit that court
ordered mediation is necessary and appropriate in these
circumstances.

**NOTICE**

23. Notice of this Motion has been provided to
those parties entitled to notice under this Court's Order
Pursuant to Bankruptcy Code Sections 102 and 105,
Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules
2002-1 and 9013-1 Establishing Certain Notice, Case
Management, and Administrative Procedures (Docket No. 130).
The Debtors submit that, under the circumstances, no other
or further notice need be given.

**WAIVER OF MEMORANDUM OF LAW**

24. Pursuant to Local Bankruptcy Rule 9013-1(G),
and because there are no novel issues of law presented in

the Motion and all applicable authority is set forth in the

Motion, the Debtors request that the requirement that all

motions be accompanied by a separate memorandum of law be

waived.

### NO PRIOR REQUEST

25.  No previous request for the relief sought

herein has been made to this Court or any other court.

12

## CONCLUSION

WHEREFORE, the Debtors respectfully request that
the Court enter an Order, substantially in the form annexed
hereto, granting the relief requested in the Motion and
such other and further relief as may be just and proper.

Dated: Richmond, Virginia    SKADDEN, ARPS, SLATE, MEAGHER &
      June 2, 2010           FLOM, LLP
                                 Gregg M. Galardi, Esq.
                                 Ian S. Fredericks, Esq.
                                 P.O. Box 636
                                 Wilmington, Delaware 19899-0636
                                 (302) 651-3000

                                       - and -

                                 SKADDEN, ARPS, SLATE, MEAGHER &
                                 FLOM, LLP
                                 Chris L. Dickerson, Esq.
                                 155 North Wacker Drive
                                 Chicago, Illinois 60606
                                 (312) 407-0700

                                       - and -

                                 MCGUIREWOODS LLP

                                 /s/ Douglas M. Foley
                                 Douglas M. Foley (VSB No. 34364)
                                 Sarah B. Boehm (VSB No. 45201)
                                 One James Center
                                 901 E. Cary Street
                                 Richmond, Virginia 23219
                                 (804) 775-1000

                                 Counsel for Debtors and Debtors
                                 in Possession

14

**<u>Proposed Order</u>**

14

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
          Debtors.            :    Jointly Administered
- - - - - - - - - - - - - - - x
```

**ORDER GRANTING DEBTORS' MOTION FOR ORDER DIRECTING MEDIATION
WITH RESPECT TO FIRST AMENDED JOINT PLAN OF LIQUIDATION OF
CIRCUIT CITY STORES, INC. AND ITS AFFILIATED DEBTORS AND
DEBTORS IN POSSESSION AND ITS OFFICIAL COMMITTEE OF
CREDITORS HOLDING GENERAL UNSECURED CLAIMS**

Upon consideration of the Debtors' Motion for Order

Directing Mediation with Respect to First Amended Joint Plan

of Liquidation of Circuit City Stores, Inc. and its

Affiliated Debtors and Debtors in Possession and Its

Official Committee of Creditors Holding General Unsecured

Claims (the "Motion"); and the Court having reviewed the

Motion; and the Court having determined that the relief

requested in the Motion is in the best interests of the

Debtors, their estates, their creditors, and other parties

in interest; and it appearing that proper and adequate

notice of the Motion has been given and that no other or

further notice is necessary; and upon the record herein; and

after due deliberation thereon; and good and sufficient

cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.   The Motion is GRANTED.

2.   The Debtors and the Creditors' Committee are

directed to commence and complete mediation of any remaining

dispute relating to the Joint Plan within thirty (30) days

of the date of entry of this Order and be prepared to

discuss the results thereof at a status conference to be

held on July 12, 2010 at 2:00 p.m. (Eastern).

3.    This Court will retain jurisdiction with respect

to any dispute concerning the relief granted hereunder.

Dated:  Richmond, Virginia
          _____, 2010



_____
        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

     Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby
certify that the foregoing proposed order has been endorsed
by or served upon all necessary parties.

                              /s/ Douglas M. Foley


4