Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Douglas M. Foley (VSB No. 34364)  
Sarah B. Boehm (VSB No. 45201)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

- and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
155 North Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and  
Debtors in Possession  

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION  

- - - - - - - - - - - - - - - x  
In re:                        :    Chapter 11  
                              :  
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)  
et al.,                       :  
                              :  
            Debtors.          :    Jointly Administered  
- - - - - - - - - - - - - - - x  

**DEBTORS' MOTION FOR ORDER SHORTENING NOTICE PERIOD**  
**AND LIMITING NOTICE OF DEBTORS' MOTION FOR ORDER DIRECTING**  
**MEDIATION WITH RESPECT TO FIRST AMENDED JOINT PLAN OF**  
**LIQUIDATION OF CIRCUIT CITY STORES, INC. AND ITS AFFILIATED**  
**DEBTORS AND DEBTORS IN POSSESSION AND ITS OFFICIAL COMMITTEE**  
**OF CREDITORS HOLDING GENERAL UNSECURED CLAIMS**

The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby move this Court (the "Motion to Shorten and Limit Notice") for an order under section 102 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 9006 and 9007 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") approving shortened and limited notice for the Debtors' Motion for Order Directing Mediation with Respect to First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims (the "Motion").  In support of the Motion to Shorten and Limit Notice, the Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1.   This Court has jurisdiction to consider this Motion to Shorten and Limit Notice under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. §

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, INC. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

157(b).  Venue of these cases and this Motion to Shorten and Limit Notice in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code section 102 and Bankruptcy Rules 2002, 9006 and 9007.

### BACKGROUND

**A. General Case Background.**

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

5. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors'

remaining stores.  The going out of business sales concluded on or about March 8, 2009.

**B.  The Joint Plan of Liquidation.**

6.   Following months of negotiations, on August 24, 2009, the Debtors and the Creditors' Committee filed the Joint Plan Of Liquidation Of Circuit City Stores, Inc. And Its Affiliated Debtors And Debtors In Possession And Its Official Committee Of Creditors Holding General Unsecured Claims (Docket. No. 4614) (the "Initial Plan").  Thereafter, the Initial Plan was amended by the Joint Plan (Docket No. 5124).  Generally, the Joint Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code and distribution of the proceeds from such liquidation to the Debtors' creditors.

7.   The associated disclosure statement (Docket. No. 5103) (the "Disclosure Statement") was approved on September 24, 2009.

8.   After the Disclosure Statement was approved, the Debtors and the Creditors' Committee continued to negotiate issues related to the Joint Plan, including the form of the liquidating trust agreement that was to be filed in connection with a plan supplement.  As a result of those negotiations, on November 5, 2009, the Debtors and the

Creditors' Committee filed a supplement to the Joint Plan (the "Plan Supplement"). The Plan Supplement included, among other documents, a draft of the liquidating trust agreement (the "Trust Agreement").

      9. At the time the Trust Agreement was filed, the Debtors and the Creditors' Committee had not agreed to the final terms thereof because, among other things, the Creditors' Committee had not provided the Debtors with a draft of the proposed liquidating trust oversight committee bylaws (the "Bylaws"). Indeed, the Creditors' Committee did not provide the Debtors with a draft of the Bylaws until March 30, 2010 and only after repeated requests. Since then, the Debtors and the Creditors' Committee have continued to attempt to reach a global resolution concerning the Joint Plan, the Trust Agreement, and the Bylaws.

      10. To date, the Joint Plan has not been confirmed. A status conference with respect to confirmation is scheduled for June 8, 2010.

**C. The Creditors' Committee's Notice of Filing Plan.**

      11. On June 1, 2010, the Creditors' Committee filed its Notice of Filing (1) Plan of Liquidation Proposed by the Official Committee of Creditors of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in

Possession; (2) Circuit City, Inc. Liquidating Trust Agreement; and (3) Proposed Bylaws of the Oversight Committee (Docket. No. 7678) (the "Notice"). The Notice was accompanied by the Creditors' Committee's proposed plan of liquidation (the "Committee's Plan"), a proposed liquidating trust agreement (the "Committee's Liquidating Trust Agreement") and proposed bylaws of the oversight committee (the "Committee's Bylaws" and, together with the Committee's Plan and Committee's Liquidating Trust Agreement, the "Committee Plan Documents") along with redline documents that show changes to the Joint Plan and the last version of the Trust Agreement and Bylaws that the Debtors transmitted to the Creditors' Committee.[2]

**RELIEF REQUESTED**

12.   By this Motion to Shorten and Limit Notice, the Debtors request entry of an order shortening the notice period and limiting notice of the Motion so that it can be heard, considered and ruled upon by the Court at a previously scheduled omnibus hearing on June 8, 2010.

---

[2] It is worth noting that the draft Trust Agreement and Bylaws sent by the Debtors and to which the Creditors' Committee created redlines were "discussion" drafts to assist with a possible resolution and had not been formally proposed by the Debtors.

**BASIS FOR RELIEF**

13.  Concurrently herewith, the Debtors filed the Motion.  The Motion seeks an order directing the Creditors' Committee to participate in mediation with the Debtors to attempt to consensually resolve issues related to the Joint Plan, the Trust Agreement, and the Bylaws.

14.  The Debtors believe it is in the best interest of the Debtors' estates, their creditors, and other parties in interest for the Motion to be heard at the hearing on June 8, 2010 at 10:00 a.m. (Eastern) because confirmation of the Joint Plan is set for a status hearing at the June 8, 2010 omnibus hearing and the Debtors believe it will serve the best interests of the Debtors' estates, their creditors, and other parties in interest to have the Motion heard at the same time as the status hearing on the Joint Plan.  Additionally, the Debtors and the Creditors' Committee have been in discussions on the issues sought be mediated since the Fall 2009, so a June 8, 2010 hearing on the Motion will not prejudice the Debtors or the Creditors' Committee.

15.  Notice of this Motion to Shorten and Limit Notice is being provided to parties-in-interest in accordance with the Court's Supplemental Order Pursuant to

Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (Docket No. 6208) (the "Case Management Order").  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

### WAIVER OF MEMORANDUM OF LAW

16.  Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion to Shorten and Limit Notice and all applicable authority is set forth in the Motion to Shorten and Limit Notice, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

### NO PRIOR REQUEST

17.  No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court (i) enter an Order, substantially in the form annexed hereto, granting the relief requested herein, and (ii) such other and further relief as may be just and proper.

Dated: June 2, 2010  
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
P.O. Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
Chris L. Dickerson, Esq.  
155 North Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700

– and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley                .  
Douglas M. Foley (VSB No. 34364)  
Sarah B. Boehm (VSB No. 45201)  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000

Counsel for Debtors and Debtors in Possession

**[Proposed Order]**

| | |
|---|---|
| Gregg M. Galardi, Esq. | Douglas M. Foley (VSB No. 34364) |
| Ian S. Fredericks, Esq. | Sarah B. Boehm (VSB No. 45201) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al., | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | Jointly Administered |

- - - - - - - - - - - - - - - x

**ORDER GRANTING DEBTORS' MOTION FOR ORDER SHORTENING NOTICE
PERIOD AND LIMITING NOTICE OF DEBTORS' MOTION FOR ORDER
DIRECTING MEDIATION WITH RESPECT TO FIRST AMENDED JOINT PLAN
OF LIQUIDATION OF CIRCUIT CITY STORES, INC. AND ITS
AFFILIATED DEBTORS AND DEBTORS IN POSSESSION AND ITS
OFFICIAL COMMITTEE OF CREDITORS HOLDING GENERAL UNSECURED
CLAIMS**

Upon consideration of the Debtors' Motion for Order

Shortening Notice Period and Limiting Notice (the "Motion to

Shorten and Limit Notice") of Debtors' Motion for Order

Directing Mediation with Respect to First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims (the "Motion"); and the Court having reviewed the Motion to Shorten and Limit Notice; and the Court having determined that the relief requested in the Motion to Shorten and Limit Notice is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion to Shorten and Limit Notice has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion to Shorten and Limit Notice is GRANTED.

2. Notice of the Motion is shortened so that it may be heard, considered and ruled upon by the Court at a hearing on June 8, 2010 at 10:00 a.m. (Eastern).

3. Notice of the Motion is limited to the parties as set forth in the Motion to Shorten and Limit Notice.

4. This Court will retain jurisdiction with respect to any dispute concerning the relief granted hereunder.

Dated: Richmond, Virginia
_____, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                        /s/ Douglas M. Foley