Gregg M. Galardi, Esq.                Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.               Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                         RICHMOND DIVISION

- - - - - - - - - - - - - - x
                           :
In re:                     :   Chapter 11
                           :
CIRCUIT CITY STORES, INC., :   Case No. 08-35653
et al.,                    :
                           :
              Debtors.     :   Jointly Administered
- - - - - - - - - - - - - - x

        **MOTION OF THE DEBTORS PURSUANT TO 11 U.S.C. § 105
         AND LOCAL BANKRUPTCY RULE 9013-1(M) FOR AN ORDER
                   SETTING AN EXPEDITED HEARING**

     The debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors")[1] hereby move

_____

[1] The Debtors are the following entities: The Debtors and the last four
    digits of their respective taxpayer identification numbers are as
    follows: Circuit City Stores, Inc. (3875), Circuit City Stores West
    Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc.
    (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC

                                                              *(cont'd)*

the Court (the "Motion to Expedite") for the entry of an

order, pursuant to 11 U.S.C. § 105 and Rule 9013-1(M) and (N)

of the Local Bankruptcy Rules for the United States

Bankruptcy Court for the Eastern District of Virginia (the

"Local Bankruptcy Rules"), setting an expedited hearing for

June 8, 2010 at 10:00 a.m. (Eastern) on Debtors' Motion for

Order Directing Mediation with Respect to First Amended

Joint Plan of Liquidation of Circuit City Stores, Inc. and

its Affiliated Debtors and Debtors in Possession and Its

Official Committee of Creditors Holding General Unsecured

Claims (the "Motion") and Debtors' Motion for Order

Shortening Notice and Limiting Notice of the Motion (the

"Motion to Shorten and Limit Notice" and collectively with

the Motion, the "Motions").  In further support of the Motion

to Expedite, the Debtors respectfully represent:

### JURISDICTION AND VENUE

1.    The Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core

_____

*(cont'd from previous page)*
  (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City
  Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
  Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky
  Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland
  MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360),
  and Circuit City Stores PR, LLC (5512).  The address for the Debtors
  is 4951 Lake Brook Drive, Suite #500, Glen Allen, Virginia 23060.

proceeding within the meaning of 28 U.S.C. § 157(b)(2).

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory bases for the relief requested

herein are section 105(a) of the Bankruptcy Code, 11 U.S.C.

§§ 101-1532 (the "Bankruptcy Code"), and Local Bankruptcy

Rule 9013-1(M) and (N).

**BACKGROUND**

**A.   General Case Background.**

3.     On November 10, 2008 (the "Petition Date"), the

Debtors filed voluntary petitions in this Court for relief

under chapter 11 of the Bankruptcy Code.

4.     On November 12, 2008, the Office of the United

States Trustee for the Eastern District of Virginia

appointed a statutory committee of unsecured creditors (the

"Creditors' Committee").  To date, no trustee or examiner

has been appointed in these chapter 11 cases.

5.     On January 16, 2009, the Court authorized the

Debtors, among other things, to conduct going out of

business sales at the Debtors' remaining 567 stores pursuant

to an agency agreement (the "Agency Agreement") between the

Debtors and a joint venture, as agent (the "Agent").  On

January 17, 2009, the Agent commenced going out of business

sales pursuant to the Agency Agreement at the Debtors'

2

remaining stores.  The going out of business sales concluded on or about March 8, 2009.

**B.  The Joint Plan of Liquidation.**

6.    Following months of negotiations, on August 24, 2009, the Debtors and the Creditors' Committee filed the Joint Plan Of Liquidation Of Circuit City Stores, Inc. And Its Affiliated Debtors And Debtors In Possession And Its Official Committee Of Creditors Holding General Unsecured Claims (Docket. No. 4614) (the "Initial Plan").  Thereafter, the Initial Plan was amended by the Joint Plan (Docket No. 5124).  Generally, the Joint Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code and distribution of the proceeds from such liquidation to the Debtors' creditors.

7.    The associated disclosure statement (Docket. No. 5103) (the "Disclosure Statement") was approved on September 24, 2009.

8.    After the Disclosure Statement was approved, the Debtors and the Creditors' Committee continued to negotiate issues related to the Joint Plan, including the form of the liquidating trust agreement that was to be filed in connection with a plan supplement.  As a result of those negotiations, on November 5, 2009, the Debtors and the

Creditors' Committee filed a supplement to the Joint Plan (the "Plan Supplement"). The Plan Supplement included, among other documents, a draft of the liquidating trust agreement (the "Trust Agreement").

9.    At the time the Trust Agreement was filed, the Debtors and the Creditors' Committee had not agreed to the final terms thereof because, among other things, the Creditors' Committee had not provided the Debtors with a draft of the proposed liquidating trust oversight committee bylaws (the "Bylaws"). Indeed, the Creditors' Committee did not provide the Debtors with a draft of the Bylaws until March 30, 2010 and only after repeated requests. Since then, the Debtors and the Creditors' Committee have continued to attempt to reach a global resolution concerning the Joint Plan, the Trust Agreement, and the Bylaws.

10.   To date, the Joint Plan has not been confirmed. A status conference with respect to confirmation is scheduled for June 8, 2010.

**C. The Creditors' Committee's Notice of Filing Plan.**

11.   On June 1, 2010, the Creditors' Committee filed its Notice of Filing (1) Plan of Liquidation Proposed by the Official Committee of Creditors of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession; (2)

4

Circuit City, Inc. Liquidating Trust Agreement; and (3)
Proposed Bylaws of the Oversight Committee (Docket. No. 7678)
(the "Notice").  The Notice was accompanied by the
Creditors' Committee's proposed plan of liquidation (the
"Committee's Plan"), a proposed liquidating trust agreement
(the "Committee's Liquidating Trust Agreement") and proposed
bylaws of the oversight committee (the "Committee's Bylaws"
and, together with the Committee's Plan and Committee's
Liquidating Trust Agreement, the "Committee Plan Documents")
along with redline documents that show changes to the Joint
Plan and the last version of the Trust Agreement and Bylaws
that the Debtors transmitted to the Creditors' Committee. [2]

### RELIEF REQUESTED

12.  On June 2, 2010, the Debtors filed the Motions.
By this Motion to Expedite, the Debtors seek this Court's
entry of an order (i) setting an expedited hearing on the
Motions for the scheduled omnibus hearing on Tuesday, June 8,
2010 at 10:00 a.m. (Eastern) (the "Expedited Hearing") and
(ii) establishing Monday, June 7, 2010 at 5:00 p.m. (Eastern)
as the objection deadline for the Motions.

_____

[2]  It is worth noting that the draft Trust Agreement and Bylaws sent by
the Debtors and to which the Creditors' Committee created redlines
were "discussion" drafts to assist with a possible resolution and had
not been formally proposed by the Debtors.

### BASIS FOR RELIEF

13.   The Motion seeks the Debtors seek entry of an order directing the Creditors' Committee to participate in mediation with the Debtors to attempt to consensually resolve issues related to the Joint Plan, the Trust Agreement, and the Bylaws.

14.   The Debtors believe it is in the best interest of the Debtors' estates, their creditors, and other parties in interest for the Motions to be heard at the hearing on June 8, 2010 at 10:00 a.m. (Eastern) because confirmation of the Joint Plan is set for a status hearing at the June 8, 2010 omnibus hearing and the Debtors believe it will serve the best interests of the Debtors' estates, their creditors, and other parties in interest to have the Motions heard at the same time as the status hearing on the Joint Plan. Additionally, the Debtors and the Creditors' Committee have been in discussions on the issues sought be mediated since the Fall 2009, so a June 8, 2010 hearing on the Motions will not prejudice the Debtors or the Creditors' Committee.

15.   Local Bankruptcy Rule 9013-1 allows the setting of a hearing on an expedited basis as requested herein. Attached hereto as Exhibit B is the certification required under Local Rule 9013-1(N).

6

16.   Additionally, section 105(a) of the Bankruptcy Code provides this Court with the power to set expedited hearings.  Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

## NOTICE

17.   Notice of this Motion to Expedite is being provided to parties-in-interest in accordance with the Court's Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (Docket No. 6208) (the "Case Management Order"). In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## WAIVER OF MEMORANDUM OF LAW

18.   Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion to Expedite and all applicable authority is set forth in the Motion to Expedite, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

**NO PRIOR REQUEST**

19.   No previous request for the relief sought herein

has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as Exhibit A, granting the relief requested in the Motion to Expedite and such other and further relief as may be just and proper.

```
Dated: June 2, 2010          SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia    FLOM, LLP
                             Gregg M. Galardi, Esq.
                             Ian S. Fredericks, Esq.
                             P.O. Box 636
                             Wilmington, Delaware 19899-0636
                             (302) 651-3000

                                  - and -

                             SKADDEN, ARPS, SLATE, MEAGHER &
                             FLOM, LLP
                             Chris L. Dickerson, Esq.
                             155 North Wacker Drive
                             Chicago, Illinois 60606
                             (312) 407-0700

                                  - and -

                             MCGUIREWOODS LLP

                             /s/ Douglas M. Foley      .
                             Douglas M. Foley (VSB No. 34364)
                             Sarah B. Boehm (VSB No. 45201)
                             One James Center
                             901 E. Cary Street
                             Richmond, Virginia 23219
                             (804) 775-1000

                             Counsel for Debtors and Debtors
                             in Possession
```

**EXHIBIT A**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653
et al.,                       :
                              :
            Debtors.          :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER SETTING AN EXPEDITED HEARING**

Upon the motion (the "Motion to Expedite")[1] of the

Debtors for an order, pursuant to Bankruptcy Code

section 105 and Rule 9013-1(M) and (N) of the Local

_____

[1] Capitalized terms not otherwise defined herein shall have the
meanings ascribed to such terms in the Motion to Expedite.

Bankruptcy Rules for the United States Bankruptcy Court

for the Eastern District of Virginia (the "Local

Bankruptcy Rules"), requesting an expedited hearing on

the Motions; and the Court having reviewed the Motion to

Expedite and the Motions; and the Court having

determined that the relief requested in the Motion to

Expedite is in the best interests of the Debtors, their

estates, their creditors, and other parties in interest;

and it appearing that proper and adequate notice of the

Motion to Expedite has been given and that no other or

further notice is necessary; and upon the record herein;

and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.    The Motion to Expedite is GRANTED.

2.    A hearing will be held on June 8, 2010 at

10:00 a.m., prevailing Eastern Time, to hear and

consider the Motion and the Motion to Shorten and Limit

Notice.

3.    The deadline to object to the Motion and

the Motion to Shorten and Limit Notice is June 7, 2010

at 5:00 p.m., prevailing Eastern Time.

4.    Adequate notice of the relief sought in the Motion to Expedite has been given and no further notice is required.

5.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  Richmond, Virginia

_____, 2010


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                    /s/ Douglas M. Foley
                    Douglas M. Foley

**EXHIBIT B**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - x
                          :
In re:                    :   Chapter 11
                          :
CIRCUIT CITY STORES, INC.,:   Case No. 08-35653
et al.,                   :
                          :
            Debtors.      :   Jointly Administered
- - - - - - - - - - - - - X
```

**CERTIFICATION FOR EXPEDITED HEARING**

The above-captioned debtors (collectively, the
"Debtors") contemporaneously herewith are filing, the
Motion of the Debtors, Pursuant to 11 U.S.C. § 105 and
Local Bankruptcy Rule 9013-1(M), for an Order Setting an

1

Expedited Hearing (the "Motion to Expedite").[1]  In support thereof, and as required by Rule 9013-1(N) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia, the undersigned counsel for the Debtors certify as follows:

1.   I am a member of the Bar of this Court, and I have carefully examined these matters and concluded that there is a true need for an expedited hearing.

2.   The necessity for this expedited hearing has not been caused by any lack of due diligence on my part, but has been brought about only by the circumstances of the Debtors' chapter 11 cases.

3.   Based upon the nature of the matters and the relief requested in the Motion to Expedite, no *bona fide* effort to resolve these matters without a hearing is possible.

/s/ Douglas M. Foley
Douglas M. Foley

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Expedite.

2