Gregg M. Galardi, Esq.              Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.             Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                             :
In re:                       :    Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :    Case No. 08-35653 (KRH)
et al.,                      :
                             :
              Debtors.       :    Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE
SECTION 554 AUTHORIZING ABANDONMENT OF CERTAIN REAL
PROPERTY**

The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby move (the "Motion") for entry of

an order, pursuant to section 554 of title 11 of the

United States Code (the "Bankruptcy Code") authorizing

the Debtors to abandon certain real property located in

Marion, Illinois and any improvements to or personal

property on the same (the "Property").  In support of

the Motion, the Debtors respectfully represent:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider

this Motion under 28 U.S.C. §§ 157 and 1334.  This is a

core proceeding under 28 U.S.C. § 157(b).  Venue of

these cases and this Motion in this district is proper

under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicate for the relief

requested herein is Bankruptcy Code section 554.

---

[1]   The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
for Circuit City Stores West Coast, Inc. is 9250 Sheridan
Boulevard, Westminster, Colorado 80031.  The address for the
Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA
23060.

**BACKGROUND**

3.     On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4.     The Debtors continue as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.     On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

6.     On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going-out-of-business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  The going-

out-of-business sales were concluded on or about March 8, 2009.

7.   On September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan").  The associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009.  Confirmation of the Plan has been adjourned from the hearing on June 8, 2010 to a date to be determined.

8.   Generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code.

## RELIEF REQUESTED

9.   By this Motion, the Debtors request the entry of an order under Bankruptcy Code section 554 authorizing the Debtors to abandon the Property.

## BASIS FOR RELIEF

10.   The Property was an adjacent parcel to a former distribution center.  The Debtors have no

operations on the Property and have no other productive use for the Property.  However, the Debtors may be obligated to incur various costs related to the Property. Thus, by abandoning the Property at this time, the Debtors will avoid potentially incurring unnecessary administrative charges for a parcel of land that provides no tangible benefit to the Debtors' estates.

11.  Moreover, since at or about the time the going-out-of-business sales were commenced, the Debtors, along with their real estate advisor, DJM Realty, LLC ("DJM"), have been marketing the Property.  There have been no offers for the Property and DJM does not believe any offers will be forthcoming.

12.  Because the Property provides no value to the Debtors' estates and because there remains no viable possibility other than abandonment of the Property, the Debtors, in the exercise of the their sound business judgment, hereby move to abandon the Property.  The Debtors believe that such abandonment is in the best interests of their estates, their creditors, and other parties in interest.

## APPLICABLE AUTHORITY

**I.   THE BANKRUPTCY CODE AUTHORIZES THE ABANDONMENT OF
THE PROPERTY.**

13.   Bankruptcy Code section 554(a) provides
that "[a]fter notice and a hearing, the trustee may
abandon any property of the estate that is burdensome to
the estate or that is of inconsequential value and
benefit to the estate."  11 U.S.C. § 554(a).  Courts
give debtors in possession great deference to their
decisions to abandon under section 554.  See In re Vel
Rey Props., Inc., 174 B.R. 859, 867 (Bankr. D.D.C. 1994)
("Clearly, the court should give deference to the
trustee's judgment in such matters.").  Unless the
property is harmful to the public, once the debtors in
possession have shown that the property is burdensome or
of inconsequential value and benefit, the court should
approve the abandonment.  Id. at 868.

14.   The Debtors believe that the various
costs related to the Property far outweigh any benefit
to their estates.  Moreover, the Debtors, in
consultation with DJM, have determined that there is no

possibility of selling the Property.  Therefore, it is
in the Debtors' best interests to abandon the Property.

15.   Numerous courts, including this Court in
these chapter 11 proceedings, have authorized similar
relief.  See, e.g., In re Circuit City Stores, Inc.,
Case No. 08-35653 (KRH)(Bankr. E.D. Va. Apr. 3. 2009)
(D.I. 2915); see also In re Movie Gallery, Inc., et al.,
Case No. 07-33849 (Bankr. E.D. Va. Oct. 17, 2007); In re
The Rowe Cos., Case No. 06-11142 (Bankr. E.D. Va. Nov.
21, 2006).

## NOTICE

16.   Notice of this Motion has been provided
to those parties entitled to notice under the
Supplemental Order Pursuant to Bankruptcy Code Sections
102 and 105, Bankruptcy Rules 2002 and 9007, and Local
Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain
Notice, Case Management and Administrative Procedures
(D.I. 6208; the "Case Management Order"), as well as all
federal, state, and local regulatory or taxing
authorities or recording offices that have a reasonably
known interest in the relief requested by the Motion.

## WAIVER OF MEMORANDUM OF LAW

17.   Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

## NO PRIOR REQUEST

18.   No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

```
Dated: June 7, 2010        SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia  FLOM, LLP
                           Gregg M. Galardi, Esq.
                           Ian S. Fredericks, Esq.
                           P.O. Box 636
                           Wilmington, Delaware 19899-0636
                           (302) 651-3000

                                    - and -

                           SKADDEN, ARPS, SLATE, MEAGHER &
                           FLOM, LLP
                           Chris L. Dickerson, Esq.
                           155 North Wacker Drive
                           Chicago, Illinois 60606
                           (312) 407-0700

                                    - and -

                           MCGUIREWOODS LLP


                           /s/ Douglas M. Foley          _
                           Douglas M. Foley (VSB No. 34364)
                           Sarah B. Boehm (VSB No. 45201)
                           One James Center
                           901 E. Cary Street
                           Richmond, Virginia 23219
                           (804) 775-1000

                           Counsel for Debtors and
                           Debtors in Possession
```

# **Proposed Order**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :    Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :    Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :    Jointly Administered
- - - - - - - - - - - - - - x

        **ORDER PURSUANT TO BANKRUPTCY CODE SECTION 554**
        **AUTHORIZING ABANDONMENT OF CERTAIN REAL PROPERTY**

            Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, under Bankruptcy Code section

554, authorizing the Debtors to abandon certain real

_____

[1]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to such terms in the Motion.

property located in Marion, Illinois and any

improvements to or personal property on the same (the

"Property"); and the Court having reviewed the Motion;

and the Court having determined that the relief

requested in the Motion is in the best interests of the

Debtors, their estates, their creditors, and other

parties in interest; and it appearing that proper and

adequate notice of the Motion has been given and that no

other or further notice is necessary; and upon the

record herein; and after due deliberation thereon; and

good and sufficient cause appearing therefor, it is

hereby

              **ORDERED, ADJUDGED, AND DECREED that:**

      1.    The Motion as set forth herein is

GRANTED.

      2.    Pursuant to Bankruptcy Code section 554,

the Debtors are authorized to abandon the Property.

3.    The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

4.    The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:  Richmond, Virginia
        _____, 2009


        _____
        UNITED STATES BANKRUPTCY JUDGE


WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)

MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

    /s/ Douglas M. Foley