Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Douglas M. Foley (VSB No. 34364)  
Sarah B. Boehm (VSB No. 45201)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

- and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
155 North Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and  
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                          :   Chapter 11
                                :
Circuit City Stores, Inc.,      :   Case No. 08-35653(KRH)
et al.,                         :
                                :
            Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363(B), AND 503 AUTHORIZING AND DIRECTING PAYMENT OF ADMINISTRATIVE CLAIMS PRIOR TO CONFIRMATION ANY PLAN OF LIQUIDATION PROPOSED IN THESE BANKRUPTCY CASES**

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors")[1] hereby move (the "Motion") this Court for

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc.
*(cont'd)*

entry of an order authorizing and directing the Debtors to pay allowed administrative claims prior to confirmation of any plan of liquidation proposed in these bankruptcy cases.  In support of the Motion, the Debtors respectfully submit as follows:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these chapter 11 cases and the Motion in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein include sections 105, 363(b) and 503 of title 11, United States Code (the "Bankruptcy Code").

---

*(cont'd from previous page)*
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

2

**BACKGROUND**

**A.    General Case Background.**

2.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

4.    On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  The going out of business sales concluded on or about March 8, 2009.

**B.    The Plans of Liquidation.**

5.    On September 24, 2009, the Debtors and the Creditors' Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (as amended, the "Joint Plan").  The disclosure statement (the "Disclosure Statement") filed with respect to the Joint Plan was approved on September 24, 2009.

6.    Generally, the Joint Plan provides for the liquidation of the Debtors' remaining assets and distributions to creditors through a liquidating trust.  In addition, the Plans provide for payment in full of allowed administrative claims.

7.    On June 1, 2010, the Creditors' Committee filed the Plan of Liquidation Proposed by the Official Committee of Creditors of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession (the "Committee Plan," and, collectively with the Joint Plan, the "Plans").  Generally, the Committee Plan provides for the liquidation of the Debtors' remaining assets and distributions to creditors through a liquidating trust.

8. No confirmation hearing has been held with respect to the Joint Plan or Committee Plan, and neither plan has been confirmed.

**RELIEF REQUESTED**

9. By this Motion, the Debtors, as part of an agreement with the Creditors' Committee, seek entry of an order authorizing and directing the Debtors, prior to confirmation of any plan of liquidation proposed in these bankruptcy cases, to (i) pay, as soon as practicable, any administrative claim arising under Bankruptcy Code section 503(b) that has been previously ordered or deemed allowed in these bankruptcy cases, including (but not limited) to administrative claims that have been allowed pursuant to prior court order that provide for payment of such administrative claims on the effective date of a plan and (ii) pay any subsequently allowed administrative claims as soon as practicable after such claims are allowed. The Debtors further request that the Order approving this Motion provide that to the extent required, any prior order of this Court or settlement agreement shall be deemed modified to permit payment as requested pursuant to this Motion.

5

**BASIS FOR RELIEF**

10. As a result of their liquidation and collection efforts, the Debtors' are currently holding approximately $450 million in cash. And, currently, approximately 1600 administrative claims remain against the Debtors' estates, totaling approximately $285 million. Of that amount, approximately 25 administrative claims have been allowed, totaling approximately $25 million.

11. The Debtors seek to exercise their business judgment in paying allowed administrative claims prior to confirmation of any plan of liquidation because (i) the Debtors have adequate cash to pay the face amount of all remaining administrative claims, (ii) the Debtors reached an agreement with the Creditors' Committee to pay any allowed administrative claims, regardless whether the administrative creditor and the Debtors previously agreed to some other treatment, and (iii) early payment of administrative claims will not disturb the orderly and equal distribution of the Debtors' assets to creditors because the Debtors are, and should remain, administratively solvent throughout these bankruptcy cases.

**APPLICABLE AUTHORITY**

I.  **PAYMENT OF ALLOWED ADMINISTRATIVE EXPENSES PRIOR TO CONFIRMATION IS AN EXERCISE OF THE DEBTORS' SOUND BUSINESS JUDGMENT.**

12.  Bankruptcy Code section 363(b) provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Under Bankruptcy Code section 363, this Court may approve a debtor's request for relief when the debtor demonstrates a sound business justification for seeking such relief.  In re WBQ P'ship, 189 B.R. 97, 102 (Bankr. E.D. Va. 1995)(citing Stephens Indus., Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986)); see also In re W.A. Mallory Co., Inc., 214 B.R. 834, 836 (Bankr. E.D. Va. 1997).

13.  Once a debtor articulates a valid business justification for a particular form of relief, the Court reviews the debtor's request under the "business judgment rule."  The business judgment rule has vitality in chapter 11 cases and shields a debtor's management from judicial second-guessing.  In re Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van

7

Gorkom, 488 A.2d 858, 872 (Del. 1985)). The business judgment rule "'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" See id.

14. Here, the Debtors, in the exercise of their sound business judgment have determined that paying allowed administrative claims prior to confirmation of a plan of liquidation will benefit the Debtors, their estates, their creditors and other parties-in-interest. The Debtors reached this conclusion as part of an agreement with the Creditors' Committee because (i) the Debtors have adequate cash to pay the face amount of all remaining administrative claims and (ii) early payment of administrative claims will not disturb the orderly and equal distribution of the Debtors' assets to creditors because the Debtors are, and will remain, administratively solvent throughout these bankruptcy cases.

8

15. Accordingly, under Bankruptcy Code section 363, the Debtors should be authorized to pay allowed administrative claims outside of a confirmed plan.

**II. THIS COURT HAS DISCRETION TO AUTHORIZE IMMEDIATE PAYMENT OF ALLOWED ADMINISTRATIVE CLAIMS.**

16. Bankruptcy Code section 1129(a)(9)(A) requires that a confirmed plan must provide that, "on the effective date of the plan[,]" a "holder of [an administrative] claim will receive on account of such claim cash equal to the allowed amount os such claim. 11 U.S.C. 1129(a)(9)(A). The Bankruptcy Code, however, "does not address the question of when a claim for administrative is to be paid." In re HQ Global Holdings, Inc., 282 B.R. 169, 171 (Bankr. D. Del. 2002). Rather, payment of administrative is "governed by the rule that applies to all administrative claims asserted under § 503(b), that is, that 'the time of payment . . . is within the discretion of the bankruptcy court.'" In re Midway Airlines Corp., 406 F.3d 229, 242 (4th Cir. 1995) (citation omitted); see also In re Colortex Industries, Inc., 19 F.3d 1371, 1384 (11th Cir. 1994) (same). Thus, while "administrative[s] under § 503(b) must be paid in

9

cash on the effective date of the plan in a chapter 11 proceeding . . . bankruptcy courts have wide latitude in deciding whether to order payment prior to [this] deadline[]."  Midway, 406 F.3d at 242.

17.  In determining when to pay administrative claims, courts consider several factors.  "[O]ne of the chief factors courts consider is bankruptcy's goal of an orderly and equal distribution among creditors and the need to prevent a race to the debtor's assets."  HQ Global Holdings, 282 B.R. at 171 (citations omitted). Additional factors include "the particular needs of each administrative claimant and the length and expense of the case's administration."  Id. (citations omitted). Distributions prior to confirmation may be disallowed when the estate may not be able to pay all administrative claims in full.  Id. (citation omitted).

18.  Here, these factors favor payment of administrative claims.  The Debtors determined to file this motion based on an agreement with the Creditors' Committee.  As part of that agreement, the Debtors determined that immediate payment of allowed administrative will benefit the estates and parties-in-

interest in light of the uncertainty regarding a confirmation date.  Moreover, the goal of an orderly and equitable distribution among creditors, and the need to prevent a race to the Debtors' assets, will not be disrupted by the immediate payment of allowed administrative claims.  Indeed, the Debtors are, and should remain, administratively solvent throughout the bankruptcy cases.  Finally, immediate payment of allowed administrative claims will not prejudice any party.  Thus, the Debtors submit that there is ample support for the payment of allowed administrative claims at this time.

19.  Accordingly, the Debtors respectfully request that this Court enter an order authorizing and directing the Debtors, prior to confirmation of any plan of liquidation, to (i) pay, as soon as practicable, any administrative claim arising under Bankruptcy Code section 503(b) that has been previously ordered or deemed allowed in these bankruptcy cases, and (ii) pay any subsequently allowed administrative claims as soon as practicable after such claims are allowed.

**CONCLUSION**

WHEREFORE, Debtors respectfully request that the Court enter an order granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: June 8, 2010
      Richmond, Virginia

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
    Gregg M. Galardi, Esq.
    Ian S. Fredericks, Esq.
    P.O. Box 636
    Wilmington, Delaware 19899-0636
    (302) 651-3000

    - and -

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
    Chris L. Dickerson, Esq.
    155 North Wacker Drive
    Chicago, Illinois 60606
    (312) 407-0700

    - and -

    MCGUIREWOODS LLP

    /s/ Douglas M. Foley
    Douglas M. Foley (VSB No. 34364)
    Sarah B. Boehm (VSB No. 45201)
    One James Center
    901 E. Cary Street
    Richmond, Virginia 23219
    (804) 775-1000

    Counsel for Debtors and Debtors in Possession

```
Gregg M. Galardi, Esq.               Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.              Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &      MCGUIREWOODS LLP
FLOM, LLP                            One James Center
One Rodney Square                    901 E. Cary Street
PO Box 636                           Richmond, Virginia 23219
Wilmington, Delaware 19899-0636      (804) 775-1000
(302) 651-3000

         - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700


Counsel to the Debtors and
Debtors in Possession
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - -x
In re:                          :    Chapter 11
                                :
Circuit City Stores, Inc.,      :    Case No. 08-35653(KRH)
et al.,                         :
                                :
              Debtors.          :    Jointly Administered
- - - - - - - - - - - - - - - -x
```

**ORDER GRANTING DEBTORS' MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363(B), AND 503 AUTHORIZING AND DIRECTING PAYMENT OF ADMINISTRATIVE CLAIMS PRIOR TO CONFIRMATION ANY PLAN OF LIQUIDATION PROPOSED IN THESE BANKRUPTCY CASES**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order, under Bankruptcy Code sections 105,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

363(b), and 503, authorizing and directing the Debtors to pay administrative claims prior to the effective and confirmation date of any plan of liquidation proposed in these bankruptcy cases; and the Court having reviewed the Motion; and the Court having found that the Debtors have articulated sound business reasons for the payment of allowed administrative claims outside of a plan; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other and further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED.

2. The Debtors are authorized and directed prior to confirmation of any plan of liquidation proposed in these bankruptcy cases, to (i) pay, as soon as practicable, any administrative claim arising under Bankruptcy Code section 503(b) that has been previously

2

ordered or deemed allowed in these bankruptcy cases, including but not limited to administrative claims that have been allowed pursuant to prior court order that provide for payment of such administrative claims on the effective date of a plan, and (ii) pay any subsequently allowed administrative claims as soon as practicable after such claims are allowed.  To the extent required, any prior order of this Court or settlement agreement shall be deemed modified to permit payment of administrative claims set forth in this Paragraph 2.

3. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

4. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:  Richmond, Virginia
        _____, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

3

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                      /s/ Douglas M. Foley
                                      Douglas M. Foley