Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :   Jointly Administered
              Debtors.        :
                              :   **Obj. Deadline: June 24, 2010 at
- - - - - - - - - - - - - - x     5:00 p.m. (ET)**

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION BY
AND AMONG THE DEBTORS, AVERATEC, INC./TRIGEM USA, INC., AND
ASM CAPITAL, L.P.**

PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(the "Settlement Procedures Order") (Docket No. 4401).[1]  A copy of the Settlement Procedures Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement Agreement") with Averatec, Inc./Trigem USA, Inc. ("Averatec") and ASM Capital, L.P. ("ASM"), a copy of which is annexed as <u>Exhibit 2</u>.

### SUMMARY OF SETTLEMENT AGREEMENT TERMS[3]

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Settlement Agreement (defined below) or the Settlement Procedures Order.

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]  This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Settlement Agreement are as follows:

(i)   This a Tier II Settlement.

(ii)  The Parties agree that (i) the 503(b)(9) Claim shall be valued at $193,032, and (ii) the General Unsecured Claim shall be valued at and allowed in the face amount of $762,936.00 (the "Allowed General Unsecured Claim").

(iii) The Parties agree that the Debtors' Alleged Receivables shall be valued at $140,782 (the "Receivables").

(iv)  In full satisfaction and settlement of the Alleged Receivables and the Receivables, the Receivables shall be net against the 503(b)(9) Claim such that the 503(b)(9) Claim shall reduced to $52,250.00 (the "Allowed 503(b)(9) Claim").

(v)   To the extent required, the automatic stay of 11 U.S.C. § 362 is lifted to permit the netting set forth in Paragraph (iv) above.

(vi)  The Allowed 503(b)(9) Claim shall be deemed an "allowed" claim pursuant to Bankruptcy Code Section 503(b)(9) against Circuit City Stores, Inc. and its estate in case number 08-35653 (KRH) for all purposes, including with respect to any confirmed plan of liquidation or in any chapter 7 case of such Debtor, shall be paid on the "effective date" of any plan or as required under any chapter 7 liquidation (as applicable), and shall not be subject to further objection, offset, reduction, discount, impairment or subordination.

(vii) The Twentieth and Forty-Eighth Omnibus
      Objections shall be deemed resolved with
      respect to the Averatec Claims.

(viii)  The Allowed General Unsecured Claim shall
      be deemed an "allowed" claim in case number
      08-35653 (KRH) for all purposes, including
      with respect to any confirmed plan or as
      required under any chapter 7 liquidation
      (as applicable), and shall not be subject
      to further objection, offset, reduction,
      discount, impairment or subordination.

(ix) Upon the Effective Date, as defined herein,
     Averatec, on behalf of itself and its
     successors and assigns, and the Debtors, on
     behalf of themselves, and each on behalf of
     their respective estates, successors, and
     assigns (including but not limited to any
     trustee appointed in any of these chapter
     11 cases or any successor or subsequent
     bankruptcy cases, any receivers and/or
     other custodians appointed in any action or
     proceeding involving the Debtors' property
     and the liquidating trustee under the Plan),
     hereby irrevocably and fully release one
     another from and against any and all claims
     or causes of action (including, but not
     limited to, causes of action under
     Bankruptcy Code sections 502, 542, 543, 544,
     546, 547, 548, 549, 550, 553 and 558)
     arising from, in connection with, or
     related to the Alleged Receivables, the
     Receivables and the Averatec Claims (the
     "Releases").

(x)  For the avoidance of doubt and
     notwithstanding anything to the contrary in
     the Settlement Agreement, (1) the Releases
     set forth in paragraph (ix) hereinabove are
     not intended as general releases or waivers
     and nothing in the Settlement Agreement
     shall be construed as such, (2) Averatec
     and the Debtors specifically acknowledge
     and agree that the Settlement Agreement is

4

not intended to, and does not, release or
otherwise affect in any way any actual
claims or causes of action (or potential
claims or causes of action similar in
nature or type to such actual claims or
causes of action) now or hereinafter
asserted in, based on, or relating to the
multi-district litigation captioned In re:
TFT-LCD (Flat Panel) Antitrust Litigation,
MDL No. 1827 (N.D. Cal.) and the actions
consolidated therein (the "MDL Proceeding"),
and (3) nothing herein shall be deemed to
or affect any other claim filed by or
transferred to ASM (the "Unresolved Claims"
and the holders of such Unresolved Claims,
the "Claimants") or the Debtors' rights,
claims, causes of action, or defenses
arising from or related to the Unresolved
Claims or the Claimants holding such
Unresolved Claims.

(xi)  All of Averatec's claims against the
Debtors, including without limitation,
proofs of claims 111 and 3449 shall be
deemed transferred to ASM, and ASM shall be
entitled to all distributions on account
thereof.  Further, the Debtors shall
provide a copy of the Settlement Agreement
to their claims agent for the purpose of
updating the official claims register to
reflect that any claim, including
administrative expenses, filed by Averatec
against the Debtors, including without
limitation, proofs of claims 111 and 3449
have been assigned to ASM.

(xii) Averatec and ASM hereby irrevocably and
fully release one another from and against
any and all known and unknown claims,
obligations, or causes of action arising in
connection with or related to the transfer
of any claims against the Debtors,
including any executed agreement for the
transfer of Averatec's claims.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Settlement Procedures Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be in writing and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (see information below) by no later **June 24, 2010 at 5:00 p.m. (ET)** (the "Objection Deadline"). Each Objection or Request must be served on (i) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F. Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Settlement Agreement and you do not want the Debtors to proceed with the Settlement Agreement or you want the Court to consider your views concerning the Settlement Agreement, you or you attorney must also:

file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before June 24, 2010 at 5:00 p.m. (ET).**

**Any Objection to the Settlement Agreement must be submitted
by the method described in the foregoing sentence.
Objections will be deemed filed only when actually received
at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(d) of the Settlement Procedures Order, if a
Notice Party submits a Request, only such Notice Party
shall have the later of (i) an additional five (5) days to
object to the Agreement or (ii) in the case of a Request
for additional information, three (3) days after receipt by
the Notice Party of the additional information requested.
Each Notice Party may only make one Request for additional
time per Settlement Agreement, unless otherwise agreed to
by the Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: June 10, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   1Case No. 08-35653 (KRH)
et al.,                     :
                            :
          Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.    The Notice Procedures are fair,

reasonable, and appropriate.

3.    The Settlement Procedures are fair

reasonable, and appropriate.

4.    The Notice and Settlement Procedures were

proposed in good faith.

5.     Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.     Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.     The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.     The Motion is GRANTED.

9.     The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)    The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)    The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)    The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; <u>provided</u>,
<u>further</u>, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   <u>Tier II</u> With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

8

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

9

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.  Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.  Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.    This Court retains jurisdiction to hear
and determine all matters arising from or related to the
Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
Aug 7 2009_____, 2009

/s/ Kevin R. Huennekens

UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and —

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.       Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.      Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE,        MCGUIREWOODS LLP
MEAGHER & FLOM, LLP          One James Center
One Rodney Square            901 E. Cary Street
PO Box 636                   Richmond, Virginia 23219
Wilmington, Delaware         (804) 775-1000
19899-0636
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE DEBTORS,
AVERATEC, INC./TRIGEM USA, INC., AND ASM CAPITAL, L.P.**

        This settlement agreement and stipulation (this

"Settlement Agreement") is entered into by and among the above-

captioned debtors and debtors in possession (the "Debtors"),[1] on

the one hand, and Averatec, Inc./Trigem USA, Inc. ("Averatec")

and ASM Capital, L.P. ("ASM" and together with Averatec and the

Debtors, the "Parties" and each of which is a "Party"), on the

other hand.

## GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition Date"),

the Debtors each filed a voluntary petition in the United States

Bankruptcy Court for the Eastern District of Virginia (the

"Court") under chapter 11 of title 11 of the United States Code

(the "Bankruptcy Code"); and

WHEREAS, the Debtors have continued as debtors in

possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of the

United States Trustee for the Eastern District of Virginia

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc. (3875),
      Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
      Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC
      (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc.
      (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157),
      Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky
      Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263), Mayland MN,
      LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and
      Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores
      West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.
      For all other Debtors, the address was 9950 Mayland Drive, Richmond,
      Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA
      23060.

appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores. As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

WHEREAS, the associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, and confirmation on the Plan is currently scheduled for June 8, 2010; and

3

WHEREAS, generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval, dated August 7, 2009 (Docket No. 4401, the "Settlement Procedures Order")to enter into this Settlement Agreement, subject to the Notice Procedures.

## SETTLEMENT BACKGROUND

**A.   The Averatec Claims.**

WHEREAS, Circuit City and Averatec engaged in business in the ordinary course prior to the Petition Date wherein the Debtors purchased certain Averatec products (the "Product") for sale in their retail stores; and

WHEREAS, on December 2, 2008, Averatec filed proof of claim number 111 against the Debtors' bankruptcy estates pursuant to 11 U.S.C. § 503(b)(9) (the "503(b)(9) Claim") in the amount of $321,720; and

WHEREAS, on December 4, 2009, Averatec transferred a portion of the 503(b)(9) Claim in the amount of $193,032 to ASM. See Notice of Partial Transfer for ASM Capital, L.P. re: Averatec Inc Trigem USA Inc (Claim No. 111) (D.I. 5970); and

4

WHEREAS, on January 13, 2009, Averatec filed proof of claim number 3449, a general unsecured proof of claim against the Debtors' bankruptcy estates (the "General Unsecured Claim" and together with the 503(b)(9) Claim, the "Averatec Claims") in the amount of $955,968; and

WHEREAS, Averatec and ASM have agreed that Averatec will assign all of its claims against the Debtor to ASM; and

WHEREAS, by and through this stipulation, Averatec and ASM have agreed to exchange mutual releases of all known and unknown claims, obligations or causes of action, arising in connection with or related to the transfer of any claims against the Debtors, including any executed agreement for the transfer of Averatec's claims; and

WHEREAS, in the Debtors' Thirty-Fourth Omnibus Objection to Claims (Modification of Certain Duplicate 503(b)(9) Claims) (D.I. 4598) the Debtors objected to the General Unsecured Claim on the basis that the General Unsecured Claim was partially duplicative of the 503(b)(9) Claim; and

WHEREAS, on October 28, 2009, the Court entered the Order on Debtors' Thirty-Fourth Omnibus Objection to Claims (Modification of Certain Duplicate 503(b)(9) Claims) (D.I. 5385), including the relief sought against the General Unsecured Claim. Accordingly, the General Unsecured Claim was reduced to $762,936.00; and

B.    **The Omnibus Objections.**

WHEREAS, on June 23, 2009, the Debtors objected to the 503(b)(9) Claim in the Debtors' Twentieth Omnibus Objection to Claims (Reclassification to Unsecured Claims of Certain Claims Filed as 503(b)(9) Claims for Goods Received by the Debtors Not Within Twenty Days of the Commencement of the Cases) (D.I. 3704) (the "Twentieth Omnibus Objection").  Therein, the Debtors sought to reclassify a portion of the 503(b)(9) Claim to a general unsecured, non-priority claim in the amount of $128,688.00 on the basis that the Product comprising that portion of the 503(b)(9) Claim was received by the Debtors outside of the statutory period of twenty (20) days that preceded the Petition Date; and

WHEREAS, on July 14, 2009, Averatec filed the Response of Averatec/Trigem USA, Inc. to Debtors' Twentieth Omnibus Objection to Claims (D.I. 4063) (the "Twentieth Omnibus Objection Response").  Therein, Averatec disputed that the Product subject to the Twentieth Omnibus Objection was received outside of the statutory period of twenty (20) days that preceded the Petition Date.  The Twentieth Omnibus Objection was subsequently adjourned as to Averatec; and

WHEREAS, on October 13, 2009, the Debtors filed the Debtors' Forty-Eighth Omnibus Objection to Certain Administrative Expenses and 503(b)(9) Claims and Motion for (I)

6

Authority to Setoff Against Such Expenses and Claims and (II) A
waiver of the Requirement that the First Hearing on any Response
Proceed as a Status Conference (D.I. 5211) (the "Forty-Eighth
Omnibus Objection"); and

WHEREAS, as set forth in the Objection, Circuit City
Stores, Inc. ("Circuit City") alleged that it became entitled to
certain pre- and post-petition amounts, including receivables,
charge-backs, returns, and other amounts, which amounts are
currently due and owing to Circuit City by Averatec but for
which Circuit City had not yet received payment.  Specifically,
the Debtors alleged that Averatec owed Circuit City pre- and
post-petition amounts totaling $197,914.12 (the "Alleged
Receivables"); and

WHEREAS, pursuant to the Objection, Circuit City sought
to setoff the Alleged Receivables against the 503(b)(9) Claim
such that after setoff of the Alleged Receivables, the 503(b)(9)
Claim would be valued at $0; and

WHEREAS, on November 3, 2009, Averatec filed its
Response to the Debtors' Forty-Eighth Omnibus Objection (D.I.
5415) (the "Forty-Eighth Omnibus Objection Response").  Therein,
Averatec disputed the relief sought by the Debtors in the Forty-
Eighth Omnibus Objection on a number of procedural and
substantive grounds.  More particularly, Averatec (i) disputed
the amount of the Alleged Receivables and contended that the

7

Debtors had overstated the amount of the Alleged Receivables, and (ii) contended that the Debtors may not setoff the Alleged Receivables against the 503(b)(9) Claim; and

**C.    The Memorandum Opinion.**

WHEREAS, on December 3, 2009, the Court issued its Memorandum Opinion (Docket No. 5963) and Order (Docket No. 5964) with respect to the Debtors' Forty-Eighth, Forty-Ninth and Fiftieth Omnibus Objections to Claims.  Pursuant to the Court's Order, the Debtors are authorized to setoff all of their pre- and/or post-petition Receivables against Administrative Expenses (as defined in the Objections), including claims arising under Bankruptcy Code section 503(b)(9), before setting off against any general unsecured claims; and

WHEREAS, the relief sought by the Debtors in the Forty-Eighth Omnibus Objection was adjourned as to Averatec.  See Supplemental Order on Debtors' Forty-Eighth Omnibus Objection to Certain Administrative Expenses and 503(b)(9) Claims and Motion for (I) Authority to Setoff Against Such Expenses and Claims and (II) A Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference (D.I. 6125); and

**D.    The Demand Letter.**

WHEREAS, on March 18, 2010, the Debtors sent a letter to Averatec (the "Demand Letter").  Therein, the Debtors

reasserted their position, as set forth in the Twentieth Omnibus
Objection; and

WHEREAS, in the Demand Letter, the Debtors reiterated
their position with regard to the Alleged Receivables; and

WHEREAS, rather than proceed with litigation concerning
the Averatec Claims, the Twentieth and Forty-Eighth Omnibus
Objections, the Debtors' Alleged Receivables, and the Demand
Letter the parties engaged in good faith, arms' length
negotiations to resolve the foregoing in their entirety; and

NOW THEREFORE, subject to and in accordance with the
Settlement Procedures Order, for good and valuable consideration
the receipt and sufficiency of which is hereby acknowledged, the
Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    The Parties agree that (i) the 503(b)(9) Claim
shall be valued at $193,032, and (ii) the General Unsecured
Claim shall be valued at and allowed in the face amount of
$762,936.00 (the "Allowed General Unsecured Claim").

2.    The Parties agree that the Debtors' Alleged
Receivables shall be valued at $140,782 (the "Receivables").

3.    In full satisfaction and settlement of the
Alleged Receivables and the Receivables, the Receivables shall
be net against the 503(b)(9) Claim such that the 503(b)(9) Claim
shall reduced to $52,250.00 (the "Allowed 503(b)(9) Claim").

9

4.    To the extent required, the automatic stay of 11 U.S.C. § 362 is lifted to permit the netting set forth in Paragraph 3 above.

5.    The Allowed 503(b)(9) Claim shall be deemed an "allowed" claim pursuant to Bankruptcy Code Section 503(b)(9) against Circuit City Stores, Inc. and its estate in case number 08-35653 (KRH) for all purposes, including with respect to any confirmed plan of liquidation or in any chapter 7 case of such Debtor, shall be paid on the "effective date" of any plan or as required under any chapter 7 liquidation (as applicable), and shall not be subject to further objection, offset, reduction, discount, impairment or subordination.

6.    The Twentieth and Forty-Eighth Omnibus Objections shall be deemed resolved with respect to the Averatec Claims.

7.    The Allowed General Unsecured Claim shall be deemed an "allowed" claim in case number 08-35653 (KRH) for all purposes, including with respect to any confirmed plan or as required under any chapter 7 liquidation (as applicable), and shall not be subject to further objection, offset, reduction, discount, impairment or subordination.

8.    Upon the Effective Date, as defined herein, Averatec, on behalf of itself and its successors and assigns, and the Debtors, on behalf of themselves, and each on behalf of their respective estates, successors, and assigns (including but

10

not limited to any trustee appointed in any of these chapter 11

cases or any successor or subsequent bankruptcy cases, any

receivers and/or other custodians appointed in any action or

proceeding involving the Debtors' property and the liquidating

trustee under the Plan), hereby irrevocably and fully release

one another from and against any and all claims or causes of

action (including, but not limited to, causes of action under

Bankruptcy Code sections 502, 542, 543, 544, 546, 547, 548, 549,

550, 553 and 558) arising from, in connection with, or related

to the Alleged Receivables, the Receivables and the Averatec

Claims (the "Releases").

       9.   For the avoidance of doubt and notwithstanding

anything to the contrary in this Settlement Agreement, (1) the

Releases set forth in paragraph (8) hereinabove are not intended

as general releases or waivers and nothing in this Settlement

Agreement shall be construed as such, (2) Averatec and the

Debtors specifically acknowledge and agree that this Settlement

Agreement is not intended to, and does not, release or otherwise

affect in any way any actual claims or causes of action (or

potential claims or causes of action similar in nature or type

to such actual claims or causes of action) now or hereinafter

asserted in, based on, or relating to the multi-district

litigation captioned In re: TFT-LCD (Flat Panel) Antitrust

Litigation, MDL No. 1827 (N.D. Cal.) and the actions

consolidated therein (the "MDL Proceeding"), and (3) nothing
herein shall be deemed to or affect any other claim filed by or
transferred to ASM (the "Unresolved Claims" and the holders of
such Unresolved Claims, the "Claimants") or the Debtors' rights,
claims, causes of action, or defenses arising from or related to
the Unresolved Claims or the Claimants holding such Unresolved
Claims.

10.  All of Averatec's claims against the Debtors,
including without limitation, proofs of claims 111 and 3449
shall be deemed transferred to ASM, and ASM shall be entitled to
all distributions on account thereof.  Further, the Debtors
shall provide a copy of this agreement to their claims agent for
the purpose of updating the official claims register to reflect
that any claim, including administrative expense, filed by
Averatec against the Debtors, including without limitation,
proofs of claims 111 and 3449 have been assigned to ASM.

11.  Averatec and ASM hereby irrevocably and fully
release one another from and against any and all known and
unknown claims, obligations, or causes of action arising in
connection with or related to the transfer of any claims against
the Debtors, including any executed agreement for the transfer
of Averatec's claims.

12.  Neither this Settlement Agreement, nor any
statement made or action taken in connection with the

12

negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Settlement Agreement or (b) to seek damages or injunctive relief in connection with such approval and enforcement.

13.   Each Party hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

14.   No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the parties hereto and their respective successors.

15.   Except where preempted by applicable Federal law, this Settlement Agreement shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia without regard to any choice of law provisions.

16.   This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

17.   This Settlement Agreement constitutes the entire agreement and understanding of the parties regarding the Agreement and the subject matter thereof.

18.   The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

19.   Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement.   The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

20.   This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

21.   This Settlement Agreement and all of its terms shall be effective upon the later of (i) execution by all

14

Parties and (ii) the expiration of the applicable Notice Period

(the "Effective Date").

      22.   This Settlement Agreement shall inure to the

benefit of and be binding upon the successors and assigns of the

Parties hereto, including any Chapter 7 trustee or the

Liquidating Trustee under the Plan.

IN WITNESS WHEREOF, this Settlement Agreement is

hereby executed as of June 10, 2010.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC., et al.

By:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -


MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Attorneys for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

16

ASM CAPITAL, L.P.

By:


/s/ Jeffrey R. Waxman_____ ___
Jeffrey R. Waxman
Morris James
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801-1494
(302) 888-5842

Attorneys for ASM Capital, L.P.

AVERATEC, INC./TRIGEM USA, INC.

By:


/s/ Samuel S. Oh
Samuel S. Oh
Lim, Ruger & Kim, LLP
1055 West 7th Street,  Suite 2800
Los Angeles, CA  90017
(213) 955-9500


Attorneys for Averatec, Inc./Trigem USA, Inc.