Gregg M. Galardi, Esq.                Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.               Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :    Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :    Case No. 08-35653 (KRH)
et al.,                      :
                             :    Jointly Administered
              Debtors.       :
                             :    **Obj. Deadline: June 24, 2010 at**
- - - - - - - - - - - - - - x    **5:00 p.m. (ET)**

          **NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION
            BY AND BETWEEN THE DEBTORS AND US SIGNS, INC.**

          PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant to 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(the "Settlement Procedures Order") (Docket No. 4401).[1]  A copy of the Settlement Procedures Order (without exhibits) is annexed as Exhibit 1.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement Agreement") with US Signs, Inc. ("US Signs"), a copy of which is annexed as Exhibit 2.

## SUMMARY OF SETTLEMENT AGREEMENT TERMS[3]

---

[1]  Capitalized terms not defined herein shall have the meanings ascribed to them in the Settlement Agreement (defined below) or the Settlement Procedures Order.

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]  This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Settlement Agreement are as follows:

(i)    This is a Tier II Settlement.

(ii)   The Settlement Agreement is by and between the Debtors and US Signs, Inc.

(iii)  Prior to the Petition Date, US Signs and the Debtors were parties to certain agreements under which the Debtors purchased various goods and services from US Signs including but not limited to installation services, pipes, conduits, cables, switches and paneling for installation in the Debtors' stores.

(iv)   US Signs filed proof of claim number 1309 ("Claim No. 1309"), asserting an administrative expense priority claim under Bankruptcy Code section 503(b)(9) in the amount of $108,844.38 against Circuit City Stores, Inc.

(v)    The Debtors filed their Fifth Omnibus Objection to Certain Misclassified Non-Goods 503(b)(9) Claims (the "Fifth Omnibus Objection"), pursuant to which the Debtors sought to reclassify Claim No. 1309 in its entirety to a general unsecured non-priority claim.  The Fifth Omnibus Objection remains pending.

(vi)   US Signs filed proof of claim number 7418 ("Claim No. 7418"), asserting a claim against Circuit City Stores, Inc. in the total amount of $351,573.08 comprised of (i) a secured claim in the amount of $272,158.23, and (ii) a general unsecured non-priority claim in the amount of $79,414.85.  By a subsequent order of the Court, Claim No. 7418 was reclassified in

3

its entirety to a general unsecured non-priority claim.

(vii) The Debtors contend that Claim Nos. 1309 and 7418 are asserted in part based on duplicative invoices in the amount of $42,665.49 (the "Duplicate Invoices").

(viii)  Based on their preliminary analysis, the Debtors believe that US Signs may have received transfers from the Debtors which may be avoidable under chapter 5 of the Bankruptcy Code, subject to proof (the "Alleged Avoidance Actions"). US Signs asserts that it has not received any transfers that may be avoidable or recoverable under chapter 5 of the Bankruptcy Code.

(ix) For purposes of the Settlement Agreement, the Parties agree that the Alleged Avoidance Actions will be setoff against the full amount of Claim No. 1309, thereby reducing the value of both the Alleged Avoidance Actions and Claim No. 1309 to $0.00.

(x) For purposes of the Settlement Agreement, the Parties agree that Claim No. 7418 will be reduced by amount of the Duplicate Invoices, resulting in a reduced general unsecured non-priority claim in the amount of $308,907.59.

(xi) Pursuant to the Settlement Agreement, and in order to avoid the expense, delay and risk of litigation, the Debtors agree to grant, and US Signs agrees to accept, an allowed general unsecured non-priority claim in the amount of $308,907.59 (the "US Signs Allowed General Unsecured Claim") on account of Claim No. 7418.  All other claims or portions of claims that have been, could have been, or might have been asserted against the Debtors and their

4

estates by US Signs are disallowed in their
entirety for all purposes in these
bankruptcy cases.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Settlement Procedures Order,
any Notice Party may object (each an "Objection") to or
request additional time or information (each a "Request")
to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be <u>in writing</u> and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (see information below) by no later
than **June 24, 2010 at 5:00 p.m. (ET)** (the "Objection
Deadline").  Each Objection or Request must be served on (i)
the attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue,
36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to
the Settlement Agreement and you do not want the Debtors to
proceed with the Settlement Agreement or you want the Court
to consider your views concerning the Settlement Agreement,
you or you attorney must also:

file in writing with the Court, Clerk of Court,
United States Bankruptcy Court, 701 East Broad
Street, Suite 4000, Richmond, Virginia 23219, or
electronically (www.vaeb.uscourts.gov), a written
Objection pursuant to Local Bankruptcy Rule 9013-

1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before June 24, 2010 at 5:00 p.m. (ET)**.

Any Objection to the Settlement Agreement must be submitted by the method described in the foregoing sentence. Objections will be deemed filed only when actually received at the address listed above.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Settlement Procedures Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline, as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: June 10, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - x
                           :
In re:                     :  Chapter 11
                           :
CIRCUIT CITY STORES, INC., :  1Case No. 08-35653 (KRH)
et al.,                    :
                           :
            Debtors.       :  Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

        Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

_____

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.



083565309081000000000001

of title 11 of the United States Code (the "Bankruptcy
Code") and Rules 2002, 9006 and 9019 of the Federal
Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),
for entry of an order authorizing the establishment of
procedures to settle certain pre-petition and post-
petition claims and causes of action without further
court approval; and the Court having reviewed the
Motion; and upon the record herein; and after due
deliberation thereon; and good and sufficient cause
appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.   Based on the affidavits of service filed,
due, proper and adequate notice of the Motion has been
given in accordance with the Case Management Order and
that no other or further notice is necessary;

2.   The Notice Procedures are fair,
reasonable, and appropriate.

3.   The Settlement Procedures are fair
reasonable, and appropriate.

4.   The Notice and Settlement Procedures were
proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.  The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; _provided_,
_further_, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.    Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Cause of
Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   <u>Tier II</u> With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

8

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.   Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.   Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear and determine all matters arising from or related to the Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
 Aug 7 2009_____, 2009

/s/ Kevin R. Huennekens

UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:                    Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

12

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware
19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

        - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
        Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND BETWEEN
THE DEBTORS AND US SIGNS, INC.**

This settlement agreement and stipulation (the

"Settlement Agreement") is entered into this 7th day of

June, 2010 by and between Circuit City Stores, Inc. and

its affiliated debtors and debtors-in-possession

(collectively, the "Debtors"), on the one hand, and US

Signs, Inc. ("US Signs" and together with the Debtors,

the "Parties" and each of which is a "Party"), on the

other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors filed voluntary petitions in the

United States Bankruptcy Court for the Eastern District

of Virginia (the "Court") under chapter 11 of title 11

of the United States Code (the "Bankruptcy Code").

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code.

WHEREAS, on November 12, 2008, the Office of

the United States Trustee for the Eastern District of

Virginia appointed a statutory committee of unsecured

creditors (the "Creditors' Committee").

WHEREAS, to date, no trustee or examiner has

been appointed in these chapter 11 cases.

WHEREAS, on January 16, 2009, the Court

authorized the Debtors, among other things, to conduct

going out of business sales at the Debtors' remaining
567 stores pursuant to an agency agreement (the "Agency
Agreement") between the Debtors and a joint venture, as
agent (the "Agent").  On January 17, 2009, the Agent
commenced going out of business sales pursuant to the
Agency Agreement at the Debtors remaining stores.  The
going out of business sales concluded on or about March
8, 2009.

WHEREAS, the Debtors are authorized under the
Court's Order under 11 U.S.C. §§ 105 and 363, and Fed.
R. Bankr. P. 2002, 9006, and 9019 Authorizing the
Establishment of Procedures to Settle Certain Pre-
Petition and Post-Petition Claims and Causes of Action
Without Further Court Approval, dated August 7, 2009
(D.I. 4401; the "Settlement Procedures Order"),[1] to enter
into this Settlement Agreement, subject to the Notice
Procedures.

---

[1]   All capitalized terms not defined herein shall have the meaning
   ascribed to them in the Settlement Procedures Order.

## SETTLEMENT BACKGROUND

WHEREAS, US Signs and the Debtors were parties to certain agreements under which the Debtors purchased various goods and services from US Signs including but not limited to installation services, pipes, conduits, cables, switches and paneling for installation and use in the Debtors' stores.

WHEREAS, US Signs filed proof of claim number 1309 ("Claim No. 1309") on or about December 18, 2008, asserting an administrative expense priority claim under Bankruptcy Code section 503(b)(9) in the amount of $108,844.38 against Circuit City Stores, Inc.

WHEREAS, on May 12, 2009, the Debtors filed their Fifth Omnibus Objection to Certain Misclassified Non-Goods 503(b)(9) Claims (the "Fifth Omnibus Objection"), pursuant to which the Debtors sought to reclassify Claim No. 1309 in its entirety to a general unsecured non-priority claim.

WHEREAS, on July 8, 2009, the Court entered an Order (Docket No. 4007) adjourning the hearing on Fifth Omnibus Objection with respect to Claim No. 1309.

WHEREAS, US Signs filed proof of claim number
7418 ("Claim No. 7418") on or about January 28, 2009,
asserting a claim against Circuit City Stores, Inc. in
the total amount of $351,573.08 comprised of (i) a
secured claim in the amount of $272,158.23, and (ii) a
general unsecured non-priority claim in the amount of
$79,414.85.

WHEREAS, on August 21, 2009, the Debtors filed
their Thirty-Third Omnibus Objection to Claims
(Modification and/or Reclassification of Certain Claims)
(the "Thirty-Third Omnibus Objection"), pursuant to
which the Debtors sought to reclassify the secured claim
portion of Claim No. 7418 to a general unsecured non-
priority claim.

WHEREAS, on October 9, 2009, the Court entered
an Order (Docket No. 5192) reclassifying Claim No. 7418
in its entirety to a general unsecured non-priority
claim.

WHEREAS, the Debtors contend that Claim Nos.
1309 and 7418 are asserted in part based on duplicative
invoices in the amount of $42,665.49 (the "Duplicate
Invoices").

WHEREAS, based on their preliminary analysis, the Debtors believe that US Signs may have received significant transfers from the Debtors which may be avoidable under chapter 5 of the Bankruptcy Code, subject to proof (the "Alleged Avoidance Actions").

WHEREAS, US Signs asserts that it has not received any transfers that may be avoidable or recoverable under chapter 5 of the Bankruptcy Code.

WHEREAS, the Parties have discussed the potential resolution of their disputes regarding Claim No. 1309, Claim No. 7418, the Fifth Omnibus Objection, the Alleged Avoidance Actions, the Duplicate Invoices and related matters.

NOW, THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby **STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:**

1.    The Parties represent that they have engaged in arms' length negotiations to arrive at this Settlement Agreement.

2.   For purposes of this Settlement Agreement, the Parties agree that the Alleged Avoidance Actions will be setoff against the full amount of Claim No. 1309, thereby reducing the value of both the Alleged Avoidance Actions and Claim No. 1309 to $0.00.

3.   For purposes of this Settlement Agreement, the Parties agree that Claim No. 7418 will be reduced by amount of the Duplicate Invoices, resulting in a reduced general unsecured non-priority claim in the amount of $308,907.59.

4.   After effectuation of the setoffs and reductions described herein, US Signs shall be left with an allowed general unsecured non-priority claim in the amount of $308,907.59 (the "US Signs Allowed General Unsecured Claim") on account of Claim No. 7418.  All other claims or portions of claims that have been, could have been, or might have been asserted against the Debtors and their estates by US Signs are disallowed in their entirety for all purposes in these bankruptcy cases.

5.   The US Signs' Allowed General Unsecured Claim shall be paid in accordance with the terms of the

7

First Amended Joint Plan of Liquidation of Circuit City
Stores, Inc. and Its Affiliated Debtors and Debtors in
Possession and Its Official Committee of Creditors
Holding General Unsecured Claims (as amended or
modified, the "Plan"), or upon further order of the
Court.

6.    Upon the Effective Date (as defined
below) of the Settlement Agreement, the Fifth Omnibus
Objection shall be deemed resolved with respect to US
Signs in accordance with this Settlement Agreement.

7.    Except as otherwise provided herein with
respect to the US Signs' Allowed General Unsecured
Claim, upon the Effective Date (as defined below) of the
Settlement Agreement, US Signs, on behalf of itself and
its successors and assigns, and the Debtors, on behalf
of themselves, and each on behalf of their respective
estates, successors, and assigns, hereby irrevocably and
fully release one another from and against any and all
claims or causes of action (including, but not limited
to, causes of action under Bankruptcy Code sections 542,
543, 544, 546, 547, 548, 549, 550, 553 and 558) arising
from, in connection with, or relating to the Alleged

Avoidance Actions, the business conducted between the
Parties, and any agreement by or between the Parties
(this paragraph, the "Releases").

      8.   For the avoidance of doubt and
notwithstanding anything to the contrary in this
Settlement Agreement, (1) the Releases are not intended
as general releases or waivers and nothing in this
Settlement Agreement shall be construed as such, and (2)
US Signs and the Debtors specifically acknowledge and
agree that this Settlement Agreement is not intended to,
and does not, release or otherwise affect in any way any
actual claims or causes of action (or potential claims
or causes of action similar in nature or type to such
actual claims or causes of action) now or hereinafter
asserted in, based on, or relating to the multi-district
litigation captioned *In re: TFT-LCD (Flat Panel)*
*Antitrust Litigation*, MDL No. 1827 (N.D. Cal.) and the
actions consolidated therein (the "MDL Proceeding").

      9.   Nothing contained in this Settlement
Agreement shall be deemed an admission of liability on
the part of the Debtors or US Signs with respect to the
matters resolved herein.

10.   Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties, other than as may be necessary (a) to obtain approval of and/or to enforce any of the terms of this Settlement Agreement or (b) to seek damages or injunctive relief in connection therewith.

11.   No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties and their respective successors.

12.   This Settlement Agreement shall be governed by and construed in accordance with the internal laws of the State of Virginia without regard to any choice of law provisions.

13.   This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

14.   This Settlement Agreement constitutes the entire agreement and understanding of the Parties regarding the Settlement Agreement and the Dispute and supersedes all prior discussions, negotiations and understandings between the Parties regarding such subject matter.

15.   The Court shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

16.   Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement.   The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

11

17.   This Settlement Agreement is effective (the "Effective Date") upon the later of (i) execution by both Parties and (ii) the expiration of the applicable Notice Period.

18.   This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all Parties.

[SIGNATURES APPEAR ON FOLLOWING PAGES]

IN WITNESS WHEREOF, the Parties have set their

hands in agreement as of the date written above.


**CIRCUIT CITY STORES, INC.**

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

*Counsel for Circuit City Stores, Inc.,*
*et al., Debtors and Debtors-in-Possession*

13

**US SIGNS, INC.**

By:

/s/ Richard I. Hutson_____
Richard I. Hutson, Esq.
Fullerton & Knowles, P.C.
12642 Chapel Road
Clifton, VA 20124-1951
(703) 818-2600 x206

*Counsel for US Signs, Inc.*