Gregg M. Galardi, Esq.                Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.               Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &        MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :   Jointly Administered
              Debtors.        :
                              :   **Obj. Deadline: June 24, 2010 at**
- - - - - - - - - - - - - - x     **5:00 p.m. (ET)**

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION BY
AND AMONG THE DEBTORS AND MICROSOFT CORPORATION**

          PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(the "Settlement Procedures Order") (Docket No. 4401).[1]  A copy of the Settlement Procedures Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement Agreement") with Microsoft Corporation ("Microsoft"), a copy of which is annexed as <u>Exhibit 2</u>.

### SUMMARY OF SETTLEMENT AGREEMENT TERMS[3]

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Settlement Agreement (defined below) or the Settlement Procedures Order.

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]  This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Settlement Agreement are as follows:

(i)     This a Tier II Settlement.

(ii)    Upon the occurrence of the Effective Date, as defined in the Settlement Agreement, the Parties agree that the Microsoft OnLine General Unsecured Claim shall be reduced to and allowed in the face amount of $181,152.56 (the "Allowed General Unsecured Claim").

(iii)   The Allowed General Unsecured Claim shall be deemed an "allowed" claim in case number 08-35653 (KRH) for all purposes, including with respect to any confirmed plan or as required under any chapter 7 liquidation (as applicable), and shall not be subject to further objection, offset, reduction, discount, impairment or subordination.

(iv)    Upon the occurrence of the Effective Date, as defined in the Settlement Agreement, the Parties agree that the 503(b)(9) Claim shall be reduced to $0 and disallowed in its entirety for all purposes in the Debtors' Chapter 11 cases.

(v)     Upon the occurrence of the Effective Date, in full satisfaction and settlement of the Microsoft Receivables, the Parties agree that the Secured Claim will be reduced to $0.00 and Microsoft shall pay the Debtors $7,000,000 (the "Settlement Payment").

(vi)    The Settlement Payment shall be made by Microsoft to the Debtors' bankruptcy estates in two $3,500,000 installments.  The first installment (the "Initial Installment") will occur within 3 days after the Effective Date.  The second installment (the "Final Installment") will occur on or before June 30, 2010.

(vii)   To the extent required, the automatic stay of 11 U.S.C. § 362 is lifted to permit the netting set forth in Paragraph (v) above.

(viii)  The Parties agree that Microsoft shall wire or cause to be wired both the Initial Installment and the Final Installment to the Debtors pursuant to wire instructions provided by the Debtors to Microsoft.

(ix)    Upon receipt by Circuit City of the Initial Payment
        and the Final Payment, Microsoft and Microsoft
        OnLine, on behalf of themselves and their successors
        and assigns, and the Debtors, on behalf of
        themselves, and each on behalf of their respective
        estates, successors, and assigns (including but not
        limited to any trustee appointed in any of these
        chapter 11 cases or any successor or subsequent
        bankruptcy cases, any receivers and/or other
        custodians appointed in any action or proceeding
        involving the Debtors' property and the liquidating
        trustee under the Plan), hereby irrevocably and
        fully release one another from and against any and
        all claims or causes of action (including, but not
        limited to, causes of action under Bankruptcy Code
        sections 502, 542, 543, 544, 546, 547, 548, 549, 550,
        553 and 558) arising from, in connection with, or
        related to the Microsoft Receivables, the Microsoft
        Claims, the Microsoft Agreements, the Microsoft
        OnLine General Unsecured Claim, and the Microsoft
        OnLine Agreement (this paragraph, the "Releases").

(x)     For the avoidance of doubt and notwithstanding
        anything to the contrary in the Settlement Agreement,
        (1) the Releases are not intended as general
        releases or waivers and nothing in the Settlement
        Agreement shall be construed as such, and (2)
        Microsoft, Microsoft OnLine and the Debtors
        specifically acknowledge and agree that the
        Settlement Agreement is not intended to, and does
        not, release or otherwise affect in any way any
        actual claims or causes of action (or potential
        claims or causes of action similar in nature or type
        to such actual claims or causes of action) now or
        hereinafter asserted in, based on, or relating to
        the multi-district litigation captioned In re: TFT-
        LCD (Flat Panel) Antitrust Litigation, MDL No. 1827
        (N.D. Cal.) and the actions consolidated therein
        (the "MDL Proceeding").  However, the parties agree
        that reference to such MDL Proceeding in the
        Agreement in no way implicates or infers that
        Microsoft and/or Microsoft OnLine are parties to
        such litigation.

(xi)    The Microsoft Agreements shall be deemed terminated
        and rejected as of the Effective Date.

(xii)   The Microsoft OnLine Agreement shall be deemed
        terminated and rejected as of the Effective Date.

(xiii)  The Parties agree that the Settlement Agreement
        finally resolves the Microsoft Claims, the Secured
        Claim Discrepancy, the Forty-First Omnibus Objection,

the Response, the Reclamation Demand, the Microsoft
Receivables, and the Microsoft OnLine General
Unsecured Claim in their entirety.

(xiv)  All omnibus objections to any of the Microsoft
Claims and the Microsoft OnLine General Unsecured
Claim shall be deemed resolved.

## TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO CONSIDER THE SETTLEMENT AGREEMENT

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Settlement Procedures Order,
any Notice Party may object (each an "Objection") to or
request additional time or information (each a "Request")
to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be in writing and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (see address below) by no later
**June 24, 2010 at 5:00 p.m. (ET)** (the "Objection Deadline").
Each Objection or Request must be served on (i) the
attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue,
36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to
the Settlement Agreement and you do not want the Debtors to
proceed with the Settlement Agreement or you want the Court
to consider your views concerning the Settlement Agreement,
you or you attorney must also:

file in writing with the Court, Clerk of Court,
United States Bankruptcy Court, 701 East Broad

Street, Suite 4000, Richmond, Virginia 23219, or electronically ([www.vaeb.uscourts.gov](http://www.vaeb.uscourts.gov)), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before June 24, 2010 at 5:00 p.m. (ET).**

**Any Objection to the Settlement Agreement must be submitted by the method described in the foregoing sentence. Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Settlement Procedures Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: June 10, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.            Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.           Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                         One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
                             :
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   1Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

            Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.



of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.    The Notice Procedures are fair,

reasonable, and appropriate.

3.    The Settlement Procedures are fair

reasonable, and appropriate.

4.    The Notice and Settlement Procedures were

proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)   All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)   _Tier I_ With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)   _Tier II_ With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   Tier I With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   Tier II With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the

Debtors are authorized in their sole discretion, but not

directed, to enter into Settlement Agreements

substantially in the form of Exhibit A attached hereto;

provided, further, that the material terms of each

Settlement Agreement may vary depending upon the

specific facts and circumstances of each Settlement and

nothing herein or therein shall be construed as

impairing the Debtors' ability to tailor the form of the

Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not

directed, to resolve all of the Disputed Claims and

Cause of Action and Receivable Claims of a single party

in a single Settlement Agreement.

15.   The Debtors shall provide written notice

to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'

authorized claims and noticing agent, with respect to

any proof of claim settled pursuant to these Settlement

Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.   Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.   Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.  This Court retains jurisdiction to hear and determine all matters arising from or related to the Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
Aug 7 2009_____, 2009

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

## CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.            Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.           Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                         One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                         RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
         Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS AND MICROSOFT CORPORATION**

          This settlement agreement and stipulation

(this "Agreement") is entered into by and among the

above-captioned debtors and debtors in possession (the

"Debtors"),[1] on the one hand, and Microsoft Corporation ("Microsoft" and together with the Debtors, the "Parties" and each of which is a "Party"), on the other hand.

## GENERAL BACKGROUND

### A.    General Case Background.

WHEREAS, on November 10, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, the Debtors have continued as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

3

WHEREAS, the associated disclosure statement
(the "Disclosure Statement") was approved on September
24, 2009, and confirmation on the Plan is currently
scheduled for June 8, 2010; and

WHEREAS, generally, the Plan provides for the
liquidation of the Debtors under chapter 11 of the
Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the
Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R.
Bankr. P. 2002, 9006, and 9019 Authorizing the
Establishment of Procedures to Settle Certain Pre-
Petition and Post-Petition Claims and Causes of Action
Without Further Court Approval, dated August 7, 2009
(Docket No. 4401, the "Settlement Procedures Order")[2] to
enter into this Settlement Agreement, subject to the
Notice Procedures.

**B.    The Memorandum Opinion and Order.**

WHEREAS, on October 13, 2009, the Debtors
filed the Debtors' Forty-Eighth, Forty-Ninth, and
Fiftieth Omnibus Objection to Certain Administrative

---

[2]  All capitalized terms not otherwise defined herein shall have the
meaning ascribed to such terms in the Settlement Procedures Order.

Expenses and 503(b)(9) Claims (the "Forty-Eighth, Forty-Ninth, and Fiftieth Omnibus Objections") (D.I. 5211, 5212 & 5213); and

WHEREAS, as set forth in the Forty-Eighth, Forty-Ninth, and Fiftieth Omnibus Objections, Circuit City alleged that it became entitled to certain pre- and post-petition amounts, including receivables, charge-backs, returns, and other amounts, which amounts are currently due and owing to Circuit City by various claimants but for which Circuit City had not yet received payment (the "Receivables").  Therein, the Debtors sought to setoff the Receivables against administrative expenses before setting off against any general unsecured, non-priority claims; and

WHEREAS, on December 3, 2009, the Court issued its Memorandum Opinion (Docket No. 5963) and Order (Docket No. 5964) with respect to the Debtors' Forty-Eighth, Forty-Ninth and Fiftieth Omnibus Objections to Claims.  Pursuant to the Court's Order, the Debtors are authorized to setoff all of their pre- and/or post-petition Receivables against Administrative Expenses (as defined in the Objections), including claims arising

5

under Bankruptcy Code section 503(b)(9), before setting

off against any general unsecured claims; and

**SETTLEMENT BACKGROUND**

**A.    The Microsoft Claims.**

WHEREAS, Circuit City Stores, Inc. ("Circuit

City") and Microsoft were parties to that certain

Microsoft Corporation Direct Retailer Agreement, dated

September 1, 2004, as amended and supplemented by the

Zune Product and Kiosk Addendum to the Microsoft

Corporation Direct Retailer Agreement dated October 24,

2006, the Jellyfish Merchant Program Agreement, last

modified May 29, 2007, the Addendum to the Microsoft

Corporation Direct Retailer Agreement, effective July

2007, and the Amendment to the Addendum to the Microsoft

Corporation Direct Retailer Agreement dated November 8,

2007 (collectively, the "Microsoft Agreements").

Pursuant to the Microsoft Agreements, the Debtors

purchased certain Microsoft products and services,

including (without limitation) PC related software and

other products, XBox game systems, and Zune digital

audio players and products (collectively, the

"Product"), for resale in their retail stores; and

WHEREAS, on November 26, 2008, Microsoft filed a Reclamation Demand (the "Reclamation Demand") for Product received by the Debtors within forty-five (45) days of the Petition Date in the amount of $6,756,361.32. Therein, Microsoft stated that it intended to assert a section 503(b)(9) claim for the unpaid balance on Product entitled to section 503(b)(9) priority. Moreover, Microsoft also alleged that it consigned goods to Circuit City in the amount of $1,579,148.72 during the forty-five (45) days before the Petition Date. Microsoft sought reclamation of the consigned goods to the extent the consigned goods were property of the Debtors' estates; and

WHEREAS, on December 19, 2008, Microsoft filed proof of claim number 965 against Circuit City's bankruptcy estate pursuant to Bankruptcy Code section 503(b)(9) (the "503(b)(9) Claim"). Therein, Microsoft alleged that it shipped in the ordinary course of business $844,900 worth of Product to the Debtors within the twenty (20) days before the Petition Date for which Microsoft had not been paid; and

7

WHEREAS, on September 15, 2009, the Debtors objected to the 503(b)(9) Claim in the Debtors' Forty-First Omnibus Objection to Claims (Disallowance of Certain No Liability Claims that were (I) Paid Prepetition or (II) Satisfied Postpetition) (D.I. 4890) (the "Forty-First Omnibus Objection").  Therein, the Debtors asserted that the 503(b)(9) Claim should be disallowed in its entirety because the claim was paid in whole prior to the Petition Date; and

WHEREAS, on October 6, 2009, Microsoft filed its Response to the Debtors' Forty-First Omnibus Objection to Claims (D.I. 5167) (the "Response"). Therein, Microsoft disputed that all of the invoices that comprised the 503(b)(9) claim were paid in full prior to the Petition Date.  Upon the filing of the Response, the Forty-First Omnibus Objection was adjourned as to Microsoft; and

WHEREAS, on January 30, 2009, Microsoft filed proof of claim number 9007, a secured proof of claim against the Debtors' bankruptcy estates (the "Secured Claim" and together with the 503(b)(9) Claim, the "Microsoft Claims").  Therein, Microsoft claimed that it

8

shipped in the ordinary course of business $8,153,021.35

worth of Product to the Debtors before the Petition Date.

As set forth in the Secured Claim, the claimed amount is

inclusive of invoices comprising Microsoft's 503(b)(9)

Claim, the Reclamation Demand, and all other outstanding

pre-petition amounts allegedly due and owing to

Microsoft.  Microsoft alleged that the claim was secured

on account of its right to setoff and/or recoup amounts

owed by Microsoft to the Debtors under the Microsoft

Agreements; and

**B.    The Debtors' Receivables.**

WHEREAS, the Debtors have alleged that

Microsoft owes the Debtors Receivables totaling

$13,547,282.22 (the "Microsoft Receivables"), which

Receivables the Debtors are authorized to setoff against

the Microsoft Claims pursuant to the Court's Memorandum

Opinion and Order; and

**C.    The Parties' Disputes.**

WHEREAS, upon reviewing the Secured Claim, the

Debtors determined that the Secured Claim was overstated

by approximately $2,792,000 on account of prepayments,

cancelled shipments, and discrepancies between the claim

9

cover amount and the support submitted by Microsoft (the "Secured Claim Discrepancy"); and

WHEREAS, Microsoft disputes the Secured Claim Discrepancy; and

WHEREAS, Microsoft disputes the amount of the Microsoft Receivables.  In particular, Microsoft alleges that it already recouped or otherwise offset certain of the Microsoft Receivables from its claims prior to filing the Microsoft Claims; and

WHEREAS, Microsoft alleges that the remaining amount of the Microsoft Receivables can be recouped or otherwise offset against Microsoft's Secured Claim and cannot be affirmatively collected by the Debtors; and

**D.    The Microsoft OnLine Claim.**

WHEREAS, Circuit City and Microsoft OnLine, Inc. ("Microsoft OnLine") were parties to that certain Microsoft Shopping Agreement with an effective date of June 11, 2007 (the "Microsoft OnLine Agreement"). Pursuant to the Microsoft OnLine Agreement, the Debtors purchased on-line advertising services (the "Services") from Microsoft OnLine; and

10

WHEREAS, on January 30, 2009, Microsoft OnLine filed proof of claim number 9008, a general unsecured proof of claim against the Debtors' bankruptcy estates (the "Microsoft OnLine General Unsecured Claim"). Therein, Microsoft OnLine claimed it sold Services in the amount of $182,072.31 in the ordinary course of business to the Debtors before the Petition Date; and

WHEREAS, the Debtors assert that the Microsoft OnLine General Unsecured Claim is overstated by $919.75; and

WHEREAS, rather than proceed with litigation concerning the Microsoft Claims, the Secured Claim Discrepancy, the Forty-First Omnibus Objection, the Response, the Reclamation Demand, the Microsoft Receivables and the Microsoft OnLine General Unsecured Claim, the parties engaged in good faith, arms' length negotiations to resolve the foregoing in their entirety; and

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of

11

which is hereby acknowledged, the Parties hereby
STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.   Upon the occurrence of the Effective Date,
as defined herein, the Parties agree that the Microsoft
OnLine General Unsecured Claim shall be reduced to and
allowed in the face amount of $181,152.56 (the "Allowed
General Unsecured Claim").

2.   The Allowed General Unsecured Claim shall
be deemed an "allowed" claim in case number 08-35653
(KRH) for all purposes, including with respect to any
confirmed plan or as required under any chapter 7
liquidation (as applicable), and shall not be subject to
further objection, offset, reduction, discount,
impairment or subordination.

3.   Upon the occurrence of the Effective Date,
as defined herein, the Parties agree that the 503(b)(9)
Claim shall be reduced to $0 and disallowed in its
entirety for all purposes in the Debtors' Chapter 11
cases.

4.   Upon the occurrence of the Effective Date,
in full satisfaction and settlement of the Microsoft
Receivables, the Parties agree that the Secured Claim

will be reduced to $0.00 and Microsoft shall pay the
Debtors $7,000,000 (the "Settlement Payment").

5.    The Settlement Payment shall be made by
Microsoft to the Debtors' bankruptcy estates in two
$3,500,000 installments.  The first installment (the
"Initial Installment") will occur within 3 days after
the Effective Date.  The second installment (the "Final
Installment") will occur on or before June 30, 2010.

6.    To the extent required, the automatic
stay of 11 U.S.C. § 362 is lifted to permit the netting
set forth in Paragraph 4 above.

7.    The Parties agree that Microsoft shall
wire or cause to be wired both the Initial Installment
and the Final Installment to the Debtors pursuant to
wire instructions provided by the Debtors to Microsoft.

8.    Upon receipt by Circuit City of the
Initial Payment and the Final Payment, Microsoft and
Microsoft OnLine, on behalf of themselves and their
successors and assigns, and the Debtors, on behalf of
themselves, and each on behalf of their respective
estates, successors, and assigns (including but not
limited to any trustee appointed in any of these chapter

13

11 cases or any successor or subsequent bankruptcy cases,

any receivers and/or other custodians appointed in any

action or proceeding involving the Debtors' property and

the liquidating trustee under the Plan), hereby

irrevocably and fully release one another from and

against any and all claims or causes of action

(including, but not limited to, causes of action under

Bankruptcy Code sections 502, 542, 543, 544, 546, 547,

548, 549, 550, 553 and 558) arising from, in connection

with, or related to the Microsoft Receivables, the

Microsoft Claims, the Microsoft Agreements, the

Microsoft OnLine General Unsecured Claim, and the

Microsoft OnLine Agreement (this paragraph, the

"Releases").

       9.    For the avoidance of doubt and

notwithstanding anything to the contrary in this

Settlement Agreement, (1) the Releases are not intended

as general releases or waivers and nothing in this

Settlement Agreement shall be construed as such, and (2)

Microsoft, Microsoft OnLine and the Debtors specifically

acknowledge and agree that this Settlement Agreement is

not intended to, and does not, release or otherwise

14

affect in any way any actual claims or causes of action
(or potential claims or causes of action similar in
nature or type to such actual claims or causes of action)
now or hereinafter asserted in, based on, or relating to
the multi-district litigation captioned In re: TFT-LCD
(Flat Panel) Antitrust Litigation, MDL No. 1827 (N.D.
Cal.) and the actions consolidated therein (the "MDL
Proceeding").  However, the parties agree that reference
to such MDL Proceeding in this Agreement in no way
implicates or infers that Microsoft and/or Microsoft
OnLine are parties to such litigation.

     10.   The Microsoft Agreements shall be deemed
terminated and rejected as of the Effective Date.

     11.   The Microsoft OnLine Agreement shall be
deemed terminated and rejected as of the Effective Date.

     12.   The Parties agree that this Settlement
Agreement finally resolves the Microsoft Claims, the
Secured Claim Discrepancy, the Forty-First Omnibus
Objection, the Response, the Reclamation Demand, the
Microsoft Receivables, and the Microsoft OnLine General
Unsecured Claim in their entirety.

13. All omnibus objections to any of the Microsoft Claims and the Microsoft OnLine General Unsecured Claim shall be deemed resolved.

14. Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Settlement Agreement or (b) to seek damages or injunctive relief in connection with such approval and enforcement.

15. Each Party hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

16. No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person

16

other than the parties hereto and their respective
successors and assigns.

17.   Except where preempted by applicable
Federal law, this Settlement Agreement shall be governed
by and construed in accordance with the internal laws of
the Commonwealth of Virginia without regard to any
choice of law provisions.

18.   This Settlement Agreement may be signed
in counterpart originals and delivered by facsimile or
email, which, when fully executed, shall constitute a
single original.

19.   This Settlement Agreement constitutes the
entire agreement and understanding of the parties
regarding the Agreement and the subject matter thereof.

20.   The United States Bankruptcy Court for
the Eastern District of Virginia shall retain exclusive
jurisdiction (and the parties consent to such retention
of jurisdiction) with respect to any disputes arising
from or related to, or other actions to interpret,
administer or enforce the terms and provisions of, this
Settlement Agreement.

17

21.   Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement.  The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

22.   This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

23.   This Settlement Agreement and all of its terms shall be effective upon the later of (i) execution by all Parties, and (ii) the expiration of the applicable Notice Period (the "Effective Date").

24.   This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto, including any Chapter 7 trustee or the Liquidating Trustee under the Plan.

18

IN WITNESS WHEREOF, this Agreement is hereby

executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC., <u>et al.</u>

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores, Inc.,
<u>et al.</u>, Debtors and Debtors in Possession

Dated:  June 10, 2010

19

MICROSOFT CORPORATION
By:


/s/ Steve Schiro_____ _
Steve Schiro
Vice President Retail Sales and Marketing
1 Microsoft Way
Mail Stop Studio D/3630
Redmond, WA  98052

Dated:  June 10, 2010