Gregg M. Galardi, Esq.                Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.               Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

          IN THE UNITED STATES BANKRUPTCY COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                           :   Chapter 11
                                 :
CIRCUIT CITY STORES, INC.,       :   Case No. 08-35653 (KRH)
et al.,                          :
                                 :   Jointly Administered
                 Debtors.        :
                                 :   **Obj. Deadline: June 28, 2010 at**
- - - - - - - - - - - - - - - x   **5:00 p.m. (ET)**

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION BY
AND AMONG THE DEBTORS AND LG ELECTRONICS USA, INC.**

          PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval
(the "Settlement Procedures Order") (Docket No. 4401).[1]  A

---

[1] Capitalized terms not otherwise defined herein shall have the
   meanings ascribed to such terms in the Settlement Agreement (defined
   below) or the Settlement Procedures Order.

copy of the Settlement Procedures Order (without exhibits) is annexed as Exhibit 1.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement Agreement") with LG Electronics USA, Inc. ("LG"), a copy of which is annexed as Exhibit 2.

### SUMMARY OF SETTLEMENT AGREEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Settlement Agreement are as follows:

---

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]   This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.

(i)     This a Tier II Settlement.

(ii)    Upon the Effective Date (as defined in the
        Settlement Agreement), the Parties agree that (i)
        the LG 503(b)(9) Claim shall be valued in the amount
        of $5,397,977; (ii) the general unsecured, non-
        priority portion of Claim No. 1261 shall be valued
        at $14,959,173.25; (iii) Claim No. 13233 shall be
        valued at $20,878,941.60; and (iv) Claim No. 8357
        shall be disallowed in its entirety for all purposes
        in the Debtors' bankruptcy proceedings.

(iii)   Upon the Effective Date, the Parties further agree
        that the Debtors' Unpaid Obligations shall be valued
        at $8,130,558.04 (the "Receivables").

(iv)    Upon the Effective Date, in full satisfaction and
        settlement of the Receivables, the Receivables shall
        be net against (i) the 503(b)(9) Claim such that the
        503(b)(9) Claim shall be reduced to $0; and (ii)
        Claim No. 13233 such that Claim No. 13233 shall be
        reduced to and allowed in the face amount
        $18,146,360.56 as a general unsecured non-priority
        claim ("Allowed Claim No. 13233").  Claim No. 1261
        shall remain and be allowed in the face amount of
        $14,959,173.25 as a general unsecured non-priority
        claim ("Allowed Claim No. 1261, and together with
        Allowed Claim No. 13233, the "Allowed General
        Unsecured Claims").

(v)     Upon the Effective Date, the Zenith Unsecured Claim
        shall be valued at and allowed in the face amount of
        $74,129.20 as a general unsecured non-priority claim
        (the "Zenith Allowed Unsecured Claim"), which shall
        remain separate and distinct from the Allowed
        General Unsecured Claims for distribution and all
        other purposes.

(vi)    Upon the Effective Date, the Allowed General
        Unsecured Claims and the Zenith Allowed Unsecured
        Claim shall be deemed "allowed" claims against
        Circuit City Stores, Inc. and its estate in case
        number 08-35653 (KRH) for all purposes, including
        with respect to any confirmed plan of liquidation or
        in any chapter 7 case of such Debtor, and shall not
        be subject to further objection, offset, reduction,
        discount, impairment or subordination.

(vii)   Upon the Effective Date, LG and the Debtors, on
        behalf of themselves, and each on behalf of their
        respective estates (including but not limited to any
        trustee appointed in any of these chapter 11 cases
        or any successor chapter 7 case), hereby irrevocably

and fully release one another from and against any and all claims or causes of action (including but not limited to, causes of action under Bankruptcy Code sections 502, 542, 543, 544, 546, 547, 548, 549, 550, 553 and 558) arising from, in connection with, or relating to the LG Agreements, the LG Claims, the Fifty-Second Omnibus Objection, the Adversary Complaint and Adversary Proceeding, the Preferential Transfers, the Appeal, the Receivables, and the Debtors' Unpaid Obligations (this paragraph, the "Releases"), but excluding the Allowed General Unsecured Claims and the Zenith Allowed Unsecured Claim.

(viii)  For the avoidance of doubt and notwithstanding anything to the contrary in the Settlement Agreement, (1) the Releases are not intended as general releases or waivers and nothing in the Settlement Agreement shall be construed as such, and (2) LG and the Debtors specifically acknowledge and agree that the Settlement Agreement is not intended to, and does not, release or otherwise affect in any way any actual claims or causes of action (or potential claims or causes of action similar in nature or type to such actual claims or causes of action) now or hereinafter asserted in, based on, or relating to the multi-district litigation captioned In re: TFT-LCD (Flat Panel) Antitrust Litigation, MDL No. 1827 (N.D. Cal.) and the actions consolidated therein (the "MDL Proceeding").

(ix)  Upon the Effective Date, all omnibus objections to the LG Claims shall be deemed resolved.

(x)  Upon the Effective Date, the Adversary Proceeding and Adversary Complaint shall be dismissed with prejudice.

(xi)  Upon the Effective Date, the Parties shall cause the Appeal to be dismissed with prejudice.

(xii)  The LG Agreements shall be deemed terminated and rejected as of the Effective Date.

## TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO CONSIDER THE SETTLEMENT AGREEMENT

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Settlement Procedures Order, any Notice Party may object (each an "Objection") to or

request additional time or information (each a "Request") to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be <u>in writing</u> and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (see information below) by no later **June 28, 2010 at 5:00 p.m. (ET)** (the "Objection Deadline"). Each Objection or Request must be served on (i) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F. Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Settlement Agreement and you do not want the Debtors to proceed with the Settlement Agreement or you want the Court to consider your views concerning the Settlement Agreement, you or you attorney must also:

> file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before June 28, 2010 at 5:00 p.m. (ET)**.

**Any Objection to the Settlement Agreement must be submitted by the method described in the foregoing sentence. Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Settlement Procedures Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: June 14, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   1Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

        Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.    The Notice Procedures are fair,

reasonable, and appropriate.

3.    The Settlement Procedures are fair

reasonable, and appropriate.

4.    The Notice and Settlement Procedures were

proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)   Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)   Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as applicable, in an amount greater than $500,000.

12. Subject to the Notice Procedures, the Debtors are authorized to compromise and settle Cause of Action and Receivable Claims as follows:

(a)     Tier I With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value (i) equal to or greater than seventy-five percent (75%) of the Debtors' original reasonable estimate of the Cause of Action and Receivable Claim amount and (ii) equal to or less than $1,000,000.

(b)     Tier II With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value equal to (i) more than $1,000,000 or (ii) less than

> seventy-five percent (75%) of the Debtors'
> original reasonable estimate of the Cause of
> Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of <u>Exhibit A</u> attached hereto;
<u>provided</u>, <u>further</u>, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; <u>provided</u>, <u>further</u>, that, if applicable, KCC

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.   Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.   Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for
all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency
between the Motion and this Order, this Order shall
control.

19.   The requirement under Local Rule 9013-
1(G) of the Local Rules for the United States Bankruptcy
Court for the Eastern District of Virginia to file a
memorandum of law in connection with the Motion is
hereby waived.

20.   This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
        _____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

12

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

     Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                             /s/ Douglas M. Foley
                             Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
        Debtors.            :   Jointly Administered
- - - - - - - - - - - - - x

   **SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
        DEBTORS AND LG ELECTRONICS USA, INC.**

        This settlement agreement and stipulation

(this "Settlement Agreement") is entered into by and

among the above-captioned debtors and debtors in

possession (the "Debtors"),[1] on the one hand, and LG

Electronics USA, Inc. ("LG" and together with the

Debtors, the "Parties" and each of which is a "Party"),

on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code; and

---

[1] The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
VA 23060.

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors' Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

3

WHEREAS, the associated disclosure statement
(the "Disclosure Statement") was approved on September
24, 2009, and confirmation on the Plan has been
adjourned and a status conference is scheduled for June
16, 2010; and

WHEREAS, generally, the Plan provides for the
liquidation of the Debtors under chapter 11 of the
Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the
Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R.
Bankr. P. 2002, 9006, and 9019 Authorizing the
Establishment of Procedures to Settle Certain Pre-
Petition and Post-Petition Claims and Causes of Action
Without Further Court Approval, dated August 7, 2009
(Docket No. 4401, the "Settlement Procedures Order") to
enter into this Settlement Agreement, subject to the
Notice Procedures.

**SETTLEMENT BACKGROUND**

**A.    The LG Claims.**

WHEREAS, Circuit City Stores, Inc. ("Circuit
City") and LG were parties to numerous purchase
agreements (the "LG Agreements").  Pursuant to the LG

4

Agreements, the Debtors purchased certain LG products (collectively, the "Product") for resale in their retail stores; and

WHEREAS, on December 18, 2008, LG filed proof of claim number 1261 ("Claim No. 1261") against the Debtors' bankruptcy estates pursuant to Bankruptcy Code section 503(b)(9).  Therein, LG alleged that it shipped in the ordinary course of business $20,599,070.25 worth of Product to the Debtors within the twenty (20) days before the Petition Date; and

WHEREAS, on June 23, 2009, the Debtors filed the Debtors' Twentieth Omnibus Objection to Claims (Reclassification to Unsecured Claims of Certain Claims Filed as 503(b)(9) Claims for Goods Received by the Debtors Not Within Twenty Days of the Commencement of the Cases) (D.I. 3704).  Therein, the Debtors objected to Claim No. 1261 and sought to reclassify a portion of Claim No. 1261 to a general unsecured non-priority claim on the basis that certain of the Product that were the subject of Claim No. 1261 were not received by the Debtors within the twenty days prior to the Petition Date; and

WHEREAS, on August 20, 2009, the court entered the Order on Debtors' Twentieth Omnibus Objection to Claims (Reclassified to Unsecured Claims of Certain Claims Filed as 503(b)(9) Claims for Goods Received by the Debtors Not Within Twenty Days of the Commencement of the Cases) (D.I. 4576). Therein, the Court reclassified a portion of Claim No. 1261 to a general unsecured, non-priority claim in the amount of $15,201,093.25; and

WHEREAS, on January 29, 2009, LG filed claim number 8357 ("Claim No. 8357"), a general unsecured proof of claim against the Debtors' bankruptcy estates. Therein, LG claimed that it was owed $208,637.10 for expense payables incurred prior to the Petition Date; and

WHEREAS, on January 29, 2009, LG filed proof of claim number 9623 ("Claim No. 9623") against the Debtors' bankruptcy estates. Therein, LG asserted that it shipped $42,315,217.97 worth of Product to the Debtors prior to the Petition Date for which LG had not been paid; and

6

WHEREAS, on June 1, 2009, LG filed proof of claim number 13233 ("Claim No. 13233") against the Debtors' bankruptcy estates.  Claim No. 13233 amended Claim No. 9623.  Claim No. 13233 was filed by LG in the total amount of $41,478,011.85 for Product shipped to the Debtors prior to the Petition Date.  Claim No. 13233 was filed as a general unsecured, non-priority claim; and

WHEREAS, on August 21, 2009, the Debtors filed the Debtors' Thirty-Fourth Omnibus Objection to Claims (Modification of Certain Duplicate 503(b)(9) Claims) (D.I. 4598).  Therein, the Debtors objected to Claim No. 13233 and sought to reduce Claim No. 13233 on the basis that it included amounts duplicated in Claim No. 1261; and

WHEREAS, on October 28, 2009, the court entered the Order on Debtors' Thirty-Fourth Omnibus Objection to Claims (Modification of Certain Duplicate 503(b)(9) Claims) (D.I. 5385) and thereby reduced Claim No. 13233 to $20,878,941.60; and

WHEREAS, on August 21, 2009, the Debtors filed the Debtors' Thirty-Fifth Omnibus Objection to Claims

7

(Disallowance of (I) Certain Amended Claims; and (II) Certain Duplicate Claims) (D.I. 4599).  Therein, the Debtors objected to Claim No. 9623 and sought to disallow Claim No. 9623 on the basis that Claim No. 9623 was amended by Claim No. 13233 and was duplicative; and

WHEREAS, on October 29, 2009, the court entered Order on Debtors' Thirty-Fifth Omnibus Objection to Claims (Disallowance of (I) Certain Amended Claims; and (II) Certain Duplicate Claims) (D.I. 5396) and thereby disallowed Claim No. 9623 in its entirety; and

WHEREAS, LG's claims currently consist of: (i) three general unsecured non-priority claims -- a portion of Claim No. 1261 and Claim Nos. 8357 and 13233 -- totaling $36,288,671.95 (collectively, the "General Unsecured Claims"), and (ii) a claim -- a portion of Claim No. 1261 -- allegedly entitled to priority under Bankruptcy Section 503(b)(9) totaling $5,397,977 (the "503(b)(9) Claim" and together with the General Unsecured Claims, the "LG Claims"); and

**B.    The Memorandum Opinion and Order.**

WHEREAS, pursuant to the Debtors' (I) Fifty-Second Omnibus Objection to Certain 503(b)(9) Claims and

8

(II) Motion for a Waiver of the Requirement that the First Hearing on any Response Proceed as a Status Conference (D.I. 5216) (the "Fifty-Second Omnibus Objection"), the Debtors sought to temporarily disallow the 503(b)(9) Claim pending the return of certain preferential transfers allegedly avoidable under Bankruptcy Code section 547 (the "Preferential Transfers"); and

WHEREAS, LG filed an opposition to the Fifty-Second Omnibus Objection; and

WHEREAS, on January 6, 2010, the Court entered a Memorandum Opinion and Order (D.I. 6228) sustaining the Fifty-Second Omnibus Objection and temporarily disallowing the 503(b)(9) Claim in its entirety; and

WHEREAS, on January 19, 2010, LG filed its Notice of Appeal (D.I. 6318) and Motion for Leave to Appeal the Memorandum Opinion and Order sustaining the Fifty-Second Omnibus Objection (the "Motion for Leave") (D.I. 6320); and

WHEREAS, on April 23, 2010, the Motion for Leave was granted (the "Appeal"); and

9

C.    **The Adversary Proceeding.**

WHEREAS, on March 23, 2010, Circuit City Stores, Inc. filed its Objection to Claim Nos. 1261, 8357, and 13233 and Complaint Against LG Electronics USA, Inc. (the "Adversary Complaint") (Adv. Pro. No. 10-03054 (the "Adversary Proceeding"); (D.I. 1)); and

WHEREAS, in the Adversary Complaint, the Debtors asserted that the general unsecured, non-priority portion of Claim No. 1261 is overstated by $600,261.50 on account of invoice shortages and general invoice pricing discrepancies such that such portion should be reduced to $14,600,831.75 ("Modified Claim No. 1261"); and

WHEREAS, in the Adversary Complaint, the Debtors asserted that Claim No. 8357 was entirely duplicated on Claim No. 13233, and as such, Claim No. 8357 should be disallowed in its entirety; and

WHEREAS, the Debtors also objected to Claim No. 13233 on the basis that it was overstated by $68,689.49 on account of general invoice pricing discrepancies and improperly reversed advertising chargebacks such that

such portion of Claim No. 13233 should be reduced to
$20,810,252.11 ("Modified Claim No. 13233"); and

WHEREAS, in the Adversary Complaint, among
other things, the Debtors asserted that they are
entitled to certain pre- and post-petition amounts,
including receivables, charge-backs, returns, and other
amounts under the LG Agreements, which amounts are
currently due and owing to Circuit City Stores, Inc.
("Circuit City") by LG, but for which Circuit City had
not received payment.  Specifically, the Debtors
asserted that LG owes Circuit City pre- and post-
petition amounts totaling $10,469,268 (the "Unpaid
Obligations").  The Debtors sought to setoff the Unpaid
Obligations from the 503(b)(9) Claim.  After setoff, the
503(b)(9) Claim would be reduced to $0 and the Unpaid
Obligations would be reduced to $5,071,291 (the
"Remaining Unpaid Obligations"); and

WHEREAS, the Debtors also sought to setoff the
Remaining Unpaid Obligations against Modified Claim No.
1261 such that the Modified Claim No. 1261 would be
reduced to $9,529,540.75 and the Remaining Unpaid
Obligations would be reduced to $0;

11

WHEREAS, in the Adversary Complaint, the
Debtors also asserted that during the 90-day period
prior to the commencement of Circuit City's bankruptcy
cases (the "Preference Period"), Circuit City
transferred property to or for the benefit of LG in an
amount not less than $59,014,852.87 (the "Preferential
Transfers").  The Debtors sought to recover the
Preferential Transfers pursuant to Bankruptcy Code
sections 547 and 550; and

WHEREAS, the Debtors sought to temporarily
disallow the General Unsecured Claims pursuant to
Bankruptcy Code section 502(d) until such time as LG
turned over the Preferential Transfers and the Unpaid
Obligations; and

WHEREAS, LG has not yet filed its Answer to
the Adversary Complaint.  Since the Adversary Complaint
was filed, however, LG asserted that it has a complete
defense to the Preferential Transfers; and

**D.    The Zenith Claim.**

WHEREAS, on January 29, 2009, Zenith
Electronics Corporation ("Zenith") filed claim number
8354 (the "Zenith Unsecured Claim"), a general unsecured

12

proof of claim against the Debtors' bankruptcy estates.

Therein, Zenith claimed that it is owed $74,129.20 for

litigation related claims unrelated to LG Agreements;

and

WHEREAS, LG is the successor in interest to

the Zenith Unsecured Claim; and

WHEREAS, rather than proceed with litigation

concerning the LG Claims, the Fifty-Second Omnibus

Objection, the Appeal, the Adversary Complaint, the

Preferential Transfers, the Debtors' Unpaid Obligations,

and the Zenith Unsecured Claim, the Parties engaged in

good faith, arms' length negotiations to resolve the

foregoing; and

NOW THEREFORE, subject to and in accordance

with the Settlement Procedures Order, for good and

valuable consideration the receipt and sufficiency of

which is hereby acknowledged, the Parties hereby

STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    Upon the Effective Date (as defined

herein), the Parties agree that (i) the LG 503(b)(9)

Claim shall be valued in the amount of $5,397,977; (ii)

the general unsecured, non-priority portion of Claim No.

13

1261 shall be valued at $14,959,173.25; (iii) Claim No.

13233 shall be valued at $20,878,941.60; and (iv) Claim

No. 8357 shall be disallowed in its entirety for all

purposes in the Debtors' bankruptcy proceedings.

2.   Upon the Effective Date, the Parties

further agree that the Debtors' Unpaid Obligations shall

be valued at $8,130,558.04 (the "Receivables").[2]

3.   Upon the Effective Date, in full

satisfaction and settlement of the Receivables, the

Receivables shall be net against (i) the 503(b)(9) Claim

such that the 503(b)(9) Claim shall be reduced to $0;

and (ii) Claim No. 13233 such that Claim No. 13233 shall

be reduced to and allowed in the face amount

$18,146,360.56 as a general unsecured non-priority claim

("Allowed Claim No. 13233").   Claim No. 1261 shall

remain and be allowed in the face amount of

$14,959,173.25 as a general unsecured non-priority claim

---

[2]   As part of their negotiations, the Parties engaged in a
comprehensive reconciliation of the LG Claims.  During that
reconciliation, the Parties determined and agreed that LG already
setoff certain of the Alleged Receivables from the General
Unsecured Claims before those claims were filed.

14

("Allowed Claim No. 1261, and together with Allowed

Claim No. 13233, the "Allowed General Unsecured Claims").

4.   Upon the Effective Date, the Zenith

Unsecured Claim shall be valued at and allowed in the

face amount of $74,129.20 as a general unsecured non-

priority claim (the "Zenith Allowed Unsecured Claim"),

which shall remain separate and distinct from the

Allowed General Unsecured Claims for distribution and

all other purposes.

5.   Upon the Effective Date, the Allowed

General Unsecured Claims and the Zenith Allowed

Unsecured Claim shall be deemed "allowed" claims against

Circuit City Stores, Inc. and its estate in case number

08-35653 (KRH) for all purposes, including with respect

to any confirmed plan of liquidation or in any chapter 7

case of such Debtor, and shall not be subject to further

objection, offset, reduction, discount, impairment or

subordination.

6.   Upon the Effective Date, LG and the

Debtors, on behalf of themselves, and each on behalf of

their respective estates (including but not limited to

any trustee appointed in any of these chapter 11 cases

15

or any successor chapter 7 case), hereby irrevocably and

fully release one another from and against any and all

claims or causes of action (including but not limited to,

causes of action under Bankruptcy Code sections 502, 542,

543, 544, 546, 547, 548, 549, 550, 553 and 558) arising

from, in connection with, or relating to the LG

Agreements, the LG Claims, the Fifty-Second Omnibus

Objection, the Adversary Complaint and Adversary

Proceeding, the Preferential Transfers, the Appeal, the

Receivables, and the Debtors' Unpaid Obligations (this

paragraph, the "Releases"), but excluding the Allowed

General Unsecured Claims and the Zenith Allowed

Unsecured Claim.

7.   For the avoidance of doubt and

notwithstanding anything to the contrary in this

Settlement Agreement, (1) the Releases are not intended

as general releases or waivers and nothing in this

Settlement Agreement shall be construed as such, and (2)

LG and the Debtors specifically acknowledge and agree

that this Settlement Agreement is not intended to, and

does not, release or otherwise affect in any way any

actual claims or causes of action (or potential claims

16

or causes of action similar in nature or type to such

actual claims or causes of action) now or hereinafter

asserted in, based on, or relating to the multi-district

litigation captioned In re: TFT-LCD (Flat Panel)

Antitrust Litigation, MDL No. 1827 (N.D. Cal.) and the

actions consolidated therein (the "MDL Proceeding").

8.   Upon the Effective Date, all omnibus
objections to the LG Claims shall be deemed resolved.

9.   Upon the Effective Date, the Adversary
Proceeding and Adversary Complaint shall be dismissed

with prejudice.

10.  Upon the Effective Date, the Parties
shall cause the Appeal to be dismissed with prejudice.

11.  The LG Agreements shall be deemed
terminated and rejected as of the Effective Date.

12.  Neither this Settlement Agreement, nor
any statement made or action taken in connection with

the negotiation of this Settlement Agreement, shall be

offered or received in evidence or in any way referred

to in any legal action or administrative proceeding

among or between the Parties hereto, other than as may

be necessary (a) to obtain approval of and to enforce

17

this Settlement Agreement or (b) to seek damages or
injunctive relief in connection with such approval and
enforcement.

13.   Each Party hereto shall execute and
deliver any and all additional papers, documents and
other assurances, and shall do any and all acts and
things reasonably necessary or appropriate in
conjunction with the performance of their respective
obligations hereunder.

14.   No provision of this Settlement Agreement
is intended to confer any rights, benefits, remedies,
obligations or liabilities hereunder upon any person
other than the Parties hereto and their respective
successors.

15.   Except where preempted by applicable
federal law, this Settlement Agreement shall be governed
by and construed in accordance with the internal laws of
the Commonwealth of Virginia without regard to any
choice of law provisions.

16.   This Settlement Agreement may be signed
in counterpart originals and delivered by facsimile or

18

email, which, when fully executed, shall constitute a
single original.

17.   This Settlement Agreement constitutes the
entire agreement and understanding of the Parties
regarding the Settlement Agreement and the subject
matter thereof.

18.   The United States Bankruptcy Court for
the Eastern District of Virginia shall retain exclusive
jurisdiction (and the Parties consent to such retention
of jurisdiction) with respect to any disputes arising
from or related to, or other actions to interpret,
administer or enforce the terms and provisions of, this
Settlement Agreement.

19.   Each person or entity who executes this
Settlement Agreement on behalf of another person or
entity represents and warrants that he, she, or it is
duly authorized to execute this Settlement Agreement on
behalf of such person or entity, has the requisite
authority to bind such person or entity, and such person
or entity has full knowledge of and has consented to
this Settlement Agreement.   The representations and

warranties set forth in this paragraph shall survive

execution of this Settlement Agreement.

20.   This Settlement Agreement shall not be

modified, altered, amended or vacated without the

written consent of all Parties hereto or order of the

Court.

21.   This Settlement Agreement and all of its

terms shall be effective upon the later of (i) execution

by both Parties, (ii) the expiration of the applicable

Notice Period, or (iii) the resolution of any objection

properly filed in accordance with the terms of the

Settlement Procedures Order (the "Effective Date").

22.   This Settlement Agreement shall inure to

the benefit of and be binding upon the successors and

assigns of the Parties hereto, including any Chapter 7

trustee or the liquidating trustee under the Plan.

        IN WITNESS WHEREOF, this Settlement Agreement

is hereby executed as of June 14, 2010.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC., <u>et al.</u>,
Debtors and Debtors in Possession


By:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

<u>/s/ Douglas M. Foley      </u>
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Attorneys for Circuit City Stores, Inc.,
<u>et al.</u>, Debtors and Debtors in Possession

                            21

LG ELECTRONICS USA, INC.

By:

/s/ Dylan G. Trache___     _
Dylan G. Trache
Wiley Rein LLP
7925 Jones Branch Drive, Suite 6200
McLean, VA  22102
(703) 905-2829

Counsel for LG Electronics USA, Inc.