## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CIRCUIT CITY STORES, INC., et al.,** | **Case No. 08-35653 (KRH)** |
| **Debtors.** | **(Jointly Administered)**<br>**Hrg. Date: July 12, 2010 at 2:00 p.m. (ET)**<br>**Obj. Due: July 6, 2010 at 4:00 p.m. (ET)** |

### FIFTH INTERIM FEE APPLICATION OF KPMG LLP AS INDEPENDENT AUDITORS AND TAX CONSULTANTS TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD BEGINNING <u>FEBRUARY 1, 2010 THROUGH APRIL 30, 2010</u>

Name of Applicant:  KPMG LLP

Authorized to Provide Professional Services to:  Debtors

Date of Retention:  December 22, 2008 *Nunc Pro Tunc* to November 10, 2008

Period for which Compensation and Expense Reimbursement is sought:  February 1, 2010 through April 30, 2010

Amount of Compensation sought as actual, reasonable and necessary:  $ 14,367.50

Amount of Expense reimbursement sought as actual, reasonable and necessary  $   0.00

This is an: _____ Monthly ____X____ Interim _____ Final Application

The total time expended in connection with the preparation of this fee application is approximately 3.0 hours and the corresponding compensation requested is approximately $735.00.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CIRCUIT CITY STORES, INC., et al.,** | **Case No. 08-35653 (KRH)** |
| **Debtors.** | **(Jointly Administered)**<br>**Hrg. Date: July 12, 2010 at 2:00 p.m. (ET)**<br>**Obj. Due: July 6, 2010 at 4:00 p.m. (ET)** |

**FIFTH INTERIM FEE APPLICATION OF KPMG LLP AS INDEPENDENT
AUDITORS AND TAX CONSULTANTS TO THE DEBTORS FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD BEGINNING
FEBRUARY 1, 2010 THROUGH APRIL 30, 2010**

INDEX

EXHIBIT A          Summary of Hours and Discounted Fees Incurred by Professional

EXHIBIT B          Summary of Hours and Discounted Fees Incurred by Category

EXHIBIT C          Summary of Out of Pocket Expenses

EXHIBIT C1         Detail of Out of Pocket Expenses

EXHIBIT D1-D6      Complete Accounting of Time Expended by Day by Professional
                   by Category

EXHIBIT E          Copy of the KPMG Retention Order

EXHIBIT F          KPMG Certification

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CIRCUIT CITY STORES, INC., et al.,** | **Case No. 08-35653 (KRH)** |
| **Debtors.** | **(Jointly Administered)**<br>**Hrg. Date: July 12, 2010 at 2:00 p.m. (ET)**<br>**Obj. Due: July 6, 2010 at 4:00 p.m. (ET)** |

### FIFTH INTERIM FEE APPLICATION OF KPMG LLP AS INDEPENDENT AUDITORS AND TAX CONSULTANTS TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD BEGINNING FEBRUARY 1, 2010 THROUGH APRIL 30, 2010

KPMG LLP, ("KPMG") as auditors and tax consultants to the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") files this Fifth Interim Fee Application (the "Application"), pursuant to section 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. Section 330 issued by the Executive Office for the United States Trustee (the "U.S. Trustee Guidelines"), and this Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated December 9, 2008 (the "Interim Compensation Order") (Docket No. 830), for the allowance of interim compensation for professional services performed by KPMG and reimbursement for actual and necessary expenses incurred for the period beginning

February 1, 2010 through April 30, 2010 (the "Compensation Period"), in the amount of

$14,367.50 (the "Compensation Amount"), and respectfully represents:

### Background

1.       On November 10, 2008 ('the Petition Date), the Debtors filed

voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The

Debtors continue to manage and operate their businesses as debtors in possession

pursuant to Bankruptcy Code sections 1107 and 1108. On November 12, 2008, the

Office of the United States Trustee for the Eastern District of Virginia appointed a

statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no

trustee or examiner has been appointed in these chapter 11 cases.

2.       On January 16, 2009, the Court authorized the Debtors, among

other things, to conduct going out of business sales at the Debtors' remaining 567 stores

pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a

joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going

out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.

### Relief Requested

3.       By this Court's Order, dated December 23, 2008, (the "Retention

Order") the Debtors were authorized to retain KPMG as independent auditors and tax

consultants effective as of the Petition Date.  The Retention Order authorized the Debtors

to compensate KPMG in accordance with the procedures set forth in section 330 and 331

of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other

procedures as were fixed by order of the Court.  A copy of the Retention Order is

attached hereto as Exhibit E.

4

## Summary of Application

4.      By this Application, and in accordance with the Interim Compensation Order, KPMG requests allowance of compensation for services rendered incurred in these cases for the period beginning February 1, 2010 through April 30, 2010, and in connection therewith, requests allowance of compensation in the amount of $14,367.50 for professional fees.  KPMG's request for compensation is broken down as follows:

| Period Covered | Requested | | | Payments Received | | Outstanding | |
|---|---|---|---|---|---|---|---|
| | Hours | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| 02/1/2010 – 02/28/2010 | 0.0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/1/2010 – 03/31/2010 | 38.5 | $14,367.50 | $0.00 | $0.00 | $0.00 | $14,367.50 | $0.00 |
| 04/1/2010 – 04/301/2010 | 0.0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Grand Total** | 38.5 | $14,367.50 | $0.00 | $0.00 | $0.00 | $14,367.50 | $0.00 |

## Summary of Services During the Compensation Period

5.      This Application is KPMG's Fifth Interim Fee Application for compensation and expense reimbursement filed in these cases.  During the Compensation Period, KPMG provided professional services to the Debtors in their efforts to navigate their business through the chapter 11 process.

6.      Set forth below is a summary of the services KPMG rendered to the Debtors during the Compensation Period as authorized by the Retention Order.

## Tax Consulting Services - Restructuring

i.      Assisting with ongoing IRS examination issues, specifically focusing on refund claims, sale-leaseback claim, rebates & rewards;

ii.   Proposed assistance with bankruptcy-related tax consulting services; and

iv.   Other consulting, advice, research, planning or analysis regarding tax issues as may be requested from time to time.

**Employment/Fee Applications**

i.   The billing procedures required by the U.S. Trustee Guidelines differ from KPMG's normal billing procedures and as such, the Local Rules and the Interim Compensation Order entered in these cases have required effort to inform the timekeepers of their responsibilities, gather and review the detailed time entries and expenses and preparation of this Application. Such activities included compiling and reviewing detailed time entries, compiling and reviewing detailed expenses incurred, preparing detailed and summary schedules of fees and expenses incurred, and drafting the narratives and schedules included in this Application.

7.    A summary of the hours and fees incurred by professional and category is annexed hereto as Exhibit A and Exhibit B, respectively, and described in detail in the time records annexed hereto as Exhibits D1 – D6.   KPMG maintains contemporaneous records of the time expended for the professional services and expenses related hereto performed in connection with these chapter 11 cases and such records are maintained in the ordinary course of business.

8.    The fees applied for herein are based on the usual and customary fees KPMG charges to tax and audit clients and are commensurate with the usual and customary rates charged for services performed.

9.    During the Compensation Period, KPMG invoiced the Debtors for time expended by professionals based on hourly rates ranging from $245.00 to $612.50 per hour for a total of $14,367.50.   The rates reflected on this Application represent a

discount of approximately 30% to 50% of KPMG's standard rates. Of the aggregate time expended, 8.0 hours were expended by partners, 12.5 hours were expended by senior managers and managers and 18.0 hours were expended by senior associates. KPMG's blended hourly rate for the services provided during the Compensation Period is $373.18.

10.      KPMG respectfully submits that the amounts applied for herein for professional services rendered on behalf of the Debtors in these cases to date are fair and reasonable given: (a) the time expended; (b) the nature and extent of the services performed at the time at which such services were rendered; (c) the value of such services; and (d) the costs of comparable services other than in these chapter 11 cases.

11.      The time and labor expended by KPMG during the Compensation Period has been commensurate with the size and complexity of these cases. In rendering these services, KPMG has made every effort to maximize the benefit to the Debtors' estates, to work efficiently with the other professionals employed in these cases, and to leverage staff appropriately in order to minimize duplication of effort.

12.      During the Compensation Period, KPMG provided a focused range of professional services as requested by the Debtors. KPMG respectfully submits that these services: (a) were necessary and beneficial to the successful and prompt administration of these cases; and (b) have been provided in a cost efficient manner.

**Summary of Actual and Necessary Expenses During the Compensation Period**

13.    As set forth on Exhibit C and C1, KPMG is not currently aware of any amounts owed for reimbursement of expenses during the Compensation Period.

**Reservation**

14.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, KPMG reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.  Furthermore, KPMG reserves the right to seek final approval of the fees and expenses requested herein.

**Conclusion**

15.    WHEREFORE, subject to the terms of the Interim Compensation Order, KPMG respectfully requests that the Court approve the interim compensation of $14,367.50 as compensation for professional services rendered.

Respectfully submitted,

KPMG LLP


_____                                    June 9, 2010
Paul W. Croston
Partner
KPMG  LLP
1021 E Cary Street
Suite 2000
Richmond, VA 23219-4023

Dated: June 14, 2010          Respectfully submitted by:
        Richmond, Virginia

                              SKADDEN, ARPS, SLATE, MEAGHER &
                              FLOM, LLP
                              Gregg M. Galardi, Esq.
                              Ian S. Fredericks, Esq.
                              P.O. Box 636
                              Wilmington, Delaware 19899-0636
                              (302) 651-3000

                                     - and -

                              SKADDEN, ARPS, SLATE, MEAGHER &
                              FLOM, LLP
                              Chris L. Dickerson, Esq.
                              155 North Wacker Drive
                              Chicago, Illinois 60606
                              (312) 407-0700

                                     - and -

                              MCGUIREWOODS LLP

                              /s/ Douglas M. Foley          .
                              Douglas M. Foley (VSB No. 34364)
                              Sarah B. Boehm (VSB No. 45201)
                              One James Center
                              901 E. Cary Street
                              Richmond, Virginia 23219
                              (804) 775-1000

                              Counsel for Debtors and Debtors in
                              Possession

**EXHIBIT A**

Circuit City Stores, Inc.

Summary Of Hours and Discounted Fees Incurred By Professional

February 1, 2010 through April 30, 2010

| Professional | Position | Current Hours Billed | Hourly Rate | | Fees Billed | |
|---|---|---|---|---|---|---|
| Conjura,Carol | Tax Partner | 6.0 | $ | 612.50 | $ | 3,675.00 |
| Croston,Paul William | Tax Partner | 2.0 | $ | 507.50 | $ | 1,015.00 |
| Ridgeway,Gail Carlon | Tax Senior Manager | 9.5 | $ | 420.00 | $ | 3,990.00 |
| Degnan,Daniel J | Tax Manager | 2.3 | $ | 455.00 | $ | 1,046.50 |
| Sellers,Monica | Manager | 0.7 | $ | 330.00 | $ | 231.00 |
| Sitterson,Christopher | Tax Senior Associate | 3.3 | $ | 245.00 | $ | 808.50 |
| Tatum,Pamela Renea | Senior Associate | 14.7 | $ | 245.00 | $ | 3,601.50 |
| **Total Hours and Fees at Discounted Rate** | | **38.5** | | | **$** | **14,367.50** |
| | | | | | | |
| **Subtotal of Fees** | | | | | **$** | **14,367.50** |
| Out of Pocket Expenses | | | | | $ | - |
| **Net Requested Fees & Out of Pocket Expenses** | | | | | **$** | **14,367.50** |
| | | | | | | |
| Blended Rate | | $ | 373.18 | | | |

KPMG's standard practice is to treat certain time and expenses as having been incurred when such obligations are recorded and reflected as payable in KPMG's accounting.  Moreover, KPMG may not bill certain expenses until all supporting documentation is received.  Accordingly, KPMG may seek reimbursement of fees and disbursements relating to this month in subsequent statements/invoices.

**EXHIBIT B**

Circuit City Stores, Inc.

Summary of Hours and Discounted Fees Incurred by Category

February 1, 2010 through April 30, 2010

| Category | Exhibit | Hours | Fees |
|---|---|---|---|
| Audit 09 - Integrated Audit | D1 | - | $ - |
| Tax Consulting Services - Restructuring | D2 | 21.6 | $ 9,852.50 |
| FY09 Special Audit Related Services | D3 | - | $ - |
| Employment/Fee Applications | D4 | 16.9 | $ 4,515.00 |
| Audit 2/28/08-Retirement Plan | D5 | - | $ - |
| 401K Plan Audits | D6 | - | $ - |
| **Total** | | **38.5** | **$ 14,367.50** |

**EXHIBIT C**

Circuit City Stores, Inc.
Summary of Out of Pocket Expenses
February 1, 2010 through April 30, 2010

| Category | Amount |
|---|---|
| Airfare | $ - |
| Lodging | $ - |
| Meals | $ - |
| Ground Transportation | $ - |
| Miscellaneous | $ - |
| **Total** | **$ -** |

EXHIBIT C1

Circuit City Stores, Inc.
Detail of Out of Pocket Expenses
February 1, 2010 through April 30, 2010

| Name | Date | Description | Amount |
|------|------|-------------|--------|
| | | Air Fare Subtotal | $          - |
| | | Lodging Subtotal | $          - |
| | | Meals Subtotal | $          - |
| | | Ground Transportation Subtotal | $          - |
| | | Miscellaneous Subtotal | $          - |
| | | **Total Out of Pocket Expenses** | $          - |

EXHIBIT D1

Circuit City Stores, Inc.
Audit 09 - Integrated Audit
February 1, 2010 through April 30, 2010

| Name | Date | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | **Audit 09 - Integrated Audit Services Monthly Installment** | 0.0 | $        - |

EXHIBIT D2

Circuit City Stores, Inc.

Tax Consulting Services - Restructuring [1]

February 1, 2010 through April 30, 2010

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Conjura,Carol | 02-Dec-09 | Conference call with client and Skadden on post-conference submission draft. | 1.0 | $ 612.50 | $ 612.50 |
| Conjura,Carol | 03-Dec-09 | Discussion with J. McDonald, Circuit City VP of Tax, regarding the likelihood of prevailing on positions assuming adverse Technical Advice Memorandum ("TAM"). | 1.0 | $ 612.50 | $ 612.50 |
| Croston,Paul William | 03-Dec-09 | Review of documents submitted to the IRS by C. Conjura (KPMG) to support Circuit City's position on its Sale Leaseback claim. | 2.0 | $ 507.50 | $ 1,015.00 |
| Conjura,Carol | 06-Jan-10 | Rewrite of draft arguments on transfer of tax ownership | 4.0 | $ 612.50 | $ 2,450.00 |
| Degnan,Daniel J | 02-Feb-10 | Discussions with A. Williams (Circuit City) regarding previously filed powers of attorney and the process for keeping existing Power Of Attorney documents in place. | 0.8 | $ 455.00 | $ 364.00 |
| Ridgeway,Gail Carlon | 03-Feb-10 | Discussion with J. McDonald (Circuit City) regarding Net Operating Loss carry-back analysis/ownership change. | 1.0 | $ 420.00 | $ 420.00 |
| Ridgeway,Gail Carlon | 04-Feb-10 | Analysis of 11/9/09 provision for IRS Audit purposes. | 3.9 | $ 420.00 | $ 1,638.00 |
| Ridgeway,Gail Carlon | 04-Feb-10 | Continue analysis of 11/9/09 provision for IRS Audit purposes. | 1.1 | $ 420.00 | $ 462.00 |
| Ridgeway,Gail Carlon | 05-Feb-10 | Review open items from 11/9/09 tax provision work. | 0.2 | $ 420.00 | $ 84.00 |
| Ridgeway,Gail Carlon | 22-Feb-10 | Revise the 11/9/09 provision calculations. | 2.0 | $ 420.00 | $ 840.00 |
| Ridgeway,Gail Carlon | 23-Feb-10 | Research updates on treatment of rebates for the IRS Exam assistance project. | 0.5 | $ 420.00 | $ 210.00 |
| Ridgeway,Gail Carlon | 24-Feb-10 | Correspond with client regarding rebate position for IRS exam assistance. | 0.5 | $ 420.00 | $ 210.00 |
| Ridgeway,Gail Carlon | 12-Mar-10 | Research rebate write up related to the IRS exam assistance. | 0.3 | $ 420.00 | $ 126.00 |
| Sitterson,Christopher | 17-Mar-10 | Document communications to and from Circuit City and their legal counsel regarding the IRS appeals and documenting the procedures KPMG has performed to comply with our risk management procedures. | 2.3 | $ 245.00 | $ 563.50 |

EXHIBIT D2

Circuit City Stores, Inc.

Tax Consulting Services - Restructuring [1]

February 1, 2010 through April 30, 2010

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Sitterson,Christopher | 18-Mar-10 | Continue to document communications to and from Circuit City and their legal counsel regarding the IRS appeals and documenting the procedures KPMG has performed to comply with our risk management procedures. | 1.0 | $ 245.00 | $   245.00 |
| | | **Tax Consulting Services - Restructuring Total** | **21.6** | | **$  9,852.50** |

[1] Hours billed in this Fifth Interim Fee Application include time incurred in previous months that was not previously billed.

EXHIBIT D3

Circuit City Stores, Inc.
FY09 Special Audit Related Services
February 1, 2010 through April 30, 2010

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| | | **FY09 Special Audit Related Services Total** | **0.0** | | $ - |

EXHIBIT D4

Circuit City Stores, Inc.
Employment/Fee Applications [1]
February 1, 2010 through April 30, 2010

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Tatum,Pamela Renea | 02-Dec-09 | Review the October and November time detail to adhere and comply with bankruptcy requirements. | 2.6 | $ 245.00 | $ 637.00 |
| Tatum,Pamela Renea | 02-Dec-09 | Review and verify the content of the October and November meetings. | 0.9 | $ 245.00 | $ 220.50 |
| Tatum,Pamela Renea | 02-Dec-09 | Prepare and send file to D. Degnan and C. Conjura (both KPMG) regarding clarification on time descriptions, including but not limited to use of acronyms, unclear information and incomplete meeting participants, to adhere and comply with bankruptcy requirements. | 0.4 | $ 245.00 | $ 98.00 |
| Tatum,Pamela Renea | 02-Dec-09 | Access time and expense system and obtain the CC November time detail. | 0.2 | $ 245.00 | $ 49.00 |
| Tatum,Pamela Renea | 07-Dec-09 | Revise the October and November time detail, based on partner and managers review, to adhere and comply with bankruptcy requirements. | 0.9 | $ 245.00 | $ 220.50 |
| Tatum,Pamela Renea | 07-Dec-09 | Prepare the November fee application and forward to manager for review. | 1.1 | $ 245.00 | $ 269.50 |
| Sellers,Monica | 10-Dec-09 | Review and provide comments to fee application. | 0.7 | $ 330.00 | $ 231.00 |
| Tatum,Pamela Renea | 11-Dec-09 | Revise the November fee application and forward to the partner for review and approval. | 0.5 | $ 245.00 | $ 122.50 |
| Tatum,Pamela Renea | 11-Dec-09 | Prepare invoice and allocation for the November fee application. | 0.5 | $ 245.00 | $ 122.50 |
| Tatum,Pamela Renea | 11-Dec-09 | Finalize the November fee application and forward to debtors counsel to serve. | 0.5 | $ 245.00 | $ 122.50 |
| Degnan,Daniel J | 20-Jan-10 | Review and comment on the fee application. | 0.5 | $ 455.00 | $ 227.50 |
| Tatum,Pamela Renea | 12-Mar-10 | Prepare the Fourth Interim fee application for the period of November 1, 2009 through January 31, 2010. | 1.2 | $ 245.00 | $ 294.00 |
| Tatum,Pamela Renea | 12-Mar-10 | Research payments to include in the Narrative for the Fourth Interim fee application for the period of November 1, 2009 through January 31, 2010. | 0.3 | $ 245.00 | $ 73.50 |
| Tatum,Pamela Renea | 15-Mar-10 | Prepare the Fourth Interim fee application for the period of November 1, 2009 through January 31, 2010 and forward to manager for review. | 0.5 | $ 245.00 | $ 122.50 |

EXHIBIT D4

Circuit City Stores, Inc.
Employment/Fee Applications [1]
February 1, 2010 through April 30, 2010

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Tatum,Pamela Renea | 15-Mar-10 | Prepare the Fourth Interim fee narrative for the period of November 1, 2009 through January 31, 2010 and forward to manager for review. | 1.0 | $ 245.00 | $    245.00 |
| Tatum,Pamela Renea | 16-Mar-10 | Revise the Fourth Interim fee narrative for the period of November 1, 2009 through January 31, 2010 and based on M. Sellers (KPMG) comments. | 0.5 | $ 245.00 | $    122.50 |
| Tatum,Pamela Renea | 16-Mar-10 | Prepare the Fourth Interim fee certification and other related file for the period of November 1, 2009 through January 31, 2010 and forward to the partner for review and approval. | 0.5 | $ 245.00 | $    122.50 |
| Tatum,Pamela Renea | 17-Mar-10 | Review and respond to various correspondence regarding the Circuit City matter. | 0.5 | $ 245.00 | $    122.50 |
| Tatum,Pamela Renea | 17-Mar-10 | Finalize the Fourth Interim fee application and other related file for the period of November 1, 2009 through January 31, 2010 and forward to Debtors Counsel to file. | 0.5 | $ 245.00 | $    122.50 |
| Tatum,Pamela Renea | 17-Mar-10 | Call with S. Boehm (McGuire Woods) to discuss the interim and future services for Circuit City. | 0.2 | $ 245.00 | $     49.00 |
| Degnan,Daniel J | 17-Mar-10 | Review engagement summary and reviewing billing schedules related to the interim fee application. | 1.0 | $ 455.00 | $    455.00 |
| Tatum,Pamela Renea | 29-Mar-10 | Research and reply to various correspondences regarding the matter. | 0.5 | $ 245.00 | $    122.50 |
| Tatum,Pamela Renea | 29-Mar-10 | Incorporate and review the time detail for inclusion in the March fee statement. | 1.2 | $ 245.00 | $    294.00 |
| Tatum,Pamela Renea | 29-Mar-10 | Access time and expense system and obtain the Circuit City December through March time detail. | 0.2 | $ 245.00 | $     49.00 |
| | | **Employment/Fee Applications Total** | **16.9** | | **$    4,515.00** |

[1] Hours billed in this Fifth Interim Fee Application include time incurred in previous months that was not previously billed.

EXHIBIT D5

Circuit City Stores, Inc.
Audit 2/28/08-Retirement Plan
February 1, 2010 through April 30, 2010

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| | | **Audit 2/28/08-Retirement Plan Total** | **0.0** | | **$0.00** |

EXHIBT D6

Circuit City Stores, Inc.
401K Plan Audits
February 1, 2010 through April 30, 2010

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| | | **401K Plan Audits Total** | **0.0** | | **$0.00** |

EXHIBIT E

KPMG Retention Order

Gregg M. Galardi, Esq.     Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.     Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER    MCGUIREWOODS LLP
FLOM, LLP        One James Center
One Rodney Square     901 E. Cary Street
PO Box 636        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

       - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - X
In re:         :   Chapter 11
            :
CIRCUIT CITY STORES, INC.,  :   1Case No. 08-35653 (KRH)
<u>et</u> <u>al</u>.,        :
            :
     Debtors.  :   Jointly Administered
- - - - - - - - - - - - - - x

### ORDER AUTHORIZING THE DEBTORS
### TO RETAIN AND EMPLOY KPMG LLP AS AUDITORS
### <u>AND TAX CONSULTANTS EFFECTIVE AS OF THE PETITION DATE</u>

Upon the application (the "<u>Application</u>") of the

above-captioned debtors  ("<u>Debtors</u>"), for the entry of

an order pursuant to sections 327(a) and 328(a) of title

11 of the United States Code, 11 U.S.C. §§ 101-1532

(the "<u>Bankruptcy Code</u>"), Rule 2014(a) of the Federal



Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

and Rule 2014-1 of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy

Court for the Eastern District of Virginia (the "Local

Rules"), authorizing them to employ and retain KPMG LLP

("KPMG") as auditors and tax consultants to the Debtors

in the above-captioned chapter 11 cases effective as of

the Petition Date;[1] and upon the Declaration of Christos

M. Xystros, a CPA and partner at KPMG (the

"Declaration") in support thereof; and the Court being

satisfied based on the representations made in the

Application and in the Declaration that KPMG does not

hold or represent an interest adverse to the Debtors'

estates, that they are disinterested persons as that

term is defined under section 101(14) of the Bankruptcy

Code, as modified by section 1107(b) of the Bankruptcy

Code, and that their employment is necessary and in the

best interests of the Debtors' estates; the terms of the

Engagement Letters are reasonable terms for the purposes

of section 328(a) of the Bankruptcy Code; and

consideration of the Application and the relief

---

[1]  Capitalized terms not otherwise defined herein shall have the definitions ascribed to them in the Application.

requested therein being a core proceeding pursuant to 28
U.S.C. § 157(b); and venue being proper before this
Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due
and proper notice of the Application having been
provided; and it appearing that no other or further
notice need be provided; and after due deliberation and
sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.    The Application is granted as modified
herein.

2.    In accordance with sections 327(a) and
328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and
Local Rule 2014-1, the Debtors are authorized to employ
and retain KPMG as auditors and tax consultants to the
Debtors on the terms set forth in the Application and
the Engagement Letters, as modified by this Order.

3.    KPMG shall be compensated in accordance
with the procedures set forth in Bankruptcy Code
sections 330 and 331 and such Bankruptcy and Local Rules
as may then be applicable, from time to time, and such
procedures as may be fixed by order of this Court..

4.    The terms and conditions of the

Engagement Letters, as modified by this Order, are
approved.

5.      To the extent the Debtors and KPMG enter
into any additional engagement letter(s), the Debtors
will file such engagement letter(s) with the Bankruptcy
Court and serve such engagement letter(s) upon the
United States Trustee for the Eastern District of
Virginia, counsel to the Debtors', Local Restructuring
counsel to the Debtors', and counsel to the Official
Committee of Unsecured Creditors. To the extent any of
such parties' object, within 10 days of such new
engagement letters being served, to the additional
services to be provided by KPMG, the Debtors will
promptly schedule a hearing before the Court.  All
additional services will be subject to the provisions of
this Order.

6.      The following terms apply during the
pendency of the Debtors' Chapter 11 Cases:

> (a) KPMG shall not be entitled to
> indemnification, contribution or
> reimbursement for services other than
> those described in the Engagement Letters
> and the Application, unless such services
> and indemnification therefore are
> approved by the Court; <u>provided</u>, that to

the extent additional engagement letters
are filed with the Court and no parties
object to such engagement letters in
accordance with the procedures described
in the immediately preceding Ordered
paragraph, such engagement letters shall
be deemed approved by the Court;

(b) The Debtors shall have no obligation to
indemnify KPMG, or provide contribution
or reimbursement to KPMG, for any claim
or expense that is either:
(i) judicially determined (the
determination having become final) to
have arisen from KPMG's bad faith, self-
dealing, breach of fiduciary duty (if any
such duty exists), gross negligence or
willful misconduct; or (ii) judicially
determined (the determination having
become final), based on a breach of
KPMG's contractual obligations to the
Debtor; or (iii) settled prior to a
judicial determination as to the
exclusions set forth in clauses (i) and
(ii) immediately above, but determined by
the Court, after notice and a hearing to
be a claim or expense for which KPMG
should not receive indemnity,
contribution or reimbursement under the
terms of KPMG's retention by the Debtors
pursuant to the terms of the Engagement
Letters and Application, as modified by
this Order; and

(c) If, before the earlier of: (i) the entry of
an order confirming a chapter 11 plan in
this case (that order having become a
final order no longer subject to appeal);
and (ii) the entry of an order closing
these chapter 11 cases, KPMG believes
that it is entitled to the payment of any
amounts by the Debtors on account of the
Debtors' indemnification, contribution

and/or reimbursement obligations under
the Engagement Letters (as modified by
this Order) and Application, including
without limitation the advancement of
defense costs, KPMG must file an
application therefore in this Court, and
the Debtors may not pay any such amounts
to KPMG before the entry of an order by
this Court approving the payment.  This
subparagraph (c) is intended only to
specify the period of time under which
the Court shall have jurisdiction over
any request for fees and expenses by KPMG
for indemnification, contribution or
reimbursement, and not a provision
limiting the duration of the Debtors'
obligation to indemnify KPMG.  All
parties in interest shall retain the
right to object to any demand by KPMG for
indemnification, contribution or
reimbursement; and it is further

7.    The Debtors shall comply with the notice
requirement set forth in paragraph 4(c) of KPMG's
Standard Terms and Conditions for Advisory and Tax
Services (the "Standard Terms and Conditions"),
including providing the written notice required prior to
disseminating or advancing any of KPMG's advice,
recommendations, information, or work product to third
parties.

8.    During the pendency of the Chapter 11
Cases, paragraph 6 of the Standard Terms and Conditions
is deleted.

9.     Notwithstanding anything in the Application or the Engagement Letters to the contrary, during the pendency of the Chapter 11 Cases, this Court retains exclusive jurisdiction over all matters arising out of and/or pertaining to KPMG's engagement until such jurisdiction is relinquished.

10.     The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

11.     This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.


Dated:  Richmond, Virginia
         Dec 23 2008            , 2008


                    /s/ Kevin Huennekens
                 UNITED STATES BANKRUPTCY JUDGE


            Entered on Docket:  12/24/08

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    I hereby certify that proposed order has been
endorsed by or served upon all necessary parties.

                            /s/ Douglas M. Foley

# Exhibit F

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CIRCUIT CITY STORES, INC., et al.,** | **Case No. 08-35653 (KRH)** |
| **Debtors.** | **(Jointly Administered)**<br>**Hrg. Date: July 12, 2010 at 2:00 p.m. (ET)**<br>**Obj. Due: July 6, 2010 at 4:00 p.m. (ET)** |

**DECLARATION PURSUANT TO RULE 2016-1 OF THE
LOCAL RULES OF BANKRUPTCY PROCEDURE FOR THE
UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

I, Paul W. Croston, being duly sworn, deposes and says:

1.      I am a Certified Public Accountant and a partner of KPMG LLP ("KPMG"), a professional services firm.

2.      By Order dated December 23, 2008, KPMG was retained as independent auditors and tax consultants of the above captioned debtors (the "Debtors").  I submit this Declaration in conjunction with KPMG's fifth interim fee application for compensation and allowance of expenses for the period February 1, 2010 through April 30, 2010 (the "Application").

3.      I have personally performed some of the services rendered by KPMG to the Debtors and am thoroughly familiar with the other work performed on behalf of the Debtors by the professionals of KPMG.

4.      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Rule 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for

the Eastern District of Virginia, and submit that the Application substantially complies with such

Rule.

       I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 9th day of June, 2010.


                        _____

                        Paul W. Croston
                        Partner
                        KPMG LLP
                        1021 E Cary Street
                        Suite 2000
                        Richmond, VA 23219-4023