Gregg M. Galardi, Esq.            Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.           Sarah B. Boehm (VSB No. 45201)
SKADDEN, SLATE, MEAGHER & FLOM,   MCGUIREWOODS LLP
LLP                               One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, SLATE, MEAGHER & FLOM,
LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                         RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
              Debtors.       :   Jointly Administered
- - - - - - - - - - - - - - x

**SIXTH INTERIM FEE APPLICATION OF SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP FOR COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE
DEBTORS FOR THE PERIOD FROM FEBRUARY 1, 2010 THROUGH AND
INCLUDING APRIL 30, 2010**

Name of Applicant: Skadden, Arps, Slate, Meagher & Flom
LLP

Authorized to provide professional services to: Circuit
City Stores, Inc., et al.

Date of retention: effective November 10, 2008

1

Period for which compensation and reimbursement are sought: <u>February 1, 2010 through and including April 30, 2010</u>

Amount of compensation sought as actual, reasonable, and necessary: <u>$2,339,200</u>

Amount of expense reimbursement sought as actual, reasonable, and necessary: <u>$69,107</u>

This is a/an: _____ monthly  <u>X</u> interim _____ final application.

The Application does not request compensation at this time for services rendered in preparing this Application. The Applicant intends to seek such compensation at a later date.

## COMPENSATION BY PROFESSIONAL PERSON
## SKADDEN, ARPS SLATE, MEAGHER & FLOM LLP
## FEBRUARY 1, 2010 – APRIL 30, 2010

| NAME | YEAR OF ADMISSION | RATE | HOURS | AMOUNT |
|------|------------------|------|-------|--------|
| **PARTNER** | | | | |
| Jody J. Brewster | 1983 | $995 | 41.7 | $41,492 |
| Chris L. Dickerson | 1998 | $850 | 21.5 | $18,275 |
| Gregg M. Galardi | 1990 | $975 | 254.8 | $248,442 |
| David F. Levy | 1995 | $850 | 29.8 | $25,330 |
| | **TOTAL PARTNER** | | 347.8 | $333,539 |
| **ASSOCIATE** | | | | |
| Sarah K. Baker | 2006 | $575 | 465.7 | $267,784 |
| Megan A. Bombick | 2008 | $485 | 5.4 | $2,619 |
| Joshua A. Bugay | 2009 | $420 | 301.1 | $130,242 |
| Pamela S. Dangelo | 2008 | $485 | 101.7 | $49,326 |
| Folarin S. Dosunmu | 2004 | $665 | 15.7 | $10,441 |
| Ian S. Fredericks | 2003 | $665 | 565.05 | $375,769 |
| Kellan Grant | 2000 | $680 | 156.9 | $106,692 |
| Douglas D. Herrman | 2005 | $630 | 26.5 | $16,695 |
| Amy C. Huffman | 2007 | $525 | 70.0 | $36,750 |
| Yosef Ibrahimi | 2008 | $485 | 60.8 | $29,489 |
| Jennifer A. Karpe | 2008 | $485 | 33.4 | $16,199 |
| Candice Korkis | 2009 | $420 | 145.9 | $61,278 |
| Jessica S. Kumar | 2007 | $525 | 343.4 | $180,290 |
| Kelly A. Lazaroff | 2008 | $485 | 259.2 | $125,718 |
| Jason M. Liberi | 2003 | $680 | 435.9 | $296,412 |
| John P. Marston | 2004 | $665 | 20.7 | $13,766 |
| Sundeep S. Sidhu | 2009 | $420 | 310.1 | $130,242 |
| Christin M. Szafranski | 2006 | $575 | 7.3 | $4,199 |
| Jarrett Vine | 2009 | $420 | 184.8 | $77,616 |
| | **TOTAL ASSOCIATE** | | 3509.55 | $1,927,746 |
| **PARAPROFESSIONALS** | | | | |
| Christopher L. Angelica | | $295 | 41.3 | $12,184 |
| Stacey P. Delacruz | | $186 | 0.5 | $93 |

| NAME | YEAR OF ADMISSION | RATE | HOURS | AMOUNT |
|------|------------------|------|-------|--------|
| Christopher M. Heaney | | $295 | 146 | $43,073 |
| Wendy K. LaManna | | $295 | 66.2 | $19,530 |
| Joseph J. Roman | | $80 | 3.2 | $256 |
| Edward Tanzer | | $185 | 0.4 | $74 |
| Kevin Wells | | $295 | 0.2 | $59 |
| Joanna Winogrodzki | | $185 | 14.3 | $2,646 |
| | **TOTAL PARAPROFESSIONAL** | | 272.1 | $77,915 |
| | | **TOTAL** | **4129.45** | **$2,339,200** |
| | | **BLENDED HOURLY RATE** | | **$566** |

**COMPENSATION BY PROJECT CATEGORY**
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
**FEBRUARY 1, 2010 – APRIL 30, 2010**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General Corporate Advice | 67.4 | $44,018 |
| Asset Analysis and Recovery | 19.7 | $14,985 |
| Assets Dispositions (General) | 0.1 | $58 |
| Asset Dispositions (Real Property) | 89.1 | $50,504 |
| Business Operations/Strategic Planning | 20.0 | $19,501 |
| Case Administration | 328.5 | $150,753 |
| Claims Administration (General) | 1881.6 | $1,035,424 |
| Claims Administration (Reclamation) | 5.5 | $3,697 |
| Creditor Meetings/Statutory Committees | 3.7 | $3,608 |
| Disclosure Statement/Voting Issues | 0.7 | $207 |
| Employee Matters (General) | 68.5 | $46,791 |
| Insurance | 12 | $8,779 |
| Leases (Real Property) | 72.7 | $43,471 |
| Litigation (General) | 743.8 | $430,681 |
| Nonworking Travel Time*<br>*Billed at 50%. | 52.45 | $43,034 |
| Reorganization Plan/Plan Sponsors | 175.3 | $103,540 |
| Reports and Schedules | 0.4 | $390 |
| Retention/Fee Matters (SASM&F) | 40.5 | $25,610 |
| Retention/Fee Matters/Objections (Other) | 42 | $45,576 |
| Secured Claims | 20.7 | $11,904 |
| Tax Matters | 450.2 | $256,773 |
| Utilities | 34.6 | $19,896 |
| **TOTAL** | **4129.5** | **$2,339,200** |

**EXPENSE SUMMARY**
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
**FEBRUARY 1, 2010 – APRIL 30, 2010**

| Expense Category | Total Expenses |
|---|---|
| Computer Legal Research | $38,349 |
| Telecommunications | $818 |
| Reproduction and Document Preparation | $767 |
| Outside Research | $629 |
| Travel | $22,025 |
| Courier, Express Carriers (e.g., Federal Express) and Postage | $993 |
| Electronic Document Management | $4,930 |
| Filing/Court Fees | $100 |
| Court Reporting | $496 |
| **TOTAL** | **$69,107** |

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, SLATE, MEAGHER & FLOM, MCGUIREWOODS LLP
LLP                             One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, SLATE, MEAGHER & FLOM,
LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

           IN THE UNITED STATES BANKRUPTCY COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       : Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   : Case No. 08-35653 (KRH)
et al.,                      :
                             :
           Debtors.          : Jointly Administered
- - - - - - - - - - - - - - x

      **SIXTH INTERIM APPLICATION OF SKADDEN, ARPS,**
      **SLATE, MEAGHER & FLOM LLP FOR COMPENSATION FOR**
      **SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**
      **AS COUNSEL TO THE DEBTORS FOR THE PERIOD FROM**
      **FEBRUARY 1, 2010 THROUGH AND INCLUDING APRIL 30, 2010**

           Skadden, Arps, Slate, Meagher & Flom LLP and

its affiliated law offices (collectively, "Skadden,

Arps"), counsel for the debtors and debtors in

1

possession in the above-captioned cases (collectively,

the "Debtors"),[1] submit this application (the

"Application") seeking allowance of interim compensation

and reimbursement of expenses under sections 330 and 331

of title 11 of the United States Code (the "Bankruptcy

Code") for the period from February 1, 2010 through and

including April 30, 2010 (the "Application Period"), and

represent as follows:

**JURISDICTION**

1.    This Court has jurisdiction to consider

this Application under 28 U.S.C. §§ 157 and 1334.  This

is a core proceeding under 28 U.S.C. § 157(b).  Venue of

these cases and this Application in this district is

proper under 28 U.S.C. §§ 1408 and 1409.

---

[1]    The Debtors are the following entities: The Debtors and the last
four digits of their respective taxpayer identification numbers
are as follows: Circuit City Stores, Inc. (3875), Circuit City
Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux
International, Inc. (1838), Circuit City Purchasing Company, LLC
(5170), CC Aviation, LLC (0841), CC Distribution Company of
Virginia, Inc. (2821), Circuit City Properties, LLC (3353),
Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc.
(4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311),
Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit
City Stores PR, LLC (5512).  The address for the Debtors is 4951
Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

2.    The statutory predicates for the relief requested herein are Bankruptcy Code sections 330 and 331.

**BACKGROUND**

1.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2.    On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  The going out of business sales concluded on or about March 8, 2009.

3.    On September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General

3

Unsecured Claims (the "Plan").  The associated

disclosure statement (the "Disclosure Statement") was

approved on September 24, 2009.  Currently, a status

conference with respect to confirmation is scheduled for

June 16, 2010.

4.    Generally, the Plan provides for the

liquidation of the Debtors under chapter 11 of the

Bankruptcy Code.

### RETENTION OF SKADDEN, ARPS

3.    On February 20, 2008, the Debtors applied

to the Court for an order authorizing them to retain

Skadden, Arps pursuant to an engagement agreement dated

September 1, 2008 (the "Engagement Agreement") as their

bankruptcy counsel, effective as of the Petition Date,

to provide the following professional services:

> (a)  advising the Debtors with respect to
> their powers and duties as debtors and debtors
> in possession in the continued management and
> operation of their businesses and properties;
>
> (b)  attending meetings and negotiating with
> representatives of creditors and other parties
> in interest and advising and consulting on the
> conduct of the cases, including all of the
> legal and Interim Compensation requirements of
> operating in chapter 11;

(c)  taking all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on behalf of the Debtors' estates, the defense of any actions commenced against those estates, negotiations concerning litigation in which the Debtors may be involved and objections to claims filed against the estates;

(d)  preparing, on behalf of the Debtors, motions, applications, answers, orders, reports, and papers necessary to the administration of the estates;

(e)  preparing and negotiating on the Debtors' behalf plan(s) of reorganization, disclosure statement(s), and all related agreements and/or documents and taking any necessary action on behalf of the Debtors to obtain confirmation of such plan(s);

(f)  advising the Debtors in connection with any sale of assets;

(g)  performing other necessary legal services and providing other necessary legal advice to the Debtors in connection with these chapter 11 cases; and

(h)  appearing before this Court, any appellate courts, and the United States Trustee and protecting the interests of the Debtors' estates before such courts and the United States Trustee.[2]

---

[2]  Information concerning the experience and standing at the bar of Skadden, Arps' senior attorneys on this engagement are described in the application and related materials filed by Skadden in support of its retention in these cases (the "Retention Application") (D.I. 287), which is incorporated herein by reference.

4.    On December 8, 2008, the Court entered an order (the "Retention Order") authorizing the Debtors to employ Skadden, Arps as their counsel effective as of the Petition Date pursuant to the terms of the Engagement Agreement.  A copy of the Retention Order is attached hereto as Exhibit A.

### INTERIM COMPENSATION

5.    On December 9, 2008, the Court entered an Order Under Bankruptcy Code Sections 105(a) and 331 Establishing Procedures for Interim Compensation (the "Interim Compensation Order").  A copy of the Interim Compensation Order is attached hereto as Exhibit B.

6.    Pursuant to the terms of the Interim Compensation Order, if no objection is filed to a monthly fee application within twenty (20) days of the date of filing of that application, then the respective professionals may be paid eighty-five percent (85%) of the fees and one hundred percent (100%) of the expenses set forth in the applicable monthly fee application.

7.    Every three (3) months beginning with the three-month period ending on January 31, 2009, all professionals, including Skadden, Arps, are required to

file interim fee applications for the prior three-month
period.  Thereafter, this Court schedules a hearing to
consider such interim fee applications, including
payment of the fifteen percent (15%) "holdback".

       8.   Pursuant to the Interim Compensation
Order, Skadden, Arps has served each Monthly Fee Request,
including time and expense detail on (i) Circuit City
Stores, Inc., (ii) McGuireWoods LLP, (iii) the Office of
the United States Trustee, and (iv) Pachulski Stang
Ziehl & Jones LLP (collectively, the "Notice Parties"),
for each of the months in the Application Period.

       9.   On March 15, 2010, Skadden, Arps served
its Monthly Fee Request in the amount of $845,790,
consisting of $821,180 for professional fees and $24,610
for expenses relating to the period from February 1,
2010 through and including February 28, 2010.  Pursuant
to the Interim Compensation Order, the Notice Parties
had twenty days to object to such Monthly Fee Request.
The 20-day period for objections expired on April 6,
2010 without any objections.  At that time, Skadden,
Arps was paid 85% of the requested professional fees and

100% of requested expenses, in the aggregate amount of
$722,613.

10.   On April 9, 2010, Skadden, Arps served
its Monthly Fee Request in the amount of $833,253,
consisting of $810,985 for professional fees and $22,268
for expenses relating to the period from March 1, 2010
through and including March 31, 2010.   Pursuant to the
Interim Compensation Order, the Notice Parties had
twenty days to object to such Monthly Fee Request.   The
20-day period for objections expired on April 29, 2010
without any objections.   At that time, Skadden, Arps was
paid 85% of the requested professional fees and 100% of
requested expenses, in the aggregate amount of $711,605.

11.   On May 14, 2010, Skadden, Arps served its
Monthly Fee Request in the amount of $729,264,
consisting of $707,035 for professional fees and $22,229
for expenses relating to the period from April 1, 2010
through and including April 30, 2010.   Pursuant to the
Interim Compensation Order, the Notice Parties had
twenty days to object to such Monthly Fee Request.   The
20-day period for objections expired on June 3, 2010
without any objections.   At that time, Skadden, Arps was

paid 85% of the requested professional fees and 100% of requested expenses, in the aggregate amount of $623,209.

12.   Pursuant to the Interim Compensation Order, Skadden, Arps is filing this Application for compensation for professional services rendered and reimbursement of disbursements made in these cases during the Application Period.

### RELIEF REQUESTED

13.   By this Application, Skadden, Arps requests approval and payment of interim compensation and reimbursement of expenses for the Application Period pursuant to Bankruptcy Code sections 330 and 331. Attached as Exhibit C are copies of Skadden, Arps' fee statements (the "Statements") reflecting professional services rendered for which compensation is sought and actual disbursements for which reimbursement is sought.

14.   At this time, Skadden, Arps is seeking allowance of compensation equal to $2,339,200 in fees for professional services rendered during the Application Period as counsel to the Debtors in these chapter 11 cases.  This amount is derived solely from the applicable hourly billing rates of the firm's

personnel who rendered such services to the Debtors.  Of
this amount, Skadden, Arps has already been paid
$1,988,230 pursuant to the Interim Compensation Order.
In addition to the foregoing amounts, through this
Application, Skadden, Arps requests payment of $350,880,
representing the aggregate 15% holdback of fees billed,
but withheld, during the Application Period.

15.   Skadden, Arps also requests allowance of
reimbursement of 100% of the actual and necessary out-
of-pocket disbursements and charges incurred in the
Application Period, equal to $69,107.

16.   The fees and disbursements sought through
this Application Period reflect total client
accommodations of $133,604.  In the event that any
objections to this Application are filed, Skadden, Arps
reserves the right to seek payment for all or any part
of the client accommodations.

17.   This Application is made without
prejudice to the firm's right to seek further interim
allowances and/or a final allowance of compensation in
the future in accordance with the Retention Order and
the Interim Compensation Order.

18.   Skadden, Arps has received no promise of
payment for professional services rendered or to be
rendered in these cases other than in accordance with
the provisions of the Bankruptcy Code.

**BASIS FOR RELIEF**

19.   It is not practical to describe every
phone call made, meeting attended, document generated,
or other service provided in the Debtors' cases during
the Application Period.  Thus, this Application
highlights the most significant services performed by
Skadden, Arps for the Debtors during the Application
Period; the attached time records contain the detail of
each task performed.

20.   Skadden, Arps submits that the legal
services and advice rendered to the Debtors during the
Application Period were necessary and beneficial to the
Debtors, their estates and their creditors.

21.   During the Application Period, attorneys
and paraprofessionals of Skadden, Arps devoted a total
of 4129.45 hours to representation of the Debtors.  Of
the aggregate time expended, 347.8 hours were spent by
partners, 3509.55 hours were spent by associates and

11

272.1 hours were spent by paraprofessionals.  Schedules
showing the name and position of each such partner,
associate and paraprofessional, hours worked during the
Application Period, and hourly billing rate are provided
at the front of this Application.  Skadden, Arps'
professionals billed their services in these cases to
numerous matters corresponding to particular activities
in the case.  Exhibit D provides the detail by matter of
the time billed for such services.

22.  Set forth on Exhibit E are the detailed
expense charges incurred during the Application Period
by matter number.

### DESCRIPTION OF SERVICES RENDERED

23.  The following description of Skadden,
Arps' services is a summary of the matters that occupied
substantial amounts of time during the Application
Period.

### I.   MATTER OVER $1,000,000 - CLAIMS ADMINISTRATION
### (Amount Sought: $1,035,424)

24.  During the Application Period, Skadden,
Arps' professionals devoted nearly half of their total
time to analyzing, reviewing, reconciling, and objecting

to claims against the Debtors, with a total time value
of $1,035,424.  Skadden, Arps continued to file omnibus
objections to legally invalid or otherwise improper
claims, filed objections to numerous large individual
claims, replied when claimants responded to these
omnibus and individual objections, and worked to settle
certain claims asserted against the Debtors' estates.

        25.   As with prior application periods,
Skadden, Arps professionals continued to object to
improper administrative and 503(b)(9) claims.  As part
of this process, Skadden, Arps worked closely with the
Debtors reviewing and reconciling claims, valuating
potential causes of action, drafting demand letters, and
seeking to collect receivables.  Many claimants
responded to the demand letters, at which point Skadden,
Arps' professionals assisted the Debtors with the
exchange of information and, where possible, consensual
resolutions.

        26.   In addition, Skadden, Arps' professionals
began reviewing and objecting to improper priority
claims asserted against the Debtors.  Specifically,
professionals at Skadden Arps drafted objections,

evaluated responses, and replied to these responses.  In
addition, the Debtors filed summary judgment motions and
supplemental claim objections pursuant to which the
Debtors sought to disallow substantial alleged class
claims of employees seeking 507(a)(4) priority.
Subsequently, the Debtors also litigated issues related
to class proofs of claim.

      27.   During the Application Period, Skadden,
Arps' professionals also began reconciling and settling
the claims of the Debtors' landlords.  This process
included working closely with the Debtors to identify
all of the disputed issues and drafting letters to the
landlords identifying these issues.  Thereafter, Skadden,
Arps' professionals worked with the Debtors and the
claimants to attempt to narrow the disputes and, where
possible, reach consensual resolutions.

      28.   In all, Skadden, Arps' professionals
devoted a total of 1881.6 hours to claims administration
matters during the Application Period for which
compensation is sought, with a total time value of
$1,035,424.

## II.  MATTERS OVER $100,000

29.  During the Application Period, Skadden, Arps' professionals devoted significant time to four other key matters, the time value of which exceeds $100,000 for each.  These matters are as follows:

### A.  Litigation
   (Amount Sought: $430,681)

30.  During the Application Period, the Debtors' litigation efforts shifted to initiating litigation against individual defendants.

31.  This process involved, first, drafting demand letters to claimants.  Many claimants were amenable to informal discovery and wholesale settlement of their disputes with the Debtors.  In these instances, Skadden, Arps' professionals coordinated the exchange of information and drafted stipulations memorializing consensual resolutions.  In other instances, the Debtors received no response or could not reach a consensual resolution.  In such circumstances, Skadden, Arps' professionals drafted and filed complaints/claim objections seeking to reduce, reclassify and/or disallow claims, collect or setoff receivables, and recover

avoidable transfers.  As part of this process,
professionals at Skadden, Arps also drafted and
responded to interrogatories and discovery requests.

32.  During the Application Period, Skadden,
Arps was also tasked with defending an appeal.  In the
prior application period, the Court ruled that the
Debtors could temporarily disallow 503(b)(9) claims
where the claimant received an avoidable transfer and
denied various motions for reconsideration of such
ruling.  During this Application Period, several
claimants appealed the decision and sought leave to file
an interlocutory appeal.  Skadden, Arps sought to
dismiss the appeal and responded to the various motions
for interlocutory appeal.  In addition, Skadden, Arps'
professionals began drafting a brief in opposition.
Contemporaneously therewith, Skadden, Arps worked to
resolve these issues favorably to the Debtors and their
estates without incurring the expenses associated with
further defending the appeal.

33.  In addition to initiating litigation on
behalf of the Debtors, Skadden, Arps' professionals
defended the Debtors in litigation initiated by other

parties.  This assistance consisted of, among other things, drafting and responding to discovery requests and drafting and responding to motions or pleadings in various contested matters and adversary proceedings.

34.  In all, Skadden, Arps' professionals devoted a total of 743.8 hours to litigation matters during the Application Period for which compensation is sought, with a total time value of $430,681.

**B.   Tax Matters**
    **(Amount Sought: $256,773)**

35.  During the Application Period, Skadden, Arps continued to address developments relating to tax refunds owing to the Debtors on account of (i) a certain sale/leaseback transaction and (ii) net operating loss carrybacks.  As in the prior application period, professionals at Skadden, Arps continued to devote substantial time to the recovery of the remaining refunds.

36.  Additionally, Skadden, Arps continuef to assist the Debtors and their Canadian professionals with tax matters related to the Canadian affiliates and potential distributions to the Debtors from Canada.  As

part of that process, the Debtors are seeking to mitigate Canadian and other taxes.

37.   Finally, in conjunction with the claims administration process, Skadden, Arps' professionals assisted the Debtors with analyzing and reconciling various tax priority claims and, in certain instances, have sought to disallow substantial priority tax claims based on governing tax law.

38.   In all, Skadden, Arps' professionals devoted a total of 450.2 hours to tax matters during the Application Period for which compensation is sought, with a total time value of $256,773.

**C.   Case Administration**
**(Amount Sought: $150,753)**

39.   During the Application Period, Skadden, Arps began working more closely with the Debtors' chief restructuring officer to facilitate the transition to the proposed liquidating trust, of which he would serve as trustee.   This involved drafting comprehensive memoranda regarding the status of all matters on which professionals at Skadden, Arps were working.

40.   Additionally, Skadden, Arps'
professionals prepared for, attended and participated in
various omnibus hearings, each dealing with numerous
contested and uncontested matters.

41.   In all, Skadden, Arps' professionals
devoted a total of 328.5 hours to case administration
matters during the Application Period for which
compensation is sought, with a total time value of
$150,753.

**D.   Reorganization Plan/Plan Sponsors
(Amount Sought: $103,540)**

42.   During the Application Period, Skadden,
Arps concentrated significant efforts on negotiating
with the Creditors' Committee over the terms of the
liquidating trust agreement, bylaws, and other plan
documents.

43.   Skadden, Arps' professionals also
continued to advise the Debtors regarding plan and
related tax considerations that impact the timing of
confirmation.  As part of that process, professionals at
Skadden, Arps spent significant time addressing various
transactions that could facilitate the return of

proceeds from Canada and ensure desirable tax treatment of these transactions under Canadian law. In all respects, such transactions would require modification of the Plan. Thus, Skadden, Arps' professionals prepared a motion to modify the Plan and also modified plan documents accordingly.

44. Finally, Skadden, Arps' professionals worked to resolve objections to confirmation and update the Plan accordingly.

45. In all, Skadden, Arps' professionals devoted a total of 175.3 hours to reorganization and plan-related matters during the Application Period for which compensation is sought, with a total time value of $103,540.

**III. MATTERS OVER $40,000**

46. Skadden, Arps' professionals devoted time to additional important matters, the time value of which exceeds $40,000 during the Application Period. These matters are as follows:

**A.    Asset Dispositions (Real Property)
       (Amount Sought: $50,504)**

47.   During the Application Period,
professionals at Skadden, Arps facilitated the sale of
two parcels of real property owned by the Debtors and
worked towards the sale of another (the land on which
the Debtors' former corporate headquarters sits).  In
one instance, Skadden, Arps' professionals prepared
documents for the sale of property in Whitehall,
Pennsylvania and held an auction that resulted in a sale
for over fifteen times the purchase price under the
stalking horse agreement.

48.   With respect to the sale of the former
corporate headquarters, Skadden, Arps' professionals
worked with multiple parties and ultimately resolved
issues that had previously delayed the sale of the
property.  Having resolved such issues, Skadden, Arps
worked with the Debtors and their other advisors to
secure a letter of intent with a potential purchaser
whose offer would be subject to higher or better offers
at an auction.

49.   In all, Skadden, Arps' professionals devoted a total of 89.1 hours to real property asset disposition matters during the Application Period for which compensation is sought, with a total time value of $50,504.

**B.   Employee Matters
      (Amount Sought: $46,791)**

50.   In addition to addressing general employment issues during the Application Period, Skadden, Arps' professionals focused on the going-forward relationships between the Debtors and those who formerly served as their key officers during the liquidation. First, professionals at Skadden, Arps drafted and obtained the Court's approval of an independent contractor agreement with the Debtors' former CEO.  As part of that process, the Debtors negotiated a consensual resolution with the Creditors' Committee concerning such person's incentive bonus.  Second, professionals at Skadden, Arps negotiated an agreement with the Debtors' former Vice President, Controller, and Principal Financial Officer.  Pursuant to these

agreements, the Debtors were able to continue to obtain
necessary services.

51.   In all, Skadden, Arps' professionals
devoted a total of 68.5 hours to employee matters during
the Application Period for which compensation is sought,
with a total time value of $46,791.

### C.   General Corporate Advice (Amount Sought: $44,018)

52.   During the Application Period, Skadden,
Arps continued to provide the Debtors with general
corporate advice, including advice related to their
obligations under the Bankruptcy Code and changes that
would occur upon confirmation and transition to a
liquidating trust.

53.   In all, Skadden, Arps' professionals
devoted a total of 67.4 hours to providing general
corporate advice during the Application Period for which
compensation is sought, with a total time value of
$44,018.

### D.   Leases (Real Property) (Amount Sought: $43,471)

54.   During the Application Period, Skadden,
Arps continued to facilitate dialogue between the

Debtors and their landlords on issues related to
rejection and termination of the Debtors' leases.
Pursuant to these discussions, Skadden, Arps assisted
with, among other things, reconciling final accounts,
determining the validity of alleged obligations of the
Debtors, and coordinating payment of these obligations.

55.  Additionally, professionals at Skadden,
Arps consensually resolved a dispute surrounding a
ground lease on their corporate headquarters property.

56.  In all, Skadden, Arps' professionals
devoted a total of 72.7 hours to real property lease-
related matters during the Application Period for which
compensation is sought, with a total time value of
$43,471.

    **E.  Nonworking Travel Time
         (Amount Sought: $43,034)**

57.  During the Application Period, Skadden,
Arps' professionals attended numerous omnibus hearings
and on-site client meetings, requiring significant
amounts of travel.

58.  In all, Skadden, Arps' professionals
devoted a total of 52.45 hours to non-working travel

during the Application Period for which compensation is
sought, with a time value of $43,034, representing fifty
percent (50%) of the total time value.

**IV.  MATTERS OVER $15,000**

59.   Certain other matters required the
attention of Skadden, Arps during the Application Period,
the time value of which exceeds $15,000 for each.  These
matters are as follows:

**A.    Retention/Fee Matters (Skadden, Arps)
        (Amount Sought: $25,610)**

60.   During the Application Period, Skadden,
Arps' professionals prepared three monthly fee
statements and the firm's fifth interim fee application.

61.   In all, Skadden, Arps' professionals
devoted a total of 40.5 hours to matters related to
their retention and fees during the Application Period
for which compensation is sought, with a total time
value of $25,610.

**B.    Retention/Fee Matters/Objections (Others)
        (Amount Sought: $25,576)**

62.   During the Application Period, Skadden,
Arps' professionals negotiated with the Creditors'
Committee and other interested parties to finalize the

terms of the engagement of the proposed liquidating trustee as the Debtors' chief restructuring officer and negotiated the terms of his retention agreement and related retention documents.  Subsequently, Skadden, Arps' professionals sought and received approval of the retention.

63.   In all, Skadden, Arps' professionals devoted a total of 42 hours to matters related to the retention of other professionals during the Application Period for which compensation is sought, with a time value of $25,576.

**C.   Utilities**
   **(Amount Sought: $19,896)**

64.   During the Application Period, Skadden, Arps' professionals fielded numerous inquiries from the Debtors' former utility providers, the majority of which related to reconciling accounts and reviewing final statements thereof.  By responding to these inquiries, Skadden, Arps' professionals expedited the ongoing claims administration process with respect to utility-related claims.

26

65.   In all, Skadden, Arps' professionals devoted a total of 34.6 hours to utility matters during the Application Period for which compensation is sought, with a time value of $19,896.

### D.   Business Operations/Strategic Planning (Amount Sought: $19,501)

66.   As discussed above, during the Application Period, Skadden, Arps, in conjunction with Canadian counsel, provided strategic advice regarding ongoing tax matters and transactions contemplated in, and related to, the Canadian restructuring proceedings, and how the Debtors could maximize their recovery in light of such issues.

67.   In all, Skadden, Arps' professionals devoted a total of 20 hours to business operations and strategic planning matters during the Application Period for which compensation is sought, with a time value of $19,501.

### V.   MATTERS UNDER $15,000

68.   Finally, Skadden, Arps devoted time to matters with a time value less than $15,000 for each. These matters included (i) analyzing receivables and

avoidable transfers, (ii) canceling surety bonds and
resolving issues related thereto, (iii) addressing
disputes with the Debtors' insurers, (iv) addressing
issues related to reclamation claims, (v) attending
meetings with parties in interest, (vi) preparing and
filing reports and schedules, and (vii) facilitating the
sale of remaining miscellaneous assets.

### ALLOWANCE OF COMPENSATION

69.    **Compensation Sought.**  Because of the
benefits realized by the Debtors, the nature of these
cases, the standing at the bar of the attorneys who
rendered services, the amount of work done, the time
consumed, the skill required and the contingent nature
of the compensation, Skadden, Arps requests that it be
allowed at this time all compensation for the
professional services rendered during the Application
Period.   Additionally, Skadden, Arps seeks payment of
the remaining 15% holdback, totaling $350,880.

70.    Skadden, Arps achieved cost efficiencies
by employing a streamlined case management structure.
Instead of assigning various attorneys to the myriad of
tasks that arose during these cases, Skadden, Arps

designated a core group of associates who were assigned
responsibility for specific matters and types of matters.
This (i) allowed some attorneys to work almost
exclusively on discrete matters in the Debtors' cases,
(ii) permitted the case to be staffed with as little
partner involvement as appropriate, and (iii) enabled
Skadden, Arps to avoid performing duplicative or
unnecessary work.

71.   **Reimbursement of Expenses.**   Skadden, Arps
has disbursed, and requests allowance reimbursement for
$69,107, representing actual and necessary expenses
incurred while rendering professional services in these
cases.

72.   **Compensation Sharing Disclosure.**   Other
than between Skadden, Arps and its affiliated law
practices and their members, no agreement or
understanding exists between Skadden, Arps and any other
person or persons for the sharing of compensation
received or to be received for professional services
rendered in or in connection with these cases, nor will
any be made except as permitted pursuant to Bankruptcy
Code section 504(b)(1).

73.   **Reservation of Rights**.  Skadden, Arps reserves the right to return to this Court seeking reimbursement for amounts related to work performed or expenses incurred during the Application Period but not yet reflected in the firm's time records or to amend the amounts listed herein to correct any bookkeeping errors. In the event that a subsequent review reveals that additional professional services have been rendered or expenses have been incurred on behalf of the Debtors during the Application Period, which were not processed by the firm's accounting system before the time of this Application, Skadden, Arps reserves the right to seek such additional fees and expenses by subsequent application to the Court.[3]

---

[3]   Skadden, Arps further reserves the right to request additional compensation at a later date for time spent preparing this Application.

## CONCLUSION

WHEREFORE, Skadden, Arps respectfully requests entry of an order (a) approving interim compensation for professional services rendered as attorneys for the Debtors in the sum of $2,339,200, equal to one hundred percent (100%) of fees incurred during the Application Period; (b) authorizing payment of $350,880 as fifteen percent (15%) of fees held back; (c) approving of reimbursement of actual and necessary expenses in the sum of $69,107; and (d) granting such other and further relief as is just and proper.

Dated: June 14, 2010   SKADDEN, ARPS, SLATE,
                        MEAGHER & FLOM LLP

                        /s/ Gregg M. Galardi
                        Gregg M. Galardi (I.D. No. 2991)
                        One Rodney Square
                        P.O. Box 636
                        Wilmington, Delaware 19899-0636
                        (302) 651-3000

                             – and –

                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
                             LLP
                        Chris L. Dickerson, Esq.
                        155 North Wacker Drive
                        Chicago, Illinois 60606
                        (312) 407-0700

                             – and –

MCGUIREWOODS LLP


/s/ Douglas M. Foley____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in
Possession