## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |
|---|---|
| In re: | **:** Chapter 11 |
|  | **:** |
| CIRCUIT CITY STORES, INC., et al.,[1] | **:** Case No. 08-35653-KRH |
|  | **:** (Jointly Administered) |
| Debtors. | **:** |
|  | **:** |
|  | **:** |

### SIXTH INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS <ins>FOR THE PERIOD FROM FEBRUARY 1, 2010 THROUGH APRIL 30, 2010</ins>

TO:   THE HONORABLE KEVIN R. HUENNEKENS
       UNITED STATES BANKRUPTCY JUDGE

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "<ins>Bankruptcy Code</ins>"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<ins>Bankruptcy Rules</ins>"), Pachulski Stang Ziehl & Jones LLP ("<ins>PSZJ</ins>" or "<ins>Applicant</ins>") hereby files this Sixth Interim Application of Pachulski Stang Ziehl & Jones LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for the Period from February 1, 2010 through April 30, 2010 (the "<ins>Application</ins>"). By this Application, PSZJ seeks an interim allowance of compensation in the amount of $280,640.00 and reimbursement of actual and necessary expenses in the amount of $2,511.43, for a total allowed amount of $283,151.43, and payment of the unpaid portion of such fees and expenses for the

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of their respective federal tax identifications numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

period February 1, 2010 through April 30, 2010 (the "Interim Period") in the aggregate amount

of $37,205.02.[2]  In support of this Application, PSZJ respectfully represents as follows:

**Background**

1.     On November 10, 2008 (the "Petition Date"), the Debtors filed their voluntary

Chapter 11 petitions for relief, thereby commencing the above-captioned cases.  The cases are

being jointly administered but are not substantively consolidated. The Debtors continue to

operate their businesses and manage their properties as debtors-in-possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, neither a trustee nor

an examiner has been appointed in these chapter 11 cases.  On November 12, 2008, the Office of

the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in

these cases pursuant to Sections 1102(a) and 1102(b)(1).  On November 13, 2008, the

Committee was amended by the U.S. Trustee.  On November 18, 2008, the Committee voted to

retain Pachulski Stang Ziehl & Jones LLP as lead counsel in these matters.

2.     On September 29, 2009, the Debtors and Committee filed the *First Amended Joint*

*Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In*

*Possession and its Official Committee of Creditors Holding General Unsecured Claims* (the

"Joint Plan").  The associated disclosure statement was approved on September 24, 2009.

3.     On June 1, 2010, the Committee filed the *Plan of Liquidation Proposed by the*

*Official Committee of Creditors of Circuit City Stores, Inc. and its Affiliated Debtors and*

*Debtors in Possession* (the "Committee Plan").

4.     No confirmation hearing has been held with respect to the Joint Plan or

Committee Plan, and neither plan has been confirmed.

---

[2] This amount reflects a credit of -$855.00 for non-working travel time incurred in March 2010.  This credit will be
applied to the June 2010 invoice.

## **Retention of PSZJ**

5.       On January 20, 2009, the Court entered its order authorizing the Committee to

retain PSZJ (the "Retention Order") [Docket #1671].  A copy of the Retention Order is attached

hereto as Exhibit A.

## **Compensation Paid**

6.       On December 9, 2008, the Court entered its Order Under 11 U.S.C. §§ 105(a) and

331 Establishing Procedures for Interim Compensation ("Administrative Order") [Docket #830].

The Administrative Order authorized certain professionals and members of the Unsecured

Creditors' Committee ("Professionals") to serve interim fee applications, pursuant to the

procedures specified therein.  If no objections are made within twenty (20) days after the end of

the month for which compensation is sought, then the Debtors are authorized to pay the

Professional eighty-five percent (85%) of the requested fees and one hundred percent (100%) of

the requested expenses.  Approximately every 120 days, each of the Professionals is to serve and

file with the Court an interim or final fee application.

7.       All Services for which PSZJ requests compensation were performed for or on

behalf of the Committee.

8.       Except as set forth herein, PSZJ has received no payment and no promises for

payment from any source for services rendered or to be rendered in any capacity whatsoever in

connection with the matters covered by this Application.

9.       Pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, there is

no agreement or understanding between PSZJ and any other person other than the partners of

PSZJ for the sharing of compensation to be received for services rendered in this case.  PSZJ did

not receive a retainer in these cases.

**Jurisdiction and Venue**

10.    The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and

1334.  This matter is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(A). Venue of these cases

and this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory

predicate for the relief requested herein is 11 U.S.C. §§ 328, 330 and 331.

**Relief Requested**

11.    By this Application, PSZJ seeks an interim allowance of compensation in the

amount of $280,640.00 (which amount represents 100% of fees incurred) and actual and

necessary expenses in the amount of $2,511.43 (which amount represents 100% of expenses

incurred) for a total allowed amount of $283,151.43, and payment of the unpaid amount of such

fees and expenses for the period February 1, 2010 through April 30, 2010 of $37,205.02.

12.    As of the date of this Application, PSZJ has received the following payment of

fees and expenses for the period from February 1, 2010 through April 30, 2010. More

specifically:

(a)    PSZJ's monthly fee statement for the period from February 1, 2010 through

February 28, 2010 sought an allowance of $73,281.50 as compensation for

professional services rendered and $264.32 as reimbursement for reasonable costs

incurred on behalf of the Committee.  As of the date of this Application,

Applicant has received $66,717.82 in payment for the February monthly fee

statement.

(b)    PSZJ's monthly fee statement for the period from March 1, 2010 through April

30, 2010 sought an allowance of $207,358.00 as compensation for professional

services rendered and $2,247.11 as reimbursement for reasonable costs incurred

on behalf of the Committee.  As of the date of this Application, Applicant has

received $178,373.59 in payment for the March and April monthly fee statement.

(c)     The documentation reflecting the services performed, the time expended by each

professional and the hourly rate of each professional incurred during the Sixth

Interim Compensation is annexed hereto as Exhibit D.

13.     All of the professional services rendered by PSZJ for which compensation is

requested were rendered solely in connection with this case and on behalf of the Committee.

The services performed were necessary to the administration of these cases and were beneficial

to the Committee at the time such services were rendered.  All services were performed in a

reasonable amount of time commensurate with the complexity, importance, and nature of the

problem, issue, or task addressed.  Annexed hereto as Exhibit B is a chart indicating the name of

each attorney and paralegal who have worked on this case in the Interim Period, the time

expended by each professional, his or her title, hourly rate, and fees charged.  Additionally,

Exhibit C annexed hereto lists each work category and the number of hours expended by

professionals for each such category.

14.     The compensation requested is consistent with the nature and extent of the

services rendered during the Interim Period, the size and complexity of this case, the time, labor

and special expertise brought to bear on the questions presented, and other related factors.  The

compensation charged is reasonable based on rates charged by comparably skilled practitioners

in this and other firms in non-bankruptcy cases.  As such, PSZJ submits that the compensation

sought is reasonable within the meaning of Sections 330 and 331 of the Bankruptcy Code.

15.     PSZJ has assigned attorneys to tasks commensurate with their level of experience,

and has avoided the unnecessary duplication of services rendered which required independent

judgment and decision-making.  PSZJ requests no compensation for services which represent

charges normally associated with the Firm's overhead.

16.     As set forth in the attached exhibits, PSZJ rendered 382.2 hours of professional

services during the Interim Period.

**Fee Statements**

17.     The fee statements for the Interim Period are attached hereto as <u>Exhibit D</u>.  These

statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZJ's knowledge, this Application

complies with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the

Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for

the Eastern District of Virginia (the "<u>Local Rules</u>").

18.     PSZJ's time reports are initially handwritten or typed by the attorney or paralegal

performing the described services.  The time reports are organized on a daily basis.  PSZJ is

particularly sensitive to issues of "lumping," and unless time was spent in one time frame on a

variety of different matters for a particular client, separate time entries are set forth in the time

reports.  PSZJ's charges for its professional services are based upon the time, nature, extent and

value of such services and the cost of comparable services other than in a case under the

Bankruptcy Code.

**Actual and Necessary Expenses**

19.     A summary of actual and necessary expenses incurred by PSZJ for the Interim

Period is attached hereto as part of <u>Exhibit E</u> and the expense detail is included in the statements

attached as <u>Exhibit D</u>.  PSZJ charges $0.10 per page for photocopying expenses related to this

case.  PSZJ's photocopying machines automatically record the number of copies made when the

person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZJ summarizes each client's photocopying charges on a daily basis.

20.    PSZJ charges $1.00 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile reflects PSZJ's calculation of the actual costs incurred by PSZJ for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services.

21.    Regarding providers of on-line legal research (*e.g.*, Lexis and Westlaw), PSZJ charges the standard usage rates these providers charge for computerized legal research. PSZJ bills its clients the actual cash charged by such services, with no premium. Any volume discount received by PSZJ is passed on to the client.

22.    PSZJ believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZJ believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges, and the rules of the court as applicable to these cases.

## Summary of Services Rendered

23.    The names of the partners and associates of PSZJ who have rendered professional services in this case during the Interim Period, and the paralegals who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit B.

24.    PSZJ, by and through the above-named persons, has prepared and assisted in the preparation of various pending motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with this

case, and performed all necessary professional services which are described and narrated in detail below.

**Summary of Services by Categories**

25.     The services rendered by PSZJ during the Interim Period can be grouped into the categories set forth below.  PSZJ attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit D.  Exhibit D identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

**A.     Asset Analysis/Recovery**

26.     The time billed to this category included services related to the evaluation of the Debtors' business and assets, contract rights, insurance coverage, potential or pending litigation claims and other assets belonging to the Debtors' estates.

Fees:  $2,211.50                    Total hours:    2.90

**B.     Asset Disposition**

27.     Time billed to this category relates to the solicitation and sale of the Debtors' real property and intellectual property assets.

Fees:  $2,090.00                    Total hours:    2.70

C.    **Avoidance Actions**

28.    Time billed to this category relates to the evaluation of the Debtors' potential preferences.

Fees:   $2,131.00                    Total hours:   3.50

D.    **Case Administration**

29.    Time billed to this category relates to case administration matters.  During the Interim Period, PSZJ, among other things:  (1) reviewed daily filings in these cases; (2) reviewed e-filing notices and distributed documents; and (3) maintained document control.

Fees:   $9,828.00                    Total hours:   22.90

E.    **Canada**

30.    Time billed to this category included services rendered relating to efforts to repatriate the proceeds of the sale of the Debtors' Canadian subsidiary in a tax efficient manner. Working with the  Committee's Canadian counsel, the Firm analyzed and evaluated various alternative strategies to address these issues in such a way as to permit prompt confirmation of a plan in these cases.

Fees:   $45,316.00                    Total hours:   56.00

F.    **Claims Administration and Objections**

31.    Time billed to this category relates to claims administration and claims objections. During the Interim Period, PSZJ, among other things, reviewed and analyzed issues related to various settlements of claims with vendors and landlords.

Fees:   $48,844.00                    Total hours:   75.90

**G.**     **Compensation of Professionals**

32.     Time billed to this category relates to reviewing and preparing monthly and

interim fee applications.

Fees:   $10,602.50              Total hours:   22.50

**H.**     **Employee Benefits/Pension**

33.     Time billed in this category relates to motions and other matters pertaining to the

James Marcum and Michelle Mosier consulting agreements, and the retention of Alfred Siegel of

Crowe & Horwath as Chief Restructuring Officer.

Fees:   $53,065.50              Total hours:   64.30

**I.**     **General Creditors Committee**

34.     Included in this category is the preparation for and attendance at meetings, in

person and telephonically, of the Committee for the various issues arising out of the chapter 11

cases.  Also included in this category is time spent reviewing various pleadings and weekly

memoranda, time spent in preparation for committee calls, and addressing matters related to

various motions.

Fees:   $28,096.50              Total hours:   34.50

**J.**     **Hearings**

35.     Included in this category are services related to attendance at hearings before the

Bankruptcy Court on various matters.

Fees:   $8,655.00              Total hours:   10.60

**K.**     **Litigation**

36.     Time billed to this category involved evaluation of litigation involving the

Debtors not pending in the bankruptcy court.

Fees:   $3,362.00                Total hours:    4.20

**L.      Plan and Disclosure Statement**

37.      Time billed to this category during the Interim Period involved matters relating to

pursuing confirmation of the joint plan of liquidation proposed by the Debtors and the

Committee, including working on resolving disputes between the Debtors and the Committee

with respect to such plan and working to remove impediments to confirmation of the plan.

Fees:   $56,861.50              Total hours:    65.60

**M.      Retention of Professionals**

38.      Time billed in this category during the Interim Period relates to the retention of

Arsene Taxand as special French tax counsel to the Committee, and the elimination of the

Gowling Lafleur Henderson LLP's cap in fees.

Fees:   $6,402.00               Total hours:    11.70

**N.      Tax Issues**

39.      Time billed in this category during the Interim Period relates to the analysis of

various tax issues.

Fees:   $2,319.50               Total hours:    2.90

**O.      Travel**

40.      PSZJ incurred non-working time while traveling on case matters. Travel time

during which no work is performed is billed at 50% of regular hourly rates.

Fees:   $855.00[3]              Total hours:    2.00

41.      The nature of work performed by the PSZJ attorneys and paralegals is fully set

forth in **Exhibit B** attached hereto.  The hourly rates being charged are PSZJ's normal hourly

---

[3] This amount reflects a credit of -$855.00 for non-working travel time incurred in March 2010.  This credit will be applied to the June 2010 invoice.

rates for work of this character.  The reasonable value of the services rendered by PSZJ to the

Debtors during the Interim Period is $280,640.00.

42.    In accordance with the factors enumerated in Section 330 of the Bankruptcy

Code, it is respectfully submitted that the amount requested by PSZJ is fair and reasonable given

(a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services

rendered, (d) the value of such services, and (e) the costs of comparable services other than in a

case under this title.  Moreover, PSZJ has reviewed the requirements of the Local Rules and

believes that this Application complies with such rules.

### Certification Pursuant to Section 504 of the Bankruptcy Code

43.    The Certification of Jeffrey N. Pomerantz, submitted pursuant to section 504 of

the Bankruptcy Code, is attached hereto as <u>Exhibit F</u>.

WHEREFORE, PSZJ respectfully requests that the Court approve, for the period

February 1, 2010 through April 30, 2010, the interim allowance of the sum of $280,640.00 as

compensation for necessary professional services rendered, and the sum of $2,511.43 for

reimbursement of actual necessary costs and expenses, for a total of $283,151.43, that the

Debtors be authorized and directed to pay the unpaid amount of such fees and expenses for a

total additional payment amount of $37,205.02,[4] and for such other and further relief as this

Court may deem just and proper.

---

[4] This amount reflects a credit of -$855.00 for non-working travel time incurred in March 2010.  This credit will be
applied to the June 2010 invoice.

Dated:    June 14, 2010                    PACHULSKI STANG ZIEHL & JONES LLP


By     _/s/ Jeffrey N. Pomerantz_____
Jeffrey N. Pomerantz (admitted *pro hac vice*)
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA 90067-4100
Telephone: 310.277.6910
Facsimile:  310.201.0760

Counsel for the Official Committee of
Unsecured Creditors

Filed This 14th Day of June 2010         By:      OFFICIAL COMMITTEE OF
                                                    UNSECURED CREDITORS


                                           By: */s/ Paula S. Beran*
                                           Counsel

---

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
E-mail:  ltavenner@tb-lawfirm.com
         pberan@tb-lawfirm.com


Local Co-Counsel for the Official Committee of Unsecured
Creditors

-and-

Richard M. Pachulski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF-2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 310-277-6910
Facsimile:  310-201-0760
E-mail  rpachulski@pszjlaw.com:
        rfeinstein@pszjlaw.com
        jpomerantz@pszjlaw.com


Lead Counsel for the Official Committee of Unsecured
Creditors

---

## **CERTIFICATE OF SERVICE**

I hereby certify that on or before the 14th day of June, 2010 a true copy of the foregoing Sixth Interim Application of Pachulski Stang Ziehl & Jones LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Creditors for the Period from February 1, 2010  through April 30, 2010 was served via first-class mail, postage-prepaid and/or electronic delivery to:

Robert B. Van Arsdale – Via email: robert.b.van.arsdale@usdoj.gov
June E. Turner – Via email: june.e.turner@usdoj.gov
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

Michelle Mosier – Via email michelle_mosier@ccswinddown.com
Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233

Gregg M. Galardi, Esq. – Via email: gregg.galardi@skadden.com
Skadden, Arps, Slate, Meagher, & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899

Douglas M. Foley, Esq. – Via email: dfoley@mcguirewoods.com
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219

*/s/ Paula S. Beran_____*
Co-Counsel

## EXHIBIT B

## SUMMARY OF TIME CHARGES AND HOURLY RATES BY PROFESSIONAL FOR PERIOD FROM FEBRUARY 1, 2010 THROUGH APRIL 30, 2010

| Name of Professional & Title | Year Admitted to Practice | Billing Rate | Total Hours Billed | Fee Totals |
|---|---|---|---|---|
| Richard M. Pachulski, Partner | 1979 | 925.00 | 88.80 | $82,140.00 |
| Robert J. Feinstein, Partner | 1982 | 855.00 | 76.30 | $65,236.50 |
| Robert J. Feinstein, Partner | 1982 | 427.50 | 2.00 | $855.00 |
| Jeffrey N. Pomerantz, Partner | 1989 | 775.00 | 82.30 | $63,782.50 |
| John A. Morris, Partner | 1991 | 750.00 | 53.30 | $39,975.00 |
| Stanley E. Goldich, Partner | 1980 | 750.00 | 1.20 | $900.00 |
| David J. Barton, Partner | 1981 | 750.00 | 4.40 | $3,300.00 |
| Andrew W. Caine, Partner | 1983 | 725.00 | 0.90 | $652.50 |
| Jason S. Pomerantz, Of Counsel | 1991 | 550.00 | 6.20 | $3,410.00 |
| Beth E. Levine, Of Counsel | 1992 | 550.00 | 4.60 | $2,530.00 |
| David A. Abadir, Associate | 2008 | 425.00 | 24.60 | $10,455.00 |
| Leslie A. Forrester, Paralegal | N/A | 260.00 | 0.30 | $78.00 |
| Beth D. Dassa, Paralegal | N/A | 235.00 | 8.30 | $1,950.50 |
| Felice S. Harrison, Paralegal | N/A | 235.00 | 0.50 | $117.50 |
| Michael A. Matteo, Paralegal | N/A | 205.00 | 15.50 | $3,177.50 |
| Andrew C. Sahn, Paralegal | N/A | 160.00 | 13.00 | $2,080.00 |
| | | **TIME CHARGES TOTAL:** | **382.20** | **$280,640.00** |
| | | | | **$280,640.00** |

| | |
|---|---|
| **Total Hours:** | **382.80** |
| **Blended Hourly Rate: (Attorneys and Paralegals)** | **$733.51** |
| **Blended Hourly Rate: (Attorneys)** | **$792.91** |

## <u>EXHIBIT C</u>

## SUMMARY OF SERVICES BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees Requested |
|---|---|---|
| Asset Analysis/Recovery | 2.90 | $2,211.50 |
| Asset Disposition | 2.70 | $2,090.00 |
| Avoidance Actions | 3.50 | $2,131.00 |
| Case Administration | 22.90 | $9,828.00 |
| Canada | 56.00 | $45,316.00 |
| Claims Administration/Objections | 75.90 | $48,844.00 |
| Compensation of Professionals | 22.50 | $10,602.50 |
| Employee Benefits/Pension | 64.30 | $53,065.50 |
| General Creditors Committee | 34.50 | $28,096.50 |
| Hearings | 10.60 | $8,655.00 |
| Litigation | 4.20 | $3,362.00 |
| Plan & Disclosure Statement | 65.60 | $56,861.50 |
| Retention of Professionals | 11.70 | $6,402.00 |
| Tax Issues | 2.90 | $2,319.50 |
| Travel (Non-Working) | 2.00 | $855.00 |
| **TOTAL SERVICES BILLED:** | **382.80** | **$280,640.00** |

**EXHIBIT E**

**SUMMARY OF DISBURSEMENTS BILLED**

| Expense Category | Total Expenses |
|---|---|
| Airfare | $695.40 |
| Auto/Travel | $50.00 |
| Business/Working Meals | $12.48 |
| Conference Call | $197.20 |
| Reproduction Expense | $34.80 |
| Reproduction / Scan Copy | $71.20 |
| Overtime | $51.16 |
| Research | $1,399.19 |
| **TOTAL EXPENSES:** | **$2,511.43** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., <u>et al.</u>,[1] | : | Case No. 08-35653-KRH |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| | : | |

**CERTIFICATION UNDER GUIDELINES FOR FEES AND
DISBURSEMENTS FOR PROFESSIONALS IN RESPECT
OF SIXTH INTERIM APPLICATION OF PACHULSKI
STANG ZIEHL & JONES LLP FOR COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
AS COUNSEL TO THE OFFICIAL COMMITTEE OF CREDITORS
<u>FOR THE PERIOD FROM  FEBRUARY 1, 2010 THROUGH APRIL 30, 2010</u>**

I, Jeffrey N. Pomerantz, hereby certify that:

1.	I am a partner with the applicant firm of Pachulski Stang Ziehl & Jones LLP

("<u>PSZJ</u>"), lead counsel to the Official Committee of Unsecured Creditors appointed in above-

captioned matter.  I submit this certification with respect to PSZJ's compliance with the United

States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "<u>UST Guidelines</u>"),

and the Order, Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule

2016(a) Establishing Procedures for Interim Monthly Compensation for Professionals

("<u>Administrative Order</u>"), and collectively with the Local Guidelines and UST Guidelines, (the

"<u>Guidelines</u>.")

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of their respective federal tax identifications numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC  (5170), CC Aviation, Inc. (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

2.      This Certification in made in connection with the Sixth Interim Application  of

Pachulski Stang Ziehl & Jones LLP for Compensation for Services Rendered and

Reimbursement of Expenses as Counsel to the Official Committee of Creditors (the

"Application") for the Period from February 1, 2010 through April 30, 2010 ("Interim Period"),

in accordance with the Guidelines.

3.      In accordance with 18 U.S.C. § 155 and the Rules of this Court, neither I nor any

attorney of my firm has entered into any agreement, written or oral, express or implied, with the

Office of the United States Trustee, with the Debtors, any creditor or any other party in interest,

or any attorney of such person, for the purpose of fixing the amount of any of the fees or other

compensation to be allowed out of or paid from the assets of the Debtor.

4.      In accordance with Section 504 of the Bankruptcy Code, no agreement or

understanding exists between me, my firm or any attorney thereof or any person for the division

of such compensation as my firm may receive for services rendered in connection with this case,

nor will any division or fees prohibited by Section 504 of the Bankruptcy Code be made by me

or any partner, counsel or associate of my firm.

5.      I certify that:  (a) I have read the Application; (b) to the best of my knowledge,

information, and belief formed after reasonable inquiry, the fees and disbursements sought fall

within the Local Guidelines; (c) the fees and disbursements sought are billed at rates in

accordance with those customarily charged by PSZJ and generally accepted by PSZJ's clients;

and (d) in providing a reimbursable service, PSZJ does not make a profit on that service, whether

the service is performed by PSZJ in-house or through a third party.

6.       I certify that PSZJ has complied with the provision requiring it to provide the

Debtors, on a monthly basis, with a statement of fees and disbursements accrued during the

previous month.  Copies of such monthly statements are attached as <u>Exhibit D</u> to the

Application.

7.       I certify that the Debtors, counsel for the statutory creditors' committee, and the

United States Trustee for the Eastern District of Virginia are each being provided with a copy of

the Application.


Dated:    June 14, 2010                    PACHULSKI STANG ZIEHL & JONES LLP


                                           By      */s/ Jeffrey N. Pomerantz*
                                                   Jeffrey N. Pomerantz (admitted *pro hac vice*)
                                                   10100 Santa Monica Blvd., Suite 1100
                                                   Los Angeles, CA 90067-4100
                                                   Telephone: 310.277.6910
                                                   Facsimile:  310.201.0760

                                                   Counsel for the Official Committee of
                                                   Unsecured Creditors