Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Douglas M. Foley (VSB No. 34364)  
Sarah B. Boehm (VSB No. 45201)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

            - and -

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
155 North Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and Debtors  
in Possession  

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION  

- - - - - - - - - - - - - - x  
In re:                        :    Chapter 11  
                              :  
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)  
et al.,                       :  
                              :    Jointly Administered  
              Debtors.        :  
                              :    **Obj. Deadline: June 24, 2010 at**  
- - - - - - - - - - - - - - x    **5:00 p.m. (ET)**  

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION BY  
AND AMONG THE DEBTORS AND UNIDEN AMERICA CORPORATION**

PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(the "Settlement Procedures Order") (Docket No. 4401).[1]   A copy of the Settlement Procedures Order (without exhibits) is annexed as Exhibit 1.

   PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

   PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement Agreement") with Uniden America Corporation ("Uniden"), a copy of which is annexed as Exhibit 2.

### SUMMARY OF SETTLEMENT AGREEMENT TERMS[3]

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Settlement Agreement (defined below) or the Settlement Procedures Order.

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]   This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Settlement Agreement are as follows:

(i)     This a Tier I Settlement.

(ii)    The Parties engaged in a comprehensive reconciliation (the "Reconciliation") of Claim No. 10334.

(iii)   As part of the Reconciliation, the Parties agreed that the value of Claim No. 10334 is $447,260.

(iv)    As part of the Reconciliation, the Parties agreed that Uniden already setoff most of the Alleged Receivables from Claim No. 10334 before the claim was filed.  After taking into consideration the Alleged Receivables previously setoff by Uniden, the Parties agreed that the Debtors' remaining Alleged Receivables shall be valued at $26,120 (the "Receivables").

(v)     In full satisfaction and settlement of the Alleged Receivables and the Receivables, the Receivables shall be net against Claim No. 10334 such that Claim 10334 shall be reduced to and allowed in the face amount of $421,140 ("Allowed General Unsecured Claim").

(vi)    To the extent required, the automatic stay of 11 U.S.C. § 362 is lifted to permit the netting set forth in Paragraph (v) above.

(vii)   The Allowed General Unsecured Claim shall be deemed an "allowed" claim in case number 08-35653 (KRH) for all purposes, including with respect to any confirmed plan or as required under any chapter 7 liquidation (as applicable), and shall not be subject to further objection, offset, reduction, discount, impairment or subordination.

(viii)  In full and final satisfaction of the Preferential Transfers and the Avoidance Action Claims, the Parties agree that Uniden shall pay the Debtors $135,470.19 within three (3) business days of the Effective Date (defined hereafter) of the Settlement Agreement (the "Settlement Payment").  The Parties agree that Uniden shall wire or cause to be wired the Settlement Payment to the Debtors pursuant to wire instructions provided by the Debtors to Uniden.

(ix)   Upon receipt by Circuit City of the Settlement
Payment, Uniden, on behalf of itself and its
successors and assigns, and the Debtors, on behalf
of themselves, and each on behalf of their
respective estates, successors, and assigns
(including but not limited to any trustee appointed
in any of these chapter 11 cases or any successor or
subsequent bankruptcy cases, any receivers and/or
other custodians appointed in any action or
proceeding involving the Debtors' property and the
liquidating trustee under the Plan), hereby
irrevocably and fully release one another from and
against any and all claims or causes of action
(including, but not limited to, causes of action
under Bankruptcy Code sections 502, 542, 543, 544,
546, 547, 548, 549, 550, 553 and 558) arising from,
in connection with, or related to the Alleged
Receivables, the Receivables, the Claim Discrepancy,
the Allowed General Unsecured Claim, the Demand
Letter, the Preferential Transfers, and the
Avoidance Action Claims (this paragraph, the
"Releases").

(x)   For the avoidance of doubt and notwithstanding
anything to the contrary in the Settlement Agreement,
(1) the Releases are not intended as general
releases or waivers and nothing in the Settlement
Agreement shall be construed as such, and (2) Uniden
and the Debtors specifically acknowledge and agree
that the Settlement Agreement is not intended to,
and does not, release or otherwise affect in any way
any actual claims or causes of action (or potential
claims or causes of action similar in nature or type
to such actual claims or causes of action) now or
hereinafter asserted in, based on, or relating to
the multi-district litigation captioned In re: TFT-
LCD (Flat Panel) Antitrust Litigation, MDL No. 1827
(N.D. Cal.) and the actions consolidated therein
(the "MDL Proceeding").

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Settlement Procedures Order,
any Notice Party may object (each an "Objection") to or
request additional time or information (each a "Request")
to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be in writing and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (see information below) by no later **June 24, 2010 at 5:00 p.m. (ET)** (the "Objection Deadline"). Each Objection or Request must be served on (i) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE 19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA 23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F. Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Settlement Agreement and you do not want the Debtors to proceed with the Settlement Agreement or you want the Court to consider your views concerning the Settlement Agreement, you or you attorney must also:

file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before June 24, 2010 at 5:00 p.m. (ET)**.

**Any Objection to the Settlement Agreement must be submitted by the method described in the foregoing sentence. Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Settlement Procedures Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to

object to the Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: June 17, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

                    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

               IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - x
                                :
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   1Case No. 08-35653 (KRH)
et al.,                         :
                                :
              Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

          Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

--------------------

[1]  Each capitalized term not otherwise defined herein shall have the
     meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 9006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the establishment of procedures to settle certain pre-petition and post-petition claims and causes of action without further court approval; and the Court having reviewed the Motion; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed, due, proper and adequate notice of the Motion has been given in accordance with the Case Management Order and that no other or further notice is necessary;

2.    The Notice Procedures are fair, reasonable, and appropriate.

3.    The Settlement Procedures are fair reasonable, and appropriate.

4.    The Notice and Settlement Procedures were proposed in good faith.

2

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10. The Debtors shall provide key parties in interest with notice of each proposed Settlement. The Notice Procedures are as follows:

(a) The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b) The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c) The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
([dblanks@mcguirewoods.com](mailto:dblanks@mcguirewoods.com)), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
([jpomerantz@pszjlaw.com](mailto:jpomerantz@pszjlaw.com)) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
([rfeinstein@pszjlaw.com](mailto:rfeinstein@pszjlaw.com)).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    <u>Tier I</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    <u>Tier II</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as applicable, in an amount greater than $500,000.

12.   Subject to the Notice Procedures, the Debtors are authorized to compromise and settle Cause of Action and Receivable Claims as follows:

(a)   Tier I With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value (i) equal to or greater than seventy-five percent (75%) of the Debtors' original reasonable estimate of the Cause of Action and Receivable Claim amount and (ii) equal to or less than $1,000,000.

(b)   Tier II With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value equal to (i) more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the

Debtors are authorized in their sole discretion, but not

directed, to enter into Settlement Agreements

substantially in the form of Exhibit A attached hereto;

provided, further, that the material terms of each

Settlement Agreement may vary depending upon the

specific facts and circumstances of each Settlement and

nothing herein or therein shall be construed as

impairing the Debtors' ability to tailor the form of the

Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not

directed, to resolve all of the Disputed Claims and

Cause of Action and Receivable Claims of a single party

in a single Settlement Agreement.

15.   The Debtors shall provide written notice

to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'

authorized claims and noticing agent, with respect to

any proof of claim settled pursuant to these Settlement

Procedures; provided, further, that, if applicable, KCC

9

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.   Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.   Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.  In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.  The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear and determine all matters arising from or related to the Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
        _____, 2009

        _____
        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                          :    Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :    Case No. 08-35653 (KRH)
et al.,                         :
                                :
        Debtors.                :    Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS AND UNIDEN AMERICA CORPORATION**

This settlement agreement and stipulation

(this "Settlement Agreement") is entered into by and

among the above-captioned debtors and debtors in

possession (the "Debtors")[1], on the one hand, and Uniden

America Corporation ("Uniden" and together with the

Debtors, the "Parties" and each of which is a "Party"),

on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code; and

---

[1]   The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
VA 23060.

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

3

WHEREAS, the associated disclosure statement
(the "Disclosure Statement") was approved on September
24, 2009, and confirmation on the Plan has been
adjourned; and

WHEREAS, generally, the Plan provides for the
liquidation of the Debtors under chapter 11 of the
Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the
Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R.
Bankr. P. 2002, 9006, and 9019 Authorizing the
Establishment of Procedures to Settle Certain Pre-
Petition and Post-Petition Claims and Causes of Action
Without Further Court Approval, dated August 7, 2009
(Docket No. 4401, the "Settlement Procedures Order")[2] to
enter into this Settlement Agreement, subject to the
Notice Procedures.

**SETTLEMENT BACKGROUND**

**A.   The Uniden Claims.**

WHEREAS, the Debtors and Uniden engaged in
business in the ordinary course prior to and after the

---

[2]  All capitalized terms not otherwise defined herein shall have the
meaning ascribed to such terms in the Settlement Procedures Order.

4

Petition Date wherein the Debtors purchased certain

Uniden products (the "Product") for sale in their retail

stores; and

WHEREAS, on December 11, 2008, Uniden filed

claim number 1774 ("Claim No. 1774"), a general

unsecured proof of claim against the Debtors' bankruptcy

estates.  Therein, Uniden claimed that it shipped in the

ordinary course of business $703,485.97 worth of Product

to the Debtors before the Petition Date for which Uniden

had not been paid; and

WHEREAS, on January 13, 2009, Uniden filed

proof of claim number 3612 ("Claim No. 3612"), a general

unsecured proof of claim against the Debtors' bankruptcy

estates.  Therein, Uniden claimed that it shipped in the

ordinary course of business $703,485.97 worth of Product

to the Debtors before the Petition Date for which Uniden

had not been paid; and

WHEREAS, on February 9, 2009, Uniden filed

proof of claim number 10334 ("Claim No. 10334"), a

general unsecured proof of claim against the Debtors'

bankruptcy estates.  Therein, Uniden claimed that it

shipped in the ordinary course of business $459,778.85

5

worth of Product to the Debtors before the Petition Date
for which Uniden had not been paid; and

**B.    The Omnibus Objections.**

WHEREAS, on June 4, 2009, the Debtors objected
to Claim No. 1774 in the Debtors' Thirteenth Omnibus
Objection to Certain Amended Claims (D.I. 3527).
Therein, the Debtors sought to disallow Claim No. 1774
on the basis that it was amended by Claim No. 10334; and

WHEREAS, on August 12, 2009, the Court entered
the Order on Debtors' Thirteenth Omnibus Objection to
Certain Amended Claims (D.I. 4446), including the relief
sought against Claim No. 1774.  Accordingly, Claim No.
1774 was disallowed for all purposes in the Debtors'
bankruptcy proceedings; and

WHEREAS, on July 24, 2009 the Debtors objected
to Claim No. 3612 in the Debtors' Twenty-Ninth Omnibus
Objection to Claims (Disallowance of Certain Duplicate
Claims) (D.I. 4278).  Therein, the Debtors objected to
Claim No. 3612 on the basis that it was entirely
duplicative of Claim No. 1774; and

WHEREAS, on September 10, 2009, the Court
entered the Order on Debtors' Twenty-Ninth Omnibus

6

Objection to Claims (Disallowance of Certain Duplicate
Claims) (D.I. 4805), including the relief sought against
Claim No. 3612.  Accordingly, Claim No. 3612 was
disallowed for all purposes in the Debtors' bankruptcy
proceedings; and

**C.   The Demand Letter.**

WHEREAS, on April 20, 2010, the Debtors sent a
letter to Uniden (the "Demand Letter").  Therein, the
Debtors alleged that Claim No. 10334 was overstated by
$25,607.28 on account of quantity shortages, return
discrepancies, and reversals of previously taken
deductions such that the appropriate amount of the claim
was $434,171.57 (the "Claim Discrepancy"); and

WHEREAS, in the Demand Letter, the Debtors also
alleged that they identified $326,356.19 in receivables,
chargebacks, returns, and other amounts (collectively,
the "Alleged Receivables") that are currently due, owing,
and payable by Uniden to Circuit City.  More
particularly, the Debtors identified $317,882.02 in
Alleged Receivables incurred pre-petition, and $8,474.17
in Alleged Receivables incurred post-petition; and

7

WHEREAS, the Debtors asserted that pursuant to Bankruptcy Code section 558, the Debtors were authorized to setoff the pre-petition Alleged Receivables from Uniden's Claim No. 10334, whereby after setoff, Claim No. 10334 would be reduced to $116,289.55; and

WHEREAS, the Debtors demanded that Uniden turnover the remaining Alleged Receivables pursuant to Bankruptcy Code section 542; and

WHEREAS, Uniden disputed the amount of the Debtors' Alleged Receivables.  More particularly, Uniden asserted that it already setoff approximately $300,000 of the Alleged Receivables from the amount claimed on Claim No. 10334 before filing its proof of claim form; and

WHEREAS, in the Demand Letter, the Debtors also asserted that during the 90-day period prior to the commencement of Circuit City's bankruptcy cases, Circuit City transferred property to or for the benefit of Uniden in an amount not less than $270,940.38 (the "Preferential Transfers").  The Debtors sought to recover the Preferential Transfers pursuant to

8

Bankruptcy Code sections 547 and 550 (the "Avoidance
Action Claims"); and

WHEREAS, rather than proceed with litigation
concerning the Demand Letter, Claim No. 10334, the Claim
Discrepancy, the Debtors' Alleged Receivables, the
Preferential Transfers, and the Avoidance Action Claims,
the parties engaged in good faith, arms' length
negotiations to resolve the foregoing in their entirety;
and

NOW THEREFORE, subject to and in accordance
with the Settlement Procedures Order, for good and
valuable consideration the receipt and sufficiency of
which is hereby acknowledged, the Parties hereby
STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    The Parties engaged in a comprehensive
reconciliation (the "Reconciliation") of Claim No. 10334.

2.    As part of the Reconciliation, the
Parties agreed that the value of Claim No. 10334 is
$447,260.

3.    As part of the Reconciliation, the
Parties agreed that Uniden already setoff most of the
Alleged Receivables from Claim No. 10334 before the

9

claim was filed.  After taking into consideration the

Alleged Receivables previously setoff by Uniden, the

Parties agreed that the Debtors' remaining Alleged

Receivables shall be valued at $26,120 (the

"Receivables").

    4.    In full satisfaction and settlement of

the Alleged Receivables and the Receivables, the

Receivables shall be net against Claim No. 10334 such

that Claim 10334 shall be reduced to and allowed in the

face amount of $421,140 ("Allowed General Unsecured

Claim").

    5.    To the extent required, the automatic

stay of 11 U.S.C. § 362 is lifted to permit the netting

set forth in Paragraph 5 above.

    6.    The Allowed General Unsecured Claim shall

be deemed an "allowed" claim in case number 08-35653

(KRH) for all purposes, including with respect to any

confirmed plan or as required under any chapter 7

liquidation (as applicable), and shall not be subject to

further objection, offset, reduction, discount,

impairment or subordination.

7.    In full and final satisfaction of the
Preferential Transfers and the Avoidance Action Claims,
the Parties agree that Uniden shall pay the Debtors
$135,470.19 within three (3) business days of the
Effective Date (defined hereafter) of this Settlement
Agreement (the "Settlement Payment").  The Parties agree
that Uniden shall wire or cause to be wired the
Settlement Payment to the Debtors pursuant to wire
instructions provided by the Debtors to Uniden.

8.    Upon receipt by Circuit City of the
Settlement Payment, Uniden, on behalf of itself and its
successors and assigns, and the Debtors, on behalf of
themselves, and each on behalf of their respective
estates, successors, and assigns (including but not
limited to any trustee appointed in any of these chapter
11 cases or any successor or subsequent bankruptcy cases,
any receivers and/or other custodians appointed in any
action or proceeding involving the Debtors' property and
the liquidating trustee under the Plan), hereby
irrevocably and fully release one another from and
against any and all claims or causes of action
(including, but not limited to, causes of action under

11

Bankruptcy Code sections 502, 542, 543, 544, 546, 547,
548, 549, 550, 553 and 558) arising from, in connection
with, or related to the Alleged Receivables, the
Receivables, the Claim Discrepancy, the Allowed General
Unsecured Claim, the Demand Letter, the Preferential
Transfers, and the Avoidance Action Claims (this
paragraph, the "Releases").

       9.   For the avoidance of doubt and
notwithstanding anything to the contrary in this
Settlement Agreement, (1) the Releases are not intended
as general releases or waivers and nothing in this
Settlement Agreement shall be construed as such, and (2)
Uniden and the Debtors specifically acknowledge and
agree that this Settlement Agreement is not intended to,
and does not, release or otherwise affect in any way any
actual claims or causes of action (or potential claims
or causes of action similar in nature or type to such
actual claims or causes of action) now or hereinafter
asserted in, based on, or relating to the multi-district
litigation captioned In re: TFT-LCD (Flat Panel)
Antitrust Litigation, MDL No. 1827 (N.D. Cal.) and the
actions consolidated therein (the "MDL Proceeding").

12

10.   The Parties agree that this Settlement Agreement finally resolves the Demand Letter, Allowed General Unsecured Claim, the Claim Discrepancy, the Debtors' Alleged Receivables, the Receivables, the Preferential Transfers, and the Avoidance Action Claims in their entirety.

11.   Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Settlement Agreement or (b) to seek damages or injunctive relief in connection with such approval and enforcement.

12.   Each Party hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

13

13.  No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the parties hereto and their respective successors and assigns.

14.  Except where preempted by applicable Federal law, this Settlement Agreement shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia without regard to any choice of law provisions.

15.  This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

16.  This Settlement Agreement constitutes the entire agreement and understanding of the parties regarding the Settlement Agreement and the subject matter thereof.

17.  The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the parties consent to such retention of jurisdiction) with respect to any disputes arising

14

from or related to, or other actions to interpret,
administer or enforce the terms and provisions of, this
Settlement Agreement.

18.   Each person or entity who executes this
Settlement Agreement on behalf of another person or
entity represents and warrants that he, she, or it is
duly authorized to execute this Settlement Agreement on
behalf of such person or entity, has the requisite
authority to bind such person or entity, and such person
or entity has full knowledge of and has consented to
this Settlement Agreement.  The representations and
warranties set forth in this paragraph shall survive
execution of this Settlement Agreement.

19.   This Settlement Agreement shall not be
modified, altered, amended or vacated without the
written consent of all parties hereto or order of the
Bankruptcy Court.

20.   This Settlement Agreement and all of its
terms shall be effective upon the later of (i) execution
by both Parties and (ii) the expiration of the
applicable Notice Period.

15

21.   This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto, including any Chapter 7 trustee or the Liquidating Trustee under the Plan.

        IN WITNESS WHEREOF, this Settlement Agreement

is hereby executed as of the later of the dates set

forth below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

Dated:  June 17, 2010

UNIDEN AMERICA CORPORATION

By:

/s/ Stephanie Liebl Huber
Stephanie Liebl Huber
General Counsel
4700 Amon Carter Boulevard
Fort Worth, TX  76155
(817) 858-3019

Dated:  June 17, 2010