Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :   Jointly Administered
            Debtors.         :
                             :   **Obj. Deadline: July 8, 2010**
- - - - - - - - - - - - - - x

### NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION

PLEASE TAKE NOTICE that, on August 10, 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered the Order Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval

(D.I. 4401, the "Order").[1]  A copy of the Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into Settlement Agreement and settlement agreements with third parties, subject to the procedures set forth in the Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a settlement agreement and stipulation (the "Settlement Agreement") with International Business Machines Corporation ("IBM Corporation") and IBM Credit LLC ("IBM Credit" and together with IBM Corporation, "IBM"), a copy of which is annexed as <u>Exhibit 2</u>.

### SUMMARY OF SETTLEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Order, the material terms of the Settlement Agreement are as follows:

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Order.

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

[3]  **This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.**

(i)     The Settlement Agreement is a Tier II
        Settlement.

(ii)    The Settlement Agreement is between the
        Debtors and IBM (the "Parties").

(iii)   The Debtors and IBM engaged in business
        in the ordinary course prior to the
        Petition Date wherein the Debtors leased
        certain equipment from IBM and IBM
        provided certain services to the Debtors.

(iv)    IBM has asserted certain claims on
        account of such leased equipment and
        services, including several general
        unsecured claims (the "General Unsecured
        Claims") and an administrative expense
        claim (the "Administrative Claim" and
        together with the General Unsecured
        Claims, the "IBM Claims")), which claims
        have not previously been allowed or
        disallowed in the Debtors' cases.  In
        addition, the Debtors have scheduled
        various claims of IBM (the "Scheduled
        Claims").

(v)     The Debtors have alleged that each of
        the IBM Claims is, in whole or in part,
        duplicative, overstated or misclassified.

(vi)    The Settlement Agreement provides that:
        (a) The Scheduled Claims shall be
        disallowed in their entirety and no
        further amounts shall be due on account
        of the Scheduled Claims, (b) Claim 12500
        shall be allowed as a general unsecured
        claim in the amount of $2,476,177.00
        ("Allowed Claim 12500"), (c) Claim 14492
        shall be allowed as a general unsecured
        claim in the amount of $11,792,057.00
        ("Allowed Claim 14492"), (d) Claim 14563
        shall be allowed as a general unsecured
        claim in the amount of $43,068,651.00
        ("Allowed Claim 14563"), (e) Claim 14588
        shall be disallowed in its entirety for

all purposes in these bankruptcy cases,
(f) Claim 14707 shall be disallowed in
its entirety for all purposes in these
bankruptcy cases, (g) Claim 14818 shall
be allowed as a general unsecured claim
in the amount of $19,101,155.00
("Allowed Claim 14818" and together with
Allowed Claim 12500, Allowed Claim 14492
and Allowed Claim 14563, the "Allowed
General Unsecured Claims"); and (h)
Claim 14543 shall be allowed as an
administrative expense claim in the
amount of $574,862.00 (the "Allowed
Administrative Claim").

(vii)   As part of the Settlement Agreement, the
Allowed General Unsecured Claims and the
Allowed Administrative Claim shall be
deemed "allowed" claims in case number
08-35653 (KRH) for all purposes,
including with respect to any confirmed
plan of liquidation or in any chapter 7
case of the Debtors, and shall not be
subject to further offset, reduction,
subordination or discount.  The Allowed
Administrative Claim shall be paid in
accordance with the Plan, on the
"effective date" of any other plan or as
required under any chapter 7 liquidation
(as applicable).

(viii)  In addition, the Settlement Agreement
provides that: (i) the Allowed General
Unsecured Claims and the Allowed
Administrative Claim shall constitute
IBM's full and final allowed claims in
the Debtors' cases and IBM shall not
file or be entitled to recover on
account of any other claims or
administrative expenses and (ii) (a) the
Parties agree that nothing herein shall
be deemed to be or construed as an
impairment, waiver, or relinquishment of,
or effect, impair, waive, or relinquish,
(x) the Debtors' rights to recover

4

amounts under sections 544, 547, 548, 549, and 550 of the Bankruptcy Code (the "Avoidance Action Claims"), if any, or (y) IBM's rights, claims, or defenses to or in connection with any Avoidance Action Claims, and (b) the Parties expressly and forever waive any defense that this Agreement or any of its terms in any way affected, impaired, waived, or relinquished such rights or defenses;

(ix)    The Settlement Agreement provides for the efficient and consensual resolution of claims by and between the Parties. As such, the Settlement Agreement will avoid unnecessary costs and expenses of negotiating the remaining issues between the Parties in a duplicative, piecemeal manner.  Accordingly, the Settlement Agreement is in the best interests of the Debtors and their estates and creditors.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED SETTLEMENT AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be <u>in writing</u> and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (the "Creditors' Committee")(see information below) by no later than **July 8, 2010** (the "Objection Deadline").  Each Objection or Request must be served on (i) counsel for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi (<u>gregg.galardi@skadden.com</u>) and Ian S. Fredericks (<u>ian.fredericks@skadden.com</u>) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:

Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii) counsel for the
Creditors' Committee, (a) Pachulski Stang Ziehl & Jones LLP,
10100 Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th
Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to
the Settlement Agreement and you do not want the Debtors to
proceed with Settlement Agreement or you want the Court to
consider your views concerning such Settlement Agreement,
you or you attorney must also: file in writing with the
Bankruptcy Court, Clerk of Court, United States Bankruptcy
Court, 701 East Broad Street, Suite 4000, Richmond,
Virginia 23219, or electronically (www.vaeb.uscourts.gov),
a written Objection pursuant to Local Bankruptcy Rule 9013-
1(H). If you mail your Objection to the Court for filing,
you must mail it early enough so the Court will **receive it
on or before July 8, 2010.**

**Any Objection to the Settlement Agreement must be submitted
by the method described in the foregoing sentence.
Objections will be deemed filed only when actually received
at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(d) of the Order, if a Notice Party submits a
Request, only such Notice Party shall have the later of (i)
an additional five (5) days to object to the Settlement
Agreement or (ii) in the case of a Request for additional
information, three (3) days after receipt by the Notice
Party of the additional information requested.  Each Notice
Party may only make one Request for additional time, unless
otherwise agreed to by the Debtors in their sole discretion.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Creditors' Committee or counsel to the Debtors and counsel for the Creditors' Committee do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any), **the Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: June 24, 2010          SKADDEN, ARPS, SLATE, MEAGHER &
        Richmond, Virginia   FLOM, LLP
                             Gregg M. Galardi, Esq.
                             Ian S. Fredericks, Esq.
                             P.O. Box 636
                             Wilmington, Delaware 19899-0636
                             (302) 651-3000

                                     - and -

                             SKADDEN, ARPS, SLATE, MEAGHER &
                             FLOM, LLP
                             Chris L. Dickerson, Esq.
                             155 North Wacker Drive
                             Chicago, Illinois 60606
                             (312) 407-0700

                                     - and -

                             MCGUIREWOODS LLP

                             /s/ Douglas M. Foley
                             Douglas M. Foley (VSB No. 34364)
                             Sarah B. Boehm (VSB No. 45201)
                             One James Center
                             901 E. Cary Street
                             Richmond, Virginia 23219
                             (804) 775-1000

                             Counsel for Debtors and Debtors
                             in Possession

**EXHIBIT 1**

**(Order without Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                             :
In re:                       :  Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :  1Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :  Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.   Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.   The Notice Procedures are fair,

reasonable, and appropriate.

3.   The Settlement Procedures are fair

reasonable, and appropriate.

4.   The Notice and Settlement Procedures were

proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.    The Debtors shall provide key parties in interest with notice of each proposed Settlement.    The Notice Procedures are as follows:

(a)    The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)    The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)    The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.    Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

    12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

        (a)   Tier I With respect to pre- and post-
        petition Cause of Action and Receivable
        Claims, the Debtors, in their sole
        discretion, may negotiate, execute and
        consummate written Settlement Agreements
        with third parties that will be binding on
        the Debtors and their estates without
        further action by this Court.  The Debtors
        may, in full settlement of such Cause of
        Action and Receivable Claims, compromise or
        settle a Cause of Action and Receivable
        Claim resulting in a cash payment to the
        Debtors' estates of a value (i) equal to or
        greater than seventy-five percent (75%) of
        the Debtors' original reasonable estimate of
        the Cause of Action and Receivable Claim
        amount and (ii) equal to or less than
        $1,000,000.

        (b)   Tier II With respect to pre- and
        post-petition Cause of Action and Receivable
        Claims, the Debtors, in their sole
        discretion, may negotiate, execute and
        consummate written Settlement Agreements
        with third parties that will be binding on
        the Debtors and their estates without
        further action by this Court.  The Debtors
        may, in full settlement of such Cause of
        Action and Receivable Claims, compromise or
        settle a Cause of Action and Receivable
        Claim resulting in a cash payment to the
        Debtors' estates of a value equal to (i)
        more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the

Debtors are authorized in their sole discretion, but not

directed, to enter into Settlement Agreements

substantially in the form of Exhibit A attached hereto;

provided, further, that the material terms of each

Settlement Agreement may vary depending upon the

specific facts and circumstances of each Settlement and

nothing herein or therein shall be construed as

impairing the Debtors' ability to tailor the form of the

Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not

directed, to resolve all of the Disputed Claims and

Cause of Action and Receivable Claims of a single party

in a single Settlement Agreement.

15.   The Debtors shall provide written notice

to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'

authorized claims and noticing agent, with respect to

any proof of claim settled pursuant to these Settlement

Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.   Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.   Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear
and determine all matters arising from or related to the
Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
        _____, 2009

                          _____
                          UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.            Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.           Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &    MCGUIREWOODS LLP
FLOM, LLP                         One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
        Debtors.              :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE DEBTORS, INTERNATIONAL BUSINESS MACHINES CORPORATION AND IBM CREDIT, LLC**

This settlement agreement and stipulation (this "Settlement Agreement") is entered into by and among the above-captioned debtors and debtors in possession (the "Debtors"),[1] on

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc.

*(cont'd)*

the one hand, and International Business Machines Corporation

("IBM Corporation") and IBM Credit LLC ("IBM Credit" and

together with IBM Corporation, "IBM"), on the other hand.   The

Debtors and IBM are sometimes referred to herein collectively as

the "Parties" or individually as a "Party".

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition Date"),

the Debtors each filed a voluntary petition in the United States

Bankruptcy Court for the Eastern District of Virginia (the

"Court") under chapter 11 of title 11 of the United States Code

(the "Bankruptcy Code"); and

WHEREAS, the Debtors have continued as debtors in

possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of the

United States Trustee for the Eastern District of Virginia

appointed a statutory committee of unsecured creditors (the

"Creditors' Committee"); and

---

*(cont'd from previous page)*
   (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157),
   Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky
   Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263), Mayland MN,
   LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and
   Circuit City Stores PR, LLC (5512).  The address for the Debtors is 4951
   Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores. The going out of business sales concluded on or about March 8, 2009; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors' Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

WHEREAS, the associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009; and

WHEREAS, generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the Court's Order under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes

3

of Action Without Further Court Approval, dated August 7, 2009

(Docket No. 4401, the "Settlement Procedures Order")[2] to enter

into this Settlement Agreement, subject to the Notice Procedures.

**SETTLEMENT BACKGROUND**

WHEREAS, the Debtors and IBM were parties to various

leasing and services agreements pursuant to which the Debtors

leased certain equipment from IBM and IBM provided certain

services to the Debtors and pursuant to which IBM has asserted

various claims against the Debtors; and

WHEREAS, specifically, IBM Corporation filed a proof

of claim designated as claim number 12500 against the Debtors'

bankruptcy estates asserting a general unsecured claim in the

amount of $2,893,320.41 ("Claim 12500"); and

WHEREAS, the Debtors assert that Claim 12500 is

overstated by $834,287.32 such that the proper amount of Claim

12500 is $2,059,033.09; and

WHEREAS, IBM Credit filed a proof of claim designated

as claim number 14492 against the Debtors' bankruptcy estates

asserting a general unsecured claim in the amount of

$8,444,916.00 ("Claim 14492"); and

---

[2]  All capitalized terms not otherwise defined herein have the meanings
ascribed to such terms in the Settlement Procedures Order.

WHEREAS, the Debtors assert that Claim 14492 is overstated by $20,906.06 such that the proper amount of Claim 14492 is $8,424,009.94; and

WHEREAS, IBM Corporation filed a proof of claim designated as claim number 14563 against the Debtors' bankruptcy estates asserting a general unsecured claim in the amount of $44,966,364.00 ("Claim 14563"); and

WHEREAS, the Debtors assert that Claim 14563 is duplicative of Claim 12500 to the extent of $1,897,712.64 such that the proper amount of Claim 14563 is $43,068,651.36; and

WHEREAS, IBM Corporation filed a proof of claim designated as claim number 14588 against the Debtors' bankruptcy estates asserting a general unsecured claim in the amount of $19,832,769.28 ("Claim 14588"); and

WHEREAS, the Debtors assert, and IBM agrees, that Claim 14588 was amended by and is wholly duplicative of Claim 14707 (as defined herein) such that Claim 14588 should be disallowed in its entirety; and

WHEREAS, IBM Corporation filed a proof of claim designated as claim number 14707 against the Debtors' bankruptcy estates asserting a general unsecured claim in the amount of $19,333,219.01 ("Claim 14707"); and

WHEREAS, the Debtors assert, and IBM agrees, that Claim 14707 was amended by and is wholly duplicative of Claim

5

14818 (as defined herein) such that Claim 14707 should be disallowed in its entirety; and

WHEREAS, IBM Corporation filed a proof of claim designated as claim number 14818 against the Debtors' bankruptcy estates asserting a general unsecured claim in the amount of $19,136,033.51 ("Claim 14818" and together with Claim 12500, Claim 14492, Claim 14563, Claim 14588 and Claim 14707, the "General Unsecured Claims")[3]; and

WHEREAS, the Debtors assert that Claim 14818 is overstated by $69,757.19 such that the proper amount of Claim 14818 is $19,066,276.32; and

WHEREAS, IBM Credit filed an administrative expense request designated as claim number 14543 against the Debtors' bankruptcy estates asserting an administrative expense in the amount of $3,966,537.79 ("Claim 14543" or the "Administrative Claim")[4]; and

WHEREAS, the Debtors assert that $47,257.36 of Claim 14543 is overstated and $3,638,047.00 of Claim 14543 is

---

[3]  In addition, IBM has previously filed additional proofs of claim asserting general unsecured claims designated as claim numbers 5336, 5665, 6190, 9187, 10040, 11995 and 13551 (collectively, the "Expunged General Unsecured Claims"). Each of the Expunged General Unsecured Claims has previously been either withdrawn or disallowed by final order of the Bankruptcy Court and is no longer pending in these chapter 11 cases.

[4]  In addition, IBM has previously filed additional administrative expense requires designated as claim numbers 13630 and 14493 (collectively, the "Expunged Administrative Claims"). Each of the Expunged Administrative Claims has been previously disallowed by final order of the Bankruptcy Court and is no longer pending in these chapter 11 cases.

6

misclassified such that the proper amount of Claim 14543 is
$281,233.43, with $3,638,047.00 reclassified as a general
unsecured claim and added to Claim 14492; and

WHEREAS, the Debtors scheduled certain claims of IBM,
including claims under the name of IBM Strategic Outsourcing
Wire, on the Debtors' schedules (collectively, the "Scheduled
Claims"), which claims are duplicative of the General Unsecured
Claims; and

WHEREAS, rather than proceed with litigation concerning
the General Unsecured Claims, the Administrative Claim and the
Scheduled Claims, the Parties engaged in good faith, arms'
length negotiations to resolve the foregoing; and

NOW THEREFORE, subject to and in accordance with the
Settlement Procedures Order, for good and valuable consideration
the receipt and sufficiency of which is hereby acknowledged, the
Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    The Parties agree that:

(a) The Scheduled Claims shall be disallowed in
their entirety and no further amounts shall be due on account of
the Scheduled Claims,

(b) Claim 12500 shall be allowed as a general
unsecured claim in the amount of $2,476,177.00 ("Allowed Claim
12500"),

7

(c) Claim 14492 shall be allowed as a general unsecured claim in the amount of $11,792,057.00 ("Allowed Claim 14492"),

(d) Claim 14563 shall be allowed as a general unsecured claim in the amount of $43,068,651.00 ("Allowed Claim 14563"),

(e) Claim 14588 shall be disallowed in its entirety for all purposes in these bankruptcy cases,

(f) Claim 14707 shall be disallowed in its entirety for all purposes in these bankruptcy cases,

(g) Claim 14818 shall be allowed as a general unsecured claim in the amount of $19,101,155.00 ("Allowed Claim 14818" and together with Allowed Claim 12500, Allowed Claim 14492 and Allowed Claim 14563, the "Allowed General Unsecured Claims"), and

(h) Claim 14543 shall be allowed as an administrative expense claim in the amount of $574,862.00 (the "Allowed Administrative Claim").

2.   The Allowed General Unsecured Claims and the Allowed Administrative Claim shall be deemed "allowed" claims in case number 08-35653 (KRH) for all purposes, including with respect to any confirmed plan of liquidation or in any chapter 7 case of the Debtors, and shall not be subject to further offset, reduction, subordination or discount.   The Allowed

8

Administrative Claim shall be paid in accordance with the Plan,
on the "effective date" of any other plan or as required under
any chapter 7 liquidation (as applicable).

      3.   For the avoidance of doubt and notwithstanding
anything to the contrary in this Settlement Agreement: (i) the
Allowed General Unsecured Claims and the Allowed Administrative
Claim shall constitute IBM's full and final allowed claims in
the Debtors' cases and IBM shall not file or be entitled to
recover on account of any other claims or administrative
expenses, (ii) (a) the Parties agree that nothing herein shall
be deemed to be or construed as an impairment, waiver, or
relinquishment of, or effect, impair, waive, or relinquish, (x)
the Debtors' rights to recover amounts under sections 544, 547,
548, 549, and 550 of the Bankruptcy Code (the "Avoidance Action
Claims"), if any, or (y) IBM's rights, claims, or defenses to or
in connection with any Avoidance Action Claims, and (b) the
Parties expressly and forever waive any defense that this
Agreement or any of its terms in any way affected, impaired,
waived, or relinquished such rights or defenses; and (iii) the
Parties specifically acknowledge and agree that this Agreement
is not intended to, and does not, release or otherwise affect in
any way any actual claims or causes of action (or potential
claims or causes of action similar in nature or type to such
actual claims or causes of action) now or hereinafter asserted

in, based on, or relating to the multi-district litigation

captioned In re: TFT-LCD (Flat Panel) Antitrust Litigation, MDL

No. 1827 (N.D. Cal.)and the actions consolidated therein (the

"MDL Proceeding").

4.    Any and all contracts and agreements between the

Debtors and IBM not previously rejected shall be deemed

terminated and rejected as of the Effective Date.

5.    Neither this Settlement Agreement, nor any

statement made or action taken in connection with the

negotiation of this Settlement Agreement, shall be offered or

received in evidence or in any way referred to in any legal

action or administrative proceeding among or between the Parties

hereto, other than as may be necessary (a) to obtain approval of

and to enforce this Settlement Agreement or (b) to seek damages

or injunctive relief in connection with such approval and

enforcement.

6.    Each Party shall execute and deliver any and all

additional papers, documents and other assurances, and shall do

any and all acts and things reasonably necessary or appropriate

in conjunction with the performance of their respective

obligations hereunder.

7.    No provision of this Settlement Agreement is

intended to confer any rights, benefits, remedies, obligations

or liabilities hereunder upon any person other than the Parties
and their respective successors.

8.   Except where preempted by applicable federal law,
this Settlement Agreement shall be governed by and construed in
accordance with the internal laws of the State of New York
without regard to any choice of law provisions.

9.   This Settlement Agreement may be signed in
counterpart originals and delivered by facsimile or email, which,
when fully executed, shall constitute a single original.

10.   This Settlement Agreement constitutes the entire
agreement and understanding of the Parties regarding the
Settlement Agreement and the subject matter thereof.

11.   The United States Bankruptcy Court for the
Eastern District of Virginia shall retain exclusive jurisdiction
(and the Parties consent to such retention of jurisdiction) with
respect to any disputes arising from or related to, or other
actions to interpret, administer or enforce the terms and
provisions of, this Settlement Agreement.

12.   Each person or entity who executes this
Settlement Agreement on behalf of another person or entity
represents and warrants that he, she, or it is duly authorized
to execute this Settlement Agreement on behalf of such person or
entity, has the requisite authority to bind such person or
entity, and such person or entity has full knowledge of and has

11

consented to this Settlement Agreement.  The representations and

warranties set forth in this paragraph shall survive execution

of this Settlement Agreement.

13.  This Settlement Agreement shall not be modified,

altered, amended or vacated without the written consent of all

Parties hereto or order of the Court.

14.  This Settlement Agreement and all of its terms

shall be effective upon the later of (i) execution by both

Parties, (ii) the expiration of the applicable Notice Period, or

(iii) the resolution of any objection properly filed in

accordance with the terms of the Settlement Procedures Order

(the "Effective Date").

15.  This Settlement Agreement shall inure to the

benefit of and be binding upon the successors and assigns of the

Parties, including any Chapter 7 trustee or the liquidating

trustee under the Plan.

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the later of the dates set forth below.


ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley          ___
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

Dated:  June 24, 2010

13

INTERNATIONAL BUSINESS MACHINES CORPORATION and
IBM CREDIT LLC


By:
SATTERLEE STEPHENS BURKE & BURKE LLP
Christopher R. Belmonte
230 Park Avenue
New York, NY 10169
(212) 404-8725


          - and -

THOMPSONMCMULLAN, P.C.

/s/ Robert Dybing_____
Robert Dybing (VSB No. 32712)
100 Shockoe Slip
Richmond, Virginia 23219
(804) 698-6248

Counsel to International Business Machines Corporation
and IBM Credit LLC

Dated:  June 24, 2010