UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

IN RE:                       .    Case No. 08-35653(KRH)
                             .
                             .
CIRCUIT CITY STORES,         .
INC.,                        .    701 East Broad Street
                             .    Richmond, VA 23219
                             .
         Debtors.            .
                             .
                             .    June 16, 2010
. . . . . . . . . . . . ..         2:02 p.m.


TRANSCRIPT OF HEARING
BEFORE HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:


For the Debtor:          McGuire Woods, LLP
                         By:  DOUGLAS M. FOLEY, ESQ.
                         9000 World Trade Center,
                         101 W. Main St.
                         Norfolk, VA 23510

TELEPHONIC APPEARANCES:

For the Debtor:          Skadden, Arps, Slate, Meagher & Flom,
                         LLP
                         By:  GREGG M. GALARDI, ESQ.
                         One Rodney Sq.
                         Wilmington, DE 19899



Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

_____

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail:  jjcourt@optonline.net

(609)586-2311     Fax No. (609) 587-3599

2

TELEPHONIC APPEARANCES:

For the Creditors'            Pachulski, Stang, Ziehl & Jones, LLP
Committee:                    By:  JEFFREY N. POMERANTZ, ESQ.
                              10100 Santa Monica Blvd., Suite 1100
                              Los Angeles, CA 90067

                              Pachulski, Stang, Ziehl & Jones, LLP
                              By:  ROBERT J. FEINSTEIN, ESQ.
                              780 Third Avenue, 36th Floor
                              New York, NJ 10017


                              -  -  -

1          COURTROOM DEPUTY:  Court is now in session.  Please

2  be seated and come to order.

3          COURT CLERK:  In the matter of Circuit City Stores,

4  Incorporated, hearing on Items 1 through 4 as set out on

5  today's docket.

6          MR. FOLEY:  Good afternoon, Your Honor.  Doug Foley

7  with McGuire Woods on behalf of Circuit City.  With me in court

8  today is Katie Bradshaw who's the vice president and controller

9  of the company.  I also believe on the phone is our respective

10  co-counsel, Mr. Galardi, as well as Mr. Tavenner's respective

11  co-counsel, Rob Feinstein and Jeff Pomerantz.  We're obviously

12  available to answer any of the Court's questions with respect

13  to the matters that are on for status today.

14          We first want to thank the Court for obviously

15  setting the hearing today.  As Your Honor is aware from last

16  week, there are some issues that happened with respect to the

17  joint plan and the filing of the separate plan.  The hearing

18  today has certainly had the effect of all of the professionals

19  -- and I can attest to this, working feverishly over the last

20  four days to try to put the proverbial Humpty Dumpty back

21  together again.

22          The parties have been exchanging documents and, in

23  fact, are -- continue to do so.  We've narrowed the issues to a

24  handful of still very important issues.  We're certainly not in

25  complete agreement on all the issues yet, but we are hopeful

**J&J COURT TRANSCRIBERS, INC.**

4

1  that with another week and being able to have these matters set

2  for hearing, including the mediation motion, as well as the

3  professional retention motions, on for the omnibus hearing on

4  the 24th that we'd be able to report to the Court at that time

5  what our conclusion is and our efforts to voluntarily and

6  consensually resolve these matters without the need for third

7  party mediation or tell the Court that we're prepared to go

8  forward with that motion.

9          Just to give the Court a broad view of the issues

10  that are -- that remain, there are certain issues relating to

11  certain debtors and exculpation provisions with respect to

12  those debtors, as well as the construct and organization of the

13  oversight committee that will oversee the liquidating trust

14  post-confirmation, as well as certain structural issues with

15  respect to some of the Canadian entities that remain open.

16  If the Court has any specific questions or if any of the

17  co-counsel that are on the phone would care to address the

18  Court, then I'll defer to the Court on that.

19          THE COURT:  Well, the question that I have is why

20  shouldn't I order the mediation right now?

21          MR. FOLEY:  Your -- if Your Honor is prepared to do

22  that, we'll obviously live with that and proceed that way, but

23  we think that we might be able to resolve the issues without

24  the need to do that by the 24th.

25          THE COURT:  Which is what you said last time and said

**J&J COURT TRANSCRIBERS, INC.**

5

1  that the 16th would be enough.  And I asked last time why the

2  16th and there was an expression of urgency among the various

3  parties that they wanted to have this date, so the Court set

4  this time aside so that we could do that.  And what I see is

5  that, you know, we haven't really made much progress from the

6  last time we were here.

7             MR. POMERANTZ:  Your Honor --

8             MR. GALARDI:  Your Honor --

9             MR. POMERANTZ:  -- Jeff Pomerantz, if I may add we

10 agree with what Mr. Foley has said.  And while it may appear to

11 the Court that we're here asking for a continuance because not

12 much has progressed, I can tell you that we have reached

13 agreement on certain issues.  We are moving forward and as Your

14 Honor recalls, the mediation motion was filed by the debtor at

15 a time when it did not look like the committee and the debtor

16 could reach an agreement on its own.  I think the filing of the

17 mediation motion and each of the client's and professional's

18 response thereto, has resulted in an atmosphere where we are

19 hopeful that a deal can be reached and that we still believe

20 that trying to reach a deal among ourselves without third party

21 mediation is the best course, is the quickest course, is the

22 cheapest course and the way to get this plan confirmed as

23 quickly as possible.

24        Now, it may be that we come back next week and we

25 tell Your Honor that despite our best efforts we were

**J&J COURT TRANSCRIBERS, INC.**

6

1 unsuccessful and we need mediation.  But, at least from the

2 committee's prospective, and I think it's shared by the debtor,

3 that we would suggest that one additional continuance over the

4 next week to give the parties a last attempt understanding that

5 it will be the last attempt because I think both sides are

6 getting down to the point where we'll either settle or we will

7 need mediation.  So, we would request another eight days and

8 believe that we have made progress and that hopefully we can

9 get there without the additional time and cost of mediation.

10      MR. GALARDI:  Your Honor, it's Gregg Galardi.  Let me

11 add to what Mr. Pomerantz and Mr. Foley have said and why

12 mediation actually could be a step backwards at this point,

13 although we've made the motion.  As we promised Your Honor and

14 suggested originally, we would work in good faith to do that,

15 to resolve these issues.  Part of the issues are, you know,

16 revisions to a plan, a liquidating trust document, a

17 confirmation order and bylaws.  And there are lawyers that need

18 to review those and look at those.

19      We think we've narrowed issues.  But, if we were to

20 have mediation now -- and I think the committee can respond if

21 this is true, but I think what we have talked about is, since

22 like any settlement you've come a long way to get very close,

23 if we actually had mediation, we may open Pandora's box to a

24 whole host of issues.  It's not just one or two narrow issues

25 that would be mediated.  It would be how we got here and, you

1 know, all so those issues.

2       So, it would be our strong view that delaying it

3 eight days to see if we can narrow those final issues to get to

4 a settlement as opposed to mediation is better because if we go

5 to mediation (1), it will be a delay and I think no one wants a

6 delay (2), it may open up old wounds or issues that we

7 hopefully are putting behind us as we get to an agreement.  So,

8 we, too, support just putting off our motion for those seven

9 days.

10       But, again, if Your Honor wanted to order mediation,

11 we understand that, but we actually think it could actually

12 delay and open up issues that we hopefully are resolving as

13 part of a whole package deal.

14       MR. POMERANTZ:  And -- this is Jeff Pomerantz.  I

15 would agree with what Mr. Galardi said.  We are at a very

16 sensitive part of the negotiations.  We have come a long way.

17 There are issues still to resolve, but I do agree that if we

18 would go to mediation, I think both sides would review where

19 they've been, and would start at a different place and it would

20 be counter productive at this point.  It may be necessary if we

21 can't bridge our differences by next week, but at this point,

22 we think the progress is moving sufficiently forward to warrant

23 another eight days.

24       And I could assure Your Honor that if the committee

25 didn't believe that the progress -- that progress was being

8

1  made, as you know we filed our plan because we were unhappy

2  with the status quo and wanted to move the process.  But,

3  having said that given the events over the last two, three

4  weeks, we think that the current circumstances merit an

5  additional eight days.

6        THE COURT:  All right.  Thank you, Mr. Pomerantz.

7  Thank you, Mr. Galardi.  Does any other party wish to be heard?

8                    (No audible response)

9        THE COURT:  All right.  The -- with some reluctance,

10  the Court is going to go ahead and exceed to the request of the

11  debtors and the committee to grant the additional eight days to

12  the hearing that's presently scheduled for the 24th.  I had

13  been fully prepared to order the mediation today, but I'm going

14  to give that eight days.  I'm very concerned with the slippage

15  of time and what's going on and -- but, I take at face value

16  the progress that you report that you're making.

17        And, so I, obviously, respect counsel's views on that

18  and accept that.  So, with that, the Court will continue the --

19  these matters over to the 24th.  If we don't have things

20  resolved by then, it's very, very likely that I will order the

21  mediation at that point, but we'll take that up on that day.

22        MR. FOLEY:  We appreciate that, Your Honor.  We

23  understand fully where the Court is coming from on that.

24        THE COURT:  All right.  Is there any other business

25  we need to take up today?

**J&J COURT TRANSCRIBERS, INC.**

9

1            MR. FOLEY:  We do not.

2            THE COURT:  All right.  Then all of these matters

3  will be adjourned to the 24th at ten o'clock and I will see you

4  back them.

5            MR. FOLEY:  Thank you, Your Honor.

6            THE COURT:  Good luck.

7            MR. POMERANTZ:  Thank Your Honor.

8            MR. GALARDI:  Thank you, Your Honor.

9            COURTROOM DEPUTY:  All rise.  Court is now adjourned.

10                          *  *  *  *  *

11                   **C E R T I F I C A T I O N**

12            I, AMY L. RENTNER, court approved transcriber,

13  certify that the foregoing is a correct transcript from the

14  official electronic sound recording of the proceedings in the

15  above-entitled matter, and to the best of my ability.

16

17  /s/ Amy L. Rentner

18  AMY L. RENTNER

19  J&J COURT TRANSCRIBERS, INC.   DATE:   June 28, 2010

20

21

22

23

24

25

                    **J&J COURT TRANSCRIBERS, INC.**