Gregg M. Galardi, Esq.                Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.               Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :   Jointly Administered
            Debtors.            :
                                :   **Obj. Deadline: July 7, 2010 at**
- - - - - - - - - - - - - - x   **5:00 p.m. (ET)**

## NOTICE OF SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE DEBTORS AND ETÓN CORPORATION

PLEASE TAKE NOTICE that, on August 10, 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered the Order Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval (the "Settlement Procedures Order") (Docket No. 4401).[1]  A

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Settlement Agreement (defined below) or the Settlement Procedures Order.

copy of the Settlement Procedures Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement Agreement") with Etón Corporation ("Etón"), a copy of which is annexed as <u>Exhibit 2</u>.

### SUMMARY OF SETTLEMENT AGREEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Settlement Agreement are as follows:

---

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]   This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.

(i)     This a Tier I Settlement.

(ii)    The Parties engaged in a comprehensive
        reconciliation (the "Reconciliation") of the General
        Unsecured Claim.

(iii)   Based on the Reconciliation, the Parties agree that
        the value of the General Unsecured Claim is
        $442,875.48.

(iv)    Based on the Reconciliation, after taking into
        consideration the Alleged Receivables previously
        setoff by Etón, the Parties agreed that the Debtors'
        remaining Alleged Receivables shall be valued at
        $157,875.48 (the "Receivables").

(v)     In full satisfaction and settlement of the Alleged
        Receivables and the Receivables, the Receivables
        shall be net against the General Unsecured Claim
        such that General Unsecured Claim shall be reduced
        to and allowed in the face amount of $285,000 (the
        "Allowed General Unsecured Claim").

(vi)    To the extent required, the automatic stay of 11
        U.S.C. § 362 is lifted to permit the netting set
        forth in Paragraph (v) above.

(vii)   The Allowed General Unsecured Claim shall be deemed
        an "allowed" claim in case number 08-35653 (KRH) for
        all purposes, including with respect to any
        confirmed plan or as required under any chapter 7
        liquidation (as applicable), and shall not be
        subject to amendment or enhancement, or further
        objection, offset, reduction, discount, impairment,
        or subordination.

(viii)  Upon the Effective Date, as defined herein, Etón, on
        behalf of itself, its successors, its assigns, and
        the Debtors, on behalf of themselves and each on
        behalf of their respective estates, successors, and
        assigns (including but not limited to any trustee
        appointed in any of these chapter 11 cases or any
        successor or subsequent bankruptcy cases, any
        receivers and/or other custodians appointed in any
        action or proceeding involving the Debtors' property
        and the liquidating trustee under the Plan), hereby
        irrevocably and fully release one another from and
        against any and all claims or causes of action
        (including, but not limited to, causes of action
        under Bankruptcy Code sections 502, 542, 543, 544,
        546, 547, 548, 549, 550, 553 and 558) arising from,
        in connection with, or related to the Alleged

Receivables, the Receivables, and the Demand Letter (this paragraph, the "Releases"), but excluding the Allowed General Unsecured Claim.

(ix)    For the avoidance of doubt and notwithstanding anything to the contrary in the Settlement Agreement, (i) the Releases are not intended as general releases or waivers and nothing in the Settlement Agreement shall be construed as such, (ii) the Allowed General Unsecured Claim shall constitute Etón's full and final allowed claim in the Debtors' cases and Etón shall not file or be entitled to recover on account of any other claims, (iii) the Debtors shall not be entitled to recover any further credits, rebates, receivables, setoffs, netting, or discounts, including (without limitation) the Alleged Receivables, from Etón, (iv) all objections to the General Unsecured Claim shall be deemed resolved, and (v) Etón and the Debtors specifically acknowledge and agree that the Settlement Agreement is not intended to, and does not, release or otherwise affect in any way any actual claims or causes of action (or potential claims or causes of action similar in nature or type to such actual claims or causes of action) now or hereinafter asserted in, based on, or relating to the multi-district litigation captioned In re: TFT-LCD (Flat Panel) Antitrust Litigation, MDL No. 1827 (N.D. Cal.) and the actions consolidated therein (the "MDL Proceeding").

## TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO CONSIDER THE SETTLEMENT AGREEMENT

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Settlement Procedures Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be in writing and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (see information below) by no later than **July 7, 2010 at 5:00 p.m. (ET)** (the "Objection Deadline"). Each Objection or Request must be served on (i) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi

(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue,
36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to
the Settlement Agreement and you do not want the Debtors to
proceed with the Settlement Agreement or you want the Court
to consider your views concerning the Settlement Agreement,
you or you attorney must also:

file in writing with the Court, Clerk of Court,
United States Bankruptcy Court, 701 East Broad
Street, Suite 4000, Richmond, Virginia 23219, or
electronically (www.vaeb.uscourts.gov), a written
Objection pursuant to Local Bankruptcy Rule 9013-
1(H). If you mail your Objection to the Court for
filing, you must mail it early enough so the
Court will **receive it on or before July 7, 2010
at 5:00 p.m. (ET).**

**Any Objection to the Settlement Agreement must be submitted
by the method described in the foregoing sentence.
Objections will be deemed filed only when actually received
at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(d) of the Settlement Procedures Order, if a
Notice Party submits a Request, only such Notice Party
shall have the later of (i) an additional five (5) days to
object to the Agreement or (ii) in the case of a Request
for additional information, three (3) days after receipt by
the Notice Party of the additional information requested.
Each Notice Party may only make one Request for additional
time per Settlement Agreement, unless otherwise agreed to
by the Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: June 30, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    1Case No. 08-35653 (KRH)
et al.,                       :
                              :
              Debtors.        :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

          Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

_____

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.    The Notice Procedures are fair,

reasonable, and appropriate.

3.    The Settlement Procedures are fair

reasonable, and appropriate.

4.    The Notice and Settlement Procedures were

proposed in good faith.

5.   Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.   Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.   The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.   The Motion is GRANTED.

9.   The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.    Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

7

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.  Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)  <u>Tier I</u> With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)  <u>Tier II</u> With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

> seventy-five percent (75%) of the Debtors'
> original reasonable estimate of the Cause of
> Action and Receivable Claim amount.

13.    To memorialize the Settlements, the

Debtors are authorized in their sole discretion, but not

directed, to enter into Settlement Agreements

substantially in the form of <u>Exhibit A</u> attached hereto;

<u>provided</u>, <u>further</u>, that the material terms of each

Settlement Agreement may vary depending upon the

specific facts and circumstances of each Settlement and

nothing herein or therein shall be construed as

impairing the Debtors' ability to tailor the form of the

Settlement Agreement to each specific Settlement.

14.    The Debtors are authorized, but not

directed, to resolve all of the Disputed Claims and

Cause of Action and Receivable Claims of a single party

in a single Settlement Agreement.

15.    The Debtors shall provide written notice

to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'

authorized claims and noticing agent, with respect to

any proof of claim settled pursuant to these Settlement

Procedures; <u>provided</u>, <u>further</u>, that, if applicable, KCC

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.   Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.   Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.  This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
        _____, 2009


        _____
        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

        Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                                    /s/ Douglas M. Foley
                                    Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.              Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.             Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

               IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
         Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - x

### SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE DEBTORS AND ETÓN CORPORATION

        This settlement agreement and stipulation

(this "Settlement Agreement") is entered into by and

among the above-captioned debtors and debtors in

possession (the "Debtors")[1], on the one hand, and Etón

Corporation ("Etón" and together with the Debtors, the

"Parties" and each of which is a "Party"), on the other

hand.

**GENERAL BACKGROUND**

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code; and

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc.
      (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
      Inc. (0875), Ventoux International, Inc. (1838), Circuit City
      Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
      Distribution Company of Virginia, Inc. (2821), Circuit City
      Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
      Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
      Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
      Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
      LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
      for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
      VA 23060.

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

3

WHEREAS, the associated disclosure statement
(the "Disclosure Statement") was approved on September
24, 2009, and confirmation on the Plan is currently
adjourned; and

WHEREAS, generally, the Plan provides for the
liquidation of the Debtors under chapter 11 of the
Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the
Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R.
Bankr. P. 2002, 9006, and 9019 Authorizing the
Establishment of Procedures to Settle Certain Pre-
Petition and Post-Petition Claims and Causes of Action
Without Further Court Approval, dated August 7, 2009
(Docket No. 4401, the "Settlement Procedures Order")[2] to
enter into this Settlement Agreement, subject to the
Notice Procedures.

**SETTLEMENT BACKGROUND**

WHEREAS, the Debtors and Etón engaged in
business in the ordinary course prior to and after the
Petition Date wherein the Debtors purchased certain Etón

---

[2]   All capitalized terms not otherwise defined herein shall have the
      meaning ascribed to such terms in the Settlement Procedures Order.

4

products (the "Product") for sale in their retail stores; and

WHEREAS, on January 22, 2009, Etón filed proof of claim number 4337, a general unsecured proof of claim against the Debtors' bankruptcy estates (the "General Unsecured Claim").  Therein, Etón claimed that it shipped in the ordinary course of business $442,875.48 worth of Product to the Debtors before the Petition Date; and

WHEREAS, on April 8, 2010, the Debtors sent a letter to Etón (the "Demand Letter").  Therein, the Debtors alleged that the General Unsecured Claim was overstated on account of pricing discrepancies, return discrepancies and unidentifiable charges; and

WHEREAS, in the Demand Letter, the Debtors also alleged that they identified $813,444.27 in receivables, chargebacks, returns, and other amounts (collectively, the "Alleged Receivables") that are currently due, owing, and payable by Etón to Circuit City; and

WHEREAS, the Debtors asserted that pursuant to Bankruptcy Code section 558, the Debtors were authorized to setoff the Alleged Receivables from Etón's General

5

Unsecured Claim, whereby after setoff, the General

Unsecured Claim would be reduced to $0 and the Alleged

Receivables would be reduced to $489,619.46.  The

Debtors sought turnover of the remaining Alleged

Receivables pursuant to Bankruptcy Code section 542; and

WHEREAS, Etón disputed the amount of the

Debtors' Alleged Receivables.  More particularly, Etón

asserted that it already setoff approximately $500,000

of the Alleged Receivables from the amount claimed on

the General Unsecured Claim before filing its proof of

claim form; and

WHEREAS, the Parties engaged in a

comprehensive reconciliation (the "Reconciliation") of

the General Unsecured Claim and the Alleged Receivables.

WHEREAS, rather than proceed with litigation

concerning the Demand Letter, the General Unsecured

Claim, and the Debtors' Alleged Receivables, the parties

engaged in good faith, arms' length negotiations to

resolve the foregoing in their entirety; and

NOW THEREFORE, subject to and in accordance

with the Settlement Procedures Order, for good and

valuable consideration the receipt and sufficiency of

6

which is hereby acknowledged, the Parties hereby
STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

　　　1.　　Based on the Reconciliation, the Parties
agree that the value of the General Unsecured Claim is
$442,875.48.

　　　2.　　Based on the Reconciliation, after taking
into consideration the Alleged Receivables previously
setoff by Etón, the Parties agreed that the Debtors'
remaining Alleged Receivables shall be valued at
$157,875.48 (the "Receivables").

　　　3.　　In full satisfaction and settlement of
the Alleged Receivables and the Receivables, the
Receivables shall be net against the General Unsecured
Claim such that General Unsecured Claim shall be reduced
to and allowed in the face amount of $285,000 (the
"Allowed General Unsecured Claim").

　　　4.　　To the extent required, the automatic
stay of 11 U.S.C. § 362 is lifted to permit the netting
set forth in Paragraph 3 above.

　　　5.　　The Allowed General Unsecured Claim shall
be deemed an "allowed" claim in case number 08-35653
(KRH) for all purposes, including with respect to any

7

confirmed plan or as required under any chapter 7

liquidation (as applicable), and shall not be subject to

amendment or enhancement, or further objection, offset,

reduction, discount, impairment, or subordination.

6.   Upon the Effective Date, as defined

herein, Etón, on behalf of itself, its successors, its

assigns, and the Debtors, on behalf of themselves and

each on behalf of their respective estates, successors,

and assigns (including but not limited to any trustee

appointed in any of these chapter 11 cases or any

successor or subsequent bankruptcy cases, any receivers

and/or other custodians appointed in any action or

proceeding involving the Debtors' property and the

liquidating trustee under the Plan), hereby irrevocably

and fully release one another from and against any and

all claims or causes of action (including, but not

limited to, causes of action under Bankruptcy Code

sections 502, 542, 543, 544, 546, 547, 548, 549, 550,

553 and 558) arising from, in connection with, or

related to the Alleged Receivables, the Receivables, and

the Demand Letter (this paragraph, the "Releases"), but

excluding the Allowed General Unsecured Claim.

7.    For the avoidance of doubt and
notwithstanding anything to the contrary in this
Settlement Agreement, (i) the Releases are not intended
as general releases or waivers and nothing in this
Settlement Agreement shall be construed as such, (ii)
the Allowed General Unsecured Claim shall constitute
Etón's full and final allowed claim in the Debtors'
cases and Etón shall not file or be entitled to recover
on account of any other claims, (iii) the Debtors shall
not be entitled to recover any further credits, rebates,
receivables, setoffs, netting, or discounts, including
(without limitation) the Alleged Receivables, from Etón,
(iv) all objections to the General Unsecured Claim shall
be deemed resolved, and (v) Etón and the Debtors
specifically acknowledge and agree that this Settlement
Agreement is not intended to, and does not, release or
otherwise affect in any way any actual claims or causes
of action (or potential claims or causes of action
similar in nature or type to such actual claims or
causes of action) now or hereinafter asserted in, based
on, or relating to the multi-district litigation
captioned In re: TFT-LCD (Flat Panel) Antitrust

9

Litigation, MDL No. 1827 (N.D. Cal.) and the actions consolidated therein (the "MDL Proceeding").

8.   Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Settlement Agreement or (b) to seek damages or injunctive relief in connection with such approval and enforcement.

9.   Each Party hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

10.   No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person

other than the parties hereto and their respective
successors and assigns.

  11. Except where preempted by applicable
Federal law, this Settlement Agreement shall be governed
by and construed in accordance with the internal laws of
the Commonwealth of Virginia without regard to any
choice of law provisions.

  12. This Settlement Agreement may be signed
in counterpart originals and delivered by facsimile or
email, which, when fully executed, shall constitute a
single original.

  13. This Settlement Agreement constitutes the
entire agreement and understanding of the parties
regarding the Settlement Agreement and the subject
matter thereof.

  14. The United States Bankruptcy Court for
the Eastern District of Virginia shall retain exclusive
jurisdiction (and the parties consent to such retention
of jurisdiction) with respect to any disputes arising
from or related to, or other actions to interpret,
administer or enforce the terms and provisions of, this
Settlement Agreement.

15.   Each person or entity who executes this
Settlement Agreement on behalf of another person or
entity represents and warrants that he, she, or it is
duly authorized to execute this Settlement Agreement on
behalf of such person or entity, has the requisite
authority to bind such person or entity, and such person
or entity has full knowledge of and has consented to
this Settlement Agreement.   The representations and
warranties set forth in this paragraph shall survive
execution of this Settlement Agreement.

16.   This Settlement Agreement shall not be
modified, altered, amended or vacated without the
written consent of all parties hereto or order of the
Bankruptcy Court.

17.   This Settlement Agreement and all of its
terms shall be effective upon the later of (i) execution
by both Parties and (ii) the expiration of the
applicable Notice Period.

18.   This Settlement Agreement shall inure to
the benefit of and be binding upon the successors and
assigns of the Parties hereto, including any Chapter 7
trustee or the Liquidating Trustee under the Plan.

12

IN WITNESS WHEREOF, this Settlement Agreement

is hereby executed as of the later of the dates set

forth below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

Dated:  June 30, 2010

ETÓN CORPORATION

By:

/s/ Esmail Amid-Hozour
Esmail Amid-Hozour
Chief Executive Officer
Etón Corporation
1015 Corporation Way
Palo Alto, CA  94303

Dated:  June 29, 2010