Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :   Jointly Administered
            Debtors.         :
                             :   **Obj. Deadline: July 14, 2010**
- - - - - - - - - - - - - - x

### NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION

PLEASE TAKE NOTICE that, on August 10, 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered the Order Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval

(D.I. 4401, the "Order").[1]  A copy of the Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into Settlement Agreement and settlement agreements with third parties, subject to the procedures set forth in the Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a settlement agreement and stipulation (the "Settlement Agreement") with Towne Square Plaza, c/o Grubb & Ellis Management Services ("Towne Square"), a copy of which is annexed as <u>Exhibit 2</u>.

**SUMMARY OF SETTLEMENT TERMS[3]**

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Order, the material terms of the Settlement Agreement are as follows:

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Order.

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

[3]  **This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.**

    (i)    The Settlement Agreement is a Tier II Settlement.

    (ii)    The Settlement Agreement is between the Debtors and Towne Square (the "Parties").

    (iii)  Towne Square is the owner of certain real property located at 465 Berlin Cross Keys Road, Towne Square Plaza Shopping Center, Sicklerville, New Jersey 08081 (Store #4143, the "Property"). The Debtors leased the Property from Towne Square pursuant to a lease agreement (the "Lease"). The Debtors rejected the Lease on March 10, 2009.

    (iv)    Towne Square filed a proof of claim on December 4, 2008 (the "Administrative Claim") asserting a claim in the amount of $90,739.25 on account of rental obligations due under the Lease for November and December of 2008.

    (v)    In addition, on June 10, 2009, Towne Square filed the Motion of Towne Square Plaza to Allow the Filing of (1) Amended Proof of Claim and (2) Late Proof of Claim (the "Motion"), pursuant to which Towne Square sought permission, among other things, to file a late proof of claim for rejection damages (the "Unsecured Claim") arising out of the March 10, 2009 rejection of the Lease in the amount of $544,451.04.

    (vi)    The Debtors assert that the Administrative Claim is overstated because it includes pre-petition amounts and because the Debtors have paid rent for the month of December, 2009. The Debtors further assert that the Unsecured Claim was late-filed.

    (vii)  The Settlement Agreement provides that: (i) the Administrative Claim shall be

3

allowed in the amount of $31,759.65 (the "Allowed Administrative Claim") and (ii) the Unsecured Claim shall be allowed as a general unsecured claim in the amount of $338,608.68 (the "Allowed Unsecured Claim").

(viii) The Allowed Administrative Claim and the Allowed Unsecured Claim shall be deemed "allowed" claims against Circuit City Stores, Inc. and its estate in case number 08-35653 (KRH) for all purposes, including with respect to any confirmed plan of liquidation or in any chapter 7 case of such Debtor, and shall not incur interest or be subject to enhancement or further offset, reduction, subordination or discount. The Allowed Administrative Claim shall be paid in accordance with the Plan, on the "effective date" of any other plan or as required under any chapter 7 liquidation (as applicable).

(ix)   In addition, the Settlement Agreement provides that Towne Square shall not file or be entitled to recover on account of any other claims from the Debtors or their estates and the Debtors shall not be entitled to recover any credits, receivables, or other amounts due from Towne Square.

(x)    The Settlement Agreement provides for the efficient and consensual resolution of claims by and between the Parties. As such, the Settlement Agreement will avoid unnecessary costs and expenses of negotiating the remaining issues between the Parties in a duplicative, piecemeal manner. Accordingly, the Settlement Agreement is in the best interests of the Debtors and their estates and creditors.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
SETTLEMENT AGREEMENT OR REQUESTING ADDITIONAL INFORMATION
OR TIME TO CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be in writing and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (the "Creditors' Committee")(see information below) by no later than **July 14, 2010** (the "Objection Deadline").  Each Objection or Request must be served on (i) counsel for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F. Blanks (dblanks@mcguirewoods.com), and (ii) counsel for the Creditors' Committee, (a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Settlement Agreement and you do not want the Debtors to proceed with Settlement Agreement or you want the Court to consider your views concerning such Settlement Agreement, you or you attorney must also: file in writing with the Bankruptcy Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before July 14, 2010.**

**Any Objection to the Settlement Agreement must be submitted by the method described in the foregoing sentence. Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Settlement Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time, unless otherwise agreed to by the Debtors in their sole discretion.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Creditors' Committee or counsel to the Debtors and counsel for the Creditors' Committee do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any), **the Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors.**

Dated: June 30, 2010          SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia     FLOM, LLP
                              Gregg M. Galardi, Esq.
                              Ian S. Fredericks, Esq.
                              P.O. Box 636
                              Wilmington, Delaware 19899-0636
                              (302) 651-3000

                                   - and –

                              SKADDEN, ARPS, SLATE, MEAGHER &
                              FLOM, LLP
                              Chris L. Dickerson, Esq.
                              155 North Wacker Drive
                              Chicago, Illinois 60606
                              (312) 407-0700

                                   - and –

                              MCGUIREWOODS LLP

                              /s/ Douglas M. Foley
                              Douglas Foley (VSB No. 34364)
                              Sarah B. Boehm (VSB No. 45201)
                              One James Center
                              901 E. Cary Street
                              Richmond, Virginia 23219
                              (804) 775-1000

                              Counsel for Debtors and Debtors
                              in Possession

**EXHIBIT 1**

**(Order without Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   1Case No. 08-35653 (KRH)
et al.,                       :
                              :
              Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.    The Notice Procedures are fair,

reasonable, and appropriate.

3.    The Settlement Procedures are fair

reasonable, and appropriate.

4.    The Notice and Settlement Procedures were

proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice. If the Debtors are compromising more than one Disputed Claim and/or Cause of Action and Receivable Claim, the Tier II Notice Period shall apply to such Settlement. If no objection or written request is filed and served upon counsel for the Debtors and counsel for the Creditors' Committee or counsel to the Debtors does not receive a written request for additional information and/or additional time prior to the expiration of the applicable Notice Period, the Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors.

(d)    If a Notice Party provides a written request to counsel for the Debtors for additional information or time to evaluate the proposed Settlement, only such Notice Party shall have the later of (i) an additional five (5) days to object to the proposed Settlement or (ii) in the case of a request for additional information, three days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

(e)    If a Notice Party objects to the proposed Settlement within the defined Notice Period for that particular Tier of Disputed Claim or Cause of Action and Receivable Claim, (or the additional period in the case of a Notice Party that has timely requested additional time or information to evaluate the proposed Settlement) (the "Objection Deadline") and the Debtors and such objecting Notice Party are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.  Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as applicable, in an amount greater than $500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value (i) equal to or greater than seventy-five percent (75%) of the Debtors' original reasonable estimate of the Cause of Action and Receivable Claim amount and (ii) equal to or less than $1,000,000.

(b)   <u>Tier II</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value equal to (i) more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

9

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.  Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.  Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
        _____, 2009

        _____
        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
        Debtors.              :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE DEBTORS AND TOWNE SQUARE PLAZA RESOLVING TOWNE SQUARE PLAZA'S MOTION TO FILE A LATE PROOF OF CLAIM AND RELATED MATTERS**

This settlement agreement and stipulation (this "Settlement Agreement") is entered into by and among the debtors and debtors in possession in the above-captioned jointly

administered cases (the "Debtors")[1], on the one hand, and Towne

Square Plaza, c/o Grubb & Ellis Management Services ("Towne

Square"), on the other hand.  The Debtors and Towne Square are

sometimes referred to herein collectively as the "Parties" or

individually as a "Party".

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition Date"),

the Debtors each filed a voluntary petition in the United States

Bankruptcy Court for the Eastern District of Virginia (the

"Court") under chapter 11 of title 11 of the United States Code

(the "Bankruptcy Code"); and

WHEREAS, the Debtors have continued as debtors in

possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of the

United States Trustee for the Eastern District of Virginia

appointed a statutory committee of unsecured creditors (the

"Creditors' Committee"); and

---

[1]    The Debtors and the last four digits of their respective taxpayer
       identification numbers are as follows: Circuit City Stores, Inc. (3875),
       Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
       Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC
       (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc.
       (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157),
       Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky
       Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN,
       LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and
       Circuit City Stores PR, LLC (5512).  The address for the Debtors is 4951
       Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going-out-of-business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  The going-out-of-business sales concluded on or about March 8, 2009; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors' Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

WHEREAS, the associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009; and

WHEREAS, generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes

of Action Without Further Court Approval, dated August 7, 2009

(Docket No. 4401, the "Settlement Procedures Order")[2] to enter

into this Settlement Agreement, subject to the Notice Procedures.

### SETTLEMENT BACKGROUND

WHEREAS, Towne Square is the owner of certain real

property located at 465 Berlin Cross Keys Road, Towne Square

Plaza Shopping Center, Sicklerville, New Jersey 08081 (Store

#4143, the "Property"); and

WHEREAS, the Debtors leased the Property from Towne

Square pursuant to a lease agreement (the "Lease"); and

WHEREAS, Towne Square filed a proof of claim on

December 4, 2008 (the "Administrative Claim") on the proof of

claim form intended for claims under Bankruptcy Code section

503(b)(9), asserting a claim in the amount of $90,739.25 on

account of rental obligations due under the Lease for November

and December of 2008; and

WHEREAS, the Debtors rejected the Lease on March 10,

2009 pursuant to a lease rejection notice (Docket No. 2408, the

"Rejection Notice").  The Rejection Notice established April 30,

2009 as the last date for filing proofs of claims for damages

arising out of the rejection of the Lease; and

_____

[2]  All capitalized terms not otherwise defined herein shall have the meaning
    ascribed to such terms in the Settlement Procedures Order.

WHEREAS, pursuant to the Debtors' Sixth Omnibus Objection to Certain Misclassified Non-Goods 503(b)(9) Claims on May 12, 2009 (Docket No. 3311, the "Sixth Omnibus Objection"), the Debtors asserted that the Administrative Claim was improperly asserted as a claim under Bankruptcy Code section 503(b)(9); and

WHEREAS, on June 10, 2009, Towne Square filed the Motion of Towne Square Plaza to Allow the Filing of (1) Amended Proof of Claim and (2) Late Proof of Claim (Docket No. 3582, the "Motion"), pursuant to which Towne Square sought permission (1) to amend the Administrative Claim to clarify that it was intended to be filed an administrative expense claim under section 503(b)(1) rather than under section 503(b)(9) and (2) to file a late proof of claim for rejection damages (the "Unsecured Claim") arising out of the March 10, 2009 rejection of the Lease in the amount of $544,451.04; and

WHEREAS, on June 11, 2009, the Towne Square filed a response to the Sixth Omnibus Objection (Docket No. 3586, the "Response") stating that the Administrative Claim had been inadvertently filed as a claim entitled to priority under Bankruptcy Code section 503(b)(9), but that Claim 573 was intended to be an administrative expense claim under section 503(b)(1); and

WHEREAS, on December 21, 2009, the Debtors and Towne Square entered into the Settlement Agreement and Stipulation by and Among the Debtors and Towne Square Plaza Resolving the Debtors' Sixth Omnibus Objection to Claim 573 (Docket No. 6149), pursuant to which the Parties agreed to deem the Administrative Claim an administrative expense request under Bankruptcy Code section 503(b)(1) notwithstanding the form on which it was filed and reserved all rights with respect to the allowance and amount of the Administrative Claim; and

WHEREAS, since the filing of the Administrative Claim, the Debtors have paid Towne Square rent for December of 2009 in the amount of $45,370.92; and

WHEREAS, the Administrative Claim seeks rent attributable to the period from November 1, 2008 to November 9, 2008 in the amount of $13,608.68, which amount the Debtors assert arose pre-petition, is not entitled to administrative expense priority and should be reclassified as a general unsecured claim; and

WHEREAS, in light of the foregoing, the Debtors allege that the proper amount of the Administrative Claim is $31,759.65; and

WHEREAS, rather than proceed with further litigation concerning the Administrative Claim, the Unsecured Claim or the

Motion, the Parties engaged in good faith, arms' length negotiations to resolve such claims in their entirety;

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    The Parties agree that (i) the Administrative Claim shall be allowed in the amount of $31,759.65 (the "Allowed Administrative Claim") and (ii) the Unsecured Claim shall be allowed as a general unsecured claim in the amount of $338,608.68 (the "Allowed Unsecured Claim").

2.    The Allowed Administrative Claim and the Allowed Unsecured Claim shall be deemed "allowed" claims against Circuit City Stores, Inc. and its estate in case number 08-35653 (KRH) for all purposes, including with respect to any confirmed plan of liquidation or in any chapter 7 case of such Debtor, and shall not incur interest or be subject to enhancement or further offset, reduction, subordination or discount.  The Allowed Administrative Claim shall be paid in accordance with the Plan, on the "effective date" of any other plan or as required under any chapter 7 liquidation (as applicable).

3.    Towne Square shall not file or be entitled to recover on account of any other claims from the Debtors or their

estates and the Debtors shall not be entitled to recover any credits, receivables, or other amounts due from Towne Square.

4.    Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Settlement Agreement or (b) to seek damages or injunctive relief in connection therewith.

5.    Each Party hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

6.    No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the parties hereto and their respective successors.

7.    Except where preempted by applicable federal law, this Settlement Agreement shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia without regard to any choice of law provisions.

8.    This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

9.    This Settlement Agreement constitutes the entire agreement and understanding of the parties regarding the Settlement Agreement and the subject matter thereof.

10.    The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

11.    Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement.  The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

12.    This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

9

13.    This Settlement Agreement and all of its terms shall be effective (the "Effective Date") upon the later of (i) execution by the Parties, (ii) the expiration of the applicable Notice Period or (iii) the resolution of any objection properly filed in accordance with the terms of the Settlement Procedures Order.

IN WITNESS WHEREOF, this Settlement Agreement is

hereby executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

Dated:  June 30, 2010

11

TOWNE SQUARE PLAZA, C/O GRUBB AND ELLIS MANAGEMENT SERVICES

By:
LAW OFFICES OF PETER E. MELTZER & ASSOCIATES, P.C.
Peter E. Meltzer, Esq.
1530 Locust Street, Suite L
Philadelphia, PA 19102
(215) 545-3300

        - and -

HIRSCHLER FLEISCHER, P.C.

/s/   Robert S. Westermann      ___
Robert S. Westermann (VSB No. 43294)
2100 East Cary Street
The Edgeworth Building
Richmond, Virginia 23223
(804) 771-9500

Counsel for Towne Square Plaza, c/o Grubb & Ellis Management
Services

Dated:  June 30, 2010