LAW OFFICES

# SHAEVITZ & SHAEVITZ

148-55 HILLSIDE AVENUE
JAMAICA, NEW YORK, 11435

OLIVER SHAEVITZ
MARK A. SHAEVITZ
ERIC G. SHAEVITZ

ION F. EPSTEIN
STUART L. SEARS
DIMITRI KOTZAMANIS
JONATHAN R. VITARELLI

TELEPHONE
(718) 291-3400

FAX
718-739-5654

MICHAEL I. BUTLER
NORMA GIFFORDS

LVERN M. MILLER
OFFICE MANAGER

January 5, 2009

Circuit City Stores, Inc., <u>et. al.</u>
Claims Processing Dept.
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

**Re:    Client: ANNA THOMAS**
**Chapter 11**
**Case Number: 08-35653**
**Debtor: Circuit City Stores, Inc.**

Dear Sir/Madam:

Enclosed please find ANNA THOMAS' Proof of Claim relating to the above mentioned claim.

Additionally, please find the following documents substantiating said Proof of Claim:

Exhibit A    -  A copy of claimant's Summons and Complaint;
Exhibit B    -  A copy of the Answer from debtor;
Exhibit C    -  A copy of claimant's Bill of Particulars;
Exhibit D    -  Copies of claimant's medical records relating to the herein claim.

If you should require additional information, please contact the undersigned.

Very truly yours,

STUART SEARS

SS/cp
Enc.

**U.S. Postal Service**
**CERTIFIED MAIL   RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

# OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

*01/07/09*

Sent To *Circuit City Stores, Inc. - Claims Process*

Street, Apt No.; or PO Box No. *c/o Kurtzman Carson Consultants*

City, State, ZIP+4 *2335 Alaska Ave - El Segundo CA 90245*

7007 1490 0004 9270 0790

PS Form 3800, August 2006

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Circuit City Stores, Inc.*
*Claims Processing Dept.*
*c/o Kurtzman Carson Consultants, LLC*
*2335 Alaska Avenue*
*El Segundo, CA 90245*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                      ☐ Agent
                                       ☐ Addre

B. Received by (Printed Name)    C. Date of Deli

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merchand
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)             ☐ Yes

2. Article Number
   (Transfer from service label)

   7007 1490 0004 9270 0790

The Debtor has listed your claim as Contingent, Unliquidated and Disputed and schedule it as a claim for Unsecured claim. If you [...] that you have a claim against the Debtor, you [...] required to complete and return this form.

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

**Debtor against which claim is asserted : (Check only one box below:)**

| | | |
|---|---|---|
| ☒ Circuit City Stores, Inc (Case No 08-35653) | CC Distribution Company of Virginia, Inc. (Case No. 08-35659) | Abbott Advertising, Inc. (Case No 08-35665) |
| Circuit City Stores West Coast, Inc. (Case No. 08-35654) | Circuit City Stores PR, LLC (Case No. 08-35660) | Mayland MN, LLC (Case No. 08-35666) |
| InterTAN, Inc (Case No 08-35655) | Circuit City Properties, LLC (Case No. 08-35661) | Patapsco Designs, Inc. (Case No. 08-35667) |
| Ventoux International, Inc (Case No 08-35656) | Orbyx Electronics, LLC (Case No. 08-35662) | Sky Venture Corporation (Case No 08-35668) |
| Circuit City Purchasing Company, LLC (Case No 08-35657) | Kinzer Technology, LLC (Case No. 08-35663) | XSStuff, LLC (Case No 08-35669) |
| CC Aviation, LLC (Case No 08-35658) | Courchevel, LLC (Case No. 08-35664) | PRAHS, INC. (Case No. 08-35670) |

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>**THOMAS, ANNA** | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br><br>NameID: **4969681**          PackID: **433075**<br><br>**THOMAS, ANNA<br>99 10 60TH AVE<br>APT 5J<br>CORONA NY 11368**<br><br>Telephone number: | Court Claim Number:_____<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br>Shuevtz & Shuevtz<br>148-55 Hillside Avenue<br>Jamaica, New York 11435<br><br>Telephone number: (718) 241-3400 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**     $ 1,000,000.00<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:** Personal Injury<br>(See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). |
| **3. Last four digits of any number by which creditor identifies debtor:** _____<br><br>**3a. Debtor may have scheduled account as:** _____<br>(See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtors business, whichever is earlier — 11 U.S.C. § 507(a)(4). |
| **4. Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:**   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other<br>Describe:<br><br>**Value of Property:** $_____   **Annual Interest Rate** ___%<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>if any: $_____      **Basis for perfection:** _____<br><br>**Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____ | ☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).<br><br>☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).<br><br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | **Amount entitled to priority:**<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment |
| **Date:**<br>12-29-08<br><br>*Anna Thomas*<br><br>**Signature:** the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

MasterCode: 10018074

B 10 (Official Form 10) (12/07)- Cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1.    Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2.    Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3.    Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a.    Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4.    Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien

documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5.    Amount of Claim Entitled to Priority Under 11 U.S.C. §§ 507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6.    Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7.    Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment for a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim form is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §§ 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgement of Filing a Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you to view your filed proof of claim you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

*EXHIBIT* **"A"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

INDEX NO.: *20767/07*

-------------------------------------------------------------- X

DATE FILED: *8/20/07*

ANNA THOMAS,

Plaintiff Designates
**QUEENS COUNTY**
as the place of trial.

Plaintiff(s),

-against-

The basis of venue is
Plaintiff's residence

CIRCUIT CITY STORES, INC. and "JOHN DOES",
said names being fictitious and intended to represent
employees of the defendant.

Defendant(s).

**SUMMONS**

Plaintiff resides at
99-10 60th Ave., Apt. 5J
Corona, New York 11368

-------------------------------------------------------------X

To the above-named Defendant(s)

**Queens County**

        **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve
a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of
Appearance, on the Plaintiff(s) attorney(s) within 20 days after the service of this Summons,
exclusive of the day of service (or within 30 days after the service is completed if this Summons is
not personally delivered to you within the State of New York); and in case of your failure to appear
or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated:  Jamaica, New York
        August 8, 2007

Yours, etc.

By: **Stuart Sears, Esq.**
SHAEVITZ & SHAEVITZ, ESQS.
Attorney(s) for Plaintiff(s)

**Defendant(s) Address(es):**

Office & P.O. Address
148-55 Hillside Avenue
Jamaica, New York 11435
(718) 291-3400

CIRCUIT CITY STORES, INC.
c/o THE PRENTICE-HALL CORPORATION
SYSTEM, INC.
80 State Street
Albany, New York 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------X
ANNA THOMAS,

                  Plaintiff(s),             **VERIFIED COMPLAINT**

       -against-               Index No.: **2 0 7 6 7/0 7**

CIRCUIT CITY STORES, INC. and "JOHN DOES",
said names being fictitious and intended to represent
employees of the defendant.

                  Defendant(s).
--------------------------------------------------------------X

       Plaintiff, by her attorneys **SHAEVITZ & SHAEVITZ, ESQS.,** as and for her Verified

Complaint, respectfully complains of the defendants as follows, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF ANNA THOMAS

    1.      That there is a general jurisdiction over the defendants under CPLR Section 301.

    2.      That at all times herein mentioned, plaintiff was and still is a resident of the County

of Queens, State of New York.

    3.      That at all times hereinafter mentioned, the defendant, CIRCUIT CITY STORES,

INC. is a domestic corporation duly authorized to do business in the State of New York.

    4.      That at all times hereinafter mentioned, the defendant, CIRCUIT CITY STORES,

INC. is a limited liability corporation duly authorized to do business in the State of New York.

    5.      That at all times hereinafter mentioned, the defendant, CIRCUIT CITY STORES,

INC. maintains offices to conduct business in the State of New York.

6.   That at all times hereinafter mentioned, the defendant, CIRCUIT CITY STORES,
INC. was the owner of a business operating as "CIRCUIT CITY" open to the general public at 9605
Queens Boulevard. Rego Park, New York.

7.   That on or about December 28, 2006 at approximately 3:00 P.M., while lawfully and
properly upon the premises known to the public as "CIRCUIT CITY" located at 9605 Queens
Boulevard, Rego Park, in the County of Queens, and State of New York, the plaintiff was
intentionally, negligently, recklessly, forcibly struck and assaulted, battered, knocked down and
otherwise victimized which caused plaintiff to be in fear of imminent bodily injury and death, and
which caused plaintiff to sustain serious, significant and permanent bodily injury, all occurring due
to:

-the omissions of defendant, their agents, servants, and/or employees;

-defendants depraved, gross and reckless disregard for plaintiff's bodily safety and integrity;

-the negligent acts and/or omissions of defendant, CIRCUIT CITY STORES, INC., by and
through their agents, servants, and/or employees, in the ownership, operation, management,
supervision and control of it's business and the attendant performance of obligations thereat.

8.   That on the above stated date, the defendant CIRCUIT CITY STORES, INC. , its
agents, servants and/or employees owned the aforementioned premises.

9.   That on the above stated date, the defendant CIRCUIT CITY STORES. INC. , its
agents. servants and/or employees operated the aforementioned premises.

10.   That on the above stated date, the defendant CIRCUIT CITY STORES, INC. , its
agents, servants and/or employees maintained the aforementioned premises.

11.     That on the above stated date, the defendant CIRCUIT CITY STORES, INC. , its agents, servants and/or employees managed the aforementioned premises.

12.     That on the above stated date, the defendant CIRCUIT CITY STORES, INC. , its agents, servants and/or employees controlled the aforementioned premises.

13.     That on the above stated location, defendant, CIRCUIT CITY STORES, INC., by and through their agents, servants and/or employees invited the general public, and more particularly the plaintiff to enter it's premises and otherwise patronize it's establishment.

14.     That on the above stated location, defendant, CIRCUIT CITY STORES, INC.,hired security guards and security personnel to protect lawful customers and patrons.

15.     That on the above stated date, the defendants, "JOHN DOES", were security personnel employed by defendant, CIRCUIT CITY STORES, INC.

16.     That on the above stated date, the defendants, "JOHN DOES", names being fictitious and intending to represent the security personnel who intentionally, negligently, recklessly, forcibly struck and assaulted, battered and knocked down the plaintiff while acting within the scope of their employment.

17.     That on the above stated location, defendant, CIRCUIT CITY STORES, INC., failed to employ an insufficient number of security guards and security personnel as a reasonable precautionary measure to prevent and/or reduce the likelihood of an assault occurring within it's premises amongst defendant's customers.

18.     That on the above stated location, defendant, CIRCUIT CITY STORES, INC., their security guards and security personnel were negligent and/or reckless in not taking reasonable measures to prevent an assault on the herein plaintiff.

19.     That on the above stated location, defendant, CIRCUIT CITY STORES, INC., their security guards and security personnel were negligent and/or reckless in causing to assault, batter and knock down the plaintiff.

20.     That at all the times hereinafter mentioned, the defendant, CIRCUIT CITY STORES, INC., by and through their agents, servants and/or employees negligently hired and negligently kept in their employ members of their security guards and security personnel.

21.     That at all the times heretofore and hereinafter mentioned, it was the duty and obligation of the defendants, their agents, servants, employees and/or licensees to operate and maintain the aforesaid premises, to properly train their employees and/or security guards, to permit actions and performances in a safe, proper manner so the aforesaid premises would not be dangerous to customers and lawful patrons.

22.     That at all times hereinafter mentioned among the duties imposed by law upon the defendants herein, their agents, servants, employees, security guards and/or licensees, were to keep the aforesaid premises, free from dangers, to maintain and operate the same in a reasonably safe condition and manner for plaintiff and others lawfully thereat to shop and to keep same from conditions constituting a danger and menace to persons lawfully and properly shopping and/or traversing said premises.

23.     That on the above stated date, while the plaintiff was lawfully on the aforesaid premises, plaintiff was caused to be injured through the improper and unlawful conduct of the defendants by reason of the negligence, carelessness and want of proper care of the defendants, their agents, servants, security guards and/or employees.

24.    That the aforesaid occurrence and resulting injuries sustained by the plaintiff was caused wholly and solely through the carelessness, recklessness and negligence of the defendants herein, their agents, servants, security guards and/or employees or licensees, without any fault or lack of care on the part of the plaintiff contributing thereto.

25.    That the said incident and resulting injuries to the plaintiff was caused through no fault of her own but were solely and wholly by reason of the negligence of the defendants, their agents, servants, security guards and/or employees in that the defendants failed to properly instruct the security guards in their performance of the duties required and demanded of them; in hiring untrained security guards; knowingly hiring, employing and retaining in its employ inexperienced, incompetent, careless, and reckless employees; all in violation of the laws, statutes, ordinances and regulations made and provided for the safe and proper operation, ownership, maintenance and control of said premises.    Plaintiff further relies upon the doctrine of Res Ipsa Loquitur.

26.    That by reason of the foregoing and by reason of the negligence, carelessness and recklessness of the defendants herein, their agents, servants, employees, security guards and/or licensees, as aforesaid, the plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; has and continues to experience the loss of normal pursuits and pleasures of life; has been informed and verily believes that she maybe permanently injured; has and will be prevented and/or limited in performing her usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage in the sum of that exceeds the jurisdictional amounts of any lower Court.

WHEREFORE, plaintiff demands judgment against the defendants in the sum of that

exceeds the jurisdictional amounts of any lower Court, together with the costs and disbursements

of this action.

Dated:       Jamaica, New York
            August 8, 2007

Yours, etc.

By: Stuart Sears, Esq.
SHAEVITZ & SHAEVITZ, ESQS.
Attorney for Plaintiff(s)
148-55 Hillside Avenue
Jamaica, New York  11435
Phone: (718) 291-3400

# VERIFICATION

STATE OF NEW YORK    )
                      ) ss:

COUNTY OF   QUEENS    )


   ANNA THOMAS            , being duly sworn, deposes and says:

     That he/she is the plaintiff in the within action; that he/she has read the

annexed     Summons and Complaint     and know the contents of the foregoing

and that the same is true to his/her knowledge, except as to the matters therein

stated to be alleged upon information and belief and that as to those matter, plaintiff

believes them to be true.

                                  X _____

                                     ANNA THOMAS


Sworn to before me this
**8th**  day of **August**   , 2007


_____
NOTARY PUBLIC, STATE OF NEW YORK

STUART L. SEARS
NOTARY PUBLIC, State of New York
No. 02SE5049209
Qualified in Queens County
Commission Expires September 11, 2009

INDEX NUMBER: *20767/07*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

ANNA THOMAS,

Plaintiff(s),

-against-

CIRCUIT CITY STORES, INC. and "JOHN DOES",

Defendant(s).

## SUMMONS and VERIFIED COMPLAINT

SHAEVITZ & SHAEVITZ, ESQS.
*Attorneys for Plaintiff(s)*
*Office and Post Office Address, Telephone*
148-55 Hillside Avenue
Jamaica, New York 11435
718-291-3400

"WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"

*To:*

*Attorney(s) for*

*Service of a copy of the within*                          *is hereby admitted*
*Dated:.*

Attorney(s) for

*PLEASE TAKE NOTICE*
*NOTICE OF ENTRY*

That the within is a (certified) true copy of an ORDER entered in the office of the clerk of the within
*named court on*              ,200 .

## NOTICE OF SETTLEMENT

That an Order of which the within is a true copy will be presented for settlement to the Hon.
*one of the judges of the within named court, at*
*on*              , 200 , at 10:00 a.m.

*Dated: Jamaica, New York*

*TO:*

                                        *SHAEVITZ & SHAEVITZ*
                                        *Attorney for Plaintiff*
                                        *148-55 Hillside Avenue*
                                        *Jamaica, New York 11435*
                                        *(718) 291-3400*

*EXHIBIT* **"B"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
ANNA THOMAS,

**VERIFIED ANSWER TO
VERIFIED COMPLAINT**

Plaintiff,

-against-

Index No. 20767/07

CIRCUIT CITY STORES, INC. and "JOHN DOES",
said names being fictitious and intended to represent
employees of the defendant,

Defendants.
-------------------------------------------------------------------X

Defendant, CIRCUIT CITY STORES, INC., by its attorneys, RENDE, RYAN &

DOWNES, LLP, answering the Verified Complaint of the plaintiff herein upon information and

belief:

## AS AND FOR A FIRST CAUSE OF ACTION

1.    Denies knowledge or information sufficient to form a belief as to the allegations

contained in the paragraph designated "1," and refers all questions of law to the Court.

2.    Denies knowledge or information sufficient to form a belief as to the allegation

contained in the paragraphs designated "2," "5," "9," "10," "11," "12," "13," and "15" thereof.

3.    Denies each and every allegation contained in the paragraphs designated "3," "4,"

"7," "8," "16," "17," "18," "19," "20," "23," "24," "25," and "26" thereof.

4.    Denies knowledge or information sufficient to form a belief as to the allegations

contained in the paragraph designated "14," and refers all questions of fact to the finder of fact.

5.    Denies knowledge or information sufficient to form a belief as to the allegations

contained in the paragraphs designated "21" and "22" and refers all questions of law to the Court

and questions of fact to the finder of fact.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

6.    That the occurrence complained of was caused in whole or in part by the culpable
conduct attributable to the plaintiff including contributory negligence and/or assumption of the
risk and that by reason thereof the amount of damages recoverable, if any, shall be diminished in
whole or in part by that portion to which the culpable conduct attributable to the plaintiff bears to
the alleged conduct of the defendant which allegedly caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

7.    The equitable share of the liability of the answering defendant, if any, is less than
or equal to fifty percent of the total liability of all persons liable, and as such the answering
defendant's liability for non-economic loss is limited to its equitable share.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

8.    In the event plaintiff recovers a verdict or judgment against the defendant, then
such verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which
have been or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part,
for any past or future claimed economic loss, from any collateral source.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

9.    If the plaintiff was caused to sustain personal injuries and resulting damages at the
time and place set forth in the plaintiff's Complaint and in the manner alleged therein through
any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or
warranty and/or contract other than of the plaintiff, then the said injuries and damages arose out
of the several and joint carelessness, recklessness, acts, omissions, negligence and breaches of
duty and/or obligation and/or statute, and/or warranty, and/or contract in fact or implied in law,
upon the part of non-parties subject to in-personam jurisdiction, and if this pleading defendant is

found negligent as to the plaintiff for the injuries and damages set forth in the plaintiff's

Compliant, then and in that event, the relative responsibilities of said pleading defendant must be

apportioned by the percentage liability of said non-parties subject to in-personam jurisdiction.

WHEREFORE, defendant, CIRCUIT CITY STORES, INC., demands judgment against

the plaintiff dismissing the Complaint, together with the costs and disbursements of this action.

Dated: White Plains, New York
        September 26, 2007

Yours, etc.,

RENDE, RYAN & DOWNES, LLP.

By: _____
        CHRISTOPHER J. WHITTON
        Attorneys for Defendant
        CIRCUIT CITY STORES, INC.
        202 Mamaroneck Avenue
        White Plains, New York 10601
        (914) 681-0444

TO:   SHAEVITZ & SHAEVITZ, ESQS.
      Attorneys for Plaintiff
      148-55 Hillside Avenue
      Jamaica, New York 11435
      Attention: Stuart Sears, Esq.
      718-291-3400

STATE OF NEW YORK
COUNTY OF WESTCHESTER

CHRISTOPHER J. WHITTON deposes and says:

I am a member of the firm of RENDE, RYAN & DOWNES, LLP, the attorneys

for the defendant, CIRCUIT CITY STORES, INC., in the above-entitled action.

I have read the foregoing Verified Answer and know the contents thereof; it is

true to my knowledge, except as to the matters therein stated to be alleged upon

information and belief; and as to those matters I believe them to be true. The sources of

my information and the grounds of my belief are file materials examined by me relative

to the issues referred to in the Verified Answer.

The reason this verification is made by me instead of by the defendant, CIRCUIT

CITY STORES, INC., is that the defendant, CIRCUIT CITY STORES, INC.'s place of

business is outside of the County where deponent has its office.

I affirm that the above is true under the penalties of perjury pursuant to Rule 2106

of the Civil Practice Law and Rules.

Dated:  White Plains, New York
        September 26, 2007

CHRISTOPHER J. WHITTON

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------X
ANNA THOMAS,                                                    **DEMAND FOR A VERIFIED**
                                                                **BILL OF PARTICULARS**
                              Plaintiff,

          -against-                                             Index No. 20767/07

CIRCUIT CITY STORES, INC. and "JOHN DOES",
said names being fictitious and intended to represent
employees of the defendant,

                              Defendants.
------------------------------------------------------------------------X

      PLEASE TAKE NOTICE that the answering defendant, CIRCUIT CITY STORES,

INC., represented by RENDE, RYAN & DOWNES, LLP, the undersigned attorneys, requires

that you serve upon said attorneys within thirty (30) days after service upon you of a copy of this

demand, a verified bill of particulars, setting forth the following:

1.    The date and time of the alleged occurrence.

2.    With respect to the location where it is alleged the occurrence took place, state:

    a)    The address of the premises in, at or near where the occurrence
        took place;

    b)    The location where the occurrence took place as nearly as may be
        stated so as to permit identification and location from the building
        line or from another described fixed object;

    c)    The location within the premises of any involved equipment, part
        or appurtenance (describe in adequate detail to permit ready
        identification and location).

3.    Set forth a general statement of each and every act or omission which you will

claim as the basis of the alleged assault and battery of the defendant.

4.    If it is claimed that the answering defendant violated any law, ordinance,

regulation, rule or statute, specify the title, chapter and section of the law, ordinance, regulation,

rule or statute which it is alleged that the answering defendant violated.

5.    Set forth each and every injury and/or condition allegedly sustained by each plaintiff as a result of the said occurrence indicating:

a)    Its nature, extent, location and duration;

b)    A complete description of any injury and/or condition claimed to be residual or permanent; and

c)    The name and address of each physician, dentist, osteopath, chiropractor, nurse, physiotherapist or other medical practitioner treating or examining the plaintiff; the date of each visit; and, whether treatment has ceased or is continuing.

6.    Give the length of time and specific dates it is claimed that each plaintiff was confined by reason of the alleged injuries:

a)    To bed

b)    To house, and

c)    If treated at or confined to a hospital or other medical facility, state name and address thereof, and the dates of admission and discharge.

7.    State with respect to plaintiff:

a)    Plaintiff's place and date of birth and social security number.

b)    Plaintiff's occupation at the time of the occurrence, with a description of plaintiff's duties.

c)    The name and address of plaintiff's employer at the time of the alleged occurrence.

d)    The daily or weekly earnings (gross and net) at the time of the occurrence.

e)    If plaintiff was self-employed, set forth the business name and address of the plaintiff and the annual income (gross and net) of plaintiff from said business.

f)    Whether the plaintiff was incapacitated from said employment; if so, the length of time including the specific dates that the plaintiff was allegedly incapacitated from attending to said employment.

8.    Set forth the total amounts claimed to have been spent or incurred by or on behalf of plaintiff (setting forth the name of each provider of services along with the amount of the bill) for:

    a)    Hospital, clinic or other medical institutions' expenses

    b)    X-rays

    b)    Physicians' services

        (1)    Please itemize separately, given name and address of each physician.

    d)    Nurses' services

    e)    Medical supplies

    f)    Loss of earnings and the basis of computation thereof; and

    g)    Amount of nature (describe in detail) of any other special damages claimed.

9.    If plaintiff received reimbursement or indemnification for any of the special damages set forth in response to item 10, or if payment of such bills or damages were made upon plaintiff's behalf, state:

    a)    The amount for which plaintiff was reimbursed or indemnified, or payment of which was made on plaintiff's behalf.

    b)    The services for which such amounts were reimbursed or indemnified, or for which payment was made on plaintiff's behalf.

    c)    The source or sources of such reimbursement, indemnification or payment.  If payment was made by an insurance company, give the name, address and claim number.

10.    Pursuant to Rule 3118 of the Civil Practice Law and Rules, demand is hereby made that you furnish the undersigned with a verified statement setting forth the post office address and residence of plaintiff indicating the street and number as well as the city and state.

PLEASE TAKE FURTHER NOTICE that in the event you have no knowledge of any or all of the above, same shall be so stated.