Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :   Jointly Administered
            Debtors.            :
                                :   **Obj. Deadline: July 15, 2010**
- - - - - - - - - - - - - - x

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION**

        PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(D.I. 4401, the "Order").[1]  A copy of the Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into settlement agreements with third parties, subject to the procedures set forth in the Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a settlement agreement and stipulation (the "Settlement Agreement") with Simon Property Group ("Simon"), a copy of which is annexed hereto as <u>Exhibit 2</u>.

### SUMMARY OF SETTLEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Order, the material terms of the Settlement Agreement are as follows:

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Order.

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

[3]  **This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.**

(i)     The Settlement Agreement is a Tier II
        Settlement.

(ii)    The Settlement Agreement is between the
        Debtors and Simon (collectively, the
        "Parties").

(iii)   Circuit City Stores, Inc., one of the
        Debtors, as tenant, and certain
        affiliates and subsidiaries of Simon as
        listed on Exhibits A, B and C to the
        Settlement Agreement attached hereto, as
        landlord, are parties to a total of
        twenty (20) lease agreements for real
        property (collectively, the "Leases").

(iv)    Simon has asserted certain claims on
        account of the Leases, including general
        unsecured claims (the "General Unsecured
        Claims") and administrative priority
        claims (the "Administrative Claims" and,
        together with the General Unsecured
        Claims, the "Simon Claims").

(v)     The Debtors have alleged that General
        Unsecured Claims and Administrative
        Claims are overstated.

(vi)    The Settlement Agreement provides that
        (i) the Administrative Claims shall
        allowed in the aggregate amount of
        $745,898.69[4] (the "Allowed Administrative
        Claims"); and (ii) the General Unsecured
        Claims shall be allowed as non-priority,
        non-subordinated general unsecured
        claims in the aggregate amount of amount

---

[4]   Claim 12345 is agreed in amount, but shall not be allowed until
      either (i) the Simon resolves claim 8930 filed by Bank of America NA
      (the "Lender Claim") to the Debtors' satisfaction or (ii) the Lender
      Claim is otherwise expunged or disallowed as part of the Debtors'
      claims resolution process.

3

of $17,950,352.31[5] (the "Allowed Unsecured Claims").

(vii)  The Allowed Administrative Claims and the Allowed Unsecured Claims constitute Simon's full and final claims against the Debtors and their estates.  Nothing in the Settlement Agreement impairs, waives, relinquishes the Debtors' rights to recover amounts under Bankruptcy Code sections 544, 546, 547, 548, 549 or 550 (the "Avoidance Action Claims") if any, or any rights, claims, or defenses to or in connection with any Avoidance Action Claims.

(viii) The Settlement Agreement provides for the efficient and consensual resolution of claims by and between the Parties.  As such, the Settlement Agreement will avoid unnecessary costs and expenses of negotiating the remaining issues between the Parties in a duplicative, piecemeal manner.  Accordingly, the Settlement Agreement is in the best interests of the Debtors and their estates and creditors.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED SETTLEMENT AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Settlement Agreement.

---

[5]  Claim 12345 is agreed in amount, but shall not be allowed until either (i) the Simon resolves claim 8930 filed by Bank of America NA (the "Lender Claim") to the Debtors' satisfaction or (ii) the Lender Claim is otherwise expunged or disallowed as part of the Debtors' claims resolution process.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be <u>in writing</u> and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (the "Creditors' Committee")(see information below) by no later than **July 15, 2010** (the "Objection Deadline"). Each Objection or Request must be served on (i) counsel for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi ([gregg.galardi@skadden.com](mailto:gregg.galardi@skadden.com)) and Ian S. Fredericks ([ian.fredericks@skadden.com](mailto:ian.fredericks@skadden.com)) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley ([dfoley@mcguirewoods.com](mailto:dfoley@mcguirewoods.com)) and Daniel F. Blanks ([dblanks@mcguirewoods.com](mailto:dblanks@mcguirewoods.com)), and (ii) counsel for the Creditors' Committee, (a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz ([jpomerantz@pszjlaw.com](mailto:jpomerantz@pszjlaw.com)) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: John Morris ([jmorris@pszjlaw.com](mailto:jmorris@pszjlaw.com)).

PLEASE TAKE FURTHER NOTICE that if you object to the Settlement Agreement and you do not want the Debtors to proceed with the Settlement Agreement or you want the Court to consider your views concerning such Settlement Agreement, you or you attorney must also file a written objection with the Bankruptcy Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically ([www.vaeb.uscourts.gov](http://www.vaeb.uscourts.gov)), pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before July 15, 2010.**

**Any Objection to the Settlement Agreement must be submitted by the method described above.  Objections will be deemed filed only when actually received .**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Settlement Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested.  Each Notice

Party may only make one Request for additional time, unless
otherwise agreed to by the Debtors in their sole discretion.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Creditors' Committee or counsel to the Debtors and counsel for the Creditors' Committee do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any), **the Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: July 1, 2010        SKADDEN, ARPS, SLATE, MEAGHER &
      Richmond, Virginia   FLOM, LLP
                                   Gregg M. Galardi, Esq.
                                   Ian S. Fredericks, Esq.
                                   P.O. Box 636
                                   Wilmington, Delaware 19899-0636
                                   (302) 651-3000

                                         - and -

                                   SKADDEN, ARPS, SLATE, MEAGHER &
                                   FLOM, LLP
                                   Chris L. Dickerson, Esq.
                                   155 North Wacker Drive
                                   Chicago, Illinois 60606
                                   (312) 407-0700

                                         - and -

                                   MCGUIREWOODS LLP

                                   /s/ Douglas M. Foley
                                   Douglas M. Foley (VSB No. 34364)
                                   Sarah B. Boehm (VSB No. 45201)
                                   One James Center
                                   901 E. Cary Street
                                   Richmond, Virginia 23219
                                   (804) 775-1000

                                   Counsel for Debtors and Debtors
                                   in Possession

**EXHIBIT 1**

**(Order without Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

        IN THE UNITED STATES BANKRUPTCY COURT
        FOR THE EASTERN DISTRICT OF VIRGINIA
                RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   1Case No. 08-35653 (KRH)
et al.,                     :
                            :
        Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR. P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT APPROVAL**

        Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]  Each capitalized term not otherwise defined herein shall have the
     meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.    The Notice Procedures are fair,

reasonable, and appropriate.

3.    The Settlement Procedures are fair

reasonable, and appropriate.

4.    The Notice and Settlement Procedures were

proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   <u>Tier II</u> With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

8

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.   Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.   Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for
all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency
between the Motion and this Order, this Order shall
control.

19.   The requirement under Local Rule 9013-
1(G) of the Local Rules for the United States Bankruptcy
Court for the Eastern District of Virginia to file a
memorandum of law in connection with the Motion is
hereby waived.

20.  This Court retains jurisdiction to hear
and determine all matters arising from or related to the
Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq. Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq. Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER & MCGUIREWOODS LLP
FLOM, LLP One James Center
One Rodney Square 901 E. Cary Street
PO Box 636 Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

   - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| - - - - - - - - - - - - - x | | |
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., | : | Case No. 08-35653 (KRH) |
| <u>et</u> <u>al</u>., | : | |
| | : | |
| Debtors. | : | Jointly Administered |
| - - - - - - - - - - - - - x | | |

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS AND SIMON PROPERTY GROUP, INC. RESOLVING CERTAIN
CLAIMS**

   This settlement agreement and stipulation

(this "Agreement") is entered into by and among the

above-captioned debtors and debtors in possession (the

"Debtors")[1], on the one hand, and Simon Property Group,

Inc. ("Simon") and such affiliates and subsidiaries as

are listed on Exhibits A, B and C hereto and any other

affiliates and subsidiaries as may be affected by this

Agreement (each individually, a "Claimant" and

collectively, "Claimants"), on the other hand.  The

Debtors and Claimants are sometimes referred to herein

collectively as the "Parties" or individually as a

"Party".

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

---

[1]  The Debtors and the last four digits of their respective taxpayer
     identification numbers are as follows: Circuit City Stores, Inc.
     (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
     Inc. (0875), Ventoux International, Inc. (1838), Circuit City
     Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
     Distribution Company of Virginia, Inc. (2821), Circuit City
     Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
     Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
     Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
     Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
     LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
     for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
     VA 23060.

title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, the Debtors have continued as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

WHEREAS, the associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, and confirmation on the Plan has been adjourned to a date to be determined; and

WHEREAS, generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval, dated August 7, 2009

(Docket No. 4401, the "Settlement Procedures Order")[2] to
enter into this Settlement Agreement, subject to the
Notice Procedures.

### SETTLEMENT BACKGROUND

WHEREAS, Circuit City Stores, Inc., as tenant,
is party to certain nonresidential real property leases
(the "Leases"), each with a Claimant, as landlord; and

WHEREAS, the Claimants have each filed
numerous claims on account of each of their respective
Leases (collectively, the "Claims");

WHEREAS, the Debtors allege that certain of
the Claims should be expunged as having been amended and
superseded; and

WHEREAS, the Debtors dispute the amount and/or
classification of the Claims; and

WHEREAS, rather than proceed with litigation
concerning the Claims, the parties engaged in good faith,
arms' length negotiations to resolve such claims in
their entirety; and

---

[2] All capitalized terms not otherwise defined herein shall have the
meaning ascribed to such terms in the Settlement Procedures Order.

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.   Upon the occurrence of the Effective Date (as defined herein), the Parties agree that the Claimants shall have (i) allowed administrative priority claims as listed on Exhibit A attached hereto (the "Allowed Administrative Claims"), and (ii) allowed non-priority, non-subordinated general unsecured claims as listed on Exhibit B attached hereto (the "Allowed Unsecured Claims").

2.   The Allowed Administrative Claims and the Allowed Unsecured Claims shall be deemed "allowed" claims against Circuit City Stores, Inc. and its estate in case number 08-35653 (KRH) for all purposes, including with respect to any confirmed plan of liquidation or in any chapter 7 case of such Debtor, and shall not be subject to further offset, reduction, subordination or discount.  The Allowed Administrative Claims shall be paid on the "effective date" of any plan

or as required under any chapter 7 liquidation (as

applicable).

        3.    Notwithstanding the foregoing, claim

number 12345 shall not be allowed until either (i) the

Claimants resolve claim 8930 filed by Bank of America NA[3]

(the "Lender Claim") to the Debtors' satisfaction or (ii)

the Lender Claim is otherwise expunged or disallowed as

part of the Debtors' claims resolution process.

        4.    Upon occurrence of the Effective Date,

the Claims listed on <u>Exhibit C</u> attached hereto shall be

expunged in the Debtor's case.

        5.    All other claims filed by Claimants are

deemed withdrawn with prejudice.

        6.    For the avoidance of doubt and

notwithstanding anything to the contrary in this

Agreement, the Parties agree that (a) the Allowed

Administrative Claims and the Allowed Unsecured Claims

shall constitute the Claimants' full and final claims

against the Debtors and their estates, (b) Claimants

---

[3]   Acting as Trustee for the Registered Holders of LB UBS Commercial
      Mortgage Trust 2003 C1 Commercial Mortgage Pass Through
      Certificates Series 2003 C1 as Collateral Assignee of W&S
      Associates LP.

shall not file or be entitled to recover on account of
any other claims (except as provided for in paragraph
6(c)(ii)), and (c) nothing herein shall be deemed to be,
or construed as, an impairment, waiver, or
relinquishment of, or effect, impair, waive, or
relinquish (i) the Debtors' rights to recover amounts
under Bankruptcy Code sections 544, 546, 547, 548, 549,
or 550 (the "Avoidance Action Claims"), if any, or
(ii) Claimants' rights, claims, or defenses to or in
connection with any Avoidance Action Claims, including
but not limited to any claims under 502(h).

    7.    Neither this Agreement, nor any statement
made or action taken in connection with the negotiation
of this Agreement, shall be offered or received in
evidence or in any way referred to in any legal action
or administrative proceeding among or between the
parties hereto, other than as may be necessary (a) to
obtain approval of and to enforce this Agreement or
(b) to seek damages or injunctive relief in connection
therewith.

    8.    Each Party hereto shall execute and
deliver any and all additional papers, documents and

other assurances, and shall do any and all acts and
things reasonably necessary or appropriate in
conjunction with the performance of their respective
obligations hereunder.

9.    No provision of this Agreement is
intended to confer any rights, benefits, remedies,
obligations or liabilities hereunder upon any person
other than the parties hereto and their respective
successors.

10.   Except where preempted by applicable
Federal law, this Agreement shall be governed by and
construed in accordance with the internal laws of the
Commonwealth of Virginia without regard to any choice of
law provisions.

11.   This Agreement may be signed in
counterpart originals and delivered by facsimile or
email, which, when fully executed, shall constitute a
single original.

12.   This Agreement constitutes the entire
agreement and understanding of the parties regarding the
Agreement and the subject matter thereof.

13.   The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Agreement.

14.   Each person or entity who executes this Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Agreement.

15.   This Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

16.   This Agreement and all of its terms shall be effective (the "Effective Date") upon the later of (i) execution by the Parties, (ii) the expiration of the

applicable Notice Period, or (iii) the resolution of any

objection properly filed in accordance with the terms of

the Settlement Procedures Order.

IN WITNESS WHEREOF, this Agreement is hereby

executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley        ___
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

Dated:  July 1, 2010

SIMON PROPERTY GROUP

By:

/s/ Ronald M. Tucker
Ronald M. Tucker
Vice President and Bankruptcy Counsel
225 W. Washington Street
Indianapolis, IN 46204

Dated:  July 1, 2010

**EXHIBIT A**

**(Allowed Administrative Claims)**

| Claimant | Claim No. | Amount |
|---|---|---|
| Irving Mall | 14697 | $40,607.75 |
| St. Louis Mills | 12350 | $43,730.15 |
| The Shops At Arbor Walk | 12343 | $30,937.78 |
| Lincoln Plaza | 12351 | $53,760.39 |
| Bloomingdale Court | 14497 | $116,952.60 |
| Gurnee Mills | 12355 | $42,635.24 |
| Firewheel Town Center | 12357 | $62,230.70 |
| Concord Mills | 12349 | $39,548.17 |
| Arundel Marketplace | 12344 | $33,095.74 |
| The Source | 12345 | $87,176.70[4] |
| Valle Vista Mall | 12346 | $21,954.66 |
| Katy Mills | 12364 | $43,235.50 |
| South Shore Plaza | 12347 | $86,105.01 |
| Melbourne Square | 12352 | $43,928.30 |

---

[4]   Claim 12345 is agreed in amount, but shall not be allowed until
the condition set forth in paragraph 3 has been satisfied.

## EXHIBIT B

**(Allowed Non-Priority, Non-Subordinated General Unsecured Claims)**

| Claimant | Claim No. | Amount |
|---|---|---|
| Irving Mall | 14697 | $1,198,956.88 |
| St. Louis Mills | 12350 | $1,040,897.20 |
| The Shops At Arbor Walk | 12343 | $811,153.58 |
| Lincoln Plaza | 12351 | $898,430.63 |
| Gurnee Mills | 12355 | $976,372.67 |
| Firewheel Town Center | 12357 | $1,350,915.03 |
| Concord Mills | 12349 | $1,071,243.51 |
| Arundel Marketplace | 12344 | $805,403.82 |
| The Source | 12345 | $2,161,258.85[5] |
| Valle Vista Mall | 12346 | $515,946.40 |
| Katy Mills | 12364 | $1,111,770.00 |
| South Shore Plaza | 12347 | $754,509.35 |
| Melbourne Square | 12352 | $1,378,298.47 |
| Great Lakes Plaza | 6074 | $860,183.29 |
| Mall of Georgia LLC | 6070 | $523,233.23 |
| Teal Plaza | 6096 | $407,741.37 |
| Clay Terrace | 6125 | $1,053,145.10 |
| Fairfax Court | 1568 | $716,494.93 |
| Knoxville Commons | 6128 | $314,388.00 |

---

[5]  Claim 12345 is agreed in amount, but shall not be allowed until the condition set forth in paragraph 3 has been satisfied.

## EXHIBIT C

**(Expunged Claims - Amended and Superseded)**

| Claimant | Claim No. |
|---|---|
| Irving Mall | 12373 |