Gregg M. Galardi, Esq.              Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.             Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

              - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x
```

**STIPULATED FACTS WITH RESPECT TO
DEBTORS' OBJECTION TO CLAIM NUMBER 1053**

IT IS HEREBY STIPULATED AND AGREED, by the
parties to this Stipulation, through their undersigned
counsel, that the facts set forth below are admitted and
require no proof:

**THE PARTIES**

1.   Circuit City Stores, Inc. ("Circuit City")
is a corporation organized under the laws of the
Commonwealth of Virginia with its principal place of

business in Richmond, Virginia.  Circuit City and certain
of its subsidiaries and affiliates are debtors and
debtors in possession in the above-captioned chapter 11
bankruptcy cases (collectively, the "Debtors") pending
before the United States Bankruptcy Court for the Eastern
District of Virginia, Richmond Division (the "Bankruptcy
Court").

     2.   Graphic Communications Holdings, Inc.
("Graphic") is a privately-held company of Unisource
Worldwide and organized under the laws of the State of
California with its principal place of business in
Norcross, Georgia.

     3.   Eleets Logistics, Inc. d/b/a Eleets
Transportation ("Eleets") is a corporation organized
under the laws of the State of Florida with offices in
Jacksonville, Florida.  <u>Transportation Agreement</u> (as
defined below) at p.1.

**JURISDICTION**

     4.   The Bankruptcy Court has jurisdiction to
consider this Stipulation under 28 U.S.C. §§ 157 and
1334. This is a core proceeding under 28 U.S.C. § 157(b).

**VENUE**

     5.   Venue of the Debtors' cases in this
district is proper under 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

**A.    Nature Of The Parties' Businesses.**

6.    At all relevant times, Circuit City engaged in the retail of consumer electronics and operated large nationwide electronics stores that sold, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

7.    At all relevant times, Graphic employed approximately 125 people throughout the United States, Europe, and Mexico and was in the business of selling paper and providing printing services.  More specifically, Graphic sold and serviced annually more than 1 million tons of paper and more than $100 million in printing, with combined sales in excess of $1 billion.

8.    At all relevant times, Eleets provided motor carriage service for the transportation of freight and was licensed to provide such services by the Federal Motor Carrier Safety Administration (the "FMCSA") Transportation Agreement (as defined below) at p.1. More specifically, Eleets provided a full network of supply-chain transportation solutions that provide optimal performance to [its] customers through a premier suite of multimodal transportation options.

**B.    General Case Background.**

9.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

10.   On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

11.   On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  The going out of business sales concluded on or about March 8, 2009.

12.   On September 29, 2009, the Debtors and the Creditors' Committee filed the First Amended Joint Plan Of Liquidation Of Circuit City Stores, Inc. And Its Affiliated Debtors And Debtors In Possession And Its Official Committee Of Creditors Holding General Unsecured Claims (Bankr. Ct. Dkt. No. 5124) (the "Plan"). The

associated disclosure statement (Bankr. Ct. Dkt. No. 5103) (the "Disclosure Statement") was approved on September 24, 2009.  Generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code and distribution of the proceeds from such liquidation to the Debtors' creditors.

**C.   Graphic's 503(b)(9) Claim And The Debtors' Objection.**

13.   On or about December 15, 2008, Graphic timely filed a Bankruptcy Code section 503(b)(9) claim in the amount of $175,195.74 in case number 08-35653 ("Claim No. 1053" or the "Claim").  A true and correct copy of the Claim is attached hereto as <u>Exhibit A</u>.

14.   Graphic attached to its Claim an invoice dated October 27, 2008 (the "October Invoice") and an invoice dated November 7, 2008 (the "November Invoice" and, together with the October Invoice, the "Invoices"). The Invoices are for the non-paper charges associated with the printing and production of certain promotional materials that were inserted into newspapers around the United States and Puerto Rico (the "Newspaper Inserts"). True and correct copies of the October Invoice and the November Invoice are attached hereto as <u>Exhibits B</u> and <u>C</u>, respectively.

15.   The October Invoice covered those Newspaper Inserts that were shipped on or about October 24, 2008 and described as the "11/16/08 Promotion"; and, the November Invoice covered those Newspaper Inserts that were shipped on or about November 7, 2008 and also described as the "11/16/08 Promotion."

16.   Graphic also attached proofs of delivery in support of the Claim (the "Delivery Confirmations"). True and correct copies of the Delivery Confirmations are attached hereto as  Exhibit D.

17.   On May 12, 2009, Circuit City filed an objection to the Claim (the "Objection") (Bankr. Ct. Dkt. No. 3309).

18.   On June 15, 2009, Graphic filed a response to the Objection (the "Response") (Bankr. Ct. Dkt. No. 3600).

**D.   The Bankruptcy Court's Memorandum Opinions.**

19.   On September 22, 2009, the Bankruptcy Court issued an opinion adopting the "predominant purpose test" to determine whether a 503(b)(9) claim involves the sale of goods or services.  In re Circuit City Stores, Inc., 416 B.R. 531, 532 (Bankr. E.D. Va. 2009) (finding that creditor must establish that contract's "predominant factor, [] thrust, [and] purpose, reasonably stated, is the rendition of service, with goods incidentally

involved . . . or is a transaction of sale, with labor incidentally involved.").

20.  On April 8, 2010, the Bankruptcy Court issued an opinion adopting the UCC's definition of "receipt" to determine whether goods were "received" for purposes of section 503(b)(9) (Bankr. Ct. Dkt. No. 7149).

### RELATIONSHIPS BETWEEN THE PARTIES

**A.   Relationship Between Circuit City And Eleets.**

21.  Rather than provide transportation services for the pick-up and delivery of the Newspaper Inserts itself, Circuit City contracted (independent of Graphic) with Eleets to provide such services.  In that regard, Circuit City and Eleets entered into an agreement as of September 7, 2007 for the transportation of Newspaper Inserts between points in the United States (the "Transportation Agreement").  A true and correct copy of the Transportation Agreement is attached hereto as <u>Exhibit E</u>.[1]

22.  As of April 2, 2008 and August 29, 2008, the Transportation Agreement was amended to change that portion of the Transportation Agreement that set forth the amount of the fuel and transportation charges and

---

[1]  The Transportation Agreement contains certain confidential and/or proprietary information. Accordingly, the Debtors will file a motion to seal the Transportation Agreement.

term of the Transportation Agreement (the "Transportation Agreement Amendments").  True and correct copies of the Transportation Agreement Amendments are attached hereto as <u>Exhibit F</u>.[2]

23.  Under the Transportation Agreement, Eleets performed services for Circuit City "as an independent contractor[.]"  In that regard, Eleets was solely responsible to Circuit City for (a) providing the equipment and personnel required to deliver the Newspaper Inserts; (b) the taxes arising out of the transportation of the Newspaper Inserts; and (c) providing its own insurance coverage.  Circuit City had no control over (a) the equipment or personnel Eleets selected to deliver the Newspaper Inserts, (b) the manner in or the timing at which taxes were paid, or (c) the third party that provided insurance coverage to Eleets or any policy terms or limits selected by Eleets.  <u>Transportation Agreement</u> at pp. 1-2; pp. 4-5.  Graphic also lacked control in these areas.  In addition, Eleets assumed liability for loss or damage arising out of the rendering of transportation services.  <u>See</u> <u>Transportation Agreement</u> at p. 4.

---

[2]    The Transportation Agreement Amendments contain certain confidential and/or proprietary information. Accordingly, the Debtors will file a motion to seal the Transportation Agreement Amendments.

24.  As part of the agreement between Circuit City and Eleets, at Eleets' election and without input from Circuit City, Eleets was free to "use one or more other motor carriers to provide transportation form [sic] origin to destination" as it so chose.  Again, Circuit City (and Graphic) lacked any control over third party motor carriers selected by Eleets to perform services under the Transportation Agreement.  See <u>Transportation Agreement</u> at p. 5.

25.  Further, no employee of Eleets was paid by Circuit City or paid in accordance with Circuit City's employee payroll schedule, nor did Circuit City withhold employment taxes in its payments to Eleets.  Rather, Eleets invoiced Circuit City within 90 days of the shipment date, and Circuit City was required to remit payment within 45 days of receipt of freight bills and supporting documentation. See <u>Transportation Agreement</u> at p. 3.  The amount of these payments was determined in accordance with a schedule attached as an addendum to the Transportation Agreement. See <u>Transportation Agreement</u> at p. 1.

26.  Eleets was solely responsible for complying with all applicable rules and regulations, without any input or direction from Circuit City (or Graphic). See <u>Transportation Agreement</u> at p. 2.

27.   Pursuant to the Transportation Agreement
and at the direction of Circuit City, Eleets (for itself
or by or through one or more other motor carriers of its
own choosing) picked up the Newspaper Inserts from the
various facilities where the Newspaper Inserts were
finalized and deemed ready for use, and delivered the
Newspaper Inserts to various third-party facilities
identified to Eleets by Circuit City.   Graphic had no
input or involvement in the delivery process.

**B.    Relationship Between Circuit City And Graphic.**

28.   On or about February 15, 2007, Circuit
City and Graphic entered a Master Services Agreement (the
"MSA").   A true and correct copy of the MSA is attached
hereto as <u>Exhibit G</u>.[3]

29.   The MSA defines "Supplier Deliverables" as
"any items or work prepared for, or delivered by the
Supplier [Graphic] to Circuit City under a SOW." MSA,
§3.1(a) at p. 2.

30.   The MSA defines "Services" as "[a]ny
reasonable effort expended by the Parties or their
Personnel to perform the work described in a SOW." MSA,
§3.3 at p. 2.

---

[3]   The MSA contains certain confidential and/or proprietary
information. Accordingly, the Debtors will file a motion to seal
the MSA.

31.   Pursuant to the MSA, Graphic agreed to
"[p]erform Services and provide its Deliverables" for and
on behalf of Circuit City with such Services and/or
Deliverables to be described more particularly in
Statement(s) of Work (each an "SOW"). MSA §4.5(a); <u>see
Statement of Work 3</u> at p. 1.

32.   Graphic contracted with Vertis Logistics
for the delivery of Newspaper Inserts that are described
on the November Invoice and were sent to Puerto Rico.  At
all relevant times, Circuit City did not have a contract
with Vertis and was not in any way associated with Vertis
Logistics or its agents.

33.   Pursuant to the MSA, Circuit City and
Graphic entered into at least three SOWs -- SOW 1, SOW 2,
and SOW 3.  True and correct copies of SOW 1, SOW 2 and
SOW 3 are attached hereto as <u>Exhibit H</u>, <u>Exhibit I</u>. and
<u>Exhibit J</u>, respectively.[4]

34.   Under SOW 1, made effective as of February
1, 2007, Graphic agreed to manage "Circuit City's paper
needs as it related to inserts/catalogs/direct mail and
any other of Circuit City's paper needs that might
develop." SOW 1, at p. 1.

---

[4]   The SOWs contain certain confidential and/or proprietary
information. Accordingly, the Debtors will file a motion to seal
the SOWs.

35.  Also under SOW 1, Graphic agreed to review requirements as received from Circuit City, conduct reporting and analysis (with regard to consumption, waste, etc.), coordinate printing services with Circuit City/Quebecor World, coordinate insert logistics with Circuit City and third parties, ensure adequate supply of desired stock on hand, monitor printers, help monitor timely delivery of inserts and help with store ad distribution.   SOW 1, at pp. 1-2.

36.  Under SOW 2, made effective as of December 10, 2007, Graphic agreed to "provide paper, print, and logistical services in support of Circuit City's advertising circular program in Puerto Rico."  SOW 2, at p.2.

37.  Under SOW 3, made effective as of February 27, 2008, Graphic agreed, among other things, to, "supply the specified paper, print, and provide [sic] inserts for pickup by Circuit City's third party logistics providers in accordance with the run list and art as provided by Circuit City."  SOW 3, at p.2.

38.  The Newspaper Inserts were printed pursuant to SOW 2 and SOW 3.  Certain Newspaper Inserts were delivered by Vertis pursuant to SOW 2.  The remaining Newspaper Inserts were made available for pick-up by Eleets pursuant to SOW 3.

39.   With respect to the Newspaper Inserts described in the Invoices, Graphic sold the paper to Circuit City separately and invoiced Circuit City separately for such paper on October 9, 2008. Thereafter, and prior to the Petition Date, Circuit City paid for the paper.  True and correct copies of the October 9, 2008 invoices and proof of payment are attached hereto as <u>Exhibits K</u> and <u>L</u>, respectively.[5]

**C.    The Invoices.**

40.   In total, on account of the Invoices, Graphic seeks payment of $175,195.74 as an administrative expenses entitled to priority under Bankruptcy Code section 503(b)(9) on the basis that Graphic sold "goods" to Circuit City and such "goods" were "received" by Circuit City within the 20-day period prior to the Petition Date.

41.   Amounts owed under the October Invoice are divided into the following categories: (a) Print Quantity; (b) Makeready; (c) Plates; (d) Cartons; and (e) Carton-3[rd] Party Handling (the "October Invoice Categories").

---

[5]   The October 9, 2008 invoices and the proof of payment contain certain confidential and/or proprietary information. Accordingly, the Debtors will file a motion to seal the October 9, 2008 invoices and the proof of payment.

42.   Amounts owed under the November Invoice are divided into the following categories: (a) Print Quantity; (b) Makeready; (c) Plates; (d) Cartons; (e) Bundles; (f) Difference In Quantity For 11/2/08; and (g) Difference In Quantity For 11/9/08 (the "November Invoice Categories" and together with the October Invoice Categories, the "Invoice Categories").

43.   "Print Quantity" refers to the number of Newspaper Inserts printed and produced for Circuit City.

44.   "Makeready" refers to a standard "set up" fee for each edition of the Newspaper Inserts that Graphic printed. <u>See</u> SOW 3, at Attachment A.

45.   "Plates" refers to Graphic's configuration of printer art plates -- etching the design on the metal plates.

46.   "Cartons" refers to the shipping boxes provided by Graphic and used to transport the Newspaper Inserts. <u>See</u> SOW 3, at Attachment A.

47.   "Carton-3rd Party Handling" refers to loading the Newspaper Inserts in the boxes and on Eleets' transportation vehicles.

48.   "Bundles" refers to the ties used to bundle a small quantity of Newspaper Inserts. <u>See</u> SOW 3, at Attachment A.

49.   "Difference In Quantity For 11/2/08"
refers to an adjustment for the quantity of newspaper
inserts billed in relation to the November 2, 2008 supply
printed by Graphic for Circuit City in accordance with
SOW 2 and SOW 3.

50.   "Difference In Quantity For 11/9/08"
refers to an adjustment in the quantity of newspaper
inserts billed in relation to the November 9, 2008 supply
printed by Graphic for Circuit City in accordance with
SOW 2 and SOW 3.

**D.   The Delivery Confirmations.**

51.   Circuit City did not take actual physical
possession of the Newspaper Inserts.  Rather, Eleets (and
Vertis, with respect to Newspapers Inserts delivered to
Puerto Rico), and subsequently various third parties --
the newspapers themselves, took actual physical
possession of the Newspaper Inserts.

WHEREFORE, the undersigned, on behalf of their respective parties, stipulate to the foregoing.

Dated: Richmond, Virginia
      July 2, 2010

OFFIT KURMAN, P.A.

/s/ Thomas W. Repczynski
Thomas W. Repczynski
(VSB No. 39967)
4800 Montgomery Lane
9th Floor
Bethesda, MD
(240) 504-1700
trepczynski@offitkurman.com

Counsel for Graphic
Communications Holdings,
Inc.

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB
No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

## EXHIBIT A

**(Claim No. 1053)**

# 1053

United States Bankruptcy Court
Eastern District of Virginia
Richmond Division

**DEADLINE FOR FILING 503(b)(9) CLAIMS**
5:00 P.M. Pacific Time
December 19, 2008

## Section 503(b)(9) Claim Request Form

| Circuit City Stores, Inc., et al., Claims Processing<br>c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245 | Circuit City Stores, Inc., et al.<br>Case Nos. 08-35653 through 08-35670<br>Chapter 11 Jointly Administered |
|---|---|

**NOTE:** Pursuant to an Order of the Bankruptcy Court in the above-referenced chapter 11 cases (see Docket No. 107), to have claims allowed as administrative expense under 11 U.S.C. § 503(b)(9), this form must be served upon Circuit City Stores, Inc., et al., Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA  90245 by December 19, 2008, the Bar Date for Section 503(b)(9) claims in the above-referenced cases.  The form may be submitted in person or by regular mail, overnight mail, or hand delivery.  Facsimile, email or electronic submissions will not be accepted.  Requests shall be deemed filed when actually received by Kurtzman Carson Consultants LLC.

**Name and Address of Creditor:** *(The person or other entity to whom the debtor owes money or property)*

Graphic Communications
PO Box 933233
Atlanta, GA 31193-3233

Telephone: _____
Fax: _____

**Name and address where notices should be sent (if different from above)**

Graphic Communications Holdings, Inc.
16-B Journey
Aliso Viejo, California 92656-3317

Telephone: **(949) 215-9388**
Fax: **(949) 389-7788**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have made any demand(s) to reclaim goods sold to the debtor under 11 U.S.C. § 546(c). (attach copies of any such demand(s))

☐ Check box if you have transferred the rights of your claim to any third party.  If so please list name of transferee: _____

☐ Check box if you have never received any notices from the bankruptcy court in this case.

**Debtor against which claim is asserted :  (Check one box below:)**

**X** Circuit City Stores, Inc. (Tax I.D. No. 54-0493875)
☐ Abbott Advertising, Inc. (Tax I.D. No. 54-1624659)
☐ Circuit City Stores West Coast, Inc. (Tax I.D. No. 95-4460785)
☐ CC Distribution Company of Virginia, Inc. (Tax I.D. No. 54-1712821)
☐ Circuit City Properties, LLC (Tax I.D. No. 54-0793353)
☐ Patapsco Designs, Inc. (Tax I.D. No. 52-1086796)
☐ Ventoux International, Inc. (Tax I.D. No. 20-1071838)
☐ Sky Venture Corporation (Tax I.D. No. 54-1760311)
☐ Prahs, Inc. (n/a)
☐ XS Stuff, LLC (Tax I.D. No. 54-2029263)
☐ Kinzer Technology, LLC (Tax I.D. No. 54-2022157)
☐ Circuit City Purchasing Company, LLC (Tax I.D. No. 20-0995170)
☐ Orbyx Electronics, LLC (Tax I.D. No. 20-1203360)
☐ InterTAN, Inc. (Tax I.D. No. 75-2130875)
☐ CC Aviation, LLC (Tax I.D. No. 20-5290841)
☐ Courchevel, LLC (n/a)
☐ Circuit City Stores PR, LLC (Tax I.D. No. 66-0695512)
☐ Mayland MN, LLC (Tax I.D. No. 20-0896116)

**ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:** **CCS01**

Check here if this claim  ☐ replaces
☐ amends  a previously filed claim, dated: _____

**1. BASIS FOR CLAIM:**  Goods received by the Debtor within 20 days before the date of commencement of the case.   Value of Goods $ **175,195.74** .

**2. DATE OF SHIPMENT:** **10/23 to 11/7/08**  **METHOD OF SHIPMENT:** **Truck/Fedex**   **DATE OF RECEIPT:** **10/23 to 11/8/2008**
**NAME OF CARRIER:** **Multiple**    **PLACE OF DELIVERY:** **Multiple**

**3. TOTAL AMOUNT OF SECTION 503(b)(9) CLAIM:** $ **175,195.74**
☐ Check the box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**4. BRIEF DESCRIPTION OF CLAIM:** Goods Sold
Describe goods sold: **Printed Advertising Circulars Delivered to Newspapers**    *Attach support for your claim.*

**5. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this claim.  In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

**6. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, or contracts.  DO NOT SEND ORIGINAL DOCUMENTS.  If the documents are not available, explain.  If the documents are voluminous, attach a summary.  Attachments must be printed on 8-1/2" by 11" paper.

**7. DATE-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this claim request form.

**8. ORDINARY COURSE CERTIFICATION:** By signing this claim request form, you are certifying that the goods for which payment is sought hereby, were sold to the debtor in the ordinary course of the debtor's business as required in 11 U.S.C. § 503(b)(9).

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**FOR COURT USE ONLY**

**RECEIVED**
**DEC 15 2008**
KURTZMAN CARSON CONSULTANTS

| Date<br><br>December 12, 2008 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br><br>*John Drake*   John E. Drake, Chief Financial Officer |
|---|---|

0835653081215000000000033

## **EXHIBIT B**

**(October Invoice)**



**Graphic Communications**
Office: 949-215-9300     Fax: 949-215-9320

# INVOICE

Please Remit to:
For Mail:       P.O. Box 933233, Atlanta, GA 31193-3233
For Fed Ex:     Wachovia Bank/Graphic Communications
                Lockbox #933233
                3585 Atlanta Avenue
                Hapeville, GA 30354-1705
Wire Transfer:  ABA Routing #061000227 (Wachovia Bank)
Account #:      2000027316241 (Graphic Communications)

| | |
|---|---|
| **Invoice Number:** | PSI174062 |
| **Invoice Date:** | 10/27/08 |
| **Page:** | 1 |

**Sold To** Circuit City Stores, Inc.
Brian Hargrove
9950 Mayland Drive
Richmond, VA  23233-1464
United States

**Ship To** United States

| | | | |
|---|---|---|---|
| **Customer Order No.** | 11/16/08 PROMOTION | **Terms** | 1%15 /Net16 |
| **Our Event No.** | CCS01-0150 | **Payment Due Date** | 11/12/08 |
| | | **Ship Date** | 10/24/08 |
| | | **Salesperson** | Andres Toro |
| **Customer ID** | CCS01 | **Cost Center** | 3025 |

| Item/Description | Basis Weight | Roll Size | Quantity | Unit of Meas. | Price | Per | Total Price |
|---|---|---|---|---|---|---|---|
| PRINTING THE 11/16/08 PROMOTION | | | | | | | |
| 28 PAGE TAB  10.5" X  7.5" | | | | | | | |
| PRINTED ON 30# AND 33# HIBRITE AND 27.7# NEWSPRINT | | | | | | | |
| | | | | | | | |
| PRINT QUANTITY | | | 10,258,850 | PC | 14.10/ | M | 144,649.79 |
| MAKEREADY | | | 3 | Each | 1,200.00/ | EA | 3,600.00 |
| PLATES | | | 152 | Each | 110.00/ | EA | 16,720.00 |
| CARTONS | | | 853 | Each | 1.50/ | EA | 1,279.50 |
| CARTON - 3rd PARTY HANDLING | | | 853 | Each | 1.50/ | EA | 1,279.50 |

FSC Transfer Material      Sw-CoC-001663

**All amounts are in USD**

| | | |
|---|---|---|
| | **Subtotal:** | 167,528.79 |
| | **Prepaid Freight:** | 0.00 |
| **Terms:** 1%15 /Net16 | **Less Discount:** | 1,675.29 |
| **No Discount on Prepaid Freight** | | |
| | **Total:** | 165,853.50 |
| | **Discounted Total If Paid By 11/11/08** | 165,853.50 |
| | **Invoice Total If Paid AFTER 11/11/08** | 167,528.79 |

TITLE OF OWNERSHIP FOR PAPER DOES NOT CHANGE
POSSESSION UNTIL RECEIPT OF PAYMENT.
LATE PAYMENT IS SUBJECT TO A 1 1/2% PER MONTH CHARGE

Form PB-002-GC

## EXHIBIT C

**(November Invoice)**

## Graphic Communications

Office: 949-215-9300    Fax: 949-215-9320

**INVOICE**

Please Remit to:
For Mail:        P.O. Box 933233, Atlanta, GA 31193-3233
For Fed Ex:      Wachovia Bank/Graphic Communications
                 Lockbox #933233
                 3585 Atlanta Avenue
                 Hapeville, GA 30354-1705
Wire Transfer:   ABA Routing #061000227 (Wachovia Bank)
Account #:       2000027316241 (Graphic Communications)

| | |
|---|---|
| **Invoice Number:** | PSI174581 |
| **Invoice Date:** | 11/07/08 |
| **Page:** | 1 |

| Sold To | | Ship To | |
|---|---|---|---|
| | Circuit City Stores, Inc.<br>Brian Hargrove<br>9950 Mayland Drive<br>Richmond, VA  23233-1464<br>United States | | Pro Line Printing Inc.<br>10519 Industrial Drive<br>Pineville, NC  28134-6527<br>United States |

| | | | |
|---|---|---|---|
| **Customer Order No.** | 11/16/08 PROMOTION | **Terms** | 1%15 /Net16 |
| **Our Event No.** | CCS01-0150 | **Payment Due Date** | 11/23/08 |
| | | **Ship Date** | 11/07/08 |
| | | **Salesperson** | Andres Toro |
| **Customer ID** | CCS01 | **Cost Center** | 3025 |

| Item/Description | Basis Weight | Roll Size | Quantity | Unit of Meas. | Price | Per | Total Price |
|---|---|---|---|---|---|---|---|
| PRINTING PUERTO RICO 11/16/08 PROMOTION<br>8 PAGE TAB 7.5" X 10.5"<br>PRINTED ON 33#  SCB | | | | | | | |
| PRINT QUANTITY | | | 195,010 | PC | 18.47/ | M | 3,601.83 |
| MAKEREADY | | | 1 | Each | 1,500.00/ | EA | 1,500.00 |
| PLATES | | | 8 | Each | 150.00/ | EA | 1,200.00 |
| CARTONS | | | 11 | Each | 1.50/ | EA | 16.50 |
| BUNDLES | | | 438 | Each | 0.85/ | EA | 372.30 |
| FED EX | | | 1 | Each | 437.00/ | EA | 437.00 |
| DIFFERENCE IN QUANTITY FOR 11/2/08 | | | 14,600 | PC | 18.47/ | M | 269.66 |
| DIFFERENCE IN QUANTITY FOR 11/9/08 | | | 14,600 | PC | 18.47/ | M | 269.66 |

FSC Transfer Material      Sw-CoC-001663

**All amounts are in USD**

| | | |
|---|---|---|
| | **Subtotal:** | 7,666.95 |
| | **Prepaid Freight:** | 0.00 |
| **Terms:**  1%15 /Net16 | **Less Discount:** | 76.67 |
| **No Discount on Prepaid Freight** | | |
| | **Total:** | 7,590.28 |
| | **Discounted Total If Paid By 11/22/08** | 7,590.28 |
| | **Invoice Total If Paid AFTER 11/22/08** | 7,666.95 |

**TITLE OF OWNERSHIP FOR PAPER DOES NOT CHANGE
POSSESSION UNTIL RECEIPT OF PAYMENT.**
LATE PAYMENT IS SUBJECT TO A 1 1/2% PER MONTH CHARGE

Form ST-004-JN

**EXHIBIT D**

**(Delivery Confirmations)**

**<u>EXHIBIT E</u>**

**(Transportation Agreement)**

**FILED UNDER SEAL**

**<u>EXHIBIT F</u>**

**(Transportation Agreement Amendments)**

**FILED UNDER SEAL**

**<u>EXHIBIT G</u>**

**(Master Services Agreement)**

**FILED UNDER SEAL**

## **EXHIBIT H**

**(Statement Of Work 1)**

**FILED UNDER SEAL**

**<u>EXHIBIT I</u>**

**(Statement Of Work 2)**

**FILED UNDER SEAL**

**<u>EXHIBIT J</u>**

**(Statement Of Work 3)**

**FILED UNDER SEAL**

## EXHIBIT K

(October 9, 2008 Paper Invoices)

**FILED UNDER SEAL**

**EXHIBIT L**

**(Proof Of Payment Of October 9, 2008 Paper Invoice)**

**FILED UNDER SEAL**