Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x

## DEBTORS' SUPPLEMENTAL OBJECTION TO CLAIM 1053
## OF GRAPHIC COMMUNICATIONS

The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors")[1]

---

[1] The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
*(cont'd)*

hereby file this supplemental objection (the

"Supplemental Objection") to claim number 1053 (the

"Claim") filed by Graphic Communications ("Graphic"),

and move this Court, pursuant to sections 105 and

503(b)(9) of title 11 of the United States Code, 11

U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy

Code"), Rule 3007 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and Local Bankruptcy

Rule 3007-1 for entry of an order, the proposed form of

which is attached hereto, reclassifying such claim to a

general unsecured non-priority claim.  In support of

this Supplemental Objection, the rely upon and hereby

incorporate by reference the Stipulated Facts With

Respect To Debtors' Objection To Claim Number 1053

(Docket No. 7963) (the "Stipulated Facts").[2]  In further

_____
*(cont'd from previous page)*
　　Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
　　Distribution Company of Virginia, Inc. (2821), Circuit City
　　Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
　　Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
　　Sky Venture Corp. (0311), PRAHS, INC. (n/a), XSStuff, LLC (9263),
　　Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
　　LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
　　for Circuit City Stores West Coast, Inc. is 9250 Sheridan
　　Boulevard, Westminster, Colorado 80031.  For all other Debtors,
　　the address is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[2]　Capitalized terms not otherwise defined herein have the meanings
　　ascribed to them in the Stipulated Facts.

support of this Supplemental Objection, the Debtors

respectfully state as follows:

## STIPULATED FACTS

1.    On July 2, 2010, the Debtors and Graphic

filed the Stipulated Facts.  The Stipulated Facts

contain relevant and undisputed facts and documents with

respect to this Supplemental Objection.  By agreement

between the Debtors and Graphic, the Stipulated Facts

are admitted and do not require any proof by either

party.

## OBJECTION

2.    By this Supplemental Objection, the

Debtors seek entry of an order reclassifying the Claim

to a general unsecured, non-priority claim.

## BASIS FOR OBJECTION

3.    Currently, the Debtors are engaged in a

thorough review of all claims filed against their

estates, including administrative expense claims, to

determine the validity of such claims.  As part of this

process, the Debtors are diligently reviewing claims

filed pursuant to Bankruptcy Code section 503(b)(9).

4.    Based on the Stipulated Facts, the
Debtors have determined that the Claim does not satisfy
the requirements of Bankruptcy Code section 503(b)(9).
Specifically, Graphic has failed to meet its burden
under section 503(b)(9) to demonstrate that the Invoices
were for "goods" that were "received" by the Debtors
during the twenty-day period prior to the Petition Date.
Therefore, Graphic has failed to establish a valid
section 503(b)(9) claim.

**APPLICABLE AUTHORITY**

**I.    GRAPHIC HAS THE BURDEN TO DEMONSTRATE THAT IT HAS
SATISFIED ALL ELEMENTS OF ITS ALLEGED SECTION
503(B)(9) CLAIM.**

5.    Courts in the Fourth Circuit have
repeatedly held that the claimant has the burden of
proof on all elements of an administrative expense
claim.  See, e.g., Ford Motor Credit Co. v. Dobbins, 35
F.3d 860, 866 (4th Cir. 1994) (quoting In re Mid Region
Petroleum, Inc., 1 F.3d 1130, 1132 (10th Cir. 1993))
("the party claiming entitlement to administrative
expense priority [under § 503(b)] has the burden of
proof"); see also In re Wetco Rest. Group, LLC, No. 07-
51169, 2008 WL 1848779, *4 (Bankr. W.D. La. Apr. 23,

2008) (the claimant has the "burden to establish that the value of the 20-Day Goods qualifies for administrative expense treatment under section 503(b)(9)").

6.   In evaluating administrative expense requests, courts should remain mindful that "[t]he presumption in bankruptcy cases is that the debtor's limited resources will be equally distributed among the creditors." Ford Motor Credit Co. v. Dobbins, 35 F.3d at 865 (quoting In re James B. Downing & Co., 94 B.R. 515, 519 (Bankr. N.D. Ill. 1988)); see also City of White Plains v. A&S Galleria Real Estate, Inc. (In re Federated Dep't Stores, Inc.), 270 F.3d 994, 1000 (6th Cir. 2001).  Thus, this Court should interpret section 503(b)(9) narrowly and in accordance with its plain meaning.  See Hartford Underwriters Ins. Co. v. Union Planters Bank, 530 U.S. 1, 6 (2000) ("Congress says in a statute what it means and means in a statute what it says there."(internal quotations omitted)); In re NVR, LP, 189 F.3d 442, 457 (4th Cir. 1999) (holding that the Bankruptcy Code must be interpreted in accordance with its plain meaning using the ordinary understanding of

words); In re Amireh, No. 05-12358-RGM, 2008 WL 52706,

*4 (Bankr. E.D. Va. Jan. 2, 2008) ("The court will not

expand the reach of the statute beyond the language

chosen by Congress.").

      7.  Here, Graphic contends that the Claim is

entitled to administrative expense priority under

Bankruptcy Code section 503(b)(9), which provides:

> (b) After notice and a hearing, there
> shall be allowed administrative expenses,
> . . . including . . .
>
> > (9) the value of any goods received
> > by the debtor within 20 days before
> > the date of commencement of a case
> > under this title in which the goods
> > have been sold to the debtor in the
> > ordinary course of such debtor's
> > business.

11 U.S.C. § 503(b)(9) (emphasis added).  Therefore, in

order to meet its burden of proof with respect to the

Claim, Graphic must establish, among other things, that

the Invoices upon which the Claim is based are for

"goods" that were "received" by the Debtors during the

20 day period prior to the Petition Date.

      8.  Based on the Stipulated Facts and as

demonstrated below, Graphic has not met and cannot meet

its burden.

**II.   GRAPHIC DID NOT PROVIDE "GOODS" TO THE DEBTORS.**

9.   As discussed above, Bankruptcy Code
section 503(b)(9) provides administrative expense
priority treatment to claims for "the value of any goods
received by the debtor within 20 days before the date of
commencement of a case . . . ."  11 U.S.C. § 503(b)(9)
(emphasis added).

10.   While the Bankruptcy Code does not define
the term "goods," this Court has held that "the
definition of 'goods' in the Uniform Commercial Code
(the 'UCC') should be employed in fashioning a federal
definition for that term in § 503(b)(9)."  In re Circuit
City Stores, Inc., 416 B.R. 531, 532 (Bankr. E.D. Va.
2009).  In that regard, the UCC defines "goods" as "all
things (including specially manufactured goods) which
are movable at the time of identification to the
contract for sale other than the money in which the
price is to be paid . . . ." Id. at 535 (quoting UCC §
2-105).

11.   This Court has also held that the
"predominate purpose test" should be used when deciding
"whether a claim involves the selling of goods and is,

therefore, entitled to administrative priority under §
503(b)(9) of the Bankruptcy Code." Id. at 532. The
predominant purpose test asks whether the contract's
"predominant factor, [] thrust, [and] purpose,
reasonably stated, is the rendition of service, with
goods incidentally involved  . . . or is a transaction
of sale, with labor incidentally involved." Id. at 537
(quoting Princess Cruises, Inc. v. Gen. Elec. Co., 143
F.3d 828, 833 (4th Cir. 1998)).

    12.  For purposes of the predominant purpose
test, "[t]he Fourth Circuit has deemed the following
factors significant in determining the nature of the
contract: (1) the language of the contract, (2) the
nature of the business of the supplier, and (3) the
intrinsic worth of the materials." Princess Cruises,
Inc., 143 F.3d at 833 (citing Coakley & Williams, Inc.
v. Shatterproof Glass Corp., 706 F.2d 456, 460 (4th Cir.
1983)).

    13.  Here, the Master Services Agreement
("MSA") and the relevant Statements of Work (each an
"SOW") are agreements for which the "predominant factor,
[] thrust, [and] purpose, reasonably stated, is the

rendition of service, with goods incidentally involved."
See, e.g., Mail Concepts Inc. v. Foote and Davies Inc.,
409 S.E.2d 567 (Ga. Ct. Appl. 1991)(holding contract for
imprinting, packaging, labeling and shipping of
magazines was contract for services).  But, see, e.g.,
Erin Printing and Promotional Mktg, Inc. v. Convum, LLC,
No. M2003-01449-COA-R3-CV, 2005 WL 366895 at *3 (Tenn.
Ct. App. 2005)(concluding that a contract for printing
catalogues was contract for goods).  Indeed, each
Princess Cruises factor weighs heavily in favor of
concluding that the MSA and SOWs 1 and 2 were contracts
for the rendition of services, i.e., printing, with
goods, i.e., Cartons and Bundles, incidentally involved.

        14.  First, the language of the MSA and SOWs 1
and 2 provides strong evidence that they were for
services.  Specifically, the MSA expressly uses the term
"Services" to describe the nature of the work Circuit
City contracted with Graphic to provide.  In that
regard, "Services" is defined as "[a]ny reasonable
effort expended by the Parties or their Personnel to
perform the work described in a SOW."  Stipulated Facts
¶ 30.

15.   Moreover, SOW 1 and SOW 2 described the "Services" as including service-based work such as coordinating, reporting on, analyzing and monitoring printing and delivery of the Newspaper Inserts.  See Stipulated Facts ¶¶ 35-37.  Specifically, under SOW 1 "Graphic agreed to manage 'Circuit City's paper needs as it related to inserts/catalogs/direct mail and any other of Circuit City's paper needs that might develop.'" Stipulated Facts ¶ 34.  Further, under SOW 1, "Graphic agreed to review requirements as received from Circuit City, conduct reporting and analysis (with regard to consumption, waste, etc.), coordinate printing services with Circuit City/Quebecor World, coordinate insert logistics with Circuit City and third parties, ensure adequate supply of desired stock on hand, monitor printers, help monitor timely delivery of inserts and help with store ad distribution." Stipulated Facts ¶ 35. Similarly, under SOW 2, Graphic agreed to "provide paper, print, and logistical services in support of Circuit City's advertising circular program in Puerto Rico."  Stipulated Facts ¶ 36.

16.   Second, the nature of Graphic's business is the provision of services.  Indeed, this is exactly how Graphic markets itself. See Graphic Communications Website, http://www.graphiccommunications.com/paper/ ("One of the reasons we've become the international leader in paper service is because we work intensely to keep our suppliers as happy as our customers" (emphasis added))(last visited July 2, 2010); see also Stipulated Facts at ¶ 7 ("Graphic sold and serviced annually more than 1 million tons of paper and more than $100 million in printing, with combined sales in excess of $1 billion.").

17.   Third, the intrinsic worth of the materials supplied by Graphic under the MSA and SOWs 1 and 2 for purposes of printing the Newspaper Inserts is small in comparison to the printing charges.  Indeed, the charges for printing services total $173,527.44. See Stipulated Facts ¶¶ 43, 44, 45, 47.  In contrast, the only materials identified on the Invoices -- Cartons and Bundles -- make up a mere $1,668.30 or approximately 1% of the Claim.  See Stipulated Facts at ¶¶ 46, 48. Moreover, the single largest and most important material

-- the paper -- was separately (1) billed by Graphic,
(2) invoiced to the Debtors under SOW 3, and (3) paid by
the Debtors.  Stipulated Facts ¶¶ 37, 39.  Thus, amounts
due on account of the paper purchased were not included
in the Claim.  Stipulated Facts ¶ 39.

18.  For these reasons, it is clear that the
predominant purpose of the MSA and SOWs 1 and 2 was the
rendition of services rather than the sale of goods.

19.  Accordingly, Graphic has failed to meet
its burden, and the Claim should be reclassified to a
general unsecured non-priority claim.

**III. ASSUMING, ARGUENDO, GRAPHIC SOLD "GOODS" TO THE
     DEBTORS, SUCH GOODS WERE NOT "RECEIVED" BY THE
     DEBTORS.**

20.  Even assuming, arguendo, that Graphic
sold the Newspaper Inserts, as "goods", to the Debtors,
the Newspaper Inserts were not "received" by the Debtors
within 20 days of the Petition Date.  Rather, the
Newspaper Inserts were "received" by Eleets or Vertis
and subsequently the actual newspaper companies that
distributed the Newspaper Inserts.  Stipulated Facts ¶¶
32, 51.  Consequently, the Claim should be reclassified
to a general unsecured, non-priority claim.

21.  As this Court has previously held, "received" in Bankruptcy Code section 503(b)(9) "means having taken into 'physical possession[,]'" which is derived from the definition of "receipt" in the UCC. See In re Circuit City Stores, Inc., No. 08-35653, 2010 WL 1451338 at *4 (Bankr. E.D. Va. Apr. 8, 2010) ("the Court holds that 'received' for the purposes of § 503(b)(9) means having taken into 'physical possession.'"); U.C.C. § 2-103(1)("'Receipt of goods' means taking physical possession of goods."). Here, the Newspaper Inserts bypassed the Debtors and went directly from Graphic to Eleets or Vertis, each a common carrier, for delivery to the newspaper companies.  Stipulated Facts ¶¶ 32, 51.  Therefore, the Debtors never took actual physical possession of the Newspaper Inserts.

22.  Moreover, neither Eleets nor Vertis, as common carriers, were the Debtors' agent or bailee. See, e.g., Montello Oil Corp. v. Marin Motor Oil, Inc. (In re Marin Motor Oil, Inc.), 740 F.2d 220, 225 (3d Cir. 1984) (noting that under the UCC, "goods given by a seller to a common carrier for delivery to a buyer [are] . . . in the possession of the common carrier not the

buyer."); Trico Steel Co., L.L.C. v. Cargill Inc. (In re

Trico Steel Co., L.L.C.), 302 B.R. 489, 493 (D. Del.

2003) (same).  Consequently, the Debtors did not

constructively "receive" the Newspaper Inserts when

Eleets or Vertis took actual physical possession of the

Newspaper Inserts.  Indeed, Circuit City did not have a

contract with Vertis and was not in any way associated

with Vertis or its agents. Stipulated Facts ¶ 32.

Rather, Graphic contracted with Vertis for delivery of

Newspaper Inserts to Puerto Rico.  Stipulated Facts ¶ 32.

23.  Accordingly, Graphic has failed to meet

its burden, and the Claim should be reclassified to a

general unsecured non-priority claim.

### RESERVATION OF RIGHTS

24.  At this time, the Debtors have not

completed their review of the validity of all

claims/expenses filed against their estates, including

the Claim.  To that end, the Debtors reserve the right

to further object to the Claim and any and all claims,

whether or not the subject of this Supplemental

Objection, for allowance, voting, and/or distribution

purposes, and on any other grounds.  Furthermore, the

14

Debtors reserve the right to modify, supplement and/or
amend this Supplemental Objection as it pertains to any
claim of Graphic.

## NOTICE

25.   Notice of this Supplemental Objection has
been provided to Graphic and to parties-in-interest in
accordance with the Court's Supplemental Order Pursuant
to Bankruptcy Code Sections 102 and 105, Bankruptcy
Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1
and 9013-1 Establishing Certain Notice, Case Management
and Administrative Procedures (Docket No. 6208) (the
"Case Management Order").   The Debtors submit that,
under the circumstances, no other or further notice need
be given.

## WAIVER OF MEMORANDUM OF LAW

26.   Pursuant to Local Bankruptcy Rule 9013-
1(G), and because there are no novel issues of law
presented in the Supplemental Objection, the Debtors
request that the requirement that all motions be
accompanied by a written memorandum of law be waived.

**NO PRIOR RELIEF**

27.   No previous request for the relief sought
herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors request the Court to enter an Order sustaining this Supplemental Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia    SKADDEN, ARPS, SLATE, MEAGHER &
       July 2, 2010           FLOM, LLP
                             Gregg M. Galardi, Esq.
                             Ian S. Fredericks, Esq.
                             P.O. Box 636
                             Wilmington, Delaware 19899-0636
                             (302) 651-3000

                                      - and -

                             SKADDEN, ARPS, SLATE, MEAGHER &
                               FLOM, LLP
                             Chris L. Dickerson, Esq.
                             155 North Wacker Drive
                             Chicago, Illinois 60606
                             (312) 407-0700

                                      - and -

                             MCGUIREWOODS LLP

                             /s/ Douglas M. Foley
                             Douglas M. Foley (VSB No. 34364)
                             Sarah B. Boehm (VSB No. 45201)
                             One James Center
                             901 E. Cary Street
                             Richmond, Virginia 23219
                             (804) 775-1000

                             Counsel for Debtors and Debtors
                             in Possession

Gregg M. Galardi, Esq.              Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.            Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &    MCGUIREWOODS LLP
FLOM, LLP                          One James Center
One Rodney Square                  901 E. Cary Street
PO Box 636                         Richmond, Virginia 23219
Wilmington, Delaware 19899-0636    (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

               IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                         :    Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :    Case No. 08-35653 (KRH)
et al.,                        :
                               :
            Debtors.           :    Jointly Administered
- - - - - - - - - - - - - - X

### ORDER SUSTAINING DEBTORS' SUPPLEMENTAL OBJECTION TO CLAIM 1053 OF GRAPHIC COMMUNICATIONS

THIS MATTER having come before the Court on the

Debtors' Supplemental Objection To Claim 1053 Of Graphic

Communications (the "Supplemental Objection"); and it

appearing that due and proper notice and service of the

Supplemental Objection as set forth therein was good and

1

sufficient and that no other further notice or service
of the Supplemental Objection need be given; and the
Court having reviewed the Supplemental Objection, Claim
No. 1053, a response, if any, and all related documents;
and it appearing that the relief requested in the
Supplemental Objection is in the best interest of the
Debtors, their estates and creditors and other parties-
in-interest; and after due deliberation thereon; and the
Court finding that good and sufficient cause exists for
the granting of the relief as set forth herein,

    **IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:**

1.      The Supplemental Objection is SUSTAINED.

2.      Claim No. 1053 filed by Graphic
Communications is reclassified in its entirety to a
general unsecured non-priority claim for all purposes in
these bankruptcy cases.

3.      The Debtors' right to object to any
claim, including (without limitation) Claim No. 1053, on
any ground that governing law permits is not waived and
is expressly reserved.

4.          The Debtors shall serve a copy of this

Order on Graphic Communications on or before seven (7)

days from the entry of this Order.

5.          This Court shall retain jurisdiction to

hear and determine all matters arising from or related

to implementation or interpretation of this Order.

Dated: Richmond, Virginia
         _____ _____, 2010

_____

HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -


/s/ Douglas M. Foley _____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley_____
Douglas M. Foley