Gregg M. Galardi, Esq.           Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.          Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                         One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debt-
ors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION


- - - - - - - - - - - - - - x
In re:                       : Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   : Case No. 08-35653
et al.,                      :
                             : Jointly Administered
            Debtors.         :
- - - - - - - - - - - - - - x

            **DEBTORS' MOTION FOR AN ORDER UNDER
       11 U.S.C. § 105(a) AND FED. R. BANKR. P. 9006(b)
      FURTHER EXTENDING THE TIME PERIOD WITHIN WHICH THE
             DEBTORS MAY REMOVE ACTIONS PURSUANT TO
          28 U.S.C. § 1452 AND FED. R. BANKR. P. 9027**


            The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby move (the "Motion") for entry of
an order, pursuant to section 105(a) of title 11 of the
United States Code (the "Bankruptcy Code") and Rule
9006(b) of the Federal Rules of Bankruptcy Procedure
(the "Bankruptcy Rules") further extending the time pe-
riod within which the Debtors may remove pending pro-
ceedings pursuant to 28 U.S.C. § 1452 and Bankruptcy
Rule 9027.   In support of the Motion, the Debtors re-
spectfully represent as follows:

### JURISDICTION AND VENUE

1.    The Court has jurisdiction to consider
the Motion under 28 U.S.C. §§ 157 and 1334.   This is a
core proceeding under 28 U.S.C. § 157(b).   Venue of

---

[1]    The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Dis-
tribution Company of Virginia, Inc. (2821), Circuit City Proper-
ties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertis-
ing Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Ven-
ture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland
MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC
(3360), and Circuit City Stores PR, LLC (5512).   The address for
Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard,
Westminster, Colorado 80031.   For all other Debtors, the address
was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is
4951 Lake Brook Drive, Glen Allen, VA 23060.

these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.    The predicates for the relief requested here are Bankruptcy Code section 105(a) and Bankruptcy Rules 9006 and 9027.

## BACKGROUND

3.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

5.    On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced go-

ing out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded.

6.    On September 29, 2009, the Debtors and the Creditors' Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Joint Plan").  The associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, and confirmation on the Plan is currently scheduled for a date and time to be determined.

7.    On June 1, 2010, the Creditors' Committee filed the Notice of Filing of (1) Plan Of Liquidation Proposed By The Official Committee Of Creditors Of Circuit City Stores, Inc. And Its Affiliated Debtors And Debtors In Possession; (2) Circuit City, Inc. Liquidating Trust Agreement; And (3) Proposed Bylaws Of The Oversight Committee (the "Committee Plan").

8.    On June 2, 2010, the Debtors' filed the Debtors' Motion for Order Directing Mediation with Respect to First Amended Joint Plan of Liquidation of Cir-

4

cuit City Stores, Inc. and its Affiliated Debtors and

Debtors in Possession and its Official Committee of

Creditors Holding General Unsecured Claims (the "Media-

tion Motion").  A hearing on the Mediation Motion was

held on June 24, 2010.  At the conclusion of the hearing,

the Court ordered mediation, which has been scheduled

for July 14, 2010.

## RELIEF REQUESTED

9.    By this Motion, the Debtors request the

entry of an order pursuant to Bankruptcy Code section

105(a) and Bankruptcy Rule 9006(b) further extending the

Removal Period (as defined below) with respect to any

actions pending on the Petition Date through the later

of (a) October 4, 2010 or (b) 30 days after entry of an

order terminating the automatic stay with respect to any

particular action sought to be removed.

## BASIS FOR RELIEF

10.    Pursuant to Bankruptcy Rule 9027(a)(2),

the period during which the Debtors may remove actions,

if any, pursuant to 28 U.S.C. § 1452 (the "Removal Pe-

riod") expires on the later of August 3, 2010 or (b) 30

days after entry of an order terminating the automatic

stay with respect to any particular action sought to be
removed.

    11.   Currently, the Debtors are parties to nu-
merous judicial and administrative proceedings currently
pending in various courts and administrative agencies
(collectively, the "Actions").   The Actions involve a
variety of claims, some of which are complex.   Specifi-
cally, the Actions include, among others, discrimination,
workers' compensation, and product liability claims.
Because of the number of Actions involved and the vari-
ety of claims, the Debtors require additional time to
determine which, if any, of the Actions should be re-
moved and, if appropriate, transferred to this district.

    12.   In addition, since the Debtors announced
their liquidation on January 16, 2009, the Debtors have
been focused on, among other matters, executing on a
wind-down plan with the dual goal of winding down as ex-
peditiously as possible and maximizing value for the
benefit of their estates.   These efforts, included
(without limitation) closing and vacating approximately
600 retail stores, distribution, service and call cen-
ters, and corporate headquarters, marketing and selling

or otherwise realizing value from their various assets, reviewing, reconciling and objecting to administrative, priority, and unsecured claims, investigating causes of action against third parties, documenting and seeking collection of obligations owed to the Debtors' estates under existing agreements, and otherwise winding down their remaining affairs.  Most recently, the Debtors have engaged in substantial negotiations with the Committee concerning the Joint Plan.

13.  In light of the foregoing, the Debtors submit that the requested extension of time is in the best interests of their estates and creditors.

## APPLICABLE AUTHORITY

14.  28 U.S.C. § 1452 governs the removal of pending civil actions.  Section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).  The current deadline for the Debtors to remove an action is August 3, 2010.

15.   It is well settled that this Court is authorized to expand the removal period as requested herein. See <u>Caperton v. A.T. Massey Coal Co., Inc.</u>, 251 B.R. 322, 325 (S.D.W.V. 2000) ("Rule 9006 provides authority to enlarge the thirty-day time period for removing actions"); <u>Wesco Prods. Co. v. Ramirez (In re Wesco Prods. Co.)</u>, 19 B.R. 908, 910 (Bankr. N.D. Ill. 1982) (the 30 day time limit for removal "is subject to enlargement in the court's discretion"); <u>In re World Fin. Servs. Ctr., Inc.</u>, 81 B.R. 33, 39 (Bankr. S.D. Ca. 1987) ("the Supreme Court intended to give bankruptcy judges the powers to enlarge the filing period of Bankr. R. 9027(a)(2) beyond the thirty day period, pursuant to Bankr. R. 9006(b)(1)"); <u>Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Electric Construction Corp.)</u>, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (implying that timely filing a motion for enlargement of time period for removal is often granted); <u>Stamm v. Rapco Foam, Inc.</u>, 21 B.R. 715, 718 (Bankr. W.D. Pa. 1982) (court may enlarge the time limit for the filing of an application for removal in appropriate circumstances).

16.   As discussed above, the Debtors submit that an additional extension of the Removal Period is in the best interests of the Debtors and their estates. Indeed, the extension will afford the Debtors additional time to attempt to make fully informed decisions concerning whether the Actions may and should be removed, thereby protecting the Debtors' valuable right to adjudicate lawsuits pursuant to 28 U.S.C. § 1452.  The Debtors' adversaries will not, however, be prejudiced by such an extension because such adversaries may not prosecute the Actions absent relief from the automatic stay.  Furthermore, nothing herein will prejudice any party to a proceeding that the Debtors seek to remove from pursuing remand pursuant to 28 U.S.C. § 1452(b).

17.   Accordingly, the proposed extension requested herein is in the best interests of the Debtors' estates and will not adversely affect the rights of other parties to the Actions.

## NOTICE

18.   Notice of this Motion has been provided to those parties who have requested notice pursuant to Bankruptcy Rule 2002, the Core Group (as defined in the

Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 6208; the "Case Management Order"), and the Debtors' adversaries in the Actions.  The Debtors submit that, under the circumstances, no other or further notice need be given.

### WAIVER OF MEMORANDUM OF LAW

19.   Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form annexed hereto, granting the relief requested herein and such other relief as is just and proper.

Dated: July 6, 2010  
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
P.O. Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
Chris L. Dickerson, Esq.  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700

– and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley           .  
Douglas M. Foley (VSB No. 34364)  
Sarah B. Boehm (VSB No. 45201)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000

Counsel for Debtors and Debtors in Possession