**RICHMOND DIVISION**

F           F
I           I
L   JUL − 8 2010   L
E           E
D      CLERK     D
US BANKRUPTCY COURT

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Circuit City Stores, Inc., <u>et al.</u>, | : | Case No. 08-35653 (KRH) |
| | : | |
| | : | (Jointly Administered) |
| Debtors | : | |
| | : | |

### RESPONSE TO DEBTOR'S OMNIBUS OBJECTION TO CLAIMS

### AS TO CLAIMANT, WILLIAM FOSTER

The undersigned, on behalf of the claimant, William Foster, hereby submits the following information in response to the Debtor's Objection:

### The claimant's name and an explanation for the amount of the Claim:

The claimant's name is William Foster. On June 19, 2006, Mr. Foster was a business invitee of the Circuit City Store located at 19 Universal Drive, North Haven, Connecticut. As Mr. Foster was exiting the store, the automatic door failed to fully open, causing Mr. Foster to strike his head on the door and sustain injuries. As a result of the incident, Mr. Foster suffered a laceration to his head above his right eyebrow, requiring stitches and a tetanus shot. He was caused to incur medical expenses in the amount of $795.97. Further, at the time of this occurrence, Mr. Foster was a professional light weight boxer and was unable to compete due to his injury, resulting in a loss of $3,000.00 in income. He incurred total economic damages in the amount of $3,795.97 as a result of this incident.

**A concise statement executed by a person with personal knowledge of the relevant facts that support the Response**

At the time of the occurrence, William Foster was a business invitee of the Circuit City Store, located at 19 Universal Drive, North Haven. As Mr. Foster was exiting the store, the automatic door failed to fully open, causing Mr. Foster to strike his head and sustain injuries as set forth above. William Foster of 87 Martin Street, West Haven, CT 06516, telephone number 203-937-9074, has personal knowledge of the relevant facts that support this response.

On May 6, 2008, Mr. Foster, through counsel, filed a Complaint in the Superior Court of Connecticut, Judicial District of New Haven at Meriden bearing Docket Number NNI CV 08 5002945 S alleging several allegations of negligence against Circuit City Stores, Inc., including that it permitted the door to remain in a hazardous and dangerous condition in that it did not open and close property, that it failed to inspect the door, that it failed to warn of the dangerous condition of the door, and that it created the dangerous condition of the door.

A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public." (Internal quotation marks omitted.) Sevigny v. Dibble Hollow Condominium Assn., Inc., 76 Conn.App. 306, 320, 819 A.2d 844 (2003). "A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe.... In addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to discover.... An occupier of land is chargeable with constructive notice of defects when dealing with invitees.... The

- 2 -

determinative question is whether the defective condition existed for such a length of time that

the defendant, in the exercise of reasonable care, should have discovered it and remedied it....

Thus, to establish liability for an injury caused by a [defect on the landowner's premises], a

plaintiff must establish that the landowner had either actual or constructive notice of the . . .

defective condition." (Citations omitted; internal quotation marks omitted.) *McDermott v.*

*Calvary Baptist Church ,* 68 Conn.App. 284, 294-95, 791 A.2d 602 (2002), aff'd, 263 Conn. 378,

819 A.2d 795 (2003).

     In its Answer to the plaintiff's complaint dated July 24, 2008, Circuit City Stores

admitted that it was the owner of the store, that it operated the business known as Circuit City,

that it invited the public to enter the premises and that the premises are "generally under Circuit

City Stores, Inc.'s possession and control".   Further, in Circuit City Stores Inc's responses to

interrogatories and requests for production, they indicate that they are responsible for the

maintenance and inspection of the store.

     The Debtor states in its Objection that they are disputing any liability for Mr. Foster's

claim, yet by their own admissions in the pending lawsuit, it was Circuit City Stores, Inc.

responsibility to maintain and inspect the premises.  Accordingly, they are liable to Mr. Foster for

his injuries and their Objection should therefore be overruled.

**A copy of or identification of any other documentation or other evidence of the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing**

The following documents are attached hereto:

(1)     Copy of the Amended Complaint dated May 6, 2008 filed on behalf of William Foster in Connecticut Superior Court, Judicial District of New Haven at Meriden bearing docket number NNI CV 08 5002945 S.

(2)     Copy of the Defendant's Answer to the Amended Complaint dated July 24, 2008.

(3)     Copy of the Interrogatory Responses Answered by Circuit City on April 10, 2008.

(4)     Copy of the Inspection Form for Power Operated Sliding Doors dated 6/8/06 signed by the store manager of the Circuit City located at 19 Universal Drive, North Haven, CT.

(5)     Copy of the Service Order for the entrance door dated 1/30/06.

(6)     Copy of the Service Order for the entrance door dated 3/20/06.

(7)     Receipt from Circuit City dated 6/19/06.

**A declaration of a person with personal knowledge of the relevant facts that support the Response**

Please see attached Affidavit executed by William Foster.

**The claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative**

The claimant in this matter is William Foster, who resides at 87 Martin Street, West Haven, CT 06516.  His telephone number is 203-937-9074.

- 4 -

The claimant is represented by Attorney Christi M. Carrano of Carrano & Carrano.  The office is located at 270 Quinnipiac Avenue, North Haven, CT 06473.  Her phone number is 203-787-4844 and the fax number is 203-787-4213.

**NOTICE ADDRESS:  Name, address, telephone number and facsimile number of the party with authority to reconcile**

Attorney Christi M. Carrano, Carrano & Carrano, L.L.C., 270 Quinnipiac Avenue, North Haven, CT 06473; phone 203-787-4844; facsimile 203-787-4213.

WHEREFORE, the claimant, William Foster, respectfully requests that this Court overrule the Debtor's Objection as it pertains to the claim made by William Foster.

THE PLAINTIFF

Christi M. Carrano
Carrano & Carrano, L.L.C.
270 Quinnipiac Avenue
North Haven, CT 06473
203-787-4844 (phone)
203-787-4213 (fax)
Federal Bar CT 25707

## CERTIFICATION

I hereby certify that on June 30, 2010, a copy of foregoing Response to Debtor's Omnibus Objection to William Foster's claim was sent by mail to the Court and to all parties of record as follows:

Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
ATTN: Gregg M. Galardi
ATTN: Ian S. Fredericks

Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606
ATTN: Chris L. Dickerson

McGuirewoods, LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
ATTN: Douglas M. Foley
ATTN: Sarah B. Boehm

THE PLAINTIFF

Christi M. Carrano
Carrano & Carrano, L.L.C.
270 Quinnipiac Avenue
North Haven, CT 06473
203-787-4844 (phone)
203-787-4213 (fax)
Federal Bar CT 25707

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Circuit City Stores, Inc., <u>et al.</u>, | : | Case No. 08-35653 (KRH) |
| | : | |
| | : | (Jointly Administered) |
| Debtors | : | |
| | : | |

## <u>AFFIDAVIT OF WILLIAM FOSTER</u>

The undersigned, being duly sworn, hereby deposes and says:

1.    My name is William Foster and I live at 87 Martin Street, West Haven, Connecticut.

2.    I am over the age of eighteen (18) years and believe in the obligation of an oath.

3.    On June 19, 2006, I was a patron at the Circuit City Store located at 19 Universal Drive, North Haven, CT 06473.

4.    As I was exiting the store, the automatic door failed to fully open and I struck my head on the door.

5.    As a result of this incident, I sustained a laceration to my head above my right eyebrow, requiring stitches and a tetanus shot.

6.    As a result of my injuries, I was caused to incur $795.97 in medical expenses.

7.    At the time of this incident, I was a professional light weight boxer and was
unable to compete due to my injury, resulting in a loss of $3,000.00.


_____
William Foster

Subscribed and sworn to, before me, this ___6th___ day of ___July___,
2010.

_____
Notary Public
My Commission Expires:
Commissioner of the Superior Court


JENNIFER KOERLIN
*NOTARY PUBLIC*
MY COMMISSION EXPIRES 11/30/2012

DOCKET NO:  NNI CV 08 5002945 S        :        SUPERIOR COURT

WILLIAM FOSTER                         :        JUDICIAL DISTRICT OF NEW HAVEN

VS.                                    :        AT MERIDEN

CIRCUIT CITY PURCHASING                :        MAY 6, 2008
COMPANY, LLC, ET AL.

## COMPLAINT

### FIRST COUNT (As to the Defendant, Circuit City Purchasing Company, LLC)

    1.    On or about June 19, 2006, and for some time prior thereto, there existed on 19

Universal Drive, North Haven, Connecticut, a store known as Circuit City.

    2.    At all relevant times, the defendant, Circuit City Purchasing Company, LLC, was

the owner of the store commonly known as Circuit City.

    3.    At all relevant times, the defendant, Circuit City Purchasing Company, LLC,

operated the business Circuit City.

    4.    At said time, the defendant, Circuit City Purchasing Company, LLC, was a

limited liability company doing business in the State of Connecticut.

    5.    At all times mentioned herein, the defendant, Circuit City Purchasing Company,

LLC, d/b/a Circuit City, was a business that invited the public to enter thereon.

    6.    At all times mentioned herein, the premises were under the defendant, Circuit

City Purchasing Company, LLC's, exclusive possession and control.

7.    On or about June 19, 2006, at approximately 1:39 p.m., the plaintiff, William Foster, was a business invitee of Circuit City Purchasing Company, LLC, d/b/a Circuit City.

8.    On said date and time, as the plaintiff was exiting the store, the automatic door failed to fully open and the plaintiff, William Foster, was caused to strike his head on said door, causing him injuries.

9.    Said occurrence was due to the negligence and/or carelessness of the defendant, Circuit City Purchasing Company, LLC, d/b/a Circuit City, in any one or more of the following ways:

a)    IN THAT the defendant, Circuit City Purchasing Company, LLC, d/b/a Circuit City, caused, allowed and/or permitted said door to be and remain in a hazardous and dangerous condition in that it did not open and close properly;

b)    IN THAT the defendant, Circuit City Purchasing Company, LLC, d/b/a Circuit City, failed to inspect said door with sufficient frequency to discover and/or rectify said hazardous and dangerous condition;

c)    IN THAT the defendant, Circuit City Purchasing Company, LLC, d/b/a Circuit City, knew, or in the exercise of reasonable care and inspection, should have known of said hazardous and dangerous condition, but failed to take necessary measures to remedy said condition;

d)    IN THAT the defendant, Circuit City Purchasing Company, LLC, d/b/a Circuit City, knew of said hazardous and dangerous condition, and despite their knowledge, failed to take necessary measures to remedy said condition;

e)    IN THAT the defendant, Circuit City Purchasing Company, LLC, d/b/a Circuit City, failed to warn the plaintiff of the dangerous condition, then and there existing, by placing warning signs and or other devices on or near the door;

    f)       IN THAT the defendant, Circuit City Purchasing Company, LLC, d/b/a Circuit City, created the dangerous and defective condition.

    10.     As a result of the negligence of the defendant and of said occurrence, the plaintiff sustained the following injuries, some of which may be permanent:

    a)       Laceration to his head above his left eyebrow;

    b)       He was forced to get stitches;

    c)       He was forced to get a tetanus shot.

    11.     As a further result of said injuries, the plaintiff's ability to participate in his normal activities and engagements was impaired and he has been unable to fully enjoy life's daily, social, and recreational activities.

    12. As a further result, the plaintiff, William Foster, was obliged to incur medical expenses for medical care and attention and emergency room treatment. and he may or will in the future, be obliged to incur additional expenses of a similar nature.

    13. As a further result, the plaintiff, William Foster. was caused to miss time from work. resulting in claim for lost wages.

**SECOND COUNT (As to the Defendant, Automatic Door Systems, Inc.)**

    1.     On or about June 19, 2006, and for some time prior thereto, there existed on 19 Universal Drive, North Haven, Connecticut, a store known as Circuit City.

2.      At all relevant times, the defendant, Circuit City Purchasing Company, LLC, was
the owner of the store commonly known as Circuit City.

3.      At all times herein mentioned, the defendant, Automatic Door Systems, Inc., is a
corporation organized under the laws of the State of Connecticut.

4.      At all times herein mentioned, the defendant, Automatic Door Systems, Inc., is a
corporation licensed to transact business in the State of Connecticut.

5.      On or about June 19, 2006, the defendant, Automatic Door Systems, Inc., was
responsible for the service, maintenance and/or repair of the automatic entrance and exit doors at
the Circuit City store located at 19 Universal Drive, North Haven, Connecticut.

6.      On or about June 19, 2006, the defendant, Automatic Door Systems, Inc., was in
control of the automatic entrance and exit doors at the Circuit City store located at 19 Universal
Drive, North Haven, Connecticut.

7.      On or about June 19, 2006, at approximately 1:39 p.m., the plaintiff, William
Foster, was a business invitee of Circuit City Purchasing Company, LLC, d/b/a Circuit City.

8.      On said date and time, as the plaintiff was exiting the store, the automatic door
failed to fully open and the plaintiff, William Foster, was caused to strike his head on said door,
causing him injuries.

9.      Said occurrence was due to the negligence and/or carelessness of the defendant,

Automatic Door Systems, Inc., in any one or more of the following ways:

a)      IN THAT the defendant, Automatic Door Systems, Inc., caused, allowed and/or
permitted said door to be and remain in a hazardous and dangerous condition in
that it did not open and close properly;

b)      IN THAT the defendant, Automatic Door Systems, Inc., failed to inspect said
door with sufficient frequency to discover and/or rectify said hazardous and
dangerous condition;

c)      IN THAT the defendant, Automatic Door Systems, Inc., knew, or in the exercise
of reasonable care and inspection, should have known of said hazardous and
dangerous condition, but failed to take necessary measures to remedy said
condition;

d)      IN THAT the defendant, Automatic Door Systems, Inc., knew of said hazardous
and dangerous condition, and despite their knowledge, failed to take necessary
measures to remedy said condition;

e)      IN THAT the defendant, Automatic Door Systems, Inc., failed to warn the
plaintiff of the dangerous condition, then and there existing, by placing warning
signs and or other devices on or near the door;

f)      IN THAT the defendant, Automatic Door Systems, Inc., created the dangerous
and defective condition.

10.     As a result of the negligence of the defendant and of said occurrence, the plaintiff

sustained the following injuries, some of which may be permanent:

a)      Laceration to his head above his left eyebrow;

b)      He was forced to get stitches;

c)      He was forced to get a tetanus shot.

11.      As a further result of said injuries, the plaintiff's ability to participate in his

normal activities and engagements was impaired and he has been unable to fully enjoy life's

daily, social, and recreational activities.

12. As a further result, the plaintiff, William Foster, was obliged to incur medical

expenses for medical care and attention and emergency room treatment, and he may or will

in the future, be obliged to incur additional expenses of a similar nature.

13. As a further result, the plaintiff, William Foster, was caused to miss time from work,

resulting in claim for lost wages.

## THIRD COUNT (As to the Defendant, Airlock Door Controls)

1.      On or about June 19, 2006, and for some time prior thereto, there existed on 19

Universal Drive, North Haven, Connecticut, a store known as Circuit City.

2.      At all relevant times, the defendant, Circuit City Purchasing Company, LLC, was

the owner of the store commonly known as Circuit City.

3.      At all times herein mentioned, the defendant, Airlock Door Controls, is a

corporation licensed to transact business in the State of Connecticut.

4.     On or about June 19, 2006, the defendant, Airlock Door Controls, was responsible
for the service, maintenance and/or repair of the automatic entrance and exit doors at the Circuit
City store located at 19 Universal Drive, North Haven, Connecticut.

5.     On or about June 19, 2006, the defendant, Airlock Door Controls, was in control
of the automatic entrance and exit doors at the Circuit City store located at 19 Universal Drive,
North Haven, Connecticut.

6.     On or about June 19, 2006, at approximately 1:39 p.m., the plaintiff, William
Foster, was a business invitee of Circuit City Purchasing Company, LLC, d/b/a Circuit City.

7.     On said date and time, as the plaintiff was exiting the store, the automatic door
failed to fully open and the plaintiff, William Foster, was caused to strike his head on said door,
causing him injuries.

8.     Said occurrence was due to the negligence and/or carelessness of the defendant,
Airlock Door Controls, in any one or more of the following ways:

a)     IN THAT the defendant, Airlock Door Controls, , caused, allowed and/or
       permitted said door to be and remain in a hazardous and dangerous condition in
       that it did not open and close properly;

b)     IN THAT the defendant, Airlock Door Controls, failed to inspect said
       door with sufficient frequency to discover and/or rectify said hazardous and
       dangerous condition;

  c)  IN THAT the defendant, Airlock Door Controls, knew, or in the exercise
of reasonable care and inspection, should have known of said hazardous and
dangerous condition, but failed to take necessary measures to remedy said
condition;

  d)  IN THAT the defendant, Airlock Door Controls, knew of said hazardous
and dangerous condition, and despite their knowledge, failed to take necessary
measures to remedy said condition;

  e)  IN THAT the defendant, Airlock Door Controls, failed to warn the
plaintiff of the dangerous condition, then and there existing, by placing warning
signs and or other devices on or near the door;

  f)  IN THAT the defendant, Airlock Door Controls, created the dangerous
and defective condition.

  10.  As a result of the negligence of the defendant and of said occurrence, the plaintiff

sustained the following injuries, some of which may be permanent:

  a)  Laceration to his head above his left eyebrow;

  b)  He was forced to get stitches;

  c)  He was forced to get a tetanus shot.

  11.  As a further result of said injuries, the plaintiff's ability to participate in his

normal activities and engagements was impaired and he has been unable to fully enjoy life's

daily, social, and recreational activities.

12. As a further result, the plaintiff, William Foster, was obliged to incur medical expenses for medical care and attention and emergency room treatment, and he may or will in the future, be obliged to incur additional expenses of a similar nature.

13. As a further result, the plaintiff, William Foster, was caused to miss time from work, resulting in claim for lost wages.

## FOURTH COUNT (As to the Defendant, Circuit City Stores, Inc.)

1. On or about June 19, 2006, and for some time prior thereto, there existed on 19 Universal Drive, North Haven, Connecticut, a store known as Circuit City.

2. At all relevant times, the defendant, Circuit City Stores, Inc., was the owner of the store commonly known as Circuit City.

3. At all relevant times, the defendant, Circuit City Stores, Inc., operated the business Circuit City.

4. At said time, the defendant, Circuit City Stores, Inc., was a corporation organized and existing under the laws of the State of Connecticut, with a principle place of business located at 444 Connecticut Avenue, Norwalk, Connecticut.

5. At said time, the defendant, Circuit City Stores, Inc., was a corporation doing business in the State of Connecticut.

6.     At all times mentioned herein, the defendant, Circuit City Stores, Inc., was a

business that invited the public to enter thereon.

7.     At all times mentioned herein, the premises were under the defendant, Circuit

City Stores, Inc.'s, exclusive possession and control.

8.     On or about June 19, 2006, at approximately 1:39 p.m., the plaintiff, William

Foster, was a business invitee of Circuit City Stores, Inc., d/b/a Circuit City.

9.     On said date and time, as the plaintiff was exiting the store, the automatic door

failed to fully open and the plaintiff, William Foster, was caused to strike his head on said door,

causing him injuries.

10.    Said occurrence was due to the negligence and/or carelessness of the defendant,

Circuit City Stores, Inc., d/b/a Circuit City, in any one or more of the following ways:

a)     IN THAT the defendant, Circuit City Stores, Inc., d/b/a Circuit City, caused,
       allowed and/or permitted said door to be and remain in a hazardous and
       dangerous condition in that it did not open and close properly;

b)     IN THAT the defendant, Circuit City Stores, Inc., d/b/a Circuit City, failed to
       inspect said door with sufficient frequency to discover and/or rectify said
       hazardous and dangerous condition;

c)     IN THAT the defendant, Circuit City Stores, Inc., d/b/a Circuit City, knew, or in
       the exercise of reasonable care and inspection, should have known of said
       hazardous and dangerous condition, but failed to take necessary measures to
       remedy said condition;

d)    IN THAT the defendant, Circuit City Stores, Inc., d/b/a Circuit City, knew of said hazardous and dangerous condition, and despite their knowledge, failed to take necessary measures to remedy said condition;

e)    IN THAT the defendant, Circuit City Stores, Inc., d/b/a Circuit City, failed to warn the plaintiff of the dangerous condition, then and there existing, by placing warning signs and or other devices on or near the door;

f)    IN THAT the defendant, Circuit City Stores, Inc., d/b/a Circuit City, created the dangerous and defective condition.

11.    As a result of the negligence of the defendant and of said occurrence, the plaintiff sustained the following injuries, some of which may be permanent:

a)    Laceration to his head above his left eyebrow;

b)    He was forced to get stitches;

c)    He was forced to get a tetanus shot.

12.    As a further result of said injuries, the plaintiff's ability to participate in his normal activities and engagements was impaired and he has been unable to fully enjoy life's daily, social, and recreational activities.

13.    As a further result, the plaintiff, William Foster, was obliged to incur medical expenses for medical care and attention and emergency room treatment, and he may or will in the future, be obliged to incur additional expenses of a similar nature.

14.    As a further result, the plaintiff, William Foster, was caused to miss time from work, resulting in claim for lost wages.

### FIFTH COUNT (As to the Defendant, Door Controls, Inc.)

1.      On or about June 19, 2006, and for some time prior thereto, there existed on 19 Universal Drive, North Haven, Connecticut, a store known as Circuit City.

2.      At all relevant times, the defendant, Circuit City Purchasing Company, LLC, was the owner of the store commonly known as Circuit City.

3.      At all times herein mentioned, the defendant, Door Controls, Inc., is a corporation licensed to transact business in the State of Connecticut.

4.      On or about June 19, 2006, the defendant, Door Controls, Inc., was responsible for the service, maintenance and/or repair of the automatic entrance and exit doors at the Circuit City store located at 19 Universal Drive, North Haven, Connecticut.

5.      On or about June 19, 2006, the defendant, Door Controls, Inc., was in control of the automatic entrance and exit doors at the Circuit City store located at 19 Universal Drive, North Haven, Connecticut.

6.      On or about June 19, 2006, at approximately 1:30 p.m., the plaintiff, William Foster, was a business invitee of Circuit City Purchasing Company, LLC, d/b/a Circuit City.

7.      On said date and time, as the plaintiff was exiting the store, the automatic door failed to fully open and the plaintiff, William Foster, was caused to strike his head on said door, causing him injuries.

8.    Said occurrence was due to the negligence and/or carelessness of the defendant,

Door Controls, Inc., in any one or more of the following ways:

a)    IN THAT the defendant, Door Controls, Inc., caused, allowed and/or permitted said door to be and remain in a hazardous and dangerous condition in that it did not open and close properly;

b)    IN THAT the defendant, Door Controls, Inc., failed to inspect said door with sufficient frequency to discover and/or rectify said hazardous and dangerous condition;

c)    IN THAT the defendant, Door Controls, Inc., knew, or in the exercise of reasonable care and inspection, should have known of said hazardous and dangerous condition, but failed to take necessary measures to remedy said condition;

d)    IN THAT the defendant, Door Controls, Inc., knew of said hazardous and dangerous condition, and despite their knowledge, failed to take necessary measures to remedy said condition;

e)    IN THAT the defendant, Door Controls, Inc., failed to warn the plaintiff of the dangerous condition, then and there existing, by placing warning signs and or other devices on or near the door;

f)    IN THAT the defendant, Door Controls, Inc., created the dangerous and defective condition.

9.    As a result of the negligence of the defendant and of said occurrence, the plaintiff

sustained the following injuries, some of which may be permanent:

a)    Laceration to his head above his left eyebrow;

b)    He was forced to get stitches;

c)      He was forced to get a tetanus shot.

10.     As a further result of said injuries, the plaintiff's ability to participate in his

normal activities and engagements was impaired and he has been unable to fully enjoy life's

daily, social, and recreational activities.

11. As a further result, the plaintiff, William Foster, was obliged to incur medical

expenses for medical care and attention and emergency room treatment, and he may or will

in the future, be obliged to incur additional expenses of a similar nature.

12. As a further result, the plaintiff, William Foster, was caused to miss time from work,

resulting in claim for lost wages.

WHEREFORE, the Plaintiff, William Foster, claims damages within the jurisdiction of

the Superior Court.

Hereof fail not, but of this writ, with your doings thereon, make due service and return

according to law.

Dated at North Haven, Connecticut this 6th day of May, 2008.

THE PLAINTIFF


BY: _____

CHRISTI M. CARRANO
Carrano & Carrano, L.L.C.
270 Quinnipiac Avenue
North Haven, CT  06473
(203) 787-4844
Juris No. 422431

DOCKET NO:  NNI CV 08 5002945 S      :      SUPERIOR COURT

WILLIAM FOSTER                            :      JUDICIAL DISTRICT OF NEW HAVEN

VS.                                                   :      AT MERIDEN

CIRCUIT CITY PURCHASING           :      MAY 6, 2008
COMPANY, LLC, ET AL.

## STATEMENT RE: AMOUNT IN DEMAND

The amount in demand, exclusive of interest and costs, is in excess of

FIFTEEN THOUSAND ($15,000.00) Dollars.


THE PLAINTIFF


BY: _____
CHRISTI M. CARRANO
Carrano & Carrano, L.L.C.
270 Quinnipiac Avenue
North Haven, CT  06473
(203) 787-4844
Juris No. 422431

| DOCKET NO. NNI CV08-5002945 S | : | SUPERIOR COURT |
|---|---|---|
| WILLIAM FOSTER | : | J.D. OF NEW HAVEN |
| V. | : | AT MERIDEN |
| CIRCUIT CITY PURCHASING COMPANY, LLC, ET AL. | : | JULY 24, 2008 |

### ANSWER AND SPECIAL DEFENSES

The defendant, **CIRCUIT CITY STORES, INC.**, by and through its attorneys, Cramer,

Alissi & Fontaine, P.C., for its answer to Plaintiff's Complaint dated April 30, 2008, states and

alleges as follows:

### FIRST COUNT

The defendant, Circuit City Stores, Inc., makes no response to the allegations of the First

Count of the Plaintiff's Complaint, as the allegations are directed to another defendant.

### SECOND COUNT

The defendant, Circuit City Stores, Inc., makes no response to the allegations of the

Second Count of the Plaintiff's Complaint, as the allegations are directed to another defendant.

### THIRD COUNT

The defendant, Circuit City Stores, Inc., makes no response to the allegations of the Third

Count of the Plaintiff's Complaint, as the allegations are directed to another defendant.

## FOURTH COUNT

1.      Paragraph 1 is admitted.

2.      Paragraph 2 is admitted.

3.      Paragraph 3 is admitted.

4.      The defendant admits that it is a corporation, but denies that it was organized

under the laws of the State of Connecticut, or that its principal place of business is at 444

Connecticut Ave., Norwalk, Connecticut.

5.      Paragraph 5 is admitted.

6.      Paragraph 6 is admitted.

7.      It is admitted that the premises are generally under Circuit City Stores, Inc.'s

possession and control, but deny that it was exclusive as to all areas of the premises.

8.      With regard to the allegations contained in Paragraph 8, the defendant is without

information or knowledge sufficient to form a belief as to their truth and therefore denies same,

leaving the plaintiff to his proof.

9.      With regard to the allegations contained in Paragraph 9, the defendant is without

information or knowledge sufficient to form a belief as to their truth and therefore denies the

same, leaving the plaintiff to his proof.

10.     Paragraph 10 is denied.

2

10.    [sic] Paragraph 10 is denied.

11.    With regard to the allegations contained in Paragraph 11, the defendant is without

information or knowledge sufficient to form a belief as to their truth and therefore

denies the same, leaving the plaintiff to his proof.

12.    With regard to the allegations contained in Paragraph 12, the defendant is without

information or knowledge sufficient to form a belief as to their truth and therefore

denies the same, leaving the plaintiff to his proof.

13.    With regard to the allegations contained in Paragraph 13, the defendant is without

information or knowledge sufficient to form a belief as to their truth and therefore

denies the same, leaving the plaintiff to his proof.

## **SPECIAL DEFENSES**

Plaintiff's claims for damages should be reduced or barred pursuant to Conn. Gen. Stat. §

52-572h in that plaintiff's own negligence was a cause of his injuries in one or more of the

following ways:

a.    The plaintiff failed to exercise reasonable caution while walking through

the exit doors;

b.    The plaintiff failed to look at the general area directly in front of his

intended path of travel;

3

c.      In that he failed to make a reasonable use of his senses and faculties under

said circumstances;

d.      In that he failed to take proper precautions for his own safety with

reasonable care required; and

e.      The plaintiff failed to be watchful of his surroundings in order to observe

and avoid circumstances or conditions that could cause him to be injured,

although by a proper and reasonable exercise of his faculties he could and should

have done so.


                        THE DEFENDANT,
                        CIRCUIT CITY PURCHASING COMPANY, LLC
                        CIRCUIT CITY STORES, INC.


                        By _____
                            Beverly S. Knapp
                            CRAMER, ALISSI & FONTAINE, P.C.
                            Its Attorneys


4

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was mailed postage prepaid and faxed, on this the 24th day of July, 2008, to all counsel and pro se parties of record as follows:

Christi M. Carrano, Esq.
Carrano & Carrano
270 Quinnipiac Ave.
North Haven CT 06473
(plaintiff's counsel)

Lawrence Howard Adler, Esq.
Danaher, Lagnese & Neal, PC
Capitol Place, Suite 700
21 Oak St.
Hartford CT 06106
(counsel for Automatic Door Systems)

Thomas Paul Chapman
Charles G. Walker Law Offices
300 Windsor St. PO Box 2138
Hartford, CT  06145
(counsel for def., Airlock Door Controls)

Gordon Muir & Foley
Hartford Sq. No/3rd floor
10 Columbus Boulevard
Hartford, CT  06106
(counsel for Door Controls Inc.)

*Beverly S. Knapp*
Beverly S. Knapp

5

CRAMER, ALISSI & FONTAINE P.C.
750 MAIN STREET · SUITE 1600 · HARTFORD, CONNECTICUT 06103 · (860) 548-1122 · FAX (860)548-1223 · JURIS No. 418378

```
┌─────────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT        │
└─────────────────────────────────────────┘
```

```
                                    TIME  : 07/24/2008 13:46
                                    NAME  : CAF PC
                                    FAX   : 8605481223
                                    TEL   : 8605481122
                                    SER.# : BROJ2J693693
```

```
┌──────────────────────────────────────────────────────────┐
│   DATE,TIME              07/24  13:45                      │
│   FAX NO./NAME           2032386322                        │
│   DURATION               00:00:48                          │
│   PAGE(S)                06                                │
│   RESULT                 OK                                │
│   MODE                   STANDARD                          │
│                          ECM                               │
└──────────────────────────────────────────────────────────┘
```

**FACSIMILE FILING**
**COVER SHEET**
JD-CL-73 Rev. 10-04

INSTRUCTIONS

**CONNECTICUT JUDICIAL BRANCH**
**SUPERIOR COURT**
www.jud.ct.gov

1. See back/page 2 for Procedures and Technical Standards for Electronic Filing.
2. Type or print legibly. One cover sheet must be submitted per document.
3. Do not fax back/page 2 of this form to the court.
4. The filing party shall retain the signed copy of the pleading, document or other paper during the pendency of the action, any appeal period and any applicable appellate process.
5. The transmission record of each filing shall be the filing party's confirmation of receipt by the Court. Please **do not** call the Clerk's Office to confirm receipt.

## TO: The below-named Superior Court.

☒ Judicial District at:    **Meriden** _____    ☐ Geographical Area No.: _____

☐ Housing Session at: _____    ☐ Juvenile Matters at: _____

☐ Small Claims Area at: _____    ☐ Child Protection Session at Middletown

FAX NO. OF ABOVE COURT
**203-238-6322**

DOCKET NO.
**NNI CV08-5002945 S**    (Include prefix: e.g., CI, CP, CR, CV, FA, HC, JV, MI, MV, SC, SP)

TITLE OF DOCUMENT FAXED
**Answer and Special Defenses of Circuit City Stores, Inc.**

NUMBER OF PAGES
**6**    (Unless otherwise directed by the court, documents shall not exceed 20 pages (including cover sheet).)

*The filing party assumes the risk of incomplete transmission or other factors that result in the document not being accepted for filing.*

| FROM: | NAME (Print or type full name of person to be contacted, if necessary) **Beverly S. Knapp/eas** | DATE **7/24/08** |
|---|---|---|
| | TELEPHONE NO. (Include area code) **860-548-1122** | FAX NO. (Include area code) **860-548-1223** |

TO BE COMPLETED BY THE COURT ONLY

| DOCKET NO. NNI CV08-5002945 S | : | SUPERIOR COURT |
|---|---|---|
| | : | |
| WILLIAM FOSTER | : | J.D. OF NEW HAVEN |
| | : | |
| V. | : | AT MERIDEN |
| | : | |
| CIRCUIT CITY PURCHASING | : | APRIL 11, 2008 |
| COMPANY, LLC, ET AL. | | |

## PLAINTIFF'S INTERROGATORIES

The undersigned, on behalf of the Plaintiff, hereby propounds the following interrogatories

to be answered by the Defendant, CIRCUIT CITY PURCHASING COMPANY, LLC, under oath,

within thirty (30) days of the filing hereof insofar as the disclosure sought will be of assistance in

the prosecution of this action and can be provided by the Defendant with substantially greater

facility than could otherwise be obtained.

    1.    Identify the person(s) who, at the time of the plaintiff's alleged injury, owned the

premises where the plaintiff claims to have been injured.

        (a)    If the owner is a natural person, please state:

            (i)    Your name and any other name by which you have been known;

            (ii)    Your date of birth;

            (iii)    Your home address;

            (iv)    Your business address;

        (b)    If the owner is not a natural person, please state:

            (i)    Your name and any other name by which you have been known;

(ii)     Your business address;

(iii)    The nature of your business entity (corporation, partnership, etc.);

(iv)    Whether you are registered to do business in Connecticut;

(v)     The name of the manager of the property, if applicable.

**RESPONSE:**
> **(a) Not applicable.**
> **(b) (i)  Circuit City Stores, Inc.**
>      **(ii) 9950 Maryland Drive, Richmond, VA 23233**
>      **(iii)Corporation.**
>      **(iv)Yes.**
>      **(v) Mr. Luis Lopez, Store Manager.**

2.      Identify the person(s) who, at the time of the plaintiff's alleged injury, had a

possessory interest (e.g., tenants) in the premises where the plaintiff claims to have been injured.

**RESPONSE:**     **Circuit City Stores, Inc. was responsible for the maintenance and inspection
of the store.**

3.      Identify the person(s) responsible for the maintenance and inspection of the

premises at the time and place where the plaintiff claims to have been injured.

**RESPONSE:**     **Circuit City Stores, Inc. was responsible for the maintenance and inspection
of the store.**

4.      State whether you had in effect at the time of the plaintiff's injuries any written

policies or procedures that relate to the kind of conduct or condition plaintiff alleges caused the

injury.

**RESPONSE:**     **Defendant is not aware of any written policies or procedures regarding
maintenance of the automatic doors.**

5.      State whether it is your business practice to prepare, or obtain from your employees, a written report of the circumstances surrounding injuries sustained by persons on the subject premises.

**RESPONSE:      Yes.**

6.      State whether any written report of the incident described in the complaint was prepared by you or your employees in the regular course of business.

**RESPONSE:      Yes.**

7.      State whether any warnings or caution signs or barriers were erected at or near the scene of the incident at the time the plaintiff claims to have been injured.

**RESPONSE:      *The exterior doors are marked by circles indicating automatic door caution, are marked exit, entrance, and in emergency push to open. The exterior doors also are framed with visible materials.***

8.      If the answer to the previous interrogatory is in the affirmative, please state:

    (a)     the name, address and employer of the person who erected the warning or caution signs or barriers;

    (b)     the name, address and employer who instructed the person to erect the warning or caution signs or barriers;

    (c)     the time and date a sign or barrier was erected;
    (d)     the size of the sign or barrier and wording that appeared thereon.

**RESPONSE:      The above markings are permanently affixed to the doors.**

9.      State whether you received, at any time six months before the incident described by
the plaintiff, complaints from anyone about the defect or condition that the plaintiff claims caused
the plaintiff's injury.

**RESPONSE:      None known.**

10.      If the answer to the previous interrogatory is in the affirmative, please state:

      (a)      the name and address of the person who made the complaint;

      (b)      the name, address and person to whom said complaint was made;

      (c)      whether the complaint was in writing;

      (d)      the nature of the complaint.

**RESPONSE:      Not applicable.**

11.      Please identify surveillance material discoverable under Practice Book Section 13-
3(c), by stating the name and address of any person who obtained or prepared any and all
recordings, by film, photograph, video tape, audio tape or any other digital or electronic means, of
any party concerning this lawsuit or its subject matter, including any transcript thereof which are in
your possession or control or in the possession or control of your attorney, and state the date on
which each such recordings were obtained and the person or persons of whom each such recording
was made.

**RESPONSE:      Not applicable.**

12.      State the following:

      (a)      your full name, and any other name(s) by which you have been known:

     (b)    your date of birth;

     (c)    your motor vehicle operator's license number;

     (d)    your home address;

     (e)    your business address.

**RESPONSE: (a) Mr. Luis Lopez**
**(b) Not applicable.**
**(c) Not applicable.**
**(d) Not applicable.**
**(e) Store Director**
**Circuit City**
**19 Universal Drive**
**North Haven, CT 06473**

13.    Have you made any statements, as defined in the Connecticut Practice Book

Section 13-1, to any person regarding any of the incidents alleged in the Complaint?

**RESPONSE:**    **Defendant is not aware of any statements.**

14.    If the answer to Interrogatory #13 is affirmative, state:

     (a)    the name and address of the person or persons to whom such statements

were made:

     (b)    the date on which such statements were made:

     (c)    the form of the statement (i.e., whether written, made by recording device or

recorded by a stenographer, etc.):

     (d)    the name and address of each person having custody, or a copy of copies of

each statement:

**RESPONSE:**    **Not Applicable.**

15.    State the names and addresses of all persons known to you who were present at the

time of the incident alleged in the Complaint or who observed or witnessed all or part of the

incident.

**RESPONSE:**        **Mr. Gavin Homewood**
**Circuit City**
**3440 Berlin Turnpike**
**Newington, CT 06111**

16.    As to each individual named in response to Interrogatory #15, state whether to your

knowledge, or the knowledge of your attorney, such individual has given any statement or

statements as defined in the Connecticut Practice Book Section 13-1 concerning the subject matter

of the Complaint in this lawsuit.  If your answer to this Interrogatory is affirmative, state also:

   (a)    the date on which the statement or statements were taken:

   (b)    the names and addresses of the person or persons who took such statement
   or statements:

   (c)    the names and addresses of any person present when such statement or
   statements were taken:

   (d)    whether such statement or statements were written, made by recording
   device or taken by court reporter or stenographer:

(e)      the names and addresses of each person having custody or a copy or copies

or such statement or statements:

**RESPONSE:**      **(a) June 19, 2006**
**(b) Sedgwick Claims Management Services, Inc.**
**PO Box 14432**
**Lexington, KY 40512-4432**
**(c) No.**
**(d) See subparagraph (b) above.**

17.    Are you aware of any photographs depicting the accident scene, any vehicle

involved in the incident alleged in the complaint or any condition or injury alleged to have been

caused by the incident alleged in the complaint?  If so, for each set of photographs taken of each

such subject by each photographer, please state:

(a)      the name and address of the photographer, other than an expert who will not

testify at trial:

(b)      the dates on which such photographs were taken:

(c)      the subject (e.g., "plaintiff's vehicle," "scene," etc.):

(d)      the number of photographs:

**RESPONSE:**      **Not applicable.**

18.    If, at the time of the incident alleged in the Complaint, you were covered by an

insurance policy under which an insurer may be liable to satisfy part or all of a judgment or

reimburse you for payments to satisfy part or all of a judgment, state the following:

(a)      the name(s) and address(es) of the insured(s):

(b)      the amount of coverage under each insurance policy:

        (c)    the name(s) and address(es) of said insurer(s):

**RESPONSE:**    **(a) Circuit City Stores, Inc.**
**19 Universal Drive**
**North Haven, CT 06473**
**(b) See attached declaration page.**
**(c) Sedgwick Claims Management Services, Inc.**
**PO Box 14432**
**Lexington, KY 40512-4432**

19.    If at the time of the incident, which is the subject of this lawsuit, you were protected against the type of risk which is the subject of this lawsuit by excess umbrella insurance, or any other insurance, state:

        (a)    the name(s) and address(es) of the named insured:

        (b)    the amount of coverage effective at this time:

        (c)    the name(s) and address(es) of said insurer(s):

**RESPONSE:**    **See the attached declaration page.**

20.    State whether any insurer, as described in Interrogatories #18 and #19 above, has disclaimed/reserved its duty to indemnify any insured or any other person protected by said policy.

**RESPONSE:**    **Not applicable.**

21.    If any of the Defendants are deceased, please state the date and place of death, whether an estate has been created, and the name and address of the legal representative thereof.

**RESPONSE:**    **Not applicable.**

22.    If any of the defendants is a business entity that has changed its name or status as a business entity (whether by dissolution, merger, acquisition, name change, or in any other manner)

since the date of the incident alleged in the complaint, please identify such defendant, state the date

of the change, and describe the change.

**RESPONSE:**    **Not applicable.**

23.    Please state whether, within eight (8) hours after the incident alleged in the

complaint, any testing was performed to determine the presence of alcohol, drugs or other

medications in your blood, and, if so, state:

> (a)    the name and address of the hospital, person or entity performing such test or
>
> screen:
>
> (b)    the date and time:
>
> (c)    the results:

**RESPONSE:** **Not applicable.**


                                          THE DEFENDANT,
                                          CIRCUIT CITY
                                          PURCHASING COMPANY, LLC

                                          By_____
                                             James H. Halpin, Jr., Esq.
                                             Beverly S. Knapp, Esq.
                                             CRAMER, ALISSI & FONTAINE, P.C.
                                             Its Attorneys

☑ 001
04/10/2008 THU 22:21 FAX 203772080        241#3144                    P.02/02

## VERIFICATION PAGE

I hereby certify that I have reviewed the above Interrogatories and responses thereto and

that they are true and accurate to the best of my knowledge and belief.

Mr. Luis Lopez

Subscribed and sworn to before me this _10th_ day of April, 2008.

Raul Masseu - MY COMM EXPIR 2011

Notary Public/
Commissioner of the Superior Court

CRAMER, ALISSI & FONTAINE P.C.                                        10
750 MAIN STREET · SUITE 1600 · HARTFORD, CONNECTICUT 06103 · (860) 548-1122 · FAX (860) 548-1203 · JURIS NO. 418378

TOTAL P.02

# Service Order

| | |
|---|---|
| | 153062 |

| Date |
|---|
| 1/30/06 |

| Store | Circuit City # 3144 |
|---|---|
| Address | 19 Universal Drive |
| City, State, Zip | North Haven CT 06473 |
| Phone | 203-772-2273 |

| Due Date | 1/26/2006 |
|---|---|

| Contact at Store | Jim Smith |
|---|---|

## Service Required

Interior entrance door is slamming open and closed. See Jim for location and details. Thank you! Please have tech call DCS for in & out times.

CIRCUIT CITY STORES, INC #3144
19 UNIVERSAL DRIVE
NORTH HAVEN, CT 06473

Date Completed 1/30/06   Time In: 12:00   Time Out: 1:00

If additional work is required, please call (800)356-2025.

Have this order signed and stamped by authorized personnel. Fax direct from the store to (877)888-5220.

Service work completed to our satisfaction:

| Customer Signature | |
|---|---|

## Service Order

| 156593 |
| --- |

| Date |
| --- |
| 3/20/06 |

| Store | Circuit City # 3144 |
| --- | --- |
| Address | 19 Universal drive |
| City, State, Zip | North Haven CT 06475 |
| Phone | 203-772-2273 |

| Due Date | 3/20/2006 |
| --- | --- |

| Contact at Store | James Smith |
| --- | --- |

### Service Required

Please repair the main entrance slide door that is not working properly. See James for location and details. Thank you!

Date Completed _3/22/06_   Time In: _100 p_   Time Out: _200 p_

If additional work is required, please call (800)356-2025.

Have this order signed and stamped by authorized personnel. Fax direct from the store to (877)888-5220.

Service work completed to our satisfaction:

| Customer Signature | |
| --- | --- |

# INSPECTION FORM FOR POWER OPERATED DOORS
## SLIDING DOORS

**For use by**
**AAADM**
**Certified Inspector**

| | | | | |
|---|---|---|---|---|
| ✓ IN COMPLIANCE | | | | |
| ✗ NOT IN COMPLIANCE | | | | |
| ⊗ CORRECTION MADE | | | | |

### DOOR ID

| DESCRIPTION | 1 | 2 | 3 | 4 | Comments |
|---|---|---|---|---|---|
| Standard | ✓ | ✓ | n/a | n/a | |
| Custom/Trained Traffic | n/a | n/a | n/a | n/a | |
| Single Slide | n/a | n/a | n/a | n/a | |
| Biparting | ✓ | ✓ | n/a | n/a | |
| Telescopic | n/a | n/a | n/a | n/a | |
| Two-Way Traffic | n/a | n/a | n/a | n/a | |
| One-Way Traffic | ✓ | ✓ | n/a | n/a | |
| Knowing Act | n/a | n/a | n/a | n/a | |

### ANSI/BHMA A156.10 Safety Checklist

**OPERATOR ADJUSTMENTS**

| | 1 | 2 | 3 | 4 |
|---|---|---|---|---|
| Closing Speed | ⊗ | ⊗ | n/a | n/a |
| Closing Force | ⊗ | ⊗ | n/a | n/a |
| Latch Location | ⊗ | ⊗ | n/a | n/a |
| Time Delay | ⊗ | ⊗ | n/a | n/a |

**FLOOR MAT ACTIVATING**

| | 1 | 2 | 3 | 4 |
|---|---|---|---|---|
| Mat Size | n/a | n/a | n/a | n/a |
| Mat Sensitivity | n/a | n/a | n/a | n/a |
| Mat Layout | n/a | n/a | n/a | n/a |
| Inactive Area | n/a | n/a | n/a | n/a |
| Molding Height | n/a | n/a | n/a | n/a |

Inspector Name & Certification No. (Print): DENNIS CIARCIA
Signature & Date: [signature] 6/8/06
Company Name: ADC
Address: PO Box ___ VALLEY STREAM NY 11581

---

### DOOR ID (IF APPLICABLE)

WORK TICKET NUMBER

| | 1 | 2 | 3 | 4 |
|---|---|---|---|---|
| ✓ IN COMPLIANCE | | | | |
| ✗ NOT IN COMPLIANCE | | | | |
| ⊗ CORRECTION MADE | | | | |

**ACTIVATING SENSOR**

| | 1 | 2 | 3 | 4 | Comments |
|---|---|---|---|---|---|
| Patten Size | ✓ | ✓ | | | |
| Sensitivity | ✓ | ✓ | | | |
| Layout (Sensor Each Side) | ✓ | ✓ | n/a | n/a | |
| Activation Switch (Knowing Act) | ✓ | ✓ | n/a | n/a | |

**PRESENCE SENSOR**

| | 1 | 2 | 3 | 4 |
|---|---|---|---|---|
| Function | ✓ | ✓ | | |
| Position | ✓ | ✓ | | |

**EMERGENCY BREAKOUT**

| | 1 | 2 | 3 | 4 |
|---|---|---|---|---|
| Force | | | | |
| Cut Off Switch - Or- | ✗ | ✓ | | |
| Door Closer | ✓ | ✓ | | |

**SIGNAGE**

| | 1 | 2 | 3 | 4 |
|---|---|---|---|---|
| "Emergency - Push" | ✓ | ✓ | n/a | n/a |
| "Automatic Door" | ✓ | ✓ | n/a | n/a |
| "Activate Switch" | ✓ | ✓ | n/a | n/a |
| "Stand Clear" | n/a | n/a | n/a | n/a |

Are all safety systems operational? Yes / No (circle one)
Are AAADM Labels applied? Yes / No (circle one)
Recommended Action(s):

As an AAADM certified inspector, I have completed an inspection only on the above doors in your facility. This inspection is intended to assess the door's compliance with practical field tests designed to approximate the requirements of the current ANSI/BHMA A156.10 standard, the American National Standard for Power Operated Doors.

Individual manufacturers may have additional requirements or recommendations for their doors. It is strongly recommended to bring doors into compliance for safe operation.

Do you have an Owner's Manual? Yes / No (circle one)    Are there additional doors you want inspected? Yes / No (circle one)
Did the inspector provide an Owner's Manual? Yes / No (circle one)    Initial here: _____ Yes / No (circle one)

Customer Name and Title (Print): Store Manager
Signature & Date: [signature] 6/8/06
Customer / Facility: Circuit City # 3444
Address: 13 universal Drive ct  06573

Circuit City Stores, Inc.

CUSTOMER COPY

| Item QTY | Desc | | | |
|---|---|---|---|---|
| 1 | DR439825E17 | COMPUTER MEDIA | Y | 5.99 |
| 2 | DR439825E17 | COMPUTER MEDIA | Y | 5.99 |
| 3 | DR439825E17 | COMPUTER MEDIA | Y | 5.99 |
| 4 | DR439825E17 | COMPUTER MEDIA | Y | 5.99 |

Total Taxable
Sales Tax
TOTAL PURCHASE
CASH
CHA
BALANCE

For manufacturer product information, please
your own visit circuitcity.com

You may return Circuit City items you
Apply for a Circuit City Rewards Credit Card
a store associate for details.

Shop with us online at circuitcity.com

FREE Gift Cards!
"Voice of the Customer" Survey

Win
Customer Survey

circuitcity.com/survey
following customer code
city on-line:

6J89 QZP3 CX2T

No purchase necessary.
See Circuit City store for details.
Void where prohibited.
Thank you for making your purchase at Circuit City!