Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :   Jointly Administered
              Debtors.        :
                              :   **Obj. Deadline: July 27, 2010 at**
- - - - - - - - - - - - - - - x   **5:00 p.m. (ET)**

## NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG  THE DEBTORS, MOTOROLA, INC. AND GENERAL INSTRUMENT CORP. d/b/a THE HOME & NETWORKS MOBILITY BUSINESS OF MOTOROLA, INC.

          PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant to 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(the "Settlement Procedures Order") (Docket No. 4401).[1]  A copy of the Settlement Procedures Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement Agreement") with Motorola, Inc. ("Motorola") and General Instrument Corp. d/b/a The Home & Networks Mobility Business of Motorola, Inc. ("General Instrument" and, together with Motorola, the "Motorola Parties"), a copy of which is annexed as <u>Exhibit 2</u>.

## SUMMARY OF SETTLEMENT AGREEMENT TERMS[3]

---

[1]  Capitalized terms not defined herein shall have the meanings ascribed to them in the Settlement Agreement (defined below) or the Settlement Procedures Order.

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]  This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Settlement Agreement are as follows:

(i)    This is a Tier II Settlement.

(ii)   The Settlement Agreement is by and between the Debtors and the Motorola Parties.

(iii)  The Debtors and the Motorola Parties previously engaged in business both prior to and after the Petition Date wherein the Debtors purchased certain products and services from the Motorola Parties for resale in the Debtors' stores and on the Debtors' websites, and wherein either the Motorola Parties or the Debtors could be liable to each other on account of the business.

(iv)   On or about December 19, 2008, Motorola filed its Motion for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(9) (Docket No. 1128) (the "Motorola 503(b)(9) Motion").

(v)    Motorola filed proof of claim number 1320 ("Claim No. 1320") on or about December 19, 2008, asserting an administrative expense priority claim under Bankruptcy Code section 503(b)(9) in the amount of $495,963.74. Motorola filed proof of claim number 7552 ("Claim No. 7552") on or about January 12, 2009, asserting (i) an administrative expense priority claim under Bankruptcy Code section 503(b)(9) in the amount of $495,963.00, (ii) a secured claim in the amount of $50,000.00, and (iii) and a general unsecured non-priority claim in the amount of $1,020,874.50. Motorola filed proof of claim number 13096 ("Claim No. 13096") on or about December 19, 2008, asserting an administrative expense

3

priority claim under Bankruptcy Code
section 503(b)(9) in the amount of
$495,963.74.

(vi)   The Debtors objected to various claims
filed by Motorola pursuant to the Debtors'
Nineteenth, Twenty-Third and Thirty-Fourth
Omnibus Objections to Claims.

(vii)  On or about December 19, 2008, General
Instrument filed its Motion for Allowance
and Payment of Administrative Expense Claim
Pursuant to 11 U.S.C. § 503(b)(9) (Docket
No. 1134) (the "General Instrument 503(b)(9)
Motion", and, with the Motorola 503(b)(9)
Motion, the "Motorola Parties' 503(b)(9)
Motions").

(viii)  General Instrument filed proof of claim
number 1321 ("Claim No. 1321") on or about
December 19, 2008, asserting an
administrative expense priority claim under
Bankruptcy Code section 503(b)(9) in the
amount of $85,321.74.  General Instrument
filed proof of claim number 7597 ("Claim No.
7597") on or about December 19, 2008,
asserting (i) an administrative expense
priority claim under Bankruptcy Code
section 503(b)(9) in the amount of
$85,321.74, (ii) a secured claim in the
amount of $50,000.00, and (iii) a general
unsecured non-priority claim in the amount
of $233,958.90.  General Instrument filed
proof of claim number 13097 ("Claim No.
13097") on or about December 19, 2008,
asserting an administrative expense
priority claim under Bankruptcy Code
section 503(b)(9) in the amount of
$85,321.74.  General Instrument filed proof
of claim number 14344 ("Claim No. 14344")
on June 30, 2009 asserting a post-petition
administrative expense priority claim under
Bankruptcy Code section 503(b)(1) in the
amount of $174,138.22.

4

(ix)  The Debtors objected to various claims filed by General Instrument pursuant to the Debtors' Nineteenth, Twenty-Third and Forty-Fourth Omnibus Objections to Claims.

(x)  The Debtors' books and records reflect that there exist accounts receivable amounts due and owing from the Motorola Parties to the Debtors in the amount of $416,615.52 (the "Debtors' Receivables").

(xi)  Based on their preliminary analysis, the Debtors believe that the Motorola Parties may have received certain transfers from the Debtors which may be avoidable under chapter 5 of the Bankruptcy Code, subject to proof (the "Alleged Avoidance Actions"). The Motorola Parties assert that they have not received any transfers that may be avoidable or recoverable under chapter 5 of the Bankruptcy Code.

(xii)  The Parties have engaged in discussions with respect to resolution of Claim Nos. 1320, 1321, 7552, 7597, 13096, 13097 and 14344, the Motorola Parties' 503(b)(9) Motions, the Debtors' Omnibus Objections, the Motorola Parties' Responses to Omnibus Objections, the Debtors' Receivables and the Alleged Avoidance Actions.

(xiii)  For purposes of the Settlement Agreement, the Parties agree that the Debtors' Receivables shall be valued at $416,615.52.

(xiv)  After effectuation of the setoffs described in the Settlement Agreement, the Motorola Parties shall be left with the following allowed claims: (i) an allowed administrative expense priority claim under Bankruptcy Code section 503(b)(9) in the amount of $338,807.44 (the "Motorola Allowed Administrative Expense Claim") on account of Claim No. 7552, (ii) an allowed

general unsecured non-priority claim in the amount of $121,871.25 (the "Motorola Allowed General Unsecured Claim") on account of Claim No. 7552, and (iii) an allowed general unsecured non-priority claim in the amount of $233,958.90 (the "General Instrument Allowed General Unsecured Claim") on account of Claim No. 7597.

(xv) All other claims that have been, could have been, or might have been asserted against the Debtors and their estates by the Motorola Parties, including but not limited to Claim Nos. 1320, 1321, 13096, 13097, the secured claim portions of Claim Nos. 7552 and 7597, and all amounts asserted in connection with the Motorola Parties' 503(b)(9) Motions, are disallowed in their entirety for all purposes in these bankruptcy cases.

(xvi) Upon the Effective Date (as defined in the Settlement Agreement) of the Settlement Agreement, the Motorola Parties' 503(b)(9) Motions shall be deemed withdrawn with prejudice, the Omnibus Objections and Responses thereto shall be deemed resolved, and the Alleged Avoidance Actions shall be waived and released as against the Motorola Parties.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Settlement Procedures Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be _in writing_ and received by counsel to the Debtors and counsel to the Official Committee of

Unsecured Creditors (see information below) by no later than **July 27, 2010 at 5:00 p.m. (ET)** (the "Objection Deadline").  Each Objection or Request must be served on (i) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F. Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Settlement Agreement and you do not want the Debtors to proceed with the Settlement Agreement or you want the Court to consider your views concerning the Settlement Agreement, you or you attorney must also:

file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before July 27, 2010 at 5:00 p.m. (ET).**

Any Objection to the Settlement Agreement must be submitted by the method described in the foregoing sentence. Objections will be deemed filed only when actually received at the address listed above.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Settlement Procedures Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested.

Each Notice Party may only make one Request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline, as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: July 13, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

             IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - x
                               :
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   1Case No. 08-35653 (KRH)
et al.,                        :
                               :
             Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

        Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.



of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

### FOUND, DETERMINED, AND CONCLUDED that:

1.   Based on the affidavits of service filed,
due, proper and adequate notice of the Motion has been
given in accordance with the Case Management Order and
that no other or further notice is necessary;

2.   The Notice Procedures are fair,
reasonable, and appropriate.

3.   The Settlement Procedures are fair
reasonable, and appropriate.

4.   The Notice and Settlement Procedures were
proposed in good faith.

5.   Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.   Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.   The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.   The Motion is GRANTED.

9.   The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)    The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)    The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)    The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   <u>Tier II</u> With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

8

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

9

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.  Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.  Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.  In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.  The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.    This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
 Aug 7 2009_____, 2009

                    /s/ Kevin R. Huennekens
                    UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:                Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE,           MCGUIREWOODS LLP
MEAGHER & FLOM, LLP             One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware            (804) 775-1000
19899-0636
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - x
In re:                     :    Chapter 11
                           :
CIRCUIT CITY STORES, INC., :    Case No. 08-35653 (KRH)
et al.,                    :
                           :
        Debtors.           :    Jointly Administered
- - - - - - - - - - - - - x

      **SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG**
      **THE DEBTORS, MOTOROLA, INC. AND GENERAL INSTRUMENT**
         **CORP. d/b/a THE HOME & NETWORKS MOBILITY**
                 **BUSINESS OF MOTOROLA, INC.**

        This settlement agreement and stipulation (the

"Settlement Agreement") is entered into this 13th day of

July, 2010 by and among Circuit City Stores, Inc. and

its affiliated debtors and debtors-in-possession[1]

(collectively, the "Debtors"), on the one hand, and

Motorola, Inc. ("Motorola") and General Instrument Corp.

d/b/a The Home & Networks Mobility Business of Motorola

Inc.  ("General Instrument" and, together with Motorola,

the "Motorola Parties") on the other hand.  The Debtors,

Motorola and General Instrument are "Parties" to this

Settlement Agreement, and each is a "Party".

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors filed voluntary petitions in the

United States Bankruptcy Court for the Eastern District

of Virginia (the "Court") under chapter 11 of title 11

of the United States Code (the "Bankruptcy Code").

---

[1]    The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
VA 23060.

WHEREAS, the Debtors have continued as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases.

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  The going out of business sales concluded on or about March 8, 2009.

WHEREAS, the Debtors are authorized pursuant to the Court's Order under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the

3

Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval, dated August 7, 2009 (D.I. 4401; the "Settlement Procedures Order"),[2] to enter into this Settlement Agreement, subject to the Notice Procedures.

**SETTLEMENT BACKGROUND**

WHEREAS, the Debtors and the Motorola Parties previously engaged in business both prior to and after the Petition Date wherein the Debtors purchased certain products and services from the Motorola Parties for resale in the Debtors' stores and on the Debtors' websites, and wherein either the Motorola Parties or the Debtors could be liable to each other on account of the business.

**I.    The Motorola Claims.**

WHEREAS, on or about December 19, 2008, Motorola filed its Motion for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. §

---

[2]    All capitalized terms not defined herein shall have the meaning ascribed to them in the Settlement Procedures Order.

503(b)(9) (Docket No. 1128) (the "Motorola 503(b)(9)
Motion").

WHEREAS, Motorola filed proof of claim number
1320 ("Claim No. 1320") on or about December 19, 2008,
asserting an administrative expense priority claim under
Bankruptcy Code section 503(b)(9) in the amount of
$495,963.74.

WHEREAS, Motorola filed proof of claim number
7552 ("Claim No. 7552") on or about January 12, 2009,
asserting (i) an administrative expense priority claim
under Bankruptcy Code section 503(b)(9) in the amount of
$495,963.00, (ii) a secured claim in the amount of
$50,000.00, and (iii) and a general unsecured non-
priority claim in the amount of $1,020,874.50.

WHEREAS, on June 22, 2009, the Debtors filed
their Nineteenth Omnibus Objection to Claims
(Reclassification of Certain Misclassified Claims to
General Unsecured, Non-Priority Claims) (Docket No.
3703) ("Nineteenth Omnibus Objection"), objecting to
Claim No. 7552 and seeking to reclassify in its entirety
the alleged secured claim portion of Claim No. 7552 as a
general unsecured non-priority claim.

WHEREAS, on July 15, 2009 and July 17, 2009, Motorola filed preliminary responses to Debtors' Nineteenth Omnibus Objection (Docket Nos. 4099 and 4177) (the "Motorola Nineteenth Omnibus Objection Responses"), objecting to the relief requested in the Nineteenth Omnibus Objection.

WHEREAS, on August 12, 2009, pursuant to the Court's Order on Debtors' Nineteenth Omnibus Objection (Docket No. 4449), the hearing on Claim No. 7552 was adjourned.

WHEREAS, on June 23, 2009, the Debtors filed their Twenty-Third Omnibus Objection to Claims (Modification of Certain Duplicate 503(b)(9) Claims) (Docket No. 3711) ("Twenty-Third Omnibus Objection"), objecting to Claim No. 7552 and seeking to disallow in its entirety, as duplicative of another claim, the alleged Bankruptcy Code section 503(b)(9) portion of Claim No. 7552.

WHEREAS, on August 13, 2009, pursuant to the Court's Order on Debtors' Twenty-Third Omnibus Objection (Docket No. 4465), the hearing on Claim No. 7552 was adjourned.

WHEREAS, Motorola filed proof of claim number 13096 ("Claim No. 13096") on or about December 19, 2008, asserting an administrative expense priority claim under Bankruptcy Code section 503(b)(9) in the amount of $495,963.74.

WHEREAS, on August 21, 2009, the Debtors filed their Thirty-Fourth Omnibus Objection to Claims (Modification of Certain Duplicate 503(b)(9) Claims) (Docket No. 4598) ("Thirty-Fourth Omnibus Objection"), objecting to Claim No. 13096 and seeking to disallow Claim No. 13096 in its entirety.

WHEREAS, on September 15, 2009 and September 21, 2009, Motorola filed preliminary responses to Debtors' Thirty-Fourth Omnibus Objection (Docket Nos. 4905 and 5035) (the "Motorola Thirty-Fourth Omnibus Objection Responses"), objecting to the relief requested in the Thirty-Fourth Omnibus Objection.

WHEREAS, pursuant to the Court's Order on Debtors' Thirty-Fourth Omnibus Objection to Claims (Docket No. 5385), the hearing on Claim No. 13096 was adjourned.

7

**II.   The General Instrument Claims.**

WHEREAS, on or about December 19, 2008,
General Instrument filed its Motion for Allowance and
Payment of Administrative Expense Claim Pursuant to 11
U.S.C. § 503(b)(9) (Docket No. 1134) (the "General
Instrument 503(b)(9) Motion", and, with the Motorola
503(b)(9) Motion, the "Motorola Parties' 503(b)(9)
Motions").

WHEREAS, General Instrument filed proof of
claim number 1321 ("Claim No. 1321") on or about
December 19, 2008, asserting an administrative expense
priority claim under Bankruptcy Code section 503(b)(9)
in the amount of $85,321.74.

WHEREAS, General Instrument filed proof of
claim number 7597 ("Claim No. 7597") on or about
December 19, 2008, asserting (i) an administrative
expense priority claim under Bankruptcy Code section
503(b)(9) in the amount of $85,321.74, (ii) a secured
claim in the amount of $50,000.00, and (iii) a general
unsecured non-priority claim in the amount of
$233,958.90.

WHEREAS, on June 22, 2009, the Debtors filed their Nineteenth Omnibus Objection, objecting to Claim No. 7597 and seeking to reclassify in its entirety the alleged secured claim portion of Claim No. 7597 as a general unsecured non-priority claim.

WHEREAS, on July 15, 2009 and July 17, 2009, General Instrument filed preliminary responses to Debtors' Nineteenth Omnibus Objection (Docket No. 4098 and 4178) (the "General Instrument Nineteenth Omnibus Objection Responses"), objecting to the relief requested in the Nineteenth Omnibus Objection.

WHEREAS, on August 12, 2009, pursuant to the Court's Order on Debtors' Nineteenth Omnibus Objection, the hearing on Claim No. 7597 was adjourned.

WHEREAS, on June 23, 2009, the Debtors filed their Twenty-Third Omnibus Objection, objecting to Claim No. 7597 and seeking to disallow in its entirety, as duplicative of another claim, the alleged Bankruptcy Code section 503(b)(9) portion of Claim No. 7597.

WHEREAS, On August 13, 2009, pursuant to the Court's Order on Debtors' Twenty-Third Omnibus Objection, the hearing on Claim No. 7597 was adjourned.

9

WHEREAS, General Instrument filed proof of claim number 13097 ("Claim No. 13097") on or about December 19, 2008, asserting an administrative expense priority claim under Bankruptcy Code section 503(b)(9) in the amount of $85,321.74.

WHEREAS, the Debtors filed their Forty-Fourth Omnibus Objection to Claims (Disallowance of Certain Duplicative Claims) (Docket No. 5017) (the "Forty-Fourth Omnibus Objection", and, together with the Nineteenth Omnibus Objection, the Twenty-Third Omnibus Objection and the Thirty-Fourth Omnibus Objection, the "Omnibus Objections"), objecting to Claim No. 13097 and seeking to disallow Claim No. 13097 in its entirety.

WHEREAS, on October 27, 2009 and November 2, 2009, General Instrument filed preliminary responses to Debtor's Forty-Fourth Omnibus Objection (Docket Nos. 5363 and 5446) (the "General Instrument Forty-Fourth Omnibus Objection Responses", and, together with the Motorola Nineteenth Omnibus Objection Responses, the General Instrument Nineteenth Omnibus Objection Responses, the Motorola Thirty-Fourth Omnibus Objection Responses, and the General Instrument Thirty-Fourth

10

Omnibus Objection Responses, the "Motorola Parties' Omnibus Objection Responses"), objecting to the relief requested in the Forty-Fourth Omnibus Objection.

WHEREAS, pursuant to the Court's Order on Debtors' Forty-Fourth Omnibus Objection to Claims (Docket No. 5830), the hearing on Claim No. 13097 was adjourned.

WHEREAS, General Instrument filed proof of claim number 14344 ("Claim No. 14344") on June 30, 2009 asserting a post-petition administrative expense priority claim under Bankruptcy Code section 503(b)(1) in the amount of $174,138.22.

**III. Debtors' Receivables.**

WHEREAS, the Debtors' books and records reflect that there exist accounts receivable amounts due and owing from the Motorola Parties to the Debtors in the amount of $416,615.52 (the "Debtors' Receivables").

WHEREAS, based on their preliminary analysis, the Debtors believe that the Motorola Parties may have received certain transfers from the Debtors which may be

avoidable under chapter 5 of the Bankruptcy Code,

subject to proof (the "Alleged Avoidance Actions").

WHEREAS, the Motorola Parties assert that they

have not received any transfers that may be avoidable or

recoverable under chapter 5 of the Bankruptcy Code.

WHEREAS, the Parties have engaged in

discussions with respect to resolution of Claim Nos.

1320, 1321, 7552, 7597, 13096, 13097 and 14344, the

Motorola Parties' 503(b)(9) Motions, the Debtors'

Omnibus Objections, the Motorola Parties' Responses to

Omnibus Objections, the Debtors' Receivables and the

Alleged Avoidance Actions.

NOW, THEREFORE, subject to and in accordance

with the Settlement Procedures Order, for good and

valuable consideration the receipt and sufficiency of

which is hereby acknowledged, the Parties hereby

**STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:**

1.   The Parties represent that they have

engaged in arms' length negotiations to arrive at this

Settlement Agreement.

2.   For purposes of this Settlement

Agreement, the Parties agree that the Bankruptcy Code

section 503(b)(9) administrative expense priority

portion of Claim No. 7552 shall be valued at $495,963.00

and the general unsecured non-priority portion of Claim

No. 7552 shall be valued at $121,871.25.

3.    For purposes of this Settlement

Agreement, the Parties agree that the Bankruptcy Code

section 503(b)(9) administrative expense priority

portion of Claim No. 7597 shall be valued at $85,321.74

and the general unsecured non-priority portion of Claim

No. 7597 shall be valued at $233,958.90.

4.    For purposes of this Settlement

Agreement, the Parties agree that the Bankruptcy Code

section 503(b) post-petition administrative expense

priority claim asserted pursuant to Claim No. 14344

shall be valued at $174,138.22.

5.    For purposes of this Settlement

Agreement, the Parties agree that the Debtors'

Receivables shall be valued at $416,615.52.

6.    For purposes of this Settlement

Agreement, the Parties agree that the Debtors'

Receivables will be setoff first against Claim No.

14344, reducing Claim No. 14344 to $0 and reducing the
Debtors' Receivables to $242,477.30.

7.   For purposes of this Settlement
Agreement, the Parties agree that the remainder of the
Debtors' Receivables will next be setoff against the
Bankruptcy Code section 503(b)(9) administrative expense
priority portion of Claim No. 7597, reducing the
Bankruptcy Code section 503(b)(9) administrative expense
priority portion of Claim No. 7597 to $0 and reducing
the Debtors' Receivables to $157,155.56.

8.   For purposes of this Settlement
Agreement, the Parties agree that the remainder of the
Debtors' Receivables will next be setoff against the
Bankruptcy Code section 503(b)(9) administrative expense
priority portion of Claim No. 7552, reducing the
Bankruptcy Code section 503(b)(9) administrative expense
priority portion of Claim No. 7552 to $338,807.44 and
reducing the Debtors' Receivables to $0.

9.   To the extent necessary, the automatic
stay under 11 U.S.C. § 362 is lifted and/or modified to
permit the setoffs set forth in the preceding
paragraphs.

14

10.   After effectuation of the setoffs described herein, the Motorola Parties shall be left with the following allowed claims: (i) an allowed administrative expense priority claim under Bankruptcy Code section 503(b)(9) in the amount of $338,807.44 (the "Motorola Allowed Administrative Expense Claim") on account of Claim No. 7552, (ii) an allowed general unsecured non-priority claim in the amount of $121,871.25 (the "Motorola Allowed General Unsecured Claim") on account of Claim No. 7552, and (iii) an allowed general unsecured non-priority claim in the amount of $233,958.90 (the "General Instrument Allowed General Unsecured Claim") on account of Claim No. 7597.

11.   All other claims that have been, could have been, or might have been asserted against the Debtors and their estates by the Motorola Parties, including but not limited to Claim Nos. 1320, 1321, 13096, 13097, the secured claim portions of Claim Nos. 7552 and 7597, and all amounts asserted in connection with the Motorola Parties' 503(b)(9) Motions, are disallowed in their entirety for all purposes in these bankruptcy cases.

15

12.   The Debtors, or any successors, shall make payment of the Motorola Allowed Administrative Expense Claim on the Initial Distribution Date as defined in the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims (as amended or modified, the "Plan"), or in accordance with further order of the Court.  The Motorola Allowed General Unsecured Claim and the General Instrument Allowed General Unsecured Claim shall be paid in accordance with the terms of the confirmed Plan or in accordance with further order of the Court.

13.   Upon the Effective Date (as defined below) of the Settlement Agreement, the Motorola Parties' 503(b)(9) Motions shall be deemed withdrawn with prejudice.

14.   Upon the Effective Date (as defined below) of the Settlement Agreement, the Debtors' Omnibus Objections and the Motorola Parties' Responses to Omnibus Objections shall be deemed resolved in accordance with this Settlement Agreement.

16

15.   Except as otherwise provided herein with respect to the Motorola Allowed Administrative Expense Claim, the Motorola Allowed General Unsecured Claim and the General Instrument Allowed General Unsecured Claim, upon the Effective Date (as defined below) of the Settlement Agreement, the Motorola Parties, on behalf of themselves and their successors and assigns, and the Debtors, on behalf of themselves, and each on behalf of their respective estates, successors, and assigns (including but not limited to any trustee appointed in any of these chapter 11 cases or any successor chapter 7 case), hereby irrevocably and fully release one another from and against any and all claims or causes of action (including but not limited to, causes of action under Bankruptcy Code sections 542, 543, 544, 546, 547, 548, 549, 550, 553 and 558) arising from, in connection with, or relating to the business previously conducted between the Parties, the Alleged Avoidance Actions, and any agreement by or between the Parties (this paragraph, the "Releases").

16.   For the avoidance of doubt and notwithstanding anything to the contrary in this

17

Settlement Agreement, (1) the Releases are not intended as general releases or waivers and nothing in this Settlement Agreement shall be construed as such, and (2) the Motorola Parties and the Debtors specifically acknowledge and agree that this Settlement Agreement is not intended to, and does not, release or otherwise affect in any way any actual claims or causes of action (or potential claims or causes of action similar in nature or type to such actual claims or causes of action) now or hereinafter asserted in, based on, or relating to (a) the multi-district litigation captioned *In re: TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 (N.D. Cal.) and the actions consolidated therein (the "MDL Proceeding"), or (b) the claim(s) of Motorola Canada Limited and its Mobile Device business against InterTAN Canada, Limited, including, but not limited to, any agreement, settlement or resolution in connection therewith.

17.   Nothing contained in this Settlement Agreement shall be deemed an admission of liability on the part of the Debtors or the Motorola Parties with respect to the matters resolved herein.

18

18.   Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (a) to obtain approval of and/or to enforce any of the terms of this Settlement Agreement or (b) to seek damages or injunctive relief in connection therewith.

19.   This Settlement Agreement shall be governed by and construed in accordance with the internal laws of the State of Virginia without regard to any choice of law provisions.

20.   This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

21.   This Settlement Agreement constitutes the entire agreement and understanding of the Parties regarding the Settlement Agreement and the subject matter thereof and supersedes all prior discussions,

19

negotiations and understandings between the Parties

regarding such subject matter.

   22.   The United States Bankruptcy Court for

the Eastern District of Virginia shall retain exclusive

jurisdiction (and the Parties consent to such retention

of jurisdiction) with respect to any disputes arising

from or related to, or other actions to interpret,

administer or enforce the terms and provisions of, this

Settlement Agreement.

   23.   Each person or entity who executes this

Settlement Agreement on behalf of another person or

entity represents and warrants that he, she, or it is

duly authorized to execute this Settlement Agreement on

behalf of such person or entity, has the requisite

authority to bind such person or entity, and such person

or entity has full knowledge of and has consented to

this Settlement Agreement.  The representations and

warranties set forth in this paragraph shall survive

execution of this Settlement Agreement.

   24.   This Settlement Agreement is effective

(the "Effective Date") upon the later of (i) execution

by all Parties and (ii) the expiration of the applicable
Notice Period.

   25. This Settlement Agreement shall not be
modified, altered, amended or vacated without the
written consent of all Parties hereto and an order of
the Court.

   26. This Settlement Agreement shall inure to
the benefit of and be binding upon the successors and
assigns of the Parties, including any Chapter 7 trustee
or the Liquidating Trustee under the Plan.

[SIGNATURES APPEAR ON FOLLOWING PAGES]

IN WITNESS WHEREOF, the Parties have set their

hands in agreement as of the date written above.

**CIRCUIT CITY STORES, INC.**

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

*Counsel for Circuit City Stores, Inc.,*
*et al., Debtors and Debtors-in-Possession*

**MOTOROLA, INC.**

By:
BUCHANAN INGERSOLL & ROONEY PC
Peter J. Duhig (No. 4024)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801-1397
(302) 552-4200
(302) 552-4295

 - and -

/s/ Frederick L. Peters_____    _
Frederick L. Peters
Senior Counsel
Motorola, Inc.
101 Tournament Dr.
Horsham, PA 19044
(215) 323-2031

*Counsel for Motorola, Inc.*

**GENERAL INSTRUMENT CORP. D/B/A THE HOME &
NETWORKS MOBILITY BUSINESS OF MOTOROLA
INC.**

By:
BUCHANAN INGERSOLL & ROONEY PC
Peter J. Duhig (No. 4024)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801-1397
(302) 552-4200
(302) 552-4295

         - and –


/s/ Frederick L. Peters_____ _____ _
Frederick L. Peters
Senior Counsel
Motorola, Inc.
101 Tournament Dr.
Horsham, PA 19044
(215) 323-2031

*Counsel for General Instrument Corp.
d/b/a The Home & Networks Mobility
Business of Motorola Inc.*

24