LAW OFFICES

# CARMAN, CALLAHAN & INGHAM, LLP

WILLIS B. CARMAN, JR.
MICHAEL F. INGHAM*
GREGORY W. CARMAN, JR.
JAMES M. CARMAN ▲
PETER F. BREHENY
STEPHANIE L. BODEN
PAUL A. BARRETT
WILLIS B. CARMAN

HON. WILLIS B. CARMAN, SR.
FIRM'S FOUNDER (1928-1986)

**266 MAIN STREET**
**FARMINGDALE, NEW YORK 11735**

TEL: (516) 249-3450    FAX: (516) 843-6390

Writer's Direct Dial: (516) 370-5539
www.carmancallahan.com

July 6, 2010

TRACY S. REIFER
□ MICHAEL M. BURKART
■c SUSAN CARMAN
CRAIG STABENAU
VASSILIOS F. PROUSSALIS
ADEEL JAMALUDDIN
JENNIFER L. ZEIDNER
NAFTALI T. HALPERN
CHRISTOPHER G. DOERING
JEFFREY P. SAXON
□ DARA C. GOODMAN
WILLIAM C. LAMBOLEY
□JOHN P. MARTORELLA
□JAMI C. AMARASINGHE
EVELINA K. POPIJAKOWSKA
cSANTOSH N. CHITALIA
LAUREN M. PIACENTINI
DAVID J. BLISS
□JOSEPH A. NIEMCZYK
JACOB A. GOINS
ANNE P. O'BRIEN

* ALSO ADMITTED IN FL
▲ALSO ADMITTED IN PA
c ALSO ADMITTED IN NJ
■ ALSO ADMITTED IN CT

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street Room 4000
Richmond, VA 23219

Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
Attn.: Gregg M. Galardi
Attn.: Ian S. Fredericks

Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, IL 60606
Attn.: Chris L. Dickerson

McGuirewoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Attn.: Douglas M. Foley
Attn.: Sarah B. Boehm

Re:    Circuit City Stores, Inc., et al.,
       Chapter 11
       Case No.: 08-35653 (KRH)
       Notice of Debtors' Seventy-Ninth Omnibus Objection to Claims
       (Disallowance of Certain Legal Claims)

Dear Sir or Madam:

Please be advised our office has been retained by Progressive Insurance Company to pursue Circuit City Stores, Inc. in regards to the property damage claim on behalf of their insured, Aaron C. Hornstra.

Pursuant to the guidelines of the United States Bankruptcy Court for the Eastern District of Virginia, enclosed you will find the our Response to the Notice of Debtors' Seventy-Ninth Omnibus Objection to Claims (Disallowance of Certain Legal Claims) and our supports for our claim against the Defendant, Circuit City Stores, Inc.

*Hornstra v. Circuit City Stores, Inc.*
*Page 2 of 2*                                                                                  *July 6, 2010*

In accordance with the terms of the automobile insurance policy maintained by Aaron C. Hornstra, Progressive Insurance Company issued payment in the amount of Seventeen Thousand Two Hundred Thirty Four ($17,234.03) Dollars and Three Cents, not including the Five Hundred ($500.00) Dollar deductible for the property damage sustained as a result of the Defendant, Circuit City Stores, Inc. negligent installation of the aftermarket device within Mr. Hornstra's motor vehicle. This action seeks reimbursement of these funds.

We have enclosed the following documentation in support of our claim against the Defendant, Circuit City Stores, Inc.:

A)    A Copy of the Summons and Complaint and Affidavit of Service filed with the Supreme Court of the State of New York, County of Nassau.
B)    Annexed hereto is the Lange Technical expert report with photographs of the subject vehicle
C)    Annexed hereto is the New York Affidavit of Vehicle Fire of Plaintiff's insured, Aaron Hornstra detailing facts of the loss
D)    Annexed hereto is the Syosset Fire Department Report
E)    Annexed hereto is the Letter of Guarantee from VW Credit
F)    Annexed hereto is Proof of Payment to VW Credit, and Adesa Impact
G)    Annexed hereto is the Estimate for the 2005 Volkswagen Jetta Damages
H)    Annexed hereto is the Progressive Total Loss Settlement Report
I)    Annexed hereto is the Vehicle Service History Report and Service Invoices
J)    Annexed hereto is Circuit City Customer Search Screen for the Sirius Radio System

Should you have any questions, please feel free to contact me at Carman, Callahan & Ingham, LLP, 266 Main Street, Farmingdale, New York 11735. Please reference our file number, 1200-2420. My direct line is (516) 370-5583.

Very truly yours,

CARMAN, CALLAHAN & INGHAM, LLP

Jami C. Amarasinghe, Esq.

JCA/kh
Enclosure(s)

*Carman Callahan & Ingham, LLP*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Index No.: 08 - 013026
Date Purchased: 7/25/08

----------------------------------------------------------------X

PROGRESSIVE INSURANCE COMPANY a/s/o
AARON C. HORNSTRA,

**Plaintiff Designates
County Of Nassau
as the Place of Trial**

Plaintiff,

-against-

**The Basis of Venue is
Location of the Accident**

CIRCUIT CITY STORES, INC.,

Defendant.

**SUMMONS**
**Plaintiff's Business at:**
**Progressive Insurance Company
5920 Landerbrook Drive
Mayfield Heights, OH  44124**

----------------------------------------------------------------X

*To the above named Defendant(s):*

*YOU ARE HEREBY SUMMONED* to answer the Complaint in this action and to serve a

copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of

Appearance, on the Plaintiff's attorneys within 20 days after the service of this Summons,

exclusive of the day of service (or within 30 days after the service is complete if this Summons is

not personally delivered to you within the State of New York); and in case of your failure to

appear or answer, judgment will be taken against you by default for the relief demanded in the

Complaint.

Dated:   Farmingdale, New York
July 16, 2008

CARMAN, CALLAHAN & INGHAM, LLP

By: _____

CHRISTOPHER G. PERSAD, ESQ.
*Attorneys for Plaintiff*
PROGRESSIVE INSURANCE COMPANY
a/s/o AARON C. HORNSTRA
266 Main Street
Farmingdale, New York 11735
(516) 249-3450 – Tel.
(516) 843-6390 – Fax
File No.: 1200-2420

*Defendant(s) Address (es):*
**Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, Virginia 23233-1464**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
----------------------------------------------------------------X
PROGRESSIVE INSURANCE COMPANY a/s/o
AARON C. HORNSTRA,                                              Index No.:
                        Plaintiff,

        -against-                                **VERIFIED COMPLAINT**

CIRCUIT CITY STORES, INC.,

                   Defendants.
----------------------------------------------------------------X

    Plaintiff, PROGRESSIVE INSURANCE COMPANY a/s/o AARON C. HORNSTRA, by

its attorneys, CARMAN, CALLAHAN & INGHAM, LLP., complaining of the above-named

Defendant, sets forth upon information and belief the following:

    1.     Plaintiff, PROGRESSIVE INSURANCE COMPANY (hereinafter

"PROGRESSIVE"), is a domestic corporation duly authorized to carry on an insurance business

in Mayfield Heights, Ohio.

    2.     Defendant, CIRCUIT CITY STORES, INC. (hereinafter "CIRCUIT CITY"), is a

domestic corporation, duly organized and existing under the laws of the State of New York to

transact business within the State of New York.

    3.     Defendant, CIRCUIT CITY, is a domestic corporation which contracts to supply

goods and services in the State of New York.

    4.     Defendant, CIRCUIT CITY, is a domestic corporation which regularly conducts

business in the State of New York or derives substantial revenue from goods used or consumed

or services rendered in the State of New York.

    5.     Defendant, CIRCUIT CITY, is a domestic corporation which owns, uses or

possesses real property situated within the State of New York.

    6.     At all times hereinafter mentioned, Defendant CIRCUIT CITY, its agents,

servants and/or employees, was and still are engaged in the business of advertising, distributing,

marketing, and installing after market products for the "2005 VW Jetta" motor vehicle.

7.    At all times hereinafter mentioned, Plaintiff's subrogor, Aaron C. Hornstra was

the lawful owner of the "2005 VW Jetta" motor vehicle.

8.    At all times hereinafter mentioned, Aaron C. Hornstra. maintained an automobile

insurance policy with PROGRESSIVE INSURANCE COMPANY.  That policy is identified as

Policy Number 18077285 and provides insurance coverage for the "2005 VW Jetta" motor

vehicle.

9.    The policy of insurance issued by PROGRESSIVE was in full force and effect on

April 20, 2007.

10.    On or about April 20, 2007, a fire was caused to ignite in the subject motor

vehicle due to the negligent installation of the aftermarket devices found within the subject motor

vehicle, which is evident in this incident.

11.    Pursuant to the terms of the automobile insurance policy maintained by Aaron C.

Hornstra, Plaintiff PROGRESSIVE, issued payment in the amount of Seventeen Thousand Two

Hundred Thirty Four ($17,234.03) Dollars and Three Cents minus the Five Hundred ($500.00)

Dollar deductible for the property damage sustained as a result of the Defendant's negligence.

## AS AND FOR A FIRST CAUSE OF ACTION

12.    Plaintiff, PROGRESSIVE, repeats and reiterates each and every allegation of

Paragraph "1" through "11" above with the same force and effect as though fully set forth herein.

13.    The loss to the subject motor vehicle was caused due to the carelessness,

negligence. wanton. and willful disregard on the part of the Defendant. without any negligence

on the part of the Plaintiff.

14.    The loss was due solely to the negligence of the Defendant. its agents. servants.

and/or employees in installation. manufacturing. designing. and selling the aftermarket devices

found within the subject motor vehicle.

15.     Due to the negligence of the Defendants, Plaintiff, PROGRESSIVE was required to pay Seventeen Thousand Two Hundred Thirty Four ($17,234.03) Dollars and Three Cents not including the Five Hundred ($500.00) Dollar deductible, the adjusted value of the subject motor vehicle paid to its insured, Aaron C. Hornstra.

## AS AND FOR A SECOND CAUSE OF ACTION

16.     Plaintiff PROGRESSIVE repeats and reiterates each and every allegation of Paragraphs "1" through "15" above with the same force and effect as though fully set forth herein.

17.     Prior to the date of loss, Plaintiff's subrogor entered into a contract with the Defendants which related to the installation of aftermarket devices in the subject motor vehicle.

18.     Plaintiff's subrogor paid the Defendant valuable consideration for the installation of the aforementioned aftermarket devices.

19.     Defendant represented to Plaintiff's subrogor that the installation was in good working order and free from any defects.

20.     The Plaintiff's subrogor, Aaron C. Hornstra exercised reasonable care in the utilization of the aftermarket products and used it for the purpose it was intended.

21.     Defendant breached its contract with Plaintiff's subrogor as the installation was not up to standards to be used as intended.

22.     That as a result of the Defendant's breach of contract, the Plaintiff's subrogor sustained damage on April 20, 2007. The damage to the subject motor vehicle was directly related to the Defendant's breach of contract.

23.     That all of the foregoing was caused by the Defendant, and Plaintiff PROGRESSIVE is entitled to Seventeen Thousand Two Hundred Thirty Four ($17,234.03) Dollars and Three Cents, plus interest, costs, and other related disbursements.

WHEREFORE, Plaintiff PROGRESSIVE INSURANCE COMPANY a/s/o AARON C. HORNSTRA, demands judgment against the Defendant CIRCUIT CITY STORES, INC. on the

First Cause of Action in the amount of Seventeen Thousand Two Hundred Thirty Four

($17,234.03) Dollars and Three Cents, on the Second Cause of Action in the amount of

Seventeen Thousand Two Hundred Thirty Four ($17,234.03) Dollars and Three Cents, together

with interest, costs, and other related disbursements of this action.

Dated: July 16, 2008
Farmingdale, New York

> CARMAN, CALLAHAN & INGHAM, LLP.
>
> By: _____
>     CHRISTOPHER G. PERSAD, ESQ.
>     Attorneys for Plaintiff
>     PROGRESSIVE INSURANCE COMPANY
>     a/s/o AARON C. HORNSTRA
>     266 Main Street
>     Farmingdale, New York 11735
>     (516) 249-3450 – Tel.
>     (516) 843-6390 – Fax
>     1200-2420

## VERIFICATION

STATE OF NEW YORK)
                                    s.s.
COUNTY OF NASSAU)

      CHRISTOPHER G. PERSAD, ESQ., an attorney duly admitted to practice law in

the Courts of the State of New York, affirm that I associated with the law firm CARMAN,

CALLAHAN & INGHAM, LLP., attorneys of record for the Plaintiff, PROGRESSIVE

INSURANCE COMPANY a/s/o AARON C. HORNSTRA., in the within action; that I have read

the foregoing Summons and Complaint and know the contents thereof; that the same is true to

my knowledge, except as to the matters therein stated to be alleged on information and belief,

and that as to those matters I believe them to be true. I further say that the reason this

Verification is made by me and not by the Plaintiffs is that the Plaintiffs do not reside within the

County of Nassau where I maintain my office.

      The grounds of my belief as to all matters not stated upon my knowledge are as

follows:  the records of the plaintiffs made available to me.

      I affirm that the foregoing statements are true, under penalties of perjury.

Dated: July 16, 2008
Farmingdale, New York

By: _____

      CHRISTOPHER G. PERSAD. ESQ.
      Attorneys for Plaintiff
      PROGRESSIVE INSURANCE COMPANY
      a/s/o AARON C. HORNSTRA
      266 Main Street
      Farmingdale. New York 11735
      (516) 249-3450 -- Tel.
      (516) 843-6390
      File No.: 1200-2420

*SAMSERV, INC. PROCESS SERVICE 140 CLINTON STREET BROOKLYN NY 11201 (718) 875-1133 LICENSE # 0: 29611*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
--------------------------------------------------------------------------X
PROGRESSIVE INSURANCE COMPANY a/s/o
AARON C. HORNSTRA,

                         Plaintiff,

-against-

CIRCUIT CITY STORES, INC.,

                         Defendant.
--------------------------------------------------------------------------X

Atty. CARMAN 1200-2420
Index # 013826-08
D.O.P. 07-25-08
AFFIDAVIT OF SERVICE
(SECRETERY OF STATE)

## RECEIVED

### AUG 07 2008

NASSAU COUNTY
COUNTY CLERK'S OFFICE

STATE OF NEW YORK
COUNTY OF KINGS

_MICHAEL ROTH_ residing in _ALBANY COUNTY_, being duly sworn, deposes and states that I am over the age of eighteen years, is not a party to this action, and has personal and firsthand knowledge of all matters stated herein.

      That on the _1ST_ day of _AUGUST_, 2008, at approximately the time of _8:45_ am at 41 State Street, Albany, New York  deponent served the within _X_ SUMMONS AND VERIFIED COMPLAINT _ with index #/date endorsed thereon on _ CIRCUIT CITY STORES, INC., _defendant, a DOMESTIC CORPORATION, by delivering thereat two true copy of each to _ MS. DONNA CHRISTIE _ personally, deponent knew said Corporation so served to be the Corporation, described in same as said defendant and thereof to accept knew said individual to be the designated clerk for the Secretary of the State of New York.

The description of the individual I served is as follows:
__Male  _X_Female
_X_White Skin  __Black Skin  __Yellow Skin  __Brown Skin  __Red Skin
__Black Hair  __Brown Hair  _X_Blonde Hair  __Gray Hair  __Red Hair  __White Hair
__Balding  __Mustache  __Beard  __Glasses
__14-20Yrs  __21-35Yrs  _X_36-50Yrs  __51-60Yrs  __Over 60Yrs
_X_Under 5'0"  __5'0"-5'3"  __5'4"-5'8"  __5'9"- 6'0"  __Over 6'0"
__Under 100Lbs  _X_100-130Lbs  __131-160Lbs  __161-200Lbs  __Over 200Lbs

**Mailing:** On _ AUGUST 4TH, 2008 _
Pursuant to Section 306 of the Business Corporation Law and Section 3215 of the CPLR, I served an additional copy of the papers stated herein by regular mail to:
_ 80 STATE STREET, ALBANY, NEW YORK, 12207 _. together with a notice that service was made on the Secretary of State, Section 306 of the Business Corporation Law.

Sworn to before me this
_____day of _____, 2008.

WILLIAM MLOTOK
NOTARY PUBLIC, State of New York
No. 01ML5045548
Qualified in Nassau County
Commission Expires June 19, 2011

# NORTH EASTERN TECHNICAL SERVICES, INC.

P.O. BOX 5150
FALL RIVER, MA 02723
1-508-675-0999, 1-508-677-3133 FAX
WEB SITE: NETSEXAM.COM
E-MAIL: NETS@NETSEXAM.COM

## Cause & Origin

| | |
|---|---|
| DATE | JULY 10, 2007 |
| NETS FILE # | 07-0851 |
| FILM # | 052907 |

| | |
|---|---|
| INSURANCE CO. ADDRESS | PROGRESSIVE INSURANCE<br>75-20 ASTORIA BLVD STE 320<br>E ELMHURST NY 22370 |
| CLAIM REP. | NICK CELLI |
| CLAIM No # | 071213997 |
| OWNER'S NAME | AARON HORNSTRA |
| TYPE OF VEHICLE | 2005 VW JETTA |
| VIN # | 3VWSE69M45M042479 |
| COLOR | |
| LOCATION | ADESA, MEDFORD NY |
| SALVAGE POOL LOT # | HUZ22 |

SPECIAL
INSTRUCTIONS:

VERBAL:  GIVEN

DATE:  5/29/07

# NORTH EASTERN TECHNICAL SERVICES, INC.

# VIN CHECK

**VIN #:** 3VWSE69M45M042479

| DIGIT | DESCRIPTION | MEANING |
|-------|-------------|---------|
| 3 | **COUNTRY OF ORIGIN** | MEXICO |
| VW | **MANUFACTURER** | VW |
| S | **SERIES** | JET GLS 4DR /JET GLS 4DR SW /N /JET |
| E | **ENGINE** | 1.8L 4 CYL 180HP /2.0L 4 CYL DSL |
| 6 | **RESTRAINT SYSTEM** | DR/PASS AIRBAG &SD &SD CRTN FRNT |
| 9M | **MODEL** | JETTA |
| 4 | **CHECK DIGIT** | VALID |
| 5 | **YEAR** | 2005 |
| M | **ASSEMBLY PLANT** | PUEBLA MEXICO |
| 042479 | **SEQUENCE NUMBER** | IN RANGE |

### *** VIN PASSED TEST ***

VIN INDICATES A 2005 VW JETTA

Note: if sequence number is out of range, this may be due to a lag in the software. We recommend checking with NICB, as their system is more current.

TO:    NICK CELLI
       PROGRESSIVE INSURANCE

RE:    AARON HORNSTRA
       2005 VW JETTA

# REPORT

## VEHICLE EXAMINED:

The vehicle was a 2005 VW Jetta with VIN # 3VWSE69M45M04247. This information was used to identify the vehicle to be examined.

## LOCATION:

The vehicle was located at Adesa in Medford NY. This was the same location at which the vehicle was to be examined.

## PRELIMINARY:

As per your request, on 5/10/07 and 5/29/07, I traveled to the above mentioned location and examined the above captioned vehicle. Its VIN, year, make and model identified the vehicle. The purpose of this examination was to determine the cause and origin of the fire the vehicle suffered. The vehicle had no reported repairs or problems. Present at the second exam was Scott Bytheway from Volkswagen of America Inc. Both examinations were performed in a nondestructive manner so as to preserve all evidenced for possible further testing.

## EXTERIOR EXAMINATION:

Examining the exterior, I found that the vehicle had been for the most part consumed by the fire. All the glass in the vehicle was found to have been melted and broken as a result of the fire. The fire destroyed the vehicle's front tires. The rear tires were slightly fire damaged from exposure but still inflated. Aftermarket antenna type wiring was visible on the left front roof rail area adjacent to the drivers' door along with a circle type mark on the roof consistent with a magnetic type antenna having been present at the time of the fire. The burn patterns found to the vehicle exterior were consistent with the fire having evolved within the passenger compartment front dash area. The right front door was found to have patterns consistent with the door having been at least partly open at the time of the fire. Paint and cosmetics still remained on the rear portion of the vehicle with the front area of the vehicle having been completely destroyed by the fire. The hood and trunk was found to have mechanical type damage consistent with fire suppression procedures.

## INTERIOR EXAMINATION:

Examining the interior, I noted that the compartment was completely destroyed by the fire. The overall burn patterns found pointed the dashboard as having the heaviest fire related damage. The electrical wiring in the dash area was examined. Shorting, beading and stiff wiring was found in the area of the left side fuse panel. This shorted, beaded and stiff wiring was found to have continued to the mid dash area. Further examination of the electrical wiring showed a large clump of aftermarket type wiring in the left fuse panel area. The wiring remains appeared to have traveled to the mid dash area. The exact location of the aftermarket component is unknown at

this time. The remains of a circuit board were found in the center dash area floor. In speaking with the claim rep as to what aftermarket components were installed on this vehicle it was indicated that Circuit City had installed a Sirius radio. The exact date of installation is unknown at this time. In the trunk of the vehicle was found a large number of items including golf clubs and accessories, tennis rackets, a basketball, a solar type charger, shoes etc. A sample was removed from the right front floor for accelerant testing.

## ENGINE COMPARTMENT EXAMINATION:

The engine compartment of the vehicle was examined. Fire related damage was noted to the compartment with burn pattern found consistent with the fire having entered this compartment via the firewall and windshield area. Some components such as the radiator were found in the passenger compartment.

Some of the systems in the engine compartment that held ignitable fluids were found to have been consumed by the fire. This would have added to the intensity of the fire damage found in this compartment. Examination of the electrical wiring in this compartment showed no signs of electrical fire having evolved within this compartment. The engine oil level was found to be at to near full.

The vehicle undercarriage was examined and found to have some fire related damage with the heaviest damage to the left lower engine compartment area. The damage found was closely examined and found to be consistent with having been as a result of the fuel lines having been consumed as a result of the fire. The fire damage traveled along the fuel line on the left side of the undercarriage and is the main cause of the undercarriage damage found. No indications were found in the engine compartment that the fuel lines were involved in the cause of this fire; the fire damage to the engine compartment was also insufficient to indicate this. The vehicle oil filter was removed for testing.

## CONCLUSION:

## ORIGIN:

Based on the burn patterns observed, this fire was found to have started in the passenger compartment of the vehicle. The area of origin was in the left to center of the dash; this is the area in which stiff, brittle and overheated wiring was found.

## CAUSE:

After all available information was reviewed the fire was determined to have been accidental electrical in nature. The aftermarket Sirius wiring found is the most probable cause of this fire.

The persons who installed this component should be notified before any further testing is conducted for a possible mutual examination.

Should further information become available after the completion of this examination that may be pertinent to this file, please forward it to our office for review and possible further action. Should you have any further questions in reference to this file, please do not hesitate to contact our office at your earliest convenience.

Richard J. Pacheco, BCFE, CFEI, MFE, CFL
Master Forensic Examiner
Fellow, American College of Forensic Examiners
Diplomate, Board Certified Forensic Examiner
Independent Consultant

Terry Corrinne, CFEI
Forensic Analyst
ASE Certified Master
                    Technician

Manuel Ferreira
Licensed Electrician
Forensic Analyst
Dive Team Leader

**Liberal Oliveira, CFL, IL, CFII, CFEI**
Senior Forensic Analyst
ASE Certified Technician
Certified RI Auto Inspector
Oil Filter Technician

Douglas Delaney, FL
Forensic Analyst
ASE Certified Master
                    Technician

*Jonathan Costa, CFEI, CFL
Forensic Analyst
ASE Certified Master Technician
Oil Filter Technician

Jerome Levine, CIL, CFL
Forensic Analyst

Robert Desmarais
Forensic Analyst
Heavy Equipment Specialist
Marine Engine Mechanic

Jay Janak
ASE Certified Technician
Forensic Analyst

**EXAMINATION CONDUCTED 5/10/07:**



**Photo # 1 STOCK NUMBER**



**Photo # 2 FRONT VIEW**



**Photo # 3 LEFT SIDE VIEW**



**Photo # 4 REAR VIEW**



**Photo # 5 RIGHT SIDE VIEW**



**Photo # 6 TOP OF HOOD**



**Photo # 7 FRONT VIEW OF INTERIOR**



**Photo # 8 INTERIOR FRONT**



**Photo # 9 INTERIOR REAR**



**Photo # 10 REAR VIEW OF INTERIOR**



**Photo # 11 INTERIOR FRONT**



**Photo # 12 LEFT SIDE OF DASH**



**Photo # 13 LEFT LOWER DASH**



**Photo # 14 CENTER DASH**



**Photo # 15 CENTER LOWER DASH**



**Photo # 16 INTERIOR REAR**