IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RICHMOND DIVISION
F
I
L
E
D
JUL 1 4 2010
F
I
L
E
D
CLERK
U.S. BANKRUPTCY COURT

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Circuit City Stores, Inc. | : | Case No. 08-35653 (KRH) |
| et al., | : | |
| Debtors. | : | Jointly Administered |

## RESPONSE OF CLAIMANT, VINCENT TULLY, M.D., TO DEBTORS' SEVENTY-NINTH OMNIBUS OBJECTION TO CLAIMS

Claimant, Vincent Tully, M.D., by and through counsel, Thomas A. Lynam, III, Esquire[1],

hereby responds in opposition to Debtors' Seventy-Ninth Omnibus Objection to Claims.

1-10.    Admitted.

11.    Denied as stated.  Although it is admitted, upon information and belief, that the

Debtor disputes liability for Dr. Tully's claim, Dr. Tully denies and disputes any assertions by the

Debtors that they are not liable to Dr. Tully.

12.    Admitted.

13.    Denied.  It is specifically denied that the Debtors have not completed their review

of the validity of Dr. Tully's claim.  Details regarding this claim were fully evaluated by Circuit

City prior to the institute of a lawsuit in this action in September of 2008.  Moreover, Circuit City

retained the law firm of Post & Schell in Philadelphia for the purposes of defending the State

Court action.  Patrick Hughes, Esquire, then filed a verified Answer and New Matter on behalf of

Circuit City, thereby establishing the fact that Circuit City, both by and through their third-party

---

[1] Undersigned Counsel is licensed to practice law in the State and Federal Courts of
Pennsylvania and New Jersey, and in the District of Columbia.  Counsel has prepared for filing an
application for admission, Pro Hac Vice, for the purpose of representing Dr. Tully in this proceeding.
This Response was filed prior to the entry of an order for admission Pro Hac vice to ensure that Dr.
Tully's rights were preserved by compliance with the applicable filing deadline.

claims administrator and retained litigation counsel, reviewed the validity of Dr. Tully's claim.

14. Denied. It is specifically denied that the Debtors have not completed their review of the validity of Dr. Tully's claim. Details regarding this claim were fully evaluated by Circuit City prior to the institute of a lawsuit in this action in September of 2008. Moreover, Circuit City retained the law firm of Post & Schell in Philadelphia for the purposes of defending the State Court action. Patrick Hughes, Esquire, then filed a verified Answer and New Matter on behalf of Circuit City, thereby establishing the fact that Circuit City, both by and through their third-party claims administrator and retained litigation counsel, reviewed the validity of Dr. Tully's claim.

15. It is admitted that Dr. Tully, both individually and through counsel, were served with Notice of this Objection.

16. It is admitted only that Debtor has communicated the relevant details of the Case Management Order.

17-19. Admitted.

WHEREFORE, Claimant, Vincent Tully, M.D., requests that this Honorable Court enter an Order denying Debtor's Objection to Claimant's Claim.

## I.    FACTUAL ALLEGATIONS RELATIVE TO THE CLAIM OF VINCENT TULLY, M.D.

20. On December 19, 2006, Dr. Tully, while a business on the Circuit City premises located at 4130 Concord Pike, Wilmington, DE 19803, fell over a cardboard box that was negligently and carelessly left by a Circuit City employee in an aisle of the store which resulted in Dr. Tully falling into a metal framed display device at the end of the aisle resulting in deep lacerations in his left eyebrow, eyelid and forehead. It is believed, and therefore averred that, the

box of product over which Dr. Tully fell were left by a Circuit City employee who had been stocking shelves and, for reasons that remain unknown, walked away from the mess he had made in the aisle without regard to the safety of the customers in the store.

Plaintiff filed a Civil Action Complaint on September 12, 2008 in the Court of Common Pleas of Philadelphia County which was docketed as September Term, 2008; No. 0247. A copy of the Complaint is attached hereto as Exhibit "1".

Following proper service, Patrick A. Hughes, Esquire of Post & Schell, P.C. in Philadelphia, Pennsylvania filed a verified Answer and New Matter on behalf of Defendant, Circuit City Stores, Inc., a copy of which is attached hereto as Exhibit "2". No Preliminary Objections to venue, or otherwise, were filed by Circuit City Stores, Inc. prior to the filing of their Answer and New Matter.

On December 12, 2008 a Section 503(b)(9) Claim Request form was filed on Dr. Tully's behalf, attached to which was a copy of the filed State Court action. A copy of the Claim Request form is attached hereto as Exhibit "3".

Dr. Tully has made colorable state claims of negligence against Circuit City Stores, Inc.

Rather than filing Preliminary Objections pursuant to Pennsylvania Rule of Civil Procedure 1028 to challenge jurisdiction, the legal sufficiency of the Complaint, the level of sufficiency of the Complaint, et al., those issues were waived by Circuit City Stores, Inc. by the filing of an Answer to Plaintiff's Complaint, a copy of which is attached hereto.

The Debtors' election not to challenge the sufficiency of the pleading, the legal claims made therein, or the jurisdiction is tantamount to an acknowledgment of the colorable nature of Plaintiff's claims against them.

3

As a result of the negligence of the Circuit City Stores, Inc. employee, Dr. Tully sustained

a complex left eyebrow and eyelid laceration with related bruising and swelling that required

numerous sutures and has left Dr. Tully with a permanent scar on his face.  Attached hereto as

Exhibit "4" are three photographs of Dr. Tully's facial injuries.

Approximately twenty-one days after the filing of the Answer and New Matter of Circuit

City Stores, Inc., Debtors filed their voluntary Petitions for Bankruptcy, thereby instituting a Stay

of the State Court proceeding.

As a result of the institution of the Stay, there has been no further adjudication of the

State Court Claim, as such, the claim remains unliquidated.

Prior to the institution of suit, Dr.  Tully made a formal settlement demand in the amount

of Fifty Thousand Dollars ($50,000) to Circuit City Stores, Inc.

WHEREFORE, Claim, Vincent Tully, M.D., hereby respectfully requests the denial of

Debtors' Objection and a payment by the Debtors in an amount that will fully and adequately

compensate Claimant for his past and permanent injuries.

VILLARI, LENTZ & LYNAM, LLC

By:

THOMAS A. LYNAM, III, ESQUIRE
Attorney for Claimant Vincent Tully, M.D.
1600 Market Street, Suite 1800
Philadelphia, PA 19103
215-568-1990 / 215-568-9920 (f)
tlynam@vll-law.com

4

## VERIFICATION

I, Vincent Tully, M.D., hereby verify that I am the Claimant in this action; I have

read the foregoing Response of Claimant, Vincent Tully, M.D. to Debtors' Seventy-Ninth

Omnibus Objection to Claims, and the statements made therein are true and correct

to the best of my knowledge, information and belief.  I understand that the statements

made herein are subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn

falsification to authorities.

Vincent Tully, M.D.

Court of Common Pleas of Philadelphia County
Trial Division

## Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**SEPTEMBER 2008**

E-Filing Number: 0811783

**000247**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| VINCENT TULLY MD | CIRCUIT CITY STORES, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 180 KELLOWS ROAD<br>HONESDALE PA 18431 | 9950 MARYLAND DRIVE<br>RICHMOND  VA 23233 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | | |
|---|---|---|---|---|---|
| ☒ $50,000.00 or less<br>☐ More than $50,000.00 | ☒ Arbitration<br>☐ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival | |

| CASE TYPE AND CODE |
|---|
| 2S - PREMISES LIABILTY, SLIP/FALL |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED**<br>**PRO PROTHY**<br><br>SEP 03 2008<br><br>**M. TIERNEY** | YES          NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>VINCENT TULLY MD</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| THOMAS  A. LYNAM III | 1628 JFK BOULEVARD<br>SUITE 1400<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| 215-568 | 215-568 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 83817 | tlynam@vll-law.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| THOMAS  LYNAM | Wednesday, September 03, 2008, 10:15 am |

FINAL COPY (Approved by the Prothonotary Clerk)

USTED ESTA ORDENADO COMPARECER en una Arbitration Hearing 1888 JFK Blvd, 5th fl. at 09:30 AM - 04/30/2009
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties
There is no right to a trial de novo on appeal from a decision entered ARBITRATION MATTER

By: Thomas A. Lynam, III, Esquire
Attorney I.D. No. 83817
1628 John.F. Kennedy Blvd., Ste. 1400
8 Penn Center
Philadelphia, PA 19103
215-568-1990 / Fax: 215-568-9920
E-Mail: tlynam@vll-law.com

ASSESSMENT OF DAMAGES
HEARING REQUIRED

ATTORNEY FOR PLAINTIFF

| | | |
|---|---|---|
| VINCENT TULLY, M.D. | : | COURT OF COMMON PLEAS |
| 180 Kellows Road | : | PHILADELPHIA COUNTY |
| Honesdale, PA 18431, | : | |
| Plaintiff, | : | |
| v. | : | SEPTEMBER TERM, 2008 |
| CIRCUIT CITY STORES, INC. | : | |
| 9950 Maryland Drive | : | |
| Richmond, VA 23233, | : | NO. |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT
## 2120 - PREMISES LIABILITY

NOTICE
You have been sued in court. If you wish to defend
Against the claims set forth in the following pages, you
must take action within twenty (20) days after this Complaint
and notice are served, by entering a written appearance
personally or by attorney and filing in writing with the
court your defenses or objections to the claims set forth
against you. You are warned that if you fail to do so the
case may proceed without you and a judgment may be
entered against you by the court without further notice
for any money claimed in the complaint or for any other
claim or relief requested by the Plaintiff. You may lose
money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER
AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT
AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET
FORTH BELOW TO FIND OUT WHERE YOU CAN GET
LEGAL HELP.

LAWYER REFERENCE SERVICE
One Parkway, 1515 Arch Street, 15th Floor
Philadelphia, Pennsylvania 19102-1595
215-683-5000

AVISO
Le han demandado a usted en la corte. Si usted quiere
defenderse de estas demandas expuestas en las paginas
siguientes, usted tiene veinte (20) dias de plazo al partir
de la fecha de la demanda y la notificacion. Hace falta asentar
una comparencia escrita o en persona o con un abogado y
entregar a la corte en forma escrita sus defensas o sus
objections a las demandas en contra de su persona. Sea
avisado que si usted no se defiende, la corte tomara
medidas y puede continuar la demanda en contra suya sin
previo aviso o notificacion. Ademas, la corte puede decidir
a favor del demandante y requiere que usted cumpla con
Todas las provisiones de esta demanda. Usted puede perder
dinero o sus propiedades u otros derechos importantes para
usted.
LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.
SI NO TIENE ABOGADO O SINO TIENE ELDINERO SUFICIENTE
DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR
A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA
ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR
ASISTENCIA LEGAL.
SERVICIO DE REFERENCIA LEGAL
One Parkway, 1515 Arch Street, 15th Floor
Filadelfia, Pennsylvania 19102-1595
215-683-5000

VILLARI, LENTZ & LYNAM, LLC
By: Thomas A. Lynam, III, Esquire
Attorney I.D. No. 83817
1628 John F. Kennedy Blvd., Ste. 1400
8 Penn Center
Philadelphia, PA 19103
215-568-1990 / Fax: 215-568-9920
E-Mail: tlynam@vll-law.com

ARBITRATION MATTER
ASSESSMENT OF DAMAGES
HEARING REQUIRED


ATTORNEY FOR PLAINTIFF

---

| | | |
|---|---|---|
| VINCENT TULLY, M.D. | : | COURT OF COMMON PLEAS |
| 180 Kellows Road | : | PHILADELPHIA COUNTY |
| Honesdale, PA 18431, | : | |
| Plaintiff, | : | |
| v. | : | SEPTEMBER TERM, 2008 |
| CIRCUIT CITY STORES, INC. | : | |
| 9950 Maryland Drive | : | |
| Richmond, VA 23233, | : | NO. |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT
## 2120 - PREMISES LIABILITY

1.    Plaintiff, Vincent Tully, M.D., is an adult individual residing at 180 Kellows Road, Honesdale, PA 18431.

2.    Defendant, Circuit City, is a corporation, organized and existing under and by virtue of the laws of the State of Virginia, with a principal address for service located at 9950 Maryland Drive, Richmond, VA 23233.

3.    AT all times relevant and material hereto, Defendant regularly conducts business in Philadelphia, Pennsylvania.

4.    At all times material to this Complaint, Defendant acted or failed to act by their agents, servants, workmen and/or employees, who were then and there acting within the scope of their authority and course of their relationship with Defendant and in furtherance of Defendant's pecuniary interests.

5.    On or about December 19, 2006, Defendant, by and through its agents,

servants, workmen and/or employees, allowed a dangerous and defective condition to exist on its premises.

6.    On or about December 19, 2006, Plaintiff, while a business invitee on the Circuit City premises located at 4130 Concord Pike, Wilmington, DE  19803, Plaintiff tripped on a cardboard box negligently and carelessly left in the customer aisle of the store, and violently struck his head on a metal frame abutting the aisle and consequently sustained deep lacerations to his left eyebrow, eyelid and forehead.

7.    At no time prior to this incident, was Plaintiff aware of the existence of the aforementioned cardboard box in the aisle and there were no signs posted to warn customers of its existence.

8.    Defendant is responsible to keep said premises safe for invitees coming upon the property, which it failed to do.

9.    The negligence and/or carelessness of Defendant, acting as aforesaid, consisted of the following:

a.    Allowing and causing a dangerous condition to exist at the aforesaid location, of which Defendant knew or should have known by the exercise of reasonable care;

b.    Failing to warn customers of the potentially harmful condition;

c.    Failing to keep and maintain the premises in a reasonably safe condition for use by their customers;

d.    Failing to barricade or otherwise contain the area where the dangerous condition existed;

e.    Failing to inspect the premises at reasonable intervals in order to determine the condition thereof;

f.    Failing to exercise due care under the circumstances;

g.    Failing to train its employees in proper safety procedures;

    h.     Disregarding the rights and safety of Plaintiff;

    i.     Violating the applicable ordinances, statutes and codes;

    j.     In being otherwise negligent and/or careless, the particulars of which are presently unknown to Plaintiff but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial in this case.

10.    Said dangerous condition created a reasonably foreseeable risk of the kind of injuries which were incurred by Plaintiff.

11.    The aforesaid accident was due solely as a result of the negligence and/or carelessness of Defendant, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

12.    As a result of the accident, Plaintiff has suffered injuries which are or may be serious and permanent in nature, including but not limited to:  deep lacerations to his left eyebrow, eyelid and forehead which required suturing, pain and numbness in the area of his left eyebrow, permanent scarring above his left eyebrow, neck pain, as well as other injuries as may be diagnosed by Plaintiff's healthcare providers, all of which injuries have in the past and may in the future cause Plaintiff great pain and suffering.

13.    As a further result of this incident, Plaintiff has been and will be forced to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and may be required to continue to expend such sums or incur such expenses for an indefinite time in the future.

14.    As a further result of this incident, Plaintiff has suffered medically determinable physical and/or mental impairment which prevented Plaintiff from performing all or substantially all of the material acts and duties which constituted the

Plaintiff's usual and customary activities prior to the incident.

15.    As a further direct and proximate result of the aforementioned incident, Plaintiff has or may hereinafter incur other financial expenses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover including, but not limited to, excess medical expenses.

16.    As a further result of the accident aforementioned, Plaintiff has suffered severe physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite time in the future.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant in an amount not in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs.

VILLARI, LENTZ & LYNAM, LLC

BY: _____

Thomas A. Lynam, III,
**Attorney for Plaintiff**

## VERIFICATION

Plaintiff verifies that the statements made in this pleading are true and correct to the best of plaintiff's knowledge, information and belief. To the extent that the pleading contains averments of law and language of counsel and results of investigation, plaintiff has relied on counsel. Plaintiff understands that false statements herein are made subject to penalties of 18 Pa. §4904, relating to unsworn falsification to authorities.

_Vincent Tully MD_
VINCENT TULLY, M.D.

Dated: _8/25/08_

To Plaintiff:
You are hereby notified to plead to the
**Answer with New Matter** enclosed herewith
within twenty (20) days of service hereof,
or default judgment may be entered against you.

BY: *Patrick A. Hugh*

Patrick A. Hughes, Esquire

**POST & SCHELL, P.C.**                    ATTORNEYS FOR DEFENDANT
BY: PATRICK A. HUGHES
I.D. #:91415
FOUR PENN CENTER, 13TH FLOOR
1600 JOHN F KENNEDY BLVD.
PHILADELPHIA, PA  19103
215-587-1000

| | |
|---|---|
| VINCENT TULLY, M.D. | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| Plaintiff, | |
| | SEPTEMBER TERM, 2008 |
| v. | |
| | NO: 0247 |
| CIRCUIT CITY STORES, INC. | |
| Defendant. | |

### ANSWER WITH NEW MATTER OF DEFENDANT,
### CIRCUIT CITY STORES, INC., TO PLAINTIFF'S COMPLAINT

Defendant, Circuit City Stores, Inc., (hereinafter "answering defendant"), by and through its

attorneys, Post & Schell, P.C., hereby files the within Answer with New Matter to Plaintiff's

Complaint, and in support thereof, avers as follows:

1.    Denied.  After reasonable investigation, answering defendant is without knowledge

or information sufficient to form a belief as to the truth of the averments contained in this

paragraph, and the same are deemed to be denied.  Strict proof of the truth of the allegations

contained in this paragraph is demanded at the time of trial.

2.    Admitted.

3.    Admitted.

4.   Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required, according to the Rules of Court, and the same are deemed to be denied. However, to the extent that an answer is required, answering defendant specifically denies any and all allegations related to agency, as the identity of such agents, servants, workmen and/or employees have not been set forth nor have any alleged acts or omissions of said agents, servants, workmen and/or employees have been identified and all allegations regarding same are deemed to be denied. Strict proof of the truth of the allegations contained in this paragraph is demanded at the time of trial.

5.   Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required, according to the Rules of Court, and the same are deemed to be denied. However, to the extent an answer is required, it is specifically denied that a dangerous and/or defective condition existed on the property. To the contrary, no dangerous and/or defective condition existed on the property. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph, and all allegations regarding same are deemed to be denied. By way of further answer, answering defendant specifically denies any and all allegations related to agency, as the identity of such agents, servants, workmen and/or employees have not been set forth nor have any alleged acts or omissions of said agents, servants, and/or employees been identified and all allegations regarding same are deemed to be denied. Strict proof of the truth of the allegations contained in this paragraph is demanded at the time of trial.

6.   Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required, according to the Rules of Court, and the same are deemed to be denied. However, to the extent an answer is required, it is specifically denied that as a result of answering defendant's negligence and/or carelessness that the plaintiff sustained any alleged injuries

and/or damages. On the contrary, answering defendant was not negligent and/or careless in any manner and acted with due care under the circumstances, satisfied all standards of care applicable to its conduct, and in no way caused any of the plaintiff's alleged injuries and/or damages. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph pertaining to the alleged nature and/or cause of the plaintiff's alleged injuries and/or damages and all allegations regarding same are deemed to be denied. Strict proof of the truth of the allegations contained in this paragraph is demanded at the time of trial.

7.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required, according to the Rules of Court, and the same are deemed to be denied. Strict proof of the truth of the allegations contained in this paragraph is demanded at the time of trial.

8.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required, according to the Rules of Court, and the same are deemed to be denied. However, to the extent an answer is required, it is specifically denied that as a result of *answering defendant failed to keep its property safe for invitees on the property.* On the contrary, at all times material hereto, answering defendant acted reasonably, carefully and prudently at all times relevant and discharged any and all duties that may have been owed. with due care under the circumstances, satisfied all standards of care applicable to its conduct, and in no way caused any of the plaintiff's alleged injuries and/or damages. Strict proof of the truth of the allegations contained in this paragraph is demanded at the time of trial.

9.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required, according to the Rules of Court, and the same are deemed to be denied. However, to the extent that an answer may be deemed necessary, it is specifically denied

that the plaintiff's alleged injuries and/or damages were caused by the negligence and carelessness of answering defendant in any of the respects as set forth in paragraph 9 (a) through (j) of plaintiff's Complaint, and/or in any other respect.  On the contrary, at all times material hereto, answering defendant acted with due care under the circumstances, satisfied all standards of care applicable to its conduct, and in no way caused any of the plaintiff's alleged injuries and/or damages.  Strict proof of the truth of the allegations contained in this paragraph is demanded at the time of trial.

10.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required, according to the Rules of Court, and the same are deemed to be denied.  Strict proof of the truth of the allegations contained in this paragraph is demanded at the time of trial.

11.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required, according to the Rules of Court, and the same are deemed to be denied.  However, to the extent that an answer may be deemed necessary, it is specifically denied that plaintiff's alleged accident was due solely as a result of the negligence and/or carelessness of answering defendant.  On the contrary, at all times material hereto, answering defendant was not negligent and/or careless in any manner and acted with due care under the circumstances, satisfied all standards of care applicable to its conduct, and in no way caused any of the plaintiff's alleged injuries and/or damages.  Strict proof of the truth of the allegations contained in this paragraph is demanded at the time of trial.

12 – 16.    Denied.  The averments contained in these paragraphs are conclusions of law to which no responsive pleading is required, according to the Rules of Court, and the same are deemed to be denied.  However, to the extent that an answer may be deemed necessary, it is specifically denied that as a result of the negligence and carelessness of answering defendant that the plaintiff sustained any alleged injuries and/or damages.  On the contrary, at all times material hereto,

answering defendant acted with due care under the circumstances, satisfied all standards of care applicable to its conduct, and in no way caused any of the plaintiff's alleged injuries and/or damages. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in these paragraphs pertaining to the alleged nature and/or cause of the plaintiff's alleged injuries and/or damages and all allegations regarding same are deemed to be denied. Strict proof of the truth of the allegations contained in these paragraphs is demanded at the time of trial.

**WHEREFORE,** answering defendant, Circuit City Stores, Inc., denies any liability whatsoever and demands judgment in its favor and against plaintiff.

## NEW MATTER

17.     Answering defendant incorporates by reference the preceding paragraphs of its Answer as though the same were set forth herein at length.

18.     The applicable Statute of Limitations may have expired prior to the institution of this action.

19.     Answering defendant was not negligent, careless, and/or reckless at any time material hereto.

20.     Plaintiffs may have failed to state a cause of action upon which relief can be granted.

21.     Answering defendant caused no injuries or damage to plaintiff, and any injury or damage allegedly sustained by the plaintiff may have been caused by a party other than answering defendant and not within the control of answering defendant.

22.     The plaintiff may have assumed the risk of injury.

23.     The plaintiff may have been contributorily negligent.

24.     Plaintiff's claims may be barred and/or limited by the application of the Pennsylvania Comparative Negligence Act.

25.    Plaintiff may have been otherwise negligent as may be determined during the course and scope of discovery and/or trial.

26.    Answering defendant breached no duty to the plaintiff.

27.    If answering defendant was negligent, which is expressly denied, then the acts or omissions of answering defendant alleged to constitute negligence were not substantial factors or causes of the action or incident of which plaintiff complain and/or did not result in the injuries or damages alleged by the plaintiff.

28.    The intervening negligent acts or omissions of other persons or entities may have constituted superseding causes of the accident or incident of which plaintiff complain, and any injuries or damages allegedly suffered by the plaintiff was caused by such superseding negligence of other persons and/or entities.

29.    Answering defendant reserves the right to assert at the time of trial any and all affirmative defenses revealed through discovery.

30.    Plaintiff's claims for medical expenses must be reduced by the total amount of any and all medical expenses charged, but not actually paid by or on behalf of plaintiff. Any amount of medical expenses claimed by plaintiffs must be reduced by any expenses written off or deducted by any health care provider.

31.    Pa.R.C.P. 238 should be deemed unconstitutional, as a violation of the Due Process and the Equal Protection clauses of the 14th Amendment of the United States Constitution, as well as Article I, Sections 1 and 11 and Article 5, Section 10(c) of the Pennsylvania Constitution. In accordance with Pa.R.C.P. 238, defendant is not required to pay delay damages during those time periods in which plaintiff's conduct delayed the trial. Moreover, delay damages may be further reduced in accordance with Pennsylvania law.

32.    This may be an inconvenient forum for this action and defendant reserves the right to petition the Court to transfer the action to an appropriate venue should its investigation and discovery disclose that such a transfer is warranted.

**WHEREFORE,** answering defendant, Circuit City Stores, Inc., denies any liability whatsoever and demands judgment in its favor and against plaintiff.

Respectfully submitted,

**POST & SCHELL, P.C.**

BY: _____
PATRICK A. HUGHES, ESQUIRE
Attorney for Defendant,
Circuit City Stores, Inc.

# VERIFICATION

I, **Patrick A. Hughes, Esquire,** verify that I am the named attorney representing

defendant, Circuit City Stores, Inc., in the within action and verify that that the statements made in

the foregoing Answer to plaintiff's Complaint with New Matter are true and correct to the best of

my knowledge, information, and belief.

The undersigned understands that this Verification is made subject to the penalties of 18

Pa.C.S. §4904 relating to unsworn falsification to authorities.

PATRICK A. HUGHES, ESQUIRE

## CERTIFICATE OF SERVICE

I, PATRICK A. HUGHES, ESQUIRE, hereby certify that on the 20th day of October 2008, a true and correct copy of the foregoing Answer with New Matter of Defendant, Circuit City Stores, Inc., to Plaintiff's Complaint was served upon the following via Regular Mail:

Thomas A. Lynam, III, Esquire
Villari, Lentz & Lynam, LLC
Eight Penn Center
1628 JFK Blvd., Ste. 1400
Philadelphia, PA 19103
Attorneys for Plaintiff

POST & SCHELL, P.C.

BY: _____
PATRICK A. HUGHES, ESQUIRE
Attorney for Defendant,
Circuit City Stores, Inc.



United States Bankruptcy Court
Eastern District of Virginia
Richmond Division

**DEADLINE FOR FILING 503(b)(9) CLAIMS**
5:00 P.M. Pacific Time
December 19, 2008

### Section 503(b)(9) Claim Request Form

| Circuit City Stores, Inc., *et al.*, Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245 | Circuit City Stores, Inc., *et al.* Case Nos. 08-35653 through 08-35670 Chapter 11 Jointly Administered |
|---|---|

**NOTE:** Pursuant to an Order of the Bankruptcy Court in the above-referenced chapter 11 cases (see Docket No. 107), to have claims allowed as administrative expense under 11 U.S.C. § 503(b)(9), this form must be served upon Circuit City Stores, Inc., *et al.*, Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245 by **December 19, 2008**, the Bar Date for Section 503(b)(9) claims in the above-referenced cases. The form may be submitted in person or by regular mail, overnight mail, or hand delivery. Facsimile, email or electronic submissions will not be accepted. Requests shall be deemed filed when actually received by Kurtzman Carson Consultants LLC.

---

**Name and Address of Creditor:** *(The person or other entity to whom the debtor owes money or property)*

Vincent Tully, M.D.
180 Kellows Road
Honesdale, PA 18431

Telephone: 570-253-5067
Fax: _____

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have made any demand(s) to reclaim goods sold to the debtor under 11 U.S.C. § 546(c). (attach copies of any such demand(s))

**Name and address where notices should be sent (if different from above)**

Thomas A. Lynam, III, Esquire
Villari, Lentz & Lynam, LLC
1600 Market St., Ste. 1800
Philadelphia, PA 19103
Telephone: 215-568-1990
Fax: 215-568-9920

☐ Check box if you have transferred the rights of your claim to any third party. If so please list name of transferee:

☑ Check box if you have never received any notices from the bankruptcy court in this case.

**Debtor against which claim is asserted:  (Check one box below:)**

☑ Circuit City Stores, Inc. (Tax I.D. No. 54-0493875)
☐ Abbott Advertising, Inc. (Tax I.D. No. 54-1624659)
☐ Circuit City Stores West Coast, Inc. (Tax I.D. No. 95-4460785)
☐ CC Distribution Company of Virginia, Inc. (Tax I.D. No. 54-1712821)
☐ Circuit City Properties, LLC (Tax I.D. No. 54-0793353)
☐ Patapsco Designs, Inc. (Tax I.D. No. 52-1086796)
☐ Ventoux International, Inc. (Tax I.D. No. 20-1071838)
☐ Sky Venture Corporation (Tax I.D. No. 54-1760311)
☐ Prahs, Inc. (n/a)
☐ XS Stuff, LLC (Tax I.D. No. 54-2029263)
☐ Kinzer Technology, LLC (Tax I.D. No. 54-2022157)
☐ Circuit City Purchasing Company, LLC (Tax I.D. No. 20-0995170)
☐ Orbyx Electronics, LLC (Tax I.D. No. 20-1203360)
☐ InterTAN, Inc. (Tax I.D. No. 75-2130875)
☐ CC Aviation, LLC (Tax I.D. No. 20-5290841)
☐ Courchevel, LLC (n/a)
☐ Circuit City Stores PR, LLC (Tax I.D. No. 66-0695512)
☐ Mayland MN, LLC (Tax I.D. No. 20-0896116)

---

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: _____

Check here if this claim ☐ replaces  ☐ amends  a previously filed claim, dated: _____

---

**1. BASIS FOR CLAIM:** Goods received by the Debtor within 20 days before the date of commencement of the case.  Value of Goods: $_____

**2. DATE OF SHIPMENT:** _____   **METHOD OF SHIPMENT:** _____   **DATE OF RECEIPT:** _____

NAME OF CARRIER: _____   PLACE OF DELIVERY: _____

**3. TOTAL AMOUNT OF SECTION 503(b)(9) CLAIM:** $_____
☐ Check the box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

---

**4. BRIEF DESCRIPTION OF CLAIM:**   Personal Injury Claim, Phila. Court of Common Pleas

Describe goods sold:   Docket No. September Term, 2008; No. 0247   *Attach support for your claim.*

---

**5. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

**6. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, or contracts. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Attachments must be printed on 8-1/2" by 11" paper.

**7. DATE-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this claim request form.

**8. ORDINARY COURSE CERTIFICATION:** By signing this claim request form, you are certifying that the goods for which payment is sought hereby, were sold to the debtor in the ordinary course of the debtor's business as required by 11 U.S.C. § 503(b)(9).

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**FOR COURT USE ONLY**

RECEIVED
DEC 15 2008
KURTZMAN CARSON CONSULTANTS

---

| Date 12/12/08 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney if any) |
|---|---|





12/20/2006

# VILLARI, LENTZ & LYNAM, LLC

*Attorneys at Law*
**1600 MARKET STREET • SUITE 1800**
**PHILADELPHIA, PA 19103**
**215-568-1990 • FAX: 215-568-9920**

LEONARD G. VILLARI*
BRYAN R. LENTZ*
THOMAS A. LYNAM, III*¹
STEPHEN W. BRENNAN
DANIEL L. PETRILLI

*ALSO ADMITTED TO NJ BAR
¹ ALSO ADMITTED TO DISTRICT OF COLUMBIA BAR

July 13, 2010

**VIA FEDERAL EXPRESS**
Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street, Room 4000
Richmond, VA 23219

      RE:    In Re: Circuit City Stores, Inc. et al.
                    Case Number 08-35653 (KRH)

To Whom it May Concern:

     Enclosed for filing is the Response of Claimant, Vincent Tully, M.D., to the Debtors' seventy-ninth omnibus objection to claims. Thank you for your kind attention to this matter.

                        Sincerely,

                        Thomas A. Lynam, III

TAL/ts

cc:    Vincent Tully, M.D.
       Gregg M. Galardi, Esquire