Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., *et al*., | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered |

**DEBTORS' SUPPLEMENTAL BRIEF IN SUPPORT OF OMNIBUS OBJECTIONS TO LATE CLAIMS FILED BY DINO BAZDAR AND LYLE ALONSO EPPS**

The debtors and debtors-in-possession in the above-captioned jointly administered cases (collectively, the "Debtors")[1] hereby file this supplemental brief in support of

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC

their omnibus objections (the "Omnibus Objections") to the late claims filed by Dino Bazdar and Lyle Alonso Epps (collectively, the "Late Claimants"). In further support of the Omnibus Objections, the Debtors respectfully represent as follows:

## BACKGROUND

### I. The Bankruptcy Cases

1. On November 10, 2008 (the "Petition Date"), the Debtors filed with the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court"), their voluntary petitions for relief under chapter 11 of title 11 of the United State Code (the "Bankruptcy Code") commencing the above-captioned chapter 11 cases.

2. The Debtors have continued the management of Debtors' business and properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

(5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, Virginia 23060.

3. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

**II. The Bar Dates for Filing Claims**

**A. The Bar Dates**

4. On December 10, 2009, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

5. Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date"). The deadline for governmental units to file claims that arose before November 10, 2009 is 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date"). Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims

bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

**B. Service of the Claims Bar Date Notice**

6. On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

7. On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties. See Affidavit of Service at Docket No. 1314, the relevant portions of which are attached hereto as Exhibit A.[2] In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

8. The General Bar Date also was clearly identified and posted by KCC on its website at www.kccllc.net/circuitcity (the "KCC Website") under the

[2] Mr. Bazdar's and Mr. Epps' addresses were redacted in the Affidavit of Service, but the information is available upon request.

publicly available section of the KCC Website entitled "Important Dates, Deadlines & Documents."

**C. Content of the Claims Bar Date Order and Notice**

9. The Claims Bar Date Order provides in relevant part:

> Pursuant to Bankruptcy Rule 3003(c)(3), all "entities" and "persons" (as defined respectively in 11 U.S.C. § 101(15) and (41)), except any governmental unit (as defined in 11 U.S.C. § 101(27)) that are creditors holding or wishing to assert "claims" (as defined in 11 U.S.C. § 101(5)) arising before the Petition Date against any of the Debtors are required to file with the Debtors' Claims Agent (as defined below), on or before 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date") a separate, completed, and executed proof of claim form (conforming substantially to Official Bankruptcy Form No. 10) on account of any such claims in accordance with the procedures set forth below.
>
> . . .
>
> Pursuant to Bankruptcy Rule 3003(c) and Bankruptcy Code section 502(b)(9), any governmental units (as defined in 11 U.S.C. § 101(27)) that are creditors holding or wishing to assert "claims" (as defined in 11 U.S.C. § 101(5)) arising before the Petition Date against any of the Debtors are required to file, on or before 5:00 p.m. (Pacific) on May 11, 2009(the "Governmental Bar Date") a separate, completed, and executed proof of claim form (conforming substantially to Official Bankruptcy Form No. 10) on account of any such claims in accordance with the procedures set forth below.
>
> . . .
>
> Any creditor that is required to file but fails to file a proof of claim for its claim in accordance

> with the procedures set forth in this order on or before the General Bar Date, the Governmental Bar Date, or such other date established hereby (as applicable) shall be forever barred, estopped, and enjoined from: (a) asserting any Claim against the Debtors that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules as undisputed, noncontingent, and unliquidated or (ii) is of a different nature or in a different classification (any such claim referred to as an "Unscheduled Claim") and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim; and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim.

Claims Bar Date Order, ¶¶ 2, 3, 12.

10. The Claims Bar Date Notice provides in relevant part:

> **CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM**
>
> **Any creditor that is required to file but fails to file a proof of claim for its Claim in accordance with the procedures set forth herein on or before the General Bar Date, the Governmental Bar Date, or such other date established hereby (as applicable) shall be forever barred, estopped, and enjoined from: (a) asserting any Claim against the Debtors that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules as undisputed, noncontingent, and unliquidated or (ii) is of a different nature or in a different classification (any such claim referred to as an "Unscheduled Claim") and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim; and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim. If it is**

> **unclear from the Schedules and Statements whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the General Bar Date. Any Entity that relies on the Schedules and Statements bears responsibility for determining that its Claim is accurately listed therein.**

Claims Bar Date Notice, p. 5.

## III. The Late Claims

### A. Dino Bazdar

11. On February 10, 2009, ten (10) days after the General Bar Date, Dino Bazdar filed proof of claim number 10699 ("Claim No. 10699") alleging a general unsecured, secured and priority claim against the Debtors in the total amount of $1,239.27 for alleged damage to his vehicle during a car audio installation at a Circuit City store.[3] A copy of Claim No. 10699 is attached hereto as Exhibit B.

12. The Debtors objected to Claim No. 10699 in the Seventh Omnibus Objection to Certain Late Claims (Docket No. 3506) (the "Seventh Omnibus Objection") on the grounds that it was filed after the General Bar Date.

13. Mr. Bazdar filed a response to the Seventh Omnibus Objection (Docket No. 3814) (the "Bazdar Response"), in which he asserts that Claim No. 10699 should not be disallowed

[3] To date, Mr. Bazdar has been unwilling to agree to reclassify Claim No. 10699 from a priority and secured claim to a general unsecured claim.

because “the damage to my vehicle lowers the overall value of my vehicle” and the “funds will go towards repairing the vehicle’s Car Audio System.” Bazdar Response, p. 1. The Bazdar Response fails to articulate any reason, much less one that can overcome the strict standard of excusable neglect, as to why Claim No. 10699 was filed after the General Bar Date.

**B. Lyle Alonso Epps**

14. On May 11, 2009, over three (3) months after the General Bar Date, Lyle Alonso Epps filed proof of claim number 12951 (“Claim No. 12951”) against the Debtors. Mr. Epps asserts a claim against the Debtors in an unspecified amount for “services performed,” but does not attach any supporting documentation as to the nature of such alleged services or the amount of the claim.[4] A copy of Claim No. 12951 is attached hereto as Exhibit C.

15. The Debtors objected to Claim No. 12951 in the Ninth Omnibus Objection to Certain (I) Late Claims and (II) Late 503(b)(9) Claims (Docket No. 3509) (the “Ninth Omnibus Objection”) on the grounds that it was filed after the General Bar Date.

---

[4] Mr. Epps was briefly employed by the Debtors from approximately August 2007 to February 2008. He was not scheduled and the Debtors’ books and records do not reflect any amounts owed to Mr. Epps.

16.   Mr. Epps filed a response to the Ninth Omnibus Objection (Docket No. 3914) (the "Epps Response").  The Epps Response fails to articulate any reason, much less one that can overcome the strict standard of excusable neglect, as to why Claim No. 12951 was filed after the General Bar Date.

## PRELIMINARY STATEMENT

17.   The Late Claimants' failure to timely file their claims was not due to excusable neglect and no cause exists to excuse the Late Claimants' failure to timely file their claims.  Additionally, even if any of the Late Claimants could prove excusable neglect, which the Debtors submit is not possible under the facts alleged by the Late Claimants, the Court should, in its discretion sustain the Omnibus Objections to the Late Claims because, among other reasons, any potential claims held by the Late Claimants are barred by the Bar Date Order, it would cause prejudice to the Debtors, their estates, and their creditors, potentially open the flood gates to other late claimants and drain the Debtors' and this Court's resources.

## ARGUMENT

### I. The Late Claimants' Claims Are Barred by the Terms of the Bar Date Order and the Omnibus Objections Should Be Sustained

18. The Late Claimants did not file their claims by the General Bar Date and, as a result, their claims are time barred and permanently enjoined under the terms of the Bar Date Order.

19. As this Court has previously found, the claims bar date in a chapter 11 bankruptcy case serves a very important purpose: "[t]he requirement of a Bar Date in Chapter 11 enables the debtor . . . to establish the universe of claims with which it must deal and the amount of those claims." In re Circuit City Stores, Inc., Case No. 08-35653 (Docket No. 6465) (Bankr. E.D. Va. Feb. 4, 2010) (hereinafter "Circuit City v. EDC") (quoting In re A.H. Robins Co., Inc., 129 B.R. 457, 459 (Bankr. E.D. Va. 1991)). Premised on the imperative purpose of finality of asserting claims against a debtor in chapter 11, courts have not allowed claims filed by creditors after the bar date, absent special circumstances. See In re Provident Hosp., Inc., 122 B.R. 683, 685 (D. Md. 1990), aff'd, 943 F.2d 49 (4th Cir. 1991) (unpublished opinion) ("Because [the claimant] did not timely file his bankruptcy claim after having been given

constitutionally sufficient notice, his claim is barred under well-settled authority, 11 U.S.C. 1141(d) and Bankruptcy Rule 3003(c)(2).”).

20. Due process requires that the notice of the applicable bar date be “reasonably calculated, under the circumstances, to apprise an interested party of the pendency of the action.” In re Snug Enters., Inc., 169 B.R. 31, 33 (Bankr. E.D. Va. 1994). In the Debtors’ cases, sufficient notice was given to the Late Claimants such that their due process rights were met.

21. The Bar Date Order explicitly provided that the Debtors were required to serve the Bar Date Notice “by first class mail on or before December 19, 2008 to all known creditors and all known holders of the Debtors’ equity securities as reflected in the Debtors’ books and records, as well as U.S. state escheat or unclaimed property offices.” Bar Date Order, ¶ 7. Accordingly, the Debtors served the Late Claimants with the Bar Date Notice on or about December 19, 2008. See Exhibit A. Thus, the Late Claimants had actual notice of the General Bar Date.

22. Additionally, the Bar Date Order provided that the Debtors publish the Bar Date Notice in the Richmond Times-Dispatch and the national edition of the Wall Street Journal

by December 30, 2008. See Bar Date Order, ¶ 8. Thus, the Debtors timely published the General Bar Date in two newspapers. See supra at ¶ 7. The General Bar Date also was posted on the publicly available KCC Website. Accordingly, the Late Claimants also had constructive notice of the General Bar Date.

23. Despite actual and constructive notice, the Late Claimants failed to file their claims by the General Bar Date. As a result of the Late Claimants' failure to timely file a proof of claim on or before the General Bar Date, the Late Claimants are "forever barred, estopped, and enjoined from . . . asserting any Claim against the Debtors . . . and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim." Bar Date Order, ¶ 12.

## II. The Late Claimants Have Failed to Establish Excusable Neglect and the Omnibus Objections Should Be Sustained

24. If the request for an extension is made after the expiration of the bar date, a claimant must establish not only "cause," but also that "the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b).

25. The burden of proving excusable neglect lies with the claimant seeking to file a proof of claim after a court-

ordered bar date. In re Enron Corp., 419 F.3d 115 (2d Cir. 2005); see also Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 534 (4th Cir. 1996) ("'[T]he burden of demonstrating excusability lies with the party seeking the extension...'") (quoting In re O.P.M. Leasing Serv., Inc., 769 F.2d 911, 917 (2d. Cir. 1985)).

26. In Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship, 507 U.S. 380, 113 S. Ct. 1489 (1993), the Supreme Court established a two-part test to determine whether a claimant's failure to act in accordance with the filing deadline was due to "excusable neglect." Id. at 395, 1498. Under the Pioneer framework, a court must first determine whether the claimant's failure to file in a timely manner was the result of neglect. See id. at 394; see also Huennekens v. Marx (In re Springfield Contracting Corp.), 156 B.R. 761, 765 (Bankr. E.D. Va. 1993) (holding that the Supreme Court had established a two-part inquiry for determining whether a party's failure to act was due to "excusable neglect," the first question being whether the failure to act was due to neglect).

### A. The Failure of the Late Claimants To Timely File a Claim Was Not the Result of "Neglect"

27. “The law since the Pioneer decision has been well established that where a party’s actions are deliberate, the party’s late filing cannot constitute excusable neglect.” In re Banco Latino International, 310 B.R. 780, 785 (Bankr. S.D. Fla. 2004) (internal quotations omitted); see also In re Celotex Corp., 232 B.R. 493, 495 (Bankr. M.D. Fla. 1999) (“After Pioneer, most courts have held that where a party’s actions are deliberate, the party’s late filing cannot constitute excusable neglect.”); see also Agribank v. Breen, 188 B.R. 982, 989 (Bankr. C.D. Ill. 1995) (“[The Pioneer Court’s] definition [of ‘neglect’] virtually excludes any possibility that a late filing which is the result of a party’s deliberate choice can constitute ‘neglect.’”).

28. Neither Mr. Bazdar nor Mr. Epps asserts that his failure to file a timely claim was the result of neglect, thus it appears to be the result of deliberate inaction or carelessness, rather than neglect. Because Mr. Bazdar and Mr. Epps had actual and constructive knowledge of the General Bar Date, their conduct must be characterized as deliberate. See Pioneer Inv. Servs. Co., 507 U.S. at 388 (stating that neglect “encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness”). Mr. Bazdar’s and Mr. Epps’ failure to

timely file claims was not the result of neglect. Accordingly, Mr. Bazdar and Mr. Epps should not be allowed to file late claims.

**B. Alternatively, the Late Claimants' Neglect Was Not Excusable**

29. If a claimant is able to overcome the burden of proving that its failure to timely file a claim was the result of neglect, a court must then turn to the secondary inquiry of whether or not such neglect is "excusable." See id. at 395. In Pioneer, the Court held that the determination of whether the claimant's neglect is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. In keeping with the equitable nature of such a determination, the Supreme Court set forth four factors to be considered when contemplating a motion to allow a late-filed proof of claim under Rule 9006(b). Those factors include: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the claimant; and (4) whether the claimant acted in good faith. Id. at 395.

30. As this Court has stated, "[t]he 'excusable neglect' standard is not an easy one to satisfy." Circuit City v. EDC, p. 10 (quoting Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530 (4th Cir. 1996)("'excusable neglect' is not easily demonstrated, nor was it intended to be."); see also In re Best Products Co., 140 B.R. 353, 359 (S.D.N.Y. 1992) (characterizing the bar date as a court-imposed statute of limitation that is "peremptory").

31. Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable neglect." See Thompson, 76 F.3d at 534; see also In re Best Products Co., Inc., 140 B.R. at 358 ("Except when a known creditor is not listed on the schedules and hence fails to receive notice of the filing deadline, the bar date is strictly enforced.") (citing Wright v. Placid Oil Co., 107 B.R. 104, 106 (N.D. Tex. 1989)). "Even upon a showing of 'excusable neglect,' whether to grant an enlargement of time still remains committed to the discretion of the . . . court." Thompson, 76 F.3d at 532.

**1. The Late Claimants Have Failed to Provide any Reason for Failing to Timely File**

32. "The most important of the factors identified in Pioneer for determining whether 'neglect' is 'excusable' is

the reason for the failure to file." Thompson, 76 F.3d at 534. "[T]he four Pioneer factors do not carry equal weight; the excuse given for the late filing must have the greatest import.  While prejudice, length of delay, and good faith might have more relevance in a close[] [sic] case, the reason-for-delay factor will always be critical to the inquiry."  In re Enron Corp., 419 F.3d 115, 122-24 (3d Cir. 2005) (quoting Graphic Commc'ns. Int'l Union v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5-6 (1st Cir. 2001)); see also Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship, 507 U.S. at 395 (stating that it is also significant whether or not the reason for the failure to file was "within the reasonable control of the movant.").

33.   Mr. Bazdar and Mr. Epps have failed to establish cause under Bankruptcy Rule 9006 and have failed to meet their individual burdens of proving that their neglect was excusable, because they have not articulated any reason for the failure to file timely.  Accordingly, their claims should be disallowed.

**2.   The Debtors Will Be Prejudiced if the Late Claimants' Claims Are Allowed**

34.   Another factor to be considered when determining whether a party's failure to act in a timely manner was

attributable to "excusable neglect" is whether the party's failure to act in a timely manner will prejudice the opposing party.  See Pioneer, 507 U.S. at 395.  However, the presence or absence of prejudice to the Debtors is only one of several factors to be considered by the court in determining whether the claimant has satisfied the excusable neglect standard.  See In re Keene Corp., 188 B.R. 903, 909 (S.D.N.Y. 1995) ("We . . . conclude that an approach that considers all the relevant factors, but recognizes that they all need not point in the same direction, is the correct one.  Conversely, we question the wisdom of an approach under which the court must ultimately ignore the creditor's culpability and permit the filing of an [sic] late claim if prejudice is absent.").

35.  The allowance of late claims could diminish the distribution projected for those claimants that filed timely proofs of claim.  See In re Intelligent Med. Imaging, 262 B.R. 142, 146 (Bankr. S.D. Fla. 2001) (disallowing the late claim in a liquidating chapter 11 case because "the claim would produce substantial prejudice to the other creditors in the case, in that it would greatly reduce the distribution to unsecured creditors.").  In addition, if this Court were to allow the Late Claimants' claims, it may

encourage other late claimants to seek the allowance of
their claims, which could result in a substantial amount of
the Court's time being devoted to considering late claims.

36.  Were this Court to allow the claims of the Late
Claimants, it also could wreak administrative havoc on the
Debtors' claims resolution process.  The amount of time and
legal expense that the Debtors would have to devote to
responding to late claim motions, rather than continuing to
reconcile timely filed claims, also could be substantial.
See In re Calpine Corp., 2007 U.S. Dist. LEXIS 86514 at *19
(S.D.N.Y. Nov. 21, 2007) (finding that "the disruption in
the judicial administration of the estate can constitute
prejudice, apart from any decreased distribution"); see also
In re Nat'l Steel Corp., 316 B.R. 510, 520 (Bankr. N.D. Ill.
2004) (disallowing a late claim because allowing the claim
would require considerable analysis and time and would
severely prejudice the debtors and their ability to
effectively and efficiently review and dispose of claims and
make distributions under the plan).  The allowance of late
claims at this stage of the case also would prejudice the
administration of this mature liquidating chapter 11 case.

37.  Allowing the Late Claimants' claims could easily
open the flood gates for additional late claimants to come

forward.  As one court in this district has previously
noted: "[i]f the court were to allow [the Late Claimants] to
file a late claim solely because [the Late Claimants were]
unaware of the bankruptcy filing, it is difficult to see on
what basis the court could deny the same relief to dozens or
perhaps hundreds of creditors who might now come forward."
In re US Airways, Inc., 2005 Bankr. LEXIS 2696, *24-25 (E.D.
Va. 2005); see also In re Dana Corp., 2007 Bankr. LEXIS 1394
at *19 (In a case dealing with a late-filed 503(b)(9) claim
in a chapter 11 bankruptcy, the court held that "the
floodgates argument is a viable one ... [g]ranting the
requested relief ... would set an untenable precedent and
would likely precipitate a flood of similar claims."); In re
US Airways, Inc., 2005 Bankr. WL 3676186, *8 (E.D. Va. 2005)
("[A]llowance of claims filed many months after the passage
of the bar date would frustrate the efforts of both the
participants and the court.")

    38.  Accordingly, the Omnibus Objections should be
sustained and the Late Claimants' claims should be
disallowed because their allowance would prejudice the
Debtors, potentially open the door to a flood of late
claims, reduce the recovery to creditors who timely filed
claims, and result in significant investment of time and

expense on behalf of this Court, the Debtors and their professionals.

**3. The Length of Delay Weighs Against the Allowance of the Late Claims**

39. Another factor this Court must consider is the length of the delay. The length of delay in the filing of the Late Claims is significant and weighs against the Late Claimants.

40. It is not uncommon for courts to deny a proof of claim filed just a few days after the bar date. See Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530 (4th Cir. 1996) (refusing to enlarge the period for filing a notice of appeal when the litigant mailed the notice three days prior to the expiration of the deadline but the notice did not arrive until three days after the expiration of the deadline); see also In re Dishman, 257 B.R. 780 (Bankr. E.D. Va. 2000) (refusing to enlarge time for filing of complaint where complaint was filed two days late due to a delay in mail delivery caused by inclement weather); Avnet, Inc. v. Maxwell, 2006 WL 1519333 (May 25, 2006 N.D. Ill.) (refusing to accept late filing where claim was faxed to claims agent on bar date and delivered by courier to claims agent one day after the bar date); In re Yankee Distrib. Co., 53 B.R. 222

(Bankr. D. Vt. 1985) (denying motion to allow late proof of claim where proof of claim arrived one day after the bar date).

41.   Mr. Bazdar's claim was filed was filed ten (10) days after the General Bar Date and Mr. Epps' claim was filed approximately three (3) months after the General Bar Date.  As a result of the Late Claimants' substantial delays in filing their claims and their failure to provide any justification, much less a reasonable justification for such delay, the Late Claims should be disallowed.

42.   The Late Claimants have failed to demonstrate sufficient facts to warrant this Court's finding of "excusable neglect."  Because the Late Claimants had actual and constructive notice of the General Bar Date, the Late Claimants have failed to provide this Court with any reason why they should be excused from their failure to timely file their claims by the General Bar Date.

43.   Further, the Late Claimants' failure to file their claims by the General Bar Date was due to inaction, not neglect, and even if their failure to file a claim was due to neglect, such neglect is not excusable.

44.   Additionally, even if any of the Late Claimants could prove excusable neglect, which the Debtors submit is

not possible under the facts alleged by the Late Claimants,
the Court should, in its discretion sustain the Omnibus
Objections to the Late Claims because, among other reasons,
any potential claims held by the Late Claimants are barred
by the Bar Date Order, it would cause prejudice to the
Debtors, their estates and creditors, potentially open the
flood gates to other late claimants and drain the Debtors'
and this Court's resources.

45.  The Late Claimants have failed to meet their
burdens of proving excusable neglect and no cause exists for
extending the time within which the Late Claimants may file
claims.  Accordingly, the Omnibus Objections must be
sustained.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, the Debtors respectfully request that this Court sustain the Omnibus Objections, deny the Late Claims, and grant the Debtors such other and further relief as it deems just and proper.

Dated: July 19, 2010
Richmond, Virginia

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

/s/ Douglas M. Foley .
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

\12268702

# Exhibit A

## Affidavit of Service of Claims Bar Date Notice

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 08-35653 (KRH) |
| CIRCUIT CITY STORES, INC., et al., | : | |
| | : | Jointly Administered |
| Debtors.[1] | : | |

## AFFIDAVIT OF SERVICE

I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

On December 17, 2008, the appropriate number of copies of the following documents were served 1) via hand delivery to the party set forth on the service list attached hereto as **Exhibit A,** for subsequent distribution to beneficial holders of common stock, CUSIP 172737 10 8 (the "common stock"); 2) via overnight mail upon the parties set forth on **Exhibit B,** for subsequent distribution to beneficial holders of common stock; and, 3) via electronic mail upon the parties set forth on **Exhibit C**:

1) Notice of Deadline for Filing Proofs of Claim and Proof of Claim form (Docket No. 966)

2) Notice of Commencement of Chapter 11 Bankruptcy Cases, Meeting of Creditors and Fixing of Certain Dates (Docket No. 967)

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

On December 19, 2008, copies of the following documents were served 1) via first class mail upon the registered holders of common stock listed on **Exhibit D**, provided by Wells Fargo Shareowner Services, as transfer agent; and, 2) via first class mail to the parties set forth on the service list attached hereto as **Exhibit E**:

3) Notice of Deadline for Filing Proofs of Claim and Proof of Claim form (Docket No. 966)

4) Notice of Commencement of Chapter 11 Bankruptcy Cases, Meeting of Creditors and Fixing of Certain Dates (Docket No. 967)

Dated: December 24, 2008

Evan Gershbein

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 24th day of December, 2008, by Evan Gershbein, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature: ______________________

L. MAREE SANDERS
Commission # 1610322
Notary Public - California
Los Angeles County
My Comm. Expires Oct 1, 2009

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| BAYSIDE GROUP, THE | | 400 N ASHLEY DR STE 1725 | | | TAMPA | FL | 33602 | |
| BAYSINGER, ANDREW JAY | | 2007 EAST 133 CT SOUTH | | | BIXBY | OK | 74008 | |
| BAYSINGER, ANDREW JAY | | ADDRESS REDACTED | | | | | | |
| BAYSINGER, TREASURE ANTOINETTE | | ADDRESS REDACTED | | | | | | |
| BAYSORE, JANA MARRIETTA | | 114 BAYSORE LANE | | | MUNCY | PA | 17756 | |
| BAYSORE, JANA MARRIETTA | | ADDRESS REDACTED | | | | | | |
| BAYSTATE MEDICAL CENTER INC | | POST OFFICE BOX 50054 | | | WOBURN | MA | 1815 | |
| BAYTOFF, CONNOR JAMES | | 1612 CLYDESDALE CIRCLE | | | YARDLEY | PA | 19067 | |
| BAYTOPS, BRANDON ALLAN | | 179 CARPENTERS LANE | | | WALKERTON | VA | 23177 | |
| BAYTOPS, BRANDON ALLAN | | ADDRESS REDACTED | | | | | | |
| BAYUK, CHRISTOPHER | | ADDRESS REDACTED | | | | | | |
| BAYUS, DANIEL CHRISTIAN | | 2207 W DANBURY RD | | | PHOENIX | AZ | 85023 | |
| BAYUS, DANIEL CHRISTIAN | | ADDRESS REDACTED | | | | | | |
| BAYVIEW ENVIRONMENTAL SERIVICE | | 1366 DOOLITTLE DR | | | SAN LEANDRO | CA | 94577 | |
| BAYYOUK, MICHAEL A | | ADDRESS REDACTED | | | | | | |
| BAYZE, BRIAN | | 142 S TUCSON BLVD 38 | | | TUCSON | AZ | 85716-0000 | |
| BAYZE, BRIAN EDWARD | | ADDRESS REDACTED | | | | | | |
| BAZ JR , DOUGLAS MCARTHUR | | ADDRESS REDACTED | | | | | | |
| BAZ, KATTAR R | | 2303 STATE ST | | | SAGINAW | MI | 48602-3964 | |
| BAZ, NABIL | | 6700 METROPOLITAN CENTER DR | | | SPRINGFIELD | VA | 00002-2150 | |
| BAZ, NABIL | | ADDRESS REDACTED | | | | | | |
| BAZA, GRACY | | 2500 LOUIS HENNA BLVD | | | ROUND ROCK | TX | 78664-5771 | |
| BAZA, NATHAN TYLER | | 10019 NE 125TH CT NO 1 | | | KIRKLAND | WA | 98034 | |
| BAZA, NATHAN TYLER | | ADDRESS REDACTED | | | | | | |
| BAZAARVOICE | | ATTN ZACK HOTCHKISS | 11921 N MOPAC EXPRESSWAY | SUITE 420 | AUSTIN | TX | 78759 | |
| BAZALDUA, HANAH NICOLE | | 5416 FATTORIA BLVD | | | SALIDA | CA | 95368 | |
| BAZALDUA, HANAH NICOLE | | ADDRESS REDACTED | | | | | | |
| BAZALDUA, MICHELLE | | ADDRESS REDACTED | | | | | | |
| BAZAN, BRANDON S | | ADDRESS REDACTED | | | | | | |
| BAZAN, CHRISTIAN ADRIEL | | 5800 BRODIE LN | 934 | | AUSTIN | TX | 78745 | |
| BAZAN, DONALD | | 198 ARORA BLVD APT 806 | | | ORANGE PARK | FL | 32073 | |
| BAZAN, DONALD P | | ADDRESS REDACTED | | | | | | |
| BAZAN, DONNA LUCIA | | ADDRESS REDACTED | | | | | | |
| BAZAN, EDWARD | | 1701 WILLOW LANE | | | EULESS | TX | 76039 | |
| BAZAN, EDWARD | | ADDRESS REDACTED | | | | | | |
| BAZAN, JASON | | ADDRESS REDACTED | | | | | | |
| BAZAN, JASON MICHAEL | | ADDRESS REDACTED | | | | | | |
| BAZAN, JESUS CARLOS | | ADDRESS REDACTED | | | | | | |
| BAZAN, JOSHUA | | ADDRESS REDACTED | | | | | | |
| BAZAN, JOSHUA | | P O BOX 1367 | | | SAN JUAN | TX | 78589 | |
| BAZAN, JUSTIN | | 109 W SIOUX RD | | | SAN JUAN | TX | 78589-0000 | |
| BAZAN, JUSTIN LEE | | ADDRESS REDACTED | | | | | | |
| BAZAN, NATALIE A | | ADDRESS REDACTED | | | | | | |
| BAZAN, RICARDO MATTHEW | | 901 SARA COURT | 248 | | VACAVILLE | CA | 95687 | |
| BAZAN, RICARDO MATTHEW | | ADDRESS REDACTED | | | | | | |
| BAZAR, BEAU DAVID | | 6254 DAVE ST | | | GROVES | TX | 77619 | |
| BAZAR, BEAU DAVID | | ADDRESS REDACTED | | | | | | |
| BAZARA, JOSH | | ADDRESS REDACTED | | | | | | |
| BAZAZ, ALISHA | | 1701 EAST 12TH ST | APT NO 23 | | CLEVELAND | OH | 44114 | |
| BAZDAR, DINO | | ADDRESS REDACTED | | | | | | |
| BAZELAIS, CARL SIDNEY | | ADDRESS REDACTED | | | | | | |
| BAZELEY, DAVID PAUL | | ADDRESS REDACTED | | | | | | |
| BAZELL, MICHAEL | | 3302 52ND AVE DR W | | | BRADENTON | FL | 34207 | |
| BAZEMORE, CHRISTOPHER JORDAN | | ADDRESS REDACTED | | | | | | |
| BAZEMORE, DARYL | | 4723 TIPPIT TRAIL | | | FAYETTEVILLE | NC | 28306 | |
| BAZEMORE, JAHNELLA NICOLE | | ADDRESS REDACTED | | | | | | |
| BAZEMORE, JENNIFER DENISE | | ADDRESS REDACTED | | | | | | |
| BAZEMORE, JOSEPH | | 11 LILLEY AVE | 3 | | LOWELL | MA | 01852 | |
| BAZEMORE, WALTER L | | 34 FREEDOM TRAIL | | | NEW CASTLE | DE | 19720 | |
| BAZEMORE, WALTER L | | ADDRESS REDACTED | | | | | | |
| BAZEMORE, WILLIE L | | 1163 CENTRE RD | | | WILMINGTON | DE | 19805 | |
| BAZEMORE, WILLIE LAMAR | | 1163 CENTRE RD | | | WILMINGTON | DE | 19805 | |
| BAZEMORE, WILLIE LAMAR | | ADDRESS REDACTED | | | | | | |
| BAZIKYAN, GAYK | | 1001 GLENWOOD RD | | | GLENDALE | CA | 91202 | |
| BAZIKYAN, GAYK | | ADDRESS REDACTED | | | | | | |
| BAZIL, ASHLEY N | | ADDRESS REDACTED | | | | | | |
| BAZILE, BRANDON A | | ADDRESS REDACTED | | | | | | |
| BAZILE, DEBRA E | | ADDRESS REDACTED | | | | | | |
| BAZIN, MARJORIE KAREEN | | ADDRESS REDACTED | | | | | | |
| BAZINET, JASON | | 103 VARAO AVE | | | SOMERSET | MA | 02726 | |
| BAZINET, PATRICK | | 3 DONNA RD | | | WAREHAM | MA | 02576 | |

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| EPPERLY, WARREN ANDREW | | 116 WATER SIDE CIRCLE | | | WINFIELD | WV | 25213 | |
| EPPERSON, CODY EDWARD | | 746 N DELAWARE | | | REPUBLIC | MO | 65738 | |
| EPPERSON, CODY EDWARD | | ADDRESS REDACTED | | | | | | |
| EPPERSON, KEVIN | | 817 W SOUTHSIDE AVE | | | MCHENRY | IL | 60051 | |
| EPPERSON, KOUMBA | | 258 GREEN MEADOWS RD | | | WILMER | TX | 75172 | |
| EPPERSON, KOUMBA | | LOC NO 0034 PETTY CASH | 3737B DUNCANVILLE RD | | DALLAS | TX | 75236 | |
| EPPERSON, KOUMBA L | | ADDRESS REDACTED | | | | | | |
| EPPERSON, MICHAEL NATHAN | | ADDRESS REDACTED | | | | | | |
| EPPERSON, RODNEY JAMES | | ADDRESS REDACTED | | | | | | |
| EPPES & PLUMBLEE PA | | PO BOX 10066 | | | GREENVILLE | SC | 29603 | |
| EPPLEY, NAZARETH W | | ADDRESS REDACTED | | | | | | |
| EPPRIGHT, JOHN | | 737 N EISENHOWER | | | WICHITA | KS | 67212-0000 | |
| EPPRIGHT, JOHN RAYMOND | | ADDRESS REDACTED | | | | | | |
| EPPS PC, M RICHARD | | 2500 WASHINGTON AVE | | | NEWPORT NEWS | VA | 23607 | |
| EPPS, ALSHIREE DENIECE | | ADDRESS REDACTED | | | | | | |
| EPPS, ANTHONY T | | ADDRESS REDACTED | | | | | | |
| EPPS, BENNIE | | 27 LINCOLN AVE | | | NORWALK | CT | 06850 | |
| EPPS, BRANDON ROBERT | | ADDRESS REDACTED | | | | | | |
| EPPS, CHAUNCEY WENDELL | | 1367 HALSTEAD RD | | | BALTIMORE | MD | 21234 | |
| EPPS, CHAUNCEY WENDELL | | ADDRESS REDACTED | | | | | | |
| EPPS, CHRISTOPHER COLUMBUS | | ADDRESS REDACTED | | | | | | |
| EPPS, COREY JOVAN | | ADDRESS REDACTED | | | | | | |
| EPPS, COURTNEY STARR | | ADDRESS REDACTED | | | | | | |
| EPPS, DAVID | | 1008 EAST BELT BLVD | | | RICHMOND | VA | 23224-0000 | |
| EPPS, DAVID LARUE | | ADDRESS REDACTED | | | | | | |
| EPPS, DELORES | | 130 AMSTERDAM DR | | | COLUMBIA | SC | 29210-5878 | |
| EPPS, DESIREE NICOLE | | ADDRESS REDACTED | | | | | | |
| EPPS, GREGORY ADAM | | ADDRESS REDACTED | | | | | | |
| EPPS, HILLIARY PURCELL | | 8117 GREEN LANTERN ST APT 306 | | | RALEIGH | NC | 27613 | |
| EPPS, HILLIARY PURCELL | | ADDRESS REDACTED | | | | | | |
| EPPS, HILTON | | 3119 GLENOA RD | | | RICHMOND | VA | 23223 | |
| EPPS, HILTON E | | ADDRESS REDACTED | | | | | | |
| EPPS, KENNETH H | | 552 TORWOOD LN | | | PLEASANT HILLS | PA | 15236 | |
| EPPS, KENYALL | | 204 NASH RD APT 3 | | | NEW BEDFORD | MA | 00000-2746 | |
| EPPS, KENYALL TIMOTHY | | ADDRESS REDACTED | | | | | | |
| EPPS, LYLE | | ADDRESS REDACTED | | | | | | |
| EPPS, MARCO JARROD | | ADDRESS REDACTED | | | | | | |
| EPPS, MICHAEL A | | ADDRESS REDACTED | | | | | | |
| EPPS, PHEOLA | | 8905 PLAYGROUND CIR | | | RICHMOND | VA | 23237 | |
| EPPS, RICHARD | | 400 N 9TH ST | RICHMOND GEN DIST CT | | RICHMOND | VA | 23219 | |
| EPPS, RICHARD | | 400 N 9TH ST | | | RICHMOND | VA | 23219 | |
| EPPS, SARAH CHANTEL | | 7041 CHASEWOOD DR | | | MISSOURI CITY | TX | 77489 | |
| EPPS, SARAH CHANTEL | | ADDRESS REDACTED | | | | | | |
| EPPS, SEAN | | ADDRESS REDACTED | | | | | | |
| EPPS, SHALANDA MONKEA | | ADDRESS REDACTED | | | | | | |
| EPPS, SPENCER LEE | | 54 BOWEN DR | | | BELMONT | NC | 28012 | |
| EPPS, SPENCER LEE | | ADDRESS REDACTED | | | | | | |
| EPPS, TERENCE A | | ADDRESS REDACTED | | | | | | |
| EPPS, TRAVON | | ADDRESS REDACTED | | | | | | |
| EPPS, WARDELL | | 2018 MORNINGLOW LN | | | COLUMBIA | SC | 29223-0000 | |
| EPRIZE LLC | | 34405 W 12 MILE RD STE 123 | | | FARMINGTON HILLS | MI | 48331 | |
| EPS DOUBLET | | 11420 E 51ST AVE | | | DENVER | CO | 80239 | |
| EPS DOUBLET | | PO BOX 17543 | | | DENVER | CO | 80217-1754 | |
| EPS SPECIALITIES LTD INC | | 7875 7877 SCHOOL RD | | | CINCINNATI | OH | 45249 | |
| EPSILON ELECTRONICS INC | | 1550 S MAPLE AVE | | | MONTEBELLO | CA | 90640 | |
| EPSILON INTERACTIVE INC | | 16 W 20TH ST | | | NEW YORK | NY | 10011-4203 | |
| EPSON ACCESSORIES INC | | P O BOX 2903 | | | TORRANCE | CA | 905092903 | |
| EPSON ACCESSORIES INC | | PO BOX 93107 | | | LONG BEACH | CA | 90809-3107 | |
| EPSON AMERICA INC | | 533 S HOWARD AVE | SUITE 847 | | TAMPA | FL | 33606 | |
| EPSON AMERICA INC | ALLAN LIPSTEIN | 3840 KILROY AIRPORT WAY | | | LONG BEACH | CA | 90806 | |
| EPSON AMERICA INC | ALLAN LIPSTEIN | | | | | CA | | |
| EPSON AMERICA INC | | PO BOX 7247 7503 | | | PHILADELPHIA | PA | 191707503 | |
| EPSON AMERICA INC | | PO BOX 7247 7503 | | | PHILADELPHIA | PA | 19170-7503 | |
| EPSON AMERICA INC | | PO BOX 7427 7503 | | | PHILADELPHIA | PA | 19170-7503 | |
| EPSTEIN BECKER & GREEN PC | | 1875 CENTURY PARK EAST | SUITE 500 | | LOS ANGELES | CA | 90067 | |
| EPSTEIN BECKER & GREEN PC | | SUITE 500 | | | LOS ANGELES | CA | 90067 | |
| EPSTEIN BROWN MARKOWITZ GIOIA | | 245 GREEN VILLAGE RD PO BOX 901 | | | CHATHAM TOWNSHIP | NJ | 079280901 | |
| EPSTEIN BROWN MARKOWITZ GIOIA | | PO BOX 901 | 245 GREEN VILLAGE RD | | CHATHAM TOWNSHIP | NJ | 07928-0901 | |
| EPSTEIN, AARON LOUIS | | ADDRESS REDACTED | | | | | | |
| EPSTEIN, ALEXANDER | | 15550 KNOLL TRAIL DR | 2203 | | DALLAS | TX | 75248 | |

# Exhibit B

**Proof of Claim 10699 Filed by Dino Bazdar**

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

**Debtor against which claim is asserted:** (Check only **one** box below:)

- ☒ Circuit City Stores, Inc. (Case No. 08-35653)
- ☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654)
- ☐ InterTAN, Inc. (Case No. 08-35655)
- ☐ Ventoux International, Inc. (Case No. 08-35656)
- ☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)
- ☐ CC Aviation, LLC (Case No. 08-35658)

- ☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)
- ☐ Circuit City Stores PR, LLC (Case No. 08-35660)
- ☐ Circuit City Properties, LLC (Case No. 08-35661)
- ☐ Orbyx Electronics, LLC (Case No. 08-35662)
- ☐ Kinzer Technology, LLC (Case No. 08-35663)
- ☐ Courchevel, LLC (Case No. 08-35664)

- ☐ Abbott Advertising, Inc. (Case No. 08-35665)
- ☐ Mayland MN, LLC (Case No. 08-35666)
- ☐ Patapsco Designs, Inc. (Case No. 08-35667)
- ☐ Sky Venture Corporation (Case No. 08-35668)
- ☐ XSStuff, LLC (Case No. 08-35669)
- ☐ PRAHS, Inc. (Case No. 08-35670)

NOTE: *This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
**BAZDAR, DINO**

Name and address where notices should be sent:
NameID: 4636458          PackID: 118224

BAZDAR, DINO
11470 W IRVING ST
BOISE ID 83713

Telephone number:

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**   $ 1239.27

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**   CAR AUDIO
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 06AP

**3a.** Debtor may have scheduled account as: YLB59066AP
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☒ Other
Describe:

**Value of Property:** $ 1239.27   Annual Interest Rate ___%

**Amount of arrearage and other charges as of time case filed included in secured claim,**
if any: $ 1239.27   Basis for perfection: _____

**Amount of Secured Claim:** $ 1239.27   **Amount Unsecured:** $ 1299.27

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtors business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**
$ 1239.27

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**Date:**   01/30/09

**Signature:** the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*(signature)* DINO BAZDAR

FOR COURT USE ONLY
RECEIVED
FEB 10 2009
KURTZMANCARSONCONSULTANTS

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



0835653081211170423009940

WESTSIDE BODYWORKS
459 NORTH FIVE MILE ROAD
BOISE,ID 83713
OFFICE: 378-9887 FAX: 378-9892
TAX I.D. #82-0498367

CD LOG NO 23693-1 DATE 07/09/08

SHOP: WESTSIDE BODY WORKS
ADDRESS: 459 NORTH FIVE MILE ROAD
CITY STATE: BOISE, ID
ZIP: 83713-

INSP DATE: 07/09/08
CONTACT: WAYNE RISNER
PHONE 1: (208)378-9887
FAX: (208)378-9892

OWNER: BAZAR, DINO
ADDRESS: 11420 W IRVING ST
CITY STATE: BOISE, ID
ZIP: 83713

CELL PHONE: (208)409-2712

POINT OF IMPACT: 12

LIC#: 7547R STATE: ID
BODY COLOR: BLUE
CONDITION:

VIN: WAULC68E13A186117
MILEAGE:
ACCTNG CTL#:

PROD.DATE: 09/02

PAINT CODE:

| | | |
|---|---|---|
| *=USER-ENTERED VALUE | E=REPLACE OEM | NG=REPLACE NAGS |
| EC=REPLACE ECONOMY | UE=REPLACE OE SURPLUS | UC=RECONDITIONED PRT |
| UM=REMAN/REBUILT PRT | EU=REPLACE SALVAGE | EP=REPLACE PXN |
| OE=REPLACE PXN OE SRPLS | PC=PXN RECONDITIONED | PM=PXN REMAN/REBUILT |
| TE=PARTL REPL PRICE | ET=PARTL REPL LABOR | IT=PARTIAL REPAIR |
| I=REPAIR | L=REFINISH | BR=BLEND REFINISH |
| TT=TWO-TONE | CG=CHIPGUARD | SB=SUBLET |
| N=ADDITIONAL LABOR | RI=R&I ASSEMBLY | P=CHECK |
| AA=APPEAR ALLOWANCE | RP=RELATED PRIOR | UP=UNRELATED PRIOR |

*****************************************************************************

POSSIBLE ADDITIONAL DAMAGE
PARTS SUBJECT TO INVOICE PRICES
ESTIMATE WRITTEN ON VISIBLE DAMAGE ONLY

2003 AUDI A4 QUATTRO 4DOOR SEDAN 4CYL GASOLINE TURBO 1.8
CODE: 68483A/B OPTNS G/24A

OPTIONS:
TWO-STAGE - EXTERIOR SURFACES TWO-STAGE - INTERIOR SURFACES
4-WHEEL DRIVE

| OP | GDE | MC | DESCRIPTION | MFG.PART NO. | PRICE | AJ% | B% | HOURS | R |
|---|---|---|---|---|---|---|---|---|---|
| RI | 0042 | | HEADLAMP ASSEMBLY RT | R&I ASSEMBLY | | | | 0.5 | 1 |
| E | 0286 | | LAMP,SIDE MARKER RT | 8E0949127 | 10.60 | | | 0.7 | 1 |
| E | 0823 | | GRILLE,UPPER COWL | 8E1819422A01C | 16.13 | | | | 1 |

AUDI A4 QUATTRO 4DOOR SEDAN
LOG NO 23693-1

| | | | | | | |
|---|---|---|---|---|---|---|
| E | 0194 | PLATE,FRONT SILL | RT | 8E085337401C | 42.37 | 0.2 1 |
| E | 1198 01 | GRILLE,FRT DOOR SPK | RT | 8E003542425Y | 9.00 | 1 |
| E | 1220 | CLIP,QTR TRIM PNL | RT | MULTI-PART | 1.84 | 1 |
| RI | 0562 | PNL,QTR TRIM LOWER | RT | R&I ASSEMBLY | | 0.2 1 |
| E | 1334 | CLIP,SILL PLATE | | MULTI-PART | 1.64 | 1 |
| RI | 0377 | PLATE,REAR BODY SILL | | R&I ASSEMBLY | | 0.2 1 |
| I | | DIAGNOSE H LAMP WIRING REPAIR | | | | 1.0*2* |

10 ITEMS

MC MESSAGE(S)
01 CALL DEALER FOR EXACT PART NUMBER / PRICE

FINAL CALCULATIONS & ENTRIES

| | | | | |
|---|---|---|---|---|
| GROSS PARTS | | | | 81.58 |
| PARTS & MATERIAL TOTAL | | | | 81.58 |
| TAX ON PARTS @ | | | 6.000% | 4.89 |
| LABOR | RATE | REPLACE HRS | REPAIR HRS | |
| 1-SHEET METAL | 46.00 | 1.8 | | 82.80 |
| 2-MECH/ELEC | 70.00 | | 1.0 | 70.00 |
| 3-FRAME | 48.00 | | | |
| 4-REFINISH | 46.00 | | | |
| 5-PAINT MATERIAL | 28.00 | | | |
| LABOR TOTAL | | | | 152.80 |
| SUBLET REPAIRS | | | | |
| TOWING | | | | |
| STORAGE | | | | |
| GROSS TOTAL | | | | 239.27 |
| NET TOTAL | | | | 239.27 |

SHOPLINK U2087 ES CD LOG 23693-1 DATE 07/09/08 02:51:22PM R6.37 CD 06/08
PXN: Y/00/00/00/00/00 CUM 00/00/00/00/00 GEOCODE 83713
HOST LOG
(C) 1998 - 2007 AUDATEX NORTH AMERICA, INC.

---

THIS ESTIMATE HAS BEEN PREPARED BASED ON THE USE OF CRASH PARTS SUPPLIED BY A SOURCE OTHER THAN THE MANUFACTURER OF YOUR MOTOR VEHICLE. WARRANTIES APPLICABLE TO THESE REPLACEMENT PARTS ARE PROVIDED BY THE MANUFACTURER OR DISTRIBUTOR OF THESE PARTS RATHER THAN THE MANUFACTURER OF YOUR VEHICLE.

**Ultimate Tint & Wheel Shop**
6200 Fairview Ave
Boise, ID 83704
(208) 658-8468

www.theutwshop.com

**Customer Information:**  Dino Bazdar
11470 W. Irving St.
Boise, ID 83713
(208) 409-2712

# Estimate: 2003 Audi A4

1. Replace factory amplifier- not functional do to being wired wrong
   **New 4 Channel amplifier**

2. Replace subwoofers- do to surrounding cone cut
   **New subwoofer/ 2ohm 12"**

3. Rewire connections- wrong cables used/bad cables
   **Wiring harness/ additional wires**

4. Hi-Lo adapters for stock unit
   **New adapters/Bose system 2 channel loc**

5. Replace stock subwoofer 8"- do to wiring complications-blown
   **New 8" Bose subwoofer**

6. Labor of 6 hours

**Total estimated: $1,000**

CLAIM #: YLB59066AP

*For any additional information needed please contact us at (208) 658-8468*

**Ultimate Tint & Wheel Shop**
6200 Fairview Ave
Boise, ID 83704
(208) 658-8468

www.theutwshop.com

**Customer Information:** Dino Bazdar
11470 W. Irving St.
Boise, ID 83713
(208) 409-2712

# Estimate: 2003 Audi A4

1. Replace factory amplifier- not functional do to being wired wrong
   **New 4 Channel amplifier**

2. Replace subwoofers- do to surrounding cone cut
   **New subwoofer/ 2ohm 12"**

3. Rewire connections- wrong cables used/bad cables
   **Wiring harness/ additional wires**

4. Hi-Lo adapters for stock unit
   **New adapters/Bose system 2 channel loc**

5. Replace stock subwoofer 8"- do to wiring complications-blown
   **New 8" Bose subwoofer**

6. Labor of 6 hours

**Total estimated: $1,000**

*For any additional information needed please contact us at (208) 658-8468*



July 1, 2008

Dino Bazdar
11470 W Irving
Boise, Id 83713

RE: Account: Circuit City Stores Inc
Claimant: Dino Bazdar
Date of Loss: 6/20/2008
Claim Number: YLB59066AP

Dear Dino Bazdar,

We received notification of your accident. Please write down the number of your case.

If we haven't contacted you, please contact us at the phone number below to continue the investigation of your case. I am available to answer any questions you have.

Sincerely,

Kristin Magann
Account Representative
P O Box 799
Marlton, Nj 08053-0799
Toll Free: (800) 630-0746 x54442
Facsimile: (866) 522-0495

CC: [EMAIL] KRISTIN.MAGANN@SRSCONNECT.COM

CC:

# Exhibit C

**Proof of Claim 12951 Filed by Lyle Alonso Epps**

#12951

B 10 (Official Form 10) (12/08)

**UNITED STATES BANKRUPTCY COURT** | **PROOF OF CLAIM**

Name of Debtor: CIRCUIT CITY STORES, INCORPORATED, et al.

Case Number: 08-35653-KRH

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): LYLE ALONSO EPPS

Name and address where notices should be sent:
LYLE ALONSO EPPS
12412 EAST 207TH STREET
LAKEWOOD, CALIFORNIA 90715

Telephone number: (404) 396-5154

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**__________
(*If known*)

Filed on:__________

Name and address where payment should be sent (if different from above):
LYLE ALONSO EPPS
12412 EAST 207TH STREET
LAKEWOOD, CALIFORNIA 90715

Telephone number: (404) 396-5154

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $__________

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** SERVICES PERFORMED
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 3875

**3a. Debtor may have scheduled account as:** 5653
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**

**Value of Property:$**________ **Annual Interest Rate**___**%**

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any: $**________ **Basis for perfection:** ________

**Amount of Secured Claim: $**________ **Amount Unsecured: $**________

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$________

**Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date: 05/01/2009

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Lyle Alonso Epps LYLE ALONSO EPPS

FOR COURT USE ONLY
RECEIVED
MAY 11 2009
KURTZMAN CARSON CONSULTANTS

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

0835653090511000000000008