Gregg M. Galardi, Esq.                    Douglas M. Foley
Ian S. Fredericks, Esq.                   (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &           Sarah B. Boehm
FLOM, LLP                                 (VSB No. 45201)
One Rodney Square                         MCGUIREWOODS LLP
PO Box 636                                One James Center
Wilmington, Delaware 19899-0636           901 E. Cary Street
(302) 651-3000                            Richmond, Virginia 23219
                                          (804) 775-1000
          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

               IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                         RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :   Jointly Administered
               Debtors.       :   **Obj. Deadline: August 2, 2010 at
- - - - - - - - - - - - - - - x   5:00 p.m. (ET)**

        NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION
    BY AND AMONG THE DEBTORS AND LEXMARK INTERNATIONAL, INC.
              RESOLVING THE DEBTORS' THIRTY-THIRD
               OMNIBUS OBJECTION TO CLAIM 7391

            PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval
(the "Settlement Procedures Order") (Docket No. 4401).[1]  A

---

[1]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to such terms in the Agreement (defined below) or
     the Settlement Procedures Order.

copy of the Settlement Procedures Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Agreement") with Lexmark International, Inc., a copy of which is annexed as <u>Exhibit 2</u>.

## SUMMARY OF AGREEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Agreement are as follows:

(i)  This is a Tier II Settlement.

---

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]  This section of the notice constitutes a summary of the material terms of the Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Agreement in its entirety.  In the event there is a conflict between the notice and the Agreement, the Agreement shall control in all respects.

(ii) The Agreement is between the Debtors and
Lexmark International, Inc. (the
"Claimant" and together with the Debtors,
the "Parties" and each of which is a
"Party");

(iii)  Claimant filed a proof of claim on
January 28, 2009 in the amount of
$2,769,062.06 ("Claim 7391");

(iv)  The Debtors filed an objection to Claim
7391 in the Debtors' Thirty-Third Omnibus
Objection to Claims (Modification and/or
Reclassification of Certain Claims)
(Docket No. 4588) (the "Thirty-Third
Omnibus Objection");

(v)  Claimant filed a response to the Thirty-
Third Omnibus Objection on September 9,
2009 (Docket No. 4803) (the "Response")
stating that at least $1,336,813.00 of
Claim 7391 is secured by a right of setoff
for certain pre-petition receivables (the
"Alleged Receivables");

(vi) The Debtors are seeking to setoff the
Alleged Receivables against Claim 7391
such that, after setoff of the Alleged
Receivables, Claim 7391 would be reduced
by $1,336,813.00;

(vii) Upon the occurrence of the Effective Date,
Claim 7391 shall be valued in the amount
of $2,769,062.06;

(viii)  Upon the occurrence of the Effective
Date, the Alleged Receivables shall be
valued at $1,336,813.00 (the
"Receivables");

(ix)  Upon the occurrence of the Effective
Date, in full satisfaction and settlement
of the Alleged Receivables and the
Receivables, the Receivables shall be net
against Claim 7391 such that Claim 7391

shall be reduced to and allowed in the
face amount of $1,432,248.71 as a general
unsecured, non-priority claim (the
"Allowed General Unsecured Claim");

(x)     Upon the occurrence of the Effective
Date, the Alleged Receivables, the
Receivables, the Response, and the Thirty-
Third Omnibus Objection shall be deemed
resolved;

(xi) Upon the occurrence of the Effective Date,
to the extent necessary, the automatic
stay under section 362(a) is lifted for
the sole purposes of permitting the offset
in paragraph 3 of the Agreement.

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Settlement Procedures Order,
any Notice Party may object (each an "Objection") to or
request additional time or information (each a "Request")
to evaluate the Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be in writing and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (see information below) by no later
than **August 2, 2010 at 5:00 p.m. (ET)** (the "Objection
Deadline").  Each Objection or Request must be served on (i)
the attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue,

36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

        PLEASE TAKE FURTHER NOTICE that if you object to the Agreement and you do not want the Debtors to proceed with the Agreement or you want the Court to consider your views concerning the Agreement, you or you attorney must also:

> file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before August 2, 2010 at 5:00 p.m. (ET)**.

**Any Objection to an Agreement must be submitted by the method described in the foregoing sentence.  Objections will be deemed filed only when actually received at the address listed above.**

        PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Settlement Procedures Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Agreement or (ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may only make one Request for additional time per Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

        [Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Agreement without further order of the Court or any other action by the Debtors**.

Dated: July 19, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware
19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Douglas M. Foley
(VSB No. 34364)
Sarah B. Boehm
(VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in
Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

           IN THE UNITED STATES BANKRUPTCY COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - x
                           :
In re:                     :   Chapter 11
                           :
CIRCUIT CITY STORES, INC., :   1Case No. 08-35653 (KRH)
et al.,                    :
                           :
           Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

           Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---
[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,
due, proper and adequate notice of the Motion has been
given in accordance with the Case Management Order and
that no other or further notice is necessary;

2.    The Notice Procedures are fair,
reasonable, and appropriate.

3.    The Settlement Procedures are fair
reasonable, and appropriate.

4.    The Notice and Settlement Procedures were
proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)   If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)   If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; _provided_,
_further_, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    <u>Tier I</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    <u>Tier II</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as applicable, in an amount greater than $500,000.

12.   Subject to the Notice Procedures, the Debtors are authorized to compromise and settle Cause of Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value (i) equal to or greater than seventy-five percent (75%) of the Debtors' original reasonable estimate of the Cause of Action and Receivable Claim amount and (ii) equal to or less than $1,000,000.

(b)   <u>Tier II</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value equal to (i) more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.  Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.  Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.    This Court retains jurisdiction to hear
and determine all matters arising from or related to the
Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
        _____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

12

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.    Douglas M. Foley
Ian S. Fredericks, Esq.   (VSB No. 34364)
SKADDEN, ARPS, SLATE,    Sarah B. Boehm
MEAGHER & FLOM, LLP     (VSB No. 45201)
One Rodney Square      MCGUIREWOODS LLP
PO Box 636           One James Center
Wilmington, Delaware     901 E. Cary Street
19899-0636           Richmond, Virginia 23219
(302) 651-3000       (804) 775-1000

       - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:           :  Chapter 11
              :
CIRCUIT CITY STORES, INC.,  :  Case No. 08-35653 (KRH)
et al.,          :
              :
      Debtors.    :  Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG
THE DEBTORS AND LEXMARK INTERNATIONAL, INC.
RESOLVING THE DEBTORS' THIRTY-THIRD
OMNIBUS OBJECTION TO CLAIM 7391**

This settlement agreement and stipulation (the

"Agreement") is entered into by and among the above-

captioned debtors and debtors in possession (the

"Debtors"), on the one hand, and Lexmark International,

Inc. (the "Claimant" and together with the Debtors, the

"Parties" and each of which is a "Party"), on the other

hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to Bankruptcy Code sections

1107(a) and 1108; and

WHEREAS, on November 12, 2008, the Office of

the United States Trustee for the Eastern District of

Virginia appointed a statutory committee of unsecured

creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has

been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

WHEREAS, the associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, and confirmation on the Plan has been adjourned; and

WHEREAS, the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R.

Bankr. P. 2002, 9006, and 9019 Authorizing the

Establishment of Procedures to Settle Certain Pre-

Petition and Post-Petition Claims and Causes of Action

Without Further Court Approval dated August 7, 2009 and

entered on August 10, 2009 (the "Settlement Procedures

Order") (Docket No. 4401)[1] to enter into this Agreement,

subject to the Notice Procedures; and

### SETTLEMENT BACKGROUND

WHEREAS, the Debtors and the Claimant engaged

in business in the ordinary course prior to the Petition

Date wherein the Debtors purchased certain products (the

"Product") from Claimant for sale in the Debtors' retail

stores; and

WHEREAS, on January 28, 2009, Claimant filed

proof of claim number 7391 ("Claim 7391") against the

Debtors' bankruptcy estates.  Therein, Claimant asserted

that it shipped in the ordinary course of business

$2,769,062.06 worth of Product to the Debtors.  Claimant

asserted that $1,365,658.00 of the total amount claimed

was secured on account of an alleged right of setoff

---

[1]  All capitalized terms not otherwise defined herein shall have the
     meaning ascribed to such terms in the Settlement Procedures Order.

pursuant to certain pre-petition agreements between
Claimant and the Debtors (the "Lexmark Agreements")
regarding promotional discounts, growth incentives,
shared advertising expenses, product placement fees and
other promotional arrangements (the "Alleged
Receivables").  The remaining portion of Claim 7391 in
the amount of $1,403,404.06 was asserted as a general
unsecured claim; and

WHEREAS, the Debtors objected to Claim 7391 in
the Debtors' Thirty-Third Omnibus Objection to Claims
(Modification and/or Reclassification of Certain Claims)
(Docket No. 4588) (the "Thirty-Third Omnibus Objection").
Therein, the Debtors sought to modify Claim 7391 such
that the secured portion of the claim would be reduced
to $333,540.34 and the general unsecured portion of the
claim would be increased to $2,435,521.72; and

WHEREAS, the Claimant filed a response to the
Thirty-Third Omnibus Objection on September 9, 2009
(Docket No. 4803) (the "Response").  Therein, the
Claimant reasserted its position that at least
$1,336,813.00 of Claim 7391 was secured by a right of
setoff on account of the Alleged Receivables; and

5

WHEREAS, the Thirty-Third Omnibus Objection was adjourned as to the Claimant; and

WHEREAS, the Parties wish to resolve the Thirty-Third Omnibus Objection, the Response, the Alleged Receivables, and related matters in their entirety by this Settlement Agreement; and

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.   Upon the occurrence of the Effective Date (as defined below), Claim 7391 shall be valued in the amount of $2,769,062.06.

2.   Upon the occurrence of the Effective Date, the Alleged Receivables shall be valued at $1,336,813.00 (the "Receivables").

3.   Upon the occurrence of the Effective Date, in full satisfaction and settlement of the Alleged Receivables and the Receivables, the Receivables shall be net against Claim 7391 such that Claim 7391 shall be reduced to and allowed in the face amount of

6

$1,432,248.71 as a general unsecured, non-priority claim
(the "Allowed General Unsecured Claim").

4.   To the extent required, the automatic
stay of 11 U.S.C. § 362 is lifted to permit the netting
set forth in Paragraph 3 above.

5.   The Allowed General Unsecured Claim shall
be deemed an "allowed" claim in case number 08-35653
(KRH) for all purposes, including with respect to any
confirmed plan or as required under any chapter 7
liquidation (as applicable), and shall not be subject to
further objection, offset, reduction, discount,
impairment or subordination.

6.   Upon the occurrence of the Effective Date,
the Alleged Receivables, the Receivables, the Response,
and the Thirty-Third Omnibus Objection shall be deemed
resolved.

7.   The Lexmark Agreements shall be deemed
terminated and rejected as of the Effective Date.

8.   For the avoidance of doubt and
notwithstanding anything to the contrary in this
Settlement Agreement: (i) the Allowed General Unsecured
Claim shall constitute Claimant's full and final allowed

7

claim in the Debtors' cases and Claimant shall not file
or be entitled to recover on account of any other claims,
(ii) the Debtors shall not be entitled to recover any
further credits, rebates, receivables, setoffs, netting,
or discounts, including (without limitation) the Alleged
Receivables and the Receivables, from Claimant; (iii)
all objections to Claim 7391 shall be deemed resolved;
(iv)(a) the Parties agree that nothing herein shall be
deemed to be or construed as an impairment, waiver, or
relinquishment of, or effect, impair, waive, or
relinquish, (x) the Debtors' rights to recover amounts
under sections 544, 547, 548, 549, and 550 of the
Bankruptcy Code (the "Avoidance Action Claims"), if any,
or (y) Claimant's rights, claims, or defenses to or in
connection with any Avoidance Action Claims, including
but not limited to any claims under 502(h), and (b) the
Parties expressly and forever waive any defense that
this Agreement or any of its terms in any way affected,
impaired, waived, or relinquished such rights or
defenses; and (v) the Claimant and the Debtors
specifically acknowledge and agree that this Agreement
is not intended to, and does not, release or otherwise

8

affect in any way any actual claims or causes of action
(or potential claims or causes of action similar in
nature or type to such actual claims or causes of action)
now or hereinafter asserted in, based on, or relating to
the multi-district litigation captioned In re: TFT-LCD
(Flat Panel) Antitrust Litigation, MDL No. 1827 (N.D.
Cal.)and the actions consolidated therein (the "MDL
Proceeding").

    9.    Neither this Agreement, nor any statement
made or action taken in connection with the negotiation
of this Agreement, shall be offered or received in
evidence or in any way referred to in any legal action
or administrative proceeding among or between the
Parties hereto, other than as may be necessary (a) to
obtain approval of and to enforce this Agreement or (b)
to seek damages or injunctive relief in connection
therewith.

    10.   Each of the Parties hereto shall execute
and deliver any and all additional papers, documents and
other assurances, and shall do any and all acts and
things reasonably necessary or appropriate in

9

conjunction with the performance of their respective

obligations hereunder.

11.   No provision of this Agreement is

intended to confer any rights, benefits, remedies,

obligations or liabilities hereunder upon any person

other than the Parties hereto and their respective

successors.

12.   This Agreement shall be governed by and

construed in accordance with the Bankruptcy Code and the

internal laws of the Commonwealth of Virginia without

regard to any choice of law provisions.

13.   This Agreement may be signed in

counterpart originals and delivered by facsimile or

email, which, when fully executed, shall constitute a

single original.

14.   This Agreement constitutes the entire

agreement and understanding of the Parties regarding the

Agreement and the subject matter thereof.

15.   The United States Bankruptcy Court for

the Eastern District of Virginia shall retain exclusive

jurisdiction (and the Parties consent to such retention

of jurisdiction) with respect to any disputes arising

10

from or related to, or other actions to interpret,
administer or enforce the terms and provisions of, this
Agreement.

16.   Each person or entity who executes this
Agreement on behalf of another person or entity
represents and warrants that he, she, or it is duly
authorized to execute this Agreement on behalf of such
person or entity, has the requisite authority to bind
such person or entity, and such person or entity has
full knowledge of and has consented to this Agreement.
The representations and warranties set forth in this
paragraph shall survive execution of this Agreement.

17.   This Agreement is effective upon the
later of (i) execution by both Parties and (ii) the
expiration of the applicable Notice Period (such date,
the "Effective Date").

18.   This Agreement shall not be modified,
altered, amended or vacated without the written consent
of all the Parties hereto or order of the Bankruptcy
Court.

IN WITNESS WHEREOF, this Agreement is hereby executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO:

By:                                    By:
STEVENS & LEE                          SKADDEN, ARPS, SLATE,
                                       MEAGHER & FLOM, LLP
/s/ Steven J. Adams_____            Gregg M. Galardi, Esq.
Steven J. Adams, Esq.                  Ian S. Fredericks, Esq.
111 N. Sixth Street                    P.O. Box 636
P.O. Box 679                           Wilmington, Delaware
Reading, PA 19603-0679                 19899-0636
(610) 478-2133                         (302) 651-3000

Counsel for Lexmark                    – and –
International, Inc.
                                       SKADDEN, ARPS, SLATE,
                                       MEAGHER & FLOM, LLP
                                       Chris L. Dickerson, Esq.
                                       155 North Wacker Drive
                                       Chicago, Illinois 60606
                                       (312) 407-0700

                                       – and –

                                       MCGUIREWOODS LLP

                                       /s/ Douglas M. Foley_____
                                       Douglas M. Foley
                                       (VSB No. 34364)
                                       Sarah B. Boehm
                                       (VSB No. 45201)
                                       One James Center
                                       901 E. Cary Street
                                       Richmond, Virginia 23219
                                       (804) 775-1000

                                       Counsel for Debtors and
                                       Debtors in Possession

Dated: July 19, 2010

12