**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| In re:<br><br>CH-11 CIRCUIT CITY STORES, INC<br><br>("the Debtors") | Chapter 11<br><br>Case No. 08-35653<br><br><br><br>Claim. No.:6257 |

### NOTICE OF TRANSFER OF CLAIM PURSUANT TO F.R.B.P. RULE 3001 (E)(2) FOR FILED CREDITOR, SHARPE PARTNERS LLC, IN THE AMOUNT OF $157,978.75, TO VONWIN CAPITAL MANAGEMENT, LP

**To Transferor:**
Sharpe Partners LLC
Kathy Sharpe, CEO
61 Broadway, Suite 2305
Suite 1400
New York, NY 10006

PLEASE TAKE NOTICE that the transfer of $157,978.75 of the above-captioned §503 (b) (9) claim has been transferred to:

**Transferee:** VonWin Capital Management, LP
Attn: Roger Von Spiegel, Managing Director
261 Fifth Avenue, 22nd Floor
New York, NY 10016

The evidence of transfer of claim is attached hereto. A copy of the claims agent website listing the claim and a copy Settlement Agreement allowing the claim is attached.

If your objection is not timely filed, the transferee will be substituted in your place as the claimant on our records in this proceeding.

---

*(FOR CLERK'S OFFICE USE ONLY):*
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2010.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___ Transferee ___ Debtors's Attorney ___

_____
**Deputy Cler**k

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

In re:

CH-11 CIRCUIT CITY STORES, INC.

Debtor

Case No. 08-35653

Chapter 11

## NOTICE OF TRANSFER OF CLAIM
## PURSUANT TO RULE 3001(e)

PLEASE TAKE NOTICE that any and all claims of Sharpe Partners, LLC.("Assignor") that are scheduled by the Debtor(s) and or filed as an original or amended Proof of Claim and or filed as an original or amended §503(b)(9) Claim against the Debtor(s), including but not limited to the following:

| §503(b)(1) Claim Amount | Claim No. |
|---|---|
| $157,978.75 | 6257 |

have been transferred and assigned to VonWin Capital Management, L.P. ("Assignee"). The signature of Assignor on this document is evidence of the transfer of the claims and all rights thereto.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Assignment as an unconditional assignment and the Assignee herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to the Assignee.

ASSIGNEE: VonWin Capital Management, L.P.
Address:   261 Fifth Avenue, 22nd Floor
           New York, NY 10016

Signature:
Name:
Title:     Roger Von Spiegel
Date:      Managing Director

ASSIGNOR: Sharpe Partners LLC
Address:  Attn: Kathy L Sharpe CEO
          61 Broadway Ste 2305
          New York, NY 10006

Signature: Kathy L Sharpe
Name:      Kathy L. Sharpe
Title:     CEO
Date:      7/19/10

# Creditor Data for Claim Number 6257

Help

| Creditor: | Date Claim Filed: 1/26/2009 |
|---|---|
| Sharpe Partners LLC<br>Attn Kathy L Sharpe CEO<br>61 Broadway Ste 2305<br>New York, NY 10006 | Claim #: 6257 |

**Notice Party(ies):**

**Debtor Name:** Circuit City Stores, Inc.
**Debtor Case Number:** 08-35653

| | Schedule Amount | C* | U* | D* | Filed Claim Amount | Present Claim Amount |
|---|---|---|---|---|---|---|
| GU | | | | | $87,121.25 | $87,121.25 |
| PRI | | | | | | |
| SEC | | | | | | |
| AP | | | | | $157,978.75 | $157,978.75 |
| AS | | | | | | |
| **TOTALS** | | | | | $245,100.00 | $245,100.00 |

*C=Contingent, U=Unliquidated, D=Disputed

**Transfer History**

| Date Filed | Date Effective | Transfer Type | Transferor | Transferee | Status |
|---|---|---|---|---|---|
| No records found | | | | | |

**Objection History**

| Date Created | Name | Basis | Status |
|---|---|---|---|
| 8/21/2009 | Debtors' Thirty-Third Omnibus Objection to Claims (Modification and/or Reclassification of Certain Claims) | Exhibit C - Reclassification of Certain Misclassified Claims - Modified | Continued |

**Claim Withdrawal History**

| Date Filed | Docket Number | Document Name | File Size |
|---|---|---|---|
| No records found | | | |

**Stipulation History**

| Date Filed | Docket Number | Document Name | File Size |
|---|---|---|---|
| No records found | | | |

This website is maintained for the public's convenience and for informational purposes only. Users of this website should not take or refrain from taking any action based upon content included in the website or in the results of any search made on this site without seeking legal counsel on the particular facts and circumstances at issue from a licensed attorney. All search results provided through this website are qualified in their entirety by the official register of claims and the Schedules of Assets and Liabilities ("Schedules") filed in the bankruptcy case/s of the debtor/s.

Without limiting the generality of the foregoing, any failure by a debtor to designate a claim listed on the Schedules as "disputed", "contingent", or "unliquidated" does not constitute an admission that such amounts are not "disputed", "contingent", or "unliquidated". Further, each debtor reserves the right to amend their Schedules and Statements of Financial Affairs as necessary and appropriate. Debtors further reserve the right to dispute, on any grounds, or to assert offsets or defenses to, any claim reflected on their schedules or filed against a Debtor, including objecting to the amount, liability classification or priority of such claim, or to otherwise subsequently designate any claim as "disputed", "contingent", or "unliquidated".

Gregg M. Galardi, Esq.          Douglas M. Foley
Ian S. Fredericks, Esq.         (VSB No. 34364)
SKADDEN, ARPS, SLATE,           Sarah B. Boehm
MEAGHER & FLOM, LLP             (VSB No. 45201)
One Rodney Square               MCGUIREWOODS LLP
PO Box 636                      One James Center
Wilmington, Delaware            901 E. Cary Street
19899-0636                      Richmond, Virginia 23219
(302) 651-3000                  (804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
            IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION
- - - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
et al.,                        :
                               :
              Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE DEBTORS AND SHARPE PARTNERS, LLC RESOLVING THE DEBTORS' THIRTY-THIRD OMNIBUS OBJECTION TO CLAIM 6257**

This settlement agreement and stipulation (the "Agreement") is entered into by and among the above-

captioned debtors and debtors in possession (the "Debtors"), on the one hand, and Sharpe Partners, LLC (the "Claimant" and together with the Debtors, the "Parties" and each of which is a "Party"), on the other hand.

## GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, the Debtors have continued as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108; and

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores. As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval dated August 7, 2009 and entered on August 10, 2009 (the "Settlement Procedures Order") (Docket No. 4401)[1] to enter into this Agreement, subject to the Notice Procedures; and

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Procedures Order.

SETTLEMENT BACKGROUND

WHEREAS, Claimant filed a proof of claim on January 26, 2009 in the amount of $245,100.00, of which $157,978.75 is allegedly entitled to administrative priority under Bankruptcy Code section 507(a)(2) ("Claim 6257"); and

WHEREAS, the Debtors filed an objection to Claim 6257 in the Debtors' Thirty-Third Omnibus Objection to Claims (Modification and/or Reclassification of Certain Claims)(Docket No. 4590) on August 21, 2009 (the "Thirty-Third Omnibus Objection"); and

WHEREAS, the Claimant filed a response to the Thirty-Third Omnibus Objection on September 15, 2009 (Docket No. 4894) (the "Response") reasserting that $157,978.75 of Claim 6257 was entitled to administrative priority; and

WHEREAS, the Parties have engaged in discussions with respect to resolution of the Response, the Thirty-Third Omnibus Objection, the Debtors' other disputes with respect to Claim 6257, and related matters; and

4

WHEREAS, the Parties wish to resolve the Response, the Thirty-Third Omnibus Objection, and related matters in their entirety by this Settlement Agreement.

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:



1. Upon the occurrence of the Effective Date (as defined below), Claim 6257 shall be allowed as follows: $157,978.75 as a claim entitled to administrative priority under Bankruptcy Code section 507(a)(2) and $87,121.25 as a general unsecured, non-priority claim.

2. Upon the occurrence of the Effective Date, the Response and the Thirty-Third Omnibus Objection shall be deemed resolved as set forth herein.

3. Claim 6257 as allowed in the Agreement shall constitute Claimant's full and final claim in the Debtors' chapter 11 cases and Claimant shall not file or be entitled to recover on account of any other claims.

4. Neither this Agreement, nor any statement made or action taken in connection with the negotiation of this Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Agreement or (b) to seek damages or injunctive relief in connection therewith.

5. Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

6. No provision of this Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors and assigns.

7. This Agreement shall be governed by and construed in accordance with the Bankruptcy Code and the

internal laws of the Commonwealth of Virginia without regard to any choice of law provisions.

8. This Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

9. This Agreement constitutes the entire agreement and understanding of the Parties regarding the Agreement and the subject matter thereof.

10. The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Agreement.

11. Each person or entity who executes this Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has

full knowledge of and has consented to this Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Agreement.

12. On or before July 14, 2010, the Debtor shall provide a Settlement Notice of the Agreement herein to the Notice Parties in full compliance with the Settlement Procedures Order.

13. This Agreement is effective upon the later of (i) execution by both Parties and (ii) the expiration of the applicable Notice Period (such date, the "Effective Date").

14. This Agreement shall not be modified, altered, amended or vacated without the written consent of all the Parties hereto or order of the Bankruptcy Court.

[Remainder of page intentionally left blank]

IN WITNESS WHEREOF, this Agreement is hereby executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO:

By:

/s/ Peter J. Barrett
KUTAK ROCK LLP
Peter J. Barrett
(VSB No. 46179)
Kimberly A. Pierro
(VSB No. 71362)
1111 East Main Street
Suite 800
Richmond, Virginia 23219

Counsel for Sharpe Partners, LLC

By:
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware
19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley
(VSB No. 34364)
Sarah B. Boehm
(VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

Dated: July 8, 2010