Martin A. Eliopulos
Laura L. Buckley
HIGGS, FLETCHER & MACK, LLP
401 West A Street, Suite 2600
San Diego, CA 92101
(619) 236-1551
Attorneys for Claimant, Diane Granito (#4767)



RICHMOND DIVISION
FILED JUL 22 2010
CLERK
US BANKRUPTCY COURT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTER DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DIANE GRANITO<br>        Claimant<br><br>v.<br>CIRCUIT CITY STORES, INC. et al. | Chapter 11<br><br>Case No. 08-35653 (KRH)<br><br>RESPONSE TO DEBTORS' SEVENTY-NINTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN LEGAL CLAIMS) |

Diane Granito (Claim No. 4767), by and through counsel, hereby responds to Debtors' Seventy-Ninth Omnibus Objection To Claims (Disallowance Of Certain Legal Claims) and in support thereof, states as follows:

1. **Claimant's Name and Explanation for Claim Amount**

Claimant, Diane Granito ("Ms. Granito") filed Claim No. 4767 in this Chapter 11 proceeding representing the amount in damages that she sustained as a result of a trip and fall on Debtor's property. See Declaration in Support of Response to Debtors' Seventy-Ninth Omnibus Objection to Claims ("Granito Declaration"), a true and correct copy of which is attached hereto, p. 2, ¶ 4.

On November 18, 2007, Ms. Granito was injured when she tripped and fell at the property of Circuit City Stores, Inc. ("Debtors" and/or "Defendant"), over a doormat which was raised and loose

970676.1

creating a dangerous condition. Granito Declaration at p. 1, ¶ 2. Debtors' dangerous condition caused Ms. Granito to trip and strike the floor with her hands and knees, causing injury to her back. Id. p. 1-2, ¶ 2. Ms. Granito's injuries were so severe she lost most of her mobility and had to use a wheelchair for six months. Id. p. 2, ¶ 2. As a result of her injuries, Ms. Granito suffered, *inter alia*, lost wages, loss of use of property, hospital and medical expenses, general damages, and loss of earning capacity. Id. p. 2, ¶ 2.

On November 17, 2009, Ms. Granito filed, by and through her counsel, a Complaint against Debtors in California Superior Court, case number 37-2009-00070698-CU-PO-EC ("state court action"), wherein she alleged, *inter alia*, negligence and willful failure to warn. Id. p. 1, ¶ 1; see also Id. Exhibit 1. The state court action is still unresolved. Id. at p. 1, ¶ 1.

2. **Notice Address**

   Martin A. Eliopoulos
   HIGGS, FLETCHER & MACK, LLP
   401 West A Street, Suite 2600
   San Diego, CA 92101
   Phone: (619) 236-1551
   Fax:   (619) 696-1410

3. **Additional Address**

   Anthony R. Laureti
   Laureti & Associates
   402 W. Broadway Suite 860
   San Diego, CA 92101
   Phone: (619) 236-8700
   Fax:   (619) 236-1370

//

//

970676.1

## CONCLUSION

Ms. Granito accordingly requests that Debtors' Seventy-Ninth Omnibus Objection to Claims (Disallowance of Certain Legal Claims) be denied as to her.

DATED: July 19, 2010                    HIGGS, FLETCHER & MACK LLP

                                        By: _____
                                            MARTIN A. ELIOPULOS, ESQ.
                                            LAURA L. BUCKLEY, ESQ.
                                            Attorneys for Claimant, Diane Granito
                                            401 West A street Suite 2600
                                            San Diego, CA 92101
                                            Telephone: (619) 236-1551

970676.1

Martin A. Eliopulos
Laura L. Buckley
HIGGS, FLETCHER & MACK, LLP
401 West A Street, Suite 2600
San Diego, CA 92101
(619) 236-1551
Attorneys for Claimant, Diane Granito (#4767)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTER DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DIANE GRANITO<br>               Claimant | Chapter 11 |
| v.<br>CIRCUIT CITY STORES, INC. et al. | Case No. 08-35653 (KRH)<br><br>DECLARATION IN SUPPORT OF RESPONSE TO DEBTORS' SEVENTY - NINTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN LEGAL CLAIMS) |

I, DIANE GRANITO, declare as follows:

1. I am the Plaintiff in *Granito v. Circuit City Stores, Inc.*, California Superior Court Case No. 37-2009-00070698-CU-PO-EC. The causes of action in said case against Circuit City Stores, Inc. ("Defendant") include, *inter alia*, negligence and willful failure to warn. A true and correct copy of the Complaint is attached hereto and marked as **Exhibit 1**. Said case is still unresolved. I have personal knowledge of the matters set forth in this declaration and if called upon to testify I would competently do so.

2. On November 18, 2007, I was injured on Defendant's property when I tripped and fell over a metal walkway doormat that was unsecure and created a dangerous condition. The doormat was raised and loose and it caused me to fall and strike my hands and knees. I injured my

970679.1

07/19/2010 MON 10:21  FAX 619 696 1410  Higgs Fletcher & Mack LL                        ☒003/003

2

back, among other things, as a direct result of the fall. My injuries were so severe that I lost most of my mobility for approximately one year, and was wheelchair-bound for six months. My injuries led me to suffer, *inter alia*, wage loss, loss of use of property, hospital and medical expenses, general damages, and loss of earning capacity.

3. A witness to the above described accident was Vincent Ortiz. Mr. Ortiz completed a customer incident reporting worksheet at the time of the accident for Defendant. Mr. Ortiz also spoke to Defendant's store manager, Dakota Page.

4. I filed Claim No. 4767 in this underlying Chapter 11 case which represented the amount of damages I sustained as a result of the above-described accident.

I declare under penalty of perjury under the laws of the United States of America and California that the foregoing is true and correct.

Dated this __19__ day of July, 2010. Executed in San Diego, California.

_____
DIANE GRANITO

970679.1

Case 08-35653-KRH    Doc 8164    Filed 07/22/10    Entered 07/26/10 13:12:53    Desc Main
Document    Page 6 of 18

**EXHIBIT 1**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 250 East Main Street | |
| MAILING ADDRESS: 250 East Main Street | |
| CITY AND ZIP CODE: El Cajon, CA 92020 | |
| BRANCH NAME: East County | |
| TELEPHONE NUMBER: (619) 456-4286 | |
| PLAINTIFF(S) / PETITIONER(S): Diane Granito | |
| DEFENDANT(S) / RESPONDENT(S): Circuit City Stores Inc | |
| GRANITO VS. CIRCUIT CITY STORES INC | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER: 37-2009-00070698-CU-PO-EC |

Judge: Eddie C Sturgeon                             Department: E-14

**COMPLAINT/PETITION FILED:** 11/17/2009

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2009-00070698-CU-PO-EC      CASE TITLE: Granito vs. Circuit City Stores Inc

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter 3 and Code of Civil Procedure 1141 et seq. address this program specifically.

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 593-4530.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 250 East Main Street<br>MAILING ADDRESS: 250 East Main Street<br>CITY, STATE, & ZIP CODE: El Cajon, CA 92020-3941<br>BRANCH NAME: East County | FOR COURT USE ONLY |

PLAINTIFF(S): Diane Granito

DEFENDANT(S): Circuit City Stores Inc

SHORT TITLE: GRANITO VS. CIRCUIT CITY STORES INC

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER:<br>37-2009-00070698-CU-PO-EC |
|---|---|

Judge: Eddie C Sturgeon                                   Department: E-14

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program            ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                       ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                      ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                      ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral    ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate: (mediation & arbitration only) _____

Date: _____                              Date: _____

_____                              _____
Name of Plaintiff                                          Name of Defendant

_____                              _____
Signature                                                     Signature

_____                              _____
Name of Plaintiff's Attorney                         Name of Defendant's Attorney

_____                              _____
Signature                                                     Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 11/19/2009                                      _____
                                                                  JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)       **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**       Page: 1

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT: CIRCUIT CITY STORES, INC., a Corporation
(AVISO AL DEMANDADO):

YOU ARE BEING SUED BY PLAINTIFF: DIANE GRANITO
(LO ESTÁ DEMANDANDO EL DEMANDANTE):



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOV 19 2009

By: E. Galvin, Deputy
EAST COUNTY DIVISION

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California, County of San Diego
250 East Main Street
El Cajon, California 92020

CASE NUMBER:
(Número del Caso)
**37-2009-00070698-CU-PO-EC**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Anthony R. Laureti, Esq.
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Laureti & Associates
402 W Broadway STE 860, San Diego, CA 92101                                                              (619) 236-8700

DATE:           NOV 19 2009                  Clerk, by    E. Galvin                       , Deputy
(Fecha)                                      (Secretario)                                   (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
ProDoc®

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number and address): | FOR COURT USE ONLY |
|---|---|
| Anthony R. Laureti, Esq.    SBN: 147086<br>Laureti & Associates<br>402 W Broadway STE 860<br>San Diego, CA 92101<br>TELEPHONE NO: (619)236-8700    FAX NO (Optional): (619) 236-1370<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff, Diane Granito | 09 NOV 17 PM 4:06<br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA<br>RECEIVED<br>EAST COUNTY DIVISION |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 250 East Main Street
MAILING ADDRESS: 250 East Main Street
CITY AND ZIP CODE: El Cajon, 92020
BRANCH NAME: East County Regional Center

PLAINTIFF: DIANE GRANITO

DEFENDANT: CIRCUIT CITY STORES, INC., a Corporation

[X] DOES 1 TO    20

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
[ ] AMENDED (Number):
Type (check all that apply):
[ ] MOTOR VEHICLE    [X] OTHER (specify): Premises Liability
[ ] Property Damage    [ ] Wrongful Death
[X] Personal Injury    [ ] Other Damages (specify):

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
Amount demanded    [ ] does not exceed $10,000
[ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
[ ] from limited to unlimited
[ ] from unlimited to limited

CASE NUMBER:
37-2009-00070698-CU-PO-EC

1. Plaintiff (name or names): Diane Granito
   alleges causes of action against defendant (name or names): Circuit City Stores, Inc., a Corporation

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):
   b. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

ProDoc®

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001

| SHORT TITLE: Diane Granito vs. Circuit City Stores, Inc., a Corporation | CASE NUMBER |
|---|---|

4. [ ] Plaintiff *(name)*:
   is doing business under the fictitious name *(specify)*:

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. [X] except defendant *(name)*: Circuit City Stores, Inc., a
      (1) [ ] a business organization, form unknown
      (2) [X] a corporation
      (3) [ ] an unincorporated entity (describe).
      (4) [ ] a public entity *(describe)*:
      (5) [ ] other *(specify)*:

   c. [ ] except defendant *(name)*:
      (1) [ ] a business organization, form unknown
      (2) [ ] a corporation
      (3) [ ] an unincorporated entity *(describe)*:
      (4) [ ] a public entity *(describe)*:
      (5) [ ] other *(specify)*:

   b. [ ] except defendant *(name)*:
      (1) [ ] a business organization, form unknown
      (2) [ ] a corporation
      (3) [ ] an unincorporated entity *(describe)*:
      (4) [ ] a public entity *(describe)*:
      (5) [ ] other *(specify)*:

   d. [ ] except defendant *(name)*:
      (1) [ ] a business organization, form unknown
      (2) [ ] a corporation
      (3) [ ] an unincorporated entity *(describe)*:
      (4) [ ] a public entity *(describe)*:
      (5) [ ] other *(specify)*:

   [ ] Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. [X] Doe defendants *(specify Doe numbers)*: 1-10 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. [X] Doe defendants *(specify Doe numbers)*: 11-20 _____ are persons whose capacities are unknown to plaintiff.

7. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
   a. [ ] at least one defendant now resides in its jurisdictional area.
   b. [ ] the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. [X] injury to person or damage to personal property occurred in its jurisdictional area.
   d. [ ] other *(specify)*:

9. [ ] Plaintiff is required to comply with a claims statute, and
   a. [ ] has complied with applicable claims statutes, or
   b. [ ] is excused from complying because *(specify)*:

PLD-PI-001

| SHORT TITLE: Diane Granito vs. Circuit City Stores, Inc., a Corporation | CASE NUMBER |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☒ Premises Liability
   f. ☐ Other *(specify)*:

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☒ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☒ loss of earning capacity
   g. ☒ other damage *(specify)*: Future medical care

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: November 5, 2009

Anthony R. Laureti, Esq.
(TYPE OR PRINT NAME)                                    ▶ _____
                                                         (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]    **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**    Page 3 of 3

PLD-PI-001(4)

| SHORT TITLE: Diane Granito vs. Circuit City Stores, Inc., a Corporation | CASE NUMBER |
|---|---|

_____First_____ **CAUSE OF ACTION—Premises Liability**    Page __1__
(number)

ATTACHMENT TO    [X] Complaint    [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* Diane Granito
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date):* November 18, 2007    plaintiff was injured on the following premises in the following
fashion *(description of premises and circumstances of injury):* Plaintiff, Diane Granito was injured when she tripped and fell over a walkway doormat that became unsecured creating a dangerous condition. Plaintiff's foot came in contact with this raised and loose mat and fell striking her hands, knees and injuring her back.

Prem.L-2.    [X] **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names):* Circuit City Stores, Inc., a Corporation

[X] Does ___1___ to ___10___

Prem.L-3.    [X] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names):* Circuit City Stores, Inc., a Corporation

[X] Does ___11___ to ___15___

Plaintiff, a recreational user, was    [ ] an invited guest    [ ] a paying guest.

Prem.L-4.    [ ] **Count Three—Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names):* Circuit City Stores, Inc., a Corporation

[ ] Does _____ to _____

a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5. a. [X] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):*
Circuit City Stores, Inc., a Corporation

[X] Does ___16___ to ___20___

b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b    [ ] as follows *(names):*

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Anthony R. Laureti, Esq.    SBN: 147086
Laureti & Associates    e-mail:
402 W Broadway STE 860, San Diego, CA 92101
TELEPHONE NO.: (619)236-8700    FAX NO.: (619) 236-1370
ATTORNEY FOR *(Name):* Plaintiff, Diane Granito

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
STREET ADDRESS: 250 East Main Street
MAILING ADDRESS: 250 East Main Street
CITY AND ZIP CODE: El Cajon, 92020
BRANCH NAME: East County Regional Center

CASE NAME: DIANE GRANITO vs. CIRCUIT CITY STORES, INC., a Corporation

FOR COURT USE ONLY
CLERK - SUPERIOR COURT
SAN DIEGO COUNTY, CA
NOV 17 PM 4:06
RECEIVED

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* One
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 13, 2009

Anthony R. Laureti, Esq.
(TYPE OR PRINT NAME)    ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**    ProDoc®
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**PROOF OF SERVICE**

I, Jonni Mason, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within-entitled action; my business address is 401 West "A" Street, Suite 2600, San Diego, California 92101-7913. On July 19, 2010, I served the within documents, with all exhibits (if any):

RESPONSE TO DEBTORS' SEVENTY –NINTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN LEGAL CLAIMS).

DECLARATION IN SUPPORT OF RESPONSE TO DEBTORS' SEVENTY –NINTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN LEGAL CLAIMS)

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. A copy of the transmission report issued by the transmitting facsimile machine is attached hereto.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery. A true and correct copy of the airbill is attached hereto.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street-Room 4000
Richmond, VA 23219

SKADDEN, ARPS, SLATE, MEACHER & FLOM, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
Attn: Gregg M. Galardi
Attn: Ian S. Fredericks

SKADDEN, ARPS, SLATE, MEACHER & FLOM, LLP
155 North Wacker Drive
Chicago, IL 60606
Attn: Chris L. Dickerson

HIGGS, FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

970851.1

CASE NO.

MCGUIRE WOODS LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Attn: Sarah Boehm
Attn: Douglas M. Foley

W. Clarkson McDow, Jr.
Office of the U. S. Trustee
701 E. Broad St., Suite 4304
Richmond, VA 23219

Robert B. Van Arsdale
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on July 19, 2010, at San Diego, California.

_____
Jonni Mason

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

970851.1

2

CASE NO.