```
                                            RICHMOND DIVISION
                                          F                    F
                                          I                    I
                                          L   JUL 2 3 2010     L
IN THE UNITED STATES BANKRUPTCY COURT     E                    E
FOR THE EASTERN DISTRICT OF VIRGINIA      D      CLERK         D
          RICHMOND DIVISION                  US BANKRUPTCY COURT
```

------------------------------x
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et. al.,                      :
                              :
         Debtors.             :    Jointly Administered
------------------------------x

**<u>CLAIMANT ACOSTA STROMMEN, P.A.'S RESPONSE TO DEBTOR'S SEVENTY-NINTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN LEGAL CLAIMS)</u>**

Claimant Acosta Strommen, P.A. (hereinafter "Claimant" and erroneously referred to in the applicable Omnibus Objection as "Acosta Strommen DC"), by and through the undersigned attorney and pursuant to Local Bankruptcy Rule 3007-1, hereby files its Response to Circuit City Stores, Inc. <u>et. al.</u>'s (collectively, the "Debtors") Seventy-Ninth Omnibus Objection to Claims (Disallowance of Certain Legal Claims) and hereby moves for a denial of the Debtors' proposed order disallowing its claim against the Debtors, and in support thereof would state as follows:

### Introduction

1.  That Rule 3007(a) requires a copy of all Objections to Claims "be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee **at least 30 days prior to the hearing.**" (Emphasis added)

2. That the Debtors' Notice of Seventy-Ninth Omnibus Objection was mailed to the Claimant's prior address and was not received at the Creditor's current address until after the deadline established by the Debtors' Notice, thereby preventing the filing of the instant Response within the time prescribed by the Notice and Local Rule 3007-1(D). The factual circumstances pertaining to service of the Debtors' Notice and Omnibus Objection are attested to in the Affidavit attached hereto as Exhibit A.

3. That Local Rule 3007-1(D) identifies the Court's disposition of untimely filed Responses as within the Court's discretion[1], and that Claimant would ask the Court to consider Claimant's untimely receipt of the Debtors' Notice and Objection in its disposition of the Creditor's claim.

4. That the Claimant law firm, whose correct designation is Acosta Strommen, P.A., by and through the undersigned managing partner, Julio C. Acosta, presently maintains a business address of 301 Almeria Avenue, Suite 100, Coral Gables, FL 33134, a phone number of (305) 858-8880, and a facsimile number of (305) 858-8084, and would request that the same address be designated as its "Notice Address," as defined by Paragraph "f" of the Procedures for Filing a Timely Response

---

[1] Stating "If no response is filed, the court **may** treat the objection as conceded, and **may** enter an order without holding a hearing disallowing the claim in whole or part as set forth in the objection to claim." (Emphasis added)

contained within Debtors' Notice, for future service of papers, and that Claimant be properly designated as "Acosta Strommen, P.A." in future service of papers.

5. That the undersigned managing partner holds himself out as the individual with personal knowledge of the following relevant facts being stated herein and as the individual making the following declaration in support of the Claimant's Response to Debtors' Omnibus Objection.

6. That the undersigned managing partner, located at the above business address, further represents himself as the party with authority to reconcile, settle, or otherwise resolve the Objection on the Claimant's behalf.

### Relevant Facts

7. That beginning on or about July 10, 2006 and continuing thereafter until the Debtors' Petition for Bankruptcy was filed on November 10, 2008, the Claimant and the undersigned managing partner were approved by Circuit City Stores, Inc., included among this matter's collective Debtors (hereinafter referred to as "the Debtors," individually and collectively), to act as legal counsel on that entity's behalf for litigation claims filed against it in the State of Florida. All legal fees were to be administered through the Debtors' claims management servicing agent. (See Correspondence dated July 10, 2006, attached hereto as Exhibit B).

8. That pursuant to the Debtors' claims management servicing agent, the Claimant was required to submit, on a quarterly basis, all reasonable legal fees to the respective handler for each case file the Claimant and the undersigned managing partner were actively litigating on the Debtors' behalf (See the Agent's Litigation Management Guidelines, attached hereto as Exhibit C), for which the Claimant would be subsequently compensated.

9. That at the time of the Debtors' Petition for Bankruptcy, the Debtors owed the Claimant the amount of Thirty-Nine Thousand Nine Hundred Fifty-Three Dollars and Eighteen Cents ($39,953.18) in reasonable fees submitted by the Claimant for legal services previously rendered (See Billing Statement attached hereto as Exhibit D).

10. That pursuant to the Court's Claims Bar Date Notice and 11 U.S.C. 507(a)(3), and in its capacity as Debtors' attorney, as described in 11 U.S.C. 502(b)(4), Claimant timely filed a claim as a Creditor against the Debtors for all outstanding fees. The claim was assigned claim number 3034 in the above-captioned case.

11. That at no time was the Claimant engaged in "pending litigation, prospective litigation, or other threatened litigation claims" against the Debtors, as described in Paragraph eleven (11) of the Debtors' Omnibus Objection.

12. That Rule 3007(d) of the Federal Rules of Bankruptcy Procedure states:

> "Subject to subdivision (e), objections to more than one claim may be joined in an omnibus objection if all the claims were filed by the same entity, or the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because:
>
> (1) they duplicate other claims;
> (2) they have been filed in the wrong case;
> (3) they have been amended by subsequently filed proofs of claim;
> (4) they were not timely filed;
> (5) they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;
> (6) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;
> **(7) they are interests, rather than claims**; or
> (8) they assert priority in an amount that exceeds the maximum amount under § 507 of the Code." (Emphasis added)

13. That while Debtors' Omnibus Objection does not expressly say so, their description of those objected claims suggests and implies that the Claimants named in the Objection are those with interests in future recoveries against the Debtors, whereas all debts being claimed by Claimant herein arise out of Claimant and the undersigned managing partner's past legal services provided to the Debtors and are not dependent upon the outcome of pending litigation.

14. That Debtors' Omnibus Objection raises none of the other grounds for an omnibus objection, as stated by Rule 3007(d).

15. That 11 U.S.C. 502(b)(4) states, in pertinent part, that

> "(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and **shall allow such claim in such amount, except to the extent that—**
> …
> (4) **if such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services…**" (Emphasis added)

16. That Debtors have not asserted that Claimant's fees exceed the reasonable value of Claimant's services, but have instead stated that they "dispute any liability for the alleged Legal Claims". Debtors' contention that its debts to Claimant "aris[e] out of pending litigation, prospective litigation, or other threatened litigation claims" is accurate only insofar as Claimant was representing the Debtors' interests in other contested litigation; liability of the Debtors for Claimant's past legal services is not in dispute or pending outcome of future or pending litigation.

WHEREFORE, the Claimant Acosta Strommen, P.A. requests the Court to enter an Order denying the Debtors' Objection and

WHEREFORE, the Claimant Acosta Strommen requests the Court to enter an Order denying the Debtors' Objection and granting such other and further relief as the Court deems appropriate.

Dated:   Coral Gables, Florida      ACOSTA STROMMEN
         July 19, 2010              Julio C. Acosta, Esq.
                                    301 Almeria Avenue, Suite 100
                                    Coral Gables, Florida 33134
                                    (305) 858-8880
                                    (305) 858-8084 Facsimile

                                    /s/ Julio C. Acosta
                                    Julio C. Acosta
                                    (F.B.N.: 0088935)

```
                 IN THE UNITED STATES BANKRUPTCY COURT
                  FOR THE EASTERN DISTRICT OF VIRGINIA
                           RICHMOND DIVISION

---------------------------------x
In re:                           :    Chapter 11
                                 :
CIRCUIT CITY STORES, INC.,       :    Case No. 08-35653 (KRH)
et. al.,                         :
                                 :
            Debtors.             :    Jointly Administered
---------------------------------x
```

### AFFIDAVIT OF DIANEZ GARCIA

STATE OF FLORIDA)
                )
                )

BEFORE ME, the undersigned authority, personally appeared Dianez Garcia, who after being duly sworn, states as follows:

1. My name is Dianez Garcia. I am over the age of 18 and I am testifying of my own personal knowledge.

2. I work for the Claimant, Acosta Strommen, located at 301 Almeria Avenue, Coral Gables, Florida 33134 as that law firm's receptionist.

3. . Among my duties are receipt and documentation of all incoming mail and other correspondence.

4. The Debtors' Notice of Seventy-Ninth Omnibus Objection to Claims (Disallowance of Certain Legal Claims) and the Debtors' Seventy-Ninth Omnibus Objection to Claims (Disallowance of Certain Legal Claims) were among the correspondence I received on July 16, 2010.

EXHIBIT A

5. These documents were addressed to "ACOSTA STROMMEN PA" at the address of "2701 S BAYSHORE DR STE 500, MIAMI, FL 33133 USA".

6. The law firm of Acosta Strommen has not occupied that address since April 26, 2010.


FURTHER AFFIANT SAYETH NOT.

_____
Dianez Garcia


SWORN AND SUBSCRIBED before me this 19th day of July, 2010.

_____
NOTARY PUBLIC,
State of Florida

My Commission Expires:

Notary Public State of Florida
Leticia Felipe
My Commission DD996885
Expires 05/31/2014