Gregg M. Galardi, Esq.                    Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.                   Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &           MCGUIREWOODS LLP
FLOM, LLP                                 One James Center
One Rodney Square                         901 E. Cary Street
PO Box 636                                Richmond, Virginia 23219
Wilmington, Delaware 19899-0636           (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :   Jointly Administered
              Debtors.          :
                                :   **Obj. Deadline: August 12, 2010 at**
- - - - - - - - - - - - - - - x   **5:00 p.m. (ET)**

**NOTICE OF SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG
          THE DEBTORS AND VISIONTEK PRODUCTS LLC**

          PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval
(the "Settlement Procedures Order") (Docket No. 4401).[1]  A

---

[1]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to such terms in the Settlement Agreement (defined
     below) or the Settlement Procedures Order.

copy of the Settlement Procedures Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement Agreement") with VisionTek Products LLC ("VisionTek"), a copy of which is annexed as <u>Exhibit 2</u>.

### SUMMARY OF SETTLEMENT AGREEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Settlement Agreement are as follows:

---

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]  This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.

(i)     This a Tier II Settlement.

(ii)    On December 19, 2008, VisionTek filed proof of claim
        number 1700, a general unsecured proof of claim in
        the amount of $1,176,397.26 against the Debtors'
        bankruptcy estates (the "General Unsecured Claim").

(iii)   On April 20, 2010, the Debtors sent a letter to
        VisionTek (the "Demand Letter").  Therein, the
        Debtors alleged that the General Unsecured Claim was
        overstated by $702,141.75 on account of quantity
        shortages, model mix discrepancies, return
        discrepancies, and reversals of previously taken
        deductions (the "Claim Discrepancy").  The Debtors
        also alleged that they identified $553,709.81 in
        receivables, chargebacks, returns, and other amounts
        (collectively, the "Alleged Receivables") that are
        currently due, owing, and payable by VisionTek to
        Circuit City.

(iv)    VisionTek disputed the allegations in the Demand
        Letter, including the Claim Discrepancy and the
        amount of the Debtors' Alleged Receivables.

(v)     The Parties engaged in a comprehensive
        reconciliation (the "Reconciliation") of the General
        Unsecured Claim and the Alleged Receivables.

(vi)    As part of the Reconciliation, the Parties agreed
        that VisionTek already setoff most of the Alleged
        Receivables from the General Unsecured Claim before
        the claim was filed.

(vii)   Upon the Effective Date (as defined in the
        Settlement Agreement), in full satisfaction and
        settlement of all claims by each party thereto (i)
        the General Unsecured Claim shall be reduced to
        $650,000 (the "Allowed General Unsecured Claim");
        and (ii) the Debtors' Alleged Receivables shall be
        reduced to $0.

(viii)  To the extent required, the automatic stay of 11
        U.S.C. § 362 is lifted to permit the netting set
        forth in Paragraph (vii) above.

(ix)    The Allowed General Unsecured Claim shall be deemed
        an "allowed" claim in case number 08-35653 (KRH) for
        all purposes, including with respect to any
        confirmed plan or as required under any chapter 7
        liquidation (as applicable), and shall not be
        subject to further objection, offset, reduction,

discount, impairment, avoidance actions, or
subordination.

(x)    For the avoidance of doubt and notwithstanding
anything to the contrary in the Settlement Agreement,
(i) the Allowed General Unsecured Claim shall
constitute VisionTek's full and final allowed claim
in the Debtors' cases and VisionTek shall not file
nor be entitled to recover on account of any other
claims, (ii) the Debtors shall not be entitled to
recover any further credits, rebates, receivables,
setoffs, netting, or discounts, including (without
limitation) the Alleged Receivables, from VisionTek,
(iii) all objections or challenges of any kind or
nature, including any claim or cause of action under
Sections 502(d), 542, 544, 547, 548, 549, 550 or 553
of the Bankruptcy Code to the VisionTek Claim shall
be deemed resolved and released by the Debtors,
provided, however, that VisionTek and the Debtors
specifically acknowledge and agree that the
Settlement Agreement is not intended to, and does
not, release or otherwise affect in any way any
actual claims or causes of action (or potential
claims or causes of action similar in nature or type
to such actual claims or causes of action) now or
hereinafter asserted in, based on, or relating to
the multi-district litigation captioned In re: TFT-
LCD (Flat Panel) Antitrust Litigation, MDL No. 1827
(N.D. Cal.) and the actions consolidated therein
(the "MDL Proceeding").

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Settlement Procedures Order,
any Notice Party may object (each an "Objection") to or
request additional time or information (each a "Request")
to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be in writing and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (see information below) by no later
**August 12, 2010 at 5:00 p.m. (ET)** (the "Objection
Deadline"). Each Objection or Request must be served on (i)
the attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi

(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue,
36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to
the Settlement Agreement and you do not want the Debtors to
proceed with the Settlement Agreement or you want the Court
to consider your views concerning the Settlement Agreement,
you or you attorney must also:

file in writing with the Court, Clerk of Court,
United States Bankruptcy Court, 701 East Broad
Street, Suite 4000, Richmond, Virginia 23219, or
electronically (www.vaeb.uscourts.gov), a written
Objection pursuant to Local Bankruptcy Rule 9013-
1(H). If you mail your Objection to the Court for
filing, you must mail it early enough so the
Court will **receive it on or before August 12,
2010 at 5:00 p.m. (ET)**.

**Any Objection to the Settlement Agreement must be submitted
by the method described in the foregoing sentence.
Objections will be deemed filed only when actually received
at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(d) of the Settlement Procedures Order, if a
Notice Party submits a Request, only such Notice Party
shall have the later of (i) an additional five (5) days to
object to the Agreement or (ii) in the case of a Request
for additional information, three (3) days after receipt by
the Notice Party of the additional information requested.
Each Notice Party may only make one Request for additional
time per Settlement Agreement, unless otherwise agreed to
by the Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: July 29, 2010
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
  FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER &
  FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   1Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

            Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---
[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.    The Notice Procedures are fair,

reasonable, and appropriate.

3.    The Settlement Procedures are fair

reasonable, and appropriate.

4.    The Notice and Settlement Procedures were

proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.  The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)    The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)    The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)    The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

5

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as applicable, in an amount greater than $500,000.

12.  Subject to the Notice Procedures, the Debtors are authorized to compromise and settle Cause of Action and Receivable Claims as follows:

(a)  <u>Tier I</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value (i) equal to or greater than seventy-five percent (75%) of the Debtors' original reasonable estimate of the Cause of Action and Receivable Claim amount and (ii) equal to or less than $1,000,000.

(b)  <u>Tier II</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value equal to (i) more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

9

is authorized and directed to amend the claims register
accordingly without further order of the Court.

16.  Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

17.  Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a
filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for
all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency
between the Motion and this Order, this Order shall
control.

19.   The requirement under Local Rule 9013-
1(G) of the Local Rules for the United States Bankruptcy
Court for the Eastern District of Virginia to file a
memorandum of law in connection with the Motion is
hereby waived.

20.   This Court retains jurisdiction to hear
and determine all matters arising from or related to the
Motion, this Order or any Settlement.

Dated:   Richmond, Virginia
_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

12

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
<u>et</u> <u>al</u>.,                    :
                             :
          Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - x

     **SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
            DEBTORS AND VISIONTEK PRODUCTS LLC**

          This settlement agreement and stipulation

(this "Settlement Agreement") is entered into by and

among the above-captioned debtors and debtors in

possession (the "Debtors")[1], on the one hand, and

VisionTek Products LLC ("VisionTek" and together with

the Debtors, the "Parties" and each of which is a

"Party"), on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code; and

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc.
      (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
      Inc. (0875), Ventoux International, Inc. (1838), Circuit City
      Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
      Distribution Company of Virginia, Inc. (2821), Circuit City
      Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
      Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
      Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
      Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
      LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
      for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
      VA 23060.

2

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

3

WHEREAS, the associated disclosure statement
(the "Disclosure Statement") was approved on September
24, 2009, and confirmation on the Plan is currently
adjourned; and

WHEREAS, generally, the Plan provides for the
liquidation of the Debtors under chapter 11 of the
Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the
Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R.
Bankr. P. 2002, 9006, and 9019 Authorizing the
Establishment of Procedures to Settle Certain Pre-
Petition and Post-Petition Claims and Causes of Action
Without Further Court Approval, dated August 7, 2009
(Docket No. 4401, the "Settlement Procedures Order")[2] to
enter into this Settlement Agreement, subject to the
Notice Procedures.

## SETTLEMENT BACKGROUND

WHEREAS, the Debtors and VisionTek engaged in
business in the ordinary course prior to and after the
Petition Date wherein the Debtors purchased certain

---

[2]   All capitalized terms not otherwise defined herein shall have the
      meaning ascribed to such terms in the Settlement Procedures Order.

4

VisionTek products (the "Product") for sale in their retail stores; and

WHEREAS, on December 19, 2008, VisionTek filed proof of claim number 1700, a general unsecured proof of claim against the Debtors' bankruptcy estates (the "General Unsecured Claim").  Therein, VisionTek claimed that it shipped in the ordinary course of business $1,176,397.26 worth of Product to the Debtors before the Petition Date; and

WHEREAS, on April 20, 2010, the Debtors sent a letter to VisionTek (the "Demand Letter").  Therein, the Debtors alleged that the General Unsecured Claim was overstated by $702,141.75 on account of quantity shortages, model mix discrepancies, return discrepancies, and reversals of previously taken deductions (the "Claim Discrepancy") such that the appropriate amount of the claim is $474,225.51; and

WHEREAS, in the Demand Letter, the Debtors also alleged that they identified $553,709.81 in receivables, chargebacks, returns, and other amounts (collectively, the "Alleged Receivables") that are currently due, owing, and payable by VisionTek to Circuit City; and

5

WHEREAS, the Debtors asserted that pursuant to Bankruptcy Code section 558, the Debtors were authorized to setoff the Alleged Receivables from VisionTek's General Unsecured Claim, whereby after setoff, the General Unsecured Claim would be reduced to $0 and the Alleged Receivables would be reduced to $79,454.30. The Debtors sought turnover of the remaining Alleged Receivables pursuant to Bankruptcy Code section 542; and

WHEREAS, VisionTek disputed the allegations in the Demand Letter, including the Claim Discrepancy and the amount of the Debtors' Alleged Receivables. More particularly, VisionTek asserted that it already setoff approximately $500,000 of the Alleged Receivables from the amount claimed on the General Unsecured Claim before filing its proof of claim form; and

WHEREAS, rather than proceed with litigation concerning the Demand Letter, the General Unsecured Claim, and the Debtors' Alleged Receivables, the parties engaged in good faith, arms' length negotiations to resolve the foregoing in their entirety; and

NOW THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and

6

valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    The Parties engaged in a comprehensive reconciliation (the "Reconciliation") of the General Unsecured Claim and the Alleged Receivables.

2.    As part of the Reconciliation, the Parties agreed that VisionTek already setoff most of the Alleged Receivables from the General Unsecured Claim before the claim was filed.

3.    Upon the Effective Date (as defined herein), in full satisfaction and settlement of all claims by each party hereto (i) the General Unsecured Claim shall be reduced to $650,000 (the "Allowed General Unsecured Claim"); and (ii) the Debtors' Alleged Receivables shall be reduced to $0.  Attached hereto as Exhibit 1 is a list of the unpaid invoices upon which the General Unsecured Claim is based.

4.    To the extent required, the automatic stay of 11 U.S.C. § 362 is lifted to permit the netting set forth in Paragraph 4 above.

7

5.   The Allowed General Unsecured Claim shall
be deemed an "allowed" claim in case number 08-35653
(KRH) for all purposes, including with respect to any
confirmed plan or as required under any chapter 7
liquidation (as applicable), and shall not be subject to
further objection, offset, reduction, discount,
impairment, avoidance actions, or subordination.

6.   For the avoidance of doubt and
notwithstanding anything to the contrary in this
Settlement Agreement, (i) the Allowed General Unsecured
Claim shall constitute VisionTek's full and final
allowed claim in the Debtors' cases and VisionTek shall
not file nor be entitled to recover on account of any
other claims, (ii) the Debtors shall not be entitled to
recover any further credits, rebates, receivables,
setoffs, netting, or discounts, including (without
limitation) the Alleged Receivables, from VisionTek,
(iii) all objections or challenges of any kind or nature,
including any claim or cause of action under Sections
502(d), 542, 544, 547, 548, 549, 550 or 553 of the
Bankruptcy Code to the VisionTek Claim shall be deemed
resolved and released by the Debtors, provided, however,

8

that VisionTek and the Debtors specifically acknowledge
and agree that this Settlement Agreement is not intended
to, and does not, release or otherwise affect in any way
any actual claims or causes of action (or potential
claims or causes of action similar in nature or type to
such actual claims or causes of action) now or
hereinafter asserted in, based on, or relating to the
multi-district litigation captioned In re: TFT-LCD (Flat
Panel) Antitrust Litigation, MDL No. 1827 (N.D. Cal.)
and the actions consolidated therein (the "MDL
Proceeding").

       7.    Each Party hereto shall execute and
deliver any and all additional papers, documents and
other assurances, and shall do any and all acts and
things reasonably necessary or appropriate in
conjunction with the performance of their respective
obligations hereunder.

       8.    No provision of this Settlement Agreement
is intended to confer any rights, benefits, remedies,
obligations or liabilities hereunder upon any person
other than the parties hereto and their respective
successors and assigns.

9

9.    Except where preempted by applicable
Federal law, this Settlement Agreement shall be governed
by and construed in accordance with the internal laws of
the Commonwealth of Virginia without regard to any
choice of law provisions.

10.   This Settlement Agreement may be signed
in counterpart originals and delivered by facsimile or
email, which, when fully executed, shall constitute a
single original.

11.   This Settlement Agreement constitutes the
entire agreement and understanding of the parties
regarding the Settlement Agreement and the subject
matter thereof.  Each party hereto acknowledges and
agrees that it has not relied on any representations,
promises or inducements of the other party hereto except
as expressly set forth in this Settlement Agreement.

12.   The United States Bankruptcy Court for
the Eastern District of Virginia shall retain exclusive
jurisdiction (and the parties consent to such retention
of jurisdiction) with respect to any disputes arising
from or related to, or other actions to interpret,

10

administer or enforce the terms and provisions of, this
Settlement Agreement.

13.    Each person or entity who executes this
Settlement Agreement on behalf of another person or
entity represents and warrants that he, she, or it is
duly authorized to execute this Settlement Agreement on
behalf of such person or entity, has the requisite
authority to bind such person or entity, and such person
or entity has full knowledge of and has consented to
this Settlement Agreement.  The representations and
warranties set forth in this paragraph shall survive
execution of this Settlement Agreement.

14.    This Settlement Agreement shall not be
modified, altered, amended or vacated without the
written consent of all parties hereto or order of the
Bankruptcy Court.

15.    This Settlement Agreement and all of its
terms shall be effective upon the later of (i) execution
by both Parties and (ii) the expiration of the
applicable Notice Period (the "Effective Date").

16.    This Settlement Agreement shall inure to
the benefit of and be binding upon the successors and

11

assigns of the Parties hereto, including any Chapter 7

trustee or the Liquidating Trustee under the Plan.

IN WITNESS WHEREOF, this Settlement Agreement
is hereby executed as of the later of the dates set
forth below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley        __
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

Dated:  July 29, 2010

13

VISIONTEK PRODUCTS LLC

By:

/s/ Anthony Graffia
Anthony Graffia, Sr.
President
VisionTek Products LLC
1610 Colonial Pkwy
Inverness, IL  60067

Dated:  July 29, 2010

| Customer Number | Customer Name | Invoice Date | Invoice Number | Trans Type | Terms | Balance |
|---|---|---|---|---|---|---|
| 1008963 | Circuit City | 03/28/08 | 3017161 | IN | N30 | $13,650.00 |
| 1008963 | Circuit City | 03/28/08 | 3021178 | IN | N30 | $38,150.00 |
| 1008963 | Circuit City | 03/28/08 | 3021224 | IN | N30 | $3,150.00 |
| 1008963 | Circuit City | 03/28/08 | 3021377 | IN | N30 | $12,600.00 |
| 1008963 | Circuit City | 03/28/08 | 3021408 | IN | N30 | $23,275.00 |
| 1008963 | Circuit City | 03/28/08 | 3021755 | IN | N30 | $34,860.00 |
| 1008963 | Circuit City | 03/28/08 | 3024288 | IN | N30 | $6,300.00 |
| 1008963 | Circuit City | 02/07/08 | 3025281 | IN | N30 | $9,450.00 |
| 1008963 | Circuit City | 02/14/08 | 3025628 | IN | N30 | $7,000.00 |
| 1008963 | Circuit City | 02/14/08 | 3025629 | IN | N30 | $12,600.00 |
| 1008963 | Circuit City | 02/14/08 | 3025630 | IN | N30 | $1,400.00 |
| 1008963 | Circuit City | 02/14/08 | 3025631 | IN | N30 | $350.00 |
| 1008963 | Circuit City | 02/21/08 | 3025919 | IN | N30 | $12,250.00 |
| 1008963 | Circuit City | 03/19/08 | 3026907 | IN | N30 | $2,625.00 |
| 1008963 | Circuit City | 04/03/08 | 3028708 | IN | N30 | $700.00 |
| 1008963 | Circuit City | 04/03/08 | 3028709 | IN | N30 | $3,080.00 |
| 1008963 | Circuit City | 04/03/08 | 3028710 | IN | N30 | $5,390.00 |
| 1008963 | Circuit City | 04/03/08 | 3028711 | IN | N30 | $6,040.00 |
| 1008963 | Circuit City | 04/03/08 | 3028712 | IN | N30 | $15,260.00 |
| 1008963 | Circuit City | 04/10/08 | 3029001 | IN | N30 | $5,270.00 |
| 1008963 | Circuit City | 04/10/08 | 3029002 | IN | N30 | $2,195.00 |
| 1008963 | Circuit City | 04/10/08 | 3029003 | IN | N30 | $7,740.00 |
| 1008963 | Circuit City | 04/10/08 | 3029005 | IN | N30 | $12,610.00 |
| 1008963 | Circuit City | 04/10/08 | 3029006 | IN | N30 | $21,095.00 |
| 1008963 | Circuit City | 04/10/08 | 3029007 | IN | N30 | $7,170.00 |
| 1008963 | Circuit City | 04/17/08 | 3029839 | IN | N30 | $1,090.00 |
| 1008963 | Circuit City | 04/17/08 | 3029840 | IN | N30 | $350.00 |
| 1008963 | Circuit City | 04/17/08 | 3029841 | IN | N30 | $4,220.00 |
| 1008963 | Circuit City | 04/17/08 | 3029842 | IN | N30 | $1,335.00 |
| 1008963 | Circuit City | 04/17/08 | 3029843 | IN | N30 | $5,750.00 |
| 1008963 | Circuit City | 04/24/08 | 3030107 | IN | N30 | $350.00 |
| 1008963 | Circuit City | 04/24/08 | 3030108 | IN | N30 | $20,740.00 |
| 1008963 | Circuit City | 04/24/08 | 3030109 | IN | N30 | $9,645.00 |
| 1008963 | Circuit City | 04/24/08 | 3030110 | IN | N30 | $6,310.00 |
| 1008963 | Circuit City | 04/24/08 | 3030111 | IN | N30 | $2,195.00 |
| 1008963 | Circuit City | 04/24/08 | 3030112 | IN | N30 | $5,725.00 |
| 1008963 | Circuit City | 04/24/08 | 3030113 | IN | N30 | $10,575.00 |
| 1008963 | Circuit City | 05/01/08 | 3030439 | IN | N30 | $12,210.00 |
| 1008963 | Circuit City | 05/01/08 | 3030482 | IN | N30 | $11,770.00 |
| 1008963 | Circuit City | 05/01/08 | 3030485 | IN | N30 | $6,410.00 |
| 1008963 | Circuit City | 05/01/08 | 3030486 | IN | N30 | $9,425.00 |
| 1008963 | Circuit City | 05/01/08 | 3030487 | IN | N30 | $2,830.00 |
| 1008963 | Circuit City | 05/01/08 | 3030492 | IN | N30 | $19,395.00 |
| 1008963 | Circuit City | 05/06/08 | 3030601 | IN | N30 | $2,800.00 |
| 1008963 | Circuit City | 05/06/08 | 3030627 | IN | N30 | $12,885.00 |
| 1008963 | Circuit City | 05/07/08 | 3030670 | IN | N30 | $1,750.00 |
| 1008963 | Circuit City | 05/07/08 | 3030675 | IN | N30 | $1,750.00 |
| 1008963 | Circuit City | 05/07/08 | 3030676 | IN | N30 | $1,400.00 |
| 1008963 | Circuit City | 05/07/08 | 3030677 | IN | N30 | $1,400.00 |
| 1008963 | Circuit City | 05/14/08 | 3030909 | IN | N30 | $2,450.00 |

| 1008963 | Circuit City | 05/22/08 | 3031220 | IN | N30 | $17,720.00 |
|---------|--------------|----------|---------|----|----|------------|
| 1008963 | Circuit City | 05/22/08 | 3031222 | IN | N30 | $13,470.00 |
| 1008963 | Circuit City | 05/22/08 | 3031223 | IN | N30 | $18,270.00 |
| 1008963 | Circuit City | 05/22/08 | 3031225 | IN | N30 | $14,990.00 |
| 1008963 | Circuit City | 05/22/08 | 3031233 | IN | N30 | $9,370.00 |
| 1008963 | Circuit City | 05/22/08 | 3031234 | IN | N30 | $7,380.00 |
| 1008963 | Circuit City | 05/29/08 | 3031415 | IN | N30 | $1,950.00 |
| 1008963 | Circuit City | 05/29/08 | 3031416 | IN | N30 | $1,505.00 |
| 1008963 | Circuit City | 05/29/08 | 3031417 | IN | N30 | $975.00 |
| 1008963 | Circuit City | 05/29/08 | 3031418 | IN | N30 | $975.00 |
| 1008963 | Circuit City | 05/29/08 | 3031419 | IN | N30 | $1,950.00 |
| 1008963 | Circuit City | 06/04/08 | 3031579 | IN | N30 | $20,675.00 |
| 1008963 | Circuit City | 06/05/08 | 3031623 | IN | N30 | $15,605.00 |
| 1008963 | Circuit City | 06/05/08 | 3031627 | IN | N30 | $1,950.00 |
| 1008963 | Circuit City | 06/26/08 | 3033466 | IN | N30 | $16,236.00 |
| 1008963 | Circuit City | 07/02/08 | 3033745 | IN | N30 | $6,890.00 |
| 1008963 | Circuit City | 07/02/08 | 3033746 | IN | N30 | $8,480.00 |
| 1008963 | Circuit City | 07/16/08 | 3034801 | IN | N30 | $17,250.00 |
| 1008963 | Circuit City | 07/31/08 | 3035978 | IN | N30 | $16,335.00 |
| 1008963 | Circuit City | 08/06/08 | 3036510 | IN | N30 | $39,346.00 |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  | $650,292.00 |