| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>P.O. Box 636<br>Wilmington, Delaware 19899-0636<br>(302) 651-3000 | PACHULSKI STANG ZIEHL & JONES LLP<br>Richard M. Pachulski, Esq.<br>Jeffrey N. Pomerantz, Esq.<br>10100 Santa Monica Boulevard, 11th Floor<br>Los Angeles, California 90067-4100 |
| – and – | – and – |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Chris L. Dickerson, Esq.<br>155 North Wacker Drive<br>Chicago, Illinois 60606<br>(312) 407-0700 | PACHULSKI STANG ZIEHL & JONES LLP<br>Robert J. Feinstein, Esq.<br>780 Third Avenue, 36th Floor<br>New York, NY 10017-2024 |
| – and – | – and – |
| MCGUIREWOODS LLP<br>Douglas Foley (VSB No. 34364)<br>Sarah B. Boehm (VSB No. 45201)<br>One James Center<br>901 E. Cary Street<br>Richmond, Virginia 23219<br>(804) 775-1000 | TAVENNER & BERAN, PLC<br>Lynn L. Tavenner (VSB No. 30083)<br>Paula S. Beran (VSB No. 34679)<br>20 North Eighth Street<br>Second Floor<br>Richmond, Virginia 23219 |
| Counsel for Debtors and Debtors in Possession | Counsel for the Creditors' Committee |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
        Debtors.              :   Jointly Administered
- - - - - - - - - - - - - - - x

**MOTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF CREDITORS HOLDING GENERAL UNSECURED CLAIMS FOR ORDER APPROVING LIMITED NOTICE AND SERVICE OF PLAN DOCUMENTS**

The debtors and debtors in possession in the above-captioned jointly-administered cases (collectively, the

"Debtors")[1] and the Official Committee of Creditors Holding General Unsecured Claims (the "Creditors' Committee" and together with the Debtors, the "Plan Proponents") hereby move (the "Motion") for entry of an order, under section 105 of title 11 of the United States Code (the "Bankruptcy Code"), approving limited notice and service of the Plan Documents (as defined herein) as adequate and sufficient and finding that no further notice is necessary or required.  In support of the Motion, the Plan Proponents respectfully represent as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The statutory and legal predicate for the relief requested herein is Bankruptcy Code section 105.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, INC. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

2

**BACKGROUND**

**A.   The Chapter 11 Cases.**

3.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4.   The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.   On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed the Creditors' Committee.  To date, no trustee or examiner has been appointed in these chapter 11 cases.

6.   On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going-out-of-business sales at the Debtors' remaining stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  The going-out-of-business sales concluded on or about March 8, 2009.

**B.   The First Amended Plan.**

7.   On September 29, 2009, the Debtors and the Creditors' Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "First Amended

3

Plan"). The associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009.

8. Generally, the First Amended Plan provides for the liquidation of the Debtors' remaining assets and distributions to creditors through a liquidating trust.

**C.   Events Subsequent To Filing The First Amended Plan.**

**1.   Confirmation was delayed.**

9. Confirmation of the First Amended Plan was originally scheduled for November 23, 2009 (the "Proposed Confirmation Hearing"). Prior to the Proposed Confirmation Hearing, however, certain issues arose that required the Plan Proponents to adjourn the hearing.

10. In particular, the Plan Proponents determined that proceeding with the First Amended Plan could have potentially large negative Canadian tax consequences associated with the repatriation proceeds from the sale of the assets of the Debtors' Canadian subsidiaries (the "Canadian Sale"). Thus, the Plan Proponents attempted to resolve the issues and negotiate modifications to the First Amended Plan.

11. In addition, during the adjournment of the Proposed Confirmation Hearing, the Plan Proponents continued to negotiate the terms of certain key plan-related documents that had not been finalized at the time the Plan Supplement (as defined in the First Amended Plan) was filed. As of May 31, 2010, however, the Plan Proponents had not reached an agreement concerning the foregoing.

4

12. As a result, on June 1, 2010, the Creditors' Committee filed the Plan of Liquidation Proposed by the Official Committee of Creditors of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession (Docket No. 7678, the "Committee Plan").

**2. The Parties agreed to mediate their disputes regarding the Plan.**

13. In response to the filing of the Committee Plan, on June 2, 2010, the Debtors filed the Debtors' Motion for an Order Directing Mediation with Respect to the Original Plan (Docket No. 7687, the "Mediation Motion"). The Creditors' Committee supported the mediation and, following a hearing on June 24, 2010, the Bankruptcy Court entered an order granting the Mediation Motion (Docket No. 7912, the "Mediation Order").

14. Mediation commenced on July 14, 2010, before the Honorable Frank J. Santoro (the "Mediator"). The Debtors and the Creditors' Committee each presented their positions to the Mediator. Several primary issues were identified, including (1) whether to include Ventoux and InterTAN in an amended plan, (2) post-petition governance of the liquidating trust and (3) issues relating to certain potential Canadian and French tax liability, including treatment of potential causes of action against the Debtors' directors and officers arising out of this potential liability. Following extensive negotiations, the Plan Proponents reached an agreement (the "Mediation Agreement") on the outstanding issues.

> **3. The Plan Proponents agreed to file the Plan Documents.**

15. As part of the Mediation Agreement, the Plan Proponents have revised the First Amended Plan in certain respects, which revisions will be incorporated in the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"). The Plan Proponents anticipate filing the Plan on or about August 9, 2010.

16. Very briefly, the First Amended Plan has been revised in a few key respects: (i) reserves will be created to help ensure that sufficient Cash is available for distribution to creditors whose claims are allowed after the effective date of the Plan; (ii) InterTAN, Inc. ("InterTAN") and Ventoux International, Inc. ("Ventoux") will no longer be substantively consolidated with the other Debtors (such other Debtors, the "Consolidated Debtors"); and (iii) modifications have been made to facilitate certain transactions designed to minimize the amount of Canadian tax liability associated with the repatriation to the Debtors of certain proceeds from the Canadian Sale. Importantly, the Plan Proponents submit that the modifications incorporated in the Plan do not adversely affect any party as compared to such party's treatment under the First Amended Plan.

17. In conjunction with the filing of the Plan, the Plan Proponents also intend to file a revised draft of the

Liquidating Trust Agreement, as well as Liquidating Trust Oversight Committee Bylaws (the "Bylaws").  Finally, per the Mediation Agreement, the Plan Proponents also intend to file a Supplemental Disclosure With Respect to Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Supplement" and together with the Plan, the Liquidating Trust Agreement, and the Bylaws, the "Plan Documents"), which will outline the revisions to the First Amended Plan incorporated in the Plan and provide background and updated analysis with respect thereto. In particular, the Supplement includes (i) background related to the Canadian Sale and other significant events since the filing of the First Amended Plan, (ii) a summary of revisions to the Plan, (iii) an updated analysis of the effects of substantive consolidation of the Consolidated Debtors, (iv) an updated summary of estimated recoveries under the Plan and (v) an updated analysis of the effect of liquidation under chapter 7 of the Bankruptcy Code.

### RELIEF REQUESTED

18.  By this Motion, the Plan Proponents seek entry of an order under Bankruptcy Code section 105 (i) approving, as adequate and proper, service of the Plan Documents on the Notice Parties and notice through posting the Plan Documents on the claims agent's website and (ii) finding that no other or further notice or services is necessary or required.

7

**BASIS FOR RELIEF**

19.   The Plan Proponents submit that modifications to the First Amended Plan are neither material nor adverse and, thus, no further solicitation is necessary.  Nonetheless, in the interest of keeping potentially affected parties in interest apprised of developments in the case, the Plan Proponents intend to serve the Plan Documents on the Notice Parties and post the Plan Documents on the claims agent's website.

20.   Service of the Plan Documents on the Notice Parties is designed to provide notice to those parties with the greatest interest in the modifications to the First Amended Plan.  Specifically, the Plan Proponents intend to serve the Plan Documents on (i) the Core Group (as defined in the Court's Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Amended Notice, Case Management and Administrative Procedures (the "Case Management Order," Docket No. 6208)), (ii) the 2002 List (as defined in the Case Management Order), (iii) all parties who filed objections to the Disclosure Statement or to confirmation of the First Amended Plan and (iv) all parties with outstanding claims against any of Circuit City Stores West Coast Inc. ("West Coast"), Circuit City Store PR LLC ("Circuit City PR"), Circuit City Purchasing Company LLC ("Circuit City Purchasing"), InterTAN or Ventoux (collectively, the "Notice

8

Parties"). In addition, the Plan Documents will be available to all parties in interest through court-appointed claims agent's website. The Debtors submit that such service and notice is designed to apprise all interested parties of revisions to the First Amended Plan.

21. The Plan Proponents submit that any further or additional service or notice of the Plan Documents would be burdensome and unduly expensive to the Debtors' estates and creditors. The Debtors have over 10,000 creditors and over 50,000 equity holders. The various notices associated with solicitation of the First Amended Plan were served on over 407,000 parties in interest. The cost of serving all of these parties with the Plan Documents would be significant and, moreover, unnecessary, as parties' recoveries will not be adversely affected.

22. Accordingly, the Plan Proponents submit that service of the Plan Documents on the Notice Parties and notice through posting the Plan Documents on the claims agent's website are adequate and sufficient and that no further notice or service of the Plan Documents is necessary or required.

**APPLICABLE AUTHORITY**

23. Bankruptcy Code section 105 provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. Thus, section 105 grants the Court broad equitable powers to enter necessary and appropriate

orders.  Cano v. GMAC Mortgage Corp. (In re Cano), 410 B.R. 506, 539 (Bankr. S.D. Tex. 2009) ("Section 105's plain language grants bankruptcy courts broad remedial authority. . . . Section 105(a) provides that the court may issue any 'judgment' necessary or appropriate to carry out requirements of the Bankruptcy Code. . . .  The Supreme Court has emphasized the Court's broad authority under § 105 . . . ." (citing Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 373-76 (2007)) (emphasis in original)); see also Collier on Bankruptcy ¶ 105.01 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed.) ("The basic purpose of section 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction.").

24.  Here, the Plan Proponents submit that entry of an order approving service of the Plan Documents on the Notice Parties and approving notice through posting of the Plan Documents on the claims agent's website are adequate and appropriate.  Specifically, by serving the Plan Documents on the Notice Parties, the Plan Proponents will ensure that parties who have the greatest interest in the modifications to the First Amended Plan will receive the Plan Documents.  And, by posting the Plan Documents on the claims agent's website, all other parties in interest will have access to the Plan Documents.[2]  Moreover, by limiting service and notice to the

---

[2]  With respect to the Liquidating Trust Agreement and the Bylaws, moreover, the Court's Order Approving (I) Disclosure Statement, (II)
*(cont'd)*

10

foregoing, the Debtors' estates will avoid burdensome service costs, which will inure directly to the benefit of the Debtors' creditors.

25.  For all the foregoing reasons, the Plan Proponents submit that notice and service of the Plan Documents on the Notice Parties should be approved as adequate and sufficient.

### NOTICE

26.  Notice of this Motion has been provided to those parties entitled to notice under the Case Management Order. The Plan Proponents submit that, under the circumstances, no other or further notice need be given.

### WAIVER OF MEMORANDUM OF LAW

27.  Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Plan Proponents request that the requirement that all motions be accompanied by a separate written memorandum of law be waived.

### NO PRIOR REQUEST

28.  No previous request for the relief sought in

---

*(cont'd from previous page)*
Notice of the Disclosure Statement Hearing, (III) Hearing Date to Consider Confirmation of the Plan, (IV) Procedures for Filing Objections to Plan, (V) Voting Agent and Deadlines Related to Solicitation and Confirmation, (VI) Procedures with Respect to Certain Claims and (VII) Solicitation Procedures for Confirmation of the Plan (Docket No. 5090) provides that the Plan Proponents are not required to serve exhibits to the Plan on any parties in interest.

this Motion has been made to this Court or any other Court.

## CONCLUSION

WHEREFORE, the Plan Proponents respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: July 29, 2010
       Richmond, Virginia

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>P.O. Box 636<br>Wilmington, Delaware 19899-0636<br>(302) 651-3000 | PACHULSKI STANG ZIEHL & JONES LLP<br>Richard M. Pachulski, Esq.<br>Jeffrey N. Pomerantz, Esq.<br>10100 Santa Monica Boulevard, 11th Floor<br>Los Angeles, California 90067-4100 |
| – and – | – and – |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Chris L. Dickerson, Esq.<br>155 North Wacker Drive<br>Chicago, Illinois 60606<br>(312) 407-0700 | PACHULSKI STANG ZIEHL & JONES LLP<br>Robert J. Feinstein, Esq.<br>780 Third Avenue, 36th Floor<br>New York, NY 10017-2024 |
| – and – | – and – |
| MCGUIREWOODS LLP | TAVENNER & BERAN, PLC |
| /s/ Douglas M. Foley<br>Douglas M. Foley (VSB No. 34364)<br>Sarah B. Boehm (VSB No. 45201)<br>One James Center<br>901 E. Cary Street<br>Richmond, Virginia 23219<br>(804) 775-1000 | /s/ Lynn L. Tavenner<br>Lynn L. Tavenner (VSB No. 30083)<br>Paula S. Beran (VSB No. 34679)<br>20 North Eighth Street<br>Second Floor<br>Richmond, Virginia 23219 |
| Counsel for Debtors and Debtors in Possession | Counsel for the Creditors' Committee |