| | |
|---|---|
| Gregg M. Galardi, Esq. | Douglas M. Foley (VSB No. 34364) |
| Ian S. Fredericks, Esq. | Sarah B. Boehm (VSB No. 45201) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653
et al.,                       :
                              :
         Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - - x

**MOTION OF THE DEBTORS PURSUANT TO 11 U.S.C. § 105
AND LOCAL BANKRUPTCY RULE 9013-1(M) FOR AN ORDER
SETTING AN EXPEDITED HEARING ON THE MOTION OF THE DEBTORS
AND THE OFFICIAL COMMITTEE OF CREDITORS HOLDING GENERAL
UNSECURED CLAIMS FOR ORDER APPROVING LIMITED NOTICE
AND SERVICE OF PLAN DOCUMENTS**

The debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors")[1] hereby move the

---

[1] The Debtors are the following entities: The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc.

*(cont'd)*

Court (the "Motion to Expedite") for the entry of an order, pursuant to 11 U.S.C. § 105 and Rule 9013-1(M) and (N) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"), setting an expedited hearing for August 4, 2010 at 2:00 p.m. (Eastern) on the Motion of the Debtors and the Official Committee of Creditors Holding General Unsecured Claims for Order Approving Limited Notice and Service of Plan Documents (the "Motion"). In further support of the Motion to Expedite, the Debtors respectfully represent:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-

---

*(cont'd from previous page)*
(0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, Virginia 23060.

1532 (the "Bankruptcy Code"), and Local Bankruptcy Rule 9013-1(M) and (N).

## BACKGROUND

**A.  General Case Background.**

3.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4.   On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

5.   On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  The going out of business sales concluded on or about March 8, 2009.

**B.    The First Amended Plan.**

6.    On September 29, 2009, the Debtors and the Creditors' Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and Its Official Committee of Creditors Holding General Unsecured Claims (the "First Amended Plan").  The associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009.

7.    Generally, the First Amended Plan provides for the liquidation of the Debtors' remaining assets and distributions to creditors through a liquidating trust.

**C.    Events Subsequent To Filing the First Amended Plan.**

8.    As set forth in detail in the Motion, the Plan Proponents have revised the First Amended Plan in certain respects, which revisions will be incorporated in the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan").  The Plan Proponents anticipate filing the Plan on or about August 9, 2010.

9.    Very briefly, the First Amended Plan has been revised in a few key respects: (i) reserves will be created to help ensure that sufficient Cash is available for distribution

4

to creditors whose claims are allowed after the effective date of the Plan; (ii) InterTAN, Inc. ("InterTAN") and Ventoux International, Inc. ("Ventoux") will no longer be substantively consolidated with the other Debtors (such other Debtors, the "Consolidated Debtors"); and (iii) modifications have been made to facilitate certain transactions designed to minimize the amount of Canadian tax liability associated with the repatriation to the Debtors of certain proceeds from the Canadian Sale.  Importantly, the Plan Proponents submit that the modifications incorporated in the Plan do not adversely affect any party as compared to such party's treatment under the First Amended Plan.

10.  In conjunction with the filing of the Plan, the Plan Proponents also intend to file a revised draft of the Liquidating Trust Agreement, as well as Liquidating Trust Oversight Committee Bylaws (the "Bylaws").  Finally, the Plan Proponents also intend to file a Supplemental Disclosure With Respect to Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Supplement" and together with the Plan, the Liquidating Trust Agreement, and the Bylaws, the "Plan Documents"), which will outline the revisions to the

First Amended Plan incorporated in the Plan and provide background and updated analysis with respect thereto.  In particular, the Supplement includes (i) background related to the Canadian Sale and other significant events since the filing of the First Amended Plan, (ii) a summary of revisions to the Plan, (iii) an updated analysis of the effects of substantive consolidation of the Consolidated Debtors, (iv) an updated summary of estimated recoveries under the Plan and (v) an updated analysis of the effect of liquidation under chapter 7 of the Bankruptcy Code.

**RELIEF REQUESTED**

11.  On July 29, 2010, the Debtors filed the Motion.  By this Motion to Expedite, the Debtors seek this Court's entry of an order setting an expedited hearing on the Motion for the scheduled omnibus hearing on Wednesday, August 4, 2010 at 2:00 p.m. (Eastern) (the "Expedited Hearing").

**BASIS FOR RELIEF**

12.  In the Motion, the Plan Proponents seek entry of an order under Bankruptcy Code section 105(a) approving, as adequate and proper, service of the Plan Documents on: (i) the Core Group (as defined in the Court's Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and

6

9013-1 Establishing Certain Amended Notice, Case Management and Administrative Procedures (the "Case Management Order," Docket No. 6208)), (ii) the 2002 List (as defined in the Case Management Order), (iii) all parties who filed objections to the Disclosure Statement or to confirmation of the First Amended Plan and (iv) all parties with outstanding claims against any of Circuit City Stores West Coast Inc., Circuit City Store PR LLC, Circuit City Purchasing Company LLC, InterTAN or Ventoux (collectively, the "Notice Parties"), and notice through posting the Plan Documents on the claims agent's website; and (b) finding that no other or further notice or services is necessary or required.

13. The Debtors believe it is in the best interest of the Debtors' estates, their creditors, and other parties in interest for the Motion to be heard at the hearing on August 4, 2010 at 2:00 p.m. (Eastern) because the Plan Proponents have agreed to file the Plan Documents on or about August 9, 2010 in anticipation of a hearing on confirmation of the Plan tentatively scheduled for September 8, 2010. In order to proceed on this timeline and give interested parties an opportunity to review the Plan Documents prior to the tentatively scheduled confirmation hearing, the Plan

Proponents agreed to file the Motion and the Committee supports this Motion to Expedite in connection therewith.

14. Local Bankruptcy Rule 9013-1 allows the setting of a hearing on an expedited basis as requested herein. Attached hereto as <u>Exhibit B</u> is the certification required under Local Rule 9013-1(N).

15. Additionally, section 105(a) of the Bankruptcy Code provides this Court with the power to set expedited hearings. Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

**NOTICE**

16. Notice of this Motion to Expedite is being provided to parties-in-interest in accordance with the Court's Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (Docket No. 6208) (the "Case Management Order"). In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

**WAIVER OF MEMORANDUM OF LAW**

17.    Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion to Expedite and all applicable authority is set forth in the Motion to Expedite, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

**NO PRIOR REQUEST**

18.    No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as Exhibit A, granting the relief requested in the Motion to Expedite and such other and further relief as may be just and proper.

Dated: July 29, 2010          SKADDEN, ARPS, SLATE, MEAGHER &
      Richmond, Virginia   FLOM, LLP
                                       Gregg M. Galardi, Esq.
                                       Ian S. Fredericks, Esq.
                                       P.O. Box 636
                                     Wilmington, Delaware 19899-0636
                                     (302) 651-3000

                                                    - and -

                                     SKADDEN, ARPS, SLATE, MEAGHER &
                                     FLOM, LLP
                                     Chris L. Dickerson, Esq.
                                     155 North Wacker Drive
                                     Chicago, Illinois 60606
                                     (312) 407-0700

                                                    - and -

                                   MCGUIREWOODS LLP

                                   /s/ Douglas M. Foley          .
                                   Douglas M. Foley (VSB No. 34364)
                                   Sarah B. Boehm (VSB No. 45201)
                                   One James Center
                                   901 E. Cary Street
                                   Richmond, Virginia 23219
                                   (804) 775-1000

                                   Counsel for Debtors and Debtors in Possession

**EXHIBIT A**

| | |
|---|---|
| Gregg M. Galardi, Esq. | Douglas M. Foley (VSB No. 34364) |
| Ian S. Fredericks, Esq. | Sarah B. Boehm (VSB No. 45201) |
| SKADDEN, ARPS, SLATE, MEAGHER & | MCGUIREWOODS LLP |
| FLOM, LLP | One James Center |
| One Rodney Square | 901 E. Cary Street |
| PO Box 636 | Richmond, Virginia 23219 |
| Wilmington, Delaware 19899-0636 | (804) 775-1000 |
| (302) 651-3000 | |

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653
et al.,                        :
                               :
            Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - - x

**ORDER SETTING AN EXPEDITED HEARING THE MOTION OF THE
DEBTORS AND THE OFFICIAL COMMITTEE OF CREDITORS HOLDING
GENERAL UNSECURED CLAIMS FOR ORDER APPROVING LIMITED
NOTICE AND SERVICE OF PLAN DOCUMENTS**

Upon the motion (the "Motion to Expedite")[1] of the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Expedite.

Debtors for an order, pursuant to Bankruptcy Code section 105 and Rule 9013-1(M) and (N) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"), requesting an expedited hearing on the Motion; and the Court having reviewed the Motion to Expedite and the Motion; and the Court having determined that the relief requested in the Motion to Expedite is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion to Expedite has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

      **ORDERED, ADJUDGED AND DECREED that:**

    1.   The Motion to Expedite is GRANTED.

    2.   Notice of the Motion is shortened so that it may be heard, considered and ruled upon by the Court at a hearing on August 4, 2010 at 2:00 p.m. (Eastern).

2

3. Adequate notice of the relief sought in the Motion to Expedite has been given and no further notice is required.

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  Richmond, Virginia

_____, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

3

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                        /s/ Douglas M. Foley
                                        Douglas M. Foley

**EXHIBIT B**

| | |
|---|---|
| Gregg M. Galardi, Esq. | Douglas M. Foley (VSB No. 34364) |
| Ian S. Fredericks, Esq. | Sarah B. Boehm (VSB No. 45201) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

      - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
            IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - - - x
                                :
In re:                          :    Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :    Case No. 08-35653
et al.,                         :
                                :
              Debtors.          :    Jointly Administered
- - - - - - - - - - - - - - - - x
```

**CERTIFICATION FOR EXPEDITED HEARING**

     The above-captioned debtors (collectively, the "Debtors") contemporaneously herewith are filing, the Motion of the Debtors, Pursuant to 11 U.S.C. § 105 and Local Bankruptcy Rule 9013-1(M), for an Order Setting an

1

Expedited Hearing (the "Motion to Expedite").[1]  In support thereof, and as required by Rule 9013-1(N) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia, the undersigned counsel for the Debtors certify as follows:

    1.  I am a member of the Bar of this Court, and I have carefully examined these matters and concluded that there is a true need for an expedited hearing.

    2.  The necessity for this expedited hearing has not been caused by any lack of due diligence on my part, but has been brought about only by the circumstances of the Debtors' chapter 11 cases.

    3.  Based upon the nature of the matters and the relief requested in the Motion to Expedite, no bona fide effort to resolve these matters without a hearing is possible.

                                    /s/ Douglas M. Foley
                                    Douglas M. Foley

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Expedite.

2