Gregg M. Galardi, Esq.              Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.             Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' EIGHTY-FIRST OMNIBUS OBJECTION TO CLAIMS
(REDUCTION OF CERTAIN PARTIALLY INVALID CLAIMS AND
DISALLOWANCE OF CERTAIN INVALID CLAIMS)**

The debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors"),[1] hereby file

---

[1] The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
(0875), Ventoux International, Inc. (1838), Circuit City Purchasing
Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company
of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer

*(cont'd)*

their Eighty-First Omnibus Objection to Claims (Reduction of
Certain Partially Invalid Claims and Disallowance of Certain
Invalid Claims) (the "Objection"), and hereby move this Court,
pursuant to sections 105, 502 and 503 of title 11 of the
United States Code, 11 U.S.C. §§ 101 <u>et</u> <u>seq</u>. (as amended, the
"Bankruptcy Code"), Rule 3007 of the Federal Rules of
Bankruptcy Procedure (the "Bankruptcy Rules"), and Local
Bankruptcy Rule 3007-1, for an order, the proposed form of
which is attached hereto as <u>Exhibit A</u>, granting the relief
sought by this Objection, and in support thereof states as
follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this
Objection under 28 U.S.C. §§ 157 and 1334.  This is a core
proceeding under 28 U.S.C. § 157(b).  Venue of these cases
and this Objection in this district is proper under 28
U.S.C. §§ 1408 and 1409.  The statutory and legal predicates
for the relief requested herein are Bankruptcy Code sections

---

*(cont'd from previous page)*
    Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659),
    Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS,
    Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel,
    LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR,
    LLC (5512). The address for Circuit City Stores West Coast, Inc. is
    9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other
    Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233
    and currently is 4951 Lake Brook Drive, Glen Allen, Virginia 23060.

105, 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy
Rule 3007-1.

**BACKGROUND**

2.     On November 10, 2008 (the "Petition Date"),
the Debtors filed voluntary petitions in this Court for
relief under chapter 11 of the Bankruptcy Code.

3.     The Debtors continue to manage and operate
their businesses as debtors in possession pursuant to
Bankruptcy Code sections 1107 and 1108.

4.     On November 12, 2008, the Office of the
United States Trustee for the Eastern District of Virginia
appointed a statutory committee of unsecured creditors (the
"Creditors' Committee").  To date, no trustee or examiner
has been appointed in these chapter 11 cases.

5.     On November 12, 2008, the Court appointed
Kurtzman Carson Consultants LLC ("KCC") as claims, noticing
and balloting agent for the Debtors in these chapter 11
cases pursuant to 28 U.S.C. § 156(c).

6.     On December 10, 2008, the Court entered that
certain Order Pursuant to Bankruptcy Code Sections 105 and
502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I)
Setting General Bar Date and Procedures for Filing Proofs of
Claim; and (II) Approving Form and Manner of Notice Thereof

(Docket No. 890) (the "Claims Bar Date Order").

    7.    Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date").  The deadline for governmental units to file claims that arose before November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date").  Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

    8.    On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314).  In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

9.   On November 12, 2008, this Court entered that certain Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 (Docket No. 107)(the "503(b)(9) Bar Date Order").

10.  Pursuant to the 503(b)(9) Bar Date Order, this Court approved the form and manner of the 503(b)(9) bar date notice, which was attached as Exhibit A to the 503(b)(9) Bar Date Order (the "503(b)(9) Bar Date Notice"). Pursuant to the 503(b)(9) Bar Date Order and 503(b)(9) Bar Date Notice, the bar date for filing proofs of claim asserting administrative priority claims pursuant to section 503(b)(9) of the Bankruptcy Code was on December 19, 2008 (the "503(b)(9) Bar Date").

11.   On November 19, 2008, KCC served a copy of the 503(b)(9) Bar Date Notice on the 2002 Service List, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 358).  In addition, the Debtors published the 503(b)(9) Bar Date Notice in The New York Times (Docket No. 549), The Wall Street Journal (Docket No. 548), and The Richmond Times-Dispatch (Docket No. 547).

12.   On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

13.   On April 1, 2009, this Court entered an Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (Docket No. 2881) (the "Omnibus Objection Procedures Order").

14.   On May 15, 2009, the Court entered that

certain Order Pursuant to Bankruptcy Code Sections 105 and
503 and Bankruptcy Rules 2002 and 9007 (i) Setting
Administrative Bar Date and Procedures For Filing and
Objecting To Administrative Expense Request and (ii)
Approving Form and Manner of Notice Thereof (Docket No.
3354) (the "Administrative Claims Bar Date Order").

15.   Pursuant to the Administrative Claims Bar
Date Order, the deadline for filing all Administrative
Expense Requests (as defined in the Administrative Claims
Bar Date Order) was 5:00 p.m. (Pacific) on June 30, 2009.
Pursuant to the Administrative Claims Bar Date Order, this
Court approved the form and manner of the claims bar date
notice, which was attached as Exhibit A to the
Administrative Claims Bar Date Order (the "Claims Bar Date
Notice").

16.   On or before May 22, 2009, KCC served a copy
of the Administrative Claims Bar Date Notice on all parties
who filed notices of appearance pursuant to Bankruptcy Rule
2002, all of the Debtors' scheduled creditors in these
cases, the Debtors' equity holders, and certain other
parties (Docket Nos. 3397 and 4609).  In addition, the
Debtors published the Administrative Claims Bar Date Notice
in The Financial Times (Docket No. 3970), The Richmond

Times-Dispatch (Docket No. 3969) and The Wall Street Journal (Docket No. 3968).

**OBJECTIONS TO CLAIMS**

17.   By this Objection, the Debtors seek entry of an order, in substantially the form attached hereto as Exhibit A, pursuant to Bankruptcy Code sections 105(a), 502 and 503, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1, (i) reducing each of the claims identified on Exhibit C attached hereto, and (ii) disallowing each of the claims identified on Exhibit D attached hereto (collectively, the "Claims").

18.   For ease of reference, attached hereto as Exhibit B is an alphabetical listing of all claimants whose Claims are included in this Objection (the "Claimants"), with a cross-reference by claim number.

**A.   Reduction of Certain Partially Invalid Claims**

19.   The basis for reduction of the claims listed on Exhibit C attached hereto (the "Partially Invalid Claims") is that all of the Partially Invalid Claims assert, in part, amounts for which the Debtors are not liable.

20.   Specifically, after a review of the Partially Invalid Claims and the bases upon which each is asserted, and a review of the Debtors' books and records, the Debtors have determined that certain portions of the Partially

Invalid Claims are (i) liabilities already asserted by the Claimants in other claims; (ii) liabilities that have already been satisfied by the Debtors; (iii) liabilities that were filed after the applicable bar date and are therefore filed late; or (iv) liabilities for which the Debtors dispute any liability.  Accordingly, the Debtors request that the Partially Invalid Claims identified on Exhibit C be reduced in the manner stated in Exhibit C for the reasons stated therein.

21.   At this time, the Debtors have not completed their review of the validity of all claims/expenses filed against their estates, including the Partially Invalid Claims.  Accordingly, the Partially Invalid Claims may be the subject of additional subsequently filed objections.  To that end, the Debtors reserve the right to further object to any and all claims, whether or not the subject of this Objection, for allowance and/or distribution purposes, and on any other grounds.  Furthermore, the Debtors reserve the right to modify, supplement and/or amend this Objection as it pertains to any Claim or Claimant herein.

**B.   Disallowance of Certain Invalid Claims**

22.    The basis for disallowance of the claims listed on Exhibit D attached hereto (the "Invalid Claims") is that all of the Invalid Claims assert, in their entirety, amounts for which the Debtors are not liable.

23.    Specifically, after a review of the Invalid Claims and the bases upon which each is are asserted, and a review of the Debtors' books and records, the Debtors have determined that the Invalid Claims are based on liabilities already asserted by the Claimants in other claims. Accordingly, the Debtors request that the Invalid Claims identified on Exhibit D be disallowed for the reasons stated therein.

24.    At this time, the Debtors have not completed their review of the validity of all claims/expenses filed against their estates, including the Invalid Claims. Accordingly, the Invalid Claims may be the subject of additional subsequently filed objections.  To that end, the Debtors reserve the right to further object to any and all claims, whether or not the subject of this Objection, for allowance and/or distribution purposes, and on any other grounds.  Furthermore, the Debtors reserve the right to modify, supplement and/or amend this Objection as it pertains to any Claim or Claimant herein.

## RESERVATION OF RIGHTS

25.   As noted above, the Debtors reserve their rights to file objections to these Claims at a later time on any grounds that bankruptcy or non-bankruptcy law permits. The Debtors likewise reserve the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

## NOTICE AND PROCEDURE

26.   Notice of this Objection has been provided to all Claimants with Claims that are the subject to this Objection as identified on Exhibit C and Exhibit D, respectively, and to parties-in-interest in accordance with the Court's Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (entered on December 30, 2009 at Docket No. 6208) (the "Case Management Order").  The Debtors submit that the following methods of service upon the Claimants should be deemed by the Court to constitute due and sufficient service of this Objection: (a) service in accordance with Federal Rule of Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule of Civil Procedure 4; (b) to the

extent counsel for a Claimant is not known to the Debtors,
by first class mail, postage prepaid, on the signatory of
the Claimant's proof of claim form or other representative
identified in the proof of claim form or any attachment
thereto; or (c) by first class mail, postage prepaid, on any
counsel that has appeared on the Claimant's behalf in the
Debtors' bankruptcy cases.  The Debtors are serving the
Claimant with this Objection and the exhibit on which the
Claimant's claim is listed.

          27.  To the extent any Claimant timely files and
properly serves a response to this Objection by **4:00 P.M.
(Eastern) on August 24, 2010** as required by the Case
Management Order and under applicable law, and the parties
are unable to otherwise resolve the Objection, the Debtors
request that the Court conduct a status conference[2] with
respect to any such responding claimant at **10:00 A.M.
(Eastern) on August 31, 2010** and thereafter schedule the
matter for a future hearing as to the merits of such claim.
However, to the extent any Claimant fails to timely file and
properly serve a response to this Objection as required by

---

[2]  In accordance with the Omnibus Objection Procedures Order, Claimants
who timely respond to the Objection do not need to appear at the
status conference.

the Case Management Order and applicable law, the Debtors
request that the Court enter an order, substantially in the
form attached hereto as <u>Exhibit A</u>, reducing the Partially
Invalid Claims and disallowing the Invalid Claims set forth
in <u>Exhibit C</u> and <u>Exhibit D</u> attached hereto.

## COMPLIANCE WITH BANKRUPTCY RULE 3007 AND THE OMNIBUS OBJECTION PROCEDURES ORDER

28.   This Objection complies with Bankruptcy Rule
3007(e).  Additionally, the Debtors submit that this
Objection is filed in accordance with the Omnibus Objection
Procedures Order.

## WAIVER OF MEMORANDUM OF LAW

29.   Pursuant to Local Bankruptcy Rule 9013-1(G),
and because there are no novel issues of law presented in
the Motion, the Debtors request that the requirement that
all motions be accompanied by a written memorandum of law be
waived.

## NO PRIOR RELIEF

30.   No previous request for the relief sought
herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request the
Court to enter an Order sustaining this Objection and
granting such other and further relief as the Court deems
appropriate.

Dated: Richmond, Virginia   SKADDEN, ARPS, SLATE, MEAGHER &
      July 30, 2010       FLOM, LLP
                                     Gregg M. Galardi, Esq.
                                     Ian S. Fredericks, Esq.
                                     P.O. Box 636
                                     Wilmington, Delaware 19899-0636
                                     (302) 651-3000

                                      - and -

                                     SKADDEN, ARPS, SLATE, MEAGHER &
                                     FLOM, LLP
                                     Chris L. Dickerson, Esq.
                                     155 North Wacker Drive
                                     Chicago, Illinois 60606
                                     (312) 407-0700

                                      - and -

                                     MCGUIREWOODS LLP

                                     /s/ Douglas M. Foley      .
                                     Douglas M. Foley (VSB No. 34364)
                                     Sarah B. Boehm (VSB No. 45201)
                                     One James Center
                                     901 E. Cary Street
                                     Richmond, Virginia 23219
                                     (804) 775-1000

                                     Counsel for Debtors and Debtors
                                     in Possession

## EXHIBIT A

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x
```

**ORDER SUSTAINING DEBTORS' EIGHTY-FIRST OMNIBUS
OBJECTION TO CLAIMS (REDUCTION OF CERTAIN
PARTIALLY INVALID CLAIMS AND
DISALLOWANCE OF CERTAIN INVALID CLAIMS)**

THIS MATTER having come before the Court on the

Debtors' Eighty-First Omnibus Objection to Claims Omnibus

Objection to Claims (Reduction of Certain Partially Invalid

Claims and Disallowance of Certain Invalid Claims) (the

"Objection"), which requested, among other things, that the claims specifically identified on Exhibit C and Exhibit D attached to the Objection be reduced or disallowed for those reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it further appearing that no response was timely filed or properly served by the Claimants being affected by this Order; and it appearing that the relief requested on the Objection is in the best interest of the Debtors, their estates and creditors and other parties-in-interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1.    The Objection is SUSTAINED.

2.    The Claims identified on Exhibit A as attached hereto and incorporated herein are forever reduced for all purposes in these bankruptcy cases in the manner stated in Exhibit A.

3.    The Claims identified on Exhibit B as attached hereto and incorporated herein are forever disallowed in their entirety for all purposes in these

2

bankruptcy cases.

      4.   The Debtors' rights to object to any claim including (without limitation) the Claims subject to the Objection, on any grounds that applicable law permits, are not waived and are expressly reserved.

      5.   The Debtors shall serve a copy of this Order on the claimants included on the exhibits to this Order on or before five (5) business days from the entry of this Order.

      6.   This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.


Dated: Richmond, Virginia
      _____, 2010


               _____
               HONORABLE KEVIN R. HUENNEKENS
               UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby
certify that the foregoing proposed order has been endorsed
by or served upon all necessary parties.

                    /s/ Douglas M. Foley
                    _____
                    Douglas M. Foley

In re: Circuit City Stores, Inc, et al.                                    Debtors' Eighty-First Omnibus Objection to Claims
Case No. 08-35653 (KRH)              (Modification of Certain Partially Invalid Claims and Disallowance of Certain Invalid Claims)

Exhibit B - Claimants and Related Claims Subject To Eighty-First Omnibus Objection to Claims

| Claim Holder | Claim | Exhibit |
|---|---|---|
| ADI DIVISION OF HONEYWELL INT | 273 | EXHIBIT C - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |
| ADI DIVISION OF HONEYWELL INT | 272 | EXHIBIT C - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |
| BAGBY ELECTRIC OF VA INC | 3234 | EXHIBIT D - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |
| CONVERGYS CUSTOMER MANAGEMENT GROUP INC | 7184 | EXHIBIT C - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |
| CORPORATE EXPRESS OFFICE PRODUCTS INC | 10832 | EXHIBIT C - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |
| EREPLACEMENTS | 319 | EXHIBIT C - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |
| EXPORT DEVELOPMENT CANADA EDC | 8054 | EXHIBIT C - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |
| G&R FALCON COMMUNICATIONS INC | 2071 | EXHIBIT C - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |
| IGATE GLOBAL SOLUTIONS LIMITED | 7478 | EXHIBIT C - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |
| KINYO COMPANY INC | 1777 | EXHIBIT C - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |
| MARC J SIEGER | 14412 | EXHIBIT C - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |
| MIDWAY HOME ENTERTAINMENT | 1843 | EXHIBIT C - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |
| NORTH COUNTY TIMES | 3377 | EXHIBIT D - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |
| PC DOCTOR INC | 2904 | EXHIBIT C - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |
| RALEIGH NEWS & OBSERVER | 6308 | EXHIBIT D - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |
| SIEGER, MARC J | 3048 | EXHIBIT D - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |
| STARLIGHT MARKETING LTD | 6643 | EXHIBIT C - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |
| STEPHEN GOULD CORPORATION | 9074 | EXHIBIT C - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |
| STREATER INC | 4057 | EXHIBIT D - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |
| SUMTER ELECTRIC COOPERATIVE, INC ,FL | 4810 | EXHIBIT D - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |
| SUMTER ELECTRIC COOPERATIVE, INC ,FL | 4814 | EXHIBIT D - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |
| THE BUFFALO NEWS A DIVISION OF OBH INC | 1984 | EXHIBIT C - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |
| THE DALLAS MORNING NEWS | 3146 | EXHIBIT C - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |
| USIS COMMERICAL SERVICES INC | 5275 | EXHIBIT C - (MODIFICATION OF CERTAIN PARTIALLY INVALID CLAIMS AND DISALLOWANCE OF CERTAIN INVALID CLAIMS) |

Case No. 08-35653 (KRH)

Debtors' Thirty-Ninth Omnibus Objection to Claims
(Reduction Of Certain Partially Invalid Claims And
Disallowance Of Certain Invalid Claims)

**EXHIBIT C**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED* | | | | | CLAIM AS MODIFIED | | | | | | COMMENT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Claim: 272<br>Date Filed: 11/20/2008<br>Docketed Total: $2,793.85<br>Filing Creditor Name and Address:<br>ADI DIVISION OF HONEYWELL INT<br>263 OLD COUNTRY RD<br>MELVILLE, NY 11747 | Claim Holder Name and Address<br>ADI DIVISION OF HONEYWELL INT<br>263 OLD COUNTRY RD<br>MELVILLE, NY 11747 | Case Number: 08-35653<br>Docketed Total: **$2,793.85** | | | | Case Number: 08-35653<br>Modified Total: **$2,355.36** | | | | | | $438.49 of Claim No. 272 is based on the same liabilities as another claim filed by the Claimant (Claim No. 789). Accordingly, Claim No. 272 should be reduced by such amount. |
| | 503(b)(9) | Admin | Secured | Priority | Unsecured<br>$2,793.85 | 503(b)(9) | Admin | Secured | Priority | Unsecured<br>$2,355.36 | Interest | |
| Claim: 273<br>Date Filed: 11/17/2008<br>Docketed Total: $88,926.57<br>Filing Creditor Name and Address:<br>ADI DIVISION OF HONEYWELL INT<br>263 OLD COUNTRY RD<br>MELVILLE, NY 11747 | Claim Holder Name and Address<br>ADI DIVISION OF HONEYWELL INT<br>263 OLD COUNTRY RD<br>MELVILLE, NY 11747 | Case Number: 08-35653<br>Docketed Total: **$88,926.57** | | | | Case Number: 08-35653<br>Modified Total: **$67,830.51** | | | | | | $17,869.80 of Claim No. 273 is based on the same liabilities as another claim filed by the Claimant (Claim No. 789). In addition, $3,226.26 of Claim No. 273 is based on goods with invalid proofs of delivery, amounts for which the Debtors are not liable due to improper pricing, and amounts that were satisfied due to a paid invoice. |
| | 503(b)(9) | Admin | Secured | Priority | Unsecured<br>$88,926.57 | 503(b)(9) | Admin | Secured | Priority | Unsecured<br>$67,830.51 | Interest | |
| Claim: 7184<br>Date Filed: 01/28/2009<br>Docketed Total: $934,615.39<br>Filing Creditor Name and Address:<br>CONVERGYS CUSTOMER MANAGEMENT GROUP INC<br>8000 BAYMEADOWS WAY<br>JACKSONVILLE, FL 32256 | Claim Holder Name and Address<br>CONVERGYS CUSTOMER MANAGEMENT GROUP INC<br>8000 BAYMEADOWS WAY<br>JACKSONVILLE, FL 32256 | Case Number: 08-35653<br>Docketed Total: **$934,615.39** | | | | Case Number: 08-35653<br>Modified Total: **$724,465.38** | | | | | | $35,150 of the general unsecured, non-priority portion of Claim No. 7184 is based on the same liabilities as another claim filed by the Claimant (Claim No. 1092). In addition, $175,000.01 of the general unsecured, non-priority portion of Claim No. 7184 represents services for February 2009 that the Claimant did not perform, as the Claimant ceased providing services to the Debtors in January 2009. Accordingly, Claim No. 7184 should be reduced by such amounts. |
| | 503(b)(9) | Admin<br>335,752.67 | Secured | Priority | Unsecured<br>$598,862.72 | 503(b)(9) | Admin<br>335,752.67 | Secured | Priority | Unsecured<br>$388,712.71 | Interest | |
| Claim: 10832<br>Date Filed: 02/02/2009<br>Docketed Total: $730,164.79<br>Filing Creditor Name and Address:<br>CORPORATE EXPRESS OFFICE PRODUCTS INC<br>555 W 112TH AVE<br>NORTHGLENN, CO 80234 | Claim Holder Name and Address<br>CORPORATE EXPRESS OFFICE PRODUCTS INC<br>555 W 112TH AVE<br>NORTHGLENN, CO 80234 | Case Number: 08-35653<br>Docketed Total: **$730,164.79** | | | | Case Number: 08-35653<br>Modified Total: **$272,151.02** | | | | | | $458,013.77 of Claim No. 10082 is based on the same liabilities as another claim filed by the Claimant (Claim No. 997). Accordingly, Claim No. 10082 should be reduced by such amount. |
| | 503(b)(9) | Admin | Secured | Priority | Unsecured<br>$730,164.79 | 503(b)(9) | Admin | Secured | Priority | Unsecured<br>$272,151.02 | Interest | |

\*    "UNL" denotes an unliquidated claim.

EXHIBIT C

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED* | | | | | | | CLAIM AS MODIFIED | | | | | | | COMMENT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Claim: 319<br>Date Filed:     11/19/2008<br>Docketed Total:     $189,484.00<br>Filing Creditor Name and Address:<br>EREPLACEMENTS<br>5190 NEIL RD STE 205<br>RENO, NV 89509 | Claim Holder Name and Address<br>MEDIA SOLUTIONS HOLDINGS LLC<br>DOWNEY BRAND LLP<br>621 CAPITOL MALL<br>18TH FL<br>SACRAMENTO, CA 95814 | Case Number:     08-35653<br>Docketed Total:     **$189,484.00** | | | | | | Case Number:     08-35653<br>Modified Total:     **$61,803.00** | | | | | | | $127,681 of Claim 319 is based on the same liabilities as another claim filed by the Claimant (Claim No. 1078).  Accordingly, Claim No. 319 should be reduced by such amount. |
| | 503(b)(9) | Admin | Secured | Priority | Unsecured<br>$189,484.00 | | | 503(b)(9) | Admin | Secured | Priority | Unsecured<br>$61,803.00 | Interest | | |
| Claim: 8054<br>Date Filed:     01/28/2009<br>Docketed Total:     $1,568,659.78<br>Filing Creditor Name and Address:<br>EXPORT DEVELOPMENT CANADA EDC<br>151 OCONNOR ST<br>OTTAWA, ON K1A 1K3<br>CANADA | Claim Holder Name and Address<br>EXPORT DEVELOPMENT CANADA EDC<br>151 OCONNOR ST<br>OTTAWA, ON K1A 1K3<br>CANADA | Case Number:     08-35653<br>Docketed Total:     **$1,568,659.78** | | | | | | Case Number:     08-35653<br>Modified Total:     **$1,050,292.08** | | | | | | | The Debtors have objected to $431,282.79 of the alleged administrative priority portion of Claim No. 8054, in the 80th Omnibus Objection, as being improperly classified.  The remaining $518,367.70 of the alleged administrative priority portion of Claim No. 8054 is based on the sale of goods within the twenty day period prior to the Petition Date as required by section 503(b)(9).  Claim No. 8054 was filed, however, on January 28, 2009, which is after the December 19, 2008 bar date for section 503(b)(9) claims.  Accordingly, the administrative priority portion of Claim No. 8054 should be reduced by such amount. |
| | 503(b)(9) | Admin<br>949,650.49 | Secured | Priority | Unsecured<br>$619,009.29 | | | 503(b)(9)<br>$431,282.79 | Admin | Secured | Priority | Unsecured<br>$619,009.29 | Interest | | |
| Claim: 2071<br>Date Filed:     12/30/2008<br>Docketed Total:     $4,983.00<br>Filing Creditor Name and Address:<br>G&R FALCON COMMUNICATIONS INC<br>9400 LAGUNA NIGUEL DR NO 103<br>LAS VEGAS, NV 89134-6386 | Claim Holder Name and Address<br>G&R FALCON COMMUNICATIONS INC<br>9400 LAGUNA NIGUEL DR NO 103<br>LAS VEGAS, NV 89134-6386 | Case Number:     08-35653<br>Docketed Total:     **$4,983.00** | | | | | | Case Number:     08-35653<br>Modified Total:     **$1,625.00** | | | | | | | $3,358 of Claim No. 2071 is based on the same liabilities as another claim filed by the Claimant (Claim No. 989).  Accordingly, Claim No. 2071 should be reduced by such amount. |
| | 503(b)(9) | Admin | Secured | Priority | Unsecured<br>$4,983.00 | | | 503(b)(9) | Admin | Secured | Priority | Unsecured<br>$1,625.00 | Interest | | |

*        "UNL" denotes an unliquidated claim.

In re Circuit City Stores, Inc, et al. Case 08-35653-KRH    Doc 8186    Filed 07/30/10    Entered 07/30/10 17:19:23    Desc Main

Case No. 08-35653 (KRH)    Document    Page 22 of 27

Debtors' Eighty-Second Omnibus Objection to Claims
(Reduction Of Certain Partially Invalid Claims And
Disallowance Of Certain Invalid Claims)

EXHIBIT C

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED* | CLAIM AS MODIFIED | COMMENT |
|---|---|---|---|
| Claim: 7478<br>Date Filed: 01/28/2009<br>Docketed Total: $462,066.00<br>Filing Creditor Name and Address:<br>IGATE GLOBAL SOLUTIONS LIMITED<br>GENERAL COUNSEL<br>IGATE GLOBAL SOLUTIONS LIMITED<br>1000 COMMERCE DRIVE<br>PITTSBURGH, PA 15275 | Claim Holder Name and Address<br>IGATE GLOBAL SOLUTIONS LIMITED<br>GENERAL COUNSEL<br>IGATE GLOBAL SOLUTIONS LIMITED<br>1000 COMMERCE DRIVE<br>PITTSBURGH, PA 15275<br><br>Case Number: 08-35653<br>Docketed Total: **$462,066.00**<br><br>503(b)(9)  Admin  Secured  Priority  Unsecured<br>$462,066.00 | Case Number: 08-35653<br>Modified Total: **$239,941.00**<br><br>503(b)(9)  Admin  Secured  Priority  Unsecured  Interest<br>$239,941.00 | $222,125 of Claim No. 7478 is based on the same liabilities as another claim filed by the Claimant (Claim No. 920). Accordingly, Claim No. 7478 should be reduced by such amount. |
| Claim: 1777<br>Date Filed: 12/18/2008<br>Docketed Total: $67,706.00<br>Filing Creditor Name and Address:<br>KINYO COMPANY INC<br>3550 WILSHIRE BLVD STE 1250<br>LOS ANGELES, CA 90010 | Claim Holder Name and Address<br>KINYO COMPANY INC<br>3550 WILSHIRE BLVD STE 1250<br>LOS ANGELES, CA 90010<br><br>Case Number: 08-35653<br>Docketed Total: **$67,706.00**<br><br>503(b)(9)  Admin  Secured  Priority  Unsecured<br>$67,706.00 | Case Number: 08-35653<br>Modified Total: **$42,836.00**<br><br>503(b)(9)  Admin  Secured  Priority  Unsecured  Interest<br>$42,836.00 | $24,870 of Claim No. 1777 is based on the same liabilities as another claim filed by the Claimant (Claim No. 1281). Accordingly, Claim No. 1777 should be reduced by such amount. |
| Claim: 14412<br>Date Filed: 06/29/2009<br>Docketed Total: $30,000.00<br>Filing Creditor Name and Address:<br>MARC J SIEGER<br>6 JOSEPH LN<br>LYNNFIELD, MA 01940 | Claim Holder Name and Address<br>MARC J SIEGER<br>6 JOSEPH LN<br>LYNNFIELD, MA 01940<br><br>Case Number: 08-35653<br>Docketed Total: **$30,000.00**<br><br>503(b)(9)  Admin  Secured  Priority  Unsecured<br>30,000.00    UNL | Case Number: 08-35653<br>Modified Total: **$10,000.00**<br><br>503(b)(9)  Admin  Secured  Priority  Unsecured  Interest<br>$10,000.00    $0.00 | $20,000 of Claim No. 14412 is based on services that Claimant did not perform, as the Claimant only performed for the first two months of the contract (September through November 2008). Accordingly, Claim No. 14412 should be reduced by such amount. In addition, in the 80th Omnibus Objection, the Debtors have objected to $6,666.67 of the remaining $10,000 of Claim No. 14412 as being improperly classified. |
| Claim: 1843<br>Date Filed: 12/22/2008<br>Docketed Total: $283,456.00<br>Filing Creditor Name and Address:<br>MIDWAY HOME ENTERTAINMENT<br>2704 W ROSCOE ST<br>CHICAGO, IL 60618-5910 | Claim Holder Name and Address<br>MIDWAY HOME ENTERTAINMENT<br>2704 W ROSCOE ST<br>CHICAGO, IL 60618-5910<br><br>Case Number: 08-35653<br>Docketed Total: **$283,456.00**<br><br>503(b)(9)  Admin  Secured  Priority  Unsecured<br>$283,456.00 | Case Number: 08-35653<br>Modified Total: **$230,496.00**<br><br>503(b)(9)  Admin  Secured  Priority  Unsecured  Interest<br>$230,496.00 | $47,960 of Claim No. 1843 is based on the same liabilities as another claim filed by the Claimant (Claim No. 1848). In addition, $5,000 of Claim No. 1843 is based on the Claimant's improper reversals of prior deductions and credits taken by the Debtor against the Claimant. Accordingly, Claim No. 1843 should be reduced by such amounts. |

*    "UNL" denotes an unliquidated claim.

Case No. 08-35653 (KRH)

Debtors' Thirty-Ninth Omnibus Objection to Claims
(Reduction Of Certain Partially Invalid Claims And
Disallowance Of Certain Invalid Claims)

EXHIBIT C

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED* | | | CLAIM AS MODIFIED | | | | | COMMENT |
|---|---|---|---|---|---|---|---|---|---|
| Claim: 2904<br>Date Filed: 01/07/2009<br>Docketed Total: $52,620.37<br>Filing Creditor Name and Address:<br>PC DOCTOR INC<br>9805 DOUBLE R BLVD STE 301<br>RENO, NV 89521-4827 | Claim Holder Name and Address<br>PC DOCTOR INC<br>9805 DOUBLE R BLVD STE 301<br>RENO, NV 89521-4827 | Case Number: 08-35653<br>Docketed Total: **$52,620.37** | | Case Number: 08-35653<br>Modified Total: **$24,599.78** | | | | | $28,020.59 of Claim No. 2904 is based on the same liabilities as another claim filed by the Claimant (Claim No. 400). Accordingly, Claim No. 2904 should be reduced by such amount. |
| | 503(b)(9)   Admin | Secured   Priority   Unsecured<br>$52,620.37 | | 503(b)(9)   Admin   Secured   Priority   Unsecured   Interest<br>$24,599.78 | | | | | |
| Claim: 6643<br>Date Filed: 01/27/2009<br>Docketed Total: $233,607.76<br>Filing Creditor Name and Address:<br>STARLIGHT MARKETING LTD<br>1200 THIRD AVE STE 1321<br>SAN DIEGO, CA 92107 | Claim Holder Name and Address<br>STARLIGHT MARKETING LTD<br>1200 THIRD AVE STE 1321<br>SAN DIEGO, CA 92107 | Case Number: 08-35653<br>Docketed Total: **$233,607.76** | | Case Number: 08-35653<br>Modified Total: **$190,992.40** | | | | | $42,615.36 of Claim No. 6643 is not supported by the Debtors' books and records, and the Claimant failed to provide support for such amount. Accordingly, Claim No. 6643 should be reduced by such amount. |
| | 503(b)(9)   Admin | Secured   Priority   Unsecured<br>$233,607.76 | | 503(b)(9)   Admin   Secured   Priority   Unsecured   Interest<br>$190,992.40 | | | | | |
| Claim: 9074<br>Date Filed: 01/30/2009<br>Docketed Total: $167,131.35<br>Filing Creditor Name and Address:<br>STEPHEN GOULD CORPORATION<br>35 S JEFFERSON RD<br>ATTN ACCTS PAYABLE<br>WHIPPANY, NJ 07981 | Claim Holder Name and Address<br>STEPHEN GOULD CORPORATION<br>35 S JEFFERSON RD<br>ATTN ACCTS PAYABLE<br>WHIPPANY, NJ 07981 | Case Number: 08-35653<br>Docketed Total: **$167,131.35** | | Case Number: 08-35653<br>Modified Total: **$144,701.03** | | | | | $13,578.32 of Claim No. 9074 is based on the same liabilities as another claim filed by the Claimant (Claim No. 1199). In addition, $8,755 of Claim No. 9074 was paid on October 27, 2008, pursuant to Check No. 1037286. Finally, $97 of Claim No. 9074 is based on goods which the Debtors did not receive. Accordingly, Claim No. 9074 should be reduced by such amounts. |
| | 503(b)(9)   Admin | Secured   Priority   Unsecured<br>$167,131.35 | | 503(b)(9)   Admin   Secured   Priority   Unsecured   Interest<br>$144,701.03 | | | | | |
| Claim: 1984<br>Date Filed: 12/29/2008<br>Docketed Total: $137,099.42<br>Filing Creditor Name and Address:<br>THE BUFFALO NEWS A DIVISION OF OBH INC<br>800 RAND BUILDING<br>14 LAFAYETTE SQ<br>BUFFALO, NY 14203-1995 | Claim Holder Name and Address<br>THE BUFFALO NEWS A DIVISION OF OBH INC<br>800 RAND BUILDING<br>14 LAFAYETTE SQ<br>BUFFALO, NY 14203-1995 | Case Number: 08-35653<br>Docketed Total: **$137,099.42** | | Case Number: 08-35653<br>Modified Total: **$46,095.74** | | | | | $37,320.66 of Claim No. 1984 is based on the same liabilities as another claim filed by the Claimant (Claim No. 226). In addition, $53,683.02 of Claim No. 1984 was prepaid on October 1, 2008, pursuant to Check No. 4564083. Accordingly, Claim No. 1984 should be reduced by such amounts. |
| | 503(b)(9)   Admin | Secured   Priority   Unsecured<br>$137,099.42 | | 503(b)(9)   Admin   Secured   Priority   Unsecured   Interest<br>$46,095.74 | | | | | |

\*    "UNL" denotes an unliquidated claim.

In re Circuit City Stores, Inc, et al.
Case No. 08-35653 (KRH)

EXHIBIT C

Case 08-35653-KRH    Doc 8186    Filed 07/30/10    Entered 07/30/10 17:19:38    Desc Main
Document    Page 24 of 27

Debtors' First Omnibus Objection to Claims
(Reduction Of Certain Partially Invalid Claims And
Disallowance Of Certain Invalid Claims)

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED* | CLAIM AS MODIFIED | COMMENT |
|---|---|---|---|
| Claim: 3146<br>Date Filed:    01/13/2009<br>Docketed Total:    $114,195.42<br>Filing Creditor Name and Address:<br>THE DALLAS MORNING NEWS<br>JACKSON WALKER LLP<br>901 MAIN ST<br>STE 6000<br>DALLAS, TX 75202 | Claim Holder Name and Address<br>THE DALLAS MORNING NEWS<br>JACKSON WALKER LLP<br>901 MAIN ST<br>STE 6000<br>DALLAS, TX 75202<br><br>Case Number:    08-35653<br>Docketed Total:    **$114,195.42**<br><br>503(b)(9)    Admin    Secured    Priority    Unsecured<br>$114,195.42 | Case Number:    08-35653<br>Modified Total:    **$58,020.76**<br><br>503(b)(9)    Admin    Secured    Priority    Unsecured    Interest<br>$58,020.76 | $56,144.66 of Claim No. 3146 is based on the same liabilities as another claim filed by the Claimant (Claim No. 749).   Accordingly, Claim No. 3146 should be reduced by such amount. |
| Claim: 5275<br>Date Filed:    01/26/2009<br>Docketed Total:    $398,793.93<br>Filing Creditor Name and Address:<br>USIS COMMERICAL SERVICES INC<br>4500 S 129TH EAST AVE STE 200<br>TULSA, OK 74134-5885 | Claim Holder Name and Address<br>USIS COMMERICAL SERVICES INC<br>4500 S 129TH EAST AVE STE 200<br>TULSA, OK 74134-5885<br><br>Case Number:    08-35653<br>Docketed Total:    **$398,793.93**<br><br>503(b)(9)    Admin    Secured    Priority    Unsecured<br>$398,793.93 | Case Number:    08-35653<br>Modified Total:    **$17,149.15**<br><br>503(b)(9)    Admin    Secured    Priority    Unsecured    Interest<br>$17,149.15 | $381,644.78 of Claim No. 5275 is based on the same liabilities as another claim filed by the Claimant (Claim No. 861).   Accordingly, Claim No. 5275 should be reduced by such amount. |
|  |  | **Total Claims To Be Modified: 17**<br><br>**Total Amount As Docketed:**    $5,466,303.63<br><br>**Total Amount As Modified:**    $3,185,354.21 |  |

\*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.

Case No. 08-35653-KRH

Debtors' Eighty-First Omnibus Objection to Claims
(Reduction Of Certain Partially Invalid Claims And
Disallowance Of Certain Invalid Claims)

**EXHIBIT D**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR | COMMENT |
|---|---|---|---|---|---|---|
| BAGBY ELECTRIC OF VA INC<br>10491 LAKERIDGE PKWY<br>ASHLAND, VA 23005 | 3234 | Secured:<br>Priority:<br>Administrative:<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Interest:<br>Total: | $10,467.40<br><br>$10,467.40 | 01/09/2009 | CIRCUIT CITY STORES, INC. (08-35653) | Claim No. 3234 is based, in its entirety, on liabilities asserted in another claim filed by the Claimant (Claim No. 779).  Accordingly, Claim No. 3234 should be disallowed. |
| NORTH COUNTY TIMES<br>PO BOX 54358<br>LOS ANGELES, CA 90054-0358 | 3377 | Secured:<br>Priority:<br>Administrative:<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Interest:<br>Total: | $22,859.52<br><br>$22,859.52 | 01/12/2009 | CIRCUIT CITY STORES, INC. (08-35653) | Claim No. 3377 is based, in its entirety, on the same liabilities as another claim filed by the Claimant (Claim No. 1174).  Accordingly, Claim No. 3377 should be disallowed. |
| RALEIGH NEWS & OBSERVER<br>ATTN STEPHEN BURNS<br>C O THE MCCLATCHY CO<br>2100 Q ST<br>SACRAMENTO, CA 95816 | 6308 | Secured:<br>Priority:<br>Administrative:<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Interest:<br>Total: | $51,249.09<br><br>$51,249.09 | 01/27/2009 | CIRCUIT CITY STORES, INC. (08-35653) | Claim No. 6308 is based, in its entirety, on the same liabilities asserted in another claim filed by the Claimant (Claim No. 2799).  Accordingly, Claim No. 6308 should be disallowed. |

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.
Case No. 08-35653-KRH

Debtors' Eighty-First Omnibus Objection to Claims
(Reduction Of Certain Partially Invalid Claims And
Disallowance Of Certain Invalid Claims)

EXHIBIT D

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR | COMMENT |
|---|---|---|---|---|---|---|
| SIEGER, MARC J<br>6 JOSEPH LN<br>LYNNFIELD, MA<br>01940-1107 | 3048 | Secured:<br>Priority:<br>Administrative:<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Interest:<br>Total: | $30,000.00<br><br>$30,000.00 | 01/09/2009 | CIRCUIT CITY STORES, INC. (08-35653) | Claim No. 3048 is based, in its entirety, on the same liabilities asserted in another claim filed by the Claimant (Claim No. 14412).  Accordingly, Claim No. 3048 should be disallowed. |
| STREATER INC<br>3460 COLLECTION CENTER DR<br>CHICAGO, IL 60693 | 4057 | Secured:<br>Priority:<br>Administrative:<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Interest:<br>Total: | $574,514.00<br><br>$574,514.00 | 01/21/2009 | CIRCUIT CITY STORES, INC. (08-35653) | Claim No. 4057 is based, in its entirety, on the same liabilities as another claim filed by the Claimant (Claim No. 828).  Accordingly, Claim No. 4057 should be disallowed. |
| SUMTER ELECTRIC COOPERATIVE INC FL<br>PO  BOX 301<br>SUMTERVILLE, FL 33585-0301 | 4814 | Secured:<br>Priority:<br>Administrative:<br>503(b)(9):<br>Unsecured:<br>Reclamation:<br>Interest:<br>Total: | $25,622.02<br><br>$25,622.02 | 01/21/2009 | CIRCUIT CITY STORES, INC. (08-35653) | Claim No. 4814 is based, in its entirety, on liabilities assserted in another claim filed by the Claimant (Claim No. 2338).   Accordingly, Claim No. 4814 should be disallowed. |

*    "UNL" denotes an unliquidated claim.

In re: Circuit City Stores, Inc, et al.
Case No. 08-35653-KRH

Debtors' Eighty-First Omnibus Objection to Claims
(Reduction Of Certain Partially Invalid Claims And
Disallowance Of Certain Invalid Claims)

EXHIBIT D

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | | DATE FILED | DOCKETED DEBTOR | COMMENT |
|---|---|---|---|---|---|---|
| SUMTER ELECTRIC COOPERATIVE, INC ,FL P O BOX 301 SUMTERVILLE, FL 33585 | 4810 | Secured: Priority: Administrative: 503(b)(9): Unsecured: Reclamation: Interest: Total: | $10,060.28 $10,060.28 | 01/21/2009 | CIRCUIT CITY STORES, INC. (08-35653) | Claim No. 4810 is based, in its entirety, on liabilities asserted in another claim filed by the Claimant (Claim No. 2338).  Accordingly, Claim No. 4810 should be disallowed. |

**Total:**    **7**    **$724,772.31**

*    "UNL" denotes an unliquidated claim.