Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :   Jointly Administered
              Debtors.      :
                            :   **Obj. Deadline: August 20, 2010 at**
                            :   **5:00 p.m. (Eastern)**
- - - - - - - - - - - - - - x

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION
BY AND AMONG THE DEBTORS, ON CORP. USA, INC., ON CORP.,
KOREA EXPORT INSURANCE CORPORATION, AND SCOGGIN WORLDWIDE
FUND, LTD. RESOLVING DEBTORS' FORTY-NINTH OMNIBUS OBJECTION
TO CLAIM NO. 14446 AND OTHER MATTERS**

        PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval

(the "Order") (D.I. 4401).[1]  A copy of the Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a settlement agreement and stipulation (the "Settlement") with the ON Corp. USA, Inc. and ON Corp. (collectively, "ON Corp"), Korea Export Insurance Corporation ("KEIC"), and Scoggin Worldwide Fund, Ltd. ("Scoggin") and together with ON Corp, KEIC, and the Debtors, the "Parties" and each of which is a "Party"), a copy of which is annexed as <u>Exhibit 2</u>.

### SUMMARY OF SETTLEMENT TERMS[3]

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Order.

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]  This section of the notice constitutes a summary of the material terms of the Settlement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement in its entirety.  In the event there is a conflict between the notice and the Settlement, the Settlement shall control in all respects.

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Order, the material terms of the Settlement are as follows:

(i)   The Settlement is a Tier II Settlement;

(ii)   The Settlement is between the Debtors, ON Corp, KEIC, and Scoggin;

(iii)   The Debtors and ON Corp engaged in business in the ordinary course prior to and after the Petition Date wherein the Debtors purchased certain ON Corp products (the "Product") for sale in their retail stores;

(iv)   On December 18, 2008, ON Corp filed proof of claim number 1239 against the Debtors' bankruptcy estates pursuant to Bankruptcy Code section 503(b)(9) ("Claim 1239").   Therein, ON Corp alleged that it shipped in the ordinary course of business $7,714,224 worth of Product to the Debtors within the twenty (20) days before the Petition Date;

(v)   ON Corp and KEIC determined that KEIC partially insured the transactions that gave rise to Claim 1239 as a result of which, Transfers of Claim were filed in the Debtors' bankruptcy cases resulting in both ON Corp and KEIC having claims against the Debtors' bankruptcy estates based on ON Corp's transactions with the Debtors.   Specifically, ON Corp retained a portion of Claim 1239 valued at $4,713,340.80 and KEIC held a portion of Claim 1239 valued at $3,000,883.20;

(vi)   On July 8, 2009, KEIC filed proof of claim number 14446 against the Debtors' bankruptcy estates pursuant to Bankruptcy Code section 503(b)(9) ("Claim 14446") amending Claim 1239.   Pursuant to Claim 14446 ON Corp retained a portion of the claim valued at $4,713,340.80 and KEIC retained a

3

portion of Claim 14446 valued at
$3,000,883.20;

(vii)  On March 30, 2009, ON Corp's portion of
Claim 14446, valued at $4,713,340.80 was
transferred to Hain Capital Group, LLC
("Hain") (Docket No. 7186);

(viii)  On April 30, 2010, Hain's portion of
Claim 14446, valued at $4,713,340.80 was
transferred to, and is currently held by,
Scoggin (Docket No. 7364);

(ix)  On October 13, 2009, the Debtors filed
the Debtors' Forty-Ninth Omnibus Objection
(the "Objection");

(x)  As set forth in the Objection, the
Debtors alleged that KEIC and ON Corp owed
Circuit City pre- and post-petition amounts
totaling $380,345 (the "Alleged Receivables");

(xi)  Pursuant to the Objection, Circuit City
sought to setoff the Alleged Receivables
against Claim 14446 such that after setoff of
the Alleged Receivables, Claim 14446 would be
valued at $7,333,879;

(xii)  The Parties agree that (i) Scoggin's
portion of Claim 14446 shall be valued at
$4,713,340.80 (the "Scoggin Claim"); (ii)
KEIC's portion of Claim 14446 shall be valued
at $3,000,883.20 (the "KEIC Claim"); (iii)
the Debtors' Alleged Receivables shall be
valued at $100,000 (the "Receivables"); (iv)
the Receivables shall be applied in a pro
rata basis to the Scoggin Claim and the KEIC
Claim; (v) the portion of the Receivables
allocated to the Scoggin Claim shall be
valued at $61,099.35 (the "Scoggin
Receivables"); and (vi) the portion of the
Receivables allocated to the KEIC Claim shall
be valued at $38,900.65 (the "KEIC
Receivables");

(xiii)  In full satisfaction and settlement of
the Alleged Receivables and the Receivables,
the Scoggin Receivables shall be netted
against the Scoggin Claim such that the
Scoggin Claim shall be reduced to and allowed
as a 503(b)(9) claim in the face amount of
$4,652,241.45 (the "Allowed Scoggin Claim");
and the KEIC Receivables shall be netted
against the KEIC Claim and the KEIC Claim
shall be reduced to and allowed as a 503(b)(9)
claim in the face amount of $2,961,982.55
(the "Allowed KEIC Claim"); and

(xiv)  The Parties agree that this Settlement
Agreement finally resolves Claim 14446, the
Objection (as it applies to Claim 14446), the
Response, and the Debtors' Alleged
Receivables and Receivables in their entirety.

**TIME AND PLACE FOR FILING OBJECTIONS OR REQUESTING
ADDITIONAL INFORMATION OR TIME TO CONSIDER THE SETTLEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Order, any Notice Party may
object (each an "Objection") to or request additional time
or information (each a "Request") to evaluate the
Settlement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be in writing and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (see information below) by no later
than **August 20, 2010 at 5:00 p.m. (Eastern)** (the "Objection
Deadline").  Each Objection or Request must be served on (i)
the attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and
(b) McGuireWoods LLP, One James Center, 901 E. Cary Street,
Richmond, VA  23219, Attn: Douglas M. Foley
(dfoley@mcguirewoods.com) and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (ii)(a) Pachulski Stang
Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor,
Los Angeles, California 90067-4100, Attn: Jeff Pomerantz

(jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th
Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to
the Settlement and you do not want the Debtors to proceed
with Settlement or you want the Court to consider your
views concerning such Settlement, you or you attorney must
also:

file in writing with the Court, Clerk of Court,
United States Bankruptcy Court, 701 East Broad
Street, Suite 4000, Richmond, Virginia 23219, or
electronically (www.vaeb.uscourts.gov), a written
Objection pursuant to Local Bankruptcy Rule 9013-
1(H). If you mail your Objection to the Court for
filing, you must mail it early enough so the
Court will **receive it on or before August 20,
2010 at 5:00 p.m. (Eastern)**

Any Objection to a Settlement must be submitted by the
method described in the foregoing sentence.  Objections
will be deemed filed only when actually received at the
address listed above.

PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(d) of the Order, if a Notice Party submits a
Request, only such Notice Party shall have the later of (i)
an additional five (5) days to object to the Settlement or
(ii) in the case of a Request for additional information,
three (3) days after receipt by the Notice Party of the
additional information requested.  Each Notice Party may
only make one Request for additional time per Settlement,
unless otherwise agreed to by the Debtors in their sole
discretion.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any), the **Debtors shall be authorized to enter into and consummate the Settlement without further order of the Court or any other action by the Debtors**.

Dated: August 6, 2010          SKADDEN, ARPS, SLATE, MEAGHER &
      Richmond, Virginia          FLOM LLP
                                  Gregg M. Galardi, Esq.
                                  Ian S. Fredericks, Esq.
                                  P.O. Box 636
                                  Wilmington, Delaware 19899-0636
                                  (302) 651-3000

                                        - and -

                                  SKADDEN, ARPS, SLATE, MEAGHER &
                                  FLOM LLP
                                  Chris L. Dickerson, Esq.
                                  155 North Wacker Drive
                                  Chicago, Illinois 60606
                                  (312) 407-0700

                                        - and -

                                  MCGUIREWOODS LLP

                                /s/ Douglas M. Foley
                                  Douglas M. Foley (VSB No. 34364)
                                  Sarah B. Boehm (VSB No. 45201)
                                  One James Center
                                  901 E. Cary Street
                                  Richmond, Virginia 23219
                                  (804) 775-1000

                                  Counsel for Debtors and Debtors
                                  in Possession

**EXHIBIT 1**

**(Order w/out Exhibit(s))**

```
Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
                            :
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   1Case No. 08-35653 (KRH)
et al.,                     :
                            :
          Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x
```

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]  Each capitalized term not otherwise defined herein shall have the
     meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.   Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.   The Notice Procedures are fair,

reasonable, and appropriate.

3.   The Settlement Procedures are fair

reasonable, and appropriate.

4.   The Notice and Settlement Procedures were

proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.  The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

expiration of the applicable Notice.  If the Debtors are compromising more than one Disputed Claim and/or Cause of Action and Receivable Claim, the Tier II Notice Period shall apply to such Settlement.  If no objection or written request is filed and served upon counsel for the Debtors and counsel for the Creditors' Committee or counsel to the Debtors does not receive a written request for additional information and/or additional time prior to the expiration of the applicable Notice Period, the Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors.

(d)    If a Notice Party provides a written request to counsel for the Debtors for additional information or time to evaluate the proposed Settlement, only such Notice Party shall have the later of (i) an additional five (5) days to object to the proposed Settlement or (ii) in the case of a request for additional information, three days after receipt by the Notice Party of the additional information requested.  Each Notice Party may only make one request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

(e)    If a Notice Party objects to the proposed Settlement within the defined Notice Period for that particular Tier of Disputed Claim or Cause of Action and Receivable Claim, (or the additional period in the case of a Notice Party that has timely requested additional time or information to evaluate the proposed Settlement) (the "Objection Deadline") and the Debtors and such objecting Notice Party are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)   If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; _provided_,
_further_, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)   An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)   Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)   Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   <u>Tier II</u> With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of Exhibit A attached hereto;
provided, further, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.  Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.  Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for

all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency

between the Motion and this Order, this Order shall

control.

19.   The requirement under Local Rule 9013-

1(G) of the Local Rules for the United States Bankruptcy

Court for the Eastern District of Virginia to file a

memorandum of law in connection with the Motion is

hereby waived.

20.   This Court retains jurisdiction to hear and determine all matters arising from or related to the Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
        _____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Settlement)**

\14506400.1

Gregg M. Galardi, Esq.            Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.           Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                         One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :
         Debtors.               :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS, ON CORP. USA, INC., ON CORP., KOREA EXPORT
INSURANCE CORPORATION, AND SCOGGIN WORLDWIDE FUND, LTD.
RESOLVING DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO
CLAIM NO. 14446 AND OTHER MATTERS**

This settlement agreement and stipulation

(this "Settlement Agreement") is entered into by and

among the above-captioned debtors and debtors in

possession (the "Debtors"),[1] on the one hand, and ON Corp.
USA, Inc. and  ON Corp. ( collectively, "ON Corp"),
Korea Export Insurance Corporation ("KEIC"), and Scoggin
Worldwide Fund, Ltd. ("Scoggin" and together with ON
Corp, KEIC, and the Debtors, the "Parties" and each of
which is a "Party"), on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition
Date"), the Debtors each filed a voluntary petition in
the United States Bankruptcy Court for the Eastern
District of Virginia (the "Court") under chapter 11 of
title 11 of the United States Code (the "Bankruptcy
Code"); and

WHEREAS, the Debtors have continued as debtors
in possession pursuant to sections 1107(a) and 1108 of
the Bankruptcy Code; and

---

[1]    The Debtors and the last four digits of their respective
taxpayer identification numbers are as follows: Circuit City Stores,
Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky
Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland
MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360),
and Circuit City Stores PR, LLC (5512).  The address for the Debtors
is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

3

WHEREAS, the associated disclosure statement
(the "Disclosure Statement") was approved on September
24, 2009; and

WHEREAS, generally, the Plan provides for the
liquidation of the Debtors under chapter 11 of the
Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the
Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R.
Bankr. P. 2002, 9006, and 9019 Authorizing the
Establishment of Procedures to Settle Certain Pre-
Petition and Post-Petition Claims and Causes of Action
Without Further Court Approval, dated August 7, 2009
(Docket No. 4401, the "Settlement Procedures Order")[2] to
enter into this Settlement Agreement, subject to the
Notice Procedures.

### SETTLEMENT BACKGROUND

**A.    The Claims Filed Pursuant to Section 503(b)(9).**

WHEREAS, the Debtors and ON Corp engaged in
business in the ordinary course prior to and after the

---

[2]    All capitalized terms not otherwise defined herein shall have
the meaning ascribed to such terms in the Settlement Procedures
Order.

4

Petition Date wherein the Debtors purchased certain ON

Corp products (the "Product") for sale in their retail

stores; and

WHEREAS, on December 18, 2008, ON Corp filed

proof of claim number 1239 against the Debtors'

bankruptcy estates pursuant to Bankruptcy Code section

503(b)(9) ("Claim 1239").[3]  Therein, ON Corp alleged that

it shipped in the ordinary course of business $7,714,224

worth of Product to the Debtors within the twenty (20)

days before the Petition Date; and

WHEREAS, ON Corp and KEIC determined that KEIC

partially insured the transactions that gave rise to

Claim 1239 as a result of which, Transfers of Claim were

filed in the Debtors' bankruptcy cases on March 5, 2009

(Docket No. 2453), March 19, 2009 (Docket No. 2678), and

March 30, 2009 (Docket No. 2870) resulting in both ON

Corp and KEIC having claims against the Debtors'

---

[3]     On January 28, 2009, On Corp filed proof of claim number 6819,
a general unsecured claim against the Debtors' bankruptcy estates
("Claim 6819")  Therein, On Corp claimed that it shipped in the
ordinary course of business $1,708,920 worth of Product to the
Debtors before the Petition Date.  Claim 6819 is not subject to the
Objection (as defined herein) and is not part of or affected by this
Settlement Agreement.

bankruptcy estates based on ON Corp's transactions with
the Debtors.  Specifically, ON Corp retained a portion
of Claim 1239 valued at $4,713,340.80 and KEIC held a
portion of Claim 1239 valued at $3,000,883.20; and

WHEREAS, on July 8, 2009, KEIC filed proof of
claim number 14446 against the Debtors' bankruptcy
estates pursuant to Bankruptcy Code section 503(b)(9)
("Claim 14446") amending Claim 1239.  Therein, KEIC
attached a spreadsheet detailing the invoices and proofs
of delivery of Product shipped in the ordinary course of
business to the Debtors within the twenty (20) days
before the Petition Date giving rise to the 503(b)(9)
claim.  Pursuant to Claim 14446 ON Corp retained a
portion of the claim valued at $4,713,340.80 and KEIC
retained a portion of Claim 14446 valued at
$3,000,883.20; and

WHEREAS, on August 21, 2009, the Debtors filed
their Thirty-Fifth Omnibus Objection to Claims
(Disallowance of (I) Certain Amended Claims; and (II)
Certain Duplicate Claims) (Docket No. 4599) in which the
Debtors objected to Claim 1239 on the basis that it was

amended by Claim 14446.  Consequently, the Debtors

asserted that Claim 1239 should be disallowed; and

       WHEREAS, on October 29, 2009, the Court

entered the Order on Debtors' Thirty-Fifth Omnibus

Objection to Claims (Disallowance of (I) Certain Amended

Claims; and (II) Certain Duplicate Claims) (Docket No.

5396), which, among other things, disallowed Claim 1239;

and

       WHEREAS, on March 30, 2009, ON Corp's portion

of Claim 14446, valued at $4,713,340.80 was transferred

to Hain Capital Group, LLC ("Hain") (Docket No. 7186);

and

       WHEREAS, on April 30, 2010, Hain's portion of

Claim 14446, valued at $4,713,340.80 was transferred to,

and is currently held by, Scoggin (Docket No. 7364).

**B.    The Objection.**

       WHEREAS, on October 13, 2009, the Debtors

filed the Debtors' Forty-Ninth Omnibus Objection to

Certain Administrative Expenses and 503(b)(9) Claims and

Motion for (I) Authority to Setoff Against Such Expenses

and Claims and (II) A Waiver of the Requirement that the

First Hearing on any Response Proceed as a Status

Conference (Docket No. 5212) (the "Objection"); and

WHEREAS, as set forth in the Objection,

Circuit City Stores, Inc. ("Circuit City") alleged that

it became entitled to certain pre- and post-petition

amounts, including receivables, charge-backs, returns,

and other amounts, which amounts are currently due and

owing to Circuit City by KEIC and ON Corp[4] but for which

Circuit City had not yet received payment.  Specifically,

the Debtors alleged that KEIC and ON Corp owed Circuit

City pre- and post-petition amounts totaling $380,345

(the "Alleged Receivables"); and

WHEREAS, pursuant to the Objection, Circuit

City sought to setoff the Alleged Receivables against

Claim 14446 such that after setoff of the Alleged

Receivables, Claim 14446 would be valued at $7,333,879.

**C.    The Response to the Objection.**

WHEREAS, on November 4, 2009, KEIC and ON Corp

filed the Response of Korea Export Insurance Corporation,

---

[4]    Although On Corp was the party with whom Circuit City
conducted business pre- and post-petition, the Objection was filed
against KEIC who was listed as the sole holder of Claim 14446 at the
time the Objection was filed.

8

ON Corp. USA, Inc. and ON Corp. Regarding Debtors'
Forty-Ninth Omnibus Objection to Certain Administrative
Expenses and 503(b)(9) Claims and Motion for (I)
Authority to Setoff Against Such Expenses and Claims and
(II) a Waiver of the Requirement that the First Hearing
on Any Response Proceed as a Status Conference (Docket
No. 5512) (the "Response").  Therein, KEIC and ON Corp
asserted that the Objection does not specify to whose
portion of Claim 14446 setoff would apply.  Additionally,
KEIC and ON Corp asserted that the Bankruptcy Code does
not allow for or provide for setoff of section 503(b)(9)
claims in the manner sought because doing so would treat
such claims in the same manner as general unsecured
claims and thereby deprive 503(b)(9) claims of their
administrative priority status.

**D.    The Memorandum Opinion.**

WHEREAS, on December 3, 2009, the Court issued
its Memorandum Opinion (Docket No. 5963) and Order
(Docket No. 5964) with respect to the Debtors' Forty-
Eighth, Forty-Ninth and Fiftieth Omnibus Objections to
Claims.  Pursuant to the Court's Order, the Debtors are
authorized to setoff all of their pre- and/or post-

petition Receivables against Administrative Expenses (as

defined in the Objections), including claims arising

under Bankruptcy Code section 503(b)(9), before setting

off against any general unsecured claims; and

WHEREAS, the relief sought by the Debtors in

the Objection was adjourned as to KEIC and ON Corp. <u>See</u>

Supplemental Order on Debtors' Forty-Ninth Omnibus

Objection to Certain Administrative Expenses and

503(b)(9) Claims and Motion for (I) Authority to Setoff

Against Such Expenses and Claims and (II) A Waiver of

the Requirement that the First Hearing on any Response

Proceed as a Status Conference (Docket No. 6126); and

WHEREAS, rather than proceed with litigation

concerning Claim 14446, the Debtors' Objection, the

Response, and the Debtors' Alleged Receivables, the

parties engaged in good faith, arms' length negotiations

to resolve Claim 14446, the Debtors' Objection, the

Response, and the Debtors' Alleged Receivables in their

entirety; and

NOW THEREFORE, subject to and in accordance

with the Settlement Procedures Order, for good and

valuable consideration the receipt and sufficiency of

10

which is hereby acknowledged, the Parties hereby
STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.   The Parties agree that (i) Scoggin's
portion of Claim 14446 shall be valued at $4,713,340.80
(the "Scoggin Claim"); (ii) KEIC's portion of Claim
14446 shall be valued at $3,000,883.20 (the "KEIC
Claim"); (iii) the Debtors' Alleged Receivables shall be
valued at $100,000 (the "Receivables"); (iv) the
Receivables shall be applied in a pro rata basis to the
Scoggin Claim and the KEIC Claim; (v) the portion of the
Receivables allocated to the Scoggin Claim shall be
valued at $61,099.35 (the "Scoggin Receivables"); and
(vi) the portion of the Receivables allocated to the
KEIC Claim shall be valued at $38,900.65 (the "KEIC
Receivables").

2.   In full satisfaction and settlement of
the Alleged Receivables and the Receivables, the Scoggin
Receivables shall be netted against the Scoggin Claim
such that the Scoggin Claim shall be reduced to and
allowed as a 503(b)(9) claim in the face amount of
$4,652,241.45 (the "Allowed Scoggin Claim"); and the
KEIC Receivables shall be netted against the KEIC Claim

and the KEIC Claim shall be reduced to and allowed as a
503(b)(9) claim in the face amount of $2,961,982.55 (the
"Allowed KEIC Claim").

3.    To the extent required, the automatic
stay of 11 U.S.C. § 362 is lifted to permit the netting
set forth in Paragraph 2 above.

4.    The Allowed Scoggin Claim and the Allowed
KEIC Claim shall be deemed "allowed" claims pursuant to
Bankruptcy Code section 503(b)(9) against Circuit City
Stores, Inc. and its estate in case number 08-35653 (KRH)
for all purposes, including with respect to any
confirmed plan of liquidation or in any chapter 7 case
of such Debtor, shall be paid on the "effective date" of
any plan or as required under any chapter 7 liquidation
(as applicable), and shall not be subject to further
objection, offset, reduction, discount, impairment or
subordination.

5.    The Parties agree that this Settlement
Agreement finally resolves Claim 14446, the Objection
(as it applies to Claim 14446), the Response, and the
Debtors' Alleged Receivables and Receivables in their
entirety.

12

6.    For the avoidance of doubt and
notwithstanding anything to the contrary in this
Settlement Agreement, (i) the Allowed Scoggin Claim and
the Allowed KEIC Claim shall constitute the full and
final allowed claims resulting from Claim 14446 in the
Debtors' cases and ON Corp, KEIC, Hain, and Scoggin
shall not file or be entitled to recover on account of
any other claims pursuant to section 503(b)(9) of the
Bankruptcy Code or otherwise arising from the provision
of Product to the Debtors in the ordinary course of
business within twenty (20) days before the Petition
Date, (ii) the Debtors shall not be entitled to recover
any further credits, rebates, receivables, setoffs,
netting, or discounts, related to the provision of
Product, including (without limitation) the Alleged
Receivables, from ON Corp, KEIC, Hain, or Scoggin and
(iii) all objections to Claim 14446 shall be deemed
resolved.

7.    Notwithstanding anything to the contrary
in this Settlement Agreement and for the avoidance of
doubt, nothing herein shall be deemed to affect any
other claim, including, but not limited to Claim 6819,

13

filed by or transferred to ON Corp, KEIC, Hain, or
Scoggin (collectively, the "Unresolved Claims" and the
holders of such Unresolved Claims, the "Claimants") or
the Debtors' rights, claims, causes of action, or
defenses arising from or related to the Unresolved
Claims or the Claimants holding such Unresolved Claims.

8.    Neither this Settlement Agreement, nor
any statement made or action taken in connection with
the negotiation of this Settlement Agreement, shall be
offered or received in evidence or in any way referred
to in any legal action or administrative proceeding
among or between the parties hereto, other than as may
be necessary (a) to obtain approval of and to enforce
this Settlement Agreement or (b) to seek damages or
injunctive relief in connection with such approval and
enforcement.

9.    Each Party hereto shall execute and
deliver any and all additional papers, documents and
other assurances, and shall do any and all acts and
things reasonably necessary or appropriate in
conjunction with the performance of their respective
obligations hereunder.

14

10.   No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the parties hereto and their respective successors and assigns.

11.   Except where preempted by applicable Federal law, this Settlement Agreement shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia without regard to any choice of law provisions.

12.   This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

13.   This Settlement Agreement constitutes the entire agreement and understanding of the parties regarding the Agreement and the subject matter thereof.

14.   The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret,

administer or enforce the terms and provisions of, this Settlement Agreement.

15.   Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement.   The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

16.   This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

17.   This Settlement Agreement and all of its terms shall be effective upon the later of (i) execution by both Parties and (ii) the expiration of the applicable Notice Period.

18.   This Settlement Agreement shall inure to the benefit of and be binding upon the successors and

16

assigns of the Parties hereto, including any chapter 7

trustee or the Liquidating Trustee under the Plan.

IN WITNESS WHEREOF, this Settlement Agreement is
hereby executed as of the later of the dates set forth
below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

       - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

       - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

Dated:  August 3, 2010

ON CORP. USA, INC. AND ON CORP.

By:


/s/ Frederick J. Levy _
Fredrick J. Levy, Esq.
Olshan Grundman Frome Rosenzweig & Wolosky LLP
Park Avenue Tower
65 East 55th Street
New York, NY 10022

Counsel for ON Corp USA, Inc. and ON Corp.

Dated:  August 4, 2010

KOREA EXPORT INSURANCE CORPORATION

By:

/s/ Junghye June Yeum
Junghye June Yeum, Esq.
Baker & McKenzie LLP
1114 Avenue of the Americas
New York, New York 10036, USA

Counsel for Korea Export Insurance Corporation

Dated:  August 6, 2010

SCOGGIN WORLDWIDE FUND, LTD.

By:  Old Bellows Partners LP its: Investment Manager
By:  Old Bellow Associates LLC its: General Partner

By:

/s/ Dev Chodry
Dev Chodry
Scoggin Worldwide Fund, Ltd.
660 Madison Avenue
New York, NY 10065

Dated:  August 5, 2010

\11412274.4

21