Gregg M. Galardi, Esq.                Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.               Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

         - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
         Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**DEBTORS' MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 105 AND 363(b) APPROVING TERMINATION OF CERTAIN EMPLOYEE BENEFIT PROGRAMS AND AMENDMENT OF 401(K) PLAN**

The debtors and debtors in possession in the

above-captioned jointly-administered cases (collectively,

the "Debtors")[1] hereby move for entry of an order, under sections 105 and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the termination of the Benefit Programs (as defined herein) and the amendment of the 401(k) Plan (as defined herein).  In support of the Motion, the Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1.   This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.   The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105 and 363(b).

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, INC. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

**BACKGROUND**

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

6. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going-out-of-business sales at the Debtors' remaining stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  The going-out-of-business sales concluded on or about March 8, 2009.

7. On September 29, 2009, the Debtors and the Creditors' Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan").

The associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009.

8. Generally, the Plan provides for the liquidation of the Debtors' remaining assets and distributions to creditors through a liquidating trust.

**RELIEF REQUESTED**

9. By this Motion, the Debtors seek entry of an order under Bankruptcy Code sections 105 and 363(b) (i) authorizing the termination of the Benefit Programs and (ii) authorizing the amendment of the 401(k) Plan.

**BASIS FOR RELIEF**

**A.    The Benefit Programs.**

10. Prior to the Petition Date, the Debtors provided their employees with a number of employee benefit programs, including, in particular, the Circuit City Stores, Inc. Dental Plan, the Circuit City Stores, Inc. Vision Plan, the Circuit City Stores, Inc. Medical Flexible Spending Account, the Circuit City Stores, Inc. Health Care Plan, the Circuit City Stores, Inc. Long Term Disability Plan, the Circuit City Stores, Inc. Short Term Disability Plan, the Circuit City Stores, Inc. Business Travel Accident Plan, and the Circuit City Stores, Inc. Associate Life Insurance Plan, and the Circuit City Stores, Inc. Health and Dependent Care Payment Plan and the Circuit City Stores, Inc. Health and Dependent Care Payment Plan for California Associates, both of which include the Dependent Care Spending Account Plan

(collectively, the "Benefit Programs").  The Benefit Programs are more fully enumerated in the Debtors' Motion for Order Pursuant to Bankruptcy Code Sections 105(a), 363, 507(a), 541, 1107(a) and 1108 and Bankruptcy Rule 6003 Authorizing Debtors to Pay Prepetition Wages, Compensation, and Employee Benefits (D.I. 6, the "Employee Benefits Motion").  The Employee Benefit Programs were funded to varying degrees by contributions from the Debtors and participating employees.

11.  On November 10, 2008, the Court granted the Employee Benefits Motion (D.I. 80, the "Employee Benefits Order") and the Debtors received authorization, but not direction, to continue most of the Employee Benefit Programs in the ordinary course of business.  Pursuant to the Employee Benefits Order, the Debtors continued to provide certain Benefit Programs after the Petition Date.

12.  As noted above, on January 16, 2009, the Court approved the commencement of the going-out-of-business sales and the wind-down of the Debtors' business.  In conjunction with the resulting liquidation and accompanying store closings, the Debtors' workforce was reduced by over 99%.  In light of the foregoing, on April 8, 2009, the Debtors filed their Motion for Order Under Bankruptcy Code Sections 105, 363(b) and 503(c)(3) Approving Additional Compensation for Eligible Employees (D.I. 2964, the "Stipend Motion").

5

Pursuant to the Stipend Motion, the Debtors sought authorization –- given the expenses associated with the Benefit Programs -- to discontinue payments under the Benefit Programs and to provide remaining employees with a weekly stipend (the "Stipend") to help such employees defray the costs of obtaining benefits elsewhere.  On April 16, 2009, the Court granted the Stipend Motion and authorized payment of the Stipend in lieu of the Benefit Programs (D.I. 3088, the "Stipend Order").

13. Accordingly, no amounts have been paid under the Benefit Programs for more than a year.  In addition, as of the date hereof, the agreements between the Debtors and the providers of the various Benefit Programs governing such programs (the "Benefit Program Agreements") have expired by their terms.  Finally, the Debtors have continued to wind-down their operations and, in so doing, have further reduced their remaining workforce.  At this time, the Debtors employ only 15 employees.  These remaining employees continue to receive the Stipend in lieu of the Benefit Programs.

14. Thus, at this time, the Benefit Programs provide no further benefits to the Debtors' and serve no further purpose.  To date, however, the Benefit Programs have not been officially terminated.  Consequently, on June 30, 2010, the Board of Directors of Circuit City Stores, Inc. ("Circuit City") approved a resolution (i) amending the Benefit Programs, effective April 2, 2010, to provide that,

6

upon satisfaction of the liabilities of the Benefit Programs, any assets remaining in the Benefit Programs' accounts shall, at the discretion of Circuit City, be used to pay expenses or benefits under any other welfare plans maintained by Circuit City or distributed to Circuit City,[2] (ii) terminating the Benefit Programs, effective April 2, 2010 and (iii) authorizing and directing the appropriate officers of Circuit City to prepare, execute, and deliver any documents, certificates, agreements, and instruments, and to take all other actions for and on behalf of Circuit City as such officer deems necessary or advisable to effect the foregoing resolutions (the "Benefit Programs Resolution").

15.  Although the Debtors believe that terminating the Benefit Programs is an ordinary course transaction that does not require court approval, out of an abundance of caution, the Debtors request that the Court authorize the Debtors to terminate the Benefit Programs, effective April 2, 2010.

**B.   The 401(k) Plan.**

16.  In addition to the Benefit Programs, prior to the Petition Date, the Debtors provided their employees with the Circuit City Stores, Inc. 401(k) Plan managed by Wachovia

---

[2]  As of the date hereof, approximately $325,000 in unused employee contributions to the Circuit City Stores, Inc. Dental Plan (the "Dental Plan") remains in a segregated account.  The Debtors intend to use these remaining funds to pay claims under the Dental Plan and the other Benefit Programs.

7

Bank, N.A. (the "401(k) Plan").  Pursuant to the Employee Benefits Motion and Order, the Debtors sought and obtained authorization to continue the 401(k) Plan after the Petition Date.

17.  Under the 401(k) Plan, eligible employees could contribute between 1% and 40% of their pre-tax compensation each year for investment in the 401(k) Plan, subject to contribution limits established by the Internal Revenue Service.  Employees who participated in the 401(k) Plan were eligible to receive a 100% matching contribution from the Debtors for the first 3% of salary that the employee contributed and a 50% matching contribution for the next 2% of the employee's salary (the "Matching Employer Contributions").  As of the Petition Date, approximately 4,600 employees had elected to participate in the 401(k) Plan.

18.  Prior to 2005, the 401(k) Plan provided that Matching Employer Contributions did not vest unless the employee remained with the Debtors for three years.  In the event that the employee was terminated prior to the expiration of the three year vesting period, such Matching Employer Contributions were deemed forfeited.  In addition, prior to the 401(k) Resolution (as defined herein), the 401(k) Plan provided that any forfeited amounts would be directed toward Matching Employer Contributions to other, remaining, eligible employees.  In light of the liquidation,

8

however, on January 28, 2009, the Debtors amended the 401(k) Plan to eliminate the provisions with respect to Matching Employer Contributions.  Accordingly, any forfeited amounts can no longer be directed toward such Matching Employer Contributions and, thus, are sitting idle.  As of the date hereof, there are forfeitures of approximately $21,000.

19.    Moreover, on January 28, 2009, the Debtors also amended the 401(k) Plan to cease employee contributions.  The Debtors are currently in the process of establishing individual rollover IRA accounts for all plan participants who have not previously rolled over their funds themselves.

20.    Consequently, in light of the liquidation, the accompanying wind down of the 401(k) and the termination of Matching Employer Contributions, on June 30, 2010, the Circuit City Board of Directors approved a resolution providing for the amendment of the 401(k) Plan, effective for the years beginning on or after December 31, 2009, to enable forfeited amounts to be used to pay the expenses of the 401(k) Plan (the "401(k) Resolution" and together with the Benefit Programs Resolution, the "Resolutions").  The amendment of the 401(k) Plan authorized by the 401(k) Plan Resolution enables the remaining forfeited amounts to be put to productive use and will assist the Debtors in moving forward with the termination of the 401(k) Plan and the wind down of their estates.

21.  Although the Debtors believe that amending the 401(k) Plan is an ordinary course transaction that does not require court approval, out of an abundance of caution, the Debtors request that the Court authorize the Debtors to amend the 401(k) Plan.

## APPLICABLE AUTHORITY

**I.  TERMINATING THE BENEFIT PROGRAMS AND AMENDING THE 401(K) PLAN ARE VALID EXERCISES OF THE DEBTORS' BUSINESS JUDGMENT AND WARRANTED UNDER BANKRUPTCY CODE SECTION 363(B).**

22.  Bankruptcy Code section 363(b) provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  As discussed above, the Debtors submit that both terminating the Benefit Programs and amending the 401(k) Plan are transactions in the ordinary course of the Debtors' businesses.  Out of an abundance of caution, however, the Debtors are seeking approval of such actions under section 363(b).

23.  Under Bankruptcy Code section 363, this Court may approve a debtor's request for relief when the debtor demonstrates a sound business justification for seeking such relief.  In re WBQ P'ship, 189 B.R. 97, 102 (Bankr. E.D. Va. 1995)(citing Stephens Indus., Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986)); see also In re W.A. Mallory Co., Inc., 214 B.R. 834, 836 (Bankr. E.D. Va. 1997).

10

24. Once a debtor articulates a valid business justification for a particular form of relief, the Court reviews the debtor's request under the "business judgment rule." The business judgment rule has vitality in chapter 11 cases and shields a debtor's management from judicial second-guessing. In re Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)). The business judgment rule "'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" See id.

25. As set forth above, the Debtors have articulated valid business reasons for terminating the Benefit Programs and amending the 401(k) Plan, pursuant to the Resolutions. First, the Benefit Programs are effectively concluded, as the Benefit Program Agreements have expired and remaining employees are receiving the Stipend pursuant to the Stipend Order, in lieu of the benefits previously provided under such Plans. Official termination of the Benefit Programs will eliminate any costs associated with the Plans and be an additional step toward completing the wind down of the Debtors' estates. Moreover, terminating the Benefit Programs enables the Debtors to put any remaining funds in the Benefit Program accounts to productive use, for the benefit of their estates and creditors.

26. Second, in light of the amendment of the 401(k) Plan eliminating Matched Employer Contributions, forfeited amounts can no longer go toward such contributions. Absent further amendment, such forfeited amounts would sit unused. Under the proposed amendment, such amounts could instead be used to defray the administrative expenses associated with the 401(k) Plan as the Debtors work to wind down the Plan.

27. Accordingly, the Debtors believe that valid business reasons exist for terminating the Benefit Programs and amending the 401(k) Plan.

**II. TERMINATING THE BENEFIT PROGRAMS AND AMENDING THE 401(K) PLAN ARE ALSO APPROPRIATE UNDER BANKRUPTCY CODE SECTION 105(A).**

28. Bankruptcy Code section 105 provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.

29. As set forth above, termination of the Benefit Programs, amendment of the 401(k) Plan and the Resolutions are part and parcel of the Debtors' wind down process and will assist the Debtors' efforts to minimize costs and maximize value for their estates throughout that process.

30. For all the foregoing reasons, the Debtors submit that they should be authorized to terminate the Benefit Programs and amend the 401(k) Plan.

12

**NOTICE**

31. Notice of this Motion has been provided to those parties entitled to notice under this Court's Supplemental Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Amended Notice, Case Management and Administrative Procedures (Docket No. 6208). The Debtors submit that, under the circumstances, no other or further notice need be given.

**WAIVER OF MEMORANDUM OF LAW**

32. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate written memorandum of law be waived.

**NO PRIOR REQUEST**

33. No previous request for the relief sought in this Motion has been made to this Court or any other Court.

13

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: August 10, 2010
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Douglas Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession