UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

In re:  CIRCUIT CITY STORES, INC., et al.                    Case No. 08-35653-KRH

                Debtor.                                        Chapter 11

**ORDER ALLOWING GRAPHIC COMMUNICATIONS HOLDINGS, INC.'S CLAIM (CLAIM 1053) AS SECTION 503(b)(9) ADMINISTRATIVE PRIORITY CLAIM**

ORDERED that Debtors' Fifth Omnibus Objection to Certain Misclassified Non-Goods 503(b)(9) Claims ("Fifth Omnibus Objection") (Docket Nos. 3310), as supplemented by Debtors' Supplemental Objection to Claim 1053 of Graphic Communications ("Supplemental Objection"), is hereby OVERRULED insofar as Debtors object to the claim (Claim 1053) of Graphic Communications Holdings, Inc. ("Graphic").

ORDERED FURTHER that Graphic's Claim is hereby ALLOWED as a Section 503(b)(9) administrative priority claim in the full amount claimed of $175,195.74.

In support of the foregoing the Court makes the following findings and conclusions:

1. The joint Stipulation of Facts (Docket No. 7963) submitted by Graphic and the Debtors is accepted and relied upon by the Court, and incorporated herein by reference.

2. Graphic timely filed its Section 503(b)(9) administrative priority claim in the amount of $175,195.74 (Claim No. 1053) for goods received by Circuit City within the statutory period.  Specifically, Graphic's claim was filed on account of charges associated with the production of more than 10,000,000 of Circuit City's November 16, 2008 promotional flyers, or "Newspaper Inserts" (as defined by the parties).

3. The parties agree, based on prior holdings of this Court in the context of these bankruptcy proceedings, that the Uniform Commercial Code (UCC), (in this instance, as it is enacted

1

in Virginia, because the parties' contractual arrangement was governed by Virginia law), provides the meaning of the phrase "goods received" as used in Section 503(b)(9) of the Bankruptcy Code. *In re: Circuit City Stores, Inc.*, 416 B.R. 531 (Bankr. E.D. Va. 2009) (relying on the UCC's definition of "goods" and concluding that "goods for purposes of § 503(b)(9) has the meaning set forth in the UCC, including specially manufactured goods); *In re Circuit City Stores, Inc.*, 2010 WL 1451338 at *4 (Bankr. E.D. Va. Apr. 8, 2010) (relying on the UCC's definition of "'receipt of goods'[, which] means taking physical possession of goods" and holding that "received for the purposes of § 503(b)(9) means having taken into physical possession."). The parties agree further in accordance with the prior ruling of this Court in this case, *see In re: Circuit City Stores, Inc.*, 416 B.R. 531 (Bankr. E.D. Va. 2009), that the "predominant purpose test" applies here.

4. The Newspaper Inserts are specially manufactured goods covered under the UCC's definition of "goods".

5. The predominant purpose of the parties' contract(s) was for the purchase and sale of goods (i.e. the Newspaper Inserts) and, therefore, the services incidental to the sale of goods are themselves treated as "goods" and not subject to any parsing or apportionment such that the entire claim is allowed once the predominant purpose is determined, as here, to be for the sale of goods.

6. Where, as here, a debtor designates a third-party recipient of the goods to be delivered and the goods are, in fact, delivered to the debtor's designee, the UCC deems the Debtor to have received the goods upon the designee's taking actual possession for these purposes. The Court is persuaded by Official Comment 2 to UCC Section 2-705 for this conclusion. *See* UCC § 2-705, official cmt. 2 ("'Receipt by the buyer' includes receipt by the buyer's

designated representative, the sub-purchaser, when shipment is made direct to him and the buyer himself never receives the goods.")

7. Pursuant to Circuit City's independent Transportation Agreement with a third-party, Circuit City required that the Newspaper Inserts be shipped, and they were in fact shipped, to various newspapers as Circuit City's "designated receiver(s)." (Stipulated Facts, Ex. E § 2.2 at 1; *id.* ¶ 51.)

8. Graphic, for its part, had no involvement in the Transportation Agreement and was not a party thereto. As a consequence, Graphic had no input or involvement in the delivery process (including the time, place or manner of delivery of the Newspaper Inserts) or the equipment, personnel or insurance coverage selected by the third party shipper. (Stipulated Facts ¶¶ 21-27.)

9. Graphic's claim is properly allowed in its entirety as an administrative priority claim pursuant to Section 503(b)(9) for "goods received" within the appropriate pre-petition period.

THIS CAUSE IS ENDED.

Date: _____                    _____
                                             Hon. Kevin R. Huennekens
                                             United States Bankruptcy Judge


                                             Entered on Docket: _____

I ask for this:


/s/ Thomas W. Repczynski
Thomas W. Repczynski, VSB No. 39967
Offit Kurman. P.A.
4800 Montgomery Lane, 9th Floor
Bethesda, MD 20814
Tel:  240-507-1713; Fax:  240-507-1735


Local Rule 9022-1(C) Certification

The foregoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).


/s/ Thomas W. Repczynski
Thomas W. Repczynski

**PARTIES TO RECEIVE COPIES:**

Thomas W. Repczynski
Offit Kurman. P.A.
4800 Montgomery Lane, 9th Floor
Bethesda, MD 20814

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
P.O. Box 636
Wilmington, Delaware 19899-0636

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606

Douglas M. Foley
Sarah B. Boehm
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219