```
                    UNITED STATES BANKRUPTCY COURT
                      EASTERN DISTRICT OF VIRGINIA

IN RE:                         .   Case No. 08-35653(KRH)
                               .
CIRCUIT CITY STORES,           .   701 East Broad Street
INC.,                          .   Richmond, VA 23219
                               .
        Debtor.                .
                               .   August 4, 2010
. . . . . . . . . . . . . ..       2:00 p.m.


                          TRANSCRIPT OF HEARING
                   BEFORE HONORABLE KEVIN R. HUENNEKENS
                    UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtor:            McGuire Woods, LLP
                           By:  DOUGLAS FOLEY, ESQ.
                           9000 World Trade Center
                           101 W. Main Street
                           Norfolk, VA 23510

                           Skadden Arps Slate Meagher & Flom LLP
                           By:  GREGG M. GALARDI, ESQ.
                           P.O. Box 636
                           Wilmington, DE 19899

TELEPHONIC APPEARANCE:     Mr. Feinstein
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@optonline.net**

**(609)586-2311      Fax No. (609)587-3599**

1        COURT CLERK:  All rise.  Court is now in session.
2   Please be seated and come to order.
3        COURTROOM DEPUTY:  In the matter of Circuit City
4   Stores, Incorporated, hearing on items 1 through 11 as set out
5   on the debtor's proposed agenda.
6        MR. FOLEY:  Good afternoon, Your Honor.  Doug Foley
7   with Maguire Woods on behalf of the debtors.  With me in court
8   today is Katie Bradshaw, our vice president and controller of
9   the company and Mr. Galardi from Skadden Arps.
10       THE COURT:  All right.  Thank you.
11       MR. FOLEY:  Your Honor, if we could take some things
12  out of order only because of some scheduling issues with
13  Mr. Feinstein, who's on the phone, as well as Mr. Galardi, who
14  has to leave.  If we could take up the matters, six and seven
15  first, which is our request for an expedited hearing on matter
16  number seven, which is our motion to limit notice with respect
17  to additional plan disclosures.  And Mr. Galardi and
18  Mr. Feinstein will address that.
19       THE COURT:  Okay.  Thank you.  Good afternoon,
20  Mr. Galardi.
21       MR. GALARDI:  Good afternoon, Your Honor. Actually,
22  to just sort of set the tone, too, Your Honor, we also
23  scheduled this in some sense as a status conference with
24  respect to where we stood on the documents.  The good news, and
25  one of the reasons why Mr. Feinstein can move on and I can move

1  on, is we have reached agreement on all of the substantive
2  points with respect to those documents.  We had a call last
3  night between committee members and board members to affirm
4  that.
5         There are a couple holes, but these are the sort of
6  holes that you would expect in a plan, the designation of
7  certain new directors for company's post confirmation.  So,
8  what we'll do is, we will be filing, no doubt before August 9th
9  but maybe as early as tomorrow or Friday -- I can't remember
10 which -- or Friday.  The documents that we would then -- that
11 are the subject of the motion for the service, that we will
12 have those documents on file.
13        We would like to again, as we mentioned in chambers,
14 try to schedule a confirmation hearing for September 8th, and
15 then, what we'll be doing is filing those documents that
16 identify persons ten days before the confirmation hearing
17 assuming it's the 8th, we'll file it.  But, that's the schedule
18 that we're doing.  I don't know if Mr. Feinstein wants to add
19 anything to the agreements, but we've reached -- the documents
20 are --
21        MR. FEINSTEIN:  No, Your Honor.  I'm pleased to
22 report we did reach agreement and that we're on track to have
23 those documents on file and move to confirmation.
24        THE COURT:  All right.  Well, that's excellent news.
25 The Court is obviously pleased to hear this.

1    MR. GALARDI:  The only -- the only not -- bad news
2 but not good news is we have no news yet on the CRA ruling.
3 Again, we get hopeful indications, but it's August and moving
4 people to give us a CRA ruling, that now seems to be the only
5 thing that would hold up the confirmation hearing as of
6 September 8th.
7    THE COURT:  All right.  Very good.
8    MR. GALARDI:  Your Honor, then turning to the matter
9 that's actually on the agenda today was our motion to approve a
10 limited notice and service of plan documents, Your Honor, as we
11 have said, since we were at a disclosure statement hearing,
12 probably nearly a year ago, the case has progressed
13 notwithstanding the fact, we have not gone to confirmation, so
14 what our intention is, is to file a second amended plan that
15 has -- embodies the agreements that we'd reached in the
16 mediation and the documents.
17    In addition, there will be a revised liquidating
18 trust agreement, the liquidating trust oversight by-laws, and
19 also we thought important to do a supplemental disclosure with
20 respect to events that have transpired including the opinions,
21 the rulings, the French tax issue, tax liability.
22    Your Honor, we would propose to serve that on --
23 pursuant to our motion, the core group of people that have
24 gotten all service, the 2002 list, all parties who filed
25 objections to the disclosure statement or confirmation of the

1  amended plan as well as creditors of InterTAN, Inc., Bento,
2  Inc., Circuit City Stores, Puerto Rico, Circuit City Stores
3  Purchasing and Circuit City Stores, West Coast.
4         Your Honor, we made that motion, we don't think, as
5  we had mentioned in chambers, but I'll put it on the record,
6  and I think Mr. Feinstein agrees, we don't believe there's a
7  new solicitation issue.  We believe that the information we're
8  giving him is informational and as we've discussed, we think
9  that we've made a disclosure with respect to -- I think it's
10 only one entity that might have a, I'll call it a unique
11 substantive consolidation issue that we don't think -- we still
12 think substantive consolidation is important -- that's Puerto
13 Rico.
14         And so we've highlighted that in this disclosure.
15 So, by doing that, we're giving that party an -- those parties
16 who may have an interest to see the disclosure come in, do
17 whatever they want for an objection.  We think that we can
18 again, file these documents by the 5th or the 9th at the latest
19 to give adequate service, and if we go forward with
20 confirmation, even at the earliest at September 8th, that gives
21 people more than the 20 days that the code provides.  But, in
22 addition, we don't think it's a modification.
23         We've asked to give notice to all of those parties.
24 We think that's fair.  We don't think we need to give it to the
25 total creditor base or the equity holders because there is no

1  change in the distributions in deed -- there's no change in the
2  distributions negatively affecting them.  What people will be
3  pleased to see is that we believe the low recoveries are higher
4  than they were in our original plan and the high recoveries are
5  much higher than they were in our original plan.  And again,
6  there'll be an assessment of the risks with respect to that.
7           Your Honor, I don't believe --  we have not received
8  any objections to this motion, so one, we ask that you approve
9  the motion to do this on short notice and then approve the
10 notice itself with that when we would file those documents as I
11 said, Friday or Monday at the latest and then immediately serve
12 those.  And again, no objection deadline needs to be -- that
13 will just let people file their objections with respect to any
14 disclosure or anything and we can deal with any issues with
15 respect to people who see the disclosure and want to do things.
16 We can address those at the confirmation hearing.
17          THE COURT:  All right.  Does any party wish to be
18 heard in connection with the debtor's motion for expedited
19 hearing?
20                  (No audible response)
21          THE COURT:  All right the expedited hearing, then, is
22 granted.  Does any party wish to be heard in connection with
23 the motion of the debtors and the official committee of
24 unsecured creditors for an order approving the limited notice
25 and service of plan?

1                   (No audible response)

2           THE COURT:  All right, Mr. Galardi, there being no
3   objection, the Court has reviewed it and is satisfied with
4   everything you've stated on the record here today.  The Court
5   will grant that motion and approve the limited notice and
6   service of plan documents as you've set forth in the motion.

7           MR. GALARDI:  And Your Honor, I think we -- I'm not
8   sure if it's official, but may we use that September 8th date
9   as our tentative confirmation day for now for scheduling
10  purposes?

11          THE COURT:  Most definitely.  On my calendar, it's
12  you know --

13          MR. GALARDI:  Okay.  I don't know if I did that on
14  the -- if we had done that on the record yet.  But, okay.
15  That's fine.  I just wanted to make sure.

16          THE COURT:  All right.

17          MR. GALARDI:  And then if I may be excused, I'm
18  sorry, for such a short appearance, but I was -- I'm actually
19  glad it's short so we're not fighting anything.

20          THE COURT:  Okay.  Very good.  You are excused.

21          MR. GALARDI:  Thank you, Your Honor.

22          MR. FEINSTEIN:  And Your Honor, on the telephone as
23  well, Robert Feinstein, if I may be excused.  Thank you.

24          THE COURT:  Mr. Feinstein, you may be excused as
25  well, sir.  Thank you.

1  MR. FEINSTEIN: Thank you, Your Honor.

2  MR. FOLEY: Your Honor, the remaining items on the
3  agenda we can dispose of relatively quickly. Items Number 1
4  and 2, these are the Madcow motions. We have actually filed
5  the stipulations that are referenced in the agenda about the
6  documentation being complete, so those two matters can be
7  removed from the agenda.

8  THE COURT: All right.

9  MR. FOLEY: Item Number 3, this is the New York State
10 Department of Tax finance claim. That matter has settled since
11 we filed the agenda, and we can remove that, and the
12 documentation is being -- the papers are being filed, I think,
13 today.

14 THE COURT: Okay.

15 MR. FOLEY: Your Honor, Item Number 4, this is the
16 Quebecor claim objection. We have exchanged settlement offers
17 with Quebecor, and we're waiting for a response so this one
18 we're asking to adjourn until the August 23rd hearing date at
19 2.

20 THE COURT: Okay. It'll be adjourned.

21 MR. FOLEY: Your Honor, that brings us to Item Number
22 5, which is our motion to seek the Court to approve the sale of
23 certain real estate that the debtor owns here in Richmond that
24 we refer to as DR1. It's 58 acres in Deep Run Business Park in
25 Richmond and includes two ground leases that are being assigned

1  to the purchaser, but it excludes any improvements located at
2  the property.
3         If Your Honor recalls, this is a property in which
4  the building has a separate owner.  We -- and we ground leased
5  the ground to them for a long period of time.  There was an
6  issue with the rent resetting under the ground lease back in
7  March as Your Honor may recall.  The structure of this was the
8  previous owner, Lexington, that owned the building got
9  foreclosed on by their lender.
10        The servicer for the lender, Mercadia (phonetic)
11 filed a motion to compel assumption of the ground lease in
12 order to expedite some resolution of the matters that were
13 pending.  We had to negotiate the resetting of the rent under
14 the ground lease.  We were able to do that in order to generate
15 competitive -- we thought to generate competitive bids, and we
16 did.  We got six or seven offers to -- with respect to this
17 property.  And the one that we selected as the stalking horse
18 and the one that we're seeking approval of today, was the
19 highest and best.
20        Jim Avalon is here from DJMS and Management, and he
21 would proffer to all of the factual allegations set forth in
22 the motion regarding the process that we filed -- that we
23 followed with respect to generating these offers in structuring
24 this -- re-structuring the rent under the ground lease.
25        Your Honor, the terms of the transaction, the

1  purchaser is DRCC Properties, LLC and they have representatives
2  in court today.  The purchase price is $2.75 million.  We did
3  not receive any -- we had a bid deadline of July 27th, we did
4  not received any competitive bids after we teed them up as the
5  stalking horse bidder.  So, we did not, obviously, hold an
6  auction on July 9th.  The objection deadline was July 28th.  We
7  haven't received any objections.
8         So the Court is aware, we did, when we were in the
9  process of resetting the ground rent, we did receive some
10 appraisals, and the average of those appraisals came out to
11 about $2.3 million, and so, we believe this purchase price at
12 2.75 is a very good offer, based upon what we understand the
13 value to be.  But so the Court understands, a part of the
14 reason we think this buyer is paying a premium is because they
15 also are in contract to purchase the building from the building
16 owner.  So, they're going to put Humpty Dumpty together again
17 here with these two.  And so they paid a premium because of
18 that.
19        So, we would ask the Court unless the Court has any
20 questions to accept the proffer of the factual allegations set
21 forth in the motion by Mr. Avalon and to approve the
22 transactions set forth in the motion in the order.
23        THE COURT:  Does any party wish to examine the
24 proffered witness?
25                    (No audible response)

11

1    THE COURT: All right. The proffer is accepted,
2 Mr. Foley.
3    MR. FOLEY: Thank you, Your Honor.
4    THE COURT: With regard to the motion, does any party
5 wish to be heard in connection with the debtor's motion?
6            (No audible response)
7    THE COURT: All right. The Court had one question
8 with regard to the break-up fee. Are you -- you're not asking
9 me to approve the bidding procedures at this point. You're
10 asking me to approve the sale, right?
11    MR. FOLEY: Exactly, Your Honor.
12    THE COURT: Okay.
13    MR. FOLEY: Actually, Your Honor, there was no --
14 obviously, since there was no auction, there was no competitive
15 bid. That's unnecessary.
16    THE COURT: Okay. Very good. All right. So, there
17 being no objection to the proposed sale, the Court will grant
18 the motion and approve the sale. Please submit an order to
19 that effect.
20    MR. FOLEY: We will, Your Honor. Thank you. Item
21 Number 8 on the agenda is our 7th omnibus objection to claims,
22 there's one claim left by Mr. Naik, -a-i-k, and we're in
23 negotiations with respect to resolving that and so, we're going
24 to adjourn that matter over to the August 23rd hearing date at
25 2.

**J&J COURT TRANSCRIBERS, INC.**

1        THE COURT:  Okay.

2        MR. FOLEY:  Item Number 9, which is our 43rd omnibus
3 objection to claims, that matter -- we are working with the
4 State of Tennessee on that last claim and hope to resolve it by
5 the August 31st hearing date, and I believe that's a 10 o'clock
6 hearing, Your Honor.

7        THE COURT:  All right.

8        MR. FOLEY:  The last two items on the agenda, Your
9 Honor, Items 10 and 11, this is our complaint against U.S. Debt
10 Recovery and Signature.  Signature, as Your Honor recalls,
11 defaulted and filed a motion for relief from that default.
12 We've been in negotiations with them over the last week or ten
13 days.  A Mr. Epps represents them, and we were able to reach a
14 resolution actually this morning of the matter as to Signature,
15 and so we can -- and we will be submitting an order with
16 respect to that so, at this point, we can remove both motions
17 -- both these matters from the agenda.

18        THE COURT:  All right.  And that's 10 and 11.

19        MR. FOLEY:  10 and 11.  Yes, Your Honor.

20        THE COURT:  All right.

21        MR. FOLEY:  And there's nothing else, I believe we
22 have on the agenda today, Your Honor.  We appreciate the
23 Court's time.

24        THE COURT:  All right. Very good.  Well, that's an
25 excellent agenda.  We'll be adjourned.

1   COURT CLERK: All rise. Court is now adjourned.

\* \* \* \* \*

**C E R T I F I C A T I O N**

I, FELICIA HUTH, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.

/s/ Felicia Huth                    DATE:  August 13, 2010

FELICIA HUTH

J&J COURT TRANSCRIBERS, INC.