Gregg M. Galardi, Esq.               Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.              Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &      MCGUIREWOODS LLP
FLOM, LLP                            One James Center
One Rodney Square                    901 E. Cary Street
PO Box 636                           Richmond, Virginia 23219
Wilmington, Delaware 19899-0636      (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

             IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :   Jointly Administered
             Debtors.           :
                                :   **Obj. Deadline: August 26, 2010 at**
- - - - - - - - - - - - - - x       **5:00 p.m. (ET)**

       **NOTICE OF SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG
              THE DEBTORS AND TRACFONE WIRELESS, INC.**

          PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval
(the "Settlement Procedures Order") (Docket No. 4401).[1]  A

---

[1]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to such terms in the Settlement Agreement (defined
     below) or the Settlement Procedures Order.

copy of the Settlement Procedures Order (without exhibits) is annexed as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Settlement Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Settlement Procedures Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement Agreement") with TracFone Wireless, Inc. ("TracFone"), a copy of which is annexed as <u>Exhibit 2</u>.

### SUMMARY OF SETTLEMENT AGREEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Settlement Procedures Order, the material terms of the Settlement Agreement are as follows:

---

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]  This section of the notice constitutes a summary of the material terms of the Settlement Agreement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement Agreement in its entirety.  In the event there is a conflict between the notice and the Settlement Agreement, the Settlement Agreement shall control in all respects.

(i)     This a Tier I Settlement.

(ii)    On December 12, 2008, TracFone filed proof of claim
        number 752, a 503(b)(9) Claim in the amount of
        $101,080.00 against the Debtors' bankruptcy estates
        (the "503(b)(9) Claim").

(iii)   On January 28, 2009, TracFone filed proof of claim
        number 7128, a general unsecured proof of claim in
        the amount of $147,377.83 against the Debtors'
        bankruptcy estates (the "General Unsecured Claim"
        and together with the 503(b)(9) Claim, the "TracFone
        Claims").  The General Unsecured Claim was later
        reduced to the amount of $46,297.83 by virtue of the
        Order on Debtors' Thirty-Fourth Omnibus Objection to
        Claims (Modification of Certain Duplicate 503(b)(9)
        Claims).

(iv)    On April 23, 2010, the Debtors sent a letter to
        TracFone (the "Demand Letter").  Therein, the
        Debtors disputed the amount of the General Unsecured
        Claim based upon information contained in their
        books and records.  The Debtors also alleged that
        they identified $281,815.84 in receivables,
        chargebacks, returns, and other amounts
        (collectively, the "Alleged Receivables") that were
        currently due, owing, and payable by TracFone to
        Circuit City Stores, Inc.  The Debtors alleged that
        they were authorized to setoff the Alleged
        Receivables from the TracFone Claims and sought
        turnover of the remaining Alleged Receivables under
        section 542 of the Bankruptcy Code.  The Debtors
        also asserted that TracFone received certain
        transfers that may be avoidable under Bankruptcy
        Code sections 547 and 550 (the "Avoidance Action
        Claims").

(v)     TracFone disputed the allegations in the Demand
        Letter.

(vi)    Rather than proceed with litigation concerning the
        TracFone Claims, the Alleged Receivables, the Demand
        Letter, and the Avoidance Action Claims, the Parties
        engaged in good faith, arms' length negotiations to
        resolve the foregoing in their entirety.

(vii)   The Parties agree that (i) the amount of the
        503(b)(9) Claim is $101,080.00, and (ii) the amount
        of the General Unsecured Claim is $46,297.83.

(viii)  The Parties further agree that the Debtors' Alleged
Receivables shall be allowed in the amount of
$147,377.83 (the "Receivables").

(ix)   Upon the Effective Date, in full satisfaction and
settlement of the Receivables, the Receivables shall
be net against (i) the 503(b)(9) Claim such that the
503(b)(9) Claim shall be reduced to $0; (ii) the
General Unsecured Claim such that the General
Unsecured Claim shall be reduced to $0; and (iii)
the Debtors' Receivables shall be reduced to $0.

(x)    Upon the Effective Date, as defined in the
Settlement Agreement, TracFone, on behalf of itself,
its successors, and its assigns, and the Debtors, on
behalf of themselves, and each on behalf of their
respective estates, successors, and assigns
(including but not limited to any trustee appointed
in any of these chapter 11 cases or any successor or
subsequent bankruptcy cases, any receivers and/or
other custodians appointed in any action or
proceeding involving the Debtors' property and the
liquidating trustee under the Plan), except as
expressly provided in Paragraph 6(v) of the
Settlement Agreement, irrevocably and fully release
one another from and against any and all claims or
causes of action (including, but not limited to,
causes of action under Bankruptcy Code sections 502,
542, 543, 544, 546, 547, 548, 549, 550, 553 and 558)
arising from, in connection with, or related to the
TracFone Claims, the Debtors' Alleged Receivables,
the Receivables, the Demand Letter, and the
Avoidance Action Claims (this paragraph, the
"Releases").

(xi)   For the avoidance of doubt and notwithstanding
anything to the contrary in the Settlement Agreement,
(i) the Releases are not intended as general
releases or waivers and nothing in the Settlement
Agreement shall be construed as such, (ii) TracFone
shall not file nor be entitled to recover on account
of any other claims, (iii) the Debtors shall not be
entitled to recover any further credits, rebates,
receivables, setoffs, netting, or discounts,
including (without limitation) the Alleged
Receivables, from TracFone, (iv) all objections to
the TracFone Claims shall be deemed resolved, and (v)
TracFone and the Debtors specifically acknowledge
and agree that the Settlement Agreement is not
intended to, and does not, release or otherwise
affect in any way any actual claims or causes of
action (or potential claims or causes of action
similar in nature or type to such actual claims or

causes of action) now or hereinafter asserted in,
based on, or relating to the multi-district
litigation captioned In re: TFT-LCD (Flat Panel)
Antitrust Litigation, MDL No. 1827 (N.D. Cal.) and
the actions consolidated therein (the "MDL
Proceeding").

**TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED
AGREEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO
CONSIDER THE SETTLEMENT AGREEMENT**

PLEASE TAKE FURTHER NOTICE that, in accordance
with paragraph 10(c) of the Settlement Procedures Order,
any Notice Party may object (each an "Objection") to or
request additional time or information (each a "Request")
to evaluate the Settlement Agreement.

PLEASE TAKE FURTHER NOTICE that all Objections
and Requests must be in writing and received by counsel to
the Debtors and counsel to the Official Committee of
Unsecured Creditors (see information below) by no later
**August 26, 2010 at 5:00 p.m. (ET)** (the "Objection
Deadline"). Each Objection or Request must be served on (i)
the attorneys for the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O. Box 636,
Wilmington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski
Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th
Floor, Los Angeles, California 90067-4100, Attn: Jeff
Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue,
36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to
the Settlement Agreement and you do not want the Debtors to
proceed with the Settlement Agreement or you want the Court
to consider your views concerning the Settlement Agreement,
you or you attorney must also:

file in writing with the Court, Clerk of Court,
United States Bankruptcy Court, 701 East Broad
Street, Suite 4000, Richmond, Virginia 23219, or

electronically ([www.vaeb.uscourts.gov](http://www.vaeb.uscourts.gov)), a written
Objection pursuant to Local Bankruptcy Rule 9013-
1(H). If you mail your Objection to the Court for
filing, you must mail it early enough so the
Court will **receive it on or before August 26,
2010 at 5:00 p.m. (ET)**.

**Any Objection to the Settlement Agreement must be submitted
by the method described in the foregoing sentence.
Objections will be deemed filed only when actually received
at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(d) of the Settlement Procedures Order, if a
Notice Party submits a Request, only such Notice Party
shall have the later of (i) an additional five (5) days to
object to the Agreement or (ii) in the case of a Request
for additional information, three (3) days after receipt by
the Notice Party of the additional information requested.
Each Notice Party may only make one Request for additional
time per Settlement Agreement, unless otherwise agreed to
by the Debtors in their sole discretion.

[Remainder of page intentionally left blank]

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Settlement Procedures Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement Agreement without further order of the Court or any other action by the Debtors**.

Dated: August 19, 2010     SKADDEN, ARPS, SLATE, MEAGHER &
Richmond, Virginia       FLOM, LLP
                     Gregg M. Galardi, Esq.
                     Ian S. Fredericks, Esq.
                     P.O. Box 636
                     Wilmington, Delaware 19899-0636
                     (302) 651-3000

                           - and –

                     SKADDEN, ARPS, SLATE, MEAGHER &
                       FLOM, LLP
                     Chris L. Dickerson, Esq.
                     155 North Wacker Drive
                     Chicago, Illinois 60606
                     (312) 407-0700

                           - and –

                     MCGUIREWOODS LLP

                     /s/ Douglas M. Foley
                     Douglas M. Foley (VSB No. 34364)
                     Sarah B. Boehm (VSB No. 45201)
                     One James Center
                     901 E. Cary Street
                     Richmond, Virginia 23219
                     (804) 775-1000

                     Counsel for Debtors and Debtors
                     in Possession

**EXHIBIT 1**

**(Settlement Procedures Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :     Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :     1Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :     Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 9006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the establishment of procedures to settle certain pre-petition and post-petition claims and causes of action without further court approval; and the Court having reviewed the Motion; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed, due, proper and adequate notice of the Motion has been given in accordance with the Case Management Order and that no other or further notice is necessary;

2.    The Notice Procedures are fair, reasonable, and appropriate.

3.    The Settlement Procedures are fair reasonable, and appropriate.

4.    The Notice and Settlement Procedures were proposed in good faith.

2

5.     Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.     Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.     The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.     The Motion is GRANTED.

9.     The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

        10.   The Debtors shall provide key parties in

interest with notice of each proposed Settlement.   The

Notice Procedures are as follows:

            (a)    The Debtors shall give written
            notice, by email or facsimile, if available,
            or overnight courier if email or facsimile
            are not available, of each proposed
            Settlement (the "Settlement Notice") to (i)
            the United States Trustee, (ii) counsel for
            the Committee of Unsecured Creditors, (iii)
            any party to the Settlement, and (iv) the
            Core Group and 2002 List (collectively, the
            "Notice Parties").

            (b)    The Settlement Notice (or the
            Settlement Agreement) shall specify (i) the
            identity of the other party to the
            Settlement, (ii) a summary of the dispute
            with such other party, including a statement
            of the Debtors' reasonable estimate of the
            Settlement Claim amount and the basis for
            the controversy, (iii) an explanation of why
            the Settlement of such Settlement Claim
            is favorable to the Debtors, their estates, and
            their creditors, and (iv) a copy of the
            proposed settlement agreement ("Settlement
            Agreement").

            (c)    The Notice Parties may object to or
            request additional time to evaluate the
            proposed Settlement in writing by no later
            than 5:00 p.m. (ET) (i) five (5) days for
            both Tier I Disputed Claims and Tier I Cause
            of Action and Receivable Claims or (ii) ten
            (10) days for both Tier II Disputed Claims
            and Tier II Cause of Action and Receivable
            Claims (each an individual "Notice Period")
            and serve such objection or request on
            counsel to the Debtors and counsel for the
            Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)   All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)   Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)   Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as applicable, in an amount greater than $500,000.

12.   Subject to the Notice Procedures, the Debtors are authorized to compromise and settle Cause of Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value (i) equal to or greater than seventy-five percent (75%) of the Debtors' original reasonable estimate of the Cause of Action and Receivable Claim amount and (ii) equal to or less than $1,000,000.

(b)   <u>Tier II</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value equal to (i) more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the

Debtors are authorized in their sole discretion, but not

directed, to enter into Settlement Agreements

substantially in the form of Exhibit A attached hereto;

provided, further, that the material terms of each

Settlement Agreement may vary depending upon the

specific facts and circumstances of each Settlement and

nothing herein or therein shall be construed as

impairing the Debtors' ability to tailor the form of the

Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not

directed, to resolve all of the Disputed Claims and

Cause of Action and Receivable Claims of a single party

in a single Settlement Agreement.

15.   The Debtors shall provide written notice

to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'

authorized claims and noticing agent, with respect to

any proof of claim settled pursuant to these Settlement

Procedures; provided, further, that, if applicable, KCC

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.  Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.  Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for

all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency

between the Motion and this Order, this Order shall

control.

19.   The requirement under Local Rule 9013-

1(G) of the Local Rules for the United States Bankruptcy

Court for the Eastern District of Virginia to file a

memorandum of law in connection with the Motion is

hereby waived.

20.   This Court retains jurisdiction to hear and determine all matters arising from or related to the Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
        _____, 2009

                    _____
                    UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

     Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                          /s/ Douglas M. Foley
                          Douglas M. Foley

**EXHIBIT 2**

**(Settlement Agreement)**

Gregg M. Galardi, Esq.           Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.          Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

               IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                         RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                         :    Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :    Case No. 08-35653 (KRH)
et al.,                        :
                               :
        Debtors.               :    Jointly Administered
- - - - - - - - - - - - - - x

         **SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
              DEBTORS AND TRACFONE WIRELESS, INC.**

              This settlement agreement and stipulation

(this "Settlement Agreement") is entered into by and

among the above-captioned debtors and debtors in

possession (the "Debtors")[1], on the one hand, and

TracFone Wireless, Inc. ("TracFone" and together with

the Debtors, the "Parties" and each of which is a

"Party"), on the other hand.

### GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code; and

---

[1] The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
VA 23060.

2

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, on January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded; and

WHEREAS, on September 29, 2009, the Debtors and the Creditors Committee filed the First Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"); and

3

WHEREAS, the associated disclosure statement (the "Disclosure Statement") was approved on September 24, 2009, and confirmation on the Plan is currently adjourned; and

WHEREAS, generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code; and

WHEREAS, the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval, dated August 7, 2009 (Docket No. 4401, the "Settlement Procedures Order")[2] to enter into this Settlement Agreement, subject to the Notice Procedures.

### SETTLEMENT BACKGROUND

**A.    The TracFone Claims.**

WHEREAS, the Debtors and TracFone engaged in business in the ordinary course prior to and after the

---

[2]  All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Procedures Order.

Petition Date wherein the Debtors purchased certain

TracFone products (the "Product") for sale in their

retail stores; and

WHEREAS, on December 12, 2008, TracFone filed

proof of claim number 752 (the "503(b)(9) Claim")

against the Debtors' bankruptcy estates pursuant to

Bankruptcy Code section 503(b)(9).  Therein, TracFone

alleged that it shipped in the ordinary course of

business $101,080.00 worth of Product to the Debtors

within the twenty (20) days before the Petition Date;

and

WHEREAS, on January 28, 2009, TracFone filed

proof of claim number 7128, a general unsecured proof of

claim against the Debtors' bankruptcy estates (the

"General Unsecured Claim" and together with the 503(b)(9)

Claim, the "TracFone Claims").  Therein, TracFone

claimed that it shipped in the ordinary course of

business $147,377.83 worth of Product to the Debtors

before the Petition Date; and

WHEREAS, the Debtors objected to the General

Unsecured Claim in the Debtors' Thirty-Fourth Omnibus

Objection to Claims (Modification of Certain Duplicate

5

503(b)(9) Claims) (D.I. 4598) on the grounds that the

General Unsecured Claim was duplicative of the 503(b)(9)

Claim, to the extent of $101,080; and

WHEREAS, on October 28, 2009, the Bankruptcy

Court entered its Order on Debtors' Thirty-Fourth

Omnibus Objection to Claims (Modification of Certain

Duplicate 503(b)(9) Claims) (D.I. 5385), sustaining the

Debtors' Thirty-Fourth Omnibus Objection, including the

relief sought against TracFone.  Accordingly, the

General Unsecured Claim was reduced by $101,080 to the

current docketed amount of $46,297.83; and

**B.    The Demand Letter.**

WHEREAS, on April 23, 2010, the Debtors sent a

letter to TracFone (the "Demand Letter").  Therein, the

Debtors alleged that the General Unsecured Claim was

overstated by $1,672.83 on account of a quantity

shortage and a pricing discrepancy such that the

appropriate amount of the claim is $44,625.00; and

WHEREAS, in the Demand Letter, the Debtors also

alleged that they identified $281,815.84 in receivables,

chargebacks, returns, and other amounts (collectively,

the "Alleged Receivables") that are currently due, owing,

6

and payable by TracFone to Circuit City Stores, Inc.;
and

WHEREAS, on December 3, 2009, the Court issued
its Memorandum Opinion (Docket No. 5963) and Order
(Docket No. 5964) with respect to the Debtors' Forty-
Eighth, Forty-Ninth and Fiftieth Omnibus Objections to
Claims (the "Objections").  Pursuant to the Court's
Order, the Debtors are authorized to setoff all of their
pre- and/or post-petition Receivables against
Administrative Expenses (as defined in the Objections),
including claims arising under Bankruptcy Code section
503(b)(9), before setting off against any general
unsecured claims; and

WHEREAS, in the Demand Letter, the Debtors
asserted that they were authorized to setoff the Alleged
Receivables from the TracFone Claims pursuant to the
Court's Memorandum Opinion and Order.  After setoff, the
Debtors asserted that the 503(b)(9) Claim and the
General Unsecured Claim would both be reduced to $0, and
the Debtors' Alleged Receivables would be reduced to
$136,110.84.  The Debtors further asserted that TracFone
was required to turnover the remaining Alleged

7

Receivables to the Debtors' estates pursuant to

Bankruptcy Code section 542; and

WHEREAS, the Debtors also asserted that

TracFone received certain transfers that the Debtors

contend may be avoidable under Bankruptcy Code sections

547 and 550 (the "Avoidance Action Claims"); and

WHEREAS, TracFone disputed the allegations in

the Demand Letter, including the amount of the Debtors'

Alleged Receivables.  Moreover, TracFone asserted that

in addition to the General Unsecured and 503(b)(9) Claim,

it invoiced the Debtors for approximately $175,000 worth

of Product post-petition for which it had not been paid.

Additionally, TracFone asserts that it has a complete

defense to the Alleged Preferential Transfers; and

WHEREAS, the Parties engaged in a comprehensive

reconciliation (the "Reconciliation") of the TracFone

Claims; and

WHEREAS, rather than proceed with litigation

concerning the Demand Letter, the General Unsecured

Claim, the 503(b)(9) Claim, the Debtors' Alleged

Receivables, and the Avoidance Action Claims, the

8

parties engaged in good faith, arms' length negotiations
to resolve the foregoing in their entirety; and

NOW THEREFORE, subject to and in accordance
with the Settlement Procedures Order, for good and
valuable consideration the receipt and sufficiency of
which is hereby acknowledged, the Parties hereby
STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    Based on the Reconciliation, the Parties
agree that (i) the amount of the 503(b)(9) Claim is
$101,080.00, and (ii) the amount of the General
Unsecured Claim is $46,297.83.

2.    Based on the Reconciliation, the Parties
agree that the Debtors' Alleged Receivables shall be
allowed in the amount of $147,377.83 (the "Receivables").

3.    Upon the Effective Date, in full
satisfaction and settlement of the Receivables, the
Receivables shall be net against (i) the 503(b)(9) Claim
such that the 503(b)(9) Claim shall be reduced to $0;
(ii) the General Unsecured Claim such that the General
Unsecured Claim shall be reduced to $0; and (iii) the
Debtors' Receivables shall be reduced to $0.

9

4.    To the extent required, the automatic
stay of 11 U.S.C. § 362 is lifted to permit the netting
set forth in Paragraph 3 above.

5.    Upon the Effective Date, as defined
herein, TracFone, on behalf of itself, its successors,
and its assigns, and the Debtors, on behalf of
themselves, and each on behalf of their respective
estates, successors, and assigns (including but not
limited to any trustee appointed in any of these chapter
11 cases or any successor or subsequent bankruptcy cases,
any receivers and/or other custodians appointed in any
action or proceeding involving the Debtors' property and
the liquidating trustee under the Plan), except as
expressly provided in Paragraph 6(v), hereby irrevocably
and fully release one another from and against any and
all claims or causes of action (including, but not
limited to, causes of action under Bankruptcy Code
sections 502, 542, 543, 544, 546, 547, 548, 549, 550,
553 and 558) arising from, in connection with, or
related to the TracFone Claims, the Debtors' Alleged
Receivables, the Receivables, the Demand Letter, and the
Avoidance Action Claims (this paragraph, the "Releases").

10

6.   For the avoidance of doubt and
notwithstanding anything to the contrary in this
Settlement Agreement, (i) the Releases are not intended
as general releases or waivers and nothing in this
Settlement Agreement shall be construed as such, (ii)
TracFone shall not file nor be entitled to recover on
account of any other claims, (iii) the Debtors shall not
be entitled to recover any further credits, rebates,
receivables, setoffs, netting, or discounts, including
(without limitation) the Alleged Receivables, from
TracFone, (iv) all objections to the TracFone Claims
shall be deemed resolved, and (v) TracFone and the
Debtors specifically acknowledge and agree that this
Settlement Agreement is not intended to, and does not,
release or otherwise affect in any way any actual claims
or causes of action (or potential claims or causes of
action similar in nature or type to such actual claims
or causes of action) now or hereinafter asserted in,
based on, or relating to the multi-district litigation
captioned In re: TFT-LCD (Flat Panel) Antitrust
Litigation, MDL No. 1827 (N.D. Cal.) and the actions
consolidated therein (the "MDL Proceeding").

11

7.    Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Settlement Agreement or (b) to seek damages or injunctive relief in connection with such approval and enforcement.

8.    Each Party hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

9.    No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the parties hereto and their respective successors and assigns.

12

10.   Except where preempted by applicable
Federal law, this Settlement Agreement shall be governed
by and construed in accordance with the internal laws of
the Commonwealth of Virginia without regard to any
choice of law provisions.

11.   This Settlement Agreement may be signed
in counterpart originals and delivered by facsimile or
email, which, when fully executed, shall constitute a
single original.

12.   This Settlement Agreement constitutes the
entire agreement and understanding of the parties
regarding the Settlement Agreement and the subject
matter thereof.

13.   The United States Bankruptcy Court for
the Eastern District of Virginia shall retain exclusive
jurisdiction (and the parties consent to such retention
of jurisdiction) with respect to any disputes arising
from or related to, or other actions to interpret,
administer or enforce the terms and provisions of, this
Settlement Agreement.

14.   Each person or entity who executes this
Settlement Agreement on behalf of another person or

13

entity represents and warrants that he, she, or it is
duly authorized to execute this Settlement Agreement on
behalf of such person or entity, has the requisite
authority to bind such person or entity, and such person
or entity has full knowledge of and has consented to
this Settlement Agreement.  The representations and
warranties set forth in this paragraph shall survive
execution of this Settlement Agreement.

15.   This Settlement Agreement shall not be
modified, altered, amended or vacated without the
written consent of all parties hereto or order of the
Bankruptcy Court.

16.   This Settlement Agreement and all of its
terms shall be effective upon the later of (i) execution
by both Parties and (ii) the expiration of the
applicable Notice Period.

17.   This Settlement Agreement shall inure to
the benefit of and be binding upon the successors and
assigns of the Parties hereto, including any Chapter 7
trustee or the Liquidating Trustee under the Plan.

14

IN WITNESS WHEREOF, this Settlement Agreement

is hereby executed as of the later of the dates set

forth below.

ACCEPTED AND AGREED TO BY:

CIRCUIT CITY STORES, INC.

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores, Inc.,
et al., Debtors and Debtors in Possession

Dated:  August 19, 2010

15

TRACFONE WIRELESS, INC.

By:

/s/ Cynthia A. Jacobs
Cynthia A. Jacobs
Senior Vice President – Legal
TracFone Wireless, Inc.
9700 N.W. 112th Avenue
Miami, FL  33178

Dated:  August 5, 2010

16