Gregg M. Galardi, Esq.          Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.         Sarah B. Boehm (VSB No. 45201)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

           - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR FORTY-THIRD OMNIBUS OBJECTION TO THE LATE CLAIM FILED BY THE TENNESSEE DEPARTMENT OF TREASURY-UNCLAIMED PROPERTY**

The debtors and debtors-in-possession in the above-captioned jointly administered cases (collectively, the "Debtors")[1] hereby file this supplemental brief in support of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC

the Forty-Third Omnibus Objection to Certain Claims

(Disallowance of Certain Late Claims) (Docket No. 5016) (the

"Omnibus Objection") to the late claim filed by the

Tennessee Department of Treasury, Division of Unclaimed

Property (the "Late Claimant").  In further support of the

Omnibus Objection, the Debtors respectfully represent as

follows:

**BACKGROUND**

**I.    The Bankruptcy Cases**

1.    On November 10, 2008 (the "Petition Date"), the

Debtors filed with the United States Bankruptcy Court for

the Eastern District of Virginia, Richmond Division (the

"Court"), their voluntary petitions for relief under chapter

11 of title 11 of the United State Code (the "Bankruptcy

Code") commencing the above-captioned chapter 11 cases.

2.    The Debtors have continued the management of

Debtors' business and properties as debtors-in-possession

---

(5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia,
Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC
(2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs,
Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC
(9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for
Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard,
Westminster, Colorado 80031.  For all other Debtors, the address was 9950
Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook
Drive, Glen Allen, Virginia 23060.

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

## II.  The Bar Dates for Filing Claims

### A.    The Bar Dates

4.    On December 10, 2009, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

5.    Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date"). The deadline for governmental units to file claims that arose before November 10, 2009 is 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date"). Pursuant to the Claims Bar Date

Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

**B.    Service of the Claims Bar Date Notice**

6.    On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

7.    On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties.  See Affidavit of Service at Docket No. 1314, the relevant portions of which are attached hereto as Exhibit A.  In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

8.    The General Bar Date also was clearly identified and posted by KCC on its website at www.kccllc.net/circuitcity (the "KCC Website") under the publicly available section of the KCC Website entitled "Important Dates, Deadlines & Documents."

**C.   Content of the Claims Bar Date Order and Notice**

9.    The Claims Bar Date Order provides in relevant part:

> Pursuant to Bankruptcy Rule 3003(c)(3), all "entities" and "persons" (as defined respectively in 11 U.S.C. § 101(15) and (41)), except any governmental unit (as defined in 11 U.S.C. § 101(27)) that are creditors holding or wishing to assert "claims" (as defined in 11 U.S.C. § 101(5)) arising before the Petition Date against any of the Debtors are required to file with the Debtors' Claims Agent (as defined below), on or before 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date") a separate, completed, and executed proof of claim form (conforming substantially to Official Bankruptcy Form No. 10) on account of any such claims in accordance with the procedures set forth below.
>
> . . .
>
> Pursuant to Bankruptcy Rule 3003(c) and Bankruptcy Code section 502(b)(9), any governmental units (as defined in 11 U.S.C. § 101(27)) that are creditors holding or wishing to assert "claims" (as defined in 11 U.S.C. § 101(5)) arising before the Petition Date against any of the Debtors are required to file, on or before 5:00 p.m. (Pacific) on May 11, 2009(the "Governmental Bar Date") a separate, completed, and executed proof of claim form (conforming substantially to Official Bankruptcy Form No. 10) on account of any such claims in accordance with the procedures set forth below.
>
> . . .
>
> Any creditor that is required to file but fails to file a proof of claim for its claim in accordance with the procedures set forth in this order on or before the General Bar Date, the Governmental Bar Date, or such other date established hereby (as applicable) shall be forever barred, estopped, and

enjoined from: (a) asserting any Claim against the
Debtors that (i) is in an amount that exceeds the
amount, if any, that is set forth in the Schedules
as undisputed, noncontingent, and unliquidated or
(ii) is of a different nature or in a different
classification (any such claim referred to as an
"Unscheduled Claim") and (b) voting upon, or
receiving distributions under, any plan or plans
of reorganization in these chapter 11 cases in
respect of an Unscheduled Claim; and the Debtors
and their property shall be forever discharged
from any and all indebtedness or liability with
respect to such Unscheduled Claim.

Claims Bar Date Order, ¶¶ 2, 3, 12.

10.   The Claims Bar Date Notice provides in relevant

part:

**CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM**

**Any creditor that is required to file but fails to
file a proof of claim for its Claim in accordance
with the procedures set forth herein on or before
the General Bar Date, the Governmental Bar Date,
or such other date established hereby (as
applicable) shall be forever barred, estopped, and
enjoined from: (a) asserting any Claim against the
Debtors that (i) is in an amount that exceeds the
amount, if any, that is set forth in the Schedules
as undisputed, noncontingent, and unliquidated or
(ii) is of a different nature or in a different
classification (any such claim referred to as an
"Unscheduled Claim") and (b) voting upon, or
receiving distributions under, any plan or plans
of reorganization in these chapter 11 cases in
respect of an Unscheduled Claim; and the Debtors
and their property shall be forever discharged
from any and all indebtedness or liability with
respect to such Unscheduled Claim.  If it is
unclear from the Schedules and Statements whether
your Claim is disputed, contingent or unliquidated
as to amount or is otherwise properly listed and
classified, you must file a proof of claim on or**

6

> **before the General Bar Date.  Any Entity that
> relies on the Schedules and Statements bears
> responsibility for determining that its Claim is
> accurately listed therein.**

Claims Bar Date Notice, p. 5.

**III. The Late Claim**

11.  On August 20, 2009, over three (3) months after the
Governmental Bar Date, the Late Claimant filed proof of claim
number 14567 ("Claim No. 14567") asserting a general
unsecured claim against the Debtors in the amount of
$200,545.81 on account of "rebates."[2]  A copy of Claim No.
14567 is attached hereto as Exhibit B.

12.  The Late Claimant filed a response to the Omnibus
Objection (Docket No. 5371) (the "Tennessee Response"). The
Late Claimant asserts that its late claim should not be
disallowed because it misplaced the proof of claim form
partly due to the large volume of bankruptcy matters it was
handling at the time.  Tennessee Response, p. 10.  As set
forth in detail below, inadvertence and an excessive workload
do not render a mistake excusable.  Thus, the Late Claimant
has failed to meet its burden of proving excusable neglect
and its claim, therefore, should be disallowed.

---

[2] The Debtors' books and records do not reflect any amounts owed to the
Late Claimant.  If the Late Claimant overcame its burden of proving
excusable neglect, which the Debtors submit it cannot, the Debtors
reserve their right to object to Claim No. 14567 on other grounds.

## PRELIMINARY STATEMENT

13.   The Late Claimant's failure to timely file its claim was not due to excusable neglect and no cause exists to excuse the Late Claimant's failure to timely file its claim. Additionally, even if the Late Claimant could prove excusable neglect, which the Debtors submit is not possible under the facts alleged by the Late Claimant, the Court should, in its discretion sustain the Omnibus Objection to Claim No. 14567 because, among other reasons, any potential claim held by the Late Claimant is barred by the Bar Date Order, it would cause prejudice to the Debtors, their estates, and their creditors, potentially open the flood gates to other late claimants and drain the Debtors' and this Court's resources.

## ARGUMENT

**I.   The Late Claimant's Claim Is Barred by the Terms of the Bar Date Order and the Omnibus Objection Should Be Sustained**

14.   The Late Claimant filed its claim over three (3) months after the Governmental Bar Date and, as a result, its claim is time barred and permanently enjoined under the terms of the Bar Date Order.

15.   As this Court has previously found, the claims bar date in a chapter 11 bankruptcy case serves a very important purpose: "[t]he requirement of a Bar Date in Chapter 11

enables the debtor . . . to establish the universe of claims
with which it must deal and the amount of those claims." In
re Circuit City Stores, Inc., Case No. 08-35653 (Docket No.
6465) (Bankr. E.D. Va. Feb. 4, 2010) (hereinafter "Circuit
City v. EDC") (quoting In re A.H. Robins Co., Inc., 129 B.R.
457, 459 (Bankr. E.D. Va. 1991)).  Premised on the
imperative purpose of finality of asserting claims against a
debtor in chapter 11, courts have not allowed claims filed
by creditors after the bar date, absent special
circumstances.  See In re Provident Hosp., Inc., 122 B.R.
683, 685 (D. Md. 1990), aff'd, 943 F.2d 49 (4th Cir. 1991)
(unpublished opinion) ("Because [the claimant] did not
timely file his bankruptcy claim after having been given
constitutionally sufficient notice, his claim is barred
under well-settled authority, 11 U.S.C. 1141(d) and
Bankruptcy Rule 3003(c)(2).").

16.  Due process requires that the notice of the
applicable bar date be "reasonably calculated, under the
circumstances, to apprise an interested party of the
pendency of the action." In re Snug Enters., Inc., 169 B.R.
31, 33 (Bankr. E.D. Va. 1994).  In the Debtors' cases,
sufficient notice was given to the Late Claimant such that
its due process rights were met.  Notably, the Late Claimant

does not deny that it received notice of the Governmental Bar Date and proof of claim form.

17.   The Bar Date Order explicitly provided that the Debtors were required to serve the Bar Date Notice "by first class mail on or before December 19, 2008 to all known creditors and all known holders of the Debtors' equity securities as reflected in the Debtors' books and records, as well as U.S. state escheat or unclaimed property offices."  Bar Date Order, ¶ 7.  Accordingly, the Debtors served the Late Claimant with the Bar Date Notice on or about December 19, 2008.  See Exhibit A.  Thus, the Late Claimant had actual notice of the Governmental Bar Date approximately five (5) months before the Governmental Bar Date.

18.   Additionally, the Bar Date Order provided that the Debtors publish the Bar Date Notice in the Richmond Times-Dispatch and the national edition of the Wall Street Journal by December 30, 2008.  See Bar Date Order, ¶ 8.  Thus, the Debtors timely published the Governmental Bar Date in two newspapers.  See supra at ¶ 7.  The Governmental Bar Date also was posted on the publicly available KCC Website. Accordingly, the Late Claimant also had constructive notice of the Governmental Bar Date.

10

19.   Despite actual and constructive notice of the
Governmental Bar Date approximately five (5) months before
the deadline, the Late Claimant failed to file its claim by
the Governmental Bar Date – filing it over three (3) months
late.  As a result of the Late Claimant's failure to timely
file a proof of claim on or before the Governmental Bar
Date, the Late Claimant is "forever barred, estopped, and
enjoined from . . . asserting any Claim against the Debtors
. . . and the Debtors and their property shall be forever
discharged from any and all indebtedness or liability with
respect to such Unscheduled Claim."  Bar Date Order, ¶ 12.

**II.   The Late Claimant Has Failed to Establish Excusable
Neglect and the Omnibus Objection Should Be Sustained**

20.   If the request for an extension is made after the
expiration of the bar date, a claimant must establish not
only "cause," but also that "the failure to act was the
result of excusable neglect."  Fed. R. Bankr. P. 9006(b).

21.   The burden of proving excusable neglect lies with
the claimant seeking to file a proof of claim after a court-
ordered bar date.  In re Enron Corp., 419 F.3d 115 (2d Cir.
2005); see also Thompson  v. E.I. DuPont de Nemours & Co.,
Inc., 76 F.3d 530, 534 (4th Cir. 1996) ("'[T]he burden of
demonstrating excusability lies with the party seeking the

extension...'") (quoting In re O.P.M. Leasing Serv., Inc.,

769 F.2d 911, 917 (2d. Cir. 1985)).

22.   In Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd.

P'ship, 507 U.S. 380, 113 S. Ct. 1489 (1993), the Supreme

Court established a two-part test to determine whether a

claimant's failure to act in accordance with the filing

deadline was due to "excusable neglect."   Id. at 395, 1498.

Under the Pioneer framework, a court must first determine

whether the claimant's failure to file in a timely manner

was the result of neglect.   See id. at 394; see also

Huennekens v. Marx (In re Springfield Contracting Corp.),

156 B.R. 761, 765 (Bankr. E.D. Va. 1993) (holding that the

Supreme Court had established a two-part inquiry for

determining whether a party's failure to act was due to

"excusable neglect," the first question being whether the

failure to act was due to neglect).

**A.   The Failure of the Late Claimant To Timely File a
Claim Was Not the Result of "Neglect"**

23.   "The law since the Pioneer decision has been well

established that where a party's actions are deliberate, the

party's late filing cannot constitute excusable neglect."

In re Banco Latino International, 310 B.R. 780, 785 (Bankr.

S.D. Fla. 2004) (internal quotations omitted); see also In

re Celotex Corp., 232 B.R. 493, 495 (Bankr. M.D. Fla. 1999)
("After Pioneer, most courts have held that where a party's
actions are deliberate, the party's late filing cannot
constitute excusable neglect."); see also Agribank v. Breen,
188 B.R. 982, 989 (Bankr. C.D. Ill. 1995) ("[The Pioneer
Court's] definition [of 'neglect'] virtually excludes any
possibility that a late filing which is the result of a
party's deliberate choice can constitute 'neglect.'").

24.   To the extent that the Late Claimant asserts that
Claim No. 14567 was filed late because the audit results
upon which its claim is predicated were received
approximately one (1) month prior to the Governmental Bar
Date, which didn't give it time to file its claim, then its
failure to timely file a claim would appear to be the result
of deliberate inaction rather than neglect.  Tennessee
Response, p. 8.  In fact, the bar date for filing claims for
non-governmental units was one and a half months from
service of the Claims Bar Date Notice, yet over ten thousand
claimants managed to meet the deadline.

25.   Because the Late Claimant admits to having
received actual knowledge of the Governmental Bar Date, and
knew the amount of the claim it intended to assert well in
advance of the Governmental Bar Date, its conduct may have

been deliberate, which does not constitute neglect.  See
Pioneer Inv. Servs. Co., 507 U.S. at 388 (stating that
neglect "encompasses both simple, faultless omissions to act
and, more commonly, omissions caused by carelessness").
Accordingly, the Late Claimant should not be allowed to file
its late claim.

> **B.   Alternatively, the Late Claimant's Neglect Was Not Excusable**

26.  If a claimant is able to overcome the burden of
proving that its failure to timely file a claim was the
result of neglect, a court must then turn to the secondary
inquiry of whether or not such neglect is "excusable."  See
id. at 395.  In Pioneer, the Court held that the
determination of whether the claimant's neglect is excusable
is "at bottom an equitable one, taking account of all
relevant circumstances surrounding the party's omission."
Id.  In keeping with the equitable nature of such a
determination, the Supreme Court set forth four factors to
be considered when contemplating a motion to allow a late-
filed proof of claim under Rule 9006(b).[3]  Those factors
include: (1) the danger of prejudice to the debtor; (2) the

---

[3] The Late Claimant has never filed a motion to allow its late filed
claim.  This matter is before the Court on the Debtors' Omnibus Objection
seeking the disallowance of the claim on the basis that it was filed
after the Governmental Bar Date.

length of the delay and its potential impact on judicial
proceedings; (3) the reason for the delay, including whether
it was within the reasonable control of the claimant; and
(4) whether the claimant acted in good faith.  Id. at 395.

27.  As this Court has stated, "[t]he 'excusable
neglect' standard is not an easy one to satisfy." Circuit
City v. EDC, p. 10 (quoting Thompson  v. E.I. DuPont de
Nemours & Co., Inc., 76 F.3d 530 (4th Cir. 1996)("'excusable
neglect' is not easily demonstrated, nor was it intended to
be."); see also In re Best Products Co., 140 B.R. 353, 359
(S.D.N.Y. 1992) (characterizing the bar date as a court-
imposed statute of limitation that is "peremptory").

28.  Inadvertence, ignorance of the rules, or mistakes
construing the rules do not usually constitute "excusable
neglect."  See Thompson, 76 F.3d at 534; see also In re Best
Products Co., Inc., 140 B.R. at 358 ("Except when a known
creditor is not listed on the schedules and hence fails to
receive notice of the filing deadline, the bar date is
strictly enforced.") (citing Wright v. Placid Oil Co., 107
B.R. 104, 106 (N.D. Tex. 1989)).  "Even upon a showing of
'excusable neglect,' whether to grant an enlargement of time
still remains committed to the discretion of the . . .
court." Thompson, 76 F.3d at 532.

15

> **1.   The Late Claimant Failed to Prove an
> Adequate Reason for its Failure to
> Timely File a Claim**

29. "The most important of the factors identified in
Pioneer for determining whether 'neglect' is 'excusable' is
the reason for the failure to file." Thompson, 76 F.3d at
534. "[T]he four Pioneer factors do not carry equal weight;
the excuse given for the late filing must have the greatest
import.  While prejudice, length of delay, and good faith
might have more relevance in a close[] [sic] case, the
reason-for-delay factor will always be critical to the
inquiry."  In re Enron Corp., 419 F.3d 115, 122-24 (3d Cir.
2005) (quoting Graphic Commc'ns. Int'l Union v. Quebecor
Printing Providence, Inc., 270 F.3d 1, 5-6 (1st Cir. 2001));
see also Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd.
P'ship, 507 U.S. at 395 (stating that it is also significant
whether or not the reason for the failure to file was
"within the reasonable control of the movant.").

30. As this Court has previously found,
"[a]dministrative failure on the part of the claimant is
generally insufficient to warrant a finding of 'excusable
neglect.'" Circuit City v. EDC, p. 11 (citing Thompson, 76
F.3d at 534 ("'[A] mere concession of palpable oversight or
administrative failure generally has been held to fall short

of the necessary showing...'") (quoting In re O.P.M. Leasing Serv., Inc., 769 F.2d 911, 917 (2d Cir. 1985))); see also In re Century Brass Products, Inc., 72 B.R. 68 (Bankr. D. Conn. 1987) (holding that a delay resulting from a breakdown in creditor's internal procedures does not constitute excusable neglect within the meaning of Rule 9006(b)(2) of the Federal Rules of Bankruptcy Procedure); see also In re Figueroa, 33 B.R. 298, 303 (Bankr. S.D.N.Y. 1983) (holding that courts generally refuse to grant relief when late filing is caused by internal breakdowns because a finding that a breakdown in internal procedures caused the noncompliance shows that the events were not beyond the control of the creditor).

31.  The Late Claimant admits that the filing of its proof of claim after the Governmental Bar Date was clearly within its reasonable control.  Tennessee Response, p. 10.

32.  Further, the Late Claimant admits that it received the Claims Bar Date Notice and proof of claim form, but alleges that the proof of claim was misplaced due to the volume of bankruptcy cases that it was involved in at that time.  Tennessee Response, p. 10.  "[P]reoccupation or an excessive workload does not typically render a mistake excusable."  In re Enron Corp., 419 F.3d 115 (3d Cir. 2005) (citing Pioneer, 507 U.S. at 398 ("we give little weight to

the fact that counsel was experiencing upheaval in his law practice at the time of the bar date."); see also Circuit City v. EDC, p. 12.

33. Accordingly, while the Late Claimant may have had a heavy workload that contributed to the late filing of its claim, it does not excuse its neglect.

34. Further, the Late Claimant's own response shows that it is not an unwitting victim of bankruptcy procedure, but rather a regular participant in such procedures and as such should be held to the same, if not a higher standard, as the thousands of other claimants who timely filed their claims in the instant case. Tennessee Response, p. 10.

35. The Late Claimant had actual and constructive notice of the bar date for filing claims well in advance of the Governmental Bar Date and through inadvertence/a mistake that was reasonably within its control failed to timely file its claim. Its claim, therefore, should be disallowed.

### 2.   The Debtors Will Be Prejudiced if the Late Claimant's Claim Is Allowed

36. Another factor to be considered when determining whether a party's failure to act in a timely manner was attributable to "excusable neglect" is whether the party's failure to act in a timely manner will prejudice the

opposing party.  See Pioneer, 507 U.S. at 395.  However, the
presence or absence of prejudice to the Debtors is only one
of several factors to be considered by the court in
determining whether the claimant has satisfied the excusable
neglect standard.  See In re Keene Corp., 188 B.R. 903, 909
(S.D.N.Y. 1995) ("We . . . conclude that an approach that
considers all the relevant factors, but recognizes that they
all need not point in the same direction, is the correct
one.  Conversely, we question the wisdom of an approach
under which the court must ultimately ignore the creditor's
culpability and permit the filing of an [sic] late claim if
prejudice is absent.").

     37.  The allowance of late claims could diminish the
distribution projected for those claimants that filed timely
proofs of claim.  See In re Intelligent Med. Imaging, 262
B.R. 142, 146 (Bankr. S.D. Fla. 2001) (disallowing the late
claim in a liquidating chapter 11 case because "the claim
would produce substantial prejudice to the other creditors
in the case, in that it would greatly reduce the
distribution to unsecured creditors.").  In addition, if
this Court were to allow the Late Claimant's claim, it may
encourage other late claimants to seek the allowance of

their claims, which could result in a substantial amount of the Court's time being devoted to considering late claims.

38.  Were this Court to allow the claim of the Late Claimant, it also could wreak administrative havoc on the Debtors' claims resolution process.  The amount of time and legal expense that the Debtors would have to devote to responding to late claim motions, rather than continuing to reconcile timely filed claims, also could be substantial. See In re Calpine Corp., 2007 U.S. Dist. LEXIS 86514 at *19 (S.D.N.Y. Nov. 21, 2007) (finding that "the disruption in the judicial administration of the estate can constitute prejudice, apart from any decreased distribution"); see also In re Nat'l Steel Corp., 316 B.R. 510, 520 (Bankr. N.D. Ill. 2004) (disallowing a late claim because allowing the claim would require considerable analysis and time and would severely prejudice the debtors and their ability to effectively and efficiently review and dispose of claims and make distributions under the plan).  The allowance of late claims at this stage of the case also would prejudice the administration of this mature liquidating chapter 11 case.

39.  Allowing the Late Claimant's claim could easily open the flood gates for additional late claimants to come forward.  As one court in this district has previously

noted: "[i]f the court were to allow [the Late Claimant] to file a late claim solely because [the Late Claimant was] unaware of the bankruptcy filing, it is difficult to see on what basis the court could deny the same relief to dozens or perhaps hundreds of creditors who might now come forward." In re US Airways, Inc., 2005 Bankr. LEXIS 2696, *24-25 (E.D. Va. 2005); see also In re Dana Corp., 2007 Bankr. LEXIS 1394 at *19 (In a case dealing with a late-filed 503(b)(9) claim in a chapter 11 bankruptcy, the court held that "the floodgates argument is a viable one ... [g]ranting the requested relief ... would set an untenable precedent and would likely precipitate a flood of similar claims."); In re US Airways, Inc., 2005 Bankr. WL 3676186, *8 (E.D. Va. 2005) ("[A]llowance of claims filed many months after the passage of the bar date would frustrate the efforts of both the participants and the court.")

40.   Accordingly, the Omnibus Objection should be sustained and the Late Claimant's claim should be disallowed because its allowance would prejudice the Debtors, potentially open the door to a flood of late claims, reduce the recovery to creditors who timely filed claims, and result in significant investment of time and expense on behalf of this Court, the Debtors and their professionals.

### 3.    The Length of Delay Weighs Against the Allowance of Claim No. 14567

41.   Another factor this Court must consider is the length of the delay.  The length of delay in the filing of Claim No. 14567 is significant and weighs against the Late Claimant.

42.   It is not uncommon for courts to deny a proof of claim filed just a few days after the bar date.  See Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530 (4th Cir. 1996) (refusing to enlarge the period for filing a notice of appeal when the litigant mailed the notice three days prior to the expiration of the deadline but the notice did not arrive until three days after the expiration of the deadline); see also In re Dishman, 257 B.R. 780 (Bankr. E.D. Va. 2000) (refusing to enlarge time for filing of complaint where complaint was filed two days late due to a delay in mail delivery caused by inclement weather); Avnet, Inc. v. Maxwell, 2006 WL 1519333 (May 25, 2006 N.D. Ill.) (refusing to accept late filing where claim was faxed to claims agent on bar date and delivered by courier to claims agent one day after the bar date); In re Yankee Distrib. Co., 53 B.R. 222 (Bankr. D. Vt. 1985) (denying motion to allow late proof of

claim where proof of claim arrived one day after the bar date).

43.   The Late Claimant filed its claim approximately three (3) months after the Governmental Bar Date.  As a result of the Late Claimant's substantial delay in filing its claim and its failure to overcome the significant burden of proving excusable neglect, Claim No. 14567 should be disallowed.

44.   As set forth above, the Late Claimant has failed to demonstrate sufficient facts to warrant this Court's finding of excusable neglect.  Further, the Late Claimant's failure to file its claim by the Governmental Bar Date may have been due to inaction, not neglect, and even if its failure to file a claim was due to neglect, such neglect is not excusable.

45.   Moreover, even if the Late Claimant could prove excusable neglect, which the Debtors submit is not possible under the facts alleged by the Late Claimant, the Court should, in its discretion sustain the Omnibus Objection to Claim No. 14567 because, among other reasons, any potential claim held by the Late Claimant is barred by the Bar Date Order, it would cause prejudice to the Debtors, their estates and creditors, potentially open the flood gates to

other late claimants and drain the Debtors' and this Court's resources.

46.   The Late Claimant has failed to meet its burden of proving excusable neglect and no cause exists for extending the time within which the Late Claimant may file its claim. Accordingly, the Omnibus Objection must be sustained.

## <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, the Debtors respectfully request that this Court sustain the Omnibus Objection, disallow Claim No. 14567, and grant the Debtors such other and further relief as it deems just and proper.

```
Dated: August 20, 2010        Gregg M. Galardi, Esq.
       Richmond, Virginia     Ian S. Fredericks, Esq.
                              SKADDEN, ARPS, SLATE, MEAGHER &
                              FLOM, LLP
                              One Rodney Square
                              PO Box 636
                              Wilmington, Delaware 19899-0636
                              (302) 651-3000

                                   - and -

                              Chris L. Dickerson, Esq.
                              SKADDEN, ARPS, SLATE, MEAGHER &
                              FLOM, LLP
                              155 North Wacker Drive
                              Chicago, Illinois 60606
                              (312) 407-0700

                                   - and -


                              /s/ Douglas M. Foley
                              Douglas M. Foley (VSB No. 34364)
                              Sarah B. Boehm (VSB No. 45201)
                              MCGUIREWOODS LLP
                              One James Center
                              901 E. Cary Street
                              Richmond, Virginia 23219
                              (804) 775-1000

                              Counsel to the Debtors and
                              Debtors in Possession
```

\15216013

# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

......................................................  x
                               :  Chapter 11

In re:                       :
                               :  Case No. 08-35653 (KRH)

CIRCUIT CITY STORES, INC.,   :
et al.,                     :
                               :  Jointly Administered

            Debtors.[1]     :
                               :
                               :
......................................................  x

### <u>AFFIDAVIT OF SERVICE</u>

I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

On December 17, 2008, the appropriate number of copies of the following documents were served 1) via hand delivery to the party set forth on the service list attached hereto as **Exhibit A,** for subsequent distribution to beneficial holders of common stock, CUSIP 172737 10 8 (the "common stock"); 2) via overnight mail upon the parties set forth on **Exhibit B,** for subsequent distribution to beneficial holders of common stock; and, 3) via electronic mail upon the parties set forth on **Exhibit C**:

1)  Notice of Deadline for Filing Proofs of Claim and Proof of Claim form (Docket No. 966)

2)  Notice of Commencement of Chapter 11 Bankruptcy Cases, Meeting of Creditors and Fixing of Certain Dates (Docket No. 967)

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.



On  December 19, 2008, copies of the following documents were served 1) via first class mail upon the registered holders of common stock listed on **Exhibit D**, provided by Wells Fargo Shareowner Services, as transfer agent; and, 2) via first class mail to the parties set forth on the service list attached hereto as **Exhibit E**:

3) Notice of Deadline for Filing Proofs of Claim and Proof of Claim form (Docket No. 966)

4) Notice of Commencement of Chapter 11 Bankruptcy Cases, Meeting of Creditors and Fixing of Certain Dates (Docket No. 967)

Dated: December 24, 2008

_____
Evan Gershbein

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 24th day of December, 2008, by Evan Gershbein, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature: _____

L. MAREE SANDERS
Commission # 1610322
Notary Public - California
Los Angeles County
My Comm. Expires Oct 1, 2009

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| TENHARMSEL, MATTHEW R | | ADDRESS REDACTED | | | | | | |
| TENHET, JOSHUA DAVID | | 4288 WARREN RD | | | FRANKLIN | TN | 37067 | |
| TENHET, JOSHUA DAVID | | ADDRESS REDACTED | | | | | | |
| TENHOLDER, CHASE ALLEN | | ADDRESS REDACTED | | | | | | |
| TENHOUTEN, EDWARD W | | PO BOX 632 | P 21327 | | CADILLAC | MI | 49601 | |
| TENLY, HEATHER | | 19903 IVORYTON PLACE | | | MONTGOMERY VILLAGE | MD | 20886-0000 | |
| TENLY, HEATHER SHANA | | ADDRESS REDACTED | | | | | | |
| TENMAN, SEAN | | 1452 ROBERTA ST | | | SALT LAKE CITY | UT | 84115 | |
| TENNANT CO | | PO BOX 71414 | | | CHICAGO | IL | 606941414 | |
| TENNANT CO | | PO BOX 71414 | | | CHICAGO | IL | 60694-1414 | |
| TENNANT JR, GEORGE | | 8911 FONDREN VILLAGE DR | | | HOUSTON | TX | 77071-2454 | |
| TENNANT SALES & SERVICE CO | | PO BOX 1452 | 701 N LILAC DR | | MINNEAPOLIS | MN | 55440-1452 | |
| TENNANT SALES & SERVICE CO | | PO BOX 71414 | | | CHICAGO | IL | 60694-1414 | |
| TENNANT, BRADLEY JONATHAN | | ADDRESS REDACTED | | | | | | |
| TENNANT, CHRISTY | | 3716 KENTLAND DR | | | SW ROANOKE | VA | 24108 | |
| TENNANT, CODY JACE | | ADDRESS REDACTED | | | | | | |
| TENNANT, KEIAUDA NICOLE | | ADDRESS REDACTED | | | | | | |
| TENNANT, KENNETH | | 5072 WINIFRED ST | | | WAYNE | MI | 48184-2638 | |
| TENNANT, KYLE SCOTT | | ADDRESS REDACTED | | | | | | |
| TENNANT, STEVE JACK | | ADDRESS REDACTED | | | | | | |
| TENNARO, MATTHEW M | | ADDRESS REDACTED | | | | | | |
| TENNER, CHRISTINA BANKS | | ADDRESS REDACTED | | | | | | |
| TENNER, MICHAEL GERARD | | 9PARKVIEW | | | WEST HARRSION | NY | 10604 | |
| TENNESSE VALLEY EXT CO | | PO BOX 70055 | | | NASHVILLE | TN | 37207 | |
| TENNESSE, LASHEEA | | 10303 HALIFAX RD | | | PETERSBURG | VA | 23805-9754 | |
| TENNESSEAN | | PO BOX 1387 | | | NASHVILLE | TN | 372021387 | |
| TENNESSEAN | | PO BOX 24865 | | | NASHVILLE | TN | 37202-4865 | |
| TENNESSEAN | | PO BOX 24887 | | | NASHVILLE | TN | 37202 | |
| TENNESSEAN | | PO BOX 330038 | | | NASHVILLE | TN | 37203-0038 | |
| TENNESSEAN | | PO BOX 331309 | | | NASHVILLE | TN | 37203-1309 | |
| TENNESSEAN | | PO BOX 340002 | | | NASHVILLE | TN | 37203-0002 | |
| TENNESSEE AMERICAN WATER CO | | PO BOX 70824 | | | CHARLOTTE | NC | 28272 | |
| TENNESSEE AMERICAN WATER CO | | PO BOX 75146 | | | BALTIMORE | MD | 212750146 | |
| TENNESSEE AMERICAN WATER COMPANY | | PO BOX 371880 | | | PITTSBURGH | PA | 15250-7880 | |
| TENNESSEE AUTOMATIC SPRINKLER | | PO BOX 7127 | | | KNOXVILLE | TN | 37921 | |
| TENNESSEE BOARD FOR | | LICENSING CONTRACTORS | 500 JAMES ROBERTSON PKY STE 110 | | NASHVILLE | TN | 37243 | |
| TENNESSEE CHILD SUP REC UNIT | | PO BOX 305200 | RECEIPTING UNIT | | NASHVILLE | TN | 37229 | |
| TENNESSEE COUNCIL OF RETAIL | | 530 CHURCH ST STE 702 | | | NASHVILLE | TN | 37219 | |
| TENNESSEE DEPT  OF ENVIRONMENT & CONSERVATION | 401 CHURCH STREET | 1ST FLOOR  L & C ANNEX | | | NASHVILLE | TN | 37243-0435 | |
| TENNESSEE DEPT OF EMPLOYMENT | | PO BOX 101 | | | NASHVILLE | NC | 372020101 | |
| TENNESSEE DEPT OF EMPLOYMENT | | PO BOX 101 | | | NASHVILLE | NC | 37202-0101 | |
| TENNESSEE DEPT OF LABOR | | 710 JAMES ROBERTSON PW 3RD FL | | | NASHVILLE | TN | 372430659 | |
| TENNESSEE DEPT OF LABOR | | DIV OF OCCUP SAFETY & HEALTH | 710 JAMES ROBERTSON PW 3RD FL | | NASHVILLE | TN | 37243-0659 | |
| TENNESSEE DEPT OF REVENUE | | PO BOX 2026 | | | JOHNSON CITY | TN | 37605 | |
| TENNESSEE DEPT OF REVENUE | | 500 DEADRICK ST | ANDREW JACKSON STATE OFFICE | | NASHVILLE | TN | 37242-0400 | |
| TENNESSEE DEPT OF REVENUE | | ANDREW JACKSON STATE OFFICE BLD | 500 DEADERICK ST | | NASHVILLE | TN | 37242 | |
| TENNESSEE DEPT OF REVENUE | | ANDREW JACKSON STATE OFFICE | | | NASHVILLE | TN | 372420400 | |
| TENNESSEE DEPT OF REVENUE | | ANDREW JACKSON STATE OFFICE | TAX ENFORCEMENT DIVISOIN | | NASHVILLE | TN | 37242 | |
| TENNESSEE DEPT OF REVENUE | | PO BOX 378 | | | KNOXVILLE | TN | 37901 | |
| TENNESSEE FIRE AND SAFETY | | ENVIRONMENTAL INC | P O BOX 14002 | | KNOXVILLE | TN | 37914 | |
| TENNESSEE FIRE AND SAFETY | | P O BOX 14002 | | | KNOXVILLE | TN | 37914 | |
| TENNESSEE LIGHTING INC | | 616 MAIN ST | | | SPRINGFIELD | TN | 37172 | |
| TENNESSEE SEC OF STATE | | 312 EIGHTH AVE N 6TH FL | | | NASHVILLE | TN | 37243 | |
| TENNESSEE SEC OF STATE | | JAMES K POLK BLDG | SUITE 500 | | NASHVILLE | TN | 37219 | |
| TENNESSEE SEC OF STATE | | SUITE 500 | | | NASHVILLE | TN | 37219 | |
| TENNESSEE STATE ATTORNEYS GENERAL | ROBERT E COOPER JR | 500 CHARLOTTE AVE | | | NASHVILLE | TN | 37243 | |
| TENNESSEE STATE BUSINESS TAX | | PO BOX 80007 | | | KNOXVILLE | TN | 37924 | |
| TENNESSEE STATE BUSINESS TAX | | TENNESSEE STATE BUSINESS TAX | PO BOX 80007 | | KNOXVILLE | TN | 37924 | |
| TENNESSEE TITANS ENTERTAINMENT | | BAPTIST SPORTS PARK | 460 GREAT CIRCLE RD | | NASHVILLE | TN | 37228 | |
| TENNESSEE TREASURY DEPARTMENT | UNCLAIMED PROPERTY DIVISION | ANDREW JACKSON BLDG 10 FL | | | NASHVILLE | TN | 37243-0242 | |
| TENNESSEE TREASURY DEPARTMENT | | 9TH FLOOR ANDREW JACKSON BLDG | | | NASHVILLE | TN | 372430242 | |
| TENNESSEE TREASURY DEPARTMENT | | 9TH FLOOR ANDREW JACKSON BLDG | | | NASHVILLE | TN | 37243-0242 | |
| TENNESSEE VALLEY AUTHORITY | | 175 OAKFIELD RD | | | OAKFIELD | TN | 38362 | |
| TENNESSEE WIRELESS INC | | 6330 BAUM DR | | | KNOXVILLE | TN | 37919 | |
| TENNESSEE, AMY M | | 770 DAMSON RD | | | SANDSTON | VA | 23150 | |

Circuit City Stores, Inc
Creditor Matrix

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| TENNESSEE, MICHELLE AMY | | ADDRESS REDACTED | | | | | | |
| TENNESSEE, STATE OF | | 10TH FL ANDREW JACKSON BLDG | TREASURY DEPT UNCLAIMED PROP | | NASHVILLE | TN | 37243 | |
| TENNESSEE, STATE OF | | 404 JAMES ROBERTSON PKY 16 FL | | | NASHVILLE | TN | 37243-0657 | |
| TENNESSEE, STATE OF | | BOX 198982 | DEPT OF COMMERCE & INSURANCE | | NASHVILLE | TN | 37219-8982 | |
| TENNESSEE, STATE OF | | BOX 3372 | | | NASHVILLE | TN | 37219 | |
| TENNESSEE, UNIVERSITY OF | | 100 DUNFORD HALL | | | KNOXVILLE | TN | 379964010 | |
| TENNESSEE, UNIVERSITY OF | | 100 DUNFORD HALL | | | KNOXVILLE | TN | 37996-4010 | |
| TENNESSEE, UNIVERSITY OF | | 1502 W CUMBERLAND AVE | 329 UNIVERSITY CTR | | KNOXVILLE | TN | 37996-4800 | |
| TENNESSEE, UNIVERSITY OF | | 5 COMMUNICATIONS BLDG | | | KNOXVILLE | TN | 37996-0314 | |
| TENNESSEE, UNIVERSITY OF | | 600 HENLEY ST | B022 UT CONFERENCE CENTER BLDG | | KNOXVILLE | TN | 37996-4103 | |
| TENNESSEE, UNIVERSITY OF | | 615 MCCALLIE AVE | UTC PLACEMENT UNIVERSITY CTR | | CHATTANOOGA | TN | 37403 | |
| TENNESSEE, UNIVERSITY OF | | 708 STOKELY MANAGEMENT CTR | CTR FOR EXECUTIVE EDUCATION | | KNOXVILLE | TN | 37996-0575 | |
| TENNEY JR, MAYFORD | | ADDRESS REDACTED | | | | | | |
| TENNEY MTN APPLIANCE | | 220 PIERCE RD | | | COLUMBUS | MS | 39702-3225 | |
| TENNEY TRUSTEE, AL | | PO BOX 190120 | | | LITTLE ROCK | AR | 722190120 | |
| TENNEY TRUSTEE, AL | | PO BOX 190120 | | | LITTLE ROCK | AR | 72219-0120 | |
| TENNEY, APRIL | | 105 WIDGEON DR | | | NEWNAN | GA | 30263 | |
| TENNEY, BRADFORD G | | ADDRESS REDACTED | | | | | | |
| TENNEY, BRIAN MICHAEL | | 4547 RIVER RD | | | PERRY | OH | 44081 | |
| TENNEY, BRIAN MICHAEL | | ADDRESS REDACTED | | | | | | |
| TENNEY, CHRISTOPHER GEORGE | | 119 OLD CADIZ RD | | | FLUSHING | OH | 43977 | |
| TENNEY, DARYLL C | | 744 WEST SWANZEY RD | APT 206C | | WEST SWANZEY | NH | 03446 | |
| TENNEY, DARYLL C | | ADDRESS REDACTED | | | | | | |
| TENNEY, MEGAN LORI | | ADDRESS REDACTED | | | | | | |
| TENNIE, VICTOR DIONDRAY | | ADDRESS REDACTED | | | | | | |
| TENNIS, JORDAN THOMAS | | 6140 INDIAN TRAIL RD | | | GURNEE | IL | 60031 | |
| TENNIS, JORDAN THOMAS | | ADDRESS REDACTED | | | | | | |
| TENNIS, ROSIE ROCHELLE | | ADDRESS REDACTED | | | | | | |
| TENNITY, SEAN THOMAS | | ADDRESS REDACTED | | | | | | |
| TENNON, GENZEL LEJON | | ADDRESS REDACTED | | | | | | |
| TENNOW, MIKE | | 2209 JEFFERSON WAY | | | ANTIOCH | CA | 94509 | |
| TENNYSON TV REPAIR | | 912 W QUEEN ST | | | TYLER | TX | 75702 | |
| TENNYSON, ANTHONY RAMON | | ADDRESS REDACTED | | | | | | |
| TENNYSON, DANNY | | 974 TATUM RD | | | MEMPHIS | TN | 38122 | |
| TENNYSON, KALI | | 3977 LOWRY AVE 1 | | | CINCINNATI | OH | 45529 | |
| TENNYSON, TAVARUS E | | ADDRESS REDACTED | | | | | | |
| TENO, JOSHUA | | ADDRESS REDACTED | | | | | | |
| TENOLD II, RONNY JENE | | ADDRESS REDACTED | | | | | | |
| TENOLD WINDOW CLEANING, MARK | | PO BOX 1564 | | | HIXSON | TN | 37343 | |
| TENOLD, STEVEN H | | ADDRESS REDACTED | | | | | | |
| TENORIO, ANA REBECA | | 2 ELTON COURT | | | NORWALK | CT | 06851 | |
| TENORIO, ANA REBECA | | ADDRESS REDACTED | | | | | | |
| TENORIO, ERIC | | 15109 WARREN DR | | | GULFPORT | MS | 39503-4567 | |
| TENORIO, IDALIA | | 12101 FONDREN RD | | | HOUSTON | TX | 77035-4036 | |
| TENORIO, JUAN | | 3115 S EDGEFIELD | | | DALLAS | TX | 75224-0000 | |
| TENORIO, MICHAEL P | | 1100 COLLEGE VIEW DR | | | TURLOCK | CA | 95382 | |
| TENORIO, MICHAEL P | | ADDRESS REDACTED | | | | | | |
| TENORIO, VITO C | | ADDRESS REDACTED | | | | | | |
| TENORT, ELAINE | | 1742 CLEOFORD AVE | | | MEMPHIS | TN | 38127-4365 | |
| TENREIRO, BERNARD J | | 23 DAFFODIL RD | | | ROCKY POINT | NY | 11778 | |
| TENREIRO, BERNARD J | | ADDRESS REDACTED | | | | | | |
| TENROX INC | | 600 BLVD ARMAND FRAPPIER | | | LAVAL | QC | H7V 4B4 | CAN |
| TENSCHER, ANITA FATIMA | | 939 KATE LINDE CIRCLE | | | STOCKTON | CA | 95206 | |
| TENTERS, CHRISTOPHER ALLEN | | ADDRESS REDACTED | | | | | | |
| TENTINO KENDALL CANNIFF KEEFE | | C3 SHIPWAY PL | | | BOSTON | MA | 02129 | |
| TENUTA, ANTHONY | | ADDRESS REDACTED | | | | | | |
| TEO, RENFRED J | | ADDRESS REDACTED | | | | | | |
| TEODORCZYK, THOMAS JOSEPH | | ADDRESS REDACTED | | | | | | |
| TEODORESCU , ILEANA | | 1961 E 17TH ST | | | BROOKLYN | NY | 11229-3464 | |
| TEODOSIC, SANI | | 3409 HARRISON | | | AMARILLO | TX | 79109 | |
| TEODULO, F | | 5600 N CENTRAL EXPY NO 418 | | | DALLAS | TX | 75206-5104 | |
| TEOH, WILLIAM | | ADDRESS REDACTED | | | | | | |
| TEP, ALLEN | | 3045 EMERALD DR | | | JONESBORO | GA | 30236 | |
| TEP, ALLEN | | ADDRESS REDACTED | | | | | | |
| TEP, PHALLA | | 5549 W 133RD ST | | | SAVAGE | MN | 55378-2424 | |
| TEPAIT, JOSHUA FEBRE | | ADDRESS REDACTED | | | | | | |

12/23/2008 5:39 PM
Creditor Matrix Service List 081219

# Exhibit B

FORM B10 (Official Form 10)(4/98)

| United States Bankruptcy Court   **Eastern District of Virginia** | **PROOF OF CLAIM** |
|---|---|
| **Richmond Division** | |

| Name of Debtor:  **Circuit City Stores, Inc.** | Case Number   **08-35653 KRH** Chapter   **11** |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case.  A "request " for payment of an administrative expense may be filed pursuant to 11 U.S.C.sec. 503.

| Name of Creditor:   (The person or entity to whom the debtor owes money or property) **TN Dept. of Treasury-Unclaimed Property** | ☐ Check box if you are aware that any one else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and addresses where notices should be sent: **TN Dept. of Treasury-Unclaimed Property** **c/o TN Atty General, Bankruptcy Div.** **PO Box 20207** **Nashville, TN  37202-0207** | ☐ Check box if you have never received any notices from the bankruptcy court in this case. ☐ Check box if the address differs from the address on the envelope sent to you by the court. | This Space is for Court Use Only |
| Account or other number by which creditor identifies debtor: | Check here ☐ replaces  a previously filed claim, dated: if this claim ☐ amends | |

**1. Basis for Claim:**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes.
- ☑ Other: Rebates

☐ Additional Information:

- ☐ Retiree benefits as defined in 11 U.S.C. sec. 1114(a)
- ☐ Wages, salaries, and compensations (Fill out below)
  Your SS#
  Unpaid compensation for services performed
  from _____ to _____
  (date)         (date)

**2. Date debt was incurred:** Pre-Petition

**3. If court judgment, date obtained**

**4. Total Amount of Claim at Time Case Filed :**    $ 200,545.81

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**5.   Secured Claim: **    $0.00**

☐ Check this box if your claim is secured by collateral (including a right of setoff.)

Brief description of collateral

- ☐ Real Estate   ☐ Motor Vehicle
- ☐ Other

Value of Collateral:  Unknown

Amount of arrearage and other charges at time case filed included in secured claim above, if any:

**Upon notice and proof from debtor that part or all of this claim is unsecured by operation of 11 USC sec 506(a), creditor reserves the right to claim such unsecured portion as a priority claim under 11 USC sec. 507(a)(8).

**6. Unsecured Priority Claim:**

☐ Check this box if you have an unsecured priority claim
  Amount entitled to priority        $ 0.00
  Specify the priority of the claim:

- ☐ Wages, salaries, or commissions (up to $4,300)*, earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier --11 U.S.C. sec. 507(a)(3)
- ☐ Contributions to an employee benefit plan--11 U.S.C. sec. 507(a)(4)
- ☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family or household use --11 U.S.C. sec. 507(a)(6)
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child -- 11 U.S.C. sec. 507(a)(7)
- ☐ Taxes or penalties of governmental units --11 U.S.C. sec. 507(a)(8)
- ☐ Other--Specify applicable paragraph of 11 U.S.C. sec. 507(a)( )
  *Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:**   The amount of all payments on this claim has been credited and deducted for the  purpose of making this proof of claim.

**8. Supporting Documents**   *Attach copies of supporting documents,*    such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of  perfection of lien.  DO NOT SEND ORIGINAL DOCUMENTS.  If the documents are not available, explain.  If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space is for Court Use Only

**RECEIVED**
**AUG 20 2009**
**KURTZMANCARSONCONSULTANTS**

| **Date:** August 19, 2009 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim   (attach copy of power of attorney, if any) /s/  Gina Baker Hantel _Gina Baker Hantel_        Assistant Attorney General | |

Penalty for presenting fraudulent claim:        Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. sec. 152 and 3571

☐ Date Stamped Copy Returned
☒ No self addressed stamped envelope
☐ No copy to return



0835653090820000000000002

**U.S. Bankruptcy Court**

**Eastern District of Virginia**

Notice of Electronic Claims Filing

The following transaction was received from Hantel, Gina on 8/19/2009 at 3:54 PM EDT

| | |
|---|---|
| **Case Name:** | Circuit City Stores, Inc. |
| **Case Number:** | 08-35653-KRH |
| **Creditor Name:** | TN Dept. of Treasury - Unclaimed Property<br>c/o TN Atty. General, Bankruptcy Div.<br>P.O. Box 20207<br>Nashville, TN 37202-0207 |
| **Claim Number:** | 207   Claims Register |
| **Total Amount Claimed:** | $200545.81 |

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** H:\Bank\Legal\Cases\Out of State Cases\Other Out of State Cases\Circuit City Stores, Inc., EDVA 08-35653
KRH\CircuitCityStoresIncTNDeptofTreasury$200545.81POC-ko.pdf
**Electronic document Stamp:**
[STAMP VAEBStamp_ID=875559604 [Date=8/19/2009] [FileNumber=13716945-0]
[7be78d36e3cca48e5329ca060c5933d5ee00771676bd3faa4fdcc0b89113fe807fe4
d24a51dcd774dcf5f73b03ad0a786d3c59ab8fa1dea82b9c4b6f770e3cc6]]

**08-35653-KRH Notice will be electronically mailed to:**

Robin S. Abramowitz on behalf of Creditor Bond Circuit VIII Delaware Business Trust
abramowitz@larypc.com

Angela Sheffler Abreu on behalf of Creditor PNY Technologies, Inc.
aabreu@mccarter.com, rowan20@excite.com

Benjamin C. Ackerly on behalf of Creditor COMSYS Information Technology Services, Inc. and COMSYS Services, LLC
backerly@hunton.com, cloving@hunton.com



Christopher M. Alston on behalf of Creditor 507 Northgate LLC
alstc@foster.com, laboj@foster.com

Mark K. Ames on behalf of Creditor Commonwealth of Virginia, Department of Taxation
mames777@yahoo.com

Heather Lynn Anderson on behalf of Creditor State of New Jersey, Division of Taxation
Heather.Anderson@dol.lps.state.nj.us

Tara B. Annweiler on behalf of Creditor American National Insurance Company
tannweiler@greerherz.com

Henry P. Baer on behalf of Creditor Bell'O International Corp.
CSommer@fdh.com, csommer@fdh.com

Peter Barrett on behalf of Creditor Cole CC Groveland FL, LLC
peter.barrett@kutakrock.com, lynda.wood@kutakrock.com;sara.abrams@kutakrock.com;elenora.allen@kutakrock.com

Raymond William Battaglia on behalf of Creditor Miner Corporation
rbattaglia@obht.com

Philip C. Baxa on behalf of Creditor Dicker-Warmington Properties
phil.baxa@mercertrigiani.com, liz.camp@mercertrigiani.com

Christopher R. Belmonte on behalf of Creditor International Business Machines Corporation
cbelmonte@ssbb.com, asnow@ssbb.com,pbosswick@ssbb.com

Paula S. Beran on behalf of Creditor Committee Official Committee of Unsecured Creditors
pberan@tb-lawfirm.com, dleadbeater@tb-lawfirm.com;stavenner@tb-lawfirm.com;jsnyder@tb-lawfirm.com

Jason B. Binford on behalf of Creditor BB Fonds International 1 USA, L.P.
jason.binford@haynesboone.com

Ron C. Bingham on behalf of Creditor c/o Ron C. Bingham T.D. Farrell Construction, Inc.
rbingham@stites.com, dclayton@stites.com